Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

Proposed Counsel to the Debtors  
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08- _____ (___) |
| Debtors. | Jointly Administered |

- - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 102 AND 105, BANKRUPTCY RULES 2002 AND 9007, AND LOCAL BANKRUPTCY RULES 2002-1 AND 9013-1 ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1]

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.  
*(cont'd)*

hereby move (the "Motion") this Court for entry of an

order, pursuant to sections 102 and 105(a) of title 11

of the United States Code (the "Bankruptcy Code"), and

Rules 2002(m) and 9007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules

2002-1 and 9013-1 of the Local Bankruptcy Rules for the

Eastern District of Virginia (the "Local Bankruptcy

Rules") establishing certain notice, case management and

administrative procedures.  In support of this Motion,

the Debtors submit the Declaration of Bruce H. Besanko,

Executive Vice President and Chief Financial Officer of

Circuit City Stores, Inc., in Support of Chapter 11

Petitions and First Day Pleadings (the "Besanko

Declaration"), filed concurrently herewith.  In further

support of the Motion, the Debtors respectfully

represent:

---

*(cont'd from previous page)*
(1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology,
LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit
City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the
address is 9950 Mayland Drive, Richmond, Virginia 23233..

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are Bankruptcy Code sections 102 and 105(a).  Such relief is warranted pursuant to Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1.

## BACKGROUND

3.     On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko

Declaration, filed concurrently herewith and fully

incorporated herein by reference.[2]

    4.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

    5.    No trustee or examiner has been appointed

in these chapter 11 cases, and no committees have yet

been appointed or designated.

**RELIEF REQUESTED**

    6.    By this Motion, the Debtors seek an order

establishing certain notice, case management, and

administrative procedures, all subject to further order

of the Court, including: (a) directing that all matters

be heard at monthly omnibus hearings to be scheduled in

advance by the Court; (b) directing that matters

requiring notice under Rule 2002(a)(2)-(6) of the

Bankruptcy Rules be served only to a shortened mailing

list and that those creditors who file with the Court a

request that they receive such notices pursuant to

Bankruptcy Rule 2002, in accordance with Local

---

[2]    Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Besanko Declaration.

Bankruptcy Rule 2002-1; and (c) allowing electronic
service of documents.  The Debtors further request that
the Bankruptcy Code, the Bankruptcy Rules and the Local
Bankruptcy Rules apply to the chapter 11 cases, to the
extent that they do not conflict with the notice, case
management, and administrative procedures (as such may
be modified or amended, the "Case Management Procedures")
attached hereto as Exhibit A.

7.   The Debtors have hundreds of thousands of
creditors, potential creditors, and other parties in
interest.  The Debtors anticipate that hundreds of
creditors and other parties in interest will request
service of filings pursuant to Bankruptcy Rule 2002 in
the chapter 11 cases (the "2002 List").  The Debtors
also expect that numerous motions and applications will
be filed in the chapter 11 cases in pursuit of various
forms of relief.  By scheduling regular, monthly omnibus
hearings in advance, parties in interest, and certainly
the Debtors, will be better able to plan for and
schedule attendance at hearings.  This will reduce the
need for emergency hearings and requests for expedited

relief, and will foster consensual resolution of important matters.

8.    Moreover, by directing that certain notices be mailed only to a shortened mailing list and those creditors who file with the Court a request that they receive such notices, all parties in interest will be assured of receiving appropriate notice of matters affecting their interests and ample opportunity to prepare for and respond to such matters.  Furthermore, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors' estates.

9.    Similarly, allowing electronic service of documents according to the requested procedures will further reduce the administrative and financial burden of the chapter 11 cases on the Debtors' estates, as well as on other serving parties, and will in many cases allow for a more expedient service of documents.

