Gregg M. Galardi, Esq. Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq. Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & MCGUIREWOODS LLP
FLOM, LLP One James Center
One Rodney Square 901 E. Cary Street
PO Box 636 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
         :
In re:       : Chapter 11
         :
CIRCUIT CITY STORES, INC., : Case No. 08- _____ (___)
et al.,      :
         :
    Debtors. : Jointly Administered
- - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 506(a), 507(a)(8),
541, AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING THE
DEBTORS TO PAY PREPETITION SALES, USE, TRUST FUND AND
OTHER TAXES AND RELATED OBLIGATIONS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

---

[1] The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
(0785), InterTAN, Inc. (0875), Ventoux International, Inc.
*(cont'd)*

hereby move (the "Motion") this Court for entry of an

order, pursuant to sections 105(a), 506(a), 507(a)(8),

541, and 1129 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 6003 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing, but not directing, the Debtors to pay

prepetition sales, use, trust fund and other taxes and

related obligations.  In support of the Motion, the

Debtors rely upon and incorporate by reference the

Declaration of Bruce H. Besanko, Executive Vice

President and Chief Financial Officer of Circuit City

Stores, Inc., in Support of Chapter 11 Petitions and

First Day Pleadings (the "Besanko Declaration"), filed

with the Court concurrently herewith.  In further

support of the Motion, the Debtors respectfully

represent:

_____
*(cont'd from previous page)*
     (1838), Circuit City Purchasing Company, LLC (5170), CC
     Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
     (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
     LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
     Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
     Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
     Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
     Circuit City Stores PR, LLC (5512).  The address for Circuit
     City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
     Westminster, Colorado 80031.  For all other Debtors, the
     address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 506(a), 507(a)(8), 541, and 1129.  Such relief is warranted pursuant to Bankruptcy Rule 6003.

**BACKGROUND**

3.     On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

**RELIEF REQUESTED**

6.    By this Motion, the Debtors request entry of an order, pursuant to Bankruptcy Code sections 105(a), 506(a), 507(a)(8), 541, and 1129 authorizing, but not directing, them to pay prepetition sales, use, and other similar "trust fund" taxes (the "Taxes") and similar obligations detailed herein to the respective taxing or other appropriate authorities (the "Taxing Authorities") in an amount up to $22 million, in the ordinary course of the Debtors' business including, but not limited to, the payment of Taxes relating to tax audits that have been completed, are in progress, or arise from prepetition periods.    Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes on any grounds they deem appropriate.

**BASIS FOR RELIEF**

7.    The Debtors, in the ordinary course of their businesses, incur various Taxes, including state and local sales and use tax liabilities.  Sales and use taxes accrue as the Debtors sell merchandise or consume goods and are calculated on the basis of statutorily mandated percentages of the price at which the Debtors' merchandise is sold and/or cost of merchandise consumed. In some cases, sales and use taxes are paid in arrears once incurred or collected by the Debtors.

8.    However, certain jurisdictions require the Debtors to remit estimated sales and use taxes and similar collections on a periodic basis during the month or quarter in which sales are made.  The Debtors or the Taxing Authority then "trues up" any deficiency or surplus on the date on which the taxes are actually due.

9.    Prior to the Petition Date, the Debtors were, for the most part, current on their obligations with respect to these Taxes.  The only obligations outstanding represent taxes that have accrued, but are not yet legally due.  The Debtors may be liable for approximately $21.2 million, which primarily represents

taxes collected on sales made in September and October 2008.

10.  Certain Taxing Authorities either have not been paid or have been sent checks and/or wires for Taxes that may or may not have been presented or cleared as of the Petition Date.  Similarly, in other cases, obligations have accrued or are accruing, or are subject to audit or review, but have not yet become due and payable.  Accordingly, the Debtors seek entry of an order authorizing, but not directing their banks to honor prepetition checks and wires issued by the Debtors to the Taxing Authorities in payment of prepetition Taxes that, as of the Petition Date, have not cleared or been transferred.  In addition, to the extent the Debtors have not yet sought to remit payment to the Taxing Authorities with respect to certain Taxes, the Debtors seek entry of an order authorizing, but not directing, to issue checks or provide for other means of payment to the Taxing Authorities as necessary to pay the Taxes.

**APPLICABLE AUTHORITY**

**I.    PAYMENT OF THE TAXES IS AUTHORIZED UNDER BANKRUPTCY
CODE SECTION 541.**

11.   Although the Debtors have not conducted
an exhaustive survey of all states in which the Taxes
are due, the Debtors believe that many of the Taxes
constitute so-called trust fund taxes that are required
to be collected from third parties and held in trust for
payment to the Taxing Authorities.  See, e.g., DeChiaro
v. N.Y. State Tax Comm'n, 760 F.2d 432, 433 34 (2d Cir.
1985) (sales tax required by state law to be collected
by sellers from their customers is "trust fund" tax);
Shank v. Wash. State Dep't of Revenue (In re Shank), 792
F.2d 829, 830 (9th Cir. 1986); Rosenow v. Ill. Dep't of
Revenue (In re Rosenow), 715 F.2d 277, 282 (7th Cir.
1983).

