Gregg M. Galardi, Esq.      Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &amp;   MCGUIREWOODS LLP
FLOM, LLP              One James Center
One Rodney Square        901 E. Cary Street
PO Box 636             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &amp;
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                 :
In re:            :   Chapter 11
                 :
CIRCUIT CITY STORES, INC.,  :   Case No. 08- _____ (____)
et al.,            :
                 :
         Debtors.  :   Jointly Administered
- - - - - - - - - - - - - - x

**MOTION OF DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 363, 1107(a) AND 1108, AND BANKRUPTCY RULE
6003 AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF
CERTAIN FOREIGN VENDORS AND SERVICE PROVIDERS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

---

[1]    The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
(0785), InterTAN, Inc. (0875), Ventoux International, Inc.
*(cont'd)*

hereby move (the "Motion") for entry of an order,
pursuant to sections 105(a), 363, 1107(a) and 1108 of
title 11 of the United States Code (the "Bankruptcy
Code"), and Rule 6003 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") authorizing, but not
directing, the Debtors to pay certain prepetition
obligations to foreign vendors and other suppliers of
goods and services (collectively, the "Foreign Vendors").
In support of the Motion, the Debtors rely upon and
incorporate by reference the Declaration of Bruce H.
Besanko, Executive Vice President and Chief Financial
Officer of Circuit City Stores, Inc., in Support of
Chapter 11 Petitions and First Day Pleadings (the
"Besanko Declaration"), filed with the Court concurrently
herewith.  In further support of the Motion, the Debtors
respectfully represent:

---

*(cont'd from previous page)*
    (1838), Circuit City Purchasing Company, LLC (5170), CC
    Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
    (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
    LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
    Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
    Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
    Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
    Circuit City Stores PR, LLC (5512).  The address for Circuit
    City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
    Westminster, Colorado 80031.  For all other Debtors, the
    address is 9950 Mayland Drive, Richmond, Virginia 23233.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363, 364, 1107(a), and 1108.  Such relief is warranted pursuant to Bankruptcy Rule 6003.

## BACKGROUND

3.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration,

2

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## RELIEF REQUESTED

6.    By this Motion, the Debtors seek entry of an order authorizing, but not directing, payment of prepetition claims of the Foreign Vendors with whom the Debtors continue to do business and whose good and services are essential to the Debtors' operations (the "Foreign Vendor Claims") in an amount up to $6.5 million.

7.    The Debtors propose that prior to making a payment of a Foreign Vendor Claim under this Motion, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of such Foreign Vendor for

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

less than their face amount without further notice or hearing.

8.   The Debtors also request that all banks and other financial institutions on which checks to the Foreign Vendors are drawn pursuant to authority granted by the proposed order submitted herewith be authorized and directed to receive, process, honor, and pay any and all such checks, whether issued or presented prior to or after the Petition Date, upon the receipt by each such bank of notice of such authorization from the Debtors.

## BASIS FOR RELIEF

9.   In the ordinary course of the Debtors' businesses, the Debtors transact business with numerous Foreign Vendors in countries including, but not limited to, Brazil, Canada, China, France, Germany, Great Britain, Hong Kong, India, Ireland, Italy, Japan, Korea, Malaysia, Mexico, New Zealand, Romania, and Taiwan.  Some of the Foreign Vendors manufacture merchandise for the Debtors, including digital electronic devices and electronics accessories.  Others provide equipment for the stores themselves.  The Debtors estimate that they may be liable for $6.5 million in Foreign Vendor Claims.

10.   The Debtors believe that many of their Foreign Vendors will continue to do business with the Debtors after commencement of these cases because doing so simply makes good business sense.  In some cases, however, the Debtors anticipate that certain Foreign Vendors will: (a) refuse to deliver goods and services without payment of their prepetition claims; (b) refuse to deliver goods and services on reasonable credit terms absent payment of prepetition claims, thereby effectively refusing to do business with the Debtors; or (c) suffer significant financial hardship, such that the Debtors' non-payment of prepetition claims could have a significant negative impact on the Foreign Vendor's business and therefore its ability to supply the Debtors with goods and services.  Because many of the Foreign Vendors are not subject to the jurisdiction of this Court, efforts by the Debtors to enforce the Bankruptcy Code or obtain an order of this Court may be of little practicable value.

11.   Accordingly, the Debtors request the entry of an order authorizing, but not directing, payment of

Foreign Vendor Claims because payment of such claims is necessary to an effective reorganization.

