Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08- _____ (___)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City
        Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
        (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
        (1838), Circuit City Purchasing Company, LLC (5170), CC
        Aviation, LLC (0841), CC Distribution Company of Virginia,

hereby move (the "Motion") for entry of an order, under

sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h)

of title 11 of the United States Code (the "Bankruptcy

Code"), (i) confirming the grant of administrative expense

status to obligations arising from postpetition delivery

of goods; (ii) establishing authority to pay obligations

arising from postpetition delivery of goods in the

ordinary course of business; (iii) authorizing, but not

directing, the Debtors to return goods to vendors under

Bankruptcy Code section 546(h); and (iv) establishing

procedures for addressing reclamation demands.  In support

of the Motion, the Debtors rely upon and incorporate by

reference the Declaration of Bruce H. Besanko, Executive

Vice President and Chief Financial Officer of Circuit

City Stores, Inc., in Support of Chapter 11 Petitions

and First Day Pleadings (the "Besanko Declaration"),

---

Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
(0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other
Debtors, the address is 9950 Mayland Drive, Richmond, Virginia
23233.

filed with the Court concurrently herewith.  In further support of the Motion, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 362, 503(b), 507(a), 546(c) and 546(h).

### BACKGROUND

3.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

**RELIEF REQUESTED**

6.    By this Motion, and in order to obtain and ensure timely delivery from their suppliers and vendors (together, the "Vendors") of materials, supplies, goods, products and related items (collectively, the "Goods"), the Debtors seek entry of an order:

(a)    Confirming that the Vendors will have administrative expense priority claims under Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from the Debtors' numerous prepetition purchase orders outstanding on the Petition Date (the "Outstanding Orders") relating to the shipments of Goods received and accepted by the Debtors on or after the Petition Date and authorizing, but not directing, the Debtors to pay for such Goods in the ordinary course of business;

(b)    Authorizing, but not directing, the Debtors, under Bankruptcy Code section 546(h), to return Goods purchased from Vendors by the Debtors prior to the Petition Date, for credit against such Vendors' prepetition claims;

(c)    Establishing procedures for reconciliation of claims made by

Vendors who make written reclamation demands for Goods delivered prior to the Petition Date in accordance with Bankruptcy Code section 546(c); and

(d)    Prohibiting Vendors and other third parties from reclaiming or preventing delivery of goods or products to the Debtors and confirming that, pursuant to Bankruptcy Code sections 105 and 362, third parties are stayed and prohibited from interfering with the delivery of goods and products to the Debtors.

**BASIS FOR RELIEF**

7.    Absent the relief requested in this Motion, the Debtors would be required to expend substantial time and limited resources (a) convincing Vendors of the Debtors' authority to make certain payments; (b) reissuing Outstanding Orders; (c) establishing their right to retain the Goods; (d) contesting or litigating reclamation demands; and/or (e) enforcing their rights with respect to Goods in transit.

8.    As a result, there would be a delay and/or disruption in the continuous flow of Goods to the Debtors.  Any such material delay or disruption would, in turn, cause considerable harm to the Debtors' business and retail operations, thereby imperiling the Debtors' restructuring efforts.  Consequently, the relief

requested herein is in the best interests of the Debtors, their estates, and their creditors.

**A.    Confirmation of Administrative Status.**

9.    In the ordinary course of the Debtors' business, numerous Vendors provide the Debtors with a variety of Goods, including, without limitation, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.  On a regular basis, therefore, large quantities of Goods are delivered to the Debtors' facilities.  Thus, upon the commencement of the Debtors' chapter 11 cases, there will be a number of Outstanding Orders for Goods.

10.    These Goods are absolutely essential to the sustained operations of the Debtors in the Debtors' efforts to reorganize and the consideration of their restructuring alternatives.

11.    The Debtors believe that as a result of the Debtors' filing of their chapter 11 cases, many of the Vendors will be concerned that they will not be paid for the delivery or shipment of Goods after the Petition Date, if such delivery or shipment was based on a prepetition purchase order.  Accordingly, Vendors might decline to ship, or may instruct their shippers not to deliver, Goods destined for the Debtors unless the

Debtors issue substitute purchase orders postpetition or
obtain an order of this Court confirming that all
obligations of the Debtors arising from prepetition
purchase orders, delivery or satisfaction of which occurs
postpetition, are to be granted administrative expense
status, subject to the limitations imposed by any orders
of this Court and the prior rights of holders of security
interests in such Goods or the proceeds of such Goods
under the Debtors' proposed debtor in possession
financing agreements and prepetition financing
agreements, to the extent of such interests. Therefore,
the Debtors believe that such a "comfort" order is
necessary for them to effectively reorganize.

