Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x

In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08- _____ (___)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered

- - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR INTERIM AND FINAL WAIVERS
OF INVESTMENT AND DEPOSIT REQUIREMENTS
PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 345**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City
        Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
        (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
        (1838), Circuit City Purchasing Company, LLC (5170), CC
        Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.

                                                          *(cont'd)*

hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105 and 345 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), waiving, on an interim and final basis, investment and deposit requirements.  In support of the Motion, the Debtors rely upon and fully incorporate herein by reference the Declaration of Bruce H. Besanko, Executive Vice President and Chief Financial Officer of Circuit City Stores, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "Besanko Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

_____
*(cont'd from previous page)*
      (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
      LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
      Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
      Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
      Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
      Circuit City Stores PR, LLC (5512).  The address for Circuit
      City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
      Westminster, Colorado 80031.  For all other Debtors, the
      address is 9950 Mayland Drive, Richmond, Virginia 23233.

Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 345.

**BACKGROUND**

3.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

5.   No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## RELIEF REQUESTED

6.   By this Motion, the Debtors seek immediate entry of an interim order waiving the investment and deposit requirements imposed by Bankruptcy Code section 345(b) and, subject to resolution of objections, if any, to the relief requested in this Motion, entry of a final order waiving the investment and deposit requirements imposed by Bankruptcy Code section 345(b).

## BASIS FOR RELIEF

7.   As described in more detail in the Debtors' cash management motion, filed concurrently herewith and fully incorporated herein by reference,[3] in the ordinary course of their businesses the Debtors

---

[3]   See Motion of the Debtors for Order Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 6003 (I) Authorizing Continued Maintenance of Existing Bank Accounts, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing Continued Use of Existing Cash Management System, and (IV) Authorizing Intercompany Transactions (the "Cash Management Motion").  Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Cash Management Motion.

maintain a highly automated and integrated centralized cash management system (the "Cash Management System") that permits them to fund their ongoing operations in the most streamlined and cost-efficient manner possible.

8.   The Debtors are able to monitor their cash position on a daily basis.  Disbursements are controlled by the Debtors' financial personnel located at the Debtors' headquarters in Richmond, Virginia.  By centralizing control over the Cash Management System, the Debtors are able to facilitate cash forecasting and reporting, monitor collection and disbursement of funds, and maintain control over the administration of various bank accounts required to effect the collection, disbursement, and movement of cash.

9.   The prepetition bank accounts maintained by the Debtors, including the accounts discussed below (collectively, the "Bank Accounts"), are identified on the list attached hereto as Exhibit A.

10.   Prior to the commencement of these chapter 11 cases, in the ordinary course of their business, the Debtors maintained throughout the country and Puerto Rico forty-five (45) bank accounts out of

which they manage cash receipts and disbursements.
Additionally, the Debtors maintain seven (7) investment
accounts (the "Investment Accounts"), which are also
identified on the list attached hereto as Exhibit B.

11.   The Debtors believe that all of the Bank
Accounts are in financially stable banking institutions
with FDIC insurance (up to an applicable limit per
Debtor per financial institution), except with respect
to the Investment Accounts, which are not subject to
FDIC insurance.[4]

12.   The vast majority of the Debtors' Bank
Accounts are "zero balance accounts."  The Debtors
believe that their use of the Bank Accounts, including
those accounts that are not "zero balance accounts"
(collectively, the "Non-ZBA Accounts"), substantially
conforms with the approved investment and deposit
practices identified in Bankruptcy Code section 345, and
that all money deposits are safe and prudent and yield,
under the circumstances, the maximum reasonable net

---

[4]   Given the Debtors' current financial condition, the Debtors
      utilize only one of the Investment Accounts.  The Remaining
      Investment Accounts remain open, but the Debtors do not currently
      hold any investments therein.

return on such money.  Nonetheless, out of an abundance of caution, to the extent that such deposits do not conform with the approved practices identified in Bankruptcy Code section 345, the Debtors seek to have such requirements waived so as to allow the applicable banking institutions to accept and hold the Debtors' funds consistent with prepetition practices.

13.  The Debtors believe that sufficient cause exists pursuant to Bankruptcy Code section 345(b) to allow them to deviate from the approved investment practices established by the Bankruptcy Code.

14.  Accordingly, the Debtors respectfully request authority (a) to continue depositing funds in a safe and prudent manner, in accordance with the Debtors' prepetition practices notwithstanding that such practices may not strictly comply in all respects with the approved investment practices set forth in Bankruptcy Code section 345, and (b) for the applicable institutions to accept and hold or invest such funds in accordance with the Debtors' prepetition practices.

**APPLICABLE AUTHORITY**

15.  Bankruptcy Code section 345 authorizes

deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).

16.  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," 11 U.S.C. § 345(b), Bankruptcy Code section 345(b) provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety, "unless the court for cause orders otherwise."  Id.

