Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

                - and -  

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Proposed Counsel to the Debtors  
and Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - x  
In re:                          : Chapter 11  
                                :  
CIRCUIT CITY STORES, INC.,      : Case No. 08-  
et al.,                         :  
                                :  
            Debtors.            :  
                                : Jointly Administered  
- - - - - - - - - - - - - - x  

**MOTION OF DEBTORS FOR ORDER ESTABLISHING BAR DATE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER BANKRUPTCY CODE SECTIONS 105 AND 503(b)(9) AND APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE OF THE BAR DATE PURSUANT TO BANKRUPTCY RULE 9007**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc.

hereby move for entry of an order (the "Order")

establishing a bar date (the "Section 503(b)(9) Bar Date")

for administrative expense claims asserted under 11 U.S.C.

§ 503(b)(9) (the "Section 503(b)(9) Claims"), and

approving form, manner, and sufficiency of notice of the

Section 503(b)(9) Bar Date.  In support of the Motion, the

Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief

requested herein are sections 105(a), 503(b), and 507(a)

of title 11 of the United States Code (the "Bankruptcy

---

(0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
(0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other
Debtors, the address is 9950 Mayland Drive, Richmond, Virginia
23233.

**BACKGROUND**

3.    On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

**RELIEF REQUESTED**

6.    By this Motion, the Debtors seek an order (i) establishing the Section 503(b)(9) Bar Date as the

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

date that is thirty (30) days after the service of the 503(b)(9) Bar Date Notice (as defined below), (ii) authorizing the Debtors to implement procedures for the filing of Section 503(b)(9) Claims, and (iii) approving the form, manner, and sufficiency of notice of the Section 503(b)(9) Bar Date.

## BASIS FOR RELIEF

7.    On April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act") was enacted into law.  As part of the Act, Congress enacted section 503(b)(9) of the Bankruptcy Code.  That section provides that sellers of goods may request allowance of an administrative expense claim for the value of goods received by a debtor in the ordinary course of business within 20 days of the commencement of a case.  See 11 U.S.C. § 503(b)(9).

8.    The Debtors received goods in the ordinary course of business prior to the Petition Date. Thus, the Debtors believe that the vendors and suppliers of goods that delivered goods to the Debtors during the 20 days prior to the Petition Date (the "Section

503(b)(9) Claimants") will likely seek allowance of Section 503(b)(9) Claims.

9.    Section 503(b)(9) does not set any date by which Section 503(b)(9) Claims must be asserted.  As Congress recognized, however, Section 503(b)(9) Claims potentially overlap with reclamation claims.  See, e.g., 11 U.S.C. § 546(c)(2).  Moreover, the holders of Section 503(b)(9) Claims have likely received payment on prepetition invoices and, thus, the analysis and ultimate allowance of Section 503(b)(9) Claims might implicate issues regarding the holders' application of recent payments and whether a Section 503(b)(9) Claimant was the recipient of a voidable transfer.

10.    Thus, the Debtors seek approval of the Section 503(b)(9) Bar Date and related procedures that would, among other things, permit an expeditious determination of the Section 503(b)(9) Claims.  In addition, the Debtors respectfully request that the Court approve the notice procedures set forth herein designed to apprise holders of potential Section 503(b)(9) Claims that if they fail to file a request for payment of such claims on or before the Section

503(b)(9) Bar Date, such holders will be forever barred
and estopped from asserting their 503(b)(9) Claims
against the Debtors and/or their estates.

**A.   Proposed Procedures Regarding Section 503(b)(9) Claims.**

11.  To address all Section 503(b)(9) Claims,
and avoid a race to be paid, the Debtors request that
the Court establish a date that is thirty (30) days
after the service of the Section 503(b)(9) Bar Date
Notice (as defined below) as the Section 503(b)(9) Bar
Date.  The Debtors believe that such time period is
adequate and appropriate under the circumstances
because: (i) Bankruptcy Rule 2002 only requires twenty
(20) days notice of a claims bar date; and (ii) holders
of reclamation claims are provided, by statute, only
twenty (20) days to file reclamation claims and, as
noted above, Section 503(b)(9) Claims might overlap with
reclamation claims (but also involve a shorter
prepetition "look back" period).

12.  To provide adequate notice, the Debtors
propose to serve a notice substantially in the form of
Exhibit A (the "Section 503(b)(9) Bar Date Notice"),

attached to the Order and incorporated by reference

herein, on the Debtors' vendors and suppliers of goods,

whether through actual notice (by United States first-

class mail, postage prepaid) or publication notice (in

the national edition of either <u>The New York Times</u> or <u>The</u>

<u>Wall Street Journal</u>, and in such local newspapers as the

Debtors determine appropriate).  The Debtors will serve

the Section 503(b)(9) Bar Date Notice as soon as

practicable after entry of an order approving this

Motion, but in no event later than five (5) business

days following entry of the order.  Similarly, the

Debtors will publish notice of the Section 503(b)(9) Bar

Date Notice at least ten (10) days before the Section

503(b)(9) Bar Date.

