Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - - x
                                 :
In re:                           :   Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :   Case No. 08- _____ (___)
et al.,                          :
                                 :
           Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, 507(a), 541, 1107(a) AND 1108 AND BANKRUPTCY RULE 6003 AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 363, 507(a)(4), 507(a)(5), 541, 1107(a) and 1108 and Bankruptcy Rule 6003, (a) authorizing, but not directing, the Debtors, <u>inter alia</u>, to pay prepetition wages, salaries, bonuses, reimbursements, and other compensation; (b) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course; and (c) directing all banks to honor prepetition checks for payment of prepetition employee obligations; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. The Debtors shall be and hereby are authorized to pay (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Prepetition Employee Obligations as and when such obligations are due.

3. The Debtors shall be and hereby are authorized, in their sole discretion, to honor and continue the Employee Expense Obligations and Employee Benefit Obligations that were in effect as of the Petition Date.

4. The Debtors shall be and hereby are authorized, in their sole discretion, to pay the payroll processing fees owed to Hewitt Associates LLP as and when such fees are due.

5. The Debtors shall be and hereby are authorized, but not directed, to pay American Express all amounts due under the terms of the Corporate Card

Account Agreement as and when such obligations are due, and irrespective of whether those employees who have incurred the expense on the Debtors' behalf are still employed by the Debtors upon entry of this Order.

6. American Express is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

7. The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Prepetition Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations.

8. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any

prepetition checks or fund transfer requests that may be dishonored or rejected.

        9.    The Debtors may pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, health care payments, retirement fund withholding and other types of withholding, whether these relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.  Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

        10.    The relief provided in this Order with respect to payments to WARN Employees is being granted on an interim basis, and to the extent no objection is filed within fifteen (15) days of the date of entry of this Order, such relief shall automatically become final and non-appealable without further order of this Court.

        11.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under Bankruptcy Code section 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from Bankruptcy Code section 365, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

13. Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a

memorandum of law in connection with the Motion is hereby waived.

      16.   This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        November 10, 2008

                                  UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley

7

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

                                        /s/ Douglas M. Foley