Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION
- - - - - - - - - - - - - - - x
                              :
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653-KRH
et al.,                       :
                              :
            Debtors.          :
                                 Jointly Administered
- - - - - - - - - - - - - - - x

        **ORDER ESTABLISHING BAR DATE FOR FILING REQUESTS FOR
        PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS UNDER
     BANKRUPTCY CODE SECTIONS 105 AND 503(b)(9) AND APPROVING
      FORM, MANNER AND SUFFICIENCY OF NOTICE OF THE BAR DATE
              PURSUANT TO BANKRUPTCY RULE 9007**

          Upon the motion (the "Motion")[1] of the Debtors

for an order pursuant to Bankruptcy Code section

_____

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Motion.

503(b)(9)establishing a bar date and related procedures for filing of administrative expense claims and approving form, manner and sufficiency of notice of the bar date; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED, as set forth herein.

2.    The form of the Section 503(b)(9) Bar Date Notice, substantially in the form attached as Exhibit A hereto, the form of the Section 503(b)(9) Request, substantially in the form attached hereto as Exhibit B, and the manner of providing notice of the

Section 503(b)(9) Bar Date proposed in the Motion are approved.

3.    The 503(b)(9) Bar Date shall be December 19, 2008 (the "Section 503(b)(9) Claim Bar Date"), provided that the service and publication of the 503(b)(9) Bar Date Notice occurs by November 19, 2008.

4.    The Section 503(b)(9) Bar Date Notice shall be mailed by first class mail, postage prepaid to the Debtors' vendors and suppliers of goods as soon as practicable but in no event later than the day that is five (5) business days following entry of this Order.

5.    The Debtors are permitted, but not required, to publish notice of the Section 503(b)(9) Bar Date as set forth in the Motion.

6.    All persons or entities holding a Section 503(b)(9) Claim against the Debtors are required to file a Section 503(b)(9) Claim Request or, alternatively, a motion seeking payment of a 503(b)(9) claim (the "Section 503(b)(9) Motion"), no later than the Section 503(b)(9) Claim Bar Date.

7.    Any holder of a Section 503(b)(9) Claim that fails to file a Section 503(b)(9) Claim Request or

a Section 503(b)(9) Motion by the Section 503(b)(9) Bar

Date and in accordance with the procedure set forth in

this Order is forever barred, estopped, and permanently

enjoined from asserting its Section 503(b)(9) Claim

against the Debtors, their estates, or the property of

any of them, and such holder shall not be entitled to

receive any distribution in these bankruptcy cases on

account of such Section 503(b)(9) Claim or receive

further notices regarding such Section 503(b)(9) Claim,

absent further order of this Court.

      8.   The Section 503(b)(9) Claims Procedures,

which are hereby approved, include the following:

      (a)   All Section 503(b)(9) Claimants
seeking payment of Claims from the
Debtors must submit a Section
503(b)(9) Claim Request, in
substantially the form attached to
the Motion as Exhibit B, or a
Section 503(b)(9) Motion, on or
before the 503(b)(9) Bar Date in
accordance with the procedures set
forth in this Order.

      (b)   Each Section 503(b)(9) Claim Request
must set forth with specificity (i)
the amount of the Section 503(b)(9)
Claim, (ii) the particular Debtor
against which the Section 503(b)(9)
Claim is asserted, (iii) the date of
shipment of the goods the Section
503(b)(9) Claimant contends the

Debtor received within twenty (20) days before the Petition Date; (iv) the date of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (v) the place of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (vi) the method of delivery of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; (vii) the name of the carrier of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date; and (viii) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received within the 20 days  before the Petition Date.

(c)   Each Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoices for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

(d)   Each Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

(e)   No Section 503(b)(9) Claimants may aggregate Section 503(b)(9) Claims

against multiple Debtors in a single
Section 503(b)(9) Claim Request.

9.    Notwithstanding the Court's approval of
the Section 503(b)(9) Claims Procedures, the allowance
and/or payment of all Section 503(b)(9) Claims
ultimately will be determined by the Court.

10.    For any Section 503(b)(9) Claim Request
to be timely and properly filed, a signed original of
the completed Section 503(b)(9) Claim Request, together
with any and all documentation, must be filed with
Kurtzman Carson Consultants LLC, so that such Section
503(b)(9) Claim Request is delivered to and received by
Kurtzman Carson Consultants LLC no later than 5:00 p.m.
Pacific Time on the Section 503(b)(9) Bar Date.

11.    Holders of Section 503(b)(9) Claims must
submit their Section 503(b)(9) Claim Requests in person
or by courier service, hand delivery, or mail.
Facsimile, email or other electronic submissions of
Section 503(b)(9) Claim Requests will not be accepted,
and a Section 503(b)(9) Claim Request will be deemed
filed only when actually delivered to and received by

Kurtzman Carson Consultants LLC in accordance with the procedures set forth in this Order.

