Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

           - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                 :   Chapter 11
In re:                           :
                                 :   Case No. 08-35653-KRH
CIRCUIT CITY STORES, INC.,       :
et al.,                          :   Jointly Administered
                                 :
           Debtors.              :
- - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363, 364, 1107, AND 1108, AND BANKRUPTCY RULE 6003 (I) AUTHORIZING DEBTORS TO MAINTAIN INSURANCE POLICIES, PAY INSURANCE OBLIGATIONS, AND RENEW INSURANCE POLICIES; (II) AUTHORIZING INTERCOMPANY TRANSACTIONS; AND (III) GRANTING SUPERPRIORITY CLAIM STATUS TO POSTPETITION INTERCOMPANY CLAIMS**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105,

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

363, 364, 1107, and 1108, and Bankruptcy Rule 6003 (i) authorizing, but not directing, the Debtors to maintain their existing insurance policies, pay all insurance obligations arising thereunder or in connection therewith, and to renew existing insurance policies, or enter into new insurance arrangements, as may be required as the annual terms of existing arrangements expire; (ii) authorizing, but not directing, intercompany transactions; and (iii) granting superpriority claim status to all postpetition intercompany claims; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

        **ORDERED, ADJUDGED, AND DECREED that:**

    1.    The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to continue their Insurance Policies, and to pay the premiums and related charges arising under or in connection with the Insurance Polices as such premiums and charges become due. For the avoidance of doubt, this includes payment of all premiums attributable to prepetition periods.

3. The Debtors are authorized, but not directed, to pay all brokers' fees arising under or in connection with the Insurance Policies as they become due, including, without limitation, all fees payable to Beecher Carlson Insurance Services, Inc., Aon, Marsh USA, Inc., Mercer Insurance Group, and Jardine Lloyd Thompson Canada in an amount up to $230,000. For the avoidance of doubt, this includes payment of such fees that are attributable to prepetition periods.

4. The Debtors are authorized, but not directed, to pay all administration fees arising under or in connection with the Insurance Policies as they become due, including, without limitation, all fees payable to Specialty Risk Services in an amount up to

$160,000. For the avoidance of doubt, this includes payment of such fees attributable to prepetition periods.

5. The Debtors are authorized, but not directed, to pay all administration fees arising under or in connection with the Insurance Policies as they become due, including, without limitation, all fees payable to The Travelers Company and Sedgwick Claims Management Services in an amount up to 15,000. For the avoidance of doubt, this includes payment of such fees attributable to prepetition periods.

6. The Debtors are authorized, but not directed, to pay all consulting fees arising under or in connection with the Insurance Policies as they become due, including, without limitation, all fees payable to Navigant Consulting, Inc in an amount up to $5000. For the avoidance of doubt, this includes payment of such fees attributable to prepetition periods.

7. The Debtors' banks shall be and hereby are authorized and directed to receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the prepetition insurance obligations that had not been honored and paid as of the

4

Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

8.   Without further order of this or any other Court, the Debtors are authorized to renew existing Insurance Policies, or enter into new insurance arrangements, in the ordinary course of business, as may be required as the annual terms of existing arrangements expire.

9.   The Debtors are authorized to continue to engage in Intercompany Transactions, __provided__, __however__, that the Debtors are directed to maintain strict records of all transfers so that all transactions, including, but not limited to, Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable accounts.

10.  Pursuant to section 364(c)(1) of the Bankruptcy Code all intercompany claims arising from Intercompany Transactions between and among the Debtors and the Non-Filing Affiliates after the Petition Date shall be accorded priority over any and all administrative expenses of the kind specified in

sections 503(b) and 507(b) of the Bankruptcy Code, subject and subordinate only to (i) other valid liens in existence as of the Petition Date or granted in connection with any post-petition debtor in possession financing granted by this Court and (ii) liens and superpriority administrative expenses granted to the prepetition lenders as adequate protection.

11.  Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

12.  Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

13.  The relief provided in this Order is being granted on an interim basis, and to the extent no objection is filed within fifteen (15) days of the date of entry of this Order, this Order shall automatically

become final and non-appealable without further order of this Court.

      14.  To the extent an objection is filed, a final hearing on the Motion shall be held before this Court on December 5, 2008, at 10:00 (Eastern).

      15.  The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

      16.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

      17.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
       November __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

                                           /s/ Douglas M. Foley