| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                 :
In re:                           :  Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :  Case No. 08-35653
et al.,                          :
                                 :
            Debtors.             :  Jointly Administered
- - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 362(b), 506, 546(b), 1107(a), 1108 AND 1129 AND BANKRUPTCY RULE 6003 AUTHORIZING PAYMENT OF CONTRACTORS IN SATISFACTION OF LIENS**

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy Code sections 105(a),

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

362(b)(3), 506, 546(b), 1107(a), 1108 and 1129 and Bankruptcy Rule 6003 authorizing, but not directing, the payment of contractors and service providers in satisfaction of perfected or potential Liens in the ordinary course of business; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2.   The Debtors are authorized, but not directed, in their sole discretion to pay the Contractor Claims in the ordinary course of the Debtors' businesses; <u>provided</u>, <u>however</u>, that with respect to each Contractor Claim, the Debtors are not authorized to pay a Contractor Claim unless the Contractor has perfected or,

in the Debtors' judgment, is capable of perfecting or may be capable of perfecting in the future, one or more Liens in respect of such Claim. Such payment shall not be deemed to be a waiver of rights regarding the extent, validity, perfection or possible avoidance of the related Liens.

       3.    Notwithstanding anything to the contrary in this Order, the prepetition Contractor Claims to be paid pursuant to this Order shall not exceed $6.5 million in the aggregate (the "Contractor Cap").

       4.    All payments on the Liens made under this Order shall be subject to the following conditions:

      (a)    The Debtors, in their sole discretion, shall determine which Contractors, if any, are entitled to payments; and

      (b)    Prior to making payment to a Contractor, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of the Contractor for less than their face amount without further notice or hearing.

       5.    All applicable banks and other financial institutions are authorized and directed to receive, process, honor and pay any all checks drawn on the Debtors' accounts to pay the Contractor Claims, whether

3

such checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make such payments.

6. The Debtors are authorized to issue postpetition checks as necessary to replace any prepetition checks that were issued with respect to the Contractor Claims and may be dishonored and such reissued checks shall reduce the Contractor Cap.

7. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

8. Nothing herein shall be deemed an assumption or an authorization to assume any contracts or other agreements with any of the Contractors pursuant to Bankruptcy Code section 365.

9. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims on any ground permitted by applicable law.

4

10. The relief provided in this Order is being granted on an interim basis, and to the extent no objection is filed within fifteen (15) days of the date of entry of this Order, this Order shall automatically become final and non-appealable without further order of this Court.

11. To the extent an objection is filed, a final hearing on the Motion shall be held before this Court on December 5, 2008, at 10:00 (Eastern).

12. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
       November __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

                                          /s/ Douglas M. Foley