Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653-KRH
et al.,                         :
                                :
        Debtors.                :   Jointly Administered
- - - - - - - - - - - - - - - -x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 102 AND 105, BANKRUPTCY RULES 2002 AND 9007, AND LOCAL BANKRUPTCY RULES 2002-1 AND 9013-1 ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 102 and 105(a), Bankruptcy Rules 2002 and 9007, and Local

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Rules 2002-1 and 9013-1, establishing certain notice, case management and administrative procedures for the Debtors' chapter 11 cases; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. The notice, case management, and administrative procedures contained in Exhibit A to this Order (the "Case Management Procedures") are hereby approved and shall govern all applicable aspects of the Debtors' chapter 11 cases.

3. The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the

Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4. Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b), or entry of an order confirming the plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5. The time periods set forth in this Order and the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

   6. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

   7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
   November 10, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

    /s/ Douglas M. Foley

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION
- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653-KRH
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia

1

(the "Court") for the chapter 11 cases of the Debtors, pursuant to the first day motion for an order establishing certain notice, case management and administrative procedures (the "Motion").[2]  The Court approved the Case Management Procedures by order dated November 12, 2008, titled "Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures" (the "Order").

The Order and a copy of the Case Management Procedures will be served upon the entire mailing matrix. A copy of the Order and other pleadings filed in the Debtors' chapter 11 cases can be obtained by contacting the Debtors' undersigned counsel and by accessing the Debtors' notice, claims and balloting agent, Kurtzman Carson Consultants LLC ("KCC"), website at www.kccllc.net/circuitcity.  The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall govern all matters in the Debtors' chapter 11 cases,

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

except to the extent such rules conflict with or are inconsistent with the procedures set forth herein. Terms not defined herein or in the Motion shall be as defined in the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

**A.    Omnibus Hearings**

1.    **All matters to be heard**. The following will be considered or heard only at monthly (or periodic) omnibus hearings scheduled in advance by the Court (the "Omnibus Hearings") unless the Court orders otherwise: all motions, pleadings, applications and other requests for relief, all objections and responses and replies thereto, and all other matters. All motions, pleadings, requests for relief, or other materials that purport to set a hearing on a date or time at which no Omnibus Hearing is set shall automatically, and without court order, be scheduled to be heard at the next Omnibus Hearing that is at least twenty calendar days after such motion, pleading, request for relief, or other materials is filed and served in accordance with these Case Management Procedures. The Debtors shall send a copy of these Case Management Procedures within three business

days of receipt to any party who has filed such motion, pleading, request for relief, or other materials.

2. **Procedures regarding the Omnibus Hearings**. The following procedures will apply unless the Court orders otherwise:

> (a)  Any notice of an Omnibus Hearing shall conspicuously contain above the title of the notice the date and time that the hearing will be held in the event that an objection is filed in accordance with the applicable rules.
>
> (b)  Any motion or contested matter filed and properly served in accordance with applicable rules, and as to which the applicable response time will elapse at least two business days before a fixed Omnibus Hearing date, may be set for hearing on such a fixed date.
>
> (c)  If the requisite time period set forth in Local Rule 9013-1(H)(3) has passed, the movant may present a certificate of no response before or at the Omnibus Hearing.
>
> (d)  Debtors' counsel shall file and serve upon all affected parties at least two business days before the Omnibus Hearing a list of all matters scheduled to be considered by the Court. The list shall set forth all motions and responses and whether the matter is resolved, disputed or adjourned. The Court may post the information on the Court's internet website and will also be

4

>   accessible through the Debtors' notice, claims and balloting agent, KCC website at www.kccllc.net/circuitcity.
>
>   (e)  Debtors' counsel together with any affected party or parties may, without leave of the Court, unless the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing date. If a matter is adjourned, Debtors' counsel shall immediately update the list filed in accordance with subparagraph (d) above.
>
>   (f)  Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors' in good faith believe that the hearing on the particular matter could exceed one hour.
>
>   (g)  Upon request, the Court may allow counsel to listen to a hearing by telephone.  If a matter is contested, counsel must attend in person, unless leave of the court is granted on a case by case basis.
>
>   (h)  In the event an objection is made to a motion or application for relief, the hearing on such motion or application shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing.

    3.    **Setting the applicable Omnibus Hearing**. Any

entity submitting a matter for consideration at an

5

omnibus hearing shall be required to serve the applicable pleading and all supporting documentation no less than twenty days prior to the applicable omnibus hearing date, if possible, and in no event, without order of the Court, less than ten days prior to the applicable hearing date. The notice accompanying such pleading shall include the title of the pleading, the time and date of the objection deadline (as determined below), and the omnibus hearing date (or other hearing date, as ordered by the Court) at which the party intends to present the pleading. Unless otherwise ordered by the Court, the objection deadline for all matters shall be (a) no later than five business days before the applicable hearing date if the filings served at least twenty days prior to the applicable hearing date, or (b) no later than two business days before the applicable hearing date if the filing is served less than twenty but at least ten days prior to the applicable hearing date.

