| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

```
        IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION
- - - - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653-KRH
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363, 1107(a) AND 1108, AND BANKRUPTCY RULE 6003 AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN FOREIGN VENDORS AND SERVICE PROVIDERS**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 363, 1107(a) and 1108, and Bankruptcy Rule 6003

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

authorizing, but not directing, the Debtors to pay certain prepetition obligations to Foreign Vendors; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course the Foreign Vendor Claims in an amount up to $6.5 million.

3. Prior to paying a Foreign Vendor Claim, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of such Foreign

Vendor for less than their face account without further notice or hearing.

    4.  In return for payment of the Foreign Vendor Claims in the ordinary course of business, unless otherwise waived by the Debtors in their sole discretion, the Foreign Vendors are hereby required to continue to provide goods and services to the Debtors on the most favorable terms in effect between such supplier and the Debtors in the six months prior to the Petition Date or on such other favorable terms as the Debtors and the Foreign Creditor may otherwise agree ("Customary Trade Terms").  The Customary Trade Terms shall apply for the remaining term of the Foreign Vendor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

    5.  If any Foreign Vendor accepts payment on account of a prepetition obligation of the Debtors and thereafter does not continue to provide services to the Debtors on Customary Trade Terms, any payments made shall be deemed an avoidable postpetition transfer under Bankruptcy Code section 549 and shall be recoverable by the Debtors in cash upon written request.  Upon recovery

3

by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered.

   6. The Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Foreign Vendor, that such Foreign Vendor will, if relevant, continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Foreign Vendor's agreement with the Debtors; provided, however, that the absence of such written verification will not limit the Debtors' rights hereunder.

   7. All banks and other financial institutions on which checks to the Foreign Vendors are drawn pursuant to authority granted by this Order are authorized and directed to receive, process, honor, and pay any and all such checks, whether issued or presented prior to or after the Petition Date, upon the receipt by each such bank of notice of such authorization from the Debtors.

   8. To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule

6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

9.  Nothing herein shall be construed to limit or in any way affect the Debtors' ability to dispute any Foreign Vendor Claim.

10. Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract, or prepetition or postpetition agreement between the Debtors and a Foreign Vendor, or to require the Debtors to make any of the payments authorized herein under Bankruptcy Code Section 365.

11. The authority granted hereby to pay Foreign Vendor Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys, or agents to pay the Foreign Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay a Foreign Vendor Claim, and nothing contained in this order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect the Foreign Vendor Claims to the extent they are not paid.

12. No claimant who receives payment on account of a Foreign Vendor Claim is permitted to file or perfect a Lien on account of such claim, and any such claimant shall take all necessary action to remove any existing lien relating to such claim, even if the Lien is against property of a non-Debtor.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

14. The relief provided in this Order is being granted on an interim basis, and to the extent no objection is filed within fifteen (15) days of the date of entry of this Order, this Order shall automatically become final and non-appealable without further order of this Court.

15. To the extent an objection is filed, a final hearing on the Motion shall be held before this Court on December 5, 2008, at 10:00 (Eastern).

16. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          November ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

                                            /s/ Douglas M. Foley