Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Proposed Counsel to the Debtors  
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x  
                              :  
In re:                        :  Chapter 11  
                              :  
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653-KRH  
et al.,                       :  
                              :  
        Debtors.              :  Jointly Administered  
- - - - - - - - - - - - - - - x  

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS**

Upon the motion (the "Motion")[1] of the Debtors for an order pursuant to Bankruptcy Code sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h), (i) confirming the grant of administrative expense status

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

to obligations arising from postpetition delivery of goods; (ii) establishing authority to pay certain expenses in the ordinary course of business; (iii) authorizing the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iv) establishing procedures for addressing reclamation demands; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. The Vendors shall have administrative expense claims with priority under Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from outstanding orders relating to

shipments of Goods delivered, received, and accepted by the Debtors after the Petition Date, subject to the limitations imposed by any order of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements, to the extent of such interests.

3.  The Debtors are authorized, but not obligated, to pay their undisputed obligations arising from the postpetition shipment or delivery of Goods by the Vendors under their customary practice in the ordinary course before the commencement of these chapter 11 cases.

4.  The Debtors are authorized, but not obligated, under Bankruptcy Code section 546(h), subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements, to the extent of such interests, to return to Vendors Goods

that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims.

     5.   The procedures for the processing and reconciliation of Reclamation Claims, if any, set forth in the Motion, including the following are hereby approved:

    (a)  Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is <u>received</u> by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressees: Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, with separate copies to each (i) Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233, Attn: Reginald D. Hedgebeth, (ii) Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233, Attn: Daniel W. Ramsey, (iii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois, 60606, Attn: Sarah Baker, Esq., and (iv) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219, Attn: Sarah B. Boehm, Esq.

    (b)  All Reclamation Demands must include the information required by Bankruptcy Code Section 546(c) with

        respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

    (c)  On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount"). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

    (d)  In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such goods.

    6.  Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any

5

Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c), or from filing a claim under Bankruptcy Code section 503(b)(9) consistent with applicable orders of this Court.

7. The relief provided in this Order is being granted on an interim basis, and to the extent no objection is filed within fifteen (15) days of the date of entry of this Order, this Order shall automatically become final and non-appealable without further order of this Court.

8. To the extent an objection is filed, a final hearing on the Motion shall be held before this Court on December 5, 2008, at 10:00 (Eastern).

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.

Dated:    Richmond, Virginia
          November __, 2008

6

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to seek entry of the foregoing proposed order was provided to the parties identified in the Motion and copy of this proposed order was provided to the Office of the United States Trustee for the Eastern District of Virginia prior to submission to this Court.

                                       /s/ Douglas M. Foley