Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653-KRH
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND FED. R. BANKR.
P. 3001 AND 3002 ESTABLISHING NOTICE, HEARING, AND SELL-
DOWN PROCEDURES FOR TRADING IN EQUITY SECURITIES AND CLAIMS
AGAINST THE DEBTORS' ESTATES


Upon the motion of the debtors (the "Debtors")[1]

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
      (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
      Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
      Company of Virginia, Inc. (2821), Circuit City Properties, LLC
      (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
      Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
      Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
      Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit

*(cont'd)*

for an order under Bankruptcy Code 105 Sections 362 and 541

and Bankruptcy Rules 3001 and 3002 (i) establishing

notification and hearing procedures for trading in equity

securities and (ii) establishing the notice and sell-down

procedures for trading in claims against the Debtors'

estates; and the Court having reviewed the Motion[2] and the

Besanko Declaration; and the Court having determined that

the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the record

herein; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED.

2.   Any purchase, sale, or other transfer of

claims against, or equity securities in, the Debtors in

_____

*(cont'd from previous page)*

City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
80031.  For all other Debtors, the address is 9950 Mayland Drive,
Richmond, Virginia 23233.

[2]   Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

violation of the procedures set forth herein (including the

notice requirements set forth in Sections 3(a) and 4(a) and

(c) below) shall be null and void <u>ab initio</u> as an act in

violation of the automatic stay under U.S.C. §§ 362 and

105(a) of the Bankruptcy Code.

3.  The following procedures shall apply to

trading in equity securities of Circuit City Stores, Inc.

("Circuit City"):

(a) Any person or entity (as defined in
Treasury Regulations Section 1.382-3(a) for purposes of
this Section 3) who currently is or becomes a Substantial
Shareholder (as defined in Paragraph (e) below) shall file
with this Court, and serve on counsel to the Debtors, a
notice of such status, in the form attached hereto as
<u>Exhibit A-1</u>, on or before the later of (A) twenty (20)
calendar days after the effective date of the notice of
entry of this Order or (B) ten (10) calendar days after
becoming a Substantial Shareholder.

(b) At least thirty (30) calendar days prior
to effectuating any transfer of equity securities
(including Options to acquire such securities, as defined
below) that would result in an increase in the amount of
Circuit City Stock beneficially owned by a Substantial
Shareholder or would result in a person or entity becoming
a Substantial Shareholder, such Substantial Shareholder
shall file with this Court, and serve on counsel to the
Debtors, advance written notice, in the form attached
hereto as <u>Exhibit A-2</u>, of the intended transfer of equity
securities.

(c) At least thirty (30) calendar days prior
to effectuating any transfer of equity securities
(including Options to acquire such securities) that would
result in a decrease in the amount of Circuit City Stock
beneficially owned by a Substantial Shareholder or would
result in a person or entity ceasing to be a Substantial
Shareholder, such Substantial Shareholder shall file with

3

this Court, and serve on counsel to the Debtors, advance
written notice, in the form attached hereto as Exhibit A-3,
of the intended transfer of equity securities (the notices
required to be filed and served under Paragraph (b) and
this Paragraph (c), each a "Notice of Proposed Transfer").

(d) The Debtors shall have thirty (30)
calendar days after receipt of a Notice of Proposed
Transfer to file with this Court and serve on such
Substantial Shareholder an objection to any proposed
transfer of equity securities described in the Notice of
Proposed Transfer on the grounds that such transfer may
adversely affect the Debtors' ability to utilize their Tax
Attributes.  If the Debtors file an objection, such
transaction will not be effective unless approved by a
final and nonappealable order of this Court.  If the
Debtors do not object within such 30-day period, such
transaction may proceed solely as set forth in the Notice
of Proposed Transfer.  Further transactions within the
scope of this Paragraph must be the subject of additional
notices as set forth herein, with an additional 30-day
waiting period.

(e) For purposes of this Order, (A) a
"Substantial Shareholder" is any person or entity which
beneficially owns at least 7,848,226 shares (representing
approximately 4.75% of all issued and outstanding shares)
of the common stock of ("Circuit City Stock"), and (B)
"beneficial ownership" (or any variation thereof of Circuit
City Stock and Options to acquire Circuit City Stock) shall
be determined in accordance with applicable rules under
Section 382 of the I.R.C., Treasury Regulations promulgated
thereunder and rulings issued by the Internal Revenue
Service, and thus, to the extent provided therein, from
time to time shall include, without limitation, (i) direct
and indirect ownership (e.g., a holding company would be
considered to beneficially own all shares owned or acquired
by its subsidiaries), (ii) ownership by such holder's
family members and persons acting in concert with such
holder to make a coordinated acquisition of stock, and (iii)
an Option to acquire Circuit City Stock.  An "Option" to
acquire stock includes any contingent purchase, warrant,
convertible debt, put, stock subject to risk of forfeiture,
contract to acquire stock, or similar interest, regardless
of whether it is contingent or otherwise not currently
exercisable.  For the avoidance of doubt, by operation of
the definition of beneficial ownership in clause (B) of

4

this Paragraph, an owner of an Option to acquire Circuit
City Stock may be treated as the owner of such Circuit City
Stock.

      4.  The following procedures shall apply to

trading in claims against the Debtors:

      (a) <u>Notice of 382(l)(5) Plan and 382(l)(5)
Disclosure Statement</u>. The Debtors shall, upon filing a
disclosure statement with respect to a 382(l)(5) Plan (a
"<u>382(l)(5) Disclosure Statement</u>"), simultaneously file with
the Court and further publish and serve in the manner
specified in Paragraph (j) below a separate notice
("<u>Disclosure Statement Notice</u>") in substantially the form
attached as <u>Exhibit B-1</u>. The Disclosure Statement Notice
shall (i) state that a 382(l)(5) Plan has been filed with
the Court, (ii) disclose the most current estimate of the
Threshold Amount and (iii) set a record date, which shall
be 5:00 p.m., Eastern Time, on the date set by the Court
that is ten (10) business days prior to the date set for
the hearing on the 382(l)(5) Disclosure Statement (the
"<u>Disclosure Statement Notice Record Date</u>").  Each
Beneficial Claimholder who holds more than the Threshold
Amount (each, a "Substantial Claimholder") as of the
Disclosure Statement Notice Record Date is hereby ordered
and directed to email and fax to counsel to the Debtors a
report in the form attached hereto as <u>Exhibit B-2</u> (the
"Initial Holdings Report") identifying: (I) the nature and
amount of Claims held by such Beneficial Claimholder as of
the Disclosure Statement Notice Record Date (the "Initial
Holdings"); and (II) the Protected Amount that is in excess
of the Threshold Amount. The Initial Holdings Report shall
be subject to the confidentiality provisions set forth in
Paragraph (i) below and shall be served in accordance with
the preceding sentence no later than three (3) business
days prior to the first date set by the Court for the
hearing to consider the 382(l)(5) Disclosure Statement to
the email addresses and fax numbers identified on the
attached <u>Exhibit B-2</u>.  In the event that the hearing to
consider the 382(l)(5) Disclosure Statement is adjourned or
continued, Substantial Claimholders shall not be required
to amend or update their Initial Holdings Reports unless,
in the event of an adjournment or continuance, the Debtors
establish a new Disclosure Statement Notice Record Date and

provides notice thereof, in which case the process above
will re-commence.

(b) <u>382(l)(5) Disclosure Statement</u>. The
382(l)(5) Disclosure Statement shall contain information
adequate to permit a party entitled to vote on a 382(l)(5)
Plan to determine whether a 382(l)(5) Plan provides greater
value than possible alternatives and shall include, without
limitation, the following disclosures: (i) the net present
value of the projected tax savings of the 382(l)(5) Plan as
compared to a 382(l)(6) Plan based on the financial
projections included in the 382(l)(5) Disclosure Statement;
(ii) a description of the restrictions on trading with
respect to the common stock and any other securities of the
reorganized Debtors (the "<u>Affected Securities</u>") that will
be required or imposed under the 382(l)(5) Plan after the
Effective Date to preserve such tax savings; (iii) the
projected value of the Affected Securities in the aggregate;
and (iv) the projected tax savings of the 382(l)(5) Plan as
a percentage of the aggregate value of the Affected
Securities. In addition, the Debtors shall promptly (and in
any event before the end of the hearing on the 382(l)(5)
Disclosure Statement) disclose on a separate filing with
the SEC on Form 8-K (i) the aggregate amount of Initial
Holdings (the "<u>Total Initial Holdings</u>") and (ii) the
estimated maximum amount and percentage of the Total
Initial Holdings in each class that may be required to be
sold down as provided below. Such disclosures shall be
included in the final 382(l)(5) Disclosure Statement. The
foregoing does not limit in any way the right of any party
in interest to object to the adequacy of the information in
the 382(l)(5) Disclosure Statement.

(c) <u>Notice of Claimholder Acceptance of
382(l)(5) Plan</u>.  The Debtor shall file with the Court and
further publish and serve in the manner specified in
Paragraph (j) below, not less than ten (10) days prior to
the commencement of the Confirmation Hearing, a notice (the
"<u>Pre-Confirmation Notice</u>") substantially in the form
attached hereto as <u>Exhibit B-3</u>, setting forth: (i) a record
date, which shall be 5:00 p.m., Eastern Time, on a date
that is ten (10) days prior to the first date set by the
Court for the Confirmation Hearing (the "<u>Pre-Confirmation
Notice Record Date</u>"); and (ii) identifying the most current
estimate of the Threshold Amount (determined as of the Pre-
Confirmation Notice Record Date). Each Beneficial
Claimholder who is a Substantial Claimholder (as determined

by the Threshold Amount identified in the Pre-Confirmation
Notice) as of the Pre-Confirmation Notice Record Date is
hereby ordered and directed to deliver, via e-mail and fax,
a report in the form attached hereto as Exhibit B-4 (the
"Final Holdings Report") identifying the nature and amount
of claims held by such Beneficial Claimholder as of the
Pre-Confirmation Notice Record Date (the "Final Holdings").
The Final Holdings Report shall be subject to the
confidentiality provisions set forth in Paragraph (i) below
and shall be served on counsel to the Debtors no later than
the date that is three (3) business days prior to the first
date set by the Court for the Confirmation Hearing to the
e-mail addresses and fax numbers identified on the attached
Exhibit B-2. For any Substantial Claimholder who did not
serve an Initial Holdings Report, the Final Holdings Report
shall also contain such Substantial Claimholder's Protected
Amount that is in excess of the Threshold Amount.  In the
event that the Confirmation Hearing is adjourned or
continued, Substantial Claimholders shall not be required
to amend or update their Final Holdings Reports unless, in
the event of an adjournment or continuance, the Debtors
establish a new Pre-Confirmation Notice Record Date and
provides notice thereof, in which case the process above
will re-commence.

