| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

```
              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION
```

- - - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              :
         Debtors.             :
                              : Jointly Administered
- - - - - - - - - - - - - - - x

**TO:   ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9)**

**PLEASE TAKE NOTICE THAT DECEMBER 19, 2008 AT 5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9) IN THE ABOVE-CAPTIONED CASES.** All parties asserting administrative expense claims, as defined in sections 101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), for the value of any goods sold in the ordinary course of business and received by the Debtors (as defined below) within 20 days before November 10, 2008 (the "Petition Date") (i.e., between October 21, 2008 and November 9, 2008) must file a request

for payment on such claim (a "Section 503(b)(9) Claim Request") on or before December 19, 2008.

### PERSONS OR ENTITIES WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST

On November 12, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an order (the "Section 503(b)(9) Bar Date Order") establishing the Bar Date. Bankruptcy Code section 503(a) and the Section 503(b)(9) Bar Date Order require all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) under Bankruptcy Code section 503(b)(9) against any of the Debtors listed on Exhibit 1 attached hereto, to file a Section 503(b)(9) Claim Request. Any person or entity holding a Section 503(b)(9) Claim must file a Section 503(b)(9) Claim Request on or before the Bar Date. Bankruptcy Code section 101(5) defines "Claim" to mean:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

### CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS

Each Section 503(b)(9) Claim Request must set forth with specificity:

1. The amount of the claim.
2. The particular Debtor against which the claim is asserted.

    3.    The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
    4.    The shipment date for the Goods
    5.    The date on which the claimant asserts the Debtor received the Goods.
    6.    The place of delivery of the Goods.
    7.    The method of delivery of the Goods.
    8.    The name of the carrier of the Goods.
    9.    The value of the Goods.

In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

### TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS

To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., _et al._, Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original Section 503(b)(9) Claim Request asserting such Section 503(b)(9) Claim, together with accompanying documentation, by mail, hand-delivery, or overnight courier, to Circuit City Stores, Inc., _et al._, Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, at the following address:

    Kurtzman Carson Consultants LLC
    2335 Alaska Avenue
    El Segundo, CA 90245

Each Section 503(b)(9) Claim Request must be <u>delivered to and received by</u> Kurtzman Carson Consultants LLC no later

than **5:00 p.m., Pacific Time, on December 19, 2008**. Any Section 503(b)(9) Claim Request may be submitted in person or by courier service, hand delivery, or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Section 503(b)(9) Claim Request submitted by facsimile, email or other electronic means will not be accepted and will not be deemed filed until such Section 503(b)(9) Claim Request is submitted by one of the methods described in the foregoing sentence. Any Section 503(b)(9) Claim Request will be deemed filed only when <u>actually received</u> by Kurtzman Carson Consultants LLC. If you wish to receive acknowledgment of Kurtzman Carson Consultants LLC's receipt of your Section 503(b)(9) Claim Request, you must also submit a copy of your original Section 503(b)(9) Claim Request and a self-addressed, stamped envelope. **If you wish to assert Section 503(b)(9) Claims against more than one Debtor, you must file a separate Section 503(b)(9) Claim Request in the case of each Debtor against which you believe you hold such a claim.**

CONSEQUENCES OF FAILURE TO FILE A
<u>SECTION 503(b)(9) CLAIM REQUEST</u>

ANY PERSON OR ENTITY HOLDING A SECTION 503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9) CLAIM REQUEST ON OR BEFORE THE BAR DATE (DECEMBER 19, 2008) SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9) CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.

<u>ADDITIONAL INFORMATION</u>

If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed at the top of this Notice. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.

**BY ORDER OF THE COURT.**

**EXHIBIT 1**

**Debtors and Debtors in Possession**

Circuit City Stores, Inc.
Circuit City Stores West Coast, Inc.
InterTAN, Inc.
Ventoux International, Inc.
Circuit City Purchasing Company, LLC
CC Aviation, Inc.
CC Distribution Company of Virginia, Inc.
Circuit City Properties, LLC
Kinzer Technology
Abbott Advertising Agency, Inc.
Patapsco Designs, Inc.
Sky Venture Corporation
Prahs, Inc.
XS Stuff, LLC
Mayland MN, LLC
Courchevel, LLC
Orbyx Electronics, LLC
Circuit City Stores PR, LLC