Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP
AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE**

The above captioned debtors (collectively, the "Debtors") hereby apply for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), authorizing

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

the Debtors to employ and retain Kirkland & Ellis LLP ("K&E") as special counsel in connection with the Debtors' efforts to secure financing, issues related to the use of cash collateral and all other financing matters to the extent requested by the Debtors, *effective as of* to the commencement of these chapter 11 cases.  In support of this Application, the Debtors submit the Declaration of Anup Sathy, P.C., a partner at K&E (the "Sathy Declaration"), which is attached hereto as Exhibit B.  In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

## Background

4. On November 10, 2008 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Besanko Declaration, filed on the Petition Date and fully incorporated herein by reference.

5. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

**Error! Unknown document property name.**

6. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## Relief Requested

7. By this application, the Debtors seek entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 authorizing the Debtors to retain and employ K&E as special counsel in accordance with the terms and conditions set forth in the engagement letter between the Debtors and K&E dated as of September 15, 2008 (the "Engagement Letter"), a copy of which is annexed as Exhibit 1 to Exhibit A attached hereto and incorporated by reference.

8. Specifically, the Debtors request authority to employ and retain K&E to render legal services relating to the Debtors' efforts to secure financing, issues related to the use of cash collateral and all other financing matters to the extent requested by the Debtors.

## K&E's Qualifications

9. By this Application, the Debtors seek to employ and retain K&E in a limited capacity with respect to matters described above because of K&E's recognized expertise and extensive knowledge of chapter 11 business reorganizations, and specifically, of debtor in possession financing and related cash collateral issues. In addition, as described below, because of K&E's prepetition employment by the Debtors, K&E has historical knowledge of the Debtors' companies and their financing documents.

10. K&E has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: In re Movie Gallery, Inc., Case No. 07-33486 (Bankr. E.D. Va. Oct. 22, 2007); In re Hines Horticulture, Inc., Case No. 08-11922 (Bankr. D. Del. Aug. 20, 2008); In re Pierre Foods, Inc., Case No. 08-11480 (Bankr. D. Del. Aug. 13, 2008); In re ACG Holdings, Inc., Case No. 08–11467 (Bankr. D. Del. Aug. 12, 2008); In re

3

Tropicana Entm't, LLC, Case No. 08-10856 (Bankr. D. Del. May 30, 2008); In re Kimball Hill, Inc., Case No. 08-10095 (Bankr. N.D. Ill. May 13, 2008); In re Leiner Health Prods., Inc., Case No. 08-10446 (Bankr. D. Del. Mar. 12, 2008); In re Dura Auto. Sys., Inc., Case No. 06-11202 (Bankr. D. Del. Nov. 20, 2006); In re J.L. French Auto. Castings, Inc., Case No. 06-10119 (Bankr. D. Del. Mar. 28, 2006); In re Musicland Holding Corp., Case No. 06-10064 (Bankr. S.D.N.Y. Feb. 21, 2006); In re Leaseway Motorcar Transp. Co., Case No. 06-00107 (Bankr. W.D.N.Y. Feb. 15, 2006); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006); In re Collins & Aikman Corp., Case No. 05-55927 (Bankr. E.D. Mich. May 26, 2005); In re Tower Auto., Inc., Case No. 05-10578 (Bankr. S.D.N.Y. Mar. 5, 2005); In re The Boyds Collection, Ltd., Case No. 05-43793 (Bankr. D. Md. Nov. 29, 2005); In re ACR Mgmt., L.L.C., Case No. 04-27848 (Bankr. W.D. Pa. July 13, 2004); In re FV Steel & Wire Co., Case No. 04-22421 (Bankr. E.D. Wis. Mar. 15, 2004); In re NRG Energy, Inc., Case No. 03-13024 (Bankr. S.D.N.Y. June 2, 2003); In re Cornerstone Propane L.P., Case No. 04-13856 (Bankr. S.D.N.Y. June 24, 2004); In re Solutia Inc., Case No. 03-17949 (Bankr. S.D.N.Y. Mar. 11, 2005); In re Techneglas, Inc., Case No. 04-63788 (Bankr. E.D. Ohio Sept. 27, 2004); In re Conseco, Inc., Case No. 02-B49672 (Bankr. N.D. Ill. Jan. 14, 2003); In re UAL Corp., Case No. 02-48191 (Bankr. N.D. Ill. Dec. 30, 2002); In re W.R. Grace & Co., Case No. 01-01139 (Bankr. D. Del. May 3, 2001); In re Trans World Airlines, Inc., Case No. 01-00056 (Bankr. D. Del. Jan. 26, 2001).

11. Since mid-September, K&E has represented the Debtors with respect to all aspects of negotiation and documentation related to efforts to secure additional financing from a variety of sources, as well as issues related to the Debtors' use of cash collateral. Thus, K&E is familiar with the Debtors' financing and business in general, as well as many of the legal issues

that may arise in the context of these matters. Due to K&E's relationship with the Debtors, K&E is both well qualified and uniquely able to represent them as special counsel in connection with financing and cash collateral issues in an efficient and timely manner.

### Services to be Provided

12. Subject to further order of the Court and consistent with the Engagement Letter, the Debtors request authority to employ and retain K&E to render legal services relating to the Debtors' efforts to secure financing, issues related to the use of cash collateral and all other financing matters to the extent requested by the Debtors.

### No Duplication of Services/Special Purpose

13. K&E understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors. Specifically, by separate applications, the Debtors seek to retain (a) Skadden, Arps, Slate, Meagher & Flom LLP**,** as general restructuring counsel in these chapter 11 cases, (b) McGuire Woods LLP, as general bankruptcy co-counsel, (c) FTI Consulting, Inc., as restructuring consultants, (d) Rothschild, Inc., as investment banker and financial advisor and (e) Kurtzman Carson Consultants LLC, as notice, claims and balloting agent. K&E has assured the Debtors that it will work closely with each of these firms to take care not to duplicate their efforts in these chapter 11 cases.

14. The Debtors believe that it is crucial that K&E be retained as special counsel given K&E's knowledge and experience representing the Debtors with respect to financing and cash collateral issues. If the Court does not authorize the Debtors' employment and retention of K&E in their chapter 11 cases, the Debtors, their estates and all parties in interest would be

5

unduly prejudiced by the time and related expense for other counsel to familiarize themselves with the matters described above.

15.    Moreover, K&E will not otherwise render any services with respect to the administration of the Debtors' chapter 11 cases absent separate application to the Court. K&E does not anticipate that it will be involved in the interfacing with this Court, except as it relates to the limited matters of financing and related use of cash collateral.

### **Professional Compensation**

16.    Subject to the Court's approval, and in accordance with section 330(a) of the Bankruptcy Code, K&E intends to (a) charge for the legal services provided pursuant to its retention as special counsel on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out of pocket expenses in connection with such retention. K&E will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

17.    K&E operates in a national marketplace for legal services in which rates are driven by multiple factors relating to each individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Because the sub markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, K&E has no single rate for an individual biller that applies to all matters for all clients. K&E's rates for an individual biller may vary as a function of the type of matter, geographic factors, the nature of certain long term client relationships, and various other factors.

Error! Unknown document property name.

18. K&E's hourly rates are set at a level designed to fairly compensate K&E for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, K&E's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $500 - $975 |
| Of Counsel | $380 - $870 |
| Associates | $275 - $595 |
| Paraprofessionals | $120 - $260 |

19. The following professionals are presently expected to have primary responsibility for providing services to the Debtors: Linda Myers, P.C. and Michelle Kilkenney. In addition, from time to time, other K&E professionals and paraprofessionals will provide services to the Debtors.

20. It is K&E's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also K&E's policy to charge its clients only the amount actually incurred by K&E in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

21. To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time K&E utilizes the services of overtime secretaries. K&E charges fees for these services pursuant to the Engagement Letter, which permits K&E to bill the Debtors for overtime

Error! Unknown document property name.

secretarial charges that arise out of business necessity. In addition, K&E professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

22.  K&E currently charges between $0.10 and $0.15 per page for standard duplication in its offices in the United States. K&E does not charge its clients for facsimile transmissions. K&E has negotiated a discounted rate for Westlaw computer assisted legal research. Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non computer assisted legal research) techniques.

23.  K&E will apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and any other applicable orders or procedures established by the Court. K&E will submit with its fee applications detailed daily time entries for each individual providing services in one-tenth (.10) hour increments, explaining the services provided as well as a categorized summary of disbursements and expenses for which K&E is seeking reimbursement.

24.  K&E further states that pursuant to Bankruptcy Rule 2016(b) it has not shared, nor agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the partners, associates and contract attorneys associated with K&E or (b) any compensation another person or party has received or may receive.

**Prepetition Fees and Expenses**

25.  As set forth in greater detail in the Sathy Declaration, on October 3, 2008, the Debtors paid $100,000 to K&E as a classic retainer. As of the Petition Date, the Debtors did not

8

owe K&E any amounts for legal services rendered before the Petition Date, when taking into account K&E's classic retainer.

### K&E's Lack of Adverse Interests with Respect to Matters on which K&E is to be Employed

26.     To the best of the Debtors knowledge, the members, counsel and associates of K&E do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants with respect to any matters on which K&E is to be engaged, except as set forth herein and in the affidavit of Anup Sathy, P.C., a partner of K&E (the "Sathy Declaration"), attached hereto as Exhibit B.

### Basis for Relief

27.     Section 327(e) of the Bankruptcy Code provides that a debtor in possession, subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

28.     Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

9

29. The Debtors have selected K&E as their special counsel to assist them in the matters described herein because of K&E's experience with respect to such matters. The Debtors' believe that K&E's retention is in the best interests of the estates. Further, the Debtors believe that the K&E is well-qualified to serve as special counsel and the duplicative cost involved in the failure to retain K&E and obtaining substitute counsel at this juncture would prejudice the Debtors and their estates.

30. Accordingly, the Debtors believe that K&E is qualified to provide the specialized legal services sought by the Debtors. Moreover, as discussed in more detail above, K&E asserts that to the best of its knowledge, information and belief, at the time of the filing of this Application, it does not represent or hold any interest adverse to the Debtors with respect to matters on which K&E is to be employed, will disclose any conflicts that may arise in the future or of which it becomes aware and will not represent any party with interests adverse to the Debtors with regard to the matters on which it is to be retained. Thus, the retention of K&E is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

### Waiver of Memorandum of Points and Authorities

31. The Debtors respectfully request that this Court treat this Application as a written memorandum of points and authorities or waive any requirement that this Application be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

32. The Debtors have provided notice of this application by first class mail to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1

Error! Unknown document property name.

Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130).

33. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### **No Prior Request**

34. No previous request for the relief sought in this Application has been made to this or any other Court.

**[the remainder of this page is intentionally left blank]**

Error! Unknown document property name.

WHEREFORE, for the reasons set forth herein and in the Sathy Declaration, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtors to employ and retain K&E as special counsel effective as of the Petition Date, (b) approving the terms of the Engagement Letter and (c) granting such other and further relief as is appropriate.

| | |
|---|---|
| Dated: November 18, 2008<br>Richmond, Virginia | Respectfully submitted,<br>CIRCUIT CITY STORES, INC.<br><br> /s/ Bruce H. Besanko<br>Bruce H. Besanko<br><br>Executive Vice President and<br>Chief Financial Officer |

**Error! Unknown document property name.**

Dated: November 18, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

MCGUIREWOODS LLP

<u>/s/ Douglas M. Foley</u>
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession