| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

```
           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :   Hrg. Date: December 5, 2008
                              :   at 10:00 a.m. (ET)
                              :   Obj. Due: December 3, 2008
- - - - - - - - - - - - - - - x   at 4:00 p.m. (ET)
```

**DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY
RULE 2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION
OF ERNST & YOUNG LLP AS ACCOUNTING AND TAX CONSULTANTS
TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

          The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

---

[1]     The Debtors are the following entities: The Debtors and the
*(cont'd)*

seek entry of an order, under sections 105(a), 327(a), 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), authorizing the employment and retention of Ernst & Young LLP, together with its wholly owned subsidiaries, agents and independent contractors (collectively "E&Y LLP"), as accounting and tax consultants for the Debtors effective as of the date of the filing of these bankruptcy cases, November 10, 2008 (the "Petition Date").  In support of the Application,

_____
*(cont'd from previous page)*
last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

the Debtors rely upon the Affidavit of Charles F. Phillips III, sworn to on November 14, 2008 (the "Phillips Affidavit"), a copy of which is attached hereto as Exhibit A.  In further support of this Application, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327(a), 328 and 1107, as supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

### BACKGROUND

3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia (the "United States Trustee") appointed a statutory committee of unsecured creditors. To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7. Despite significant revenues, the Debtors have suffered two consecutive years of losses. While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful

restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.   Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing 154 stores.  In addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.   By this Application, the Debtors seek entry of an order, under Bankruptcy Code sections 105(a), 327(a), 328 and 1107 authorizing the employment and retention of E&Y LLP as their accounting and tax consultants in these chapter 11 cases, effective as of the Petition Date.

**BASIS FOR RELIEF REQUESTED**

10. E&Y LLP commenced its engagement with the Debtors prior to the Petition Date. However, on November 10, 2008, the Debtors and E&Y entered into a new engagement letter (the "Engagement Letter"), a copy of which is attached to this Application as Exhibit B. Pursuant to the Engagement Letter, the Debtors retained E&Y LLP to provide accounting and tax consulting services. The Debtors and E&Y LLP have worked closely with respect to the matters set forth in the Engagement Letter. E&Y LLP has assisted the Debtors in tax aspects of their restructuring efforts and in the Debtors' preparation of these bankruptcy cases.

11. The Debtors understand that E&Y LLP is a firm of independent public accountants (as defined in the Code of Professional Conduct of the American Institute of Certified Public Accountants) that has operated throughout the United States since 1989 and through its predecessor entities since the early 1900s. The Debtors selected E&Y LLP as their accounting and tax consultants because it is one of the four largest accounting and auditing, tax and consulting firms in the

United States, maintains both a national and international practice, and has significant experience serving in various accounting and tax roles for troubled and restructuring companies.  Indeed, the Debtors understand that E&Y LLP has been retained in other cases as accountant, auditor, tax consultant and/or financial advisor to render professional services to debtors, creditors, creditors' committees, investors, and others in numerous bankruptcy cases in this and other jurisdictions.

12.  Since the time E&Y LLP was first engaged by the Debtors, E&Y LLP has developed a great deal of institutional knowledge regarding the Debtors' operations, finance and systems.  The Debtors believe that this institutional experience and knowledge will be valuable to the Debtors in their efforts to reorganize. Accordingly, the Debtors wish to retain E&Y LLP to provide assistance during these bankruptcy cases pursuant to the terms of the Engagement Letter.

13.  The Debtors believe that the services of E&Y LLP will be critical to the Debtors' efforts to maximize the value of their estates and to reorganize

successfully. Further, the Debtors believe that E&Y LLP is well qualified and able to represent the Debtors in a cost-effective, efficient and timely manner.

## SCOPE OF SERVICES[2]

14. Pursuant to the terms of the Engagement Letter, E&Y LLP will provide such consulting and advisory services as E&Y LLP and the Debtors deem appropriate and feasible in order to advise the Debtors in the course of these chapter 11 cases. Specifically, E&Y LLP will render various services to the Debtors including, but not limited to, the following:

**On-Call SOW[3]**
- Provision of assistance to the Company's tax department for routine small projects when such projects are not covered in a separate SOW to the Agreement.
- Assistance with tax issues, assistance with transactional issues, or assistance to the Company in connection with its dealings with tax authorities.
- Specific tasks that may be involved in connection with the Services include participation in meetings and telephone calls with Company personnel, participating in meetings and telephone calls with taxing

---

[2] Capitalized terms not otherwise defined in the following description of services shall have the meanings ascribed to such terms in the Engagement Agreement.

[3] Refers to the Statement of Work that is made part of the Engagement Letter.

8

      authorities and other third parties, review of transactional documentation, research of technical issues, and the preparation of technical memoranda, letters, e-mails, and other written documentation.

**Tax Accounting SOW**
- Deferred income tax reconciliation assistance and workpaper review.
- Book to tax reconciliation assistance and workpaper review.
- Domestic and/or foreign provision and consolidating provision assistance.
- Purchase and divestiture accounting (tax) assistance as required.
- Other tax department administrative assistance related to year-end or quarter-end procedures.

**Accounting Method SOW**
- Identify which legal entities have accrued bonus accounts.
- Analyze the accrued bonus accounts to gain an understanding of the methodology currently being utilized to determine the deductible portion of the accrued bonus accounts at year end.
- Review benefit plans with the Company's tax department to determine if any portion of the bonus accrual is deductible at year end.
- Determine which legal entities are incorrectly accelerating the deduction for accrued bonuses for tax purposes.
- Consult with the Company as to the appropriate method to utilize on a go forward basis for each respective legal entity, depending on the terms of the benefit plans.
- Calculate the Section 481(a) adjustment for each legal entity.
- Prepare the Form 3115 and supporting statements.
- File the Form 3115 and supporting statements with the IRS National Office.

**Section 382 SOW**
- Identify ownership change(s) that have occurred during the quarterly update periods ending November 30, 2008 and February 28, 2009 (the "Analysis Period").
- Prepare supporting technical memorandum upon conclusion of the Analysis Period and documentation for owner shift analysis.

**IRS SOW**
- Work with appropriate Company personnel in developing an understanding of the issues related to ongoing IRS activity.
- Contact the United States National Taxpayer's Advocate Office to discuss prior and current Internal Revenue Service activities that has generated a hardship, prepare the Form 911 and gather all relevant information to allow the Advocate to understand the nature of the hardship, meet with the advocate on behalf of the Company or with Company personnel to discuss the submission, and address any concerns or questions raised by the Advocate Office.
- Provide advice on the use of Alternative Dispute Resolution ("ADR") programs, where the examination team retains jurisdiction, such as early referral and Fast Track Settlement.
- Contact the local Collection Office to request an extension on delaying collection due process activities until meetings are concluded with the National Advocate Office. Engage the National Advocate Office as needed to maintain the stay on collection activities.
- Maintain ongoing communications with the Company. We will not respond to any IRS inquiries prior to your review and consent to our responses.

**Puerto Rico Pricing SOW**
- Assist Circuit City in establishing a transfer

10

- pricing policy and approach for the inter-company transactions between Puerto Rico LLC and Circuit City.
- Provide tax consulting services as needed regarding Puerto Rican and U.S. tax matters in connection with the establishment and operations of Puerto Rico LLC.

**Puerto Rico Tax SOW**
- Corporate Income Tax Return, Form 480.20, for the short period ending February 28, 2008.
- Estimated Declaration, Form 480-E, for the fiscal year ending February 28, 2008.
- 2007 LLC Annual Payment Voucher.
- 2007 Personal Property Tax Return.
- 2008-2009 Volume of Business Declaration for the Municipalities of Guaynabo and Ponce.

**Restructuring SOW**
- Work with Client personnel and/or agents in developing an understanding of the Client's business objectives and strategies, including understanding reorganization or restructuring alternatives the Client is evaluating that may result in a change in the equity, capitalization and/or ownership of the shares of the Client or its assets.
- Assist and advise the Client in its consideration of restructuring plans by evaluating the tax consequences of strategies to achieve the Client's objectives, including, as needed, research and analysis of Internal Revenue Code sections, treasury regulations, state tax statutes and regulations, case law and other relevant tax authorities which could be applied to business valuation and restructuring models.
- Provide tax consulting regarding the availability, limitations on the use, and preservation of tax attributes, such as net operating losses; the development and assessment of strategies to minimize the use of

    surviving tax attributes, and; the minimization of tax costs in connection with stock or asset sales, if any.
- Provide documentation, as appropriate or necessary, of tax analysis, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternative or other tax matter described above.
- To the extent that the Client necessary, provide the Client with a copy of the facts and assumptions (collectively, the "Facts") upon which the Study is to be based.  Completion of the Study will require that the Client review the Facts and provide written approval that EY may rely on the Facts in reaching its conclusions.  EY will not independently verify the accuracy or completeness of the Facts, but will rely upon the written approval of the Client that the Facts may form the basis of the Study. Inaccuracy of the Facts may materially impact the conclusions.

<b>E&Y LLP'S DISINTERESTEDNESS</b>

   15.  E&Y LLP has informed the Debtors that, except as may be set forth in the Phillips Affidavit, it (i) has no connection with the Debtors, its creditors or other parties in interest in this case; (ii) does not hold or represent any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined within Bankruptcy Code section 101(14).

   16.  As set forth in the Phillips Affidavit, E&Y LLP has in the past represented, currently

12

Case 08-35653-KRH    Doc 193    Filed 11/18/08    Entered 11/18/08 12:57:12    Desc Main
                        Document      Page 13 of 19

represents, and likely in the future will represent certain parties in interest in these cases in matters unrelated to the Debtors, these cases, or such entities' claims against or interest in the Debtors.

17. E&Y LLP has further informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts, connections or relationships are discovered or arise, E&Y LLP will supplement its disclosure to the Court.

18. E&Y LLP has also agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

19. The Debtors believe that E&Y LLP is not owed any amounts with respect to its prepetition fees and expenses.

**TERMS OF RETENTION**

20. The Debtors understand that E&Y LLP intends to apply to the Court for allowances of compensation and reimbursement of expenses for tax

13

consulting services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the United States Trustee. The customary hourly rates, subject to periodic adjustments, charged by E&Y LLP's professionals anticipated to be assigned to the Debtors' cases are as follows:

**Standard Hourly Rates**

| | |
|---|---|
| Partners | $650 - $900 |
| Executive Directors | $550 - $725 |
| Senior Managers | $550 - $700 |
| Managers | $450 - $575 |
| Seniors | $275 - $475 |
| Staff | $120 - $275 |

21.     Attached as Exhibit 4 to the Phillips Affidavit is a list of the invoices made to E&Y LLP in the ninety (90) days prior to the Petition Date. As set forth on such Exhibit 4, since commencing the engagement, E&Y LLP has invoiced the Company in the aggregate amount of $528,286. As of the Petition Date, E&Y LLP is owed no outstanding balance by the Debtors.

14

**NOTICE**

22.  Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 136).  The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

23.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtors request that the requirement that all applications be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

24.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:   Richmond, Virginia
         November 18, 2008

Circuit City Stores, Inc.

_/s/ Bruce H. Besanko_____
Bruce H. Besanko
Executive Vice President and Chief Financial Officer

Dated: November 18, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

**EXHIBIT A**
Phillips Affidavit

**EXHIBIT B**
**Engagement Letter**

631689-Chicago Server 1A - MSW