Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:           : Chapter 11
             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653 (KRH)
et al.,          :
             :
      Debtors.   : Jointly Administered
             : **Hrg. Date: December 5, 2008**
             : **at 10:00 a.m. (ET)**
             : **Obj. Due: December 3, 2008 at**
- - - - - - - - - - - - - - x **4:00 p.m. (ET)**

**DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY
RULE 2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION
OF ROTHSCHILD INC. AS INVESTMENT BANKER AND FINANCIAL
ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

    The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

seek entry of an order in substantially the form

attached hereto, under sections 105(a), 327(a), 328 and

1107 of title 11 of the United States Code (the

"Bankruptcy Code"), as supplemented by Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rules"), authorizing the employment and retention of

Rothschild Inc. ("Rothschild"), as investment banker and

financial advisor to the Debtors effective as of the

Petition Date (as defined herein).  In support of the

Application, the Debtors rely upon the Affidavit of Neil

Augustine, sworn to on November 14, 2008 (the "Augustine

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for Circuit City Stores West Coast, Inc. is 9250 Sheridan
      Boulevard, Westminster, Colorado 80031.  For all other Debtors,
      the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Affidavit"), a copy of which is attached hereto as

Exhibit A.  In further support of this Application, the

Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Application pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue is proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409.

2.    The bases for the relief requested herein

are Bankruptcy Code sections 105(a), 327(a) and 328(a),

as supplemented by Bankruptcy Rule 2014 and Local Rule

2014-1.

### BACKGROUND

3.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia (the "United States Trustee") appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Circuit City is a leading specialty retailer of consumer electronics and operates large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.   Thus, the Debtors have commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced before the filing of these cases, including closing 154 stores.  In addition, the Debtors will continue to work closely with their vendors and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.   By this Application, the Debtors seek to retain Rothschild to perform the necessary services described hereinafter as the Debtors' investment banker and financial advisor in these Chapter 11 Cases, effective as of the Petition Date.  The terms of Rothschild's proposed retention are set forth in an engagement letter dated as of October 13, 2008 (the "Engagement Letter"), a copy of which is attached as Exhibit 1 to the Augustine Affidavit.

**BASIS FOR RELIEF**

10.   Pursuant to section 327 of the Bankruptcy Code, a debtor in possession may employ one or more

professionals that do not hold or represent an interest

adverse to the estate and that are disinterested persons

to assist it in carrying out its duties under the

Bankruptcy Code.  See 11 U.S.C. § 327.  Further, under

section 328 of the Bankruptcy Code, a professional may

be employed "on any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis,

on a fixed percentage fee basis, or on a contingent fee

basis."  11 U.S.C. § 328(a).

11.  Bankruptcy Rule 2014 requires that an

application for retention of a professional person

include:

> [S]pecific facts showing the
> necessity for the employment, the
> name of the person to be employed,
> the reasons for the selection, the
> professional services to be rendered,
> any proposed arrangement for
> compensation, and to the best of the
> applicant's knowledge, all of the
> person's connections with the debtor,
> creditors, any other party in
> interest, their respective attorneys
> and accountants, the United States
> trustee, or any person employed in
> the office of the United States
> trustee.

Fed. R. Bankr. P. 2014(a).  For the reasons set forth
below, the Debtors submit that their proposed retention
of Rothschild satisfies these standards.

### QUALIFICATIONS

12.   Rothschild is a member of one of the
world's leading independent investment banking groups,
with expertise in domestic and cross-border
restructurings, mergers and acquisitions and other
investment banking services and with particular
experience in providing high-quality investment banking
services to financially troubled companies.  Rothschild
is highly qualified to advise on strategic alternatives
and its professionals have extensive experience in deals
involving complex financial and operational
restructurings.

13.   As an active bankruptcy and restructuring
advisor with significant experience in a variety of
industries, Rothschild is well qualified to serve as
investment banker and financial advisor to the Debtors.
Rothschild specializes in assisting and advising debtors,
creditors, creditor's committees, shareholders,
bondholders and other parties involved with financially

distressed companies, both during and outside of
bankruptcy cases, and has served as financial and
strategic advisors for debtors, creditors, and other
constituents in numerous chapter 11 cases.  See, e.g.,
Atlantic Express Transportation Group, Barney's, Inc.,
Bedford Fair Industries, BHM Technologies, LLC,
Bradlees', Inc., Cadence Innovation, LLC, Comdisco, Inc.,
Crown Vantage, Inc., Delphi Corporation, Edison Brothers
Stores, Inc., Friedman's, Inc., Geneva Steel Company,
Globe Manufacturing, Guilford Mills, Inc., Heartland
Steel, HomePlace, Inc., Hilex Poly Co. LLC,
International Wire Group, James River Coal Company, Key
Plastics LLC, La Roche Industries, Inc., Leiner Health
Products, Inc., Motor Coach Industries, Inc., Mpower
Holdings Corp., New World Pasta Company, Northwest
Airlines, Inc., Oxford Automotive, Inc., Pacific Gas &
Electric Company, Remy Worldwide Holdings, Inc., Service
Merchandise Corp., Special Metals Corporation, Solutia,
Inc., Superior Telecom Inc., The FINOVA Group Inc.,
Thermadyne Holdings Corp., Thorn Apple Valley, Inc.,
Trans World Airlines, Today's Man, Inc., UAL Corporation,
Viasystems Group, Inc., WestPoint Stevens, Inc., Werner

Holding Co. (DE), Inc., Wilcox & Gibbs, Inc. and Zenith
Electronics, Inc.

14.   In light of the size and complexity of
these Chapter 11 Cases, the Debtors require the service
of a seasoned and experienced investment banker and
financial advisor, and one that is familiar with (i) the
Debtors' businesses and operations and (ii) the chapter
11 process.  Additionally, the Debtors believe that by
having an investment banker and financial advisor
provide these services in these bankruptcy cases, other
professionals in these cases – and company officers who
might otherwise handle complex financial and financing
matters – will be able to focus better on their
respective competencies and their core tasks and
efficiently and effectively manage the Debtors' business
and operations and to facilitate a successful chapter 11
process.  Rothschild is well qualified to provide the
services being sought by the Debtors, and the employment
of Rothschild under the terms contained in the
Engagement Letter will greatly contribute to the
Debtors' reorganization efforts.

15.   Rothschild has provided prepetition
services to the Debtors, including providing investment
banking services.  As a result of its continuing
involvement with the Debtors, Rothschild has developed a
reserve of institutional knowledge related to, and an
intimate understanding of the Debtors' business
operations, capital structure, financing documents and
other material information.  The Debtors believe that
Rothschild is well qualified to provide its services to
the Debtors in a cost effective, efficient and timely
manner.  Rothschild has indicated a willingness to
provide services to the Debtors subject to the terms of
the Engagement Letter and subject itself to the
jurisdiction and supervision of the Court.

16.   In light of the foregoing, Rothschild has
the necessary background and experience to deal
effectively with the potential issues and problems that
may arise in the context of these Chapter 11 Cases and
is thus well qualified to assist the Debtors.

## SERVICES TO BE PROVIDED

17.   As more fully set forth in the Engagement
Letter, the Debtors anticipate that Rothschild will

perform the following services to the extent Rothschild

deems necessary, appropriate and feasible and as

requested by the Debtors:

    (a)   review and analyze the Debtors' assets and the operating and financial strategies of the Debtors;

    (b)   review and analyze the business plans and financial projections prepared by the Debtors including, but not limited to, testing assumptions and comparing those assumptions to historical Company and industry trends;

    (c)   evaluate the Company's debt capacity in light of projected cash flows and assist in the determination of an appropriate capital structure for the Debtors;

    (d)   identify and/or initiate potential Transactions[2];

    (e)   develop a list of potential buyers for the Company or any portion thereof and contact such potential buyers regarding their interest in pursuing a M&A Transaction;

    (f)   develop a list of potential Plan sponsors for the Debtors and contact such potential Plan sponsors regarding their interest in pursuing a Recapitalization Transaction;

    (g)   advise the Debtors on the risks and benefits of considering a Transaction with respect to the Debtors' intermediate and long-term business prospects and strategic alternatives to maximize the business enterprise value of the Debtors;

    (h)   review and analyze any proposals the Company receives from third parties in

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Engagement Letter.

connection with a Transaction or other
transaction, including, without
limitation, any proposals for DIP
financing, as appropriate;

(i)   assist in soliciting DIP and/or exit
financing;

(j)   assist or participate in negotiations
with the parties in interest, including,
without limitation, any current or
prospective creditors of, holders of
equity in, or claimants against the
Debtors and/or their respective
representatives in connection with a
Transaction;

(k)   advise the Debtors with respect to, and
attend meetings of, the Debtors' Board of
Directors, creditor groups, official
constituencies and other interested
parties, as necessary;

(l)   if requested by the Debtors, participate
in hearings before the Bankruptcy Court
and provide relevant testimony with
respect to the matters described in the
Engagement Letter and issues arising in
connection with any proposed Plan; and

(m)   render such other financial advisory and
investment banking services as may be
agreed upon by Rothschild and the Debtors.

**COMPENSATION**

18.   Rothschild's decision to accept this

engagement to advise and assist the Debtors is

contingent upon its ability to be retained in accordance

with its customary terms and conditions of employment

and compensated for its services in accordance with the
Engagement Letter.[3]

19.  The Engagement Letter's overall
compensation structure is comparable to compensation
generally charged by investment bankers and financial
advisors of similar stature for comparable engagements,
both in and out of court and reflects a balance between
a fixed fee, monthly fee and fees contingent on the
consummation and closing of the transactions
contemplated by the engagement letter.

20.  As compensation for the services rendered
pursuant to the Engagement Letter, the Debtors have
agreed to pay Rothschild the following fees (the "Fee
Structure") in cash, which are presented here in summary
form:

(a)  A retainer (the "Retainer") of $200,000,
     payable upon the execution of this
     Agreement, to be applied against the fees
     and expenses of Rothschild under this
     Agreement;

(b)  a cash advisory fee (the "Monthly Fee")
     of $200,000 per month;

---

[3] Please refer to the Engagement Letter for a complete recitation of
the terms thereof, including the compensation structure.  To the
extent this summary contradicts the terms of the Engagement Letter,
the Engagement Letter shall govern.

(c)  a new capital fee (the "New Capital Fee")
     equal to the following percentages of the
     gross cash proceeds of any new capital
     raised: 1.0% for all senior and junior
     secured debt issued, including any senior
     and junior DIP financing and 3.0% for any
     senior or subordinated unsecured debt,
     equity capital or hybrid capital raised
     (each, a "New Capital Raise");
     notwithstanding the above, a New Capital
     Fee shall not be earned with respect to
     any DIP financing where Bank of America
     has acted as lead agent or exit financing
     solely provided by the Company's DIP
     lenders, except in the case where one or
     more of such lenders provides an
     incremental commitment above the then
     existing DIP commitment in which case
     such incremental amount shall be subject
     to a New Capital Fee;

(d)  a recapitalization fee (the
     "Recapitalization Fee") of $5,000,000,
     payable in cash upon the earlier of (i)
     the confirmation and effectiveness of a
     Plan or (ii) the substantial consummation
     of another Recapitalization Transaction;

(e)  a M&A fee (the "M&A Fee") equal to the
     greater of $5.0 million or 1.0% of
     Aggregate Consideration received in
     connection with such M&A Transaction,
     which fee shall be payable at the closing
     of any M&A Transaction, provided, that in
     no event shall the M&A Fee (excluding any
     InterTAN M&A Fee (as defined below)),
     exceed $8.0 million (notwithstanding the
     foregoing, in the event that the Company
     consummates a M&A Transaction solely
     involving InterTAN, the M&A Fee payable
     at closing to Rothschild in connection
     with such M&A Transaction shall equal the
     greater of $1.5 million or 1.0% of the
     Aggregate Consideration) received in

connection with such M&A Transaction (the "InterTAN M&A Fee");

(f) a liquidation fee ("Liquidation Fee") in the event the Company pursues a Liquidation equal to $2.0 million less any Monthly Fees and New Capital Fees paid;

(g) notwithstanding the forgoing, total fees (excluding the InterTAN M&A Fee) paid to Rothschild by the Debtors shall not be less than $2.0 million or exceed $9.0 million; and

(h) Rothschild shall credit (a) 50% of any Monthly Fees in excess of $600,000 against the Recapitalization Fee or M&A Fee (other than the InterTAN M&A Fee) and (b) 50% of any New Capital Fees against the Recapitalization Fee or M&A Fee (other than the InterTAN M&A Fee).

21.     The fee and expense structure appropriately reflects the nature of the services to be provided by Rothschild and is consistent with the fee structures typically utilized by leading investment banks that do not bill their clients on an hourly basis. Similar monthly fee and transaction fee arrangements have been approved and implemented in other large chapter 11 cases in this Eastern District of Virginia and elsewhere.  See, e.g., In re Movie Gallery, Inc.,Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); In re The Rowe Cos., Case No. 06-11142 (DOT) (Bankr. E.D. Va. Oct. 17, 2006); see also In re Global

Power Equip. Group Inc., Case No. 06-11045 (BLS) (Bankr.

D. Del. Dec. 18, 2006); In re Dura Auto. Sys., Inc.,

Case No. 06-11202 (KJC) (Bankr. D. Del. Dec. 7, 2006);

In re Radnor Holdings Corp., Case No. 06-10894 (PJW)

(Bankr. D. Del. Dec. 19, 2006); In re Global Home Prods.

LLC, Case No. 06-10340 (KG) (Bankr. D. Del. May 5, 2006).

        22.   The Debtors agree that the fee

arrangements in the Engagement Letter are reasonable

under the standards set forth in section 328(a) of the

Bankruptcy Code, given (i) the numerous issues

Rothschild may be required to address in the performance

of its services under the Engagement Letter, (ii)

Rothschild's commitment to the variable level of time

and effort necessary to address all such issues as they

arise and (iii) the market prices for Rothschild's

services for engagements of this nature in both out-of-

court and chapter 11 contexts.

        23.   In determining the level of compensation

to be paid to Rothschild and its reasonableness, the

Debtors compared Rothschild's proposed fees with the

range of investment banking and financial advisory fees

in other complex chapter 11 cases and M&A transactions.

In both instances, the Debtors found Rothschild's
proposed fees to be reasonable.  Accordingly,
Rothschild's engagement is appropriate under section
328(a) of the Bankruptcy Code and Rothschild should be
subject to review only pursuant to the standards set
forth in section 328(a) of the Bankruptcy Code and not
subject to the standard of review set forth in
section 330 of the Bankruptcy Code.

24.   Rothschild will not share or agree to
share any compensation to be paid by the Debtors, in
connection with services to be performed after the
Petition Date, with any other person, other than other
principals and employees of Rothschild, in accordance
with section 504 of the Bankruptcy Code.

25.   The Debtors respectfully submit that the
employment of Rothschild is in the best interests of the
Debtors, their creditors and their estates.

**INDEMNITY**

26.   As set forth in the Engagement Letter and
Exhibit A attached thereto and subject to the terms and
conditions therein, the Debtors agreed to indemnify
Rothschild and certain related parties from losses

directly or indirectly in connection with, arising out
of, based upon, or related to the engagement of
Rothschild under the Engagement Letter.  The Debtors
believe the indemnity provision is a reasonable term and
condition of Rothschild's engagement.  Unlike the market
for other professionals that the Debtors may retain,
indemnification is a standard term of the market for
financial advisors and investment bankers.  Rothschild
and the Debtors believe that the indemnity provisions
are comparable to those generally obtained by investment
banking and financial advisory firms of similar stature
to Rothschild and for comparable engagements, both in
and out of court.

### DISINTERESTEDNESS

27.  To the best of the Debtors' knowledge, as
evidenced by the Augustine Affidavit, (i) Rothschild is
a "disinterested person" under section 101(14) of the
Bankruptcy Code, as required by section 327(a) of the
Bankruptcy Code, and (ii) Rothschild neither holds nor
represents any interest adverse to the Debtors or their
respective estates in the matters for which it is
proposed to be retained.

28.   The Debtors' knowledge, information and belief regarding the matters set forth herein are based upon, and made in reliance on, the Augustine Affidavit. To the extent that any additional facts bearing on the matters described herein are discovered during the period of Rothschild's retention, the Debtors understand that Rothschild will supplement the information contained in the Declaration.

## NOTICE

29.   Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 136).   The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

30.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the

requirement that all motions be accompanied by a

separate memorandum of law be waived.

### NO PRIOR REQUEST

31.  No previous request for the relief sought

herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the Debtors to employ and retain Rothschild as investment banker and financial advisor for the Debtors for the purposes set forth above, effective as of the Petition Date hereof, and grant such further relief as is just and proper.

Dated:      Richmond, Virginia
            November 18, 2008

            CIRCUIT CITY STORES, INC.


            /s/ Bruce H. Besanko
            Bruce H. Besanko
            Executive Vice President and Chief
            Financial Officer

Dated: November 18, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession

## **EXHIBIT A**

**Augustine Affidavit**

Gregg M. Galardi, Esq.      Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
FLOM, LLP              One James Center
One Rodney Square        901 E. Cary Street
PO Box 636             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         : Jointly Administered
                             :
- - - - - - - - - - - - - - x
```

**AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION
FOR AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF ROTHSCHILD INC. AS INVESTMENT BANKER AND
FINANCIAL ADVISOR FOR THE DEBTORS**

STATE OF NEW YORK)
               ) ss.
COUNTY OF NEW YORK)

I, Neil Augustine, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.    I am a managing director at the investment banking firm of Rothschild Inc. ("Rothschild"), which maintains its principal offices at 1251 Avenue of the Americas, 51st floor, New York, New York 10020.  I am authorized to execute this Affidavit (the "Affidavit") on behalf of Rothschild.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.[1]

2.    I submit this Affidavit in support of the Application for Order under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a), Authorizing the Employment and Retention of Rothschild Inc. as Investment Banker and Financial Advisors to the Debtors Effective as of the Petition Date (the "Application").[2]  I submit this Declaration in compliance

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other professionals at Rothschild and are based on information provided by them.

[2] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

with sections 105, 327, 328 and 1107(a) of title 11 of
the United States Code, 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code") and to provide the disclosure
required under Rule 2014(a), 2016 and 5002 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") and Rule 2014-1 of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy
Court for the Eastern District of Virginia, Richmond
Division (the "Local Rules").

3.    To the extent that any information
disclosed herein requires amendment or modification upon
Rothschild's completion of further analysis or as
additional information becomes available to Rothschild,
I intend to submit, or cause to be submitted, a
supplemental Declaration to the Court reflecting the
same.

### ROTHSCHILD'S QUALIFICATIONS

4.    Rothschild is a member of one of the
world's leading independent investment banking groups,
with expertise in domestic and cross-border
restructurings, mergers and acquisitions and other
investment banking services and with particular

3

experience in providing high-quality investment banking services to financially troubled companies.  Rothschild is highly qualified to advise on strategic alternatives and its professionals have extensive experience in deals involving complex financial and operational restructurings.

5.   In particular, Rothschild and its professionals have extensive experience working with financially troubled companies from a variety of industries in complex financial restructurings, both out of court and in chapter 11 cases.  Rothschild's business reorganization professionals have served as financial and strategic advisors for debtors, creditors, and other constituents in numerous chapter 11 cases, including, among others, Atlantic Express Transportation Group, Barney's, Inc., Bedford Fair Industries, BHM Technologies, LLC, Bradlees', Inc., Cadence Innovation, LLC, Comdisco, Inc., Crown Vantage, Inc., Delphi Corporation, Edison Brothers Stores, Inc., Friedman's, Inc., Geneva Steel Company, Globe Manufacturing, Guilford Mills, Inc., Heartland Steel, HomePlace, Inc., Hilex Poly Co. LLC, International Wire Group, James

4

River Coal Company, Key Plastics LLC, La Roche

Industries, Inc., Leiner Health Products, Inc., Motor

Coach Industries, Inc., Mpower Holdings Corp., New World

Pasta Company, Northwest Airlines, Inc., Oxford

Automotive, Inc., Pacific Gas & Electric Company, Remy

Worldwide Holdings, Inc., Service Merchandise Corp.,

Special Metals Corporation, Solutia, Inc., Superior

Telecom Inc., The FINOVA Group Inc., Thermadyne Holdings

Corp., Thorn Apple Valley, Inc., Trans World Airlines,

Today's Man, Inc., UAL Corporation, Viasystems Group,

Inc., WestPoint Stevens, Inc., Werner Holding Co. (DE),

Inc., Wilcox & Gibbs, Inc. and Zenith Electronics, Inc.

     6.  As a result of the prepetition engagement

of Rothschild by the Debtors, Rothschild has developed a

reserve of institutional knowledge related to the

Debtors, and an intimate understanding of, the Debtors'

business operations, capital structure, financing

documents and other material information, and is able to

assist the Debtors in their reorganization efforts.  I

believe that Rothschild and the professionals it employs

are uniquely qualified to advise the Debtors in the

matters for which Rothschild is proposed to be employed.

**DISINTERESTEDNESS**

7.    In connection with the preparation of this Declaration, Rothschild reviewed the list of potential parties in interest that Rothschild received from the Debtors (the "Parties in Interest"), a copy of which is attached hereto as Exhibit 2.

8.    To the best of my knowledge and belief, Rothschild has not represented any of the Parties in Interest in connection with matters relating to the Debtors, their estates, assets or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to the Debtors, their estates, assets or businesses, except as otherwise set forth herein and on Exhibit 3 hereto.

9.    Rothschild provides financial advice and investment banking services to an array of clients in the areas of restructuring and distressed debt.  As a result, Rothschild has represented, and may in the future represent, certain Parties in Interest in matters unrelated to these Chapter 11 Cases, either individually

or as part of representation of a committee of creditors

or interest holders.

10.  To the best of my knowledge and belief,

neither Rothschild nor I, nor any other employee of

Rothschild that will work on the Debtors' engagement has

any connection with or holds any interest adverse to the

Debtors, their estates or the Parties in Interest in the

matters on which Rothschild is proposed to be retained,

except (i) as set forth in Exhibit 3 and (ii) as

otherwise set forth below:

(a) Before the commencement of these cases,
Rothschild rendered prepetition services
to the Debtors.  As noted above, although
Rothschild's records indicate that it is
not owed any amounts in respect of
prepetition services provided to the
Debtors, it is possible that certain
expenses that were incurred by Rothschild,
and that are reimbursable under the terms
of the Engagement Letter (attached hereto
as Exhibit 1), were not yet reflected on
Rothschild's books and records as of the
Petition Date to the extent such amounts
are not covered by amounts paid to
Rothschild for estimated expenses.  Upon
entry of the Order approving the
Application, Rothschild will waive any
claim for such unreimbursed expenses in
excess of amounts paid to Rothschild pre-
petition.  Any surplus amounts paid to
Rothschild for estimated expenses will be
applied to post-petition expenses.

7

(b)  Rothschild is a large investment banking
firm and has likely provided services
unrelated to the Debtors for companies
and individuals that have conducted
business in the past and/or currently
conduct business with the Debtors, and
who may be creditors of the Debtors.  To
the best of my knowledge, information and
belief, Rothschild's services to these
parties were and are wholly unrelated to
the Debtors, their estates or these
Chapter 11 Cases.

(c)  As part of its practice, Rothschild
appears in numerous cases, proceedings,
and transactions involving many different
professionals, some of which may
represent claimants and parties in
interest in the Debtors' Chapter 11 Cases.
Furthermore, Rothschild has in the past
and will likely in the future be working
with or against other professionals
involved in these cases in matters
unrelated to these cases.  Based on my
current knowledge of the professionals
involved, and to the best of my knowledge
and information, none of these business
relationships represents an interest
materially adverse to the Debtors herein
in matters upon which Rothschild is to be
engaged.

(d)  Rothschild, through the equity owners of
its parent company, Rothschild North
America Inc., has indirect affiliate
relationships with numerous investment
banking institutions located worldwide
(the "Affiliated Entities").  However,
none of the Affiliated Entities is being
retained in connection with this
engagement and none of the professionals
or employees of the Affiliated Entities
will provide services to the Debtor in
connection with this engagement.  None of
the professionals or employees of

Rothschild has discussed or will discuss
the Debtors' cases with any professional
or employee of the Affiliated Entities.
Thus, there has not been and will not be
any flow of information between
Rothschild and any Affiliated Entity with
respect to any matter pertaining to the
Debtors or their Chapter 11 Cases.
Rothschild can make no representation as
to the disinterestedness of the
professionals or employees of the
Affiliated Entities in respect of the
Debtors' Chapter 11 Cases.

11.  To the best of my knowledge, no
individual assignment referenced on Exhibit 3 currently
accounts for more than 4% of Rothschild's gross annual
revenues.

12.  To the best of my knowledge, information,
and belief, Rothschild has not been retained to assist
any entity or person other than the Debtors on matters
relating to these Chapter 11 Cases.  If the Court
approves Rothschild's retention, Rothschild will not
accept any engagement or perform any service for any
entity or person other than the Debtors in these Chapter
11 Cases.  Rothschild will, however, continue to provide
professional services to entities or persons that may be
creditors or equity security holders of the Debtors or
Parties in Interest in these chapter 11 cases; provided

that such services do not relate to, or have any direct
connection with, these Chapter 11 Cases or the Debtors.

13.   If any new relevant facts or
relationships are discovered or arise during the
pendency of these Chapter 11 Cases, Rothschild will use
reasonable efforts to identify such further developments
and will promptly file a supplemental Declaration as
required by Bankruptcy Rule 2014.

14.   I am not related or connected to and, to
the best of my knowledge, no other professional of
Rothschild who will work on this engagement is related
or connected to, any United States Bankruptcy Judge for
the Eastern District of Virginia, any of the District
Judges for the Eastern District of Virginia who handle
bankruptcy cases or any employee in the Office of the
United States Trustee for the Eastern District of
Virginia.

15.   Accordingly, except as otherwise set
forth herein, insofar as I have been able to determine,
none of Rothschild, I, nor any employee of Rothschild
who will work on the engagement holds or represents any
interest adverse to the Debtors or their estates, and

10

Rothschild is a "disinterested person" as that term is
defined in section 101(14) of the Bankruptcy Code, as
modified by section 1107(b) of the Bankruptcy Code, in
that Rothschild, and its professionals and employees who
will work on the engagement:

(a)  are not creditors, equity security holders, or
insiders of the Debtors;

(b)  were not, within two years before the date of
filing of the Debtors' chapter 11 petitions, a director,
officer, or employee of the Debtors; and

(c)  do not have an interest materially adverse to
the interest of the Debtors' estates or any class of
creditors or equity security holders, by reason of any
direct or indirect relationship to, connection with or
interest in the Debtors, or for any other reason.

### REASONABLENESS OF COMPENSATION

16.  The Debtors and Rothschild have
acknowledged that (i) the hours worked, (ii) the results
achieved and (iii) the ultimate benefit to the Debtors
of the work performed in connection with the services
provided under the Engagement Letter may be variable.
The Debtors and Rothschild have taken such factors into

11

account in setting the Fee Structure set forth in the
Engagement Letter.

17.   The Fee Structure described in the
Application and Engagement Letter is consistent with
Rothschild's normal and customary billing practices for
comparably-sized and complex cases and transactions,
both in and out of court, involving the services to be
provided in connection with these Chapter 11 Cases.  The
Fee Structure was established to reflect the difficulty
of the assignments Rothschild expects to undertake.

18.   Rothschild will file interim and final
fee applications for the allowance of compensation for
services rendered and reimbursement of expenses incurred
in accordance with applicable provisions of the
Bankruptcy Code, the Bankruptcy Rules, the Local Rules
and any applicable orders of the Court.

19.   As more fully described in the Engagement
Letter, if the Application is granted, the Debtors will
indemnify and hold Rothschild harmless against
liabilities arising out of or in connection with its
retention by the Debtors except for any such liability
for losses, claims, damages or liabilities incurred by

12

the Debtors that are finally judicially determined by a
court of competent jurisdiction to have resulted
primarily from the gross negligence, willful misconduct,
bad faith or fraud of Rothschild.

20.   Prior to the Petition Date, Rothschild
received a total of $597,580.64 from the Debtors,
including $200,000.00 on account of the Retainer,
$322,580.64 from the Debtors on account the Monthly Fees,
and $75,000.00 for prepayment of certain estimated
expenses.  Rothschild will hold any amounts received
prepetition in excess of fees and expenses that accrued
prepetition, including the Retainer, and apply such
excess amounts towards fees and expenses that accrue
postpetition.

21.   To the best of my knowledge, Rothschild has no agreement with any other entity to share with such entity any compensation received by Rothschild in connection with the Debtors' bankruptcy cases.

FURTHER AFFIANT SAYETH NOT.

/s/
_____

Neil Augustine
Managing Director

Subscribed and sworn to
before me this [__] day of
November 2008.

_____
Notary Public

14

FURTHER AFFIANT SAYETH NOT.

Neil Augustine
Managing Director


Subscribed and sworn to
before me this [14th] day of
November 2008.

Notary Public

DONNA GRASSO SHANDLEY
Notary Public, State Of New York
No.01GR6058322
Qualified In Westchester County
Commission Expires May 7, 20 11

**Exhibit 1**
**Engagement Letter**

**<u>EXHIBIT 2</u>**

**Parties-in-Interest**

## **EXHIBIT 3**

**Parties-in-Interest Noted for Court Disclosure**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           : Jointly Administered
                               :
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327(a), 328
AND 1107 AND BANKRUPTCY RULE 2014(a), AUTHORIZING THE
EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS
INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS
EFFECTIVE AS OF THE PETITION DATE**

Upon the Application for Order under Bankruptcy

Code Sections 105(a), 327(a), 328 and 1107 and

Bankruptcy Rule 2014(a), Authorizing the Employment and

Retention of Rothschild Inc. ("Rothschild") as

Investment Banker and Financial Advisors to the Debtors

effective as of the Petition Date (the "Application")[1];

and upon consideration of the Application and all

pleadings related thereto, including the Augustine

Affidavit; and it appearing that notice of the

Application was due and proper under the circumstances;

and it further appearing that Rothschild neither holds

nor represents any interest adverse to the Debtors or

their estates; and it further appearing that Rothschild

is a "disinterested person," as that term is defined in

Section 101(14) of the Bankruptcy Code; and it further

appearing that the relief requested in the Application

is in the best interests of the Debtors, their estates

and creditors; and after due deliberation, and good and

sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Application is GRANTED.

2.    The retention and employment of

Rothschild as investment banker and financial advisor to

the Debtors pursuant to sections 327(a) and 328(a) of

---

[1] Unless otherwise defined herein, capitalized terms shall have the
  meanings ascribed to them in the Application.

the Bankruptcy Code on the terms set forth in the

Engagement Letter effective as of the Petition Date.

3.   Rothschild shall be compensated in

accordance with the procedures set forth in sections 330

and 331 of the Bankruptcy Code and any applicable

Bankruptcy Rules and Local Rules, and such procedures as

may be fixed by order of this Court; <u>provided</u> that the

fee applications filed by Rothschild shall be subject to

review only pursuant to the standards set forth in

section 328(a) of the Bankruptcy Code and not subject to

the standard of review set forth in section 330 of the

Bankruptcy Code.

4.   In addition to compensation for

professional services rendered by Rothschild, pursuant

to the terms of the Engagement Letter, Rothschild is

entitled to reimbursement by the Debtors for reasonable

expenses incurred in connection with the performance of

its engagement under the Engagement Letter, including,

without limitation, the fees, disbursements and other

charges of Rothschild's counsel (which counsel shall not

be required to be retained pursuant to section 327 of

the Bankruptcy Code or otherwise).

5.    The indemnification provisions included in the Engagement Letter, including Exhibit A thereto, are approved.

6.    In the event that Rothschild seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification provisions of the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Rothschild's subsequent reimbursement applications (both interim and final), without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code.

7.    To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Engagement Letter, the terms of this Order shall govern.

8.    The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

9.    Notwithstanding any provision to the contrary in the Application or the Engagement Letter the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia
        **[__]**, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

 /s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


## LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.


          _/s/ Douglas M. Foley_____
          Douglas M. Foley