Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Proposed Counsel to the Debtors  
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| et al., | : | |
| | : | |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a),
327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a),
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 327(a), 328 and 1107, authorizing them

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

to retain FTI Consulting, Inc. as financial advisors, effective as of the Petition Date; and the Court having reviewed the Application and the Duffy Affidavit in Support of the Application (the "Duffy Affidavit"); and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI Consulting, Inc. neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI Consulting, Inc. is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates and their creditors; after due deliberation thereon and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED.

2. In accordance with Bankruptcy Code sections 327(a) and 328, the Debtors are authorized to employ and retain FTI Consulting, Inc. effective as of the Petition Date as their financial advisors on the

2

terms set forth in the Application and the Engagement Letters.

    3.    The Engagement Letters are hereby approved and, to the extent not inconsistent with this Order, shall govern the Debtors' and FTI Consulting, Inc.'s respective rights and obligations.

    4.    FTI Consulting, Inc. shall be compensated in accordance with the Engagement Letters, procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; <u>provided</u>, <u>however</u>, any and all "Completion Fee" and/or "Financing Fee" (as described in the Engagement Letters) that may become due and payable to FTI Consulting, Inc. during these chapter 11 cases are hereby approved under Bankruptcy Code section 328(a) and shall only be subject to review thereunder.

    5.    FTI Consulting, Inc. is authorized to apply the amounts presently held as On-Account Cash to pay any fees, charges, and disbursements relating to services rendered to the Debtors prior to the Petition

3

Date that remain unpaid as of such date (the "Final Prepetition Billed Amount").  Any amount of the On-Account Cash remaining after such payment of the Final Prepetition Billed Amount may be held until the conclusion of the Debtors' cases and shall be applied by FTI Consulting, Inc. against its final fee application.

6.   The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

7.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

8.   This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:   Richmond, Virginia
         **[__]**, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley

5

631570-Chicago Server 1A - MSW