<u>EXHIBIT A-1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,                     :
                            :   Jointly Administered
            Debtors.        :
                            :
- - - - - - - - - - - - - - x
```

**NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[1]**

        PLEASE TAKE NOTICE that [Name of Shareholder]
is/has become a Substantial Shareholder with respect to
Circuit City Stock (as defined herein and in the Order) of
Circuit City Stores, Inc., a debtor and debtor-in-
possession in Case No. 08-35653 pending in the United

---

[1]   For purposes hereof, (A) a "Substantial Shareholder" is any person
      or entity which beneficially owns at least 7,848,226 shares
      (representing approximately 4.75% of all issued and outstanding
      shares) of the common stock of ("Circuit City Stock"), and (B)
      "beneficial ownership" (or any variation thereof of Circuit City
      Stock and Options to acquire Circuit City Stock) shall be determined
      in accordance with applicable rules under Section 382 of the I.R.C.,
      Treasury Regulations promulgated thereunder and rulings issued by
      the Internal Revenue Service, and thus, to the extent provided
      therein, from time to time shall include, without limitation, (i)
      direct and indirect ownership (e.g., a holding company would be
      considered to beneficially own all shares owned or acquired by its
      subsidiaries), (ii) ownership by such holder's family members and
      persons acting in concert with such holder to make a coordinated
      acquisition of stock, and (iii) an Option to acquire Circuit City
      Stock.  An "Option" to acquire stock includes any contingent
      purchase, warrant, convertible debt, put, stock subject to risk of
      forfeiture; contract to acquire stock, or similar interest,
      regardless of whether it is contingent or otherwise not currently
      exercisable.  For the avoidance of doubt, by operation of the
      definition of beneficial ownership in clause (B) of this Paragraph,
      an owner of an Option to acquire Circuit City Stock may be treated
      as the owner of such Circuit City Stock.

States Bankruptcy Court for the Eastern District of Virginia.

PLEASE TAKE FURTHER NOTICE that, as of [Date], [Name of Shareholder] beneficially owns [_____] shares of the Circuit City Stock.  The following table sets forth the date(s) on which [Name of Shareholder] acquired or otherwise became the beneficial owner of such Circuit City Stock:

| Number Of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of [Name of Shareholder] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. [3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135), this Notice is being (a) filed with the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia, (Attn: Robert B. Van Arsdale) and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

Respectfully Submitted,


_____
(Name of Shareholder)

By:          _____

Name:        _____

Title:       _____

Address:     _____

             _____

             _____

Telephone:_____

Facsimile:_____

Date:        _____

EXHIBIT A-2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                    :
In re:                :   Chapter 11
                    :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,             :
                    :   Jointly Administered
           Debtors.    :
                    :
- - - - - - - - - - - - - - x

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Circuit City Stock (as defined herein and in the Order) of Circuit City Stores, Inc. or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Shareholder[1] with the

---

[1]   For purposes hereof, (A) a "Substantial Shareholder" is any person or entity which beneficially owns at least 7,848,226 shares (representing approximately 4.75% of all issued and outstanding shares) of the common stock of ("Circuit City Stock"), and (B) "beneficial ownership" (or any variation thereof of Circuit City Stock and Options to acquire Circuit City Stock) shall be determined in accordance with applicable rules under Section 382 of the I.R.C., Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Circuit City Stock. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of

*(cont'd)*

United States Bankruptcy Court for the Eastern District of
Virginia (the "Court") and served copies thereof on
Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of
Prospective Acquirer] currently beneficially owns
[_____] shares of Circuit City Stock.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the
Proposed Transfer, [Name of Prospective Acquirer] proposes
to purchase, acquire, or otherwise accumulate
[_____] shares of Circuit City Stock or an Option
with respect to [_____] shares of Circuit City
Stock.  If the Proposed Transfer is permitted to occur,
[Name of Prospective Acquirer] will beneficially own
[_____] shares of Circuit City Stock after the
transfer (including any Options with respect to any Common
Stock).

PLEASE TAKE FURTHER NOTICE THAT the last four
digits of the taxpayer identification or social security
number of [Name of Prospective Acquirer] is
[_____].

PLEASE TAKE FURTHER NOTICE that, under penalties
of perjury, [Name of Prospective Acquirer] hereby declares
that it has examined this Notice and accompanying
attachments (if any), and, to the best of its knowledge and
belief, this Notice and any attachments which purport to be
part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that
certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed.
R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing,
And Sell-Down Procedures For Trading In Equity Securities
And Claims Against The Debtors' Estates (Docket No. 135),
this Notice is being (a) filed with the Office of the
United States Trustee for the Eastern District of Virginia,
701 East Broad Street, Suite 4304, Richmond, Virginia,

---

*(cont'd from previous page)*

    forfeiture; contract to acquire stock, or similar interest,
    regardless of whether it is contingent or otherwise not currently
    exercisable.  For the avoidance of doubt, by operation of the
    definition of beneficial ownership in clause (B) of this Paragraph,
    an owner of an Option to acquire Circuit City Stock may be treated
    as the owner of such Circuit City Stock.

(Attn: Robert B. Van Arsdale), and (b) served upon counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg Galardi).

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,


_____
(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

           _____

           _____

Telephone:_____

Facsimile:_____

Date:      _____


3

<u>EXHIBIT A-3</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                    :
In re:                              :    Chapter 11
                                    :
CIRCUIT CITY STORES, INC.,          :    Case No. 08-35653-KRH
<u>et</u> <u>al</u>.,                            :
                                    :    Jointly Administered
                Debtors.            :
                                    :
- - - - - - - - - - - - - - x

**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE
TRANSFER AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT [Name of Prospective Seller] hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Circuit City Stock (as defined herein and in the Order) of Circuit City Stores, Inc. or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Shareholder[1] with the United

---

[1]   For purposes hereof, (A) a "Substantial Shareholder" is any person or entity which beneficially owns at least 7,848,226 shares (representing approximately 4.75% of all issued and outstanding shares) of the common stock of ("Circuit City Stock"), and (B) "beneficial ownership" (or any variation thereof of Circuit City Stock and Options to acquire Circuit City Stock) shall be determined in accordance with applicable rules under Section 382 of the I.R.C., Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Circuit City Stock. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture; contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, by operation of the

*(cont'd)*

1

States Bankruptcy Court for the Eastern District of Virginia
(the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT [Name of
Prospective Seller] currently beneficially owns
[_____] shares of the Circuit City Stock
(including any Options with respect to any Circuit City
Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the
Proposed Transfer, [Name of Prospective Seller] proposes to
sell, trade, or otherwise transfer [_____] shares
of Circuit City Stock or an Option with respect to
[_____] shares of Circuit City Stock.  If the
Proposed Transfer is permitted to occur, [Name of
Prospective Seller] will beneficially own [_____]
shares of Circuit City Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four
digits of the taxpayer identification or social security
number of [Name of Prospective Seller] is
[_____].

PLEASE TAKE FURTHER NOTICE that, under penalties
of perjury, [Name of Prospective Seller] hereby declares
that it has examined this Notice and accompanying
attachments (if any), and, to the best of its knowledge and
belief, this Notice and any attachments which purport to be
part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to that
certain Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed.
R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And
Sell-Down Procedures For Trading In Equity Securities And
Claims Against The Debtors' Estates (Docket No. 135), this
Notice is being (a) filed with the Office of the United
States Trustee for the Eastern District of Virginia, 701
East Broad Street, Suite 4304, Richmond, Virginia, (Attn:
Robert B. Van Arsdale), and (b) served upon counsel to the
Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, One
Rodney Square, PO Box 636, Wilmington, DE 19899 (Attn: Gregg
Galardi).

_____

*(cont'd from previous page)*
definition of beneficial ownership in clause (B) of this Paragraph, an
owner of an Option to acquire Circuit City Stock may be treated as the
owner of such Circuit City Stock.

PLEASE TAKE FURTHER NOTICE that the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading or otherwise transferring shares of Circuit City Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____

Name:        _____

Title:       _____

Address:     _____

             _____

             _____

Telephone:_____

Facsimile:_____

Date:        _____

3

<u>Exhibit B-1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                :
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653-KRH
<u>et</u> <u>al</u>.,                      :
                                :  Jointly Administered
               Debtors.         :
                                :
- - - - - - - - - - - - - - x

**NOTICE OF (A) FILING OF DISCLOSURE STATEMENT WITH RESPECT TO
382(l)(5) PLAN OF REORGANIZATION, (B) THRESHOLD AMOUNT,
(C) DISCLOSURE STATEMENT NOTICE RECORD DATE AND
(D) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.   Entry of Order.** On November 10, 2008, the
United States Bankruptcy Court for the Eastern District of
Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And
541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice,
Hearing, And Sell-Down Procedures For Trading In Equity
Securities And Claims Against The Debtors' Estates (Docket
No. 135) (the " Trading Order"). Unless otherwise defined in
this Notice, capitalized terms and phrases used herein have
the meanings given to them in the Trading Order.

**2.   Notice of Filing of Disclosure Statement with
Respect to 382(l)(5) Plan of Reorganization.** On [Date], the
Debtors filed a disclosure statement (Docket No. [_]) with
respect to the [caption of plan] (Docket No. [_]) (the
"Plan"). The Plan is a 382(l)(5) Plan, as defined in the
Trading Order and has been filed with the Court.

**3.   Threshold Amount.** The Debtors' most current
estimate of the Threshold Amount[1] of Claims is [_____].

---

[1]   The term "Threshold Amount" is defined in the Trading Order as: "the
amount of claims that are projected by the Debtors to entitle the
Beneficial Claimholder thereof to become the Beneficial Claimholder

*(cont'd)*

1

**4.    Disclosure Statement Notice Record Date.** The Disclosure Statement Notice Record Date is 5:00 p.m., Eastern Time, on [insert date that is ten business days prior to the date set for the hearing on the Disclosure Statement].

**5.    Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Disclosure Statement Notice Record Date must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Initial Holdings Report") identifying (a) the nature and amount of Claims held by such Beneficial Holder as of the Disclosure Statement Notice Record Date and (b) the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[2]

**6.    Deadline for Serving Initial Holdings Report.** The Initial Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three business days prior to the first date set by the Court for the hearing to consider the Disclosure Statement].

Dated: Richmond, Virginia          BY ORDER OF THE COURT
     [Date]

_____

*(cont'd from previous page)*
    of the Applicable Percentage of Affected Securities."

[2]   The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

<u>Annex 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653-KRH
et al.,                     :
                            :    Jointly Administered
            Debtors.        :
                            :
- - - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| | |
|---|---|
| | |
| | |

**Total**

2.    As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.

3.    In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:

a.    Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com

Name:                           _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                   _____

If by Authorized
Agent, Name and
Title:                          _____

Street Address:
City, State,
Zip Code:                    _____

Telephone Number:   _____

Date:                 _____

<u>EXHIBIT B-2</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,                     :
                            :   Jointly Administered
              Debtors.      :
                            :
- - - - - - - - - - - - - - x
```

**INITIAL HOLDINGS REPORT**

This Initial Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.   As of the Disclosure Statement Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |

**Total**

       2.   As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.

       3.   In accordance with the Trading Order, a copy of this Initial Holdings Report was served by the undersigned by fax and e-mail on:

           a.   Counsel for the Debtors:

              Gregg M. Galardi, Esq.
              SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
              One Rodney Square, PO Box 636
              Wilmington, Delaware 19899-0636
              Facsimile: (302) 651-3001
              E-mail: Gregg.Galardi@skadden.com

Name:               _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:        _____

If by Authorized
Agent, Name and
Title:               _____

Street Address:
City, State,
Zip Code:         _____

Telephone Number:    _____

Date:               _____

<u>EXHIBIT B-3</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                         :
In re:                :  Chapter 11
                         :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653-KRH
<u>et</u> <u>al</u>.,               :
                         :  Jointly Administered
            Debtors.  :
                         :
- - - - - - - - - - - - - - x

**NOTICE OF (A) THRESHOLD AMOUNT,
(B) PRE-CONFIRMATION NOTICE RECORD DATE AND
(C) OBLIGATIONS OF BENEFICIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

     **1.  Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

     **2.  Threshold Amount.** The Debtor's current estimate of the Threshold Amount[1] of Claims is [____].

     **3.  Pre-Confirmation Notice Record Date.** The Pre-Confirmation Notice Record Date is 5:00 p.m., Eastern Time, on [the service date, which shall not be less than ten days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

---

[1]  The term "Threshold Amount" is defined in the Trading Order as: "the amount of claims that are projected by the Debtors to entitle the Beneficial Claimholder thereof to become the Beneficial Claimholder of the Applicable Percentage of Affected Securities."

1

**4.    Obligation of Beneficial Claimholders.** Each Beneficial Claimholder who holds more than the Threshold Amount of Claims as of the Pre-Confirmation Notice Record Date (each, a "Substantial Claimholder") must, in order to comply with the Trading Order, e-mail and fax to counsel to the Debtors a report in the form attached hereto as Annex 1 (the "Final Holdings Report") identifying the nature and amount of Claims held by such Beneficial Holder as of the Pre-Confirmation Notice Record Date. To the extent any Substantial Claimholder did not file an Initial Holdings Report (as defined in the Trading Order), such Substantial Claimholder must also complete paragraph 2 of the Final Holdings Report identifying the Protected Amount of Claims that is in excess of the Threshold Amount of Claims.[2]

**5.    Deadline for Serving Final Holdings Report.** The Final Holdings Report shall be served in accordance with the preceding sentence to the e-mail addresses and fax numbers identified on the attached Annex 1 no later than 5:00 p.m., Eastern Time, on [date that is three days prior to the first date set by the Court for the commencement of the Confirmation Hearing].

Dated: Richmond, Virginia                    BY ORDER OF THE COURT
       [Insert Date]

---

[2]    The term "Protected Amount" is defined in the Trading Order as: "the amount of claims of which a Beneficial Claimholder had Beneficial Ownership on the Petition Date, increased by the amount of claims of which such Beneficial Claimholder acquires Beneficial Ownership pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date minus the amount of claims that such Beneficial Claimholder sells pursuant to trades entered into before the Petition Date that had not yet closed as of the Petition Date."

<u>ANNEX 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653-KRH
<u>et</u> <u>al</u>.,                       :
                                :   Jointly Administered
              Debtors.          :
                                :
- - - - - - - - - - - - - - x

**FINAL HOLDINGS REPORT**

This Final Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1.  As of the Pre-Confirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |

**Total**

2.    As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.

3.    In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e-mail and fax on:

a.    Counsel for the Debtors:

Gregg M. Galardi, Esq.
SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
One Rodney Square, PO Box 636
Wilmington, Delaware 19899-0636
Facsimile: (302) 651-3001
E-mail: Gregg.Galardi@skadden.com

Name:                      _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                 _____

If by Authorized
Agent, Name and
Title:                     _____

Street Address:
City, State,
Zip Code:                  _____

Telephone Number:          _____

Date:                      _____

EXHIBIT B-4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653-KRH
et al.,                    :
                           :   Jointly Administered
            Debtors.       :
                           :
- - - - - - - - - - - - - - x
```

**FINAL HOLDINGS REPORT**

This Final Holdings Report is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Report, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**1. As of the Pre-Confirmation Notice Record Date, the undersigned is the Beneficial Owner of the following Claims:**

| Nature of Claim(s) (e.g., trade claim, rejection damage claim, bond claim, indemnity claim, etc.) | Dollar Amount of Claim(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

|  |  |
|---|---|
|  |  |
|  |  |
|  | **Total** |

       2.   As of the Petition Date, the undersigned's Protected Amount of Claims in excess of the Threshold Amount of Claims was $_____.

       3.   In accordance with the Trading Order, a copy of this Final Holdings Report was served by the undersigned by e-mail and fax on:

          a.   Counsel for the Debtors:

              Gregg M. Galardi, Esq.
              SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
              One Rodney Square, PO Box 636
              Wilmington, Delaware 19899-0636
              Facsimile: (302) 651-3001
              E-mail: Gregg.Galardi@skadden.com

Name:                    _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:            _____

If by Authorized
Agent, Name and
Title:                _____

Street Address:
City, State,
Zip Code:            _____

Telephone Number:    _____

Date:                  _____

<u>Exhibit B-5</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                           :
In re:                     :    Chapter 11
                           :
CIRCUIT CITY STORES, INC., :    Case No. 08-35653-KRH
et al.,                    :
                           :    Jointly Administered
              Debtors.     :
                           :
- - - - - - - - - - - - - - x
```

**NOTICE OF (A) CONFIRMATION OF 382(l)(5) PLAN OF
REORGANIZATION, (B) MAXIMUM AMOUNT AND
(C) OBLIGATIONS OF SUBSTANTIAL CLAIMHOLDERS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.   Entry of Order.** On November 10, 2008, the United States Bankruptcy Court for the Eastern District of Virginia entered the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

**2.   Notice of Confirmation of 382(l)(5) Plan of Reorganization.** On [Date], the United States Bankruptcy Court for the Eastern District of Virginia confirmed the Plan. The Plan is a 382(l)(5) Plan as defined in the Trading Order.

**3.   Maximum Amount of Claims that May Be Held by a Substantial Claimholder.** In accordance with Section 4 of the Trading Order, the Debtor has calculated the Maximum Amount of Claims that may be held by [name of Substantial Claimholder], as of the Effective Date of the 382(l)(5) Plan, to be $[___]. Such Amount was determined as follows:

[Insert Calculation]

**4.    Sell Down Amount**. The total amount of Claims that all Substantial Claimholders must sell (to parties other than Substantial Claimholders or parties that would become Substantial Claimholders by reason of such sales to them) to effectuate the 382(l)(5) Plan is $[___].

[Insert Calculation]

**5.    Objection to Maximum Amount or Sell Down Amount.** A Substantial Claimholder who has complied with the notice procedures contained in Section 4 of the Trading Order may, no later than 10 calendar days <u>from service</u> of this Sell-Down Notice, object to the manner in which the Maximum Amount or the Sell-Down Amount specified in this Sell-Down Notice were calculated or on the grounds that this Sell-Down Notice contains a mathematical error that would result in requiring the Substantial Claimholder to reduce its ownership below the Maximum Amount or the Protected Amount for such Substantial Claimholder. Any such objection must be e-mailed and faxed to counsel to the Debtors at the e-mail addresses and fax numbers identified on the attached Annex 1. In connection with any such objection, the Substantial Claimholder shall disclose its holdings to counsel to the Debtors as of the time of the filing of the objection and as of the time of any hearing on such objection. The Debtors may serve a new Sell-Down Notice by overnight delivery service within the United States correcting such errors; any Substantial Claimholder required to sell additional Claims as a result of such correction shall have 20 calendar days <u>from service</u> of any new Sell-Down Notice to effect the additional Sell-Down.

**6.    Obligations of Substantial Claimholders**. As ordered and directed in the Trading Order, prior to the Effective Date, each Substantial Claimholder shall sell an amount of Claims equal to its share of the Sell-Down Amount or such other amount necessary so that no Substantial Claimholder shall, as of the Effective Date, hold Claims in excess of the Maximum Amount for such claimholder (the "<u>Sell-Down</u>"). Each Substantial Claimholder shall sell or otherwise transfer its Claims subject to the Sell-Down to unrelated persons or entities; provided further that the Substantial Claimholder shall not have a reasonable basis to believe that such persons or entities, would own, immediately after the contemplated consummation of such

2

transfer, an amount of Claims in excess of the Maximum Amount for such claimholder.

       **7.**    **Notice of Compliance.** A Substantial Claimholder subject to the Sell-Down shall, before the Effective Date and as a condition to receiving Affected Securities, e-mail and fax to counsel to the Debtors at the e-mail address and fax number identified on the attached Annex 1, a written statement in the form attached hereto as Annex 1 that such Substantial Claimholder has complied with the terms and conditions set forth in this Notice and Paragraph 4 the Trading Order and that such Substantial Claimholder does not hold Claims, as of the Effective Date, in an amount in excess of the Maximum Amount.

Dated: Richmond, Virginia       BY ORDER OF THE COURT
      [Insert Date]

<u>ANNEX 1</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,                     :
                            :   Jointly Administered
              Debtors.      :
                            :
- - - - - - - - - - - - - - x
```

**NOTICE OF COMPLIANCE**

This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

1.   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

2.   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

3.    Service Information.

    a.    Counsel for the Debtors:

        Gregg M. Galardi, Esq.
        SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
        One Rodney Square, PO Box 636
        Wilmington, Delaware 19899-0636
        Facsimile: (302) 651-3001
        E-mail: Gregg.Galardi@skadden.com


Name:                         _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature:                    _____

If by Authorized
Agent, Name and
Title:                        _____

Street Address:
City, State,
Zip Code:                     _____

Telephone Number:             _____

Date:                         _____

<u>EXHIBIT B-6</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653-KRH
et al.,                       :
                              :   Jointly Administered
               Debtors.       :
                              :
- - - - - - - - - - - - - - x
```

**NOTICE OF COMPLIANCE**

This Notice of Compliance is being submitted as required by the Order Under 11 U.S.C. §§ 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors' Estates (Docket No. 135) (the "Trading Order").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Trading Order.

1.   The undersigned has complied in full with the Sell-Down Procedures set forth in Section 4 of the Trading Order and does not hold Claims, as of the Effective Date, in an amount in excess of $_____ , the Maximum Amount.

2.   In accordance with the Trading Order, the undersigned served a copy of this Notice on counsel for the Debtors at the e-mail address(es) and fax number(s) identified below.

3.    Service Information.

    a.    Counsel for the Debtors:

        Gregg M. Galardi, Esq.
        SKADDEN, ARPS, SLATE, MEAGHER AND FLOM
        One Rodney Square, PO Box 636
        Wilmington, Delaware 19899-0636
        Facsimile: (302) 651-3001
        E-mail: Gregg.Galardi@skadden.com

Name: _____

Social Security
or Federal Tax
I.D. No. (optional):_____

Signature: _____

If by Authorized
Agent, Name and
Title: _____

Street Address:
City, State,
Zip Code: _____

Telephone Number: _____

Date: _____