**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile:  (315) 474-4040
Kevin M. Newman, Esq.
James C. Thoman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

CIRCUIT CITY STORES, INC., *et al.*          Case No. 08-35653-KRH
                                             Jointly Administered
                             Debtors.        Chapter 11 Proceedings

---

**Limited Objection to Motion of Debtors for Entry of Order Pursuant to
Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency
Agreement Among the Debtors, Hilco Merchant Resources, LLC and
Gordon Brothers Retail Partners, LLC and (II) Authorizing the Debtors to
<u>Continue Agency Agreement Sales Pursuant to Store Closing Agreement</u>**

EklecCo NewCo, LLC, (the "Objecting Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submits this Objection to the entry of an order with respect to the above-referenced motion (the "Motion to Assume").

## Background

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord leases nonresidential real property to the Debtors under an unexpired lease (the "Lease") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |

(the "Premises").

4. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 10, 2008, the Debtors filed the Motion to Assume and sought authority for the Debtors to assume a pre-petition store closing sales agreement, dated November 4, 2008, (the "Agency Agreement") between certain of the Debtors and Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Agent"). The Motion to Assume also seeks approval of amended sale guidelines (the "Sale Guidelines").

6. On November 10, 2008, the Court entered an order granting the Motion to Assume and allowed landlords to object based on lack of adequate protection and to the terms of the Sale Guidelines on or before November 20, 2008.

***The Debtors Must Immediately Pay Post-Petition Rent:***

7. Since the Petition Date, the Debtors have failed to timely pay the post-petition rent due and owing under the Lease pursuant to Section 365(d)(3) of the Bankruptcy Code. The post-petition arrears under the Lease is as follows:

| LANDLORD | POST-PETITION RENT OWED |
|---|---|
| EklecCo NewCo, LLC | $67,757.70 |

A copy of the itemization of this post-petition rent is annexed hereto as Exhibit "A".

8. If the Debtors would like to continue their occupancy at the Premises, they must strictly comply with Section 365(d)(3) of the Bankruptcy Code and pay the foregoing post-petition rent. *See e.g., In re Best Products Co., Inc.*, 206 B.R. 404 (Bankr. E.D.Va. 1997); *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). *In re Ames Dep't. Stores, Inc.*, 306 B.R. 43 (Bankr. S.D.N.Y. 2004); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995); *In re Manhattan King David Restaurant, Inc.*, 163 B.R. 36, 40-41 (S.D.N.Y. 1993).

***Proposed Terms of Store Closing Sales:***

9. The Agency Agreement contains proposed Sale Guidelines. In the first Ames Department Stores case, this Court stated that "Section 363(e) reserves for bankruptcy courts the discretion to condition the time, place and manner of store closing sales thereby providing adequate safeguards to protect shopping center landlords and their other tenants, by allowing the trustee to fulfill its fiduciary obligations." *In re Ames Department Stores, Inc.*, 136 B.R. 357 (Bankr. S.D.N.Y. 1992). The Objecting Landlord could be seriously damaged by the proposed store closing sales. Store closing or going out of business sales are detrimental, not only to the shopping center, but also to other tenants of the shopping center in question. Shopping centers

are designed and planned for the retail sale of merchandise by numerous tenants operating in harmony with one another. The Objecting Landlord has designed a well-thought out enclosed shopping center with a diverse tenant mix. When one tenant deviates from customary operations by selling merchandise at liquidation or drastically reduced prices, all tenants suffer.

10. The Objecting Landlord opposes the Sale Guidelines with respect to the store closing sales because:

- There should be a prohibition on any solicitation of customers (whether in writing or not) outside of the Premises;

- There should be no more than one sign in any window of the store and the signs may not take up more than 50% of the window space;

- Any signs placed in the store's front window must be set back at least one foot;

- Only one interior banner no larger than 3' x 8' may be hung. The interior banner may only be hung in the rear third of the store;

- No exterior banners may be hung because the Objecting Landlord's shopping center is an enclosed mall;

- Total additional in-store signage must be limited to four 24" x 36" signs per 1,000 square feet of store floor area;

- The Debtors and any agent must be required to repair any damage caused by the placement of any signage;

- The Guidelines should specify that no interior or exterior balloons are permitted;

- There should be no sign walkers, sandwich boards or street signage. No sign walkers should be used on mall property, immediately adjacent streets, or ring roads;
- It should be made clear that no signs or advertisements can use the terms "bankruptcy," "bankruptcy liquidation", "lost our lease" or use similar themes;
- There should be no auctions; and
- Furniture, fixture and equipment ("FF&E") must be removed through exits designated by the Objecting Landlord.

11. Any order resolving the Objecting Landlord's objections to the Motion to Assume must indicate that the terms of any separate agreement with the Objecting Landlord on the Sale Guidelines shall control notwithstanding anything contained in the terms of the Order granting the Motion to Assume or any order granted following the December 5, 2008 hearing on this objection.

### Joinder

12. The Objecting Landlord joins in the objections filed by other landlords to the Motion to Assume to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, EklecCo NewCo, LLC respectfully prays for an Order denying the Motion to Assume or alternatively granting the Motion to Assume on the terms set forth in this

Limited Objection and granting EklecCo NewCo, LLC such other and further relief as the Court deems just and proper.

Dated: November 19, 2008

**CHRISTIAN & BARTON, L.L.P.**

By: /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esq. (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:   (315) 474-4040

*Attorneys for EklecCo NewCo, LLC*

## CERTIFICATE OF SERVICE

That on the 19th day of November, 2008 I caused the Limited Objection to Motion of Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement to be served upon the following:

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuire Woods LLP
901 East Cary Street
Richmond, VA 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 308 Maltbie Street, Suite 200, Syracuse, New York 13204, and via the electronic case filing system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

909635

# EXHIBIT "A"

Circuit City- Merchant #610110
Filing Date - 11/10/2008
EklecCo NewCo, LLC

| Post-Petition Amount Due | | |
|---|---|---|
| Nov. 10 - 30 | | Total |
| $48,265.00 | | $48,265.00 |
| $19,492.70 | | $19,492.70 |
| $0.00 | | $0.00 |
| $0.00 | | $0.00 |
| $0.00 | | $0.00 |
| | | $0.00 |
| 0.00 | | 0.00 |
| $67,757.70 | $0.00 | $67,757.70 |
| | Less Payment | 0.00 |
| | Total Post - Petition | $67,757.70 |