**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman, Esq.
James C. Thoman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Landover (Landover Crossing), LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

-----------------------------------------------------------------
In re:

   CIRCUIT CITY STORES, INC., *et al.*                 Case No. 08-35653-KRH
                                                                   Jointly Administered
                                     Debtors.            Chapter 11 Proceedings
-----------------------------------------------------------------

**Objection to Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of
Non-Residential Real Property and Abandonment of Personal Property
<u>Effective as of the Petition Date</u>**

Landover (Landover Crossing), LLC, (the "Objecting Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C. and local counsel Christian & Barton, L.L.P., respectfully submits this Objection to relief requested with respect to the above-referenced motion (the "Motion to Reject").

**Background**

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord leases nonresidential real property to one of the Debtors under an unexpired lease (the "Lease") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Landover (Landover Crossing), LLC | Landover Crossing | Landover, MD |

(the "Premises").

4. The Premises is also subject to a sub-lease agreement between one of the Debtors and Mall of Decoration, Inc., (the "Sub-Tenant") dated September 29, 2005 (the "Sub-Lease").

5. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On November 10, 2008, the Debtors filed the Motion to Reject and sought authority to reject certain unexpired leases of non-residential real property effective as of the Petition Date and to abandon any personal property remaining in the Premises as of the Petition Date.

7. On November 10, 2008, the Court entered an order granting the Motion to Reject (the "Rejection Order") which permits landlords to object to the relief granted by the Rejection Order on or before November 20, 2008.

### Objection to Rejection of Unexpired Lease of Non-Residential Real Property

8. The Objecting Landlord objects to the Motion to Reject as it inappropriately seeks to retroactively reject the Lease and Sub-Lease by deeming the effective date of rejection to be November 10, 2008, the Petition Date. The Sub-Tenant remains open and operating in the Premises. The Rejection Order should be modified to provide that the Lease and Sub-Lease are rejected effective as of the Objecting Landlord's obtaining dominion and control of the Premises including the return of the keys and/or key codes. The Objecting Landlord does not object to rejection of the Lease, only to the retroactive nature of the rejection.

9. Bankruptcy Code § 365(a) states, in relevant part, as follows: "the trustee, **subject to the court's approval**, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (West 2008) (*emphasis added.*)

10. The majority view is that court approval is a condition precedent to effective rejection. *See, e.g. Paul Harris Stores,* 148 B.R. 307, 309 (S.D. Ind. 1992); *In re Federated Dep't Stores, Inc.,* 131 B.R. 808, 815-16 (S.D. Ohio 1991); *In re Appliance Store, Inc.,* 148 B.R. 234, 239 (Bankr. W.D. Pa 1992).

11. "An order under § 365(a) is required in order for a proposed assumption or rejection to be effective." *In re Compuadd Corp.,* 166 B.R. 862, 866 (Bankr. W.D. Tex. 1994)(holding that when a debtor seeks rejection, effectiveness occurs upon the earlier of the court order approving the rejection or the passage of sixty (60) days from the petition date by virtue of Bankruptcy Code § 365(d)(3)).

12. A landlord's lease is in limbo from the date of the filing of a bankruptcy case through entry of an order rejecting or assuming the lease. The landlord is unable to take steps to re-let the leased premises given the right of the debtor, trustee or committee of unsecured creditors to take the position, until entry of an order approving the rejection, that the lease should be marketed rather than rejected. The landlord is denied certainty through entry of an order approving either assumption or rejection of a lease.

13. A minority of Courts have approved retroactive rejection under very limited circumstances and after balancing the equities of a case. *In re Thinking Machines Corp.,* 67 F.3d 1021, 1025 (1st Cir. 1995). "It is the burden of the moving party to show that relief, of this character, is appropriate." *In re TW, Inc.,* 2004 U.S. Dist. LEXIS 671, 5-6 (D. Del. 2004). Courts have denied retroactive rejection when the debtor failed to demonstrate that the landlord had regained possession of the premises prior to the petition date. *Id.*; *see also In re: Chi-Chi's, Inc.,* 305 B.R. 396, 399 (Bankr. D. Del. 2004).

14. In this case, the Objecting Landlord has not been able to retake possession of the Premises because the Sub-Tenant continues to operate in the Premises. The Debtors incorrectly state in the Motion to Reject that possession of the Premises was surrendered to the Objecting Landlord prior to the Petition Date. (*See* Motion to Reject Landlord paragraphs 9 and 15, pages 5 and 7).

15. It would be inequitable for the Court to permit rejection while the Objecting Landlord is stayed from taking any action with respect to such property and thus cannot gain control over the Premises.

16. The equities of a case only favor retroactive rejection to the filing of the case when a landlord has possession and control of leased premises prior to the date the case is filed

so that it can attempt to relet the premises. The facts of this case do not warrant approval of any rejection of the Lease effective as of the Petition Date.

### Joinder

17. The Objecting Landlords join in the objections filed by other landlords to the Motion to Assume to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE,** Landover (Landover Crossing), LLC respectfully requests that the Motion to Reject be denied to the extent that: it seeks rejection of the Lease effective as of the Petition Date, together with such other and further relief as the Court may deem just and proper.

Dated: November 19, 2008         **CHRISTIAN & BARTON, L.L.P.**

/s/ Jennifer M. McLemore
By:  Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esq. (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:   (315) 474-4040

*Attorneys for Landover (Landover Crossing), LLC*

## CERTIFICATE OF SERVICE

That on the 19th day of November, 2008, I caused the Objection to Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Personal Property Effective as of the Petition Date to be served upon the following:

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuire Woods LLP
901 East Cary Street
Richmond, VA 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 308 Maltbie Street, Suite 200, Syracuse, New York 13204; and via the electronic case filing system.

/s/ Jennifer McLemore
Jennifer McLemore