1  Nathan Goldberg, State Bar No. 61292
   **ALLRED, MAROKO & GOLDBERG**
2  6300 Wilshire Boulevard, Suite 1500
   Los Angeles, California 90048
3  Telephone:  (323) 653-6530
   Facsimile:  (323) 653-1660
4
   David M. deRubertis, State Bar No. 208709
5  David A. Lesser, State Bar No. 210637
   **The deRubertis Law Firm**
6  21800 Oxnard Street, Suite 1180
   Woodland Hills, California 91367
7  Telephone:  (818) 227-8605
   Facsimile:  (818) 227-8616
8
   Attorneys for Plaintiffs
9  Daniel E. Weidler, Michael F. Yezback, Eloise Garcia, and
   Angie Duron, individually and on behalf of a class of all
10 similarly-situated individuals

11               SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF LOS ANGELES

13 | DANIEL E. WEIDLER, MICHAEL F. YEZBACK, | ) Case No.: BC 369 011
14 | ELOISE GARCIA, ANGIE DURON, individually and | ) [Assigned to Hon. Victoria Chaney,
   | on behalf of a class of all similarly-situated individuals, | ) Dept. 324, Civil Central
15 |                                         | ) West–Complex Designation]
   |                    Plaintiffs,          | )
16 |                                         | ) **CLASS ACTION**
   |        v.                               | )
17 |                                         | ) **FIRST AMENDED COMPLAINT**
   |                                         | ) **FOR DAMAGES:**
18 | CIRCUIT CITY STORES, INC.; and DOES 1 through | )
   | 100, inclusive,                          | ) 1. **VIOLATION OF CALIFORNIA**
19 |                                         | )    **FAIR EMPLOYMENT AND**
   |                    Defendants.           | )    **HOUSING ACT—AGE**
20 |                                         | )    **DISCRIMINATION; and**
   |                                         | )
21 |                                         | ) 2. **WRONGFUL TERMINATION**
   |                                         | )    **IN VIOLATION OF PUBLIC**
22 |                                         | )    **POLICY.**
   |                                         | )
23 |                                         | ) **DEMAND FOR JURY TRIAL**

24     Plaintiffs bring this action to challenge the unlawful employment practices of Defendants
25 CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, on behalf of themselves and a
26 class of all similarly-situated workers, alleging as follows:
27
28
                                          1
                     **COMPLAINT FOR DAMAGES AND OTHER RELIEF**

## INTRODUCTION

1. Plaintiffs Daniel E. Weidler, Michael F. Yezback, Eloise Garcia and Angie Duron were employees of Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, the nation's number two consumer electronics retailer. On or about March 28, 2007, Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, terminated the employment of approximately 3,400 employees nationwide. In excess of 600 of the terminated workers were employed by said Defendants within the State of California. Defendants' CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, express and admitted purpose in terminating thousands of workers was the deliberate decision "with respect to certain positions, to separate from employment hourly associates whose rate of pay is 51 cents or more above the established pay rate" of what these Defendants wished to pay for particular positions. This so-called "wage management initiative" was decided by and implemented through the highest-levels of leadership within the corporate structure and, upon information and belief, was given full approval and authorized by the Board of Directors and Philip J. Schoonover, the Chairman, President and Chief Executive Officer of CIRCUIT CITY STORES, INC.

2. Dedicated and loyal workers who lost their jobs as a result of this cost-cutting decision—some of whom worked many years for Defendants and had outstanding performance reviews year-after-year—were told that Defendants planned to replace them with lower-paid (and presumably less-experienced and younger) employees and that after ten weeks they could seek to re-apply for employment by Defendants, but at a drastically diminished wage rate and without any guarantee of re-employment. High-ranking officials from CIRCUIT CITY STORES, INC., including its designated spokespeople, have publicly acknowledged that many of the higher-compensated employees who were terminated received higher wages than those retained because the higher paid workers had worked longer for the company than those who were paid less. They have also publicly acknowledged that the selection of employees for termination was unrelated to their work performance or their skills, but instead their wage rate was the sole criteria. But, the wage rate of employees was determined largely by their length of employment—a factor that typically correlates with the age of the worker. Thus, the use of wages or salaries as the sole criteria to select

among employees subject to termination had a disparate impact on workers who were at least 40 years old—workers who are protected by law against discrimination, in purpose or impact, on the basis of their age.

3. By making termination decisions expressly based on the wage rate of the employees, Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, violated the California Fair Employment & Housing Act, which generally protects workers who are at least 40 years-old and specifically declares as a matter of public policy in the State of California "that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group...." Defendants' use of wage rates as the sole basis for selecting employees for termination did adversely impact workers who were at least 40 years-old, and thus constitutes prohibited age discrimination under California law, which "broadly and vigorously" protects workers who are at least 40 years-old "with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers."

4. The named Plaintiffs, on their own behalf and on behalf of those similarly-situated employees who were terminated as a result of the discriminatory policy, bring this action seeking to recover lost wages (past and future), compensatory damages, lost benefits, attorneys' fees, costs, and other appropriate relief.

**PARTIES**

5. <u>Named Plaintiffs and Class Representatives</u>. Plaintiffs Daniel E. Weidler, Michael F. Yezback and Eloise Garcia are and at all relevant times were residents of the County of Ventura, each of whom were employed by Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100. Plaintiff Angie Duran is and at all relevant times was a resident of the County of Los Angeles, and was employed by Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100. Plaintiff Daniel E. Weidler is 57 years-old, Plaintiff Michael F. Yezback is 59 years-old, Plaintiff Eloise Garcia is 66 years-old and Plaintiff Angie Duran is 46 years-old. All of the named Plaintiffs

were terminated on or about March 28, 2007 as part of the "wage management initiative" based on the company's decision that their "pay rate [was] 51 cents or more above the established pay range" for their positions.

6. <u>Named Defendants</u>. CIRCUIT CITY STORES, INC. is a Virginia corporation, doing business in multiple states throughout the country, and believed to have offices where relevant personnel records are stored located in the City of Walnut within the County of Los Angeles. Defendant CIRCUIT CITY STORES, INC. is an employer within the meaning of the California Fair Employment & Housing Act (Government Code §12900, et seq.).

7. <u>DOES</u>. The true names and capacities of the Defendants sued as DOES 1 through 100, inclusive, whether individual, corporate, associative or otherwise, are unknown to plaintiffs, who therefore sue them under fictitious names. DOES 1 through 100, either directly or indirectly, or through an agent or other person, employed or exercised control over the wages, hours or working conditions of the employees of Defendants and each of them. Plaintiffs will seek leave to amend this complaint to state the true names and capacities of such Defendants when such names and capacities are ascertained.

8. <u>Agency</u>. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that at all relevant times, Defendants and each of them have been the partners, joint venturers, employers, employees, actual and ostensible agents, and representatives of each other with respect to the conduct alleged herein and, in doing the acts alleged, were acting on behalf of such partnership and joint venture, and within the course and scope, and the apparent course and scope of such employment, agency, and representation and on behalf of such partnership and joint venture.

9. <u>Exhaustion of Administrative Remedies and Compliance with the Limitations Period.</u> Defendant CIRCUIT CITY STORES, INC. has been put on notice of allegations of class-wide age discrimination by charges filed by the named Plaintiffs with the California Department of Fair Employment & Housing, which have alleged individual and class-wide age discrimination claims. The named Plaintiffs have filed these charges of discrimination, including the class-wide allegations seeking immediate right-to-sue notices. Some right-to-sue notices have been issued, while others

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**

are still pending. The charges filed with the California Department of Fair Employment & Housing were timely-filed within one year of the allegedly discriminatory terminations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. <u>The Termination</u>. On or about March 28, 2007, Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, through a centralized and common management decision, implemented termination of approximately 3,400 workers, of which in excess of 600 worked in stores throughout the State of California.

11. <u>The Unlawful Conduct</u>. The termination's admitted purpose—a so-called "wage management initiative"—was, in fact, the conscious and deliberate corporate decision "with respect to certain positions, to separate from employment hourly associates whose rate of pay is 51 cents or more above the established pay rate" of what these Defendants wished to pay for particular positions. Performance, skill and/or quality of work had nothing to do with the selection of employees for termination. Instead, the sole criteria used was the corporate determination that the employee's pay rate exceeded a certain amount, the company's so-called "established pay rate." Consequently, because pay rate was the sole criteria, the workers terminated in connection with the termination were those with greater seniority and length of service — most likely the older members of the workforce. Thus, the use of wages as the sole criteria to select among employees subject to termination had a disparate impact on workers who were at least 40 years-old.

12. <u>California's Broad Protections Against Age Discrimination in Employment</u>. By making termination decisions expressly based on the wage rate of the employees, Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, violated the California Fair Employment & Housing Act, which generally protects workers who are at least 40 years-old and specifically declares "that the use of salary as the basis for differentiating between employees when terminating employment may be found to constitute age discrimination if use of that criterion adversely impacts older workers as a group...."

13. <u>Corporate Malice and/or Oppression</u>. The foregoing conduct, including the creation and implementation of a company-wide policy that had the purpose and/or effect of discriminating

against workers 40 years of age and older, is despicable conduct carried on in conscious disregard of the rights of workers to freedom from discrimination based on age and the firmly-established public policy of the State of California prohibiting age discrimination in employment. It thus constitutes malicious and/or oppressive conduct. This corporate policy was created at the highest levels of corporate management and was fully authorized and/or ratified by corporate officers, directors and/or managing agents.

## CLASS ACTION ALLEGATIONS

14. This action is brought by the named Plaintiffs pursuant to California Code of Civil Procedure Section 382 on behalf of the class of similarly-situated former employees of Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100.

15. The plaintiff class consists of all former California-based employees of Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, who were at least 40 years of age and whose employment was terminated on or about March 28, 2007, as part of the corporate-wide "wage management initiative" based on the company's decision that their "pay rate [was] 51 cents or more above the established pay range" for their positions.

16. The named Plaintiffs thus represent an ascertainable class, which is comprised of former California-based employees of Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, who were at least 40 years-old and were terminated as part of the termination brought about by the corporate-wide "wage management initiative" based on the company's decision that their ""pay rate [was] 51 cents or more above the established pay range" for their positions.

17. This number of class-members is numerous. In excess of 600 individuals who worked in California were terminated as part of the termination and, upon information and belief, a substantial portion of these employees, believed to be in the hundreds were at least 40 years of age. As such, the joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the court.

18. The named Plaintiffs are unaware of any difficulty that would likely be encountered in the management of this litigation that would preclude its maintenance as a class action; the names

1  and addresses of the class-members are available from Defendants' own records, and notice can be
2  provided using techniques and a form of notice similar to those customarily used in class actions
3  under California law.

4      19.    The named Plaintiffs' claims are typical of the claims of the class-members because
5  the named Plaintiffs and all class-members were at least 40 years-old at the time that they were
6  terminated as a result of the same company-wide corporate policy to use wage rate as the sole basis
7  for termination selection. The named Plaintiffs, like all of the class-members, were terminated as
8  part of the corporate-wide so-called "wage management initiative" based on the company's policy
9  requiring termination because their "pay rate [was] 51 cents or more above the established pay
10 range" for their positions. This corporate-wide "wage management initiative" was applied in the
11 same manner to the named Plaintiffs as to all class-members and, thus, typicality is present.

12     20.    There is a well-defined community of interest and questions of law and fact that
13 affect the class that predominate over questions, if any, that only affect individual class members.
14 All class members have been subjected to the same company-wide policy or practice of age
15 discrimination through the "wage management initiative's" use of wage rate only as the sole criteria
16 for termination decisions. All class members claims are thus based on the shared common fact that
17 they were all adversely effected by the same policy, and all of Plaintiffs' claims are based on the
18 same legal theories as the claims of the unnamed class members. The legal issues as to which state
19 laws are violated by such conduct apply equally to the named Plaintiffs and members of the class.

20     21.    The named Plaintiffs will fairly and adequately represent and protect the interests of
21 class-members; the named Plaintiffs are committed to the vigorous prosecution of this action and
22 have retained counsel who are competent and experienced in employment discrimination and/or
23 class action litigation.

24     22.    Defendants' conduct, and their unlawful employment practices, raises question of fact
25 and law common to the class, including the overarching question of law and/or fact common to all
26 members of the class of whether Defendants adopted and/or implemented a policy or practice
27 through the "wage management initiative" that discriminated against them on the basis of their age
28

1  in violation of the California Fair Employment & Housing Act. Additional common questions of
2  law and fact applicable to all members of the class include, but are not limited to:

    (a)    Whether the so-called "wage management initiative" constitutes a company-wide decision and/or policy, which was applied throughout the State of California, in a common scheme to terminate age-protected employees?

    (b)    Whether the implementation of so-called "wage management initiative" had a disparate or adverse impact on workers at least 40 years of age?

    (c)    Whether the implementation of the so-called "wage management initiative" had the purpose of discriminating against age-protected workers?

    (d)    Whether the decision to implement the so-called "wage management initiative" was a malicious and oppressive decision?

    (e)    Whether the decision to implement the so-called "wage management initiative" was made by officers, directors or managing agents of Defendants, so as to subject them to punitive damages?

23. The prosecution of separate actions by individual members of the class would create a risk of:

    (a)    Inconsistent or varying adjudications with respect to individual members of the class that could establish incompatible standards of conduct for the parties opposing the class; and,

    (b)    Adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede the ability of non-parties to protect their interests.

24. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the financial burden of proving that Defendants engaged in a pattern and practice of age discrimination

1 | and the threat of future retaliation for those class members who wish to re-apply for employment
2 | makes class relief a far superior method to individual actions.
3 |   25.  This action is manageable as a class action because compared with any other method,
4 | such an individual intervention or the consolidation of individual actions, a class action is fairer and
5 | more efficient.

## FIRST CAUSE OF ACTION AGAINST
## ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA'S FAIR
## EMPLOYMENT AND HOUSING ACT: AGE DISCRIMINATION

  26.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 25 above as if they were reprinted here in full.

  27.  Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, inclusive, are covered employers under California's Fair Employment & Housing Act.

  28.  Plaintiffs, and all class members, were covered employees under the age discrimination provisions of the Fair Employment & Housing Act, being 40 years of age or older. Plaintiffs, and all class members, were qualified employees for the positions they held.

  29.  Plaintiffs, and all class members, were subjected to adverse employment action in the form of termination of their employment and the decision to terminate their employment was based in whole or part on either or both purposeful discrimination or the application of the "wage management initiative," which was a purportedly neutral selection criteria that had the effect or impact of discriminating against and adversely affecting workers 40 years of age or older, as prohibited by the laws of the State of California.

  30.  In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

  31.  As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiffs and all class members suffered general and compensatory damages, including but not limited to loss of income (past and future), loss of employment benefits (past and future),

general and compensatory damages (past and future), and will continue to so suffer in the future, in an amount to be proved at trial.

32. The foregoing conduct engaged in by Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, Inclusive, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of their workers' right to work in an environment in which personnel decisions were made without regard to age, so as to justify the imposition of punitive damages to punish and set an example of said Defendants.

33. As a proximate result of the foregoing conduct, which violated the provisions of Government Code section 12940, et seq., Plaintiff has been forced to and will incur attorney's fees and costs in the prosecution of this claim, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION FOR WRONGFUL
## DISCHARGE IN VIOLATION OF PUBLIC POLICY
## AGAINST ALL DEFENDANTS

34. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 25 above as if they were reprinted here in full.

35. The employment of the named Plaintiffs and all class members was terminated in violation of the fundamental public policy of the State of California with respect to discriminating against an employee on account of age.

36. As set forth above, said actions by Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100 and each of them, were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies. Said laws included, but are not limited to California Government Code sections 12940 and 12941. These laws inure to the benefit of the public at large, and not just the private interests of the employers and employees whom they govern or protect.

37. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiffs and all class members suffered general and compensatory damages, including

but not limited to loss of income (past and future), loss of employment benefits (past and future), general and compensatory damages (past and future), and will continue to so suffer in the future, in an amount to be proved at trial.

38. The foregoing conduct engaged in by Defendants CIRCUIT CITY STORES, INC. and DOES 1 through 100, Inclusive, and each of their directors, officers and/or managing agents, constitutes malice, fraud and oppression and was carried on with a conscious and willful disregard of their workers' right to work in an environment in which personnel decisions were made without regard to age, so as to justify the imposition of punitive damages to punish and set an example of said Defendants.

**PRAYER**

Plaintiffs pray for judgment against Defendants and each of them as follows:

1. <u>Damages</u>. For general and compensatory damages from Defendants and each of them, including back and front pay and lost benefits, in amounts to be proved at trial.

2. <u>Punitive Damages</u>. For punitive and exemplary damages in an amount necessary to punish Defendants and deter future similar misconduct.

3. <u>Costs of Litigation and Attorneys' Fees</u>. For costs of litigation, including attorneys' fees, pursuant to, among other authorities, the California Fair Employment & Housing Act and section 1021.5 of the Code of Civil Procedure.

///
///
///
///
///
///
///
///

4.  <u>Other Relief</u>. For such other and further legal and equitable relief as the Court may deem just and proper, including but not limited to injunctive relief to end the discriminatory practices and deter the same in the future.

DATED: February 13, 2008

Respectfully submitted,

**ALLRED, MAROKO & GOLDBERG**

By_____
Nathan Goldberg, Esq.
Attorneys for Plaintiffs
Daniel E. Weidler, Michael F. Yezback and Eloise Garcia, Angie Duron individually and on behalf of a class of all similarly-situated individuals

DATED: February 13, 2008

**The deRubertis Law Firm**

By_____
David M. deRubertis, Esq.
Attorneys for Plaintiffs
Daniel E. Weidler, Michael F. Yezback and Eloise Garcia, Angie Duron individually and on behalf of a class of all similarly-situated individuals

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: February 13, 2008

Respectfully submitted,

**ALLRED, MAROKO & GOLDBERG**

By_____
Nathan Goldberg, Esq.
Attorneys for Plaintiffs
Daniel E. Weidler, Michael F. Yezback and Eloise Garcia, Angie Duron individually and on behalf of a class of all similarly-situated individuals

DATED: February 13, 2008

**The deRubertis Law Firm**

By_____
David M. deRubertis, Esq.
Attorneys for Plaintiffs
Daniel E. Weidler, Michael F. Yezback and Eloise Garcia, Angie Duron individually and on behalf of a class of all similarly-situated individuals