UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**OBJECTION BY CARDINAL CAPITAL PARTNERS, INC. AND AFFILIATE
TO THE DEBTORS' MOTION TO REJECT CERTAIN
UNEXPIRED LEASES OF NONRESDENTIAL REAL PROPERTY AND THE
ORDER GRANTING THAT MOTION**

**Cardinal Capital Partners, Inc.** and one of its affiliates, Circuit Distribution-Illinois Limited Partnership (collectively, the "Landlord"), by counsel, and in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date, dated November 10, 2008 (the "Rejection Order"), hereby file this objection (the "Objection") to the relief requested in the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Rejection Motion"), and in support thereof, represent as follows:

---

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550
(804) 783-7686 facsimile

Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
555 Long Wharf Drive, 8th Floor
New Haven, Connecticut 06509-0906
(202) 773-5026

Counsel for Cardinal Capital Partners, Inc. and Affiliate

**Introduction**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On the Petition Date, the Debtors filed the Rejection Motion and later that day the Bankruptcy Court entered the Rejection Order.

3. Pursuant to the Rejection Order, the Landlord has until November 20, 2008 at 4:00 p.m. to object to the relief requested in the Rejection Motion and provisionally granted in the Rejection Order.

**The Prime Lease**

4. Certain of the Debtors are the tenants, and the Landlord is the landlord pursuant to an unexpired lease of nonresidential real property for warehouse/distribution facilities (the "Lease") as follows:

| Loc. #[1] | City |
|---|---|
| 6027 | Hanover Park, IL |

**The Subleases**

5. Certain of the Debtors, as sublandlords, and a certain third party non-debtor as subtenant, are parties to an unexpired sublease of nonresidential real property (for the same premises demised pursuant to the Lease) as follows:

| Loc. # | City | Subtenant |
|---|---|---|
| 6027 | Hanover Park, IL | GE Transportation Systems |

---

[1] The "Loc. #" referenced is taken from Exhibit 1 to both the Rejection Motion and Rejection Order.

The foregoing sublease between certain of the Debtors and GE Transportation Systems (the "Subtenant") is hereinafter referred to as the "Sublease."

**Objection**

The Debtors Should Assume and Assign the Prime Lease and the Sublease to the Landlord under the Prime Lease.

6. As the Debtors correctly note in the Rejection Motion, a debtor's determination to reject an unexpired lease under 11 U.S.C. § 365(a) is governed by the "business judgment" standard. See Rejection Motion, ¶ 19.

7. The Debtors' stated objectives in rejecting leases for unprofitable stores as of the Petition Date – minimizing administrative expenses, maximizing distributions to creditors, and expeditiously returning control of premises to landlords – generally constitute an appropriate exercise of the Debtors' business judgment with respect to most of the Debtors' unexpired leases. See Rejection Motion, ¶ 27

8. However, with respect to the Lease and the Sublease that are subject to the Rejection Motion and the Rejection Order, the Debtors can better further their stated objectives by assuming and assigning both the Lease and Sublease to the Landlord (or its designee).

9. By so doing, the Debtors will be extricating themselves from the middle of a sub-landlord/sub-tenant relationship between the Landlord and the Subtenant.

10. An additional benefit to the Debtors' estates that will be realized by assuming and assigning the Lease and the Sublease to the Landlord, is that millions of dollars of rejection damage claims against the Debtors' estates (with respect to both the Sublease and the Lease) will be eliminated.

11. Accordingly, assumption and assignment of the Lease and Sublease to the Landlord, rather than rejecting the Lease and Sublease, will provide a substantial benefit to the Debtors' Estates, in excess of the benefits cited by the Debtors in the Rejection Motion.

<u>Rejection of the Lease Has Not Yet Become Effective Because the Debtors Have Not Surrendered Possession of the Premises</u>

12. The Rejection Order provides that the Leases are "rejected effective as of the Petition Date, provided the Debtors surrender possession not later than November 12, 2008." Rejection Order, ¶ 2.

13. To date, the Debtors have not surrendered possession of the Premises under the Lease. Accordingly, by the terms of the Rejection Order the Lease has yet to be rejected. The Landlords reserve their rights under 11 U.S.C. §§ 365 and 503 with respect to postpetition rent due under the Lease and to assert claims against the Debtors' estates with respect thereto.

14. Therefore, the Debtors' assumption and assignment of the Lease and the Sublease to the respective Landlord under the Lease would also relieve the Debtors' Estates of obligations under 11 U.S.C. §§ 365 and 503 with respect to postpetition rent due under the Lease.

**WHEREFORE**, the Landlord requests that this Court enter an order:

a. Sustaining this Objection;

b. Finding that, in light of the alternative presented by the Landlord, the rejection of the Lease and Sublease was not a proper exercise of the Debtors' business judgment;

c. Determining that it would be a better exercise of the Debtors' business judgment to, and authorizing the Debtors to, assume and assign the Sublease (and the Lease underlying the Sublease) to the Landlord; and

d. Granting the Landlord such other and further relief as the Court deems appropriate.

Dated: November 20, 2008
Richmond, Virginia

LeClairRyan, A Professional Corporation

/s/ Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel: (804) 783-7550
Fax: (804) 783-7686
christopher.perkins@leclairryan.com

- and -

Niclas A. Ferland (NAF-5367)
Ilan Markus (IM-7174)
555 Long Wharf Drive, 8th Floor
New Haven, CT 06511
Tel: (203) 773-5026
Fax: (877) 783-2294
niclas.ferland@leclairryan.com
ilan.markus@leclairryan.com

*Counsel for Cardinal Capital Partners, Inc. and Affiliate*

## CERTIFICATE OF SERVICE

That on the 20th day of November, 2008, I caused the foregoing to be served upon the following by hand delivery and via the electronic case filing system:

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219

and by mail to:

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

GE Transportation Systems
c/o Chief Financial Officer
Building 14-S
2901 Eastlake Road
Erie, Pennsylvania 16531

/s/ Christopher L. Perkins
Christopher L. Perkins