UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION BY THE BALOGH COMPANIES AND CERTAIN AFFILIATES
TO THE DEBTORS' MOTION TO REJECT CERTAIN
UNEXPIRED LEASES OF NONRESDENTIAL REAL PROPERTY AND THE
<u>ORDER GRANTING THAT MOTION</u>**

The **Balogh Companies** and certain of its affiliates[1] (collectively, the "Landlords"), by counsel, and in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date, dated November 10, 2008 (the "Rejection Order"), hereby file this objection (the "Objection") to the relief requested in the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and

---

[1] The affiliates include: Circuit Investors#2 Ltd, a Texas partnership and CC Investors 1996-17.

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550
(804) 783-7686 facsimile

Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
555 Long Wharf Drive, 8th Floor
New Haven, Connecticut 06509-0906
(202) 773-5026

Counsel for The Balogh Companies

Abandonment of Personal Property Effective as of the Petition Date (the "Rejection Motion"), and in support thereof, represent as follows:

**Introduction**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On the Petition Date, the Debtors filed the Rejection Motion and later that day the Bankruptcy Court entered the Rejection Order.

3. Pursuant to the Rejection Order, the Landlords have until November 20, 2008 at 4:00 p.m. to object to the relief requested in the Rejection Motion and provisionally granted in the Rejection Order.

**The Prime Leases**

4. Certain of the Debtors are tenants and the Landlords are the landlords pursuant to unexpired leases of nonresidential real property for retail or general purpose space (the "Leases") as follows:

| Loc. #[2] | City |
|---|---|
| 6057 | Columbus, GA |
| 6467 | Duncanville, TX |

---

[2] The "Loc. #" referenced is taken from Exhibit 1 to both the Rejection Motion and Rejection Order.

2

## The Subleases

5.  Certain of the Debtors, as sublandlords, and certain third party non-debtors as subtenants, are parties to unexpired subleases of nonresidential real property (for the same premises demised pursuant to the Leases) as follows:

| Loc. # | City | Subtenant |
|---|---|---|
| 6057 | Columbus, GA | Restoration Ministries |
| 6467 | Duncanville, TX | K&G Men's Company |

The foregoing subleases between certain of the Debtors and Restoration Ministries and K&G Men's Company (collectively, the "Subtenants") are hereinafter referred to as the "Subleases."

## Objection

### The Debtors Should Assume and Assign the Prime Leases and the Subleases to the Respective Landlord under each of the Prime Leases.

6.  As the Debtors correctly note in the Rejection Motion, a debtor's determination to reject an unexpired lease under 11 U.S.C. § 365(a) is governed by the "business judgment" standard. *See* Rejection Motion, ¶ 19.

7.  The Debtors' stated objectives in rejecting leases for unprofitable stores as of the Petition Date – minimizing administrative expenses, maximizing distributions to creditors, and expeditiously returning control of premises to landlords – generally constitute an appropriate exercise of the Debtors' business judgment with respect to most of the Debtors' unexpired leases. *See* Rejection Motion, ¶ 27

8.  However, with respect to the Leases and the Subleases that are subject to the Rejection Motion and the Rejection Order, the Debtors can better further their stated

3

objectives by assuming and assigning each of the Leases and Subleases to the respective Landlord (or its designee).

9. By so doing, the Debtors will be extricating themselves from the middle of a sub-landlord/sub-tenant relationship between the Landlord and the Subtenants.

10. An additional benefit to the Debtors' estates that will be realized by assuming and assigning the Leases and the Subleases to the Landlords, is that millions of dollars of rejection damage claims against the Debtors' estates (with respect to both the Subleases and the Leases) will be eliminated.

11. Accordingly, assumption and assignment of the Leases and Subleases to the Landlord, rather than rejecting the Leases and Subleases, will provide a substantial benefit to the Debtors' Estates, in excess of the benefits cited by the Debtors in the Rejection Motion.

<u>Rejection of the Leases Has Not Yet Become Effective Because the Debtors Have Not Surrendered Possession of the Premises.</u>

12. The Rejection Order provides that the Leases are "rejected effective as of the Petition Date, provided the Debtors surrender possession not later than November 12, 2008." Rejection Order, ¶ 2.

13. To date, the Debtors have not surrendered possession of the Premises under the Leases. Accordingly, by the terms of the Rejection Order the Leases have yet to be rejected. The Landlords reserve their rights under 11 U.S.C. §§ 365 and 503 with respect to postpetition rent due under the Leases and to assert claims against the Debtors' estates with respect thereto.

14. Therefore, the Debtors' assumption and assignment of the Leases (as prime leases) and the Subleases to the respective Landlord would also relieve the

4

Debtors' Estates of obligations under 11 U.S.C. §§ 365 and 503 with respect to postpetition rent due under the Leases.

**WHEREFORE**, the Landlords request that this Court enter an order:

a. Sustaining this Objection;

b. Finding that, in light of the alternative presented by the Landlords, the rejection of the Leases and Subleases was not a proper exercise of the Debtors' business judgment;

c. Determining that it would be a better exercise of the Debtors' sound business judgment to, and authorizing the Debtors to, assume and assign the Subleases (and the Lease underlying each of the respective Subleases) to the respective Landlord under the Lease; and

d. Granting the Landlords such other and further relief as the Court deems appropriate.

Dated: November 20, 2008
Richmond, Virginia

LeClairRyan, A Professional Corporation

/s/ Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel: (804) 783-2003
Fax: (804) 783-7686
christopher.perkins@leclairryan.com

- and -

Niclas A. Ferland (NAF-5367)
Ilan Markus (IM-7174)
555 Long Wharf Drive, 8th Floor
New Haven, CT 06511
Tel: (203) 773-5026
Fax: (877) 783-2294
niclas.ferland@leclairryan.com
ilan.markus@leclairryan.com

*Counsel for The Balogh Companies*

## CERTIFICATE OF SERVICE

That on the 20th day of November, 2008, I caused the foregoing to be served upon the following by hand delivery and via the electronic case filing system:

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219


and by mail to:

K&G Men's Company
Attn: Executive Offices
1225 Chattahoochee Avenue, N.W.
Atlanta, Georgia 30318

Restoration Ministries
4205 Beallwood Avenue
Columbus, Georgia 31904

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219


/s/ Christopher L. Perkins
Christopher L. Perkins