Charles W. Chotvacs (VA Bar No. 70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

- and -

Thomas J. Leanse (Cal. Bar No. 084638)
Brian D. Huben (Cal. Bar No. 134354)
Dustin P. Branch (Cal. Bar No. 174909)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.**, <u>et al.</u>, | ) | Case No. 0835653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**LIMITED OBJECTION OF THE MACERICH COMPANY, RREEF MANAGEMENT COMPANY, COUSINS PROPERTIES INCORPORATED, AND WATT MANAGEMENT COMPANY TO THE MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING THE AGENCY AGREEMENT AMONG THE DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY <u>AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT</u>**

The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, and Watt Management Company (the "<u>Landlords</u>") hereby file their limited objection (The "<u>Limited Objection</u>") to the Motion Of The Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The Agency Agreement Among

- 1 –

The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers Retail Partners, LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (the "Agency and GOB Motion"),[1] and respectfully represent as follows:

## I.    BACKGROUND FACTS

1.    Circuit City Stores, Inc. and its affiliated Debtor entities (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008. The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

2.    Landlords are the owners or managing agents of numerous shopping centers (the "Centers") throughout the United States wherein Debtors continue operates their retail stores (the "Premises") pursuant to nonresidential real property leases (the "Leases"). The specific Landlord and location for each Lease subject to this Limited Objection is set forth in Exhibit "A" and is incorporated herein by this reference.

3.    Most, if not all, of the Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4.    On or about November 10, 2008, the Debtors filed the Agency and GOB Motion, seeking to approve Hilco Merchant Resources, LL and Gordon Brothers Retail Partners, LLC (collectively, the "Agent") as the liquidator to continue to conduct store closing sales that began November 5, 2008, as well as certain store closing guidelines (the "Sales Guidelines").

5.    While the Landlords had numerous objections to the Sales Guidelines attached to the Agency and GOB Motion, the Landlords have reached an agreement with the Debtors and the Agent to modify those Sale Guidelines. This agreement controls over the Sales Guidelines,

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Agency and GOB Motion or Agency Agreement.

[2] Unless otherwise specified, all statutory "Section" references are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

the Agency Agreement, and order approving same with respect to the conduct of the sales at the Premises. Based upon this agreement, the Landlords will not pursue any objection to the Sale Guidelines.

## II.     ARGUMENT

### A.     The proposed store closing sale does not adequately protect Landlords' rights under the Leases.

6.      The Debtors seek authority to conduct store closing sales at the Premises. As an initial matter, the Debtors have not paid the post-petition portion of the rent and related charges due under the Leases for November 2008 (the "Stub Rent"). These charges are post-petition charges that are immediately due and payable by the Debtors under Section 365(d)(3). To the extent that the Court is inclined to permit any store closing sales to continue, the Court should require the Debtors to pay the outstanding Stub Rent as a condition of continuing such store closing sale. In addition, the Debtors must be required to comply with their obligations under Section 365(d)(3) of the Bankruptcy Code on a going forward basis.

7.      Moreover, in this instance, the failure to pay Stub Rent results in a windfall to the Debtors. The Debtors have hired the Agent to conduct the sale of inventory at the closing stores. The Agency Agreement provides that the "Agent shall unconditionally be responsible for all Expenses incurred in conducting the Sale. *See* Agency Agreement at Section 4.1. Expenses include rent and charges for the occupancy and use of the Premises. *See* Agency Agreement at Section 4.1(l). Therefore, the Agent is paying the Debtors for the use and occupancy of the Premises during the store closing sales. The Court should not allow the Debtors to collect and retain the rent and related charges from the Agent, and it should require the Debtors to immediately pay the Stub Rent to the Landlords to satisfy the Debtors' obligations under the Leases. Where an agent is in place conducting a store closing sale, and paying the costs of occupancy, even billing date jurisdictions have required that debtors pay Stub Rent to landlords. *See* In re ZB Company, 302 B.R. 316, 319-20 (Bankr. D. Del. 2003).

8. There is no legitimate dispute as to the fact that the Landlords have valid post-petition claims for the continued use and occupancy of the Premises after the bankruptcy filing, either under Section 365(d)(3) or Section 503(b)(1). To do other than require the payment of the Stub Rent deprives the Landlords of adequate protection for the use of the Premises.

9. Finally, the Agency Agreement provides that the Agent shall be responsible for all Expenses associated with conducting store closing sales, including Occupancy Expenses. *See* Agency Agreement at Section 4.1. The Debtors and/or the Agent are ultimately responsible for all rent and charges under the Leases and must ensure that these obligations under the Leases are paid as required by the Leases. The Agency Agreement cannot amend the Leases or alter the requirement that Landlords receive payment of all lease charges, when due, in exchange for the use and occupancy of the Premises for the conduct of the store closing sales. The Court should not authorize the Debtors and/or the Agent to delay payments in derogation of the Leases, and should require the Debtors and/or the Agent to timely perform all obligations under the Leases until they are assumed and assigned, or rejected.

10. To the extent consistent with the objections expressed herein, Landlords also join in the objections of other shopping center lessors to the Debtors' proposed relief.

## IV. CONCLUSION

In order to protect the interests of the Landlords, Landlords request that the Court incorporate the modifications and protections requested herein by the Landlords, and grant such other and further relief as may be just and proper.

Dated:  November 20, 2008          **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**


By: ___/s/  Charles W. Chotvacs_____
Charles W. Chotvacs (VA Bar No. 70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

- and –

**KATTEN MUCHIN ROSENMAN LLP**

Thomas J. Leanse (TL-8802)
Brian D. Huben (BH-8262)
Dustin P. Branch (DB-3553)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, California  90067
Phone: (310) 788-4400
Facsimile: (310) 788-4471
thomas.leanse@kattenlaw.com
brian.huben@kattenlaw.com
dustin.branch@kattenlaw.com

Attorneys for The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, and Watt Management Company

## **EXHIBIT A**

| |  |  |
|---|---|---|
| **The Macerich Company** | | |
| Chandler Gateway | Store No. 3330 | Chandler, AZ |
| Green Tree | Store No. 4109 | Clarksville, IN |
| San Tan Village | Store No. 3580 | Gilbert, AZ |
| Tyson's Corner | Store No. 803 | McLean, VA |
| **Cousins Properties Incorporated** | | |
| Ave Forsyth | Store No. 4252 | Cumming, GA |
| North Point Market Center | Store No. 3107 | Alpharetta, GA |
| **Watt Management Company** | | |
| Compton Town Center | Store No. 422 | Compton, CA |
| Riverside Town Center | Store No. 426 | Riverside, CA |
| **RREEF Management Company** | | |
| The Arboretum | Store No. 4195 | South Barrington, IL |

LAX01_31463120_1_203280_00001 11/19/2008 6:39 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2008, the foregoing Limited Objection was filed and served electronically using the Court's CM/ECF system, and that, in addition, true and correct copies of the foregoing were sent via facsimile to the following parties:

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219
Fax: (804) 771-2330
*Assistant United States Trustee*

Dion W. Hayes
Douglas M. Foley
MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Fax: (804) 775-1061
*Counsel for Debtors*

Greg M. Galardi
Ian S. Fredericks
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636
Fax: (302) 651-3001
*Counsel for Debtors*

Timothy G. Pohl
Chris L. Dickerson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
333 West Wacker Drive
Chicago, IL  60606
Fax: (312) 407-0411
*Counsel for Debtors*

                                        /s/  Charles W. Chotvacs
                                        Charles W. Chotvacs