IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653-KRH |
| | : | |
| *Debtors*. | : | (Jointly Administered) |

**LIMITED OBJECTION OF CK RICHMOND BUSINESS SERVICES #2
LIMITED LIABILITY COMPANY TO THE DEBTORS' MOTION
TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND THE ORDER GRANTING THAT MOTION**

CK Richmond Business Services #2 Limited Liability Company ("**CK Richmond**"), by counsel, and in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date, dated November 10, 2008 (the "Rejection Order"), hereby files this objection (the "Objection") to the relief requested in the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Rejection Motion"), and in support thereof, represents as follows:

Stanley K. Joynes III (VSB No. 20764)
Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-2003

Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
555 Long Wharf Drive, 8th Floor
New Haven, Connecticut 06509-0906
(202) 773-5026

Counsel for CK Richmond Business Services Limited Liability Company

**Introduction**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On the Petition Date, the Debtors filed the Rejection Motion and later that day the Bankruptcy Court entered the Rejection Order.

3. Pursuant to the Rejection Order, the Landlord has until November 20, 2008 at 4:00 p.m. to object to the relief requested in the Rejection Motion and provisionally granted in the Rejection Order.

**The Prime Lease**

4. The Debtor, Circuit City Stores, Inc., as tenant, and CK Richmond, as landlord, are parties to an unexpired lease of nonresidential real property located at 8080 Villa Park Drive in Henrico County, Virginia, and described in the Rejection Motion as follows:

| Loc. #[1] | City |
|---|---|
| 6480 | Richmond, Virginia |

**The Sublease**

5. The Debtor, Circuit City Stores, Inc., as sublandlord, and a certain third party non-debtor, North South Partners, LLC, a Virginia limited liability company, as subtenant, are parties to an unexpired sublease of nonresidential real property (for the same premises demised pursuant to the Prime Lease) as follows:

---

[1] The "Loc. #" referenced is taken from Exhibit 1 to both the Rejection Motion and Rejection Order.

| Loc. # | City |
|---|---|
| 6480 | Richmond, Virginia |

The foregoing sublease is hereinafter referred to as the "Sublease."

**Objection**

6. As the Debtors correctly note in the Rejection Motion, a debtor's determination to reject an unexpired lease under 11 U.S.C. § 365(a) is governed by the "business judgment" standard. *See* Rejection Motion, ¶ 19.

7. The Debtors' stated objectives in rejecting leases for unprofitable stores as of the Petition Date – minimizing administrative expenses, maximizing distributions to creditors, and expeditiously returning control of premises to landlords – generally constitute an appropriate exercise of the Debtors' business judgment with respect to most of the Debtors' unexpired leases. *See* Rejection Motion, ¶ 27

8. However, with respect to certain of the leases and subleases that are subject to the Rejection Motion and the Rejection Order, the Debtors might better further their stated objectives by assuming and assigning both the Lease and Sublease to the respective landlords (or their designees).

9. By so doing, the Debtors may extricate themselves from the middle of a sub-landlord/sub-tenant relationship between the Landlord and the Subtenant.

10. An additional possible benefit to the Debtors' estates that might be realized by assuming and assigning leases and subleases may be the avoidance of large amounts of lease rejection damages claims against the Debtors' estates.

11. Under the time constraints imposed by the first-day rejection of the Prime Lease and the Sublease and the limited objection period, CK Richmond has not had

sufficient time to analyze fully where its, or the Debtors', bests interests may lie with respect to the rejection or the assumption and assignment of theses leases. Accordingly, CK Richmond files this limited objection to preserve its right to oppose the rejection should it appear after thorough analysis that such action is not the best course of action for the Debtors or CK Richmond.

**Relinquishment of Possession**

12.     The Debtors has not paid any portion of the rent and other charges due to CK Richmond under the Prime Lease for the month of November, 2008. At the same time, however, the Debtors collected rent from the subtenant under the Sublease. Accordingly, although purporting to reject the Prime Lease effective as of the Petition Date ("provided the Debtors surrender possession not later than November 12, 2008)," the Debtors arguably have not effectively relinquished possession of the leased premises by reason of holding the rent tendered by the Subtenant.

13.     CK Richmond reserves its rights under 11 U.S.C. §§ 365 and 503 with respect to postpetition rent due under the Prime Lease and to assert claims against the Debtors' estates with respect thereto.

**WHEREFORE**, CK Richmond respectfully requests that the Court enter no order to its prejudice, permit it to preserve its rights as stated hereinabove, and grant it such other and further relief as the Court deems appropriate.

Dated: November 20, 2008
      Richmond, Virginia

          LeClairRyan, A Professional Corporation

          /s/ Christopher L. Perkins
          Stanley K. Joynes III (VSB 20764)
          Christopher L. Perkins (VSB No. 41783)
          Riverfront Plaza, East Tower
          951 East Byrd Street, Eighth Floor
          Richmond, Virginia 23219
          Tel: (804) 783-7550
          Fax: (804) 783-7686
          christopher.perkins@leclairryan.com

          - and -

          Niclas A. Ferland (NAF-5367)
          Ilan Markus (IM-7174)
          555 Long Wharf Drive, 8th Floor
          New Haven, CT 06511
          Tel: (203) 773-5026
          Fax: (877) 783-2294
          niclas.ferland@leclairryan.com
          ilan.markus@leclairryan.com

          *Counsel for CK Richmond Business Services*
            *#2 Limited Liability Company*

## **CERTIFICATE OF SERVICE**

That on the 20th day of November, 2008, I caused the foregoing to be served upon the following by facsimile and via the electronic case filing system:

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219

and by mail to:

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

/s/ Christopher L. Perkins
Christopher L. Perkins