**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF INLAND AMERICAN RETAIL MANAGEMENT LLC AND INLAND US MANAGEMENT LLC TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING THE AGENCY AGREEMENT AMONG THE DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

Inland American Retail Management LLC and Inland US Management LLC, (jointly, "Inland"), by and through their undersigned counsel, hereby object to the *Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 And 365 (I) Assuming the Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant To Store Closing Agreement* ("Agency Motion"), and in support thereof, respectfully states as follows:

| | |
|---|---|
| Michael D. Mueller (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr. (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland American Retail Management LLC and Inland US Management LLC, | Counsel for Inland American Retail Management LLC and Inland US Management LLC |

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On the Petition Date, the Debtors filed the Agency Motion, in which they seek authority to (a) assume a certain agency agreement ("Agency Agreement") with Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC ("Agent"), and (b) authority to conduct store closing sales ("Sales") in accordance with the Agency Agreement.

3. Inland, as managing agent for certain landlords, and the Debtors, as tenant, are parties to three (3) leases of non-residential real property (collectively, "Leases") that are subject to the Agency Agreement. The Leases are for premises that are located in the following locations: (a) Batavia, IL; (b) Avondale, AZ; and (c) Oswego, IL ("Premises").

**INLAND'S OBJECTION TO THE AGENCY MOTION AND BASIS THEREFOR**

4. Inland does not object, *per se*, to the relief requested in the Agency Motion and to Agent conducting the Sales.[1] However, Inland does object to the ability of the Debtors to conduct the Sales without a corresponding requirement to immediately pay rent to Inland for the period from the Petition Date through November 30, 2008 ("Stub Rent").

5. Pursuant to section 4.1 of the Agency Agreement, the Agent is responsible for all "Expenses" incurred in conducting the Sales. The term "Expenses" is expressly defined to include "actual Occupancy Expenses for the Stores on a per location and per diem basis in an amount equal to the per Store per diem set forth on Exhibit 4.1 hereto." *See* Agency Agreement at 4.1(l). Accordingly, it appears that the Agent is reimbursing the Debtors for the occupancy

---

[1] Inland has resolved its objections to the guidelines that will govern the Sales by consensual agreement with the Agent.

2

Case 08-35653-KRH    Doc 258    Filed 11/20/08    Entered 11/20/08 16:06:34    Desc Main
                         Document      Page 3 of 4

expenses that are associated with the Leases. Upon information and belief, the Debtors have been or will be reimbursed by the Agent for all of the Stub Rent associated with the Leases because the Sales began at the Premises prior to the Petition Date, on or about November 5, 2008.

6. The Debtors have an obligation to pay the Stub Rent to Inland pursuant to section 365(d)(3) of the Bankruptcy Code. *See e.g., In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D.Va. 1997) (following line of cases that adopt the accrual method that requires the pro-ration of a debtor's rent to cover only the post-petition, pre-rejection period). Moreover, the circumstances of this case require immediate payment, especially where it appears that the Debtors have already been reimbursed for the Stub Rent from the Agent. Faced with a similar situation wherein a debtor was receiving payment of occupancy expenses for leases on a per diem basis from its liquidator, the United States Bankruptcy Court for the District of Delaware found that:

> [T]here is no justification for not paying the rent owed to the landlords when the Agent is paying those expenses and will continue to be responsible for those payments unless and until a particular store is removed from the Liquidation Agreement. Congress never intended that a debtor shift the responsibility to pay an administrative rent claim to a third party and then intercept and divert the funds for its own purposes.

*In re ZB Company, Inc.,* 302 B.R. 316, 320 (Bankr. D. Del. 2003).

7. Based on the foregoing, Inland respectfully requests that any order that this Court may enter that approves the Agency Motion be modified to require the Debtors to immediately pay Inland the Stub Rent associated with the Leases.[2]

---

[2] The Stub Rent for the Leases is as follows: (a) Batavia, IL = $37,222.40; (b) Avondale, AZ = $28,545.59; and (Oswego, IL = $16,710.59)

3

WHEREFORE, Inland respectfully requests that the Court enter an order that is consistent with the concerns raised herein, and that grants Inland such additional and further relief as the Court may deem just and proper.

Dated:  November 20, 2008                    CHRISTIAN & BARTON, LLP

By:  /s/ Jennifer M. McLemore
Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
Noelle M. James (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

and

Karen C. Bifferato, Esquire
Christina M. Thompson, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone:  (302) 658-9141

*Counsel for Inland American Retail Management LLC and Inland US Management LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

4