UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | (Jointly Administered) |

**OBJECTION OF INLAND COMMERCIAL PROPERTY MANAGEMENT, INC. TO ORDER PURSUANT TO 11 U.S.C. SECTIONS 105(A), 365(A) AND 554 AND FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY EFFECTIVE AS OF THE PETITION DATE**

Inland Commercial Property Management, Inc. ("Inland"), by and through its undersigned counsel, hereby objects to the *Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Personal Property Effective as of the Petition Date* ("Rejection Order"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On the Petition Date, the Debtors filed the *Debtors' Motion for Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Personal Property*

| | |
|---|---|
| Michael D. Mueller (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr. (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland Commercial Property, Management, Inc. | Counsel for Inland Commercial Property Management, Inc. |

*Effective as of the Petition Date* ("Rejection Motion"), in which they seek authority to (a) reject certain leases effective as of the Petition Date and (b) abandon personal property at such leased locations.

3. Inland is the managing agent for the landlord of non-residential real property located in Traverse City, Michigan ("Premises") that is leased to the Debtors pursuant to a lease agreement ("Lease"). Upon information and belief, the Debtors' operated Store No. 6703 at the Premises.

4. The Lease is among those that the Debtors are seeking to reject effective as of the Petition Date.

5. On November 10, 2008, the Court entered the Rejection Order, which authorized and approved the rejection of the Lease as of the Petition Date, subject to the Debtors' obligation to return the keys to the Premises by November 12, 2008. The Court also granted Inland the opportunity to object to the relief granted by the Court in the Rejection Order.

6. As of the date of this Objection, Inland has <u>not</u> received the keys to the Premises from the Debtors. Additionally, the Debtors have not provided Inland with certain information regarding the Property that is essential to Inland's ability to retake the Premises.

**INLAND'S OBJECTION TO THE AGENCY MOTION AND BASIS THEREFOR**

7. Inland objects to the rejection of the Lease effective as of the Petition Date because the Debtors have not unequivocally surrendered possession of the Premises to Inland, and Inland is not free to retake possession of and to access the Premises at this time.

8. Contrary to the directive of this Court as set forth in the Rejection Order, the Debtors have not returned the keys to Inland. Although Inland was contacted by the Debtors regarding the return of the keys, and provided the Debtors with the address where the keys

2

should be returned, Inland still does not have the keys.  As a result, the Debtors have failed to comply with this Court's Rejection Order, and the Debtors remain in possession of the Premises.

9. Moreover, the Debtors have not provided Inland with information regarding the Premises that is vital to Inland's ability to retake the Premises. This information includes, but is not limited to, (a) identification of what contracts are in place with respect to the Premises, (b) the status of annual inspections at the Premises, and (c) information regarding the utilities at the Premises.  Further, the Debtors are the operating manager of the Operating Easement Agreement ("OEA") that governs the Premises and the surrounding shopping center.  Accordingly, it is imperative that the Debtors immediately provide Inland with all of the information that it needs with respect to the Premise and the OEA.  Any rejection of the Lease should be conditioned upon the immediate provision of this information to Inland.

10. Based on the foregoing, Inland respectfully submits that rejection of the Lease as of the Petition Date is not appropriate.  The Debtors should not be able to reject the Lease until the Premises are fully and completely surrendered to Inland, and Inland has free access to the Premises and all requisite information related thereto.  Moreover, the Debtors should not be relieved of their obligations under the Lease to Inland, including, but not limited to, their obligations to pay Inland rent, until the Lease is actually rejected.

11. Finally, Inland objects to the Rejection Order to the extent it precludes Inland from requesting allowance of an administrative expense claim with respect to repair costs and/or the costs of any removal of personal property that is abandoned by the Debtors at the Premises. Nothing in the Rejection Order should pre-determine the nature of any claims that Inland may assert with respect to such costs.

WHEREFORE, Inland respectfully requests that the Court enter an order that denies the Rejection Motion and that grants Landlord such further and additional relief as the Court may deem just and proper.

Dated: November 20, 2008             CHRISTIAN & BARTON, LLP

By:   /s/ Jennifer M. McLemore
Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
Noelle M. James (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

and

Karen C. Bifferato, Esquire
Christina M. Thompson, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Counsel for Inland Commercial Property Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

909848