UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In the Matters of: | Chapter 11 Proceedings |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 |
| Jointly Administered, | Hon. Kevin Huennekens |
| Debtors.                                      / | |

**OBJECTION OF CARROLLTON ARMS, LLC TO THE DEBTORS'**
**MOTION TO REJECT LEASES AND ABANDON PERSONAL PROPERTY**

NOW COMES Carrollton Arms, LLC, by and through its undersigned attorneys and for its Objection to the Debtors' Motion to Reject Leases and Abandon Personal Property [Docket No. 21] (the "Objection"), states as follows:

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

---

CANFIELD | BAER LLP
Paul McCourt Curley, Esq. VSB No. 43974
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
Telephone: 804-673-6600
Telecopier: 804-673-6604
E-Mail: pcurley@canfieldbaer.com
  *Local Counsel for Carrollton Arms, LLC*

-and-

Gary H. Cunningham (P35451)
101 West Big Beaver Road, 10th Floor
Troy, Michigan 48084-5280
Telephone: (248) 457-7000
Email: gcunningham@gmhlaw.com
  *Counsel for Carrollton Arms, LLC*

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Carrollton Arms, LLC ("Carrollton") is the owner of the real estate located at 7171 Haggerty Road, Romulus, Michigan (the "Leases Premises").

4. Circuit City Stores, Inc. (the "Debtor") entered into a Lease Agreement with Carrollton for the Leased Premises, a copy of which is attached hereto as Exhibit A.

5. On information and belief, the Debtor subleased the Leased Premises to a third party prior to the commencement of these Chapter 11 Proceedings, the identity of which Carrollton is not aware.

6. On November 10, 2008, the Debtors' filed their Motion for Order Pursuant to 11 U.S.C. Section 105 (a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date [Docket No. 21] does not address the issues of the subtenant for the Leased Premises.

7. Carrollton objects to Rejection Motion and for the following reasons:

   a. The Rejection Motion inappropriately seeks to retroactively reject the Lease by deeming the effective date of rejection to be the Petition Date.

   b. The Rejection Order should be modified to provide that the Lease and Sub-Lease are rejected effective when Carrollton obtains dominion and control of the Leased Premises.

   c. Rejection of a lease agreement under Section 365 of the Bankruptcy Code is a breach of contract, and therefore, does not negate, invalidate or terminate the contract. See In re Continental Airlines, 981

2

    F. 2d 1450 (5th Cir. 1993).  <u>Accord</u> In re Henderson 245 B.R. 449 (Bankr. S.D. N.Y. 2000).

d. In *In re Nutri/System of Florida Associates*, 178 B.R. 645, 651 (Bankr. E.D. Pa. 1995), the court noted the debtor's duty, upon the rejection of the lease, to surrender leased premises to the landlord by removing its personal property: "Most of the properties associated with the rejected leases contained property of little value. Nonetheless, these properties had to be emptied out by [the debtor] in order to turn the properties over to the respective landlords." Similarly, in *In re Chi Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004), the court held that the appropriate date to effectively reject the lease was "the day the Debtors surrendered the premises to the Landlords, and the Landlords were able to enter into agreements with the current tenants."

e. Even if the property is deemed abandoned under 11 U.S.C. § 554, the Debtor would still be obligated to remove it at its sole cost. Once property is abandoned under § 554, "title and right to the property reverts to its pre-bankruptcy status. Thus, whoever had the possessory right to the property at the filing of bankruptcy again reacquires that right." *In re Dewnsup*, 87 B.R. 676, 681 (Bankr. D. Utah 1988). See also *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990); In *re K.C. Machine & Tool Company*, 816 F.2d 238, 241 (6th Cir. 1987); *In re St. Lawrence Corporation*, 239 B.R. 720, 727-28 (Bankr. D. N.J. 1999); and *Midland Atlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 508 (1986).

f. "It is well established that post-petition storage costs, or use and possession costs, may be granted administrative expense priority." *In re Great Northern Forest Products*, 135 at 59. In *In re Great Northern Forest Products*, the court held that the use of leased premises to store personal property was an actual cost necessary to preserve assets of the estate under § 503(b) and that the estate directly and substantially benefited from the use of the premises for storage. *Id.* at 59-60. "To allow the Trustee to store the property at no cost is clearly a windfall to the estate." *Id.* at 60.

8. Bankruptcy Code § 365(a) states, in relevant part, as follows: "the trustee, **subject to the court's approval**, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (West 2008) (*emphasis added.)*

3

9. The majority view is that court approval is a condition precedent to effective rejection. *See, e.g. Paul Harris Stores,* 148 B.R. 307, 309 (S.D. Ind. 1992); *In re Federated Dep't Stores, Inc.,* 131 B.R. 808, 815-16 (S.D. Ohio 1991); *In re Appliance Store, Inc.,* 148 B.R. 234, 239 (Bankr. W.D. Pa 1992).

10. "An order under § 365(a) is required in order for a proposed assumption or rejection to be effective." *In re Compuadd Corp., 166 B.R. 862, 866 (Bankr. W.D. Tex. 1994)*(holding that when a debtor seeks rejection, effectiveness occurs upon the earlier of the court order approving the rejection or the passage of sixty (60) days from the petition date by virtue of Bankruptcy Code § 365(d)(3)).

11. A landlord's lease is in limbo from the date of the filing of a bankruptcy case through entry of an order rejecting or assuming the lease. The landlord is unable to take steps to re-let the leased premises given the right of the debtor, trustee or committee of unsecured creditors to take the position, until entry of an order approving the rejection, that the lease should be marketed rather than rejected. The landlord is denied certainty through entry of an order approving either assumption or rejection of a lease.

12. A minority of Courts have approved retroactive rejection under very limited circumstances and after balancing the equities of a case. *In re Thinking Machines Corp.,* 67 F.3d 1021, 1025 (1st Cir. 1995). "It is the burden of the moving party to show that relief, of this character, is appropriate." *In re TW, Inc.,* 2004 U.S. Dist. LEXIS 671, 5-6 (D. Del. 2004). Courts have denied retroactive rejection when the debtor failed to demonstrate that the landlord had regained possession of the premises prior to the

petition date. *Id.*; *see also In re: Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004).

13. In this case, the Carrollton has not been able to retake possession of the Leased Premises because the subtenant continues to operate. The Debtor incorrectly states in the Rejection Motion that possession of the Premises was surrendered to Carrollton prior to the Petition Date. (*See* Motion to Reject Landlord paragraphs 9 and 15, pages (5 and 7).

It would be inequitable for the Court to permit rejection while Carrollton is stayed from taking any action with respect to such property and thus cannot gain control over the Leased Premises.

14. It would be inequitable for the Court to permit rejection while Carrollton is stayed from taking any action with respect to such property and thus cannot gain control over the Leased Premises.

15. The equities of a case only favor retroactive rejection to the filing of the case when a landlord has possession and control of leased premises prior to the date the case is filed so that it can attempt to relet the premises. The facts of this case do not warrant approval of any rejection of the Lease effective as of the Petition Date.

16. Carrollton joins in the objections filed by other landlords to the Motion to Assume to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE,** Carrollton respectfully requests that the Motion to Reject be denied to the extent that: it seeks rejection of the Lease effective as of the Petition Date, together with such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

CANFIELD | BAER LLP

By:     /s/ Paul McCourt Curley
       Paul McCourt Curley
       Local Counsel to Carrollton Arms, LLC
       2201 Libbie Avenue, Suite 200
       Richmond, Virginia 23230
       Telephone: (804) 673-6600
       Email: pcurley@canfieldbaer.com

GIARMARCO, MULLINS & HORTON, P.C.

By:  /s/ Gary H. Cunningham
       Gary H. Cunningham (P35451)
       Counsel for Carrollton Arms, LLC
       101 West Big Beaver Road, 10th Floor
       Troy, Michigan 48084-5280
       Telephone: (248) 457-7000

Dated: November 20, 2008       Email: gcunningham@gmhlaw.com

**CERTIFICATE OF SERVICE**

That on the 19th day of November, 2008, I caused the Objection to Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Personal Property Effective as of the Petition Date to be served, by electronic means or first class mail, postage paid, upon all necessary parties as follows:

Daniel F. Blanks, Esq.  
Douglas M. Foley, Esq.  
McGuire Woods LLP  
9000 World Trade Center  
101 W. Main Street  
Norfolk, VA 23510 Richmond, VA 23219

Dion W. Hayes, Esq.  
Joseph S. Sheerin, Esq.  
Sarah Beckett Boehm, Esq.  
McGuire Woods LLP  
901 East Cary Street

Robert B. Van Arsdale, Esq.  
Office of the U.S. Trustee  
701 East Broad Street, Suite 4304  
Richmond, VA 23219

/s/ Paul McCourt Curley

7