**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | (Jointly Administered) |

**LIMITED OBJECTION OF INLAND SOUTHWEST MANAGEMENT LLC, INLAND AMERICAN RETAIL MANAGEMENT LLC, INLAND US MANAGEMENT LLC, INLAND PACIFIC PROPERTY SERVICES LLC, INLAND COMMERCIAL PROPERTY MANAGEMENT, INC., AND INLAND CONTINENTAL PROPERTY MANAGEMENT CORP. TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 AND FEDERAL RULES OF BANKRUPTCY PROCEDURES 2002 AND 4001 (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING INTERIM AND FINAL HEARINGS**

Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. (collectively, "Inland"), by and through their undersigned counsel, hereby object to *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedures 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III)*

| | |
|---|---|
| Michael D. Mueller (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr. (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. | Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. |

*Scheduling Interim and Final Hearings* ("DIP Motion"), and in support thereof, respectfully state as follows:

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland, as managing agent for certain landlords, and the Debtors, as tenant, are parties to twenty-seven (27) leases for non-residential real property (collectively, "Leases"). Each of the Leases are for premises that are located within a shopping center, as such term is used in section 365(b)(3) of the Bankruptcy Code.

3. On the Petition Date, the Debtors filed the DIP Motion, through which they seek authorization to enter into financing arrangements ("DIP Facility") with Bank of America, N.A., as administrative agent (in its capacity as agent for the DIP Lenders).[1]

4. Among other things, the DIP Facility creates certain Lease Reserves, which is a reserve in an amount established at the discretion of the DIP Lenders with respect to the inventory amounts at the Debtors' leased locations. The Lease Reserves are created on the Lease Assumption Reserve Commencement Date, which is directly tied to the deadline by which the Debtors must assume or reject their leases of non-residential real property under section 365(d)(4) of the Bankruptcy Code. The DIP Facility also requires the Debtors to enter into a stalking horse asset purchase agreement for a section 363 sale by the Lease Assumption Reserve Commencement Date.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the DIP Motion.

2

5. The Lease Assumption Reserve Commencement Date may be as early as twelve (12) weeks prior to the end of the Debtors' section 364(d)(4) period.[2] Accordingly, in this case, the Lease Assumption Reserve Commencement Date is approximately January 10, 2009.

### INLAND'S OBJECTIONS AND BASIS THEREFOR

6. Inland objects to the DIP Motion and the relief requested therein to the extent that approval of the DIP Facility will result in a *de facto* extension of the Debtors' deadline to assume or reject the Leases under section 365(d)(4) of the Bankruptcy Code.[3]

7. The Debtors should not be permitted to create an end run around section 365(d)(4) of the Bankruptcy Code by agreeing to the creation of Lease Reserves in the DIP Facility. The creation of the Lease Reserves may result in the Debtors relying upon the Lease Reserves in order to establish "cause" for a 90-day extension of time to assume or reject leases.

8. Additionally, creation of the Lease Reserves in the DIP Facility could result in a *de facto* extension of section 365(d)(4) of the Bankruptcy Code because it would establish "cause" on the Petition Date, without regard to whether the extension is actually warranted under the circumstances and/or opposed by landlords. Indeed, landlords cannot even respond to such extension request at this time because it is too early to determine whether such relief is warranted. The Court should not grant approval of anything now that will give the Debtors the opportunity to later argue that, if the extension is not granted, they will be forced to conduct a section 363 sale pursuant to the terms of the DIP Facility. If the DIP Facility is approved as is, it will be very difficult for landlords to subsequently oppose the Debtors' later request for an extension of time to assume or reject their leases.

---

[2] The DIP Facility provides for a longer period in circumstances involving liquidations.

[3] Section 365(d)(4) of the Bankruptcy Code provides that Debtors have 120 days from their petition date to determine whether to assume, assume and assign, or reject their leases of non-residential real property. 11 U.S.C. § 365(d)(4). This period may be extended for 90 days if cause is shown. *Id.*

9.    Inland respectfully submits that any approval of the DIP Facility should be without prejudice to the landlords' right to oppose any extension of time that the Debtors may request under section 365(d)(4) of the Bankruptcy Code, and should forbid the Debtors reliance upon the creation of the Lease Reserves therein as "cause" for such an extension.

WHEREFORE, Inland respectfully requests that the Court enter an order that is consistent with the concerns raised herein, and that grants Inland such additional and further relief as the Court may deem just and proper.

Dated: November 20, 2008                    CHRISTIAN & BARTON, LLP


By:    /s/ Jennifer M. McLemore
       Michael D. Mueller (VSB 38216)
       Augustus C. Epps, Jr. (VSB 13254)
       Jennifer M. McLemore (VSB 47164)
       Noelle M. James (VSB 76001)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

       and

       Karen C. Bifferato, Esquire
       Christina M. Thompson, Esquire
       CONNOLLY BOVE LODGE & HUTZ LLP
       The Nemours Building
       1007 North Orange Street
       P.O. Box 2207
       Wilmington, Delaware 19899
       Telephone: (302) 658-9141

       *Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management LLC, and Inland Continental Property Management Corp.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore