## EXHIBIT C

In re Edgar Martinez, 2008 Bankr. LEXIS 2293 (Bankr. N.D. Mich. Sept. 5, 2008).

1 of 1 DOCUMENT

IN RE: EDGAR MARTINEZ, Debtor.

CASE NO. 08-22271 JPK, Chapter 7

UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

2008 Bankr. LEXIS 2293

September 5, 2008, Decided

**COUNSEL:** [*1] For Edgar Martinez, Debtor: David Dabertin(KD), Dabertin Law Office, Hammond, IN.

**JUDGES:** J. Philip Klingeberger, United States Bankruptcy Judge.

**OPINION BY:** J. Philip Klingeberger

**OPINION**

ORDER REGARDING MOTION FOR ORDER REDUCING DEPOSIT

The motion, which was filed by the debtor on September 4, 2008, appears to request relief pursuant to 11 U.S.C. § 366(b). The reasonable modification of a deposit regarding utility service requires notice and a hearing. The initiation of an action pursuant to § 366(b) also constitutes a contested matter, subject to the provisions of Fed.R.Bankr.P. 9014, which invokes the service of process provisions of Fed.R.Bankr.P. 7004; Fed.R.Bankr.P. 9014(b). Fed.R.Bankr.P. 7004(b)(3) provides a specific manner in which service of the motion must be effected. In this case, service has been made "via fax at (866) 248-7296 and by depositing the same in the United States mail, envelopes property addressed to NIPSCO at P.O. Box 13007 Merrillville, Indiana 46410". The service of process evidenced by the certificate of service attached to the motion is ineffective under Rule 7004(b)(3). In order for a court to obtain personal jurisdiction over a defendant, valid service of process must be effected; [*2] *Mid-Continent Wood Products v. Harris,* 936 F.2d 297 (7th Cir. 1991). An order of a court entered in the absence of personal jurisdiction is void; *see, In re Cappuccilli,* 193 B.R. 483 (Bankr. N.D.Ill. 1996).

The court has no personal jurisdiction over NIPSCO with respect to the relief requested by the motion, and any proceedings with respect to the motion would be entirely void.

IT IS ORDERED that the court will take no action with respect to the motion until the record evidences proper service of process upon NIPSCO.

Dated at Hammond, Indiana on September 5, 2008.

/s/ J. Philip Klingeberger

J. Philip Klingeberger, Judge

United States Bankruptcy Court