UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | Case No. 08-35653-KRH |
| **CIRCUIT CITY STORES, INC., et al.,** | ) | Chapter 11 |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |

**LIMITED OBJECTION OF TANGLEWOOD PARK, LLC,
ROTH TANGLEWOOD, LLC, AND LUCKOFF LAND COMPANY, LLC
AS TENANTS IN COMMON TO RELIEF GRANTED IN THE ORDER GRANTING
MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 363, AND 365 (I) ASSUMING AGENCY
AGREEMENT AMONG DEBTORS, HILCO MERCHANT RESOURCES, LLC AND
GORDON BROTHERS RETAIL PARTNERS, LLC AND (II) AUTHORIZING
DEBTORS TO CONTINUE AGENCY AGREEMENT SALES <u>PURSUANT TO STORE
CLOSING AGREEMENT</u>**

Tanglewood Park, LLC, Roth Tanglewood, LLC and Luckoff Land Company, LLC, as tenants in common, submit this Objection to that portion of the Order approving the store closing sale agreement ("the Order") which established a comprehensive sale process and GOB procedures to be employed in connection with the ongoing GOB sale.

---

Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
Noelle M. James (VSB 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

Counsel for Tanglewood Park, LLC, Roth
Tanglewood, LLC and Luckoff Land
Company, LLC

Ralph E. Dill, Esquire
Harris, McCelllan, Binau & Cox PLL
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: (614) 464-2572

Counsel for Tanglewood Park, LLC, Roth
Tanglewood LLC and Luckoff Land
Company, LLC

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court in the Eastern District of Virginia ("Court").

2. Upon information and belief, the Debtors have continued in possession of their properties and have continued to operate and manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Tanglewood leases to Debtors non-residential real property consisting of approximately 20,331 square feet in the Tanglewood Shopping Center (the "Shopping Center") and also known as 1881 Hilliard-Rome Road, Columbus, Ohio 43228 (the "Premises") and more particularly described in the lease between Tanglewood and Debtor Circuit City Stores, Inc. (the "Lease").

4. The Lease is a "lease of real property in a shopping center" as the term is used in 11 U.S.C. § 365(b)(3).

5. The Debtors seek approval for sale procedures for a GOB sale in the Premises and at numerous other locations.

6. In their First Day Motions of November 10, 2008, Debtors moved for approval of an agreement for authorizing an agency agreement (the "Agency Agreement") allowing liquidators to conduct a GOB sale in various store locations (Docket No. 24).

7. On November 11, 2008, the Bankruptcy Court entered the Order approving the Agency Agreement subject to objection by affected landlords (Docket No. 82).

8. The Debtors' Motion is objectionable because:

(a) The proposed procedures for a GOB sale contravene the Lease and would allow Debtors to use signage and advertising which would be unduly harmful to the Shopping Center and to other tenants in the Shopping Center; and

(b) The Debtors propose no finite time limit on the GOB sale.

## OBJECTION TO CONDUCT OF GOB SALE

The Proposed Sale Guidelines Do Not Adequately Protect The Interests Of Tanglewood And Shopping Center Tenants.

9. The Bankruptcy Code requires Debtors to abide by the terms of the Lease. A number of cases have permitted debtors to ignore anti-GOB sale provisions in leases. See, *In re Ames Department Stores, Inc.,* 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). However, these same cases make it clear that the interest of the Debtors must be balanced with the rights of landlords and other tenants.

10. The Order established Sale Guidelines for the conduct of store closing GOB sale to its Motion. However, these guidelines fail to address a same concerns of Tanglewood and fail fairly to balance the lease rights of Tanglewood with the needs of Debtors.

(A) Signage and Advertising

11. Tanglewood is greatly concerned with the Debtors' possible use of signage. The appearance of the Shopping Center is of highest importance both to Tanglewood and to its other tenants. Exterior banners create the impression that the Shopping Center and its other tenants are experiencing financial distress.

12. The common areas are the property of Tanglewood. The Lease provides that they are subject to the exclusive management of landlord. Lease, Article II, Section 2.01(b). The Debtors may use the common area only in ways specifically permitted by the Lease.

13. The Lease permits temporary banners on the storefront and rear facades. However, such banners are subject to the reasonable review of Tanglewood. Lease Article XV, Section 15.01, p. 30.

14. The Rules and Regulations adopted pursuant to the Lease specifically forbid certain activities. The lease provides in pertinent part:

> 1. Tenant shall not construct or erect any exterior sign or awning or flag on or about the Premises or any sign within the Premises which is visible from outside the Premises without first obtaining the written consent of Landlord. All signs shall comply with all governmental requirements. Temporary signs, banners, and inflatable devices are prohibited without prior written authorization from Landlord and any required governmental permits.
>
> * * *
>
> 5. Tenant shall not use any media, such as loudspeakers, phonographs, radio or television in a manner which can be heard or seen outside of the Premises.
>
> * * *
>
> 20. Tenant and its employees or agent shall part their vehicles only in the locations designated by Landlord as employee parking areas. Said areas may be changed by Landlord from time to time with written notice to Tenant, to allow for convenient parking by customers. Vehicles parked in fire lanes and loading zones may be ticketed by law enforcement and/or towed by Landlord at visitor's sole expense and liability. Tenant, including its employees or agents, shall not display "for sale" signed on any vehicles under its control while parked in the Common Area of the shopping center.
>
> * * *
>
> 24. No handbills or other printed matter may be distributed by Tenant in any Common Area including the parking lots. Tenant shall cooperate and report activities of this nature by other tenants or third parties to Landlord to prevent same.

15. Thus, the Rules and Regulations prohibit the distribution of handbills and leaflets. Also, the use of any sound-making device which would make sound that could be heard outside the Premises is forbidden.

16. The provisions described above are for the protection of legitimate economic interests of Tanglewood and other tenants.

17. Furthermore, under its general power to control the common areas, Tanglewood objects to the use of balloons, searchlights, sign walkers and automobiles or trucks with signs attached in the common areas.

18. While the Debtors may be allowed to conduct GOB sales, those sales must be conducted within those restrictions.

**OBJECTION TO DURATION OF GOB SALES**

19. The Debtors Motion proposes to conduct a GOB sale which could extended indefinitely. This is highly inappropriate and detrimental to Tanglewood and to its other tenants. The sale should be limited to a date certain, which should be no later than 90 days after the sale is begun.

Therefore, Tanglewood submits that the Sale Procedures should be modified to specifically prohibit:

1. Exterior banners or signs other than those previously existing or allowed by the Lease.

2. Balloons of any size or description used in or above the common areas of the Shopping Center, above the Premises or on the exterior of the Premises;

3. Any sound generating device which could be heard outside the Premises;

4. Solicitation of customers by Debtors or anyone else in the Common Areas by any means, including but not limited to handbills, leaflets, parked or moving trailers or automobiles

with advertising materials, or sandwich board or other walkers carrying advertisements, or any other person attempting to draw attention to the GOB sale.

Tanglewood further submits that the GOB sale should be ordered to be concluded on or by 90 days after the sale is begun.

Dated: November 20, 2008     CHRISTIAN & BARTON, LLP


By:    /s/ Jennifer M. McLemore
       Michael D. Mueller (VSB 38216)
       Augustus C. Epps, Jr. (VSB 13254)
       Jennifer M. McLemore (VSB 47164)
       Noelle M. James (VSB 76001)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

       and

       Ralph E. Dill, Esquire
       Harris, McCelllan, Binau & Cox PLL
       37 West Broad Street, Suite 950
       Columbus, Ohio 43215
       Telephone: (614) 464-2572

       *Counsel for Tanglewood Park, LLC, Roth Tanglewood, LLC, and Luckoff Land Company, LLC*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


       /s/ Jennifer M. McLemore
       Jennifer M. McLemore

909878