**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.* ) | Case No. 08-35653-KRH |
| ) | Jointly Administered |
| Debtors.[1] ) | |
| ) | |

**LIMITED OBJECTION OF F.R.O., L.L.C. IX TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING THE AGENCY AGREEMENT AMONG THE DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

F.R.O., L.L.C. IX ("FRO"), by its undersigned counsel, hereby objects to the Motion of

the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I)

Assuming the Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and

Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency

Agreement Sales Pursuant to Store Closing Agreement (the "Hilco Motion," Docket No. 24) and

---

[1] The Debtors and their respective case numbers are as follows: Circuit City Stores, Inc. (08-35653) ("Circuit City"), Circuit City Stores West Coast (08-35654), InterTAN, Inc. (08-35655), Ventoux International, Inc. (08-35656), Circuit City Purchasing Company, LLC (08-35657), CC Aviation, LLC (08-35658), CC Distribution Company of Virginia, Inc. (08-35659), Circuit City Properties, LLC (08-35661), Kinzer Technology, LLC (08-35663), Abbott Advertising Agency, Inc. (08-35665), Patapsco Designs, Inc. (08-35667), Sky Venture Corp. (08-35668), Prahs, Inc. (08-35670), XSStuff, LLC (08-35669), Mayland MN, LLC (08-35666), Courchevel, LLC (n/a), Orbyx Electronics, LLC (08-35664), and Circuit City Stores PR, LLC (08-35660) (collectively, the "Debtors").

Timothy F. Brown (Va. Bar No. 030907)
Mary Joanne Dowd
Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for F.R.O., L.L.C. IX

the entry of the related Order (the "Hilco Order," Docket No. 147) on a final basis.  In support, FRO respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      FRO, and other similarly situated landlords, received no notice of the Hilco Motion.  Notwithstanding, on November 10, 2008, the Court entered the Hilco Order on an interim basis approving certain going out of business procedures ("GOB Procedures") that purport to trump relevant lease provisions.  The Hilco Order also authorized the assumption of an agency agreement whereby Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Liquidator") would liquidate the Debtors' merchandise s pursuant to the GOB Procedures and remit *per diem* rent to the Debtors for the affected stores (the "Hilco Agreement").

2.      FRO leases a store to the Debtors that is subject to the foregoing procedures. FRO objects to the GOB Procedures and the Hilco Order to the extent that is provides the Debtors with blanket authority to violate the express terms of its Lease (defined below) and is otherwise inconsistent with the protections afforded to lessors under title 11 and applicable law.

## BACKGROUND

3.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  11 U.S.C. §§ 1107(a), 1108.

2

4.   FRO is the owner of nonresidential real property in Douglasville, Georgia, which Circuit City leases pursuant to a lease agreement dated May 5, 2000 (the "Lease").[2] The Lease is a lease "of real property in a shopping center" as that term is used in section 365 (b)(3). 11 U.S.C. § 365(b)(3). *See, In re Joshua Slocum, Ltd.,* 922 F.2d. 1081 (3d. Cir. 1990).

5.   The Debtors operate Store # 3406 (the "FRO Store") at this location, which is listed on Exhibit 1 to the Hilco Agreement as being subject to closing and the GOB Procedures. *See* Hilco Agreement at Exhibit 1.

6.   While FRO does not specifically object to the hiring of the Liquidator, or the request to conduct GOB sales. Rather, FRO objects to the extent that the GOB Procedures are inconsistent with the terms of the Lease or applicable law and objects to the Hilco Order to the extents its entry in any way prejudices FRO's rights under sections 365 or 503 of the Bankruptcy Code.

## ARGUMENT

**I.    Post-Petition Rent Payments Must be Paid**

7.   Pursuant to the Lease, monthly rent payments are due to FRO on the last day of each month for that month, *i.e.* rent for use of the premises in November would be due on November 30, 2008. *See* Lease at § 4. This is contrary to many leases where rent is pre-paid on the first day of the month to cover use of the premises for that month.

8.   Section 365(d)(3) of the Bankruptcy Code requires the Debtors to timely perform all post-petition obligations due and owing under the Lease. 11 U.S.C. § 365(d)(3). For the purposes of section 365(d)(3), an obligation arises when a debtor becomes legally obligated to

---

[2] It is presumed that the Debtors are in possession of a copy of the Lease, accordingly, it is not attached hereto, but will be made available upon request.

3

perform, or in this case, pay rent. 11 U.S.C. § 365(d)(3); *See e.g. In re DVI, Inc.*, 308 B.R. 703, 707 (Bankr. D.Del. 2004); *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 612 (Bankr. D. Del. 2008). Because the rent for November is not due until November 30, it is entirely a post-petition obligation of the Debtor required to be paid pursuant to section 365(d)(3). Thus, the Court should ensure that the Hilco Order, if granted on a final basis, in no way impairs FRO's right to immediate payment of the November rent and any subsequent post-petition rent that arises prior to the Debtors' assumption or rejection of the Lease.

9.  Moreover, FRO is entitled to the immediate payment of post-petition rent because, pursuant to the Hilco Order and the Hilco Agreement, the Liquidator is paying *per diem* rent to the Debtors for use of each of the subject stores, which includes the FRO Store; yet there does not appear to be any corresponding obligation to remit such rent to FRO (or any other effected landlord).[3] *See, e.g.,* Hilco Agreement at §4.1(l). "There is no justification for not paying rent owed to the landlords when the Agent is paying those expenses . . . Congress never intended that a debtor shift the responsibility to pay [a] . . . rent claim to a third party and then intercept and divert the funds for its own purposes." *In re ZB Company, Inc.*, 302 B.R. 316, 320 (Bankr. D. Del. 2003). To allow otherwise would unnecessarily increase the risk of an administratively insolvent estate and leave landlords, a party that the Bankruptcy Code seeks to protect, with the potential of having meaningless allowed claims. Therefore, the Debtors should be expressly required to remit the post-petition rent due under the Lease.

---

[3] Nothing contain herein shall be construed as a waiver of FRO's rights to seek to collect additional amounts that are permitted under the Lease but are not included in the *per diem* amount paid by Hilco to the Debtors under the Hilco Agreement; all such rights being expressly reserved.

4

10.     Finally, nothing should impair the rights of FRO to receive post-petition rent pursuant to section 365(d)(3), courts have consistently found that landlords may also look to section 503(b)(1) of the Bankruptcy Code to fill any "gap" not covered by section 365.  11 U.S.C. §§ 365, 503(b).  *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 612 (Bankr. D. Del. 2008); *In re Valley Media, Inc.*, 290 B.R. 73, 76 (Bankr. D. Del. 2003).  FRO, therefore, seeks to preserve its right to seek payment of an administrative expense pursuant to section 503(b)(1), and the Court should ensure that the Hilco Order in no way abrogates that right.  11 U.S.C. § 503(b)(1).

## II.     The Hilco Order Improperly Limits FRO's Rights

11.     FRO objects to the Hilco Motion, the GOB Procedures, and the Hilco Order, to the extent such relief results in an "end run" around the protections and policies provided to lessors under the Bankruptcy Code.  In short, this relief allows the Debtors to freely violate the terms of the Lease, as well as state and local ordinances, and places serious limitations on FRO's rights to enforce the provisions of the Lease or object to the terms of the Hilco Order.

12.     Section 365(d)(3) specifically requires that a debtor comply with all terms of an unexpired lease of nonresidential real property.  11 U.S.C. § 365(d)(3).  While FRO understands the Debtors' desire to maximize the value of the inventory, and the need to conduct the GOB sales, these sales must not be allowed to have a detrimental effect on FRO's property interests, or the interests of the other tenants of the shopping center in which it is located.

13.     Furthermore, this Court should neither read into section 363(b) of the Bankruptcy Code an unfettered "right" to conduct "GOB" sales, where that provision pertains generally to the use, sale or lease of property of the estate other than in the ordinary course of business.  Nor

should the Court invoke the provisions of section 105(a) to effectively excise portions of the Lease where section 365 specifically requires compliance with all the Lease provisions. 11 U.S.C. §§ 105(a), 363(b). Indeed, section 105(a) was never intended to allow courts to dispense with specific statutory mandates. 11 U.S.C. § 105(a).

14. Therefore, any closing sales conducted at the FRO Store must comply with terms of the Lease and applicable law.

## JOINDER IN OTHER LANDLORD OBJECTIONS

15. FRO hereby joins in the objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

WHEREFORE, FRO respectfully requests that the Court (a) deny the Hilco Motion and withhold authorization for the Debtors to continue conducting sales in accordance with the GOB Procedures unless and until an acceptable agreement is entered into between FRO and the Liquidators regarding the conduct of the GOB sales, (b) provide a provision in the Hilco Order which protects lessors's rights under the Bankruptcy Code, and (c) provide such other and further relief as this Court deems just and appropriate.

Dated: November 20, 2008
      Washington, DC

                                                                                                       /s/ Timothy F. Brown
                                                      Timothy F. Brown (Va. Bar No. 030907)
                                                      Mary Joanne Dowd
                                                      Christopher J. Giaimo
                                                      ARENT FOX LLP
                                                      1050 Connecticut Avenue, NW
                                                      Washington, DC 20036-5339
                                                      Telephone: (202) 857-6000
                                                      Facsimile: (202) 857-6395

                                                      Attorneys for F.R.O., L.L.C. IX

## **CERTIFICATE OF SERVICE**

I, Andrea Campbell, hereby certify that on the 20th day of November, 2008, I caused a true and correct copy of the foregoing Notice of Appearance and Demand for Service of Papers to be served via the Court's CM/ECF system upon all subscribed parties and via First Class Mail upon the following:

| | |
|---|---|
| W Clarkson McDow, Jr.<br>Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219 -1888<br>Attn: Robert B. Van Arsdale | Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Reginald D. Hedgebeth |
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Daniel W. Ramsey | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Attn: Gregg M. Galardi | Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson |

                                                        ___/s/ *Andrea Campbell*___
                                                          Andrea Campbell