Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                           : Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       : Case No. 08-35653 (KRH)
et al.,                          :
                                 :
                Debtors.         : Jointly Administered
                                 : **Hrg. Date: December 5, 2008**
                                 : **at 10:00 a.m. (ET)**
                                 : **Obj. Due: December 3, 2008 at**
- - - - - - - - - - - - - - x    **4:00 p.m. (ET)**

**APPLICATION OF THE DEBTORS FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 327(a) AND 329, BANKRUPTCY RULES
2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1
AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS BANKRUPTCY
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
EFFECTIVE AS OF THE PETITION DATE**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City

hereby apply (the "Application") for entry of an order, pursuant to sections 327(a) and 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), authorizing the employment and retention of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities (collectively, "Skadden, Arps" or the "Firm"), effective as of the Petition Date (as defined herein), under a general retainer as the Debtors' bankruptcy counsel.  In support of the Application, the Debtors rely on the Declaration of Gregg M. Galardi, sworn to on November 20, 2008 (the "Galardi Declaration"), filed substantially contemporaneously herewith.  In further support of the Application, the Debtors respectfully represent:

---

Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 329. Such relief is warranted pursuant to Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia (the "United States Trustee") appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Circuit City is a leading specialty retailer of consumer electronics and operates large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.   Thus, the Debtors have commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced before the filing of these cases, including closing 154 stores.  In addition, the Debtors will continue to work closely with their vendors and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.    By this Application, the Debtors seek entry of an order authorizing the employment and retention of Skadden, Arps, effective as of the Petition Date, in accordance with the provisions of the Engagement Agreement (as defined herein), this Application, and the proposed order submitted herewith, as the Debtors' bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these cases, as is more fully described herein.

**BASIS FOR RELIEF**

10.    Pursuant to an engagement agreement entered into by Circuit City Stores, Inc. and Skadden, Arps, dated September 1, 2008 (the "Engagement Agreement"), a copy of which is attached to the Galardi Declaration as Exhibit A, the Debtors retained Skadden, Arps to provide legal advice to the Debtors in connection with the Debtors' efforts to work out their financial difficulties, including a possible restructuring of their financial affairs and capital structure and, as necessary, preparation of documents related to, and representation in, any reorganization cases filed under chapter 11 of the Bankruptcy Code.

11.    Since their entry into the Engagement Agreement, the Debtors and Skadden, Arps have worked

5

closely with respect to the matters set forth above and in the Engagement Agreement.  In doing so, Skadden, Arps has become uniquely familiar with the Debtors' business affairs and many of the potential legal issues that may arise in the context of these cases.  Skadden, Arps has provided advice to and assisted the Debtors in all aspects of their restructuring efforts and has been instrumental in the Debtors' preparation of these cases, including the negotiating and drafting of various first-day motions and other documents and pleadings necessary for the successful filing of these cases.

12.   The Debtors originally selected Skadden, Arps as their restructuring counsel because of the Firm's prior experience with the Debtors and the Firm's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtors believe that continued representation by Skadden, Arps as their restructuring and bankruptcy counsel is critical to the Debtors' efforts to restructure their businesses and that without Skadden, Arps' continued representation, the success of these cases would be severely jeopardized.

13.   The Debtors desire to employ Skadden, Arps under a general retainer because of the extensive legal services that will be required in connection with these

6

cases and the Firm's familiarity with the businesses of
the Debtors and their subsidiaries.  As noted above, the
Debtors believe that Skadden, Arps is well qualified and
uniquely able to act on the Debtors' behalf.

14.  Skadden, Arps has informed the Debtors
that additional information regarding Skadden, Arps'
qualifications is more fully set forth in the Galardi
Declaration, executed on behalf of Skadden, Arps in
accordance with Bankruptcy Code sections 327(a) and 329,
Bankruptcy Rule 2014 and Local Rule 2014-1, filed
herewith, and incorporated herein by reference.

### SERVICES TO BE RENDERED

15.  The services of legal counsel under a
general retainer are necessary to enable the Debtors to
execute faithfully their duties as debtors in possession.
Subject to further order of this Court, Skadden, Arps
will be required to render various services to the
Debtors, including (without limitation) the following:

> (a)  advising the Debtors with respect to
> their powers and duties as debtors and debtors
> in possession in the continued management and
> operation of their businesses and properties;
>
> (b)  attending meetings and negotiating with
> representatives of creditors and other parties
> in interest and advising and consulting on the
> conduct of the cases, including all of the
> legal and administrative requirements of
> operating in chapter 11;

(c)  taking all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on behalf of the Debtors' estates, the defense of any actions commenced against those estates, negotiations concerning litigation in which the Debtors may be involved, and objections to claims filed against the estates;

(d)  preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(e)  preparing and negotiating on the Debtors' behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents, and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(f)  advising the Debtors in connection with any sale of assets;

(g)  performing other necessary legal services and providing other necessary legal advice to the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.

16.  It is necessary and essential that the Debtors, as debtors in possession, employ attorneys to render the foregoing professional services.  Therefore, the Debtors have requested that Skadden, Arps perform the

services set forth herein, and subject to this Court's approval of the Application, Skadden, Arps has indicated that it is willing to perform such services.

17.   The Debtors have informed Skadden, Arps and Skadden, Arps understands that the Debtors are planning on filing retention applications for other professionals in these cases and has informed the Debtors that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professionals retained in these cases.  In particular, the Debtors have informed Skadden, Arps that the Debtors also retained the law firms of Kirkland & Ellis, LLP ("Kirkland") and Wilmer, Cutler, Pickering Hale & Dorr, LLP ("Wilmer") to serve as special counsel. Kirkland will serve as special counsel in connection with the Debtors's efforts to secure financing, issues related to the use of cash collateral and other financing matters.  Wilmer will serve as counsel with respect to issues arising in respect of the securities laws, including preparing reports and filings with the Securities and Exchanges Commission.  In addition, the Debtors informed Skadden, Arps and Skadden, Arps understands that the Debtors have retained the law firm of McGuireWoods, LLP to serve as co-counsel and local bankruptcy counsel to the Debtors.

### DISINTERESTEDNESS OF PROFESSIONALS

18.  To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the accompanying Galardi Declaration, the partners, counsel, and associates of Skadden, Arps (a) do not have any connection with any of the Debtors, their affiliates, their creditors, or any other parties in interest, or their respective attorneys and accountants, the United States Trustee for the Eastern District of Virginia or any person employed in the office of the same, or any judge in the United States Bankruptcy Court or the United States District Court for the Eastern District of Virginia or any person employed in the offices of the same, (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14), and (c) do not hold or represent any interest adverse to the estates.

19.  As set forth in the Galardi Declaration, Skadden, Arps has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these cases in matters unrelated to the Debtors, the Debtors' chapter 11 cases, or such entities' claims against or interests in the Debtors.

20.   The Debtors understand that except as otherwise set forth in the Galardi Declaration:

(a)   Neither Skadden, Arps nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates.

(b)   Neither Skadden, Arps nor any attorney at the Firm is or was a creditor or an insider of the Debtors, except that Skadden, Arps previously has rendered legal services to the Debtors for which it has been compensated as disclosed below.

(c)   Neither Skadden, Arps nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

(d)   Skadden, Arps does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment banker specified in the foregoing paragraphs, or for any other reason.

21.   In view of the foregoing, the Debtors believe that Skadden, Arps is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

22.   Skadden, Arps has informed the Debtors that throughout these cases, Skadden, Arps will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that it will promptly update this Application and

disclose any material developments regarding the Debtors
or any other pertinent relationships that come to
Skadden, Arps' attention by way of a supplemental
Declaration.

### PROFESSIONAL COMPENSATION

23.   With respect to restructuring matters, the
Debtors initially paid Skadden, Arps the amount of
$100,000 to be held as on account cash for the advance
payment of prepetition professional fees and expenses
incurred and charged by Skadden, Arps in its
representation of the Debtors (the "On-Account Cash").
As provided for in the Engagement Agreement, Skadden,
Arps subsequently requested and increases in the amount
of On-Account Cash, and the Debtors increased the On-
Account Cash to $250,000 on October 7, 2008.  Then, on
November 4, 2008, the Debtors increased the On-Account
Cash to $750,000.

24.   Since commencing the restructuring
engagement, Skadden, Arps has provided the Debtors with
invoices for professional fees and expenses almost every
week.  Upon providing the Debtors with an invoice,
Skadden, Arps would immediately deduct the amount of the
invoice from the On-Account Cash and request that the
Debtors replenish the On-Account Cash for the full amount
of the invoice.

25.   Attached as Exhibit C to the Galardi Declaration is a schedule of the invoices sent by Skadden, Arps and the payments made by the Debtors to replenish the On-Account Cash.  As set forth on Exhibit C to the Galardi Declaration, since commencing the engagement, Skadden, Arps has invoiced the Debtors in the aggregate amount of $1,748,250 for professional services, including fees and expenses.  Included in that amount, on November 9, 2008, Skadden, Arps invoiced the Debtors for estimated professional fees and expenses in the amount of $500,000 to cover actual time and expenses posted as of November 8, 2008 and an estimate of additional time and expenses that might be posted after the bankruptcy filing, and drew on the On-Account Cash in that same amount.

26.   Skadden, Arps has informed the Debtors that as promptly as practicable after all fees and charges accrued prior to the Petition Date have been finally posted within the Firms' computerized billing system, Skadden, Arps will issue a final detailed billing statement to the Debtors for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date (the "Final Prepetition Bill Amount"). Pursuant to the Engagement Agreement, and subject to any orders of the Court, Skadden, Arps will reconcile the

Final Prepetition Bill Amount with the On-Account Cash
drawn to pay its prepetition invoices.  To the extent
that the Final Prepetition Bill Amount is less than the
On-Account Cash, Skadden, Arps has indicated that it will
hold the full amount of the difference as a postpetition
evergreen retainer to be applied against any amounts
approved by the Court in connection with any Skadden,
Arps' final fee application in these cases.  In the event
that the Final Prepetition Bill Amount exceeds the On-
Account Cash, Skadden, Arps has agreed to waive any claim
against the Debtors for payment with respect to the
amount by which the Final Prepetition Bill Amount exceeds
the On-Account Cash.

        27.  For professional services, Skadden, Arps'
fees are based in part on its guideline hourly rates,
which are periodically adjusted.  Based upon the
Engagement Agreement, Skadden, Arps and the Debtors have
agreed that Skadden, Arps' bundled rate structure will
apply to these cases, and therefore, Skadden, Arps will
not be seeking to be separately compensated for certain
staff, clerical, and resource charges for which it
previously charged.

        28.  At the time that Skadden, Arps commenced
its engagement, the hourly rates under the bundled rate
structure ranged from $730-$1050 for partners and of-

counsel, $640-$765 for counsel and special counsel, $360-$835 for associates, and $175-$295 for legal assistants, which rates were set as of September 1, 2008.

29.  Consistent with the Firm's policy with respect to its other clients, Skadden, Arps will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.[2]

30.  During the course of these cases, Skadden, Arps will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines, and any orders

---

[2]   Charges and disbursements are invoiced pursuant to Skadden, Arps' Policy Statement Concerning Charges and Disbursements Under Standard Bundled Rate Structure, a copy of which is attached to the Engagement Agreement.

entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.  Such applications will constitute a request for interim payment against the Firm's reasonable fees and expenses to be determined at the conclusion of these cases.

31.  Skadden, Arps will accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in these cases.

32.  Additionally, Skadden, Arps will also seek compensation for all time and expenses associated with its retention as a section 327(a) professional, including the preparation of the Application, this Declaration, and related documents, as well as any monthly fee statements and/or interim and final fee applications.

33.  Other than as set forth above, no arrangement is proposed between the Debtors and Skadden, Arps for compensation to be paid in these cases.

34.   Except for such sharing arrangements among Skadden, Arps, its affiliated law practice entities, and their respective members, Skadden, Arps has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code section 504(b)(1).

35.   The Debtors submit that the engagement and retention of Skadden, Arps on the terms and conditions set forth herein and in the Engagement Agreement is necessary and in the best interests of the Debtors, their estates, and their creditors and should be approved.

## NOTICE

36.   Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 136).   The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

37.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtors request that

the requirement that all motions be accompanied by a
separate memorandum of law be waived.

**NO PRIOR REQUEST**

38.  No previous request for the relief sought
in this Application has been made to this Court or to any
other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to employ and retain the Firm of Skadden, Arps, effective as of the Petition Date, under a general retainer as the Debtors' bankruptcy counsel, and (ii) granting such further relief as may be just and proper.

Dated:      Richmond, Virginia
            November 20, 2008

                        CIRCUIT CITY STORES, INC.


                        /s/ Bruce H. Besanko
                        Bruce H. Besanko
                        Executive Vice President and Chief
                        Financial Officer

Dated: November 20, 2008    SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia  FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP


/s/ Douglas M. Foley     .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and
Debtors in Possession