**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. 08-035653-KRH |
| | ) Jointly Administered |
| Debtors. | ) |
| _____ | ) |

**Limited Objection To Motion Of Debtors For Entry Of Order Pursuant to
*Bankruptcy Code* Sections 105, 363 and 365 (I) Assuming the Agency Agreement
Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners
LLC; and (II) Authorizing the Debtors to Continue Agency Agreement
<u>Sales Pursuant to Store Closing Agreement</u>**

COME NOW UTC I, LLC, PrattCenter, LLC, and Valley Corners Shopping Center, LLC (collectively the "Objecting Landlords"), by and through their attorneys, to respectfully submit this Objection to the entry of an order with respect to the above-referenced motion of the debtors (the "Debtors") for entry of an order assuming the Agency Agreement and Authorizing Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (the "Motion"). In support of their Objection, the Objecting Landlords state as follows:

1. On November 10, 2008 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 11 of the Title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

_____
C. Thomas Ebel, Esquire (VSB No. 18637)
William A. Gray, Esquire (VSB No. 46911)
Peter M. Pearl, Esquire  (VSB No. 22344)
Lisa Taylor Hudson, Esquire (VSB No. 45484)
SANDS ANDERSON MARKS & MILLER, P.C.
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 783-7234
Facsimile: (804) 783-7231
   *Counsel for* UTC I, LLC, PrattCenter, LLC, and Valley Corners Shopping Center, LLC

2.	The Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1l07(a) and 1108 of the *Bankruptcy Code*.

3.	The Objecting Landlords lease non-residential real property to the Debtors under unexpired leases (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| UTC I, LLC | University Town Center | Norman, Oklahoma |
| PrattCenter, LLC | Prattville Town Center | Prattville, Alabama |
| Valley Corners Shopping Center, LLC | Valley Corners Shopping Center | Hickory, North Carolina |

4.	Each of the premises depicted above and consisting of the University Town Center in Norman, Oklahoma, Prattville Town Center in Prattville, Alabama, and Valley Corners Shopping Center in Hickory, North Carolina (collectively, the "Premises") is located within a "shopping center" as that term is used in *Bankruptcy Code* Section 365(b)(3).

5.	On November 10, 2008, the Debtors sought authority to assume a pre-petition store closing sales agreement (the "Agency Agreement"), between certain of the Debtors and Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Agent"). The Debtors also sought approval of sale guidelines (the "Sale Guidelines").  No notice of the Motion was provided to the Objecting Landlords.  A sale is scheduled to take place at the UTC I, LLC Premises.

6.	On November 10, 2008, the Court entered an order granting the Motion. Landlords were provided a ten (10)-day period within which to object to the Order.

7.   The Objecting Landlords have not received payment of post-petition rent. Post-petition rent is due and owing under the Leases pursuant to Section 365(d)(3) of the *Bankruptcy Code*. The following post-petition amounts are due under each Lease:

| LANDLORD | POST-PETITION RENT OWED |
| --- | --- |
| UTC I, LLC | $19,399 |
| PrattCenter, LLC | $15,312 |
| Valley Corners Shopping Center, LLC | $28,245 |

8.   The Debtors are obligated pursuant to Section 365(d)(3) to pay post-petition rent in a timely manner. *See, e.g., In re Best Products Co., Inc.,* 206 B.R. 404 (Bankr. E.D.Va. 1997). The Court should require the Debtors to pay such rent as part of any Order allowing the sales to go forward. Otherwise, the damages already incurred by Objecting Landlords will be compounded by the delay or failure of the Debtors to pay rent.

9.   The Sales Guidelines contained in the Agency Agreement and the Order fail to provide the Objecting Landlords with adequate protection. Going out of business sales hurt not only Objecting Landlords but the other tenants of the shopping centers in which the premises are located. Going out of business sales are particularly harmful during this crucially important holiday retail season.

10.   The following provisions of the Order or Sales Guidelines implemented by the Order are objectionable to the Objecting Landlords:

(a)     The Debtors should be prohibited from moving inventory from one location to another because such movement will have the effect of prolonging a going out of business sale at a particular location or overstocking a particular store with inventory.

(b)     Neither the Order nor the Agency Agreement puts a limit on the duration of any going out of business sale nor does it provide any mechanism for a landlord to object to the duration of going out of business sale.  Rather the Agent and the Debtors are permitted to extend the sales without consulting the landlord.  Sales should be limited to 60 days absent the consent of the landlord in question.

(c)     Neither the Order nor the Agency Agreement prohibits balloons, sign walkers or sandwich boards or other disruptive street signage.  Such items unnecessarily disrupt the shopping centers, their customers, and the business of adjacent tenants.

(d)     The Order does not expressly prohibit auctions and it should do so.

(e)     The Order appears to govern the conduct of any future going out of business sales but there are no provisions requiring the Debtors to notify landlords if a going out of business sale is scheduled for its location.

(f)     Landlords should expressly be permitted to file an administrative claim for any and all damages to the Premises caused by the conducting of the going out of business sale, the cost of removing any remaining furniture or fixtures after the sales are completed or of cleaning the Premises if they are not left in broom clean condition.

11.     The Objecting Landlords join in the objections filed by other landlords to the Motion to the extent that they are not inconsistent with this instant Objection.

WHEREFORE,  by reason of the foregoing and any arguments at hearing, UTC I, LLC, PrattCenter, LLC, and Valley Corners Shopping Center, LLC respectfully request that the Court

modify its previously-entered Order to provide landlords such as the Objecting Landlords with the additional protection requested herein, and grant such other and further relief as may be deemed appropriate.

Dated: November 20, 2008

**Respectfully Submitted,**

**UTC I, LLC,**

**PRATTCENTER, LLC, AND**

**VALLEY CORNERS SHOPPING CENTER, LLC,**

**By Counsel**

/s/ Lisa Taylor Hudson
_____

C. Thomas Ebel, Esquire (VSB No. 18637)
William A. Gray, Esquire (VSB No. 46911)
Peter M. Pearl, Esquire (VSB No. 22344)
Lisa Taylor Hudson, Esquire (VSB No. 45484)
SANDS ANDERSON MARKS & MILLER, P.C.
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 783-7234
Facsimile: (804) 783-7231

and

Amy Pritchard Williams, Esquire

North Carolina State Bar No. 19233
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7400
Facsimile: (704) 353-3129
E-mail: amy.williams@klgates.com

Case 08-35653-KRH    Doc 293    Filed 11/21/08    Entered 11/21/08 00:22:32    Desc Main
Document      Page 6 of 7

                Attorney for PrattCenter, LLC, UTC I, LLC and Valley Corners Shopping Center, LLC

OF COUNSEL:

K&L GATES LLP  
Hearst Tower, 47th Floor  
214 North Tryon Street  
Charlotte, North Carolina 28202  
Telephone: (704) 331-7400  
Facsimile:  (704) 353-3129

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of November, 2008, I served a copy of the foregoing **Limited Objection** by mailing copies via First Class United States mail, postage prepaid in envelopes with sufficient postage attached and addressed to each such party in interest or their counsel as follows, and by the Electronic Case Filing System electronically:

| | |
|---|---|
| Daniel F. Blanks, Esquire<br>Douglas M. Foley, Esquire<br>McGuire Woods LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA 23510 | ATTORNEY FOR DEBTORS |
| Dion W. Hayes, Esquire<br>James S. Sheerin, Esquire<br>Sarah Beckett Boehm, Esquire<br>McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219 | ATTORNEY FOR DEBTORS |
| Gregg M. Galardi, Esquire<br>Skadden Arps Slate Meagher & Flom, LLC<br>One Rodney Square<br>PO Box 636<br>Wilmington Delaware 19899-0636 | ATTORNEY FOR DEBTORS |
| Chris L. Dickerson, Esquire<br>Skadden Arps Slate Meagher & Flom, LLC<br>333 West Wacker Drive<br>Chicago, IL 60606 | ATTORNEY FOR DEBTORS |

                              /s/ Lisa Taylor Hudson
                              _____