UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:  CIRCUIT CITY STORES, INC., et al.    )
                                                                                                   ) Case No. 08-35653-KRH
                            Debtors.                  ) Jointly Administered
                                                                                ) Chapter 11 Proceedings

**AMENDED MOTION OF CROWN CCI, LLC FOR AN ORDER
COMPELLING PAYMENT OF POST-PETITION RENT
AND POST-PETITION TAXES PURSUANT TO 11 U.S.C. § 365(d)(3)**

Crown CCI, LLC ("Crown"), by and through its undersigned counsel, hereby moves for the entry of an Order compelling the above mentioned debtor ("Debtor") to pay post-petition rent and post-petition taxes. In support of this Amended Motion, Crown respectfully states as follows:

### Background

1. On November 10, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Crown is a party to a Lease Agreement ("Lease") with Circuit City Stores, Inc., for a unit located in Hawthorne, California dated June 30, 2003.

Paul S. Bliley, Jr., VSB # 13973
WILLIAMS MULLEN
P.O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 783-6448
Fax:   (804) 783-6507
pbliley@williamsmullen.com

3. The Debtor has failed to pay rent to Crown due under the Lease for the post-petition period November 10, 2008 through November 30, 2008, in the amount of $61,926.24 ("Post-Petition Rent").

4. The Debtor has failed to pay real estate property taxes due under the Lease for the post-petition period November 10, 2008 through December 31, 2008, in the amount of $17,006.93 ("Post-Petition Taxes").

## Relief Requested

5. Burbank respectfully request that the Court enter an Order that compels the Debtor to immediately pay the Post-Petition Rent and Post-Petition Taxes to Crown.

6. Section 365(d)(3) of the Bankruptcy Code states that the Debtor must "timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…." 11 U.S.C. § 365(d)(3). In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other providers of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decided to assume or reject the lease, the Debtors has stopped making payments due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position…

> The bill would lessen these problems by requiring the Debtors to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that the debtor-tenants pay their rent, common area, and other charges on time pending the Debtors' assumption or rejection of the lease.

130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

7. This case presents the circumstances that Congress intended § 365(d)(3) of the Bankruptcy Code to address. The Debtor occupied and possessed the Premises post-petition, without performing its post-petition obligations under the Lease.

8. Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. § 365(d)(3). *See In re: Pudgie's Div. of New York, Inc.*, 202 B.R. 832 (Bank. S.D.N.Y. 1996); *see also In re: Wingspread Corp.*, 178 B.R. 305 (Bankr. D. Mass. 1995); *see also Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993); *see also In re: Rare Coin Galleries of American, Inc.*, 72 B.R. 415 (d. Mass 1987); *see also In the Matter of the Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr. D. Del. 1985). Accordingly, the Court should enter an order that compels the Debtor to immediately pay the Post-Petition Rent to Crown to satisfy its obligations under the Lease and § 365(d)(3) of the Bankruptcy Code.

9. Additionally, pursuant to the terms of the Lease, the Debtor is obligated to reimburse Crown for the reasonable attorneys' fees and costs incurred by Crown in connection with the Debtor's compliance under the terms of the Lease. *See* Lease Paragraph 34 (f). Accordingly, Crown respectfully requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Crown in connection with the filing and prosecution of this Motion.

**WHEREFORE**, Crown respectfully requests this Court to enter an Order that compels the Debtor to immediately pay Crown the amount of $61,926.24, for Post-Petition rent for November, 2008 and the amount of $17,006.93 for Post-Petition Real Estate taxes, plus Crown's reasonable attorneys' fees and costs and grant Crown such other and further relief as this Court deems proper and equitable.

Dated: November 24, 2008          CROWN CCI, LLC


                                  By /s/ Paul S. Bliley, Jr.
                                       Of Counsel


Paul S. Bliley, Jr., VSB # 13973
WILLIAMS MULLEN
P.O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 783-6448
Fax:   (804) 783-6507
pbliley@williamsmullen.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 24st day of November, 2008, a copy of the **Notice of Motion and Hearing** and the **Motion of Burbank Mall Associates, LLC for entry of an Order Compelling Payment of Post-Petition Rent Pursuant to 11 U.S.C. § 365(d)(3)** were via the Electronic Case Filing (ECF) system, as appropriate, and by First Class Mail (postage prepaid) on the following attached Service List:


                                  /s/ Paul S. Bliley, Jr.
                                     Paul S. Bliley, Jr.


1685222v1