Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
*Local Counsel to Claimants*

Michael Reed, Esquire
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200
*Lead Counsel to Claimants*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN THE MATTER OF:                                                    CASE NO. 08-35653

CIRCUIT CITY STORES, INC.

   DEBTOR                                                                CHAPTER 11

OBJECTION
OF TEXAS AD VALOREM TAX JURISDICTIONS TO INTERIM ORDER
AND TO ENTRY OF FINAL ORDER (1) AUTHORIZING INCURRENCE BY
DEBTORS OF POST-PETITION SECURED INDEBTEDNESS
WITH PRIORITY OVER ALL SECURED INDEBTEDNESS…(2) GRANTING LIENS
(3) GRANTING USE OF CASH COLLATERAL…"

TO THE HONORABLE BANKRUPTCY JUDGE:

   NOW COME the Tax Appraisal District of Bell County, Texas, County of Denton, Midland Central Appraisal District, County of Brazos, Longview Independent School District, Taylor Central Appraisal District, City of Waco/Waco Independent School District, County of Comal and County of Williamson, (hereinafter referred to as "Claimants") and file their Objection to the Interim Order and to Entry of Final Order (1) Authorizing Incurrence by Debtors of Post-Petition Secured Indebtedness with Priority Over All Other Secured Indebtedness… (2) Grating Liens,

(3) Granting use of Collateral… (hereinafter the "Interim Financing Order" or "Interim Order") and would show the Court the following:

I.

Claimants are political subdivisions of the State of Texas. Claimants hold secured tax claims for the 2008 tax year and, as of January 1, 2009, for the 2009 tax year on real and business personal property owned by the Debtors.

II.

As of January 1 of each tax year these ad valorem taxes accrue and are secured with a security interest that is superior to that of any other secured claim pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, Section 32.01 and Section 32.05(b) see also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

III.

The proponents of the Financing Motion have failed to demonstrate that the liens of the Claimants are adequately protected as required by 11 U.S.C. § 364(d)(1)(b). The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2).

These Claimants specifically object to any priming of their lien position by the DIP Liens (Interim Order paragraph 2.(g)):

1. Paragraphs E.(iii) and E.(iv), of the Interim Order refer to the "Pre-Petition Liens" as being subject to "Priority Liens" which are defined as being those liens that are "valid, properly perfected, unavoidable and senior to the Pre-Petition Liens".

2. Then paragraph 2.(g) of the Interim Order characterizes the DIP Liens as being subject to "(y) pre-petition Liens (other than the Pre-Petition Liens) which are valid, properly perfected, unavoidable and senior to the DIP Liens under applicable law (the "Prior Permitted Liens")".

2

    3. It is thus unclear whether the Priority Liens are intended to be included as Prior Permitted Liens or whether the senior liens of these tax Claimants are included in the definition of "Prior Permitted Liens".

These Claimants further object to any priming of their lien position by the Pre-Petiton Replacement Liens (Interim Order paragraph 4.(a)):

IV.

These Claimants also specifically object to the distribution of the proceeds of the sale of their collateral to any other creditor (re: paragraph I. and paragraph 14.):

1. The proceeds from the sale of the collateral of these Claimants constitute the cash collateral of these Claimants, and they object to the use of their collateral or the proceeds of the sale of their collateral to pay any other creditors of this estate.
2. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by the Claimants or an order of the Court permitting use of its cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.
3. The Debtors have not filed a motion seeking to use the cash collateral of these Claimants, nor has there been notice or a hearing on the use of these Claimants' cash collateral.
4. Accordingly, absent its consent, a segregated account must be established from any sale proceeds to comply with the requirements of § 363(c)(4).

V.

WHEREFORE Claimants object to the Interim Financing Order and to the entry of any Final Order on such, and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request other and such relief as is just and proper.

Dated: November 24, 2008        Respectfully submitted,

                                      /s/ Kevin A. Lake

Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
*Local Counsel to Claimants*


Michael Reed, Esquire (State Bar Number 16685400)
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200
*Lead Counsel to Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the above Objection to the following parties via facsimile, and via electronic notification, as well as to all other parties on the electronic matrix via electronic notification, on November 24, 2008:

| Counsel for the Debtor: | Counsel for DIP Agents: |
|---|---|
| Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Attn: Linda K. Myers, Esq.<br>Fax: (312) 861-2200<br><br>and<br><br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, DE 19889<br>Attn: Gregg Galardi, Esq.<br>Fax: (888) 329-3792<br>and Chris L. Dickerson, Esq.<br>Fax: (312) 407-8680<br><br>and<br><br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes, Esq.<br>Fax: (804) 698-2078<br>and Douglas M. Foley, Esq.<br>Fax: (757) 640-3957 | Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, MA 02108<br>Attn: David S. Berman, Esq.<br>Fax: (617) 880-3456<br><br>and<br><br>LeClair Ryan<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Eigth Floor<br>Richmond, VA 23219<br>Attn: Bruce Matson, Esq.<br>Fax: (804) 783-7269 |
| U.S. Trustee:<br><br>W. Clarkson McDow, Jr.<br>Office of the U. S. Trustee<br>701 E. Broad St., Suite 4304<br>Richmond, VA 23219<br>804-771-2310 | |

    /s/ Michael Reed  
    Michael Reed

5