**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | (Jointly Administered) |

**OBJECTION OF 1030 W. NORTH AVE. BLDG. LLC TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING THE AGENCY AGREEMENT AMONG THE DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

1030 W. North Ave. Bldg. LLC, an Illinois limited liability company ("1030 LLC"), by and through their undersigned counsel, hereby objects to the *Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 And 365 (I) Assuming the Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant To Store Closing Agreement* ("Agency Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

---

| | |
|---|---|
| Augustus C. Epps, Esquire (VSB 13254) | Thomas G. Jaros, Esquire |
| Michael D. Mueller, Esquire (VSB 38216) | Jonathan Friedland, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | LEVENFELD PEARLSTEIN, LLC |
| Noelle M. James, Esquire (VSB 76001) | 2 North LaSalle Street |
| CHRISTIAN & BARTON, LLP | Suite 1300 |
| 909 East Main Street, Suite 1200 | Chicago, Illinois 60602 |
| Richmond, Virginia 23219 | Telephone: (312) 346-8434 |
| Telephone: (804) 697-4100 | |
| | Counsel for 1030 W. North Ave. Bldg. LLC |
| Counsel for 1030 W. North Ave. Bldg. LLC | |

2. On the Petition Date, the Debtors filed the Agency Motion, in which they seek authority to (a) assume a certain agency agreement ("Agency Agreement") with Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC ("Agent"), and (b) authority to conduct store closing sales ("Sales") in accordance with the Agency Agreement.

3. 1030 LLC is the record owner of the property commonly known as 1030 West North Avenue, Chicago, Illinois (the "Property").  Debtor Circuit City Stores, Inc. is a tenant of the Property pursuant to that certain lease dated August 17, 2001 between 1030 LLC and Tenant covering approximately 55,205 square feet of the Property (the "Lease").

4. As of the Petition Date the Lease was unexpired and the termination date of the Lease is January 31, 2024 pursuant to the terms of the Lease.  The Lease is subject to the Agency Agreement and he Property is designated as "Store #3794" by the Debtor.  *See* Agency Agreement at Exhibit 1, Page 2 and Exhibit 4.1, Page 2.

## 1030 LLC'S OBJECTIONS TO THE AGENCY MOTION AND BASES THEREFOR

5. 1030 LLC does not object, *per se*, to the relief requested in the Agency Motion and to Agent conducting the Sales described therein.  However, 1030 LLC does object to the ability of the Debtors to conduct the Sales without a corresponding requirement to immediately pay rent to 1030 LLC for the period from the Petition Date through November 30, 2008 ("Stub Rent").

6. Pursuant to section 4.1 of the Agency Agreement, the Agent is responsible for all "Expenses" incurred in conducting the Sales. The term "Expenses" is expressly defined to include "actual Occupancy Expenses for the Stores on a per location and per diem basis in an amount equal to the per Store per diem set forth on Exhibit 4.1 hereto." *See* Agency Agreement at Exhibit 4.1, Page 2. Accordingly, it appears that the Agent is reimbursing the Debtors for the occupancy expenses that are associated with the Leases. Upon information and belief, the Debtors have been or will be reimbursed by the Agent for all of the Stub Rent associated with the Leases because the Sales have already began at the Property.

7.  The Debtors have an obligation to pay the Stub Rent to 1030 LLC pursuant to section 365(d)(3) of the Bankruptcy Code. *See e.g., In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D.Va. 1997). Additionally, given that the Agents are conducting the Sale from the Property and generating revenue therefrom, the Debtors presumably have already been reimbursed for the Stub Rent from the Agent.

8.  1030 LLC further objects to the amount of Stub Rent scheduled to be paid to it as Operating Expenses pursuant to the terms of the Agency Agreement.  Attached as Exhibit 1 to the Agency Agreement is a list of stores subject the Agency Agreement, including the Property owned by 1030 LLC. *See* Agency Agreement at Exhibit 1, Page 2.  Said Exhibit 1, however, erroneously lists the square footage of the Property leased to Tenant as 37,619 when the actual square footage leased to Tenant under the Lease is 55,205.

9.  Further, Exhibit 4.1 to the Agency Agreement does not reflect an accurate sum for per diem expenses for the Property relative to the Lease.  Per Exhibit 4.1 to the Agency Agreement, the per diem expenses for the Property aggregate $5,789 per day. *See* Agency Agreement at Exhibit 4.1, Page 2.  However, the actual monthly rent and common area pass through charges for the Property for November 2008 total $176,400.83 which equates to a per diem charge of $5,880.02.

10.  Based on the foregoing, 1030 LLC respectfully requests that any order that this Court may enter that approves the Agency Motion be modified to require the Debtors to immediately pay 1030 LLC the Stub Rent associated with the Lease on the basis of a per diem rate of $5,880.02 per day.

## JOINDER

1030 LLC hereby further join in the objections and responses of: (i) The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company; (ii) Inland American Retail Management, LLC and Inland US Management LLC; and (iii) Come Now UTC I, LLC, PrattCenter, LLC, and Valley Corners Shopping Center, LLC, and in any other objections consistent therewith.

WHEREFORE, 1030 LLC respectfully requests that the Court enter an order that is consistent with the concerns raised herein, and that grants 1030 LLC such additional and further relief as the Court may deem just and proper.

Dated: November 24, 2008                                CHRISTIAN & BARTON, LLP


By:  /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

and

Thomas G. Jaros, Esquire
Jonathan Friedland, Esquire
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Telephone: (312) 346-8434

*Counsel for 1030 W. North Ave. Bldg. LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


/s/ Jennifer M. McLemore
Jennifer M. McLemore