William C. Crenshaw
VSB No. 16803
**POWELL GOLDSTEIN LLP**
Third Floor
901 New York Avenue, NW
Washington, D.C. 20001
(202) 624-7380
Email: wcrenshaw@pogolaw.com

**Counsel to OLP 6609 Grand, LLC**

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION BY OLP 6609 GRAND, LLC TO THE DEBTORS' MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

OLP 6609 Grand, LLC (the "Landlord"), by counsel, and in accordance with this Court's Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R, Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date, dated November 10, 2008 (the "Rejection Order"), hereby files this objection (the "Objection") to the relief requested in the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Rejection Motion"). In support of the Objection, Landlord states as follows:

5311281v1

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On the Petition Date, the Debtors filed the Rejection Motion and later that day the Bankruptcy Court entered the Rejection Order, which provisionally granted the relief requested in the Rejection Motion.

3. Pursuant to the Rejection Order, the deadline for the Landlord to object to the relief requested in the Rejection Motion and provisionally granted in the Rejection Order was November 20, 2008, which deadline for Landlord was extended by the Debtors to November 25, 2008.

4. Under the terms of the Rejection Order, following submission of this Objection, the Lease and the Sublease (both defined below) will be removed from the Rejection Order and a hearing on the Rejection Motion with respect to such leases will be held on December 5, 2008.

5. Landlord and the Debtors have engaged in negotiations regarding assumption and assignment to the Landlord of the Lease and the Sublease, but have been unable to reach an agreement.

**The Prime Leases**

6. Pursuant to a Lease Agreement dated February 24, 1994 (the "Lease"), Circuit City Stores, Inc., one of the Debtors, as tenant, and Landlord, as landlord, lease certain nonresidential real property located at 6609 Grand Avenue, Gurnee, Illinois (the "Leased Premises").

**The Subleases**

7. Pursuant to a Sublease Agreement dated March 28, 2002 (the "Sublease"), Circuit City Stores, Inc., one of the Debtors, as sublandlord, and La-Z-Boy Showcase Shoppes, Inc., as subtenant, sublease the Leased Premises.

## OBJECTION

**The Debtors Should Assume and Assign the Prime Lease and the Sublease to the Landlord**

8. As the Debtors acknowledge, a debtor's determination to reject an unexpired lease under 11 U.S.C. § 365(a) is governed by the business judgment standard. Rejection Motion, ¶ 19.

9. The Debtors' rationale for rejecting, among others, the Lease and Sublease, is that these are unprofitable leases and rejection effective as of the Petition Date is necessary to minimize administrative expenses, maximize distributions to creditors, and expeditiously return control of the premises to landlords. Rejection Motion, ¶ 27

10. However, with respect to the Lease and the Sublease, the Debtors can better further their stated objectives by assuming and assigning both the Lease and Sublease to the Landlord (or its designee), rather than rejecting these leases. Such assumption and assignment will allow the Landlord to lease directly to the subtenant.

11. The proposed assumption and assignment will eliminate significant rejection damage claims by both the Landlord and the subtenant.

12. Accordingly, assumption and assignment of the Lease and Sublease to the Landlord, rather than rejecting the Lease and Sublease, will provide a substantial benefit to the Debtors' estates in addition to the benefits cited by the Debtors in the Rejection Motion.

**Rejection of the Lease Cannot Become Effective Unless and Until the Debtors Surrender Possession of the Leased Premises**

13. The Rejection Order provides that the Leases are "rejected effective as of the Petition Date, provided the Debtors surrender possession not later than November 12, 2008." Rejection Order, ¶ 2.

14. To date, the Debtors have not surrendered possession of the Leased Premises under the Lease. Accordingly, by the terms of the Rejection Order, the Lease is not yet rejected.

15. Nor, can the Debtors surrender possession if the subtenant exercises its right under Section 365(h) of the Bankruptcy Code to remain in possession of the Leased Premises throughout the term of the Sublease, which does not expire until February 27, 2016.

16. Pursuant to Section 365 of the Bankruptcy Code, post-petition rent due under the Lease will continue to accrue until the Leased Premises are surrendered and the Lease is rejected. Landlord reserve its rights under Sections 365 and 503 of the Bankruptcy Code with respect to post-petition rent due under the Lease and to assert claims against the Debtors' estates with respect thereto. The proposed assumption and assignment of the Lease and the Sublease to the Landlord would also relieve the Debtors' estates of these obligations.

**CONCLUSION**

17. Exercise of the Debtors' sound business judgment leads to the inescapable conclusion that assumption and assignment of the Lease and the Sublease provide more benefit to the Debtors' estates than rejection and should be the Debtors' proposed course of action.

**WHEREFORE,** the Landlord requests that this Court deny the Rejection Motion with respect to the Lease and Sublease and grant such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: November 25, 2008<br>Washington, D.C. | POWELL GOLDSTEIN LLP<br><br>/s/William C. Crenshaw<br>William C. Crenshaw<br>Va. Bar No. 16803<br>901 New York Avenue, NW, Third Floor<br>Washington, D.C. 20001<br>Telephone (202) 347-0066<br>Facsimile (202) 624-7222<br>Email: wcrenshaw@pogolaw.com<br><br>Counsel to OLP 6609 Grand, LLC |

## CERTIFICATE OF SERVICE

I, William Crenshaw, hereby certify that, on November 25, 2008, I caused a true and correct copy of the foregoing Objection By OLP 6609 Grand, LLC To The Debtors' Motion To Reject Certain Unexpired Leases Of Nonresidential Real Property (the "Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: **circuitycityservice@mcguirewoods.com** and **project.circuitycity@skadden.com**.

/s/William C. Crenshaw
WILLIAM C. CRENSHAW

5311281v1