IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC., *et. al.*

    Debtors

Case No. 08-35653-KRH
Chapter 11

Jointly Administered

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE §§ 105, 363 AND 365 (I) ASSUMING AGENCY AGREEMENT AMONG DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

    Comes M.I.A. Brookhaven, LLC ("MIA"), by counsel, and hereby objects to the Motion of Debtors for Entry of Order Pursuant to Bankruptcy Code §§ 105, 363 and 365 (i) Assuming Agency Agreement Among Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (ii) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (the "GOB Motion") [Doc. No. 24], and the entry of the corrected interim Order (the "GOB Order") [Doc. No. 147], as follows:

### BACKGROUND

    1.    On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its affiliated entities (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Counsel for M.I.A. Brookhaven, LLC

Laura Day DelCotto, Esquire
Allison Fridy Arbuckle, Esquire
Wise DelCotto PLLC
200 North Upper Street
Lexington, Kentucky
Telephone: (859) 231-5800

Counsel for M.I.A. Brookhaven, LLC

of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. On November 10, 2008, the Court entered an Order authorizing joint administration of the above-captioned Debtors' cases [Doc. No. 77].

3. On November 10, 2008, the Debtor filed the GOB Motion seeking to authorize the assumption of the pre-petition store closing agreement (the "Agency Agreement") among the Debtors and Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "Agent") [Doc. No. 24]. On this same date an Order granting the GOB Motion was entered by the Court [Doc. No. 82].

4. On November 13, 2008, the Court entered the corrected GOB Order, allowing landlords time to object to the sale closing terms and guidelines within ten (10) days from entry [Doc. No. 147].

5. MIA leases nonresidential real property located in Lexington, Kentucky to the Debtors (the "MIA Property") pursuant to that certain lease dated October 27, 1986[1] (the "Lease")[2]. The Debtors operate Store # 841 at the MIA Property which is included on Exhibit A to the Agency Agreement.

6. Upon information and belief the Debtors sublease certain of the MIA Property to four (4) subtenants (the "Subtenants"), each paying rent directly to the Debtors.

---

[1] Reference to the Lease includes the attached Riders and Schedules as well as all subsequent renewals.

[2] MIA presumes the Debtors have in their possession a copy of the Lease. Therefore, a true and correct copy is available upon request.

2

**OBJECTION**

7. MIA objects to the Agent and Subtenants paying rent to the Debtors unless and until the Debtors immediately pay all post-petition obligations due to MIA under the Lease and timely perform all obligations under that agreement until the same is assumed or rejected.

8. MIA opposes the GOB Order to the extent that the Debtors are permitted to receive and retain money from the Agent for rent during the sale closing term. The Debtors have not paid rent and related expenses to MIA under the Lease from the Petition Date through November 30, 2008 (the "Stub Rent").

9. Section 4.1 of the Agency Agreement requires the Agent to pay the Debtors all "Expenses" incurred during the store closing sales. Included in the "Expenses" are rent and other obligations for the occupancy and use of each store on a per diem basis. *See* Agency Agreement at Section 4.1(l). The Agent is reimbursing the Debtors for rent and expenses due under the Lease. The Debtors should be required to immediately pay MIA Stub Rent. *In re ZB Company.*, 302 B.R. 316, 320 (Bankr. Del. 2003) ("no justification for not paying the rent owed to the landlords where the Agent is paying those expenses . . .").

10. The Debtors have an obligation to pay the Stub Rent pursuant to Section 365(d)(3) of the Bankruptcy Code. The Lease is an "unexpired lease of nonresidential real property" within the meaning of Section 365(d)(3) of the Bankruptcy Code. As Section 365(d)(3) makes clear, the Debtors must **"timely perform"** all of their **"obligations"** under the Lease from the Petition Date until such lease is assumed or rejected, notwithstanding section 503(b)(1) of the Code. 11 U.S.C. § 365(d)(3). These obligations include rent, insurance, real

property taxes and CAM pursuant to the Lease. MIA is entitled to payment of all post-petition rent and the Debtors should not be allowed to delay these payments.

11. Moreover, the Debtors continue to collect rent from its Subtenants, which rent presumably includes other obligations (including real estate taxes, common area maintenance and insurance). Simply put, the Debtors are collecting **double** rent during the store closing period with no provision to remit any post-petition payments to MIA. The Debtors receipt and distribution of rent from Subtenants should be prohibited. Here, the Debtors' receipt of Subtenant rent is analogous to the Agent's payment of Expenses during the store closing sales which Debtors should not be allowed to use for other expenses or indebtedness.

12. Receipt of the Subtenant rent permits the Debtors to comply with their obligations to pay post-petition rent to MIA under Section 365(d)(3) of the Bankruptcy Code. Therefore, the Debtors must be required to remit all post-petition rent received by the Subtenants to MIA until the Lease is assumed or rejected. In the alternative, MIA requests that the Court require the Debtors to hold all rent paid by Subtenants pursuant to the MIA Property in a segregated account pending further order of the Court.

WHEREFORE, MIA respectfully requests that the Court enter an order modifying the GOB Order as set forth herein, and grant such additional and further relief as the Court may deem just and proper.

Date: November 24, 2008                    Respectfully submitted,

By:    /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

and

Laura Day DelCotto, Esquire
Allison Fridy Arbuckle, Esquire
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
E-mail: aarbuckle@wisedel.com

COUNSEL FOR M.I.A. BROOKHAVEN, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

910243