TITLE GUARANTY

3069433
Page: 1 of 18
06/30/1999 11:35A
Lewis Co, WA
ASSGN $17.00

1433811

**AFTER RECORDING RETURN TO:**
Security Title Corporation
1164 Bishop Street, Suite 1611
Honolulu, Hawaii 96813
Esc. #99010356-001-DPP

Excise Tax Paid 114,750.00 Date 6/30/99

84439

## ASSIGNMENT OF BENEFICIAL INTEREST ACCEPTANCE AND CERTIFICATION BY TRUSTEE

**REFERENCE NUMBER(S) of related documents (if applicable):**

| | |
|---|---|
| **GRANTOR/BORROWER(S):** | **FINANCE ENTERPRISES, LTD. and KALANI HOLDINGS, LTD.** |
| **GRANTEE/ASSIGNEE/ BENEFICIARY(S):** | **CHEHALIS HAWAII PARTNERS, LLC and CHEHALIS INVESTMENTS, LLC** |
| **LEGAL DESCRIPTION:** Abbreviated legal description: | **That port of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington lying south of Mauri Road.** |
| **Complete legal description set forth in Exhibit A (Page 7) of the document** | |
| **ASSESSOR'S TAX PARCEL NUMBER:** | **17757-001-002** |

EXHIBIT A

02028835

3069433
Page: 2 of 18
06/30/1999 11:35A
ASSGN $17.00 Lewis Co, WA

This Assignment is made by **KALANI HOLDINGS, LTD.** and **FINANCE ENTERPRISES, LTD.**, both Hawaii corporations (the "Assignors"), to and for the benefit of the following parties, as tenants in common and not in joint tenancy, in the following percentage interests: **CHEHALIS HAWAII PARTNERS, LLC**, a Hawaii limited liability company, as to an undivided 68 % interest; and **CHEHALIS INVESTMENTS, LLC**, a Hawaii limited liability company, as to an undivided 32 % interest (the "Assignees"), and is effective as of June 30, 1999 (the "Effective Date)

## Recitals

A. Assignors are currently the owners of all of the beneficial interests under that certain Trust Agreement of Bond C. C. I Delaware Business Trust dated May 31, 1995, made between Bond C. C. Limited Partnership, an Illinois limited partnership, as Owner, and Wilmington Trust Company, a Delaware banking corporation, as Trustee (the "Trust").

B. The Trust is the legal owner of the real property in Chehalis, Washington subject to and benefited by a Lease dated June 29, 1995 and recorded on July 6, 1995 in Auditors File No. 9509893 more fully described by said Lease.

C. Bond C. C. Limited Partnership by Assignment dated as of August 1, 1996, recorded under Auditors File No. 3069432 assigned its interest as Owner to the Assignors herein; and

D. Assignees have agreed to purchase, and Assignors have agreed to sell, all of the beneficial interest of the Assignors in and to the Trust.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged,

1. Assignors do hereby sell, assign, transfer and convey unto Assignees, as tenants in common and not in joint tenancy, in the undivided fractional interests above set forth, all of Assignors' right, title and interests as Owners of the Trust, including but not limited to, the sole and exclusive right to direct the Trustee concerning the Trust property (as defined in the Trust Agreement); and also including the right to receive distributions pursuant to Article V of the Trust Agreement and the Fee Agreement made as of May 31, 1995 (the "Fee Agreement") all of which are hereafter referred to as the "Property".

SUBJECT, HOWEVER, to all of the terms and provisions of the Financing Documents as defined in the Trust Agreement.

And, in consideration of the premises, Assignors do hereby covenant with the Assignees that Assignors are the lawful owners of the herein described Property; that said Trust Agreement is in full force and effect and is not in default; that the Property is free and clear of all



ASSGN $17.00

3069433
Page: 3 of 10
06/30/1999 11:35A
Lewis Co, WA

encumbrances; that Assignors have good right to sell and convey said Property as aforesaid; and, that Assignors will **Warrant and Defend** the same unto Assignees against the lawful claims and demands of all persons.

2. Assignees' execution of the Acceptance portion of this Assignment shall be deemed Assignees' acceptance and adoption of the provisions of the Trust Agreement and assumption of all Owners' liabilities, including without limitation, the Owners' obligations under Section 8.01 of the Trust Agreement and the Fee Agreement, arising from and after the date hereof.

3. All capitalized terms used in this Assignment shall have the same meaning as are ascribed to such terms in the Trust unless otherwise indicated herein.

4. From and after the Effective Date, all notices required or contemplated under the Trust Agreement to be given to Owners shall be given to:

Chehalis Hawaii Partners, LLC
and
Chehalis Investments, LLC
Suite 2325, Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
**Fax No.:** (808) 533-7829

5. The rights and obligations of Assignors and Assignees shall be binding upon and inure to the benefit of the respective successors and permitted assigns.

6. This Assignment of Beneficial Interest, Acceptance and Certification by Trustee may be signed in counterparts; each of which when so executed, irrespective of the date of execution and delivery, shall be deemed an original, and said counterparts together shall constitute one and the same instrument.

ASSIGNORS:

KALANI HOLDINGS, LTD.,
a Hawaii corporation

By ____________________
Its: PRESIDENT

By ____________________
Its: VICE PRESIDENT

3069433
Page: 4 of 10
06/30/1999 11:35A
Lewis Co, WA

FINANCE ENTERPRISES, LTD.,
a Hawaii corporation

By ______________________
Its Executive Vice President

By ______________________
Its Vice Chairman and Secretary

## ACCEPTANCE

The undersigned, being the Assignees named in the foregoing Assignment, do hereby accept the foregoing Assignment subject to all of the terms and conditions contained therein and all of the terms and conditions contained in the Trust Agreement and Assignees do hereby accept and adopt the provisions of the Trust Agreement and assume all Owners' liabilities accruing from and after the date hereof.

ASSIGNEES:

CHEHALIS HAWAII PARTNERS, LLC
a Hawaii limited liability company, by its Member,
KURISU & FERGUS, A HAWAII GENERAL PARTNERSHIP

By ______________________
Its ~~Member~~ Partner

CHEHALIS INVESTMENTS, LLC,
a Hawaii limited liability company,

By ______________________
Its Member



02028835

3069433
Page: 5 of 18
06/30/1999 11:35A
ASSGN $17.00 Lewis Co, WA

**CERTIFICATION BY TRUSTEE**

Wilmington Trust Company, a Delaware banking corporation, not in its individual capacity but solely as Trustee of Bond C. C. I Delaware Business Trust dated as of May 31, 1995, does hereby certify to Manufacturers and Traders Trust Company, as Trustee, as follows (all specially capitalized terms herein shall have the same meaning as set out in the Trust or the Deed of Trust encumbering the property of the Trust):

1. In accordance with its records, Kalani Holdings, Ltd. and Finance Enterprises, Ltd. are the sole owners and holders of all the beneficial interest (the "beneficial interest") of Bond C. C. I Delaware Business Trust, dated as of May 31, 1995, a business trust formed in accordance with Chapter 38 of Title 12 of the Delaware Code (the "Trust").

2. To the best of its knowledge, information and belief, said beneficial interest is not subject to any lien, mortgage, or encumbrance of any notice whatsoever.

3. The original principal amounts of the Notes were $4,189,851.00 and $3,086,444.14.

4. As of June 24, 1999, the unpaid principal amount of the Notes with respect to the Property was $ 6,704,102.61.

5. The Applicable Interest Rate of the Notes is 7.791% per annum.

6. The last installments of principal and/or interest in connection with the Notes were paid on May 31, 1999.

7. Kalani Holdings, Ltd. and Finance Enterprises, Ltd. have complied with the requirements contained in the Trust Agreement of the Trust to sell and assign said beneficial interests to Chehalis Hawaii Partners, LLC and Chehalis Investments, LLC, both Hawaii limited liability companies, and upon receipt of a counterpart of this Agreement executed by Assignors and Assignees, the Trustee will note on the books and records the assignment of beneficial interest as herein provided.

8. To the best of its knowledge, information and belief, there are no offsets or defenses to the payment of the Debt.

9. The Notes and the Deed of Trust are valid, legal and binding obligations and have not been modified.

It is expressly understood and agreed by the parties hereto that (a) this Certificate is executed and delivered by Wilmington Trust Company, not individually or personally but solely as trustee of the Bond C. C. I Delaware Trust Agreement ("Trust"), in the exercise of the powers and



ASSGN $17 00

authority conferred and vested in it, (b) each of the representations, undertakings and agreements herein made on the part of the Trust is made and intended not as personal representations, undertakings and agreements by Wilmington Trust Company but is made and intended for the purpose for binding only the Trust, (c) nothing herein contained shall be construed as creating any liability on Wilmington Trust company, individually or personally, to perform any covenant either expressed or implied contained herein, all such liability, if any, being expressly waived by the Assignees and by any person claiming by, through or under this Certificate and (d) under no circumstances shall Wilmington Trust Company be personally liable for the payment of any indebtedness or expenses of the Trust or be liable for the breach or failure of any obligations, representation, warranty or covenant made or undertaken by the Trust under this Certificate or the other related document.

Dated: Wilmington, Delaware, June 24, 1999.

WILMINGTON TRUST COMPANY, not in its individual capacity but solely as trustee of Bond C. C. I Delaware Business Trust

By Mary Kay Pupillo
Its: Financial Services Officer

The real property which is owned by the Trust is described in Exhibit A attached hereto and made a part hereof.

02028835

3069433
Page: 7 of 10
06/30/1999 11:35A
ASSGN $17.00 Lewis Co, WA

Exhibit A

PARCEL A:

That part of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington lying south of Maurin Road, described as follows: COMMENCING at the northeast corner of said subdivision; thence south 00°17'25" west along the east line of said subdivision for 70.00 feet to a point on the southerly right of way of Maurin Road and the true point of beginning; thence continuing south 00°17'25" west along said east line for 814.02 feet; thence south 89°53'33" west parallel with the north line of said subdivision for 745.00 feet; thence north 00°06'27" west perpendicular to said north line for 814.00 feet to the southerly line of Maurin Road; thence north 89°53'33" east along said southerly line for 750.65 feet to the true point of beginning.

PARCEL B:

An easement for drainage; being a part of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington; a strip 20 feet in width, as measured perpendicular to and parallel with the southerly right of way of Maurin Road; the north line being congruent with the following described line:
COMMENCING at the northeast corner of said subdivision; thence south 00°17'25" west along the east line of said subdivision for 70.00 feet to the south line of Maurin Road; thence south 89°53'33" west along said south line for 750.65 feet to the true point of beginning; thence south 89°53'33" west for 220.00 feet to the terminus.

PARCEL C:

An easement for the purposes of ingress and egress: An easement 80 feet in width, being the north 70.00 feet as measured perpendicular to the north line of the northeast quarter, of the southwest quarter, and the south 10.00 feet as measured perpendicular to the south line of the southeast quarter, of the northwest quarter, of Section 10, Township 13 North, Range 2 West, of the Willamette Meridian, Lewis County, Washington. Except therefrom that portion lying with the current Maurin Road.

PARCEL D:

A non-exclusive easement for storage of surface water run off on the following property:
That portion of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., lying south of Maurin Road, described as follows:
BEGINNING at the northwest corner of said subdivision; thence south 00°16'41" west along the west line of said subdivision for 70.00 feet to a point on the southerly right-of-way of Maurin Road and the True Point of Beginning; thence north 89°53'33" east along the southerly line of Maurin Road for 416.63 feet to the intersection of said southerly line and the easterly limit of Bonneville transmission line right-of-way; thence south 25°40'09" west along said easterly limit for 471.96 feet; thence south 89°53'33" west for 214.25 feet to the west line of said subdivision; thence north 00°16'41" east along the west line of said subdivision for 425.01 feet to the true Point of Beginning.
EXCEPT therefrom that portion lying within the current Maurin Road.

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 18th day of June, 1999, before me personally appeared Robert Miyasato and Howard Y. Murai, to me personally known, who being by me duly sworn, did say that they are the President and Vice President, respectively, of KALANI HOLDINGS, LTD., a Hawaii corporation; that said instrument was signed in behalf of said corporation by authority of its Board of Directors, and said officers acknowledged said instrument to be the free act and deed of said corporation.

Print Name: Randall I. Morikawa
Notary Public, State of Hawaii.

My Commission expires: 8/12/00

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 18th day of June, 1999, before me personally appeared Patrick Chun and Daniel B. T. Lau, to me personally known, who being by me duly sworn, did say that they are the Executive Vice President and Vice Chairman and Secretary, respectively, of FINANCE ENTERPRISES, LTD., a Hawaii corporation; that said instrument was signed in behalf of said corporation by authority of its Board of Directors, and said officers acknowledged said instrument to be the free act and deed of said corporation.

Print Name: Randall I. Morikawa
Notary Public, State of Hawaii.

My Commission expires: 8/12/00



STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 17th day of June, 1999, before me personally appeared Duane K. Kurisu, to me personally known, who being by me duly sworn, or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and, if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: Madeline A. Iwamoto
Notary Public, State of Hawaii.

L.S.

My Commission expires: July 4, 2000

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 17th day of June, 1999, before me personally appeared Duane K. Kurisu, to me personally known, who being by me duly sworn, or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and, if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: Madeline A. Iwamoto
Notary Public, State of Hawaii.

L.S.

My Commission expires: July 4, 2000



ASSGN $17.00

3069433
Page: 10 of 18
06/30/1999 11:35A
Lewis Co, WA

STATE OF DELAWARE )
) SS.
COUNTY OF NEW CASTLE )

On this 24th day of June, 1999, before me personally appeared Mary Kay Pupillo, to me personally known, who being by me duly sworn, or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and, if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Susanne M. Gula
Print Name:
Notary Public, State of Delaware.

My Commission expires:

SUSANNE M. GULA
NOTARY PUBLIC
My Commission Expires November 21, 1999

SUSANNE M. GULA NOTARY PUBLIC DELAWARE
NOV 21, 1997 TERM 2 YEARS

02028835

TITLE GUARANTY

ASSGN $15.00

3069432
Page: 1 of 8
06/30/1999 11:34A
Lewis Co, WA

132076 Excise Tax Paid 1,20 34295 8/13/96
Lewis County

**AFTER RECORDING RETURN TO:**

Security Title Corporation
1164 Bishop Street, Suite 1611
Honolulu, Hawaii 96813
Esc.99010356-001-DPP

## ASSIGNMENT

**REFERENCE NUMBER(S) of related documents (if applicable):**

| | |
|---|---|
| **ASSIGNOR:** | **BOND C.C. LIMITED PARTNERSHIP** |
| **ASSIGNEE:** | **KALANI HOLDINGS, LTD. and FINANCE ENTERPRISES, LTD.** |
| **LEGAL DESCRIPTION: Abbreviated legal description:** | **That port of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington lying south of Mauri Road.** |
| **Complete legal description set forth in Exhibit A of the document** | |
| **ASSESSOR'S TAX PARCEL NUMBER:** | **17757-001-002** |

3069432
Page: 2 of 8
06/30/1999 11:34A
Lewis Co, WA
ASSGN $15 00

# ASSIGNMENT

This Assignment is made by Bond C.C. Limited Partnership, an Illinois limited partnership ("Assignor") to and for the benefit of the following parties as tenants-in-common and not in joint tenancy in the percentage amounts as follows: Kalani Holdings, Ltd., as to an undivided 65% and Finance Enterprises, Ltd., as to an undivided 35% (collectively, "Assignee") and is effective as of August 1, 1996 (the "Effective Date").

## RECITALS

A. Assignor is the Depositor and currently the sole Owner under that certain Trust Agreement of Bond C. C. I Delaware Business Trust (the "Trust") dated as of May 31, 1995 (the "Trust Agreement").

B. Assignee agreed to purchase, and Assignor agreed to sell all rights of Assignor in and to the Trust.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged,

1. Assignor does hereby sell, assign, transfer and convey unto Assignee as tenants-in-common and not in joint tenancy in the percentage amounts listed hereinabove all of Assignor's rights, title, and interests as Owner of the Trust including but not limited to the sole and exclusive right to direct the Trustee concerning the Trust Property (as defined in the Trust Agreement); and also including the right to receive distributions pursuant to Article V of the Trust Agreement and the Fee Agreement made as of the 31st day of May, 1995 (the "Fee Agreement") all of which are hereafter referred to as the "Property;"

SUBJECT, HOWEVER, to all of the terms and provisions of the Financing Documents as defined in the Trust Agreement.

AND, in consideration of the premises, the Assignor does hereby covenant with the Assignee that the Assignor is the lawful owner of the herein described Property; that said Trust Agreement is in full force and effect and is not in default; that said Property is free and clear of and from all liens and encumbrances; that the Assignor has good right to sell and convey said Property as aforesaid; and, that the Assignor will WARRANT AND DEFEND the same unto the Assignee against the lawful claims and demands of all persons.

2. Assignee's execution of the Acceptance portion of this Assignment shall be deemed Assignee's acceptance and adoption of the provisions of the Trust Agreement and assumption of all Owner liabilities, including without limitation, the Owner's obligations under Section 8.01 of the Trust Agreement, arising from and after the date hereof subject to the Fee Agreement.

3. All capitalized terms used in this Assignment shall have the same meaning as are ascribed to such terms in the Trust, unless otherwise indicated herein.

4. From and after the Effective Date, all notices required or contemplated under the Trust Agreement to be given to Owner shall be given to:

Finance Enterprises, Ltd.
Kalani Holdings, Ltd.



3069432
Page: 3 of 8
06/30/1999 11:34A
Lewis Co, WA

Suite 800, Finance Factors Center
1164 Bishop Street
Honolulu, HI 96813
Attn: Mr. Wendell Pang
Telecopier No.: (808) 548-3367

5. The rights and obligations of the Assignor and the Assignee shall be binding upon and inure to the benefit of their respective estates, heirs, personal representatives, successors, successors in trust and permitted assigns.

6. This Assignment may be signed in counterparts, each of which so executed shall, irrespective of the date of its execution and delivery, be deemed an original, and said counterparts together shall constitute one and the same instrument.

ASSIGNOR:
Bond C.C. Limited Partnership, an
Illinois limited partnership
By:Inland Real Estate Acquisitions, Inc., its General Partner

By:____________________

Its: President

ACCEPTANCE

The undersigned, being the Assignee named in the foregoing Assignment, hereby accepts the foregoing Assignment subject to all of the terms and conditions contained therein and all of the terms and conditions contained in the Trust Agreement, and Assignee hereby accepts and adopts the provisions of the Trust Agreement and assumes all Owner liabilities arising from and after the date hereof.

KALANI HOLDINGS, LTD., as to an undivided
65% interest as tenant-in-common

By:____________________

Its: TREASURER Director

and

FINANCE ENTERPRISES, LTD., as to an undivided
35% interest as tenant-in-common

By:____________________

Its: TREASURER Director



ASSGN $15.00

3069432
Page: 4 of 8
06/30/1999 11:34A
Lewis Co, WA

TRUSTEE'S ACKNOWLEDGMENT

Trustee hereby acknowledges receipt of an original of the foregoing Assignment and Acceptance.

WILMINGTON TRUST COMPANY, a Delaware banking corporation, not in its individual capacity, but solely as trustee of Bond C.C. I Delaware Business Trust

By: ______________________

Its: V.P.

Date: 8/5/96

3069432
Page: 5 of 8
06/30/1999 11:34A
ASSGN $15.00 Lewis Co, WA

STATE OF Delaware )
)ss
COUNTY OF New Castle )

On this, the 5 day of August, 1996, before me Patricia W. Zink, the undersigned officer, a Notary Public in and for the State and County aforesaid, personally appeared John M. Beeson Jr., residing at Wilm. Delaware who acknowledged himself to be the Vice President of Wilmington Trust Company, trustee of Bond C.C.I Delaware Business Trust, a Delaware business trust, and that he as such Officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing his name by himself as Vice President, with the intent that the same may be recorded as such act of such trustee on behalf of said business trust.

IN WITNESS WHEREOF, I hereunto set my hand and official seal this 5 day of August, 1996.

Patricia W. Zink
Notary Public
PATRICIA W. ZINK
NOTARY PUBLIC
My commission expires July 12, 1999

STATE OF Illinois )
COUNTY OF DuPage )

I, Nancy C Phillips a Notary Public in and for said County, in the State aforesaid, do hereby certify that G. Joseph Cosenza President of Inland Real Estate Acquisitions, Inc., an Illinois corporation and General Partner of Bond C.C. Limited Partnership, an Illinois limited partnership, whose name is subscribed to the foregoing instrument, pursuant to authority given by the Board of Directors of said corporation, appeared before me this day in person, and acknowledged and swore that she signed, sealed and delivered the said instrument as her free and voluntary act and deed and the act and deed of the foregoing corporation.

Given under my hand and notarial seal, this 30th day of July, 1996.

Nancy C Phillips
Notary Public

OFFICIAL SEAL
NANCY C. PHILLIPS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-30-2000

STATE OF ______________)
)ss
COUNTY OF____________)

3069432
Page: 6 of 8
06/30/1999 11:34A
Lewis Co, WA
ASSGN $15.00

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 26th day of July, 1996, before me appeared Russell J. Lau and Patrick Chun, to me personally known, who being by me duly sworn, did say that they are the Treasurer and Director, respectively, of FINANCE ENTERPRISES, LTD., a Hawaii corporation; that the seal affixed to the foregoing instrument is the corporate seal of said corporation; that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors and said Russell J. Lau and Patrick Chun acknowledged the instrument to be the free act and deed of said corporation.

RANDALL I. MORIKAWA NOTARY PUBLIC STATE OF HAWAII

Notary Public, State of Hawaii

My commission expires: 8/12/96

3069432
Page: 7 of 8
06/30/1999 11:34A
Lewis Co, WA
ASSGN $15.00

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this 26th day of July, 1996, before me appeared Russell J. Lau and Patrick Chun, to me personally known, who being by me duly sworn, did say that they are the Treasurer and Director, respectively, of KALANI HOLDINGS, LTD., a Hawaii corporation; that the seal affixed to the foregoing instrument is the corporate seal of said corporation; that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors and said Russell J. Lau and Patrick Chun acknowledged the instrument to be the free act and deed of said corporation.

RANDALL I. MORIKAWA NOTARY PUBLIC STATE OF HAWAII

Notary Public, State of Hawaii

My commission expires: 8/12/96

3069432
Page: 8 of 8
06/30/1999 11:34A
ASSGN $15.00 Lewis Co, WA

The real property which is owned by the Trust is described as follows:

PARCEL A:

That part of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington lying south of Maurin Road, described as follows: COMMENCING at the northeast corner of said subdivision; thence south 00°17'25" west along the east line of said subdivision for 70.00 feet to a point on the southerly right of way of Maurin Road and the true point of beginning; thence continuing south 00°17'25" west along said east line for 814.02 feet; thence south 89°53'33" west parallel with the north line of said subdivision for 745.00 feet; thence north 00°06'27" west perpendicular to said north line for 814.00 feet to the southerly line of Maurin Road; thence north 89°53'33" east along said southerly line for 750.65 feet to the true point of beginning.

PARCEL B:

An easement for drainage; being a part of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., Lewis County, Washington; a strip 20 feet in width, as measured perpendicular to and parallel with the southerly right of way of Maurin Road; the north line being congruent with the following described line:
COMMENCING at the northeast corner of said subdivision; thence south 00°17'25" west along the east line of said subdivision for 70.00 feet to the south line of Maurin Road; thence south 89°53'33" west along said south line for 750.65 feet to the true point of beginning; thence south 89°53'33" west for 220.00 feet to the terminus.

PARCEL C:

An easement for the purposes of ingress and egress: An easement 80 feet in width, being the north 70.00 feet as measured perpendicular to the north line of the northeast quarter, of the southwest quarter, and the south 10.00 feet as measured perpendicular to the south line of the southeast quarter, of the northwest quarter, of Section 10, Township 13 North, Range 2 West, of the Willamette Meridian, Lewis County, Washington. Except therefrom that portion lying with the current Maurin Road.

PARCEL D:

A non-exclusive easement for storage of surface water run off on the following property:
That portion of the northeast quarter of the southwest quarter of Section 10, Township 13 North, Range 2 West, W.M., lying south of Maurin Road, described as follows:
BEGINNING at the northwest corner of said subdivision; thence south 00°16'41" west along the west line of said subdivision for 70.00 feet to a point on the southerly right-of-way of Maurin Road and the True Point of Beginning; thence north 89°53'33" east along the southerly line of Maurin Road for 416.63 feet to the intersection of said southerly line and the easterly limit of Bonneville transmission line right-of-way; thence south 25°40'09" west along said easterly limit for 471.96 feet; thence south 89°53'33" west for 214.25 feet to the west line of said subdivision; thence north 00°16'41" east along the west line of said subdivision for 425.01 feet to the true Point of Beginning. EXCEPT therefrom that portion lying within the current Maurin Road.

**EXHIBIT A**