UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                    )
                                          )
CIRCUIT CITY STORES, INC., et al.,        )    Case No. 08-35653-KRH
                                          )    Chapter 11
                    Debtors.              )    (Jointly Administered)

## MOTION BY WOODLAWN TRUSTEES, INCORPORATED FOR AN ORDER (A) COMPELLING DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. § 365(d)(3) AND 503(b); AND (B) GRANTING RELATED RELIEF AND SUPPORTING MEMORANDUM

Woodlawn Trustees, Incorporated ("Woodlawn"), by and through its undersigned counsel, and in support of its motion for an order compelling (a) Circuit City Stores, Inc. and its affiliated entities (collectively, the "Debtor") to immediately pay administrative rent pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b); and (b) granting related relief (the "Motion"), respectfully states as follows:

### PRELIMINARY STATEMENT

1. The Debtor has not paid November 2008 administrative rent to Woodlawn. Absent a Court Order directing the Debtor to "timely perform all of the obligations" under its lease with Woodlawn, the Debtor will likely continue to violate 11 U.S.C. § 365(d)(3). Accordingly, Woodlawn seeks an Order directing the Debtor to immediately pay administrative rent as it is required to under the Bankruptcy Code.

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9560
(804) 644-0957 (fax)

*Counsel for Woodlawn Trustees, Incorporated*

## JURISDICTION

2.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § § 365(d)(3), 503(b)(1)(A) and 105.

## BACKGROUND

3.  Woodlawn is the landlord of commercial space located at 4130 Concord Pike, Wilimington, Delaware (the "Leased Premises").

4.  Pursuant to a lease dated October 1, 1993 as amended (the "Lease"), Woodlawn leased the Leased Premises to the Debtor. A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

5.  Pursuant to the Lease, the Debtor is required to pay, on the first day of the November, 2008 base rent in the sum of $47,363.94.

6.  On November 10, 2008 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

7.  The Debtor currently remains in possession of and enjoys the use and occupancy of the Leased Premises.

8.  Since the Petition Date, the Debtor has failed to pay to Woodlawn <u>any</u> post-petition administrative rent, including November 2008 post-petition base rent. The post-petition portion of November base rent (*i.e.*, for November 10th through November 30th) is $33,154.76.

## RELIEF SOUGHT

9.     Woodlawn seeks an order (a) directing Debtor to immediately pay administrative rent pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), and (b) granting related relief.

## BASIS FOR RELIEF

### WOODLAWN IS ENTITLED TO IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE RENT

10.     Section 365(d)(3) of the Bankruptcy Code provides in relevant part:

> The Trustee <u>shall timely perform all of the obligations</u> of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

(emphasis added).

11.     The unique position of the nonresidential lessor during the post-petition, pre-rejection period is recognized and addressed by 11 U.S.C. § 365(d)(3) and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential lease obligations, § 365(d)(3) protects these lessors from the specter of ever increasing losses during the post-petition, pre-rejection period. In *In re Pudgie's*, the Bankruptcy Court of the Southern District of New York strictly construed § 365(d)(3) to hold that nonresidential lessors were entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

12.     This Court and other jurisdictions have repeatedly held that section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract

rate. *See In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D.Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Indeed, the court in *Trak Auto* specifically recognized that ["a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Id. at 669. *See also In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted §365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor"); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and by requiring these payments to be paid at the time required in the lease"); *In re Financial News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993). Accordingly, the Debtor is required to immediately pay the November base rent, on a prorated basis for the rent covering the period from the date of the filing of the petition until the end of the month.

13. In light of the Debtor's failure to pay post-petition November administrative rent to Woodlawn, absent a Court Order, the Debtor will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, the Court should enter an order directing the Debtor to immediately pay administrative rent pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code.

14. Furthermore, Section 15.1 of the Lease provides that the Debtor is obligated to promptly reimburse Woodlawn for all reasonable legal fees incurred in connection with enforcing the Lease after the Debtor defaults on its obligations under the Lease. Accordingly,

Woodlawn requests that the Debtor be directed to pay the attorneys' fees incurred by Woodlawn in connection with filing and prosecuting this Motion.

**WHEREFORE**, Woodlawn respectfully requests the entry of an order (i) compelling Debtor to immediately pay Woodlawn its administrative rent, plus other future rent and charges as provided in the Lease, including Woodlawn's costs and attorneys' fees in connection with this Motion, and (ii) granting such other relief which this Court deems just and proper.


Dated: November 25, 2008                    WOODLAWN TRUSTEES,
                                            INCORPORATED


                                            By:    /s/ Michael P. Falzone
                                                        Counsel

Michael P. Falzone (VSB #22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9560
(804) 644-0957 (fax)

*Counsel for Woodlawn Trustees, Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2008, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases and to the following parties:

Greg M. Galardi
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
gregg.galardi@skadden.com

and

Dion W. Hayes
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
dhayes@mcguirewoods.com
*Counsel for the Debtors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdog.gov
*Assistant United States Trustee*

/s/ Michael P. Falzone
Michael P. Falzone

#2290317v1