Cooley Godward Kronish, LLP
GREGG S. KLEINER (CA State Bar #141311)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

and

KUTAK ROCK LLP
Michael A. Condyles (Va. Bar No. 27807)
Peter J. Barrett (Va. Bar No. 46179)
Jeremy S. Williams (Va. Bar. No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
    Counsel for Shopping.com

Hearing Date: December 5, 2008 at 10:00 am
Objection Deadline: December 3, 2008 at 5:00 p.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DIVISION OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc.,<br>et al.,<br><br>    Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

**MOTION OF SHOPPING.COM FOR (1) ADEQUATE ASSURANCE OF PAYMENT,
(2) CONFIRMATION THAT ALL POST-PETITION SERVICES PROVIDED TO THE
DEBTORS BY SHOPPING.COM SHALL BE TREATED AS ALLOWED
ADMINISTRATIVE CLAIMS OR, ALTERNATIVELY (3) IN FAILING TO PROVIDE
SUCH RELIEF, GRANTING SHOPPING.COM IMMEDIATE RELIEF FROM STAY
TO CEASE PROVIDING ANY SERVICES TO DEBTORS
AND
<u>NOTICE OF MOTION AND NOTICE OF HEARING</u>**

Shopping.com, Inc., a subsidiary of the eBay Inc. ("Shopping.com"), by and through its

undersigned counsel, respectively submits this motion (the "Motion") for entry of an order

compelling Circuit City, *et. al.* (the "Debtors") to (1) provide Shopping.com adequate assurance

4831-1548-1091.1

of post-petition payments with regard to that certain Merchant Participation Agreement (defined below) and (2) confirm that all post-petition Services (defined below) provided to the Debtors pursuant to the terms of the Merchant Participation Agreement are treated as administrative expense priority claims pursuant to 11 U.S.C. §§507(a)(2) and 503 (a) and (b), without requiring Shopping.com to file an administrative claim and without the necessity of further Court approval or orders. In the event that the Court declines to provide Shopping.com with assurance of payment and assurance of administrative expense priority for its post-petition services, Shopping.com should be granted immediate relief from stay, pursuant to 11 U.S.C. §362(d)(1), to cease providing Services to the Debtors. In support of this Motion, Shopping.com respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  Shopping.com is in the business of providing online comparison shopping to consumers by making available to them a comprehensive set of products from thousands of stores from across the internet. For merchant customers like the Debtors, Shopping.com allows them to list products for sale on Shopping.com, for free, and only pay a fee to Shopping.com when Shopping.com drives a lead (a consumer "click") to the Debtors' website for a possible sale ("Services"). Shopping.com offers one of the highest conversion to sale rates in the industry and provides one of the most productive and efficient online channels available, in part, because the site has over 20 million unique visitors per month. Merchant customers like the Debtors, work with their Shopping.com account managers to "optimize" consumer traffic to the merchant customer's site to control the types of sales leads that it will receive from Shopping.com allowing merchants to control costs and tailor sales strategy.

2.    On or about May 14, 2003 DealTime, Inc.[1] and the Debtors entered into that certain "Terms and Conditions of Merchant Participation" agreement ("Merchant Participation Agreement") by which Shopping.com agreed to provide the Services to the Debtors. The Services are provided in exchange for monthly payments, in arrears, from the Debtors pursuant to the terms of a payment schedule selected by the Debtors. Because the terms of the Merchant Participation Agreement are confidential and include proprietary information, Shopping.com has concurrently filed a motion with the Court seeking authority to allow Shopping.com to file the Merchant Participation Agreement under seal.

3.    On November 10, 2008 ("Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the Petition Date, the Debtors owe Shopping.com approximately $702,672.84 ("Pre-Petition Arrears") on account of Services provided to the Debtors for the months of August, September and October 2008, plus the first 10 days of November 2008. A true and correct summary of the Pre-Petition Arrears are set forth in the invoice summaries attached hereto as Exhibit A. The Services provided to the Debtors pursuant to the Merchant Participation Agreement include leads and traffic driven through the Shopping.com site from other online traffic networks ("Third Party Vendors"). Shopping.com pays a fee to these Third Party Vendors for the traffic sent to Shopping.com's website which traffic becomes "leads" or potential customers sent to the Debtors. Shopping.com in turn pays the Third Party Vendors a percentage of the fees Debtors' owe Shopping.com. Consequently, if the Debtors do not pay their invoices, Shopping.com must pay, out of its own pocket, these third party obligations which can range up to 90% of the fees Debtors owe Shopping.com. If Debtors do not pay Shopping.com's invoices (again, a large portion of which reimburse Shopping.com

---

[1] In 2004, DealTime, Inc. was merged into Shopping.com and was later acquired by eBay in 2005.

for Third Party Vendor fees), Shopping.com's losses (lost revenue from Debtors, plus unreimbursed cash payments to Third Party Vendors) can combine to increase Shopping.com's exposure to almost two times the amount of each of the Debtors' unpaid invoices.

4.     Shopping.com is informed and believes that the Debtors desire it to continue receiving the Services post petition. Shopping.com believes that the Services are critical to the Debtors' post petition operations by materially increasing the Debtors' internet sales and thereby adding value to the Debtors' estates. For the 12 month period prior to the Petition Date (commencing with November 2007), the Debtors' total invoices were approximately $3,060,000 with an average monthly invoice from Shopping.com equal to approximately $225,000. Based on this average, Shopping.com estimates that the Debtors' *monthly* post petition obligation for the Services will be approximately $250,000. Because of the 30 day net billing cycle under the Merchant Participation Agreement, Shopping.com finds itself contractually required to extend as much as $450,000 in post-petition credit to the Debtors without the slightest assurance that it will be paid by the Debtors or that Shopping.com will have an allowed administrative claims for providing post petition Services. Stated another way, Shopping.com is being compelled to finance the Debtors' post petition operations and pay cash to Third Party Vendors for this traffic, without any certainty of payment from the Debtors.

5.     Shopping.com is filing this Motion because it wants to make sure it will be paid for its provision of post petition Services and to get Court confirmation that the Services shall be treated as administrative priority claims pursuant to 11 U.S.C. §§507(a)(2) and 503 (a) and (b) without the necessity of filing an administrative claim or establishing, at some later date, that the Services are entitled to be treated as allowed administrative claims. Shopping.com is concerned that (a) the Debtors may not have adequate post petition capital to pay for the Services, and (b)

the Debtors, or some other party in interest, may object at some time in the future to paying Shopping.com for its post petition provision of Services. It is inequitable for Shopping.com, by virtue of its executory contract with the Debtors, to be compelled to provide post petition Services to the Debtors without assurance that it will be paid, in full, for the Services. If such assurance and certainty of payment cannot be promptly provided to Shopping.com, the Court should immediately excuse Shopping.com from providing any post petition Services to the Debtors and grant it relief from the automatic stay.

## LEGAL ANALYSIS

### A. Debtors Must Provide Shopping.com With Adequate Assurance Of Payment

6. The Merchant Participation Agreement is an executory contract, as obligations remained owing on both sides such that any failure to perform those obligations will result in a material breach. *In re Suterra Corporation*, 361 F.3d 257, 264 (4th Cir. 2004). Bankruptcy Code section 365(d) allows the Debtors to defer their decision to assume or reject the Merchant Participation Agreement until confirmation of a plan. Pending assumption, the general rule is that the non-debtor party is required to perform under the contract, even though the debtor may not be current in its post petition obligations to the non-debtor party.

7. Under the circumstances of this case and in light of the stark economic realities that helped drive the Debtors into Chapter 11, it is unfair and inequitable to require Shopping.com to wait to see if its invoices will be paid and require it to provide services to the Debtors without any assurance it will be paid. Because invoices to the Debtors are paid in arrears, Shopping.com could be exposed to as much as $450,000, or more, in open post-petition invoices during the busy holiday season. For example, Services provided in November are billed in early December and payment is not required until 30 days thereafter. Therefore, if payment is

4831-1548-1091.1                                    5

not timely made on the November invoices, both November and December invoices would be at risk. In addition, Shopping.com buys traffic for the Debtors and must honor its obligations to Third Party Vendors by paying Shopping.com's invoices for traffic purchased on behalf of the Debtors' estates (essentially a cost of goods component of the charges which Debtors instruct Shopping.com to incur on Debtors' behalf.) As adequate assurance to Shopping.com, the Debtors' financial circumstances mandate that the timing of these payments be adjusted, that Shopping.com be allowed to cease incurring third party charges on Debtors' behalf and/or that Shopping.com be provided assurance of payment.

8.  Shopping.com is clearly within its rights in demanding assurance of payment from the Debtors. New York law, which governs the Merchant Participation Agreement (Merchant Participation Agreement, at ¶ 17), applies UCC §2-609 rules of adequate assurance to common law of contracts were the contract at issue does not involve the sale of goods. *Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 92 N.Y.2d 458, 682 N.Y. 2d 664 (1998) (concluding that a party does have the right to demand "adequate assurance of future performance when reasonable grounds arise to believe that the other party will commit a breach by non-performance of a contract governed by New York law, where the other party is solvent and the contract is not governed by the U.C.C."); *In re Asia Global Crossing, Ltd.*, 326 B.R. 240, 249 (Bankr. S.D. N.Y. 2005) (Discussing the application of anticipatory repudiation in context of a debtor's anticipated non-performance of a contract). "[T]he general rule is that one party to a contract need not trust the credit of the other party whom he or she discovers to be insolvent, despite an agreement to do so." *See*, Williston on Contracts §43:29 (4th ed).

9.  In light of the Debtors' Pre-Petition Arrears, its material obligations to other pre-petition creditors that exceeds $500 million and the downturn in the overall US and world

economy, Shopping.com has good reason to be concerned about being paid for its Services. Shopping.com should not be forced into the position of providing involuntary unsecured credit to the Debtors.

10. Shopping.com is not demanding, at least at this time, that the Debtors make a determination whether to assume or reject the Merchant Participation Agreement. Shopping.com understands that at this early stage of the Debtors' case, such a request may be premature.

11. Instead, Shopping.com does demand that the Debtors (a) enroll in a Shopping.com "manual funding plan" whereby the Debtors deliver a pre-payment to Shopping.com in any amount that the Debtors so desire, which pre-payment will be reduced by actual charges accrued by Shopping.com for Services delivered to the Debtors (this payment method is referred to as "MFP")[2] and (b) pay, current, all post-petition arrears due and owing prior to enrollment into a MFP. Pursuant to the MPF payment method, when "click-through fees" and other charges owing to Shopping.com reach the pre-payment amount, Debtors' content (like any other merchant on an MPF payment plan) will be removed from the Shopping.com site and will not be re-listed until Debtors manually request that Shopping.com re-list its content by replenishing the prepayment amount. Upon a successful replenishment (in the amount selected by Debtors), Debtors' content will be re-posted on the Shopping.com Site. Like any other merchant on an MPF payment plan, in the event that the Debtors fail to replenish their MFP pre-payment, Shopping.com would be authorized, without further order of the Court, to immediately cease all of its post petition performance under the Merchant Participation Agreement, until such time, if ever, that as the Debtors' elect to replenish their MFP pre-payment.

12. As an alternative to the MFP, the Debtors shall (a) deliver to it a cash deposit, to act as a guarantee of future payments for Services provided post-petition, in the amount of

---

[2] MFP is the payment method used by most of Shopping.com's other merchants.

4831-1548-1091.1                    7

$225,000 ("Deposit"), a sum equal to the Debtors' anticipated monthly post petition invoices and (b) pay, current, all post-petition arrears due and owing prior to delivery of the Deposit. In conjunction with delivery of the Deposit, and in order to help reduce Shopping.com's role as in involuntary financier of the Debtors' post petition operations, Shopping.com shall: (x) shorten the billing cycle from 30 days to 15 days, with Shopping.com issuing invoices on the first and fifteenth day of each month; (y) require the Debtors deliver full payment of each invoice to Shopping within seven (7) calendar days from the date of issuance of each invoice; and (z) in the event that the Debtors fail to make timely and/or complete payment of any post-petition invoice, Shopping.com would be authorized, without further order of the Court, to (i) apply the Deposit to all unpaid post petition invoices and (ii) immediately cease all of its post petition performance under the Merchant Participation Agreement, until such time, if ever, that as the Debtors become post petition current and replenish any portion of the Deposit that has been applied to a post-petition default. If the Debtors fail to cure a post-petition default within twenty (20) calendar days of the date of an invoice (including replenishing the Deposit), Shopping.com would be granted, in its sole discretion, immediate relief from the automatic stay to terminate the Merchant Participation Agreement without further notice to the Debtors and without need of a further order from the Court.

13.    The relief set forth above is not unfair or particularly burdensome to the Debtors. It provides Shopping.com with increased certainty that it will be paid for its post petition Services and provides some assurance that Shopping.com will not be forced to extend unsecured credit to the Debtors for long periods.

B.  **Shopping.com Must Be Assured Of An Allowed Administrative Claim, Pursuant to Sections 507(a)(2) and 503(a) and (b), For All Post-Petition Services**

14. All Services provided by Shopping.com constitute administrative expenses that must be paid in full. That, however, does not guarantee that they will be afforded administrative priority if otherwise challenged. In the Fourth Circuit, in order for a claim to qualify as an administrative expense under Bankruptcy Code §§507(a)(2) and 503(b)(1)(A), it must (a) arise out of post petition transaction(s) between the creditor and the debtor-in-possession and (b) the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-possession in the operation of its business. *See, In re Merry-Go-Round Enterprises Inc.*, 180 F.3d 149, 157 (4th Cir. 1999) (evaluating claim of landlord); *In re Stewart Foods Inc.*, 64 F.2d 141, 145 (4th Cir. 1995). Typically, the central inquiry in these cases is whether the estate has received an *"actual benefit"*, a "concrete" benefit, rather than a measurement of the existence and/or extent of the creditor's loss. *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866-867 (4th Cir. 1994) (emphasis in original) (Undersecured creditor not entitled to administrative claim for debtors' opportunity to market real property for sale).

> That which is actually utilized by a Trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate [under §503(b)] and should be accorded the priority of an administrative expense. That which is thought to have some potential benefit, in that it makes a business more likely salable, may be a benefit but is too speculative to be allowed as an "actual, necessary cost and expense of preserving the estate."

*Dobbins, at 867, quoting, Broadcast Corp. v. Braodfoot (In re Subscription Television)* 789 F.2d 1530. 1532 (11th Cir. 1986) (Concluding that although a creditor, Broadcast, was contractually required to provide television signals to debtor's estate, post-petition, creditor was entitled to

administrative priority for maintaining the signal's availability only for time period actually used by estate and not for the time period where estate had the right to use, but did not use the signal).

15. There can be no dispute that Shopping.com satisfies the first prong of the test: it is contractually obligated to provide Services to the Debtors, post petition, and is presently doing so. As to the second prong, Shopping.com is providing actual benefits to the estate; Debtors are charged only after an actual internet user, a real person, has chosen to click on Debtors' information on the Shopping.com website and be transferred to Debtors' website to evaluate merchandise sold by the Debtors. These actual visitors to Debtors' on-line store are actually shopping for goods and are known to convert into sales at a higher rate than random visitors, which is why the Debtors and Shopping.com's other merchant customers chose to pay for these consumers.

16. If the Debtors, or some other party in interest, believes that the Services are not actually beneficial to the Debtors, they should speak up now so Shopping.com can cease being contractually compelled to provide not only the Services, but also forced to incur direct out of pocket costs on Debtors' behalf to Third Party Vendors. Absent an order from this Court assuring Shopping.com that the Service it provides will be unquestionably treated as administrative expense priority claims, Shopping.com must be relieved of its duty to perform, post-petition, under the Merchant Participation Agreement. Any other result will leave Shopping.com exposed to Monday morning allegations by 'a party in interest' seeking to reduce the administrative expenses of the estate. It is unfair and inequitable for Shopping.com to be held captive to the provisions of the Merchant Participation Agreement without the certainty of an order from this Court making it clear that the Services have provided an "actual benefit" to

4831-1548-1091.1                                           10

the Debtors' estate and that all post petition fees are allowed administrative expenses under Bankruptcy Code §§507(a)(2) and 503(b)(1)(A).

C. **If The Court Is Not Inclined To Provide Shopping.com With Assurance of Payment And Administrative Priority For All Fees Related To The Services, Shopping.com Should Be Granted Relief From The Automatic Stay Pursuant to Section 362(d)(1) Of The Bankruptcy Code, To Terminate Merchant Participation Agreement.**

17. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including lack of adequate protection of an interest of property of such party in interest; ...

11 U.S.C. § 362(d)(1).

18. The United States Court of Appeals for the Fourth Circuit has stated that, "[b]ecause the Bankruptcy Code provides no definition of what constitutes 'cause' the courts must determine when discretionary relief [from the automatic stay] is an appropriate on a case-by-case basis." *Claughton v. Mixson (In re Mixson)*, 33 F.3d 4, 5 (4th Cir. 1994) (citing *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). See also, *In re Robinson*, 169 B.R. 356 (E.D.Va. 1994); *In re Ewald*, 298 B.R. 76 (Bankr. E.D.Va. 2002).

19. In deciding whether "cause" has been shown, the bankruptcy court must balance the potential hardship that will be incurred by the party seeking relief if the automatic stay is not lifted, against the potential prejudice to the debtor and the debtor's estate." *Robinson*, at 359; see also, *Ewald*, at 80.

20.   In the Debtors' case, should the Court determine that Shopping.com is not entitled to be provided with adequate assurance of payment and certainty that its post-petition claims will be treated as an allowed administrative claim, Shopping.com submits that "cause" exists to grant Shopping.com immediate relief from the automatic stay to terminate the Merchant Participation Agreement.

21.   The potential hardship that will be incurred by Shopping.com, if the automatic stay is not lifted to allow it to terminate the Agreement, outweighs any potential prejudice to Debtors. Without relief from the stay, Shopping.com will be forced to (i) continue to perform under a contract that the Debtors are unwilling, and perhaps unable, to pay for; and (ii) pay, out of pocket, for internet traffic from Third Party Vendors on Debtors' behalf. Meanwhile, the Debtors will continue to enjoy the Service Shopping.com is compelled to provide and the predictable sales it provides, while, ironically, be in a position to assert that the Services do not provide an "actual benefit" to their estates.

22.   Shopping.com should not find itself in the same position of the service provider in *In re Subscription Television,* (i) forced to provide services under a contract, without certainty of payment and (ii) have its claim for post-petition services not allowed in full under Bankruptcy Code §§507(a)(2) and 503(b)(1)(A).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Shopping.com respectfully requests that this Court enter an Order (a) providing Shopping.com adequate assurance of post-petition payments with regard to the Merchant Participation Agreement by requiring the Debtors to pay, in full, for all outstanding post-petition Services and, concurrently deliver (i) a pre-payment to

Shopping.com under a MFP, or (ii) the Deposit to Shopping.com and revising the payment credit terms as described above, (b) confirming that all post-petition Services provided to the Debtors pursuant to the terms of the Merchant Participation Agreement are treated as allowed administrative priority expense claims pursuant to 11 U.S.C. §§507(a)(2) and 503 (a) and (b), without requiring Shopping.com to file an administrative claim and without the necessity of further Court approval or orders, and, alternatively, (c) granting Shopping.com relief from the automatic stay, to terminate the Merchant Participation Agreement, if the Court does not approve the foregoing relief.

## NOTICE OF MOTION AND NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** Shopping.com, Inc. has filed the above Motion in this case. *Your rights may be affected.* You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views, then on or before two (2) business days before the hearing referenced below that has been scheduled on the motion, you or your attorney must:

1. File with the Court, at the address shown below, a written response. If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

2. Your mailing should be directed to:

> Clerk of the Court
> United States Bankruptcy Court
> 701 E. Broad Street
> Suite 4000
> Richmond, VA 23219

3. You must also mail a copy to:

Michael A. Condyles, Esq.
Kutak Rock, LLP
1111 East Main Street, Suite 800
Richmond, VA 23219

Robert B. Van Arsdale, Trustee
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

4. You must also attend the hearing to consider the relief sought in addition to filing a written objection. If you fail to file timely a written response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested. The hearing is scheduled for **December 5, 2008 at 10:00 a.m.**, at the United States Bankruptcy Court, 701 E. Broad Street, Courtroom 5000, Richmond, VA 23219.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the terms of the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008, the notice and objection periods stated therein will control and the notice provisions of Local Bankruptcy Rule 4001(a)-1 are hereby waived.

**SHOPPING.COM**

By: /s/ Michael A. Condyles
Counsel

---

COOLEY GODWARD KRONISH, LLP
Gregg S. Kleiner (CA State Bar #141311)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

4831-1548-1091.1                                14

and
KUTAK ROCK LLP
Michael A. Condyles (Va. Bar No. 27807)
Peter J. Barrett (Va. Bar No. 46179)
Jeremy S. Williams (Va. Bar. No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
    Counsel for Shopping.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 25, 2008, I caused to be served a copy of the foregoing by ECF notification and/or first-class mail postage prepaid to the following:

SEE THE ATTACHED LIST

                              /s/ Michael A. Condyles

Circuit City Stores, Inc
Core Group Service List

| NAME | ATTENTION | ADDRESS1 | ADDRESS2 | ADDRESS3 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | Email | Party/Function |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CIRCUIT CITY STORES, LLC | REGINALD D. HEDGEBETH | 9950 MAYLAND DRIVE | | | RICHMOND | VA | 23233 | | 804-486-4000 | 804-527-4164 | | Debtor |
| COMMONWEALTH OF VIRGINIA CORPORATE SALES AND USE, EMPLOYER WITHHOLDING, AND LITTER TAX | STATE CORPORATION COMMISSION | TYLER BUILDING | 1300 E MAIN STREET | | RICHMOND | VA | 23219 | | 804-371-9967 | 804-371-9734 | | Government Agency |
| COMMONWEALTH OF VIRGINIA DEPARTMENT OF TAXATION | VIRGINIA DEPARTMENT OF TAXATION | 3600 WEST BROAD STREET COMMERCIAL LITIGATION BRANCH | | BEN FRANKLIN STATION | RICHMOND | VA | 23230-4915 | | 804-367-8037 | 804-254-6111 | | Government Agency |
| DEPARTMENT OF JUSTICE CIVIL DIVISION | ATTN: DIRECTOR | | P O BOX 875 | | WASHINGTON | DC | 20044 | | 202-514-1164 | 202-307-0494 | | Government Agency |
| ENVIRONMENTAL PROTECTION AGENCY | | 1650 ARCH STREET | | | PHILADELPHIA | PA | 19103-2029 | | 215-814-2625 | 215-814-3005 | | Government Agency |
| ENVIRONMENTAL PROTECTION AGENCY | DIANA SAENZ | 1200 PENNSYLVANIA AVENUE NW | SUITE 4209 | | WASHINGTON | DC | 20004 | | 202-272-0167 | 202-501-0461 | | Government Agency |
| ENVIRONMENTAL PROTECTION AGENCY | OFFICE OF GENERAL COUNSEL | U S EPA MAILCODE 2377R | 1300 PENNSYLVANIA AVENUE, N.W. | | WASHINGTON | DC | 20004 | | 202-564-4707 | 202-565-2418 | | Government Agency |
| FTI CONSULTING, INC | MR ROBERT J DUFFY | MR STEPHEN COULOMBE | 200 STATE STREET, 2ND FLOOR | | BOSTON | MA | 02109 | | 617-897-1500 | 617-897-1510 | | Financial Advisors |
| INTERNAL REVENUE SERVICE | ATTN L LORELLO | 400 N 8TH STREET BOX 76 | | | RICHMOND | VA | 23219 | | 804-916-8064 | 804-916-8198 | | Government Agency |
| KIRKLAND & ELLIS LLP | ATTN LINDA K MYERS ESQ | 200 E RANDOLPH DR | | | CHICAGO | IL | 60601 | | | 312-861-2200 | | Counsel to Debtors |
| KURTZMAN CARSON CONSULTANTS LLC | EVAN GERSHBEIN | 2335 ALASKA AVENUE | | | EL SEGUNDO | CA | 90245 | | 310-823-9000 | 310-823-9133 | | Claims Agent |
| KUTAK ROCK LLP | PETER J BARRETT | 1111 EAST MAIN STREET | SUITE 800 | | RICHMOND | VA | 23219 | | 804-343-5237 | 804-783-6192 | peter.barrett@kutakrock.com | |
| LECLAIR RYAN | ATTN BRUCE MATSON ESQ | RIVERFRONT PLAZA E TOWER | 951 E BYRD ST 8TH FL | | RICHMOND | VA | 23219 | | | 804-783-7269 | | Counsel for DIP Agents |
| MCGUIREWOODS, LLP | ATTN: DION W HAYES | 901 E CARY ST | ONE JAMES CENTER | | RICHMOND | VA | 23219 | | 804-775-1000 | 804-775-1061 | | Debtor's Local Counsel |
| NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KAREN CORDRY, ESQ. | NAAG BANKRUPTCY COUNSEL | 2030 M STREET, N.W., 8TH FLOOR | | WASHINGTON | DC | 20036 | | 202-326-6025 | 202-331-1427 | kcordry@naag.org | Government Agency |
| OFFICE OF THE ATTORNEY GENERAL | BOB MCDONNELL | STATE OF VIRGINIA | 900 E MAIN ST | | RICHMOND | VA | 23219 | | 804-786-2071 | 804-786-1991 | | Government Agency |
| OFFICE OF THE SECRETARY OF THE COMMONWEALTH | | 1111 EAST BROAD STREET, 4TH FLOOR | | | RICHMOND | VA | 23219 | | 804-786-2441 | 804-371-0017 | | Government Agency |
| OFFICE OF THE U S TRUSTEE | ROBERT B VAN ARSDALE | 701 E BROAD ST | SUITE 4304 | | RICHMOND | VA | 23219-1888 | | 804-771-2310 | 804-771-2330 | | US Trustee |
| OFFICE OF THE UNITED STATES TRUSTEE | RICHMOND, VIRGINIA OFFICE | 600 EAST MAIN STREET, SUITE 301 | | | RICHMOND | VA | 23219 | | 804-771-2310 | 804-771-2330 | | United States Trustee |
| PACHULSKI STANG ZIEHL & JONES LLP | JEFFREY N POMERANTZ ESQ | 10100 SANTA MONICA BLVD 11TH FL | | | LOS ANGELES | CA | 90067-4100 | | 310-277-6910 | 310-201-0760 | jpomerantz@pszjlaw.com | Counsel for The Official Committee of Unsecured Creditors |
| PACHULSKI STANG ZIEHL & JONES LLP | ROBERT J FEINSTEIN ESQ | 780 THIRD AVE 36TH FL | | | NEW YORK | NY | 10017 | | 212-561-7700 | 212-561-1777 | rfeinstein@pszjlaw.com | Counsel for The Official Committee of Unsecured Creditors |
| RIEMER & BRAUNSTEIN LLP | DAVID S BERMAN | THREE CENTER PLAZA, 6TH FLOOR | | | BOSTON | MA | 02108 | | 617-523-9000 | 617-880-3456 | | Counsel to Prepetition Lenders/Counsel to Postpetition Lenders |
| SECRETARY OF TREASURY SECURITIES & EXCHANGE COMMISSION | | 15TH & PENNSYLVANIA AVENUE, N.W. | | | WASHINGTON | DC | 20020 | | 202-622-2000 | 202-622-6415 | | Government Agency |
| SECURITIES & EXCHANGE COMMISSION | ATTN: BANKRUPTCY UNIT NATHAN FUCHS, ESQ. | 15TH & PENNSYLVANIA AVENUE, N.W. | | | WASHINGTON | DC | 20020 | | 202-942-0900 | 202-942-9625 | | Government Agency |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | PATRICIA SCHRAGE, ESQ. | NEW YORK OFFICE | BRANCH/REORGANIZATION | 233 BROADWAY | NEW YORK | NY | 10279 | | 646-428-1883 | 646-428-1979 | | Government Agency |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | ATTN: GREGG M. GALARDI | ONE RODNEY SQUARE | P O BOX 636 | | WILMINGTON | DE | 19899-0636 | | 302-651-3000 | 302-651-3001 | | Debtor's Counsel |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | GREGG M GALARDI, ESQ | IAN S FREDERICKS, ESQ | ONE RODNEY SQUARE P.O. BOX 636 | | WILMINGTON | DE | 19899-0636 | | 302-651-3000 | 302-651-3001 | | Counsel to Debtors |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | TIMOTHY G. POHL, ESQ. | CHRIS L. DICKERSON, ESQ | 333 WEST WACKER DRIVE | SUITE 2000 | CHICAGO | IL | 60606 | | 312-407-0700 | 312-407-0411 | | Counsel to Debtors |
| TAVENNER & BERAN PLC | LYNN L TAVENNER ESQ PAULA S BERAN ESQ | 20 N EIGHTH ST 2ND FL | | | RICHMOND | VA | 23219 | | 804-783-8300 | 804-783-0178 | llavenner@tb-lawfirm.com pberan@tb-lawfirm.com | Counsel for The Official Committee of Unsecured Creditors |

 Shopping.com.
8000 Marina Blvd., 3rd Floor
Brisbane, CA 94005

Circuit City Inc
Nancy Moore
9954 Mayland Dr.
Richmond VA   23233

**Customer Statement**

Statement Date
11/11/2008

Paying Currency
USD

Customer Id
9270

As of 11/11/2008

| Doc. No | Doc. Date | Doc. Type | Payment Term | Document Amount |
|---|---|---|---|---|
| **Circuit City Inc** | | | | |
| 90494159 | 05/30/2008 | Customer Invoice | Net due in 30 days | 154.10- |
| 90629832 | 09/01/2008 | Customer Invoice | Net due in 30 days | 227,820.12 |
| 90674930 | 10/01/2008 | Customer Invoice | Net due in 30 days | 216,455.98 |
| 90708448 | 11/01/2008 | Customer Invoice | Net due in 30 days | 214,423.00 |

Balance on key date 11/11/2008
658,545.00

NOTE: All open payments from prior months are combined into a single open payment balance in the current month.



Payment Information
Please remit checks to:            Remit wires to:                    Remit via Credit Card:
Shopping.com                       Wells Fargo Bank                   Online at https://merchants.shopping.com
Dept. 9354                         ABA#: 121000248                    Or complete the following and FAX to 650-616-6510.

 | Shopping.com.
8000 Marina Blvd., 3rd Floor
Brisbane, CA 94005

# Invoice

## Billing Address

Circuit City Inc
Nancy Moore
9954 Mayland Dr.
Richmond VA  23233

Customer ID: 9270

## Information

| | |
|---|---|
| Document Number | 90725711 |
| Document Date | 11/10/2008 |
| PO No. | N/A |
| PO Date | |
| Sales Order Number | 649823 |
| Payment Terms | Net due in 30 days |
| Billing Date | 11/10/2008 |

**Paying Currency USD**

1 of 1

## Invoice Details

| Item | Description | Quantity | Amount |
|---|---|---|---|
| 0010 | Clicks Throughs For NOVEMBER 2008 | 60,538 | 44,127.84 |
| | | **Total Amount** USD | 44,127.84 |

Service charge of 1 5% per month will be added to invoices over 30 days.
Thank you for your business.

## Payment Information

| Please remit checks to: | Remit wires to: | Remit via Credit Card: |
|---|---|---|
| Shopping.com | Wells Fargo Bank | Or complete the following and FAX to 650-616-6510. |
| Dept. 9354 | ABA#: 121000248 | Credit Card number:_____ |
| Los Angeles, CA 90084-9354 | A/C Name: Shopping.com | Card Type:____CVNumber:____ Expiration date:____ |
| Attn: Accounts Receivables | A/C#: 4100155746 | Card Holder Name:_____ |
| | International wire:Please indicate in reference section "No Fee for Beneficiary" | Authorized signature:_____ |