Gregg M. Galardi, Esq.         Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.        Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE,          MCGUIREWOODS LLP
MEAGHER & FLOM, LLP            One James Center
One Rodney Square              901 E. Cary Street
PO Box 636                     Richmond, Virginia 23219
Wilmington, Delaware 19899-    (804) 775-1000
0636
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the
Debtors and Debtors in
Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL MOTION OF DEBTORS FOR ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a),
506(a), 507(a)(8), 541, AND 1129 AUTHORIZING THE
DEBTORS TO PAY PREPETITION SALES, USE, TRUST FUND
AND OTHER TAXES AND RELATED OBLIGATIONS**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 506(a), 507(a)(8), 541, and 1129 of title 11 of the United States Code (the "Bankruptcy Code") authorizing, but not directing, the Debtors to pay additional prepetition sales, use, trust fund and other taxes and related obligations.  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 506(a), 507(a)(8), 541, and 1129.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. On Petition Date, the Debtors filed various "first-day" pleadings, including a motion for entry of an order, pursuant to sections 105(a), 506(a), 507(a)(8), 541, and 1129 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing, but not directing, the Debtors to pay prepetition sales, use, trust fund and other taxes and related obligations (the "First Day Taxes Motion") (D.I. 7).  The First Day Taxes Motion is fully incorporated herein by reference.

5. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. On November 12, 2008, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

7. On November 12, 2008, this Court entered an order granting the First Day Taxes Motion (the "Taxes Order") (D.I. 110), authorizing, but not directing, the Debtors to pay all Taxes to the Taxing Authorities in an amount up to $22 million.

**RELIEF REQUESTED**

8. By this Motion, the Debtors request entry of an order, pursuant to Bankruptcy Code sections 105(a), 506(a), 507(a)(8), 541, and 1129 authorizing, but not directing, them to pay prepetition sales, use, and other similar "trust fund" taxes (the "Taxes") and similar obligations to the respective taxing or other appropriate authorities (the "Taxing Authorities") in an amount of approximately $13 million, in the ordinary course of the Debtors' business including, but not limited to, the payment of Taxes relating to tax audits that have been completed, are in

4

progress, or arise from prepetition periods.  Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes on any grounds they deem appropriate.

**BASIS FOR RELIEF**

9.   As set forth in more detail in the First Day Taxes Motion, the Debtors, in the ordinary course of their businesses, incur various Taxes.  In some cases, the Taxes are paid in arrears, and in other cases, they are remitted on an estimated basis and thereafter "trued up."

10.   In the First Day Taxes Motion, the Debtors requested authority to pay up to $22 million, which equaled the estimated amount of prepetition Taxes calculated as of October 31, 2008. However, between November 1, 2008 through and including November 9, 2008, the Debtors incurred additional Taxes in the amount of approximately $13 million.

11.   Although the First Day Taxes Motion did not seek authority to pay the additional $13 million requested herein, payment of such amount was contemplated by and included in the budget associated

with the Debtors' postpetition debtor in possession financing facility.

12. Because the Taxes incurred between November 1, 2008 through and including November 9, 2008 are of an identical nature to the Taxes for which relief was sought under the First Day Taxes Motion, the Debtors seek entry of an supplemental order authorizing, but not directing, them to pay the additional Taxes incurred prepetition.

**NOTICE**

13. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 136). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

14. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is

6

set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 25, 2008
       Richmond, Virginia

           SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
           Gregg M. Galardi, Esq.
           Ian S. Fredericks, Esq.
           P.O. Box 636
           Wilmington, Delaware 19899-0636
           (302) 651-3000

           - and -

           SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
           Chris L. Dickerson, Esq.
           333 West Wacker Drive
           Chicago, Illinois 60606
           (312) 407-0700

           - and -

           MCGUIREWOODS LLP

           __/s/ Douglas M. Foley_____
           Dion W. Hayes (VSB No. 34304)
           Douglas Foley (VSB No. 34364)
           One James Center
           901 E. Cary Street
           Richmond, Virginia 23219
           (804) 775-1000

           Proposed Counsel for Debtors and Debtors in Possession