Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Proposed Counsel to the Debtors  
and Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - - x  
                              :  
In re:                        :   Chapter 11  
                              :  
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)  
et al.,                       :  
                              :  
            Debtors.          :   Jointly Administered  
- - - - - - - - - - - - - - - x  

**DEBTORS' MOTION FOR ADMINISTRATIVE ORDER UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 331
ESTABLISHING INTERIM COMPENSATION PROCEDURES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1]

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,

hereby move for entry of an order, under sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of professional expenses during these cases (the "Motion"). In support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 331.

## BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including

---

Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of Bruce H. Besanko, Executive Vice President and Chief Financial Officer of Circuit City Stores, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "Besanko Declaration"), which is fully incorporated herein by reference.[2]

3.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.   No trustee or examiner has been appointed in these chapter 11 cases.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

**RETENTION OF PROFESSIONALS**

5.   The Debtors, under Bankruptcy Code section 327, are seeking authority to retain and employ (i) Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") as general restructuring counsel; (ii) McGuireWoods LLP

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

3

("McGuireWoods") as local restructuring counsel; (iii) Kirkland and Ellis LLP ("K&E") as special financing counsel; (iv) FTI Consulting, Inc. ("FTI") as financial advisor; (v) Rothschild Inc. ("Rothschild") as financial advisor; and (vi) Ernst & Young LLP ("E&Y") as tax advisor.  The Debtors anticipate that they may need to retain other professionals in these cases under Bankruptcy Code section 327, which professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion.  In addition, the Committee and any other statutory committee of unsecured creditors or equity holders that may be appointed in these cases (collectively, the "Committee(s)") likely will retain counsel and other professionals under Bankruptcy Code section 1103 to assist in the performance of its statutory duties (such professionals collectively with Skadden, McGuireWoods, K&E, FTI, Rothschild, E&Y, and any other professionals the Debtors subsequently seek to retain, the "Professionals").

    6. As detailed below, the proposed procedures set forth herein will permit each

4

Professional to serve a monthly fee request on the Debtors, the U.S. Trustee, counsel to the Debtors' prepetition and postpetition secured lender ("Bank of America"), counsel to the Committee(s) and certain other interested parties for interim approval and allowance of fees for services rendered and expenses incurred by each Professional during the immediately preceding month (the "Compensation Period").

## RELIEF REQUESTED

7.  By this Motion, the Debtors request the entry of an order authorizing and establishing the procedures for compensating and reimbursing Professionals on a monthly basis, comparable to those procedures established in other chapter 11 cases filed in the Eastern District of Virginia.  See, e.g., In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Jan. 10, 2007); In re Movie Gallery, Inc., Case No. 07-33849 (Bankr. E.D. Va. Nov. 9, 2007).  Such an order would enable the Court, the U.S. Trustee, and all other parties to effectively monitor Professionals' fees and expenses incurred in these cases.

**BASIS FOR RELIEF**

8. The proposed procedures specifically provide for the monthly payment of compensation and reimbursement of expenses of Professionals to be structured as outlined in <u>Exhibit A</u> attached to the proposed order.[3]

9. The procedures suggested in <u>Exhibit A</u> will enable all parties to closely monitor costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

10. The Debtors further request that each member of the Committee(s) in these cases be permitted to submit statements of expenses (excluding Committee member counsel fees and expenses) and supporting vouchers to counsel for the Committee(s), and counsel for the Committee(s) shall collect and file such requests for reimbursement in accordance with the foregoing procedures for monthly and interim compensation and reimbursement of the Professionals.

---

[3] All time periods referenced in this motion and attached exhibits shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6

11. The Debtors further request that the Court limit the notice of hearings to consider interim and final fee applications to: (a) the Notice Parties and (b) all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.  Such notice should reach the parties most active in these cases and will save the expense of undue duplication and mailing.

**APPLICABLE AUTHORITY**

12. Bankruptcy Code section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

13. Bankruptcy Code section 105(a) provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Id. § 105(a).

14. As already noted, procedures for compensating and reimbursing court-approved professionals have been established in other large chapter 11 cases in this District. Such procedures are necessary to avoid having professionals fund the chapter 11 case. See In re Int'l Horizons, Inc., 10 B.R. 895, 897 (Bank. N.D. Ga. 1981). Appropriate factors to consider when deciding whether to approve interim compensation procedures such as those proposed here include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." Id. at 897. Here, the Debtors' chapter 11 cases are both large and complex and the Professionals have devoted, and likely will continue to devote, significant amounts of time to achieving a successful reorganization of the Debtors.

15. The Debtors submit that the procedures sought herein are appropriate given the size of the Debtors' estates and the anticipated complexity of these cases. For example, the Debtors generated approximately

$11.74 billion in revenue for fiscal year 2008 and, at the outset of their Cases the Company operated approximately 712 Superstores and 9 outlet stores under the Circuit City name throughout the United States and Puerto Rico.  In addition, through certain non-debtor subsidiaries, the Debtors conduct retail operations in Canada.  In conjunction with the commencement of these cases, these subsidiaries commenced proceedings under the Companies' Creditors Arrangement Act, which has required and will require resolution of significant cross-border issues.  These facts, when coupled with the Debtors ongoing operational restructuring, justify implementation of the procedures sought herein.

### NOTICE

16.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

17. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 25, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession