Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
<u>et</u> <u>al</u>.,         :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**

Upon the motion (the "Motion") of the Debtors[1]

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott

*(cont'd)*

for entry of an order under Bankruptcy Code sections 105(a) and 331, establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis; and due and sufficient notice of the Motion[2] having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals, all professionals in these cases

---

*(cont'd from previous page)*
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

may seek interim compensation in accordance with the procedures set forth in <u>Exhibit A</u> attached hereto.

      3.    Each member of any Committee (once appointed) shall be permitted to submit statements of expenses and supporting vouchers to counsel to such Committee, which shall collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals; <u>provided</u>, <u>however</u>, that all Committee members' requests for reimbursement of such Committee members' attorneys' fees or expenses must be made by separate application and scheduled for hearing upon proper notice.

      4.    All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

      5.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

      6.    This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          November [_], 2008

---

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that that the proposed order has been served upon or endorsed by all necessary parties.

                         _/s/ Douglas M. Foley___
                            Douglas M. Foley

**Exhibit A**
(Interim Compensation Procedures)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :    Jointly Administered
            Debtors.          :
                              :
- - - - - - - - - - - - - - - x

**CIRCUIT CITY STORES, INC. INTERIM COMPENSATION
PROCEDURES**

   On the date that is no earlier than the 10th day of each month following the month for which compensation is sought, each Professional will serve a Monthly Fee Request, which need not include a narrative, but must include time and expense detail, on the following parties (collectively, the "Notice Parties"): (i) Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233 (Attn: Bruce H. Besanko, Executive Vice President and Chief Financial Officer; and Reginald D. Hedgebeth, Secretary and General Counsel); (ii) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899 (Attn: Gregg M. Galardi, Esq.), counsel to the Debtors; (iii) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219 (Attn: Dion W. Hayes, Esq.), local restructuring counsel to the Debtors; (iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, Virginia (Attn: Robert B. Van Arsdale); and (v) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100 (Attn: Jeff Pomerantz), counsel to the official committee of unsecured creditors (the "Committee") appointed in these chapter 11 cases.

          (a)   Each Notice Party will have twenty (20) days after service of a Monthly Fee Request to review the request.  Upon the expiration of the 20 day period, the Debtors will promptly pay each Professional

its "Actual Interim Payment" equal to the lesser of (i) 85% of the fees and 100% of the expenses requested in the Monthly Fee Request (the "Maximum Payment") or (ii) 85% of the fees and 100% of the expenses not subject to an objection.

(b)    If any Notice Party objects to a Professional's Monthly Fee Request, the objecting party shall, within twenty (20) days of service of the Monthly Fee Request, serve upon the respective Professional and each of the Notice Parties a written "Notice of Objection to Monthly Fee Request" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtors shall promptly pay 85% of the agreed upon fees and 100% of the agreed upon expenses.  If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Notice Parties.  Thereafter, the Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(c)    Beginning with the three-month period ending on January 31, 2009, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals must file with the Court and serve on the Notice Parties an interim fee application (the "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Requests served during such period.  The Interim Fee Application must include a narrative discussion, as well

2

as a summary of the Monthly Fee Requests that are the subject of the application and appropriate time and expense detail.  Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002.  Parties will have twenty (20) days after service of an Interim Fee Application to object thereto.  Each Professional must file its Interim Fee Application within 45 days after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including January 31, 2009.  Any Professional that fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses with respect to any subsequent Interim Fee Period until such time as an Interim Fee Application is filed and served by the Professional.

(d)   The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, with the first hearing to be held between April 1, and April 30, 2009.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 15% holdback) and expenses not previously paid.

(e)   The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

3

(f) Neither the payment of nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection, will bind any party-in-interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals under these compensation procedures are subject to disgorgement until final allowance by the Court.

4