| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              : Tax ID No. (54-0493875)
              Debtors.        :
                              : Jointly Administered
                              :
                              : Hearing Date: December 5, 2008,
                              : at 10:00 a.m. (Eastern)
                              : Objections Due: December 3,
- - - - - - - - - - - - - - - x 2008, at 4:00 p.m. (Eastern)
```

**MOTION OF DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 502, AND BANKRUPTCY RULE 2002,
3003(c)(3), AND 9007 (I) SETTING GENERAL BAR DATE AND
PROCEDURES FOR FILING PROOFS OF CLAIM, AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") this Court for entry of an order pursuant to sections 105 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 3003(c)(3), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) setting a general bar date and procedures for filing proofs of claim, and (ii) approving the form and manner of notice thereof.  In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

       2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 502.  Such relief is warranted pursuant to Bankruptcy Rules 2002, 3003(c)(3), and 9007.

## BACKGROUND

       3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of Bruce H. Besanko, Executive Vice President and Chief Financial Officer of Circuit City Stores, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "Besanko Declaration"), which is fully incorporated herein by reference.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Besanko Declaration.

4.	The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.	No trustee or examiner has been appointed in these chapter 11 cases.  On November 12, 2008, an Official Committee of Unsecured Creditors was appointed.

### RELIEF REQUESTED

6.	By this Motion, the Debtors seek entry of an order (i) fixing January 30, 2009 at 5:00 p.m. (Pacific) as the general bar date (the "General Bar Date") within which certain proofs of claim against the Debtors listed on Exhibit 1 attached hereto, must be filed; and (ii) establishing General Bar Date procedures. In addition, this Motion seeks approval of the Debtors' proposed notice of the General Bar Date (the "General Bar Date Notice"), substantially in the form attached to the Proposed Order granting the Motion as Exhibit 1.

7.	The Debtors request that proofs of claim be filed by creditors of any of the Debtors on account of any claim (as defined in 11 U.S.C. § 101(5)) <u>arising before the Petition Date</u> (each a "Claim" and collectively, the "Claims").  Nevertheless, the Debtors

4

propose that creditors holding or wishing to assert the following types of claims (the "Excluded Claims") against the Debtors need not file a proof of claim:

    (i)    Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

    (ii)    Claims on account of which a proof of claim has already been properly filed with the Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; <u>provided</u>, <u>however</u>, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) are not Excluded Claims;

    (iii)    Claims previously allowed or paid pursuant to an order of the Court;

    (iv)    Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(2) as expenses of administration;

    (v)    Claims of Debtors against other Debtors;

    (vi)    Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

    (vii)    Claims related to the Debtors' gift cards purchased prior to the Petition Date.

8. **Exclusion of Proofs of Interest in Debtors From General Bar Date.** The Debtors also request that any holder of an interest in any of the Debtors (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest. Notwithstanding the foregoing, (i) any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date and (ii) any Interest Holder who is a governmental unit and wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale

of the Interests, must file a proof of claim on or prior to the Governmental Bar Date..[3]

9.  Further, the Debtors request that proofs of claim for any rejection damages claims arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during these Bankruptcy Cases be filed by the latest of (a) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another Order of the Court, or (c) the General Bar Date. Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the General Bar Date.

10.  For administrative convenience and cost savings, the General Bar Date Notice contains notice of the General Bar Date for all of the Debtors' cases. Nevertheless, because each proof of claim must be filed against a particular Debtor, the General Bar Date Notice

---

[3] The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of interest.

explains the requirements that all proofs of claim name the specific Debtor against which a creditor asserts a claim and that a proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653. These requirements will make the Debtors' claim analysis more efficient and less costly to their estates.

11. **Debtors' Reservation of Rights**. The Debtors shall retain the right to (a) dispute, or assert offenses or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that if the Debtors amend the Schedules to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected claimant shall have until the later of (i) the General Bar Date or (ii) thirty (30) days after the date that said claimant is served with notice of the amendment to file a proof

of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim. Notwithstanding the foregoing, nothing set forth herein would preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

12. To provide ample time for (i) mailing thousands of Bar Date Notices and (ii) allowing the Debtors' creditors a reasonable opportunity to prepare and file proofs of claim, the Debtors are requesting that this Court fix January 30, 2009 as the General Bar Date, with notices to be mailed no later than December 19, 2008. A January 30, 2009 General Bar Date and a December 19, 2008 mailing date will allow a period of over thirty (30) days for creditors to file proofs of claim, which is more than sufficient notice of the General Bar Date.

13. Pursuant to Bankruptcy Rule 3003(c) and Bankruptcy Code section 502(b)(9), the Debtors request that any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors be

required to file, on or before 5:00 p.m. (Pacific) on February 27, 2009(the "Governmental Bar Date") a separate, completed, and executed proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such claims in accordance with the procedures set forth below.

14.  Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors intend (i) to mail the General Bar Date Notice to all known creditors, interest holders and U.S. state escheat or unclaimed property offices by December 30, 2008, and (ii) to publish a notice in a form substantially similar to the General Bar Date Notice in the Richmond Times Dispatch and the national edition of the Wall Street Journal, and such other regional newspapers as the Debtors, in their sole discretion, deem appropriate no later than December 19, 2008.  As a result, creditors of the Debtors will have in excess of the twenty-day period prescribed by Bankruptcy Rule 2002(a)(7) for notice of the General Bar Date.

15.  **Form of Proofs of Claims**.  The Debtors propose to serve with the General Bar Date Notice a proof of claim form that is substantially similar to

Official Form No. 10 (the "Proof of Claim Form"). The Debtors shall also serve the General Bar Date Notice.

16. **Procedure for Filing Proofs of Claim.** The Debtors request that, for any proof of claim to be validly and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation,[4] be required to be delivered to the Debtors' claims and noticing agent, (the "Claims Agent"), at the address set forth on the General Bar Date Notice so as to be received no later than 5:00 p.m., Pacific Time, on the applicable bar date. The Debtors propose that creditors be permitted to submit proofs of claim in person, by courier, hand delivery or by mail, but not by facsimile or other electronic means. Proofs of claim shall be deemed filed when actually received by the Claims Agent. If a creditor wishes to receive acknowledgment of the Claims Agent's receipt of such creditor's Proof of Claim Form, such creditor must

---

[4] The Debtors propose that a creditor's proof of claim may be filed without the writings upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any party in interest in these cases, any such creditor shall be required to transmit such writings promptly to the Debtors or the other party in interest, but in no event later than 10 days from the date of such request.

submit a copy of the applicable Proof of Claim Form and a self-addressed, stamped envelope.

       17.  **Consequences of Failure to File Proof of Claim.**  Any creditor that is required to file but fails to file a proof of claim for its claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from:  (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

**APPLICABLE AUTHORITY**

18. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." The Debtors now seek to establish a General Bar Date to determine what, if any, claims are asserted against the Debtors in addition to those that will be listed on the Schedules and Statements.

19. Pursuant to Local Bankruptcy Rule 3001-1(A), "[t]he last date for the filing of claims, other than a claim of a governmental unit, in a chapter 11 case shall be ninety days after the date first scheduled for the meeting of creditors." The Court, however, retains discretion, to set the claims bar date at some other time on request of the debtors. See <u>In re US Airways, Inc.</u>, 2005 WL 3676186, at *2 n.6 (Bankr. E.D. Va. 2005) ("In this district, <u>unless the court sets some other date on motion of a party in interest</u>, the claims bar date for non-governmental creditors is set by local rule at 90 days after the [scheduled creditors' meeting]") (emphasis added). Indeed, requiring the Court to set the claims bar date at ninety days after

the first scheduled meeting creditors would contravene the plain language of Bankruptcy Rule 3003(c), which grants the Court considerable discretion to set the claims bar date.

20. The claims bar date is an important component of the reorganization process. The claims bar date allows the debtors to quickly and efficiently identify liabilities of the estate and develop a plan of reorganization. Prolonging the identification and evaluation of claims against the estate results in delay that potentially harms the Debtors' reorganization prospects. See In re Intelligent Med. Imaging, Inc., 262 B.R. 142, 146 (Bankr. S.D. Fla. 2001); see also In re US Airways, Inc., 2005 WL 3676186, at *2.

21. Establishing the claims bar date earlier than ninety days from the date of the first scheduled meeting of creditors will not prejudice the Debtors' creditors. Subject to the approval of the Court, the Debtors intend to provide notice of the claims bar date to creditors and other parties in interest, which notices clearly identify the deadline for filing proofs of claim. Moreover, the Debtors will publish notice of

the claims bar date in the national edition of the Wall Street Journal and local and regional publications such as the Richmond Times Dispatch. Creditors of the Debtors will accordingly have in excess of the twenty-day period prescribed by Bankruptcy Rule 2002(a)(7) for notice of the General Bar Date. Additionally, given the size and notoriety of these cases, creditors will have additional notice of the filing and General Bar Date.

22.    In addition, Bankruptcy Code sections 105, and 502 and Bankruptcy Rule 9007 together permit the Court to approve the proposed general claim filing procedures and to approve the form, manner and sufficiency of notice of the General Bar Date and the procedures for filing such claims. The Debtors submit that, for the reasons set forth above, approval of the proposed procedures for filing proofs of claim and the form, manner and sufficiency of notice of such procedures and the General Bar Date should be granted.

23.    In this instance, the Debtors have provided adequate notice of this Motion and will provide sufficient notice of the General Bar Date to all creditors and parties-in-interest. In addition, the

establishment of a bar date is a critical element in order for the Debtors to develop a plan of reorganization and exit from these chapter 11 cases as quickly as possible.  Accordingly, it is in the best interests of the Debtors and their estates for the Court to grant the relief requested herein.

### WAIVER OF MEMORANDUM OF LAW

24.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

25.  No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 25, 2008
       Richmond, Virginia

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

17

**EXHIBIT 1**

**Debtors and Debtors in Possession**

```
Circuit City Stores, Inc.
Abbott Advertising Agency, Inc.
Circuit City Stores West Coast, Inc.
CC Distribution Company of Virginia, Inc.
Circuit City Properties, LLC
Patapsco Designs, Inc.
Ventoux International, Inc.
Sky Venture Corporation
PRAHS, INC.
XS Stuff, LLC
Kinzer Technology, LLC
Circuit City Purchasing Company, LLC
Orbyx Electronics, LLC
InterTAN, Inc.
CC Aviation, LLC
Courchevel, LLC
Circuit City Stores PR, LLC
Mayland MN, LLC
```

6707501_1