IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                             :
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653-KRH
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x


**ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING
BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES,
(II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND
APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY
LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES,
(B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE
<u>REJECTION PROCEDURES</u>**

Upon consideration of motion, dated November 25, 2008

(the "Motion")[1] of Circuit City Stores, Inc. and certain of

its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the

"Debtors"), for orders under sections 105(a), 363 and 365

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i)

approving the bidding and auction procedures for sale of

certain nonresidential real property leases set forth

herein and attached hereto as <u>Exhibit 1</u> (the "Bidding

---

[1]    Capitalized terms not otherwise defined herein shall have the
       meanings ascribed to them in the Motion.

Procedures"), (ii) setting a date for the sale hearing,
and (iii) authorizing and approving (a) the sale (the
"Sale") of certain unexpired nonresidential real property
leases (the "Leases") free and clear of liens, claims, and
encumbrances, (b) the assumption and assignment of certain
executory contracts and unexpired leases, and (c) lease
rejection procedures for any leases that are not sold in
connection with the foregoing; and upon the record of the
hearing held on December 5, 2008 (the "Bidding And
Rejection Procedures Hearing"); and after due deliberation
thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over this matter
and over the property of the Debtors and their respective
bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.    This matter is a core proceeding pursuant to
28 U.S.C. § 157(b).

C.    Venue of these cases and the Motion in this
district is proper under 28 U.S.C. § § 1408 and 1409.

D.    The relief requested in the Motion and
granted herein is in the best interests of the Debtors,

---

[2]      Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

their estates, their stakeholders, and other parties-in-interest.

E.   The notice of the Motion and the Bidding And Rejection Procedures Hearing given by the Debtors constitutes due and sufficient notice thereof.

F.   The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) set the date of the Sale Hearing, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Leases, (iv) approve the form of notice of the Motion and the Sale Hearing, (v) approve procedures with respect to objections to Proposed Cure Amounts (as defined below) and to the assumption and assignment of the Leases to be filed with the Court and served on the non-Debtor counterparties thereto including, and (vi) approve the rejection procedures.

G.   The Bidding Procedures and the rejection procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is hereby approved.

3

2.    The Bidding Procedures, substantially in the form as set forth on Exhibit 1 attached hereto, including the bid deadline set forth therein, and incorporated herein by reference as if fully set forth herein, are hereby approved.

3.    Pursuant to the Bidding Procedures, the Debtors may, among other things: (i) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer for a Lease or Leases, or (ii) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid which, in the Debtors sole discretion, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Debtors, their estates, and their stakeholders.  The Debtors are authorized to terminate the bidding process or the Auction at any time if they determine, in their business judgment, that the bidding process will not maximize the value of the Lease to be realized by the Debtors' estates.

4.    The Court shall hold a final hearing on December 22 at 10:00 a.m. (prevailing Eastern time) (the "Sale Hearing") in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street,

4

Room 5000, Richmond, VA 23219 at which time the Court shall

consider the disposition of the Leases pursuant to the

terms and conditions set forth in the Motion, approve the

Successful Bidder(s) for the respective Lease(s), and

confirm the results of the Auction, if any.  The Sale

Hearing or any portion thereof, such as with respect to the

proposed assumption and assignment of a particular Lease,

may be adjourned by the Debtors from time to time without

further notice to creditors or parties-in-interest other

than by announcement of the adjournment in open court or on

the Court's calendar on the date scheduled for the Sale

Hearing or any adjourned date.

        5.   Pursuant to the Sale Motion, the Debtors

proposed cure amounts with respect to the Leases (the

"Proposed Cure Amounts"). To the extent that the Landlord

fails to object or otherwise respond to the Proposed Cure

Amount on or before December 10, 2008 (the "Cure

Objection"), the Proposed Cure Amount shall constitute the

sole amount necessary under sections 365(b)(l)(A) and (B)

and 365(f)(2)(A) of the Bankruptcy Code to cure all

defaults and pay all actual pecuniary losses under the

Lease and such party is forever barred and enjoined from

asserting a cure amount different from that set forth on

Exhibit B to the Sale Motion (except for any amounts

accruing from the Petition Date through the date of assignment of the Lease). To the extent that the Landlord has lodged a timely and valid objection to the Proposed Cure Amount, such objection will be resolved either at the Sale Hearing or such later date as may be determined by the Court. The Debtors shall pay the cure amount for the Lease (the "Cure Amount") as soon as practicable following the later of (i) the Closing, (ii) the Debtor and the Landlord reaching an agreement as to the appropriate Cure Amount, or (iii) if necessary, the entry of an order by the Court fixing the Cure Amount. Under no condition shall the purchaser of a Lease have any direct or indirect responsibility relative to the payment of the Cure Amount. Compliance with this Paragraph of the order constitutes payment of the Cure Amount as otherwise provided in this order.

6.    The Debtors are authorized to provide a notice, substantially in the form attached to the Sale Motion as Exhibit C (the "Potential Purchaser Notice"), to counterparties to a Lease for which a Qualified Bidder(s) has been identified which will identify the potential bidders as potential parties to which the Leases would be assigned (the "Potential Purchasers") on or before December 16, 2008 at 3:00 p.m. (prevailing Eastern time). The

Debtors shall concurrently post a list of Leases subject to Potential Purchaser Notices on the website for the Debtors' claims and noticing agent, www.kccllc.net/circuitcity, as well as the website for the Debtors' Real Estate Advisor.

7.     Counterparties to Leases who wish to contest the assumption and/or assignment of a Lease by a Potential Purchaser on adequate protection or other grounds must file an objection to the assumption and/or assignment of the Leases (other than objections with respect to cure or the rejection procedures described above, which must be filed by December 10, 2008 and December 3, 2008 respectively, as set forth above) by December 20, 2008 at 4:00 p.m. (prevailing Eastern time).  Such objections must state, with specificity, the legal and factual basis of any objection and be filed and served in accordance with the Filing Procedures (as defined herein).  Any such timely filed and valid objections will be resolved, as necessary, either at the Sale Hearing or such later date as may be scheduled by the Court.

8.     If a non-Debtor counterparty to any Lease that is subject to Potential Purchaser Notice fails to file and serve an objection in accordance with the instructions in the Potential Purchaser Notice and this Order, the Court

may authorize the assumption and assignment of the
applicable Lease at the Sale Hearing.

9.   Any Lease for which no Potential Purchaser
has been identified, and for which no Potential Purchaser
Notice has been provided, shall be deemed rejected as of
December 31, 2008.  Any Lease that is initially subject to
a Potential Purchaser Notice but which the Debtors
ultimately elect not to sell shall be deemed rejected as of
the date of the Sale Hearing.  A schedule of any such
Leases shall be attached to the Sale Order.

10.   Upon the failure to consummate a sale of a
Lease or Leases because of a breach or failure on the part
of the Successful Bidder with respect to such Lease or
Leases, the Debtors are authorized to, and shall retain the
bidder's deposit as liquidated damages, and the next
highest or best Qualified Bidder, with respect to such
Lease or Leases, shall be deemed the Successful Bidder and
shall consummate the sale of the Lease without further
order of the Court.

11.   The Debtors are authorized to enter into
lease termination agreements with the Landlords.  Approval
of the lease termination agreements shall be considered at
the Sale Hearing or on such other date agreed upon by the
parties.

12.   Any personal property remaining at a closing store location as of the date that an assignment or termination of the respective Lease is effective may, at the sole discretion of the Debtors, be deemed abandoned to the Landlord, if the Lease if rejected, or to the assignee, if the Lease is assumed and assigned.  The Landlord or the assignee may retain or dispose of such property without liability or claim by any third party.

13.   Any and all objections as contemplated by the Bidding Procedures and this order must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (c) be filed with Bankruptcy Court and (d) served in accordance with the Case Management Order so as to be **received** on or before the appropriate deadline as set forth above or in the Bidding Procedures.

14.   The failure of any objecting person or entity to timely file and serve its objection by the appropriate objection deadline shall be a bar to the

9

assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, and the Debtors' transfer of the Leases free and clear of liens, claims, and encumbrances, with the exception of any objection to the conduct of the Auction or the Debtors selection of a Successful Bidder, which may be made two business days following the end of the Auction or at the Sale Hearing, whichever is earlier.

15.   Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

16.   This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  Richmond, Virginia
        December ___, 2008

_____
THE HONORABLE KEVIN R.
HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


__/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that that the proposed order has been
served upon or endorsed by all necessary parties.


                    _/s/ Douglas M. Foley_____
                    Douglas M. Foley

## Exhibit 1

Bidding Procedures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                  :
In re:                            :    Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :    Case No. 08-35653-KRH
et al.,                           :
                                  :
            Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - x


**ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING
BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES,
(II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND
APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY
LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES,
(B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE
REJECTION PROCEDURES**

Upon consideration of motion, dated November 25, 2008

(the "Motion")[1] of Circuit City Stores, Inc. and certain of

its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the

"Debtors"), for orders under sections 105(a), 363 and 365

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 6004, 6006, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i)

approving the bidding and auction procedures for sale of

certain nonresidential real property leases set forth

herein and attached hereto as Exhibit 1 (the "Bidding

---

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to them in the Motion.

Procedures"), (ii) setting a date for the sale hearing,
and (iii) authorizing and approving (a) the sale (the
"Sale") of certain unexpired nonresidential real property
leases (the "Leases") free and clear of liens, claims, and
encumbrances, (b) the assumption and assignment of certain
executory contracts and unexpired leases, and (c) lease
rejection procedures for any leases that are not sold in
connection with the foregoing; and upon the record of the
hearing held on December 5, 2008 (the "Bidding And
Rejection Procedures Hearing"); and after due deliberation
thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over this matter
and over the property of the Debtors and their respective
bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.    This matter is a core proceeding pursuant to
28 U.S.C. § 157(b).

C.    Venue of these cases and the Motion in this
district is proper under 28 U.S.C. § § 1408 and 1409.

D.    The relief requested in the Motion and
granted herein is in the best interests of the Debtors,

---

[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

2

their estates, their stakeholders, and other parties-in-interest.

  E. The notice of the Motion and the Bidding And Rejection Procedures Hearing given by the Debtors constitutes due and sufficient notice thereof.

  F. The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) set the date of the Sale Hearing, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Leases, (iv) approve the form of notice of the Motion and the Sale Hearing, (v) approve procedures with respect to objections to Proposed Cure Amounts (as defined below) and to the assumption and assignment of the Leases to be filed with the Court and served on the non-Debtor counterparties thereto including, and (vi) approve the rejection procedures.

  G. The Bidding Procedures and the rejection procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

  THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

  1. The Motion is hereby approved.

2.    The Bidding Procedures, substantially in the form as set forth on Exhibit 1 attached hereto, including the bid deadline set forth therein, and incorporated herein by reference as if fully set forth herein, are hereby approved.

3.    Pursuant to the Bidding Procedures, the Debtors may, among other things: (i) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer for a Lease or Leases, or (ii) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid which, in the Debtors sole discretion, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (c) contrary to the best interests of the Debtors, their estates, and their stakeholders.  The Debtors are authorized to terminate the bidding process or the Auction at any time if they determine, in their business judgment, that the bidding process will not maximize the value of the Lease to be realized by the Debtors' estates.

4.    The Court shall hold a final hearing on December 22 at 10:00 a.m. (prevailing Eastern time) (the "Sale Hearing") in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street,

4

Room 5000, Richmond, VA 23219 at which time the Court shall

consider the disposition of the Leases pursuant to the

terms and conditions set forth in the Motion, approve the

Successful Bidder(s) for the respective Lease(s), and

confirm the results of the Auction, if any.  The Sale

Hearing or any portion thereof, such as with respect to the

proposed assumption and assignment of a particular Lease,

may be adjourned by the Debtors from time to time without

further notice to creditors or parties-in-interest other

than by announcement of the adjournment in open court or on

the Court's calendar on the date scheduled for the Sale

Hearing or any adjourned date.

5.    Pursuant to the Sale Motion, the Debtors

proposed cure amounts with respect to the Leases (the

"Proposed Cure Amounts"). To the extent that the Landlord

failed to object or otherwise respond to the Proposed Cure

Amount (the "Cure Objection"), the Proposed Cure Amount

shall constitute the sole amount necessary under sections

365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bankruptcy

Code to cure all defaults and pay all actual pecuniary

losses under the Lease and such party is forever barred and

enjoined from asserting a cure amount different from that

set forth on Exhibit B to the Sale Motion (except for any

amounts accruing from the Petition Date through the date of

5

assignment of the Lease).  To the extent that the Landlord
has lodged a timely and valid objection to the Proposed
Cure Amount, such objection will be resolved either at the
Sale Hearing or such later date as may be determined by the
Court.  The Debtors shall pay the cure amount for the Lease
(the "Cure Amount") as soon as practicable following the
later of (i) the Closing, (ii) the Debtor and the Landlord
reaching an agreement as to the appropriate Cure Amount, or
(iii) if necessary, the entry of an order by the Court
fixing the Cure Amount. Under no condition shall the
purchaser of a Lease have any direct or indirect
responsibility relative to the payment of the Cure Amount.
Compliance with this Paragraph of the order constitutes
payment of the Cure Amount as otherwise provided in this
order.

　　　　6.    The Debtors are authorized to provide a
notice, substantially in the form attached to the Sale
Motion as Exhibit C (the "Potential Purchaser Notice"), to
counterparties to a Lease for which a Qualified Bidder(s)
has been identified which will identify the potential
bidders as potential parties to which the Leases would be
assigned (the "Potential Purchasers") on or before December
16, 2008 at 3:00 p.m. (prevailing Eastern time).  The
Debtors shall concurrently post a list of Leases subject to

6

Potential Purchaser Notices on the website for the Debtors'
claims and noticing agent, www.kccllc.net/circuitcity, as
well as the website for the Debtors' Real Estate Advisor.

7.    Counterparties to Leases who wish to contest
the assumption and/or assignment of a Lease by a Potential
Purchaser on adequate protection or other grounds must file
an objection to the assumption and/or assignment of the
Leases (other than objections with respect to cure or the
rejection procedures described above, which must be filed
by December 3, 2008 as set forth above) by December 20,
2008 at 4:00 p.m. (prevailing Eastern time).  Such
objections must state, with specificity, the legal and
factual basis of any objection and be filed and served in
accordance with the Filing Procedures (as defined herein).
Any such timely filed and valid objections will be
resolved, as necessary, either at the Sale Hearing or such
later date as may be scheduled by the Court.

8.    If a non-Debtor counterparty to any Lease
that is subject to Potential Purchaser Notice fails to file
and serve an objection in accordance with the instructions
in the Potential Purchaser Notice and this Order, the Court
may authorize the assumption and assignment of the
applicable Lease at the Sale Hearing.

9.    Any Lease for which no Potential Purchaser
has been identified, and for which no Potential Purchaser
Notice has been provided, shall be deemed rejected as of
December 31, 2008.  Any Lease that is initially subject to
a Potential Purchaser Notice but which the Debtors
ultimately elect not to sell shall be deemed rejected as of
the date of the Sale Hearing.  A schedule of any such
Leases shall be attached to the Sale Order.

10.   Upon the failure to consummate a sale of a
Lease or Leases because of a breach or failure on the part
of the Successful Bidder with respect to such Lease or
Leases, the Debtors are authorized to, and shall retain the
bidder's deposit as liquidated damages, and the next
highest or best Qualified Bidder, with respect to such
Lease or Leases, shall be deemed the Successful Bidder and
shall consummate the sale of the Lease without further
order of the Court.

11.   The Debtors are authorized to enter into
lease termination agreements with the Landlords.  Approval
of the lease termination agreements shall be considered at
the Sale Hearing or on such other date agreed upon by the
parties.

12.   Any personal property remaining at a closing
store location as of the date that an assignment or

termination of the respective Lease is effective may, at
the sole discretion of the Debtors, be deemed abandoned to
the Landlord, if the Lease if rejected, or to the assignee,
if the Lease is assumed and assigned.  The Landlord or the
assignee may retain or dispose of such property without
liability or claim by any third party.

13.  Any and all objections as contemplated by
the Bidding Procedures and this order must (a) be in
writing, (b) conform to the Federal Rules of Bankruptcy
Procedure, the Local Bankruptcy Rules for the Eastern
District of Virginia, and the Order Pursuant to Bankruptcy
Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007,
and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing
Certain Notice, Case Management, and Administrative
Procedures (Docket No. 0130) (the "Case Management Order"),
(c) be filed with Bankruptcy Court and (d) served in
accordance with the Case Management Order so as to be
**received** on or before the appropriate deadline as set forth
above or in the Bidding Procedures.

14.  The failure of any objecting person or
entity to timely file and serve its objection by the
appropriate objection deadline shall be a bar to the
assertion, at the Sale Hearing or thereafter, of any
objection to the Motion, the Sale, and the Debtors'

transfer of the Leases free and clear of liens, claims, and
encumbrances, with the exception of any objection to the
conduct of the Auction or the Debtors selection of a
Successful Bidder, which may be made two business days
following the end of the Auction or at the Sale Hearing,
whichever is earlier.

       15.  Notwithstanding rules 6004(h), 6006(d),
7062, or 9014 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") or any other Bankruptcy Rule or
rule 62(a) of the Federal Rules of Civil Procedure, this
order shall be immediately effective and enforceable upon
its entry and there shall be no stay of execution of this
order.

       16.  This Court shall retain jurisdiction to hear
and determine all matters arising from the implementation
of this order.

Dated: Richmond, Virginia
       December ____, 2008

 

 

                           _____

                           THE HONORABLE KEVIN R.
                           HUENNEKENS
                           UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

Bidding Procedures