| | |
|---|---|
| Andrea Sheehan, Esq. | A. Carter Magee, Jr., Esq. |
| LAW OFFICES OF ROBERT E. LUNA, P.C. | W. Joel Charboneau, Esq. |
| 4411 N. Central Expressway | Magee, Foster, Goldstein & Sayers, P.C. |
| Dallas, Texas 75205 | Post Office Box 404 |
| (214) 521-8000 | Roanoke, Virginia 24003 |
| (214) 521-1738 FAX | (540) 343-9800 |
| sheehan@txschoollaw.com | (540) 343-9898 FAX |
| | cmagee@mfgs.com |
| | jcharboneau@mfgs.com |

ATTORNEYS FOR LEWISVILLE INDEPENDENT SCHOOL DISTRICT

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC., et al. | § | CASE NO. 08-35653-KRH-11 |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

**LIMITED OBJECTION OF LEWISVILLE INDEPENDENT SCHOOL DISTRICT TO DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§105, 361, 362, 363 AND 364 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 4001 (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING INTERIM AND <u>FINAL HEARINGS</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now comes Lewisville Independent School District (hereinafter "LISD"), and files this its Limited Objection to the "Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings"

(hereinafter the "Motion") and the entry of a Final Order, and would respectfully show the Court in support thereof the following:

1. LISD is a political subdivision of the State of Texas and, as such, levies and assesses ad valorem taxes on property located within its taxing jurisdiction. LISD holds claims for 2008 business personal property taxes, and is a secured creditor of Debtor's bankruptcy estate by virtue of its statutory tax liens. LISD estimates its claims to be $32,090.89. Pursuant to Texas law, on January 1, 2008, a lien automatically attached to Debtors' business personal property located within LISD's taxing jurisdiction to secure payment of all taxes, penalties, and interest ultimately imposed for the 2008 tax year. In re Winn's Stores, Inc., 177 B.R. 253 (Bankr. W.D. Tax. 1995). Texas Tax Code §32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> …

Pursuant to TEX. TAX CODE ANN. §32.05(c), LISD's secured tax liens, with limited exceptions not relevant in the case, "take[] priority over the claim of any creditor of a person whose property is encumbered by the lien[s] and over the claim of any holder of a lien on property encumbered by the tax lien[s], whether or not the debt or lien existed before the attachment of the tax lien[s]."  Therefore, LISD has first priority liens on the property. Furthermore, on January 1, 2009, LISD will hold a post-petition claim and first priority lien on Debtors' property located within LISD's taxing jurisdiction for any taxes ultimately assessed by LISD for the 2009 tax year.

2

2. LISD objects to the Motion to the extent that their liens are not adequately protected in accordance with 11 U.S.C.A. §364(d)(1)(B). Specifically, LISD objects to the Motion to the extent that the LISD's statutory tax liens are primed by the DIP and/or adequate protection liens granted by the Motion. LISD believes its 2008 tax lien qualifies as a Prior Permitted Lien under the Interim Order, but objects to the priming of its post-petition 2009 tax lien.

3. LISD further objects to the Motion to the extent that it provides that proceeds of the sale of collateral will go to the DIP lender without providing first for payment of taxes (or, in the alternative, segregation of funds sufficient to pay taxes) on the Collateral. LISD specifically objects to the provision in Paragraph 14 of the Interim Order that all products and proceeds of the DIP collateral shall be remitted directly to the DIP Agents. LISD's statutory tax liens are senior to the liens of the DIP lender, and, based upon priority of liens, proceeds of the sale of Collateral subject LISD's tax liens should go to payment of the tax debt first, prior to any payment to the DIP lender.

4. LISD requests that this Court treat this objection as a written memorandum of points and authorities or waive any requirement that this objection be accompanied by a written memorandum of points and authorities.

WHEREFORE, PREMISES CONSIDERED, Lewisville Independent School District hereby request that any order approving the Motion clarify that the statutory tax liens of LISD are not primed and provide that proceeds from the sale of collateral will go to payment of LISD's taxes prior to payment of the DIP and pre-petition lenders. LISD prays further for any such relief to which it may show itself justly entitled.

Respectfully submitted,

LEWISVILLE INDEPENDENT SCHOOL DISTRICT

/s/ A. Carter Magee, Jr.
A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
Phone: 540-343-9800
Fax: 540-343-9898


/s/ Andrea Sheehan
Andrea Sheehan, Esq.
Texas State Bar No. 24002935
LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 North Central Expressway
Dallas, Texas  75205
(214) 521-8000  Phone
(214) 521-1738  Fax

Attorney for Lewisville Independent School District

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the attached Limited Objection of Lewisville Independent School District via electronic delivery through the CM/ECF system, facsimile, and/or U.S. First Class Mail, this 26th day of November, 2008 to the parties listed below.

/s/ A. Carter Magee, Jr.

Kirkland & Ellis LLP
Attn: Linda K. Myers, Esq.
200 East Randolph Drive
Chicago, IL 60601
Fax:  312-861-2200

Skadden Arps Slate Meagher & Flom, LLP
Attn:  Gregg Galardi, Esq.
One Rodney Square
Wilmington, DE 19889
Fax: 888-329-3792

Skadden Arps Slate Meagher & Flom, LLP
Attn:  Chris L. Dickerson, Esq.
Fax: 312-407-8680

McGuireWoods LLP
Attn: Dion W. Hayes, Esq.
One James Center
901 East Cary Street
Richmond, VA 23219
Fax:  804-698-2078

McGuireWoods LLP
Attn: Douglas M. Foley
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510
Fax:  757-640-3957

Riemer & Braunstein LLP
Attn: David S. Berman, Esq.
Three Center Plaza
Boston, MA 02108
Fax:  617-880-3456

LeClair Ryan
Attn:  Bruce Matson, Esq.
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Fax:  804-789-7269

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Fax : 804-783-0178

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Fax : 804-771-2330