**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040
Kevin M. Newman, Esquire
James C. Thoman, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.,
Sangertown Square, L.L.C., EklecCo NewCo, LLC
and Fingerlakes Crossing, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------
In re:

| | |
|---|---|
| CIRCUIT CITY STORES, INC., *et al.* | Case No. 08-35653-KRH |
| | Jointly Administered |
| Debtors. | Chapter 11 Proceedings |

------------------------------------------------------------------

**Limited Objection to Entry of Final Order Pursuant to 11 U.S.C. Sections
105, 361, 362, 363, and 364 and Rules 2002, 4001 and 9014 of the Federal
Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of
Post-Petition Secured Indebtedness with Priority Over all Secured
Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3)
Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C.
Section 363 and Providing For Adequate Protection, (4) Modifying the
<u>Automatic Stay and (5) Scheduling a Final Hearing</u>**

Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo NewCo, LLC and Fingerlakes Crossing, LLC (the "Objecting Landlords"), by and through their attorneys, Menter, Rudin & Trivelpiece, P.C. and local counsel, Christian & Barton, L.L.P, respectfully submit this Limited Objection to the entry of a final order with respect to the above-referenced motion (the "DIP Financing Motion").

## Background

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords are parties to four leases of nonresidential real property with the Debtors (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Carousel Center Company, L.P. | Carousel Center | Syracuse, NY |
| Sangertown Square, L.L.C. | Sangertown Square Mall | New Hartford, NY |
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |
| Fingerlakes Crossing, LLC | Fingerlakes Crossing Shopping Center | Auburn, NY |

(collectively, the "Premises").

4. The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.   On November 10, 2008, the Debtors filed the DIP Financing Motion seeking interim and final orders: (i) to obtain post-petition credit and incur debt of up to $1,100,000,000 secured by first priority liens; (ii) authorizing entry into a certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement") between certain of the Debtors and Bank of America, N.A. (the "DIP Agent") and certain other lenders (collectively, the "DIP Secured Parties"); (iii) grant superpriortiy administrative claims to the benefit of the DIP Secured Parties; (iv) authorize the use of cash collateral (the "Cash Collateral"); (v) grant the pre-petition lenders replacement liens; (vi) modify the automatic stay to the extent necessary to implement the terms of the DIP Credit Agreement; and (vii) scheduling a final hearing.

6.   On November 10, 2008, the Court entered an interim order (the "Interim Order") granting the relief sought in the DIP Financing Motion and scheduling a final hearing on the DIP Financing Motion for December 5, 2008.  Objections to the entry of a final order on the DIP Financing Motion (the "Final Order") are to be received on or before November 28, 2008.

## Limited Objection

7.   The Objecting Landlords oppose the relief requested in the DIP Financing Motion as set forth in the Interim Order because the DIP Secured Parties' rights upon a default by the Debtors violate the Objecting Landlord's rights.

8.   While the Interim Order sufficiently limits the DIP Secured Parties liens on the Leases, to the extent the Final Order seeks to grant a lien on the Leases, such a pledge is prohibited by the Leases and is invalid.  The DIP Secured Parties cannot obtain any rights in the Leases through the Debtors' bankruptcy which they were not entitled to prior to the Debtors' filing.

9. During any event of default under the DIP Credit Agreement, and upon five (5) business days notice of the event of default provided only to the Debtors, counsel to the Debtors, counsel to the creditors' committee and the U.S. Trustee, the DIP Secured Parties "shall be entitled to exercise their rights and remedies in accordance with the DIP Financing Agreements." Interim Order, Pg. 32. The "DIP Financing Agreements" have not been provided to the Objecting Landlords for their review.

10. The Final Order should make clear that the DIP Secured Parties have no right to enter and occupy the Premises without: (i) prior written consent of the Objecting Landlords or (ii) an order from the Court following a motion on notice to the Objecting Landlords.

11. The Debtors cite to no authority, and the Objecting Landlords believe no authority exists, for this Court to grant the DIP Secured Parties the right to enter and occupy the Premises. The Objecting Landlords and their tenants are parties to the Leases. The DIP Secured Parties are not parties to the Leases. The Debtors may be asking this Court to create landlord/tenant relationships between non-debtor parties. Any final order should prohibit the DIP Secured Parties from entering and using the Premises except as set forth in Paragraph 10 above.

12. Through the approval of the DIP Credit Agreement, the Debtors appear to seek an impermissible extension of the deadline by which they must assume or reject their unexpired non-residential real property leases.

13. Section 365(d)(4) of the Bankruptcy Code provides:

> (4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

        (i) the date that is 120 days after the date of the order for relief; or

        (ii) the date of the entry of an order confirming a plan.

        (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

        (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. §365(d)(4) (West 2008).

14. The DIP Credit Agreement provides that the Debtors must obtain an order of the bankruptcy court extending the time to assume or reject leases to not less than 210 days from the Petition Date. *See* DIP Credit Agreement, Pg. 102. If the Debtors fail to obtain this extension they will be in default of their obligations under the DIP Credit Agreement. *See* DIP Credit Agreement, Pg. 112. Any approval of the DIP Credit Agreement must not constitute an extension of the Debtor's time to assume or reject the Leases and any Final Order should provide for same.

15. The Final Order should also reserve the Objecting Landlords' rights to oppose any request for an extension of time to assume or reject the Leases.

## **Joinder**

16. The Objecting Landlords join in the objections filed by other landlords to the DIP Financing Motion to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, the Objecting Landlords respectfully request that any final order granting the Financing Motion be modified pursuant to the terms of this Objection, or that the DIP Financing Motion be denied in its entirety, and that the Objecting Landlords be granted such other and further relief as the Court may deem just and proper.

Case 08-35653-KRH    Doc 423    Filed 11/26/08    Entered 11/26/08 11:09:33    Desc Main
Document    Page 6 of 7

Dated: November 26, 2008      **CHRISTIAN & BARTON, L.L.P.**

/s/ Jennifer M. McLemore
By:  Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esquire (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:  (315) 474-4040

*Attorneys for Carousel Center Company,*
*L.P., Sangertown Square, L.L.C.,*
*EklecCo NewCo, LLC*
*and Fingerlakes Crossing, LLC*

## CERTIFICATE OF SERVICE

That on the 26th day of November, 2008 I caused the Limited Objection to Entry of Final Order Pursuant to 11 U.S.C. Section 105, 361, 362, 363 and 364 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness with Priority Over all secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, (4) Modifying the Automatic Stay and (5) Scheduling a Final Hearing to be served upon the following:

Linda K. Myers, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Gregg Galardi, Esq.
Chris L. Dickerson, Esq.
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware 19889

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

David S. Berman, Esq.
Riemer &Y Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108

Bruce Matson, Esq.
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 308 Maltbie Street, Suite 200, Syracuse, New York 13204; and via the electronic case filing system.

/s/ Jennifer McLemore
Jennifer McLemore