| | |
|---|---|
| Elizabeth Banda | A. Carter Magee, Jr., Esq. (VSB #20284) |
| Yolanda Humphrey | W. Joel Charboneau, Esq. (VSB #68025) |
| Post Office Box 13430 | Magee, Foster, Goldstein & Sayers, P.C. |
| Arlington, Texas  76094-0430 | Post Office Box 404 |
| (817) 461-3344 | Roanoke, Virginia 24003-0404 |
| (817) 860-6509 FAX | (540) 343-9800 |
| ebanda@pbfcm.com | (540) 343-9898 FAX |
| yhumphrey@pbfcm.com | cmagee@mfgs.com |
| | jcharboneau@mfgs.com |

ATTORNEY FOR ARLINGTON ISD, ET AL.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC., et al. | | |
| | | Case No. 08-35653-KRH |
| | § | |
| | § | |
| Debtors. | | Jointly Administered |

**OBJECTION TO MOTION AND ENTRY OF FINAL ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361,362,363 AND 364 AND RULES 2002, 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING INCURRENCE BY THE DEBTORS OF POSTPETITION SECURED INDEBTEDNESS WITH PRIORITY OVER ALL SECURED INDEBTEDNESS AND WITH ADMINISTRATIVE SUPERPRIORITY, (II) GRANTING LIENS, (III) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 363 AND PROVIDING FOR ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COME Arlington ISD, Alief ISD, Baybrook MUD 1, Brazoria County, Brazoria County MUD #6, Burleson ISD, Carroll ISD, City of Cedar Hill, City of Hurst, City of Lake Worth, City of Wichita Falls, Clear Creek ISD, Fort Bend ISD, Fort Bend LID 2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C. Drainage District #1, Humble ISD, Lubbock

CAD, Midland County Tax Office, Potter County Tax Office, Tyler ISD, Wichita County, Wichita Falls ISD, Woodlands Metro MUD, and Woodlands RUD #1 ("Arlington ISD, et al.") and file this their OBJECTION TO MOTION AND ENTRY OF FINAL ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361,362,363 AND 364 AND RULES 2002, 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING INCURRENCE BY THE DEBTORS OF POSTPETITION SECURED INDEBTEDNESS WITH PRIORITY OVER ALL SECURED INDEBTEDNESS AND WITH ADMINISTRATIVE SUPERPRIORITY, (II) GRANTING LIENS, (III) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 363 AND PROVIDING FOR ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY (the "Motion") and state as follows:

1. Arlington ISD, et al. are political subdivisions of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all real and business personal property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property located within Arlington ISD, et. al.'s taxing jurisdictions on January 1, 2008 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .

Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2.Arlington ISD, et al. hold claims for approximately $571,394.48 for outstanding ad valorem taxes against real and business personal property of the Debtors. These claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code.

3.Arlington ISD, et al. object to the Motion to the extent that any liens of DIP lenders or other junior secured lien-holders attempt to prime Arlington ISD, et al.'s ad valorem tax liens. Arlington ISD, et al. assert their secured lien position would be compromised if their secured tax liens are not adequately protected. With certain limited exceptions, which are not applicable in this case, Section 32.05(c) of the Texas Property Tax Code states that secured tax liens have prior liens in the property. As such, Arlington ISD, et al. assert their secured liens, as prime liens, must be adequately protected and any order granting the Motion should reflect that Arlington ISD, et al.'s secured tax liens continue to attach to the collateral to secure the payment of said liens until all taxes, penalties, and interest that may ultimately accrue are paid in full pursuant to state law.

4.Arlington ISD, et al. further assert that any proceeds from any sale of real or business personal property that is encumbered by Arlington ISD, et al.'s ad valorem tax liens should be used to satisfy Arlington ISD, et al.'s secured tax liens prior to any DIP lenders or other junior secured lien-holders. In order to adequately protect their secured tax liens, Arlington ISD, et al. request that either their liens be paid at the time of any sale (store closing) that pertains to any of the real or business personal property encumbered by their secured tax liens, or, in the alternative, a separate escrow or segregated account be created at closing from the proceeds of any such related sale in a sufficient amount to cover the all ad valorem property taxes owed to Arlington ISD, et al. with their secured tax liens attaching to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

5.    Arlington ISD, et al. request that this Court treat this objection as a written memorandum of points and authorities or waive any requirement that this objection be accompanied by a written memorandum of points and authorities.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Arlington ISD, et al. request this Honorable Court to order that their secured ad valorem tax liens are not primed by junior secured lien-holders, that their ad valorem taxes are to be paid at the time of store closing of any real or business personal property encumbered by their secured ad valorem tax liens or, in the alternative, that a separate escrow or segregated account be created from any sales proceeds related to such encumbered property for the ad valorem taxes as adequate protection for the tax liens, and for all further relief as is just and proper.

Respectfully submitted,
ARLINGTON ISD, *et al.*

/s/ A. Carter Magee, Jr.

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
Phone: 540-343-9800
Fax: 540-343-9898

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.

Attorneys for Claimants

/s/ Elizabeth Banda

ELIZABETH BANDA
SBN: 24012238
YOLANDA HUMPHREY
SBN: 24009764
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: 817-461-3344
Fax: 817-860-6509

## **CERTIFICATE OF SERVICE**

   I do hereby certify that a true and correct copy of the above document was sent via regular U.S. first class mail and/or the Court's electronic case filing system to the following parties on this 26th day of November, 2008:

Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Attn: Linda K. Myers
Fax: (312) 861-2200

Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Wilmington, Delaware 19889
Attn: Gregg Galardi, Esq.
Fax: (888) 329-3792

Attn: Chris Dickerson, Esq.
Fax: (312) 407-8680

McGuireWoods LLP
One James Center
901 East Cary Street, 40
Richmond, Virginia 23219
Attn: Dion W. Hayes, Esq.
Fax: (804) 698-2078

Attn: Douglas M. Foley, Esq.
Fax: (757) 640-3957

Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
Attn: David S. Berman, Esq.
Fax: (617) 880-3456

LeClair Ryan
Riverfront Plaza East Plaza
951 East Byrd Street
Eight Floor
Richmond, Virginia 23219
Attn: Bruce Matson, Esq.
Fax: (804) 783-7269

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Fax : 804-771-2330

Counsel to Committee of Unsecured Creditors:
Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Fax : 804-783-0178

                                              /s/  A. Carter Magee, Jr.