John G. McJunkin, Esquire
J. David Folds, Esquire
Daniel J. Carrigan (Pro Hac Vice)
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Phone: 202-496-7312
Facsimile: 202-496-7094

Attorneys for Bethesda Softworks, LLC

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | * | **Chapter 11** |
| | * | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | **Case No. 08-35653 (KRH)** |
| | * | |
| Debtors. | * | (Jointly Administered) |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO MOTION OF DEBTORS FOR ORDER UNDER SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS ("DKT NO. 14"), INTERIM ORDER WITH RESPECT THERETO (DKT. NO. 133), AND RELATED MOTIONS/ORDERS (E.G., DKT. NOS. 19, 23, 78 and 107)**

Bethesda Softworks, LLC ("Bethesda Softworks" or "Claimant") hereby responds to Debtors' Motion, Dkt. No. 14 (the "Reclamation Motion") and Interim Order with respect thereto (Dkt. No. 133), and related Motions and Orders (including Dkt. Nos. 19, 23, 78 and 107, collectively, the "Related Motions"), and in support thereof respectfully states as follows:

**BACKGROUND**

1. The Debtors and/or certain of their subsidiaries, affiliates and/or agents (and, in particular, Circuit City Stores, Inc.) (the "Debtors") received computer and console video games

(the "Goods") described in and pursuant to the terms of a certain Master Dealer Agreement and Product Addendum and/or certain Purchase Orders (the "Purchase Orders") from Bethesda Softworks. The Debtors received all of such Goods within the last 45 days before the Petition Date. The total purchase price of such Goods was $3,848,875.72. Most of such Goods were received within 20 days before the Petition Date. The total purchase price of these Goods was $3,838,606.40.

2.      On November 10, 2008, prior to entry and service of this Court's Interim Order (Dkt. No. 133), a reclamation notice/demand (the "Notice") was delivered, via confirmed electronic mail to Mr. Tim Sifford, the Debtors' Business Team Lead Games, and via confirmed facsimile to Reginald D. Hedgebeth, Esq., the Debtors' SVP, General Counsel and Secretary, and Sarah K. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, one of the Debtors' counsel. True and correct copies of this Notice, with facsimile confirmations, are attached hereto and incorporated herein as Exhibit A. Upon information and belief, reports provided to Bethesda Softworks on a weekly basis by the Debtors in the ordinary course of business, should contain sufficient information to identify the Goods that were in the Debtors' possession on/about the Petition Date. No part of the purchase price for any of the Goods has been paid to Bethesda Softworks; except as set forth in the Reclamation Motion, the Debtors have not advised Bethesda Softworks whether, when or where the Goods retained by the Debtors would be returned.

## DISCUSSION

3.      With respect to Paragraphs 2 - 3 of this Court's Interim Order (Dkt. No. 133) (the "Interim Order"): the Debtors should be required - and not merely authorized - to pay obligations arising from the post-petition shipment or delivery of goods by creditors/vendors ("Vendors") to the Debtors, unless the Debtors and a Vendor agree otherwise.

DC:50587993.1

4. With respect to Paragraph 4 of the Interim Order: although certain of the provisions of Bankruptcy Code Section 546(h) governing the Debtors' return of goods to a Vendor are recited or paraphrased, there is no explicit reference to the Bankruptcy Code Section 546(h) requirement with respect to the consent of such Vendor; Paragraph 4 of the Interim Order should be clarified to make clear that any returns to a Vendor contemplated under Bankruptcy Code Section 546(h) at all times remain subject to the consent of the Vendor.  In addition, the Paragraph 4 authorization to return Goods to a Vendor is not limited to the 120 day period after the Petition Date - or any other period - but should be.

5. With respect to Paragraph 5 of the Interim Order:  the Interim Order was entered on November 13, 2008; Paragraph 5, subparagraphs (a) and (b) impose requirements for service, and for statements with respect to Bankruptcy Code Section 503(b)(9) Claims which are not provided for under Bankruptcy Code Section 546(c) and were apparently proposed by the Debtors to avoid inadvertent duplicate payments by the Debtors of reclamation and Section 503(b)(9) claims.  Such additional administrative requirements, however, should not govern the validity or effective date of a reclamation notice/demand, especially as to those Vendors, like Bethesda Softworks, which submitted reclamation notices/demands prior to entry and notice of the Interim Order on November 13, 2008, respectively.  Moreover, all otherwise timely reclamation demands should be effective upon the Petition Date with respect to goods in the Debtors' possession on that date.

6. With respect to Paragraph 5, subparagraphs (c) and (d) of the Interim Order:  (a) Viewed in a light most favorable to reclamation claimants, these subparagraphs seem to suggest a process under which the Debtors will have 120 days to complete their evaluation of each reclamation claim, after which the agreed upon amount will be satisfied in cash or by the return

of the goods sought to have been reclaimed as much as 4 months earlier.  Return of goods subject to a reclamation demand up to 4 months after the demand is made, lacks the immediacy contemplated by the reclamation remedy, particularly when the 4 month period encompasses the "peak" pre and post holiday selling seasons.

(b)    These two subparagraphs articulate no criteria pursuant to which the Debtors will determine, or agree upon, the allowed amount of a reclamation claim.  They require no disclosure of the bases for the Debtors' allowance or disallowance of, or agreement upon, a claim.  In addition, they include no provisions for Court or other review of the Debtors' determinations or agreements or for the disclosure of such determinations or agreements to other Vendors.  Bethesda Softworks submits that lack of transparency and the amount of discretion afforded the Debtors could result in similarly situated reclamation claimants being treated differently based upon the extent to which their goods are, for example, deemed critical to the Debtors' sales.  This outcome is antithetical to the reclamation process.

(c)    Paragraph 5, subparagraph (d), as well as Paragraph 4 of the Interim Order, reference "the prior rights of holders of security interests in such goods" (subject to reclamation demands), and "the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements," respectively.  These references, as well as the Debtors' Motion, suggest that, even if the allowed amount of a reclamation claim is determined, or agreed upon, through the process outlined in the Interim Order, such allowed or agreed upon claim remains subject to certain defenses which would be applicable to all reclamation claims, including the defenses that there is a floating inventory lien that defeats reclamation claims (renders them "valueless") and/or that the Debtors were solvent during the 45 day period before

the Petition Date. The proposed 120 (or more) day resolution process serves no purpose other than delay, if it culminates in the assertion of either or both of these defenses. In addition, if either or both of these defenses (and/or other defenses reserved by the Debtors) can be selectively raised, otherwise similarly situated reclamation claimants can receive different treatment without disclosure or Court review.

      7. With respect to Paragraph 6 of the Interim Order: Notwithstanding the "not intended to prohibit, hinder, or delay" text of this Paragraph, the Motion argues, among other things, that the Debtors anticipate the receipt of numerous reclamation demands, and that absent the reclamation procedures outlined in the Interim Order, the Debtors would be required to spend substantial time and limited resources contesting or litigating reclamation demands, thereby unnecessarily distracting the Debtors and their professionals from the reorganization process. The Motion apparently contemplates a 120 period during which the Debtors will not have to engage in any litigation with respect to reclamation claims, apparently based, in part, on the premise that all such litigation is subject to the automatic stay. At the same time, the Motion indicates that the Debtors are reserving all of their defenses to reclamation claims and that the Debtors consider all reclamation claims as general, non-priority unsecured claims, assuming the validity and enforceability of prepetition inventory liens. If the 120 period is, effectively, a "standstill period" for reclamation claims, potential defenses to such claims related to the passage of time and/or the delay contemplated by the Motion (e.g., not seeking relief from the stay, not instituting an adversary proceeding for injunctive relief, sale or commingling of goods after receipt of reclamation notice/demand, inability to trace, etc.) should be foreclosed. Any other result constitutes an inequitable shifting of burdens as to the reclamation claimants.

8. Claimant joins in any other objections and responses to the Motion consistent herewith. Claimant further reserves its rights to amend and supplement this response at or prior to the hearing scheduled for December 5, 2008.

WHEREFORE, Claimant respectfully requests that the Court enter an order that is consistent with the concerns raised herein, and grants Claimant such additional and further relief as the Court may deem just and proper.

Dated: November 26, 2008

/s/ John G. McJunkin
John G. McJunkin, (VSB No. 31011)
J. David Folds, (VSB No. 44068)
Daniel J. Carrigan, (PRO HAC VICE)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006-1108
Telephone: (202) 496-7312
Facsimile: (202) 496-7094

Counsel for Bethesda Softworks, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify on November 26, 2008, a true and correct copy of the foregoing Response was served by electronic means on the "2002" and "Core" lists through the ECF system, and by facsimile upon:

        Kirkland & Ellis LLP
        200 East Randolph Drive
        Chicago, IL 60601
        Attn: Linda K. Myers, Esq.
        Fax: 312-861-2200

        Skadden Arps Slate Meagher & Flom, LLP
        One Rodney Square
        Wilmington, DE 19889
        Attn: Gregg Galardi, Esq.
        Fax: 888-329-3792
and
        Attn: Chris L. Dickerson, Esq.
        Fax: 312-407-8680

        McGuireWoods LLP
        One James Center
        901 East Cary Street 40
        Richmond, VA 23219
        Attn: Dion W. Hayes, Esq.
        Fax: 804-698-2078
and
        Douglas M. Foley, Esq.
        Fax: 757-640-3957

        Riemer & Braunstein LLP
        Three Center Plaza
        Boston, MA 02108
        Attn: David S. Berman, Esq.
        Fax: 617-880-3456

LeClair Ryan
Riverfront Plaza
East Tower
951 East Byrd Street
Eighth Floor
Richmond, VA 23219
Attn: Bruce Matson, Esq.
Fax: 804-783-7269

Office of the U.S. Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219
Attn: Robert B. Van Arsdale
Fax: 804-771-2330

Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, VA 23219
Attn: Lynn L. Tavenner, Esq.
Attn: Paula S. Beran, Esq.
Fax: 804-783-0178

        /s/ John G. McJunkin
        John G. McJunkin