IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC.,<br>et al.,<br><br>Debtors. | Chapter 11<br><br>Civil Action No. 08-35653-KRH<br><br>Jointly Administered |

**OBJECTION OF WARNER HOME VIDEO TO ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS, AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS**

Warner Home Video, a division of Warner Bros. Home Entertainment Inc. ("Warner") hereby objects to this Court's Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), And 546(h) (i) Granting Administrative Expense Status To Obligations From Postpetition Delivery Of Goods; (ii) Authorizing Payment Of Expenses In The Ordinary Course Of Business; (iii) Authorizing Debtors To Return Goods, And (iv) Establishing Procedures For Reclamation Demands [Docket # 133], that was entered herein, on an interim basis, on November 13, 2008 (the "Interim Order").

Michael D. Mueller, Esquire (VSB 38216)
Augustus C. Epps, Jr., Esquire (VSB 13254)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

Counsel for Warner Home Video, a division of
Warner Bros. Home Entertainment Inc.

Jon L.R. Dalberg, Esquire
ANDREWS KURTH LLP
601 S. Figueroa Street, Suite 3700
Los Angeles, California 90017
Telephone: (213) 896-3100

Counsel for Warner Home Video, a division of
Warner Bros. Home Entertainment Inc.

## BACKGROUND

1.  Warner is a substantial creditor of the captioned jointly administered debtors (collectively "Debtors" or "Circuit City"). It is listed by the Debtors, on the Consolidated List of Creditors Holding the Fifty Largest Unsecured Claims Against the Debtors ("50 Largest List") filed herein with the Debtors' voluntary petitions for relief on November 10, 2008 ("Petition Date"), [Docket # 1] as holding a claim in excess of $10,700,000.[1]

2.  During the forty-five (45) days immediately prior to the Petition Date, Warner delivered product to the Debtors in an invoiced amount of approximately $6,740,596.47 and, accordingly, may demand reclamation of such product under the terms of Section 546(c) of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code").

## OBJECTION

**A.  Paragraph 4 of the Interim Order is Contrary to the Express Terms of Section 546(h) of the Bankruptcy Code.**

3.  The Interim Order generally sets forth procedures relating to, and a deadline for submitting, Section 546(c) reclamation demands (such as Warner's) to the Debtors. These include, in Paragraph 4 of the Interim Order, an authorization, purportedly under Section 546(h) of the Bankruptcy Code, which would allow the Debtors to return goods subject to Warner's reclamation demand to Warner, the Debtors' vendor, and to offset the purchase price of those goods against Warner's claim, subject only to the rights of prior security interest holders. In full, Paragraph 4 of the Interim Order provides as follows:

---

[1] Warner reserves all of its rights with respect to claim(s) Warner may assert against one or more of the Debtors, including Warner's right to dispute the amount of its claim as scheduled by the Debtors on the 50 Largest List or otherwise.

> The Debtors are authorized, but not obligated, *under Bankruptcy Code section 546(h)*, subject to the limitations imposed by orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements, to the extent of such interests, *to return to Vendors Goods that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims.*

Interim Order, Paragraph 4 (emphasis added).

4. However, omitted from this language is the requirement, explicit in Section 546(h), that such a return of goods is conditioned upon the consent of the reclaiming creditor. Section 546(h) provides, in relevant part, as follows:

> [I]f the court determines on a motion by the trustee not later than 120 days after the date of the order for relief in a case under chapter 11 of this title and after notice and a hearing, that a return is in the best interests of the estate, the debtor, *with the consent of a creditor* . . . may return goods shipped to the debtor *by the creditor* before the commencement of the case, and *the creditor may* offset the purchase price of such goods against any claim of the creditor against the debtor that arose before the commencement of the case.

11 U.S.C § 546(h) (emphasis added).

5. Under the express and unambiguous terms of the statute, therefore, a return of the goods subject to the reclamation demand, and the accompanying offset against a creditor's prepetition claim, may be authorized by the Court <u>only with the consent of the creditor</u>. By

contrast, Paragraph 4 of the Interim Order appears to authorize such a return and offset of Warner's product, regardless of whether Warner consents. This is at odds with the statute and removes from the statutory scheme an important protection to Warner. Circumstances may change significantly between the deadline imposed by Section 546(c) (and by the Interim Order) of twenty (20) days after the commencement of the case by which a reclamation demand may be made, and the additional 100 days in which a 546(h) motion may be brought. For example, the goods in question may be damaged or otherwise decline in value during this time. The statutory requirement that a creditor consent to a return of the goods and setoff against its prepetition claim serves to offer Warner, as a reclaiming creditor, an important measure of protection in such circumstances, a measure of protection omitted from the Interim Order as presently drafted.

6. Accordingly, Warner objects to the Interim Order as being inconsistent with the express requirements of Section 546(h) and requests that any final order granting the Debtors' Motion be amended to include the clarification that the Debtors may return goods and exercise a setoff against a creditor's prepetition claim only with the consent of the creditor concerned.

**B.   The Interim Order Sets a Deadline For Making a Section 546(c) Reclamation Demand That Is Prior to the Date of the Hearing to Consider Warner's Objection Herein, and Warner Should be Permitted, in the Exercise of its Sole Discretion, to Withdraw its Reclamation Demand in the Event that its Objection Herein is Not Sustained.**

LOS:112114.1

7. The deadlines set in the Interim Order include a deadline of twenty (20) days after the Petition Date (*i.e.* December 1, 2008)[2] for making a reclamation demand under Section 546(c) (Interim Order, Paragraph 5(a)), and a deadline of fifteen (15) days after its entry for filing and serving written objections to the Interim Order (*i.e.* November 28, 2008), with such objections, if any, to be considered at a final hearing before the Court on December 5, 2008. (Interim Order, paragraphs 7-8).

8. As a result, Warner is placed in the untenable position of having to either make its Section 546(c) demand before its objection to the Interim Order will be considered by the Court, or lose its ability to timely make any such demand.

9. In order to protect its rights and interests, Warner intends to timely file a reclamation demand but, for reasons set forth above, if Warner's objection to the Interim Order is overruled by the Court, Warner's rights with respect to that demand would be adversely affected, such that Warner may conclude that its interests would be best served if all or some portion of its demand be withdrawn.

10. At present, the Interim Order is silent on the subject of a reclaiming creditor's right to withdraw its Section 546(c) demand after the deadline for making such a demand has passed.

11. Therefore, Warner requests that any final order entered in this matter include the Court's confirmation that Warner may, at any time and in the exercise of its own discretion, withdraw all or any part of its reclamation claim.

---

[2] Twenty calendar days after the Petition date is November 30, 2008, a Sunday. Under Fed R. Bankr. P. 9006(a), therefore, the deadline falls on the next court day, *i.e.* Monday, December 1, 2008.

LOS:112114.1

WHEREFORE, Warner Home Video, a division of Warner Bros. Home Entertainment Inc., respectfully requests this Court to: (i) sustain this objection to the Interim Order; (ii) enter an order modifying the Interim Order as set forth herein; and (iii) grant such other and further relief as the Court may deem just and proper.

Date: November 26, 2008

Respectfully submitted, etc.

CHRISTIAN & BARTON, LLP

By: /s/ Michael D. Mueller
Michael D. Mueller, Esquire (VSB 38216)
Augustus C. Epps, Jr., Esquire (VSB 13254)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

and

Jon L.R. Dalberg, Esquire
ANDREWS KURTH LLP
601 South Figueroa, Suite 3700
Los Angeles, California 90017
Telephone: (213) 896-3100
Facsimile: (213) 896-3137

*Counsel for Warner Home Video, a division of Warner Bros. Home Entertainment Inc.*

LOS:112114.1

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller

LOS:112114.1