DAVID L. POLLACK (PA 15694)
JEFFREY MEYERS (PA 23760)
JESSE N. SILVERMAN (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

CONSTANTINOS G. PANAGOPOULOS (VA 33356)
CHARLES W. CHOTVACS (VA 70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

Counsel for Centro Properties Group, Federal Realty Investment Trust,
Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC
The Morris Companies Affiliates and Uniwest Commercial Realty

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------x
| In re:                              | :   | Chapter 11              |
|                                     | :   |                         |
| **CIRCUIT CITY STORES, INC.** *et al.*. | :   | Case No. 08-35653-KRH   |
|                                     | :   |                         |
| Debtors.                            | :   | Jointly Administered    |
------------------------------------------------------x

**LIMITED OBJECTION OF CENTRO PROPERTIES GROUP, FEDERAL
REALTY INVESTMENT TRUST, CENCOR REALTY, THE HUTENSKY GROUP,
UBS REALTY INVESTORS, LLC, THE MORRIS COMPANIES AFFILIATES
AND UNIWEST COMMERCIAL REALTY TO DEBTORS' MOTION FOR
INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362,
363 AND 364 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND
4001 (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING
AND (B) TO UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE
<u>PROTECTION; AND (III) SCHEDULING INTERIM AND FINAL HEARINGS</u>**

TO THE HONORABLE KEVIN R. HUENNEKENS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Centro Properties Group ("Centro"), Federal Realty Investment Trust ("Federal"),

Cencor Realty ("Cencor"), The Hutensky Group ("Hutensky"), UBS Realty Investors, LLC

- 1 -

DMEAST #10161780 v1

("UBS"), The Morris Companies Affiliates ("Morris") and Uniwest Commercial Realty ("Uniwest") by their undersigned attorneys, hereby make this Limited Objection to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings (the "Motion") and in support thereof aver:

1. Centro, Federal, Cencor, Hutensky, UBS, Morris and Uniwest are the owners or agents for the owners of various shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases") which are affected by the relief sought by the Motion. Centro, Federal, Cencor, Hutensky, UBS, Morris and Uniwest are hereinafter collectively referred to as "Objecting Landlords".

2. All of Objecting Landlords' premises are premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

3. By the Motion, Debtors seek authority to enter into certain DIP financing agreements with a consortium of lenders..

4. Objecting Landlords object to the Motion insofar as Debtors may attempt to grant a lien on Objecting Landlords' Leases, as opposed to the proceeds of the disposition thereof, and/or grant certain access rights to Objecting Landlords' premises contrary to the provisions of the Leases

DMEAST #10161780 v1

**Liens on Leases**

5.     Objecting Landlords' Leases prohibit the tenant (Debtor) from assigning, transferring, mortgaging or otherwise hypothecating or encumbering the Leases. The Interim Order entered pursuant to the Motion excludes Objecting Landlords' Leases from the DIP lenders' collateral (including only the proceeds of the disposition thereof. Objecting Landlords have not yet seen the proposed Final Order and do not know if this provision has been changed. Accordingly, this Objection is filed out of an abundance of caution.

6.     While Objecting Landlords do not object to the granting of a lien on and/or security interest in the proceeds of the sale or other disposition of their Leases, Objecting Landlords do object to any attempt to lien, grant a security interest in, mortgage or otherwise hypothecate the Leases, contrary to the provisions thereof. Objecting Landlords further object to any use of their leaseholds except as provided in the Leases or pursuant to a further order of this Court. Moreover, simply excluding from the collateral leases whose terms prohibit the granting of liens is not sufficient, since such language still places a cloud on title to the lease unless there is a judicial determination that the lease contains such language and that same is enforceable pursuant to state law. No liens whatsoever should be granted on Objecting Landlords' Leases.

7.     In addition to the strict prohibition in most leases against the granting of liens on, or hypothecation of, the leasehold interests, one or both of the subject properties may be encumbered by mortgages which specifically prohibit the landlord from allowing any encumbrances to be granted upon the various tenant leases. Those leases, as the mortgagee's collateral, are themselves subject to the prior mortgage lien of the landlord's lender. In today's difficult economic times, Objecting Landlords cannot risk being placed in default by their lenders as a result of the granting of such liens.

8. Neither the Debtors nor the lenders have cited to any authority which would allow this Court to override the prohibitions in the leases against granting liens. The simple reason is that no such authority exists. Objecting Landlords are entitled to have these prohibitions in their Leases fully enforced by this Court.

### Relief from Automatic Stay and Lender Remedies

9. The lender acknowledged on the record at the hearing on the Motion that access rights to Objecting Landlords' premises in the event of a default would be limited to (a) such access as might be granted by a further order of this Court, (b) applicable state law or (c) further agreement with the affected landlord. It is unknown if the Final Order provides for broad relief from the automatic stay upon the occurrence of a default. The lenders could be permitted, *inter alia*, the right to occupy Objecting Landlords' leasehold premises for their own purposes without any obligation to pay for the use thereof. The lenders rights must be limited as set forth herein.

### Reservation of Rights

10. Objecting Landlords reserve the right to make such other and further objections as may be appropriate.

### Joinder in Other Landlord Objections

11. Objecting Landlords hereby join in the objections filed by Debtor's other landlords to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE,** Objecting Landlords pray for relief consistent with the foregoing; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

**November 26, 2007**

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

BY: _____/s/ Jesse N. Silverman_____
DAVID L. POLLACK (PA 15694)
JEFFREY MEYERS (PA 23760)
JESSE N. SILVERMAN (VA 46456)
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

BY: _____/s/ Constantinos G. Panagopoulos_____
CONSTANTINOS G. PANAGOPOULOS (VA 33356)
CHARLES W. CHOTVACS (VA 70045)
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

*Attorneys for Centro Properties Group, Federal Realty
Investment Trust, Cencor Realty, The Hutensky Group,
UBS Realty Investors, LLC, The Morris Companies Affiliates
and Uniwest Commercial Realty*

**CERTIFICATE OF SERVICE**

I, hereby certify that on the 26th day of November, 2008, a true and accurate copy of the foregoing Limited Objection of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC, The Morris Companies Affiliates and Uniwest Commercial Realty to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings was electronically filed with the Court, which causes notices of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

/s/    Jesse N. Silverman
Counsel

DMEAST #10161780 v1