William C. Crenshaw
VSB No. 16803
**POWELL GOLDSTEIN LLP**
901 New York Avenue, NW, Third Floor
Washington, D.C. 20001
(202) 624-7380
Email: wcrenshaw@pogolaw.com

**Counsel to OLP CCFerguson, LLC and OLP CCAntioch, LLC**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF OLP CCFERGUSON, LLC AND OLP CCANTIOCH,
LLC TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT
TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING
THE AGENCY AGREEMENT AMONG THE DEBTORS , HILCO
MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL
PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE
AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

OLP CCFerguson, LLC and OLP CCAntioch, LLC (jointly, the "Landlords"), by counsel, hereby object to the relief requested in the Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement Among the Debtors , Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (the "Sale Motion"). In support of the Objection, the Landlords state as follows:

1511348.2

## BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2.      On the Petition Date, the Debtors filed the Sale Motion seeking, *inter alia*, approval of an agreement with Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC to conduct going out of business sales ("GOB Sales") at certain of the Debtors' stores, including the Leased Premises (defined below), in accordance with the proposed GOB Sales procedures.  That day, the Bankruptcy Court entered an order (the "Interim Sale Order") provisionally granting the relief requested in the Sale Motion.

3.      Pursuant to Lease Agreements (each a "Lease" and jointly, the "Leases") between each of the Landlords and Circuit City Stores, Inc. ("Circuit City"), one of the Debtors, the Landlords lease to Circuit City certain nonresidential real property located at 5221 Hickory Parkway, Antioch, TN (the "Antioch Leased Premises") and 3344 Pershall Road, Ferguson, MO (the "Ferguson Leased Premises" and together with the Antioch Leased Premises, the "Leased Premises").  The monthly rent due under the Lease for the Antioch Leased Premises is $27,001.08.  The Debtors are also obligated under the Lease for the Antioch Leased Premises to pay the real estate taxes due on February 28, 2009 in the amount of $66,112.11.  The monthly rent due under the Lease for the Ferguson Leased Premises is $18,412.50.  The Debtors are also obligated under the Lease for the Ferguson Leased Premises to pay the real estate taxes due on December 31, 2008 in the amount of $52,483.52.

4.      The Debtors have not paid the November 2008 rent payments due under the Leases.

## OBJECTION

5.      Section 365(d)(3) of the Bankruptcy Code states that the Debtors must "timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…." 11 U.S.C. § 365(d)(3). In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other provides of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decide to assume or reject the lease, the debtor has stopped making payment due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position…
>
> The bill would lessen these problems by requiring the debtor to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that the debtor-tenants pay their rent, common area, and other charges on time pending the debtor's assumption or rejection of the lease.

130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

6.      This case presents the circumstances that Congress intended section 365(d)(3) of the Bankruptcy Code to address. The Debtors continue to occupy and possess the Leased Premises post-petition, without performing their post-petition obligations under the Leases. In addition, the Debtors seek authority to continue to occupy the Leased Premises and to conduct the GOB Sales in the Leased Premises.

7.      Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to section 365(d)(3) of the Bankruptcy Code.  *See In re: Pudgie's Div. of New York, Inc*, 202 B.R. 832 (Bank. S.D.N.Y. 1996); *see also In re: Wingspread Corp.*, 178 B.R. 305 (Bankr. D. Mass. 1995); *see also Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993); *see also In re: Rare Coin Galleries of America, Inc.*, 72 B.R. 415 (D. Mass 1987); *see also In the Matter of the Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr. D. Del. 1985).  Accordingly, the Court should condition final approval of the Sale Motion upon (i) immediately payment to the Landlords of the November 2008 rent for the post-petition period and (ii) timely payment to the Landlords of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected, pursuant to section 365(d)(3) of the Bankruptcy Code.

**WHEREFORE,** the Landlords request that this Court condition final approval of the Sale Motion with respect to the Leases upon (i) immediately payment to the Landlords of the November rent due for the post-petition period and (ii) timely payment to the Landlords of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected, pursuant to Section 365(d)(3) of the Bankruptcy Code, and grant such other and further relief as the Court deems appropriate.

Dated:  November 26, 2008      **POWELL GOLDSTEIN LLP**
       Washington, D.C.

/s/William C. Crenshaw
William C. Crenshaw
Va. Bar No. 16803
901 New York Avenue, NW, Third Floor
Washington, D.C. 20001
Telephone (202) 347-0066
Facsimile (202) 624-7222
Email: wcrenshaw@pogolaw.com

**OF COUNSEL:**

**BRYAN CAVE LLP**
Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300
(212) 541-2000 (tel); (212) 541-4630 (fax)
Email:michelle.mcmahon@bryancave.com

Synde Keywell, Esq.
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
312-602-5000 (tel); 312-698-7477 (fax)
Email:synde.keywell@bryancave.com

Counsel to OLP CCFerguson, LLC and OLP CCAntioch, LLC

# CERTIFICATE OF SERVICE

I, William Crenshaw, hereby certify that, on November 26, 2008, I caused a true and correct copy of the foregoing Objection Of OLP CCFerguson, LLC and OLP CCAntioch, LLC, To Motion Of The Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The Agency Agreement Among The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers Retail Partners, LLC, And (Ii) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (the "Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: circuitcityservice@mcquirewoods.com and project.circuitcity@skadden.com.

/s/William C. Crenshaw
WILLIAM C. CRENSHAW

1511348.2