| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363
AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BY AND AMONG THE DEBTORS AND PANASONIC**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 9019

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

approving the settlement agreement (the "Settlement Agreement") entered into between the Debtors and Panasonic; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

    **ORDERED, ADJUDGED, AND DECREED that:**

  1. The Motion is GRANTED.

  2. Pursuant to Bankruptcy Code section 363 and Bankruptcy Rule 9019, the Settlement Agreement, a copy of which is attached hereto as Exhibit A, is hereby approved in all respects.

  3. The Debtors' decision to enter into the Settlement Agreement is based on sound business judgment, is reasonable and appropriate under the circumstances and is approved.

4. The Debtors are hereby authorized to enter into the Settlement Agreement and to take all actions reasonably necessary to implement its terms without further Court order.

5. Subject to the terms of the Settlement Agreement, the Debtors are hereby authorized and directed to make all payments due to Panasonic as described in the Settlement Agreement.

6. The Debtors are authorized to execute all documentation necessary to implement the Settlement Agreement.

7. Panasonic shall retain its rights to seek allowance and payment of any claims or administrative expense that Panasonic may hold against the Debtors or to otherwise seek to enforce any right (legal or equitable) against the Debtors; _provided_, _however_, that any right Panasonic may have to reclaim products pursuant to Bankruptcy Code section 546(c) shall be subject to the prior rights of any holders of security interests in such Goods or the proceeds of such Goods to the extent of such interests; _provided_, _further_, _however_, that the Debtors and the Agent (as defined below)

reserve any and all rights with respect to claims or administrative expense that Panasonic may hold against the Debtors or to otherwise seek to enforce any right (legal or equitable) against the Debtors.

8. Upon payment to Panasonic of the fully reconciled Prepetition Consignment Claim (as defined in the Settlement Agreement), each of the Debtors, Panasonic, and Bank of America, N.A., as agent under the Debtors' prepetition and postpetition financing facilities (the "Agent") shall be deemed to irrevocably and fully release and discharge the other such parties from and against any and all claims or causes of action arising from, related to or in connection with the Consignment Agreement, whether such claims or causes of action are known or unknown, contingent or unliquidated, or whether such claims or causes of action exist or hereafter arise. Notwithstanding the foregoing, nothing in this paragraph shall constitute a release or waiver of, or a covenant not to sue in respect of, any party's obligations under the Settlement Agreement.

9. In the event that the Prepetition Consignment Claim is disgorged pursuant to section 6 of

4

the Settlement Agreement, the disgorged funds (a) shall be held by the Debtors in a segregated, interest bearing account; (b) shall not be turned over to the Agent; and (c) shall not be released absent either (i) written agreement of Debtors and Panasonic or (ii) further order of this Court; <u>provided</u>, <u>however</u>, that the Debtors and the Agent reserve any and all rights with respect to Prepetition Consignment Claim in the event it is disgorged.

10. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

11. This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated:   Richmond, Virginia
         December __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                                _/s/ Douglas M. Foley____
                                                Douglas M. Foley

**EXHIBIT A**
(Settlement Agreement)