Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS, PURSUANT TO 11 U.S.C.
§ 105, BANKRUPTCY RULES 2002, 9006, AND 9007 AND
LOCAL BANKRUPTCY RULE 9013-1(M), FOR AN ORDER
SETTING AN EXPEDITED HEARING ON THE PANASONIC
SETTLEMENT MOTION AND FOR RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105, Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing on the Debtors' Motion for Order Pursuant to Bankruptcy Code Section 363 and Bankruptcy Rule 9019 Approving Settlement Agreement by and Among the Debtors and Panasonic (the "Panasonic Settlement Motion") for December 5, 2008, at 10:00 a.m. and shortening the notice for Motion pursuant to Rule

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

9006 of the Federal Rules of Bankruptcy Procedure.  In further support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3

5. On November 12, 2008, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

### RELIEF REQUESTED

6. On November 26, 2008, the Debtors filed the Panasonic Settlement Motion. By this Motion, the Debtors seek this Court's entry of an order setting an expedited hearing on the Panasonic Settlement Motion for Friday, December 5, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, to consider the Panasonic Settlement Motion and to shorten the notice period for the Panasonic Settlement Motion.

### BASIS FOR RELIEF

7. Pursuant to the Panasonic Settlement Motion, the Debtors are asking the Court to approve the settlement agreement (the "Settlement Agreement") entered into between the Debtors and Panasonic ("Panasonic").

8. The Debtors believe it is in the best interests of the Debtors' estates, creditors and other

4

parties in interest for the Debtors' Panasonic Settlement Motion to be heard at the hearing currently scheduled for December 5, 2008 at 10:00 a.m. The Debtors are seeking approval of the Settlement Agreement as soon as possible in order to ensure that sufficient Panasonic merchandise will be available during the holiday shopping season. A smooth and profitable holiday season is essential if the Debtors are to effectively navigate these Chapter 11 Cases. The Debtors are concerned that delaying the motion beyond the December 5 hearing could significantly diminish the value of the Settlement Agreement to the Debtors' estates and reduce the Debtors' chances for a successful restructuring. Moreover, it is an event of default under the Settlement Agreement if an order of this Court approving the Settlement Agreement is not entered on the docket by December 10, 2008.[2]

9.  Courts in the Eastern District of Virginia have previously granted motions to reduce the 20-day notice required for the use, sale or lease of

---

[2] The Settlement Agreement is attached as Exhibit A to the proposed order approving the Panasonic Settlement Motion.

5

property under Bankruptcy Code section 363 and for the approval of a compromise or settlement of a controversy. See, e.g., In re Movie Gallery, Inc., 07-33849 (DOT) (Bankr. E.D. Va. May 2, 2008)(granting motion for expedited hearing to approve of sale of certain assets); In re US Airways, Inc., 04-13819 (SSM) (Bankr. E.D. Va. Feb. 9, 2006) (granting motion for expedited hearing to approve settlement).

10. For the reasons set forth above, the Debtors believe cause exists to hear the Debtors' Panasonic Settlement Motion on December 5, 2008 at 10:00 a.m. (Eastern time).

11. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit 1 is the certification required under Local Rule 9013-1(N). An expedited hearing on the First Day Pleadings is appropriate under these circumstances and is consistent with past practices in virtually every significant chapter 11 case, where various relief is required at the outset of the case to ensure a smooth transition into chapter 11.

12. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited hearing on the Panasonic Settlement Motion. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**WAIVER OF MEMORANDUM OF LAW**

13. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

14. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: November 26, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Certification)**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

```
           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653
et al.,                       :
                              :
           Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion Pursuant to 11 U.S.C. § 105, Bankruptcy Rules 2002, 9006, and 9007 and Local Bankruptcy Rule 9013-1(M), for and Order Setting an Expedited Hearing on the Panasonic

Settlement Motion and for Related Relief (the "Motion to Expedite").[3]  In support thereof, and as required by Rule 9013-1 (N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned proposed counsel for the Debtors certify as follows:

1. I am a member of the Bar of this Court, and I have carefully examined these matters and there is a true necessity for an emergency hearing.

2. The necessity for this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

3. Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

                                        /s/ Douglas M. Foley
                                        Douglas M. Foley

\6742200.1

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2