Malcolm M. Mitchell, Jr. (VSB No. 18098)
Suparna Banerjee (VSB No. 67929)
Kara D. Lehman (VSB No. 68359)
Vorys, Sater, Seymour and Pease LLP
277 South Washington Street, Suite 310
Alexandria, VA 22314
Telephone: 703-837-6999
Facsimile: 703-549-4492
*Counsel for Polaris Circuit City, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

----------------------------------------------------------x
                                                          )
In re:                                                    )    Chapter 11
                                                          )
CIRCUIT CITY STORES, INC., *et al.*,                      )    Case No. 08-35653-KRH
                                                          )
         Debtors.                                         )    Jointly Administered
                                                          )    Judge Kevin R. Huennekens
----------------------------------------------------------x

**LIMITED OBJECTION OF POLARIS CIRCUIT CITY, LLC TO DEBTORS'
MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C.
§§105,361,362, 363 AAND 364 AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002 AND 4001 (I) AUTHORIZING DEBTORS
(A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH
COLLATERAL; (II) GRANTING ADEQUATE PROTECTION;
AND (III) SCHEDULING INTERIM AND FINAL HEARINGS**

Polaris Circuit City, LLC is the lessor of Circuit City Stores, Inc. (the "Debtor") at a shopping center in Columbus, Ohio (the "Objecting Landlord" or "Landlord"), by and through their undersigned counsel, hereby object to the *Debtors' Motion for Interim and Final Orders Pursuant To 11U.S.C. §§105, 361, 362, 263, And 364 and Federal Rules of Bankruptcy Procedure 2002 And 4001 (I) Authorizing Debtors (A) To Obtain Postpetition Financing and (B)*

*To Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim And Final Hearings* [Docket No. 23] (the "Financing Motion"), and respectfully represent as follows:

1.  The Debtor leases retail space from the Objecting Landlord where they currently operate a retail store as tenant pursuant to unexpired lease of nonresidential real property (the "Lease") at the following shopping center location: 8655-8671 Lyra Drive, Polaris Shopping Center, Columbus, Ohio. (the "Leased Premises")

2.  The Lease with Objecting Landlord is a "lease of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3d Cir. 1990).

3.  On November 10, 2008, the Petition Date, the Debtors filed the Financing Motion, seeking authorization to enter into a senior, secured, superpriority revolving credit facility (the "DIP Facility") with Bank of America, N.A., as administrative agent for the DIP Lenders (as defined in the Financing Motion).

4.  On November 10, 2008, the Court entered its *Interim Order Pursuant To 11 U.S.C. §§105, 361, 362, 263 And 364 and Federal Rules of Bankruptcy Procedure 2002, 4001 and 9014 (1)Authorizing Incurrence by Debtors of Post-petition Secured Indebtedness and with Administrative Superpriority, (2)Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing Adequate Protection, (4) Modifying Automatic Stay and (5) Scheduling Final Hearing* [Docket No. 78] (the "Interim Order").

**OBJECTION**

5.  The Senior Secured, Super-Priority, Debtor-In-possession Credit Agreement (the "DIP Agreement"), attached to the Financing Motion, provides that, upon the occurrence of an Event of Default (as defined therein), the DIP Lenders' Administrative Agent may "proceed to

protect and enforce its rights and remedies *under this Agreement, the Notes and any of the other Loan Documents...*" (Emphasis added.) Similarly, the Interim Order provides, at Paragraph 17(c), that upon the occurrence of and Event of Default, "the DIP Agents and DIP Lenders are authorized to exercise their remedies and proceed under or pursuant to the DIP Financing Agreements." Not all of the "Notes," "Loan Documents," or "DIP Financing Agreements" are before the Court.

6. Objecting Landlord objects to the approval of any such documents as part of the DIP Facility to the extent they purport to grant the DIP Lenders rights to dispose of the collateral at the Leased Premises in derogation of the terms of Debtor's Lease with Objecting Landlord or applicable state law. Landlord should not be forced to sit idly by while the DIP Lenders dispose of their collateral at the Leased Premises through unregulated inventory liquidation sales and use and occupancy of the Leased Premises without the consent of the Landlord.

7. The Lease specifically prohibits the Debtor from conducting at the Leased Premises a going out of business sale. See Lease Paragraphs 18(a)(1) and 19(a)(viii).

8. There is no basis for the Court to grant the DIP Lenders rights greater than they could obtain under state law or that even the Debtor could enjoy under the Bankruptcy Code. See, e.g., 11 U.S.C. §365(d)(3); In re Lauriat's, Inc., 219 B.R. 648, 649 (Bankr. D. Mass. 1998) ("A debtor in possession shall manage the property of the estate in accordance with state law."); In re White Crane Trading Company, 170 B.R. 694, 702 (Bankr. E.D. Cal. 1994).

9. Granting DIP Lenders collateral disposition rights though undisclosed Loan Documents, including any purported right to conduct inventory liquidation sales at Debtor's store locations, would violate Sections 365(b) and (f) of the Bankruptcy Code. In In re Antwerp Diamond, 138 B.R. 865, 867 (Bankr. N.D. Ohio 1992), the court denied approval of a proposed

sale of the debtor's assets where the purchaser would have been permitted to conduct going out of business sales in shopping mall locations leased by the debtor because the sale would have constituted an implicit assignment of the leases without first satisfying the strictures of Bankruptcy Code section 365(b). 138 B.R. at 866-869. There is no authority that would permit this Court, regardless of the content of the Loan Documents, to grant the DIP Lenders, following an Event of Default, relief outside the limitations in Debtor's Lease and applicable state law.

10.     Objecting Landlord acknowledge that going out of business sales by *debtors or their court-approved liquidation agents* may become necessary at times in retail bankruptcies. However, when going out of business sales do become necessary, they are typically conducted after a properly noticed motion and hearing and pursuant to certain agreed upon guidelines that balance the interests of the Debtor and its creditors with those of the affected landlords and shopping center tenants. See In re Ames Department Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). Objecting Landlord submits that while it may be appropriate to grant DIP Lenders certain collateral liquidation rights as part of the proposed financing, if going out of business sales are to be conducted on the Debtor's Leased Premises, they must be conducted by the Debtors, following a motion and hearing on the proposed contours of such sales that: (1) permit interested parties the opportunity to be heard; (2) allow for the development of appropriate procedures to conduct such sales; and (3) insure the Landlord receives the protections afforded it under the Bankruptcy Code. Alternatively, absent a pre-existing agreement with the affected Landlord, the DIP Lenders could be granted a <u>limited</u> right, following and Event of Default, to access the Debtors' store locations to remove its collateral and liquidate it elsewhere.

11.  This Court should not, as part of its approval of the DIP facility, authorize any remedies to DIP Lenders outside the scope of those permitted by the Debtor's Lease, the Bankruptcy Code and applicable state law.

### JOINDER

12.  The Objecting Landlord joins in the objections to the Financing Motion filed by Debtors' other landlords to the extent such objections are not inconsistent with the relief requested in the aforementioned Limited Objection, including without limitation, the Limited Objection of Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., OTR-Clairemont Square, Inland Soutwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc. and Inland Continental Property Management Corp.

### RESERVATION OF RIGHTS

13.  The Objecting Landlord reserves the right to make such other and further objections as may be appropriate.

Dated::  November 26, 2008
Alexandria, Virginia

/s/ Malcolm M. Mitchell, Jr.
Malcolm M. Mitchell, Jr. (VSB No. 18098)
Suparna Banerjee (VSB No. 67929)
Kara D. Lehman (VSB No. 68359)
Vorys, Sater, Seymour and Pease LLP
277 South Washington Street, Suite 310
Alexandria, VA 22314
Telephone:  703-837-6999
Facsimile:  703-549-4492
*Counsel for Polaris Circuit City, LLC*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2008, a true and complete copy of the foregoing Limited Objection was filed and served electronically using the Court's CM/ECF system, and that, in addition, true and correct copies of the foregoing were served by either First Class Mail, postage prepaid and/or by electronic delivery on the "2002" and "Core" lists.

                                              /s/ Malcolm M. Mitchell, Jr.