**EXHIBIT J**

Subordination, Non-Disturbance and Attornment Agreement

THIS SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT, made as of the _____ day of _____, 200__, by and between _____, a _____ [corporation] [limited] [general] [partnership] [national banking association], having an office at _____ (the "Mortgagee") and **CIRCUIT CITY STORES, INC.**, a Virginia corporation, having an office at, 9950 Mayland Drive, Richmond, Virginia 23233 (the "Tenant").

W I T N E S S E T H:

WHEREAS, Mortgagee is the holder of a mortgage (the "Mortgage") covering a parcel of land owned by **MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership (the "Landlord") together with the improvements [to be] erected thereon (said parcel of land and improvements thereon being hereinafter referred to as the "Shopping Center" and being more particularly described on Exhibit A attached hereto and made a part hereof); and

WHEREAS, by a certain Lease Agreement heretofore entered into between Landlord and Tenant dated as of _____ 2007 (the "Lease"), Landlord leased to Tenant a portion of the Shopping Center, as more particularly described in the Lease (the "Premises"); and

WHEREAS, a copy of the Lease has been delivered to Mortgagee, the receipt of which is hereby acknowledged; and

**[For mortgages existing as of the date Lease is executed:** WHEREAS, as an inducement to Tenant to enter into the Lease, [Section 2.04(f)/Section 19.02] thereof provides that the Lease is conditioned upon Landlord obtaining this Agreement from Mortgagee; and

WHEREAS, the parties desire to satisfy the foregoing condition and to provide for the non-disturbance of Tenant by the holder of the Mortgage; and]

**[For mortgages occurring after the Lease is executed:** WHEREAS, Section 19.01 of the Lease provides that the Lease shall become subject and subordinate to a mortgage encumbering the fee interest of Landlord in and to the Shopping Center if and when a non-disturbance agreement is entered into with respect to such mortgage; and

WHEREAS, the parties hereto desire to effect the subordination of the Lease to the Mortgage and to provide for the non-disturbance of Tenant by Mortgagee.]

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements herein contained, the parties hereto, intending to be legally bound hereby, agree as follows:

1. Mortgagee hereby consents to and approves the Lease and the term thereof, including the options to extend the term as set forth in the Lease, and covenants and agrees that

J-1

the exercise by Tenant of any of the rights, remedies and options therein contained shall not constitute a default under the Mortgage.

2. Tenant covenants and agrees with Mortgagee that the Lease is made and shall continue hereafter to be subject and subordinate to the lien of the Mortgage, and to all modifications and extensions thereof (and such subordination shall not lessen or diminish Tenant's rights under the Lease), subject, however, to the provisions of this Agreement.

3. Mortgagee agrees that so long as the Lease shall be in full force and effect, and so long as Tenant shall not be in default under the Lease beyond any applicable notice and grace period:

(a) Tenant shall not be named or joined as a party or otherwise in any suit, action or proceeding for the foreclosure of the Mortgage or to enforce any rights under the Mortgage or the bond or note or other obligation secured thereby;

(b) The possession by Tenant of the Premises and Tenant's rights thereto shall not be disturbed, affected or impaired by, nor will the Lease or the term thereof be terminated or otherwise affected by (i) any suit, action or proceeding brought upon the Mortgage or the bond or note or other obligation secured thereby, or for the foreclosure of the Mortgage or the enforcement of any rights under the Mortgage, or by any judicial sale or execution or other sale of the Premises or the Shopping Center, or any deed given in lieu of foreclosure, or by the exercise of any other rights given to any holder of the Mortgage or other documents as a matter of law, or (ii) any default under the Mortgage or the bond or note or other obligation secured thereby; and

(c) All condemnation awards and insurance proceeds paid or payable with respect to the Premises or any other part of the Shopping Center shall be applied and paid in the manner set forth in the Lease.

4. If Mortgagee or any future holder of the Mortgage shall become the owner of the Shopping Center by reason of foreclosure of the Mortgage or otherwise, or if the Shopping Center shall be sold as a result of any action or proceeding to foreclose the Mortgage, or transfer of ownership by deed given in lieu of foreclosure, the Lease shall continue in full force and effect, without necessity for executing any new lease, as a direct lease between Tenant and the then owner of the Shopping Center, as "landlord", upon all of the same terms, covenants and provisions contained in the Lease, and in such event:

(a) Tenant shall be bound to such new owner under all of the terms, covenants and provisions of the Lease for the remainder of the term thereof (including the Extension Periods, if Tenant elects or has elected to exercise its options to extend the term) and Tenant hereby agrees to attorn to such new owner and to recognize such new owner as "Landlord" under the Lease; and

(b) Such new owner shall be bound to Tenant under all of the terms, covenants and provisions of the Lease for the remainder of the term thereof (including the Extension Periods, if Tenant elects or has elected to exercise its options to extend the term) which such new owner hereby agrees to assume and perform and Tenant shall, from and after the

J-2

WO 696608.9

date such new owner succeeds to the interest of "landlord" under the Lease, have the same remedies against such new owner for the breach of any covenant contained in the Lease that Tenant might have had under the Lease against Landlord if such new owner had not succeeded to the interest of "landlord"; provided, however, that such new owner shall not be:

(i) liable for any act or omission of any prior landlord (including Landlord) unless such act or omission continues from and after the date upon which the new owner succeeds to the interest of such prior landlord;

(ii) subject to any defenses which Tenant may have against any prior landlord (including Landlord) unless resulting from any default or breach by such prior landlord which continues from and after the date upon which the new owner succeeds to the interest of such prior landlord;

(iii) subject to any offsets which Tenant may have against any prior landlord, except to the extent such offsets are expressly provided under the Lease and Mortgagee has received notice thereof and the opportunity to cure within the applicable time periods set forth in the Lease (it being further agreed that offsets under the Lease that were deducted by Tenant prior to the date upon which the new owner succeeds to the interest of such prior landlord shall not be subject to challenge);

(iv) bound by any annual minimum rent or additional rent which Tenant might have paid for more than one month in advance of its due date under the Lease to any prior landlord (including Landlord), unless such additional rent is paid in accordance with the applicable provisions of the Lease; or

(v) bound by any amendment or modification of the Lease made without its consent; notwithstanding the foregoing, Mortgagee acknowledges that the Lease specifically provides for amendments thereof upon the occurrence of certain events described in the Lease (such as, for example, an amendment to the Lease confirming the measurement of the Premises), and, by its execution below, Mortgagee agrees to recognize such amendments as part of the Lease, and Mortgagee further agrees that such new owner shall also be bound by such amendment(s) to the Lease, without any consent on the part of Mortgagee or such new owner.

(c) Tenant's obligations hereunder shall be effective only so long as Mortgagee is bound to Mortgagee's obligations hereunder.

5. Tenant will notify Mortgagee of any default by Landlord under the Lease which would entitle Tenant to terminate the Lease or abate the rent payable thereunder and agrees that notwithstanding any provision of the Lease, no notice of termination thereof nor any abatement shall be effective unless Mortgagee has received the aforesaid notice and has failed to cure the subject default within the same time period allowed Landlord under the Lease. It is understood that the abatement provisions of this Section relate to abatements by reason of Landlord's default and do not apply to provisions of the Lease whereby Tenant has the automatic right to abate rentals such as, for example, abatement upon casualty or condemnation.

6. Neither the Mortgage nor any other security instrument executed in connection therewith shall encumber or be construed as subjecting in any manner to the lien thereof, any

WO 696608.9

trade fixtures, signs or other personal property at any time furnished or installed by or for Tenant or its subtenants or licensees on the aforementioned property regardless of the manner or mode of attachment thereof.

7. Any notices of communications given under this Agreement shall be in writing and shall be given by registered or certified mail, return receipt requested, or by any recognized overnight mail carrier, with proof of delivery slip, postage prepaid, (a) if to Mortgagee, at the address of Mortgagee as hereinabove set forth or at such other address or persons as Mortgagee may designate by notice in the manner herein set forth, or (b) if to Tenant, to Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233, Attention: Vice President of Real Estate, with duplicate copies to Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233, Attention: General Counsel, and Sutherland Asbill & Brennan LLP, 1114 Avenue of the Americas, 40th Fl., New York, NY 10036, Attn: David J. Rabinowitz, or such other address or persons as Tenant may designate by notice in the manner herein set forth. All notices given in accordance with the provisions of this Section shall be effective upon receipt (or refusal of receipt) at the address of the addressee.

8. This Agreement shall bind and inure to the benefit of and be binding upon and enforceable by the parties hereto and their respective successors, assigns, and sublessees.

9. This Agreement contains the entire agreement between the parties and cannot be changed, modified, waived or canceled except by an agreement in writing executed by the party against whom enforcement of such modification, change, waiver or cancellation is sought.

10. This Agreement and the covenants herein contained are intended to run with and bind all lands affected thereby.

**[to add if Tenant's memorandum of lease has been recorded prior to the subject mortgage]** NOTE: THIS AGREEMENT BY TENANT SHALL NOT BE EFFECTIVE UNLESS AND UNTIL ANY PRIOR MORTGAGES ON THIS PROPERTY HAVE BEEN SATISFIED SO THAT TENANT'S PRIOR AGREEMENTS TO ATTORN TO SAID MORTGAGES AND/OR TO SUBORDINATE ITS LEASE TO SAID MORTGAGES SHALL HAVE BEEN EXTINGUISHED.

IN WITNESS WHEREOF, the parties hereto have duly executed this Subordination, Non-Disturbance and Attornment Agreement as of the day and year first above written.

-Signature Page Follows-

WO 696608.9

**MORTGAGEE:**

ATTEST:

_____

By:_____
Name:_____
Title: _____            By:_____
                                       Name:_____
[SEAL]                                 Title: _____


**TENANT**

**CIRCUIT CITY STORES, INC.**

ATTEST:

By:_____
Name: _____
Title: _____            By:_____
                                       Name:_____
                                       Title: _____

J-5

WO 696608.9

STATE OF _____ )
                                        ) : ss.
COUNTY OF _____ )

       On this \_\_\_ day of _____, 200\_\_, before me personally came _____ to me known, who being by me duly sworn, did depose and say that he/she is the _____ of CIRCUIT CITY STORES, INC., the corporation described in and which executed the above instrument and that he/she signed his/her name thereto by order of the Board of Directors of said corporation.

                                                                            _____
                                                                            Notary Public

My Commission Expires:

_____




STATE OF _____ )
                                        ) : ss.
COUNTY OF _____ )

       On this \_\_\_ day of _____, 200\_\_, before me personally came _____ to me known, who being by me duly sworn, did depose and say that he is the _____ of _____, the corporation described in and which executed the above instrument and that he signed his name thereto by order of the Board of Directors of said corporation.

                                                                            _____
                                                                            Notary Public

My Commission Expires:

_____

WO 696608.9

## EXHIBIT K

### Permitted Exceptions

1. Pipeline Right-of-Way Easement granted to the Tarrant County Water Control and Improvement District Number One (Grantee), recorded November 20, 1969 in Book 4810 Page 691.

2. Guy and Anchorage Permit granted to the Texas Electric Service Company (Company/Grantee), recorded January 10, 1974 in Book 5659 Page 3213.

3. Guy and Anchorage Permit granted to the Texas Electric Service Company (Company/Grantee), recorded December 2, 1975 in Book 5928 Page 239.

4. Sanitary Sewer Easement granted from Mansfield/Sam, Ltd. (Grantor) to the City of Mansfield (Grantee), recorded March 29, 2001 in Book 14798 Page 116.

5. Mineral and/or royalty interests granted in the Deed dated March 7, 1959, as referenced in Book 3301 Page 107.

6. Mineral and/or royalty interest, together with waiver of surface rights, recorded in the County Clerk's File No. D207137866.

# EXHIBIT L

## Memorandum of Lease

**After Recording, Return to:**

Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, Virginia 23233
Attention: General Counsel

---

(The Above Space for Recorder's Use Only)

THIS MEMORANDUM OF LEASE, made as of _____, 2007 by and between **MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership, having an office at 2525 McKinnon Street, Suite 700, Dallas, Texas 75201 ("**Landlord**"), and **CIRCUIT CITY STORES, INC.**, a Virginia corporation, having an office at 9950 Mayland Drive, Richmond, Virginia 23233 ("**Tenant**").

Preliminary Statement

Landlord is the fee owner of certain real property located in the County of _____, State of Texas, as more particularly described on Exhibit A hereto annexed, together with improvements constructed or to be constructed thereon (the "**Shopping Center**"). Landlord and Tenant, as of the date hereof, have entered into a lease (the "**Lease**") demising a portion of the Shopping Center as more particularly described therein (the "**Premises**") to Tenant. In connection therewith, Landlord and Tenant have entered into this Memorandum to confirm the demise of the Premises and to provide notice to any interested party of such demise and of the terms and provisions of the Lease.

NOW, THEREFORE, the parties state as follows:

1. All capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Lease.

2. The terms and conditions of the Lease are incorporated herein as though set forth in full, whereby Tenant may have and hold the Premises together with any and all rights, benefits, privileges and easements, now or hereafter appurtenant thereto, at the rental and upon the terms and conditions therein stated, for an initial term of approximately ten (10) years commencing on the Commencement Date (the "**Initial Lease Term**"). Under the terms of the Lease, Tenant has the right to extend the Initial Lease Term for five (5) separate and additional periods of five (5) years each after the expiration of the Initial Lease Term.

3. This Memorandum of Lease is executed for the purpose of recordation in order to give notice of all of the terms, provisions and conditions of the Lease, including, without limitation:

(i) that, subject to certain exceptions more particularly set forth in the Lease, Landlord shall not lease, rent or occupy or permit any other premises in the Shopping Center or on any land owned or controlled by Landlord or any of its Affiliates within a one quarter (1/4) mile radius of the Shopping Center ("Affiliated Land") to be occupied, for the sale, rental, installation, servicing and/or repairing, either singly or in any combination, of consumer, office and/or automotive electronics products, including, without limitation, televisions, stereos, speakers, video and audio recorders and players and cameras; computer hardware and software and related software services (which include internet access services, entertainment software and entertainment media [such as, by way of example only, game cartridges, video tapes, cassettes, compact discs, DVD's and DVD equipment]); cellular and wireless telephones and telecommunication devices and related accessories; motor vehicle audio, stereo and telephone systems; and technological evolutions of the foregoing;

(ii) the restrictions set forth therein on Landlord's ability to lease certain portions of the Shopping Center for certain uses which are otherwise prohibited by the terms of the Lease;

(iii) provisions set forth therein regarding Tenant's right to install and maintain signage upon the exterior of the Premises and upon a pylon and/or monument sign located at the Shopping Center;

(iv) provisions set forth therein regarding Tenant's right to use (and to permit Tenant's customers, employees, agents and contractors to use) certain common areas of the Shopping Center (such as, without limitation, the parking facilities of the Shopping Center); and

(v) provisions set forth therein regarding certain areas in the Shopping Center in which no improvements are to be constructed, or changes made without the consent of the Tenant.

4. In addition to those terms hereinabove set forth, the Lease contains numerous other terms, covenants and conditions which likewise affect not only the Premises but also the Shopping Center, and notice is hereby given that reference should be had to the Lease directly with respect to the details of such terms, covenants and conditions. The Lease and exhibits thereto are hereby incorporated by reference in this Memorandum of Lease and the parties hereby ratify and confirm the Lease as if said Lease were being re-executed by them and recorded. In the event of any conflict between the provisions of this instrument and the Lease, the provisions of the Lease shall control.

**IN WITNESS WHEREOF,** the parties hereto have executed this Memorandum of Lease as of the day and year first above written.

WITNESS/ATTEST:

**LANDLORD:**

**MANSFIELD SEQ 287 & DEBBIE, LTD.,**
a Texas limited partnership

_____

[SEAL]

By:_____
Name:_____
Title: _____

**TENANT**

**CIRCUIT CITY STORES, INC.**
a Virginia corporation

WITNESS/ATTEST:

_____

[SEAL]

By:_____
Name:_____
Title: _____

INCLUDE SIGNATURE BLOCK FOR OWNER OF THE AFFLILIATED LAND IF DIFFERENT THAN LANDLORD

L-3

WO 696608.9

STATE OF _____ )
                                                  ) : ss.
COUNTY OF _____ )

      On this \_\_\_ day of _____, 200\_\_, before me personally came _____ to me known, who being by me duly sworn, did depose and say that he/she is the _____ of CONNECTED DEVELOPMENT SERVICES, the corporation described in and which executed the above instrument and that he/she signed his/her name thereto by order of the Board of Directors of said corporation.

                                              _____
                                              Notary Public

My Commission Expires:

_____

STATE OF _____ )
                                                  ) : ss.
COUNTY OF _____ )

      On this \_\_\_ day of _____, 200\_\_, before me personally came _____ to me known, who being by me duly sworn, did depose and say that he/she is the _____ of CIRCUIT CITY STORES, INC., the corporation described in and which executed the above instrument and that he/she signed his/her name thereto by order of the Board of Directors of said corporation.

                                              _____
                                              Notary Public

My Commission Expires:

_____

WO 696608.9

## EXHIBIT A

## Legal Description of the Shopping Center

## EXHIBIT M

### Indemnification Agreement

This INDEMNIFICATION AGREEMENT is made this _____ day of _____, _____, between **MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership (hereinafter referred to as "Landlord") and **CIRCUIT CITY STORES, INC.**, a Virginia corporation (hereinafter referred to as "Tenant").

### W I T N E S S E T H:

Landlord and Tenant have entered into a Lease (the "Lease"), dated _____ 2007, whereby Landlord has leased to Tenant a portion of the real property located in Mansfield, _____ County, Texas (the "Shopping Center") and Tenant has constructed on such real property a store premises (the "Premises").

NOW, THEREFORE, in consideration of the payment of the Landlord Reimbursement as defined in the Lease and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. Tenant hereby indemnifies and agrees to hold Landlord harmless from any loss, payment, claim or expense as the result of mechanics and materialmen filing liens or otherwise making claims against Landlord's interest in the Premises and the Shopping Center as a result of Tenant's construction activities at the Shopping Center. In the event that any mechanic, materialman or other claimant makes claim against the Premises or Shopping Center based upon materials or services provided under contract with Tenant, Tenant shall hold harmless and protect Landlord from any loss, payment, claim or expense related thereto.

2. Tenant reserves the right to contest in good faith the amount of any claim or lien assessed against the Premises or the Shopping Center by any of such claimants; provided, however, should the holder or holders of such claim or lien attempt to enforce their lien by foreclosure or by any other means, Tenant shall bond around, pay or remove such lien by any manner reasonably necessary to protect Landlord's interest in the Premises and the Shopping Center. This indemnity and hold harmless shall not apply to any liens or claims caused by Landlord or Landlord's agents.

EXECUTED this _____ day of _____, _____.

LANDLORD:

**MANSFIELD SEQ 287 & DEBBIE, LTD.**, a
Texas limited partnership

By: _____
Name: _____
Title: _____

M-1

WO 696608.9

<u>TENANT</u>:

**CIRCUIT CITY STORES, INC.,**
a Virginia corporation

By: _____
Name:
Title:

IN WITNESS WHEREOF, Landlord and Tenant have caused this Lease to be duly executed and delivered in their respective names as of the date first above written.

LANDLORD:

**MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership

Attest:

_____

By:_____
Name:
Title:

TENANT:

**CIRCUIT CITY STORES, INC.**, a Virginia corporation

By:_____
Name:
Title:

WO 696608.9

50

IN WITNESS WHEREOF, Landlord and Tenant have caused this Lease to be duly executed and delivered in their respective names as of the date first above written.

LANDLORD:

**MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership

Attest:

_____

By:_____
Name:
Title:

TENANT:

**CIRCUIT CITY STORES, INC.**, a Virginia corporation

By:_____
Name:
Title:

IN WITNESS WHEREOF, Landlord and Tenant have caused this Lease to be duly executed and delivered in their respective names as of the date first above written.

LANDLORD:

**MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership

Attest:

_____

By:_____
Name:
Title:

TENANT:

**CIRCUIT CITY STORES, INC.**, a Virginia corporation

By:_____
Name:
Title:

WO 696608.9

50

IN WITNESS WHEREOF, Landlord and Tenant have caused this Lease to be duly executed and delivered in their respective names as of the date first above written.

LANDLORD:

**MANSFIELD SEQ 287 & DEBBIE, LTD.**, a Texas limited partnership

Attest:

_____

By:_____
Name:
Title:

TENANT:

**CIRCUIT CITY STORES, INC.**, a Virginia corporation

By:_____
Name:
Title: