November 19, 2008

**VIA FEDEX**

Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233
Attention: Vice President of Real Estate

Re: Lease Agreement (the "Lease") by and between Mansfield SEQ 287 and Debbie, Ltd., a Texas limited partnership, as landlord (the "Landlord"), and Circuit City, Inc. as tenant (the "Tenant"), dated September 7, 2007, for the Circuit City Store at Mansfield Pointe Shopping Center (the "Premises")

Dear Sir or Madame:

This letter is written in regard to the above-referenced Lease. Unless otherwise defined herein, all initially capitalized terms shall have the same meaning given in the Lease.

Pursuant to Section 2.09 of the Lease, the Landlord by wire transfer on November 20, 2008, has paid the sum of $400,822.81, which represents the payment of the Landlord Reimbursement, less sums frozen by the Landlord in anticipation of tenant's rejection of the Lease in connection with its recently commenced Chapter 11 bankruptcy proceedings in the case styled *In re Circuit City Stores, Inc. et al.*, Debtors, jointly administered as Case No. 08-35653-KRH in the United States Bankruptcy Court for Eastern District of Virginia, Richmond Division (the "Court"). This amount was calculated as follows:

| Nature of Freeze Claim | RENT | CAM & INS | TAX | TOTAL |
|---|---|---|---|---|
| a.) 15% OF REMAINING TERM AFTER BK: | $374,541.75 | $60,863.03 | $134,210.79 | $569,615.58 |
| b.) UNPAID RENT @ FILING: | $25,273.39 | $5,621.69 | $12,396.54 | $43,291.62 |
| c.) SHUT DOWN COSTS: | | | | $5,000.00 |
| d.) RETROFIT COSTS: | | | | $100,000.00 |
| e.) TIA's: ($10psf): | | | | $203,500.00 |
| f.) COMMISSIONS: | | | | $146,520.00 |
| g.) LEGAL: | | | | $65,000.00 |
| Total Amount of Frozen: | | | | $1,132,927.19 |

In accordance with Section 2.09 (a) of the Lease and simultaneously upon the tender by wire transfer of the Landlord Reimbursement pursuant to this letter, Landlord shall be owner of the Premises and the beneficiary of all warranties and guarantees relating to the construction of


EXHIBIT B

November 19, 2008
Page

the Premises. The Landlord respectfully requests Tenant deliver to Landlord, in accordance with the Lease, a bill of sale and assignment of warranties and guarantees evidencing the conveyance of the Premises and assignment of warranties and guarantees from the Tenant to the Landlord upon receipt of this letter. In the event Tenant fails to deliver such bill of sale and assignment of warranties and guaranties, conveyance of the Premises shall have been deemed to occur upon receipt by Tenant of Landlord's wire transfer tender of the Landlord Reimbursement. Acceptance by Landlord of title to the Premises shall not be construed as a waiver by Landlord of claims against Tenant for construction defects or other claims related to the Premises.

Please be advised that it is the Landlord's intention to promptly file a motion with the Court requesting relief from the Automatic Stay and adequate protection with regard to the Landlord's rights under the Lease in light of the Tenant's bankruptcy filing and its existing and anticipated breaches of the Lease.

The Landlord, of course, is willing to discuss an amicable resolution of its motion, in order to avoid unnecessary litigation before the Court.

Sincerely,

MANSFIELD SEQ 287 & DEBBIE, LTD., a
Texas limited partnership

By: Mansfield SEQ 287 & Debbie GP, LLC a
Texas limited liability company, its general
partner

By: *David C. Wilson*
Its: MANAger

JAF/lms

cc: Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, Virginia 23233
Attention: General Counsel

Sutherland Asbill and Brennan LLP
1114 Avenue of the Americas
40th Floor
New York, New York 10036
Attention: David J. Rabinowitz, Esq.

November 19, 2008
Page

    Skadden, Arps, Slate, Meagher & Flom, LLP
    333 West Wacker Drive
    Chicago, Illinois 60606-1285
    Attention: T. Kellan Grant

    Kane Russell Coleman & Logan PC
    Attention: Raymond J. Kane
    3700 Thanksgiving Tower
    1601 Elm Street
    Dallas, Texas 75201