Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
(804) 237-8801
klake@vanblk.com  email
*Local Counsel to Texas Tax Authorities*

Elizabeth Weller, Esquire (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax
BethW@publicans.com email
*Lead Counsel to Texas Tax Authorities*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN THE MATTER OF:                                                                CASE NO. 08-35653

CIRCUIT CITY STORES, INC.

  DEBTOR                                                                                    CHAPTER 11

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO INTERIM ORDER
AND TO ENTRY OF FINAL ORDER (1) AUTHORIZING INCURRENCE BY
DEBTORS OF POST-PETITION SECURED INDEBTEDNESS
WITH PRIORITY OVER ALL SECURED INDEBTEDNESS…(2) GRANTING LIENS
(3) GRANTING USE OF CASH COLLATERAL…"**

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Bexar County, Cameron County, Dallas County, El Paso, Frisco, Grayson County, Gregg County, Irving ISD, Jefferson County, McAllen, McAllen ISD, McLennan County, Nueces County, Rockwall CAD, Rockwall County, Round Rock ISD, Smith County, South Texas College, South Texas ISD, Tarrant County, Tom Green CAD, Harris County, Cypress-Fairbanks ISD, Katy ISD, Deer Park ISD, Sugarland, Fort Bend County, Montgomery

County and Galveston County (hereinafter the "Local Texas Tax Authorities" or "Tax Authorities") and Object to the Interim Order and to entry of a Final Order (1) Authorizing Incurrence by Debtors of Post-Petition Secured Indebtedness with Priority Over All Other Secured Indebtedness… (2) Granting Liens, (3) Granting use of Collateral… (hereinafter the "DIP Financing Motion" or "Motion"), and in support thereof the Local Tax Authoriteis would show the Court as follows:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas.  The Tax Authorities hold tax claims for unpaid 2008 ad valorem taxes on business personal property owned by the Debtors.

II.

As of January 1, 2008 these taxes accrued and were secured by a first priority lien that is unavoidable pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, §§ 32.01, 32.05(b), and 32.07.   See also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

III.

The proponents of the DIP Financing Motion have failed to demonstrate that the liens of the Local Texas Tax Authorities are adequately protected as required by 11 U.S.C. § 364(d)(1)(b). The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2).

The Tax Authorities specifically object to:

- A. Any priming of their lien position by the liens granted the DIP Lenders (Interim Order paragraph 2.(g)).  This issue is raised by the following provisions in the Interim Order:

    1. Paragraphs E.(iii) and E.(iv), on page 8 of the Interim Order, refer to the "Pre-Petition Liens" as being subject to "Priority Liens" which are defined as being valid, properly perfected, unavoidable and senior to the Pre-Petition Liens."

    2. Then, paragraph 2.(g), on page 18 of the Interim Order, characterizes the DIP Liens as being subject to "(y) pre-petition Liens (other than the Pre-Petition Liens) which are valid, properly perfected, unavoidable and senior to the DIP Liens under applicable law (the "Prior Permitted Liens")."

    3. It is thus unclear whether the "Priority Liens" are intended to be included as "Prior Permitted Liens" or whether the senior liens of these tax Claimants are included in the definition of "Prior Permitted Liens."  Further, Paragraph (iv), on page 3 of the Interim Order, refers to "Permitted Prior Liens (as defined herein), but no definition of "Permitted Prior Liens" is included.  The use of these three terms leads to some confusion as to whether the existing senior liens of the Tax Authorities are properly protected.

B. Any priming of their lien position by the Pre-Petiton Replacement Liens.  This issue arises in paragraph 4(a), on page 21 of the Interim Order.  This paragraph specifically states that the "Pre-Petition Replacement Liens…shall be junior only to the DIP Liens and the Carve Out as provided herein."  The pre-petition liens of the Pre-Petition Secured Parties are junior to the liens of the Tax Authorities and that lien priority should be preserved in the Final DIP Order rather than attempting to elevate the pre-petition lenders' position over their position as it existed on the Petition Date.

IV.

The Local Texas Tax Authorities also specifically object to the distribution of the proceeds of the sale of their collateral to any other creditor (re: paragraph I. and paragraph 14.):

    1. The proceeds from the sale of the collateral of the Tax Authorities constitute the cash collateral of these claimants, and they object to the use of their collateral or the proceeds of the sale of their collateral to pay any other creditors of this estate.

3

2. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by the Tax Authorities, or an order of the Court otherwise permitting use of the cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.

3. The Debtors have not filed a motion seeking to use the cash collateral of the Tax Authorities, nor has there been notice or a hearing on the use of their Cash Collateral.

4. Accordingly, absent the Tax Authorities' consent, a segregated account must be established from any sale proceeds to comply with the requirements of § 363(c)(4).

V.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Financing Motion and the entry of any Final Order on such, and request this Court to order appropriate provisions to assure the protection of the position of their liens and claims. The Local Texas Tax Authorities also request such other and further relief to which the Court finds they are entitled.

Dated:  November 26, 2008

Respectfully submitted,

**LOCAL TEXAS TAX AUTHORITIES**

BY:  /s/ Kevin A. Lake

Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
(804) 237-8801
klake@vanblk.com  email
*Local Counsel to Texas Tax Authorities*

Elizabeth Weller, Esquire (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax

BethW@publicans.com email
*Lead Counsel to Texas Tax Authorities*

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2008, I caused a true and exact copy of the foregoing to be served electronically upon all parties to the Court's electronic service list and further upon the parties set forth below via facsimile as indicated.

   /s/ Elizabeth Weller
Elizabeth Weller

Linda K. Myers
Kirkland & Ellis LLP
Fax (312)861-2200

Gregg Galardi
Skadden Arps Slate Meagher & Flom, LLP
Fax (888)329-3792

Chris Dickerson
Skadden Arps Slate Meagher & Flom, LLP
Fax (312)407-8680

Dion Hayes
McGuire Woods LLP
Fax (804)698-2078

Douglas Foley
McGuire Woods LLP
Fax (757)640-3957

David Berman
Riemer & Braunstein, LLP
Fax (617)880-3456

Bruce Matson
LeClair Ryan
Fax (804)783-7296

Robert B. Van Arsdale, Asst. U.S. Trustee
Office of the U.S. Trustee
Fax (804) 771-2330