William H. Schwarzschild, III (VSB No. 15274)   John M. Brom
Paul S. Bliley, Jr. (VSB No. 13973)   QUERREY & HARROW, LTD.
**WILLIAMS, MULLEN**   175 West Jackson Boulevard
Two James Center, 16th Floor   Suite 1600
1021 East Cary Street   Chicago, Illinois 60604-2827
Post Office Box 1320   Tel:  312.540.7146
Richmond, Virginia  23218-1320   Fax 312.540.0578
Tel:  804.783.6489   jbrom@querrey.com
Fax:  804.783.6507
tschwarz@williamsmullen.com
pbliley@williamsmullen.com

*Counsel for LumiSource, Inc.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-356-53 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### LUMISOURCE, INC.'S OBJECTION TO ORDER ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS AND JOINDER IN OBJECTION OF OTHER RECLAIMING VENDORS

LumiSource, Inc. (the "Movant"), by and through its attorneys, Williams Mullen and Querrey & Harrow, objects to the November 13, 2008 order establishing procedures for reclamation demands (Docket No. 133) and in support thereof, Movant states as follows:

1. LumiSource, an Illinois corporation, is a vendor that sold approximately $235,200 worth of goods to the Circuit City Stores, Inc. (the "Debtor") within 45 days prior to the commencement of this case.

2. 11 U.S.C. § 546(c)(1)(A) and (B) provides a right of reclamation to a seller, such as Movant, upon written demand made no later than 20 days after the commencement of a bankruptcy case, for goods sold within 45 days of the commencement date of the case.

3. The Debtor received the goods sold by Movant to the Debtor within the 45 days prior to the commencement of its bankruptcy case, at a time when, on information and belief, it

was insolvent, and Movant issued a reclamation demand in accordance with this Court's order of November 13, 2008 ("Order").

4. Movant has complied with the requirements to present its reclamation claim against the Debtor and as a result, Debtor should not have the right to sell Movant's goods during the next 120 days - as provided for in the Order - without adequately protecting Movant's interests.

5. Rather the Court should invoke its broad equitable powers to maintain the status quo until it can make a determination as to whether or not the Debtor was insolvent at the time it received Movant's goods; and, as to whether or not there are holders of a security interest in the Movant's goods or the proceeds thereof.

6. Movant joins the in the objections to the Motion filed by other parties to the extent not inconsistent with the foregoing.

WHEREFORE, LumiSource, Inc. respectfully requests that this Court enter an Order prohibiting Debtor from selling the goods subject to LumiSource, Inc.'s reclamation rights until this Court makes a determination as to whether or not LumiSource, Inc. is entitled to reclaim its goods and for such other and further relief as this Court deems just and reasonable.

Dated: Richmond, Virginia                                          LUMISOURCE, INC.
November 28, 2008

By: */s/ William H. Schwarzschild, III*

William H. Schwarzschild, III (VSB No. 15274)
Paul S. Bliley, Jr. (VSB No. 13973)
**WILLIAMS, MULLEN**
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Tel:  804.783.6489
Fax:  804.783.6507
tschwarz@williamsmullen.com
pbliley@williamsmullen.com

and

John M. Brom
QUERREY & HARROW, LTD.
175 West Jackson Boulevard
Suite 1600
Chicago, Illinois 60604-2827
Tel:  312.540.7146
Fax 312.540.0578
jbrom@querrey.com


Counsel for *LumiSource, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 28th day of November 2008 caused the service of a copy of the foregoing Objection to Order Establishing Procedures for Reclamation Demands (Docket No. 133), by first class mail, postage prepaid, at the address designated by them for service of papers; by facsimile or via email to those on the annexed Service List B, and electronically to the parties set forth on the Court's ECF Service List, maintained in this case.

*/s/ William H. Schwarzschild, III*
————————————————

## SERVICE LIST

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia  23510

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Becket Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636

Reginald D. Hedgebeth, Esq.
Circuit City Stores, Inc.
9950 Mayland Dr.
Richmond, VA 23233

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois  60606

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York  10017-2024

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, Virginia  23219