**EXHIBIT 1 TO PROPOSED ORDER**

## CIRCUIT CITY STORES, INC.
## LEASE SALE BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City, Inc. ("Circuit City") and certain of its affiliates, including certain affiliated chapter 11 Debtors (the "Debtors") in certain unexpired nonresidential real property leases (each a "Lease" and collectively, the "Leases").

On November 25, 2008, the Debtors filed the Motion For Orders Under 11 U.S.C. §§ 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores,  (II) Setting Sale Hearing Date, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of Liens, Claims, And Encumbrances, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Sale Motion").  On November [__] 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under 11 U.S.C. §§ 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores,  (II) Setting Sale Hearing Date, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of Liens, Claims, And Encumbrances, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order").  The Bidding Procedures Order set December 22, 2008 as the date when the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to authorize the Debtors to sell, assume, and assign their interests in the Leases.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bids become Qualified Bids (as defined herein), the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

### Assets To Be Sold

The assets proposed to be sold include the Debtors' interest in the Leases identified in the schedule of Leases attached as <u>Exhibit B</u> to the Motion.

### "As Is, Where Is"

Any sale, assignment, or other disposition of each of the Leases will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents, or estates.

### Free Of Any And All Claims And Interests

The Debtors shall request language in any order entered at the Sale Hearing providing that all of the Debtors' rights, title and interest in and to the Leases shall be assigned and sold pursuant to section 365(f) of the Bankruptcy Code free and clear of all liens, claims, encumbrances and security interests, which shall attach to the net proceeds received by the Debtors as a result of the sale with the same force and effect that they now have, subject to further order of the Bankruptcy Court.

### Due Diligence

Each Qualified Bidder (as defined herein) shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the leased premises and to review the Lease(s) and all other pertinent documents with respect to the Lease(s) prior to making its offer and that each such Qualified Bidder relied solely on that review and upon its own investigation and inspection of the leased premises in making its offer, (b) that Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise of the Debtors, their agents or representatives; and (c) that the occupancy of the premises set forth in the Leases may not be available until the completion of the store closing at the premises.

### Bid Deadline

A bidder (the "Bidder" and collectively, the "Bidders") who desires to make a bid must deliver the Required Bid Documents (as defined herein) to:  (a) counsel for Debtors, (i) Skadden, Arps, Slate, Meagher & Flom, LLP One Rodney Square, Wilmington, Delaware 19889, Attn.: Gregg Galardi, Esq., Fax: (888) 329-3792 and Chris L. Dickerson, Esq., Fax: (312) 407-8680, (ii) McGuireWoods LLP, One James Center, 901 East Cary Street, 40 Richmond, Virginia 23219, Attn.: Dion W. Hayes, Esq., Fax: (804) 698-2078 and Douglas M. Foley, Esq., Fax: (757) 640-3957; (c) Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233, Attn.: Director of Real Estate, Fax: (804) 527-4866 ; (d) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100, Att'n.: Jeffrey N. Pomerantz, Esq., Fax: (310) 201-0760;  (e) counsel for the Debtors post-petition lender (the "DIP Lender") (ii) Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Att'n.: David S. Berman, Esq., Fax: (617) 880-3456, and (ii) LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, Eighth Floor, Richmond, Virginia 23219, Att'n.: Bruce Matson, Esq., Fax: (804) 783-7269; and (g) the Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, VA 23219-1888, Attn.: Robert B. Van Arsdale, Esq., Fax. (804) 771-2330 so as to be received not later than 3:00 p.m. (prevailing Eastern time) on December 15, 2008 (the "Bid Deadline").  The Debtors may extend the Bid Deadline once or successively, but are not obligated to do so.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a) A written offer on Bidder's corporate letterhead (or, if on behalf of Bidder by Bidder's legal counsel, then on Bidder's legal counsel's letterhead) for the purchase of one or more of the Leases that must include: (i) the full name and identity of the proposed assignee of each individual Lease, (ii) the amount being offered for each individual Lease (if more than one Lease) in the form of an allocation schedule, and (iii) the intended use of each premises covered by a Lease in Bidder's offer. Such written offer must expressly state that if Bidder is the successful Bidder, it is ready, willing, and able to execute an individual Agreement of Assumption and Assignment of Lease(s).

(b) In the case of a real estate broker bidding on a Lease(s) as agent for a Bidder, the broker must submit the Required Bid Documents together with a letter of authorization on Bidder's corporate letterhead, executed by an authorized officer of the Bidder, stating that (i) Bidder exclusively authorizes broker to submit such offer on behalf of Bidder and that any commission or fee of any type due and payable to such broker as a result of an assignment of Lease(s) shall be paid solely by Bidder and Bidder shall indemnify Debtors, their estates, the Committee, and the DIP Lender in this regard, and (ii) Bidder acknowledges that it will comply with these Bid Procedures.

(c) In the case of a Landlord bidding on a Lease(s) to which such Landlord is a party, a written offer on Landlord's corporate letterhead (or, if on behalf of Landlord by Landlord's legal counsel, then on Landlord's legal counsel's letterhead) for the purchase of one or more of the Leases that must include the gross amount offered for each individual Lease (if more than one Lease) including a breakdown identifying that portion which is payable in cash to the Debtors and that portion, if any, which is "credit bid" (representing total outstanding documented and verifiable prepetition rental arrears). Such written offer must expressly state that the if the Landlord is the successful Bidder, it is ready, willing, and able to execute a reasonable short form of Lease Termination Agreement(s), and the extent to which, if any, it agrees to waive and release any and all claims it may have against the Debtors, including claims pursuant to section 502(b)(6) of the Bankruptcy Code.

(d) A Good Faith Deposit (as defined herein) in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Debtors in their sole discretion) payable to the order of Circuit City Stores, Inc. (or such other party as the Debtors may determine).

All written offers must expressly state that the Bidder's offer is (and all offers will be considered to be) irrevocable until the earlier to occur of (i) the Closing (as defined herein) or (ii) thirty (30) days following the Auction (unless such bid is sooner expressly rejected in writing by the Debtors).

### **Qualified Bids**

A bid will be considered only if the bid:

(a)    Is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder.

(b)    Includes a commitment to consummate the purchase of the Lease or Leases within not more than 2 days after entry the Sale Hearing.

(c)    Is received by the Bid Deadline.

(d)    Is an offer to purchase one or more of the Leases for cash only, except that a Landlord can "credit bid" on a Lease to which it is a party, up to that portion, if any, which represents the total outstanding documented and verifiable pre or postpetition rental arrears ("Cure Amount") together with the balance for cash only.

In addition, to be a Qualified Bid, each Bidder must be prepared to demonstrate to the Debtors its ability to consummate the purchase of the Lease(s), demonstrate adequate assurance of future performance under the Lease(s) and otherwise fulfill its obligations under the Lease(s).

A bid will constitute a Qualified Bid only if it includes all of the Required Bid Documents and meets all of the above requirements (a "Qualified Bid," and the Bidder from which the Qualified Bid is received a "Qualified Bidder"); provided, however, the Debtors will have the right, in their sole discretion, to entertain bids for a Lease that do not conform to one or more of the requirements specified herein and may deem such bids to be Qualified Bids.   A bidder from whom the Debtors receive a Qualified Bid will be designated a "Qualified Bidder".

The Lease(s) and other pertinent documents will be available for inspection prior to the Auction during regular business hours or arrangements can be made with  counsel to the Debtors prior to the Auction for copies to be delivered to Bidder for inspection.

## Auction

If the Debtors receive more than one Qualified Bid for a Lease or Leases, the Debtors will conduct an auction (the "Auction") of those Leases at 10:00 a.m. (prevailing Eastern time) on December 18, 2008 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors notify all Qualified Bidders who have submitted Qualified Bids, in accordance with the following procedures:

Only the Debtors, members of the Committee, the DIP Lenders (and their legal and financial advisers), and any Qualified Bidder who has timely submitted a Qualified Bid will be entitled to attend the Auction.  A Qualified Bidder may request to attend the Auction telephonically, provided, however, that the decision to honor such a request will be at the sole discretion of the Debtors. Only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

At least two business days prior to the Auction, the Debtors will post a list of the Leases for which the Debtors have received more than one Qualified Bid on the website for the Debtors' claims and noticing agent: www.kccllc.net/circuitcity.  Additionally, the

4

Debtors will file a notice in substantially the form attached hereto for all such Leases and serve such notice on the respective counterparties to such Leases.

At least one business day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtors whether it intends to participate in the Auction and at least one business day prior to the Auction, the Debtors will provide copies of the Qualified Bid or combination of Qualified Bids which the Debtors believe is the highest or otherwise best offer to all Qualified Bidders who have informed the Debtors of their intent to participate in the Auction.  Notwithstanding such determination, the Debtors reserve the right, in their sole discretion, to determine which bid, or subsequent bid, is the Successful Bid, following the conclusion of the Auction based upon a number of factors and other considerations.

In the event the Debtors receive only a single Qualified Bid for a particular Lease(s), such Lease(s) will not be subject to bidding at the Auction, and the Debtors may seek to assume and assign such Lease(s) at the Sale Hearing, if such Qualified Bid is otherwise acceptable to the Debtors. In the event the Debtors receive multiple Qualified Bids for a particular Lease, such Lease, unless previously sold, otherwise disposed of or withdrawn, will be offered for sale at the Auction, either in bulk or separately.

A minimum Qualified Bid amount for each Lease may be announced and/or posted prior to the Auction. Such minimum Qualified Bid amounts may be established based upon a variety of factors, including: the highest bids received with respect to a Lease(s) prior to the Auction, the establishment of appropriate Cure Amounts, if any, arising under section 365 of the Bankruptcy Code, as they pertain to a Lease(s) together with their estimated related assignment transaction costs so as to make an assignment of a Lease(s) economically viable. All bidding shall be in increments determined by the Debtors and their advisors.

All Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all subsequent bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each subsequent bid will be fully disclosed to all other bidders throughout the entire Auction and put on the record.

The Debtors may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, the Bankruptcy Rules, the local rules issued by the United States Bankruptcy Court for the Eastern District of Virgina, or any order of the Bankruptcy Court entered in connection herewith.

The Debtors intend to sell their interest to the Bidder making the highest or best Qualified Bid at the Auction for each Lease.  Formal acceptance of a bid will not occur unless and until the Court enters an order approving and authorizing the Debtors to consummate the assumption and assignment of the Lease(s) to such Bidder or its designated assignee.

ALL SALES SHALL BE SUBJECT TO APPROVAL OF THE BANKRUPTCY COURT.

## **Selection Of Successful Bid**

At the conclusion of the foregoing steps in the Auction, or as soon thereafter as practicable, the Debtors, in consultation with their financial advisors, will announce for each Lease which bid is the highest and best bid (the "Successful Bid(s)" and the bidder(s) making such bid, the "Successful Bidder(s)") and which bid is the second highest and/or best bid, if any. The Successful Bidder shall supplement its Good Faith Deposit within one business day so that, to the extent necessary, such Good Faith Deposit equals ten percent (10%) of the highest and best bid.

The Debtors reserve the right, to (i) determine which Bid, if any, for any or all of the Leases is the highest or best Bid and (ii) reject at any time prior to entry of an order of the Bankruptcy Court approving a Bid, any offer which the Debtors, at their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules or the terms and conditions of sale set forth herein, or (z) contrary to the best interests of the Debtors, their estate and creditors. The Debtors will have no obligation to accept or submit for Court approval any offer presented at the Auction except such written offers as may have been accepted by the Debtors.

The Debtors will sell the Lease or Leases for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the Sale Hearing.  The Debtors presentation of a particular Qualified Bid to the Court for approval does not constitute the Debtors' acceptance of the bid.  The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

With the exception of a Landlord bidding on its own Lease(s), a Successful Bidder will be required, upon request of the Debtors or a counterparty to the Lease on which the bid was made, to provide satisfactory written evidence at the Sale Hearing of the Successful Bidder's ability to consummate the transaction and of adequate assurance of future performance including, but not limited to: (i) federal tax returns for two years and/or a current audited financial statement and/or bank account statements, (ii) a description of intended use, and (iii) any information that the Debtors may reasonably request.

## **The Sale Hearing**

The Sale Hearing will be held before the Honorable Kevin R. Huennekens on December 22, 2008, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Debtors' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing.  If the Debtors do not receive any Qualified Bids for a Lease or Leases, the

Debtors will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with the rejection of such Leases as set forth in the Sale Motion.  If the Debtors do receive more than one Qualified Bid, then, at the Sale Hearing, the Debtors will seek approval of the Successful Bid(s), and, at the Debtors' election, the next highest or best Qualified Bid(s) (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)") as well as the assumption and assignment of the Lease or Leases to the Successful Bidder.

### The Closing

Except as otherwise provided in a written offer that has been accepted by the Debtors, the closing of the sale of a Lease shall take place within two business days following the approval of the sale, assumption, and assignment of the Lease by the Bankruptcy Court to the Successful Bidder at the Sale Hearing (the "Closing"). With respect to the Closing, time of performance by the Successful Bidder is of the essence.  Following approval of the Sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of:  (i) failure of a condition precedent beyond the control of either the Debtors or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Debtors shall retain the Good Faith Deposit as liquidated damages and the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtors will be authorized, but not directed, to effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

The balance of the purchase price shall be paid by the Successful Bidder by wire transfer or an endorsed bank or certified check at the Closing.

### Return Of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held in an escrow account and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two business days following the closing of the Sale (the "Return Date").  Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s), will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s).  If a Successful Bidder breaches its obligations under the Bidding Procedures Order or any agreement entered into with respect to its Successful Bid or fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit, and such Good Faith Deposit will irrevocably become property of the Debtors.  On the Return Date, the Debtors will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon.

### Reservations Of Rights

The Debtors:  (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject, at any time any bid (other than the Buyers' bid) that is:  (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best

interests of the Debtors, their estates, and stakeholders as determined by the Debtors in their sole discretion.

### Miscellaneous Terms of Sale

Unless otherwise indicated by the Debtors at the Auction, sales of the Leases shall not include personal property, inventory, fixtures, trade fixtures, or other furnishings or equipment located in the premises whether or not owned by the Debtors. The Debtors reserve the right either to sell such personal property to the Successful Bidder or to any other party, to abandon any or all of the personal property located at each of the locations, or to make such other arrangements as may be appropriate.

All sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the assignment of the Leases or the sale of personal property of the Debtors in connection therewith shall be the sole responsibility of the Successful Bidder and shall be paid to the Debtors at the Closing of each transaction.

The Debtors, at or before the Auction, may impose or modify the terms and conditions herein as they determine to be in the best interests of the Debtors, their estates, creditors and other parties in interest. The Debtors may revise the procedures herein without Court approval to enable Qualified Bidders to submit Qualified Bids for smaller subsets of Leases of a greater package submitted by such Qualified Bidders, provided no new Leases are included in such package.

**ATTACHMENT TO EXHIBIT 1**

**Notice To Counterparties To Leases That
The Debtors Have Identified A Potential Purchaser Of
Unexpired Nonresidential Real Property Lease**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                        :
In re:                                  :    Chapter 11
                                        :
CIRCUIT CITY STORES, INC.,              :    Case No. 08-35653-KRH
et al.,                                 :
                                        :
                    Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**Hrg. Date: December 22,
2008 at 10:00 a.m. (ET)
Obj. Due: December 20,
2008 at
4:00 p.m. (ET)**


**NOTICE TO COUNTERPARTIES TO LEASES THAT THE DEBTORS HAVE
IDENTIFIED A POTENTIAL PURCHASER OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASE**

          PLEASE TAKE NOTICE that pursuant to the bid-
ding procedures (the "Bidding Procedures") approved by
the Bankruptcy Court for the Eastern District of Vir-
ginia (the "Bankruptcy Court") in the Order Under 11
U.S.C. §§ 105, 363, And 365 (I) Approving Bidding And
Auction Procedures For Sale Of Unexpired Nonresidential
Real Property Leases For Closing Stores, (II) Setting
Sale Hearing Date, And (III) Authorizing And Approving
(A) Sale Of Certain Nonresidential Real Property Leases
Free And Clear Of Liens, Claims, And Encumbrances, (B)
Assumption And Assignment Of Certain Unexpired Nonresi-
dential Real Property Leases, And (C) Lease Rejection
Procedures (the "Sale And Rejection Procedures Order ")
(Docket No. [_____]) entered on December **[__]**, 2008,
the debtors and debtors in possession in the above cap-
tioned cases (collectively, the "Debtors") have identi-
fied a potential purchaser (the "Potential Purchaser")
(listed on Schedule A attached hereto) of the Lease to
which you are a counterparty.

PLEASE TAKE FURTHER NOTICE pursuant to the Bidding Procedures, the Lease to which you are a counterparty will be assumed and assigned to the Potential Purchaser if the sale is successful and approved by the Bankruptcy Court at the sale hearing to be held on December 22 at 10:00 a.m. (prevailing Eastern time) (the "Sale Hearing") in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219.

PLEASE TAKE FURTHER NOTICE that if more than one party has been identified as a Potential Purchaser, such parties may participate in an auction for the interest in the Lease or Leases at 10:00 a.m. (prevailing Eastern time) on December 18, 2008 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors shall determine.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the assumption and assignment of a Lease to a Potential Purchaser, who may ultimately become the Successful Bidder, must (a) be in writing, (b) state with specificity the legal and factual basis for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (d) be filed with Bankruptcy Court and (e) served in accordance with the Case Management Order so as to be **received** on or before **December 20, 2008 at 4:00 p.m. (prevailing Eastern time).**

PLEASE TAKE FURTHER NOTICE that if an objection to the assumption and assignment of a Lease is timely filed and served in accordance with the procedures above, a hearing with respect to the objection will be held before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge for the Eastern District of Virginia at the Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219, at the Sale Hearing or such other date and time as the Court may sched-

2

ule.  Only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at such hearing.

PLEASE TAKE FURTHER NOTICE that if no objection is timely filed and received with regard to a Lease or Leases, the non-Debtor counterparty to the Lease will be deemed to have consented to the assumption and assignment of the Lease to a Potential Purchaser that is selected as the Successful Bidder and will be forever barred from asserting any other claims as to such Lease, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Lease, against the Debtors or the Successful Bidder, or the property of either of them.

PLEASE TAKE FURTHER NOTICE that the Debtors assert that pursuant to 11 U.S.C. § 365, there is adequate assurance that the Proposed Cure Amount set forth on Exhibit 1 to the Motion will be paid in accordance with the terms of the Sale Approval Order.  Further, the Debtors assert that there is adequate assurance of the Potential Purchasers' future performance under the Lease to be assumed and assigned.  Information regarding the financial wherewithal of the Potential Purchaser will be made available upon reasonable request of the Debtors and evidence of the same will be adduced, if necessary, at the Sale Hearing. Prior to the Closing Date, the Debtors may revise their decision with respect to the assumption and/or assignment of any Lease and provide a new notice amending the information provided in this notice.

3

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE,
THE COURT MAY GRANT THE RELIEF DEMANDED BY THE
APPLICATION WITHOUT FURTHER NOTICE OR HEARING.


Dated: December___, 2008
        Richmond, Virginia

SKADDEN, ARPS, SLATE,          MCGUIREWOODS LLP
MEAGHER & FLOM, LLP            Douglas Foley (VSB No. 34364)
Gregg M. Galardi, Esq.         One James Center
Ian S. Fredericks, Esq.        901 E. Cary Street
P.O. Box 636                   Richmond, Virginia 23219
Wilmington, Delaware           (804) 775-1000
19899-0636

            - and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.       Counsel for Debtors and Debtors
333 West Wacker Drive          in Possession
Chicago, Illinois 60606

632976.03-Chicago Server 1A

## SCHEDULE A

[Potential Purchaser]