IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors.[1] | Jointly Administered |

## AFFIDAVIT OF PUBLICATION OF ERIN OSTENSON

## IN THE WALL STREET JOURNAL

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

# AFFIDAVIT

STATE OF TEXAS              )
                            ) ss:
CITY AND COUNTY OF DALLAS)

I, Erin Ostenson, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for <u>one</u> insertion(s) on the following date(s): <u>11/21/08</u>; advertiser: <u>Circuit City Stores, Inc.</u>; and that the foregoing statements are true and correct to the best of my knowledge.

*E. Ostenson* (signature)

Sworn to before me this
24th day of Nov. '08

*Mitchell E. Cheatham* (signature)
Notary Public

MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

ight man only); (b) the Securities and Exchange Commis-
al Revenue Service; (d) the United States Trustee for the
District of Virginia; (e) counsel to the Prepetition Lenders; (f) the
led on the Debtors' list of fifty (50) largest unsecured creditors;
ory committee appointed under Section 1102 of the Bankruptcy
the transfer agents for any Circuit City Stock.
Court shall retain jurisdiction to interpret, enforce, aid in the
of and resolve any disputes or matters related to any of the pro-
Order.
urposes of Section 4 of this Notice, the following definitions shall

1)(5) Plan" means a plan of reorganization for the Debtors under
the Bankruptcy Code that provides for or contemplates the use
ting loss carryforwards and other tax attributes under Section
the I.R.C. and that restricts transfers of Beneficial Ownership
ecurities for not less than two years after the reorganization in
I an "ownership change," as such term is defined in the I.R.C. and
romulgated thereunder.
I)(6) Plan" means a plan of reorganization for the Debtors under
the Bankruptcy Code that provides for or contemplates the use
ing loss carryforwards and other tax attributes under, and sub-
itations of, Section 382(I)(6) of the I.R.C.
cable Percentage" means, if only one class of Affected Securi-
ssued pursuant to the terms of a 382(1)(5) Plan, 4.75% of the
ich shares that the Debtors reasonably estimate will be issued
re date of such 382(I)(5) Plan. If more than one class of Affected
to be distributed pursuant to the terms of a 382(I)(5) Plan, the
rcentage shall be determined by the Debtors in their reason-
it in a manner consistent with the estimated range of values
r to be distributed reflected in the valuation analysis set forth
5) Disclosure Statement, and shall be expressed in a manner
lear how many shares of common equity would constitute the
rcentage.
ficial Ownership" of claims shall be determined in accordance
le rules under Section 382 of the I.R.C. and regulations promul-
nder, as if such rules applied to claims in the same manner as
equity except to the extent inconsistent with rules and regula-
ally applicable to the ownership of claims.
ficial Claimholders" means those Entities that have Beneficial
claims.
" shall have the meaning ascribed to that term in Section 101(5)
ptcy Code and includes, without limitation, a lessor's right to any
ure payment under or arising out of any lease with respect to
btor is a lessee.
rmation Date" means the date on which the Court enters an
ing a 382(1)(5) Plan.
rmation Hearing" means a hearing held before this Court on the
of the 382(1)(5) Plan pursuant to Section 1129 of the Bank-

1)(5) Disclosure Statement" means a disclosure statement filed
t relating to a 382(1)(5) Plan.
tive Date" means the date on which the 382(1)(5) Plan becomes
in no event less than thirty (30) calendar days from the Confir-

" means a person or entity for purposes of the rules under Sec-
e I.R.C.
mental Holdings" means the amount, if any, of Claims identi-
ubstantial Claimholders' Final Holdings Report in excess of the
he amount contained in each respective Substantial Claimhold-
dings Report and (ii) the Threshold Amount as of the Disclosure
tice Record Date.
y Traded Claims" means claims (i) with respect to which an Entity
eficial ownership after the date that was 18 months before the
and (b) that are not "ordinary course" claims, within the mean-
iry Regulations Section 1.382-9(d)(2)(iv), of which the same
ays had beneficial ownership.
itted Substantial Claimholder" means a Substantial Claim-
the Debtors reasonably conclude acquired its claim in the ordi-
f the Debtors' trade or business (within the meaning of Treasury
section 1.382-9(d)(2)(iv)) and has at all times since the creation
held the Beneficial Ownership in that claim.
on Date" means November 10, 2008.
cted Amount" means the amount of claims of which a Beneficial
iad Beneficial Ownership on the Petition Date, increased by the
aims of which such Beneficial Claimholder acquires Beneficial
irsuant to trades entered into before the Petition Date that had
l as of the Petition Date minus the amount of claims that such
imholder sells pursuant to trades entered into before the Peti-
had not yet closed as of the Petition Date.
tantial Claimholder" means a Beneficial Claimholder who holds
Threshold Amount as of the applicable record date and time,
in Paragraphs 4(a) and 4(c) above.
shold Amount" means the amount of claims that are projected
s to entitle the Beneficial Claimholder thereof to become the
imholder of the Applicable Percentage of Affected Securities.
Incremental Holdings" means the aggregate amount of all of
tial Claimholders' Incremental Holdings.
KE FURTHER NOTICE that, upon the request of any person, coun-
otors, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney
ox 636, Wilmington, Delaware, 19899, Attn: Gregg M. Galardi,
form of each of the required notices described above.
KE FURTHER NOTICE that, upon the request of any person,
son Consultants LLC ("KCC"), 2335 Alaska Avenue, El Segundo,
iall supply a copy of the Order and the exhibits to this Notice;
opies of the Order and such exhibits are available on KCC's web-
cllc.net. KCC shall supply a copy of the Order at a cost to be
rson requesting it at the prevailing fee being charged by KCC.
ommodate document requests during normal business hours,
day (excluding recognized holidays).
KE FURTHER NOTICE THAT FAILURE TO FOLLOW THE PRO-
T FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION
MATIC STAY PRESCRIBED BY SECTION 362 OF THE BANK-
E.
KE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE,
, OR OTHER TRANSFER OF CLAIMS AGAINST, OR EQUITY
IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE
OID AB INITIO AND MAY BE PUNISHED BY CONTEMPT OR
TIONS IMPOSED BY THE BANKRUPTCY COURT.
KE FURTHER NOTICE THAT THE DEBTORS PLAN OF REORGA-
Y PROVIDE FOR THE DISALLOWANCE OF CLAIMS AGAINST OR
THE DEBTORS TO THE EXTENT THAT THEY WOULD ENTITLE
S THEREOF TO A DISTRIBUTION OF 4.75% OR MORE OF THE
E REORGANIZED DEBTORS.
KE FURTHER NOTICE that the requirements set forth in this
addition to the requirements of Rule 3001(e) of the Federal
kruptcy Procedure and applicable securities, corporate, and
d do not excuse compliance therewith.
ber 17, 2008, Richmond, Virginia

osed Counsel for Debtors and Debtors in Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
M. Galardi, Esq., Ian S. Fredericks, Esq., P.O. Box 636,
ilmington, Delaware 19899-0636 (302) 651-3000
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
erson, Esq., 333 West Wacker Drive, Chicago, Illinois 60606,
(312) 407-0700
MCGUIREWOODS LLP
(VSB No. 34304) Douglas Foley (VSB No. 34364) One James

and the minimum equity Disposition Notice. The "Equity Objection Amount" of and the amount contained in
Disposition Notice. The "Equity Objection Amount" of any of the foregoing would be otherwise applicable to
the case may be, to file with the Court and serve on any of the foregoing would be otherwise applicable to
Proposed Equity Transferee or Proposed Equity Trans- JPMorgan Chase and Co.
feror, as the case may be, an objection to any proposed Because the Series R has conversion rights, the appli-
transfer of WMI Stock described in such Equity Acquisi- cation of a lower percentage (4.5% rather than 4.75%)
tion Notice or Equity Disposition Notice on the grounds allows a cushion for the reduced number of shares of
that such transfer may adversely affect the Debtors' abil- preferred stock that may be outstanding as of the actual
ity to utilize the Tax Attributes (an "Equity Objection") as acquisition or disposition of the shares that are the sub-
a result of an "ownership change" under section 382 or ject of the Equity Acquisition Notice or the Equity Disposi-
section 383 of the Tax Code. tion Notice.

---

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA - RICHMOND DIVISION

In re: ) Chapter 11
CIRCUIT CITY STORES, INC., et al., ) Case No. 08-35653
Debtors. ) Jointly Administered

**TO: ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9).**

PLEASE TAKE NOTICE THAT DECEMBER 19, 2008 AT 5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9) IN THE ABOVE-CAPTIONED CASES. All parties asserting administrative expense claims, as defined in sections 101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), for the value of any goods sold in the ordinary course of business and received by the Debtors (as defined below) within 20 days before November 10, 2008 (the "Petition Date") (i.e., between October 21, 2008 and November 9, 2008) must file a request for payment on such claim (a "Section 503(b)(9) Claim Request") on or before December 19, 2008.

**PERSONS OR ENTITIES WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST.** On November 12, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an order (the "Section 503(b)(9) Bar Date Order") establishing the Bar Date. Bankruptcy Code section 503(a) and the Section 503(b)(9) Bar Date Order require all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) under Bankruptcy Code section 503(b)(9) against any of the Debtors listed on Exhibit 1 attached hereto, to file a Section 503(b)(9) Claim Request. Any person or entity holding a Section 503(b)(9) Claim must file a Section 503(b)(9) Claim Request on or before the Bar Date. Bankruptcy Code section 101(5) defines "Claim" to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.] 11 U.S.C. § 101(5).

**CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS.** Each Section 503(b)(9) Claim Request must set forth with specificity:
1. The amount of the claim.
2. The particular Debtor against which the claim is asserted.
3. The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
4. The shipment date for the Goods
5. The date on which the claimant asserts the Debtor received the Goods.
6. The place of delivery of the Goods.
7. The method of delivery of the Goods.
8. The name of the carrier of the Goods.
9: The value of the Goods.

In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

**TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS.** To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc.,

et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original Section 503(b)(9) Claim Request asserting such Section 503(b)(9) Claim, together with accompanying documentation, by mail, hand-delivery, or overnight courier, to Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, at the following address:

Kurtzman Carson Consultants LLC
2335 Alaska Avenue, El Segundo, CA 90245

Each Section 503(b)(9) Claim Request must be delivered to and received by Kurtzman Carson Consultants LLC no later than **5:00 p.m., Pacific Time, on December 19, 2008**. Any Section 503(b)(9) Claim Request may be submitted in person or by courier service, hand delivery, or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Section 503(b)(9) Claim Request submitted by facsimile, email or other electronic means will not be accepted and will not be deemed filed until such Section 503(b)(9) Claim Request is submitted by one of the methods described in the foregoing sentence. Any Section 503(b)(9) Claim Request will be deemed filed only when **actually received** by Kurtzman Carson Consultants LLC. If you wish to receive acknowledgment of Kurtzman Carson Consultants LLC's receipt of your Section 503(b)(9) Claim Request, you must also submit a copy of your original Section 503(b)(9) Claim Request and a self-addressed, stamped envelope. **If you wish to assert Section 503(b)(9) Claims against more than one Debtor, you must file a separate Section 503(b)(9) Claim Request in the case of each Debtor against which you believe you hold such a claim.**

**CONSEQUENCES OF FAILURE TO FILE A SECTION 503(b)(9) CLAIM REQUEST. ANY PERSON OR ENTITY HOLDING A SECTION 503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9) CLAIM REQUEST ON OR BEFORE THE BAR DATE (DECEMBER 19, 2008) SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9) CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.**

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed at the top of this Notice. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.

**BY ORDER OF THE COURT.**

**EXHIBIT 1: Debtors and Debtors in Possession**
Circuit City Stores, Inc.; Circuit City Stores West Coast, Inc.; InterTAN, Inc.; Ventoux International, Inc.; Circuit City Purchasing Company, LLC; CC Aviation, Inc.; CC Distribution Company of Virginia, Inc.; Circuit City Properties, LLC; Kinzer Technology; Abbott Advertising Agency, Inc.; Patapsco Designs, Inc.; Sky Venture Corporation; Prahs, Inc.; XS Stuff, LLC; Mayland MN, LLC; Courchevel, LLC; Orbyx Electronics, LLC; Circuit City Stores PR, LLC

Proposed Counsel to the Debtors and
Debtors in Possession

Gregg M. Galardi, Esq., Ian S. Fredericks, Esq.,
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP,
One Rodney Square, PO Box 636,
Wilmington, Delaware 19899-0636, (302) 651-3000

Chris L. Dickerson, Esq., SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP, 333 West Wacker Drive,
Chicago, Illinois 60606, (312) 407-0700

Dion W. Hayes (VSB No. 34304), Douglas M. Foley (VSB No. 34364), MCGUIREWOODS LLP, One James Center,
901 E. Cary Street, Richmond, Virginia 23219,
(804) 775-1000

---

## PUBLIC NOTICES

**ATTENTION
UNITED RENTALS INC. (URI) SHAREHOLDERS
DURING THE PERIOD 2000 TO 2005:**

Jury selection and trial of the criminal case of United States v. John N. Milne, 3:08CR90(AHN), in which the defendant has been charged with, among other crimes, securities fraud in connection with URI stock, has been scheduled to commence on March 9, 2009 at 9 a.m. The trial will be held in courtroom number three of the United States Courthouse, 915 Lafayette Blvd., Bridgeport, Connecticut. It is expected that other pre-trial court dates and post-trial dates (if necessary) will be scheduled by the Court in the future. Such dates and any changes in the current trial date will be posted on the web-site for the United States Attorney's Office, District of Connecticut, which is http://www.usdoj.gov/usao/ct. If you would like additional information about the case, please call the United States Attorney's Office for the District of Connecticut at 203-821-3700, or toll free at 1-888-645-5807, and ask to speak with Linda Corraro, Victim-

our print and online

advertising sales

representatives are

just one simple,

toll-free phone

call away.

**1.800.366.3975**

To make great

connections with 3.2

million of the most

powerful and

successful people in

business, call us. Any

time, any day, from

anyplace in the world.

We're open for **your**

business now.

**THE WALL STREET JOURNAL.**

Where
Real Estate
Professionals
Conduct
Business

*To list your commercial real estate,
please call 800.366.3975.*

**THE WALL STREET JOURNAL.**
CareerJournal