**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| ------------------------------------------------------------- | x | |
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., | : | |
| et al., | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |
| | : | |
| | : | |
| ------------------------------------------------------------- | x | |

**AFFIDAVIT OF PUBLICATION OF ALICE WEBER**

**IN THE NEW YORK TIMES**

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

# The New York Times
620 8TH AVENUE · NEW YORK, NY 10018

## CERTIFICATION OF PUBLICATION

NOV 2 1 2008 _____ 20 ____

I, _Alice Weber_____, in my capacity as a Principal Clerk of the Publisher of **The New York Times** a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of **The New York Times** on the following date or dates, to wit on

_____

NOV 2 1 2008
_____ 20 ____

_Alice Weber_

Approved:

_Maria Pannullo_

THIS CERTIFICATION
NOT VALID
WITHOUT NYT RAISED SEAL

---

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA - RICHMOND DIVISION

In re: ) Chapter 11
CIRCUIT CITY STORES, INC., et al., ) Case No. 08-35653
Debtors. ) Jointly Administered

**TO: ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9)**

PLEASE TAKE NOTICE THAT DECEMBER 19, 2008 AT 5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9) IN THE ABOVE-CAPTIONED CASES. All parties asserting administrative expense claims, as defined in sections 101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), for the value of any goods sold in the ordinary course of business and received by the Debtors (as defined below) within 20 days before November 10, 2008 (the "Petition Date") (i.e., between October 21, 2008 and November 9, 2008) must file a request for payment on such claim (a "Section 503(b)(9) Claim Request") on or before December 19, 2008.

PERSONS OR ENTITIES WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST. On November 12, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an order, (the "Section 503(b)(9) Bar Date Order") establishing the Bar Date. Bankruptcy Code section 503(a) and the Section 503(b)(9) Bar Date Order require all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) under Bankruptcy Code section 503(b)(9) against any of the Debtors listed on Exhibit 1 attached hereto, to file a Section 503(b)(9) Claim Request. Any person or entity holding a Section 503(b)(9) Claim must file a Section 503(b)(9) Claim Request on or before the Bar Date. Bankruptcy Code section 101(5) defines "Claim" to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]
11 U.S.C. § 101(5).

CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS. Each Section 503(b)(9) Claim Request must set forth with specificity:
1. The amount of the claim.
2. The particular Debtor against which the claim is asserted.
3. The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
4. The shipment date for the Goods
5. The date on which the claimant asserts the Debtor received the Goods.
6. The place of delivery of the Goods.
7. The method of delivery of the Goods.
8. The name of the carrier of the Goods.
9. The value of the Goods.
In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).
Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS. To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.
For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original Section 503(b)(9) Claim Request asserting such Section 503(b)(9) Claim, together with accompanying documentation, by mail, hand-delivery, or overnight courier, to Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, at the following address:
Kurtzman Carson Consultants LLC
2335 Alaska Avenue, El Segundo, CA 90245
Each Section 503(b)(9) Claim Request must be delivered to and received by Kurtzman Carson Consultants LLC no later than 5:00 p.m., Pacific Time, on December 19, 2008. Any Section 503(b)(9) Claim Request may be submitted in person or by courier service, hand delivery, or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Section 503(b)(9) Claim Request submitted by facsimile, email or other electronic means will not be accepted and will not be deemed filed until such Section 503(b)(9) Claim Request is submitted by one of the methods described in the foregoing sentence. Any Section 503(b)(9) Claim Request will be deemed filed only when actually received by Kurtzman Carson Consultants LLC. If you wish to receive acknowledgment of Kurtzman Carson Consultants LLC's receipt of your Section 503(b)(9) Claim Request, you must also submit a copy of your original Section 503(b)(9) Claim Request and a self-addressed, stamped envelope. If you wish to assert Section 503(b)(9) Claims against more than one Debtor, you must file a separate Section 503(b)(9) Claim Request in the case of each Debtor against which you believe you hold such a claim.

CONSEQUENCES OF FAILURE TO FILE A SECTION 503(b)(9) CLAIM REQUEST. ANY PERSON OR ENTITY HOLDING A SECTION 503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9) CLAIM REQUEST ON OR BEFORE THE BAR DATE (DECEMBER 19, 2008) SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9) CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.

ADDITIONAL INFORMATION. If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed at the top of this Notice. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.
BY ORDER OF THE COURT.

EXHIBIT 1: Debtors and Debtors in Possession
Circuit City Stores, Inc.; Circuit City Stores West Coast, Inc.; InterTAN, Inc.; Ventoux International, Inc.; Circuit City Purchasing Company, LLC; CC Aviation, Inc.; CC Distribution Company of Virginia, Inc.; Circuit City Properties, LLC; Kinzer Technology; Abbott Advertising Agency, Inc.; Patapsco Designs, Inc.; Sky Venture Corporation; Prahs, Inc.; XS Stuff, LLC; Mayland MN, LLC; Courchevel, LLC; Orbyx Electronics, LLC; Circuit City Stores PR, LLC
Proposed Counsel to the Debtors and Debtors in Possession
Gregg M. Galardi, Esq., Ian S. Fredericks, Esq., SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, One Rodney Square, PO Box 636,

5407

and trading in WMI Stock (as defined below):

(1) Notice of Substantial WMI Stock Ownership. At least ten (10) days prior to the proposed date of any transfer of equity securities that would result in an increase in the amount of WMI Stock beneficially owned by any entity that beneficially owns, at any time on or after the filing date of the Motion, WMI Stock in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form attached to the Motion as Exhibit "E," specifically and in detail describing the WMI Stock ownership of such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Court's order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns.

(2) Acquisition of WMI Stock or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of WMI Stock beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or, entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate WMI Stock (an "Equity Acquisition Notice"), in the form attached to the Motion as Exhibit "F," specifically and in detail describing the proposed transaction in which WMI Stock would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3) Disposition of WMI Stock or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of WMI Stock beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Intent to Sell, Trade or Otherwise Transfer WMI Stock (an "Equity Disposition Notice"), in the form attached to the Motion as Exhibit "G," specifically and in detail describing the proposed transaction in which WMI Stock would be transferred. At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of WMI Stock described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an "ownership change" under section 382 or section 383 of the Tax Code.

---

Non-Cumulative Fixed-to-Floating Rate;

b) Beneficial Ownership. "Beneficial ownership" (or any variation thereof) of WMI Stock and Options (including WMI Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("Treasury Regulations") promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire WMI Stock;

c) Option. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

d) WMI Stock. "WMI Stock" shall mean WMI Common Stock, the 7.75% Series R Non-Cumulative Convertible Preferred Stock; and any of the following classes of WMI preferred stock: Series I Perpetual Non-Cumulative Fixed-to-Floating Rate; Series J Perpetual Non-Cumulative Fixed Rate; Series L Perpetual Non-Cumulative Fixed-to-Floating Rate; Series M Perpetual Non-Cumulative Fixed-to-Floating Rate; and Series N Perpetual Non-Cumulative Fixed-to-Floating Rate. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire WMI Stock may be treated as the owner of such WMI Stock.

FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE WILL CONSTITUTE A VIOLATION OF THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.

ANY PROHIBITED ACQUISITION, DISPOSITION OR OTHER TRANSFER OF WMI STOCK IN VIOLATION OF THE FINAL ORDER WILL BE NULL AND VOID AB INITIO AND MAY LEAD TO CONTEMPT, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, OR SANCTIONS BEING IMPOSED BY THE BANKRUPTCY COURT.

PLEASE TAKE FURTHER NOTICE that any person or entity that desires to acquire an interest restricted by the Final Order may request relief for cause at any time and the Debtors may oppose such relief.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: Wilmington, Delaware    BY ORDER OF THE COURT
November 19, 2008

¹ The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

² All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

³ This Order does not affect the rights, titles, and interests, if any, of WMB or WMBfsb or FDIC or JPMorgan Chase & Co. with respect to the Tax Attributes; provided, however, that the foregoing shall not excuse JPMorgan Chase & Co. from any of the restrictions, requirements or procedures on or regarding acquisitions, dispositions and other transfers contained in this Order to the extent any of the foregoing would be otherwise applicable to JPMorgan Chase and Co.

⁴ Because the Series R has conversion rights, the application of a lower percentage (4.5% rather than 4.75%) allows a cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Acquisition Notice or the Equity Disposition Notice.

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: SURGILIGHT, INC.,
Debtor in possession.        Chapter 11 case no. 08-13851-MG

NOTICE OF LAST DAY (BAR DATE) TO FILE PRE-PETITION CLAIMS

TO: ANY CREDITOR, SHAREHOLDER, PERSON, ENTITY OR GOVERNMENTAL UNIT THAT ASSERTS A CLAIM OR ADMINISTRATIVE EXPENSE AGAINST THE DEBTOR

The Bankruptcy Court (the "Court") has entered an Order (the "Bar Order") which provides, among other things, that December 22, 2008 at 5:00 p.m. New York time (the "Bar Date") is the last day to file: (1) proofs of claim against the Debtor and its estate, including with limited exceptions, claims of every type and nature whatsoever that arose prior to, or which may be deemed to have arisen BEFORE October 1, 2008, the date that SURGILIGHT, INC., debtor and debtor-in-possession (the "Debtor"), filed its petition under the United States Bankruptcy Code.

Failure to file a proof of claim or a claim for payment of an administrative expense on or before the Bar Date may forever bar the holder of the claim from asserting the claim against the Debtor or its estate.

A proof of claim must be received by the Clerk of the Court on or before the Bar Date in order to be deemed timely. The address of the Clerk of the Court is: Clerk of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408.

If you believe that you have a claim against the Debtor or its estate and have not yet filed a proof of claim, you should file your proof of claim before the Bar Date.

For further information, including a copy of the Bar Order and the complete Notice of Bar Date, you may consult the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408. You may contact counsel identified below.

Dated: New York, New York        BY ORDER OF THE COURT
November 6, 2008
COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION
Law Offices of Douglas T. Tabachnik, P.C.
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728-2141
(732) 780-2760

---

Save 60% First/Business

International Fares
Cook
American Express    Travel
212.201.1824    Representative

www.cookamerican.travel

The New York Times
📱 Mobile
mobile.nytimes.com




---

In re: CIRCUIT CITY STORES, INC., et al., / Chapter 11
Debtor. / Case No. 08-35653

TO: ALL POTENTIAL HOLDERS OF ADMINISTRATIVE CLAIMS (UNDER BANKRUPTCY CODE SECTION 503(b)(9)

PLEASE TAKE NOTICE THAT DECEMBER 19, 2008 AT 5:00 PM PACIFIC TIME HAS BEEN ESTABLISHED AS THE DEADLINE FOR FILING A REQUEST FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9) IN THE ABOVE-CAPTIONED CASES. All parties asserting administrative expense claims, as defined in sections 101(5) and 503(b)(9) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), for the value of any goods sold in the ordinary course of business and received by the Debtors (as defined below) within 20 days before November 10, 2008 (the "Petition Date") (i.e., between October 21, 2008 and November 9, 2008) must file a request for payment on such date (a "Section 503(b)(9) Claim Request") on or before December 19, 2008.

PERSONS OR ENTITIES WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST. On November 12, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved an order (the "Section 503(b)(9) Bar Date Order") establishing the Bar Date. Bankruptcy Code section 503(a) and the Section 503(b)(9) Bar Date Order require all persons and entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) under Bankruptcy Code section 503(b)(9) against any of the Debtors listed on Exhibit 1 attached hereto, to file a Section 503(b)(9) Claim Request. Any person or entity holding a Section 503(b)(9) Claim must file a Section 503(b)(9) Claim Request on or before the Bar Date. Bankruptcy Code section 101(5) defines "Claim" to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

CONTENTS OF SECTION 503(b)(9) CLAIM REQUESTS. Each Section 503(b)(9) Claim Request must set forth with specificity:

1. The amount of the claim.
2. The particular Debtor against which the claim is asserted.
3. The type(s) of goods the claimant asserts were received by the Debtor within 20 days before the Petition Date ("the Goods").
4. The shipment date for the Goods
5. The date on which the claimant asserts the Debtor received the Goods.
6. The place of delivery of the Goods.
7. The method of delivery of the Goods.
8. The name of the carrier of the Goods.
9. The value of the Goods.

In addition, the Section 503(b)(9) Claim Request must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under Bankruptcy Code section 546(c).

Finally, any person asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

TIME AND PLACE FOR FILING SECTION 503(b)(9) CLAIM REQUESTS. To obtain a copy of the Section 503(b)(9) Claim Request form, contact Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

For any Section 503(b)(9) Claim Request to be timely and properly filed, a person or entity holding a Section 503(b)(9) Claim must submit a signed original Section 503(b)(9) Claim Request asserting such Section 503(b)(9) Claim, together with accompanying documentation, by mail, hand-delivery, or overnight courier, to Circuit City Stores, Inc., et al., Claims Processing, in writing, c/o Kurtzman Carson Consultants LLC, at the following address:

Kurtzman Carson Consultants LLC
2335 Alaska Avenue, El Segundo, CA 90245

Each Section 503(b)(9) Claim Request must be delivered to and received by Kurtzman Carson Consultants LLC no later than 5:00 p.m., Pacific Time, on December 19, 2008. Any Section 503(b)(9) Claim Request may be submitted in person or by courier service, hand delivery, or mail addressed to Kurtzman Carson Consultants LLC at the foregoing address. Any Section 503(b)(9) Claim Request submitted by facsimile, email or other electronic means will not be accepted and will not be deemed filed until such Section 503(b)(9) Claim Request is submitted by one of the methods described in the foregoing sentence. Any Section 503(b)(9) Claim Request will be deemed filed only when actually received by Kurtzman Carson Consultants LLC. If you wish to receive acknowledgment of Kurtzman Carson Consultants LLC's receipt of your Section 503(b)(9) Claim Request, you must also submit a copy of your original Section 503(b)(9) Claim Request and a self-addressed, stamped envelope. If you wish to assert Section 503(b)(9) Claims against more than one Debtor, you must file a separate Section 503(b)(9) Claim Request in the case of each Debtor against which you believe you hold such a claim.

CONSEQUENCES OF FAILURE TO FILE A SECTION 503(b)(9) CLAIM REQUEST. ANY PERSON OR ENTITY HOLDING A SECTION 503(b)(9) CLAIM THAT FAILS TO FILE A SECTION 503(b)(9) CLAIM REQUEST ON OR BEFORE THE BAR DATE (DECEMBER 19, 2008) SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A SECTION 503(b)(9) CLAIM AGAINST THE DEBTORS, THEIR ESTATES, OR THE PROPERTY OF ANY OF THEM, ABSENT FURTHER ORDER OF THE COURT.

ADDITIONAL INFORMATION. If you require additional information regarding the filing of a Section 503(b)(9) Claim Request, you may contact counsel for the Debtors in writing at the addresses listed at the top of this Notice. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC between 9:00 a.m. and 5:00 p.m., Pacific time, if there are questions concerning the filing or processing of a Section 503(b)(9) Claim Request.
BY ORDER OF THE COURT.

EXHIBIT 1: Debtors and Debtors in Possession
Circuit City Stores, Inc.; Circuit City Stores West Coast, Inc.; InterTAN, Inc.; Ventoux International, Inc.; Circuit City Purchasing Company, LLC; CC Aviation, Inc.; CC Distribution Company of Virginia, Inc.; Circuit City Properties, LLC; Kinzer Technology; Abbott Advertising Agency, Inc.; Patapsco Designs, Inc.; Sky Venture Corporation; Prahs, Inc.; XS Stuff, LLC; Mayland MN, LLC; Courchevel, LLC; Orbyx Electronics, LLC; Circuit City Stores PR, LLC

Proposed Counsel to the Debtors and Debtors in Possession

Gregg M. Galardi, Esq., Ian S. Fredericks, Esq., SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, One Rodney Square, PO Box 636, Wilmington, Delaware 19899-0636, (302) 651-3000

Chris L. Dickerson, Esq., SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, 333 West Wacker Drive, Chicago, Illinois 60606, (312) 407-0700

Dion W. Hayes (VSB No. 34304), Douglas M. Foley (VSB No. 34364), MCGUIREWOODS LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219, (804) 775-1000

---

ORDER OF PUBLICATION
Commonwealth of Virginia VA CODE 8.01-316. Lynchburg Juvenile and Domestic Relations District Court. Commonwealth of Virginia, in re Nashiem Treshaun Clark, DOB: 8-4-97. Lynchburg Department of Social Services v. Tracy Lynda Williamson, mother, Daniel Junior Clark, putative father, and unknown father of Nashiem Treshaun Clark, born Aug. 4, 1997 to Tracy Lynda Williamson in Brooklyn, NY. The object of this suit: To hold three hearings: (1) To review and approve a Foster Care Plan calling for the placement of the child for adoption; (2) To review a Termination Petition calling for the Termination of Residual Parental Rights which means all rights and responsibilities that remained with the parent after transfer of legal custody of the child, including, but not limited to the right to visitation, consent to adoption, right to determine religious affiliation and support responsibility, and (3) To approve a Permanency Plan. It is ORDERED that the defendant Daniel Junior Clark, putative father, and unknown father of Nashiem Treshaun Clark, DOB: 8-4-97 appear at the above-named Court and protect his or her interests on or before December 19, 2008 at 1:30 p.m. If the hearings are not concluded on the scheduled date and time, they may be continued by the Court without further notice.

---

Why not have it delivered?

Get The Times delivered to your home for less than $1 a day.*

Call 1-800-392-1006 or visit nytimes.com/specialoffer.

The New York Times
NYTIMES.COM

*For a 7-day subscription. All home delivery options are available at an introductory rate of 50% off the regular rate for the first 12 weeks with credit card, and the first 8 weeks without credit card. Offer available only to customers who have not had home delivery in the last 90 days. Offer is subject to additional restrictions or limitations by The New York Times. Expires December 31, 2008.