Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to
the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
<u>et</u> <u>al</u>.,                     :
                              :
          Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' RESPONSE AND OBJECTION TO MOTION FOR RELIEF
FROM AUTOMATIC STAY OF 11 U.S.C. § 362(A) WITH
SUPPORTING MEMORANDUM OF LAW AND REQUEST FOR
<u>SHORTENED NOTICE AND EXPEDITED HEARING</u>**

          The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby respond and object (the

"Response")[2] to the Motion for Relief from Automatic Stay

of 11 U.S.C. § 362(a) with Supporting Memorandum of Law

(the "Motion for Relief from Stay") and Request for

Shortened Notice and Expedited Hearing (the "Expedited

Motion") (the Motion for Relief from Stay and the

Expedited Motion are collectively, the "Motions") filed

by Reverend Dwayne Funches, also known as Bishop Funches,

individually, and as Independent Executor of the Estates

of Travis Funches, Dione Funches, and Dwayne Funches,

Jr., Emily Funches, Lovera S. Funches, and Shatira

Funches, individually (collectively, the "Movants") for

entry of an order(s) (i) granting the Movants' Expedited

Motion and (ii) granting the Movants Motion for Relief

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
     Inc. (0875), Ventoux International, Inc. (1838), Circuit City
     Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Dis-
     tribution Company of Virginia, Inc. (2821), Circuit City Proper-
     ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertis-
     ing Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Ven-
     ture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
     MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC
     (3360), and Circuit City Stores PR, LLC (5512).  The address for
     Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
     Westminster, Colorado 80031.  For all other Debtors, the address
     is 9950 Mayland3 Drive, Richmond, Virginia 23233.

[2]  Capitalized terms used herein and not otherwise defined herein
     shall have the meanings ascribed to them in the Motions.

from Stay.   In support of the Response, the Debtors

respectfully represent as follows:

**<u>PRELIMINARY STATEMENT</u>**

       1.    The Movants have not, and cannot meet

their burdens with respect to the Motion to Expedite or

the Motion for Relief from Stay.   The Movants have

alleged no facts as to why the relief they seek is

emergent and necessary at this time.   With respect to

the Motion for Relief from Stay, the Movants have failed

to meet their statutory burdens under section 362 of the

Bankruptcy Code to establish cause to lift or modify the

automatic stay.   In the Motion for Relief, the Movants

seek lifting of the automatic stay to allow the Movants

to continue the Lawsuit pending against the Debtors and

three (3) other codefendants to pursue the "limits of

any insurance policy or policies insuring the Debtors

for the matters raised in the Lawsuit."   Motions, ¶ 4.

The Movants argue that the stay should be lifted because

the Lawsuit has been active for nearly four (4) years,

it will promote judicial economy, it will not disrupt

the Debtors' reorganization, the Debtors' estates will

be protected, and the Movants' claims would be satisfied

by insurance proceeds.  Motions, ¶ 8.  Notwithstanding

that many of these statements are false, none of these

factors, individually or collectively, demonstrate cause

to lift or modify the automatic stay.  Moreover, the

Movants have failed to demonstrate that they will suffer

any harm or prejudice as a result of the automatic stay,

if the Lawsuit does not proceed.

       2.    Conversely, the Debtors will suffer

substantial injury if the stay is lifted and the Movants

are allowed to proceed to trial with the Lawsuit.[3]  Also,

as set forth below, the Movants fundamentally

misunderstand the nature of the Debtors' insurance

coverage because the Debtors will incur substantially

costs to defend the Lawsuit notwithstanding that the

Movants are only entitled, if anything, to an unsecured

claim, which may or may not be covered by pure "first

dollar" insurance.

       3.    At the beginning stages of these chapter

11 cases, the most crucial time of their reorganization,

---

[3]  It should be noted that notwithstanding the long pendency of the
    Lawsuit, no trial date has been set and significant discovery is
    still ongoing.

the Debtors must concentrate all of their considerable

efforts on the immense tasks at hand and not the

burdensome and costly litigation still pending in the

Lawsuit.  Defending against the Lawsuit is precisely the

type of costly and consuming distraction that the

Debtors cannot afford at this time in these chapter 11

cases.

4.    The Movants can continue with the Lawsuit

against the non-debtor co-defendants provided it does

not impact the Debtors.

5.    Moreover, the delay, if any, imposed upon

the Movants as a result of the automatic stay is likely

to be minimal.  Because the Movants have articulated no

cause for an expedited hearing nor lifting the automatic

stay, both Motions should be denied in their entirety.

**OBJECTION TO THE EXPEDITED MOTION**

6.    The Debtors respectfully object to the

Movants' Expedited Motion.  The Movants allege that the

basis and need for an expedited hearing is due to a

"significant State Court hearing" that is scheduled for

December 4, 2008.  To the best of the Debtors' knowledge,

the December 4, 2008 hearing does not involve any of the

Debtors, but rather only non-debtor codefendants. The automatic stay only stays actions against the Debtors – not non-debtor parties. Accordingly, the automatic stay does not preclude the Movants from proceeding with any hearings, depositions, or other proceedings provided it does not impact the Debtors' rights, defenses, and positions.

7.    In addition, the Movants have failed to allege any facts or circumstances as to why there is a legitimate need for an expedited hearing on this matter. As set forth in the Expedited Motion, the underlying lawsuit was filed in 2005 and no trial date has yet been set. The Movants have alleged nothing other that a statement that "one hearing" and certain depositions have been cancelled due to the Debtors' bankruptcy filing to justify "cause" for this Court to grant the Expedited Motion and the Motion for Relief from Stay. Expedited Motion, ¶ 6. Nearly four (4) years have passed since filing the lawsuit, the Movants will not be prejudiced by a slight delay or deferment in the state

court proceedings.  Furthermore, the Movants have failed to establish any facts to justify an emergency hearing.[4]

### OBJECTION TO THE MOTION FOR RELIEF FROM STAY

8.    The Debtors respectfully object to the Movants' Motion for Relief from Stay.  The Movants request that they be permitted "the limited and immediate relief to continue without further interruption or delay to prosecute the Lawsuit to judgment in the State Court, to collect on such judgment from any available insurance coverage(s), and/or to settle the Lawsuit and collect any settlement(s) from any available insurance coverage(s)."  Motions, ¶ 6. The Movants misunderstand the Debtors' insurance coverage and the necessary costs, time, and involvement associated with the Debtors' continued involvement and participation in the Lawsuit.  The Debtors have $500,000 in self-insured retention and then a $1,500,000 deductible before any insurance monies are impacted.  In addition, the Debtors fund litigation expenses that are

---

[4]  In addition, the Expedited Motion does not comply with the Local Rule 9013-1(N) by failing to file or attach a verified certification.

charged against these retentions and deductibles. The

Debtors have spent in excess of $300,000 to date

defending this Lawsuit notwithstanding very little

progress in the proceedings. Accordingly, the Movants

would have to receive a judgment in the minimum amount

of $2,000,000 (less incurred expenses) against the

Debtors before they would receive any insurance proceeds.

Continuation of the case against the Debtors would, at a

minimum, cause the Debtors to have to expend significant

additional costs in the defense of the Lawsuit.

9.    The Movants are entitled to file a proof

of claim for the full amount they assert against the

Debtors, which pursuant to Rule 3001(f) of the

Bankruptcy Rules is considered prima facie evidence of

the validity of the claim and amount until objected to

by the Debtors or another proper party in interest.

10.    The automatic stay provided for in

section 362 of the Bankruptcy Code operates as a stay

against:

> [T]he commencement or continuation,
> including the issuance or employment
> of process, of a judicial,
> administrative, or other action or
> proceeding against the debtor that

was or could have been commenced
before the commencement of the case
under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most

fundamental protection afforded a debtor in bankruptcy,"

In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and

Congress intended the automatic stay protection to have

broad application.  See H.R. Rep. No. 95-595. 95th Cong.,

a340-42(1978), reprinted in 1978 U.S.C.C.A.N. 5963,

6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted

in 1978 U.S.C.C.A.N. 5787, 5840-41.  "The main purpose

of the automatic stay is to give the debtor a breathing

spell from his creditors, to stop all collection efforts,

harassment and foreclosure actions."  In re Atlas

Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va.

1998)(citation omitted); see also In re A.H. Robins Co.,

788 F.2d 994, 998 (4th Cir. 1985) (stating that a key

purpose of section 362 is "to provide the debtor and its

executives with a reasonable respite from the protracted

litigation, during which they may have an opportunity to

formulate a plan of reorganization for the debtor"); In

re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

11.    Pursuant to section 326(d)(1), an
unsecured creditor is entitled to relief from the
automatic stay only if it is able to show that cause
exists for such relief.  See In re Tristar Auto Group,
Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an
unsecured creditor must "establish extraordinary
circumstances" for the court to lift the stay).  The
only express statutory definition of "cause" includes
"the lack of adequate protection of an interest in
property of such parting in interest."  11 U.S.C. §
326(d)(1).  Other circumstances constituting "cause" are
determined by the courts on a "case-by-case" basis.  See
In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).  The
moving party carries the burden of making an "initial
showing of 'cause' for relief from the stay."  In re
Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations
omitted).

12.    To determine whether "cause" exists to
lift or modify the automatic stay, the Fourth Circuit
has established that a bankruptcy court "must balance
potential prejudice to the bankruptcy debtor's estate
against the hardships that will be incurred by the

10

person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[5]

13.   As demonstrated below, applying this balancing test, the Movants cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as they have not alleged that the brief time delay imposed by the stay against the Debtors will impose a serious burden upon them. However, even if the Court finds that the Movants have leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

---

[5]   In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

**A.  Permitting the Lawsuit to Proceed Would Cause Prejudice to the Debtors and the Estates**

14.   The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case."  In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980).  Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited.  In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift stay because discovery would require the debtor to expend sufficient time and effort away

from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

15.  At the outset, it should be noted that the Movants' Motion for Relief is inconsistent with the fundamental purpose of the automatic stay.  The Motion for Relief was filed during the initial stages of these chapter 11 cases, and seeks to force the Debtors to proceed immediately with the Lawsuit, which is burdensome, time-consuming, costly litigation.  The Debtors' management and in-house legal team are already taxed with the responsibility of managing and responding to inquiries from the Debtors' creditors, vendors, employees, and other parties-in-interest regarding these chapter 11 cases.  The Movants nevertheless argue that the stay should be lifted so that they can proceed with the Lawsuit.

16.   The Debtors and their estates would be prejudiced if the automatic stay were modified to permit the Lawsuit to proceed at this point in these chapter 11 cases because litigating the Lawsuit would expose them to significant financial commitments and litigation costs in addition to the potential liability in the Lawsuit.

17.   Accordingly, the Debtors will suffer significant prejudice if the Motion for Relief were granted because of the distraction and interference to the Debtors' reorganization efforts that would flow from allowing the Lawsuit to proceed at this early stage of these chapter 11 cases.  See In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.")(citing In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984)).

**B.    The Movants Would Suffer Little, If Any,
        Hardship If The Automatic Stay Is Retained**

18.    While the Debtors would suffer

significant prejudice in moving forward with the Lawsuit

at this time, the Movants have not shown that they would

be prejudiced if the Motion is denied.  Such a denial

would only continue the status quo, and the Movants

would only face the ordinary delay that all creditors

face in complex chapter 11 cases.  Creditor delay is

inherent in the bankruptcy process, and is an

unavoidable – and intended – consequence of the

automatic stay.  See In re Comdisco, Inc., 271 B.R. 273,

279 (Bankr. N.D.III. 2002)("The automatic stay almost

always delays litigants.  That, after all, is its

purpose, and the reason they call it a 'stay.'").

Furthermore, the Lawsuit is still in the pretrial stages.

The Lawsuit has been pending for nearly four (4) years

and substantial discovery and pretrial motions remain

outstanding, and, if the Lawsuit were permitted to

proceed toward trial in the State Court in Illinois, a

decision on the merits leading to a liquidated claim

could take several years.  It is not likely, then, that

the stay would have any effect on the timing of the disposition of the Lawsuit.  Accordingly, it is in the best interests of both parties for the automatic stay to remain.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Expedited Motion and Motion for Relief and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: December 2, 2008      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                     - and –

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             333 West Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                     - and –

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley_____
                             Dion W. Hayes (VSB No. 34304)
                             Douglas Foley (VSB No. 34364)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Proposed Counsel for Debtors and
                             Debtors in Possession

\6743841.2