# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

------------------------------------------------- x
                                                  :
In re:                                            :   Chapter 11
                                                  :
CIRCUIT CITY STORES, INC., et al.                 :   Case No. 08-35653-KRH
                                                  :
          Debtors.                                :   Jointly Administered
                                                  :   Judge Kevin R. Huennekens
------------------------------------------------- x

## MOTION AND SUPPORTING MEMORANDUM OF
## CCDC MARION PORTFOLIO, L.P. FOR AN ORDER COMPELLING
## PAYMENT OF POST-PETITION RENT PURSUANT TO 11 U.S.C. § 365(d)(3)

CCDC Marion Portfolio, L.P. ("CCDC"), by and through its undersigned counsel, hereby moves for the entry of an order, substantially in the form attached hereto as Exhibit "A," compelling Circuit City Stores, Inc., one of the debtors in the above-captioned bankruptcy cases ("Circuit City"), to immediately pay post-petition rent (the "Motion"). In support of this Motion, CCDC respectfully states as follows:

Robert S. Westermann (VSB # 43294)
Henry (Toby) P. Long, III (VSB # 75134)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone: (804) 788-8327
Facsimile: (804) 788-8218

and

Michael S. Held (Texas Bar No. # 09388150)
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
Telephone: (214) 468-3334
Facsimile: (214) 468-3599

Attorneys For CCDC Marion Portfolio, L.P.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BASIS FOR RELIEF

2. The statutory predicate for the relief requested herein is section 365(d)(3) of 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), Circuit City and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Prior to the Petition Date, Circuit City and Cypress/CC Marion I, L.P. ("Cypress"), the predecessor in interest to CCDC, entered into a lease dated November 9, 2001 ("Lease") for a distribution facility at 110 Circuit City Road in Marion, Illinois designated as Store No. 755 (the "Premises"). Under terms described more fully in that certain Assignment and Assumption of Lease dated July 22, 2002, CCDC acquired the interest of Cypress in the Lease. Pursuant to the Lease, rent (as defined in the Lease) is <u>due each month on the last business day of each month</u>. Thus, payment for November 2008 rent under the Lease was due on November 28, 2008. A true and correct copy of the Lease is attached hereto as <u>Exhibit "B."</u>

5. The Debtor has failed to pay rent to CCDC due under the Lease for the month of November 2008[1] in the amount of $235,625 ("Post-Petition Rent").

---

[1] The Lease requires payment in arrears; therefore, CCDC contends that the entire November rent payment is due as a post-petition obligation. Should the Court determine that CCDC is only entitled to rent from November 10 through November 30, 2008, that portion of rent accruing post-petition totals $164,937.49.

## RELIEF REQUESTED

6. CCDC respectfully requests that the Court enter an Order that compels the Debtor to immediately pay the Post-Petition Rent to CCDC.

## ARGUMENT

7. 11 U.S.C. § 365(d)(3) requires that a debtor "timely perform all the obligations of the debtor...arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected...." 11 U.S.C. § 365(d)(3). Section 365(d)(3) protects Landlords from the possibility of increasing losses during the post-petition, pre-rejection period.

8. The Debtor continues to occupy and possess the Premises post-petition, without performing its post-petition obligations under the Lease (i.e. payment of the Post-Petition Rent). This Court and other courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. § 365(d)(3). *See In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F3d 237 (4th Cir. 2004); *In re Pudgie's Div. of New York, Inc.,* 202 B.R. 832 (Bank. S.D.N.Y. 1996); *see also In re Best Products Company, Inc.,* 206 B.R. 404 (E.D. Va. 1997); *In re Wingspread Coup.,* 178 B.R. 305 (Bankr. D. Mass. 1995); *see also Manhattan King David Restaurant, Inc.* v. *Levine,* 163 B.R. 36 (S.D.N.Y. 1993); *see also In re Rare Coin Galleries of American, Inc.,* 72 B.R. 415 (d. Mass 1987); *see also In the Matter of the Barrister of Delaware, Ltd.,* 49 B.R. 446 (Bankr. D. Del. 1985). Accordingly, the Court should enter an order that compels Circuit City to immediately pay CCDC the Post-Petition Rent and in order to satisfy obligations under the Lease pursuant to Section 365(d)(3) of the Bankruptcy Code.

9. Further, pursuant to the terms of the Lease, Circuit City is obligated to reimburse CCDC for its reasonable attorneys' fees and costs incurred by CCDC in connection with Circuit City's compliance under the terms of the Lease. *See* Lease Paragraph 20(c). As such, CCDC respectfully requests that Circuit City be directed to pay the attorneys' fees and costs incurred by CCDC in connection with the filing and prosecution of this Motion.

## NOTICE

10. Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, (iii) Counsel for the Official Committee of Unsecured Creditors, and (iv) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. CCDC submits that no other or further notice of this Motion is required.

## WAIVER OF MEMORANDUM OF LAW

11. CCDC respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

12. No previous motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, CCDC respectfully requests that the Court enter an Order that compels Circuit City to immediately pay CCDC the amount of $235,625, plus CCDC's reasonable attorneys' fees and costs, and grant CCDC such other and further relief as this Court deems proper and equitable.

Dated: December 2, 2008

Respectfully submitted,

HUNTON & WILLIAMS LLP

By: */s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Henry (Toby) P. Long, III (VSB No. 75134)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8327
Telecopy: (804) 788-8218

*and*

Michael S. Held
Texas Bar No. 09388150
Hunton & Williams LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 468-3334
Telecopy: (214) 468-3599

ATTORNEYS FOR CCDC MARION PORTFOLIO, L.P.

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties receiving electronic notice via the Court's CM/ECF system and electronic means and the following parties via US regular mail, on this the 2nd day of December, 2008.

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510
Counsel for the Debtors

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219
Counsel for the Debtors

Gregg Galardi, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899
Counsel for the Debtors

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Counsel for the Committee

                                              By: */s/ Robert S. Westermann*