IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., et al., : Case No. 08-35653-KRH
: Jointly Administered
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**OBJECTION AND JOINDER IN OBJECTIONS OF
MANUFACTURERS AND TRADERS TRUST COMPANY TO THE DEBTORS'
MOTION TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AS OF THE PETITION DATE AND THE ORDER
GRANTING THAT MOTION PURSUANT TO
<u>11 U.S.C. SECTIONS 105(a), 365(a) AND 554 AND FED. R. BANKR. P. 6006</u>**

Manufacturers and Traders Trust Company, by its attorneys, Hodgson Russ LLP and Christian & Barton, LLP, objects to the Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Personal Property Effective as of the Petition Date, and the underlying motion, and hereby states as follows:

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esq. (VSB No. 38216)
Jennifer M. McLemore, Esq. (VSB No. 47164)
Noelle M. James, Esq. (VSB No. 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:    (804) 697-4100
Facsimile: (804) 697-4112

Local Counsel for Manufacturers & Traders
Trust Company, as Trustee

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code.

2. On the Petition Date, the Debtors filed the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Rejection Motion"), in which they seek authority to (a) reject certain leases effective as of the Petition Date and (b) abandon personal property at such leased locations.

3. On the Petition Date, the Court entered the Rejection Order, which authorized and approved the rejection of certain leases as of the Petition Date, subject to the Debtors' obligation to return the keys to the Premises by November 12, 2008. The Court also granted the landlords the opportunity to object to the relief granted by the Court in the Rejection Order.

4. Manufacturers and Traders Trust Company ("M&T") is the indenture trustee in connection with seven pools of securitized leases (the "Securitized Leases") in which one or more of the Debtors is the lessee in connection with Circuit City stores in shopping centers and/or warehouses or distribution centers (the "Leased Premises"). The Securitized Leases and the income stream derived from the Securitized Leases have been assigned to M&T under certain assignments of rents and other documents, and confer upon M&T the ability to act on behalf of the landlords.

5. Upon information and belief, several of the Securitized Leases are among those that the Debtors are seeking to reject effective as of the Petition Date. A list of the Securitized Leases is attached hereto as Exhibit A.

6. M&T hereby joins in the various other objections filed by landlords in opposition to the Rejection Motion to the extent applicable and not inconsistent with this objection.

7. Upon information and belief, the Debtors have not unequivocally surrendered possession of some of the Leased Premises and the landlords are not free to retake possession of and have access to the Leased Premises at this time.

8. Based on the foregoing, M&T respectfully submits that rejection of the Securitized Leases as of the Petition Date is not appropriate. Rather, the Debtors should not be able to reject the Securitized Leases until the Leased Premises are fully and completely surrendered and the landlords have free access to the Leased Premises.

9. Furthermore, the Debtors should not be relieved of their obligations under the Securitized Leases, including (but not limited to) their obligations to pay rent, insurance premiums and property taxes, etc., until the Securitized Leases are actually rejected. M&T requests that the Court require the Debtors to pay these obligations as an administrative expense under Section 365(d)(3) of the U.S. Bankruptcy Code immediately or in a prompt manner which is otherwise "timely" under the Securitized Leases.

10. Section 365(d) of the U.S. Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is

>assumed or rejected, notwhithstanding section 503(b)(1) of [the
>U.S. Bankruptcy Code].

11.     Courts have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corporation*, 277 B.R. 655 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997); *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).

12.     Upon information and belief, the Debtors' determination to reject certain leases, particularly leases which have been sublet to subtenants, may not constitute an appropriate exercise of the Debtors' business judgment. It may be more beneficial for the Debtors' estates to assume and assign the leases and subleases to the landlords so the value of such subleases is not lost, and rejection damage claims may be reduced or eliminated.

13.     M&T also objects to the Rejection Order to the extent it precludes the request of an allowance of an administrative expense claim with respect to the costs of removal of any personal property that is abandoned by the Debtors and/or any repair costs.

14.     M&T expressly reserves all rights to assert claims under the Securitized Leases and nothing in the Rejection Order should pre-determine the nature of any claims that may be asserted with respect to the Securitized Leases.

**WHEREFORE**, Manufacturers and Traders Trust Company, as indenture trustee in connection with the Securitized Leases requests that this Court enter an order sustaining this objection, reserving all rights to Manufacturers and Traders Trust Company and the landlords under the Securitized Leases, along with such other and further relief as the Court may deem just and proper.

Dated: Richmond, Virginia
December 2, 2008

Respectfully submitted,

 /s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esq. (VSB No.13254)
Michael D. Mueller, Esq. (VSB No. 38216)
Jennifer M. McLemore, Esq. (VSB No. 47164)
Noelle M. James, Esq. (VSB No. 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-and-

Garry M. Graber, Esq.
Julia S. Kreher, Esq.
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349
Email:  GGraber@HodgsonRuss.com

*Counsel for Manufacturers & Traders
   Trust Company, as Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the Court's ECF system.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

912276.1