DAVID L. POLLACK (*pro hac vice*)
JEFFREY MEYERS (*pro hac vice*)
JESSE N. SILVERMAN (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

CONSTANTINOS G. PANAGOPOULOS (VA 33356)
CHARLES W. CHOTVACS (VA 70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

*Counsel for Centro Properties Group, Federal Realty Investment Trust,*
*Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC,*
*The Morris Companies Affiliates, and Uniwest Commercial Realty*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CIRCUIT CITY STORES, INC.** *et al.*. | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------x

**LIMITED OBJECTION OF CENTRO PROPERTIES GROUP, FEDERAL REALTY INVESTMENT TRUST, CENCOR REALTY, THE HUTENSKY GROUP, UBS REALTY INVESTORS, LLC, THE MORRIS COMPANIES AFFILIATES, AND UNIWEST COMMERCIAL REALTY TO DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502, AND BANKRUPTCY RULE 2002, 3003(C)(3), AND 9007 (I) SETTING GENERAL BAR DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM, AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE KEVIN R. HUENNEKENS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

        Centro Properties Group ("Centro"), Federal Realty Investment Trust ("Federal"),

Cencor Realty ("Cencor"), The Hutensky Group ("Hutensky"), UBS Realty Investors, LLC

("UBS"), The Morris Companies Affiliates ("Morris"), and Uniwest Commercial Realty ("Uniwest") by their undersigned attorneys, hereby make this Limited Objection to Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (ii) Approving Form and Manner of Notice Thereof (the "Motion") and in support thereof aver:

1. Centro, Federal, Cencor, Hutensky, UBS, Morris, and Uniwest are the owners or agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases") which are affected by the relief sought by the Motion. Centro, Federal, Cencor, Hutensky, UBS, Morris and Uniwest are hereinafter collectively referred to as "Objecting Landlords".

2. All of Objecting Landlords' premises are premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

3. By the Motion, Debtors seek entry of an order setting a general Bar Date in this matter. Objecting Landlords do not oppose the setting of the general Bar Date but believe that it is in the interest of the parties and judicial economy to add an additional exclusion to the Bar Date.

4. Specifically, Objecting Landlords request that the following exclusion be added to paragraph 4 of the Proposed Order:

> "(viii) Claims of landlords of unexpired leases of non-residential real property which have not been rejected prior to the General Bar Date. Claims for such leases which have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court."

5. Requiring landlords of non-rejected leases to file claims prior to the Bar Date simply guarantees that either an amended claim will be required when the lease is rejected or a withdrawal of the claim or motion to expunge will be filed after the lease is assumed.[1] If the lease is to be assumed, there will undoubtedly be a process for establishing cure amounts.

**WHEREFORE,** Objecting Landlords pray for relief consistent with the foregoing objections; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

**December 2, 2008**

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

**BY:** _____/s/ Charles W. Chotvacs_____
**CONSTANTINOS G. PANAGOPOULOS (VA 33356)**
**CHARLES W. CHOTVACS (VA 70045)**
**601 13th Street, N.W.**
**Suite 1000 South**
**Washington, D.C.  20005**
**Telephone: (202) 661-2200**
**Facsimile: (202) 661-2299**
**cgp@ballardspahr.com**
**chotvacsc@ballardspahr.com**

---

[1] Indeed, in the *Movie Gallery* matter currently pending in this jurisdiction, the Plan Administrator recently filed a Notice of Disallowance and Expungement of 43 pages containing hundreds of unsecured claims. [See Case #07-33849 at Docket #2948, November 18, 2008]. In turn, that filing has triggered numerous responses by parties opposing the expungement.  None of that would have been necessary if landlords did not have to file protective claims for non-rejected Leases.

        **BY:**   **/s/ Jesse N. Silverman**
**DAVID L. POLLACK (*pro hac vice*)**
**JEFFREY MEYERS (*pro hac vice*)**
**JESSE N. SILVERMAN (VA 46456)**
**51st Fl - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**Telephone: (215) 864-8325**
**Facsimile: (215) 864-9473**
pollack@ballardspahr.com
meyers@ballardspahr.com
silvermanj@ballardspahr.com

*Attorneys for Centro Properties Group, Federal Realty*
*Investment Trust, Cencor Realty, The Hutensky Group,*
*UBS Realty Investors, LLC, The Morris Companies Affiliates,*
*and Uniwest Commercial Realty*

## CERTIFICATE OF SERVICE

I, hereby certify that on the 2nd day of December, 2008, a true and accurate copy of the foregoing Limited Objection of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC, The Morris Companies Affiliates, and Uniwest Commercial Realty to Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (ii) Approving Form and Manner of Notice Thereof was electronically filed with the Clerk of the Court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

/s/ Charles W. Chotvacs
Charles W. Chotvacs