UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                      )
                                            )
CIRCUIT CITY STORES, INC., et al.,          )   Case No. 08-35653-KRH
                                            )   Chapter 11
                    Debtors.                )   (Jointly Administered)

**LIMITED OBJECTION OF 502-12 86th STREET LLC TO MOTION
OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTION
365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME
OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

502-12 86th Street LLC ("502-12 LLC"), by counsel, objects to the Motion of Debtors for

Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May

Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion"), and joins in

any other objections consistent with the relief sought herein. In support of its limited objection,

502-12 LLC states the following:

## BACKGROUND

1.     On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. and its

affiliated entities (collectively, the "Debtors") filed a voluntary petition for relief under Chapter

11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Eastern District of Virginia. The Debtors have continued operating

their businesses as debtors-in-possession under 11 U.S.C. §§ 1107 and 1108.

---

Michael P. Falzone (VSB No. 22324)                Steven H. Newman
Sheila deLa Cruz (VSB No. 65395)                  Katsky Korins LLP
Hirschler Fleischer, PC                           605 Third Avenue, 16th Floor
Post Office Box 500                               New York, NY 10158
Richmond, VA 23218-0500                           (212) 953-6000
(804) 771-9560                                    (212) 953-6899 (fax)
(804) 644-0957 (fax)

*Co-counsel for 502-12 86th Street LLC*          *Co-counsel for 502-12 86th Street LLC*

327747-2-W

2.   502-12 LLC is the owner of real property located at 502-12 86th Street, Brooklyn, New York. Pursuant to a lease dated August 23, 2005 (the "Lease"), 502-12 LLC leased certain portions of the aforementioned real property (the "Leased Premises") to the Debtors.

3.   Pursuant to the Lease, the Debtors are required to pay, on the first day of the month, base rent in the amount of $133,333.33.

4.   The Debtors currently remain in possession of and enjoy the use and occupancy of the Leased Premises.

5.   Since the Petition Date, the Debtors have failed to pay to 502-12 LLC *any* post-petition administrative rent, including November 2008 post-petition base rent in the amount of $93,333.33 (*i.e.*, November 10th through November 30th) and December 2008 post-petition base rent in the amount of $133,333.33.

6.   On November 20, 2008, the Debtors filed the Motion, seeking to extend the time in which they may assume or reject unexpired, nonresidential leases of real property for 90 days, *i.e.*, from March 20, 2009 to June 8, 2009. The Debtors seek the aforementioned relief without prejudice to any future extension requests by the Debtors, should the circumstances warrant such additional extensions beyond June 8, 2009. See Motion, ¶ 37.

## ARGUMENT

**A.   The Debtors must pay any and all post-petition obligations owed by them to 502-12 LLC pursuant to the Lease and § 365(d)(3) of the Bankruptcy Code.**

7.   502-12 LLC recognizes that the Debtors must review hundreds of leases in this bankruptcy proceeding and does not object to a reasonable extension of the initial 120-day deadline pursuant to § 365(d)(4) of the Bankruptcy Code. However, the plain language of 11 U.S.C. § 365(d)(3) provides that a debtor-in-possession "shall timely perform all obligations . . .

under any unexpired lease of nonresidential real property until such lease is assumed or rejected . . ."

8. Accordingly, the Debtors must thereby timely perform all post-petition obligations (*e.g.*, payment of rent) arising from the Lease pending assumption or rejection of the Lease under § 365(d)(3).

9. On November 25, 2008, 502-12 LLC filed a Motion to Compel (Docket No. 396) the Debtors to remit payment of administrative rent owed to 502-12 LLC pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code.

10. As of the filing of this Limited Objection, the Debtors owe 502-12 LLC post-petition rent in the amount of $226,666.66. In addition, it is uncertain whether the Debtors will pay any other post-petition obligations that may become due and owing prior to the Debtors' assumption or rejection of the Lease.

11. Thus, 502-12 LLC requests the Court to order the Debtors to pay all post-petition indebtedness already incurred and satisfy all future obligations as they become due under the Lease (prior to such time when the Lease is assumed or rejected) as a condition to an extension of the Debtor's deadline to assume or reject leases. See, e.g., In re Tandem Group, Inc., 60 B.R. 125 (Bankr.C.D.Cal. 1986) (granting the debtor an extension of the deadline to assume or reject leases, but on the condition that debtor timely perform its obligations owed to the landlord under the parties' nonresidential sublease and ordering the automatic rejection of the lease in the event that the debtor fails to perform such obligations).

**B. Any extension of the deadline to assume or reject leases should comply with the Bankruptcy Code and not extend beyond the confirmation of the Debtors' reorganization plan.**

12. The Debtors' Motion does not sufficiently limit the relief sought in accordance with the provisions of the Bankruptcy Code.

3

327747-2-W

13. A debtor-in-possession in a Chapter 11 case may assume or reject an unexpired, nonresidential real property lease by the *earlier* of: (a) 120 days after entry of an order for relief (the "120-day period"); or (b) the date an order confirming a plan has been entered. 11 U.S.C. § 365(d)(4)(A).

14. The Motion is silent as to whether the extension relief sought will be limited by the earlier of the dates as provided in § 365(d)(4)(A).

15. The primary purpose of § 365(d)(4) is "to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." Sea Harvest Corp. v. Riviera Land Co., 868 F.2d 1077, 1079 (9th Cir.1989); see also In the Matter of American Healthcare Management, 900 F.2d 827, 830 (5th Cir.1990).

16. Furthermore, the Debtors have no authority to delay the rejection or assumption of nonresidential real property leases beyond the date of the Debtors' plan confirmation. "A party to a contract may insist that it either be rejected or fully assumed under the plan if the contract has not already been dealt with separately from the plan. Such party as the right to be heard in respect of affirmation or rejection of the contract at the time of the confirmation hearing under 1128 or prior to such date, in order to assure adequate protection of its interest." In re Dynamic Tooling Systems, Inc., 349 B.R. 847, 854 (Bankr. D. Kan. 2006) citing In re Cole, 189 B.R. 40, 46 (Bankr. S.D.N.Y. 1995).

17. Thus, 502-12 LLC objects to the relief sought in the Motion to the extent that the Motion seeks an extension of the Debtors' deadline to assume or reject such leases beyond the date of an order confirming the Debtor's reorganization plan and in contravention of § 365 (d)(4)(A) of the Bankruptcy Code.

18. In addition, 11 U.S.C. § 365(d)(4)(B) provides that the Court may extend a debtor's deadline to assume or reject leases for 90 days after the 120-day period expires, but that

4

327747-2-W

the Court's grant of other, subsequent extensions can occur "only upon the prior written consent of the lessor in each instance."

19.     Accordingly, 502-12 LLC requests that, in the event the Court grants the Motion, the Court's order reflects only a 90-day extension of the Debtors' deadline to assume or reject and prohibits subsequent extensions without the prior written consent of the appropriate landlords, including 502-12 LLC.

**WHEREFORE**, 502-12 LLC respectfully requests the Court: (i) require the Debtors to pay all outstanding administrative, post-petition obligations owed to 502-12 LLC and to timely pay any future obligations as may become due under the provisions of the Lease as a condition of such extension; (ii) limit any extension to the *earlier* of the confirmation date of the Debtors' plan or June 8, 2009; (iii) prohibit any subsequent extensions without the prior written consent of the appropriate landlords; and (iv) granting such other relief which this Court deems just and proper.

Dated:  December 3, 2008                                  502-12 86th STREET LLC

                                                          By:   /s/ Michael P. Falzone
                                                                    Co-counsel

Michael P. Falzone (VSB #22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9560
(804) 644-0957 (fax)

Steven H. Newman
Katsky Korins LLP
605 Third Avenue, 16th Floor
New York, NY 10158
(212) 953-6000
(212) 953-6899 (fax)
*Counsel for 502-12 86th Street LLC*

5

327747-2-W

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases and to the following parties:

Greg M. Galardi
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
gregg.galardi@skadden.com

and

Dion W. Hayes
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
dhayes@mcguirewoods.com
*Counsel for the Debtors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdog.gov
*Assistant United States Trustee*

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com

and

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
*Counsel for the Creditors Committee*

/s/ Michael P. Falzone
Michael P. Falzone

6

327747-2-W