Constantinos G. Panagopoulos (VSB #33356)
Charles W. Chotvacs, Esquire (VSB #70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

-and-

Ivan M. Gold, Esq.
ALLEN MATKINS LECK GAMBLE MALLORY
  & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516

*Attorneys for Bear Valley Road Partners LLC,*
*Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P.,*
*and OTR-Clairemont Square*

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re | Case No. 08-35653-KRH |
| | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: December 5, 2008 @ 10:00 a.m. ET** |

**LIMITED OBJECTION OF BEAR VALLEY ROAD PARTNERS LLC, LAGUNA GATEWAY PHASE 2, LP, MANTECA STADIUM PARK, L.P., AND OTR-CLAIREMONT SQUARE TO MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE §365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Bear Valley Road Partners LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., and OTR-Clairemont Square, lessors of Debtors at various shopping center locations (collectively, the "Objecting Landlords"), by and through their undersigned counsel, hereby object to the *Motion of Debtors For Order Under Bankruptcy Code §365(d)(4) Extending Time*

*Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 290] (the "Extension Motion"). As discussed below, the Extension Motion, by seeking to establish June 8, 2009 as the deadline for Debtor's "decision whether to assume or reject [its] leases," (Extension Motion at 3:18-20), seeks relief beyond the express provisions of Section 365(d)(4) of the Bankruptcy Code. Any order approving an extension of the Debtors' time to assume or reject unexpired non-residential real property leases should be limited to the terms of the governing statute.

1. Circuit City Stores, Inc., and its affiliated co-debtors (the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. The Debtors lease retail space from the Objecting Landlords where they currently operate retail stores as tenant pursuant to unexpired lease of nonresidential real property (the "Lease") at the following shopping center locations (the "Leased Premises"):

| Debtor's Store # 450 | 12133 Mall Boulevard | Victorville, CA |
| --- | --- | --- |
| Debtors' Store # 443 | Clairemont Town Square | San Diego, CA |
| Debtors' Store #250 | Laguna Gateway | Elk Grove, CA |
| Debtors' Store #4131 | Stadium Center | Manteca, CA |

3. Each of Debtors' leases with Objecting Landlords are a "lease of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On November 20, 2008, the Debtors filed the Extension Motion, seeking a 90-day extension to June 8, 2009 of the initial 120-day period provided by Bankruptcy Code section 365(d)(4) within which Debtors must assume or reject its unexpired leases of nonresidential real property. Absent the relief requested by the Extension Motion, the period provided by Section 365(d)(4)(A) for assuming or rejecting Debtors' leases will expire on March 10, 2009.

**OBJECTION**

Objecting Landlords do not generally challenge the request by the Debtor to extend the time to assume or reject consistent with that permitted by Bankruptcy Code section 365(d)(4)(B)(i).  But Debtor's Extension Motion seeks more than that, requesting that the Court "grant them an additional 90 days in which *to determine whether to assume or reject the leases* …." (Rejection Motion at ¶ 13, emphasis added).  The proposed Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property ("Proposed Order"), accompanying Debtors' Extension Motion, describes the relief requested as an extension of the "period within which the Debtors *may move to assume or reject* any or all of the Leases, except for those specific leases set forth on Exhibits B (Closing Store Leases) and C (Rejected Leases)." (Proposed Order at ¶ 2, emphasis added).

Such relief is contrary to the 210-period to assume or reject Debtor's leases established by Section 365(d)(4), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  Debtors apparently suggests that they can have the 210-day period to "determine" whether to assume or reject their leases when the statutory scheme provides that an *order assuming Debtor's leases must be entered by [the extended deadline of] September 5, 2008*, or the leases are deemed rejected.

Bankruptcy Code section 365(d)(4) now provides:

> (A)    Subject to subparagraph (B), an unexpired lease of non-residential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that non-residential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of
>
>    (i)    the date that is 120 days after the date of the order for relief; or
>
>    (ii)    the date of the entry of an order confirming a plan.
>
> (B)    (i)    The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

3

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

Debtors apparently assert a novel interpretation of Section 365(d)(4), asserting that the statute requires only that the Debtors communicate its decision to assume or reject by filing a motion before the expiration of the 210-day deadline.

But Debtors' apparent interpretation of Section 365(d)(4) cannot be reconciled with the plain language of the statute. The statute clearly provides that nonresidential real property leases "shall be deemed rejected" if Debtors do not assume or reject its leases prior to the expiration of the initial 120-day period (§365(d)(4)(A)), as may extended by 90 days to June 8, 2009 (§365(d)(4)(B)(i)). The language of the statute is based on whether or not the lease has been assumed or rejected by the prescribed deadline, not whether a decision has been made to assume or reject prior to the deadline with a later effective date. Like the previous version of the statute, Section 365(d)(4), as amended by BAPCPA, is self-executing. In re Tubular Technologies, LLC, 362 B.R. 243, 246 (Bankr. D.S.C. 2006) (order extending the initial 120-day deadline under Section 365(d)(4) must be entered before expiration of deadline); accord In re Elm Inn, Inc., 942 F.2d 630, 633 (9th Cir. 1991); In re Esmizadeh, 272 B.R. 377, 386 (Bankr. E.D.N.Y. 2002); see also In re Swiss Hot Dog Co., 72 B.R. 569, 573 (Bankr. D. Colo. 1987) (assumption of lease cannot be effected by conduct but requires court order). Thus, if an order providing for the assumption of Debtors' leases is not entered by June 8, 2009 extended deadline, such leases will be deemed rejected by operation of law on that date (unless a landlord consents to a further extension as provided by Section 365(b)(4)(B)(ii)).

While legislative history need not be considered given the plain language of the statute,[1] Debtors' interpretation of Section 365(d)(4) is nevertheless at odds with both the language of the

---

[1] There is no need to resort to legislative history to aid in interpretation if there is no ambiguity in the statutory language. See, e.g., Maurice Sporting Goods, Inc. v. Maxway Corporation (In re Maxway Corporation), 27 F.3d 980, 982 (4th Cir. 1994). "[T]here is a strong and longstanding view that the words of a statute are supreme and, if they are clear, they should be taken as fully embodying what the legislature intended. If the text is

(continued...)

4

statute and its legislative history.  "The legislative history of the revised provision appears clearly to indicate that Congress intended to eliminate any judicial discretion to extend the outside period beyond 210 days," Cherkis & King, <u>Collier Real Estate Transactions and the Bankruptcy Code</u> (Matthew Bender 2005), ¶3.01[3] at p. 3-42.2, which is precisely what the Debtors seek here.

> *Sec. 404. Executory Contracts and Unexpired Leases.* Subsection (a) of section 404 of the Act amends section 365(d)(4) of the Bankruptcy Code to **establish a firm, bright line deadline by which an unexpired lease of nonresidential real property must be assumed or rejected**. If such lease is not assumed or rejected by such deadline, then such lease shall be deemed rejected, and the trustee shall immediately surrender such property to the lessor. Section 404(a) permits a bankruptcy trustee to assume or reject a lease on a date which is the earlier of the date of confirmation of a plan or the date which is 120 days after the date of the order for relief. An extension of time may be granted, within the 120 day period, for an additional 90 days, for cause, upon motion of the trustee or lessor. Any subsequent extension can only be granted by the judge upon the prior written consent of the lessor either by the lessor's motion for an extension or on motion of the trustee, provided that the trustee has the prior written approval of the lessor. This provision is designed to remove the bankruptcy judge's discretion to grant extensions of the time for the retail debtor to decide whether to assume or reject a lease after a maximum possible period of 210 days from the time of entry of the order of relief. Beyond that maximum period, the judge has no authority to grant further time unless the lessor has agreed in writing to the extension.

H.R. Rep. 109-31(I), 109th Cong., 1st Sess. 2005, p. 152-153, 2005 U.S.C.C.A.N. 86-87, <u>reprinted in</u> Vol. E-2 Collier on Bankruptcy (Matthew Bender 15th Ed. Revised), App. Pt. 10(b), p. 10-354, emphasis added.

A leading commentary on the 2005 amendments observes:

> BAPCA §404 amends former Code §365(d)(4) to provide that unexpired leases of nonresidential real estate in which the debtor is the lessee are deemed rejected and must be immediately surrendered to the lessor by the earlier of 120 days after the commencement of the case or the date of confirmation of a plan. The court, for cause, may extend the 120-day period for an additional 90 days, but any extension subsequent to the additional 90 days is available only with the consent of the lessor.

---

(...continued)
  not ambiguous, that is the end of the inquiry." <u>In re Kane</u>, 336 B.R. 477, 486 (Bankr. D. Nev. 2006).

5

> Thus the new law provides for *automatic* rejection of a nonresidential real estate lease if the reorganizing tenant does not assume the lease, and it imposes a strict deadline on this process. 11 U.S.C.A. §365(d)(4). At the end of those scheduled events, the landlord is given a veto over the tenant's ability to extend the deadline further.

Brown & Ahern, 2005 Bankruptcy Reform Legislation With Analysis (Thompson/West 2005) at p. 97 (emphasis in original).

Debtors cannot prevent the deemed rejection of any of its leases merely by moving to assume leases prior to the June 8, 2009 deadline, as suggested by the Extension Motion and Proposed Order. There is no justification for departure from the plain meaning of the governing statute.

## JOINDER

To the extent not inconsistent with the foregoing, the Objecting Landlords join in the objections to the Extension Motion filed by Debtors' other landlords.

## CONCLUSION

Based on the foregoing, any order providing for an extension of time for the Debtors to assume or reject their unexpired nonresidential real property leases should provide that June 8, 2009 is the last day for Debtor to assume or assume and assign such leases, as provided by Bankruptcy Code section 365(d)(4).

DATED: December 3, 2008        Respectfully submitted,

        /s/  Charles W. Chotvacs
Constantinos G. Panagopoulos (VSB #33356)
Charles W. Chotvacs, Esquire (VSB #70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
cgp@ballardspahr.com
chotvacsc@ballardspahr.com

   -and-

Ivan M. Gold, Esq.
ALLEN MATKINS LECK GAMBLE MALLORY
  & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516
igold@allenmatkins.com

*Attorneys for Bear Valley Road Partners LLC,
Laguna Gateway Phase 2, LP,
Manteca Stadium Park, L.P.,
and OTR-Clairemont Square*

## **CERTIFICATE OF SERVICE**

I, hereby certify that on the 3rd day of December, 2008, a true and accurate copy of the foregoing Limited Objection of Bear Valley Road Partners LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., and OTR-Clairemont Square was electronically filed with the Clerk of the Court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

    /s/  Charles W. Chotvacs
    Charles W. Chotvacs