Charles W. Chotvacs (VSB #70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

- and -

Thomas J. Leanse (Cal. Bar No. 084638)
Dustin P. Branch (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC., <u>et al.</u>,** | ) | Case No. 0835653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF THE MACERICH COMPANY, RREEF MANAGEMENT COMPANY, COUSINS PROPERTIES INCORPORATED, WATT MANAGEMENT COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PORTLAND INVESTMENT COMPANY, AND KNP TO THE MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(D)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF <u>NONRESIDENTIAL REAL PROPERTY</u>**

The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company, and KNP (the "<u>Landlords</u>") hereby file their limited objection (The "<u>Objection</u>") to the Motion of Debtors For Order Under Bankruptcy Code Section

365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Extension Motion"),[1] and respectfully represent as follows:

## I. BACKGROUND FACTS

1. Circuit City Stores, Inc. and its affiliated Debtor entities (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008. The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

2. Landlords are the owners or managing agents of numerous shopping centers (the "Centers") throughout the United States wherein Debtors continue to operate their retail stores (the "Premises") pursuant to nonresidential real property leases (the "Leases"). The specific Landlord and location for each Lease subject to this Objection is set forth in Exhibit "A" and is incorporated herein by this reference.

3. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On November 21, 2008, the Debtors filed the Extension Motion, seeking an extension of the time to move to assume, assume and assign, or reject the Leases, through June 8, 2009.

5. While the Landlords do not object to a grant of the statutory extension, the Debtors need to comply with Section 365(d)(3) and Section 365(d)(4) as a condition of any extension.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Extension Motion and accompanying documents.

[2] Unless otherwise specified, all statutory "Section" references are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

## II.   ARGUMENT

**A.   The Debtors must pay all post-petition balances owing under the Leases pursuant to Section 365(d)(3) as a condition to any extension of time to assume or reject.**

6.   This Court should condition any extension of time to assume, assume and assign, or reject the Leases upon the Debtors' timely performance of all outstanding post-petition obligations and all future obligations as they come due under the Leases, until such time as they are assumed or rejected. In re Tandem Group, Inc., 60 B.R. 125, 127 (Bankr. C.D. Cal. 1986) (conditioning extension of time to assume or reject on timely performance under that lease, and ordering automatic rejection upon failure to timely perform under the lease). Courts in this jurisdiction recognize that landlords are entitled to the immediate payment of post-petition rent and charges under Section 365(d)(3). See In re Best Products Company, Inc., 206 B.R. 404 (E.D. Va. 1997).

7.   The Debtors are not post-petition current on their lease obligations as they have not paid post-petition rent and charges for November 2008 (the "Stub Rent"). As a result, the Debtors have failed to timely pay their post-petition obligations under the Leases. Section 365(d)(3) of the Bankruptcy Code, protects non-residential real property landlords from delays in post-petition payments, providing:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, ***notwithstanding section 503(b)(1) of this title***. (emphasis added)

11 U.S.C. § 365(d)(3). The plain language of Section 365(d)(3) and the relevant case law clearly require the Debtors' immediate payment of all post-petition rents and related charges.

8.   The Debtors' compliance with Section 365(d)(3) is mandatory, and they must timely perform all obligations under the Lease during the post-petition period. See In re New Almacs, Inc., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.), 27 F.3d 401 (9th Cir. 1994). Moreover, under Section 365(d)(3), the Debtors' obligations under the Leases must be paid immediately pursuant to the Leases' terms, without such delay as may occur as to ordinary Section 503 claims. See, e.g., In

- 3 –

re Microvideo Learning Systems, 254 B.R. 90, 93 (S.D.N.Y. 1999); In re Duckwall-Alco Stores, Inc., 150 B.R. 965, 971 n.10 (Bankr. D. Kan. 1993). This heightened priority exists because the Debtors' obligations under Section 365(d)(3) are independent of, and not subject to, the requirements for the allowance of administrative expenses pursuant to Section 503. See In re Valley Media, Inc., 290 B.R. 73, 77 (Bank. D. Del. 2003); In re Dry Dock & Repair Corp., 62 B.R. 879, 882-83 (Bankr. E.D.N.Y. 1986).

9. In 1984, Congress amended the Bankruptcy Code to ensure prompt payment of post-petition lease obligations arising from a debtor's continuing use and occupation of premises under a lease of nonresidential real property. 11 U.S.C. § 365(d)(3). In creating Section 365(d)(3), Congress' intent was that landlords would no longer be forced to provide services to debtors without compensation. See Koenig Sporting Goods, Inc., 203 F.3d 986, 989 (6th Cir. 2000); see also In re Microvideo Learning Systems, 232 B.R. 602, 604, aff'd 227 F.3d 474 (2d Cir. 2000) (Congress added this section to the Code in 1984 as part of a series of amendments intended to improve the position of lessors of nonresidential real property).

10. One of the primary goals of Section 365(d)(3) is to prevent landlords from becoming involuntary creditors of a debtor's bankruptcy estate. See In re Handy Andy Home Imp. Centers, Inc., 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996). The legislative history of Section 365(d)(3) demonstrates the intent to ensure that landlords receive immediate payment for all of a debtor's obligations under its leases, and to prevent the injustice of landlords providing forced and uncompensated services to debtors. See Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 211 (3d Cir. 2001). The legislative history also demonstrates that Section 365(d)(3) was (and is) intended "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." Omni Partners, L.P. v. Pudgie's Dev. of NY, Inc. (In re Pudgie's Dev. of NY, Inc.), 239 B.R. 688, 692 (S.D.N.Y. 1999) (quoting 130 Cong. Rec. S8894-95 (daily ed. June 29, 1994) (statement of Sen. Hatch)). Clearly, Congress and the courts have determined that the Landlords should receive the benefit of their

bargain in exchange for being compelled to continue providing the Debtors with a critical service. See In re Travel 2000, Inc., 264 B.R. 444 (Bankr. W.D. Mich. 2001).

11. Prior to the 1984 amendments, landlords were awarded administrative expense priority for charges accruing under their leases post-petition under Section 503(b)(1). In re GC Companies, Inc., 261 B.R. 594, 597 (Bankr. D. Del. 2001). Under Section 503(b)(1), however, the landlord had the burden of proving an entitlement to payment of lease charges as an administrative expense by showing that the lease payments were "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(1). In re P.J. Clarke's Restaurant Corp., 265 B.R. 392, 397 (Bankr. S.D.N.Y. 2001).

12. Through Section 365(d)(3), Congress specifically eliminated the burden to prove actual benefit and value of services. Section 365(d)(3) relieves landlords from any requirement to show a benefit to the estate for payment of an administrative rent claim for post-petition lease obligations. See Microvideo Learning Systems, 254 B.R. at 93; see also In re Twigland Fashions, Inc., 198 B.R. 199 (W.D. Tex. 1996). Section 365(d)(3), therefore, provides special protections and the phrase "notwithstanding section 503(b)(1)" means "irrespective of whether payments required under the lease meet the usual requirements for administrative status, reasonableness and benefit to the estate, they are unconditionally due." Pudgie's Dev. of NY, Inc., 239 B.R. at 692 (quoting In re Wingspread Corp., 116 B.R. 915, 926 (Bankr. S.D.N.Y. 1990)).

13. The Debtors have represented that the extension is necessary as part of their deal with their secured lenders to fund these bankruptcy estates. See Extension Motion at ¶¶ 14 – 16. In order to secure such relief, the Debtors need to comply with the requirements of the Bankruptcy Code. Therefore, in exchange for this early extension of time, the budget and funding should provide for the immediate payment of all post-petition rent and charges, including Stub Rent. The Landlords request that the Court order the Debtors to pay all Stub Rent, as well as timely pay all December rent and charges and all other going forward post-petition rent and charges when such charges come due and owing under the Leases.

B. **The Debtors must assume or reject the Leases not later than June 8, 2009.**

14. The Extension Motion and proposed order request that the Court extend the time for the Debtors to **move** to assume or reject their leases until June 8, 2009. See Extension Motion at ¶ 37; see also proposed order at ¶ 2. This does not comply with Section 365(d)(4). The language used by the Debtors suggests that they could file a motion to assume or reject the Leases on June 8, 2009, and that the filing of the motion would prevent the Leases from being deemed rejected until such motion was heard.

15. Section 365(d)(4) is clear that "an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired leases by the earlier of (i) the date that is 120 days after the order for relief; or (ii) the date of the entry of an order confirming a plan." See Section 365(d)(4)(A).

16. Section 365(d)(4) then provides that: [t]he Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." See Section 365(d)(4)(B)(i).

17. There is nothing in the language of either subparagraph provides for any gap period to extend the time to assume or reject pending a determination of a motion filed by the Debtors prior to the statutory deadline, and no such gap relief is permissible under the current version of Section 365(d)(4). The Leases must be deemed rejected if the Debtors do not assume or reject the Leases by June 8, 2009, absent the Debtors obtaining written consent of their Landlords pursuant to Section 365(d)(4)(B)(ii).

C. **No extension beyond Confirmation date of Plan.**

18. Any extension of time to assume or reject leases should be limited so that that such extension does not extend beyond the confirmation of any plan of reorganization. Prior to the enactment of Section 365(d)(4), Section 365(d)(2) permitted the assumption or rejection of all unexpired leases, including leases of non-residential real property, "at any time before the confirmation of a plan."

19. Nothing in the subsequent amendments to the Bankruptcy Code has changed the requirement that a lease be assumed or rejected no later than plan confirmation.[3] In fact, the current language of Section 365(d)(4) still includes this language, providing that the Debtor must assume or reject the Leases "by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4). Therefore, there is no authority for the Debtor to delay the assumption of the Leases beyond the date of plan confirmation. See In re Dynamic Tooling Systems, Inc., 349 B.R. 847, 854 (Bankr. D. Kan. 2006); see also In re Cole, 189 B.R. 40, 46 (Bankr. S.D.N.Y. 1995) citing 5 L. King, Collier on Bankruptcy, P 1123.02 at 1123-20 to 1123-21 (15th Ed. 1991).

20. As a result, the Court should limit any extension of time to the earlier of Plan confirmation or June 8, 2009.

**D.  Landlords join in the objections of other landlords.**

21. To the extent not inconsistent with the relief sought herein, Landlords join in any other opposition to the Extension Motion.

**III.  CONCLUSION**

Based on the foregoing, the Landlords respectfully request that the Court enter an Order:

a. Requiring the payment of Stub Rent as a condition to any extension of time to assume or reject the Leases, and the timely payment of all post-petition administrative expenses associated pursuant to 11 U.S.C. § 365(d)(3) on a going forward basis;

---

[3] The authority to assume or reject leases is limited by the express terms of Section 365(a) to a trustee, which includes a debtor-in-possession by virtue of Section 1107(a), but does not extend to reorganized debtors. See In re Grinstead, 75 B.R. 2, 3 (Bankr. D. Minn. 1985) ("There is no debtor-in-possession status of a debtor's post-confirmation.").

b. Requiring that the all Leases be assumed or rejected by the earlier of (i) plan confirmation, and (ii) June 8, 2009; and

c. For such other and further relief as the Court deems just and proper.

DATED: December 3, 2008                **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

By:___ /s/ Charles W. Chotvacs_____ _____
    Charles W. Chotvacs (VSB #70045)
    BALLARD SPAHR ANDREWS & INGERSOLL, LLP
    601 13th Street, N.W.
    Suite 1000 South
    Washington, D.C. 20005-3807
    Telephone: (202) 661-2200
    Facsimile: (202) 661-2299
    chotvacsc@ballardspahr.com

- and –

**KATTEN MUCHIN ROSENMAN LLP**

Thomas J. Leanse (TL-8802)
Dustin P. Branch (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
Facsimile: (310) 788-4471
thomas.leanse@kattenlaw.com
dustin.branch@kattenlaw.com

*Attorneys for The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company, and KNP*

## **EXHIBIT A**

| | |
|---|---|
| THE MACERICH COMPANY | |
| Chandler Gateway | Chandler, AZ |
| Green Tree | Clarksville, IN |
| Lakewood Center | Lakewood, CA |
| San Tan Village | Gilbert, AZ |
| Scottsdale | Scottsdale, AZ |
| Scottsdale 101 | Scottsdale, AZ |
| Tysons Corner | McLean, VA |
| Village Square I | Phoenix, AZ |
| Vintage Faire | Modesto, CA |
| COUSINS PROPERTIES | |
| Avenue at Forsyth | Cumming, GA |
| Los Alto Market Center | Long Beach, CA |
| North Point Market Center | Alpharetta, GA |
| WATT PROPERTIES | |
| Compton Town Center | Compton, CA |
| Norwalk Plaza | Norwalk, CA |
| Riverside Town Center | Riverside, CA |
| RREEF MANAGEMENT COMPANY | |
| Crossroads Center | Falls Church, VA |
| Firecreek Crossing | Reno, NV |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | |
| Desert Crossing | Desert Springs, CA |
| Pembrooke Crossing | Pembrooke, FL |
| PORTLAND INVESTMENT COMPANY OF AMERICA | |
| Sawmill Plaza | Columbus, OH |
| KNP | |
| Pasadena | Pasadena, CA |

## **CERTIFICATE OF SERVICE**

I, hereby certify that on the 3rd day of December, 2008, a true and accurate copy of the foregoing Objection of The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company, and KNP was electronically filed with the Clerk of the Court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

      /s/ Charles W. Chotvacs
      Charles W. Chotvacs