**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**OBJECTION OF RICMAC EQUITIES CORPORATION TO MOTION
OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE
SECTION 365(d) (4) EXTENDING TIME WITHIN
WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED
<u>LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Ricmac Equities Corporation ("Ricmac"), by counsel, hereby objects to the Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion") (Docket No. 290), and in support of this objection states as follows:

1.  Ricmac is the landlord under a ground lease (the "Lease") with Circuit City Stores, Inc. for the real property located at 217 Bethpage Road, Hicksville, New York (the "Property"). The Lease is listed on Exhibit A to the proposed order filed with the Motion as one of the leases for which the Debtors are seeking an extension of time from March 10, 2009 to June 8, 2009 within which to assume or reject the lease. A true and correct copy of the Lease (without exhibits) is attached to the Affidavit of Thomas McDaniel (Exhibit A hereto) (the "McDaniel Affidavit") as Exhibit 1.

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Attorney for Ricmac Equities Corporation

2. Debtor Circuit City Stores, Inc. is obligated to make rent payments in the amount of $37,812.00 per month. McDaniel Affidavit ¶ 5. In addition, under Paragraph 6 of the Lease, Circuit City Stores, Inc. is required to pay all real estate taxes affecting the Property before any interest or penalties are imposed.

3. Pursuant to these Lease provisions, the postpetition obligations of Circuit City Stores, Inc. pursuant to the Lease are as follows through December 1, 2008:

| | |
|---|---|
| Prorated November rent (11/10 – 11/30) | $25,208.33 |
| December rent (due 12/1) | 37,812.00 |
| Prorated second half school taxes for 7/1/08-6/30/09 fiscal year (due no later than 11/10) (11/10-12/31) (total payment $71,140.85) | 22,290.80 |
| TOTAL | $85,311.13 |

McDaniel Affidavit ¶ 6. Notwithstanding the requirement of Bankruptcy Code § 365(d)(3), that the Debtors must pay their postpetition rent obligations as and when they come due, none of these amounts have been paid. McDaniel Affidavit ¶ 7.

4. In January, 2009, the first half 2009 general real estate tax payment will become due. Although the amount of the 2009 taxes has not yet been determined, the 2008 general real estate taxes were $102,547.58. McDaniel Affidavit ¶ 8. Circuit City Stores, Inc. is obligated to make this payment in addition to paying the rent due under the Lease. Therefore, in January, 2009 Circuit City Stores, Inc. will owe $37,812.00 in rent and approximately $50,000.00 in taxes.

5. In addition, under Lease Paragraph 26(d), Circuit City Stores, Inc. is liable for the interest and penalties which are accruing on the unpaid second half school taxes, and for the attorneys' fees incurred by Ricmac. All of Ricmac's postpetition obligations under the Lease are administrative expenses of the bankruptcy estate of Circuit City Stores, Inc. *Cf. CIT Communications Finance Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.),* 406 F.3d 229, 234, 236 (4th Cir. 2005) (a lessor under a personal property lease is entitled to recover all payments due under the lease as an administrative expense under Bankruptcy Code § 365(d)(10) [now § 365(d)(5)]; also recognizing the fact that the courts have interpreted §365(d)(3) and § 365(d)(10) consistently).

6. The Motion recognizes that "whether the lessor continues to receive postpetition rental payments" is a factor to be considered by the Court in determining whether cause exists to grant the requested extension (Motion p. 13). However, neither the Motion nor the proposed order filed therewith offer any affirmative protection to the landlords whose leases would be in limbo until June 8, 2009 if the Motion is granted. Instead, the Motion states only that the Debtors "intend" to "remain" current on their postpetition rent obligations under the leases covered by the Motion, and that if the Debtors do not "remain" current, the landlords can pursue their remedies. Motion ¶¶ 29, 30.

7. The Debtors' stated intention to satisfy their postpetition rent obligations as and when they become due under the leases covered by the Motion has not been realized as to Ricmac and its Lease. To the contrary, Circuit City Stores, Inc. is in breach of the Lease, has failed to comply with Bankruptcy Code §365(d)(3), and has already incurred more than $85,000.00 in unpaid rental obligations to Ricmac, with another approximately $87,000.00 coming due in January, 2009. Indeed, the use of the term "remain" in the Motion is misleading,

because it indicates that the Debtors are already current on their postpetition rent obligations, and this is clearly not the case.

8. Given Circuit City Stores, Inc.'s disregard of its obligations under the Lease and under Section 365(d)(3), Ricmac will be prejudiced by the requested extension unless it is conditioned on the requirement that Circuit City Stores, Inc. immediately bring current all postpetition payments under the Lease and that it make all future postpetition payments under the Lease as and when they come due. Moreover, if Circuit City Stores, Inc. fails to make these payments, then the Lease should be deemed to have been rejected upon the filing of a certification of nonpayment by Ricmac.

WHEREFORE, Ricmac Equities Corporation, Inc., by counsel, hereby respectfully requests that the Court condition any approval of the Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property on the immediate payment by Circuit City Stores, Inc. of the amounts due under its lease with Ricmac, and on the satisfaction of its future obligations under the lease as and when they come due, failing which the lease shall be deemed to be rejected.

Respectfully submitted

THE MEIBURGER LAW FIRM, P.C.

Dated: December 3, 2008         By:    /s/ Janet M. Meiburger
                                        Janet M. Meiburger, Esq.
                                        (VSB No. 31842)
                                        1493 Chain Bridge Road, Suite 201
                                        McLean, Virginia 22101
                                        (703) 556-7871

                                        Attorney for Ricmac Equities Corporation

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 3d day of December, 2008, (1) a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to Motion of Debtors for Order Under Bankruptcy Code Section 365 (d) (4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property will served by ECF e-mail pursuant to the applicable Standing Order of the Court, which includes service on most of the persons included on the Core Group Service List and the Rule 2002 List; (2) I caused a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to Motion of Debtors for Order Under Bankruptcy Code Section 365 (d) (4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property to be sent by e mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com; and (3) I caused a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to Motion of Debtors for Order Under Bankruptcy Code Section 365 (d) (4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property to be sent by first class mail, postage prepaid, to:

> Circuit City Stores, LLC
> Attention:  Reginald D. Hedgebeth
> 9950 Maryland Drive
> Richmond, VA  23233
>
> Riemer & Braunstein LLP
> Attention:  David S. Berman
> Three Center Plaza, 6th Floor
> Boston, MA  02108.

      /s/ Janet M. Meiburger
      Janet M. Meiburger