# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF PAN AM EQUITIES TO DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Pan Am Equities, Inc. ("Pan Am"), a creditor of Debtor, Circuit City Stores, Inc. ("Debtor"), and lessor at Oakland Pointe Shopping Center in Pontiac, Michigan, Store No. 1880 ("Property"), objects in part to the *Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures* ("Motion").

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, VA  23510
(757) 227-5155
(757) 227-5158 facsimile
*Attorneys Pan Am Equities, Inc.*

1. The Motion would permit the assignment and assumption, or rejection, pursuant to 11 USC §365, of the lease between Pan Am and the Debtors dated October 17, 1989 as amended and assigned, described in the Motion and the Exhibit attached to the Motion ("Lease").

2. Pan Am does not object generally to the Debtor's seeking assumption and assignment, or rejection, of the Lease pursuant to the Bankruptcy Code, but objects to portions of the Motion which alter and restrict the rights and protections afforded to Lessors by the Bankruptcy Code, as well as any alteration or modification of its rights and remedies under the Lease and under applicable state law.

3. The Debtors claim to "seek to implement an orderly process to sell or otherwise dispose of Leases." Motion, §21. What they propose is as "orderly" as a derailed train careening through a crowded freight yard.

4. The Motion, at paragraph 13, seeks to establish a shortened and final process to establish the amounts of existing lease defaults ("Cure Amounts") on a basis that is unfairly inflexible, binding and accelerated. The calculation of components of Cure Amounts in commercial leases can be complicated and require information not yet available. Many additional rent charges are paid on an estimated basis with adjustments when final figures are determined. However, the Debtor's procedure eliminates the due process afforded to claimants under the Bankruptcy Code, including times to assert claims and provisions for objections, estimations and reconsideration of claims. After all, the duty to cure is the Debtor's, not that of the assignee of the Lease.

5. The Motion, at paragraph 17, seeks to establish a shortened and final process to establish the qualification of a Potential Bidder on a basis that is unfairly inflexible, binding and accelerated. Notice of Potential Bidders is scheduled to be given on the afternoon of Tuesday,

2

December 16 and objections are due Saturday, December 20, 2008—less than three business days after receipt of the identity of the Potential Bidders.

6. From experience, the information provided by "Potential Lease Purchasers" is seldom complete enough to evaluate financial wherewithal, as well as "shopping center considerations" found at 11 U.S.C. §365(b)(3). There would be no practical way to insure that an assignee would, in fact, comply with its use or performance that would be described in the information. There would not be enough time for the Lessor to find the Potential Purchaser's representative and to engage in meaningful dialogue concerning proposed operations and performance, financial ability to perform, etc.

7. Pan Am does not object to all of the provisions of the Motion, but joins other Landlords in their objections as to any sale or assignment that would violate the provisions of the lease, shopping center regulations, tenant mix, traffic, etc.

8. The Debtors should not be allowed to assume and assign the Lease unless and until it performs all of its post-petition obligations under the Lease, in full and on time, as required by 11 U.S.C. §365(d)(3).

9. The Debtors have not paid the "stub rent" for November, 2008, owed to Pan Am, nor have they paid December's rent and a recent real estate tax assessment. There may also be additional amounts due, to be addressed in a separate objection as to the stated Cure Amount in Exhibit B.

10. Section 363(e) of the Bankruptcy Code provides that upon the request of an entity (such as Pan Am) that has an interest in property used by the debtor in possession, the court <u>shall</u> condition such use as is necessary to provide adequate protection of such interest. The court's requiring payment of rent and compliance with the Lease, and providing a commercially

reasonable opportunity to evaluate Potential Lease Buyers, would be appropriate, if not the minimal, protection the court should require.

11. Pan Am objects to the procedure sought in the Motion for establishing a Cure Amount that does not permit fair assessment, liquidation and evaluation of "additional rent" charges that require adjustment, and its disregard of the Debtor's obligations under the Bankruptcy Code to pay Pan Am's "actual pecuniary loss."

12. Pan Am objects to the assignment of the Lease "free and clear of all liens, interests, claims and encumbrances." The assignment can only be of the Debtor's interest in the Lease and the demised premises, and not in derogation of (a) claims against the Debtor and (b) any liens, interests, claims and encumbrances of the interests of Pan Am or third parties in the Lease.

13. Pan Am reserves such further rights and protections as may become an issue as the Lease Sales progress.

WHEREFORE Pan Am Equities objects to the Court granting the Motion unless its interests are adequately protected, and for such other and further relief as this court deems equitable and just.

DATED this 3rd day of December, 2008.


PAN AM EQUITIES, INC.

By:____/s/ David A. Greer_____
       David A. Greer, of counsel

4

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

                                                              /s/ David A. Greer  
                                                               David A. Greer

David A. Greer (VSB #24128)  
The Law Offices of David A. Greer, PLC  
500 East Main Street, Suite 1225  
Norfolk, VA  23510  
(757) 227-5155  
(757) 227-5158 facsimile  
*Attorneys Pan Am Equities, Inc.*

0700