## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF INLAND AMERICAN RETAIL MANAGEMENT LLC, INLAND SOUTHWEST MANAGEMENT, LLC AND INLAND US MANAGEMENT LLC TO DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Inland American Retail Management LLC, Inland Southwest Management, LLC and Inland US Management LLC (collectively, "Inland"), by and through their undersigned counsel, hereby object to the *Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real*

Michael D. Mueller, Esquire (VSB 38216)
Augustus C. Epps, Jr., Esquire (VSB 13254)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

Counsel for Inland American Retail Management
LLC, Inland Southwest Management, LLC and
Inland US Management LLC

Karen C. Bifferato, Esquire
Christina M. Thompson, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Counsel for Inland American Retail Management
LLC, Inland Southwest Management, LLC and
Inland US Management LLC

*Property Leases, and (C) Lease Rejection Procedures* ("Sale Motion"), and in support thereof, respectfully state as follows:

## Background

1.      On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2.      Inland, as managing agent for certain landlords, and the Debtors, as tenant, are parties to three (3) leases of non-residential real property (collectively, "Leases") that are subject to the Sale Motion.  The Leases are for premises that are located in the following locations: (a) Batavia, IL; (b) Avondale, AZ; and (c) Oswego, IL (collectively, "Premises").

3.      On November 25, 2008, the Debtors filed the Sale Motion through which they seek approval of certain procedures ("Sale Procedures") that will govern the sale of certain the Debtors' unexpired leases of nonresidential property ("Lease Sales").   Among other things, the Debtors are requesting that the Court approve the following the following Sale Procedures:

| | |
|---|---|
| Cure Objection Deadline: | 12/10/08 |
| Bids Due: | 12/15/08 at 3 p.m. |
| Auction: | 12/18/08 at 10 a.m. |
| Sale Objection Deadline: | 12/20/08 |
| Sale Hearing: | 12/22/08 at 10 a.m. |

4.      Through the Sale Motion, the Debtors are also requesting authority to reject any lease not sold pursuant to the Lease Sales, effective as of December 31, 2008.  In addition, the Debtors are requesting authority to abandon personal property in connection with any such rejection.

**<u>Objections to the Sale Motion</u>**

5.     Inland objects to the approval of the Sale Procedures because they are unduly burdensome, and because they violate Inland's rights under the Leases and section 365 of the Bankruptcy Code.

6.     More specifically, Inland objects to the Sale Procedures because they contemplate that objections to the Lease Sales must be filed by <u>Saturday</u>, December 20, 2008.  This Court should not require Inland to file an objection to the Lease Sales on a non-business day.  The expedited time frame in which the Debtors seek to assume and assign the Leases warrants permitting landlords to raise objections to assumption and assignment at the Sale Hearing on December 22, 2008.

7.     Inland further objects to the Sale Procedures because they contain no deadline by which the Debtors will provide Inland with adequate assurance of future performance information for a proposed bidder in advance of the Sale Hearing.   Indeed, the Sale Procedures appear to require landlords to contact the Debtors to request adequate assurance information, and permit the Debtors to provide such information to landlords at the Sale Hearing.  The Sale Procedures should be modified to place an affirmative duty upon the Debtors to provide Inland and its undersigned counsel with adequate assurance of future performance for a proposed assignee of the Leases by a date certain that is well in advance of the objection deadline and the Sale Hearing.[1]

8.     Although the Debtors state in the Sale Motion that they will serve and post a notice of potential purchase on the Debtors' claims' agent website by 3 p.m. on 12/16, there is no indication that this notice will include adequate assurance of future performance information.

---

[1] The Debtors should also be expressly required to distribute adequate assurance information to both Inland and its counsel by email, facsimile and/or overnight delivery to ensure that the information is received as quickly as possible after the proposed assignee is identified.

Moreover, even if this notice does provides adequate assurance of future performance information, Inland will have less than 3 days to review the information, take discovery if necessary, and to file an objection by the proposed objection deadline.   This simply does not provide Inland with enough time to review and, if necessary, object to the proposed assignment of the Leases.

9.      At a minimum, Inland needs to review the financial information for any proposed assignee, and if the proposed assignee contemplates a different use for the Premises, Inland will need to undertake the time-consuming task of reviewing not only the Debtors' lease, but the lease of every other tenant in the relevant shopping center, in order to make sure that the assignment will not violate any exclusive use, radius or location provision contained in such lease, and will not otherwise disrupt the tenant mix at the shopping center.  Inland's review of such information cannot be conducted on the spur of the moment, or on less than seven (7) days' notice.

10.      Additionally, Inland objects to the Sale Procedures because they do not require the Debtors to file a notice of auction results following the Auction.  The Debtors should be required to file and serve a notice of auction results immediately after the Auction, so that all of the interested parties know the identity of the winning bidder(s).

11.      Inland further objects to the Sale Procedures because they do not require the Debtors to pay the undisputed portion of any cure amount upon the closing of the Lease Sales in the event that there is a cure dispute.  Instead, the Sale Procedures permit the Debtors to withhold payment until a final resolution has been reached regarding the cure amount.   Inland respectfully submits that the Sale Procedures should be modified to require that any undisputed cure amounts should be immediately paid to Inland upon the assumption of the Leases by the Debtors, and

payment of any disputed cure amounts shall be made when the final amount of the cure amount has been determined by agreement of the parties or by order of the Court.

12.     Lastly, Inland objects to the Sale Procedures to the extent they authorize the Debtors to reject the Leases as of December 31, 2008.  The Sale Procedures do not condition this rejection upon the surrender of the Premises to Inland.   The Sale Procedures should be modified to authorize the rejection of the Leases, effective as of the later of (a) December 31, 2008 or (b) the date upon which the Debtors unequivocally surrender the Premises (i.e., return of keys and all applicable codes) to Inland.

14.     Inland hereby joins in the objections raised by other landlords to the Sale Procedures to the extent such objections are not inconsistent herewith.

WHEREFORE, Inland respectfully requests that the Court deny the Sale Motion or modify the proposed Sale Procedures consistent with the foregoing, and that grants Inland such further and additional relief as the Court may deem just and proper.

Dated:  December 3, 2008                         CHRISTIAN & BARTON, LLP


By:     /s/ Jennifer M. McLemore
        Michael D. Mueller, Esquire (VSB 38216)
        Augustus C. Epps, Jr., Esquire (VSB 13254)
        Jennifer M. McLemore, Esquire (VSB 47164)
        Noelle M. James, Esquire (VSB 76001)
        909 East Main Street, Suite 1200
        Richmond, Virginia 23219
        Telephone:  (804) 697-4100
        Facsimile: (804) 697-4112

        and

Karen C. Bifferato, Esquire
Christina M. Thompson, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

*Counsel for Inland American Retail Management
LLC, Inland Southwest Management LLC and
Inland US Management LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

912330