**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION OF INLAND SOUTHWEST MANAGEMENT LLC, INLAND AMERICAN RETAIL MANAGEMENT LLC, INLAND US MANAGEMENT LLC, INLAND PACIFIC PROPERTY SERVICES LLC, INLAND COMMERCIAL PROPERTY MANAGEMENT, INC., AND INLAND CONTINENTAL PROPERTY MANAGEMENT CORP. TO MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(D)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT <u>UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. (collectively, "Inland"), by and through their undersigned counsel, hereby object to the *Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of NonResidential Real Property* ("Motion"), and in support thereof, respectfully represent as follows:

| | |
|---|---|
| Michael D. Mueller, Esquire (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James, Esquire (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. | Counsel for Inland Southwest Management LLC Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. |

**Background**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland, as managing agent for certain landlords, and the Debtors, as tenant, are parties to twenty-seven (27) leases for non-residential real property (collectively, "Leases"). Each of the Leases are for premises that are located within a shopping center, as such term is used in section 365(b)(3) of the Bankruptcy Code.

3. On or about November 20, 2008, the Debtors filed the Motion. Pursuant to the Motion, the Debtors are seeking an extension through June 8, 2009 of their time within which to assume, or reject certain of their unexpired leases of non-residential real property.

4. To date, the Debtors have not paid Inland rent due under the Leases for the post-petition period of November 10, 2008 through November 30, 2008 ("Stub Period").

**Objections to the Motion**

5. The relief requested by the Debtors in the Motion should be denied because the Debtors have not fulfilled their obligations to Inland under section 365(d)(3) of the Bankruptcy Code. Section 365(d)(3) of the Bankruptcy Code plainly requires that the Debtors *timely* perform all of their obligations under their unexpired leases of non-residential real property that arise from and after the Petition Date. See 11 U.S.C. § 365(d)(3). This includes the obligation to pay Inland rent for the Stub Period. *See e.g., In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D.Va. 1997) (following line of cases that adopt the accrual method that requires the pro-ration of a debtor's rent to cover only the post-petition, pre-rejection period).

6. The burden is on the Debtors to show cause as to why their time to determine whether to assume or reject unexpired non-residential real property leases should be extended. *See In re Muir Training Technologies, Inc.*, 120 B.R. 154 (Bankr. S.D. Cal. 1990); *In re Wedtech Corporation*, 72 B.R. 464, 469 (Bankr. S.D.N.Y. 1987). When determining whether "cause" exists to grant such an extension of time, courts generally consider several factors, including whether post-petition rent is being paid and whether other post-petition obligations under the lease are being performed. *See In re Burger Boys*, 94 F.3d 755 (2d Cir. 1996); *see also In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987).

7. Because the Debtors have not fulfilled their post-petition obligations to Inland under the Leases, despite the plain requirements set forth in section 365(d)(3) of the Bankruptcy Code, Inland submits that the Debtors' time to decide whether to assume or reject the Leases should not be extended, or should be conditioned upon immediate payment of the rent for the Stub Period to Inland.

8. Finally, if the Court is inclined to grant the Debtors an extension, Inland requests that any order granting an extension of time to assume or reject the Leases provide that the order is without prejudice to Inland's right to shorten the time for cause.

WHEREFORE, for all of the foregoing reasons, Inland respectfully requests that this Court (a) enter an order that denies the Motion or grants the Motion subject to the conditions set forth herein and (b) grant such other and further relief as the Court deems just and proper.

Dated: December 3, 2008                    CHRISTIAN & BARTON, LLP

                                   By:    /s/ Jennifer M. McLemore
                                          Michael D. Mueller, Esquire (VSB 38216)
                                          Augustus C. Epps, Jr., Esquire (VSB 13254)
                                          Jennifer M. McLemore, Esquire (VSB 47164)
                                          Noelle M. James, Esquire (VSB 76001)
                                          909 East Main Street, Suite 1200
                                          Richmond, Virginia 23219
                                          Telephone: (804) 697-4100
                                          Facsimile: (804) 697-4112

                                          and

                                          Karen C. Bifferato, Esquire
                                          Christina M. Thompson, Esquire
                                          CONNOLLY BOVE LODGE & HUTZ LLP
                                          The Nemours Building
                                          1007 North Orange Street
                                          P.O. Box 2207
                                          Wilmington, Delaware 19899
                                          Telephone: (302) 658-9141

                                          *Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

                                          /s/ Jennifer M. McLemore
                                          Jennifer M. McLemore

912337

4