**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040
Kevin M. Newman, Esquire
James C. Thoman, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo NewCo, LLC, Fingerlakes Crossing, LLC and Charlotte (Archdale) UY, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

CIRCUIT CITY STORES, INC., *et al.*          Case No. 08-35653-KRH
                                              Jointly Administered
                              Debtors.        Chapter 11 Proceedings

---

**OBJECTION TO MOTION PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO EXTEND THE PERIOD WITHIN WHICH THE DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF <u>NONRESIDENTIAL REAL PROPERTY</u>**

Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo NewCo, LLC, Fingerlakes Crossing, LLC and Charlotte (Archdale) UY, LLC (the "Objecting Landlords"), by and through their attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian &

Barton, L.L.P, respectfully submit this Objection to the above-referenced motion (the "365(d)(4) Motion").

## Background

1.  On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2.  Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The Objecting Landlords are parties to five leases of nonresidential real property with the Debtors (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
| --- | --- | --- |
| Carousel Center Company, L.P. | Carousel Center | Syracuse, NY |
| Sangertown Square, L.L.C. | Sangertown Square Mall | New Hartford, NY |
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |
| Fingerlakes Crossing, LLC | Fingerlakes Crossing Shopping Center | Auburn, NY |
| Charlotte (Archdale) UY, LLC | Archdale Marketplace | Charlotte, NC |

(collectively, the "Premises").

4.  The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.  On November 20, 2008, the Debtors filed the 365(d)(4) Motion which seeks a ninety (90) day extension of the original one hundred twenty (120) day period within which the Debtors must assume or reject the Leases. The Debtors' time to assume or reject the Leases will expire on March 10, 2009.

6.Objections to the entry of a order approving the 365(d)(4) Motion must be received on or before December 3, 2008.

## Objection

*The Debtors Must Immediately Pay Post-Petition Rent:*

7.Since the Petition Date, the Debtors have failed to timely pay any post-petition rent due and owing under the Leases pursuant to Section 365(d)(3) of the Bankruptcy Code. The post-petition arrears under the Leases are as follows:

| LANDLORD | POST-PETITION RENT |
|---|---|
| Carousel Center Company, L.P. | $139,602.84 |
| Sangertown Square, L.L.C. | $ 31,502.65 |
| EklecCo NewCo, LLC | $164,554.42 |
| Fingerlakes Crossing Shopping Center | $11,978.35* |
| Charlotte (Archdale) UY, LLC | $15,294.25* |

Copies of itemizations of the post-petition rent are annexed hereto as Exhibit "A".

8.The Debtors must comply with Section 365(d)(3) of the Bankruptcy Code and pay the foregoing post-petition rent. Cases within the Fourth Circuit have adopted the pro-ration approach to post-petition rent accrual; therefore, the Debtors must pay the post-petition "stub rent" for November 2008. *See e.g., In re Best Products Co., Inc.,* 206 B.R. 404 (Bankr. E.D.Va. 1997); *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Ames Dep't. Stores, Inc.*, 306 B.R. 43 (Bankr. S.D.N.Y. 2004); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995); *In re Manhattan King David Restaurant, Inc.,* 163 B.R. 36, 40-41 (S.D.N.Y. 1993).

*The Debtors Have Not Established Cause to Extend the Time to Assume or Reject the Leases:*

9.Section 365(d)(4) of the Bankruptcy Code provides:

---

* Includes post-petition rent only through November 30, 2008.

>    (4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
>    (i) the date that is 120 days after the date of the order for relief; or
>
>    (ii) the date of the entry of an order confirming a plan.
>
>    (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
>    (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. §365(d)(4) (West 2008).

10.    The Debtors have 120 days to assume or reject the Leases and this time period expires on March 10, 2009. The Debtors seek an extension of the time to assume or reject the Leases through and including June 8, 2009. In determining how much time a debtor should have to assume or reject leases, the nature of the interests at stake should be analyzed, the balance of the harm to the litigants should be weighed, and the safeguards afforded the litigants should be assessed. *See, Theatre Holding Corp. v. Mauro*, 17 B.R. 430 (S.D.N.Y. 1982), *aff'd*, 681 F.2d 102 (2d Cir. 1982).

11.    Section 365(d)(4) was enacted as part of the statutory provisions now known as the Shopping Center Amendments of 1984 (the "Shopping Center Amendments"). Senator Hatch's remarks accompanying the final Conference Report on the Shopping Center Amendments are the most frequently cited part of the Congressional Record regarding the

{F:\WPMain\22375\22755\JCT1854.DOC}    4

legislative intent behind the Shopping Center Amendment. The following excerpts illustrate the legislation's purpose:

> This subtitle contains three major substantive provisions which are intended to remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy code.
>
> . . . .

13 Cong. Rec. S8890, 8894-95 (daily ed. June 28, 1984) (Statement of Sen. Hatch) (*emphasis added*).

12. As stated in *In re Perfect Light Co.*, "it is now well established that the primary purpose of Section 365(d)(4) is to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor-in-possession to decide quickly whether to assume unexpired leases." *In re Perfect Light Co.,* 116 B.R. 84, 86 (Bankr. N.D. Oh. 1990) *quoting In re American Healthcare Management, Inc.*, 900 F.2d 827 (5th Cir. 1990) *quoting C. Harvest Corp. v. Riveria Land Co.,* 868 F.2d 1077, 1079 (9th Cir. 1989).

13. Cause does not exist to extend the time to assume or reject, as the Debtors are in violation of their statutory duty of timely performance of their leasehold obligations pursuant to Section 365(d)(3) of the Code. Should the Debtors forthwith pay their outstanding post-petition rental obligations for November 10-30, 2008 and December 2008, the Objecting Landlords would not object to the requested extension under Code Section 365(d)(4).

### Joinder

14. The Objecting Landlords join in the objections filed by other landlords to entry of an order approving the 365(d)(4) Motion to the extent they are not inconsistent with this Objection.

**WHEREFORE**, Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo NewCo, LLC and Charlotte (Archdale) UY, LLC respectfully request that this Court deny entry

of an Order on the 365(d)(4) Motion and grant the Objecting Landlords any other and further relief this Court may deem proper and just.

| | |
|---|---|
| Dated: December 3, 2008 | **CHRISTIAN & BARTON, L.L.P.** |

/s/ Jennifer M. McLemore
By:  Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esuire. (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo NewCo, LLC, Fingerlakes Crossing, LLC and Charlotte (Archdale) UY, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that I will cause a copy of the Objection to Motion Pursuant to Section 365(d)(4) of the Bankruptcy Code to Extend the Period Within Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property to be served by electronic means or by first class mail, postage prepaid, to the persons required to be served pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures entered in this case on December 3, 2008.

      I hereby certify that Kelly Campbell will cause a copy of the Objection to Motion Pursuant to Section 365(d)(4) of the Bankruptcy Code to Extend the Period Within Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property to be served to upon the following: the Core Group and the 2002 List, both of which lists were obtained at www.kccllc.net/circuitcity and upon circuitcityservice@mcguirewoods.com and project.circuitcity@scadden.com.

      /s/ Jennifer M. McLemore
      Jennifer M. McLemore