William C. Crenshaw
VSB No. 16803
**POWELL GOLDSTEIN LLP**
901 New York Avenue, NW, Third Floor
Washington, D.C. 20001
(202) 624-7380
Email: wcrenshaw@pogolaw.com

**Counsel to Prince George's Station Retail, LLC, Gould Investors, L.P., OLP CCAntioch, LLC, OLP CCFairview Heights, LLC, OLP CCFerguson, LLC, OLP CCFlorence, LLC, and OLP CCSt.Louis, LLC**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**OBJECTION OF CERTAIN LANDLORDS TO MOTION OF THE
DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4)
EXTENDING THE TIME WHICH DEBTORS MAY ASSUME OR REJECT
<u>UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY</u>**

Prince George's Station Retail, LLC, Gould Investors, L.P., OLP CCAntioch, LLC, OLP CCFairview Heights, LLC, OLP CCFerguson, LLC, OLP CCFlorence, LLC, and OLP CCSt.Louis, LLC (collectively, the "Landlords"), by counsel, hereby object to the relief requested in the Motion Of The Debtors For Order Under Bankruptcy Code Section 365(D)(4) Extending The Time Which Debtors May Assume Or Reject Unexpired Leases Of Non-Residential Real Property (the "Motion"). In support of the Objection, the Landlords state as follows:

1511489.2

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

2. Pursuant to Lease Agreements entered into prior to the Petition Date (each a "Lease" and collectively, the "Leases") between each of the Landlords and Circuit City Stores, Inc. ("Circuit City"), one of the Debtors, the Landlords lease to Circuit City certain nonresidential real property located at the following addresses (collectively, the "Leased Premises"), and under such Leases the Debtors are obligated to pay the following monthly rent and charges and tax payments:

| **Landlord** | **Address** | **Monthly Rent/ Charges** | **Taxes[1]** |
|---|---|---|---|
| OLP CCAntioch, LLC | 5221 Hickory Parkway, Antioch, TN | $27,001.08 | $66,112.11 due 2/28/09 |
| OLP CCFerguson, LLC | 3344 Pershall Road, Ferguson, MO | $18,412.50 | $52,483.52 due 12/31/08 |
| OLP CCFairview Heights, LLC | 55 Ludwig Dr., Fairview Heights, MO | $20,774.83 | |
| OLP CCFlorence, LLC | 8125 Mall Rd., Florence, KY | $14,120.83 | $26,720.00 (county) and $7,872.00 (city) due 12/31/08 |
| OLP CCSt. Louis, LLC | 6926 Lindbergh Blvd., St. Louis, MO | $21,490.50 | $50,779.12 due 12/31/08 |
| Gould Investors, L.P. | 400 Longfellow Court, Livermore, CA | $179,187.50 | $169,880.18 due 12/10/08 |

---

[1] The taxes included in this column represent only the real estate taxes due from the Petition Date through March 10, 2009.

| Prince George's Station Retail, LLC | 2900 Belcrest Center Dr., Hyattsville, MD | Rent: $57,955.00<br>CAM: $6,519.94<br>Signage: $1,200.00<br>Late Fee: $3,283.75 | |

3.   The Debtors have not paid the November 2008 rent payments due under the Leases.  In addition, with respect to at least two of the Leases, and possibly more, the Debtors have not paid the December 2008 rent payments due under the Leases.

4.   On the November 20, 2008, the Debtors filed the Motion seeking to extend to March 10, 2009 the Debtors' time to assume or reject certain non-residential real property leases, including the Leases, pursuant to section 365(d)(4) of the Bankruptcy Code.

## **OBJECTION**

5.   Section 365(d)(3) of the Bankruptcy Code states that the Debtors must "timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…."  11 U.S.C. §  365(d)(3).  In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other provides of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decide to assume or reject the lease, the debtor has stopped making payment due under the lease.  These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease.  In this situation, the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment.  No other creditor is put in this position…
>
> The bill would lessen these problems by requiring the debtor to perform all the obligations of the debtor under a lease of

> nonresidential real property at the time required in the lease.  This
> timely performance requirement will insure that the debtor-tenants
> pay their rent, common area, and other charges on time pending
> the debtor's assumption or rejection of the lease.

130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

6. This case presents the circumstances that Congress intended section 365(d)(3) of the Bankruptcy Code to address.  The Debtors continue to occupy and possess the Leased Premises post-petition, without performing their post-petition obligations under the Leases.  In addition, the Debtors seek authority to continue to occupy the Leased Premises and to conduct the GOB Sales in the Leased Premises.  *See* Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement Among the Debtors , Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement.

7. Courts have consistently held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to section 365(d)(3) of the Bankruptcy Code.  *See In re: Pudgie's Div. of New York, Inc*, 202 B.R. 832, 835-36 (Bank. S.D.N.Y. 1996) (stating that the plain language of the statute and clear congressional intent supports immediate payment of rent due post-petition under non-residential real property leases); *see also In re: Brennick*, 178 B.R. 305 (Bankr. D. Mass. 1995) (recognizing that a lessor of an unassumed lease can use payment default as grounds for objecting to extension of the debtor's time to assume or reject such lease, and ordering the chapter 7 trustee to immediately pay post-petition rent); *see also Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36 (S.D.N.Y. 1993) (affirming bankruptcy court's order directing the debtor to, among other things, immediately pay post-petition rent and related charges); *see also In re: Rare Coin Galleries of America, Inc.*, 72 B.R.

415 (D. Mass 1987) ("Section 365(d)(3) clearly requires the continued performance by the trustee of the full rent obligations under the lease until the decision to assume or reject the lease is made").  The Debtors have not paid any rent due under the Leases for the post-petition period.  The Debtors' time to assume or reject the Leases should only be extended if such extension is conditioned upon (i) immediately payment to the Landlords of the November 2008, and to the extent applicable December 2008, rent under the Leases for the post-petition period and (ii) timely payment to the Landlords of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected, pursuant to section 365(d)(3) of the Bankruptcy Code.

**WHEREFORE,** the Landlords request that this Court condition any extension of the Debtors' time to assume or reject the Leases pursuant to Section 365(d)(4) upon (i) immediately payment to the Landlords of the November 2008, and to the extent applicable December 2008, rent due under the Leases for the post-petition period and (ii) timely payment to the Landlords of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected, pursuant to Section 365(d)(3) of the Bankruptcy Code, and grant such other and further relief as the Court deems appropriate.

Dated:  December 3, 2008           **POWELL GOLDSTEIN LLP**
        Washington, D.C.

                                   /s/William C. Crenshaw
                                   William C. Crenshaw
                                   Va. Bar No. 16803
                                   901 New York Avenue, NW, Third Floor
                                   Washington, D.C. 20001
                                   Telephone (202) 347-0066
                                   Facsimile (202) 624-7222
                                   Email: wcrenshaw@pogolaw.com

1511489.2                                    5

**OF COUNSEL:**

**BRYAN CAVE LLP**
Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300
(212) 541-2000 (tel); (212) 541-4630 (fax)
Email:michelle.mcmahon@bryancave.com

Synde Keywell, Esq.
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
312-602-5000 (tel); 312-698-7477 (fax)
Email:synde.keywell@bryancave.com

Counsel to Prince George's Station Retail, LLC, Gould Investors, L.P., OLP CCAntioch, LLC, OLP CCFairview Heights, LLC, OLP CCFerguson, LLC, OLP CCFlorence, LLC, and OLP CCSt.Louis, LLC

## **CERTIFICATE OF SERVICE**

I, William Crenshaw, hereby certify that, on December 3, 2008, I caused a true and correct copy of the foregoing Objection Of Certain Landlords to Motion Of The Debtors For Order Under Bankruptcy Code Section 365(D)(4) Extending The Time Which Debtors May Assume Or Reject Unexpired Leases Of Non-Residential Real Property (the "Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to:

circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com.

/s/William C. Crenshaw
WILLIAM C. CRENSHAW

1511489.2