IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------- X
:
In re:                                   : Chapter 11
:
CIRCUIT CITY STORES, INC., et al.,       : Case No. 08-35653 (KRH)
:
    Debtors.                             : Jointly Administered
:
:
---------------------------------------- X

**LIMITED OBJECTION OF ALTAMONTE SPRINGS REAL ESTATE ASSOCIATES, LLC TO DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Altamonte Springs Real Estate Associates, LLC ("Altamonte"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the Motion For Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion") filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

**PRELIMINARY STATEMENT**

1. Altamonte recognizes that the Debtors must review hundreds of leases in this bankruptcy proceeding and does not object to a reasonable extension of the initial 120-day deadline pursuant to 11 U.S.C. § 365(d)(4). However, the Debtors have not fulfilled their

---

Michael P. Falzone (VSB No. 22324)         Geoffrey T. Raicht, Esq.
Sheila deLa Cruz (VSB No. 65395)           Karla L. Palmer, Esq. (VSB No. 34267)
Hirschler Fleischer, PC                    McDermott Will & Emery LLP
Post Office Box 500                        340 Madison Avenue
Richmond, Virginia 23218-0500              New York, NY 10173-1922
(804) 771-9500                             (212) 547-5477
(804) 644-0957 (fax)                       (212) 547-5444 (fax)

*Counsel for Altamonte Springs*            *Co-counsel for Altamonte Springs*
*Real Estate Associates, LLC*              *Real Estate Associates, LLC*

NYK 1188403-9.083845.0011

obligations in accordance with section 365(d)(3) of the Bankruptcy Code. The Debtors have failed to pay Altamonte the monthly rent and additional charges due for the period starting on the Petition Date, as defined below, and ending on November 30, 2008 (the "Stub Period") in violation of section 365(d)(3) of the Bankruptcy Code and well-established case law in this District. The Debtors' blatant disregard for their post-petition rent obligations should not be rewarded by an extension of time to assume or reject leases of non-residential real property. Indeed, in the event the Court grants the Debtors' requested deadline extension, such an extension should be conditioned upon the Debtors' compliance with the requirements of the Bankruptcy Code and the law of this District and immediate payment to Altamonte of all rent obligations that have accrued under the Lease, as defined below, since the Petition Date.

2. The Eastern District of Virginia follows the "accrual method" to determine when a debtor's obligation to pay rent arises. In re Trak Auto Corporation, 277 B.R. 655 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004); Santa Ana Best Plaza, Ltd. v. Best Products Co., Inc. (In re Best Products Co., Inc.), 206 B.R. 404 (Bankr. E.D. Va. 1997). According to the "accrual method," in situations where a debtor's rental obligations span the pre-petition and post-petition periods, the amount due to a landlord is prorated on a daily basis, with all amounts due after the petition date falling under the auspices of section 365(d)(3) of the Bankruptcy Code and all amounts relating to the pre-petition period becoming a general unsecured claim.

3. Here, the Debtors have failed to pay the monthly rent and additional charges due to Altamonte on November 1, 2008 for the whole month of November. Under the Bankruptcy Code and the law of this district, the Debtors must immediately pay Altamonte the rent and

NYK 1188403-9.083845.0011

additional charges for the Stub Period.[1] The Debtors' failure to pay its rental obligations for the Stub Period constitutes a violation of section 365(d)(3) of the Bankruptcy Code, which Congress specifically enacted to avoid a situation where landlords would become involuntary creditors of a debtor simply because they continue to provide services to such debtor.

## BACKGROUND

A.  Background Relating To The Debtors

4.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On November 20, 2008, the Debtors filed the Motion pursuant to which they seek an extension until June 8, 2009 of the original 120-day period within which the Debtors must either assume or reject any unexpired leases of nonresidential real property.

6.  In the Motion, the Debtors state that they "intend to remain current on all of their postpetition rent obligations arising from and after the Petition Date for those leases covered by the extension sought by this Motion." However, the Debtors failed to affirmatively state that they will follow the "accrual method" and immediately pay all post-petition rent obligations due under the Lease that have accrued since the Petition Date. See Motion, pages 14-15.

B.  Background Relating To Altamonte

7.  On June 14, 1988, Altamonte's predecessors-in-interest, Prairie Lake Plaza, L.P., and the Debtors entered into a lease agreement (the "Lease"). In accordance with the terms of

---

[1] Altamonte intends to file a proof of claim with respect to any rent and additional charges that constitute a pre-petition general unsecured claim prior to the bar date to be established by this Court.

the Lease, on July 17, 2008, Altamonte and the Debtors renewed and extended the term of the Lease until January 31, 2014.

8. Pursuant to the terms of the Lease, the Debtors are obligated to pay their rent on the first day of each month for the following month. The amount of the monthly rent is $34,219.69.

9. On September 1, 2008, the Debtors paid Altamonte the rent for the month of September. However, the Debtors failed to pay Altamonte any rent and additional charges for the month of November. The Motion fails to affirmatively state that the Debtors will immediately pay Altamonte the rent and additional charges due for the Stub Period, which amounts to $26,407.38[2] as required under section 365(d)(3) of the Bankruptcy Code and the law of this District.

## ARGUMENT

10. This Objection should be sustained because the Debtors have failed to pay their rent and additional charges to Altamonte for the Stub Period and, therefore, have failed to fulfill their obligations in accordance with section 365(d)(3) of the Bankruptcy Code.

11. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The Trustee shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

12. To determine whether an obligation of the Debtor arises pre-petition or post-petition, the Eastern District of Virginia follows the "accrual method". In re Trak Auto

---

[2] This amount is the sum of (i) $22,813.13 for rent, (ii) $1,866.67 for common area maintenance charge, and (iii) $1,727.59 for the sales tax in the state of Florida.

NYK 1188403-9.083845.0011

Corporation, 277 B.R. 655 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004); Santa Ana Best Plaza, Ltd. v. Best Products Co., Inc. (In re Best Products Co., Inc.), 206 B.R. 404 (Bankr. E.D. Va. 1997); see also Heathcon Holdings, LLC v. Dunn Indus., LLC (In re Dunn Indus., LLC), 320 B.R. 86 (Bankr. D. Md. 2005) (adopting the "accrual method" to determine post-petition property taxes, which constituted "additional rent" according to the lease agreement). The "accrual method" provides that obligations which span pre-petition and post-petition periods, such as rental obligations, must be calculated on a daily basis and classified as either a pre-petition obligation or a post-petition obligation based on the day such obligation accrued. See Santa Ana Best Plaza, Ltd. v. Best Products Co., Inc. (In re Best Products Co., Inc.), 206 B.R. at 407 (holding that real estate taxes, which constituted "additional rent" according to the lease, accrues daily despite being billed in six month increments, and that all real estate taxes accrued after the petition date were post-petition obligations).[3]

13. It is undisputed that the Debtors failed to pay the rent and additional charges under the Lease for the month of November. The Debtors subsequently filed for chapter 11 bankruptcy protection on November 10, 2008. Applying the "accrual method," all rent obligations arising after November 10, 2008 are post-petition obligations which the Debtors must pay in accordance with section 365(d)(3) of the Bankruptcy Code. Thus, the Debtors must pay Altamonte the rent and additional charges for the Stub Period.

---

[3] While the court in In re Trak Auto Corporation notes that the Fourth Circuit, in an unpublished opinion, appears to have adopted the "billing method" based on the contractual language found in the specific lease, the Trak Auto court explained that, as an unpublished decision, the Fourth Circuit opinion is not binding authority in the Eastern District of Virginia pursuant to Rule 36 of the U.S. Court of Appeals for the Fourth Circuit. 277 B.R. at 663. See Rose's Stores, Inc. v. Saul Subsidiary I, L.P. (In re Rose's Stores, Inc.) 155 F.3d 560 (4th Cir. 1998). In any event, the facts and issues in dispute in Rose are vastly different from the issues presented in the Debtors' cases. The issue in Rose was whether the debtor's payment of monthly rent for a period prior to the petition date was an invalid payment of pre-petition obligation. Rose's Stores, Inc. v. Saul Subsidiary I, L.P. (In re Rose's Stores, Inc.), 1997 U.S. Dist. LEXIS 18793. The Rose court denied recovery of the payment, relying on its interpretation of section 365(d)(3) of the Bankruptcy Code. Id. The Fourth Circuit, without elaboration, agreed with the district court's reasoning. Rose's Stores, Inc. v. Saul Subsidiary I, L.P. (In re Rose's Stores, Inc.) 155 F.3d at 560.

NYK 1188403-9.083845.0011

14. Although there is a split of authority regarding the issue of when a debtor's rental obligations arise, the majority of courts, including the Eastern District of Virginia, have adopted the "accrual method" for determining a debtor's pre-petition and post-petition obligations. See, e.g., El Paso Properties Corp. v. Gonzales (In re Furr's Supermarkets, Inc.), 283 B.R. 60 (BAP 10th Cir. 2002); In re Handy Andy Home Improvement Centers, Inc., 144 F. 3d 1125 (7th Cir. 1998); In re William Schneider, Inc., 175 B.R. 769 (S.D. Fla. 1994); Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.), 161 B.R. 571 (S.D.N.Y. 1993); In re Phar-Mor, Inc., 290 B.R. 319 (Bankr. N.D. Ohio 2003); In re NETtel Corp., 289 B.R. 486 (Bankr. D.D.C. 2002). Only a minority of courts have adopted the "billing method". See Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.) 268 F.3d 205 (3d Cir. 2001); In re Cukierman, 265 F.3d 846 (9th Cir. 2001); In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000). The "billing method" provides that the sole factor for determining when an obligation arises is the date the debtor receives an invoice.[4]

15. Courts adopting the "accrual method" have rejected the "billing method" pointing to the method's numerous flaws such as the fact that the "billing method" (i) ignores the legislative intent of section 365(d)(3) of the bankruptcy Code which seeks to prevent landlords from becoming involuntary creditors of the debtor's estates by ensuring that landlords receive payment for all services provided post-petition; (ii) allows landlords to manipulate their billing

---

[4] Even if a court follows the "billing method", a landlord still retains the right to file an administrative claim based on section 503(b) of the Bankruptcy Code which requires debtors to pay in the ordinary course "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Courts which follow the "billing method" have held that, in situations where rent is billed in advance, section 503(b) of the Bankruptcy Code requires that the landlord receives payment for the rent from the time period after the petition date up to the point of the next billing cycle. See In re DVI, Inc., 308 B.R. 703 (Bankr. D. Del. 2004) (holding that when the debtor filed for bankruptcy on December 4 and rent was due December 1, landlord was entitled to payment from December 5 through December 31); In re ZB Company, Inc., 302 B.R. 316 (D. Del. 2003) (holding all rent due after the petition date until the next bill came due falls under section 503(b) of the Bankruptcy Code). In the unlikely event this Court agrees to follow the "billing method", Altamonte hereby reserves all its rights to seek payment under section 503(b)(1)(A) of the Bankruptcy Code for the Stub Period.

NYK 1188403-9.083845.0011

cycles so as to have pre-petition debts fall into the post-petition cycle; and (iii) allows landlords to receive a windfall at the expense of other creditors by such manipulation. See In re Trak Auto Corporation, 277 B.R. at 662-63.

WHEREFORE, Altamonte respectfully requests that the Court enter an order (i) requiring the Debtors to pay all outstanding administrative, post-petition obligations, including, but not limited to, all amounts due for the Stub Period owed to Altamonte and to timely pay any future obligations as may become due under the provisions of the Lease as a condition of extending the Debtors' deadline to assume or reject unexpired, nonresidential real property leases; and (ii) granting such other relief which this Court deems just and proper.

Dated: December 3, 2008

Respectfully submitted,

/s/ *Sheila deLa Cruz*
Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
HIRSCHLER FLEISCHER, P.C.
Post Office Box 500
Richmond, VA  23218-0500
Telephone: (804) 771-9500
Facsimile:  (804) 644-0957

and

MCDERMOTT, WILL & EMERY LLP
Kara L. Palmer (VSB No. 34267)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087

Geoffrey T. Raicht, Esq.
340 Madison Avenue
New York, NY 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444

*Counsel for Altamonte Springs Real Estate Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases and to the following parties:

Greg M. Galardi
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
gregg.galardi@skadden.com

and

Dion W. Hayes
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
dhayes@mcguirewoods.com
*Counsel for the Debtors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdog.gov
*Assistant United States Trustee*

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com

and

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
*Counsel for the Creditors Committee*

                                          /s/ Sheila deLa Cruz
                                            Sheila deLa Cruz

#2298877v2

NYK 1188403-9.083845.0011