William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS, MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Phone:  804.783.6489
FAX:  804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

*Counsel for Dollar Tree Stores, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

----------------------------------------------------------x
:
In re:                                            : Chapter 11
:
CIRCUIT CITY STORES, INC., *et al.*,              : Case No. 08-35653 (KRH)
:
Debtors.                          : (Jointly Administered)
:
----------------------------------------------------------x

## MOTION FOR LEAVE OF COURT TO ATTEND HEARING BY TELEPHONE

Dollar Tree Stores, Inc. ("Dollar Tree), a creditor in the above-captioned chapter 11 cases, by and through its undersigned counsel, and pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures, hereby moves for leave of Court to attend the December 5, 2008 hearing by telephone.  In support thereof, Dollar Tree states as follows:

1.       On November 10, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.       On the Petition Date, the Debtors filed a motion titled "Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing

Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date" (the "Motion") (Docket No. 21) in order to reject certain unexpired leases of nonresidential real property effective as of the Petition Date. The Debtors alleged that they vacated the Premises and surrendered possession to the Landlords as of the Petition Date.[1] Mtn. at ¶¶ 9 & 15. Through rejection of the Leases, the Debtors apparently sought to avoid incurring certain administrative expenses. Mtn. at ¶ 11. The Court granted the Motion and entered the Rejection Order.

3. Dollar Tree is the sublessee of three of the Premises, to wit: (i) Location No. 6044 (Dollar Tree Store No. 630) in Fredericksburg, Virginia, (ii) Location No. 6552 (Dollar Tree Store No. 2935) in Odessa, Texas, and (iii) Location No. 6564 (Dollar Tree Store No. 761) in Cape Girardeau, Missouri, (collectively, the "Dollar Tree Premises"), for which it is party to three separate subleases (the "Dollar Tree Subleases").

4. On or about November 24, 2008, Dollar Tree filed an Objection to the Order Pursuant to 11 U.S.C. §§ 105(A), 365(A), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "Objection").

5. As grounds for the Objection, Dollar Tree stated that (1) it did not receive timely or proper notice of rejection of the Dollar Tree Subleases; (2) the Debtors failed to comply with the Rejection Order because they did not surrender possession of the Dollar Tree Premises; (3) retroactive rejection of the Dollar Tree Subleases was improper and inappropriate because, among other reasons, Dollar Tree had paid rent through November 30, 2008; and (4) Debtors' rejection of the Leases did not constitute a termination of the Dollar Tree Subleases.

6. In the Objection, Dollar Tree respectfully requested (i) that the Rejection Order

---

[1] Capitalized terms not defined herein shall have the same meaning as set forth in the Motion.

should be declared ineffective as to the Dollar Tree Subleases, (ii) that the Debtors should be ordered to fully comply with all terms of the Dollar Tree Subleases until such time as the Dollar Tree Subleases are properly rejected, which should be no earlier than December 1, 2008 since the Debtors have accepted payment of the November 2008 rent, (iii) that the Debtors should be ordered to pay to the overlandlords the rents that Dollar Tree paid to the Debtors, (iv) that the Rejection Order should be modified to state that the rejection of the Dollar Tree Subleases does not constitute a termination of the Dollar Tree Subleases and is without prejudice to Dollar Tree's rights under 11 U.S.C. § 365(h), applicable state law, and the Dollar Tree Subleases, and (v) such other and further relief that the Court deems just and proper.

7. Dollar Tree's arguments related to the Objection will be heard by this Court on December 5, 2008.

8. Dollar Tree's lead counsel, Scott R. Kipnis, has been representing Dollar Tree in its negotiations with the overlandlords and has a unique and complete understanding of the facts and circumstances related to the arguments made by Dollar Tree in the Objection.

9. On November 13, 2008, the Court entered an Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (the "Order"). On page 5 of Exhibit A, the Order states:

> (g) Upon request, the Court may allow counsel to listen to a hearing by telephone. If a matter is contested, counsel must attend in person, unless leave of the court is granted on a case by case basis.

10. Mr. Kipnis will not be able to appear in person on December 5 due to prior commitments, and Dollar Tree respectfully asks for leave of court pursuant to the Order so that he may appear by telephone with Virginia counsel present in the courtroom.

11. Based on Mr. Kipnis's unique knowledge of the facts and legal arguments in this case, the ends of justice would be served by allowing Mr. Kipnis to appear by telephone.

WHEREFORE, Dollar Tree Stores, Inc. respectfully requests that this Court grant its Motion and enter an Order substantially in the form annexed hereto permitting Scott R. Kipnis to appear and be heard by telephone at the hearing on December 5, 2008 on behalf of Dollar Tree Stores, Inc. and grant such other relief as necessary and appropriate.

Dated: Richmond, Virginia
       December 3, 2008

**DOLLAR TREE STORES, INC.**

By: _/s/ W. Alexander Burnett_
     Of Counsel

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS, MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Phone:  804.783.6489
FAX:  804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com
     *Counsel for Dollar Tree Stores, Inc.*

1688325v2

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 3rd day of December 2008 caused the service of a copy of the foregoing Motion for Leave of Court to Attend Hearing by Telephone to be sent to those on the annexed Service List, by first class mail, postage prepaid, at the address designated by them for service of papers and electronically to the parties set forth on the Court's ECF Service List, in this case.

*/s/ W. Alexander Burnett*

**SERVICE LIST**

Daniel F. Blanks, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia  23510

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Becket Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois  60606

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York  10017-2024

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, Virginia 23219

1688325v2