**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone: (315) 474-7541
Facsimile: (315) 474-4040
Kevin M. Newman, Esquire
Josephine Yang-Patyi, Esquire

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for EklecCo NewCo, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

---

In re:

CIRCUIT CITY STORES, INC., *et al.*

Debtors.

Case No. 08-35653-KRH
Jointly Administered
Chapter 11 Proceedings

---

**OBJECTION TO DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C.
SECTIONS 105, 363, AND 365 (i) APPROVING BIDDING AND AUCTION
PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL
PROPERTY LEASES FOR CLOSING STORES, (ii) SETTING SALE HEARING
DATE, AND (iii) AUTHORIZING AND APPROVING (a) SALE OF CERTAIN
NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES, (b) ASSUMPTION AND
ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL
PROPERTY LEASES, AND (c) LEASE REJECTION PROCEDURES**

EklecCo NewCo, LLC (the "Objecting Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submits this Objection to the above-referenced motion (the "Motion").

{F:\WPMain\22375\22755\JYP2693.DOC}

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord is a party to a lease of nonresidential real property with one of the Debtors, Circuit City Stores, Inc. (the "Lease") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |

(collectively, the "Premises").

4. The Premises are located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). See *In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 25, 2008, the Debtors filed the Motion seeking to establish bidding procedures for the auction and potential assumption and assignment of leases of closing stores, including the Lease.

## OBJECTION

### *Adequate Assurance of Future Performance Information*

6. Bankruptcy Code Section 365(b)(1) provides as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default...

    (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease.

7. Bankruptcy Code Section 365(f)(2) provides as follows:

  (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if –

    (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

    (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

8. Bankruptcy Code Section 365(b)(3) defines adequate assurance of future performance as follows:

  (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

    (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

    (B) that any percentage rent due under such lease will not decline substantially;

    (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

    (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. Section 365(b)(3).

{F:\WPMain\22375\22755\JYP2693.DOC}   3

9. Congress amended Bankruptcy Code Section 365(b)(3) in 1984 as part of the "Shopping Center Amendments" in an effort to protect shopping center lessors. A debtor must provide adequate assurance that a proposed assignee has a financial condition and operating performance similar to that of the debtor-tenant at the time the lease was entered into. *See* 130 Cong. Rec. S-8895 (June 29, 1994).

10. The Debtors propose to provide notices of potential purchasers. They propose that the notices state that information regarding the financial wherewithal of the potential purchasers will be made available upon reasonable request of the Debtors and evidence of the same will be adduced, if necessary. The Objecting Landlord must be provided with information sufficient to assess the proposed assignee's operating experience and financial capability going forward under the Lease without any need to request it in order for the Debtors to comply with the adequate assurance of future performance requirements of Bankruptcy Code Section 365(b)(3) and (f)(2). The Debtors have the burden of providing that adequate assurance of the future performance exists. Such information should include, at a minimum, audited and unaudited financial statements, including income and expense statements and balance sheets for the past three years, complete tax returns for at least the last three years, information regarding current management and the proposed assignee's operating history.

11. Any proposed assignee must also indicate its specific intended use including any name plates under which it intends to operate under the Lease. Congress made it clear in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) in 2005 that all provisions of the Lease, including the use provision, must be adhered to and cannot be overridden.

12. The Objecting Landlord should be provided with the foregoing adequate assurance information with any notice of potential purchaser at least ten (10) days prior to the deadline to object to any proposed assumption and assignment of the Lease. The Objecting

Landlord requires this time to review such information, conduct expedited discovery if appropriate and object to any proposed assumption and assignment of the Lease. The Debtor's proposed notice by December 16, 2008 and objection deadline of Saturday, December 20, 2008 does not provide the Objecting Landlord with due process.

### All Defaults Under the Lease Must Be Cured

13.  As a condition to any assumption and assignment of the Lease, all defaults must be cured at closing. *See* 11 U.S.C. § 365(b)(1)(A). The cure amount due under the Lease according to Objecting Landlord's books and records is $29,039.02 for pre-petition rent, $164,554.42 for post-petition rent (through December 2008), totaling $193,593.44[1], plus attorneys' fees and accrued, but unbilled charges, reconciliations and adjustments (the "Cure Amount"). The Cure Amount is subject to modification for, among other things, any accrued, but unbilled charges, including any year-end adjustments and additional attorneys' fees incurred subsequent to the filing of this Objection. An Itemization of the Cure Amount exclusive of accrued but unbilled charges is annexed hereto as Exhibit "A". The Cure Amount must be paid as a condition of assumption and assignment pursuant to Bankruptcy Code Section 365(b)(1)(A).

### Attorneys' Fees

14.  In conjunction with the obligation of the Debtors to cure defaults upon assumption of the Lease, the Debtors must compensate the Objecting Landlord for any actual pecuniary loss, including attorneys' fees resulting from a lease default. *See* 11 U.S.C. § 365(b)(1)(B). Attorneys' fees under the Lease are compensable. *See, LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *Andrew v. KMR Corp.*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 752-754 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich*

---

[1] The Debtors' proposed cure amount under the Lease is $48,248.

*Village, Inc.*, 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986). Accordingly, Objecting Landlord is entitled to attorneys' fees in the amount of $7,500 in connection with the Debtors' obligation to cure all monetary defaults under the Lease in the amount of $193,593.44 plus attorneys fees.

### Accrued, But Unbilled Charges, Adjustments and Reconciliations

15. The Debtors must ensure that all accrued, but unbilled charges, including year-end adjustments and reconciliations, if any, are paid in accordance with the terms of the Lease and that any assignee of the Lease should assume all such obligations upon any assignment of the Lease. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. See, 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2). Section 365(b)(3) of the Bankruptcy Code specifically provides that, for purposes of Section 365(f), adequate assurance of future performance with regard to a lease of real property in a shopping center includes adequate assurance "of the source of rent and other consideration due under the lease." 11 U.S.C. § 365(b)(3)(A) (West 2008).

### Proposed Rejection Procedures

16. The Debtors first request that the rejection of leases that are subject to a potential purchaser notice be effective as of December 31, 2008 if the Debtors elect not to sell the leases. In their proposed Order, the Debtors seek rejection of these leases as of the proposed date of the sale hearing, December 22, 2008. No notice is to be provided to the Objecting Landlord of any such rejection of the Lease.

17. If the Debtors desire to reject the Lease, they must provide sufficient notice to the Objecting Landlord and the proposed rejection cannot be effective until the Debtors unequivocally relinquish control of the Premises.

18. The Debtors seek authority to abandon property left behind at the Premises if the Lease is rejected. The proposed abandonment is at the sole discretion of the Debtors.

19.     Upon rejection of a Lease, the Debtors will have no authority to continue to occupy the subject Premises. If the Lease is rejected, the Premises should be returned in broom clean condition. Notwithstanding that, any property left behind at the Premises as of rejection of the Lease must be deemed abandoned with the Objecting Landlord having the right to dispose of same in its sole and absolute discretion without liability to any third parties. The Objecting Landlord should not be in a position of having to move for relief from the automatic stay so as to dispose of any estate property left at the Premises after the Lease has been rejected.

## JOINDER

20.     The Objecting Landlord joins in the objections filed by other landlords to entry of an order approving the proposed bidding procedures and rejection procedures to the extent they are not inconsistent with this Objection.

## WAIVER OF MEMORANDUM OF LAW

21.     The legal authority supporting the relief requested by this Objection has been cited herein. Accordingly, the Objecting Landlord respectfully requests that the Court waive the requirement in Local Rule 9013-1(G) for this District.

**WHEREFORE**, EklecCo NewCo, LLC respectfully requests that this Court deny entry of an Order on the Motion and grant the Objecting Landlord any other and further relief this Court may deem proper and just.

Dated: December 3, 2008          **CHRISTIAN & BARTON, L.L.P.**

/s/ Jennifer M. McLemore
By:  Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

          Kevin M. Newman, Esq. (KMN-1451)
          **MENTER, RUDIN & TRIVELPIECE, P.C.**
          Office and Post Office Address
          308 Maltbie Street, Suite 200
          Syracuse, New York 13204-1498
          Telephone:  (315) 474-7541
          Facsimile:    (315) 474-4040

          *Attorneys for EklecCo NewCo, LLC,*

## CERTIFICATE OF SERVICE

I hereby certify that I will cause a copy of the Objection to Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363 and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Store, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures to be served by electronic means or by first class mail, postage prepaid, to the persons required to be served pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures entered in this case on December 3, 2008.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

912430

# EXHIBIT "A"

Circuit City- Merchant #610104
Filing Date - 11/10/2008
EklecCo NewCo, LLC

|  | Pre-Petition Amount Due | | | Post-Petition Amount Due | | |
| --- | --- | --- | --- | --- | --- | --- |
|  | Oct. & Prior | Nov. 1 - 9 | Total | Nov. 10 - 30 | December | Total |
| Minimum Rent |  | $20,685.00 | $20,685.00 | $48,265.00 | $68,950.00 | $117,215.00 |
| Taxes |  | 8,354.02 | 8,354.02 | $19,492.70 | $27,846.72 | $47,339.42 |
| Insurance |  | 0.00 | 0.00 | $0.00 |  | $0.00 |
| Common Area |  | 0.00 | 0.00 | $0.00 |  | $0.00 |
| Marketing Fund |  | 0.00 | 0.00 | $0.00 |  | $0.00 |
| Insurance Adj |  | 0.00 | 0.00 |  |  | $0.00 |
| Liq. Damages |  | 0.00 | 0.00 | 0.00 |  | 0.00 |
| Total | $0.00 | $29,039.02 | $29,039.02 | $67,757.70 | $96,796.72 | $164,554.42 |
|  |  |  |  |  | Less Payment | 0.00 |
|  |  |  |  |  | Total Post - Petition | $164,554.42 |