Michael St. James, Esq.
ST. JAMES LAW, P.C.
155 Montgomery St., Suite 1004
San Francisco, CA 94104-4117
415-391-7566

Counsel for SimVest Real Estate II, LLC
    Landlord of Store No. 238

Russell R. Johnson III, Esq. (VSB No. 31468)
John M. Craig, Esq. (VSB No. 32977)
LAW OFFICES OF RUSSELL R. JOHNSON
2258 Wheatlands Drive
Manakin-Sabot, VA  23103
804-749-8861

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

```
- - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  :    Chapter 11
                                        :
CIRCUIT CITY STORES, INC.               :    Case No. 08-35653 - KRH
et al.,                                 :
                                        :
          Debtors                       :    Jointly Administered
- - - - - - - - - - - - - - - - - - - - x
```

**OBJECTION OF SIMVEST REAL ESTATE II, LLC,
LANDLORD OF STORE NO. 238, TO
MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) ASSUMING THE
AGENCY AGREEMENT AMONG THE DEBTORS,
HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS
RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS
TO CONTINUE AGENCY AGREEMENT SALES
PURSUANT TO STORE CLOSING AGREEMENT**

SimVest Real Estate II, LLC, Landlord of Store No. 238 in San Rafael, California (the

"Store 238 Landlord") hereby objects to the relief requested in the Motion Of The Debtors For

Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The

Agency Agreement Among The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers

Retail Partners, LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales

Pursuant To Store Closing Agreement (the "Store Closing Motion").  In support of the Objection, the Store 238 Landlord states as follows:

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On the Petition Date, the Debtors filed the Store Closing Motion seeking, *inter alia,* approval of an agreement with Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC to conduct going out of business sales ("GOB Sales") at certain of the Debtors' stores, including the Leased Premises (defined below), in accordance with the proposed GOB Sales procedures. That day, the Bankruptcy Court entered an order (the "Interim Sale Order") provisionally granting the relief requested in the Store Closing Motion.

3. Pursuant to a Lease Agreement dated December 31, 1987, as subsequently amended (the "Lease") between the Store 238 Landlord's predecessor in interest and Circuit City Stores, Inc. ("Circuit City"), one of the Debtors, the Landlord leases to Circuit City certain nonresidential real property located at 330 Bellam Boulevard, San Rafael, California ("Store 238") .

4. The monthly rent due under the Lease for Store 238 is $62,291.67.  The Debtors are also obligated under the Lease for Store 238 to pay real estate taxes and insurance ratably over the year, in the amount of $8,105.06 per month.  Ratable post-bankruptcy rent and additional rent for November, 2008 is $51,920.23

5. The Debtors have not paid the November 2008 rent payments due under the

2

Lease.

## OBJECTION

6.    Section 365(d)(3) of the Bankruptcy Code states that the Debtors must "timely perform all the obligations of the debtor... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected." 11 U.S.C. § 365(d)(3). In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other providers of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decide to assume or reject the lease, the debtor has stopped making payment due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services - the use of its property, utilities, security, and other services - without current payment. No other creditor is put in this position...
>
> The bill would lessen these problems by requiring the debtor to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that the debtor-tenants pay their rent, common area, and other charges on time pending the debtor's assumption or rejection of the lease.

130 Cong. Rec. S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

7.    This case presents the circumstances that Congress intended section 365(d)(3) of the Bankruptcy Code to address. The Debtors continue to occupy and possess Store 238, and profit by conducting GOB Sales from Store 238, without performing their post-petition obligations under the Leases.

8.    The Store 238 Landlord respectfully submits that the Court should implement the policy and provisions of the Bankruptcy Code by conditioning final approval of the Store

Closing Motion upon (i) immediate payment to the Store 238 Landlord of the November 2008 rent for the post-petition period and (ii) timely payment to the Store 238 Landlord of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected.

WHEREFORE, the Store 238 Landlord requests that this Court condition final approval of the Store Closing Motion with respect to the Lease upon (i) immediately payment to the Store 238 Landlord of the November rent due for the post-petition period and (ii) timely payment to the Store 238 Landlord of all rent and taxes due under the Leases from the Petition Date through the date the Leases are assumed or rejected, and grant such other and further relief as may be just and proper.

Dated: December 3, 2008

>	ST. JAMES LAW, P.C.
>	Michael St. James, Esq.   CSB 95653
>	155 Montgomery St., Suite 1004
>	San Francisco, CA 94104-4117
>	415-391-7566
>	ecf@stjames-law.com
>
>	– and –
>
>	LAW OFFICES OF RUSSELL JOHNSON, III
>
>	/s/  John M. Craig
>	John M. Craig (VSB No. 32977)
>	Russell R. Johnson, III (VSB No. 31468)
>	2258 Wheatlands Drive
>	Manakin-Sabot, VA  23103
>	804-749-8861

## **CERTIFICATE OF SERVICE**

    I, John M. Craig, hereby certify that, on December 3, 2008, I caused a true and correct copy of the foregoing Objection Of SimVest Real Estate II, LLC, Landlord of Store No. 238, to the Motion Of The Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The Agency Agreement Among The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers Retail Partners, LLC, And (Ii) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (the "Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: circuitcityservice@mcquirewoods.com and proiect.circuitcity@skadden.com, and to all persons receiving service via the Court's ECF System.

                                          /s/  John M. Craig
                                          John M. Craig