IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

In Re:

CIRCUIT CITY STORES, INC., *et al.*

Debtors

Case No. 08-35653-KRH

(Chapter 11)

MADISON WALDORF, LLC'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR ORDER EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY

(Store No. 704)

Madison Waldorf, LLC, and its management agent, Madison Marquette Realty Services, (collectively, the "Landlord"), through its undersigned counsel, Mitchell B. Weitzman, Bean, Kinney & Korman, P.C., hereby file this Limited Objection to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property (the "Motion"), on the following grounds:

1.  On November 10, 2008, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.  Jurisdiction to consider this matter is vested in the Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is prescribed by 28 U.S.C. §§ 1408 and 1409.

Mitchell B. Weitzman, VSB 28434
Counsel for Madison Waldorf, LLC
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000; (703) 525-2207 (Fax)

3. On March 27, 1990, Debtor Circuit City Stores, Inc. ("Debtor") and Landlord's predecessor in interest, Madison Waldorf Retail Limited Partnership, entered into a Lease Agreement, pursuant to which Debtor occupies approximately 14,618 square feet at the Festival at Waldorf Shopping Center in Waldorf, Maryland.(the "Lease"). Pertinent portions of the Lease are annexed as Exhibit 1.

4. Landlord files this Limited Objection to the Motion, on the ground that Debtor has failed to deliver post-petition rent for December 2008 totaling $34,422.06 as set forth on the Aged Delinquencies annexed as Exhibit 2. In addition, Debtor has failed to pay post-petition "stub rent" for November 2008, also payable as an administrative obligation. In re: M. L. Logan Precision Machining Co., 2007 Bankr. LEXIS 1772 (Bankr. E. D. Penn. 2007).

5. Debtors have an obligation to comply with all post-petition obligations as required by Section 365(d)(3) of the Bankruptcy Code. Section 365(d)(3) provides, in part, ..." The Trustee shall timely perform all the obligations of the Debtor. . . , arising from and after the order for relief under any unexpired Lease of non-residential property, until such Lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title." In re: Midway Airlines Corp., 406 F.3d 229 (4th Cir. 2005).

6. In the absence of Debtors' full compliance with its post-petition obligations, Landlord objects to any extension of time within which to assume or reject the Lease.

7. The Bankruptcy Code requires that determinations with respect to assumption or rejection of non-residential leases shall occur within 120 days of the commencement date. 11 U.S.C. §365(d)(4), subject to an additional sixty (60) day period upon motion and good

2

cause shown. This prompt determination minimizes the potential for prejudice to landlords which results from prolonged uncertainty with respect to its leases. Harvest Corp v. Riviera Land Co., infra, 868 F.2d 1077, 1079 (9th Cir. 1989). Extensions of time for assuming or rejecting non-residential leases are not automatic upon request. Good cause must be shown before an extension is granted. Chapman Investment Assoc. v. American Healthcare Management, Inc., 900 F.2d 827 (5th Cir. 1990). The primary purpose of Section 365(d)(4) of the Bankruptcy Code is "to protect lessors... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." Sea Harvest Corp v. Riviera Land Co., 868 F.2d 1077, 1079 (9th Cir. 1989); Chapman Investment Assoc., 900 F.2d 827, 830.

8.  Congress' concern for prejudice to shopping center lessors resulting from lengthy extensions and uncertainty lead to the 1984 amendments to the Bankruptcy Code extending the 60-day deadline (then in effect) to all other chapters under the Bankruptcy Code. The 1984 amendment was intended to remedy prejudice caused shopping centers and their remaining viable tenants, arising from long-term vacancies and bankrupt tenants' partial operation or under-utilization of their leased space. See 130 Cong. Rec. S 8894, S 8895 (Daily Ed. June 29, 1984). Factors to be considered relating to extensions include: whether the lease is a primary asset of debtor; whether the lessor has a reversionary interest; whether debtor has had time to intelligently appraise its financial situation and potential value of its assets; whether the lessor continues to receive rental payments; whether the lessor will be damaged beyond compensation available under the Bankruptcy Code due to debtor's continued occupation; whether the case is exceptionally

3

complex and involves large number of leases; whether a need exists for a judicial determination of whether the lease is a disguised security agreement; whether the debtor has failed or is unable to formulate a plan of reorganization; and any other factors bearing on whether debtor has had a reasonable amount of time to decide to assume or reject the lease. See generally In Re Wedtech Corporation, 72 B.R. 464 (Bankr. S.D.N.Y. 1987); In Re Muir Training Tech., Inc., 120 B.R. 154 (Bankr. S.D. Cal. 1990); In Re Victoria Station, Inc., 88 B.R. 231 (CA 9 1988). Providing certainty to lessors of non-residential premises, particularly shopping center lessors, and to their other tenants, is a central purpose of Section 365(d)(4) of the Bankruptcy Code.

WHEREFORE, Madison Waldorf, LLC requests an order denying the Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property, an award of its reasonable counsel fees and costs, and for such other relief deemed appropriate to the Court.

Respectfully submitted,

By: /s/ Mitchell B. Weitzman
Mitchell B. Weitzman, VSB 28434
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000; (703) 525-2207 fax
Mweitzman@beankinney.com
Counsel for Madison Waldorf, LLC

4

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 3, 2008, a copy of the foregoing Limited Objection to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property  Entry of Appearance and Request for Service of Papers is to be served by electronic means via the Court's ECF/CM system.

          Daniel F. Blanks
          McGuire Woods LLP
          9000 World Trade Center
          101 W. Main Street
          Norfolk, VA 23510

          Dion W. Hayes
          Douglas M. Foley
          McGuire Woods LLP
          One James Center
          901 East Cary Street
          Richmond, VA 23219

          Greg M. Galardi
          Ian S. Fredericks
          Skadden, Arps, Slate, Meagher & Flom, LLP
          One Rodney Square
          PO Box 636
          Wilmington, DE 19899-0636

          Chris L. Dickerson
          Skadden, Arps, Slate, Meagher & Flom, LLP
          333 West Wacker Drive
          Chicago, IL 60606

                                  /s/ Mitchell B. Weitzman
                                  Mitchell B. Weitzman