IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

In Re:

CIRCUIT CITY STORES, INC., *et al.*

Debtors

Case No. 08-35653-KRH

(Chapter 11)

TYSONS 3, LLC'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR
ORDER EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME
OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY

(Store No. 3765)

Tysons 3, LLC, and its management agent, The Ziegler Companies, LLC (collectively, the "Landlord"), through its undersigned counsel, Mitchell B. Weitzman, Bean, Kinney & Korman, P.C., hereby file this Limited Objection to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property (the "Motion"), on the following grounds:

1. On November 10, 2008, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Jurisdiction to consider this matter is vested in the Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is prescribed by 28 U.S.C. §§ 1408 and 1409.

Mitchell B. Weitzman, VSB 28434
Counsel for Tysons 3, LLC
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000; (703) 525-2207 (Fax)

3. On April 21, 2005, Debtor Circuit City Stores, Inc. ("Debtor") and Landlord entered into a Deed of Lease Agreement, pursuant to which Debtor occupies approximately 20,363 square feet at the Tysons 3 Center in Vienna, Virginia, for an initial term expiring on September 15, 2019 (the "Lease").  Pertinent portions of the Lease are annexed as <u>Exhibit 1</u>.

4. Landlord files this Limited Objection to the Motion, on the ground that Debtor has failed to deliver post-petition rent for December 2008 totaling $88,715.00.  Debtors have an obligation to comply with all post-petition obligations as required by Section 365(d)(3) of the Bankruptcy Code.  Section 365(d)(3) provides, in part, ..." The Trustee shall timely perform all the obligations of the Debtor. . . , arising from and after the order for relief under any unexpired Lease of non-residential property, until such Lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title." <u>In re: Midway Airlines Corp.</u>, 406 F.3d 229 (4th Cir. 2005).

5. In the absence of Debtors' full compliance with its post-petition obligations, Landlord objects to any extension of time within which to assume or reject the Lease.

6. The Bankruptcy Code requires that determinations with respect to assumption or rejection of non-residential leases shall occur within 120 days of the commencement date.  11 U.S.C. §365(d)(4), subject to an additional sixty (60) day period upon motion and good cause shown.  This prompt determination minimizes the potential for prejudice to landlords which results from prolonged uncertainty with respect to its leases.  <u>Harvest Corp v. Riviera Land Co.</u>, <u>infra</u>, 868 F.2d 1077, 1079 (9th Cir. 1989).  Extensions of time for assuming or rejecting non-residential leases are not automatic upon request.  Good

cause must be shown before an extension is granted. Chapman Investment Assoc. v. American Healthcare Management, Inc., 900 F.2d 827 (5th Cir. 1990). The primary purpose of Section 365(d)(4) of the Bankruptcy Code is "to protect lessors... from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." Sea Harvest Corp v. Riviera Land Co., 868 F.2d 1077, 1079 (9th Cir. 1989); Chapman Investment Assoc., 900 F.2d 827, 830.

7. Congress' concern for prejudice to shopping center lessors resulting from lengthy extensions and uncertainty lead to the 1984 amendments to the Bankruptcy Code extending the 60-day deadline (then in effect) to all other chapters under the Bankruptcy Code. The 1984 amendment was intended to remedy prejudice caused shopping centers and their remaining viable tenants, arising from long-term vacancies and bankrupt tenants' partial operation or under-utilization of their leased space. See 130 Cong. Rec. S 8894, S 8895 (Daily Ed. June 29, 1984). Factors to be considered relating to extensions include: whether the lease is a primary asset of debtor; whether the lessor has a reversionary interest; whether debtor has had time to intelligently appraise its financial situation and potential value of its assets; whether the lessor continues to receive rental payments; whether the lessor will be damaged beyond compensation available under the Bankruptcy Code due to debtor's continued occupation; whether the case is exceptionally complex and involves large number of leases; whether a need exists for a judicial determination of whether the lease is a disguised security agreement; whether the debtor has failed or is unable to formulate a plan of reorganization; and any other factors bearing on whether debtor has had a reasonable amount of time to decide to assume or reject the

3

lease. See generally In Re Wedtech Corporation, 72 B.R. 464 (Bankr. S.D.N.Y. 1987); In Re Muir Training Tech., Inc., 120 B.R. 154 (Bankr. S.D. Cal. 1990); In Re Victoria Station, Inc., 88 B.R. 231 (CA 9 1988). Providing certainty to lessors of non-residential premises, particularly shopping center lessors, and to their other tenants, is a central purpose of Section 365(d)(4) of the Bankruptcy Code.

WHEREFORE, Tysons 3, LLC requests an order denying the Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property, an award of its reasonable counsel fees and costs, and for such other relief deemed appropriate to the Court.

Respectfully submitted,

By: /s/ Mitchell B. Weitzman
Mitchell B. Weitzman, VSB 28434
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000; (703) 525-2207 fax
Mweitzman@beankinney.com
Counsel for TYSONS 3, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2008, a copy of the foregoing Limited Objection to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property Entry of Appearance and Request for Service of Papers is to be served by electronic means via the Court's ECF/CM system.

Daniel F. Blanks
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Dion W. Hayes
Douglas M. Foley
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Greg M. Galardi
Ian S. Fredericks
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606

/s/ Mitchell B. Weitzman
Mitchell B. Weitzman