DAVID L. POLLACK (PA 15694)
JEFFREY MEYERS (PA 23760)
JESSE N. SILVERMAN (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

CONSTANTINOS G. PANAGOPOULOS (VA 33356)
CHARLES W. CHOTVACS (VA 70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

Counsel for Centro Properties Group, Federal Realty Investment Trust,
Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC
The Morris Companies Affiliates and Uniwest Commercial Realty

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

-------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **CIRCUIT CITY STORES, INC.** *et al.*. | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------x

**LIMITED OBJECTION OF CENTRO PROPERTIES GROUP, FEDERAL
REALTY INVESTMENT TRUST, CENCOR REALTY, THE HUTENSKY
GROUP, UBS REALTY INVESTORS, LLC, THE MORRIS COMPANIES
AFFILIATES AND UNIWEST COMMERCIAL REALTY TO DEBTORS' MOTION
FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363, AND 365 (I) APPROVING
BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II)
SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING
(A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION
AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL
<u>PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES</u>**

TO THE HONORABLE KEVIN R. HUENNEKENS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

- 1 -

DMEAST #10163707 v1

Centro Properties Group ("Centro"), Federal Realty Investment Trust ("Federal"), Cencor Realty ("Cencor"), The Hutensky Group ("Hutensky"), UBS Realty Investors, LLC ("UBS"), The Morris Companies Affiliates ("Morris") and Uniwest Commercial Realty ("Uniwest") by their undersigned attorneys, hereby make this Limited Objection to Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Motion") and in support thereof aver:

1. Centro, Federal, Cencor, Hutensky, UBS, Morris and Uniwest are the owners or agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases") which are affected by the relief sought by the Motion.[1] Centro, Federal, Cencor, Hutensky, UBS, Morris and Uniwest are hereinafter collectively referred to as "Objecting Landlords".

2. All of Objecting Landlords' premises are premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). The premises affected by the Motion are:

| LOCATION | CITY/STATE | STORE # | LANDLORD |
|---|---|---|---|
| The Commons @ Chancellor | Charlotte, NC | 3228 | Centro |
| Conyers Crossroads | Conyers, GA | 3416 | Centro |

---

[1] Although only Centro and UBS have stores which are subject to the current Sale Motion, the remaining Objecting Landlords join in this objection inasmuch as the procedures adopted with regard to this Motion are likely to be the same or similar to the procedures which Debtors will seek to employ for any future sale motions.

| LOCATION | CITY/STATE | STORE # | LANDLORD |
|---|---|---|---|
| Midway Market Square | Elyria, OH | 3182 | Centro |
| Northridge Plaza | Milwaukee, WI | 1811 | Centro |
| Sharpstown Plaza | Houston, TX | 540 | Centro |
| Venture Pointe | Duluth, GA | 3220 | Centro |
| Happy Valley Towne Center | Phoenix, AZ | 3558 | UBS |

3.   By the Motion, Debtors seek, *inter alia*, approval of various bidding procedures (the "Procedures"), approval of the possible sale of some or all of Debtors' assets, and approval of rejection procedures with regard to leases that are not assumed and assigned.

4.   Debtors propose the following schedule for the auction and sale of the subject leases:

| Dec. 3 | ►Objections due to Bid Procedures Motion |
|---|---|
| Dec. 5 | ►Bid Procedures Hearing |
| Dec. 10 | ►Cure Objection Deadline |
| Dec. 15 | ►Bid Deadline |
| Dec. 16 | ►Deadline for Notice of Potential Purchaser |
| Dec. 18 | ►Auction |
| Dec. 20 (Sat.) | ►Sale Objection Deadline |
| Dec. 22 | ►Sale Hearing |

**Bidding Procedures**

5.   The Procedures do not provide for notification to landlords of winning bidders after the auction, only of notification of potential purchasers prior to the auction. Debtors should be required to send email notification to landlords and their counsel immediately after the auction and to either file a list of proposed winning bidder assignees with the Court or post same on the case website.

6.   The Procedures do not permit landlords to attend the auction. There should be no prohibition against landlords, whether qualified bidders or not, from attending the

- 3 -

auction as observers. Indeed, many debtors have found a landlord's attendance invaluable when attempting to decide which of two or more bids to accept for a property since certain bidders may face opposition from the landlord while others may move forward with consensual transactions.

7.    The cure deadline of December 10th is unreasonable. Assuming the Procedures Order is entered and distributed on December 5, 2008, the earliest landlords can expect to receive same is December 8th, two days before the Cure Objection Deadline. If Debtors require cure objections prior to the Auction then the objection deadline should be moved to December 17, 2008.

8.    There are no provisions in the Motion or Procedures for the dissemination of adequate assurance information to Debtors' landlords. Indeed, the Procedures only require that to be a Qualified Bidder the purchaser "must be prepared to demonstrate adequate assurance under the Lease(s)." The where and when of such demonstration, other than at the hearing, is not set forth. Adequate assurance information must be supplied to the affected landlords and their counsel together with the Notice of Potential Purchaser required to be issued by Debtors on December 16th.

9.    The proposed objection deadline of <u>Saturday</u>, December 20th, must be amended. Assuming that the auction is completed on December 18th, which is not a certainty, and the results are distributed to landlords that same date, objecting parties would have only <u>one (1) business day</u> to file their objections. The proposed objection deadline and hearing date provide absolutely no time for discovery and/or negotiation with regard to proposed assignees.

10.   The hearing scheduled for December 22nd should be used solely for (a) landlords to advise whether or not they intend to object to the proposed assumption and

- 4 -

assignment of the leases, (b) approval of assumption and assignment of those leases to which there is no objection and (c) a status conference establishing the objection deadline, discovery schedule and hearing date for the leases that have landlord objections.

### Assumption and Assignment of Leases

11. Debtors contemplate that there may be assumption and assignment of some or all of their non-residential real property leases. As noted above, there are no provisions in the Motion or Order for supplying Objecting Landlords with relevant information concerning the proposed assignee, nor anything which would appear to provide for compliance with the provisions of sections 365(b) and (f) of the Code.

12. Objecting Landlords reserve the right to object to the provisions of any assumption and assignment motion when and if same is filed by Debtors.

13. Paragraph 5 of the Proposed Order should be amended to provide that the undisputed portion of the cure amounts should be paid to the landlord at the time of closing and the disputed portion held in escrow pending either a resolution of the dispute between the parties or further order of the Court.

### Rejection Procedures

14. Debtors request a procedure whereby all leases will be deemed rejected as of December 31, 2008 unless either the landlord and Debtors have agreed otherwise or Debtors have issued, and not withdrawn, a Notice of Potential Purchaser. The procedure would be acceptable to Objecting Landlords if the rejection date were changed to the later of December 31, 2008 or the turnover of the premises to the landlord including, the return of the keys to the premises and surrender of the alarm codes or disconnection of alarm service. In addition, any

third party which may have rights to property at the premises must be notified to remove same by December 31, 2008 or the property will be deemed abandoned with no liability to the landlord for the disposal thereof.

### Advance Waiver of the Stay Under Bankruptcy Rules 6004(g) and 6006(d) Is Inappropriate

15. Debtors seek an advance waiver of the ten-day stay of Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure following entry of any orders approving the sale of property or assignment of a lease. Such an advance waiver is unjustified and inappropriate.

16. Rule 6006(d) provides that:

> "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise."

The Committee Note to Rule 6006(d) provides:

> "[s]ubdivision (d) is added to provide sufficient time for a party to request a stay pending appeal of an order authorizing the assignment of an executory contract or unexpired lease under § 365(f) of the Code before the assignment is consummated. . . . The court may, in its discretion, order that Rule 6006(d) is not applicable so that the executory contract or unexpired lease may be assigned immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6006(d) is for a fixed period less than 10 days."

17. The Rule 6006(d) stay provides a short period of time that "is often needed and essential to an objecting party intending to appeal because if the assignment is closed in the absence of a stay, then any appeal by the objecting party may well be moot." *Collier on Bankruptcy* ¶ 6006.04, at 6006-17 (15th ed. Rev. 2004); *See also In re Quanalyze Oil & Gas*

- 6 -

DMEAST #10163707 v1

*Corp.*, 250 B.R. 83, 92 (Bankr. W.D. Tex. 2000)(in reviewing a similar provision in Rule 6004(g) observing that "[a] party seeking to obtain appellate review of just such a sale should not find its efforts frustrated by a 'quick closing' that renders an appeal moot.")  *Collier* further observes that:

### Reservation of Rights

18. Objecting Landlords reserve the right to make such other and further objections as may be appropriate when a proposed assignee of one or more of their leases is identified.

### Joinder in Other Landlord Objections

19. Objecting Landlords hereby join in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE,** Objecting Landlords pray for relief consistent with the foregoing objections; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

**December 3, 2007**

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

 **BY: _____/s/ Charles W. Chotvacs_____
CONSTANTINOS G. PANAGOPOULOS (VA 33356)
CHARLES W. CHOTVACS (VA 70045)
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299**

- 7 -

DMEAST #10163707 v1

BY: **___/s/ Jesse N. Silverman___**
**DAVID L. POLLACK (PA 15694)**
**JEFFREY MEYERS (PA 23760)**
**JESSE N. SILVERMAN (VA 46456)**
**51st Fl - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**Telephone: (215) 864-8325**
**Facsimile: (215) 864-9473**

*Attorneys for Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC, The Morris Companies Affiliates and Uniwest Commercial Realty*

- 8 -

## CERTIFICATE OF SERVICE

I, hereby certify that on the 3rd day of December, 2008, a true and accurate copy of the foregoing Limited Objection of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC, The Morris Companies Affiliates and Uniwest Commercial Realty to Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures was electronically filed with the Court, which causes notices of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

/s/ Charles W. Chotvacs
Charles W. Chotvacs

DMEAST #10163707 v1