Neil D. Goldman, Esq. (VSB No. 18352)
John P. Van Beek, Esq. (VSB No. 30897)
Libeau J. Berthelot, III, Esq. (VSB 72730)
Young, Goldman & Van Beek, P.C.
510 King St., Suite 416
Alexandria, Virginia 22313
(703) 684-3260
(703) 548-4742 (facsimile)
ngoldman@ygvb.com
jvanbeek@ygvb.com
bberthelot@ygvb.com

Counsel for Sacco of Maine, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653 |
| ) | Jointly Administered |
| Circuit City Stores Inc., et al.,[1] ) | Chapter 11 |
| ) | Hon. Kevin R. Huennekens |
| Debtors. ) | |
| ) | |

**SACCO'S OBJECTION TO THE MOTION OF DEBTORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTION 365 (d) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Sacco of Maine, LLC ("Sacco"), by and through its undersigned counsel, files this

Objection to the Motion of Debtors for an Order Under Bankruptcy Code Section 365(d)

Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Non-Residential Real Property, Notice of Motion and Notice of Hearing Upon Objection (the "Motion to Extend") (Docket No. 290). In support of its Objection, Sacco states:

1. Sacco is party in interest in this proceeding as Landlord to a lease with Debtors for Location #3740 in Bangor, Maine.

2. In the Motion to Extend, Debtors seek entry of an order under Bankruptcy Code section 365(d)(4) granting a 90-day extension of the original 120-day period within which the Debtors must assume or reject unexpired leases of nonresidential real property, including Sacco's lease with Debtors, (collectively, the "Leases")

3. In presenting its basis for relief, the Debtors assert that they, "intend to remain current on all of their postpetition rent obligations arising from and after the Petition Date for those Leases covered by the extension sought by this Motion. Thus, the relief requested herein will not prejudice landlords under such Leases." ¶29, *Motion to Extend*.

4. However, Debtors' actions are contrary to this representation made in the Motion to Extend for Debtors have failed to pay Sacco post-petition administrative rent in the amount of $31,850.00 for the month of December, 2008.

5. In addition, Debtors are refusing to pay the pro-rated portion of the November, 2008, rent in the amount of $21,233.33. Debtors' position that they are not obligated under the Bankruptcy Code to pay the pro-rated portion of November rent is inconsistent with current case law. *See In re Trak Auto Corporation,* 277 B.R. 655, 665 (Bankr. E.D.Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), *rev 'd on other grounds,* 367 F.3d 237 (4th Cir. 2004); *Child World, Inc. v.*

2

*Campbell/Massachusetts Trust (In re Child World, Inc.),* 161 B.R. 571, 575 (S.D.N.Y. 1993).

6. Despite their representations in the Motion to Extend, thus far Debtors have failed to make payment for December rent and have indicated that they have no intention of paying the pro-rate portion of the rent due for November. An inquiry to Debtors' counsel regarding the status of these payments has been made, yet no response has been provided.

7. Granting Debtors an extension of time to assume or reject the Leases would only permit them to occupy commercial space rent free for an additional period of time to the detriment of Sacco and similarly situated landlords in these proceedings. A "debtor's failure to keep current on its post-petition obligations to its landlord is a factor which should weigh heavily in favor of limiting the debtor's right to maintain the lease in limbo." *In re Muir Training Techs., Inc.*, 120 B.R. 154, 158-59 (Bankr.S.D.Cal.1990)(*citing In re Wedtech Corporation*, 72 B.R. 464, 471-472 (Bankr.S.D.N.Y.1987). *See also South St. Seaport LP v. Burger Boys, Inc.* (*In re Burger Boys, Inc.*), 94 F.3d 755, 761 (2d Cir.1996); *In re Monahan Ford Corp. of Flushing*, 390 B.R. 493, 500 (Bkrtcy.E.D.N.Y.2008).

8. An extension of the time for Debtors to assume or reject the Leases, in combination with Debtors' non-payment of post-petition administrative rent, *will* prejudice landlords in this action and should not be permitted.

WHEREFORE, Sacco of Maine, LLC, respectfully requests that the Court deny Debtors' Motion of Debtors for an Order Under Bankruptcy Code Section 365(d) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Non-Residential Real Property.

Dated: Alexandria, Virginia      Respectfully submitted,
December 3, 2008

/s/ John P. Van Beek

Neil D. Goldman, Esq. (VSB No. 18352)
John P. Van Beek, Esq. (VSB No. 30897)
Libeau J. Berthelot, III, Esq. (VSB 72730)
Young, Goldman & Van Beek, P.C.
510 King St., Suite 416
Alexandria, Virginia 22313
(703) 684-3260
ngoldman@ygvb.com

Counsel for Sacco of Maine, LLC

## CERTIFICATE OF SERVICE

      I, John P. Van Beek, hereby certify on the 3rd day of December 2008, I caused a true and correct copy of the foregoing Objection to the Motion of Debtors for an Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Non-Residential Real Property ("the Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: circuitcityservice@mcquirewoods.com and project.circuitcity@skadden.com, and to all persons receiving service via the Court's ECF System:

                                                      /s/ John P. Van Beek
                                                      John P. Van Beek