IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | |
| et al.,[1] | : | Case No. 08-35653 (KRH) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Re: Docket No. 290 |

**OBJECTION OF FIRST INDUSTRIAL REALTY TRUST, INC. TO MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT <u>UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

First Industrial Realty Trust, Inc. ("FR"), by its undersigned attorneys and pursuant to section 365(d)(4) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), hereby objects (the "Objection") to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a) XSStuff, LLC (9263), Maryland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

H. Jason Gold, Va. Bar No. 19117
Kalina B. Miller, Va. Bar No. 70691
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800

Jeremy W. Ryan  (DE Bar No. 4057)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6805

Counsel to First Industrial Realty Trust, Inc.

Unexpired Leases of Nonresidential Real Property [Docket No. 290] (the "Extension Motion"). In support of this Objection, FR states as follows:

**Introduction**

1. On November 10, 2008 (the "Petition Date"), the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered in this case.

2. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors. To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On or about February 28, 2007, Circuit City Stores, Inc., one of the Debtors herein, and FR entered into a Standard Form Industrial Building Lease (the "Lease") with respect to real property located at Covington Industrial Park, 600 First Avenue, Gouldsboro, PA 18424 (the "Premises"). A true and correct copy of the Lease is attached hereto at Exhibit "A" and incorporated by reference herein.

5. The Lease provides that the Debtors are responsible for a base rent payment in the amount of $417,921 (the "Base Rent") which is due on December 1, 2008 in accordance with the terms of the Lease.

6. The Lease provides that the Base Rent shall be an absolute net return to FR and that the Debtors are responsible for all costs and expenses relating to the ownership and operation of the Premises (the "Additional Rent Obligations"). Pursuant to the terms of the Lease, the Additional Rent Obligations include, but not are not limited to, the following obligations: (1) to provide for

proper snow removal services for the Premises; (2) to purchase and supply propane gas to supply heat to the Premises; (3) to execute an annual contract for the maintenance of the sprinkler system and fire pump for the Premises; (4) to obtain a preventive maintenance and service contract with a service provider for the maintenance of the HVAC systems of the Premises; (5) to employ a contractor to monitor the Premises' fire alarm systems to ensure compliance with all applicable laws and regulations; and (6) to purchase and remain current on all utilities for the Premises.

7. As of the date of the filing of this Objection, the Debtors currently are not performing any of these enumerated Additional Rent Obligations. Most critical at this point in time is the failure to provide heat to the building. The Premises are regularly exposed to sub-freezing temperatures. If the Premises are not heated, there is the potential for catastrophic system failures in the building which could pose a threat to public safety as well severely damage the integrity of the building. The Debtors have represented to FR that they are awaiting authorization from their corporate headquarters to perform these Additional Rent Obligations, however, the Debtors have provided no tangible assurances as to if or when these Additional Rent Obligations will be fulfilled.

### The Debtors' Motion to Extend

8. On or about November 20, 2008, the Debtors filed the Extension Motion. In the Extension Motion, the Debtors have requested a 90-day extension (the "Extension") of the original 120-day period within which the Debtors must assume or reject any unexpired nonresidential real property leases. Extension Motion, at ¶ 9. The Extension would render June 8, 2009, as the deadline by which the Debtors would be forced to assume or reject any unexpired nonresidential real property leases.

9.    If the relief requested in the Extension Motion is not granted, the period for assuming or rejecting any unexpired nonresidential real property leases will expire on March 10, 2009. Extension Motion, at ¶ 9.

**Objection to the Motion To Extend**

10.    Section 365(d)(3) of the Bankruptcy Code provides in part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). The purpose of section 365(d)(3) was to ease the burden on landlords during the period between a tenant's bankruptcy petition and assumption or rejection of a lease. See CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 211-12 (3d Cir. 2001) (noting that the legislative history reveals that the purpose of section 365(d)(3) was to ensure landlords are not forced to provide uncompensated services to a debtor).

11.    Section 365(d)(4) provides that if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, *for cause*, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. 11 U.S.C. § 365(d)(4) (emphasis added).

12.    In determining whether "cause" exists to extend the time to assume or reject a non-residential real property lease, courts have considered the following factors: (1) whether the debtor was paying for the use of the property; (2) whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code; (3) whether the

4

lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization. See South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996) (citation and internal quotations omitted). This list of factors is non-exhaustive and the Bankruptcy Court is not limited to consideration of these factors in determining whether sufficient cause exists to justify an extension. Id. Courts have recognized that a debtor's failure to comply with lease obligations under section 365(d)(3) "is a factor of considerable importance" in determining whether to grant an extension under section 365(d)(4). 3 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 365.04[3][g], at 365-42 (15th ed. rev. 2008) (citing In re Southwest Aircraft Servs., Inc., 831 F.2d 848 (9th Cir. 1987), cert. denied, 487 U.S. 1206 (1988); In re Wedtech Corp., 72 B.R. 464 (Bankr. S.D.N.Y. 1987))

13.     The Extension Motion should be denied because sufficient "cause" does not exist as a result of the Debtors' failure to perform their required obligations under the Lease in accordance with Section 365(d)(3) of the Bankruptcy Code.

14.     The Debtors concede that if the Extension is granted, the Debtors' failure to satisfy their obligations on the unexpired leases would prejudice the interests of the respective landlords. See Extension Motion at ¶ 29.

15.     The Debtors have not paid the Base Rent due under the Lease for the month of December. The payment of post-petition rent is an important consideration in determining whether to grant a lease extension under section 365(d)(4). See McCord v. Hoffman (In re Monahan Ford Corp. of Flushing), 390 B.R. 493, 500 (Bankr. E.D.N.Y. 2008) (internal citation omitted). The Debtors have failed to submit the Base Rent payment which was due December 1, 2008 and have not provided any definite indication as to when that payment will be made. It is imprudent in the

balancing of interests under section 365(d)(4) to grant an extension to the Debtors within thirty days of filing when they have failed to demonstrate their ability to make timely rent payments.

16. Furthermore, the Debtors' failure to perform the Additional Rent Obligations under the Lease creates the potential for FR to be damaged in excess of the compensation it will recoup under the Bankruptcy Code. The fact that the Additional Rent Obligations relate to preservation of public safety and the structural integrity of the Premises dictates that FR faces severe risk exposure with respect to the Premises.

17. By way of illustration, the Debtors' obligation to provide proper snow removal ensures that a sufficient "fire trail" is maintained around the Premises in the event of an emergency evacuation. Similarly, the Debtors' responsibility to supply propane gas is aimed at preventing the freezing of the Premises' emergency sprinkler system. Furthermore, the Debtors' continued occupation of the Premises without properly maintaining the sprinkler system, fire pump and fire alarm system clearly constitutes a danger to the safety of the Premises that increases FR's prospective damages exponentially. Therefore, granting the Extension while allowing these Additional Rent Obligations to go unperformed creates a tremendous risk that FR's interest in the Premises will suffer damages that are not compensable under the Bankruptcy Code.

18. Moreover, the denial of the Extension will not unreasonably prohibit the Debtors from formulating a plan of reorganization. Section 365(d)(4) of the Bankruptcy Code grants the original 120-day period in order to grant debtors a sufficient breathing spell to prepare a plan of reorganization while making decisions regarding the assumption or rejection of unexpired leases. It has been less than thirty days since the commencement of the Debtors' cases, so any possible impact of limiting the Debtors to the original 120-day period on their ability to implement a plan of reorganization is not yet recognizable. The Debtors have more than three-quarters of the original

120-day period in which to formulate a plan of reorganization before having to decide whether to assume or reject their unexpired leases as well as the ability to seek the grant of an extension at a later date in the 120-day period if necessary. Therefore, the grant of the Extension at this juncture in these proceedings is premature.

### Waiver of Memorandum of Law

19. Pursuant to Local Bankruptcy Rule 9013-1(H), and because there are no novel issues of law presented in this Objection and all applicable authority is set forth in the Objection, FR requests that the requirement that all responses to a motion be accompanied by a separate memorandum of law be waived.

## Conclusion

WHEREFORE, FR hereby requests that the Court enter an Order: (a) denying the Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property; and (b) granting such further relief as this Court deems just and appropriate under the circumstances, consistent with this Objection.

Dated: December 3, 2008                                       Respectfully submitted,

                                                              FIRST INDUSTRIAL REALTY TRUST, INC.

                                                              By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800 (Telephone)
703.905.2820 (Facsimile)


By:    /s/ Kalina B. Miller
       H. Jason Gold, Va. Bar No. 19117
       Kalina B. Miller, Va. Bar No. 70691

            -and-

Jeremy W. Ryan (DE Bar No. 4057)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6805

Counsel to First Industrial Realty Trust, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2008, a copy of the foregoing Objection was sent by electronic mail or by first class mail, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.[2]

/s/ Kalina B. Miller
Kalina B. Miller

---

[2] Exhibit "A" is filed with the Court but is not being served with the foregoing Objection. It is available upon request.