Jessica Hughes (VSB #658826)
Rhett Petcher (VSB #44523)
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, D.C.  20004
Telephone: (202) 463-2400
Facsimile:  (202) 828-5393
jhughes@seyfarth.com
rpetcher@seyfarth.com

Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, NY  10018
Telephone: (212) 218-5269
Facsimile:  (212) 218-5526
rdremluk@seyfarth.com

Hearing Date: December 5, 2008, at 10:00 p.m.
Objection Deadline: December 3, 2008, at 4:00 p.m.

*Counsel for Eatontown Commons Shipping Center;*
*Arboretum of South Barrington Shopping Center;*
*AmCap NorthPoint LLC; and AmCap Arborland LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

------------------------------------- x
In re                                 :    Chapter 11
                                      :
CIRCUIT CITY STORES, INC., et al.,    :    Case No. 08-35653 (KRH)
                                      :
             Debtors.                 :    (Jointly Administered)
                                      :
------------------------------------- x

**OBJECTION OF EATONTOWN COMMONS SHIPPING CENTER, ARBORETUM OF SOUTH BARRINGTON SHOPPING CENTER, AMCAP NORTHPOINT LLC, AND AMCAP ARBORLAND LLC TO DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT <u>UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Eatontown Commons Shopping Center ("Eatontown"), Arboretum of South Barrington Shopping Center ("Arboretum"), AmCap NorthPoint LLC ("NorthPoint") and AmCap Arborland LLC ("Arborland") (collectively, the "Landlords"), by and through their attorneys, Seyfarth Shaw LLP, as their objections to the Debtors' Motion for Order Under Bankruptcy

Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion") respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## FACTS

3. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

4. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. Eatontown is a party to a lease of nonresidential real property with the Debtors for premises located at the Eatontown Commons Shopping Center, Eatontown, New Jersey. Arboretum is a party to a lease of nonresidential real property with the Debtors for premises located at the Arboretum at South Barrington Shopping Center in South Barrington, Illinois. NorthPoint is a party to a lease of nonresidential real property with the Debtors for premises located at the NorthPoint Shopping Center in Arlington Heights, Illinois. Arborland is a party to a lease of nonresidential real property with the Debtors for premises located at the Arborland Center in Ann Arbor, Michigan. The foregoing leases shall be collectively referred to hereinafter as, the "Leases".

6. Within each of the foregoing premises described above, Debtors operate a retail consumer electronics store. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

## ARGUMENT

7. Section 365(d)(4)(A) of the Bankruptcy Code provides that a debtor has 120 days to assume or reject a lease of nonresidential real property or it is deemed rejected. Accordingly, the Debtors have until March 10, 2009, to assume or reject the Leases.

8. Debtors' Motion, filed just ten days after the Petition Date seeks to extend the 120 day time-frame within which Debtors may assume or reject the Leases by 90 days pursuant to Section 365(d)(4) of the Bankruptcy Code, without providing this Court or Landlords any time to evaluate Debtors' operations or the stability of Debtors' business. The Debtors' premature filing of the Motion is based primarily on the unprecedented argument that a certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), negotiated between Debtors and Bank of America, N.A. prior to the Petition Date, purportedly requires that the Debtors seek and obtain an extension of the 365(d)(4) deadline within the first 30 days of the commencement of these Chapter 11 cases.

9. The purpose of Section 365(d)(4) is "to protect lessors . . . from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." *In the Matter of American Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990).

10. On October 17, 2005, Section 365(d) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to further encourage debtors to make a prompt

decision about their leases. *In re Tubular Techs., LLC*, 348 B.R. 699, 708 (Bankr. D.S.C. 2006). In amending the section of the Bankruptcy Code in 2005, Congress expressly "sought to establish a firm, bright line deadline by which an unexpired lease of nonresidential real property must be assumed or rejected." Pursuant to Section 365(d)(4)(B), "[t]he Court may extend the period determined under subparagraph A, prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor *for cause*" (emphasis added).

11.     Landlords object to the relief requested because succinctly stated, the Motion is premature, and, as such, no cause can be established. Any extension granted at this early stage, without providing Landlords any certainty for literally the next six months as to the future of the leased premises not only violates the spirit and intent of Section 365, but prejudices Landlords by depriving them of their certainty and control over the premises that is contemplated under Section 365(d)(4)(B).

12.     Debtors' reliance upon the contractual requirement of the DIP Credit Agreement as a basis to obtain an extension within the first 30 days for a full 210 day period to assume or reject leases was apparently negotiated in anticipation of these Chapter 11 bankruptcy proceedings and directed to disadvantage landlords. Granting an extension on this basis, at this early stage, would essentially enable and encourage a debtor such as the Debtors in this case to contractually circumvent the strict "bright-line" and expeditious time frames mandated by Section 365(d)(5).

13.     Debtors further argue that the Motion should be granted because Debtors are in the process of stabilizing their business operations, and requiring them to assume or reject leases by mid-March would apparently distract Debtors from their immediate operational objectives. Yet, Debtors themselves admit that restructuring initiatives commenced prior to the Petition Date

and that they have made "significant progress." (Debtors' Motion at 5, 10.) It is, therefore, difficult to understand why, given such significant progress, Debtors are already resigned to the belief at the outset of these bankruptcy proceedings that more time will be needed to decide which leases to assume or reject.

14. As Senator Hatch observed, a "[d]ebtor is generally aware in advance," as is apparently the case here, "that the bankruptcy may be necessary and can plan ahead to decide which leases should be retained." 130 Cong. Rec. S. 887-900, 889-95, Daily ed. June 29, 1984, Sen. Orrin Hatch. Considering Debtors' Motion closer to the end of the 120 day term, after the holiday shopping season is complete and the results of operations are available, will instead encourage Debtors to expeditiously assume or reject the leases, put the parties in a better position to evaluate Debtors' restructuring initiatives, and consider at that time whether there is cause to extend Debtors' time to assume or reject the leases.

15. Debtors also argue that there is no prejudice to Landlords because Debtors intend to remain current on all of their post-petition rent obligations. This argument, made just ten days after the Petition Date, is similarly premature. In fact, contrary to Debtors' intent, as of this date, Landlords have not been paid the rent due on December 1, 2008. Furthermore, not enough time has elapsed to monitor and evaluate Debtors' ability to determine whether Landlords will continue to receive, not just post-petition rent payments, but all payments arising under the Leases. Even if one can assume at such an early juncture, absent any evidence, that Debtors can satisfy such obligations through the extended period, cause for a full 90 day extension cannot be established on mere assumptions.

## **JOINDER**

16. Landlords also join in the objections filed by other landlords to the Motion to the extent they are not inconsistent with the instant Objection.

**WHEREFORE**, Landlords respectfully request this Court deny the Motion in its entirety, and that Landlords be granted such other and further relief as the Court may deem just and proper.

Dated: December 5, 2008

### **SEYFARTH SHAW LLP**

By: /s/ Jessica Hughes
Jessica Hughes (VSB #658826)
Rhett Petcher (VSB #44523)
Seyfarth Shaw LLP
Counsel for Eatontown Commons Shipping Center,
Arboretum of South Barrington Shopping Center,
AmCap NorthPoint LLC,
and AmCap Arborland LLC
975 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
Email: jhughes@seyfarth.com
rpetcher@seyfarth.com

Of Counsel
Robert W. Dremluk (RD 3109)
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5269
Facsimile: (212) 218-5526
Email:
rdremluk@seyfarth.com

## **CERTIFICATE OF SERVICE**

That on the 3rd day of December, 2008 I caused the foregoing Objection of Eatontown Commons Shipping Center, Arboretum of South Barrington Shopping Center, AmCap NorthPoint LLC, and AmCap Arborland LLC to Debtors' Motion for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases or Nonresidential Real Property to be served upon the following:

| | |
|---|---|
| Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois  60601 | Bruce Matson, Esq.<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, Eighth Floor<br>Richmond, Virginia  23219 |
| Gregg Galardi, Esq.<br>Chris L. Dickerson, Esq.<br>Skadden Arps Slate Meagher &<br>Flom, LLP<br>One Rodney Square<br>Wilmington, Delaware  19889 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia  23219 |
| Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia  23219 | Robert B. Van Arsdale, Esq.<br>Office of the US Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219 |
| David S. Berman, Esq.<br>Riemer &Y Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts  02108 | |

Via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 975 F. Street, N.W, Washington, D.C. 20004 and via the electronic case filing system.

By: /s/ Jessica Hughes
Jessica Hughes (VSB #44523)
Counsel for Eatontown Commons Shipping Center,
Arboretum of South Barrington Shopping Center,
AmCap NorthPoint LLC,
and AmCap Arborland LLC
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C.  20004
Telephone: (202) 463-2400
Facsimile:  (202) 828-5393
Email:  jhughes@seyfarth.com