**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.* ) | Case No. 08-35653-KRH |
| ) | Jointly Administered |
| Debtors.[1] ) | |
| ) | |

**LIMITED OBJECTION OF F.R.O., L.L.C. IX TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL <u>REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES</u>**

F.R.O., L.L.C. IX ("FRO"), by its undersigned counsel, hereby objects to the Motion of

the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I)

Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property

Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving

---

[1] The Debtors and their respective case numbers are as follows: Circuit City Stores, Inc. (08-35653) ("Circuit City"), Circuit City Stores West Coast (08-35654), InterTAN, Inc. (08-35655), Ventoux International, Inc. (08-35656), Circuit City Purchasing Company, LLC (08-35657), CC Aviation, LLC (08-35658), CC Distribution Company of Virginia, Inc. (08-35659), Circuit City Properties, LLC (08-35661), Kinzer Technology, LLC (08-35663), Abbott Advertising Agency, Inc. (08-35665), Patapsco Designs, Inc. (08-35667), Sky Venture Corp. (08-35668), Prahs, Inc. (08-35670), XSStuff, LLC (08-35669), Mayland MN, LLC (08-35666), Courchevel, LLC (n/a), Orbyx Electronics, LLC (08-35664), and Circuit City Stores PR, LLC (08-35660) (collectively, the "Debtors").

Timothy F. Brown (Va. Bar No. 030907)
Mary Joanne Dowd
Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for F.R.O., L.L.C. IX

(A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "Motion") and the entry of the related Order (the "Bidding and Rejection Procedures Order") (Docket No. 413). In support, FRO respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Debtors' Motion and Bidding and Rejection Procedures Order provide, absent agreement of the parties, for automatic rejection effective December 31, 2008, of any lease for which no potential purchaser has been identified by December 16, 2008. The Motion and Bidding and Rejection Procedures Order further provide for the automatic rejection of any leases where a potential purchaser has been identified but the Debtor nevertheless "elects" not to sell the lease at issue. The Debtors request this relief for the express purpose of avoiding and reducing administrative liability for post-petition rent.

2. The Motion and Bidding and Rejection Procedures Order are ambiguous because they do not provide for the surrender of the FRO Store (as defined below) on or prior to the effective date of the rejection. Surrender of the premises must be a condition to the effectiveness of the rejection. Otherwise, the relief could potentially result in a post-rejection non-consensual tenancy of the FRO Store in violation of 11 U.S.C. § 365.

3. The Motion and Bidding and Rejection Procedures Order further provide that, at the Debtors' discretion, any remaining personal property (including equipment, furniture and fixtures) left at a closing store location shall, in the case of termination, be abandoned to the landlord on the effective date of termination or, in the case of an assumption and assignment, be

abandoned to the assignee. While FRO does not necessarily object to the Debtors' request to abandon certain property left in its premises, FRO should not be precluded from asserting a claim for any costs of removal, storage and/or disposal of such property from the FRO Store. Accordingly, the Bidding and Rejection Order (or any similar applicable order) should provide that the entry thereof does not prevent FRO and other similarly situated landlords, from asserting any claims it may have with respect to any such expenses it may incur as a result of the Debtors' abandonment of personal property.

## BACKGROUND

4.  FRO is the owner of nonresidential real property in Douglasville, Georgia, which Circuit City leases pursuant to a lease agreement dated May 5, 2000 (the "Lease").[2] The Lease is a lease "of real property in a shopping center" as that term is used in section 365 (b)(3). 11 U.S.C. § 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d. 1081 (3d. Cir. 1990).

5.  The Debtors operate Store # 3406 (the "FRO Store") at this location, which is listed on Exhibit B to the Motion along with a cure amount proposed by the Debtors.[3]

6.  FRO does not specifically object to the request for automatic rejection as of December 31, 2008, or the request to abandon personal property upon termination of the Lease. Instead, FRO objects to the extent that the automatic rejection does not coincide with the Debtors' surrender of the FRO Store and to the extent FRO's rights are compromised as to recovery of its costs for removing and/or storing any furniture, fixtures, equipment or other personal property abandoned at the FRO Store.

---

[2] It is presumed that the Debtors are in possession of a copy of the Lease and accordingly, it is not attached hereto, but will be made available upon request.

[3] FRO retains its rights to assert a different cure amount than that listed on Exhibit B on or before the proposed cure objection deadline.

3

**ARGUMENT**

**I.        The Rejection Cannot be Deemed Effective Until the FRO Store is Surrendered**

7.      FRO does not object to the Debtors' rejection of the Lease, but objects to the Motion to the extent it seeks an order permitting (a) impairment of FRO's administrative rent claim and (b) authority for the Debtors to remain in possession of the FRO Store after rejection without FRO's consent to the terms and conditions of such use or tenancy.

8.      Section 365(d)(3)of the Bankruptcy Code provides that "the trustee shall timely perform all the obligations of the debtor. . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected." 11 U.S.C. § 365(d)(3).

9.      Here, unless the possession of the FRO is actually surrendered on or before December 31, 2008, entry of the Bidding and Rejection Procedures Order will grant retroactive relief.  Such relief is inappropriate in that it violates FRO's rights under section 365(d)(3). Accordingly, the effective date of the rejection should not occur until the Debtors have completely surrendered possession of the FRO Store to FRO, rather than the arbitrary date provided in the Motion and Bidding and Rejection Procedures Order.  Alternatively, the Debtors should be required to surrender possession of the FRO Store on or before December 31, 2008.

**II.       The Bidding and Rejection Procedures Order Improperly Limits FRO's Rights**

10.     FRO objects to the Motion and the Bidding Procedures and Rejection Order, to the extent such relief results in any impairment of FRO's right to assert a claim for the costs of removal, storage, and/or disposal of any property the Debtors intend to abandon at the FRO Store.

4

11. FRO expressly reserves all rights to assert claims under the Lease and nothing in the Bidding Procedures and Rejection Order should pre-determine the nature of any claims that may be asserted with respect to the Lease.

### JOINDER IN OTHER LANDLORD OBJECTIONS

12. FRO hereby joins in the objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

WHEREFORE, FRO respectfully requests that the Court (a) deny the Motion or, in the alternative, condition the effective date of the rejection of the Lease on surrender of the FRO Store to FRO or until such time as an acceptable agreement is entered into between FRO and the Debtors regarding such surrender of the FRO Store, (b) provide a provision in the Bidding and Rejection Procedures Order which preserves FRO's rights to assert any claim it has for the removal, storage and/or disposal of personal property abandoned by the Debtors, and (c) provide such other and further relief as is just and appropriate.

Dated: December 3, 2008
Washington, DC

                                                                    /s/ Timothy F. Brown
Timothy F. Brown (Va. Bar No. 030907)
Mary Joanne Dowd
Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for F.R.O., L.L.C. IX

5

## CERTIFICATE OF SERVICE

I, Andrea Campbell, hereby certify that on the 3rd day of December, 2008, I caused a true and correct copy of the foregoing Objection to Bidding and Rejection Procedures to be served via the Court's CM/ECF system upon all subscribed parties and via First Class Mail upon the following:

| | |
|---|---|
| W Clarkson McDow, Jr.<br>Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219 -1888<br>Attn: Robert B. Van Arsdale | Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Reginald D. Hedgebeth |
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Daniel W. Ramsey | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Attn: Gregg M. Galardi | Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson |

   /s/ *Andrea Campbell*
Andrea Campbell