UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) ) | Chapter 11 |
| Debtors. | ) ) | (Jointly Administered) |

**OBJECTION OF LANDLORDS TO DEBTORS' MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING
TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND CROSS-MOTION TO COMPEL PAYMENT OF RENT**

Ray Mucci's Inc. (the "Westgate Landlord"), Route 146 Millbury LLC (the "Route 146 Landlord"), Interstate Augusta Properties LLC (the "Augusta Landlord"), E&A Northeast Limited Partnership (the "South Bay Landlord") and NPP Development LLC (the "Patriot Place Landlord"), (collectively the "Landlords"), landlords of the Debtor, Circuit City Stores, Inc., hereby object to the *Motion of Debtors for Order Under 11 U.S.C. § 365(d)(4) Extending the Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Motion to Extend") and move for entry of an order pursuant to 11 U.S.C. § 365(d)(3) and §503(b) compelling the Debtors to pay immediately post-petition rent.  Notwithstanding the clear mandate of

---

William A. Gray (VSB No. 46911)
C. Thomas Ebel (VSB No. 18637)
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
P.O. Box 1998
Richmond, Virginia 23218-1998
Phone:  (804) 783-7237
Fax:     (804) 783-7291
  *Attorney for Ray Mucci's, Inc., Route 146 Millbury, LLC,
  Interstate Augusta Properties, LLC, E&A Northeast Limited Partnership,
  and NPP Development*

section 365(d)(3) that a debtor timely perform all post-petition, pre-rejection obligations under unexpired leases of nonresidential real property, the Debtors have not paid post-petition rent and other post-petition charges and taxes due under the respective leases for the month of November. The Debtors' refusal to "timely perform all of the obligations" under their leases with the Landlords mandates denial of the Motion to Extend. Accordingly, the Landlords seek an order denying the Motion to Extend and directing the Debtors to pay immediately post-petition rent and other post-petition charges and taxes. In further support of their objection and cross-motion, the Landlords respectfully state as follows:

## **Background**

1. The Westgate Landlord and Circuit City Stores, Inc. are parties to an unexpired nonresidential real property lease dated March 21, 2008 for premises located at Westgate Drive in Brockton, Massachusetts (the "Westgate Lease").

2. The Route 146 Landlord and Circuit City Stores, Inc. are parties to an unexpired nonresidential real property lease dated May 23, 2002, as amended, for premises located at The Shoppes at Blackstone Valley Shopping Center in Millbury, Massachusetts (the "Route 146 Lease").

3. The Augusta Landlord and Circuit City Stores, Inc. are parties to an unexpired nonresidential real property lease dated February 24, 2005 for premises located at The Marketplace at Augusta in Augusta, Maine (the "Augusta Lease").

4. The South Bay Landlord and Circuit City Stores, Inc. are parties to an unexpired nonresidential real property lease dated February 18, 2005, as amended, for

premises located at South Bay Shopping Center in Dorchester, Massachusetts (the "South Bay Lease").

5. The Patriot Place Landlord and Circuit City Stores, Inc. are parties to an unexpired nonresidential real property lease dated May 11, 2007 for premises located at Patriot Place Shopping Center in Foxborough, Massachusetts (the "Patriot Place Lease" and together with the Westgate Lease, the Route 146 Lease, the Augusta Lease, and the South Bay Lease, the "Leases").[1]

6. On November 10, 2008 (the "Petition Date"), each of Circuit City Stores, Inc. ("Circuit City") and various of its debtor affiliates (with Circuit City collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code").

7. The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Leased Premises. Since filing their petitions, the Debtors have failed to pay post-petition rent, common area maintenance fees and other amounts due under the Leases for the month of November. As of the date hereof, the Debtors owe the Landlords the following amounts on a post-petition basis (for the period November 10, 2008 through and including November 30, 2008): the Westgate Landlord, $23,262.75; the Route 146 Landlord, $42,344.52; the Augusta Landlord, $26,271.27; the South Bay Landlord, $74,153.42; and the Patriot Place Landlord, $26,357.01 (the "Stub Rent").

8. By the Motion to Extend, the Debtors seek a ninety-day extension of time to assume or reject their unexpired nonresidential real property leases, including the

---

[1] The premises leased pursuant to the Leases shall be collectively referred to as the Leased Premises. Due to the voluminous nature of the Leases, copies have not been attached hereto but are available upon request to Landlord's counsel.

3

Leases. The Debtors' current deadline to assume or reject unexpired leases is March 10, 2009.

## Argument

9. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Court may, for cause, permit a ninety-day extension of the period during which the Debtors may assume or reject nonresidential real property leased. In the Motion to Extend, the Debtors claim that "cause" to extend the section 365(d)(4) period exists, in part, because "the Debtors intend to remain current on all of their post-petition rent obligations arising from and after the Petition Date…." See Motion to Extend, ¶29. Significantly, the Debtors fail to inform the Court in the Motion to Extend that they have not paid post-petition lease obligations for the month of November. Because section 365(d)(3) unequivocally mandates payment of post-petition lease obligations to landlords, denial of the relief requested in the Motion to Extend and an order compelling immediate payment of the unpaid post-petition lease obligations to the Landlords here are warranted.

10. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor*… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

11 U.S.C. § 365(d)(3) (emphasis added).

11. At least one court in this District has followed the majority of courts in adopting the "accrual method" for determining what obligations arise post-petition for purposes of section 365(d)(3) of the Bankruptcy Code. See In re Trak Auto Corp., 277

4

B.R. 655, 663 (Bankr. E.D. Va. 2002) ("Based upon the fairness that results from the accrual method, we adopt that approach to the debtor's liability to its landlords"). Under the accrual method, the proper focus of the court's section 365(d)(3) inquiry is on when the services in question are rendered to and benefit the estate, not the date when the debtor is first billed for them. See id. at 662-663. In the case of a rent payment or charge that covers both the pre-petition and post-petition periods, as in the case here for the November lease obligations, the rent and other charges must be pro-rated between the pre-petition and post-petition periods, the former to be treated as a pre-petition claim under section 502 and the latter to be treated as an obligation required to be paid pursuant to section 365(d)(3). See id.; In re Trinat Health Care, Inc., 2002 Bankr. LEXIS 1900, *7-10 (Bankr. S.D. Ind. June 5, 2002) (granting landlord's motion to compel immediate payment of post-petition stub rent).

12. In enacting section 365(d)(3) of the Bankruptcy Code, Congress intended to address the plight of landlords who, unlike professionals and other providers of goods and services to a debtor-in-possession in the ordinary course of business, are compelled to extend credit:

> A second and related problem is that during the time the debtor has vacated space but has not yet decided to assume or reject the lease, the trustee has stopped making payments due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services -- the use of its property, utilities, security, and other services -- without current payment. No other creditor is put in this position. . . .
>
> The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay

5

> their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease.

130 Cong. Rec. S. 8891, S8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

13. As explained by the Seventh Circuit in In re Handy Andy Home Improvement Ctrs., Inc., section 365(d)(3) was specifically designed to protect landlords from the unique harms suffered by them during a bankruptcy case. 144 F.3d 1125, 1128 (7th Cir. 1998). "As a general proposition, the [landlord]… is obliged to perform [under the unexpired lease] until it is assumed or rejected… But [under section 365(d)(3)] the flow of consideration is not a one-way street." In re Rhodes, Inc., 321 B.R. 80, 91 (Bankr. N.D. Ga. 2005). See also Trak Auto, 277 B.R. at 665; In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).

14. This case represents the exact circumstances that Congress intended to avoid when it enacted section 365(d)(3) – the Debtors have had the benefits of use and occupancy post-petition without paying rent. The Congressional directive to pay post-petition lease obligations is without qualification. Thus, the Debtors' failure to pay post-petition rent and related charges in this case is inexcusable. The Debtors have had debtor-in-possession financing since the commencement of their cases and have not indicated any inability to pay post-petition obligations. To the contrary, in the Motion to Extend, the Debtors state that "the landlords will not be prejudiced such that the landlord will be incapable of receiving compensation under the Bankruptcy Code." The phrase "will not be prejudiced" implies that there is no risk of non-payment of rent. This is plainly false, as the Debtors have failed to pay Stub Rent.

15. What the Debtors seek in this case is a financial accommodation by the Landlords neither required, nor supported by the Bankruptcy Code. By delaying their

6

rent payments, the Debtors are forcing the Landlords to finance their reorganization, something that Congress saw fit to prevent in enacting section 365(d)(3) of the Bankruptcy Code. The Landlords are not lenders and should not be forced to assume the risk of non-payment. Requiring payment of the Stub Rent pursuant to section 365(d)(3) "acknowledges that the landlord is providing a crucial benefit to the Debtor" and is in keeping not only with Congress' purpose behind section 365(d)(3) but also with the entire Code. Trinat Health Care, 2002 Bankr. LEXIS 1900 at *8-9.

16.    The Debtors' non-payment of post-petition rental obligations is one of the most significant factors that courts have considered in deciding whether to grant an extension of time to assume or reject leases. See, e.g., South Street Seaport, L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996). In fact, where the debtor is delinquent in its post-petition rental obligations, cause for an extension of time to assume or reject leases does not exist. See In re Muir Training Technologies, Inc., 120 B.R. 154, 159-60 (Bankr. S.D. Cal. 1990).

17.    Not only have the Debtors failed to pay rent and other obligations due under the Leases for the post-petition period, but also the Debtors have sought to shift the burden of compliance with section 365(d)(3) of the Bankruptcy Code to the Landlords to seek judicial remedies each month by cavalierly suggesting in the Motion to Extend that "[i]ndeed, the landlords… have the right to compel timely performance" if the Debtors happen to ignore those obligations again. Compounding the risk to Landlords, the Debtors have carefully crafted their Motion to Extend so as not to provide any assurances with respect to the performance of future lease obligations. The Landlords should not be

7

forced to continue assuming the risk and incurring the costs of late or non-payment of lease obligations.

18. For the foregoing reasons, the Motion to Extend should be denied. Alternatively, if the Court is inclined to grant the Debtors an extension, such extension should be subject to the following terms and conditions:

  a. The Debtors shall immediately pay to the Landlords the Stub Rent and shall timely perform all of their post-petition lease obligations until entry of an order assuming and assigning or rejecting the Lease; and

  b. Any extension shall be without prejudice to the right of the Landlords to shorten the period for cause shown, including a failure to pay rent timely.

**Payment of Attorneys' Fees**

19. Pursuant to the terms of the Leases, Circuit City is obligated to reimburse Landlords for their reasonable attorneys' fees and costs incurred in connection with Circuit City's compliance with the terms of the Leases. See Westgate Lease, §23.18; Route 146 Lease, §30(d); Augusta Lease, §36(f); South Bay Lease, §34(f); Patriot Place Lease, §23.17. Accordingly, Landlords respectfully request that the Debtors be directed to pay the attorneys' fees and costs incurred by the Landlords in connection with the filing and prosecution of this objection and cross-motion as post-petition obligations within the meaning of section 365(d)(3) of the Bankruptcy Code.

**Reservation of Rights**

20. The Landlords reserve the right to make additional objections at the hearing on the Motion to Extend.

8

**Waiver of Memorandum of Law**

21. The Landlords respectfully request that this Court treat this Objection and Cross-Motion as a written memorandum of points and authorities or waive any requirement of a separate written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

WHEREFORE, the Landlords respectfully request that the Court enter an order: (i) compelling the Debtors to pay the Stub Rent to the Landlords; (ii) either denying the Motion to Extend, or limiting any extension in the manner provided herein, and (iii) granting to the Landlords such other and further relief as the Court deems proper.

Dated:  December 3, 2008                Respectfully submitted,

/s/ William A. Gray
William A. Gray (VSB No. 46911)
C. Thomas Ebel (VSB No. 18637
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
P.O. Box 1998
Richmond, Virginia 23218-1998
Phone:  (804) 783-7237
Fax:     (804) 783-7291

-and-

Christine D. Lynch, Esq.
Peter D. Bilowz, Esq.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110
Tel:  (617) 482-1776
Fax: (617) 574-4112

*Attorneys for Attorney for Ray Mucci's, Inc.,*
*Route 146 Millbury, LLC,*
*Interstate Augusta Properties, LLC, E&A*
*Northeast Limited Partnership,*
*and NPP Development*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2008, a true and accurate copy of the foregoing was electronically field with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the Service List below:

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West WACKER Drive
Chicago, Illinois 60606

Rpbert Van Arsda;e. Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219-1888

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
9950 Mayland Drive
Richmond, Virginia 23233

Circuit City Stores, Inc.
Attn: Daniel W. Ramsey
9950 Mayland Drive
Richmond, Virginia 23233

Commonwealth of Virginia
Attention: Commission
Tyler Building
1300 E. Main Street
Richmond, Virginia 23219

Corporate Sales and Use Employer Withholding and Litter Tax
Virginia Department of Taxation
3600 West Broad Street
Richmond, Virginias 23230-4915

Department of Justice Civil Division
Attn: Director
Commercial Litigation Branch
Ben Franklin Station
P.O. Box 875
Washington, D.C. 20044

Environmental Protection Agency
1650 Arch Street
Philadelphia, Pennsylvania 19103-2029

Environmental Protection Agency
Attn: Diana Saenz
1200 Pennsylvania Avenue, N.W., Suite 4209
Washington, D.C 20004

Environmental Protection Agency
Office of General Counsel
U.S. EPA Mail Code 2377R
1300 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Internal Revenue Service
Attn: L. Lorello
400 N. 8th Street
Box 76
Richmond, Virginia 23219

Kirkland & Ellis LLP
Attn: Linda K. Myers, Esquire
200 E. Randolph Drive
Chicago, Illinois 60601

Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245

Kutak Rock LLP
Attn: Peter J. Barrett
1111 East Main Street, Suite 800
Richmond, Virginia 23219

LeClair Ryan
Attn: Bruce Matson
Riverfront Plaza E. Tower
950 E. Byrd Street, 8th Floor
Richmond, Virginia 23219

National Association of Attorneys General
Attn: Karen Cordrey
NAAG Bankruptcy Counsel
2030 M. Street, N.W., 8th Floor
Washington, D.C. 20036

Office of the Secretary of the Commonwealth
1111 East Broad Street, 4th Floor
Richmond, Virginia 23219

Pachulski Stang Ziehl & Jones, LLP
Attn: Jeffrey N. Pomerantz
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100

Pachulski Stang Ziehl & Jones, LLP
Attn: Rober tJ. Feinstein
780 Third Avenue, 36th Floor
New York, New York 10017

Riemer & Braunstein LLP
Attn: David S. Berman
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108

Secretary of the Treasury
15th & Pennsylvania Avenue, N.W.
Washington, D.C. 20020

Securities & Exchange Commission
Attn: Bankruptcy Unit
15th & Pennsylvania Avenue, N.W.
Washington, D.C. 20020

Securities & Exchange Commission
Attn: Nathan Fuchs
Patricia Schrage
New York Office
233 Broadway
New York, New York 10279

/s/ William A. Gray_____