Sheila L. Shadmand (VA Bar No. 43639)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

     -and-

Jeffrey B. Ellman (GA 141828)
Brett J. Berlin (GA 006764)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **CIRCUIT CITY STORES, INC.,** | ) Case No. 08-35653-KRH |
| *et al.*, | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: Docket No. 413 |
| | ) |
| | ) Hearing Date: December 5, 2008 at 10:00 a.m. |
| | ) Response Deadline: December 3, 2008 at 4:00 p.m. |

### OBJECTION OF VENTURA IN MANHATTAN, INC. TO DEBTORS' PROPOSED CURE AMOUNT AND MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES

Ventura in Manhattan, Inc., as successor in interest to MEPT Realty LLC

("Ventura") hereby objects to (1) the Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363,

and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential

Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing

and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens,

Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures [Docket No. 413] (the "Auction Motion"), filed on November 26, 2008 by the above-captioned debtors and debtors in possession (collectively, the "Debtors");[1] and (2) the proposed Cure Amount for Ventura in connection therewith. In support of this Objection, Ventura respectfully represents as follows:

**Ventura's Lease**

1.    Debtor Circuit City Stores, Inc. is Ventura's tenant under a lease agreement dated as of January 29, 1998 (as it may have been amended or otherwise modified, the "Lease"), for certain retail space at The Ventura in Manhattan, at East 86th Street in New York City, New York.

**Objection**

*Certain of the Proposed Bidding Procedures*
*Deny Meaningful Due Process for Landlords*

2.    By the Auction Motion, the Debtors have requested, among other relief, approval of proposed bidding and auction procedures (collectively, the "Bidding Procedures") for the potential sale of certain of their unexpired nonresidential real property leases, including the Lease. (See Auction Motion at 2, 5-6.) If the Court authorizes the Debtors to conduct the Auction and assume and assign the Lease in connection therewith, Ventura objects to certain provisions of the Bidding Procedures, as discussed below. It is well established that procedures for the use or sale of a debtor's unexpired leases in bankruptcy must be subject to reasonable limitations to protect the interests of the landlords. See 11 U.S.C. § 363(e) (requiring the court to prohibit or condition a debtor's use or sale of property "as is necessary to provide adequate protection" of the interests of any "entity that has an interest in [the] property"). Certain aspects

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Auction Motion.

of the Bidding Procedures require clarification and modification to adequately protect Ventura's interests in the Lease.

***The Bidding Procedures Deny Ventura Any Reasonable***
***Opportunity to Assess and, If Needed, Object to Potential Purchasers***

    *(a)    Ventura Will Not Receive Sufficient Information Concerning Adequate Assurance*

3.    Upon a debtor's assumption of an unexpired lease, section 365 of the Bankruptcy Code entitles the landlord to receive, among other things, adequate assurance of prompt cure and of future performance. See 11 U.S.C. § 363(b).[2] Under the Bidding Procedures as proposed in the Auction Motion, Ventura apparently has no right to receive, nor a clear procedure for obtaining, sufficient advance evidence of a Potential Purchaser's ability to satisfy these strict requirements of the Bankruptcy Code. Specifically, under the Bidding Procedures:

- Landlords will not receive notice of the identities of any Potential Purchasers for their leases until December 16, 2008 at 3:00 p.m., Eastern Time (the "Notice Time"). (Auction Motion at 11.)

- Apparently, the only information landlords will receive in or with the Potential Purchaser Notice is the mere names of any Potential Purchasers for their leases. Nothing in the Bidding Procedures or Auction Motion confirms that landlords will receive any information or evidence concerning adequate assurance in or with the Potential Purchaser Notice.

- Indeed, to the contrary, the Debtors' proposed form of Potential Purchaser Notice states that landlords must make a "reasonable request" of the Debtors to receive evidence of adequate assurance, and that upon such request, the Debtors will provide only unspecified "[i]nformation regarding the financial wherewithal of the Potential Purchaser," and that evidence "of the same" will not be adduced until the Sale Hearing. (Potential Purchaser Notice at 3.)

- The proposed form of Potential Purchaser Notice contains only the bald, conclusory and self-serving contentions that "the Debtors assert that . . .

---

[2]    The Debtors bear the burden of persuasion and proof that an unexpired lease is assumable and that all of the requirements of section 365 of the Bankruptcy Code will be met. E.g., Harvest Corp. v. Riviera Land, Co., 868 F.2d 1077, 1079 (9th Cir. 1989); In re Rachels Indus., Inc., 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990).

there is adequate assurance" of cure payment and future performance. (Id.)  The legal argument in the Auction Motion is no better supported or expanded upon than the contention in the Potential Purchaser Notice.  (See Auction Motion at 20, ¶ 31.)

- In addition, the Bidding Procedures do not appear to require Potential Purchasers to submit any evidence of adequate assurance with their bids, at the Auction or otherwise in advance of the Sale Hearing.  (Auction Motion at 9 (requiring only that the Potential Purchaser "be prepared to provide evidence of its ability to perform under any Lease . . . at the Sale Hearing"); Bidding Procedures at 4, 6 (similar).)

- The Bidding Procedures entitle the Debtors to exercise discretion in deeming a bid to be a Qualified Bids even if the Bidder is not prepared to meet the low bar set in the Bidding Procedures of being "prepared to demonstrate" adequate assurance.  (See Bidding Procedures at 4 (purporting to entitle the Debtors to accept Bids that "do not conform to one or more of the requirements" in the Bidding Procedures).)

4. These imprecise and undemanding provisions of the Bidding Procedures are insufficient to protect Ventura's interests.  The Debtors and any Potential Purchasers should be obligated to provide landlords with thorough, accurate, specific and reliable evidence of adequate assurance in or with the Potential Purchaser Notice.[3]  Moreover, the Bidding Procedures should provide reasonable provisions under which landlords may take appropriately tailored discovery of Potential Purchasers concerning adequate assurance, if needed, between the time of receiving the Potential Purchaser Notice and the deadline to object to the Potential Purchaser.  Ventura should not have to make "reasonable request" for such evidence and be subjected to the ambiguities of how and when the Debtors and Potential Purchasers might respond to such a request.

*(b)  Ventura Will Not Receive Sufficient Time to Object to Any Potential Purchaser*

5. The Debtors request in the Auction Motion that landlords file and serve any objections to Potential Purchasers and the assumption and assignment of applicable leases by no

---

[3]  A specific factual showing of adequate assurance is required.  See, e.g., In re World Skating Ctr., Inc., 100 B.R. 147, 148-49 (Bankr. D. Conn. 1989); In re CM Sys., Inc., 64 B.R. 363, 364-65 (Bankr. M.D. Fla. 1986).

-4-

later than 4:00 p.m., Eastern Time, on Saturday, December 20, 2008 (the "Sale Objection Deadline"). This proposed Sale Objection Deadline is less than **two** business days following the Auction and a mere **three** business days following the Debtors' service of the uninformative Potential Purchaser Notice at the Notice Time. The proposed Sale Hearing then would occur at 10:00 in the morning on the next business day — Monday, December 22, 2008. Moreover, these fire-drill timeframes assume that the Debtors do not exercise their discretion to change the schedule of the Bid Deadline, Auction or Notice Time, which the Bidding Procedures purport to entitle the Debtors to do. (See Bidding Procedures at 2-4.)

    6.  Even if the Bidding Procedures did not contain the unreasonable flaw discussed above of a severe lack of information to landlords concerning adequate assurance, the urgent timeframes the Bidding Procedures purport to impose upon Ventura for assessing any Potential Purchasers, preparing and filing any objections and preparing for a contested evidentiary Sale Hearing still are infeasible, unreasonable and unnecessary.[4] But when coupled with the deficiencies of the Bidding Procedures concerning evidence of adequate assurance, the proposed timeframes stray even further outside the realm of reasonableness. Ventura should receive at least **five** additional business days' notice and opportunity to object and be heard — with the Notice Time and Auction occurring earlier, or the Sale Hearing occurring later, or both — on its adequate assurance rights under the Bankruptcy Code.

    7.  The only justification the Debtors have offered for the proposed timeframe is their desire to avoid any obligations under the leases after December 31, 2008. To the extent

---

[4] Constitutional due process of meaningful, reasonable notice and opportunity to be heard is applicable in bankruptcy. See Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.), 759 F.2d 1440, 1448 (9th Cir. 1985).

the December 31 date creates urgency for the Debtors, it is an "emergency" of their own making. The Debtors have not offered any explanation for why they did not file the Auction Motion sooner. Ventura should not have to suffer unreasonable procedural burdens and possible impairment or loss of its rights under section 365 of the Bankruptcy Code because of the Debtors' inability to manage their affairs in a swifter manner.

*The Bidding Procedures Contain Some*
*Ambiguities Concerning Landlord Bidding*

8. The Bidding Procedures specify that landlords may bid for their own leases. (Bidding Procedures at 3, 6.) Yet, the Bidding Procedures contain two ambiguities concerning landlord bids. Ventura requests clarification and, if needed, modification of these ambiguities.

9. First, the Bidding Procedures are ambiguous about the types of claims eligible for credit bidding. In one instance, the Bidding Procedures state that credit bids may be based upon cure claims for "prepetition rental arrears." (Id. at 3.) In another instance, the Bidding Procedures permit credit bids based upon "pre or postpetition rental arrears." (Id. at 4.) Credit bids should be permissible if based upon either prepetition or postpetition arrearages, or both, as allocated in the bidding landlord's discretion, and should not be limited only to rental arrearages. Rather, all eligible and verifiable components of Ventura's Cure Amount should be a qualified basis for credit bidding.

10. Second, the Bidding Procedures do not exclude landlords from the requirements of posting Good Faith Deposits. (See Bidding Procedures at 3, 6.) Being the landlord of its own Lease, Ventura should be entitled to bid for the Lease without having to post any Good Faith Deposit, especially given the possibility of credit bidding.

### *The Debtors' Proposed Cure Amount for Ventura Is Incorrect*

11. The Debtors have asserted that the Cure Amount for the Lease is only $55,010. (Auction Motion Ex. B at 2.) This asserted Cure Amount is incorrect. Rather, according to Ventura's records, as of the filing of this Objection, the correct Cure Amount for the Lease is **$210,608.58** (the "Correct Cure Amount"). The Correct Cure Amount comprises accrued but unpaid rent ($180,133.34), operating fees ($21,049.34) and utility pass-throughs ($9,425.90) from August 13, 2008 through the date of this Objection.

12. Ventura reserves its rights with respect to the Correct Cure Amount. First, the Debtors have not assumed the Lease and, although they have proposed a Closing of no more than two days following the Sale Hearing, no final date for assumption and assignment is established. As a result, additional obligations may become due and owing under the Lease, without being honored, before the Debtors actually assume the Lease, if the Debtors do so (the "Assumption Date"). Ventura reserves its rights to supplement the Correct Cure Amount to reflect any such additional obligations as of any Assumption Date.

### *Limited Joinder*

13. To the extent not inconsistent with this Objection, Ventura hereby joins in and adopts all similar objections of other landlords and reserves the right to raise, at the hearing on the Bidding Procedures, any objections or concerns not expressly stated herein.

**Conclusion**

WHEREFORE, for the foregoing reasons, Ventura respectfully requests that the Court (a) deny the Auction Motion with respect to the Lease; (b) in the alternative, incorporate into any order approving the Auction Motion and the proposed Bidding Procedures each of the clarifications and modifications Ventura has requested in this Objection; and (c) grant such additional relief in Ventura's favor as the Court deems just and appropriate.

Dated: December 3, 2008                    Respectfully submitted,

                     /s/ Sheila L. Shadmand
                 Sheila L. Shadmand (VA Bar No. 43639)
                 JONES DAY
                 51 Louisiana Avenue, N.W.
                 Washington, D.C. 20001-2113
                 Telephone:  (202) 879-3939
                 Facsimile:  (202) 626-1700

                 -and-

                 Jeffrey B. Ellman (GA 141828)
                 Brett J. Berlin (GA 006764)
                 JONES DAY
                 1420 Peachtree Street, N.E., Suite 800
                 Atlanta, Georgia 30309-3053
                 Telephone:  (404) 521-3939
                 Facsimile:  (404) 581-8330

                 ***ATTORNEYS FOR VENTURA***
                 ***IN MANHATTAN, INC.***

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, a true and accurate copy of the foregoing Objection Ventura In Manhattan, Inc was electronically filed with the Clerk of the Court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

    /s/  Sheila L. Shadmand_____
    Sheila L. Shadmand