## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CIRCUIT CITY STORES, INC., et al | § | **CASE NO. 08-35653-KRH** |
| | § | **Jointly Administered** |
| | § | |
| DEBTORS. | § | **CHAPTER 11** |

### PANATTONI NORTHGLENN'S (I) OBJECTIONS TO MOTION OF THE DEBTORS FOR ORDER UNDER SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) REQUEST TO COMPEL COMPLIANCE WITH OBLIGATIONS UNDER SECTION 365(d)(3)

Panattoni Development Company, Inc., as Agent for Charles L. Kessinger, Jacque L. Kessinger and Northglenn Retail, LLC ("Panattoni Northglenn"), by and through its undersigned counsel, hereby (i) objects to the *Motion of the Debtors for Order Under Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Extension Motion") and (ii) requests that the Court compel the Debtors to comply with their obligations under section 365(d)(3) of the Bankruptcy Code, and in support thereof, respectfully states as follows:

### BACKGROUND

1.     On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), thereby commencing these cases.

2.     On or about November 20, 2008, the Debtors filed the Extension Motion, in which they seek to extend the time within which they must assume or reject unexpired nonresidential real property leases under which the Debtors are lessee.

HOUSTON\2244247.1

3.      Panattoni Northglenn, as landlord, and Circuit City Stores West Coast, Inc. ("Circuit City West") (one of the Debtors herein), as tenant, are parties to a lease agreement (the "Northglenn Lease") under which Panattoni Northglenn leased certain property (the "Leased Premises") located at I-25 and 104th Avenue, Northglenn, Colorado to Circuit City West.

4.      In the Extension Motion, the Northglenn Lease is listed as one of the "Closing Store Leases."  As part of the Extension Motion, the Debtors request that the Court enter an order setting March 10, 2009 as the deadline for assuming or rejecting the Closing Store Leases (including the Northglenn Lease), without prejudice to the Debtors' right to seek further extensions.

5.      By separate motion, the Debtors have also sought an order establishing procedures for marketing and selling the Closing Store Leases which contemplate a sale and assumption and assignment of the Closing Store Leases on December 22, 2008.

6.      In the interim, the Debtors continue to enjoy the benefits of the Northglenn Lease but have failed to timely perform their post-petition obligations under the Northglenn Leases as required under section 365(d)(3) of the Bankruptcy Code.

7.      As of the filing of this objection and request, the Debtors owed Panattoni Northglenn the following post-petition obligations under the Northglenn Lease (plus attorneys' fees and expenses):

| | |
|---|---|
| Rent for November[1] and December | $ 74,256.00 |
| CAM for November and December | $ 6,693.85 |
| Insurance for November and December | $ 2,231.35 |
| Taxes for November and December | $ 8,925.00 |
| Total due | $ 92,106.20 |

---

[1]      November numbers were calculated to include post-petition stub period only.  Panattoni Northglenn reserves its rights to collect the full amounts owed for November, 2008.

## OBJECTIONS AND REQUEST TO COMPEL
## COMPLIANCE WITH SECTION 365(d)(3)

8.     Panattoni Northglenn objects to the relief requested in the Extension Motion because there is no cause for granting the relief requested.

9.     As noted, by separate motion, the Debtors have sought to establish procedures to market and sell the Northglenn Lease which contemplates the sale and assumption and assignment of the lease on December 22, 2008.  Accordingly, the Extension Motion is premature at best.

10.     More importantly, however, the Debtors should not be allowed to continue to enjoy the benefits of the Northglenn Lease without timely complying with their post-petition obligations under the lease as required under section 365(d)(3) of the Bankruptcy Code.

11.     As noted, the Debtors owe Panattoni Northglenn in excess of $92,106.20 in post-petition rent, CAM charges, insurance and taxes (plus attorneys' fees and expenses).

12.     Section 365(d)(3) provides that the Debtors must timely perform these obligations pending assumption or rejection of the Lease.  *See* 11 U.S.C. § 365(d)(3).  Therefore, Panattoni Northglenn requests that the Court compel the Debtors to comply with their post-petition obligations under the Northglenn Lease pending assumption or rejection of the lease as required under section 365(d)(3) of the Bankruptcy Code.

## JOINDER IN OTHER LANDLORD OBJECTIONS

13.     To the extent not inconsistent with this objection and request, Panattoni Northglenn joins the objections of the other landlords to the Extension Motion.

## PRAYER

WHEREFORE, PREMISES CONSIDER, Panattoni Northglenn moves the Court to deny the relief requested in the Extension Motion and to compel the Debtors to timely comply with

their obligations under section 365(d)(3) of the Bankruptcy Code, and for such other and further

relief as the Court deems just and proper both in equity and at law.

Respectfully submitted,

**CANTOR ARKEMA, P.C.**

By: /s/  David K. Spiro

David K. Spiro
dspiro@cantorarkema.com
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Telephone:    (804) 644-1400
Facsimile:    (804) 225-8706

And

**BRACEWELL & GIULIANI LLP**

By: /s/   William A. (Trey) Wood, III

William A. (Trey) Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 223-2300
Facsimile:    (713) 221-1212

**ATTORNEYS FOR PANATTONI
DEVELOPMENT COMPANY, INC., AS
AGENT FOR CHARLES L. KESSINGER,
JACQUES L. KESSINGER AND
NORTHGLENN RETAIL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on the parties listed on the attached Service List via electronic means as listed on the court's ECF noticing system or by regular U. S. First Class Mail on this 3rd day of December, 2008.

 /s/ *William A. (Trey) Wood, III* 
William A. (Trey) Wood, III

## CIRCUIT CITY STORES, INC.
## <u>PRIMARY SERVICE LIST</u>

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Email: Robert.B.Van.Arsdale@usdoj.gov

Reginald D. Hedgebeth
Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, Virginia 23233

Daniel W. Ramsey
Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, Virginia 23233

Dion Hayes
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Email: dhayes@mcguirewoods.com

Gregg M. Galardi
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P.O. 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, Illinois 60606

Brad R. Godshall
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica blvd, 11th Floor
Los Angeles, CA 90067-4100
Email: bgodshall@pszjlaw.com

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
Email: jpomerantz@pszjlaw.com

John D. Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 9411-4500
Email: jfiero@pszjlaw.com

Lynn L. Tavenner
Email: ltavenner@tb-lawfirm.com
Paula S. Beran
Email: pberan@tb-lawfirm.com
Tavenner & Beran PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219