UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | CASE NO. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., et al., | Jointly Administered |
| Debtors. | CHAPTER 11 |

**LIMITED OBJECTION OF THE GREATER ORLANDO AVIATION AUTHORITY TO DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR <u>REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>
(DEBTOR LOCATION #6348)**

The GREATER ORLANDO AVIATION AUTHORITY ("GOAA"), a public body existing under the laws of the State of Florida, hereby files its limited objection to the Debtors' *Motion for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* (Doc. No. 290) (the "Extension Motion") and states as follows:

I.    <u>Procedural History</u>

1.    On November 10, 2008, Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Since the commencement of its Chapter 11 case, the Debtors have continued to operate their businesses and manage their assets as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

H. Jason Gold, Va. Bar No. 19117
Kalina B. Miller, Va. Bar No. 70691
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800

Roy S. Kobert, P.A. (FL Bar No. 777153)
Broad and Cassel
P.O. Box 4961
Orlando, Florida 32802
Phone: 407-839-4200

Attorneys for the Greater Orlando Aviation Authority

2. GOAA is the owner and operator of an airport system including the facilities at the Orlando Executive Airport, including the real property located at 5166 East Colonial Drive, Orlando, Florida (the "Premises").

3. Pre-petition, on or about June 1, 1990, Debtors and GOAA entered into the Orlando Executive Airport Shopping Center Lease Agreement, and related contracts (the "OEA Agreements").

4. Pre-petition, on or about September 26, 2003, the Debtors entered into a Sublease for the Premises with Central Florida Regional Workforce Development Board Inc., d/b/a Workforce Central Florida (the "Sublease").

5. The Debtor collects rent from its subtenant pursuant to the Sublease. Then the Debtor remits its regular monthly payment to GOAA pursuant to the OEA Agreements.

6. On November 20, 2008, Debtors filed the Extension Motion. The Extension Motion seeks an extension of time to assume or reject its unexpired leases until the earlier of June 8, 2009 or the confirmation of the Debtors' Plan of Reorganization. The OEA Agreement is listed on Exhibit "A" attached to the Debtor's proposed Order.

II. ARGUMENT

7. Pursuant to 11 U.S.C. §365(d)(3), the Debtors are required to keep current on their post-petition obligations. As of the date of this Objection, Debtors have failed or refused to pay GOAA $23,823.56 for their post-petition use and occupancy of the premises despite enjoying rent from their subtenant. Attached hereto as Exhibit "A" is a summary of the outstanding post-petition rent due from the Debtor.

8. The Court <u>must</u> condition any extension of the deadline set forth in 11 U.S.C. §365(d)(4) of the Bankruptcy Code upon the Debtors' timely compliance with all of their post-petition monetary obligations under such lease.

9. GOAA objects to the Extension Motion to the extent the Debtors are requesting an open-ended amount of time to assume or reject the OEA leases.

10. If the Court is inclined to grant an extension under 11 U.S.C. §365(d)(4), such extension (i) should be limited to the time frames established under the bankruptcy code as GOAA does not presently consent to any non-statutory extensions; (ii) be expressly conditioned upon Debtors' forthwith performance of its post-petition obligations under the lease, and (iii) without prejudice to either party to seek any further extensions or to seek to shorten such period previously approved due to changed circumstances.

WHEREFORE, GOAA respectfully requests the Court to enter an Order (i) conditioning the Extension Motion on the forthwith performance of all post petition obligations; (ii) limiting any extension of time for the Debtors to assume or reject the GOAA Lease to the requirements set forth in the bankruptcy code; and (iii) granting GOAA such other relief as the Court deems appropriate.

Dated: December 3, 2008                    Respectfully submitted,

                                           GREATER ORLANDO AVIATION AUTHORITY

                                           By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
703.905.2800 (Telephone)
703.905.2820 (Facsimile)


By:     /s/ Kalina B. Miller
        H. Jason Gold, Va. Bar No. 19117
        Kalina B. Miller, Va. Bar No. 70691

        -and-

BROAD AND CASSEL
Roy S. Kobert, P.A.
390 North Orange Ave., Suite 1100
Orlando, Florida 32801
Post Office Box 4961
Orlando, Florida 32802
Telephone: (407) 839-4200
Fax: (407) 650-0927
Florida Bar No. 777153
rkobert@broadandcassel.com

Attorneys for Greater Orlando Aviation Authority

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2008, a copy of the foregoing Objection was sent by electronic mail or by first class mail, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.

/s/ Kalina B. Miller
Kalina B. Miller

12932257.1