# EXHIBIT A

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 07-1606

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Mar 26, 2008
LEONARD GREEN, Clerk
```

| | |
|---|---|
| In re: BABY N'KIDS BEDROOMS, INC., ) | |
| ) | |
| Debtor, ) | |
| ) | |
| BK NOVI PROJECT L.L.C., ) | |
| ) | |
| Plaintiff-Appellant, ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| v. ) | THE EASTERN DISTRICT OF |
| ) | MICHIGAN |
| MICHAEL STEVENSON, Trustee for Baby ) | |
| N'Kids Bedrooms, Inc., ) | |
| ) | |
| Defendant-Appellee. ) | |

O R D E R

Before: RYAN, SILER, and COLE, Circuit Judges.

BK Novi Project, L.L.C. ("BK Novi"), appeals a district court judgment affirming the decision of the bankruptcy court that denied BK Novi's petition for allowance of administrative expense filed under 11 U.S.C. § 503(b). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The debtor, Baby N'Kids Bedrooms, Inc., filed a Chapter 7 petition on June 8, 2006. At the time the debtor filed its petition, the debtor leased non-residential property owned by BK Novi. Also, at the time the debtor filed its petition, it had not paid rent for June 2006, which was originally due June 1, 2006, as required by the lease.

No. 07-1606
- 2 -

The debtor filed a motion to reject the unexpired lease on July 7, 2006. In its motion, the debtor requested an order rejecting the lease entered into with BK Novi, effective July 31, 2006. The bankruptcy court entered the requested order on July 27, 2006, and the debtor vacated the premises on July 31, 2006.

BK Novi filed its petition for allowance for administrative expense on September 18, 2006. In its petition, BK Novi argued that the debtor occupied the leased premises from the date it filed for bankruptcy, June 8, 2006, until August 14, 2006. BK Novi sought an administrative expense under 11 U.S.C. § 503(b) for administrative rent calculated according to the number of post-petition days the debtor occupied the leased premises.

The debtor filed an objection to BK Novi's petition on September 25, 2006. In its objection, the debtor argued that BK Novi was only entitled to rent owed for July 2006. The debtor also argued that the lease was rejected effective July 31, 2006; therefore, BK Novi was not entitled to any administrative expenses for August 2006.

The debtor further argued that any rent owed for June 2006 was incurred on June 1, 2006. Thus, according to the debtor, it was a pre-petition obligation. Because it was a pre-petition obligation, the debtor contended, BK Novi could not recover such rent as an administrative expense.

The bankruptcy court determined that the rent owing for the entire month of June constituted a pre-petition obligation, and that any rent owing for June 8 through June 30, 2006, constituted a pre-petition obligation not entitled to administrative expense treatment. The court, therefore, sustained the debtor's objection. The court allowed a Chapter 7 administrative expense in the amount of $18,849.20. To the extent BK Novi sought the allowance of an administrative expense for an amount in excess of $18,849.20, the bankruptcy court denied the petition. The district court affirmed the bankruptcy court's order. BK Novi's motion for reconsideration was denied. This appeal followed.

The standard of review for a bankruptcy appeal is somewhat different from that of a typical appeal. Initially in a bankruptcy case, the bankruptcy court makes findings of fact and conclusions of law. "The district court then reviews the bankruptcy court's findings of fact for clear error and

the bankruptcy court's conclusions of law de novo." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997) (citing Bankr. R. 8013). We, in turn, review the bankruptcy court's findings of fact under a clearly erroneous standard of review and the district court's legal conclusions de novo. *Id.* (citing *First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 717 (6th Cir. 1992)). "A factual finding will only be clearly erroneous when, although there is evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (citations omitted). Because this appeal presents only a question of law, we review the bankruptcy court's decision de novo.

BK Novi sought an allowance of $42,725.08 (plus late fees) as an administrative expense under 11 U.S.C. § 503(b) for rent accruing under a real property lease from June 8, 2006, the Chapter 7 bankruptcy petition date, through July 31, 2006. BK Novi agreed that it was not entitled to an administrative expense for any rent after July 31, 2006, because the lease was rejected, and the premises were surrendered to BK Novi on July 31, 2006. The bankruptcy court determined that the rent owing for the entire month of June 2006 constituted a pre-petition obligation and that any rent owing for June 8 through June 30, 2006, constituted a pre-petition obligation not entitled to administrative expense treatment.

Upon de novo review, we conclude that the bankruptcy court correctly determined that the rent owing for the entire month of June 2006 constituted a pre-petition obligation that is not entitled to administrative expense treatment. When the assets of a bankruptcy estate are distributed to the debtor's creditors, claims for administrative expenses are among the very first unsecured claims that are paid. *See* 11 U.S.C. §§ 726(a), 507(a)(1), 503(b). The Bankruptcy Code provides a nonexhaustive list of allowable administrative expenses: they include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1). Only post-petition debts, however, can be treated as administrative expenses; *pre-petition* debts may not be granted

No. 07-1606
-4-

administrative-expense priority. *See* 11 U.S.C. § 503(b)(1)(A) (providing that administrative expenses include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered *after the commencement of the case*") (emphasis added). Courts agree that an administrative expense has two defining characteristics: (1) the expense and right to payment arise after the filing of bankruptcy, and (2) the consideration supporting the right to payment provides some benefit to the estate. *See Hicks, Muse & Co. v. Brandt (In re HealthCo Int'l, Inc.)*, 272 B.R. 510, 512 (B.A.P. 1st Cir. 2002); *Employee Transfer Corp. v. Grigsby (In re White Motor Corp.)*, 831 F.2d 106, 110 (6th Cir. 1987); *Trs. of the Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984); *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart)*, 536 F.2d 950, 954 (1st Cir. 1976).

In order to determine when a transaction occurred pre-petition or post-petition, the focus is on, "... when the acts giving rise to a liability took place, not when they accrued." *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman)*, 126 F.3d 811, 818 (6th Cir. 1997). The lease entered into between BK Novi and the debtor provided that the rent was due "[o]n the **first** day of each month" for that month's rent. Consequently, in this case, the debtor's obligation to pay rent for June 2006 arose on June 1, 2006. Therefore, because the obligation to pay rent for June 2006 arose pre-petition, BK Novi's claim for rent owing for the entire month of June 2006 is not entitled to priority as an administrative expense under § 503(b)(1). *Id.* at 817.

Accordingly, the district court's judgment affirming the decision of the bankruptcy court that denied BK Novi's petition for allowance of administrative expense filed under 11 U.S.C. § 503(b) is affirmed.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

No: 07-1606

Filed: April 28, 2008

In re: BABY N'KIDS BEDROOMS, INC.

   Debtor

---

BK NOVI PROJECT L.L.C.

   Plaintiff - Appellant

v.

MICHAEL STEVENSON, Trustee for Baby N'Kids Bedrooms, Inc.

   Defendant - Appellee

## MANDATE

Pursuant to the court's disposition that was filed 03/26/2008 the mandate for this case hereby issues today.

COSTS:   NO COSTS