KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
David J. Ervin (VSB No. 34719)
Tel: (202) 342-8436
Fax: (202) 342-8451

Attorneys for Developers Diversified
Realty Corporation, Philips International
Holding Corp., Regency Centers L.P.,
Weingarten Realty Investors, and
S.J. Collins Enterprises

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., *et al.*, | ) Case No. 08-35653 |
| | ) |
| Debtors. | ) (Jointly Administered) |

**OBJECTION OF DEVELOPERS DIVERSIFIED REALTY CORPORATION, PHILIPS INTERNATIONAL HOLDING CORP., REGENCY CENTERS, L.P., WEINGARTEN REALTY INVESTORS, AND S.J. COLLINS ENTERPRISES TO DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363, AND 365: (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Developers Diversified Realty Corporation, Philips International Holding Corp.,

Regency Centers, L.P., Weingarten Realty Investors, and S.J. Collins Enterprises (collectively

the "Landlords"), by and through their attorneys, Kelley Drye & Warren LLP, hereby submit this

objection (the "Objection") to the Debtors' motion (the "Motion"), dated November 25, 2008,

1

for Orders: (I) approving bidding and auction procedures (the "Bidding Procedures") for the sale of unexpired nonresidential real property leases for the closing stores (the "Closing Stores"), (II) setting a sale hearing date, and (III) authorizing and approving (A) the sale of certain nonresidential real property leases free and clear of liens, claims and encumbrances, (B) assumption and assignment of certain unexpired nonresidential real property leases, and (C) lease rejection procedures. In support of this Objection, the Landlords respectfully submit as follows:

## PRELIMINARY STATEMENT

1. The Debtors have proposed an extremely accelerated sale schedule and are attempting to deny Landlords any meaningful opportunity to review evidence of adequate assurance of future performance, conduct discovery, draft an objection or prepare for a contested assignment hearing. The relief requested by the Debtors should be denied or sufficiently modified so as to ensure due process for all parties, not simply the Debtors.

## BACKGROUND

2. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

3. On November 25, 2008, the Debtors filed the Motion. The Motion seeks, among other things, authority to conduct an auction (the "Auction") for the sale (the "Sale") of Closing Stores' leases, including the Leases (defined below), and approval of the Bidding Procedures for the Sale.

4. The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases (the "Leases") for the Closing Stores identified in the chart annexed hereto as Exhibit A (the "Leased Premises"). The Leased Premises are located

2

in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

## ARGUMENT

### A. The Debtors and Proposed Assignee Must Provide Adequate Assurance of Future Performance

5. Shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of obtaining adequate assurance of future performance from any proposed assignee of a real property lease. *See Joshua Slocum,* 922 F.2d at 1086-1087; *In re Trak Auto Corp.,* 277 B.R. 655 (Bankr. E.D. Va. 2002). In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance –

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating adequate assurance of future performance. *In re Rachel Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

3

6. Under the proposed Bidding Procedures, a Successful Bidder for a Lease will be required, upon request of the Debtors or a Landlord, to provide written evidence "of the Successful Bidder's ability to consummate the transaction and of adequate assurance of future performance including, but not limited to: (i) federal tax returns for two years and/or a current audited financial statement and/or bank account statements, (ii) a description of intended use, and (iii) any information that the Debtors may reasonably request."[1]

7. The Landlords require additional information in order to evaluate proposed assignees for their Leases, and request that the Court require that all bids contain, at a minimum, the following adequate assurance information:

(i) The exact name of the bidder and the exact name of the entity who is going to be designated as the assignee of the Leases;

(ii) The assignee's and/or any guarantor's audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2006 and 2007, and, if available, year-to-date 2008;

(iii) Any and all documents regarding the proposed assignee's experience and the proposed assignee's experience in operating in-line retail stores in shopping centers;

(iv) The number of stores the proposed assignee operates and all trade names the proposed assignee uses;

(v) A statement setting forth the proposed assignee's intended use of the premises;

(vi) The proposed assignee's 2009 business plan including sales and cash flow projections; and

(vii) Any financial projections, calculations and/or financial pro-formas prepared in contemplation of purchasing the Leases.

---

[1] Bidding Procedures at p. 6.

**B.     The Bidding Procedures Must Be Modified To Provide
         Landlords With Sufficient Time To Evaluate Proposed Assignees**

8.      The Debtors have proposed the following accelerated schedule in connection with the Sale:

| | |
|---|---|
| Cure objections: | Wednesday December 10, 2008, at 4:00 p.m. (ET); |
| Bid deadline: | Monday December 15, 2008, at 3:00 p.m. (ET); |
| Potential Purchaser Notice: | Tuesday December 16, 2008, at 3:00 p.m. (ET); |
| Auction: | Thursday December 18, 2008, at 10:00 a.m. (ET); |
| Sale objections: | Saturday December 20, 2008, at 4:00 p.m. (ET); |
| Sale hearing: | Monday December 22, 2008, at 10:00 a.m. (ET). |

9.      Under the proposed Bidding Procedures, on or before December 16, 2008, at 3:00 p.m., the Debtors will provide Landlords with notice of the bidders for their Leases (the "Potential Purchaser Notice.").[2]  The Potential Purchaser Notice will only identify proposed assignees for the Leases, but will not provide Landlords with any information regarding these bidders.

10.     Rather than provide Landlords with an opportunity to review the adequate assurance information for the proposed assignees prior to the Sale hearing, the Debtors propose that they simply be allowed to present such evidence to the Court at the Sale hearing scheduled for that Monday, December 22.[3]  In the interim, and again without having had the opportunity to review any evidence of adequate assurance or conduct discovery, Landlords will be required to file their objections to the proposed sale by Saturday, December 20.  The proposed schedule denies Landlords any semblance of due process and is unacceptable.  As a practical matter, it will burden the Court with an avalanche of unnecessary objections by landlords simply objecting to preserve their right object in the future upon receiving the proposed assignee's adequate assurance information.

---

[2]     Proposed Order, ¶ 6 at p. 6.

[3]     Potential Purchaser Notice at p. 3; *See also* Motion ¶ 17, at p. 12.

5

11. Even if the Debtors were willing to provide Landlords with evidence of adequate assurance after the conclusion of the Auction on December 18, 2008, that would only give Landlords one business day to complete several complex tasks necessary to evaluate the proposed assignee before the Sale hearing: (1) assess the identity and operating performance of the proposed assignee; (2) assess the financial adequate assurance information of the proposed assignee; (3) determine whether the proposed assignee's use of the premises will violate any radius or use restrictions or disrupt the tenant mix in the affected shopping centers; (4) conduct discovery; (5) prepare (and file) an objection; and (6) prepare for a contested hearing. One day is insufficient to perform these tasks.

12. Thus, the Landlords object to the Bidding Procedures and request that they be given additional time prior to the Sale hearing to review the evidence of adequate assurance provided by the proposed assignees. The Landlords request the Court require the Debtors provide the Landlords and their counsel the bidder's adequate assurance information by email or facsimile as soon as practicable after the bidder's submission, but in no event later than with the Potential Purchaser Notice.

13. The Landlords also request five business days from the notice of assignment and receipt of adequate assurance of information from the successful bidder to determine whether the bidder is acceptable to the Landlords. In the event the Landlords object to a proposed assignee and notify the Debtors of their objection within five business days, Bankruptcy Rules 7026 and 7028 through 7037, made applicable to contested matters by Bankruptcy Rule 9014, apply. As such, the Landlords would be entitled to expedited discovery and the Sale Hearing should be treated as a status conference to determine an appropriate discovery and briefing schedule. In addition, the Landlords request that in the event of a

contested assignment, the Debtors and proposed assignee be required to provide the Landlords with a list of any known witnesses that would testify and a list of any known exhibits that would be put into evidence in support of the proposed assignment, not later than five business days before the contested assignment hearing.

## **RESERVATION OF RIGHTS**

14. The Landlords reserve their rights to raise all objections to any successful bidder, including objections based upon adequate assurance of future performance and proposed use. Nothing in the approval of the Bidding Procedures should waive or compromise the Landlords' rights under the Leases, including the Landlords' rights to hold the Debtors and any assignee responsible for all outstanding obligations owing under the Leases, including but not limited to unbilled year-end adjustments and reconciliations.[4]

## **CONCLUSION**

15. The Debtors' need to conduct the Sale quickly cannot be a justification to expunge the Landlords' legal rights under the Bankruptcy Code and fundamental due process rights afforded under the Constitution.

---

[4] The Landlords anticipate filing separate cure objections which will include the Landlords' request that Debtors and any assignee assume responsibility for all unbilled charges that may come due under the Leases.

**WHEREFORE**, the Landlords respectfully request the Court enter an order (i) denying the Motion as set forth above or (ii) modifying the Bidding Procedures as requested herein, and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
December 3, 2008

        KELLEY DRYE & WARREN LLP

        By: /s/ *David J. Ervin*_____
        David J. Ervin (VSB No. 34719)
        Washington Harbour, Suite 400
        3050 K Street, NW
        Washington, DC 20007-5108
        Tel: (202) 342-8436
        Fax: (202) 342-8451

        -and-

        KELLEY DRYE & WARREN LLP
        James S. Carr
        Robert L. LeHane
        101 Park Avenue
        New York, NY 10178-0002
        Tel: (212) 808-7800
        Fax: (212) 808-7897

        Attorneys for Developers Diversified Realty Corporation, Philips International Holding Corp., Regency Centers, L.P., Weingarten Realty Investors, and S.J. Collins Enterprises

# EXHIBIT A

| Store No. | Landlord | Location | Lease Premises |
|---|---|---|---|
| 3717 | Developers Diversified Realty Corporation | Crystal Lake, IL | Circuit City – Crystal Lake |
| 884 | Developers Diversified Realty Corporation | Morrow, GA | Southlake Pavilion |
| 3268 | Developers Diversified Realty Corporation | Orlando, Fl | Circuit City Plaza |
| 3297 | Developers Diversified Realty Corporation | Snellville, GA | Presidential Commons |
| 3362 | Developers Diversified Realty Corporation | Phoenix, AZ | Arrowhead Crossing |
| 3374 | Developers Diversified Realty Corporation | Richmond, CA | Hilltop Plaza |
| 3421 | Developers Diversified Realty Corporation | Newnan, GA | Newnan Pavilion |
| 3423 | Developers Diversified Realty Corporation | Vero Beach, FL | Circuit City-Vero Beach |
| 3681 | Philips International | Massapequa, NY | Shoprite Shopping Center |
| 413 | Regency Centers, L.P. | Santa Barbra, CA | Shops at Santa Barbra |
| 834 | Weingarten Realty Investors | Atlanta, GA | Camp Creek Marketplace II |
| 3598 | Weingarten Realty Investors | Acworth, GA | Lakeside Marketplace |
| 4279 | S.J. Collins Enterprises | Hiram, GA | Paulding Station Shopping Center |

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of December, 2008, a true and accurate copy of the foregoing objection of *Developers Diversified Realty Corporation, Philips International Holding Corp., Regency Centers, L.P., Weingarten Realty Investors, and S.J. Collins Enterprises to Debtors' Motion for Order under 11 U.S.C. Sections 105, 363, and 365: (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for closing stores, (II) Setting sale hearing date, and (III) Authorizing and approving (A) Sale of certain nonresidential real property leases free and clear of liens, claims and encumbrances, (B) assumption and assignment of certain unexpired nonresidential property leases, and (C) lease rejection procedures* was electronically filed with the clerk of the court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notice of appearance in this case.

    /s/ James E. Farrah
James E. Farrah