IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., et al., : Case No. 08-35653-KRH
: Jointly Administered
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**OBJECTION OF MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE, TO THE DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (B)ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Manufacturers and Traders Trust Company, as Trustee, by its attorneys, Hodgson Russ LLP and Christian & Barton, LLP, objects to the Debtors' Motion for Orders Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (a) Sale of Certain

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Lease Sale and Rejection Motion") and hereby states as follows:

1.  Manufacturers and Traders Trust Company ("M&T") is the indenture trustee in connection with seven pools of securitized leases (the "Securitized Leases") in which one or more of the Debtors is the lessee in connection with Circuit City stores in shopping centers and/or warehouses or distribution centers (the "Leased Premises"). The Securitized Leases and the income stream derived from the Securitized Leases have been assigned to M&T under certain assignments of rents and other documents, and confer upon M&T the ability to act on behalf of the landlords.

2.  Upon information and belief, several of the Securitized Leases are for locations at which the Debtors are conducting store closing sales and which are the subject of the Debtors' Lease Sale and Rejection Motion, as well as the Debtors' going out of business sale motion [Docket No. 24], specifically the leases for the following stores: No. 1816 (Orange, CT, "CT Outlet"); No. 1611 (Temple, TX); No. 1806 (Cuyahoga Falls, OH, "Akron Outlet"); No. 3303 (Thousand Oaks, CA); No. 3511 (Baton Rouge, LA); No. 3123 (Joliet, IL); No. 3124 (Vernon Hills, IL); No. 4303 (Fairfield, CA); No. 3506 (Marrero, LA "West Bank").

3.  M&T hereby joins in the other objections filed by landlords in opposition to the Lease Sale and Rejection Motion to the extent applicable and not inconsistent with this objection.

4.  M&T does not object generally to the Debtors' seeking assumption and assignment, or rejection, of the leases pursuant to the Bankruptcy Code, but objects to portions of the Lease Sale and Rejection Motion which alter and restrict the rights and protections afforded

2

to landlords by the Bankruptcy Code, as well as any alteration or modification of the rights and remedies under the lease agreements and under applicable state law.

5. The Debtors claim to "seek to implement an orderly process to sell or otherwise dispose of Leases." Lease Sale and Rejection Motion, §21. However, M&T strongly disagrees that the proposed process is "orderly."

6. The Lease Sale and Rejection Motion, at paragraph 13, seeks to establish a shortened and final process to establish the amounts of existing lease defaults ("Cure Amounts") on a basis that is unfair, inflexible, binding and accelerated. The calculation of components of Cure Amounts in commercial leases can be complicated and may require information not yet available, especially to M&T as indenture trustee. Many additional rent charges are paid on an estimated basis with adjustments when final figures are determined. However, the Debtors' procedure eliminates the due process afforded to claimants under the Bankruptcy Code, including times to assert claims and provisions for objections, estimations and reconsideration of claims. The duty to cure belongs to the Debtors, not to the assignee of any of the leases.

7. The Lease Sale and Rejection Motion, at paragraph 17, seeks to establish a shortened and final process to establish the qualification of a Potential Bidder on a basis that is unfair, inflexible, binding and accelerated. Notice of Potential Bidders is scheduled to be given on the afternoon of Tuesday, December 16 and objections are due Saturday, December 20, 2008, which is less than three (3) business days after receipt of the identity of the Potential Bidders.

8. Upon information and belief, the information provided by "Potential Lease Purchasers" is seldom complete enough to evaluate financial wherewithal, as well as any "shopping center considerations" found at 11 U.S.C. §365(b)(3). There would not be enough time for M&T as indenture trustee, or the landlord, to find the Potential Purchaser's

representative and to engage in meaningful dialogue concerning proposed operations and performance, financial ability to perform, etc.

9. The Debtors should not be allowed to assume and assign the leases unless and until it performs all of its post-petition obligations under the leases, in full and on time, as required by 11 U.S.C. §365(d)(3).

10. Upon information and belief, the Debtors have not paid and do not presently intend to pay the "stub rent" for November, 2008, owed under the Securitized Leases.

11. Upon information and belief, the Debtors have not paid December 2008 rent owed under the Securitized Leases. There may also be additional amounts due.

12. M&T reserves all rights to separately object to the stated Cure Amount in Exhibit B to the Lease Sale and Rejection Motion.

13. Section 363(e) of the Bankruptcy Code provides that upon the request of an entity (such as M&T) that has an interest in property used by the debtor-in-possession, the Court shall condition such use as is necessary to provide adequate protection of such interest. The Court's requiring payment of rent and compliance with the leases, and providing a commercially reasonable opportunity to evaluate Potential Lease Buyers, would be appropriate, if not the minimal, protection the Court should require.

14. M&T objects to the procedure sought in the Lease Sale and Rejection Motion for establishing a Cure Amount that does not permit fair assessment, liquidation and evaluation of "additional rent" charges that require adjustment, and its disregard of the Debtors' obligations under the Bankruptcy Code to pay landlords their "actual pecuniary loss."

15. M&T objects to the assignment of the leases "free and clear of all liens, interests, claims and encumbrances." The assignment can only be of the Debtors' interest in the

leases and the demised premises, and not in derogation of (a) claims against the Debtors and (b) any liens, interests, claims and encumbrances of the interests of M&T, as trustee, or third parties in the leases.

16. M&T reserves such further rights and protections as may become an issue as the lease sales progress.

**WHEREFORE**, Manufacturers and Traders Trust Company, as indenture trustee in connection with the Securitized Leases, objects to the Court granting the Lease Sale and Rejection Motion unless its interests are adequately protected, and requests that this Court enter an order sustaining this objection, reserving all rights to Manufacturers and Traders Trust Company and the landlords under the Securitized Leases, along with such other and further relief as the Court may deem just and proper.

Dated: Richmond, Virginia
December 3, 2008                                                  Respectfully submitted,


/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esq. (VSB No.13254)
Michael D. Mueller, Esq. (VSB No. 38216)
Jennifer M. McLemore, Esq. (VSB No. 47164)
Noelle M. James (VSB No. 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

-and-

Garry M. Graber, Esq.
Julia S. Kreher, Esq.
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349
Email:  GGraber@HodgsonRuss.com

*Counsel for Manufacturers & Traders
Trust Company, as Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the Court's ECF system.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

912492.1