Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                              One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
Circuit City Stores, Inc.,    :   Case No. 08-35653(KRH)
et al.,                       :
                              :
             Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS AND IN SUPPORT OF MOTION OF DEBTORS FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1]

---

[1] The Debtors and the last four digits of their respective taxpayer
*(cont'd)*

hereby submit their omnibus reply (the "Reply") in response to the Objections (as defined below) and in support of the Motion.[2]  In support of the Reply, the Debtors respectfully represent:

### BACKGROUND

1. On the Petition Date, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. Concurrently with the filing of the petitions, the Debtors filed the Motion, which, among other things, sought to establish reclamation procedures.

---

*(cont'd from previous page)*
identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Debtors' Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 362, 503(b), 507(a), 546(c), and 554(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands filed on November 10, 2008 (Docket No. 14) (the "Motion").

3. On the Petition Date, this Court held a hearing on the Motion and, following the hearing, entered an order granting the relief requested in the Motion (Docket No. 133; the "Reclamation Order").

4. Pursuant to the Reclamation Order, all parties seeking to object to the relief requested in the Motion were required to file an objection on or before November 28, 2008 (the "Objection Deadline").

5. The Debtors received three objections (Dockets Nos. 448, 500 and 504; collectively, the "Objections"). The Objections were from Warner Home Video, a division of Warner Bros. Home Entertainment Inc. ("Warner") (Docket No. 448), Alliance Entertainment, LLC ("Alliance") and Source Interlink Media, LLC ("SIM", and together, "Alliance/SIM") (Docket No. 500), and LumiSource, Inc. ("LumiSource") (Docket No. 504) (collectively, the "Objectors").

6. For the reasons set forth below, the Debtors request this Court overrule the Objections to the Motion, to the extent such Objections have not been resolved.

**REPLY**

7. In general, the Motion sought relief to: (1) confirm the granting of administrative expense status to obligations arising from postpetition delivery of goods; (2) establish authority to pay obligations arising from postpetition delivery of goods in the ordinary course of business; (3) authorize, but not direct, the Debtors to return goods to venders under Bankruptcy Code section 546(h); and (4) establish procedures for addressing reclamation claims. The Warner and Alliance/SIM objections contend that the Reclamation Order should explicitly state that returns of goods by the Debtors pursuant to section 546(h) are subject to the consent of the creditor. In addition, Warner also contends that it be permitted, in its sole discretion, to withdraw its reclamation demand if its objection is not sustained. The LumiSource objection ("LumiSource Objection") contends that: (1) the Debtors should not have the right, during the next 120 days, to sell the goods LumiSource is attempting to reclaim without adequately protecting LumiSource's interest, and (2) the Court should invoke its equitable powers to maintain the

status quo until it can determine whether the Debtors were insolvent at the time Debtors received the goods LumiSource is attempting to reclaim and whether there are holders of security interests in those goods.

       8.   To resolve the Warner and Alliance/SIM objections concerning creditor consent, the Debtors will explicitly reference section 546(h) in paragraph 4 of the Reclamation Order. With that reference, paragraph 4 of the Reclamation Order will provide as follows:

> The Debtors are authorized, but not obligated, under Bankruptcy Code section 546(h), subject to the limitations imposed by <u>section 546(h),</u> any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements, to the extent of such interests, to return to Vendors Goods that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims.

Reclamation Order ¶ 4 (emphasis added to reflect modification).

       9.   Additionally, with respect to Warner's objection that it should have the right to withdraw its

reclamation claims, the Debtors will insert the following language into the Reclamation Order:

> Nothing in this Order shall impair any entity's right, if any, to withdraw a reclamation claim; provided, however, that all of the Debtors' rights with respect to the withdrawal of any reclamation claim, including (without limitation) the right to contest whether the entity had the right to withdraw such claim, are expressly reserved.

10. The Debtors believe that these changes to the Reclamation Order resolve the Warner and Alliance/SIM Objections. To the extent such Objectors disagree, the Debtors respectfully request that this Court overrule such Objections.

11. With respect to the LumiSource Objection, in addition to violating Local Bankruptcy Rule 9013—1(H) by failing to provide a memorandum of points of law (or cite any law in the filed document), the LumiSource Objection should be overruled on the merits because (i) LumiSource is an unsecured creditor and, as such, is not entitled to adequate protection, and (ii) LumiSource has failed to meet its burden for a section 105(a) injunction.

**I.    LUMISOURCE IS NOT ENTITLED TO ADEQUATE PROTECTION.**

12.    The Court should reject the LumiSource's request for adequate protection because LumiSource, as an unsecured creditor, is not entitled to it.

13.    Courts have consistently held that unsecured creditors are not entitled to adequate protection.  E.g., In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 91 (2d Cir. 2003) (noting that an unsecured creditor is ineligible to receive adequate protection).  Courts have also held that reclamation claimants are unsecured creditors.  See, e.g., In re Pester Refining Co., 964 F.2d 842, 845 and 848 (8th Cir. 1992) (noting that reclamation claimants are behind secured creditors); In re McLouth Steel Products Corp., 213 B.R. 978, 982 (E.D.Mich. 1997) (noting that reclamation claimants are unsecured creditors); In re Nitram Inc., 323 B.R. 792, 799 (Bankr. M.D.Fla. 2005) (same).  Thus, like all other unsecured creditors, reclamation claimants are not entitled to adequate protection.  See Dairy Mart, 351 F.3d at 91 (noting that an unsecured creditor is ineligible to receive adequate protection).

14. Here, there is no dispute that the LumiSource is a reclamation creditor. As such, the LumiSource is an unsecured creditor. Given this status, LumiSource is not entitled to adequate protection.

15. Accordingly, the LumiSource Objection should be overruled.

## II. COURTS NARROWLY CONSTRUE THEIR POWERS UNDER SECTION 105 AND LUMISOURCE HAS NOT MET ITS BURDEN FOR A SECTION 105 INJUNCTION.

16. The Court should reject LumiSource's request for an injunction because LumiSource, as movant, has not met its burden.[3]

17. Section 105(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a). Courts have construed this provision as authorizing injunctions in certain situations. Dept. of Air Force v. Carolina Parachute Corp., 907 F.2d 1469, 1475 (4th Cir. 1990) (noting bankruptcy court has power

---

[3] The Debtors also object on the basis that requesting a section 105(a) injunction through an objection to a motion is procedurally improper. On this basis alone, the Objection should be overruled.

to issue an injunction under section 105); Matter of Zale Corp., 62 F.3d 746, 759-60 (5th Cir. 1995) (same). While section 105(a) provides the underlying authority to issue an injunction, courts have construed these powers narrowly. In re Kestell, 99 F.3d 146, 148 (4th Cir. 1996) (noting that a court's power under section 105 is not unlimited); In re Combustion Engineering, Inc., 391 F.3d 190, 236 (3rd Cir. 2004) (same).

        18.  To obtain an injunction under Bankruptcy Code section 105(a), the movant bears the burden of producing sufficient evidence to warrant the requested relief. In re Third Eighty-Ninth Assoc., 138 B.R. 144, 146 (S.D.N.Y. 1992) (noting that the debtor bears the burden of proof when seeking a section 105 injunction to broaden the scope of the automatic stay); In re Advanced Marketing Services, Inc., 360 B.R. 421, 426 (Bankr. D. Del. 2007) (noting that before an injunction is granted, the movant, a reclaiming seller, bears the burden to establish that it has a right to reclaim).

        19.  Here, the LumiSource Objection is devoid of any facts or legal authority to support LumiSource's

extraordinary request.  As a result, LumiSource has failed to meet its burden.

20. Accordingly, the Court should overrule the LumiSource Objection and deny the injunction.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court overrule the Objections to the Motion and grant such other and further relief as may be just and proper.

Dated: December 3, 2008  SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                           Gregg M. Galardi, Esq.
                           Ian S. Fredericks, Esq.
                           P.O. Box 636
                           Wilmington, Delaware 19899-0636
                           (302) 651-3000

                                   - and -

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP
                           Chris L. Dickerson, Esq.
                           333 West Wacker Drive
                           Chicago, Illinois 60606
                           (312) 407-0700

                                   - and -

                           MCGUIREWOODS LLP

                           _/s/ Douglas M. Foley_____
                           Dion W. Hayes (VSB No. 34304)
                           Douglas Foley (VSB No. 34364)
                           One James Center
                           901 E. Cary Street
                           Richmond, Virginia 23219
                           (804) 775-1000

                           Proposed Counsel for Debtors and
                           Debtors in Possession