UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------------

In re:

CIRCUIT CITY STORES, INC., *et al.*      Case No. 08-35653-KRH
                                          Jointly Administered
                    Debtors.              Chapter 11 Proceedings

------------------------------------------------------------------

**Objection to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject <u>Unexpired Leases of Nonresidential Real Property</u>**

N.P. Huntsville Limited Liability Company; Tanglewood Park LLC; Roth Tanglewood LLC; Drexel Delaware Limited Partnership; Manufacturers & Traders Trust Company, as Trustee; Myrtle Beach Farms; De Rito Pavilions 139, LLC; Cohab Realty, LLC; Kimco Realty Corp.; Chung Hee Kim (Ridgehaven Plaza Shopping Center); KRG Market Street Village, LP; International Speedway Square, Ltd.; Kite Coral Springs, LLC; The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC; 1030 W. North Ave. Bldg. LLC; CC-Investors 1995-6; Union Square Retail Trust; Gateway Center Properties III, LLC and SMR Gateway III, LLC as tenants in common, Perimeter Mall, Thoroughbred Village Tennessee, GP, Rolling Acres Plaza Shopping Center, Crossroads

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile:  (804) 697-4112

Counsel to N.P. Huntsville Limited Liability Company; Tanglewood Park LLC; Roth Tanglewood LLC; Drexel Delaware Limited Partnership; Manufacturers & Traders Trust Company, as Trustee; Myrtle Beach Farms; De Rito Pavilions 139, LLC; Cohab Realty, LLC; Kimco Realty Corp.; Chung Hee Kim (Ridgehaven Plaza Shopping Center); KRG Market Street Village, LP; International Speedway Square, Ltd.; Kite Coral Springs, LLC; The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC; 1030 W. North Ave. Bldg. LLC; CC-Investors 1995-6; Union Square Retail Trust; Gateway Center Properties III, LLC and SMR Gateway III, LLC as tenants in common, Perimeter Mall, Thoroughbred Village Tennessee, GP, Rolling Acres Plaza Shopping Center, Crossroads Shopping Center and Whitestone Development Partners, L.P.

Shopping Center and Whitestone Development Partners, L.P. (the "Objecting Landlords"), respectfully submit this objection (the "Objection") to the Debtors' Motion for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion"). In support thereof, the Objecting Landlords state the following:

**Background**

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords lease nonresidential real property to the Debtors under unexpired leases that have yet to be assumed or rejected by the Debtors. In many cases, the premises leased by the Debtors are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On November 20, 2008, the Debtors filed the Motion, seeking authority to extend the deadline set forth in Bankruptcy Code section 365(d)(4) to assume or reject leases from March 10, 2009 until June 8, 2009.

5. To support their entitlement to the relief requested in the Motion, among other things, in the Motion the Debtors represent to the Court that "the Debtors intend to remain

current on all of their post-petition rent obligations arising from and after the Petition Date for those Leases covered by the extension sought by this Motion." *See* Motion, p. 14-15. This allegation is the Debtors' basis for asserting that the requested relief "will not prejudice landlords under such Leases." *See id.*, p. 15.

6. As of the filing of this Objection, the Objecting Landlords have not been paid their stub rent for November or their rent for December, amounts as to which the Debtors assert they "intend to remain current." Accordingly, the Debtors are presently delinquent in their post-petition rent obligations.

7. Post-petition rent is an administrative expense payable timely at the rate stated in the lease. *See In re Trak Auto Corporation*, 277 B.R. 655 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004). The "stub" rent for the month in which the petition is filed is considered post-petition rent payable timely. *In re Best Products, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997).

8. A landlord's lease is in a precarious situation from the date of the filing of a bankruptcy case through entry of an order rejecting or assuming the lease. The landlord is unable to take steps to re-let the leased premises given the right of the debtor, trustee or committee of unsecured creditors to take the position, until entry of an order approving the rejection, that the lease should be assumed, or marketed, assumed and assigned, rather than rejected. The landlord is thus denied certainty through entry of an order approving either assumption or rejection of a lease. To permit the Debtors to impose upon the Landlords the additional uncertainty an extension would create when the Debtors are not, and do not presently intend to bring and keep, current on their post-petition rent obligations is inequitable and entirely inappropriate.

**Joinder**

9.   The Objecting Landlords join in all other objections filed by other landlords to the Motion to Assume to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE,** the Objecting Landlords respectfully request that this Court condition approval of the Motion upon the prompt payment of "rent" (as defined in the leases) for the period November 10 through November 30, 2008, and timely payment of all rent payment obligations thereafter, that any order approving the Motion provide an expedited procedure for any landlord who has not received such timely payment to obtain a hearing on any such failure of the Debtor seeking an order of this Court directing such payment, and that the Movants have such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: December 3, 2008 | **CHRISTIAN & BARTON, L.L.P.,**<br>**Counsel to the Objecting Landlords**<br><br>/s/ Augustus C. Epps, Jr.<br>Augustus C. Epps, Jr., Esquire (VSB 13254)<br>Michael D. Mueller, Esquire (VSB 38216)<br>Jennifer M. McLemore, Esquire (VSB 47164)<br>Noelle M. James, Esquire (VSB 76001)<br>909 East Main Street, Suite 1200<br>Richmond, Virginia 23219<br>Telephone: (804) 697-4100<br>Facsimile: (804) 697-4112<br><br>Counsel to N.P. Huntsville Limited Liability Company; Tanglewood Park LLC; Roth Tanglewood LLC; Drexel Delaware Limited Partnership; Manufacturers & Traders Trust Company, as Trustee; Myrtle Beach Farms; De Rito Pavilions 139, LLC; Cohab Realty, LLC; Kimco Realty Corp.; Chung Hee Kim (Ridgehaven Plaza Shopping Center); KRG Market Street Village, LP; International Speedway Square, Ltd.; Kite Coral Springs, LLC; The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC; 1030 W. North Ave. Bldg. |

4

LLC; CC-Investors 1995-6; Union Square Retail Trust; Gateway Center Properties III, LLC and SMR Gateway III, LLC as tenants in common, Perimeter Mall, Thoroughbred Village Tennessee, GP and Whitestone Development Partners, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

910777.1

5