IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re:                                    :        Chapter 11
                                          :
CIRCUIT CITY STORES, INC., et al.,        :        Case No. 08-35653-KRH
                                          :        Jointly Administered
            Debtors.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**OBJECTION OF MANUFACTURERS AND TRADERS TRUST COMPANY,
AS TRUSTEE, TO THE DEBTORS' MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN
WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY**

Manufacturers and Traders Trust Company, as trustee, by its attorneys, Hodgson

Russ LLP and Christian & Barton, LLP, objects to the Motion of Debtors for Order Under

Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or

Reject Unexpired Leases of Nonresidential Real Property (the "Motion") [Docket No. 290], and

hereby states as follows:

1.       Manufacturers and Traders Trust Company ("M&T") is the indenture

trustee in connection with seven pools of securitized leases (the "Securitized Leases") in which

one or more of the Debtors is the lessee in connection with Circuit City stores in shopping

centers and/or warehouses or distribution centers (the "Leased Premises").  The Securitized

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile:  (804) 697-4112

Local counsel to Manufacturers and
Traders Trust Company, as Trustee

Leases and the income stream derived from the Securitized Leases have been assigned to M&T

under certain assignments of rents and other documents, and confer upon M&T the ability to act

on behalf of the landlords.  A list of the Securitized Leases is attached hereto as Exhibit A.

2.      On November 20, 2008, the Debtors filed the Motion, seeking to extend

the time in which they may assume or reject unexpired, nonresidential leases of real property for

90 days, *i.e.,* from March 20, 2009 to June 8, 2009.  The Debtor seek this relief without prejudice

to any future extension of requests by the Debtors, should the circumstances warrant such

additional extensions beyond June 8, 2009 (Motion ¶37).

3.      Upon information and belief, one or more of the Securitized Leases have

been breached due to the Debtors' failure to make the required post-petition payment in

accordance with Bankruptcy Code §365(d)(3).

4.      Section 365(d)(3) of the U.S. Bankruptcy Code provides, in relevant part,

as follows:

> The trustee shall timely perform all the obligations of the
> debtor . . . arising from and after the order for relief under any
> unexpired lease of nonresidential real property, until such lease is
> assumed or rejected, notwithstanding section 503(b)(1) of [the U.S.
> Bankruptcy Code].

5.      Courts have repeatedly held that Section 365(d)(3) requires the timely

payment of post-petition rent as an administrative expense at the full contract rate.  *See In re*

*Trak Auto Corporation*, 277 B.R. 655 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F.3d

237 (4th Cir. 2004); *Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997); *In re*

*Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).

6.      Accordingly, the Debtors must thereby timely perform all post-petition

obligations arising under the Securitized Leases pending the assumption or rejection of the lease

under Section 365(d)(3).

7.      The Motion recognizes that "whether the lessor continues to receive post-petition rental payments" is a factor to be considered by the Court in determining whether cause exists to grant the requested extension (Motion p. 13).  However, neither the Motion nor the proposed order filed therewith offer any affirmative protection to the landlords whose leases would be in limbo until June 8, 2009, if the Motion is granted.  Instead, the Motion states only that the Debtors "intend" to "remain" current on their post-petition rent obligations under the leases covered by the Motion, and that if the Debtors do not "remain" current, the landlords can pursue their remedies.  Motion ¶¶29, 30.

8.      The Debtors' stated intention to satisfy their post-petition rent obligations as and when they become due under the leases covered by the Motion has not been realized as to the Securitized Leases.  To the contrary, upon information and belief, the Debtors have already breached one or more of the Securitized Leases and failed to comply with Section 365(d)(3).  The language of the Motion presumes that the Debtors are current on their post-petition obligations under the Securitized Leases and, upon information and belief, the Debtors are not current on those obligations.

9.      Given the Debtors' disregard of their post-petition obligations under the Securitized Leases, M&T will be prejudiced by the requested extension unless it is conditioned on the requirement that the Debtors immediately bring current all outstanding post-petition payments under the Securitized Leases and that all future post-petition payments required to be made under the Securitized Leases actually be made as and when they are due.

10.     Based on the foregoing, M&T respectfully submits that extension of the time to assume or reject the he Securitized Leases is not appropriate, absent timely performance of all obligations arising under the Securitized Leases.

11.     M&T hereby joins in the various other objections filed by landlords in opposition to the Motion to the extent applicable and not inconsistent with this objection.

12.     M&T expressly reserves all rights to assert claims under the Securitized Leases and nothing in the Extension Order should pre-determine the nature of any claims that may be asserted with respect to the Securitized Leases.

**WHEREFORE**, Manufacturers and Traders Trust Company, as indenture trustee in connection with the Securitized Leases requests that this Court enter an order sustaining this objection, reserving all rights to Manufacturers and Traders Trust Company and the landlords under the Securitized Leases, along with such other and further relief as the Court may deem just and proper.

Dated: Richmond, Virginia
           December 3, 2008

                                    Respectfully submitted,


                                    /s/ Augustus C. Epps, Jr.
                                    Augustus C. Epps, Jr., Esq. (VSB No.13254)
                                    Michael D. Mueller, Esq. (VSB No. 38216)
                                    Jennifer M. McLemore, Esq. (VSB No. 47164)
                                    Noelle M. James (VSB No. 76001)
                                    CHRISTIAN & BARTON, LLP
                                    909 East Main Street, Suite 1200
                                    Richmond, Virginia 23219
                                    Telephone: (804) 697-4100
                                    Facsimile: (804) 697-4112

                                    -and-

Garry M. Graber, Esq.
Julia S. Kreher, Esq.
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349
Email:  GGraber@HodgsonRuss.com

*Counsel for Manufacturers & Traders
    Trust Company, as Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the Court's ECF system.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

912499.1