UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------
In re:

CIRCUIT CITY STORES, INC., *et al.*    Case No. 08-35653-KRH
                                        Jointly Administered
             Debtors.                   Chapter 11 Proceedings
---------------------------------------------------------------

**Objection to Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III ) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures**

The West Campus Square Company, LLC; Amargosa Palmdale Investments, LLC; Bella Terra Associates, LLC; CC-Investors 1995-6; Union Square Retail Trust; Gateway Center Properties III, LLC and SMR Gateway III, LLC as tenants in common; Whitestone Development Partners, L.P.; Chung Hee Kim (Ridgehaven Plaza Shopping Center); (the "Objecting Landlords"), respectfully submit this objection (the "Objection") to the Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:    (804) 697-4100
Facsimile: (804) 697-4112

The West Campus Square Company, LLC;
Amargosa Palmdale Investments, LLC; Bella
Terra Associates, LLC; CC-Investors 1995-6;
Union Square Retail Trust; Gateway Center
Properties III, LLC and SMR Gateway III, LLC
as tenants in common; Whitestone Development
Partners, L.P.; Chung Hee Kim (Ridgehaven
Plaza Shopping Center); and Cohab Realty, LLC

Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "Auction Motion")  In support thereof, the Objecting Landlords state the following:

### Background

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords lease nonresidential real property to the Debtors under unexpired leases that have yet to be assumed or rejected by the Debtors. In many cases, the premises leased by the Debtors are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On November 25, 2008, the Debtors filed the Auction Motion, seeking approval of proposed auction procedures, setting a sale hearing date, and authorizing (i) the sale of nonresidential real property leases, (ii) assumption and assignment of the same, and (iii) lease rejection procedures.

**Objection**

A. **Any proposed timetable needs to provide the Objecting Landlords with Sufficient Time to Review and Assess Adequate Assurance of Future Performance Information Required by Section 365 of the Bankruptcy Code**

    5.    The Debtor's request the following timeline:

| | |
|---|---|
| December 10, 2008 | landlords object to proposed cure amounts |
| December 16, 2008 at 3 p.m. | landlords are provided with a list of potential purchasers |
| December 18, 2008 at 10:00 a.m. | auction of leases to commence |
| December 20, 2008 by 4:00 p.m. | landlords object to assumption and assignment of leases |
| December 22, 2008 | sale hearing |
| December 31, 2008 | leases that remain unassumed and unassigned are deemed rejected |

    6.    This proposed schedule is unduly burdensome to the Objecting Landlords, is unnecessarily short, inconsistent with section 365 of the Bankruptcy Code, and denies landlords due process. Notwithstanding the unreasonably short notice of the approval process for these procedures (at most four business days' notice), the notice provided by the procedures themselves seems unreasonably short (see above).

    7.    Further, hidden within these procedures is an implicit blessing by the Court of the Debtors not paying rent for any of the stores listed on Exhibit B to the Auction Motion. If those stores are not assumed and assigned pursuant to the procedures, they will not be currently paid any administrative expenses that they are due under their leases and section 365 of the Bankruptcy Code, and they will simply be rejected on December 31, 2008 and entitled to an administrative claim to be paid later. This is an inappropriate procedure and an improper result. Post-petition rental obligations are an administrative expense payable timely at the rate stated in the lease. *See In re Trak Auto Corporation*, 277 B.R. 655 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004). Further, the "stub" rent for the month in which the

3

petition is filed is considered post-petition rent also payable timely. *In re Best Products, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997). These amounts cannot go unpaid while the Debtors are auctioning off these properties. Furthermore, unbilled reconciliations that have accrued under the leases but have not yet been billed must also be paid by the Debtors. This will also be the subject of a separate objection to the Debtors' proposed Cure procedures.

8. Further, the proposed timing for providing adequate assurance of future performance is unclear, at best, and inadequate for certain. In order to satisfy the Objecting Landlords, the following documents, at a minimum, need to be provided to the Objecting Landlords by any proposed purchaser:

(a) the specific name of the proposed bidder, the proposed tenant that will act as the assignee, and the proposed name under which the assignee intends to operate the store;

(b) the potential assignee's intended use for the space;

(c) audited financial statements and annual reports for the past three (3) years, including all supplements and amendments thereto;

(d) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projection for the lease subject to the assignment request, and any financial projections, calculations and/or pro formas prepared in contemplation of purchasing the leases;

(e) all documents and other evidence of the potential assignee's retail experience and experience operating in-line stores in a shopping center; and

(f) a contact person for the proposed assignee that the Objecting Landlords may directly contact in connection with the adequate assurance of future performance.

9. The items set forth above constitute a non-exclusive list of the minimum information the Objecting Landlords will need to assess a potential assignee. Absent the provision of this information, and enough time to analyze the information, the Objecting Landlords cannot meaningfully assess the bona fides of any other proposed assignee and thus cannot provide the information for the Objecting Landlords to determine "adequate assurance of future performance" as described in section 365(b)(3) of the Bankruptcy Code. The Objecting Landlords also oppose the proposed obligation to review the bona fides from more than one set of assignees. This seems unduly burdensome as well.

10. Finally, the Objecting Landlords reserve the right to request information from an assignee in addition to what is described above, to the extent it is deemed necessary in order for the Objecting Landlords to make a decision as to whether a proposed assignee is an appropriate candidate under the requirements of Bankruptcy Code section 365, specifically including 365(b)(3)(A)-(D). Without these protections, the Objecting Landlords will be denied their statutory rights to conduct a meaningful analysis of the proposed assignees.

11. Once such adequate assurance documents are provided to the Objecting Landlords, they will need sufficient time to review it. If the Objecting Landlords do not have sufficient information (or time) to make a determination as to the proposed assignee, or if such assignee is unacceptable, the Objecting Landlords will need to object to the proposed sale and prepare for a contested evidentiary hearing. In preparation for such an evidentiary hearing, the Objecting Landlords will need to conduct expedited discovery, arrange for expert testimony, and file supplemental objections. The proposed procedures do no allow adequate time for such measures to be taken.

12. To allow the Debtors to impose the proposed schedule would "short circuit" the Objecting Landlords' opportunity to employ the protections section 365(b) of the Bankruptcy Code provides them.

**B.    Landlords Bidding on their Own Leases**

13. It is unclear from the Debtors' proposed procedures whether a landlord will be permitted to credit bid on their own leases. The Objecting Landlords should be able to bid on their own leases, and apply any unpaid arrearages under the lease toward their bid. Further, the Objecting Landlords should not have to submit a formal bid under the proposed procedures. They should be permitted to attend the auction and bid on their lease at the time it is put up for auction. Additionally, the Objecting Landlords should also be allowed to attend the auction whether or not they have submitted a bid.

**C.    Cure Issues**

14. The proposed procedures do not address the issue of the timing of cure payments that will be required to be paid as a part of any assumption and assignment of the Leases. The Debtors have provided their proposed cure amounts, but the proposed procedures lack any provision and timeline for determination of the time cure payment amounts and the time for payment of the same must be resolved. Further, as provided in section 365(b)(1)(A) of the Bankruptcy Code the Objecting Landlords must be paid all cure amounts in full prior to the assumption and assignment of any lease or promptly upon such assumption and assignment.

**D.    Abandonment**

15. The proposed procedures suggest that it is appropriate for the Debtors to abandon the leased premises with any equipment, furniture, or fixtures located at the underlying leased premises on the rejection date. This is inappropriate, as without further clarification from the

6

Debtors, Objecting Landlords will have to separately seek relief from stay to do anything with such abandoned property, as the removal may offend a secured creditor entitled to notice. Furthermore, the expenses related to the removal of such abandoned property constitute administrative expenses that must be paid by the Debtors. This treatment is not clear in the proposed procedures and should be clarified by the Debtors for the proposed procedures to be approved.

### Joinder

16. The Objecting Landlords join in all other objections filed by other landlords to the Auction Motion to the extent they are not inconsistent with this Objection.

**WHEREFORE,** the Objecting Landlords respectfully request that this Court deny the Auction Motion to the extent it is inconsistent with the Objection, and that the Objecting Landlords have such other and further relief as the Court may deem just and proper.

Dated: December 3, 2008                           **CHRISTIAN & BARTON, L.L.P.,**
                                                  **Counsel to the Objecting Landlords**


                                                  /s/ Jennifer M. McLemore
                                                  Augustus C. Epps, Jr., Esquire (VSB 13254)
                                                  Michael D. Mueller, Esquire (VSB 38216)
                                                  Jennifer M. McLemore, Esquire (VSB 47164)
                                                  Noelle M. James, Esquire (VSB 76001)
                                                  909 East Main Street, Suite 1200
                                                  Richmond, Virginia 23219
                                                  Telephone: (804) 697-4100
                                                  Facsimile: (804) 697-4112

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

912348