Jessica R. Hughes, VSB #44523
Rhett Petcher, VSB #65826
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393

Robert W. Dremluk (RD 3109)
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5269
Facsimile: (212) 218-5526

*Counsel for Amcap NorthPoint LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------- x
In re                                 :   Chapter 11
                                      :
CIRCUIT CITY STORES, INC., et al.,    :   Case No. 08-35653 (KRH)
                                      :
            Debtors.                  :   (Jointly Administered)
                                      :
------------------------------------- x

**JOINDER OF AMCAP NORTHPOINT LLC TO VENTURA IN MANHATTAN, INC., AS SUCCESSOR IN INTEREST TO MEPT REALTY LLC'S OBJECTION TO THE DEBTOR'S PROPOSED CURE AMOUNT AND MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

TO THE HONORABLE KEVIN R. HUENNEKENS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

AmCap NorthPoint LLC ("NorthPoint"), by and through its attorneys, respectfully

submits this Joinder to Ventura in Manhattan, Inc., as successor in interest to MEPT Realty

LLC's objection to the Debtor's Proposed Cure Amount and Motion for Orders Under 11 U.S.C.

§§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures [Docket No. 413] (the "Auction Motion"),[1] filed on November 26, 2008 by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").

### NorthPoint's Lease

1.  One of the Debtors is NorthPoint's tenant under a lease agreement (as it may have been amended or otherwise modified, the "Lease"), for certain retail space at 370 East Rand Road, Arlington Heights, IL 60004-3104.

### Objection

2.  The Debtors have requested, in the Auction Motion, approval of expedited bidding and auction procedures (collectively, the "Bidding Procedures") for the potential sale of certain of their unexpired nonresidential real property leases, including the Lease. As proposed, the Bidding Procedures fail to provide the stringent due process safeguards guaranteed for NorthPoint as a landlord under 11 U.S.C. § 363(e), and are also deficient for a number of other reasons discussed more fully in this section. As such, NorthPoint Objects to the Auction Motion on the grounds set forth below.

3.  The Bidding Procedures deny NorthPoint a reasonable opportunity to assess a potential purchaser because the procedures do not satisfy the heightened requirements of 11 U.S.C. § 363(b), which mandates that the Debtors provide adequate assurances of future

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Auction Motion.

2

performance under the lease. Rather, as written, the Bidding Procedures place the burden on the landlords to request information that the Debtors, by law, are required to provide.

4.      Even if the required assurance information is made available, the four-day period between the auction and the hearing to approve the sales provides an insufficient period of time for NorthPoint to evaluate any potential purchasers. Not only would this constitute a violation of NorthPoint's due process rights, but the Debtors have offered no legitimate justification for their highly accelerated and unduly burdensome schedule. At a minimum, NorthPoint should be permitted seven (7) business days from the receipt of adequate assurance information prior to any Sale Hearing in order to assess any potential purchasers.

5. The Bidding Procedures also provide insufficient clarity with respect to the types of claims eligible for credit bidding, permitting, in one instance, credit bids based upon cure claims for "prepetition rental arrears," while in another permitting credit bids based upon "pre or postpetition rental arrears." NorthPoint should be permitted to use both pre and post petition rental areas in any Credit Bid. NorthPoint should also not be required to post a Good Faith Deposit with respect to its own Lease.

6. The Auction Motion also provides no indication that an Assignee would remain subject to the remaining terms of the Lease as required by Section 365 of the Bankruptcy Code. Any assignment would need to be subject to all current Lease Terms in order to ensure that NorthPoint's rights under the Lease are protected.

7. NorthPoint also objects to any sale that is free and clear of the Debtors' obligations to satisfy unbilled reconciliations and adjustments that have accrued under the Lease prior to the assignment of the Lease, but which have not yet been billed. Rather, the Debtors or

assignee must continue to satisfy all charges due under the Lease, and should be required to cure any defaults before assumption of the Lease occurs.

8.  Finally, NorthPoint objects to the Cure Amount stated in Exhibit B of the Auction Motion, which is incorrect.

### Joinder

9.  NorthPoint also joins in the objections filed by other landlords to the Auction Motion to the extent they are not inconsistent with this Objection.

### Conclusion

**WHEREFORE**, NorthPoint respectfully request this Court respectfully requests that the Court (a) deny the Auction Motion with respect to the Lease; (b) in the alternative, incorporate into any order approving the Auction Motion and the proposed Bidding Procedures each of the clarifications and modifications NorthPoint has requested in this Objection; and (c) grant such additional relief in NorthPoint's favor as the Court deems just and appropriate.

Dated: December 3, 2008

**SEYFARTH SHAW LLP**

By: /s/ Jessica R. Hughes
Jessica R. Hughes, VSB #44523
Rhett Petcher, VSB #65826
Counsel for Amcap NorthPoint LLC
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 463-2400
Facsimile: (202) 828-5393
jhughes@seyfarth.com
rpetcher@seyfarth.com

4

<u>Of Counsel</u>
Robert W. Dremluk (RD 3109)
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5269
Facsimile: (212) 218-5526
rdremluk@seyfarth.com

# CERTIFICATE OF SERVICE

That on the 3rd day of December, 2008 I caused the foregoing Joinder of Amcap NorthPoint LLC to Ventura in Manhattan, Inc., as successor in interest to MEPT Realty LLC' objection to the Debtor's Proposed Cure Amount and Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures to be served upon the following:

| | |
|---|---|
| Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois  60601 | Bruce Matson, Esq.<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, Eighth Floor<br>Richmond, Virginia  23219 |
| Gregg Galardi, Esq.<br>Chris L. Dickerson, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, Delaware  19889 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia  23219 |
| Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia  23219 | Robert B. Van Arsdale, Esq.<br>Office of the US Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219 |
| David S. Berman, Esq.<br>Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts  02108 | |

Via priority overnight mail by depositing copies of same in properly addressed overnight envelopes, which were picked up by a representative of Federal Express at 975 F. Street, NW , Washington, D.C. 20004, and via the electronic case filing system.

By:  /s/ Jessica R. Hughes
Jessica R. Hughes, VSB #44523
Counsel for Amcap NorthPoint LLC
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C.  20004
Telephone: (202) 463-2400
Facsimile:  (202) 828-5393

jhughes@seyfarth.com