Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
Circuit City Stores, Inc.,    :   Case No. 08-35653(KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO AND IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY ON AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105,363, 365, AND 554 (I) ASSUMING AGENCY AGREEMENT AMONG THE DEBTORS, HILCO MERCHANT RESOURCES, LLC AND GORDON BROTHERS RETAIL PARTNERS, LLC, AND (II) AUTHORIZING THE DEBTORS TO CONTINUE AGENCY AGREEMENT SALES PURSUANT TO STORE CLOSING AGREEMENT**

The debtors and debtors in possession in the

1

above-captioned cases (collectively, the "Debtors"),[1] hereby submit their omnibus reply (the "Reply") to objections made by various Landlords to and in support of the Motion.[2] In support thereof, the Debtors respectfully represent:

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. Concurrently with the filing of the petitions, the Debtors filed the Motion, which, among

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Debtors' Motion for Order Pursuant to Sections 105(a), 363 365 of the Bankruptcy Code, (i) assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (ii) authorizing the Debtors to continue Agency Agreement Sales Pursuant to Store Closing Agreement filed on November 10, 2008 (Docket No. 24).

2

other things, sought assumption of the Store Closing Agreement and approval of the Sale Guidelines.

3. On November 10, 2008, this Court entered the Order (Docket No. 82), which order was corrected on November 13, 2008 (Docket No. 147; the "Order"). Pursuant to the Order, the Court approved assumption of the Store Closing Agreement and authorized the Debtors to conduct store closing sales at one hundred and fifty four (154) stores (the "Closing Stores") in accordance with the Sale Guidelines and the Order.

4. Also, pursuant to the Order, all Landlords seeking to object to the relief requested in the Motion were required to file an objection on or before November 23, 2008, at 4:00 p.m. (EST)(the "Objection Deadline").

5. The Debtors received 15 objections (collectively, the "Objections") by the various Landlords (collectively, the "Objecting Landlords").

**REPLY**

6. Generally, the Objecting Landlords assert two primary objections. First, the Objecting Landlords assert that they are entitled to the immediate payment of alleged administrative claims for rent, common area

3

maintenance (including insurance), taxes and/or other amounts (collectively, the "Stub Rent Claim") for the period from the Petition Date through November 30, 2008 (the "Stub Rent Period"). Second, the Objecting Landlords object to certain aspects of the Sale Guidelines.

       7.   For the Court's convenience, the Objections are summarized in the chart attached hereto as Exhibit A, as well as the Debtors' responses to each of the Objections.

       8.   The Agent and the Debtors have been diligently working with the Objecting Landlords to resolve their Objections.

       9.   As of the filing of this Reply, the Agent had resolved all Objections (with one exception) pertaining to the Sale Guidelines and entered into letter agreements with all but one Objecting Landlord. The Agent is continuing to work with the remaining Objecting Landlord to resolve the remaining Objection to the Sale Guidelines prior to the hearing.

       10.   Additionally, the Debtors have been working to resolve the Objecting Landlords' Stub Rent

Claims.  Currently, the Debtors have resolved one Stub Rent Claim Objection and are working with remaining Objecting Landlords to resolve their Stub Rent Claim Objections.  The Debtors will continue to work with the remaining Objecting Landlords to resolve their Objections prior to the hearing.

       11.  To the extent the Debtors are unable to resolve the remaining Stub Rent Claim Objections, the Debtors will go forward at the hearing.  In that regard, the Debtors hereby incorporate by reference the arguments set forth in the Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(a) And 503(b) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641) as if they were fully set forth herein.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court overrule the Objections, to the extent that the Objections have not been withdrawn or resolved, and grant such other and further relief as may be just and proper.

Dated: December 3, 2008
       Richmond, Virginia

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

6

**Exhibit A**

Case 08-35653-KRH    Doc 669    Filed 12/03/08    Entered 12/03/08 20:32:10    Desc Main
                    Document      Page 7 of 12

## Exhibit A

**Objections To The Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 363 And 353 (I) Assuming The Agency Agreement Among The Debtors, Hilco Merchant Resources LLC And Gordon Brothers Retail Partners LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement[1]**

**Organized by Objecting Landlord[2]**

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 1. | 228 | EklecoCo NewCo LLC ("Ekleco") | (a) Ekleco demands payment of Stub Rent. | • The Debtors are working with Eckleco to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| | | | (a) Ekleco opposes Sale Guidelines in that: (i) there should be a prohibition on any solicitation of customers outside the Premises; (ii) there should be no more than one sign in any window of the store and the signs may not take up more than 50% of the window space; (iii) any signs placed in front window must be set back at least one foot; (iv) only one interior banner no larger than 3' x 8' may be hung and it must be hung only in the rear third of the store; (v) there should be no exterior banners; (vi) total additional in-store signage must be limited to four 24" x 36" signs per 1,000 sq. ft. of store floor area; (vii) the Debtors and any agent must be required to repair any damage caused by the placement of signage; (viii) no balloons should be permitted; (ix) there should be no sign walkers, sandwich boards or street signage on mall property, immediately adjacent streets or ring roads; (x) no signs or advertisements can use the terms "bankruptcy," "bankruptcy liquidation," "lost our lease" or use similar themes; (xi) there should be no auctions; and (xii) furniture, fixture and | • Resolved. |

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] This chart reflects all objections entered on the docket as of December 3, 2003. The status of resolution of certain objections is as of December 3, 2008.

1

|   | **DOCKET NO.** | **OBJECTOR** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
|   |   |   | equipment must be removed through exists designated by Ekleco. |   |
| 2. | 249 | The Macerich Co., RREEF Management Co., Cousins Properties Inc. and Watt Management Co. ("Macerich") | (a) Macerich demands payment of Stub Rent. | • The Debtors are working with Macerich to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 3. | 258 | Inland American Retail Management LLC, Inland US Management LLC ("Inland") | (a) Inland demands payment of Stub Rent. | • The Debtors are working with Inland to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 4. | 264 | Tanglewood Park LLC, Roth Tanglewood and Luckloff Land Co. LLC ("Tanglewood") | (a) Tanglewood asserts that the Sale Guidelines should prohibit (i) exterior banners or signs other than those previously existing or allowed by the lease; (ii) balloons in or above the common areas of the Shopping Center, and above or on the exterior of the Premises; (iii) any sound generating devise which could be heard outside the Premises; (iv) solicitation of customers by the Debtors or anyone else in the common areas by any means, including, but not limited to handbills, leaflets, parked or moving trailers or automobiles with advertising material, or sandwich board or other walkers carrying advertisements, or any other person attempting to draw attention to the GOB sale. | • Resolved. |
|   |   |   | (b) Tanglewood suggests that the GOB sale should be ordered to be concluded on or about 90 days after the sale is begun. | • Resolved. |

2

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 5. | 272 | Generation One and Two LP, Cohab Realty LLC, Kimco Realty Corp., Chung Hee Kim (Ridgehaven Plaza Shopping Center), KRG Market Street Village LP, International Speedway Square Ltd., Kite Coral Springs LLC, Fishers Station Development Co. ("Generation") | (a) Generation joins the objection of Macerich, Docket No. 249, demanding payment of Stub Rent.. | • The Debtors are working with Generation to resolve this matter.  To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 6. | 279 | F.R.O. LLC IX ("FRO") | (a) FRO demands payment of Stub Rent. | • Resolved. |
| | | | (b) FRO asserts that the GOB sale must comply with terms of the Lease and applicable law. | • Resolved. |
| 7. | 292 | Pan Am Equities Inc. ("Pan Am") | (a) Pan Am demands payment of Stub Rent. | • Proposed agreement awaiting Pan Am's approval. |
| | | | (b) Pan Am objects to the Sale Guidelines that violate provisions of the lease, shopping center regulations and local ordinances. | • The Debtors are working with Pan Am to resolve this matter.  To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 8. | 293 | UTC I LLC, PrattCenter LLC and Valley Corners Shopping Center LLC ("UTC") | (a) UTC demands payment of Stub Rent. | • Proposed agreement awaiting UTC's approval. |
| | | | (b) UTC objects to the Sale Guidelines in that: (i) the Debtors should be prohibited from moving inventory from one location to another because such movement will prolong a GOB sale at a particular location or overstocking a particular store with inventory; (ii) the GOB sale should be limited to 60 days absent consent of the Landlord; (iii) balloons, sign walkers or sandwich boards or other disruptive street signage should be prohibited; (iv) auctions should be prohibited; (v) the Debtors should be required to notify the Landlord if a GOB sale is scheduled for its location. | • Resolved. |

3

| | **DOCKET NO.** | **OBJECTOR** | **SUMMARY OF OBJECTION** | **RESOLUTION, RESPONSE, OR PROPOSAL** |
|---|---|---|---|---|
| | | | (c) UTC demands express permission to file an administrative claim for any and all damages to the Premises caused by the GOB sale and the costs of removing any remaining furniture or fixtures after the sales are completed or of cleaning the Premises if they are not left in broom clean condition. | • Such costs are prepetition claims for which UTC will be paid in accordance with applicable provisions of the Bankruptcy Code. See Debtors' Omnibus Reply To Objections And In Support Of Motion Of The Debtors For Entry Of An Order Authorizing Rejection Of Unexpired Leases Of Nonresidential Real Property And Abandonment Of Personal Property Effective As Of The Petition Date Section V (incorporated herein by reference). |
| 9. | 310 | Carnegie Management and Development Corp. ("Carnegie") | (a) Carnegie joins the objection of Macerich, Docket No. 249, demanding payment of Stub Rent. | • The Debtors are working with Carnegie to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 10. | 320 | Taubman Auburn Hills Associates LP ("Taubman") | (a) Taubman joins the objection of Ekleco, Docket No. 228, demanding payment of Stub Rent. | • Proposed agreement awaiting Taubman's approval. |
| 11. | 341 | 1030 W. North Ave. Bldg. LLC ("1030") | (a) 1030 joins the objections of Macerich, Docket No. 249, Inland, Docket No. 258, and UTC, Docket No. 293, demanding payment of Stub Rent. | • The Debtors are working with 1030 to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 12. | 347 | Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors LLC, The Morris Companies Affiliates and Uniwest Commercial Realty ("Centro") | (a) Centro joins the objections of Ekleco, Docket No. 228, Macerich, Docket No. 249 and Inland, Docket No. 258., demanding payment of Stub Rent. | • The Debtors are working with Centro to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |
| 13. | 349 | M.I.A Brookhaven LLC ("MIA") | (a) MIA demands payment of Stub Rent. | • The Debtors are working with MIA to resolve this matter. To the extent the matter is not resolved, the Debtors will address this objection at the Hearing. |

4

| | DOCKET NO. | OBJECTOR | SUMMARY OF OBJECTION | RESOLUTION, RESPONSE, OR PROPOSAL |
|---|---|---|---|---|
| 14. | 405 | Hoprock Limonite LLC ("Hoprock") | (a) Hoprock joins the objections of Ekleco, Docket No. 228, Macerich, Docket No. 249 and Inland, Docket No. 258, demanding payment of Stub Rent. | • Proposed agreement awaiting Hoprock's approval. |
| 15. | 454 | OLP CCFerguson LLC and OLP CCAntioch LLC ("OLP") | (a) OLP demands payment of Stub Rent. | • OLP filed its objection on November 26, 2008, after the Objection Deadline.<br>• Proposed agreement awaiting Hoprock's approval. |

5

721883-Chicago Server 2A - MSW