Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION

- - - - - - - - - - - - - -     x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC., <u>et</u>   : Case No. 08-35653
<u>al</u>.,                            :
                                :
            Debtors.            :
                                : Jointly Administered
- - - - - - - - - - - - - -     x


          **PROPOSED AGENDA FOR THE OMNIBUS
        <u>HEARING SCHEDULED FOR DECEMBER 5, 2008</u>**

**A.    Introduction**

        Set forth below is a proposed agenda for the Omnibus Hearing
scheduled for **December 5, 2008** beginning at **10:00 a.m.** (the
"Proposed Agenda").

        The information contained in the Proposed Agenda reflects
documents received in our offices as of the date hereof. Counsel
to the Debtors have served a copy of this Proposed Agenda in
accordance with the Order Establishing Omnibus Hearing Dates and
Authorizing Certain Electronic Notice, Case Management and
Administrative Procedures (entered on November 13, 2008 at Docket
No. 130) (the "Case Management Order").

The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

    A.    Introduction

    B.    Uncontested, Agreed or Settled Matters (10 Matters)

    C.    Continued or Adjourned Matters (2 Matters)

    D.    Contested Matters (21 Matters)

**B.    Uncontested, Agreed or Settled Matters**

    1.    Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 121).

        Responses Filed:        None.

        Replies Filed:          None.

        Related Filings:        Notice of Motion and Notice of Hearing on Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 136).

        Status:                 The hearing with respect to this matter will go forward.

    2.    Application to Employ McGuireWoods LLP as Counsel for the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 329 (Docket No. 191).

        Responses Filed:        None.

        Replies Filed:          None.

        Related Filings:        Notice of Motion and Notice of Hearing on Application to Employ McGuireWoods LLP as Counsel for the Debtors (Docket No. 210).

        Status:                 The hearing with respect to this matter will go forward.

3.    Application to Employ Kirkland & Ellis LLP as Special
      Counsel for the Debtors (Docket No. 192).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Kirkland & Ellis LLP as Special
                              Counsel for the Debtors (Docket
                              No. 211).

      Status:                 The hearing with respect to this
                              matter will go forward.

4.    Application to Employ Ernst & Young LLP as Accounting
      and Tax Consultants to the Debtors (Docket No. 193).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Ernst & Young LLP as Accounting
                              and Tax Consultants to the
                              Debtors (Docket No. 212).

      Status:                 The hearing with respect to this
                              matter will go forward.

5.    Application to Employ Rothschild Inc. as Investment
      Banker and Financial Advisor to the Debtors (Docket No.
      194).

      Responses Filed:        None; provided, however, the
                              Official Committee of Unsecured
                              Creditors has until December 4,
                              2008 to file a response.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Rothschild Inc. as Investment
                              Banker and Financial Advisor to
                              the Debtors (Docket No. 213).

      Status:                 The hearing with respect to this
                              matter will go forward.

6.    Application to Employ FTI Consulting, Inc. as Financial
Advisors to the Debtors (Docket No. 195).

| | |
|---|---|
| Responses Filed: | None; provided, however, the Official Committee of Unsecured Creditors has until December 4, 2008 to file a response. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Application to Employ FTI Consulting, Inc. as Financial Advisors to the Debtors (Docket No. 214). |
| Status: | The hearing with respect to this matter will go forward. |

7.    Application to Employ Skadden, Arps, Slate, Meagher &
Flom LLP and Affiliates as Counsel to the Debtors
(Docket No. 287).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Application to Employ Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Counsel to the Debtors (Docket No. 288). |
| Status: | The hearing with respect to this matter will go forward. |

8.    Shopping.com Inc.'s Motion to File Certain Documents
Under Seal and Notice of Motion and Notice of Hearing
(Docket No. 398).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | None. |
| Status: | The hearing with respect to this matter will go forward. |

9.      Debtors' Motion for Administrative Order Under
        Bankruptcy Code Sections 105(a) and 331 Establishing
        Interim Compensation Procedures (Docket No. 409).

        Responses Filed:       None.

        Replies Filed:         None.

        Related Filings:       Notice of Motion and Notice of
                               Hearing on Debtors' Motion for
                               Administrative Order Under
                               Bankruptcy Code Sections 105(a)
                               and 331 Establishing Interim
                               Compensation Procedures (Docket
                               No. 410).

        Status:                The hearing with respect to this
                               matter will go forward.

10.     Motion to Approve Compromise under FRBP 9019 by and
        Among the Debtors and Panasonic (Docket No. 463).

        Responses Filed:       None.

        Replies Filed:         None.

        Related Filings:       Motion to Expedite Hearing on
                               Debtors' Motion for Order
                               Pursuant to Bankruptcy Code
                               Section 363 and Bankruptcy Rule
                               9019 Approving Settlement
                               Agreement By and Among the
                               Debtors and Panasonic (Docket No.
                               465);
                               and

                               Order Granting Motion to Expedite
                               Hearing (Docket No. 517).

        Status:                The hearing with respect to this
                               matter will go forward.

C.    **Continued or Adjourned Matters**

11.     Motion for Order Under 11 U.S.C. Sections 105, 362 and
        541 and Fed. R. Bankr. P. 3001 and 3002 Establishing
        Notice, Hearing, and Sell-Down Procedures for Trading
        in Equity Securities and Claims Against the Debtors'
        Estates (Docket No. 20).

        Responses Filed:       Informal response from the
                               Securities Exchange Commission;

and

Informal response from the Official
Committee of Unsecured Creditors.

Replies Filed:        None.

Related Filings:      Interim Order Under 11 U.S.C.
Sections 105, 362 And 541 And Fed.
R. Bankr. P. 3001 And 3002
Establishing Notice, Hearing, And
Sell-Down Procedures For Trading In
Equity Securities And Claims
Against The Debtors Estates And
Setting Hearing (Docket No. 135).

Status:               The Debtors have resolved the SEC's
response by modifying the order.
The Debtors are working to resolve
the Committee's response.  In the
event the Debtors are unable to
reach a resolution prior to the
hearing, pursuant to the Case
Management Order, this matter will
be continued to the December 22,
2008 Omnibus Hearing.

12.   Debtors' Motion for Interim and Final Orders Pursuant
to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal
Rules of Bankruptcy Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain PostPetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 23).

Responses Filed:      Limited Objection of Inland
Southwest Management LLC, Inland
American Retail Management LLC,
Inland US Management LLC, Inland
Pacific Property Services LLC,
Inland Commercial Property
Management, Inc. and Inland
Continental Property Management
Corp. to Debtors' Motion for
Interim and Final Orders Pursuant
to 11 U.S.C. §§ 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain PostPetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting

Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 261);

Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Kimco Realty
Corp.) (Docket No. 274);

Joinder of F.R.O., L.L.C. IX to
Inland's Limited Objection to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. §§ 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain PostPetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 281);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Docket No. 316);

Objection of Texas Ad Valorem Tax
Jurisdictions To Interim Order
And To Entry Of Final Order (1)
Authorizing Incurrence By
Debtors Of Post-Petition Secured

Indebtedness With Priority Over
All Secured Indebtedness…"(2)
Granting Liens (3) Granting Use
Of Cash Collateral…" (Docket No.
338);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedures 2002 and
4001(I) Authorizing Debtors (A)
To Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 364);

Limited Objection to Debtors'
Motion For Interim And Final
Orders Pursuant To 11 U.S.C.
Sections 105, 361, 362, 363 And
364 And Federal Rules Of
Bankruptcy Procedure 2002 And
4001 (I) Authorizing Debtors (A)
To Obtain Postpetition Financing
And (B) To Utilize Cash
Collateral; (II) Granting
Adequate Protection; And (III)
Scheduling Interim And Final
Hearings (Docket No. 418);

Objection by Arlington ISD, et
al. to Motion and Entry of Final
Order Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363, and
364 and Rules 2002, 4001 and 9014
of the Federal Rules of
Bankruptcy Procedure (i)
Authorizing Incurrence by the
Debtors of Postpetition Secured
Indebtedness with Priority over
all Secured Indebtedness and with
Administrative Superpriority,
(ii) Granting Liens, (iii)
Authorizing Use of Cash
Collateral by the Debtors
Pursuant to 11 U.S.C. Section 363
and Providing for Adequate

Protection, (iv) Modifying the
Automatic Stay (Docket No. 424);

Limited Objection by Carousel
Center Company, LP, Sangertown
Square, LLC , EklecCo NewCo, LLC
and Fingerlakes Crossing, LLC to
Entry of Final Order Pursuant to
11 U.S.C. Sections 105, 361, 362,
363, and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority Over
all Secured Indebtedness and with
Administrative Superpriority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing For
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Objecting Landlords (Docket No.
423);

Limited Objection of Navarre
Distribution Services, Inc. to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 430);

Limited Objection of Laguna
Gateway Phase 2, LP, Manteca
Stadium Park, L.P., and OTR-
Clairemont Square to DIP
Financing Motion (Docket No.
438);

Response To Motion Of Debtors For
Order Under Sections 105(A), 362,
503(B), 507(A), 546(C) And 546(H)

(I) Granting Administrative
Expense Status To Obligations
From Postpetition Delivery Of
Goods; (II) Authorizing Payment
Of Expenses In The Ordinary
Course Of Business; (III)
Authorizing Debtors To Return
Goods; And (IV) Establishing
Procedures For Reclamation
Demands (Dkt. No. 14), Interim
Order With Respect Thereto (Dkt.
No. 133), And Related
Motions/Orders (E.G. Dkt Nos. 19,
23, 78 And 107) (Docket No. 447);

Limited Objection of Centro
Properties Group, Federal Realty
Investment Trust, Cencor Realty,
The Hutensky Group, UBS Realty
Investors, LLC The Morris
Companies Affiliates and Uniwest
Commercial Realty to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 452);

Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 468);

Limited Objection of the Macerich
Company, RREEF Management

Company, Cousins Properties
Incorporated, Watt Management
Company, the Prudential Insurance
Company of America, Portland
Investment Company, and KNP to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 489);

Local Texas Tax Authorities'
Objection to Interim and to Entry
of  Final Order (1) Authorizing
Incurrence by Debtors of Post-
Petition Secured Indebtedness
with Priority over all Secured
Indebtedness... 2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 490);

Amended Objection of Texas Ad
Valorem Tax Jurisdictions to
Interim and to Entry of Final
Order (1) Authorizing Incurrence
by Debtors of Post-Petition
Secured Indebtedness with
Priority over all Secured
Indebtedness...(2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 498);

Limited Objection of Directv,
Inc. to Entry on a Final Basis of
Interim Order Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (I)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority over
all secured indebtedness and with
administrative Superpriority, (2)
Granting Liens, (3) Authorizing

the Use of Cash Collateral by the
Debtors' Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection (4) Modifying
the Automatic Stay and
(5)Scheduling a Final Hearing
(Docket No. 503);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 535);

Joinder of Basile Limited
Liability Company to Limited
Objections of Inland Southwest
Management, LLC and Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 536);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing

and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 537);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 542);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.

Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 560);
and

Joinder Of Certain Landlords To
The Limited Objection Of The
Macerich Company, Rreef
Management Company, Cousins
Properties Incorporated, Watt
Management Company, The
Prudential Insurance Company Of
America, Portland Investment
Company And KNP To The Debtors'
Motion For Interim And Final
Orders Pursuant To 11 U.S.C. §
105, 361, 362, 363 And 364 And
Federal Rules Of Bankruptcy
Procedure 2002 And 4001 (I)
Authorizing Debtors (A) To Obtain
Postpetition Financing And (B) To
Utilize Cash Collateral; (II)
Granting Adequate Protection;
And (III) Scheduling Interim and
Final Hearings [Docket No. 489]
(Docket No. 661).

| | |
|---|---|
| Replies Filed: | None. |
| Related Filings: | Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); Motion to Authorize Filing Certain Documents Under Seal (Docket No. 27); |

Interim Order Pursuant to 11
U.S.C. §§ 105, 361, 362, 363 and
364 and Rules 2002, 4001 and 9014
of the Federal Rules of
Bankruptcy Procedure (I)
Authorizing Incurrence by the
Debtors of PostPetition Secured
Indebtedness with Priority Over
all Secured Indebtedness and with
Administrative Superpriority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.

Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 78);

Notice of Filing of Motion and
Entry of Interim Order Pursuant
to 11 U.S.C. Sections 105, 361,
362, 363 and 364 and Rules 2002,
4001 and 9014 of the Federal
Rules of Bankruptcy Procedure:
(i) Authorizing Incurrence by the
Debtors of Postpetition Secured
Indebtedness with Priority Over
All Secured Indebtedness and With
Administrative Superpriority,
(ii) Granting Liens, (iii)
Authorizing Use of Cash
Collateral by the Debtors
Pursuant to 11 U.S.C. Section 363
and Providing For Adequate
Protection, (iv) Modifying the
Automatic Stay and (v) Scheduling
a Final Hearing (Docket No. 100);
and

Notice of Filing of Executed DIP
Credit Agreements (Docket No.
425).

Status:          Pursuant to the Case Management
                 Order, this matter will be
                 continued to the December 22,
                 2008 Omnibus Hearing.

**D.   Contested Matters**

13.  Debtors' Motion For Order Pursuant to Bankruptcy Code
     Sections 105(A), 363, 507(A), 541, 1107(A) and 1108 and
     Bankruptcy Rule 6003 Authorizing Debtors to Pay
     Prepetition Wages, Compensation, and Employee Benefits
     (Docket No. 6).

     Responses Filed:     Limited Objection of the Official
                          Committee of Creditors Holding
                          Unsecured Claims to Certain First
                          Day Order (Court Docket Numbers
                          80, 82, 110, 112, 129,
                          132)(Docket No. 455); and

                          Objection of the Official

Committee of Creditors Holding Unsecured Claims to the Payment to WARN Employees Under the Debtor's Motion for Order and Order Pursuant to Bankruptcy Code Sections 105(A), 363, 507(A), 541, 1107(A) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation and Employee Benefits (Docket No. 459).

Replies Filed:          None.

Related Filings:        Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); and

Order Granting Motion to Authorize Debtors to Pay Prepetition Wages, Compensation and Employee Benefits (Docket No. 80).

Status:                 The hearing with respect to this matter will go forward.

14.   Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(A), 506(A), 507(A)(8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations (Docket No. 7).

Responses Filed:        Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132)(Docket No. 455).

Replies Filed:          None.

Related Filings:        Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); and

Order Granting Motion to Authorize Pursuant to Bankruptcy

|  |  | Code Sect, 105 (a), 506 (a), 507 (a) (8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations (Docket No. 110). |
|--|--|--|
|  | Status: | The hearing with respect to this matter will go forward. |

15. Motion of Debtors for Order Under Bankruptcy Code Sections 105(A), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance Of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 8).

    Responses Filed:    Emergency Motion to Reconsider and for Vacatur of Order (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 262);

    Emergency Motion to Expedite Hearing or Set Status Conference (Docket No. 266);

    Motion by Accent Energy California LLC for Additional Adequate Protection Pursuant to Bankruptcy Code Section 366 in Lieu of Blocked Account (Docket No. 435); and

    Request for Adequate Assurance, Request for Additional Adequate Assurance and Objection to Debtors' Proposed Adequate

Assurance (Docket No. 525).

Replies Filed:        None.

Related Filings:      Order Under Bankruptcy Code
                      Sections 105(a), 363, and 366,
                      and Bankruptcy Rule 6003 (I)
                      Approving Debtors' Adequate
                      Assurance of Payment, (II)
                      Establishing Procedures for
                      Resolving Requests by Utility
                      Companies for Additional
                      Assurance of Payment, (III)
                      Scheduling a Hearing With Respect
                      to Contested Adequate Assurance
                      of Payment Requests, and (IV)
                      Authorizing Debtors to Pay Claims
                      of a Third Party Vendor (Docket
                      No. 117);

                      Notice of Depositions and Request
                      for Production of Documents
                      (Docket No. 269);
                      and

                      Notice of Appeal (filed by
                      Florida Power & Light Company,
                      Potomac Electric Power Company,
                      Demarva Power & Light Company,
                      Atlantic City Electric Company,
                      Alabama Power Company and Central
                      Main Power Company (Docket No.
                      355).

Status:               The Motion for Reconsideration
                      and related requests have been
                      resolved by an amended order,
                      which will be filed with the
                      Court.  Accent Energy California
                      LLC's Request for Additional
                      Adequate Protection (Docket No.
                      435) has been continued by
                      agreement to the December 22,
                      2008 Omnibus Hearing. The hearing
                      with respect to this matter will
                      go forward.

16.   Debtors' Motion For Order Pursuant to Bankruptcy Code
      Sections 105, 362(B), 363, 503(B), 506, 546(B), 1107(A)
      and 1108 and Bankruptcy Rule 6003 Authorizing Payment
      of Certain Prepetition Shipping and Delivery Charges
      (Docket No. 10).

Responses Filed:          Limited Objection of the Official
                          Committee of Creditors Holding
                          Unsecured Claims to Certain First
                          Day Order (Court Docket Numbers
                          80, 82, 110, 112, 129, 132)
                          (Docket No. 455).

Replies Filed:            None.

Related Filings:          Order Granting Motion to
                          Authorize Pursuant to Bankruptcy
                          Code Sect. 105, 363, 503 (b),
                          506, 546, 1107 (a) and 1108 and
                          Bankruptcy Rule 6003 Authorizing
                          Payment of Certain Prepetition
                          Shipping and Delivery Charges
                          (Docket No. 112).

Status:                   The hearing with respect to this
                          matter will go forward.

17.   Debtors' Motion for Order Pursuant to Bankruptcy Code
      Sections 105(A), 362(B), 506, 546(B), 1107(A), 1108 and
      1129 And Bankruptcy Rule 6003 Authorizing Payment of
      Contractors in Satisfaction of Liens (Docket No. 11).

Responses Filed:          Limited Objection of the Official
                          Committee of Creditors Holding
                          Unsecured Claims to Certain First
                          Day Order (Court Docket Numbers
                          80, 82, 110, 112, 129, 132)
                          (Docket No. 455).

Replies Filed:            None.

Related Filings:          Interim Order Pursuant To
                          Bankruptcy Code Sections
                          105(A),362(B), 506, 546(B),
                          1107(A), 1108 And 1129 And
                          Bankruptcy Rule 6003 Authorizing
                          Payment Of Contractors In
                          Satisfaction Of Liens Order
                          Setting Hearing (Docket No. 129).

Status:                   The hearing with respect to this
                          matter will go forward.

18.   Motion of Debtors for Order Pursuant to Bankruptcy Code
      Sections 105, 363, 1107(A) and 1108, and Bankruptcy
      Rule 6003 Authorizing Debtors to Pay Prepetition Claims

of Certain Foreign Vendors and Service Providers
(Docket No. 12).

| | |
|---|---|
| Responses Filed: | Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132) (Docket No. 455). |
| Replies Filed: | None. |
| Related Filings: | Interim Order Pursuant To Bankruptcy Code Sections 105, 363, 1107(A) and 1108, and Bankruptcy Rule 6003 Authorizing Debtors To Pay Prepetition Claims Of Certain Foreign Vendors And Service Providers (Docket No. 132). |
| Status: | The hearing with respect to this matter will go forward. |

19.  Motion of Debtors for Order Under Bankruptcy Code Sections 105(A), 362, 503(B), 507(A), 546(C), and 546(H) I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands (Docket No. 14).

| | |
|---|---|
| Responses Filed: | Objection of Warner Home Video to Order Under Bankruptcy Code Sections 105(A), 362, 503(B), 507(A), 546(C), And 546(H) (I) Granting Administrative Expense Status To Obligations From Postpetition Delivery Of Goods; (II) Authorizing Payment Of Expenses In The Ordinary Course Of Business; (III) Authorizing Debtors To Return Goods; And (IV) Establishing Procedures For Reclamation Demands (Docket No. 448); |
| | Limited Opposition to Debtors for Order Under Bankruptcy Code Sections 105(A), 362, 503(B), 507(A), 546(C), and 546(H) (I) |

Granting Administrative Expense
Status to Obligations from
Postpetition Delivery of Goods;
(II) Authorizing Payment of
Expenses in the Ordinary Course
of Business; (III) Authorizing
Debtors to Return Goods; and (IV)
Establishing Procedures for
Reclamation Demands (Alliance
Entertainment LLC and Source
Interlink Media, LLC (Docket No.
500);
and

Lumisource, Inc.'s Objection to
Order Establishing Procedures for
Reclamation Demands and Joinder
in Objection of Other Reclaiming
Vendors (Docket No. 504).

Replies Filed:        Debtors' Omnibus Reply To
Objections And In Support Of
Motion Of Debtors For Order Under
Bankruptcy Code Sections 105(A),
362, 503(B), 507(A), 546(C), And
546(H) (I) Granting
Administrative Expense Status To
Obligations From Postpetition
Delivery Of Goods; (II)
Authorizing Payment Of Expenses
In The Ordinary Course Of
Business; (III) Authorizing
Debtors To Return Goods; And (Iv)
Establishing Procedures For
Reclamation Demands (Docket No.
656).

Related Filings:      Interim Order Under Bankruptcy
Code Sections 105(A), 362,
503(B), 507(A), 546(C), And
546(H) (I) Granting
Administrative Expense Status To
Obligations From Postpetition
Delivery Of Goods; (II)
Authorizing Payment Of Expenses
In The Ordinary Course Of
Business; (III) Authorizing
Debtors To return Goods; And (IV)
Establishing Procedures For
Reclamation Demands and Setting
Hearing (Docket No. 133).

Status:                     The hearing with respect to this
                            matter will go forward.

20.    Debtors' Motion for Order Pursuant to 11 U.S.C. §§
       105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006
       Authorizing Rejection of Unexpired Leases of
       Nonresidential Real Property and Abandonment of
       Personal Property Effective as of the Petition Date
       (Docket No. 21).

       Responses Filed:            Objection by Landover Crossing,
                                   LLC to Order Pursuant to 11
                                   U.S.C. §§ 105(a), 365(a) and 554
                                   and Fed. R. Bankr. P. 6006
                                   Authorizing Rejection of
                                   Unexpired Leases of
                                   Nonresidential Real Property and
                                   Abandonment of Personal Property
                                   Effective as of the Petition Date
                                   (Docket No. 229);

                                   Objection by Cardinal Capital
                                   Partners, Inc. and Affiliate to
                                   Debtors' Motion to Reject Certain
                                   Unexpired Leases of
                                   Nonresidential Real Property and
                                   the Order Granting that Motion
                                   (Docket No. 246);

                                   Objection by the Balogh Companies
                                   and Certain Affiliates to
                                   Debtors' Motion to Reject Certain
                                   Unexpired Leases of
                                   Nonresidential Real Property and
                                   the Order Granting that Motion
                                   (Docket No. 247);

                                   Objection by The Leben Family
                                   Limited Partnership to the Order
                                   Pursuant to 11 U.S.C. §§ 105(a),
                                   365(a) and 554 and Fed. R. Bankr.
                                   P. 6006 Authorizing Rejection of
                                   Unexpired Leases of
                                   Nonresidential Real Property and
                                   Abandonment of Personal Property
                                   Effective as of the Petition Date
                                   (Docket No. 255);

                                   Objection of Inland US Management
                                   LLC to Order Pursuant to 11
                                   U.S.C. §§ 105(a), 365(a) and 554
                                   and Fed. R. Bankr. P. 6006

Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 256);

Limited Objection of CK Richmond
Business Services #2 Limited
Liability Company to the Debtors'
Motion to Reject Certain
Unexpired Leases of
Nonresidential Real Property and
the Order Granting that Motion
(Docket No. 257);

Objection of Inland Commercial
Property Management, Inc. to
Order Pursuant to 11 U.S.C. §§
105(a), 365(a) and 554 and Fed.
R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 259);

Objection of Carrollton Arms, LLC
to the Debtors' Motion to Reject
Leases and Abandon Personal
Property (Docket No. 260);

Objection of Premier Retail
Interiors, Inc., as Successor in
Interest to Quantum Fine
Casework, Inc. to Order Pursuant
to 11 U.S.C. §§ 105(a), 365(a)
and 554 and Fed. R. Bankr. P.
6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 271);

Limited Objection by Dick's
Sporting Goods, Inc. to Order
Pursuant to 11 U.S.C. §§ 105(a),
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and

Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 275);

Limited Objection by Golf Galaxy,
Inc. to Order Pursuant to 11
U.S.C. §§ 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 277);

Objection By OLP 6609 Grand, LLC
to the Debtors Motion To Reject
Certain Unexpired Leases Of
Nonresidential Real Property
(Docket No. 342);

Objection of Dollar Tree Stores,
Inc. to the Order Pursuant to 11
U.S.C. Sections 105(A), and 554
and Fed. R. Bankr. P. 6006
Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 351);

Joinder of Landlord, 120 Orchard,
427 Orchard LLC and FT Orchard
LLC in Limited Objection to Order
Pursuant to 11 U.S.C. §§ 105(a),
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 354);

Limited Objection by Melvin
Walton Hone, as Trustee of the
Hone Family Trust to Order
Pursuant to 11 U.S.C. Sections
105(a), 365(a) and 554 of Fed. R.
Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases and
Subleases of Non-Residential Real

Property and Abandonment of
Personal Property Effective as of
the Petition Date (Docket No.
368);

Objection Bond C.C. I Delaware
Business Trust's Objection to
Debtors' Motion for Order
Pursuant to 11 U.S.C. Sections
105(a), 365(a) and 554 and Fed.
R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
and Order Granting Requested
Relief (Docket No. 378);

Amended Objection to Motion and
Order Pursuant to 11 U.S.C.
Sections 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
(Docket No. 437);

Amended Objection to Debtors'
Motion for Order Pursuant to
Bankruptcy Code Sections 105,
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases and of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 530);

Joinder in Objections of
Manufacturers and Traders Trust
Company to the Debtors' Motion to
Reject Certain Unexpired Leases
of Nonresidential Real Property
as of the Petition Date and the
Order Granting That Motion
Pursuant to 11 U.S.C. Sections
105(a), 365 (a) and 554 and Fed.
R. Bankr. P. 6006 (Docket No.
574);
and

Objection and Joinder In
Objections Of Manufacturers And
Traders Trust Company To The
Debtors' Motion to Reject Certain

<table>
<tr><td></td><td>Unexpired Leases Of Nonresidential Real Property As Of The Petition Date And The Order Granting That Motion Pursuant To 11 U.S.C. Sections 105(A), 365(A) And 554 And Fed. R. Bankr. P. 6006 (Docket No. 576).</td></tr>
<tr><td>Replies Filed:</td><td>Omnibus Reply by the Debtors to Objections and in Support of Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of Petition Date (Docket No. 664).</td></tr>
<tr><td>Related Filings:</td><td>Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 81)</td></tr>
<tr><td>Status:</td><td>The hearing with respect to this matter will go forward.</td></tr>
</table>

21. Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 24).

<table>
<tr><td>Responses Filed:</td><td>Limited Objection by EklecCo NewCo, LLC to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors</td></tr>
</table>

to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 228);

Limited Objection of the Macerich
Company, Breef Management
Company, Cousins Properties
Incorporated, and Watt Management
Company to the Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 249);

Objection of Inland American
Retail Management LLC and Inland
US Management LLC to Motion of
the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 258);

Limited Objection of Tanglewood
Park, LLC, Roth Tanglewood, LLC
and Luckoff Land Company, LLC as
Tenants in Common to Relief
Granted in the Order Granting
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 264);

Limited Objection by Generation
One and Two, LP; Cohab Realty,
LLC; Kimco Realty Corp.; Chung
Hee Kim (Ridgehaven Plaza
Shopping Center); KRG Market
Street Village, LP; International
Speedway Square, Ltd; Kite Coral
Springs, LLC; and Fishers Station
Development Co. to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 272);

Objection by Generation One and
Two, LP; Cohab Realty, LLC; Kimco
Realty Corp.; Chung Hee Kim
(Ridgehaven Plaza Shopping
Center)to Debtors' Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement; CC-Investors 1995-6;
Union Square Retail Trust;
Gateway  Center Properties III,
LLC and SMR Gateway III, LLC as
tenants in common; Whitestone
Development Partners, LP; KRG
Market Street Village, LP;
International Speedway Square,
Ltd; Kite Coral Springs, LLC; and
Fishers Station Development Co.)
(Docket No. 276);

Limited Objections of F.R.O.,
L.L.C. IX to Motion of the
Debtors for Entry of Order

Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 279);

Limited Objection of Pan Am to
Debtor's Motion to Assume Agency
Agreement (Docket No. 292);

Limited Objection by UTC I, LLC;
PrattCenter, LLC; and Valley
Corners Shopping Center, LLC to
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 293);

Limited Objection of Carnegie
Management and Development
Corporation to the Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 310);

Taubman Auburn Hills Associates
Limited Partnership's Joinder in
the Limited Objection of Eklecco
NewCo, LLC to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)

Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 320);

Objection of 1030 W. North Ave. Bldg. LLC to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 341);

Joinder of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC, The Morris Companies Affiliates and Uniwest Commercial Realty in Objections of Certain Landlords to the Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 347);

Objection to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors

to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (M.I.A. Brookhaven,
LLC) (Docket No. 349);

Amended Limited Objection of
Hoprock Limonite, LLC to the
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 405);

Objection of OLP CCFerguson, LLC
and OLP CCantioch, LLC to Motion
of the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 454);

Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129, 132)
(Docket No. 455);

Objection Of Simvest Real Estate
II, LLC, Landlord Of Store No.
238, to Motion of The Debtors For
Entry Of Order Pursuant To
Bankruptcy Code Sections 105, 363
And 365 (I) Assuming The Agency
Agreement Among The Debtors,
Hilco Merchant Resources, LLC And
Gordon Brothers Retail Partners,
LLC, And (II) Authorizing The
Debtors To Continue Agency
Agreement Sales Pursuant To Store

Closing Agreement (Docket No. 612); and

Amended Limited Objection of Mallview Plaza Company Ltd. to The Motion Of The Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The Agency Agreement Among The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers Retail Partners, LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (Docket No. 621).

Replies Filed:            Omnibus Reply by the Debtors to Objections to and in Support of Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 363, 365 and 554 (I) Assuming Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 669).

Related Filings:          Order Granting Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 82); and

Corrected Order Granting Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement

among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 147).

Status:    As set forth in the Reply, the Debtors are currently working to resolve the objections. The Debtors will file an amended and blackline order with the Court. The hearing with respect to this matter will go forward.

22.  Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)(Docket No. 290).

Responses Filed:    Limited Objection by Cencor Realty, Centro Properties Group, Federal Realty Investment Trust, The Hutensky Group, The Morris Companies Affiliates, UBS Realty Investors, LLC, Uniwest Commercial Realty. to Debtors' Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)(Docket No. 578);

Limited Objection by 502-12 86th Street LLC to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 588);

Limited Objection by Woodlawn Trustees Incorporated to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of

Nonresidential Property (Docket
No. 589);

Limited Objection by Basile
Limited Liability Company to
Motion of Debtors for Order Under
Bankrutpcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Property (Docket
No. 590);

Limited Objection of Bear Valley
Road Partners LLC, Laguna Gateway
Phase 2, LP, Manteca Stadium
Park, L.P., and OTR-Clairemont
Square to Motion of Debtors for
Order Under Bankruptcy Code Sec.
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 594);

Objection of The Macerich
Company, RREEF Management
Company, Cousins Properties
Incorporated, Watt Management
Company, The Prudential Insurance
Company of America, Portaland
Investment Company, and KNP to
the Motion of Debtors for Order
Under Bankruptcy Code Section
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Docket No. 595);

Objection of Ricmac Equities
Corporation to Motion of Debtors
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 597);

Limited Objection of Inland
Southwest Management LLC, Inland
American Retail Management LLC,

Inland US Management LLC, Inland
Pacific Property Services LLC,
Inland Commercial Property
Management, Inc., and Inland
Continental Property Management
Corp. to Motion of Debtors for
Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 605);

Objection by Carousel Center
Company, L.P., Charlotte
(Archdale) UY, LLC, EklecCo
NewCo, LLC, Fingerlakes Crossing,
LLC, Sangertown Square, L.L.C. to
Motion Pursuant to Section
365(d)(4) of the Bankruptcy Code
to Extend the Period Within Which
The Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 606);

Objection Of Certain Landlords to
Motion Of The Debtors For Order
Under Bankruptcy Code Section
365(D)(4) Extending The Time
Which Debtors May Assume Or
Reject Unexpired Leases Of Non-
Residential Real Property (Docket
No. 607);

Limited Objection by Altamonte
Springs Real Estate Associates,
LLC to Debtors' Motion for Order
Under Bankruptcy Code Section
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 608);

Objection of GMS Golden Valley
Ranch, LLC to Motion of Debtors
for Order Under Bankruptcy Code
Sec. 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of

Nonresidential Real Property
(Docket No. 611);

Limited Objection by Madison
Waldorf, LLC to Motion of Debtors
for Order Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Property (Docket
No. 614);

Limited Objection by Tysons 3,
LLC to Motion of Debtors for
Order Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Property (Docket
No. 615);

Objection by Chino South Retail
PG, LLC to Motion of the Debtors
for Order Under Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
NonResidential Real Property
(Docket No. 618);

Limited Objection by Archon
Group, L.P. to Motion of Debtors
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 619);

Objection by Sacco of Maine, LLC
to the Motion of the Debtors for
an Order Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of Non-
Residential Real Property (Docket
No. 622);

Objection by Panattoni
Development Company, Inc. as
Agent for EPC Denton Gateway, LLC
to (I) Motion of the Debtors For
Order Under Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject

Unexpired Leases on
NonResidential Real Property and
(II) Request To Compel Compliance
With Obligations Under Section
365(d)(3)(Docket No. 623);

Objection by First Industrial
Realty Trust, Inc. to Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 624);

Objection by AmCap Arborland LLC,
AmCap NorthPoint LLC, Arboretum
of South Barrington, LLC,
Eatontown Commons Shopping Center
to Motion to Extend Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Pursuant to Bankruptcy Code
Section 365(d)(4)(Docket No.
625);

Objection by Ray Mucci's Inc. to
Debtors' Motion for Order Under
Bankrutpcy Code Section 365(d)(4)
Extending Time Within which
Debtors May Assume Or Reject
Unexpired Leases of
Nonresidential Real Property and
Cross-Motion to Compel Payment of
Rent (Docket No. 627);

Panattoni Northglenn's (I)
Objections To Motion Of The
Debtors For Order Under Section
365(D)(4) Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property And
(II) Request To Compel Compliance
With Obligations Under Section
365(D)(3)(Docket No. 630);

Simon Property Group, Inc.'s
Limited Objection To Motion Of
Debtor For Order Under Bankruptcy

Code Section 365(D)(4) Extending
The Time Within Which Debtors May
Assume Or Reject Unexpired Leases
Of Nonresidential Real Property
(Docket No. 632);

Limited Objection of the Greater
Orlando Aviation Authority to
Debtors' Motion for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 633);

Objections Of Raymond & Main
Retail, LLC To Motion Of The
Debtors For Order Under Section
365(D)(4)Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 634);

Limited Objection Of Developers
Diversified Realty Corporation,
General Growth Properties, Inc.,
Weingarten Realty Investors,
Basser-Kaufman, Inc., Regency
Centers, L.P., The Woodmont
Company, Jones Lang Lasalle
Americas, Inc., Philips
International Holding Corp., Wec
99a-2 Llc, Ashkenazy Management
Corp., And The Macnaughton Group
To The Motion Of Debtors For
Order Under Bankruptcy Code
Section 365(D)(4) Extending Time
Within Which Debtors May Assume
Or Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 636);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of

Nonresidential Real Property
(Docket No. 644);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Asume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 657);

Objection by Crossroads Shopping
Center, Rolling Acres Plaza
Shopping Center, Thoroughbred
Village Tennessee, GP, Perimeter
Mall, The West Campus Square
Company, LLC, De Rito Pavilions
139, LLC, Myrtle Beach Farms,
Drexel Delaware Limited
Partnership, Roth Tanglewood LLC,
Tanglewood Park LLC, N.P.
Huntsville Limited Liability
Company, 1030 W. North Ave. Bldg.
LLC, Amargosa Palmdale
Investments, LLC, Bella Terra
Associates, LLC, CC-Investors
1995-6, Chung Hee Kim (Ridgehaven
Plaza Shopping Center), Cohab
Realty, LLC, Gateway Center
Properties III, LLC and SMR
Gateway III, LLC as tenants in
common, International Speedway
Square, Ltd., KRG Market Street
Village, LP, Kimco Realty
Corporation, Kite Coral Springs,
LLC, Manufacturers & Traders
Trust Company, as Trustee, Union
Square Retail Trust, Whitestone
Development Partners, L.P. to
Motion of Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 659);

Objection Of Manufacturers and
Traders Trust Company, As
Trustee, To The Debtors' Motion

For Orders Under 11 U.S.C.
Sections 105, 363 And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures Docket No.
660);
and

Objection of Manufacturers and
Traders Trust Company, as
Trustee, to the Debtors' Motion
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 662).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of
                        Hearing on Debtors' Motion to
                        Extend Time Within Which Debtors
                        May Assume or Reject Unexpired
                        Leases of Nonresidential Real
                        Property Pursuant to Bankruptcy
                        Code Section 365(d)(4)(Docket No.
                        291).

Status:                 The hearing with respect to this
                        matter will go forward.

23.  Motion of Burbank Mall Associates, LLC for an Order
     Compelling Payment of Post-Petition Rent Pursuant to 11
     U.S.C. § 365(d)(3)(Docket No. 296).

     Responses Filed:    Debtors' Omnibus Objection To The
                         Motions Pursuant To 11 U.S.C. §§
                         365(A) And 503(B) To Compel
                         Allowance And Payment Of Post-
                         Petition Rental Obligations As

Administrative Expenses (Docket No. 641).

Replies Filed:      None.

Related Filings     Notice of Hearing on Motion to Compel the Payment of Post-Petition Rent Pursuant to 11 U.S.C. 365(d)(3)(Docket No. 297).

Status:             The hearing with respect to this matter will go forward.

24.  Motion of Crown CCI, LLC for an Order Compelling Payment of Post-Petition Rent and Post-Petition Taxes Pursuant to 11 U.S.C. § 365(d)(3)(Docket No. 298).

Responses Filed:    Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641).

Replies Filed:      None.

Related Filings:    Notice of Motion and Notice of Hearing (Docket No. 299); and Amended Motion of Crown CCI, LLC for an Order Compelling Payment of Post-Petition Rent and Post-Petition Taxes Pursuant to 11 U.S.C. § 365(d)(3)(Docket No. 333).

Status:             The hearing with respect to this matter will go forward.

25.  Motion by Woodlawn Trustees, Incorporated for an Order A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and (B) Granting Related Relief and Supporting Memorandum (Docket No. 390).

Responses Filed:    Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641).

Replies Filed:          None.

Related Filings:        Notice of Hearing and Notice of
                        Motion (Docket No. 391).

Status:                 The hearing with respect to this
                        matter will go forward.

26.  Motion by 502-12 86th Street LLC for an Order (A)
     Compelling Debtor to Immediately Pay Administrative
     Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
     (B) Granting Related Relief and Supporting Memorandum
     (Docket No. 396).

Responses Filed:        Debtors' Omnibus Objection To The
                        Motions Pursuant To 11 U.S.C. §§
                        365(A) And 503(B) To Compel
                        Allowance And Payment Of Post-
                        Petition Rental Obligations As
                        Administrative Expenses (Docket
                        No. 641).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of
                        Hearing (Docket No. 397).

Status:                 The hearing with respect to this
                        matter will go forward.

27.  Motion of Shopping.com for (1) Adequate Assurance of
     Payment, (2) Confirmation that all Post-Petition
     Services Provided to the Debtors by Shopping.com Shall
     be Treated as Allowed Administrative Claims or,
     Alternatively (3) in Failing to Provide Such Relief,
     Granting Shopping.com Immediate Relief from Stay to
     Cease Providing any Services to Debtors and Notice of
     Motion and Notice of Hearing (Docket No. 399).

Responses Filed:        The Debtors have an extension
                        until December 4, 2008 to file a
                        response.

Replies Filed:          None.

Related Filings:        None.

Status:                 The hearing with respect to this
                        matter will go forward.

28.    Motion by Basile Limited Liability Company for an Order
       (A) Compelling Debtor to Immediately Pay Administrative
       Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
       (B) Granting Related Relief and Supporting Memorandum
       (Docket No. 403).

       Responses Filed:        Debtors' Omnibus Objection To The
                               Motions Pursuant To 11 U.S.C. §§
                               365(A) And 503(B) To Compel
                               Allowance And Payment Of Post-
                               Petition Rental Obligations As
                               Administrative Expenses (Docket
                               No. 641).

       Replies Filed:          None.

       Related Filings:        Notice of Motion and Notice of
                               Hearing (Docket No. 404).

       Status:                 The hearing with respect to this
                               matter will go forward.

29.    Supplemental Motion of the Debtors for Order Pursuant
       to Bankruptcy Code Sections 105(A), 506(a), 507(a)(8),
       541, and 1129 Authorizing the Debtors to Pay
       Prepetition Sales, Use, Trust Fund and Other Taxes and
       Related Obligations (Docket No. 407).

       Responses Filed:        Objection by Objection to
                               Supplemental Motion of Debtors
                               For Order Authorizing The Debtors
                               To Pay Prepetition Sales, Use,
                               Trust Fund and Other Taxes and
                               Related Obligations to
                               Supplemental Motion of Debtors
                               For Order Authorizing The Debtors
                               To Pay Prepetition Sales, Use,
                               Trust Fund and Other Taxes and
                               Related Obligations (Docket No.
                               620).

       Replies Filed:          None.

       Related Filings:        Motion of the Debtors for Order
                               Pursuant to Bankruptcy Code
                               Sections 105(A), 506(A),
                               507(A)(8), 541, and 1129 and
                               Bankruptcy Rule 6003 Authorizing
                               the Debtors to Pay Prepetition
                               Sales, Use, Trust Fund and Other
                               Taxes and Related Obligations
                               (Docket No. 7);

Order Granting Motion to
Authorize Pursuant to Bankruptcy
Code Sect, 105 (a), 506 (a), 507
(a) (8), 541, and 1129 and
Bankruptcy Rule 6003 Authorizing
the Debtors to Pay Prepetiton
Sales, Use, Trust Fund and Other
Taxes and Related Obligations
(Docket No. 110);
and

Notice of Motion and Notice of
Hearing on Supplemental Motion of
the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(A),
506(a), 507(a)(8), 541, and 1129
Authorizing the Debtors to Pay
Prepetition Sales, Use, Trust
Fund and Other Taxes and Related
Obligations (Docket No. 408).

Status:            The hearing with respect to this
                   matter will go forward.

30.    Motion of Debtors for Order Pursuant to Bankruptcy Code
       Sections 105 and 502, and Bankruptcy Rule 2002,
       3003(c)(3), and 9007 (i) Setting General Bar Date and
       Procedures for Filing Proofs of Claim, and (ii)
       Approving Form and Manner of Notice Thereof (Docket No.
       411).

       Responses Filed:     Objection of the Texas
                            Comptroller and Texas Workforce
                            Commission to Debtor's Motion to
                            Shorten Governmental Bar Date
                            (Docket No. 429);

                            Limited Objection to Motion of
                            Debtors for Order Pursuant to
                            Bankruptcy Code Sections 105 and
                            502 and Bankruptcy Rule 2002,
                            3003(c)(3), and 9007 (I) Setting
                            General Bar Date and Procedures
                            For Filing Proofs of Claim, and
                            (II) Approving Form and Manner of
                            Notice Thereof (Docket No. 526);

                            Limited Objection by Cencor
                            Realty, Centro Properties Group,
                            Federal Realty Investment Trust,
                            The Hutensky Group, The Morris

Companies Affiliates, UBS Realty Investors, LLC, Uniwest Commercial Realty to Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007(i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (II) Approving Form and Manner of Notice Thereof (Docket No. 579);

Limited Objection by Internal Revenue Service To Motion Of Debtors For Order Pursuant To Bankruptcy Code Sections 105 And 502, And Bankruptcy Rule 2002, 3003(C)(3), And 9007 (I) Setting General Bar Date And Procedures For Filing Proofs Of Claim, And (II) Approving Form And Manner Of Notice Thereof (Docket No. 592);

Limited Objection Of Pan Am Equities To Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105 And 502 And Bankruptcy Rule 2002, 3003(C)(3), And 9007 Setting General Bar Date And Procedures For Filing Proofs Of Claim (Docket No. 600); and

Joinder Of F.R.O., L.L.C. IX To Centro's Limited Objection To Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105 And 502, And Bankruptcy Rule 2002, 3003(C)(3), And 9007 (I) Setting General Bar Date And Procedures For Filing Proofs Of Claim, And (II) Approving Form And Manner Of Notice Thereof (Docket No. 631).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of Hearing (Docket No. 412).

Status:                 The Debtors have agreed to establish the governmental bar

date as 180 days from the
petition date.  Accordingly, the
objections are resolved.  The
hearing with respect to this
matter will go forward.

31.  Debtors' Motion for Orders Under 11 U.S.C. Sections
105, 363, and 365 (i) Approving Bidding and Auction
Procedures for Sale of Unexpired Nonresidential Real
Property Leases for Closing Stores, (ii) Setting Sale
Hearing Date, and (iii) Authorizing and Approving (a)
Sale of Certain Nonresidential Real Property Leases
Free and Clear of Liens, Claims, and Encumbrances, (b)
Assumption and Assignment of Certain Unexpired
Nonresidential Property Leases, and (c) Lease Rejection
Procedures (Docket No. 413).

Responses Filed:      Limited Objection by Pan Am
Equities to Lease Sale Motion
(Docket No. 599);

Objection of Inland American
Retail Management LLC, Inland
Southwest Management, LLC and
Inland US Management LLC to
Debtors' Motion for Orders Under
11 U.S.C. Sections 105, 363 and
365 (I) Approving Bidding and
Auction Procedures for Sale of
Unexpired Nonresidential Real
Property Leases for Closing
Stores, (II) Setting Sale Hearing
Date, and (III) Authorizing and
Approving (A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 604);

Objection by EklecCo NewCo, LLC
to Debtors' Motion for Orders
Under 11 U.S.C. Sections 105,
363, and 365 (i) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and

(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
610);

Objection of The Macerich
Company, Cousins Properties
Incorporated, and Watt Management
Company to the Debtors' Motion
for Orders Under 11 U.S.C. Secs.
105, 363, and 365(i) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 613);

Limited Objection by Cencor
Realty, Centro Properties Group,
Federal Realty Investment Trust,
The Hutensky Group, The Morris
Companies Affiliates, UBS Realty
Investors, LLC, Uniwest
Commercial Realty to Debtors'
Motion for Orders Under 11 U.S.C.
Sections 105, 363, and 365(I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)

Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (C) Lease
Rejection Procedures (Docket No.
616);

Response by Official Committee of
Unsecured Creditors to Debtors'
Motion For Orders (I) Approving
Bidding and Auction Procedures
For Sale of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 617);

Limited Objection by F.R.O.,
L.L.C. IX to Motion of the
Debtors for Entry of an Order
Pursuant to Bankruptcy Code
Sections 105, 363, and 365 (I)
Approving the Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
Sale of Certain Nonresidential
Real Property Leases Free and
Clear of Liens, Claims and
Encumbrances, Assumption and
Assignment of Certain Unexpired
Nonresidential Real Property
Leases and Lease Rejection
Procedures (Docket No. 626);

Objection of Ventura In
Manhattan, Inc. To Debtors'
Proposed Cure Amount And Motion
For Orders Under 11 U.S.C. §§
105, 363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired

Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear Of Liens,
Claims, and Encumbrances,
(B) Assumption and Assignment Of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 628);

Panattoni Northglenn's Objections
to Motion of The Debtors For
Orders Under 11 U.S.C. §§ 105,
363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear
Of Liens, Claims, and
Encumbrances, (B) Assumption
And Assignment of Certain
Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 629);

Limited Objection of The
Marketplace Of Rochester Hills
Parcel B, LLC. To Debtors' Motion
For Orders Under 11 U.S.C.
Sections 105, 363, And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims, And Encumbrances, (B)
Assumption And Assignment Of
Certain Unexpired Nonresidential

Property Leases, And (C) Lease
Rejection Procedures (Docket No.
642);

Limited Objection of Certain
Landlords to the Debtors Motion
for Orders Under 11 U.S.C. 105,
363, and 365 (I) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claim, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 645);

Objection of Developers
Diversified Realty Corporation,
Philips International Holding
Corp., Regency Centers, L.P.,
Weingarten Realty Investors, And
S.J. Collins Enterprises To
Debtors' Bidding Procedures
Motion (Docket No. 652);

Objection of Manufacturers and
Traders Trust Company, As
Trustee, to The Debtors' Motion
For Orders Under 11 U.S.C.
Sections 105, 363 And 365 (I)
Approving Bidding and Auction
Procedures for Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease

Rejection Procedures (Docket No. 653);

Limited Objection by Certain Landlords to the Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (Docket No. 658);

Joinder of OLP Ccantioch, LLC And OLP Ccferguson to Objections To Debtor's Proposed Cure Amount And Motion For Orders Under 11 U.S.C. Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores, (II) Setting Sale Hearing Date, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of Liens, Claims, And Encumbrances, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (Docket No. 663);

Objection by Amargosa Palmdale Investments, LLC, Bella Terra Associates, LLC, CC-Investors 1995-6, Chung Hee Kim (Ridgehaven Plaza Shopping Center), Cohab Realty, LLC, Gateway Center Properties III, LLC and SMR Gateway III, LLC as tenants in

common, The West Campus Square
Company, LLC, Union Square Retail
Trust, Whitestone Development
Partners, L.P.to Debtors' Motion
for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 665);
and

Joinder of Amcap NorthPoint LLC
to Ventura in Manhattan, Inc., as
successor in interest to MEPT
Realty LLC's objection to the
Debtors' Proposed Cure Amount and
Motion for Orders Under 11 U.S.C.
? 105, 363, and 365 (I) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 666).

Replies Filed:        None.

Related Filings:      Notice of Motion and Notice of
                      Hearing on Debtors' Motion for
                      Orders Under 11 U.S.C. Sections
                      105, 363, and 365 (i) Approving

Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain Non-
residential Real Property Leases
Free and Clear of Liens, Claims,
and Encumbrances, (b) Assumption
and Assignment of Certain
Unexpired Nonresidential Property
Leases, and (c) Lease Rejection
Procedures (Docket No. 414);
and

Notice of Filing of Exhibit 1 to
Proposed Order Under 11 U.S.C.
Sections 105, 363, and 365 (i)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
522).

Status:                The hearing with respect to this
matter will go forward.

32.   Motion and Supporting Memorandum of Taubman Auburn
Hills Associates Limited Partnership for an Order (A)
Compelling Debtor to Immediately Pay Administrative
Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
(B) Granting Related Relief (Docket No. 471).

Responses Filed:       Debtors' Omnibus Objection To The
Motions Pursuant To 11 U.S.C. §§
365(A) And 503(B) To Compel
Allowance And Payment Of Post-
Petition Rental Obligations As
Administrative Expenses (Docket
No. 641).

Replies Filed:          None.

Related Filings:        Motion for Expedited Hearing of
                        the Motion and Supporting
                        Memorandum of Taubman Auburn
                        Hills Associates Limited
                        Partnership for an Order (A)
                        Compelling Debtor to Immediately
                        Pay Administrative Rent Pursuant
                        to 11 U.S.C. § 365(d)(3) and
                        503(b); and (B) Granting Related
                        Relief (Docket No. 474);

                        Notice of Hearing (Docket No.
                        475;
                        and

                        Order Granting Motion to Expedite
                        Hearing (Docket No. 531).

Status:                 The hearing with respect to this
                        matter will go forward.

33.   Demand by Green 521 5th Avenue LLC for Payment of all
      Post-Petition Rent and Performance by Debtor of all of
      Its Obligations Under Its Commercial Lease in
      Accordance with Bankruptcy Code § 365(d)(3) (Docket No.
      538).

      Responses Filed:      Debtors' Omnibus Objection To The
                            Motions Pursuant To 11 U.S.C. §§
                            365(A) And 503(B) To Compel
                            Allowance And Payment Of Post-
                            Petition Rental Obligations As
                            Administrative Expenses (Docket
                            No. 641).

      Replies Filed:        None.

      Related Filings:      None.

      Status:               The hearing with respect to this
                            matter will go forward.

```
Dated: December 3, 2008        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia      FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                      - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               333 West Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                      - and -

                               MCGUIREWOODS LLP


                               /s/ Douglas M. Foley          .
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Proposed Counsel for Debtors and
                               Debtors in Possession
```

\6744148