Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1089

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Proposed Counsel to the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653-KRH |
| et al., | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related Docket No. 411** |

## NOTICE OF FILING REVISED PROPOSED ORDER

**PLEASE TAKE NOTICE** that on November 25, 2008, the above-captioned debtors and debtors-in-possession (the "Debtors") filed a Motion for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (ii) Approving Form and Manner of Notice Thereof (Docket No. 411) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors have filed a blackline reflecting revisions to the proposed order to the Motion, which the Debtors intend to present to the Court for entry at the December 5, 2008 Omnibus Hearing. A copy of the blackline is attached to the filed version of this Notice. If

you received this Notice by a means other than email, you may contact Kurtzman Carson Consultants, LLC (www.kccllc.net/circuitcity or 888-830-4650) to receive an electronic copy of the blackline.

Dated: December 4, 2008         SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia       FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                         - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 333 West Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                         - and -

                                 MCGUIREWOODS LLP


                                 /s/ Douglas M. Foley          .
                                 Dion W. Hayes (VSB No. 34304)
                                 Douglas M. Foley (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Proposed Counsel for Debtors and
                                 Debtors in Possession


\6752747

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Tax ID No. (54-0493875)
                                :
          Debtors.              :
                                : Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502
AND BANKRUPTCY RULES 2002, 3003(c)(3), AND 9007 (I)
SETTING GENERAL BAR DATE AND PROCEDURES FOR FILING
PROOFS OF CLAIM; AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF**

1

Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 502 and

Bankruptcy Rules 2002, 3003(c)(3,) and 9007 (i) setting

a general bar date and procedures for filing proofs of

claim, and (ii) approving the form and manner of notice

thereof; and the Court having reviewed the Motion and

the Besanko Declaration; and the Court having determined

that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their

creditors, and other parties in interest; and it

appearing that proper and adequate notice of the Motion

has been given and that no other or further notice is

necessary; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    Pursuant to Bankruptcy

Rule 3003(c)(3), all "entities" and

"persons" (as defined respectively in 11

---

[1]   Unless otherwise defined herein, capitalized terms used herein
shall have the meanings ascribed to them in the Motion.

U.S.C. § 101(15) and (41)), except any
governmental unit (as defined in 11
U.S.C. § 101(27)) that are creditors
holding or wishing to assert "claims" (as
defined in 11 U.S.C. § 101(5)) arising
before the Petition Date against any of
the Debtors are required to file with the
Debtors' Claims Agent (as defined below),
on or before 5:00 p.m. (Pacific) on
January 30, 2009 (the "General Bar Date")
a separate, completed, and executed proof
of claim form (conforming substantially
to Official Bankruptcy Form No. 10) on
account of any such claims in accordance
with the procedures set forth below.

     3.   Pursuant to Bankruptcy
Rule 3003(c) and Bankruptcy Code section
502(b)(9), any governmental units (as
defined in 11 U.S.C. § 101(27)) that are
creditors holding or wishing to assert
"claims" (as defined in 11 U.S.C. §
101(5)) arising before the Petition Date

against any of the Debtors are required

to file, on or before 5:00 p.m. (Pacific)

on ~~February 27,~~ **May 11,** 2009(the

"Governmental Bar Date") a separate,

completed, and executed proof of claim

form (conforming substantially to

Official Bankruptcy Form No. 10) on

account of any such claims in accordance

with the procedures set forth below.

4.   Notwithstanding the

preceding paragraphs, creditors holding

or wishing to assert the following types

of claims (collectively, the "Excluded

Claims") against the Debtors need not

file a proof of claim:

(i)          Claims listed in the Schedules
and Statements or any amendments thereto
that are not therein listed as
"contingent," "unliquidated" or
"disputed" and that are not disputed by
the holders thereof as to (a) amount, (b)
classification or (c) the identity of the
Debtor against whom such Claim is
scheduled;

(ii)          Claims on account of which a
proof of claim has already been properly
filed with the Court or the Claims Agent

4

appointed by the Bankruptcy Court against the correct Debtor; <u>provided</u>, <u>however</u>, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) <u>**("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims**</u> are not Excluded Claims;

(iii)           Claims previously allowed or paid pursuant to an order of the Court;

(iv)           Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(2) as expenses of administration;

(v)           Claims of Debtors against other Debtors;

(vi)           Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

(vii)           Claims related to the Debtors' gift cards purchased prior to the Petition Date.

5.   Any holder of an interest in any of the Debtors (each an "Interest Holder"), which interest is based exclusively upon the current ownership of

stock or other equity interest of any of
the Debtors (an "Interest"), shall not be
required to file a proof of Interest
based solely on account of such Interest
Holder's ownership interest in such
Interest; **provided**, **however**, **that any**
**Interest Holder (other than a**
**governmental unit) who wishes to assert a**
**Claim against any of the Debtors based on**
**any transaction in the Debtors'**
**Interests, including but not limited to a**
**Claim for damages or rescission based on**
**the purchase or sale of the Interests,**
**shall file a proof of claim on or prior**
**to the General Bar Date; provided**,
**further**, **however**, **that any Interest**
**Holder who is a governmental unit and**
**wishes to assert a Claim against any of**
**the Debtors based on any transaction in**
**the Debtors' Interests, including but not**
**limited to a Claim for damages or**
**rescission based on the purchase or sale**

6

**of the Interests, shall file a proof of**

**claim on or prior to the Governmental Bar**

**Date.**[2]

6.    Proofs of claim for

rejection damages claims arising from the

rejection of any unexpired lease  or

executory contract of a Debtor (an

"Agreement") during these Bankruptcy

Cases must be filed by the latest of (a)

thirty days after the date of entry of an

order of this Court authorizing the

rejection of such Agreement, (b) any date

set by another Order of the Court or (c)

the General Bar Date.  Proofs of claim

for any other claims that arose prior to

the Petition Date with respect to a lease

or contract must be filed by the General

Bar Date.

7.    The Debtors shall serve a

notice (the "General Bar Date Notice")

---

[2]    The Debtors reserve the right to seek relief at a later date
requiring Interest Holders to file proofs of interest.

substantially in the form of the notice
attached hereto as Exhibit 1 and a proof
of claim form conforming substantially to
Official Bankruptcy Form No. 10 by first
class mail on or before December 19, 2008
to all known creditors and all known
holders of the Debtors' equity securities
as reflected in the Debtors' books and
records, as well as U.S. state escheat or
unclaimed property offices.

8.   The Debtors shall publish
a notice in a form substantially similar
to the Bar Date Notice in the Richmond
Times Dispatch and the national edition
of the Wall Street Journal, and such
other regional newspapers as the Debtors,
in their sole discretion, deem
appropriate no later than December 30,
2008.

9.   All proofs of claim filed
by mail, hand, or overnight courier shall
be addressed to:

8

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA  90245

       10.  A Proof of claim is deemed filed only when the proof of claim is actually received by Kurtzman Carson Consultants LLC. (the "Claims Agent") at the above address.  Proofs of claim submitted by facsimile or other electronic means shall be rejected by the Claims Agent and will not be deemed filed.

       11.  Any creditor holding or wishing to assert claims against more than one Debtor must file a separate proof of claim in the case of each Debtor against which the creditor believes it holds a claim and must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.  A proof of claim

9

listing no reference to a particular
Debtor or a proof of claim listing all of
the Debtors will be deemed filed against
Circuit City Stores, Inc., Case No., 08-
35653.

12.   Any creditor that is
required to file but fails to file a
proof of claim for its claim in
accordance with the procedures set forth
in this order on or before the General
Bar Date, the Governmental Bar Date, or
such other date established hereby (as
applicable) shall be forever barred,
estopped, and enjoined from:  (a)
asserting any Claim against the Debtors
that (i) is in an amount that exceeds the
amount, if any, that is set forth in the
Schedules as undisputed, noncontingent,
and unliquidated or (ii) is of a
different nature or in a different
classification (any such claim referred
to as an "Unscheduled Claim") and (b)

voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

13.  In the event that the Debtors amend the Schedules and Statements after having given notice of the General Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of claims affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and liquidated amount or changes the nature or classification of a claim against a Debtor reflected therein, such holders shall be given until the later of (a) the General Bar Date or (b) thirty (30) days from the date such

11

notice is given (or such other time
period as may be fixed by the Court) to
file proofs of claim with respect to such
affected claim, if necessary, or not be
treated as a creditor for purposes of
these chapter 11 cases in accordance with
paragraph 12 above.

14.   In the event that the
Debtors amend the Schedules and
Statements after having given notice of
the Governmental Bar Date as provided
herein, the Debtors shall give notice of
any amendment to the holders of claims
that are governmental entities (as
defined in 11 U.S.C. § 101(27)) and that
are affected thereby, and if the subject
amendment reduces the unliquidated,
noncontingent and liquidated amount or
changes the nature or classification of a
claim against a Debtor reflected therein,
such holders shall be given until the
later of (a) the Governmental Bar Date or

12

(b) thirty (30) days from the date such
notice is given (or such other time
period as may be fixed by the Court) to
file proofs of claim with respect to such
affected claim, if necessary, or not be
treated as a creditor for purposes of
these chapter 11 cases in accordance with
paragraph (14) above.

15. Nothing in this Order
shall, or shall be deemed to, prejudice
the Debtors' right to object to any
Claim, whether filed or scheduled (e.g.,
as contingent, unliquidated or disputed),
on any ground, or to dispute, or to
assert offsets against or defenses to,
any claim reflected on the Schedules and
Statements, or any amendments thereto, as
to amount, liability, classification, or
otherwise, and to subsequently designate
any claim as disputed, contingent or
unliquidated; provided, however, that if
the Debtors have scheduled a claim as

noncontingent, liquidated and undisputed, they must comply with the procedures in paragraphs 13 and 14 of this Order to object to such scheduled, noncontingent, liquidated and undisputed claim.

16.   Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of a Claim that is specifically excluded from the requirements to file such a Claim by this Order must file a proof of claim or interest.

17.   The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

18.   The Debtors are authorized to take such steps and do such things as

14

they deem to be reasonably necessary to

fulfill the notice requirements

established by this Order, including the

expenditure of all sums

reasonably necessary to implement the provisions of this

Order.

19.  This Court shall retain

jurisdiction to hear and determine all

matters arising from or related to the

implementation of and/or interpretation

of this Order.

Dated:     Richmond, Virginia
           December  __, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-~~1000~~**1089**

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that that the proposed order has
been served upon or endorsed by all necessary parties.


                        _____
                        Douglas M. Foley


16

## **EXHIBIT 1**

**Form of Notice**

~~Gregg M. Galardi, Esq.~~
~~Ian S. Fredericks, Esq.~~
~~SKADDEN, ARPS, SLATE, MEAGHER &~~
~~FLOM, LLP~~
~~One Rodney Square~~
~~PO Box 636~~
~~Wilmington, Delaware 19899-0636~~
~~(302) 651-3000~~

~~- and -~~

~~Chris L. Dickerson, Esq.~~
~~SKADDEN, ARPS, SLATE, MEAGHER &~~
~~FLOM, LLP~~
~~333 West Wacker Drive~~
~~Chicago, Illinois 60606~~
~~(312) 407-0700~~

~~Proposed Counsel to the Debtors~~
~~and Debtors in Possession~~

~~Dion W. Hayes (VSB No. 34304)~~
~~Douglas M. Foley (VSB No. 34364)~~
~~MCGUIREWOODS LLP~~
~~One James Center~~
~~901 E. Cary Street~~
~~Richmond, Virginia 23219~~
~~(804) 775-1000~~

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                              : Chapter 11
                                    :
CIRCUIT CITY STORES, INC.,          : Case No. 08-35653
et al.,                             :
                                    : Tax ID No. (54-0493875)
            Debtors.                :
                                    : Jointly Administered
                                    :
- - - - - - - - - - - - - -         :
                                    :
                                    x

**NOTICE OF DEADLINE**
**FOR FILING PROOFS OF CLAIM**

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF  THE DEBTORS AND
OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 5, 2008, the United States Bankruptcy
Court for the Eastern District of Virginia (the "Bankruptcy
Court") entered an order (the "Bar Date Order") in the above
captioned chapter 11 cases establishing **January 30, 2009 at 5:00
p.m. (Pacific time)** as the general claims bar date (the
"General Bar Date") in the chapter 11 cases of the above-

captioned debtors and debtors in possession (collectively, the "Debtors").[1]  Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time**, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court by December 30, 2008.  Copies of the Schedules and Statements can then be obtained at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27), against any of the Debtors listed on page 4 below, must be filed and served so that such proof of claim is received on or before ~~February 27,~~May 11, **2009** (the "Governmental Bar Date") at **5:00**

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**p.m., Pacific Time**, at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured) that arose prior to **November 10, 2008** (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below.  Excluded Claims as defined in the Bar Date Order are:

(i)     Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii)    Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; <u>provided</u>, <u>however</u>, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) **("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing**

**Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims** are not Excluded Claims;

(iii)   Claims previously allowed or paid pursuant to an order of the Bankruptcy Court;

(iv)   Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration;

(v)   Claims of Debtors against other Debtors;

(vi)   Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor; and

(vii)   Claims related to the Debtors' gift cards purchased prior to the Petition Date.

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules and Statements or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules and Statements or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.  If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the claim form included with this notice.

**Executory Contract and Lease Rejection Claims**

Any Entity whose Claims arise out of the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") pursuant to section 365 of the Bankruptcy Code during the Debtors' bankruptcy cases, must file a proof of claim

4

on or before the latest of: (1) thirty (30) days after the date
of the order, pursuant to Bankruptcy Code section 365,
authorizing the rejection of such contract or lease; (2) any
date set by another order of the Court or (3) the General Bar
Date (the "Rejection Bar Date").  Proofs of claim for any
other claims that arose prior to the Petition Date with respect
to an Agreement must be filed by the General Bar Date.

### Other Important Information Regarding Filing Claims

If, after the General Bar Date, any of the Debtors
amend their Schedules and Statements to reduce the undisputed,
noncontingent and liquidated amount or to change the nature or
classification of a Claim against a Debtor reflected therein or
to change the Debtor against which a Claim has been scheduled,
then the affected claimant shall have thirty (30) days from the
date of service of notice thereof to file a proof of claim or to
amend any previously filed proof of claim in respect of such
amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an
"Interest Holder"), which interest is based exclusively upon
the current ownership of stock or other equity interest of any
of the Debtors (an "Interest"),(an "Interest"), need not
file a proof of Interest based solely on account of such
Interest Holder's ownership interest in such Interest;
**provided, however, that any Interest Holder (other than a
governmental unit) who wishes to assert a Claim against any of
the Debtors based on any transaction in the Debtors' Interests,
including but not limited to a Claim for damages or rescission
based on the purchase or sale of the Interests, must file a
proof of claim on or prior to the General Bar Date; provided,
further, however, that any Interest Holder that is a
governmental unit who wishes to assert a Claim against any of
the Debtors based on any transaction in the Debtors' Interests,
including but not limited to a Claim for damages or rescission
based on the purchase or sale of the Interests, must file a
proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one
Debtor must file a separate proof of claim with respect to each
such Debtor.  All Entities must identify on their proof of claim
the particular Debtor against which their Claim is asserted and
the case number of that Debtor's bankruptcy case.  A proof of
claim listing no reference to a particular Debtor or a proof of

claim listing all of the Debtors will be deemed filed against
Circuit City Stores, Inc., Case No., 08-35653.

## CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any creditor that is required to file but fails to
file a proof of claim for its Claim in accordance with the
procedures set forth herein on or before the General Bar Date,
the Governmental Bar Date, or such other date established hereby
(as applicable) shall be forever barred, estopped, and enjoined
from:  (a) asserting any Claim against the Debtors that (i) is
in an amount that exceeds the amount, if any, that is set forth
in the Schedules as undisputed, noncontingent, and unliquidated
or (ii) is of a different nature or in a different
classification (any such claim referred to as an "Unscheduled
Claim") and (b) voting upon, or receiving distributions under,
any plan or plans of reorganization in these chapter 11 cases in
respect of an Unscheduled Claim; and the Debtors and their
property shall be forever discharged from any and all
indebtedness or liability with respect to such Unscheduled
Claim.  If it is unclear from the Schedules and Statements
whether your Claim is disputed, contingent or unliquidated as to
amount or is otherwise properly listed and classified, you must
file a proof of claim on or before the General Bar Date.  Any
Entity that relies on the Schedules and Statements bears
responsibility for determining that its Claim is accurately
listed therein.**

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to
assert offsets or defenses against, any filed Claim or any Claim
listed or reflected in the Schedules and Statements as to
nature, amount, liability, classification, Debtor or otherwise;
or (2) subsequently designate any Claim as disputed, contingent
or unliquidated.  Nothing set forth in this Notice shall
preclude the Debtors from objecting to any Claim, whether
scheduled or filed, on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially
in the form annexed hereto, together with accompanying
documentation, must be <u>delivered so as to be received</u> no later
than 5:00 p.m., Pacific Time, on the General Bar Date, the
Rejection Bar Date, the Governmental Bar Date or the Amended
Schedule Bar Date, as applicable, depending upon the nature of

6

the Claim, at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., <u>et al</u>.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence.  Proofs of claim will be deemed filed only when actually received at the address listed above.**  If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); <u>provided</u>, <u>however</u>, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245.

———— Approved by the United States Bankruptcy Court for the
Eastern District of Virginia on December 5, 2008.

Dated: December __, 2008
     Richmond, Virginia

| | |
|---|---|
| | ~~MCGUIREWOODS LLP~~ **McGUIREWOODS** |
| SKADDEN, ARPS, SLATE, | **LLP** |
| MEAGHER & FLOM, LLP | **Dion W. Hayes (VSB No. 34304)** |
| Gregg M. Galardi, Esq. | Douglas **M.** Foley (VSB No. 34364) |
| Ian S. Fredericks, Esq. | One James Center |
| P.O. Box 636 | 901 E. Cary Street |
| Wilmington, Delaware | Richmond, Virginia 23219 |
| 19899-0636 | (804) 775-~~1000~~**1089** |

     - and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive    Counsel for Debtors and Debtors
Chicago, Illinois 60606   in Possession

**Debtors and Debtors in Possession**
**<u>and the Last Four Digits of their Respective Taxpayer</u>**
**<u>Identification Numbers</u>**

Circuit City Stores, Inc. **<u>(3875)</u>**
Abbott Advertising Agency, Inc. **<u>(4659)</u>**
Circuit City Stores West Coast, Inc. **<u>(0785)</u>**
CC Distribution Company of Virginia, Inc. **<u>(2821)</u>**
Circuit City Properties, LLC **<u>(3353)</u>**
Patapsco Designs, Inc. **<u>(6796)</u>**
Ventoux International, Inc. **<u>(1838)</u>**
Sky Venture Corporation **<u>(0311)</u>**
PRAHS, INC. **<u>(n/a)</u>**
~~XS Stuff~~**<u>XSStuff</u>**, LLC **<u>(9263)</u>**
Kinzer Technology, LLC **<u>(2157)</u>**
Circuit City Purchasing Company, LLC **<u>(5170)</u>**
Orbyx Electronics, LLC **<u>(3360)</u>**
InterTAN, Inc. **<u>(0875)</u>**
CC Aviation, LLC **<u>(0841)</u>**
Courchevel, LLC **<u>(n/a)</u>**
Circuit City Stores PR, LLC **<u>(5512)</u>**
Mayland MN, LLC **<u>(6116)</u>**