Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO SHOPPING.COM'S MOTION FOR (I) ADEQUATE ASSURANCE OF PAYMENT, (2) CONFIRMATION THAT ALL POSTPETITION SERVICES PROVIDED TO THE DEBTORS BY SHOPPING.COM SHALL BE TREATED AS ALLOWED ADMINISTRATIVE CLAIMS OR, ALTERNATIVELY (3) IN FAILING TO PROVIDE SUCH RELIEF, GRANTING SHOPPING.COM IMMEDIATE RELIEF FROM STAY TO CEASE PROVIDING ANY SERVICES TO DEBTORS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby submit their objection (the "Objection") to Shopping.com's Motion for (1) Adequate Assurance Of Payment, (2) Confirmation That All Postpetition Services Provided To The Debtors By Shopping.com Shall Be Treated As Allowed Administrative Claims Or, Alternatively, (3) In Failing to Provide Such Relief, Granting Shopping.com Immediate Relief From Stay To Cease Providing Any Services To Debtors (the "Motion").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

**I.    THE BANKRUPTCY CASES**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

**II. THE MERCHANT PARTICIPATION AGREEMENT**

4. On or about May 14, 2003, the Debtors entered into an agreement (the "Merchant Participation Agreement") with DealTime, Inc., a predecessor to Shopping.com. Pursuant to the Merchant Participation Agreement, Shopping.com lists certain of the Debtors' products on the Shopping.com website. The Debtors pay a fee to Shopping.com when a consumer clicks on one of the Debtors' products and is transferred to the Debtors' online store. Certain of the traffic through Shopping.com's website comes via third party vendors, to whom Shopping.com pays fees.

3

**OBJECTION**

5. The Debtors have been diligently working with Shopping.com to resolve the issues raised in the Motion. However, in so far as the Debtors and Shopping.com are unable to resolve these issues, the Debtors hereby object.

6. To the extent that this Court determines that Shopping.com is entitled to administrative expense status for the value of services performed under the Merchant Participation Agreement after the Petition Date and prior to assumption or rejection, the Debtors do not object to such relief. However, the Debtors contend that such relief is the only form of assurance to which Shopping.com is entitled. The Debtors further contend that Shopping.com has not shown cause to be granted relief from the automatic stay to terminate the Merchant Participation Agreement.

**I.   TO THE EXTENT SHOPPING.COM SATISFIES THE APPLICABLE STANDARD, IT MAY BE GRANTED ADMINISTRATIVE EXPENSE CLAIMS FOR ITS POSTPETITION PRE-REJECTION SERVICES.**

7. Shopping.com seeks assurance that services provided by Shopping.com after the Petition Date constitute administrative expenses under Bankruptcy

Code section 503(b)(1)(A) that are entitled to priority under Bankruptcy Code section 507(a)(2).

8. Should this Court determine that Shopping.com has engaged in postpetition transactions with the Debtors and provided a benefit to the estate, such that it is entitled to administrative expense claims under Bankruptcy Code section 503(b)(1) and to priority of payment under Bankruptcy Code section 507(a)(2), the Debtors do not object to such determination. However, the Debtors contend that this is the sole assurance to which Shopping.com is entitled.

**II. SHOPPING.COM IS NOT ENTITLED TO ANY ADEQUATE ASSURANCE OF PAYMENT.**

9. Bankruptcy Code section 365(b)(1) provides that, where a debtor in possession has defaulted under an executory contract, the debtor in possession may not assume such executory contract until it "(A) cures, or provides adequate assurance that [it] will promptly cure, such default. . . and (C) provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b)(1). Thus, *upon assumption of an executory contract*, a debtor must cure

any default or provide adequate assurance of cure and must provide adequate assurance of future performance. Prior to this time, however, a debtor is not required to provide any such assurance. See, e.g., In re Nat'l Gypsum Co., 208 F.3d 498, 506 (5th Cir. 2000) (noting that "[s]ection 365 allows a debtor to continue in a beneficial contract provided, however, that the other party is made whole *at the time of the debtor's assumption of said contract*" (internal quotations omitted)(emphasis added)).  Aside from the forms of adequate assurance required by 365(b)(1), which are triggered only upon assumption, the Bankruptcy Code makes no reference to an executory contract counterparty's right to "adequate assurance of payment."[2]

      10.  Shopping.com is not requesting that the Debtors' make a determination whether to assume or reject the Merchant Participation Agreement, conceding that "at this early stage of the Debtors' case, such a request may be premature."  (Motion at ¶ 10).  Therefore,

---

[2]   The phrase "adequate assurance of payment" appears only in Bankruptcy Code section 366, which provides for "adequate assurance of payment" to be provided to a debtor's utility providers.  That section has no relevance to Shopping.com.

6

pending any decision by the Debtors to assume the Merchant Participation Agreement, Shopping.com is not entitled to any adequate assurance.

    11.  Instead, Shopping.com is only entitled to receive the "the reasonable value" of the services it provides.  NLRB v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984); see also In re FBI Distrib. Corp., 330 F.3d 36, 43-44 (1st Cir. 2003); In re Applied Theory Corp., 312 B.R. 225, 239 (Bankr. S.D.N.Y. 2004).  To the extent these services satisfy the test for administrative expenses, as Shopping.com asserts, Shopping.com will be entitled to administrative expense priority for such reasonable value.  See, e.g., FBI Distrib., 330 F.3d at 42-43 (noting that pending rejection or assumption an executory contract, "the nondebtor party will be entitled to administrative priority only to the extent that the consideration supporting the claim was provided to the debtor in possession during the reorganization and was beneficial to the estate"); In re Bethlehem Steel Corp., 291 B.R. 260, (Bankr. S.D.N.Y. 2003)(finding that "the non-debtor entity to [an executory] contract is entitled to payment as an

administrative expense for goods and services provided during the period of time before the debtor assumes or rejects the contract").

12. Moreover, pending assumption or rejection, the executory contract is enforceable only against the non-debtor party but not against the debtors. See, e.g., Bildisco, 465 U.S. at 532 ("[F]rom the filing of a petition in bankruptcy until formal acceptance, the [executory contract] is not an enforceable contract [against the debtor in possession]..."); FBI Distrib., 330 F.3d at 43 (noting that, "[a]lthough during the Chapter 11 proceeding a prepetition executory contract remains in effect and enforceable against the nondebtor party to the contract, the contract is *unenforceable* against the debtor in possession unless and until the contract is assumed" (emphasis in original)); In re Public Service Co. of New Hampshire, 884 F.2d 11, 14 (1st Cir. 1989) (holding that, prior to assumption or rejection, "the executory contract remains in effect and creditors are bound to honor it"). Thus, parties to executory contracts are not entitled to enforce such contracts by demanding adequate assurance of payment;

8

instead, administrative expense status is the sole protection offered to such parties during the postpetition, pre-assumption or rejection period.

13.  Shopping.com asserts that it is entitled to demand adequate assurance of payment under UCC §2-609, as provided by New York law.  To the extent that UCC §2-609 allows Shopping.com to demand adequate assurance, it is preempted by the Bankruptcy Code.  The Supreme Court has stated that "Congress' intent to supersede state law altogether may be found from a scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 203-04 (1983) (internal quotations omitted).  Furthermore, "state law is pre-empted ... where [it] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. at 204 (internal quotations omitted).  The Bankruptcy Code has as its "paramount objective" to "rehabilitate and preserve the value of the financially distressed business." FBI Distrib., 330 F.3d at 41.  To this end, "[t]he

Bankruptcy Code prescribes a set course of treatment for executory contracts." Public Service Co., 884 F.2d at 14. The objective of rehabilitation would clearly be thwarted if parties to executory contracts could demand adequate assurance of payment. Instead, the scheme created by the Bankruptcy Code provides protection to such parties by requiring that debtors pay for the reasonable value of the services provided, see Bildisco, 465 U.S. at 531, and by granting the party administrative expense claims, where the standard is met.

14. Thus, the Debtors assert that there is no basis in the Bankruptcy Code for Shopping.com to demand adequate assurance of payment in any form, including those proposed in the Motion. Accordingly, the Debtors respectfully request that the Court deny Shopping.com's demand for adequate assurance of payment under the Merchant Participation Agreement.

### III. SHOPPING.COM IS NOT ENTITLED TO LIFT THE STAY "FOR CAUSE" TO TERMINATE MERCHANT PARTICIPATION AGREEMENT.

15. Cause does not exist to grant Shopping.com relief from the automatic stay to terminate the Merchant Participation Agreement. Courts have found

that the term "cause" "requires more than simple nonpayment.  The cause must be some form of malfeasance on the part of the debtor."  Matter of Lipply, 56 B.R. 524, 528 (Bankr. N.D. Ind. 1986); see also In re Cherry, 78 B.R. 65, 71 (Bankr. E.D. Pa. 1987)(lifting the stay where debtor has engaged in wrongful conduct).  Here, Shopping.com has not made any allegations of malfeasance by the Debtors or asserted that the Debtors are not in compliance with their postpetition payment obligations under the Merchant Participation Agreement.

      16.  Moreover, "Conclusory statements that a continuance of the stay will cause irreparable harm or that injury will occur if relief is denied are insufficient to establish cause."  In re Texaco Inc., 81 B.R. 820, 829 (Bankr. S.D.N.Y. 1988).

      17.  If this Court were to grant Shopping.com relief from the stay, such that Shopping.com could terminate the Merchant Participation Agreement, the Court would essentially be authorizing an end run around Bankruptcy Code section 365(d)(2), which allows the Debtors to assume or reject executory contracts at any time prior to confirmation of a plan.  11 U.S.C. §

11

365(d)(2). This period of time is essential, as it affords the Debtors "breathing space to decide which contracts they wish to assume." Public Service Co., 884 F.2d at 15; see also Nat'l Gypsum, 208 F.3d at n. 5 (noting that "the Bankruptcy Code sets forth a scheme in which the debtor maintains almost exclusive control over the timing of its decision on assumption or rejection to ensure that its decision contributes to a workable plan of reorganization"). Allowing Shopping.com relief from the stay to terminate the agreement at this early date, less than a month after the Debtors' bankruptcy filing, would essentially force the Debtors into making an immediate decision whether to assume or reject. This decision would frustrate the Debtors' ability to fully evaluate assumption or rejection as part of a comprehensive plan of reorganization.

   18. Moreover, the Debtors would be severely prejudiced if Shopping.com were permitted to terminate the Merchant Participation Agreement. The Debtors' successful reorganization is dependent upon maintaining a high level of sales, particularly during this holiday season. The internet in general, and Shopping.com in

particular, provide crucial avenues by which the Debtors reach potential customers. Absent Shopping.com's services, the Debtors expect that they would experience a decline in sales at their online store, thereby impairing the Debtors' reorganization efforts. Granting Shopping.com relief from the stay would thus provide it with an advantage, at the expense of other creditors and of the estate. See Public Service Co., 884 F.2d at 15 ("The interests of the creditors collectively and the bankrupt estate as a whole will not yield easily to the convenience or advantage of one creditor out of many.")

19.    Thus, the Debtors assert that Shopping.com has not shown cause that the automatic stay be lifted. Accordingly, the Debtors respectfully request that the Court deny Shopping.com's request to lift the automatic stay to allow it to terminate the Merchant Participation Agreement.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion.

Dated: December 4, 2008
      Richmond, Virginia  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley       .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession