Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - -   x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC., et : Case No. 08-35653
al.,                          :
                              :
            Debtors.          :
                              : Jointly Administered
- - - - - - - - - - - - - -   x
```

**AMENDED PROPOSED AGENDA FOR THE OMNIBUS
HEARING SCHEDULED FOR DECEMBER 5, 2008**

**A.    Introduction**

    Set forth below is an amended proposed agenda for the Omnibus Hearing scheduled for **December 5, 2008** beginning at **10:00 a.m.** (the "Amended Proposed Agenda").

    The information contained in the Amended Proposed Agenda reflects documents received in our offices as of the date hereof. Counsel to the Debtors have served a copy of this Proposed Agenda in accordance with the Order Establishing Omnibus Hearing Dates and Authorizing Certain Electronic Notice, Case Management and Administrative Procedures (entered on November 13, 2008 at Docket No. 130) (the "Case Management Order").

The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

A.    Introduction

B.    Uncontested, Agreed or Settled Matters (9 Matters)

C.    Continued or Adjourned Matters (2 Matters)

D.    Contested Matters (22 Matters)

**B.    Uncontested, Agreed or Settled Matters**

1.    Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 121).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 136). |
| Status: | The hearing with respect to this matter will go forward. |

2.    Application to Employ McGuireWoods LLP as Counsel for the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 329 (Docket No. 191).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Application to Employ McGuireWoods LLP as Counsel for the Debtors (Docket No. 210). |
| Status: | The hearing with respect to this matter will go forward. |

3.    Application to Employ Kirkland & Ellis LLP as Special
      Counsel for the Debtors (Docket No. 192).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Kirkland & Ellis LLP as Special
                              Counsel for the Debtors (Docket
                              No. 211).

      Status:                 The hearing with respect to this
                              matter will go forward.

4.    Application to Employ Ernst & Young LLP as Accounting
      and Tax Consultants to the Debtors (Docket No. 193).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Ernst & Young LLP as Accounting
                              and Tax Consultants to the
                              Debtors (Docket No. 212).

      Status:                 The hearing with respect to this
                              matter will go forward.

5.    Application to Employ Rothschild Inc. as Investment
      Banker and Financial Advisor to the Debtors (Docket No.
      194).

      Responses Filed:        None; provided, however, the
                              Official Committee of Unsecured
                              Creditors has until December 4,
                              2008 to file a response.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Rothschild Inc. as Investment
                              Banker and Financial Advisor to
                              the Debtors (Docket No. 213).

      Status:                 The hearing with respect to this
                              matter will go forward.

6.    Application to Employ FTI Consulting, Inc. as Financial
      Advisors to the Debtors (Docket No. 195).

      Responses Filed:        None; provided, however, the
                              Official Committee of Unsecured
                              Creditors has until December 4,
                              2008 to file a response.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              FTI Consulting, Inc. as Financial
                              Advisors to the Debtors (Docket
                              No. 214).

      Status:                 The hearing with respect to this
                              matter will go forward.

7.    Application to Employ Skadden, Arps, Slate, Meagher &
      Flom LLP and Affiliates as Counsel to the Debtors
      (Docket No. 287).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Application to Employ
                              Skadden, Arps, Slate, Meagher &
                              Flom LLP and Affiliates as
                              Counsel to the Debtors (Docket
                              No. 288).

      Status:                 The hearing with respect to this
                              matter will go forward.

8.    Shopping.com Inc.'s Motion to File Certain Documents
      Under Seal and Notice of Motion and Notice of Hearing
      (Docket No. 398).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        None.

      Status:                 The hearing with respect to this
                              matter will go forward.

9.    Debtors' Motion for Administrative Order Under
      Bankruptcy Code Sections 105(a) and 331 Establishing
      Interim Compensation Procedures (Docket No. 409).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Debtors' Motion for
                              Administrative Order Under
                              Bankruptcy Code Sections 105(a)
                              and 331 Establishing Interim
                              Compensation Procedures (Docket
                              No. 410).

      Status:                 The hearing with respect to this
                              matter will go forward.

**C.    Continued or Adjourned Matters**

10.   Motion for Order Under 11 U.S.C. Sections 105, 362 and
      541 and Fed. R. Bankr. P. 3001 and 3002 Establishing
      Notice, Hearing, and Sell-Down Procedures for Trading
      in Equity Securities and Claims Against the Debtors'
      Estates (Docket No. 20).

      Responses Filed:        Informal response from the
                              Securities Exchange Commission;
                              and

                              Informal response from the Official
                              Committee of Unsecured Creditors.

      Replies Filed:          None.

      Related Filings:        Interim Order Under 11 U.S.C.
                              Sections 105, 362 And 541 And Fed.
                              R. Bankr. P. 3001 And 3002
                              Establishing Notice, Hearing, And
                              Sell-Down Procedures For Trading In
                              Equity Securities And Claims
                              Against The Debtors Estates And
                              Setting Hearing (Docket No. 135).

      Status:                 The Debtors have resolved the SEC's
                              response by modifying the order.
                              The Debtors are working to resolve
                              the Committee's response.  In the
                              event the Debtors are unable to
                              reach a resolution prior to the
                              hearing, pursuant to the Case

Management Order, this matter will
be continued to the December 22,
2008 Omnibus Hearing.

11.    Debtors' Motion for Interim and Final Orders Pursuant
to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal
Rules of Bankruptcy Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain PostPetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 23).

Responses Filed:    Limited Objection of Inland
Southwest Management LLC, Inland
American Retail Management LLC,
Inland US Management LLC, Inland
Pacific Property Services LLC,
Inland Commercial Property
Management, Inc. and Inland
Continental Property Management
Corp. to Debtors' Motion for
Interim and Final Orders Pursuant
to 11 U.S.C. §§ 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain PostPetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 261);

Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Kimco Realty
Corp.) (Docket No. 274);

Joinder of F.R.O., L.L.C. IX to
Inland's Limited Objection to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. §§ 105, 361, 362, 363 and

364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain PostPetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 281);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Docket No. 316);

Objection of Texas Ad Valorem Tax
Jurisdictions To Interim Order
And To Entry Of Final Order (1)
Authorizing Incurrence By
Debtors Of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness…"(2)
Granting Liens (3) Granting Use
Of Cash Collateral…" (Docket No.
338);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedures 2002 and
4001(I) Authorizing Debtors (A)
To Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 364);

Limited Objection to Debtors'
Motion For Interim And Final

Orders Pursuant To 11 U.S.C.
Sections 105, 361, 362, 363 And
364 And Federal Rules Of
Bankruptcy Procedure 2002 And
4001 (I) Authorizing Debtors (A)
To Obtain Postpetition Financing
And (B) To Utilize Cash
Collateral; (II) Granting
Adequate Protection; And (III)
Scheduling Interim And Final
Hearings (Docket No. 418);

Objection by Arlington ISD, et
al. to Motion and Entry of Final
Order Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363, and
364 and Rules 2002, 4001 and 9014
of the Federal Rules of
Bankruptcy Procedure (i)
Authorizing Incurrence by the
Debtors of Postpetition Secured
Indebtedness with Priority over
all Secured Indebtedness and with
Administrative Superpriority,
(ii) Granting Liens, (iii)
Authorizing Use of Cash
Collateral by the Debtors
Pursuant to 11 U.S.C. Section 363
and Providing for Adequate
Protection, (iv) Modifying the
Automatic Stay (Docket No. 424);

Limited Objection by Carousel
Center Company, LP, Sangertown
Square, LLC , EklecCo NewCo, LLC
and Fingerlakes Crossing, LLC to
Entry of Final Order Pursuant to
11 U.S.C. Sections 105, 361, 362,
363, and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority Over
all Secured Indebtedness and with
Administrative Superpriority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing For
Adequate Protection, (4)
Modifying the Automatic Stay and

(5) Scheduling a Final Hearing (Objecting Landlords (Docket No. 423);

Limited Objection of Navarre Distribution Services, Inc. to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings (Docket No. 430);

Limited Objection of Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., and OTR-Clairemont Square to DIP Financing Motion (Docket No. 438);

Response To Motion Of Debtors For Order Under Sections 105(A), 362, 503(B), 507(A), 546(C) And 546(H) (I) Granting Administrative Expense Status To Obligations From Postpetition Delivery Of Goods; (II) Authorizing Payment Of Expenses In The Ordinary Course Of Business; (III) Authorizing Debtors To Return Goods; And (IV) Establishing Procedures For Reclamation Demands (Dkt. No. 14), Interim Order With Respect Thereto (Dkt. No. 133), And Related Motions/Orders (E.G. Dkt Nos. 19, 23, 78 And 107) (Docket No. 447);

Limited Objection of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC The Morris Companies Affiliates and Uniwest Commercial Realty to Debtors' Motion for Interim and Final

Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 452);

Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 468);

Limited Objection of the Macerich
Company, RREEF Management
Company, Cousins Properties
Incorporated, Watt Management
Company, the Prudential Insurance
Company of America, Portland
Investment Company, and KNP to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 489);

Local Texas Tax Authorities'
Objection to Interim and to Entry
of  Final Order (1) Authorizing
Incurrence by Debtors of Post-
Petition Secured Indebtedness

with Priority over all Secured
Indebtedness... 2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 490);

Amended Objection of Texas Ad
Valorem Tax Jurisdictions to
Interim and to Entry of Final
Order (1) Authorizing Incurrence
by Debtors of Post-Petition
Secured Indebtedness with
Priority over all Secured
Indebtedness...(2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 498);

Limited Objection of Directv,
Inc. to Entry on a Final Basis of
Interim Order Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (I)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority over
all secured indebtedness and with
administrative Superpriority, (2)
Granting Liens, (3) Authorizing
the Use of Cash Collateral by the
Debtors' Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection (4) Modifying
the Automatic Stay and
(5)Scheduling a Final Hearing
(Docket No. 503);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 535);

Joinder of Basile Limited
Liability Company to Limited
Objections of Inland Southwest
Management, LLC and Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 536);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 537);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)

Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 542);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 560);

Joinder Of Certain Landlords To
The Limited Objection Of The
Macerich Company, Rreef
Management Company, Cousins
Properties Incorporated, Watt
Management Company, The
Prudential Insurance Company Of
America, Portland Investment
Company And KNP To The Debtors'
Motion For Interim And Final
Orders Pursuant To 11 U.S.C. §
105, 361, 362, 363 And 364 And
Federal Rules Of Bankruptcy
Procedure 2002 And 4001 (I)
Authorizing Debtors (A) To Obtain
Postpetition Financing And (B) To

Utilize Cash Collateral; (II)
Granting Adequate Protection;
And (III) Scheduling Interim and
Final Hearings [Docket No. 489]
(Docket No. 661);
and

Joinder of AmCap NorthPoint LLC
and AmCap Arborland LLC to
Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., EklecCo NewCo,
LLC and Fingerlakes Crossing, LLC
To Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363, and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority Over
All Secured Indebtedness and with
Administrative Superpriority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 671).

Replies Filed:        None.

Related Filings:      Notice of Bankruptcy Filing and
                      Debtors' Presentation of Motions
                      and Applications to the Court for
                      Consideration (Docket No. 26);
                      Motion to Authorize Filing
                      Certain Documents Under Seal
                      (Docket No. 27);

                      Interim Order Pursuant to 11
                      U.S.C. §§ 105, 361, 362, 363 and
                      364 and Rules 2002, 4001 and 9014
                      of the Federal Rules of
                      Bankruptcy Procedure (I)
                      Authorizing Incurrence by the
                      Debtors of PostPetition Secured
                      Indebtedness with Priority Over
                      all Secured Indebtedness and with
                      Administrative Superpriority, (2)

Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 78);

Notice of Filing of Motion and
Entry of Interim Order Pursuant
to 11 U.S.C. Sections 105, 361,
362, 363 and 364 and Rules 2002,
4001 and 9014 of the Federal
Rules of Bankruptcy Procedure:
(i) Authorizing Incurrence by the
Debtors of Postpetition Secured
Indebtedness with Priority Over
All Secured Indebtedness and With
Administrative Superpriority,
(ii) Granting Liens, (iii)
Authorizing Use of Cash
Collateral by the Debtors
Pursuant to 11 U.S.C. Section 363
and Providing For Adequate
Protection, (iv) Modifying the
Automatic Stay and (v) Scheduling
a Final Hearing (Docket No. 100);
and

Notice of Filing of Executed DIP
Credit Agreements (Docket No.
425).

Status:             Pursuant to the Case Management
Order, this matter will be
continued to the December 22,
2008 Omnibus Hearing.

**D.    Contested Matters**

12.    Debtors' Motion For Order Pursuant to Bankruptcy Code
Sections 105(A), 363, 507(A), 541, 1107(A) and 1108 and
Bankruptcy Rule 6003 Authorizing Debtors to Pay
Prepetition Wages, Compensation, and Employee Benefits
(Docket No. 6).

Responses Filed:    Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129,

132)(Docket No. 455); and

Objection of the Official Committee of Creditors Holding Unsecured Claims to the Payment to WARN Employees Under the Debtor's Motion for Order and Order Pursuant to Bankruptcy Code Sections 105(A), 363, 507(A), 541, 1107(A) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation and Employee Benefits (Docket No. 459).

Replies Filed:          None.

Related Filings:        Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); and

Order Granting Motion to Authorize Debtors to Pay Prepetition Wages, Compensation and Employee Benefits (Docket No. 80).

Status:                 The hearing with respect to this matter will go forward.

13.   Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(A), 506(A), 507(A)(8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations (Docket No. 7).

Responses Filed:        Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132)(Docket No. 455).

Replies Filed:          None.

Related Filings:        Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); and

Order Granting Motion to
Authorize Pursuant to Bankruptcy
Code Sect, 105 (a), 506 (a), 507
(a) (8), 541, and 1129 and
Bankruptcy Rule 6003 Authorizing
the Debtors to Pay Prepetition
Sales, Use, Trust Fund and Other
Taxes and Related Obligations
(Docket No. 110).

Status:            The hearing with respect to this
matter will go forward.

14.   Motion of Debtors for Order Under Bankruptcy Code
Sections 105(A), 363, and 366, and Bankruptcy Rule 6003
(I) Approving Debtors' Adequate Assurance of Payment,
(II) Establishing Procedures for Resolving Requests by
Utility Companies for Additional Assurance Of Payment,
(III) Scheduling a Hearing with Respect to Contested
Adequate Assurance of Payment Requests, and (IV)
Authorizing Debtors to Pay Claims of a Third Party
Vendor (Docket No. 8).

Responses Filed:        Emergency Motion to Reconsider
and for Vacatur of Order (I)
Approving Debtors' Adequate
Assurance of Payment, (II)
Establishing Procedures for
Resolving Requests by Utility
Companies for Additional
Assurance of Payment, (III)
Scheduling a Hearing with Respect
to Contested Adequate Assurance
of Payment Requests, (IV)
Authorizing Debtors to Pay Claims
of a Third Party Vendor (Docket
No. 262);

Emergency Motion to Expedite
Hearing or Set Status Conference
(Docket No. 266);

Motion by Accent Energy
California LLC for Additional
Adequate Protection Pursuant to
Bankruptcy Code Section 366 in
Lieu of Blocked Account (Docket
No. 435);
and

Request for Adequate Assurance,

|                      | Request for Additional Adequate Assurance and Objection to Debtors' Proposed Adequate Assurance (Docket No. 525). |
|----------------------|---|
| Replies Filed:       | None. |
| Related Filings:     | Order Under Bankruptcy Code Sections 105(a), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing With Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 117);

Notice of Depositions and Request for Production of Documents (Docket No. 269); and

Notice of Appeal (filed by Florida Power & Light Company, Potomac Electric Power Company, Demarva Power & Light Company, Atlantic City Electric Company, Alabama Power Company and Central Main Power Company (Docket No. 355). |
| Status:              | The Motion for Reconsideration and related requests have been resolved by an amended order, which will be filed with the Court.  Accent Energy California LLC's Request for Additional Adequate Protection (Docket No. 435) has been continued by agreement to the December 22, 2008 Omnibus Hearing. The hearing with respect to this matter will go forward. |

15. Debtors' Motion For Order Pursuant to Bankruptcy Code
Sections 105, 362(B), 363, 503(B), 506, 546(B), 1107(A)
and 1108 and Bankruptcy Rule 6003 Authorizing Payment
of Certain Prepetition Shipping and Delivery Charges
(Docket No. 10).

Responses Filed:      Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129, 132)
(Docket No. 455).

Replies Filed:        None.

Related Filings:      Order Granting Motion to
Authorize Pursuant to Bankruptcy
Code Sect. 105, 363, 503 (b),
506, 546, 1107 (a) and 1108 and
Bankruptcy Rule 6003 Authorizing
Payment of Certain Prepetition
Shipping and Delivery Charges
(Docket No. 112).

Status:               The hearing with respect to this
matter will go forward.

16. Debtors' Motion for Order Pursuant to Bankruptcy Code
Sections 105(A), 362(B), 506, 546(B), 1107(A), 1108 and
1129 And Bankruptcy Rule 6003 Authorizing Payment of
Contractors in Satisfaction of Liens (Docket No. 11).

Responses Filed:      Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129, 132)
(Docket No. 455).

Replies Filed:        None.

Related Filings:      Interim Order Pursuant To
Bankruptcy Code Sections
105(A),362(B), 506, 546(B),
1107(A), 1108 And 1129 And
Bankruptcy Rule 6003 Authorizing
Payment Of Contractors In
Satisfaction Of Liens Order
Setting Hearing (Docket No. 129).

Status:               The hearing with respect to this
matter will go forward.

17.   Motion of Debtors for Order Pursuant to Bankruptcy Code
      Sections 105, 363, 1107(A) and 1108, and Bankruptcy
      Rule 6003 Authorizing Debtors to Pay Prepetition Claims
      of Certain Foreign Vendors and Service Providers
      (Docket No. 12).

      Responses Filed:      Limited Objection of the Official
                            Committee of Creditors Holding
                            Unsecured Claims to Certain First
                            Day Order (Court Docket Numbers
                            80, 82, 110, 112, 129, 132)
                            (Docket No. 455).

      Replies Filed:        None.

      Related Filings:      Interim Order Pursuant To
                            Bankruptcy Code Sections 105,
                            363, 1107(A) and 1108, and
                            Bankruptcy Rule 6003 Authorizing
                            Debtors To Pay Prepetition Claims
                            Of Certain Foreign Vendors And
                            Service Providers (Docket No.
                            132).

      Status:               The hearing with respect to this
                            matter will go forward.

18.   Motion of Debtors for Order Under Bankruptcy Code
      Sections 105(A), 362, 503(B), 507(A), 546(C), and
      546(H) I) Granting Administrative Expense Status to
      Obligations from Postpetition Delivery of Goods; (II)
      Authorizing Payment of Expenses in the Ordinary Course
      of Business; (III) Authorizing Debtors to Return Goods;
      and (IV) Establishing Procedures for Reclamation
      Demands (Docket No. 14).

      Responses Filed:      Objection of Warner Home Video to
                            Order Under Bankruptcy Code
                            Sections 105(A), 362, 503(B),
                            507(A), 546(C), And 546(H) (I)
                            Granting Administrative Expense
                            Status To Obligations From
                            Postpetition Delivery Of Goods;
                            (II) Authorizing Payment Of
                            Expenses In The Ordinary Course
                            Of Business; (III) Authorizing
                            Debtors To Return Goods; And (IV)
                            Establishing Procedures For
                            Reclamation Demands (Docket No.
                            448);

Limited Opposition to Debtors for
Order Under Bankruptcy Code
Sections 105(A), 362, 503(B),
507(A), 546(C), and 546(H) (I)
Granting Administrative Expense
Status to Obligations from
Postpetition Delivery of Goods;
(II) Authorizing Payment of
Expenses in the Ordinary Course
of Business; (III) Authorizing
Debtors to Return Goods; and (IV)
Establishing Procedures for
Reclamation Demands (Alliance
Entertainment LLC and Source
Interlink Media, LLC (Docket No.
500);
and

Lumisource, Inc.'s Objection to
Order Establishing Procedures for
Reclamation Demands and Joinder
in Objection of Other Reclaiming
Vendors (Docket No. 504).

Replies Filed:        Debtors' Omnibus Reply To
Objections And In Support Of
Motion Of Debtors For Order Under
Bankruptcy Code Sections 105(A),
362, 503(B), 507(A), 546(C), And
546(H) (I) Granting
Administrative Expense Status To
Obligations From Postpetition
Delivery Of Goods; (II)
Authorizing Payment Of Expenses
In The Ordinary Course Of
Business; (III) Authorizing
Debtors To Return Goods; And (Iv)
Establishing Procedures For
Reclamation Demands (Docket No.
656).

Related Filings:      Interim Order Under Bankruptcy
Code Sections 105(A), 362,
503(B), 507(A), 546(C), And
546(H) (I) Granting
Administrative Expense Status To
Obligations From Postpetition
Delivery Of Goods; (II)
Authorizing Payment Of Expenses
In The Ordinary Course Of
Business; (III) Authorizing
Debtors To return Goods; And (IV)

Establishing Procedures For
Reclamation Demands and Setting
Hearing (Docket No. 133).

Status:                    The hearing with respect to this
                           matter will go forward.

19.  Debtors' Motion for Order Pursuant to 11 U.S.C. §§
     105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006
     Authorizing Rejection of Unexpired Leases of
     Nonresidential Real Property and Abandonment of
     Personal Property Effective as of the Petition Date
     (Docket No. 21).

     Responses Filed:      Objection by Landover Crossing,
                           LLC to Order Pursuant to 11
                           U.S.C. §§ 105(a), 365(a) and 554
                           and Fed. R. Bankr. P. 6006
                           Authorizing Rejection of
                           Unexpired Leases of
                           Nonresidential Real Property and
                           Abandonment of Personal Property
                           Effective as of the Petition Date
                           (Docket No. 229);

                           Objection by Cardinal Capital
                           Partners, Inc. and Affiliate to
                           Debtors' Motion to Reject Certain
                           Unexpired Leases of
                           Nonresidential Real Property and
                           the Order Granting that Motion
                           (Docket No. 246);

                           Objection by the Balogh Companies
                           and Certain Affiliates to
                           Debtors' Motion to Reject Certain
                           Unexpired Leases of
                           Nonresidential Real Property and
                           the Order Granting that Motion
                           (Docket No. 247);

                           Objection by The Leben Family
                           Limited Partnership to the Order
                           Pursuant to 11 U.S.C. §§ 105(a),
                           365(a) and 554 and Fed. R. Bankr.
                           P. 6006 Authorizing Rejection of
                           Unexpired Leases of
                           Nonresidential Real Property and
                           Abandonment of Personal Property
                           Effective as of the Petition Date
                           (Docket No. 255);

Objection of Inland US Management LLC to Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 256);

Limited Objection of CK Richmond Business Services #2 Limited Liability Company to the Debtors' Motion to Reject Certain Unexpired Leases of Nonresidential Real Property and the Order Granting that Motion (Docket No. 257);

Objection of Inland Commercial Property Management, Inc. to Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 259);

Objection of Carrollton Arms, LLC to the Debtors' Motion to Reject Leases and Abandon Personal Property (Docket No. 260);

Objection of Premier Retail Interiors, Inc., as Successor in Interest to Quantum Fine Casework, Inc. to Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 271);

Limited Objection by Dick's Sporting Goods, Inc. to Order Pursuant to 11 U.S.C. §§ 105(a),

365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 275);

Limited Objection by Golf Galaxy, Inc. to Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 277);

Objection By OLP 6609 Grand, LLC to the Debtors Motion To Reject Certain Unexpired Leases Of Nonresidential Real Property (Docket No. 342);

Objection of Dollar Tree Stores, Inc. to the Order Pursuant to 11 U.S.C. Sections 105(A), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 351);

Joinder of Landlord, 120 Orchard, 427 Orchard LLC and FT Orchard LLC in Limited Objection to Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 354);

Limited Objection by Melvin Walton Hone, as Trustee of the Hone Family Trust to Order Pursuant to 11 U.S.C. Sections

105(a), 365(a) and 554 of Fed. R.
Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases and
Subleases of Non-Residential Real
Property and Abandonment of
Personal Property Effective as of
the Petition Date (Docket No.
368);

Objection Bond C.C. I Delaware
Business Trust's Objection to
Debtors' Motion for Order
Pursuant to 11 U.S.C. Sections
105(a), 365(a) and 554 and Fed.
R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
and Order Granting Requested
Relief (Docket No. 378);

Amended Objection to Motion and
Order Pursuant to 11 U.S.C.
Sections 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
(Docket No. 437);

Amended Objection to Debtors'
Motion for Order Pursuant to
Bankruptcy Code Sections 105,
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases and of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 530);

Joinder in Objections of
Manufacturers and Traders Trust
Company to the Debtors' Motion to
Reject Certain Unexpired Leases
of Nonresidential Real Property
as of the Petition Date and the
Order Granting That Motion
Pursuant to 11 U.S.C. Sections
105(a), 365 (a) and 554 and Fed.
R. Bankr. P. 6006 (Docket No.
574);
and

|  | Objection and Joinder In Objections Of Manufacturers And Traders Trust Company To The Debtors' Motion to Reject Certain Unexpired Leases Of Nonresidential Real Property As Of The Petition Date And The Order Granting That Motion Pursuant To 11 U.S.C. Sections 105(A), 365(A) And 554 And Fed. R. Bankr. P. 6006 (Docket No. 576). |
|---|---|
| Replies Filed: | Omnibus Reply by the Debtors to Objections and in Support of Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. Sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of Petition Date (Docket No. 664). |
| Related Filings: | Order Pursuant to 11 U.S.C. §§ 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (Docket No. 81) |
| Status: | The hearing with respect to this matter will go forward. |

20.    Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 24).

|  | |
|---|---|
| Responses Filed: | Limited Objection by EklecCo NewCo, LLC to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement |

among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 228);

Limited Objection of the Macerich
Company, Breef Management
Company, Cousins Properties
Incorporated, and Watt Management
Company to the Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 249);

Objection of Inland American
Retail Management LLC and Inland
US Management LLC to Motion of
the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 258);

Limited Objection of Tanglewood
Park, LLC, Roth Tanglewood, LLC
and Luckoff Land Company, LLC as
Tenants in Common to Relief
Granted in the Order Granting
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,

and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 264);

Limited Objection by Generation
One and Two, LP; Cohab Realty,
LLC; Kimco Realty Corp.; Chung
Hee Kim (Ridgehaven Plaza
Shopping Center); KRG Market
Street Village, LP; International
Speedway Square, Ltd; Kite Coral
Springs, LLC; and Fishers Station
Development Co. to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 272);

Objection by Generation One and
Two, LP; Cohab Realty, LLC; Kimco
Realty Corp.; Chung Hee Kim
(Ridgehaven Plaza Shopping
Center)to Debtors' Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement; CC-Investors 1995-6;
Union Square Retail Trust;
Gateway  Center Properties III,
LLC and SMR Gateway III, LLC as
tenants in common; Whitestone
Development Partners, LP; KRG
Market Street Village, LP;
International Speedway Square,
Ltd; Kite Coral Springs, LLC; and
Fishers Station Development Co.)
(Docket No. 276);

Limited Objections of F.R.O., L.L.C. IX to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 279);

Limited Objection of Pan Am to Debtor's Motion to Assume Agency Agreement (Docket No. 292);

Limited Objection by UTC I, LLC; PrattCenter, LLC; and Valley Corners Shopping Center, LLC to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 293);

Limited Objection of Carnegie Management and Development Corporation to the Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 310);

Taubman Auburn Hills Associates Limited Partnership's Joinder in the Limited Objection of Eklecco

NewCo, LLC to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 320);

Objection of 1030 W. North Ave.
Bldg. LLC to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 341);

Joinder of Centro Properties
Group, Federal Realty Investment
Trust, Cencor Realty, The
Hutensky Group, UBS Realty
Investors, LLC, The Morris
Companies Affiliates and Uniwest
Commercial Realty in Objections
of Certain Landlords to the
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 347);

Objection to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement

among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (M.I.A. Brookhaven,
LLC) (Docket No. 349);

Amended Limited Objection of
Hoprock Limonite, LLC to the
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 405);

Objection of OLP CCFerguson, LLC
and OLP CCantioch, LLC to Motion
of the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 454);

Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129, 132)
(Docket No. 455);

Objection Of Simvest Real Estate
II, LLC, Landlord Of Store No.
238, to Motion of The Debtors For
Entry Of Order Pursuant To
Bankruptcy Code Sections 105, 363
And 365 (I) Assuming The Agency
Agreement Among The Debtors,
Hilco Merchant Resources, LLC And

Gordon Brothers Retail Partners, LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (Docket No. 612); and

Amended Limited Objection of Mallview Plaza Company Ltd. to The Motion Of The Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (I) Assuming The Agency Agreement Among The Debtors, Hilco Merchant Resources, LLC And Gordon Brothers Retail Partners, LLC, And (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (Docket No. 621).

Replies Filed:            Omnibus Reply by the Debtors to Objections to and in Support of Motion of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 105, 363, 365 and 554 (I) Assuming Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 669).

Related Filings:          Order Granting Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 82);

Corrected Order Granting Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 147); and

Notice of Filing Revised Proposed Order Granting Motion Of Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105, 363 and 365 (I) Assuming Agency Agreement Among Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC and (II) Authorizing The Debtors To Continue Agency Agreement Sales Pursuant To Store Closing Agreement (Docket No. 714).

Status:    As set forth in the Reply, the Debtors are currently working to resolve the objections. The Debtors have filed a blackline order with the Court. The hearing with respect to this matter will go forward.

21.  Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)(Docket No. 290).

Responses Filed:    Limited Objection by Cencor Realty, Centro Properties Group, Federal Realty Investment Trust, The Hutensky Group, The Morris Companies Affiliates, UBS Realty Investors, LLC, Uniwest Commercial Realty. to Debtors' Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property

Pursuant to Bankruptcy Code
Section 365(d)(4)(Docket No.
578);

Limited Objection by 502-12 86th
Street LLC to Motion of Debtors
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 588);

Limited Objection by Woodlawn
Trustees Incorporated to Motion
of Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Property (Docket
No. 589);

Limited Objection by Basile
Limited Liability Company to
Motion of Debtors for Order Under
Bankrutpcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Property (Docket
No. 590);

Limited Objection of Bear Valley
Road Partners LLC, Laguna Gateway
Phase 2, LP, Manteca Stadium
Park, L.P., and OTR-Clairemont
Square to Motion of Debtors for
Order Under Bankruptcy Code Sec.
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 594);

Objection of The Macerich
Company, RREEF Management
Company, Cousins Properties
Incorporated, Watt Management
Company, The Prudential Insurance
Company of America, Portaland
Investment Company, and KNP to

the Motion of Debtors for Order
Under Bankruptcy Code Section
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Docket No. 595);

Objection of Ricmac Equities
Corporation to Motion of Debtors
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 597);

Limited Objection of Inland
Southwest Management LLC, Inland
American Retail Management LLC,
Inland US Management LLC, Inland
Pacific Property Services LLC,
Inland Commercial Property
Management, Inc., and Inland
Continental Property Management
Corp. to Motion of Debtors for
Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 605);

Objection by Carousel Center
Company, L.P., Charlotte
(Archdale) UY, LLC, EklecCo
NewCo, LLC, Fingerlakes Crossing,
LLC, Sangertown Square, L.L.C. to
Motion Pursuant to Section
365(d)(4) of the Bankruptcy Code
to Extend the Period Within Which
The Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 606);

Objection Of Certain Landlords to
Motion Of The Debtors For Order
Under Bankruptcy Code Section
365(D)(4) Extending The Time
Which Debtors May Assume Or
Reject Unexpired Leases Of Non-

Residential Real Property (Docket No. 607);

Limited Objection by Altamonte Springs Real Estate Associates, LLC to Debtors' Motion for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 608);

Objection of GMS Golden Valley Ranch, LLC to Motion of Debtors for Order Under Bankruptcy Code Sec. 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 611);

Limited Objection by Madison Waldorf, LLC to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property (Docket No. 614);

Limited Objection by Tysons 3, LLC to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property (Docket No. 615);

Objection by Chino South Retail PG, LLC to Motion of the Debtors for Order Under Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of NonResidential Real Property (Docket No. 618);

Limited Objection by Archon Group, L.P. to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume

or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 619);

Objection by Sacco of Maine, LLC
to the Motion of the Debtors for
an Order Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of Non-
Residential Real Property (Docket
No. 622);

Objection by Panattoni
Development Company, Inc. as
Agent for EPC Denton Gateway, LLC
to (I) Motion of the Debtors For
Order Under Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases on
NonResidential Real Property and
(II) Request To Compel Compliance
With Obligations Under Section
365(d)(3)(Docket No. 623);

Objection by First Industrial
Realty Trust, Inc. to Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 624);

Objection by AmCap Arborland LLC,
AmCap NorthPoint LLC, Arboretum
of South Barrington, LLC,
Eatontown Commons Shopping Center
to Motion to Extend Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Pursuant to Bankruptcy Code
Section 365(d)(4)(Docket No.
625);

Objection by Ray Mucci's Inc. to
Debtors' Motion for Order Under
Bankrutpcy Code Section 365(d)(4)
Extending Time Within which
Debtors May Assume Or Reject

Unexpired Leases of
Nonresidential Real Property and
Cross-Motion to Compel Payment of
Rent (Docket No. 627);

Panattoni Northglenn's (I)
Objections To Motion Of The
Debtors For Order Under Section
365(D)(4) Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property And
(II) Request To Compel Compliance
With Obligations Under Section
365(D)(3)(Docket No. 630);

Simon Property Group, Inc.'s
Limited Objection To Motion Of
Debtor For Order Under Bankruptcy
Code Section 365(D)(4) Extending
The Time Within Which Debtors May
Assume Or Reject Unexpired Leases
Of Nonresidential Real Property
(Docket No. 632);

Limited Objection of the Greater
Orlando Aviation Authority to
Debtors' Motion for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 633);

Objections Of Raymond & Main
Retail, LLC To Motion Of The
Debtors For Order Under Section
365(D)(4)Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 634);

Limited Objection Of Developers
Diversified Realty Corporation,
General Growth Properties, Inc.,
Weingarten Realty Investors,
Basser-Kaufman, Inc., Regency
Centers, L.P., The Woodmont
Company, Jones Lang Lasalle
Americas, Inc., Philips

International Holding Corp., Wec
99a-2 Llc, Ashkenazy Management
Corp., And The Macnaughton Group
To The Motion Of Debtors For
Order Under Bankruptcy Code
Section 365(D)(4) Extending Time
Within Which Debtors May Assume
Or Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 636);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 644);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Asume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 657);

Objection by Crossroads Shopping
Center, Rolling Acres Plaza
Shopping Center, Thoroughbred
Village Tennessee, GP, Perimeter
Mall, The West Campus Square
Company, LLC, De Rito Pavilions
139, LLC, Myrtle Beach Farms,
Drexel Delaware Limited
Partnership, Roth Tanglewood LLC,
Tanglewood Park LLC, N.P.
Huntsville Limited Liability
Company, 1030 W. North Ave. Bldg.
LLC, Amargosa Palmdale
Investments, LLC, Bella Terra
Associates, LLC, CC-Investors
1995-6, Chung Hee Kim (Ridgehaven
Plaza Shopping Center), Cohab
Realty, LLC, Gateway Center
Properties III, LLC and SMR
Gateway III, LLC as tenants in

common, International Speedway
Square, Ltd., KRG Market Street
Village, LP, Kimco Realty
Corporation, Kite Coral Springs,
LLC, Manufacturers & Traders
Trust Company, as Trustee, Union
Square Retail Trust, Whitestone
Development Partners, L.P. to
Motion of Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 659);

Objection Of Manufacturers and
Traders Trust Company, As
Trustee, To The Debtors' Motion
For Orders Under 11 U.S.C.
Sections 105, 363 And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures Docket No.
660);

Objection of Manufacturers and
Traders Trust Company, as
Trustee, to the Debtors' Motion
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 662);

Conditional Opposition of M and M
Berman Enterprises ("MMBE")To
Motion Of Debtors For Order Under
Bankruptcy Code Section 365
(D)(4) Extending Time Within

Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real
Property)(Docket No. 699);
and

Limited Objection/Joinder Of
Viwy, L.P. In Limited Objections
Of Landlords To Debtors' Motion
For Order Under Bankruptcy Code
§ 365(D)(4) Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of Non-
Residential Real Property (Docket
No. 711).

| | |
|---|---|
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Debtors' Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(4)(Docket No. 291). |
| Status: | The hearing with respect to this matter will go forward. |

22.  Motion of Burbank Mall Associates, LLC for an Order
Compelling Payment of Post-Petition Rent Pursuant to 11
U.S.C. § 365(d)(3)(Docket No. 296).

| | |
|---|---|
| Responses Filed: | Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641). |
| Replies Filed: | None. |
| Related Filings: | Notice of Hearing on Motion to Compel the Payment of Post-Petition Rent Pursuant to 11 U.S.C. 365(d)(3)(Docket No. 297). |
| Status: | The hearing with respect to this matter will go forward. |

23. Motion of Crown CCI, LLC for an Order Compelling
    Payment of Post-Petition Rent and Post-Petition Taxes
    Pursuant to 11 U.S.C. § 365(d)(3)(Docket No. 298).

    Responses Filed:        Debtors' Omnibus Objection To The
                            Motions Pursuant To 11 U.S.C. §§
                            365(A) And 503(B) To Compel
                            Allowance And Payment Of Post-
                            Petition Rental Obligations As
                            Administrative Expenses (Docket
                            No. 641).

    Replies Filed:          None.

    Related Filings:        Notice of Motion and Notice of
                            Hearing (Docket No. 299); and
                            Amended Motion of Crown CCI, LLC
                            for an Order Compelling Payment
                            of Post-Petition Rent and Post-
                            Petition Taxes Pursuant to 11
                            U.S.C. § 365(d)(3)(Docket No.
                            333).

    Status:                 The hearing with respect to this
                            matter will go forward.

24. Motion by Woodlawn Trustees, Incorporated for an Order
    A) Compelling Debtor to Immediately Pay Administrative
    Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
    (B) Granting Related Relief and Supporting Memorandum
    (Docket No. 390).

    Responses Filed:        Debtors' Omnibus Objection To The
                            Motions Pursuant To 11 U.S.C. §§
                            365(A) And 503(B) To Compel
                            Allowance And Payment Of Post-
                            Petition Rental Obligations As
                            Administrative Expenses (Docket
                            No. 641).

    Replies Filed:          None.

    Related Filings:        Notice of Hearing and Notice of
                            Motion (Docket No. 391).

    Status:                 The hearing with respect to this
                            matter will go forward.

25. Motion by 502-12 86th Street LLC for an Order (A)
    Compelling Debtor to Immediately Pay Administrative
    Rent Pursuant to 11 U.S.C. § 365(d(3) and 503(b); and

(B) Granting Related Relief and Supporting Memorandum
(Docket No. 396).

Responses Filed:        Debtors' Omnibus Objection To The
                        Motions Pursuant To 11 U.S.C. §§
                        365(A) And 503(B) To Compel
                        Allowance And Payment Of Post-
                        Petition Rental Obligations As
                        Administrative Expenses (Docket
                        No. 641).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of
                        Hearing (Docket No. 397).

Status:                 The hearing with respect to this
                        matter will go forward.

26.   Motion of Shopping.com for (1) Adequate Assurance of
      Payment, (2) Confirmation that all Post-Petition
      Services Provided to the Debtors by Shopping.com Shall
      be Treated as Allowed Administrative Claims or,
      Alternatively (3) in Failing to Provide Such Relief,
      Granting Shopping.com Immediate Relief from Stay to
      Cease Providing any Services to Debtors and Notice of
      Motion and Notice of Hearing (Docket No. 399).

Responses Filed:        Objection by the Debtors to
                        Shopping.com's Motion for (1)
                        Adequate Assurance of Payment,
                        (2) Confirmation that all
                        Postpetition Services Provided to
                        the Debtors by Shopping.com Shall
                        be Treated as Allowed
                        Administrative Claims or,
                        Alternatively (3) in Failing to
                        Provide Such Relief, Granting
                        Shopping.com Immediate Relief
                        from Stay to Cease Providing any
                        Services to Debtors (Docket No.
                        715).

Replies Filed:          None.

Related Filings:        None.

Status:                 The hearing with respect to this
                        matter will go forward.

27.    Motion by Basile Limited Liability Company for an Order
       (A) Compelling Debtor to Immediately Pay Administrative
       Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
       (B) Granting Related Relief and Supporting Memorandum
       (Docket No. 403).

       Responses Filed:       Debtors' Omnibus Objection To The
                              Motions Pursuant To 11 U.S.C. §§
                              365(A) And 503(B) To Compel
                              Allowance And Payment Of Post-
                              Petition Rental Obligations As
                              Administrative Expenses (Docket
                              No. 641).

       Replies Filed:         None.

       Related Filings:       Notice of Motion and Notice of
                              Hearing (Docket No. 404).

       Status:                The hearing with respect to this
                              matter will go forward.

28.    Supplemental Motion of the Debtors for Order Pursuant
       to Bankruptcy Code Sections 105(A), 506(a), 507(a)(8),
       541, and 1129 Authorizing the Debtors to Pay
       Prepetition Sales, Use, Trust Fund and Other Taxes and
       Related Obligations (Docket No. 407).

       Responses Filed:       Objection by Objection to
                              Supplemental Motion of Debtors
                              For Order Authorizing The Debtors
                              To Pay Prepetition Sales, Use,
                              Trust Fund and Other Taxes and
                              Related Obligations to
                              Supplemental Motion of Debtors
                              For Order Authorizing The Debtors
                              To Pay Prepetition Sales, Use,
                              Trust Fund and Other Taxes and
                              Related Obligations (Docket No.
                              620).

       Replies Filed:         None.

       Related Filings:       Motion of the Debtors for Order
                              Pursuant to Bankruptcy Code
                              Sections 105(A), 506(A),
                              507(A)(8), 541, and 1129 and
                              Bankruptcy Rule 6003 Authorizing
                              the Debtors to Pay Prepetition
                              Sales, Use, Trust Fund and Other
                              Taxes and Related Obligations
                              (Docket No. 7);

Order Granting Motion to
Authorize Pursuant to Bankruptcy
Code Sect, 105 (a), 506 (a), 507
(a) (8), 541, and 1129 and
Bankruptcy Rule 6003 Authorizing
the Debtors to Pay Prepetiton
Sales, Use, Trust Fund and Other
Taxes and Related Obligations
(Docket No. 110);
and

Notice of Motion and Notice of
Hearing on Supplemental Motion of
the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(A),
506(a), 507(a)(8), 541, and 1129
Authorizing the Debtors to Pay
Prepetition Sales, Use, Trust
Fund and Other Taxes and Related
Obligations (Docket No. 408).

Status:            The hearing with respect to this
                   matter will go forward.

29.  Motion of Debtors for Order Pursuant to Bankruptcy Code
     Sections 105 and 502, and Bankruptcy Rule 2002,
     3003(c)(3), and 9007 (i) Setting General Bar Date and
     Procedures for Filing Proofs of Claim, and (ii)
     Approving Form and Manner of Notice Thereof (Docket No.
     411).

     Responses Filed:   Objection of the Texas
                        Comptroller and Texas Workforce
                        Commission to Debtor's Motion to
                        Shorten Governmental Bar Date
                        (Docket No. 429);

                        Limited Objection to Motion of
                        Debtors for Order Pursuant to
                        Bankruptcy Code Sections 105 and
                        502 and Bankruptcy Rule 2002,
                        3003(c)(3), and 9007 (I) Setting
                        General Bar Date and Procedures
                        For Filing Proofs of Claim, and
                        (II) Approving Form and Manner of
                        Notice Thereof (Docket No. 526);

                        Limited Objection by Cencor
                        Realty, Centro Properties Group,
                        Federal Realty Investment Trust,
                        The Hutensky Group, The Morris

Companies Affiliates, UBS Realty Investors, LLC, Uniwest Commercial Realty to Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007(i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (II) Approving Form and Manner of Notice Thereof (Docket No. 579);

Limited Objection by Internal Revenue Service To Motion Of Debtors For Order Pursuant To Bankruptcy Code Sections 105 And 502, And Bankruptcy Rule 2002, 3003(C)(3), And 9007 (I) Setting General Bar Date And Procedures For Filing Proofs Of Claim, And (II) Approving Form And Manner Of Notice Thereof (Docket No. 592);

Limited Objection Of Pan Am Equities To Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105 And 502 And Bankruptcy Rule 2002, 3003(C)(3), And 9007 Setting General Bar Date And Procedures For Filing Proofs Of Claim (Docket No. 600); and

Joinder Of F.R.O., L.L.C. IX To Centro's Limited Objection To Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105 And 502, And Bankruptcy Rule 2002, 3003(C)(3), And 9007 (I) Setting General Bar Date And Procedures For Filing Proofs Of Claim, And (II) Approving Form And Manner Of Notice Thereof (Docket No. 631).

Replies Filed:        None.

Related Filings:      Notice of Motion and Notice of Hearing (Docket No. 412); and

Notice of Filing Revised Proposed Order Pursuant to Bankruptcy Code Sections 105 and 502, and Bankruptcy Rule 2002, 3003(c)(3), and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (ii) Approving Form and Manner of Notice Thereof (Docket No. 710).

Status:               The Debtors have agreed to establish the governmental bar date as 180 days from the petition date, as reflected in the blackline order filed by the Debtors.  Accordingly, the objections are resolved.  The hearing with respect to this matter will go forward.

30.   Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (Docket No. 413).

Responses Filed:      Limited Objection by Pan Am Equities to Lease Sale Motion (Docket No. 599);

Objection of Inland American Retail Management LLC, Inland Southwest Management, LLC and Inland US Management LLC to Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of

Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 604);

Objection by EklecCo NewCo, LLC
to Debtors' Motion for Orders
Under 11 U.S.C. Sections 105,
363, and 365 (i) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
610);

Objection of The Macerich
Company, Cousins Properties
Incorporated, and Watt Management
Company to the Debtors' Motion
for Orders Under 11 U.S.C. Secs.
105, 363, and 365(i) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 613);

Limited Objection by Cencor
Realty, Centro Properties Group,
Federal Realty Investment Trust,
The Hutensky Group, The Morris
Companies Affiliates, UBS Realty

Investors, LLC, Uniwest
Commercial Realty to Debtors'
Motion for Orders Under 11 U.S.C.
Sections 105, 363, and 365(I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (C) Lease
Rejection Procedures (Docket No.
616);

Response by Official Committee of
Unsecured Creditors to Debtors'
Motion For Orders (I) Approving
Bidding and Auction Procedures
For Sale of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 617);

Limited Objection by F.R.O.,
L.L.C. IX to Motion of the
Debtors for Entry of an Order
Pursuant to Bankruptcy Code
Sections 105, 363, and 365 (I)
Approving the Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
Sale of Certain Nonresidential
Real Property Leases Free and

Clear of Liens, Claims and
Encumbrances, Assumption and
Assignment of Certain Unexpired
Nonresidential Real Property
Leases and Lease Rejection
Procedures (Docket No. 626);

Objection of Ventura In
Manhattan, Inc. To Debtors'
Proposed Cure Amount And Motion
For Orders Under 11 U.S.C. §§
105, 363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear Of Liens,
Claims, and Encumbrances,
(B) Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 628);

Panattoni Northglenn's Objections
to Motion of The Debtors For
Orders Under 11 U.S.C. §§ 105,
363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear
Of Liens, Claims, and
Encumbrances, (B) Assumption
And Assignment of Certain
Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 629);

Limited Objection of The
Marketplace Of Rochester Hills
Parcel B, LLC. To Debtors' Motion

For Orders Under 11 U.S.C.
Sections 105, 363, And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims, And Encumbrances, (B)
Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures (Docket No.
642);

Limited Objection of Certain
Landlords to the Debtors Motion
for Orders Under 11 U.S.C. 105,
363, and 365 (I) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claim, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 645);

Objection of Developers
Diversified Realty Corporation,
Philips International Holding
Corp., Regency Centers, L.P.,
Weingarten Realty Investors, And
S.J. Collins Enterprises To
Debtors' Bidding Procedures
Motion (Docket No. 652);

Objection of Manufacturers and
Traders Trust Company, As
Trustee, to The Debtors' Motion
For Orders Under 11 U.S.C.

Sections 105, 363 And 365 (I)
Approving Bidding and Auction
Procedures for Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures (Docket No.
653);

Limited Objection by Certain
Landlords to the Debtors' Motion
for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (i)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
658);

Joinder of OLP Ccantioch, LLC And
OLP Ccferguson to Objections
To Debtor's Proposed Cure Amount
And Motion For Orders Under 11
U.S.C. Sections 105, 363, And 365
(I) Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims, And Encumbrances, (B)

52

Assumption And Assignment Of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 663);

Objection by Amargosa Palmdale
Investments, LLC, Bella Terra
Associates, LLC, CC-Investors
1995-6, Chung Hee Kim (Ridgehaven
Plaza Shopping Center), Cohab
Realty, LLC, Gateway Center
Properties III, LLC and SMR
Gateway III, LLC as tenants in
common, The West Campus Square
Company, LLC, Union Square Retail
Trust, Whitestone Development
Partners, L.P.to Debtors' Motion
for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 665);
and

Joinder of Amcap NorthPoint LLC
to Ventura in Manhattan, Inc., as
successor in interest to MEPT
Realty LLC's objection to the
Debtors' Proposed Cure Amount and
Motion for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property

Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 666).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of
Hearing on Debtors' Motion for
Orders Under 11 U.S.C. Sections
105, 363, and 365 (i) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain Non-
residential Real Property Leases
Free and Clear of Liens, Claims,
and Encumbrances, (b) Assumption
and Assignment of Certain
Unexpired Nonresidential Property
Leases, and (c) Lease Rejection
Procedures (Docket No. 414);
and

Notice of Filing of Exhibit 1 to
Proposed Order Under 11 U.S.C.
Sections 105, 363, and 365 (i)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
522).

Status:                 The hearing with respect to this
matter will go forward.

31.    Motion to Approve Compromise under FRBP 9019 by and
       Among the Debtors and Panasonic (Docket No. 463).

       Responses Filed:        Committee's Objection to the
                               Debtors' Motion for an Order
                               Pursuant To Bankruptcy Code
                               Section 363 and Bankruptcy Rule
                               9019 Approving Settlement
                               Agreement By and Among the
                               Debtors and Panasonic (Docket No.
                               703).

       Replies Filed:          None.

       Related Filings:        Motion to Expedite Hearing on
                               Debtors' Motion for Order
                               Pursuant to Bankruptcy Code
                               Section 363 and Bankruptcy Rule
                               9019 Approving Settlement
                               Agreement By and Among the
                               Debtors and Panasonic (Docket No.
                               465);
                               and

                               Order Granting Motion to Expedite
                               Hearing (Docket No. 517).

       Status:                 The hearing with respect to this
                               matter will go forward.

32.    Motion and Supporting Memorandum of Taubman Auburn
       Hills Associates Limited Partnership for an Order (A)
       Compelling Debtor to Immediately Pay Administrative
       Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
       (B) Granting Related Relief (Docket No. 471).

       Responses Filed:        Debtors' Omnibus Objection To The
                               Motions Pursuant To 11 U.S.C. §§
                               365(A) And 503(B) To Compel
                               Allowance And Payment Of Post-
                               Petition Rental Obligations As
                               Administrative Expenses (Docket
                               No. 641);
                               and

                               Joinder Of Centro Properties
                               Group, Federal Realty Investment
                               Trust, Cencor Realty, The
                               Hutensky Group, The Morris
                               Companies Affiliates, And Uniwest
                               Commercial Realty In Motions Of
                               Various Landlords For Allowance

                                             Of Administrative Claims And
Payment Of Stub Rent For November
2008 (Docket NO. 712).

Replies Filed:           None.

Related Filings:      Motion for Expedited Hearing of
the Motion and Supporting
Memorandum of Taubman Auburn
Hills Associates Limited
Partnership for an Order (A)
Compelling Debtor to Immediately
Pay Administrative Rent Pursuant
to 11 U.S.C. § 365(d)(3) and
503(b); and (B) Granting Related
Relief (Docket No. 474);

Notice of Hearing (Docket No.
475;
and

Order Granting Motion to Expedite
Hearing (Docket No. 531).

Status:              The hearing with respect to this
matter will go forward.

33.   Demand by Green 521 5th Avenue LLC for Payment of all
Post-Petition Rent and Performance by Debtor of all of
Its Obligations Under Its Commercial Lease in
Accordance with Bankruptcy Code § 365(d)(3) (Docket No.
538).

Responses Filed:     Debtors' Omnibus Objection To The
Motions Pursuant To 11 U.S.C. §§
365(A) And 503(B) To Compel
Allowance And Payment Of Post-
Petition Rental Obligations As
Administrative Expenses (Docket
No. 641).

Replies Filed:           None.

Related Filings:      None.

Status:              The hearing with respect to this
matter will go forward.

Dated: December 4, 2008      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia      FLOM, LLP
                                   Gregg M. Galardi, Esq.
                                   Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

                - and -

    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

                - and -

    MCGUIREWOODS LLP


    /s/ Douglas M. Foley          .
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Proposed Counsel for Debtors and
    Debtors in Possession


\6744148