Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000


               IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - -   x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC., et   : Case No. 08-35653
al.,                            :
                                :
           Debtors.             :
                                : Jointly Administered
- - - - - - - - - - - - - - -   x


        **AMENDED PROPOSED AGENDA FOR THE OMNIBUS
         HEARING SCHEDULED FOR DECEMBER 5, 2008**

**A.    Introduction**

     Set forth below is ~~a~~**an amended** proposed agenda for the
Omnibus Hearing scheduled for **December 5, 2008** beginning at **10:00
a.m.** (the "**Amended** Proposed Agenda").

     The information contained in the **Amended** Proposed Agenda
reflects documents received in our offices as of the date hereof.
Counsel to the Debtors have served a copy of this Proposed Agenda
in accordance with the Order Establishing Omnibus Hearing Dates
and Authorizing Certain Electronic Notice, Case Management and
Administrative Procedures (entered on November 13, 2008 at Docket
No. 130) (the "Case Management Order").

The matters set for hearing are divided into the following categories for the purposes of this Proposed Agenda:

    A.    Introduction

    B.    Uncontested, Agreed or Settled Matters (~~10~~9 Matters)

    C.    Continued or Adjourned Matters (2 Matters)

    D.    Contested Matters (~~21~~22 Matters)

**B.**     **Uncontested, Agreed or Settled Matters**

    1.    Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 121).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Motion of the Debtors for Order Pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1 Extending Time for Debtors to File their Schedules and Statement of Financial Affairs and List of Equity Security Holders (Docket No. 136). |
| Status: | The hearing with respect to this matter will go forward. |

    2.    Application to Employ McGuireWoods LLP as Counsel for the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 329 (Docket No. 191).

| | |
|---|---|
| Responses Filed: | None. |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing on Application to Employ McGuireWoods LLP as Counsel for the Debtors (Docket No. 210). |
| Status: | The hearing with respect to this matter will go forward. |

3.    Application to Employ Kirkland & Ellis LLP as Special
      Counsel for the Debtors (Docket No. 192).

      Responses Filed:       None.

      Replies Filed:         None.

      Related Filings:       Notice of Motion and Notice of
                             Hearing on Application to Employ
                             Kirkland & Ellis LLP as Special
                             Counsel for the Debtors (Docket
                             No. 211).

      Status:                The hearing with respect to this
                             matter will go forward.

4.    Application to Employ Ernst & Young LLP as Accounting
      and Tax Consultants to the Debtors (Docket No. 193).

      Responses Filed:       None.

      Replies Filed:         None.

      Related Filings:       Notice of Motion and Notice of
                             Hearing on Application to Employ
                             Ernst & Young LLP as Accounting
                             and Tax Consultants to the
                             Debtors (Docket No. 212).

      Status:                The hearing with respect to this
                             matter will go forward.

5.    Application to Employ Rothschild Inc. as Investment
      Banker and Financial Advisor to the Debtors (Docket No.
      194).

      Responses Filed:       None; provided, however, the
                             Official Committee of Unsecured
                             Creditors has until December 4,
                             2008 to file a response.

      Replies Filed:         None.

      Related Filings:       Notice of Motion and Notice of
                             Hearing on Application to Employ
                             Rothschild Inc. as Investment
                             Banker and Financial Advisor to
                             the Debtors (Docket No. 213).

      Status:                The hearing with respect to this
                             matter will go forward.

6.   Application to Employ FTI Consulting, Inc. as Financial
     Advisors to the Debtors (Docket No. 195).

     Responses Filed:       None; provided, however, the
                            Official Committee of Unsecured
                            Creditors has until December 4,
                            2008 to file a response.

     Replies Filed:         None.

     Related Filings:       Notice of Motion and Notice of
                            Hearing on Application to Employ
                            FTI Consulting, Inc. as Financial
                            Advisors to the Debtors (Docket
                            No. 214).

     Status:                The hearing with respect to this
                            matter will go forward.

7.   Application to Employ Skadden, Arps, Slate, Meagher &
     Flom LLP and Affiliates as Counsel to the Debtors
     (Docket No. 287).

     Responses Filed:       None.

     Replies Filed:         None.

     Related Filings:       Notice of Motion and Notice of
                            Hearing on Application to Employ
                            Skadden, Arps, Slate, Meagher &
                            Flom LLP and Affiliates as
                            Counsel to the Debtors (Docket
                            No. 288).

     Status:                The hearing with respect to this
                            matter will go forward.

8.   Shopping.com Inc.'s Motion to File Certain Documents
     Under Seal and Notice of Motion and Notice of Hearing
     (Docket No. 398).

     Responses Filed:       None.

     Replies Filed:         None.

     Related Filings:       None.

     Status:                The hearing with respect to this
                            matter will go forward.

9.    Debtors' Motion for Administrative Order Under
      Bankruptcy Code Sections 105(a) and 331 Establishing
      Interim Compensation Procedures (Docket No. 409).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Notice of Motion and Notice of
                              Hearing on Debtors' Motion for
                              Administrative Order Under
                              Bankruptcy Code Sections 105(a)
                              and 331 Establishing Interim
                              Compensation Procedures (Docket
                              No. 410).

      Status:                 The hearing with respect to this
                              matter will go forward.

10.   Motion to Approve Compromise under FRBP 9019 by and
      Among the Debtors and Panasonic (Docket No. 463).

      Responses Filed:        None.

      Replies Filed:          None.

      Related Filings:        Motion to Expedite Hearing on
                              Debtors' Motion for Order
                              Pursuant to Bankruptcy Code
                              Section 363 and Bankruptcy Rule
                              9019 Approving Settlement
                              Agreement By and Among the
                              Debtors and Panasonic (Docket No.
                              465);

                              and

                              Order Granting Motion to Expedite
                              Hearing (Docket No. 517). Status:
                                            The hearing with
                              respect to this matter will go
                              forward.

C.    **Continued or Adjourned Matters**

10.   11. Motion for Order Under 11 U.S.C. Sections 105, 362
      and 541 and Fed. R. Bankr. P. 3001 and 3002
      Establishing Notice, Hearing, and Sell-Down Procedures
      for Trading in Equity Securities and Claims Against the
      Debtors' Estates (Docket No. 20).

      Responses Filed:   Informal response from the
                         Securities Exchange Commission;

|                  | and |
|------------------|-----|
|                  | Informal response from the Official Committee of Unsecured Creditors. |
| Replies Filed:   | None. |
| Related Filings: | Interim Order Under 11 U.S.C. Sections 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors Estates And Setting Hearing (Docket No. 135). |
| Status:          | The Debtors have resolved the SEC's response by modifying the order. The Debtors are working to resolve the Committee's response.  In the event the Debtors are unable to reach a resolution prior to the hearing, pursuant to the Case Management Order, this matter will be continued to the December 22, 2008 Omnibus Hearing. |

**11.**   ~~12.~~ Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain PostPetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings (Docket No. 23).

| Responses Filed: | Limited Objection of Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc. and Inland Continental Property Management Corp. to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain PostPetition Financing and (B) to Utilize Cash Collateral; (II) Granting |

Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 261);

Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Kimco Realty
Corp.) (Docket No. 274);

Joinder of F.R.O., L.L.C. IX to
Inland's Limited Objection to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. §§ 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain PostPetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and  Final
Hearings (Docket No. 281);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§
105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to
Utilize Cash Collateral; (II)
Granting Adequate Protection; and
(III) Scheduling Interim and
Final Hearings (Docket No. 316);

Objection of Texas Ad Valorem Tax
Jurisdictions To Interim Order
And To Entry Of Final Order (1)
Authorizing Incurrence By
Debtors Of Post-Petition Secured

Indebtedness With Priority Over
All Secured Indebtedness…"(2)
Granting Liens (3) Granting Use
Of Cash Collateral…" (Docket No.
338);

Joinder of 502-12 86th Street LLC
to Limited Objection to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedures 2002 and
4001(I) Authorizing Debtors (A)
To Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 364);

Limited Objection to Debtors'
Motion For Interim And Final
Orders Pursuant To 11 U.S.C.
Sections 105, 361, 362, 363 And
364 And Federal Rules Of
Bankruptcy Procedure 2002 And
4001 (I) Authorizing Debtors (A)
To Obtain Postpetition Financing
And (B) To Utilize Cash
Collateral; (II) Granting
Adequate Protection; And (III)
Scheduling Interim And Final
Hearings (Docket No. 418);

Objection by Arlington ISD, et
al. to Motion and Entry of Final
Order Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363, and
364 and Rules 2002, 4001 and 9014
of the Federal Rules of
Bankruptcy Procedure (i)
Authorizing Incurrence by the
Debtors of Postpetition Secured
Indebtedness with Priority over
all Secured Indebtedness and with
Administrative Superpriority,
(ii) Granting Liens, (iii)
Authorizing Use of Cash
Collateral by the Debtors
Pursuant to 11 U.S.C. Section 363
and Providing for Adequate

Protection, (iv) Modifying the
Automatic Stay (Docket No. 424);

Limited Objection by Carousel
Center Company, LP, Sangertown
Square, LLC , EklecCo NewCo, LLC
and Fingerlakes Crossing, LLC to
Entry of Final Order Pursuant to
11 U.S.C. Sections 105, 361, 362,
363, and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority Over
all Secured Indebtedness and with
Administrative Superpriority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing For
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Objecting Landlords (Docket No.
423);

Limited Objection of Navarre
Distribution Services, Inc. to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 430);

Limited Objection of Laguna
Gateway Phase 2, LP, Manteca
Stadium Park, L.P., and OTR-
Clairemont Square to DIP
Financing Motion (Docket No.
438);

Response To Motion Of Debtors For
Order Under Sections 105(A), 362,
503(B), 507(A), 546(C) And 546(H)

(I) Granting Administrative
Expense Status To Obligations
From Postpetition Delivery Of
Goods; (II) Authorizing Payment
Of Expenses In The Ordinary
Course Of Business; (III)
Authorizing Debtors To Return
Goods; And (IV) Establishing
Procedures For Reclamation
Demands (Dkt. No. 14), Interim
Order With Respect Thereto (Dkt.
No. 133), And Related
Motions/Orders (E.G. Dkt Nos. 19,
23, 78 And 107) (Docket No. 447);

Limited Objection of Centro
Properties Group, Federal Realty
Investment Trust, Cencor Realty,
The Hutensky Group, UBS Realty
Investors, LLC The Morris
Companies Affiliates and Uniwest
Commercial Realty to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 452);

Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 468);

Limited Objection of the Macerich
Company, RREEF Management

Company, Cousins Properties
Incorporated, Watt Management
Company, the Prudential Insurance
Company of America, Portland
Investment Company, and KNP to
Debtors' Motion for Interim and
Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 489);

Local Texas Tax Authorities'
Objection to Interim and to Entry
of  Final Order (1) Authorizing
Incurrence by Debtors of Post-
Petition Secured Indebtedness
with Priority over all Secured
Indebtedness... 2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 490);

Amended Objection of Texas Ad
Valorem Tax Jurisdictions to
Interim and to Entry of Final
Order (1) Authorizing Incurrence
by Debtors of Post-Petition
Secured Indebtedness with
Priority over all Secured
Indebtedness...(2) Granting Liens
(3) Granting Use of Cash
Collateral...(Docket No. 498);

Limited Objection of Directv,
Inc. to Entry on a Final Basis of
Interim Order Pursuant to 11
U.S.C. Sections 105, 361, 362,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (I)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness with Priority over
all secured indebtedness and with
administrative Superpriority, (2)
Granting Liens, (3) Authorizing

the Use of Cash Collateral by the
Debtors' Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection (4) Modifying
the Automatic Stay and
(5)Scheduling a Final Hearing
(Docket No. 503);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 535);

Joinder of Basile Limited
Liability Company to Limited
Objections of Inland Southwest
Management, LLC and Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing
and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 536);

Joinder of 502-12 86th Street LLC
to Limited Objection of Polaris
Circuit City, LLC to Debtors'
Motion for Interim and Final
Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and
364 and Federal Rules of
Bankruptcy Procedure 2002 and
4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing

and (B) to Utilize Cash
Collateral; (II) Granting
Adequate Protection; and (III)
Scheduling Interim and Final
Hearings (Docket No. 537);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 542);

Joinder of Eatontown Commons
Shopping Center and Arboretum of
South Barrington Shopping Center
to Limited Objection of Carousel
Center Company, L.P., Sangertown
Square, L.L.C., Eklecco Newco,
LLC and Fingerlakes Crossing LLC
to Entry of Final Order Pursuant
to 11 U.S.C. Sections 105, 361,
363 and 364 and Rules 2002, 4001
and 9014 of the Federal Rules of
Bankruptcy Procedure (1)
Authorizing Incurrence by the
Debtors of Post-Petition Secured
Indebtedness With Priority Over
All Secured Indebtedness and With
Administrative Superiority, (2)
Granting Liens, (3) Authorizing
Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C.

Section 363 and Providing for
Adequate Protection, (4)
Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 560);
~~and~~

Joinder Of Certain Landlords To
The Limited Objection Of The
Macerich Company, Rreef
Management Company, Cousins
Properties Incorporated, Watt
Management Company, The
Prudential Insurance Company Of
America, Portland Investment
Company And KNP To The Debtors'
Motion For Interim And Final
Orders Pursuant To 11 U.S.C. §
105, 361, 362, 363 And 364 And
Federal Rules Of Bankruptcy
Procedure 2002 And 4001 (I)
Authorizing Debtors (A) To Obtain
Postpetition Financing And (B) To
Utilize Cash Collateral; (II)
Granting Adequate Protection;
And (III) Scheduling Interim and
Final Hearings [Docket No. 489]
(Docket No. 661)~~—~~**;**
**and**

**Joinder of AmCap NorthPoint LLC**
**and AmCap Arborland LLC to**
**Limited Objection of Carousel**
**Center Company, L.P., Sangertown**
**Square, L.L.C., EklecCo NewCo,**
**LLC and Fingerlakes Crossing, LLC**
**To Entry of Final Order Pursuant**
**to 11 U.S.C. Sections 105, 361,**
**363, and 364 and Rules 2002, 4001**
**and 9014 of the Federal Rules of**
**Bankruptcy Procedure (1)**
**Authorizing Incurrence by the**
**Debtors of Post-Petition Secured**
**Indebtedness with Priority Over**
**All Secured Indebtedness and with**
**Administrative Superpriority, (2)**
**Granting Liens, (3) Authorizing**
**Use of Cash Collateral by the**
**Debtors Pursuant to 11 U.S.C.**
**Section 363 and Providing for**
**Adequate Protection, (4)**

<u>**Modifying the Automatic Stay and
(5) Scheduling a Final Hearing
(Docket No. 671).**</u>

Replies Filed:          None.

Related Filings:        Notice of Bankruptcy Filing and
                        Debtors' Presentation of Motions
                        and Applications to the Court for
                        Consideration (Docket No. 26);
                        Motion to Authorize Filing
                        Certain Documents Under Seal
                        (Docket No. 27);

                        Interim Order Pursuant to 11
                        U.S.C. §§ 105, 361, 362, 363 and
                        364 and Rules 2002, 4001 and 9014
                        of the Federal Rules of
                        Bankruptcy Procedure (I)
                        Authorizing Incurrence by the
                        Debtors of PostPetition Secured
                        Indebtedness with Priority Over
                        all Secured Indebtedness and with
                        Administrative Superpriority, (2)
                        Granting Liens, (3) Authorizing
                        Use of Cash Collateral by the
                        Debtors Pursuant to 11 U.S.C.
                        Section 363 and Providing for
                        Adequate Protection, (4)
                        Modifying the Automatic Stay and
                        (5) Scheduling a Final Hearing
                        (Docket No. 78);

                        Notice of Filing of Motion and
                        Entry of Interim Order Pursuant
                        to 11 U.S.C. Sections 105, 361,
                        362, 363 and 364 and Rules 2002,
                        4001 and 9014 of the Federal
                        Rules of Bankruptcy Procedure:
                        (i) Authorizing Incurrence by the
                        Debtors of Postpetition Secured
                        Indebtedness with Priority Over
                        All Secured Indebtedness and With
                        Administrative Superpriority,
                        (ii) Granting Liens, (iii)
                        Authorizing Use of Cash
                        Collateral by the Debtors
                        Pursuant to 11 U.S.C. Section 363
                        and Providing For Adequate
                        Protection, (iv) Modifying the
                        Automatic Stay and (v) Scheduling
                        a Final Hearing (Docket No. 100);

and

Notice of Filing of Executed DIP
Credit Agreements (Docket No.
425).

Status:               Pursuant to the Case Management
                      Order, this matter will be
                      continued to the December 22,
                      2008 Omnibus Hearing.

**D.    Contested Matters**

**12.**   ~~13.~~ Debtors' Motion For Order Pursuant to Bankruptcy
          Code Sections 105(A), 363, 507(A), 541, 1107(A) and
          1108 and Bankruptcy Rule 6003 Authorizing Debtors to
          Pay Prepetition Wages, Compensation, and Employee
          Benefits (Docket No. 6).

          Responses Filed:    Limited Objection of the Official
                              Committee of Creditors Holding
                              Unsecured Claims to Certain First
                              Day Order (Court Docket Numbers
                              80, 82, 110, 112, 129,
                              132)(Docket No. 455); and

                              Objection of the Official
                              Committee of Creditors Holding
                              Unsecured Claims to the Payment
                              to WARN Employees Under the
                              Debtor's Motion for Order and
                              Order Pursuant to Bankruptcy Code
                              Sections 105(A), 363, 507(A),
                              541, 1107(A) and 1108 and
                              Bankruptcy Rule 6003 Authorizing
                              Debtors to Pay Prepetition Wages,
                              Compensation and Employee
                              Benefits (Docket No. 459).

          Replies Filed:      None.

          Related Filings:    Notice of Bankruptcy Filing and
                              Debtors' Presentation of Motions
                              and Applications to the Court for
                              Consideration (Docket No. 26);
                              and

                              Order Granting Motion to
                              Authorize Debtors to Pay
                              Prepetition Wages, Compensation
                              and Employee Benefits (Docket No.
                              80).

|  |  |  |
|---|---|---|
| Status: | | The hearing with respect to this matter will go forward. |

**13.** ~~14.~~ Motion of the Debtors for Order Pursuant to Bankruptcy Code Sections 105(A), 506(A), 507(A)(8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations (Docket No. 7).

| | |
|---|---|
| Responses Filed: | Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132)(Docket No. 455). |
| Replies Filed: | None. |
| Related Filings: | Notice of Bankruptcy Filing and Debtors' Presentation of Motions and Applications to the Court for Consideration (Docket No. 26); and |
| | Order Granting Motion to Authorize Pursuant to Bankruptcy Code Sect, 105 (a), 506 (a), 507 (a) (8), 541, and 1129 and Bankruptcy Rule 6003 Authorizing the Debtors to Pay Prepetition Sales, Use, Trust Fund and Other Taxes and Related Obligations (Docket No. 110). |
| Status: | The hearing with respect to this matter will go forward. |

**14.** ~~15.~~ Motion of Debtors for Order Under Bankruptcy Code Sections 105(A), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance Of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 8).

| | |
|---|---|
| Responses Filed: | Emergency Motion to Reconsider and for Vacatur of Order (I) Approving Debtors' Adequate Assurance of Payment, (II) |

Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 262);

Emergency Motion to Expedite Hearing or Set Status Conference (Docket No. 266);

Motion by Accent Energy California LLC for Additional Adequate Protection Pursuant to Bankruptcy Code Section 366 in Lieu of Blocked Account (Docket No. 435); and

Request for Adequate Assurance, Request for Additional Adequate Assurance and Objection to Debtors' Proposed Adequate Assurance (Docket No. 525).

Replies Filed:          None.

Related Filings:        Order Under Bankruptcy Code Sections 105(a), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing With Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 117);

Notice of Depositions and Request for Production of Documents (Docket No. 269); and

Notice of Appeal (filed by
Florida Power & Light Company,
Potomac Electric Power Company,
Demarva Power & Light Company,
Atlantic City Electric Company,
Alabama Power Company and Central
Main Power Company (Docket No.
355).

Status:                The Motion for Reconsideration
                       and related requests have been
                       resolved by an amended order,
                       which will be filed with the
                       Court.  Accent Energy California
                       LLC's Request for Additional
                       Adequate Protection (Docket No.
                       435) has been continued by
                       agreement to the December 22,
                       2008 Omnibus Hearing. The hearing
                       with respect to this matter will
                       go forward.

**15.** ~~16.~~ Debtors' Motion For Order Pursuant to Bankruptcy
Code

Sections 105, 362(B), 363, 503(B), 506, 546(B), 1107(A)
and 1108 and Bankruptcy Rule 6003 Authorizing Payment
of Certain Prepetition Shipping and Delivery Charges
(Docket No. 10).

Responses Filed:       Limited Objection of the Official
                       Committee of Creditors Holding
                       Unsecured Claims to Certain First
                       Day Order (Court Docket Numbers
                       80, 82, 110, 112, 129, 132)
                       (Docket No. 455).

Replies Filed:         None.

Related Filings:       Order Granting Motion to
                       Authorize Pursuant to Bankruptcy
                       Code Sect. 105, 363, 503 (b),
                       506, 546, 1107 (a) and 1108 and
                       Bankruptcy Rule 6003 Authorizing
                       Payment of Certain Prepetition
                       Shipping and Delivery Charges
                       (Docket No. 112).

Status:                The hearing with respect to this
                       matter will go forward.

**16.** ~~17.~~ Debtors' Motion for Order Pursuant to Bankruptcy
Code Sections 105(A), 362(B), 506, 546(B), 1107(A),

1108 and 1129 And Bankruptcy Rule 6003 Authorizing
Payment of Contractors in Satisfaction of Liens (Docket
No. 11).

| | |
|---|---|
| Responses Filed: | Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132) (Docket No. 455). |
| Replies Filed: | None. |
| Related Filings: | Interim Order Pursuant To Bankruptcy Code Sections 105(A),362(B), 506, 546(B), 1107(A), 1108 And 1129 And Bankruptcy Rule 6003 Authorizing Payment Of Contractors In Satisfaction Of Liens Order Setting Hearing (Docket No. 129). |
| Status: | The hearing with respect to this matter will go forward. |

**17.** ~~18.~~ Motion of Debtors for Order Pursuant to Bankruptcy
Code Sections 105, 363, 1107(A) and 1108, and
Bankruptcy Rule 6003 Authorizing Debtors to Pay
Prepetition Claims of Certain Foreign Vendors and
Service Providers (Docket No. 12).

| | |
|---|---|
| Responses Filed: | Limited Objection of the Official Committee of Creditors Holding Unsecured Claims to Certain First Day Order (Court Docket Numbers 80, 82, 110, 112, 129, 132) (Docket No. 455). |
| Replies Filed: | None. |
| Related Filings: | Interim Order Pursuant To Bankruptcy Code Sections 105, 363, 1107(A) and 1108, and Bankruptcy Rule 6003 Authorizing Debtors To Pay Prepetition Claims Of Certain Foreign Vendors And Service Providers (Docket No. 132). |
| Status: | The hearing with respect to this matter will go forward. |

**18.**    ~~19.~~ Motion of Debtors for Order Under Bankruptcy Code
Sections 105(A), 362, 503(B), 507(A), 546(C), and
546(H) I) Granting Administrative Expense Status to
Obligations from Postpetition Delivery of Goods; (II)
Authorizing Payment of Expenses in the Ordinary Course
of Business; (III) Authorizing Debtors to Return Goods;
and (IV) Establishing Procedures for Reclamation
Demands (Docket No. 14).

Responses Filed:        Objection of Warner Home Video to
                        Order Under Bankruptcy Code
                        Sections 105(A), 362, 503(B),
                        507(A), 546(C), And 546(H) (I)
                        Granting Administrative Expense
                        Status To Obligations From
                        Postpetition Delivery Of Goods;
                        (II) Authorizing Payment Of
                        Expenses In The Ordinary Course
                        Of Business; (III) Authorizing
                        Debtors To Return Goods; And (IV)
                        Establishing Procedures For
                        Reclamation Demands (Docket No.
                        448);

                        Limited Opposition to Debtors for
                        Order Under Bankruptcy Code
                        Sections 105(A), 362, 503(B),
                        507(A), 546(C), and 546(H) (I)
                        Granting Administrative Expense
                        Status to Obligations from
                        Postpetition Delivery of Goods;
                        (II) Authorizing Payment of
                        Expenses in the Ordinary Course
                        of Business; (III) Authorizing
                        Debtors to Return Goods; and (IV)
                        Establishing Procedures for
                        Reclamation Demands (Alliance
                        Entertainment LLC and Source
                        Interlink Media, LLC (Docket No.
                        500);
                        and

                        Lumisource, Inc.'s Objection to
                        Order Establishing Procedures for
                        Reclamation Demands and Joinder
                        in Objection of Other Reclaiming
                        Vendors (Docket No. 504).

Replies Filed:          Debtors' Omnibus Reply To
                        Objections And In Support Of
                        Motion Of Debtors For Order Under
                        Bankruptcy Code Sections 105(A),

362, 503(B), 507(A), 546(C), And
546(H) (I) Granting
Administrative Expense Status To
Obligations From Postpetition
Delivery Of Goods; (II)
Authorizing Payment Of Expenses
In The Ordinary Course Of
Business; (III) Authorizing
Debtors To Return Goods; And (Iv)
Establishing Procedures For
Reclamation Demands (Docket No.
656).

Related Filings:          Interim Order Under Bankruptcy
                          Code Sections 105(A), 362,
                          503(B), 507(A), 546(C), And
                          546(H) (I) Granting
                          Administrative Expense Status To
                          Obligations From Postpetition
                          Delivery Of Goods; (II)
                          Authorizing Payment Of Expenses
                          In The Ordinary Course Of
                          Business; (III) Authorizing
                          Debtors To return Goods; And (IV)
                          Establishing Procedures For
                          Reclamation Demands and Setting
                          Hearing (Docket No. 133).

Status:                   The hearing with respect to this
                          matter will go forward.

**19.**    ~~20.~~ Debtors' Motion for Order Pursuant to 11 U.S.C. §§
           105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006
           Authorizing Rejection of Unexpired Leases of
           Nonresidential Real Property and Abandonment of
           Personal Property Effective as of the Petition Date
           (Docket No. 21).

Responses Filed:          Objection by Landover Crossing,
                          LLC to Order Pursuant to 11
                          U.S.C. §§ 105(a), 365(a) and 554
                          and Fed. R. Bankr. P. 6006
                          Authorizing Rejection of
                          Unexpired Leases of
                          Nonresidential Real Property and
                          Abandonment of Personal Property
                          Effective as of the Petition Date
                          (Docket No. 229);

                          Objection by Cardinal Capital
                          Partners, Inc. and Affiliate to
                          Debtors' Motion to Reject Certain

Unexpired Leases of
Nonresidential Real Property and
the Order Granting that Motion
(Docket No. 246);

Objection by the Balogh Companies
and Certain Affiliates to
Debtors' Motion to Reject Certain
Unexpired Leases of
Nonresidential Real Property and
the Order Granting that Motion
(Docket No. 247);

Objection by The Leben Family
Limited Partnership to the Order
Pursuant to 11 U.S.C. §§ 105(a),
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 255);

Objection of Inland US Management
LLC to Order Pursuant to 11
U.S.C. §§ 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 256);

Limited Objection of CK Richmond
Business Services #2 Limited
Liability Company to the Debtors'
Motion to Reject Certain
Unexpired Leases of
Nonresidential Real Property and
the Order Granting that Motion
(Docket No. 257);

Objection of Inland Commercial
Property Management, Inc. to
Order Pursuant to 11 U.S.C. §§
105(a), 365(a) and 554 and Fed.
R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property

Effective as of the Petition Date
(Docket No. 259);

Objection of Carrollton Arms, LLC
to the Debtors' Motion to Reject
Leases and Abandon Personal
Property (Docket No. 260);

Objection of Premier Retail
Interiors, Inc., as Successor in
Interest to Quantum Fine
Casework, Inc. to Order Pursuant
to 11 U.S.C. §§ 105(a), 365(a)
and 554 and Fed. R. Bankr. P.
6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 271);

Limited Objection by Dick's
Sporting Goods, Inc. to Order
Pursuant to 11 U.S.C. §§ 105(a),
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 275);

Limited Objection by Golf Galaxy,
Inc. to Order Pursuant to 11
U.S.C. §§ 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 277);

Objection By OLP 6609 Grand, LLC
to the Debtors Motion To Reject
Certain Unexpired Leases Of
Nonresidential Real Property
(Docket No. 342);

Objection of Dollar Tree Stores,
Inc. to the Order Pursuant to 11
U.S.C. Sections 105(A), and 554

and Fed. R. Bankr. P. 6006
Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 351);

Joinder of Landlord, 120 Orchard,
427 Orchard LLC and FT Orchard
LLC in Limited Objection to Order
Pursuant to 11 U.S.C. §§ 105(a),
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 354);

Limited Objection by Melvin
Walton Hone, as Trustee of the
Hone Family Trust to Order
Pursuant to 11 U.S.C. Sections
105(a), 365(a) and 554 of Fed. R.
Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases and
Subleases of Non-Residential Real
Property and Abandonment of
Personal Property Effective as of
the Petition Date (Docket No.
368);

Objection Bond C.C. I Delaware
Business Trust's Objection to
Debtors' Motion for Order
Pursuant to 11 U.S.C. Sections
105(a), 365(a) and 554 and Fed.
R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
and Order Granting Requested
Relief (Docket No. 378);

Amended Objection to Motion and
Order Pursuant to 11 U.S.C.
Sections 105(a), 365(a) and 554
and Fed. R. Bankr. P. 6006
(Docket No. 437);

Amended Objection to Debtors'
Motion for Order Pursuant to
Bankruptcy Code Sections 105,
365(a) and 554 and Fed. R. Bankr.
P. 6006 Authorizing Rejection of
Unexpired Leases and of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 530);

Joinder in Objections of
Manufacturers and Traders Trust
Company to the Debtors' Motion to
Reject Certain Unexpired Leases
of Nonresidential Real Property
as of the Petition Date and the
Order Granting That Motion
Pursuant to 11 U.S.C. Sections
105(a), 365 (a) and 554 and Fed.
R. Bankr. P. 6006 (Docket No.
574);
and

Objection and Joinder In
Objections Of Manufacturers And
Traders Trust Company To The
Debtors' Motion to Reject Certain
Unexpired Leases Of
Nonresidential Real Property As
Of The Petition Date And The
Order Granting That Motion
Pursuant To 11 U.S.C. Sections
105(A), 365(A) And 554 And Fed.
R. Bankr. P. 6006 (Docket No.
576).

Replies Filed:          Omnibus Reply by the Debtors to
                        Objections and in Support of
                        Motion of the Debtors for Entry
                        of an Order Pursuant to 11 U.S.C.
                        Sections 105(a), 365(a), and 554
                        and Fed. R. Bankr. P. 6006
                        Authorizing Rejection of
                        Unexpired Leases of
                        Nonresidential Real Property and
                        Abandonment of Personal Property
                        Effective as of Petition Date
                        (Docket No. 664).

Related Filings:        Order Pursuant to 11 U.S.C. §§
                        105(a), 365(a) and 554 and Fed.

R. Bankr. P. 6006 Authorizing
Rejection of Unexpired Leases of
Nonresidential Real Property and
Abandonment of Personal Property
Effective as of the Petition Date
(Docket No. 81)

Status:                    The hearing with respect to this
                           matter will go forward.

**20.**   ~~21.~~ Motion of the Debtors for Entry of Order Pursuant
      to Bankruptcy Code Sections 105, 363 and 365 (I)
      Assuming the Agency Agreement among the Debtors, Hilco
      Merchant Resources, LLC and Gordon Brothers Retail
      Partners, LLC, and (II) Authorizing the Debtors to
      Continue Agency Agreement Sales Pursuant to Store
      Closing Agreement (Docket No. 24).

      Responses Filed:       Limited Objection by EklecCo
                             NewCo, LLC to Motion of the
                             Debtors for Entry of Order
                             Pursuant to Bankruptcy Code
                             Sections 105, 363 and 365 (I)
                             Assuming the Agency Agreement
                             among the Debtors, Hilco Merchant
                             Resources, LLC and Gordon
                             Brothers Retail Partners, LLC,
                             and (II) Authorizing the Debtors
                             to Continue Agency Agreement
                             Sales Pursuant to Store Closing
                             Agreement (Docket No. 228);

                             Limited Objection of the Macerich
                             Company, Breef Management
                             Company, Cousins Properties
                             Incorporated, and Watt Management
                             Company to the Motion of the
                             Debtors for Entry of Order
                             Pursuant to Bankruptcy Code
                             Sections 105, 363 and 365 (I)
                             Assuming the Agency Agreement
                             among the Debtors, Hilco Merchant
                             Resources, LLC and Gordon
                             Brothers Retail Partners, LLC,
                             and (II) Authorizing the Debtors
                             to Continue Agency Agreement
                             Sales Pursuant to Store Closing
                             Agreement (Docket No. 249);

                             Objection of Inland American
                             Retail Management LLC and Inland
                             US Management LLC to Motion of

the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 258);

Limited Objection of Tanglewood
Park, LLC, Roth Tanglewood, LLC
and Luckoff Land Company, LLC as
Tenants in Common to Relief
Granted in the Order Granting
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 264);

Limited Objection by Generation
One and Two, LP; Cohab Realty,
LLC; Kimco Realty Corp.; Chung
Hee Kim (Ridgehaven Plaza
Shopping Center); KRG Market
Street Village, LP; International
Speedway Square, Ltd; Kite Coral
Springs, LLC; and Fishers Station
Development Co. to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 272);

Objection by Generation One and
Two, LP; Cohab Realty, LLC; Kimco

Realty Corp.; Chung Hee Kim (Ridgehaven Plaza Shopping Center)to Debtors' Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement; CC-Investors 1995-6; Union Square Retail Trust; Gateway  Center Properties III, LLC and SMR Gateway III, LLC as tenants in common; Whitestone Development Partners, LP; KRG Market Street Village, LP; International Speedway Square, Ltd; Kite Coral Springs, LLC; and Fishers Station Development Co.) (Docket No. 276);

Limited Objections of F.R.O., L.L.C. IX to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (Docket No. 279);

Limited Objection of Pan Am to Debtor's Motion to Assume Agency Agreement (Docket No. 292);

Limited Objection by UTC I, LLC; PrattCenter, LLC; and Valley Corners Shopping Center, LLC to Motion of the Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement among the Debtors, Hilco Merchant Resources, LLC and Gordon

Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 293);

Limited Objection of Carnegie
Management and Development
Corporation to the Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 310);

Taubman Auburn Hills Associates
Limited Partnership's Joinder in
the Limited Objection of Eklecco
NewCo, LLC to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 320);

Objection of 1030 W. North Ave.
Bldg. LLC to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 341);

Joinder of Centro Properties

Group, Federal Realty Investment
Trust, Cencor Realty, The
Hutensky Group, UBS Realty
Investors, LLC, The Morris
Companies Affiliates and Uniwest
Commercial Realty in Objections
of Certain Landlords to the
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 347);

Objection to Motion of the
Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)
Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (M.I.A. Brookhaven,
LLC) (Docket No. 349);

Amended Limited Objection of
Hoprock Limonite, LLC to the
Motion of the Debtors for Entry
of Order Pursuant to Bankruptcy
Code Sections 105, 363 and 365
(I) Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 405);

Objection of OLP CCFerguson, LLC
and OLP CCantioch, LLC to Motion
of the Debtors for Entry of Order
Pursuant to Bankruptcy Code
Sections 105, 363 and 365 (I)

Assuming the Agency Agreement
among the Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 454);

Limited Objection of the Official
Committee of Creditors Holding
Unsecured Claims to Certain First
Day Order (Court Docket Numbers
80, 82, 110, 112, 129, 132)
(Docket No. 455);

Objection Of Simvest Real Estate
II, LLC, Landlord Of Store No.
238, to Motion of The Debtors For
Entry Of Order Pursuant To
Bankruptcy Code Sections 105, 363
And 365 (I) Assuming The Agency
Agreement Among The Debtors,
Hilco Merchant Resources, LLC And
Gordon Brothers Retail Partners,
LLC, And (II) Authorizing The
Debtors To Continue Agency
Agreement Sales Pursuant To Store
Closing Agreement (Docket No.
612);
and

Amended Limited Objection of
Mallview Plaza Company Ltd. to
The Motion Of The Debtors For
Entry Of Order Pursuant To
Bankruptcy Code Sections 105, 363
And 365 (I) Assuming The Agency
Agreement Among The Debtors,
Hilco Merchant Resources, LLC And
Gordon Brothers Retail Partners,
LLC, And (II) Authorizing The
Debtors To Continue Agency
Agreement Sales Pursuant To Store
Closing Agreement (Docket No.
621).

Replies Filed:        Omnibus Reply by the Debtors to
                      Objections to and in Support of
                      Motion of the Debtors for Entry
                      of an Order Pursuant to
                      Bankruptcy Code Sections 105,

363, 365 and 554 (I) Assuming
Agency Agreement Among the
Debtors, Hilco Merchant
Resources, LLC and Gordon
Brothers Retail Partners, LLC,
and (II) Authorizing the Debtors
to Continue Agency Agreement
Sales Pursuant to Store Closing
Agreement (Docket No. 669).

Related Filings:          Order Granting Motion of the
                          Debtors for Entry of Order
                          Pursuant to Bankruptcy Code
                          Sections 105, 363 and 365 (I)
                          Assuming the Agency Agreement
                          among the Debtors, Hilco Merchant
                          Resources, LLC and Gordon
                          Brothers Retail Partners, LLC,
                          and (II) Authorizing the Debtors
                          to Continue Agency Agreement
                          Sales Pursuant to Store Closing
                          Agreement (Docket No. 82); and

                          Corrected Order Granting Motion
                          of the Debtors for Entry of Order
                          Pursuant to Bankruptcy Code
                          Sections 105, 363 and 365 (I)
                          Assuming the Agency Agreement
                          among the Debtors, Hilco Merchant
                          Resources, LLC and Gordon
                          Brothers Retail Partners, LLC,
                          and (II) Authorizing the Debtors
                          to Continue Agency Agreement
                          Sales Pursuant to Store Closing
                          Agreement (Docket No. 147); 
                          and

                          **Notice of Filing Revised Proposed
                          Order Granting Motion Of Debtors
                          For Entry Of Order Pursuant To
                          Bankruptcy Code Sections 105, 363
                          and 365 (I) Assuming Agency
                          Agreement Among Debtors, Hilco
                          Merchant Resources, LLC and
                          Gordon Brothers Retail Partners,
                          LLC and (II) Authorizing The
                          Debtors To Continue Agency
                          Agreement Sales Pursuant To Store
                          Closing Agreement (Docket No.
                          714**).

Status:                     As set forth in the Reply, the
                            Debtors are currently working to
                            resolve the objections. The
                            Debtors ~~will file an amended~~
                            ~~and~~**have filed a** blackline order
                            with the Court. The hearing with
                            respect to this matter will go
                            forward.

**21.**    ~~22.~~ Motion to Extend Time Within Which Debtors May
        Assume or Reject Unexpired Leases of Nonresidential
        Real Property Pursuant to Bankruptcy Code Section
        365(d)(4)(Docket No. 290).

        Responses Filed:           Limited Objection by Cencor
                                   Realty, Centro Properties Group,
                                   Federal Realty Investment Trust,
                                   The Hutensky Group, The Morris
                                   Companies Affiliates, UBS Realty
                                   Investors, LLC, Uniwest
                                   Commercial Realty. to Debtors'
                                   Motion to Extend Time Within
                                   Which Debtors May Assume or
                                   Reject Unexpired Leases of
                                   Nonresidential Real Property
                                   Pursuant to Bankruptcy Code
                                   Section 365(d)(4)(Docket No.
                                   578);

                                   Limited Objection by 502-12 86th
                                   Street LLC to Motion of Debtors
                                   for Order Under Bankruptcy Code
                                   Section 365(d)(4) Extending Time
                                   Within Which Debtors May Assume
                                   or Reject Unexpired Leases of
                                   Nonresidential Real Property
                                   (Docket No. 588);

                                   Limited Objection by Woodlawn
                                   Trustees Incorporated to Motion
                                   of Debtors for Order Under
                                   Bankruptcy Code Section 365(d)(4)
                                   Extending Time Within Which
                                   Debtors May Assume or Reject
                                   Unexpired Leases of
                                   Nonresidential Property (Docket
                                   No. 589);

                                   Limited Objection by Basile
                                   Limited Liability Company to
                                   Motion of Debtors for Order Under
                                   Bankrutpcy Code Section 365(d)(4)

Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Property (Docket
No. 590);

Limited Objection of Bear Valley
Road Partners LLC, Laguna Gateway
Phase 2, LP, Manteca Stadium
Park, L.P., and OTR-Clairemont
Square to Motion of Debtors for
Order Under Bankruptcy Code Sec.
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 594);

Objection of The Macerich
Company, RREEF Management
Company, Cousins Properties
Incorporated, Watt Management
Company, The Prudential Insurance
Company of America, Portaland
Investment Company, and KNP to
the Motion of Debtors for Order
Under Bankruptcy Code Section
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Docket No. 595);

Objection of Ricmac Equities
Corporation to Motion of Debtors
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 597);

Limited Objection of Inland
Southwest Management LLC, Inland
American Retail Management LLC,
Inland US Management LLC, Inland
Pacific Property Services LLC,
Inland Commercial Property
Management, Inc., and Inland
Continental Property Management
Corp. to Motion of Debtors for
Order Under Bankruptcy Code

Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 605);

Objection by Carousel Center
Company, L.P., Charlotte
(Archdale) UY, LLC, EklecCo
NewCo, LLC, Fingerlakes Crossing,
LLC, Sangertown Square, L.L.C. to
Motion Pursuant to Section
365(d)(4) of the Bankruptcy Code
to Extend the Period Within Which
The Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 606);

Objection Of Certain Landlords to
Motion Of The Debtors For Order
Under Bankruptcy Code Section
365(D)(4) Extending The Time
Which Debtors May Assume Or
Reject Unexpired Leases Of Non-
Residential Real Property (Docket
No. 607);

Limited Objection by Altamonte
Springs Real Estate Associates,
LLC to Debtors' Motion for Order
Under Bankruptcy Code Section
365(d)(4) Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 608);

Objection of GMS Golden Valley
Ranch, LLC to Motion of Debtors
for Order Under Bankruptcy Code
Sec. 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 611);

Limited Objection by Madison
Waldorf, LLC to Motion of Debtors
for Order Extending Time Within
Which Debtors May Assume or
Reject Unexpired Leases of

Nonresidential Property (Docket No. 614);

Limited Objection by Tysons 3, LLC to Motion of Debtors for Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Property (Docket No. 615);

Objection by Chino South Retail PG, LLC to Motion of the Debtors for Order Under Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of NonResidential Real Property (Docket No. 618);

Limited Objection by Archon Group, L.P. to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 619);

Objection by Sacco of Maine, LLC to the Motion of the Debtors for an Order Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Non-Residential Real Property (Docket No. 622);

Objection by Panattoni Development Company, Inc. as Agent for EPC Denton Gateway, LLC to (I) Motion of the Debtors For Order Under Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases on NonResidential Real Property and (II) Request To Compel Compliance With Obligations Under Section 365(d)(3)(Docket No. 623);

Objection by First Industrial Realty Trust, Inc. to Motion of

Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 624);

Objection by AmCap Arborland LLC,
AmCap NorthPoint LLC, Arboretum
of South Barrington, LLC,
Eatontown Commons Shopping Center
to Motion to Extend Time Within
Which Debtors May Assume or
Reject Unexpired Leases of
Nonresidential Real Property
Pursuant to Bankruptcy Code
Section 365(d)(4)(Docket No.
625);

Objection by Ray Mucci's Inc. to
Debtors' Motion for Order Under
Bankrutpcy Code Section 365(d)(4)
Extending Time Within which
Debtors May Assume Or Reject
Unexpired Leases of
Nonresidential Real Property and
Cross-Motion to Compel Payment of
Rent (Docket No. 627);

Panattoni Northglenn's (I)
Objections To Motion Of The
Debtors For Order Under Section
365(D)(4) Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property And
(II) Request To Compel Compliance
With Obligations Under Section
365(D)(3)(Docket No. 630);

Simon Property Group, Inc.'s
Limited Objection To Motion Of
Debtor For Order Under Bankruptcy
Code Section 365(D)(4) Extending
The Time Within Which Debtors May
Assume Or Reject Unexpired Leases
Of Nonresidential Real Property
(Docket No. 632);

Limited Objection of the Greater
Orlando Aviation Authority to

Debtors' Motion for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 633);

Objections Of Raymond & Main
Retail, LLC To Motion Of The
Debtors For Order Under Section
365(D)(4)Extending Time Within
Which Debtors May Assume Or
Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 634);

Limited Objection Of Developers
Diversified Realty Corporation,
General Growth Properties, Inc.,
Weingarten Realty Investors,
Basser-Kaufman, Inc., Regency
Centers, L.P., The Woodmont
Company, Jones Lang Lasalle
Americas, Inc., Philips
International Holding Corp., Wec
99a-2 Llc, Ashkenazy Management
Corp., And The Macnaughton Group
To The Motion Of Debtors For
Order Under Bankruptcy Code
Section 365(D)(4) Extending Time
Within Which Debtors May Assume
Or Reject Unexpired Leases Of
Nonresidential Real Property
(Docket No. 636);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 644);

Limited Objection by Certain
Landlords to the Motion of
Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which

Debtors May Asume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 657);

Objection by Crossroads Shopping
Center, Rolling Acres Plaza
Shopping Center, Thoroughbred
Village Tennessee, GP, Perimeter
Mall, The West Campus Square
Company, LLC, De Rito Pavilions
139, LLC, Myrtle Beach Farms,
Drexel Delaware Limited
Partnership, Roth Tanglewood LLC,
Tanglewood Park LLC, N.P.
Huntsville Limited Liability
Company, 1030 W. North Ave. Bldg.
LLC, Amargosa Palmdale
Investments, LLC, Bella Terra
Associates, LLC, CC-Investors
1995-6, Chung Hee Kim (Ridgehaven
Plaza Shopping Center), Cohab
Realty, LLC, Gateway Center
Properties III, LLC and SMR
Gateway III, LLC as tenants in
common, International Speedway
Square, Ltd., KRG Market Street
Village, LP, Kimco Realty
Corporation, Kite Coral Springs,
LLC, Manufacturers & Traders
Trust Company, as Trustee, Union
Square Retail Trust, Whitestone
Development Partners, L.P. to
Motion of Debtors for Order Under
Bankruptcy Code Section 365(d)(4)
Extending Time Within Which
Debtors May Assume or Reject
Unexpired Leases of
Nonresidential Real Property
(Docket No. 659);

Objection Of Manufacturers and
Traders Trust Company, As
Trustee, To The Debtors' Motion
For Orders Under 11 U.S.C.
Sections 105, 363 And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving

(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures Docket No.
660);
and

Objection of Manufacturers and
Traders Trust Company, as
Trustee, to the Debtors' Motion
for Order Under Bankruptcy Code
Section 365(d)(4) Extending Time
Within Which Debtors May Assume
or Reject Unexpired Leases of
Nonresidential Real Property
(Docket No. 662)—;

**Conditional Opposition of M and M**
**Berman Enterprises ("MMBE")To**
**Motion Of Debtors For Order Under**
**Bankruptcy Code Section 365**
**(D)(4) Extending Time Within**
**Which Debtors May Assume Or**
**Reject Unexpired Leases Of**
**Nonresidential Real**
**Property)(Docket No. 699);**
**and**

**Limited Objection/Joinder Of**
**Viwy, L.P. In Limited Objections**
**Of Landlords To Debtors' Motion**
**For Order Under Bankruptcy Code**
**§ 365(D)(4) Extending Time Within**
**Which Debtors May Assume Or**
**Reject Unexpired Leases Of Non-**
**Residential Real Property (Docket**
**No. 711).**

Replies Filed:        None.

Related Filings:      Notice of Motion and Notice of
                      Hearing on Debtors' Motion to
                      Extend Time Within Which Debtors
                      May Assume or Reject Unexpired
                      Leases of Nonresidential Real
                      Property Pursuant to Bankruptcy

                                    Code Section 365(d)(4)(Docket No.
                                    291).

        Status:                     The hearing with respect to this
                                    matter will go forward.

22.     23. Motion of Burbank Mall Associates, LLC for an Order
        Compelling Payment of Post-Petition Rent Pursuant to 11
        U.S.C. § 365(d)(3)(Docket No. 296).

        Responses Filed:            Debtors' Omnibus Objection To The
                                    Motions Pursuant To 11 U.S.C. §§
                                    365(A) And 503(B) To Compel
                                    Allowance And Payment Of Post-
                                    Petition Rental Obligations As
                                    Administrative Expenses (Docket
                                    No. 641).

        Replies Filed:              None.

        Related Filings:            Notice of Hearing on Motion to
                                    Compel the Payment of Post-
                                    Petition Rent Pursuant to 11
                                    U.S.C. 365(d)(3)(Docket No. 297).

        Status:                     The hearing with respect to this
                                    matter will go forward.

23.     24. Motion of Crown CCI, LLC for an Order Compelling
        Payment of Post-Petition Rent and Post-Petition Taxes
        Pursuant to 11 U.S.C. § 365(d)(3)(Docket No. 298).

        Responses Filed:            Debtors' Omnibus Objection To The
                                    Motions Pursuant To 11 U.S.C. §§
                                    365(A) And 503(B) To Compel
                                    Allowance And Payment Of Post-
                                    Petition Rental Obligations As
                                    Administrative Expenses (Docket
                                    No. 641).

        Replies Filed:              None.

        Related Filings:            Notice of Motion and Notice of
                                    Hearing (Docket No. 299); and
                                    Amended Motion of Crown CCI, LLC
                                    for an Order Compelling Payment
                                    of Post-Petition Rent and Post-
                                    Petition Taxes Pursuant to 11
                                    U.S.C. § 365(d)(3)(Docket No.
                                    333).

        Status:                     The hearing with respect to this

matter will go forward.

**24.** ~~25.~~ Motion by Woodlawn Trustees, Incorporated for an Order
A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and (B) Granting Related Relief and Supporting Memorandum (Docket No. 390).

| | |
|---|---|
| Responses Filed: | Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641). |
| Replies Filed: | None. |
| Related Filings: | Notice of Hearing and Notice of Motion (Docket No. 391). |
| Status: | The hearing with respect to this matter will go forward. |

**25.** ~~26.~~ Motion by 502-12 86th Street LLC for an Order (A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. § 365(d(3) and 503(b); and (B) Granting Related Relief and Supporting Memorandum (Docket No. 396).

| | |
|---|---|
| Responses Filed: | Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641). |
| Replies Filed: | None. |
| Related Filings: | Notice of Motion and Notice of Hearing (Docket No. 397). |
| Status: | The hearing with respect to this matter will go forward. |

**26.** ~~27.~~ Motion of Shopping.com for (1) Adequate Assurance of Payment, (2) Confirmation that all Post-Petition Services Provided to the Debtors by Shopping.com Shall be Treated as Allowed Administrative Claims or, Alternatively (3) in Failing to Provide Such Relief,

Granting Shopping.com Immediate Relief from Stay to
Cease Providing any Services to Debtors and Notice of
Motion and Notice of Hearing (Docket No. 399).

| | |
|---|---|
| ~~Responses Filed:~~ | ~~The Debtors have an extension until December 4, 2008 to file a response.~~ |
| **Responses Filed:** | **Objection by the Debtors to Shopping.com's Motion for (1) Adequate Assurance of Payment, (2) Confirmation that all Postpetition Services Provided to the Debtors by Shopping.com Shall be Treated as Allowed Administrative Claims or, Alternatively (3) in Failing to Provide Such Relief, Granting Shopping.com Immediate Relief from Stay to Cease Providing any Services to Debtors (Docket No. 715).** |
| Replies Filed: | None. |
| Related Filings: | None. |
| Status: | The hearing with respect to this matter will go forward. |

**27.** ~~28.~~

Motion by Basile Limited Liability Company for an Order
(A) Compelling Debtor to Immediately Pay Administrative
Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and
(B) Granting Related Relief and Supporting Memorandum
(Docket No. 403).

Responses Filed:        Debtors' Omnibus Objection To The
                        Motions Pursuant To 11 U.S.C. §§
                        365(A) And 503(B) To Compel
                        Allowance And Payment Of Post-
                        Petition Rental Obligations As
                        Administrative Expenses (Docket
                        No. 641).

Replies Filed:          None.

Related Filings:        Notice of Motion and Notice of
                        Hearing (Docket No. 404).

Status:                 The hearing with respect to this
                        matter will go forward.

**28.**   29.  Supplemental Motion of the Debtors for Order
Pursuant to Bankruptcy Code Sections 105(A), 506(a),
507(a)(8), 541, and 1129 Authorizing the Debtors to Pay
Prepetition Sales, Use, Trust Fund and Other Taxes and
Related Obligations (Docket No. 407).

Responses Filed:        Objection by Objection to
                        Supplemental Motion of Debtors
                        For Order Authorizing The Debtors
                        To Pay Prepetition Sales, Use,
                        Trust Fund and Other Taxes and
                        Related Obligations to
                        Supplemental Motion of Debtors
                        For Order Authorizing The Debtors
                        To Pay Prepetition Sales, Use,
                        Trust Fund and Other Taxes and
                        Related Obligations (Docket No.
                        620).

Replies Filed:          None.

Related Filings:        Motion of the Debtors for Order
                        Pursuant to Bankruptcy Code
                        Sections 105(A), 506(A),
                        507(A)(8), 541, and 1129 and
                        Bankruptcy Rule 6003 Authorizing
                        the Debtors to Pay Prepetition
                        Sales, Use, Trust Fund and Other
                        Taxes and Related Obligations
                        (Docket No. 7);

Order Granting Motion to
Authorize Pursuant to Bankruptcy
Code Sect, 105 (a), 506 (a), 507
(a) (8), 541, and 1129 and
Bankruptcy Rule 6003 Authorizing
the Debtors to Pay Prepetiton
Sales, Use, Trust Fund and Other
Taxes and Related Obligations
(Docket No. 110);
and

Notice of Motion and Notice of
Hearing on Supplemental Motion of
the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(A),
506(a), 507(a)(8), 541, and 1129
Authorizing the Debtors to Pay
Prepetition Sales, Use, Trust
Fund and Other Taxes and Related
Obligations (Docket No. 408).

Status:           The hearing with respect
to this matter will go forward.

**29.** ~~30.~~ Motion of Debtors for Order Pursuant to Bankruptcy
Code Sections 105 and 502, and Bankruptcy Rule 2002,
3003(c)(3), and 9007 (i) Setting General Bar Date and
Procedures for Filing Proofs of Claim, and (ii)
Approving Form and Manner of Notice Thereof (Docket No.
411).

Responses Filed:     Objection of the Texas
Comptroller and Texas Workforce
Commission to Debtor's Motion to
Shorten Governmental Bar Date
(Docket No. 429);

Limited Objection to Motion of
Debtors for Order Pursuant to
Bankruptcy Code Sections 105 and
502 and Bankruptcy Rule 2002,
3003(c)(3), and 9007 (I) Setting
General Bar Date and Procedures
For Filing Proofs of Claim, and
(II) Approving Form and Manner of
Notice Thereof (Docket No. 526);

Limited Objection by Cencor
Realty, Centro Properties Group,
Federal Realty Investment Trust,
The Hutensky Group, The Morris

Companies Affiliates, UBS Realty
Investors, LLC, Uniwest
Commercial Realty to Debtors'
Motion for Order Pursuant to
Bankruptcy Code Sections 105 and
502, and Bankruptcy Rule 2002,
3003(c)(3), and 9007(i) Setting
General Bar Date and Procedures
for Filing Proofs of Claim, and
(II) Approving Form and Manner of
Notice Thereof (Docket No. 579);

Limited Objection by Internal
Revenue Service To Motion Of
Debtors For Order Pursuant To
Bankruptcy Code Sections 105 And
502, And Bankruptcy Rule 2002,
3003(C)(3), And 9007 (I) Setting
General Bar Date And Procedures
For Filing Proofs Of Claim, And
(II) Approving Form And Manner Of
Notice Thereof (Docket No. 592);

Limited Objection Of Pan Am
Equities To Debtors' Motion For
Order Pursuant To Bankruptcy Code
Sections 105 And 502 And
Bankruptcy Rule 2002, 3003(C)(3),
And 9007 Setting General Bar Date
And Procedures For Filing Proofs
Of Claim (Docket No. 600);
and

Joinder Of F.R.O., L.L.C. IX To
Centro's Limited Objection To
Debtors' Motion For Order
Pursuant To Bankruptcy Code
Sections 105 And 502, And
Bankruptcy Rule 2002, 3003(C)(3),
And 9007 (I) Setting General Bar
Date And Procedures For Filing
Proofs Of Claim, And (II)
Approving Form And Manner Of
Notice Thereof (Docket No. 631).

Replies Filed:        None.

Related Filings:      Notice of Motion and Notice of
                      Hearing (Docket No. 412)**;**
                      **and**

<u>**Notice of Filing Revised Proposed
Order Pursuant to Bankruptcy Code
Sections 105 and 502, and
Bankruptcy Rule 2002, 3003(c)(3),
and 9007 (i) Setting General Bar
Date and Procedures for Filing
Proofs of Claim, and (ii)
Approving Form and Manner of
Notice Thereof (Docket No. 710)**</u>.

Status:                     The Debtors have agreed to
                            establish the governmental bar
                            date as 180 days from the
                            petition date<u>**, as reflected in
                            the blackline order filed by the
                            Debtors**</u>.  Accordingly, the
                            objections are resolved.  The
                            hearing with respect to this
                            matter will go forward.

<u>**30.**</u>   ~~31.~~ Debtors' Motion for Orders Under 11 U.S.C. Sections
        105, 363, and 365 (i) Approving Bidding and Auction
        Procedures for Sale of Unexpired Nonresidential Real
        Property Leases for Closing Stores, (ii) Setting Sale
        Hearing Date, and (iii) Authorizing and Approving (a)
        Sale of Certain Nonresidential Real Property Leases
        Free and Clear of Liens, Claims, and Encumbrances, (b)
        Assumption and Assignment of Certain Unexpired
        Nonresidential Property Leases, and (c) Lease Rejection
        Procedures (Docket No. 413).

        Responses Filed:    Limited Objection by Pan Am
                            Equities to Lease Sale Motion
                            (Docket No. 599);

                            Objection of Inland American
                            Retail Management LLC, Inland
                            Southwest Management, LLC and
                            Inland US Management LLC to
                            Debtors' Motion for Orders Under
                            11 U.S.C. Sections 105, 363 and
                            365 (I) Approving Bidding and
                            Auction Procedures for Sale of
                            Unexpired Nonresidential Real
                            Property Leases for Closing
                            Stores, (II) Setting Sale Hearing
                            Date, and (III) Authorizing and
                            Approving (A) Sale of Certain
                            Nonresidential Real Property
                            Leases Free and Clear of Liens,
                            Claims, and Encumbrances, (B)
                            Assumption and Assignment of

Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (Docket No. 604);

Objection by EklecCo NewCo, LLC to Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (Docket No. 610);

Objection of The Macerich Company, Cousins Properties Incorporated, and Watt Management Company to the Debtors' Motion for Orders Under 11 U.S.C. Secs. 105, 363, and 365(i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (Docket No. 613);

Limited Objection by Cencor Realty, Centro Properties Group, Federal Realty Investment Trust, The Hutensky Group, The Morris Companies Affiliates, UBS Realty

Investors, LLC, Uniwest
Commercial Realty to Debtors'
Motion for Orders Under 11 U.S.C.
Sections 105, 363, and 365(I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (C) Lease
Rejection Procedures (Docket No.
616);

Response by Official Committee of
Unsecured Creditors to Debtors'
Motion For Orders (I) Approving
Bidding and Auction Procedures
For Sale of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 617);

Limited Objection by F.R.O.,
L.L.C. IX to Motion of the
Debtors for Entry of an Order
Pursuant to Bankruptcy Code
Sections 105, 363, and 365 (I)
Approving the Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
Sale of Certain Nonresidential
Real Property Leases Free and

Clear of Liens, Claims and
Encumbrances, Assumption and
Assignment of Certain Unexpired
Nonresidential Real Property
Leases and Lease Rejection
Procedures (Docket No. 626);

Objection of Ventura In
Manhattan, Inc. To Debtors'
Proposed Cure Amount And Motion
For Orders Under 11 U.S.C. §§
105, 363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear Of Liens,
Claims, and Encumbrances,
(B) Assumption and Assignment
Of**of** Certain Unexpired
Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 628);

Panattoni Northglenn's Objections
to Motion of The Debtors For
Orders Under 11 U.S.C. §§ 105,
363, And 365 (I) Approving
Bidding And Auction Procedures
For Sale Of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free and Clear
Of Liens, Claims, and
Encumbrances, (B) Assumption
And Assignment of Certain
Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 629);

Limited Objection of The
Marketplace Of Rochester Hills

Parcel B, LLC. To Debtors' Motion
For Orders Under 11 U.S.C.
Sections 105, 363, And 365 (I)
Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims, And Encumbrances, (B)
Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures (Docket No.
642);

Limited Objection of Certain
Landlords to the Debtors Motion
for Orders Under 11 U.S.C. 105,
363, and 365 (I) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claim, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 645);

Objection of Developers
Diversified Realty Corporation,
Philips International Holding
Corp., Regency Centers, L.P.,
Weingarten Realty Investors, And
S.J. Collins Enterprises To
Debtors' Bidding Procedures
Motion (Docket No. 652);

Objection of Manufacturers and
Traders Trust Company, As
Trustee, to The Debtors' Motion
For Orders Under 11 U.S.C.

Sections 105, 363 And 365 (I)
Approving Bidding and Auction
Procedures for Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims And Encumbrances,
(B)Assumption And Assignment Of
Certain Unexpired Nonresidential
Property Leases, And (C) Lease
Rejection Procedures (Docket No.
653);

Limited Objection by Certain
Landlords to the Debtors' Motion
for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (i)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (ii)
Setting Sale Hearing Date, and
(iii) Authorizing and Approving
(a) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims, and Encumbrances, (b)
Assumption and Assignment of
Certain Unexpired Nonresidential
Property Leases, and (c) Lease
Rejection Procedures (Docket No.
658);

Joinder of OLP Ccantioch, LLC And
OLP Ccferguson to Objections
To Debtor's Proposed Cure Amount
And Motion For Orders Under 11
U.S.C. Sections 105, 363, And 365
(I) Approving Bidding And Auction
Procedures For Sale Of Unexpired
Nonresidential Real Property
Leases For Closing Stores, (II)
Setting Sale Hearing Date, And
(III) Authorizing And Approving
(A) Sale Of Certain
Nonresidential Real Property
Leases Free And Clear Of Liens,
Claims, And Encumbrances, (B)

Assumption And Assignment Of
Certain Unexpired Nonresidential
Real Property Leases, And (C)
Lease Rejection Procedures
(Docket No. 663);

Objection by Amargosa Palmdale
Investments, LLC, Bella Terra
Associates, LLC, CC-Investors
1995-6, Chung Hee Kim (Ridgehaven
Plaza Shopping Center), Cohab
Realty, LLC, Gateway Center
Properties III, LLC and SMR
Gateway III, LLC as tenants in
common, The West Campus Square
Company, LLC, Union Square Retail
Trust, Whitestone Development
Partners, L.P.to Debtors' Motion
for Orders Under 11 U.S.C.
Sections 105, 363, and 365 (I)
Approving Bidding and Auction
Procedures for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property
Leases Free and Clear of Liens,
Claims and Encumbrances (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 665);
and

Joinder of Amcap NorthPoint LLC
to Ventura in Manhattan, Inc., as
successor in interest to MEPT
Realty LLC's objection to the
Debtors' Proposed Cure Amount and
Motion for Orders Under 11 U.S.C.
? 105, 363, and 365 (I) Approving
Bidding and Auction Procedures
for Sale of Unexpired
Nonresidential Real Property
Leases for Closing Stores, (II)
Setting Sale Hearing Date, and
(III) Authorizing and Approving
(A) Sale of Certain
Nonresidential Real Property

Leases Free and Clear of Liens,
Claims, and Encumbrances, (B)
Assumption and Assignment of
Certain Unexpired Nonresidential
Real Property Leases, and (C)
Lease Rejection Procedures
(Docket No. 666).

Replies Filed:        None.

Related Filings:      Notice of Motion and Notice of
                      Hearing on Debtors' Motion for
                      Orders Under 11 U.S.C. Sections
                      105, 363, and 365 (i) Approving
                      Bidding and Auction Procedures
                      for Sale of Unexpired
                      Nonresidential Real Property
                      Leases for Closing Stores, (ii)
                      Setting Sale Hearing Date, and
                      (iii) Authorizing and Approving
                      (a) Sale of Certain Non-
                      residential Real Property Leases
                      Free and Clear of Liens, Claims,
                      and Encumbrances, (b) Assumption
                      and Assignment of Certain
                      Unexpired Nonresidential Property
                      Leases, and (c) Lease Rejection
                      Procedures (Docket No. 414);
                      and

                      Notice of Filing of Exhibit 1 to
                      Proposed Order Under 11 U.S.C.
                      Sections 105, 363, and 365 (i)
                      Approving Bidding and Auction
                      Procedures for Sale of Unexpired
                      Nonresidential Real Property
                      Leases for Closing Stores, (ii)
                      Setting Sale Hearing Date, and
                      (iii) Authorizing and Approving
                      (a) Sale of Certain
                      Nonresidential Real Property
                      Leases Free and Clear of Liens,
                      Claims, and Encumbrances, (b)
                      Assumption and Assignment of
                      Certain Unexpired Nonresidential
                      Property Leases, and (c) Lease
                      Rejection Procedures (Docket No.
                      522).

Status:               The hearing with respect to this
                      matter will go forward.

**31.** Motion to Approve Compromise under FRBP 9019 by and Among the Debtors and Panasonic (Docket No. 463).

Responses Filed: **Committee's Objection to The Debtors' Motion for an Order Pursuant To Bankruptcy Code Section 363 and Bankruptcy Rule 9019 Approving Settlement Agreement By and Among the Debtors and Panasonic (Docket No. 703).**

Replies Filed: None.

Related Filings: Motion to Expedite Hearing on Debtors' Motion for Order Pursuant to Bankruptcy Code Section 363 and Bankruptcy Rule 9019 Approving Settlement Agreement By and Among the Debtors and Panasonic (Docket No. 465); and

Order Granting Motion to Expedite Hearing (Docket No. 517).

Status: The hearing with respect to this matter will go forward.

32. Motion and Supporting Memorandum of Taubman Auburn Hills Associates Limited Partnership for an Order (A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and (B) Granting Related Relief (Docket No. 471).

Responses Filed: Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641); and

**Joinder Of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, The Morris Companies Affiliates, And Uniwest Commercial Realty In Motions Of**

|  | **Various Landlords For Allowance Of Administrative Claims And Payment Of Stub Rent For November 2008 (Docket NO. 712).** |
|---|---|
| Replies Filed: | None. |
| Related Filings: | Motion for Expedited Hearing of the Motion and Supporting Memorandum of Taubman Auburn Hills Associates Limited Partnership for an Order (A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. § 365(d)(3) and 503(b); and (B) Granting Related Relief (Docket No. 474); |
|  | Notice of Hearing (Docket No. 475; and |
|  | Order Granting Motion to Expedite Hearing (Docket No. 531). |
| Status: | The hearing with respect to this matter will go forward. |

33. Demand by Green 521 5th Avenue LLC for Payment of all Post-Petition Rent and Performance by Debtor of all of Its Obligations Under Its Commercial Lease in Accordance with Bankruptcy Code § 365(d)(3) (Docket No. 538).

| Responses Filed: | Debtors' Omnibus Objection To The Motions Pursuant To 11 U.S.C. §§ 365(A) And 503(B) To Compel Allowance And Payment Of Post-Petition Rental Obligations As Administrative Expenses (Docket No. 641). |
|---|---|
| Replies Filed: | None. |
| Related Filings: | None. |
| Status: | The hearing with respect to this matter will go forward. |

Dated: December ~~3~~ ~~,~~ 2008     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia      FLOM, LLP
                                  Gregg M. Galardi, Esq.
                                  Ian S. Fredericks, Esq.
                                  P.O. Box 636
                                  Wilmington, Delaware 19899-0636
                                  (302) 651-3000

                                          - and -

                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM, LLP
                                  Chris L. Dickerson, Esq.
                                  333 West Wacker Drive
                                  Chicago, Illinois 60606
                                  (312) 407-0700

                                          - and -

                                  MCGUIREWOODS LLP

                                  ~~/s/ Douglas M. Foley~~   ~~.~~
                                  ~~       .~~
                                  Dion W. Hayes (VSB No. 34304)
                                  Douglas M. Foley (VSB No. 34364)
                                  One James Center
                                  901 E. Cary Street
                                  Richmond, Virginia 23219
                                  (804) 775-1000

                                  Proposed Counsel for Debtors and
                                  Debtors in Possession

\6744148