Kevin R. McCarthy, VSB 14273
William Douglas White
McCarthy & White, PLLC
8180 Greensboro Dr. – Suite 875
McLean, VA 22102
(703) 770-9261
Attorneys for Delmarva, Pepco, Entergy, and APCO

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 (KRH) |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD
AND STATEMENT OF ISSUES TO BE PRESENTED

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Appellants Potomac Electric Power Company ("Pepco"), Delmarva Power & Light Company ("Delmarva"), Atlantic City Electric Company, Florida Power & Light Company, Central Maine Power Company and Alabama Power Company ("APCO") (hereinafter collectively the "Utilities") submit the following with respect to their appeals of the Utility Order (Docket No. 117):

**A.  Items To Be Included In The Record**:

1.    Docket No. 8 – Motion of Debtors for Order Under Bankruptcy Code Sections 105(a), 363 and 366 and Bankruptcy Rule 6003

2.    Docket No. 25 - Motion to Expedite Hearing

3.    Docket No. 26 – Notice of Motion

4.    Docket No. 50- Order Granting Expedited Hearing On First Day Pleadings

5.    Docket No. 64- Minute entry granting Utility Motion

6.    Docket No. 117 - Order Under Bankruptcy Code Sections 105(a), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance Of Payment, (II)

Establishing Procedures For Resolving Requests By Utility Companies For Additional Assurance of Payment, (III) Scheduling a Hearing With Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor

7.   Docket No. 207 - Affidavit of Service of Utility Motion and Utility Order

8.   Docket No. 355 - Notice of Appeal

### B.  Statement Of The Issues To Be Presented:

1.   Whether the Bankruptcy Court improperly enjoined the Utilities from exercising their respective rights under 11 U.S.C. § 366(c)(2).

2.   Whether the Additional Adequate Assurance Procedures approved by the Bankruptcy Court in the Utility Order are contrary to 11 U.S.C. § 366, 28 U.S.C. 959 or otherwise applicable non-bankruptcy law.

3.   Whether the Bankruptcy Court erred in approving the Utility Blocked Account as an acceptable form of an assurance of payment under 11 U.S.C. § 366(c)(1)(a)(i-v).

4.   Whether the Bankruptcy Court erred in establishing an assurance of payment that was not satisfactory to the Utilities.

5.   Whether the Bankruptcy Court erred in approving the Utility Motion when the Debtors failed properly to serve the Utilities.

6.   Whether the Bankruptcy Court erred in entering the Utility Order on an *ex parte* basis and without proper notice.

7.   Whether the injunctive provisions of the Utility Order are procedurally authorized by the Federal Rules of Bankruptcy Procedure.

Dated:  12/04/08                                  /s/ Kevin R. McCarthy
                                                  Kevin R. McCarthy, VSB NO. 14273
                                                  William Douglas White
                                                  MCCARTHY & WHITE PLLC
                                                  8180 Greensboro Drive, Suite 875
                                                  McLean, Virginia 22102
                                                  (703) 770-9261
                                                  Counsel to Utilities

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of December, 2008 I caused a copy of the above to be sent through the Court's electronic case filing system:


      /s/ Kevin R. McCarthy
      Kevin R. McCarthy