**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| **CIRCUIT CITY STORES, INC., et al.,** | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF PAN AM EQUITIES TO CURE AMOUNT** AS STATED IN DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES

Pan Am Equities, Inc. ("Pan Am"), a creditor of Debtor, Circuit City Stores, Inc. ("Debtor"), and lessor at Oakland Pointe Shopping Center in Pontiac, Michigan, Store No. 1880 ("Property"), objects to the "Cure Amount" as stated in Exhibit B to the *Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures* ("Motion").

David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, VA 23510
(757) 227-5155
(757) 227-5158 facsimile
*Attorneys Pan Am Equities, Inc.*

1. The Motion states that a Cure Amount of $14,156.00 is due for pre-petition defaults. This amount is calculated substantially correctly as to the rent presently payable under the terms of the Lease allocated to the pre-petition days of November. However, the debtor has not paid the rent presently payable under the terms of the Lease allocated to the post-petition days of November, or "stub rent", which must also be paid as part of a cure. Further, the Cure Amount does not account for additional charges described below. (Debtor's counsel stated on December 4, 2008, that the Stub Rent would be paid as part of a settlement of an objection to the "Hilco Agency Agreement Motion.")

2. The Debtors have not paid rent due December 1, 2008; post-petition rent amounts must be paid as a condition of assumption of the Lease. Debtor's counsel stated on December 4, 2008, that the rent for December has been sent.

3. The Debtors have not paid their portion of the bill for Real Estate Taxes, attached as Exhibit A, which was sent to the Debtors on or about December 1, 2008; $1,229.04. (47.40% of $2,592.93) is due.

4. The Debtors have not paid percentage rent which may have been due under the Lease; percentage rent is based upon sales through the "lease year" ending October 31, 2008. Further, the Debtors have not provided sales information to determine if percentage rent is due. Pan Am reserves the right to add percentage rent, if any, to the Cure Amount.

5. The Debtors are obligated to pay for certain repairs and maintenance, including obligations for the condition of the Premises upon termination of the Lease. Pan Am reserves the right to add such charges, if any, to the Cure Amount.

6. The Debtors are obligated to pay for certain utility charges. Pan Am reserves the right to add such charges, if any, to the Cure Amount, if unpaid by the Debtors and assessed by the utility companies against Pan Am, including any taxes associated with utilities.

7. The monthly amounts paid by the Debtor for insurance, taxes and CAM are subject to adjustment for changes in underlying billing amounts for same. Adjustments are typically made late in the first quarter of the following year. The Debtor is obligated for any adjustments that result in a deficiency between the actual underlying amounts and the amounts paid toward them; any such deficiency must be included in the Cure Amount and Pan Am reserves its claim for same.

8. The Cure Amount does not include payment of additional damages Pan Am may incur from assumption and assignment, including all "actual pecuniary loss" as described in 11 U.S.C. §365(b) (1)(B). This will include Pan Am's attorneys fees incurred in or related to the bankruptcy filing and the lease defaults, in an amount that cannot be determined at this time. Any such "pecuniary loss" must be included in the Cure Amount and Pan Am reserves its claim for same.

9. Pan Am Equities reserves claims for any additional amounts that may come due under the Lease before assumption of the Lease, and reserves its direct claim against the Debtor for same.

10. By asserting a Cure Amount, and objecting to the Debtors' stated amount for same, Pan Am does not consent to the assumption of the Lease, or the assignment of same, nor does it waive its rights and remedies concerning assumption and assignment.

11. The Debtors, in a footnote, attempt to reserve the right to alter the Cure Amount by applying what is known as the "Billing Date" process rather than what is known as the

3

"Accrual Date" process. See Motion, para. 13, fn. 4.  The Debtors argue for the application of same in their "Omnibus Objection to the Motions …to Compel Allowance and Payment of Post-petition Rental Obligations…."  See para. 17-18 and related provisions.  Pan Am reserves a corresponding right, if it so chooses, to apply the Billing Date process and objects to the establishment of a Cure Amount as altering this right.

WHEREFORE Pan Am Equities objects to the Cure Amount stated in the Motion, and reserves its claim and right to immediate payment of all amounts due under the Lease, and moves for such other and further relief as this court deems equitable and just as to this issue.

DATED this 5th day of December, 2008.


PAN AM EQUITIES, INC.

By:___/s/ David A. Greer_____
    David A. Greer, of counsel


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December  5, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

/s/ David A. Greer
David A. Greer


David A. Greer (VSB #24128)
The Law Offices of David A. Greer, PLC
500 East Main Street, Suite 1225
Norfolk, VA  23510
(757) 227-5155
(757) 227-5158 facsimile
*Attorneys Pan Am Equities, Inc.*
0700