# Purchase Order

**Dispatch via Print**

## Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 1 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

| Email Address |
|---|
| brian_gayle@circuitcity.com |

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

**Ship To:** 04133
1022 US Route 22
North Plainfield NJ 07060
United States



**Bill To:** Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt? N          Tax Exempt ID:                    Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity | UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|---|
| | Attention:    Jayaram,Venkatesh | | | | | | |
| 1- 1 | Permits and acquisition Fees | | 1.00 | EA | 3,124.00 | 3,124.00 | 11/05/2008 |
| | | | | | Schedule Total | 3,124.00 | |
| | Attention:    Jayaram,Venkatesh | | | | Item Total | 3,124.00 | |
| 2- 1 | Freight | | 1.00 | EA | 2,435.00 | 2,435.00 | 11/05/2008 |
| | | | | | Schedule Total | 2,435.00 | |
| | | | | | Item Total | 2,435.00 | |
| | | | | | Total PO Amount | 5,559.00 | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

## Purchase Order

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 2 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

**Email Address**
brian_gayle@circuitcity.com

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

**Ship To:** 04133
1022 US Route 22
North Plainfield NJ 07060
United States

**Bill To:** Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

## TERMS AND CONDITIONS

1. Acceptance is expressly limited to the terms and conditions contained in this purchase order ("Order"). By accepting this Order, Seller agrees to comply with the Circuit City Corporate Purchasing Vendor Procedures Manual (the "Vendor Procedures Manual"), a copy of which has been or will be provided to Seller from time to time. In the event that the Buyer and Seller have entered into a separate written agreement ("Procurement Agreement") for the purchase of any goods ("Goods"), services ("Services") (such Services being deemed to include any software, code, materials, documents or other deliverables ("Deliverables") provided as a part of such Services) or the license of any pre-existing software, code, reports, data or other intellectual property or rights therein ("IP") covered by this Order, any conflict between such Procurement Agreement and this Order shall be resolved in the following order of preference: (i) the Procurement Agreement; (ii) this Order; and (iii) the Vendor Procedures Manual. If there is no Procurement Agreement in place, any conflict between the Vendor Procedures Manual and this Order shall be resolved in favor of this Order. Any provisions in Seller's invoices, billing statements, acknowledgement forms or similar documents which are at variance with the provisions of this Order shall be of no force or effect unless specifically agreed to in writing by an authorized representative of Buyer. Seller shall accept or reject this Order by the next business day after receipt from Buyer. In the event that Seller does not accept or reject this Order within such time, Seller shall be deemed to have accepted this Order in all respects and Seller may be subject to a non-compliance charge as described in the Vendor Procedures Manual.

2. All Goods, Services and IP shall be delivered in accordance with any specifications, drawings, samples or other descriptions furnished by Buyer to Seller or as provided by Seller to Buyer.

3. Buyer assumes no liability (including but not limited to any obligation to purchase or obligation to store) with regard to Goods processed or shipped or Services or IP supplied in excess of the amount specified in this Order.

4. All Goods, Services and IP will be subject to Buyers' inspection and acceptance. In addition to other rights provided by law, Buyer reserves the right to refuse or reject non-conforming Goods, Services or IP. In the event Buyer shall have made payments to Seller for Goods so returned or Services or IP so refused or rejected, Seller shall promptly refund such payments to Buyer. Any Goods, Services or IP purchased in error by Buyer may be returned for credit within thirty (30) days and will be accepted by Seller. If the Goods, Services or IP delivered do not meet or exceed reasonable reliability requirements, including, without limitation, out-of-box failures, Seller shall identify the cause and replace the defective Goods, Services or IP with conforming Goods, Services or IP. The existence of any such epidemic failure shall be established from Buyer's service records for the Goods, Services or IP and by showing that the average failure rate for the specified period of the monitored Goods, Services or IP is not in conformance with reasonable reliability requirements. If any Goods, Services or IP fails to meet the warranties set forth herein, or is subject to epidemic failure, as set forth herein, such Goods, Services or IP may be returned to Seller for replacement. The cost of freight and handling to replace the Goods, Services or IP under warranty will be at the expense of Seller. The rights and remedies set forth in this Section shall be in addition to and not in limitation of any other right or obligation Buyer may have under the Procurement Agreement, this Order, the Vendor Procedures Manual or otherwise at law or in equity.

5. In the event Seller fails to deliver the Goods, Services or IP on the required delivery date specified in this Order, Buyer shall have the right, in addition to all other rights and remedies under the Procurement Agreement, this Order, the Vendor Procedures Manual or at law or equity or otherwise, and without any liability or obligation, to: (i) cancel this Order, or (ii) extend such delivery date to a later date, subject, however to the right to cancel as in (i) preceding if delivery is not made or performance is not completed on or before such extended delivery date. Neither the acceptance nor delivery of Goods shipped or Services or IP provided after the date or dates specified herein shall be considered to be a waiver of Buyer's rights to recover damages for late delivery. Without limiting the generality of the foregoing, if Buyer elects to extend such delivery date, Seller shall absorb any differences between the charges to

| Authorized Signature |
|---|
| Electronically Approved |
| Reginald D. Hedgebeth, Senior VP |

Purchase Order



**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 3 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Ship To: 04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To: Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

ship normal transportation and the charges to ship premium overnight.

6. Seller represents and warrants that neither it nor the Goods purchased nor Services nor IP provided or to be provided hereunder (i) infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party; (ii) compete unfairly (including, but not limited to passing off, misappropriation or violation of any state or federal statute), (iii) violate any applicable law or statute, or (iv) violate any other rights of third parties. Without limiting the generality of the foregoing, Seller further agrees that it and the Goods, Services and IP shall comply with all applicable laws, ordinances, regulations and codes (including any pertaining to the environment, safety or health), including the identification and procurement of required permits, certificates, licenses, insurance, approvals and inspections in performance of this Agreement. Further, Seller shall comply, and shall ensure that its agents and representatives comply, with all applicable laws and regulations relating to shipping of products for transit into the United States, including, without limitation, any customs laws and regulations. Seller shall be solely responsible for any taxes, duties or other payments due with regard to compliance with such applicable laws. Seller further warrants to Buyer that no Goods, Services or IP furnished by Seller under this Order are defined as a hazardous or toxic substance or material under applicable federal, state or local law, ordinance, rule, regulation or order, and that such Goods, Services and IP present no abnormal hazards to persons or the environment. Seller is responsible for adhering to all Federal and State laws and regulations as applicable regarding the shipment of any hazardous materials, and the Seller shall be responsible for all reasonable costs and/or penalties incurred by Buyer as a result of Seller's failure to comply with this Section.

7. Seller represents and warrants that any Goods, Services and IP provided pursuant to this Order are (a) merchantable, (b) free from material defects in design, material and workmanship, including, without limitation, such defects as could create a hazard to life or property; (c) fit and sufficient for the purpose intended; (d) in conformity with and will perform in accordance with all the other specifications, descriptions, documentation and/or requirements set forth or incorporated herein or provided with the Goods, Services or IP; and (e) in conformity with all applicable federal, state and local laws. Seller further represents and warrants that the Services provided hereunder will be performed in a satisfactory, efficient, competent, professional and workmanlike manner, and in accordance with industry standards.

8. Seller agrees to indemnify, defend and hold harmless Buyer and its affiliates and subsidiaries and their respective directors, officers, employees, agents, principals, representatives, successors and assigns from and against any losses, expenses, damages, claims, fines, penalties, costs and expenses (including reasonable attorneys' fees) that arise, directly or indirectly, out of or result from (a) the use and/or failure of the Goods, Services or IP covered by this Order, including without limitation, liability based upon death or injury to any persons or damage to any property; (b) Seller's non-performance or breach of the terms, representations and warranties contained in this Order; (c) Seller's negligence or willful misconduct in performance of its obligations under this Order, (d) Seller's violation or violation by the Goods, Services or IP of any of the laws of any governmental entity with respect to the Goods, Services or IP covered by this Order; or (e) any and all third party claims that the Seller or the Goods, Services or IP covered by this Order infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party.

9. In support of Seller's obligations under this Order, Seller shall maintain (a) statutory workers' compensation coverage, including coverage for employer's liability; (b) commercial automobile liability coverage; (c) commercial general liability insurance, including products, completed operations coverage, and covering liability arising from premises, operations, personal injury, advertising injury and liability assumed under an insured contract. The coverage limits required for such insurance shall be at least $2,000,000 for each incident. Products - completed operations coverage shall be maintained for at least three (3) years after delivery of the Goods, Services or IP covered by this Order, or such longer time as may be set forth in a Procurement Agreement. Such policy shall name "Circuit City Stores, Inc., its affiliates, successors and assigns" as additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII. Prior to delivery of the Goods, Services or IP covered by this Order, and thereafter upon reasonable request, a certificate of insurance evidencing the required coverage shall be provided to Buyer. All certificates shall provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to herein.

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 4 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

Email Address
brian_gayle@circuitcity.com

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor:  0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:  04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:  Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

10. In addition to the rights set forth in Section 5 above, at its option, Buyer may terminate all or a part of this Order upon written notice to Seller.

11. In the course of performance of this Order, Buyer may share with Seller certain documents and information, including, but not limited to, information pertaining to customers, products, business practices, schedules, services, methods, data, processes, advertising plans, sales, financial information and operating procedures which the Buyer considers to be, and treats as confidential ("Confidential Information"), whether or not specifically identified as such. The Seller shall maintain the Buyer's Confidential Information in confidence, shall protect it with the same degree of care that it uses to protect its own Confidential Information (which shall be not less than reasonable care), shall not disclose it to any third party and shall use it for the sole purpose of performing hereunder or under any Procurement Agreement. At the conclusion of this Order (or at the conclusion of the Procurement Agreement, if later), Seller shall either return the Buyer's Confidential Information in its possession (including all copies) or shall, at the Buyer's direction, destroy the Buyer's Confidential Information (including all copies) and certify its destruction to the Buyer. For purposes of this Section, the term "Confidential Information" shall not include any information which: (a) is in the public domain at the time of disclosure or enters the public domain following disclosure through no fault of the Seller; (b) the Seller can demonstrate was already in its possession prior to disclosure hereunder or is subsequently disclosed to the Seller with no obligation of confidentiality by a third party having the right to disclose it; or (c) is independently developed by the Seller without reference to the Buyer's Confidential Information provided that the Seller can clearly demonstrate such independent development through contemporaneous records showing such development. The Seller may disclose the Buyer's Confidential Information upon the order of any court of competent jurisdiction or as otherwise required by law or legal process, provided that prior to such disclosure, the Seller shall inform the Buyer of such order if permitted by law, in order to provide the Buyer with an opportunity to contest such order or to seek such other protective action as the Buyer may elect. Seller may not issue a press release regarding this Agreement or the relationship of the parties hereunder without the Buyer's prior written approval. In the event of a violation of the terms of this Section, because of the unique nature of the Confidential Information, the Buyer would suffer irreparable harm, and money damages and other remedies at law available in the event of a breach or threatened breach would not be adequate to compensate for the harm caused by the breach or the threatened breach. Accordingly, in addition to any other remedies it may have hereunder or at law or in equity, Buyer shall have the right to obtain injunctive relief for violation of the terms of this Section.

12. If the Buyer of the Goods, Services or IP hereunder is Circuit City Purchasing Company, LLC ("Circuit City Purchasing"), the parties acknowledge and agree that Circuit City Purchasing may resell, transfer, assign or sublicense the Goods, Services or IP to Circuit City Stores, Inc. or to any other affiliate, and that, if they are not parties to a Procurement Agreement covering the Goods, Services or IP in question, Circuit City Stores, Inc. and any other affiliate will be deemed to be intended and notified third party beneficiaries of the such Procurement Agreement and/or the terms of this Order and the Vendor Procedures Manual. Without limiting the generality of the foregoing, Circuit City Stores, Inc. and its affiliates shall be entitled to any and all rights and protections under any applicable Procurement Agreement, this Order, the Vendor Procedures Manual and applicable law, including, but not limited to all rights and protections under any warranties and indemnification provisions. Furthermore, Seller agrees that the resale, transfer, assignment or sublicense of any of such Goods, Services or IP shall in no way limit or restrict any warranty provided therewith, and all such warranties shall remain in force and effect as if no resale, transfer, assignment or sublicense had been made, and shall benefit Circuit City Purchasing, Circuit City Stores, Inc. or any other affiliate.

13. To the extent that Deliverables are provided as a part of the Services, such Deliverables, including all materials and documents, reports, summaries, and information compilations written, assembled or produced by Seller and all products, ideas, concepts, techniques, work product, inventions, processes or works of authorship developed or created by Seller during the course of providing Services to Buyer hereunder and all copyrights, patents, trade secrets, trademarks or other intellectual property rights associated with the Deliverables shall belong exclusively to Buyer. Buyer will have no obligation of nondisclosure or nonuse or otherwise with respect to the Deliverables or to any other information disclosed to Buyer hereunder. Seller automatically assigns at the time of creation of the Deliverables and without the requirement of further consideration, any right, title or interest Seller may have in such Deliverables,

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 5 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:    04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:    Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

including any copyrights, patent rights or other intellectual property rights pertaining thereto.  Upon request of Buyer, Seller shall take such further actions, including execution and delivery of instruments of conveyance, as may be appropriate to give full and proper effect to such assignment.  To the extent that Deliverables are deemed in any way to fall within the definition of "work for hire" as such term is defined in 17 U.S.C. Section 101, such Deliverables shall be considered to be "work for hire", the copyright of which shall be owned solely, completely and exclusively by Buyer.

14. With regard to any IP covered by this Order, Seller hereby grants Buyer a non-exclusive right and license to use the IP for the benefit of itself and its affiliates, subject to any limitations set forth in this Order.  To the extent that no limitations are set forth in this Order, such license shall be perpetual, and Buyer and its affiliates shall have unlimited use of such IP, without the obligation to make any future payments.

15. Buyer shall pay Seller only for applicable state and local sales and use tax payments with respect to transactions under this Order unless Buyer advises Seller that an exemption applies with respect to state and local sales and use taxes, as applicable.  Taxes payable by Buyer shall be billed as separate items on Seller's invoices and shall not be included in Seller's prices.  At Buyer's expense and subject to Buyer's direction and control, Buyer shall have the right to have Seller contest any such taxes that Buyer deems improperly levied.

16. The relationship of the parties under this Order shall be and at all times remain one of independent contractors and not principal and agent, employer and employee, franchisor and franchisee, partners or joint venturers.  Neither party shall have the authority to assume or create obligations on behalf of the other party.  Each party shall employ its own personnel and contractors and shall be solely responsible for their acts and be responsible for payment of all unemployment, Social Security, and other payroll taxes, including contributions required by law.

17. Neither party shall be held responsible for any delay or failure in performance of any part of this Order to the extent such delay or failure is caused by fire, flood, strike, civil, governmental or military authority, act of God, or other similar causes beyond its control and without the fault or negligence of the delayed or non-performing party or its subcontractors ("Force Majeure Event").  If either party is unable to perform its obligations under this Order due to a Force Majeure Event, that party is responsible for giving written notice to the other party of its inability to perform and the steps it plans to take to rectify such inability.  The parties shall be obligated to use their best efforts to continue to perform pursuant to the terms of this Order.  In the event Seller is unable to perform within five (5) days of a Force Majeure Event, Buyer shall have the right to cancel this Order.

18. No course of dealing of Buyer nor any delay or omission of Buyer to exercise any right or remedy granted under this Order shall operate as a waiver of any rights of Buyer.  No waiver of any obligation of either party under this Order shall be effective unless it is in writing and signed by both parties.  The failure of either party at any time to enforce any right or remedy available to it under this Order or otherwise with respect to any breach or failure by the other party shall not be construed to be a waiver of such right or remedy with respect to any other breach or failure by the other party.

19. No right of Seller under this contract resulting from the acceptance of this Order, including, without limitation, any account based upon this Order, shall be assignable without the written consent of Buyer.

20. This Order shall be governed by the laws of the Commonwealth of Virginia, excluding its choice of law rules.

21. This Order, together with the Vendor Procedures Manual and the Procurement Agreement, if any, between the parties, shall constitute the entire agreement between the parties with respect to the subject matter of this Order and shall not be modified or rescinded, except by a writing signed by Buyer and Seller.  The provisions of this Order which, by their nature, should survive shall survive the termination or expiration of this Order.

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 1 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | | Phone | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Vendor:    0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:    04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:    Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt?  N    Tax Exempt ID:                    Replenishment Option:  Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| Attention: | Jayaram,Venkatesh | | | | | |
| 1- 1 | Permits and acquisition Fees | | 1.00 EA | 3,124.00 | 3,124.00 | 11/05/2008 |
| | | | Schedule Total | | 3,124.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 3,124.00 | |
| 2- 1 | Freight | | 1.00 EA | 2,435.00 | 2,435.00 | 11/05/2008 |
| | | | Schedule Total | | 2,435.00 | |
| | | | Item Total | | 2,435.00 | |
| | | | Total PO Amount | | 5,559.00 | |

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order



## Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

**Dispatch via Print**

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 2 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

TERMS AND CONDITIONS

1. Acceptance is expressly limited to the terms and conditions contained in this purchase order ("Order"). By accepting this Order, Seller agrees to comply with the Circuit City Corporate Purchasing Vendor Procedures Manual (the "Vendor Procedures Manual"), a copy of which has been or will be provided to Seller from time to time. In the event that the Buyer and Seller have entered into a separate written agreement ("Procurement Agreement") for the purchase of any goods ("Goods"), services ("Services") (such Services being deemed to include any software, code, materials, documents or other deliverables ("Deliverables") provided as a part of such Services) or the license of any pre-existing software, code, reports, data or other intellectual property or rights therein ("IP") covered by this Order, any conflict between such Procurement Agreement and this Order shall be resolved in the following order of preference: (i) the Procurement Agreement; (ii) this Order; and (iii) the Vendor Procedures Manual. If there is no Procurement Agreement in place, any conflict between the Vendor Procedures Manual and this Order shall be resolved in favor of this Order. Any provisions in Seller's invoices, billing statements, acknowledgement forms or similar documents which are at variance with the provisions of this Order shall be of no force or effect unless specifically agreed to in writing by an authorized representative of Buyer. Seller shall accept or reject this Order by the next business day after receipt from Buyer. In the event that Seller does not accept or reject this Order within such time, Seller shall be deemed to have accepted this Order in all respects and Seller may be subject to a non-compliance charge as described in the Vendor Procedures Manual.

2. All Goods, Services and IP shall be delivered in accordance with any specifications, drawings, samples or other descriptions furnished by Buyer to Seller or as provided by Seller to Buyer.

3. Buyer assumes no liability (including but not limited to any obligation to purchase or obligation to store) with regard to Goods processed or shipped or Services or IP supplied in excess of the amount specified in this Order.

4. All Goods, Services and IP will be subject to Buyers' inspection and acceptance. In addition to other rights provided by law, Buyer reserves the right to refuse or reject non-conforming Goods, Services or IP. In the event Buyer shall have made payments to Seller for Goods so returned or Services or IP so refused or rejected, Seller shall promptly refund such payments to Buyer. Any Goods, Services or IP purchased in error by Buyer may be returned for credit within thirty (30) days and will be accepted by Seller. If the Goods, Services or IP delivered do not meet or exceed reasonable reliability requirements, including, without limitation, out-of-box failures, Seller shall identify the cause and replace the defective Goods, Services or IP with conforming Goods, Services or IP. The existence of any such epidemic failure shall be established from Buyer's service records for the Goods, Services or IP and by showing that the average failure rate for the specified period of the monitored Goods, Services or IP is not in conformance with reasonable reliability requirements. If any Goods, Services or IP fails to meet the warranties set forth herein, or is subject to epidemic failure, as set forth herein, such Goods, Services or IP may be returned to Seller for replacement. The cost of freight and handling to replace the Goods, Services or IP under warranty will be at the expense of Seller. The rights and remedies set forth in this Section shall be in addition to and not in limitation of any other right or obligation Buyer may have under the Procurement Agreement, this Order, the Vendor Procedures Manual or otherwise at law or in equity.

5. In the event Seller fails to deliver the Goods, Services or IP on the required delivery date specified in this Order, Buyer shall have the right, in addition to all other rights and remedies under the Procurement Agreement, this Order, the Vendor Procedures Manual or at law or equity or otherwise, and without any liability or obligation, to: (i) cancel this Order, or (ii) extend such delivery date to a later date, subject, however to the right to cancel as in (i) preceding if delivery is not made or performance is not completed on or before such extended delivery date. Neither the acceptance nor delivery of Goods shipped or Services or IP provided after the date or dates specified herein shall be considered to be a waiver of Buyer's rights to recover damages for late delivery. Without limiting the generality of the foregoing, if Buyer elects to extend such delivery date, Seller shall absorb any differences between the charges to

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

## Purchase Order



**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 3 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | Currency |
|---|---|---|
| Gayle,David B | | USD |

| Email Address |
|---|
| brian_gayle@circuitcity.com |

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To: 04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To: Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

ship normal transportation and the charges to ship premium overnight.

6. Seller represents and warrants that neither it nor the Goods purchased nor Services nor IP provided or to be provided hereunder (i) infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party; (ii) compete unfairly (including, but not limited to passing off, misappropriation or violation of any state or federal statute), (iii) violate any applicable law or statute, or (iv) violate any other rights of third parties. Without limiting the generality of the foregoing, Seller further agrees that it and the Goods, Services and IP shall comply with all applicable laws, ordinances, regulations and codes (including any pertaining to the environment, safety or health), including the identification and procurement of required permits, certificates, licenses, insurance, approvals and inspections in performance of this Agreement. Further, Seller shall comply, and shall ensure that its agents and representatives comply, with all applicable laws and regulations relating to shipping of products for transit into the United States, including, without limitation, any customs laws and regulations. Seller shall be solely responsible for any taxes, duties or other payments due with regard to compliance with such applicable laws. Seller further warrants to Buyer that no Goods, Services or IP furnished by Seller under this Order are defined as a hazardous or toxic substance or material under applicable federal, state or local law, ordinance, rule, regulation or order, and that such Goods, Services and IP present no abnormal hazards to persons or the environment. Seller is responsible for adhering to all Federal and State laws and regulations as applicable regarding the shipment of any hazardous materials, and the Seller shall be responsible for all reasonable costs and/or penalties incurred by Buyer as a result of Seller's failure to comply with this Section.

7. Seller represents and warrants that any Goods, Services and IP provided pursuant to this Order are (a) merchantable, (b) free from material defects in design, material and workmanship, including, without limitation, such defects as could create a hazard to life or property; (c) fit and sufficient for the purpose intended; (d) in conformity with and will perform in accordance with all the other specifications, descriptions, documentation and/or requirements set forth or incorporated herein or provided with the Goods, Services or IP; and (e) in conformity with all applicable federal, state and local laws. Seller further represents and warrants that the Services provided hereunder will be performed in a satisfactory, efficient, competent, professional and workmanlike manner, and in accordance with industry standards.

8. Seller agrees to indemnify, defend and hold harmless Buyer and its affiliates and subsidiaries and their respective directors, officers, employees, agents, principals, representatives, successors and assigns from and against any losses, expenses, damages, claims, fines, penalties, costs and expenses (including reasonable attorneys' fees) that arise, directly or indirectly, out of or result from (a) the use and/or failure of the Goods, Services or IP covered by this Order, including without limitation, liability based upon death or injury to any persons or damage to any property; (b) Seller's non-performance or breach of the terms, representations and warranties contained in this Order; (c) Seller's negligence or willful misconduct in performance of its obligations under this Order, (d) Seller's violation or violation by the Goods, Services or IP of any of the laws of any governmental entity with respect to the Goods, Services or IP covered by this Order; or (e) any and all third party claims that the Seller or the Goods, Services or IP covered by this Order infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party.

9. In support of Seller's obligations under this Order, Seller shall maintain (a) statutory workers' compensation coverage, including coverage for employer's liability; (b) commercial automobile liability coverage; (c) commercial general liability insurance, including products, completed operations coverage, and covering liability arising from premises, operations, personal injury, advertising injury and liability assumed under an insured contract. The coverage limits required for such insurance shall be at least $2,000,000 for each incident. Products - completed operations coverage shall be maintained for at least three (3) years after delivery of the Goods, Services or IP covered by this Order, or such longer time as may be set forth in a Procurement Agreement. Such policy shall name "Circuit City Stores, Inc., its affiliates, successors and assigns" as additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII. Prior to delivery of the Goods, Services or IP covered by this Order, and thereafter upon reasonable request, a certificate of insurance evidencing the required coverage shall be provided to Buyer. All certificates shall provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to herein.

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

Purchase Order



Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 4 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | | Phone | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

Email Address
brian_gayle@circuitcity.com

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor:  0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

10. In addition to the rights set forth in Section 5 above, at its option, Buyer may terminate all or a part of this Order upon written notice to Seller.

11. In the course of performance of this Order, Buyer may share with Seller certain documents and information, including, but not limited to, information pertaining to customers, products, business practices, schedules, services, methods, data, processes, advertising plans, sales, financial information and operating procedures which the Buyer considers to be, and treats as confidential ("Confidential Information"), whether or not specifically identified as such. The Seller shall maintain the Buyer's Confidential Information in confidence, shall protect it with the same degree of care that it uses to protect its own Confidential Information (which shall be not less than reasonable care), shall not disclose it to any third party and shall use it for the sole purpose of performing hereunder or under any Procurement Agreement. At the conclusion of this Order (or at the conclusion of the Procurement Agreement, if later), Seller shall either return the Buyer's Confidential Information in its possession (including all copies) or shall, at the Buyer's direction, destroy the Buyer's Confidential Information (including all copies) and certify its destruction to the Buyer. For purposes of this Section, the term "Confidential Information" shall not include any information which: (a) is in the public domain at the time of disclosure or enters the public domain following disclosure through no fault of the Seller; (b) the Seller can demonstrate was already in its possession prior to disclosure hereunder or is subsequently disclosed to the Seller with no obligation of confidentiality by a third party having the right to disclose it; or (c) is independently developed by the Seller without reference to the Buyer's Confidential Information provided that the Seller can clearly demonstrate such independent development through contemporaneous records showing such development. The Seller may disclose the Buyer's Confidential Information upon the order of any court of competent jurisdiction or as otherwise required by law or legal process, provided that prior to such disclosure, the Seller shall inform the Buyer of such order if permitted by law, in order to provide the Buyer with an opportunity to contest such order or to seek such other protective action as the Buyer may elect. Seller may not issue a press release regarding this Agreement or the relationship of the parties hereunder without the Buyer's prior written approval. In the event of a violation of the terms of this Section, because of the unique nature of the Confidential Information, the Buyer would suffer irreparable harm, and money damages and other remedies at law available in the event of a breach or threatened breach would not be adequate to compensate for the harm caused by the breach or the threatened breach. Accordingly, in addition to any other remedies it may have hereunder or at law or in equity, Buyer shall have the right to obtain injunctive relief for violation of the terms of this Section.

12. If the Buyer of the Goods, Services or IP hereunder is Circuit City Purchasing Company, LLC ("Circuit City Purchasing"), the parties acknowledge and agree that Circuit City Purchasing may resell, transfer, assign or sublicense the Goods, Services or IP to Circuit City Stores, Inc. or to any other affiliate, and that, if they are not parties to a Procurement Agreement covering the purchase or license of the Goods, Services or IP in question, Circuit City Stores, Inc. and any other affiliate will be deemed to be intended and notified third party beneficiaries of the such Procurement Agreement and/or the terms of this Order and the Vendor Procedures Manual. Without limiting the generality of the foregoing, Circuit City Stores, Inc. and its affiliates shall be entitled to any and all rights and protections under any applicable Procurement Agreement, this Order, the Vendor Procedures Manual and applicable law, including, but not limited to all rights and protections under any warranties and indemnification provisions. Furthermore, Seller agrees that the resale, transfer, assignment or sublicense of any of such Goods, Services or IP shall in no way limit or restrict any warranty provided therewith, and all such warranties shall remain in force and effect as if no resale, transfer, assignment or sublicense had been made, and shall benefit Circuit City Purchasing, Circuit City Stores, Inc. or any other affiliate.

13. To the extent that Deliverables are provided as a part of the Services, such Deliverables, including all materials and documents, reports, summaries, and information compilations written, assembled or produced by Seller and all products, ideas, concepts, techniques, work product, inventions, processes or works of authorship developed or created by Seller during the course of providing Services to Buyer hereunder and all copyrights, patents, trade secrets, trademarks or other intellectual property rights associated with the Deliverables shall belong exclusively to Buyer. Buyer will have no obligation of nondisclosure or nonuse or otherwise with respect to the Deliverables or to any other information disclosed to Buyer hereunder. Seller automatically assigns at the time of creation of the Deliverables and without the requirement of further consideration, any right, title or interest Seller may have in such Deliverables,

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

**Purchase Order**



**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000501366 | 11/04/2008 | | 5 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | | Phone | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

including any copyrights, patent rights or other intellectual property rights pertaining thereto.  Upon request of Buyer, Seller shall take such further actions, including execution and delivery of instruments of conveyance, as may be appropriate to give full and proper effect to such assignment.  To the extent that Deliverables are deemed in any way to fall within the definition of "work for hire" as such term is defined in 17 U.S.C. Section 101, such Deliverables shall be considered to be "work for hire", the copyright of which shall be owned solely, completely and exclusively by Buyer.

14. With regard to any IP covered by this Order, Seller hereby grants Buyer a non-exclusive right and license to use the IP for the benefit of itself and its affiliates, subject to any limitations set forth in this Order.  To the extent that no limitations are set forth in this Order, such license shall be perpetual, and Buyer and its affiliates shall have unlimited use of such IP, without the obligation to make any future payments.

15. Buyer shall pay Seller only for applicable state and local sales and use tax payments with respect to transactions under this Order unless Buyer advises Seller that an exemption applies with respect to state and local sales and use taxes, as applicable.  Taxes payable by Buyer shall be billed as separate items on Seller's invoices and shall not be included in Seller's prices.  At Buyer's expense and subject to Buyer's direction and control, Buyer shall have the right to have Seller contest any such taxes that Buyer deems improperly levied.

16. The relationship of the parties under this Order shall be and at all times remain one of independent contractors and not principal and agent, employer and employee, franchisor and franchisee, partners or joint venturers.  Neither party shall have the authority to assume or create obligations on behalf of the other party.  Each party shall employ its own personnel and contractors and shall be solely responsible for their acts and be responsible for payment of all unemployment, Social Security, and other payroll taxes, including contributions required by law.

17. Neither party shall be held responsible for any delay or failure in performance of any part of this Order to the extent such delay or failure is caused by fire, flood, strike, civil, governmental or military authority, act of God, or other similar causes beyond its control and without the fault or negligence of the delayed or non-performing party or its subcontractors ("Force Majeure Event").  If either party is unable to perform its obligations under this Order due to a Force Majeure Event, that party is responsible for giving written notice to the other party of its inability to perform and the steps it plans to take to rectify such inability.  The parties shall be obligated to use their best efforts to continue to perform pursuant to the terms of this Order.  In the event Seller is unable to perform within five (5) days of a Force Majeure Event, Buyer shall have the right to cancel this Order.

18. No course of dealing of Buyer nor any delay or omission of Buyer to exercise any right or remedy granted under this Order shall operate as a waiver of any rights of Buyer.  No waiver of any obligation of either party under this Order shall be effective unless it is in writing and signed by both parties.  The failure of either party at any time to enforce any right or remedy available to it under this Order or otherwise with respect to any breach or failure by the other party shall not be construed to be a waiver of such right or remedy with respect to any other breach or failure by the other party.

19. No right of Seller under this contract resulting from the acceptance of this Order, including, without limitation, any account based upon this Order, shall be assignable without the written consent of Buyer.

20. This Order shall be governed by the laws of the Commonwealth of Virginia, excluding its choice of law rules.

21. This Order, together with the Vendor Procedures Manual and the Procurement Agreement, if any, between the parties, shall constitute the entire agreement between the parties with respect to the subject matter of this Order and shall not be modified or rescinded, except by a writing signed by Buyer and Seller.  The provisions of this Order which, by their nature, should survive shall survive the termination or expiration of this Order.

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 1 |
| **Payment Terms** | **Freight Terms** | | **Ship Via** |
| NET 45 | Destination | | Bestway |
| **Buyer** | | **Phone** | **Currency** |
| Gayle,David B | | | USD |
| **Email Address** | | | |
| brian_gayle@circuitcity.com | | | |

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

**Ship To:** 04133
1022 US Route 22
North Plainfield NJ 07060
United States

**Bill To:** Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt? N     Tax Exempt ID:            Replenishment Option:  Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| Attention: | Jayaram,Venkatesh | | | | | |
| 1- 1 | 16' Single face, flex face logo cabinet | | 1.00EA | 9,875.00 | 9,875.00 | 09/01/2008 |
| | | | Schedule Total | | 9,875.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 9,875.00 | |
| 2- 1 | set of 2' 2" X 12' non illuminated channel letters | | 1.00EA | 2,076.00 | 2,076.00 | 09/01/2008 |
| | | | Schedule Total | | 2,076.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 2,076.00 | |
| 3- 1 | 12' single face, flex face cabinet signs | | 2.00EA | 6,837.00 | 13,674.00 | 09/01/2008 |
| | | | Schedule Total | | 13,674.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 13,674.00 | |
| 4- 1 | sets of 1' 7" X 9' non illuminated channel letters | | 2.00EA | 1,665.00 | 3,330.00 | 09/01/2008 |
| | | | Schedule Total | | 3,330.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 3,330.00 | |
| 5- 1 | set of 2' 3" X 12' LED illuminated, individual "Firedog" channel letters | | 1.00EA | 2,200.00 | 2,200.00 | 09/01/2008 |
| | | | Schedule Total | | 2,200.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 2,200.00 | |
| 6- 1 | 2' X 8' non illuminated "car | | | | | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 2 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | | Phone | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

**Vendor:**   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

**Ship To:**   04133
1022 US Route 22
North Plainfield NJ 07060
United States

**Bill To:**   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt?  N      Tax Exempt ID:           Replenishment Option:   Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| | installation" panel | | 1.00 EA | 641.00 | 641.00 | 09/01/2008 |
| | | | Schedule Total | | 641.00 | |
| | | | Item Total | | 641.00 | |
| 7- 1 | Install (1) 16' cabinet | | 1.00 EA | 6,987.00 | 6,987.00 | 09/01/2008 |
| | | | Schedule Total | | 6,987.00 | |
| | | | Item Total | | 6,987.00 | |
| 8- 1 | install (1) set 2'2"X12' channel letters | | 1.00 EA | 1,137.00 | 1,137.00 | 09/01/2008 |
| | | | Schedule Total | | 1,137.00 | |
| | | | Item Total | | 1,137.00 | |
| 9- 1 | Install (2) 12' cabinets | | 2.00 EA | 4,940.00 | 9,880.00 | 09/01/2008 |
| | | | Schedule Total | | 9,880.00 | |
| | | | Item Total | | 9,880.00 | |
| 10- 1 | Install (2) sets 1'7" X9' channel letters | | 2.00 EA | 1,137.00 | 2,274.00 | 09/01/2008 |
| | | | Schedule Total | | 2,274.00 | |
| | | | Item Total | | 2,274.00 | |
| 11- 1 | Install (1) set 2'3"X12' LED channel letters | | 1.00 EA | 5,460.00 | 5,460.00 | 09/01/2008 |
| | | | Schedule Total | | 5,460.00 | |

Attention:   Jayaram,Venkatesh

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

Dispatch via Print

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

| Purchase Order | Date | Revision | | Page |
|---|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | | 3 |
| Payment Terms | Freight Terms | | | Ship Via |
| NET 45 | Destination | | | Bestway |
| Buyer | | Phone | | Currency |
| Gayle,David B | | | | USD |
| Email Address | | | | |
| brian_gayle@circuitcity.com | | | | |

Vendor: 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To: 04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To: Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt? N    Tax Exempt ID:             Replenishment Option:  Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| Attention: | Jayaram,Venkatesh | | Item Total | | 5,460.00 | |
| 12- 1 | 2'X8' panel | | 1.00 EA | 877.00 | 877.00 | 09/01/2008 |
| | | | Schedule Total | | 877.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 877.00 | |
| 13- 1 | Tax | | 1.00 EA | 4,088.77 | 4,088.77 | 09/01/2008 |
| | | | Schedule Total | | 4,088.77 | |
| | | | Item Total | | 4,088.77 | |
| | | | Total PO Amount | | 62,499.77 | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

**Purchase Order**

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 4 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | Currency |
|---|---|---|
| Gayle,David B | | USD |

| Email Address |
|---|
| brian_gayle@circuitcity.com |

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

## TERMS AND CONDITIONS

1. Acceptance is expressly limited to the terms and conditions contained in this purchase order ("Order"). By accepting this Order, Seller agrees to comply with the Circuit City Corporate Purchasing Vendor Procedures Manual (the "Vendor Procedures Manual"), a copy of which has been or will be provided to Seller from time to time. In the event that the Buyer and Seller have entered into a separate written agreement ("Procurement Agreement") for the purchase of any goods ("Goods"), services ("Services") (such Services being deemed to include any software, code, materials, documents or other deliverables ("Deliverables") provided as a part of such Services) or the license of any pre-existing software, code, reports, data or other intellectual property or rights therein ("IP") covered by this Order, any conflict between such Procurement Agreement and this Order shall be resolved in the following order of preference:  (i) the Procurement Agreement; (ii) this Order; and (iii) the Vendor Procedures Manual.  If there is no Procurement Agreement in place, any conflict between the Vendor Procedures Manual and this Order shall be resolved in favor of this Order.  Any provisions in Seller's invoices, billing statements, acknowledgement forms or similar documents which are at variance with the provisions of this Order shall be of no force or effect unless specifically agreed to in writing by an authorized representative of Buyer.  Seller shall accept or reject this Order by the next business day after receipt from Buyer. In the event that Seller does not accept or reject this Order within such time, Seller shall be deemed to have accepted this Order in all respects and Seller may be subject to a non-compliance charge as described in the Vendor Procedures Manual.

2. All Goods, Services and IP shall be delivered in accordance with any specifications, drawings, samples or other descriptions furnished by Buyer to Seller or as provided by Seller to Buyer.

3. Buyer assumes no liability (including but not limited to any obligation to purchase or obligation to store) with regard to Goods processed or shipped or Services or IP supplied in excess of the amount specified in this Order.

4. All Goods, Services and IP will be subject to Buyers' inspection and acceptance.  In addition to other rights provided by law, Buyer reserves the right to refuse or reject non-conforming Goods, Services or IP.  In the event Buyer shall have made payments to Seller for Goods so returned or Services or IP so refused or rejected, Seller shall promptly refund such payments to Buyer.  Any Goods, Services or IP purchased in error by Buyer may be returned for credit within thirty (30) days and will be accepted by Seller.  If the Goods, Services or IP delivered do not meet or exceed reasonable reliability requirements, including, without limitation, out-of-box failures, Seller shall identify the cause and replace the defective Goods, Services or IP with conforming Goods, Services or IP.  The existence of any such epidemic failure shall be established from Buyer's service records for the Goods, Services or IP and by showing that the average failure rate for the specified period of the monitored Goods, Services or IP is not in conformance with reasonable reliability requirements.  If any Goods, Services or IP fails to meet the warranties set forth herein, or is subject to epidemic failure, as set forth herein, such Goods, Services or IP may be returned to Seller for replacement. The cost of freight and handling to replace the Goods, Services or IP under warranty will be at the expense of Seller. The rights and remedies set forth in this Section shall be in addition to and not in limitation of any other right or obligation Buyer may have under the Procurement Agreement, this Order, the Vendor Procedures Manual or otherwise at law or in equity.

5. In the event Seller fails to deliver the Goods, Services or IP on the required delivery date specified in this Order, Buyer shall have the right, in addition to all other rights and remedies under the Procurement Agreement, this Order, the Vendor Procedures Manual or at law or equity or otherwise, and without any liability or obligation, to: (i) cancel this Order, or (ii) extend such delivery date to a later date, subject, however to the right to cancel as in (i) preceding if delivery is not made or performance is not completed on or before such extended delivery date.  Neither the acceptance nor delivery of Goods shipped or Services or IP provided after the date or dates specified herein shall be considered to be a waiver of Buyer's rights to recover damages for late delivery.  Without limiting the generality of the foregoing, if Buyer elects to extend such delivery date, Seller shall absorb any differences between the charges to

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order



**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 5 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

ship normal transportation and the charges to ship premium overnight.

6. Seller represents and warrants that neither it nor the Goods purchased nor Services nor IP provided or to be provided hereunder (i) infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party;  (ii) compete unfairly (including, but not limited to passing off, misappropriation or violation of any state or federal statute), (iii) violate any applicable law or statute, or (iv) violate any other rights of third parties.  Without limiting the generality of the foregoing, Seller further agrees that it and the Goods, Services and IP shall comply with all applicable laws, ordinances, regulations and codes (including any pertaining to the environment, safety or health), including the identification and procurement of required permits, certificates, licenses, insurance, approvals and inspections in performance of this Agreement.  Further, Seller shall comply, and shall ensure that its agents and representatives comply, with all applicable laws and regulations relating to shipping of products for transit into the United States, including, without limitation, any customs laws and regulations.  Seller shall be solely responsible for any taxes, duties or other payments due with regard to compliance with such applicable laws.  Seller further warrants to Buyer that no Goods, Services or IP furnished by Seller under this Order are defined as a hazardous or toxic substance or material under applicable federal, state or local law, ordinance, rule, regulation or order, and that such Goods, Services and IP present no abnormal hazards to persons or the environment.  Seller is responsible for adhering to all Federal and State laws and regulations as applicable regarding the shipment of any hazardous materials, and the Seller shall be responsible for all reasonable costs and/or penalties incurred by Buyer as a result of Seller's failure to comply with this Section.

7. Seller represents and warrants that any Goods, Services and IP provided pursuant to this Order are (a) merchantable, (b) free from material defects in design, material and workmanship, including, without limitation, such defects as could create a hazard to life or property; (c) fit and sufficient for the purpose intended; (d) in conformity with and will perform in accordance with all the other specifications, descriptions, documentation and/or requirements set forth or incorporated herein or provided with the Goods, Services or IP; and (e) in conformity with all applicable federal, state and local laws.  Seller further represents and warrants that the Services provided hereunder will be performed in a satisfactory, efficient, competent, professional and workmanlike manner, and in accordance with industry standards.

8. Seller agrees to indemnify, defend and hold harmless Buyer and its affiliates and subsidiaries and their respective directors, officers, employees, agents, principals, representatives, successors and assigns from and against any losses, expenses, damages, claims, fines, penalties, costs and expenses (including reasonable attorneys' fees) that arise, directly or indirectly, out of or result from (a) the use and/or failure of the Goods, Services or IP covered by this Order, including without limitation, liability based upon death or injury to any persons or damage to any property; (b) Seller's non-performance or breach of the terms, representations and warranties contained in this Order; (c) Seller's negligence or willful misconduct in performance of its obligations under this Order, (d) Seller's violation or violation by the Goods, Services or IP of any of the laws of any governmental entity with respect to the Goods, Services or IP covered by this Order; or (e) any and all third party claims that the Seller or the Goods, Services or IP covered by this Order infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party.

9. In support of Seller's obligations under this Order, Seller shall maintain (a) statutory workers' compensation coverage, including coverage for employer's liability; (b) commercial automobile liability coverage; (c) commercial general liability insurance, including products, completed operations coverage, and covering liability arising from premises, operations, personal injury, advertising injury and liability assumed under an insured contract.  The coverage limits required for such insurance shall be at least $2,000,000 for each incident.  Products - completed operations coverage shall be maintained for at least three (3) years after delivery of the Goods, Services or IP covered by this Order, or such longer time as may be set forth in a Procurement Agreement. Such policy shall name "Circuit City Stores, Inc., its affiliates, successors and assigns" as additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of  "A-" or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII.   Prior to delivery of the Goods, Services or IP covered by this Order, and thereafter upon reasonable request, a certificate of insurance evidencing the required coverage shall be provided to Buyer.  All certificates shall provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to herein.

| Authorized Signature |
|---|
| Electronically Approved |
| Reginald D. Hedgebeth, Senior VP |

Circuit City Stores

**Dispatch via Print**

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 6 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | | Phone | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

| Email Address |
|---|
| brian_gayle@circuitcity.com |

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23623
United States

10. In addition to the rights set forth in Section 5 above, at its option, Buyer may terminate all or a part of this Order upon written notice to Seller.

11. In the course of performance of this Order, Buyer may share with Seller certain documents and information, including, but not limited to, information pertaining to customers, products, business practices, schedules, services, methods, data, processes, advertising plans, sales, financial information and operating procedures which the Buyer considers to be, and treats as confidential ("Confidential Information"), whether or not specifically identified as such.  The Seller shall maintain the Buyer's Confidential Information in confidence, shall protect it with the same degree of care that it uses to protect its own Confidential Information (which shall be not less than reasonable care), shall not disclose it to any third party and shall use it for the sole purpose of performing hereunder or under any Procurement Agreement.  At the conclusion of this Order (or at the conclusion of the Procurement Agreement, if later), Seller shall either return the Buyer's Confidential Information in its possession (including all copies) or shall, at the Buyer's direction, destroy the Buyer's Confidential Information (including all copies) and certify its destruction to the Buyer.  For purposes of this Section, the term "Confidential Information" shall not include any information which:  (a) is in the public domain at the time of disclosure or enters the public domain following disclosure through no fault of the Seller; (b) the Seller can demonstrate was already in its possession prior to disclosure hereunder or is subsequently disclosed to the Seller with no obligation of confidentiality by a third party having the right to disclose it; or (c) is independently developed by the Seller without reference to the Buyer's Confidential Information provided that the Seller can clearly demonstrate such independent development through contemporaneous records showing such development.  The Seller may disclose the Buyer's Confidential Information upon the order of any court of competent jurisdiction or as otherwise required by law or legal process, provided that prior to such disclosure, the Seller shall inform the Buyer of such order if permitted by law, in order to provide the Buyer with an opportunity to contest such order or to seek such other protective action as the Buyer may elect.  Seller may not issue a press release regarding this Agreement or the relationship of the parties hereunder without the Buyer's prior written approval.  In the event of a violation of the terms of this Section, because of the unique nature of the Confidential Information, the Buyer would suffer irreparable harm, and money damages and other remedies at law available in the event of a breach or threatened breach would not be adequate to compensate for the harm caused by the breach or the threatened breach.  Accordingly, in addition to any other remedies it may have hereunder or at law or in equity, Buyer shall have the right to obtain injunctive relief for violation of the terms of this Section.

12. If the Buyer of the Goods, Services or IP hereunder is Circuit City Purchasing Company, LLC ("Circuit City Purchasing"), the parties acknowledge and agree that Circuit City Purchasing may resell, transfer, assign or sublicense the Goods, Services or IP to Circuit City Stores, Inc. or to any other affiliate, and that, if they are not parties to a Procurement Agreement covering the purchase or license of the Goods, Services or IP in question, Circuit City Stores, Inc. and any other affiliate will be deemed to be intended and notified third party beneficiaries of the such Procurement Agreement and/or the terms of this Order and the Vendor Procedures Manual.  Without limiting the generality of the foregoing, Circuit City Stores, Inc. and its affiliates shall be entitled to any and all rights and protections under any applicable Procurement Agreement, this Order, the Vendor Procedures Manual and applicable law, including, but not limited to all rights and protections under any warranties and indemnification provisions. Furthermore, Seller agrees that the resale, transfer, assignment or sublicense of any of such Goods, Services or IP shall in no way limit or restrict any warranty provided therewith, and all such warranties shall remain in force and effect as if no resale, transfer, assignment or sublicense had been made, and shall benefit Circuit City Purchasing, Circuit City Stores, Inc. or any other affiliate.

13. To the extent that Deliverables are provided as a part of the Services, such Deliverables, including all materials and documents, reports, summaries, and information compilations written, assembled or produced by Seller and all products, ideas, concepts, techniques, work product, inventions, processes or works of authorship developed or created by Seller during the course of providing Services to Buyer hereunder and all copyrights, patents, trade secrets, trademarks or other intellectual property rights associated with the Deliverables shall belong exclusively to Buyer. Buyer will have no obligation of nondisclosure or nonuse or otherwise with respect to the Deliverables or to any other information disclosed to Buyer hereunder.  Seller automatically assigns at the time of creation of the Deliverables and without the requirement of further consideration, any right, title or interest Seller may have in such Deliverables,

| Authorized Signature |
|---|
| Electronically Approved |
| Reginald D. Hedgebeth, Senior VP |

**Purchase Order**

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2006 | | 7 |

| Payment Terms | Freight Terms | | Ship Via |
|---|---|---|---|
| NET 45 | Destination | | Bestway |

| Buyer | Phone | | Currency |
|---|---|---|---|
| Gayle,David B | | | USD |

Email Address
brian_gayle@circuitcity.com

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor: 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

including any copyrights, patent rights or other intellectual property rights pertaining thereto. Upon request of Buyer, Seller shall take such further actions, including execution and delivery of instruments of conveyance, as may be appropriate to give full and proper effect to such assignment. To the extent that Deliverables are deemed in any way to fall within the definition of "work for hire" as such term is defined in 17 U.S.C. Section 101, such Deliverables shall be considered to be "work for hire", the copyright of which shall be owned solely, completely and exclusively by Buyer.

14. With regard to any IP covered by this Order, Seller hereby grants Buyer a non-exclusive right and license to use the IP for the benefit of itself and its affiliates, subject to any limitations set forth in this Order. To the extent that no limitations are set forth in this Order, such license shall be perpetual, and Buyer and its affiliates shall have unlimited use of such IP, without the obligation to make any future payments.

15. Buyer shall pay Seller only for applicable state and local sales and use tax payments with respect to transactions under this Order unless Buyer advises Seller that an exemption applies with respect to state and local sales and use taxes, as applicable. Taxes payable by Buyer shall be billed as separate items on Seller's invoices and shall not be included in Seller's prices. At Buyer's expense and subject to Buyer's direction and control, Buyer shall have the right to have Seller contest any such taxes that Buyer deems improperly levied.

16. The relationship of the parties under this Order shall be and at all times remain one of independent contractors and not principal and agent, employer and employee, franchisor and franchisee, partners or joint venturers. Neither party shall have the authority to assume or create obligations on behalf of the other party. Each party shall employ its own personnel and contractors and shall be solely responsible for their acts and be responsible for payment of all unemployment, Social Security, and other payroll taxes, including contributions required by law.

17. Neither party shall be held responsible for any delay or failure in performance of any part of this Order to the extent such delay or failure is caused by fire, flood, strike, civil, governmental or military authority, act of God, or other similar causes beyond its control and without the fault or negligence of the delayed or non-performing party or its subcontractors ("Force Majeure Event"). If either party is unable to perform its obligations under this Order due to a Force Majeure Event, that party is responsible for giving written notice to the other party of its inability to perform and the steps it plans to take to rectify such inability. The parties shall be obligated to use their best efforts to continue to perform pursuant to the terms of this Order. In the event Seller is unable to perform within five (5) days of a Force Majeure Event, Buyer shall have the right to cancel this Order.

18. No course of dealing of Buyer nor any delay or omission of Buyer to exercise any right or remedy granted under this Order shall operate as a waiver of any rights of Buyer. No waiver of any obligation of either party under this Order shall be effective unless it is in writing and signed by both parties. The failure of either party at any time to enforce any right or remedy available to it under this Order or otherwise with respect to any breach or failure by the other party shall not be construed to be a waiver of such right or remedy with respect to any other breach or failure by the other party.

19. No right of Seller under this contract resulting from the acceptance of this Order, including, without limitation, any account based upon this Order, shall be assignable without the written consent of Buyer.

20. This Order shall be governed by the laws of the Commonwealth of Virginia, excluding its choice of law rules.

21. This Order, together with the Vendor Procedures Manual and the Procurement Agreement, if any, between the parties, shall constitute the entire agreement between the parties with respect to the subject matter of this Order and shall not be modified or rescinded, except by a writing signed by Buyer and Seller. The provisions of this Order which, by their nature, should survive shall survive the termination or expiration of this Order.

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Dispatch via Print**

### Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 1 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt?  N      Tax Exempt ID:      Replenishment Option:  Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| | Attention:   Jayaram,Venkatesh | | | | | |
| 1- 1 | 16' Single face, flex face logo cabinet | | 1.00 EA | 9,875.00 | 9,875.00 | 09/01/2008 |
| | | | Schedule Total | | 9,875.00 | |
| | Attention:   Jayaram,Venkatesh | | Item Total | | 9,875.00 | |
| 2- 1 | set of 2' 2" X 12' non illuminated channel letters | | 1.00 EA | 2,076.00 | 2,076.00 | 09/01/2008 |
| | | | Schedule Total | | 2,076.00 | |
| | Attention:   Jayaram,Venkatesh | | Item Total | | 2,076.00 | |
| 3- 1 | 12' single face, flex face cabinet signs | | 2.00 EA | 6,837.00 | 13,674.00 | 09/01/2008 |
| | | | Schedule Total | | 13,674.00 | |
| | Attention:   Jayaram,Venkatesh | | Item Total | | 13,674.00 | |
| 4- 1 | sets of 1' 7" X 9' non illuminated channel letters | | 2.00 EA | 1,665.00 | 3,330.00 | 09/01/2008 |
| | | | Schedule Total | | 3,330.00 | |
| | Attention:   Jayaram,Venkatesh | | Item Total | | 3,330.00 | |
| 5- 1 | set of 2' 3" X 12' LED illuminated, individual "Firedog" channel letters | | 1.00 EA | 2,200.00 | 2,200.00 | 09/01/2008 |
| | | | Schedule Total | | 2,200.00 | |
| | Attention:   Jayaram,Venkatesh | | Item Total | | 2,200.00 | |
| 6- 1 | 2' X 8' non illuminated "car | | | | | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Dispatch via Print**

## Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

| Purchase Order | | Date | Revision | | Page |
|---|---|---|---|---|---|
| CCS01-0000473221 | | 08/18/2008 | | | 2 |
| Payment Terms | Freight Terms | | | | Ship Via |
| NET 45 | Destination | | | | Bestway |
| Buyer | | Phone | | | Currency |
| Gayle,David B | | | | | USD |
| Email Address | | | | | |
| brian gayle@circuitcity.com | | | | | |

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt? N      Tax Exempt ID:              Replenishment Option:  Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| | installation" panel | | 1.00 EA | 641.00 | 641.00 | 09/01/2008 |
| | | | Schedule Total | | 641.00 | |
| **Attention:** | Jayaram,Venkatesh | | Item Total | | 641.00 | |
| 7- 1 | Install (1) 16' cabinet | | 1.00 EA | 6,987.00 | 6,987.00 | 09/01/2008 |
| | | | Schedule Total | | 6,987.00 | |
| **Attention:** | Jayaram,Venkatesh | | Item Total | | 6,987.00 | |
| 8- 1 | install (1) set 2'2"X12' channel letters | | 1.00 EA | 1,137.00 | 1,137.00 | 09/01/2008 |
| | | | Schedule Total | | 1,137.00 | |
| **Attention:** | Jayaram,Venkatesh | | Item Total | | 1,137.00 | |
| 9- 1 | Install (2) 12' cabinets | | 2.00 EA | 4,940.00 | 9,880.00 | 09/01/2008 |
| | | | Schedule Total | | 9,880.00 | |
| **Attention:** | Jayaram,Venkatesh | | Item Total | | 9,880.00 | |
| 10- 1 | Install (2) sets 1'7" X9' channel letters | | 2.00 EA | 1,137.00 | 2,274.00 | 09/01/2008 |
| | | | Schedule Total | | 2,274.00 | |
| **Attention:** | Jayaram,Venkatesh | | Item Total | | 2,274.00 | |
| 11- 1 | install (1) set 2'3"X12' LED channel letters | | 1.00 EA | 5,460.00 | 5,460.00 | 09/01/2008 |
| | | | Schedule Total | | 5,460.00 | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP

# Purchase Order

**Dispatch via Print**

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 3 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

**Circuit City Stores**
9954 Mayland Drive
Richmond VA 23233
United States

Vendor: 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To: 04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To: Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

Tax Exempt? N    Tax Exempt ID:            Replenishment Option: Standard

| Line-Sch | Item/Description | Mfg ID | Quantity UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| Attention: | Jayaram,Venkatesh | | Item Total | | 5,460.00 | |
| 12- 1 | 2'X8' panel | | 1.00 EA | 877.00 | 877.00 | 09/01/2008 |
| | | | Schedule Total | | 877.00 | |
| Attention: | Jayaram,Venkatesh | | Item Total | | 877.00 | |
| 13- 1 | Tax | | 1.00 EA | 4,088.77 | 4,088.77 | 09/01/2008 |
| | | | Schedule Total | | 4,088.77 | |
| | | | Item Total | | 4,088.77 | |
| | | | Total PO Amount | | 62,499.77 | |

**Authorized Signature**
Electronically Approved
Reginald D. Hedgebeth, Senior VP



**Purchase Order**

Dispatch via Print

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 4 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | | Phone | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

## Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

**Vendor:** 0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

**Ship To:** 04133
1022 US Route 22
North Plainfield NJ 07060
United States

**Bill To:** Expense Payables, DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23633
United States

TERMS AND CONDITIONS

1. Acceptance is expressly limited to the terms and conditions contained in this purchase order ("Order").  By accepting this Order, Seller agrees to comply with the Circuit City Corporate Purchasing Vendor Procedures Manual (the "Vendor Procedures Manual"), a copy of which has been or will be provided to Seller from time to time.  In the event that the Buyer and Seller have entered into a separate written agreement ("Procurement Agreement") for the purchase of any goods ("Goods"), services ("Services") (such Services being deemed to include any software, code, materials, documents or other deliverables ("Deliverables") provided as a part of such Services) or the license of any pre-existing software, code, reports, data or other intellectual property or rights therein ("IP") covered by this Order, any conflict between such Procurement Agreement and this Order shall be resolved in the following order of preference:  (i) the Procurement Agreement; (ii) this Order; and (iii) the Vendor Procedures Manual.  If there is no Procurement Agreement in place, any conflict between the Vendor Procedures Manual and this Order shall be resolved in favor of this Order.  Any provisions in Seller's invoices, billing statements, acknowledgement forms or similar documents which are at variance with the provisions of this Order shall be of no force or effect unless specifically agreed to in writing by an authorized representative of Buyer.  Seller shall accept or reject this Order by the next business day after receipt from Buyer.
In the event that Seller does not accept or reject this Order within such time, Seller shall be deemed to have accepted this Order in all respects and Seller may be subject to a non-compliance charge as described in the Vendor Procedures Manual.

2. All Goods, Services and IP shall be delivered in accordance with any specifications, drawings, samples or other descriptions furnished by Buyer to Seller or as provided by Seller to Buyer.

3. Buyer assumes no liability (including but not limited to any obligation to purchase or obligation to store) with regard to Goods processed or shipped or Services or IP supplied in excess of the amount specified in this Order.

4. All Goods, Services and IP will be subject to Buyers' inspection and acceptance.  In addition to other rights provided by law, Buyer reserves the right to refuse or reject non-conforming Goods, Services or IP.  In the event Buyer shall have made payments to Seller for Goods so returned or Services or IP so refused or rejected, Seller shall promptly refund such payments to Buyer.  Any Goods, Services or IP purchased in error by Buyer may be returned for credit within thirty (30) days and will be accepted by Seller.  If the Goods, Services or IP delivered do not meet or exceed reasonable reliability requirements, including, without limitation, out-of-box failures, Seller shall identify the cause and replace the defective Goods, Services or IP with conforming Goods, Services or IP.  The existence of any such epidemic failure shall be established from Buyer's service records for the Goods, Services or IP and by showing that the average failure rate for the specified period of the monitored Goods, Services or IP is not in conformance with reasonable reliability requirements.  If any Goods, Services or IP fails to meet the warranties set forth herein, or is subject to epidemic failure, as set forth herein, such Goods, Services or IP may be returned to Seller for replacement. The cost of freight and handling to replace the Goods, Services or IP under warranty will be at the expense of Seller. The rights and remedies set forth in this Section shall be in addition to and not in limitation of any other right or obligation Buyer may have under the Procurement Agreement, this Order, the Vendor Procedures Manual or otherwise at law or in equity.

5. In the event Seller fails to deliver the Goods, Services or IP on the required delivery date specified in this Order, Buyer shall have the right, in addition to all other rights and remedies under the Procurement Agreement, this Order, the Vendor Procedures Manual or at law or equity or otherwise, and without any liability or obligation, to: (i) cancel this Order, or (ii) extend such delivery date to a later date, subject, however to the right to cancel as in (i) preceding if delivery is not made or performance is not completed on or before such extended delivery date.  Neither the acceptance nor delivery of Goods shipped or Services or IP provided after the date or dates specified herein shall be considered to be a waiver of Buyer's rights to recover damages for late delivery.  Without limiting the generality of the foregoing, if Buyer elects to extend such delivery date, Seller shall absorb any differences between the charges to

| Authorized Signature |
|---|
| Electronically Approved |
| Reginald D. Hedgebeth, Senior VP |



**Purchase Order**

Dispatch via Print

## Circuit City Stores
9954 Mayland Drive
Richmond VA 23233
United States

| Purchase Order | Date | Revision | Page |
|---|---|---|---|
| CCS01-0000473221 | 08/18/2008 | | 5 |
| Payment Terms | Freight Terms | | Ship Via |
| NET 45 | Destination | | Bestway |
| Buyer | Phone | | Currency |
| Gayle,David B | | | USD |
| Email Address | | | |
| brian_gayle@circuitcity.com | | | |

Vendor:   0002623398
US SIGNS
PO BOX 840323
DALLAS TX 75284-0323
United States

Ship To:   04133
1022 US Route 22
North Plainfield NJ 07060
United States

Bill To:   Expense Payables,  DR3 6th FL
9954 MAYLAND DRIVE
RICHMOND VA 23233
United States

ship normal transportation and the charges to ship premium overnight.

6. Seller represents and warrants that neither it nor the Goods purchased nor Services nor IP provided or to be provided hereunder (i) infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party; (ii) compete unfairly (including, but not limited to passing off, misappropriation or violation of any state or federal statute); (iii) violate any applicable law or statute, or (iv) violate any other rights of third parties.  Without limiting the generality of the foregoing, Seller further agrees that it and the Goods, Services and IP shall comply with all applicable laws, ordinances, regulations and codes (including any pertaining to the environment, safety or health), including the identification and procurement of required permits, certificates, licenses, insurance, approvals and inspections in performance of this Agreement.  Further, Seller shall comply, and shall ensure that its agents and representatives comply, with all applicable laws and regulations relating to shipping of products for transit into the United States, including, without limitation, any customs laws and regulations.  Seller shall be solely responsible for any taxes, duties or other payments due with regard to compliance with such applicable laws.  Seller further warrants to Buyer that no Goods, Services or IP furnished by Seller under this Order are defined as a hazardous or toxic substance or material under applicable federal, state or local law, ordinance, rule, regulation or order, and that such Goods, Services and IP present no abnormal hazards to persons or the environment.  Seller is responsible for adhering to all Federal and State laws and regulations as applicable regarding the shipment of any hazardous materials, and the Seller shall be responsible for all reasonable costs and/or penalties incurred by Buyer as a result of Seller's failure to comply with this Section.

7. Seller represents and warrants that any Goods, Services and IP provided pursuant to this Order are (a) merchantable, (b) free from material defects in design, material and workmanship, including, without limitation, such defects as could create a hazard to life or property; (c) fit and sufficient for the purpose intended; (d) in conformity with and will perform in accordance with all the other specifications, descriptions, documentation and/or requirements set forth or incorporated herein or provided with the Goods, Services or IP; and (e) in conformity with all applicable federal, state and local laws.  Seller further represents and warrants that the Services provided hereunder will be performed in a satisfactory, efficient, competent, professional and workmanlike manner, and in accordance with industry standards.

8. Seller agrees to indemnify, defend and hold harmless Buyer and its affiliates and subsidiaries and their respective directors, officers, employees, agents, principals, representatives, successors and assigns from and against any losses, expenses, damages, claims, fines, penalties, costs and expenses (including reasonable attorneys' fees) that arise, directly or indirectly, out of or result from (a) the use and/or failure of the Goods, Services or IP covered by this Order, including without limitation, liability based upon death or injury to any persons or damage to any property; (b) Seller's non-performance or breach of the terms, representations and warranties contained in this Order; (c) Seller's negligence or willful misconduct in performance of its obligations under this Order, (d) Seller's violation or violation by the Goods, Services or IP of any of the laws of any governmental entity with respect to the Goods, Services or IP covered by this Order; or (e) any and all third party claims that the Seller or the Goods, Services or IP covered by this Order infringe, misappropriate or otherwise violate any patent, trademark, trade secret, copyright or other proprietary right of any third party.

9. In support of Seller's obligations under this Order, Seller shall maintain (a) statutory workers' compensation coverage, including coverage for employer's liability; (b) commercial automobile liability coverage; (c) commercial general liability insurance, including products, completed operations coverage, and covering liability arising from premises, operations, personal injury, advertising injury and liability assumed under an insured contract.  The coverage limits required for such insurance shall be at least $2,000,000 for each incident.  Products - completed operations coverage shall be maintained for at least three (3) years after delivery of the Goods, Services or IP covered by this Order, or such longer time as may be set forth in a Procurement Agreement.  Such policy shall name "Circuit City Stores, Inc., its affiliates, successors and assigns" as additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII.  Prior to delivery of the Goods, Services or IP covered by this Order, and thereafter upon reasonable request, a certificate of insurance evidencing the required coverage shall be provided to Buyer.  All certificates shall provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to herein.

Authorized Signature
Electronically Approved
Reginald D. Hedgebeth, Senior VP