IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:

CIRCUIT CITY STORES, INC., et al.

Debtors.

Case No. 08-35653-KRH

Chapter 11 (Jointly administered)

## OBJECTION OF LANDLORD, RAMCO JW, LLC TO DEBTORS' SCHEDULE OF CURE AMOUNTS

Landlord, RAMCO JW, LLC ("Landlord"), by its undersigned counsel, Kupelian Ormond & Magy, P.C. and Kaufman & Canoles P.C., hereby submits its Objection to the Debtors' Schedule of Cure Amounts (the "Schedule) as follows:

1. On or about November 10, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to act as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108.

2. Landlord and Debtor, Circuit City Stores, Inc., are parties to a Lease Agreement dated October 1, 1996 (the "Lease"), pursuant to which Landlord is a lessor for one of the Debtors' locations which is located at an address commonly known as 1511 Boardman Rd., Jackson, MI 49202 in the Jackson West shopping center (identified on the cure amount schedule as store number 3722).

Paul K. Campsen, Esq.
 VSB No. 18133
Kaufman & Canoles, a
 professional corporation
150 West Main Street (23510)
Post Office Box 3037
Norfolk, VA 23514
Tele:  (757) 624-3000
Fax:  (757) 624-3169

Terrance A. Hiller, Esq.
 Michigan Bar No. P55699
David M. Blau, Esq.
 Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI 48075
Tele:  (248) 357-0000
Fax:  (248) 357-7488

*Co-Counsel for Ramco West Oaks I, LLC, Ramco JW, LLC*

3. The Landord's premises is located in a shopping center, as that term is used in 11 U.S.C. §365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). Accordingly, the Landlord is entitled to the protections that Bankruptcy Code §365(b)(3) grants to landlords of shopping centers.

4. On November 26, 2008, the Debtors filed the *Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures* (the "Motion"), seeking among other things, an order establishing cure amounts with respect to certain of the Debtors' real property leases, including the Debtors' lease with the Landlord [D.I. 413]

5. Landlord hereby objects to Debtors' proposed cure amount identified on the schedule to the Motio, in the amount of $19,402.00.

6. As of the date of the objection, the correct cure amount is set forth below (each a "Cure Claim" and collectively "Cure Claims". The claim set forth is the base cure claim amount subject to additional qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below:

2

| Debtors' Store # | Landlord | Shopping Center | Landlord's Cure Claim | Debtors' Cure Claim | Exhibit |
|---|---|---|---|---|---|
| 3722 | Ramco JW, LLC | Jackson West | $ 70,791.05 (Base Rent $46,518.90; CAM $ 3,129.60; Interest $660.00; Taxes $6,572.91; Electrical $8,257.18; CAM Reconcil. $1,652.46; Attorneys Fees $4000) | $ 19,402.00 | A |

7. Landlord reserves its right to amend its Cure Claims to account for year-end adjustments, including without limitation, adjustments for the year 2008 and further amounts allowed by applicable bankruptcy and non-bankruptcy law, which have not yet been billed or have not yet become due under the terms of the Lease.

8. Section 365(b) requires that a debtor cure all defaults in conjunction with a lease assumption. Since certain accrued, unbilled items may not have been invoiced to date, there can be no default for the failure to pay same. Nevertheless, Debtors and any proposed assignee must acknowledge, and any Order approving Cure Claims and assumption or assumption and assignment of any Landords' Leases should provide, that the proposed assignee (or Debtors, if they assume the Leases themselves) shall be liable for the unbilled items, even though they may cover, wholly or partially, a pre-petition and/or pre-assumption period of time, and that payment of year end adjustments will be made by the assignee when due pursuant to the terms of the Leases.

9. Landlord further requests that it be reimbursed as part of the Cure Claim for all of its acutial pecuniary losses, including, but not limited to, attorneys' fees and costs expended with regard to Debtors' bankruptcy proceedings.

10. In addition to monetary obligations that Debtors must satisfy under Section 365 of the Bankruptcy Code, Landlord's Lease also provides that Debtors must indemnify and hold Landlord harmless with regard to existing claims as well as with regard to events which may have occurred pre-assumption but which are not made known to Landlord or Debtors until some period post-assumption. Accordingly, either the assignee must assume all indemnification liabilities or Debtors must be required to evidence, or obtain adequate insurance in order to guaranty that their indeminity responsibilities will be met. Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at the leaseholds, where Landlord is joined as a party defendant, damage, and destruction to the property by Debtors or their agents, claims for environmental damage or environmental clean up *etc*.

11. Landlord joins the objections filed by the Debtors' other landlords, to the extent that they supplement and are not otherwise inconsistent herewith.

12. Landlord reserves the right to increase or further reconcile the cure claims set forth herein for items such as, but not limited to, claims for rent, taxes, common area maintenance, costs, fees, and any additional cure amounts due under the Lease, as Debtors are still in the property and are accruing expenses. Landlord also reserves the right to object to any proposed assignee.

WHEREFORE, Landlord respectfully request entry of an order establishing the cure claims for its Lease to be set at the amount set forth above, together with attorneys' fees, any additional pecuniary losses and such additional amounts as may become due prior to any Lease assumption and/or assignment; and such other and further relief as may be just and required under all circumstances.

Dated: December 10, 2008

4

Kaufman & Canoles, a
professional corporation

By: /s/Paul K. Campsen
Paul K. Campsen, Esq.
VSB No. 18133
Kaufman & Canoles, a
 professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele: (757) 624-3000

Co-Counsel for Ramco JW, LLC

1098-1401/148904

Kupelian Ormond & Magy, P.C.
a professional corporation

By: /s/ David M. Blau
Terrance A. Hiller, Jr., Esq.
 Michigan Bar No. P55699
David M. Blau, Esq.
 Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI 48075
Tele: (248) 357-0000

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Objection of Landlord, Ramco JW, LLC to Debtors Schedule of Cure Amounts* was sent first-class, postage prepaid, U.S. Mail on this 10th day of December, 2008 to those parties listed on **Schedule 1** and to all creditors and parties-in-interest who are included in the Bankruptcy Court's ECF e-mail notification system.

Dated: December 10, 2008    By: /s/ Paul K. Campsen

5

## SCHEDULE 1

Douglas M. Foley, Esq.
Daniel F. Blanks, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
*Counsel for the Debtors*

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Becket Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
*Counsel for the Debtors*

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
*Counsel for the Debtors*

Chris Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
*Counsel for the Debtors*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, Esq.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017-2024
*Counsel for the Official Committee of Unsecured Creditors*

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219

::ODMA\PCDOCS\DOCSNFK\1426831\2;
12/10/08

2

12/4/2008, 2:31 PM

**RAMCO-GERSHENSON PROPERTIES, L.P.**
31500 NORTHWESTERN HIGHWAY, SUITE 300
FARMINGTON HILLS, MI 48334
PHONE: 248/350-9900   FACSIMILE: 248/350-9925

RE: 37401

Circuit City Stores, Inc.
dba Circuit City #3722
JACKSON West - Jackson, MI

FILED CHAPTER 11 - 11/10/2008
LEASE EXPIRES - 1/31/2018
LEASE ASSUMED -
TENANT VACATED -
LEASE REJECTED -
SECURITY DEPOSIT - $0

| PERIOD | CHARGE TYPE | AMOUNT | PRE-PETITION BALANCE THRU 1/21/08 | PAID POST-PETITION | DUE POST-PETITION FROM 11/10/08 |
|---|---|---|---|---|---|
| 10/11/2008 | Electric 9/13 - 10/11/08 | 4,278.88 | 4,278.88 | 0.00 | 0.00 |
| 11/1/2008 | Base Rent | 23,259.45 | 6,977.88 | 0.00 | 16,281.57 |
| 11/1/2008 | Common Area Maintenance | 1,564.80 | 469.44 | 0.00 | 1,095.36 |
| 11/15/2008 | Electric 10/11 - 11/15/08 | 3,978.30 | 3,425.76 | 0.00 | 552.54 |
| 11/15/2008 | Winter Taxes (estimate) | 6,572.91 | 0.00 | 0.00 | 6,572.91 |
| 12/1/2008 | Base Rent | 23,259.45 | 0.00 | 0.00 | 23,259.45 |
| 12/1/2008 | Common Area Maintenance | 1,564.80 | 0.00 | 0.00 | 1,564.80 |
| 12/1/2008 | 2008 YE Cam Reconciliation | 1,652.46 | 0.00 | 0.00 | 1,652.46 |

TOTAL DUE    $ 66,131.05   $ 15,151.96   $   -   $ 50,979.09

PRE-PETITION      $ 15,151.96
POST-PETITION   $ 50,979.09
SUBTOTAL         $ 66,131.05