UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Chapter 11 (Jointly Administered) |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

OBJECTION BY MHW WARNER ROBINS, LLC
TO DEBTORS' STATEMENT OF CURE AMOUNTS

MHW Warner Robins, LLC (the "**Objecting Landlord**"), through their undersigned counsel, hereby objects to the proposed cure amounts filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") set forth in Exhibit B (the "**Proposed Cure Amounts Exhibit**") to *Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures* (the "**Lease Procedures Motion**"). In support thereof, the Objecting Landlord respectfully shows the Court as follows:

1. The Objecting Landlord owns and operates a retail shopping center located in Warner Robins, Georgia, commonly known as Willow Lake Crossing Shopping Center

Paul K. Campsen, Esq. (VSB No. 18133)
Kaufman & Canoles, a professional corporation
150 West Main Street (23510)
Post Office Box 3037
Norfolk, VA 23514
Tele: (757) 624-3000
Fax: (757) 624-3169

William K. Packard, Esq.
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tele: (704) 377-8307
Fax: (704) 373-3907

*Counsel for MHW Warner Robins, LLC*

("**Willow Lake Crossing**") at which Circuit City Stores, Inc. ("**CCSI**"), one of the Debtors, operates a retail store (Location # 4319) pursuant to that certain Lease Agreement dated as of March 16, 2007 by and between the Objecting Landlord and CCSI, as amended by First Amendment to Lease Agreement dated as of November 27, 2007 (as amended, the "**Lease**").

2. Willow Lake Crossing is a shopping center as that term is used in 11 U.S.C. § 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-88 (3d Cir. 1990).

3. In the Proposed Cure Amounts Exhibit, the Debtors state that the Objecting Landlord is owed the sum of $11,940. The Debtors' stated cure amount is incorrect, and the Objecting Landlord objects to said amount as being the cure amount due. The actual amount owed the Objecting Landlord under 11 U.S.C. § 365(b)(1)(A) as of December 1, 2008, is $51,878.72 plus interest owing on delinquent rent and other occupancy charges under the Lease (the "**Cure Amount**"), and a summary of the outstanding charges (excluding interest) due the Objecting Landlord is attached hereto as **Exhibit A** and incorporated herein by reference.

4. The Objecting Landlord expressly reserves the right to amend the Cure Amount in the event that additional sums come due on or after December 1, 2008, or to the extent that there are (a) any regular and periodic adjustment of charges due under the Lease, in addition to those specifically set forth on **Exhibit A**, which were either not due or had not been determined as of the filing of this Objection, including, without limitation, any true up of common area maintenance and insurance for 2008; (b) any indemnification liability that the Debtors may have under the Lease but is currently unknown to the Objecting Landlord; and (c) any claim that the Objecting Landlord may have under the Lease for events which may have occurred before November 10, 2008, but which are not known to either the Debtors or the Objecting Landlord. Additionally, Landlord recently received a check (Check Number 0004581688) dated

2

December 3, 2008, from CCSI in the amount of $32,100.54 for rent and other occupancy charges under the Lease for December 2008 (the "**December Check**"). The Cure Amount does not include rent and other occupancy charges for December as a result of the Objecting Landlord's receipt of the December Check, but the Objecting Landlord specifically reserves the right to amend this Objection to modify the Cure Amount in the event that the December Check does not clear.

5. The Objecting Landlord also objects to the Proposed Cure Amounts Exhibit because it fails to provide it with the protections afforded under 11 U.S.C. § 365(b)(1)(B), which requires the Debtors to promptly compensate it for any actual pecuniary loss, including reasonable attorneys' fees and costs, resulting from the Debtors' defaults under the Lease. As of the dates set forth below, the Objecting Landlord has suffered pecuniary losses in the form of attorneys' fees and costs in the amount of $3,906.50 (the "**Pecuniary Loss Amount**") as of December 8, 2008. The Lease contains a provision entitling the Objecting Landlord to recover such fees and costs arising from the Debtors' default. By his signature, the undersigned counsel for the Objecting Landlord certifies that the Objecting Landlord's fees and costs in connection with this matter equal the amounts set forth in this paragraph above. The Objecting Landlord reserves the right to amend the Pecuniary Loss Amount to the extent that it incurs additional pecuniary losses, including, reasonable attorneys' fees and costs, resulting from the Debtors' defaults under the Lease after December 8, 2008.

6. The Objecting Landlord reserves the right to object to any attempt by the Debtors to assume, or assume and assign, the Lease if any requirement for such assumption and/or assignment set forth in 11 U.S.C. § 365 has not been satisfied.

3

**WHEREFORE,** the Objecting Landlord objects to the Debtors' Proposed Cure Amounts Exhibit as set forth in the Lease Procedures Motion and request that:

A.  The Court establish the Cure Amount for the Objecting Landlord under 11 U.S.C. § 365(b)(1)(A) as of December 1, 2008, at the amount set forth in ¶ 3 above, subject to the Objecting Landlord's reservation of rights set forth in ¶ 4 above;

B.  The Court establish the Pecuniary Loss Amount for the Objecting Landlord under 11 U.S.C. § 365(b)(1)(B) as of December 8, 2008, at the amount set forth in ¶ 5 above, subject to the Objecting Landlord's reservation of rights set forth in ¶ 5 above; and

C.  The Court award the Objecting Landlord such other and further relief as the Court deems just and proper.

MHW Warner Robins, LLC

By: /s/ Paul K. Campsen
    Of Counsel

Paul K Campsen, Esq. (VSB No. 18133)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele: (757) 624-3000
Fax: (757) 624-3169

William K. Packard, Esq.
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Tele: (704) 377-8307
Fax: (704) 373-3907

*Counsel for MHW Warner Robins, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Objection by MHW Warner Robins, LLC to Debtors' Statement of Cure Amounts was sent first-class, postage prepaid U.S. Mail, on this 10th day of December, 2008, to those parties listed on **Schedule 1** and to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

/s/ Paul K. Campsen

::ODMA\PCDOCS\DOCSNFK\1430938\4

## **SCHEDULE 1**

Douglas M. Foley, Esq.
Daniel F. Blanks, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
*Counsel for the Debtors*

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Becket Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
*Counsel for the Debtors*

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
*Counsel for the Debtors*

Chris Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
*Counsel for the Debtors*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, Esq.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
*Counsel for the Official Committee of Unsecured Creditors*

2

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017-2024
*Counsel for the Official Committee of Unsecured Creditors*

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219

::ODMA\PCDOCS\DOCSNFK\142683 1\2;
12/10/08

2