IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 |
| Et al., | : | |
| | : | |
| Debtors. | : | Jointly Administered |

**OBJECTION OF NORTHCLIFF RESIDUAL PARCEL 4 LLC TO CURE AMOUNT PROPOSED BY DEBTORS IN MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Northcliff Residual Parcel 4 LLC, by and through its undersigned counsel, hereby objects (the "Cure Objection") to the proposed cure amount set forth in Exhibit "B" to the Debtors' *Motion ("Motion") for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures* [Docket No. 413], and in support thereof, respectfully state as follows:

| | |
|---|---|
| _____<br>Vivieon E. Kelley (VA Bar No. 44230)<br>TROUTMAN SANDERS LLP<br>600 Peachtree Street, NE, Ste 5200<br>Atlanta, Georgia 30308<br>Tel: (404) 885-3838<br>Fax: (404) 962-6792<br>-and - | Jennifer R. Hoover, Esquire<br>David M. Neumann, Esquire<br>Benesch Friedlander Coplan & Aronoff LLP<br>222 Delaware Avenue, Suite 801<br>Wilmington, DE 19801<br><br>Counsel for Northcliff Residual Parcel 4 LLC |

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. The Debtor, Circuit City is a leading specialty retailer of consumer electronics and operates large nationwide electronics stores.

3. The Debtor is a tenant in connection with an unexpired nonresidential real property lease ("Lease") with landlord, Northcliff Residual Parcel 4 LLC, in connection with a location in Brooklyn, Ohio at the Ridge Park Square Shopping Center.

4. December 10, 2008 has been established as the initial deadline for filing objections to the cure amounts proposed by the Debtors.

5. On Exhibit B, the Debtors estimate the cure amount in connection with the Lease to be as follows:

(a). Brooklyn, Ohio (Northcliff Residual Parcel 4 LLC) - $19,677 (the "Proposed Cure Amount")[1]

6. Set forth on the attached Exhibit "A" to this Objection is a schedule of known monetary claims of Northcliff, as of the filing of this Objection, for common area maintenance charges, taxes, insurance, base rent, and other monthly obligations under the Lease, as the case may be (the "Arrearages"). The Arrearages are based upon information now available to

---

[1] The Proposed Cure Amount is comprised of the following:

| Nov. Stub Rent | Nov. Stub Cam | Nov. Stub Ins. | Nov. Stub Tax | Pre-Petition CAM | Pre-Petition Insurance | Pre-Petition Tax | Pre-Petition Utilities |
|---|---|---|---|---|---|---|---|
| $13,039 | $1,552 | $0 | $1,392 | $3,694 | $0 | $0 | $0 |

Northcliff, and is set forth with a full reservation of rights to modify such amount as additional information becomes available.

7. Moreover, the Debtors are obligated to cure defaults under the Lease as they exist on the actual date the Lease is assumed by the Debtors. 11 U.S.C. § 365(b)(1). The amount owed to Northcliff, pursuant to section 365(b)(1), will depend upon the effective date of the assumption of the Lease.

8. Further, Northcliff must be reimbursed as part of the cure payments for all of its actual pecuniary losses, including, but not limited to, reasonable attorneys' fees and costs expended with regard to enforcement of Northcliff's rights under the Lease and protecting its interests in these cases.

9. In addition to the amounts set forth on Exhibit "A", Northcliff asserts that there may be additional amounts due with regards to both pre-petition and post-petition periods, such as, but not limited to (i) year-end reconciliation adjustments for 2008 regarding items such as common area maintenance, public area costs, landlord liability insurance, snow plowing, sweeping, security, administrative fees, utilities, and (ii) accrued taxes. Specifically, and by way of example, annual reconciliation of operating expenses for year 2008 would typically occur in the spring of 2009. Also, there may exist unbilled but accrued liabilities of the Debtors, and the Debtors should be liable for curing all monetary and non-monetary obligations of the Debtors under the Lease, including but not limited to, continuation of indemnity.

10. The Debtors and/or their assignee must remain fully liable for year-end adjustments, notwithstanding the assumption and assignment of the Lease. To the extent the Debtors remain liable for such year-end adjustments, the Debtors must be required to escrow

and/or reserve funds from the proceeds of the sale of the Lease in an amount that is sufficient to pay the year-end adjustments in full when billed.

11.   Finally, Northcliff asserts that it is entitled to adequate assurance of future performance pursuant to section 365(b)(1)(C), and as such, that an assignee has all of the obligations and restrictions imposed under the Lease, including but not limited to, use, utilization, hours of operation, signage, advertising, insurance, and relocation.

WHEREFORE, Northcliff respectfully requests that the Court enter an order that requires the Debtors to (i) pay the full Arrearages to Northcliff upon the assumption of the Lease; (ii) cure any additional amounts that are due and owing under the Lease on the actual date of the assumption of the Lease; (iii) pay Northcliff's attorneys' fees and costs; (iv) require the assignee to pay all additional amounts that may come due under the Lease with respect to year-end adjustments, or otherwise; or alternatively, require the Debtors to escrow or reserve proceeds from the sale of the Lease to pay any and all additional amounts due under the Lease when billed; (v) require the Debtors to cure any delinquent taxes due under the Lease and to remain fully obligated for payment of any future taxes due under the Leases; and (vi) provide such further and additional relief as the Court may deem just and proper.

Respectfully Submitted,

   /s/  Vivieon E. Kelley
Vivieon E. Kelley, (VA Bar No. 44230)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Ste 5200
Atlanta, Georgia 30308
Tel: (404) 885-3838
Fax: (404) 962-6792

[CONTINUED ON NEXT PAGE

- 5 -

        -and-

Jennifer R. Hoover, Esquire (DE 5111)
David M. Neumann, Esquire (OH 0068747)
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801

Counsel for Northcliff Residual Parcel 4 LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2008, a true and complete copy of the foregoing was filed and served (i) electronically on the "2002" and "Core" lists; (ii) through the Court's ECF System.

       /s/  Vivieon E. Kelley

## Exhibit "A"

| | |
|---|---|
| November 2008 Minimum Rent | $44,066.50 |
| November 2008 CAM * | $5,246.62 |
| November 2008 Late Fee | $2,465.66 |
| 2008 Real Estate Taxes (billed 12/08) | $64,897.48 |
| | |

\*   CAM in this context includes tenant's share of common area maintenance, public area costs, landlord liability insurance, snow plowing, sweeping and security.