UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------------- x
In re:                                                                 :
                                                                       : Chapter 11
CIRCUIT CITY STORES, INC., et al.                                      :
                                                                       : **Case No. 08-35653-KRH**
            Debtors.                                                   :
                                                                       : **Jointly Administered**
                                                                       : **Judge Kevin R. Huennekens**
                                                                       :
                                                                       :
                                                                       :
---------------------------------------------------------------------- x

**OBJECTION OF TRIANGLE EQUITIES JUNCTION LLC TO DEBTOR'S MOTION SETTING PROCEDURES FOR SALE OR REJECTION OF NON-RESIDENTIAL LEASES AND CROSS MOTION FOR AN ORDER (A) COMPELLING DEBTORS TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b), AND (B) GRANTING RELATED RELIEF**

Triangle Equities Junction LLC ("Triangle"), by and through its counsel, Torys LLP and Troutman Sanders LLP, objects to the Debtors' Motion, dated November 25, 2008, for Orders: (I) approving bidding and auction procedures for the sale of unexpired nonresidential real property leases for the closing stores, (II) setting a sale hearing date, and (III) authorizing and approving (A) the sale of certain nonresidential real property leases free and clear of liens, claims and encumbrances, (B) assumption and assignment of certain unexpired nonresidential real

---

Vivieon E. Kelley (VA Bar No. 44230)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Ste 5200
Atlanta, Georgia 30308
Tel: (404) 885-3838
Fax: (404) 962-6792
-and -

William F. Gray Jr.
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

Counsel for Triangle Equities Junction LLC

9120270.3
33139-2003

property leases, and (C) lease rejection procedures (the "Debtors' Motion"), and cross-moves for entry of an order, (a) requiring Circuit City Stores, Inc. (the "Debtor"), one of the debtors, to pay outstanding administrative rent immediately in an amount not less than $316,460.40 owed to Triangle pursuant to Sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), and (b) granting related relief, as more specifically described herein (the "Cross Motion"). In support of its Objection and Cross Motion, Triangle respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Cross Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BASES FOR RELIEF

2. The statutory bases for the relief requested herein are Sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

## BACKGROUND

3. Triangle is the lessor and landlord of certain nonresidential real property located at 1600 Flatbush Avenue, Brooklyn, New York (the "Leased Premises").

4. Pursuant to a lease commenced on August 12, 2008 (the "Lease"), Triangle leases the Leased Premises to the Debtor. A true and accurate copy of the Lease is attached hereto as "Exhibit A".

5. Pursuant to the Lease, the Debtor was required to pay, on the first day of November 2008, minimum rent and other monthly charges in the total aggregate amount of $142,824.21 (the "November Rent"). No payment was made.

6. On November 10, 2008 (the "Petition Date"), the Debtor and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

7. The Debtor currently remains in possession of, and enjoys the use and occupancy of, the Leased Premises, from which Debtor operates Store #4323. Upon information and belief, the Debtors are using the Leased Premises as a concentration store, having moved inventory for sale from various other store locations to the Leased Premises.

8. In Exhibit B to the Debtors' Motion (the "Cure Exhibit"), the Debtors proposes a cure amount of $46,744.00 for unpaid rent for the period from November 1, 2008 through and including November 9, 2008, which is incorrect. The actual amount owed, as set forth in detail at paragraph 13, infra., is an amount in excess of $346,900.64.

9. The Debtors erroneously state that, except for the amounts set forth on the Cure Exhibit, they believe they are current on their obligations under the Lease. (Debtors' Mot. at ¶ 13.) In fact, the Debtor has not paid any post-petition rent. The Debtor failed to pay the portion of the November Rent comprised of the administrative rent and other related charges due and owing under the Lease for the post-petition period November 10, 2008 through and including November 30, 2008 (the "November Administrative Rent").

10. The Debtor has also failed to pay the December 2008 minimum rent and other monthly charges (the "December Administrative Rent").

11. In sum, Triangle has not received any portion of the November Administrative Rent nor the December Administrative Rent (together, with any other amounts accruing after November 10, 2008, the "Administrative Rent").

12. The Administrative Rent due and owing to Triangle is an amount not less than $316,460.40, which includes the amount of the post-petition mechanic's lien dated November

9120270.3
33139-2003

21, 2008, filed against Store #4323 in the amount of $73,071.98 that is attached hereto as "<u>Exhibit B</u>". As described below, the Debtor is responsible for discharging this lien under Section 14.02 of the Lease.

### **OBJECTION**

13. The Debtors' statement of the cure amount is not correct. Subject to the reservation set forth in paragraph 15 hereof, the correct cure amount with respect to Store #4323 is not less than $346,900.64 as of November 9, 2008, based on the following computation:

| | | |
|---|---|---|
| A. | Pre-petition rent (11/01/08 - 11/09/08) | $ 40,376 |
| B. | Common area maintenance | $ 1,346 |
| C. | Unpaid taxes | $ 538 |
| D. | Unsatisfied mechanic's lien dated 10/28/2008 | $105,247.60 |
| E. | Unsatisfied mechanic's lien dated 11/6/2008 | $199,393.04 |
| | TOTAL CURE AMOUNT | $346,900.64 |

The correct cure amount does not include rent, charges, and taxes relating to the post-petition period beginning on November 10, 2008.

14. Under Section 14.02 of the Lease, the Debtor must discharge any mechanic's lien filed against the "Premises", which the Lease defines to include Block 7576, Lot 33, in the County of Kings in the State of New York. On October 28, 2008, a mechanic's lien in the amount of $105,247.60, attached hereto as "<u>Exhibit C</u>", was filed against the property located at Block 7576, Lot 33, in the County of Kings in the State of New York. On November 6, 2008, another mechanic's lien in the amount of $199,393.04, attached hereto as "<u>Exhibit D</u>", was filed against the property located at Block 7576, Lot 33, in the County of Kings in the State of New

9120270.3
33139-2003

York. The Debtor is responsible for discharging both of these pre-petition mechanic's liens, and both are therefore included in the computation of the correct cure amount.

15. The correct cure amount is based on the best information now available to Triangle and its advisors and is set forth with the Triangle's full reservation of right to modify such cure amount as such additional information becomes available to Triangle. Triangle expressly reserves the right to increase the cure amount to include those and other items at such time as they materialize and/or may be computed.

16. Triangle hereby reserves all of its rights and remedies, including but not limited to the right to object to any proposed assumption and assignment of the Lease.

## RELIEF SOUGHT

17. Triangle seeks this Court's entry of an order, substantially in the form attached hereto as "Exhibit E," (a) authorizing and directing the Debtor to immediately pay the Administrative Rent owed to Triangle pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) authorizing and directing the Debtor to reimburse Triangle for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Cross Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) authorizing and directing the Debtor to make all future monthly payments of administrative rent and related charges to Triangle in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, (d) directing the Debtor to amend the cure amount for Store #4323 as set forth above, and (e) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

18. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor, . . .* arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

19. The unique position of the nonresidential real property lessor during the post-petition, pre-rejection period is recognized and addressed by Section 365(d)(3) of the Bankruptcy Code and reinforced through case law. See In re Best Products Company, Inc., 206 B.R. 407 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor.") As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential property lease obligations, Section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period. In In re Pudgie's, the U.S. Bankruptcy Court for the Southern District of New York strictly construed Section 365(d)(3) to hold that nonresidential real property lessors are entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease. Id. at 836.

20. This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. See In re Trak Auto Corporation, 277 B.R. 655, 665-66 (Bankr. E.D. Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected."), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004); see also Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.), 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to

- 6 -

be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . [and requires] these payments to be paid at the time required in the lease") (internal quotations omitted). Indeed, the court in Trak Auto specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Trak Auto, 277 B.R. at 669.

21.  In light of the Debtor's failure to pay the Administrative Rent to Triangle, absent an order from this Court, the Debtor will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, this Court should enter an order not only directing the Debtor to immediately pay the Administrative Rent due to Triangle pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, but also requiring the Debtor to timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

22.  Furthermore, Section 23.17 of the Lease provides that in any action or proceeding, the prevailing party shall be entitled to recover from the other party the prevailing party's reasonable costs and expenses, including reasonable attorney's fees, costs and expenses. Accordingly, Triangle requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Triangle in connection with filing and prosecuting this Cross Motion.

## **WAIVER OF NOTICE PROVISIONS PURSUANT TO CASE MANAGEMENT PROCEDURES**

23.  The Objection portion of this Cross Motion is a cure dispute, which Debtors request be heard at the December 22, 2008 Omnibus Hearing. (Debtors' Mot. ¶ 13.) Exhibit A to the Court's November 13, 2008 Order Establishing Certain Notice, Case Management, and Administrative Procedures (the "Case Management Procedures"), dictates that any matter shall automatically be scheduled to be heard at the next Omnibus Hearing that is at least twenty

calendar days after papers for such a matter are filed and served. In light of the compressed timeline proposed by the Debtors in the Debtors' Motion and in the interest of efficiency, Triangle respectfully requests that the entire Cross Motion be heard at the December 22, 2008 Omnibus Hearing.

## WAIVER OF MEMORANDUM OF LAW

24. Triangle respectfully requests that this Court treat this Cross Motion as a written memorandum of points and authorities or waive any requirement that this Cross Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

25. No previous motion for the relief sought herein has been made to this Court or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9120270.3
33139-2003

**WHEREFORE,** Triangle respectfully requests entry of an order, substantially in the form attached hereto as "Exhibit E," (i) authorizing and directing the Debtor to (a) immediately pay the Administrative Rent owed to Triangle pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) reimburse Triangle for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Cross Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) to make all future monthly payments of administrative rent and related charges to Triangle in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, (d) directing the Debtor to amend the cure amount for Store #4323 as set forth above, and (e) granting such other and further relief as this Court deems just and proper.

Dated:   December 10, 2008
         Richmond, Virginia

Respectfully Submitted,

   /s/ Vivieon E. Kelley
Vivieon E. Kelley, (VA Bar No. 44230)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Ste 5200
Atlanta, Georgia 30308
Tel: (404) 885-3838
Fax: (404) 962-6792

-and -

William F. Gray Jr.
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

COUNSEL FOR TRIANGLE EQUITIES
JUNCTION LLC

# CERTIFICATE OF SERVICE

       I hereby certify that on December 10, 2008, a true and complete copy of the foregoing was filed and served (i) electronically on the "2002" and "Core" lists; (ii) through the Court's ECF System; and (iii) by first class mail, postage prepaid, to the entities at the addresses indicated below.[1]

Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, VA 23233
Attn: Reginald D. Hedgbeth

Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, VA 23233
Attn: Daniel W. Ramsey

Debtor

McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
Attn: Douglas M. Foley, Esq.

McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Attn: Dion W. Hayes, Esq.

Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899
Attn: Gregg Galardi, Esq.

Attorneys for Circuit City Stores, Inc.

Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219
Attn: Robert B. Van Arsdale, Esq.

---

[1]     The attached Exhibits are voluminous and have been served on the Debtors and the U.S. Trustee. For all other parties, Triangle will provide the attached Exhibits upon request.

9120270.3
33139-2003

Tavenner & Beran, PLC
*Counsel for the Official Committee of Unsecured Creditors*
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Attn: Lynn L. Tavenner, Esq.
Attn: Paula S. Beran, Esq.

Pachulski Stang Ziehl & Jones LLP
*Counsel for the Official Committee of Unsecured Creditors*
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Attn: Jeffrey N. Pomerantz, Esq.

Pachulski Stang Ziehl & Jones LLP
*Counsel for the Official Committee of Unsecured Creditors*
780 Third Avenue, 36th Floor
New York, New York 10017-2024
Attn: Robert J. Feinstein, Esq.

LeClair Ryan
*Counsel for DIP Agents*
Riverfront Plaza E Tower
951 E. Byrd St 8th Fl
Richmond, Virginia 23219
Attn: Bruce Matson Esq.

Riemer & Braunstein LLP
*Counsel To Pre-petition Lenders and Counsel To Post-petition Lenders*
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
Attn: David S. Berman

                 /s/ Vivieon E. Kelley

# **EXHIBIT A**

9120270.3
33139-2003

# **EXHIBIT B**

9120270.3
33139-2003

# **EXHIBIT C**

# **EXHIBIT D**

9120270.3
33139-2003

**EXHIBIT E**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

---------------------------------------------------------------------- x
In re:                                                                         :
                                                                                        :  Chapter 11
CIRCUIT CITY STORES, INC., et al.                             :
                                                                                        :  **Case No. 08-35653-KRH**
            Debtors                                                              :
                                                                                        :  **Jointly Administered**
                                                                                        :  **Judge Kevin R. Huennekens**
                                                                                        :
                                                                                        :
                                                                                        :
                                                                                        :
---------------------------------------------------------------------- x

**ORDER GRANTING CROSS MOTION OF TRIANGLE EQUITIES JUNCTION LLC
FOR AN ORDER (A) COMPELLING DEBTORS TO IMMEDIATELY PAY
ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b),
AND (B) GRANTING RELATED RELIEF**

This matter having come before the Court upon the Cross Motion and Supporting Memorandum of Triangle Equities Junction LLC ("Triangle") for an Order (A) Compelling Debtors to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) and (B) Granting Related Relief (the "Cross Motion") filed in the bankruptcy cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Court finds that (i) it has jurisdiction over the matters raised in the Cross Motion pursuant to 28 U.S.C. §§ 157 and

---

Vivieon E. Kelley (VA Bar No. 44230)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Ste 5200
Atlanta, Georgia 30308
Tel: (404) 885-3838
Fax: (404) 962-6792
-and -

William F. Gray Jr.
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

Counsel for Triangle Equities Junction LLC

9120270.3
33139-2003

1334, (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) proper and adequate notice of the Cross Motion and the opportunity for a hearing thereon has been given and no other or further notice is necessary, and (iv) good and sufficient cause exists for the granting of the relief requested in the Cross Motion after having given due deliberation upon the Cross Motion and the arguments presented at any hearing had thereupon.  Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Cross Motion is **GRANTED.**

2. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Cross Motion.

3. The Debtor is authorized and directed to pay to Triangle, within two (2) business days of the entry of this Order, the Administrative Rent in the total aggregate amount of $316,460.40.

4. The Debtor shall, within two (2) business days of its receipt of a written request from Triangle therefor, reimburse Triangle for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting the Cross Motion.

5. The Debtor shall make all future monthly payments of administrative rent and related charges to Triangle in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease.

6. The Debtor shall amend the cure amount for Store #4323 to be in an amount of at least $346,900.64.

7. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and to resolve any and all disputes related thereto.

ENTERED in Richmond, Virginia this _____ day of _____, 2008.

- 2 -

9120270.3
33139-2003

- 3 -

_____
United States Bankruptcy Judge

WE ASK FOR THIS:

/s/ Vivieon E. Kelley
_____
Vivieon E. Kelley, (VA Bar No. 44230)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Ste 5200
Atlanta, Georgia 30308
Tel: (404) 885-3838
Fax: (404) 962-6792

-and -

William F. Gray Jr.
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200

COUNSEL FOR TRIANGLE EQUITIES
JUNCTION LLC

### **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

I hereby certify that proposed order has been served upon or endorsed by all necessary parties.

/s/ Vivieon E. Kelley
_____

Atlanta01 2014395v2 999998.001000