UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>Jointly Administered |

### OBJECTION BY CATELLUS OPERATING LIMITED PARTNERSHIP TO PROPOSED CURE AMOUNT
(Store #4300 Fremont, CA)

Catellus Operating Limited Partnership ("Catellus") hereby objects to the proposed cure amount set forth on "Exhibit B – Cure Amounts by Store" (the "Cure Exhibit") to the Debtor's Motion for Orders under 11 U.S.C. §§ 105 (363 and 365) (I) approving bidding and auction procedures for sale of unexpired non-residential real property leases for closing stores, (II) setting sale hearing date, and (III) authorizing and approving (A) sale of certain non-residential real property leases free and clear of liens, claims, and encumbrances, (B) assumption and assignment of certain unexpired non-residential real property leases, and (C) lease rejection procedures (the "Motion") filed by the Debtors and Debtors-in-Possession in the above-captioned jointly administered cases and states as follows:

1.        Catellus leases "Store #4300" with an address of 43706 Christie Street, Fremont, California to Circuit City Stores, Inc. ("Debtor") and the Debtor occupies and is in possession of those premises pursuant to the terms of a written lease.

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB 13254)<br>Michael D. Mueller, Esquire (VSB 38216)<br>Jennifer M. McLemore, Esquire (VSB 47164)<br>Noelle M. James, Esquire (VSB 76001)<br>909 East Main Street, Suite 1200<br>Richmond, Virginia 23219<br>Telephone:  (804) 697-4100<br>Facsimile: (804) 697-4112 | Edward J. Tredinnick (CSB 84033)<br>Greene Radovsky Maloney Share & Hennigh, LLP<br>Four Embarcadero Center, Suite 4000<br>San Francisco, California 94111<br>Telephone:  (415) 981-1400<br>Facsimile:  (415) 777-4961 |
| Counsel for Catellus Operating Limited Partnership | Counsel for Catellus Operating Limited Partnership |

2. In the Cure Exhibit, the Debtors state that the cure amount for Store #4300 is $28,341.00. The Debtor's statement of the "Cure Amount" appears to be based solely on pre-petition amounts owing under the lease prorated to the petition date.

3. The Debtor's statement of the Cure Amount is not correct. Subject to reservations set forth in paragraphs 4 to 6 below, the correct "Cure Amount" as defined by the Debtor with respect to Store #4300 is not less than $23,038.39, based on the following computation:

> November base rent - $21,638.53
>
> November CAM - $1,381.04
>
> November insurance - $18.81
>
> Total            $23,038.39

This amount is based on the pre-petition portion of November base rent and additional charges due under the lease from November 1, 2008 through the petition date of November 10, 2008. This amount _only_ relates to the November pre-petition amounts due under the lease for Store #4300 and does not reflect what may be the true Cure Amount at the time that the lease may be assumed by the Debtor.

4. The "Cure Amount" set forth above does not include rent, charges, and taxes relating to the post-petition period beginning on and after November 10, 2008 to the extent that they are not paid by the Debtor prior to the date that the Debtor attempts to assume the lease.

5. In addition, the Debtor is responsible for the real property taxes that have become due and are direct billed to the Debtor. The first installment of property taxes came due on November 1, 2008 in the total sum of $102,778.76. This first installment covers the period from July 1, 2008 through December 31, 2008. The full amount of the property tax reimbursement for the first installment has been billed and is now due and owing from the Debtor.

6. The correct "Cure Amount" is based on the best information now available to Catellus and is set forth with full reservation of rights to modify such "Cure

2

Amount" as such additional information becomes available to Catellus, including year end reconciliations for charges such as CAM, insurance or taxes that typically are calculated during the first quarter of the following year.  The "Cure Amount" does not include such additional items as attorneys' fees, interest, late charges, repair and maintenance costs, and other claims against the Debtor under the lease and the actual pecuniary losses suffered by Catellus that result from the Debtor's defaults under the lease of the premises.  Catellus expressly reserves the right to increase the "Cure Amount" to include those and other items at such time as they materialize and/or may be computed.

       7.    Catellus hereby reserves all of its rights and remedies, including but not limited to the right to object to any proposed assumption and assignment of its lease.

WHEREFORE, Catellus objects to the Debtor's statement of the "Cure Amount" attached to the Debtor's Exhibit B to its motion and requests that the Court fix the "Cure Amount" for the lease as set forth above and grant such other relief as is appropriate.

Dated:  December 10, 2008

CHRISTIAN & BARTON, LLP

By:  /s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112

-and-

Edward J. Tredinnick (CSB 84033)
Greene Radovsky Maloney Share & Hennigh, LLP
Four Embarcadero Center, Suite 4000
San Francisco, California 94111
Telephone:  (415) 981-1400
Facsimile:  (415) 777-4961
E-mail:  etredinnick@greeneradovsky.com

Attorneys for Catellus Operating Limited Partnership

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller