IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
CIRCUIT CITY STORES, INC., et al.                       :   Case No. 08-35653-KRH
                                                        :
              Debtors.                                  :   Jointly Administered
                                                        :   Judge Kevin R. Huennekens
------------------------------------------------------- x

**OBJECTION OF TAUBMAN AUBURN HILLS ASSOCIATES LIMITED
PARTNERSHIP TO THE DEBTORS' PROPOSED CURE AMOUNT**

Taubman Auburn Hills Associates Limited Partnership ("Taubman"), by and through its counsel, Hunton & Williams LLP, hereby objects (the "Objection") to the Debtors' proposed "cure amount" for the Lease (defined below) as listed on Exhibit B to the Debtors' Motion for Orders under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for

Benjamin C. Ackerly [VSB # 09120]
J.R. Smith [VSB # 41913]
Henry (Toby) P. Long, III [VSB # 75134]
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone: (804) 788-8479
Facsimile: (804) 788-8218

and

J. Eric Crupi [VSB # 46782]
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006
Telephone: (202) 419-2143
Facsimile: (202) 778-7445

and

Andrew S. Conway
THE TAUBMAN COMPANY
200 E. Long Lake Road, Suite 300
Bloomfield Hills, MI  48304
Telephone: (248) 258-7427

Counsel for Taubman Auburn Hills Associates Limited Partnership

Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "Motion").  In support of this Objection, Taubman respectfully states as follows:

1. Taubman is the lessor and landlord of certain nonresidential real property located in Auburn Hills, Michigan (the "Leased Premises").

2. Pursuant to a lease dated May 9, 2003 (the "Lease"), Taubman leases the Leased Premises to Circuit City Stores, Inc., one of the Debtors in the above-captioned bankruptcy cases (the "Debtor").

3. On November 10, 2008 (the "Petition Date"), the Debtor and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

4. The Debtor currently remains in possession of, and enjoys the use and occupancy of, the Leased Premises.

5. In Exhibit B to the Motion, the Debtors provide that the cure amount pursuant to Section 365 of the Bankruptcy Code for the Lease is $31,007 (the "Proposed Cure Amount").  However, this Proposed Cure Amount is incorrect.  As of December 10, 2008, the total cure amount with respect to the Lease is $158,451.65 (the "Taubman Cure Amount").  A copy of an Aged Delinquencies Report detailing the Cure Amount is attached hereto as "Exhibit 1."

6. However, the Taubman Cure Amount does not include any (i) additional amounts due under the Lease after December 10, 2008, (ii) additional amounts that have accrued or may

2

accrue in the future under the Lease, such as attorneys' fees, interest, repair and maintenance costs, indemnification obligations, year-end adjustments for common area maintenance, percentage rent, or taxes, or other claims against the Debtor under the Lease, or (iii) actual pecuniary losses that have been or may be suffered by Taubman resulting from the Debtor's defaults under the Lease.

7. In addition to its objection to the Proposed Cure Amount, Taubman submits that any assumption and assignment of the Lease by the Debtor requires the Debtor to reimburse Taubman for its attorneys' fees incurred in connection with these bankruptcy cases as part and parcel of the Debtor's cure obligation under Section 365 of the Bankruptcy Code.

8. Section 365(b)(1) of the Bankruptcy Code governs the financial obligations of a debtor that wishes to assume and assign a lease. Section 365(b)(1) provides in pertinent part as follows:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, <u>for any actual pecuniary loss to such party resulting from such default</u>; and
>
> (C)    provides adequate assurance of future performance under such contract or lease.

11. U.S.C. § 365(b)(1) (emphasis added).

9. Taubman asserts that the requirements of Section 365(b)(1)(B) include reimbursement to a landlord of sums incurred for attorneys' fees in connection with a bankruptcy

3

case.  See In re F&N Acquisition Corp., 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (finding that Section 365(b)(1)(B) allows for recovery of attorneys' fees as a "pecuniary loss" if based upon the language of the lease); In re Westworld Cmty Healthcare, Inc., 95 B.R. 730, 733 (Bankr. C.D. Cal. 1989) (same); In re Ryan's Subs, Inc., 165 B.R. 465, 467-8 (Bankr. W.D. Mo. 1994) (same); and In re Child World, Inc., 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) (same).  Articles XI and XIX of the Lease require the Debtor to reimburse Taubman for attorneys' fees incurred in connection with proceedings of this kind.

10. The Taubman Cure Amount is calculated based upon the best information currently available to Taubman and its advisors and is set forth with Taubman's full reservation of rights to modify such Taubman Cure Amount as and when any additional information becomes available to Taubman.  Taubman further reserves all of its rights and remedies, including, without limitation, the right to object to any proposed assumption and assignment of the Lease.

11. Taubman respectfully requests that this Court treat this Objection as a written memorandum of points and authorities or waive any requirement that this Objection be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(H)(2) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Taubman respectfully objects to the Proposed Cure Amount of $31,007 as stated in <u>Exhibit B</u> to the Motion and instead represents that the Taubman Cure Amount of $158,451.65 is the correct cure amount for the Lease as required by Section 365 of the Bankruptcy Code, subject to the reservations of rights described above.

Dated:    December 10, 2008              Respectfully Submitted,
          Richmond, Virginia

                                                  /s/ Henry (Toby) P. Long, III
Benjamin C. Ackerly [VSB # 09120]
J.R. Smith [VSB # 41913]
Henry (Toby) P. Long, III [VSB # 75134]
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone: (804) 788-8479
Facsimile: (804) 788-8218

- and -

J. Eric Crupi [VSB # 46782]
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC  20006
Telephone: (202) 419-2143
Facsimile: (202) 778-7445

- and -

Andrew S. Conway
**THE TAUBMAN COMPANY**
200 E. Long Lake Road, Suite 300
Bloomfield Hills, MI  48304
Telephone: (248) 258-7427

COUNSEL FOR TAUBMAN AUBURN
HILLS ASSOCIATES LIMITED
PARTNERSHIP

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2008, a true and complete copy of the foregoing was filed and served electronically using the Court's ECF System and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Counsel for the Debtors

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

U.S. Trustee for the Eastern District of Virginia

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Counsel for the Creditor's Committee

                                         /s/ Henry (Toby) P. Long, III