Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653-KRH
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 (I) APPROVING
BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES,
(II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING
AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL
PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND
ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C)
LEASE REJECTION PROCEDURES**

        Upon consideration of motion, dated November 25,

2008 (the "<u>Motion</u>")[1] of Circuit City Stores, Inc. and

certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for orders under sections

105(a), 363 and 365 of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006,

and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases set forth herein and attached

hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii)

setting a date for the sale hearing, and (iii)

authorizing and approving (a) the sale (the "Sale") of

certain unexpired nonresidential real property leases

(the "Leases") free and clear of liens, claims, and

encumbrances, (b) the assumption and assignment of

certain executory contracts and unexpired leases, and (c)

lease rejection procedures for any leases that are not

sold in connection with the foregoing; and upon the

record of the hearing held on December 5, 2008 (the

"Bidding And Rejection Procedures Hearing"); and after

---

[1]     Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

due deliberation thereon, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.     Venue of these cases and the Motion in this district is proper under 28 U.S.C. § § 1408 and 1409.

D.     The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties-in-interest.

E.     The notice of the Motion and the Bidding And Rejection Procedures Hearing given by the Debtors constitutes due and sufficient notice thereof.

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

F.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) set the date of the Sale Hearing, (iii) approve the manner of notice of the Motion, the Sale Hearing, and the assumption and assignment of the Leases, (iv) approve the form of notice of the Motion and the Sale Hearing, (v) approve procedures with respect to objections to Proposed Cure Amounts (as defined below) and to the assumption and assignment of the Leases to be filed with the Court and served on the non-Debtor counterparties thereto including, and (vi) approve the rejection procedures.

G.    The Bidding Procedures and the rejection procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.    The relief requested in the Motion is GRANTED, as modified hereby.

2.    The Bidding Procedures, substantially in the form as set forth on Exhibit 1 attached hereto,

including the bid deadline set forth therein, and
incorporated herein by reference as if fully set forth
herein, are hereby approved.

   3.   Pursuant to the Bidding Procedures, the
Debtors may, among other things: (i) determine, in their
business judgment, which Qualified Bid is the highest or
otherwise best offer for a Lease or Leases, or (ii)
reject at any time before entry of an order of the Court
approving a Qualified Bid, any bid which, in the Debtors
sole discretion, is (a) inadequate or insufficient, (b)
not in conformity with the requirements of the
Bankruptcy Code or the Bidding Procedures, or (c)
contrary to the best interests of the Debtors, their
estates, and their stakeholders.  The Debtors are
authorized to terminate the bidding process or the
Auction at any time if they determine, in their business
judgment, that the bidding process will not maximize the
value of the Lease to be realized by the Debtors'
estates.

   4.   The Court shall hold a hearing on
December 22 at 1:00 p.m. (prevailing Eastern time) (the
"Sale Hearing") in the United States Bankruptcy Court

for the Eastern District of Virginia, 701 East Broad
Street, Room 5000, Richmond, VA 23219 at which time the
Court shall consider the disposition of the Leases
pursuant to the terms and conditions set forth in the
Motion, approve the Successful Bidder(s) for the
respective Lease(s) as to which there are no objections,
and confirm the results of the Auction, if any.  The
Sale Hearing or any portion thereof, such as with
respect to the proposed assumption and assignment of a
particular Lease, may be adjourned by the Debtors from
time to time without further notice to creditors or
parties-in-interest other than by announcement of the
adjournment in open court or on the Court's calendar on
the date scheduled for the Sale Hearing or any adjourned
date.

        5.   Pursuant to the Sale Motion, the Debtors
proposed cure amounts with respect to the Leases (the
"Proposed Cure Amounts"). To the extent that the
Landlord fails to object or otherwise respond to the
Proposed Cure Amount on or before December 17, 2008 (the
"Cure Objection"), the Proposed Cure Amount shall
constitute the sole amount necessary under sections

365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bankruptcy
Code to cure all defaults and pay all actual pecuniary
losses under the Lease and such party is forever barred
and enjoined from asserting a cure amount different from
that set forth on Exhibit B to the Sale Motion (except
for any amounts accruing from the Petition Date through
the date of assignment of the Lease).  To the extent
that the Landlord asserts that the cure amount (the
"Cure Amount") is other than the Proposed Cure Amount
and has lodged a timely and valid objection to the
Proposed Cure Amount, such objection will be resolved
either at the Sale Hearing or such later date as may be
determined by the Court.  The Debtors (or the Successful
Bidder, as the case may be) shall pay the undisputed
portion of the Cure Amount for the Lease as soon as
practicable following the Closing.  The disputed portion
of the Cure Amount shall be paid following the earlier
of the date (i) the Debtor (or the Successful Bidder, as
the case may be) and the Landlord reach an agreement as
to the appropriate Cure Amount, and (ii) if necessary,
the entry of an order by the Court fixing the Cure
Amount. Unless otherwise agreed to by the Debtors and a

7

Successful Bidder, under no condition shall the
purchaser of a Lease have any direct or indirect
responsibility relative to the payment of the Cure
Amount. Compliance with this Paragraph of the order
constitutes payment of the Cure Amount as otherwise
provided in this order.

     6.   The Debtors shall provide a notice,
substantially in the form attached to the Sale Motion as
Exhibit C (the "Potential Purchaser Notice"), to
counterparties to a Lease for which a Qualified
Bidder(s) has been identified which will identify the
potential bidders as potential parties to which the
Leases would be assigned (the "Potential Purchasers"),
and include adequate assurance of future performance
information with regard to such Potential Purchasers on
or before December 16, 2008 at 3:00 p.m. (prevailing
Eastern time).  The Debtors shall concurrently post a
list of Leases subject to Potential Purchaser Notices on
the website for the Debtors' claims and noticing agent,
www.kccllc.net/circuitcity, as well as the website for
the Debtors' Real Estate Advisor.

7.    Counterparties to Leases who wish to
contest the assumption and/or assignment of a Lease by a
Potential Purchaser on adequate assurance of future
performance or other grounds must appear at the Sale
Hearing on December 22, 2008, and state that they have
an objection to the assumption and/or assignment of the
Leases (other than objections with respect to cure or
the rejection procedures described above, which must be
filed by December 17, 2008 and December 3, 2008
respectively, as set forth above).  With respect to
objections made at the Sale Hearing, the Court shall
conduct a status hearing and shall set a date for the
filing of written objections, provide a discovery
schedule, if necessary, and set the matter for a final
hearing.  Other than objections made at the Sale
Hearing, objections must state, with specificity, the
legal and factual basis of any objection and be filed
and served in accordance with the Filing Procedures (as
defined herein).  Any such timely filed and valid
objections will be resolved, as necessary, either at the
further hearing or such later date as may be scheduled
by the Court.

8.    If a non-Debtor counterparty to any Lease
that is subject to Potential Purchaser Notice fails to
file and serve or raise at the Sale Hearing an objection
in accordance with the instructions in the Potential
Purchaser Notice or this Order, the Court may authorize
the assumption and assignment of the applicable Lease at
the Sale Hearing.

9.    Any Lease for which no Potential
Purchaser has been identified, and for which no
Potential Purchaser Notice has been provided, shall be
deemed rejected as of the later of December 31, 2008
(unless the Debtors provide at least five (5) days prior
written notice of an earlier rejection date), or the
date that the Debtors have surrendered the premises to
the applicable Landlord by (i) providing unequivocal
notice of rejection and (ii) using commercially
reasonable efforts to (a) disarm the alarm, (b) transmit
alarm codes to the applicable Landlord, or (c) advise
the Landlord in writing that they are unable to provide
the alarm codes despite commercially reasonable efforts
to do so, and (ii)(a) return keys to the applicable
Landlord or (b) advise the applicable Landlord that the

keys cannot be provided despite commercially reasonable efforts to do so; provided, further, that unequivocal notice shall include (without limitation) (x) this Order, for purposes of rejection as of December 31, 2008, (y) the five-day notice described above, for purposes of an earlier date, or (z) such other writing wherein the Debtors indicate their desire to reject the applicable Lease on another date.

10.  The Debtors shall post the results of the Auction at www.kccllc.net/circuitcity no later than 12:00 noon (ET) on Friday, December 19, 2008; provided, however, that in the event the Auction is postponed, the Debtors shall post the results of the Auction on such website no later than 12:00 noon (ET) on the business day following the conclusion of the Auction.

11.  Upon the failure to consummate a sale of a Lease or Leases because of a breach or failure on the part of the Successful Bidder with respect to such Lease or Leases, the Debtors are authorized to, and shall retain the bidder's deposit as liquidated damages, and the next highest or best Qualified Bidder, with respect to such Lease or Leases, shall be deemed the Successful

Bidder and shall consummate the sale of the Lease
without further order of the Court.

12.   The Debtors are authorized to enter into
lease termination agreements with the Landlords.
Approval of the lease termination agreements shall be
considered at the Sale Hearing or on such other date
agreed upon by the parties.

13.   Any personal property remaining at a
closing store location as of the date that an assignment
or rejection of the respective Lease is effective shall
be deemed abandoned to the Landlord, if the lease is
rejected, or to the assignee, if the Lease is assumed
and assigned.   The Landlord or the assignee may retain
or dispose of such property without liability or claim
by any third party.

14.   Except for objections raised at the Sale
Hearing as provided for herein, any and all objections
as contemplated by the Bidding Procedures and this order
must (a) be in writing, (b) conform to the Federal Rules
of Bankruptcy Procedure, the Local Bankruptcy Rules for
the Eastern District of Virginia, and the Order Pursuant
to Bankruptcy Code Sections 102 and 105, Bankruptcy

Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (c) be filed with Bankruptcy Court and (d) served in accordance with the Case Management Order so as to be **received** on or before the appropriate deadline as set forth above or in the Bidding Procedures.

15.    Except for objections raised at the Sale Hearing as provided for herein, the failure of any objecting person or entity to timely file and serve its objection by the appropriate objection deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, and the Debtors' transfer of the Leases free and clear of liens, claims, and encumbrances, with the exception of any objection to the conduct of the Auction or the Debtors selection of a Successful Bidder, which may be made two business days following the end of the Auction or at the Sale Hearing, whichever is earlier.

16.   This order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

17.   This Court shall retain jurisdiction to
hear and determine all matters arising from the
implementation of this order.

Dated:  Richmond, Virginia
        December ____, 2008


_____
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1089

Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    I hereby certify that that the proposed order has
been served upon or endorsed by all necessary parties.


                    _/s/ Douglas M. Foley___
                    Douglas M. Foley

<u>Exhibit 1</u>

Bidding Procedures

## CIRCUIT CITY STORES, INC.
## LEASE SALE BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City, Inc. ("Circuit City") or certain of its affiliates, including certain affiliated chapter 11 debtors and debtors in possession (the "Debtors") in certain unexpired nonresidential real property leases (each a "Lease" and collectively, the "Leases").

On November 25, 2008, the Debtors filed the Motion For Orders Under 11 U.S.C. §§ 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores,  (II) Setting Sale Hearing Date, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of Liens, Claims, And Encumbrances, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Sale Motion").  On December __ 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under 11 U.S.C. §§ 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases For Closing Stores, (II) Setting Sale Hearing Date, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of Liens, Claims, And Encumbrances, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order").  The Bidding and Rejection Procedures Order set (i) December 22, 2008 or (ii) such later date as determined by the Bankruptcy Court at the such hearing (the "Sale Hearing") as the date when the Bankruptcy Court will conduct a hearing to authorize the Debtors to sell, assume, and assign their interests in the Leases.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bids become Qualified Bids (as defined herein), the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

### Assets To Be Sold

The assets proposed to be sold include the Debtors' interest in the Leases identified in the schedule of Leases attached as Exhibit B to the Motion.

### "As Is, Where Is"

Any sale, assignment, or other disposition of each of the Leases will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents, or estates.

## Free Of Any And All Claims And Interests

The Debtors shall request language in any order entered at the Sale Hearing providing that all of the Debtors' rights, title and interest in and to the Leases shall be assigned and sold pursuant to Bankruptcy Code sections 365(f) and 363(f) free and clear of all liens, claims, encumbrances and security interests, which shall attach to the net proceeds received by the Debtors as a result of the sale with the same force and effect that they now have, subject to further order of the Bankruptcy Court.

## Due Diligence

Each Qualified Bidder (as defined herein) shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the leased premises and to review the Lease(s) and all other pertinent documents with respect to the Lease(s) prior to making its offer and that each such Qualified Bidder relied solely on that review and upon its own investigation and inspection of the leased premises in making its offer, (b) that Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise of the Debtors, their agents or representatives; and (c) that the occupancy of the premises set forth in the Leases may not be available until the completion of the store closing at the premises.

## Bid Deadline

A bidder (the "Bidder" and collectively, the "Bidders") who desires to make a bid must deliver the Required Bid Documents (as defined herein) to:  (a) counsel for Debtors, (i) Skadden, Arps, Slate, Meagher & Flom, LLP One Rodney Square, Wilmington, Delaware 19889, Attn.: Gregg Galardi, Esq., Fax: (888) 329-3792 and Chris L. Dickerson, Esq., Fax: (312) 407-8680, (ii) McGuireWoods LLP, One James Center, 901 East Cary Street, 40 Richmond, Virginia 23219, Attn.: Dion W. Hayes, Esq., Fax: (804) 698-2078 and Douglas M. Foley, Esq., Fax: (757) 640-3957; (c) Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233, Attn.: Director of Real Estate, Fax: (804) 527-4866 ; (d) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100, Att'n.: Jeffrey N. Pomerantz, Esq., Fax: (310) 201-0760;  (e) counsel for the Debtors post-petition lender (the "DIP Lender") (ii) Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Att'n.: David S. Berman, Esq., Fax: (617) 880-3456, and (ii) LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, Eighth Floor, Richmond, Virginia 23219, Att'n.: Bruce Matson, Esq., Fax: (804) 783-7269; and (g) the Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, VA 23219-1888, Attn.: Robert B. Van Arsdale, Esq., Fax. (804) 771-2330 so as to be received not later than 3:00 p.m. (prevailing Eastern time) on December 15, 2008 (the "Bid Deadline").  The Debtors may extend the Bid Deadline once or successively, but are not obligated to do so.

## Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a) A written offer on Bidder's corporate letterhead (or, if on behalf of Bidder by Bidder's legal counsel, then on Bidder's legal counsel's letterhead) for the purchase of one or more of the Leases that must include: (i) the full name and identity of the proposed assignee of each individual Lease, (ii) the amount being offered for each individual Lease (if more than one Lease) in the form of an allocation schedule, (iii) the intended use of each premises covered by a Lease in Bidder's offer, (iv) adequate assurance of future performance information, including, but not limited to: (a) federal tax returns for two years and/or a current audited financial statement and/or bank account statements, (b) a description of intended use, and (c) any information that the Debtors may reasonably request ("Adequate Assurance Information"), and (v) express authorization to provide the Adequate Assurance Information to the applicable Landlord(s) on a confidential basis. Such written offer must also expressly state that if Bidder is the successful Bidder, it is ready, willing, and able to execute an individual Agreement of Assumption and Assignment of Lease(s).

(b) In the case of a real estate broker bidding on a Lease(s) as agent for a Bidder, the broker must submit the Required Bid Documents together with a letter of authorization on Bidder's corporate letterhead, executed by an authorized officer of the Bidder, stating that (i) Bidder exclusively authorizes broker to submit such offer on behalf of Bidder and that any commission or fee of any type due and payable to such broker as a result of an assignment of Lease(s) shall be paid solely by Bidder and Bidder shall indemnify Debtors, their estates, the Committee, and the DIP Lender in this regard, and (ii) Bidder acknowledges that it will comply with these Bid Procedures.

(c) In the case of a Landlord bidding on a Lease(s) to which such Landlord is a party, a written offer on Landlord's corporate letterhead (or, if on behalf of Landlord by Landlord's legal counsel, then on Landlord's legal counsel's letterhead) for the purchase of one or more of the Leases that must include the gross amount offered for each individual Lease (if more than one Lease) including a breakdown identifying that portion which is payable in cash to the Debtors and that portion, if any, which is "credit bid".    In the event a Landlord submits an offer that contemplates a credit bid, such Landlord may credit bid the full Cure Amount (as defined in the Bidding and Rejection Procedures Order) and/or any rejection damages claim; provided, that the Landlord must include as part of its bid adequate supporting information/documentation to substantiate (i) the difference between the Proposed Cure Amount (as defined in the Bidding and Rejection Procedures Order) and the Cure Amount (the "Cure Difference") and (ii) such rejection damages claim; provided, further, that the Debtors shall have the right to contest the Cure Difference and/or any rejection damages claim on any grounds at the Auction and, in the Debtors' discretion, ascribe no value to any rejection damages claim and limit the amount of the credit bid to the Proposed Cure Amount; provided, further, that failure to contest the Cure Difference at the Auction shall not constitute a waiver of the Debtors' right to contest the Cure Difference in accordance with the Bidding and Rejection Procedures

3

Order or such other orders as may be entered by the Bankruptcy Court. Such written offer must expressly state that the if the Landlord is the successful Bidder, it is ready, willing, and able to execute a reasonable short form of Lease Termination Agreement(s), and the extent to which, if any, it agrees to waive and release any and all claims it may have against the Debtors, including claims pursuant to section 502(b)(6) of the Bankruptcy Code. In the event a Landlord is the Successful Bidder and the Bankruptcy Court determines or the Debtors and each such Landlord agree that all or a portion of the Cure Difference is not a valid obligation of the Debtors, each such Landlord shall, unless otherwise agreed to by the Debtors and such Landlord, within three (3) business days of such determination or agreement, remit payment to the Debtors in the amount so determined or agreed not to be a valid obligation of the Debtors. Notwithstanding anything to the contrary herein, should the Debtors contest any portion of the Cure Amount or ascribe no value to the rejection damages claims, such acts shall not affect whether the status of a bid as a Qualified Bid.

(d) A Good Faith Deposit (as defined herein) in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Debtors in their sole discretion) payable to the order of Circuit City Stores, Inc. (or such other party as the Debtors may determine).

All written offers must expressly state that the Bidder's offer is (and all offers will be considered to be) irrevocable until the earlier to occur of (i) the Closing (as defined herein) or (ii) thirty (30) days following the Auction (unless such bid is sooner expressly rejected in writing by the Debtors).

## **<u>Qualified Bids</u>**

A bid will be considered only if the bid:

(a)     Is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder.

(b)     Includes a commitment to consummate the purchase of the Lease or Leases within not more than 2 days after entry the Sale Hearing.

(c)     Is received by the Bid Deadline.

(d)     Is an offer to purchase one or more of the Leases for cash only, except that a Landlord can "credit bid" in accordance herewith.

In addition, to be a Qualified Bid, each Bidder must be prepared to demonstrate to the Debtors its ability to consummate the purchase of the Lease(s), demonstrate adequate assurance of future performance under the Lease(s) and otherwise fulfill its obligations under the Lease(s).

A bid will constitute a Qualified Bid only if it includes all of the Required Bid Documents and meets all of the above requirements (a "Qualified Bid,"); provided, however, the

Debtors will have the right, in their sole discretion, to entertain bids for a Lease that do not conform to one or more of the requirements specified herein and may deem such bids to be Qualified Bids.   A bidder from whom the Debtors receive a Qualified Bid will be designated a "Qualified Bidder".

The Lease(s) and other pertinent documents will be available for inspection prior to the Auction during regular business hours or arrangements can be made with counsel to the Debtors prior to the Auction for copies to be delivered to Bidder for inspection.

## Auction

If the Debtors receive more than one Qualified Bid for a Lease or Leases, the Debtors will conduct an auction (the "Auction") of those Leases at 10:00 a.m. (prevailing Eastern time) on December 18, 2008 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors notify all Qualified Bidders who have submitted Qualified Bids, in accordance with the following procedures:

Only the Debtors, members of the Committee, the DIP Lenders, those Landlords whose Leases are subject to the Auction (and their legal and financial advisers) and any Qualified Bidder who has timely submitted a Qualified Bid will be entitled to attend the Auction.  A Qualified Bidder may request to attend the Auction telephonically, provided, however, that the decision to honor such a request will be at the sole discretion of the Debtors. Only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

At least two business days prior to the Auction, the Debtors will post a list of the Leases for which the Debtors have received more than one Qualified Bid on the website for the Debtors' claims and noticing agent: www.kccllc.net/circuitcity.  Additionally, the Debtors will file a notice in substantially the form attached hereto for all such Leases and serve such notice on the respective counterparties to such Leases.  On that same day, the Debtors will provide Adequate Assurance Information by email or facsimile to such Landlord's counsel, if known, or by overnight delivery to the Landlord; provided, however, that such information will provided on a deemed confidential basis without the need for a informal or formal confidentiality agreement and may only be disclosed by such Landlord in connection with an objection to the proposed sale, assumption and assignment, upon receipt of the written consent from the Debtors and the Qualified Bidder, or order of the Bankruptcy Court.

At least one business day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtors whether it intends to participate in the Auction and at least one business day prior to the Auction, the Debtors will provide copies of the Qualified Bid or combination of Qualified Bids which the Debtors believe is the highest or otherwise best offer to all Qualified Bidders who have informed the Debtors of their intent to participate in the Auction.  Notwithstanding such determination, the Debtors reserve the right, in their sole discretion, to determine which bid, or subsequent bid, is the Successful Bid, following the conclusion of the Auction based upon a number of factors and other considerations.

In the event the Debtors receive only a single Qualified Bid for a particular Lease(s), such Lease(s) will not be subject to bidding at the Auction, and the Debtors may seek to assume and

assign such Lease(s) at the Sale Hearing, if such Qualified Bid is otherwise acceptable to the Debtors. In the event the Debtors receive multiple Qualified Bids for a particular Lease, such Lease, unless previously sold, otherwise disposed of or withdrawn, will be offered for sale at the Auction, either in bulk or separately.

A minimum Qualified Bid amount for each Lease may be announced and/or posted prior to the Auction.  Such minimum Qualified Bid amounts may be established based upon a variety of factors, including: the highest bids received with respect to a Lease(s) prior to the Auction, the establishment of appropriate Cure Amounts, if any, arising under section 365 of the Bankruptcy Code, as they pertain to a Lease(s) together with their estimated related assignment transaction costs so as to make an assignment of a Lease(s) economically viable. All bidding shall be in increments determined by the Debtors and their advisors.

All Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all subsequent bids with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each subsequent bid will be fully disclosed to all other bidders throughout the entire Auction and put on the record.

The Debtors may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code, the Bankruptcy Rules, the local rules issued by the United States Bankruptcy Court for the Eastern District of Virginia, or any order of the Bankruptcy Court entered in connection herewith.

The Debtors intend to sell their interest to the Bidder making the highest or best Qualified Bid at the Auction for each Lease.  Formal acceptance of a bid will not occur unless and until the Court enters an order approving and authorizing the Debtors to consummate the assumption and assignment of the Lease(s) to such Bidder or its designated assignee.

ALL SALES SHALL BE SUBJECT TO APPROVAL OF THE DEBTORS' POST-PETITION LENDERS AND THE BANKRUPTCY COURT.

### Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auction, or as soon thereafter as practicable, the Debtors, in their sole discretion after consultation with their advisors, the DIP Lenders' advisors and the Committee's advisors, will announce for each Lease which bid is the highest and best bid (the "Successful Bid(s)" and the bidder(s) making such bid, the "Successful Bidder(s)") and which bid is the second highest and/or best bid, if any. The Successful Bidder shall supplement its Good Faith Deposit within one business day so that, to the extent necessary, such Good Faith Deposit equals ten percent (10%) of the highest and best bid.

The Debtors reserve the right, to (i) determine which Bid, if any, for any or all of the Leases is the highest or best Bid and (ii) reject at any time prior to entry of an order of the Bankruptcy Court approving a Bid, any offer which the Debtors, at their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules or the terms and

6

conditions of sale set forth herein, or (z) contrary to the best interests of the Debtors, their estate and creditors. The Debtors will have no obligation to accept or submit for Court approval any offer presented at the Auction except such written offers as may have been accepted by the Debtors.

The Debtors will sell the Lease or Leases for the highest or otherwise best Qualified Bid to the Successful Bidder upon the approval of such Qualified Bid by the Bankruptcy Court after the Sale Hearing. The Debtors presentation of a particular Qualified Bid to the Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

## The Sale Hearing

The Sale Hearing will be held before the Honorable Kevin R. Huennekens on December 22, 2008, at 1:00 p.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Debtors' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing. If the Debtors do not receive any Qualified Bids for a Lease or Leases, the Debtors will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with the rejection of such Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order. If the Debtors do receive more than one Qualified Bid, then, at the Sale Hearing, the Debtors will seek approval of the Successful Bid(s), and, at the Debtors' election, the next highest or best Qualified Bid(s) (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)"), as well as the sale, assumption and assignment of the Lease or Leases to the Successful Bidder.

## The Closing

Except as otherwise provided in a written offer that has been accepted by the Debtors, the closing of the sale of a Lease shall take place within two business days following the approval of the sale, assumption, and assignment of the Lease by the Bankruptcy Court to the Successful Bidder at the Sale Hearing (the "Closing"). With respect to the Closing, time of performance by the Successful Bidder is of the essence. Following approval of the Sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the sale because of: (i) failure of a condition precedent beyond the control of either the Debtors or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Debtors shall retain the Good Faith Deposit as liquidated damages and the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtors will be authorized, but not directed, to effectuate a sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

The balance of the purchase price shall be paid by the Successful Bidder by wire transfer or an endorsed bank or certified check at the Closing.

## Return Of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) will be held in an escrow account and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until two business days following the closing of the Sale (the "Return Date"). Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s), will be applied against the payment of the Purchase Price upon closing of the Sale to the Successful Bidder(s). If a Successful Bidder breaches its obligations under the Bidding Procedures Order or any agreement entered into with respect to its Successful Bid or fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit, and such Good Faith Deposit will irrevocably become property of the Debtors. On the Return Date, the Debtors will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon.

## Reservations Of Rights

The Debtors: (i) may determine which Qualified Bid, if any, is the highest or otherwise best offer and (ii) may reject, at any time any bid (other than the Buyers' bid) that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtors, their estates, and stakeholders as determined by the Debtors in their sole discretion.

## Miscellaneous Terms of Sale

Unless otherwise indicated by the Debtors at the Auction, sales of the Leases shall not include personal property, inventory, fixtures, trade fixtures, or other furnishings or equipment located in the premises whether or not owned by the Debtors. The Debtors reserve the right either to sell such personal property to the Successful Bidder or to any other party, to abandon any or all of the personal property located at each of the locations, or to make such other arrangements as may be appropriate.

All sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the assignment of the Leases or the sale of personal property of the Debtors in connection therewith shall be the sole responsibility of the Successful Bidder and shall be paid to the Debtors at the Closing of each transaction.

The Debtors, at or before the Auction, may impose or modify the terms and conditions herein as they determine to be in the best interests of the Debtors, their estates, creditors and other parties in interest. The Debtors may revise the procedures herein without Court approval to enable Qualified Bidders to submit Qualified Bids for smaller subsets of Leases of a greater package submitted by such Qualified Bidders, provided no new Leases are included in such package.

8

Attachment to Bidding Procedures – Potential Purchaser Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                 :
In re:                           :   Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :   Case No. 08-35653-KRH
et al.,                          :
                                 :
            Debtors.             :   Jointly Administered
                                 :
                                 :   **Hrg. Date: December 22,**
                                 :   **2008 at 10:00 a.m. (ET)**
                                 :   **Obj. Due: December 20,**
                                 :   **2008 at**
- - - - - - - - - - - - - - x    **4:00 p.m. (ET)**

**NOTICE TO COUNTERPARTIES TO LEASES THAT THE DEBTORS HAVE
IDENTIFIED A POTENTIAL PURCHASER OF UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASE**

PLEASE TAKE NOTICE that pursuant to the bidding proce-
dures (the "Bidding Procedures") approved by the Bankruptcy
Court for the Eastern District of Virginia (the "Bankruptcy
Court") in the Order Under 11 U.S.C. §§ 105, 363, And 365 (I)
Approving Bidding And Auction Procedures For Sale Of Unexpired
Nonresidential Real Property Leases For Closing Stores, (II)
Setting Sale Hearing Date, And (III) Authorizing And Approving
(A) Sale Of Certain Nonresidential Real Property Leases Free And
Clear Of Liens, Claims, And Encumbrances, (B) Assumption And As-
signment Of Certain Unexpired Nonresidential Real Property
Leases, And (C) Lease Rejection Procedures (the "Sale And Rejec-
tion Procedures Order ") (Docket No. [_____]) entered on De-
cember **[__]**, 2008, the debtors and debtors in possession in the
above captioned cases (collectively, the "Debtors") have identi-
fied a potential purchaser (the "Potential Purchaser") (listed
on Schedule A attached hereto) of the Lease to which you are a
counterparty.

PLEASE TAKE FURTHER NOTICE pursuant to the Bidding
Procedures, the Lease to which you are a counterparty will be
assumed and assigned to the Potential Purchaser if the sale is
successful and approved by the Bankruptcy Court at the sale
hearing to be held on December 22 at 10:00 a.m. (prevailing
Eastern time) (the "Sale Hearing") in the United States Bank-

ruptcy Court for the Eastern District of Virginia, 701 East
Broad Street, Room 5000, Richmond, VA 23219.

PLEASE TAKE FURTHER NOTICE that if more than one party
has been identified as a Potential Purchaser, such parties may
participate in an auction for the interest in the Lease or
Leases at 10:00 a.m. (prevailing Eastern time) on December 18,
2008 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP,
4 Times Square, New York, New York 10036 or such later time or
other place as the Debtors shall determine.

PLEASE TAKE FURTHER NOTICE that objections, if any, to
the assumption and assignment of a Lease to a Potential Pur-
chaser, who may ultimately become the Successful Bidder, must be
made at the Sale Hearing.  In the event the Sale Hearing is ad-
journed, objections, if any, the assumption and assignment of a
Lease to a Potential Purchaser, who may ultimately become the
Successful Bidder, must be (a) be in writing, (b) state with
specificity the legal and factual basis for such objection, (c)
conform to the Federal Rules of Bankruptcy Procedure, the Local
Bankruptcy Rules for the Eastern District of Virginia, and the
Order Pursuant to Bankruptcy Code Sections 102 and 105, Bank-
ruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1
and 9013-1 Establishing Certain Notice, Case Management, and Ad-
ministrative Procedures (Docket No. 0130) (the "Case Management
Order"), (d) be filed with Bankruptcy Court and (e) served in
accordance with the Case Management Order so as to be **received**
on or before **a date and time to be determined by the Bankruptcy
Court**.

PLEASE TAKE FURTHER NOTICE that if an objection to the
assumption and assignment of a Lease is timely made or filed and
served in accordance with the procedures above or the Sale and
Rejection Procedures Order, a hearing with respect to the objec-
tion will be held before the Honorable Kevin R. Huennekens,
United States Bankruptcy Judge for the Eastern District of Vir-
ginia at the Bankruptcy Court, 701 East Broad Street, Room 5000,
Richmond, VA 23219, at the Sale Hearing or such other date and
time as the Court may schedule.  Only objections made in accor-
dance herewith will be considered by the Bankruptcy Court at
such hearing.

PLEASE TAKE FURTHER NOTICE that if no objection is
timely made with regard to a Lease or Leases, the non-Debtor
counterparty to the Lease will be deemed to have consented to
the assumption and assignment of the Lease to a Potential Pur-
chaser that is selected as the Successful Bidder and will be

3

forever barred from asserting any other claims as to such Lease, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Lease, against the Debtors or the Successful Bidder, or the property of either of them.

PLEASE TAKE FURTHER NOTICE that the Debtors assert that pursuant to 11 U.S.C. § 365, there is adequate assurance that the Proposed Cure Amount set forth on Exhibit 1 to the Motion will be paid in accordance with the terms of the Sale Approval Order.  Further, the Debtors assert that there is adequate assurance of the Potential Purchasers' future performance under the Lease to be assumed and assigned.  Information regarding the financial wherewithal of the Potential Purchaser will be available on or after December  made available upon written request to Debtors' counsel and evidence of the same will be adduced, if necessary, at the Sale Hearing. Prior to the Closing Date, the Debtors may revise their decision with respect to the assumption and/or assignment of any Lease and provide a new notice amending the information provided in this notice.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December___, 2008
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER      MCGUIREWOODS LLP
& FLOM, LLP                        Douglas Foley (VSB No. 34364)
Gregg M. Galardi, Esq.             One James Center
Ian S. Fredericks, Esq.            901 E. Cary Street
P.O. Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-        (804) 775-1000
0636

               - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
Chris L. Dickerson, Esq.           Counsel for Debtors and
333 West Wacker Drive              Debtors in Possession
Chicago, Illinois 60606

4

**SCHEDULE A**

[Potential Purchaser]