Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653-KRH
et al.,                         :
                                :
            Debtors.            :  Jointly Administered
- - - - - - - - - - - - - - - - x

**FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR RECLAMATION DEMANDS**

Upon the motion (the "Motion")[1] of the Debtors for an order pursuant to Bankruptcy Code sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h), (i) confirming the grant of administrative expense status

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

to obligations arising from postpetition delivery of goods; (ii) establishing authority to pay certain expenses in the ordinary course of business; (iii) authorizing the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iv) establishing procedures for addressing reclamation demands; and the Court having reviewed the Motion and the Besanko Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. The Vendors shall have administrative expense claims with priority under Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from outstanding orders relating to

shipments of Goods delivered, received, and accepted by the Debtors after the Petition Date, subject to the limitations imposed by any order of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements, to the extent of such interests.

       3.   The Debtors are authorized, but not directed, to pay their undisputed obligations arising from the postpetition shipment or delivery of Goods by the Vendors under their customary practice in the ordinary course before the commencement of these chapter 11 cases.

       4.   The Debtors are authorized, but not obligated, under Bankruptcy Code section 546(h), with the consent of a creditor and subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed debtor in possession financing agreements and prepetition financing agreements, to the extent of such

interests, to return to Vendors Goods that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims; provided, however, that nothing herein shall be construed as a waiver of, or in any way prejudice, any rights the Debtors may have, after notice and a hearing and subject to court approval, to return goods without creditor consent.

      5.   The procedures for the processing and reconciliation of Reclamation Claims, if any, set forth in the Motion, including the following are hereby approved:

      (a)  Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is received by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressees: Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, with separate copies to each (i) Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233, Attn: Reginald D. Hedgebeth, (ii) Circuit City Stores, Inc. 9950 Mayland Drive, Richmond, Virginia 23233, Attn: Daniel W. Ramsey,

4

    (iii) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois, 60606, Attn: Sarah Baker, Esq., and (iv) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia 23219, Attn: Sarah B. Boehm, Esq.

(b)  All Reclamation Demands must include the information required by Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(c)  On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount").  Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

(d)  In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be

5

         required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such goods.

   6. Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, or affect, alter, diminish, extinguish, or expand the rights or interests, if any, to recover goods (or proceeds thereof) sought to be reclaimed, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c), or from filing a claim under Bankruptcy Code section 503(b)(9) consistent with applicable orders of this Court.

   7. Nothing in this Order shall impair or expand any entity's right, if any, to withdraw a reclamation claim; <u>provided</u>, <u>however</u>, that all of the Debtors' rights with respect to the withdrawal of any reclamation claim, including (without limitation) the right to contest whether the entity had the right to withdraw such claim, are expressly reserved.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.

Dated:   Richmond, Virginia
         December __, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley