UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | * | |
| **CIRCUIT CITY STORES, INC., <u>et al.</u>,** | * | Case No: 08-35653-KRH<br>Chapter 11<br>(Jointly Administered) |
| Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION AND SUPPORTING MEMORANDUM OF ANNAPOLIS PLAZA LLC
FOR AN ORDER (A) COMPELLING DEBTORS TO IMMEDIATELY PAY
ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3)
<u>AND 503(b), AND (B) GRANTING RELATED RELIEF</u>**

Annapolis Plaza LLC ("Annapolis Plaza"), by and through its counsel, Whiteford, Taylor & Preston L.L.P., hereby moves this Court to enter an order, substantially in the form attached hereto, (a) authorizing and directing Circuit City Stores, Inc., one of the debtors in the above-captioned bankruptcy cases (the "Debtor"), to immediately pay outstanding administrative rent in the amount of $32,843.30 owed to Annapolis Plaza pursuant to sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code"), and (b) granting related relief, as more specifically described herein (the "Motion"). In support of the Motion, Annapolis Plaza respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

WHITEFORD, TAYLOR & PRESTON L.L.P.
Aryeh E. Stein (VSB # 45895)
Kevin G. Hroblak (MD # 26180)
Seven Saint Paul Street
Baltimore, Maryland 21202
(410) 347-8700
(410) 223-4302 (facsimile)

*Counsel for Annapolis Plaza LLC*

## BASES FOR RELIEF

2. The statutory bases for the relief requested herein are sections 365(d) and 503(b)(1)(A) of the Bankruptcy Code.

## BACKGROUND

3. Annapolis Plaza is the lessor and landlord of certain nonresidential real property located in Annapolis, Maryland (the "Leased Premises").

4. Pursuant to a lease dated March 1, 1996, Annapolis Plaza leases the Leased Premises to the Debtor. A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

5. Pursuant to the Lease, the Debtor was required to pay, on the first day of November 2008, minimum rent and other monthly charges in the total aggregate amount of $46,919.00 (the "November Rent").

6. On November 10, 2008 (the "Petition Date"), the Debtor and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"). The Debtor's obligation to pay for November rent continued during the period of non-payment.

7. The Debtor currently remains in possession of, and enjoys the use and occupancy of, the Leased Premises.

8. The Debtor did not pay the November Rent, including the "stub" administrative rent and other related charges due and owing under the Lease for the post-petition period commencing on November 10, 2008 and ending on November 30, 2008, in the total aggregate amount of $32,843.30 (the "November Administrative Rent"). A copy of an Account Status

Report showing the complete breakdown of the November Administrative Rent due and owing to Annapolis Plaza is attached hereto as **Exhibit B**.

## RELIEF SOUGHT

9. Annapolis Plaza seeks the entry of an order by this Court, substantially in the form attached hereto as **Exhibit C**, (a) authorizing and directing the Debtor to immediately pay the November Administrative Rent owed to Annapolis Plaza pursuant to sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) authorizing and directing the Debtor to reimburse Annapolis Plaza for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) directing the Debtor to make all future monthly payments of administrative rent and related charges to Annapolis Plaza in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

### The Debtor Must Immediately Pay Annapolis Plaza All Outstanding Post-Petition Rent and Charges Due and Owing Under the Lease Pursuant to 11 U.S.C. § 365(d)(3)

10. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

3

11.     The unique position of the nonresidential real property lessor during the post-petition, pre-rejection period is recognized and addressed by section 365(d)(3) of the Bankruptcy Code and reinforced through case law.  As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant. . . ." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).  By explicitly calling for timely payment of all nonresidential property lease obligations, section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period.  In *In re Pudgie's*, the United States Bankruptcy Court for the Southern District of New York strictly construed section 365(d)(3) to hold that nonresidential real property lessors are entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease. *In re Pudgie's*, 202 B.R. at 836.

12.     This Court and other jurisdictions have repeatedly held that section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected."), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Best Products Company, Inc.*, 206 B.R. 404, 407 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor."); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 575 (S.D.N.Y. 1993) ("Section 365(d)(3) . . . fix[es] the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and . . . requir[es] these payments to

be paid 'at the time required in the lease.'"); *In re Financial News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993) ("[A] landlord's position under § 365(d)(3) is stronger than that of other administrative claimants, because, pre-rejection, it may rely on the terms of its lease, without having to establish that the obligations thereunder are 'actual, necessary costs and expenses of preserving the estate.'"). Indeed, the Court in *Trak Auto* specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." *Id*. at 669.

13. Moreover, this Court and other jurisdictions have repeatedly held that a debtor's post-petition occupation of non-residential real property gives rise to an administrative expense claim under section 365(d)(3) regardless of when such expenses were billed by the lessor. *See Trak Auto*, 277 B.R. at 664 ("Anything accruing after the entry for the order for relief is a post-petition charge that may be elevated to administrative priority under § 507(a)."); *In re Best Prods. Co., Inc.*, 206 B.R. at 407 ("debtor's obligation under the lease to pay its share of real estate taxes as 'additional rent' accrues on a daily basis and that, under § 365(d)(3), post-petition bills must be prorated so that the debtor pays as an administrative expense only those charges which accrued during the post-petition, pre-rejection period."); *In re Child World*, 161 B.R. at 577 ("The legislative history makes clear that Congress did not intend for courts applying § 365(d)(3) to rely mechanically on the billing date in determining which postpetition, prerejection obligations under nonresidential leases must be timely paid."); *see also In re Handy Home Improvement Centers, Inc.*, 144 F.3d 1125 (7th Cir. 1998) (Posner, J.) (tax obligations that arose

pre-petition but were billed to debtor post-petition are pre-petition obligations not entitled to administrative claim status).[1]

14. Finally, Annapolis Plaza does not need to show a benefit to the estate in order to prevail on its request for the November Administrative Rent. *See*, *e.g.*, *Trak Auto*, 277 B.R. at 665 ("lessor is not required to show debtor's continued possession of its space is a benefit to the estate"); *see also Norritech v. Geonex (In re Geonex Corp.)*, 204 B.R. 684, 690-91 (D. Md.), *aff'd*, 120 F.3d 261 (4th Cir. 1997) (same).

15. In light of the Debtor's failure to pay the November Administrative Rent to Annapolis Plaza, this Court should enter an order directing the Debtor to immediately pay the November Administrative Rent due to Annapolis Plaza pursuant to section 365(d)(3) of the Bankruptcy Code, and also require the Debtor to timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

### The Debtor Should Be Compelled to Immediately Pay the "Stub Rent" Due Under the Lease Pursuant to 11 U.S.C. § 503(b)(1)(A)

16. To the extent this Court may determine that section 365(d)(3) is inapplicable to the November Administrative Rent (i.e. the "stub" rent), the Debtor should be compelled to immediately pay Annapolis Plaza the stub rent due under the Lease pursuant to Bankruptcy Code Section 503(b)(1)(A).

17. Bankruptcy Code Section 503(b)(1)(A)(i) provides:

---

[1]    Debtors cite an unreported decision of the Fourth Circuit Court of Appeals, *see Rose's Stores, Inc. v. Saul Subsidiary I, L.P. ( In re Rose's Stores, Inc.)*, 155 F.3d 560, 1998 WL 393984 (4th Cir. 1998) (unpublished table opinion), and ask this Court to adopt the "billing method" whereby the stub rent would be considered a pre-petition obligation because rent for the month of November was due on November 1, 2008, prior to the Debtor's filing for bankruptcy relief. This Court has previously determined that *In re Rose's Stores* was not binding on this Court, and that the appropriate method to use is the "accrual method." *See Trak Auto*, 277 B.R. at 663 n.2 and 664.

>   (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
>   (1)(A) the actual, necessary costs and expenses of preserving the estate, including
>
>   (i) wages, salaries, and commissions for services rendered after the commencement of the case. . . .

11 U.S.C. § 503(b)(1)(A)(i).

18.  It is well-established that a landlord is entitled to an administrative claim under section 503(b)(1)(A) of the Bankruptcy Code for the fair rental value of the landlord's property actually used by the debtor. *See*, e.g., *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (D. Del. 2002); *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994). There is generally a presumption that "the rental value fixed in the lease will control unless there is convincing evidence that such rental rate is unreasonable." *In re F.A. Potts & Co, Inc.*, 137 B.R. 13, 18 (D. E.D. Pa. 1992); *see also Auto Trak*, 277 B.R. at 666 ("the settled rule in this District [Eastern District of Virginia] is that the contract rate of rent is the reasonable value for debtor's use and occupancy of the premises"); *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994) (same); *In re Thompson*, 788 F. 2d 560, 563 (9th Cir. 1986) ("fair and reasonable value of the lease upon the open market" controls the determination of reasonable value not the "actual value or benefit conferred on the debtor"); *In re Energy Resources Co., Inc.*, 47 B.R. 337, 339 (Bankr. D. Mass. 1985) ("rent under the lease is the appropriate use and occupancy rate unless the debtor produces evidence that it is unreasonable").

19.  Because the stub rent which remains due and owing under the Lease has directly

and undisputedly preserved the estate through the Debtor's actual use and occupancy of the Leased Premises, this Court should enter an Order directing the Debtor to forthwith pay Annapolis Plaza the outstanding stub rent pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

### Annapolis Plaza is Entitled to Recover it Attorneys' Fees Incurred in the Enforcement of the Debtor's Post-Petition Lease Obligations

20. Section 30(c) of the Lease provides that the Debtor is obligated to promptly reimburse Annapolis Plaza for all reasonable and actual legal fees incurred in connection with enforcing the Lease after the Debtor defaults on its obligations under the Lease. *See*, *e.g.*, *Trak Auto*, 277 B.R. at 669 ("Where the debtor's lease provides for the payment of counsel fees and late fees or interest, we will uphold the terms of the contract. Debtor must pay for the lessor's attorney's fees as part of the requirements contained in § 365."); *In re Geonex Corp.*, 258 B.R. 336, 340 (Bankr. D.Md. 2001) (Lessor "is also entitled under applicable state law and the terms of the lease to the reimbursement of all of the counsel fees it was required to expend to enforce its right to payment of rent, from the petition date down to the present."). Accordingly, Annapolis Plaza requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Annapolis Plaza in connection with filing and prosecuting this Motion.

### NOTICE

21. Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Annapolis Plaza submits that no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

22.    Annapolis Plaza respectfully requests that the Court treat the Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

23.    No previous motion for the relief sought herein has been made to the Court or any other court.

WHEREFORE, Annapolis Plaza respectfully requests entry of an order, substantially in the form attached hereto as Exhibit C, (i) authorizing and directing the Debtor to (a) immediately pay the November Administrative Rent owed to Annapolis Plaza pursuant to sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) reimburse Annapolis Plaza of all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) to make all future monthly payments of administrative rent and related charges to Annapolis Plaza in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: December 11, 2008               Respectfully submitted,

                                        /s/ Aryeh E. Stein
                                        WHITEFORD, TAYLOR & PRESTON L.L.P.
Aryeh E. Stein, Esq. (VSB # 45895)
Kevin G. Hroblak, Esq. (MD # 26180)
Seven Saint Paul Street
Baltimore, Maryland 21202
410.347.8700
410.223.4302 (facsimile)

*Counsel for Annapolis Plaza LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2008, a copy of the foregoing Motion was filed and served as required by the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures* to all parties on the attached Service List.

/s/ Aryeh E. Stein
Counsel

*1828934*