UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC., et al.,** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 08-35653-KRH** |
| **Debtors.** | ) | |
| | ) | **Jointly Administered** |

## LIMITED OBJECTION OF SIMON PROPERTY GROUP, INC. TO DEBTORS' MOTION FOR ORDER APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES

Comes now Simon Property Group, Inc., as Landlord and/or Managing Agent ("Simon"), by its undersigned attorney, Mitchell B. Weitzman and Arianna S. Gleckel, Bean, Kinney & Korman, P.C., and Ronald M. Tucker, hereby files its Limited Objection to the Debtors' Motion For Order Approving Bidding and Auction Procedures for the Sale of Unexpired Nonresidential Real Property Leases for Closing Stores (the "Motion").

### Background

1. On or about November 10, 2008, (the "Petition Date"), the Debtors filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Upon information and belief, since the Petition Date the Debtors have remained in possession of their respective properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. By way of background, the shopping centers managed by Simon, including the Simon Malls, are generally large, up-scale, enclosed malls. The leases between Landlords and the Debtors contain very specific restrictions and covenants which are of paramount concern for shopping center owners and their Landlords. The Landlords and Simon, as managing agent, for the Landlords, may have a

contractual obligation to their other tenants to enforce the restrictions contained in the leases.

3. On or about November 25, 2008, the Debtors filed the Motion seeking, *inter alia*, to auction its leases of non-residential real property, to establish cure amounts, and approval of certain procedures regarding the same. As of the Petition Date, the Debtors were lessees under twenty-two (22) leases of non-residential real property with Simon (collectively hereinafter referred to as the "Leases").

## Adequate Assurance of Future Performance

4. In the 1984 Amendment to the Bankruptcy Code, Congress added Section 365(b)(3)(A-D), which specifically defines, adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance as follows:

11 USC § 365 (b)(3)(A-D)

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

5. The ability of a debtor to assign a shopping center lease under section § 365(b)(f) is subject to the right of a shopping center lessor to enforce use, radius, exclusivity, tenant mix and similar provisions in its leases. See the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The legislative history supports the clear intent of Congress and states:

> "Section 404(b) [of BAPCPA] amends section 365(f)(1) to assure that section 365(f) does not override any part of section 365(b). Thus, section 404(b) makes a trustee's authority to assign an executory contract or unexpired lease subject not only to section 365(c), but also to section 365(b), which is given full effect. Therefore, for example, assumption or assignment of a lease of real property in a shopping center must be subject to the provisions of the lease, such as use clauses."

House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess. 87 (2005).

6. Pursuant to the Adequate Assurance protections, Simon requests that the financial condition and operating performance of any proposed assignee and its guarantors, if any, be provided to satisfy the specific code requirement of §365 (b)(3)(A-D) and Simon be given the adequate time to appropriately respond.

### Cures

7. The Debtors are in default of its monetary obligations under the terms of the Leases. Such defaults include unpaid pre-petition rent and post-petition rents due pursuant to the Leases, as well as, legal fees incurred as a direct result of the defaults. The Lease defaults are identified in the Cure Schedule, attached hereto and incorporated by reference as Exhibit "A". Debtor's shall also be required to compensate Landlord for any actual pecuniary loss resulting from the default and failure to provide adequate assurance of future performance under the Leases it

seeks to assume. Both are required by 11 U.S.C. § 365(b)(1)(B)-(C) as more fully described herein.

8. The defaults detailed in Exhibit "A" must be promptly cured and any purchaser of the Leases must specifically agree to take the Leases subject to all charges accrued, but not yet billed under the Leases, including, but not limited to, common area maintenance, real estate taxes, overage rent, percent rent and utilities. In addition, as a direct result of these defaults, Landlord projects its recoverable counsel fees and costs to total $1,500.00 per Lease.

## Assumption and Sale of all Simon Leases is Subject to all Provisions thereof and Master Agreements Effecting the Shopping Center

9. Each of the Simon leases has specific use, radius, location, or exclusivity provisions in the lease and/or other agreements effecting the shopping center, including but, not limited to, leases, reciprocal easements and construction agreements, mortgages and other financing agreements, operating agreements and other master agreements relating to the shopping center. All prospective purchasers should have accomplished their due diligence and should take the Leases subject to any and all such limitations, covenants and restrictions.

10. For the foregoing reasons, Landlord files this limited objection to the Motion.

WHEREFORE, Simon moves the Court for an order denying Debtors' Motion and asks the Court to enter an Order providing for the Auction, Assumption and Assignment of the Leases only upon, payment of the cure, including any applicable year-end adjustments, including but not limited to, common area maintenance, real estate taxes, overage rent, percentage rent and utilities, payment of Simon's legal fees, proof of Adequate Assurance, and subject to all use, radius, location, exclusivity provisions in the

individual leases, and other agreement effecting the specific shopping center and for any and all further relief that is just and proper.

        Respectfully submitted,

By: /s/ Mitchell B. Weitzman
Mitchell B. Weitzman, VSB 28434
Arianna S. Gleckel    VSB 74914
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207   Facsimile
Counsel for Simon Property Group, Inc.
and its related entities
Email: mweitzman@beankinney.com

Ronald M. Tucker, Esq., Attorney for
Simon Property Group, Inc.
and its related entities
Indiana Bar #11428-49
(317) 263-2346
(317) 263-7901   Facsimile
Email: rtucker@simon.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 11th day of December, 2008, via U.S. Mail prepaid, facsimile transmission and/or ECF Noticing, to individuals listed below.

By    */s/ Mitchell B. Weitzman*
       Mitchell B. Weitzman Esq.

Gregg M. Galardi
Skadden Arps Slate Meagher
& Flom LLP, One Rodney Sq.
PO Box 636
Wilmington, DE 19899

Dion W. Hayes
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017

Chris L. Dickerson
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606

# CURE SCHEDULE

Run Date/Time: 12/11/08 10:50 AM EST

**Accounts Receivable**

**Tenant:** Circuit City Stores, Inc. - CIRCI/
**Tenant Comment:**
**Collector:** Bankruptcy (P Summers)
**Litigation Status:** AAR

As of December 10, 2008

**Pertinent Facts**

| Date Filed | 11/10/2008 |
|---|---|
| Type of Bankruptcy | Chapter 11 |

| Mall--Proj No. | Total Post-Petition | Total Pre-Petition | Attorney Fees | Total Cure* |
|---|---|---|---|---|
| The Source--3635 | 209,700.30 | 37,005.94 | 1,500.00 | 248,206.24 |
| South Shore Plaza--4838 | 173,347.83 | 20,273.08 | 1,500.00 | 195,120.91 |
| Firewheel Town Center--1308 | 86,838.40 | 103,029.99 | 1,500.00 | 191,368.39 |
| Irving Mall--1731 | 133,995.66 | 16,646.41 | 1,500.00 | 152,142.07 |
| Melbourne Square--9133 | 95,153.23 | 16,791.75 | 1,500.00 | 113,444.98 |
| Lincoln Plaza--7706 | 89,084.85 | 15,942.12 | 1,500.00 | 106,526.97 |
| Clay Terrace--4698 | 87,762.09 | 15,487.43 | 1,500.00 | 104,749.52 |
| Concord Mills Circuit City--5234 | 87,411.13 | 15,425.49 | 1,500.00 | 104,336.62 |
| Arundel Marketplace--5202 | 33,095.74 | 63,447.20 | 1,500.00 | 98,042.94 |
| Great Lakes Plaza--8678 | 93,434.40 | 100.00 | 1,500.00 | 95,034.40 |
| Bloomingdale Court--0313 | 43,846.22 | 18,791.24 | 1,500.00 | 64,137.46 |
| Gurnee Mills--5216 | 42,635.24 | 18,272.24 | 1,500.00 | 62,407.48 |
| Valle Vista Mall--1511 | 48,011.55 | 8,472.63 | 1,500.00 | 57,984.18 |
| St. Louis Mills--5233 | 35,589.04 | 15,252.44 | 1,500.00 | 52,341.48 |
| Teal Plaza--3911 | 39,749.03 | 7,014.53 | 1,500.00 | 48,263.56 |
| Mall of Georgia--4852 | 37,295.45 | 6,581.55 | 1,500.00 | 45,377.00 |
| The Shops at Arbor Walk--4747 | 30,676.04 | 13,146.88 | 1,500.00 | 45,322.92 |
| Katy Mills--5217 | 43,235.50 | 100.00 | 1,500.00 | 44,835.50 |
| Independence Center--1704 | 100.00 | 100.00 | 1,500.00 | 1,700.00 |
| Indian River Mall--8808 | 100.00 | 100.00 | 1,500.00 | 1,700.00 |
| | 1411061.7 | 391,980.92 | 30,000.00 | 1,833,042.62 |

*Leases must be assumed and assigned subject to all charges accrued, but not yet billed, including, but not limited to, common area maintenance, real estate taxes, year-end adjustments and reconciliations in accordance with the terms of the leases.