IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------ x
:
In re:                                                 :    Chapter 11
                                                       :
CIRCUIT CITY STORES, INC., et al.                      :    Case No. 08-35653-KRH
                                                       :
    Debtors.                                           :    Jointly Administered
                                                       :    Judge Kevin R. Huennekens
------------------------------------------------------ x

**AMENDED JOINDER OF GALLERIA PLAZA, LTD. TO LIMITED OBJECTION
OF DICK'S SPORTING GOODS, INC. TO ORDER PURSUANT TO
11 U.S.C. SECTIONS l05(a), 365(a) AND 554 AND FED. R. BANKR. P. 6006
AUTHORIZING REJECTION OF UNEXPIRED LEASES AND SUBLEASES
OF NONRESIDENTIAL REAL PROPERTY AND  ABANDONMENT
OF PERSONAL PROPERTY EFFECTIVE AS OF THE PETITION DATE**

Galleria Plaza, Ltd. ("**Galleria**"), by and through its undersigned counsel, hereby submits this amended joinder to the Limited Objection to the Debtors' Motion for Order Pursuant to 11 U.S.C. sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "**Dick's Limited Objection**").

Robert S. Westermann [VSB # 43294]
Henry (Toby) P. Long  III [VSB # 75134]
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

and

Lynnette R. Warman [Texas Bar No. 20867940]
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
Telephone:  (214) 979-3000
Facsimile:  (214) 880-0011

Counsel for Galleria Plaza, Ltd.

1. Dick's Limited Objection is Docket #275. Galleria shares the concerns raised in Dick's Limited Objection regarding the Debtors' request to reject the Galleria Lease as of the Petition Date, and their refusal to pay November rent and the accrued 2008 taxes paid by Dick's. Galleria amends its joinder now to clarify the original, and to make clear its deep seated concern that Debtors have refused to turn over the November 2008 rent paid by Dicks, and even more disturbingly have refused to turn over the accrued 2008 property taxes which have been paid to Debtors in trust on a monthly basis by Dick's.

2. The space is not vacant - it is occupied by Dick's, which paid its November rent to the Debtors before the Petition Date. If the Debtors are attempting to reject the lease as of the Petition Date, and keep the November rent, the Debtors will receive a windfall at the expense of both the landlord and the subtenant. Section 365 of the Bankruptcy Code was not designed to permit such a result, and the Court should not allow it.

3. The Petition Date was not November, 1, 2008, yet Debtors seem to be treating that date as the petition/rejection date. Instead, the obligations under the lease accrued on November 1, 2008, and the Petition Date did not occur until November 10, 2008, at which time the motion to reject ("**Rejection Motion**") was filed. As the November rent was due and payable on November 1, 2008, Dick's paid the same, along with pro-rata taxes, to Debtor's care on or before that date, and Debtors did not file their Rejection Motion until much later, Debtors are not entitled to a ten (10) day free ride, and must turn over the full amount of the November payment to Galleria Plaza, Ltd.—over $87,000.00 that does not rightfully belong to them. *See In re Geonex Corp.*, 258 B.R. 336, 339 (Bankr. D. Md. 2001) (payments in a lease rejection situation are not based upon a benefit received by the estate, but rather the protection of the landlord). Anything else would be inequitable.

4.	Further, and perhaps even more disturbing, is the fact that Debtors are currently in possession of approximately $201,230.37 in pro-rata real estate taxes paid by Dick's to Debtors on a monthly basis during 2008, which have not been remitted to Galleria for 2008 taxes due and owing on the property in question.  None of these funds belong to Debtors or their estates, are instead held in constructive trust by Debtors on Dick's behalf for payment to Galleria, and must be remitted to Galleria at the earliest possible time.  *Leach v. Conner*, No. 13-01-468-CV, 2003 Tex. App. LEXIS 10173, at *22-*27 (Tex. Civ. App.—Corpus Christi Dec. 4, 2003, no pet.) (holding that rent paid by tenant to purchaser of property, who was subject to divestment by original owner's statutory right to redemption, was held in constructive trust by purchaser and must be paid following original owner exercising redemption right).  Anything short of that equates to criminal conversion on the part of Debtors.  *Id*. at *16-*20 (holding that purchaser of property converted rent collected from tenant by wrongfully refusing to turn same over to owner following owner's exercise of redemption right); *United States v. Herring*, 72 Fed. Appx. 57, 62 at n. 3 (5th Cir. 2003) (criminal conversion is defined as "the wrongful taking of money or property belonging to someone else with the intent to deprive the owner of its use or benefit either temporarily or permanently").

5.	Property taxes on the property in question are due and payable on or before January 31, 2009.  It is absolutely mandatory that the accrued property taxes held in trust by Debtors be turned over and held in escrow in anticipation of making such payment.  If the money is not escrowed immediately, Debtors will reap an enormous and undeserved windfall, and Dick's, which is an innocent party to Debtors' wrongdoing, will be forced to pay double, and will therefore be greatly prejudiced as a result.

3

WHEREFORE, Galleria Plaza, Ltd. respectfully requests that the Rejection Motion be denied to the extent that it seeks to reject the Prime Lease and Sublease as of the Petition Date without requiring the Debtors to pay over the November Payments and Tax Payments to the Prime Landlord.

| | |
|---|---|
| Dated:  December 11, 2008<br>             Richmond, Virginia | _/s/ Henry (Toby) P. Long, III_____<br>Robert S. Westermann [VSB # 43294]<br>Henry (Toby) P. Long  III [VSB # 75134]<br>**HUNTON & WILLIAMS LLP**<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219-4074<br>Telephone: (804) 788-8200<br>Facsimile: (804) 788-8218<br><br>and<br><br>Lynnette R. Warman [Texas Bar No. 20867940]<br>**HUNTON & WILLIAMS LLP**<br>1445 Ross Avenue, Suite 3700<br>Dallas, Texas  75202<br>Telephone:  (214) 979-3000<br>Facsimile:  (214) 880-0011<br><br>Counsel for Galleria Plaza, Ltd. |

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2008, a true and complete copy of the foregoing was filed and served electronically using the Court's ECF System and was sent by first class mail, postage prepaid, to the entities at the addresses indicated below:

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Counsel for the Debtors

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

U.S. Trustee for the Eastern District of Virginia

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Counsel for the Creditor's Committee

                                                  /s/ Henry (Toby) P. Long, III