IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 08-35653-KRH |
| **CIRCUIT CITY STORES, INC.,** | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |

## SWANBLOSSOM INVESTMENT LIMITED PARTNERSHIP'S OBJECTION TO THE DEBTORS' PROPOSED CURE AMOUNT

SwanBlossom Investment Limited Partnership ("Landlord"), by its undersigned counsel, hereby submits this objection to the Debtors' proposed cure amount ("Cure Objection") with respect to the assumption and assignment of that certain unexpired non-residential lease for the premises located at Perimeter Square West Shopping Center, Dunwoody, Georgia, Store No. 3222 ("Perimeter Lease"). In support of the Cure Objection, Landlord hereby states as follows:

1. On or about November 25, 2008, the Debtors filed the *Debtors' Motion for Orders Under 11 U.S.C.§§ 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (C) Lease Rejection*

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-3095
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel for SwanBlossom Investment Limited Partnership

Heather D. Dawson, Esquire (VSB 45303)
Kitchens Kelley Gaynes, P.C.
Eleven Piedmont Center, Suite 900
3495 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 237-4100
(404) 364-0126 (facsimile)

Counsel for SwanBlossom Investment Limited Partnership

*Procedures,* which lists on Exhibit B thereto the Debtors' proposed cure amount for the Perimeter Lease.

2.    Landlord objects to the Debtors' proposed cure amount of $27,118.00 for the Perimeter Lease. According to Landlord's books and records the amount due and outstanding for rent and charges due and owing for the Perimeter Lease is $78,120.22 consisting of $68,532.37 in unpaid November rent and $9,587.85 in unpaid CAM (includes prepetition, November and December CAM balance).

3.    In addition, the Debtors have not paid the 2008 taxes due for the Perimeter Lease, which were billed on December 4, 2008 in the total amount of $133,419.41 (66.06% of $201,967.02). The Debtors also owe an additional $1,816.65 for its portion of fees paid to a property tax firm for the 2008 property tax appeal.

4.    Landlord reserves the right to seek recovery of accruing rent, charges, attorneys' fees and other pecuniary losses[1] that may become due and owing pursuant to the Perimeter Lease and, if necessary, to amend this Cure Objection to reflect such additional amounts.

WHEREFORE Landlord respectfully requests that the Court enter an order requiring the Debtors to pay the Landlord's cure amount as stated herein, plus any additional amounts or pecuniary losses that hereafter accrue (including reasonable attorneys' fees) in connection with

---

[1] The Debtors are required, pursuant to Section 365(b)(1) of the Bankruptcy Code, to cure all outstanding defaults under the Perimeter Lease prior to its assumption. In conjunction with this duty, the Debtors must compensate Landlord for any actual pecuniary loss, including the payment of attorneys' fees. See 11 U.S.C. §365(b)(1)(B). Attorneys' fees are compensable. See e.g., LJC Corp. v. Boyle, 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); Andrew v. KMR Corp., 17 B.R. 438, 439 (Bankr.9th Cir.1982); In re BAB Enterprises, Inc., 100 B.R. 982 (Bankr.W.D.Tenn.1989); In re Westview 74th St. Drug Corp., 59 B.R. 747, 753-4 (Bankr.S.D.N.Y.1986); In re Ribs of Greenwich Vill., Inc., 57 B.R. 319, 321 (Bankr.S.D.N.Y. 1986).

2

the assumption by the Debtors of the Perimeter Lease and granting such other and further relief as the Court deems equitable and just.

Dated:  December 12, 2008                    CHRISTIAN & BARTON, LLP

                                    By:    /s/ Jennifer M. McLemore
                                           Augustus C. Epps, Jr., Esquire (VSB 13254)
                                           Michael D. Mueller, Esquire (VSB 38216)
                                           Jennifer M. McLemore, Esquire (VSB 47164)
                                           Noelle M. James, Esquire (VSB 76001)
                                           909 East Main Street, Suite 1200
                                           Richmond, Virginia 23219
                                           Telephone:  (804) 697-4100
                                           Facsimile: (804) 697-4112

                                           -and-

                                           KITCHENS KELLEY GAYNES, P.C.
                                           Heather D. Dawson, Esquire (VSB 45303)
                                           Eleven Piedmont Center, Suite 900
                                           3495 Piedmont Road, N.E.
                                           Atlanta, Georgia 30305
                                           Telephone:  (404) 237-4100
                                           Facsimile:  (804) 364-0126

                                           *Counsel for SwanBlossom Investment Limited Partnership.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

                                           /s/ Jennifer M. McLemore
                                           Jennifer M. McLemore