Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :    Jointly Administered
           Debtors.           :    **Hrg. Date: December 22, 2008
                              :    at 10:00 a.m. (ET)**
                              :    **Obj. Due: December 18, 2008**
- - - - - - - - - - - - - - x    **at 4:00 p.m. (ET)**

**APPLICATION TO EXPAND THE SCOPE OF EMPLOYMENT AND
RETENTION OF ERNST & YOUNG LLP TO INCLUDE ADDITIONAL TAX
ADVISORY SERVICES, EFFECTIVE AS OF NOVEMBER 10, 2008**

The Debtors file this supplemental application

(the "Supplemental Application") for entry of an order,

in substantially the form attached hereto, expanding the

scope of employment and retention of Ernst & Young LLP

("E&Y") to include additional tax advisory services,

effective as of November 10, 2008.  In support of this Supplemental Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Supplemental Application under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue of this proceeding and this Supplemental Application in this District is proper under to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

**A.    The Bankruptcy Cases.**

4.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

5.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.    Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

8.    Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial

performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

9.    Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores.  In addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**B.    The E&Y Retention.**

10.    On November 18, 2008, the Debtors filed their Application for Order Under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a), Authorizing the Employment and Retention of Ernst & Young LLP as Accounting and Tax Consultants to the Debtors Effective as of the Petition Date (the

"Original Application"), as well as the Affidavit of Charles F. Phillips III in support of the Original Application (the "Original Affidavit").

11.   On December 5, 2008, this Court entered an order approving the Original Application (Docket No. 693) (the "Original Retention Order").  Specifically, the Original Retention Order approved the retention of E&Y to provide the Debtors with accounting and tax advisory services during these cases.  A copy of the Original Retention Order is attached as Exhibit A to this Supplemental Application.

12.   In support of this Supplemental Application, the Debtors have filed a supplemental affidavit of Charles F. Phillips III (the "Supplemental Affidavit", and together with the Original Affidavit, the "Affidavits"), which is attached as Exhibit B to this Supplemental Application.

**RELIEF REQUESTED**

13.   By this Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, expanding the scope

of the employment and retention of E&Y in providing
additional tax advisory services (the "Additional Tax
Services"), effective as of November 10, 2008, upon the
terms and conditions contained in the engagement letter
dated November 10, 2008 (the "Tax Services Agreement"),
which was filed with the Original Application and
approved by the Original Retention Order, and the ninth
statement of work under such letter (the "SOW #9"),
which is attached to the Supplemental Affidavit as
Exhibit 1 thereto and incorporated by reference herein.

## BASIS FOR RELIEF

14.   The Additional Tax Services are essential
to the Debtors' fulfillment of their duties under
applicable federal regulations, as promulgated by state
and federal taxing authorities.  E&Y has specific and
extensive expertise in this area.  The Debtors require
E&Y's services in connection with complying with these
regulations.

15.   As discussed more fully below, the
Additional Tax Services will not duplicate the services
that other professionals will be providing the Debtors
in these cases.

16.   At the Debtors' request due to the Debtors' need for the Additional Tax Services, E&Y commenced performing the Additional Tax Services on November 10, 2008, prior to the filing of this Supplemental Application.  Therefore, the Debtors seek the approval of this Supplemental Application effective as of November 10, 2008.

**A.    Scope Of The Services**

17.   Pursuant to SOW #9 for loaned staff services, E&Y will assign the following tax professionals (the "Assigned Staff") to assist the Debtors in completing certain tasks relating to the settlement of Internal Revenue Service examinations:

| Experience Level Assigned | Number |
|---|---|
| Senior | 1 |
| Staff | 2 |

18.   The tasks to be performed by the Assigned Staff will include the following types of activities:

- Gathering and preparing tax work papers;

- Assisting with preparation of federal and/or state tax returns; and

- Researching federal and state tax issues.

19.   It is important to note that the services to be performed by E&Y would not be duplicated by the Debtors' other professionals.  In general, E&Y's duties will be limited primarily to assisting the Debtors with tax work papers and returns, as well as assisting with the tax implications of the Debtors' chapter 11 restructurings. PricewaterhouseCoopers LLP ("PwC"), on the other hand, will assist the Debtors with GAAP reporting with respect to international operations and the handling of state and local tax controversy work. Finally, KPMG LLP International ("KPMG"), in addition to audit services, is primarily assisting the Debtors in connection with the prosecution of a federal tax refund claim.  The Debtors have taken steps to ensure that the professionals and employees of E&Y, PwC, and KPMG are separated in their functions and are not assigned to the same matters.  Finally, the Debtors, E&Y, and the Debtors' other professionals will continue to work together to assure that there is no duplication of services among the professionals in these cases.

**B.      Compensation**

20.  Fees for the Additional Tax Services will be based on E&Y's hourly rates for such services.  E&Y will seek reimbursement for reasonable and necessary expenses incurred in connection with the Additional Tax Services, including without limitation travel, meals, accommodations, telephone, photocopying, messenger services and other expenses incurred in providing the services, which expenses will be included in the total amount billed.

21.  E&Y's applicable hourly rates for the Additional Tax Services are as follows:

| Professional | Rates Per Hour Range |
|---|---|
| Senior | $275-475 |
| Staff | $120-275 |

22.  The terms and conditions of the Tax Services Agreement and SOW #9 were negotiated by the Debtors and E&Y at arm's length and in good faith.

23.  All compensation and expenses will continue to be sought in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. E&Y will continue to file interim and final applications

for payment of fees and expenses with the Court as may

be necessary.  Any such interim and final applications

shall continue to set forth in reasonable detail the

services performed, the professional persons providing

such services and the time spent.  E&Y will continue to

maintain detailed records of any actual and necessary

costs incurred in connection with the aforementioned

services.

**DISINTERESTEDNESS**

24.  Except as otherwise disclosed in the

Affidavits, E&Y is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy code in

that E&Y:

    (a)   is not a creditor, an equity security holder, or an insider of the Debtors;

    (b)   is not a and was not within two years before the date of filing of the petition, a director, officer or employer of the Debtors; and

    (c)   does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

**NOTICE**

25.   Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 136).   The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

26.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtors request that the requirement that all applications be accompanied by a separate memorandum of law be waived.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court grant the Supplemental Application by granting the relief requested herein and such other and further relief as may be just and proper.

Dated:    Richmond, Virginia
          December 12, 2008

                    Circuit City Stores, Inc.



                    ___/s/ Michelle Mosier____
                    Michelle Mosier
                    Vice President and Controller

Dated: December 12, 2008   SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                              - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                              - and -

                              MCGUIREWOODS LLP


                              /s/ Douglas M. Foley       .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

## EXHIBIT A

**Original Retention Order**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
<u>et</u> <u>al.</u>,                         :
                                :
             Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a),
327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a)
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
ERNST & YOUNG LLP AS ACCOUNTING AND TAX CONSULTANTS TO
DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of

the Debtors for an order, pursuant to Bankruptcy Code

sections 105(a), 327(a), 328 and 1107, authorizing them

---

[1]      Capitalized terms not otherwise defined herein shall have the
         meanings ascribed to such terms in the Application.

to retain Ernst & Young LLP ("E&Y LLP") as tax
consultants, effective as of the Petition Date; and the
Court having reviewed the Application and the Phillips
Affidavit; and due and adequate notice of the
Application having been given; and it appearing that no
other notice need be given; and it appearing that E&Y
LLP neither holds nor represents any interest adverse to
the Debtors' estates; and it appearing that E&Y LLP is
"disinterested," as that term is defined in Bankruptcy
Code section 101(14); and it appearing that the relief
requested in the Application is in the best interests of
the Debtors, their estates and their creditors; after
due deliberation thereon and sufficient cause appearing
therefore, it is hereby

   **ORDERED, ADJUDGED AND DECREED that:**

  1. The Application is GRANTED.

  2. In accordance with Bankruptcy Code
sections 327(a) and 328, the Debtors are authorized to
employ and retain E&Y LLP effective as of the Petition
Date as accounting and tax consultants on the terms set
forth in the Application.

3.   E&Y LLP shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

5.   This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  Richmond, Virginia
        December ___ , 2008
        Dec 8 2008

/s/ Kevin Huennekens

UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 12/8/08

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


    /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        I hereby certify that proposed order has been
endorsed by all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

## **EXHIBIT B**

**Affidavit of Charles F. Phillips III**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

### SUPPLEMENTAL AFFIDAVIT OF CHARLES F. PHILLIPS III
### IN SUPPORT OF DEBTORS' SUPPLEMENTAL APPLICATION FOR
### AN ORDER EXPANDING THE SCOPE OF EMPLOYMENT AND
### RETENTION OF ERNST & YOUNG LLP TO INCLUDE ADDITIONAL TAX
### ADVISORY SERVICES, *NUNC PRO TUNC* TO NOVEMBER 10, 2008

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Steven Beinlich, being duly sworn, deposes and states as follows:

1.      I am a partner in the firm of Ernst & Young LLP ("E&Y LLP") and I am authorized to execute this second supplemental affidavit (the "Supplemental Affidavit") on behalf of E&Y. E&Y performs certain auditing and accounting services for the Debtors. E&Y submits this Supplemental Affidavit in support of the Debtors' Supplemental Application For An Order Expanding The Scope Of Employment And Retention Of Ernst & Young LLP To Include Additional Tax Advisory Services, *Nunc Pro Tunc* To November 10, 2008 (the "Supplemental Application").[2]

---

[1]    The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Application.

DETR_1033418 4

2.     Except as otherwise indicated, all facts set forth in this Supplemental Affidavit are based upon my personal knowledge, information and belief, information supplied to me by other employees of E&Y, information learned from client-matter records kept in the ordinary course of business that were reviewed by me or other employees of E&Y under my supervision and direction, my experience and knowledge of the Debtors' operations and financial condition, and/or my experience from working on matters similar to this engagement.  If called as a witness, I would testify competently to the matters set forth herein.

3.     On November 18, 2008, the Debtors filed their Application for Order Under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a) Authorizing the Employment and Retention of Ernst & Young LLP as Accounting and Tax Consultant to the Debtors Effective as of the Petition Date (the "Original Application"), as well as the Affidavit of Charles F. Phillips III in support of the Original Application (the "Original Affidavit").

4.     On December 5, 2008, this Court entered an order approving the Original Application (Docket No. 793) (the "Original Retention Order").  Specifically, the Original Retention Order approved the retention of E&Y to provide the Debtors with accounting and tax advisory services during these cases.  A copy of the Original Retention Order is attached as Exhibit B to the Supplemental Application.

5.     By the Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a), 328, and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014(a), expanding the scope of the employment and retention of E&Y to include additional tax advisory services (the "Additional Tax Services"), *nunc pro tunc* to November 10, 2008, upon the terms and conditions contained in the engagement letter dated November 10, 2008 (the "Tax Services

4

Agreement"), which was filed with the Original Application and approved by the Original Retention Order, and the ninth statement of work under such letter ("SOW #9"), which is attached to this Supplemental Affidavit as Exhibit 1 and incorporated by reference herein.[3]

6.      Fees for the Tax Services will be based on E&Y's hourly rates for such services. E&Y will seek reimbursement for reasonable and necessary expenses incurred in connection with the Additional Tax Services, including without limitation travel, meals, accommodations, telephone, photocopying, messenger services and other expenses incurred in providing the services, which expenses will be included in the total amount billed.

7.      E&Y's applicable hourly rates for the Additional Tax Services are as follows:

| Professional | Rates Per Hour Range |
|---|---|
| Senior | $275-475 |
| Staff | $120-275 |

8.      The terms and conditions of the Tax Services Agreement and SOW #9 were negotiated by the Debtors and E&Y at arm's length and in good faith.

9.      All compensation and expenses will continue to be sought in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.  E&Y will continue to file interim and final applications for payment of fees and expenses with the Court as may be necessary.  Any such interim and final applications shall continue to set forth in reasonable detail the services performed, the professional persons providing such services and the time spent.  E&Y will continue to maintain

---

[3]    Any description in this Supplemental Affidavit of the terms of the Tax Services Agreement or SOW #9 is subject to the actual terms of the Tax Services Agreement and SOW #9.

detailed records of any actual and necessary costs incurred in connection with the aforementioned services.

10.    Pursuant to the Original Affidavit, as supplemented by the first Supplemental Affidavit (together, the "Affidavits"), except as qualified in the Affidavits, to the best of my knowledge, information and belief formed after reasonable inquiry, E&Y does not hold or represent any interest materially adverse to the Debtors in the matters for which E&Y has been retained and the employment of E&Y is not prohibited by or improper under Bankruptcy Rule 5002.    Accordingly, E&Y continues to be eligible for retention by the Debtors under the Bankruptcy Code.

Dated: December 10 , 2008

_____
Charles F. Phillips III


SWORN TO AND SUBSCRIBED before
me this 10th day of December 2008.

_____
Notary Public

Commission Expires  3/31/2011


6

DETR_1033418.4

**EXHIBIT 1**
SOW #9



**ᴱᴵ ERNST & YOUNG**

Ernst & Young LLP
One James Center
Suite 1000
901 East Cary Street
Richmond, Virginia 23219

Tel: 804 344 6000
www.ey.com

November 10, 2008
Mr. Jeff McDonald
Tax Director
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, Virginia 23233

### Statement of Work #9 - Loaned Staff

Dear Jeff:

This Statement of Work ("SOW") is governed by and subject to the terms and conditions of the Tax Services Agreement dated November 10, 2008 (the "Agreement") between Circuit City Stores, Inc. (the "Company" or "Client") and Ernst & Young LLP ("EY"), which was executed in connection with the Company filing a Chapter 11 petition on or around November 10, 2008 with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), and describes certain administrative and/or ministerial services that EY assigned staff will perform for the Company during the Company's Chapter 11 bankruptcy.   Unless modified by this SOW, the terms and conditions of the Agreement continue to apply. Capitalized terms used, but not defined, in this SOW have the meanings set forth in the Agreement.

This SOW regards our engagement to provide to certain professional personnel (the "Personnel") for the purpose of assisting the Company in certain tax-related activities as requested by appropriate members of the Company's management and agreed to by EY when such projects are not covered by a separate SOW and do not involve any significant tax planning or projects ("on-call tax advisory services").

**Engagement Team**

EY will assign the following tax professionals ("Assigned Staff") to assist Client in completing ministerial and administrative tasks resulting from the settlement of Internal Revenue Service examinations:

| Experience Level | Number Assigned |
|---|---|
| Senior | 1 |
| Staff | 2 |

**Scope of Services**

Subject to Bankruptcy Court approval, the tasks to be performed by the Assigned Staff will include the following types of activities (the "Services"):

**⹇ ERNST & YOUNG**

Mr. Jeff McDonald                                                                 Page 2
Circuit City Stores, Inc.                                              December 8, 2008

- Gathering and preparing tax workpapers
- Assist with preparation of federal and/or state tax returns
- Research federal and state tax issues

The Services performed by the Assigned Staff during this engagement are to be administrative and/or ministerial in nature and will not involve providing any tax advice, determinations as to tax return positions or penalty exposure, or reviewing the work of or instructing individuals who are not employees of EY. The Services will not be comprehensive enough for EY or the Assigned Staff to be considered the "income tax return preparer" of any tax returns, and, thus, no EY professional will sign any tax returns as the preparer.

The Services performed by the Assigned Staff will not be reviewed by any other EY tax professional. Client assumes responsibility for reviewing the work of the Assigned Staff.

The Services to be provided pursuant to this engagement will terminate upon the earlier of the date on which the Services are completed, April 30, 2009 or the effective date of the Company's confirmed plan of reorganization, or liquidation of the Company's assets under Chapter 11 of Title 11 of the United States Code.

The Services may be modified from time to time by our mutual written agreement and approval by the Bankruptcy Court.

EY will retain copies of all working papers prepared by the Assigned Staff.

**Other Matters**

EY, in furnishing the Services to Client, is acting only as an independent contractor. Assigned Staff will be deemed employees of EY and will not for any purpose be considered employees or agents of Client. Except as may otherwise be provided herein, each party shall be solely responsible for the direction and control of its employees and payment of their salaries (including withholding of appropriate payroll taxes), workers' compensation, disability benefits and the like. Client shall defend and indemnify EY and hold it harmless from any loss, claim, damages or expenses resulting from any action brought or claim made by any person claiming a violation of discrimination or sexual harassment laws or regulations if such violation or alleged violation is related to an act or omission of Client, its employees or representatives.

**≡Ⅱ ERNST & YOUNG**

Mr. Jeff McDonald                                                    Page 3
Circuit City Stores, Inc.                                   December 8, 2008

During the term of the Services, and for a period of 12 months following the
expiration or termination of this engagement, Client shall not solicit employment of
or employ any Assigned Staff without EY's prior written consent.

### Out-Of-Scope Services

Any activities not described as Services, as indicated above under Scope of
Services, are not covered by the Fees stated herein. These services will be
considered outside the scope of this SOW ("Out-of-Scope Services") and are the
responsibility of Client to perform on a timely basis unless otherwise agreed by the
parties in writing, subject to Bankruptcy Court approval.

### Responsibilities

Client shall make all management decisions and perform all management functions
in connection with the Services under this SOW.  The Company will designate a
management-level employee to be responsible for providing general directions to,
and supervising the work of, the Assigned Staff in connection with the Services.
Assigned Staff will not perform any management functions or undertake any
managerial responsibilities for the Company. Documents and other work product
produced by the Assigned Staff in connection with the Services will constitute the
internal work product of the Company, and the Company shall not reference EY
(including, without limitation, by using EY's name or the names of any global EY-
associated firm) in any way with respect to such work product. It shall be the
Company's responsibility to determine whether the work of the Assigned Staff is
sufficient and appropriate for the Company's needs, and the Company agrees to
assume sole responsibility for the work product.  To the extent that any of the
Assigned Staff signs or initials any work product (including, without limitation,
work papers), it will be deemed to be for identification purposes only.  In its sole
discretion, EY may refuse to take any action to the extent it might be construed as
a management decision or a management function.

In addition, to the extent that SEC audit independence restrictions apply to any
relationship between Client and EY or any other member of the Ernst & Young
global network of firms, Client represents and warrants to EY, on and as of the date
hereof, that neither Client nor any of its affiliates has agreed, orally or in writing,
with any other tax service provider to limit in any way Client's ability to disclose to
any person or entity the tax treatment or tax structure of any transaction that is
the subject of the Services.  Any such agreement with other tax service providers
could impair the independence required of an EY Entity providing services to Client

## ≡Ⅱ ERNST & YOUNG

Mr. Jeff McDonald                                               Page 4
Circuit City Stores, Inc.                              December 8, 2008

and neither EY nor any other EY Entity shall have any liability or responsibility whatsoever to Client in respect of any such agreement or its consequences.

**Fees and Expenses**

The Company shall pay EY's fees for the loaned staff services described herein, which fees are subject to Bankruptcy Court approval, based on the actual time of EY professionals expended in performing the loaned staff services, and adjusted annually on July 1 during the term of the Agreement. The actual time required will depend upon the extent and nature of available information, modifications to the scope of our engagement (which may be subject to Bankruptcy Court approval) and other developments that may occur as work progresses. Client shall also pay all applicable taxes incurred in connection with the delivery of the Services or any Advice (except for taxes imposed on EY's income). The rates, by level of tax professional, are as follows:

| | |
|---|---|
| Senior | $275-475 |
| Staff | $120-275 |

In addition, Client shall reimburse EY for direct expenses incurred in connection with the performance of the Services. Direct expenses include reasonable and customary out-of-pocket expenses for items such as travel, meals, accommodations and other expenses specifically related to this engagement.

We will submit an itemized and detailed billing statement and we will request payment of our fees in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia and any relevant administrative orders. In addition, we will request reimbursement of our actual expenses related to this SOW, as well as fees for any time (including any time or reasonable expenses of legal counsel) we may incur in considering or responding to discovery requests or participating as a witness or otherwise in any legal regulatory, or other proceeding as a result of our performance of these services. Please note that we may receive volume based rebates from certain vendors (e.g. credit card companies) that are used to reduce overhead charges that would otherwise be passed on to our client.

If, during the term of this SOW, EY determines that any additional work is necessary, whether at Client's request or because the complexity of the project

A member firm of Ernst & Young Global Limited


**ΞΙΙ ERNST & YOUNG**

Mr. Jeff McDonald                                           Page 5
Circuit City Stores, Inc.                          December 8, 2008

increases, EY will promptly contact Client to discuss any adjustments to the scope
of work or EY's fees and obtain Bankruptcy Court approval before proceeding.

**Other Matters**

To the fullest extent permitted by applicable law, the Company shall indemnify,
defend  and hold harmless EY, its affiliates and the other EY Entities and their
respective assignees, subcontractors, members, shareholders, directors, officers,
managers,   partners,   employees,   agents   and   consultants   (collectively,
"Indemnitees"), from and against all (A) claims and causes of action, pending or
threatened, of any kind (whether based on contract, tort or otherwise) by third
parties, including any affiliate of the Company, related to or arising out of the
Services and  (B) liabilities, losses, damages, costs and expenses (including,
without limitation, reasonable outside attorneys' fees and the allocable costs of in-
house counsel) suffered or incurred by any of the Indemnitees in connection with
any claims or causes of action described in clause (A) above, except as finally
determined to have resulted solely from EY's fraud of willful misconduct.

Please indicate Client's acceptance of these additional terms and conditions by
executing this SOW in the space provided below and return it to Chip Phillips at
your earliest convenience.

Thanks again for your selection of our firm.

Very truly yours,

*Ernst + Young*

**AGREED TO BY:**

Circuit City Stores, Inc.

By: _____
        Mr. Jeff McDonald, Tax Director

A member firm of Ernst & Young Global Limited

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

           - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER EXPANDING THE SCOPE OF EMPLOYMENT
AND RETENTION OF ERNST & YOUNG LLP**

Upon the supplemental application (the

"Supplemental Application")[1] of the Debtors for an order

pursuant to sections 327 and 328 of the Bankruptcy Code,

authorizing them to expand the scope of employment and

---

[1]  Capitalized terms used but not defined herein shall have the
meaning set forth in the Supplemental Application.

1

retention of Ernst & Young LLP ("E&Y") to include

additional tax advisory services, effective as of

November 10, 2008; and it appearing that due and

adequate notice of the Supplemental Application was

given and that no other notice need be given; and it

appearing that the relief requested in the Supplemental

Application is in the best interest of the Debtors'

estates and their creditors; and it appearing that this

Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that this

proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and it appearing that venue of this

proceeding and this Supplemental Application in this

District is proper pursuant to 29 U.S.C. §§ 1408 and

1409; and after due deliberation and sufficient cause

appearing therefore, it is hereby:

   **ORDERED, ADJUDGED AND DECREED that:**

   1.   The Supplemental Application is granted.

   2.   Sow # 9 is approved.

   3.   In accordance with sections 327(a) and

328(a) of the Bankruptcy Code, the Debtors are

authorized to expand the scope of E&Y's employment and

retention in these cases for E&Y to provide additional
tax advisory services, effective as of November 10,
2008, in accordance with the Tax Services Agreement and
SOW #9, and to pay fees to E&Y on the terms and at the
times specified in such documents.

4.    E&Y will file fee applications for
interim and final allowance of compensation and
reimbursement of expenses pursuant to the procedures set
forth in sections 330 and 331 of the Bankruptcy Code and
such Bankruptcy Rules as may then be applicable, from
time to time, and such procedures as may be fixed by
order of this Court, as applicable.

5.    This Court retains jurisdiction with
respect to all matters arising from or related to the
implementation of this Order.

Dated:  Richmond, Virginia
        December ___, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

  /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that proposed order has been
endorsed by all necessary parties.

                    /s/ Douglas M. Foley
                    Douglas M. Foley