Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debt-
ors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :   Jointly Administered
              Debtors.        :   **Hrg. Date: December 22, 2008**
                              :   **at 10:00 a.m. (ET)**
                              :   **Obj. Due: December 18, 2008**
- - - - - - - - - - - - - - - x   **at 4:00 p.m. (ET)**

**DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY RULE
2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION OF KPMG
LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE
DEBTORS EFFECTIVE AS OF THE PETITION DATE**

            The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

---

[1]    The Debtors are the following entities: The Debtors and the last
       four digits of their respective taxpayer identification numbers
                                                              *(cont'd)*

seek entry of an order, under sections 105(a), 327(a), 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), authorizing the employment and retention of KPMG LLP, the United States member firm of KPMG LLP International (a Swiss cooperative) ("KPMG"), as independent auditors and tax consultants for the Debtors effective as of the date of the filing of these bankruptcy cases, November 10, 2008 (the "Petition Date"). In support of the Application, the Debtors rely upon the Declaration of Christos M. Xystros, sworn to on December 12, 2008 (the

---

*(cont'd from previous page)*
  are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

"Xystros Declaration"), a copy of which is attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327(a), 328 and 1107, as supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

**BACKGROUND**

3. On the Petition Date, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Vir-

3

ginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.   Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring ini-

4

tiatives commenced prior to the Petition Date, including closing certain stores.  In addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.   By this Application, the Debtors seek entry of an order, under Bankruptcy Code sections 105(a), 327(a), 328 and 1107 authorizing the employment and retention of KPMG as their independent auditors and tax consultants in these chapter 11 cases, effective as of the Petition Date. To the best of the Debtors' knowledge and based upon the Xystros Declaration, KPMG intends to use certain professionals from KPMG LLP, a Canadian limited liability partnership and the Canadian member firm of KPMG International ("KPMG Canada") in connection with its Integrated Audit for the Debtors.

**SCOPE OF SERVICES**

10.   Pursuant to the terms of the seven separate engagement letters between KPMG and the Debtors (the "Engagement Letters"), each of which are attached

to the Xystros Declaration as Exhibit B, KPMG will render various independent audit and tax consulting services to the Debtors including, but not limited to, the following:

### Audit Services

i.   Integrated audit of Circuit City Stores, Inc. for year ended 2/28/09;

ii.  Statutory audit of Circuit City Stores Puerto Rico LLC for year ended 2/29/08;

iii. Audit of Circuit City's Retirement Plan for year ended 2/29/08;

iv.  Statutory audit and tax return for Circuit City Global Sourcing (CCGS) for year ended 2/29/08;

v.   Statutory audit for CCGS Shenzhen Representative Office for year ended 12/31/08;

vi.  Statutory audit for Northern National Insurance Limited for year ended 2/28/09; and

vii. Other consulting, advice, research, planning or analysis regarding audit issues as may be requested from time to time.

### Tax Consulting Services

i.   Assisting with ongoing IRS examination issues, specifically focusing on refund claims, sale-leaseback claim, rebates & rewards;

ii.  General tax consulting on an as needed basis for general questions as well as

        answering questions associated with restructuring of NNIL, Circuit City Stores Puerto Rico LLC and InterTAN Canada Limited;

  iii.  Proposed assistance with bankruptcy-related tax consulting services; and

  iv.  Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

11. Subject to this Court's approval of the Application, KPMG is willing to serve as the Debtors' independent auditors and tax consultants and to perform the services described above.

12. It is important to note that the services to be performed by KPMG would not be duplicated by the Debtors' other professionals. In general, in addition to audit services, KPMG's duties will be limited primarily to assisting the Debtors in connection with the prosecution of a federal tax refund claim, but also may include general bankruptcy tax assistance, but will not duplicate any work performed by other professionals as described below. PricewaterhouseCoopers LLP ("PwC"), on the other hand, will assist the Debtors with GAAP reporting with respect to international operations and the handling of state and local tax controversy work. Fi-

nally, Ernst & Young LLP ("E&Y") will provide assistance with tax work papers and returns, as well as assistance with the tax implications of the Debtors' chapter 11 restructurings.  The Debtors have taken steps to ensure that the professionals and employees of KPMG, PwC, and E&Y are separated in their functions and are not assigned to the same matters.

### QUALIFICATIONS OF PROFESSIONALS

13.   The Debtors have selected KPMG as their independent auditors and tax consultants because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation and bankruptcy.

14.   The Debtors have employed KPMG for more than 45 years.  By virtue of its prior engagements, KPMG is familiar with the books, records, financial information and other data maintained by the Debtors and is qualified to continue to provide tax consulting and audit services to the Debtor.  As such, retaining KPMG is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

8

## KPMG'S DISINTERESTEDNESS

15. To the best of the Debtors' knowledge and based upon the Xystros Declaration, KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, KPMG:

    a.   is not a creditor, an equity security holder, or an insider of the Debtor;

    b.   is not and was not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtor; and

    c.   does not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

16. To the best of the Debtors' knowledge and based upon the Xystros Declaration, KPMG does not hold or represent an interest adverse to the estate that would impair KPMG's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code.

17. To the best of the Debtors' knowledge and based upon the Xystros Declaration, (1) KPMG's connections with the creditors, any other party in interest,

or their respective attorneys are disclosed in Schedule 2 to the Xystros Declaration; and (2) the KPMG partners and professionals working on this matter are not relatives of the United States Trustee of the Eastern District of Virginia or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Eastern District of Virginia.

18. KPMG has not provided, and will not provide, professional services to any of the creditors, other parties-in-interest, or their attorneys with regard to any matter related to this Chapter 11 case.

**PROPOSED COMPENSATION TERMS**

19. To the best of the Debtors' knowledge and based upon the Xystros Declaration, KPMG requests that compensation for professional audit related services and tax consulting services rendered to the Debtors will be based upon the estimates provided in the applicable engagement letters and in accordance with paragraphs 20-28 of the Xystros Declaration.

20. As the KPMG engagement letters, attached as Exhibit B to the Xystros Declaration explain, circumstances encountered during the performance of these ser-

10

vices may warrant additional time or expense, and could cause KPMG to be unable to deliver these services within the above estimates.  In the event that such circumstances occur, KPMG's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.  The Debtors have agreed to compensate KPMG for professional services rendered at its normal and customary hourly rates, subject to the reductions discussed below.  In connection with the Debtors' chapter 11 filing, and any resulting restructuring, KPMG anticipates that there will be a number of financial reporting and accounting matters that will need to be addressed as part of the financial statement audit that were not included in our fee estimate per the engagement letter. KPMG will separately bill for hours incurred related to these matters based on each staff member's hourly billing rate.

       21.  The majority of fees to be charged for hourly services reflect a reduction of approximately 30% – 45% from KPMG's standard rates, depending on the types of services to be rendered.  In the normal course of

KPMG's business, the hourly rates are subject to periodic increase. To the extent such hourly rates are increased, KPMG requests that, with respect to the work to be performed after such increase, the rates listed below be amended to reflect the increase. The hourly rates for audit, accounting and tax services to be rendered by KPMG and applicable herein are as follows:

| Audit and Audit-Related Services | Standard Rate | Discounted Rate |
|---|---|---|
| Partners | $700 - $900 | $385 - $495 |
| Senior Managers | $575 - $825 | $316 - $454 |
| Managers | $475 - $650 | $261 - $358 |
| Senior Associates | $350 - $475 | $193 - $261 |
| Associates | $175 - $325 | $96 - $179 |
| Para-Professionals | $100 - $150 | $55 - $83 |
| **Tax Consulting** | **Standard Rate** | **Discounted Rate** |
| Partners | $750 - $925 | $525 -$648 |
| Managing Directors | $650 - $875 | $455 - $613 |
| Senior Managers | $575 - $800 | $403 -$560 |
| Managers | $375 - $650 | $263 - $455 |
| Senior Associates | $300 - $425 | $210 - $298 |
| Associates | $275 - $325 | $193 - $228 |
| Para-Professionals | $150 - $200 | $105 - $140 |

22. In the normal course of business, KPMG periodically revises its hourly rates, at least once on October 1 of each year. KPMG requests that the rates listed above be revised to the hourly rates that will be in effect at such time, subject to the effect of the discounts.

12

23. KPMG also will seek reimbursement for reasonable necessary expenses incurred, which shall include meals, lodging, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

24. KPMG intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.  KPMG has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

25. KPMG has agreed to modify the Engagement Letters, including the Standard Terms and Conditions attached hereto as Exhibit C to the Xystros Declaration, during the course of these chapter 11 cases as set forth in the proposed order.

26. To the extent the Application is granted, and based upon the Xystros Declaration, KPMG has agreed to waive outstanding invoices that aggregated to $15,619

13

owed for professional services rendered prior to the Petition Date.

**NOTICE**

27. Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 136). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

28. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtors request that the requirement that all applications be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

29. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed attached hereto, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:   Richmond, Virginia
         December 12, 2008

                  Circuit City Stores, Inc.


                  /s/ Michelle Mosier
                  Michelle Mosier
                  Vice President and Controller

Dated: December 12, 2008  SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia  FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

16