**<u>EXHIBIT A</u>**
**Xystros Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Circuit City Stores, Inc., et al.**[1], | ) | **Case No. 08-35653 (KRH)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |

**DECLARATION OF CHRISTOS M. XYSTROS IN SUPPORT OF THE DEBTORS' APPLICATION TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE**

I, Christos M. Xystros, being duly sworn, deposes and says:

1. I am a Certified Public Accountant and a partner of KPMG LLP, a professional services firm ("KPMG"). KPMG is the United States member firm of KPMG International, a Swiss cooperative. I submit this declaration on behalf of KPMG in support of the application (the "Application")[2] of the above-captioned Debtors and Debtors-in-possession (the "Debtors"), for entry of an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

1

Court for the Eastern District of Virginia (the "Local Rules"), authorizing the Debtors to retain and employ KPMG as auditors and tax consultants to the Debtors effective as of the Petition Date. I have personal knowledge of the matters set forth herein.[3]

### Qualifications of Professionals

2. KPMG is a firm of independent public accountants as defined under the Code of Professional Conduct of the American Institute of Certified Public Accountants.

3. The Debtors have selected KPMG as their auditors and tax consultants because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation, and operational controls for large sophisticated companies both in chapter 11 as well as outside of chapter 11.

4. The Debtors have employed KPMG for more than 45 years. By virtue of its prior engagements, KPMG is familiar with the books, records, financial information and other data maintained by the Debtors and is qualified to continue to provide tax consulting and audit services to the Debtor. As such, retaining KPMG is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

### Services to be Rendered

5. Subject to approval of the Application, pursuant to seven separate engagement letters between KPMG and the Debtors (the "Engagement Letters"), each of which are attached to the Application in Exhibit B, KPMG will provide audit and tax consulting services as KPMG and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of these cases, including, but not limited to the

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG.

2

following:

### Audit Services

i. Integrated audit of Circuit City Stores, Inc. for year ended 2/28/09;

ii. Statutory audit of Circuit City Stores Puerto Rico LLC for year ended 2/29/08;

iii. Audit of Circuit City's Retirement Plan for year ended 2/29/08;

iv. Statutory audit and tax return for Circuit City Global Sourcing (CCGS) for year ended 2/29/08;

v. Statutory audit for CCGS Shenzhen Representative Office for year ended 12/31/08;

vi. Statutory audit for Northern National Insurance Limited for year ended 2/28/09; and

vii. Other consulting, advice, research, planning or analysis regarding audit issues as may be requested from time to time.

### Tax Consulting Services

i. Assisting with ongoing IRS examination issues, specifically focusing on refund claims, sale-leaseback claim, rebates & rewards;

ii. General tax consulting on an as needed basis for general questions as well as answering questions associated with restructuring of NNIL, Circuit City Stores Puerto Rico LLC and InterTAN Canada Limited;

iii. Proposed assistance with bankruptcy-related tax consulting services; and

iv. Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

6. In addition to the foregoing, KPMG will provide such other consulting, advice, research, planning, and analysis regarding tax, accounting and audit services as

3

may be necessary, desirable or requested from time to time.[4]

7. Subject to this Court's approval of the Application, KPMG is willing to serve as the Debtors' auditors and tax consultants and to perform the services described above.

### Disinterestedness of Professionals

8. Based upon information supplied by Debtors' counsel, KPMG searched its client database from May 2, 2005 and forward to identify any connection or relationship with the parties listed on Schedule "1," attached hereto and incorporated herein, which lists the following categories:

    a. The Debtors;
    b. Non-Debtor Affiliates;
    c. Directors and Officers;
    d. Significant Shareholders;
    e. Prepetition and Postpetition Secured Lenders;
    f. Merchandise Creditors;
    g. Vendors and Major Contract Parties;
    h. Fifty Largest Unsecured Creditors;
    i. Consignors;
    j. Credit Card Companies and/or Processors;
    k. Insurers;
    l. Third Party Administrators;

---

[4] Although, by the Application, the Debtors are seeking to retain KPMG to provide such other consulting, advice, research, planning, and analysis regarding tax, accounting and audit services as may be necessary, desirable or requested from time to time, internal KPMG procedures require that KPMG enter into additional engagement letters if new services not otherwise covered by an existing engagement letter are expected. For example, to the extent the Debtors request additional audit or tax services not otherwise covered by the Engagement Letters, the Debtors and KPMG will enter into additional engagement letters and file, for disclosure purposes, such additional engagement letters. Unless required by the Court, the Debtors and KPMG do not intend to seek separate retention orders with regard to any additional engagement letters.

4

   m. Utility Providers;

   n. Banks Utilized in the Company's Cash Management System;

   o. Liquidators;

   p. Restructuring and Other Professionals;

   q. U.S. Trustee's Office - Region 4;

   r. District Court Judges (Eastern District of Virginia); and

   s. Bankruptcy Court Judges (Eastern District of Virginia).

 9. KPMG's review consisted of queries of an internal computer database containing names of individuals and entities that are present or recent and former clients of KPMG in order to identify potential relationships.[5] This database includes engagement activity or potential engagement activity from May 2, 2005 forward. A summary of those current potential relationships that KPMG was able to identify using its reasonable efforts is reflected in Schedule "2" attached hereto.[6] On an ongoing basis, KPMG will conduct further reviews of its professional contacts as it becomes aware of new parties of interest, as is stated below. To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, KPMG neither holds nor represents an interest adverse to the Debtors' estate that would impair KPMG's ability to objectively perform professional services for the Debtor, in accordance with

---

[5] As set forth in paragraph 15, KPMG is the United States member firm of KPMG International, a Swiss cooperative of independent member firms. While KPMG is a separate and distinct legal entity from all other member firms of KPMG International, in an attempt to identify conflicts among or between KPMG International member firms, KPMG International has a global conflict internal computer database related to the engagement activity or potential engagement activity of a majority of such member firms since May 2, 2005 that allows KPMG International member firms to identify potential conflicts between other KPMG International member firms. Financial information pertaining to engagement activity is the proprietary and confidential information of each individual member firm and KPMG does not have any legal right to access, or if accessed, disclose, such information relating to other KPMG International member firms.

[6] Schedule "2" contains a list of the relationships or potential relationships of all KPMG International member firms (as opposed to solely KPMG) and one or more of the parties set forth on the conflicts checklist.

section 327 of the Bankruptcy Code.

10. To the best of my knowledge, KPMG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, KPMG:

a. is not a creditor, an equity security holder, or an insider of the Debtor;

b. is not and was not, within two years before the date of filing of these chapter 11 cases, a director, officer, or employee of the Debtor; and

c. does not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

11. As of the date the Debtors filed for bankruptcy protection, KPMG was not a "creditor" of the Debtors within the meaning of section 101(10) of the Bankruptcy Code. As of the date of the filing, KPMG had outstanding invoices that aggregated to $15,619. Upon the approval of this Application, KPMG will waive any claim for payment of fees on this invoice.

12. To the best of my knowledge, except as set forth herein and in Schedule "2" attached hereto and incorporated herein by reference, (a) KPMG has no connections with the creditors, any other party-in-interest, or their respective attorneys and accountants; and (b) the KPMG partners and professionals working on this matter are not relatives of and have no known connection with the United States Trustee of the Eastern District of Virginia or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Eastern District of Virginia.

13. KPMG has in the past been retained by, and presently provides and likely in the future will provide services for, certain creditors of the Debtor, other parties-in-interest and their respective attorneys and accountants in matters unrelated to such

6

parties' claims against the Debtors or interests in these chapter 11 cases. KPMG currently performs, has previously performed or may have performed such services for the entities listed in Schedule "2," however, except as disclosed herein, such services, to the extent performed by KPMG, are unrelated to the Debtors or their chapter 11 cases.

14. KPMG has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

15. KPMG is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG is being retained in this matter. KPMG cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG's engagement by the Debtor. However, to the extent KPMG is aware of such engagement and believes such engagement may bear upon KPMG's engagement by the Debtor, KPMG will file a supplemental declaration with the Bankruptcy Court.

16. KPMG intends to use certain professionals from KPMG LLP, a Canadian limited liability partnership and the Canadian member firm of KPMG International ("KPMG Canada") in connection with its Integrated Audit for the Debtors; these professionals either previously have worked for the Debtors in previous years' integrated audits or have a particular expertise with respect to the engagement. The use of such professionals will allow KPMG to maximize resources and minimize costs to the Debtors' estates. KPMG will not make a profit from the use of such professionals and KPMG will pay KPMG Canada for the use of its tax professionals through a KPMG inter-member firm agreement. Based on my inquiry of the KPMG Canada professionals

7

identified to date that will work with KPMG on this engagement, none hold or represent any interest adverse to the estates that would impair KPMG's ability to objectively perform services for the Debtors in accordance with section 327 of the Bankruptcy Code.

17. From time to time, KPMG may consult with certain professionals from member firms of KPMG International when necessary to the performance of its professional duties and services to the Debtor. The use of such professionals allows KPMG to maximize resources and minimize costs to the Debtors' estate.[7]

18. In addition, from time to time, KPMG may use independent contractors, such as software providers. However, KPMG will not profit from the use of such persons.

19. As part of its practice, KPMG appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to these bankruptcy cases. KPMG has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these chapter 11 cases that would cause it to be adverse to

---

[7] Prior to the Petition Date, through a KPMG International member firm agreement, KPMG assisted KPMG Hong Kong with a statutory audit for the Debtor. KPMG Hong Kong will issue the opinion. KPMG Hong Kong has been engaged to perform a statutory financial statement audit of Circuit City Global Sourcing, Limited (CCGS), which is not a Debtor in this proceeding, for the year ended February 29, 2008. The Richmond office performs certain agreed upon procedures for the Hong Kong office and issues a clearance memo to the Hong Kong office. The Richmond office invoices Circuit City Stores, Inc. for the procedures performed by the Richmond engagement team and payment is received from Circuit City Stores, Inc. The Hong Kong office invoices CCGS for the procedures performed by the Hong Kong engagement team and payment is received from CCGS. In addition, the Hong Kong office is engaged to prepare CCGS's Profits/Tax return based on CCGS's financial statements for the year ended February 29, 2008, provide CCGS written comments on the tax treatment adopted in the return and submit the return to the Inland Revenue Department of the Government of The Hong Kong Special Administrative Region. The Hong Kong office invoices CCGS for these services and payment is received from CCGS.

8

the Debtor, the Debtors' estate, any creditor or any other party-in-interest. If and when additional information becomes available with respect to any other relationships which may exist between KPMG, foreign member firms of KPMG International, or their partners and professionals and the Debtor, creditors, or any other parties in interest which may affect these cases, supplemental declarations describing such information shall be filed with this Court.

### Professional Compensation

20.    KPMG requests that compensation for professional audit related services for the FY09 Integrated Audit rendered to the Debtors will be based upon the estimates provided in the FY09 Integrated Audit Engagement Letter. Prior to the filing of these bankruptcy petitions, KPMG had invoiced the Debtors for services provided in connection with the Integrated Audit in the amount of $212,332 per month (an amount equal to one-twelfth of the total estimated fees), and the Debtors had paid those invoices. KPMG and the Debtors have agreed to continue invoicing the remaining amount for this FY09 Integrated Audit in installments of $212,332 per month. In addition, prior to the filing of these bankruptcy petitions, KPMG had invoiced the Debtors for one-half the estimated fees for the statutory audit of CCS Puerto Rico, LLC, one-half the estimated fees for the Employee Benefit Plan audits and $34,041 of the estimated fees for the statutory audit and tax return of CCGS. KPMG and the Debtors have agreed that KPMG will invoice the remaining amount of the estimated fees per the respective engagement letters upon completion of each particular service. Although KPMG expects to invoice these services in accordance with its estimates, KPMG will include in its fee applications

details concerning the time spent by KPMG professionals in providing these services, along with any other information required by the Court.

22. As the engagement letters explain, circumstances encountered during the performance of these services may warrant additional time or expense, and could cause KPMG to be unable to deliver these services within the above estimates. In the event that such circumstances occur, KPMG's requested compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Debtors have agreed to compensate KPMG for professional services rendered at its normal and customary hourly rates, subject to the reductions discussed below. In connection with the Debtors' chapter 11 filing, and any resulting restructuring, we anticipate that there will be a number of financial reporting and accounting matters that will need to be addressed as part of the financial statement audit that were not included in our fee estimate per the engagement letter. We will separately bill for hours incurred related to these matters based on each staff member's hourly billing rate. [8]

23. The majority of fees to be charged for hourly services reflect a reduction of approximately 30% - 45% from KPMG's standard rates, depending on the types of services to be rendered.[9] In the normal course of KPMG's business, the hourly rates are subject to periodic increase. To the extent such hourly rates are increased, KPMG requests that, with respect to the work to be performed after such increase, the rates listed

---

[8] Certain of the Engagement Letters, which were entered into prior to the Petition Date, include a total estimated amount of fees to be charged for the applicable services. Any such amount is an estimate and may be subject to increase or decrease depending upon the Debtors circumstances.

10

below be amended to reflect the increase. The hourly rates for audit, accounting and tax services to be rendered by KPMG and applicable herein are as follows:

| Audit and Audit-Related Services | Standard Rate | Discounted Rate |
|---|---|---|
| Partners | $700 - $900 | $385 - $495 |
| Senior Managers | $575 - $825 | $316 - $454 |
| Managers | $475 - $650 | $261 - $358 |
| Senior Associates | $350 - $475 | $193 - $261 |
| Associates | $175 - $325 | $96 - $179 |
| Para-Professionals | $100 - $150 | $55 - $83 |
| **Tax Consulting** | **Standard Rate** | **Discounted Rate** |
| Partners | $750 - $925 | $525 - $648 |
| Managing Directors | $650 - $875 | $455 - $613 |
| Senior Managers | $575 - $800 | $403 - $560 |
| Managers | $375 - $650 | $263 - $455 |
| Senior Associates | $300 - $425 | $210 - $298 |
| Associates | $275 - $325 | $193 - $228 |
| Para-Professionals | $150 - $200 | $105 - $140 |

24.   KPMG also will seek reimbursement for reasonable necessary expenses

---

(... continued)

[9] If in connection with any subsequent engagement letters, KPMG is retained to perform additional services at different rates; such rates will be disclosed in connection with the relevant engagement letters. As stated above, KPMG and the Debtors do not intend to seek separate retention orders with regard to any such engagement letters.

incurred, which shall include meals, lodging, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

25. KPMG intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court. KPMG has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

26. KPMG has agreed to modify the Engagement Letters, including the Standard Terms and Conditions attached thereto, during the course of these chapter 11 cases as set forth in the proposed order attached to the Application as Exhibit C.

27. To the extent the Application is granted, KPMG has agreed to waive amounts owed for professional services rendered prior to the Petition Date.

28. Except as set forth in paragraphs 17 and 18, (a) no commitments have been made or received by KPMG with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or understanding between KPMG and any other entity, other than a member, partner or regular associate of KPMG, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

29. This declaration is provided in accordance with sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and the Local Rules for the Eastern District

of Virginia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of December, 2008.

*[signature]*
Christos M. Xystros
Partner
KPMG LLP
Dominion Tower
999 Waterside Dr
Norfolk, VA 23510-3310