| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - x

**ORDER AUTHORIZING THE DEBTORS
TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS
AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application") of the above-captioned debtors ("Debtors"), for the entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014(a) of the Federal

CHI-1661848v1

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), authorizing them to employ and retain KPMG LLP ("KPMG") as auditors and tax consultants to the Debtors in the above-captioned chapter 11 cases effective as of the Petition Date;[1] and upon the Declaration of Christos M. Xystros, a CPA and partner at KPMG (the "Declaration") in support thereof; and the Court being satisfied based on the representations made in the Application and in the Declaration that KPMG does not hold or represent an interest adverse to the Debtors' estates, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Engagement Letters are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and

---

[1] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

CHI-1661848v1                               -2-

consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is granted as modified herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are authorized to employ and retain KPMG as auditors and tax consultants to the Debtors on the terms set forth in the Application and the Engagement Letters, as modified by this Order.

3. KPMG shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court..

4. The terms and conditions of the Engagement Letters, as modified by this Order, are approved.

5. To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee for the Eastern District of Virginia, counsel to the Debtors', Local Restructuring counsel to the Debtors', and counsel to the Official Committee of Unsecured Creditors. To the extent any of such parties' object, within 10 days of such new engagement letters being served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.

6. The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

    (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services

    and indemnification therefore are approved by the Court; <u>provided</u>, that to the extent additional engagement letters are filed with the Court and no parties object to such engagement letters in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letters shall be deemed approved by the Court;

(b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any

CHI-1661848v1   -5-

amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefore in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG.  All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement; and it is further

7. The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "Standard Terms and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

8. During the pendency of the Chapter 11 Cases, paragraph 6 of the Standard Terms and Conditions

is deleted.

       9.   Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

      10.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

      11.   This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  Richmond, Virginia
           _____, 2008

                               _____
                               UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley