IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CIRCUIT CITY STORES, INC., et al | § | CASE NO. 08-35653-KRH |
| | § | Jointly Administered |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

**MOTION OF RAYMOND & MAIN RETAIL, LLC
FOR ORDER COMPELLING DEBTORS TO REJECT OR, IN
THE ALTERNATIVE, ASSUME THE
ALHAMBRA LEASE UNDER 11 U.S.C. § 365**

Raymond & Main Retail, LLC ("Raymond & Main"), by and through its undersigned counsel, moves the Court to compel the Debtors to reject or, in the alternative, to assume the Alhambra Lease (as defined below) pursuant to 11 U.S.C. § 365 on or before December 31, 2008, and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), thereby commencing these cases.

2. On December 10, 2007, Raymond & Main, as landlord, and Circuit City Stores West Coast, Inc. ("Circuit City West") (one of the Debtors herein), as tenant, entered into a lease agreement (the "Alhambra Lease") under which Raymond & Main leased certain property (the "Leased Premises") located in Alhambra, California to Circuit City West. A copy of the Alhambra Lease is attached hereto as Exhibit A.

3. As part of the Alhambra Lease, the Debtors are obligated to construct and operate a store (the "Building") on the Leased Premises for which Raymond & Main was to pay Circuit City West the "Landlord Reimbursement" as defined in the Lease. *See* Exhibit A, section 3.01. However, as of the Petition Date, the construction of the Building was not completed and therefore, the Debtors are not operating a store on the Leased Premises.

4. On or about November 20, 2008, the Debtors filed a motion to extend from March 10, 2009 to June 8, 2009, the time within which they must assume or reject non-residential real property leases under which the Debtors are lessee (including the Alhambra Lease) (the "Extension Motion"). At the hearing on the Extension Motion on December 5, 2008, the Debtors removed all "Construction Leases" (including the Alhambra Lease), from the relief requested in the Extension Motion. Therefore, the current deadline to assume or reject the Alhambra Lease is March 10, 2009.

5. Because of the unique circumstances surrounding the Alhambra Lease (as described more fully below), counsel for Raymond & Main announced on the record at the hearing on December 5, 2008, that Raymond & Main was specifically reserving its rights to file a motion to compel the rejection or assumption of the lease if the parties were not able to reach a timely agreement on the termination of the Alhambra Lease. The order granting the Extension Motion also reserves Raymond & Main's right to file this motion to compel under section 365. *See* Docket No. 882, paragraph 5.

6. Upon information and belief, the Debtors have abandoned the project and have no intention of completing the construction of the Building or otherwise operating a store on the Leased Premises. Upon information and belief, the Debtors are treating the Alhambra Lease as a "Closing Store Lease" which, under the sale procedures approved by this Court, will be deemed

rejected on December 31, 2008 if not sold prior to that time. *See* Docket No. 896. Although not officially listed as a "Closing Store Lease" in the exhibits filed with this Court, the Alhambra Lease is listed in the material being used by the Debtors (and their agents) to market and sale the Closing Store Leases. A copy of the marketing material is attached hereto as Exhibit B.

7. Raymond & Main and the Debtors have undertaken negotiations (both prior to and after the bankruptcy filing) regarding a prospective termination of the Alhambra Lease but such negotiations have not produced an agreement as of the filing of this Motion.

8. As of the filing of this Motion, the Debtors owed their general contractor and certain other sub-contractors (directly employed by the Debtors) approximately $736,043.56 for work already performed on the constructed of the Building.

**RELIEF REQUESTED**

9. By this Motion, Raymond & Main moves the Court pursuant to 11 U.S.C. § 365 to compel the Debtors to reject the Alhambra Lease and turnover the Building and the Leased Premises to Raymond & Main on or before December 31, 2008, or, in the alternative, to assume the Alhambra Lease, cure its existing defaults and provide adequate assurance of its future performance on or before December 31, 2008. *See In re Winn-Dixie Stores, Inc.*, 345 B.R. 402, 406 (Bankr. M.D. Fla. 2006) (finding to a landlord's "sole recourse is within the confines of § 365, namely, to file a motion to compel assumption or rejection pursuant to 11 U.S.C. § 365").

10. The factors courts consider in deciding whether to shorten the time for assuming or rejecting leases and executory contracts include: the importance of the lease to the debtor's business, debtor's failure to satisfy post-petition obligations under the lease, the balance of harm and good to be achieved and whether the debtor has had sufficient time to form a decision. *See In re Dana Corporation*, 350 B.R. 144, 147 (Bankr. S.D. N.Y. 2006). In this instance, all of

these factors favor compelling the assumption or rejection of the Alhambra Lease on or before December 31, 2008.

11. As noted, the Debtors have no current operations on the Leased Premises and upon information, the Debtors have abandoned the project and have no intention of completing the construction of the Building.

12. In the meantime, the Debtors owe their general contractors and sub-contractors in excess of $736,043.56 for work performed on the Building.

13. One of the sub-contractors, NKC Group Inc., has already recorded a mechanics lien against the Property in the amount of $83,225.00. A copy of the record lien is attached as Exhibit C. Another claimant, Courtesy Waterproofing, Inc., has issued a Stop Notice in the amount of $6,734.00, to Raymond & Main and its lender for materials used in the construction of the Building. A copy of the Stop Notice is attached hereto as Exhibit D. Upon information and belief, other contractors will likewise record liens and issue other notices if their claims are not paid immediately.

14. The Debtors' failure to keep the Leased Premises free and clear of liens is a breach under the Alhambra Lease. *See* Exhibit A, section 14.02. The Debtors previously sought and obtained the authority (but not the obligation) to pay other general and sub-contractors. *See* Docket No. 129. However, the Debtors have apparently exercised their discretion not to pay the claims filed against the Alhambra Lease.

15. The recordation of mechanics' liens against the Leased Premises is also potentially a default under the terms of Raymond & Main's financing and Raymond & Main has been and will be compelled to either satisfy and discharge such liens or obtain and record sufficient mechanic's lien release bonds to release the Leased Premises from the claims of lien.

Under applicable California law, a lien claimant has only 90 days after the recordation of its mechanics' lien to commence an action to foreclose its lien. See Cal. Civil Code § 3144. While the automatic stay protects the Debtors against the prosecution of such an action, Raymond & Main's interest in the property is not so protected and the foreclosure action can be prosecuted directly against the Raymond & Main.

16. Because of Debtors' failure to complete construction of the Building at the Leased Premises, Raymond & Main is not receiving the bargained for performance under the Alhambra Lease. The Debtors are making no use of the Leased Premises. The continued presence of a "dark store" at this stage of the development of the property threatens the success of the property and its other retail tenants. The increased customer traffic that would result from opening and operating a Circuit City store will not occur in the foreseeable future, if at all. Upon information and belief, the Debtors are not safe keeping the Building. These factors, along the issues arising from the recordation of significant mechanic's liens, justify compelling the Debtors to reject, or in the alternative to assume, the lease at this time.

17. The fact that the Debtors sought to terminate the Alhambra Lease prior to their bankruptcy filing evidences that the Debtors have had adequate time to analyze whether they wish to cure their defaults, complete construction and perform their obligations under the Alhambra Lease.

18. As noted, the Debtors are also treating and marketing the Alhambra Lease as a Closing Store Lease even though they have not officially listed the Alhambra Lease as a Closing Store Lease on the lists filed with the Court. The other Closing Store Leases will be deemed rejected effective December 31, 2008 if not sold prior to that time.

## WAIVER OF MEMORANDUM OF LAW

19. Raymond & Main respectfully requests that the Court treat the Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

20. No previous motion for the relief sought herein has been made to the Court or any other court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Raymond & Main moves the Court to compel rejection of the Alhambra Lease and turnover of the Building and Leased Premises to Raymond & Main on or before December 31, 2008 or, in the alternative, to compel assumption of the Alhambra Lease, cure of all existing defaults and provide adequate assurance of future performance, on or before December 31, 2008, and for such other and further relief as the Court deems just and proper both in equity and at law.

Respectfully submitted,

**CANTOR ARKEMA, P.C.**

By:  */s/ Neil E. McCullagh*
    Neil E. McCullagh
    Virginia Bar No. 39027
    NMcCullagh@cantorarkema.com
    Bank of America Center
    1111 East Main Street, 16th Floor
    Richmond, Virginia 23219
    Telephone:   (804) 644-1400
    Facsimile:   (804) 225-8706

And

-7-

**BRACEWELL & GIULIANI LLP**

By: /s/  William A. (Trey) Wood, III
William A. (Trey) Wood, III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:	(713) 223-2300
Facsimile:	(713) 221-1212


**ATTORNEYS FOR RAYMOND & MAIN RETAIL, LLC**

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2008, a true and correct copy of the above and foregoing instrument was served (i) via electronic means as listed on the "2002" and "Core" lists through the Court's ECF system; and (ii) by regular U. S. First Class Mail on the parties on the attached Service List.

      /s/ *William A. (Trey) Wood, III*
      William A. (Trey) Wood, III