```
              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION
- - - - - - - - - - - - - - -  x
In re:                         :  Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :  Case No. 08-35653
et al.,                        :
                               :  Jointly Administered
              Debtors.         :
- - - - - - - - - - - - - - -  x
```

## NOTICE OF DEADLINE
## <u>FOR FILING PROOFS OF CLAIM</u>

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time**, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court by December 30, 2008. Copies of the Schedules and Statements can then be obtained at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27), against any of the Debtors listed on page 4 below, must be filed and served so that such proof of claim is received on or before **May 11, 2009 (the "Governmental Bar Date") at 5:00 p.m., Pacific Time**, at the following address if delivered by mail, hand delivery or overnight courier:

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured)

that arose prior to **November 10, 2008** (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

 (i) Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

 (ii) Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; <u>provided</u>, <u>however</u>, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) ("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims are not Excluded Claims;

 (iii) Claims previously allowed or paid pursuant to an order of the Bankruptcy Court;

 (iv) Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration;

 (v) Claims of Debtors against other Debtors;

 (vi) Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

 (vii) Claims of landlords of unexpired leases of non-residential real property that have not been rejected prior to the General Bar Date, including, without limitation, any claim for prepetition arrearages or other asserted prepetition defaults. Claims for such leases that have been or are hereinafter rejected shall be filed by the later of

          (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

   (viii)    Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

   (ix)    Claims related to the Debtors' gift cards purchased prior to the Petition Date.

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules and Statements or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules and Statements or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date. If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the claim form included with this notice.

### Executory Contract and Lease Rejection Claims

Any Entity whose Claims arise out of the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") pursuant to section 365 of the Bankruptcy Code during the Debtors' bankruptcy cases, must file a proof of claim on or before the latest of: (1) thirty (30) days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court or (3) the General Bar Date (the "Rejection Bar Date"). Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the General Bar Date.

### Other Important Information Regarding Filing Claims

If, after the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to

change the Debtor against which a Claim has been scheduled, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"),(an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided, further, however, that any Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case. A proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of**

**reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim. If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date. Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.**

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated. Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially in the form annexed hereto, together with accompanying documentation, must be <u>delivered so as to be received</u> no later than 5:00 p.m., Pacific Time, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., <u>et al</u>.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence. Proofs of claim will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); **provided**, **however**, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245.

Approved by the United States Bankruptcy Court for the Eastern District of Virginia on December 11, 2008.

Dated: December 12, 2008
       Richmond, Virginia

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636 | McGUIREWOODS LLP<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1089 |

           - and –

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

Counsel for the Debtors and Debtors in Possession

7

**Debtors and Debtors in Possession
and the Last Four Digits of their Respective Taxpayer
Identification Numbers**

```
Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)
```