| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
: Chapter 11
In re: :
: Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC., :
et al., : Jointly Administered
:
Debtors. :
:
- - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 327, 330 AND 331
AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 327, 330 and 331, authorizing, but not

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

directing, the Debtors to: (i) employ professionals utilized in the ordinary course of business, including, but not limited to those set forth on Exhibit A attached to the Motion (collectively, the "OCB Professionals"); and (ii) pay OCB Professionals 100% of postpetition fees and expenses subject to the monthly cap of $30,000 per OCB Professional; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.  The Motion is GRANTED.

2.  Pursuant to Bankruptcy Code sections 105(a) and 327, the Debtors are authorized to employ and retain the OCB Professionals listed on the attached Exhibit A, without the need to file individual retention

2

applications and obtain retention orders for each such OCB Professional.

3. Within five business days after the date of entry of this Order, the Debtors shall serve this Order upon each OCB Professional listed on Exhibit A hereto. Thereafter, no later than 30 days after the date of entry hereof, each OCB Professional shall file with the Court, and serve upon (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the agent for Debtors' postpetition lenders; (iii) counsel to the agent for the Debtors' prepetition lenders; and (iv) counsel for the Creditors' Committee (collectively, the "Notice Parties"), a declaration of proposed professional and disclosure statement (the "Declaration") in substantially the form attached hereto as Exhibit B, which shall include an explanation of prepetition services rendered, and postpetition services to be provided, to the Debtors.

4. The Notice Parties shall have 20 days after service of each OCB Professional's Declaration (the "Objection Deadline") to object to the retention of

such professional.  Objections, if any, shall be filed with the Court and served upon the OCB Professional and the Notice Parties by the Objection Deadline.  If any such objection cannot be resolved and withdrawn within 20 days after service, the matter shall be scheduled for hearing before the Court at the next regularly-scheduled omnibus hearing date or a date otherwise agreeable to the OCB Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, if any objection is withdrawn, or if any objection submitted is timely resolved, the Debtors shall be authorized to retain the OCB Professional as a final matter without further order of the Court.

       5.     The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain OCB Professionals not currently listed on Exhibit A hereto (the "Additional OCB Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to Exhibit A (the "Supplement"), listing the name of the Additional OCB Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of

4

this Order. For purposes of complying with the Declaration requirement above, for each Additional OCB Professional, the 30-day deadline for the filing of Declarations by the Additional OCB Professionals shall run from the filing of the Supplement with the Court, but all other requirements and deadlines shall remain the same.

      6.    Pursuant to Bankruptcy Code sections 330 and 331, the Debtors are authorized, but not directed, to make monthly payments for postpetition compensation and reimbursement of postpetition expenses to each of the OCB Professionals in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such OCB Professional, upon receipt therefrom of an affidavit of disinterestedness and reasonably detailed invoices indicating the nature of the professional services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' rights to dispute any such invoices); <u>provided</u>, <u>however</u>, without further order of the Court the Debtors shall not pay any individual OCB

5

Professional amounts in excess of $30,000 per month for postpetition compensation.

7. Subject to confirmation of a plan of reorganization, approximately every 120 days, the Debtors shall file with this Court, and serve upon the Notice Parties, a statement that includes the following information for each OCB Professional: (i) the name of the OCB Professional, (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such OCB Professional during the statement period, and (iii) a general description of the services rendered by such OCB Professional.

8. This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

9. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

10. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   Richmond, Virginia
         December 22, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        _/s/ Douglas M. Foley____
                                        Douglas M. Foley

**EXHIBIT A**

**Schedule of Ordinary Course Professionals**

**EXHIBIT B**

**Form of Affidavit of Disinterestedness**