Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Groveland FL, LLC*
*and Cole CC Aurora CO, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 08-35653-KRH |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**MOTION OF COLE CC GROVELAND FL, LLC AND COLE CC AURORA CO, LLC
FOR AN ORDER COMPELLING THE DEBTOR TO PERFORM TIMELY
ALL LEASE OBLIGATIONS INCLUDING THE PAYMENT OF POST-PETITION
RENT PURSUANT TO 11 U.S.C. § 365(d)(3)**

Come now Cole CC Groveland FL, LLC, as successor to CC1FORT1, LLC, ("Cole Groveland") and Cole CC Aurora CO, LLC, as successor to CC-INVESTORS 1996-4, ("Cole Aurora"; collectively the foregoing entities are hereinafter referred to as "Cole Landlords") by and through their undersigned counsel, hereby move to compel Circuit City Stores, Inc. and its affiliates to perform timely all obligations under certain leases of nonresidential real estate including the payment of post-petition rent pursuant to 11 U.S.C § 365(d)(3). In support of this Motion, Cole Landlords respectfully state the following:

4813-8834-7395.4

## PARTIES

1. Cole Groveland owns nonresidential real property located at 19925 Independence Blvd, Groveland, Florida 34736 (the "Groveland Property"). Cole Aurora owns nonresidential real property located at 1450 South Abilene Street, Aurora, Colorado 80012 (the "Aurora Property"). Collectively, the Groveland Property and Aurora Property shall be referred to as the "Properties". Cole Landlords lease the Properties to the Debtors.

2. Circuit City Inc. and its affiliates (collectively, the "Debtors") are the debtors and debtors in possession in this proceeding having filed their voluntary petitions for relief on or about November 10, 2008 (the "Filing Date").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and the Order of the United States District Court for the Eastern District of Virginia.

4. The predicate for the relief requested herein is 11 U.S.C. § 365(d)(3).

5. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (G), and (M).

6. Venue is placed in this Court pursuant to 28 U.S.C. § 1409.

## FACTS AND REQUEST FOR RELIEF

7. On January 19, 1996, Cole Aurora entered into a lease of the Aurora Property with the Debtors (the "Aurora Lease"). On August 22, 2001, Cole Groveland entered into a lease of the Groveland Property with the Debtor (the "Groveland Lease"). Collectively, the Aurora Lease and Groveland Lease will be referred to as the "Leases."

8. The Leases require the Debtors to make fixed monthly rental payments to Cole Landlords on the last business day of each month. Specifically, the Aurora Lease requires the

Debtors to make a fixed monthly rental payment to Cole Aurora in the amount of $44,865.20 on the last business day of each month. The Groveland Lease requires the Debtors to make a fixed monthly rental payment to Cole Groveland in the amount of $152,506.25 on the last business day of each month. Additionally, each of the Leases obligates the Debtors to pay taxes and insurance as relating to the Properties, and any fine, penalty, interest and cost which is due for nonpayment or late payment of rent accrued.

9. The Debtors have been in possession of the Properties since the filing of the petitions in this case.

10. Notwithstanding the clear dictates of 11 U.S.C. § 365(d)(3), the Debtors have failed to perform obligations accruing under the Leases since the Filing Date. The Debtors have failed to pay rent during the post-petition period to Cole Landlords for the month of November 2008 for the Aurora Property and the Groveland Property which became due and owing on November 30, 2008, after the Filing Date. Specifically, rental obligations accruing after the Filing Date for the month of November 2008 for rent and interest accrued, total $45,019.97 for the Aurora Property and $152,782.02 for the Groveland Property, and such rent was not paid by the Debtors when it became due on November 30, 2008.

11. Pursuant to 11 U.S.C. § 365(d)(3), rent and other obligations accruing from and after the Filing Date under the Leases must be paid timely to Cole Landlords pending assumption or rejection of such leases. *See Matter of Austin Development Company*, 19 F.3d 1077, 1084 (5th Cir. 1994)("[lessor] is entitled to receive rent from the filing of bankruptcy to the date of lease rejection"); *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3rd Cir. 2001) ("The clear and express intent of Section 365(d)(3) is to require the trustee to perform the lease in accordance with its terms . . . it is difficult to find a textual basis for a proration approach.");

*In re Southern Motel Associates, Ltd.*, 81 B.R. 112, 117 (Bankr. M.D. Fla. 1987) ("compliance with [Section 365(d)(3)] is mandatory"); *In re Gillis*, 92 B.R. 461, 465 (Bankr. D. Haw. 1988) ("Section 365(d)(3) requires timely payment of full rental obligations until there is a decision to assume or reject the lease."); *In re Homeowner's Outlet Mall Exchange. Inc.*, 89 B.R. 965, 970 (Bankr. S.D. Fla. 1988) (same); *In re Dieckhaus Stationers of King Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (same); *In re Rare Coin Galleries of America. Inc.*, 72 B.R. 415, 416 (D. Mass. 1987) (same); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882-883 (Bankr. E.D.N.Y. 1986) (same); *In re M.H.I. Inc.*, 61 B.R. 69, 71 (Bankr. D. Md. 1986) ("message of Congress is unmistakable" that trustee or debtor must pay full rent until lease is assumed or rejected); *In re Longua*, 58 B.R. 503, 505 (Bankr. W.D. Wis. 1986) (same); *see also*, 130 Cong. Rec. S8994-95 (daily ed. June 29, 1984) (statement of Sen. Hatch)("[Section 365(d)(3)] . . . would lessen the [problem of landlords being forced to provide services without current payment] by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property <u>at the time required in the lease</u>")(emphasis added).

12.    It is patently unfair and in contravention of 11 U.S.C. § 365(d)(3) for the Debtors to continue using the Properties without performing their obligations under the Leases. Section 365(d)(3) requires that the Debtors be compelled to perform their obligations under the Leases.

13.    In the event the Debtors fail to timely perform their obligations under the Leases as required by Section 365(d)(3), cause exists for the entry of order directing the Debtors to immediately surrender the Properties to Cole Landlords or for the entry of an Order vacating the automatic stay as it applies to Cole Landlords to permit Cole Landlords to exercise their rights and remedies under the Leases and applicable non-bankruptcy law. *See In re Southern Motel Associates, Ltd.*, 81 B.R. 112, 117 (Bankr. M.D. Fla. 1987) (holding that lessor is entitled to

immediate possession of nonresidential lease property upon lessee's failure to comply with Section 365); *see also In re Patella*, 102 B.R. 223, 225 (Bankr. D.N.M. 1989) (failure to comply with Section 365(d)(3) may warrant lessee's immediate vacation of premises).  Section 365(d)(3) requires the Debtor to timely perform its obligations under the Leases.

**WHEREFORE**, Cole Landlords request that the Court enter an Order compelling the Debtors to timely perform all obligations arising under the Leases including the payment of: (i) $45,019.97 for the monetary obligations arising under the Lease for the Aurora Property from and after the Filing Date for the month of November 2008, and (ii) $152,782.02 for the monetary obligations arising under the Lease for the Groveland Property from and after the Filing Date for the month of November 2008.  As assurance that Cole Landlords will receive the protection granted by Sections 365(d)(3), Cole Landlords additionally request that the Court enter an Order: (i) granting Cole Landlords an allowed administrative expense claim equal in amount to any unpaid rental obligations accruing under the Leases after the Filing Date; and (ii) mandating immediate surrender of the Properties to Cole Landlords and vacating of the automatic stay of 11 U.S.C. § 362(a) in the event the Debtors fail to make the monthly rental payments required by the Leases and Section 365(d)(3).

December 12, 2008  
Richmond, Virginia

**COLE CC GROVELAND FL, LLC and**  
**COLE CC AURORA CO, LLC**

By  /s/ Peter J. Barrett  
        Counsel

_____
Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68132
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for* COLE CC GROVELAND FL,
LLC and COLE CC AURORA CO, LLC

### CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on December 12, 2008, a true and exact copy of the foregoing objection was forwarded via ECF notification to the following necessary parties or their counsel as set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, (v) counsel to the agents for the Debtors' post-petition lenders, and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

                                                /s/ Peter J. Barrett
                                                        Counsel