IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

_____
                                       )
In re:                                 )     Chapter 11
                                       )
**CIRCUIT CITY STORES, INC.** *et al.,*    )     Case No. 08-35653-KRH
                                       )     (Jointly Administered)
        **Debtors.**                   )
_____)

### MOTION AND SUPPORTING MEMORANDUM OF LAW OF COLONIAL HEIGHTS HOLDINGS, LLC FOR AN ORDER COMPELLING DEBTORS TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b) AND GRANTING RELATED RELIEF

COMES NOW Colonial Heights Holdings, LLC (the "Landlord"), owner and lessor of certain nonresidential real property, to hereby move this Court to enter an order (the "*Motion*"), substantially in the form attached hereto as **EXHIBIT B**: (a) authorizing and directing Debtor, Circuit City Stores, Inc., one of the Debtors in the above-captioned bankruptcy cases (the "Debtors"), to immediately pay outstanding administrative rent for November, 2008 pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) of the *United States Bankruptcy Code*, and (b) granting related relief, as more specifically described herein. In support of its *Motion*, the Landlord respectfully states as follows:

**Jurisdiction and Venue:**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

_____
Peter M. Pearl, Esquire (VSB # 22344)
C. Thomas Ebel, Esquire (VSB #18637)
William A. Gray, Esquire  (VSB #46911)
Lisa Taylor Hudson, Esquire (VSB # 45484)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:      (804) 783-7291
   *Counsel for Colonial Heights Holdings, LLC*

**Basis for Relief:**

2. Sections 365(d)(3) and 503(b)(1)(A) authorize the relief requested in this *Motion*.

**Background:**

3. The Landlord is the lessor and landlord of certain nonresidential real property set forth below:

| Owner/Lessor/Landlord | Store/Location ("Leased Premises") | Date of Lease[1] |
|---|---|---|
| Colonial Heights Holdings, LLC | Colonial Heights, Virginia, Store No. 3106 (Near Southpark Mall) | January 2, 2003 |

4. Pursuant to the Lease, the Debtors were required to pay, on the last business day of each month, payable by wire, minimum rent and other charges, including CAM, real estate taxes, and insurance.

5. On November 10, 2008 (the "Petition Date"), the Debtors and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the *Bankruptcy Code*.

6. The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Leased Premises.

7. The Debtors have not paid the rent due in November, 2008, for the Leased Premises nor paid the portion of the November administrative rent and other related charges due and owing under the Lease for the post-petition period commencing upon November 10, 2008, and ending November 30, 2008 ("November Administrative Rent").

| Store/Location | November Administrative Rent Due |
|---|---|
| Colonial Heights, VA Store No. 3106 | $27,916 |

---

[1] A true copy of the Lease, designated as **EXHIBIT A** (the "Lease") will be made available upon reasonable request to undersigned counsel.

**Relief Requested:**

8. The Landlord respectfully moves this Court for entry of any order, substantially in the form attached hereto as **EXHIBIT B**: (a) authorizing and directing the Debtors to immediately pay the November Administrative Rent owed to the Landlord pursuant to Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (b) authorizing and directing the Debtors to reimburse the Landlord for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this *Motion* due to the Debtors' failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (c) authorizing and directing the Debtors to make all future monthly payments of administrative rent and related charges to the Landlord in full on or before the last business day of the month payable by wire for which such administrative rent and related charges accrue, as required by the Lease; and (d) granting such other and further relief as this Court deems just and proper.

**Argument:**

9. Section 365(d)(3) of the *Bankruptcy Code* provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor*, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1). . . .

11 U.S.C. § 365(d)(3)(emphasis added).

10. Since the *Bankruptcy Code* compels a landlord to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). Such protections are critical to protect landlords from ever-increasing losses during the post-petition, pre-rejection period.

11. This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full

3

contract rate. *See In re Trak Auto Corp.*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) (until lease rejected, debtor required to pay rent to landlord from the date of petition until date lease rejected), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Best Products Co., Inc.*, 206 B.R. 404, 406 (Bankr. E.D. Va. 1997) (Congress enacted 365(d)(3) to guarantee landlords would not be placed at disadvantage for providing post-petition services to debtor).

12. In light of the Debtors' failure to pay the November Administrative Rent, the Debtors will likely continue to ignore their post-petition obligations under the Lease in violation of the *Bankruptcy Code*. Accordingly, the Court should enter an order directing the Debtors to immediately pay the November Administrative Rent and timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

13. Furthermore, the Lease provides that the Debtors are obligated to promptly reimburse the Landlord for all reasonable and actual legal fees incurred in connection with enforcing the Lease after the Debtors default on their obligations thereunder. Accordingly, the Landlord requests that the Debtors be directed to pay the attorneys' fees and costs incurred by the Landlord in connection with filing and prosecuting this *Motion*.

### Waiver of Memorandum of Law:

14. The Landlord respectfully request that this Court treat this *Motion* as a written memorandum of points and authorities or waive any requirement that this *Motion* be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the *Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia*.

## No Prior Request:

15. No previous motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, by reason of the foregoing and any arguments at hearing, the Landlord respectfully requests entry of an order, substantially in the form attached hereto as **EXHIBIT B**: (a) authorizing and directing the Debtors to immediately pay the November Administrative Rent owed to the Landlord pursuant to Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (b) authorizing and directing the Debtors to reimburse the Landlord for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this *Motion* due to the Debtors' failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (c) authorizing and directing the Debtors to make all future monthly payments of administrative rent and related charges to the Landlord in full on or before the last business day of the month by wire for which such administrative rent and related charges accrue, as required by the Lease; and (d) granting such other and further relief as this Court deems just and proper.

Dated: December 12, 2008         Respectfully Submitted,

**COLONIAL HEIGHTS HOLDINGS, LLC**

By:  /s/ Peter M. Pearl
Peter M. Pearl, Esquire  (VSB # 22344)
C. Thomas Ebel, Esquire  (VSB #18637)
William A. Gray, Esquire  (VSB #46911)
Lisa Taylor Hudson, Esquire (VSB # 45484)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:     (804) 783-7291
*Counsel for Colonial Heights Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2008, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List.

/s/  Peter M. Pearl

**SERVICE LIST**

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
    *Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
    *Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
    *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
    *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
Special Counsel for Debtors

7

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
    *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
    *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
    *Counsel for the Official Committee of*
    *Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
    *Counsel for the Creditors Committee*