Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
CIRCUIT CITY STORES, INC., : Case No. 08-35653-KRH
et al., :
: 
            Debtors. : Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363
AND 365 AND FED. R. BANKR. P. 6004 AND 6006 AUTHORIZING
AND APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND
(B) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
TO GURNEE REAL ESTATE OWNERS LLC**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move this Court (the "Motion") for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing (a) the Debtors to assume and assign to the designee of OLP 6609 Grand, LLC -- Gurnee Real Estate Owners LLC (the "Purchaser"), the unexpired leases of non-residential real property listed as <u>Exhibit A</u> hereto (the "Leases"), and (b) the sale of the Leases to the Purchaser free and clear of liens, claims and encumbrances.  In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested here are Bankruptcy Code sections 105(a), 363, and 365 and Bankruptcy Rules 6004 and 6006.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7. Despite significant revenues, the Debtors have suffered two consecutive years of losses. While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy. In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8. Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores. In

addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

### RELIEF REQUESTED

9. By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a), 363 and 365(a) authorizing the Debtors (a) to assume and assign the Leases to the Purchaser and (b) approving the sale of the Leases to the Purchaser free and clear of liens, claims and encumbrances.

### BASIS FOR RELIEF

10. On the Petition Date, the Debtors filed a motion (the "Rejection Motion") (D.I. 21) to reject, among other things, the Leases because the Leases provided no value to the Debtors.[2]

11. Shortly thereafter, the OLP 6609 Grand, LLC (the "Landlord") timely filed an objection to the

---

[2] The amount of rent due to the Debtors under the sublease is less than the amount of rent due from the Debtors to the Landlord under the primary lease.

5

Rejection Motion as it pertained to the Leases (the "Objection").

12. To resolve the Objection and in an exercise of the Debtors' business judgment, the Debtors entered into the agreement attached hereto as <u>Exhibit B</u> (the "Agreement") whereby the Debtors and the Landlord have agreed to have the Leases assumed and assigned to the Purchaser, the Landlord's designee, by order of this Court, and the Purchaser has agreed to, among other things, pay the Debtors $25,000 to purchase the Leases.

13. Without entering into the Agreement, the Debtors may have been obligated to pay certain rent obligations and charges associated with the Leases for which the Debtors did not believe they would receive any benefit. With the assumption and assignment of the Leases and the sale of the Leases to the Purchaser, the Debtors have relieved their estates of potential damage claims that might otherwise be asserted by non-Debtor parties to the Leases.

14. Moreover, the Purchaser is responsible for any cure costs associated with assumption and assignment of the Leases.

15.  Accordingly, the Debtors believe that the assumption and assignment of the Leases is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

**I.   THE RELIEF REQUESTED IN THE MOTION REFLECTS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

16.  Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination with respect to an executory contract or unexpired lease is governed by the "business judgment" standard.  See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001).

17. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

18. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

19. Here, the assumption and assignment of the Leases to the Purchaser will eliminate potentially substantial rejection damages claims that might otherwise have been asserted against the Debtors' estates. In addition, the Debtors will receive $25,000

8

from the Purchaser in exchange for the Leases, which would have otherwise been rejected without the Debtors receiving any value.

20.  As set forth above, the Debtors have clearly articulated a sound business purpose for seeking the relief sought in the Motion and have thus satisfied the business judgment test.  Given that the Leases were subject to a pending rejection motion, the sale of the Leases clearly maximizes the value of the Leases for the Debtors' estates, while protecting the Debtors from potentially incurring unnecessary costs with respect to Leases.  Accordingly, for the reasons detailed herein, the Debtors have determined that the relief requested in the Motion is in their best interests and the best interests of their estates, creditors and parties in interest.

**II.   THE ASSUMPTION AND ASSIGNMENT OF THE LEASES IS APPROPRIATE UNDER BANKRUPTCY CODE SECTION 365(b)(1).**

21.  Section 365(b)(1) of the Bankruptcy Code codifies the requirements for assuming an unexpired lease or executory contract of a debtor.  It provides:

> (b)(1)   If there has been a default in an executory contract or unexpired lease of the

>       debtor, the trustee may not assume such
>       contract or lease unless, at the time of the
>       assumption of such contract or lease, the
>       trustee –
>
>       (A)  cures, or provides adequate
>       assurance that the trustee will promptly cure,
>       such default;
>
>       (B)  compensates, or provides adequate
>       assurance that the trustee will promptly
>       compensate, a party other than the debtor to
>       such contract or lease, for any actual
>       pecuniary loss to such party resulting from
>       such default; and
>
>       (C)  provides adequate assurance of
>       future performance under such contract or
>       lease.

11 U.S.C. § 365(b)(1).

22. Courts give the phrase "adequate assurance of future performance" a "practical, pragmatic construction." <u>EBG Midtown S. Corp. v. Mcharen/Hart Envtl. Eng'g Corp. (In re Sanshoe Worldwide Corp.)</u>, 139 B.R. 585, 592 (S.D.N.Y. 1992), <u>aff'd</u>, 993 F.2d 300 (2d Cir. 1993) (presence of adequate assurance should be "determined under the facts of each particular case").

23. Except to the extent not required by Bankruptcy Code section 365, to the extent that any defaults exist under any of the Leases, the Purchaser will be responsible for curing any such default. The

Landlord shall guarantee full and complete performance of all obligations of Purchaser under the Leases. Here, the Landlord is the party that has always been ultimately responsible for ensuring compliance with the landlord-related obligations under the Leases, so no practical change in landlord-related obligations under the Leases will be caused by the assumption and assignment of the Leases to the Purchaser.

### III. SALE OF THE LEASES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS IS WARRANTED UNDER BANKRUPTCY CODE SECTION 363(f).

24. Under section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

2) such entity consents;

3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

4) such interest is in bona fide dispute; or

11

      5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

  25. Section 363(f) permits the sale of estate property free and clear of all interests, including liens, if any one of the five conditions above is met. See, e.g., In re Laines, 352 B.R. 410, 414-15 (Bankr. E.D. Va. 2005). To the extent there are any valid, enforceable liens against the Leases and that such lienholder does not consent to the sale, such lien would attach to the proceeds of the sale.

## IV. WAIVER OF THE TEN-DAY STAY PROVIDED BY BANKRUPTCY RULES 6004 AND 6006.

  26. Bankruptcy Rule 6004(h) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h); see Fed. R. Bankr. P. 6006(d). The Debtors request that the Court waive this ten-day stay with respect to the closing of the assumption and assignment and sales of the Leases following entry of this Court's order

12

approving such assumption and assignment and sale.  Such a waiver will permit a seamless transition under the Leases for the parties thereto and will allow the proceeds from the assumption, assignment and sale of the Leases to flow to the Debtors more quickly.

## NOTICE

27.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

28.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

29.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: December 12, 2008
      Richmond, Virginia

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

__/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession