Mary A. House (Virginia Bar No. 66613)
Catherine E. Creely (Virginia Bar No. 74796)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.887.4000
Facsimile: 202.887.4288

Peter J. Gurfein (*pro hac vice motion pending*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile: 310.229.1001

ATTORNEYS FOR CIM/BIRCH ST., INC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC. *et al.*, | § | CASE NO. 08-35653-KRH |
| | § | |
| Debtors. | § | Jointly Administered |

### MOTION AND SUPPORTING MEMORANDUM OF
### CIM/BIRCH ST., INC. FOR AN ORDER (A) COMPELLING
### DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE RENT
### PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b), AND
### (B) GRANTING RELATED RELIEF

**COMES NOW** CIM/Birch St., Inc. ("CIM"), by and through its counsel, Akin Gump Strauss Hauer & Feld LLP, and hereby moves this Court to enter an order, substantially in the form attached hereto as "Exhibit A" (a) authorizing and directing Circuit City Stores, West Coast, Inc., one of the debtors in the above-captioned bankruptcy cases (the "Debtor") to immediately pay outstanding administrative rent in the amount of $42,291.90 owed to CIM pursuant to Sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code, §§ 101-1532

(as amended, the "Bankruptcy Code"), and (b) granting related relief, as more specifically described herein (the "Motion"). In support of this Motion, CIM respectfully states as follows.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BASES FOR RELIEF

2. The statutory bases for the relief requested herein are Sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

## BACKGROUND

3. CIM is the lessor and landlord of certain nonresidential real property located in Los Angeles, California (the "Leased Premises").

4. CIM and the Debtor, through their respective predecessors-in-interest, are parties to a lease dated October 27, 1978 (the "Lease"), pursuant to which CIM leases the Leased Premises to the Debtor. A true and correct copy of the Lease is attached hereto as "Exhibit B".

5. Pursuant to the Lease, the Debtor was required to pay, on the first day of November 2008, base rent and other monthly charges in the total aggregate amount of $60,417.00 (the "November Rent").

6. On November 10, 2008 (the "Petition Date"), the Debtor and various of its debtor affiliates filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

7. The Debtor currently remains in possession of, and enjoys the use and occupancy of, the Leased Premises.

8. The Debtor has not paid the November Rent, and, most importantly for the purpose of this Motion, has failed to pay the portion of the November Rent comprised of the "stub" administrative rent and other related charges due and owing under the Lease for the post-petition period commencing upon November 10, 2008 and ending upon November 30, 2008, in the amount of $42,291.90 (the "November Administrative Rent").

## RELIEF SOUGHT

9. CIM seeks this Court's entry of an order, substantially in the form attached hereto as "Exhibit A," (a) authorizing and directing the Debtor to immediately pay the November Administrative Rent owed to CIM pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code,[1] (b) authorizing and directing the Debtor to reimburse CIM for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) authorizing and directing the Debtor to make all future monthly payments of administrative rent and related charges to CIM in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

10. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor* . . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

---

[1] CIM reserves the right to file claims with respect to any pre-petition rent owed by the Debtor to CIM.

11.    The unique position of the nonresidential real property lessor during the post-petition, pre-rejection period is recognized and addressed by Section 365(d)(3) of the Bankruptcy Code and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential property lease obligations, Section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period. In In re Pudgie's, the U.S. Bankruptcy Court for the Southern District of New York strictly construed Section 365(d)(3) to hold that nonresidential real property lessors are entitled to immediate payment of post-petition, pre- rejection rent at the full rate expressed in the lease.

12.    This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. See In re Trak Auto Corporation, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004). Indeed, the court in Trak Auto specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Id. at 669; see also In re Best Products Company, Inc., 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services in the debtor"); Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.), 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the

lease . . . and by requiring these payments to be paid at the time required in the lease)); <u>In re Financial News Network, Inc.</u>, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993).

13. In light of the Debtor's failure to pay the November Administrative Rent to CIM, absent an order from this Court, the Debtor will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, this Court should enter an order not only directing the Debtor to immediately pay the November Administrative Rent due to CIM pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, but also requiring the Debtor to timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

14. Furthermore, Article XIII of the Lease provides that the Debtor is obligated to promptly reimburse CIM for all reasonable legal fees incurred in connection with the enforcement of any provision of the Lease. Accordingly, CIM requests that the Debtor be directed to pay the attorneys' fees and costs incurred by CIM in connection with filing and prosecution this Motion.

## **NOTICE**

15. Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. CIM submits that no other or further notice of this Motion is required.

## **WAIVER OF MEMORANDUM OF LAW**

16. CIM respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be

6316063                                    5

accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

17.    No previous motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, CIM respectfully requests entry of an order, substantially in the form attached hereto as "Exhibit A," (i) authorizing and directing the Debtor to (a) immediately pay the November Administrative Rent owed to CIM pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) reimburse CIM for all of its reasonable attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) to make all future monthly payments of administrative rent and related charges to CIM in full on or before the first day of the month for which such administrative rent and related charges become due under the Lease, and (ii) granting such other and further relief as the Court deems just and proper.

Dated this 12th day of December, 2008.

            Respectfully submitted,

            AKIN GUMP STRAUSS HAUER & FELD LLP

            By:    /s/ *Mary A. House*
                   Mary A. House (Virginia Bar No. 66613)
                   Catherine E. Creely (Virginia Bar No. 74796)
                   1333 New Hampshire Avenue, N.W.
                   Washington, D.C. 20036
                   Telephone: (202) 887-4000
                   Facsimile: (202) 887-4288

                        --and--

Peter J. Gurfein (*pro hac vice motion pending*)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile: 310.229.1001

ATTORNEYS FOR CIM/BIRCH ST., INC.