Lauren Lonergan Taylor, Esquire
Matthew E. Hoffman, Esquire
**Duane Morris LLP**
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1503/1524
Facsimile:  (215) 689-4434/4922
E-mail: LLTaylor@duanemorris.com
E-mail: MEHoffman@duanemorris.com

and

Denyse Sabagh, Esquire (Va. I.D. No. 17003)
**Duane Morris LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817
Facsimile:  (202) 379-9867
E-mail: DSabagh@duanemorris.com

*Counsel for Principal Life Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION AND SUPPORTING MEMORANDUM OF PRINCIPAL
LIFE INSURANCE COMPANY FOR AN ORDER (A) COMPELLING DEBTOR TO
IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO
11 U.S.C. §§ 365(d)(3) AND 503(b), AND (B) GRANTING RELATED RELIEF**

Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal"), by and through its undersigned counsel, Duane Morris LLP, hereby moves this Court for the entry of an Order substantially in the form attached hereto, directing Circuit City Stores, Inc. (the "Debtor") to immediately pay outstanding administrative rent in the total amount of $118,772.50 due and owing to Principal pursuant to §§ 365(d)(3) and 503(b) of title

DM3\875258.2

11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code") and for such other relief as more specifically described herein (the "Motion"). In support of the Motion, Principal states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BASES FOR RELIEF

2. The statutory bases for the relief requested herein are §§ 365(d)(3) and 503(b) of the Bankruptcy Code.

## BACKGROUND

3. Principal is the assignee of leases by, and rents owing to, certain of the Debtor's landlords of nonresidential real property, as more particularly described herein.

4. Pursuant to a Lease Agreement dated June 30, 1993 (the "Salem Lease"), Circuit NH Corp., as successor in interest to Circuit Investors #5 – Salem Limited Partnership (the "Salem Landlord"), leased certain nonresidential real property located in Salem, New Hampshire to the Debtor, as more particularly described in the Salem Lease (the "Salem Premises"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A."

5. Pursuant to an Assignment of Leases and Rents dated as of June 30, 1993 by and between the Salem Landlord and Principal (the "Salem Assignment"), the Salem Landlord transferred and assigned to Principal, *inter alia*, all of its right, title and interest in and to any and all leases affecting the Salem Premises, including, without limitation, all rents, income and other

payments at any time becoming due and owing under any leases of the Salem Premises, with the right to collect any and all such rents, income and payments.

6. The Salem Assignment was recorded in the Office of the Registry of Deeds for Rockingham County, New Hampshire on July 9, 1993 in Deed Book 2993 Page 3024 *et seq*. A true and correct copy of the Salem Assignment is attached hereto and incorporated herein as Exhibit "B."

7. Pursuant to a Lease Agreement dated September 20, 1995 (the "Lakewood Lease"), Ten Pryor Street Building, Ltd., as successor in interest to Circuit Investors Colorado Limited Partnership (the "Lakewood Landlord"), leased certain nonresidential real property located in Lakewood, Colorado to the Debtor, as more particularly described in the Lakewood Lease (the "Lakewood Premises"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit "C."

8. Pursuant to an Assignment of Leases and Rents dated as of September 21, 1995 by and between the Lakewood Landlord and Principal (the "Lakewood Assignment"), the Lakewood Landlord transferred and assigned to Principal, *inter alia,* all of its right, title and interest in and to any and all leases affecting the Lakewood Premises, including, without limitation, all rents, income and other payments at any time becoming due and owing under any leases of the Lakewood Premises, with the right to collect any and all such rents, income and other payments.

9. The Lakewood Assignment was recorded in the Official Records of Jefferson County, Colorado on September 22, 1995 as Document No. F0119586. A true and correct copy of the Lakewood Assignment is attached hereto and incorporated herein as Exhibit "D."

DM3\875258.2

10. Pursuant to a Lease Agreement dated June 30, 1993 (the "Montgomeryville Lease;" together with the Salem Lease and the Lakewood Lease, the "Leases"), Circuit PA Corp., as successor in interest to Circuit Investors #5 – Montgomeryville Limited Partnership (the "Montgomeryville Landlord;" together with the Salem Landlord and the Lakewood Landlord, the "Landlords"), leased certain nonresidential real property located in Montgomeryville, Pennsylvania to the Debtor, as more particularly described in the Montgomeryville Lease (the "Montgomeryville Premises"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit "E."

11. Pursuant to an Absolute Assignment of Leases and Rents dated as of June 30, 1993 by and between the Montgomeryville Landlord and Principal (the "Montgomeryville Assignment"), the Montgomeryville Landlord transferred and assigned to Principal, *inter alia*, all of its right, title and interest in and to any and all leases affecting the Montgomeryville Premises, including, without limitation, all rents, income and other payments at any time becoming due and owing under any leases of the Montgomeryville Premises, with the right to collect any and all such rents, income and payments.

12. The Montgomeryville Assignment was recorded in the Montgomery County, Pennsylvania Commissioners Registry on July 13, 1993 in Book 5047 Page 1002 *et seq*. A true and correct copy of the Montgomeryville Assignment is attached hereto and incorporated herein as Exhibit "F."

13. By the terms of the Salem Assignment, the Lakewood Assignment and the Montgomeryville Assignment (collectively, the "Assignments of Leases and Rents"), Principal is entitled to enforce any and all of the rights and remedies of the Landlords against the Debtor

DM3\875258.2

under the respective Leases, including, without limitation, to demand, collect and receive rents and to file claims for, and enforce payment of, the same.

14.     Prior to the Petition Date (defined herein), the Debtor paid all amounts due and owing under the Leases directly to Principal pursuant to the Assignments of Leases and Rents.

15.     On November 10, 2008 (the "Petition Date"), the Debtor and various of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

16.     The Debtor continues to remain in possession of, and enjoy the use and occupancy of, the Salem Premises, the Lakewood Premises and the Montgomeryville Premises (collectively, the "Premises").

17.     Pursuant to the terms of the Salem Lease, the Debtor was required to pay to Principal, on the last day of November, 2008, base rent in the amount of $35,600.00 for the period from November 1 through November 30, 2008.

18.     Pursuant to the terms of the Lakewood Lease, the Debtor was required to pay to Principal, on the last day of November, 2008, base rent in the amount of $35,812.50 for the period from November 1 through November 30, 2008.

19.     Pursuant to the terms of the Montgomeryville Lease, the Debtor was required to pay to Principal, on the last day of November, 2008, base rent in the amount of $47,360.00 for the period from November 1 through November 30, 2008.

20.     Accordingly, the Debtor was required to pay to Principal the total amount of $118,772.50 <u>on November 30, 2008 for rent due in arrears under the Leases attributable to the period from November 1 through November 30, 2008</u> (collectively, the "November Rent").

DM3\875258.2

21. The Debtor did not pay any of the November Rent to Principal, including the rent due and owing under the Leases for the postpetition period commencing on the Petition Date and ending on November 30, 2008.

## RELIEF SOUGHT

22. Principal seeks the entry of an Order by this Court, substantially in the form attached hereto as Exhibit "G," (a) directing the Debtor to immediately pay the November Rent to Principal pursuant to §§ 365(d)(3) and 503(b), plus interest at the default rate and late charges which have accrued or may continue to accrue in accordance with the Leases on account of the November Rent until such time as the November Rent is paid in full, (b) directing the Debtor to reimburse Principal for all of its attorneys fees and costs incurred in preparing and prosecuting this Motion as a result of the Debtor's failure to comply with the terms of the Leases, (c) directing the Debtor to make all future monthly payments of administrative rent and any and all other amounts due and owing under the Leases in full to Principal on or before the last day of each and every month hereafter during which administrative rent and other amounts become due and owing as required by the Leases, and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

**The Debtor Must Immediately Pay to Principal All Outstanding Postpetition Rent and Other Amounts Due and Owing Under the Leases Pursuant to 11 U.S.C. § 365(d)(3)**

23. Principal is entitled to immediate payment of the full amount of the November Rent and other outstanding amounts under the Leases pursuant to § 365(d)(3). Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or

>  rejected, notwithstanding section 503(b)(1) of [the Bankruptcy
>  Code].

11 U.S.C. § 365(d)(3).

24. Because the Bankruptcy Code compels a landlord to continue to perform postpetition, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant. . . ." *In re Pudgie's Dev. Of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). Such protections are critical to protect landlords from ever-increasing losses during the postpetition, pre-rejection period. In *Pudgie's*, the court strictly construed § 365(d)(3) to hold that lessors of nonresidential real property are entitled to immediate payment of postpetition, pre-rejection rent at the full rate expressed in the lease. *Id.* at 836.

25. This court and courts in other jurisdictions have repeatedly held that § 365(d)(3) requires the timely payment of postpetition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corp.*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Best Prods. Co., Inc.*, 206 B.R. 404, 407 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor."); *Child World, Inc. v. Campbell/Mass. Trust (In re Child World, Inc.)*, 161 B.R. 571, 575 (S.D.N.Y. 1993) ("Section 365(d)(3) . . . fix[es] the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and . . . requir[es] these payments to be paid 'at the time required in the lease.'"); *In re Fin. News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993) ("[A] landlord's position under § 365(d)(3) is stronger than that of other administrative claimants, because, pre-rejection, it may rely on the terms of its lease, without having to establish that the obligations thereunder are 'actual, necessary costs and expenses of

preserving the estate.'"). The Court in *Trak Auto* specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." *Id.* at 669.

26. The November Rent which is due and owing to Principal was due in arrears. It became due and owing on the last day of November for the period from November 1 through November 30. Principal submits that it is entitled to payment of the full amount of the November Rent, not just the November Rent which is attributable to the period from the Petition Date through November 30. Indeed, the Debtor itself has submitted to this Court that it should be liable to its landlords of nonresidential real property for all rent which became from and after the Petition Date. *See* Debtors' Omnibus Objection to the Motions Pursuant to 11 U.S.C. §§ 365(A) and 503(B) to Compel Allowance and Payment of Post-Petition Rental Obligations as Administrative Expenses, Docket No. 641 (the "Objection"), at pp. 16-19 (maintaining that billing, not accrual, method is appropriate method to determine postpetition rent obligations of Debtor). Principal joins in the Debtor's request that this Court adopt the billing method utilized by other Courts and incorporates by reference the authority cited by the Debtor in its Objection.

27. As the rent due and owing to Principal did not become due until the last day of November, all of the November Rent is postpetition rent. Accordingly, the November Rent must be paid by the Debtor pursuant to its obligations under § 365(d)(3) to "timely perform all the obligations . . . arising from and after the order for relief under any unexpired lease of nonresidential real property." Further, until the Debtor rejects the Leases, the Debtor is required to pay rent to Principal in accordance with the terms of the Leases.

28. Principal does not need to demonstrate any benefit to the estate in order to prevail on its request for payment of the November Rent. *See, e.g., Trak Auto*, 277 B.R. at 665 ("lessor is not required to show debtor's continued possession of its space is a benefit to the estate"); *see*

*also Norritech v. Geonex (In re Geonex Corp.)*, 204 B.R. 684, 690-91 (D. Md. 1997), *aff'd*, 120 F.3d 261 (4th Cir. 1997) (same). Notwithstanding that this Court has held that a landlord need not so demonstrate, Principal submits that the Debtor has clearly benefited from its continued occupancy and use of the Premises.

29. The Debtor may continue to fail to comply with its obligations to pay the postpetition rent under the Leases in violation of the Bankruptcy Code. Accordingly, Principal requests that this Court not only direct the Debtor to immediately pay the November Rent, but also to timely pay all future administrative rent and charges coming due under the terms of the Leases.

### The Unpaid Postpetition Rent and Other Amounts Due and Owing Under the Leases Constitute an Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(A) Which the Debtor Should be Compelled to Pay Immediately

30. To the extent that this Court determines that the Debtor is not required to pay the November Rent pursuant to § 365(d)(3), the Debtor should be compelled to immediately pay the November Rent to Principal as an administrative expense pursuant to Bankruptcy Code Section 503(b)(1)(A).

31. Bankruptcy Code Section 503(b)(1)(A)(i) provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> > (1)(A) the actual, necessary costs and expenses of preserving the estate, including
> >
> > (i) wages, salaries, and commissions for services rendered after the commencement of the case. . . .

11 U.S.C. § 503(b)(1)(A)(i).

32. It is well-established that a landlord is entitled to an administrative claim under section 503(b)(1)(A) of the Bankruptcy Code for the fair rental value of the landlord's property

9

actually used by the debtor. *See*, *e.g.*, *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (D. Del. 2002); *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994). There is generally a presumption that "the rental value fixed in the lease will control unless there is convincing evidence that such rental rate is unreasonable." *In re F.A. Potts & Co, Inc.*, 137 B.R. 13, 18 (D. E.D. Pa. 1992); *see also Trak Auto*, 277 B.R. at 666 ("the settled rule in this District [Eastern District of Virginia] is that the contract rate of rent is the reasonable value for debtor's use and occupancy of the premises"); *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994) (same); *In re Thompson*, 788 F. 2d 560, 563 (9th Cir. 1986) ("fair and reasonable value of the lease upon the open market" controls the determination of reasonable value not the "actual value or benefit conferred on the debtor"); *In re Energy Resources Co., Inc.*, 47 B.R. 337, 339 (Bankr. D. Mass. 1985) ("rent under the lease is the appropriate use and occupancy rate unless the debtor produces evidence that it is unreasonable").

33. Because the November Rent and other amounts due and owing under the Leases have directly and undisputedly preserved the estate through the Debtor's actual use and occupancy of the Premises, Principal is entitled to an administrative expense claim for such amounts, which claim the Debtor should be directed to pay immediately. Principal submits that it is entitled to immediate payment of the full amount of the November Rent as an administrative expense claim. However, should the Court determine that the Debtor is only required to pay Principal for the portion of the November Rent attributable to the period from the Petition Date through November 30, Principal requests that the Debtor be directed to pay such portion immediately.

DM3\875258.2

**Principal Is Entitled to Immediate Payment of
Other Amounts Due and Owing Postpetition Under the Leases**

34.     Each of the Leases provides that (i) the Debtor is obligated to pay Late Charges and interest at the Default Rate (as each term is defined in each such Lease) on any and all rent payments which the Debtor fails to pay as and when due thereunder, and (ii) the Debtor is liable for the reimbursement of all attorneys fees and costs incurred in connection with enforcement of the Leases and the right to payment of rent thereunder.  Accordingly, Principal requests that the Debtor be directed to pay any and all Late Charges and Default Interest which has accrued and may continue to accrue on account of the unpaid November Rent, as well as all attorneys' fees and costs incurred by Principal in connection with filing and prosecuting this Motion as a result of the failure by the Debtor to pay the November Rent in accordance with the Leases.

**NOTICE**

35.     Notice of this Motion will be given to (i) counsel to the Debtor, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Principal submits that no other or further notice of the Motion is required.

**WAIVER OF MEMORANDUM OF LAW**

36.     Principal respectfully requests that the Court treat the Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

**NO PRIOR REQUEST**

37. No previous motion for the relief sought herein has been made to the Court or any other court.

WHEREFORE, Principal respectfully requests entry of an order, substantially in the form attached hereto as Exhibit "G," (a) directing the Debtor to immediately pay the November Rent to Principal pursuant to §§ 365(d)(3) and 503(b), plus interest at the Default Rate and Late Charges which have accrued or may continue to accrue in accordance with the Leases on account of the November Rent until such time as the November Rent is paid in full, (b) directing the Debtor to reimburse Principal for all of its attorneys fees and costs incurred in preparing and prosecuting this Motion as a result of the Debtor's failure to comply with the terms of the Leases, (c) directing the Debtor to make all future monthly payments of administrative rent and any and all other amounts due and owing under the Leases in full to Principal on or before the last day of each and every month hereafter during which administrative rent and other amounts become due and owing as required by the Leases, and (d) granting such other and further relief as this Court deems just and proper.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

| | |
|---|---|
| Dated: December 12, 2008 | Respectfully submitted, |
| | */s/ Denyse Sabagh* |
| | Denyse Sabagh, Esquire (Va. I.D. No. 17003) |
| | **Duane Morris LLP** |
| | 505 9th Street, N.W., Suite 1000 |
| | Washington, DC 20004-2166 |
| | Telephone: (202) 776-7817 |
| | Facsimile: (202) 379-9867 |
| | E-mail: DSabagh@duanemorris.com |
| | |
| | and |
| | |
| | Lauren Lonergan Taylor, Esquire |
| | Matthew E. Hoffman, Esquire |
| | **Duane Morris LLP** |
| | A Delaware Limited Liability Partnership |
| | 30 South 17th Street |
| | Philadelphia, PA 19103-4196 |
| | Telephone: (215) 979-1503/1524 |
| | Facsimile: (215) 689-4434/4922 |
| | E-mail: LLTaylor@duanemorris.com |
| | E-mail: MEHoffman@duanemorris.com |
| | |
| | ***Counsel for Principal Life Insurance Company*** |

# CERTIFICATE OF SERVICE

I, Matthew E. Hoffman, certify that I am not less than 18 years of age, and that on the date set forth below, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List.

Dated: December 12, 2008

/s/ *Matthew E. Hoffman*
Matthew E. Hoffman, Esquire
**Duane Morris LLP**
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1524
Facsimile: (215) 689-4922
E-mail: mehoffman@duanemorris.com

*Counsel for Principal Life Insurance Company*

## SERVICE LIST

Daniel F. Blanks, Esq.
Douglas M. Foely, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

Dion W. Hayes, Esq.
James S. Sheerin, Esq.
Sarah Beckett Boehm, Esq.
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
*Counsel for Debtors*

Gregg M. Galardi, Esq.
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtors*

Robert Van Arsdale, Esq.
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4303
Richmond, VA 23219
*Office of the U.S. Trustee*

Linda K. Myers, Esq.
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
*Special Counsel for Debtors*

David S. Berman, Esq.
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, MA 02108
*Counsel for Bank of America, N.A.*

DM3\875258.2

Bruce Matson, Esq.
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, VA 23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, NY 10017
*Counsel for the Official Committee of Unsecured Creditors*