0033595

ROCKINGHAM COUNTY
REGISTRY OF DEEDS

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT, made as of JUNE 30, 1993, by Circuit Investors #5 - Salem Limited Partnership, a New Hampshire limited partnership, having a post office address at 10000 North Central Expressway, Suite 1000, Dallas, Texas 75231 as Assignor ("Assignor" to be construed as "Assignors" if the context so requires), to Principal Mutual Life Insurance Company, an Iowa corporation having its principal place of business and post office address at 711 High Street, Des Moines, Iowa 50392, as Assignee,

### WITNESSETH THAT:

WHEREAS, Assignor, to evidence and secure a loan indebtedness, has made and delivered to Assignee a promissory note of even date herewith (the "Note") in the principal amount of $4,319,485.00, payable as provided for in the Note and finally maturing on August 1, 2015 with interest as herein expressed, and has executed and delivered a Mortgage and Security Agreement (it being agreed that "Mortgage" as hereinafter used shall be construed to mean "deed of trust" or "trust deed" or "deed to secure debt" if the context so requires) bearing the aforesaid date to secure the Note and creating a lien on Assignor's interest in certain real estate in the County of Rockingham, State of New Hampshire, more particularly described in Exhibit A attached hereto and made a part hereof, including the improvements now or hereafter thereon and the easements, rights and appurtenances thereunto belonging, all of which are hereinafter called the "Mortgaged Premises"; and

WHEREAS, Assignor is the lessor under that certain written lease of the Mortgaged Premises to Circuit City Stores, Inc. made under date of JUNE 30, 1993 and Assignor may hereafter make other leases of the Mortgaged Premises or parts thereof; and

WHEREAS, Assignee has required the assignment hereafter made as a condition to making the above loan;

NOW, THEREFORE, Assignor, for good and valuable considerations the receipt of which is hereby acknowledged, does hereby bargain, sell, transfer, assign, convey, set over and deliver unto Assignee, absolutely, presently and unconditionally, all rights of the lessor under the above described lease and all other leases affecting the Mortgaged Premises, or any part thereof, now existing or which may be executed at any time in the future during the life of this Assignment, and all amendments, extensions and renewals of said leases and any of them, all of which are hereinafter called the "Leases," and all rents, income and other payments which may now or hereafter be or become due or owing under the Leases, and any of them, or on account of the use of the Mortgaged Premises. It is intended hereby to establish a present and complete transfer of all the Leases and all rights of the lessor thereunder and all the rents, and other payments arising thereunder on account of the use of the Mortgaged Premises unto Assignee, with the right, but without the obligation, to collect all of said rents, income and other payments which may become due during the life of this Assignment. Assignor agrees to deposit with Assignee all leases of all or any portion of the Mortgaged Premises.

BK2993 P3025

Assignor hereby appoints Assignee the true and lawful attorney of Assignor with full power of substitution and with power for it and in its name, place and stead, to demand, collect, receipt and give complete acquittances for any and all rents and other amounts herein assigned which may be or become due and payable by the lessees and other occupants of the Mortgaged Premises, and at its discretion to file any claim or take any other action or proceeding and make any settlement of any claims, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce the payment of any and all rents and other amounts herein assigned. Lessees of the Mortgaged Premises, or any part thereof, are hereby expressly authorized and directed to pay all rents and other amounts herein assigned to Assignee or such nominee as Assignee may designate in writing delivered to and received by such lessees who are expressly relieved of any and all duty, liability or obligation to Assignor in respect of all payments so made.

Assignee is hereby vested with full power to use all measures, legal and equitable, deemed by it necessary or proper to enforce this Assignment and to collect the rents and other amounts assigned hereunder, including the right to enter upon the Mortgaged Premises, or any part thereof, and take possession thereof forthwith to the extent necessary to effect the cure of any default on the part of Assignor as lessor in any of the Leases. Assignor hereby grants full power and authority to Assignee to exercise all rights, privileges and powers herein granted at any and all times hereafter, without notice to Assignor, with full power to use and apply all of the rents and other amounts assigned hereunder to the payment of the costs of managing and operating the Mortgaged Premises and of any indebtedness or liability of Assignor to Assignee, including but not limited to the payment of taxes, special assessments, insurance premiums, damage claims, the costs of maintaining, repairing, rebuilding and restoring the improvements on the Mortgaged Premises or of making same rentable, attorney fees incurred in connection with the enforcement of this Assignment, and of principal and interest payments due from Assignor to Assignee on the Note and the Mortgage, all in such order as Assignee may determine. Assignee shall be under no obligation to press any of the rights or claims assigned to it hereunder or to perform or carry out any of the obligations of the lessor under any of the Leases and does not assume any of the liabilities in connection with or arising or growing out of the covenants and agreements of Assignor in the Leases; and Assignor covenants and agrees that it will faithfully perform all of the obligations imposed under any and all of the Leases and hereby agrees to indemnify Assignee and to hold it harmless from any liability, loss or damage which may or might be incurred by it under the Leases or by reason of this Assignment, and from any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any of the Leases. This Assignment shall not operate to place responsibility for the control, care, management or repair of the Mortgaged Premises, or parts thereof, upon Assignee nor shall it operate to make Assignee liable for the carrying out of any of the terms and conditions of any of the Leases, or for any waste of the Mortgaged Premises by the lessee under any of the Leases or any other party, or for any dangerous or defective condition of the Mortgaged Premises or for any negligence in the management, upkeep, repair or control thereof

-2-

resulting in loss or injury or death to any lessee, licensee, employee or stranger.

Any amounts collected hereunder by Assignee which are in excess of those applied to pay in full the aforesaid liabilities and indebtedness at the time due shall be promptly paid to Assignor provided no default has occurred in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement of Assignor contained herein or in the Note or the Mortgage, or in any of the Leases.

Assignor hereby represents and warrants to Assignee that it is the sole owner of the entire lessor's interest in each of the Leases; that the Leases are not in default and are valid and enforceable and have not been altered, modified or amended in any manner whatsoever except as herein expressly mentioned; that Assignor has not heretofore transferred or assigned the Leases or any of the rents thereunder or any right or interest therein, nor has it collected in advance or anticipated any of the rents thereunder; and Assignor represents and warrants that it is not indebted to the lessees under the Leases in any manner whatsoever so as to give rise to any right of set-off against, or reduction of, the rents payable under the Leases.

Assignor covenants not to alter, modify, amend or change the terms of the Leases or give any consent or permission or exercise any option required or permitted by the terms thereof or waive any obligation required to be performed by any lessee or execute, cancel or terminate any of the Leases or accept a surrender thereof without prior written consent of Assignee, and Assignor will not make any further transfer or assignment thereof, or convey or transfer or suffer a conveyance or transfer of the Mortgaged Premises or of any interest therein so as to effect, directly or indirectly, merger of the estates and rights of, or a termination or diminution of the obligations of, any lessee thereunder. Assignor further covenants to deliver to Assignee, promptly upon receipt thereof, copies of any and all demands, claims and notices of default received by it from any lessee under any of the Leases assigned herein.

Upon payment in full of the principal sum, interest and other indebtedness evidenced by the Note, and secured hereby, and satisfaction and discharge of the Obligations under the Mortgage, this Assignment shall be and become null and void; otherwise, it shall remain in full force and effect as herein provided and, with the covenants, warranties and power of attorney herein contained, shall inure to the benefit of Assignee and any subsequent holder of the Note, and shall be binding upon Assignor, and its heirs, legal representatives, successors and assigns, and any subsequent owner of the Mortgaged Premises.

Anything in this Assignment, the Mortgage, the Note or any other instrument or agreement by which the Note is secured to the contrary notwithstanding, Assignor shall have no personal liability for the payment of any principal, interest or premium due under the Note and Assignee shall not seek any deficiency judgment against Assignor or make any resort therefor to any property of Assignor other than the premises and the rents, issues, proceeds and profits thereof which rents, issues, proceeds and profits are not applied to payments under the loan documents and which accrue after a default or any event which with the giving of notice or passage of time could result or

-3-

ripen into an Event of Default. The provisions of this paragraph however shall not: (i) limit Assignor's personal liability for its obligations under this Assignment, the Mortgage or any other instrument or agreement by which the Note is secured for taxes, assessments or insurance relating to the Mortgaged Premises, incurred during the period of the Assignor's ownership of the Mortgaged Premises and beyond applicable grace or cure periods, as defined herein or therein, or for Assignor's obligation to indemnify and hold Assignee harmless from any loss or damage from any Hazardous Material that exists upon or is discharged from the Mortgaged Premises; (ii) limit or impair the lien or enforcement of any other instrument or agreement by which the Note is secured or the right of Assignee to collect all sums due hereunder or thereunder except as expressly limited by this paragraph; (iii) cause the failure of Assignor to make all payments of principal, interest and premium or to perform any obligation under the Mortgage or any instrument or agreement by which the Note is secured within the time periods provided herein or therein from being an Event of Default thereunder; (iv) be construed as limiting the obligations of Assignor under any lease of the Mortgaged Premises; (v) limit the obligations of any indemnitor or guarantor, if any, of Assignor's obligations under the Mortgage, the Note or any other instrument or agreement by which it is secured; or (vi) limit the Assignor's personal liability for: (a) property income received after an Event of Default and not applied to fixed and operating expenses of the Mortgaged Premises, (b) sums paid by Assignee in fulfilling Assignor's obligations under any lease, (c) security deposits, or (d) the misapplication of prepaid rents or other similar sums paid in connection with the Mortgaged Premises.

   Notwithstanding the foregoing, this agreement not to pursue recourse liability **SHALL BECOME NULL AND VOID** and shall be of no future force or effect in the event:

   (A) of an Event of Default pursuant to a violation of paragraph 1 (1) of the Mortgage; or

   (B) of an Event of Default pursuant to a violation of paragraph 10 (b), (c) or (d) of the Mortgage; or

   (C) of any fraud or willful misrepresentation by Assignor or any of the entities or individuals comprising Assignor in connection with the Mortgaged Premises, the loan documents, or any other aspect of the loan.


   Concurrently with the execution of any lease covering the Mortgaged Premises, Assignor will notify the lessee, by U.S. Certified Mail, of the existence of this Assignment and will deliver an executed copy of this Assignment to such lessee, directing such lessee to make all payments under its lease to Assignee or its nominee in accordance with the terms of this Assignment.

   It is understood and agreed that this Assignment shall become effective concurrently with the Note and the Mortgage. This Assignment shall be governed by and construed in accordance with the laws of the State where the Mortgaged Premises is located.

-4-

B2993 P3028

IN WITNESS WHEREOF, Assignor has caused this Assignment to be duly executed and delivered as of the date first hereinabove written.

                                CIRCUIT INVESTORS #5 - NASHUA
                                LIMITED PARTNERSHIP, a New
                                Hampshire limited partnership

                                By: CIRCUIT GENERAL PARTNER #5 -
                                NEW HAMPSHIRE, INC., a New
                                Hampshire corporation, General
                                Partner

ATTEST: _____

                                By _____

                                Its _President_


STATE OF ~~NEW HAMPSHIRE~~ New York )
                              )
COUNTY OF New York      ) to wit:


    I hereby certify, that on this 30th day of June, in the year 1993, before the subscriber, Dawn Schoenig, personally appeared Gil J. Besing, as President of Circuit General Partner #5 - New Hampshire Inc., General Partner of Circuit Investors #5 - Nashua Limited Partnership, and acknowledged the foregoing document to be the act of Circuit General Partner #5 - New Hampshire, Inc. acting on behalf of Circuit Investors #5 - Nashua Limited Partnership.

    Given under my hand and seal this 30th day of June, 1993.

                                  _____
                                  Notary Public

[Notarial Seal]
                         My Commission Expires 8/3/93

            DAWN M. SCHOENIG
          Notary Public, State of New York
              No. 52-4900811
           Qualified in Suffolk County
       Commission Expires August 3, 199_ 93

BK2993 P3029

## EXHIBIT "A"

### Lot 192, Map 143

A certain tract of land situated in the Town of Salem, County of Rockingham, State of New Hampshire, and being more particularly described as follows:

Beginning at an iron pipe at the Southeast corner of the premises on the westerly sideline of South Broadway at the Northeasterly corner of land of Juniper Realty, Inc.; thence

S 62° 52' 48" W a distance of 250.80 feet by said land of Juniper Realty, Inc. to a railroad spike; thence

S 81° 47' 18" W a distance of 51.43 feet by said land of Juniper Realty, Inc. and land of the Boston and Maine Corporation to an iron pipe at land of said Boston and Maine Corporation; thence

N 29° 11' 14" W a distance of 924.77 feet by said Boston and Maine Corporation to an iron pipe; thence

N 06° 39' 14" W a distance of 16.87 feet by said Boston and Maine Corporation to an iron pipe; thence

N 79° 52' 26" E a distance of 179.10 feet by said land of Boston and Maine Corporation and land of VSH Realty to a railroad spike at land of Evangelos Pappastathis; thence

S 29° 37' 43" E a distance of 338.00 feet by said land of Pappastathis and land of Salvio & Catherine Consentino to an iron pipe; thence

N 64° 16' 35" E a distance of 124.20 feet by said land of Consentino to a railroad spike at the aforesaid South Broadway; thence

S 29° 37' 43" E a distance of 152.53 feet by said South Broadway to a point; thence

S 60° 23' 05" W a distance of 8.00 feet by said South Broadway to a point; thence

S 29° 37' 43" E a distance of 411.25 feet by said South Broadway to the point of beginning.

7

3573-93

Granite State Title Services, Inc.
60 Farmington Road
Rochester, N.H. 03867
603-332-7333

RECEIVED AND RECORDED
ROCKINGHAM COUNTY
REGISTRY OF DEEDS