RECEPTION NO. F0119586      46.00                    PG: 0001-009
230      RECORDED IN JEFFERSON COUNTY, COLORADO            9/22/95 15:33

## ASSIGNMENT OF
## LEASES AND RENTS

THIS ASSIGNMENT, made as of September 21st, 1995, by CIRCUIT INVESTORS COLORADO LIMITED PARTNERSHIP, a Texas limited partnership having a post office address at 8411 Preston Road, Suite 850, Dallas, Texas 75225, as assignor ("Assignor"), to PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, an Iowa corporation having its principal place of business and post office address at 711 High Street, Des Moines, Iowa 50392, as assignee ("Assignee").

WITNESSETH THAT:

WHEREAS, Assignor, to evidence and secure a loan indebtedness, has made and delivered to Assignee a promissory note of even date herewith (the "Note") in the principal amount of $4,549,879.00, payable as provided for in the Note and finally maturing (absent any acceleration of maturity as therein provided) on October 31, 2017, with interest as therein expressed, and has executed and delivered a Deed of Trust, Security Agreement and Assignment of Rents (the "Mortgage") bearing the aforesaid date to secure the Note and creating a lien on Assignor's interest in certain real estate in the County of Jefferson, State of Colorado, more particularly described in Exhibit A attached hereto and made a part hereof, including the improvements now or hereafter thereon and the easements, rights and appurtenances thereunto belonging, all of which are hereinafter called the "Mortgaged Premises"; and

WHEREAS, Assignor is the lessor under that certain written lease of the Mortgaged Premises made under date of September 20, 1995, to CIRCUIT CITY STORES, INC., and Assignor may hereafter make other leases of the Mortgaged Premises or parts thereof; and

WHEREAS, Assignee has required the assignment hereafter made as a condition to making the above-described loan;

NOW, THEREFORE, Assignor, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and directly (and not merely collaterally) assign, bargain, sell, transfer, convey, set over and deliver unto Assignee, all rights of the lessor under the above described lease and all other leases, tenancies, rental arrangements and subleases affecting the Mortgaged Premises, or any part thereof, now existing or which may be executed at any time in the future during the life of this Assignment, and all amendments, extensions and renewals of said leases and subleases and any of them, all of which are hereinafter called the "Leases," and all rents or other income or payments, regardless of type or source of payment (including but not limited to CAM charges, lease termination payments, refunds of any type, prepayment of rents,

settlements of litigation or settlements of past due rents) which may now or hereafter be or become due or owing under the Leases, and any of them, or on account of the use of the Mortgaged Premises. It is intended hereby to establish a present and complete transfer, and direct and absolute assignment of all the Leases and all rights of the lessor thereunder and all the rents, and other payments arising thereunder on account of the use of the Mortgaged Premises unto Assignee, with the right, but without the obligation, to collect all of said rents, income and other payments which may become due during the life of this Assignment. Assignor agrees to deposit with Assignee two copies (or such greater number as Assignee may from time to time require) of all leases of all or any portion of the Mortgaged Premises.

2

1. Assignor hereby appoints Assignee the true and lawful attorney of Assignor with full power of substitution and with power for it and in its name, place and stead, to demand, collect, receipt and give complete acquittances for any and all rents and other amounts herein assigned which may be or become due and payable by the lessees and other occupants of the Mortgaged Premises, and at its discretion to file any claim or take any other action or proceeding and make any settlement of any claims, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce the payment of any and all rents and other amounts herein assigned. Lessees of the Mortgaged Premises, or any part thereof, are hereby expressly authorized and directed to pay all rents and other amounts herein assigned to Assignee or such nominee as Assignee may designate in writing delivered to and received by such lessees who are expressly relieved of any and all duty, liability or obligation to Assignor in respect of all payments so made.

2. Assignee is hereby vested with full power to use all measures, legal and equitable, deemed by it necessary or proper to enforce this Assignment and to collect the rents and other amounts assigned hereunder, including the right to enter upon the Mortgaged Premises, or any part thereof, and take possession thereof forthwith to the extent necessary to effect the cure of any default on the part of Assignor as lessor in any of the Leases. Assignor hereby grants full power and authority to Assignee to exercise all rights, privileges and powers herein granted at any and all times hereafter, without notice to Assignor, with full power to use and apply all of the rents and other amounts assigned hereunder to the payment of the costs of managing and operating the Mortgaged Premises and of any indebtedness or liability of Assignor to

Assignee, including but not limited to the payment of taxes, special assessments, insurance premiums, damage claims, the costs of maintaining, repairing, rebuilding and restoring the improvements on the Mortgaged Premises or of making same rentable, attorney fees and costs incurred in connection with the interpretation and/or enforcement of this Assignment, and of principal and interest payments due from Assignor to Assignee on the Note and the Mortgage, all in such order as Assignee may determine. Assignee shall be under no obligation to press any of the rights or claims assigned to it hereunder or to perform or carry out any of the obligations of the lessor under any of the Leases and does not assume any of the liabilities in connection with or arising or growing out of the covenants and agreements of Assignor in the Leases; and Assignor covenants and agrees that it will faithfully perform all of the obligations imposed under any and all of the Leases and hereby agrees to indemnify Assignee and to hold it harmless from any liability, attorney's fees, costs, loss or damage which may or might be incurred by it under the Leases or by reason of this Assignment, and from any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any of the Leases. This Assignment shall not operate to place responsibility for the control, care, management or repair of the Mortgaged Premises, or parts thereof, upon Assignee nor shall it operate to make Assignee liable for the carrying out of any of the terms and conditions of any of the Leases, or for any waste of the Mortgaged Premises by the lessee under any of the Leases or any other party, or for any dangerous or defective condition of the Mortgaged Premises or for any negligence in the management, upkeep, repair or control thereof resulting in loss or injury or death to any lessee, licensee, employee or stranger.

3

The manner of the application of rentals, the reasonableness of the costs and charges to which such rentals are applied and the item or items which shall be credited thereby shall be within the sole and unlimited discretion of Assignee.

3. Any amounts collected hereunder by Assignee which are in excess of those applied to pay in full the aforesaid liabilities and indebtedness at the time due shall be promptly paid to Assignor.

4. Assignor hereby represents and warrants to Assignee that it is the sole owner of the entire lessor's interest in each of the Leases; that the Leases are not in default and are valid and enforceable and have not been altered, modified or amended in any manner whatsoever except as herein expressly mentioned; that all conditions precedent to the effectiveness of the Leases have been satisfied; that Assignor has not heretofore transferred or assigned the Leases or any of the rents thereunder or any right or interest therein, nor has it collected in advance or anticipated any of the rents thereunder; and Assignor represents and warrants that it is not indebted to the lessees under the Leases in any manner whatsoever so as to give rise to any right of setoff against, or reduction of, the rents payable under the Leases.

5. Assignor covenants not to alter, modify, amend or change the terms of the Leases or give any consent or permission or exercise any option required or permitted by the terms thereof or waive any obligation required to be performed by any lessee or execute, cancel or terminate any of the Leases or accept a surrender thereof or enter into Leases after the date hereof without prior written consent of Assignee, and Assignor will not make any further transfer or assignment thereof, or attempt to pledge, assign or encumber any of the Leases or rents or other amounts payable thereunder, or convey or transfer or suffer a conveyance or transfer of the Mortgaged Premises or of any interest therein so as to effect, directly or indirectly, a merger of the estates and rights of, or a termination or diminution of the obligations of, any lessee thereunder. Assignor further covenants to deliver to Assignee, promptly upon receipt thereof, copies of any and all demands, claims and notices of default received by it from any lessee under any of the Leases assigned herein. If requested by Assignee, Assignor shall enforce the Leases and all remedies available to Assignor against the lessees thereunder in case of default under the Leases by lessees.

6. Upon payment in full of the principal sum, interest and other indebtedness secured hereby, and by any other documents which secure the Note, this Assignment shall be and become null and void; otherwise, it shall remain in full force and effect as herein provided and, with the covenants, warranties and power of attorney herein contained, shall inure to the benefit of Assignee and any subsequent holder of the Note, and shall be binding upon Assignor, and its heirs, legal representatives, successors

and assigns, and any subsequent owner of the Mortgaged Premises.

7. Concurrently with the execution of any lease covering the Mortgaged Premises, Assignor will notify the lessee, by U.S. Certified Mail, of the existence of this Assignment and will deliver an executed copy of this Assignment to such lessee, directing such lessee to make all payments under its lease to Assignee or its nominee in accordance with the terms of this Assignment.

8. It is understood and agreed that this Assignment shall become effective concurrently with the Note and the Mortgage. This Assignment shall be governed by and construed in accordance with the laws of the State where the Mortgaged Premises is located.

9. It is the intention of Assignee and Assignor that the assignment effectuated by this Assignment with respect to the rents and other amounts due under the Leases shall be a direct and currently effective assignment and shall not constitute merely the granting of a lien, security interest or pledge for the purpose of securing the indebtedness secured by the Mortgage. In the event that a court of competent jurisdiction determines that, notwithstanding such expressed intent of the parties, Assignee's interest in the rents or other amounts due under the Leases constitutes a lien on or security interest in or pledge of the rents or other amounts due under the Leases such lien, security interest or pledge shall be deemed effective and perfected as of the date of this Assignment, and it is agreed and understood that the forwarding of a notice to Assignor after the occurrence of a default (after expiration of applicable grace and cure periods, if any), advising Assignor of the revocation of Assignor's license to collect such rents and other amounts due under the Leases, shall be sufficient action by Assignee to (i) take possession of the rents and other amounts due under the leases and (ii) entitle Assignee to immediate and direct payment of the rents and other amounts due under the Leases, for application as provided in the Note or Mortgage, all without the necessity of any further action by Assignee, including, without limitation, any action to obtain the appointment of a receiver or to obtain possession of the land, improvements or any other portion of the Mortgaged Premises. Notwithstanding the direct and absolute assignment of the rents and other amounts as herein described, there shall be no pro tanto reduction of any portion of the indebtedness secured by the

Mortgage except with respect to rents or other amounts actually received by Assignee and applied by Assignee toward payment of such indebtedness.

10. Notwithstanding anything in this Assignment to the contrary, Assignee may, upon written notice to Assignor, elect to (i) exclude from the assignment provided in this Assignment any of the Leases as specified in such notice so that the interest under such indicated Lease is not assigned to Assignee, and (ii) subordinate the lien and other terms and provisions of the Mortgage to any of the Leases as indicated in said notice to Assignor.

11. Assignor has had the opportunity to fully negotiate the terms hereof and modify the draftsmanship of this Assignment. Therefore, the terms of the Assignment shall be construed and interpreted without any presumption, inference, or rule requiring construction or interpretation of any provision of this Assignment against the interest of the party causing this Assignment or any portion of it to be drafted. Assignor is entering into this Assignment freely and voluntarily without any duress, economic or otherwise.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be duly executed and delivered as of the date first hereinabove written.

Signed and acknowledged
in the presence of:

_Janell Davidson_ (signature)
Printed Name: Janell Davidson
(witness 1)

_Kay Murray_ (signature)
Printed name: Kay Murray
(witness 2)

CIRCUIT INVESTORS COLORADO
LIMITED PARTNERSHIP

By: ARROWHEAD HOLDING CORPORATION,
a Texas corporation

Its: General Partner

By: _____

Printed Name: Gil J. Besing

Title: Vice President

STATE OF _Texas_ )
) SS:
COUNTY OF _Dallas_ )

The foregoing instrument was acknowledged before me this _30th_ day of September, 1995, by _Gil J. Besing_, the _Vice President_ of ARROWHEAD HOLDING CORPORATION, a Texas corporation, general partner of CIRCUIT INVESTORS COLORADO LIMITED PARTNERSHIP, a Texas limited partnership, on behalf of the corporation and the partnership.

WITNESS MY HAND AND OFFICIAL SEAL.

My commission expires: _5/23/96_



_Lisa Wooldridge_
Notary Public

This instrument prepared by,
and after recording return to:

Ronald H. Thompson, Esq.
Thompson & Zall, LLC
720 S. Colorado Blvd.
Suite 1200 S
Denver, CO  80222-1904
(303) 691-9700

EXHIBIT A
LEGAL DESCRIPTION

A TRACT OF LAND IN THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF THE NORTHEAST 1/4 OF SECTION 4, TOWNSHIP 4 SOUTH, RANGE 69 WEST OF THE 6TH PRINCIPAL MERIDIAN, COUNTY OF JEFFERSON, STATE OF COLORADO DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF SAID NE 1/4 OF SECTION 4, WHENCE THE NORTHEAST CORNER OF SAID NE 1/4 BEARS SOUTH 89 DEGREES 39 MINUTES 02 SECONDS EAST, 2639.29 FEET;
THENCE ALONG THE WEST LINE OF SAID NE 1/4, SOUTH 00 DEGREES 59 MINUTES 04 SECONDS WEST 280.00 FEET TO THE NORTHWEST CORNER OF THE PARCEL OF LAND TO THE CITY OF LAKEWOOD, AS DESCRIBED IN RECEPTION NO. 92103777, JEFFERSON COUNTY RECORDS;
THENCE ALONG THE NORTH LINE OF SAID PARCEL SOUTH 89 DEGREES 39 MINUTES 02 SECONDS EAST, 2.27 FEET TO THE TRUE POINT OF BEGINNING;
THENCE PARALLEL WITH THE NORTH LINE OF SAID NE 1/4 OF SECTION 4 AND ALONG THE SOUTH LINE OF THAT PARCEL DESCRIBED IN BOOK 312 AT PAGE 167, JEFFERSON COUNTY RECORDS, SOUTH 89 DEGREES 39 MINUTES 02 SECONDS EAST, 153.23 FEET TO A LINE PARALLEL WITH THE WEST LINE OF SAID NE 1/4 OF SECTION 4;
THENCE ALONG SAID PARALLEL LINE AND THE EAST LINE OF SAID PARCEL DESCRIBED IN BOOK 312 AT PAGE 167, NORTH 00 DEGREES 59 MINUTES 04 SECONDS EAST, 235.00 FEET TO THE SOUTH RIGHT OF WAY LINE WEST COLFAX AVENUE, SAID LINE BEING 45.00 FEET SOUTH AND PARALLEL WITH THE NORTH LINE OF SAID NE 1/4 OF SECTION 4; THENCE ALONG SAID SOUTH RIGHT OF WAY LINE SOUTH 89 DEGREES 39 MINUTES 02 SECONDS EAST, 329.31 FEET TO A LINE PARALLEL WITH AND 175.00 FEET WEST, AS MEASURED AT RIGHT ANGLES FROM THE EAST LINE OF SAID NW 1/4 OF THE NW 1/4 OF THE NE 1/4 OF SECTION 4;
THENCE ALONG SAID PARALLEL LINE SOUTH 00 DEGREES 59 MINUTES 18 SECONDS WEST, 125.00 FEET TO A LINE PARALLEL WITH THE NORTH LINE OF SAID NE 1/4 OF SECTION 4;
THENCE ALONG SAID PARALLEL LINE NORTH 89 DEGREES 39 MINUTES 02 SECONDS WEST, 15.60 FEET;
THENCE AT RIGHT ANGLES TO SAID NORTH LINE OF THE NE 1/4 OF SECTION 4 SOUTH 00 DEGREES 20 MINUTES 58 SECONDS WEST, 282.21 FEET TO A LINE PARALLEL WITH SAID NORTH LINE OF THE NE 1/4 OF SECTION 4;
THENCE ALONG SAID PARALLEL LINE NORTH 89 DEGREES 39 MINUTES 02 SECONDS WEST 460.90 FEET TO THE SOUTHEAST CORNER OF SAID PARCEL OF LAND TO THE CITY OF LAKEWOOD, AS DESCRIBED IN RECEPTION NO. 92103777, SAID POINT BEING ALSO THE BEGINNING OF A NON-TANGENT CURVE CONCAVE NORTHEASTERLY, HAVING A RADIUS OF 14.50 FEET, A RADIAL LINE FROM SAID POINT BEARS NORTH 15 DEGREES 13 MINUTES 49 SECONDS EAST;

THENCE ALONG THE EASTERLY LINE OF SAID PARCEL THE FOLLOWING COURSE:

WESTERLY, NORTHWESTERLY, AND NORTHERLY 19.17 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 75 DEGREES 45 MINUTES 15 SECONDS;

THENCE TANGENT TO SAID CURVE NORTH 00 DEGREES 59 MINUTES 04 SECONDS EAST, 67.04 FEET;

THENCE NORTH 02 DEGREES 05 MINUTES 54 SECONDS EAST, 91.05 FEET TO THE TRUE POINT OF BEGINNING,

TOGETHER WITH EASEMENT RIGHTS AS CREATED IN THAT CERTAIN RECIPROCAL EASEMENT DEED RECORDED DECEMBER 29, 1967 IN BOOK 1990 AT PAGE 128, AS AMENDED JULY 18, 1969 IN BOOK 2118 AT PAGE 785, JEFFERSON COUNTY RECORDS.

COUNTY OF JEFFERSON,
STATE OF COLORADO.

9

Return To:

RETURN TO: REPUBLIC TITLE
300 CRESCENT COURT, #100
DALLAS, TX 75201
ATTN: JANEILL DAVIDSON

Suite 1900
Denver, CO 80202-1904