IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CIRCUIT CITY STORES, INC. *et al.*, | ) Case No. 08-35653-KRH <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) |

**MOTION AND SUPPORTING MEMORANDUM OF LAW OF
PRATTCENTER, LLC AND VALLEY CORNERS SHOPPING CENTER,
LLC FOR AN ORDER COMPELLING DEBTORS TO
IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT
TO 11 U.S.C. §§ 365(d)(3) AND 503(b) AND GRANTING RELATED RELIEF**

COME NOW PrattCenter, LLC and Valley Corners Shopping Center, LLC (collectively the "Landlords"), owners and lessors of certain nonresidential real property, to hereby move this Court to enter an order (the "*Motion*"), substantially in the form attached hereto as **EXHIBIT C**: (a) authorizing and directing Debtor, Circuit City Stores, Inc., one of the Debtors in the above-captioned bankruptcy cases (the "Debtors"), to immediately pay outstanding administrative rent for November, 2008 pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) of the *United States Bankruptcy Code*, and (b) granting related relief, as more specifically described herein. In support of its *Motion*, the Landlords respectfully states as follows:

**Jurisdiction and Venue:**

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

Peter M. Pearl, Esquire (VSB # 22344)
C. Thomas Ebel, Esquire (VSB #18637)
William A. Gray, Esquire  (VSB #46911)
Lisa Taylor Hudson, Esquire (VSB # 45484)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:     (804) 783-7291
   *Counsel for PrattCenter, LLC and Valley Corners Shopping Center, LLC*

**Basis for Relief:**

2. Sections 365(d)(3) and 503(b)(1)(A) authorize the relief requested in this *Motion*.

**Background:**

3. The Landlords are the lessors and landlords of certain nonresidential real property set forth below:

| Owners/Lessors/Landlords | Stores/Locations ("Leased Premises") | Date of Leases[1] |
|---|---|---|
| PrattCenter, LLC | Prattville Town Center in Prattville, Alabama | February 9, 2007 |
| Valley Corners Shopping Center, LLC | Valley Corners Shopping Center in Hickory, North Carolina | September 16, 2006 |

4. Pursuant to the Leases, the Debtors were required to pay, on the first day of each month, minimum rent and other charges, including CAM, real estate taxes, and insurance.

5. On November 10, 2008 (the "Petition Date"), the Debtors and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the *Bankruptcy Code*.

6. The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Leased Premises.

7. The Debtors have not paid the rent due in November, 2008, for the Leased Premises nor paid the portion of the November administrative rent and other related charges due and owing under the Leases for the post-petition period commencing upon November 10, 2008, and ending November 30, 2008 ("November Administrative Rent").

| Store/Location | November Administrative Rents |
|---|---|
| PrattCenter, LLC | November: $15,312 |
| Valley Corners Shopping Center, LLC | November: $28,245 |

---

[1] A true copy of the Leases, designated as **EXHIBITS A and B** (the "Leases"), respectively, will be made available upon reasonable request to undersigned counsel.

8.  On November 10, 2008, the Debtors filed their Motion of Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming the Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC; and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement (the "Debtors' Sale Procedures Motion").

9.  The Debtors' Sale Procedures Motion sought authority to assume a pre-petition store closing sales agreement (the "Agency Agreement"), between certain of the Debtors and Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Agent"). The Debtors also sought approval of sale guidelines (the "Sale Guidelines").

10. On November 21, 2008, the Landlords and another entity, Landlord, UTC I, LLC filed their Limited Objection to the Debtors' Motion (the "Objection").

11. In resolution of the Objection, an agreement was reached between the parties which was memorialized in an exchange of emails (the "Settlement"). Those emails are attached hereto as **EXHIBIT D** and are incorporated herein by reference. As part of the Settlement, the Debtors agreed to, among other things, the payment of November Administrative Rent to the Landlords in exchange for a withdrawal of the Objection.

12. After the hearing on the Debtors' Sales Procedures Motion, wherein it was announced the Objection had been resolved, the Debtors informed the Landlords that November Administrative Rent would only be paid for UTC I, LLC.

13. The Landlords, in reliance on the Settlement, withdrew the Objection. The Debtors reached agreement for payment of the November Administrative Rent to the Landlords, as evidenced by **EXHIBIT D**.

**Relief Requested:**

14. The Landlords respectfully move this Court for entry of any order, substantially in the form attached hereto as **EXHIBIT C**: (a) authorizing and directing the Debtors to immediately pay the November Administrative Rent owed to the Landlords pursuant to Sections 365(d)(3) and 503(b) of the *Bankruptcy Code* and the terms of the Settlement; (b) authorizing and directing the Debtors to reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this *Motion* due to the Debtors' failure to comply with the terms of the Leases and Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (c) authorizing and directing the Debtors to make all future monthly payments of administrative rent and related charges to the Landlords in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Leases; and (d) granting such other and further relief as this Court deems just and proper.

**Argument:**

15. Section 365(d)(3) of the *Bankruptcy Code* provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor*, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1). . . .

11 U.S.C. § 365(d)(3)(emphasis added).

16. Since the *Bankruptcy Code* compels a landlord to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). Such protections are critical to protect landlords from ever-increasing losses during the post-petition, pre-rejection period.

17. This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense

4

at the full contract rate. *See In re Trak Auto Corp.*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) (until lease rejected, debtor required to pay rent to landlord from the date of petition until date lease rejected), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Best Products Co., Inc.*, 206 B.R. 404, 406 (Bankr. E.D. Va. 1997) (Congress enacted 365(d)(3) to guarantee landlords would not be placed at disadvantage for providing post-petition services to debtor).

18.    In light of the Debtors' failure to pay the November Administrative Rent, the Debtors will likely continue to ignore their post-petition obligations under the Leases in violation of the *Bankruptcy Code*. Accordingly, as a result of the Settlement whereby the Debtors specifically agreed to pay November Administrative Rent and for the other reasons set forth herein, the Court should enter an order directing the Debtors to immediately pay the November Administrative Rent and timely pay all future administrative rent and related charges that arise under the Leases on a post-petition basis.

19.    Furthermore, the Leases provide that the Debtors are obligated to promptly reimburse the Landlords for all reasonable and actual legal fees incurred in connection with enforcing the Leases after the Debtors default on their obligations thereunder. Accordingly, the Landlords request that the Debtors be directed to pay the attorneys' fees and costs incurred by the Landlords in connection with filing and prosecuting this *Motion*.

### Waiver of Memorandum of Law:

20.    The Landlords respectfully request that this Court treat this *Motion* as a written memorandum of points and authorities or waive any requirement that this *Motion* be accompanied by a written memorandum of points and authorities as described in Rule

9013-1(G) of the *Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.*

## No Prior Request:

21.    No previous motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, by reason of the foregoing and any arguments at hearing, the Landlords respectfully request entry of an order, substantially in the form attached hereto as **EXHIBIT C**:  (a) authorizing and directing the Debtors to immediately pay the November Administrative Rent owed to the Landlords pursuant to Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (b) authorizing and directing the Debtors to reimburse the Landlords for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this *Motion* due to the Debtors' failure to comply with the terms of the Leases and Sections 365(d)(3) and 503(b) of the *Bankruptcy Code*; (c) authorizing and directing the Debtors to make all future monthly payments of administrative rent and related charges to the Landlords in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Leases; and (d) granting such other and further relief as this Court deems just and proper.

**Dated: December 12, 2008**            Respectfully Submitted,

                            **PRATTCENTER, LLC
                            AND
                            VALLEY CORNERS SHOPPING CENTER, LLC,**

                            **By Counsel**

By: /s/ Peter M. Pearl
    Peter M. Pearl, Esquire  (VSB # 22344)
    C. Thomas Ebel, Esquire  (VSB #18637)
    William A. Gray, Esquire  (VSB #46911)
    Lisa Taylor Hudson, Esquire (VSB # 45484)
    SANDS, ANDERSON, MARKS & MILLER, P.C.
    801 East Main Street, Suite 1800
    (Post Office Box 1998)
    Richmond, Virginia 23219 (23218-1998)
    Phone: (804) 648-1636
    Fax:    (804) 783-7291

    and

    Amy Pritchard Williams, Esquire
    North Carolina State Bar No. 19233
    K&L GATES LLP
    Hearst Tower, 47th Floor
    214 North Tryon Street
    Charlotte, North Carolina 28202
    Telephone: (704) 331-7400
    Facsimile: (704) 353-3129
    *Counsel for PrattCenter, LLC and Valley Corners Shopping Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2008, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List.

                        /s/ Peter M. Pearl

7

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
    *Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
    *Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
    *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
    *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
    *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
 *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
 *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
 *Counsel for the Official Committee of*
 *Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
 *Counsel for the Creditors Committee*

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Richmond Division)

| | |
|---|---|
| In Re: ) | |
| ) | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** ) | **Case No. 08-035653-KRH** |
| ) | **(Jointly Administered)** |
| **Debtors.** ) | |

**ORDER**

This matter having come before the Court upon the *Motion and Supporting Memorandum of PrattCenter, LLC and Valley Corners Shopping Center, LLC for an Order Compelling Debtors to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) and Granting Related Relief* (the "*Motion*") filed in the bankruptcy case of the above-captioned Debtors and Debtors in Possession, including specifically, Circuit City Stores, Inc. (the "Debtors"), the Court finds that (i) it has jurisdiction over the matters raised in the *Motion* pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) notice of the *Motion* and the opportunity for a hearing thereon on December 22, 2008, at 1:00 P.M. has been given and no other or further notice is necessary; and (iv) good and sufficient cause exists for the granting of the relief requested in the *Motion* after having given due deliberation upon the *Motion* and the arguments presented at any hearing had thereupon. Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The *Motion* is **GRANTED**;

2. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the *Motion*;

10

3. The Debtors are authorized and directed to pay within two (2) business days of the entry of this Order, the November Administrative Rents to the Landlords in the total aggregate amount of **$43,557**.

4. The Debtors shall, within two (2) business days of their receipt of a written request from the Landlords therefore, reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting the *Motion*;

5. The Debtors shall make all future monthly payments of administrative rent and related charges to the Landlords in full on or before the first day of the month for which such administrative rent and related charges become due under the Leases, and shall pay the real estate taxes, all as required by the Leases;

6. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and to resolve any and all disputes related thereto; and

7. The Clerk is requested to send copies of this Order, after entry, to all parties and counsel as set forth herein.

**ENTERED ON THE DOCKET:**

_____/2008

The Honorable Kevin R. Huennekens
United States Bankruptcy Judge
Eastern District of Virginia
Richmond Division

WE ASK FOR THIS:

/s/ Peter M. Pearl
Peter M. Pearl, Esquire  (VSB # 22344)
C. Thomas Ebel, Esquire  (VSB #18637)
William A. Gray, Esquire  (VSB #46911)
Lisa Taylor Hudson, Esquire (VSB # 45484)
SANDS, ANDERSON, MARKS & MILLER, P.C.
801 East Main Street, Suite 1800 (Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:     (804) 783-7291

11

and

Amy Pritchard Williams, Esquire
North Carolina State Bar No. 19233
K&L GATES LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7400
Facsimile: (704) 353-3129

## PROOF OF SERVICE PURSUANT TO *LOCAL RULE* 9022-1(C)(2)

I hereby certify that the foregoing proposed Order has been served upon all necessary parties as set forth in the Service List below, electronically through the Electronic Case Filing ("ECF") System and by United States Mail, first class, postage prepaid on this 12th day of December, 2008.

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
   *Counsel for Debtors*


Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
   *Counsel for Debtors*

12

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
    *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
    *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
    *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
    *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
    *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
    *Counsel for the Official Committee of
    Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
    *Counsel for the Creditors Committee*

   ___/s/ Peter M. Pearl___