of five (5) days without notice in the event that two (2) such Nonpayment Notices from Landlord or Lender shall have been served in any twelve (12) month period (notwithstanding the curing thereof within the time period of five (5) days); provided, however, with respect to clauses (x)(1) and (x)(2) above, if any Nonpayment Notice shall be served for any particular month and Tenant shall fail to make payment of Basic Rent within the five day grace period with respect to the next ensuing month, Tenant in such event shall not be entitled to a Nonpayment Notice with respect to such next ensuing month, or (y) any payment of Additional Rent or other sum herein required to be paid by Tenant and such default shall continue for a period of five (5) days after a Non-Payment Notice from Landlord; (ii) a failure by Tenant to duly perform and observe, or a violation or breach, of any other provision hereof and such default (except for failure to provide insurance required herein) shall continue for a period of thirty (30) days after notice from Landlord or if such default cannot be cured within such period of thirty (30) days, such period shall be extended for such longer time as reasonably necessary provided that Tenant has commenced to cure such default within said period of thirty (30) days and is actively, diligently and in good faith proceeding with continuity to remedy such default; (iii) Tenant shall (a) voluntarily be adjudicated a bankrupt or insolvent, (b) seek or consent to the appointment of a receiver or trustee for itself or for any of the Leased Premises, (c) file a petition seeking relief under the bankruptcy

or other similar laws of the United States, any state or any jurisdiction, or (d) make a general assignment for the benefit of creditors; (iv) a court shall enter an order, judgment or decree appointing, with the consent of Tenant a receiver or trustee for it or for any of the Leased Premises or approving a petition filed against Tenant which seeks relief under the bankruptcy or other similar laws of the United States, any state or any jurisdiction, and such order, judgment or decree shall remain in force, undischarged or unstayed, sixty days after it is entered; (v) Tenant named herein shall in any insolvency proceedings be liquidated or dissolved or shall begin proceedings towards its liquidation or dissolution; or (vi) the estate or interest of Tenant in any of the Leased Premises shall be levied upon or attached in any proceeding and such estate or interest is about to be sold or transferred or such process shall not be vacated or discharged within sixty days after such levy or attachment.

    (b)  If any Event of Default shall have occurred, Landlord shall have the right at its option, then or at any time thereafter, to do any one or more of the following without demand upon or notice to Tenant:

    (i)  Landlord may give Tenant notice of Landlord's intention to terminate this Lease on a date specified in such notice. Upon the date therein specified, the Term and the estate hereby granted and all rights of Tenant hereunder shall expire and terminate as if such date were the date hereinabove fixed for the expiration of the Term, but Tenant shall remain liable for

59

all its obligations hereunder through such date, including its liability for Basic Rent and Additional Rent as hereinafter provided.

(ii) Landlord may, whether or not the Term of this Lease shall have been terminated pursuant to clause (i) above, (a) give Tenant notice to surrender any of the Leased Premises to Landlord immediately or on a date specified in such notice, at which time Tenant shall surrender and deliver possession of the Leased Premises to Landlord or (b) reenter and repossess any of the Leased Premises by force, summary proceedings, ejectment or any other means or procedure. Upon or at any time after taking possession of any of the Leased Premises, Landlord may remove any persons or property therefrom. Landlord shall be under no liability for or by reason of any such entry, repossession or removal. No such entry or repossession shall be construed as an election by Landlord to terminate this Lease unless Landlord gives a written notice of such intention to Tenant pursuant to clause (i) above.

(iii) After repossession of any of the Leased Premises pursuant to clause (ii) above, whether or not this Lease shall have been terminated pursuant to clause (i) above, Landlord shall have the right (but shall be under no obligation) to relet the Leased Premises or any part thereof to such tenant or tenants for such term or terms (which may be greater or less than the period which would otherwise have constituted the balance of the Term) for such rent, on such conditions (which may include

concessions or free rent) and for such uses as Landlord, in its reasonable discretion, may determine; and Landlord may collect and receive any rents payable by reason of such reletting. Landlord may make such Alterations as Landlord in its reasonable discretion may deem advisable. Tenant agrees to pay Landlord, as Additional Rent, immediately upon demand, all reasonable expenses incurred by Landlord in obtaining possession, in performing Alterations and in reletting any of the Leased Premises, including fees and commissions of attorneys, architects, agents and brokers.

(iv) If Tenant shall fail to make payment of any installment of Basic Rent or any Additional Rent after the date when each such payment is due, Tenant shall pay to Landlord, in addition to such installment of Basic Rent plus Late Charge thereon or Additional Rent plus the hereinafter defined Default Rate thereon, as the case may be, a sum equal to two (2%) percent per annum above the therein current Prime Rate, as hereinafter defined, of the amount unpaid (the "Default Rate") computed from the date such payment of Basic Rent or Additional Rent was due to and including the date of payment. The term "prime rate" shall mean the rate of interest announced publicly by Citibank, N.A. or its successor, from time to time, as Citibank, N.A.'s or such successor's base rate, or if there is no such base rate, then the rate of interest charged by Citibank, N.A. or such successor to its most creditworthy customers on commercial loans having a ninety (90) day duration.

61

    (v) Landlord may exercise any other right or remedy now or hereafter existing by law or in equity.

  (c) No expiration or termination of this Lease pursuant to Paragraph 19(b)(i) or any other provision of this Lease, by operation of law, repossession of the Leased Premises pursuant to Paragraph 19(b)(ii) or otherwise, or reletting of any of the Leased Premises pursuant to Paragraph 19(b)(iii), shall relieve Tenant of any of its liabilities and obligations hereunder, including the liability for Basic and Additional Rent, all of which shall survive such expiration, termination, repossession or reletting.

  (d) In the event of any expiration or termination of this Lease or repossession of any of the Leased Premises by reason of the occurrence of an Event of Default, Tenant shall pay to Landlord Basic Rent, Additional Rent and all other sums required to be paid by Tenant to and including the date of such expiration, termination or repossession and, thereafter, Tenant shall, until the end of what would have been the Term in the absence of such expiration, termination or repossession, and whether or not any of the Leased Premises shall have been relet, be liable to Landlord for and shall pay to Landlord as liquidated and agreed current damages (i) Basic Rent, Additional Rent and all other sums which would be payable under this Lease by Tenant in the absence of such expiration, termination or repossession, less (ii) the net proceeds, if any, of any reletting pursuant to Paragraph 19(b)(iii), after deducting from such proceeds all of

Landlord's reasonable expenses in connection with such reletting (including all repossession costs, brokerage commissions, legal expenses, attorneys' fees, employees' expenses, costs of Alterations and expenses of preparation for reletting.) Tenant hereby agrees to be and remain liable for all sums aforesaid, and Landlord may recover such damages from Tenant and institute and maintain successive actions or legal proceedings against Tenant for the recovery of such damages. Nothing herein contained shall be deemed to require Landlord to wait to begin such action or other legal proceedings until the date when the Term would have expired by limitation had there been no such Event of Default.

(e) At any time after such expiration or sooner termination of this Lease pursuant to Paragraph 19 or pursuant to law or if Landlord shall have reentered the Leased Premises, as the case may be, whether or not Landlord shall have recovered any amounts under subdivision (b)(iii) of this Paragraph 19, Landlord shall be entitled to recover from Tenant and Tenant shall pay to Landlord, on demand, as and for liquidated and agreed final damages for Tenant's default, the amount by which the Basic Rent, and all additional rent reserved hereunder for the unexpired portion of the term demised herein as if the Lease had not expired or been terminated exceeds the then fair and reasonable rental value of the Leased Premises for the same period discounted to present worth at a rate of six and one-half (6-1/2%) percent per annum, minus any such monthly deficiencies

63

previously recovered from Tenant under subdivision (b)(iii) of this Paragraph 19.

(f) If any statute or rule of law governing a proceeding in which such liquidated final damages provided for in subdivision (e) of this Paragraph 19 are to be proved shall validly limit the amount thereof to an amount less than the amount above agreed upon, Landlord shall be entitled to the maximum amount allowable under such statute or rule of law.

20. <u>Additional Rights of Landlord</u>.

(a) No right or remedy herein conferred upon or reserved to Landlord is intended to be exclusive of any other right or remedy and each and every right and remedy shall be cumulative and in addition to any other right or remedy contained in this Lease. No delay or failure by Landlord to enforce its rights hereunder shall be construed as a waiver, modification or relinquishment thereof. In addition to the other remedies provided in this Lease, Landlord shall be entitled, to the extent permitted by applicable law, to injunctive relief in case of the violation or attempted or threatened violation of any of the provisions of this Lease, or to specific performance of any of the provisions of this Lease.

(b) Tenant hereby waives and surrenders for itself and all those claiming under it, including creditors of all kinds, any right and privilege which it or any of them may have under any present or future law to redeem any of the Leased Premises or to have a continuance of this Lease after termination of this

Lease or of Tenant's right of occupancy or possession pursuant to any court order or any provision hereof.

(c) Landlord hereby waives any right to distrain Trade Fixtures or any property of Tenant and any Landlord's lien or similar lien upon Trade Fixtures and any other property of Tenant regardless of whether such lien is created or otherwise. Landlord agrees, at the request of Tenant, to execute a waiver of any Landlord's or similar lien for the benefit of any present or future holder of a security interest in or lessor of any of Trade Fixtures or any other personal property of Tenant;

(d) Landlord acknowledges and agrees in the future to acknowledge (in a written form reasonably satisfactory to Tenant) to such persons and entities at such times and for such purposes as Tenant may reasonably request that Trade Fixtures is Tenant's property and not part of Improvements (regardless of whether or to what extent such Trade Fixtures are affixed to the Improvements) or otherwise subject to the terms of this Lease.

(e) Tenant shall pay to Landlord as Additional Rent all the expenses incurred by Landlord in connection with any Default or Event of Default or the exercise of any remedy by reason of a Default or Event of Default, including attorneys' fees and expenses and shall pay to Lender all costs and expenses incurred by Lender in connection with any Default or Event of Default. If Landlord shall be made a party to any litigation commenced against Tenant or any litigation pertaining to this Lease or any of the Leased Premises, at the option of Landlord,

Tenant, at its expense, shall provide Landlord with counsel approved by Landlord and shall pay all costs incurred or paid by Landlord in connection with such litigation.

21. <u>Notices</u>. All notices, demands, requests, consents, approvals, offers, statements and other instruments or communications required or permitted to be given pursuant to the provisions of this Lease (collectively "Notice" or "Notices") shall be in writing, shall be sent by registered or certified U.S. mail, postage prepaid, return receipt requested, or by Federal Express or other nationally recognized air courier service and shall be deemed to have been given for all purposes (i) three (3) days after having been sent by United States mail, by registered or certified mail, return receipt requested, postage prepaid, addressed to the other party at its address as stated below, or (ii) one (1) day after having been sent by Federal Express or other nationally recognized air courier service to the addresses stated below:

    If to Landlord:

        10000 North Central Expressway
        Suite 1000
        Dallas, Texas  75231

    With a copy to:

        Goldfarb & Fleece
        345 Park Avenue
        New York, New York  10154
        Attention:  Emanuel Lubin, Esquire

If to Tenant:

    Circuit City Stores, Inc.
    9950 Mayland Drive
    Richmond, Virginia 23233-1464
    Attention: Corporate Secretary

With a copy to:

    McGuire, Woods, Battle & Boothe
    One James Center
    Richmond, Virginia 23219
    Attention: Robert L. Burrus, Jr.

If any Lender shall have advised Tenant by Notice in the manner aforesaid that it is the holder of a Mortgage and stating in said Notice its address for the receipt of Notices, then simultaneously with the giving of any Notice by Tenant to Landlord, Tenant shall serve a copy of such Notice upon Lender in the manner aforesaid. For the purposes of this Paragraph, any party may substitute its address by giving fifteen days' Notice to the other party in the manner provided above.

In addition, Landlord shall also send a copy of any Notice that Tenant is in default under this Lease to any subtenant who has qualified for a new lease under Sections 17(b) or (c) of this Lease, and who shall have served upon Landlord, at the time of its execution of the sublease, the name and address of such subtenant, and that it desires to be entitled to a new lease under the provisions of Sections 17(b) or (c), as the case may be, upon the termination of this Lease.

    22. <u>Estoppel Certificates</u>. Landlord and Tenant shall, at any time and from time to time, upon not less than twenty days' prior written request by the other, execute, acknowledge and

deliver to the other a statement in writing, executed by Landlord or Tenant or if other than an individual by a President, Vice President or authorized general partners, principal officer or agent certifying (i) that this Lease is unmodified and in full effect (or, if there have been modifications, that this Lease is in full effect as modified, setting forth such modification), (ii) the dates to which Basic Rent, payable hereunder has been paid, (iii) that to the knowledge of the signer of such certificate no Default by either Landlord or Tenant exists hereunder or specifying each such Default of which the signer may have knowledge; (iv) the remaining Term hereof; and (v) with respect to a certificate signed on behalf of Tenant, that to the knowledge of the signer of such certificate, there are no proceedings pending or threatened against Tenant before or by any court or administrative agency which if adversely decided would materially and adversely affect the financial condition and operations of Tenant or if any such proceedings are pending or threatened to said signer's knowledge, specifying and describing the same. It is intended that any such statements may be relied upon by Lender, the recipient of such statements or their assignees or by any prospective purchaser, assignee or subtenant of the Leased Premises.

23. <u>Surrender and Holding Over</u>. Upon the expiration or earlier termination of this Lease, Tenant shall peaceably leave and surrender the Leased Premises (except as to any portion thereof with respect to which this Lease has previously

terminated) to Landlord in the same condition in which the Leased Premises were originally received from Landlord at the commencement of this Lease, except as to any repair or Alteration as permitted or required by any provision of this Lease, and except for ordinary wear and tear and damage by fire, casualty or condemnation which Tenant is not required to repair hereunder. Tenant shall remove from the Leased Premises on or prior to such expiration or earlier termination Tenant's Trade Fixtures and personal property which are owned by Tenant or third parties other than Landlord, and Tenant at its expense shall, on or prior to such expiration or earlier Termination, repair any damage caused by such removal. Tenant's Trade Fixtures and personal property not so removed at the end of the Term or within thirty days after the earlier termination of the Term for any reason whatsoever shall become the property of Landlord, and Landlord may thereafter cause such property to be removed from the Leased Premises. The cost of removing and disposing of such property and repairing any damage to any of the Leased Premises caused by such removal shall be borne by Tenant. Landlord shall not in any manner or to any extent be obligated to reimburse Tenant for any property which becomes the property of Landlord as a result of such expiration or earlier termination.

Any holding over by Tenant of the Leased Premises after the expiration or earlier termination of the term of this Lease or any extensions thereof, with the consent of Landlord, shall operate and be construed as tenancy from month to month only, at

one hundred fifty (150%) percent of the Basic Rent reserved herein for the last year of the Term and upon the same terms and conditions as contained in this Lease. Notwithstanding the foregoing, any holding over without Landlord's consent shall entitle Landlord, in addition to collecting Basic Rent at a rate of one hundred fifty (150%) percent thereof, to exercise all rights and remedies provided by law or in equity, including the remedies of Paragraph 19(b).

24. No Merger of Title. There shall be no merger of this Lease or of the leasehold estate created by this Lease with the fee estate in or ownership of any of the Leased Premises by reason of the fact that the same person, corporation, firm or other entity may acquire or hold or own, directly or indirectly, (a) this Lease or the leasehold estate created by this Lease or any interest in this Lease or in such leasehold estate and (b) the fee estate or ownership of any of the Leased Premises or any interest in such fee estate or ownership. No such merger shall occur unless and until all persons, corporations, firms and other entities having any interest in (i) this Lease or the leasehold estate created by this Lease and (ii) the fee estate in or ownership of the Leased Premises or any part thereof sought to be merged shall join in a written instrument effecting such merger and shall duly record the same.

25. Definition of Landlord. Anything contained hereto to the contrary notwithstanding, any claim based on or in respect of any liability of Landlord under this Lease shall be enforced only