Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :    Chapter 11
In re:                        :
                              :    Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,    :
et al.,                       :    Jointly Administered
                              :
           Debtors.           :
- - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 AND FED. R.
BANKR. P. 6004 AND 6006 AUTHORIZING AND APPROVING
(A) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES AND (B) SALE OF
CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES TO THE DESIGNEE
OF CIRCUIT DISTRIBUTION - ILLINOIS PARTNERSHIP**

Upon the motion (the "Motion")[1] of the debtors and
debtors in possession in the above-captioned jointly

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

administered cases (collectively, the "Debtors")[2] for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), authorizing (a) the Debtors to assume and assign to the designee of Circuit Distribution - Illinois Partnership (the "Purchaser") the unexpired leases of non-residential real property listed as <u>Exhibit A</u> hereto (the "Leases"), and (b) the sale of the Leases and any personal property located in the subject premises that is owned by any of the Debtors to the Purchaser free and clear of liens, claims and encumbrances; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

6270895-1                             2

other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Code section 365, the Debtors assumption and assignment of the Leases to the Landlord's designee, BK Hanover, L.P. (the "Assignee"), and the Assignee's acceptance of such assignment on the terms of the Agreement, is hereby approved, and the requirements of Bankruptcy Code sections 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

3. In accordance with Bankruptcy Code section 365 and the Agreement, the Debtors are hereby authorized to assume and assign the Leases to the Assignee, and the Debtors and the Assignee and each of their respective officers, employees, and agents are hereby authorized to execute such documents and do such

acts as are necessary or desirable to carry out the transactions contemplated by this Order.

4. To the extent that any defaults exist under any of the Leases, the Assignee will be responsible for curing any such default.

5. The assumption and assignment of the Leases shall be free and clear of any interests, including (without limitation) all liens, encumbrances, pledges, mortgages, deeds of trust, security interests, claims, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, and/or transfer restrictions under any shareholder or similar agreement or encumbrance.

6. The Leases shall be transferred to, and remain in full force and effect for the benefit of, and be enforceable by the Assignee in accordance with their terms.

7. The Assignee shall assume all rights and obligations of the Debtors under the Leases, subject to and in accordance with the terms and conditions set forth in this Order.

8. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Leases after the closing date of the assumption, assignment and sale of the Leases to the Assignee.

9. The failure of the Debtors and/or the Assignee to enforce at any time one or more terms or conditions of any of the Leases shall not be a waiver of such terms or conditions, or of the rights of the Debtors and/or the Assignee to enforce each and every term and condition of such Leases.

10. Each non-Debtor party to the Leases hereby is forever barred, estopped, and permanently enjoined from asserting against the Assignee or its property any claim asserted or assertable against the Debtors, including any claim for default or breach under any of the Leases, any claim of lack of consent or any other condition to assignment thereof, or any counterclaim, defense, setoff, right of recoupment, or any other claim, arising under or related to the Leases, or arising by reason of the sale, except to the extent provided for in the Agreement.

6270895-1                                     5

11. Any provision in the Leases that purports to declare a breach or default based in whole or in part on the Sale or the above-captioned cases is hereby deemed unenforceable, and the Leases shall remain in full force and effect.

12. The Debtors reserve their rights to assume, assign, or reject other executory contracts or leases, and nothing herein shall be deemed to affect such rights.

13. Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

14. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:   Richmond, Virginia
         December 22, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                          /s/ Douglas M. Foley
                                          Douglas M. Foley