| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject certain executory contracts, including any amendments or modifications thereto, as set forth on the attached Exhibit A (collectively, the "Contracts"), and any guaranties thereof.  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006.

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other

things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.  Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.  Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores.  In addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a), 363 and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Contracts.

10. The Debtors are currently performing their review and evaluation of other executory contracts that are not the subject of this Motion.  As this process continues, the Debtors may identify additional executory contracts to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts.  This Motion should not be construed as a determination that any executory contracts not listed herein are to be assumed or rejected.

**BASIS FOR RELIEF**

11. In an effort to avoid any future potential postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Contracts.

12. The Contracts are comprised of employment contracts, contracts for hotel reservations that are no

longer needed, and advertising contracts that the Debtors have determined are no longer beneficial. Each of the Contracts is listed on Exhibit A, attached hereto, along with the name of the Contract counterparty.

13. Through the rejection of the Contracts, the Debtors will be relieved from performing and paying fees and other associated costs. Thus, by rejecting the Contracts at this time, the Debtors will avoid incurring additional unnecessary administrative charges, if any, for services that provide minimal, if any, tangible benefit to the Debtors' estates and that the Debtors' have determined to be unnecessary. The resulting savings from the rejection of the Contracts will increase the Debtors' future cash flow and assist the Debtors in managing their estates.

14. In considering their options with respect to the Contracts, the Debtors have determined in their business judgment that the costs associated with assuming the Contracts would be substantial and would constitute an unnecessary drain on the Debtors' cash resources. Based on this analysis, the Debtors have

determined that the Contracts provide no value to the Debtors' estates.

15. Accordingly, the Debtors believe that rejection of the Contracts is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

16. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to reject an executory contract is governed by the "business judgment" standard. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard

and can only be overturned if the decision was the product of bad faith, whim, or caprice).

17. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

18. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

19. As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Contracts. The Contracts are financially burdensome

8

and unnecessary to the Debtors' estates.  Moreover, the Contracts provide no economic benefit to the Debtors, nor are such Contracts a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Contracts reflects the exercise of the Debtors' sound business judgment.

20.  In summary, the Debtors believe that the proposed rejection of the Contracts is tailored to minimize administrative expense, maximize distributions to creditors in these chapter 11 cases, and limit the performance and other costs of contract counterparties.  In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Contracts.

21.  Numerous courts, including those in this Court, have authorized similar relief.  See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re

US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

### NOTICE

22.   Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130) and to all counterparties to the Contracts. The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

23.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

24.   No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

```
Dated: December 12, 2008     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                     - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             333 West Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                     - and -

                             MCGUIREWOODS LLP

                             __/s/ Douglas M. Foley_____
                             Dion W. Hayes (VSB No. 34304)
                             Douglas Foley (VSB No. 34364)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and
                             Debtors in Possession
```

**EXHIBIT A**

**(List of Executory Contracts)**

**EXHIBIT A**
**Executory Contracts**

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Dennis M. Biggs<br>6125 Amershire Way<br>Glen Allen, VA  23059 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| David L. Charles<br>1800 Blue Forest Dr.<br>Prosper, TX  75028 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/5/08 |
| Stephanie R. Chenault<br>2305 Cox Rd.<br>Henrico, VA  23233 | Termination of Employment Separation Agreement and General Release Letter | 10/1/08 |
| George D. Clark, Jr.<br>2008 Monument Ave<br>Richmond, VA  23220 | Enforcement of Employment Agreement Letter and Employment Agreement | 1/16/08 |
| Kevin T. Clark<br>11 Clifford E Harbourt<br>Hamilton Square, NJ  08690 | Enforcement of Employment Agreement Letter and Employment Agreement | 7/1/08 |
| Michael W. Cobbs, Jr.<br>4036 Shinault Cove<br>Olive Brance, MS  38654 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/6/08 |
| Savitri I. Cohen<br>53 Innsbrook Blvd<br>Hopewell Junction, NY  12533 | Enforcement of Employment Agreement Letter and Employment Agreement | 6/2/08 |
| George T. Crowell, III<br>4916 Grove Ave<br>Richmond, VA  23226 | Enforcement of Employment Agreement Letter and Employment Agreement | 2/1/08 |
| Adrian Cushenberry<br>1229 Wood Iris Lane<br>Lawrenceville, GA  30045 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/6/08 |
| David J. Czerwonka<br>12108 Country Hills Way<br>Glen Allen, VA  23059 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| James L. Davis<br>6012 Carrington Green Place<br>Glen Allen, VA  23060 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/07 |
| Robyn Davis<br>901 Jamerson Ln<br>Glen Allen, VA  23060 | Settlement and General Release Agreement | 8/12/08 |
| David J. Domster<br>7300 Lookout Dr<br>Richmond, VA  23225 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Gary Duncan<br>2905 Murano Way<br>Glen Allen, VA   23059 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| Philip J. Dunn<br>11465 Barrington Bridge Ct.<br>Richmond, VA   23233 | Enforcement of Employment Agreement Letter and Employment Agreement | 9/26/08 |
| Michele D. Edris<br>12500 Hidden Oaks Ct.<br>Richmond, VA   23233 | Severance Agreement and Release, and Employment Agreement | 4/14/08 |
| Victor M. Engesser<br>5216 Willane Rd.<br>Glen Allen, VA   23060 | Enforcement of Employment Agreement Letter and Employment Agreement | 8/22/08 |
| Google, Inc.<br>1600 Amphitheater Pkwy.<br>Mountain View, CA 94043<br>Attn: Zoe Goldfarb | You Tube Service Agreement, Circuit City Stores, Inc. – 8/9/2008 Agreement ID: 2425352123 | 7/29/08 |
| Google, Inc.<br>1600 Amphitheater Pkwy.<br>Mountain View, CA 94043<br>Attn: Zoe Goldfarb | Service Agreement, Circuit City Stores, Inc. – Fanalyst Content Network Agreement ID: 3133177681 | 7/29/08 |
| Andy Grosse<br>35133 Indian Trail<br>Ingleside, IL   60041 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/5/08 |
| Jeffrey R. Leopold<br>11504 Longview Landing Dr.<br>Richmond, VA   23233 | Severance Agreement and Release of Claims | 6/26/08 |
| Patrick S. Longood<br>8124 Hampton Springs Rd<br>Chesterfield, VA   23832 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| James Lubary<br>3161 Druid Ln.<br>Los Alamitos, CA   90720 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/5/08 |
| MGM Grand Hotel & Casino<br>3799 Las Vegas Blvd. South<br>Las Vegas, NV 89109<br>Attn: Lauren Hall | Hotel room reservations for Jan. 7-10, 2009 | 3/19/08 |
| James Alan Miller<br>640 W. Desert Ave<br>Gilbert, AZ   85233 | Enforcement of Employment Agreement Letter and Employment Agreement | 7/7/08 |
| Douglas T. Moore<br>401 South Mooreland Rd.<br>Richmond, VA   23229 | Enforcement of Employment Agreement Letter and Employment Agreement | 2/5/07 |

2

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Leigh Ann Moore<br>2030 Chartstone Dr.<br>Midlothian, VA  23113 | Termination of Employment Separation Agreement and General Release letter, and Severance Agreement and General Release for Change in Control | 8/12/08 |
| Jason Murray<br>19059 Grovewood Dr.<br>Corona, CA  92881 | Enforcement of Employment Agreement Letter and Employment Agreement | 7/16/08 |
| National Service Alliance, Inc.<br>c/o Randy Whitehead<br>6762 South 1300 East<br>Salt Lake City, UT 84121 | Amended and Restated Service Agreement | 4/15/07 |
| Mark E. Oliver<br>523 Harolds Dr.<br>Manakin Sabot, VA 23103 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| Mark D. Overgard<br>3470 Kilburn Circle, Apt. 1012<br>Richmond, VA  23233 | Enforcement of Employment Agreement Letter and Employment Agreement | 9/26/08 |
| Michael Palazzolo<br>3406 Post Mill Place<br>Midlothian, VA  23113 | Enforcement of Employment Agreement Letter and Employment Agreement | 3/14/08 |
| Steven P. Pappas<br>4413 Chatwell Rd.<br>Midlothian, VA  23113 | Enforcement of Employment Agreement Letter and Employment Agreement | 2/22/08 |
| Taylor B. Phillips<br>211 Maymont Way<br>Manakin Sabot, VA 23103 | Termination of Employment Separation Agreement and General Release letter | 10/10/08 |
| Philip J. Schoonover<br>2146 Oyster Harbors<br>Osterville, MA  02655 | Enforcement of Employment Agreement Letter and Employment Agreement | 9/22/08 |
| James M. Stacia<br>8651 Riverview Dr.<br>Richmond, VA  23229 | Termination of Employment Separation Agreement and General Release letter | 9/2/08 |
| Edward T. Stainour<br>148 Crooked Creek Rd.<br>Gettysburg, PA  17325 | Enforcement of Employment Agreement Letter and Employment Agreement | 7/9/08 |
| David Steinbach<br>1402 Water Lily Court<br>Midlothian, VA  23114 | Separation Agreement and Release of Claims | 5/22/08 |

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| The Jefferson Hotel<br>101 W. Franklin Street<br>Richmond, VA 23220<br>Attn: Cathy Schelfstad | Hotel room and conference center reservations for Dec. 15-16, 2008 | 9/10/08 |
| Robert K. Vipperman<br>1515 Grove Ave.<br>Richmond, VA  23220 | Severance Agreement and Release of Claims, and Employment Agreement | 4/7/08 |
| Harry C. Waldo, Jr.<br>1304 Beacher Lane<br>Norfolk, VA  23509 | Enforcement of Employment Agreement Letter and Employment Agreement | 4/49/08 |
| Peter Weedfald<br>400 Ridgewood Ave<br>Glen Ridge, NJ  07028 | Enforcement of Employment Agreement Letter and Employment Agreement | 2/29/08 |
| James Wimmer<br>12928 Church Road<br>Richmond, VA  23233 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/7/08 |
| Doug A. Yost<br>42 Van Allen Rd<br>Glen Rock, NJ  07452 | Enforcement of Employment Agreement Letter and Employment Agreement | 11/5/08 |