Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
ABANDONMENT OF PERSONAL PROPERTY EFFECTIVE AS OF
DECEMBER 12, 2008**

          The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of

an order, pursuant to sections 105(a), 365(a) and 554 of

title 11 of the United States Code (the "Bankruptcy

Code") and Rule 6006 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the

Debtors to (i) reject certain unexpired leases of real

property, including any amendments, modifications or

subleases thereto, as set forth on the attached Exhibit

A (collectively, the "Leases"), and any guaranties

thereof, effective as of December 12, 2008 and (ii)

abandon any equipment, furniture or fixtures located at

the premises covered by the Leases (the "Premises").   In

support of the Motion, the Debtors respectfully

represent:

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City
        Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
        (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
        (1838), Circuit City Purchasing Company, LLC (5170), CC
        Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
        (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
        LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco
        Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs,
        Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
        Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and
        Circuit City Stores PR, LLC (5512).  The address for Circuit
        City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
        Westminster, Colorado 80031.  For all other Debtors, the
        address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006.

**BACKGROUND**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8.   Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores.  In

4

addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

### RELIEF REQUESTED

9.   By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Leases and any guaranties thereof, effective as of December 12, 2008.

10.   The Debtors are currently performing their review and evaluation of other unexpired leases and subleases that are not the subject of this Motion. As this process continues, the Debtors may identify additional leases to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional leases in the future.  This Motion should not be construed as a determination that any e leases not listed herein are to be assumed or rejected.

11.   The Debtors further seek authority under Bankruptcy Code sections 105 and 554 to abandon any

equipment, furniture or fixtures located at the Premises on December 12, 2008 (the "Abandoned Property").

### BASIS FOR RELIEF

12.  In an effort to avoid any postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Leases.

13.  The Leases are comprised primarily of leases of property and facilities at which the Debtors had intended, but have cancelled plans, to open new stores during fiscal years 2009, 2010 and 2011, as well as a certain surplus facilities that the Debtors have identified since the Petition Date as not beneficial to the estate.  Each of the Leases is listed on Exhibit A, attached hereto, along with the name of the lessor thereunder.

14.  Through the rejection of the Leases, the Debtors will be relieved from paying rent, as well as other costs, including taxes, insurance, maintenance and other related charges associated with the Leases. Currently, the Debtors have no operations in the leased facilities and have no other productive use for the

Premises.  However, the Debtors may be obligated to pay

rent under the Leases.[2]  Thus, by rejecting the Leases at

this time, the Debtors will avoid incurring unnecessary

administrative charges for facilities that provide no

tangible benefit to the Debtors' estates.  The resulting

savings from the rejection of the Leases will increase

the Debtors' future cash flow and assist the Debtors in

managing their estates.

15.   The Debtors have analyzed each of the

Leases to determine the appropriate date of rejection.

The Debtors have concluded that, in order to minimize

unnecessary potential costs to the estate, the Leases

should be rejected as of December 12, 2008 (the

"Rejection Date").  The Debtors thus seek to reject the

Leases effective as of the Rejection Date.  The Debtors

in each case have vacated the properties that are

covered by the Leases, and, to the extent applicable,

---

[2]   Certain of the real property leases listed on Exhibit A and
included in this Motion may have been terminated prior to the
Petition Date.  This Motion has no force or effect with respect
to any such terminated Leases.  This Motion is not intended to
reinstate or otherwise alter the status of any Lease, and does
not mean that any particular landlord is entitled to damages for
rejection thereof.

turned over to the lessors the keys to the Premises as
of the Rejection Date.

16.   In considering their options with respect
to the Leases, the Debtors have determined in their
business judgment that the costs associated with
assuming the Leases would be substantial and would
constitute an unnecessary drain on the Debtors' cash
resources.  Based on this analysis, the Debtors have
determined that the Leases provide no value to the
Debtors' estates and that there remains no viable
possibility other than rejection of the Leases.

17.   Additionally, the Debtors have determined
that the abandonment of the Abandoned Property is
appropriate because such property is of inconsequential
value and/or the cost of removing and storing such
property exceeds its value to the Debtors' estates.
Moreover, the Debtors believe that the Abandoned
Property is no longer necessary for the operation of the
Debtors' businesses.

18.   Accordingly, the Debtors believe that
rejection of the Leases and any guaranties thereof and
abandonment of the Abandoned Property as of the

Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

**I.   REJECTION OF THE LEASES IS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

19.   Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

20.   Once the Debtors articulate a valid
business justification, "[t]he business judgment rule
'is a presumption that in making a business decision the
directors of a corporation acted on an informed basis,
in good faith and in the honest belief that the action
taken was in the best interests of the company.'"
Official Comm. Of Subordinated Bondholders v. Integrated
Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting
Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

21.   The business judgment rule has vitality
in chapter 11 cases and shields a debtor's management
from judicial second-guessing.  See Comm. Of Asbestos-
Related Litigants and/or Creditors v. Johns-Manville
Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986)
("[T]he Code favors the continued operation of a
business by a debtor and a presumption of reasonableness
attaches to a debtor's management decisions.").

22.   As set forth above, the Debtors have
satisfied the "business judgment" standard for rejecting
the Leases.  The Leases are financially burdensome and
unnecessary to the Debtors' ongoing operations and
business.  Rejection of the Leases is in the Debtors'

best interests because the Debtors are not and are not
intending to conduct retail operations at the Premises.
Moreover, the Debtors have reviewed the Leases and have
determined that the Leases do not have any marketable
value beneficial to the Debtors' estates.  As such, the
Leases provide no economic benefit to the Debtors, nor
are such Leases a source of potential value for the
Debtors' estates and creditors.  Accordingly, rejection
of the Leases reflects the exercise of the Debtors'
sound business judgment.

     23.   The Debtors also respectfully request
that the Court enter an order setting the effective date
of rejection of the Leases as the Rejection Date.

     24.   Section 365 of the Bankruptcy Code does
not specifically address whether the Court may order
rejection to be effective retroactively.  However, many
courts have held that bankruptcy courts may, in their
discretion, authorize rejection retroactive to a date
prior to entry of the court's order.  See, e.g., In re
At Home Corp., 392 F.3d 1064, 1065-66 (9th Cir. 2004)
(affirming bankruptcy court's approval of retroactive
rejection), cert. denied sub nom. Pacific Shores Dev.,

LLC v. At Home Corp., 546 U.S. 814 (2005); In re CCI

Wireless, LLC, 297 B.R. 133, 140 (D. Colo. 2003); In re

Thinking Machs., Corp., 67 F.3d 1021, 1028 (1st. Cir.

1995) ("[B]ankruptcy courts may enter retroactive orders

of approval, and should do so when the balance of

equities preponderates in favor of such remediation.");

In re Jamesway Corp., 179 B.R. 33, 36-37 (S.D.N.Y. 1995).

Indeed, on the Petition Date, this Court entered an

order approving rejection of certain non-residential

real property leases as of the date the motion was filed.

In re Circuit City Stores, Inc., Case No. 08-35653

(Bankr. E.D. Va. Nov. 10, 2008).

        25.  Rejection of the Leases as of the

Rejection Date will not harm or otherwise prejudice the

lessors under the Leases, as the Debtors propose to

serve this Motion and the proposed order on the lessors,

thus providing them with an opportunity to object to the

relief granted therein.  Moreover, the lessors will be

relieved of their own obligations under the Leases,

allowing them to cease performance and immediately

repossess their property.

26.   In summary, the Debtors believe that the proposed rejection of the Leases is tailored to minimize administrative expense, maximize distributions to creditors in these chapter 11 cases, and return control of real property to the lessors quickly.  In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Leases effective as of the Rejection Date.

27.   Numerous courts, including those in this district, have authorized similar relief.  See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

## II.   THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF THE ABANDONED PROPERTY.

28.   Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to

the estate or that is of inconsequential value and

benefit to the estate." 11 U.S.C. § 554(a). Courts

give debtors in possession great deference to their

decisions to abandon under section 554. See In re Vel

Rey Props., Inc., 174 B.R. 859, 867 (Bankr. D.D.C. 1994)

("Clearly, the court should give deference to the

trustee's judgment in such matters."). Unless the

property is harmful to the public, once the debtors in

possession have shown that the property is burdensome or

of inconsequential value and benefit, the court should

approve the abandonment. Id. at 868.

29. The Debtors believe that the costs of

moving and storing the Abandoned Property would far

outweigh any benefit to their estates. Moreover, the

Debtors believe that any efforts to move the Abandoned

Property would unnecessarily delay the rejection of the

Leases. Therefore, it is in the Debtors' best interests

to abandon the Abandoned Property located at the

Premises on the Rejection Date.

30. Numerous courts, including those in this

district, have authorized similar relief. See, e.g., In

re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr.

14

E.D. Va. Oct. 17, 2007); <u>In re The Rowe Cos.</u>, Case No.
06-11142 (Bankr. E.D. Va. Nov. 21, 2006).

### NOTICE

31.   Notice of this Motion has been provided
to those parties entitled to notice under this Court's
Order Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy
Rules 2002-1 and 9013-1 Establishing Certain Notice,
Case Management, and Administrative Procedures (Docket
No. 130) and to all lessors under the Leases.  The
Debtors submit that, under the circumstances, no other
or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

32.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Motion and all applicable authority is
set forth in the Motion, the Debtors request that the
requirement that all motions be accompanied by a
separate memorandum of law be waived.

### NO PRIOR REQUEST

33.   No previous request for the relief sought
herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: December 12, 2008
     Richmond, Virginia

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                    Gregg M. Galardi, Esq.
                    Ian S. Fredericks, Esq.
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    (302) 651-3000

                          - and -

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                    Chris L. Dickerson, Esq.
                    333 West Wacker Drive
                    Chicago, Illinois 60606
                    (312) 407-0700

                          - and -

                    MCGUIREWOODS LLP

                    /s/ Douglas M. Foley            .
                    Dion W. Hayes (VSB No. 34304)
                    Douglas M. Foley (VSB No. 34364)
                    One James Center
                    901 E. Cary Street
                    Richmond, Virginia 23219
                    (804) 775-1000

                    Counsel for Debtors and Debtors in Possession

16

**EXHIBIT A**

**(List of Real Property Leases)**

**EXHIBIT A**
**Unexpired Leases of Real Property**

| Store Number | Lease Location | Prime Lease/ Sublease | Landlord/ Subtenant |
|---|---|---|---|
| #3355 | Mantua Commons Shopping Center Glassboro Rd. Sewell, NJ 08080 | Prime | Route 553 Retail, LLC |
| #3657 | East Washington Place Shopping Center Hwy 101 and E. Washington Ave. Petaluma, CA 94594 | Prime | Regency Petaluma, LLC |
| #3755 | Waterford Shopping Center Hartford Turnpike Waterford, CT 06385 | Prime | BFLO-Waterford Associates, LLC |
| #3773 | Northgate Way Shopping Center NE Northgate Way and 5th Ave. NE Seattle, WA 98125 | Prime | Wallace Northgate Development, LLC |
| #3800 | Tonnelle Avenue and 91st Street North Bergen Tonnelle Plaza New Bergen, NJ 07047 | Prime | Vornado North Vergan Tonnelle Plaza, LLC |
| #3875 | The Summit at Calabasas NE corner of Lost Hills Rd. and Agoura Rd. Calabasas, CA 91302 | Prime | Dollinger Lost Hills Associates |
| #3886 | Colonial Pinnacle Nord du Lac Shopping Center Covington, LA | Prime | CP Nord Du Lac JV, LLC |

| Store Number | Lease Location | Prime Lease/ Sublease | Landlord/ Subtenant |
|---|---|---|---|
| #3888 | Rancho del Chino South Shopping Center Ramona Ave. and Chino Hills Pkwy. Chino, CA | Prime | Chino South Retail PG, LLC |
| #3890 | North Central 'The City' Central Expressway Park Lane Place Shopping Center Dallas, TX 75231 | Prime | Harvest/NPE LP |
| #3895 | Hwy. 395 and Topsey Ln. Riverwood Phase 1B Douglas County, NV 89705 | Prime | Riverwood Partners, LLC |
| #4241 | Beverly Connection Shopping Center SE corner of La Cienega Blvd. and Beverly Blvd. Los Angeles, CA 90212 | Prime | Bevcon I, LLC |
| #4250 | The Pavilion at Port Orange Williamson Blvd. Port Orange, FL 32128 | Prime | The Pavilion Port Orange, LLC |
| #4274 | Abercia South Shopping Center Collier Blvd. Naples, FL | Prime | Victoria Estates, Ltd.; Magpond, LLC; Magpond-A, LLC; and Magpond-B, LLC |
| #4333 | Bayonne Crossing Shopping Center Route 440 and East 22 St. Bayonne, NJ 07002 | Prime | Cameron Bayonne, LLC |

| Store Number | Lease Location | Prime Lease/ Sublease | Landlord/ Subtenant |
|---|---|---|---|
| #6040 | Westview Corporate Campus 5350 Partners Ct. Frederick, MD 21701 | Prime | 44 North Properties, LLC |
| #6040 | Westview Corporate Campus 5350 Partners Ct. Frederick, MD 21701 | Sublease | American Computer Development, Inc. |
| #6064 | Chastain Meadows Office Complex 225 Chastain Meadows Ct. Kennesaw, GA 30144 | Prime | Cole CC Kennesaw GA, LLC |
| #6145 | Chastain Meadows Office Complex 225 Chastain Meadows Ct. Kennesaw, GA 30144 | Sublease | Carmax Business Services, LLC |
| #6286 | Village Square I 4555 East Cactus Rd. Phoenix, AZ 85032 | Prime | Montevideo Investments, LLC |
| #6343 | 1920 Skibo Rd. Fayetteville, NC 28304 | Prime | F&M Properties |
| #6343 | 1920 Skibo Rd. Fayetteville, NC 28304 | Sublease | Books-A-Million |
| #6348 | 5166 E. Colonial Dr. Orlando, FL 32803 | Prime | Greater Orlando Aviation Authority |
| #6348 | 5166 E. Colonial Dr. Orlando, FL 32803 | Sublease | Workforce Central Florida |
| #6352 | 1107 Hayden Meadows Dr. Portland, OR 97217 | Prime | Hayden Meadows, JV |
| #6352 | 1107 Hayden Meadows Dr. Portland, OR 97217 | Sublease | J.R. Furniture USA, Inc. |

| Store Number | Lease Location | Prime Lease/ Sublease | Landlord/ Subtenant |
|---|---|---|---|
| #6355 | Archdale Marketplace 5831 South Blvd. Charlotte, NC 28217 | Prime | Charlotte (Archdale) UY, LLC |
| #6355 | Archdale Marketplace 5831 South Blvd. Charlotte, NC 28217 | Sublease | Food Lion, LLC |
| #6374 | 18550 W. Bluemound Rd. Brookfield, WI 53045 | Prime | Barbara L. Goldsmith |
| #6374 | 18550 W. Bluemound Rd. Brookfield, WI 53045 | Sublease | Toys R Us, Inc. |
| #6544 | Chastain Meadows Office Complex 225 Chastain Meadows Ct. Kennesaw, GA 30144 | Sublease | J.P. Morgan Chase Bank |
| #6616 | 1107 Hayden Meadows Dr. Portland, OR 97217 | Sublease | Hayden Meadows, JV |
| Covington Distribution Center | 600 First Ave. Covington Industrial Park Gouldsboro, PA 18424 | Prime | First Industrial Realty Trust and FR/CAL Gouldsboro Property Holding L.P. |

723811-Chicago Server 2A - MSW