DAVID L. POLLACK (*pro hac vice*)
JEFFREY MEYERS (*pro hac vice*)
JESSE N. SILVERMAN (VSB #46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

CONSTANTINOS G. PANAGOPOULOS (VSB #33356)
CHARLES W. CHOTVACS (VSB #70045)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 13th Street, N.W.
Suite 1000 South
Washington, D.C.  20005
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

*Counsel for Centro Properties Group, FJL-MVP, LLC, and
NMC Stratford, LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **CIRCUIT CITY STORES, INC. *et al.*.** | : | **Case No. 08-35653-KRH** |
| | : | |
| Debtors. | : | **Jointly Administered** |

---------------------------------------------------------x

**LIMITED OBJECTION OF CENTRO PROPERTIES GROUP, FJL-MVP, LLC, AND NMC STRATFORD, LLC TO SCHEDULE OF CURE AMOUNTS SET FORTH IN DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL <u>PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES</u>**

1

TO THE HONORABLE KEVIN R. HUENNEKENS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Centro Properties Group ("Centro"), FJL-MVP, LLC ("FJL-MVP"), and NMC Stratford, LLC ("Stratford") by their undersigned attorneys, hereby make this Limited Objection to the Schedule of Cure Amounts set forth in Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures (the "Motion") and in support thereof aver:

1. Centro, FJL-MVP, and Stratford are the owners or agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases") which are affected by the relief sought by the Motion. Centro, FJL-MVP, and Stratford are hereinafter collectively referred to as "Objecting Landlords".

2. All of Objecting Landlords' premises, are premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). Set forth below are Objecting Landlords'[1] monetary claims for rentals due, exclusive of any sums which have become due or been paid after December 9, 2008, unless otherwise noted. The claims set forth are the base cure claim amounts subject to additional

---

[1] To the extent that any of Objecting Landlords' locations have been omitted from this table they should be deemed to be included and the same objections set forth herein apply to those locations. If the cure amount for same is greater than that set forth by Debtors the affected Objecting Landlord will promptly provide a revised cure amount.

2

qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below.

| SHOPPING CENTER | LANDLORD | STORE # | DEBTORS' CURE $ | LANDLORD'S CURE $ | EXHIBIT |
|---|---|---|---|---|---|
| The Commons @ Chancellor | Centro | 3228 | $15,084.00 | <credit>[2] | A |
| Conyers Crossroads | Centro | 3416 | $15,023.00 | $6,942.92 | A |
| Midway Market Square | Centro | 3182 | $15,461.00 | $37,983.51 | A |
| Northridge Plaza | Centro | 1811 | $17,495.00 | $16,085.00 | A |
| Sharpstown Plaza | Centro | 540 | $14,903.00 | $12,331.81 | A |
| Venture Pointe | Centro | 3220 | $19,471.00 | $78,311.72 | A |
| Moreno Valley | FJL-MVP | 4228 | $11,259.00 | $37,127.34[3] | B |
| Bloomingdale Outlet | Stratford | 1818 | $24,436.00 | $62,701.54[4] | C |

3.      Objecting Landlords further aver that additional amounts, not as yet known, may also be due with regard to the pre-petition and post-petition periods, such as year-end adjustments to various items including, but not limited to, real estate taxes and common area maintenance, as well as annual percentage rental. Section 365(b) requires that a debtor cure all defaults in conjunction with a lease assumption. Since certain accrued, unbilled items may not have been invoiced to date, there can be no default for the failure to pay same. Nevertheless, Debtors and any proposed assignee must acknowledge, and any Order approving cure amounts and assumption or assumption and assignment of any of Objecting Landlords' Leases should

---

2    The cure amount listed for the Centro locations is the amount due after deduction of November "stub rent" received December 15, 2008, but not yet cleared. Exhibit A also shows the balance due prior to application of the stub rent payment.

3    Assumes receipt of December rent in full.

4    Assumes receipt of December rent in full.

3

provide, that the proposed assignee (or Debtors, if they assume the Leases themselves) shall be liable for the unbilled items, even though they may cover, wholly or partially, a pre-petition and/or pre-assumption period of time, and that payment of year end adjustments will be made by the assignee when due pursuant to the terms of the Leases.

4. Objecting Landlords further request that they be reimbursed as part of the cure payments for all of their actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to Debtors' bankruptcy proceedings.

5. In addition to the monetary obligations that Debtors must satisfy under Section 365 of the Bankruptcy Code, Objecting Landlords' Leases also provide that Debtors must indemnify and hold Objecting Landlords harmless with regard to existing claims as well as with regard to events which may have occurred pre-assumption but which are not made known to Objecting Landlords or Debtors until some period post-assumption. Accordingly, either the assignee must assume all indemnification liabilities or Debtors must be required to evidence, or obtain adequate insurance in order to guaranty, (by way of purchase of a "tail" or otherwise) that their indemnity responsibilities will be met. Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at the leaseholds, where an Objecting Landlord is joined as a party defendant, damage and destruction to the property by Debtors or their agents, claims for environmental damage or environmental clean up, *etc.*

## Joinder in Other Landlord Objections

6. Objecting Landlords hereby join in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE,** Objecting Landlords pray for relief consistent with the foregoing objections; and

**WHEREFORE,** Objecting Landlords pray that the cure amounts for their leases be set at the amounts set forth above as of December 9, 2008, together with attorneys' fees, any additional actual pecuniary losses and such additional amounts as may become due prior to any Lease assumption and/or assignment; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

**December 16, 2008**

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

BY: _____/s/ Charles W. Chotvacs_____
**CONSTANTINOS G. PANAGOPOULOS (VSB #33356)**
**CHARLES W. CHOTVACS (VSB #70045)**
**601 13th Street, N.W.**
**Suite 1000 South**
**Washington, D.C.  20005**
**Telephone: (202) 661-2200**
**Facsimile: (202) 661-2299**
cgp@ballardspahr.com
chotvacsc@ballardspahr.com

BY:_____/s/ David L. Pollack_____
**DAVID L. POLLACK (*pro hac vice*)**
**JEFFREY MEYERS (*pro hac vice*)**
**JESSE N. SILVERMAN (VSB #46456)**
**51st Fl - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**Telephone: (215) 864-8325**
**Facsimile: (215) 864-9473**
pollack@ballardspahr.com
meyers@ballardspahr.com
silvermanj@ballardspahr.com

*Attorneys for Centro Properties Group,*
*FJL-MVP, LLC, and NMC Stratford, LLC*

# **CERTIFICATE OF SERVICE**

I, hereby certify that on the 16th day of December, 2008, a true and accurate copy of the foregoing Limited Objection of Centro Properties Group, FJL-MVP, LLC, and NMC Stratford, LLC to Debtors' Schedule of Cure Amounts set forth in Debtors' Motion for Orders Under 11 U.S.C. Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (ii) Setting Sale Hearing Date, and (iii) Authorizing and Approving (a) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (b) Assumption and Assignment of Certain Unexpired Nonresidential Property Leases, and (c) Lease Rejection Procedures was electronically filed with the Clerk of the Court using the CM/ECF system, which causes notices of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

      /s/ Charles W. Chotvacs
    Charles W. Chotvacs

DMEAST #10173150 v1