UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: CIRCUIT CITY STORES, INC., et al.,   )
                                                       ) Case No. 08-35653-KRH
              Debtors.       ) Jointly Administered
                                                       ) Chapter 11 Proceedings

**MOTION OF PORT ARTHUR HOLDINGS, III, LTD
FOR AN ORDER COMPELLING DEBTOR TO IMMEDIATELY PAY
POST-PETITION RENT AND OTHER RELATED CHARGES PURSUANT TO 11 U.S.C.
§ 365(d)(3) AND GRANTING RELATED RELIEF**

Port Arthur Holdings, III, LTD ("Port Arthur"), by and through its undersigned counsel, and in support of its motion for an order compelling Circuit City Stores, Inc. and its affiliated entities (collectively the "Debtor") to immediately pay post-petition rent and other related charges pursuant to 11 U.S.C. § 365(d)(3) respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Debtor has failed to pay rent to Port Arthur due under the lease for the post-petition period of November 10 through November 30, 2008 (the "Post-Petition Period"). Accordingly, Port Arthur respectfully requests that the Court enter an Order directing the Debtor to immediately pay post-petition rent and other related charges to Port Arthur.

**JURISDICTION**

2.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

David H. Cox (VSB # 19613)
dcox@jackscamp.com
John Matteo (VSB # 35054)
jmatteo@jackscamp.com
1120 Twentieth Street, N.W.
South Tower
Washington, D.C. 20036-3437
(202) 457-1600 – telephone
*Counsel for Port Arthur Holdings, III, LTD*

891863v.2

## BACKGROUND

3. Port Arthur is the landlord of commercial space located at 8725 Memorial Blvd., Port Arthur, Texas (the "Leased Premises").

4. Port Arthur is a party to a Lease Agreement (the "Lease") with the Debtor for the Leased Premises. A true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

5. On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6. Although the Leased Premises have not yet been rejected by the Debtor, the Leased Premises are named in Exhibit A of the Court's Order Granting the Debtors' Request Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume Or Reject Unexpired Leases Of Nonresidential Real Property (Docket No. 882) as an unexpired lease of nonresidential property, which the Debtors may later assume or reject.

7. The Debtor currently remains in possession of an enjoys the use and occupancy of the Lease Premises.

8. Since the Petition Date, the Debtor has failed to pay Post-Petition Rent to Port Arthur due under the Lease for the Post –Petition Period in the amount of $23,889.93 ("Post-Petition Rent"), CAM payment in the amount of $2,559.62 ("Post-Petition CAM"), and Insurance payment in the amount of $853.21 ("Post-Petition Insurance"). This is evidenced in Port Arthur's invoice statement, a true and correct copy of which is attached hereto and incorporated herein as Exhibit B.

## REQUESTED RELIEF

9. Port Arthur respectfully requests that the Court enter an Order that compels the Debtor to immediately pay Post-Petition Rent and other related charges to Port Arthur.

891863v.2

## BASIS FOR RELIEF

10. Section 365(d)(3) of the Bankruptcy Code states that a Debtor must "timely perform all the obligations of the debtor, ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected..." 11 U.S.C. § 365(d)(3). Section 365(d)(3) is intended to protect landlords from incurring additional losses during the post-petition, pre-rejection period.

11. Port Arthur is compelled to continue its post-petition performance; however, the Debtor continues to occupy and possess the Leased Premises without performing its post-petition obligations under the Lease.

12. Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments pursuant to 11 U.S.C. 365(d)(3). *See In re: Pudgie's Div. of New York, Inc.*, 202 B.R. 832 (Bank. S.D.N.Y. 1996); *see also In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002), rev'd on other grounds, 367 F3d 237 (4th Cir. 2004). In *In re: Pudgie's*, the Bankruptcy Court of the Southern District of New York strictly construed § 365(d)(3) to hold that nonresidential lessors were entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease. Accordingly, the Court should enter an order that compels the Debtor to immediately pay the Post-Petition Rent to Port Arthur pursuant to § 365(d)(3) of the Bankruptcy Code.

13. Additionally, pursuant to Section 23.17 of the Lease, the Debtor is obligated to reimburse Port Arthur for the reasonable attorneys' fees and costs incurred by Port Arthur in connection with the Debtor's compliance under the terms of the Lease. *See* Exhibit A. As such, Port Arthur respectfully requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Port Arthur in connection with the filing and prosecution of this Motion.

## NOTICE

14. Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, (iii) Counsel for the Official Committee of Unsecured Creditors, and (iv) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Port Arthur submits that no other or further notice of this Motion is required.

## WAIVER OF MEMORANDUM OF LAW

15. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, Port Arthur requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

16. No previous motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, Port Arthur respectfully requests the entry of an order compelling the Debtor to immediately pay Port Arthur its Post-Petition Rent and other related charges totalling $27,302.76, plus Port Arthur's reasonable attorneys' fees and costs in connection with this Motion and grant Port Arthur such other and further relief as this Court deems just and proper.

891863v.2

Dated: December 16, 2008

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: /s/ David H. Cox
   David H. Cox, Esquire (VSB # 19613)
   dcox@jackscamp.com
   John Matteo, Esquire (VSB # 35054)
   jmatteo@jackscamp.com
   1120 Twentieth Street, N.W.
   South Tower
   Washington, D.C. 20036-3437
   (202) 457-1600 – telephone
   (202) 457-1678 – facsimile

*Counsel for Port Arthur Holdings, III, LTD*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties receiving electronic notice via the Court's CM/ECF system, as appropriate, by electronic means and by First Class Mail (postage prepaid) on the following attached Service List and on the following parties via US regular mail, on this the 16th day of December 2008.

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, Virginia 23233

*Debtors*

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510

*Counsel for the Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

*Counsel for the Debtors*

Gregg Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

*Counsel for the Debtors*

6

891863v.2

Chris L. Dickerson, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esquire
Office of the U. S. Trustee
701 East Broad Street
Suite 4304
Richmond, Virginia 23219

*Office of the United States Trustee for
the Eastern District of Virginia, Richmond Division*

Linda K. Myers, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein LLP
Three Center Plaza
Sixth Floor
Boston, Massachusetts 02108

*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219

*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

*Counsel for the Official Committee of*

7

891863v.2

*Unsecured Creditors*

Robert J. Feinstein, Esquire
Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Twenty-Sixth Floor
New York, New York 10017

*Counsel for the Creditors Committee*

By: /s/ David H. Cox

8

891863v.2