## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

**OBJECTION OF WEST CAMPUS SQUARE COMPANY, LLC TO CURE AMOUNT PROPOSED BY DEBTORS IN MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (C) LEASE REJECTION PROCEDURES**

West Campus Square Company, LLC ("WCSC"), by and through its undersigned counsel, hereby objects (the "Cure Objection") to the proposed cure amount set forth in Exhibit "B" to the Debtors' *Motion for Orders Under 11 U.S.C. §§ 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Motion")[Docket No. 413] and in support thereof, respectfully state as follows:

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-309
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel to The West Campus Square Company, LLC

J. Bennett Friedman, Esquire (State Bar No.147056)
Hamburg, Karic, Edwards & Martin LLP
1900 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-4409
(310) 552-9292
(310) 552-9291

Counsel to The West Campus Square Company, LLC

## BACKGROUND

1.       On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.       The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.  The Debtor, Circuit City, is a leading specialty retailer or consumer electronics and operates large nationwide electronics stores.

3.       The Debtor is a tenant in connection with an unexpired nonresidential real property lease ("Lease") with landlord, West Campus Square L.P., in connection with a location in Seattle, Washington at the Seattle Outlet Store.

4.       December 17, 2008, has been established as the initial deadline for filing objections to the cure amounts proposed by the Debtors.

5.       On Exhibit B, the Debtors estimate the cure amount in connection with the Lease to be as follows:

          a.       1882 Seattle Outlet Store (West Campus Square L.P.) - $20,980 (the "Proposed Cure Amount")[1]

6.       Set forth in the attached in Exhibit "1" to this Objection is a schedule of known monetary claims of WCSC, as of the filing of this Objection, for the common area maintenance charges, taxes, insurance, base rent and other monthly obligations under the Lease, as the case may be (the "Arrearages").  The Arrearages are based upon information now available to

---

[1]The Proposed Cure Amount is comprised of the following:

| Nov. Stub Rent | Nov. Stub Cam | Nov. Stub Ins. | Nov. Stub Tax | Pre-Petition CAM | Pre-Petition Insurance | Pre-Petition Tax | Pre-Petition Utilities |
|---|---|---|---|---|---|---|---|
| $16,458 | $1,338 | $0 | $0 | $3,184 | $0 | $0 | $20,980 |

WCSC, and is set forth with a full reservation of rights to modify such amount as additional

information becomes available.  As of the date of this objection, the amount is $41,952.84,

exclusive of attorney fees and other year-end encumbrances as discussed below.

7.      Moreover, the Debtors are obligated to cure defaults under the lease as they exist

on the actual date the lease is assumed by the Debtors.  11 U.S.C. § 365(b)(1).  The amount

owed to WCSC, pursuant to section 365(b)(1), will depend upon the effective date of the

assumption of the Lease.

8.      Further, WCSC must be reimbursed as part of the cure payments for all of it

actual pecuniary losses, including, but not limited to, reasonable attorneys' fees and costs

expended with regard to enforcement of WCSC's rights under the Lease and protecting its

interests in these cases.

9.      In addition to the amount set forth on Exhibit "A", WCSC asserts that there may

be additional amounts due with regards to both pre-petition and post-petition periods, such as,

but not limited to (i) year-end reconciliation adjustments for 2008 regarding items such as

common area maintenance, public area costs, landlord liability insurance, sweeping, security

administrative fees, utilities, and (ii) accrued taxes.  Also, there may exist unbilled but accrued

liabilities of the Debtors, and the Debtors should be liable for curing all monetary and non-

monetary obligations of the Debtors under the Lease, including but not limited to, continuation

of indemnity.

10.      The Debtors and/or their assignee must remain fully liable for year-end

adjustments, notwithstanding the assumption and assignment of the Lease.   To the extent the

Debtors remain liable for such year-end adjustments, the Debtors must be required to escrow

and/or reserve funds from the proceeds of the sale of the Lease in an amount that is sufficient to pay the year-end adjustments in full when billed.

11.    Finally, WCSC asserts that it is entitled to adequate assurance of future performance pursuant to section 365(b)(1)(C), and as such, that an assignee has all of the obligations and restrictions imposed under the Lease, including but not limited to, use, utilization, hours of operation, signage, advertising, insurance and relocation.

WHEREFORE, WCSC respectfully requests that the Court enter an order that required the Debtors to (i) pay the full Arrearages to WCSC upon the assumption of the Lease; (ii) cure any additional amounts that are due and owing under the Lease on the actual date of the assumption of the Lease; (iii) pay WCSC's attorneys' fees and costs as may be determined at the time of assumption; (iv) require the assigned to pay all additional amounts that may come due under the Lease with respect to year-end adjustments, or otherwise; or alternatively, require the Debtors to escrow or reserve proceeds from the sale of the Lease to pay any and all additional amounts due under the Lease when billed; (v) require the Debtors to cure any delinquent taxes due under the Lease and to remain fully obligated for payment of any future taxes due under the Lease; and (vi) provide such further and additional relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:  December 17, 2008            CHRISTIAN & BARTON, LLP


By:    /s/ Jennifer M. McLemore_____
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

-and-

J. Bennett Friedman, Esquire (CSB No. 147056)
Hamburg, Karic, Edwards & Martin, LLP
1900 Avenue of the Stars, Suite 1800
Los Angeles, California 90067-4409

*Counsel for The West Campus Square
Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2008, I caused a copy of the foregoing

to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


/s/ Jennifer M. McLemore
Jennifer M. McLemore

915560.1