# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF INLAND AMERICAN RETAIL MANAGEMENT LLC, INLAND SOUTHWEST MANAGEMENT, LLC AND INLAND US MANAGEMENT LLC TO PROPOSED CURE AMOUNTS AS CONTAINED IN DEBTORS' MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR CLOSING STORES, (II) SETTING SALE HEARING DATE, AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, AND (C) LEASE REJECTION PROCEDURES**

Inland American Retail Management, LLC, Inland Southwest Management, LLC and Inland US Management, LLC (collectively, "Inland"), by and through their undersigned counsel, hereby object to the cure amounts proposed by the above-captioned debtors and debtors-in-possession ("Debtors") for the locations that are identified in more detail below, and in support thereof, respectfully state as follows:

| | |
|---|---|
| Michael D. Mueller, Esquire (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James, Esquire (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland American Retail Management LLC, Inland Southwest Management, LLC and Inland US Management LLC | Counsel for Inland American Retail Management LLC, Inland Southwest Management, LLC and Inland US Management LLC |

## BACKGROUND

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland, as managing agent for certain landlords, and the Debtors, as tenant, are parties to three (3) leases of non-residential real property (collectively, "Leases") for premises that are located in: (a) Batavia, IL; (b) Avondale, AZ; and (c) Oswego, IL.

3. On November 25, 2008, the Debtors filed the *Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures*, in which they have identified the proposed cure amounts ("Proposed Cure Amounts") for each of the Leases as follows:

    (a) Batavia, IL  -  $21,897.00;

    (b) Avondale, AZ  -  $18,329.00; and

    (c) Oswego, IL  -  $11,138.00

The Debtors have not provided an itemized calculation of the Proposed Cure Amounts.

4. As of the date of this Objection, Inland's books and records reflect balances that differ from the Proposed Cure Amounts for each of the Leases. Inland has identified the aggregate amount that it believes is due and owing under each of the Leases through and including December 1, 2008 as follows:

    (a) Batavia, IL      -      $16,750.08

    (b) Avondale, AZ      -      $78,384.41

    (c) Oswego, IL      -      $(2,208.27)

Inland submits that the foregoing amounts, plus Inland's attorneys' fees and costs to which it is entitled under the Leases, represent the proper cure amount for each of the Leases that must be paid by the Debtors in order to cure defaults under the Leases prior to any assumption and assignment of the Leases.

5. Further, the Debtors must cure any additional defaults that may occur under the Leases between the date of this Objection and the date the Leases are _actually_ assumed and assigned by the Debtors. Inland expressly reserves the right to increase the cure amount to include those and other items at such times as they materialize and/or may be computed.

6. Finally, the Debtors must be required to escrow and/or segregate sufficient funds from the proceeds of the assignment of the Leases to compensate Inland for the Debtors' obligations under the Leases with respect to reconciliations of common area maintenance charges and/or real estate taxes when billed under the Leases or, in the alternative, any assignee of the Leases must be expressly liable to pay such amounts (in full and when due under the Lease) to Inland.

WHEREFORE, Inland respectfully requests that the Court set a cure amount with respect to the Leases that is consistent with the foregoing, and that grants Inland such further and additional relief as the Court may deem just and proper.

Dated: December 17, 2008 　　　　　　　　　CHRISTIAN & BARTON, LLP

　　　　　　　　　　　　　　　By:　/s/ Jennifer M. McLemore
　　　　　　　　　　　　　　　　　　Michael D. Mueller, Esquire (VSB 38216)
　　　　　　　　　　　　　　　　　　Augustus C. Epps, Jr., Esquire (VSB 13254)
　　　　　　　　　　　　　　　　　　Jennifer M. McLemore, Esquire (VSB 47164)
　　　　　　　　　　　　　　　　　　Noelle M. James, Esquire (VSB 76001)
　　　　　　　　　　　　　　　　　　909 East Main Street, Suite 1200
　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　Telephone: (804) 697-4100
　　　　　　　　　　　　　　　　　　Facsimile: (804) 697-4112

　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　Karen C. Bifferato, Esquire
　　　　　　　　　　　　　　　　　　Christina M. Thompson, Esquire
　　　　　　　　　　　　　　　　　　CONNOLLY BOVE LODGE & HUTZ LLP
　　　　　　　　　　　　　　　　　　The Nemours Building
　　　　　　　　　　　　　　　　　　1007 North Orange Street
　　　　　　　　　　　　　　　　　　P.O. Box 2207
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899
　　　　　　　　　　　　　　　　　　Telephone: (302) 658-9141

　　　　　　　　　　　　　　　　　　*Counsel for Inland American Retail Management LLC, Inland Southwest Management LLC and Inland US Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

　　　　　　　　　　　　　　　　　　/s/ Jennifer M. McLemore
　　　　　　　　　　　　　　　　　　Jennifer M. McLemore

915674