UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**JOINT OBJECTION BY LANDLORDS FOR STORE NUMBERS
3124, 3303 and 4303 TO THE DEBTORS' PROPOSED CURE AMOUNTS**

**Circuit Investors - Vernon Hills Limited Partnership**, **Circuit Investors #4- Thousand Oaks Limited Partnership**, and **Circuit Investors - Fairfield Limited Partnership** (collectively, the "Landlords"), by counsel, and in accordance with this Court's Order Under 11 U.S.C. §§ 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (Docket No. 896) (the "Bid

---

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550
(804) 783-7686 facsimile

Niclas A. Ferland, Esq.
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
555 Long Wharf Drive, 8th Floor
New Haven, Connecticut 06511
(203) 773-5026
(203) 773-5027 facsimile

Counsel for the Landlords

Procedures Order"), hereby file this objection (the "Objection") to the Debtors' Proposed Cure Amount[1], and in support thereof, represent as follows:

**Introduction**

1.  On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2.  Pursuant to the Bid Procedures Order, the Landlord has until December 17, 2008 to object to the Debtors' Proposed Cure Amounts.

**The Leases**

3.  Certain of the Debtors are the tenant, and each of the Landlords is a landlord, pursuant to three unexpired leases (collectively, the "Leases") of nonresidential real property for retail stores located at the following locations (collectively, the "Stores"):

| Store Number | Store Address | Center/Lease Name |
| --- | --- | --- |
| 3124 | 551 N. Milwaukee Ave. Vernon Hills, IL | Vernon Hills |
| 3303 | 600 West Hillcrest Drive Thousand Oaks, CA | Thousand Oaks |
| 4303 | 1560 Gateway Boulevard Fairfield, CA | Fairfield |

---

[1] Capitalized terms that are used, but not defined, herein shall have the meanings ascribed to them in the Bid Procedures Order.

2

**Objection**

4. In the event that the Leases are assumed and assigned to the Potential Purchasers, the Debtors shall be required to, among other things, cure all defaults under the Leases and compensate the Landlords for actual pecuniary loss as a result of such defaults. 11 U.S.C. § 365(b). As of the date of the filing of this Objection, but exclusive of (i) any amounts that become due after December 17, 2008, and (ii) attorneys' fees, the 11 U.S.C. § 365(b) "cure" amount for each Lease is set forth in detail on the attached Exhibit 1.[2]

5. In addition to the cure amounts set forth on Exhibit 1, pursuant to the terms of the Leases and 11 U.S.C. § 365(b), the Court should award the Landlords a reasonable amount for attorneys' fees actually incurred as a result of the Debtors' bankruptcy cases. See, e.g., Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. Co., 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); In re Beltway Medical, Inc., 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation"); In re East 44th Realty, LLC, No. 07 Civ. 8799, 2008 U.S. Dist. LEXIS 7337 (S.D.N.Y. 2008) (affirming bankruptcy court's finding that a $1.7 million settlement of attorneys' fees to a landlord was reasonable); In re James Londagin, No. RS 06-12181, 2008 Bankr. LEXIS 806, *26 (Bankr. C.D. Cal. 2008) (awarding postpetition attorneys' fees); In re

---

[2] Monthly rent is billed in arrears under each of the Leases.

3

Entertainment, Inc., 223 B.R. 141, 151-154 (Bankr. E.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease); In re Exchange Resources, Inc., 214 B.R. 366, 371 (Bankr. D. Minn. 1997) (legal fees incurred by landlord in collecting post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now"); In re MS Freight Distribution, Inc., 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994) ("the legislative history of [section 365(d)(3)] and the language of the section itself mandate that a lessor be paid interest, late fees, and legal fees incurred in the first 60 days of the bankruptcy case").

6.  The Landlords also object to sale of the Leases free and clear of any adjustments that are to be made under the Leases ("Adjustments"). Adjustments are billed in arrears annually and will not be known with certainty for some time. Typically, settlement of Adjustments is left to the debtor and the purchaser (whether by estimation, escrow or otherwise) with the purchaser being directly liable to the landlord for the total amount of Adjustments as they are billed in the ordinary course of business.

7.  The Landlords further object to any attempt to transfer the Leases free and clear of any accrued claims for personal injury or negligence against the Debtors that could be asserted against any of the Landlords. The most likely example is premises liability – the Debtors have the obligation under the Leases to indemnify the Landlords for such claims and maintain insurance to cover such losses.

8.  Finally, the Leases are "triple net" leases under which the Debtors are responsible for the direct payment of all taxes, utilities, insurance and the like. To the extent that the Debtors have defaulted under any of those obligations, such default

amounts are incorporated by reference and shall constitute an addition to the cure amounts set forth on Exhibit 1.

**WHEREFORE**, the Landlords request that this Court enter an order:

a. Sustaining this Objection;

b. Establishing the correct Cure Amounts to be the amounts asserted in this Objection; and

c. Granting the Landlords such other and further relief as the Court deems appropriate.

Dated: December 17, 2008
Richmond, Virginia

LeClairRyan, A Professional Corporation

/s/ Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel: (804) 783-7550
Fax: (804) 783-7686
christopher.perkins@leclairryan.com

- and -

Niclas A. Ferland (NAF-5367)
Ilan Markus (IM-7174)
555 Long Wharf Drive, 8th Floor
New Haven, CT 06511
Tel: (203) 773-5026
Fax: (203) 773-5027
niclas.ferland@leclairryan.com
ilan.markus@leclairryan.com

*Counsel for the Landlords*

5

## CERTIFICATE OF SERVICE

That on the 17th day of December, 2008, I caused the foregoing to be (i) electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF System, which causes notices of the electronic filing to be served all registered users of the CM/ECF System that have filed notices of appearance, and (ii) electronically mailed to all parties on the "Rule 2002 Service List" maintained on the website of the Debtors' Court-approved noticing agent in accordance with the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

/s/ Christopher L. Perkins
Christopher L. Perkins

# Exhibit 1

## Outstanding Real Property Taxes Payable under the Leases

| City | State | Taxing Authority | Parcel ID | Delinquent as of: | Amount | Installment | For Period |
|---|---|---|---|---|---|---|---|
| Fairfield | CA | Solano County | 0033-230-750 | 12/10/2008 | 38,521.17 | 1 of 2 | 07/01/08 - 06/30/09 |
| Thousand Oaks | CA | County of Ventura | 663-0-093-175 | 12/10/2008 | 6.24 | 1 of 2 | 07/01/08 - 06/30/09 |
| Thousand Oaks | CA | County of Ventura | 663-0-093-165 | 12/10/2008 | 34,702.08 | 1 of 2 | 07/01/08 - 06/30/09 |

## Outstanding Rents Payable under the Leases

| | October Rent Due Oct 31 not received Rent paid in arrears | November Rent due Nov 30 not received Rent paid in arrears | Total Rent Arrearages |
|---|---|---|---|
| Fairfield | $ 36,608.33 | $ 36,608.33 | $73,216.66 |
| Thousand Oaks | $ 42,530.42 | $ 42,530.42 | $85,060.84 |
| Vernon Hills | $ 34,220.83 | $ 34,220.83 | $68,441.66 |

## Total Cure Amounts:

| Landlord | City | Total Cure Amount |
|---|---|---|
| Circuit Investors - Fairfield L.P. | Fairfield | $ 111,737.83 |
| Circuit Investors #4 - Thousand Oaks L.P | Thousand Oaks | $ 119,769.16 |
| Circuit Investors-Vernon Hills L.P. | Vernon Hills | $ 68,441.66 |