UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | Chapter 11 |
| Debtors. ) | (Jointly Administered) |

## OBJECTION TO PROPOSED CURE AMOUNT

Spring Hill Development Partners, GP, Dickson Management Associates, LLC and Gallatin Management Associates, LLC (collectively, "Spring Hill"), by counsel, hereby submit this objection to the Debtors' Motion for Orders under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Motion") filed by Circuit City, Inc. and its affiliated entities (collectively, the "Debtors"), and in support of the objection state as follows:

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Spring Hill Development Partners, GP, Dickson
Management Associates, LLC and Gallatin Management Associates, LLC*

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia. The Debtors have continued operating their businesses as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

2. Spring Hill is the landlord and owner of commercial space located at 1037 Crossing Boulevard, Spring Hill, Tennessee (the "Leased Premises"). The Leased Premises are located within The Crossings at Spring Hill Shopping Center (the "Shopping Center").

3. Pursuant to a lease agreement dated October 26, 2007, as amended (the "Lease"), Spring Hill leased the Leased Premises to the Debtors. The Leased Premises are located in a shopping center for purposes of Section 365(b)(3) of the Bankruptcy Code. A copy of the Lease is attached hereto as **Exhibit 1**.

4. The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Leased Premises, from which the Debtors operate Store # 3823.

5. Sections 4.01 and 1.01(C) of the Lease require the Debtors to pay Spring Hill $281,584.35 of "Annual Minimum Rent" in monthly installments of $23,465.36.

6. Sections 1.01(K), 1.01(O) and 8.06 of the Lease require Spring Hill to, among other things, satisfy a "Minimum Ongoing Cotenancy Percentage," (referred to herein as the "Cotenancy Requirement") *i.e.*, to ensure that retail tenants, open for business during normal business hours, occupy at least 70% of the Shopping Center, exclusive of the Leased Premises, as calculated per the terms of the Lease. In the event that Spring Hill did not meet the Cotenancy Requirement at the time the Lease commenced, the Debtors were entitled to pay "Alternative

Rent" in lieu of the monthly installments of Annual Minimum Rent pursuant to § 8.06 of the Lease.

7. Section 1.01(B) of the Lease defines "Alternative Rent" as 50% of the Annual Minimum Rent, *i.e.*, $11,732.68 per month.

8. From May 1, 2008 to August 31, 2008, the Debtors paid Alternative Rent in the monthly amount of $11,732.68, as Spring Hill had not yet met the Cotenancy Requirement.

9. As of September 1, 2008, Spring Hill satisfied the Cotenancy Requirement. Thus, according to the Lease's provisions, the Debtors were required to pay monthly installments of $23,465.36 in Annual Minimum Rent from September 2008 forward.

10. However, the Debtors only paid Alternative Rent amounts (*i.e.*, $11,732.68) for both September and October 2008. Pursuant to the Lease's provisions, the Debtors owed, and continue to owe to Spring Hill pre-petition rent for September and October 2008 in the amount of $23,465.36, which amount reflects the balance of Annual Minimum Rent accrued during September and October 2008.

11. In a letter dated November 4, 2008, Spring Hill notified the Debtors that the Cotenancy Requirement had been met, thereby triggering the Debtors' obligation to pay Annual Minimum Rent. A copy the November 4 letter is attached hereto as **Exhibit 2**.

12. The Debtors received Spring Hill's notice regarding the satisfaction of the Cotenancy Requirement. As a result, the Debtors paid the prorated amount of Annual Minimum Rent owed for the post-petition time period of November 10, 2008 through November 30, 2008.

13. In addition, the Debtors have remitted payment of the full monthly installment of Annual Minimum Rent ($23,465.36) for December 2008.

14. However, the Debtors continue to owe Spring Hill rent in the amount of $23,465.36, which amount reflects the balance of Annual Minimum Rent due for the months of September and October 2008.

15. In addition, the Debtors owe Spring Hill $7,903.68 in November stub rent and CAM charges for the time period of November 1, 2008 through November 9, 2008.

16. The Debtors have also incurred a post-petition, administrative expense arising from construction work performed by The Parkes Companies, Inc. ("The Parkes Companies") on the Leased Premises and on behalf of the Debtors.

17. On November 11, 2008, The Parkes Companies filed a mechanic's and materialmen's lien (the "Mechanic's Lien") against the Leased Premises in the amount of $35,107.00. A copy of the Mechanic's Lien is attached hereto as **Exhibit 3**.

18. Pursuant to § 14.02 of the Lease, the Debtors are required to promptly discharge the Mechanic's Lien and Spring Hill hereby demands the Debtors to fulfill their obligation to discharge this lien. In the event that Spring Hill is forced to discharge the Mechanic's Lien, the Debtors are liable to Spring Hill for the payoff amount of the Mechanic's Lien and all costs incurred by Spring Hill in discharging this lien, including reasonable attorney's fees.

## OBJECTION

19. The Debtors filed the Motion on November 26, 2008. In the Motion, the Debtors seek, among other things, an Order by the Court, approving the proposed cure amounts for leases they may sell at auction.

20. In Exhibit B to the Motion (the "Cure Exhibit"), the Debtors propose a cure amount of $6,352.00, which amount is comprised of pre-petition, November stub rent and CAM charges and other pre-petition CAM charges owed pursuant to the Lease. The Debtors further

4

state that, except for the amounts set forth in the Cure Exhibit, the Debtors are current on their financial obligations under the Lease. (Debtors' Mot., ¶ 13.)

21. Spring Hill objects to the Debtors' proposed cure amount of $6,352.00 in that such amount is incorrect and fails to include post-petition, administrative expenses owed by the Debtors to Spring Hill. Subject to the reservations set forth in paragraph 23, *infra*, the correct cure amount with respect to the Lease and Store #3823 is an amount not less than $66,476.04, based upon the following calculations:

| | | |
|---|---|---|
| a. | Pre-petition rent owed for 9/08: | $11,732.68[1] |
| b. | Pre-petition rent owed for 10/08: | $11,732.68[2] |
| c. | Pre-petition stub rent owed for 11/1/08: | $7,039.61 |
| d. | Pre-petition CAM owed for 11/1/08: | $864.07 |
| e. | Unsatisfied Mechanic's Lien dated 11/11/08: | $35,107.00 |
| | **TOTAL CURE AMOUNT:** | **$ 66,476.04** |

22. The correct cure amount set forth in paragraph 21 above does not include the amount of attorney's fees and other expenses incurred by Spring Hill in connection with discharging the Mechanic's Lien.

23. The correct cure amount set forth in paragraph 21 is based on the best information now available to Spring Hill and its advisors and is set forth with Spring Hill's full reservation of right to modify such cure amount as additional information becomes available to Spring Hill. Spring Hill expressly reserves the right to increase the cure amount in paragraph 21 herein in

---

[1] This amount reflects the balance of Annual Minimum Rent owed by the Debtors to Spring Hill as a result of Spring Hill's satisfaction of the Cotenancy Requirement.
[2] This amount reflects the balance of Annual Minimum Rent owed by the Debtors to Spring Hill as a result of Spring Hill's satisfaction of the Cotenancy Requirement.

order to include other future amounts as such amounts may become due and/or may be computed.

24. Spring Hill further reserves its rights and remedies, including, but not limited to, the right to object to any proposed assumption and assignment of the Lease.

## ARGUMENT

25. Section 365(b)(1) of the Bankruptcy Code governs the financial obligations of a debtor that seeks to assume and assign a lease, providing, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; . . .

11 U.S.C. § 365(b)(1).

26. In addition, § 365(d)(3) of the Bankruptcy Code provides, in pertinent part:

> (d)(3) The trustee *shall timely perform all the obligations of the debtor,* . . . arising from and after the order for relief under any unexpired lease of nonresidential property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

27. The above sections of the Bankruptcy Code and current caselaw recognize the difficult position of a nonresidential real property lessor, such as Spring Hill, during the post-petition, pre-rejection period. See In re Best Products Company, Inc., 206 B.R. 404, 407 (Bankr.

6

E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor"). To the extent that a landlord is compelled to continue post-petition performance on a lease, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). Furthermore, this Court has held that § 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. See In re Trak Auto Corporation, 277 B.R. 655, 665-66 (Bankr. E.D. Va. 2002) rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

28. Based upon §§ 365(b)(1) and 365(d)(3) of the Bankruptcy Code and the above-cited caselaw, the Debtors are required to cure all pre-petition amounts in order for the Lease to be assumed and assigned to a potential purchaser as contemplated by the Debtors' Motion. In addition, the Debtors are further obligated under the Bankruptcy Code to timely discharge the Mechanic's Lien filed against the Leased Premises and to compensate Spring Hill for any actual pecuniary loss it incurred relating to the discharge of such lien, i.e., the payoff amount of the Mechanic's Lien and Spring Hill's attorney's fees and costs.

29. Accordingly, this Court should enter an Order directing the Debtors to remit payment to Spring Hill of all pre-petition amounts owed and to timely payoff/discharge the Mechanic's Lien pursuant to §§ 365(b1) and 365(d)(3) of the Bankruptcy Code. In addition, the Court should further require the Debtors to timely pay any and all other post-petition, administrative expenses as they become due, e.g., future rent, related charges, etc.

30. Finally, § 23.18 of the Lease provides that in any action or proceeding, the prevailing party shall be entitled to recover from the other party the prevailing party's reasonable attorney's fees and costs. Thus, Spring Hill further requests that the Court enter an Order

directing the Debtors to pay the attorney's fees and costs incurred by Spring Hill in connection with the filing and prosecution of this Objection.

31. Spring Hill joins in the objections raised by other landlords to the extent that such objections are consistent with this Objection.

## WAIVER OF MEMORANDUM OF LAW

32. Spring Hill respectfully requests that the Court treat this Objection as a written memorandum of points and authorities or waive any requirement that this Objection be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

**WHEREFORE,** Spring Hill respectfully requests entry of an order that authorizes and directs the Debtors to:

(a) cure all pre-petition amounts incurred by the Debtor for the time period of September 1, 2008 through November 9, 2008, prior to any assumption and assignment of the Lease pursuant to the procedures set forth in the Debtors' Motion;

(b) immediately pay incurred, post-petition administrative expenses, *i.e.*, the Mechanic's Lien, and reimburse Spring Hill for reasonable attorney's fees and costs incurred and arising from the discharge of such lien;

(c) make all future monthly payments of administrative rent and related charges as such amounts accrue pursuant to the Lease;

(d) amend the Cure Exhibit to reflect the correct cure amount for Store # 3823 as set forth in paragraph 21, *supra*; and

(e) granting such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| Dated: December 17, 2008 | SPRING HILL DEVELOPMENT PARTNERS, GP, DICKSON MANAGEMENT ASSOCIATES, LLC AND GALLATIN MANAGEMENT ASSOCIATES, LLC |
|  | By: ____/s/ Michael P. Falzone_____<br>Counsel |

Michael P. Falzone (VSB #22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Spring Hill Development Partners, GP, Dickson Management Associates, LLC and Gallatin Management Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2008, a true and correct copy of the foregoing was served on all persons receiving electronic notice in these cases and to the following parties:

Greg M. Galardi
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
gregg.galardi@skadden.com

Dion W. Hayes
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
dhayes@mcguirewoods.com
*Counsel for the Debtors*

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdog.gov
*Assistant United States Trustee*

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
rfeinstein@pszjlaw.com
*Counsel for the Creditors Committee*

/s/ Michael P. Falzone
Michael P. Falzone

#2320394v2