UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 |
| Debtors. | Jointly Administered |
| | Hearing Date: January 16, 2009 |
| | Objections Due: December 30, 2008 |

**NOTICE OF MOTION OF TOMTOM, INC., FOR AN ORDER UNDER SECTIONS 105, 362, AND 363 MODIFYING THE AUTOMATIC STAY TO PERMIT THE EXERCISE OF SETOFF AND/OR RECOUPMENT RIGHTS AGAINST THE DEBTORS**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fifteen (15) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: Clerk of Court, United States Bankruptcy Court, 1100 East Main Street, Room 310, Richmond, VA 23219-3515, and serve a copy on the movant's attorney at the address shown below. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the fifteen day period. Attend the preliminary hearing scheduled to be held on: January 16, 2009 and 10:00 a.m.; in the Courtroom, Room 5000, United States Bankruptcy Court, U.S. Courthouse Annex, 1100 East Main Street, Richmond, Virginia. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: New York, New York
      December 17, 2008                    Respectfully Submitted,

                                              NIXON PEABODY LLP

                                              By: /s/ Christopher M. Desiderio
                                              Louis E. Dolan, Jr. (Bar # 34437)
                                              401 9th Street NW, Suite 900
                                              Washington, DC 20004-2128

12296614.3

        Tel.: (202) 585-8818
        Email: ldolan@nixonpeabody.com
        *Counsel for TomTom, Inc.*

        and

        Dennis J. Drebsky
        Christopher M. Desiderio (admitted *pro hac vice*)
        437 Madison Avenue
        New York, New York  10022
        Tel.:  (212) 940-3000
        Email: cdesiderio@nixonpeabody.com
        *Counsel for TomTom, Inc.*

## **Proof of Service**

      I hereby certify that I have this 17th day of December mailed via overnight mail a copy of this Motion For Relief From Stay and Notice of Motion and Hearing upon each party required to receive notice under Local Bankruptcy Rule 4001(a)-1(F)(1) as identified  below:

    Daniel F. Blanks, Esquire (via overnight mail)
    Douglas M. Foley, Esquire
    McGuire Woods LLP
    World Trade Center, Suite 9000
    101 W. Main Street
    Norfolk, VA 23510

    Dion W. Hayes, Esquire  (via overnight mail)
    James S. Sheerin, Esquire
    Sarah Beckett Boehm, Esquire
    McGuire Woods LLP
    One James Center
    901 E. Cary Street
    Richmond, VA 23219

    Gregg M. Galardi, Esquire (via overnight mail)
    Skadden Arps Slate Meagher & Flom, LLC
    One Rodney Square
    P. O. Box 636
    Wilmington, Delaware 19899-0636

    Chris L. Dickerson, Esquire (via overnight mail)
    Skadden Arps Slate Meagher & Flom, LLC
    333 West Wacker Drive
    Chicago, IL 60606

Robert Van Arsdale, Esquire  (via overnight mail)
Assistant U.S. Trustee
Office of the U.S. Trustee
600 E. Main Street, Suite 301
Richmond, VA 23219

Brad R. Godshall (via overnight mail)
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica blvd, 11th Floor
Los Angeles, CA 90067-4100

Jeffrey N. Pomerantz (via overnight mail)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

John D. Fiero (via overnight mail)
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 9411-4500

Lynn L. Tavenner (via overnight mail)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Paula S. Beran (via overnight mail)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Robert J. Feinstein (via overnight mail)
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017

circuitcityservice@mcquirewoods.com (via email)

project.circuitcity@skadden.com (via email)

                By:/s/ Christopher M. Desiderio
                Christopher M. Desiderio (admitted *pro hac vice*)
                437 Madison Avenue
                New York, New York  10022
                Email: cdesiderio@nixonpeabody.com
                *Counsel for TomTom, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 |
| Debtors. | Jointly Administered |
| | Hearing Date: January 16, 2009 |
| | Objections Due: December 30, 2008 |

**MOTION OF TOMTOM, INC., FOR AN ORDER UNDER SECTIONS 105, 362, AND 363 MODIFYING THE AUTOMATIC STAY TO PERMIT THE EXERCISE OF SETOFF AND/OR RECOUPMENT RIGHTS AGAINST THE DEBTORS**

TomTom, Inc., ("TomTom"), by and through its counsel, Nixon Peabody LLP, for its Motion (the "Motion") for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the above-captioned debtors (the "Debtors"), respectfully represents and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider that Motion pursuant to 28 U.S.C §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). Venue of the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 362(d), 506(a), and 553 of the title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code') and Federal Rule of Bankruptcy Procedure 4001, and Local Bankruptcy Rule 4001(a)-1.

12296614.3

**BACKGROUND**

2. TomTom is a digital mapping and routing company that focuses on car navigation. TomTom is best known for its portable GPS devices.

3. Often, TomTom offers its retailers special promotional packages, such as "GiveGive" and other rebate programs. Additionally, TomTom often applies credits to retailer's outstanding accounts receivable for advertising claims.

4. During the 2008 holidays, TomTom offered a rebate offer on 125,000 units of TomTom Model 125 ("125s"). See Letter dated October 17, 2008, annexed hereto as **Exhibit A** (the "Letter Agreement"). Through this program, Circuit City Stores, Inc. ("Circuit City") was obligated to make a "cash in advance" payment and a second instalment payment at a later date. In turn, TomTom offered "sell-through credits" or rebates to Circuit City for every unit sold. Circuit City is indebted to TomTom in the amount of $8,412,529.56[1] for delivered but unpaid for 125s. Pursuant to the Letter Agreement, TomTom owes Circuit City approximately $5,400,000 in sell-through credits. These credits are applied against any outstanding invoices that are owed by the Debtor to TomTom. TomTom never pays, or advances, any cash in connection with this, or other similar programs.

5. On November 10, 2008 (the "Petition Date") the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. The Debtors continue to manage and operate their businesses as debtors-in-possession. No trustee or examiner has been appointed in these cases.

---

[1] Circuit City's total prepetition indebtedness to TomTom is $10,196,426.21. This amount includes the $8,412,529.56 owed on account of the 125s.

**RELIEF REQUESTED**

7. Section 362(a)(7) of the Bankruptcy provides that the filing of the Debtors' voluntary petitions operates as an automatic stay, applicable to all parties, against "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor," 11 U.S.C. § 362(a)(7).

8. However, the automatic stay does not defeat the right of setoff under the Bankruptcy Code. A party may still exercise its right to setoff in a bankruptcy case, but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any such right to setoff. See In re NGT Industries, Inc., 103 B.R. 195, 197 (Bank N.D. Ill. 1989). By necessitating a motion for relief from the stay to effect a setoff, Bankruptcy Code section 362 creates a mechanism by which setoff, which is usually nothing more than an accounting adjustment, can be subject to an orderly examination by the court and the creditors of the estate. See In re Corland Corp., 967 F.2d 1069, 1076 (5th Cir. 1992); In re Women's Technical Institute, Inc., 200 B.R. 77, 82 (Bankr. D. Mass. 1996).

9. To that end, under Bankruptcy Code section 362(d)(l), on request of a party in interest and after notice and hearing, the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d). While neither the Bankruptcy Code nor the legislative history for section 362(d)(1) defines the term "cause," it is generally viewed as a broad and flexible concept. See, e.g., In re Elmira Litho, Inc., 161 B.R. 586, 590 (Bank. S.D.N.Y. 1994). As a result, when deciding whether to modify the stay, the court will review the facts of each request to determine whether relief is appropriate under the circumstances. See In re Mazzeo, 167 F. 3d 139, 142 (2d Cir. 1999). In addition, the party seeking relief from the stay under section 362(d)(1) is required

to establish a legally sufficient basis for the action sought. See In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 (Bank. S.D.N.Y. 1990).

10. Additionally, Section 362(d)(2) permits the modification of the automatic stay if the debtor lacks equity in the property and such property is not necessary to an effective reorganization. See 11 U.S.C. § 362(d)(2). The Debtors lack any equity in the unapplied credits in light of the fact that the amount of TomTom's setoff and recoupment rights will exceed same. Therefore, modification of the automatic stay pursuant to Section 362(d)(2) is also proper.

**A.    TomTom is Entitled to Setoff**

11. Section 553 of the Bankruptcy Code provides, in pertinent part, that:

> [E]xcept as otherwise provided in this section and in Sections 362 and 363 of this title, this title does not effect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a); see also In re Carlyle, 242 B.R 882, 888 (Bankr. E.D. Va. 1999) (stating that Section 553 "preserves a creditor's right of offset to the extent such right may exist at common law") (citing Durham v. SMI Indus., 882 F.2d 881, 883 (4th Cir. 1989)). Setoff rights would be extinguished and meaningless if the creditor were required to turnover all property of the estate prior to a determination of its setoff right. See generally Strumpf, 516 U.S. at 20.

12. The right of setoff allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A." Strumpf, 516 U.S. at 18 (quoting Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528 (1913)). Setoff "occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), with which courts should interfere "only under the most compelling circumstances." In re Utica Floor Maint., Inc., 441 B.R. 941, 944 (N.D.N.Y.

1984); see also In re DeLaurentiis Entm't Group, Inc., 963 F.2d 1269, 1277 (9th Cir. 1992) ("Absent a setoff, a creditor . . . is in the worst of both worlds: it must pay its debt to the debtor in full, but is only entitled to receive a tiny fraction of the money the debtor owes it.").

13. Whether this dispute is governed by Virginia or Massachusetts state law, the law regarding setoffs is essentially the same.

14. To maintain a right of setoff a creditor must demonstrate:

(1) A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case;

(2) The creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case; and

(3) The debt and claim are mutual obligations.

See e.g. Comer v. United States SSA (In re Comer), 386 B.R. 607, 609-610 (Bankr. W.D. Va. 2008).

**(1)    The Debts and Claims Arose Prepetition.**

15. In general, the question of whether a claim arose prepetition is a question of federal, not state, law, and courts in the Fourth Circuit generally apply the "conduct test" to determine if the acts committed giving rise to the claim occurred pre-petition. Grady v. A.H. Robins Co., 839 F.2d 198, 203 (4th Cir.1988); see also Zeitler v. Martel, 255 B.R. 172 (E.D.N.C. 1999) ("Pursuant to the [conduct test], if the right to payment arises from conduct which took place prior to the petition date, there is a claim within the meaning of § 105(5)."); In re Baseline Sports, Inc., 393 B.R. 105 (Bankr. E.D. Va. 2008) ("Whether a claim arises pre-petition . . . turns on whether the events giving rise to the claim occurred prior to the date the Debtor filed its

bankruptcy petition."). Once the rights to setoff are established, an allowed claim of the creditor is secured up to the extent of the amount subject to setoff. See 11 U.S.C. § 506(a).

16. In this case, all of the events and conduct giving rise to TomTom's and the Debtors' claims occurred prior to the Petition Date. It is undisputed that the entire inventory giving rise to TomTom's claim was delivered prior to the Petition Date. Second, the credits owed to Circuit City were earned pursuant to the Letter Agreement and were due to the Debtors upon the prepetition delivery of the 125s.

**(2)    The Debts and Claims Are Mutual**

17. TomTom's obligation to the Debtors, and vice a versa, is mutual, as they were each incurred as supplier and purchaser.

18. As a general rule, mutuality under Section 553 requires that the debts be owed between the same parties acting in the same capacity. See, e.g., In re Koch, 224 B.R. 572, 576 (Bankr. E.D. Va. 1998) ("[Mutuality] simply means that the creditor is indebted to the debtor who is similarly indebted to the creditor."); In re Senior Living Properties, L.L.C., 309 B.R. 223 (Bankr. N.D. Tex. 2004) ("Mutuality means that the 'debts must be in the same right and between the same parties, standing in the same capacity and same kind or quality."). Where, as in the present case, there are only two parties involved with respect to both the claim and the debt, and each of parties is acting severally and in its own right, the mutuality requirement of Section 553 is easily met.

19. For the forgoing reasons, it is clear that TomTom is entitled to setoff the Debtor's sell-through credits against its prepetition claims against the Debtors.

**B.    Alternatively, TomTom is Entitled to Recoupment**

20. Recoupment generally arises when a debtor and a creditor have claims against each other that arise out of the same transaction. See In re B&L Oil Co., 782 F.2d 155 (10th Cir. 1986). Recoupment has long been recognized in bankruptcy proceedings, and is typically the means used to determine the proper liability on the amounts owed. See, e.g., Reiter v. Cooper, 507 U.S. 258, 265 n.2 (1993) (recognizing the right of recoupment in bankruptcy); Bull v. U.S., 295 U.S. 247, 262 (1935) ("[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded.").

21. Although recoupment is generally a defensive doctrine, TomTom may seek adjudication that it may recoup without waiting for the debtor to bring suit. See In re Flagstaff Realty Assocs., 60 F.3d 1031, 1035 (3d Cir. 1995). Because recoupment is an equitable defense, most courts recognize that application of the defense of recoupment in a contractual context is especially appropriate. See In re B&L Oil Co., 782 F.2d at 157 ("A typical case applying the recoupment doctrine in bankruptcy permit[s] a claim for damages for alleged breach of a construction contract to reduce the balance due under the contract.") (citations omitted).

22. For recoupment to apply, the "logical relationship" test or a more conservative "integrated transaction" test. See In re University Medical Center, 973 F.2d 1065, 1081 (3d Cir. 1992) (applying the "integrated transaction" test and requiring that the obligations at issue "arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of the transaction without also meeting its obligations"); In re Coxson, 43 F.3d 189, 193-94 (5th Cir. 1995) (holding that recoupment is appropriate where creditor's and debtor's obligations arise out of the same contract).

23. In this case, TomTom has a valid right of recoupment under both tests. Here it is clear that both TomTom's and Circuit City's obligations arise under the Letter Agreement.

Document    Page 11 of 12

24. The central distinction between a setoff and recoupment is that the time limits of setoff do not apply to recoupment. As such, prepetition claims can be withheld from post-petition debts. See In re Bob Brest Buick, Inc., 136 B.R. 322 (Bankr. D. Me. 1991) (recoupment is "without regard to the pre- or post-petition timing of a particular financial event"). All of the claims arise under the same transaction and therefore the temporal requirements of setoff do not need to be met pursuant to recoupment.

25. For the foregoing reasons, if this Court determines that setoff is not applicable to TomTom's claims, it is clear that its recoupment rights should apply to this series of transactions.

C.    **The Balance of the Equities Supports TomTom**

26. Under the Letter Agreement, the Debtor is only entitled to sell-through credits. There is no obligation to Circuit City to make cash or other reimbursements to the Debtor. The Debtor should receive no greater rights under the contract just because it is a party to a bankruptcy proceeding.

27. Regardless of whether or not setoff or recoupment applies to these transactions, although they clearly do for the reasons stated above, it would be inequitable to require TomTom to make a cash payment to Circuit City for product that Circuit City has never paid for itself. To hold otherwise would require TomTom to have a general unsecured claim of approximately $10 million (for goods received and unpaid for by the Debtor) and pay out an additional $5.4 million, increasing TomTom's total exposure to $15.4 million (with only a general unsecured claim of $10 million). Nothing in the Bankruptcy Code, or under state law, supports such an inequitable result.

## **CONCLUSION**

WHEREFORE, TomTom requests that this Court enter an order modifying the automatic stay to allow TomTom to setoff or recoup its claims against the Debtors with those obligations owed to the Debtor arising under the purchase orders and rebate programs and order such other and further relief that this Court deems appropriate.

Dated: New York, New York
December 17, 2008

Respectfully Submitted,

NIXON PEABODY LLP

By: /s/ Christopher M. Desiderio
Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com
*Counsel for TomTom, Inc.*

and

Dennis J. Drebsky
Christopher M. Desiderio (admitted *pro hac vice*)
437 Madison Avenue
New York, New York 10022
Tel.: (212) 940-3000
Email: cdesiderio@nixonpeabody.com
*Counsel for TomTom, Inc.*