**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040
Kevin M. Newman, Esq.
James C. Thoman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------

In re:

CIRCUIT CITY STORES, INC., *et al.*            Case No. 08-35653-KRH
                                               Jointly Administered
                              Debtors.         Chapter 11 Proceedings

------------------------------------------------------------------

**Objection to Proposed Cure Amount**

EklecCo NewCo, LLC, (the "Objecting Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submits this Objection to the Debtors' proposed cure amount (the "Cure Amount").

**Background**

1.     On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord leases nonresidential real property to one of the Debtors under an unexpired lease (the "Lease") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |

(the "Premises").

4. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 25, 2008, the Debtors filed a sale motion (the "Sale Motion") seeking to establish: (i) bidding and auction procedures for the sale of unexpired leases of nonresidential real property; (ii) setting a date for a sale hearing (the "Sale Hearing") and (iii) authorizing and approving: (a) the sale of certain leases free and clear of liens, claims encumbrances, (b) assumption and assignment of certain leases and (c) lease rejection procedures.

6. On December 10, 2008, the Court entered an order approving the Sale Motion and scheduled the Auction to be held on December 18, 2008 and the Sale Hearing on December 22, 2008. An Objection to the proposed cure amount with respect to the Lease is to be filed on or before December 17, 2008.

{F:\WPMain\22375\22755\JCT1868.DOC}                    2

### The Cure Amounts, Including Attorneys' Fees, Under the
### Leases Must be Paid As a Condition to Any Assumption and Assignment

7. As a condition to any assumption and assignment of the Lease, all defaults must be cured at closing. *See* 11 U.S.C. § 365(b)(1)(A). The Objecting Landlord reserves the right to dispute the proposed Cure Amount at a later date should an assumption and assignment be proposed by Debtors.

**Attorneys' Fees:**

8. In conjunction with the obligation of the Debtors to cure defaults upon assumption of the Lease, the Debtors must compensate Objecting Landlord for any actual pecuniary loss, including attorneys' fees resulting from default. *See* 11 U.S.C. § 365(b)(1)(B). Attorneys' fees under the Lease is compensable. *See, LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *Andrew v. KMR Corp.,* 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 752-754 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Village, Inc.,* 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986). The Lease provides for the Objecting Landlord's recovery of attorneys' fees. Copies of the face page, relevant Lease provisions and signature page are annexed hereto as Exhibit "A." Accordingly, the Objecting Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease in the amount of $5,000.00 plus attorneys fees incurred subsequent to December 17, 2008.

9. The Objecting Landlord reserves the right to supplement the amount of attorneys' fees due at the time the Cure Amount is resolved.

**Accrued, But Unbilled Charges, Adjustments and Reconciliations:**

10. The Debtors must ensure that all accrued, but unbilled charges, including year-

end adjustments and reconciliations, if any, are paid in accordance with the terms of the Lease irrespective of whether those charges accrued before or after any assignment of the Lease. Any proposed assignee must assume all such obligations upon any assignment of the Lease. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See,* 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2). Section 365(b)(3) of the Bankruptcy Code specifically provides that, for purposes of Section 365(f), adequate assurance of future performance with regard to a lease of real property in a shopping center includes adequate assurance "of the source of rent and other consideration due under the lease." 11 U.S.C. § 365(b)(3)(A) (West 2008).

**Reservation of Rights with Respect to Assumption and Assignment:**

11. According to the Debtors' consultants' (Kurtzman Carson Consultants) website no bids were received with respect to the Lease. The Objecting Landlord reserves its rights to object to the assumption and assignment of the Lease if the Debtors should seek to assume and assign the lease at a later date.

**WHEREFORE**, EklecCo NewCo, LLC respectfully prays for an Order granting the Landlord the inclusion of its attorneys' fees and accrued but unbilled charges, adjustments and reconciliations in the proposed Cure Amount and granting EklecCo NewCo, LLC such other and further relief as the Court deems just and proper.

Dated: December 17, 2008    **CHRISTIAN & BARTON, L.L.P.**

/s/ Jennifer M. McLemore
By: Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esq. (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for EklecCo NewCo, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2008, I will cause a copy of the Objection to Proposed Cure Amount to be served by electronic means or by first class mail, postage prepaid, to the persons required to be served pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures entered in this case.

      /s/ Jennifer M. McLemore
      Jennifer M. McLemore

{F:\WPMain\22375\22755\JCT1868.DOC}    6