KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10010
James S. Carr
Robert L. LeHane
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Wec 99A-2 LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc. <u>et. al</u>.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered |

## OBJECTION OF WEC 99A-2 LLC
## TO THE DEBTORS' PROPOSED CURE AMOUNT

Wec 99A-2 LLC (the "<u>Landlord</u>"), by and through its counsel, Kelley Drye & Warren LLP, hereby objects (the "<u>Objection</u>") to the Debtors' Proposed Cure Amount (defined below) for the Landlord's Lease (defined below). In support of the Objection, the Landlord respectfully states as follows:

### BACKGROUND

1.    On November 10, 2008 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

2.    The Debtors remain in possession of their properties and continue to manage their business as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Landlord is the owner or managing agent for the owner of the shopping center (the "Leased Premises") identified in the chart annexed hereto as Exhibit A which is leased to the Debtors pursuant to a written lease agreement (the "Lease").

4. The Leased Premises is located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

5. On November 25, 2008, the Debtors filed a motion seeking entry of an order, *inter alia*, (i) setting a date to conduct an auction of the Debtors' interest in certain real property leases, and (ii) setting cure amounts (the "Cure Motion") [D.I. 413].

6. On November 26, 2008, the Debtors filed an exhibit to the Cure Motion [D.I. 457] setting forth the Debtors' proposed outstanding obligations under the Lease (the "Debtors' Proposed Cure Amount").

## CURE OBJECTION

7. The Landlord disputes the Debtors' Proposed Cure Amount, which the Landlord has included for reference on Exhibit A in the column entitled "Debtors' Proposed Cure Amount." The correct amount outstanding under the Lease is set forth on Exhibit A in the column entitled "Landlord's Cure Amount." The "Landlord's Cure Amount" includes an estimate of attorneys' fees incurred to date. The Landlord reserves its rights to assert additional claims for attorneys' fees if its estimate is too low.

8. Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as a pro rata share of common area maintenance costs, real estate taxes, and insurance. In addition, prior to the assumption of the Lease, the Debtors are required, pursuant to section 365(b)(1) of the Bankruptcy Code, to cure all outstanding defaults under the Lease. In conjunction with this duty, the Debtors must compensate the Landlord for any actual pecuniary loss, including the payment of attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B).

Attorneys' fees due under the Lease is compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary loss, the Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

9. To the extent that rent, attorneys' fees, interest or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserve its right to amend the Landlord's Cure Amount to reflect such additional amounts or to account for year-end adjustments, including without limitation, adjustments for the years 2007 and 2008 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. As such, the Debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

10. Finally, the Landlord requests that the Debtors or their successor(s) be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred pre-assumption but which were not known to either the Landlord or the Debtors as of the date of the assumption, including, but not limited to, claims for personal injury that occurred at the Leased Premises, damage and destruction to the Leased Premises or property by the Debtors or its agents, and environmental damage or environmental clean-up.

**WHEREFORE**, the Landlord requests that the Court enter an order (i) requiring the Debtors to pay the "Landlord's Cure Amount" set forth on Exhibit A; (ii) reserving the

Landlord's rights to assert all post-petition cure amounts, including attorneys' fees due under the Lease at the time of assumption; (iii) requiring the Debtors or their proposed assignee to continue to comply with the obligations under the Lease to pay indemnification obligations and the Adjustment Amounts in the regular course of business; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 17, 2008

                    KELLEY DRYE & WARREN LLP

                    By: /s/ *Robert L. LeHane*
                         Robert L. LeHane
                    James S. Carr
                  101 Park Avenue
                  New York, NY 10178-0002
                  Tel: (212) 808-7800
                  Fax: (212) 808-7897

                  -and-

                  KELLEY DRYE & WARREN LLP
                  David J. Ervin (VSB No. 34719)
                  Washington Harbour, Suite 400
                  3050 K Street, NW
                  Washington, DC 20007-5108
                  Tel: (202) 342-8436
                  Fax: (202) 342-8451

                  Attorneys for Wec 99A-2 LLC

## **EXHIBIT A**

| Store No. | City | State | Debtors' Proposed Cure Amount | Landlord's Proposed Cure Amount |
|---|---|---|---|---|
| 3240 | Fayetteville | Arkansas | $8,211.00 | $27,000.00 |

NY01/AMAMP/1324171.2

# **CERTIFICATE OF SERVICE**

        I, Sarah K. Kam, do hereby certify that I am not less than 18 years of age and that on the 17th day of December 2008, I caused a copy of the foregoing *Objection of Wec 99A-2 LLC to the Debtors' Proposed Cure Amount* to be served upon the parties listed below in the manner indicated.

                                                             */s/ Sarah K. Kam*
                                                             Sarah K. Kam

| | |
|---|---|
| Greg M. Galardi | Dion W. Hayes |
| Skadden, Arps, Slate, Meagher & Flom | McGuire Woods, LLP |
| One Rodney Square | One James Center |
| P.O. Box 636 | 901 East Cary Street |
| Wilmington, DE 19899-0636 | Richmond, VA 23219 |
| gregg.galardi@skadden.com | dhayes@mcguirewoods.com |
| Fax: (888) 329-3792 | Fax: (804) 698-2078 |
| *Counsel for Debtors* | *Counsel for the Debtors* |
| | |
| Lynn L. Tavenner | Robert J. Feinstein |
| Tavenner & Beran, PLC | Pachulski Stang Ziehl & Jones LLP |
| 20 North Eighth Street | 780 Third Avenue |
| Second Floor | 36th Floor |
| Richmond, VA 23219 | New York, NY 10071 |
| ltavenner@tb-lawfirm.com | rfeinstein@pszjlaw.com |
| Fax: (804) 783-0178 | Fax: (212) 561-7777 |
| *Counsel for the Creditors Committee* | *Counsel for the Creditors Committee* |

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219
Robert.b.van.arsdale@usdoj.gov
Fax: (804) 771-2330
*Assistant United States Trustee*

NY01/AMAMP/1324171.2