IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :     Case No. 08-35653-KRH
                                                    :
                                                    :     Jointly Administered
                    Debtors.                        :
---------------------------------------------------------------x

**OBJECTION OF THE LANDLORDS TO THE DEBTORS' PROPOSED
CURE AMOUNTS RELATING TO THE ASSUMPTION OF CERTAIN
UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES**

This Objection to the Debtors' Proposed Cure Amounts Relating to the Assumption of Certain Unexpired Non-Residential Real Property Leases (the "Cure Objection") is submitted on behalf of the Landlords (the "Landlords") identified on Exhibit 1 attached hereto. In support of the Cure Objection, the Landlords respectfully state as follows:

1. On or about November 25, 2008, the Debtors filed the *Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores, (II) Setting Sale Hearing Date, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection*

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-309
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel to the Landlords on Exhibit I

*Procedures* (the "Sale Motion"), listed on Exhibit B thereto the Debtors' proposed cure amounts for certain of the unexpired non-residential leases, specifically including those identified on Exhibit 1 hereto (the "Leases").

2. The Landlords hereby object to the Debtors' proposed cure amounts for the Leases. According to the books and records of the Landlords, the known monetary amounts outstanding under the Leases are set forth in the corresponding column titled "Landlord's Cure Amounts" on Exhibit 1. The Landlords cure amounts are based upon information now available to the Landlords, and are set forth with a full reservation of rights to modify such amounts as additional information becomes available.

3. To the extent that rent, attorneys' fees, or other charges continue to accrue,[1] and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve their right to amend the Landlord's Cure Amounts to reflect such additional amounts or to account for reconciliations and adjustments which may not have been billed at the time of the filing of this pleading or have not yet become due under the terms of the Leases.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order (i) requiring the Debtors to pay the cure amounts set forth in the column titled "Landlord's Cure Amounts" on Exhibit 1, plus any additional amounts or pecuniary losses that hereafter accrue (including reasonable attorneys' fees), in connection with the assumption by the Debtors of the Leases; and (ii) granting such other and further relief as the Court deems just and proper.

---

[1] The Debtors are required, pursuant to Section 365(b)(1) of the Bankruptcy Code, to cure all outstanding defaults under the Leases prior to assumption thereof. In conjunction with this duty, the Debtors must compensate the Landlords for any actual pecuniary loss, including the payment of attorneys' fees. See 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Leases are compensable. See, e.g., LJC Corp. v. Boyle, 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); Andrew v. KMR Corp., 17 B.R. 438, 439 (Bankr. 9th Cir. 1982); In re BAB Enterprises, Inc., 100 B.R. 982 (Bankr. W.D. Tenn. 1989); In re Westview 74th St. Drug Corp., 59 B.R. 747, 752-4 (Bankr. S.D.N.Y. 1986); In re Ribs of Greenwich Vill., Inc., 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986).

Dated: December 17, 2008                    Respectfully submitted,

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for the Landlords

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

3

# EXHIBIT 1

## Landlord's Cure Amounts

| Landlord | Store No. | Location | Debtors' Proposed Cure Amount | Landlord's Cure Amount |
|---|---|---|---|---|
| 1030 W. North Ave. Bldg, LLC | 3794 | North Avenue | $66,548 | $66,548* |
| De Rito Partners | 437 | Scottsdale | $16,456 | $28,178.40 |
| RD Bloomfield Associates Limited Partnership | 4211 | Bloomfield Township | $15,670 | $69,767.96 |
| Tanglewood Park, LLC; Roth Tanglewood, LLC and Luckoff Land Company, LLC and tenants in common ("Tanglewood") | 3818 | Hilliard | $9,987.00 | $9,987.00* |

*For the indicated leases, the Debtors' proposed cure amount is not disputed at the time of the filing of this pleading, however, 1030 W. North Ave. Bldg, LLC and Tanglewood hereby reserve their rights to amend the stated cure amount to reflect such additional amounts or to account for reconciliations and adjustments which may not have been billed yet or have not yet become due under the terms of its lease with the Debtors.

915680