Alexander Jackins (VSB #45501)
Rhett Petcher (VSB #65826)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 463-2400
ajackins@seyfarth.com
rpetcher@seyfarth.com

Of Counsel:
Kimbell Gourley
Trout Jones Gledhill Fuhrman, P.A.
225 N. 9th St., Ste 820
Boise, ID  83702
P.O. Box 1097
Boise, ID  83701
Telephone:  (208) 331-1170
Facsimile:  (208) 331-1529
kgourley@idalaw.com
*Attorneys for Engineered Structures, Inc. ("ESI")*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
| | |
|---|---|
| In re : | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., : | |
| : | Case No. 08-35653 (KRH) |
| Debtors. : | |
| : | (Jointly Administered) |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Engineered Structures, Inc. ("ESI")      :
Plaintiff                                 :
                                          :
v.                                        :
                                          :
Circuit City Stores, Inc.                 :
                                          :
Defendant                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MOTION TO TERMINATE AUTOMATIC STAY AND RULE 4001(a)-1 NOTICE**

1

COMES NOW the creditor, Engineered Structures, Inc. ("ESI"), by and through its counsel of record, Seyfarth Shaw LLP and hereby moves the court, pursuant to F.R.B.P. 4001 and Local Bankruptcy Rule 4001(a)-1, to terminate or modify the 11 U.S.C. §362 stay to permit ESI to file and prosecute foreclosure actions on its claim of lien filed in relation to the following projects:

| Contract/ Store # | Store Location | Contract Date | Outstanding Obligation[1] | Date of Claim of Lien | Instrument No. |
|---|---|---|---|---|---|
| 3878 | Brea, CA | 2/13/08 | $120,172.26 | 11/10/08 | 2008000526752 |
| 4313 | La Habra, CA | 2/13/08 | $248,968.47 | 11/12/08 | 2008000528972 |
| 3745 | Santa Clarita, CA | 2/13/08 | $753,620.93 | 11/24/08 | 20082074055 |
| 3396 | Palm Desert, CA | 3/20/08 | $828,383.12 | 11/21/08 | 2008-0619424 |

ESI further desires upon the obtaining a judgment to complete the foreclosure process upon the underlying property, but will not seek to collect any deficiency judgment against the Debtor.

In support of this Motion, ESI respectfully represents as follows:

1.  Circuit City is a party to the following contracts with ESI (collectively, the "Construction Contracts"):

| Store/ Contract # | Store Location | Date |
|---|---|---|
| 3878 | Brea, CA | 2/13/08 |
| 4313 | La Habra, CA | 2/13/08 |
| 3745 | Santa Clarita, CA | 2/13/08 |
| 3396 | Palm Desert, CA | 3/20/08 |

2.  During 2008, ESI provided goods and services as a general contractor in relation to the construction of new Circuit City stores or the remodeling of existing Circuit City stores pursuant to the above construction contracts.

---

[1] Outstanding obligation includes (a) Contract amount due and owing; (b) Interest calculated through November 10, 2008, and (c) CNS Lien Fees.

2

3. As of November 10, 2008, the date that Circuit City filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, ESI was owed the following amounts in relation to the construction contracts (the "Debt"):

| Contract/ Store # | Store Location | Contract Date | Contract Obligation | CNS Lien Fees | Interest Charges | Obligation on 11/10/08 |
|---|---|---|---|---|---|---|
| 3878 | Brea, CA | 2/13/08 | $119,330.78 | $253.00 | $ 588.48 | $120,172.26 |
| 4313 | La Habra, CA | 2/13/08 | $247,488.98 | $ 0.00 | $1,220.49 | $248,709.47 |
| 3745 | Santa Clarita, CA | 2/13/08 | $753,349.93 | $ 0.00 | $ 0.00 | $753,349.93 |
| 3396 | Palm Desert, CA | 3/20/08 | $828,093.12 | $ 0.00 | $ 0.00 | $828,093.12 |

4. Pursuant to California Code §3084 et seq., the respective Debts are secured by liens on the underlying properties and Circuit City's leasehold interests therein.

5. In order to continue ESI's statutory mechanic's lien on the subject properties, ESI caused claims of lien to be filed on the subject properties as follows ("Claims of Lien"):

| Contract/ Store # | Store Location | Contract Date | Lien Amount[2] | Date of Claim of Lien | Instrument No. |
|---|---|---|---|---|---|
| 3878 | Brea, CA | 2/13/08 | $119,583.78 | 11/10/08 | 2008000528752 |
| 4313 | La Habra, CA | 2/13/08 | $247,747.98[3] | 11/12/08 | 2008000528792 2008000567991 |
| 3745 | Santa Clarita, CA | 2/13/08 | $753,620.93 | 11/24/08 | 20082074055 |
| 3396 | Palm Desert, CA | 3/20/08 | $828,383.12 | 11/21/08 | 2008-0618424 |

6. A true and correct copy of the Claims of Lien recorded on each of the properties, and the Partial Release of Mechanics' Lien recorded on the La Habra Property are attached hereto as follows:

    Exhibit A:    Claim of Lien on Brea, CA Property;

    Exhibit B:    Claim of Lien on La Habra, CA Property;

---

[2] Includes only Contract Amount Due and Owing ("Principal") plus CNS Lien Fees; lien amount specified does not include interest accruing at the rate of 10.00 percent per annum from the dates identified in each lien.

[3] Sum reflects amount due and owing after partial release of $4,291.

3

    Exhibit C: Partial Release of Mechanics' Lien on La Habra, CA Property;

    Exhibit D: Claim of Lien on Santa Clarita, CA Property; and

    Exhibit E: Claim of Lien on Palm Desert, CA Property.

  7. In addition, ESI caused notice of the Claims of Lien to be timely given to all necessary parties pursuant to the requirements of the California Civil Code.

  8. No foreclosure actions concerning the Claims of Lien have been commenced or are pending and the time fixed by California law to commence such foreclosure actions has not yet expired.

  9. ESI merely seeks to establish and liquidate the outstanding contractual obligations owed under the subject Construction Contracts, and to seek collection of such liquidated obligations from the statutory collateral consisting of the real estate owned by the third party landlord and leased by Circuit City.  Other than liquidating the obligations owed by Circuit City to ESI, ESI does not desire to seek collection of the deficiency obligation from any of Circuit City's assets except to the extent the leasehold interests in the subject real estate collateral are also impacted by a foreclosure action and sale.

## ANALYSIS

In *In re Charles Edward Bruce*, 2000 Westlaw 968777 (E.D. Pa. 2000), a creditor moved for relief from the automatic stay to pursue arbitration with the debtor for recovery of a $14,000 deposit in a real estate transaction.  Initially, the *Bruce* court noted that under 11 U.S.C. § 362(a), when a debtor files a voluntary petition for relief under the bankruptcy code, certain actions against the debtor and/or his property are stayed by section 362(a), including the following:

> (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was, or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

*In re Bruce*, 2000 Westlaw 968777 at p. 1.  However, quoting § 362(d)(1), the *Bruce* court further noted that under the circumstances enumerated in § 362(d), relief from the automatic stay may be granted:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party and interest[.]
>
> . . .
>
> While the Bankruptcy Code does not specify what constitutes "cause" to grant relief from the stay other than "lack of adequate protection," the legislative history to the provision provides some guidance:
>
>> Subsection (d) requires the court, on request of a party in interest, to grant relief from the stay, such as by terminating, annulling, modifying, or conditioning the stay, for cause.  The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but it is not the only cause . . . *[A] desire to permit an action to proceed to completion in another tribunal may provide another cause.*  Other causes might include the lack of any connection with or interference with the pending bankruptcy case.

*Bruce*, 2000 Westlaw 968777, at p. 2, quoting H.R. Rep. No. 95-595, 95th Congress, 1st Sess., 343-44 (1977) (emphasis in the original).

Importantly, the *Bruce* court recognized that other courts have granted relief from the automatic stay to unsecured creditors under the "cause" prong of Section 362(d) to allow matters that were pending trial when bankruptcy was filed to proceed when significant prejudice to the bankruptcy estate did not exist.  *Id*. at p. 3, *citing Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507-09 (7th Cir. 1982); *Brodsky v. Philadelphia Athletic Club, Inc. (In re Philadelphia Athletic Club, Inc.)*, 9 B.R. 280 (Bankr. E.D. Pa. 1981); *In re Kaufman*, 98 B.R. 214 (Bankr. E.D.

5

Pa. 1989).

In *In re Borbridge*, 81 B.R. 332 (E.D. Pa. 1988), Chief Judge Fox held that: "The easiest ground for determining that cause exists in favor of an unsecured creditor is when the creditor seeks to recover from non-estate property." *Id.* at 335 (also noting that courts have granted relief from the stay to permit unsecured creditors to proceed with litigation against the debtor because the 'matter in dispute would be resolved more economically, conveniently, and quickly in a non-bankruptcy forum').

Applying these principles, the *Bruce* court determined that cause did exist to lift the automatic stay to allow the creditor to proceed with arbitration to seek recovery of the $14,000 deposit because in the event the creditor secured judgment, the amount owing would be paid by a State Real Estate Recovery Fund, and not out of property of the bankruptcy estate.

**WHEREFORE,** ESI requests the court to enter an order terminating, or otherwise modifying, the automatic stay in this case in order to allow ESI to file and prosecute for mechanics lien foreclosure actions to judgment and then to foreclose upon the statutory collateral consisting of the underlying land to collect such judgment obligations. ESI also requests waiver of the ten (10) day stay pursuant to F.R.B.P. 4001.

## LOCAL BANKRUPTCY RULE 4001(A)-1 NOTICE

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one)

If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within fifteen (15) days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the fifteen day period.  Attend the preliminary hearing scheduled to be held on: January 16, 2009 and 10:00 a.m.; in the Courtroom, Room 5000, United States Bankruptcy Court, U.S. Courthouse Annex, 1100 East Main Street, Richmond, Virginia. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

DATED this 17th day of December, 2008.

**SEYFARTH SHAW LLP**

*By: /s/ Alexander Jackins*
Alexander Jackins (VSB #45501)
Rhett Petcher (VSB #65826)
Counsel for Engineered Structures, Inc.
SEYFARTH SHAW LLP

        975 F Street, N.W.
        Washington, D.C.  20004
        Telephone: (202) 463-2400
        Facsimile:  (202) 828-5393
        Emails: ajackins@seyfarth.com
        Email: rpetcher@seyfarth.com

<u>Of Counsel:</u>
Kimbell Gourley
Trout Jones Gledhill Fuhrman, P.A.
225 N. 9th St., Ste 820
Boise, ID  83702
P.O. Box 1097
Boise, ID  83701
Telephone:  (208) 331-1170
Facsimile:  (208) 331-1529
kgourley@idalaw.com

## PROOF OF SERVICE

I certify that on the 17th day of December, 2008, the following listed parties were served, as required by Local rule 4001(a)-1(F)(1), a copy of the foregoing by first class mail, postage prepaid, addressed to:

| |
|---|
| Daniel F. Blanks<br>Douglas M. Foley<br>McGuire Woods, LLP<br>9000 World Trade Center, 101 W. Main Street<br>Norfolk, VA 23510<br>Daniel F. Blanks - dblanks@mcguirewoods.com<br>Douglas M. Foley - dfoley@mcguirewoods.com |
| Dion W. Hayes<br>Joseph S. Sheerin<br>McGuire Woods, LLP<br>One James Center, 9012 E. Cary Street<br>Richmond, VA 23219<br>Dion W. Hayes-dhayes@mcguirewoods.com<br>Joseph S. Sheerin - jsheerin@mcguirewoods.com |
| Sarah Beckett Boehm<br>McGuire Woods LLP<br>One James Center, 9012 E. Cary St.<br>Richmond, VA 23219<br>Sarah Beckett Boehm - sboehm@mcguirewoods.com |
| W. Clarkson McDow, Jr.<br>U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219<br><br>Robert B. VanArsdale<br>U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219<br>Robert B. VanArsdale - Robert.B.Van.Arsdale@usdoj.gov |
| *Creditor Committee*<br>Lynn L. Tavenner<br>Paula S. Beran<br>TAVENER & BERAN, PLC<br>20 N. Eighth Street, 2nd Floor<br>Richmond, VA 23219<br>Lynn L. Tavenner - ltavenner@tb-lawform.com<br>Paula S. Beran - pberan@tb-lawfirmcom |

| |
|---|
| *Debtor Designee* <br> Bruce H. Besanko <br> 9950 Mayland Drive <br> Richmond, VA 23233 |
| Circuit City Store #3878 <br> 835 East Birch St. <br> Brea, CA  92821-5735 |
| Circuit City Store #3745 <br> 19037 Golden Valley Rd. <br> Santa Clarita, CA  91387-1471 |
| Circuit City Store #4313 <br> 1020 W. Imperial Highway <br> La Habra, CA  90631-6901 |
| Circuit City Store #3396 <br> 34660 Monterey Avenue <br> Palm Desert, CA 92211-6010 |

The foregoing was also served electronically on all parties via the Court's ECF system.

*By: /s/ Alexander Jackins*
Alexander Jackins (VSB #45501)
Counsel for Engineered Structures, Inc.
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C.  20004
Telephone: (202) 463-2400
Facsimile:  (202) 828-5393
Emails: ajackins@seyfarth.com