**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.* ) | Case Nos. 08-35653 |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**OBJECTION OF F.R.O., L.L.C. IX AND FLORENZ R. OURISMAN
TO ASSUMPTION AND ASSIGNMENT IN DEBTORS'
MOTION FOR ORDERS UNDER 11 U.S.C. §§ 105, 363, AND 365
(I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE
OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FOR
CLOSING STORES, (II) SETTING SALE HEARING DATE, AND
(III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN
NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR
OF LIENS, CLAIMS AND ENCUMBRANCES, (B) ASSUMPTION
AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASES AND (C) LEASE REJECTION PROCEDURES**

F.R.O., L.L.C. IX ("FRO L.L.C.") and Florenz R. Ourisman ("Mr. Ourisman" and together with FRO L.L.C. IX, "FRO"), by its counsel, hereby objects to the assumption and assignment of its lease with Circuit City ("Circuit City") and the Debtors' proposed cure amount, as contemplated by the Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of

Timothy F. Brown (Va. Bar No. 030907)
Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for F.R.O., L.L.C. IX and Florenz R. Ourisman

GENBUS/653649.2

Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "Motion," Docket No. 413). In support, FRO respectfully states as follows:

## PRELIMINARY STATEMENT

1. FRO L.L.C. and Circuit City are parties to an unexpired lease which Circuit City seeks authority to assume and assign to a yet unidentified third-party. Mr. Ourisman personally guaranteed that loan. As proposed, the assignment could trigger a default under the loan documents between FRO L.L.C. and its lender potentially resulting in a possible acceleration of FRO L.L.C.'s obligations to its lender and potential personal liability of Mr. Ourisman as guarantor. Such a result would be financially catastrophic to FRO L.L.C. and Mr. Ourisman. Therefore, FRO respectfully requests that the Court deny the Motion to the extent that it exposes FRO to liability or, in the alternative, modify the order to provide protection to FRO so as to avoid this inequitable result. FRO further objects to the Debtors' proposed cure amount of $9,795 and instead contends that the proper cure amount is at least $62,670.69 (plus $1,042.97 *per diem*).

## BACKGROUND

2. FRO L.L.C., a Maryland limited liability company, is the owner of nonresidential real property in Douglasville, Georgia, which Circuit City leases and uses as Store #3406 (such land and improvements, collectively, the "Store") pursuant to a lease agreement dated May 5, 2000 (the "Lease"). A copy of the Lease is attached as Exhibit A.

3. Under Section 17(a) of the Lease, Circuit City may assign its interest in the Lease without the prior written consent of FRO L.L.C.; however, such section further provides that no assignment of the Lease (or any rejection in bankruptcy or other default by any assignee or

sublessee thereunder) shall relieve Circuit City, as the original tenant, of its obligations under the Lease, for which it shall remain primarily liable, and upon any assignment, Circuit City shall acknowledge in writing in favor of FRO L.L.C. and the Lender that such obligations are not affected by such assignment or sublease.  See Section 17(a) of Lease.

4. FRO L.L.C. obtained a loan from Principal Commercial Funding, LLC (the "Original Lender"), in the principal amount of $658,000 (the "Loan").  The Loan is evidenced by a Secured Promissory Note dated October 31, 2003 (the "Note").[1]  The Loan is secured by, a mortgage deed dated as of October 31, 2003 (the "Mortgage"), pursuant to which FRO L.L.C. granted the Original Lender a lien in the Store; and (ii) an Assignment of Leases and Rents by FRO L.L.C. in favor of the Original Lender dated as of October 31, 2003 (the "Assignment of Leases"), pursuant to which FRO L.L.C. collaterally assigned FRO L.L.C.'s rights under the Lease to Original Lender to secure the Loan.

5. The Loan is non-recourse to FRO L.L.C., except upon the occurrence of certain events set forth in Paragraph 9 of the Note,[2] which could result in FRO L.L.C. becoming personally liable to the Original Lender for repayment of the Loan.

6. Mr. Ourisman executed a guaranty dated as of October 31, 2003 (the "Guaranty") in favor of the Original Lender under which Mr. Ourisman guaranteed the payment of any liabilities of FRO L.L.C. arising from a breach under Paragraph 9 of the Note.  The Note, the Mortgage, the Assignment of Leases, the Guaranty and related documents entered into in connection with the Loan are collectively referred to as the "FRO Loan Documents."

---

[1] The various loan documents referenced herein are voluminous but are available upon request.
[2] "Borrower [FRO L.L.C.], without first obtaining Lender's written consent, alters, modifies, amends, terminates, cancels, renews, extends, gives any consent or permission, agrees to any change, waives any obligation required to be performed or exercises any right or option required or permitted by the terms of that certain lease by and between Borrower [FRO L.L.C.] and Circuit City Stores, Inc. ("CCS") dated May 5, 2000 ("CCS Lease")."

7. Simultaneous with FRO L.L.C. obtaining the Loan, F.R.O., L.L.C. VII ("FRO VII"), which owns real property and improvements in North Carolina that it leases to the Wake County Board of Education, and F.R.O., L.L.C. VIII ("FRO VIII"), which owns real property and improvements located in Douglasville, Georgia that it leases to Winn-Dixie Louisiana, Inc. each obtained a loan from the Original Lender in the amounts of $822,500.00 and $869,500.00, respectively (the "Other Loans").

8. The Other Loans are each evidenced by promissory notes (the "Other Notes") and secured by mortgages or deeds of trust granting the Original Lender first liens in those properties. The Other Loans are further secured by an assignment of leases and rents dated as of October 31, 2003 (collectively, the "Other Loan Documents" and together with the FRO Loan Documents, the "Loan Documents").

9. The Other Loan Documents contain substantially the same terms and conditions as the FRO Loan Documents. The Loan Documents are cross-collateralized and an event of default under any of them will trigger an event of default under the remaining Loan Documents.

10. The Original Lender assigned its interest in the FRO Loan Documents and the Other Loan Documents to LaSalle Bank National Association, as Trustee For the Holders of Bear Stearns Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2004-TOP14 (the "Lender").

11. Section 5 of the Assignment of Leases provides that:

> "Borrower [FRO L.L.C.] covenants not to alter, modify, amend or change the terms of any of the Leases or give any consent or permission or exercise any option required or permitted by the terms thereof or waive any obligation required to be performed by any lessee or execute, cancel, renew or terminate any of the Leases

or accept a surrender thereof or enter into leases after the date hereof without the prior written consent of Lender…"

Violation of this covenant constitutes an Event of Default (as defined in the FRO Loan Documents) upon which the Lender may accelerate the Loan, and exercise its rights (including sale) under the FRO Loan Documents. Such Event of Default could also trigger an Event of Default under the Other Loan Documents, which would permit the Lender to accelerate the Other Loans and exercise its remedies (including sale) against the collateral pledged under the other Deeds of Trust. In addition, violation of such covenant could trigger Paragraph 9, potentially causing the Loan to be non-recourse to FRO L.L.C. and Mr. Ourisman to incur personal liability for the Loan.

12. Upon an Event of Default under the FRO Loan Documents, the Lender could accelerate the Loan and could require that FRO L.L.C. pay a "Make Whole Premium" (i.e. pre-payment penalty) to the Lender. Such Event of Default could also trigger an Event of Default under the Other Loan Documents, and if the Lender elects to accelerate the Other Loans, upon such acceleration, FRO VII and FRO VIII could be obligated to pay a "Make Whole Premium," as to those Notes as well.

13. As part of the foregoing transactions, the Lender and Circuit City entered into that certain Subordination Non-Disturbance and Attornment Agreement (the "Non-Disturbance Agreement"), whereby the Lender agreed not to disturb Circuit City's quiet enjoyment of its Lease of the Store in the event of a default by FRO L.L.C.

## ARGUMENT

### A.     Objection to Assumption and Assignment

14.     As noted above, the Lease is freely assignable so long as Circuit City remains liable for its obligations under the Lease. The assumption and assignment of the Lease to a third party contemplated by the Motion would relieve Circuit City of all of its obligations under the Lease. This could result in a violation of the terms of Section 5 of the Assignment of Leases (if FRO L.L.C. is deemed to have consented) because it would constitute a technical modification of the Lease.[3] In turn, this could cause an Event of Default for FRO L.L.C. under the FRO Loan Documents. Such Event of Default would be catastrophic to FRO L.L.C. and Mr. Ourisman because it would allow the Lender to accelerate the Loan and require FRO L.L.C. and Mr. Ourisman personally to pay a large sum in damages (including the "Make Whole Premium" and default interest).

15.     Pursuant to section 365(b)(1) of the Bankruptcy Code, Circuit City is required to cure all outstanding defaults under the Lease prior to the assumption of that lease. 11 U.S.C. § 365(b)(1). In addition, Circuit City must compensate FRO L.L.C. for any actual pecuniary loss. 11 U.S.C. § 365(b)(1)(B).[4]

16.     Because the assumption and assignment of the Lease pursuant to the Motion could cause an Event of Default under both the FRO Loan Documents and the Other Loans, potentially causing FRO L.L.C. and Mr. Ourisman substantial harm, Circuit City cannot be said to be providing "cure" as mandated by 11 U.S.C. § 365(b)(1) under the Motion as proposed.

---

[3]  This is equally applicable to a proposed assignment to a reorganized debtor through a plan.
[4]  "Actual pecuniary loss" includes the payment of FRO's reasonable attorneys fees. *See,* 11 U.S.C. § 365(b)(1)(B); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 752-4 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986).

Accordingly, FRO respectfully requests that the Court deny the Motion and request for authority to assign the Lease.

17.     Moreover, such relief and the jurisdictional basis thereof is particularly appropriate because there is privity of contract between Circuit City and the Lender through the Non-Disturbance Agreement. Accordingly, the Lender is a proper party-in-interest and may be bound by this Court.

18.     It is unclear from the record whether the Lender, as a party in interest, received notice of the Motion. To the extent notice has not been given, FRO respectfully requests that the Court continue the hearing with respect to FRO and direct the Debtors to provide applicable notice to the Lender. Alternatively, FRO respectfully requests that any order entered by the Court providing for the assumption and assignment of the Lease include a provision enjoining the Lender from (i) relying on the order and assumption and assignment of Lease as an Event of Default under the Loan Documents and (ii) seeking, in any court of competent jurisdiction, to enforce their remedies against FRO as a result thereof.

19.     FRO submits that the Court has authority to grant such relief under 11 U.S.C. § 105. Section 105 (a) of the Bankruptcy Code allows a Court to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105 (a).

20.     The equities of this matter clearly weigh in favor of the Court's implementation of its authority under section 105 to protect FRO L.L.C.'s interest and by extension, Mr. Ourisman's interest. Indeed, the harm to FRO L.L.C. and Mr. Ourisman would be significant if the relief is not granted, whereas the relief would have little to no effect on the Debtors or the

proposed assignees. Moreover, due to the much publicized troubled credit markets, it would be difficult, if not impossible, for FRO to preemptively avoid this potentially harmful result by refinancing its obligations and in any event such a refinancing would not relief it of the "Make-Whole Premium." Accordingly, absent protection from this Court, FRO L.L.C. and Mr. Ourisman may be irreparably harmed.

B.      **Objection to Cure Amount**

21.     In Exhibit B to the Motion, Circuit City proposes cure amounts to be paid in connection with the potential assumption and assignment of many of its unexpired leases. The proposed cure amount (the "Proposed Cure Amount") for Store #3406 is $9,795. The Proposed Cure Amount is incorrect.

22.     According to FRO's records, Circuit City has not yet paid rent for October, which was due October 31 and November 30, respectively. Additionally, the Debtors owe to FRO *per diem* rent for December until assumption and property taxes. Accordingly, the present true cure amount (the "FRO Cure Amount") is as follows:

| | |
|---|---|
| October 2008 Rent: | $31,289.00 |
| December 2008 Rent: | $1,042.97 *per diem* |
| Past Due Property Taxes plus Interest: | $31,381.69 |
| Total | $62,670.69 + $1,042.97 *per diem* |

23.     Furthermore, because FRO is potentially liable for acceleration of the Loan, including the Make Whole Premium and default interest, the proper cure amount could far exceed this amount.

24.     Accordingly, FRO objects to the Motion and requests that the Debtors be required to pay the FRO Cure Amount as set forth above as a condition to any assumption of the Lease.

25. In addition, to the extent that rent, attorneys' fees, or other charges continue to accrue, and/or FRO suffers other pecuniary losses with respect to the Lease, FRO hereby reserves its right to amend the FRO Cure Amount to reflect such additional amounts or to account for reconciliations and adjustments which may not have yet been billed or have not yet become due under the terms of the Lease.

**WHEREFORE**, FRO respectfully requests that the Court (i) deny the Motion as it pertains to the Lease between Circuit City and FRO L.L.C. or, in the alternative; (ii) require that the Lender be prohibited from declaring an Event of Default under the Loan Documents by reason of the assumption and assignment of the Lease or taking any action or enforcing any remedy against FRO L.L.C. or Mr. Ourisman; and (iii) require the Debtors to pay the FRO Cure Amount, plus any additional amounts or pecuniary losses that hereafter accrue (including reasonable attorneys' fees), in connection with the assumption by the Debtors of the Lease; and (iv) other relief as the Court deems just and appropriate.

Dated: December 17, 2008
       Washington, DC

    */s/ Timothy F. Brown*
Timothy F. Brown (Va. Bar No. 030907)
Christopher J. Giaimo
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for F.R.O., L.L.C. IX and Florenz R. Ourisman

## CERTIFICATE OF SERVICE

I, Andrea Campbell, hereby certify that on the 17th day of December, 2008, I caused a true and correct copy of the foregoing Objection of F.R.O., L.L.C. IX to Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases Free and Clear of Liens, Claims and Encumbrances, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures thereof to be served via the Court's CM/ECF system upon all subscribed parties and via First Class Mail upon the following:

| | |
|---|---|
| W Clarkson McDow, Jr.<br>Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219 -1888<br>Attn: Robert B. Van Arsdale | Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Reginald D. Hedgebeth |
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Daniel W. Ramsey | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Attn: Gregg M. Galardi | Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson |

                      ___/s/ *Andrea Campbell*_____
                      Andrea Campbell