Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., *et al.*,[1] | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### CORRECTED ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *EFFECTIVE AS OF* THE PETITION DATE

Upon the application (the "Application") of the above captioned debtors (collectively, the "Debtors") for the entry of an order authorizing the Debtors to employ and retain Kirkland &

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Ellis LLP ("K&E") as special counsel effective as of the date the Debtors filed their chapter 11 petitions, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application, the Declaration of Anup Sathy, P.C., a partner at K&E (the "Sathy Declaration"), the Court being satisfied based on the representations made in the Application and the Sathy Declaration that K&E does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which it is to be employed, as required by section 327(e) of the Bankruptcy Code; and it appearing to the Court that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and good, adequate, and sufficient cause has been shown to justify the immediate entry of this order; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that:

1.     The Debtors are authorized to employ and retain K&E as special counsel *effective as of* the Petition Date in accordance with the terms and conditions set forth in that certain engagement letter annexed hereto as <u>Exhibit 1</u> (the "Engagement Letter"), as modified by this Order.

2. K&E is authorized to render professional services to the Debtors as described in the Engagement Letter with respect to the Debtors' efforts to secure financing, issues related to the use of cash collateral and all other financing matters to the extent requested by the Debtors.

3. K&E shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the U.S. Trustee and any other applicable procedures and orders of the Court.

4. K&E is authorized to offset prepetition fees and expenses against its retainer as contemplated by the Engagement Letter.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____

**Honorable Kevin R. Huennekens**
**United States Bankruptcy Judge**

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

## LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                   /s/ Douglas M. Foley_____
                                   Douglas M. Foley

## Exhibit 1

(Engagement Letter)

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Linda K. Myers, P.C.
To Call Writer Directly:
(312) 861-2322
asathy@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

September 15, 2008

**PRIVILEGED & CONFIDENTIAL**
**FOR ADDRESSEE'S EYES ONLY**

**VIA E-MAIL**

Mr. Reginald D. Hedgebeth
Circuit City Stores, Inc.
9950 Maryland Dr.
Richmond, VA 23233-1464

Re: **Retention to Provide Legal Services**

Dear Mr. Hedgebeth:

We are very pleased that you have asked us to represent Circuit City Stores, Inc. and its subsidiaries and affiliates (collectively, "you", "your" or the "Company") in connection with its financing efforts and related matters. Please note, the Firm's representation is only of the Company; the Firm does not and will not represent any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.** This retention letter (the "Agreement") sets forth the terms of your retention of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively "K&E LLP" or the "Firm") to provide legal services and constitutes an agreement between us. The Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters, except where we otherwise agree in writing (*e.g.*, by signing a different retention letter).

**Personnel.** I will be primarily responsible for this engagement. Other attorneys and legal assistants also will perform services during the course of this engagement. We will involve such other lawyers and legal assistants in K&E LLP to the extent that your needs make such involvement desirable and acceptable to you.

**Fees.** The Firm will bill the Company for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments otherwise required by a court). We reserve the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Washington, D.C.

K&E 13171327.6

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 2

  Although we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

  **Expenses.** Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges. By executing this Agreement below, you agree to pay for all charges in accordance with the K&E LLP's schedule of charges, a copy of which is attached hereto at Schedule 1, as revised from time to time.

  **Billing Procedures.** Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt. We may adjust our billing cycle upon agreement with you. You may have the billing statement in any reasonable format you choose, but we will select an initial format for the statement unless you otherwise request in writing. Depending on the circumstances, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

  **Retainer.** The Company will provide to the Firm, a "classic retainer" in the amount of US $100,000. As such, the classic retainer will be earned by the Firm upon receipt. The initial amount of the classic retainer was set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles. The Firm's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable. Further, the Company agrees to replenish the classic retainer upon receiving invoices from the Firm so that the classic retainer amount remains at or above the Firm's estimated fees and expenses expected to be accrued and unpaid by the Company between payment cycles.

  The classic retainer will be placed into K&E LLP's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit.

  **Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work.

## KIRKLAND & ELLIS LLP

September 15, 2008
Page 3

We normally do not withdraw from a representation unless the client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for us to continue to represent the client, or unless other just cause exists. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication.** K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you do not wish K&E LLP to discuss privileged matters on cell telephones with you or your professionals or agents.

K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you wish to institute a system to encode all e-mail between K&E LLP and you or your professionals or agents.

**File Retention.** All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest.** As is customary for a law firm of our size, you currently have relationships with numerous business entities that K&E LLP has represented or currently represents in matters that may or may not be related to you.

## KIRKLAND & ELLIS LLP

September 15, 2008
Page 4

In undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients. Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including litigation or other dispute resolution mechanisms) in a matter in which K&E LLP may be retained. In particular, as you know, K&E currently represents Golden Gate Capital in its efforts to provide financing to and/or otherwise engage in certain one or more investment, recapitalization or acquisition transactions involving the Company (collectively, the "Golden Gate Matter"). In the event a present conflict of interest exists between the Company and our other clients or in the event one arises in the future, the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters unrelated to this representation of the Company, and (b) whether before, during or after a Restructuring Case(s) (described below), in other matters related to the Company, including with respect to any Golden Gate Matter, as to which any such conflict or objection is hereby waived by the Company; provided that for the duration of this engagement, K&E LLP will not otherwise represent any other client's interest in any transaction or litigation that is directly adverse to the Company with respect to this engagement without your prior consent. As discussed, we will institute a formal screening protocol with respect to the Golden Gate Matter. The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as directors, officers or employees) has the status of a client for conflict of interest purposes.

**Restructuring Cases**. If it becomes necessary for you to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code, our ongoing employment by you will be subject to the approval of the court with jurisdiction over the petition. If necessary, K&E LLP will take steps necessary to prepare the disclosure materials required in connection with K&E LLP's retention as lead restructuring counsel.

If necessary, we will prepare a preliminary draft of a schedule describing K&E LLP's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although K&E LLP believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain K&E LLP.

If actual conflicts of interest arise in the Company's Restructuring Cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters for the Company but will be permitted to represent Golden Gate Capital if the conflict is related to the Golden Gate Matter.

## KIRKLAND & ELLIS LLP

September 15, 2008
Page 5

**No Guarantee of Success.** It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information.** In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters, and may indicate generally the results achieved.

**Reimbursement of Expenses.** You agree promptly to reimburse us for all fees and expenses, including the amount of K&E LLP's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at depositions and trials.

**LLP.** Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous.** This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

KIRKLAND & ELLIS LLP

September 15, 2008
Page 6

We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so. If you wish advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing below and returning it to me via fax: 312-861-2200.

Very truly yours,

KIRKLAND & ELLIS LLP

By *[signature]*
Printed Name: Linda K. Myers, P.C.
Title: Partner

Agreed to and accepted as of this 17th day of September, 2008.

CIRCUIT CITY STORES, INC.

By: *[signature]*
Printed Name: Reginald D. Hedgebeth
Title: Senior VP, General Counsel and Secretary

Schedule I

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 1/1/08*

The following outlines Kirkland & Ellis's ("K&E's") policies and standard charges for various services performed by the Firm and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house Firm personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor.

- **Duplicating, Reprographics and Printing:** The following list details the Firm's charges for duplicating, reprographics and printing services:

  ➢ Black and White Copy or Print (all sizes of paper):

    - $0.10 per impression for all U.S. offices except New York
    - $0.15 per impression in New York
    - €0.10 per impression in Munich
    - £0.10 per impression in London
    - HK$0.75 per impression in Hong Kong

  ➢ Color Copy or Print (all sizes of paper):

    - $0.50 per impression

  ➢ Scanned Images:

    - $0.15 per page for black and white or color scans

  ➢ Other Services:

    - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
    - Binding - $0.70 per binding
    - Labels and Tabs - $0.03 - $0.10 per item based on service
    - Black and White or Color Transparency - $0.15 or $0.65 per page

If services are provided beyond those outlined above, pricing will be based on the Firm's approximate cost and/or comparable market pricing.

- **Secretarial and Word Processing:** Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges:** Secretarial and word processing overtime costs are not passed on to clients unless either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates the overtime and such work could not have been done during normal working hours. Costs for related overtime meals and transportation are charged to the client only under the same conditions and subject to any applicable regulations or guidelines.

- **Travel Expenses:** We charge clients only our out-of-pocket costs for travel expenses including associated travel agency fees. We charge only coach fares (business class for international flights) unless the client has approved first-class or an upgrade. K&E personnel are instructed to incur only reasonable airfare, hotel and meal expenses. K&E negotiates, uses, and passes along volume discount hotel and air rates whenever possible and practical. Volume discounts exclude certain immaterial retrospective rebates for which it is not practical to allocate to specific travel.

- **Communication Expenses:** We do not charge clients for telephone calls or faxes made from K&E's offices with the exception of third-party conference calls and videoconferences. Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage:** We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail and FedEx), and U.S. postage for materials mailed on the client's behalf. K&E negotiates, uses, and passes along volume discount rates whenever possible.

- **Messengers:** We charge clients for the actual cost of a third party vendor messenger. Where a K&E in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Computerized Research Services:** Client charges are limited to K&E's actual third-party costs and do not include any surcharges for related overhead. K&E negotiates, uses, and passes along volume discount rates whenever possible. As discounts are customarily based on overall volume; the amount of the discount may vary from month to month.

- **Off-Site Legal Files Storage:** Clients are not charged for off-site storage of files unless the storage charge is specifically approved in advance.

- **Electronic Data Storage:** The Firm does not routinely charge clients for costs to store electronic data and files related to cases on the Firm's systems. However, the Firm will charge for any third-party data storage costs for those cases where the Firm, in consultation with the client, concludes that the size of the matter or need for long-term data storage requires a third-party service provider to provide economical data storage.

- **Document Procurement:** Our standard client charge for document retrieval when a K&E library employee obtains a document from an outside source is $25 per document. There is

no client charge for retrieving documents from K&E libraries in other cities or from other collections when the document is part of the K&E collection but unavailable.

- **Calendar Court Services:** Our standard charge is $25 for a court filing and other court services or transactions.

- **Library and Business/Industry Research Services:** Research specialists perform computerized research services at the request of attorneys, and clients are charged per hour for these services.

- **Supplies:** There is no client charge for standard office supplies. Clients are charged only for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then only at K&E's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers:** If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be requested to retain and pay these individuals directly unless specific billing arrangements are agreed between the Firm and client.

  The Firm's International offices may use contract attorneys and contract non-attorney billers to supplement staffing needs. Clients will be charged per hour for these billers, if they are utilized on a client engagement.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants:** If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between the Firm and client.

- **Third Party Expenditures:** Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.