IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., et al., <br><br> Debtors. | Case No. 08-35653 (KRH) <br> Chapter 11 |

### OBJECTION OF FOOD LION, LLC, TO DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY EFFECTIVE AS OF DECEMBER 12, 2008

Food Lion, LLC ("Food Lion"), by counsel, objects as follows to the Debtors' First Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective December 12, 2008 (the "Motion"):

1.  On November 10, 2008 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

2.  On December 12, 2008, the Debtors filed the Motion in which they seek to reject, as of November 12, 2008, numerous master leases and subleases of non-residential real property. The Food Lion Sublease (as defined below) is listed on Exhibit A to the Motion as one of the subleases that the Debtors seek to reject.

Linda Lemmon Najjoum, Va. Bar No. 22584
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7442
Counsel for Food Lion, LLC

3. Food Lion, Inc., is the original sublessee under a Sublease, dated March 1, 1996 (the "Food Lion Sublease"), with Circuit City Stores, Inc. (the "Debtor/Sublessor"), as sublessor, for premises located 5831 South Boulevard in Charlotte, North Carolina (the "Premises"). The term of the Food Lion Lease is 15 years with the right to extend the term for up to three six-year periods. The Premises are comprised of a 32,500 square foot retail grocery store in the shopping center known as Archdale Marketplace. A Memorandum of the Food Lion Sublease was recorded in the land records of Mecklenberg County, North Carolina, on April 9, 2003.

4. Food Lion, Inc., changed its name to Delhaize America, Inc., on September 9, 1999. In 2001, in accordance with the terms of the Food Lion Sublease, Delhaize America, Inc., assigned its interest as lessee under the Food Lion Lease to Food Lion, LLC, one of its subsidiaries.

5. Food Lion has paid its rent for December 2008 under the Food Lion Sublease to the Debtors, and the Debtors have accepted that rent payment. Food Lion does not know whether the Debtors have paid their rent to the prime lessor of the Premises for December 2008.

6. Food Lion objects to the Debtors retroactive rejection of the Food Lion Sublease to December 12, 2008. Retroactive rejection of a lease should be permitted only "when principles of equity so dictate." *Thinking Machines Corp. v. Mellon Financial Services Corp.*, 67 F.3d 1021 (1st Cir. 1995). Retroactive rejection is not appropriate under the circumstances here where Food Lion has already paid its rent for December and should be entitled to remain in the Premises at least through December 31, 2008, the end of the rent period. To the extent that the Debtors have not paid their rent owed to the prime lessor for December, this Court should order the Debtors to either (a) pay their December rent to the prime lessor forthwith; or (b) delay rejection of the Food Lion Sublease until after January 1, 2009.

7.      Food Lion also objects to the Motion to the extent that it seeks to grant the prime lessor immediate repossession of the Premises from Food Lion upon the rejection date and, in effect, cause a termination of the Food Lion Sublease.  *See* Motion ¶ 25; Proposed Order ¶ 2.  Rejection of the Food Lion Sublease constitutes a breach of its terms, not a termination of the Food Lion Sublease.  11 U.S.C. § 365(g).  *See, e.g., In re Teleglobe Communications Corp.*, 304 B.R. 79 (D. Del. 2004).

8.      As recognized in *In re Dial-A-Tire, Inc.,* 78 B.R. 13 (Bankr. W.D.N.Y. 1987), competing provisions of Section 365 are at play in the context of a master lease and sublease.  If the bankruptcy debtor seeking to reject is the lessee under a master lease, it is required to surrender the premises after rejection to the master lease lessor despite the existence of the sublease.  11 U.S.C. § 365(d)(4).  On the other hand, if the bankruptcy debtor is the sublessor, the sublessee may remain in possession of the premises for the balance of the lease term.  *Id.* § 365(h)(1)(A)(ii).  Thus, the debtor is obligated to surrender the premises while the sublessee is not required to do so.  The court in *Dial-A-Tire* resolved this anomaly by leaving resolution of the dispute between the master landlord and the sublessee to the appropriate state court.  *Dial-A-Tire* at 16.  "Surrender" under Section 365(d)(4) does not require removal of the subtenant from possession, and subsequent to rejection Food Lion should be free to exercise its rights under Section 365(h)(1)(A)(ii) of the Bankruptcy Code to remain in the Premises through the end of the lease term and any extensions thereof.

WHEREFORE, Food Lion respectfully requests that this Court (1) deny the Debtors' motion to reject the Sublease unless (a) the Debtors either (i) are obligated to perform all of their obligations under the Sublease, including their payment of rent until the rejection date to the prime lessor, or (ii) the rejection not occur until after January 1, 2009; and (b) the Order

authorizing rejection provides that the rejection does not constitute a termination of the Food Lion Sublease; and (2) permit Food Lion to exercise its rights under Section 365(h)(1)(A) of the Bankruptcy Code.

                FOOD LION, LLC

                By      /s/   Linda Lemmon Najjoum
                          Counsel

Linda Lemmon Najjoum (Va. Bar No. 22584)
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703-714-7400
*Attorneys for Food Lion, LLC.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on December 18, 2008, the undersigned caused the foregoing Objection of Food Lion, LLC, to Debtors' First Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective December 12, 2008 to be served electronically through ECF or by first class mail, postage prepaid, upon the following persons:

    Daniel F. Blanks, Esquire
    Douglas M. Foley, Esquire
    McGuire Woods LLP
    9000 World Trade Center
    101 W. Main Street
    Norfolk, Virginia 23510
    Counsel for Debtors

    Dion W. Hayes, Esquire
    Joseph S. Sheerin, Esquire
    Sarah Becket Boehm, Esquire
    McGuire Woods LLP
    One James Center
    901 East Cary Street
    Richmond, Virginia 23219
    Counsel for Debtors

    Greg M. Galardi, Esquire
    Ian S. Fredericks, Esquire
    Skadden Arps Slate Meagher & Flom, LLP
    Ond Rodney Square
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    Counsel for Debtors

    Chris L. Dickerson, Esquire
    Skadden Arps Slate Meagher & Flom, LLP
    333 West Wacker Drive
    Chicago, Illinois 60606
    Counsel for Debtors

    Lynn L. Tavenner, Esquire
    Paula S. Beran, Esquire
    Tavenner & Beran, PLC
    20 North Eight Street, 2nd Floor
    Richmond, Virginia 232319
    Counsel for the Official Committee of Unsecured Creditors

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
Counsel for the Official Committee of Unsecured Creditors

                                     /s/ Linda Lemmon Najjoum