Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Kennesaw GA, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 08-35653-KRH |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**OBJECTION OF COLE CC KENNESAW GA, LLC TO DEBTORS' FIRST OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY EFFECTIVE AS OF DECEMBER 12, 2008**

Cole CC Kennesaw GA, LLC ("Cole") files this objection to the Debtors' first Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of December 12, 2008 (the "Motion."). In support of this Objection, Cole respectfully states the following:

4845-3446-9635.1

## PARTIES

1. Cole owns nonresidential real property located at 225 Chastain Meadows Court, Kennesaw, Georgia (the "Property").  Cole leases the Property to Circuit City Stores, Inc. (the "Debtor")  pursuant to a Lease dated as of September 28, 2000 (the "Lease").

2. The Lease requires the Debtor to make fixed monthly rental payments to Cole on the last business day of each month.  Specifically, the Lease requires the Debtor to make a fixed monthly rental payment to Cole in the amount of $124,000 on the last business day of each month.  Additionally, the Lease obligates the Debtor to pay "Additional Rent" including, taxes, utilities, insurance, maintenance and security relating to the Property.

3. The Debtor has sublet the Property to: (i) Carmax Business Services, LLC and J.P. Morgan Chase (together, the "Subtenants") and, on information and belief, has collected rent from the Subtenants for the months of November, 2008 and December, 2008.   The Debtor has, therefore, remained in possession and control of the Property since the filing of the petitions in this case.

4. Notwithstanding the clear dictates of 11 U.S.C. § 365(d)(3), the Debtor has failed to perform obligations accruing under the Lease since the Filing Date.  The Debtors has failed to pay rent to Cole for the month of December, 2008.  Additionally, the Debtor may have failed to pay the following amounts that constitute Additional Rent payable pursuant to the Lease and Section 365(d)(3) (i) utility charges relating to the Property that have arisen from and after the Filing Date; (ii) security and property management charges that have arisen from and after the Filing Date; and (iii) property taxes that have arisen from and after the Filing Date (collectively, the "Additional Rent").

5.      Pursuant to 11 U.S.C. § 365(d)(3), rent and other obligations accruing from and after the Filing Date under the Lease must be paid timely to Cole pending assumption or rejection of such leases. *See Matter of Austin Development Company*, 19 F.3d 1077, 1084 (5th Cir. 1994)("[lessor] is entitled to receive rent from the filing of bankruptcy to the date of lease rejection"); *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3rd Cir. 2001) ("The clear and express intent of Section 365(d)(3) is to require the trustee to perform the lease in accordance with its terms . . . it is difficult to find a textual basis for a proration approach."); *In re Southern Motel Associates, Ltd.*, 81 B.R. 112, 117 (Bankr. M.D. Fla. 1987) ("compliance with [Section 365(d)(3)] is mandatory"); *In re Gillis*, 92 B.R. 461, 465 (Bankr. D. Haw. 1988) ("Section 365(d)(3) requires timely payment of full rental obligations until there is a decision to assume or reject the lease."); *In re Homeowner's Outlet Mall Exchange. Inc.*, 89 B.R. 965, 970 (Bankr. S.D. Fla. 1988) (same); *In re Dieckhaus Stationers of King Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (same); *In re Rare Coin Galleries of America. Inc.*, 72 B.R. 415, 416 (D. Mass. 1987) (same); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882-883 (Bankr. E.D.N.Y. 1986) (same); *In re M.H.I. Inc.*, 61 B.R. 69, 71 (Bankr. D. Md. 1986) ("message of Congress is unmistakable" that trustee or debtor must pay full rent until lease is assumed or rejected); *In re Longua*, 58 B.R. 503, 505 (Bankr. W.D. Wis. 1986) (same); *see also*, 130 Cong. Rec. S8994-95 (daily ed. June 29, 1984) (statement of Sen. Hatch)("[Section 365(d)(3)] . . . would lessen the [problem of landlords being forced to provide services without current payment] by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property <u>at the time required in the lease</u>")(emphasis added).

6.      It is patently unfair and in contravention of 11 U.S.C. § 365(d)(3) for the Debtor to continue using the Property without performing their obligations under the Lease.  Section

365(d)(3) requires that the Debtor be compelled to perform its obligations under the Lease. The Debtor's failure to timely honor their obligations pursuant to Section 365(d)(3) is particularly inexcusable because the Debtor has, on information and belief, collected rent from the Subtenants for the months of November, 2008 and December, 2008 in amounts that, on information and belief, equal or exceed the amounts payable to Cole for such months.

7.      Accordingly, the Motion should not be granted unless such rejection is conditioned upon the Debtor fully complying with its obligations to pay all Rent and Additional Rent that has arisen from and after the Filing Date through the effective date of any rejection. Such amounts would include, at a minimum, (i) $124,000 in base Rent for the month of December, 2008; and (ii) all Additional Rent amounts that have arisen from and after the Filing Date through the effective date of the rejection.

8.      The Motion improperly seeks a retroactive effective date of December 12, 2008 for any rejection of the Lease authorized by the Court. The effective date of rejection is the date the order authorizing rejection is entered, not the date a debtor chooses to suit its needs. *See In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("the effective date of a rejection is the date the Order is entered"); *In re Appliance Store, Inc.*, 148 B.R. 234, 240 (Bankr. W.D. Pa. 1992) (finding that the plain language of section 365 of the Bankruptcy Code mandates that court approval is a precondition to a debtor's rejection of a lease). Despite the Debtors' intention to retroactively reject the Lease and eliminate their obligations to pay rent pursuant to the Lease, the Debtor fails to inform the Court that it has collected rent from the Subtenants for the entire month of November and December. ***In sum, the Debtor proposes a rejection retroactive to December 12, 2008, yet they also propose to keep rents paid by the Subtenants after the proposed effective date. The Debtors' retention of these rents is tantamount to continued***

*possession of the Property and bars any retroactive rejection.*  The Debtor should not be permitted to reject the Lease retroactively and at the same time collect rent from subtenants for periods after the effective date of rejection.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (U.S. 1984) ("If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services.").  Such a result would enable the Debtors to reap the benefits but eliminate the burdens of the Lease they are attempting to reject.  *See In re Fleming Cos*., 499 F.3d 300, 308 (3d Cir. Del. 2007) ("If [a debtor] receives the benefits he must adopt the burdens.  He cannot accept one and reject the other.").

**WHEREFORE**, Cole objects to the Motion and requests that the Court enter an Order (i) denying the Motion; or (ii) conditioning the rejection of the Lease upon the Debtor's payment (x) to Cole of $124,000 in base Rent for the month of December, 2008 which, on information and belief, the Debtor has collected from the Subtenants; and (y) to the applicable utility providers, taxing authorities and property management companies of all Additional Rent amounts that have arisen from and after the Filing Date through the effective date of the Rejection.

December 18, 2008  
Richmond, Virginia

**COLE CC KENNESAW GA**

By  /s/ Kimberly A. Pierro  
    Counsel

Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68132
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Kennesaw GA, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on December 18, 2008, a true and exact copy of the foregoing objection was forwarded via ECF notification to the following necessary parties or their counsel as set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, (v) counsel to the agents for the Debtors' post-petition lenders, and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

                                                                                    /s/ Kimberly A. Pierro
                                                                                        Counsel