IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :     Case No. 08-35653-KRH
                                                    :
                                                    :     Jointly Administered
                          Debtors.                  :
---------------------------------------------------------------x

**OBJECTION OF JAMES H. WIMMER, JR. TO THE DEBTORS'
MOTION TO REJECT HIS EMPLOYMENT AGREEMENT AND
ENFORCEMENT OF EMPLOYMENT AGREEMENT LETTER**

COMES NOW James H. Wimmer, Jr. ("Mr. Wimmer"), by counsel, and respectfully states as follows for his Objection to the Debtor's Motion to Reject His Employment Agreement and Enforcement of Employment Agreement Letter dated November 7, 2008.

**BACKGROUND**

1. In the evening hours of Friday December 12, 2008, the Debtors filed their First Omnibus Motion for Order Pursuant to Bankruptcy Code 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts (the "Rejection Motion"), which seeks, *inter alia*, the rejection of Mr. Wimmer's Employment Agreement dated December 4, 2003 (the "Employment Agreement") and the Enforcement of Employment Agreement Letter dated November 7, 2008 (the "Enforcement Letter"). The Employment

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-309
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel to James H. Wimmer, Jr.

Agreement and Enforcement Letter are attached hereto as Exhibits A and B, respectfully. The Rejection Motion provides that objections thereto are due on or before 4:00 p.m., on December 18, 2008, and a hearing is scheduled thereon for Monday, December 22, 2008.

2. Mr. Wimmer is the longest tenured employee of the Debtors having commenced employment with the Debtors, then known as Wards Company, Inc., as a sales associate in May 1969. During the past 40 years Mr. Wimmer has served the Debtors faithfully and with distinction, rising to the senior management level, most recently as Vice President of Store Services.

3. On November 7, 2008, the Debtors provided Mr. Wimmer with the Enforcement Letter stating that although the Debtors were terminating Mr. Wimmer effective January 9, 2009, the Debtors intended to honor his Employment Agreement, including his separation benefits and his health and welfare benefits. Specifically, the Enforcement Letter provides that pursuant to Article 7.4(b) of the Employment Agreement, the Debtors would pay Mr. Wimmer the aggregate amount of $433,509.30, commencing with a lump-sum payment of $216,754.68 on July 9, 2009 and monthly payments of $36,125.78 for six months beginning July, 2009, until paid in full. In addition, the Debtors committed to provide Mr. Wimmer with health and welfare benefits plan participation for a period of one year following termination of his employment, commencing on February 1, 2009 through January 31, 2010.

4. Three days later, on November 10, 2008, the Debtors filed their bankruptcy petitions. Now, after reiterating it commitment to provide Mr. Wimmer with his contractually agreed to benefits merely one month ago, the Debtors seek to reject Mr. Wimmer's Employment Agreement and rescind the Enforcement Letter and deny Mr. Wimmer the benefits for which he has worked faithfully for nearly 40 years.

2

**ARGUMENT**

I. **Mr. Wimmer's Employment Agreement is No Longer Executory and, Accordingly, May Not be Rejected Under Section 365 of the Bankruptcy Code.**

5.  Section 365(a) of the Bankruptcy Code provides in pertinent part that "the Trustee [debtor-in-possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "A contract is executory if performance is due to some extent on both sides." *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 556 F.2d 1043, 1045 (4th Cir. 1985) (citing *NLRB* v. *Bildisco and Bildisco*, 465 U.S. 513 (1984)). In addition, the Fourth Circuit has adopted Professor Countryman's "more specific test" for determining whether a contract is "executory". Under the Countryman test, a contract is executory if the "obligations of both the bankrupt and the other party to the contract are so underperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other." *Id.*, quoting *Gloria Manufacturing Corp. v. International Ladies' Garment Workers' Union,* 734 F.2d 1020, 1022 (4th Cir. 1984).

6.  Under the Countrymen approach Mr. Wimmer's Employment Agreement is no longer executory. Mr. Wimmer has faithfully and fully performed under each and every one of his Employment Agreements with the Debtors, including the most recent Employment Agreement dated December 4, 2003 for the past five years, and Mr. Wimmer no longer has any material unperformed obligations under the Employment Agreement. The Debtors, however have substantial remaining obligations to perform with respect to Mr. Wimmer, including payment of his separation pay and providing health and welfare benefits plan participation. *See In re Spectrum Information Technologies, Inc.*, 193 BR 400, 403-404 (Bankr. E.D.N.Y. 1996) (holding that employment contract is not executory where the only remaining obligations are the

3

debtor's obligation to make severance payments (citations omitted)). The Debtors cannot accept the benefits of Mr. Wimmer's faithful and complete performance under his various Employment Agreements over the past 40 years, and reject the burdens of those Employment Agreements, namely payment of his separation pay and providing health and welfare plan participation. Mr. Wimmer has fully performed under the Employment Agreement and the Debtors must do the same.

II. **In the Event That the Court Determines That Mr. Wimmer's Employment Agreement is Executory, the Court Should Nevertheless Deny the Debtors' Rejection Motion with Respect to Same.**

7. In determining whether a debtor's decision to reject an executory contract is within the debtor's sound business judgment and advantageous to the debtor's estate, the court must also consider all of the circumstances surrounding any particular rejection, including the harm to the non-debtor party to the contract. *See In re Trak Auto Corp.*, 2002 Bankr. LEXIS 938, *4 (Bankr. E.D.Va. 2002). Here, the harm to the non-debtor party, Mr. Wimmer, greatly outweighs the advantage of rejection to the Debtors and the Debtors' estates. The Debtors' petitions state that their liabilities are in excess of $2.3 billion. Mr. Wimmer's severance payments in the amount of $433,509.30 represent less than .018%, or less than 2 1/100th, of that amount and if rejected, will not result in a meaningful net benefit to the Debtors' estates. On the other hand, rejection of Mr. Wimmer's Employment Agreement and resulting denial of his contractual benefits will result in substantial hardship to Mr. Wimmer and his family who have relied upon these benefits in their financial planning. Mr. Wimmer is nearly 62 years old and it is extremely unlikely that he will be able to obtain employment hereafter at similar levels of compensation, nor will he be able to make up for such a dramatic loss in compensation during his lifetime.

4

**III.     The Debtors' Proposed Rejection of Mr. Wimmer's Employment Agreement is in Bad Faith.**

8.     A decision to reject an executory contract based on "bad faith, or whim, or caprice" must be denied. *Lubrizol* at 1047. In this case, the Debtors voluntarily, and publicly, have chosen to pay separation payments to other employees with significantly less tenure and, consequently, less benefits than Mr. Wimmer, in part on the stated grounds of maintaining employee moral, while at the same time quietly, and on an expedited basis, seeking to avoid payment of the separation benefits owed to Mr. Wimmer, their longest tenured employee, as a result of his 40 years of faithful service to the Debtors.

**WHEREFORE**, James H. Wimmer, Jr. respectfully requests (i) that this Court sustain his objection and overrule the Debtors' Motion to Reject Mr. Wimmer's Employment Agreement and Enforcement Letter, (ii) or in the alternative, and in the event the Court grants the Motion to Reject Mr. Wimmer's Employment Agreement, that the court do so without prejudice to Mr. Wimmer's right to assert an administrative claim for his separation pay and other employment benefits, and (iii) and to grant such other and further relief as this court deems just and proper.

Dated: December 18, 2008                                      Respectfully submitted,

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for James H. Wimmer, Jr.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller