IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------x
In re                                              : Chapter 11
                                                   :
CIRCUIT CITY STORES, INC., et al.,                 : Case No. 08-35653 (KRH)
                                                   :
                          Debtors.                 : Jointly Administered
---------------------------------------------------------------x

**MOTION BY P/A-ACADIA PELHAM MANOR, LLC FOR
AN ORDER MODIFYING THE AUTOMATIC STAY TO
PERMIT MOVANT TO TERMINATE THE GOVERNING
LEASE BETWEEN MOVANT AND THE DEBTOR**

P/A-Acadia Pelham Manor, LLC ("Acadia" or "Movant"), by and through its undersigned counsel, submits this motion (the "Motion") seeking entry of an Order (a) pursuant to Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") modifying the automatic stay to permit Acadia to terminate the governing lease between Acadia and the Debtor, Circuit City Stores, Inc. (the "Debtor"), for commercial space (the "Premises") located in the Pelham Manor Shopping Plaza in Westchester, New York,

| | |
|---|---|
| Michael D. Mueller, Esquire (VSB 38216) | Daniel J. Ansell, Esquire |
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Howard J. Berman, Esquire |
| Jennifer M. McLemore, Esquire (VSB 47164) | Heath B. Kushnick, Esquire |
| CHRISTIAN & BARTON, LLP | GREENBERG TRAURIG, LLP |
| 909 East Main Street, Suite 1200 | 200 Park Avenue |
| Richmond, Virginia 23219 | New York, New York 10166 |
| Telephone: (804) 697-4100 | Telephone: (212) 801-9200 |
| | |
| Counsel for P/A-Acadia Pelham Manor, LLC | Counsel for P/A-Acadia Pelham Manor, LLC |

NY 239,239,043

and referred to as <u>Store No. 4236</u>, and (b) granting related relief. In support of the Motion, Acadia respectfully represents as follows:

## PRELIMINARY STATEMENT

1. As discussed below, the Debtor entered the subject lease in 2007 but has not yet opened for business in the Premises. Despite its obligations under the lease and 11 U.S.C. § 365(d)(3), the Debtor has failed to pay *any* post-petition rent, including rent due for December 2008 and the November 2008 "stub" period. Accordingly, Acadia seeks an order vacating the automatic stay to permit it to terminate the lease and exercise its state law remedies to regain possession of the Premises.

## JURISDICTION

2. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 362(d) and 365(d)(3) of the Bankruptcy Code, as complemented by Bankruptcy Rules 4001 and 9014.

## BACKGROUND

3. Debtor leases the Premises from Acadia pursuant to a lease dated as of August 3, 2007 (the "<u>Original Lease</u>"; Exhibit A). By First Amendment to Lease dated March 1, 2008 (the "<u>First Amendment</u>"; Exhibit B), the Original Lease was amended (the Original Lease, as amended by the First Amendment, is hereinafter referred to as the "<u>Lease</u>").

4. Debtor's obligation to pay the rents due under the Lease commenced as of August 1, 2008, and the Debtor did in fact make payments on account of the rents due for

August, September and October 2008.[1]  However, the Debtor has not yet opened for the conduct of business to the public.  Upon information and belief, the Debtor has made no progress toward the build-out of the Premises and the condition of the space remains substantially the same as the day on which possession was delivered to the Debtor.

5.    On November 10, 2008 (the "Petition Date"), the Debtor and various of its affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  To date, no motion has been made to either assume or reject the Lease.

6.    Since the Petition Date, the Debtor has failed to make any payments of rent.  The amount of post-petition rent due is currently $65,511.00, comprised of rents due for the November "stub" period (November 10-30, 2008) and December 2008 (*see* spreadsheet attached as Exhibit C).  Counsel for the Debtor has orally indicated that no payments will be forthcoming.

### RELIEF REQUESTED

7.    Acadia respectfully requests that the Court enter an order vacating the automatic stay to permit Acadia to terminate the Lease and exercise its state law remedies to regain possession of the Premises.

### ARGUMENT

8.    11 U.S.C. § 365(d)(3) requires that the trustee "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected. . . ." 11 U.S.C. § 365(d)(3).  A landlord's right to immediate payment of post-petition rental payments is well established.  *See, e.g., In re Trak Auto Corporation,* 277 B.R. 655 (Bankr. E.D. Va. 2002),

---

[1] Pursuant to Lease § 1.01(C), Debtor's obligation to pay rent under the Original Lease was to commence as of the "Commencement Date," defined at Lease § 2.03 as "the earlier to occur of (a) Tenant's opening for business, or (b) 90 days following the Possession Date."  By First Amendment to Lease dated March 1, 2008, the parties agreed, among other things, that "for purposes of Section 2.03(b) of the Lease only, the Possession Date will be deemed to be May 1, 2008."  Thus, the Commencement Date of the Lease has occurred and Debtor's obligation to pay rent commenced as of August 1, 2008, that being 90 days following the May 1, 2008 Possession Date.

3

*rev'd on other grounds,* 367 F.3d 237 (4th Cir. 2004); *In re Best Products Company, Inc.,* 206 B.R. 404 (E.D. Va. 1997).

9.   Moreover, a debtor is required to tender rent during the post-petition, pre-rejection period even where the debtor does not occupy the premises.  For example, in *In re Cardian Mortgage Corp.*, 127 B.R. 14 (Bankr. E.D. Va. 2002), this Court stated as follows:

> Therefore this court rules that the obligations imposed by § 365(d)(3) prior to rejection are not contingent upon any occupancy of the property; rather, they depend only on the existence of an unexpired non-residential property lease.  [Citing, *In re TDC Development Corp.*, 73 B.R. 135; *In re M.H.I., Inc., 61 B.R. 69*].

10.   Section 362(d) of the Bankruptcy Code provides that:

> On request of any party in interest after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1)   for cause, including the lack of adequate protection of an interest in property of such party interest,
> (2)   with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

11.   It is well established that a debtor's failure to pay administrative rent due and owing pursuant to section 365(d)(3) is sufficient cause to grant the lessor relief from the automatic stay.  *See, e.g., In re Trak Auto Corp., supra.*, ("A landlord may move to compel payment of pre-rejection rent under § 365(d)(3) or may seek to lift the automatic stay under § 362 to pursue other remedies"); *In re Micro Video Learning Systems*, 254 B.R. 90, 93 (S.D.N.Y. 1999), *aff'd* 227 F.3d 474 (2d Cir. 2000) (in the event of a debtor's failure to pay post-petition rent, the landlord may, among other remedies, "file a motion for relief from the stay and evict the debtor.")

12.   Acadia is currently being denied the use of the Premises and is not receiving any payments on account of the rents due under the Lease.  Because Acadia's interests in the Lease

4

and Premises are not being adequately protected, an order should be issued vacating the automatic stay to allow Acadia to terminate the Lease and exercise its state law remedies to obtain possession of the Premises.[2]

13.    Moreover, pursuant to Section 23.17 and other applicable provisions of the Lease, Debtor is obligated to reimburse Acadia for its reasonable attorneys' fees and costs incurred by Acadia in connection with the enforcement of the Debtor's obligations under the Lease. As such, Acadia respectfully requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Acadia in connection with the filing and prosecution of this Motion.

## NOTICE

14.    Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, (iii) Counsel for the Official Committee of Unsecured Creditors, and (iv) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Acadia submits that no other or further notice of this Motion is required.

## WAIVER OF MEMORANDUM OF LAW

15.    Acadia respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

---

[2] Acadia reserves all rights and remedies including, without limitation, its right to recover all post-petition rents due.

Dated: December 18, 2008

Respectfully submitted,

CHRISTIAN & BARTON, LLP

By: /s/ Michael D. Mueller
Michael D. Mueller, Esquire (VSB 38216)
Augustus C. Epps, Jr., Esquire (VSB 13254)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Tel: (804) 697-4100
Fax: (804) 697-6396

GREENBERG TRAURIG, LLP
Daniel J Ansell, Howard J. Berman
 and Heath B. Kushnick
200 Park Avenue
New York, New York 10166
Tel:   (212) 801-9200
Fax:   (212) 801-6400

Counsel for P/A-Acadia Pelham Manor, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2008, I caused a copy of the foregoing to be served by electronic means or by first class mail, postage prepaid, to the persons required to be served pursuant to the Procedures Order entered in this case.

/s/ Michael D. Mueller
Michael D. Mueller

916139.1