Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653
et al.,                      :
                             :
            Debtors.         :
                             : Jointly Administered
- - - - - - - - - - - - - - x

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON
DECEMBER 22, 2008 AT 10:00 A.M. (EASTERN)**[1]

---

[1]   At the hearing held on December 5, 2008, Judge Huennekens directed
      that all lease related matters would be heard on December 22, 2008
      at 1:00 p.m. (Eastern).  Thus, the Debtors filed a separate agenda
      listing all lease related matters for such time, regardless of the
      time listed in the notice filed for the matter.

Set forth below are the matters previously scheduled to be heard before the Honorable Kevin Huennekens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, U.S. Courthouse, 701 East Broad Street, Room 5000, Richmond, VA 23219-1888, on December 22, 2008 beginning at 10:00 a.m. Eastern.

**I.    CONTINUED/ADJOURNED MATTERS**

1.    Motion for Order Under 11 U.S.C. Sections 105, 362 and 541 and Fed. R. Bankr. P. 3001 and 3002 Establishing Notice, Hearing, and Sell-Down Procedures for Trading in Equity Securities and Claims Against the Debtors' Estates (Docket No. 20).

      Related
      Documents:

      a.    Interim Order Under 11 U.S.C. 105, 362 And 541 And Fed. R. Bankr. P. 3001 And 3002 Establishing Notice, Hearing, And Sell-Down Procedures For Trading In Equity Securities And Claims Against The Debtors Estates And Setting Hearing (Docket No. 135)

      Objection
      Deadline:         November 22, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:

      a.    Informal response from the Securities Exchange Commission

      b.    Informal response from the Official Committee of Unsecured Creditors

      Status:           The Debtors have resolved the SEC's response with modifications to the final order.  The Debtors are working to resolve the Committee's response. This matter has been adjourned until the January 16, 2009 hearing at 10:00 a.m.

2

2.    Motion for Relief from Automatic Stay of 11 U.S.C.
      Section 362(a) with Supporting Memorandum of Law and
      Request for Shortened Notice and Expedited Hearing, by
      Reverend Dwayne Funches (Docket No. 487)

      Related
      Documents:

      a.    Amended Motion to Expedite Hearing (Docket No. 566)

      b.    Agreed Order (Docket No. 639)

      Objection
      Deadline:        December 1, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:

      a.    Debtors' Response and Objection to Motion for
            Relief from Automatic Stay of 11 U.S.C. Section
            362(a) with Supporting Memorandum of Law and
            Request for Shortened Notice and Expedited Hearing
            (Docket No. 558)

      Status:          The parties have agreed to continue this
                       matter until the hearing scheduled for
                       January 29, 2009 at 10:00 a.m.

**II.    UNCONTESTED MATTERS GOING FORWARD**

3.    Omnibus Motion for Order Shortening Notice Period of
      Motions to Assume, Assign and Sell Certain Leases and
      Motion to Approve Stipulation with Chase Bank USA, N.A.
      (Docket No. 993)

      Related
      Documents:

      a.    Notice of Motion and Hearing (Docket No. 994)

      Objection
      Deadline:        December 18, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:           None at the time of filing this agenda.

3

Status:          This matter is going forward.

4.    Debtors' Motion for Order Approving Stipulation by and
      Among the Debtors and Chase Bank USA, National
      Association Pursuant to Bankruptcy Code Section 105 and
      Bankruptcy Rule 9019 (Docket No. 953)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 954)

      Objection
      Deadline:        December 18, 2008 at 4:00 p.m., extended
                       for the Official Committee of Unsecured
                       Creditors until December 19, 2008 at
                       noon.

      Objections/
      Responses
      Filed:           None at the time of filing this agenda.

      Status:          If the Court grants the Motion to Shorten
                       (Matter No. 3), this matter is going
                       forward.

5.    Application to Expand the Scope of Employment and
      Retention of Ernst & Young LLP to Include Additional Tax
      Advisory Services, Effective as of November 10, 2008
      (Docket No. 952)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 955)

      Objection
      Deadline:        December 18, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:           None at the time of filing this agenda.

      Status:          This matter is going forward.

6.    Debtors' Application for Order Under Bankruptcy Code
      Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
      Rule 2014(a), Authorizing the Employment and Retention

of KPMG LLP as Independent Auditors and Tax Consultants
to the Debtors Effective as of the Petition Date (Docket
No. 956)

Related
Documents:

a.    Notice of Motion and Hearing (Docket No. 957)

Objection
Deadline:        December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

7.    Debtors' Application for Order Under Bankruptcy Code
      Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
      Rule 2014(a), Authorizing the Employment and Retention
      of DJM Realty Services, LLC as Real Estate Consultant
      and Advisor to the Debtors Effective as of November 19,
      2008 (Docket No. 963)

Related
Documents:

a.    Notice of Motion and Hearing (Docket No. 964)

Objection
Deadline:        December 18, 2008 at 4:00 p.m., extended
                 for the Official Committee of Unsecured
                 Creditors until December 19, 2008 at 2:00
                 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

8.    Motion Of The Debtors For Order Pursuant To Bankruptcy
      Code Sections 105(a), 327, 330 And 331 Authorizing
      Debtors To Employ Professionals Utilized In The Ordinary
      Course Of Business (Docket No. 972)

Related

Documents:

a.    Notice of Motion and Hearing (Docket No. 974)

Objection
Deadline:        December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

9.    Debtors' First Omnibus Motion for Order Pursuant to
      Bankruptcy Code Sections 105(a) and 365(a) and
      Bankruptcy Rule 6006 Authorizing Rejection of Certain
      Unexpired Leases of Personal Property (Docket No. 992)

      Related
      Documents:

      a.    Notice of Motion and Hearing (Docket No. 996)

      Objection
      Deadline:        December 18, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:           None at the time of filing this agenda.

      Status:          This matter is going forward.


III. **CONTESTED MATTERS**

10.   Motion of Debtors for Order Under Bankruptcy Code
      Sections 105(A), 363, and 366, and Bankruptcy Rule 6003
      (I) Approving Debtors' Adequate Assurance of Payment,
      (II) Establishing Procedures for Resolving Requests by
      Utility Companies for Additional Assurance Of Payment,
      (III) Scheduling a Hearing with Respect to Contested
      Adequate Assurance of Payment Requests, and (IV)
      Authorizing Debtors to Pay Claims of a Third Party
      Vendor (Docket No. 8).

      Related
      Documents:

a.    Order under Bankruptcy Code Sections 105(A),363,
      And 366, and Bankruptcy Rule 6003 (I) Approving
      Debtors' Adequate Assurance of Payment,
      (II) Establishing Procedures for Resolving Requests
      by Utility Companies for Additional Assurance of
      Payment, (III) Scheduling a Hearing with Respect to
      Contested Adequate Assurance of Payment Requests,
      and (IV) Authorizing Debtors to Pay Claims of a
      Third Party Vendor (Docket No. 117)

b.    Corrected Order under Bankruptcy Code Sections
      105(A),363, And 366, and Bankruptcy Rule 6003 (I)
      Approving Debtors' Adequate Assurance of Payment,
      (II) Establishing Procedures for Resolving Requests
      by Utility Companies for Additional Assurance of
      Payment, (III) Scheduling a Hearing with Respect to
      Contested Adequate Assurance of Payment Requests,
      and (IV) Authorizing Debtors to Pay Claims of a
      Third Party Vendor (Docket No. 832)

c.    Notice of Filing of Amended Exhibit A to Order
      under Bankruptcy Code Sections 105(A),363, And 366,
      and Bankruptcy Rule 6003 (I) Approving Debtors'
      Adequate Assurance of Payment, (II) Establishing
      Procedures for Resolving Requests by Utility
      Companies for Additional Assurance of Payment,
      (III) Scheduling a Hearing with Respect to
      Contested Adequate Assurance of Payment Requests,
      and (IV) Authorizing Debtors to Pay Claims of a
      Third Party Vendor (Docket No. 848)

Objection
Deadline:        December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Motion by Accent Energy California LLC for
      Additional Adequate Protection Pursuant to
      Bankruptcy Code Section 366 in Lieu of Blocked
      Account (Docket No. 435)

      Status:    No hearing is necessary.  The parties
                 have resolved this matter and Accent
                 Energy California LLC has informed the
                 Debtors that it intends to formally
                 withdraw its motion prior to the hearing.

    b.   AT&T's Informal Request for Adequate Assurance

General
Status:         The Debtors and AT&T are attempting to
               resolve this matter.  In the event the
               parties are unable to reach a resolution,
               this matter is going forward.

11.   Debtors' Motion for Interim and Final Orders Pursuant to
     11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal
     Rules of Bankruptcy Procedure 2002 and 4001 (I)
     Authorizing Debtors (A) to Obtain PostPetition Financing
     and (B) to Utilize Cash Collateral; (II) Granting
     Adequate Protection; and (III) Scheduling Interim and
     Final Hearings (Docket No. 23)

     Related
     Documents:

     a.   Notice of Bankruptcy Filing and Debtors'
         Presentation of Motions and Applications to the
         Court for Consideration (Docket No. 26); Motion to
         Authorize Filing Certain Documents Under Seal
         (Docket No. 27)

     b.   Interim Order Pursuant to 11 U.S.C. §§ 105, 361,
         362, 363 and 364 and Rules 2002, 4001 and 9014 of
         the Federal Rules of Bankruptcy Procedure (I)
         Authorizing Incurrence by the Debtors of
         PostPetition Secured Indebtedness with Priority
         Over all Secured Indebtedness and with
         Administrative Superpriority, (2) Granting Liens,
         (3) Authorizing Use of Cash Collateral by the
         Debtors Pursuant to 11 U.S.C. Section 363 and
         Providing for Adequate Protection, (4) Modifying
         the Automatic Stay and (5) Scheduling a Final
         Hearing (Docket No. 78)

     c.   Notice of Filing of Motion and Entry of Interim
         Order Pursuant to 11 U.S.C. Sections 105, 361, 362,
         363 and 364 and Rules 2002, 4001 and 9014 of the
         Federal Rules of Bankruptcy Procedure: (i)
         Authorizing Incurrence by the Debtors of
         Postpetition Secured Indebtedness with Priority
         Over All Secured Indebtedness and With
         Administrative Superpriority, (ii) Granting Liens,
         (iii) Authorizing Use of Cash Collateral by the

Debtors Pursuant to 11 U.S.C. Section 363 and
Providing For Adequate Protection, (iv) Modifying
the Automatic Stay and (v) Scheduling a Final
Hearing (Docket No. 100)

d.      Notice of Filing of Executed DIP Credit Agreements
        (Docket No. 425)

e.      Corrected Interim Order Pursuant to 11 U.S.C. §§
        105, 361, 362, 363 and 364 and Rules 2002, 4001 and
        9014 of the Federal Rules of Bankruptcy Procedure
        (I) Authorizing Incurrence by the Debtors of
        PostPetition Secured Indebtedness with Priority
        Over all Secured Indebtedness and with
        Administrative Superpriority, (2) Granting Liens,
        (3) Authorizing Use of Cash Collateral by the
        Debtors Pursuant to 11 U.S.C. Section 363 and
        Providing for Adequate Protection, (4) Modifying
        the Automatic Stay and (5) Scheduling a Final
        Hearing (Docket No. 823)

Objection
Deadline:        November 28, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.      Limited Objection of Inland Southwest Management
        LLC, Inland American Retail Management LLC, Inland
        US Management LLC, Inland Pacific Property Services
        LLC, Inland Commercial Property Management, Inc.
        and Inland Continental Property Management Corp. to
        Debtors' Motion for Interim and Final Orders
        Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364
        and Federal Rules of Bankruptcy Procedure 2002 and
        4001 (I) Authorizing Debtors (A) to Obtain
        PostPetition Financing and (B) to Utilize Cash
        Collateral; (II) Granting Adequate Protection; and
        (III) Scheduling Interim and Final Hearings (Docket
        No. 261)

        Status:   The parties have resolved this objection.

b.      Limited Objection to Debtors' Motion for Interim
        and Final Orders Pursuant to 11 U.S.C. §§ 105, 361,
        362, 363 and 364 and Federal Rules of Bankruptcy
        Procedure 2002 and 4001 (I) Authorizing Debtors (A)

to Obtain PostPetition Financing and (B) to Utilize
Cash Collateral; (II) Granting Adequate Protection;
and (III) Scheduling Interim and  Final Hearings
(Kimco Realty Corp.) (Docket No. 274)

Status:   The parties have resolved this objection.

c.   Joinder of F.R.O., L.L.C. IX to Inland's Limited
Objection to Debtors' Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363
and 364 and Federal Rules of Bankruptcy Procedure
2002 and 4001 (I) Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to Utilize Cash
Collateral; (II) Granting Adequate Protection; and
(III) Scheduling Interim and  Final Hearings
(Docket No. 281)

Status:   The parties have resolved this objection.

d.   Joinder of 502-12 86th Street LLC to Limited
Objection to Debtors' Motion for Interim and Final
Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363
and 364 and Federal Rules of Bankruptcy Procedure
2002 and 4001 (I) Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to Utilize Cash
Collateral; (II) Granting Adequate Protection; and
(III) Scheduling Interim and  Final Hearings
(Docket No. 316)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

e.   Objection of Texas Ad Valorem Tax Jurisdictions To
Interim Order And To Entry Of Final Order (1)
Authorizing Incurrence By Debtors Of Post-Petition
Secured Indebtedness With Priority Over All Secured
Indebtedness…"(2) Granting Liens (3) Granting Use
Of Cash Collateral…" (Docket No. 338)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

f.   Joinder of 502-12 86th Street LLC to Limited
Objection to Debtors' Motion for Interim and Final

Orders Pursuant to 11 U.S.C. Sections 105, 361,
362, 363 and 364 and Federal Rules of Bankruptcy
Procedures 2002 and 4001(I) Authorizing Debtors (A)
To Obtain Postpetition Financing and (B) to Utilize
Cash Collateral; (II) Granting Adequate Protection;
and (III) Scheduling Interim and Final Hearings
(Docket No. 364)

Status:   The parties are working to resolve this
          objection.  In the event they are unable
          to reach a resolution, this matter is
          going forward.

g.   Limited Objection to Debtors' Motion For Interim
     And Final Orders Pursuant To 11 U.S.C. Sections
     105, 361, 362, 363 And 364 And Federal Rules Of
     Bankruptcy Procedure 2002 And 4001 (I) Authorizing
     Debtors (A) To Obtain Postpetition Financing And
     (B) To Utilize Cash Collateral; (II) Granting
     Adequate Protection; And (III) Scheduling Interim
     And Final Hearings (Docket No. 418)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

h.   Limited Objection by Carousel Center Company, LP,
     Sangertown Square, LLC , EklecCo NewCo, LLC and
     Fingerlakes Crossing, LLC to Entry of Final Order
     Pursuant to 11 U.S.C. Sections 105, 361, 362, 363,
     and 364 and Rules 2002, 4001 and 9014 of the
     Federal Rules of Bankruptcy Procedure (1)
     Authorizing Incurrence by the Debtors of Post-
     Petition Secured Indebtedness with Priority Over
     all Secured Indebtedness and with Administrative
     Superpriority, (2) Granting Liens, (3) Authorizing
     Use of Cash Collateral by the Debtors Pursuant to
     11 U.S.C. Section 363 and Providing For Adequate
     Protection, (4) Modifying the Automatic Stay and
     (5) Scheduling a Final Hearing (Objecting Landlords
     (Docket No. 423)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

i.   Objection by Arlington ISD, et al. to Motion and
     Entry of Final Order Pursuant to 11 U.S.C. Sections
     105, 361, 362, 363, and 364 and Rules 2002, 4001
     and 9014 of the Federal Rules of Bankruptcy
     Procedure (i) Authorizing Incurrence by the Debtors
     of Postpetition Secured Indebtedness with Priority
     over all Secured Indebtedness and with
     Administrative Superpriority, (ii) Granting Liens,
     (iii) Authorizing Use of Cash Collateral by the
     Debtors Pursuant to 11 U.S.C. Section 363 and
     Providing for Adequate Protection, (iv) Modifying
     the Automatic Stay (Docket No. 424)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

j.   Limited Objection of Navarre Distribution Services,
     Inc. to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. Sections 105, 361,
     362, 363 and 364 and Federal Rules of Bankruptcy
     Procedure 2002 and 4001 (I) Authorizing Debtors (A)
     to Obtain Postpetition Financing and (B) to Utilize
     Cash Collateral; (II) Granting Adequate Protection;
     and (III) Scheduling Interim and Final Hearings
     (Docket No. 430)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

k.   Limited Objection of Laguna Gateway Phase 2, LP,
     Manteca Stadium Park, L.P., and OTR-Clairemont
     Square to DIP Financing Motion (Docket No. 438)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

l.   Response To Motion Of Debtors For Order Under
     Sections 105(A), 362, 503(B), 507(A), 546(C) And
     546(H) (I) Granting Administrative Expense Status
     To Obligations From Postpetition Delivery Of Goods;
     (II) Authorizing Payment Of Expenses In The
     Ordinary Course Of Business; (III) Authorizing

Debtors To Return Goods; And (IV) Establishing
Procedures For Reclamation Demands (Dkt. No. 14),
Interim Order With Respect Thereto (Dkt. No. 133),
And Related Motions/Orders (E.G. Dkt Nos. 19, 23,
78 And 107) (Docket No. 447)

Status:   The parties are working to resolve this
          objection.  In the event they are unable
          to reach a resolution, this matter is
          going forward.

m.   Limited Objection of Centro Properties Group,
     Federal Realty Investment Trust, Cencor Realty, The
     Hutensky Group, UBS Realty Investors, LLC The
     Morris Companies Affiliates and Uniwest Commercial
     Realty to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. Sections 105, 361,
     362, 363 and 364 and Federal Rules of Bankruptcy
     Procedure 2002 and 4001 (I) Authorizing Debtors (A)
     to Obtain Postpetition Financing and (B) to Utilize
     Cash Collateral; (II) Granting Adequate Protection;
     and (III) Scheduling Interim and Final Hearings
     (Docket No. 452)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

n.   Limited Objection of Polaris Circuit City, LLC to
     Debtors' Motion for Interim and Final Orders
     Pursuant to 11 U.S.C. Sections 105, 361, 362, 363
     and 364 and Federal Rules of Bankruptcy Procedure
     2002 and 4001 (I) Authorizing Debtors (A) to Obtain
     Postpetition Financing and (B) to Utilize Cash
     Collateral; (II) Granting Adequate Protection; and
     (III) Scheduling Interim and Final Hearings (Docket
     No. 468)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

o.   Limited Objection of the Macerich Company, RREEF
     Management Company, Cousins Properties
     Incorporated, Watt Management Company, the
     Prudential Insurance Company of America, Portland

13

Investment Company, and KNP to Debtors' Motion for
Interim and Final Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and 364 and Federal
Rules of Bankruptcy Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 489)

Status:   The parties are working to resolve this
          objection.  In the event they are unable
          to reach a resolution, this matter is
          going forward.

p.   Local Texas Tax Authorities' Objection to Interim
     and to Entry of  Final Order (1) Authorizing
     Incurrence by Debtors of Post-Petition Secured
     Indebtedness with Priority over all Secured
     Indebtedness... 2) Granting Liens (3) Granting Use
     of Cash Collateral...(Docket No. 490)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

q.   Amended Objection of Texas Ad Valorem Tax
     Jurisdictions to Interim and to Entry of Final
     Order (1) Authorizing Incurrence by Debtors of
     Post-Petition Secured Indebtedness with Priority
     over all Secured Indebtedness...(2) Granting Liens
     (3) Granting Use of Cash Collateral...(Docket No.
     498)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

r.   Limited Objection of Directv, Inc. to Entry on a
     Final Basis of Interim Order Pursuant to 11 U.S.C.
     Sections 105, 361, 362, 363 and 364 and Rules 2002,
     4001 and 9014 of the Federal Rules of Bankruptcy
     Procedure (I) Authorizing Incurrence by the Debtors
     of Post-Petition Secured Indebtedness with Priority
     over all secured indebtedness and with
     administrative Superpriority, (2) Granting Liens,
     (3) Authorizing the Use of Cash Collateral by the

Debtors' Pursuant to 11 U.S.C. Section 363 and
Providing for Adequate Protection (4) Modifying the
Automatic Stay and (5)Scheduling a Final Hearing
(Docket No. 503)

Status:   The parties have resolved this objection.

s.   Joinder of 502-12 86th Street LLC to Limited
Objection of Polaris Circuit City, LLC to Debtors'
Motion for Interim and Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy Procedure 2002 and 4001
(I) Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 535);

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

t.   Joinder of Basile Limited Liability Company to
Limited Objections of Inland Southwest Management,
LLC and Polaris Circuit City, LLC to Debtors'
Motion for Interim and Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy Procedure 2002 and 4001
(I) Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 536)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

u.   Joinder of 502-12 86th Street LLC to Limited
Objection of Polaris Circuit City, LLC to Debtors'
Motion for Interim and Final Orders Pursuant to 11
U.S.C. Sections 105, 361, 362, 363 and 364 and
Federal Rules of Bankruptcy Procedure 2002 and 4001
(I) Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 537)

Status:    The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

v.    Joinder of Eatontown Commons Shopping Center and
Arboretum of South Barrington Shopping Center to
Limited Objection of Carousel Center Company, L.P.,
Sangertown Square, L.L.C., Eklecco Newco, LLC and
Fingerlakes Crossing LLC to Entry of Final Order
Pursuant to 11 U.S.C. Sections 105, 361, 363 and
364 and Rules 2002, 4001 and 9014 of the Federal
Rules of Bankruptcy Procedure (1) Authorizing
Incurrence by the Debtors of Post-Petition Secured
Indebtedness With Priority Over All Secured
Indebtedness and With Administrative Superiority,
(2) Granting Liens, (3) Authorizing Use of Cash
Collateral by the Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for Adequate Protection,
(4) Modifying the Automatic Stay and (5) Scheduling
a Final Hearing (Docket No. 542)

Status:   The parties have resolved this objection.

w.    Joinder of Eatontown Commons Shopping Center and
Arboretum of South Barrington Shopping Center to
Limited Objection of Carousel Center Company, L.P.,
Sangertown Square, L.L.C., Eklecco Newco, LLC and
Fingerlakes Crossing LLC to Entry of Final Order
Pursuant to 11 U.S.C. Sections 105, 361, 363 and
364 and Rules 2002, 4001 and 9014 of the Federal
Rules of Bankruptcy Procedure (1) Authorizing
Incurrence by the Debtors of Post-Petition Secured
Indebtedness With Priority Over All Secured
Indebtedness and With Administrative Superiority,
(2) Granting Liens, (3) Authorizing Use of Cash
Collateral by the Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for Adequate Protection,
(4) Modifying the Automatic Stay and (5) Scheduling
a Final Hearing (Docket No. 560)

Status:   The parties have resolved this objection.

x.      Joinder of Certain Landlords to the Limited
        Objection of The Macerich Company, RREEF Management
        Company, Cousins Properties Incorporated, Watt
        Management Company, The Prudential Insurance
        Company of America, Portland Investment Company and
        KNP to the Debtors' Motion for Interim and Final
        Orders Pursuant to 11 U.S.C. § 105, 361, 362, 363
        and 364 And Federal Rules of Bankruptcy Procedure
        2002 and 4001 (I) Authorizing Debtors to Obtain
        Postpetition Financing and (B) To Utilize Cash
        Collateral; (II) Granting Adequate Protection; and
        (III) Scheduling Interim and Final Hearings [Docket
        No. 489] (Docket No. 661)

        Status:    The parties are working to resolve this
                   objection.  In the event they are unable
                   to reach a resolution, this matter is
                   going forward.

y.      Joinder of AmCap NorthPoint LLC and AmCap Arborland
        LLC to Limited Objection of Carousel Center
        Company, L.P., Sangertown Square, L.L.C., EklecCo
        Newco, LLC and Fingerlakes Crossing, LLC to Entry
        of Final Order Pursuant to 11 U.S.C. Sections 105,
        361, 363, and 364 and Rules 2002, 4001 and 9014 of
        the Federal Rules of Bankruptcy Procedure (1)
        Authorizing Incurrence by the Debtors of post-
        Petition Secured Indebtedness with Priority Over
        all Secured Indebtedness and with Administrative
        Superpriority, (2) Granting Liens, (3) Authorizing
        Use of Cash Collateral by the Debtors Pursuant to
        11 U.S.C. Section 363 and Providing for Adequate
        Protection, (4) Modifying the Automatic Stay and
        (5) Scheduling a Final Hearing (Docket No. 671).

        Status:    The parties have resolved this objection.

z.      Joinder of Faber Bros., Inc. to Limited Objections
        of Inland Southwest Management, LLC and Polaris
        Circuit City, LLC to Debtors' Motion for Interim
        and Final Orders Pursuant to 11 U.S.C. §§ 105, 361,
        362, 363 and 364 and Federal Rules of Bankruptcy
        Procedure 2002 and 4001 (I) Authorizing Debtors (A)
        to Obtain Postpetition Financing and (B) to Utilize
        Cash Collateral; (II) Granting Adequate Protection;
        and (III) Scheduling Interim and Final Hearings
        (Docket No. 736)

Status:    The parties have resolved this objection.

aa.  Informal Objection of Official Committee of
     Unsecured Creditors

     Status:    The parties have resolved this objection.

General
Status:           This matter is going forward on a final
                  basis.  The Debtors will present a
                  proposed final order to the Court at the
                  hearing.

12.  Supplemental Motion of the Debtors for Order Pursuant to
     Bankruptcy Code Sections 105(a), 506(a), 507(a)(8), 541,
     and 1129 Authorizing the Debtors to Pay Prepetition
     Sales, Use, Trust Fund and Other Taxes and Related
     Obligations (Docket No. 407)

     Related
     Documents:

     a.   Motion of the Debtors for Order Pursuant to
          Bankruptcy Code Sections 105(A), 506(A), 507(A)(8),
          541, and 1129 and Bankruptcy Rule 6003 Authorizing
          the Debtors to Pay Prepetition Sales, Use, Trust
          Fund and Other Taxes and Related Obligations
          (Docket No. 7)

     b.   Order Pursuant to Bankruptcy Code Sections 105(A),
          506(A), 507(A)(8), 541, and 1129 and Bankruptcy
          Rule 6003 Authorizing the Debtors to Pay
          Prepetition Sales, Use, Trust Fund and Other Taxes
          and Related Obligations (Docket No. 110)

     c.   Notice of Motion and Notice of Hearing (Docket No.
          408)

     d.   Supplemental Order Granting Pursuant to Bankruptcy
          Code Sections 105 (a), 506 (a). 507 (a)(8), 541,
          and 1129 Authorizing the Debtors to Pay Prepetition
          Sales, Use, Trust Fund and Other Taxes and Related
          Obligations (Docket No. 1086)

     Objection
     Deadline:         December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.   Limited Objection of the Official Committee of
     Creditors Holding Unsecured Claims to Certain First
     Day Order (Court Docket Numbers 80, 82, 110, 112,
     129, 132) (Docket No. 455)

b.   Objection of the Official Committee of Unsecured
     Creditors Holding Unsecured Claims to the
     Supplemental Motion of Debtors for Order Pursuant
     to Bankruptcy Code Sections 105(A), 506(A),
     507(A)(8), 541, and 1129 Authorizing the Debtors to
     Pay Prepetition Sales, Use, Trust Fund and Other
     Taxes and Related Obligations (Docket No. 620)

     Status:        The Debtors and the Official Committee of
                    Unsecured Creditors are working to
                    resolve this matter.  In the event they
                    are unable to reach a resolution, this
                    matter is going forward solely with
                    respect to the Debtors request to pay
                    taxes to certain jurisdictions.

13.  Motion of the Official Committee of Unsecured Creditors
     for an Order Clarifying Requirement to Provide Access to
     Confidential or Privileged Information (Docket No. 568)

     Related
     Documents:

     a.   Notice of (A) Motion of the Official Committee of
          Unsecured Creditors for an Order Clarifying
          Requirement to Provide Access to Confidential or
          Privileged Information and (B) Hearing Thereon
          (Docket No. 570)

     Objection
     Deadline:      December 17, 2008 at 4:00 p.m.

     Objections/
     Responses
     Filed:

     a.   Informal Response of the Debtors

Status:           The informal response has been resolved.
                  This matter is going forward.

14.   Motion for Relief from Automatic Stay, by US Signs,
      Inc., and Notice of Motion (Docket No. 814)

      Related
      Documents:        None

      Objection
      Deadline:         December 18, 2008 at 4:00 p.m., extended
                        for the Debtors until December 19, 2008

      Objections/
      Responses
      Filed:

      a.   Informal Response of the Debtors

      Status:           The Debtors and US Signs, Inc. are
                        working to resolve this matter.  This
                        matter is going forward.

15.   Navarre Distribution Services, Inc.'s Motion for an
      Order Granting Adequate Protection Pursuant to 11 U.S.C.
      §§ 361 and 363 (Docket No. 958)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 959)

      Objection
      Deadline:         December 18, 2008 at 4:00 p.m., extended
                        for the Debtors until December 19, 2008
                        at 1:00 p.m.

      Objections/
      Responses
      Filed:

      a.   Informal Response of the Debtors

      Status:           The Debtors and Navarre Distribution
                        Services, Inc.'s are working to resolve
                        this matter.  This matter is going
                        forward.

16.   Debtors' First Omnibus Motion for Order Pursuant to
      Bankruptcy Code Sections 105(a) and 365(a) and
      Bankruptcy Rule 6006 Authorizing Rejection of Certain
      Executory Contracts (Docket No. 995)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 997)

      Objection
      Deadline:      December 18, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:

      a.   Objection of Jeffrey R. Leopold To The Debtors'
           Motion To Reject His Severance Agreement And
           Release Of Claims (Docket No. 1093)

      b.   Objection of James H. Wimmer, Jr. to the Debtors'
           Motion to Reject His Employment Agreement and
           Enforcement of Employment Agreement Letter (Docket
           No. 1099)

      Status:        This matter is going forward.

Dated: December 18, 2008      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia      FLOM, LLP
                        Gregg M. Galardi, Esq.
                        Ian S. Fredericks, Esq.
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                              - and -

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Chris L. Dickerson, Esq.
                        333 West Wacker Drive
                        Chicago, Illinois 60606
                        (312) 407-0700

                              - and -

                        MCGUIREWOODS LLP


                        /s/ Douglas M. Foley          .
                        Dion W. Hayes (VSB No. 34304)
                        Douglas M. Foley (VSB No. 34364)
                        One James Center
                        901 E. Cary Street
                        Richmond, Virginia 23219
                        (804) 775-1000

                        Counsel for Debtors and Debtors
                        in Possession

\6872910.1