**HODGSON RUSS LLP**
Garry M. Graber, Esq.
Deborah J. Piazza, Esq.
Jennifer L. Rando, Esq.
60 E. 42nd Street, 37th Floor
New York, New York 10165
Telephone: (212) 661-3535
Facsimile: (212) 972-1677
Email: ggraber@hodgsonruss.com
       dpiazza@hodgsonruss.com
       jrando@hodgsonruss.com

**CHRISTIAN & BARTON, LLP**
Augustus C. Epps, Jr. (VSB No.13254)
Jennifer M. McLemore, Esq. (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia  23219
Telephone:  (804) 697-4104
Facsimile:  (804) 697-6104
Email:  aepps@cblaw.com
        jmclemore@cblaw.com

*Counsel for Manufacturers & Traders Trust Company, as Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
In re:                                      :    Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,          :    Case No. 08-35653-KRH
                                            :    Jointly Administered
             Debtors.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### AMENDED OBJECTION OF MANUFACTURERS AND TRADERS TRUST COMPANY, AS TRUSTEE, TO THE DEBTORS' PROPOSED CURE AMOUNTS

Manufacturers and Traders Trust Company, as Trustee, ("M&T") by its attorneys, Hodgson Russ LLP and Christian & Barton, LLP, hereby files its amended objection to the cure amounts provided in Exhibit "B" to the Debtors' Motion for Orders Under 11 U.C.S. §§ 105, 363, and 365: (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases for Closing Stores; (II) Setting Sale Hearing Date; and, (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear of Liens, Claims, and Encumbrances, (B) Assumption and Assignment of Certain

Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "ease Motion") and states as follows:

## BACKGROUND

**The Parties**

1. On November 10, 2008, Circuit City Stores, Inc. and various of its debtor affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. M&T is the indenture trustee in connection with seven pools of securitized leases (the "Securitized Leases") in which one or more of the Debtors is the lessee in connection with Circuit City stores in shopping centers and/or warehouses or distribution centers (the "Leased Premises"). The Securitized Leases and the income stream derived from the Securitized Leases have been assigned to M&T under certain assignments of rents and other documents, and confer upon M&T the ability to act on behalf of the landlords.

4. The Debtors currently remain in possession, and enjoy the use and occupancy of the Leased Premises.

**Lease Motion**

5.  On November 26, 2008, the Debtors filed the Lease Motion. Set forth on Exhibit "B" to the Lease Motion are various unexpired nonresidential real property leases the Debtors propose to assume and assign (or possibly reject) and their respective cure amounts (the "Proposed Cure Amounts"). While certain of the leases subject to the Lease Motion are M&T's Securitized Leases, M&T is objecting to the Proposed Cure Amounts with respect to five (5) Securitized Leases as set forth on Exhibit A annexed hereto (the "Leases")[1].

6.  On December 10, 2008, this Court entered an order approving the procedures portion of the Lease Motion ("Procedures Order"). Pursuant to the terms of the Procedures Order, M&T hereby files this objection to the Proposed Cure Amounts with respect to the Leases set forth on Exhibit "A."

**OBJECTION**

**Cure Amount**

7.  The Debtors must cure all defaults as a condition to the assumption and assignment of the Leases. *See* 11 U.S.C. § 365(b)(1)(A). The Proposed Cure Amounts as set forth by the Debtors do not accurately reflect all of the current defaults under the Leases. The Proposed Cure Amounts fail to include outstanding rent, utilities, taxes, insurance, CAM charges, attorneys' fees, and other charges.

---

[1] Four (4) of the other Securitized Leases included in the Lease Motion are being addressed by a separate objection.

8. The correct cure amounts outstanding as of December 15, 2008 with respect to the Leases are set forth on the chart annexed hereto as Exhibit "A" (the Cure Amounts").[2]

9. Further, M&T is entitled to any costs and expenses, including attorney's fees, it incurs in connection with enforcing its rights under the Leases and/or the Debtors' assignment of the Leases.

10. Because the Debtors must cure all defaults as a condition to the assumption and assignment of the Leases, the Debtors must pay the Cure Amounts prior to this Court's approval of such assumption and assignment of the Leases. *See* 11 U.S.C. § 365(b)(1)(A). Further, pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors are required to comply with all of their obligations under the Leases through the actual date of assumption and assignment. Accordingly, the Debtors must also cure any additional defaults that may occur under the Leases between the date of this objection and the date the Leases are actually assumed and assigned by the Debtors. *See* 11 U.S.C. § 365(b)(1).

**Adequate Assurance**

11. Under section 365 of the Bankruptcy Code, the Debtor must provide adequate assurance of future performance of a proposed assignee. 11 U.S.C. § 365(b)(1)(C) and (f)(2). Therefore, the Debtors bear the burden to show that any proposed assignee has the ability to perform under the Leases.

---

[2] M&T reserves the right to amend and/or supplement the Cure Amounts to include any additional amounts owed by the Debtors, including without limitation, attorneys' fees and expenses.

- 4 -

12. Since it has not been provided with any information relating to any proposed assignees, M&T is not in a position to determine if adequate assurance of future performance can be satisfied. Therefore, M&T reserves all of its rights to object to the adequate assurance of future performance of any proposed assignee.

13. Finally, M&T reserves the right to object to any proposed assumption and assignment of the Leases, including but not limited to the failure to cure existing defaults and provide adequate assurance of future performance.

**WHEREFORE**, M&T respectfully requests that the Court enter an order: (a) requiring the Debtors to pay the Cure Amounts to M&T; (b) requiring the Debtors to cure any subsequent defaults under the Securitized Leases, and to comply with 11 U.S.C. § 365(d)(3) until the actual date of assumption and assignment; (c) requiring the Debtors to pay to M & T all costs and expenses, including attorneys' fees; (d) requiring the Debtors to provide M&T with adequate

assurance of future performance for any proposed assignee; and (e) granting such further and additional relief as the Court may deem just and proper.

Dated:     December 19, 2008            Respectfully submitted,

  /s/ Jennifer M. McLemore
CHRISTIAN & BARTON, LLP
Augustus C. Epps, Jr., Esq. (VSB No.13254)
Jennifer M. McLemore, Esq. (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
aepps@cblaw.com
jmclemore@cblaw.com

-and-

**HODGSON RUSS LLP**
Garry M. Graber, Esq.
Deborah J. Piazza, Esq.
Jennifer L. Rando, Esq.
60 East 42nd Street, 37th Floor
New York, New York 10165
Telephone:  (212) 661-3535
Facsimile:   (212) 972-1677
ggraber@hodgsonruss.com
dpiazza@hodgsonruss.com
jrando@hodgsonruss.com
Counsel for Manufacturers and Traders
Trust Company, as Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2008, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

- 6 -

000160/01260 Litigation 6458988v2

## **Exhibit A**

| Store Number and Location | Rent | Taxes | Other Charges | Total Cure Amount[3] |
|---|---|---|---|---|
| 1816<br>Orange, CT | $58,419.08 | $36,634.65 | | $95,053.73 |
| 1611<br>Temple, TX | $25,022.49 | $17,147.54 | $53.31 | $42,223.34 |
| 1806<br>Cuyahoga Falls, OH | $50,196.61 | | | $50,196.61 |
| 3123<br>Joliet, IL | $49,600.00 | | | $49,600.00 |
| 3506<br>Marrero, LA | $42,822.42 | $38,600.00 | $2,500.00 | $83,922.42 |

---

[3] The cure amount includes any known estimates of outstanding rent, taxes and other applicable charges. M&T reserves its right to amend and/or supplement such amounts with additional rent, taxes, utilities, insurance, CAM charges and attorneys' fees as such information becomes available.