```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' OBJECTION TO NAVARRE DISTRIBUTION SERVICES,
INC.'S MOTION FOR ADEQUATE PROTECTION AND RESPONSE TO
LIMITED OBJECTION OF NAVARRE TO DEBTORS' DIP MOTION**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors") hereby submit (i) their objection to Navarre Distribution Services, Inc.'s ("Navarre")

Motion for Adequate Protection (Docket No. 958) (the "Motion") and (ii) their response to the Limited Objection of Navarre to the Debtors' Motion for a Final DIP Financing Order (Docket No. 430) (the "Objection"). In support of the objection and the response, the Debtors respectfully represent:

## BACKGROUND

**A.   The Bankruptcy Cases**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of title 11 of the U.S. Code (the "Bankruptcy Code").

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

**B.    The Debtors And Navarre**

4.    The Debtors and Navarre are parties to a consignment agreement dated June 23, 2006 (as amended, the "Consignment Agreement").  Navarre provides software and other products to the Debtors on a consignment basis for sale to the Debtors' customers.  Navarre alleges that it validly and properly perfected its interest in the goods consigned to the Debtors prior to the Petition Date.

### OBJECTION AND RESPONSE

5.    The relief requested by Navarre in both the Motion and the Objection are closely related, and rather than file parallel pleadings, the Debtors will respond to the issues raised by Navarre concurrently. That said, the Debtors believe, for the reasons set forth below, that nothing raised in Navarre's Objection should prevent entry of the proposed final order (the "Final Order") approving the Debtors' DIP financing at the hearing to be held on December 22, 2008.  As the Debtors' motion for approval of DIP financing (Docket No. 23) (the "DIP Motion") and the credit agreement attached thereto make clear, the Debtors are required by their

3

financing arrangement with the DIP lenders to obtain entry of a Final Order satisfactory to the DIP lenders by December 23, 2008.

6. Navarre's Objection should be overruled because the Final Order does not seek to grant the DIP lenders a lien on Navarre's consigned goods, and Navarre acknowledges as much in its Objection. Moreover, the Final Order specifically excludes from the DIP collateral "any property which does not constitute property of the estate under 11 U.S.C. § 541 (including any property which is subject to a valid and perfected first priority consignment claim or is owned by Celco Partnership d/b/a Verizon Wireless, Panasonic, Navarre Distribution Services, Inc. or their respective affiliates)." The Final Order thus makes clear that the DIP financing does not alter the relationship between the DIP lenders and their liens and Navarre and its claim to the consigned goods and the proceeds therefrom. To the extent Navarre requests segregated accounts for the proceeds of its collateral, such segregation (a) is impracticable for the Debtors and (b) would provide

4

Navarre with greater rights than it has under the Consignment Agreement.

       7.   Under the terms of the Consignment Agreement,[1] the Debtors are not required to segregate the proceeds of the sale of Navarre's goods; the Debtors are instead required to account on a periodic basis for Navarre's goods that have been sold and reimburse Navarre for such sales. The Debtors propose to continue this arrangement and abide by the Consignment Agreement in all respects. Aside from prepetition sales, neither the Objection nor the Motion allege that the Debtors have failed to make an accounting or accompanying payment when due.

       8.   The Debtors accordingly assert that Navarre is not harmed by the relief requested in the DIP Motion and has no basis to object. It is undisputed that the DIP facility does not purport to give the DIP lenders a lien in Navarre's property. To the extent that Navarre's consignment lien prevented the liens of

---

[1] The Consignment Agreement is not attached hereto based on Navarre's preference to maintain the confidentiality of the Consignment Agreement.

5

the Debtors' secured lenders from attaching to the proceeds of the sale of Navarre's property prepetition, nothing in the DIP facility or the proposed Final Order would alter the result.  Moreover, to the extent that the Debtors did not make a required payment to Navarre based on prepetition sales, such failure should have no impact on the effect and the propriety of the Final Order going forward.  Navarre can press its alleged secured claim outside of the boundaries of the DIP financing.

        9.   The remaining forms of adequate protection requested by the Motion are likewise inappropriate.  As set forth above, adequate protection beyond the clear acknowledgement that Navarre's property is not subject to the liens of the DIP lenders is unnecessary.  It is accordingly not incumbent on this Court to make an advisory ruling regarding the validity of Navarre's consignment claims as they are not in dispute at this time.

        10.   The contractual enforcement requests made by Navarre are unnecessary and inappropriate.  To the extent the Consignment Agreement requires the Debtors to

6

sell Navarre's goods at no less than "Agreed Cost," the Debtors do not disagree and Navarre has not alleged that activity in contradiction of this term has occurred. Likewise, the Debtors intend to honor their reporting obligations under the Consignment Agreement and, again, Navarre has not alleged a breach in this regard. Finally, Navarre's request that the Debtors take all deductions for chargebacks approved as of the Petition Date against amounts owed prepetition and not against postpetition amounts due is unnecessary (as, with the other contractual guarantees requested by Navarre, no breach has been alleged) and the Debtors respectfully request that the Court decline Navarre's invitation to render an advisory opinion in this regard.

      11.  In sum, this Court is not required and should decline to give Navarre a comfort order regarding its contractual rights.  Navarre's arguments, both in the Motion and the Objection, concern proper protections based on a secured status that Navarre alleges, but with respect to which Navarre has not met its burden of proof. Nonetheless, in good faith, the Debtors and the DIP Lenders have provided Navarre with the protections in

the Final Order discussed above, and such protections are sufficient to protect the rights asserted by Navarre.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion and overrule the Objection.

Dated: December 19, 2008
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley              .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession