Gregg M. Galardi, Esq. Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq. Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & MCGUIREWOODS LLP
FLOM, LLP One James Center
One Rodney Square 901 E. Cary Street
PO Box 636 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

  - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
       :
In re:     : Chapter 11
       :
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al.,     :
       :
    Debtors. : Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO US SIGNS INC.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby submit their objection (the

"Objection") to US Signs, Inc.'s Motion for Relief from

the Automatic Stay (the "Motion").  In support of the

Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.    The Bankruptcy Cases**

1.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

2.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to sections 1107 and 1108 of title 11 of the

U.S. Code (the "Bankruptcy Code").

3.    On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for Circuit City Stores West Coast, Inc. is 9250 Sheridan
      Boulevard, Westminster, Colorado 80031.  For all other Debtors,
      the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee").  To date, no
trustee or examiner has been appointed in these chapter
11 cases.

**B.    The Debtors And US Signs, Inc.**

4.    The Debtors entered into an open account
agreement with US Signs, Inc. ("US Signs") pursuant to
which the Debtors contracted with US Signs for the
manufacture, supply and installation of signs for the
Debtors' retail store #4133, in Plainsfield, NJ.

**OBJECTION**

5.    US Signs asks this Court for relief from
the automatic stay in order to enable it to file its
mechanic's lien (the "Mechanic's Lien") under New Jersey
Statutes section 2A:44A-3 (the "NJ Construction Lien
Law").  The Debtors respectfully request that this Court
deny the Motion because perfection of US Signs'
Mechanic's Lien under the NJ Construction Lien Law is
stayed by the automatic stay of Bankruptcy Code section
362 and because US Signs has not established cause to
lift the stay.

I.   **ACTS TO PERFECT LIENS ARE PROHIBITED BY BANKRUPTCY
     CODE SECTION 362.**

     6.   Bankruptcy Code section 362(a)(4)
prohibits "any act to create, perfect, or enforce any
lien against property of the estate."  11 U.S.C.
§362(a)(4).  Thus, on its face, Bankruptcy Code section
362(a)(4) prevents US Signs from seeking to file its
Mechanic's Lien.

     7.   However, Bankruptcy Code section 362(b)(3)
provides a limited exception that permits perfection
<u>only</u> "to the extent that the trustee's rights and powers
are subject to such perfection under section
546(b). . .."  11 U.S.C. § 362(b)(3).  Section 546(b) in
turn states that a trustee's avoidance powers "are
subject to any generally applicable law that [] permits
perfection of an interest in property to be effective
against an entity that acquires rights in such property
before the date of such perfection." 11 U.S.C. § 546(b).

     8.   It is well established that the exception
to the automatic stay created by sections 362(b)(3) (and
546(b)) allows perfection of a lien absent relief from
the stay only if that perfection would relate back to a

4

date prior to the bankruptcy filing.  See, e.g., In re
Kearney Hotel Partners, 92 B.R. 95, 105 (Bankr. S.D.N.Y.
1988)(holding that the "546(b) exemption is applicable
only if perfection relates back to a time prior to the
filing of the bankruptcy petition"); see also In re Yobe
Elec., Inc., 728 F.2d 207 (3d Cir. 1984)(noting the
distinction between statutes under which perfection
relates back, such that perfection does not violate the
automatic stay, and statutes where perfection does not
relate back, such that perfection violates the automatic
stay); In re U.S. Leather, Inc., 271 B.R. 306, 308
(Bankr. E.D. Wis. 2001)(noting that in order for 546(b)
to apply, "[t]he lien must be in existence before the
petition is filed and perfected thereafter, and
applicable state law must clearly provide for
retroactive perfection").

9.    The NJ Construction Lien Law does not
relate back.  The law provides that, in order for a lien
to attach and be enforceable, the claimant must file a
lien claim with the county clerk. N.J. Stat. Ann. §
2A:44A-6 (West 2008). It further provides that "the lien
claim shall attach to the interest of the owner from and

5

after the time of filing of the lien claim." N.J. Stat.
Ann. § 2A:44A-10 (emphasis added). Thus, under the NJ
Construction Lien Law, US Signs' Mechanic's Lien would
be perfected only as of the date of filing, which would
necessarily fall after the Petition Date. As a result,
US Signs' is prohibited by the automatic stay from
taking action to perfect the Mechanic's Lien.

## II.  US SIGNS HAS NOT ESTABLISHED CAUSE TO LIFT THE AUTOMATIC STAY.

10.  US Signs' request for relief from the
automatic stay should be denied because US Signs has
failed to show cause for such relief.

11.  "The party requesting relief from the
automatic stay under § 362(d)(1) has the burden of
proving that cause exists for relief from the automatic
stay."  In re Trius Corp., 47 B.R. 3, 5 (Bankr. D.S.C.
1984); see In re Mazzeo, 167 F.3d 139, 142 (2d Cir.
1999); In re Milstein, 304 B.R. 208, 212 (Bankr. E.D. Pa.
2004).

12.  US Signs' only asserted basis for cause
is that it faces a deadline of January 3, 2009 to file
its lien claim and that it will be "irreparably harmed

6

without relief from the automatic stay . . ."  Motion at
¶ 21.  However, "[c]onclusory statements that a
continuance of the stay will cause irreparable harm or
that injury will occur if relief is denied are
insufficient to establish cause."  In re Texaco Inc., 81
B.R. 820, 829 (Bankr. S.D.N.Y. 1988).  Accordingly, US
Signs has failed to satisfy its burden of proof.

13.  Moreover, the purpose of 546(b) "is not
to permit a creditor, who itself has taken no action
prior to the filing of the case, to perfect a lien
subsequent to the filing of the case."  In re Valairco
Inc., 9 B.R. 289, 294 (D.N.J. 1981).  Here, US Signs
concedes that all work was supplied no later than
October 3, 2008, which is more than one month prior to
the Petition Date.  Motion at ¶ 9.  Thus, there was
nothing preventing US Signs from perfecting the
Mechanic's Lien prior to the Petition Date.  To permit
US Signs to utilize Bankruptcy Code 546(b) as a means to
perfect the Mechanic's Lien would derogate from the
section's purpose and Congressional intent.  See H.R.
Rep. No. 595, 95th Cong., 1st Sess., at 371 (1977)("The
rights granted to a creditor under [section 546(b)]

prevail over the trustee only if [the creditor has

perfected its interest in property post-petition], <u>and</u>

<u>that perfection relates back to a date that is before</u>

<u>the commencement of the case</u>." (emphasis added)).

14.   Other courts have denied requests to lift

the stay to allow perfection of a lien where perfection

does not relate back.   <u>See</u>, <u>e.g.</u>, <u>Matter of Peter J.</u>

<u>Schmitt Co., Inc.</u>, 154 B.R. 47, 49-52 (Bankr. D. Del.

1993) (denying request to lift stay to allow perfection

of a lien under Ohio lien law because perfection would

not relate back); <u>In re Shore Air Conditioning and</u>

<u>Refrigeration Inc.</u>, 18 B.R. 643, 644 (Bankr. D.N.J.

1982)(denying request to lift stay to allow perfection

of a lien under New Jersey lien law because perfection

would not relate back); <u>In re Valairco</u>, 9 B.R. 289

(same).   US Signs has presented no basis for its

requested deviation from this well-established precedent.

15.   Accordingly, the Debtors respectfully

request that the Court deny US Signs' request to lift

the automatic stay to allow it to perfect its lien.

## CONCLUSION

WHEREFORE, the Debtors respectfully request
that the Court enter an order denying the relief
requested in the Motion.

Dated: December 19, 2008
      Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Gregg M. Galardi, Esq.
                                 Ian S. Fredericks, Esq.
                                 P.O. Box 636
                                 Wilmington, Delaware 19899-0636
                                 (302) 651-3000

                                        - and -

                                 SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
                                 Chris L. Dickerson, Esq.
                                 333 West Wacker Drive
                                 Chicago, Illinois 60606
                                 (312) 407-0700

                                        - and -

                                 MCGUIREWOODS LLP

                                 /s/ Douglas M. Foley       .
                                 Dion W. Hayes (VSB No. 34304)
                                 Douglas M. Foley (VSB No. 34364)
                                 One James Center
                                 901 E. Cary Street
                                 Richmond, Virginia 23219
                                 (804) 775-1000

                                 Counsel for Debtors and Debtors
                                 in Possession