**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

```
-------------------------------------------------------------x
In re:                                       :    Chapter 11
                                             :
CIRCUIT CITY STORES, INC., et al.,           :    Case No. 08-35653-KRH
                                             :
                                             :    Jointly Administered
                   Debtors.                  :
-------------------------------------------------------------x
```

**MOTION AND SUPPORTING MEMORANDUM OF LAW OF LANDLORDS
LISTED ON EXHIBIT A FOR AN ORDER COMPELLING DEBTORS TO
IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C.
SECTIONS 365(D)(3) AND 503(B) AND GRANTING RELATED RELIEF**

COMES NOW the landlords listed on Exhibit A (and collectively, the "Landlords"),
owners and lessors of certain nonresidential real property, to move this Court to enter an order
(the "Motion"), (a) authorizing and directing the debtors herein (the "Debtors"), to immediately
pay outstanding Rent (as defined below) pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) of the
United States Bankruptcy Code, and (b) granting related relief, as more specifically described
herein.  In support of its Motion, the Landlords respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and
1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-309
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel to Landlords listed on Exhibit A

## ARGUMENT

2.      Section 365(d)(3) and 503(b)(1)(A) authorize the relief request in this Motion.

## BANKGROUND

3.      The Landlords are the owners and lessors of certain nonresidential real property.

4.      Pursuant to the leases between the Landlords and the Debtors, the Debtors are required to timely pay rent and other charges, including CAM, real estate taxes, and insurance due under the respective leases (collectively the "Rent").

5.      On November 10, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.      The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Landlords' leased premises (the "Premises").

7.      The Debtors have not paid the Rent that is due to each of the Landlords pursuant to the respective leases for use of the Premises.  Upon appropriate written request, the specific, current Rent amounts due to the Landlords from the Debtors will be provided.

8.      The Landlords respectfully move this Court for entry of any order (a) authorizing and directing the Debtors to immediately pay the administrative Rent owed to the Landlords pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code; (b) authorizing and directing the Debtors to remain current on all such Rent obligations owed to the Landlords pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code; (c) authorizing and directing the Debtors to reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtors' failure to comply with the terms of the leases and Sections 365(d)(3) and 503(b) of the Bankruptcy Code; and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

9.     Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1). . . .

10.     Since the Bankruptcy Code compels a landlord to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. Of NY, Inc.,* 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996).  Such protections are critical to protect landlords from ever-increasing losses during the post-petition, pre-rejection period.

11.     This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corp.,* 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) (until lease rejected, debtor required to pay rent to landlord from the date of petition until date lease rejected), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *see also In re Best Products Co., Inc.* 206 B.R. 404, 406 (Bankr. E.D. Va. 1997) (Congress enacted 365(d)(3) to guarantee landlords would not be placed at disadvantage for providing post-petition services to debtor).

12.     In light of the Debtors' failure to pay the administrative Rent owed to the Landlords, the Debtors will likely continue to ignore their post-petition obligations under the leases in violation of the Bankruptcy Code.  Accordingly, the Court should enter an order directing the Debtors to immediately pay the administrative Rent and require timely payment of all future administrative Rent and related charges that arise under the leases on a post-petition basis.

13.     Furthermore, the leases provide that the Debtors are obligated to promptly reimburse the Landlords for all reasonable and actual legal fees incurred in connection with enforcing the leases after the Debtors default on their obligations thereunder.  Accordingly, the Landlords request that the Debtors be directed to pay the attorneys' fees and costs incurred by the Landlords in connection with filing and prosecuting this Motion.

## WAIVER OF MEMORANDUM OF LAW

14.     The Landlords respectfully request that this Court treat this Motion as a written memorandum of points an authorities or waive any requirement that this Motion be accompanied by a separate written memorandum of points and authorities as described in rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court the for Eastern District of Virginia.

## NO PRIOR REQUEST

15.     No previous motion for the relief sought herein has been made to this Court or any other Court for these Landlords.

## JOINDER

16.     The Landlords hereby join in similar requests previously filed by other landlords to the Debtors.

**WHEREFORE**, by reason of the foregoing, the Landlords respectfully request entry of an order  (a) authorizing and directing the Debtors to immediately pay the Rent owed to the Landlords pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code; (b) authorizing and directing the Debtors to reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing the prosecuting this Motion due to the Debtors' failure to comply with the terms of the leases and Sections 365(d)(3) and 503(b) the Bankruptcy Code; (c) authorizing and directing the Debtors to make all future monthly payments of

4

administrative rent and related charges to the Landlords in full when due under the respective

leases; and (d) granting such other and further relief as this Court deems just and proper.

Dated:  December 19, 2008                    Respectfully submitted,


                                             /s/ Jennifer M. McLemore
                                             Augustus C. Epps, Jr., Esquire (VSB 13254)
                                             Michael D. Mueller, Esquire (VSB 38216)
                                             Jennifer M. McLemore, Esquire (VSB 47164)
                                             Noelle M. James, Esquire (VSB 76001)
                                             CHRISTIAN & BARTON, L.L.P.
                                             909 East Main Street, Suite 1200
                                             Richmond, Virginia 23219
                                             Telephone: (804) 697-4100
                                             Facsimile: (804) 697-4112

                                             Counsel for Landlords Listed on Exhibit A


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2008, I caused a copy of the foregoing

to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


                                             /s/ Jennifer M. McLemore
                                             Jennifer M. McLemore


916265

# EXHIBIT A

| | Landlord |
|---|---|
| 1. | Acadia Realty Limited Partnership |
| 2. | Brighton Commercial, L.L.C. |
| 3. | Catellus Operating Limited Partnership |
| 4. | Cedar Development Ltd., a Florida Limited Partnership |
| 5. | Columbia Equities Limited Partnership |
| 6. | La Habra Imperial, LLC |
| 7. | New River Properties, LLC |
| 8. | Rancon Realty Fund IV |
| 9. | RD Bloomfield Associates Limited Partnership |
| 10. | Sparkleberry Two Notch, LLC |
| 11. | Starpoint Property Management, LLC |
| 12. | Tourboullin Co. |
| 13. | UnCommon, Ltd., a Florida Limited Partnership |
| 14. | Watercress Associates, LP |