## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No.  08-35653 |
| CIRCUIT CITY STORES, INC., et al., | : | Jointly Administered |
|  | : |  |
|  | : |  |
| Debtors. | : |  |
|  | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MOTION OF NORTH PLAINFIELD VF LLC AND MARLTON VF LLC TO COMPEL THE DEBTORS TO PERFORM POSTPETITION OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)

North Plainfield VF LLC and Marlton VF LLC (together, the "Landlords") hereby submit

this Motion (the "Motion") for an order compelling the above-captioned debtors (collectively,

the "Debtors") to comply with section 365(d)(3) of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") and to perform their obligations under the relevant leases to keep

the Landlords' properties free from all liens.

William A. Gray, Esquire (VSB# 46911)
Lisa Taylor Hudson, Esquire (VSB# 45484)
SANDS ANDERSON MARKS & MILLER
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219 (23219-1998)
Phone:  (804) 648-1636
Fax:   (804) 783-7291
-AND-
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone:  (212) 859-8000
Fax:   (212) 859-4000
*Counsel for North Plainfield VF LLC and Marlton VF LLC*

In support of its Motion, the Landlords respectfully state as follows:

### Jurisdiction and Venue:

1.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Basis for Relief:

2.   Section 365(d)(3) of the Bankruptcy Code authorizes the relief requested in this Motion.

### Background:

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  As part of their first-day motions, the Debtors filed a *Motion for an Order Pursuant To Bankruptcy Code Sections 105(A), 362(B), 506, 546(B), 1107(A), 1108 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Contractors in Satisfaction of Liens* (the "Motion to Pay Contractors").  [Docket No. 11.]  In the Motion to Pay Contractors, the Debtors explained that the filing of mechanics' liens could adversely affect the Debtors' estates and their reorganization efforts by, among other things:  (i) causing contractors to refuse to perform additional, necessary services; and (ii) jeopardizing the Debtors' relationships with their landlords.  Motion to Pay Contractors, ¶¶ 10-12.

5.  Marlton VF LLC and North Plainfield VF LLC are two of the Debtors' landlords, as detailed below:

(a)  Marlton VF LLC and Circuit City Stores, Inc., one of the Debtors, are parties to a lease dated August 23, 2006 (the "Marlton Lease") for property located at Routes 70 and 73, Marlton, New Jersey (the "Marlton Premises"), identified by the Debtors as Store No. 4142.

2

(b)  North Plainfield VF LLC and Circuit City Stores, Inc., are parties to a lease dated August 23, 2006 (the "North Plainfield Lease," together with the Marlton Leases, the "Leases") for property located at U.S. Highway 22 and West End Avenue, North Plainfield, New Jersey (the "North Plainfield Premises," together with the Marlton Premises, the "Premises"), identified by the Debtors as Store No. 4133.

6.  As detailed further below, mechanics' liens have been filed against the Marlton Premises and North Plainfield Premises in the total amount of $1,031,963.66.

7.  The Court granted the Motion to Pay Contractors on an interim basis on the Petition Date.  [Docket No. 67.]  At the December 5, 2008 omnibus hearing, it appears from the docket that the Court granted the Motion to Pay Contractors on a final basis, with a stipulated order to be submitted by the Debtors and the Creditors' Committee.  [Docket No. 759.]

## Relief Requested:

8.  The Landlords respectfully request that this Court enter an order compelling the Debtors to comply with their postpetition obligations under the Leases and section 365(d)(3) of the Bankruptcy Code, by taking all necessary action to remove the liens against the Premises.

## Argument:

9.  The Debtors are required to remove any liens filed against the Premises.

10.  Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform *all the obligations* of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) . . . .

11 U.S.C. § 365(d)(3) (emphasis added).

11.  The term "obligations" in section 365(d)(3) is not limited to the payment of postpetition rent, but should include all postpetition obligations arising under the lease.  *See, e.g.,*

3

*In re Geonex Corp.*, 258 B.R. 336, 340 (Bankr. D. Md. 2001) (finding that the landlord was

entitled under the terms of the lease to reimbursement for attorneys' fees spent to enforce its

right to rent payments from the petition date); *Urban Retail Props. v. Loews Cineplex Entm't

Corp.*, 2002 U.S. Dist. LEXIS 6186 (S.D.N.Y. Apr. 8, 2002) (holding that "because the Lease

provides for recovery of attorneys' fees and interest, their receipt deserves the same priority

under Section 365(d)(3) as any of the Debtor's other obligations that arise postpetition"); *In re

New Almacs*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (finding that the movants were entitled

to expense claims arising postpetition for the rental obligations under their leases including "real

estate taxes, common area maintenance charges and utility expenses").

12.   Here, the Leases require the Debtors to cause the Liens (as defined below) to be

removed.  Each Lease contains an identical provision dealing with mechanics' liens:  "Landlord

and Tenant covenant to each other that they will not permit any lien to be filed against the

Premises or the Shopping Center as a result of nonpayment for, or disputes with respect to, labor

or materials furnished to the Premises."  *See* North Plainfield Lease, § 13; Marlton Lease, § 13.[1]

Should a lien be filed, the party whose non-payment of a contractor causes the lien to be filed

"shall, within thirty (30) days after receipt of written notice of such lien, cause said lien to be

removed, or otherwise protected against execution during good faith contest, by substitution of

collateral, posting a bond thereof, escrowing of adequate funds to cover the claim and related

transaction costs" or by another reasonably acceptable method.  *Id.*

13.   As the language in the Leases makes clear, the Debtors agreed that, to the extent any

---

[1]      A copy of the Marlton Lease is attached as Ex.  A.  In that lease, Circuit City Stores, Inc. is identified as
"Tenant" and Marlton VF, LLC is identified as "Landlord."  A copy of the North Plainfield Lease is
attached as Ex. B.  In that lease, Circuit City Stores, Inc. is identified as "Tenant" and North Plainfield VF,
LLC is identified as "Landlord."

lien attached to the Premises, within thirty days of written notice of any such lien, the Debtors

would cause such lien to be removed or protect against its execution by, among other things,

substituting collateral, posting a bond or escrowing funds to cover a claim and any and all related

expenses.

14.  In addition, each of the Leases contains indemnification provisions that require the

Debtors to indemnify the Landlords with respect to all claims that arise or are in connection with

the possession, use, repair or control by tenant or any of its agents, including any contractors.

*See* Marlton Lease, § 14(i); North Plainfield Lease, § 14(i).

<u>*The Liens*</u>

15.  To date, the following liens (the "Marlton Liens") have been filed in New Jersey

against the Marlton Premises:

| Lien Claimant | Amount |
| --- | --- |
| Trane US, Inc. (the "Trane Lien") | $44,773.00 |
| Laurel Plumbing, Inc. (the "Laurel Lien") | $47,700.00 |
| Union County Construction Group, Inc. (the "Union Group Lien") | $120,225.00 |
| Aaron Electrical Contractors LLC (the "Aaron Lien") | $17,749.10 |
| Contracting Systems, Inc. II (the "CS Lien") | $614,018.00 |

16.  To date the Landlords are aware of one lien filed in New Jersey against the North

Plainfield Premises by A.J. Maglio, Inc. in the amount of $187,498.56 (the "North Plainfield

Lien" and, with the Marlton Liens, the "Liens").[2]

---

[2]     Copies of the Liens are attached as Ex. C.

17. Other than the Trane Lien, all the Liens were filed against the Premises after the

Debtors filed their chapter 11 petitions. New Jersey law, which governs here, provides that

"[t]he lien claim shall attach to the interest of the owner from and after the time of filing of the

lien claim." *See* N.J. Stat. Ann. § 2A:44A-10; *see also Schoonover Elec. Co. v. Enron Corp. (In*

*re Enron Corp.)*, 294 B.R. 232, 239 (Bankr. S.D.N.Y. 2003) (under New Jersey law, "a lien

claim attaches only at the time of filing"). Accordingly, the liens arose postpetition and therefore

the Debtors' obligation to remove those liens arose postpetition.

18. Under the Leases, the Debtors had thirty days after receiving written notice of these

liens to remove or otherwise deal with these Liens. The Landlords assume, in light of the

Motion to Pay Contractors, that the Debtors received written notice of these Liens when they

were filed and, as such, the thirty-day time for the Debtors to remove the Liens has expired or,

with respect to the CS Lien, will expire prior to the hearing on this Motion.[3]

19. With respect to the Trane Lien, on information and belief, the Debtors received

notice of the lien after the Petition Date. As such, the Debtors' obligation to remove the Trane

Lien also arose postpetition under the North Plainfield Lease, and the Debtors are required to

remove or otherwise deal with the Trane Lien pursuant to the North Plainfield Lease and section

365(d)(3) of the Bankruptcy Code.

20. In addition to Liens discussed above, it has come to North Plainfield VF LLC's

attention that U.S. Signs, Inc. ("U.S. Signs") has filed a motion seeking relief from the automatic

stay in order to file and prosecute a mechanics' lien with respect to work performed at the North

Plainfield Premises. [Docket No. 814.] To the extent this Court grants U.S. Signs' motion and

---

[3]    The CS Lien was filed on December 9, 2008. As such, if notice was given on that date, the Debtors will be
required to remove the CS Lien by January 8, 2009. To the extent the Debtors have not received such
notice prior to the service of this Motion, this Motion constitutes written notice of such liens.

U.S. Signs files a proper mechanics' lien against the North Plainfield Premises (the "U.S. Signs

Lien"), the Debtors should also be compelled to remove or otherwise address such lien under the

terms of the North Plainfield Lease.

21.  Under both the Marlton Lease and the North Plainfield Lease, the Debtors are

specifically obligated, as the party that caused the Liens to be filed, "to cause said lien[s] to be

removed, or otherwise protected against execution during good faith contest, by substitution of

collateral, posting a bond thereof, escrowing of adequate funds to cover the claim and related

transaction costs or such other method as may be permissible under applicable title insurance

regulations and reasonably acceptable to the other party hereto."  Marlton Lease, § 13; North

Plainfield Lease, § 13.  The Debtors are required to perform this obligation according to the

express language of the respective leases and the language of section 365(d)(3) of the

Bankruptcy Code.  Moreover, the Debtors have the authority to pay the respective contractors

that filed the Marlton Liens and the North Plainfield Lien under the relief granted in connection

with the Motion to Pay Contractors.

22.  In addition, to the extent that the Landlords find it necessary to deal directly with any

contractors to resolve or otherwise remove the Liens and, if filed, the U.S. Signs Lien, the

Landlords seek to be indemnified by the Debtors as a postpetition obligation that must be timely

performed, pursuant to section 365(d)(3) of the Bankruptcy Code as well.

23.  Moreover, in any event, the Landlords seek a determination by this Court that all

obligations under the Leases to remove the Liens (and, if filed, the U.S. Signs Lien), or otherwise

indemnify the Landlords for claims resulting from such Liens (and, if filed, the U.S. Signs Lien),

are administrative expenses of the Debtors' estates pursuant to section 503(b)(1)(a) of the

Bankruptcy Code and are entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code.

### Reservation of Rights:

24.  The Landlords reserve any and all applicable rights with respect to any liens on the Marlton Premises or the North Plainfield Premises, including the right to object or otherwise contest the liens addressed by this Motion, including the U.S. Signs Lien, and any other liens that may be filed against properties subject to leases between the Debtors and the Landlords or their affiliates.  In addition, the Landlords reserve any and all rights to take action to remove any liens against their properties and seek indemnification from the Debtors with respect thereto under the Marlton Lease and the North Plainfield Lease.

### Waiver of the Memorandum of Law Requirement:

25.  The Landlords respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

### No Prior Request:

26.  No previous motion for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, by reason of the foregoing, the Landlords respectfully request entry of

an order compelling the Debtors to take all necessary steps to remove the Liens against the

Premises.

Dated: December 19, 2008

<div style="margin-left: 40%;">

Respectfully Submitted,
NORTH PLAINFIELD VF LLC and
MARLTON VF LLC

By Counsel:

By:    /s/ William A. Gray
William A. Gray, Esquire (VSB# 46911)
Lisa Taylor Hudson, Esquire (VSB# 45484)
SANDS ANDERSON MARKS & MILLER
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219 (23219-1998)
Phone:  (804) 648-1636
Fax:  (804) 783-7291

-and-

FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone:  (212) 859-8000
Fax:  (212) 859-4000

</div>

## **Certificate of Service**

I hereby certify that on this 19th day of December, 2008, a true and accurate copy of the

foregoing was electronically filed with Clerk of the Court for the Eastern District of Virginia,

Richmond Division, using the CM/ECF system, which thereby caused the above to be served

electronically on all registered users of the ECF system that have filed notices of appearance in

this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the

attached service list.

                                          /s/ William A. Gray

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
      *Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
      *Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
      *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
      *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
      *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
      *Special Counsel for Debtors*

11

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
    *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
    *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
    *Counsel for the Official Committee of
    Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
    *Counsel for the Creditors Committee*