# **EXHIBIT A**

*Marlton, New Jersey*

## LEASE

THIS LEASE (this "Lease") is made as of the 23rd day of August 2006, by and between MARLTON VF L.L.C., a New Jersey limited liability company, having an address c/o Vornado Realty Trust, 210 Route 4 East, Paramus, New Jersey 07652 ("Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation, having an address at Deep Run I, 9950 Mayland Drive, Richmond, Virginia 23233 ("Tenant").

WITNESSETH:

That for and in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Leased Property</u>. Landlord demises and leases to Tenant and Tenant leases and takes from Landlord, all those certain premises consisting of a portion of a building ("Building") in a shopping center ("Shopping Center") located in Marlton, Evesham Township, Burlington County, State of New Jersey (the "State"). The Premises consists of approximately twenty thousand one hundred seventy-eight (20,178) square feet of floor area together with the "Improvements" (as hereinafter defined) to be constructed therein by Tenant and is designated as "Premises" on <u>Exhibit "A"</u>, attached hereto and made a part hereof (collectively, the "Premises"), together with the right to use the area at the front of the Premises labeled "Customer Pick-Up" located in the "Common Areas" (as hereinafter defined) as shown on <u>Exhibit "A"</u>, the four (4) parking spaces (at the front of the Premises) labeled "Web Order Parking" located in the "Common Areas" (as hereinafter defined) as shown on <u>Exhibit "A"</u>, and the four (4) parking spaces (at the rear of the Premises) labeled "Car Stereo Parking" located in the Common Areas as shown on <u>Exhibit "A"</u>. The Premises includes any alterations, additions

WO 495607.13

Building, or the exterior building signage or structural modifications or alterations to Tenant's storefront, along with a copy of the plans and specifications therefor and an engineer's certification that any structural modifications referenced in such plans do not affect the structural integrity of the Building. Landlord shall have the reasonable right to consult with an independent structural engineer and in the event such independent structural engineer certifies that Tenant's proposed alteration or modification adversely affects the structure of the Building, Landlord may by notice to Tenant require that Tenant modify such plans or specifications to avoid such adverse effect in any manner reasonably required by the independent structural engineer retained by Landlord. Tenant shall cause all alterations to the Premises to be constructed in a good and workmanlike manner, lien-free in accordance with paragraph 13 below, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any loss or damage suffered by Landlord as a result of Tenant's alterations.

(k)    The rights granted to Tenant under this paragraph 12 with respect to alterations or modifications made by Tenant to conform with its then current stores, without Landlord's consent, shall apply to Tenant so long as the Tenant in possession of the Premises is Circuit City Stores, Inc., and to any assignee or sublessee of Tenant which is a "National Tenant" or "Regional Tenant". Further, Tenant's prototypical alterations or modifications shall be deemed to include, at Tenant's option, the prototypical alterations or modifications for any permitted licensee or concessionaire of Tenant.

13. Mechanics' Liens. Landlord and Tenant covenant to each other that they will not permit any lien to be filed against the Premises or the Shopping Center as a result of nonpayment for, or disputes with respect to, labor or materials furnished to the Premises or the Shopping Center for or on behalf of Tenant, Landlord or any party claiming by, through, or under Tenant

39

or Landlord, nor shall either party permit any judgment, lien or attachment to lie, as applicable, against the Premises or the Shopping Center. Should any lien of any nature, including but not limited to the foregoing, be filed against the Premises or Shopping Center, the party on account of whose actions such lien has been filed shall, within thirty (30) days after receipt of written notice of such lien, cause said lien to be removed, or otherwise protected against execution during good faith contest, by substitution of collateral, posting a bond therefor, escrowing of adequate funds to cover the claim and related transaction costs or such other method as may be permissible under applicable title insurance regulations and reasonably acceptable to the other party hereto.

14. Insurance.

(a) <u>Tenant's Property Damage</u>. During any time construction is being performed, Tenant shall keep or require its general contractor to keep, in full force and effect, a policy of builder's risk insurance covering loss or damage to the Improvements for the full replacement value thereof, including all of the coverages listed in subparagraph (e) below. During the Term, Tenant shall keep in full force and effect a policy of fire and extended coverage insurance insuring against fire and other casualties and risks covered by "All Risk" insurance covering loss or damage to the Improvements in the amount of full replacement value of the Improvements, with a commercially reasonable deductible, for which Tenant shall be fully responsible. Landlord and Landlord's first "Mortgagee" (as defined in paragraph 21 below), shall be named in such policy or policies as additional insureds as their respective interests may appear. Tenant shall also carry business interruption insurance (the proceeds of which shall be payable to Tenant) in at least the amount of one (1) year's Base Rent and estimated Tenant's Contribution, Tenant's Pro Rata Share of Real Estate Taxes and Tenant's Proportionate Share of

Case 08-35653-KRH    Doc 1143    Filed 12/19/08    Entered 12/19/08 19:36:20    Desc Main
Document    Page 5 of 7

*Marlton, New Jersey*

(i) <u>Indemnities</u>.

(1) For purposes of this Lease, "Claims" means any claims, suits, proceedings, actions, causes of action, responsibility, liability, demands, judgments, and executions, including costs of defense and other related costs.

(2) Subject to the provisions of subparagraph (g) above, Tenant hereby indemnifies and agrees to defend and save harmless Landlord and Mortgagees from and against any and all Claims, which either (i) arise from or are in connection with the possession, use, occupation, management, repair, maintenance or control of the Premises, or any portion thereof by Tenant and/or Tenant's agents, employees, licensees, assigns, concessionaires, subtenants and contractors (collectively, "Tenant's Agents"); (ii) arise from or are in connection with any act or omission of Tenant and/or Tenant's Agents; (iii) result from any default, breach, violation or non-performance of this Lease or any provision therein by Tenant and/or Tenant's Agents; or (iv) result in injury to person or property or loss of life sustained in the Premises, except if caused by the negligence, acts or omissions of Landlord, its agents, contractors or employees. Tenant shall defend any actions, suits and proceedings which may be brought against Landlord, any Mortgagee with respect to the foregoing or in which they may be impleaded. Tenant shall pay, satisfy and discharge any judgments, orders and decrees which may be recovered against Landlord or Mortgagee in connection with the foregoing.

(3) Subject to the provisions of subparagraph (g) above, Landlord hereby indemnifies and agrees to defend and save harmless Tenant, from and against any and all Claims, which either (i) arise from or are in connection with the possession, use, occupation, management, repair, maintenance or control of the Shopping Center, or any portion thereof by Landlord, its agents, contractors or employees; (ii) arise from or are in connection with any act or

47

WO 495607.13

*Marlton, New Jersey*

omission of Landlord, its agents, contractors or employees; (iii) result from any default, breach, violation or non-performance of this Lease or any provision therein by Landlord and/or its agents, contractors or employees; or (iv) result in an injury to person or property or loss of life sustained in the Common Areas, unless caused by the negligence, acts or omissions of Tenant or Tenant's Agents. Landlord shall defend any actions, suits and proceedings which may be brought against Tenant with respect to the foregoing or in which Tenant may be impleaded. Landlord shall pay, satisfy and discharge any judgments, orders and decrees which may be recovered against Tenant in connection with the foregoing.

15. <u>Damages by Fire or Other Casualty</u>.

(a)    <u>Less Than Three Hundred Sixty-Five (365) Days to Repair</u>. In the event of a fire, earthquake or other casualty, causing destruction or damage to the Premises and/or the Shopping Center which, in the opinion of the Architect (as defined in subparagraph 15(f) below), would take less than three hundred sixty-five (365) days to repair from the date of the casualty, this Lease shall not terminate except as expressly set forth herein, and Base Rent and other charges shall continue to be paid by Tenant pursuant to the terms of paragraph 4 hereof. Within a reasonable time after such casualty, Landlord shall complete (collectively, "Landlord's Restoration Work") reconstruction of (i) the Premises and the Common Areas, at least to the extent that all of the same exist on the date of this Lease, or, at Landlord's option, as all or any of same may be altered in accordance with the applicable provisions of this Lease (at least to the extent Landlord is required to maintain same pursuant to the applicable provisions of this Lease), and (ii) those portions of the Premises and related improvements initially delivered by Landlord hereunder (the foregoing clauses (i) and (ii) referred to collectively as the "Reconstruction Elements"), and Tenant shall reconstruct the Improvements to that condition existing

48

*Marlton, New Jersey*

WITNESS the following signatures and seals:

LANDLORD

MARLTON VF L.L.C.,
a New Jersey limited liability company

WITNESS:                By:    Vornado Realty Trust,
                               as its Authorized Signatory

*[signature: Suzanne H. Weii]*    By:    *[signature]*
                                  Name:  **Sandeep Mathrani**
                                  Title: **Executive Vice President**

Landlord's Tax I.D. No._____


TENANT

WITNESS                 CIRCUIT CITY STORES, INC.,
                        a Virginia corporation

*[signature]*           By:    *[signature]*
                        Name:  John B. Mulleady
                        Title: Vice President
                               Real Estate & Construction

116