# EXHIBIT C

## CONSTRUCTION LIEN CLAIM

OCT 3 0 2008
BURLINGTON COUNTY CLERK

TO THE CLERK, COUNTY OF BURLINGTON:

In accordance with the terms and provisions of the "Construction Lien Law", P.L. 1993, c.318 (C.2A:44A-1 et seq.), notice is hereby given that:

1. **TRANE US, INC.** of **3600 Pammel Creek Road, LaCrosse, WI 54601**, has on **October 28, 2008**, claimed a construction lien against the below stated real property of **Marlton VF LLC, Circuit City Stores, Inc. and Circuit City**, in the amount of **$44,773.00**, for the value of the work, services, material or equipment provided in accordance with a contract with **Circuit City Purchasing Company LLC** for the following work, services, materials or equipment:

   a. **HVAC Equipment**
   b. **Rooftop Units, related parts and accessories.**
   c.

2. The amount due for work, services, materials or equipment delivered provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

| | |
|---|---|
| TOTAL CONTRACT AMOUNT: | $44,773.00 |
| AMENDMENTS TO CONTRACT: | $ |
| TOTAL CONTRACT AMOUNT AND AMENDMENTS TO CONTRACT | $ |
| LESS: AGREED UPON CREDITS: | $ |
| TOTAL REDUCTIONS FROM CONTACT AMOUNT AND AMENDMENTS TO CONTRACT: | $ |
| TOTAL LIEN CLAIM AMOUNT: | $44,773.00 |

A Notice of Unpaid Balance and right To File Lien (if any) was not filed.

3. The construction lien is claimed against the interest of **Marlton VF LLC, Circuit City Stores, Inc. and Circuit City** as:

   __x__ Owner
   __x__ Lessee
   ____ Other(describe):_____ in that certain tract or parcel of land and premises described as **Block 21, Lot 1**, on the tax map of the **Township of Evesham, County of Burlington, State of New Jersey**, for the improvement of which property the aforementioned work, services, materials or equipment was provided.
   Said property is also known as **301 a/k/a 319 Route 70 West, Marlton, N.J. 08053.**

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), between **TRANE US, INC.,**
   and **Circuit City Purchasing Company, LLC, 9950 Mayland Drive, Richmond, VA 23233.**

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is **September 26, 2008.**

BOOK 28 PAGES 194-198

### NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, you real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim:

The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of records, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

1. Within one year of the date of the last provisions of work, services, material or equipment, payment for which the lien claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of the law enters a judgment against you and in favor of the claimant filing this lien claim, and thereafter you fail to pay the judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:
1. You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

2. You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L. 1993, c.318(C.2A:44A-31).

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in section 31 of P.L. 1993, c. 318 (C.2A:44A-31), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Signed ___/s/ Robert Roers___
Robert Roers, Financial Services Legal Case Manager

FOR
TRANE US, INC.

DATED: October 28, 2008

### CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to claimant's contract described in the construction lien claim.

2. The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Claimant:    **TRANE US, INC.**

SIGNED:    ___/s/ Robert Roers___
**Robert Roers, Financial Services Legal Case Manager**

DATED: October 28, 2008

STATE OF    WISCONSIN  )
                                              ss:
COUNTY OF    LACROSSE  )

    I CERTIFY that on October 28, 2008, Robert Roers personally came before me and acknowledged under oath, to my satisfaction, that:

a)    This person signed, sealed and delivered the attached document as the Financial Services Legal Case Manager, of TRANE US, INC., the Corporation named in this document;

b)    The proper corporate seal was affixed; and

c)    This document was signed and made by the Corporation as its voluntary act and deed by virtue of authority from its board of director.

_Diane Jungbluth_
NOTARY PUBLIC
my commission expires 1/30/11

RECORD AND RETURN TO:

ROTHBARD, ROTHBARD, KOHN & KELLAR
50 PARK PLACE, SUITE 1228
NEWARK, NEW JERSEY 07102-4397

(RRK&K file no. 34,693 N)

# RECORDING DATA PAGE

```
Consideration :
Code           :
Transfer Fee   :
Recording Date: 10/30/2008
Document No    : 4594275     bscelza

ROTHBARD ROTHBARD KOHN & KELLAR
50 PARK PLACE
SUITE 1228
NEWARK, NJ  07102


Receipt No    : 798045
Document No   : 4594275
Document Type : CL
Recording Date: 10/30/2008
Login Id      : bscelza

BOOK 28 PAGES 194-198

       Filed
  Oct 30 2008 10:43am
Burlington County Clerk
```

**Clerk of Burlington County • 49 Rancocas Rd. • Mt. Holly, NJ 08060**
**609-265-5180**

BURLINGTON COUNTY
CLERK

2008 NOV 10 P 12: 57

RECEIVED

# CONSTRUCTION LIEN CLAIM

TO THE CLERK, COUNTY OF _Burlington_

In accordance with the terms and provisions of the "Construction Lien Law," P.L. , c. (C. ), notice is hereby given that:

6285 Pine St
Mays Landing N.J. 08330

1. _Richard Check_ of _Laurel Plumb._ has on _11-10-08_ claimed a construction lien against the below stated real property of _Marlton V.F. LLC_____, in the amount of _47,700_, for the value of the work, services, material or equipment provided in accordance with a contract with _Contracting Systems Inc._ for the following work, services, materials or equipment:

210 Rt 4
East Paramus N.J. 07652

a. _Plumbing + Gas Piping_
b.
c.

2. The amount due for work, services, materials or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien claim is based is as follows:

| | |
|---|---|
| Total contract amount: | $ _47,700.-_ |
| Amendments to contract: | $ _None_ |
| Total contract amount and amendments to contract: | $ _47,700.-_ |
| Less: Agreed upon credits: | $ _None_ |
| Contract amount paid to date: | $ _None_ |
| Amendments to contract amount paid to date | $ _None_ |
| TOTAL REDUCTIONS FROM CONTRACT AMOUNT AND AMENDMENTS TO CONTRACT | $ _None_ |
| TOTAL LIEN CLAIM AMOUNT: | $ _47,700.-_ |

A Notice of Unpaid Balance and Right to File Lien (if any) was previously filed with the County Clerk of _____ County on _____ 19__ as No. _____ in Book ____ Page ____.

43

                                                                                     *Marlton V.F. LLC*

3. This construction lien is claimed against the interest of _____(name) as (check one):

      __X__ Owner

      _____ Lessee

      _____ Other (describe): _____ in that certain tract or parcel of land and premises described as Block _21_, Lot _1_, on the tap map of the _Twp._ of _Evesham_, County of _Burlington_ State of New Jersey, for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated _10-11-08_, between _Laurel Plumbing_ and _Courtesy Systems_ of _970 California Rd Quakertown PA 18951_

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is _11-7-08_

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

      1. Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

      2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you in favor of the claimant filing

this lien claim, and thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:

1. You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

2. You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 32 of P.L.  , c.  (C.  ).

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in section 32 of P.L.  , c.  (C.  ), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Signed _Richard Check_

For _Laurel Plumbing Inc_

### CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to claimant's contract described in the construction lien claim.

45

2. The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Name of Claimant, *Laurel Plumbing Inc*
*Richard Check G.M.*

Signed _____

SWORN TO AND SUBSCRIBED BEFORE ME
THIS __10__ DAY OF __Nov, 2008__.

_____

JUDITH A. DAURIA
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 11, 2013