EXHIBIT
C2

## CONSTRUCTION LIEN CLAIM

TO THE CLERK, COUNTY OF  BURLINGTON

      In accordance with the terms and provisions of the "Construction Lien Law," P.L., 1993, c318, notice is hereby given that:

1. The Claimant whose name is  Union County Construction Group, Inc. , and whose address is  638 Cherry Street, Gloucester City, NJ  08030  hereby claims a construction lien against the below stated real property owned by  Marlton VF LLC , in the amount of  $120,225.00 , for the value of the work, service, material, or equipment provided in accordance with a contract with  Contracting Systems Inc. II  for the following work, service, materials or equipment:
   a. Framing, Drywall, Acoustical Ceiling, Finish Carpentry etc.
   b.
   c.

2. The amount due for work, services, materials or equipment delivery provided by claimant in connection with the improvement of the real property, and upon which this lien is based is as follows:

| | |
|---|---|
| Total contract amount: | $117,600.00 |
| Amendments to contract: | $   2,625.00 |
| Total contract amount and amendment to contract: | $120,225.00 |
| Less: Agreed upon credits: | |
| Contract amount paid: | $      0.00 |
| Amendments to contract amount paid to date: | $      0.00 |
| **TOTAL REDUCTIONS FROM CONTRACT AMOUNT AND AMENDMENTS TO CONTRACT:** | |
| **TOTAL LIEN CLAIM AMOUNT:** | **$120,225.00** |

2008 NOV 12  A 10: 57  RECEIVED  BURLINGTON COUNTY CLERK

    A notice of Unpaid Balance and Right to File Lien (if any) was previously filed with the County Clerk of           County on        , 20     as No.        in Book       Page       .

3. This construction lien is claimed against the interest of  Marlton VF LLC  as            (check one)   Owner  xxx    Lessee          Other:           (describe) : in that certain tract or parcel of land and premises described as Block  21 , Lot  1 , on the tax map of the  Township  of  Evesham , County of  Burlington  State of New Jersey, for the improvement of which the aforementioned work, service, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated  September 24, 2008 , between  Union County Construction Group, Inc.  this claimant and  Contracting Systems, Inc II  whose address is  472 California Road, Quakertown, Pa  18951 

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is  November 10, 2008 .



RECEIVED NOV 18 2008 VORNADO-RETAIL

1

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated to establish the lien claim:

1) Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

2) Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you and in favor of the claimant filing this lien claim, and thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:
1) You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or
2) You (or your contractor or subcontractor) can cause the lien claim to be discharges by filing a surety bond or making a deposit of funds as provided for section 32 of P.L. 1993, C.318.

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in section 32 of P.L. 1993, C 812, you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

## NOTICE TO SUBCONTRACTOR OR CONTRACTOR

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Date 11/12/08

Signed _____
Name/Title: Dane H. Shiplee / President
On behalf of: Union County Construction Group, Inc.

2

## CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1) The amount claimed herein is due and owing at the date of filing pursuant to claimant's contract described in the construction lien claim.
2) The work, services, material or equipment for which this lien claim is filed was provided excessively in connection with the improvement of the real property which is the subject of this claim.
3) This claim has been filed within 90 days from the last date upon which the work, service, material or equipment for which payment is claimed was provided.
4) The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Date: 11/12/08         Signed: _____
Name/Title: Dane H. Shiplee / President
On behalf of: Union County Construction Group, Inc.

Note: This form must be signed by the claimant or, in the case of a partnership or corporation, a partner or duly authorized officer thereof.

ACKNOWLEDGMENTS ( complete applicable one)   11/12/08
STATE OF NEW JERSEY, COUNTY OF BURLINGTON    SS.:
I CERTIFY that Dane H. Shiplee personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument, and,
(b) executed this instrument as his or her own act.

_____
Patricia A. Decker

PATRICIA A. DECKER
NOTARY PUBLIC OF NEW JE
My Commission Expires March 30

STATE OF NEW JERSEY, COUNTY OF _____ SS.:
I CERTIFY that _____ personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument, and,
(b) was authorized to and did execute this instrument as
of the entity named in this instrument

(print name and title below signature)

RECORD AND RETURN TO:   Union County Construction Group, Inc
                        638 Cherry Street
                        Gloucester City, NJ  08030

3

## Construction Lien Claim

BURLINGTON COUNTY
CLERK

2008 NOV 24 P 1:59

To the Clerk,
County of : Burlington County

RECEIVED

In accordance with the terms and provisions of the Construction Lien Law, "P.L.(C.), notice is hereby given that:

1. Richard Francesco of Aaron Electrical has on 11-24-08 claimed a construction lien against the below stated real property of Marlton VF LLC/Vornado Realty 201 Rt 4 Paramus NJ in the amount of $17,749.10 for the value of the work, services, material or / and equipment provided in accordance with a contract with Kasco 650 Upper State Rd. Montgomeryville Pa 18936 for the following work, services, materials or/and equipment:
a. Electrical supplied and installed/ Main service
b. Labor wages
2. The amount due for work, services, materials or equipment delivered by the claimant in connection with the improvement of the real property, and upon which this lien claim is based is as follows:

| | |
|---|---|
| Total contract amount | $ 17,749.10 |
| Amendments to contract | $ |
| Total adjusted contract amount | $ 17,749.10 |
| Less: Agreed upon credits | $ |
| Contract amount paid to date | $ |
| Total lien claim amount | $ 17,749.10 |

A notice of unpaid balance and right to file lien (if any) was previously filed with the County Clerk of _____County on _____ as number_____ in Book_____ pg_____

Page 1 of 4

BOOK 28 PAGES 275-280

3. This construction lien is to be claimed against the interest of <u>Marlton VF LLC/ Vornado Realty</u> as (check one):

   __X__    Owner
   __X__    Lessee (_____)
   __X__    Other (describe)
<u>301 Rt 70 West</u>_____, premises described as Block __21__, Lot __1__, on the tax map of Control # <u>Evesham</u>, County of <u>Burl.</u>_____, State of New Jersey, for the improvements of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment delivery was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or an authorized agent of any of them),dated_<u>10-17-08</u>___ between <u>Kasco Construction</u> and_<u>Aaron Electrical Contractors LLC.</u>

5. The date of the provision of the last work, service, material or equipment for which payment is claimed is <u>11-08-08</u>.

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

  The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:
1. Within one year of the date of the last provision of work, service, material or equipment, payment for which the lien claim was filed ; or
2. Within 30 days following receipt of a written notice, by personal service or certified mail, return receipt requested, from owner requiring the claimant to commence an action to establish the lien claim.
Page 2 Of 4

You will be given proper notice of proceeding and an opportunity to challenge this claim and set forth your position If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you in favor of the claimant filing this lien claim, and thereafter you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:
1. You ( or your contractor or subcontractor ) can pay the claimant and obtain a discharge of the lien claim from the claimant; or
2. You ( or your contractor or subcontractor ) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 32 of P.L.,c. (C,).

If you ( or your contractor or subcontractor ) choose to pay the claimant under 1. Above, you will lose your right to challenge this lien claim in legal proceeding before a court of law.

If you ( or your contractor or subcontractor ) choose to discharge the lien claim by filing a surety bond or making a deposite of funds as provided in section 32 of P.L.,c. ( C.), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### NOTICE TO SUBCONTRACTOR OR CONTRACTOR

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to the claimant.

Signed
Dated: 11-24-08
For: AilenElec
Aaron Electrical Contractors LLC
229 Brownback Church Road
Spring City Pa 19475
610-469-3183

Page 3 of 4

STATE OF NEW JERSEY,    Burlington                      County ss:

On this 24 day of November 2008, before me, the subscriber, personally appeared

Richard R. Francesco

who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

*Wanda J. Parker*
Notary Public

WANDA J. PARKER
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Oct. 9, 2011

## Unoffical Document

| | |
|---|---|
| Contracting Systems, Inc. II, Claimant<br><br>472 California Road<br>Quakertown, Pennsylvania 18951<br><br>Tele. (215) 536-5750<br>Fax: (215) 536-1888 | BURLINGTON COUNTY CLERK<br><br>2008 DEC -8  A 10: 13<br><br>RECEIVED |
| Contracting Systems, Inc. II,<br><br>472 California Road<br>Quakertown, Pennsylvania 18951<br><br>**CLAIMANT**<br><br>Marlton VF, LLC<br><br>Physical Real Estate Location Subject to Lien<br>301 Route 70 West<br>Marlton, New Jersey 08053<br><br>Recorded in Burlington County, New Jersey<br>Board of Taxed (illegible)<br>Evesham Twp.<br>Block 21, Lot 1<br>Assessed with Lots 2,3,4,5,6,7 and 9<br><br>Registered Mailing Address Owner<br>(Tax Bills are mailed):<br>c/o Vornado Realty<br>Marlton VF, LLC<br>210 Route 4, East<br>Paramus, New Jersey 07652<br>**OWNER(S)** | Clerk Office<br><br>Burlington County, New Jersey<br><br>Docket No.<br><br>Construction Lien Claim<br><br>Contracting Systems, Inc. II<br>Claimant<br><br><br><br>BOOK 29 PAGES 1-30 |

Unofficial Document

**Construction Lien Claim**

**By Contracting Systems, Inc. II, Claimant**

TO THE CLERK, COUNTY OF BURLINGTON COUNTY, NEW JERSEY,

In accordance with the terms and provisions of the "Construction Lien Law," P.L. 1993, c. 318 (C. 2A:44A-1 et seq.), notice is hereby given that:

1. Contracting Systems, Inc. II, Claimant, of 472 California Road, Quakertown, Bucks County, Pennsylvania 18951 has on December 8, 2008 claimed a construction lien against the below stated real estate property of Marlton VF, LLC, Owner, against whose property the lien is claimed, in the amount of $ 614,018.70, for the value of the work, services, material or equipment provided in accordance with a contract with Circuit City Stores, Inc., for the following work, services, materials or equipment:

i/ including but not limited to, the Contract, items set forth in the Payment Application Details, including therein but not limited to the original contract items, general conditions, General Contractor Occupancy Highway Permit (fees), clearing, erosion control, demolition, excavating, grading, landscaping, concrete paving, asphalt, site work, site utilities, concrete foundations, concrete slabs, side walks, concrete stoops, pads, masonry work, mental work, block, rough carpentry, finish carpentry, millwork, insulation, sheet metal work, caulking and sealants, glass, lath and plaster, roofing, drywall, metal studs, framing, drywall, studs, title, ceiling, carpeting, painting, flooring, panels, partitions, signs, fire extinguishers, toilet accessories, plumbing, plumbing fixtures, roofing, fire protection, Heating and Air Conditioning, electric, and approved change orders, all of which are set forth in greater detail in the Contract, and Contractor's Application for Payment and Contractor's Certification page, I, II and III including respective Payment Application Details (which cumulatively remain unpaid in the total amount of $ 614,018.00 in that no payments have been made by Circuit City Stores, Inc.); Contractor's Application for Payment and Contractor's Certification page, I, II and III including respective Payment Application Details, is cumulatively attached hereto as Exhibit Claimant- 1, which are incorporated herein in their entirety as though the same were set forth herein at length.

BOOK 29 PAGES 1-30

2. The amount due for work, services, materials or equipment delivery provided by Claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

Total Contract Amount: .................... $ 759,000.00

Amendments to the Contract ............. $      0.00

Total Contract Amount and
Amendments to the Contract ............................ $ 759,000.00

Less: Agreed upon Credits: .................$ 144,982.00[1]

Contract amount paid to date: ...............$      0.00

Amendments to Contract
amount paid to date: ........................$      0.00

## Unoffical Document

TOTAL REDUCTIONS FROM CONTRACT
AMOUNT AND AMENDMENTS TO
CONTRACT: ....................................................$144,892.00

TOTAL LIEN AMOUNT .....................................$ 614,018.00

A Notice of Unpaid Balance and Right to File Lien (if any) was previously filed with the County Clerk of Burlington County, New Jersey on 12-8-08 as No. 4602079 in Book 28 Page 319-346.

BOOK 29 PAGES 1-30

---

[1] This amount represented the remaining amount of the contract work to be performed by the Claimant, at the time the Contractor, Circuit City Stores, Inc. closed the job site.