Printer Friendly View

Case 08-35653-KRH   Doc 1146-1   Filed 12/19/08   Entered 12/19/08 19:46:39   Desc
Exhibit(s) Parts 2 and 3 of Exhibit C    Page 1 of 15

Page 1 of 1

3. This construction lien is claimed against the interest of

Marlton VF, LLC as, Owner:

Owner (X)

Lessee

Other (describe):

in that certain tract or parcel of land and premises described as Block 21, Lot 1, on the tax map of the Board of Assessors, County of Burlington, State of New Jersey, for the improvement of which property the aforementioned work, services, materials or equipment was provided.

Unoffical Document

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated August 19, 2008, between Contracting Systems, Inc. II, Claimant and Circuit City Stores, Inc. of 9950 Maryland Drive, Richmond, Virginia 23233.

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is November 10, 2008.

BOOK 29 PAGES 1-30

EXHIBIT
C3

Printer Friendly View    Page 1 of 1

Case 08-35653-KRH    Doc 1146-1    Filed 12/19/08    Entered 12/19/08 19:46:39    Desc
Exhibit(s) Parts 2 and 3 of Exhibit C    Page 2 of 15

## NOTICE TO OWNER OF REAL PROPERTY

Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.

The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:

1. Within one year of the date of the last provision of work, services, material or equipment, payment for which the lien claim was filed; or

2. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position. If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you and in favor of the claimant filing the lien claim, after you fail to pay that judgment, your real estate may then be sold to satisfy the judgment.

You may choose to avoid subjecting your real estate to sale by doing either of the following:

1. You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

2. You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided for in section 31 of P.L.1993, c.318 (C.2A:44A-31).

If you (or your contractor or subcontractor) choose to pay the claimant under 1. above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in section 31 of P.L.1993, c.318 (C.2A:44A-31), you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

BOOK 29 PAGES 1-30

NOTICE TO SUBCONTRACTOR OR CONTRACTOR:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Signed _____
          John W. Clarke, President

For: **Contracting Systems, Inc. II**
      Individual, Firm or Corporation

Date: 12-08-08

# Unoffical Document

BOOK 29 PAGES 1-30

Printer Friendly View     Page 1 of 1

Case 08-35653-KRH    Doc 1146-1    Filed 12/19/08    Entered 12/19/08 19:46:39    Desc
Exhibit(s) Parts 2 and 3 of Exhibit C     Page 4 of 15

## CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to claimant's contract described in the construction lien claim.

2. The work, services, material or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.

3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

**Unoffical Document**

Name of Claimant: Contracting Systems, Inc. II

Signed: _[signature]_

John W. Clarke, President

Contracting Systems, Inc. II, Claimant

Date: 12-08-08

BOOK 29 PAGES 1-30

Printer Friendly View

Page 1 of 1

Case 08-35653-KRH    Doc 1146-1    Filed 12/19/08    Entered 12/19/08 19:46:39    Desc
Exhibit(s) Parts 2 and 3 of Exhibit C    Page 5 of 15

Acknowledgment

Commonwealth of Pennsylvania, COUNTY OF Chester, SS:

I CERTIFY that on the 8 day of December, 2008 John W. Clarke, President, Contracting Systems, Inc. II, came in person before me, duly sworn and deposed according to law, and stated to my satisfaction that he:

a/ made the attached instrument, and

b/ was authorized to and did execute this instrument on behalf of and as the President of Contracting Systems, Inc. II, the entity named in this instrument;

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE M. PERRONE, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires June 27, 2011

Christine M. Perrone

Name of Notary

Stamp and Seal

BOOK 29 PAGES 1-30

Printer Friendly View                                                                                     Page 1 of 1

Case 08-35653-KRH    Doc 1146-1    Filed 12/19/08    Entered 12/19/08 19:46:39    Desc
                    Exhibit(s) Parts 2 and 3 of Exhibit C    Page 6 of 15

| | |
|---|---|
| Contracting Systems, Inc. II, Claimant | BURLINGTON COUNTY CLERK |
| 472 California Road<br>Quakertown, Pennsylvania 18951 | 2008 DEC -8 A 10 09 |
| Tele. (215) 536-5750<br>Fax. (215) 536-1888 | RECEIVED |
| Contracting Systems, Inc. II,<br>472 California Road<br>Quakertown, Pennsylvania 18951 | Clerk Office<br><br>Burlington County, New Jersey |
| CLAIMANT | |
| Marlton VF, LLC | Docket No. |
| Physical Real Estate Location Subject to Lien<br>301 Route 70 West<br>Marlton, New Jersey 08053 | Notice of Unpaid Balance and Right to Lien |
| Recorded in Burlington County, New Jersey<br>Board of Taxed Code No. 03-13<br>Evesham Twp.<br>Block 21, Lot 1<br>Assessed with Lots 2,3,4,5,6,7 and 9 | Contracting Systems, Inc. II<br>Claimant<br><br>CONSTRUCTION LIEN FILED<br>BOOK 29 PAGE 1<br>RECORDED BY: J.P. Bunn<br>Wade Hale, Clerk Acting<br>J.P.B |
| Registered Mailing Address Owner<br>(Tax Bills are mailed):<br>c/o Vornado Realty<br>Marlton VF, LLC<br>210 Route 4 East<br>Paramus, New Jersey 07652 | |
| OWNER(S) | |

**Unofficial Document**

Notice of Unpaid Balance and Right To Lien

By Contracting Systems, Inc. II, Claimant

TO THE CLERK, COUNTY OF BURLINGTON COUNTY, NEW JERSEY,

In accordance with the terms and provisions of the "Construction Lien Law," P.L. 1993, c. 318 (C. 2A:44A-1 et seq.), notice is hereby given that:

BOOK 28 PAGES 319-346

1. Contracting Systems, Inc. II, Claimant, of 472 California Road, Quakertown, Bucks County, Pennsylvania 18951 has on December 8, 2008 a potential construction lien against the below described property of Marlton VF, LLC, Owner against whose property the lien is claimed, in the amount of $ 614,018.00, for the value of the work, services, material or equipment provided in accordance with a contract with Circuit City Stores, Inc., for the following work, services, materials or equipment:

a/ including but not limited to, the Contract, items set forth in the Payment Application Details, including therein but not limited to the original contract items, general conditions, General Contractor Occupancy Highway Permit (fees), clearing, erosion control, demolition, excavating, grading, landscaping, concrete paving, asphalt, site work, site utilities, concrete foundations, concrete slabs, side walks, concrete stoops, pads, masonry work, mental work, block, rough carpentry, finish carpentry, millwork, insulation, sheet metal work, caulking and sealants, glass, lath and plaster, doors, fronts, security gates, framing, drywall, studs, title, ceiling, carpeting, painting, flooring, panels, partitions, signs, fire extinguishers, toilet accessories, plumbing, plumbing fixtures, roofing, fire protection, Heating and Air Conditioning, electric, and approved change orders, all of which are set forth in greater detail in the Contract, and Contractor's Application for Payment and Contractor's Certification page, I, II and III including respective Payment Application Details (which cumulatively remain unpaid in the total amount of $ 614,018.00 in that no payments have been made by Circuit City Stores, Inc.); Contractor's Application for Payment and Contractor's Certification page, I, II and III including respective Payment Application Details are cumulatively

BOOK 28 PAGES 319-346

attached hereto as Exhibit Claimant- 1, which are incorporated herein in their entirety as though the same were set forth herein at length.

2. The amount due for work, services, materials or equipment delivery provided by Claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

Total Contract Amount: .................... $ 759,000.00
Amendments to the Contract .............. $       0.00

Total Contract Amount and
Amendments to the Contract ............................ $ 759,000.00

Less: Agreed upon Credits: ................$ 144,982.00[1]
Contract amount paid to date: ...............$       0.00

And the amount
amount paid to date: ...............$       0.00

TOTAL REDUCTIONS FROM CONTRACT
AMOUNT AND AMENDMENTS TO
CONTRACT: ....................................................$144,892.00
TOTAL LIEN AMOUNT ...................................$ 614,018.00

BOOK 28 PAGES 319-346

---

[1] This amount represented the remaining amount of the contract work to be performed by the Claimant, at the time the Contractor, Circuit City Stores, Inc. closed the job site.

3. This construction lien is claimed against the interest of

Marlton VF, LLC as, Owner (check one):

Owner (X)

Lessee

Other (describe):

in that certain tract or parcel of land and premises described as Block 21, Lot 1, on the tax map of the Board of Assessors, County of Burlington, State of New Jersey, for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated August 19, 2008, between Contracting Systems, Inc. II, Claimant and Circuit City Stores, Inc. of 9950 Mayland Drive, Richmond, Virginia 23233. A copy of the contract is attached hereto as Exhibit Claimant-1, the same of which is incorporated herein by reference thereto;

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is November 10, 2008.

6. The written contract is not a residential construction contract as defined in section of this act.

7. This notification has been filed subsequent to the completion of the work, services, materials or equipment as described above. The purpose of this notification is to advise the Owner, and any other person who is attempting to encumber or take transfer of said property described above that a potential construction lien may be filed within the 90 days period following the date of the provision of the last work, services, materials or equipment as set forth in paragraph 5.

_____

John W. Clarke, President

Contracting Systems, Inc. II

Claimant

BOOK 28 PAGES 319-346

## CLAIMANT'S REPRESENTATION AND VERIFICATION

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to claimant's contract described in the Notice of Unpaid Balance and Right to File Lien.

2. The work, services, material or equipment for this Notice of Unpaid Balance and Right to File Lien is filed was provided exclusively in connection with the improvement of the real property which is the subject of this Notice of Unpaid Balance and Right to File Lien.

3. The Notice of Unpaid Balance and Right to File Lien has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.

4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

Name of Claimant: Contracting Systems, Inc. II

Signed: _____

John W. Clarke, President

Contracting Systems, Inc. II, Claimant

Date: 12-08-08

BOOK 28 PAGES 319-346

Printer Friendly View — Page 1 of 1

Case 08-35653-KRH    Doc 1146-1    Filed 12/19/08    Entered 12/19/08 19:46:39    Desc
Exhibit(s) Parts 2 and 3 of Exhibit C    Page 11 of 15

## Acknowledgment

Commonwealth of Pennsylvania, COUNTY OF Chester, SS:

I CERTIFY that on the 8 day of December, 2008 John W. Clarke, President, Contracting Systems, Inc. II, came in person before me, duly sworn and deposed according to law, and stated to my satisfaction that he:

a/ made the attached instrument, and

b/ was authorized to and did execute this instrument on behalf of and as the act of and the act of the Contracting Systems, Inc. II, the entity named in this instrument;

*[Signature: Christine M. Perrone]*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE M. PERRONE, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires June 27, 2011

Christine M. Perrone

Name of Notary

Stamp and Seal

BOOK 28 PAGES 319-346



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

*********************************************************************************

| | |
|---|---|
| Recorded: | 11/10/2008 03:13:35 PM |
| Book: | OPR   6174   Page: 1996-1998 |
| Instrument No.: | 2008052248 |
| | CONSLIEN   3 PGS   $15.00 |

Recorder:   DELUCIA

*********************************************************************************

# DO NOT DISCARD



*2008052248*

the Construction Lien Law, P.L. 1998, c. 318 (C. 2A:44A-1 et seq.)

1. The Claimant, whose name is A.J. MAGLIO INC

and whose address is    ONE MILLTOWN COURT
                        UNION, NJ 07083

hereby claims a construction lien against the below-stated real property owned by  VORNADO REALTY TRUST
                        1200 Route 22 East, North Plainfield, Nj 07060

in the amount of $ 187,498.56         , for the value of the work, services, material or equipment provided in
accordance with a contract with   SCHIMENTI CONSTRUCTION COMPANY, LLC
                                  118 NORTH BEDFORD ROAD
                                  Mt. KISCO, NY 10549

(the party with whom the Claimant has a contract), for the following work, services, material or equipment:
    Electrical Work Fit-Out of Circuit City Store 4133 US Highway 22 East & West End Avenue
    North Plainfield, NJ 07060

2. The amount due for the work, services, materials or equipment delivery provided by the Claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

Total contract amount:                                              $  310,000.00
Amendments to contract:                                             $   12,498.58
Total contract amount and amendments to contract:                                   $  322,498.58
Less: Agreed-upon credits:                                          $         .00
    Contract amount paid to date:                                   $  135,000.00
    Amendments to contract amount paid to date:                     $         .00
TOTAL REDUCTIONS FROM CONTRACT AMOUNT AND
    AMENDMENTS TO CONTRACT:                                                         $  135,000.00
TOTAL LIEN CLAIM AMOUNT:                                                                        $ 187,498.56

A Notice of Unpaid Balance and Right to File Lien (if any) was previously filed with the County Clerk of
County on                       as No.              in Book             at Page

3. This construction lien is claimed against the interest of (insert name) Vornado Realty Trust

as (check one):    ☒ Owner,    ☐ Lessee,    ☐ Other (describe):
in that certain tract or parcel of land and premises described as Block  52-203.01    , Lot  1         , on the Tax
Map of the                       of  North Plainfield   , County of    Union           State of New Jersey,
for the improvement of which property the aforementioned work, services, materials or equipment was provided.

4. The work, services, materials or equipment was provided pursuant to the terms of a written contract (or, in the case of a supplier, a delivery or order slip signed by the owner, contractor, or subcontractor having a direct contractual relation with a contractor, or an authorized agent of any of them), dated  May 27, 2008        , between this Claimant and (name of other contracting party)
                        Schimenti Construction Company, LLC
                        118 North Bedford Road
whose address is:       Mt. Kisco, NY 10549

5. The date of the provision of the last work, services, material or equipment for which payment is claimed is
    November 6, 2008

## Notice to Owner of Real Property

1. Your real estate may be subject to sale to satisfy the amount asserted by this claim. However, your real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law. The lien claimant is required by law to commence suit to enforce this claim.
2. The claimant filing this lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated, to establish the lien claim:
    a. Within one year of the date of the last provision of work, services, materials or equipment, payment for which the lien claim was filed; or
    b. Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

(For Recorder's Use Only)

claimant; or contractor or subcontractor can cause the lien claim to be discharged by filing a surety bond or making a deposit of funds as provided at section 31 of P.L. 1993, c. 318 (C. 2A:44A-31).

5. If you (or your contractor or subcontractor) choose to pay the claimant under 4a above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

6. If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in section 31 of P.L. 1993, c. 318 (C. 2A:44A-31) you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### Notice to Subcontractor or Contractor:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Date: November 10, 2008        Signed: _____
                                       TAMARA HAMILTON, OFFICE MANAGER
                               For: A.J. MAGLIO INC
                                    Individual, Firm or Corp.

### Claimant's Representation and Verification

Claimant represents and verifies that:

1. The amount claimed herein is due and owing at the date of filing, pursuant to the claimant's contract described in the construction lien claim.
2. The work, services, materials or equipment for which this lien claim is filed was provided exclusively in connection with the improvement of the real property which is the subject of this claim.
3. This claim has been filed within 90 days from the last date upon which the work, services, materials or equipment for which payment is claimed was provided.
4. The foregoing statements made by me are true, to the best of my knowledge. I am aware that if any of the foregoing statements made by me are false, this construction lien claim will be void and that I will be liable for damages to the owner or any other person injured as a consequence of the filing of this lien claim.

                  Name of Claimant: A.J. MAGLIO INC

Date: NOVEMBER 10, 2008        Signed: _____
                                       TAMARA HAMILTON, OFFICE MANAGER

*Type or print name and title below signature*

Note: This form must be signed by the claimant or, in the case of a partnership or corporation, a partner or duly authorized officer thereof.

### Acknowledgments (Complete Applicable One)

STATE OF NEW JERSEY, COUNTY OF   UNION                                SS:
I CERTIFY that on   NOVEMBER 10, 2008

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument; and
(b) executed this instrument as his or her own act.

                                                JENNIFER McELROY
                                                NOTARY PUBLIC OF NEW JERSEY
*Print name and title below signature*          Commission Expires 4/24/2013

STATE OF NEW JERSEY, COUNTY OF _____        SS:
I CERTIFY that on _____

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as
of _____ the entity named in this instrument; and,
(c) executed this instrument as the act of the entity named in this instrument.

RECORD AND RETURN TO:
A.J. MAGLIO INC