Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      : Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  : Case No. 08-35653
et al.,                     :
                            :
              Debtors.      :
                            : Jointly Administered
- - - - - - - - - - - - - - x


**AMENDED NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON
DECEMBER 22, 2008 AT 10:00 A.M. (EASTERN)**[1]

---

[1]     At the hearing held on December 5, 2008, Judge Huennekens directed
that all lease related matters would be heard on December 22, 2008
at 1:00 p.m. (Eastern).  Thus, the Debtors filed a separate agenda
listing all lease related matters for such time, regardless of the
time listed in the notice filed for the matter.

Set forth below are the matters previously
scheduled to be heard before the Honorable Kevin Huennekens,
United States Bankruptcy Judge, in the United States
Bankruptcy Court for the Eastern District of Virginia, U.S.
Courthouse, 701 East Broad Street, Room 5000, Richmond, VA
23219-1888, on December 22, 2008 beginning at 10:00 a.m.
Eastern.

I.    RESOLVED MATTERS

1.    Motion of Debtors for Order Under Bankruptcy Code
      Sections 105(A), 363, and 366, and Bankruptcy Rule 6003
      (I) Approving Debtors' Adequate Assurance of Payment,
      (II) Establishing Procedures for Resolving Requests by
      Utility Companies for Additional Assurance Of Payment,
      (III) Scheduling a Hearing with Respect to Contested
      Adequate Assurance of Payment Requests, and (IV)
      Authorizing Debtors to Pay Claims of a Third Party
      Vendor (Docket No. 8).

      Related
      Documents:

      a.    Order under Bankruptcy Code Sections 105(A),363,
            And 366, and Bankruptcy Rule 6003 (I) Approving
            Debtors' Adequate Assurance of Payment,
            (II) Establishing Procedures for Resolving Requests
            by Utility Companies for Additional Assurance of
            Payment, (III) Scheduling a Hearing with Respect to
            Contested Adequate Assurance of Payment Requests,
            and (IV) Authorizing Debtors to Pay Claims of a
            Third Party Vendor (Docket No. 117)

      b.    Corrected Order under Bankruptcy Code Sections
            105(A),363, And 366, and Bankruptcy Rule 6003 (I)
            Approving Debtors' Adequate Assurance of Payment,
            (II) Establishing Procedures for Resolving Requests
            by Utility Companies for Additional Assurance of
            Payment, (III) Scheduling a Hearing with Respect to
            Contested Adequate Assurance of Payment Requests,
            and (IV) Authorizing Debtors to Pay Claims of a
            Third Party Vendor (Docket No. 832)

      c.    Notice of Filing of Amended Exhibit A to Order
            under Bankruptcy Code Sections 105(A),363, And 366,
            and Bankruptcy Rule 6003 (I) Approving Debtors'
            Adequate Assurance of Payment, (II) Establishing

Procedures for Resolving Requests by Utility
Companies for Additional Assurance of Payment,
(III) Scheduling a Hearing with Respect to
Contested Adequate Assurance of Payment Requests,
and (IV) Authorizing Debtors to Pay Claims of a
Third Party Vendor (Docket No. 848)

Objection
Deadline:          December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Motion by Accent Energy California LLC for
      Additional Adequate Protection Pursuant to
      Bankruptcy Code Section 366 in Lieu of Blocked
      Account (Docket No. 435)

      Status:    No hearing is necessary.  The parties
                 have resolved this matter and Accent
                 Energy California LLC has informed the
                 Debtors that it intends to formally
                 withdraw its motion prior to the hearing.

b.    AT&T's Informal Request for Adequate Assurance

General
Status:          No hearing is necessary.  The parties
                 have resolved this matter.

## II.    CONTINUED/ADJOURNED MATTERS

2.    Motion for Order Under 11 U.S.C. Sections 105, 362 and
      541 and Fed. R. Bankr. P. 3001 and 3002 Establishing
      Notice, Hearing, and Sell-Down Procedures for Trading in
      Equity Securities and Claims Against the Debtors'
      Estates (Docket No. 20).

      Related
      Documents:

      a.    Interim Order Under 11 U.S.C. 105, 362 And 541 And
            Fed. R. Bankr. P. 3001 And 3002 Establishing
            Notice, Hearing, And Sell-Down Procedures For
            Trading In Equity Securities And Claims Against The
            Debtors Estates And Setting Hearing (Docket No.
            135)

Objection
Deadline:         November 22, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Informal response from the Securities Exchange
      Commission

b.    Informal response from the Official Committee of
      Unsecured Creditors

Status:           The Debtors have resolved the SEC's
                  response with modifications to the final
                  order.  The Debtors are working to
                  resolve the Committee's response.  This
                  matter has been adjourned until the
                  January 16, 2009 hearing at 10:00 a.m.


3.   Motion for Relief from Automatic Stay of 11 U.S.C.
     Section 362(a) with Supporting Memorandum of Law and
     Request for Shortened Notice and Expedited Hearing, by
     Reverend Dwayne Funches (Docket No. 487)

     Related
     Documents:

     a.   Amended Motion to Expedite Hearing (Docket No. 566)

     b.   Agreed Order (Docket No. 639)

     Objection
     Deadline:         December 1, 2008 at 4:00 p.m.

     Objections/
     Responses
     Filed:

     a.   Debtors' Response and Objection to Motion for
          Relief from Automatic Stay of 11 U.S.C. Section
          362(a) with Supporting Memorandum of Law and
          Request for Shortened Notice and Expedited Hearing
          (Docket No. 558)

Status:          The parties have agreed to continue this
                 matter until the hearing scheduled for
                 January 29, 2009 at 10:00 a.m.

4.   Debtors' Application for Order Under Bankruptcy Code
     Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
     Rule 2014(a), Authorizing the Employment and Retention
     of DJM Realty Services, LLC as Real Estate Consultant
     and Advisor to the Debtors Effective as of November 19,
     2008 (Docket No. 963)

     Related
     Documents:

     a.   Notice of Motion and Hearing (Docket No. 964)

     Objection
     Deadline:        December 18, 2008 at 4:00 p.m., extended
                      for the Official Committee of Unsecured
                      Creditors until December 20, 2008 at 4:00
                      p.m.

     Objections/
     Responses
     Filed:

     a.               Informal Response from Unsecured
                      Creditors' Committee.

     Status:          This matter is being adjourned.

## III.  UNCONTESTED MATTERS GOING FORWARD

5.   Omnibus Motion for Order Shortening Notice Period of
     Motions to Assume, Assign and Sell Certain Leases and
     Motion to Approve Stipulation with Chase Bank USA, N.A.
     (Docket No. 993)

     Related
     Documents:

     a.   Notice of Motion and Hearing (Docket No. 994)

     Objection
     Deadline:        December 18, 2008 at 4:00 p.m.

     Objections/
     Responses

Filed:              None at the time of filing this agenda.

Status:             This matter is going forward.

6.   Debtors' Motion for Order Approving Stipulation by and
     Among the Debtors and Chase Bank USA, National
     Association Pursuant to Bankruptcy Code Section 105 and
     Bankruptcy Rule 9019 (Docket No. 953)

     Related
     Documents:

     a.   Notice of Motion and Hearing (Docket No. 954)

     Objection
     Deadline:      December 18, 2008 at 4:00 p.m., extended
                    for the Official Committee of Unsecured
                    Creditors until December 19, 2008 at
                    12:00 p.m.

     Objections/
     Responses
     Filed:         None at the time of filing this agenda.

     Status:        If the Court grants the Motion to Shorten
                    (Matter No. 3), this matter is going
                    forward.

7.   Application to Expand the Scope of Employment and
     Retention of Ernst & Young LLP to Include Additional Tax
     Advisory Services, Effective as of November 10, 2008
     (Docket No. 952)

     Related
     Documents:

     a.   Notice of Motion and Hearing (Docket No. 955)

     Objection
     Deadline:      December 18, 2008 at 4:00 p.m.

     Objections/
     Responses
     Filed:         None at the time of filing this agenda.

     Status:        This matter is going forward.

8.   Debtors' Application for Order Under Bankruptcy Code

Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
Rule 2014(a), Authorizing the Employment and Retention
of KPMG LLP as Independent Auditors and Tax Consultants
to the Debtors Effective as of the Petition Date (Docket
No. 956)

Related
Documents:

a.   Notice of Motion and Hearing (Docket No. 957)

Objection
Deadline:        December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

8.

9.   Motion Of The Debtors For Order Pursuant To Bankruptcy
     Code Sections 105(a), 327, 330 And 331 Authorizing
     Debtors To Employ Professionals Utilized In The Ordinary
     Course Of Business (Docket No. 972)

     Related
     Documents:

     a.   Notice of Motion and Hearing (Docket No. 974)

     Objection
     Deadline:        December 18, 2008 at 4:00 p.m.

     Objections/
     Responses
     Filed:           None at the time of filing this agenda.

     Status:          This matter is going forward.

10.  Debtors' First Omnibus Motion for Order Pursuant to
     Bankruptcy Code Sections 105(a) and 365(a) and
     Bankruptcy Rule 6006 Authorizing Rejection of Certain
     Unexpired Leases of Personal Property (Docket No. 992)

     Related
     Documents:

a.   Notice of Motion and Hearing (Docket No. 996)

Objection
Deadline:          December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:             None at the time of filing this agenda.

Status:            This matter is going forward.

**IV.  CONTESTED MATTERS**

11.  Debtors' Motion for Interim and Final Orders Pursuant to
     11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal
     Rules of Bankruptcy Procedure 2002 and 4001 (I)
     Authorizing Debtors (A) to Obtain PostPetition Financing
     and (B) to Utilize Cash Collateral; (II) Granting
     Adequate Protection; and (III) Scheduling Interim and
     Final Hearings (Docket No. 23)

     Related
     Documents:

     a.   Notice of Bankruptcy Filing and Debtors'
          Presentation of Motions and Applications to the
          Court for Consideration (Docket No. 26); Motion to
          Authorize Filing Certain Documents Under Seal
          (Docket No. 27)

     b.   Interim Order Pursuant to 11 U.S.C. §§ 105, 361,
          362, 363 and 364 and Rules 2002, 4001 and 9014 of
          the Federal Rules of Bankruptcy Procedure (I)
          Authorizing Incurrence by the Debtors of
          PostPetition Secured Indebtedness with Priority
          Over all Secured Indebtedness and with
          Administrative Superpriority, (2) Granting Liens,
          (3) Authorizing Use of Cash Collateral by the
          Debtors Pursuant to 11 U.S.C. Section 363 and
          Providing for Adequate Protection, (4) Modifying
          the Automatic Stay and (5) Scheduling a Final
          Hearing (Docket No. 78)

     c.   Notice of Filing of Motion and Entry of Interim
          Order Pursuant to 11 U.S.C. Sections 105, 361, 362,
          363 and 364 and Rules 2002, 4001 and 9014 of the
          Federal Rules of Bankruptcy Procedure: (i)

Authorizing Incurrence by the Debtors of
Postpetition Secured Indebtedness with Priority
Over All Secured Indebtedness and With
Administrative Superpriority, (ii) Authorizing Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C. Section 363 and
Providing For Adequate Protection, (iv) Modifying
the Automatic Stay and (v) Scheduling a Final
Hearing (Docket No. 100)

d.     Notice of Filing of Executed DIP Credit Agreements
       (Docket No. 425)

e.     Corrected Interim Order Pursuant to 11 U.S.C. §§
       105, 361, 362, 363 and 364 and Rules 2002, 4001 and
       9014 of the Federal Rules of Bankruptcy Procedure
       (I) Authorizing Incurrence by the Debtors of
       PostPetition Secured Indebtedness with Priority
       Over all Secured Indebtedness and with
       Administrative Superpriority, (2) Granting Liens,
       (3) Authorizing Use of Cash Collateral by the
       Debtors Pursuant to 11 U.S.C. Section 363 and
       Providing for Adequate Protection, (4) Modifying
       the Automatic Stay and (5) Scheduling a Final
       Hearing (Docket No. 823)

Objection
Deadline:          November 28, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.     Limited Objection of Inland Southwest Management
       LLC, Inland American Retail Management LLC, Inland
       US Management LLC, Inland Pacific Property Services
       LLC, Inland Commercial Property Management, Inc.
       and Inland Continental Property Management Corp. to
       Debtors' Motion for Interim and Final Orders
       Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364
       and Federal Rules of Bankruptcy Procedure 2002 and
       4001 (I) Authorizing Debtors (A) to Obtain
       PostPetition Financing and (B) to Utilize Cash
       Collateral; (II) Granting Adequate Protection; and
       (III) Scheduling Interim and Final Hearings (Docket
       No. 261)

       Status:    The parties have resolved this objection.

b.   Limited Objection to Debtors' Motion for Interim
     and Final Orders Pursuant to 11 U.S.C. §§ 105, 361,
     362, 363 and 364 and Federal Rules of Bankruptcy
     Procedure 2002 and 4001 (I) Authorizing Debtors (A)
     to Obtain PostPetition Financing and (B) to Utilize
     Cash Collateral; (II) Granting Adequate Protection;
     and (III) Scheduling Interim and  Final Hearings
     (Kimco Realty Corp.) (Docket No. 274)

     Status:   The parties have resolved this objection.

c.   Joinder of F.R.O., L.L.C. IX to Inland's Limited
     Objection to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363
     and 364 and Federal Rules of Bankruptcy Procedure
     2002 and 4001 (I) Authorizing Debtors (A) to Obtain
     PostPetition Financing and (B) to Utilize Cash
     Collateral; (II) Granting Adequate Protection; and
     (III) Scheduling Interim and  Final Hearings
     (Docket No. 281)

     Status:   The parties have resolved this objection.

d.   Joinder of 502-12 86th Street LLC to Limited
     Objection to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363
     and 364 and Federal Rules of Bankruptcy Procedure
     2002 and 4001 (I) Authorizing Debtors (A) to Obtain
     PostPetition Financing and (B) to Utilize Cash
     Collateral; (II) Granting Adequate Protection; and
     (III) Scheduling Interim and  Final Hearings
     (Docket No. 316)

     Status:   The parties have resolved this objection

e.   Objection of Texas Ad Valorem Tax Jurisdictions To
     Interim Order And To Entry Of Final Order (1)
     Authorizing Incurrence By Debtors Of Post-Petition
     Secured Indebtedness With Priority Over All Secured
     Indebtedness…"(2) Granting Liens (3) Granting Use
     Of Cash Collateral…" (Docket No. 338)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

f.    Joinder of 502-12 86th Street LLC to Limited
      Objection to Debtors' Motion for Interim and Final
      Orders Pursuant to 11 U.S.C. Sections 105, 361,
      362, 363 and 364 and Federal Rules of Bankruptcy
      Procedures 2002 and 4001(I) Authorizing Debtors (A)
      To Obtain Postpetition Financing and (B) to Utilize
      Cash Collateral; (II) Granting Adequate Protection;
      and (III) Scheduling Interim and Final Hearings
      (Docket No. 364)

      Status:   The parties have resolved this objection.

g.    Limited Objection to Debtors' Motion For Interim
      And Final Orders Pursuant To 11 U.S.C. Sections
      105, 361, 362, 363 And 364 And Federal Rules Of
      Bankruptcy Procedure 2002 And 4001 (I) Authorizing
      Debtors (A) To Obtain Postpetition Financing And
      (B) To Utilize Cash Collateral; (II) Granting
      Adequate Protection; And (III) Scheduling Interim
      And Final Hearings (Docket No. 418)

      Status:   The parties are working to resolve this
                objection.  In the event they are unable
                to reach a resolution, this matter is
                going forward.

h.    Limited Objection by Carousel Center Company, LP,
      Sangertown Square, LLC , EklecCo NewCo, LLC and
      Fingerlakes Crossing, LLC to Entry of Final Order
      Pursuant to 11 U.S.C. Sections 105, 361, 362, 363,
      and 364 and Rules 2002, 4001 and 9014 of the
      Federal Rules of Bankruptcy Procedure (1)
      Authorizing Incurrence by the Debtors of Post-
      Petition Secured Indebtedness with Priority Over
      all Secured Indebtedness and with Administrative
      Superpriority, (2) Granting Liens, (3) Authorizing
      Use of Cash Collateral by the Debtors Pursuant to
      11 U.S.C. Section 363 and Providing For Adequate
      Protection, (4) Modifying the Automatic Stay and
      (5) Scheduling a Final Hearing (Objecting Landlords
      (Docket No. 423)

      Status:   The parties have resolved this objection.

i.    Objection by Arlington ISD, et al. to Motion and
      Entry of Final Order Pursuant to 11 U.S.C. Sections
      105, 361, 362, 363, and 364 and Rules 2002, 4001
      and 9014 of the Federal Rules of Bankruptcy

Procedure (i) Authorizing Incurrence by the Debtors
of Postpetition Secured Indebtedness with Priority
over all Secured Indebtedness and with
Administrative Superpriority, (ii) Granting Liens,
(iii) Authorizing Use of Cash Collateral by the
Debtors Pursuant to 11 U.S.C. Section 363 and
Providing for Adequate Protection, (iv) Modifying
the Automatic Stay (Docket No. 424)

Status:    The parties are working to resolve this
           objection.  In the event they are unable
           to reach a resolution, this matter is
           going forward.

j.    Limited Objection of Navarre Distribution Services,
      Inc. to Debtors' Motion for Interim and Final
      Orders Pursuant to 11 U.S.C. Sections 105, 361,
      362, 363 and 364 and Federal Rules of Bankruptcy
      Procedure 2002 and 4001 (I) Authorizing Debtors (A)
      to Obtain Postpetition Financing and (B) to Utilize
      Cash Collateral; (II) Granting Adequate Protection;
      and (III) Scheduling Interim and Final Hearings
      (Docket No. 430)

      Related
      Document:

      i.    Debtors' Objection to Navarre Distribution
      Services, Inc.'s Motion for Adequate Protection and
      Response to Limited Objection Navarre to Debtors'
      Dip Motion (Docket No. 1126).

      Status:  This matter is going forward.


k.    Limited Objection of Laguna Gateway Phase 2, LP,
      Manteca Stadium Park, L.P., and OTR-Clairemont
      Square to DIP Financing Motion (Docket No. 438)

      Status:    The parties are working to resolve this
                 objection.  In the event they are unable
                 to reach a resolution, this matter is
                 going forward.

l.    Response To Motion Of Debtors For Order Under
      Sections 105(A), 362, 503(B), 507(A), 546(C) And
      546(H) (I) Granting Administrative Expense Status

To Obligations From Postpetition Delivery Of Goods;
(II) Authorizing Payment Of Expenses In The
Ordinary Course Of Business; (III) Authorizing
Debtors To Return Goods; And (IV) Establishing
Procedures For Reclamation Demands (Dkt. No. 14),
Interim Order With Respect Thereto (Dkt. No. 133),
And Related Motions/Orders (E.G. Dkt Nos. 19, 23,
78 And 107) (Docket No. 447)

Status:   The parties have resolved this objection.

m.    Limited Objection of Centro Properties Group,
      Federal Realty Investment Trust, Cencor Realty, The
      Hutensky Group, UBS Realty Investors, LLC The
      Morris Companies Affiliates and Uniwest Commercial
      Realty to Debtors' Motion for Interim and Final
      Orders Pursuant to 11 U.S.C. Sections 105, 361,
      362, 363 and 364 and Federal Rules of Bankruptcy
      Procedure 2002 and 4001 (I) Authorizing Debtors (A)
      to Obtain Postpetition Financing and (B) to Utilize
      Cash Collateral; (II) Granting Adequate Protection;
      and (III) Scheduling Interim and Final Hearings
      (Docket No. 452)

      Status:   The parties are working to resolve this
                objection.  In the event they are unable
                to reach a resolution, this matter is
                going forward.

n.    Limited Objection of Polaris Circuit City, LLC to
      Debtors' Motion for Interim and Final Orders
      Pursuant to 11 U.S.C. Sections 105, 361, 362, 363
      and 364 and Federal Rules of Bankruptcy Procedure
      2002 and 4001 (I) Authorizing Debtors (A) to Obtain
      Postpetition Financing and (B) to Utilize Cash
      Collateral; (II) Granting Adequate Protection; and
      (III) Scheduling Interim and Final Hearings (Docket
      No. 468)

      Status:   The parties have resolved this objection.

o.    Limited Objection of the Macerich Company, RREEF
      Management Company, Cousins Properties
      Incorporated, Watt Management Company, the
      Prudential Insurance Company of America, Portland
      Investment Company, and KNP to Debtors' Motion for
      Interim and Final Orders Pursuant to 11 U.S.C.
      Sections 105, 361, 362, 363 and 364 and Federal

13

Rules of Bankruptcy Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 489)

Status:   The parties have resolved this objection.

p.   Local Texas Tax Authorities' Objection to Interim
and to Entry of  Final Order (1) Authorizing
Incurrence by Debtors of Post-Petition Secured
Indebtedness with Priority over all Secured
Indebtedness... 2) Granting Liens (3) Granting Use
of Cash Collateral...(Docket No. 490)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

q.   Amended Objection of Texas Ad Valorem Tax
Jurisdictions to Interim and to Entry of Final
Order (1) Authorizing Incurrence by Debtors of
Post-Petition Secured Indebtedness with Priority
over all Secured Indebtedness...(2) Granting Liens
(3) Granting Use of Cash Collateral...(Docket No.
498)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

r.   Limited Objection of Directv, Inc. to Entry on a
Final Basis of Interim Order Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and 364 and Rules 2002,
4001 and 9014 of the Federal Rules of Bankruptcy
Procedure (I) Authorizing Incurrence by the Debtors
of Post-Petition Secured Indebtedness with Priority
over all secured indebtedness and with
administrative Superpriority, (2) Granting Liens,
(3) Authorizing the Use of Cash Collateral by the
Debtors' Pursuant to 11 U.S.C. Section 363 and
Providing for Adequate Protection (4) Modifying the
Automatic Stay and (5)Scheduling a Final Hearing
(Docket No. 503)

Status:   The parties have resolved this objection.

14

s.    Joinder of 502-12 86th Street LLC to Limited
      Objection of Polaris Circuit City, LLC to Debtors'
      Motion for Interim and Final Orders Pursuant to 11
      U.S.C. Sections 105, 361, 362, 363 and 364 and
      Federal Rules of Bankruptcy Procedure 2002 and 4001
      (I) Authorizing Debtors (A) to Obtain Postpetition
      Financing and (B) to Utilize Cash Collateral; (II)
      Granting Adequate Protection; and (III) Scheduling
      Interim and Final Hearings (Docket No. 535);

      Status:   The parties have resolved this objection.

t.    Joinder of Basile Limited Liability Company to
      Limited Objections of Inland Southwest Management,
      LLC and Polaris Circuit City, LLC to Debtors'
      Motion for Interim and Final Orders Pursuant to 11
      U.S.C. Sections 105, 361, 362, 363 and 364 and
      Federal Rules of Bankruptcy Procedure 2002 and 4001
      (I) Authorizing Debtors (A) to Obtain Postpetition
      Financing and (B) to Utilize Cash Collateral; (II)
      Granting Adequate Protection; and (III) Scheduling
      Interim and Final Hearings (Docket No. 536)

      Status:   The parties have resolved this objection.

u.    Joinder of Woodlawn Trustees Incorporated to
      Limited Objections of Inland Southwest Management,
      LLC and Polaris Circuit City, LLC to Debtors'
      Motion for Interim and Final Orders Pursuant to 11
      U.S.C. Sections 105, 361, 362, 363 and 364 and
      Federal Rules of Bankruptcy Procedure 2002 and 4001
      (I) Authorizing Debtors (A) to Obtain Postpetition
      Financing and (B) to Utilize Cash Collateral; (II)
      Granting Adequate Protection; and (III) Scheduling
      Interim and Final Hearings (Docket No. 537)

      Status:   The parties have resolved this objection.

v.    Joinder of Eatontown Commons Shopping Center and
      Arboretum of South Barrington Shopping Center to
      Limited Objection of Carousel Center Company, L.P.,
      Sangertown Square, L.L.C., Eklecco Newco, LLC and
      Fingerlakes Crossing LLC to Entry of Final Order
      Pursuant to 11 U.S.C. Sections 105, 361, 363 and
      364 and Rules 2002, 4001 and 9014 of the Federal
      Rules of Bankruptcy Procedure (1) Authorizing
      Incurrence by the Debtors of Post-Petition Secured

Indebtedness With Priority Over All Secured
Indebtedness and With Administrative Superiority,
(2) Granting Liens, (3) Authorizing Use of Cash
Collateral by the Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for Adequate Protection,
(4) Modifying the Automatic Stay and (5) Scheduling
a Final Hearing (Docket No. 542)

Status:   The parties have resolved this objection.

w.   Joinder of Eatontown Commons Shopping Center and
Arboretum of South Barrington Shopping Center to
Limited Objection of Carousel Center Company, L.P.,
Sangertown Square, L.L.C., Eklecco Newco, LLC and
Fingerlakes Crossing LLC to Entry of Final Order
Pursuant to 11 U.S.C. Sections 105, 361, 363 and
364 and Rules 2002, 4001 and 9014 of the Federal
Rules of Bankruptcy Procedure (1) Authorizing
Incurrence by the Debtors of Post-Petition Secured
Indebtedness With Priority Over All Secured
Indebtedness and With Administrative Superiority,
(2) Granting Liens, (3) Authorizing Use of Cash
Collateral by the Debtors Pursuant to 11 U.S.C.
Section 363 and Providing for Adequate Protection,
(4) Modifying the Automatic Stay and (5) Scheduling
a Final Hearing (Docket No. 560)

Status:   The parties have resolved this objection.

x.   Joinder of Certain Landlords to the Limited
Objection of The Macerich Company, RREEF Management
Company, Cousins Properties Incorporated, Watt
Management Company, The Prudential Insurance
Company of America, Portland Investment Company and
KNP to the Debtors' Motion for Interim and Final
Orders Pursuant to 11 U.S.C. § 105, 361, 362, 363
and 364 And Federal Rules of Bankruptcy Procedure
2002 and 4001 (I) Authorizing Debtors to Obtain
Postpetition Financing and (B) To Utilize Cash
Collateral; (II) Granting Adequate Protection; and
(III) Scheduling Interim and Final Hearings [Docket
No. 489] (Docket No. 661)

Status:   The parties have resolved this objection.

y.   Joinder of AmCap NorthPoint LLC and AmCap Arborland
LLC to Limited Objection of Carousel Center
Company, L.P., Sangertown Square, L.L.C., EklecCo

16

Newco, LLC and Fingerlakes Crossing, LLC to Entry
of Final Order Pursuant to 11 U.S.C. Sections 105,
361, 363, and 364 and Rules 2002, 4001 and 9014 of
the Federal Rules of Bankruptcy Procedure (1)
Authorizing Incurrence by the Debtors of post-
Petition Secured Indebtedness with Priority Over
all Secured Indebtedness and with Administrative
Superpriority, (2) Granting Liens, (3) Authorizing
Use of Cash Collateral by the Debtors Pursuant to
11 U.S.C. Section 363 and Providing for Adequate
Protection, (4) Modifying the Automatic Stay and
(5) Scheduling a Final Hearing (Docket No. 671).

Status:   The parties have resolved this objection.

z.     Joinder of Faber Bros., Inc. to Limited Objections
of Inland Southwest Management, LLC and Polaris
Circuit City, LLC to Debtors' Motion for Interim
and Final Orders Pursuant to 11 U.S.C. §§ 105, 361,
362, 363 and 364 and Federal Rules of Bankruptcy
Procedure 2002 and 4001 (I) Authorizing Debtors (A)
to Obtain Postpetition Financing and (B) to Utilize
Cash Collateral; (II) Granting Adequate Protection;
and (III) Scheduling Interim and Final Hearings
(Docket No. 736)

Status:   The parties have resolved this objection.

aa.    Informal Objection of Official Committee of
Unsecured Creditors

Status:   The parties have resolved this objection.

General
Status:        This matter is going forward on a final
basis.  The Debtors will present a
proposed final order to the Court at the
hearing.

12.    Supplemental Motion of the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(a), 506(a), 507(a)(8), 541,
and 1129 Authorizing the Debtors to Pay Prepetition
Sales, Use, Trust Fund and Other Taxes and Related
Obligations (Docket No. 407)

Related
Documents:

a.    Motion of the Debtors for Order Pursuant to
      Bankruptcy Code Sections 105(A), 506(A), 507(A)(8),
      541, and 1129 and Bankruptcy Rule 6003 Authorizing
      the Debtors to Pay Prepetition Sales, Use, Trust
      Fund and Other Taxes and Related Obligations
      (Docket No. 7)

b.    Order Pursuant to Bankruptcy Code Sections 105(A),
      506(A), 507(A)(8), 541, and 1129 and Bankruptcy
      Rule 6003 Authorizing the Debtors to Pay
      Prepetition Sales, Use, Trust Fund and Other Taxes
      and Related Obligations (Docket No. 110)

c.    Notice of Motion and Notice of Hearing (Docket No.
      408)

d.    Supplemental Order Granting Pursuant to Bankruptcy
      Code Sections 105 (a), 506 (a). 507 (a)(8), 541,
      and 1129 Authorizing the Debtors to Pay Prepetition
      Sales, Use, Trust Fund and Other Taxes and Related
      Obligations (Docket No. 1086)

Objection
Deadline:        December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Limited Objection of the Official Committee of
      Creditors Holding Unsecured Claims to Certain First
      Day Order (Court Docket Numbers 80, 82, 110, 112,
      129, 132) (Docket No. 455)

b.    Objection of the Official Committee of Unsecured
      Creditors Holding Unsecured Claims to the
      Supplemental Motion of Debtors for Order Pursuant
      to Bankruptcy Code Sections 105(A), 506(A),
      507(A)(8), 541, and 1129 Authorizing the Debtors to
      Pay Prepetition Sales, Use, Trust Fund and Other
      Taxes and Related Obligations (Docket No. 620)

Status:          The Debtors and the Official Committee of
                 Unsecured Creditors are working to
                 resolve this matter.  In the event they
                 are unable to reach a resolution, this
                 matter is going forward solely with

respect to the Debtors request to pay
taxes to certain jurisdictions.

13.   Motion of the Official Committee of Unsecured Creditors
for an Order Clarifying Requirement to Provide Access to
Confidential or Privileged Information (Docket No. 568)

Related
Documents:

a.    Notice of (A) Motion of the Official Committee of
Unsecured Creditors for an Order Clarifying
Requirement to Provide Access to Confidential or
Privileged Information and (B) Hearing Thereon
(Docket No. 570)

Objection
Deadline:        December 17, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Informal Response of the Debtors

b.    Objection of the United States of America to Motion
of the Official Committee of Unsecured Creditors
for an Order Clarifying Requirement to Provide
Access to Confidential or Privileged Information
(Docket No. 1110)

Status:          The informal response has been resolved.
This matter is going forward.

14.   Motion for Relief from Automatic Stay, by US Signs,
Inc., and Notice of Motion (Docket No. 814)

Related
Documents:       None

Objection
Deadline:        December 18, 2008 at 4:00 p.m., extended
for the Debtors until December 19, 2008

Objections/
Responses
Filed:

      a.    Objection by the Debtors to US Signs, Inc.'s Motion for Relief from Automatic Stay (Docket No. 1127).

      Status:      This matter is going forward.

15.   Navarre Distribution Services, Inc.'s Motion for an Order Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 (Docket No. 958)

      Related
Documents:

      a.   Notice of Motion and Hearing (Docket No. 959)

      Objection
Deadline:      December 18, 2008 at 4:00 p.m., extended for the Debtors until December 19, 2008 at 1:00 p.m.

      Objections/
Responses
Filed:

      a.   Objection by the Debtors to Navarre Distribution Services, Inc.'s Motion for Adequate Protection and Response to Limited Objection of Navarre to Debtors' DIP Motion (Docket No. 1126).

      Status:      This matter is going forward.

16.   Debtors' First Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing Rejection of Certain Executory Contracts (Docket No. 995)

      Related
Documents:

      a.   Notice of Motion and Hearing (Docket No. 997)

      Objection
Deadline:      December 18, 2008 at 4:00 p.m.

      Objections/
Responses
Filed:

a.    Objection of Jeffrey R. Leopold To The Debtors'
      Motion To Reject His Severance Agreement And
      Release Of Claims (Docket No. 1093)

b.    Objection of James H. Wimmer, Jr. to the Debtors'
      Motion to Reject His Employment Agreement and
      Enforcement of Employment Agreement Letter (Docket
      No. 1099)

Status:          This matter is going forward except with
                 respect to Patrick S. Longgood, which is
                 being adjourned to the January 16, 2009
                 Omnibus Hearing date.  Mr. Longgood's
                 response has been extended to December
                 29, 2008.

```
Dated: December 21, 2008    SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                    - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            333 West Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                    - and -

                            MCGUIREWOODS LLP


                            /s/ Douglas M. Foley            .
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession
```

\6876609.3