Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

                - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653
et al.,                      :
                             :
                Debtors.     :
                             : Jointly Administered
- - - - - - - - - - - - - - x


**AMENDED NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON
DECEMBER 22, 2008 AT 10:00 A.M. (EASTERN)**[1]

---

[1]     At the hearing held on December 5, 2008, Judge Huennekens directed
that all lease related matters would be heard on December 22, 2008
at 1:00 p.m. (Eastern).  Thus, the Debtors filed a separate agenda
listing all lease related matters for such time, regardless of the
time listed in the notice filed for the matter.

Set forth below are the matters previously scheduled to be heard before the Honorable Kevin Huennekens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, U.S. Courthouse, 701 East Broad Street, Room 5000, Richmond, VA 23219-1888, on December 22, 2008 beginning at 10:00 a.m. Eastern.

**I.    RESOLVED MATTERS**

1.    Motion of Debtors for Order Under Bankruptcy Code Sections 105(A), 363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance Of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 8).

Related
Documents:

a.    Order under Bankruptcy Code Sections 105(A),363, And 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 117)

b.    Corrected Order under Bankruptcy Code Sections 105(A),363, And 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Third Party Vendor (Docket No. 832)

c.    Notice of Filing of Amended Exhibit A to Order under Bankruptcy Code Sections 105(A),363, And 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing

2

Procedures for Resolving Requests by Utility
Companies for Additional Assurance of Payment,
(III) Scheduling a Hearing with Respect to
Contested Adequate Assurance of Payment Requests,
and (IV) Authorizing Debtors to Pay Claims of a
Third Party Vendor (Docket No. 848)

Objection
Deadline:         December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Motion by Accent Energy California LLC for
      Additional Adequate Protection Pursuant to
      Bankruptcy Code Section 366 in Lieu of Blocked
      Account (Docket No. 435)

      Status:   No hearing is necessary.  The parties
                have resolved this matter and Accent
                Energy California LLC has informed the
                Debtors that it intends to formally
                withdraw its motion prior to the hearing.

b.    AT&T's Informal Request for Adequate Assurance

General
Status:         No hearing is necessary.  The parties
                have resolved this matter.

## II.   CONTINUED/ADJOURNED MATTERS

2.    Motion for Order Under 11 U.S.C. Sections 105, 362 and
      541 and Fed. R. Bankr. P. 3001 and 3002 Establishing
      Notice, Hearing, and Sell-Down Procedures for Trading in
      Equity Securities and Claims Against the Debtors'
      Estates (Docket No. 20).

      Related
      Documents:

      a.    Interim Order Under 11 U.S.C. 105, 362 And 541 And
            Fed. R. Bankr. P. 3001 And 3002 Establishing
            Notice, Hearing, And Sell-Down Procedures For
            Trading In Equity Securities And Claims Against The
            Debtors Estates And Setting Hearing (Docket No.
            135)

3

```
Objection
Deadline:       November 22, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Informal response from the Securities Exchange
      Commission

b.    Informal response from the Official Committee of
      Unsecured Creditors

Status:         The Debtors have resolved the SEC's
                response with modifications to the final
                order.  The Debtors are working to
                resolve the Committee's response.  This
                matter has been adjourned until the
                January 16, 2009 hearing at 10:00 a.m.
```

3.    Motion for Relief from Automatic Stay of 11 U.S.C.
      Section 362(a) with Supporting Memorandum of Law and
      Request for Shortened Notice and Expedited Hearing, by
      Reverend Dwayne Funches (Docket No. 487)

```
Related
Documents:

a.    Amended Motion to Expedite Hearing (Docket No. 566)

b.    Agreed Order (Docket No. 639)

Objection
Deadline:       December 1, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.    Debtors' Response and Objection to Motion for
      Relief from Automatic Stay of 11 U.S.C. Section
      362(a) with Supporting Memorandum of Law and
      Request for Shortened Notice and Expedited Hearing
      (Docket No. 558)
```

4

Status:        The parties have agreed to continue this
               matter until the hearing scheduled for
               January 29, 2009 at 10:00 a.m.

4.   Debtors' Application for Order Under Bankruptcy Code
     Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
     Rule 2014(a), Authorizing the Employment and Retention
     of DJM Realty Services, LLC as Real Estate Consultant
     and Advisor to the Debtors Effective as of November 19,
     2008 (Docket No. 963)

     Related
     Documents:

     a.    Notice of Motion and Hearing (Docket No. 964)

     Objection
     Deadline:      December 18, 2008 at 4:00 p.m., extended
                    for the Official Committee of Unsecured
                    Creditors until December 20, 2008 at 4:00
                    p.m.

     Objections/
     Responses
     Filed:

     a.             Informal Response from Unsecured
                    Creditors' Committee.

     Status:        This matter is being adjourned.

## III.  UNCONTESTED MATTERS GOING FORWARD

5.   Omnibus Motion for Order Shortening Notice Period of
     Motions to Assume, Assign and Sell Certain Leases and
     Motion to Approve Stipulation with Chase Bank USA, N.A.
     (Docket No. 993)

     Related
     Documents:

     a.    Notice of Motion and Hearing (Docket No. 994)

     Objection
     Deadline:      December 18, 2008 at 4:00 p.m.

     Objections/
     Responses

Filed:            None at the time of filing this agenda.

Status:           This matter is going forward.

6.    Debtors' Motion for Order Approving Stipulation by and
      Among the Debtors and Chase Bank USA, National
      Association Pursuant to Bankruptcy Code Section 105 and
      Bankruptcy Rule 9019 (Docket No. 953)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 954)

      Objection
      Deadline:    December 18, 2008 at 4:00 p.m., extended
                   for the Official Committee of Unsecured
                   Creditors until December 19, 2008 at
                   12:00 p.m.

      Objections/
      Responses
      Filed:       None at the time of filing this agenda.

      Status:      If the Court grants the Motion to Shorten
                   (Matter No. 3), this matter is going
                   forward.

7.    Application to Expand the Scope of Employment and
      Retention of Ernst & Young LLP to Include Additional Tax
      Advisory Services, Effective as of November 10, 2008
      (Docket No. 952)

      Related
      Documents:

      a.   Notice of Motion and Hearing (Docket No. 955)

      Objection
      Deadline:    December 18, 2008 at 4:00 p.m.

      Objections/
      Responses
      Filed:       None at the time of filing this agenda.

      Status:      This matter is going forward.

8.    Debtors' Application for Order Under Bankruptcy Code

Sections 105(a), 327(a), 328 and 1107 and Bankruptcy
Rule 2014(a), Authorizing the Employment and Retention
of KPMG LLP as Independent Auditors and Tax Consultants
to the Debtors Effective as of the Petition Date (Docket
No. 956)

Related
Documents:

a.   Notice of Motion and Hearing (Docket No. 957)

Objection
Deadline:        December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

8.

9.   Motion Of The Debtors For Order Pursuant To Bankruptcy
Code Sections 105(a), 327, 330 And 331 Authorizing
Debtors To Employ Professionals Utilized In The Ordinary
Course Of Business (Docket No. 972)

Related
Documents:

a.   Notice of Motion and Hearing (Docket No. 974)

Objection
Deadline:        December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:           None at the time of filing this agenda.

Status:          This matter is going forward.

10.  Debtors' First Omnibus Motion for Order Pursuant to
Bankruptcy Code Sections 105(a) and 365(a) and
Bankruptcy Rule 6006 Authorizing Rejection of Certain
Unexpired Leases of Personal Property (Docket No. 992)

Related
Documents:

a.    Notice of Motion and Hearing (Docket No. 996)

Objection
Deadline:           December 18, 2008 at 4:00 p.m.

Objections/
Responses
Filed:              None at the time of filing this agenda.

Status:             This matter is going forward.

**IV.   CONTESTED MATTERS**

11.  Motion To File Certain Documents Under Seal (Docket No.
     1166).

     Status:           This matter is going forward.

12.  Debtors' Motion for Interim and Final Orders Pursuant to
     11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal
     Rules of Bankruptcy Procedure 2002 and 4001 (I)
     Authorizing Debtors (A) to Obtain PostPetition Financing
     and (B) to Utilize Cash Collateral; (II) Granting
     Adequate Protection; and (III) Scheduling Interim and
     Final Hearings (Docket No. 23)

     Related
     Documents:

     a.    Notice of Bankruptcy Filing and Debtors'
           Presentation of Motions and Applications to the
           Court for Consideration (Docket No. 26); Motion to
           Authorize Filing Certain Documents Under Seal
           (Docket No. 27)

     b.    Interim Order Pursuant to 11 U.S.C. §§ 105, 361,
           362, 363 and 364 and Rules 2002, 4001 and 9014 of
           the Federal Rules of Bankruptcy Procedure (I)
           Authorizing Incurrence by the Debtors of
           PostPetition Secured Indebtedness with Priority
           Over all Secured Indebtedness and with
           Administrative Superpriority, (2) Granting Liens,
           (3) Authorizing Use of Cash Collateral by the
           Debtors Pursuant to 11 U.S.C. Section 363 and
           Providing for Adequate Protection, (4) Modifying
           the Automatic Stay and (5) Scheduling a Final
           Hearing (Docket No. 78)

c.    Notice of Filing of Motion and Entry of Interim
      Order Pursuant to 11 U.S.C. Sections 105, 361, 362,
      363 and 364 and Rules 2002, 4001 and 9014 of the
      Federal Rules of Bankruptcy Procedure: (i)
      Authorizing Incurrence by the Debtors of
      Postpetition Secured Indebtedness with Priority
      Over All Secured Indebtedness and With
      Administrative Superpriority, (ii) Granting Liens,
      (iii) Authorizing Use of Cash Collateral by the
      Debtors Pursuant to 11 U.S.C. Section 363 and
      Providing For Adequate Protection, (iv) Modifying
      the Automatic Stay and (v) Scheduling a Final
      Hearing (Docket No. 100)

d.    Notice of Filing of Executed DIP Credit Agreements
      (Docket No. 425)

e.    Corrected Interim Order Pursuant to 11 U.S.C. §§
      105, 361, 362, 363 and 364 and Rules 2002, 4001 and
      9014 of the Federal Rules of Bankruptcy Procedure
      (I) Authorizing Incurrence by the Debtors of
      PostPetition Secured Indebtedness with Priority
      Over all Secured Indebtedness and with
      Administrative Superpriority, (2) Granting Liens,
      (3) Authorizing Use of Cash Collateral by the
      Debtors Pursuant to 11 U.S.C. Section 363 and
      Providing for Adequate Protection, (4) Modifying
      the Automatic Stay and (5) Scheduling a Final
      Hearing (Docket No. 823)

f.    Notice of Filing of Second Amendment to Senior
      Secured, Super-Priority, Debtor-in-Possession
      Credit Agreement (Docket 1165).

g.    Notice of Filing Proposed Final Order Pursuant to
      11 U.S.C. Sections 105, 361, 362, 363 and 364 and
      Rules 2002, 4001 and 9014 of the Federal Rules of
      Bankruptcy Procedure (1) Authorizing Incurrence by
      the Debtors of Post-petition Secured Indebtedness
      with Priority Over All Secured Indebtedness and
      with Administrative Superpriority, (2) Granting
      Liens, (3) Authorizing Use of Cash Collateral by
      the Debtors Pursuant to 11 U.S.C. Section 363 and
      Providing for Adequate Protection and (4) Modifying
      the Automatic Stay (Docket No. 1153)

Objection

Deadline:        November 28, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.   Limited Objection of Inland Southwest Management
     LLC, Inland American Retail Management LLC, Inland
     US Management LLC, Inland Pacific Property Services
     LLC, Inland Commercial Property Management, Inc.
     and Inland Continental Property Management Corp. to
     Debtors' Motion for Interim and Final Orders
     Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364
     and Federal Rules of Bankruptcy Procedure 2002 and
     4001 (I) Authorizing Debtors (A) to Obtain
     PostPetition Financing and (B) to Utilize Cash
     Collateral; (II) Granting Adequate Protection; and
     (III) Scheduling Interim and Final Hearings (Docket
     No. 261)

     Status:    The parties have resolved this objection.

b.   Limited Objection to Debtors' Motion for Interim
     and Final Orders Pursuant to 11 U.S.C. §§ 105, 361,
     362, 363 and 364 and Federal Rules of Bankruptcy
     Procedure 2002 and 4001 (I) Authorizing Debtors (A)
     to Obtain PostPetition Financing and (B) to Utilize
     Cash Collateral; (II) Granting Adequate Protection;
     and (III) Scheduling Interim and  Final Hearings
     (Kimco Realty Corp.) (Docket No. 274)

     Status:    The parties have resolved this objection.

c.   Joinder of F.R.O., L.L.C. IX to Inland's Limited
     Objection to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363
     and 364 and Federal Rules of Bankruptcy Procedure
     2002 and 4001 (I) Authorizing Debtors (A) to Obtain
     PostPetition Financing and (B) to Utilize Cash
     Collateral; (II) Granting Adequate Protection; and
     (III) Scheduling Interim and  Final Hearings
     (Docket No. 281)

     Status:    The parties have resolved this objection.

d.   Joinder of 502-12 86th Street LLC to Limited
     Objection to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363

and 364 and Federal Rules of Bankruptcy Procedure
2002 and 4001 (I) Authorizing Debtors (A) to Obtain
PostPetition Financing and (B) to Utilize Cash
Collateral; (II) Granting Adequate Protection; and
(III) Scheduling Interim and  Final Hearings
(Docket No. 316)

Status:   The parties have resolved this objection

e.    Objection of Texas Ad Valorem Tax Jurisdictions To
Interim Order And To Entry Of Final Order (1)
Authorizing Incurrence By Debtors Of Post-Petition
Secured Indebtedness With Priority Over All Secured
Indebtedness…"(2) Granting Liens (3) Granting Use
Of Cash Collateral…" (Docket No. 338)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

f.    Joinder of 502-12 86th Street LLC to Limited
Objection to Debtors' Motion for Interim and Final
Orders Pursuant to 11 U.S.C. Sections 105, 361,
362, 363 and 364 and Federal Rules of Bankruptcy
Procedures 2002 and 4001(I) Authorizing Debtors (A)
To Obtain Postpetition Financing and (B) to Utilize
Cash Collateral; (II) Granting Adequate Protection;
and (III) Scheduling Interim and Final Hearings
(Docket No. 364)

Status:    The parties have resolved this objection.

g.    Limited Objection to Debtors' Motion For Interim
And Final Orders Pursuant To 11 U.S.C. Sections
105, 361, 362, 363 And 364 And Federal Rules Of
Bankruptcy Procedure 2002 And 4001 (I) Authorizing
Debtors (A) To Obtain Postpetition Financing And
(B) To Utilize Cash Collateral; (II) Granting
Adequate Protection; And (III) Scheduling Interim
And Final Hearings (Docket No. 418)

Status:   The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

h.   Limited Objection by Carousel Center Company, LP,
     Sangertown Square, LLC , EklecCo NewCo, LLC and
     Fingerlakes Crossing, LLC to Entry of Final Order
     Pursuant to 11 U.S.C. Sections 105, 361, 362, 363,
     and 364 and Rules 2002, 4001 and 9014 of the
     Federal Rules of Bankruptcy Procedure (1)
     Authorizing Incurrence by the Debtors of Post-
     Petition Secured Indebtedness with Priority Over
     all Secured Indebtedness and with Administrative
     Superpriority, (2) Granting Liens, (3) Authorizing
     Use of Cash Collateral by the Debtors Pursuant to
     11 U.S.C. Section 363 and Providing For Adequate
     Protection, (4) Modifying the Automatic Stay and
     (5) Scheduling a Final Hearing (Objecting Landlords
     (Docket No. 423)

     Status:   The parties have resolved this objection.

i.   Objection by Arlington ISD, et al. to Motion and
     Entry of Final Order Pursuant to 11 U.S.C. Sections
     105, 361, 362, 363, and 364 and Rules 2002, 4001
     and 9014 of the Federal Rules of Bankruptcy
     Procedure (i) Authorizing Incurrence by the Debtors
     of Postpetition Secured Indebtedness with Priority
     over all Secured Indebtedness and with
     Administrative Superpriority, (ii) Granting Liens,
     (iii) Authorizing Use of Cash Collateral by the
     Debtors Pursuant to 11 U.S.C. Section 363 and
     Providing for Adequate Protection, (iv) Modifying
     the Automatic Stay (Docket No. 424)

     Status:   The parties are working to resolve this
               objection.  In the event they are unable
               to reach a resolution, this matter is
               going forward.

j.   Limited Objection of Navarre Distribution Services,
     Inc. to Debtors' Motion for Interim and Final
     Orders Pursuant to 11 U.S.C. Sections 105, 361,
     362, 363 and 364 and Federal Rules of Bankruptcy
     Procedure 2002 and 4001 (I) Authorizing Debtors (A)
     to Obtain Postpetition Financing and (B) to Utilize
     Cash Collateral; (II) Granting Adequate Protection;
     and (III) Scheduling Interim and Final Hearings
     (Docket No. 430)

     Related

Document:

i.    Debtors' Objection to Navarre Distribution Services, Inc.'s Motion for Adequate Protection and Response to Limited Objection Navarre to Debtors' Dip Motion (Docket No. 1126).

Status:  This matter is going forward.

k.    Limited Objection of Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., and OTR-Clairemont Square to DIP Financing Motion (Docket No. 438)

Status:    The parties are working to resolve this objection.  In the event they are unable to reach a resolution, this matter is going forward.

l.    Response To Motion Of Debtors For Order Under Sections 105(A), 362, 503(B), 507(A), 546(C) And 546(H) (I) Granting Administrative Expense Status To Obligations From Postpetition Delivery Of Goods; (II) Authorizing Payment Of Expenses In The Ordinary Course Of Business; (III) Authorizing Debtors To Return Goods; And (IV) Establishing Procedures For Reclamation Demands (Dkt. No. 14), Interim Order With Respect Thereto (Dkt. No. 133), And Related Motions/Orders (E.G. Dkt Nos. 19, 23, 78 And 107) (Docket No. 447)

Status:    The parties have resolved this objection.

m.    Limited Objection of Centro Properties Group, Federal Realty Investment Trust, Cencor Realty, The Hutensky Group, UBS Realty Investors, LLC The Morris Companies Affiliates and Uniwest Commercial Realty to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings (Docket No. 452)

Status:    The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

n.    Limited Objection of Polaris Circuit City, LLC to
Debtors' Motion for Interim and Final Orders
Pursuant to 11 U.S.C. Sections 105, 361, 362, 363
and 364 and Federal Rules of Bankruptcy Procedure
2002 and 4001 (I) Authorizing Debtors (A) to Obtain
Postpetition Financing and (B) to Utilize Cash
Collateral; (II) Granting Adequate Protection; and
(III) Scheduling Interim and Final Hearings (Docket
No. 468)

Status:    The parties have resolved this objection.

o.    Limited Objection of the Macerich Company, RREEF
Management Company, Cousins Properties
Incorporated, Watt Management Company, the
Prudential Insurance Company of America, Portland
Investment Company, and KNP to Debtors' Motion for
Interim and Final Orders Pursuant to 11 U.S.C.
Sections 105, 361, 362, 363 and 364 and Federal
Rules of Bankruptcy Procedure 2002 and 4001 (I)
Authorizing Debtors (A) to Obtain Postpetition
Financing and (B) to Utilize Cash Collateral; (II)
Granting Adequate Protection; and (III) Scheduling
Interim and Final Hearings (Docket No. 489)

Status:    The parties have resolved this objection.

p.    Local Texas Tax Authorities' Objection to Interim
and to Entry of  Final Order (1) Authorizing
Incurrence by Debtors of Post-Petition Secured
Indebtedness with Priority over all Secured
Indebtedness... 2) Granting Liens (3) Granting Use
of Cash Collateral...(Docket No. 490)

Status:    The parties are working to resolve this
objection.  In the event they are unable
to reach a resolution, this matter is
going forward.

q.    Amended Objection of Texas Ad Valorem Tax
Jurisdictions to Interim and to Entry of Final
Order (1) Authorizing Incurrence by Debtors of
Post-Petition Secured Indebtedness with Priority

14

over all Secured Indebtedness...(2) Granting Liens
(3) Granting Use of Cash Collateral...(Docket No.
498)

Status:   The parties are working to resolve this
          objection.  In the event they are unable
          to reach a resolution, this matter is
          going forward.

r.   Limited Objection of Directv, Inc. to Entry on a
     Final Basis of Interim Order Pursuant to 11 U.S.C.
     Sections 105, 361, 362, 363 and 364 and Rules 2002,
     4001 and 9014 of the Federal Rules of Bankruptcy
     Procedure (I) Authorizing Incurrence by the Debtors
     of Post-Petition Secured Indebtedness with Priority
     over all secured indebtedness and with
     administrative Superpriority, (2) Granting Liens,
     (3) Authorizing the Use of Cash Collateral by the
     Debtors' Pursuant to 11 U.S.C. Section 363 and
     Providing for Adequate Protection (4) Modifying the
     Automatic Stay and (5)Scheduling a Final Hearing
     (Docket No. 503)

     Status:   The parties have resolved this objection.

s.   Joinder of 502-12 86th Street LLC to Limited
     Objection of Polaris Circuit City, LLC to Debtors'
     Motion for Interim and Final Orders Pursuant to 11
     U.S.C. Sections 105, 361, 362, 363 and 364 and
     Federal Rules of Bankruptcy Procedure 2002 and 4001
     (I) Authorizing Debtors (A) to Obtain Postpetition
     Financing and (B) to Utilize Cash Collateral; (II)
     Granting Adequate Protection; and (III) Scheduling
     Interim and Final Hearings (Docket No. 535);

     Status:   The parties have resolved this objection.

t.   Joinder of Basile Limited Liability Company to
     Limited Objections of Inland Southwest Management,
     LLC and Polaris Circuit City, LLC to Debtors'
     Motion for Interim and Final Orders Pursuant to 11
     U.S.C. Sections 105, 361, 362, 363 and 364 and
     Federal Rules of Bankruptcy Procedure 2002 and 4001
     (I) Authorizing Debtors (A) to Obtain Postpetition
     Financing and (B) to Utilize Cash Collateral; (II)
     Granting Adequate Protection; and (III) Scheduling
     Interim and Final Hearings (Docket No. 536)

Status:   The parties have resolved this objection.

u.   Joinder of Woodlawn Trustees Incorporated to
     Limited Objections of Inland Southwest Management,
     LLC and Polaris Circuit City, LLC to Debtors'
     Motion for Interim and Final Orders Pursuant to 11
     U.S.C. Sections 105, 361, 362, 363 and 364 and
     Federal Rules of Bankruptcy Procedure 2002 and 4001
     (I) Authorizing Debtors (A) to Obtain Postpetition
     Financing and (B) to Utilize Cash Collateral; (II)
     Granting Adequate Protection; and (III) Scheduling
     Interim and Final Hearings (Docket No. 537)

     Status:   The parties have resolved this objection.

v.   Joinder of Eatontown Commons Shopping Center and
     Arboretum of South Barrington Shopping Center to
     Limited Objection of Carousel Center Company, L.P.,
     Sangertown Square, L.L.C., Eklecco Newco, LLC and
     Fingerlakes Crossing LLC to Entry of Final Order
     Pursuant to 11 U.S.C. Sections 105, 361, 363 and
     364 and Rules 2002, 4001 and 9014 of the Federal
     Rules of Bankruptcy Procedure (1) Authorizing
     Incurrence by the Debtors of Post-Petition Secured
     Indebtedness With Priority Over All Secured
     Indebtedness and With Administrative Superiority,
     (2) Granting Liens, (3) Authorizing Use of Cash
     Collateral by the Debtors Pursuant to 11 U.S.C.
     Section 363 and Providing for Adequate Protection,
     (4) Modifying the Automatic Stay and (5) Scheduling
     a Final Hearing (Docket No. 542)

     Status:   The parties have resolved this objection.

w.   Joinder of Eatontown Commons Shopping Center and
     Arboretum of South Barrington Shopping Center to
     Limited Objection of Carousel Center Company, L.P.,
     Sangertown Square, L.L.C., Eklecco Newco, LLC and
     Fingerlakes Crossing LLC to Entry of Final Order
     Pursuant to 11 U.S.C. Sections 105, 361, 363 and
     364 and Rules 2002, 4001 and 9014 of the Federal
     Rules of Bankruptcy Procedure (1) Authorizing
     Incurrence by the Debtors of Post-Petition Secured
     Indebtedness With Priority Over All Secured
     Indebtedness and With Administrative Superiority,
     (2) Granting Liens, (3) Authorizing Use of Cash
     Collateral by the Debtors Pursuant to 11 U.S.C.
     Section 363 and Providing for Adequate Protection,

(4) Modifying the Automatic Stay and (5) Scheduling a Final Hearing (Docket No. 560)

Status:   The parties have resolved this objection.

x.    Joinder of Certain Landlords to the Limited Objection of The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company and KNP to the Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. § 105, 361, 362, 363 and 364 And Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors to Obtain Postpetition Financing and (B) To Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings [Docket No. 489] (Docket No. 661)

Status:   The parties have resolved this objection.

y.    Joinder of AmCap NorthPoint LLC and AmCap Arborland LLC to Limited Objection of Carousel Center Company, L.P., Sangertown Square, L.L.C., EklecCo Newco, LLC and Fingerlakes Crossing, LLC to Entry of Final Order Pursuant to 11 U.S.C. Sections 105, 361, 363, and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of post-Petition Secured Indebtedness with Priority Over all Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, (4) Modifying the Automatic Stay and (5) Scheduling a Final Hearing (Docket No. 671).

Status:   The parties have resolved this objection.

z.    Joinder of Faber Bros., Inc. to Limited Objections of Inland Southwest Management, LLC and Polaris Circuit City, LLC to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection;

17

and (III) Scheduling Interim and Final Hearings
(Docket No. 736)

Status:    The parties have resolved this objection.

aa.   Informal Objection of Official Committee of
Unsecured Creditors

Status:    The parties have resolved this objection.

General
Status:        This matter is going forward on a final
basis.  The Debtors will present a
proposed final order to the Court at the
hearing.

13.   Supplemental Motion of the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(a), 506(a), 507(a)(8), 541,
and 1129 Authorizing the Debtors to Pay Prepetition
Sales, Use, Trust Fund and Other Taxes and Related
Obligations (Docket No. 407)

Related
Documents:

a.    Motion of the Debtors for Order Pursuant to
Bankruptcy Code Sections 105(A), 506(A), 507(A)(8),
541, and 1129 and Bankruptcy Rule 6003 Authorizing
the Debtors to Pay Prepetition Sales, Use, Trust
Fund and Other Taxes and Related Obligations
(Docket No. 7)

b.    Order Pursuant to Bankruptcy Code Sections 105(A),
506(A), 507(A)(8), 541, and 1129 and Bankruptcy
Rule 6003 Authorizing the Debtors to Pay
Prepetition Sales, Use, Trust Fund and Other Taxes
and Related Obligations (Docket No. 110)

c.    Notice of Motion and Notice of Hearing (Docket No.
408)

d.    Supplemental Order Granting Pursuant to Bankruptcy
Code Sections 105 (a), 506 (a). 507 (a)(8), 541,
and 1129 Authorizing the Debtors to Pay Prepetition
Sales, Use, Trust Fund and Other Taxes and Related
Obligations (Docket No. 1086)

Objection

18

Deadline:         December 3, 2008 at 4:00 p.m.

Objections/
Responses
Filed:

a.   Limited Objection of the Official Committee of
     Creditors Holding Unsecured Claims to Certain First
     Day Order (Court Docket Numbers 80, 82, 110, 112,
     129, 132) (Docket No. 455)

b.   Objection of the Official Committee of Unsecured
     Creditors Holding Unsecured Claims to the
     Supplemental Motion of Debtors for Order Pursuant
     to Bankruptcy Code Sections 105(A), 506(A),
     507(A)(8), 541, and 1129 Authorizing the Debtors to
     Pay Prepetition Sales, Use, Trust Fund and Other
     Taxes and Related Obligations (Docket No. 620)

Status:          The Debtors and the Official Committee of
                 Unsecured Creditors are working to
                 resolve this matter.  In the event they
                 are unable to reach a resolution, this
                 matter is going forward solely with
                 respect to the Debtors request to pay
                 taxes to certain jurisdictions.

14.  Motion of the Official Committee of Unsecured Creditors
     for an Order Clarifying Requirement to Provide Access to
     Confidential or Privileged Information (Docket No. 568)

     Related
     Documents:

     a.   Notice of (A) Motion of the Official Committee of
          Unsecured Creditors for an Order Clarifying
          Requirement to Provide Access to Confidential or
          Privileged Information and (B) Hearing Thereon
          (Docket No. 570)

     Objection
     Deadline:         December 17, 2008 at 4:00 p.m.

     Objections/
     Responses
     Filed:

     a.   Informal Response of the Debtors

19

b.   Objection of the United States of America to Motion
     of the Official Committee of Unsecured Creditors
     for an Order Clarifying Requirement to Provide
     Access to Confidential or Privileged Information
     (Docket No. 1110)

Status:        The informal response has been resolved.
               This matter is going forward.

15.  Motion for Relief from Automatic Stay, by US Signs,
     Inc., and Notice of Motion (Docket No. 814)

Related
Documents:     None

Objection
Deadline:      December 18, 2008 at 4:00 p.m., extended
               for the Debtors until December 19, 2008

Objections/
Responses
Filed:

a.   Objection by the Debtors to US Signs, Inc.'s Motion
     for Relief from Automatic Stay (Docket No. 1127).

Status:        This matter is going forward.

16.  Navarre Distribution Services, Inc.'s Motion for an
     Order Granting Adequate Protection Pursuant to 11 U.S.C.
     §§ 361 and 363 (Docket No. 958)

Related
Documents:

a.   Notice of Motion and Hearing (Docket No. 959)

Objection
Deadline:      December 18, 2008 at 4:00 p.m., extended
               for the Debtors until December 19, 2008
               at 1:00 p.m.

Objections/
Responses
Filed:

> a.    Objection by the Debtors to Navarre Distribution
>       Services, Inc.'s Motion for Adequate Protection and
>       Response to Limited Objection of Navarre to
>       Debtors' DIP Motion (Docket No. 1126).
>
> Status:          This matter is going forward.

17.   Debtors' First Omnibus Motion for Order Pursuant to
      Bankruptcy Code Sections 105(a) and 365(a) and
      Bankruptcy Rule 6006 Authorizing Rejection of Certain
      Executory Contracts (Docket No. 995)

> Related
> Documents:
>
> a.    Notice of Motion and Hearing (Docket No. 997)
>
> Objection
> Deadline:        December 18, 2008 at 4:00 p.m.
>
> Objections/
> Responses
> Filed:
>
> a.    Objection of Jeffrey R. Leopold To The Debtors'
>       Motion To Reject His Severance Agreement And
>       Release Of Claims (Docket No. 1093)
>
> b.    Objection of James H. Wimmer, Jr. to the Debtors'
>       Motion to Reject His Employment Agreement and
>       Enforcement of Employment Agreement Letter (Docket
>       No. 1099)
>
> Status:          This matter is going forward except with
>                  respect to Patrick S. Longgood, which is
>                  being adjourned to the January 16, 2009
>                  Omnibus Hearing date.  Mr. Longgood's
>                  response has been extended to December
>                  29, 2008.

Dated: December 22, 2008    SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                      - and -

                              MCGUIREWOODS LLP


                              /s/ Douglas M. Foley       .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

\6876609.4