Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - X

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a),
327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a),
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of the Debtors for an order, pursuant to Bankruptcy Code sections 105(a), 327(a), 328 and 1107, authorizing them

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

to retain FTI Consulting, Inc. ("FTI") as financial advisors, effective as of the Petition Date; and the Court having reviewed the Application and the Duffy Affidavit in Support of the Application (the "Duffy Affidavit"); and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates and their creditors; after due deliberation thereon and sufficient cause appearing therefore, it is hereby

    **ORDERED, ADJUDGED AND DECREED that:**

  1.  The Application is GRANTED, as modified hereby.

  2.  In accordance with Bankruptcy Code sections 327(a) and 328, the Debtors are authorized to employ and retain FTI effective as of the Petition Date

as their financial advisors on the terms set forth in the Application, the Engagement Letters and this Order.

3. Except to the extent set forth herein, the Engagement Letters are hereby approved and, to the extent not inconsistent with this Order, shall govern the Debtors' and FTI's respective rights and obligations.

4. Notwithstanding anything to the contrary in the Engagement Letters, to resolve the informal objection of the Official Committee of Unsecured Creditors, FTI consensually agreed to and this Court hereby approves the following modifications to the Engagement Letters:

    (a)  FTI shall not be entitled to a "Senior Financing Fee";

    (b)  FTI shall be entitled to payment of a "Restructuring Fee" in the amount of $500,000; _provided_, _further_, that the Debtors are hereby authorized and directed to pay such Restructuring Fee to FTI upon entry of this Order;

    (c)  the "Second Lien Financing Fee" of 1% of the commitment of second lien financing shall be earned and paid upon interim court approval or closing of such second lien financing; _provided_, that such Second Lien Financing Fee shall only be

      earned if such second lien financing is obtained from third parties other than the parties to the Debtors' post-petition debtor in possession financing facility; <u>provided</u>, <u>further</u>, in the event such second lien financing is obtained from one or more third parties who purchase all or substantially all of the Debtors' assets or sponsor a plan of reorganization, the amount of the Second Lien Financing Fee paid to FTI shall be credited against and reduce the Completion Fee;

  (d)  the Completion Fee is hereby modified as follows:  FTI shall be entitled to payment of a Completion Fee of up to $2 million as follows:  (1)  $500,000 on (a) the effective date of any plan of reorganization or plan of liquidation (a "Plan Transaction") or (b) the closing date of any sale pursuant to Bankruptcy Code section 363 (a "Sale Transaction"); <u>provided</u>, that such Plan Transaction value or such Sale Transaction value, as the case may be, exceeds the appraised value of the Debtors' assets at the time of the closing of the Plan Transaction or the Sale Transaction; (2) $500,000 on the effective date of a Plan Transaction that, pursuant to the approved disclosure statement related to such Plan Transaction, purports to result in payment in full of the estimated allowed amount of administrative claims under Bankruptcy Code section 503(b); (3) $500,000 on the effective date of a Plan Transaction that, pursuant to the approved disclosure statement related to such Plan Transaction,

4

        purports to result in distributions on account of general unsecured claims of a value greater than $0.00 and less than 10% of the estimated allowed amount of general unsecured claims; and (4) $500,000 on the effective date of a Plan Transaction that, pursuant to the approved disclosure statement related to such Plan Transaction, purports to result in distributions on account of general unsecured claims of a value greater than 10% of the estimated allowed amount of such claims; and

    (e)    the "Limitation of Liability" provisions set forth in section 6.2 of the "Standard Terms and Conditions" attached to the Engagement Letters are hereby modified to provide that, in the event FTI is found liable for any act or omission, FTI's liability shall be capped at twice the amount of fees FTI is actually paid under the Engagement Letters and this Order.

    5.    FTI shall be compensated in accordance with the Engagement Letters, procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; *provided*, *however*, that any and all "Completion Fee" and/or "Financing Fee" (as described in the Engagement Letters and modified by this Order) that

5

may earned by and become due or payable to FTI during these chapter 11 cases are hereby approved under Bankruptcy Code section 328(a) and shall only be subject to review thereunder; provided, further, that, to the extent set forth herein, all such Financing Fees and Completion Fees shall be paid in accordance with this Order and without the need for filing separate applications for payment.

6.   FTI is authorized to apply the amounts presently held as Cash on Account to pay any fees, charges, and disbursements relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of such date (the "Final Prepetition Billed Amount").  Any amount of the Cash on Account remaining after such payment of the Final Prepetition Billed Amount may be held until the conclusion of the Debtors' cases and shall be applied by FTI against its final fee application.

7.   The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee

appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

       8.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

       9.   This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:    Richmond, Virginia
           December ___, 2008

                                  _____
                                  HONORABLE KEVIN R. HUENNEKENS
                                  UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


SEEN AND NO OBJECTION:

/s/ Robert B. Van Arsdale (with permission per electronic mail dated 12/19/08)
Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond VA  23219
(804) 771-2327

**LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley