Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
         IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION
- - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER AUTHORIZING THE DEBTORS**
**TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS**
**AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE**

        Upon the application (the "Application") of the

above-captioned debtors  ("Debtors"), for the entry of

an order pursuant to sections 327(a) and 328(a) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "Bankruptcy Code"), Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rules"), authorizing them to employ and retain KPMG LLP

("KPMG") as auditors and tax consultants to the Debtors

in the above-captioned chapter 11 cases effective as of

the Petition Date;[1] and upon the Declaration of Christos

M. Xystros, a CPA and partner at KPMG (the

"Declaration") in support thereof; and the Court being

satisfied based on the representations made in the

Application and in the Declaration that KPMG does not

hold or represent an interest adverse to the Debtors'

estates, that they are disinterested persons as that

term is defined under section 101(14) of the Bankruptcy

Code, as modified by section 1107(b) of the Bankruptcy

Code, and that their employment is necessary and in the

best interests of the Debtors' estates; the terms of the

Engagement Letters are reasonable terms for the purposes

of section 328(a) of the Bankruptcy Code; and

consideration of the Application and the relief

---

[1]  Capitalized terms not otherwise defined herein shall have
the definitions ascribed to them in the Application.

requested therein being a core proceeding pursuant to 28
U.S.C. § 157(b); and venue being proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due
and proper notice of the Application having been
provided; and it appearing that no other or further
notice need be provided; and after due deliberation and
sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that**:

1.    The Application is granted as modified
herein.

2.    In accordance with sections 327(a) and
328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and
Local Rule 2014-1, the Debtors are authorized to employ
and retain KPMG as auditors and tax consultants to the
Debtors on the terms set forth in the Application and
the Engagement Letters, as modified by this Order.

3.    KPMG shall be compensated in accordance
with the procedures set forth in Bankruptcy Code
sections 330 and 331 and such Bankruptcy and Local Rules
as may then be applicable, from time to time, and such
procedures as may be fixed by order of this Court..

4.    The terms and conditions of the

Engagement Letters, as modified by this Order, are approved.

5.    To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee for the Eastern District of Virginia, counsel to the Debtors', Local Restructuring counsel to the Debtors', and counsel to the Official Committee of Unsecured Creditors. To the extent any of such parties' object, within 10 days of such new engagement letters being served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.

6.    The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

(a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services and indemnification therefore are approved by the Court; provided, that to

the extent additional engagement letters are filed with the Court and no parties object to such engagement letters in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letters shall be deemed approved by the Court;

(b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) judicially determined (the determination having become final), based on a breach of KPMG's contractual obligations to the Debtor; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) immediately above, but determined by the Court, after notice and a hearing to be a claim or expense for which KPMG should not receive indemnity, contribution or reimbursement under the terms of KPMG's retention by the Debtors pursuant to the terms of the Engagement Letters and Application, as modified by this Order; and

(c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution

and/or reimbursement obligations under
the Engagement Letters (as modified by
this Order) and Application, including
without limitation the advancement of
defense costs, KPMG must file an
application therefore in this Court, and
the Debtors may not pay any such amounts
to KPMG before the entry of an order by
this Court approving the payment.  This
subparagraph (c) is intended only to
specify the period of time under which
the Court shall have jurisdiction over
any request for fees and expenses by KPMG
for indemnification, contribution or
reimbursement, and not a provision
limiting the duration of the Debtors'
obligation to indemnify KPMG.  All
parties in interest shall retain the
right to object to any demand by KPMG for
indemnification, contribution or
reimbursement; and it is further

7.    The Debtors shall comply with the notice
requirement set forth in paragraph 4(c) of KPMG's
Standard Terms and Conditions for Advisory and Tax
Services (the "Standard Terms and Conditions"),
including providing the written notice required prior to
disseminating or advancing any of KPMG's advice,
recommendations, information, or work product to third
parties.

8.    During the pendency of the Chapter 11
Cases, paragraph 6 of the Standard Terms and Conditions
is deleted.

9.     Notwithstanding anything in the Application or the Engagement Letters to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

10.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

11.    This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.


Dated:  Richmond, Virginia
        _____, 2008


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that proposed order has been
endorsed by or served upon all necessary parties.

                    /s/ Douglas M. Foley