# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. | 7114451 |
|---|---|
| INVOICE DATE | 01-OCT-08 |
| PURCHASE ORDER NO. | 2158821 |
| CUSTOMER NO. | 5002277 |
| DUE DATE | 31-OCT-08 |
| COMMERCIAL INV NO. | 8821004 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0255

SHIP TO

CIRCUIT CITY STORES, INC.
4000 TOWNSHIP LINE ROAD
STORE #255 / MIKE SPARLING
BETHLEHEM PA 18020

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90381077 | 25-SEP-08 | OM-STANDARD ORDER MIXE | | NET 30 | COLEEN BOHNERT | 185 | 390770320 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 306654 | 8821004 | ROADWAY | 8737415803 | 485 | 970 | 01-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 515290-107-00 | SB5101,CBL MODEM,RETAIL / ROHS,F/G | 485 | 55.34 | 26,839.90 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 26,839.90 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **26,839.90** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

**1. REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, satellite master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be used in its licensed system, and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

**2. PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping te must be according to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta (except Seller's income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase which may be applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s may be imposed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b The prices set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to cancel any Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

**3. PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not extend credit to Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason exceeds its total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan exceed the amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo the payment one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof t is delayed. Buyer shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a or initiating legal action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment condition of making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this agreement. If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section .Payment shall be made without regar Buyer has made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym due on the date Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo credited for this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t volume requirement for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or Seller. Notwithstanding the foregoing, Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b past due amounts shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter goods and/or services concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer sums due in full to Seller, Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the against such unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio bond or other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu employees or agents, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa received, a first and purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc contract rights arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an of financing statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

**4. RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, notwithstanding any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava Seller may allocate resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel (including Seller's subsidiaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable (contract or otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro delay in approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller ... holding. Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments, each instal deemed to be a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t perform the services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s shall be and remain to be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

**5. INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless a written notice of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy with the requirements of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu Services delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within warranty period provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

**6. SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

Orders must be entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

**7. CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of Seller's suppliers, agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a judicial or other act of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of raw materials, tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

**8. SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

**9. WARRANTIES.** Except as otherwise herein provided, Seller warrants that the goods (excluding Software, as defined in Section 11 hereof) which it manufactures and supplies hereunder and the media on which any Software is furnished shall conform to Seller's published specifications and shall be free from defects in materials and workmanship under normal use and service for the following periods: (a) An controllers and related subscriber terminal devices (except for externally mounted devices and remote controls) – twenty-four (24) months from date of delivery, and analog headend equipment and remote ... (12) months from date of delivery; (b) Digital Set-top converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – thirty-six (36) months delivery for domestic deliveries and twenty-four (24) months from date of delivery for international deliveries, and digital headend equipment and remote controls – twelve (12) months from date of delivery; (c) RF headend equipment, optics headend equipment, nodes, amplifiers, and taps/passives – thirty-six (36) months from date of delivery; (d) cable modems with IP telephony capabilit four (24) months from date of delivery, and all other cable modems – twenty-four (24) months from date of delivery; (e) cable modem gateway products – twenty-four (24) months from date of delivery; ( end-to-end termination systems – twelve (12) months from date of delivery; and (g) all other equipment – twelve (12) months from date of delivery. Seller's warranties shall not extend (i) to any items subj accident, misuse, neglect, alteration, modification and/or customization, improper handling, improper transport, improper storage, improper use or application, improper installation, improper testing repair or (ii) cosmetic problems or defects which result from normal wear and tear under ordinary use of the goods and/or media. Seller makes NO WARRANTY as to products which are ... developmental or not manufactured by Seller. As to products not manufactured by Seller, at Buyer's request (but only as permitted under Seller's agreements with its suppliers), Seller ... rights Seller may have under any warranty of the supplier. If services are rendered hereunder, Seller hereby warrants that such services shall be performed consistent with generally accepte standards. The warranty with respect to services shall be valid for ninety (90) days from the date that performance of such services has been rendered. Seller's warranties extend to the Buyer and to ... entity. Seller's warranties as hereinabove set forth shall not be enlarged, diminished or affected by, and no obligation or liability shall arise or grow out of, Seller's rendering ... connection with furnishing the goods, Software and/or services described in this Order, other than as provided herein.The periods of time described in 9(a), 9(b), 9(c), 9(d), 9(e), 9(f) an together with the period of any extended warranty, shall be collectively referred to as the "Warranty Period." Seller must be notified of any claims hereunder no later than thirty (30) days after the expiration of the Warranty Period. During the term of the applicable Warranty Period, Seller's sole and exclusive liability for a breach of warranty described in this Section shall be as provide THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE EXCLUSIVE WARRANTIES RELATING TO THE GOODS, SOFTWARE AND/OR SERVICES PROVIDED HEREUNDER AND ARE IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER IMPLIED WARRANTY OBLIGATION ON THE PART OF SELLER.

**10. PROPRIETARY RIGHTS and CONFIDENTIALITY.** (a) All confidential information, know-how, ideas, programming, Software, copyrighted materials, trademarks, trade secrets, documentation, plan drawings, specifications, processes, techniques, test results, designs and patterns furnished or created by Seller or by Seller's agents or subcontractors (other than Buyer) and all intellectual property rights ... provided Software and/or services, are and shall remain the sole property of Seller and neither Buyer nor any other party shall have or acquire any title to or interest therein, except as in Section 11 hereof. (b) Buyer recognizes and acknowledges that it may gain access to certain confidential, secret or proprietary information possessed by Seller (information) which is a valuable bus Seller, and that disclosure or unauthorized use of the information would cause grave and irreparable injury to Seller. Buyer shall at all times, whether during the term of this Order or subsequent ther ... and protect the confidentiality of such information. Buyer will take appropriate action to restrict access to such information to those of its employees and agents who have actual need for su ... of their duties. Buyer shall not make any copies of any such information nor use such information in any manner contrary to the purposes of this Order without prior written consent of Seller ( copy of Software provided hereunder may be made by Buyer for storage or archival purposes). In connection with information, goods, Software and/or services received by Buyer hereunder, Buyer shall tak ... necessary to abide by the provisions of Seller's security programs in effect from time to time, a copy of which will be provided to Buyer upon request. (c) Buyer shall not reverse eng ... assemble any Software, equipment or any other goods provided hereunder. (d) This Order shall not be construed as granting any right or license, express or implied, except as expressly set forth provisions of this Section 10 shall survive the performance, termination or cancellation of this Order.

**11. SOFTWARE LICENSES AND WARRANTIES.** Seller may supply certain firmware, software and/or related documentation (the "Software") with the goods provided hereunder. If any firmware and/or related documentation is furnished with the goods, Seller hereby grants to Buyer and Buyer hereby accepts a nontransferable, nonexclusive license to use such firmware and/or related documentation solely in co ... use and/or operation of the goods in which such firmware is originally installed. Any other Software is provided under Seller's Standard Terms and Conditions for Licensing of Software an otherwise provided with such Software, or in accordance with a separate license agreement which Seller may require Buyer to execute in connection with the furnishing of the Software. Notwithstanding t foregoing, if no Standard Terms and Conditions for Licensing of Software or no separate license agreement is provided by Seller in connection with the furnishing of the Software, then (i) Seller warra Software, as delivered, will perform substantially in accordance with Seller's then-current user manual in all material respects; however, Seller does not warrant that the Software will meet Buyer's needs, be error free, or operate without interruption, (ii) all warranty claims with respect to the Software must be made by the Buyer in writing not later than ninety (90) days after de Software by Seller to Buyer. (iv) SELLER MAKES NO WARRANTIES WHATSOEVER REGARDING ANY SOFTWARE AND/OR COMPONENTS OF THE SOFTWARE CREATED OR OWNED BY ANY THIRD PARTY, (v) THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPESSED, IMPLIED OR STATUTORY RELATING TO THE SOFTWARE, INCLUIDNG BUT NOT LIMITED TO, IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND WARANTIES OF MERCHANTABILITY, AND (vi) any unauthorized use or modification of the Software by Buyer shall void any and all warranties. No other right or license relating to the Software, express or implied, is granted except as provided herein. Buyer shall not sell, assign, sublicense, transfer, or otherwise make availa any other person or entity, without the prior written consent of Seller. Subject to Section 10 hereof, all copies of Software shall be clearly marked by Buyer with the same proprietary and copyright appear on the Software as originally supplied to Buyer.

**12. INDEMNIFICATION.**

(a) General. Each party shall defend, indemnify and hold harmless the other party, its respective officers, directors, agents, subsidiaries, affiliates, subcontractors, assignees and employees, or any of them, f and against all losses, damages (actual, increased, or statutory), liabilities, expenses, costs (including court costs and attorney's fees), claims, suits, demands, actions, causes of actions, proceed assessments, deficiencies and charges ("Damages") caused by, relating to or arising from: (i) a default in the performance by such party of its obligations hereunder; (ii) a breach of its warranties o ... negligent acts or omissions; and (iv) its intentional misconduct. Buyer shall also indemnify Seller, its respective officers, directors, agents, subsidiaries, affiliates, su and employees, or any of them, without limiting the foregoing, for any such Damages caused by, relating to or arising from: (i) the programming services offered by Buyer or Buyer's programmers which a authorized for using or which use the goods and/or Software, including any assertion that any such programming services involve tortious conduct or the infringement of any third party rights; (ii) any ... Buyer and any of its program distributors or other distributors or affiliates; and (iii) any disputes or claims involving the subscribers for the programming services of Buyer; provided, howev Damages are not caused by any act or omission of Seller which would give rise to an obligation by Seller to indemnify Buyer under this Section 12. This subsection 12(a) shall survive termination or ex this Order.

(b) Intellectual Property Indemnity. Seller will defend any suit or proceeding brought against Buyer to the extent that such suit or proceeding is based on a claim that goods manufactured and sold by Seller to Buyer hereunder constitute direct infringement of any valid United States patent and Seller shall pay all Damages awarded by final judgment (from which no appeal may be taken) agains ... goods do so infringe, on condition that Seller (i) is promptly informed and furnished a copy of each communication, notice or other action relating to the alleged infringement, (ii) ... and assistance necessary to defend or settle such suit or proceeding and (iii) is given sole control of the defense (including the right to selec ... to compromise and settle such suit or proceeding. If any goods manufactured by Seller and supplied to Buyer hereunder are held to directly infringe any valid United States patent as set ... from using the same, or if Seller believes such infringement is likely, Seller will exert reasonable efforts, at its option and its expense, (a) to procure for Buyer the right to ... for patent infringement or (b) to replace or modify such goods with a non-infringing substitute otherwise complying substantially with the specifications for such goods, or (c) u ... the transportation costs and the purchase price, less any applicable depreciation or credit for use, of such goods. If the infringement is alleged prior to completion of delivery of the ... to make further shipments without being in breach of contract. If Seller has not been enjoined from selling such goods to Buyer, Seller may (at Seller's sole election), at Buyer's ... goods to Buyer in which event Buyer shall be deemed to extend to Seller an indemnity of comparable scope to that hereinabove stated. A comparable indemnity as that set forth above shall also be ... to Seller by Buyer if any suit or proceeding is brought against Seller based on a claim that the goods manufactured by Seller in compliance with Buyer's specifications infringe any vali States patent.

(c) Limitation of Proprietary Rights Indemnification. In no event shall Seller be liable for any: (i) infringement by goods or associated Software manufactured and/or supplied by third parties; (ii) infringement ... combination with, addition to, or modification of the goods or associated Software after delivery by Seller; (iii) infringement arising out of compliance with Buyer's specifications, (... based on a per use basis, or subscriber revenues derived by Buyer therefrom, or any royalty basis, other than a reasonable royalty based upon revenue derived by Seller from Buyer from sales or license ... goods or associated Software; (v) royalties payable with respect to, or intellectual property claims related to intellectual property rights associated with compliance with the Moving Pictu ("MPEG") Main Profile Video Syntax defined in MPEG-2 specification of Generic Coding of Moving Pictures and Associated Audio: Video (ISO/IEC 13818-2) and the Transport Stream defined in the MPEG-2 Systems specification (ISO/IEC 13818-1) both dated as of November, 1994 ("MPEG-2 Standards"), or (vi) royalties payable with respect to, or intellectual property claims related to intellectual propert associated with compliance with or implementation of standards issued by other public or private standards bodies (including ITU, IEEE, ANSI, ISO/IEC and Cable Labs standards), as well as third party standards such as 5C Digital Transmission Content Protection, DVB and Dolby Digital Audio.

THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE SOLE AND EXCLUSIVE LIABILITY OF SELLER FOR INFRINGEMENT OR THE LIKE OF PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND OTHER INTELLECTUAL PROPERTY RIGHTS IN CONNECTION WITH THIS ORDER, WHETHER DIRECT OR CONTRIBUTORY, AND IS IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY IN REGARD THERETO, INCLUDING, WITHOUT LIMITATION, THE WARRANTY AGAINST INFRINGEMENT SPECIFIED IN THE UNIFORM COMMERCIAL CODE.

**13. TERMINATION.** Except as permitted in Section 2 hereof, this Order shall not be terminated by Buyer without Seller's prior written consent. If Seller so consents to such termination, Buyer shall be liable for ... termination charges including, without limitation, a price adjustment based on the quantity of goods and/or services actually delivered and all costs, direct, incurred and committed for this Order tog ... allowance for prorated expenses and anticipated profits. Seller has the right to terminate this Order if (i) unless otherwise specified on the front hereof, Buyer does not release all quant ... delivery of services within twelve (12) months and, unless caused by Seller's fault, shipment of goods and performance of services does not occur within twelve (12) months after the date Seller r ... (ii) in Seller's sole judgment, Buyer's financial condition does not justify the terms of payment applicable from time to time and Buyer shall not immediately comply with any modific ... required by Seller in accordance with Section 3, or (iii) if Buyer fails to pay for the goods and services when payment is due or make arrangements to so do which are acceptable to Seller; or (i ... any agreement with Seller or with any third party providing financing to Buyer, or (v) if Buyer engages in a course of conduct which, in the sole judgment of Seller, substantially and adve ... or its interests in the promotion, marketing or distribution of its products, or is otherwise deemed to be just cause for termination pursuant to prevailing laws. Upon termination ... interest, owing by Buyer to Seller shall immediately become due and payable without notice and Seller shall thereupon have all of the rights and remedies of a seller under applicable l ... provided in this Order. If Seller exercises such right to terminate, Buyer shall be liable for the charges and adjustments referred to herein, in addition to any other remedies Seller may have law.

**14. REMEDIES and LIABILITY.**

(a) Nonconforming Goods/Warranty Returns. Where Buyer timely and rightfully rejects or revokes acceptance of nonconforming goods and/or notifies Seller of a breach of warranty relating to goods supplied by Seller hereunder, Seller's sole and exclusive liability will be (at Seller's option) to repair, replace or credit Buyer's account (which credit may be applied by Seller against outstanding amounts ... with respect to any such goods returned to Seller during the applicable acceptance or warranty period, as the case may be, upon the following conditions: (a) Goods may not be returned without ... authorization ("RSA") and will be refused and returned freight collect to the sender; (b) Goods returned shall be packed securely and shall be shipped freight prepaid (with duties, taxes and b ... risk of loss and all other charges associated with the return of such goods being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All ret ... shipped in accordance with all other instructions (if any) contained in the RSA; and (d) All return shipments will clearly indicate the RSA number on the mailing label. All goods ret ... subject to examination by Seller. The failure of Buyer to comply with the provisions of this Section 14(a) shall, at Seller's election, void Buyer's rights and remedies with respect t ... goods may be returned by Seller to Buyer for full payment in accordance with the provisions of this Order. In such an event, all freight, insurance, duties, taxes, brokerage fees and all othe ... the transportation of such goods (collectively "Transportation Charges") back to Buyer, including risk of loss, shall be the responsibility of Buyer. If Seller elects to keep any goods ... Buyer which are determined by Seller to be free of defect or otherwise conforming to the warranties hereunder, such goods shall be subject to a restocking fee. Seller reserves the right to withhold remedy hereunder with respect to nonconforming goods until Buyer has fully paid any past due amounts owed to Seller.

(b) Services. Where Buyer timely and rightfully notifies Seller that services provided hereunder breach Seller's warranty for such services as described in Section 9, Seller's sole and exclusive liability for such breach will be (at Seller's option) to reperform such services o Buyer's fees paid for such services.

(c) Limitation of Liability. NOTWITHSTANDING ANYTHING CONTAINED IN THIS ORDER, WHERE SELLER FAILS TO MAKE DELIVERY OR REPUDIATES OR BREACHES ANY PROVISION OF THIS ORDER, INCLUDING, WITHOUT LIMITATION, SELLER'S OBLIGATIONS WITH RESPECT TO NONCONFORMING GOODS, SOFTWARE OR SERVICES, SELLER'S LIABILITY SHALL NOT EXCEED THE TOTAL OF ALL AMOUNTS ACTUALLY RECEIVED BY SELLER FROM BUYER UNDER THIS ORDER. IN NO EVENT WILL SELLER BE LIABLE TO ANYONE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY OF THE PROVISIONS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, PROVISIONS REGARDING WARRANTIES, INDEMNITIES AND PATENT INFRINGEMENT, SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

**15. OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: (a) Goods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe prepaid (with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s ... with all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

**16. CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without a ... authorization ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp ... the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit ... contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

**17. WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for an period of time any of the provisions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

**18. GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to conflict of laws principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain ... such transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no o ... whatsoever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

**19. ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either Seller or Buyer, or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ ... affiliate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

**20. SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions to ... other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall ... permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

**21. SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

**22. NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, registered or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of ... telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

**23. EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all applicable provincial, national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or Software hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or from the United States government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t ... of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( ... origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the ... license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

**24. CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used ... convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T ... Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

**25. MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction described on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, oi any or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by ... Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of binding upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem performance nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

**26. SALES TO GOVERNMENT ENTITIES.** ... that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own ... terms in writing. Seller make no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000

? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)

In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132.
(Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

PAGE 1 OF 1

General Instrument Corporation
dba Connected Home Solutions Business of Motorola, Inc.
101 Tournament Drive
Horsham, PA 19044
215-323-1000

| INVOICE NO. | 7119370 |
|---|---|
| INVOICE DATE | 22-OCT-08 |
| PURCHASE ORDER NO. | 2172884 |
| CUSTOMER NO. | 5002277 |
| DUE DATE | 21-NOV-08 |
| COMMERCIAL INV NO. | 8826193 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0755

SHIP TO

CIRCUIT CITY STORES, INC.
1100 CIRCUIT CITY ROAD
STORE #755 / CRAIG HUNT
MARION IL 62959

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90384247 | 16-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 141991730 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 310022 | 8826193 | ROADWAY | 8737422614 | 33 | 198 | 22-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 2210-02-M002 | 2210-RETAIL-SW,RETAIL -ADSL MDM SNGL DASH PORT ETH, | 99 | 52.43 | 5,190.57 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of Invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 5,190.57 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **5,190.57** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

1. **REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, satellite master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be use [illegible] system, and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

2. **PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping te [illegible] to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta [illegible] income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase [illegible] applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s [illegible] imposed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b [illegible] set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to [illegible] Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

3. **PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not [illegible] Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason [illegible] total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan [illegible] amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo [illegible] one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof t [illegible] Buyer shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a [illegible] action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment [illegible] making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this [illegible] If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section. Payment shall be made without regar [illegible] made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym [illegible] Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo [illegible] this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t [illegible] for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or [illegible] Notwithstanding the foregoing, Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b [illegible] shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter [illegible] concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer [illegible] to Seller, Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the [illegible] unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio [illegible] other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu [illegible] rights, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa [illegible] purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc [illegible] arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an [illegible] financing statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

4. **RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, [illegible] standing any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava [illegible] resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel [illegible] subsidiaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable [illegible] otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro [illegible] approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller [illegible]. Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments. each instal [illegible] a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t [illegible] services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s [illegible] be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

5. **INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless [illegible] of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy [illegible] of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu [illegible] services delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within [illegible] provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

6. **SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

[illegible] entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

7. **CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of [illegible] agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a [illegible] of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of [illegible] tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

8. **SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

9. **WARRANTIES.** Except as otherwise herein provided, Seller warrants that the goods (excluding Software, as defined in Section 11 hereof) which it manufactures and supplies hereunder and the media on which [illegible] Software is furnished shall conform to Seller's published specifications and shall be free from defects in materials and workmanship under normal use and service for the following periods: (a) An controllers and related subscriber terminal devices (except for externally mounted devices and remote controls) – twenty-four (24) months from date of delivery, and analog headend equipment and remote [illegible] (12) months from date of delivery; (b) Digital Set-top converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – thirty-six (36) months delivery for domestic deliveries and twenty-four (24) months from date of delivery for international deliveries, and digital headend equipment and remote controls – twelve (12) months from [illegible] delivery; (c) RF headend equipment, optics headend equipment, nodes, amplifiers, and taps/passives – thirty-six (36) months from date of delivery; (d) cable modems with IP telephony capabilit [illegible] months from date of delivery, and all other cable modems – twenty-four (24) months from date of delivery; (e) cable modem gateway products – twenty-four (24) months from date of delivery; ( [illegible] termination systems – twelve (12) months from date of delivery; and (g) all other equipment – twelve (12) months from date of delivery. Seller's warranties shall not extend (i) to any items subj [illegible] neglect, alteration, modification and/or customization, improper handling, improper transport, improper storage, improper use or application, improper installation, improper testing repair or (ii) cosmetic problems or defects which result from normal wear and tear under ordinary use of the goods and/or media. Seller makes NO WARRANTY as to products which are [illegible] developmental or not manufactured by Seller. As to products not manufactured by Seller, at Buyer's request (but only as permitted under Seller's agreements with its suppliers), Seller [illegible] rights Seller may have under any warranty of the supplier. If services are rendered hereunder, Seller hereby warrants that such services shall be performed consistent with generally accepte standards. The warranty with respect to services shall be valid for ninety (90) days from the date that performance of such services has been rendered. Seller's warranties extend to the Buyer and to [illegible]. Seller's warranties as hereinabove set forth shall not be enlarged, diminished or affected by, and no obligation or liability shall arise or grow out of, Seller's rendering [illegible] connection with furnishing the goods, Software and/or services described in this Order, other than as provided herein. The periods of time described in 9(a), 9(b), 9(c), 9(d), 9(e), 9(f) an together with the period of any extended warranty, shall be collectively referred to as the "Warranty Period." Seller must be notified of any claims hereunder no later than thirty (30) days after [illegible] of the Warranty Period. During the term of the applicable Warranty Period, Seller's sole and exclusive liability for a breach of warranty described in this Section shall be as provide THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE EXCLUSIVE WARRANTIES RELATING TO THE GOODS, SOFTWARE AND/OR SERVICES PROVIDED HEREUNDER AND ARE IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER IMPLIED WARRANTY OBLIGATION ON THE PART OF SELLER.

10. **PROPRIETARY RIGHTS and CONFIDENTIALITY.** (a) All confidential information, know-how, ideas, programming, Software, copyrighted materials, trademarks, trade secrets, documentation, plan drawings, [illegible] processes, techniques, test results, designs and patterns furnished or created by Seller or by Seller's agents or subcontractors (other than Buyer) and all intellectual property rights [illegible] Software and/or services, are and shall remain the sole property of Seller and neither Buyer nor any other party shall have or acquire any title to or interest therein, except as [illegible] thereof. (b) Buyer recognizes and acknowledges that it may gain access to certain confidential, secret or proprietary information possessed by Seller (Information) which is a valuable bus [illegible] that disclosure or unauthorized use of the information would cause grave and irreparable injury to Seller. Buyer shall at all times, whether during the term of this Order or subsequent ther [illegible] protect the confidentiality of such information. Buyer will take appropriate action to restrict access to such information to those of its employees and agents who have actual need for su [illegible] duties. Buyer shall not make any copies of any such information nor use such information in any manner contrary to the purposes of this Order without prior written consent of Seller ( [illegible] of Software provided hereunder may be made by Buyer for storage or archival purposes). In connection with information, goods, Software and/or services received by Buyer hereunder, Buyer shall tak [illegible] necessary to abide by the provisions of Seller's security programs in effect from time to time, a copy of which will be provided to Buyer upon request. (c) Buyer shall not reverse eng [illegible] any Software, equipment or any other goods provided hereunder. (d) This Order shall not be construed as granting any right or license, express or implied, except as expressly set forth provisions of this Section 10 shall survive the performance, termination or cancellation of this Order.

11. **SOFTWARE LICENSES AND WARRANTIES.** Seller may supply certain firmware, software and/or related documentation (the "Software") with the goods provided hereunder. If any firmware and/or related documentation is furnished with the goods, Seller hereby grants to Buyer and Buyer hereby accepts a nontransferable, nonexclusive license to use such firmware and/or related documentation solely in co [illegible] and/or operation of the goods in which such firmware is originally installed. Any other Software is provided under Seller's Standard Terms and Conditions for Licensing of Software att otherwise provided with such Software, or in accordance with a separate license agreement which Seller may require Buyer to execute in connection with the furnishing of the Software. Notwithstanding t [illegible] no Standard Terms and Conditions for Licensing of Software or no separate license agreement is provided by Seller in connection with the furnishing of the Software, then (i) Seller warra Software, as delivered, will perform substantially in accordance with Seller's then-current user manual in all material respects; however, Seller does not warrant that the Software will [illegible] needs, be error free, or operate without interruption, (ii) all warranty claims with respect to the Software must be made by the Buyer in writing not later than ninety (90) days after de Software by Seller to Buyer, (iv) SELLER MAKES NO WARRANTIES WHATSOEVER REGARDING ANY SOFTWARE AND/OR COMPONENTS OF THE SOFTWARE CREATED OR OWNED BY ANY THIRD PARTY. (v) THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPRESSED, IMPLIED OR STATUTORY RELATING TO THE SOFTWARE, INCLUIDNG BUT NOT LIMITED TO, IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND WARRANTIES OF MERCHANTABILITY, AND (vi) any unauthorized use or modification of the Software by Buyer shall void any and all [illegible] right or license relating to the Software, express or implied, is granted except as provided herein. Buyer shall not sell, assign, sublicense, transfer, or otherwise make availa [illegible] or entity, without the prior written consent of Seller. Subject to Section 10 hereof, all copies of Software shall be clearly marked by Buyer with the same proprietary and copyright appear on the Software as originally supplied to Buyer.

12. **INDEMNIFICATION.**

(a) General. Each party shall defend, indemnify and hold harmless the other party, its respective officers, directors, agents, subsidiaries, affiliates, subcontractors, assignees and employees, or any of them, f [illegible] losses, damages (actual, increased, or statutory), liabilities, expenses, costs (including court costs and attorney's fees), claims, suits, demands, actions, causes of action, proceed [illegible] deficiencies and charges ("Damages") caused by, relating to or arising from: (i) a default in the performance by such party of its obligations hereunder; (ii) a breach of its warranties o [illegible] negligent acts or omissions; and (iv) its intentional misconduct. Buyer shall also indemnify Seller, its respective officers, directors, agents, subsidiaries, affiliates, su and employees, or any of them, without limiting the foregoing, for any such Damages caused by, relating to or arising from: (i) the programming services offered by Buyer or Buyer's programmers which a [illegible] for using or which use the goods and/or Software, including any assertion that any such programming services involve tortious conduct or the infringement of any third party rights; (ii) any [illegible] Buyer and any of its program distributors or other distributors or affiliates; and (iii) any disputes or claims involving the subscribers for the programming services of Buyer; provided, howev [illegible] are not caused by any act or omission of Seller which would give rise to an obligation by Seller to indemnify Buyer under this Section 12. This subsection 12(a) shall survive termination or ex this Order. (b) Intellectual Property Indemnity. Seller will defend any suit or proceeding brought against Buyer to the extent that such suit or proceeding is based on a claim that goods manufactured and [illegible] Seller to Buyer hereunder constitute direct infringement of any valid United States patent and Seller shall pay all Damages awarded by final judgment (from which no appeal may be taken) agains [illegible] goods do so infringe, on condition that Seller (i) is promptly informed and furnished a copy of each communication, notice or other action relating to the alleged infringement, (ii) [illegible] assistance necessary to defend or settle such suit or proceeding in such a manner as Seller shall determine and (iii) is given sole control of the defense (including the right to selec [illegible] to compromise and settle such suit or proceeding. If any goods manufactured by Seller and supplied to Buyer hereunder are held to directly infringe any valid United States patent as set [illegible] from using the same, or if Seller believes such infringement is likely, Seller will exert reasonable efforts, at its option and its expense, (a) to procure for Buyer the right to [illegible] for patent infringement or (b) to replace or modify such goods with a non-infringing substitute otherwise complying substantially with the specifications for such goods, or (c) u [illegible] the transportation costs and the purchase price, less any applicable depreciation or credit for use, of such goods. If the infringement is alleged prior to completion of delivery of the [illegible] to make further shipments without being in breach of contract. If Seller has not been enjoined from selling such goods to Buyer, Seller may (at Seller's sole election), at Buyer's [illegible] goods to Buyer in which event Buyer shall be deemed to extend to Seller an indemnity of comparable scope to that hereinabove stated. A comparable indemnity as that set forth above shall also be [illegible] extended to Seller by Buyer if any suit or proceeding is brought against Seller based on a claim that the goods manufactured by Seller in compliance with Buyer's specifications infringe any vali States patent.

(c) Limitation of Proprietary Rights Indemnification. In no event shall Seller be liable for any: (i) infringement by goods or associated Software manufactured and/or supplied by third parties; (ii) infringement [illegible] combination with, addition to, or modification of the goods or associated Software after delivery by Seller; (iii) infringement arising out of compliance with Buyer's specifications, (i [illegible] on a per use basis, or subscriber revenues derived by Buyer therefrom, or any royalty basis, other than a reasonable royalty based upon revenue derived by Seller from Buyer from sales or license [illegible] associated Software; (v) royalties payable with respect to, or intellectual property claims related to intellectual property rights associated with compliance with the Moving Pictu ("MPEG") Main Profile Video Syntax defined in MPEG-2 specification of Generic Coding of Moving Pictures and Associated Audio: Video (ISO/IEC 13818-2) and the Transport Stream defined in the MPEG-2 [illegible] specification (ISO/IEC 13818-1) both dated as of November, 1994 ("MPEG-2 Standards"), or (vi) royalties payable with respect to, or intellectual property claims related to intellectual propert [illegible] with compliance with or implementation of standards issued by other public or private standards bodies (including ITU, IEEE, ANSI, ISO/IEC and Cable Labs standards), as well as third party standards such as 5C Digital Transmission Content Protection, DVB and Dolby Digital Audio.

THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE SOLE AND EXCLUSIVE LIABILITY OF SELLER FOR INFRINGEMENT OR THE LIKE OF PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND OTHER INTELLECTUAL PROPERTY RIGHTS IN CONNECTION WITH THIS ORDER, WHETHER DIRECT OR CONTRIBUTORY, AND IS IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY IN REGARD THERETO, INCLUDING, WITHOUT LIMITATION, THE WARRANTY AGAINST INFRINGEMENT SPECIFIED IN THE UNIFORM COMMERCIAL CODE.

13. **TERMINATION.** Except as permitted in Section 2 hereof, this Order shall not be terminated by Buyer without Seller's prior written consent. If Seller so consents to such termination, Buyer shall be liable for [illegible] charges including, without limitation, a price adjustment based on the quantity of goods and/or services actually delivered and all costs, direct, incurred and committed for this Order tog [illegible] allowance for prorated expenses and anticipated profits. Seller has the right to terminate this Order if (i) unless otherwise specified on the front hereof, Buyer does not release all quant [illegible] delivery of services within twelve (12) months and, unless caused by Seller's fault, shipment of goods and performance of services does not occur within twelve (12) months after the date Seller r [illegible] (ii) in Seller's sole judgment, Buyer's financial condition does not justify the terms of payment applicable from time to time and Buyer shall not immediately comply with any modific [illegible] required by Seller in accordance with Section 3, or (iii) if Buyer fails to pay for the goods and services when payment is due or make arrangements to so do which are acceptable to Seller; or (i [illegible] any agreement with Seller or with any third party providing financing to Buyer, or (v) if Buyer engages in a course of conduct which, in the sole judgment of Seller, substantially and adve [illegible] or its interests in the promotion, marketing or distribution of its products, or is otherwise deemed to be just cause for termination pursuant to prevailing laws. Upon termination [illegible] interest, owing by Buyer to Seller shall immediately become due and payable without notice and Seller shall thereupon have all of the rights and remedies of a seller under applicable l [illegible] provided in this Order. If Seller exercises such right to terminate, Buyer shall be liable for the charges and adjustments referred to herein, in addition to any other remedies Seller may have law.

14. **REMEDIES and LIABILITY.**

(a) Nonconforming Goods/Warranty Returns. Where Buyer timely and rightfully rejects or revokes acceptance of nonconforming goods and/or notifies Seller of a breach of warranty relating to goods supplied by Seller hereunder, Seller's sole and exclusive liability will be (at Seller's option) to repair, replace or credit Buyer's account (which credit may be applied by Seller against outstanding amounts [illegible] with respect to any such goods returned to Seller during the applicable acceptance or warranty period, as the case may be, upon the following conditions: (a) Goods may not be returned without [illegible] authorization ("RSA") and will be refused and returned freight collect to the sender; (b) Goods returned shall be packed securely and shall be shipped freight prepaid (with duties, taxes and b [illegible] risk of loss and all other charges associated with the return of such goods being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All ret [illegible] shipped in accordance with all other instructions (if any) contained in the RSA; and (d) All return shipments will clearly indicate the RSA number on the mailing label. All goods ret [illegible] subject to examination by Seller. The failure of Buyer to comply with the provisions of this Section 14(a) shall, at Seller's election, void Buyer's rights and remedies with respect t [illegible] goods may be returned by Seller to Buyer for full payment in accordance with the provisions of this Order. In such an event, all freight, insurance, duties, taxes, brokerage fees and all othe [illegible] the transportation of such goods (collectively "Transportation Charges") back to Buyer, including risk of loss, shall be the responsibility of Buyer. If Seller elects to keep any goods [illegible] Buyer which are determined by Seller to be free of defect or otherwise conforming to the warranties hereunder, such goods shall be subject to a restocking fee. Seller reserves the right to withhold remedy hereunder with respect to nonconforming goods until Buyer has fully paid any past due amounts owed to Seller. (b) Services. Where Buyer timely and rightfully notifies Seller that services [illegible] hereunder breach Seller's warranty for such services as described in Section 9, Seller's sole and exclusive liability for such breach will be (at Seller's option) to reperform such services o Buyer's fees paid for such services.

(c) Limitation of Liability. NOTWITHSTANDING ANYTHING CONTAINED IN THIS ORDER, WHERE SELLER FAILS TO MAKE DELIVERY OR REPUDIATES OR BREACHES ANY PROVISION OF THIS ORDER, INCLUDING, WITHOUT LIMITATION, SELLER'S OBLIGATIONS WITH RESPECT TO NONCONFORMING GOODS, SOFTWARE OR SERVICES, SELLER'S LIABILITY SHALL NOT EXCEED THE TOTAL OF ALL AMOUNTS ACTUALLY RECEIVED BY SELLER FROM BUYER UNDER THIS ORDER. IN NO EVENT WILL SELLER BE LIABLE TO ANYONE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY OF THE PROVISIONS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, PROVISIONS REGARDING WARRANTIES, INDEMNITIES AND PATENT INFRINGEMENT. SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

15. **OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: (a) Goods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe [illegible] (with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s [illegible] with all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

16. **CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without a [illegible] ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp [illegible] the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit [illegible] contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

17. **WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for an period of time any of the provisions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

18. **GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to [illegible] principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain [illegible] such transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no o [illegible] soever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

19. **ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either [illegible], or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ [illegible] affiliate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

20. **SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions to [illegible] circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall [illegible] extent permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

21. **SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

22. **NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, registered or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of [illegible] telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

23. **EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all [illegible], national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or [illegible] hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or [illegible] States government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t [illegible] of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( [illegible] origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the [illegible] license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

24. **CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used [illegible] convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T [illegible] Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

25. **MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction described on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, ei oral or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by [illegible] Buyer or Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of [illegible] upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem [illegible] nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

26. **SALES TO GOVERNMENT ENTITIES.** [illegible] that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own [illegible] terms in writing. Seller make no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000

? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)
In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132.
(Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7113320** |
| INVOICE DATE |
| 26-SEP-08 |
| PURCHASE ORDER NO. |
| **2153764** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 26-OCT-08 |
| COMMERCIAL INV NO. |
| 8821093 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0755

SHIP TO

CIRCUIT CITY STORES, INC.
1100 CIRCUIT CITY ROAD
STORE #755 / CRAIG HUNT
MARION IL 62959

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90379941 | 19-SEP-08 | OM-STANDARD ORDER MIXE | DF1 | NET 30 | COLEEN BOHNERT | 185 | 141991730 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 306659 | 8821093 | UNITED PARCEL SERVICE | 1Z0222RE0365917483 | 37 | 133.2 | 26-SEP-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 89149N | ASSY,CAR KIT,EIHF,T5,BT | 185 | 70.65 | 13,070.25 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 13,070.25 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **13,070.25** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

**1. REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, satellite master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be use licensed system, and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

**2. PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping to must conform to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta (other than income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase which may be applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s may be imposed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b The prices set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to any Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

**3. PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not extend credit to Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason exceeds the total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan exceed the amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo that is unpaid one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof t is collected. Buyer shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a or initiating legal action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment condition to making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section. Payment shall be made without regar made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym the date Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t requirement for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or Notwithstanding the foregoing, Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter services concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer to Seller, Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the such unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio or other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu agents, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an financing statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

**4. RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, notwithstanding any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava allocate resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel subsidiaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller hold. Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments, each instal be a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t the services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

**5. INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless notice of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy requirements of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu Services delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within warranty period provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

**6. SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

Orders must be entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

**7. CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of Seller's suppliers, agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a act of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

**8. SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

**9. WARRANTIES.** Except as otherwise herein provided, Seller warrants that the goods (excluding Software, as defined in Section 11 hereof) which it manufactures and supplies hereunder and the media on which any Software is furnished shall conform to Seller's published specifications and shall be free from defects in materials and workmanship under normal use and service for the following periods: (a) An controllers and related subscriber terminal devices (except for externally mounted devices and remote controls) – twenty-four (24) months from date of delivery, and analog headend equipment and remote controls – twelve (12) months from date of delivery; (b) Digital Set-top converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – thirty-six (36) months delivery for domestic deliveries and twenty-four (24) months from date of delivery for international deliveries, and digital headend equipment and remote controls – twelve (12) months from date of delivery; (c) RF headend equipment, optics headend equipment, nodes, amplifiers, and taps/passives – thirty-six (36) months from date of delivery; (d) cable modems with IP telephony capabilit four (24) months from date of delivery, and all other cable modems – twenty-four (24) months from date of delivery; (e) cable modem gateway products – twenty-four (24) months from date of delivery; ( termination systems – twelve (12) months from date of delivery; and (g) all other equipment – twelve (12) months from date of delivery. Seller's warranties shall not extend (i) to any items subj accident, misuse, neglect, alteration, modification and/or customization, improper handling, improper transport, improper storage, improper use or application, improper installation, improper testing repair or (ii) cosmetic problems or defects which result from normal wear and tear under ordinary use of the goods and/or media. Seller makes NO WARRANTY as to products which are developmental or not manufactured by Seller. As to products not manufactured by Seller, at Buyer's request (but only as permitted under Seller's agreements with its suppliers), Seller rights Seller may have under any warranty of the supplier. If services are rendered hereunder, Seller hereby warrants that such services shall be performed consistent with generally accepte standards. The warranty with respect to services shall be valid for ninety (90) days from the date that performance of such services has been rendered. Seller's warranties extend to the Buyer and to not to other persons or entity. Seller's warranties as hereinabove set forth shall not be enlarged, diminished or affected by, and no obligation or liability shall arise or grow out of. Seller's rendering services in connection with furnishing the goods, Software and/or services described in this Order, other than as provided herein. The periods of time described in 9(a), 9(b), 9(c), 9(d), 9(e), 9(f) an together with the period of any extended warranty, shall be collectively referred to as the "Warranty Period." Seller must be notified of any claims hereunder no later than thirty (30) days after the expiration of the Warranty Period. During the term of the applicable Warranty Period, Seller's sole and exclusive liability for a breach of warranty described in this Section shall be as provide THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE EXCLUSIVE WARRANTIES RELATING TO THE GOODS, SOFTWARE AND/OR SERVICES PROVIDED HEREUNDER AND ARE IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER IMPLIED WARRANTY OBLIGATION ON THE PART OF SELLER.

**10. PROPRIETARY RIGHTS and CONFIDENTIALITY.** (a) All confidential information, know-how, ideas, programming, Software, copyrighted materials, trademarks, trade secrets, documentation, plan drawings, specifications, processes, techniques, test results, designs and patterns furnished or created by Seller or by Seller's agents or subcontractors (other than Buyer) and all intellectual property rights specified goods, Software and/or services, are and shall remain the sole property of Seller and neither Buyer nor any other party shall have or acquire any title to or interest therein, except as in Section 11 thereof. (b) Buyer recognizes and acknowledges that it may gain access to certain confidential, secret or proprietary information possessed by Seller (information) which is a valuable bus Seller, and that disclosure or unauthorized use of the information would cause grave and irreparable injury to Seller. Buyer shall at all times, whether during the term of this Order or subsequent ther maintain and protect the confidentiality of such information. Buyer will take appropriate action to restrict access to such information to those of its employees and agents who have actual need for su exceed their duties. Buyer shall not make any copies of any such information nor use such information in any manner contrary to the purposes of this Order without prior written consent of Seller ( copy of Software provided hereunder may be made by Buyer for storage or archival purposes). In connection with information, goods, Software and/or services received by Buyer hereunder, Buyer shall tak necessary to abide by the provisions of Seller's security programs in effect from time to time, a copy of which will be provided to Buyer upon request. (c) Buyer shall not reverse eng disassemble any Software, equipment or any other goods provided hereunder. (d) This Order shall not be construed as granting any right or license, express or implied, except as expressly set forth provisions of this Section 10 shall survive the performance, termination or cancellation of this Order.

**11. SOFTWARE LICENSES AND WARRANTIES.** Seller may supply certain firmware, software and/or related documentation (the "Software") with the goods provided hereunder. If any firmware and/or related documentation is furnished with the goods, Seller hereby grants to Buyer and Buyer hereby accepts a nontransferable, nonexclusive license to use such firmware and/or related documentation solely in co with Buyer's use and/or operation of the goods in which such firmware is originally installed. Any other Software is provided under Seller's Standard Terms and Conditions for Licensing of Software att otherwise provided with such Software, or in accordance with a separate license agreement which Seller may require Buyer to execute in connection with the furnishing of the Software. Notwithstanding t that no Standard Terms and Conditions for Licensing of Software or no separate license agreement is provided by Seller in connection with the furnishing of the Software, then (i) Seller warra Software, as delivered, will perform substantially in accordance with Seller's then-current user manual in all material respects; however, Seller does not warrant that the Software will Buyer's needs, be error free, or operate without interruption, (ii) all warranty claims with respect to the Software must be made by the Buyer in writing not later than ninety (90) days after de Software by Seller to Buyer, (iv) SELLER MAKES NO WARRANTIES WHATSOEVER REGARDING ANY SOFTWARE AND/OR COMPONENTS OF THE SOFTWARE CREATED OR OWNED BY ANY THIRD PARTY, (v) THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPESSED, IMPLIED OR STATUTORY RELATING TO THE SOFTWARE, INCLUIDNG BUT NOT LIMITED TO, IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND WARANTIES OF MERCHANTABILITY, AND (vi) any unauthorized use or modification of the Software by Buyer shall void any and all warranties. No other right or license relating to the Software, express or implied, is granted except as provided herein. Buyer shall not sell, assign, sublicense, transfer, or otherwise make availa any third person or entity, without the prior written consent of Seller. Subject to Section 10 hereof, all copies of Software shall be clearly marked by Buyer with the same proprietary and copyright appear on the Software as originally supplied to Buyer.

**12. INDEMNIFICATION.**

(a) General. Each party shall defend, indemnify and hold harmless the other party, its respective officers, directors, agents, subsidiaries, affiliates, subcontractors, assignees and employees, or any of them, f against all losses, damages (actual, increased, or statutory), liabilities, expenses, costs (including court costs and attorney's fees), claims, suits, demands, actions, causes of actions, proceed assessments, deficiencies and charges ("Damages") caused by, relating to or arising from: (i) a default in the performance by such party of its obligations hereunder; (ii) a breach of its warranties o its negligent acts or omissions; and (iv) its intentional misconduct. Buyer shall also indemnify Seller, its respective officers, directors, agents, subsidiaries, affiliates, su and employees, or any of them, without limiting the foregoing, for any such Damages caused by, relating to or arising from: (i) the programming services offered by Buyer or Buyer's programmers which a authorized for using or which use the goods and/or Software, including any assertion that any such programming services involve tortious conduct or the infringement of any third party rights; (ii) any between Buyer and any of its program distributors or other distributors or affiliates; and (iii) any disputes or claims involving the subscribers for the programming services of Buyer; provided, howev Damages are not caused by any act or omission of Seller which would give rise to an obligation by Seller to indemnify Buyer under this Section 12. This subsection 12(a) shall survive termination or ex this Order.

(b) Intellectual Property Indemnity. Seller will defend any suit or proceeding brought against Buyer to the extent that such suit or proceeding is based on a claim that goods manufactured and sold by Seller to Buyer hereunder constitute direct infringement of any valid United States patent and Seller shall pay all Damages awarded by final judgment (from which no appeal may be taken) agains such goods so infringe, on condition that Seller (i) is promptly informed and furnished a copy of each communication, notice or other action relating to the alleged infringement, (ii) information and assistance necessary to defend or settle such suit or proceeding in such a manner as Seller shall determine and (iii) is given sole control of the defense (including the right to selec to compromise and settle such suit or proceeding. If any goods manufactured by Seller and supplied to Buyer hereunder are held to directly infringe any valid United States patent as set and Buyer is enjoined from using the same, or if Seller believes such infringement is likely, Seller will exert reasonable efforts, at its option and its expense, (a) to procure for Buyer the right to liability for patent infringement or (b) to replace or modify such goods with a non-infringing substitute otherwise complying substantially with the specifications for such goods, or (c) u goods, refund the transportation costs and the purchase price, less any applicable depreciation or credit for use, of such goods. If the infringement is alleged prior to completion of delivery of the decline to make further shipments without being in breach of contract. If Seller has not been enjoined from selling such goods to Buyer, Seller may (at Seller's sole election), at Buyer's goods to Buyer in which event Buyer shall be deemed to extend to Seller an indemnity of comparable scope to that hereinabove stated. A comparable indemnity as that set forth above shall also be extended to Seller by Buyer if any suit or proceeding is brought against Seller based on a claim that the goods manufactured by Seller in compliance with Buyer's specifications infringe any vali States patent.

(c) Limitation of Proprietary Rights Indemnification. In no event shall Seller be liable for any: (i) infringement by goods or associated Software manufactured and/or supplied by third parties; (ii) infringement combination with, addition to, or modification of the goods or associated Software after delivery by Seller; (iii) infringement arising out of compliance with Buyer's specifications, (i based on a per use basis, or subscriber revenues derived by Buyer therefrom, or any royalty basis, other than a reasonable royalty based upon revenue derived by Seller from Buyer from sales or license goods associated Software: (v) royalties payable with respect to, or intellectual property claims related to intellectual property rights associated with compliance with the Moving Pictu ("MPEG") Main Profile Video Syntax defined in MPEG-2 specification of Generic Coding of Moving Pictures and Associated Audio: Video (ISO/IEC 13818-2) and the Transport Stream defined in the MPEG-2 Systems specification (ISO/IEC 13818-1) both dated as of November, 1994 ("MPEG-2 Standards"), or (vi) royalties payable with respect to, or intellectual property claims related to intellectual propert associated with compliance with or implementation of standards issued by other public or private standards bodies (including ITU, IEEE, ANSI, ISO/IEC and Cable Labs standards), as well as third party standards such as 5C Digital Transmission Content Protection, DVB and Dolby Digital Audio.

THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE SOLE AND EXCLUSIVE LIABILITY OF SELLER FOR INFRINGEMENT OR THE LIKE OF PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND OTHER INTELLECTUAL PROPERTY RIGHTS IN CONNECTION WITH THIS ORDER, WHETHER DIRECT OR CONTRIBUTORY, AND IS IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY IN REGARD THERETO, INCLUDING, WITHOUT LIMITATION, THE WARRANTY AGAINST INFRINGEMENT SPECIFIED IN THE UNIFORM COMMERCIAL CODE.

**13. TERMINATION.** Except as permitted in Section 2 hereof, this Order shall not be terminated by Buyer without Seller's prior written consent. If Seller so consents to such termination, Buyer shall be liable for termination charges including, without limitation, a price adjustment based on the quantity of goods and/or services actually delivered and all costs, direct, incurred and committed for this Order tog allowance for prorated expenses and anticipated profits. Seller has the right to terminate this Order if (i) unless otherwise specified on the front hereof, Buyer does not release all quant delivery of services within twelve (12) months and, unless caused by Seller's fault, shipment of goods and performance of services does not occur within twelve (12) months after the date Seller r (ii) in Seller's sole judgment, Buyer's financial condition does not justify the terms of payment applicable from time to time and Buyer shall not immediately comply with any modific required by Seller in accordance with Section 3, or (iii) if Buyer fails to pay for the goods and services when payment is due or make arrangements to so do which are acceptable to Seller; or (i agreement with Seller or with any third party providing financing to Buyer, or (v) if Buyer engages in a course of conduct which, in the sole judgment of Seller, substantially and adve or its interests in the promotion, marketing or distribution of its products, or is otherwise deemed to be just cause for termination pursuant to prevailing laws. Upon termination interest, owing by Buyer to Seller shall immediately become due and payable without notice and Seller shall thereupon have all of the rights and remedies of a seller under applicable l in this Order. If Seller exercises such right to terminate, Buyer shall be liable for the charges and adjustments referred to herein, in addition to any other remedies Seller may have law.

**14. REMEDIES and LIABILITY.**

(a) Nonconforming Goods/Warranty Returns. Where Buyer timely and rightfully rejects or revokes acceptance of nonconforming goods and/or notifies Seller of a breach of warranty relating to goods supplied by Seller hereunder, Seller's sole and exclusive liability will be (at Seller's option) to repair, replace or credit Buyer's account (which credit may be applied by Seller against outstanding amounts Seller) with respect to any such goods returned to Seller during the applicable acceptance or warranty period, as the case may be, upon the following conditions: (a) Goods may not be returned without authorization ("RSA") and will be refused and returned freight collect to the sender; (b) Goods returned shall be packed securely and shall be shipped freight prepaid (with duties, taxes and b risk of loss and all other charges associated with the return of such goods being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All ret shipped in accordance with all other instructions (if any) contained in the RSA; and (d) All return shipments will clearly indicate the RSA number on the mailing label. All goods ret subject to examination by Seller. The failure of Buyer to comply with the provisions of this Section 14(a) shall, at Seller's election, void Buyer's rights and remedies with respect t goods may be returned by Buyer to Seller for full payment in accordance with the provisions of this Order. In such an event, all freight, insurance, duties, taxes, brokerage fees and all othe the transportation of such goods (collectively "Transportation Charges") back to Buyer, including risk of loss, shall be the responsibility of Buyer. If Seller elects to keep any goods Buyer which are determined by Seller to be free of defect or otherwise conforming to the warranties hereunder, such goods shall be subject to a restocking fee. Seller reserves the right to withhold remedy hereunder with respect to nonconforming goods until Buyer has fully paid any past due amounts owed to Seller. (b) Services. Where Buyer timely and rightfully notifies Seller that services provided hereunder breach Seller's warranty for such services as described in Section 9, Seller's sole and exclusive liability for such breach will be (at Seller's option) to reperform such services o Buyer's fees paid for such services.

(c) Limitation of Liability. NOTWITHSTANDING ANYTHING CONTAINED IN THIS ORDER, WHERE SELLER FAILS TO MAKE DELIVERY OR REPUDIATES OR BREACHES ANY PROVISION OF THIS ORDER, INCLUDING, WITHOUT LIMITATION, SELLER'S OBLIGATIONS WITH RESPECT TO NONCONFORMING GOODS, SOFTWARE OR SERVICES, SELLER'S LIABILITY SHALL NOT EXCEED THE TOTAL OF ALL AMOUNTS ACTUALLY RECEIVED BY SELLER FROM BUYER UNDER THIS ORDER. IN NO EVENT WILL SELLER BE LIABLE TO ANYONE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY OF THE PROVISIONS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, PROVISIONS REGARDING WARRANTIES, INDEMNITIES AND PATE INFRINGEMENT, SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

**15. OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: (a) Goods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe prepaid (with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s in accordance with all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

**16. CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without an authorization ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp and risk of loss being the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit (if any) contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

**17. WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for an period of time any of the provisions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

**18. GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to its conflict of laws principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain such transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no o court whatsoever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

**19. ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either Seller or Buyer, or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ affiliate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

**20. SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall the extent permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

**21. SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

**22. NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, registered or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of facsimile, telex or telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

**23. EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all applicable international, national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or Software hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or from the United States government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( United States origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the an export license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

**24. CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used herein for convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T licensed Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

**25. MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction described on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, ei oral or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by representative of Buyer or Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of binding upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem performance nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

**26. SALES TO GOVERNMENT ENTITIES.** [illegible] that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own option [illegible] terms in writing, Seller makes no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000

? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)

In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132.
(Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7117153** |
| INVOICE DATE |
| 16-OCT-08 |
| PURCHASE ORDER NO. |
| **2165899** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 15-NOV-08 |
| COMMERCIAL INV NO. |
| 8825774 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0775

SHIP TO

CIRCUIT CITY STORES, INC.
19925 INDEPENDENCE BLVD
STORE #775 / RAY CURRENT
GROVELAND FL 34736

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90382185 | 02-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 100693454 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 309701 | 8825774 | UNITED PARCEL SERVICE | 1Z05425X0371543408 | 10 | 60 | 16-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 2210-02-M002 | 2210-RETAIL-SW,RETAIL -ADSL MDM SNGL DASH PORT ETH, | 30 | 52.43 | 1,572.90 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 1,572.90 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **1,572.90** |
| CURRENCY: | **USD** |

[Page rotated 90°; text largely illegible at provided resolution. Contains "TERMS OF SALE OF GOODS AND / OR SERVICES" with numbered sections including 1. REPRESENTATION OF BUYER, 2. PRICES, 3. PAYMENT, 4. RISK OF LOSS, DELIVERY AND ACCEPTANCE, 5. INSPECTION, 6. SUBSTITUTION AND MODIFICATION OF GOODS OR SERVICES, 7. CONTINGENCIES, 8. WARRANTIES, 9. SUBSCRIBER TERMINAL DEVICES, 10. PROPRIETARY RIGHTS AND CONFIDENTIALITY, 11. SOFTWARE LICENSES AND WARRANTIES, 12. INDEMNIFICATION, 13. TERMINATION, 14. REMEDIES AND LIABILITY, 15. OUT-OF-WARRANTY REPAIRS, 16. CREDIT RETURNS, 17. WAIVER, 18. GOVERNING LAW, 19. ASSIGNMENT, 20. SEVERABILITY, 21. SET-OFF, 22. NOTICE, 23. EXPORT RESTRICTION, 24. CERTAIN REFERENCES; LANGUAGE, 25. MERGER, 26. SALES TO GOVERNMENT ENTITIES. Includes Motorola Connected Home Solutions addresses (Horsham PA, Reading UK, San Diego, Singapore, Beijing, Hong Kong, Argentina, Brazil, Chile, Mexico).]

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7117154** |
| INVOICE DATE |
| 16-OCT-08 |
| PURCHASE ORDER NO. |
| **2165898** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 15-NOV-08 |
| COMMERCIAL INV NO. |
| 8825777 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0755

SHIP TO

CIRCUIT CITY STORES, INC.
1100 CIRCUIT CITY ROAD
STORE #755 / CRAIG HUNT
MARION IL 62959

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90382187 | 02-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 141991730 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 309701 | 8825777 | UNITED PARCEL SERVICE | 1Z05425X0371939508 | 7 | 42 | 16-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 2210-02-M002 | 2210-RETAIL-SW,RETAIL -ADSL MDM SNGL DASH PORT ETH, | 21 | 52.43 | 1,101.03 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 1,101.03 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **1,101.03** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

**1. REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, [illegible] master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be use [illegible], and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

**2. PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping te [illegible] to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta [illegible] income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase [illegible] applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s [illegible] posed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b [illegible] set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to [illegible] any Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

**3. PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not [illegible] to Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason [illegible] total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan [illegible] amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo [illegible] one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof [illegible] shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a [illegible] legal action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment [illegible] making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this [illegible] If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section. Payment shall be made without regar [illegible] made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym [illegible] Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo [illegible] this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t [illegible] requirement for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or [illegible] Notwithstanding the foregoing, Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b [illegible] amounts shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter [illegible] services concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer [illegible] to Seller. Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the [illegible] such unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio [illegible] other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu [illegible] agents, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa [illegible] purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc [illegible] arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an [illegible] statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

**4. RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, [illegible] standing any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava [illegible] allocate resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel [illegible] diaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable [illegible] otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro [illegible] approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller [illegible] hold. Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments, each instal [illegible] be a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t [illegible] the services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s [illegible] be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

**5. INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless [illegible] of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy [illegible] of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu [illegible] services delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within [illegible] provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

**6. SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

[illegible] entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

**7. CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of [illegible] agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a [illegible] of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of [illegible] tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

**8. SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

**9. WARRANTIES.** Except as otherwise herein provided, Seller warrants that the goods (excluding Software, as defined in Section 11 hereof) which it manufactures and supplies hereunder and the media on which [illegible] Software is furnished shall conform to Seller's published specifications and shall be free from defects in materials and workmanship under normal use and service for the following periods: (a) An [illegible] converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – twenty-four (24) months from date of delivery, and analog headend equipment and remote [illegible] (12) months from date of delivery; (b) Digital Set-top converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – thirty-six (36) months delivery for domestic deliveries and twenty-four (24) months from date of delivery for international deliveries, and digital headend equipment and remote controls - twelve (12) months from [illegible] delivery; (c) RF headend equipment, optics headend equipment, nodes, amplifiers, and taps/passives – thirty-six (36) months from date of delivery; (d) cable modems with IP telephony capabilit [illegible] months from date of delivery, and all other cable modems – twenty-four (24) months from date of delivery; (e) cable modem gateway products – twenty-four (24) months from date of delivery; ( [illegible] termination systems – twelve (12) months from date of delivery; and (g) all other equipment – twelve (12) months from date of delivery. Seller's warranties shall not extend (i) to any items subj [illegible], neglect, alteration, modification and/or customization, improper handling, improper transport, improper storage, improper use or application, improper installation, improper testing repair or (ii) cosmetic problems or defects which result from normal wear and tear under ordinary use of the goods and/or media. Seller makes NO WARRANTY as to products which are [illegible] developmental or not manufactured by Seller. As to products not manufactured by Seller, at Buyer's request (but only as permitted under Seller's agreements with its suppliers), Seller [illegible] rights Seller may have under any warranty of the supplier. If services are rendered hereunder, Seller hereby warrants that such services shall be performed consistent with generally accepte standards. The warranty with respect to services shall be valid for ninety (90) days from the date that performance of such services has been rendered. Seller's warranties extend to the Buyer and to [illegible]. Seller's warranties as hereinabove set forth shall not be enlarged, diminished or affected by, and no obligation or liability shall arise or grow out of, Seller's rendering [illegible] connection with furnishing the goods, Software and/or services described in this Order, other than as provided herein. The periods of time described in 9(a), 9(b), 9(c), 9(d), 9(e), 9(f) an together with the period of any extended warranty, shall be collectively referred to as the "Warranty Period." Seller must be notified of any claims hereunder no later than thirty (30) days after [illegible] of the Warranty Period. During the term of the applicable Warranty Period, Seller's sole and exclusive liability for a breach of warranty described in this Section shall be as provide THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE EXCLUSIVE WARRANTIES RELATING TO THE GOODS, SOFTWARE AND/OR SERVICES PROVIDED HEREUNDER AND ARE IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER IMPLIED WARRANTY OBLIGATION ON THE PART OF SELLER.

**10. PROPRIETARY RIGHTS and CONFIDENTIALITY.** (a) All confidential information, know-how, ideas, programming, Software, copyrighted materials, trademarks, trade secrets, documentation, plan drawings, [illegible] processes, techniques, test results, designs and patterns furnished or created by Seller or by Seller's agents or subcontractors (other than Buyer) and all intellectual property rights [illegible] Software and/or services, are and shall remain the sole property of Seller and neither Buyer nor any other party shall have or acquire any title to or interest therein, except as [illegible] thereof. (b) Buyer recognizes and acknowledges that it may gain access to certain confidential, secret or proprietary information possessed by Seller (information) which is a valuable bus [illegible], that disclosure or unauthorized use of the information would cause grave and irreparable injury to Seller. Buyer shall at all times, whether during the term of this Order or subsequent ther [illegible] protect the confidentiality of such information. Buyer will take appropriate action to restrict access to such information to those of its employees and agents who have actual need for su [illegible] duties. Buyer shall not make any copies of any such information nor use such information in any manner contrary to the purposes of this Order without prior written consent of Seller ( [illegible] of Software provided hereunder may be made by Buyer for storage or archival purposes). In connection with information, goods, Software and/or services received by Buyer hereunder, Buyer shall tak [illegible] necessary to abide by the provisions of Seller's security programs in effect from time to time, a copy of which will be provided to Buyer upon request. (c) Buyer shall not reverse eng [illegible] any Software, equipment or any other goods provided hereunder. (d) This Order shall not be construed as granting any right or license, express or implied, except as expressly set forth provisions of this Section 10 shall survive the performance, termination or cancellation of this Order.

**11. SOFTWARE LICENSES AND WARRANTIES.** Seller may supply certain firmware, software and/or related documentation (the "Software") with the goods provided hereunder. If any firmware and/or related documentation is furnished with the goods, Seller hereby grants to Buyer and Buyer hereby accepts a nontransferable, nonexclusive license to use such firmware and/or related documentation solely in co [illegible] use and/or operation of the goods in which such firmware is originally installed. Any other Software is provided under Seller's Standard Terms and Conditions for Licensing of Software att otherwise provided with such Software, or in accordance with a separate license agreement which Seller may require Buyer to execute in connection with the furnishing of the Software. Notwithstanding t [illegible] no Standard Terms and Conditions for Licensing of Software or no separate license agreement is provided by Seller in connection with the furnishing of the Software, then (i) Seller warra Software, as delivered, will perform substantially in accordance with Seller's then-current user manual in all material respects; however, Seller does not warrant that the Software will [illegible] Buyer's needs, be error free, or operate without interruption, (ii) all warranty claims with respect to the Software must be made by the Buyer in writing not later than ninety (90) days after de Software by Seller to Buyer, (iv) SELLER MAKES NO WARRANTIES WHATSOEVER REGARDING ANY SOFTWARE AND/OR COMPONENTS OF THE SOFTWARE CREATED OR OWNED BY ANY THIRD PARTY, (v) THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPESSED, IMPLIED OR STATUTORY RELATING TO THE SOFTWARE, INCLUIDNG BUT NOT LIMITED TO, IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND WARRANTIES OF MERCHANTABILITY, AND (vi) any unauthorized use or modification of the Software by Buyer shall void any and all [illegible] other right or license relating to the Software, express or implied, is granted except as provided herein. Buyer shall not sell, assign, sublicense, transfer, or otherwise make availa [illegible] or entity, without the prior written consent of Seller. Subject to Section 10 hereof, all copies of Software shall be clearly marked by Buyer with the same proprietary and copyright appear on the Software as originally supplied to Buyer.

**12. INDEMNIFICATION.**

(a) General. Each party shall defend, indemnify and hold harmless the other party, its respective officers, directors, agents, subsidiaries, affiliates, subcontractors, assignees and employees, or any of them, f [illegible] losses, damages (actual, increased, or statutory), liabilities, expenses, costs (including court costs and attorney's fees), claims, suits, demands, actions, causes of actions, proceed [illegible] deficiencies and charges ("Damages") caused by, relating to or arising from: (i) a default in the performance by such party of its obligations hereunder; (ii) a breach of its warranties o [illegible] negligent acts or omissions; and (iv) its intentional misconduct. Buyer shall also indemnify Seller, its respective officers, directors, agents, subsidiaries, affiliates, su and employees, or any of them, without limiting the foregoing, for any such Damages caused by, relating to or arising from: (i) the programming services offered by Buyer or Buyer's programmers which a [illegible] for using or which use the goods and/or Software, including any assertion that any such programming services involve tortious conduct or the infringement of any third party rights; (ii) any [illegible] Buyer and any of its program distributors or other distributors or affiliates; and (iii) any disputes or claims involving the subscribers for the programming services of Buyer; provided, howev [illegible] are not caused by any act or omission of Seller which would give rise to an obligation by Seller to indemnify Buyer under this Section 12. This subsection 12(a) shall survive termination or ex this Order.

(b) Intellectual Property Indemnity. Seller will defend any suit or proceeding brought against Buyer to the extent that such suit or proceeding is based on a claim that goods manufactured and [illegible] Seller to Buyer hereunder constitute direct infringement of any valid United States patent and Seller shall pay all Damages awarded by final judgment (from which no appeal may be taken) agains [illegible] goods do so infringe, on condition that Seller (i) is promptly informed and furnished a copy of each communication, notice or other action relating to the alleged infringement, (ii) [illegible] assistance necessary to defend or settle such suit or proceeding in such a manner as Seller shall determine and (iii) is given sole control of the defense (including the right to selec [illegible] to compromise and settle such suit or proceeding. If any goods manufactured by Seller and supplied to Buyer hereunder are held to directly infringe any valid United States patent as set [illegible] from using the same, or if Seller believes such infringement is likely, Seller will exert reasonable efforts, at its option and its expense, (a) to procure for Buyer the right to [illegible] for patent infringement or (b) to replace or modify such goods with a non-infringing substitute otherwise complying substantially with the specifications for such goods, or (c) u [illegible] transportation costs and the purchase price, less any applicable depreciation or credit for use, of such goods. If the infringement is alleged prior to completion of delivery of the [illegible] to make further shipments without being in breach of contract. If Seller has not been enjoined from selling such goods to Buyer, Seller may (at Seller's sole election), at Buyer's [illegible] goods to Buyer in which event Buyer shall be deemed to extend to Seller an indemnity of comparable scope to that hereinabove stated. A comparable indemnity as that set forth above shall also be [illegible] to Seller by Buyer if any suit or proceeding is brought against Seller based on a claim that the goods manufactured by Seller in compliance with Buyer's specifications infringe any vali States patent.

(c) Limitation of Proprietary Rights Indemnification. In no event shall Seller be liable for any: (i) infringement by goods or associated Software manufactured and/or supplied by third parties; (ii) infringement [illegible] combination with, addition to, or modification of the goods or associated Software after delivery by Seller; (iii) infringement arising out of compliance with Buyer's specifications, (i [illegible] on a per use basis, or subscriber revenues derived by Buyer therefrom, or any royalty basis, other than a reasonable royalty based upon revenue derived by Seller from Buyer from sales or license [illegible] associated Software; (v) royalties payable with respect to, or intellectual property claims related to intellectual property associated with compliance with the Moving Pictu ("MPEG") Main Profile Video Syntax defined in MPEG-2 specification of Generic Coding of Moving Pictures and Associated Audio: Video (ISO/IEC 13818-2) and the Transport Stream defined in the MPEG-2 [illegible] specification (ISO/IEC 13818-1) both dated as of November, 1994 ("MPEG-2 Standards"), or (vi) royalties payable with respect to, or intellectual property claims related to intellectual propert [illegible] with compliance with or implementation of standards issued by other public or private standards bodies (including ITU, IEEE, ANSI, ISO/IEC and Cable Labs standards), as well as third party standards such as 5C Digital Transmission Content Protection, DVB and Dolby Digital Audio.

THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE SOLE AND EXCLUSIVE LIABILITY OF SELLER FOR INFRINGEMENT OR THE LIKE OF PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND OTHER INTELLECTUAL PROPERTY RIGHTS IN CONNECTION WITH THIS ORDER, WHETHER DIRECT OR CONTRIBUTORY, AND IS IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY IN REGARD THERETO, INCLUDING, WITHOUT LIMITATION, THE WARRANTY AGAINST INFRINGEMENT SPECIFIED IN THE UNIFORM COMMERCIAL CODE.

**13. TERMINATION.** Except as permitted in Section 2 hereof, this Order shall not be terminated by Buyer without Seller's prior written consent. If Seller so consents to such termination, Buyer shall be liable for [illegible] charges including, without limitation, a price adjustment based on the quantity of goods and/or services actually delivered and all costs, direct, incurred and committed for this Order log [illegible] allowance for prorated expenses and anticipated profits. Seller has the right to terminate this Order if (i) unless otherwise specified on the front hereof, Buyer does not release all quant [illegible] delivery of services within twelve (12) months end, unless caused by Seller's fault, shipment of goods and performance of services does not occur within twelve (12) months after the date Seller r [illegible] (ii) in Seller's sole judgment, Buyer's financial condition does not justify the terms of payment applicable from time to time and Buyer shall not immediately comply with any modific [illegible] required by Seller in accordance with Section 3, or (iii) if Buyer fails to pay for the goods and services when payment is due or make arrangements to so do which are acceptable to Seller; or (i [illegible] any agreement with Seller or with any third party providing financing to Buyer, or (v) if Buyer engages in a course of conduct which, in the sole judgment of Seller, substantially and adve [illegible] or its interests in the promotion, marketing or distribution of its products, or is otherwise deemed to be just cause for termination pursuant to prevailing laws. Upon termination [illegible] interest, owing by Buyer to Seller shall immediately become due and payable without notice and Seller shall thereupon have all of the rights and remedies of a seller under applicable l [illegible] in this Order. If Seller exercises such right to terminate, Buyer shall be liable for the charges and adjustments referred to herein, in addition to any other remedies Seller may have law.

**14. REMEDIES and LIABILITY.**

(a) Nonconforming Goods/Warranty Returns. Where Buyer timely and rightfully rejects or revokes acceptance of nonconforming goods and/or notifies Seller of a breach of warranty relating to goods supplied [illegible]. Seller's sole and exclusive liability will be (at Seller's option) to repair, replace or credit Buyer's account (which credit may be applied by Seller against outstanding amounts [illegible] with respect to any such goods returned to Seller during the applicable acceptance or warranty period, as the case may be, upon the following conditions: (a) Goods may not be returned without [illegible] ("RSA") and will be refused and returned freight collect to the sender; (b) Goods returned shall be packed securely and shall be shipped freight prepaid (with duties, taxes and b [illegible] of loss and all other charges associated with the return of such goods being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All ret [illegible] shipped in accordance with all other instructions (if any) contained in the RSA; and (d) All return shipments will clearly indicate the RSA number on the mailing label. All goods ret [illegible] subject to examination by Seller. The failure of Buyer to comply with the provisions of this Section 14(a) shall, at Seller's election, void Buyer's rights and remedies with respect t [illegible] goods may be returned by Seller to Buyer for full payment in accordance with the provisions of this Order. In such an event, all freight, insurance, duties, taxes, brokerage fees and all othe [illegible] transportation of such goods (collectively "Transportation Charges") back to Buyer, including risk of loss, shall be the responsibility of Buyer. If Seller elects to keep any goods [illegible] which are determined by Seller to be free of defect or otherwise conforming to the warranties hereunder, such goods shall be subject to a restocking fee. Seller reserves the right to withhold remedy hereunder with respect to nonconforming goods until Buyer has fully paid any past due amounts owed to Seller. (b) Services. Where Buyer timely and rightfully notifies Seller that services provided hereunder breach Seller's warranty for such services as described in Section 9, Seller's sole and exclusive liability for such breach will be (at Seller's option) to reperform such services o Buyer's fees paid for such services.

(c) Limitation of Liability. NOTWITHSTANDING ANYTHING CONTAINED IN THIS ORDER, WHERE SELLER FAILS TO MAKE DELIVERY OR REPUDIATES OR BREACHES ANY PROVISION OF THIS ORDER, INCLUDING, WITHOUT LIMITATION, SELLER'S OBLIGATIONS WITH RESPECT TO NONCONFORMING GOODS, SOFTWARE OR SERVICES, SELLER'S LIABILITY SHALL NOT EXCEED THE TOTAL OF ALL AMOUNTS ACTUALLY RECEIVED BY SELLER FROM BUYER UNDER THIS ORDER. IN NO EVENT WILL SELLER BE LIABLE TO ANYONE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY OF THE PROVISIONS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, PROVISIONS REGARDING WARRANTIES, INDEMNITIES AND PATENT INFRINGEMENT. SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

**15. OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: [illegible] Goods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe [illegible] with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s [illegible] with all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

**16. CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without [illegible] ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp [illegible] the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit [illegible] contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

**17. WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for an period of time any of the provisions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

**18. GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to [illegible] principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain [illegible] such transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no o [illegible] whatsoever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

**19. ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either [illegible], or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ [illegible] affiliate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

**20. SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions to [illegible] circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall [illegible] extent permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

**21. SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

**22. NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, [illegible] or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of [illegible] telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

**23. EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all [illegible] national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or [illegible] hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or [illegible] States government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t [illegible] of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( [illegible] origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the [illegible] license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

**24. CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used [illegible] convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T [illegible] Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

**25. MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction [illegible] on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, o [illegible] or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by [illegible] Buyer or Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of [illegible] upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem [illegible] nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

**26. SALES TO GOVERNMENT ENTITIES.** [illegible] that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own [illegible] terms in writing. Seller make no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000
? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)
In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132.
(Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

General Instrument Corporation
dba Connected Home Solutions Business of Motorola, Inc.
101 Tournament Drive
Horsham, PA 19044
215-323-1000

| INVOICE NO. | 7117155 |
|---|---|
| INVOICE DATE | 16-OCT-08 |
| PURCHASE ORDER NO. | 2165892 |
| CUSTOMER NO. | 5002277 |
| DUE DATE | 15-NOV-08 |
| COMMERCIAL INV NO. | 8825773 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0353

SHIP TO

CIRCUIT CITY STORES, INC.
680 S LEMON AVE
STORE #353 / ANTHONY CALLES
WALNUT CA 91789

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90382189 | 02-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 050377675 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 309701 | 8825773 | UNITED PARCEL SERVICE | 1Z05425X0370789646 | 16 | 96 | 16-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 2210-02-M002 | 2210-RETAIL-SW,RETAIL -ADSL MDM SNGL DASH PORT ETH, | 48 | 52.43 | 2,516.64 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 2,516.64 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **2,516.64** |
| CURRENCY: | **USD** |

[Page contains Terms of Sale of Goods and/or Services printed sideways in very small, largely illegible type. Readable structural elements include numbered sections: 1. REPRESENTATION OF BUYER; 2. PRICES; 3. PAYMENT TERMS, TITLE; 4. RISK OF LOSS, DELIVERY AND ALLOCATION; 5. INSPECTION AND ACCEPTANCE; 6. SIZE OF ORDER (with minimum order price table listing Subscriber Terminal Devices $20,000; Addressable Computer Equipment $10,000; Repair Parts and Subassemblies $250; All Other Products 5,000; Services 300); 7. CONTINGENCIES; 8. SUBSTITUTION AND MODIFICATION OF GOODS OR SERVICES; 9. WARRANTIES; 10. SOFTWARE LICENSES AND WARRANTIES; 11. INDEMNIFICATION; 12. (a) Intellectual Property Rights Indemnity; (b) Limitation of Proprietary Rights Indemnification; 13. TERMINATION; 14. REMEDIES AND LIABILITY; (a) Nonconforming Goods/Warranty Returns; (b) Services; (c) Limitation of Liability; 15. OUT-OF-WARRANTY REPAIRS; 16. CREDIT RETURNS; 17. WAIVER; 18. GOVERNING LAW; 19. ASSIGNMENT; 20. SEVERABILITY; 21. NOTICE; 22. EXPORT RESTRICTION; 23. CERTAIN REFERENCES; LANGUAGE; 24. MERGER; 25. SALES TO GOVERNMENT ENTITIES; 26. SOFTWARE LICENSES TO Connected Home Solutions Customer Service Locations.

Contact block: General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044, (215) 323-1000. Additional offices listed: U.S. Corporate Headquarters in Horsham, PA (215) 323-1000; Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.) 6450 Sequence Drive, San Diego, CA 92121 (858) 404-3000; In Europe: Reading, U.K. 44-118-975-5555; In Latin America: Regional Office in Miami (954) 427-2283; Hong Kong: 852-2587-1163; Japan: 81-3-5285-3070; Argentina: 541-785-4567; Brazil (Rio de Janeiro) 5521-494-3132; Chile: 562-339-7544; Mexico: 525-525-1584; (São Paulo) 5511-5507-2822.]

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. | INVOICE DATE | PURCHASE ORDER NO. | CUSTOMER NO. | DUE DATE | COMMERCIAL INV NO. |
|---|---|---|---|---|---|
| 7115622 | 08-OCT-08 | 2165889 | 5002277 | 07-NOV-08 | 8822707 |

BILL TO LOCATION: RICHMOND001

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

SHIP TO LOCATION: 0255

SHIP TO

CIRCUIT CITY STORES, INC.
4000 TOWNSHIP LINE ROAD
STORE #255 / MIKE SPARLING
BETHLEHEM PA 18020

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90382195 | 02-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 390770320 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 307672 | 8822707 | ROADWAY | 8737415886 | 4 | 61.44 | 08-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 484095-001-00 | SIGNAL BOOSTER,PRD OTH,AU,BDA-100S1 / RETAIL PKG W/ | 24 | 31.85 | 764.40 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 764.40 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **764.40** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

**1. REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, [illegible] master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be use [illegible] system, and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

**2. PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping te [illegible] to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta [illegible] income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase [illegible] applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s [illegible] imposed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b [illegible] set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to [illegible] any Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

**3. PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not [illegible] Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason [illegible] total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan [illegible] amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo [illegible] one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof t [illegible] shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a [illegible] action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment [illegible] making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this [illegible] If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section .Payment shall be made without regar [illegible] made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym [illegible] Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo [illegible] this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t [illegible] requirement for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or [illegible] standing the foregoing. Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b [illegible] shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter [illegible] services concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer [illegible] to Seller, Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the [illegible] such unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio [illegible] other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu [illegible] agents, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa [illegible] purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc [illegible] arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an [illegible] statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

**4. RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, [illegible] standing any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava [illegible] allocate resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel [illegible] diaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable [illegible] otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro [illegible] approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller [illegible] Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments, each instal [illegible] be a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t [illegible] services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s [illegible] be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

**5. INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless [illegible] of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy [illegible] of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu [illegible] services delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within [illegible] provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

**6. SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

[illegible] entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

**7. CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of [illegible] agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a [illegible] of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of [illegible] tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

**8. SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

**9. WARRANTIES.** [illegible]

**10. PROPRIETARY RIGHTS and CONFIDENTIALITY.** [illegible]

**11. SOFTWARE LICENSES AND WARRANTIES.** [illegible]

**12. INDEMNIFICATION.** [illegible]

**13. TERMINATION.** [illegible]

**14. REMEDIES and LIABILITY.** [illegible]

INFRINGEMENT, SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

**15. OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: (a) Goods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe [illegible] (with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s [illegible] with all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

**16. CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without [illegible] ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp [illegible] the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit [illegible] contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

**17. WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for a period of time any of the provisions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

**18. GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to [illegible] principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain [illegible] such transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no o [illegible] soever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

**19. ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either [illegible], or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ [illegible] affiliate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

**20. SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions to [illegible] circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall [illegible] extent permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

**21. SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

**22. NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, registered or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of [illegible] telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

**23. EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all [illegible] national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or [illegible] hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or [illegible] States government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t [illegible] of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( [illegible] origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the [illegible] license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

**24. CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used [illegible] convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T [illegible] Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

**25. MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction described on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, ei oral or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by [illegible] Buyer or Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of [illegible] upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem [illegible] nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

**26. SALES TO GOVERNMENT ENTITIES.** [illegible] that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own option [illegible] terms in writing. Seller make no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000

? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)

In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132. (Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7115623** |
| INVOICE DATE |
| 08-OCT-08 |
| PURCHASE ORDER NO. |
| **2165888** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 07-NOV-08 |
| COMMERCIAL INV NO. |
| 8822707 |

| BILL TO LOCATION: | RICHMOND001 |
|---|---|

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

| SHIP TO LOCATION: | 0255 |
|---|---|

SHIP TO

CIRCUIT CITY STORES, INC.
4000 TOWNSHIP LINE ROAD
STORE #255 / MIKE SPARLING
BETHLEHEM PA 18020

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90382196 | 02-OCT-08 | OM-STANDARD ORDER MIXE | | NET 30 | COLEEN BOHNERT | 185 | 390770320 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 307672 | 8822707 | ROADWAY | 8737415886 | 605 | 1210 | 08-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 515290-107-00 | SB5101,CBL MODEM,RETAIL / ROHS,F/G | 605 | 55.34 | 33,480.70 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 33,480.70 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **33,480.70** |
| CURRENCY: | **USD** |

# TERMS OF SALE OF GOODS AND / OR SERVICES

**1. REPRESENTATION OF BUYER.** Buyer represents and warrants that (i) it is (or it is acting as a distributor, repair center or other agent for a third party which is) duly licensed to operate a cable television system, satellite/master antenna system and/or a multiple multipoint distribution system, and (ii) the goods and/or services that it purchases from Seller under this Order Acknowledgment ("Order") will be use distribution system, and (iii) these goods and/or services will not directly or indirectly be used to further the illegal theft of services or any other unauthorized receipt, interception, publication, d interference with any privately owned transmissions of information.

**2. PRICES.** (a) Unless otherwise indicated on the front of this Order, all prices are quoted EX-WORKS Seller's manufacturing facility according to INCOTERMS 2000. In order to be valid, any different shipping te to INCOTERMS 2000. Consistent with the foregoing and unless otherwise specified on the front hereof, the prices specified herein do not include any insurance, transportation, shipping, ta income) or duties (now or hereafter enacted) relating to the goods and/or services provided hereunder, all of which shall be Buyer's responsibility, and are subject to any minimum purchase applicable to Buyer. In respect of the provisions of goods or services by Seller, Buyer shall pay those sales or other taxes, however designated or levied (including any value added or s posed), on the sale or use of such goods and/or services other than taxes based upon Seller's capital or net income. All taxes shall be pre-paid by Seller and invoiced at cost to, and paid b set forth herein are subject to change by Seller at any time upon not less than ten(10) days prior notice to Seller. Buyer's sole and exclusive right upon receipt of such notice shall be to any Order for goods and/or services affected by the change in price by giving written notice to Seller within the sixty (60) days after the date of Seller's notice. If Buyer fa to Seller of such cancellation, all Orders shall remain in full force and effect except for the price, which shall be the price set forth in Seller's notice.

**3. PAYMENT TERMS, TITLE.** Seller may elect to extend credit to Buyer, in Seller's sole discretion, under Seller's standard credit terms and conditions as may be applicable from time to time. If Seller does not Buyer, payment for goods and services delivered hereunder shall be in advance of, or as a condition to delivery of such goods and/or services, as Seller may direct. If for any reason total approved credit line, the amount of overage will become immediately due and payable. In addition, if Buyer places an order for goods and/or services which will cause Buyer's outstan amount of approved credit, the amount over Buyer's approved credit must be paid in advance of, or as a condition to delivery of goods and/or services under such order. After the due date fo one and one-half (1 1/2) percent of the unpaid balance (annual rate of 18%) or the maximum late payment penalty charge permitted by the law will be added for each month or part thereof t Buyer shall also be responsible to reimburse Seller for all costs associated with Seller's attempt to collect amounts due under this Order, including all costs associated with employing a legal action to collect amounts due. The Seller has the right at any time to change the amount of credit or terms of payment or to withdraw credit and to require partial or full payment making further shipments or providing additional services. Seller may accelerate all open credit and require payment "on demand" if Buyer breaches any obligation owed to Seller under this If Seller performs services or delivers goods in installments, each installment shall be deemed to be a separate delivery for purposes of this section. Payment shall be made without regar made or may make any inspection or tests. Anything herein to the contrary notwithstanding, if either the performance of services or the shipment of goods is delayed at Buyer's request, paym Seller is prepared to render such services or make such shipments of goods. Any goods held thereafter by Seller or carrier for Buyer shall be at Buyer's sole risk and expense. Any vo this Order shall be earned by Buyer only after payment of all amounts (at nondiscounted prices) owed by Buyer to Seller relating to the minimum amount of goods and/or services necessary t ment for such discount. Thereafter, a credit will be issued to Buyer's account which, at Buyer's election, may be applied to any open invoices or against future purchases of goods and/or standing the foregoing, Seller may elect, at Seller's discretion, to first apply any earned, volume discount against outstanding, past due invoices issued to Buyer. Any credit applied b unts shall not entitle Buyer to any volume discount which would otherwise arise as a result of making such payment. The passage of risk of loss notwithstanding, all right, title and inter services concerning which title passes under this Order is reserved to Seller until the full purchase price for all goods and services hereunder has been fully and finally paid. If Buyer to Seller, Seller shall have the right to take possession of any goods delivered hereunder as may be in Buyer's possession or control, and to resell, retain or otherwise dispose of the such unpaid sums any moneys received (net of costs and expenses) as a result of any resale of such goods. Buyer hereby consents to the entry of a judgment or order in any competent jurisdictio other security, permitting Seller to enter upon any premises on which such goods may be situated and take possession of such goods thereon or remove the same therefrom, without liability to Bu agents, for any damages caused by such exercise of Seller's rights. As further security for any and all indebtedness to Seller, Buyer hereby grants to Seller, until such time as full pa purchase money security interest, with priority over all other security interests, in all (i) goods to which Buyer has or will acquire title hereunder, (ii) present and future acc arising from Buyer's sale, lease or transfer of such goods, and (iii) proceeds and accessions of and to any and all of the foregoing. Buyer authorizes Seller to execute and file, at an statements with respect to such goods, signed only by the Seller and to otherwise perfect such security interest on Buyer's behalf, and will cooperate fully in accomplishing the same shall pass to Buyer according to the INCOTERM set forth in Section 2 above.

**4. RISK OF LOSS, DELIVERY and ALLOCATION.** Liability for loss or damage to any goods provided hereunder shall pass to Buyer according to the INCOTERM selected pursuant to Section 2 hereof, standing any "ship to" address provided by Buyer to Seller. Shipping, performance and/or delivery dates for goods and/or services provided hereunder are approximate only, and are subject to ava allocate resources, production and deliveries among any or all of Seller's customers as Seller may determine, including without limitation, regular customers not then under contract, as wel diaries and affiliates) own requirements for further manufacture or other use. Seller has the right to deliver goods and services in installments. Seller shall not be liable otherwise) incurred by Buyer if Seller fails to meet such dates for any reason, including, but not limited to, the contingencies stated in Section 7 hereof or any other unavoidable pro approval of samples by Buyer, modification of specifications previously agreed upon, delays in submission of specifications acceptable to Seller or delays due to the fact that Seller hold. Delays in performance, delivery, nonconformity or nondelivery of an installment shall not relieve Buyer of its obligations hereunder with respect to any other installments, each instal be a separate contract. Unless specified on the front hereof, Seller shall select the mode of transportation and the carrier for goods delivered hereunder. In addition, Seller shall select t services, including without limitation the right, in its sole discretion, to use agents or subcontractors to perform the services to be rendered hereunder. All persons performing s be under Seller's sole and exclusive direction. Buyer shall not solicit for employment, for itself of for any other person or entity, any personnel of Seller involved in the pe under this Order.

**5. INSPECTION and ACCEPTANCE.** All goods delivered hereunder shall be inspected by Buyer with fifteen (15) days after receipt thereof, and such goods shall be conclusively deemed accepted by Buyer unless of rejection has been sent by Buyer to Seller within such fifteen (15) day period. Rejected goods shall be placed by Buyer in safe storage for inspection by Seller or returned by Buy ents of Section 14 hereof. Buyer shall only have the right to reject goods that do not conform to Seller's warranties provided herein. Rejected goods remain at Buyer's risk until retu vices delivered hereunder shall be conclusively deemed accepted by Buyer unless a written notice describing any nonconformance of such services to this Order has been sent by Buyer to Seller within provided in Section 9 hereof. Buyer acknowledges that its right of inspection hereunder shall not affect the passage of title or risk of loss, both of which shall pass to Buyer in acco Incoterm set forth in Section 2 hereof.

**6. SIZE OF ORDER.** Minimum order price for goods and/or services provided hereunder shall be as follows:

| | | | |
|---|---|---|---|
| Subscriber Terminal Devices | $20,000 | All Other Products | $ 5,000 |
| Addressable Computer Equipment | $10,000 | Services | $ 300 |
| Repair Parts and Subassemblies | $ 250 | | |

entered in multiples of the standard pack quantities set forth herein. Any order not in a multiple of the applicable standard pack quantity shall be deemed by Seller to be an order for multiple of such quantities.

**7. CONTINGENCIES.** Seller shall not be liable for any delay in performance or for nonperformance in whole or in part caused by the occurrence of any contingency beyond the control either of Seller or any of agents or subcontractors, including, but not limited to, war (whether actual declaration thereof is made or not), sabotage, insurrection, riot or other act of civil disobedience, a of government or any agency or subdivision thereof, accident, fire, explosion, flood, storm or other Act of God, labor dispute, failure or delay in transportation, shortage of tools, dies or equipment, or any technical, power or field failure. Any such delays shall excuse Seller from performance and Seller's time for performance shall be extended for the per and for a reasonable period thereafter.

**8. SUBSTITUTION and MODIFICATION OF GOODS OR SERVICES.** Seller has the right to modify the specifications of goods or services to be furnished by Seller hereunder and to substitute substantially equivalent goods or services.

**9. WARRANTIES.** Except as otherwise herein provided, Seller warrants that the goods (excluding Software, as defined in Section 11 hereof) which it manufactures and supplies hereunder and the media on which is furnished shall conform to Seller's published specifications and shall be free from defects in materials and workmanship under normal use and service for the following periods: (a) An and related subscriber terminal devices (except for externally mounted devices and remote controls) – twenty-four (24) months from date of delivery, and analog headend equipment and remote months from date of delivery; (b) Digital Set-top converters and related subscriber terminal devices (except for externally mounted devices and remote controls) – thirty-six (36) months delivery for domestic deliveries and twenty-four (24) months from date of delivery for international deliveries, and digital headend equipment and remote controls – twelve (12) months from livery; (c) RF headend equipment, optics headend equipment, nodes, amplifiers, and taps/passives – thirty-six (36) months from date of delivery; (d) cable modems with IP telephony capabilit ) months from date of delivery, and all other cable modems – twenty-four (24) months from date of delivery; (e) cable modem gateway products – twenty-four (24) months from date of delivery; ( termination systems – twelve (12) months from date of delivery; and (g) all other equipment – twelve (12) months from date of delivery. Seller's warranties shall not extend (i) to any items subj neglect, alteration, modification and/or customization, improper handling, improper transport, improper storage, improper use or application, improper installation, improper testing repair or (ii) cosmetic problems or defects which result from normal wear and tear under ordinary use of the goods and/or media. Seller makes NO WARRANTY as to products which are developmental or not manufactured by Seller. As to products not manufactured by Seller, at Buyer's request (but only as permitted under Seller's agreements with its suppliers), Seller rights Seller may have under any warranty of the supplier. If services are rendered hereunder, Seller hereby warrants that such services shall be performed consistent with generally accepte standards. The warranty with respect to services shall be valid for ninety (90) days from the date that performance of such services has been rendered. Seller's warranties extend to the Buyer and to Seller's warranties as hereinabove set forth shall not be enlarged, diminished or affected by, and no obligation or liability shall arise or grow out of, Seller's rendering connection with furnishing the goods, Software and/or services described in this Order, other than as provided herein. The periods of time described in 9(a), 9(b), 9(c), 9(d), 9(e), 9(f) an together with the period of any extended warranty, shall be collectively referred to as the "Warranty Period." Seller must be notified of any claims hereunder no later than thirty (30) days after of the Warranty Period. During the term of the applicable Warranty Period, Seller's sole and exclusive liability for a breach of warranty described in this Section shall be as provide THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE EXCLUSIVE WARRANTIES RELATING TO THE GOODS, SOFTWARE AND/OR SERVICES PROVIDED HEREUNDER AND ARE IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER IMPLIED WARRANTY OBLIGATION ON THE PART OF SELLER.

**10. PROPRIETARY RIGHTS and CONFIDENTIALITY.** (a) All confidential information, know-how, ideas, programming, Software, copyrighted materials, trademarks, trade secrets, documentation, plan drawings, processes, techniques, test results, designs and patterns furnished or created by Seller or by Seller's agents or subcontractors (other than Buyer) and all intellectual property rights Software and/or services, are and shall remain the sole property of Seller and neither Buyer nor any other party shall have or acquire any title to or interest therein, except as thereof. (b) Buyer recognizes and acknowledges that it may gain access to certain confidential, secret or proprietary information possessed by Seller (information) which is a valuable bus that disclosure or unauthorized use of the information would cause grave and irreparable injury to Seller. Buyer shall at all times, whether during the term of this Order or subsequent ther protect the confidentiality of such information. Buyer will take appropriate action to restrict access to such information to those of its employees and agents who have actual need for su duties. Buyer shall not make any copies of any such information nor use such information in any manner contrary to the purposes of this Order without prior written consent of Seller ( of Software provided hereunder may be made by Buyer for storage or archival purposes). In connection with information, goods, Software and/or services received by Buyer hereunder, Buyer shall tak necessary to abide by the provisions of Seller's security programs in effect from time to time, a copy of which will be provided to Buyer upon request. (c) Buyer shall not reverse eng ble any Software, equipment or any other goods provided hereunder. (d) This Order shall not be construed as granting any right or license, express or implied, except as expressly set forth provisions of this Section 10 shall survive the performance, termination or cancellation of this Order.

**11. SOFTWARE LICENSES AND WARRANTIES.** Seller may supply certain firmware, software and/or related documentation (the "Software") with the goods provided hereunder. If any firmware and/or related documentation is furnished with the goods, Seller hereby grants to Buyer and Buyer hereby accepts a nontransferable, nonexclusive license to use such firmware and/or related documentation solely in co and/or operation of the goods in which such firmware is originally installed. Any other Software is provided under Seller's Standard Terms and Conditions for Licensing of Software att otherwise provided with such Software, or in accordance with a separate license agreement which Seller may require Buyer to execute in connection with the furnishing of the Software. Notwithstanding t no Standard Terms and Conditions for Licensing of Software or no separate license agreement is provided by Seller in connection with the furnishing of the Software, then (i) Seller warra Software, as delivered, will perform substantially in accordance with Seller's then-current user manual in all material respects; however, Seller does not warrant that the Software will needs, be error free, or operate without interruption, (ii) all warranty claims with respect to the Software must be made by the Buyer in writing not later than ninety (90) days after de Software by Seller to Buyer. (iv) SELLER MAKES NO WARRANTIES WHATSOEVER REGARDING ANY SOFTWARE AND/OR COMPONENTS OF THE SOFTWARE CREATED OR OWNED BY ANY THIRD PARTY. (v) THE FOREGOING WARRANTIES ARE IN LIEU OF ALL OTHER WARRANTIES EXPESSED, IMPLIED OR STATUTORY RELATING TO THE SOFTWARE, INCLUIDNG BUT NOT LIMITED TO, IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND WARANTIES OF MERCHANTABILITY, AND (vi) any unauthorized use or modification of the Software by Buyer shall void any and all other right or license relating to the Software, express or implied, is granted except as provided herein. Buyer shall not sell, assign, sublicense, transfer, or otherwise make availa or entity, without the prior written consent of Seller. Subject to Section 10 hereof, all copies of Software shall be clearly marked by Buyer with the same proprietary and copyright appear on the Software as originally supplied to Buyer.

**12. INDEMNIFICATION.**

(a) General. Each party shall defend, indemnify and hold harmless the other party, its respective officers, directors, agents, subsidiaries, affiliates, subcontractors, assignees and employees, or any of them, losses, damages (actual, increased, or statutory), liabilities, expenses, costs (including court costs and attorney's fees), claims, suits, demands, actions, causes of actions, proceed deficiencies and charges ("Damages") caused by, relating to or arising from: (i) a default in the performance by such party of its obligations hereunder; (ii) a breach of its warranties o negligent acts or omissions; and (iv) its intentional misconduct. Buyer shall also indemnify Seller, its respective officers, directors, agents, subsidiaries, affiliates, su and employees, or any of them, without limiting the foregoing, for any such Damages caused by, relating to or arising from: (i) the programming services offered by Buyer or Buyer's programmers which a for using or which use the goods and/or Software, including any assertion that any such programming services involve tortious conduct or the infringement of any third party rights; (ii) any Buyer and any of its program distributors or other distributors or affiliates; and (iii) any disputes or claims involving the subscribers for the programming services of Buyer; provided, howev are not caused by any act or omission of Seller which would give rise to an obligation by Seller to indemnify Buyer under this Section 12. This subsection 12(a) shall survive termination or ex this Order.

(b) Intellectual Property Indemnity. Seller will defend any suit or proceeding brought against Buyer to the extent that such suit or proceeding is based on a claim that goods manufactured and by Seller to Buyer hereunder constitute direct infringement of any valid United States patent and Seller shall pay all Damages awarded by final judgment (from which no appeal may be taken) agains goods do so infringe, on condition that Seller (i) is promptly informed and furnished a copy of each communication, notice or other action relating to the alleged infringement, (ii) assistance necessary to defend or settle such suit or proceeding in such a manner as Seller shall determine and (iii) is given sole control of the defense (including the right to selec to compromise and settle such suit or proceeding. If any goods manufactured by Seller and supplied to Buyer hereunder are held to directly infringe any valid United States patent as set from using the same, or if Seller believes such infringement is likely, Seller will exert reasonable efforts, at its option and its expense, (a) to procure for Buyer the right to for patent infringement or (b) to replace or modify such goods with a non-infringing substitute otherwise complying substantially with the specifications for such goods, or (c) u the transportation costs and the purchase price, less any applicable depreciation or credit for use, of such goods. If the infringement is alleged prior to completion of delivery of the to make further shipments without being in breach of contract. If Seller has not been enjoined from selling such goods to Buyer, Seller may (at Seller's sole election), at Buyer's goods to Buyer in which event Buyer shall be deemed to extend to Seller an indemnity of comparable scope to that hereinabove stated. A comparable indemnity as that set forth above shall also be to Seller by Buyer if any suit or proceeding is brought against Seller based on a claim that the goods manufactured by Seller in compliance with Buyer's specifications infringe any vali States patent.

(c) Limitation of Proprietary Rights Indemnification. In no event shall Seller be liable for any: (i) infringement by goods or associated Software manufactured and/or supplied by third parties; (ii) infringement with, addition to, or modification of the goods or associated Software after delivery by Seller; (iii) infringement arising out of compliance with Buyer's specifications, (i on a per use basis, or subscriber revenues derived by Buyer therefrom, or any royalty basis, other than a reasonable royalty based upon revenue derived by Seller from sales or license associated Software; (v) royalties payable with respect to, or intellectual property claims related to intellectual property rights associated with compliance with the Moving Pictu ("MPEG") Main Profile Video Syntax defined in MPEG-2 specification of Generic Coding of Moving Pictures and Associated Audio: Video (ISO/IEC 13818-2) and the Transport Stream defined in the MPEG-2 specification (ISO/IEC 13818-1) both dated as of November, 1994 ("MPEG-2 Standards"), or (vi) royalties payable with respect to, or intellectual property claims related to intellectual propert with compliance with or implementation of standards issued by other public or private standards bodies (including ITU, IEEE, ANSI, ISO/IEC and Cable Labs standards), as well as third party standards such as SC Digital Transmission Content Protection, DVB and Dolby Digital Audio.

THE TERMS AND CONDITIONS OF THIS ORDER CONTAIN THE SOLE AND EXCLUSIVE LIABILITY OF SELLER FOR INFRINGEMENT OR THE LIKE OF PATENTS, TRADEMARKS, COPYRIGHTS, TRADE SECRETS AND OTHER INTELLECTUAL PROPERTY RIGHTS IN CONNECTION WITH THIS ORDER, WHETHER DIRECT OR CONTRIBUTORY, AND IS IN LIEU OF ALL WARRANTIES, EXPRESS, IMPLIED OR STATUTORY IN REGARD THERETO, INCLUDING, WITHOUT LIMITATION, THE WARRANTY AGAINST INFRINGEMENT SPECIFIED IN THE UNIFORM COMMERCIAL CODE.

**13. TERMINATION.** Except as permitted in Section 2 hereof, this Order shall not be terminated by Buyer without Seller's prior written consent. If Seller so consents to such termination, Buyer shall be liable for charges including, without limitation, a price adjustment based on the quantity of goods and/or services actually delivered and all costs, direct, incurred and committed for this Order tog allowance for prorated expenses and anticipated profits. Seller has the right to terminate this Order if (i) unless otherwise specified on the front hereof, Buyer does not release all quant delivery of services within twelve (12) months and, unless caused by Seller's fault, shipment of goods and performance of services does not occur within twelve (12) months after the date Seller r (ii) in Seller's sole judgment, Buyer's financial condition does not justify the terms of payment applicable from time to time and Buyer shall not immediately comply with any modific required by Seller in accordance with Section 3, or (iii) if Buyer fails to pay for the goods and services when payment is due or make arrangements to so do which are acceptable to Seller; or (i agreement with Seller or with any third party providing financing to Buyer, or (v) if Buyer engages in a course of conduct which, in the sole judgment of Seller, substantially and adve or its interests in the promotion, marketing or distribution of its products, or is otherwise deemed to be just cause for termination pursuant to prevailing laws. Upon termination interest, owing by Buyer to Seller shall immediately become due and payable without notice and Seller shall thereupon have all of the rights and remedies of a seller under applicable l in this Order. If Seller exercises such right to terminate, Buyer shall be liable for the charges and adjustments referred to herein, in addition to any other remedies Seller may have law.

**14. REMEDIES and LIABILITY.**

(a) Nonconforming Goods/Warranty Returns. Where Buyer timely and rightfully rejects or revokes acceptance of nonconforming goods and/or notifies Seller of a breach of warranty relating to goods supplied by Seller to Buyer hereunder, Seller's sole and exclusive liability will be (at Seller's option) to repair, replace or credit Buyer's account (which credit may be applied by Seller against outstanding amounts with respect to any such goods returned to Seller during the applicable acceptance or warranty period, as the case may be, upon the following conditions: (a) Goods may not be returned without orization ("RSA") and will be refused and returned freight collect to the sender; (b) Goods returned shall be packed securely and shall be shipped freight prepaid (with duties, taxes and b risk of loss and all other charges associated with the return of such goods being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All ret shipped in accordance with all other instructions (if any) contained in the RSA; and (d) All return shipments will clearly indicate the RSA number on the mailing label. All goods ret subject to examination by Seller. The failure of Buyer to comply with the provisions of this Section 14(a) shall, at Seller's election, void Buyer's rights and remedies with respect t goods may be returned by Seller to Buyer for full payment in accordance with the provisions of this Order. In such an event, all freight, insurance, duties, taxes, brokerage fees and all othe the transportation of such goods (collectively "Transportation Charges") back to Buyer, including risk of loss, shall be the responsibility of Buyer. If Seller elects to keep any goods which are determined by Seller to be free of defect or otherwise conforming to the warranties hereunder, such goods shall be subject to a restocking fee. Seller reserves the right to withhold remedy hereunder with respect to nonconforming goods until Buyer has fully paid any past due amounts owed to Seller. (b) Services. Where Buyer timely and rightfully notifies Seller that services hereunder breach Seller's warranty for such services as described in Section 9, Seller's sole and exclusive liability for such breach will be (at Seller's option) to reperform such services o Buyer's fees paid for such services.

(c) Limitation of Liability. NOTWITHSTANDING ANYTHING CONTAINED IN THIS ORDER, WHERE SELLER FAILS TO MAKE DELIVERY OR REPUDIATES OR BREACHES ANY PROVISION OF THIS ORDER, INCLUDING, WITHOUT LIMITATION, SELLER'S OBLIGATIONS WITH RESPECT TO NONCONFORMING GOODS, SOFTWARE OR SERVICES, SELLER'S LIABILITY SHALL NOT EXCEED THE TOTAL OF ALL AMOUNTS ACTUALLY RECEIVED BY SELLER FROM BUYER UNDER THIS ORDER. IN NO EVENT WILL SELLER BE LIABLE TO ANYONE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY OF THE PROVISIONS OF THIS ORDER, INCLUDING, BUT NOT LIMITED TO, PROVISIONS REGARDING WARRANTIES, INDEMNITIES AND PATENT INFRINGEMENT, SUCH EXCLUDED DAMAGES TO INCLUDE WITHOUT LIMITATION, COSTS OF REMOVAL AND REINSTALLATION, LOSS OF GOODWILL, LOSS OF PROFITS OR LOSS OF USE.

**15. OUT-OF-WARRANTY REPAIRS.** All requests for out-of-warranty repairs shall be permitted at Seller's sole discretion. Goods returned for out-of-warranty repair shall be subject to the following conditions: ods may not be returned without an RSA and will be refused and returned freight collect to the sender; (b) Goods returned for out-of-warranty repairs shall be packed securely and shall be shippe (with all Transportation Charges and risk of loss being the responsibility of Buyer), together with a statement setting forth the claimed defect; (c) All returns under this Section shall be s all other instructions (if any) contained in the RSA; (d) All return shipments will clearly indicate the RSA number on the mailing label, and (e) Buyer shall be responsible for all Tra Charges and risk of loss associated with the return of any repaired goods back to Buyer.

**16. CREDIT RETURNS.** All requests for credit returns shall be permitted at Seller's sole discretion. Goods returned for credit shall be subject to the following conditions: (a) Goods may not be returned without ("RA") and will be refused and returned freight collect to the sender; (b) Goods returned for credit shall be packed securely and shall be shipped freight prepaid (with all Transp the responsibility of Buyer), together with a statement setting forth the reason for the return for credit; (c) All returns under this Section shall be shipped in accordance wit contained in the RA; (d) All return shipments will clearly indicate the RA number on the mailing label; (e) Seller may require Buyer to reimburse Seller for all Transportation Charges in conn initially shipping such goods to Buyer; and (f) Seller may elect to charge Buyer a restocking fee.

**17. WAIVER.** In the event of any default or breach by Buyer, Seller has the right to refuse to make further shipments of goods or to perform additional services. Seller's failure to enforce at any time or for an period of time any of the terms and conditions of this Order shall not constitute a waiver of such provisions or of the right of Seller to enforce each and every provision.

**18. GOVERNING LAW.** The validity, construction and performance of this Order and the transactions to which it relates shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to principles and excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods. All actions, claims or legal proceedings in any way pertain transactions shall be commenced and maintained in the courts of the Commonwealth of Pennsylvania or in a federal court of the United States physically situated in such Commonwealth and in no soever and Buyer agrees to submit itself to the exclusive jurisdiction of such courts. Nothing herein shall be construed as limiting Seller's right to maintain an action or to e in any jurisdiction in which Buyer or any assets of Buyer may be located.

**19. ASSIGNMENT.** Except as otherwise permitted herein, this Order is binding upon and inures to the benefit of the parties hereto and the successors and assigns of the entire business and goodwill of either , or to the successors and assigns of that part of the business of either used in the performance of this Order, but will not otherwise be assignable except that the Seller has the righ liate, as well as the right to assign accounts receivable or the proceeds of this Order. Nothing in this Order shall inure to the benefit of or be deemed to give rise to any rights in whether by operation or law or otherwise.

**20. SEVERABILITY.** If any of the terms and conditions of this Order is declared invalid by a court, agency, commission or other tribunal or entity having jurisdiction thereof, the applications of such provisions stances other than those as to which it is held invalid or unenforceable shall not be affected thereby and each term not so declared invalid or unenforceable shall be valid and shall permitted by law and the rights and obligations of the parties shall be construed and enforced as though a valid commercially reasonable term consistent with the undertakings of the this Order has been substituted in place of the invalid provision.

**21. SET-OFF.** Buyer may not set-off any amount owing from Seller to Buyer against any amount payable by Buyer to Seller under this Order, whether or not related to this Order.

**22. NOTICE.** Any notice required or permitted to be given under this Order shall be in writing and either delivered personally or sent by facsimile, telex or telegram or deposited in the mail, postage prepaid, registered or certified, return receipt requested, addressed to the parties at their respective business addresses, and shall be deemed given three (3) days after the date of mailing or on the date of telegram delivery. For the purpose of receiving notices under this Order, either party may change its address or its facsimile number by giving the other party fifteen (15) days' of its new address or facsimile number.

**23. EXPORT RESTRICTION.** Buyer understands that certain goods and/or Software furnished hereunder may be subject to export control laws or regulation. Buyer hereby agrees that it will comply with all dal, national, federal, state and local laws, as well as all ordinances, orders, rules, regulations and requirements relating to the export or other regulation of all goods and/or hereunder. Without limiting the foregoing, Buyer hereby undertakes to comply with the export laws and regulations of the United States and agrees that, without obtaining the necessary license or government, Buyer will not knowingly (i) export, directly or indirectly, any United States origin technical data or software acquired from Seller (including without limitation t of that technical data, to any country for which the United States government or any agency thereof at the time of export requires an export license or other governmental approval, or ( origin technical data or software acquired from Seller (including without limitation the Software) to any national of any country for which the United States government or any agency the license or other governmental approval. Buyer hereby indemnifies and holds Seller harmless from and against any and all loss, damage or liability whatsoever arising out of Buyer's failure with the provisions of this section.

**24. CERTAIN REFERENCES; LANGUAGE.** The various headings and titles herein are for convenience and are not intended to affect the meaning of the text. The terms "purchase", "sell" and the like, are used convenience to include the transfer by non-exclusive license of certain specified rights in and to Software, as may be included herein as part of the goods or services provided hereunder. T Software is reserved to Seller and its affiliated companies. This Order is in the English language. Any translated version of it is purely for the convenience of the parties and the English v controlling.

**25. MERGER.** This Order (including any applicable software license terms and conditions referred to in Section 11) constitutes the final written expression of all terms of the agreement relating to the transaction bed on the front hereof and a complete and exclusive statement of those terms. This Order supersedes all previous and contemporaneous communications, representations, promises or statements, ei or written, with respect to such transactions (including, without limitations, any terms proposed by Buyer) and such communications, representations, promises or statements, of any kind, made by of Seller, which are not stated herein, shall not be binding on Seller. Acceptance by Buyer is limited to these terms. No addition or modification of any printed provision of upon Seller (and Seller hereby objects to and rejects the same) unless made in writing (referring specifically to this Order) and signed by an authorized officer of Seller. Neither commencem nor delivery shall be deemed or construed as an acceptance by Seller of Buyer's additional or different terms. No course of dealing or usage of trade or course of performance will be deem to explain or supplement any term expressed in this Order.

**26. SALES TO GOVERNMENT ENTITIES.** that a customer elects to sell Connected Home Solutions Business of Motorola, Inc. products to a governmental entity, the customer does so solely at its own option terms in writing. Seller makes no representations with respect to the ability of its goods, services, r prices to satisfy any statutes, regulations, or provisions relating to such gove

**General Instrument Corporation d/b/a Connected Home Solutions Business of Motorola, Inc.**
**Products Order Entry and Customer Service Locations:**
**Call 1-800-523-6678**
**Headquarters**
101 Tournament Drive
Horsham, PA 19044
(215) 323-1000
? 2004 Motorola, Inc. (Connected Home Solutions Business of Motorola, Inc.)
In U.S.: Corporate Headquarters in Horsham, PA (215) 323-1000.
In Asia: Regional Office in Singapore 65-734-8006. Beijing Rep Office: 8610-6851-5960. Hong Kong: 852-2587-1163. Japan: 81-3-5285-3070.
In Europe: Reading, U.K. 44-1-18-975-5555.
In Latin America: Regional Office in Miami: (954)427-2283 Argentina: 541-788-4567 Brazil: (Rio de Janeiro) 5521-494-3132.
(Sao Paulo) 55-11-5507-2822 Chile: 562-339-7544 Mexico: 525-525-1584

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7114799** |
| INVOICE DATE |
| 03-OCT-08 |
| PURCHASE ORDER NO. |
| **2153765** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 02-NOV-08 |
| COMMERCIAL INV NO. |
| 8821526 |

| BILL TO LOCATION: | RICHMOND001 |
|---|---|

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

| SHIP TO LOCATION: | 0567 |
|---|---|

SHIP TO

CIRCUIT CITY STORES, INC.
1901 COOPER DRIVE
STORE #0567 / TY TALAIFERRO
ARDMORE OK 73401

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90379944 | 19-SEP-08 | OM-STANDARD ORDER MIXE | DF1 | NET 30 | COLEEN BOHNERT | 185 | 370190050 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 306942 | 8821526 | ROADWAY | 514-709582-9 | 45 | 162 | 03-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 89149N | ASSY,CAR KIT,EIHF,T5,BT | 225 | 70.65 | 15,896.25 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act. as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 15,896.25 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **15,896.25** |
| CURRENCY: | **USD** |

Case 08-35653-KRH    Doc 1290    Filed 12/24/08    Entered 12/24/08 09:55:40    Desc Main Document    Page 18 of 19

[Page contains legal "Terms of Sale of Goods and/or Services" document rotated 90 degrees. Text is too small and low-resolution to reliably transcribe in full.]

# SALES INVOICE

MOTOROLA

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
**101 Tournament Drive**
**Horsham, PA 19044**
**215-323-1000**

| INVOICE NO. |
|---|
| **7116993** |
| INVOICE DATE |
| 15-OCT-08 |
| PURCHASE ORDER NO. |
| **2169294** |
| CUSTOMER NO. |
| **5002277** |
| DUE DATE |
| 14-NOV-08 |
| COMMERCIAL INV NO. |
| 8824488 |

| BILL TO LOCATION: | RICHMOND001 |
|---|---|

BILL TO

CIRCUIT CITY STORES, INC.
9954 MARYLAND DRIVE
DEEP RUN 3, 5TH FLOOR , ATTN MERCHANDISE PAYABLE
RICHMOND VA 23233

| SHIP TO LOCATION: | 0255 |
|---|---|

SHIP TO

CIRCUIT CITY STORES, INC.
4000 TOWNSHIP LINE ROAD
STORE #255 / MIKE SPARLING
BETHLEHEM PA 18020

PLEASE REMIT TO:

**General Instrument Corporation**
**dba Connected Home Solutions Business of Motorola, Inc.**
PO BOX 91640
CHICAGO IL 60693

| ORDER NO. | ORDER DATE | ORDER TYPE | WH | TERMS | SALESMAN | SBU | GEO CODE NO |
|---|---|---|---|---|---|---|---|
| 90383228 | 09-OCT-08 | OM-STANDARD ORDER MIXE | H03 | NET 30 | COLEEN BOHNERT | 185 | 390770320 |

| P/S BATCH # | P/S NO. | SHIPPED VIA | WAYBILL NUMBER | NO. OF PKGS. | WEIGHT | SHIP DATE |
|---|---|---|---|---|---|---|
| 308881 | 8824488 | ROADWAY | 873741595X | 11 | 168.96 | 15-OCT-08 |

**Order Notes:**

If you have any questions, please contact your Receivables Management Specialist ANGELA URBAN at 215-323-1760

| LINE NO. | ITEM NUMBER/CROSS REFERENCE | ITEM DESCRIPTION | QUANTITY SHIP | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|
| 1 | 484095-001-00 | SIGNAL BOOSTER,PRD OTH,AU,BDA-100S1 / RETAIL PKG W/ | 66 | 31.85 | 2,102.10 |

FREIGHT CHARGES ON THIS INVOICE MAY BE CONSOLIDATED FOR SEVERAL PACKING SLIPS.

PAST DUE INVOICES ARE SUBJECT TO 1 1/2% PER MONTH SERVICE CHARGE.

MIU

Make checks payable to General Instrument, dba Connected Home Solutions Business of Motorola, Inc... Record Invoice No. on your check. All shipments F.O.B. our plant. All claims for allowance must be made within 10 days from date of invoice. Do not return merchandise without our permission. Merchandise returned must be prepaid to be accepted. Seller represents that with respect to the requisition of the articles and/or the performance of the services covered by this invoice. It has fully complied with Section 6, 7 and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof. Inquiries should be directed to General Instrument, dba Connected Home Solutions Business of Motorola, Inc., 101 Tournament Drive, Horsham, PA 19044. Telephone No. (215) 323-1000.

| | |
|---|---|
| MERCHANDISE | 2,102.10 |
| TAX | 0.00 |
| FREIGHT/DELIVERY | 0.00 |
| **TOTAL** | **2,102.10** |
| CURRENCY: | **USD** |