**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., et al.[1],<br><br>                Debtors. | Chapter 11<br><br>Case No.: 08-35653-KRH<br><br>Jointly Administered |

**ORDER CLARIFYING REQUIREMENT TO
PROVIDE ACCESS TO CONFIDENTIAL
INFORMATION OR TO PRIVILEGED INFORMATION**

Upon the Motion[2] filed by the Official Committee of Unsecured Creditors (the

"Committee") of Circuit City Stores, Inc., et al. (the "Debtors"), the Court has reviewed the

Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] Capitalized terms used herein that are not otherwise defined shall have the meanings set forth in the Motion.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Robert J. Feinstein (NY Bar No. RF – 2836)<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, CA 90067-4100<br>Telephone: (310) 277-6910<br>Telecopy: (310) 201-0760<br><br> Proposed Counsel for the Official<br>  Committee of Unsecured Creditors | Lynn L. Tavenner (VA Bar No. 30083)<br>Paula S. Beran (VA Bar No. 34679)<br>Tavenner & Beran, PLC<br>20 North Eighth Street, 2nd Floor<br>Richmond, VA 23219<br>Telephone: (804) 783-8300<br>Telecopy: (804) 783-0178<br><br> Proposed Co-Counsel for the Official<br>  Committee of Unsecured Creditors |

Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estate, its creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

.1    The Motion is GRANTED.

.2    Without further order of the Court, the Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[3] of the Debtors to any Entity except as provided in this Order (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity").

.3    Without further order of the Court, the Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[4] to any Entity except as provided in this Order. The Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such

---

[3] For purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtor, including, without limitation, documents prepared by the Debtors or their advisors or other agents containing non-public information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies which is furnished, disclosed or made known to the Committee, whether intentionally and in any manner, including in written form, orally, or through electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is marked confidential by the Debtors or their agents; and (c) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential.

[4] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

2

Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

.4      The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.  The Committee shall, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of these chapter 11 cases, and a further order of the Court, set up and maintain a website.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to a website (www.circuitcitycommittee.com) it maintains with specific links for case information.  Further, in fulfillment of its obligation to solicit and receive comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B), the Committee's website information page(s) will include contact information for the Committee's counsel, including an email address to allow unsecured creditors to send questions and comments in connection with the case.

.5      Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

.6     The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals.

.7     <u>Creditor Information Requests.</u>  If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested in accordance with the procedures described herein or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information that is not required to be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102 (b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.

Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct and *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or Privileged Information.

.8 In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; <u>provided</u>, <u>however</u>, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.  Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

.9 <u>Release of Confidential Information of Third Parties.</u>  In addition, if the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") for the benefit of the Debtors' creditors:  (a) if the Confidential Information is

5

information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor or the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. § 704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity or the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity or the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

.10    Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

.11    Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

.12    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

.13 Upon entry a copy of this Order will be served on all parties receiving ECF notices in these cases. Thereafter, the Committee shall serve a copy of the Order on all remaining requisite parties as provided in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

Dated: Richmond, Virginia
_____ \_\_\_, 2008

_____
United States Bankruptcy Judge

We ask for this:

*/s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Pachulski Stand Ziehl & Jones LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 805-123-4567
Facsimile: 310/201-0760

    Proposed Counsel for the Official
    Committee of Unsecured Creditors

7

Seen and No Objection:

_____*/s/ Robert B. Van Arsdale* (per email dated 12/24/08)_____
Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219

    Assistant United States Trustee

8

## CERTIFICATION UNDER LOCAL RULE 9022-1(c)

I hereby certify that the foregoing proposed Order Clarifying Requirement to Provide Access to Confidential Information or to Privileged Information has been either served on or endorsed by all necessary parties.

      */s/ Lynn L. Tavenner*
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178

9