IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re:                                              :         **Chapter 11**
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :         **Case No. 08-35653-KRH**
                                                    :
                                                    :         **Jointly Administered**
                    Debtors.                        :
---------------------------------------------------------x

**OBJECTION OF JAMES M. STACIA TO
DEBTORS' MOTION TO REJECT HIS SEPARATION AGREEMENT
AND WAIVER OF CLAIMS AGAINST CIRCUIT CITY**

COMES NOW, James M. Stacia, ("Mr. Stacia"), by counsel, and respectfully states as follows for his Objection to the Debtors' Motion to Reject his Separation Agreement and Waiver of Claims against Circuit City ("Debtors' Motion"):

**BACKGROUND**

1.    Mr. Stacia had been a long time and loyal employee of Circuit City Stores, Inc. ("Circuit City"), with his employment beginning in June, 1992.

2.    Mr. Stacia is listed on Exhibit A of the Debtors' Motion as being one of the individuals and entities who allegedly have "executory contracts" with the Circuit City, in which Circuit City is seeking to reject those executory contracts.

3.    On September 2, 2008, Mr. Stacia received notice that his employment with Circuit City would be terminated. Shortly thereafter, Mr. Stacia received a letter, attached as Exhibit 1, in which he was provided post-employment benefits in exchange for a waiver of certain claims that he may have against Circuit City. Mr. Stacia agreed to waive any claims in exchange for the benefits listed in the September 2, 2008, letter.

4. On November 12, 2008, Mr. Stacia received a letter from Circuit City, attached hereto as Exhibit 2, informing him that the Agreement he had with Circuit City would not be honored and that Circuit City would seek Bankruptcy Court approval to reject the Agreement.

5. By accepting the Agreement and executing the release, Mr. Stacia gave up valuable claims which he may have had against Circuit City, including claims that his service as a member of the reserve component of the U. S. armed forces may have influenced his career and termination at Circuit City.

## ARGUMENT

### I. Mr. Stacia's Separation Agreement is No Longer Executory and, Accordingly, May Not be Rejected Under Section 365 of the Bankruptcy Code.

Section 365(a) of the Bankruptcy Code provides in pertinent part that "the Trustee [debtor-in-possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "A contract is executory if performance is due to some extent on both sides." Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 556 F.2d 1043, 1045 (4th Cir. 1985) (citing NLRB v. Bildisco and Bildisco, 465 U.S. 513 (1984)). In addition, the Fourth Circuit has adopted Professor Countryman's "more specific test" for determining whether a contract is "executory". Under the Countryman test, a contract is executory if the "obligations of both the bankrupt and the other party to the contract are so underperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other." Id., quoting Gloria

2

Manufacturing Corp. v. International Ladies' Garment Workers' Union, 734 F.2d 1020, 1022 (4th Cir. 1984).

Under the Countrymen approach, Mr. Stacia's Agreement is no longer executory. Mr. Stacia has faithfully and fully performed each and every aspect of the Agreement, including forgoing any potential claim he may have against Circuit City for possible violations of law that may have occurred regarding his status s a member of the Reserve component of the U. S. military. Mr. Stacia no longer has any material unperformed obligations under the Agreement. The Debtors, however have substantial remaining obligations to perform with respect to Mr. Stacia, including payment of his separation pay and providing health and welfare benefits plan participation. See In re *Spectrum Information Technologies, Inc.*, 193 BR 400,403-404 (Bankr. E.D.N.Y. 1996) (holding that employment contract is not executory where the only remaining obligations are the debtor's obligation to make severance payments (citations omitted)). The Debtors cannot accept the benefits of Mr. Stacia's faithful and complete performance of his Agreement, and reject the burdens of this Agreement, namely payment of his separation pay and providing health and welfare plan participation. Mr. Stacia has fully performed under the Agreement and the Debtors must do the same.

II. **In the Event That the Court Determines That Mr. Stacia's Employment Agreement is Executory, the Court Should Nevertheless Deny the Debtors' Rejection Motion with Respect to Same.**

In determining whether a debtor's decision to reject an executory contract is within the debtor's sound business judgment and advantageous to the debtor's estate, the court must also consider all of the circumstances surrounding any particular rejection, including the harm to the non-debtor party to the contract. See In re *Trak Auto Corp.*,

2002 Bankr. LEXIS 938, *4 (Bankr. E.D.Va. 2002). Here, the harm to the non-debtor party, Mr. Stacia, greatly outweighs the advantage of rejection to the Debtors. and the Debtors' estates. Mr. Stacia's severance payments in the amount of $65,741.87 will not result in a meaningful net benefit to the Debtors' estates. On the other hand, rejection of Mr. Stacia's Agreement and resulting denial of his contractual benefits will result in substantial hardship to Mr. Stacia and his family who have relied upon these benefits in their financial planning.

### III. The Debtors' Proposed Rejection of Mr. Stacia's Employment Agreement is in Bad Faith.

A decision to reject an executory contract based on "bad faith, or whim, or caprice" must be denied. *Lubrizol* at 1047. In this case, the Debtors voluntarily, and publicly, have chosen to pay separation payments to other employees with significantly less tenure and, consequently, less benefits than Mr. Stacia, in part on the stated grounds of maintaining employee moral, while at the same time quietly, and on an expedited basis, seeking to avoid payment of the separation benefits owed to Mr. Stacia.

WHEREFORE, James M. Stacia respectfully requests (i) that this Court sustain his objection and overrule the Debtors' Motion to Reject Mr. Stacia's Agreement and Waiver, (ii) or in the alternative, and in the event the Court grants the Motion to Reject Mr. Stacia's Agreement, that the court do so without prejudice to Mr. Stacia's right to assert an administrative claim for his separation pay and other employment benefits, and (iii) and to grant such other and further relief as this court deems just and proper.

5

Dated: December 29, 2008
/s/ Frank F. Rennie, IV
Frank F. Rennie, IV  (VSB #23626)
CowanGates, PC
1930 Huguenot Road
P. O. Box 35655
Richmond, VA 23235
Telephone: (804) 320-9100
Facsimile: (804) 320-2950

### *CERTIFICATE OF SERVICE*

I hereby certify that on the 29th day of December, 2008, I caused a copy of the foregoing to be served by electronic means through the ECF system.

/s/ Frank F. Rennie, IV
Frank F. Rennie, IV

5