IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------- x
:
In re:                                           :      Chapter 11
                                                 :
CIRCUIT CITY STORES, INC., et al.                :      Case No. 08-35653-KRH
                                                 :
            Debtors.                             :      Jointly Administered
                                                 :      Judge Kevin R. Huennekens
------------------------------------------------------- x


**MOTION AND SUPPORTING MEMORANDUM OF
CCDC MARION PORTFOLIO, L.P. FOR AN ORDER COMPELLING
PERFORMANCE OF AGREEMENT REGARDING EMERGENCY MOTION FOR
ORDER COMPELLING PAYMENT OF POST-PETITION RENT PURSUANT TO 11
U.S.C. § 365(d)(3) AND FOR PAYMENT OF REASONABLE ATTORNEYS' FEES**

CCDC Marion Portfolio, L.P. ("CCDC"), by and through its undersigned counsel, hereby moves for the entry of an order, substantially in the form attached hereto as Exhibit "A," compelling Circuit City Stores, Inc., one of the debtors in the above-captioned bankruptcy cases ("Circuit City"), to immediately comply with its agreement resolving CCDC's Emergency Motion for an Order Compelling Payment of Post-Petition Rent Pursuant to 11 U.S.C. §

Robert S. Westermann (VSB # 43294)
Henry (Toby) P. Long, III (VSB # 75134)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone: (804) 788-8327
Facsimile: (804) 788-8218

and

Michael S. Held (Texas Bar No. # 09388150)
HUNTON & WILLIAMS LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
Telephone: (214) 468-3334
Facsimile: (214) 468-3599

Attorneys For CCDC Marion Portfolio, L.P.

365(d)(3) (the "Motion to Compel"). In support of this motion, CCDC respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BASIS FOR RELIEF

2. The statutory predicate for the relief requested herein is section 365(d)(3) of 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), Circuit City and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Prior to the Petition Date, Circuit City and Cypress/CC Marion I, L.P. ("Cypress"), the predecessor in interest to CCDC, entered into a lease dated November 9, 2001 ("Lease") for a distribution facility at 110 Circuit City Road in Marion, Illinois designated as Store No. 755 (the "Premises"). Under terms described more fully in that certain Assignment and Assumption of Lease dated July 22, 2002, CCDC acquired the interest of Cypress in the Lease. Pursuant to the Lease, rent (as defined in the Lease) is <u>due each month on the last business day of each month</u>. Thus, payment for rent under the Lease for November 2008 was due on November 28, 2008, and for December 2008 was due on December 30, 2008. Moreover, pursuant to paragraph 20(c) of the Lease, CCDC has the right to recover from the Debtor

reasonable expenses and charges incurred in exercising remedies under the Lease, including without limitation, attorneys' fees.

5. As of the filing of the Motion to Compel, the Debtor had failed to pay rent to CCDC due under the Lease for the month of November 2008[1] in the amount of $235,625, and rent for the month of December 2008 in the additional amount of $235,625 became due on December 30, 2008 (the "December Rent").

6. On December 2, 2008, CCDC filed the Motion to Compel, which was set for hearing on this Court's docket for December 22, 2008.

7. On December 19, 2008, CCDC and the Debtor entered into an agreement which was memorialized in certain communications attached hereto as Exhibit "B" (the "Agreement"). Pursuant to the Agreement, the Debtor was to pay to CCDC, by no later than December 25, 2008, the Accrued November Rent and the full December Rent, and CCDC agreed to (a) withdraw the Motion to Compel, (b) represent that the Motion to Compel had been resolved at the December 22, 2008 hearing on same, (c) waive the right to file an administrative claim for the November rent that had accrued pre-petition under the Lease, as well as for attorneys' fees incurred up to December 19, 2008, and (d) be bound by the accrual versus the billing date method in this Case on a go-forward basis. Under the Agreement, CCDC retained the right to file a motion with this Court seeking compliance with the Agreement and for immediate payment of attorneys' fees and costs incurred in having to enforce the Agreement.

---

[1] The Lease requires payment in arrears; therefore, CCDC contends that the entire November rent payment is due as a post-petition obligation. Should the Court determine that CCDC is only entitled to rent from November 10 through November 30, 2008, that portion of rent accruing post-petition totals $164,937.49 (the "Accrued November Rent").

8. On December 22, 2008, in accordance with, and in reliance upon, the Agreement, CCDC withdrew the Motion to Compel, representing to this Court that the Motion to Compel had been resolved at the hearing on same.

9. Despite the Agreement, CCDC's compliance with same and numerous communications by the undersigned with counsel for the Debtor, as of the filing of this motion, the Debtor has not complied with the Agreement, and the Accrued November Rent and the full December Rent has not yet been paid.

### RELIEF REQUESTED

10. CCDC respectfully requests that the Court enter an Order that compels the Debtor to perform under the Agreement, to immediately pay the Accrued November Rent, the full December Rent and reasonable attorneys' fees of at least $5,000 to CCDC incurred in having to seek to enforce the Agreement.

### ARGUMENT

11. Subsequent to the filing of the Motion to Compel, the parties entered into good faith negotiations and arrived at the Agreement. In reliance upon the Agreement, CCDC withdrew the Motion to Compel and has complied with the terms of the Agreement. The Debtor, on the other hand, has flouted the Agreement, cavalierly choosing not to fund the Accrued November Rent and full December Rent payments. Despite the undersigned's continued calls to counsel for the Debtor urging compliance with the Agreement, it appears that the Debtor's strategy is to ignore its obligations under the Agreement until such time as it is forced to comply, regardless of the costs borne by CCDC in having to seek enforcement of the Agreement. The Court should not tolerate such behavior.

12.     Trial courts have the inherent authority to enforce settlement agreements. *Williams Professional Transp, Inc.*, 294 F.3d 607, 613 (4th Cir. 2002); *Petty v. Timkin*, 294 F.2d 130, 132 (4th Cir. 1988). Moreover, although under the "American Rule" each party typically bears its own attorneys' fees, where, as here, the parties contracted for an award of costs and fees to CCDC in the event it had to employ judicial process to enforce the Lease, and the Debtor has willfully breached the Agreement, an award of reasonable attorneys' fees to CCDC is authorized and should be granted. *Williams* at 132 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).

## NOTICE

13.     Notice of this motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, (iii) Counsel for the Official Committee of Unsecured Creditors, and (iv) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. CCDC submits that no other or further notice of this motion is required.

## WAIVER OF MEMORANDUM OF LAW

14.     CCDC respectfully requests that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## **NO PRIOR REQUEST**

15. No previous motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, CCDC respectfully requests that the Court enter an Order that compels Circuit City to immediately perform under the Agreement, to immediately pay the Accrued November Rent in the amount of $164,937.49, the full December Rent in the amount of $235,625 and reasonable attorneys' fees of at least $5,000 to CCDC incurred in having to seek to enforce the Agreement, and grant CCDC such other and further relief as this Court deems proper and equitable.

Dated: January 2, 2009

Respectfully submitted,

HUNTON & WILLIAMS LLP

By: */s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Henry (Toby) P. Long, III (VSB No. 75134)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8327
Telecopy: (804) 788-8218

*and*

Michael S. Held
Texas Bar No. 09388150
Hunton & Williams LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 468-3334
Telecopy: (214) 468-3599

ATTORNEYS FOR CCDC MARION PORTFOLIO, L.P.

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties receiving electronic notice via the Court's CM/ECF system and electronic means and the following parties via US regular mail, on this the 2nd day of January, 2009.

Douglas M. Foley, Esq.
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes, Esq.
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Gregg Galardi, Esq.
Skadden Arps, Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

Counsel for the Debtors

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

U.S. Trustee for the Eastern District of Virginia

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Counsel for the Creditor's Committee

                              By: */s/ Robert S. Westermann*