IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

----------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :     Case No. 08-35653-KRH
                                                    :
                                                    :     Jointly Administered
         Debtors.                                   :
----------------------------------------------------------x

## LANDLORDS' MOTION FOR REHEARING AND/OR RECONSIDERATION AND/OR TO ALTER OR AMEND THE JUDGMENT REGARDING PAYMENT OF NOVEMBER RENT, AND MEMORANDUM IN SUPPORT THEREOF

The landlords identified on Exhibit A (the "Landlords"), by counsel, pursuant to Rule 59 of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this case under Rule 9023 of the Federal Rules of Bankruptcy Procedure, respectfully request that this Court rehear and/or reconsider and/or alter or amend its December 22, 2008 oral ruling as to whether 11 U.S.C. § 365(d)(3) requires the Debtors to make timely payment of November administrative rent to the Landlords (the "December 22, 2008 Ruling"), in no event later than 60 days after the date of the order for relief, of unpaid post-petition November 2008 rent obligations due to the Landlords under their respective leases with the Debtors (as defined below). In support of their request for the Court to rehear and/or reconsider and/or alter or amend its December 22, 2008 Ruling (the "Motion"), the Landlords state as follows:

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Noelle M. James, Esquire (VSB No. 76011)
Christian & Barton, L.L.P.
909 E. Main Street, Suite 1200
Richmond, Virginia 23219-309
(804) 697-4129
(804) 697-6129 (facsimile)

Counsel to Landlords listed on Exhibit A

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. The Landlords are the owners and lessors of certain nonresidential real property.

3. Pursuant to the leases between the Landlords and the Debtors, the Debtors are required to pay the Landlords' rent and other charges on a timely basis, including, but not limited to, CAM, real estate taxes, and insurance due under the respective leases (collectively the "Rent").

4. On November 10, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtors currently remain in possession of, and enjoy the use and occupancy of, the Landlords' leased premises (the "Premises"). The Debtors have not paid all of the post-petition Rent that is due to each of the Landlords pursuant to the respective leases for use of the Premises for the period from the Petition Date through November 30, 2008 (the "November Rent").

6. Certain of the Landlords have filed pleadings in which they requested that the Debtors make timely payment of all post-petition Rent obligations. Among other pleadings,[1] these requests were contained in their Objections to the Debtors' Motion to Extend the Deadline to Assume or Reject Leases (docket nos. 605 and 659)(the "Requests"). These Requests were filed promptly and set for hearing on December 5, 2008, the first date this Court assigned to hearings in this case (other than the hearing on "first day" motions). The Requests were carried over by agreement from the Debtors' omnibus hearing on December 5, 2008 to the Debtors'

---

[1] Including, but not limited to, docket nos. 258, 259, 272, 276, and 530.

2

omnibus hearing on December 22, 2008, with counsel to the Debtors stipulating that the continuance would not affect the timeliness of the Requests.

7.  On December 19, 2008, certain other of the Landlords filed a Motion and Supporting Memorandum of Law of Landlords for an Order Compelling Debtors to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. Sections 365(d)(3) and 503(b) and Granting Related Relief (the "Motion to Compel").[2]

8.  During the omnibus hearing on December 22, 2008, the Landlords, by counsel, advised the Court that the Debtors have not paid the November Rent that is due to each of the Landlords pursuant to the respective leases for use of the Premises. The Landlords asserted that because 11 U.S.C. § 365(d)(3) states that "the trustee shall timely perform all the obligations of the debtor, except those specified . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." It goes on to say that "the Court may extend, for cause, the time for performance of any such obligation that arises within 60 days of the order for relief, but the time for performance shall not be extended beyond such 60-day period." Based on the language in section 365(d)(3) the Landlords are entitled to timely payment of November Rent no later than January 9, 2009.

9.  Based on their argument and the requirements of Section 365(d)(3), the Landlords requested that this Court enter an order (a) authorizing and directing the Debtors to immediately pay the November Rent owed to the Landlords pursuant to Sections 365(d)(3) of the Bankruptcy Code; (b) authorizing and directing the Debtors to remain current on all such administrative Rent obligations owed to the Landlords pursuant to Sections 365(d)(3) of the Bankruptcy Code; (c)

---

[2] The Motion to Compel is set for hearing on January 16, 2008, but the Landlords recognize that it is inextricably linked to the Court's ruling on December 22, 2008.

3

authorizing and directing the Debtors to reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting the Requests due to the Debtors' failure to comply with the terms of the leases and Sections 365(d)(3) of the Bankruptcy Code; and (d) granting such other and further relief as this Court deems just and proper.

10. In response to the Landlords' Requests and argument, the Debtors argued to the Court that the effect of granting relief to the Landlords on this issue would be to give the Landlords "super priority" status with priority of payment above all other administrative expense claimants.

11. The Debtors' witness testified that the Debtors did not budget to pay the November Rent for all landlords, thus saving the Debtors' estate the necessity of borrowing an additional $20 to $25 million.

12. After considering the arguments of the Debtors and the Landlords, in its December 22, 2008 Ruling, the Court declined to grant the Requests of the Landlords, stating that the Court would follow Judge Adams' reasoning in *In re Trak Auto Corp.*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). At the conclusion of the Court's ruling on the Landlords' Requests, the Landlords asked the Court enter findings of fact and conclusions of law pertaining to its December 22, 2008 Ruling. Such findings and conclusions have not yet been entered by the Court at the time of the filing of this pleading.

13. Based on the plain reading of Section 365(d)(3), the Landlords respectfully request that the Court rehear the issue of the appropriate time for the Debtors to make payment of November Rent due to the Landlords and/or reconsider and/or alter or amend any findings of

fact and conclusions of law that may be entered prior to the time of the hearing set on the instant Motion on the same basis.

## MEMORANDUM IN SUPPORT

### RELEVANT AUTHORITIES

14. Rule 9023 of the Federal Rules of Civil Procedure provides, in relevant part, as follows: "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." *Id.*

15. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1). . . .

*Id.*

### ARGUMENT

16. In its December 22, 2008 Ruling, this Court stated that it would not order the Debtors to pay the November Rent at this time, following the reasoning in Judge Adams' decision expressed in *Trak Auto*, because the landlords were not entitled to super priority. In *Trak Auto*, Judge Adams states that "[w]hile § 365(d)(3) requires debtor to timely fulfill all of its obligations on its executory contracts for nonresidential real property, this provision does not provide a remedy for debtor's noncompliance." *Id.* at 668. Following that statement, Judge Adams makes a distinction between rent ordered to be paid timely and rent remaining unpaid, whether in violation of a court order or not, stating that overdue rent payments do not constitute "a special category of higher priority claims." *Id.*

17. Despite these statements, which seem to provide support for the Court's December 22, 2008 Ruling, Judge Adams further explains in *Trak Auto* that the

5

> policy reason behind this holding is to encourage the lessors to be proactive in asserting their rights. A landlord may move to compel payment of pre-rejection rent under § 365(d)(3) or may seek to lift the automatic stay under § 362 to pursue other remedies. However, a landlord is not permitted to sit on its rights and rely on an alleged super-priority status for its administrative rent claim.

*Id.* at 669.

18. Judge Adams' opinion in *Trak Auto* also clearly states that

> [u]ntil debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected. This principle is established by the Code in § 365(d)(3) which requires the trustee, or as in this case, debtor-in-possession to *timely* perform all obligations under the lease. Failure to pay rent and other obligations contained in the lease gives rise to an administrative claim by the landlord. *See In re Virginia Packaging Supply Co.*, 122 B.R. 491 (Bankr. E.D. Va. 1990); *see also In re Geonex Corp.*, 258 B.R. 336 (Bankr. D. Md. 2001).

*Id.* at 665 (emphasis added).

19. The opinion in *Trak Auto* relies on *Pudgie's* when it states that rents are due to landlords "unconditionally," explaining that landlords are not even required to establish that there is a benefit to the estate in order to require payment of administrative rent. *Id.* (quoting *In re Pudgie's Dev. of NY, Inc.*, 239 B.R. 688, 692 (Bankr. S.D.N.Y. 1999).

20. Judge Adams' opinion in *Trak Auto* also includes the legislative history underpinning this timely payment requirement when it states the following:

> the legislative history that accompanies the enactment of the landlord protection provisions found in § 365 indicates that Congress sought to provide special protections to lessors of a debtor. *See* 130 CONG. REC. S8894-95 (daily ed. June 29, 1984) (statements of Sen. Hatch). Debtor's continued occupation of the property confers some benefit to the estate as debtor is either using the space to further enhance the estate by continuing its operations, or enhancing the estate by avoiding the costs of storing and moving its equipment. The price of the administrative claim also [']represents the price of the trustee's opportunity to take [120] days, or in this case [210] days, to decide whether the lease is beneficial to the estate and should be continued.[']

*Id.* at 665-666 (citing *In re Geonex Corp.*, 204 B.R. at 691 (citation omitted)).

21. Finally, the opinion in *Trak Auto* concludes that the Debtor

> must pay the landlords the amounts owing *each* month under its various leases as a price of taking the time it has sought to make these decisions. This is so despite the fact that debtor may no longer be operating its store. The fact that debtor has not rejected a lease but has retained possession of it is enough for an administrative claim to accrue *should debtor fail* to pay its rent.

*Id.* at 666 (citing *In re Eastern Agri-Systems, Inc.*, 258 B.R. at 354 ("Debtor remains responsible under §§ 365(d)(3) and (10) even if the leased property is never used and is of no benefit to the estate."); *In re F.A. Potts & Co.*, 137 B.R. at 17 ("The leased premises are considered necessary even if they are not being put to the same use as they were prior to the debtor filing for bankruptcy.").

22. Thus, the administrative claim holding the Court rendered in its December 22, 2008 Ruling is consistent with *Trak Auto,* if, only if, the Debtors have previously failed to pay timely rent. The Debtors have not been in this case long enough to have failed to do so. Further, in this case, the Landlords' Requests were considering letting their November Rent obligations go unpaid. No one can possibly allege that the Landlords sat on their rights or failed to timely prosecute their rights under 11 U.S.C. § 365.

23. Since the Bankruptcy Code compels a landlord to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. Of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). Such protections are critical to protect landlords from ever-increasing losses during the post-petition, pre-rejection period.

24. Courts in this Circuit and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corp.*, 277 B.R. at 665; *see also In re Best Products Co.,*

7

*Inc.* 206 B.R. 404, 406 (Bankr. E.D. Va. 1997) (Congress enacted 365(d)(3) to guarantee landlords would not be placed at disadvantage for providing post-petition services to debtor).

25. It can hardly be said that the Landlords have been anything other than "proactive" in asserting their rights afforded them by Section 365. They have in many instances taken the precise actions Judge Adams suggested in the *Trak Auto* opinion: filed a motion to compel payment of rent, or, in other cases, raised the issue in various Court pleadings such as responses to the Debtors' motion to extend the time within which leases could be assumed or rejected. Many of the Landlords had the issue before this Court at the first omnibus hearing; all do as of the date hereof, less than two months following the Petition Date. There was no earlier time at which the Landlords could have or should have asserted these rights.

26. Based on statements made by the Debtors' witness at the December 22, 2008 hearing, the Debtors' failure to pay the November Rent owed to the Landlords has preserved between $20 and $25 million in the Debtors' budget, funds that the Debtors intend to spend on other items. The effect of this Court's ruling is that the Landlords have been made involuntary lenders to the Debtors. Accordingly, the Court should grant the Landlords' request to reconsider and/or rehear its December 22, 2008 Ruling on the required time to pay November Rent and enter an order directing the Debtors to immediately pay the November Rent and require timely payment of all future administrative Rent that arises under the leases on a post-petition basis.

27. To the extent the leases provide that the Debtors are obligated to promptly reimburse the Landlords for all reasonable and actual legal fees incurred in connection with enforcing the leases after the Debtors default on their obligations thereunder, the Landlords request that the Debtors be directed to pay the attorneys' fees and costs incurred by the

Landlords in connection with filing and prosecuting this Motion, the Requests, and the related Motion to Compel.

## JOINDER

28.  The Landlords hereby join in similar, consistent requests that have been or may be filed by other landlords to the Debtors.

**WHEREFORE**, by reason of the foregoing, the Landlords respectfully request entry of an order (a) granting a rehearing and/or reconsideration of the Court's December 22, 2008 Ruling denying the Landlords' immediate payment of their November Rent; (b) authorizing and directing the Debtors to pay immediately the Rent owed to the Landlords pursuant to Sections 365(d)(3) of the Bankruptcy Code; (c) authorizing and directing the Debtors to reimburse the Landlords for all of their reasonable and actual attorneys' fees and costs incurred in preparing the prosecuting this Motion due to the Debtors' failure to comply with the terms of the leases and Sections 365(d)(3) the Bankruptcy Code; (d) authorizing and directing the Debtors to make all future monthly payments of administrative rent and related charges to the Landlords in full as and when due under the respective leases; and (e) granting such other and further relief as this Court deems just and proper.

Dated: January 2, 2009

Respectfully submitted,

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
**Counsel for Landlords Listed on Exhibit A**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

918074.1

# EXHIBIT A

| | Landlord |
|---|---|
| 1. | Acadia Realty Limited Partnership |
| 2. | Amargosa Palmdale Investments, LLC |
| 3. | Bella Terra Associates |
| 4. | CHK, LLC |
| 5. | Cedar Development Ltd., a Florida Limited Partnership |
| 6. | Cohab Realty, LLC |
| 7. | Gateway Center Properties III, LLC and SMR Gateway III, LLC as Tenants in Common |
| 8. | Generation One and Two, LP |
| 9. | GRI-EQY (Sparkleberry Square) LLC |
| 10. | Inland American Retail Management LLC |
| 11. | Inland Commercial Property Management, Inc. |
| 12. | Inland Continental Property Management Corp. |
| 13. | Inland Pacific Property Services LLC |
| 14. | Inland Southwest Management LLC |
| 15. | Inland US Management LLC |
| 16. | Kimco Realty Corporation |
| 17. | La Habra Imperial, LLC |
| 18. | P/A-Acadia Pelham Manor, LLC* |
| 19. | Rancon Realty Fund IV |
| 20. | Starpoint Property Management, LLC |
| 21. | The West Campus Square Company |
| 22. | Thoroughbred Village Tennessee, GP |
| 23. | UnCommon, Ltd., a Florida Limited Partnership |
| 24. | Union Square Retail Trust |
| 25. | Watercress Associates LP, LLP dba Pearlridge Center |
| 26. | Whitestone Development Partners, L.P. |

---

* Participation in this motion is without prejudice to this landlord's pending motion for relief from stay.