Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' SECOND OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject certain executory contracts, including any amendments or modifications thereto, as set forth on the attached <u>Exhibit A</u> (collectively, the "Contracts"), and any guaranties thereof.  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    2.   The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006.

### BACKGROUND

    3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

    4.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

    5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

    6.   Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other

things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7. Despite significant revenues, the Debtors have suffered two consecutive years of losses. While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy. In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8. Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores. In addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Contracts.

10.  The Debtors are currently performing their review and evaluation of other executory contracts that are not the subject of this Motion.  As this process continues, the Debtors may identify additional executory contracts to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts.  This Motion should not be construed as a determination that any executory contracts not listed herein are to be assumed or rejected.

**BASIS FOR RELIEF**

11.  In an effort to avoid any future potential postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Contracts.

12.  The Contracts are comprised primarily of contracts entered into by the Debtors' firedog division

5

pursuant to which firedog would offer home theater and wiring packages to home buyers.  With the downturn in the new construction industry, and the Debtors' capital and liquidity constraints, the Debtors have determined that participation in this business is no longer advisable.  The Contracts also include a number of services contracts which the Debtors no longer require.  Each of the Contracts is listed on <u>Exhibit A</u>, attached hereto, along with the name of the Contract counterparty.

       13.  Through the rejection of the Contracts, the Debtors will be relieved from performing and paying fees and other associated costs.  Thus, by rejecting the Contracts at this time, the Debtors will avoid incurring additional unnecessary administrative charges, if any, for services that provide minimal, if any, tangible benefit to the Debtors' estates and that the Debtors' have determined to be unnecessary.  The resulting savings from the rejection of the Contracts will increase the Debtors' future cash flow and assist the Debtors in managing their estates.

       14.  In considering their options with respect to the Contracts, the Debtors have determined in their

business judgment that the costs associated with assuming the Contracts would be substantial and would constitute an unnecessary drain on the Debtors' cash resources.  Based on this analysis, the Debtors have determined that the Contracts provide no value to the Debtors' estates.

15.  Accordingly, the Debtors believe that rejection of the Contracts is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

16.  Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global

7

Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

17.  Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

18.  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

19.  As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Contracts.  The Contracts are financially burdensome and unnecessary to the Debtors' estates.  Moreover, the Contracts provide no economic benefit to the Debtors, nor are such Contracts a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Contracts reflects the exercise of the Debtors' sound business judgment.

20.  In summary, the Debtors believe that the proposed rejection of the Contracts is tailored to minimize administrative expense, maximize distributions to creditors in these chapter 11 cases, and limit the performance and other costs of contract counterparties.  In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Contracts.

21.  Numerous courts, including those in this Court, have authorized similar relief.  See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (Bankr. E.D. Va. Nov. 10, 2008); In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov.

21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

### NOTICE

22. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130) and to all counterparties to the Contracts. The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

23. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

24.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 6, 2009
       Richmond, Virginia

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                Gregg M. Galardi, Esq.
                Ian S. Fredericks, Esq.
                P.O. Box 636
                Wilmington, Delaware 19899-0636
                (302) 651-3000

                      - and -

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                Chris L. Dickerson, Esq.
                333 West Wacker Drive
                Chicago, Illinois 60606
                (312) 407-0700

                      - and -

                MCGUIREWOODS LLP

                /s/ Douglas M. Foley
                Dion W. Hayes (VSB No. 34304)
                Douglas M. Foley (VSB No. 34364)
                One James Center
                901 E. Cary Street
                Richmond, Virginia 23219
                (804) 775-1000

                Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

**(Executory Contracts)**

**EXHIBIT A**
**Executory Contracts**

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Capital Infrastructure, LLC<br>5625 Dillard Dr., S-105<br>Cary, NC 27511<br>Attn: Jim Hunniford | Services Agreement | Oct. 8, 2006 |
| TRG Georgia City Place LLC<br>3477 Kingsboro Rd., NE<br>Atlanta, GA 30326<br>Attn: Shannon Kiln | Bulk Sales Agreement | Oct. 9, 2007 |
| Camina Design<br>165 Fox Hollow Rd.<br>Pinehurst, NC 28374<br>Attn: Noel Tuck | Bulk Sales Agreement | Signed May 17, 2007 by Circuit City. Not signed by Camina. |
| Brentwood Custom Homes<br>270 Northlake Blvd., S-1004<br>Altamonte, FL 32701<br>Attn: Mark Herring | Subcontractor Base Agreement | Oct. 9, 2006 |
| American Heartland Homebuilder<br>22525 Hall Rd., Suite A<br>Macomb, MI 48042<br>Attn: Rick Merlini | Bulk Sales Agreement | Dec. 28, 2006 |
| RL Vogel<br>605 Butler St.<br>Windermere, FL 34786<br>Attn: Dean Vogel | Bulk Sales Agreement | Sep. 11, 2006 |
| McNally Construction Group<br>P.O. Box 818<br>Windermere, FL 34786<br>Attn: Laine McBride | Subcontractor Agreement | N/A |
| McNally Construction Group<br>P.O. Box 818<br>Windermere, FL 34786<br>Attn: Laine McBride | Bulk Sales Agreement | Nov. 16, 2007 |
| Dominion Partners<br>8601 Six Forks Rd., S-270<br>Raleigh, NC 27615<br>Attn: Christopher Del | Bulk Sales Agreement | Signed May 2, 2007 by Circuit City. Not signed by Dominion. |
| Cousins Properties, Inc.<br>191 Peachtree St., NE S-3600<br>Atlanta, GA 30303<br>Attn: Jason Frost | Bulk Sales Agreement | Signed Jun. 29, 2007 by Circuit City. Not signed by Cousins. |
| Park Condominiums<br>11508 Providence Rd., S-H211<br>Charlotte, NC 28277<br>Attn: Terry Tolbert | Bulk Sales Agreement | Last signed on Jul. 10, 2007. |
| Daugherty Custom Homes LLC<br>1315 Daugherty Rd.<br>China Grove, NC 28023<br>Attn: Jim Daugherty | Bulk Sales Agreement | Last signed on Jul. 25, 2007. |

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Infrastructure Services, LLC<br>1249 Waggle Way<br>Naples, FL 34108<br>Attn:  Bruce Reale | Bulk Sales Agreement | Signed Jan. 9, 2008 by Infra-structure.  Not signed by Circuit City. |
| Infrastructure Services, LLC<br>1249 Waggle Way<br>Naples, FL 34108<br>Attn:  Bruce Reale | $12,645.00 Purchase Order | Feb. 2, 2008 |
| TRG Georgia City Place LLC<br>3477 Kingsboro Rd., NE<br>Atlanta, GA 30326<br>Attn:  Shannon Kiln | Bulk Sales Agreement | Oct. 9, 2007 |
| Charles Rinek Construction, Inc.<br>Cypress Point Professional Park<br>50 Cypress Point Parkway, S-A1<br>Palm Coast, FL 32164<br>Attn:  Charles Rinek | Bulk Sales Agreement | Oct. 23, 2006 |
| Celebration Homes, Inc.<br>215 Celebration Place, #500<br>Celebration, FL 34747<br>Attn:  Rich Greco | Bulk Sales Agreement | Signed Feb. 28, 2007 by Circuit City. Not signed by Celebration. |
| CCD 10 Terminus Place, LLC<br>191 Peachtree St. NE, S-3600<br>Atlanta, GA 30303<br>Attn:  Jack Frost | Bulk Sales Agreement | Signed Dec. 28, 2007 by Circuit City. Not signed by CCD 10. |
| Bittle Incorporated<br>409 Fairway Dr.<br>Lake Lure, NC 28746<br>Attn:  John Bittle | Bulk Sales Agreement | Jun. 6, 2007 |
| Arthur Rutenberg Homes<br>402 S. Northlake Blvd., S-1012<br>Altamonte Springs, FL 32701<br>Attn:  Adina Land | Bulk Sales Agreement | Mar. 28, 2007 |
| Merrit Homes<br>9576 Marquette St.<br>Concord, NC 28027<br>Attn:  Scott Abel | Bulk Sales Agreement | Last executed on Dec. 13, 2006 |
| PSG Construction Inc.<br>803 S. Orlando Ave., Suite A<br>Winterpark, FL 32789<br>Attn:  Amy Pusey | Subcontractor Agreement | Nov. 20, 2007 |
| PSG Construction Inc.<br>803 S. Orlando Ave., Suite A<br>Winterpark, FL 32789<br>Attn:  Amy Pusey | Bulk Sales Agreement | Nov. 20, 2007 |
| SE Wyatt Company<br>P.O. Box 5314<br>Concord, NC 28027<br>Attn:  Scott Wyatt | Bulk Sales Agreement | Last signed on Nov. 20, 2006 |

2

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| Finney Builders, Inc.<br>1196 Gateway Dr.<br>Mooresville, NC 28115<br>Attn: Amanda Lomax | Bulk Sales Agreement | Last signed on Nov. 28, 2006 |
| Gunther Development, LLC (a/k/a Imperial Homes)<br>8297 Champions Gate Blvd. #357<br>Champions Gate, FL 33896<br>Attn: Nichole Riggio | Standard Subcontractor Agreement | Feb. 11, 2008 |
| William Stone Premier Properties, LLC<br>611 Campus St. #180<br>Celebration, FL 34747<br>Attn: John Busuttil | Subcontractor Agreement | Jun. 13, 2007 |
| William Stone Premier Properties, LLC<br>611 Campus St. #180<br>Celebration, FL 34747<br>Attn: John Busuttil | Bulk Sales Agreement | Dec. 15, 2006 |
| Hawkins Cyrill Custom Homes<br>190 Iriquois Trail<br>Columbus, NC 28722<br>Attn: Frank Cyrill | Bulk Sales Agreement | Signed Dec. 7, 2007 by Circuit City. Not signed by Hawkins. |
| Image Builders<br>P.O. Box 2094<br>Windermere, FL 34786<br>Attn: Sandy Harvey | Bulk Sales Agreement | Signed Dec. 17, 2007 by Circuit City. Not signed by Image. |
| R&S Hoffman Builders and Sons<br>1102 Wilde Dr.<br>Celebration, FL 34747<br>Attn: Brad Hoffman | Bulk Sales Agreement | Feb. 28, 2007 |
| Palm Coast Builders<br>661 Maplewood Dr., S-22<br>Jupiter, FL 33458<br>Attn: William Hanson | Bulk Sales Agreement | Signed Jun. 6, 2007 by Circuit City. Not signed by Palm Coast. |
| River Oaks Development Corporation<br>P.O. Box 540022<br>Orlando, FL 32854<br>Attn: Tracey Smith | Bulk Sales Agreement | Signed Apr. 17, 2007 by Circuit City. Not signed by River Oaks. |
| Silvertree Construction<br>410 Veterans Rd.<br>Columbia, SC 29209<br>Attn: Sean Reed | Bulk Sales Agreement | Signed Feb. 1, 2007 by Circuit City. Not signed by Silvertree. |
| D.R. Horton, Inc.<br>301 Commerce St., Suite 500<br>Fort Worth, TX 76102 | Master Addendum to Independent Contractor Addendum | Jun. 12, 2007 |
| CityPlace South Tower, LLC<br>550 Okeechobee Blvd.<br>West Palm Beach, FL 33401<br>Attn: Arturo Pena | Purchasing and Service Agreement for CityPlace South | Signed May 8, 2008 by City-Place. Effective Date left blank |

| Contract Counterparty | Contract | Contract Date |
|---|---|---|
| TRG-500 Brickell Two, Ltd.<br>The Related Group<br>315 S. Biscayne Blvd.<br>Miami, FL 33131<br>Attn:  Jorge Gonzalez | Amended Purchasing and Service Agreement for West Towers | Dec. 5, 2007 |
| CNET Networks, Inc.<br>235 Second Street<br>San Francisco, CA 94105<br>Attn: Legal Department | Master Services Agreement | Oct. 8, 2008 |
| Critical Path, Inc.<br>1840 Gateway Drive, Suite 200<br>San Mateo, CA  94404 | Master Services Agreement | Jun. 7, 2000 |
| Critical Path, Inc.<br>1840 Gateway Drive, Suite 200<br>San Mateo, CA  94404 | Amendment No. 1 to Master Services Agreement | Aug. 19, 2003 |
| Marc J. Sieger<br>3805 Somerbrook Ct.<br>Richmond, VA 23233 | Consulting Agreement | Sep. 27, 2008 |

4