Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' SECOND OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
ABANDONMENT OF PERSONAL PROPERTY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a), 365(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (i) reject certain unexpired leases of real property, including any amendments, modifications or subleases thereto, as set forth on the attached <u>Exhibit A</u> (collectively, the "Leases"), and any guaranties thereof and (ii) abandon any equipment, furniture or fixtures located at the premises covered by the Leases (the "Premises").  In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006.

**BACKGROUND**

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7. Despite significant revenues, the Debtors have suffered two consecutive years of losses. While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy. In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity and the global economic crisis.

8. Thus, the Debtors commenced these cases with the immediate goals of obtaining adequate postpetition financing and continuing their restructuring initiatives commenced prior to the Petition Date, including closing certain stores. In

addition, the Debtors will continue to evaluate their business, work closely with their vendors, and enhance customer relations with a goal of emerging from chapter 11 as a financially stable going concern.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Leases and any guaranties thereof.

10. The Debtors are currently performing their review and evaluation of other unexpired leases and subleases that are not the subject of this Motion. As this process continues, the Debtors may identify additional leases to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional leases in the future. This Motion should not be construed as a determination that any leases not listed herein are to be assumed or rejected.

11. The Debtors further seek authority under Bankruptcy Code sections 105 and 554 to abandon any

equipment, furniture or fixtures located at the Premises (the "Abandoned Property").

**BASIS FOR RELIEF**

12. In an effort to avoid any postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Leases.

13. The Leases are comprised primarily of leases of property and facilities at which the Debtors had intended, but have cancelled plans, to open new stores. Final construction or opening of the Premises covered by the Leases was put on hold prior to the Petition Date. Each of the Leases is listed on Exhibit A, attached hereto, along with the name of the lessor thereunder.

14. Through the rejection of the Leases, the Debtors will be relieved from paying rent, as well as other costs, including taxes, insurance, maintenance and other related charges associated with the Leases. Currently, the Debtors have no operations in the leased facilities and have no other productive use for the Premises. However, the Debtors may be obligated to pay

rent under certain of the Leases.[2] Thus, by rejecting the Leases at this time, the Debtors will avoid incurring unnecessary administrative charges for facilities that provide no tangible benefit to the Debtors' estates. The resulting savings from the rejection of the Leases will increase the Debtors' future cash flow and assist the Debtors in managing their estates.

15. The Debtors have analyzed each of the Leases to determine the appropriate date of rejection. The Debtors have concluded that, in order to minimize unnecessary potential costs to the estate, the Leases should be rejected as of the date of the hearing scheduled for this Motion, January 16, 2009 (the "Rejection Date"). The Debtors in each case have vacated or will vacate, or have not yet entered, the properties that are covered by the Leases, and, to the extent applicable, have turned over or will turn over to

---

[2] Certain of the real property leases listed on Exhibit A and included in this Motion may have been terminated prior to the Petition Date. This Motion has no force or effect with respect to any such terminated Leases. This Motion is not intended to reinstate or otherwise alter the status of any Lease, and does not mean that any particular landlord is entitled to damages for rejection thereof.

7

the lessors the keys to the Premises as of the Rejection Date.

16. With respect to Store #3201 in Macon, Georgia leased from New River Properties, however, the Debtors vacated the property and returned the keys to New River Properties on January 2, 2008 and, therefore, seek to reject this Lease effective January 2, 2008.

17. In considering their options with respect to the Leases, the Debtors have determined in their business judgment that the costs associated with assuming the Leases would be substantial and would constitute an unnecessary drain on the Debtors' cash resources. Based on this analysis, the Debtors believe that the Leases provide no value to the Debtors' estates and that there remains no viable possibility other than rejection of the Leases.

18. Additionally, the Debtors have determined that the abandonment of the Abandoned Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to the Debtors' estates. Moreover, the Debtors believe that the Abandoned

Property is no longer necessary for the operation of the Debtors' businesses.

19. Accordingly, the Debtors believe that rejection of the Leases and any guaranties thereof and abandonment of the Abandoned Property as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

**I. REJECTION OF THE LEASES IS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

20. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to reject an executory contract is governed by the "business judgment" standard. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003)

(stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

21. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

22. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

23. As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Leases. The Leases are financially burdensome and unnecessary to the Debtors' ongoing operations and business. Rejection of the Leases is in the Debtors' best interests because the Debtors are not and are not intending to conduct retail operations at the Premises. Moreover, the Debtors have reviewed the Leases and have determined that the Leases do not have any marketable value beneficial to the Debtors' estates. As such, the Leases provide no economic benefit to the Debtors, nor are such Leases a source of potential value for the Debtors' estates and creditors. Accordingly, rejection of the Leases reflects the exercise of the Debtors' sound business judgment.

24. In summary, the Debtors believe that the proposed rejection of the Leases is tailored to minimize administrative expense, maximize distributions to creditors in these chapter 11 cases, and return control of real property to the lessors quickly. In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Leases.

25.  Numerous courts, including those in this district, have authorized similar relief.  <u>See</u>, <u>e.g.</u>, <u>In re Movie Gallery, Inc., et al.</u>, Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); <u>In re Storehouse, Inc.</u>, Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); <u>In re Rowe Furniture, Inc.</u>, Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); <u>In re The Rowe Cos.</u>, Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); <u>In re US Airways Group, Inc.</u>, Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

**II.  THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF THE ABANDONED PROPERTY.**

26.  Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts give debtors in possession great deference to their decisions to abandon under section 554.  <u>See</u> <u>In re Vel Rey Props., Inc.</u>, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless the property is harmful to the public, once the debtors in

possession have shown that the property is burdensome or of inconsequential value and benefit, the court should approve the abandonment. Id. at 868.

27. The Debtors believe that the costs of moving and storing the Abandoned Property would far outweigh any benefit to their estates. Moreover, the Debtors believe that any efforts to move the Abandoned Property would unnecessarily delay the rejection of the Leases. Therefore, it is in the Debtors' best interests to abandon the Abandoned Property located at the Premises.

28. Numerous courts, including those in this district, have authorized similar relief. See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006).

**NOTICE**

29. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures (Docket No. 130) and to all lessors under the Leases.  The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

30. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

31. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 6, 2009
       Richmond, Virginia

                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley           .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

15

**EXHIBIT A**

**(Unexpired Leases of Real Property)**

**EXHIBIT A**
Unexpired Leases of Real Property

| Store Number | Lease Location | Landlord/ Subtenant |
|---|---|---|
| #3201 | Parkway Village Shopping Center<br>3670 Eisenhower Parkway<br>Macon, GA 31206 | New River Properties |
| #3383 | Kona Commons Shopping Center<br>74-5454 Makala Boulevard<br>Kona, HI 96740 | MK Kona Commons, LLC |
| #3396 | Desert Gateway Shopping Center<br>34660 Monterey Avenue<br>Palm Desert, CA 92211 | RJ Ventures, LLC |
| #3723 | 624-640 Iyannough Road<br>Hyannis, MA 02601 | Berkshire-Hyannis, LLC |
| #3745 | Golden Valley Ranch Shopping Center<br>19037 Golden Valley Road<br>Santa Clarita, CA 91321 | GMS Golden Valley Ranch, LLC |
| #3806 | Brook Highland Plaza<br>Birmingham, AL 35244 | GS II Brook Highland, LLC |
| #3885 | The Shoppes at River Crossing<br>5080 Riverside Drive<br>Macon, GA 31206 | Shoppes at River Crossing, LLC |
| #4133 | Intersection of US Highway 22 and West End Avenue<br>North Plainfield, NJ 10803 | North Plainfield VF, LLC |
| #4140 | Riverpoint at Sheridan Shopping Center<br>Sheridan, CO 80110 | Weingarten Miller Sheridan, LLC |
| #4220 | Merriam Village Shopping Center<br>6030 Eby Street<br>Merriam, KS 66202 | Coventry II DDR Merriam Village, LLC |
| #4227 | Spanish Fort Town Center<br>Mobile, AL 36577 | Cypress/Spanish Fort I, LP |