Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

    - and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al., :
:
             Debtors. : Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER APPROVING STIPULATION BY AND AMONG THE DEBTORS AND CELLCO PARTNERSHIP /D/B/A/ VERIZON WIRELESS PURSUANT TO BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019 approving the

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

stipulation (the "Stipulation") entered into between the Debtors and Cellco Partnership d/b/a/ Verizon Wireless ("Verizon Wireless"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019, the Stipulation, a copy of which is attached hereto as <u>Exhibit A</u>, is hereby approved in all respects.

3. The Debtors' decision to enter into the Stipulation is based on sound business judgment, is reasonable and appropriate under the circumstances and is approved.

4. The Debtors are hereby authorized to enter into the Stipulation and to take all actions reasonably necessary to implement its terms without further Court order.

5. The Stipulation shall be binding upon the Parties thereto and with respect to the Debtors, the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or administrator, trustee or responsible officer appointed under a confirmed Chapter 11 plan.

6. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

7.  This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
        January [_], 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**EXHIBIT A**
(Stipulation)

**EXHIBIT A**
(Stipulation)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC. | : Case No. 08-35653-KRH |
| et al., | : |
| | : |
| Debtors. | : Jointly Administered |

**STIPULATION AMONG DEBTORS AND
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS ACKNOWLEDGING
AND AUTHORIZING SETOFF, RECOUPMENT AND ANCILLARY RELIEF**

Circuit City Stores, Inc., on behalf of itself and its estate ("Circuit City") and certain of its affiliates and subsidiaries, the above-captioned debtors and debtors in possession,[1] on behalf of themselves and their estates (collectively with Circuit City, the "Debtors"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless" and together with the Debtors, the "Parties") hereby enter into this stipulation ("Stipulation"), dated January 7, 2009. The Parties hereby make the following statements and agreements:

**WHEREAS**, on November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"); and

**WHEREAS**, the Debtors remain in possession of their assets and continue to manage their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108; and

---

[1] The Debtors are as follows: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco

**WHEREAS**, Circuit City and Verizon Wireless entered into that certain Cellular Direct Sales Agreement dated July 1, 2004, as amended from time to time (the "Direct Sales Agreement"); and

**WHEREAS**, pursuant to the Direct Sales Agreement, Verizon Wireless establishes and operates kiosks at substantially all of Circuit City's stores. These kiosks are Verizon Wireless stores within Circuit City stores. Verizon Wireless also establishes and operates standalone merchandising and demonstration displays at the kiosks for the purpose of offering, selling and marketing Verizon Wireless cellular services. The Direct Sales Agreement provides Verizon Wireless with complete control over the sale and marketing of its inventory and services. Verizon Wireless is solely responsible for (i) hiring, training, managing and terminating all employees who work at the kiosks; and (ii) buying, selling and storing Verizon Wireless inventory; and iii) establishing pricing and other fees for its products and services. No Debtor has any authority to sell any Verizon Wireless products or services in its stores or on its website and Verizon Wireless has no authority to sell any of the Debtors' products or services at its kiosks. All inventory of Verizon Wireless not located at a kiosk is stored in a locked area separate and apart from any inventory of any Debtor that is stored at a Circuit City location; and

**WHEREAS,** pursuant to the Direct Sales Agreement, on or about the fifteenth day of each calendar month, Verizon Wireless pays Circuit City commissions on a monthly basis relating to each new activation of Verizon Wireless service obtained at a kiosk located within a Circuit City store during the prior month (the "Commissions") and Verizon Wireless has the right to chargeback to Circuit City, or recoup, offset and deduct from any unpaid Commissions or other amounts owed to Circuit City, any Commissions paid on account of any customer of

---

Designs, Inc., Sky Venture Corp., Prahs, Inc., XSStuff, LLC, Maryland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC and Circuit City Stores PR, LLC.

Verizon Wireless that terminates Verizon Wireless service prior to completing a full 180 days of service or any Commission paid on account of any other cancelled or invalid activations as set forth in Section 3.1(e) of the Direct Sales Agreement (collectively, the "Chargebacks"); and

**WHEREA**S, pursuant to Schedule 8.1 of the Direct Sales Agreement, Verizon Wireless owes Circuit City market development fund ("MDF") payments from time to time for advertising in the Circuit City circulars and on the Circuit City website (the "MDF Payments"); and

**WHEREAS,** prior to the Petition Date, at Circuit City's request, and pursuant to the Direct Sales Agreement, Verizon Wireless constructed approximately seventeen kiosks for new stores that Circuit City intended to open ("New Store Locations") and installed five of the seventeen kiosks in certain of the New Store Locations; and

**WHEREAS**, prior to the Petition Date, Circuit City revised its strategy and advised Verizon Wireless that it was not opening the New Store Locations; and

**WHEREAS,** Circuit City has agreed, pursuant to Section 2.5(e) of the Direct Sales Agreement, that if Verizon Wireless is unable to operate an installed kiosk, or is unable to complete the installation of a kiosk prior to the opening of such kiosk, in each case as a result of the closing of a Circuit City store prior to the opening of such kiosk, then Circuit City will reimburse Verizon Wireless for its reasonable out of pocket costs and expenses in connection with the development and installation of the kiosk or any upgrades made to kiosks at any such location (the "Kiosk Costs"); and

**WHEREAS,** Verizon Wireless and Circuit City are also parties to that certain Verizon Wireless National Account Agreement effective December 1, 2004, Contract No. 730-02982-2004, as amended from time to time (the "Corporate Agreement") pursuant to which Verizon

3

Wireless has agreed to provide wireless service to Circuit City and certain employees of Circuit City and Circuit City agreed to pay predetermined monthly access rates for such service ("Service Fees"); and

**WHEREAS**, at all times prior to the Petition Date, Verizon Wireless has always owed more to Circuit City in Commissions under the Direct Sales Agreement than Circuit City has owed to Verizon Wireless under the Corporate Agreement or under the Direct Sales Agreement; and

**WHEREAS**, Circuit City acknowledges and agrees that mutuality of parties exists between Verizon Wireless and Circuit City with respect to the Direct Sales Agreement and the Corporate Agreement; and

**WHEREAS**, pursuant to, inter alia, Section 553 of the Bankruptcy Code, the Direct Sales Agreement, the Corporate Agreement, applicable state and federal law and/or equitable rights, Verizon Wireless is entitled to setoff the Chargebacks, the Kiosk Costs and the Service Fees against the Commissions and/or, with respect to Chargebacks, under the Direct Sales Agreement exercise its ongoing recoupment rights from time to time, which the Debtors hereby acknowledge as part of this Stipulation; and

**WHEREAS**, the Debtors have been authorized by the Bankruptcy Court to close and liquidate one hundred fifty four (154) locations of which Verizon Wireless operates kiosks in 141 locations (the "Closing Locations"); and

**WHEREAS**, the Parties agreed upon deadlines for Verizon Wireless to close down its kiosk operations at, and remove its property from, the Closing Locations at which Verizon Wireless was present, and Verizon Wireless complied fully with those deadlines; and

**WHEREAS**, the Parties desire to enter into this Stipulation to set forth the Parties'

4

agreement with respect to setoff and recoupment rights under the above referenced agreements, at law and in equity and to set forth the parties understanding regarding the Closing Locations.

**NOW THEREFORE, WITH THE FOREGOING BACKGROUND INCORPORATED BY REFERENCE, INTENDING TO BE BOUND, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. As of the Petition Date, pursuant to the Direct Sales Agreement, Verizon Wireless owes Circuit City unpaid Commissions for the month of October, 2008 (the "October Commissions"), which after netting $692,080.00 in Chargebacks owing from Circuit City to Verizon Wireless in accordance with Article III of the Direct Sales Agreement ("October Chargebacks") results in a net Commission for October of $2,457,890.00 (the "Net October Commissions").

2. As of the Petition Date, pursuant to Section 2.5 of the Direct Sales Agreement, Circuit City owes Verizon Wireless $1,077,699.00 (the "Kiosk Costs Amount") for unreimbursed Kiosk Costs incurred by Verizon Wireless, comprised of $1,001,589.00 for the construction for seventeen kiosks, $50,360.00 for transportation costs to and from six Circuit City stores (back to the warehouse), and $25,750.00 for installation and de-installation costs at five Circuit City stores.

3. Circuit City owes Verizon Wireless $200,106.24 for Service Fees that have accrued and are unpaid under the Corporate Agreement for the usage charges relating to the period prior to the Petition Date (the "Pre-Petition Service Fee Amount") and is in the process of paying past due post-petition Service Fees, which payments, to the extent not already made, shall be made to Verizon Wireless no later than the Effective Date, failing which Verizon Wireless shall be entitled to effectuate a further setoff for such amounts.

5

4.  Verizon Wireless currently owes Circuit City an MDF payment in the amount of $460,000.00 for the invoice relating to October MDF and $218,000.00 in MDF for the period to the Petition Date (the "October/November MDF Payment").

5.  Upon the Effective Date, Verizon Wireless is entitled and hereby authorized to recoup and/or setoff the October Chargebacks, the Kiosk Cost Amount, and the Pre-Petition Service Fee Amount owing by Circuit City against the October Commissions and/or the October/November MDF Payment owing by Verizon Wireless. Upon effectuating the setoff/recoupment in the foregoing sentence, Verizon Wireless shall remit the balance of $1,858,084.76 to Circuit City in full satisfaction of the October Commissions and the October/November MDF Payment.

6.  Circuit City is agreeing to enter into this Stipulation on an expedited basis at the request of Verizon Wireless, and reserves its rights to further investigate the amounts payable by or owing to Verizon Wireless (other than the Kiosk Costs Amount) as set forth in the Direct Sales Agreement and/or Corporate Agreement and to seek further payments as may be appropriate upon further reconciliation, subject to Circuit City's compliance with Section 3.2 of the Direct Sales Agreement and Section 10.2 of the Corporate Agreement.  Verizon Wireless reserves its rights (i) to oppose any such request for additional payments and/or (ii) to seek additional amounts payable by or owing to it by Circuit City.

7.  Verizon Wireless shall be authorized and permitted from time to time to recoup and/or setoff any additional Chargebacks on a monthly basis whether relating to the pre-petition activations or post-petition activations against any future Commissions and MDF Payments owing to Circuit City from time to time in accordance with the terms and provisions of the Direct Sales Agreement without further Court approval or notice to creditors.

8. Verizon Wireless shall be authorized and permitted from time to time to setoff Service Fees or other amounts owing under the Corporate Agreement relating to the post-petition services against any future Commissions and MDF Payments owing to Circuit City from time to time without further Court approval or notice to creditors; provided, however, that Circuit City shall not be liable for Early Termination Fees described in section 2.3 of the Corporate Agreement for the approximate 900 subscriber lines identified in a list provided by Circuit City to Verizon Wireless on January 7, 2009.

9. The Parties reserve all of their rights and remedies against each other and all other parties, including without limitation, the right to seek any other relief they deem appropriate in these cases. Nothing contained herein shall prejudice the Parties' rights or remedies whatsoever under the Direct Sales Agreement, the Corporate Agreement, the Bankruptcy Code, at law or in equity, including, without limitation, the right to assert any other pre or post-petition claim(s).

10. This Stipulation is not intended, nor shall it be construed, as an assumption of the Direct Sales Agreement or the Corporate Agreement, it being the intention of the Parties that this Stipulation does not create a new post-petition contract. The Debtors reserve all rights to assume or reject the Direct Sales Agreement and/or the Corporate Agreement in accordance with applicable bankruptcy laws, and Verizon Wireless reserves all rights to seek to compel same and/or to oppose any motion of the Debtors to assume or reject.

11. Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party. If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall

not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

12. Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

13. This Stipulation contains the entire understanding between the Parties and supersedes any prior understanding among them concerning the setoffs, chargebacks and recoupments authorized herein. There are no other oral or written representations, agreements, or understandings between the Parties relating to the setoffs, chargebacks and recoupments authorized herein. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing. No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided. Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

14. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

15. This Stipulation may be executed by facsimile signature in separate counterparts.

16. This Stipulation shall be binding upon the Parties hereto and with respect to the Debtors, the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or administrator, trustee or responsible officer appointed under a confirmed Chapter 11 plan.

17. This Stipulation is subject to the approval of the Bankruptcy Court, which approval the Debtors agree to seek on an expedited basis immediately upon execution of this Stipulation by the Parties. This Stipulation shall become effective upon entry on the docket of the Bankruptcy Court's Order approving this Stipulation (the "Effective Date").

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have executed this Stipulation as of the dates written below.

Dated:        January 7, 2009            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

                                                Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Telephone:    (302) 651-3000

and

Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 407-0700

and


MCGUIRE WOODS LLP

By: /s/ Douglas M. Foley
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 36364)
    McGuire Woods LLP
    One James Center
    901 East Cary Street
    Richmond, VA 23219
    Telephone:    (804) 775-1000

    Counsel to the Debtors and Debtors
    in Possession

BLANK ROME, LLP

By: /s/ John Lucian (with permission)
    Regina Stango Kelbon, Esquire
    John Lucian, Esquire (VSB No. 43558)
    Blank Rome, LLP
    One Logan Square
    130 N. 18th Street
    Philadelphia, PA  19103
    Telephone:    (215) 569-5507
    Facsimile:    (215) 832-5507

    Counsel for
    Cellco Partnership, d/b/a
    Verizon Wireless