Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al., :
: 
           Debtors. : Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019 APPROVING STIPULATION BY AND AMONG THE DEBTORS AND INTERNATIONAL BUSINESS MACHINES CORPORATION**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

sections 105(a) and 363 and Bankruptcy Rule 9019 approving the stipulation (the "Stipulation" substantially in the form attached to this Order as Exhibit A) entered into between the Debtors and International Business Machines Corporation ("IBM"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.   The Motion is GRANTED.

2.   The Debtors' decision to enter into the Stipulation is based on sound business judgment, is reasonable and appropriate under the circumstances and is approved.

3.   The Debtors are hereby authorized to enter into the Stipulation and to take all actions

reasonably necessary to implement its terms without further Court order.

    4.   Subject to the terms of the Stipulation, the Debtors are hereby authorized to make all payments due to IBM as described in the Stipulation.

    5.   The Debtors are authorized to execute all documentation necessary to implement the Stipulation.

    6.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

    7.   This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
       January __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                    /s/ Douglas M. Foley

**[Exhibit A]**

Case 08-35653-KRH    Doc 1419-1    Filed 01/08/09    Entered 01/08/09 19:40:13    Desc
Proposed Order    Page 5 of 12

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**STIPULATION AND AGREEMENT BY AND AMONG THE DEBTORS AND INTERNATIONAL BUSINESS MACHINES CORPORATION REGARDING SOFTWARE LICENSES AND FOR RELATED RELIEF**

This stipulation and agreement (the "Stipulation") is made this 8th day of January, 2009 by and between the debtors and debtors in possession in the above-captioned cases (collectively, "Circuit City" or

the "Debtors")[1] and International Business Machines Corporation ("IBM").  The Debtors and IBM are collectively referred to herein as the "Parties".

**BACKGROUND**

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

WHEREAS, pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors are continuing to manage and operate their businesses as debtors in possession.

WHEREAS, Circuit City and IBM are parties to various contracts under which IBM provides Circuit City with different services for distinct aspects of Circuit

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

City's business.  In particular, Circuit City and IBM are parties to that certain International Passport Advantage Agreement (as amended, the "IPAA").  A copy of the IPAA is attached hereto as Exhibit 1.

WHEREAS, pursuant to the IPAA, Circuit City purchased and IBM provided licenses to use certain IBM software (the "Licensed Software").  The licenses for the Licensed Software are governed by the terms of the International Program License Agreement (as amended, the "IPLA"), attached hereto as Exhibit 2.

WHEREAS, prior to the Petition Date, IBM reported to Circuit City that Circuit City may be exceeding the number of users authorized to use certain of the Licensed Software.  In response, IBM and Circuit City commenced a joint audit of the Circuit City's use of the Licensed Software.

WHEREAS, based on the results of the audit to date, IBM contends that, under the terms of IPAA and the IPLA, Circuit City has exceeded the number of users authorized to use certain of the Licensed Software (the "Disputed Software"), thereby violating the terms of the licenses.

3

WHEREAS, IBM further contends that Circuit City is currently using the Disputed Software in breach of the IPAA and the IPLA. Although Circuit City disputes results of various aspects of the audit, Circuit City did agree with IBM concerning certain findings.

WHEREAS, rather than continue with the audit or engage in litigation with IBM, Circuit City and IBM attempted to negotiate a consensual resolution concerning the Disputed Software.

WHEREAS, Circuit City relies on the Licensed Software, including the Disputed Software, in order to operate its businesses and would be adversely affected if it no longer had access to such software. If Circuit City was found liable for any unlicensed use of the Disputed Software, Circuit City would be further harmed if it were required to pay damages to IBM for such use or if it were prohibited from such use. Moreover, by resolving the dispute, Circuit City will be able to avoid any further costs associated with continuing the audit.

NOW, THEREFORE, intending to be legally bound hereby, upon order of the Bankruptcy Court as

contemplated hereby (the "Order"), the Parties hereto stipulate as follows:

1. The Parties agree to the terms set forth on the IBM International Passport Advantage Agreement Special Terms Addendum (the "Addendum") attached hereto as Exhibit 3, which terms are incorporated herein by reference.

2. IBM and the Debtors hereby waive and release, and shall be forever barred from asserting, any and all claims or causes of action (known or unknown) of any nature against each other or each other's affiliates, officers, directors, employees, shareholders, agents, successors or assigns in connection with, related to or arising from the alleged breach of the IPAA and the IPLA relating to the Debtors' alleged use of the quantities of Licensed Software and quantities of Disputed Software specified in the Addendum that arose prior to the date of entry of the Order.

3. This Stipulation shall be in effect from the date of entry of the Order until May 30, 2009.

4. Upon entry of the Order by the Bankruptcy Court, this Stipulation shall be binding upon and shall inure to the benefit of each of the Parties and each of

5

their respective successors and assigns, including any purchaser of Circuit City under Bankruptcy Code section 363.

    5.   The Bankruptcy Court shall retain jurisdiction to enforce the terms and provisions of this Stipulation.

    6.   This Stipulation, the IPAA, the IPLA and the Addendum contain the entire agreement and understanding between the Parties with respect to the subject matter hereof, and supersede and replace all prior negotiations or proposed agreements, written or oral.

    7.   This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, together will constitute one and the same agreement.  This Stipulation may be executed by facsimile signature which shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

CIRCUIT CITY STORES, INC.

_____
By:
Title:


INTERNATIONAL BUSINESS MACHINES CORPORATION

_____
By:
Title: