Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x  
                               :  
In re:                         :   Chapter 11  
                               :  
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653  
et al.,                        :  
                               :  
          Debtors.             :   Jointly Administered  
- - - - - - - - - - - - - - - x  

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105, BANKRUPTCY RULES 2002, 9006, AND 9007 AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER SETTING AN EXPEDITED HEARING ON DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION**

**THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105, Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing on the Debtors' Motion For Orders Pursuant To Bankruptcy Code Sections 105, 363 And 364 (I)(A) Approving Procedures In Connection With Sale Of All Or Substantially All Of The Business Or

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Additional Post-Petition Financing For The Business, (B) Authorizing Debtors To Enter Into Stalking Horse Or Financing Agreements In Connection With Going Concern Transactions Or Stalking Horse Agreements In Connection With Store Closing And Miscellaneous Asset Sales, (C) Approving The Payment Of Termination Fees In Connection Therewith, And (D) Setting Auction And Hearing Dates, (II) Approving Sale Of Debtors' Assets Free And Clear Of All Interests And (III) Granting Related Relief (the "Sale Motion")[2] for January 9, 2009, at 1:00 p.m. (ET) and shortening the notice period for the Sale Motion pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.  In further support of the Motion, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

3

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

**RELIEF REQUESTED**

6. On January 9, 2009, the Debtors filed the Sale Motion. By this Motion, the Debtors seek this Court's entry of an order setting an expedited hearing on the Sale Motion for Friday, January 9, 2009 at 1:00 p.m. (ET)

4

(the "Expedited Hearing"), or as soon thereafter as counsel may be heard, to consider the Sale Motion and to shorten the notice period for the Sale Motion.

7. As set forth in the Sale Motion, at the Expedited Hearing, the Debtors will seek entry of an order approving certain bidding procedures and related relief, and scheduling a hearing with respect to the approval of any Going Concern Transaction or Closing Store or Miscellaneous Asset Sale for January 16, 2009.

## BASIS FOR RELIEF

8. The Debtors seek approval of an expedited process for two primary reasons.

9. First, under the DIP Facility, as amended by the DIP Amendment, the Debtors are required to seek approval of the expedited process described in the Sale Motion.

10. Second, the Debtors (and the retail industry as a whole) are facing macro-economic conditions that are among the worst in history. Poor macro-economic conditions have caused declines in consumer confidence and consumer spending, both of which directly and significantly impact the Debtors' businesses. Indeed,

notwithstanding conservative revenue projections at the outset of these cases, the Debtors' revenues have been below their projections. Similarly, revenue generated from the Initial Store Closing Sales was sluggish and did not generate the liquidity infusion projected by the Debtors and the agent conducting the Initial Store Closing Sales. However, management has been able to manage expenses in a manner that has resulted in the Debtors exceeding their availability and liquidity forecasts.

11. Poor macro-economic conditions and the Debtors' worse than anticipated performance also contributed to further erosion of vendor confidence. As a result, many vendors, including some of the Debtors' key merchandise vendors, were unwilling to relax strict trade terms or provide meaningful trade credit. Indeed, many vendors continued to provide goods or services only on cash in advance terms.

12. In light of the foregoing and in particular the results of the Initial Store Closing Sales, the Debtors, the DIP Agent and Lenders, and the Creditors' Committee grew increasingly concerned that future

appraisals of DIP Lenders' collateral would be lower than expected.  A lower than expected appraisal would directly impact the Debtors' availability under DIP Facility, which, in turn, could strangle the Debtors ability to continue to operate.

13.  Faced with these conditions, the Debtors, after consultation with their advisors, as well as the Creditors' Committee and the DIP Agent, determined that an immediate sale of their business as a going concern or additional financing to facilitate a successful restructuring was in the best interests of creditors and other parties in interest.

14.  To that end, the Debtors believe, in an exercise of their business judgment, that implementing an expedited process for the sale of all or part of their business is in the best interests of creditors, other parties in interest and these estates.

15.  Finally, courts in the Eastern District of Virginia have previously granted motions to reduce the 20-day notice required for the use, sale or lease of property under Bankruptcy Code section 363.  See, e.g., In re LandAmerica Financial Group, Inc., 08-35994 (KRH)

(Bankr. E.D. Va. Dec. 17, 2008)(granting expedited hearing request, approving sale of debtor's stock in certain companies and shortening notice period on final sale hearing); In re A. Wimpfheimer & Bro., Inc., 08-32291 (DOT) (Bankr. E.D. Va. May 23, 2008) (approving sale procedures at first day hearing and scheduling final sale hearing on less than 20 days notice); In re Movie Gallery, Inc., 07-33849 (DOT) (Bankr. E.D. Va. May 2, 2008)(granting motion for expedited hearing to approve sale of certain assets).

16. For the reasons set forth above, the Debtors believe cause exists to hear the bidding procedures aspects of the Sale Motion on January 9, 2009 at 1:00 p.m. (Eastern time), and scheduling the Hearing on approval of any sale(s) for the regularly scheduled omnibus hearing on January 16, 2009 at 10:00 a.m. (Eastern time).

17. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit 1 is the certification required under Local Rule 9013-1(N).

18.  Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited hearing on the Sale Motion.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**NOTICE**

19.  Notice of this Motion and the Sale Motion, to the extent it seeks entry of the Bidding Procedures Order, will be provided to the those parties who have requested notice pursuant to Bankruptcy Rule 2002, and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")).  The Debtors submit that, under the circumstances, no other or further notice need be given of this Motion.

20.  Pursuant to Bankruptcy Rule 2002(a), the Debtors would be required to provide creditors with

9

twenty (20) days' notice of the Hearing on approval of any sale(s).  Pursuant to Bankruptcy Rule 2002(c), the Debtors also would be required to notify their creditors of the proposed sale, including a disclosure of the time and place of the Hearing, the terms and conditions of any sale(s), and the deadline for filing any objections. It is necessary to shorten the customary notice period, pursuant to Bankruptcy Rule 9006, to avoid the further erosion of value of the Debtors and expeditiously consummate a sale.  Because the Debtors have extensively pursued and evaluated numerous strategic alternatives prior to the filing, the Debtors do not believe that requiring them to wait the customary twenty (20) days otherwise required would add any value (and, indeed, increases the potential risk of loss given the uncertain United States economy).  Thus, the Debtors propose to provide Notice of the Motion and entry of the Bidding Procedures Order to those parties entitled to notice under the Case Management Order, as well as (a) all entities known to have expressed an interest in a transaction regarding the debtors' assets, stores or inventory during the past three (3) months; (b) all

landlords and entities known to have an interest in any of the assets to be sold; and (c) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested through the Sale Motion. The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

21. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

22. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 9, 2009
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley            .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Certification)**

Case 08-35653-KRH    Doc 1424    Filed 01/09/09    Entered 01/09/09 08:24:41    Desc Main
Document      Page 13 of 16

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653
et al.,                       :
                              :
        Debtors.              :  Jointly Administered
- - - - - - - - - - - - - - - x

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion Of The Debtors Pursuant To 11 U.S.C. § 105, Bankruptcy Rules 2002, 9006, And 9007 And Local Bankruptcy Rule 9013-1(M) For An Order Setting An

Expedited Hearing On Debtors' Motion For Orders Pursuant To Bankruptcy Code Sections 105, 363 And 364 (I)(A) Approving Procedures In Connection With Sale Of All Or Substantially All Of The Business Or Additional Post-Petition Financing For The Business, (B) Authorizing Debtors To Enter Into Stalking Horse Or Financing Agreements In Connection With Going Concern Transactions Or Stalking Horse Agreements In Connection With Store Closing And Miscellaneous Asset Sales, (C) Approving The Payment Of Termination Fees In Connection Therewith, And (D) Setting Auction And Hearing Dates, (II) Approving Sale Of Debtors' Assets Free And Clear Of All Interests And (III) Granting Related Relief (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2

1.   I am a member of the Bar of this Court, and I have carefully examined these matters and there is a true necessity for an emergency hearing.

2.   The necessity for this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

3.   Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

>                         /s/ Douglas M. Foley
>                         Douglas M. Foley

Active\6911765

3