UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC. | ) | |
| et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AMERICAN COMPUTER DEVELOPMENT, INCORPORATED'S (I) OBJECTION TO DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365 AND BANKRUPTCY RULES 6004 AND 6006 AUTHORIZING AND APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; AND (B) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES TO MARYLAND ACQUISITION, LLC OR ITS NOMINEE; AND (II) OFFER TO PURCHASE THE LEASES FOR A HIGHER AMOUNT**

American Computer Development, Incorporated ("ACDI"), by and through its undersigned counsel, hereby files its Objection to the Motion of the above-captioned Debtors and Debtors-in-Possession for an Order Authorizing and Approving: (a) the Assumption and Assignment of Certain Unexpired Leases of Non-Residential Real Property; and (b) Sale of Certain Non-Residential Real Property Leases Free and Clear of Liens, Claims and Encumbrances to Maryland Acquisition, LLC or its Nominee (the "Motion"),[1] and makes the within offer to purchase the Lease and the Sublease, as described in Exhibit A and Exhibit B, respectively, to the Motion (the "Leases") on materially the same terms, except its purchase price is substantially higher and better than that offered by the Purchaser. In support of this Objection and Offer, ACDI respectfully represents and states as follows:

---

[1] Capitalized terms used herein without definition shall have the meaning given to them in the Motion.

W02-EAST:7MAS1\200164536.2                -1-

**PRELIMINARY STATEMENT**

ACDI is the current Subtenant under the Sublease described in Exhibit B to the Motion. As such, Purchaser is required to provide ACDI with adequate assurance of future performance under both Leases, which the proposed Purchaser seeks to take assignment of pursuant to the Motion. The Motion fails to include any information regarding the actual identity, background, affiliation or business of the proposed Purchaser or any allegation or proof of adequate assurance by the proposed Purchaser of its ability to perform under the Leases. Thus, and unless ACDI can be provided with adequate assurance that Purchaser will not default under either of the Leases as required by section 365(f) of the Bankruptcy Code, Purchaser may not receive an assignment of either Lease.

In addition, ACDI hereby makes a higher and better offer for the Leases in the amount of $40,000 (the "ACDI Offer") that should be accepted and approved over, and instead of, the offer made by the proposed Purchaser. The ACDI Offer is for $20,000 more than that of the Purchaser and is on the same terms as offered by the Purchaser, in all material respects, as evidenced by the Letter Agreement, dated January 9 , 2009 (the "ACDI Agreement"), which is annexed as Exhibit 1. The ACDI Offer clearly provides greater value to the Debtors' estates and creditors and should be accepted.

**ARGUMENT**

**Assumption and Assignment to Purchaser is not Appropriate Under Section 365(f) of the Bankruptcy Code.**

1.      In the Motion, the Debtors cite only to the provisions of section 365(b)(1) of the Bankruptcy Code in connection with their request for this Court to approve the assumption and assignment of the Leases to the proposed Purchaser. *See* Motion at ¶ 21. Section 365(b)(1) of the Bankruptcy Code, however, provides the procedures and requirements only for the

assumption by a debtor of executory contracts and unexpired leases in the event there has been a default under such contract or lease. *See* 11 U.S.C. § 365(b)(1). In the instant Motion, the Debtors are not only seeking to assume the Leases, but also to assign the Leases and, thus, must apply and satisfy the provisions of section 365(f)(2) of the Bankruptcy Code. Section 365(f)(2) of the Bankruptcy Code provides that a debtor may assign an unexpired lease "only if – (A) the [debtor] assumes such . . . lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the [proposed] assignee of such . . . lease is provided, *whether or not there has been a default in such lease*." 11 U.S.C. § 365(f)(2) (emphasis added).

2.  Accordingly, before the Leases can be assumed and assigned, adequate assurance of the future performance of the proposed Purchaser under both Leases must be provided to ACDI. Specifically, ACDI, as Subtenant, must be adequately assured of future performance by the proposed Purchaser: (a) of all the obligations which Sublessor owes to ACDI, as Subtenant, under the Sublease identified in <u>Exhibit B</u> to the Motion; and (b) of all the obligations of Tenant under the Lease identified in <u>Exhibit A</u> to the Motion such that a default under the Lease will not put the Sublease, and ACDI's sub-tenancy on the subject premises, at risk.

3.  As stated in the Debtors' Motion, courts take a practical and pragmatic approach to interpreting the phrase "adequate assurance of future performance" according to the facts of the case at hand. *See In re Resource Technology, Corp.*, 2008 WL 4876846 at * 4 (N.D. Ill. Nov. 7, 2008) (citing legal standard for adequate assurance as "practical, pragmatic construction" requiring case-by-case analysis, and affirming bankruptcy court's denial of debtor's motion to assume and assign certain leases where debtor failed to satisfy burden of providing adequate assurance of future performance).

4. Moreover, to satisfy the requirements for "adequate assurance" as used in section 365(f)(2) of the Bankruptcy Code, the Debtors must provide more than general statements and promises that the proposed Purchaser will perform in the future. Rather, adequate assurance must be based on actual proof of an ability of the proposed assignee to so perform in the future. *See In re Memphis-Friday's Associates*, 88 B.R. 830, 840-42 (Bankr. W.D. Tenn. 1988) (holding that, even if lease had not terminated prior to bankruptcy filing, debtor failed to demonstrate adequate assurance of future performance because "[b]old statements do not substitute for factual proof. If [the debtor] possess[es] the ability to provide adequate financial assurances, the same could easily be demonstrated. Financial statements, tax returns, bank statements, letters of credit, loan commitments, bonds, as well as cash are some of the evidence of adequate assurance which could have been offered. None were. . . The Code requires adequate assurance of future performance. The unsubstantial promises of the Debtor are insufficient.").

5. The Motion provides simply that "[t]he Purchaser shall guarantee full and complete performance of all obligations under the Leases" and further states that "Purchaser is the party that has always been ultimately responsible for ensuring compliance with the landlord-related obligations under the Leases . . . ." Motion at ¶ 23. There is no information or proof of the ability of the Purchaser to make or fulfill any such guarantees. In fact, the Motion is completely devoid of any information about the Purchaser, including any information about the business or history of the Purchaser, or the financial means of the Purchaser. The Motion provides little more than the name of the proposed Purchaser and conclusory statements regarding an implied relationship or identity with the Current Landlord. *See* Motion at p.2; Motion at ¶ 23; Motion at <u>Exhibit C</u>. In addition, the Agreement also provides virtually no information about the proposed Purchaser, including the identity or name of the individual

executing the Agreement on behalf of the Purchaser. Motion at Exhibit C. Without more, the statements in the Motion have no value and do not satisfy the requirements of section 365(f) of the Bankruptcy Code requiring "adequate assurance of future performance by the [proposed] assignee of such . . . lease . . . whether or not there has been a default [under] such . . . lease." 11 U.S.C. § 365(f)(2)(B).

6. Examples of adequate assurance include irrevocable letters of credit, cash deposits, and positive financial statements from the assignee. *See e.g.*, *In re Casual Male Corp.*, 120 B.R. 256, 264-65 (Bankr. D. Mass. 1990) (finding adequate assurance where assignee offered to deposit six months of rent in advance or to deliver an irrevocable letter of credit in that amount, and demonstrated positive financial statements); *In re Alipat, Inc.*, 36 B.R. 274, 278 (Bankr. Mo. 1984) (finding adequate assurance where irrevocable letter of credit was issued in favor of lessor, lease was guaranteed by financially-sound guarantors, assignee demonstrated availability of financial resources to meet rental payments and ability to continue to successfully operate business.). None of these various examples of adequate assurance have been provided in the Motion or otherwise made available in this case.

7. Furthermore, on information and belief, the Purchaser was created as recently as December 19, 2008, specifically to be the assignee and purchaser of the Leases. (The Articles of Organization for Maryland Acquisition LLC were filed with the Maryland Secretary of State on December 19, 2008, and are attached as Exhibit 3.) Because the Leases date back to October 2004, it is impossible for Purchaser, who was created less than a month ago, to have been "the party that has always been ultimately responsible for ensuring compliance with the landlord-related obligations under the Leases . . . ." *See* Motion at Exhibit A and B; Motion at ¶ 23.

8. Because the Debtors and the Purchaser have not submitted any proof of or any other basis for satisfying the adequate assurance requirements of section 365(f)(2) of the Bankruptcy Code, ACDI respectfully asserts that assumption and assignment of the Leases to the proposed Purchaser under the Motion cannot be approved by the Court.

## OFFER

**ACDI is Offering a Higher Value for the Leases**

9. Simply put, the ACDI Offer represents twice the value of what the proposed Purchaser is offering to pay for the assumption and assignment of the Leases, and for the sale of the Leases to ACDI free and clear of liens, claims and encumbrances as proposed in the Motion, on substantially the same terms as those to which the Purchaser has agreed.

10. ACDI hereby offers $40,000 for the Leases and will agree to substantially the same terms as outlined in the Agreement between the Purchaser and the Debtors as attached to the Motion as <u>Exhibit C</u>.[2] Accordingly, ACDI has signed the ACDI Agreement, a Letter Agreement, dated January 9, 2009, attached hereto as <u>Exhibit 1</u>, which is based on the Agreement entered into by Purchaser and the Debtors, with certain limited changes that are necessary and appropriate given that ACDI is currently the Subtenant under the Sublease. Attached as <u>Exhibit 2</u> hereto is a blackline comparing the ACDI Agreement to the Purchaser's Agreement, and showing the changes made to the Purchaser's Agreement by ACDI.

---

[2] ACDI respectfully submits that it does not need the consent of the Current Landlord for any assumption and assignment of the Leases to ACDI if this Court should ultimately approve such an assumption and assignment, and sale to ACDI. Specifically, the Current Landlord's consent is not required pursuant to section 365(f)(1) of the Bankruptcy Code.

**ACDI Can Provide Adequate Assurance of Future Performance to the Lessor**

11. In contrast to the lack of information about Purchaser's ability to satisfy the obligations under the Leases, and because of ACDI's existing subtenancy on the premises covered by the Leases, ACDI has and can readily offer evidence of adequate assurance of future performance.

12. As the Subtenant on the Lease, ACDI has been satisfying its obligations under the Sublease, and has been making payments under the Sublease. This history demonstrates ACDI's ability to satisfy the payment obligations under the Leases on a going forward basis.

13. In addition, on the Court's or the Debtors' request, ACDI, a privately-held company, is willing to produce its financial statements for inspection to demonstrate its ability to perform all of the obligations under the Lease.[3]

14. ACDI respectfully asserts that because: (a) the terms of the ACDI Offer as outlined in the ACDI Agreement are the same, in all material respects, as the terms of the Purchaser's Agreement, (b) the amount offered by ACDI is substantially greater than the amount offered by the Purchaser, and (c) ACDI can provide this Court and the Current Landlord with evidence of adequate assurance of future performance in addition to its record of past performance, the ACDI Offer for assumption and assignment of the Leases pursuant to section 365 of the Bankruptcy Code and the sale of the Leases to ACDI free and clear of liens, claims and encumbrances pursuant to section 363 of the Bankruptcy Code, should be accepted and approved.

---

[3] Because ACDI is a privately held company, ACDI would request that any such financial statements or other financial information which might be produced in connection herewith be retained as confidential.

## **CONCLUSION**

WHEREFORE, ACDI respectfully requests that (i) the Court deny the relief requested in the Motion as to the Purchaser, (ii) approve the assumption and assignment of the Leases and sale of the Leases to ACDI pursuant to the ACDI Agreement, and (iii) grant such other and further relief as may be just and proper.

Dated:  January 9, 2009
       Washington, D.C.

                GARY & REGENHARDT PLLC

                /s/   Linda Regenhardt_____
                Linda D. Regenhardt, Esquire (Va. Bar No. 27455)
                Stuart H. Gary, Esquire (Va. Bar No. 12714)
                8500 Leesburg Pike
                Suite 7000
                Vienna, VA 22182-2409
                Telephone: (703) 848-2828

                - and –

                Edward H. Tillinghast, III
                Malani J. Cademartori
                SHEPPARD MULLIN RICHTER & HAMPTON, LLP
                30 Rockefeller Plaza, 24th Floor
                New York, NY 10112
                Telephone (212) 332-3847

                *Attorneys for American Computer Development, Incorporated*