**American Computer Development, Incorporated**
5350 Partners Court
Frederick, MD 21703

This letter, dated ~~December 19, 2008,~~ January 9, 2009, shall memorialize the agreement (this "Agreement") between ~~Maryland Acquisitions LLC ("~~American Computer Development, Inc. ("ACDI Purchaser") and Circuit City Stores, Inc. and its affiliates (collectively, "Circuit City") with respect to the assumption and assignment of: (i) a certain Lease Agreement (as defined on **Schedule A**, which is attached hereto and by this reference made a part hereof) by and between Circuit City (as Tenant) and Current Landlord (as defined on **Schedule A**); and (ii) the Sublease (as defined on **Schedule B**, which is attached hereto and by this reference made a part hereof) by and between Circuit City (as Sublessor) and American Computer Development, Incorporated (as Subtenant).

ACDI Purchaser and Circuit City have agreed that Circuit City shall withdraw the Lease and Sublease from the proposed order approving the Debtors' First Omnibus Motion For Order Pursuant To Bankruptcy Code Sections 105(A) And 365(A) And Bankruptcy Rule 6006 Authorizing Rejection Of Certain Unexpired Leases Of Personal Property (Docket No. 998) (the "Rejection Motion") and, in conjunction herewith, Circuit City shall obtain an order, in form and substance satisfactory to ACDI Purchaser, in its reasonable discretion, authorizing the sale free and clear of all liens, claims and encumbrances and the assumption and assignment of the Lease and the Sublease to ACDI Purchaser or its designee (the "Order"), subject to the following terms and conditions:

- ACDI Purchaser shall ~~indemnify and hold~~ release Circuit City ~~harmless~~ from any and all Claims (as defined in the Bankruptcy Code) arising from or related to the Sublease or the Lease that the Subtenant has asserted or may assert against Circuit City, including without limitation, Claims under 11 U.S.C. §§ 365, 502 or 503 (the "~~Indemnity~~Release Obligations");

- ~~Current Landlord shall waive, discharge and forever release~~ACDI Purchaser shall indemnify Circuit City from any and all Claims of Current Landlord, arising before~~, on~~ or after this Agreement, against or related to Circuit City or its bankruptcy estate~~; provided, further, that~~ including, for the avoidance of doubt and without limiting the generality of the foregoing, ~~Current Landlord shall not assert any Claim against Circuit City with regard to~~any claims Current Landlord may have for any rents, actually paid by the Subtenant to Circuit City in advance of the entry of the Order (the "~~Release~~Indemnity");

- ACDI Purchaser shall pay all documented and court approved Skadden bundled rate structure fees and expenses incurred by Circuit City after ~~the date hereof~~December 19, 2008 in connection with the transaction contemplated by this Agreement~~; provided, further, and such payment~~ and the Agreement, dated December 19, 2008, between Maryland Acquisitions LLC and Circuit City (collectively, the "Lease Motion Fees and Expenses"), provided that a final Order is entered approving the assignment and sale of the Leases to ACDI Purchaser.  Circuit City shall inform ACDI Purchaser in writing of the aggregate amount of the Lease Motion Fees and Expenses incurred through January 14, 2009, on January 15, 2009.  Payment of the Lease Motion Fees and Expenses shall be

200164551.3

- made within 15 days of receipt of an invoice from Circuit City detailing the Lease Motion Fees and Expenses; and

- ACDI Purchaser shall pay $~~20,000~~40,000 to Circuit City as consideration for the assumption and assignment of the Lease and Sublease; and

- ~~Circuit City shall reimburse Purchaser for any rents actually paid by the Subtenant on or after January 1, 2009.~~

- Circuit City hereby represents and warrants unto ACDI Purchaser that: (i) the Lease and Sublease have not been assigned, transferred or conveyed by Circuit City; and (ii) the Lease and Sublease have not been modified or amended except as set forth on **Schedule A** and/or **Schedule B**.

    Circuit City and ACDI Purchaser agree that ACDI Purchaser shall have the right to withdraw from this transaction and cancel all of its remaining obligations hereunder prior to the entry of the Order~~, provided that: (i) Purchaser shall reimburse Circuit City for all documented Skadden bundled rate structure fees and expenses incurred through the date of such withdrawal and cancellation of this Agreement; (ii) Purchaser's Indemnity Obligations shall continue and shall survive withdrawal and cancellation of this Agreement; (iii) the Release shall survive withdrawal and cancellation of this Agreement [(i)-(iii), collectively, the "Surviving Obligations"]. Circuit City and Purchaser further agree that if the Order is not entered by the Bankruptcy Court for any reason, including, without limitation, Purchaser's failure to approve the Order, the Surviving Obligations shall continue and Purchaser shall remain obligated to Circuit City on account of and for the Surviving Obligations, and Circuit City shall not be obligated to turnover rents received from Subtenant~~.

    Notwithstanding anything to the contrary herein, ACDI Purchaser agrees that the terms and conditions of this Agreement are subject to and conditioned upon receipt by Circuit City of its postpetition secured lenders' approval, which must be received by Circuit City at or prior to the hearing on the Rejection Motion. In the event that Circuit City does not obtain such consent, Circuit City will proceed with the hearing on the Rejection Motion and shall have no liability to ACDI Purchaser under ~~this Agreement.~~

| _____ | ~~MARYLAND ACQUISITIONS LLC~~ |
|---|---|
| ~~Circuit City Stores, Inc.~~ | |
| ~~By:~~ _____ | ~~By:~~ _____ |
| ~~Its:~~ _____ | ~~Its:~~ _____ |

~~The undersigned Current Landlord hereby agrees to the terms, conditions and provisions of~~ this Agreement.

~~44 NORTH PROPERTIES, LLC~~

~~BY:~~ _____

200164551.3

| CIRCUIT CITY STORES, INC. | AMERICAN COMPUTER DEVELOPMENT, INC. |
|---|---|
| _____ <br> By: _____ <br> Its: _____ | _____ <br> By: David C. Lightweis <br> Its: Chief Financial Officer |

200164551.3

Document comparison done by Workshare DeltaView on Friday, January 09, 2009 3:24:27 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://NYA-DMS-01/East/200164551/1 |
| Document 2 | interwovenSite://NYA-DMS-01/East/200164551/3 |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 38 |
| Deletions | 24 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 64 |