

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
|  | X |  |
| In Re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., | : |  |
| et al., | : | Case No. 08-35653 |
|  | : |  |
| Debtors, | : | Jointly Administered |
|  | : |  |
|  | : |  |
|  | X | January 2, 2009 |

## <u>MOTION FOR RELIEF FROM STAY</u>

Plaintiff, William Foster, a creditor, by the undersigned counsel, states:

1.     This Court has jurisdiction under 11 U.S.C. § 727 (a) (4) and 28 U.S.C. § 1334.

2.     This motion in this adversary proceeding is based on 11 U.S.C. §362(d). The Plaintiff/ Creditor, William Foster is a creditor of the debtor/ defendant, Circuit City Stores, Inc. and/or Circuit City Purchasing Company, LLC, in the above-entitled bankruptcy case.

3.     Prior to the commencement of the above-entitled bankruptcy case, the plaintiff had on, December 31, 2007, commenced a lawsuit entitled <u>William Foster v. Circuit City Purchasing Company, LLC, et al.</u>, bearing Docket Number NNI CV 08 5002945, Judicial District of New Haven at Meriden, against the defendant for personal injuries the plaintiff suffered on June 19, 2006 at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.  Attached hereto as <u>Exhibit A</u>.

1

4.    The plaintiff claims injuries valued in excess of $15,000.00.  On November 10, 2008, the debtor, filed a bankruptcy petition in this Court.

5.    The debtor was covered by a policy of insurance through Old Republic Insurance Company with policy limits in the amount of $1,500,000.00, for the above date of loss.

WHEREFORE, the plaintiff respectfully requests that this Court grant him relief from the automatic stay pursuant to 11 U.S.C. 362 in order to allow him to pursue his lawsuit against the defendant.

**WILLIAM FOSTER**

By:_____
Christi M. Carrano
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT 06473
Telephone Number (203) 787-4844
Facsimile Number (203) 787-4213
Fed. Bar No.CT 25707

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| ——————————————— X | | |
| In Re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | |
| et al., | : | Case No. 08-35653 |
| | : | |
| Debtors, | : | Jointly Administered |
| | : | |
| | : | |
| ———————————————X | | January 2, 2009 |

### ORDER GRANTING AUTOMATIC RELIEF FROM STAY

The foregoing motion having been duly noticed, it is hereby ORDERED that:

The Plaintiff, William Foster, is hereby permitted to pursue a claim for personal injuries and related damages against the debtors, Circuit City Stores, Inc. and Circuit City Purchasing Company, LLC.

Dated:_____          BY THE COURT

_____

, JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| | X | |
| In Re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | |
| et al., | : | Case No. 08-35653 |
| | : | |
| Debtors, | : | Jointly Administered |
| | : | |
| | : | |
| | : | January 2, 2009 |
| | X | |

## NOTICE OF BAR DATE FOR OBJECTION TO ORDER OR

## REQUEST FOR HEARING

The undersigned (the "Movant") has filed the following documents:

1)    Motion for Relief (the "contested matter") and;

2)    A proposed Order;

A copy of each is attached to this notice.

PLEASE TAKE NOTICE that unless you file a written request for a hearing or a written objection to the contested matter and serve a copy on the undersigned Movant no later than **January 29, 2009** the proposed order may enter without a hearing or any further notice.

WILLIAM FOSTER

*Christi M. Carrano*

By:  Christi M. Carrano, His Attorney
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT 06473
Telephone Number (203) 787-4844
Facsimile Number (203) 787-4213
Fed. Bar No.CT 2570

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|                                        |   |                        |
|----------------------------------------|---|------------------------|
|                                     X  |   |                        |
| In Re:                                 | : | Chapter 11             |
|                                        | : |                        |
| CIRCUIT CITY STORES, INC.,             | : |                        |
| et al.,                                | : | Case No. 08-35653      |
|                                        | : |                        |
|              Debtors,                  | : | Jointly Administered   |
|                                        | : |                        |
|                                        | : |                        |
|                                     X  |   | January 2, 2009        |

## <u>NOTICE OF BAR DATE CERTIFICATION</u>

This is to certify that on the above date a copy of the foregoing Motion for Relief from the Automatic Stay, proposed order, Notice of Bar Date for Objection to Order or Request for Hearing, Certification and accompanying Exhibits have been mailed to:

1.     Attorney for the Debtor
   Gregg M. Galardi, Esq.
   Ian S. Fredericks, Esq.
   Skadden, Arps, Slate, Meagher & Flom, LLP
   P.O. Box 636
   Wilmington, DE 19899-0636

   Dion W. Hayes
   Douglas M. Foley
   One James Center
   901 E. Cary Street
   Richmond, VA 23219

   Chris L. Dickerson, Esq.
   Skadden, Arps, Slate, Meagher & Flom, LLP
   333 West Wacker Drive
   Chicago, IL 60606

3.     U.S. Bankruptcy Court
   Clerk's Office
   701 East Broad Street, Suite 400
   Richmond, VA 23219

4.    U.S. Trustee
      701 E. Broad Street, Suite 4000
      Richmond, VA 23219

                                    _____
                                    Christi M. Carrano
                                    Attorney at Law

**SUMMONS - CIVIL**
**(Except Family Actions)**
JD-CV-1  Rev. 1-2000
C G S  § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259,  P B  Secs 3-1 thru 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

| "X" ONE OF THE FOLLOWING: |
|---|
| *Amount, legal interest or property in demand, exclusive of interest and costs is:* |
| ☐ less than $2,500 |
| ☐ $2,500 through $14,999.99 |
| ☒ $15,000 or more |
| ("X" if applicable) |
| ☐ Claiming other relief in addition to or in lieu of money or damages. |

**INSTRUCTIONS**
1. Type or print legibly sign original summons and conform all copies of the summons
2. Prepare or photocopy conformed summons for each defendant
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint  Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought  See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are  hereby commanded to make due and legal service of this Summons and attached Complaint

| RETURN DATE (Mo., day, yr.) | 1/15/0 |
|---|---|
| (Must be a Tuesday) | 13110 7 |

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable) (C G S  51-346, 51-349) | CASE TYPE (See JD-CV-1c) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. NO. | MERIDEN | Major **T**   Minor **12** |

ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C G S  51-346, 51-350)
**54 WEST MAIN STREET, MERIDEN, CT 06451**

TELEPHONE NO. (with area code)
**203-238-6666**

| PARTIES | NAME AND ADDRESS OF EACH PARTY    NOTE: Individuals' Names: (No., street, town and zip code)   Last, First, Middle Initial | ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED **PLAINTIFF** | FOSTER, WILLIAM, 87 MARTIN STREET, WEST HAVEN, CT 06516 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED **DEFENDANT** | CIRCUIT CITY PURCHASING COMPANY, LLC, 9950 MAYLAND DRIVE, RICHMOND, VA 23233, C/O AGENT FOR SERVICE CORPORATION SERVICE COMPANY, 50 WESTON STREET, HARTFORD, CT 06120-1537. | | 50 |
| Additional Defendant | AUTOMATIC DOOR SYSTEMS, INC., 36 CAPITAL DRIVE, WALLINGFORD, CT 06492, C/O AGENT FOR SERVICE RICHARD L. GOLDBLATT, 60 WASHINGTON AVENUE, HAMDEN, CT 06518 | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly.  **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE 11/13/07 | SIGNED (Sign and "X" proper box) | ☒ Comm of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT CHRISTM. CARRANO |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) CARRANO & CARRANO, L.L.C., 270 QUINNIPIAC AVENUE, NORTH HAVEN, CT 06473 | TELEPHONE NUMBER 203-787-4844 | JURIS NO. (if atty or law firm) 422431 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No. street, town and zip code) JENNIFER KOERLIN, 270 QUINNIPIAC AVE., NORTH HAVEN, CT 06473 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. 1 | # DEFS 2 | # CNTS 2 | SIGNED (Official taking recognizance) "X" proper box | ☒ Comm of Superior Court   ☐ Assistant Clerk | For Court Use Only Judicial District of New Haven at Meriden |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

SUPERIOR COURT
**FILED**
DEC 3 1 2007
**JOSEPH M. DUDRA**
CHIEF CLERK

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. CV08 500 2945 |
|---|---|---|---|

ORIGINAL

9

*January 15, 2008*

RETURN DATE: ~~DECEMBER 18, 2007~~ : SUPERIOR COURT

WILLIAM FOSTER : JUDICIAL DISTRICT OF NEW HAVEN

VS. : AT MERIDEN

CIRCUIT CITY PURCHASING : NOVEMBER 13, 2007
COMPANY, LLC, ET AL.

## COMPLAINT

### FIRST COUNT (As to the Defendant, Circuit City Purchasing Company, LLC)

1.     On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.     At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was the owner of the store commonly known as Circuit City.

3.     At all relevant times, the defendant, Circuit City Purchasing Company, LLC, operated the business Circuit City.

4.     At said time, the defendant, Circuit City Purchasing Company, LLC, was a limited liability company doing business in the State of Connecticut.

5.     At all times mentioned herein, the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, was a business that invited the public to enter thereon.

6.     At all times mentioned herein, the premises were under the defendant, Circuit City Purchasing Company, LLC's, exclusive possession and control.

7.     On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William

Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.     On said date and time, as the plaintiff was exiting the store, the automatic door

failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door,

causing him injuries.

9.     Said occurrence was due to the negligence and/or carelessness of the defendant,

Circuit City Purchasing Company, LLC, d/b/a Circuit City, in any one or more of the following

ways:

a)     IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, caused, allowed and/or permitted said door to be and remain in a hazardous
and dangerous condition in that it did not open and close properly;

b)     IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, failed to inspect said door with sufficient frequency to discover and/or
rectify said hazardous and dangerous condition;

c)     IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, knew, or in the exercise of reasonable care and inspection, should have
known of said hazardous and dangerous condition, but failed to take necessary
measures to remedy said condition;

d)     IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, knew of said hazardous and dangerous condition, and despite their
knowledge, failed to take necessary measures to remedy said condition;

e)     IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, failed to warn the plaintiff of the dangerous condition, then and there
existing, by placing warning signs and or other devices on or near the door;

f)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, created the dangerous and defective condition.

10.    As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries. some of which may be permanent:

a)    Laceration to his head above his right eyebrow;

b)    He was forced to get stitches;

c)    He was forced to get a tetanus shot.

11.    As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

12. As a further result, the plaintiff, William Foster, was obliged to incur medical

expenses for medical care and attention and emergency room treatment, and he may or will

in the future, be obliged to incur additional expenses of a similar nature.

13. As a further result, the plaintiff, William Foster, was caused to miss time from work,

resulting in claim for lost wages.

SECOND COUNT (As to the Defendant, Automatic Door Systems, Inc.)

1.    On or about June 19, 2006, and for some time prior thereto, there existed on 19

Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was the owner of the store commonly known as Circuit City.

3.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a corporation organized under the laws of the State of Connecticut.

4.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a corporation licensed to transact business in the State of Connecticut.

5.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was responsible for the service, maintenance and/or repair of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

6.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was in control of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

7.      On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.      On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

9.    Said occurrence was due to the negligence and/or carelessness of the defendant,

Automatic Door Systems, Inc., in any one or more of the following ways:

a)    IN THAT the defendant, Automatic Door Systems, Inc., caused, allowed and/or
permitted said door to be and remain in a hazardous and dangerous condition in
that it did not open and close properly;

b)    IN THAT the defendant, Automatic Door Systems, Inc., failed to inspect said
door with sufficient frequency to discover and/or rectify said hazardous and
dangerous condition;

c)    IN THAT the defendant, Automatic Door Systems, Inc., knew, or in the exercise
of reasonable care and inspection, should have known of said hazardous and
dangerous condition, but failed to take necessary measures to remedy said
condition;

d)    IN THAT the defendant, Automatic Door Systems, Inc., knew of said hazardous
and dangerous condition, and despite their knowledge, failed to take necessary
measures to remedy said condition;

e)    IN THAT the defendant, Automatic Door Systems, Inc., failed to warn the
plaintiff of the dangerous condition, then and there existing, by placing warning
signs and or other devices on or near the door;

f)    IN THAT the defendant, Automatic Door Systems, Inc., created the dangerous
and defective condition.

10.    As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

a)    Laceration to his head above his right eyebrow;

b)    He was forced to get stitches;

c)    He was forced to get a tetanus shot.

11.    As a further result of said injuries, the plaintiff's ability to participate in his normal activities and engagements was impaired and he has been unable to fully enjoy life's daily, social, and recreational activities.

12.    As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment, and he may or will in the future, be obliged to incur additional expenses of a similar nature.

13.    As a further result, the plaintiff, William Foster, was caused to miss time from work, resulting in claim for lost wages.

WHEREFORE, the Plaintiff, William Foster, claims damages within the jurisdiction of the Superior Court.

Hereof fail not, but of this writ, with your doings thereon, make due service and return according to law.

Dated at North Haven, Connecticut this 13th day of November, 2007.

THE PLAINTIFF

BY: _____

CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

RETURN DATE: ~~DECEMBER 18, 2007~~ *January 15, 2008* :  SUPERIOR COURT

WILLIAM FOSTER                          :  JUDICIAL DISTRICT OF NEW HAVEN

VS.                                     :  AT MERIDEN

CIRCUIT CITY PURCHASING                 :  NOVEMBER 13, 2007
COMPANY, LLC, ET AL.


### STATEMENT RE: AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of

FIFTEEN THOUSAND ($15,000.00) Dollars.


THE PLAINTIFF


BY: _____
CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

*OFFICER'S RETURN*

STATE OF CONNECTICUT)
                          ) SS: Wallingford           December 18, 2007
COUNTY OF NEW HAVEN)

Then and there by virtue hereof, of this original Writ, Summons and Complaint,
I served the within named defendant, **Automatic Door Systems, Inc.,** by leaving with and
in the hands of said defendant, accepted by Debbie Stannick, Office Manager, and person
in charge of the office and principal place of business at time of service at: 36 Capital
Drive, Wallingford, CT, a true and attested copy hereof, with my endorsement thereon.

And afterwards, on the 18th day of December, 2007, in the City of Hartford, County of
Hartford, State of Connecticut, I served the within named defendant, **Circuit City
Purchasing Company, LLC,** by leaving with and in the hands of said defendant's
Registered Agent, Corporation Service Company, 50 Weston Street, Hartford, CT, a true
and attested copy hereof, with my endorsement thereon.

The within and foregoing is the original Writ, Summons and Complaint, with my doings
thereon endorsed.

ATTEST:
_____
MARK J. WHITE, STATE MARSHAL
NEW HAVEN COUNTY

FEES:
Travel    $ 48.00
Service     60.00
Copies     18.00
Endorse     2.80
           $128.80

# SUMMONS - CIVIL
### (Except Family Actions)

JD-CV-1  Rev. 1-2000
C G S § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P B. Secs 3-1 thru 3-21, 8-1

## SUPERIOR COURT

*www.jud.ct.gov*

| "X" ONE OF THE FOLLOWING: |
|---|
| *Amount, legal interest or property in demand, exclusive of interest and costs is:* |
| ☐ less than $2,500 |
| ☐ $2,500 through $14,999.99 |
| ☒ $15,000 or more |
| ("X" if applicable) |
| ☐ Claiming other relief in addition to or in lieu of money or damages. |

### INSTRUCTIONS

1 Type or print legibly; sign original summons and conform all copies of the summons
2 Prepare or photocopy conformed summons for each defendant.
3 Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4 After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5 The party recognized to pay costs must appear personally before the authority taking the recognizance.
6 Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE *(Mo. day, yr)*
*(Must be a Tuesday)* 5/27/08

| ☒ JUDICIAL DISTRICT | | AT *(Town in which writ is returnable) (C G S. 51-346, 51-349)* | CASE TYPE *(See JD-CV-1c)* |
|---|---|---|---|
| ☐ HOUSING SESSION | ☐ G.A. NO. | MERIDEN | Major **T**    Minor **12** |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED *(No., street, town and zip code) (C G S 51-346, 51-350)*
**54 WEST MAIN STREET, MERIDEN, CT 06451**

TELEPHONE NO. *(with area code)*
**203-238-6666**

| PARTIES | NAME AND ADDRESS OF EACH PARTY *(No., street, town and zip code)* NOTE: *Individuals' Names:* *Last, First, Middle Initial* | | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | FOSTER, WILLIAM, 87 MARTIN STREET, WEST HAVEN, CT 06516 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | CIRCUIT CITY STORES, INC., 444 CONNECTICUT AVENUE, NORWALK, CT 06854, C/O AGENT FOR SERVICE THE PRENTICE-HALL CORPORATION SYSTEM, INC., 50 WESTON STREET, HARTFORD, CT 06120 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

☐ Form JD-CV-2 attached

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 4/30/08 | SIGNED *(Sign and "X" proper box)* *[signature]* | ☒ Comm of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT CHRISTI M. CARRANO |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE *(No., street, town and zip code)* CARRANO & CARRANO, L.L.C., 270 QUINNIPIAC AVE., NORTH HAVEN, CT 06473 | TELEPHONE NUMBER 203-787-4844 | JURIS NO. *(If atty or law firm)* 422431 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 *(No, street town and zip code)* JENNIFER KOERLIN, 270 QUINNIPIAC AVE., NORTH HAVEN, CT 06473 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

Judicial District of New Haven at Meriden
SUPERIOR COURT
FILED

| # PLFS 1 | # DEFS. 1 | # CNTS. 4 | SIGNED *(Official taking recognizance, "X" proper box)* *[signature]* | ☒ Comm of Superior Court ☐ Assistant Clerk | FILE DATE FILED |
|---|---|---|---|---|---|

MAY 12 2008

JOSEPH M. DUDR
CHIEF CLERK

**IF THIS SUMMONS IS SIGNED BY A CLERK:**

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED *(Pro Se Plaintiff)* | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

ORIGINAL

RETURN DATE: 5/27/08

DOCKET NO: NNI CV 08 5002945 S      :      SUPERIOR COURT

WILLIAM FOSTER      :      JUDICIAL DISTRICT OF NEW HAVEN

VS.      :      AT MERIDEN

CIRCUIT CITY PURCHASING      :      APRIL 30, 2008
COMPANY, LLC, ET AL.

## COMPLAINT

### FIRST COUNT (As to the Defendant, Circuit City Purchasing Company, LLC)

1.      On or about June 19, 2006, and for some time prior thereto, there existed on 19

Universal Drive, North Haven, Connecticut, a store known as Circuit City

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was

the owner of the store commonly known as Circuit City.

3.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC,

operated the business Circuit City.

4.      At said time, the defendant, Circuit City Purchasing Company, LLC, was a

limited liability company doing business in the State of Connecticut.

5.      At all times mentioned herein, the defendant, Circuit City Purchasing Company,

LLC, d/b/a Circuit City, was a business that invited the public to enter thereon.

6.    At all times mentioned herein, the premises were under the defendant, Circuit City Purchasing Company, LLC's, exclusive possession and control.

7.    On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.    On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

9.    Said occurrence was due to the negligence and/or carelessness of the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, in any one or more of the following ways:

a)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, failed to inspect said door with sufficient frequency to discover and/or rectify said hazardous and dangerous condition;

c)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, knew, or in the exercise of reasonable care and inspection, should have known of said hazardous and dangerous condition, but failed to take necessary measures to remedy said condition;

d)    IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit City, knew of said hazardous and dangerous condition, and despite their knowledge, failed to take necessary measures to remedy said condition;

e)   IN THAT the defendant, Circuit City Purchasing Company, LLC. d/b/a Circuit
City, failed to warn the plaintiff of the dangerous condition, then and there
existing. by placing warning signs and or other devices on or near the door;

f)   IN THAT the defendant, Circuit City Purchasing Company, LLC, d/b/a Circuit
City, created the dangerous and defective condition.

10.   As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

a)   Laceration to his head above his left eyebrow;

b)   He was forced to get stitches;

c)   He was forced to get a tetanus shot.

11.   As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

12.   As a further result, the plaintiff, William Foster, was obliged to incur medical

expenses for medical care and attention and emergency room treatment, and he may or will

in the future, be obliged to incur additional expenses of a similar nature.

13.   As a further result, the plaintiff, William Foster, was caused to miss time from work,

resulting in claim for lost wages.

**SECOND COUNT (As to the Defendant, Automatic Door Systems, Inc.)**

1.      On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was the owner of the store commonly known as Circuit City.

3.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a corporation organized under the laws of the State of Connecticut.

4.      At all times herein mentioned, the defendant, Automatic Door Systems, Inc., is a corporation licensed to transact business in the State of Connecticut.

5.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was responsible for the service, maintenance and/or repair of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

6.      On or about June 19, 2006, the defendant, Automatic Door Systems, Inc., was in control of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

7.      On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

8.    On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

9.    Said occurrence was due to the negligence and/or carelessness of the defendant, Automatic Door Systems, Inc., in any one or more of the following ways:

a)    IN THAT the defendant, Automatic Door Systems, Inc., caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)    IN THAT the defendant, Automatic Door Systems, Inc., failed to inspect said door with sufficient frequency to discover and/or rectify said hazardous and dangerous condition;

c)    IN THAT the defendant, Automatic Door Systems, Inc., knew, or in the exercise of reasonable care and inspection, should have known of said hazardous and dangerous condition, but failed to take necessary measures to remedy said condition;

d)    IN THAT the defendant, Automatic Door Systems, Inc., knew of said hazardous and dangerous condition, and despite their knowledge, failed to take necessary measures to remedy said condition:

e)    IN THAT the defendant, Automatic Door Systems, Inc., failed to warn the plaintiff of the dangerous condition, then and there existing, by placing warning signs and or other devices on or near the door;

f)    IN THAT the defendant, Automatic Door Systems, Inc., created the dangerous and defective condition.

10.     As a result of the negligence of the defendant and of said occurrence, the plaintiff sustained the following injuries, some of which may be permanent:

a)     Laceration to his head above his left eyebrow;

b)     He was forced to get stitches;

c)     He was forced to get a tetanus shot.

11.     As a further result of said injuries, the plaintiff's ability to participate in his normal activities and engagements was impaired and he has been unable to fully enjoy life's daily, social, and recreational activities.

12.     As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment, and he may or will in the future, be obliged to incur additional expenses of a similar nature.

13.     As a further result, the plaintiff, William Foster, was caused to miss time from work, resulting in claim for lost wages.

## THIRD COUNT (As to the Defendant, Airlock Door Controls)

1.     On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.     At all relevant times, the defendant, Circuit City Purchasing Company, LLC, was the owner of the store commonly known as Circuit City.

3.    At all times herein mentioned, the defendant, Airlock Door Controls, is a corporation licensed to transact business in the State of Connecticut.

4.    On or about June 19, 2006, the defendant, Airlock Door Controls, was responsible for the service, maintenance and/or repair of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

5.    On or about June 19, 2006, the defendant, Airlock Door Controls, was in control of the automatic entrance and exit doors at the Circuit City store located at 19 Universal Drive, North Haven, Connecticut.

6.    On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Purchasing Company, LLC, d/b/a Circuit City.

7.    On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

8.    Said occurrence was due to the negligence and/or carelessness of the defendant, Airlock Door Controls, in any one or more of the following ways:

a)    IN THAT the defendant, Airlock Door Controls, , caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)      IN THAT the defendant, Airlock Door Controls, failed to inspect said
door with sufficient frequency to discover and/or rectify said hazardous and
dangerous condition;

c)      IN THAT the defendant, Airlock Door Controls, knew, or in the exercise
of reasonable care and inspection, should have known of said hazardous and
dangerous condition, but failed to take necessary measures to remedy said
condition;

d)      IN THAT the defendant, Airlock Door Controls, knew of said hazardous
and dangerous condition, and despite their knowledge, failed to take necessary
measures to remedy said condition;

e)      IN THAT the defendant, Airlock Door Controls, failed to warn the
plaintiff of the dangerous condition, then and there existing, by placing warning
signs and or other devices on or near the door;

f)      IN THAT the defendant, Airlock Door Controls, created the dangerous
and defective condition.

10.    As a result of the negligence of the defendant and of said occurrence, the plaintiff

sustained the following injuries, some of which may be permanent:

a)      Laceration to his head above his left eyebrow;

b)      He was forced to get stitches;

c)      He was forced to get a tetanus shot.

11.    As a further result of said injuries, the plaintiff's ability to participate in his

normal activities and engagements was impaired and he has been unable to fully enjoy life's

daily, social, and recreational activities.

12.  As a further result, the plaintiff, William Foster, was obliged to incur medical expenses for medical care and attention and emergency room treatment, and he may or will in the future, be obliged to incur additional expenses of a similar nature.

13.  As a further result, the plaintiff, William Foster, was caused to miss time from work, resulting in claim for lost wages.

**FOURTH COUNT (As to the Defendant, Circuit City Stores, Inc.)**

1.      On or about June 19, 2006, and for some time prior thereto, there existed on 19 Universal Drive, North Haven, Connecticut, a store known as Circuit City.

2.      At all relevant times, the defendant, Circuit City Stores, Inc., was the owner of the store commonly known as Circuit City.

3.      At all relevant times, the defendant, Circuit City Stores, Inc., operated the business Circuit City.

4.      At said time, the defendant, Circuit City Stores, Inc., was a corporation organized and existing under the laws of the State of Connecticut, with a principle place of business located at 444 Connecticut Avenue, Norwalk, Connecticut.

5.      At said time, the defendant, Circuit City Stores, Inc., was a corporation doing business in the State of Connecticut.

6.     At all times mentioned herein, the defendant, Circuit City Stores, Inc., was a business that invited the public to enter thereon.

7.     At all times mentioned herein, the premises were under the defendant, Circuit City Stores, Inc.'s, exclusive possession and control.

8.     On or about June 19, 2006, at approximately 1:39 p.m., the plaintiff, William Foster, was a business invitee of Circuit City Stores, Inc., d/b/a Circuit City.

9.     . On said date and time, as the plaintiff was exiting the store, the automatic door failed to fully open and the plaintiff, William Foster, was caused to strike his head on said door, causing him injuries.

10.    Said occurrence was due to the negligence and/or carelessness of the defendant, Circuit City Stores, Inc., d/b/a Circuit City, in any one or more of the following ways:

a)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, caused, allowed and/or permitted said door to be and remain in a hazardous and dangerous condition in that it did not open and close properly;

b)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, failed to inspect said door with sufficient frequency to discover and/or rectify said hazardous and dangerous condition;

c)     IN THAT the defendant, Circuit City Stores, Inc., d/b/a Circuit City, knew, or in the exercise of reasonable care and inspection, should have known of said hazardous and dangerous condition, but failed to take necessary measures to remedy said condition;

WHEREFORE, the Plaintiff, William Foster. claims damages within the jurisdiction of the Superior Court.

Hereof fail not, but of this writ, with your doings thereon, make due service and return according to law.

Dated at North Haven, Connecticut this 30th day of April, 2008.

THE PLAINTIFF

BY: _____

CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

RETURN DATE: 5/27/08

DOCKET NO: NNI CV 08 5002945 S       :       SUPERIOR COURT

WILLIAM FOSTER                       :       JUDICIAL DISTRICT OF NEW HAVEN

VS.                                  :       AT MERIDEN

CIRCUIT CITY PURCHASING              :       APRIL 30, 2008
COMPANY, LLC, ET AL.

## STATEMENT RE: AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of

FIFTEEN THOUSAND ($15.000.00) Dollars.

THE PLAINTIFF

BY: _____

CHRISTI M. CARRANO
Carrano & Carrano, L.L.C.
270 Quinnipiac Avenue
North Haven, CT  06473
(203) 787-4844
Juris No. 422431

DOCKET NO.: NNI CV 08 5002945 S          : SUPERIOR COURT

WILLIAM FOSTER                           : JUDICIAL DISTRICT OF NEW HAVEN

V.                                       : AT MERIDEN

CIRCUIT CITY PURCHASING COMPANY ET AL.: APRIL 14, 2008

### MOTION TO CITE IN PARTY DEFENDANT

The Plaintiff, William Foster, by and through his counsel, hereby moves this court to

allow said plaintiff to cite in as a party defendant, Circuit City Stores, Inc. The reasons are fully

set out in the attached Memorandum of Law in support of the plaintiff's Motion to Cite In Party

Defendant.

THE PLAINTIFF

By _____
Christi M. Carrano, His Attorney
CARRANO & CARRANO, L.L.C.
270 Quinnipiac Avenue
North Haven, Connecticut 06473
(203) 787-4844
Juris Number: 422431

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

District of New Haven at Meriden
SUPERIOR COURT
FILED
5 2008
JOSEPH M. DUDRA
CHIEF CLERK

STATE OF CONNECTICUT}
                              } SS  HARTFORD,  MAY 5, 2008
COUNTY OF HARTFORD    }

    Then and by virtue hereof, on the 5th day of May, 2008, and by the direction of the plaintiff's attorney, I made due and legal service on the within named defendant, **CIRCUIT CITY STORES, INC.**, by leaving a verified true and attested copy of the within original **Writ, Summons, Complaint, Statement Re: Amount In Demand, Motion To Cite In Party Defendant and Order**, with and in the hands of Luz Marquis, Special Assistant for **Prentice-Hall Corporation System, Agent For Service** for said defendant, at 50 Weston Street, in the City of Hartford.

    The within is the original **Writ, Summons, Complaint, Statement Re: Amount In Demand, Motion To Cite In Party Defendant and Order**, with my doings hereon endorsed.

FEES:                                   ATTEST:

Pages        $ 16.00           *Nancy F. Marino*
Endorsements   2.00           NANCY F. MARINO
Service       30.00           STATE MARSHAL
Travel         5.05           HARTFORD COUNTY

Total        $ 53.05