Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO ENGINEERED STRUCTURES, INC.
MOTION TO TERMINATE AUTOMATIC STAY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors") hereby submit their objection (the

"Objection") to Engineered Structures, Inc.'s Motion To

Terminate Automatic Stay (the "Motion").  In support of

the Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.    The Bankruptcy Cases**

1.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

2.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to sections 1107 and 1108 of title 11 of the

U.S. Code (the "Bankruptcy Code").

3.    On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter

11 cases.

**B.    The Debtors And Engineered Structures, Inc.**

4.    The Debtors entered into contracts with

Engineered Structures, Inc. ("ESI") under which ESI

supplied labor and materials for the construction of new

stores and the remodeling of existing stores (the

"Contracts").  The contracts involved stores #3878 in
Brea, CA, #4313 in La Habra, CA, #3745 in Santa Clarita,
CA, and # 3396 in Palm Desert, CA.  After the Petition
Date, ESI filed claims of liens (the "Liens") against
the underlying real property and the Debtors' leasehold
interests in such property (the "Property") that secure
the Debtors' obligations to ESI under the Contracts.[1]

5.    On December 31, 2008, the Debtors closed
and vacated store #3745 in Santa Clarita, CA and store
#3396 in Palm Desert, CA and the leases associated with
these stores were rejected (the "Rejected Leases").  The
Debtors continue to operate store #3878 in Brea, CA and
store #4313 in La Habra, CA and have not made a decision
to assume or reject the leases associated with these
stores (the "Going Forward Leases").

### OBJECTION

6.    ESI asks this Court for relief from the
automatic stay to commence an action to foreclose on the
Property to satisfy outstanding obligations due under
the Contracts (the "Foreclosure Actions") pursuant to

---

[1]    The claim of lien on store 3878 was filed on the Petition Date.
The other three liens were filed after the Petition Date.

California Civil Code section 3144 (the "CA Mechanics'
Lien Law").  The Debtors respectfully request that this
Court deny the Motion with respect to the Property
subject to the Going Forward Leases because the
Foreclosure Actions are stayed by Bankruptcy Code
section 362 and ESI has not established cause to lift
the stay under Bankruptcy Code section 362(d)(1).  With
respect to the Property associated with the Rejected
Leases, the Debtors will work with ESI on the terms of a
consensual form of order.

**I.   ESI HAS NOT ESTABLISHED CAUSE TO LIFT THE STAY.**

7.   The automatic stay of Bankruptcy Code
section 362 operates as a stay against "any act to
create, perfect, or enforce any lien against property of
the estate[,]" and "any act to create, perfect, or
enforce against property of the debtor any lien to the
extent such lien secures a claim that arose" before the
Petition Date.  11 U.S.C. §§ 362(a)(4), (5).  "The
automatic stay is the most fundamental protection
afforded a debtor in bankruptcy," In re Nelco, 264 B.R.
790, 810 (Bankr. E.D. Va. 1999), and Congress intended
the automatic stay protection to have broad application.

See H.R. Rep. No. 95-595. 95th Cong., at 340-42 (1978),
reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No.
95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N.
5787, 5840-41.  Indeed, "[t]he main purpose of the
automatic stay is to give the debtor a breathing spell
from his creditors, to stop all collection efforts,
harassment and foreclosure actions."  In re Atlas
Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va.
1998) (citation omitted).

8.   There is no dispute that the actions ESI
would take in foreclosing on the Property subject to the
Going Forward Leases, is stayed by operation of
Bankruptcy Code section 362.  Thus, ESI must satisfy the
requirements of section 362(d), which ESI has failed to
do.

9.   Under Bankruptcy Code section 362(d)(1),
the Court may grant relief from the automatic stay upon
a showing of sufficient "cause."  11 U.S.C. § 362(d)(1).
ESI argues that cause exists because (i) the Debtors
will not be prejudiced by allowing the Foreclosure
Actions; (ii) ESI seeks to recover under the Foreclosure
Actions from non-estate property; and (iii) unsecured

creditors are routinely granted relief from the automatic stay to proceed with litigation.  Each of these arguments is unsubstantiated and without merit.

     **A.   CAUSE DOES NOT EXIST BECAUSE LIFTING THE STAY TO ALLOW THE FORECLOSURE ACTIONS WILL PREJUDICE THE DEBTORS AND THE BALANCE OF HARDSHIPS WEIGHS AGAINST GRANTING ESI'S MOTION.**

     10.  In the Motion, ESI suggests that lifting the stay to allow the Foreclosure Actions would not significantly prejudice the Debtors.  Yet, ESI seeks to foreclose on Property on which the Debtors, under the Going Forward Leases, are currently operating stores. Under the applicable standard in the Fourth Circuit, ESI's Motion should be denied.

     11.  In the Fourth Circuit, to determine whether sufficient cause exists, "[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt "to harmonize the interests of both debtor and creditors while

preserving the debtor's assets for repayment and
reorganization").

12.  As discussed below, the Debtors would be
significantly harmed if this Court granted ESI's
requested relief.  On the other hand, ESI will suffer no
harm (other than delay) if the requested relief is
denied.  Thus, the balance of hardship weighs in favor
of denying the requested relief.

13.  First, as noted above, the Debtors are
currently operating stores on the Property subject to
the Going Forward Leases.  If ESI is permitted to
commence the Foreclosure Actions, the Debtors operations
on the Property could be significantly disrupted and
could potentially be terminated due to provisions of the
governing leases preventing foreclosure of liens.  In
either instance, the Debtors ability to generate revenue
for the benefit of all creditors would be impaired.

14.  Second, the Debtors and their real estate
advisors are currently in negotiations with the Debtors'
landlords concerning lease concessions.  If the
landlords under Going Forward Leases are required to
defend the Foreclosure Actions, the Debtors' ongoing

negotiations could be jeopardized, resulting in the Debtors' failure to obtain favorable lease concessions. Because lease concessions are a critical component of the Debtors' ongoing reorganization efforts, permitting the Foreclosure Actions would jeopardize the Debtors' restructuring efforts to the detriment of creditors and parties in interest.

15. Conversely, ESI cannot demonstrate that it will suffer any legally cognizable harm if the Motion is denied. By denying the Motion, this Court would maintain the status quo, and ESI would face only the ordinary delay that all creditors face in complex chapter 11 cases. Creditor delay is inherent in the bankruptcy process, and is an unavoidable -- and intended -- consequence of the automatic stay. See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr. N.D. Ill. 2002) ("The automatic stay almost always delays litigants. That, after all, is its purpose, and the reason they call it a 'stay.'").

16. Accordingly, the balance of hardships clearly weighs in favor of the Debtors and denial of the ESI's motion.

**B.    COMMENCING THE FORECLOSURE ACTIONS AND
ANY RECOVERY THEREFROM WOULD IMPLICATE
PROPERTY OF THE ESTATE.**

17.   ESI also asserts that there is cause to
terminate the stay because the recovery sought under the
Foreclosure Actions would be satisfied from non-estate
property.  This is not the case.  To the contrary, the
Debtors' leasehold interests in the Property subject to
the Going Forward Leases are property of the estate.
See Better Homes of Virginia v. Budget Service Company,
52 B.R. 426, 432 (E.D. Va. 1985) ("When a debtor is the
lessee of property at the time his petition is filed,
the leasehold interest is deemed a part of the debtor's
estate.") (citations omitted); see also Bell v. Alden
Owners, Inc., 199 B.R. 451, 462 (S.D.N.Y. 1996) ("A
debtor's interest in an unexpired lease constitutes
property of the bankruptcy estate pursuant to section
541 of the Bankruptcy Code.").

18.   ESI attempts to create a legal fiction
that foreclosing on the real property owned by the third
party landlords does not implicate the Debtors'
possessory interest granted under the Going Forward
Leases.  But, as the California appellate court

recognized, under governing California law, both the

tenant and landlord have a legal interest in the real

property.  Specifically, the court stated that:

> [b]oth the property owner and the tenant
> have a legally recognized interest in a
> parcel of real property.  A charge against
> the real property may as readily be imposed
> in the first instance on the tenant, the
> holder of a leasehold interest, as on the
> property owner.

Casteel v. County of San Joaquin, 134 Cal. App. 4th 918,

924 (2005).  Thus, ESI's actions constitute attempts to

recover from property of the Debtors' estates, which is

prohibited by the automatic stay.

    C.    **THERE IS NO SUPPORT FOR LIFTING THE STAY
TO ALLOW FOR THE COMMENCEMENT OF FORECLOSURE
ACTIONS.**

    19.  Finally, in the Motion, ESI relies

heavily on In re Charles Edward Bruce, 2000 Westlaw

968777 (E.D. Pa. 2000) for the proposition that

creditors are routinely granted relief from the stay to

proceed with a lawsuit against the debtor.  However, ESI

misconstrued the Court's ruling in Bruce because the key

fact was that the state court action was "on the verge

or arbitration" at the time of filing.  Id. at *3.  Thus,

the Court allowed limited relief from the stay to permit

the movant to proceed with the arbitration to final
judgment, but forbade the movant from executing or
otherwise collecting from the debtor on any judgment
obtained in the state court action.  <u>Id.</u> at *6.

20.   The facts of the instant case stand in
stark contrast to the facts in <u>Bruce</u>.  Here, ESI had not
commenced a foreclosure action prior to the Petition
Date.  Thus, while unnecessary time, expense, and
inconvenience were avoided by allowing the action in
<u>Bruce</u> to continue, nothing would be saved nor would
anything be gained by allowing a new action to begin in
a forum outside this Court.  Furthermore, ESI's
requested relief goes far beyond proceeding to judgment.
ESI seeks authority to recover from estate property or,
at a minimum, from property of the Debtors' lease
counterparties.  This recovery could lead to greater
obligations for the Debtors and jeopardize their
restructuring.

21.   Accordingly, the court's decision in
<u>Bruce</u> actually supports the Debtors' position and this
Court's denial ESI's requested relief.

22.   For the foregoing reasons, this Objection should be sustained and the Motion should be denied.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court sustain this Objection and enter an order denying the relief requested in the Motion.

Dated: January 9, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP


_/s/ Douglas M. Foley _____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession