Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x  
                               :  
In re:                      :    Chapter 11  
                               :  
CIRCUIT CITY STORES, INC., :    Case No. 08-35653 (KRH)  
et al.,                  :  
                               :  
               Debtors.    :    Jointly Administered  
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION OF NORTH PLAINFIELD  
VF LLC AND MARLTON VF LLC TO COMPEL DEBTORS TO  
PERFORM POST-PETITION OBLIGATIONS PURSUANT  
TO 11 U.S.C. § 365(d)(3)**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors") hereby submit their objection (the "Objection") to the Motion of North Plainfield VF LLC

And Marlton VF LLC To Compel Debtors To Perform Post-Petition Obligations Pursuant To 11 U.S.C. § 365(d)(3) (the "Motion"). In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.   The Bankruptcy Cases.**

    1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

    2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of title 11 of the U.S. Code (the "Bankruptcy Code").

    3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

**B.   The Debtors And North Plainfield VF LLC And Marlton VF LLC.**

4.   The Debtors are parties to two leases (the "Leases"), one with the North Plainfield VF LLC and one with Marlton VF LLC (together, the "Landlords"). The Landlords claims that six mechanics' liens (the "Liens") have been filed against the premises subject to the Leases (the "Property").  As the Landlords acknowledge in the Motion, only the Lien filed by Trane US, Inc. was filed, and thus perfected, prior to the Petition Date (the "Pre-Petition Lien"), by which point the construction work underlying this Pre-Petition Lien had been completed.  Motion, ¶ 17.  Each of the other five Liens filed against the Property was filed and perfected post-petition (the "Post-Petition Liens"). The Landlords assert that, under provisions of the Leases, the Debtors are obligated to cause the Liens to be removed and indemnify the Landlords for all claims that arise in connection with the Liens.

**C.   The Contractors Motion and the Contractors Order.**

5.   On the Petition Date, the Debtors filed a Motion for an Order Pursuant to Bankruptcy Code Sections

3

105(a), 362(b), 506, 546, 1107(a), 1108 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Contractors in Satisfaction of Liens (D.I. 11; the "Contractors Motion). In the Contractors Motion, the Debtors requested that they be authorized, but not directed, to pay the pre-petition claims of certain contractors, on a case-by-case basis and in their sole discretion for certain pre-petition services in satisfaction of valid perfected or potential liens that may be asserted against the Debtors' property. Contractors Motion, ¶ 6. On November 13, 2008, this Court granted the relief requested and entered the Order Authorizing Payment Of Contractors In Satisfaction Of Liens (D.I. 129; the "Contractors Order").

**OBJECTION**

6. By the Motion, the Landlords request that this Court compel the Debtors to pay to remove the Liens from the Property under the Contractors Order and indemnify the Landlords for all claims that arise in connection with the Liens. The Debtors respectfully request that the Court deny the Motion because (i) perfection of the Post-Petition Liens on or after

the Petition was a violation of the automatic stay and is thus void <u>ab initio</u>; (ii) the Contractors Order is permissive, not mandatory; and (iii) the Pre-Petition Lien does not represent a post-petition obligation that must be paid under Bankruptcy Code section 365(d)(3) or otherwise.

**I.     PERFECTION OF THE POST-PETITION LIENS WAS A VIOLATION OF THE AUTOMATIC STAY AND IS VOID <u>AB INITIO</u>.**

7.  Bankruptcy Code section 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. §362(a)(4). However, Bankruptcy Code section 362(b)(3) provides a limited exception that permits perfection <u>only</u> "to the extent that the trustee's rights and powers are subject to such perfection under section 546(b). . .." 11 U.S.C. § 362(b)(3). Section 546(b) in turn states that a trustee's avoidance powers "are subject to any generally applicable law that [] permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." 11 U.S.C. § 546(b).

8.   It is well established that the exception to the automatic stay created by sections 362(b)(3) (and 546(b)) allows perfection of a lien absent relief from the stay only if that perfection would relate back to a date prior to the bankruptcy filing.  See, e.g., In re Kearney Hotel Partners, 92 B.R. 95, 105 (Bankr. S.D.N.Y. 1988)(holding that the "546(b) exemption is applicable only if perfection relates back to a time prior to the filing of the bankruptcy petition"); see also In re Yobe Elec., Inc., 728 F.2d 207 (3d Cir. 1984)(noting the distinction between statutes under which perfection relates back, such that perfection does not violate the automatic stay, and statutes where perfection does not relate back, such that perfection violates the automatic stay).

9.   The New Jersey construction lien law (the "NJ Lien Law") does not relate back.  The law provides that, in order for a lien to attach and be enforceable, the claimant must file a lien claim with the county clerk. N.J. Stat. Ann. § 2A:44A-6 (West 2008). It further provides that "the lien claim shall attach to the interest of the owner from and after the time of

filing of the lien claim." N.J. Stat. Ann. § 2A:44A-10 (emphasis added). Thus, under the NJ Lien Law, the Post-Petition Liens were perfected after the Petition Date, in violation of the automatic stay.

10. An act taken in violation of the automatic stay is void ab initio. See In re BICC Limited Partnership, 392 B.R. 209, 215 (Bankr. E.D. Va. 2008) (concluding that the filing of a derivative suit on behalf of the debtor was a violation of the automatic stay, and thus, a void act); In re Burns, 112 B.R. 763, 765 (Bankr. E.D. Va. 1990) ("Bankruptcy Courts have generally held that actions taken in violation of the automatic stay are void, and this Court finds no reason to disregard the general rule here."); see also In re Ward, 837 F.2d 124, 126 (3d Cir. 1988) (sheriff's sale conducted in violation of the stay is "void and without effect"). Accordingly, the perfection of the Post-Petition Liens was void and, in turn, the Debtors have no obligation to discharge the Post-Petition Liens or indemnify the Landlords for any claims related to these Liens.

7

## II. THE CONTRACTORS ORDER DOES NOT MANDATE SATISFACTION OF THE LIENS.

11. Assuming perfection of the Post-Petition Liens did not violate the automatic stay and the Pre-Petition Lien is valid, the Order states that "the Debtors are authorized, <u>but not directed</u>, in their sole discretion to pay the Contractor Claims in the ordinary course of the Debtors' business." Order, ¶ 2 (emphasis added). Moreover, "[t]he Debtors, in their sole discretion, shall determine which Contractors, <u>if any</u>, are entitled to payments." Order, ¶ 4 (emphasis added). Accordingly, though the Order authorizes satisfaction of liens, it does not require that the Debtors satisfy any liens, including the Liens against the Property. The Landlords' assertions to the contrary are clearly incorrect and should be rejected.

## III. THE LIENS DO NOT REPRESENT POST-PETITION OBLIGATIONS.

12. Even assuming, <u>arguendo</u>, that perfection of the Post-Petitions Liens was proper and that the Leases require removal of the Liens, removal is not a post-petition obligation of the Debtors subject to Bankruptcy Code section 365(d)(3). <u>See</u> 11 U.S.C.

8

§ 365(d)(3) (providing that the debtor "shall timely perform all obligations . . . arising from and after the order for relief under an expired lease of non-residential real property"); see also In re Designer Doors, Inc., 389 B.R. 832 (Bankr. D. Ariz. 2008) (explaining that a lien arising from labor and materials supplied pre-petition constituted a breach of the debtor's obligation under the lease to keep the property free of liens pre-petition, and thus removal of the lien was not within the scope of 365(d)(3)).

   13.  As noted above, the construction work generating the Pre-Petition Lien was completed prior to the Petition Date.  Moreover, the Pre-Petition Lien was perfected prior to the Petition Date.  Thus, the obligation first arose prior to the Petition Date and the Debtors are not obligated to discharge the Pre-Petition Lien under Bankruptcy Code § 365(d)(3).

   14.  Similarly, the construction work generating the Post-Petition Liens was completed prior to or on the Petition Date.  As such, the Liens are not supported by a post-petition transaction, nor was there

9

any post-petition benefit to the Debtors' estate such as to generate a post-petition obligation.

15. For the foregoing reasons, this Objection should be sustained and the Motion should be denied in all respects.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain this Objection and enter an order denying the relief requested in the Motion.

Dated: January 9, 2009
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley _____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession