Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Proposed Counsel to the Debtors  
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
        Debtors.                :   Jointly Administered
- - - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF GROWLING LAFLEUR HENDERSON LLP AS CANADIAN COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO NOVEMBER 18, 2008**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively,

the "Debtors" or "Circuit City")[1] hereby submit their objection (the "Objection") to the Application for Entry of an Order Authorizing and Approving the Employment of Growling Lafleur Henderson LLP as Canadian Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 18, 2008 (the "Application").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.    The Bankruptcy Cases**

    1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

    2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of title 11 of the U.S. Code

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

(the "Bankruptcy Code").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

3.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Committee").

4.  The Committee has previously retained Pachulski Stang Ziehl & Jones LLP as its lead counsel, Tavenner & Beren PLC as its local counsel and Protiviti, Inc. as its financial advisor.

5.  Also on the Petition Date, InterTAN Canada, Ltd. ("InterTAN") and certain of its Canadian affiliates commenced proceedings (the "Canadian Cases") in the Ontario Superior Court of Justice (the "Canadian Court") under The Companies' Creditors Arrangement Act (the "CCAA") in Canada.  InterTAN is a wholly owned subsidiary of InterTAN, Inc., one of the Debtors.

6.  On December 17, 2008, the Committee filed the Application to retain Growling Lafleur Henderson LLP ("Growling") as Canadian counsel to the Committee, nunc pro tunc to November 18, 2009.

**OBJECTION**

7. The Committee asks this Court to approve the Application and authorize the retention of Growling as Canadian counsel to the Committee at significant cost to the Debtors' estates and without providing any explanation of why the Committee has a need for such counsel. Indeed, the Committee never identifies any valid interest in the Canadian Cases or InterTAN and seems to be operating under the mistaken assumption that the Debtors or their assets are involved in that Cases.

8. The Committee's only asserted basis for requiring Canadian counsel is its vague statement that such retention "is appropriate and necessary to enable the Committee to faithfully execute their duties and to facilitate the reorganization of the Debtors." Application at ¶ 9. To accomplish this broad and amorphous purpose, the Committee provides a similarly vague list of services which it wishes Canadian counsel to provide.

9. The Committee's first item states that it wishes to retain Growling to represent the Committee in the Canadian Cases. Id. at 9a. On information and belief, the Committee has previously attempted to appear

before the Canadian Court.  At that hearing, the Canadian Court ruled that the Committee lacked standing to appear in the Canadian Cases.

11. Given the Committee's lack of standing, Growling would be unable to provide a key service for which it is purportedly to be retained.  Moreover, the Canadian Court's ruling further demonstrates that the Committee has no valid interest in the Canadian Cases.  The Debtors are not party to the Canadian Cases nor are their assets and estates materially affected by such Cases.  Indeed, the Debtors have not even retained Canadian counsel on their own behalf.  Rather, the debtors in the Canadian Cases are represented by counsel retained in those proceedings.

11. The Committee seeks to retain Growling for the further purposes of assisting the Committee's US advisors "in analyzing the Debtors from a Canadian perspective."  Id. at ¶ 9b.  It is unclear what a "Canadian perspective" would bring to the US advisors' analysis of the Debtors' US businesses.  Each of the Debtors is a US entity with its business operations in the United States.  While the Debtors own the stock of InterTAN, a Canadian

corporation, there is no reasonable basis for the Committee to retain special counsel, at significant cost to the Debtors' estates, to monitor one asset of the Debtors.

12. Similarly, the Committee next asserts that it wishes to employ Growling to assist the Committee with its "investigation of the assets, liabilities, and financial condition of the Debtors in Canada." Id. at ¶ 9c. As none of the Debtors are located in Canada, such investigation will necessarily be short-lived and Growling will be of little assistance.

13. Another service supposedly to be provided by Growling is assisting the Committee's US advisers with respect to matters involving issues of Canadian law. Id. at ¶ 9e. However, Canadian law will be at issue only in the Canadian Cases, for which the Committee does not have standing and in which neither the Debtors nor their unsecured creditors are involved. Although it would undoubtedly be educational, it is accordingly unnecessary for the Committee's US advisers to gain a greater understanding of Canadian law.

14. Throughout the Application, and as is evident in list of services for which Growling is to be retained, the Committee overlooks the essential fact that the Debtors are party only to the chapter 11 cases, which are entirely separate from the Canadian Cases. As a result, the Committee has no duty with respect to the Canadian Cases and no role to play in those proceedings that requires retention of counsel. The Committee's duties arise solely with respect to the Debtors chapter 11 cases and Canadian counsel will be of little assistance in those cases. In particular, Canadian counsel will be unable to provide any meaningful assistance in formulating a plan of reorganization in the Debtors' chapter 11 cases. <u>Id.</u> at ¶ 9d. Likewise, there will be no need for Canadian counsel to prepare documents "in furtherance of the Committee's interests and objective regarding Canadian matters," <u>id.</u> at ¶ 9g., as the Committee has no such interests or objectives.

15. The goal of the bankruptcy process is to "preserve the estate to maximize the creditors' recovery." <u>In re Ameritex Yarn, LLC</u>, 378 B.R. 107, 114 (Bankr. M.D.N.C. 2007). The Committee's retention of

7

Canadian counsel would strain the Debtors' limited liquidity and reduce the Debtors' chances of a successful reorganization and the corresponding recovery by creditors while providing minimal, if any, benefit to the Committee or its constituents.

16.  Moreover, rule 2014 of the Federal Rules of Bankruptcy Procedure sets out the standard for approval of retention of counsel by the Committee under Bankruptcy Code section 1103: "[a]n order approving the employment of attorneys... pursuant to... § 1103(a) of the Code shall be made only on application of the... committee, stating the specific facts showing the necessity for the employment..." Fed. R. Bankr. P. 2014.  The Committee has utterly failed to show the necessity for employment of Growling as Canadian counsel.  It is thus in the best interests of the Debtors, their estates, creditors and parties in interest that the Application be denied.

17.  To the extent that the Committee claims a need to receive information regarding the Canadian Cases or InterTAN for review, it may do so pursuant to this Court's Order Clarifying Requirement to Provide Access

8

to Confidential Information or to Privileged Information (Docket No. 1307).  Such review does not necessitate the expense of special Canadian counsel.

18.   Finally, if the Committee nonetheless maintains that Canadian counsel is necessary, such counsel should be retained by the estate of the Canadian debtor.  As noted above, the Debtors have not retained, nor had any need to retain, counsel to represent their estates in the Canadian Cases.  To require the estates to bear the cost of retaining counsel to represent the Committee would thus be unreasonable, unnecessary and inequitable.

19.   Accordingly, the Debtors respectfully request that the Court deny the Committee's Application to retain Growling as Canadian counsel to the Committee.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Application.

Dated: January 9, 2008
      Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                          - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   333 West Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                          - and -

                                  MCGUIREWOODS LLP

                                  ____/s/ Douglas M. Foley _____
                                  Dion W. Hayes (VSB No. 34304)
                                  Douglas Foley (VSB No. 34364)
                                  One James Center
                                  901 E. Cary Street
                                  Richmond, Virginia 23219
                                  (804) 775-1000

                                  Counsel for Debtors and Debtors
                                  in Possession