Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com

*Counsel for Schimenti Construction Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | |
| | ) | Case No. 08-35653 (KRH) |
| | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINDER OF SCHIMENTI CONSTRUCTION COMPANY, LLC**
**IN MOTION OF NORTH PLAINFIELD VF LLC AND MARLTON VF LLC**
**TO COMPEL THE DEBTORS TO PERFORM POSTPETITION**
**OBLIGATIONS PURSUANT TO 11 U.S.C. § 365(d)(3)**

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its undersigned counsel, hereby join in the Motion of North Plainfield VF LLC and Marlton VF LLC to Compel the Debtors to Perform Postpetition Obligations Pursuant to 11 U.S.C. § 365 (d)(3) (Docket #1142) (the "Motion to Compel"), seeking to compel the Debtors to perform their obligations under the relevant leases to keep the properties free from all liens and in support there of state as follows:

1.      North Plainfield VF LLC (the "Landlord") entered into a lease with Circuit City Stores, Inc. (the "Debtor") dated August 23, 2006 (the "Lease") for property located at U.S. Highway 22 and West End Avenue, North Plainfield, New Jersey (the "North Plainfield Premises"), identified by the Debtor as Store No. 4133.

2.      Schimenti Construction is a contractor specializing in retail construction projects.

3.      On or about May 5, 2008, Schimenti Construction entered into a Stipulated Sum Contract with the Debtor (the "Contract").  Under the Contract, Schimenti Construction agreed to furnish labor, materials and equipment necessary for the construction and fit-out of the Debtor's Store No. 4133 located at the North Plainfield Premises in exchange for a contract price of $1,324,900.00 (the "Project").

4.      In performing its obligations under the Contract with the Debtor for the Project at the North Plainfield Premises, Schimenti Construction incurred substantial costs.  Additionally, Schimenti Construction entered into numerous subcontracts for the provision of labor, materials and equipment for the Project.

5.      Following the Debtor's initiation of this Chapter 11 proceeding, several of the entities with which Schimenti Construction entered into subcontracts for the provision of labor, materials and equipment for the Project (the "Subcontractors") have made demand upon Schimenti Construction for payment and have threatened to file liens against the Project.

6.      As set forth in the Motion to Compel, one of such Subcontractors, A.J. Maglio, Inc., has already filed a lien against the North Plainfield Premises in the amount of $187,498.56 based upon a subcontract between A.J. Maglio, Inc. and Schimenti Construction (the "A.J. Maglio Lien").  A copy of the A.J. Maglio Lien was attached the Motion to Compel as Exhibit C.

7.      Pursuant to the subcontracts entered into between Schimenti Construction and the Subcontractors, Schimenti Construction's receipt of payment from the Debtor is an express condition precedent to its obligation to make payment to the Subcontractors.

8.      On January 8, 2009, Schimenti Construction filed its own lien against the North Plainfield Premises in the amount of $684,124.70 based on the value of the work, services,

material and equipment provided in accordance with the Contract between Schimenti

Construction and the Debtor.  A copy of Schimenti Construction's lien is attached hereto as

**Exhibit A**.

9.     To date, that amount owed to Schimenti Construction by the Debtor for Schimenti

Construction's provision of work, services, materials or equipment on the Project at the North

Plainfield Premises remains unpaid.

10.     In its Motion to Compel, the Landlord asserts that its Lease with the Debtor

specifically obligates the Debtor to cause liens against the North Plainfield Premises to be

removed.  Moreover, both the language of 11 U.S.C. § 365(d)(3) and this Court's Order dated

November 13, 2008 authorizing the payment of contractors in settlement of liens expressly

authorize the relief sought in the Motion to Compel.

11.     To the extent that Schimenti Construction finds it necessary to deal directly with

its Subcontractors to resolve the Subcontractors' claims against Schimenti Construction pursuant

to the applicable subcontracts, Schimenti Construction seeks to be indemnified by the Debtor as

a postpetition obligation that must be timely performed pursuant to 11 U.S.C. § 365(d)(3).

**Reservation of Rights:**

12.     Schimenti Construction reserves any and all applicable rights with respect to the

claims asserted against it or the North Plainfield Premises by any and all entities or individuals,

including the right to contest the basis for any liens filed or claims asserted that relate to

Schimenti Construction's provision of work, services, materials or equipment with respect to the

Project located at the North Plainfield Premises.  In addition, Schimenti Construction reserves

any and all rights to seek indemnification from the Debtor with respect to any such

aforementioned claim or lien.

**WHEREFORE**, Schimenti Construction prays for relief consistent with the foregoing

joinder; and

**WHEREFORE**, Schimenti Construction prays for such other and further relief as may

be just and required under all of the circumstances.


RESPECTFULLY SUBMITTED,
SCHIMENTI CONSTRUCTION COMPANY,
LLC

By: /s/ Tara L. Elgie
     Tara L. Elgie (Va. Bar No. 48259)
     Martha E. Hulley (Va. Bar No. 73052)
     LeClairRyan, A Professional Corporation
     225 Reinekers Lane, Suite 700
     Alexandria, VA 22314
     Telephone: (703) 684-8007
     Facsimile:  (703) 647-5982
     tara.elgie@leclairryan.com
     martha.hulley@leclairryan.com

     - And -

     /s/ Peter E. Strniste
     Peter E. Strniste
     Patrick M. Birney
     Robinson & Cole LLP
     280 Trumbull Street
     Hartford, CT 06103
     pstrniste@rc.com
     Tel.: (860) 275-8339
     Fax: (860) 275-8299

     *Counsel for Schimenti Construction Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2009 the attached motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Notice has also been sent to the following entities included in the "Core Group" as follows:

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA  23510
*Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
Ones James Center
901 E. Cary Street
Richmond, VA  23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware  19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL  60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219
*Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL  60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts  02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia  23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia   23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Strang Ziehl & Jones LLP
780 Third Aenue, 26th Floor
New York, New York  10017
*Counsel for the Creditors Committee*

/s/  Tara L. Elgie
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com

# **EXHIBIT A**

# CONSTRUCTION LIEN CLAIM

TO THE CLERK, COUNTY OF SOMERSET

In accordance with the terms and provisions of the "Construction Lien Law," P.L. 1993, c. 318, (c.2A:44A-1 et seq.) notice is hereby given that:

1.     The Claimant, whose name is **Schimenti Construction Company, LLC**, and whose address is **650 Danbury Road, Ridgefield, Connecticut 06877** hereby claims a construction lien against the below stated real property owned by **Ace Holdings, Limited Liability Company and/or The Bardy Realty Company** and leased by **North Plainfield VF L.L.C.**:

|  |  |
|---|---|
| Real Property: | 1200 ROUTE 22 EAST<br>NORTH PLAINFIELD, NJ 07060 |
| Lease: | Lease by and between The Bardy Realty Company and North Plainfield VF, L.L.C. as more particularly described in the attached Schedule A. |

in the amount of **SIX HUNDRED EIGHTY FOUR THOUSAND ONE HUDNRED TWENTY FOUR and 70/100 ($684,124.70) DOLLARS,** for the value of the work, services, material or equipment provided in accordance with a contract with **CIRCUIT CITY STORES, INC.** (the party with whom the Claimant has a contract dated May 5, 2008), for the following work, services, material or equipment:  **Labor, material, work, equipment and services for the construction of a Circuit City Store in North Plainfield, New Jersey.**

2.     The amount due for the work, services, materials or equipment delivery provided by the Claimant in connection with the improvement of the real property, and upon which this lien claim is based, is as follows:

|  |  |
|---|---|
| Total contract amount: | **$1,324,900.00** |
| Amendments to contract: | $93,011.08 |

Total contract amount and
amendments to contract:                          **$1,417,911.08**

Contract amount paid to date:                    **$733,786.38**

Amendments to contract
amount paid to date:                             $0.00

TOTAL LIEN CLAIM AMOUNT:                          **$684,124.70**

3.      This construction lien is claimed against the interest of **THE BARDY REALTY**

**COMPANY and/or ACE HOLDINGS, LIMITED LIABILITY COMPANY** as (check one):

☒ Owner,      ☐ Lessee,      ☐ Other (describe)

in that certain tract or parcel of land and premises described as Block 52-203.01, Lot 1 on the

Tax Map of the Town of North Plainfield, County of Union, State of New Jersey, for the

improvement of which property the aforementioned work, services, materials or equipment was

provided.

4.      This construction lien is also claimed against the interest of **NORTH PLAINFIELD VF,**

**L.L.C.** as (check one):          ☐ Owner,      ☒ Lessee,      ☐ Other (describe)

in connection with a lease agreement with The Bardy Realty Company for that certain tract or

parcel of land and premises described as Block 52-203.01, Lot 1 on the Tax Map of the Town of

North Plainfield, County of Union, State of New Jersey, for the improvement of which property

the aforementioned work, services, materials or equipment was provided.  A more particular

description of said lease agreement is incorporated herein and attached hereto as Schedule A.

5.      The work, services, materials or equipment was provided pursuant to the terms of a

written contract (or in the case of a supplier, a delivery or order slip signed by the owner,

contractor, or subcontractor having a direct contractual relationship with a contractor, or an authorized agent of any of them), dated **May 5, 2008** between this Claimant and **CIRCUIT CITY STORES, INC.**, whose address is: 9950 Maryland Drive, Richmond, Virginia 23233.

6.     The date of the provision of the last work, services, material or equipment for which payment is claimed is:  **OCTOBER 10, 2008**.

### Notice to Owner of Real Property

1.  Your real estate or interest in said real estate may be subject to sale to satisfy the amount asserted by this claim.  However, your real estate or interest in said real estate cannot be sold until the facts and issues which form the basis of this claim are decided in a legal proceeding before a court of law.  The lien claimant is required by law to commence suit to enforce this claim.

2.  The claimant filing the lien claim shall forfeit all rights to enforce the lien and shall be required to discharge the lien of record, if the claimant fails to bring an action in the Superior Court, in the county in which the real property is situated to establish the lien claim:

   (a)     Within one year of the date of the last provision of work, services, materials or equipment payment for which the lien claim was filed; or

   (b)     Within 30 days following receipt of written notice, by personal service or certified mail, return receipt requested, from the owner requiring the claimant to commence an action to establish the lien claim.

3.  You will be given proper notice of the proceeding and an opportunity to challenge this claim and set forth your position.  If, after you (and/or your contractor or subcontractor) have had the opportunity to challenge this lien claim, the court of law enters a judgment against you and in favor of the claimant filing this lien claim, and thereafter you fail to pay the judgment, your real estate or interest in said real estate may then be sold to satisfy the judgment.

CT #179190 v1

4.   You may choose to avoid subjecting your real estate or interest in said real estate to sale by doing either of the following:

  (a)   You (or your contractor or subcontractor) can pay the claimant and obtain a discharge of lien claim from the claimant; or

  (b)   You (or your contractor or subcontractor) can cause the lien claim to be discharged by filing  a surety bond or making a deposit of funds as provided for in Section 31 of P.L. 1993, c. 318 (c. 2A:44A-31.)

5.   If you (or your contractor or subcontractor) choose to pay the claimant under 4(a) above, you will lose your right to challenge this lien claim in a legal proceeding before a court of law.

6.   If you (or your contractor or subcontractor) choose to discharge the lien claim by filing a surety bond or making a deposit of funds as provided in Section 31 of P.L. 1993, c. 318 (c. 2A:44A-31) you will retain your right to challenge this lien claim in a legal proceeding before a court of law.

### Notice to Subcontractor or Contractor:

This lien has been filed with the county clerk and served upon the owner of the real estate. This lien places the owner on notice that the real estate may be sold to satisfy this claim unless the owner pays the claimed sum to this claimant.

Dated: January 8, 2009.

Signed: _____

Name/Title: _____ MEMBER
                MATTHEW C. SCHIMENTI

On Behalf of: ____ Schimenti Construction Company, LLC

CT #179190 v1

Note:  This form must be signed by the claimant or, in the case of a partnership or corporation, a partner or duly authorized officer thereof.

**RECORD AND RETURN TO:**
Peter E. Strniste, Jr.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
860-275-8339

CT #179190 v1

# SCHEDULE A

### ASSIGNMENT AND ASSUMPTION OF GROUND LEASE

**ASSIGNMENT AND ASSUMPTION OF GROUND LEASE** (the "Assignment"), made as of the ___ day of March, 2000, by and between North Plainfield Holding L.L.C., having an office at c/o Vornado Finance L.L.C., Park 80 West, Plaza II, Saddle Brook, New Jersey 07663 (hereinafter referred to as "Assignor"), and North Plainfield VF L.L.C., having an office at c/o Vornado Finance L.L.C., Park 80 West, Plaza II, Saddle Brook, New Jersey, 07683, Attention: Vornado Finance L.L.C. Commercial Mortgage-Backed Securities, Series 2000-VNO (hereinafter referred to as "Assignee").

#### WITNESSETH:

**WHEREAS,** Assignor is the holder of the lessee's interest under the Ground Lease described in Schedule "A" annexed hereto (the "Ground Lease") assigned by North Plainfield Holding Corporation by operation of law to Assignor pursuant to a Certificate of Merger filed with the New Jersey Secretary of State and affecting property located in North Plainfield, New Jersey more particularly described in Schedule "B" annexed hereto ( the "Premises"), upon which Premises are located certain improvements (said improvements, collectively, being referred to herein as the "Buildings");

**WHEREAS,** Assignor desires to assign to Assignee all of its right, title and interest in, to, and under the Ground Lease; and

**WHEREAS,** Assignee desires to assume all of the obligations of the lessee under the Ground Lease to the extent accruing from and after the date hereof.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    Assignor hereby assigns to Assignee all of its right, title, and interest in, to, and under the Ground Lease.

2.    Assignor hereby assigns all of its rights, title and interest in, to and under any instruments, agreements or documents to which Assignor is a party relating to the leasehold estate created by the Ground Lease (the "Related Documents").

3.    Assignee hereby accepts the foregoing assignment. Assignee, for the benefit of Assignor, covenants and agrees on behalf of Assignee, the legal representatives and the successors and assigns of Assignee, to keep, observe, and perform from and after the date of the delivery hereof each and every one of the terms contained in the Ground Lease and the Related Documents accruing after the date hereof.

## SCHEDULE A

1.  Lease between Jack Bardy, Philip M. Bardy, Jeanette Bardy, widow, Evelyn
    Bardy Hodes, as partners, trading as Bardy Realty Company, a partnership
    (Landlord) and Plainfield Atlantic Corp. (Tenant) dated December 10, 1981, as
    evidenced by short form Lease dated December 20, 1961 and recorded May 22,
    1962 in Deed Book 1013 Page 405, as amended by, including, but not limited to,
    the following:

>   Assignment of Lease by and between Plainfield Atlantic Corp. (Assignor)
>   and George Siegler and Morton A. Siegler (Assignee) as recorded in
>   Deed Book 1343 Page 326.

>   Amendment of Lease by and between Dora Bardy, Widow, Philip Bardy,
>   Jeanette Bardy Levy and Evelyn Bardy Hodes, as partners trading as
>   Bardy Realty Company, a Partnership, and Borough Holding Co., a New
>   Jersey corporation (Landlord) and George Siegler and Morton A. Siegler
>   (Tenant) dated November 4, 1969.

    means assignments of Tenant's interest into North Plainfield Associates Limited
    Partnership as evidenced by Assignment recorded January 13, 1988 in Deed
    Book 1566 Page 812.

    Assignment of Ground Lease by and between North Plainfield Associates Limited
    Partnership, (Assignor) and North Plainfield Holding Corporation (Assignee)
    dated February 28, 1989 and recorded March 15, 1969 in Deed Book 1726 Page
    865.

    The said North Plainfield Holding Corporation merged into North Plainfield
    Holdings L.L.C. by Certificate of Merger filed with the New Jersey Secretary of
    State.

# FORMAL ACKNOWLEDGEMENT

STATE OF _Connecticut_

COUNTY OF _Fairfield_

**BE IT REMEMBERED** that on this _8th_ day of _January_, 20_09_, before

me, the undersigned authority, personally appeared _Matthew Selimenti_

Who, I am satisfied, is the person name in the foregoing instrument, and I having first made

known to him or her the contents thereof, he or she acknowledged the he or she signed, sealed

and delivered the same as his or her voluntary act and deed.  All of which is hereby certified.

_Benjamin C. Jensen_
_____
                              Notary Public
Benjamin C. Jensen
Commissioner of Superior
                            Court



BRETT A. RADI
SOMERSET COUNTY CLERK
20 GROVE STREET
P.O. BOX 3000
SOMERVILLE, NJ 08876-1262

********************************************************************************

| | |
|---|---|
| **Recorded:** | 01/08/2009 03:06:59 PM |
| **Book:** | OPR   6184  **Page:** 1636-1644 |
| **Instrument No.:** | 2009000808 |
| | CONSLIEN   9 PGS   $15.00 |

**Recorder:**   HECKMAN

********************************************************************************

# DO NOT DISCARD



*2009000808*