Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Taunton MA, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-35653-KRH |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**MOTION OF COLE CC TAUNTON MA, LLC
FOR AN ORDER COMPELLING THE DEBTORS TO PERFORM TIMELY
ALL LEASE OBLIGATIONS INCLUDING THE PAYMENT OF POST-PETITION
RENT PURSUANT TO 11 U.S.C. § 365(d)(3)**

Comes now Cole CC Taunton MA, LLC, as successor to CYPRESS/CC TAUNTON I,

L.P, ("Cole") by and through its undersigned counsel, hereby moves to compel Circuit City

Stores, Inc. and its affiliates to perform timely all obligations under a certain lease of

nonresidential real estate including the payment of post-petition rent pursuant to 11 U.S.C §

365(d)(3). In support of this Motion, Cole respectfully states the following:

## PARTIES

1.      Cole owns nonresidential real property located at 70 Taunton Depot Drive, Taunton, Massachusetts 02780 (the "Property").  Cole leases the Property to the Debtors.

2.      Circuit City Inc. and its affiliates (collectively, the "Debtors") are the debtors and debtors in possession in this proceeding having filed their voluntary petitions for relief on or about November 10, 2008 (the "Filing Date").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and the Order of the United States District Court for the Eastern District of Virginia.

4.      The predicate for the relief requested herein is 11 U.S.C. § 365(d)(3).

5.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (G), and (M).

6.      Venue is placed in this Court pursuant to 28 U.S.C. § 1409.

## FACTS AND REQUEST FOR RELIEF

7.      On February 27, 2001, Cole entered into a lease of the Property with the Debtors (the "Lease").

8.      The Lease requires the Debtors to make fixed monthly rental payments to Cole on the last business day of each month.  Specifically, the Lease requires the Debtors to make a fixed monthly rental payment to Cole in the amount of $47,500.00 on the last business day of each month.  Additionally, the Lease obligates the Debtors to pay taxes and insurance as relating to the Property, and any fine, penalty, interest and cost which is due for nonpayment or late payment of rent accrued.

9.    The Debtors have been in possession of the Property since the filing of the petitions in this case.

10.    Notwithstanding the clear dictates of 11 U.S.C. § 365(d)(3), the Debtors have failed to perform obligations accruing under the Lease since the Filing Date.  The Debtors have failed to pay rent during the post-petition period to Cole for the month of November 2008 for the Property which became due and owing on November 30, 2008, after the Filing Date. Specifically, rental obligations accruing after the Filing Date for the month of November 2008 for rent and interest accrued, total $33,250.00 for the Property and such rent was not paid by the Debtors when it became due on November 30, 2008.

11.    Pursuant to 11 U.S.C. § 365(d)(3), rent and other obligations accruing from and after the Filing Date under the Lease must be paid timely to Cole pending assumption or rejection of such lease.  *See Matter of Austin Development Company*, 19 F.3d 1077, 1084 (5th Cir. 1994)("[lessor] is entitled to receive rent from the filing of bankruptcy to the date of lease rejection"); *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3rd Cir. 2001) ("The clear and express intent of Section 365(d)(3) is to require the trustee to perform the lease in accordance with its terms . . . it is difficult to find a textual basis for a proration approach."); *In re Southern Motel Associates, Ltd.*, 81 B.R. 112, 117 (Bankr. M.D. Fla. 1987) ("compliance with [Section 365(d)(3)] is mandatory"); *In re Gillis*, 92 B.R. 461, 465 (Bankr. D. Haw. 1988) ("Section 365(d)(3) requires timely payment of full rental obligations until there is a decision to assume or reject the lease."); *In re Homeowner's Outlet Mall Exchange. Inc.*, 89 B.R. 965, 970 (Bankr. S.D. Fla. 1988) (same); *In re Dieckhaus Stationers of King Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (same); *In re Rare Coin Galleries of America. Inc.*, 72 B.R. 415, 416 (D. Mass. 1987) (same); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882-883 (Bankr.

E.D.N.Y. 1986) (same); *In re M.H.I. Inc.*, 61 B.R. 69, 71 (Bankr. D. Md. 1986) ("message of

Congress is unmistakable" that trustee or debtor must pay full rent until lease is assumed or

rejected); *In re Longua*, 58 B.R. 503, 505 (Bankr. W.D. Wis. 1986) (same); *see also*, 130 Cong.

Rec. S8994-95 (daily ed. June 29, 1984) (statement of Sen. Hatch)("[Section 365(d)(3)] . . .

would lessen the [problem of landlords being forced to provide services without current

payment] by requiring the trustee to perform all the obligations of the debtor under a lease of

nonresidential real property at the time required in the lease")(emphasis added).

12.      It is patently unfair and in contravention of 11 U.S.C. § 365(d)(3) for the Debtors

to continue using the Property without performing their obligations under the Lease.  Section

365(d)(3) requires that the Debtors be compelled to perform their obligations under the Lease.

13.      In the event the Debtors fail to timely perform their obligations under the Lease as

required by Section 365(d)(3), cause exists for the entry of order directing the Debtors to

immediately surrender the Property to Cole or for the entry of an Order vacating the automatic

stay as it applies to Cole to permit Cole to exercise its rights and remedies under the Lease and

applicable non-bankruptcy law.  *See In re Southern Motel Associates, Ltd.*, 81 B.R. 112, 117

(Bankr. M.D. Fla. 1987) (holding that lessor is entitled to immediate possession of nonresidential

lease property upon lessee's failure to comply with Section 365); *see also In re Patella*, 102 B.R.

223, 225 (Bankr. D.N.M. 1989) (failure to comply with Section 365(d)(3) may warrant lessee's

immediate vacation of premises).  Section 365(d)(3) requires the Debtor to timely perform its

obligations under the Lease.

**WHEREFORE**, Cole requests that the Court enter an Order compelling the Debtors to

timely perform all obligations arising under the Lease including the payment of: (i) $33,250.00

for the monetary obligations arising under the Lease for the Property from and after the Filing

Date for the month of November 2008.   As assurance that Cole will receive the protection

granted by Sections 365(d)(3), Cole additionally requests that the Court enter an Order:

(i) granting Cole an allowed administrative expense claim equal in amount to any unpaid rental

obligations accruing under the Lease after the Filing Date; and (ii) mandating immediate

surrender of the Property to Cole and vacating of the automatic stay of 11 U.S.C. § 362(a) in the

event the Debtors fail to make the monthly rental payments required by the Lease and Section

365(d)(3).

January 12, 2009                              **COLE CC TAUNTON MA, LLC**
Richmond, Virginia


                                              By   /s/ Kimberly A. Pierro
                                                         Counsel

Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68132
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Taunton MA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 12, 2009, a true and exact copy of the foregoing objection was forwarded via ECF notification to all necessary parties or their counsel as set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008 as follows: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, (v) counsel to the agents for the Debtors' post-petition lenders, and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

/s/ Kimberly A. Pierro
Counsel