Kenneth R. Blumer, Esq. (CSB No. 40683)
TROY & GOULD, P.C.
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 553-4441
Counsel for Chalek Company, LLC,
   Landlord of Store No. **6552**

Russell Johnson, Esq. (VSB No. 31468)
LAW OFFICE OF RUSSELL JOHNSON
2258 Wheatlands Drive
Manakin-Sabot, VA 23103
804-749-8861

David W. Meadows, Esq. (CSB 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1250
Los Angeles, CA 90067
(310) 557-8490
Bankruptcy Counsel for Chalek Company, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------x

In re:                                : Chapter 11

**CIRCUIT CITY STORES, INC.**         : **Case No. 08-35653 - KRH**
et al.,
    Debtors                : Jointly Administered

------------------------------x

**RESPONSE OF CHALEK COMPANY, LLC, (LANDLORD)
TO OBJECTION OF DOLLAR TREE STORES, INC. (SUBLESSEE) TO
THE ORDER PURSUANT TO 11 U.S.C. §§ 105(A), AND 554 AND
FED. R. BANKR. P. 6006 AUTHORIZING REJECTION OF UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT
<u>OF PERSONAL PROPERTY AS OF THE PETITION DATE</u>**

Chalek Company, LLC, successor in interest to CC Odessa 1998 Trust, and lessor of that certain property located at 5171 E. 42nd Street, Odessa, Texas 79762 ("Landlord"), by and through its undersigned counsel, hereby submits this Response to the *Objection of Dollar Tree Stores, Inc. [a sublessee] to the Order Pursuant to 11 U.S.C. §§ 105(A), and 554 and Fed. R.*

*Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property as of The Petition Date* (Docket No. 351) (the "Dollar Tree Objection").

## Procedural Facts

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

2. On November 10, 2008, the Court entered an *Order Pursuant to 11 U.S.C. §§ 105(A), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property as of The Petition Date* (the "Order")[Docket No. 81].

3. On November 24, 2008, Dollar Tree filed the Dollar Tree Objection. Landlord's Response to the Dollar Tree Objection concerns the Section 365(h) section.

## Discussion

**A. Contrary to Dollar Tree's Request, Any Restated Rejection Order Should Contain No Language That Could Suggest to a State Court that Section 365(h) of the Bankruptcy Code Creates Any Rights to Possession or Continued Benefit Under a Sublease for the Benefit of Dollar Tree Or Any Other Sublessee of a Rejected Master and Rejected Sublease.**

The Dollar Tree Objection cites a great deal of case authority and secondary authority meant to suggest, infer if not outright create rights for the benefit of Dollar Tree as a sublessee that Section 365(h) does not provide. Case authority that Dollar Tree does not cite clears the debris and clarifies the bottom line: any rights that Dollar Tree has as a sublessee after rejection of the master and sublease are those rights, if any, that exist for the benefit of Dollar Tree under

2

applicable state law. In this case, with respect to this particular lease, that state law is Texas state law.

Rather than distinguishing the cases and squibs that Dollar Tree apparently has used in many briefs, the following opinion in a case not cited by Dollar Tree does a superior job of explaining where Section 365(h) comes out with respect to a sublessee of a rejected sublease and a rejected master lease. In re Stalter & Company, Ltd., 99 B.R. 327, 330 (E.D. La. 1989), is a District Court opinion dealing with the issue of sanctions being sought by and being granted to a master lessor against a sublessee under facts identical to the Circuit City facts, *i.e.,* where both the master lease and the sublease were rejected. In the quoted portion of the opinion below, Keaty & Keaty is the sublessee, Loyola is the master lessor and Stalter, the debtor, was in the position of Circuit City, namely, lessee and sublessor. The opinion explains as follows with respect to the legislative history of Section 365 containing the two words – "or sublessor," and how Section 365(h) only preserves the sublessee's state law rights to remain in possession, which rights are likely to be none.

> Keaty & Keaty argues that § 365 gives it the right-independent of and superior to any Louisiana state law to the contrary (viz., that a sublessee has no greater right in real property than does its sublessor, *see Brown v. Mayfield,* 488 So.2d 322, 324 (La. App. 3d Cir.1986) (citing *Ogden v. John Jay Esthetic Salons, Inc.,* 470 So.2d 521, 524 (La. App. 1st Cir.1985)) - to remain on the premises merely upon paying the rent called for in the sublease. It cites no cases in support of its argument; it merely points to two words in the legislative history on this section:
>
>> Subsection (h) protects real property lessees of the debtor if the trustee rejects an unexpired lease under which the debtor is the lessor (*or sublessor*). The subsection permits the lessee to remain in possession of the leased property or to treat the lease as terminated by the rejection.
>
> H.Rep. No. 95-595, 95th Cong., 1st Sess. 349 (1977), *reprinted in* 1978 U.S.Code, Cong. & Admin.News 5963, 6305; *accord* Sen.Rep. No. 95-989, 95th Cong., 2d Sess. 60 (1978), *reprinted in* 1978 U.S.Code, Cong. & Admin.News 5787, 5846. This squib simply does not purport to address the right of a sublessee to remain on a premises when the

3

debtor/sublessor/primary-lessee has rejected not only the sublease, but also the master lease.

Equity, common sense, and the statute all point against Keaty & Keaty's position. Because Loyola's summary of its brief succinctly, clearly, and correctly sets for the patent flaws of Keaty & Keaty's argument, the Court repeats this summary:

11 U.S.C. § 365 governs a bankrupt's acceptance or rejection of executory contracts and unexpired leases. In the event of rejection of an unexpired lease by the debtor *as lessor or sublessor,* § 365(h) affords specific rights and remedies to the rejecting debtor and to its tenant or subtenant. Section 365(h) does *not* purport to afford the tenant of such a rejecting debtor rights against anyone other than the debtor. Moreover, § 365(d)(4) specifically requires that if a bankrupt, *as lessee,* rejects an unexpired lease of nonresidential real property, "he shall immediately surrender such nonresidential real property to the lessor." Accordingly, Keaty & Keaty's contention that § 365(h) gives it the right to hold the Leased Premises as Loyola's unwelcome guest is not unsupported by the text of § 365(h) but is flatly contradicted by § 365(d)(4)'s grant to Loyola of the right immediately to regain its property.

A law that commands two mutually exclusive events cannot be obeyed. The only rational view is that § 365(h) does *not* afford Keaty & Keaty a right against Loyola to occupy the Leased Premises after Stalter's rejection of the Master Lease. Accordingly, the rights of Loyola and Keaty & Keaty against each other are questions of state law to be decided by the state court, as was correctly [noted] by the Bankruptcy Court in this case and in every other case *331 found where the Bankruptcy Court considered the issue of a subtenant's rights under § 365(h) against the owner of leased property. *In re Dial-A-Tire, Inc.,* 78 B.R. 13, 16, Bankr.W.D.N.Y.1987); *In re Elmhurst Transmission Corp.,* 60 B.R.9, 10, (Bankr.E.D.N.Y.1986); and *In re United Foam Corp.,* 20 B.R. 766, 769 (Bankr.C.D.Cal.1982).

11 U.S.C. § 365(h), however, *does* address the rights of Keaty & Keaty as against Stalter. Had Stalter, as Loyola's lessee, *accepted the Master Lease, but, as sublessor, rejected Keaty & Keaty's sublease,* § 365(h) would have afforded Keaty & Keaty certain rights of occupancy as against Stalter, its sublessor. Stalter's rejection as lessee of the Master Lease, by terminating the very rights that Stalter had sublet to Keaty & Keaty, caused the demise of the Sublease and deprived Keaty & Keaty of any right to occupy the Leased Premises. Keaty & Keaty's remedy for all damages resulting from Stalter's action is to treat the Sublease as terminated, as is its undisputed right under § 365(h), and to file a general claim against Stalter's estate in Stalter's bankruptcy proceeding. This remedy is specifically created by 11 U.S.C. § 502(g) and has been recognized by the Bankruptcy Court. *In re Stable Mews Associates,* 41 B.R. 594, 597 (Bankr.S.D.N.Y.1984).

Loyola's Appellee Brief at 5-6.

While § 365(h) gives a sublessee the right to maintain its possessory interest in a subleasehold when the debtor has rejected the sublease, there is *no real property to which*

> *the subleasehold* attaches as soon as the primary lease is terminated. <u>In other words, § 365(h) does not give a subtenant any further rights to prevent any termination, for whatever reason, of the underlying master lease, in addition to whatever nonbankruptcy rights the subtenant may already have.</u>
>
> <u>Further, Keaty & Keaty articulates no general purpose that would be served by requiring one creditor of a debtor (viz., Loyola) to hold another creditor of the debtor (viz., Keaty & Keaty) completely harmless from the effects of the debtor's bankruptcy. Like other creditors, Keaty & Keaty may look only to the debtor for what remedies it may be due because of the debtor's having filed bankruptcy. In other words, the general equity principles of bankruptcy law reject Keaty & Keaty's position as well.</u>

*Id.*, 99 B.R. at 330 – 331 (emphasis added). *See also In re Kmart Corporation*, 290 B.R. 601, 611 (Bankr. N.D. Ill. 2002) (citing *In re Stalter*); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D. N.Y. 1992) (citing *In re Stalter*).

Dollar Tree had an opportunity to protect itself using state law with respect to a termination of the master lease. It is known as an "attornment" agreement. If Dollar Tree had negotiated such a provision in the lease in question, it would give Dollar Tree rights to possession even after the master lease between the Landlord and the Debtor was rejected and terminated by the Debtor's breach. As expressed by the *Stalter* opinion, it makes no sense for the Bankruptcy Code to create rights in favor of one non-debtor party (Dollar Tree) against another non-Debtor party (the Landlord). The Bankruptcy Code does not. <u>All</u> the Bankruptcy Code does in Section 365(h)(1)(A)(ii) is to preserve whatever state law and/or contractual rights that may exist between two non-debtor parties, even if there are no such rights to preserve.

B.   **The Existing Order is Silent as to Section 365(h) As It Should Be.**

In the Dollar Tree Objection, Dollar Tree requests that the Court enter a modified and restated Rejection Order expressly stating that the order is "without prejudice to Dollar Tree's rights under 11 U.S.C. § 365(h), applicable state law, and the Dollar Tree Subleases." Adding that specific language to any restated Order does nothing to further establish any rights that

Dollar Tree may have. However, it is language likely to confuse, mislead or suggest to a state court issues that do not exist. In the event Dollar Tree chooses not to negotiate reasonable terms with the Landlord on a new lease, the Landlord will pursue Dollar Tree's eviction in Texas state court, where under Texas state law, Dollar Tree promptly will be ordered to vacate.

**WHEREFORE,** Chalek Company, LLC, as successor in interest to CC Odessa 1998 Trust, as master lessor of the lease between Landlord and the Debtor of the property located at 5171 East 42nd Street, Odessa, Texas, and of which Dollar Tree was the sublessee, respectfully requests that to the extent Dollar Tree requests entry of an order expressly stating that Dollar Tree has any rights to remain in possession pursuant to Section 365(h) of the Bankruptcy Code, that such request be denied.

Dated: January 13, 2009

Kenneth R. Blumer, Esq. (CSB No. 40683)
TROY & GOULD, P.C.
1801 Century Park East, Suite 1600
Los Angeles, CA  90067
(310) 553-4441
kblumer@troygould.com

David W. Meadows, Esq. (CSB 137052)
LAW OFFICES OF DAVID W. MEADOWS
1801 Century Park East, Suite 1250
Los Angeles, CA  90067
(310) 557-8490
david@davidwmeadowslaw.com

– and –

LAW OFFICE OF RUSSELL JOHNSON, III

  /s/  Russell Johnson
Russell Johnson, III (VSB No. 31468)
2258 Wheatlands Drive
Manakin-Sabot, VA  23103
804-749-8861

## CERTIFICATE OF SERVICE

I, Russell Johnson, III, hereby certify that, on January 13, 2009, I caused a true and correct copy of the foregoing Response to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: circuitcityservice@mcquirewoods.com and proiect.circuitcity@skadden.com. In addition, I caused a copy of the Response to be mailed, by first class mail, postage prepaid to:

William H. Schwarzchild, III
Paul S. Bliley, Jr.
**Williams, Mullen**
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Fax: 804-783-6489
tschwarz@williamsmullen.com

Daniel F. Blanks
Douglas M. Foley
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510
Counsel For Debtors

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
U.S. Trustee Counsel

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Creditor Committee Counsel

/s/ *Russell Ray Johnson III*
Russell Ray Johnson III