UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |

**MOTION BY COTTONWOOD CORNERS – PHASE V, LLC FOR AN ORDER (A) COMPELLING DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. § 365(d)(3) AND 503(b); AND (B) GRANTING RELATED RELIEF AND SUPPORTING MEMORANDUM**

Cottonwood Corners – Phase V, LLC ("Cottonwood"), by and through its undersigned counsel, and in support of its motion for an order compelling (a) Circuit City Stores, Inc. and its affiliated entities (collectively, the "Debtor") to immediately pay administrative rent pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b); and (b) granting related relief (the "Motion"), respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Debtor has not paid November 2008, post-petition administrative rent (referred to herein as the "Stub Rent") to Cottonwood. Absent a Court Order directing the Debtor to "timely perform all of the obligations" under its lease with Cottonwood, the Debtor will likely continue to violate 11 U.S.C. § 365(d)(3). Accordingly, Cottonwood seeks an Order directing the Debtor to immediately pay the Stub Rent as it is required to under the Bankruptcy Code.

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Cottonwood Corners - Phase V, LLC*

Leslie D. Maxwell, Esq.
Hatch, Allen & Shepherd, P.A.
Post Office Box 94750
Albuquerque, NM 87199-4750
(505) 341-0110
(505) 341-3434 (fax)

*Co-counsel for Cottonwood Corners - Phase V, LLC*

## JURISDICTION

2.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § § 365(d)(3), 503(b)(1)(A) and 105.

## BACKGROUND

3.  Cottonwood is the current landlord of real property located at 10420 Coors Boulevard Bypass, Albuquerque, NM 87114 (the "Leased Premises") and within the Cottonwood III Shopping Center. The Leased Premises are located in a shopping center for purposes of Section 365(b)(3) of the Bankruptcy Code.

4.  Pursuant to a lease dated February 1, 2004, as amended (the "Lease"), RSF Land and Cattle Company, LLC ("RSF") leased the Leased Premises to the Debtor. A true and accurate copy of the Lease is attached hereto as Exhibit A. RSF subsequently assigned the Lease to Cottonwood.

5.  Pursuant to the provisions of the Lease, the Debtor is required to pay, on the first of each month, base rent, common area maintenance charges and property insurance (collectively referred to herein as "Rent") in the total sum of $43,569.30. The Debtor is also required to pay annual real property taxes accrued.

6.  On November 10, 2008 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

7.  The Debtor currently remains in possession of and enjoys the use and occupancy of the Leased Premises.

8. Since the Petition Date, the Debtor has failed to pay Rent to Cottonwood for the entire month of November 2008, including Stub Rent in the amount of $30,495.51, which amount is comprised of post-petition Rent accrued from November 10th through November 30th. Annual real property taxes have also continued to accrue post-petition.

9. Although Debtor continues to refuse to pay Cottonwood for the Stub Rent, the Debtor has paid in full the Rent amounts due and owing for December 2008 and January 2009.

## RELIEF SOUGHT

10. Cottonwood seeks an order (a) directing Debtor to immediately pay the Stub Rent pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), and (b) granting related relief.

## BASIS FOR RELIEF

### COTTONWOOD IS ENTITLED TO IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE RENT

11. Section 365(d)(3) of the Bankruptcy Code provides in relevant part:

> The Trustee <u>shall timely perform all of the obligations</u> of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

(emphasis added).

12. The unique position of the nonresidential lessor during the post-petition, pre-rejection period is recognized and addressed by 11 U.S.C. § 365(d)(3) and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential lease obligations, § 365(d)(3) protects

3

these lessors from the specter of ever increasing losses during the post-petition, pre-rejection period. In *In re Pudgie's*, the Bankruptcy Court of the Southern District of New York strictly construed § 365(d)(3) to hold that nonresidential lessors were entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

13.     This Court and other jurisdictions have repeatedly held that section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D.Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Indeed, the court in *Trak Auto* specifically recognized that ["a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Id. at 669. *See also In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted §365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor"); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and by requiring these payments to be paid at the time required in the lease"); *In re Financial News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993). Accordingly, the Debtor is required to immediately pay the November base rent, on a prorated basis for the rent covering the period from the date of the filing of the petition until the end of the month.

14.     In light of Debtor's continued failure to pay November 2008 Stub Rent to Cottonwood in contravention with § 365(d)(3), it is apparent that, absent a Court Order, the Debtor will continue to ignore its post-petition obligations under the Lease in violation of the

Bankruptcy Code. Thus, the Court should enter an order directing the Debtor to immediately pay administrative rent pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code.

15. Furthermore, Section 34(f) of the Lease provides that, in the event that Cottonwood obtains the relief sought in this Motion, the Debtor must reimburse Cottonwood for all reasonable and actual legal fees incurred in connection with the Motion and enforcing the Debtor's obligations under the Lease. Accordingly, Cottonwood requests that the Debtor be directed to pay the legal fees incurred by Cottonwood in connection with filing and prosecuting this Motion.

**WHEREFORE**, Cottonwood respectfully requests the entry of an order (i) compelling Debtor to immediately pay Cottonwood the November 2008 Stub Rent, plus other future rent, real property taxes and charges accrued as provided in the Lease, including Cottonwood's costs and legal fees in connection with this Motion, and (ii) granting such other relief which this Court deems just and proper.

Dated: January 13, 2009

                                                COTTONWOOD CORNERS – PHASE V, LLC

                                                By:   /s/ Michael P. Falzone
                                                                Counsel

Michael P. Falzone (VSB #22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

Leslie D. Maxwell, Esq.
Hatch, Allen & Shepherd, P.A.
Post Office Box 94750

Albuquerque, NM 87199-4750
(505) 341-0110
(505) 341-3434 (fax)

*Counsel for Cottonwood Corners – Phase V, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

                                                          /s/ Michael P. Falzone
                                                     Michael P. Falzone

#2322034v1