Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
Circuit City Stores, Inc.,    :    Case No. 08-35653(KRH)
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' OBJECTION TO THE MOTION FOR REHEARING AND/OR RECONSIDERATION TO ALTER OR AMEND THE JUDGMENT REGARDING PAYMENT OF THE NOVEMBER RENT**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this objection (the "Objection") to certain Landlords' (the "Movants") Motion for Rehearing and/or Reconsideration to Alter or Amend the Judgment Regarding

1

Payment of the November Rent (D.I. 1347) (the "Reconsideration Motion") and the joinders thereto (D.I.s 1363, 1365, 1368, 1370, 1375, 1384, 1392, 1414, 1437, 1438, 1447, 1455, 1484, 1487, 1488, and 1492) (collectively, the "Joinders"[1]).  In support of this Objection, the Debtors respectfully represent as follows:

### BACKGROUND

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

---

[1] This list represents those joinders to the Motion docketed as of the filing of this Objection.  However, this Objection is intended to cover all joinders to the Motion in addition to those listed.

2

4. Certain lessors filed motions, either formal or informal, or included in objections to pleadings filed by the Debtors (collectively, the "Stub Rent Motions"), a request for immediate payment of post-petition rent for the period from November 10, 2008 through November 30, 2008 (the "Stub Rent Requests"). The Debtors filed omnibus objections to the Stub Rent Motions on December 3, 2008 and December 18, 2008 (together, the "Stub Rent Objections", D.I.s 641 and 1100, respectively).

5. The Stub Rent Requests and Stub Rent Objections were heard by the Court on December 22, 2008. After hearing the evidence presented by the Debtors and the arguments of counsel, the Court denied the Stub Rent Motions, concluding that although the Stub Rent Requests are accorded priority treatment under sections 503(b)(3) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors were not obligated to pay the Stub Rent Requests immediately pursuant to Bankruptcy Code section 365(d)(3) or otherwise. Instead, the Court concluded that the Stub Rent Requests are administrative expenses that may be paid by the Debtors upon the

3

effective date of a confirmed plan of reorganization pursuant to section 507(a) and 1129(a) of the Bankruptcy Code, or such earlier date as the Court may direct for cause.  Accordingly, the Court denied the Stub Rent Motions, without prejudice to a landlord's right to seek earlier payment for their Stub Rent Request for cause. See Transcript,[2] attached hereto as Exhibit A, at pp. 170-171 (the "Ruling").

      6.   In denying the Stub Rent Motions, the Court relied primarily on and followed Judge Adam's ruling in In re Trak Auto Corp., 277 B.R. 655 (Bankr. E.D. Va. 2002) and the cases upon which the Trak Auto court relied in reaching its determination that requests for the payment of "stub rent" were not entitled to super-priority status by requiring immediate payment. Id. at 669.

**OBJECTION**

      7.   By the Reconsideration Motion, the Movants request that this Court reconsider its Ruling with

---

[2] The Debtors have requested, but have yet to receive, a final transcript to be docketed.  In lieu of a final transcript, the transcript attached is a rough copy.

respect to the appropriate time for the Debtors pay the Stub Rent Requests.  Notably absent from the Reconsideration Motion, however, is any legal or factual basis for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable in these cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure.  Instead, the Movants assert new arguments grounded in the very opinion upon which the Court relied in issuing its Ruling -- Trak Auto.  As discussed herein, advancing new arguments is not a valid basis for relief under Civil Rule 59(e).

   8. Specifically, Civil Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Under Civil Rule 59(e), the Fourth Circuit recognizes three grounds for amending an earlier judgment: (i) to accommodate an intervening change in controlling law; (ii) to account for new evidence not available at the hearing; or (iii) to correct a clear error of law or prevent manifest injustice.  Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (citations omitted).

9.  In evaluating any alleged grounds for reconsideration, a lower court should be guided by two principles underlying Civil Rule 59(e).  First, and most fundamental, relief under Civil Rule 59(e) is an <u>extraordinary</u> remedy that should be used sparingly.  <u>See Pacific Insurance Co. v American National Fire Insurance Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).  Second, motions under Rule 59(e) may not be used to raise arguments or novel legal theories that could have been raised in the first instance.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> 11 Wright et al., <u>Federal Practice and Procedure</u> § 2810.1, at 127-29 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

10.  Guided by these principles and because the Movants have failed to establish any of the three grounds for relief under Civil Rule 59(e), the Reconsideration Motion and Joinders should be denied.

11.  First, the Movants have not asserted, nor could they assert, that there has been an intervening change in controlling law.  There has been no change in

6

the law and the Trak Auto decision, upon which this Court based its Ruling, has not been vacated or overturned by the Fourth Circuit and otherwise remains good law in this jurisdiction.

12.  Second, the Movants have failed to establish the existence of any evidence that was not available at the December 22 hearing.  Here again, the Movants do not even allege the existence of any new evidence.  Indeed, the only evidence properly considered by the Court was the testimony presented by the Debtors and, thus, the second basis for reconsideration is simply not available to the Movants.

13.  Third, and finally, the Movants have failed to establish that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  Specifically, by the Reconsideration Motion, the Movants apparently contend that that this Court's interpretation of Trak Auto and its progeny constituted a clear error of law or would result in manifest injustice.  In support of that position, the Movants devote nearly all of the Motion to extensively quoting and re-explaining the Trak Auto decision to the Court.

Additionally, the Movants repeatedly reemphasize that they were proactive in asserting their rights, which they contend justifies immediate payment of the Stub Rent Requests.  As a result, under Trak Auto, the Movants further contend that this Court is compelled to require the Debtors to immediately pay their Stub Rent Requests.

14.   The Movants' position must, however, be denied on a number of grounds.  In particular, a motion for reconsideration is not the procedural vehicle for a party to re-argue or relitigate a position already considered and rejected by a the Court.  See Pacific Insurance, 148 F.3d at 403 (noting that "[t]he [Civil] Rule 59(e) motion may not be used to re-litigate an old matter . . ." (citation omitted)).  That is exactly what the Movants are trying to do.  Specifically, at the December 22, 2008 hearing on the Stub Rent Motions, numerous counsel advanced the position now being presented in the Reconsideration Motion.  See Transcript at pp. 139, 166-67.  Thus, the Movants have failed to establish the that the Court committed a clear error of law.

8

15. Nor have the Movants established that reconsideration is required to prevent manifest injustice. Specifically, the Movants seem to contend that as a result of the Ruling they are "involuntary lenders" and thus, that the Court's Ruling is manifestly unjust. See Motion, ¶ 26. This argument was also rejected by this Court. See Transcript at p.138 (arguing that the Debtors' failure to immediately pay the Stub Rent Requests under 365(d)(3) makes the landlords [in]voluntary creditors); see, generally, the Ruling (rejecting the Movants' arguments and the Motions).

16. In any event, no manifest injustice will result from the Ruling. As the Court made absolutely clear, the obligation to pay the Stub Rent Requests arose pre-petition, not post-petition. See Transcript at 171 (inferring that the Debtors were not obligated to pay the Stub Rent Requests because the obligation arose pre-petition). More importantly, the Ruling treats the Movants equally vis-a-vis other similarly situated administrative claimants holding allowed expenses under Bankruptcy Code section 507(a). Furthermore, even assuming that the Movants were "involuntary lenders,"

there was no evidence presented suggesting that the Debtors were administratively insolvent and, indeed, had there been, Trak Auto would have been directly on point. See Trak Auto, 277 B.R. at 668, fn. 5.  And finally, the Ruling was expressly without prejudice to the Movants' rights to return to court on a proper motion to seek immediate payment of the Stub Rent Request on a showing of cause.  Thus, the third and final ground for relief under Civil Rule 59(e) has not bee satisfied.

      17.  Accordingly, for the reasons set forth herein, the Motion should be denied.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) sustain this Objection, (ii) deny the Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: January 14, 2008
      Richmond, Virginia

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

    - and -

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

    - and -

    MCGUIREWOODS LLP

    /s/ Douglas M. Foley          .
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

**(Draft Transcript)**