Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com

and

Dennis J. Drebsky (*pro hac vice* admission pending)
Christopher M. Desiderio (admitted *pro hac vice*)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com

*Counsel for TomTom, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 |
| Debtors. | Jointly Administered |

**REPLY OF TOMTOM, INC., TO THE DEBTOR'S OBJECTION TO THE MOTION FOR AN ORDER UNDER SECTIONS 105, 362, AND 363 MODIFYING THE AUTOMATIC STAY TO PERMIT THE EXERCISE OF SETOFF AND/OR RECOUPMENT RIGHTS AGAINST THE DEBTORS**

TomTom, Inc., ("TomTom"), by and through its counsel, Nixon Peabody LLP, for its Reply (the "Reply") to the above-captioned debtors (the "Debtors") objection (the "Objection") to the motion (the "Motion") for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the above-captioned debtors, respectfully respond as follows[1]:

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

12348235.2

## REPLY

**A.     There is No "Executory Contract" at Issue and Therefore the Motion is Procedurally Proper**

1. The Debtors argue that the Letter Agreement is somehow an executory contract, and because it has not yet been assumed or rejected, the Motion is procedurally inappropriate. The argument ignores the basic definition of executory contracts.

2. The legislative history of Section 365 states that "[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R. Report No. 95-595, 95th Cong., 1st Sess. 347 (1977). The Supreme Court cited this definition approvingly in N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 522 n.6 (1984).

3. Further, the classic definition of executory contracts was offered by Professor Vern Countryman, and it turns on whether "the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn. L.Rev. 439, 460 (1973). See also Enter. Energy Corp v. V.S. (In re Columbia Gas System Inc.) 50 F.3d 233, 239 (3d Cir. 1995); Gallivan v. Springfield Post Road. Corp., 110 F.3d 848, 851 (1st Cir. 1997).

4. TomTom has already fully performed its obligations under the Letter Agreement and for that reason alone, the Letter Agreement is not executory. See In re Waldron, 36 B.R. 633 (Bankr. S.D. Fla. 1984); In re Carlisle Homes, Inc., 103 B.R. 524 (Bankr. D. N.J. 1988); In re J.M. Fields, Inc., 22 B.R. 861 (Bankr. S.D.N.Y. 1982).

5. The only obligation that is outstanding is the Debtors' obligation to pay TomTom for the goods that were delivered. It is basic black-letter law that the obligation to pay money

alone does not render a contract executory. Matter of Pennsylvania Tire Co., 26 B.R. 663 (Bankr. N.D. Ohio 1982); In re Kash & Karry Wholesale, Inc., 28 B.R. 66 (Bankr. D. S.C. 1982).

6. As such, the Debtors' objection to the procedural posture of the Motion is entirely without merit.

7. Even if this Court were to determine that the Letter Agreement is an executory contract, such determination should not have any effect on the posture of the Motion.

8. TomTom is not seeking to terminate or otherwise modify any parties' rights or obligations arising under the Letter Agreement unlike the cases cited by the Debtors. TomTom is simply seeking to clarify the accounting of claims between it and the Debtors. As such, it is not necessary for the Debtors to assume or reject the Letter Agreement prior to the determination of the Motion as such assumption or rejection will have no impact on the Motion's merits or the remedy sought.

**B.    The Motion Should Not be Held in Abeyance Under Section 502(d) of the Bankruptcy Code**

9. The Debtors further argue that section 502(d) prohibits this Court from allowing TomTom to assert its setoff rights. Although Debtors cite In re Lambert Oil Co., for the proposition that "a claim may be disallowed at least temporarily and for certain purposes, subject to reconsideration, simply upon the allegation of the avoidable transfer." Objection at ¶ 22 (quoting In re Lambert Oil Co., 347 B.R. 508, 522, n. 6 (W.D. Va. 2006)), the Debtors take this quotation entirely out of context. The quotation is dicta in the opinion. In fact, the Lambert Oil court stated that it did not consider this argument in formulating its opinion, which rejected a trustee's use of this defense to an asserted setoff right. In re Lambert Oil Co., 347 B.R. at 522.

10. The Debtors have failed to cite any controlling authority which holds that the mere summary allegation of potential avoidable transfers is enough to stall the determination of TomTom's setoff and/or recoupment rights.

11. Even if the Debtors' argument is correct, the Debtors have only asserted that payments of approximately $1.6 million to TomTom may be avoidable transfers. In contrast, TomTom has sought to setoff and/or recoup a claim of approximately $5.4 million. To the extent that this Court determines that section 502(d) of the Bankruptcy Code precludes TomTom's setoff or recoupment rights, it should only do so to the extent of the alleged potentially avoidable transfers. To the extent that any payments fall within the preference period, without waiving or limiting its ability to raise any and all legal and equitable defenses in the appropriate pleadings, TomTom believes all such payments were made in the ordinary course of business and are thus not avoidable.

C.    **Both TomTom's and the Debtors Claims Are Prepetition Obligations**

12. The Debtors contend that because the Letter Agreement calls for the credits to applied on December 2, 2008 against the Second Installment Payment (as defined in the Letter Agreement), it is a postpetition obligation of TomTom to the Debtor.

13. Courts have consistently held that just because a claim is due to be paid postpetition, it does not necessarily mean that such claim is a postpetition obligation. See In re Stewart Foods, Inc., 64 F.3d 141, 146 (4th Cir. 1995) and cases cited therein. "A 'claim' is defined under 11 U.S.C. § 101(4)(A) as a "right to payment" and includes those rights that are unliquidated, contingent, and unmatured. If a right to payment becomes vested prior to commencement of the bankruptcy case, the claim becomes a pre-petition claim. A claim is not rendered a post-petition claim simply by the fact that time for payment is triggered by an event

that happens after the filing of the petition." Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Management), 4 F.3d 1329, 1335, fn. 7 (5th Cir. La. 1993)(citing In re Murray Industries, Inc., 110 Bankr. 585, 588-89 (Bankr.M.D.Fla.1990)).  Although the cases discussing the timing of when a claim arises deal with claims against a debtor's estate, such principles should be applied consistently when determining the claims that a debtor has against others.

14. Here it is clear that TomTom's obligation to the Debtors arose prepetition, even though the time for payment occurred postpetition.  TomTom's obligation was simply unmatured as of the petition date, however, it had vested prior to the petition date.

**D.    The "Promotion" is Part of a Single Transaction which is Memorialized in the Letter Agreement**

15. Both TomTom's debt and its claims against Debtors arise under the Letter Agreement.  In determining whether recoupment is an available remedy, courts apply either the "logical relationship" test or a stricter "integrated transaction" test.  See In re University Medical Center, 973 F.2d 1065, 1081 (3d Cir. 1992) (applying the "integrated transaction" test and requiring that the obligations at issue "arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of the transaction without also meeting its obligations").  Here, it would be inequitable to allow the Debtors to enjoy the benefits of the sell through credits without also meeting their obligations.

16. The Letter Agreement, by its own terms, clearly references and incorporates the Promotion.  Specifically, the Letter Agreement states that "[t]he second installment payment will also be netted against the sell through credits available to Circuit City under the current Model 125 sell-through credit program (separately documented)."  The Letter Agreement further states that additional products "shall also be eligible for the 'Give Give' sell through credits" and the parties agree to apply those credits to the accounts receivable balance.  In short, the Letter

Agreement expressly contemplates netting the Debtors' payment obligation against TomTom's debt. The Debtors would derive no benefit from the sell through credits without entering the Letter Agreement, because the credits are premised upon the Debtors purchasing and selling merchandise. The netting arrangement is an integral part of the bargain embodied by the Letter Agreement, and therefore satisfies the more conservative "integrated transaction" standard necessary to establish a valid recoupment claim.

17. Additionally, upon information and belief, the Promotion was never executed as a standalone instrument. It is clear that these two documents were part of a single transaction and a single course of dealing and are not two somehow unrelated transactions as argued by the Debtors.

## CONCLUSION

WHEREFORE, TomTom requests that this Court enter an order modifying the automatic stay to allow TomTom to setoff or recoup its claims against the Debtors with those obligations owed to the Debtor arising under the purchase orders and rebate programs, overrule the Debtors' Objection for the reasons set forth herein and order such other and further relief that this Court deems appropriate.

Dated: New York, New York
January 14, 2009

Respectfully Submitted,

NIXON PEABODY LLP

By: /s/ Christopher M. Desiderio
Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com
*Counsel for TomTom, Inc.*

and

                Dennis J. Drebsky
Christopher M. Desiderio (admitted *pro hac vice*)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com
*Counsel for TomTom, Inc.*