Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com

and

Dennis J. Drebsky (*pro hac vice* admission pending)
Christopher M. Desiderio (admitted pro hac vice)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com

*Counsel for TomTom, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: January 16, 2009 |
| | ) | |

**EMERGENCY MOTION TO SEAL EXHIBIT FILED BY THE DEBTORS**

TomTom, Inc., ("TomTom"), by and through its counsel, Nixon Peabody LLP, hereby moves (the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b) (1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ordering that a certain exhibit filed by the above-captioned debtors (the "Debtors") be sealed by the Clerk of this Court.  In support of the Motion, TomTom respectfully represents:

12351385.1

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are section 107(b) (1) of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

3.  On December 17, 2008, TomTom filed its *Motion of TomTom Inc., for an Order under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights Against the Debtors* (the "Setoff Motion") [Dkt. No. 1052].

4.  On January 12, 2009, the Debtors filed their *Objection to the Motion of TomTom, Inc. For an Order Under Sections 105, 362 and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights Against the Debtors* (the "Setoff Objection")[Dkt No. 1475].

5.  Annexed to the Setoff Objection, as "Exhibit A" is a document that the Debtors reference in the Setoff Objection as the "Promotion." The details of the Promotion were intentionally omitted from the Setoff Motion as they contain information that is commercially sensitive.

## RELIEF REQUESTED

6.  By this Motion, TomTom respectfully requests entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 ordering that the Promotion ("Exhibit A" to the Setoff Objection) be immediately sealed by the Clerk of this Court.

**BASIS FOR RELIEF**

7. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

11 U.S.C. § 107(b) (1).

8. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

9. In granting relief under section 107(b) of the Bankruptcy Code, "[ t] he court determines whether the subject documents falls within the provisions § 107(b) and the appropriate remedy if they do." In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); see also In re Lomas Fin. Corp., 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) (quoting Press-Enterprise I, 464 U.S. 501, 510 (1984)); see also In re Nunn, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing

12351385.1

customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

10.  Due to the confidential nature of the Promotion, TomTom respectfully submits that good cause exists for the relief requested. No alternative method would adequately protect the confidential and proprietary business information contained in that agreement.

11.  Although the Promotion has been removed from the Debtors' website, an order is necessary to have it sealed on the Court's electronic docket.

12.  Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the Debtor; and (iii) counsel to Official Committee of Unsecured Creditors. TomTom submits that, under the circumstances, no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

13.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

14.  No previous motion for the relief sought herein has been made to this or any other Court.

12351385.1

## **CONCLUSION**

WHEREFORE TomTom respectfully requests that the Court enter an order substantially in the form of <u>Exhibit A</u> hereto and grant TomTom such other and further relief as is just.

Dated: New York, New York
January 14, 2009                     Respectfully Submitted,

NIXON PEABODY LLP

By:      /s/ Louis E. Dolan
Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com
*Counsel for TomTom, Inc.*

and

By:      /s/ Christopher M. Desiderio
Dennis J. Drebsky (*pro hac vice* admission pending)
Christopher M. Desiderio (admitted *pro hac vice*)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com

*Counsel for TomTom, Inc.*

12351385.1

**EXHIBIT A**

Louis E. Dolan, Jr. (Bar # 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com

and

Dennis J. Drebsky (*pro hac vice* admission pending)
Christopher M. Desiderio (admitted pro hac vice)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com

*Counsel for TomTom, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO FILE**
**CERTAIN DOCUMENTS UNDER SEAL**

Upon the motion (the "Motion")[1] of TomTom, Inc. ("TomTom") for an Order, pursuant to section 107(b) (1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, wherein TomTom requested authority to seal a certain exhibit filed by the above-captioned debtors (the "Debtors"); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby,

---

[1]     Capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

12351385.1

**ORDERED, ADJUDGED, AND DECREED that**:

1. The Motion is GRANTED.

2. The Clerk of the Court shall immediately seal "Exhibit A" to the Debtor's *Objection to the Motion of TomTom, Inc. For an Order Under Sections 105, 362 and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights Against the Debtors* (the "Setoff Objection")[Dkt No. 1475].

3. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
      January __, 2009

                                                    UNITED STATES BANKRUPTCY JUDGE

12351385.1

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of January, 2009, a true and correct copy of the foregoing Emergency Motion to Seal Exhibit filed by the Debtors was served via overnight mail on:

        Robert B. Van Arsdale
        Office of the United States Trustee
        701 East Broad St. Suite 4304
        Richmond, Virginia 23219
        *Assistant United States Trustee*

        David S. Berman
        Riemer & Braunstein LLP
        Three Center Plaza, 6th Floor
        Boston, Massachusetts 02108
        *Counsel for Bank of America, NA., as Agent*

        Dion W. Hayes
        McGuire Woods LLP
        One James Center
        901 East Cary Street
        Richmond, Virginia 23219
        *Counsel for the Debtors*

        Greg M. Galardi
        Jan S. Fredericks
        Skadden, Asps, Slate, Meagher & Flom
        One Rodney Square
        P.O. Box 636
        Wilmington, DE l9899
        *Counsel for the Debtors*

    I also hereby certify that I caused a copy of the foregoing document to be delivered in PDF format, by e-mail, to:

    circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com.

                                          /s/ Christopher M. Desiderio
                                        Christopher M. Desiderio

12349536.1