Rhett Petcher (VSB #65826)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 463-2400
rpetcher@seyfarth.com

Of Counsel:
Kimbell Gourley
Trout Jones Gledhill Fuhrman, P.A.
225 N. 9th St., Ste 820
P.O. Box 197
Boise, ID  83701
Telephone:  (208) 331-1170
Facsimile:  (208) 331-1529
kgouley@idalaw.com

*Attorneys for Engineered Structures, Inc. ("ESI")*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re<br>CIRCUIT CITY STORES, INC., et al.,<br><br>   Debtors. | Chapter 11<br><br>Case No. 08-35653 (KRH)<br><br>(Jointly Administered) |
| Engineered Structures, Inc. ("ESI")<br>Plaintiff<br><br>v.<br><br>Circuit City Stores, Inc.<br><br>Defendant | |

**REPLY BRIEF IN SUPPORT OF
MOTION TO TERMINATE AUTOMATIC STAY AND RULE 4001.2 NOTICE**

The creditor, Engineered Structures, Inc. ("ESI"), by and through its counsel of record, Seyfarth

Shaw LLP, hereby submits this Reply Brief in Support of its Motion to Terminate Automatic Stay.

1

**I.     ESI's Motion to Terminate Stay as to Store # 3745 in Santa Clarita, California and Store # 3396 in Palm Desert, California, should be Granted.**

1. Circuit City admits that on December 31, 2008, it closed and vacated store #3745 in Santa Clarita, California and store #3396 in Palm Desert California. Docket No. 1448 at ¶ 5.

2. Circuit City further asserts that it has rejected the Santa Clarita and Palm Desert leases. *Id.*

3. Circuit City does not specifically object to this Court granting ESI's Motion to Terminate Stay as to Store #3745 in Santa Clarita, California and Store #3396 in Palm Desert, California and asserts that it will work with ESI on the terms of a consensual form of order. *Id.* at ¶ 6.

4. Whether Circuit City's conduct in surrendering the above-identified properties and deeming the associated leases as "rejected" effectively terminates those leases and/or simply results in a breach is presently unclear. *See e.g.,* 11 U.S.C. § 365 (*see also McLaughlin v. Walnut Properties, Inc.*, 119 Cal.App.4th 293, 14 Cal.Rptr.3d 369 (Ct. App. 2004)). Nevertheless, based upon Circuit City's abandonment of the premises, rejection of the lease, and non-opposition to ESI's Motion, ESI respectfully requests that this Court grant its requested relief and terminate stay as to Store #3745 in Santa Clarita, California and Store #3396 in Palm Desert, California so that ESI may recover its claims against Circuit City which arose prior to commencement of the instant bankruptcy proceeding[1] by foreclosing its lien(s) without risk of violating the automatic stay.

**II.    The Court Should Terminate the Automatic Stay as to Store # 3878 in Brea, California and Store #4313 in La Habra, California Because the Balance of Hardships Weighs in**

---

[1] Although ESI's lien on the Santa Clarita and Palm Desert stores were recorded post-petition, *see* Affidavit of Rob Shockley, filed concurrently herewith ("Shockley Aff.") at Exs. "B" and "F", ESI's Mechanics' Liens relate back to commencement of its work in April, 2008 – over seven (7) months prior to the date upon which Circuit City filed its bankruptcy petition. *See* Shockley Aff., ¶¶ 3.b., 4.b.; *see also id.*, Exs. "A" and "E" (Preliminary Notices); Cal. Civ. Code § 3194; Bankr Code §§ 362(b)(3); 546(b).

**ESI's Favor.**

5.     In its Opposition to ESI's Motion to Terminate Automatic Stay, Circuit City argues it would be "significantly harmed" if the requested relief is granted but ESI will suffer "no harm (other than delay)" if the requested relief is denied. Docket No. 1448 at p. 7, ¶ 12. In support of its argument, Circuit City claims that it is currently operating stores in Brea and La Habra and that foreclosure actions may "significantly disrupt" such operations – including the possible termination of its leases. *Id.* at ¶ 13. Circuit City additionally argues that granting ESI the requested relief may jeopardize ongoing negotiations regarding lease concessions. *Id.* at pp. 7-8, ¶ 14. Finally, Circuit City claims that ESI cannot demonstrate that it will suffer "any legally cognizable harm if the Motion is denied." *Id.* at p. 8, ¶ 15. Circuit City's argument is without merit.

6.     As a preliminary matter, there is no evidence in the record that the Circuit City leases at issue include forfeiture provisions referenced in paragraph 13 of the debtor's opposition. This argument should not, therefore, be considered by the Court in balancing the potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by ESI if the requested relief is denied. Moreover, Circuit City's argument that a foreclosure action may "significantly disrupt" its businesses is also without merit. A foreclosure action is an *in rem* proceeding against the real property and would have no impact on day-to-day retail operations of Circuit City's Brea and La Habra stores. ESI would simply be asking the California court to adjudicate its lien priority and establish it as an interest which may be foreclosed.

7.     Alternatively, ESI will suffer irreparable harm if its Motion to Terminate Stay is denied *and* if the Court grants Circuit City the relief requested in its Opposition precluding ESI from

foreclosing the leasehold and ownership interests. California Code section 3144 provides, in pertinent part:

> Duration of lien . . . effect of failure to commence action. (a) No lien provided for in this chapter binds any property for a longer period of time than 90 days after the recording of the claim of lien, unless within that time an action to foreclose the lien is commenced in a proper court, . . . . (b) If the claimant fails to commence an action to foreclose the lien within the time limitation provided in this section, the lien automatically shall be null and void and of no further force and effect.

8. In order to preserve lien rights, all lien claimants must necessarily file foreclosure actions within ninety (90) days of filing their Claims of Lien. As is noted in its Motion, ESI presently has lien claims against the Brea and La Habra leasehold and ownership interests.

9. ESI must foreclose its Brea and La Habra Claims of Lien on or before February 6, 2009 and February 10, 2009, respectively. *See* Shockley Aff. at ¶¶ 5.d., 6.d.

10. While a denial of the Motion to Terminate Stay may toll the statute of limitations contemplated by California Code section 3144 with respect to Circuit City's leasehold interests in these properties, this Court does not have jurisdiction over the owners of the respective properties and Circuit City's pending bankruptcy will ***not*** toll the ninety (90) day limitation for foreclosing upon the ownership interests. *See e.g., Sawyer Nurseries v. Galardi*, 181 Cal.App.3d, 226 Cal.Rptr.502 (Ct. App. 1986) (clarifying that the tolling of the statute exists only as to property within debtor's estate). Thus, ESI would be required to file foreclosure actions against the owners of the properties and any junior lienholders but complete adjudication of the property interest cannot be accomplished without Circuit City being joined as a party.

11. If ESI is not permitted to file its foreclosure action, it will lose it lien rights. While "creditor delay" may be an unavoidable consequence of the bankruptcy process, *see*

4

Docket No. 1448 at p. 8, ¶ 15, the relief, as requested by Circuit City, would do more harm than delaying ESI's rights – it would void its statutory right to foreclose ownership interests.

12. Moreover, as noted *supra*, Circuit City is a necessary party to any foreclosure proceeding particularly where, as here, ESI is required to prove, in the foreclosure action, the amount due it under its contract(s) with Circuit City. In order to proceed in any reasonable fashion, Circuit City needs to be joined to avoid issues as to whether or not an indispensable party has been joined as a party defendant.

13. As noted herein, and contrary to Circuit City's claim to the contrary, ESI will be irreparably harmed if this Court denies ESI's Motion to Terminate Stay and enters an order precluding ESI from foreclosing its liens.

14. This Court does not have jurisdiction over FW CA-Brea Marketplace LLC/Regency Centers, LP (the reputed owner of the property for Store #3878 in Brea, California) nor does it have jurisdiction over Wells Fargo Bank, Northwest, N.A. (the reputed owner of the property for Store #4313 in La Habra, California). *See e.g.,* Shockley Aff., Exs. H, J (identifying real property owners at the Brea and La Habra Circuit City store locations). Accordingly, this Court cannot stay the tolling of the limitation period for ESI's foreclosing of its lien upon the property against these parties.

DATED this 14th day of January, 2009.

                        **SEYFARTH SHAW LLP**

                        /s/ Rhett Petcher
                        Rhett Petcher (VSB #65826)
                        Counsel for Engineered Structures, Inc.
                        SEYFARTH SHAW LLP

                                              975 F Street, N.W.
                                              Washington, D.C. 20004
                                              Telephone:  (202) 463-2400
                                              Facsimile:  (202) 828-5393
                                              Email:  rpetcher@seyfarth.com

<u>Of Counsel:</u>
Kimball Gourley
Trout Jones Gledhill Fuhrman, P.A.
225 N. 9th St., Ste 820
P.O. Box 197
Boise, ID  83701
Telephone:  (208) 331-1170
Facsimile:  (208) 331-1529
kgouley@idalaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 14th day of January, 2009, I caused the foregoing along with the supporting affidavit of Rob Shockley and all accompanying exhibits to be served upon the following:

| | |
|---|---|
| Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois  60601 | Bruce Matson, Esq.<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, Eighth Floor<br>Richmond, Virginia  23219 |
| Gregg Galardi, Esq.<br>Chris L. Dickerson, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, Delaware  19889 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia  23219 |
| Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia  23219 | Robert B. Van Arsdale, Esq.<br>Office of the US Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219 |
| David S. Berman, Esq.<br>Riemer & Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts  02108 | |

via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 975 F. Street, N.W, Washington, D.C. 20004 and to all parties via the electronic case filing system.

                *By: /s/ Rhett Petcher*
                Rhett Petcher (VSB #65826)
                SEYFARTH SHAW LLP
                975 F Street, N.W.
                Washington, D.C.  20004
                Telephone: (202) 463-2400
                Facsimile:  (202) 828-5393
                rpetcher@seyfarth.com

                *Counsel for Engineered Structures, Inc.*