| | | |
|---|---|---|
| Elizabeth Banda | A. Carter Magee, Jr., Esq. (VSB #20284) | Andrea Sheehan, Esq. |
| Yolanda Humphrey | W. Joel Charboneau, Esq. (VSB #68025) | 411 N. Central Expressway |
| Post Office Box 13430 | Magee, Foster, Goldstein & Sayers, P.C. | Dallas, Texas 75205 |
| Arlington, Texas 76094-0430 | Post Office Box 404 | (214) 521-8000 |
| (817) 461-3344 | Roanoke, Virginia 24003-0404 | (214) 521-1738 FAX |
| (817) 860-6509 FAX | (540) 343-9800 | sheehan@txschoollaw.com |
| ebanda@pbfcm.com | (540) 343-9898 FAX | Counsel for Lewisvill ISD |
| yhumphrey@pbfcm.com | cmagee@mfgs.com | |
| Counsel for Arlington ISD *et al.* | jcharboneau@mfgs.com | |
| | Local counsel for Arlington ISD *et al.* | |
| | and Lewisville ISD | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | | Chapter 11 |
| | § | |
| CIRCUIT CITY STORES, INC., et al. | | |
| | | Case No. 08-35653-KRH |
| | § | |
| | § | |
| Debtors. | | Jointly Administered |

JOINT OBJECTION OF TEXAS TAXING AUTHORITIES
TO DEBTOR'S MOTION FOR ORDERS (I) (A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS,
(B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Arlington ISD, Alief ISD, Baybrook MUD 1, Brazoria County, Brazoria County MUD #6, Burleson ISD, Carroll ISD, City of Cedar Hill, City of Hurst, City of Lake Worth, City of Wichita Falls, Clear Creek ISD, Fort Bend ISD, Fort Bend LID 2, Fort Worth ISD, Galena Park ISD, Hidalgo County & H.C. Drainage District #1, Humble ISD, Lubbock CAD, Midland County Tax Office, Potter County Tax Office, Tyler ISD, Wichita County, Wichita Falls ISD, Woodlands Metro MUD, Woodlands RUD #1, and Lewisville Independent School District (hereinafter referred to as "Claimants"),

and file their Objection to the Debtor's Motion for Orders (I) (A) Approving Procedures in Connection With Sale of all or Substantially all of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter Into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection With Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interestes and (III) Granting Related Relief (hereinafter referred to as "Sale Motion") and would show the Court the following:

I.

Claimants are political subdivisions of the State of Texas.

II.

These Tax Claimants hold secured tax claims for the 2008 tax year on business personal property and/or real property owned by the Debtors herein. Furthermore, as of January 1, 2009, liability arose and a lien attached to the property for the 2009 tax year.

These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid secured claims against the Debtors' property and are entitled to priority over other secured claims under 11 U.S.C. § 506.

III.

The laws of the State of Texas, Property Tax Code, Section 32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against these properties. These tax claims are entitled to priority as secured claims, and over other secured claims under 11 U.S.C. § 506; see also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

IV.

On December 23, 2008, this Court entered the "Final Order… Authorizing the Incurrance by the Debtors of Post-Petition Secured Indebtedness…" ("Final DIP Order"). Pursuant to the terms of that Order, Paragraph 14, "Payment from Proceeds of Collateral", a set-aside was provided for such claims as these senior secured tax claims:

"Notwithstanding the application of proceeds set forth in this paragraph 14 or any other provision of this Final Order, upon the sale outside of the ordinary course of business of any DIP Collateral that is subject to a Permitted DIP Prior Lien, proceeds from the sale of such collateral shall first be set aside in an amount equal to the sum (without double counting) of all claims (i) filed by claimants or (ii) scheduled by the Debtors (collectively, the "Identified Prior Claims") that are secured by Identified DIP Prior Liens on such collateral."

That same paragraph 14 of the Final DIP Order concludes with the following:

"Further, all rights of the Texas taxing authorities with respect to ad valorem taxes are reserved with respect to the right to object at the time of any sale hearing regarding payment of sale proceeds and with respect to the right to seek payment or segregation of sale proceeds with respect to any taxes then accrued and unpaid."

V.

Since the entry by the Court of the Final DIP Order, ad valorem taxes for the 2009 tax year have arisen by the accrual of personal liability for those taxes on January 1, 2009, (Texas Property Tax Code § 32.07), and by virtue of the attachment of the tax liens securing those 2009 taxes on January 1, 2009, (Texas Property Tax Code § 32.01).

VI.

The Sale Motion provides that liens on the property being sold will attach to the proceeds from the sale of of such property. Upon such, the proceeds will be the cash collateral of these Claimants, and they object to the use of their collateral to pay any other creditors of this estate.  Pursuant to 11 U.S.C. § 363(c)(4), absent consent by these Claimants or an order of the Court permitting use of this cash collateral,  the Debtors "shall segregate and account for any cash collateral" in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of these Claimants nor has there been notice or a hearing on the use of these Claimants' collateral.  Accordingly, absent their consent, a segregated account must be

established for these 2009 taxes, as well as for the 2008 taxes, from the sale proceeds to comply with the requirements of § 363(c)(4).

VII.

Under these circumstances it would be appropriate to segregate additional funds as adequate protection for the claims of these secured tax Claimants for the 2009 tax year. Such segregated amounts should have the liens of the Claimants attached thereto and should be immune from distribution to any other claimant apart from consent of the tax Claimants or order of this Court upon subsequent motion properly noticed to these tax Claimants.

VIII.

The Claimants request that this Court treat this objection as a written memorandum of points and authorities or waive any requirement that this objection be accompanied by a written memorandum of points and authorities.

IX.

WHEREFORE, Claimants pray that the Court deny debtors' Motion or, in the alternative, order appropriate provisions for the protection of the secured claims of these tax Claimants and further request other and such relief as is just and proper.

Respectfully submitted,

/s/ Elizabeth Banda
Elizabeth Banda
Texas State Bar Number 24012238
Perdue, Brandon, Fielder,
Collins & Mott, LLP
P.O. Box 13430
Arlington, Texas 76094
(817) 461-3344 - Phone
(817) 861-9416 - Direct Fax
ebanda@pbfcm.com – Email

ATTORNEY FOR CREDITORS ARLINGTON ISD, ALIEF ISD, BAYBROOK MUD 1, BRAZORIA COUNTY, BRAZORIA COUNTY MUD #6, BURLESON ISD, CARROLL ISD, CITY OF CEDAR HILL, CITY OF HURST, CITY OF LAKE WORTH, CITY OF WICHITA FALLS, CLEAR CREEK

ISD, FORT BEND ISD, FORT BEND LID 2, FORT WORTH ISD, GALENA PARK ISD, HIDALGO COUNTY & H.C. DRAINAGE DISTRICT #1, HUMBLE ISD, LUBBUCK CAD, MIDLAND COUNTY TAX OFFICE, POTTER COUNTY TAX OFFICE, TYLER ISD, WICHITA COUNTY, WICHITA FALLS ISD, WOODLANDS METRO MUD, AND WOODLANDS RUD #1

/s/ Andrea Sheehan_____
Andrea Sheehan
Texas State Bar No. 24002935
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX  75205
(214) 521-8000
(214) 521-1738  Facsimile
sheehan@txschoollaw.com

ATTORNEY FOR CREDITOR LEWISVILLE INDEPENDENT SCHOOL DISTRICT

By: /s/ W. Joel Charboneau
A. Carter Magee, Jr.
W. Joel Charboneau
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
(540) 343-9800
(540) 343-9898
cmagee@mfgs.com
jcharboneau@mfgs.com
Local counsel for Arlington ISD *et al.* and Lewisville ISD

## CERTIFICATE OF SERVICE

I certify that on January 15, 2009, I served copies of the above Objection to the Sale Motion by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures).

By: /s/ W. Joel Charboneau

U:\A CLIENTS\Arlington ISD, et al. 9298\Arlington ISD et al\Objection to Sale Motion\Circuit City Sale Obj final.doc