WAYNE R. TERRY - STATE BAR NO. 134685
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436-2829
(818) 501-3800 telephone
(818) 501-2985 facsimile

Attorneys for
M & M Berman Enterprises



## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION

| | |
|---|---|
| In Re: ) | Case No. 08-35653-KRH |
| ) | |
| CIRCUIT CITY STORES, INC., ) | Chapter 11 |
| ) | |
| ) | **NOTICE OF CURE AMOUNTS** |
| Debtor. ) | **KNOWN TO LESSOR M&M BERMAN** |
| ) | **ENTERPRISES (STORE NOS. 1602 and** |
| ) | **4510) AND DEMAND FOR CURE OF** |
| ) | **KNOWN AND UNKNOWN LEASE** |
| ) | **DEFAULTS AS A CONDITION OF** |
| ) | **ANY PURPORTED ASSUMPTION** |
| ) | |
| ) | Hearing Date: January 16, 2009 |
| ) | Hearing Time: 10:00 a.m. |
| ) | |
| _____ ) | |

M&M Berman Enterprises ("Lessor") hereby submits its NOTICE OF CURE

AMOUNTS KNOWN TO LESSOR M&M BERMAN ENTERPRISES (STORE NOS. 1602 and

4510) AND DEMAND FOR CURE OF KNOWN AND UNKNOWN LEASE DEFAULTS AS

A CONDITION OF ANY PURPORTED ASSUMPTION ("Cure Notice") in connection with the

1

**ORIGINAL**

proposed sale of assets of the debtors herein (collectively, "Debtor"), and any purported assumption and assignment of Lessor's leases, and respectfully represents as follows:

1.  Lessor leases two parcels of commercial real property to Debtor, a Circuit City store designated No. 4510 by the Debtor in Lubbock, Texas ("Lubbock Property") and a Circuit City store designated No. 1602 by the Debtor in Tyler, Texas ("Tyler Property"). The Leases each were entered into in 1995, with an initial term through February, 2017. The leases are ordinary, triple-net commercial leases, obliging the Debtor to pay Base and Additional Rent, taxes, maintenance, insurance and the like. True and correct copies of the Leases are attached as Exhibits "A" and "B."

2.  Monthly Base Rent on the Lubbock Property is $30,973.75 for the initial term under the applicable Lease. See attachment B to Exhibit "A." Monthly Base Rent on the Tyler Property is $19,195 for the initial term under the applicable Lease. See attachment B to Exhibit "B."

3.  Pursuant to 11 USC §365(b), Lessor as a condition of assumption or assignment of its leases is entitled to cure and compensation, as well as adequate assurance of future performance.

4.  Although a list of leases to be assumed by the Debtor supposedly was to be made available to creditors as of January 7, 2008, no such list was in fact shared with Lessor or other

2

parties in interest. As of the date of this pleading, Lessor has been provided no information regarding (i) whether Debtor intends to assume either or both of the Leases; (ii) adequate assurance of the performance of the Leases by any purported assignee; or (iii) any information whatsoever regarding Debtor's contentions as to cure. Because of the extraordinarily truncated time frames afforded to parties in connection with Debtor's proposed "auctions," Lessor is compelled to make this filing as a protective measure.

5. <u>Rent Defaults</u>. Base Rent defaults under the Lubbock Property Lease equal not less than $41,195.09 for October and a portion of November, 2008. Base Rent defaults under the Tyler Property Lease equal not less than $25,529.35 for October and a portion of November, 2008. Lessor is unable to calculate Additional Rent owing under the Leases, since Debtor is in possession of the records from which the payment would be calculated, and has not shared its information with Lessor. Lessor reserves its right to have and receive Additional Rent to the extent any Additional Rent is now, or later becomes, owed, and to audit the records of Debtor and any purported assignee for purposes of calculating same.

6. <u>Tax Defaults</u>. Taxes are owed but unpaid by Debtor with respect to the Lubbock Property in an amount not less than $43,926.34, with additional penalties arising in February and thereafter if the taxes are not paid in January, 2009. See the "2008 Tax Statement" generated by the Lubbock Central Appraisal District, provided to Lessor by the Debtor with the false assertion that Lessor is liable to pay the taxes, attached as Exhibit "C." Lessor has been unable to determine the amount of unpaid tax liability for the Tyler Property in the amount of time allotted

for submission of cure materials in these bankruptcy cases. Debtor has not shared information from its records regarding payment or default of tax liabilities in this regard. However, assuming that Debtor failed to pay the taxes for a similar period, and based on the calculation applied by the Texas taxing authorities, Lessor estimates unpaid tax liability on the Tyler Property at not less than $27,064.95.

7.	Insurance Defaults. Pursuant to the Leases, Debtor is obliged to obtain and maintain appropriate insurance in connection with its lease of the properties. Lessor has no means of ascertaining whether Debtor has in fact made the required premium payments; or whether there are claims otherwise compensable by insurance which have arisen and may go unpaid in the event appropriate insurance has been permitted to lapse. Lessor reserves its right to have reimbursement for insurance premiums it may be required to advance, and to have indemnification and reimbursement under the Leases for uninsured claims against Debtor as to which no disclosure has been made to Lessor, and as to which any entity asserts lessor's liability.

8.	Maintenance. Pursuant to the Leases, Debtor is obliged to maintain the properties, and to make payments *inter alia* for common area and maintenance fees for the retail complexes in which the stores are located. Again, there has been no opportunity for Lessor to discover what maintenance expenditures may be in default, and Debtor has not shared its records in regard to maintenance expenditures with Lessor. Lessor reserves its right to compel payment of maintenance expenditures, and to have indemnification and reimbursement under the Leases for maintenance claims against Debtor as to which no disclosure has been made to Lessor.

9.  <u>Minimum Cure, Lubbock Property</u>.  Based on the information available to Lessor, **total cure amounts as to the Lubbock Property equal not less than $85,121.43** as set forth hereinabove, and such amount may be higher as a result of tax, maintenance, insurance, Additional Rent, attorneys fees, damages to the premises, and other triple net or similar claims existing but unknown to the Lessor.  Lessor demands as a condition of any assignment that the cure amount be paid in full immediately, and that the assignee acknowledge its responsibilities for the other enumerated potential claims according to the terms of the Lease.

10. <u>Minimum Cure, Tyler Property</u>.  Based on the information available to Lessor, **total known cure amounts as to the Tyler Property equal not less than $52,954.30** as set forth hereinabove, and such amount may be higher as a result of tax, maintenance, insurance, Additional Rent, attorneys fees, damages to the premises, and other triple net or similar claims existing but unknown to the Lessor.  Lessor demands as a condition of any assignment that the cure amount be paid in full immediately, and that the assignee acknowledge its responsibilities for the other enumerated potential claims according to the terms of the Lease.

Dated: January 12, 2009

HEMAR, ROUSSO & HEALD, LLP

By: _____
WAYNE R. TERRY
Attorneys for Creditor,
M and M BERMAN ENTERPRISES