**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| *In re:* | Chapter 11 |
| Circuit City Stores, Inc. *et al.,* | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

## STATEMENT OF CURE AMOUNTS OF AT&T AND ITS AFFILIATES

AT&T Corp. ("AT&T"), SBC Global Services, Inc ("SBC"), SBC Long Distance, LLC. ("SLD"), BellSouth Telecommunications, Inc. d/b/a AT&T Southeast ("Bellsouth"), AT&T Capital Services, Inc. ("AT&T Capital") and Sterling Commerce, Inc. ("Sterling", and collectively with AT&T, SBC, SLD, Bellsouth, and AT&T Capital, the "AT&T Entities"), hereby submit this statement (the "Statement") of amounts necessary to cure defaults under each of their contracts and leases that may be assumed and assigned to the successful purchaser (the "Purchaser"), and respectfully state as follows:

### BACKGROUND

1. On November 10, 2008, (the "Petition Date"), Circuit City Stores, Inc., along with certain affiliated entities, (collectively, the "Debtors"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. Prior to the Petition Date, certain of the AT&T Entities provided telecommunications and related services to the Debtors pursuant to various agreements (the "Telecom Agreements") between the Debtors and those AT&T Entities.

4. Prior to the Petition Date, AT&T Capital, a wholly-owned subsidiary of AT&T Inc., leased certain equipment and provided maintenance to the Debtors for its call center(s) pursuant to a certain Master Lease Agreement (the "AT&T Capital Lease") between the Debtors and AT&T Capital dated August 4, 2008.

5. In addition, prior to the Petition Date, Sterling, a wholly-owned subsidiary of AT&T Inc., provided onsite and offsite technical support to the Debtors pursuant to a certain Statement of Work (the "Sterling SOW") between the Debtors and Sterling dated September 28, 2007.

6. AT&T, SBC, SLD and Bellsouth filed various pre-petition claims against the Debtors' estates, in the aggregate amount of $312,130.64 (the "Telecom Prepetition Amount") arising from the services provided by these AT&T Entities to the Debtors.

7. Sterling is owed $171,172.00 (the "Sterling Prepetition Amount") for pre-petition services rendered to the Debtors that remain unpaid. Sterling will be filing a proof of claim prior to the claims bar date established in the Debtors' cases.

8. The AT&T Entities are continuing to provide services to the Debtors.

9. The Debtors currently owe the AT&T Entities the aggregate sum of approximately $282,926.45 (the "Outstanding Post-Petition Charges") on account of post-petition services provided by the AT&T Entities to one or more of the Debtors.

10. On January 9, 2009, the Bankruptcy Court entered an Order (I) approving procedures in connection with a sale of all or substantially all of the business, (II) authorizing the Debtors to enter into Stalking Horse or financing agreements in connection with Going Concern

Transactions and Stalking Horse Agreements in connection with Store Closing or Miscellaneous Asset Sales and, (III) approving the Debtors' payment of one or more Termination Fees in connection therewith, (IV) scheduling Auction and Hearing Dates and (V) granting related relief (the "Sale Procedures Order").

11.  Pursuant to the Sale Procedures Order, any party to a contract or lease subject to the Potential Purchaser Notice[1] may, but is not required, to file a statement prior to the Hearing setting forth the amount necessary under Bankruptcy Code sections 365(b)(l)(A) and (B) and 365(f)(2)(A) to cure all defaults and pay all actual pecuniary losses under the Contracts and Leases Contracts.

## CURE AMOUNTS OWED BY ENTITY

12.  AT&T Corp.:  AT&T is owed $203,718.97 for prepetition services provided to the Debtors, as referenced in its proof of claim no. 1685 on the official claims register in these cases.  Therefore, the amount necessary to cure defaults relative to AT&T's contract(s) is $203,718.97.

13.  BellSouth Telecommunications, Inc. d/b/a AT&T Southeast:  Bellsouth is owed $24,335.16 for prepetition services provided to the Debtors, as referenced in its proof of claim no. 1947 on the official claims register in these cases.  In addition, Bellsouth is owed $44,179.16 for post-petition amounts that remain unpaid.  Therefore, the amount necessary to cure defaults relative to Bellsouth's contract(s) is $68,514.32.

14.  SBC Global Services, Inc.:  SBC is owed $84,030.22 for pre-petition services provided to the Debtors, as referenced in its proof of claim no. 1434 on the official claims register in these cases.  In addition, SBC is owed $11,687.11 for post-petition amounts that

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Procedures Order.

remain unpaid. Therefore, the amount necessary to cure defaults relative to SBC's contract(s) is $95,717.33.

15. <u>SBC Long Distance, LLC.</u>: SLD is owed $46.29 in pre-petition services provided to the Debtors, as referenced in its proof of claim no. 1681 on the official claims register in these cases. Therefore, the amount necessary to cure defaults pursuant to SLD's contract(s) is $46.29.

16. <u>AT&T Capital Services, Inc.</u>: AT&T Capital is owed $44,123.00 for post-petition amounts that remain unpaid. Therefore, the amount necessary to cure defaults pursuant to the AT&T Capital Lease is $44,123.00.

17. <u>Sterling Commerce, Inc.</u>: Sterling is owed $171,172.00 for pre-petition services provided to the Debtors. In addition, Sterling is owed $182,937.18 for post-petition amounts that remain unpaid. Therefore, the amount necessary to cure defaults pursuant to the Sterling SOW is $354,109.18.

**WHEREFORE,** the AT&T Entities respectfully request that the Bankruptcy Court (i) set the cure amounts under the Telecom Agreements, the AT&T Capital Lease and the Sterling SOW at the amounts set forth above (which include the Telecom Prepetition Amount, the Sterling Pre-Petition Amount and the Outstanding Post-Petition Charges owed to the AT&T Entities)[2], (ii) require the Debtors to cure all defaults under the Telecom Agreements, the AT&T

---

[2] The cure amounts set forth in this Statement are calculated as of the date of this Statement. The AT&T Entities reserve any and all rights, including, but not limited to, the right to amend the cure amounts set forth herein to include any additional amounts. The Telecom Agreements, the AT&T Capital Lease, and the Sterling SOW under which the cure amounts arise are proprietary and will be provided to the Debtors upon appropriate request.

Capital Lease and the Sterling SOW, (iii) require the Debtors/Purchaser to provide the AT&T Entities with Adequate Assurance of future performance and (iv) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 15, 2009            By:            /s/            
Julie Quagliano (VSB # 37119)
Local Counsel for AT&T
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 822-8838
Fax:    (202) 822-6982
Email: quagliano@quagseeg.com

AND

**LOWENSTEIN SANDLER PC**
Vincent A. D'Agostino, Esq. (VAD 0120)
Eric H. Horn, Esq. (EHH-2020)
Joseph M. Yar (JMY-2477)
65 Livingston Avenue
Roseland, New Jersey  07068-1791
Telephone: (973) 597-2500
Facsimile:  (973) 597-2400
Email: vdagostino@lowenstein.com
Email: ehorn@lowenstein.com
Email: jyar@lowenstein.com
*Counsel for the AT&T Entities*

12459/1344 01/15/2009 10633786.2