Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :    Chapter 11
In re:                        :
                              :    Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,    :
et al.,                       :    Jointly Administered
                              :
        Debtors.              :
- - - - - - - - - - - - - - - x

**AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF KING & SPALDING LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

STATE OF Georgia         )
                         ) ss:
COUNTY OF Fulton         )

Michael J. Egan, being duly sworn, deposes and says:

i) I am a partner of the firm King & Spalding LLP (the "Firm"), which has been employed by

1

the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] in the ordinary course of their business.  The Debtors wish to retain the Firm to continue providing such ordinary-course services during their chapter 11 cases.  This Affidavit is submitted in compliance with the Order Granting Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105(A), 327, 330 And 331 Authorizing Debtors To Employ Professionals Utilized In The Ordinary Course Of Business (the "OCB Professionals Order").

1. There are more than 2,000 creditors and parties in interest in the Debtors' current chapter 11 bankruptcy cases.  I anticipate that a review of the Firm's client database with regard to all of the Debtors' creditors and parties in interest would disclose that the Firm previously represented and/or

---

[1] The Debtors are the following entities: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp., Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC.

2

currently represents one or more such creditors or parties in interest or one or more of their respective parent companies, subsidiaries, or affiliates.  To the best of my knowledge, information and belief, after what I believe to be an appropriate inquiry, any and all such other representation(s) of a creditor or party in interest, or one or more of their respective parent companies, subsidiaries or affiliates, was or is in connection with matters wholly unrelated to the Debtors, their current chapter 11 bankruptcy cases, or the matters on which the Firm is to be employed pursuant to the OCB Professionals Order, except as set forth hereinafter:

> (a) The Firm represents Mitsubishi Electric & Electronics USA, Inc., and Mitsubishi Digital Electronics America, Inc., (collectively, "Mitsubishi"), as creditors and parties in interest in the bankruptcy case.
>
> (b) The Firm represents KPMG, LLP, in its role as independent auditors and tax consultants for the Debtors.

The Debtors provided the Firm a conflicts waiver to facilitate representations by the Firm of creditors and parties in interest in these bankruptcy cases.  That

conflicts waiver (the "Conflicts Waiver") is evidenced by that certain letter dated November 24, 2008, by and between Reginald D. Hedgebeth, Esq., Senior Vice President, General Counsel and Secretary, Circuit City Stores, Inc., and James A. Pardo, Jr., Partner, King & Spalding LLP. A copy of the Conflicts Waiver is attached hereto as Exhibit A.

    2.    The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which it is to be retained.

    3.    In the past, the Firm has represented the Debtors regarding general corporate matters and general litigation matters, including accounting and reporting issues. In the year 2008, the Firm principally represented the Debtors in intellectual property related matters, including matters related to United States and international trademark searches and clearance, prosecution matters, oppositions, and litigation matters.

4. In addition, the Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the OCB Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, as such rates may change from time to time, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard rates are:

Jill McWhirter, Partner -- Standard Rate of $605 per hour; Bryan Adams, Associate -- Standard Rate of $390 per hour; and Christina Duval, Paralegal -- Standard Rate of $215 per hour.

5. The rates set forth above are subject to periodic adjustments to reflect economic and other

5

conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The Firm will include on its statements separate charges for, among other things, foreign associate fees and U.S. Patent & Trademark Office fees, photocopying, messenger and delivery service, computerized research, travel, long-distance telephone and telecopy, word processing, and search and filing fees, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

6. Except as provided in the OCB Professionals Order, no representations or promises have been received by the Firm nor by any member, counsel, or associate thereof as to compensation in connection with

6

these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of King & Spalding LLP as a Professional Utilized in the Ordinary Course of Business.

_____
Michael J. Egan
Partner
King & Spalding LLP
1180 Peachtree St., N.E.
Atlanta, GA 30309-3521

Sworn to before me this 15 day of January, 2009.

_____
Notary Public
My Commission Expires: _____

[Notary Seal: CYNTHIA POPE KOCH, NOTARY PUBLIC, FAYETTE COUNTY, GEORGIA, EXPIRES FEB. 6, 2012]

**EXHIBIT A**
Conflicts Waiver

# KING & SPALDING

KING & SPALDING LLP
1180 PEACHTREE STREET N.E.
ATLANTA, GEORGIA 30309-3521
WWW.KSLAW.COM

JAMES A. PARDO, JR.
DIRECT DIAL: (404) 572-4794
DIRECT FAX: (404) 572-5129
JPARDO@KSLAW.COM

November 24, 2008

VIA EMAIL - reggie_hedgebeth@circuitcity.com

Reginald D. Hedgebeth, Esq.
Senior Vice President, General Counsel and Secretary
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, Virginia 23233-1464

Re:    Conflicts Waiver

Dear Reggie:

This will confirm your recent exchange of voice mail messages with Mike Egan regarding the waiver of potential conflicts arising from King & Spalding's representation of creditors and parties in interest in the Chapter 11 bankruptcy cases of Circuit City Stores, Inc. and its affiliates (collectively, "Circuit City"), which are pending and being jointly administered in the United States Bankruptcy Court for the Eastern District of Virginia (collectively, the "Bankruptcy Case").

King & Spalding currently represents Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronics America, Inc. (collectively "Mitsubishi") as creditors and parties in interest in the Bankruptcy Case. King & Spalding anticipates that other of our existing or future clients (the "Additional Clients") will ask that the firm also represent them as creditors or parties in interest in the Bankruptcy Case.

We have disclosed to Mitsubishi that (a) King & Spalding represented Circuit City on certain matters at the time of the filing of the Bankruptcy Case (the "Petition-Date Representations"); (b) each of the Petition-Date Representations was and is unrelated to Mitsubishi, its business relationship with Circuit City, and King & Spalding's representation of Mitsubishi in the Bankruptcy Case (the "Bankruptcy Case Representation"); (c) it is possible that Circuit City will ask King & Spalding to continue some or all of those Petition-Date Representations; (d) it also is possible that Circuit City will ask King & Spalding to represent Circuit City in connection with other additional post-petition matters (the "Post-Petition Representations" and, together with the Petition-Date Representations, the "Circuit City Representations"); and (e) as was and is the case with the Petition-Date Representations, each of the Post-Petition Representations will be unrelated to Mitsubishi, its business relationship with Circuit City, and the Bankruptcy Case Representation.

Mitsubishi has provided King & Spalding with a written conflicts waiver and consent to permit the firm to represent it and any Additional Clients as creditors and parties in interest in the Bankruptcy Case and to represent Circuit City in connection with any unrelated Circuit City Representations.

Reginald D. Hedgebeth, Esq.
Senior Vice President, General Counsel and Secretary
Circuit City Stores, Inc.
November 24, 2008
Page 2

    King & Spalding would make similar disclosures to, and obtain similar conflicts waivers and consents from, each Additional Client as a condition to the firm's representation of that Additional Client as a creditor and party in interest in the Bankruptcy Case.

    This will confirm that Circuit City consents to King & Spalding's representation of Mitsubishi and of the Additional Clients as creditors and parties in interest in the Bankruptcy Case and waives any conflict that might exist or be alleged to exist as a result of such representations and King & Spalding's prior and possible future representation of Circuit City in connection with the unrelated Circuit City Representations.

    This will further confirm that nothing in this letter waives King & Spalding's duty of confidentiality in connection with the firm's representation of Circuit City in the unrelated Circuit City Representations. Obviously, the firm will continue to safeguard all material, non-public, confidential information that it has obtained in the past or may obtain in the future during our representation of Circuit City on such unrelated matters.

    Finally, this also will confirm that (a) attorneys who perform or have performed services on behalf of Circuit City will not assist in the Bankruptcy Case Representation of Mitsubishi or any other Additional Client and (b) an "information wall" be established between the attorneys representing Mitsubishi and any other Additional Client on those Bankruptcy Case Representations and the attorneys who have in the past performed, or may in the future perform, services for Circuit City in connection with the unrelated Circuit City Representations.

    We would appreciate your signing this letter in the space provided below to signify Circuit City's agreement with these matters. Please return a copy of the fully executed letter to me for my files. If you have any questions, or wish to discuss the matter further, please do not hesitate to call. We appreciate your cooperation in this matter.

Very truly yours,

*[signature: Jim Pardo]*

James A. Pardo, Jr.

UNDERSTOOD AND AGREED TO
on behalf of Circuit City Stores, Inc. and its
affiliated Debtors and Debtors-in-Possession

By: _[signature]_
Title: SVP, General Counsel + Secy