**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040
Kevin M. Newman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:   (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.,
EklecCo NewCo, LLC and Fingerlakes Crossing, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------
In re:

   CIRCUIT CITY STORES, INC., *et al.*   Case No. 08-35653-KRH
                                                   Jointly Administered
                      Debtors.   Chapter 11 Proceedings
------------------------------------------------------------------

**OBJECTION TO MOTION AND NOTICE OF HEARING ON DEBTORS'
MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 363 AND 364 (I)(A) APPROVING PROCEDURES IN
CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF
THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR
THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO
STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION
WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE
AGREEMENTS IN CONNECTION WITH STORE CLOSING AND
MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT
OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D)
SETTING AUCTION AN DHEAIRNG DATES, (II) APPROVING SALE
OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS
<u>AND (III) GRANTING RELATED RELIEF</u>**

Carousel Center Company, L.P., EklecCo NewCo, LLC and Fingerlakes Crossing, LLC (the "Objecting Landlords"), by and through their attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submit this Objection to the above-referenced motion (the "Motion) and state as follows:

### Background

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords lease nonresidential real property to one of the Debtors under unexpired leases (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Carousel Center Company, L.P. | Carousel Center | Syracuse, NY |
| EklecCo NewCo, LLC | Palisades Center | West Nyack, NY |
| Fingerlakes Crossing, LLC | Fingerlakes Crossing Shopping Center | Auburn, NY |

(collectively, the "Premises").

4. The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 25, 2008, the Debtors filed the Motion seeking to establish: (i) bidding and auction procedures for the sale of unexpired leases of nonresidential real property; (ii) setting a date for a sale hearing (the "Sale Hearing") and (iii) authorizing and approving: (a) the sale of certain leases free and clear of liens, claims encumbrances, (b) assumption and assignment of certain leases and (c) lease rejection procedures.

6. On January 9, 2009, this Court entered an Order approving the proposed bidding and auction procedures. The Order required that the Debtors post the Potential Purchaser Notice (the "Notice") notifying the Objecting Landlords if the Leases were included in any proposed sale. The Debtors posted the Notice on January 12, 2009. None of the Leases are included in the Notice.

7. Upon information and belief, the auction has not concluded. The hearing to approve any sales is scheduled for January 16, 2009 at 10 a.m. At this point, the Objecting Landlords do not know what relief the Debtors will be seeking at the hearing.

## Objection

*Lease Dispositions*

8. "Some form of hearing is required before an individual is finally deprived of a property interest," and the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). *See In re Nextwave Personal Communications, Inc.*, 244 B.R. 253, 264 (Bankr. S.D.N.Y. 2000) ("The Bankruptcy Code also requires, as an element of basic fairness and due process, notice, a hearing and court approval before actions impacting vital interests may be taken").

9. The Objecting Landlords are entitled to sufficient time to review all details regarding any proposed disposition of the Leases and reserve their rights to object to same on any grounds.

*Potential Store Closing Sales*

10. At the conclusion of the auction, it is anticipated that the Debtors will conduct store closing sales ("GOB Sales") at the Premises. If the Debtors wish to conduct the GOB Sales in accordance with the "Circuit City Sale Guidelines" (the "Guidelines") filed earlier in their cases, the Objecting Landlords request that the following modifications or amendments made to the Guidelines for any GOB Sales conducted at the Premises:

- The stores should be open during the normal hours of operation provided in the Leases;
- There should be no extension banners or other exterior signage;
- There should be no augmentation of the merchandise to be sold at the Premises;
- There should be no auctions at the store;
- There should be a prohibition on any solicitation of customers (whether in writing or not) outside of the Premises;
- There should be no sign walkers, A-Frames, sandwich boards or street signage. No sign walkers should be used on mall property, immediately adjacent streets, or ring roads;
- There should be no more than one sign in any front window of the store and the signs may not take up more than 50% of the window space;
- Any signs placed in a store's front window must be set back at least one foot;
- Only one interior banner no larger than 3' x 6' may be hung. The interior banner

      may only be hung in the rear third of the store;

- Total additional in-store signage must be limited to four 24" x 36" signs per 1,000 square feet of store floor area;

- The Guidelines should specify that no interior or exterior balloons are permitted; and

- The Debtors and their agent must be required to repair any damage caused by the placement of any signage.

*Reservation of Rights*

11. The Objecting Landlords reserve their right to raise any objections with respect to the Leases and other matters in these cases.

*Joinder in Other Objections*

12. The Objecting Landlords join in objections filed by other landlords to the Motion to the extent not inconsistent with this Objection.

**WHEREFORE**, Carousel Center Company, L.P., EklecCo NewCo, LLC and Fingerlakes Crossing, LLC respectfully request for an Order denying the Motion and granting the Objecting Landlords such other and further relief as the Court deems just and proper.

Dated: January 15, 2009        **CHRISTIAN & BARTON, L.L.P.**

                              /s/ Augustus C. Epps, Jr.
                              Augustus C. Epps, Jr., Esquire (VSB 13254)
                              Michael D. Mueller, Esquire (VSB 38216)
                              Jennifer M. McLemore, Esquire (VSB 47164)
                              909 East Main Street, Suite 1200
                              Richmond, Virginia 23219
                              Telephone: (804) 697-4100
                              Facsimile: (804) 697-411

                              -AND-

        Kevin M. Newman, Esq. (KMN-1451)
        **MENTER, RUDIN & TRIVELPIECE, P.C.**
        Office and Post Office Address
        308 Maltbie Street, Suite 200
        Syracuse, New York 13204-1498
        Telephone:   (315) 474-7541
        Facsimile:    (315) 474-4040

        *Local Counsel and Counsel, respectively, for Carousel Center Company, L.P., EklecCo NewCo, LLC and Fingerlakes Crossing, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 15, 2009, I caused a copy of the Objection to Proposed Cure Amount to be served by electronic means or by first class mail, postage prepaid, to the persons required to be served pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures entered in this case.

      /s/ Augustus C. Epps, Jr.
      Augustus C. Epps, jr.