**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Case No.: 08-35653 |
| | ) | |

**LIMITED OBJECTION OF HENRICO COUNTY, VIRGINIA TO DEBTORS' MOTION FOR ORDERS APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND GRANTING RELATED RELIEF**

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES the County of Henrico, Virginia (hereinafter referred to as "Claimant"), and files its Limited Objection to the Debtors' Motion for Orders Approving Sale of Debtors' Assets Free and Clear of All Interests and Granting Related Relief, (hereinafter referred to as "Sale Motion") and would show the Court the following:

**I.**

Claimant is a political subdivisions of the Commonwealth of Virginia.

**II.**

Claimant holds secured tax claims for the 2008 tax year on business personal property and real property owned by the Debtors herein. Claimant also holds secured utility service claims on real property owned by the Debtors herein. Furthermore, as of January 1, 2009, liability arose and a lien attached to the property for the 2009 tax year.

Rhysa Griffith South, VSB 25944
P. O. Box 90775
Henrico, VA  23273-0775
Phone:  (804) 501-5091
*Counsel for Henrico County, Virginia*

These property taxes were duly assessed and the utility charges duly attached in accordance with the laws of the Commonwealth of Virginia and constitute valid secured claims against the Debtors' property entitled to priority over other secured claims under 11 U.S.C. § 506.

### III.

Pursuant to Virginia Code §§ 58.1-3340, 58.1-3941, *et seq.* and 15.2-2118 *et seq.* the tax liens securing the property taxes and the utility liens securing the utility service debts enjoy superiority over the lien of any other claim or lien against these properties. These claims are entitled to priority as secured claims, and over other secured claims under 11 U.S.C. Section 506.

### IV.

On December 23, 2008, this Court entered the "Final Order… Authorizing the Incurrance by the Debtors of Post-Petition Secured Indebtedness…" ("Final DIP Order").  Pursuant to the terms of that Order, Paragraph 14, "Payment from Proceeds of Collateral," a set-aside was provided for such claims as these senior secured tax claims:

> "Notwithstanding the application of proceeds set forth in this paragraph 14 or any other provision of this Final Order, upon the sale outside of the ordinary course of business of any DIP Collateral that is subject to a Permitted DIP Prior Lien, proceeds from the sale of such collateral shall first be set aside in an amount equal to the sum (without double counting) of all claims (i) filed by claimants or (ii) scheduled by the Debtors (collectively, the "Identified Prior Claims") that are secured by Identified DIP Prior Liens on such collateral."

### V.

Since the entry by the Court of the Final DIP Order, ad valorem taxes for the 2009 tax year have arisen by the accrual of personal liability for those taxes on January 1, 2009, (Virginia Code §§ 58.1-3515, 58.1-3281), and by virtue of the attachment of the tax liens securing those 2009 taxes on January 1, 2009, (Virginia Code §§ 58.1-3340, 58.1-3941,

58.1-3942).  These taxes constitute secured administrative expenses against the estate, for which no request for payment need be filed.  11 U.S.C. §§ (b)(1)(B), (C), and (D).

## VI.

The Sale Motion provides that liens on the property being sold will attach to the proceeds from the sale of of such property. Upon sale, part of the proceeds will be the cash collateral of this Claimant, and it objects to the use of its collateral to pay any other creditors of this estate.  Pursuant to 11 U.S.C. § 363(c) (4), absent consent by this Claimant or an order of the Court permitting use of this cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of this Claimant nor has there been notice or a hearing on the use of this Claimant's collateral.  Accordingly, absent its consent, a segregated account must be established for the 2009 taxes, as well as for the 2008 taxes and the secured utility liens, from the sale proceeds to comply with the requirements of § 363(c)(4).

## VII.

Under these circumstances it would be appropriate to segregate additional funds as adequate protection for the claims of this secured Claimant for the 2009 tax year.  Such segregated amounts should have the liens of the Claimant attached thereto and should be immune from distribution to any other claimant apart from consent of the Claimant or order of this Court upon subsequent motion properly noticed to this tax Claimant.

## VIII.

WHEREFORE, Claimant prays that the Court deny Debtors' Sale Motion or, in the alternative, order appropriate provisions for the protection of the secured claims of this Claimant and further requests other and such relief as is just and proper.

Dated:  January 15, 2009

Respectfully Submitted,

**County of Henrico, Virginia**
By:/s/ Rhysa Griffith South
Rhysa Griffith South (VSB #25944)
Assistant Henrico County Attorney
Office of County Attorney
County of Henrico
P.O. Box 90775
Henrico, Virginia 23273-0775
Telephone: (804) 501-5091
Facsimile:  (804) 501-4140


## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of the above Limited Objection to the Debtors'

Sale Motion to the following parties via electronic means and to all other parties

electronically to the court via the CM/ECF system on the 15th day of January, 2009:


Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP.
P.O. Box 636
Wilmington, Delaware 19899-0636
Gregg.galardi@skadden.com
Ian.fredericks@skadden.com

Douglas M. Foley, Esquire
Dion W. Hayes, Esquire
McGuireWoods, LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
dhayes@mcguirewoods.com
dfoley@mcguirewoods.com

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
ltavenner@tb-lawfirm.com
pberan@tb-lawfirm.com

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.b.van.arsdale@usdoj.gov


/s/ Rhysa Griffith South
Rhysa Griffith South (VSB #25944)