UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**OBJECTION OF BUSINESS OBJECTS AMERICAS TO DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF**

Business Objects Americas ("Business Objects"), by and through its undersigned counsel, opposes the relief sought in the Debtors' Motion For Orders Pursuant To Bankruptcy Code Sections 105, 363 And 364 (I)(A) Approving Procedures In Connection With Sale Of All Or Substantially All Of The Business Or Additional Post-Petition Financing For The Business, (B) Authorizing Debtors To Enter Into Stalking Horse Or Financing Agreements In Connection

---

Richard E. Hagerty
VSB No. 47673
*Attorney for Business Objects Americas*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
703-734-4326
703-448-6520 (fax)

With Going Concern Transactions Or Stalking Horse Agreements In Connection With Store Closing And Miscellaneous Asset Sales, (C) Approving The Payment Of Termination Fees In Connection Therewith, And (D) Setting Auction And Hearing Dates, (II) Approving Sale Of Debtors' Assets Free And Clear Of All Interests And (III) Granting Related Relief (the "Sale Motion"), and says:

**Background**

1. On or about January, 9 2009, the Debtors filed the Sale Motion.

2. On that same date, this Court approved the various auction and related procedures in connection with the Sale Motion and subsequently entered an order to that respect on January 12, 2009 (the "Sale Procedures Order").

3. Paragraph 5 of the Sales Procedures Order provides in part:

> On or before 7:00 p.m. (ET) on January 12, 2009, the Debtors shall post the Potential Purchaser Notice substantially in the form attached hereto as Exhibit B that includes a list of those Contracts and Leases sought to be assumed and assigned pursuant to a Going Concern Transactions or Store Closing or Miscellaneous Asset Sale on the website for the Debtors' claims and noticing agent, www.kccllc.net/circuitcity.

4. During the evening on January 12, the Debtors posted the Potential Purchase Notice on the website of its noticing agent. However, Schedule A of said notice only identified six (6) leases and potential bidders and no executory contracts were identified in connection with the Sale Motion.

5. In a footnote to the Potential Purchaser Notice, the Debtors stated that "[t]he Debtors are continuing discussions with interest parties and Schedule A may be supplemented." As of the filing of this objection, there has been no supplementation to the Potential Purchaser

2

Notice or any other notices indicating the Debtors are seeking to assume and assign any executory contracts in connection with the auctions.

**License Agreement between Business Objects
and Circuit City Stores, Inc.**

6. On or about July 30, 2001, Circuit City Stores, Inc. ("Circuit City") and Firstlogic, Inc., a predecessor in interest to Business Objects, entered into a certain agreement entitled "Firstlogic License Agreement." That agreement and any related agreements, schedules, appendices, statements of work and amendments are referred to as the "License Agreement."

7. Pursuant to the terms and conditions of the License Agreement, Circuit City was granted a non-exclusive license which included the right to use certain software (the "Software").

8. No rights of ownership in the Software were transferred to Circuit City or its affiliates under the License Agreement. Business Objects retains ownership of the Software. See In re Patient Education Media, Inc., 210 B.R. 237, 240 (Bankr. S.D.N.Y. 1997).

9. The License Agreement is an executory contract subject to the provisions of Section 365 of the Bankruptcy Code. See In re Patient Education Media, Inc., at B.R. 241.

10. Pursuant to 11 U.S.C. §365(c)(1), Circuit City, as a debtor in possession, may not assume or assign the License Agreement if applicable non-bankruptcy law excuses Business Objects from accepting performance from or rendering performance to an entity other than Circuit City and Business Objects does not consent to the assumption and assignment. See In re Catapult Entertainment, Inc., 165 F.3d 747, 749 (9th Cir. 1999); In re West, 852 F.2d 79, 83-84 (3d Cir. 1988).

11. The Software licensed to Circuit City pursuant to the License Agreement is protected by, and subject to, the copyright laws of the United States.

12. Federal copyright law, which is designed to protect the limited monopoly of copyright owners by granting the owner of the copyright the exclusive right to exploit the copyrighted work by restricting the unauthorized use of the copyrighted work, constitutes applicable non-bankruptcy law which prevents the Debtor from assuming and assigning the License Agreement without Business Objects' consent.  See In re Patient Education Media, Inc., 210 B.R. at 242.

13. Federal copyright law provides a bright line prohibition against the transfer of copyright license rights and is applicable non-bankruptcy law which excuses Business Objects Americas from accepting performance from or rendering performance to a hypothetical third party.  See SQL Solutions, Inc. v. Oracle Corporation, No. C-91-1079 MHP, 1991 U.S. Dist. LEXIS 21097 (N.D. Cal. Dec. 18, 1991); Harris v. Emus Records, 734 F.2d 1329, 1333 (9th Cir. 1984); and In re Catapult, 165 F.3d. 747, 750 (9th Cir. 1999).

14. The License Agreement was not listed in any exhibit or notice with respect to the Sale Motion.  To the extent that the Debtors do not seek to assume and assign the License Agreement, Business Objects objects to the lack of information provided under the Sale Motion and Potential Purchaser Notice as it is insufficient for Business Objects to identify the specific contract(s) the Debtors are proposing to assume and assign or their respective cures.

15. To date, the cure amount with respect to the License Agreement is $59,954.96.

16. To the extent that the Debtors seeks to assume and assign the License Agreement, Business Objects has not consented to the assumption and assignment of the License Agreement as required by 11 U.S.C. § 365(c)(1), and it objects to the Debtors' Sale Motion and reserves all rights in that regard.

17. Business Objects reserves the right to supplement this objection to include amounts due for any other services provided to the Debtors or their affiliates but not yet discovered by Business Objects.

**WHEREFORE,** Business Objects Americas respectfully requests that this Court deny the Sale Motion to the extent that it seeks to authorize assumption and assignment of Business Objects Americas' License Agreement and grant such other relief as it may deem appropriate.

Dated: January 15, 2009.

                                      BUSINESS OBJECTS AMERICAS

                                      By:   /s/ Richard E. Hagerty
                                            Of counsel

Richard E. Hagerty
VSB No. 47673
*Attorney for Business Objects Americas*
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA  22102
(703) 734-4326
(703) 448-6520 (facsimile)
richard.hagerty@troutmansanders.com

**BROWN & CONNERY, LLP**
Donald K. Ludman
6 North Broad St., Suite 100
Woodbury, NJ 08096
(856) 812-8900
(856) 853-9933 (facsimile)
dludman@brownconnery.com

*Attorneys for Business Objects Americas*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2009, I will electronically file the foregoing Objection with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Skadden, Arps, Slate, Meagher & Flom, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636

    Skadden, Arps, Slate, Meagher & Flom, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606

    Dion W. Hayes
    Douglas M. Foley
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219

    /s/ Richard E. Hagerty

Tyson01 385109v1 034409.TBA