Nancy A. Washington (*pro hac vice admission pending*)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-3955
(973) 622-3333

- and -

Christopher L. Perkins (VSB No. 41783)
**LECLAIRRYAN, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
(804) 783-7550

Counsel for FM Facility Maintenance, LLC, f/k/a IPT, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

———————————————————x
:
In re:                                         :    Chapter 11
                                               :
CIRCUIT CITY STORES, INC.                      :    Case No. 08-35653 (KRH)
et al.,                                        :
                                               :    Jointly Administered
            Debtors.                           :
                                               :    HEARING DATE: January 16, 2009
———————————————————x                              10:00 a.m.

**OBJECTION OF FM FACILITY MAINTENANCE, LLC f/k/a IPT, LLC TO DEBTORS' MOTION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105, 363 AND 364 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF**

FM Facility Maintenance Inc., f/k/a IPT, LLC ("FM"), by and through its undersigned counsel, hereby objects to Debtors' Motion for Orders Pursuant to 11 U.S.C. §§ 105, 363 and 364 (I)(A) Approving Procedures in Connection With Sale of All or Substantially All of The Business or Additional Post-Petition Financing For the Business, (B) Authorizing Debtors to Enter Into Stalking Horse or Financing Agreements In Connection With Going Concern Transactions or Stalking Horse Agreements In Connection With Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees In Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief ("Motion"). In support of its Objection, FM respectfully states as follows:

1. FM, a leading nationwide provider of comprehensive facility maintenance services, entered into that certain Master Service Agreement ("MSA"), effective October 15, 2008, with Circuit City Stores, Inc. ("Debtor"), a nationwide retailer of consumer electronics.

2. Circuit City retained FM as its exclusive maintenance services provider for all of Circuit City's retail stores throughout the country. Currently, Circuit City is operating not less than 550 retail locations in the United States. Pursuant to the MSA, scheduled maintenance services are invoiced and paid on a monthly basis, and reactive maintenance services are invoiced and paid on a weekly basis.

3. Under the terms of the MSA, Circuit City must pay undisputed invoices within ten (10) days of receipt of same. The failure to pay undisputed invoices on the date that they become due constitutes a default under the MSA. Upon an event of default, FM may, among other things, suspend performance of any or all maintenance services.

2

4. In accordance with the MSA, FM commenced provision of nationwide maintenance services to Circuit City in the beginning of November 2008. On November 10, 2008, Circuit City filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

5. Circuit City has since continued to manage and operate their business as a debtor-in-possession, and FM has continued to provide maintenance services to Circuit City's retail stores nationwide in the post-petition period

6. Throughout the relationship, Circuit City has failed to make timely payments on FM invoices. As of January 15, 2009, not less than $2.2 million is due under the MSA.

7. Circuit City seeks, *inter alia*, to sell its assets on undisclosed terms under an extraordinarily accelerated and abridged process. Given the compressed deadlines by which Circuit City sought to have the sale authorized and conducted, FM lacks information critical to assessing the impact of any such sale on FM's substantial post-petition administrative priority claims. Because there is no asset purchase agreement in place, it is impossible for FM to assess whether its interests are protected, especially in light of the fact that, as of this filing, Circuit City has yet to disclose any information concerning prospective bidders or purchasers, the terms of any proposed sale, purchase agreements, or the results of any auction (except the Miscellaneous Asset Sale). Nor has FM been provided with any assurance that sufficient proceeds from any sale will be available to satisfy its administrative priority claim, which continues to accrue.

8. Thus, FM respectfully insists that certain basic protections be in place before the Court approves any sale. Specifically, Circuit City must demonstrate that there will be sufficient cash proceeds of any sale to pay post-petition administrative priority claims in full, as contemplated by the Bankruptcy Code.

## RESERVATION OF RIGHTS

9. FM reserves the right to raise objections to the Motion and a proposed sale, if any, at the hearing.

## CONCLUSION

**WHEREFORE**, FM Facility Maintenance, LLC f/k/a IPT, LLC respectfully requests that the Court: (i) modify the proposed Bidding Procedures and a proposed purchaser asset purchase agreement, if any, as necessary, to incorporate the concerns and objections of FM as set forth herein and otherwise ensure that the funds necessary to pay in full the post-petition administrative expenses of the Chapter 11 estate, including the substantial sums due to FM, are earmarked from the proceeds of the sale; and (ii) grant FM such other and further relief as the Court deems just and proper.

Dated: January 15, 2009
       Richmond, Virginia

**SAIBER LLC**
Nancy A. Washington
One Gateway Center, 13th Floor
Newark, New Jersey 07102-3955
(973) 622-3333
naw@saiber.com

- and -

**LECLAIRRYAN, A Professional Corporation**

/s/ Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel: (804) 783-7550
Fax: (804) 783-7686
christopher.perkins@leclairryan.com

- and -

Niclas A. Ferland (NAF-5367)
Ilan Markus (IM-7174)
555 Long Wharf Drive, 8th Floor
New Haven, CT  06511
Tel:  (203) 773-5026
Fax:  (203) 773-5027
niclas.ferland@leclairryan.com
ilan.markus@leclairryan.com

*Counsel for the FM Facility Maintenance, LLC
f/k/a IPT, LLC*

## CERTIFICATE OF SERVICE

That on the 15th day of January 2009, I caused the foregoing to be (i) electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF System, which causes notices of the electronic filing to be served all registered users of the CM/ECF System that have filed notices of appearance, and (ii) electronically mailed to all parties on the "Rule 2002 Service List" maintained on the website of the Debtors' Court-approved noticing agent in accordance with the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

/s/ Christopher L. Perkins
Christopher L. Perkins