Brian T. Hanlon
Post Office Box 3715
West Palm Beach, Florida 33402
561-355-2266
561-355-6879 FAX
bhanlon@pbcgov.org

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: § | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. § | Case No. 08-35653-KRH |
| § § | |
| Debtors. | Jointly Administered |

**OBJECTION OF PALM BEACH COUNTY TAX COLLECTOR
TO DEBTOR'S MOTION FOR ORDERS (I) (A) APPROVING PROCEDURES IN CONNECTION
WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-
PETITION FINANCING FOR THE BUSINESS,
(B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING
AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS
OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND
MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES
IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II)
APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III)
GRANTING RELATED RELIEF**

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Palm Beach County (Florida) Tax Collector (hereinafter referred to as "Tax Collector"), and file its Objection to the Debtor's Motion for Orders (I) (A) Approving Procedures in Connection With Sale of all or Substantially all of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter Into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection With Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and

Clear of All Interestes and (III) Granting Related Relief (hereinafter referred to as "Sale Motion") and would show the Court the following:

I.

The Tax Collector is an independent governmental agency of the state of Florida.

II.

The Debtor operates 4 stores in Palm Beach County Florida. Tangible Personal property taxes are assessed on property owned and/or leased by the Debtor. The taxes are used to pay local fire, police, and emergency local services for the benefit of the Debtor, the protection of the Debtor's property all to the general benefit of the creditors of the Debtor's estate. The local taxing authorities have no option other than to provide those services. Unlike other creditors of the estate, who may elect to stop doing business with the Debtor, costs are expended on a daily basis on behalf of this estate, notwithstanding the Debtor's failure to pay the taxes when due.

Store # 862 owes gross 2008 taxes in the amount of $8,941.31. Store # 3237 owes gross 2008 taxes in the amount of $7,994.75. Store # 3405 owes gross taxes in the amount of $ 15,812.69. Store # 3235 owes gross 2008 taxes in the amount of $9,427.88. "Gross tax" is the amount of tax actually due. Taxpayers in Florida receive a discount if taxes are paid prior to March. Currently, the Debtor would receive a 2% discount if paid in January, 2009, a 1% discount if paid in February, 2009. And the full tax amount is due in March, 2009. The Debtor missed the opportunity to pay the 2008 taxes in November with a 4% discount or in December with a 3% discount. The 2008 tangible taxes become delinquent on April 1, 2009 and begin bearing interest at the statutory rate of 1 1/2% per month or 18% per annum.

The 2009 taxes were assessed on January 1, 2009 and a statutory lien was imposed on the tangible property pursuant to Florida law. The Tax Collector estimates the tax amounts will be

approximately the same as the taxes assessed on January 1, 2008.  However, the 2009 taxes are an administrative expense of the estate.

III.

Florida ad valorem taxes are secured by a statutory lien pursuant to Fla. Stat. ch. 197.122(1) and 192.053.  This lien is superior to any other lien on the property assessed.  These tax claims are entitled to priority as secured claims, and over other secured claims under 11 U.S.C. § 506; see also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).  Clearly, the Palm Beach County Tax Collector has an interest in the property being used by the Debtor and eventually sold or returned to lessors.  The only " adequate protection" consistent with that interest is the payment of the taxes.  It is axiomatic at goods and services are being provided to the Debtor's property on a daily basis.  Other creditors are provided protection to induce them to continue to extend commercial terms and continue doing business with the Debtor.  It is only fair that the taxing authorities be paid as services are provided.  In addition, no known dispute exists as the Debtor's, upon information and belief, have filed sworn tax returns with the Palm Beach County Appraiser regarding the tangible personal property located in the 4 stores.  Thus, further supporting the Tax Collector's argument that these undisputed taxes should be paid as adequate protection.  Florida law also provides for civil and criminal penalties for selling property subject to such liens without consent.

IV.

On December 23, 2008, this Court entered the "Final Order… Authorizing the Incurrance by the Debtors of Post-Petition Secured Indebtedness…" ("Final DIP Order"). Pursuant to the terms of that

Order, Paragraph 14, "Payment from Proceeds of Collateral", a set-aside was provided for such claims as these senior secured tax claims:

"Notwithstanding the application of proceeds set forth in this paragraph 14 or any other provision of this Final Order, upon the sale outside of the ordinary course of business of any DIP Collateral that is subject to a Permitted DIP Prior Lien, proceeds from the sale of such collateral shall first be set aside in an amount equal to the sum (without double counting) of all claims (i) filed by claimants or (ii) scheduled by the Debtors (collectively, the "Identified Prior Claims") that are secured by Identified DIP Prior Liens on such collateral."

That same paragraph 14 of the Final DIP Order concludes with the following:

"Further, all rights of the Texas taxing authorities with respect to ad valorem taxes are reserved with respect to the right to object at the time of any sale hearing regarding payment of sale proceeds and with respect to the right to seek payment or segregation of sale proceeds with respect to any taxes then accrued and unpaid."

V.

Since the entry by the Court of the Final DIP Order, ad valorem taxes for the 2009 tax year have arisen by the accrual of personal liability for those taxes on January 1, 2009, and by virtue of the attachment of the tax liens securing those 2009 taxes on January 1, 2009.

VI.

The Sale Motion provides that liens on the property being sold will attach to the proceeds from the sale of of such property. Upon such, the proceeds will be the cash collateral of the Tax Collector, and it objects to the use of its collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by the Tax Collector or an order of the Court permitting use of this cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. The Debtors have not filed a motion seeking to use the cash collateral of the Tax Collector nor has there been notice or a hearing on the use of the Tax Collector's collateral. Accordingly, absent its consent, at a minimum, a segregated account must be established for these 2009 taxes, as well as for the 2008 taxes, from the sale proceeds to comply with the requirements of § 363(c)(4).

VII.

Under these circumstances it would be appropriate to require the Debtor to immediately pay the tax liens or, at a minimum, segregate additional funds as adequate protection for the claims of the Tax

Collector. Such segregated amounts should have the liens of the Tax Collecotr attached thereto and should be immune from distribution to any other claimant apart from consent of the Tax Collector's or order of this Court upon subsequent motion properly noticed to the Tax Collector.

VIII.

The Tax Collector request that this Court treat this objection as a written memorandum of points and authorities or waive any requirement that this objection be accompanied by a written memorandum of points and authorities.

IX.

WHEREFORE, premises considered, the Palm Beach County Tax Collector requests the 2008 taxes be paid on or before March 31, 2009 and that in the event of any sale of the assets in Palm Beach County that the full amount of the 2009 administrative expense taxes be carved out and placed in a separate account to ensure no other administrative expenses or costs are not paid with the proceeds of the Tax Collector collateral and that the Tax Collector be reimbursed for her costs and attorneys fees pursuant to Fla. Stat. ch.197.332, and for such other relief the Court deems proper.

Respectfully submitted,

/s/ Brian T. Hanlon
Brian T. Hanlon
Post Office Box 3715
West Palm Beach, Florida 33402
561-355-2266
561-355-6879 FAX
bhanlon@pbcgov.org

ATTORNEY FOR PALM BEACH COUNTY TAX COLLECTOR

By: /s/ W. Joel Charboneau
A. Carter Magee, Jr.
W. Joel Charboneau
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404

        Roanoke, Virginia 24003
        (540) 343-9800
        (540) 343-9898
        cmagee@mfgs.com
        jcharboneau@mfgs.com
        Local counsel for Palm Beach County Tax Collector

## CERTIFICATE OF SERVICE

I certify that on January 15, 2009, I served copies of the above Objection to the Sale Motion by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures).

        By: /s/ W. Joel Charboneau

U:\A CLIENTS\Arlington ISD, et al. 9298\Palm Beach\Circuit City Sale Obj final.doc