Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
klake@vanblk.com
*Local Counsel to Claimants*

Elizabeth Weller, Esquire (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 phone
(469)221-5002 fax
BethW@publicans.com email
*Co-Lead Counsel to Texas Tax Authorities*

Michael Reed, Esquire
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200
*Co-Lead Counsel to Claimants*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN THE MATTER OF:                                                    CASE NO. 08-35653-KRH

CIRCUIT CITY STORES, INC., et al.

  DEBTORS.                                                          CHAPTER 11
                                                               (Jointly Administered)

**JOINT OBJECTION OF LOCAL TEXAS TAXING AUTHORITIES
TO DEBTOR'S MOTION FOR ORDERS (I) (A) APPROVING PROCEDURES IN
CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS
OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS,
(B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR
FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN
TRANSACTIONS  OR STALKING HORSE AGREEMENTS IN CONNECTION WITH
STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE
PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D)
SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS'
ASSETS FREE AND CLEAR OF ALL INTERESTS AND
<u>(III) GRANTING RELATED RELIEF</u>**

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME Tax Appraisal District of Bell County, County of Brazos, County of Comal, County of Denton, Longview Independent School District, City of Waco/Waco Independent School District, Midland Central Appraisal District, Central Appraisal District of Taylor County, County of Williamson, Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso, Fort Bend County, Frisco, Grayson County, Gregg County, Harris County, Irving ISD, Jefferson County, McAllen, McAllen ISD, McLennan County, Montgomery County, Nueces County, Rockwall CAD, Rockwall County, Round Rock ISD, San Patricio County, Smith County, South Texas College, South Texas ISD, Tarrant County and Tom Green CAD (hereinafter referred to as "Claimants"), and file their Objection to the Debtor's Motion for Orders (I) (A) Approving Procedures in Connection With Sale of all or Substantially all of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter Into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection With Store Closing and Miscellaneous Asset Sales…(hereinafter referred to as "Sale Motion") and would show the Court the following:

I.

Claimants are political subdivisions of the State of Texas.

II.

These Tax Claimants hold secured tax claims for the 2008 tax year on business personal property and/or real property owned by the Debtors herein. Furthermore, as of January 1, 2009, liability arose and a lien attached to the property for the 2009 tax year.

These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid secured claims against the Debtors' property and are entitled to priority over other secured claims under 11 U.S.C. § 506.

### III.

The laws of the State of Texas, Property Tax Code, Section 32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against these properties. These tax claims are entitled to priority as secured claims, and over other secured claims under 11 U.S.C. Section 506; see also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

### IV.

On December 23, 2008, this Court entered the "Final Order… Authorizing the Incurrance by the Debtors of Post-Petition Secured Indebtedness…" ("Final DIP Order"). Pursuant to the terms of that Order, Paragraph 14, "Payment from Proceeds of Collateral", a set-aside was provided for such claims as these senior secured tax claims:

"Notwithstanding the application of proceeds set forth in this paragraph 14 or any other provision of this Final Order, upon the sale outside of the ordinary course of business of any DIP Collateral that is subject to a Permitted DIP Prior Lien, proceeds from the sale of such collateral shall first be set aside in an amount equal to the sum (without double counting) of all claims (i) filed by claimants or (ii) scheduled by the Debtors (collectively, the "Identified Prior Claims") that are secured by Identified DIP Prior Liens on such collateral."

That same paragraph 14 of the Final DIP Order concludes with the following:

"Further, all rights of the Texas taxing authorities with respect to ad valorem taxes are reserved with respect to the right to object at the time of any sale hearing regarding payment of sale proceeds and with respect to the right to seek payment or segregation of sale proceeds with respect to any taxes then accrued and unpaid."

### V.

Since the entry by the Court of the Final DIP Order, ad valorem taxes for the 2009 tax year have arisen by the accrual of personal liability for those taxes on January 1, 2009, (Texas

Property Tax Code § 32.07), and by virtue of the attachment of the tax liens securing those 2009 taxes on January 1, 2009, (Texas Property Tax Code § 32.01). <u>In re Midland Industrial Service Corp.</u>, 35 F.3d 164 (5th Cir 1994). These taxes constitute secured administrative expenses against the estate, for which no request for payment need be filed. 11 U.S.C. §§ (b)(1)(B), (C), and (D).

VI.

The Sale Motion provides that liens on the property being sold will attach to the proceeds from the sale of of such property. Upon such, the proceeds will be the cash collateral of these Claimants, and they object to the use of their collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of this cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral. Accordingly, absent their consent, a segregated account must be established for these 2009 taxes, as well as for the 2008 taxes, from the sale proceeds to comply with the requirements of § 363(c)(4).

VII.

Under these circumstances it would be appropriate to segregate additional funds as adequate protection for the claims of these secured tax Claimants for the 2009 tax year. Such segregated amounts should have the liens of the Claimants attached thereto and should be immune from distribution to any other claimant apart from consent of the tax claimants or order of this Court upon subsequent motion properly noticed to these tax Claimants.

VIII.

WHEREFORE, Claimants pray that the Court deny debtors' Motion or, in the alternative, order appropriate provisions for the protection of the secured claims of these tax Claimants and further request other and such relief as is just and proper.

Dated: January 15, 2009                       Respectfully submitted,

/s/  Kevin A. Lake

Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
klake@vanblk.com

*Local Counsel to Claimants*

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Claimants, Tax Appraisal District of Bell County, County of Brazos, County of Comal, County of Denton, Longview Independent School District, City of Waco/Waco Independent School District, Midland Central Appraisal District, Central Appraisal District of Taylor County and County of Williamson

Michael Reed, Esquire (Texas State Bar Number 16685400)
McCREARY, VESELKA, BRAGG & ALLEN, P.C.
P. O. Box 1269
Round Rock, Texas 78680
(512) 323-3200
mreed@mvbalaw.com

*Co-Lead Counsel to Claimants*

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
Attorneys for Bexar County, Cameron County, Cypress-Fairbanks ISD, Dallas County, Ector CAD, El Paso, Fort Bend County, Frisco, Grayson County, Gregg County, Harris County, Irving ISD, Jefferson County, McAllen, McAllen ISD, McLennan County, Montgomery County, Nueces County, Rockwall CAD, Rockwall County, Round

5

        Rock ISD, San Patricio County, Smith County, South
Texas College, South Texas ISD, Tarrant County and Tom
Green CAD

        Elizabeth Weller, Esq.
Texas Bar Number 00785512
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 direct dial
(469)221-5002 fax
BethW@publicans.com  email

*Co-Lead Counsel to Claimants*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above Objection to the Sale Motion to the other parties on the electronic matrix via electronic notification, on January 15, 2009:

        /s/  Michael Reed
        Michael Reed

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above Objection to the Sale Motion to all parties receiving notice via ECF on January 15, 2009:

        /s/  Kevin A. Lake
        Kevin A. Lake