Kevin A. Lake
Vandeventer Black LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

-and-

Margaret M. Anderson
FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, IL  60606
Tel: 312.224.1224
Fax: 312.224.1201
panderson@fhslc.com

**UNITED STATES BANKRUTPCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: January 16, 2009 at 10:00 a.m.** |
| | ) | **Objection Deadline: January 15, 2009 at 8:00 p.m. (ET)** |

**OLD REPUBLIC INSURANCE COMPANY'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364(I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMIANTION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF**

Old Republic Insurance Company ("Old Republic"), by and through its attorneys

Vandeventer Black LLP and Fox, Hefter, Swibel, Levin & Carroll, LLP, hereby submit this

Limited Objection (the "Objection") to the Debtors' proposed sale of all or substantially all of their assets. In support of the Objection, Old Republic respectfully represents as follows:

## I.
## INTRODUCTION

1. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 10, 2008.

2. On January 9, 2009, the Debtors filed the Debtors' Motion for Orders Pursuant to Sections 105, 363 and 364 (I) Approving Old Republic Insurance Company's Limited Objection to Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364(I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief (the Sale Motion").

3. On January 9, 2009, the court entered the Order Pursuant to Sections 105, 363 and 364 (I) Approving Old Republic Insurance Company's Limited Objection to Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364(I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II)

2

Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief

4. Under the Sale Motion, the sale of all of the Debtors' assets can either take the form of a sale of the Debtors as a going concern, or, more likely, as a going-out-of-business sale ("GOB Sale") conducted by one or more liquidators (the "Agent"). To the extent, the Debtors decide to proceed with a GOB Sale, Old Republic objects to the Sale Motion.

## II.
## BACKGROUND

5. For the policy period beginning October 1, 2003 and continuing to October 1, 2009, Old Republic issued to Circuit City Stores, Inc. ("CCS") certain workers' compensation and employers liability, business automobile liability and excess commercial general liability insurance policies ("Policies"). Old Republic and CCS are parties to a Program Agreement, which governs inter alia, CCS' payment obligations to Old Republic ("Program Agreement", together with the Policies, "Insurance Program"). Old Republic is the beneficiary of a letter of credit in the amount of $36,020,048 (the "Letter of Credit") as security for CCS's obligations to it.

6. Under the Insurance Program, Old Republic's claims against the Debtors fall within two categories: (a) non-loss sensitive charges and (b) loss-sensitive charges. The non-loss charges include premiums, which are estimated at the beginning of the policy terms, and finalized based on audit which reviews the results of the Debtors' operations. (For example, the final deductible premium for a worker's compensation policy is based on the audit of the insured's actual payroll for the period.) Premiums, plus other charges such as premium taxes, are owed regardless of whether there are any losses under the Policies.

7.  Some of the Policies are subject to a deductible, which varies in amount depending on the type of policy and policy year. For the policy period from October 1, 2008 to October 1, 2009, the deductible for the workers' compensation and employers' liability policy is $2,000,000 per occurrence and the deductible for business automobile policy is $500,000 per accident. Under the Program Agreement, CCS is also obligated to reimburse Old Republic for allocated loss adjustment expenses in addition to the deductible.

8.  Old Republic provides only excess general liability coverage to the Debtors. They are self-insured for all general liability claims within its $500,000 self-insured retention. In addition, the excess policy is subject to a $500,000 deductible.

### III.
### ARGUMENT

A. **Old Republic has contracted with the Debtors and not the Agent.**

9.  Old Republic objects to any Agreement with an Agent for the GOB Sales that impacts its rights. The Debtors should not be allowed to modify the terms of the Insurance Program and effectively force Old Republic to insure the Agent. Old Republic must also be assured that it will be paid for the on-going insurance coverage it provides. Finally, this Court and all parties in interest should be aware that the Debtors are self-insured for their general liability claims.

10.  Typical agreements relating to GOB Sales requires the Debtors to maintain all of their existing insurance coverage, including automobile liability and workers' compensation coverage and to use commercially reasonable efforts to have the Agent to be named an additional named insured under the policies. Old Republic, for the reasons discussed herein, will not agree to add any Agent as an additional named insured under the Policies.

4

11. The Policies provide that the rights and duties of the Named Insured under the Policies cannot be assigned without the consent of Old Republic. The Agent's power and authority under typical agreements relating to GOB Sales would, in fact, create a de facto assignment of the Policies.

12. Agreement with Agents usually allow the Agent to use the Debtors' employees in the conduct of the GOB Sale. Any employees used by the Agent, since they are still technically the Debtors' employees, will arguably continue to be covered by the Debtors' workers' compensation policies.

13. In any GOB Sale, the Debtors will no longer be in control of their employees. All decision-making and supervision of employees would be the responsibility of the Agent. The Debtors and Old Republic entered into the Policies to provide coverage for the Debtors' employees while the Debtors act as supervisor of the employees. Old Republic never agreed to insure the Debtors' employees as controlled and managed by any Agent.

14. There is a substantial difference between an insured that operates a retail store with ongoing sales and an insured that is a liquidator conducting a GOB sale. The liquidator advertises discount prices, which inherently produced more in-store traffic and increased work for the employees. In addition, the agent typically can add its own merchandise to the items being sold and use the Debtors' employees to sell such items. The nature of these risks were not contemplated in the Insurance Program and should not be forced upon Old Republic.

15. Although Old Republic has collateral for the Debtors' reimbursement obligations, given the unbargained for nature of the increase in risks imposed by running a GOB Sale, there is a foreseeable chance that the letter of credit held by Old Republic will be insufficient to cover the amounts owed by the Debtors to Old Republic. Old Republic is entitled to an administrative

priority claim for all premiums owed for the post-petition period and all deductibles relating to post-petition incidents, possibly resulting in Old Republic having a significant administrative claim against he estate.  Old Republic does not have any assurance that its administrative claim will be paid in full.  Although the Debtors are ultimately responsible for all amounts owed to Old Republic, any Agent conducting a GOB Sale should be required to pay all premium owed and reimbursement of deductibles directly to Old Republic, and assume all obligations relating thereto.

     WHEREFORE, for all the reasons stated herein, Old Republic Insurance Company files this Limited Objection to sale of the Debtors' assets.

Dated:  January 15, 2009

VANDEVENTER BLACK LLP

/s/ Kevin A. Lake
Kevin A. Lake
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

  -and-

Margaret M. Anderson
Fox, Hefter, Swibel, Levin & Carroll, LLP
200 West Madison Street, Suite 3000
Chicago, IL  60606
Tel: 312.224.1224
Fax: 312.224.1201
panderson@fhslc.com

*Attorneys for Old Republic Insurance Company (Pro Hac Vice Motion Pending)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above Objection to the Sale Motion to all parties receiving notice via ECF on January 15, 2009:

                                                      /s/  Kevin A. Lake
                                                      Kevin A. Lake