Kevin A. Lake
Vandeventer Black LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

**UNITED STATES BANKRUTPCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: January 16, 2009 at 10:00 a.m.** |
| | ) | **Objection Deadline: January 15, 2009 at 8:00 p.m. (ET)** |

**HAGAN PROPERTIES, INC.'S OBJECTION TO DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364(I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMIANTION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF (THE "MOTION")**

Hagan Properties, Inc. ("HPI") by and through its undersigned counsel, respectfully submits this Objection to the Debtor's above-referenced Motion (the "Motion) and states as follows:

**Background**

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. HPI leases nonresidential real property to one of the Debtors under an unexpired lease (the "Lease") of the premises at which Debtor's Louisville, Kentucky store is operated (the "Premises").

4. The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 25, 2008, the Debtors filed the Motion seeking to establish: (i) bidding and auction procedures for the sale of unexpired leases of nonresidential real property; (ii) setting a date for a sale hearing (the "Sale Hearing") and (iii) authorizing and approving: (a) the sale of certain leases free and clear of liens, claims encumbrances, (b) assumption and assignment of certain leases and (c) lease rejection procedures.

6. On January 9, 2009, this Court entered an Order approving the proposed bidding and auction procedures. The Order required that the Debtors post the Potential Purchaser Notice (the "Notice") notifying the Objecting Landlords if the Leases were included in any proposed sale. The Debtors posted the Notice on January 12, 2009. HPI's leases is not included in the Notice.

7. Upon information and belief, the auction has not been concluded. The hearing to approve any sales is scheduled for January 16, 2009 at 10 a.m. At this point, HPI does not know what relief the Debtors will be seeking at the hearing.

**Objection**

*Lease Dispositions*

8. "Some form of hearing is required before an individual is finally deprived of a property interest," and the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). *See In re Nextwave Personal Communications, Inc.*, 244 B.R. 253, 264 (Bankr. S.D.N.Y. 2000) ("The Bankruptcy Code also requires, as an element of basic fairness and due process, notice, a hearing and court approval before actions impacting vital interests may be taken").

9. HPI is entitled to sufficient time to review all details regarding any proposed disposition of the Leases and reserve their rights to object to same on any grounds.

*Potential Store Closing Sales*

10. At the conclusion of the auction, it is anticipated that the Debtors will conduct store closing sales ("GOB Sales") at the Premises. If the Debtors wish to conduct the GOB Sales in accordance with the "Circuit City Sale Guidelines" (the "Guidelines") filed earlier in their cases, the HPI requests that the following modifications or amendments made to the Guidelines for any GOB Sales conducted at the Premises:

• The stores should be open during the normal hours of operation provided in the Leases;

• There should be no extension banners or other exterior signage;

• There should be no augmentation of the merchandise to be sold at the Premises;

• There should be no auctions at the store;

• There should be a prohibition on any solicitation of customers (whether in writing or not) outside of the Premises;

3

- There should be no sign walkers, A-Frames, sandwich boards or street signage. No sign walkers should be used on mall property, immediately adjacent streets, or ring roads;

- There should be no more than one sign in any front window of the store and the signs may not take up more than 50% of the window space;

- Any signs placed in a store's front window must be set back at least one foot;

- Only one interior banner no larger than 3' x 6' may be hung. The interior banner may only be hung in the rear third of the store;

- Total additional in-store signage must be limited to four 24" x 36" signs per 1,000 square feet of store floor area;

- The Guidelines should specify that no interior or exterior balloons are permitted; and

- The Debtors and their agent must be required to repair any damage caused by the placement of any signage.

*Reservation of Rights*

11. HPI reserves its right to raise any objections with respect to the Lease and other matters in these cases.

*Joinder in Other Objections*

12. HPI joins in objections filed by other landlords to the Motion to the extent not inconsistent with this Objection.

**WHEREFORE**, HPI respectfully requests an Order denying the Motion and granting it such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  January 15, 2009              VANDEVENTER BLACK LLP

                                         /s/ Kevin A. Lake
                                         Kevin A. Lake
                                         Eighth & Main Building
                                         707 E. Main Street, Suite 1700
                                         P.O. Box 1558
                                         Richmond, VA  23218-1558
                                         Tel: 804.237.8811
                                         Fax: 804.3l47.8801
                                         klake@vanblk.com

                                         *Counsel for Hagan Properties, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above Objection to the Sale Motion to all parties receiving notice via ECF on January 15, 2009:

                                                          /s/  Kevin A. Lake
                                                         Kevin A. Lake