# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653** |
| Debtors. | **(Jointly Administered)** |

**OBJECTION AND DEMAND FOR ADEQUATE PROTECTION OF T.J. MAXX OF CA, LLC REGARDING DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND
(III) GRANTING RELATED RELIEF**

(Prime Loc. No. 232)

_____

Steven T. Hoort, Esquire (SH-9486)
Heather J. Zelevinsky, Esquire (HZ-2131)
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Amy E. Craig, Esquire
**ROPES & GRAY LLP**
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4736
Facsimile: (202) 383-8358

and

Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)

**SANDS ANDERSON MARKS & MILLER, P.C.**
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219-1998
Phone: (804) 648-1636
Fax: (804) 783-7291

*Counsel for T.J. Maxx of CA, LLC*

**T.J. Maxx of CA, LLC**, a Delaware limited liability company ("TJM"), by and through its undersigned counsel, hereby files this objection and demand for adequate protection (the "Objection") regarding the *Debtors' Motion For Orders Pursuant To Bankruptcy Code Sections 105, 363 And 364 (I)(A) Approving Procedures In Connection With Sale Of All Or Substantially All Of The Business Or Additional Post-Petition Financing For The Business, (B) Authorizing Debtors To Enter Into Stalking Horse Or Financing Agreements In Connection With Going Concern Transactions Or Stalking Horse Agreements In Connection With Store Closing And Miscellaneous Asset Sales, (C) Approving The Payment Of Termination Fees In Connection Therewith, And (D) Setting Auction And Hearing Dates, (II) Approving Sale Of Debtors' Assets Free And Clear Of All Interests And (III) Granting Related Relief* (the "Motion") [Docket No. 1423] filed by Circuit City Stores, Inc. and its affiliated debtors in possession (collectively, the "Debtors") with respect to TJM's sublease at South Grant Plaza, 1880 South Grant Street, San Mateo, California, also known as Circuit City Store location # 232. In support of its Objection, TJM respectfully states as follows:

## PROCEDURAL HISTORY

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the *United States Code* (the "*Bankruptcy Code*"). The Debtors continue to manage their property as debtors in possession pursuant to Sections 1107 and 1108 of the *Bankruptcy Code*.

2. On January 9, 2009, the Debtors filed the Motion, seeking authority to sell all or substantially all of the Debtors' assets by way of auction. On the same day, the Court entered an order approving bidding procedures (the "Bid Procedures Order") [Docket No. 1460], which was docketed on January 12, 2009. Pursuant to the Bid Procedures Order, the Debtors were required to post the Potential Purchaser Notice (as defined in the Bid Procedures Order), including a list

2

of those contracts and leases sought to be assumed and assigned, on the noticing agent's website. The Debtors were also required to provide Adequate Assurance Information (as defined in the Bid Procedures Order) to contract counterparties by the later of 12:00 noon (ET) on January 13, 2009 and six (6) hours after receipt of a request for such information.

## FACTUAL BACKGROUND

3. Pursuant to a lease dated December 29, 1986, Circuit City Stores, Inc., or one of its successors, leases (as amended or extended, the "Overlease") retail space at South Grant Plaza, 1880 South Grant Street, San Mateo, California (the "Property"). The Debtors are in possession of a portion of the Property where they operate a retail store known as Circuit City location # 232 ("San Mateo Circuit City Store"). According to the Debtors' schedules, the term of the Overlease expires on October 31, 2015.

4. Pursuant to a sublease dated July 31, 1987, TJM subleases (as amended or extended, the "TJM Sublease") from the Debtors approximately 24,077 square feet of retail space (the "San Mateo Property") on the Property. The TJM Sublease was assigned to TJM by The TJX Companies, Inc. pursuant to an Assignment and Assumption Agreement dated January 30, 1998 (the "Assignment Agreement"). TJM is in possession of the San Mateo Property, where it currently operates a retail store under the name T.J. Maxx, adjacent to the San Mateo Circuit City Store. The term of the TJM Sublease expires on October 31, 2015. A copy of the TJM Sublease is attached hereto and incorporated herein by reference as **Exhibit A**. A copy of the Memorandum of Lease for the TJM Sublease is attached hereto and incorporated herein by reference as **Exhibit B**. Upon information and belief, the Memorandum of Lease was duly recorded. A copy of the Assignment Agreement, with notice to the Debtors, is attached hereto and incorporated herein by reference as **Exhibit C**.

5. In accordance with the Bid Procedures Order, counsel for TJM sent an email on January 13, 2009 at 6:32 p.m. (ET) to Debtors' counsel requesting information regarding any purchase of the Property and adequate assurance of future performance for any related subleases. As of the filing of this Objection, counsel to the Debtors have not responded to this request for information. The Debtors also have not posted any of the Property, San Mateo Property, Overlease, or the TJM Sublease on the noticing agent's website.

## RELIEF REQUESTED

6. TJM respectfully requests that this Court deny the Motion to the extent the Debtors request any relief with respect to the Property, San Mateo Property, Overlease, or the TJM Sublease. Insofar as this Court authorizes any sale affecting the Property or any rejection of any unexpired lease or sublease pertaining to the Property, TJM demands adequate protection and asserts all rights as a subtenant, including, but not limited to, all rights to which it is entitled under the TJM Sublease and *Bankruptcy Code* sections 363 and 365.

## ARGUMENT

**I.  The Debtors Have Failed To Comply with the Bid Procedures Order By Providing Insufficient Notice.**

7. Contrary to the terms of the Bid Procedures Order and to the representations made to the Bankruptcy Court, the Debtors may be purporting to sell their interest in the Property, San Mateo Property, Overlease and/or the TJM Sublease without prior – or any – notice to TJM as a contract counterparty under the TJM Sublease. Nothing in the Bid Procedures Order allows the Debtors to do this. In addition, the Debtors have not provided adequate assurance of future performance under the TJM Sublease as is required under Section 365(b) of the *Bankruptcy Code* and the Bid Procedures Order. Accordingly, and in response to the Motion, the Debtors' failure to comply with the Bid Procedures Order, and the Debtors' complete disregard of due

4

process, TJM objects to any transaction affecting or purporting to affect the Property, San Mateo Property, Overlease, or the TJM Sublease.

II. **The Debtors Cannot Sell the Property, San Mateo Property, or the Overlease Free and Clear of TJM's Interests Pursuant to Section 363(f) of the *Bankruptcy Code*.**

8. Section 363(f) of the *Bankruptcy Code* permits debtors to sell property of the estate free and clear of any interest in such property only if at least one of the following applies: (i) applicable nonbankruptcy law would permit such a sale; (ii) the interest holder consents; (iii) the interest is a lien and the sale price exceeds the aggregate of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the interest holder could be compelled to accept money satisfaction.

9. The Motion contemplates that the Debtors might attempt to sell its interest in the Property, San Mateo Property, or the Overlease free and clear of any interest in the TJM Sublease. However, to date, the Debtors have not even made, let alone proved, that any of the requirements are satisfied under Section 363(f). Further, the Debtors' sole remedy with respect to the unexpired TJM Sublease is an assumption or rejection of that lease. *See In re Taylor*, 198 B.R. 142, 164-66 (Bankr. D.S.C. 1996). Insofar as the Debtors purport to sell any interest in the San Mateo Property and/or the Overlease free and clear of TJM's interests in the TJM Sublease, this Court should deny the Motion.

III. **TJM Demands Adequate Protection Pursuant to Section 363(e) of the *Bankruptcy Code*.**

10. Section 363(e) of the *Bankruptcy Code* provides that "on request of an entity that has an interest in property ... proposed to be ... sold ... by the trustee, the court, with or without a hearing, shall prohibit or condition such ... sale ... as is necessary to provide adequate protection of such interest." A leasehold interest is a type of "interest" that fits within the plain text of section 363(e). *See In re Taylor*, 198 B.R. at 162. In circumstances where a debtor-lessor cannot demonstrate that money damages would be sufficient if a tenant is displaced, adequate protection

5

may be achieved by continued possession. *See In re Haskell L.P.,* 321 B.R. 1, 10 (Bankr. D. Mass. 2005).

11. Insofar as the Debtors impair or purport to impair TJM's possessory interest in the San Mateo Property, TJM demands adequate protection of its interest in the form of an order (i) directing the Debtors to assume the TJM Sublease or (ii) otherwise adequately protecting TJM's rights to continued use and occupancy of the San Mateo Property.

**IV.    TJM's Right To Remain in Possession Pursuant to Section 365(h) of the *Bankruptcy Code*.**

12. Among other things, Section 365(h) of the *Bankruptcy Code* entitles a tenant under a rejected lease to choose to (i) treat the lease as terminated or (ii) retain the tenant's rights under the lease for at least the balance of the term and any renewal or extension.

13. Insofar as the Debtors reject or purport to reject the TJM Sublease and/or the Overlease, TJM reserves the right to elect to remain in possession of the San Mateo Property, as permitted under Section 365(h) of the *Bankruptcy Code*.

## WAIVER OF MEMORANDUM OF LAW

14. Pursuant to *Local Bankruptcy Rule* 9013-1(G), TJM respectfully requests that the Court waive the requirement for a separate memorandum of law on the basis that either this Objection contains no novel issues of law and/or that the applicable legal authority is already set forth herein in this Objection.

## NO PRIOR REQUEST

15. TJM has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, T.J. Maxx of CA, LLC, respectfully requests that the Motion be denied to the extent it impairs TJM's rights with respect to the Property, San Mateo Property, Overlease, or the TJM Sublease, and for a grant of such further relief as this Court deems just and proper.

**Respectfully Submitted,**

**T.J. MAXX OF CA, LLC**

**By Counsel**

/s/ Lisa Taylor Hudson
_____
Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)

**SANDS ANDERSON MARKS & MILLER, P.C.**
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219-1998
Phone: (804) 648-1636
Fax: (804) 783-7291

and

Steven T. Hoort, Esquire (SH-9486)
Heather J. Zelevinsky, Esquire (HZ-2131)
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Amy E. Craig, Esquire
**ROPES & GRAY LLP**
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4736
Facsimile: (202) 383-8358
          *Counsel for T.J. Maxx of CA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2009, a true and accurate copy of the foregoing was electronically filed with Clerk of the Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached service list.

/s/ Lisa Taylor Hudson

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606

*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

*Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Counsel for the Official Committee of
Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
*Counsel for the Creditors Committee*

9

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
*Counsel for the Creditors
Committee*

_____
Steven T. Hoort, Esquire (SH-9486)
Heather J. Zelevinsky, Esquire (HZ-2131)
**ROPES & GRAY LLP**
One International Place
Boston, MA 02110-2624
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Amy E. Craig, Esquire
**ROPES & GRAY LLP**
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4736
Facsimile: (202) 383-8358

and

Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)

**SANDS ANDERSON MARKS & MILLER, P.C.**
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219-1998
Phone: (804) 648-1636
Fax: (804) 783-7291

*Counsel for T.J. Maxx of CA, LLC*