**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC. | : Case No. 08-35653-KRH |
| et al., | : |
| | : |
| Debtors. | : Jointly Administered |

**LIMITED OBJECTION OF CELLCO PARTNERSHIP
D/B/A VERIZON WIRELESS TO DEBTOR'S SECOND OMNIBUS MOTION
FOR ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
ABANDONMENT OF PERSONAL PROPERTY**

Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), hereby files this Limited Objection to the Debtors' Second Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105, 365 and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Lease of Nonresidential Real Property and Abandonment of Personal Property (the "Motion"). In support of this Limited Objection, Verizon Wireless states as follows:

**Factual Background**

1.  On November 10, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

John Lucian, Esquire
Virginia Bar No. 43558
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
215-569-5500

Virginia counsel of record for Cellco Partnership d/b/a Verizon Wireless

2. The Debtors remain in possession of their assets and continue to manage their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. Circuit City and Verizon Wireless entered into that certain Cellular Direct Sales Agreement dated July 1, 2004, as amended from time to time (the "Agreement").

4. Pursuant to the Agreement, Verizon Wireless establishes and operates kiosks at substantially all of Circuit City's stores. These kiosks are Verizon Wireless stores within Circuit City stores.

5. Prior to the Petition Date, at Circuit City's request, and pursuant to the Agreement, Verizon Wireless constructed several kiosks for new stores that Circuit City intended to open but which ultimately never did. Verizon Wireless installed four such kiosks at the following locations of Debtors: (a) The Shoppes at River Crossing, 5080 Riverside Drive, Macon, GA 31206; (b) Intersection of US Highway 22 and West End Avenue, North Plainfield, NJ 10803; (c) Merriam Village Shopping Center, 6030 Eby Street, Merriam, KS 66202; and (d) Riverpoint at Sheridan Shopping Center Sheridan, CO 80110 (the "Kiosk Locations").

6. The Debtors' Motion to reject certain unexpired leases of nonresidential real property includes the leases for the Kiosk Locations.

7. Verizon Wireless has been cooperating with the Debtors to remove and has removed all of its inventory, equipment, kiosks, signage and other property from store locations of the Debtors that the Debtors have closed, however Verizon Wireless has not been granted any access to the Kiosk Locations to remove its property located therein.

8. The Debtors have recently informed Verizon Wireless that they have surrendered the keys to each of the Kiosk Locations to the applicable landlords prior to giving Verizon

017286.01678/21752648v.1

Wireless access to remove its property.

9. Verizon Wireless is currently attempting to contact the landlords of the Kiosk Locations to remove all of its property, including without limitation, highly proprietary signage and kiosks. However, out of an abundance of caution, Verizon Wireless respectfully requests that any Order approving the Motion grant Verizon Wireless a reasonable amount of time to remove its property located at the Kiosk Locations in a time frame and manner mutually agreeable between Verizon Wireless and the landlords of the Kiosk Locations.

10. Verizon Wireless reserves all of its rights and remedies, including its right to seek additional relief from the court or to modify or withdraw this Limited Objection at the hearing on the Motion.

WHEREFORE, Verizon Wireless respectfully requests that the Order granting relief to the Debtors provide Verizon Wireless a reasonable amount of time to remove its property from the Kiosk Locations.

017286.01678/21752648v.1

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have executed this Stipulation as of the dates written below.

Dated: January 15, 2009  BLANK ROME, LLP

By: */s/ John E. Lucian*
Regina Stango Kelbon, Esquire
John E. Lucian, Esquire
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Telephone:  (215) 569-5507
Facsimile:   (215) 832-5507

Counsel for Cellco Partnership d/b/a
Verizon Wireless

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2009 a copy of the foregoing Limited Objection of Cellco Partnership was served electronically by the Court's ECF system on all subscribed parties. In addition, a courtesy copy was emailed to all parties on the master electronic distribution list.

*/s/ John E. Lucian*

017286.01678/21752648v.1