to pay for the repair or restoration work to be done by Landlord (provided that Landlord shall have been carrying the insurance on such building require to be carried by Landlord pursuant to this Lease), or (c) the Demised Premises shall be damaged by fire or other occurrence to the extent of more than twenty-five percent (25%) of the cost of replacement thereof during the last two years of the Term, then in any such event Landlord may, provided that Landlord shall so terminate the leases of substantially all other occupants of the building in which the Demised Premises are located and that such building shall not thereafter be rebuilt in substantially the same format as previously existing (including size of buildings, occupant mix and the like), provided, however, that in any event the Circuit City store in the Shopping Center may be rebuilt (and the lease therefor not terminated) for use as a Circuit City consumer electronics and appliance store, terminate this Lease by notice given within sixty (60) days after such event, and upon the date specified in such notice, which shall not be less than thirty (30) days nor more than sixty (60) days after the giving of said notice, this Lease shall terminate and all Fixed Rent and Additional Rent Charges shall be paid up to the date of such termination. Tenant shall also have the right to terminate this Lease under the circumstances described in subdivision (c) above. If this Lease shall not be terminated after damage by fire or other casualty, Fixed Rent and Additional Rent Charges shall abate in accordance with the portion(s) of the Demised Premises rendered untenantable, such abatement to remain in effect until fifteen (15) days after completion of restoration as hereinafter provided, and Landlord shall, promptly after receipt of the insurance proceeds for such damage or as soon as practicable in the event that insurance proceeds shall not be immediately available, proceed with the restoration of the Demised Premises and the Shopping Center to substantially the condition in which the same existed prior to the damage with such reasonable changes as Landlord may desire to make, except for Tenant's stock in trade, trade fixtures, furniture, furnishings, removable floor coverings, equipment, signs and other property, and Tenant shall promptly proceed with the restoration or replacement of Tenant's stock in trade, trade fixtures, furniture, furnishings, removable floor coverings, equipment, signs and all other property of Tenant and decoration in and around the Demised Premises.

23. <u>EMINENT DOMAIN</u>. If the whole of the Demised Premises shall be taken by any public or quasi-public authority under the power of condemnation,

eminent domain or expropriation, or in the event of conveyance of the whole of the Demised Premises in lieu thereof, this Lease shall terminate as of the day physical possession shall be taken by such authority. If ten percent (10%) or less of the floor space of the Demised Premises shall be so taken or conveyed, this Lease shall terminate only in respect of the part so taken or conveyed as of the day physical possession shall be taken by such authority. If more than ten percent (10%) of the floor space of the Demised Premises shall be so taken or conveyed, this Lease shall terminate only in respect of the part so taken or conveyed as of the day physical possession shall be taken by such authority, but Tenant shall have the right to terminate this Lease upon notice given to Landlord within thirty (30) days after such taking of possession. Tenant shall have a similar right to terminate this Lease in the event that, on account of a taking by eminent domain or other such authority, access, for motor vehicles and pedestrians, to and from South Grant Street from the Demised Premises, over the parking areas of the Shopping Center, shall be eliminated and Landlord shall not have replaced such eliminated access, with substantially equivalent access, within six (6) months thereafter. If more than twenty-five percent (25%) of the floor space of the building of the Shopping Center in which the Demised Premises are located shall be so taken or conveyed, or if so much of the parking facilities shall be so taken or conveyed that the ratio of the number of parking spaces in the Shopping Center to each 1,000 square feet of Gross Leasable Floor Area in the Shopping Center shall be less than 3.8, then in any such event either party may, by notice to the other, terminate this Lease as of the date when possession shall have been taken. Any termination by Landlord in accordance with the provisions of the immediately preceding sentence hereof shall be subject to Landlord similarly terminating the leases of substantially all other occupants of the building in which the Demised Premises are located and such building not thereafter being rebuilt in substantially the same format as previously existing (including size of buildings, occupant mix and the like), provided, however, that in any event the Circuit City store in the Shopping Center may be rebuilt (and the lease therefor not terminated) for use as a Circuit City consumer electronics and appliance store. If this Lease shall continue in effect as to any portion of the Demised Premises not so taken or conveyed, the Fixed Rent and Additional Rent Charges shall be computed as of the date when physical possession shall have been taken on the basis of the remaining floor space of

the Demised Premises and there shall be an abatement of such Fixed Rent and Additional Rent Charges during the period of restoration of the Demised Premises and the Shopping Center following the taking, until fifteen (15) days after the completion of such restoration, in accordance with the nature and extent of the untenantability of the Demised Premises and/or damage to the Shopping Center, as the case may be. Except as specifically provided herein, in the event of any such taking or conveyance there shall be no reduction in Fixed Rent or Additional Rent Charges. If this Lease shall continue in effect, Landlord shall, at its expense but only to the extent of the net award or other compensation (after deducting all expenses in connection with obtaining same) available to Landlord for the improvements taken or conveyed (provided that if such net award shall be insufficient to fully restore the Demised Premises and the Shopping Center and Tenant shall elect to expend the difference for restoration of the Demised Premises, that portion of such expenditure by Tenant which shall be in the same ratio to Tenant's total expenditure for such restoration (excluding restoration of personalty) as the actual eminent domain award to Landlord for the damage to the realty constituting the Demised Premises shall be to the total restoration cost for the damage to the realty constituting the Demised Premises, less any specific award to Tenant for loss of leasehold improvements, shall be a credit against Fixed Rent and Additional Rent Charges thereafter accruing hereunder), make all necessary alterations so as to constitute the remaining Shopping Center a complete architectural and tenantable unit, except for Tenants' stock in trade, trade fixtures, furniture, furnishing, removable floor coverings, equipment, signs and all other personal property, and Tenant shall make all alterations or replacements to its stock in trade, trade fixtures, furniture, furnishings, removable floor coverings, equipment, signs and all other personal property of Tenant and decorations in and around the Demised Premises. All awards and compensation for any taking or conveyance, whether for the whole or a part of the Shopping Center, the Demised Premises or otherwise, shall be the property of Landlord, and Tenant hereby assigns to Landlord all of Tenant's rights, title and interest in and to any and all such awards and compensation, including, without limitation, any award or compensation for the value of the unexpired portion of the Term. Tenant shall be entitled to claim, prove and receive in the condemnation proceeding such award or compensation as may be allowed for its trade fixtures and leasehold

-31-

improvements made by Tenant or at Tenant's expense and not fully amortized, and for loss of business, good will, depreciation or injury to and cost of removal of stock in trade.

24. SIGNS. Tenant shall, and shall at all times during the Term have the right to, provide a suitable initial identification sign or signs of the size, design and character as shown on Exhibit G attached hereto, and Tenant shall, and shall at all times during the Term, have the right to install same at the place or places available therefor on the Demised Premises and on the Shopping Center pylon sign. Landlord's consent shall not thereafter be required for any replacement sign(s) on the exterior of the Demised Premises, provided that such replacement sign(s) shall not be materially larger than the sign(s) being replaced and shall not be materially inconsistent with the other exterior signs in the Shopping Center. Tenant shall maintain any such sign or signs in good condition and repair. Other than such permitted signs, Tenant shall not place or install, or permit or suffer to be placed or installed, or maintain, any sign upon or outside of the Demised Premises or in any part of the Shopping Center unless approved by Landlord. Tenant shall not place, install or maintain, or permit or suffer to be placed, installed or maintained, on the exterior of the Demised Premises, any awning, canopy, banner, flag, pennant, aerial, antenna or the like; nor shall Tenant place or maintain on the glass of any window or door of the Demised Premises, or inside the Demised Premises if intended to be seen from the outside, any sign, decoration, lettering, advertising matter, shade or blind or other thing of any kind other than neatly lettered signs of reasonable size placed on the floor of display windows, if any, identifying articles offered for sale.

25. REAL ESTATE TAXES. Landlord shall, in the first instance, be obligated to pay all real property taxes (including extraordinary and/or special assessments) which may be levied or assessed by any lawful authority against the land, buildings and other improvements located or built within the Shopping Center. If Landlord shall not pay such real estate taxes in timely fashion (provided that the payment of such taxes in permitted installments shall be deemed to constitute timely payment thereof), Tenant shall not, pursuant to this Lease or otherwise, be responsible for the payment of any interest, fines, penalties or the like with respect thereto. Tenant shall reimburse Landlord, as an Additional Rent Charge, and in the manner

-32-

hereinafter provided, for that portion of such taxes (the "Tenant's Tax Contribution") equal to the product obtained by multiplying such taxes by a fraction, determined as of the date said tax bill is issued, the numerator of which shall be the Gross Leasable Floor Area of the Demised Premises and the denominator of which shall be the Gross Leasable Floor Area of Shopping Center (provided, however, that the Gross Leasable Floor Area of any part of the Shopping Center which is separately assessed or otherwise not included in the tax bill in question shall be excluded from the Gross Leasable Floor Area of the Shopping Center for the purposes of such calculation of Tenant's Tax Contribution). Tenant's Tax Contribution, each year, shall, if Landlord shall be making monthly real estate tax payments to its first mortgagee or to any ground lessor, be paid in monthly installments, on account, in advance on the first day of each calendar month beginning with the Rent Commencement Date, in an amount equal to one-twelfth (1/12) of the then current annual Tenant's Tax Contribution, as the same shall be reasonably estimated and adjusted from time to time by Landlord. Landlord shall notify Tenant of such estimates and Tenant shall thereafter adjust its monthly payments to Landlord upon demand. Upon receipt of a real estate tax bill, Landlord shall furnish to Tenant a written statement of the actual amount of said Tenant's Tax Contribution for the period covered by such bill; whereupon Tenant, within thirty (30) days after the receipt of such statement, will pay to Landlord any balance due and owing for the period in question or Landlord will credit Tenant's Tax Contribution account with any overpayment (or Tenant shall pay the same to Landlord if Tenant shall not have been making monthly payments as above provided). The Tenant's Tax Contribution shall be prorated for fractional months and partial calendar years. A tax bill or true copy thereof, together with any explanatory or detailed statement of the area or property covered thereby, submitted by Landlord to Tenant shall be conclusive evidence of the amount of taxes assessed or levied, as well as of the items taxed. Tenant shall at all times be solely responsible for and shall pay before delinquency, all municipal, county, state, or federal taxes assessed or levied against any tenant's leasehold interest hereunder or any personal property of any kind owned, installed or used by Tenant. If at any time during the term of this Lease, a tax or excise on rents or other tax, however described, is levied or assessed against Landlord on account of or measured by, in whole or part, the rent expressly reserved hereunder, or upon the rent expressly reserved under

any other leases or leasehold interest in the Shopping Center, as a substitute for or addition to, in whole or in part, taxes assessed or imposed on land and buildings or on land or buildings, such tax or excise on rent or other tax shall be included as a part of the real property tax covered hereby, but only to the extent of the amount thereof which is lawfully assessed or imposed as a direct result of Landlord's ownership of this Lease or of the rentals accruing under this Lease, or the other leases or leasehold interest in the Shopping Center and provided that such tax is commonly paid by tenants under "net" leases then being entered into. If any property tax or assessment levied against the land, buildings or improvements covered hereby or the rents reserved therefrom shall be evidenced by improvement or other bonds or in other form, which may be paid in annual installments, only the amount paid or payable in any Lease Year shall be included as real property taxes for that Lease Year for purposes of this <u>Section 25</u>. Landlord shall use reasonable efforts to minimize real estate taxes upon the Shopping Center, and to that end Landlord agrees that if Landlord shall have the right to seek abatement of real estate taxes but shall not seek the same in any instance where the same shall be reasonably anticipated, Tenant may, upon such notice to Landlord as shall be practicable in the circumstances and Landlord's continued failure thereafter to seek same, seek abatement of real estate taxes. Upon any such abatement under this Lease, all reasonable and actual costs in obtaining any such abatement shall be a first charge thereon.

26. <u>TENANT'S DEFAULTS</u>.

A. Defaults. Each of the following shall be deemed to be an "Event of Default" by Tenant and a breach by Tenant hereunder: (a) subject to the rights of tenants and debtors generally under applicable law, the filing by or against Tenant in any court, pursuant to any statute either of the United States or of any state, of a petition in bankruptcy or insolvency or a petition for reorganization or for the appointment of a receiver or trustee of all of or a portion of the property of Tenant, or the making by Tenant of an assignment for the benefit of creditors or the petitioning for or entering into an arrangement pursuant to any statute either of the United States or of any state by Tenant, or the taking of this Lease under any writ of execution or attachment, or the issuance of any execution or attachment against Tenant or all or substantially all of its property, and in each of the foregoing cases which shall involve proceedings which shall be involuntary, failure to

discharge, remove or otherwise eliminate the same within ninety (90) days after the occurrence thereof, (b) the passing of this Lease to or the devolution of this Lease upon any person(s) other than Tenant or a permitted assignee or transferee, whether by operation of the law or otherwise and failure of Tenant to rescind such passing within thirty (30) days after receipt by Tenant of notice thereof from Landlord, (c) the Demised Premises being abandoned during the Term, (d) the default in the payment of any Fixed Rent or Additional Rent Charges or any part thereof when same is due, or in the making of any other payment herein provided for, and the continuance of such default for ten (10) days after the giving to Tenant of notice thereof by Landlord, or (e) the default in the performance of any other material (which shall be deemed to include, but not be limited to, any default which shall be a terminable default under any ground lease to Landlord of the Shopping Center or the building of which the Demised Premises are a part) obligation of Tenant under this Lease, and the continuance of such default for twenty (20) days after Landlord shall have given to Tenant a notice specifying the nature of such default, and the failure of Tenant to have commenced in good faith the curing or remedying of such default within such twenty (20) day period and thereafter continuously and diligently proceed therewith to completion.

       B. Remedies of Landlord. Tenant shall pay to Landlord, on demand, such expenses as Landlord may incur, including, without limitation, court costs and reasonable attorneys' fee and disbursements, as a result of a default by Tenant as described in Section 26A above. During the continuance of any Event of Default (whether occurring prior to the Commencement Date or during the Term), in addition to any other rights Landlord may have at law or in equity for Tenant's default, Landlord shall have the right, at its own option, to serve upon Tenant a notice that this Lease will terminate on a date to be specified in such notice, which date shall not be less than three (3) days after such notice, and upon the date so specified this Lease shall terminate but Tenant shall remain liable as hereinafter set forth; provided, if Tenant shall commit the same type of default in the payment of Fixed Rent or Additional Rent Charges more than six (6) times in any period of twenty-four (24) consecutive months, then, notwithstanding that such defaults have each been cured within the period after notice as provided in Section 26A, if any further similar default shall occur, Landlord may thereafter, after the passage of the applicable cure period but without specific notice to