10.    The Case Management Procedures described in summary herein are set forth more fully in Exhibit A. The Case Management Procedures will (a) be distributed to the Core Group (as defined in the Case Management

Procedures) and the 2002 List, and (b) be available from
the Debtors' undersigned counsel and by accessing the
Debtors' notice, claims, and balloting agent, Kurtzman
Carson Consultants LLC ("KCC"), website at
www.kccllc.net/circuitcity.  Moreover, the Debtors will
re-distribute the Case Management Procedures to the
Primary Service List (as defined in the Case Management
Procedures) in the event the Case Management Procedures
are modified hereafter.

**A.    Monthly Omnibus Hearings**

11.   Given the number of parties in interest
and the size and complexity of these chapter 11 cases,
the Debtors request entry of an order scheduling regular,
monthly omnibus hearings (the "Omnibus Hearings") in
accordance with the Case Management Procedures.  The
Debtors will consult with the Court's clerk and expect
to propose the first five Omnibus Hearings in open court
at the first day hearing.  Additionally, given the
likely need for other relief in the near future, the
Debtors may propose in open Court at the first day
hearing one or more Omnibus Hearing dates before the
first proposed monthly Omnibus Hearing date.

**B.    Notice Procedures**

12.   Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in these chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)-(6) be limited in accordance with the Case Management Procedures.

**C.    Electronic Service**

13.   The Debtors also request that the Court allow electronic service of documents in order to further reduce the administrative and financial burden of providing notice to the Debtors' hundreds of thousands of creditors and other parties in interest. The Case Management Procedures contain provisions that the Debtors believe will ensure that electronic service is efficient and effective.

**BASIS FOR RELIEF**

14.   The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules provide the Debtors with authority to establish notice and case management procedures.  In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court,

notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders and other parties in interest.  The Bankruptcy Rules further provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under the rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

15.  In addition, Bankruptcy Code section 105(a) grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory grant or under equitable common law principles.  Specifically, Bankruptcy Code section 105(a) provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Furthermore, section

102(1) of the Bankruptcy Code states that where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

16.  As explained above, the chapter 11 cases are large, complex and will involve hundreds of thousands of creditors, potential creditors, and other parties in interest.  Many of these parties in interest will have multiple concerns.  The Debtors anticipate that the 2002 List will contain in excess of one hundred entities.  The costs and burdens associated with the possibility of frequent and fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all documents filed with the Court to all such entities, will impose an extraordinary and expensive administrative and economic burden on the Debtors' estates, the Court, and other parties in interest.  Moreover, constant mass mailings will require the Debtors to divert their limited resources from reorganizing their businesses.

17.  The Debtors believe that adopting the
Case Management Procedures will substantially reduce
administrative burdens and result in significant cost
savings to the Debtors' estates.  Pursuant to the terms
of the Case Management Procedures, all parties in
interest that may be directly affected by a request for
relief, response, objection, or adversary proceeding
filed with the Court will receive notice thereof
directly from the entity submitting such documents to
the Court well in advance of the relevant hearing.  Thus,
no party in interest will be adversely affected.

18.  As explained more fully in the Case
Management Procedures, Rule 2002 Court Filings (as
defined in the Case Management Procedures) shall be
served on all entities who have filed a request for
service of filings pursuant to Bankruptcy Rule 2002, the
United States Trustee, the Debtors, the Debtors' general
and local bankruptcy counsel, general and local counsel
for each committee, if any, counsel to the agent for the
Debtors' proposed postpetition secured lenders, counsel
to the agent for the Debtor's prepetition lien
facilities, the United States Securities and Exchange

Commission, and all entities with a particularized
interest in the subject matter of the particular court
filing.

19.   Limited notice procedures are routinely
granted by this district in large chapter 11 cases to
reduce the expense of the administration of the estate.
See, e.g., In re Movie Gallery, Inc., Case No. 07-33849
(DOT) (Bankr. E.D. Va. Oct. 17, 2007); In re The Rowe
Companies, Case No. 06-11142 (SSM) (Bankr. E.D. Va. Sept.
20, 2006).

20.   The establishment of the Case Management
Procedures will promote the efficient and orderly
administration of these chapter 11 cases.  Early notice
to all parties in interest of Omnibus Hearings will
enable parties to plan efficiently for the use of
hearing time, will avoid the need for numerous hearings
within each month, and will lessen the burden on the
Court and on the Debtors' estates.  Moreover, parties in
interest will still have the opportunity to bring true
emergency matters before the Court on an expedited basis
pursuant to the Local Bankruptcy Rules and the Case
Management Procedures.  In addition, authorizing the

Debtors to serve their documents on a limited mailing matrix will ease the administrative and economic burdens on the Court and the Debtors' estates.  Finally, authorizing electronic service will allow efficient and effective service at a significantly reduced cost to the Debtors' estates and other serving parties.  For the reasons stated herein, the Debtors believe that the relief requested herein is in the best interests of the Debtors and their estates and should be granted.

### NOTICE

21.  Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the agent for Debtors' postpetition lenders; (iii) counsel to the agent for the Debtors' prepetition lenders; and (iv) the Debtors' top fifty (50) largest unsecured creditors on a consolidated basis.  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

### WAIVER OF MEMORANDUM OF LAW

22.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law

presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

23.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 10, 2008
      Richmond, Virginia

                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                         Gregg M. Galardi, Esq.
                         Ian S. Fredericks, Esq.
                         P.O. Box 636
                         Wilmington, Delaware 19899-0636
                         (302) 651-3000

                                  - and -

                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                         Chris L. Dickerson, Esq.
                         333 West Wacker Drive
                         Chicago, Illinois 60606
                         (312) 407-0700

                                  - and -

                         MCGUIREWOODS LLP

                         /s/ Douglas M. Foley
                         Dion W. Hayes (VSB No. 34304)
                         Douglas Foley (VSB No. 34364)
                         One James Center
                         901 E. Cary Street
                         Richmond, Virginia 23219
                         (804) 775-1000

                         Proposed Counsel for Debtors and Debtors in Possession

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-_____ (__)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 102 AND 105,
BANKRUPTCY RULES 2002 AND 9007, AND LOCAL BANKRUPTCY
RULES 2002-1 AND 9013-1 ESTABLISHING CERTAIN NOTICE,
CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "Motion")[1] of the Debtors

for an order, pursuant to Bankruptcy Code sections 102

and 105(a), Bankruptcy Rules 2002 and 9007, and Local

---

[1]  Capitalized terms used but not defined herein shall have the
     meanings ascribed to such terms in the Motion.

Bankruptcy Rules 2002-1 and 9013-1, establishing certain

notice, case management and administrative procedures

for the Debtors' chapter 11 cases; and the Court having

reviewed the Motion and the Besanko Declaration; and the

Court having determined that the relief requested in the

Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest;

and it appearing that proper and adequate notice of the

Motion has been given and that no other or further

notice is necessary; and upon the record herein; and

after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Motion is GRANTED.

2.    The notice, case management, and

administrative procedures contained in Exhibit A to this

Order (the "Case Management Procedures") are hereby

approved and shall govern all applicable aspects of the

Debtors' chapter 11 cases.

3.    The Bankruptcy Code, the Bankruptcy Rules,

and the Local Bankruptcy Rules shall apply to the

Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

      4.   Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b), or entry of an order confirming the plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

      5.   The time periods set forth in this Order and the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

7.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        November 10, 2008

_____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

/s/ Douglas M. Foley

**<u>EXHIBIT A</u>**

**Case Management Procedures**

## EXHIBIT A

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

                     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

```
             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION
- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-_____ (__)
et al.,                       :
                              :
             Debtors.         :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

These notice, case management, and administrative

procedures (the "Case Management Procedures") have been

approved by the United States Bankruptcy Court for the

Eastern District of Virginia (the "Court") for the

chapter 11 cases of the Debtors, pursuant to the first

1

day motion for an order establishing certain notice,

case management and administrative procedures (the

"Motion").[1]  The Court approved the Case Management

Procedures by order dated November 10, 2008, titled

"Order Pursuant to Bankruptcy Code Sections 102 and 105,

Bankruptcy Rules 2002 and 9007, and Local Bankruptcy

Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures"(the

"Order").

The Order and a copy of the Case Management

Procedures will be served upon the entire mailing matrix.

A copy of the Order and other pleadings filed in the

Debtors' chapter 11 cases can be obtained by contacting

the Debtors' undersigned counsel and by accessing the

Debtors' notice, claims and balloting agent, Kurtzman

Carson Consultants LLC ("KCC"), website at

www.kccllc.net/circuitcity.  The Bankruptcy Code, the

Bankruptcy Rules, and the Local Bankruptcy Rules shall

govern all matters in the Debtors' chapter 11 cases,

except to the extent such rules conflict with or are

---

[1]   Capitalized terms used but not defined herein shall have the
      meanings ascribed to such terms in the Motion.

inconsistent with the procedures set forth herein. Terms
not defined herein or in the Motion shall be as defined
in the Bankruptcy Code, the Bankruptcy Rules, and the
Local Bankruptcy Rules.

**A.    Omnibus Hearings**

1.    **All matters to be heard**. The following will be
considered or heard only at monthly (or periodic)
omnibus hearings scheduled in advance by the Court (the
"Omnibus Hearings") unless the Court orders otherwise:
all motions, pleadings, applications and other requests
for relief, all objections and responses and replies
thereto, and all other matters. All motions, pleadings,
requests for relief, or other materials that purport to
set a hearing on a date or time at which no Omnibus
Hearing is set shall automatically, and without court
order, be scheduled to be heard at the next Omnibus
Hearing that is at least twenty calendar days after such
motion, pleading, request for relief, or other materials
is filed and served in accordance with these Case
Management Procedures. The Debtors shall send a copy of
these Case Management Procedures within three business

2.  **Procedures regarding the Omnibus Hearings**. The
following procedures will apply unless the Court orders
otherwise:

(a)  Any notice of an Omnibus
Hearing shall conspicuously contain
above the title of the notice the
date and time that the hearing will
be held in the event that an
objection is filed in accordance
with the applicable rules.

(b)  Any motion or contested matter
filed and properly served in
accordance with applicable rules,
and as to which the applicable
response time will elapse at least
two business days before a fixed
Omnibus Hearing date, may be set for
hearing on such a fixed date.

(c)  If the requisite time period
set forth in Local Rule 9013-1(H)(3)
has passed, the movant may present a
certificate of no response before or
at the Omnibus Hearing.

(d)  Debtors' counsel shall file and
serve upon all affected parties at
least two business days before the
Omnibus Hearing a list of all
matters scheduled to be considered
by the Court. The list shall set
forth all motions and responses and
whether the matter is resolved,
disputed or adjourned. The Court may
post the information on the Court's
internet website and will also be

4

accessible through the Debtors'
notice, claims and balloting agent,
KCC website at
www.kccllc.net/circuitcity.

(e)  Debtors' counsel together with
any affected party or parties may,
without leave of the Court, unless
the Court orders otherwise, adjourn
any matter to a subsequent fixed
Omnibus Hearing date. If a matter is
adjourned, Debtors' counsel shall
immediately update the list filed in
accordance with subparagraph (d)
above.

(f)  Debtors' counsel may propose to
schedule matters filed by another
party on a date other than the next
Omnibus Hearing date if the Debtors'
in good faith believe that the
hearing on the particular matter
could exceed one hour.

(g)  Upon request, the Court may
allow counsel to listen to a hearing
by telephone.  If a matter is
contested, counsel must attend in
person, unless leave of the court is
granted on a case by case basis.

(h)  In the event an objection is
made to a motion or application for
relief, the hearing on such motion
or application shall be an
evidentiary hearing at which
witnesses may testify, unless the
parties otherwise agree that any
such hearing shall not be an
evidentiary hearing.

3.    **Setting the applicable Omnibus Hearing**. Any

entity submitting a matter for consideration at an

omnibus hearing shall be required to serve the
applicable pleading and all supporting documentation no
less than twenty days prior to the applicable omnibus
hearing date, if possible, and in no event, without
order of the Court, less than ten days prior to the
applicable hearing date. The notice accompanying such
pleading shall include the title of the pleading, the
time and date of the objection deadline (as determined
below), and the omnibus hearing date (or other hearing
date, as ordered by the Court) at which the party
intends to present the pleading. Unless otherwise
ordered by the Court, the objection deadline for all
matters shall be (a) no later than five business days
before the applicable hearing date if the filings served
at least twenty days prior to the applicable hearing
date, or (b) no later than two business days before the
applicable hearing date if the filing is served less
than twenty but at least ten days prior to the
applicable hearing date.

    4.   **Emergency hearings**. Notwithstanding any
procedure herein, nothing herein shall restrict an

entity from requesting an emergency hearing pursuant to the Local Bankruptcy Rules.

5.   **First Omnibus Hearings**. The Court has set the following dates and times as the first Omnibus Hearings:

(a)   ___: _____ a.m./p.m. on the _____ day of _____, _____

(b)   ___: _____ a.m./p.m. on the _____ day of _____, _____

(c)   ___: _____ a.m./p.m. on the _____ day of _____, _____

(d)   ___: _____ a.m./p.m. on the _____ day of _____, _____

(e)   ___: _____ a.m./p.m. on the _____ day of _____, _____

6.   **Future Omnibus Hearings**. At or before the last Omnibus Hearing scheduled above, the Debtors shall request that additional Omnibus Hearings be scheduled. Entities may contact the Debtors' undersigned counsel or the Clerk of the Court at 804-916-2400 for information concerning future Omnibus Hearings that have been scheduled by the Court.

B.   **Filing And Notice Procedures**

7.   **Procedures established for notices required under Bankruptcy Rule 2002(a)(2)-(6)**. Notices required under Bankruptcy Rule 2002(a)(2)-(6) filed in the

7

Debtors' chapter 11 cases, including all such notices,

motions, applications, and other requests for relief,

all briefs, memoranda, affidavits, declarations and

other documents filed in support of such papers seeking

relief (collectively, the "Requests for Relief"), and

all objections and responses to such Requests for Relief

(collectively, the "Objections," and together with the

Requests for Relief and all other filed documents, the

"Rule 2002 Court Filings") shall be filed with the Court

or other applicable court and served in accordance with

the notice procedures set forth herein.

     8.   **Definition of entities entitled to service**.

All Rule 2002 Court Filings shall be served on the Core

Group, the 2002 List, and Affected Entities (each as

defined herein and collectively, the "Primary Service

List") according to the notice procedures described

herein. A Rule 2002 Court Filing is deemed not to have

been properly served until served on all of the parties

in the Primary Service List.

     (a)   **Core Group**. The following entities shall
comprise the core group of entities in the Debtors'
chapter 11 cases (collectively, the "Core Group"):

8

          (i)   The United States Trustee, at the following address:

               Office of the U.S. Trustee
               701 E. Broad St.
               Suite 4304
               Richmond, Virginia 23219-1888
               Attn: Robert B. Van Arsdale;

          (ii) The Debtors and their bankruptcy co-counsel, at the following addresses:

               Circuit City Stores, Inc.
               9950 Mayland Dr.
               Richmond, Virginia 23233
               Attn: Reginald D. Hedgebeth

               Circuit City Stores, Inc.
               9950 Mayland Dr.
               Richmond, Virginia 23233
               Attn: Daniel W. Ramsey

               Skadden, Arps, Slate, Meagher
               & Flom, LLP
               One Rodney Square
               P.O. Box 636
               Wilmington, Delaware 19899-0636
               Attn: Gregg M. Galardi

               Skadden, Arps, Slate, Meagher
               & Flom, LLP
               333 West Wacker Drive
               Chicago, Illinois 60606
               Attn: Chris L. Dickerson

               McGuireWoods, LLP
               901 E Cary St.
               Richmond, VA 23219
               Attn: Dion W. Hayes

          (iii)    General and local counsel for each committee;

(iv) Counsel to the agents for the Debtors' prepetition lenders; and

(v) Counsel to the agents for the Debtors' proposed postpetition lenders.

(b) **2002 List**. This group shall be comprised of all entities who have filed a request for service of filings pursuant to Bankruptcy Rule 2002. An updated 2002 List can be obtained by contacting Debtors' undersigned counsel or by accessing the Debtors' notice, claims and balloting agent, KKC website at www.kccllc.net/circuitcity.

(i) **Filing requests for documents requires e-mail address**. A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it provides an address at which documents filed with the Court by the Debtors may be served via e-mail (subject to Section B.8.b.(ii) below). Service on an e-mail address included on a 2002 Notice Request shall be deemed to constitute proper service for all purposes.

(ii) **Certification opting out of e-mail service**. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

(iii) **2002 Notice List**. The Debtors or the Debtors' notice, claims and balloting agent,KCC, shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002

10

List"). It is the responsibility of each entity
submitting a 2002 Notice Request to file with the
Court an updated 2002 Notice Request as necessary
to reflect changes of e-mail address, contact
person, or otherwise, and serve a copy of such
request upon the Debtors.

(c)   **Affected Entities**. This group shall be
comprised of all entities with a particularized interest
in the subject matter of the particular Court Filing
(each, an "Affected Entity").

9.   At least every fifteen days during the first

sixty days of the Debtors' chapter 11 cases, and

thereafter at least every thirty days, the Debtors'

counsel shall maintain and update the Primary Service

List by:  (a) making any additions and deletions;

(b) filing the updated Primary Service List; (c) serving

the updated Primary Service List on the parties listed

thereon; and (d) filing a proof of service.

10.   Nothing herein shall affect the Debtors'

obligation to give notice to all creditors, parties in

interest and, where applicable, equity security holders

of the meeting of creditors, the dismissal or conversion

of the Debtors' chapter 11 cases to another chapter, the

time fixed to accept or reject a proposed modification

of a plan of reorganization, the time fixed for filing

proofs of claim as required by Bankruptcy Rule 2002(a),

the time fixed for filing objections to and the hearing
on the disclosure statement and the plan of
reorganization required by Bankruptcy Rule 2002(b), or
entry of an order confirming a plan of reorganization.
In addition, the Debtors shall be required to comply
with the notice requirements of Bankruptcy Rules 2002(d),
4006, and 4007.

**C.   Service By E-mail**

11.   **Entities entitled to serve by e-mail**. Only the
Debtors (and any of their agents) and the E-mail Serving
Parties (as defined below) are authorized to serve
documents by e-mail.

12.   **Form of documents served by e-mail**. All
documents served by e-mail shall provide either a copy
of the document or a link to access the entire document,
including the proposed form(s) of order and any exhibits,
attachments, or other materials in ".pdf" format,
readable by Adobe Acrobat or other equivalent document
reader program commonly available without cost. E-mail
service shall also include a copy of or a link to the
current 2002 List.

13.  **E-mail serving parties**. An entity who has filed a proper 2002 Notice Request and has not opted out of e-mail service may serve court filings by e-mail to the following two accounts: _____@mcguirewoods.com, and _____@skadden.com.

14.  **Authorization of service by e-mail**. The

Debtors and parties authorized to serve by e-mail

pursuant to Section C (collectively, the "E-mail Serving

Parties") are authorized to serve all court filings,

other than the service of a summons and complaint in an

adversary proceeding(subject to Section B.8.b.(ii)).

Dated: November 10, 2008
      Richmond, Virginia

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Gregg M. Galardi, Esq.
                        Ian S. Fredericks, Esq.
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                                - and -

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Chris L. Dickerson, Esq.
                        333 West Wacker Drive
                        Chicago, Illinois 60606
                        (312) 407-0700

                                - and -

                        MCGUIREWOODS LLP

                        /s/ Douglas M. Foley
                        Dion W. Hayes (VSB No. 34304)
                        Douglas Foley (VSB No. 34364)
                        One James Center
                        901 E. Cary Street
                        Richmond, Virginia 23219
                        (804) 775-1000

                        Proposed Counsel for Debtors and
                        Debtors in Possession