12.   Consequently, the funds that would be
used to pay the Taxes are not property of the Debtors'
estates within the meaning of Bankruptcy Code section
541.  See Begier v. IRS, 496 U.S. 53, 55-67 (1990)
(taxes such as excise taxes, FICA taxes and withholding
taxes are property held by debtor in trust for another

and, as such, do not constitute property of estate); In
re Al Copeland Enters., Inc., 133 B.R. 837 (Bankr. W.D.
Tex. 1991) (debtor obligated to pay sales taxes plus
interest, because such taxes were "trust fund" taxes),
aff'd, 991 F.2d 233 (5th Cir. 1993).

13.   Accordingly, pursuant to Bankruptcy Code
section 541, the Court should authorize payment of the
Taxes.

## II.    PAYMENT OF THE TAXES IS APPROPRIATE UNDER BANKRUPTCY CODE SECTIONS 506, 507(a)(8), AND 1129.

14.   Even if the funds held by the Debtors for
the payment of the Taxes were not held in trust, payment
of the Taxes would nonetheless be proper under sections
506, 507(a)(8), and 1129 of the Bankruptcy Code.
Specifically, the Taxes are mostly, if not entirely,
either priority claims pursuant to Bankruptcy Code
section 507(a)(8), or secured claims pursuant to
Bankruptcy Code section 506(a).  Accordingly, their
payment should be authorized on the basis that they are
required to be paid in full in any event as a condition

to satisfying the plan confirmation requirements contained in Bankruptcy Code section 1129.[3]

15.   In particular, if the Taxes are priority claims, Bankruptcy Code section 1129(a)(9)(C) requires that they be paid no less favorably than through regular installment payments, over a period not exceeding five years after the Petition Date, of a total value as of the effective date of the plan equal to the allowed amount of each such claim.   11 U.S.C. § 1129(a)(9)(C). On the other hand, if the Taxes are secured claims, Bankruptcy Code section 1129(b)(2)(A) requires that they be satisfied through deferred cash payments totaling at least the allowed amount of each such claim, of a value as of the effective date of the plan equal to the value of the collateral securing the claim, with a continuation of the liens against the collateral; or, if the collateral is to be sold, that the lien securing the claim attach to the proceeds of sale; or that the holder realize the indubitable equivalent of the claim. 11 U.S.C. § 1129(b)(2)(A).

---

[3]   The Debtors believe that a significant portion of the Taxes are priority or secured claims, and the remainder are de minimis in light of the circumstances of these cases.

16.   Therefore, the Debtors' payment of the Taxes now only effects the timing of the payments and not the amounts to be received by the Taxing Authorities. In that regard, by paying the Taxes now, the Debtors avoid any unnecessary fees, interest, or penalties that might otherwise accrue.  At the same time, other creditors and parties in interest will be benefited, not harmed, if the relief sought herein is granted by this Court.

**III. PAYMENT OF THE TAXES IS ALSO APPROPRIATE UNDER BANKRUPTCY CODE SECTION 105 AND THE DOCTRINE OF NECESSITY.**

17.   The proposed payments of the Taxes should be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."

18.   Bankruptcy Code section 105 authorizes this Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105.  For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the going concern value of their businesses in order to effect a successful reorganization through, among other things, avoiding the

cost and expense of audits or litigation regarding the
Taxes, payment of the Taxes as requested herein is
proper in accordance with Bankruptcy Code section 105.

19.  Payment of the Taxes is further supported
by the doctrine of necessity.  The doctrine of necessity
is a well-settled doctrine that permits a bankruptcy
court to authorize payment of certain prepetition claims
prior to the completion of the reorganization process
where the payment of such claims is necessary to the
reorganization.  See In re NVR L.P., 147 B.R. 126, 127
(Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan
payment of a pre-petition obligation when essential to
the continued operation of the debtor[,]" and must show
a "substantial necessity."); see also In re Just for
Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating
that where the debtor "cannot survive" absent payment of
certain prepetition claims, the doctrine of necessity
should be invoked to permit payment).

20.  The doctrine of necessity is a widely
accepted component of modern bankruptcy jurisprudence.
See In re NVR L.P., 147 B.R. at 127 ("[T]he 'necessity
of payment' rule is a narrow exception well-established

in bankruptcy common law."); see also Just For Feet, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season).

21.    Here, for the reasons discussed herein, it is evident that payment of Taxes is necessary to the Debtors' effective reorganization.   In particular, the Debtors submit that the payment of the Taxes is necessary in order to preserve the value of the Debtors' estates, as well as avoiding the cost and expense of audits or litigation regarding the Taxes.

**IV.   PAYMENT OF THE TAXES IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM UNDER BANKRUPTCY RULE 6003.**

22.    Similarly, the relief requested is warranted under Bankruptcy Rule 6003, which provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001.

Fed. R. Bankr. P. 6003.

23.    No court within the Fourth Circuit has interpreted the "immediate and irreparable harm" language in the context of Bankruptcy Rule 6003 in any reported decision.[4]  However, the Fourth Circuit Court of Appeals has interpreted the same language in the context of preliminary injunctions.  In that context, irreparable harm has been interpreted as a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  See, e.g., Hughes Network Systems, Inc. v. Interdigital Communications Corp., 17 F.3d 691, 694 (4th Cir. 1994).  Further, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  See, e.g., Scotts Co. v. United Industries Corp., 315 F.3d 264, 283 (4th Cir. 2002).

24.    To the extent that the requirements of Bankruptcy Rule 6003 are applicable to the relief

---

[4]    Although there is not direct authority concerning Bankruptcy Rule 6003 in the Fourth Circuit, at least one bankruptcy court, applying Bankruptcy Rule 6003, concluded that first-day relief in a similar context was warranted because such relief was necessary to avoid irreparable harm.  See In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).

requested in the Motion, the Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm as defined by the Fourth Circuit Court of Appeals.

25.   Accordingly, the Court should allow the payment of the Taxes as requested herein.

26.   The relief requested in this Motion has been granted in comparable chapter 11 cases in this district and in other jurisdictions.  See, e.g., In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007; In re The Rowe Companies, Case No. 06-11142 (SSM) (Bankr. E.D. Va. Sept. 20, 2006); see also In re Tweeter Home Entm't Group, Inc., Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007).

27.   Nothing in this Motion shall be construed as impairing the Debtors' rights to contest the amount, classification, or allowability of any Taxes asserted in these cases.

## NOTICE

28.   Notice of this Motion will be given to: (i) the Office of the United States Trustee for the

Eastern District of Virginia; (ii) counsel to the agent

for Debtors' postpetition lenders; (iii) counsel to the

agent for the Debtors' prepetition lenders; and (iv) the

Debtors' top fifty (50) largest unsecured creditors on a

consolidated basis.  The Debtors submit that, under the

circumstances, no other or further notice of the Motion

is required.

### WAIVER OF MEMORANDUM OF LAW

29.  Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Motion and all applicable authority is

set forth in the Motion, the Debtors request that the

requirement that all motions be accompanied by a

separate memorandum of law be waived.

### NO PRIOR REQUEST

30.  No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 10, 2008
        Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :    Chapter 11
In re:                        :
                              :    Case No. 08-(___) (__)
CIRCUIT CITY STORES, INC.,    :
et al.,                       :    Jointly Administered
                              :
          Debtors.            :
- - - - - - - - - - - - - - x

       **ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a),**
            **506(a), 507(a)(8), 541, AND 1129 AND**
        **BANKRUPTCY RULE 6003 AUTHORIZING THE DEBTORS**
     **TO PAY PREPETITION SALES, USE, TRUST FUND AND OTHER**
               **TAXES AND RELATED OBLIGATIONS**

          Upon the motion (the "Motion")[1] of the Debtors

for an order, pursuant to Bankruptcy Code sections

-----

[1]  Capitalized terms used but not defined herein shall have the
     meanings ascribed to such terms in the Motion.

105(a), 506(a), 507(a)(8), 541, and 1129 and Bankruptcy

Rule 6003 authorizing, but not directing, the Debtors to

pay the Taxes to the appropriate Taxing Authorities; and

the Court having reviewed the Motion and the Besanko

Declaration; and the Court having determined that the

relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and

other parties in interest; and it appearing that proper

and adequate notice of the Motion has been given and

that no other or further notice is necessary; and upon

the record herein; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Motion is GRANTED.

2.    The Debtors are hereby authorized to pay

all Taxes to the Taxing Authorities in an amount up to

$22 million, in the ordinary course of their businesses,

including, but not limited to, the payment of Taxes

relating to tax audits that have been completed, are in

progress, or which may commence in the ordinary course of business for prepetition periods.

3.    All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

4.    To the extent the Debtors have not yet sought to remit payment to the Taxing Authorities, the Debtors are authorized, but not directed, to issue checks or provide for other means of payment to the Taxing Authorities to the extent necessary to pay Taxes.

5.    This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes on any grounds that they deem appropriate.

6.    Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

7.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and

that the relief requested is necessary to avoid

immediate and irreparable harm.

       8.   Notwithstanding Bankruptcy Rule 6004(g),

this Order shall be effective and enforceable

immediately upon entry hereof.

       9.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

Dated:  Richmond, Virginia
       November 10, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

  I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.


      /s/ Douglas M. Foley