12.   In addition to direct payments to Foreign Creditors for outstanding prepetition invoices, the Debtors seek authority to allow such Foreign Vendors to apply postpetition payments by the Debtors to outstanding unpaid prepetition invoices.  The Foreign Vendors would then be left with a paid prepetition claim and an administrative expense claim for the goods shipped after the Petition Date and invoiced to the Debtors.  Although such application would necessarily increase the total amount of administrative claims of the Debtors, to the extent that the Debtors pursue a restructuring or sale of their business, the Debtors would seek to have these claims assumed or otherwise paid to the extent valid.

13.   In return for payment of the prepetition Foreign Vendor Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Debtors propose that the Foreign Vendors continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the six months prior to the Petition

Date or on such other favorable terms as the Debtors and the Foreign Vendors may otherwise agree ("Customary Trade Terms").  The Debtors propose that the Customary Trade Terms apply for the remaining term of each Foreign Vendor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

14.  If any Foreign Vendor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payment made will be deemed an avoidable postpetition transfer under Bankruptcy Code section 549 and, therefore, will be recoverable by the Debtors in cash upon written request. Upon recovery by the Debtors, the claim will be reinstated as a prepetition claim in the amount so recovered.  The Debtors also seek entry of an order authorizing, but not directing, them to obtain written verification, before issuing payment to a Foreign Vendor, that such Foreign Vendor will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Creditor's agreement

with the Debtors; _provided_, _however_, that the absence of

such written verification will not limit the Debtors'

rights sought hereunder.

### APPLICABLE AUTHORITY

**I.    PAYMENT OF THE FOREIGN VENDOR CLAIMS IS AUTHORIZED
UNDER BANKRUPTCY CODE SECTIONS 363.**

15.    Under Bankruptcy Code section 363, a

bankruptcy court is empowered to authorize a chapter 11

debtor to expend funds in the bankruptcy court's

discretion outside the ordinary course of business.  See

11 U.S.C. § 363.  In order to obtain approval for the use

of estate assets outside the ordinary course of business,

the debtor must articulate a valid business justification

for the requested use.  See In re Ionosphere Clubs, Inc.,

98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985).  Through

payments to Foreign Vendors who agree to provide goods

and services on Customary or Minimum Trade Terms, the

Debtors will preserve and protect their businesses for

the benefit of all creditors.  Without payment to the

Foreign Vendors, the Debtors would be unable to provide

the products customers have to come expect in the

Debtors' stores.  This alone provides a sufficient

business justification to make payments to Foreign

Vendors.  See id. at 175.

16.  Accordingly, this Court should grant the

requested relief under Bankruptcy Code section 363.

## II.  PAYMENT OF THE FOREIGN VENDOR CLAIMS IS AUTHORIZED UNDER BANKRUPTCY CODE SECTIONS 1107(a) AND 1108.

17.  The Debtors, operating their businesses as

debtors in possession under Bankruptcy Code sections

1107(a) and 1108, are fiduciaries "holding the bankruptcy

estate[s] and operating the business[es] for the benefit

of [their] creditors and (if the value justifies) equity

owners."  In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr.

N.D. Tex. 2002).  Implicit in the duties of a chapter 11

debtor in possession is the duty "to protect and preserve

the estate, including an operating business's going-

concern value."  Id.

18.  At least one court has noted that there

are instances in which a debtor in possession can fulfill

its fiduciary duty "only . . . by the preplan

satisfaction of a prepetition claim."  See id.  The

CoServ court specifically noted that preplan satisfaction

of prepetition claims would be a valid exercise of a

debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." Id. at 498.  The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant.  Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim.  Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

Id. at 498.

19.  Payment of the Foreign Vendor Claims meets each element of the CoServ court's standard.  First, as described above, the Debtors have narrowly tailored the Foreign Vendor Claims to encompass only those suppliers that are the sole source of a particular good without which the Debtors' retail operations would be severely impacted, or those suppliers or service providers who are critical because the time and expense that would be involved in transitioning to a new supplier would be

prohibitive and would significantly disrupt the Debtors'
business.

20.   Second, because of the essential nature of
the goods and services provided by the Foreign Vendors
and the difficulty associated with finding alternate
sources of those goods and services, the potential harm
and economic disadvantage that would stem from the
failure of any of the Foreign Vendors to perform is
grossly disproportionate to the amount of any prepetition
claim that may be paid.

21.   Finally, with respect to each Foreign
Vendor, the Debtors have examined other options short of
payment of Foreign Vendor Claims and have determined that
to avoid significant disruption of the Debtors' retail
operations there exists no practical or legal alternative
to payment of the Foreign Vendor Claims.

22.   Therefore, the Debtors can only meet their
fiduciary duties as debtors in possession under
Bankruptcy Code sections 1107(a) and 1108 by payment of
the Foreign Vendor Claims.

**III. THE BANKRUPTCY CODE SECTION 105 AND THE DOCTRINE OF NECESSITY SUPPORT PAYMENT OF THE FOREIGN VENDOR CLAIMS.**

23.   The proposed payments of the Foreign Vendor Claims should be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."

24.   Bankruptcy Code section 105 authorizes this Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105.  For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the going concern value of their businesses in order to effect a successful reorganization, through, among other things, obtaining certain critical goods and services from the Foreign Vendors, thereby preserving core operations and maintaining customer confidence at this critical early stage of their bankruptcy cases, payment of the Foreign Vendor Claims as requested herein is proper in accordance with Bankruptcy Code section 105.

25.   Payment of the Foreign Vendor Claims is further supported by the doctrine of necessity.  The doctrine of necessity is a well-settled doctrine that

permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor[,]" and must show a "substantial necessity."); see also In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment).

26.   The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence. See In re NVR L.P., 147 B.R. at 127 ("[T]he 'necessity of payment' rule is a narrow exception well-established in bankruptcy common law."); see also Just For Feet, 242 B.R. at 826 (approving payment of key inventory suppliers' prepetition claims when such suppliers could destroy debtor's business by refusing to deliver new inventory on eve of debtor's key sales season).

27.  Here, for the reasons discussed herein, it is evident that payment of the Foreign Vendor Claims is necessary to the Debtors' effective reorganization.  In particular, without payment of Foreign Vendor Claims, Foreign Vendors may refuse to continue to ship merchandise to the Debtors.  This would cause of a significant decrease in the amount of merchandise available at the Debtors' stores and, consequently, a dramatic impact on the ability of the Debtors to continue operations.  In turn, the maintenance of the Debtors' businesses during these chapter 11 cases is crucial to the Debtors' ability to pursue restructuring alternatives and preserve going concern value for the benefit of all of the Debtors' stakeholders.  Hence, this Court should exercise its equitable powers to grant the relief requested in this Motion.

**IV.  ABSENT THE RELIEF REQUESTED THE DEBTORS WILL SUFFER IMMEDIATE AND IRREPARABLE HARM.**

28.  Similarly, the relief requested is warranted under Bankruptcy Rule 6003, which provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding

> the following: . . . (b) a motion to use, sell,
> lease, or otherwise incur an obligation
> regarding property of the estate, including a
> motion to pay all or part of a claim that arose
> before the filing of the petition, but not a
> motion under Rule 4001.

Fed. R. Bankr. P. 6003.

29. No court within the Fourth Circuit has interpreted the "immediate and irreparable harm" language in the context of Bankruptcy Rule 6003 in any reported decision.[3] However, the Fourth Circuit Court of Appeals has interpreted the same language in the context of preliminary injunctions. In that context, irreparable harm has been interpreted as a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. See, e.g., Hughes Network Systems, Inc. v. Interdigital Communications Corp., 17 F.3d 691, 694 (4th Cir. 1994). Further, the harm must be shown to be actual and imminent, not speculative or

---

[3]  Although there is not direct authority concerning Bankruptcy Rule 6003 in the Fourth Circuit, at least one bankruptcy court, applying Bankruptcy Rule 6003, concluded that first-day relief in a similar context was warranted because such relief was necessary to avoid irreparable harm. See In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (holding that Rule 6003 permits entry of retention orders on an interim basis to avoid irreparable harm).

unsubstantiated.  See, e.g., Scotts Co. v. United

Industries Corp., 315 F.3d 264, 283, (4th Cir. 2002).

30.  To the extent that the requirements of

Bankruptcy Rule 6003 are applicable to the relief

requested in the Motion, the Debtors submit that for the

reasons already set forth herein, the relief requested in

this Motion is necessary to avoid immediate and

irreparable harm as defined by the Fourth Circuit Court

of Appeals.

31.  Accordingly, the Court should allow the

payment of the Foreign Vendor Claims as requested herein.

32.  This Court and other courts have granted

the same or similar relief in other large chapter 11

cases.  See e.g., In re US Airways Group, Inc., Case No.

02-83983 (SSM) (Bankr. E.D. Va. Aug. 12, 2002); see also

In re Delta Air Lines, Inc., Case No. 05-17923 (PCB)

(Bankr. S.D.N.Y. Sept. 16, 2005).

## NOTICE

33.  Notice of this Motion will be given to:

(i) the Office of the United States Trustee for the

Eastern District of Virginia; (ii) counsel to the agent

for Debtors' postpetition lenders; (iii) counsel to the

agent for the Debtors' prepetition lenders; and (iv) the Debtors' top fifty (50) largest unsecured creditors on a consolidated basis.  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

### WAIVER OF MEMORANDUM OF LAW

34.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

35.   No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 10, 2008
      Richmond, Virginia

                  SKADDEN, ARPS, SLATE, MEAGHER &
                  FLOM, LLP
                  Gregg M. Galardi, Esq.
                  Ian S. Fredericks, Esq.
                  P.O. Box 636
                  Wilmington, Delaware 19899-0636
                  (302) 651-3000

                        - and -

                  SKADDEN, ARPS, SLATE, MEAGHER &
                  FLOM, LLP
                  Chris L. Dickerson, Esq.
                  333 West Wacker Drive
                  Chicago, Illinois 60606
                  (312) 407-0700

                        - and -

                  MCGUIREWOODS LLP

                  /s/ Douglas M. Foley
                  Dion W. Hayes (VSB No. 34304)
                  Douglas M. Foley (VSB No. 34364)
                  One James Center
                  901 E. Cary Street
                  Richmond, Virginia 23219
                  (804) 775-1000

                  Proposed Counsel for Debtors and
                  Debtors in Possession

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08- _____ (___)
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363,
1107(a) AND 1108, AND BANKRUPTCY RULE 6003 AUTHORIZING
DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN FOREIGN
VENDORS AND SERVICE PROVIDERS**

Upon the motion (the "Motion")[1] of the Debtors

for an order, pursuant to Bankruptcy Code sections

105(a), 363, 1107(a) and 1108, and Bankruptcy Rule 6003

_____

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to such terms in the Motion.

authorizing, but not directing, the Debtors to pay
certain prepetition obligations to Foreign Vendors; and
the Court having reviewed the Motion and the Besanko
Declaration; and the Court having determined that the
relief requested in the Motion is in the best interests
of the Debtors, their estates, their creditors, and
other parties in interest; and it appearing that proper
and adequate notice of the Motion has been given and
that no other or further notice is necessary; and upon
the record herein; and after due deliberation thereon;
and good and sufficient cause appearing therefor, it is
hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    The Debtors are authorized, but not
directed, in their sole discretion, to pay in the
ordinary course the Foreign Vendor Claims in an amount
up to $6.5 million.

3.    Prior to paying a Foreign Vendor Claim,
the Debtors may, in their absolute discretion, settle
all or some of the prepetition claims of such Foreign

Vendor for less than their face account without further notice or hearing.

4. In return for payment of the Foreign Vendor Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Vendors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the six months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms"). The Customary Trade Terms shall apply for the remaining term of the Foreign Vendor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

5. If any Foreign Vendor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer under Bankruptcy Code section 549 and shall be recoverable by the Debtors in cash upon written request. Upon recovery

by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.

6.    The Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Foreign Vendor, that such Foreign Vendor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Vendor's agreement with the Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

7.    All banks and other financial institutions on which checks to the Foreign Vendors are drawn pursuant to authority granted by this Order are authorized and directed to receive, process, honor, and pay any and all such checks, whether issued or presented prior to or after the Petition Date, upon the receipt by each such bank of notice of such authorization from the Debtors.

8.    To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule

6003 are satisfied and that the relief requested is
necessary to avoid immediate and irreparable harm.

9.    Nothing herein shall be construed to
limit or in any way affect the Debtors' ability to
dispute any Foreign Vendor Claim.

10.   Nothing contained in this Order shall be
deemed to constitute an assumption or rejection of any
executory contract, or prepetition or postpetition
agreement between the Debtors and a Foreign Vendor, or
to require the Debtors to make any of the payments
authorized herein under Bankruptcy Code Section 365.

11.   The authority granted hereby to pay
Foreign Vendor Claims shall not create any obligation on
the part of the Debtors or their officers, directors,
attorneys, or agents to pay the Foreign Vendor Claims,
none of the foregoing persons shall have any liability
on account of any decision by the Debtors not to pay a
Foreign Vendor Claim, and nothing contained in this
order shall be deemed to increase, reclassify, elevate
to an administrative expense status, or otherwise affect
the Foreign Vendor Claims to the extent they are not
paid.

12. No claimant who receives payment on account of a Foreign Vendor Claim is permitted to file or perfect a Lien on account of such claim, and any such claimant shall take all necessary action to remove any existing lien relating to such claim, even if the Lien is against property of a non-Debtor.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

14. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   Richmond, Virginia
         November ____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.

                              /s/ Douglas M. Foley