**B.    Return of Goods.**

12.   In the ordinary course of business, the
Debtors receive various Goods that may not be up to
standards, defective, or otherwise not suitable or
necessary for their retail operations.  In some cases,
the Debtors return the Goods to Vendors.  Notwithstanding
the filing of these cases, and the distinction between
prepetition and postpetition claims, the Debtors request
that they be permitted, in their discretion, to return
Goods that were delivered postpetition based on
prepetition purchase orders for credit against such
prepetition purchase orders, if the Debtors determine

that such Goods of are little or no value to the Debtors'
estates.

13.   The Debtors submit that an order approving
returns to Vendors for credit against their prepetition
claims, subject to the limitations imposed by any orders
of this Court and the prior rights of holders of security
interests in such Goods or the proceeds of such Goods
under the Debtors' proposed debtor in possession
financing agreements and prepetition financing
agreements, to the extent of such interests, is in the
best interests of the Debtors' estates.  Such relief will
enable the Debtors to (a) obtain proper credit for
otherwise unusable Goods, cost-effectively and without
undue financial risk, and (b) effectively manage
inventory, enhancing the Debtors' financial performance,
the value of the assets of the estates, and the prospects
of a successful reorganization.

**C.    Procedures for Reconciliation of Reclamation Claims.**

14.   The Debtors believe that many Vendors will
attempt to assert their right to reclaim Goods delivered
to the Debtors shortly before or soon after the Petition
Date.  In the absence of approved procedures for orderly
processing and reconciling such demands (the "Reclamation
Demands"), the Debtors' operations and access to much
needed materials and goods might be disrupted.  In

addition, given recent changes to the Bankruptcy Code, including the grant of administrative priority to the claims of certain vendors under Bankruptcy Code section 503(b)(9), the Debtors may be put in a position of inadvertently paying for such Goods twice.

15. Accordingly, the Debtors propose the following procedures for processing and reconciling Reclamation Demands:

(a) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is <u>received</u> by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressees:  Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC**,** 2335 Alaska Avenue, El Segundo, CA  90245, with separate copies to each (i)Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233**,** Attn: Reginald D. Hedgebeth, (ii) Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233**,** Attn: Daniel W. Ramsey, (iii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois, 60606, Attn: Sarah Baker, Esq., and (iv) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219, Attn: Sarah B. Boehm, Esq.

(b) All Reclamation Demands must include the information required by the Uniform Commercial Code or Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation

Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(c)    On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount"). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

(d)    In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods.

Notwithstanding the foregoing, nothing in this Motion or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c).  In

addition, the Debtors do not waive, and expressly
reserve, their right to assert any and all defenses to a
Reclamation Demand.  The Debtors submit that the
Reclamation Claimants are not entitled to administrative
expense treatment in respect of any asserted reclamation
claim but, instead, are general non-priority unsecured
claims (subject to the Debtors' right to object to such
unsecured claims on any grounds that governing law
permits), provided that the prepetition liens of the
Debtors' prepetition lenders that attach to the Debtors'
inventory are valid and enforceable.

**D.     Confirming Stay of Third Parties.**

16.   Bankruptcy Code section 362 prohibits
third parties from taking actions to, among other things,
obtain or exercise control over property of the estate.
Moreover, Bankruptcy Code section 105 permits this Court
to enter any order necessary or appropriate to carry out
the provisions of the Bankruptcy Code.  As set forth
above, the Debtors' ability to receive the Goods is
critical to the continued operation of the Debtors'
business.  Moreover, as discussed below, the automatic
stay of Bankruptcy Code section 362 prohibits any
attempts to gain possession of the Goods, absent relief
from this Court.

17.   Thus, the Debtors request that the Court
confirm that a reclamation claimant or any other third
party is prohibited from seeking to reclaim Goods that
have already been delivered, or from interfering with the
delivery of Goods presently in transit to the Debtors,
absent further order of this Court granting relief from
the automatic stay.  Such relief is both necessary and
appropriate under the circumstances and will facilitate
uninterrupted operation of the Debtors' national retail
business.

**APPLICABLE AUTHORITY**

I.   **GOODS DELIVERED TO THE DEBTORS POSTPETITION ARE
ENTITLED TO ADMINISTRATIVE EXPENSE STATUS UNDER
BANKRUPTCY CODE SECTION 503(b)(1).**

18.   Under Bankruptcy Code section 503(b)(1),
claims are accorded administrative expense priority where
such claims are for the actual, necessary costs and
expenses of preserving the bankruptcy estate.  See 11
U.S.C. § 503(b)(1)(A).  In order to be awarded an
administrative expense claim, a claimant must demonstrate
that it conducted a transaction with a debtor in
possession that, in turn, provided a benefit to such
debtor's estate.  See In re Merry-Go-Round Enterprises,
Inc., 180 F.3d 149, 157 (4th Cir. 1999); In re Baseline
Sports, Inc., 393 B.R. 105, 130(Bankr. E.D. Va. 2008).

19.   Under the provisions of Bankruptcy Code
section 503(b)(1)(A), all undisputed obligations that
arise in connection with the postpetition delivery of
goods to the Debtors are, upon acceptance, arguably,
administrative expenses.   Although the Debtors believe
that they therefore have the authority to make payment
for Goods received postpetition (irrespective of the time
the orders were first placed), confirmation of that
authority is, in the Debtors' view, highly desirable.
The Debtors' relationship with their Vendors is so
essential that it is important to give them the utmost
reassurance that their valid claims will be given
administrative expense priority status, and that they
will continue to be paid by the Debtors in the ordinary
course of business.

20.   Absent the relief requested in this
motion, the Debtors would be required to expend
substantial time and resources convincing Vendors of the
Debtors' authority to make certain payments, reissuing
Outstanding Orders, and/or establishing the Debtors'
right to retain the Goods.   The attendant disruption in
the supply of Goods could significantly hinder the
Debtors' operations and subject the Debtors to tremendous
expense.   Without the Goods, the Debtors' business would

deteriorate, and their opportunity to preserve the value
of their assets would be jeopardized.

21.  Given the nature and scale of the Debtors'
operations, the volume of Goods consumed in the Debtors'
operations, the Debtors' levels of inventory, and the
potential impact of any interruption in the flow of Goods
to the Debtors, the Debtors have a clear need to maintain
an uninterrupted supply of Goods from Vendors.
Accordingly, the Debtors request the relief set forth
herein.

## II.  THE DEBTORS ARE AUTHORIZED TO RETURN GOODS UNDER BANKRUPTCY CODE SECTION 546(h).

22.  Bankruptcy Code section 546(h) permits a
debtor, with the consent of a creditor and subject to the
prior rights of holders of security interest in such
goods or the proceeds of such goods, to return goods
shipped to the debtor by the creditor before the
commencement of the case, for credit against the
creditor's prepetition claim, provided that the Court
determines (on a motion made no later than 120 days after
the order for relief and after notice and hearing) that
such return is in the best interests of the estate.

23.  The purpose of Bankruptcy Code section
546(h) is to "relieve the bankruptcy estate of the burden
of keeping unwanted or unsaleable goods, and relieve the

estate of unnecessary liabilities." 138 Cong. Rec.
S8241-01, at S8265-66 (daily ed. June 16, 1992)
(statement of Sen. Heflin), 1992 WL 132641. The
consensual return to vendors for damaged or unnecessary
goods will thus "permit more efficient reorganization of
bankruptcy debtors." Id. at S8266 (statement of Sen.
Heflin).

24. Through the Motion, the Debtors seek only
the relief to which they are entitled under Bankruptcy
Code section 546(h). Accordingly, the Debtors should be
permitted to return goods, in their discretion, as
permitted by the Bankruptcy Code and as set forth herein.

**III. THE PROCEDURES FOR RECONCILIATION OF RECLAMATION
CLAIMS ARE APPROPRIATE UNDER BANKRUPTCY CODE
SECTIONS 105 AND 546(c) AND NECESSARY TO PREVENT
DUPLICATIVE PAYMENT OF CLAIMS UNDER BANKRUPTCY CODE
SECTION 503(b)(9).**

25. As set forth above, the procedures
proposed herein are necessary for the Debtors to process
and review, in an efficient and cost-effective manner,
the Reclamation Demands of Reclamation Claimants. In
addition, the procedures are critical to the Debtors'
efforts to avoid inadvertently paying Reclamation
Claimants twice for the same claim.

26. Specifically, Bankruptcy Code section
503(b)(9) provides that claims for goods received by a
debtor in the ordinary course within twenty (20) days of

15

the Petition Date, are entitled to administrative
priority.  11 U.S.C. § 503(b)(9).  By separate motion,
filed substantially contemporaneously with the filing of
this Motion, the Debtors are seeking approval of a
procedure with respect to such 503(b)(9) claims (the
"503(b)(9) Claims").  However, absent approval of the
procedures set forth herein, including the requirement
that Reclamation Claimants set forth in their Reclamation
Claims whether they will seek a 503(b)(9) Claim and in
what amount such claim will be, the Debtors may
inadvertently pay Reclamation Claimants once for their
Reclamation Claims and again for their 503(b)(9) Claims.

        27.   Bankruptcy Code section 105 permits the
Court to "issue any order . . . that is necessary or
appropriate to carry out the provisions of [the
Bankruptcy Code]."  11 U.S.C. § 105(a).  In the event
that numerous reclamation demands are received, as the
Debtors anticipate, the Debtors and their professionals
would be unnecessarily distracted from the reorganization
process to the detriment of the Debtors and their
estates.  Moreover, as noted above, in light of the many
pressing demands that the Debtors and their professionals
will have in the weeks following the Petition Date, the
procedures set forth herein will allow the Debtors to
fully evaluate any Reclamation Claims received and

coordinate this evaluation with the Debtors' review of any 503(b)(9) Claims.

**IV.  BANKRUPTCY CODE SECTIONS 105 AND 263 JUSTIFIES PROHIBITING RECLAMATION CLAIMANTS FROM SEEKING TO RECLAIM GOODS THAT HAVE BEEN DELIVERED OR INTERFERING WITH GOODS IN TRANSIT TO THE DEBTORS.**

28.  Bankruptcy Code section 546(c)(1) authorizes vendors who have delivered goods to a debtor in the ordinary course of business to reclaim such goods, subject to certain limitations, if: (a) the debtor was insolvent when the goods were received; (b) the goods were received by the debtor within 45 days before the petition date; (c) the seller demanded reclamation in writing; and (d) such demand was made within 45 days after the debtor received possession of the goods (or within 20 days if the 45-day period would expire after the Petition Date).  <u>See</u> 11 U.S.C. § 546(c)(1).

29.  However, Bankruptcy Code section 546 does not include a waiver of the automatic stay protection afforded by Bankruptcy Code section 362.  Accordingly, the automatic stay prohibits reclamation efforts without leave of court.  <u>See</u> 11 U.S.C. § 362; <u>see also</u> <u>In re Waccamaw's Homeplace</u>, 298 B.R. 233, 237 (Bankr. D. Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action.").

30.  As set forth herein, the Debtors are waiving none of their defenses to any Reclamation Claims.  However, provided that Reclamation Claimants first obtain relief from the automatic stay, as required by the Bankruptcy Code, the procedures will not prevent such claimants from exercising or attempting to exercise their purported rights to reclaim possession of Goods under Bankruptcy Code section 546(c).

31.  Reclamation procedures similar to those requested herein have also been routinely granted by other bankruptcy courts in the Eastern District of Virginia in other large chapter 11 cases in order to streamline the process of resolving reclamation claims and reduce the expense of the administration of the debtor's estate.  See, e.g., In re US Airways, Inc., Case No. 04-13819 (SSM) (Bankr. E.D. Va. Sep. 14, 2004).

**NOTICE**

32.  Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the agent for Debtors' postpetition lenders; (iii) counsel to the agent for the Debtors' prepetition lenders; and (iv) the Debtors' top fifty (50) largest unsecured creditors on a

consolidated basis.  The Debtors submit that, under the
circumstances, no other or further notice of the Motion
is required.

### WAIVER OF MEMORANDUM OF LAW

33.    Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is
set forth in the Motion, the Debtors request that the
requirement that all motions be accompanied by a separate
memorandum of law be waived.

### NO PRIOR REQUEST

34.    No previous motion for the relief sought
herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request
that the Court enter an Order, substantially in the form
annexed hereto, granting the relief requested in the
Motion and such other and further relief as may be just
and proper.

Dated: November 10, 2008
       Richmond, Virginia

                    SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

              - and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

              - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession

Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08- _____ (___)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b),
507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY
OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE
ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO
RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR
RECLAMATION DEMANDS**

Upon the motion (the "Motion")[1] of the Debtors

for an order pursuant to Bankruptcy Code sections

105(a), 362, 503(b), 507(a), 546(c), and 546(h),

(i) confirming the grant of administrative expense status

---

[1]     Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

to obligations arising from postpetition delivery of
goods; (ii) establishing authority to pay certain expenses
in the ordinary course of business; (iii) authorizing the
Debtors to return goods to vendors under Bankruptcy Code
section 546(h); and (iv) establishing procedures for
addressing reclamation demands; and the Court having
reviewed the Motion and the Besanko Declaration; and the
Court having determined that the relief requested in the
Motion is in the best interests of the Debtors, their
estates, their creditors, and other parties in interest;
and it appearing that proper and adequate notice of the
Motion has been given and that no other or further
notice is necessary; and upon the record herein; and
after due deliberation thereon; and good and sufficient
cause appearing therefor, it is hereby

       **ORDERED, ADJUDGED, AND DECREED that:**

     1.   The Motion is GRANTED, as set forth
herein.

     2.   The Vendors shall have administrative
expense claims with priority under Bankruptcy Code
sections 503(b) and 507(a)(2) for those undisputed
obligations arising from outstanding orders relating to

shipments of Goods delivered, received, and accepted by
the Debtors after the Petition Date, subject to the
limitations imposed by any order of this Court and the
prior rights of holders of security interests in such
Goods or the proceeds of such Goods under the Debtors'
proposed debtor in possession financing agreements and
prepetition financing agreements, to the extent of such
interests.

3.    The Debtors are authorized, but not
obligated, to pay their undisputed obligations arising
from the postpetition shipment or delivery of Goods by
the Vendors under their customary practice in the
ordinary course before the commencement of these chapter
11 cases.

4.    The Debtors are authorized, but not
obligated, under Bankruptcy Code section 546(h), subject
to the limitations imposed by any orders of this Court
and the prior rights of holders of security interests in
such Goods or the proceeds of such Goods under the
Debtors' proposed debtor in possession financing
agreements and prepetition financing agreements, to the
extent of such interests, to return to Vendors Goods

that were delivered prepetition for an offset of the

purchase price of such Goods against the Vendors'

prepetition claims.

     5.   The procedures for the processing and

reconciliation of Reclamation Claims, if any, set forth

in the Motion, including the following are hereby

approved:

     (a)   Any person making a Reclamation
Demand (the "Reclamation Claimant")
must send the Reclamation Demand so
it is <u>received</u> by the Debtors no
later than the day that is twenty
(20) days following the Petition
Date or such earlier time as may be
required under Bankruptcy Code
section 546(c) to the following
addressees: Circuit City Stores,
Inc., et al., Claims Processing, c/o
Kurtzman Carson Consultants LLC, 2335
Alaska Avenue, El Segundo, CA  90245,
with separate copies to each
(i)Circuit City Stores, Inc. 9950
Mayland Drive, Richmond, Virginia
23233, Attn: Reginald D. Hedgebeth,
(ii) Circuit City Stores, Inc. 9950
Mayland Drive, Richmond, Virginia
23233, Attn: Daniel W. Ramsey,
(iii) Skadden, Arps, Slate, Meagher
& Flom LLP, 333 West Wacker Drive,
Chicago, Illinois, 60606, Attn: Sarah
Baker, Esq., and (iv) McGuireWoods
LLP, One James Center, 901 E. Cary
Street, Richmond, Virginia 23219,
Attn: Sarah B. Boehm, Esq.

     (b)   All Reclamation Demands must include
the information required by
Bankruptcy Code Section 546(c) with

respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(c)     On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount"). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

(d)     In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such goods.

6.     Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any

5

Reclamation Claimant from asserting or prosecuting any

of its rights to seek to reclaim goods provided to the

Debtors, subject to the provisions of Bankruptcy Code

sections 105, 362, and 546(c), or from filing a claim

under Bankruptcy Code section 503(b)(9) consistent with

applicable orders of this Court.

7.    Notwithstanding Bankruptcy Rule 6004(g),

this Order shall be effective and enforceable

immediately upon entry hereof.

8.    The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

9.    This Court retains jurisdiction to hear

and determine all matters arising from or related to the

implementation or interpretation of this order.

Dated:    Richmond, Virginia
          November 10, 2008


_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.

6

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.

                /s/ Douglas M. Foley