17.  Additionally, a court may relieve a debtor in possession of the restrictions of Bankruptcy Code section 345(b) on a final basis for "cause."  The Debtors believe that "cause" exists to waive the investment and deposit restrictions pursuant to Bankruptcy Code section 345(b).

18.   Courts have considered a number of
factors in seeking to determine whether "cause" exists
pursuant to Bankruptcy Code section 345(b).  See In re
Service Merch. Co., 240 B.R. 894, 896 (Bankr. M.D. Tenn.
1999) (identifying various factors relevant to the
existence of "cause", including the sophistication and
size of the debtor's business, the amounts of the
investments involved, bank ratings, the complexity of
the case, the debtor's safeguards for the funds, the
debtor's ability to reorganize in the face of failure of
one or more of the financial institutions, the benefit
to the debtor of a waiver of the section 345(b)
requirements, the potential harm to the estate, and the
reasonableness of such a waiver under the circumstances).

19.   Congress has emphasized that Bankruptcy
Code section 345's investment and deposit requirements
may be "wise in the case of a smaller debtor with
limited funds that cannot afford a risky investment to
be lost, [but such requirements] can work to needlessly
handcuff larger, more sophisticated debtors."  H.R. Rep.
103-834, 103d Cong., 2d Sess. 224 (Oct. 4, 1994); 140
Cong. Rec. H10767 (Oct. 4, 1994).  Thus, Congress added

the waiver clause in section 345(b) "to allow the courts
to approve investments other than those permitted by
section 345(b) for just cause, thereby overruling In re
Columbia Gas Sys., Inc., 33 F.3d 294, 1994 WL 463514 (3d
Cir. Del. 1994)." Id.

20.    The Debtors believe that "cause" exists
to waive the investment and deposit restrictions
pursuant to Bankruptcy Code section 345(b) to the extent
that the Debtors' cash management deposits do not comply.
As set forth above, many of the Bank Accounts are
maintained as "zero balance" or minimum balance accounts
and typically do not maintain significant fund balances
overnight.  Therefore the investment and deposit
restrictions of Bankruptcy Code section 345(b) can be
waived with respect to these accounts as not applicable.

21.    To the extent that any account is
construed to have a balance substantial enough to fall
within the ambit of the Bankruptcy Code section 345
protections, the Debtors believe that the safety
presented by the financially stable, and government
insured, banking institutions with whom the Debtors bank
constitutes sufficient cause pursuant to Bankruptcy Code

section 345(b) to allow the Debtors to deviate from
approved investment and deposit practices established by
the Bankruptcy Code.  Accordingly, the Debtors
respectfully request authority to maintain their Bank
Accounts in a safe and prudent manner in accordance with
their existing banking practices.

22.  In chapter 11 cases such as this, courts
have routinely granted requests to approve the continued
use of investment and deposit guidelines that do not
strictly comply with Bankruptcy Code section 345 but
that, as here, nevertheless are safe and prudent.  See,
e.g., In re Movie Gallery, Inc., et al., Case No. 07-
33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Rowe
Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Sept.
20, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr.
E.D. Va. Sept. 20, 2006); In re Storehouse, Inc., Case
No. 06-11144 (Bankr. E.D. Va. Sept. 20, 2006).

### NOTICE OF INTERIM ORDER

23.  Notice of this Motion will be given to:
(i) the Office of the United States Trustee for the
Eastern District of Virginia; (ii) counsel to the agent
for Debtors' postpetition lenders; (iii) counsel to the

agent for the Debtors' prepetition lenders; and (iv) the
Debtors' top fifty (50) largest unsecured creditors on a
consolidated basis.  The Debtors submit that, under the
circumstances, no other or further notice of the Motion
is required.

### WAIVER OF MEMORANDUM OF LAW

24.  Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is
set forth in the Motion, the Debtors request that the
requirement that all motions be accompanied by a
separate memorandum of law be waived.

### NO PRIOR REQUEST

25.  No previous request for the relief sought
herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request
that the Court enter an Order, substantially in the form
annexed hereto, granting the relief requested in the
Motion and such further relief as may be just and proper.

Dated: November 10, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession

**EXHIBIT A**

**(List of Bank Accounts)**

**Exhibit A**
List of Bank Accounts

| Bank | Debtor | Account Number | Purpose |
|---|---|---|---|
| American Savings Bank<br>**Attn:** Mel Yamamoto<br>677 Ala Noana Blvd.<br>Honolulu, HI  96813<br>Tel:     (808) 539-7811<br>Fax:  (808) 531-0277 | Circuit City Stores, Inc. | xxxxx6380 | Store Depository |
| AmSouth/Regions<br>**Attn:** Dawn Smith<br>1900 5th Avenue, North 23rd Floor<br>Birmingham, AL  35203<br>Tel:     (205) 264-5222<br>Fax:  (205) 307-4130 | Circuit City Stores, Inc. | xxxxx3210 | Store Depository |
| Banco Popular<br>**Attn:** Amarilis Ginnes<br>209 Ponce de Leon Ave.<br>Popular Center Building, Floor 6<br>Hato Rey, Puerto Rico  00917<br>Tel:     (787) 765-9800 (ext. 5800)<br>Fax:  (787) 756-5055 | Circuit City Stores Puerto Rico LLC | xxxxx5139<br>xxxxx5120<br>xxxxx5147 | Operating Account<br>Depository Account<br>Payroll Account |
| Bank of America<br>**Attn:** Jay Norris<br>101 South Tryon Street<br>Charlotte, NC  28255<br>Tel:     (704) 387-3035<br><br>Circuit City Global Sourcing Accounts<br>Attn: Darlene Holtz<br>201 East Washington | Circuit City Stores, Inc. | xxxxx9967<br>xxxxx3301<br>xxxxx5447<br>xxxxxxx1020<br>xxxxxxx1012 | Store Depository<br>Credit Facility Funding Account (Z-line)<br>Sky Venture Account<br>Circuit City Global Sourcing U.S. Dollar Account<br>Circuit City Global Sourcing HK Dollar Account |

| Bank | Debtor | Account Number | Purpose |
|------|--------|----------------|---------|
| Collier Center, 22nd Fl Phoenix, AZ 85004 Tel:    (602) 523-2141 Fax: (701) 388-0959 | | xxxxxxxx1038 | Circuit City Global Sourcing HK Dollar PC Account |
| | | xxxxxxxx2036 | Circuit City Global Sourcing TW Dollar Account |
| | Circuit City Stores West Coast, Inc. | xxxxxx0844 | Circuit City Datamailer (Payroll) |
| | | xxxxxx1029 | Concentration Account for Payroll Paychecks |
| | | xxxxxx1034 | Operating Account |
| | | xxxxxx7748 | Payroll Account (ZBA) |
| Chase **Attn:** Christie Donahue 50 Rowes Wharf, 4th Floor Boston, MA  02110 Tel:    (617) 310-0766 | Circuit City Stores, Inc. | xxxxx7244 | Store Depository |
| | | xxxxx0266 | Empire Blue Cross/Payment of Medical Claims |
| FifthThird Bank **Attn:** Tom Galbo 114 Anderson Farm Ct. Charlotte, NC  28117 Tel:    (704) 662-9490 Fax: (704) 892-1026 | Circuit City Stores, Inc. | xxxx6916 | Credit Card |
| Suntrust **Attn:** Donna Smith 919 East Main St., 22nd Floor Richmond, VA  23219 Tel:    (804) 782-7557 Fax: (804) 782-5566 | Circuit City Stores, Inc. | xxxxxx3706 | Concentration Account |
| | | xxxxxx6660 | E/P Disbursement |
| Wachovia **Attn:** Parshant Dhiman 301 South Tryon Street, NC 5710 Charlotte, NC 28288-0013 Tel:    (704) 383-0803 Fax: (704) 805-7171 | Circuit City Stores, Inc. | xxxxxxxxx5100 | Store Depository |
| | | xxxxxxxxx9620 | American Express Credit Card |
| | | xxxxxxxxx4767 | Corporate Jet Account |
| | | xxxxxxxxx9993 | Deposit Account |
| | | xxxxxxxxx9858 | Tourmalet Corp. - LLC Tax Payments |
| | | xxxxxxxxx9528 | Ventoux International - Holding Company Tax Payments, Intercompany Interest |
| | | xxxxxxxxx0950 | Lockbox |

2

| Bank | Debtor | Account Number | Purpose |
|------|--------|----------------|---------|
| | | xxxxxxxxx4038 | Direct Deposit Payroll Settlement |
| | | xxxxxxxxx5191 | Empire Blue Cross |
| | | xxxxxxxxx7073 | Extended Service Contract Warranty Payments |
| | | xxxxxxxxx4528 | Fifth Third Bankcard |
| | | xxxxxxxxx3099 | Fifth Third Check Collection – gift card purchases over the web with gift cards |
| | | xxxxxxxxx8908 | HFC third party financing sales commissions |
| | | xxxxxxxxx1509 | Main Concentration/Operating Account |
| | | xxxxxxxxx6031 | Music Payables |
| | | xxxxxxxxx9175 | Purchasing Co., LLC Main Operating Account |
| | | xxxxxxxxx0992 | Purchase Co., LLC Purchase EP disbursement |
| | | xxxxxxxxx1107 | Reverse Affiliates Lockbox |
| | | xxxxxxxxx1048 | Sales Receivables Lockbox |
| | | xxxxxxxxxx6044 | Service Payables |
| | | xxxxxxxxx2189 | Payments from Sublease Tenants |
| | | xxxxxxxxx9133 | Trading Circuits – internet sales of merchandise not sold in stores |
| | | xxxxxxxxx6733 | Vendor Disbursements |
| Wells Fargo **Attn:** Ryan Carlson MAC N9305-052, 6th & Marquette Minneapolis, MN 55479 Tel: (612) 667-9566 Fax: (612) 344-1001 | Circuit City Stores, Inc. | xxxxx4672 | Store Depository |

3

**EXHIBIT B**

**(List of Investment Accounts)**

**EXHIBIT B**

List of Investment Accounts

| Bank | Debtor | Account Number |
|---|---|---|
| Bank of America/CRP Securities, LLC<br><br>**Attn:** Laura Bynum<br>600 Peachtree St. NE<br>4th Floor<br>Atlanta, GA  30308<br>Tel:     (404) 607-4943<br>Fax:     (404) 607-6624 | Circuit City Stores, Inc. | xx7458 |
| Fifth Third Securities, Inc.<br><br>**Attn:** J.B. Ward<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263<br>Tel:     (513) 534-3072<br>Fax:  (513) 579-6246 | Circuit City Stores, Inc. | xxxxxx9774 |
| J.P. Morgan Securities, Inc.<br><br>**Attn:** James M. Griffin<br>270 Park Ave.<br>8th Floor<br>New York, NY  10117<br>Tel:     (212) 834-2300<br>Fax:  (212) 332-4617 | Circuit City Stores, Inc. | xx2526 |

| Bank | Debtor | Account Number |
|---|---|---|
| Merrill Lynch Global Institutional Advisory Division<br><br>**Attn:** Scott Dorsey<br>100 Jericho Quadrangle<br>P.O. Box 787<br>Jericho, NY  11753<br>Tel:     (516) 827-3283<br>Fax:     (516) 935-5330 | Circuit City Stores, Inc. | xxxx07Z07 |
| RBC Dain Rauscher<br><br>**Attn:** Paul Kitzinger<br>100 Second Ave. South<br>Suite 800<br>St. Petersburg, FL  33701<br>Tel:     (727) 502-3634 | Circuit City Stores, Inc. | xxxxxxxx1817 |
| UBS Financial Services, Inc.<br><br>**Attn:** Steven Hayden<br>33 South 6th Street<br>Suite 3737<br>Minneapolis, MN  55402<br>Tel:     (612) 371-4129<br>Fax:     (612) 371-4117 | Circuit City Stores, Inc. | xxxx3160 |

2

| Bank | Debtor | Account Number |
|---|---|---|
| Wachovia Bank & Securities<br><br>**Attn:** Eddie Tugman<br>One Wachovia Center<br>NC 0602<br>Charlotte, NC  28288<br>Tel:    (704) 374-4164<br>Fax:    (704) 374-3375 | Circuit City Stores, Inc. | xxxx9008 |

625837.05-Chicago Server 1A
MSW - Draft November 8, 2008 - 9:46 AM

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION
- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08- ()
et al.,                      :
                             :
              Debtors.       : Jointly Administered
                             :
- - - - - - - - - - - - - - x

       **INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS
     105 AND 345 WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS**

          Upon the motion (the "Motion")[1] of the Debtors

for an Order, pursuant to Bankruptcy Code sections 105

and 345, waiving investment and deposit requirements;

---

[1]    Capitalized terms used herein shall have the meanings ascribed
       to such terms in the Motion.

and the Court having reviewed the Motion and the Besanko
Declaration; and the Court having determined that the
relief requested in the Motion is in the best interests
of the Debtors, their estates, their creditors, and
other parties in interest; and it appearing that proper
and adequate notice of the Motion has been given and
that no other or further notice is necessary; and upon
the record herein; and after due deliberation thereon;
and good and sufficient cause appearing therefor, it is
hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED.

2.    The Debtors are authorized to invest and
deposit funds in accordance with the Debtors'
established investment and deposit practices and
guidelines in effect as of the commencement of these
cases (as described in the Motion) and, to the extent
that such investment and deposit practices and
guidelines are not consistent with the requirements of
Bankruptcy Code section 345(b), such requirements are
waived, for good cause shown.

3.    Notwithstanding Rule 6004 of the Federal Rules of Bankruptcy Procedure (to the extent applicable), this Order shall be effective and enforceable immediately upon entry hereof.

4.    Objections, if any, to the entry of an order approving the relief requested in the Motion on a final basis shall be filed and served on counsel to the Debtors so as to be actually received on or before _____, 2008 at 4:00 p.m. (ET).

5.    A final hearing on the Motion shall be held before this Court on _____, 2008 at __:__ _.m. (ET).

6.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

7.    This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        November ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.

                      /s/ Douglas M. Foley