**B.    Filing Of Section 503(b)(9) Claims.**

13.  All Section 503(b)(9) Claimants seeking

payment of Section 503(b)(9) Claims from the Debtors

will be required to submit a request (a "Section

503(b)(9) Claim Request") substantially in the form of

Exhibit B attached to the Order.  For any Section

503(b)(9) Claim Request to be timely and properly filed,

a signed original of the Section 503(b)(9) Claim Request

must be delivered to the Debtors' Court-approved claims and noticing agent, Kurtzman Carson Consultants LLC, ("KCC"), at the address set forth in the Section 503(b)(9) Bar Date Notice, so as to be actually <u>received</u> by KCC no later than 5:00 p.m. (Pacific) on the Section 503(b)(9) Bar Date.

14.   The Debtors request that all Section 503(b)(9) Claimants be required to set forth in their Section 503(b)(9) Claim Request with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; (iii) the date of shipment of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (iv) the date of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (v) the place of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (vi) the method of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the

Petition Date; (vii) the name of the carrier of the
goods the Section 503(b)(9) Claimant contends the Debtor
received within twenty (20) days before the Petition
Date; and (viii) the value of the goods the Section
503(b)(9) Claimant contends the Debtor received within
twenty (20) days before the Petition Date.  The Debtors
further request that the Court require the Section
503(b)(9) Claim Request to include or attach
documentation identifying: (i) the particular invoices
supporting the Section 503(b)(9) Claim; and (ii) any
demand to reclaim goods sold to the Debtors under
Bankruptcy Code section 546(c).  Finally, any Section
503(b)(9) Claim Request must include a certification
that the goods with respect to which the Section
503(b)(9) Claim is being filed were sold in the ordinary
course of the Debtor's business.

15.  With respect to service and filing of the
Section 503(b)(9) Claim Requests, the Debtors propose
that holders of Section 503(b)(9) Claims be permitted to
submit their Section 503(b)(9) Claim Requests in person
or by courier service, hand delivery, or mail.  As is
customary in this jurisdiction, <u>facsimile, email or</u>

electronic submissions will not be accepted, and a
Section 503(b)(9) Claim Request will be deemed filed
only when actually delivered to and received by KCC.  If
a Section 503(b)(9) Claimant wishes to receive
acknowledgment of KCC's receipt of a Section 503(b)(9)
Claim Request, the holder must submit, along with the
original, an extra copy of the Section 503(b)(9) Claim
Request and a self-addressed, stamped envelope.

16.  Finally, the Debtors request that any
Section 503(b)(9) Claim Request that is not timely filed
and served so as to be actually RECEIVED on or before
the Section 503(b)(9) Bar Date in the manner set forth
herein be disallowed, and that the holder of such
Section 503(b)(9) Claim be forever barred, estopped, and
permanently enjoined from asserting such Section
503(b)(9) Claim against the Debtors or their estates,
and that such holder not be entitled to receive any
distribution in these cases on account of such Section
503(b)(9) Claim or receive further notices regarding
such Section 503(b)(9) Claim.

## APPLICABLE AUTHORITY

17.  Bankruptcy Code section 503(a) provides
that "an entity may <u>timely</u> file a request for payment of
an administrative request."  <u>See</u> 11 U.S.C. § 503(a)
(emphasis added); <u>In re Midway Airlines Corp.</u>, 406 F.3d
229, 239-40 (4th Cir. 2005) (noting than an
administrative expense claim may be tardily filed only
for cause); <u>In re Sage Richmond, L.L.C.</u>, 285 B.R. 364,
365 (Bankr. E.D. Va. 2002); <u>In re American Metallurgical
Prods. Co. v. Kirkpatrick & Lockhart</u>, 228 B.R. 146, 154
(Bankr. W.D. Pa. 1998).  Pursuant to Bankruptcy Code
section 105, this Court may issue any order "necessary
or appropriate" to carry out, among other things, the
mandate of Bankruptcy Code section 503(a).  <u>See</u> 11
U.S.C. § 105(a).  The Debtors submit that, for the
reasons set forth above, adequate cause exists to fix
the Section 503(b)(9) Bar Date as requested herein.

18.  Additionally, Bankruptcy Code sections
105 and 503 and Bankruptcy Rule 9007 together permit the
Court to approve the proposed filing procedures set
forth herein for the Section 503(b)(9) Claims (the
"Section 503(b)(9) Claims Procedures") and to approve

the form, manner, and sufficiency of notice of the
Section 503(b)(9) Bar Date and the Section 503(b)(9)
Claims Procedures.

19.   Specifically, such approval is essential
for the efficient administration of the Debtors' estates
and the Debtors' successful reorganization.   Moreover,
determining the amount and validity of Section 503(b)(9)
Claims is necessary before the Debtors can formulate a
plan of reorganization.   See 11 U.S.C. § 1129(a)(9)(A)
(requiring payment in full of claims entitled to
priority under Bankruptcy Code section 507(a)(2)); see
also In re Global Home Products, LLC, 2006 WL 3791955,
*3(Bankr. D. Del. 2006).

20.   Specifically, as noted above, under
Bankruptcy Code section 503(b)(9), a claim is accorded
administrative expense priority if such claim is for
"the value of any goods received by the debtor within 20
days before the date of commencement of a case under
this title in which the goods have been sold to the
debtor in the ordinary course of such debtor's
business."   11 U.S.C. § 503(b)(9).   Furthermore, under
Bankruptcy Code section 507(a)(2), administrative

expenses allowed under section 503(b) are granted

priority status.  11 U.S.C. § 507(a)(2).  The Debtors

therefore must pay these claims in full to confirm a

bankruptcy plan.  11 U.S.C. § 1129(a)(9)(A) (requiring

payment in full of claims entitled to priority under

Bankruptcy Code section 507(a)(2)); see also In re

Global Home Products, LLC, 2006 WL 3791955, *3(Bankr. D.

Del. 2006).

       21.  In addition, the Section 503(b)(9) Bar

Date Notice proposed by the Debtors is fair, reasonable,

and adequate.  The proposed notice period set forth

herein is commensurate with the 20-days notice required

under Bankruptcy Rule 2002(a)(7) for the time fixed for

filing proofs of claim under Bankruptcy Rule 3003(c).[3]

Moreover, all requests for administrative expense

payments must be made promptly under the Bankruptcy

Code.  11 U.S.C. § 503(a) ("An entity may timely file a

request for payment of an administrative expense, or may

---

[3]       To the extent that the proposed notice period conflicts with
       Rule 3003-1(A) of the Eastern District of Virginia Local Rules
       of Bankruptcy Practice and Procedure, which requires 90-days
       notice of the bar date for the filing of proofs of claim, the
       Debtors respectfully request a waiver with respect to such
       rule in light of the anticipated fast track of these chapter
       11 cases.

tardily file such request if permitted by the court for cause."); see also In re Midway Airlines Corp., 406 F.3d 229, 239-40(noting than an administrative expense claim may be tardily filed only for cause); In re Sage Richmond, L.L.C., 285 B.R. 364, 365 (Bankr. E.D. Va. 2002)(same).

22.   As noted above, many holders of Section 503(b)(9) Claims may also maintain reclamation rights pursuant to Bankruptcy Code section 546.  To the extent that such claimholders intend to submit reclamation demands, in accordance with Bankruptcy Code section 546(c)(1), such claimholders must make such demands within twenty (20) days of the Petition Date.  Any such reclamation demands will contain substantially the same information as is contained in the proposed Section 503(b)(9) Claim Request, so such claimholders will not be prejudiced by the time frame for filing Section 503(b)(9) Claims proposed herein.[4]  Without the procedures set forth above as well as the establishment of the Section 503(b)(9) Bar Date, in contrast, the

---

[4]      Indeed, the information required for a reclamation demand under Bankruptcy Code section 546(c) relates to the shipment of goods and invoices that predated the Petition Date by in excess of forty-five (45) days.

Debtors will be hampered in their efforts to reorganize
and may be put in a position of inadvertently paying for
such Claims or goods twice, _i.e._, once in response to
reclamation demands and once in response to
administrative claims under Bankruptcy Code section
503(b)(9).  Given the minimal prejudice to creditors
compelled to file their Section 503(b)(9) Claims on or
before the Section 503(b)(9) Bar Date, the proposed
Section 503(b)(9) Claims Procedures are fair and in the
best interests of the Debtors, their estates, and their
creditors.

23.  Accordingly, for all of the foregoing
reasons, the relief requested herein should be granted.

**NOTICE**

24.  Notice of this Motion will be given to:
(i) the Office of the United States Trustee for the
Eastern District of Virginia; (ii) counsel to the agent
for Debtors' postpetition lenders; (iii) counsel to the
agent for the Debtors' prepetition lenders; and (iv) the
Debtors' top fifty (50) largest unsecured creditors on a
consolidated basis.  The Debtors submit that, under the

**WAIVER OF MEMORANDUM OF LAW**

25.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

26.   No previous motion for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request
that the Court enter an order, substantially in the form
annexed hereto, granting the relief requested in the
Motion and such other and further relief as may be just
and proper.

Dated: November 10, 2008
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                  - and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

                  - and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession

## EXHIBIT A

**Section 503(b)(9) Bar Date Notice**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION
- - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-
et al.,                       :
                              :
                              :
            Debtors.          :
                              : Jointly Administered
- - - - - - - - - - - - - - x

**TO:  ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS
       UNDER BANKRUPTCY CODE SECTION 503(b)(9)**

          **PLEASE TAKE NOTICE THAT _____ ____, 2008 AT
5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE
DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN
ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9)
IN THE ABOVE-CAPTIONED CASES.**  All parties asserting
administrative expense claims, as defined in sections
101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code"), for the value of any goods sold in
the ordinary course of business and received by the
Debtors (as defined below) within 20 days before
November 10 (the "Petition Date") (i.e., between October

21, 2008 and November 9, 2008) must file a request for payment on such claim (a "Section 503(b)(9) Claim Request") on or before the date that is thirty (30) days from the date of service of this notice (the "Bar Date").

### PERSONS OR ENTITIES WHO MUST FILE AN ADMINISTRATIVE CLAIM REQUEST

On **DATE**, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an order (the "Section 503(b)(9) Bar Date Order") establishing the Bar Date. Bankruptcy Code section 503(a) and the Section 503(b)(9) Bar Date Order require all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) under Bankruptcy Code section 503(b)(9) against any of the Debtors listed on Exhibit 1 attached hereto, to file a Section 503(b)(9) Claim Request. Any person or entity holding a Section 503(b)(9) Claim must file a Section 503(b)(9) Claim Request on or before the Bar Date. Bankruptcy Code section 101(5) defines "Claim" to mean:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

**CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS**

Each Section 503(b)(9) Claim Request must set forth with specificity:

1.   The amount of the claim.
2.   The particular Debtor against which the claim is asserted.
3.   The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
4.   The shipment date for the Goods
5.   The date on which the claimant asserts the Debtor received the Goods.
6.   The place of delivery of the Goods.
7.   The method of delivery of the Goods.
8.   The name of the carrier of the Goods..
9.   The value of the Goods.

In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

**TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS**

To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original

Section 503(b)(9) Claim Request asserting such Section
503(b)(9) Claim, together with accompanying
documentation, by mail, hand-delivery, or overnight
courier, to Circuit City Stores, Inc., et al., Claims
Processing, in writing, c/o Kurtzman Carson Consultants
LLC, at the following address:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

Each Section 503(b)(9) Claim Request must be <u>delivered
to and received by</u> Kurtzman Carson Consultants LLC no
later than **5:00 p.m., Pacific Time,** on _____ ___, **2008**.
Any Section 503(b)(9) Claim Request may be submitted in
person or by courier service, hand delivery, or mail
addressed to Kurtzman Carson Consultants LLC at the
foregoing address.  Any Section 503(b)(9) Claim Request
submitted by facsimile, email or other electronic means
will not be accepted and will not be deemed filed until
such Section 503(b)(9) Claim Request is submitted by one
of the methods described in the foregoing sentence.  Any
Section 503(b)(9) Claim Request will be deemed filed
only when <u>actually received</u> by Kurtzman Carson
Consultants LLC.  If you wish to receive acknowledgment
of Kurtzman Carson Consultants LLC's receipt of your
Section 503(b)(9) Claim Request, you must also submit a
copy of your original Section 503(b)(9) Claim Request
and a self-addressed, stamped envelope.  **If you wish to
assert Section 503(b)(9) Claims against more than one
Debtor, you must file a separate Section 503(b)(9) Claim
Request in the case of each Debtor against which you
believe you hold such a claim.**

### CONSEQUENCES OF FAILURE TO FILE SECTION 503(b)(9) CLAIM REQUEST

**ANY PERSON OR ENTITY HOLDING A SECTION
503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9)
CLAIM REQUEST ON OR BEFORE THE BAR DATE SHALL BE FOREVER
BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9)
CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE
PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE
COURT.**

4

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed below.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.

**BY ORDER OF THE COURT.**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                                :
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-
et al.,                         :
                                :
            Debtors.            :
                                  Jointly Administered
- - - - - - - - - - - - - - - x

        **ORDER ESTABLISHING BAR DATE FOR FILING REQUESTS FOR
        PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER
     BANKRUPTCY CODE SECTIONS 105 AND 503(b)(9) AND APPROVING
      FORM, MANNER AND SUFFICIENCY OF NOTICE OF THE BAR DATE
              PURSUANT TO BANKRUPTCY RULE 9007**

          Upon the motion (the "Motion")[1] of the Debtors

for an order pursuant to Bankruptcy Code section

_____

[1]    Capitalized terms not otherwise defined herein shall have the
       meanings ascribed to such terms in the Motion.

503(b)(9)establishing a bar date and related procedures for filing of administrative expense claims and approving form, manner and sufficiency of notice of the bar date; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby y

       **ORDERED, ADJUDGED, AND DECREED that:**

    1.   The Motion is GRANTED, as set forth herein.

    2.   The form of the Section 503(b)(9) Bar Date Notice, substantially in the form attached as Exhibit A hereto, the form of the Section 503(b)(9) Request, substantially in the form attached hereto as Exhibit B, and the manner of providing notice of the

Section 503(b)(9) Bar Date proposed in the Motion are approved.

3.    The 503(b)(9) Bar Date shall be _____ ___, 2008 provided that the service and publication of the 503(b)(9) Bar Date Notice occurs by _____ ___, 2008.

4.    The Section 503(b)(9) Bar Date Notice shall be mailed to the Debtors' vendors and suppliers of goods as soon as practicable but in no event later than the day that is five (5) business days following entry of this Order.

5.    The Debtors are permitted, but not required, to publish notice of the Section 503(b)(9) Bar Date as set forth in the Motion.

6.    All persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim Request or, alternatively, a motion seeking payment of a 503(b)(9) claim (the "Section 503(b)(9) Motion"), no later than the Section 503(b)(9) Claim Bar Date.

7.    Any holder of a Section 503(b)(9) Claim that fails to file a Section 503(b)(9) Claim Request or a Section 503(b)(9) Motion by the Section 503(b)(9) Bar

Date and in accordance with the procedure set forth in

this Order is forever barred, estopped, and permanently

enjoined from asserting its Section 503(b)(9) Claim

against the Debtors, their estates, or the property of

any of them, and such holder shall not be entitled to

receive any distribution in these bankruptcy cases on

account of such Section 503(b)(9) Claim or receive

further notices regarding such Section 503(b)(9) Claim,

absent further order of this Court.

8.    The Section 503(b)(9) Claims Procedures,

which are hereby approved, include the following:

(a)    All Section 503(b)(9) Claimants
seeking payment of Claims from the
Debtors must submit a Section
503(b)(9) Claim Request, in
substantially the form attached to
the Motion as Exhibit B, or a
Section 503(b)(9) Motion, on or
before the 503(b)(9) Bar Date in
accordance with the procedures set
forth in this Order.

(b)    Each Section 503(b)(9) Claim Request
must set forth with specificity (i)
the amount of the Section 503(b)(9)
Claim, (ii) the particular Debtor
against which the Section 503(b)(9)
Claim is asserted, (iii) the date of
shipment of the goods the Section
503(b)(9) Claimant contends the
Debtor received within twenty (20)
days before the Petition Date; (iv)

the date of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (v) the place of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (vi) the method of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (vii) the name of the carrier of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; and (viii) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received within the 20 days  before the Petition Date.

(c)   Each Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoices for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

(d)   Each Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

(e)   No Section 503(b)(9) Claimants may aggregate Section 503(b)(9) Claims against multiple Debtors in a single Section 503(b)(9) Claim Request.

9.   Notwithstanding the Court's approval of
the Section 503(b)(9) Claims Procedures, the allowance
and/or payment of all Section 503(b)(9) Claims
ultimately will be determined by the Court.

10.   For any Section 503(b)(9) Claim Request
to be timely and properly filed, a signed original of
the completed Section 503(b)(9) Claim Request, together
with any and all documentation, must be filed with
Kurtzman Carson Consultants LLC, so that such Section
503(b)(9) Claim Request is delivered to and received by
Kurtzman Carson Consultants LLC no later than 5:00 p.m.
Pacific Time on the Section 503(b)(9) Bar Date.

11.   Holders of Section 503(b)(9) Claims must
submit their Section 503(b)(9) Claim Requests in person
or by courier service, hand delivery, or mail.
Facsimile, email or other electronic submissions of
Section 503(b)(9) Claim Requests will not be accepted,
and a Section 503(b)(9) Claim Request will be deemed
filed only when actually delivered to and received by
Kurtzman Carson Consultants LLC in accordance with the
procedures set forth in this Order.

12.   Any Section 503(b)(9) Claim Request or
Section 503(b)(9) Motion that is not timely filed and
served in accordance with this Order on or before the
Section 503(b)(9) Bar Date, so as to be actually
RECEIVED by the deadline and in the manner set forth
herein, shall be disallowed, and the holder of such
Section 503(b)(9) Claim shall be forever barred,
estopped, and permanently enjoined from asserting such
Section 503(b)(9) Claim against the Debtors, their
estates, or the property of any of them, and such holder
shall not be entitled to receive any distribution in
these bankruptcy cases on account of such Section
503(b)(9) Claim or receive further notices regarding
such Section 503(b)(9) Claim, absent further order of
this Court.

13.   Nothing in this Order shall be construed
to limit, or in any way affect, the Debtors' ability to
dispute any Section 503(b)(9) Claim on any ground, or to
assert offsets against or defenses to such claim, as to
amount, liability, or otherwise.

14.   Nothing contained in this Order shall be
deemed to constitute an assumption or rejection of any

executory contract or prepetition or postpetition

agreement between the Debtors and a Priority Claimant or

to require the Debtors to make any of the payments

authorized herein.

15.   Notwithstanding Bankruptcy Rule 6004(g),

this Order shall be effective and enforceable

immediately upon entry hereof.

16.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

17.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

implementation or interpretation of this Order.

 Dated:   Richmond, Virginia
          November 10, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.

/s/ Douglas M. Foley

## **EXHIBIT A**

**Section 503(b)(9) Bar Date Notice**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-
et al.,                      :
                             :
                             :
          Debtors.           :
                             : Jointly Administered
- - - - - - - - - - - - - - x

**TO:   ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS
        UNDER BANKRUPTCY CODE SECTION 503(b)(9)**

          **PLEASE TAKE NOTICE THAT _____ ___, 2008 AT
5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE
DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN
ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9)
IN THE ABOVE-CAPTIONED CASES.** All parties asserting
administrative expense claims, as defined in sections
101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code"), for the value of any goods sold in
the ordinary course of business and received by the
Debtors (as defined below) within 20 days before
November 10 (the "Petition Date") (i.e., between October

21, 2008 and November 9, 2008) must file a request for
payment on such claim (a "Section 503(b)(9) Claim
Request") on or before the date that is thirty (30) days
from the date of service of this notice (the "Bar
Date").

### PERSONS OR ENTITIES WHO MUST FILE AN ADMINISTRATIVE CLAIM REQUEST

On **DATE**, the United States Bankruptcy Court
for the Eastern District of Virginia (the "Court")
approved an order (the "Section 503(b)(9) Bar Date
Order") establishing the Bar Date.  Bankruptcy Code
section 503(a) and the Section 503(b)(9) Bar Date Order
require all persons and entities, including, without
limitation, individuals, partnerships, corporations,
estates, trusts, indenture trustees, unions and
governmental units that assert a Claim (as defined in
section 101(5) of the Bankruptcy Code) under Bankruptcy
Code section 503(b)(9) against any of the Debtors listed
on Exhibit 1 attached hereto, to file a Section
503(b)(9) Claim Request.  Any person or entity holding a
Section 503(b)(9) Claim must file a Section 503(b)(9)
Claim Request on or before the Bar Date.  Bankruptcy
Code section 101(5) defines "Claim" to mean:

> (A) right to payment, whether or not such
> right is reduced to judgment, liquidated,
> unliquidated, fixed, contingent, matured,
> unmatured, disputed, undisputed, legal,
> equitable, secured, or unsecured; or

> (B)  right to an equitable remedy for breach
> of performance if such breach gives rise to a
> right to payment, whether or not such right to
> an equitable remedy is reduced to judgment,
> fixed, contingent, matured, unmatured,
> disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

2

## CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS

Each Section 503(b)(9) Claim Request must set forth with specificity:

1.   The amount of the claim.
2.   The particular Debtor against which the claim is asserted.
3.   The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
4.   The shipment date for the Goods
5.   The date on which the claimant asserts the Debtor received the Goods.
6.   The place of delivery of the Goods.
7.   The method of delivery of the Goods.
8.   The name of the carrier of the Goods..
9.   The value of the Goods.

In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

## TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS

To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original

Section 503(b)(9) Claim Request asserting such Section
503(b)(9) Claim, together with accompanying
documentation, by mail, hand-delivery, or overnight
courier, to Circuit City Stores, Inc., et al., Claims
Processing, in writing, c/o Kurtzman Carson Consultants
LLC, at the following address:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

Each Section 503(b)(9) Claim Request must be <u>delivered
to and received by</u> Kurtzman Carson Consultants LLC no
later than **5:00 p.m., Pacific Time**, on _____ ___, **2008**.
Any Section 503(b)(9) Claim Request may be submitted in
person or by courier service, hand delivery, or mail
addressed to Kurtzman Carson Consultants LLC at the
foregoing address.  Any Section 503(b)(9) Claim Request
submitted by facsimile, email or other electronic means
will not be accepted and will not be deemed filed until
such Section 503(b)(9) Claim Request is submitted by one
of the methods described in the foregoing sentence.  Any
Section 503(b)(9) Claim Request will be deemed filed
only when <u>actually received</u> by Kurtzman Carson
Consultants LLC.  If you wish to receive acknowledgment
of Kurtzman Carson Consultants LLC's receipt of your
Section 503(b)(9) Claim Request, you must also submit a
copy of your original Section 503(b)(9) Claim Request
and a self-addressed, stamped envelope.  **If you wish to
assert Section 503(b)(9) Claims against more than one
Debtor, you must file a separate Section 503(b)(9) Claim
Request in the case of each Debtor against which you
believe you hold such a claim.**

### CONSEQUENCES OF FAILURE TO FILE SECTION 503(b)(9) CLAIM REQUEST

**ANY PERSON OR ENTITY HOLDING A SECTION
503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9)
CLAIM REQUEST ON OR BEFORE THE BAR DATE SHALL BE FOREVER
BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9)
CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE
PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE
COURT.**

**ADDITIONAL INFORMATION**

       If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed below.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.

**BY ORDER OF THE COURT.**

## **EXHIBIT B**

**Section 503(b)(9) Claim Request**

## Section 503(b)(9) Claim Request Form

| | |
|---|---|
| Circuit City Stores, Inc., et al., Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., *et al.*<br>**[Case Nos. 08-  through 08-]**<br>Chapter 11 Jointly Administered |

**NOTE:   Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see dock.  no.[____]), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon  Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245 by [DATE] 2008, the Bar Date for Section 503(b)(9) claims in the above-referenced cases.  The form may be submitted in person or by regular mail, overnight mail, or hand delivery.  Facsimile, email or electronic submissions will not be accepted.  Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.**

| Name and Address of Creditor: *(The person or other entity to whom the debtor owes money or property)*<br><br><br><br>Telephone: _____<br>Fax: _____<br><br>**Name and address where notices should be sent  (if different from above)**<br><br><br><br>Telephone: _____<br>Fax: _____ | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s))<br><br>☐ Check box if you have transferred the rights of your claim to any third party.  If so please list name of transferee:<br>_____<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case. | Debtor against which claim is asserted :   (Check one box below:)<br><br>☐ **Circuit City Stores, Inc. (Tax I.D. No. 54-0493875)**<br>☐ **Abbott Advertising, Inc. (Tax I.D. No. 54-1624659)**<br>☐ **Circuit City Stores West Coast, Inc. (Tax I.D. No. 95-4460785)**<br>☐ **CC Distribution Company of Virginia, Inc. (Tax I.D. No. 54-1712821)**<br>☐ **Circuit City Properties, LLC (Tax I.D. No. 54-0793353)**<br>☐ **Patapsco Designs, Inc. (Tax I.D. No. 52-1086796)**<br>☐ **Ventoux International, Inc. (Tax I.D. No. 20-1071838)**<br>☐ **Sky Venture Corporation (Tax I.D. No. 54-1760311)**<br>☐ **Prahs, Inc. (n/a)**<br>☐ **XS Stuff, LLC (Tax I.D. No. 54-2029263)**<br>☐ **Kinzer Technology, LLC (Tax I.D. No. 54-2022157)**<br>☐ **Circuit City Purchasing Company, LLC (Tax I.D. No. 20-0995170)**<br>☐ **Orbyx Electronics, LLC (Tax I.D. No. 20-1203360)**<br>☐ **InterTAN, Inc. (Tax I.D. No. 75-2130875)**<br>☐ **CC Aviation, LLC (Tax I.D. No. 20-5290841)**<br>☐ **Courchevel, LLC (n/a)**<br>☐ **Circuit City Stores PR, LLC (Tax I.D. No. 66-0695512)**<br>☐ **Mayland MN, LLC (Tax I.D. No. 20-0896116)** |

| | |
|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: _____ | Check here if this claim  ☐ replaces<br>☐ amends   a previously filed claim, dated: _____ |

**1. BASIS FOR CLAIM:**  Goods received by the Debtor  within 20 days before  the date of commencement of the case.  Value of Goods: $_____.

**2. DATE OF SHIPMENT:** _____  **METHOD OF SHIPMENT:** _____  **DATE OF RECEIPT:** _____

**NAME OF CARRIER:** _____  **PLACE OF DELIVERY:** _____

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM: $_____**

☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim.  Attach itemized statement of all additional charges.

4. **BRIEF DESCRIPTION OF CLAIM:** _____

   Describe goods sold: _____ *Attach support for your claim.*

| | |
|---|---|
| 5.   **CREDITS AND SETOFFS**: The amount of all payments on this claim has been credited and deducted for the purpose of making this claim.  In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br><br>6.   **SUPPORTING DOCUMENTS**: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts.  DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.   Attachments must be printed on 8-1/2" by 11" paper.<br><br>7.   **DATE-STAMPED COPY**: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim request form. | **FOR COURT USE ONLY** |

8.   **ORDINARY COURSE CERTIFICATION**: By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required by 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| | |

**INSTRUCTIONS FOR FILING SECTION 503(b)(9) CLAIM REQUEST FORM**

*The instructions and definitions below are general explanations of the law.  In particular types of cases or circumstances, there may be exceptions to the general rules.*

## – DEFINITIONS –

*Debtor:*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Section 503(b)(9) Claim:*
Any claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code.  Specifically, Section 503(b)(9) Claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

*Section 503(b)(9) Bar Date:*
By Order of the United States Bankruptcy Court for the Eastern District of Virginia, all requests for allowance of a Section 503(b)(9) Claim must be filed so as to be received at the address set forth below no later than 5:00 p.m., Prevailing Pacific Time on **[Date]**, 2008.

1. Please read this Section 503(b)(9) Claim Request Form carefully and fill it in completely and accurately.

2. Print legibly.  Your claim may be disallowed if it cannot be read and understood.

3. This Section 503(b)(9) Claim Request Form must be completed in English.  The amount of any Section 503(b)(9) Claim must be denominated in United States currency.

4. Attach additional pages on 8-1/2 x 11" paper if more space is required to complete this Section 503(b)(9) Claim Request Form.

5. This form should only be used by a claimant asserting a Section 503(b)(9) claim.  It should not be used for claims arising on or prior to*[DATE]*, 2008 or on or after *[DATE]*, 2008, and should not be used for any claims that are not entitled to priority in accordance with 11 U.S.C. § 503(b)(9).

6. This Section 503(b)(9) Claim Request Form should be sent by regular mail, overnight mail, or hand delivery to the following address:

   **Circuit City Stores, Inc., et al., Claims Processing**
   **c/o Kurtzman Carson Consultants LLC**
   **2335 Alaska Avenue, El Segundo, CA  90245**
   **(888) 830-4650**

   Please note that Kurtzman Carson Consultants LLC is **not** permitted to accept proofs of claim, including any Section 503(b)(9) Claim Request Form, by facsimile, telecopy or other electronic submission, including electronic mail.

7. To receive an acknowledgment of the filing of your claim from Kurtzman Carson Consultants LLC, enclose a stamped, self-addressed envelope and copy of this Section 503(b)(9) Claim Request Form.

8. **ANY DOCUMENTS RELIED UPON BY ANY 503(b)(9) CLAIMANT TO SUPPORT ITS SECTION 503(b)(9) CLAIM, INCLUDING ALL DOCUMENTS THAT PURPORT TO ESTABLISH THAT THE "GOODS" WITHIN THE 20 DAY PERIOD BEFORE NOVEMBER 10 , 2008, THE "VALUE" OF SUCH GOODS AND THAT SUCH GOODS WERE "SOLD TO THE DEBTOR IN THE ORDINARY COURSE OF THE DEBTOR'S BUSINESS", SHOULD BE ANNEXED TO THIS SECTION 503(b)(9) CLAIM REQUEST FORM.**

9. **To be considered timely filed, this Section 503(b)(9) Claim Request Form must be actually received by Kurtzman Carson Consultants LLC, by 5:00 p.m. (Prevailing Pacific Time) on [*DATE*], 2008 and should include appropriate documents/materials establishing the claimants entitlement to an allowed Section 503(b)(9) Claim and the amount of the asserted claim.**

## EXHIBIT 1

**Debtors and Debtors in Possession**

Circuit City Stores, Inc.
Circuit City Stores West Coast, Inc.
InterTAN, Inc.
Ventoux International, Inc.
Circuit City Purchasing Company, LLC
CC Aviation, Inc.
CC Distribution Company of Virginia, Inc.
Circuit City Properties, LLC
Kinzer Technology
Abbott Advertising Agency, Inc.
Patapsco Designs, Inc.
Sky Venture Corporation
Prahs, Inc.
XS Stuff, LLC
Mayland MN, LLC
Courchevel, LLC
Orbyx Electronics, LLC
Circuit City Stores PR, LLC