12.   Any Section 503(b)(9) Claim Request or Section 503(b)(9) Motion that is not timely filed and served in accordance with this Order on or before the Section 503(b)(9) Bar Date, so as to be actually RECEIVED by the deadline and in the manner set forth herein, shall be disallowed, and the holder of such Section 503(b)(9) Claim shall be forever barred, estopped, and permanently enjoined from asserting such Section 503(b)(9) Claim against the Debtors, their estates, or the property of any of them, and such holder shall not be entitled to receive any distribution in these bankruptcy cases on account of such Section 503(b)(9) Claim or receive further notices regarding such Section 503(b)(9) Claim, absent further order of this Court.

13.   Nothing in this Order shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Section 503(b)(9) Claim on any ground, or to assert offsets against or defenses to such claim, as to amount, liability, or otherwise.

14.   Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtors and a Priority Claimant or to require the Debtors to make any of the payments authorized herein.

15.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

16.   This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          November __, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent
to seek entry of the foregoing proposed order was
provided to the parties identified in the Motion and
copy of this proposed order was provided to the Office
of the United States Trustee for the Eastern District of
Virginia prior to submission to this Court.

                             /s/ Douglas M. Foley

**<u>EXHIBIT A</u>**

**Section 503(b)(9) Bar Date Notice**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-
et al.,                         :
                                :
                                :
            Debtors.            :
                                : Jointly Administered
- - - - - - - - - - - - - - x

**TO:  ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS
      UNDER BANKRUPTCY CODE SECTION 503(b)(9)**

**PLEASE TAKE NOTICE THAT _____ ____, 2008 AT
5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE
DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN
ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9)
IN THE ABOVE-CAPTIONED CASES.**  All parties asserting
administrative expense claims, as defined in sections
101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code"), for the value of any goods sold in
the ordinary course of business and received by the
Debtors (as defined below) within 20 days before
November 10 (the "Petition Date") (i.e., between October

21, 2008 and November 9, 2008) must file a request for
payment on such claim (a "Section 503(b)(9) Claim
Request") on or before the date that is thirty (30) days
from the date of service of this notice (the "Bar
Date").

## PERSONS OR ENTITIES WHO MUST FILE AN ADMINISTRATIVE CLAIM REQUEST

On **DATE**, the United States Bankruptcy Court
for the Eastern District of Virginia (the "Court")
approved an order (the "Section 503(b)(9) Bar Date
Order") establishing the Bar Date.  Bankruptcy Code
section 503(a) and the Section 503(b)(9) Bar Date Order
require all persons and entities, including, without
limitation, individuals, partnerships, corporations,
estates, trusts, indenture trustees, unions and
governmental units that assert a Claim (as defined in
section 101(5) of the Bankruptcy Code) under Bankruptcy
Code section 503(b)(9) against any of the Debtors[1] listed
on Exhibit 1 attached hereto, to file a Section
503(b)(9) Claim Request.  Any person or entity holding a
Section 503(b)(9) Claim must file a Section 503(b)(9)
Claim Request on or before the Bar Date.  Bankruptcy
Code section 101(5) defines "Claim" to mean:

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City
        Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
        (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
        (1838), Circuit City Purchasing Company, LLC (5170), CC
        Aviation, LLC (0841), CC Distribution Company of Virginia,
        Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
        Technology, LLC (2157), Abbott Advertising Agency, Inc.
        (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
        (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
        (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360),
        and Circuit City Stores PR, LLC (5512).  The address for
        Circuit City Stores West Coast, Inc. is 9250 Sheridan
        Boulevard, Westminster, Colorado 80031.  For all other
        Debtors, the address is 9950 Mayland Drive, Richmond, Virginia
        23233.

(A) right to payment, whether or not such
right is reduced to judgment, liquidated,
unliquidated, fixed, contingent, matured,
unmatured, disputed, undisputed, legal,
equitable, secured, or unsecured; or

(B)  right to an equitable remedy for breach
of performance if such breach gives rise to a
right to payment, whether or not such right to
an equitable remedy is reduced to judgment,
fixed, contingent, matured, unmatured,
disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

### CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS

Each Section 503(b)(9) Claim Request must set
forth with specificity:

1.   The amount of the claim.
2.   The particular Debtor against which the
     claim is asserted.
3.   The type(s) of goods the claimant asserts
     were received by the Debtor within 20
     days before the Petition Date ("the
     Goods").
4.   The shipment date for the Goods
5.   The date on which the claimant asserts
     the Debtor received the Goods.
6.   The place of delivery of the Goods.
7.   The method of delivery of the Goods.
8.   The name of the carrier of the Goods..
9.   The value of the Goods.

In addition, the Section 503(b)(9) Claim
Request must include or attach documentation
identifying: (i) the particular invoice(s) for which any
such Section 503(b)(9) Claim is being asserted; and
(ii) any demand to reclaim goods sold to the Debtors
under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

### TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS

To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original Section 503(b)(9) Claim Request asserting such Section 503(b)(9) Claim, together with accompanying documentation, by mail, hand-delivery, or overnight courier, to Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, at the following address:

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Each Section 503(b)(9) Claim Request must be delivered to and received by Kurtzman Carson Consultants LLC no later than **5:00 p.m., Pacific Time, on** _____ \_\_\_**, 2008**. Any Section 503(b)(9) Claim Request may be submitted in person or by courier service, hand delivery, or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address.  Any Section 503(b)(9) Claim Request submitted by facsimile, email or other electronic means will not be accepted and will not be deemed filed until such Section 503(b)(9) Claim Request is submitted by one of the methods described in the foregoing sentence.  Any Section 503(b)(9) Claim Request will be deemed filed only when actually received by Kurtzman Carson Consultants LLC.  If you wish to receive acknowledgment of Kurtzman Carson Consultants LLC's receipt of your Section 503(b)(9) Claim Request, you must also submit a

copy of your original Section 503(b)(9) Claim Request
and a self-addressed, stamped envelope.  **If you wish to
assert Section 503(b)(9) Claims against more than one
Debtor, you must file a separate Section 503(b)(9) Claim
Request in the case of each Debtor against which you
believe you hold such a claim.**

### CONSEQUENCES OF FAILURE TO FILE SECTION 503(b)(9) CLAIM REQUEST

**ANY PERSON OR ENTITY HOLDING A SECTION
503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9)
CLAIM REQUEST ON OR BEFORE THE BAR DATE SHALL BE FOREVER
BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9)
CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE
PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE
COURT.**

### ADDITIONAL INFORMATION

If you require additional information
regarding the filing of a Section 503(b)(9) Claim
Request, you may contact counsel for the Debtors in
writing at the addresses listed below.  The claims
registers for the Debtors will be available at the
office of Kurtzman Carson Consultants LLC between 9:00
a.m. and 5:00 p.m., Pacific time, if there are questions
concerning the filing or processing of a Section
503(b)(9) Claim Request.

**BY ORDER OF THE COURT.**

## <u>EXHIBIT 1</u>

**Debtors and Debtors in Possession**

Circuit City Stores, Inc.
Circuit City Stores West Coast, Inc.
InterTAN, Inc.
Ventoux International, Inc.
Circuit City Purchasing Company, LLC
CC Aviation, Inc.
CC Distribution Company of Virginia, Inc.
Circuit City Properties, LLC
Kinzer Technology
Abbott Advertising Agency, Inc.
Patapsco Designs, Inc.
Sky Venture Corporation
Prahs, Inc.
XS Stuff, LLC
Mayland MN, LLC
Courchevel, LLC
Orbyx Electronics, LLC
Circuit City Stores PR, LLC

## **EXHIBIT B**

**Section 503(b)(9) Claim Request**

## Section 503(b)(9) Claim Request Form

| | |
|---|---|
| Circuit City Stores, Inc., et al., Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., *et al.*<br>**[Case Nos. 08- through 08-]**<br>Chapter 11 Jointly Administered |

**NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see dock. no.[____]), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 by [DATE] 2008, the Bar Date for Section 503(b)(9) claims in the above-referenced cases. The form may be submitted in person or by regular mail, overnight mail, or hand delivery. Facsimile, email or electronic submissions will not be accepted. Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.

| Name and Address of Creditor: *(The person or other entity to whom the debtor owes money or property)* | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s)) | Debtor against which claim is asserted : (Check one box below:)<br><br>☐ **Circuit City Stores, Inc.** (Tax I.D. No. 54-0493875)<br>☐ **Abbott Advertising, Inc.** (Tax I.D. No. 54-1624659)<br>☐ **Circuit City Stores West Coast, Inc.** (Tax I.D. No. 95-4460785)<br>☐ **CC Distribution Company of Virginia, Inc.** (Tax I.D. No. 54-1712821)<br>☐ **Circuit City Properties, LLC** (Tax I.D. No. 54-0793353)<br>☐ **Patapsco Designs, Inc.** (Tax I.D. No. 52-1086796) |
| Telephone: _____<br>Fax: _____ | | ☐ **Ventoux International, Inc.** (Tax I.D. No. 20-1071838)<br>☐ **Sky Venture Corporation** (Tax I.D. No. 54-1760311)<br>☐ **Prahs, Inc.** (n/a) |
| **Name and address where notices should be sent (if different from above)** | ☐ Check box if you have transferred the rights of your claim to any third party. If so please list name of transferee:<br>_____<br><br>☐ Check box if you never received any notices from the bankruptcy court in this case. | ☐ **XS Stuff, LLC** (Tax I.D. No. 54-2029263)<br>☐ **Kinzer Technology, LLC** (Tax I.D. No. 54-2022157)<br>☐ **Circuit City Purchasing Company, LLC** (Tax I.D. No. 20-0995170)<br>☐ **Orbyx Electronics, LLC** (Tax I.D. No. 20-1203360)<br>☐ **InterTAN, Inc.** (Tax I.D. No. 75-2130875)<br>☐ **CC Aviation, LLC** (Tax I.D. No. 20-5290841)<br>☐ **Courchevel, LLC** (n/a) |
| Telephone: _____<br>Fax: _____ | | ☐ **Circuit City Stores PR, LLC** (Tax I.D. No. 66-0695512)<br>☐ **Mayland MN, LLC** (Tax I.D. No. 20-0896116) |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: _____ | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ |
|---|---|

**1. BASIS FOR CLAIM:** Goods received by the Debtor within 20 days before the date of commencement of the case. Value of Goods: $_____.

**2. DATE OF SHIPMENT:** _____ **METHOD OF SHIPMENT:** _____ **DATE OF RECEIPT:**_____

**NAME OF CARRIER:** _____ **PLACE OF DELIVERY:** _____

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM: $**_____

☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**4. BRIEF DESCRIPTION OF CLAIM:** _____

Describe goods sold: _____ *Attach support for your claim.*

| | |
|---|---|
| **5. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br><br>**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Attachments must be printed on 8-1/2″ by 11″ paper.<br><br>**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim request form. | **FOR COURT USE ONLY** |

**8. ORDINARY COURSE CERTIFICATION:** By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required by 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

**INSTRUCTIONS FOR FILING SECTION 503(b)(9) CLAIM REQUEST FORM**

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to the general rules.*

## – DEFINITIONS –

**Debtor:**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Section 503(b)(9) Claim:**
Any claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code. Specifically, Section 503(b)(9) Claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

**Section 503(b)(9) Bar Date:**
By Order of the United States Bankruptcy Court for the Eastern District of Virginia, all requests for allowance of a Section 503(b)(9) Claim must be filed so as to be received at the address set forth below no later than 5:00 p.m., Prevailing Pacific Time on **[Date]**, 2008.

1. Please read this Section 503(b)(9) Claim Request Form carefully and fill it in completely and accurately.

2. Print legibly. Your claim may be disallowed if it cannot be read and understood.

3. This Section 503(b)(9) Claim Request Form must be completed in English. The amount of any Section 503(b)(9) Claim must be denominated in United States currency.

4. Attach additional pages on 8-1/2 x 11" paper if more space is required to complete this Section 503(b)(9) Claim Request Form.

5. This form should only be used by a claimant asserting a Section 503(b)(9) claim. It should not be used for claims arising on or prior to *[DATE]*, 2008 or on or after *[DATE]*, 2008, and should not be used for any claims that are not entitled to priority in accordance with 11 U.S.C. § 503(b)(9).

6. This Section 503(b)(9) Claim Request Form should be sent by regular mail, overnight mail, or hand delivery to the following address:

    **Circuit City Stores, Inc., et al., Claims Processing**
    **c/o Kurtzman Carson Consultants LLC**
    **2335 Alaska Avenue, El Segundo, CA 90245**
    **(888) 830-4650**

    Please note that Kurtzman Carson Consultants LLC is **not** permitted to accept proofs of claim, including any Section 503(b)(9) Claim Request Form, by facsimile, telecopy or other electronic submission, including electronic mail.

7. To receive an acknowledgment of the filing of your claim from Kurtzman Carson Consultants LLC, enclose a stamped, self-addressed envelope and copy of this Section 503(b)(9) Claim Request Form.

8. **ANY DOCUMENTS RELIED UPON BY ANY 503(b)(9) CLAIMANT TO SUPPORT ITS SECTION 503(b)(9) CLAIM, INCLUDING ALL DOCUMENTS THAT PURPORT TO ESTABLISH THAT THE "GOODS" WITHIN THE 20 DAY PERIOD BEFORE NOVEMBER 10 , 2008, THE "VALUE" OF SUCH GOODS AND THAT SUCH GOODS WERE "SOLD TO THE DEBTOR IN THE ORDINARY COURSE OF THE DEBTOR'S BUSINESS", SHOULD BE ANNEXED TO THIS SECTION 503(b)(9) CLAIM REQUEST FORM.**

9. **To be considered timely filed, this Section 503(b)(9) Claim Request Form must be actually received by Kurtzman Carson Consultants LLC, by 5:00 p.m. (Prevailing Pacific Time) on *[DATE]*, 2008 and should include appropriate documents/materials establishing the claimants entitlement to an allowed Section 503(b)(9) Claim and the amount of the asserted claim.**