    4.    **Emergency hearings**. Notwithstanding any procedure herein, nothing herein shall restrict an

6

entity from requesting an emergency hearing pursuant to the Local Bankruptcy Rules.

    5.    **First Omnibus Hearings**. The Court has set the following dates and times as the first Omnibus Hearings:

        (a)   10:00 a.m. on December 5, 2008;

        (b)   10:00 a.m. on December 22, 2008;

        (c)   10:00 a.m. on January 16, 2009;

        (d)   10:00 a.m. on January 29, 2009;

        (e)   10:00 a.m. on February 13, 2009; and

        (f)   10:00 a.m. on March 3, 2009.

    6.    **Future Omnibus Hearings**. At or before the last Omnibus Hearing scheduled above, the Debtors shall request that additional Omnibus Hearings be scheduled. Entities may contact the Debtors' undersigned counsel or the Clerk of the Court at 804-916-2400 for information concerning future Omnibus Hearings that have been scheduled by the Court.

**B.    Filing And Notice Procedures**

    7.    **Procedures established for notices required under Bankruptcy Rule 2002(a)(2)-(6)**. Notices required under Bankruptcy Rule 2002(a)(2)-(6) filed in the Debtors' chapter 11 cases, including all such notices,

7

motions, applications, and other requests for relief, all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein.

8.    **Definition of entities entitled to service**. All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and collectively, the "Primary Service List") according to the notice procedures described herein. A Rule 2002 Court Filing is deemed not to have been properly served until served on all of the parties in the Primary Service List.

(a)    **Core Group**. The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

(i)    The United States Trustee, at the following address:

8

        Office of the U.S. Trustee
        701 E. Broad St.
        Suite 4304
        Richmond, Virginia 23219-1888
        Attn: Robert B. Van Arsdale;

(ii) The Debtors and their bankruptcy co-counsel, at the following addresses:

        Circuit City Stores, Inc.
        9950 Mayland Dr.
        Richmond, Virginia 23233
        Attn: Reginald D. Hedgebeth

        Circuit City Stores, Inc.
        9950 Mayland Dr.
        Richmond, Virginia 23233
        Attn: Daniel W. Ramsey

        Skadden, Arps, Slate, Meagher
        & Flom, LLP
        One Rodney Square
        P.O. Box 636
        Wilmington, Delaware 19899-0636
        Attn: Gregg M. Galardi

        Skadden, Arps, Slate, Meagher
        & Flom, LLP
        333 West Wacker Drive
        Chicago, Illinois 60606
        Attn: Chris L. Dickerson

        McGuireWoods LLP
        One James Center
        901 E. Cary St.
        Richmond, VA 23219
        Attn: Dion W. Hayes

(iii)  General and local counsel for each committee;

(iv) Counsel to the agents for the Debtors' prepetition lenders; and

(v) Counsel to the agents for the Debtors' proposed postpetition lenders.

(b) **2002 List**. This group shall be comprised of all entities who have filed a request for service of filings pursuant to Bankruptcy Rule 2002. An updated 2002 List can be obtained by contacting Debtors' undersigned counsel or by accessing the Debtors' notice, claims and balloting agent, KKC website at www.kccllc.net/circuitcity.

(i) **Filing requests for documents requires e-mail address**. A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it provides an address at which documents filed with the Court by the Debtors may be served via e-mail (subject to Section B.8.b.(ii) below). Service on an e-mail address included on a 2002 Notice Request shall be deemed to constitute proper service for all purposes.

(ii) **Certification opting out of e-mail service**. Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

(iii) **2002 Notice List**. The Debtors or the Debtors' notice, claims and balloting agent, KCC, shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary

10

to reflect changes of e-mail address, contact person, or otherwise, and serve a copy of such request upon the Debtors.

(c) **Affected Entities**. This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

9. At least every fifteen days during the first sixty days of the Debtors' chapter 11 cases, and thereafter at least every thirty days, the Debtors' counsel shall maintain and update the Primary Service List by: (a) making any additions and deletions; (b) filing the updated Primary Service List; (c) serving the updated Primary Service List on the parties listed thereon; and (d) filing a proof of service.

10. Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing

11

on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b), or entry of an order confirming a plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

C.   **Service By E-mail**

11.   **Entities entitled to serve by e-mail**. Only the Debtors (and any of their agents) and the E-mail Serving Parties (as defined below) are authorized to serve documents by e-mail.

12.   **Form of documents served by e-mail**. All documents served by e-mail shall provide either a copy of the document or a link to access the entire document, including the proposed form(s) of order and any exhibits, attachments, or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader program commonly available without cost. E-mail service shall also include a copy of or a link to the current 2002 List.

13.   **E-mail serving parties**. An entity who has filed a proper 2002 Notice Request and has not opted out

12

of e-mail service may serve court filings by e-mail to the following two accounts: circuitcityservice@mcguirewoods.com, and project.circuitcity@skadden.com.

14. **Authorization of service by e-mail**. The Debtors and parties authorized to serve by e-mail pursuant to Section C (collectively, the "E-mail Serving Parties") are authorized to serve all court filings, other than the service of a summons and complaint in an adversary proceeding (subject to Section B.8.b.(ii)).