        (d) Sell-Down Notice.  If the Court confirms
the 382(l)(5) Plan, the Debtors shall serve a notice
substantially in the form attached hereto as Exhibit B-5
(the "Sell-Down Notice") by overnight delivery service
within the United States upon each Substantial Claimholder
(as of the Pre-Confirmation Notice Record Date) within five
(5) business days after the entry of the order confirming
the 382(l)(5) Plan.  The Sell-Down Notice shall (i) state
that the 382(l)(5) Plan has been confirmed; (ii) contain
the results of the calculations described in Paragraph
(f)(i) below, including the calculation of the Maximum
Amount and the information used to perform all such
calculations to the extent that the Debtors are not
required by this Order or other confidentiality
restrictions to keep such information confidential; and
(iii) provide notice that, pursuant to this Order, each
Substantial Claimholder is ordered and directed to comply
with the Sell-Down Procedures (set forth in Paragraph (f)
below) before the Effective Date.

(e) <u>Effective Date</u>.  The Effective Date of
any 382(l)(5) Plan shall not be earlier than thirty (30)
calendar days after the Confirmation Date.

(f) <u>Sell-Down Procedures</u>.  If and only to the
extent that a 382(l)(5) Plan is confirmed by this Court
then, to the extent necessary to effectuate the 382(l)(5)
Plan, each Beneficial Claimholder who is, as of the Pre-
Confirmation Notice Record Date, a Substantial Claimholder
(other than a Permitted Substantial Claimholder whose
Claims shall not be required to be sold as part of the
Sell-Down pursuant to Paragraph (f)(ii) below), is hereby
ordered and directed to comply with the following sell-down
procedures (the "<u>Sell-Down Procedures</u>"):

(i)  <u>The Maximum Amount</u>. The
Debtors shall calculate the maximum amount of
claims that may be held, as of the Effective Date
of the 382(l)(5) Plan, by a Substantial
Claimholder that was a Substantial Claimholder as
of the Pre-Confirmation Notice Record Date (the
"<u>Maximum Amount</u>") as follows:

(1)  Based upon the information
provided by the Substantial Claimholders in the
Final Holdings Reports, the Debtors shall
calculate the total amount of claims that all
Substantial Claimholders must sell to effectuate
the 382(l)(5) Plan assuming that all Incremental
Holdings will be sold prior to any Sell-Down of
claims held by the Substantial Claimholders prior
to the Disclosure Statement Notice Record Date
and taking into account in its determination the
portion of claims held by Substantial
Claimholders that the Debtors reasonably conclude
(based on evidence furnished by the Substantial
Claimholders) have not existed since a date that
was 18 months before the Petition Date and that
are not "ordinary course" claims, within the
meaning of Treasury Regulations Section 1.382-
9(d)(2)(iv) (the "<u>Sell-Down Amount</u>").

(2)  If the Sell-Down Amount is
less than or equal to the Total Incremental
Holdings, the Debtors shall calculate the amount
of each Substantial Claimholder's *pro rata* share
of the Sell-Down Amount (*i.e.*, the Sell-Down
Amount multiplied by a fraction, the numerator of

which is the Substantial Claimholder's
Incremental Holdings and the denominator of which
is the Total Incremental Holdings);

(3) If the Sell-Down Amount
exceeds Total Incremental Holdings, the Debtors
shall calculate for each Substantial Claimholder
the amount of such Substantial Claimholder's *pro
rata* share of such excess (*i.e.*, the total amount
of such excess multiplied by a fraction, the
numerator of which is such Substantial
Claimholder's Initial Holdings minus the
Threshold Amount and the denominator of which is
the Total Initial Holdings in excess of the
Threshold Amount of all Substantial Claimholders)
and add to that the amount of such Substantial
Claimholder's Incremental Holdings; and

(4) For each Substantial
Claimholder, the Debtors shall subtract from the
total claims held by such Substantial Claimholder
(as reported in the Final Holdings Report) such
Substantial Claimholder's share of the Sell-Down
Amount calculated in accordance with clauses (ii)
or (iii) above, as applicable. The difference
shall be the Maximum Amount.

(ii)  <u>Sell-Down</u>.  Prior to the
Effective Date, each Substantial Claimholder
shall sell an amount of claims equal to its share
of the Sell-Down Amount or such other amount
necessary so that no Substantial Claimholder
shall, as of the Effective Date, hold claims in
excess of the Maximum Amount for such claimholder
(the "<u>Sell-Down</u>"); <u>provided</u>, <u>however</u>, that
notwithstanding anything to the contrary in this
Order, no Beneficial Claimholder shall be
required to sell any claims if such sale would
result in such Beneficial Claimholder having
Beneficial Ownership of an aggregate amount of
Claims that is less than such Beneficial
Claimholder's Protected Amount. Each Substantial
Claimholder shall sell or otherwise transfer its
claims subject to the Sell-Down to unrelated
Entities; <u>provided</u> <u>further</u> that the Substantial
Claimholder shall not have a reasonable basis to
believe that such Entity would own, immediately
after the contemplated consummation of such

transfer, an amount of claims in excess of the Maximum Amount for such Claimholder.

(iii) <u>Objections to Sell-Down Notices</u>. A Substantial Claimholder who has complied with the notice procedures contained in this Section 4 may, no later than ten (10) calendar days from service of the Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in a Sell-Down Notice were calculated or on the grounds that such notice contained a mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtors as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtors may serve a new Sell-Down Notice by overnight delivery service within the United States correcting such errors; any Substantial Claimholder required to sell additional claims as a result of such correction shall have twenty (20) calendar days from service of any new Sell-Down Notice to effect the additional Sell-Down.

(iv) <u>Notice of Compliance</u>. A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, deliver to counsel to the Debtors, a written statement substantially in the form of <u>Exhibit B-6</u> hereto that such Substantial Claimholder has complied with the terms and conditions set forth in Paragraph (f)(ii) and that such Substantial Claimholder will not hold claims, as of the Effective Date, in an amount in excess of the greater of the Maximum Amount or the Protected Amount (if any) for such Substantial Claimholder (the "<u>Notice of Compliance</u>"). Any Substantial Claimholder who fails to comply with this provision shall not receive Affected Securities with respect to any claims in excess of the

greater of such claimholder's Protected Amount or
the then current Threshold Amount.

(v) <u>Applicable Authority</u>. For the
avoidance of doubt, Section 382 of the I.R.C.,
the Treasury Regulations promulgated thereunder
and all relevant Internal Revenue Service and
judicial authority shall apply in determining
whether the claims of several persons and/or
Entities must be aggregated when testing for
Substantial Claimholder status. For these
purposes and except as specifically provided with
respect to claims ownership in the Treasury
Regulations, the rules and authority identified
in the preceding sentence shall be treated as if
they applied to claims in the same manner as they
apply to stock.

(vi) <u>Subsequent Substantial
Claimholders</u>. To the extent that any Entity
becomes a Substantial Claimholder after the date
in which Final Holdings Reports are due, the
Court shall retain jurisdiction so that the
Debtors may seek equitable relief similar to the
relief described in this Order in order to
protect the Debtors' ability to apply Section
382(l)(5) of the I.R.C.

(g) <u>Claimholder Participation</u>.  To permit
reliance by the Debtors on Treasury Regulation Section
1.382-9(d)(3), any Beneficial Claimholder that participates
in formulating any chapter 11 plan of reorganization of or
on behalf of the Debtors (which shall include, without
limitation, making any suggestions or proposals to the
Debtors or their advisors with regard to such a plan),
shall not, and shall not be asked to, disclose (or
otherwise make evident unless compelled to do so by an
order of a court of competent jurisdiction or some other
applicable legal requirement) to the Debtors that any
claims in which such Beneficial Claimholder has a
beneficial ownership are Newly Traded Claims (the
"<u>Participation Restriction</u>"). For this purpose, the Debtors
acknowledge and agree that the following activities shall
not, where in pursuing such activities the relevant
Beneficial Claimholder does not disclose (or otherwise make
evident) to the Debtors that such Beneficial Claimholder
has beneficial ownership of Newly Traded Claims, constitute
a violation of the Participation Restriction: (a) filing an

objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization; (b) negotiating the terms of, or voting to accept or reject, a proposed plan of reorganization; (c) reviewing or commenting on a proposed business plan; (d) membership on the Creditors' Committee or other official or *ad hoc* committee; (e) providing information other than with respect to its claims to the Debtors on a confidential basis; or (f) taking any action required by this Order. Any claimholder found by the Court to have violated the Participation Restriction, and who, as a result, would prevent the Debtors from implementing a 382(l)(5) Plan, shall be required to dispose of Newly Traded Claims of which such Entity has Beneficial Ownership in the manner specified in Paragraph (f)(ii) above and shall be subject to the Forfeiture Remedy described in Paragraph (h) below.

          (h)  <u>Sanctions for Noncompliance</u>.  If any Substantial Claimholder fails to comply with the Sell-Down applicable to it, such Substantial Claimholder shall not be entitled to receive Beneficial Ownership of any Affected Securities in connection with the implementation of the 382(l)(5) Plan with respect to any claims required to be sold pursuant to a Sell-Down Notice.  Any Substantial Claimholder that violates this Order shall be required to forfeit the Affected Securities (the "<u>Forfeiture Remedy</u>"). The Debtors may seek to enforce the Forfeiture Remedy, on notice to the Entity upon whom such sanctions are sought to be imposed, on an expedited basis. The Debtors also reserve the right to seek from this Court, on an expedited basis, other sanctions or damages for a willful violation of this Order, on notice to the Entity upon whom such sanctions are sought to be imposed, including, but not limited to damages for loss of any tax benefits caused by such violation and any injunction or other relief necessary or appropriate to remedy such violation. Any distribution of Affected Securities pursuant to the implementation of the 382(l)(5) Plan that is precluded by an order enforcing the Forfeiture Remedy (the "Forfeited Equity") shall be void *ab initio*. Any Entity that receives Forfeited Equity shall, immediately upon becoming aware of such fact, return the Forfeited Equity to the reorganized Debtors or, if all of the shares properly issued to such Entity and all or any portion of such Forfeited Equity have been sold prior to the time such Entity becomes aware of such fact, such Entity shall return to the reorganized Debtors (a) any Forfeited Equity still held by such Entity and (b) the

proceeds attributable to the sale of Forfeited Equity. Any
Entity that receives Forfeited Equity and fails to comply
with the preceding sentence shall be subject to such
additional sanctions as the Court may determine. The
reorganized Debtors shall distribute any Forfeited Equity
in accordance with the 382(l)(5) Plan.

(i) <u>Confidentiality</u>. The Initial Holdings
Report, the Final Holdings Report, the Sell-Down Notices
and the Notice of Compliance, and the information contained
therein, shall be treated as confidential information and
shall be available only to the Debtors and counsel and
financial or tax advisors to the Debtors. Each recipient of
any Initial Holdings Report, Final Holdings Report, Sell-
Down Notice and the Notice of Compliance (or similar
notices provided under the Order) shall keep the
information contained therein confidential and shall not
disclose such information to any Entity (including, without
limitation, any member of the Creditors' Committee) unless
required to produce it in a legal proceeding or subject to
further Court order.

(j) <u>Notice</u>. Any notices required to be
published under Section 4 of this Order shall be published
in the *Richmond Times-Dispatch*, *The Wall Street Journal* and
the *Financial Times*. All notices required to be served
shall be served on the following parties via electronic
mail if an e-mail address is known, or by overnight mail if
an e-mail address is not known: (a) the Office of the
United States Trustee for the Eastern District of Virginia
(which shall be sent by overnight mail only); (b) the
Securities and Exchange Commission; (c) the Internal
Revenue Service; (d) the United States Attorney's Office
for the Eastern District of Virginia; (e) counsel to the
Prepetition Lenders; (f) the parties included on the
Debtors' list of fifty (50) largest unsecured creditors; (g)
any statutory committee appointed under Section 1102 of the
Bankruptcy Code; and (h) the transfer agents for any
Circuit City Stock.

(k) The requirements set forth in this Order
are in addition to the requirements of Bankruptcy Rule
3001(e) and applicable securities, corporate and other laws,
and do not excuse compliance therewith.

(l) The Court shall retain jurisdiction to
interpret, enforce, aid in the enforcement of and resolve

any disputes or matters related to any of the provisions of this Order.

(m) For purposes of Section 4 of this Order, the following definitions shall apply:

(i) "382(l)(5) Plan" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code that provides for or contemplates the use of net operating loss carryforwards and other tax attributes under Section 382(l)(5) of the I.R.C. and that restricts transfers of Beneficial Ownership of Affected Securities for not less than two years after the reorganization in order to avoid an "ownership change," as such term is defined in the I.R.C. and regulations promulgated thereunder.

(ii) "382(l)(6) Plan" means a plan of reorganization for the Debtors under chapter 11 of the Bankruptcy Code that provides for or contemplates the use of net operating loss carryforwards and other tax attributes under, and subject to the limitations of, Section 382(l)(6) of the I.R.C.

(iii) "Applicable Percentage" means, if only one class of Affected Securities is to be issued pursuant to the terms of a 382(l)(5) Plan, 4.75% of the number of such shares that the Debtors reasonably estimate will be issued at the effective date of such 382(l)(5) Plan. If more than one class of Affected Securities is to be distributed pursuant to the terms of a 382(l)(5) Plan, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Disclosure Statement, and shall be expressed in a manner that makes clear how many shares of common equity would constitute the Applicable Percentage.

(iv) "Beneficial Ownership" of claims shall be determined in accordance with applicable rules under Section 382 of the I.R.C. and regulations promulgated thereunder, as if

14

such rules applied to claims in the same manner
as they apply to equity except to the extent
inconsistent with rules and regulations
specifically applicable to the ownership of
claims.

(v)  "<u>Beneficial Claimholders</u>"
means those Entities that have Beneficial
Ownership of claims.

(vi)  "<u>claim</u>" shall have the meaning
ascribed to that term in Section 101(5) of the
Bankruptcy Code and includes, without limitation,
a lessor's right to any current or future payment
under or arising out of any lease with respect to
which any Debtor is a lessee.

(vii)  "<u>Confirmation Date</u>" means the
date on which the Court enters an order
confirming a 382(l)(5) Plan.

(viii)  "<u>Confirmation Hearing</u>" means a
hearing held before this Court on the
confirmation of the 382(l)(5) Plan pursuant to
Section 1129 of the Bankruptcy Code.

(ix)  "<u>382(l)(5) Disclosure
Statement</u>" means a disclosure statement filed
with the Court relating to a 382(l)(5) Plan.

(x)  "<u>Effective Date</u>" means the
date on which the 382(l)(5) Plan becomes
effective, but in no event less than thirty (30)
calendar days from the Confirmation Date.

(xi)  "<u>Entity</u>" means a person or
entity for purposes of the rules under Section
382 of the I.R.C.

(xii)  "<u>Incremental Holdings</u>" means
the amount, if any, of Claims identified in each
Substantial Claimholders' Final Holdings Report
in excess of the greater of (i) the amount
contained in each respective Substantial
Claimholder's Initial Holdings Report and (ii)
the Threshold Amount as of the Disclosure
Statement Notice Record Date.

(xiii)  "<u>Newly Traded Claims</u>" means
claims (i) with respect to which an Entity
acquired beneficial ownership after the date that
was 18 months before the Petition Date; and (b)
that are not "ordinary course" claims, within the
meaning of Treasury Regulations Section 1.382-
9(d)(2)(iv), of which the same Entity has always
had beneficial ownership.

(xiv)  "<u>Permitted Substantial
Claimholder</u>" means a Substantial Claimholder whom
the Debtors reasonably conclude acquired its
claim in the ordinary course of the Debtors'
trade or business (within the meaning of Treasury
Regulations Section 1.382-9(d)(2)(iv)) and has at
all times since the creation of such claim held
the Beneficial Ownership in that claim.

(xv)  "<u>Petition Date</u>" means November
10, 2008.

(xvi)  "<u>Protected Amount</u>" means the
amount of claims of which a Beneficial
Claimholder had Beneficial Ownership on the
Petition Date, increased by the amount of claims
of which such Beneficial Claimholder acquires
Beneficial Ownership pursuant to trades entered
into before the Petition Date that had not yet
closed as of the Petition Date minus the amount
of claims that such Beneficial Claimholder sells
pursuant to trades entered into before the
Petition Date that had not yet closed as of the
Petition Date.

(xvii)  "<u>Substantial Claimholder</u>"
means a Beneficial Claimholder who holds more
than the Threshold Amount as of the applicable
record date and time, as described in Paragraphs
4(a) and 4(c) above.

(xviii)  "<u>Threshold Amount</u>" means the
amount of claims that are projected by the
Debtors to entitle the Beneficial Claimholder
thereof to become the Beneficial Claimholder of
the Applicable Percentage of Affected Securities.

(xix) "Total Incremental Holdings" means the aggregate amount of all of each Substantial Claimholders' Incremental Holdings.

5.  Any notice required by the Order to be served by Substantial Claimholders, if effected prior to the filing of a proof of claim by a Substantial Claimholder, will not limit the right of a creditor to assert any and all claims, whether or not such claims are in addition to or differ from those listed on the notice, in a proof of claim filed in accordance with any future orders of this Court.

6.  The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

7.  The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as Exhibit C on (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Eastern District of Virginia; (e) counsel to the Prepetition Lenders; (f) the parties included on the Debtors' list of fifty (50) largest

unsecured creditors; (g) any statutory committee appointed
under Section 1102 of the Bankruptcy Code; and (h) the
transfer agents for any Circuit City Stock.  Notice served
pursuant to the preceding sentence shall be via first class
mail, postage prepaid.  The Debtors shall also file a copy
of this Order as an exhibit to a report on Form 8-K filed
with the Securities and Exchange Commission.  Additionally,
the Debtors shall publish the Notice of Order in *The Wall
Street Journal* and *The Financial Times* (U.S. edition).  No
further notice of entry of this Order need be served by the
Debtors.

      8.  Any transfer agent(s) for any Circuit City
Stock having notice hereof shall provide such Notice of
Order to all holders of such Circuit City Stock in excess
of 4,000,000 shares registered with such transfer agent;
provided that, if any transfer agent provides the Debtors
with the name and addresses of all holders of such Circuit
City Stock, the Debtors shall deliver the Notice of Order
to such holders.  Any such registered holder must, in turn,
provide such Notice of Order to any holder for whose
account such registered holder holds such Circuit City
Stock in excess of 4,000,000 shares, and so on down the
chain of ownership.

9.   Any person or entity or broker or agent acting on their behalf which sells claims against the Debtors in the aggregate principal amount of at least $3,340,000 to another person or entity shall provide notification of the existence of this Order or its contents to such purchaser of such claims or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.  Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount of at least 2,000,000 shares of Circuit City Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Circuit City Stock or to any broker or agent acting on such purchaser's behalf.

10. The entry of this Order shall be final; provided, however, that (a) within ten (10) days after the Creditors' Committee has been formed, the Creditors' Committee may object (an "Objection") to the prospective application of this Order from and after the date of such Objection, and (b) pending such hearing, this Order shall remain in full force and effect.  If an Objection is timely filed by the Creditors' Committee, (a) a hearing will be held before this Court on December 5, 2008 at 10:00 a.m.

(Eastern) and (b) further notice will be served on order of the Court; provided, however, that if an Objection is timely filed and such Objection is resolved prior to a hearing on such Objection in a manner that does not require a revision of the Order, then the Notice of Order shall be sent as provided in Paragraph 11 below.

11. If no Objection is timely filed and served, or if an Objection is timely filed and such Objection is resolved prior to a hearing on such Objection in a manner that does not require a revision of the Order, the Debtors shall send the Notice of Order to (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Eastern District of Virginia; (e) counsel to the agent for the Prepetition Lenders; (f) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (g) any statutory committee appointed under Section 1102 of the Bankruptcy Code; (h) the transfer agents for any Circuit City Stock; and (i) all parties who file notices of transfers of claims under Bankruptcy Rule 3001; and (l) all known creditors. Upon receipt of the Notice of Order, any transfer agent for any Circuit City

Stock shall send such Notice of Order to all holders of
such Circuit City Stock registered with such transfer agent;
provided, however, that if any transfer agent provides the
Debtors with the name and addresses of all holders of such
Circuit City Stock, the Debtors shall deliver the Notice of
Order to such holders.  Any such registered holder shall,
in turn, provide such Notice of Order to any holder for
whose account such registered holder holds such Circuit
City Stock, and so on down the chain of ownership. Any
person or entity or broker or agent acting on their behalf
which sells claims against the Debtors in the aggregate
principal amount of at least $3,340,000 to another person
or entity shall provide notification of the existence of
this Order or its contents to such purchaser of such claims
or to any broker or agent acting on such purchaser's behalf,
to the extent reasonably feasible.  Additionally, any
person or entity or broker or agent acting on their behalf
who sells 2,000,000 shares of Circuit City Stock (or an
Option with respect thereto) to another person or entity
must provide a copy of the Notice of Order authorizing such
procedures to such purchaser, or any broker or agent acting
on their behalf, of such claims or Circuit City Stock.  The
Debtors shall also file a copy of the Order as an exhibit

12.   The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

13.   The requirement under Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

14.   This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        November _____, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that notice of the Debtors' intent to
seek entry of the foregoing proposed order was provided to
the parties identified in the Motion and copy of this
proposed order was provided to the Office of the United
States Trustee for the Eastern District of Virginia prior
to submission to this Court.

                                /s/ Douglas M. Foley

EXHIBIT A-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. __-____ (___)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :
                              :
- - - - - - - - - - - - - - x
```

**NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER**[3]


          PLEASE TAKE NOTICE that [Name of Shareholder]
is/has become a Substantial Shareholder with respect to
Circuit City Stock (as defined herein and in the Order) of
Circuit City Stores, Inc., a debtor and debtor-in-

---

[3]   For purposes of this Order, (A) a "Substantial Shareholder" is any
      person or entity which beneficially owns at least 7,848,226 shares
      (representing approximately 4.75% of all issued and outstanding
      shares) of the common stock of ("Circuit City Stock"), and (B)
      "beneficial ownership" (or any variation thereof of Circuit City
      Stock and Options to acquire Circuit City Stock) shall be determined
      in accordance with applicable rules under Section 382 of the I.R.C.,
      Treasury Regulations promulgated thereunder and rulings issued by
      the Internal Revenue Service, and thus, to the extent provided
      therein, from time to time shall include, without limitation, (i)
      direct and indirect ownership (e.g., a holding company would be
      considered to beneficially own all shares owned or acquired by its
      subsidiaries), (ii) ownership by such holder's family members and
      persons acting in concert with such holder to make a coordinated
      acquisition of stock, and (iii) an Option to acquire Circuit City
      Stock.  An "Option" to acquire stock includes any contingent
      purchase, warrant, convertible debt, put, stock subject to risk of
      forfeiture, contract to acquire stock, or similar interest,
      regardless of whether it is contingent or otherwise not currently
      exercisable.  For the avoidance of doubt, by operation of the
      definition of beneficial ownership in clause (B) of this Paragraph,
      an owner of an Option to acquire Circuit City Stock may be treated
      as the owner of such Circuit City Stock.

possession in Case No. [____] pending in the United States
Bankruptcy Court for the Eastern District of Virginia.


      PLEASE TAKE FURTHER NOTICE that, as of [Date],
[Name of Shareholder] beneficially owns [_____] shares
of the Circuit City Stock.  The following table sets forth
the date(s) on which [Name of Shareholder] acquired or
otherwise became the beneficial owner of such Circuit City
Stock:

| Number Of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if
necessary)

      PLEASE TAKE FURTHER NOTICE that the last four
digits of the taxpayer identification or social security
number of [Name of Shareholder] is [_____].


      PLEASE TAKE FURTHER NOTICE that, under penalties
of perjury, [Name of Shareholder] hereby declares that it
has examined this Notice and accompanying attachments (if
any), and, to the best of its knowledge and belief, this
Notice and any attachments which purport to be part of this
Notice are true, correct, and complete.


      PLEASE TAKE FURTHER NOTICE that, pursuant to that
certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed.
R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing,
And Sell-Down Procedures For Trading In Equity Securities
And Claims Against The Debtors' Estates (Docket No. [_]),
this Notice is being (a) filed with the Office of the
United States Trustee for the Eastern District of Virginia,
701 East Broad Street, Suite 4304, Richmond, Virginia,
(Attn: Robert B. Van Arsdale) and (b) served upon counsel
to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP,
One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn:
Gregg Galardi).


      Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____

Name:        _____

Title:       _____

Address:     _____

             _____

             _____

Telephone:_____

Facsimile:_____

Date:        _____

EXHIBIT A-2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. __-____ (___)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :
- - - - - - - - - - - - - - x
```

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Circuit City Stock (as defined herein and in the Order) of Circuit City Stores, Inc. or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Shareholder[1] with the

---

[1]   For purposes of this Order, (A) a "Substantial Shareholder" is any person or entity which beneficially owns at least 7,848,226 shares (representing approximately 4.75% of all issued and outstanding shares) of the common stock of ("Circuit City Stock"), and (B) "beneficial ownership" (or any variation thereof of Circuit City Stock and Options to acquire Circuit City Stock) shall be determined in accordance with applicable rules under Section 382 of the I.R.C., Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated

*(cont'd)*

United States Bankruptcy Court for the Eastern District of
Virginia (the "Court") and served copies thereof on
Debtors' counsel.

          PLEASE TAKE FURTHER NOTICE THAT [Name of
Prospective Acquirer] currently beneficially owns
[_____] shares of Circuit City Stock.

          PLEASE TAKE FURTHER NOTICE THAT, pursuant to the
Proposed Transfer, [Name of Prospective Acquirer] proposes
to purchase, acquire, or otherwise accumulate
[_____] shares of Circuit City Stock or an Option
with respect to [_____] shares of Circuit City
Stock.  If the Proposed Transfer is permitted to occur,
[Name of Prospective Acquirer] will beneficially own
[_____] shares of Circuit City Stock after the
transfer (including any Options with respect to any Common
Stock).

          PLEASE TAKE FURTHER NOTICE THAT the last four
digits of the taxpayer identification or social security
number of [Name of Prospective Acquirer] is
[_____].

          PLEASE TAKE FURTHER NOTICE that, under penalties
of perjury, [Name of Prospective Acquirer] hereby declares
that it has examined this Notice and accompanying
attachments (if any), and, to the best of its knowledge and
belief, this Notice and any attachments which purport to be
part of this Notice are true, correct, and complete.

          PLEASE TAKE FURTHER NOTICE that, pursuant to that
certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed.

_____
*(cont'd from previous page)*
     acquisition of stock, and (iii) an Option to acquire Circuit City
     Stock.  An "Option" to acquire stock includes any contingent
     purchase, warrant, convertible debt, put, stock subject to risk of
     forfeiture, contract to acquire stock, or similar interest,
     regardless of whether it is contingent or otherwise not currently
     exercisable.  For the avoidance of doubt, by operation of the
     definition of beneficial ownership in clause (B) of this Paragraph,
     an owner of an Option to acquire Circuit City Stock may be treated
     as the owner of such Circuit City Stock.

R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale), and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:      _____

Name:    _____

Title:   _____

Address: _____

3

_____

_____

Telephone:_____

Facsimile:_____

Date:      _____

<u>EXHIBIT A-3</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                           :
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    Case No. __-____ (___)
et al.,                    :
                           :    Jointly Administered
            Debtors.       :
                           :
- - - - - - - - - - - - - - x
```

**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE
TRANSFER AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Circuit City Stock (as defined herein and in the Order) of Circuit City Stores, Inc. or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Shareholder[1] with the United States

---

[1]  For purposes of this Order, (A) a "Substantial Shareholder" is any person or entity which beneficially owns at least 7,848,226 shares (representing approximately 4.75% of all issued and outstanding shares) of the common stock of ("Circuit City Stock"), and (B) "beneficial ownership" (or any variation thereof of Circuit City Stock and Options to acquire Circuit City Stock) shall be determined in accordance with applicable rules under Section 382 of the I.R.C., Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Circuit City Stock.  An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not

*(cont'd)*

5

Bankruptcy Court for the Eastern District of Virginia (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of Prospective Seller] currently beneficially owns [_____] shares of the Circuit City Stock (including any Options with respect to any Circuit City Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade, or otherwise transfer [_____] shares of Circuit City Stock or an Option with respect to [_____] shares of Circuit City Stock.  If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own [_____] shares of Circuit City Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of [Name of Prospective Seller] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale), and (b) served upon counsel to the Debtors, Skadden, Arps, Slate,

_____
*(cont'd from previous page)*
    currently exercisable.  For the avoidance of doubt, by operation of the definition of beneficial ownership in clause (B) of this Paragraph, an owner of an Option to acquire Circuit City Stock may be treated as the owner of such Circuit City Stock.

Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).


      PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.


      PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.


                              Respectfully Submitted,


                              _____
                              (Name of Shareholder)

             By:        _____

             Name:      _____

             Title:     _____

             Address:   _____

                              _____

_____

Telephone:_____

Facsimile:_____

Date:       _____

<u>Exhibit B-1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                   :
In re:                :   Chapter 11
                   :
CIRCUIT CITY STORES, INC., :   Case No. __-____ (___)
<u>et</u> <u>al</u>.,             :
                   :   Jointly Administered
         Debtors.   :
                   :
- - - - - - - - - - - - - - x

**NOTICE OF (A) FILING OF DISCLOSURE STATEMENT WITH RESPECT TO 382(l)(5) PLAN OF REORGANIZATION, (B) THRESHOLD AMOUNT, (C) DISCLOSURE STATEMENT NOTICE RECORD DATE AND (D) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.    Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the " Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.    Notice of Filing of Disclosure Statement with Respect to 382(l)(5) Plan of Reorganization.** On [Date], the Debtors filed a disclosure statement (Docket No. [_]) with respect to the [caption of plan] (Docket No. [_]) (the "Plan"). The Plan is a 382(l)(5) Plan, as defined in the Trading Order and has been filed with the Court.

**3.    Threshold Amount.** The Debtors' most current estimate of the Threshold Amount[6] of Claims is [____].

---

[6]    The term "Threshold Amount" is defined in the Trading Order as: "the amount of claims that are projected by the Debtors to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder

*(cont'd)*

**4.     Disclosure Statement Notice Record Date.** The Disclosure Statement Notice Record Date is 5:00 p.m., Eastern Time, on [insert date that is ten business days prior to the date set for the hearing on the Disclosure Statement].

**5.     Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Disclosure Statement Notice Record Date must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Initial Holdings Report") identifying (a) the nature and amount of Claims held by such Beneficial Holder as of the Disclosure Statement Notice Record Date and (b) the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[7]

**6.     Deadline for Serving Initial Holdings Report.** The Initial Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three business days prior to the first date set by the Court for the hearing to consider the Disclosure Statement].

Dated: Richmond, Virginia                    BY ORDER OF THE COURT
       [Date]

_____

*(cont'd from previous page)*
    of the Applicable Percentage of Affected Securities."

[7]    The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

<u>Annex 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. __-____ (___)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :
- - - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (<u>e.g.</u>, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|--|--|
|  |  |

**Total**

2.    As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.

3.    In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:

a.    Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com

Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:            _____

<u>EXHIBIT B-2</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. __-____ (___)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :
- - - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |

**Total**


2.    As of the Petition Date, the undersigned's
Protected Amount of Claims in excess of the Threshold Amount
of Claims was $_____.

3.    In accordance with the Trading Order, a copy
of this Initial Holdings Report was served by the
undersigned by fax and e-mail on:

      a.    Counsel for the Debtors:

      Gregg M. Galardi, Esq.
      SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
      One Rodney Square, PO Box 636
      Wilmington, Delaware 19899-0636
      Facsimile: (302) 651-3001
      E-mail: Gregg.Galardi@skadden.com


Name:                        _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                   _____

If by Authorized
Agent, Name and
Title:                       _____

Street Address:
City, State,
Zip Code:                    _____

Telephone Number:            _____

Date:                        _____

EXHIBIT B-3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                               :
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. __-____ (___)
et al.,                        :
                               :   Jointly Administered
              Debtors.         :
                               :
- - - - - - - - - - - - - - x
```

**NOTICE OF (A) THRESHOLD AMOUNT,
(B) PRE-CONFIRMATION NOTICE RECORD DATE AND
(C) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.    Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.    Threshold Amount.** The Debtor's current estimate of the Threshold Amount[1] of Claims is [____].

**3.    Pre-Confirmation Notice Record Date.** The Pre-Confirmation Notice Record Date is 5:00 p.m., Eastern Time, on [the service date, which shall not be less than ten days

---

[1]    The term "Threshold Amount" is defined in the Trading Order as: "the amount of claims that are projected by the Debtors, in consultation with the Creditors' Committee, to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder of the Applicable Percentage of Affected Securities."

prior to the first date set by the Court for the commencement of Confirmation Hearing].

       **4.   Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Pre-Confirmation Notice Record Date (each, a "Substantial Claimholder") must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Final Holdings Report") identifying the nature and amount of Claims held by such Beneficial Holder as of the Pre-Confirmation Notice Record Date. To the extent any Substantial Claimholder did not file an Initial Holdings Report (as defined in the Trading Order), such Substantial Claimholder must also complete paragraph 2 of the Final Holdings Report identifying the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[2]

       **5.   Deadline for Serving Final Holdings Report.** The Final Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

Dated: Richmond, Virginia       BY ORDER OF THE COURT
     [Insert Date]

---

[2]    The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

ANNEX 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. __-____ (___)
et al.,                    :
                           :   Jointly Administered
            Debtors.       :
                           :
- - - - - - - - - - - - - - x
```

**FINAL HOLDINGS REPORT**

This Final Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1. As of the Pre-Confirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

| | |
|---|---|
| | |
| | |
| | |

**Total**

2.   As of the Petition Date, the undersigned's **Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

3.   In accordance with the Trading Order, a copy **of this Final Holdings Report was served by the undersigned by e-mail and fax on:**

a.   Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com


Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:                    _____

<u>EXHIBIT B-4</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. __-____ (___)
<u>et</u> <u>al</u>.,                     :
                              :   Jointly Administered
              Debtors.        :
                              :
- - - - - - - - - - - - - - x

**FINAL HOLDINGS REPORT**

        This Final Holdings Report is being submitted as

required by the Order Under 11 U.S.C. §§ 105, 362 And 541

And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice,

Hearing, And Sell-Down Procedures For Trading In Equity

Securities And Claims Against The Debtors' Estates (Docket

No. [_]) (the "Trading Order"). Unless otherwise defined in

this Report, capitalized terms and phrases used herein have

the meanings given to them in the Trading Order.


        **1.  As of the Pre-Confirmation Notice Record Date,
the undersigned is the Beneficial Owner of the following
Claims:**

| Nature of Claim(s) (<u>e.g.</u>, trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

**Total**

       **2.   As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.**

       **3.   In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e-mail and fax on:**

       a.   Counsel for the Debtors:

       Gregg M. Galardi, Esq.
       SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
       One Rodney Square, PO Box 636
       Wilmington, Delaware 19899-0636
       Facsimile: (302) 651-3001
       E-mail: Gregg.Galardi@skadden.com

Name:               _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:          _____

If by Authorized
Agent, Name and
Title:             _____

Street Address:
City, State,
Zip Code:         _____

Telephone Number:    _____

Date:                _____

<u>Exhibit B-5</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. __-____ (___)
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :
- - - - - - - - - - - - - - x
```

**NOTICE OF (A) CONFIRMATION OF 382(l)(5) PLAN OF
REORGANIZATION, (B) MAXIMUM AMOUNT AND
(C) OBLIGATIONS OF SUBSTANTIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.    Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.    Notice of Confirmation of 382(l)(5) Plan of Reorganization.** On [Date], the United States Bankruptcy Court for the Eastern District of Virginia confirmed the Plan. The Plan is a 382(l)(5) Plan as defined in the Trading Order.

**3.    Maximum Amount of Claims that May Be Held by a Substantial Claimholder.** In accordance with Section 4 of the Trading Order, the Debtor has calculated the Maximum Amount of Claims that may be held by [name of Substantial Claimholder], as of the Effective Date of the 382(l)(5) Plan, to be $[___]. Such Amount was determined as follows:

[Insert Calculation]

**4.    Sell Down Amount**. The total amount of Claims
that all Substantial Claimholders must sell (to parties
other than Substantial Claimholders or parties that would
become Substantial Claimholders by reason of such sales to
them) to effectuate the 382(l)(5) Plan is $[___].

[Insert Calculation]

**5.    Objection to Maximum Amount or Sell Down
Amount.** A Substantial Claimholder who has complied with the
notice procedures contained in Section 4 of the Trading
Order may, no later than 10 calendar days <u>from service</u> of
this Sell-Down Notice, object to the manner in which the
Maximum Amount or the Sell-Down Amount specified in this
Sell-Down Notice were calculated or on the grounds that this
Sell-Down Notice contains a mathematical error that would
result in requiring the Substantial Claimholder to reduce
its ownership below the Maximum Amount or the Protected
Amount for such Substantial Claimholder. Any such objection
must be e-mailed and faxed to counsel to the Debtors at the
e-mail addresses and fax numbers identified on the attached
Annex 1. In connection with any such objection, the
Substantial Claimholder shall disclose its holdings to
counsel to the Debtors as of the time of the filing of the
objection and as of the time of any hearing on such
objection. The Debtors may serve a new Sell-Down Notice by
overnight delivery service within the United States
correcting such errors; any Substantial Claimholder required
to sell additional Claims as a result of such correction
shall have 20 calendar days <u>from service</u> of any new Sell-
Down Notice to effect the additional Sell-Down.

**6.    Obligations of Substantial Claimholders**. As
ordered and directed in the Trading Order, prior to the
Effective Date, each Substantial Claimholder shall sell an
amount of Claims equal to its share of the Sell-Down Amount
or such other amount necessary so that no Substantial
Claimholder shall, as of the Effective Date, hold Claims in
excess of the Maximum Amount for such claimholder (the
"<u>Sell-Down</u>"). Each Substantial Claimholder shall sell or
otherwise transfer its Claims subject to the Sell-Down to
unrelated persons or entities; provided further that the
Substantial Claimholder shall not have a reasonable basis to
believe that such persons or entities, would own,
immediately after the contemplated consummation of such

- 2 -

transfer, an amount of Claims in excess of the Maximum Amount for such claimholder.

       **7.**   **Notice of Compliance.** A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, e-mail and fax to counsel to the Debtors at the e-mail address and fax number identified on the attached Annex 1, a written statement in the form attached hereto as Annex 1 that such Substantial Claimholder has complied with the terms and conditions set forth in this Notice and Paragraph 4 of the Trading Order and that such Substantial Claimholder does not hold Claims, as of the Effective Date, in an amount in excess of the Maximum Amount.

Dated: Richmond, Virginia         BY ORDER OF THE COURT
      [Insert Date]

<u>ANNEX 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. __-____ (___)
<u>et</u> <u>al</u>.,                      :
                              :   Jointly Administered
              Debtors.        :
                              :
- - - - - - - - - - - - - - x

**NOTICE OF COMPLIANCE**

This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.**   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

**2.**   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

**3.   Service Information.**

a.    Counsel for the Debtors:

    Gregg M. Galardi, Esq.
    SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
    One Rodney Square, PO Box 636
    Wilmington, Delaware 19899-0636
    Facsimile: (302) 651-3001
    E-mail: Gregg.Galardi@skadden.com


Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:                    _____

<u>EXHIBIT B-6</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. __-____ (___)
et al.,                      :
                             :   Jointly Administered
            Debtors.         :
                             :
- - - - - - - - - - - - - - x
```

**NOTICE OF COMPLIANCE**

This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. [_]) (the "Trading Order").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.**   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

**2.**   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

**3.**   **Service Information.**

a.    Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com


Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:               _____

If by Authorized
Agent, Name and
Title:                   _____

Street Address:
City, State,
Zip Code:                _____

Telephone Number:        _____

Date:                    _____

<u>EXHIBIT C</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. __-____ (___)
et al.,                       :
                              :   Jointly Administered
            Debtors.          :
                              :
- - - - - - - - - - - - - - - x
```

**NOTICE OF ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND
FED. R. BANKR. P. 3001 AND 3002 ESTABLISHING NOTICE,
HEARING, AND SELL-DOWN PROCEDURES FOR TRADING IN EQUITY
SECURITIES AND CLAIMS AGAINST THE DEBTORS' ESTATES**

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY
INTERESTS IN THE DEBTORS[10]:

PLEASE TAKE NOTICE that on November 10, 2008
("Petition Date"), Circuit City Stores, Inc. ("Circuit
City") and certain of its subsidiaries and affiliates
(the "Affiliate Debtors," and together with Circuit

---

[10]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc.
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address is 9950 Mayland Drive, Richmond, Virginia 23233.

3

City , the "Debtors"), commenced cases under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on November 10, 2008, the Debtors filed a motion seeking entry of an order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice, hearing, and sell-down procedures for trading in equity securities and claims against the debtors' estates (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT on [_____], 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") entered an order approving the procedures set forth below in order to preserve the Debtors' net operating losses and certain other tax attributes ("Tax Attributes") pursuant to sections 105, 362, and 541 of the Bankruptcy Code (the "Order").  **Except as otherwise provided in the Order, any sale or other transfer of claims against or equity securities in the Debtors in violation of the procedures set forth below shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.**

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the following procedures shall apply to holding and trading in EQUITY SECURITIES OF CIRCUIT CITY :

2.    Any purchase, sale, or other transfer of claims against, or equity securities in, the Debtors in violation of the procedures set forth herein (including the notice requirements set forth in Sections 3(a) and 4(a) and (c) below) shall be null and void ab initio as

an act in violation of the automatic stay under U.S.C.
§§ 362 and 105(a) of the Bankruptcy Code.

3.   The following procedures shall apply to
trading in equity securities of Circuit City Stores, Inc.
("Circuit City"):

Any person or entity (as defined in
Treasury Regulations Section 1.382-3(a) for purposes of
this Section 3) who currently is or becomes a
Substantial Shareholder (as defined in Paragraph (e)
below) shall file with this Court, and serve on counsel
to the Debtors, a notice of such status, in the form
attached hereto as Exhibit A-1, on or before the later
of (A) twenty (20) calendar days after the effective
date of the notice of entry of this Order or (B) ten (10)
calendar days after becoming a Substantial Shareholder.

At least thirty (30) calendar days prior
to effectuating any transfer of equity securities
(including Options to acquire such securities, as
defined below) that would result in an increase in the
amount of Circuit City Stock beneficially owned by a
Substantial Shareholder or would result in a person or
entity becoming a Substantial Shareholder, such
Substantial Shareholder shall file with this Court, and
serve on counsel to the Debtors, advance written notice,
in the form attached hereto as Exhibit A-2, of the
intended transfer of equity securities.

At least thirty (30) calendar days prior
to effectuating any transfer of equity securities
(including Options to acquire such securities) that
would result in a decrease in the amount of Circuit City
Stock beneficially owned by a Substantial Shareholder or
would result in a person or entity ceasing to be a
Substantial Shareholder, such Substantial Shareholder
shall file with this Court, and serve on counsel to the
Debtors, advance written notice, in the form attached
hereto as Exhibit A-3, of the intended transfer of
equity securities (the notices required to be filed and
served under Paragraph (b) and this Paragraph (c), each
a "Notice of Proposed Transfer").

The Debtors shall have thirty (30)
calendar days after receipt of a Notice of Proposed
Transfer to file with this Court and serve on such
Substantial Shareholder an objection to any proposed
transfer of equity securities described in the Notice of
Proposed Transfer on the grounds that such transfer may
adversely affect the Debtors' ability to utilize their
Tax Attributes.  If the Debtors file an objection, such
transaction will not be effective unless approved by a
final and nonappealable order of this Court.  If the
Debtors do not object within such 30-day period, such
transaction may proceed solely as set forth in the
Notice of Proposed Transfer.  Further transactions
within the scope of this Paragraph must be the subject
of additional notices as set forth herein, with an
additional 30-day waiting period.

For purposes of this Order, (A) a
"Substantial Shareholder" is any person or entity which
beneficially owns at least 7,848,226 shares
(representing approximately 4.75% of all issued and
outstanding shares) of the common stock of ("Circuit
City Stock"), and (B) "beneficial ownership" (or any
variation thereof of Circuit City Stock and Options to
acquire Circuit City Stock) shall be determined in
accordance with applicable rules under Section 382 of
the I.R.C., Treasury Regulations promulgated thereunder
and rulings issued by the Internal Revenue Service, and
thus, to the extent provided therein, from time to time
shall include, without limitation, (i) direct and
indirect ownership (e.g., a holding company would be
considered to beneficially own all shares owned or
acquired by its subsidiaries), (ii) ownership by such
holder's family members and persons acting in concert
with such holder to make a coordinated acquisition of
stock, and (iii) an Option to acquire Circuit City Stock.
An "Option" to acquire stock includes any contingent
purchase, warrant, convertible debt, put, stock subject
to risk of forfeiture, contract to acquire stock, or
similar interest, regardless of whether it is contingent
or otherwise not currently exercisable.  For the
avoidance of doubt, by operation of the definition of
beneficial ownership in clause (B) of this Paragraph, an

owner of an Option to acquire Circuit City Stock may be
treated as the owner of such Circuit City Stock.

   4.   The following procedures shall apply to

trading in claims against the Debtors:

       Notice of 382(l)(5) Plan and 382(l)(5)
Disclosure Statement. The Debtors shall, upon filing a
disclosure statement with respect to a 382(l)(5) Plan (a
"382(l)(5) Disclosure Statement"), simultaneously file
with the Court and further publish and serve in the
manner specified in Paragraph (j) below a separate
notice ("Disclosure Statement Notice") in substantially
the form attached as Exhibit B-1. The Disclosure
Statement Notice shall (i) state that a 382(l)(5) Plan
has been filed with the Court, (ii) disclose the most
current estimate of the Threshold Amount and (iii) set a
record date, which shall be 5:00 p.m., Eastern Time, on
the date set by the Court that is ten (10) business days
prior to the date set for the hearing on the 382(l)(5)
Disclosure Statement (the "Disclosure Statement Notice
Record Date").  Each Beneficial Claimholder who holds
more than the Threshold Amount (each, a "Substantial
Claimholder") as of the Disclosure Statement Notice
Record Date is hereby ordered and directed to email and
fax to counsel to the Debtors a report in the form
attached hereto as Exhibit B-2 (the "Initial Holdings
Report") identifying: (I) the nature and amount of
Claims held by such Beneficial Claimholder as of the
Disclosure Statement Notice Record Date (the "Initial
Holdings"); and (II) the Protected Amount that is in
excess of the Threshold Amount. The Initial Holdings
Report shall be subject to the confidentiality
provisions set forth in Paragraph (i) below and shall be
served in accordance with the preceding sentence no
later than three (3) business days prior to the first
date set by the Court for the hearing to consider the
382(l)(5) Disclosure Statement to the email addresses
and fax numbers identified on the attached Exhibit B-2.
In the event that the hearing to consider the 382(l)(5)
Disclosure Statement is adjourned or continued,
Substantial Claimholders shall not be required to amend

7

or update their Initial Holdings Reports unless, in the event of an adjournment or continuance, the Debtors establish a new Disclosure Statement Notice Record Date and provides notice thereof, in which case the process above will re-commence.

          382(l)(5) Disclosure Statement. The 382(l)(5) Disclosure Statement shall contain information adequate to permit a party entitled to vote on a 382(l)(5) Plan to determine whether a 382(l)(5) Plan provides greater value than possible alternatives and shall include, without limitation, the following disclosures: (i) the net present value of the projected tax savings of the 382(l)(5) Plan as compared to a 382(l)(6) Plan based on the financial projections included in the 382(l)(5) Disclosure Statement; (ii) a description of the restrictions on trading with respect to the common stock and any other securities of the reorganized Debtors (the "Affected Securities") that will be required or imposed under the 382(l)(5) Plan after the Effective Date to preserve such tax savings; (iii) the projected value of the Affected Securities in the aggregate; and (iv) the projected tax savings of the 382(l)(5) Plan as a percentage of the aggregate value of the Affected Securities. In addition, the Debtors shall promptly (and in any event before the end of the hearing on the 382(l)(5) Disclosure Statement) disclose on a separate filing with the SEC on Form 8-K (i) the aggregate amount of Initial Holdings (the "Total Initial Holdings") and (ii) the estimated maximum amount and percentage of the Total Initial Holdings in each class that may be required to be sold down as provided below. Such disclosures shall be included in the final 382(l)(5) Disclosure Statement. The foregoing does not limit in any way the right of any party in interest to object to the adequacy of the information in the 382(l)(5) Disclosure Statement.

          Notice of Claimholder Acceptance of 382(l)(5) Plan.  The Debtor shall file with the Court and further publish and serve in the manner specified in Paragraph (j) below, not less than ten (10) days prior to the commencement of the Confirmation Hearing, a

notice (the "Pre-Confirmation Notice") substantially in the form attached hereto as Exhibit B-3, setting forth: (i) a record date, which shall be 5:00 p.m., Eastern Time, on a date that is ten (10) days prior to the first date set by the Court for the Confirmation Hearing (the "Pre-Confirmation Notice Record Date"); and (ii) identifying the most current estimate of the Threshold Amount (determined as of the Pre-Confirmation Notice Record Date). Each Beneficial Claimholder who is a Substantial Claimholder (as determined by the Threshold Amount identified in the Pre-Confirmation Notice) as of the Pre-Confirmation Notice Record Date is hereby ordered and directed to deliver, via e-mail and fax, a report in the form attached hereto as Exhibit B-4 (the "Final Holdings Report") identifying the nature and amount of claims held by such Beneficial Claimholder as of the Pre-Confirmation Notice Record Date (the "Final Holdings"). The Final Holdings Report shall be subject to the confidentiality provisions set forth in Paragraph (i) below and shall be served on counsel to the Debtors no later than the date that is three (3) business days prior to the first date set by the Court for the Confirmation Hearing to the e-mail addresses and fax numbers identified on the attached Exhibit B-2. For any Substantial Claimholder who did not serve an Initial Holdings Report, the Final Holdings Report shall also contain such Substantial Claimholder's Protected Amount that is in excess of the Threshold Amount.  In the event that the Confirmation Hearing is adjourned or continued, Substantial Claimholders shall not be required to amend or update their Final Holdings Reports unless, in the event of an adjournment or continuance, the Debtors establish a new Pre-Confirmation Notice Record Date and provides notice thereof, in which case the process above will re-commence.

Sell-Down Notice.  If the Court confirms the 382(l)(5) Plan, the Debtors shall serve a notice substantially in the form attached hereto as Exhibit B-5 (the "Sell-Down Notice") by overnight delivery service within the United States upon each Substantial Claimholder (as of the Pre-Confirmation Notice Record Date) within five (5) business days after the entry of

the order confirming the 382(l)(5) Plan.  The Sell-Down
Notice shall (i) state that the 382(l)(5) Plan has been
confirmed; (ii) contain the results of the calculations
described in Paragraph (f)(i) below, including the
calculation of the Maximum Amount and the information
used to perform all such calculations to the extent that
the Debtors are not required by this Order or other
confidentiality restrictions to keep such information
confidential; and (iii) provide notice that, pursuant to
this Order, each Substantial Claimholder is ordered and
directed to comply with the Sell-Down Procedures (set
forth in Paragraph (f) below) before the Effective Date.

          Effective Date.  The Effective Date of
any 382(l)(5) Plan shall not be earlier than thirty (30)
calendar days after the Confirmation Date.

          Sell-Down Procedures.  If and only to the
extent that a 382(l)(5) Plan is confirmed by this Court
then, to the extent necessary to effectuate the 382(l)(5)
Plan, each Beneficial Claimholder who is, as of the Pre-
Confirmation Notice Record Date, a Substantial
Claimholder (other than a Permitted Substantial
Claimholder whose Claims shall not be required to be
sold as part of the Sell-Down pursuant to Paragraph
(f)(ii) below), is hereby ordered and directed to comply
with the following sell-down procedures (the "Sell-Down
Procedures"):

          The Maximum Amount. The
Debtors shall calculate the maximum amount of
claims that may be held, as of the Effective
Date of the 382(l)(5) Plan, by a Substantial
Claimholder that was a Substantial Claimholder
as of the Pre-Confirmation Notice Record Date
(the "Maximum Amount") as follows:

               Based upon the information
provided by the Substantial Claimholders in
the Final Holdings Reports, the Debtors shall
calculate the total amount of claims that all
Substantial Claimholders must sell to
effectuate the 382(l)(5) Plan assuming that
all Incremental Holdings will be sold prior to

any Sell-Down of claims held by the
Substantial Claimholders prior to the
Disclosure Statement Notice Record Date and
taking into account in its determination the
portion of claims held by Substantial
Claimholders that the Debtors reasonably
conclude (based on evidence furnished by the
Substantial Claimholders) have not existed
since a date that was 18 months before the
Petition Date and that are not "ordinary
course" claims, within the meaning of Treasury
Regulations Section 1.382- 9(d)(2)(iv) (the
"Sell-Down Amount").

          If the Sell-Down Amount is
less than or equal to the Total Incremental
Holdings, the Debtors shall calculate the
amount of each Substantial Claimholder's *pro
rata* share of the Sell-Down Amount (*i.e.*, the
Sell-Down Amount multiplied by a fraction, the
numerator of which is the Substantial
Claimholder's Incremental Holdings and the
denominator of which is the Total Incremental
Holdings);

          If the Sell-Down Amount
exceeds Total Incremental Holdings, the
Debtors shall calculate for each Substantial
Claimholder the amount of such Substantial
Claimholder's *pro rata* share of such excess
(*i.e.*, the total amount of such excess
multiplied by a fraction, the numerator of
which is such Substantial Claimholder's
Initial Holdings minus the Threshold Amount
and the denominator of which is the Total
Initial Holdings in excess of the Threshold
Amount of all Substantial Claimholders) and
add to that the amount of such Substantial
Claimholder's Incremental Holdings; and

          For each Substantial
Claimholder, the Debtors shall subtract from
the total claims held by such Substantial
Claimholder (as reported in the Final Holdings

Report) such Substantial Claimholder's share
of the Sell-Down Amount calculated in
accordance with clauses (ii) or (iii) above,
as applicable. The difference shall be the
Maximum Amount.

Sell-Down.  Prior to the
Effective Date, each Substantial Claimholder
shall sell an amount of claims equal to its
share of the Sell-Down Amount or such other
amount necessary so that no Substantial
Claimholder shall, as of the Effective Date,
hold claims in excess of the Maximum Amount
for such claimholder (the "Sell-Down");
provided, however, that notwithstanding
anything to the contrary in this Order, no
Beneficial Claimholder shall be required to
sell any claims if such sale would result in
such Beneficial Claimholder having Beneficial
Ownership of an aggregate amount of Claims
that is less than such Beneficial
Claimholder's Protected Amount. Each
Substantial Claimholder shall sell or
otherwise transfer its claims subject to the
Sell-Down to unrelated Entities; provided
further that the Substantial Claimholder shall
not have a reasonable basis to believe that
such Entity would own, immediately after the
contemplated consummation of such transfer, an
amount of claims in excess of the Maximum
Amount for such Claimholder.

Objections to Sell-Down
Notices.  A Substantial Claimholder who has
complied with the notice procedures contained
in this Section 4 may, no later than ten (10)
calendar days from service of the Sell-Down
Notice, object to the manner in which the
Maximum Amount or the Sell-Down Amount
specified in a Sell-Down Notice were
calculated or on the grounds that such notice
contained a mathematical error that would
result in requiring the Substantial

Claimholder to reduce its ownership below the
Maximum Amount or the Protected Amount for
such Substantial Claimholder. In connection
with any such objection, the Substantial
Claimholder shall disclose its holdings to
counsel to the Debtors as of the time of the
filing of the objection and as of the time of
any hearing on such objection. The Debtors may
serve a new Sell-Down Notice by overnight
delivery service within the United States
correcting such errors; any Substantial
Claimholder required to sell additional claims
as a result of such correction shall have
twenty (20) calendar days from service of any
new Sell-Down Notice to effect the additional
Sell-Down.

Notice of Compliance. A
Substantial Claimholder subject to the Sell-
Down shall, before the Effective Date and as a
condition to receiving Affected Securities,
deliver to counsel to the Debtors, a written
statement substantially in the form of Exhibit
B-6 hereto that such Substantial Claimholder
has complied with the terms and conditions set
forth in Paragraph (f)(ii) and that such
Substantial Claimholder will not hold claims,
as of the Effective Date, in an amount in
excess of the greater of the Maximum Amount or
the Protected Amount (if any) for such
Substantial Claimholder (the "Notice of
Compliance"). Any Substantial Claimholder who
fails to comply with this provision shall not
receive Affected Securities with respect to
any claims in excess of the greater of such
claimholder's Protected Amount or the then
current Threshold Amount.

Applicable Authority. For the
avoidance of doubt, Section 382 of the I.R.C.,
the Treasury Regulations promulgated
thereunder and all relevant Internal Revenue
Service and judicial authority shall apply in

determining whether the claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status. For these purposes and except as specifically provided with respect to claims ownership in the Treasury Regulations, the rules and authority identified in the preceding sentence shall be treated as if they applied to claims in the same manner as they apply to stock.

Subsequent Substantial Claimholders. To the extent that any Entity becomes a Substantial Claimholder after the date in which Final Holdings Reports are due, the Court shall retain jurisdiction so that the Debtors may seek equitable relief similar to the relief described in this Order in order to protect the Debtors' ability to apply Section 382(l)(5) of the I.R.C.

Claimholder Participation.  To permit reliance by the Debtors on Treasury Regulation Section 1.382-9(d)(3), any Beneficial Claimholder that participates in formulating any chapter 11 plan of reorganization of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan), shall not, and shall not be asked to, disclose (or otherwise make evident unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that any claims in which such Beneficial Claimholder has a beneficial ownership are Newly Traded Claims (the "Participation Restriction"). For this purpose, the Debtors acknowledge and agree that the following activities shall not, where in pursuing such activities the relevant Beneficial Claimholder does not disclose (or otherwise make evident) to the Debtors that such Beneficial Claimholder has beneficial ownership of Newly Traded Claims, constitute a violation of the Participation Restriction: (a) filing an objection to a proposed disclosure statement or to

14

confirmation of a proposed plan of reorganization; (b)
negotiating the terms of, or voting to accept or reject,
a proposed plan of reorganization; (c) reviewing or
commenting on a proposed business plan; (d) membership
on the Creditors' Committee or other official or *ad hoc*
committee; (e) providing information other than with
respect to its claims to the Debtors on a confidential
basis; or (f) taking any action required by this Order.
Any claimholder found by the Court to have violated the
Participation Restriction, and who, as a result, would
prevent the Debtors from implementing a 382(l)(5) Plan,
shall be required to dispose of Newly Traded Claims of
which such Entity has Beneficial Ownership in the manner
specified in Paragraph (f)(ii) above and shall be
subject to the Forfeiture Remedy described in Paragraph
(h) below.

   <u>Sanctions for Noncompliance</u>.  If any
Substantial Claimholder fails to comply with the Sell-
Down applicable to it, such Substantial Claimholder
shall not be entitled to receive Beneficial Ownership of
any Affected Securities in connection with the
implementation of the 382(l)(5) Plan with respect to any
claims required to be sold pursuant to a Sell-Down
Notice.  Any Substantial Claimholder that violates this
Order shall be required to forfeit the Affected
Securities (the "<u>Forfeiture Remedy</u>").  The Debtors may
seek to enforce the Forfeiture Remedy, on notice to the
Entity upon whom such sanctions are sought to be imposed,
on an expedited basis. The Debtors also reserve the
right to seek from this Court, on an expedited basis,
other sanctions or damages for a willful violation of
this Order, on notice to the Entity upon whom such
sanctions are sought to be imposed, including, but not
limited to damages for loss of any tax benefits caused
by such violation and any injunction or other relief
necessary or appropriate to remedy such violation. Any
distribution of Affected Securities pursuant to the
implementation of the 382(l)(5) Plan that is precluded
by an order enforcing the Forfeiture Remedy (the
"Forfeited Equity") shall be void *ab initio*. Any Entity
that receives Forfeited Equity shall, immediately upon
becoming aware of such fact, return the Forfeited Equity

to the reorganized Debtors or, if all of the shares
properly issued to such Entity and all or any portion of
such Forfeited Equity have been sold prior to the time
such Entity becomes aware of such fact, such Entity
shall return to the reorganized Debtors (a) any
Forfeited Equity still held by such Entity and (b) the
proceeds attributable to the sale of Forfeited Equity.
Any Entity that receives Forfeited Equity and fails to
comply with the preceding sentence shall be subject to
such additional sanctions as the Court may determine.
The reorganized Debtors shall distribute any Forfeited
Equity in accordance with the 382(l)(5) Plan.

Confidentiality. The Initial Holdings
Report, the Final Holdings Report, the Sell-Down Notices
and the Notice of Compliance, and the information
contained therein, shall be treated as confidential
information and shall be available only to the Debtors
and counsel and financial or tax advisors to the Debtors.
Each recipient of any Initial Holdings Report, Final
Holdings Report, Sell-Down Notice and the Notice of
Compliance (or similar notices provided under the Order)
shall keep the information contained therein
confidential and shall not disclose such information to
any Entity (including, without limitation, any member of
the Creditors' Committee) unless required to produce it
in a legal proceeding or subject to further Court order.

Notice. Any notices required to be
published under Section 4 of this Order shall be
published in the *Richmond Times-Dispatch*, *The Wall
Street Journal* and the *Financial Times*. All notices
required to be served shall be served on the following
parties via electronic mail if an e-mail address is
known, or by overnight mail if an e-mail address is not
known: (a) the Office of the United States Trustee for
the Eastern District of Virginia (which shall be sent by
overnight mail only); (b) the Securities and Exchange
Commission; (c) the Internal Revenue Service; (d) the
United States Attorney's Office for the Eastern District
of Virginia; (e) counsel to the Prepetition Lenders; (f)
the parties included on the Debtors' list of fifty (50)
largest unsecured creditors; (g) any statutory committee

16

appointed under Section 1102 of the Bankruptcy Code; and
(h) the transfer agents for any Circuit City Stock.

The requirements set forth in this Order
are in addition to the requirements of Bankruptcy Rule
3001(e) and applicable securities, corporate and other
laws, and do not excuse compliance therewith.

The Court shall retain jurisdiction to
interpret, enforce, aid in the enforcement of and
resolve any disputes or matters related to any of the
provisions of this Order.

For purposes of Section 4 of this Order,
the following definitions shall apply:

"382(l)(5) Plan" means a plan
of reorganization for the Debtors under
chapter 11 of the Bankruptcy Code that
provides for or contemplates the use of net
operating loss carryforwards and other tax
attributes under Section 382(l)(5) of the
I.R.C. and that restricts transfers of
Beneficial Ownership of Affected Securities
for not less than two years after the
reorganization in order to avoid an "ownership
change," as such term is defined in the I.R.C.
and regulations promulgated thereunder.

"382(l)(6) Plan" means a plan
of reorganization for the Debtors under
chapter 11 of the Bankruptcy Code that
provides for or contemplates the use of net
operating loss carryforwards and other tax
attributes under, and subject to the
limitations of, Section 382(l)(6) of the I.R.C.

"Applicable Percentage" means,
if only one class of Affected Securities is to
be issued pursuant to the terms of a 382(l)(5)
Plan, 4.75% of the number of such shares that
the Debtors reasonably estimate will be issued
at the effective date of such 382(l)(5) Plan.
If more than one class of Affected Securities

17

is to be distributed pursuant to the terms of
a 382(l)(5) Plan, the Applicable Percentage
shall be determined by the Debtors in their
reasonable judgment in a manner consistent
with the estimated range of values for the
equity to be distributed reflected in the
valuation analysis set forth in the 382(l)(5)
Disclosure Statement, and shall be expressed
in a manner that makes clear how many shares
of common equity would constitute the
Applicable Percentage.

"Beneficial Ownership" of
claims shall be determined in accordance with
applicable rules under Section 382 of the
I.R.C. and regulations promulgated thereunder,
as if such rules applied to claims in the same
manner as they apply to equity except to the
extent inconsistent with rules and regulations
specifically applicable to the ownership of
claims.

"Beneficial Claimholders"
means those Entities that have Beneficial
Ownership of claims.

"claim" shall have the
meaning ascribed to that term in Section 101(5)
of the Bankruptcy Code and includes, without
limitation, a lessor's right to any current or
future payment under or arising out of any
lease with respect to which any Debtor is a
lessee.

"Confirmation Date" means the
date on which the Court enters an order
confirming a 382(l)(5) Plan.

"Confirmation Hearing" means
a hearing held before this Court on the
confirmation of the 382(l)(5) Plan pursuant to
Section 1129 of the Bankruptcy Code.

"382(l)(5) Disclosure
Statement" means a disclosure statement filed
with the Court relating to a 382(l)(5) Plan.

"Effective Date" means the
date on which the 382(l)(5) Plan becomes
effective, but in no event less than thirty
(30) calendar days from the Confirmation Date.

"Entity" means a person or
entity for purposes of the rules under Section
382 of the I.R.C.

"Incremental Holdings" means
the amount, if any, of Claims identified in
each Substantial Claimholders' Final Holdings
Report in excess of the greater of (i) the
amount contained in each respective
Substantial Claimholder's Initial Holdings
Report and (ii) the Threshold Amount as of the
Disclosure Statement Notice Record Date.

"Newly Traded Claims" means
claims (i) with respect to which an Entity
acquired beneficial ownership after the date
that was 18 months before the Petition Date;
and (b) that are not "ordinary course" claims,
within the meaning of Treasury Regulations
Section 1.382-9(d)(2)(iv), of which the same
Entity has always had beneficial ownership.

"Permitted Substantial
Claimholder" means a Substantial Claimholder
whom the Debtors reasonably conclude acquired
its claim in the ordinary course of the
Debtors' trade or business (within the meaning
of Treasury Regulations Section 1.382-
9(d)(2)(iv)) and has at all times since the
creation of such claim held the Beneficial
Ownership in that claim.

"Petition Date" means
November 10, 2008.

"Protected Amount" means the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date.

"Substantial Claimholder" means a Beneficial Claimholder who holds more than the Threshold Amount as of the applicable record date and time, as described in Paragraphs 4(a) and 4(c) above.

"Threshold Amount" means the amount of claims that are projected by the Debtors to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder of the Applicable Percentage of Affected Securities.

"Total Incremental Holdings" means the aggregate amount of all of each Substantial Claimholders' Incremental Holdings.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, Delaware, 19899, Attn: Gregg M. Galardi, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that, upon the request of any person, Kurtzman Carson Consultants LLC ("KCC"), shall supply a copy of the Order.  KCC shall supply a copy of the Order at a cost to be paid by the

person requesting it at the prevailing fee being charged
by KCC.  KCC shall accommodate document requests during
normal business hours, Monday to Friday (excluding
recognized holidays).

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN
THIS NOTICE SHALL CONSTITUTE A VIOLATION OF THE
AUTOMATIC STAY PRESCRIBED BY  SECTION 362 OF THE
BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER
TRANSFER OF CLAIMS AGAINST, OR EQUITY SECURITIES IN, THE
DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID
AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR OTHER
SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**THE DEBTORS PLAN OF REORGANIZATION MAY PROVIDE
FOR THE DISALLOWANCE OF CLAIMS AGAINST OR INTERESTS IN
THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE THE
HOLDERS THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF
THE VALUE OF THE REORGANIZED DEBTORS.**

PLEASE TAKE FURTHER NOTICE that the
requirements set forth in this Notice are in addition to
the requirements of Rule 3001(e) of the Federal Rules of
Bankruptcy Procedure and applicable securities,
corporate, and other laws, and do not excuse compliance
therewith.

Dated: November 10, 2008
       Richmond, Virginia
                         SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM, LLP
                         Gregg M. Galardi, Esq.
                         Ian S. Fredericks, Esq.
                         P.O. Box 636
                         Wilmington, Delaware 19899-0636
                         (302) 651-3000

                              - and -

21

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession