Tenant of such default, serve upon Tenant a notice that this Lease will terminate on a date to be specified in such notice, which date shall be not less than three (3) days after such notice, and upon the date so specified this Lease shall terminate but Tenant shall remain liable as hereinafter provided. Nothing in this Section shall be deemed to require Landlord to give notices herein provided for prior to the commencement of a summary proceeding for non-payment of Fixed Rent or Additional Rent Charges or a plenary action for the recovery of Fixed Rent or Additional Rent Charges on account of any default in the payment of Fixed Rent or Additional Rent Charges, it being intended that such notices are for the sole purpose of creating a conditional limitation hereunder pursuant to which this Lease shall be terminated and Tenant shall become a holdover tenant. If this Lease shall be terminated as provided above in this Section, or if this Lease shall be terminated by summary proceedings or otherwise, or if the Demised Premises shall be abandoned during the Term, (a) Landlord or its agents, servants, or representatives, may, immediately or at any time thereafter, re-enter and resume possession of the Demised Premises and remove all persons and property therefrom, either by summary dispossess proceedings or by a suitable action or proceeding at law, or by force (if necessary) or otherwise, without being liable for any damages therefor other than those arising from negligence of Landlord, and no such re-entry shall be deemed an acceptance or surrender of this Lease, (b) Landlord may, in its own name, but as agent for Tenant if this Lease is not terminated, relet the whole or any portion of the Demised Premises for any period equal to or greater or less than the period which would have constituted the balance of the Term, for any sum which Landlord may deem reasonable, to any tenant(s) which Landlord may deem appropriate, and Landlord may grant concessions or free rent, and (c) Landlord, at Landlord's option, may make such alterations, repairs, replacements and decorations in and to the Demised Premises as Landlord in its sole judgment considers advisable and necessary for the purpose of reletting the Demised Premises, and the making of such alterations, repairs, replacements and decorations shall not operate or be construed to release Tenant from liability hereunder. Landlord shall in no event be liable in any way whatsoever for its failure to relet the Demised Premises or any part thereof, or in the event that the Demised Premises are relet for its failure to collect the rent under such reletting, and no such failure to relet or failure to collect rent shall

release or affect Tenant's liability for damages or otherwise under this
Lease. Landlord shall not in any event be required to pay Tenant any surplus
of any sums received by Landlord on a reletting of all or any part of the
Demised Premises in excess of the Fixed Rent and Additional Rent Charges
reserved in this Lease. If this Lease shall be terminated as provided above
in this Section, or if this Lease shall be terminated by summary proceedings
or otherwise, or if the Demised Premises shall be abandoned during the Term,
whether the Demised Premises shall be relet or not, Landlord shall be entitled
to recover from Tenant, and Tenant shall pay to Landlord (x) the amounts equal
to all of the expenses incurred by Landlord in connection with recovering
possession of the Demised Premises, any reletting(s), brokerage in connection
with any reletting(s), court costs, costs for making alterations, repairs,
replacements and decorations in and to the Demised Premises and otherwise
preparing the same for reletting(s), which amounts shall be due and payable by
Tenant to Landlord on demand after any such expenses are incurred by Landlord
and substantiated to Tenant, and (y) for each month of the balance of the Term
or the period which would otherwise have constituted the balance of the Term,
the amount, if any, by which (i) the sum of one monthly installment of the
Fixed Rent which would have been payable for the month in question had there
been no Event of Default, plus the amount of the Additional Rent Charges
(which shall be deemed to include one-twelfth (1/12) of an annual charge for
Percentage Rent equal to one-third (1/3) of the total Percentage Rent
chargeable to Tenant for the last three prior (3) full Lease Years, or, if
less than three (3) full Lease Years shall have elapsed, such charge shall be
equal to the average yearly Percentage Rent theretofore paid or payable by
Tenant) which would have been payable during the month in question had there
been no Event of Default exceeds (ii) the net amount, if any, of the rents
collected on account of the reletting(s) of the Demised Premises for the month
in question, which amounts shall be due and payable by Tenant to Landlord in
monthly installments on the last day of each month, and any suit brought to
collect the amount of the deficiency for any month shall not prejudice in any
way the rights of Landlord to collect the deficiency for any subsequent month
by a similar proceeding. Landlord, at Landlord's option, may make such
alterations, repairs, replacements and decorations in and to the Demised
Premises as Landlord in its sole judgment considers advisable and necessary
for the purpose of reletting the Demised Premises, and the making of such

alterations, repairs, replacements and decorations shall not operate or be construed to release Tenant from liability hereunder as aforesaid. In the event of any breach or threatened breach by either party of any of the covenants or provisions of this Lease, the other party shall have the right of injunction and the right to invoke any remedy allowed at law or in equity; mention in this Lease of any particular remedy shall not preclude either party from any other remedy at law or in equity. Tenant hereby expressly waives any and all rights of redemption granted by or under any present or future laws in the event of this Lease being terminated and Landlord obtaining possession of the Demised Premises pursuant to the provisions of this Section.

C. Additional Right of Parties to Cure Defaults. Either party may, but shall not be obligated to, cure, at any time upon thirty (30) days notice or with only telephonic notice in case of emergencies, any default(s) by the other party under this Lease, and such other party shall pay to the non-defaulting party on demand all costs and expenses incurred by the non-defaulting party in curing such default(s), including, without limitation, court costs and attorneys' fees and disbursements in connection therewith, together with interest on the amount of costs and expenses so incurred at the rate provided in Section 9 hereof. Tenant may deduct any such expenses incurred by it hereunder from one-half of the Fixed Rent and Additional Rent Charges thereafter accruing hereunder, until Tenant shall be fully reimbursed.

D. Special Bankruptcy Provision. If Tenant becomes a debtor within the meaning of the Bankruptcy Reform Act of 1978, as the same may be from time to time amended (the "Bankruptcy Code"), and, notwithstanding any other provision of this Lease, this Lease and Landlord's and Tenant's rights thereunder are then made subject to said Bankruptcy Code, it is covenanted and agreed that the failure of Tenant or its representative duly appointed in accordance with said Bankruptcy Code to (a) provide Landlord with adequate assurance that all of Tenant's obligations under this Lease shall continue to be fully complied with for the remaining term of this Lease, or (b) furnish accurate information and adequate assurance as to the source of rent and other consideration due to Landlord under this Lease, or (c) conduct or have conducted at the Demised Premises Tenant's business and use as expressly provided in this Lease, shall in any of such events be deemed an Event of Default, and Landlord shall have all rights and remedies afforded it in respect of any Event of Default. It is understood and agreed that the Demised

Premises is situate in a "shopping center" as such term is used in the
Bankruptcy Code.

27. <u>WAIVER OF SUBROGATION</u>. Each policy of insurance maintained
by Landlord or by Tenant (whether or not required under the provisions of this
Lease) with respect to the Demised Premises or with respect to any property or
improvements therein or on the balance of the Shopping Center shall include
provisions by which the insurance carrier(s) waive(s) all rights of
subrogation against the other party hereto (and against all those for whom
such party may be legally responsible) on account of any loss payable under
the policy and agrees that the policy will not be invalidated because the
insured (in writing and prior to the occurrence of any loss under the policy)
has waived part or all of its right(s) of recovery against any party on
account of any loss or damage covered by the policy. Tenant hereby waives any
and all rights of recovery which it might otherwise have against Landlord, its
agents, employees and other persons for whom Landlord may be responsible for
any loss or damage to Tenant's property or improvements in the Demised
Premises, or for interruption of Tenant's business, if the casualty is covered
by any policy of insurance maintained, or required to be maintained, by
Tenant, (or, if no insurance is maintained then such waiver shall apply to
casualties covered by fire insurance and "all risk" extended coverage,
including vandalism and malicious mischief), even though the loss or damage
results from the negligence, willful act or default under the terms of this
Lease by Landlord, its agents, employees, contractors or other persons for
whom Landlord may be responsible. Landlord hereby waives any and all rights
of recovery which it might otherwise have against Tenant, its agents,
employees and other persons for whom Tenant may be responsible for any loss or
damage to the Demised Premises, Landlord's property or any other part of the
Shopping Center, if the casualty is covered by any policy of insurance
maintained, or required to be maintained, by Landlord, (or, if no insurance is
maintained then such waiver shall apply to casualties covered by fire
insurance and "all risk" extended coverage, including vandalism and malicious
mischief), even though the loss or damage results from the negligence, willful
act or default under the terms of this Lease by Tenant, its agents, employees,
contractors or other persons for whom Landlord may be responsible.

28. <u>MECHANIC'S LIENS</u>. Nothing contained in this Lease shall be
deemed, construed or interpreted to imply any consent or agreement on the part

-39-

of Landlord to subject Landlord's interest or estate to any liability under any mechanic's or other lien. If any mechanic's or other lien or any notice of intention to file a lien is filed against the Shopping Center, or any part thereof, or the Demised Premises, or any part thereof, for any work, labor, services or materials claimed to have been performed or furnished for or on behalf of Tenant or anyone holding any part of the Demised Premises through or under Tenant, Tenant shall cause the same to be canceled and discharged of record by payment, bond or order of a court of competent jurisdiction or otherwise effectively stayed within twenty (20) days after notice by Landlord to Tenant. Landlord shall have no lien or other interest whatsoever on any personal property of Tenant, whether located in the Demised Premises or otherwise, arising out of or in any way related to this Lease or the relationship of Landlord and Tenant, and Landlord hereby waives any such lien or other interest otherwise granted or available to Landlord.

29. <u>ACCESS TO PREMISES AND EXCAVATION</u>. Landlord shall have the right to enter upon and in the Demised Premises at all reasonable times to examine the same and to make such repairs, replacements, alterations improvements and additions in the Demised Premises and in the buildings in the Shopping Center (including, without limitation, the installation, repair and replacement of pipes, duct work, conduits, utility lines and wires through the column space and partitions in the Demised Premises and beneath the lower floor slabs and above the ceiling of the Demised Premises) as Landlord may deem necessary, and to take all materials into and upon the Demised Premises that may be required therefor, without the same constituting an eviction of Tenant, in whole or in part, and without any abatement of Fixed Rent or Additional Rent Charges; provided, however, Landlord shall use reasonable efforts to avoid such entry and not to unreasonably interfere with or interrupt Tenant's business in the Demised Premises, as the case may be. If an excavation or other building operation shall be made upon land or premises above, below or adjacent to the Demised Premises, Tenant shall give to the person authorized to cause such work to be done permission and a license to enter upon and in the Demised Premises for the purpose of doing such work as such person deems necessary to preserve the building of which the Demised Premises is a part from damage and to support the same with proper foundations, without the same constituting an eviction of Tenant, in whole or in part, and without any abatement of Fixed Rent or Additional Rent Charges;

provided, however, Landlord shall use reasonable efforts to avoid any such
entry and not to unreasonably interfere with or interrupt Tenant's business in
the Demised Premises, as the case may be. Landlord shall also have the right
to enter upon the Demised Premises at reasonable times to show them to
prospective purchasers, lessors or lessees (under ground or underlying leases)
and mortgagees of all or any part of the Shopping Center. During the six (6)
months prior to the expiration of the Term, Landlord may show the Demised
Premises to prospective tenants of the Demised Premises, and, provided that
Tenant shall no longer be open for business in the Demised Premises, at any
time during said period Landlord may also place upon the Demised Premises a
"To Let" or "For Rent" sign, which sign shall not be removed, obliterated or
hidden by Tenant.

30. RULES AND REGULATIONS. Tenant shall comply with and observe
all rules and regulations (the "Rules and Regulations") which Landlord shall
from time to time promulgate for the management and use of the Shopping Center
and the Common Areas, and Tenant shall use all reasonable efforts to cause its
subtenants and concessionaires and their and Tenant's respective officers,
employees, agents, customers and invitees to comply with and observe such
Rules and Regulations after notice thereof shall be given to Tenant. Landlord
shall have the right from time to time to reasonably amend or supplement any
Rules and Regulations theretofore promulgated. Annexed hereto as Exhibit D is
a schedule of those Rules and Regulations which have been promulgated by
Landlord as of the date hereof. All Rules and Regulations shall be uniformly
applicable to and enforced against all occupants of the Shopping Center by
Landlord (including, without limitation, Landlord's store in the Shopping
Center).

31. HOLDOVER. In the event Tenant remains in possession of the
Demised Premises after the expiration of the Term, Tenant shall be deemed to
be occupying the Demised Premises as a tenant from month to month at the
sufferance of Landlord subject to all of the provisions of this Lease, except
that the Fixed Rent shall be at a monthly rate equal to one and one-half
(1-1/2) times the monthly rate in effect during the last month of the Term and
Tenant shall be responsible for any and all other damages which Landlord may
sustain by reason of such action by Tenant, after deducting therefrom the

additional Fixed Rent (i.e., one-half of the Fixed Rent otherwise payable) payable by Tenant as in this Section 31 provided.

32. OWNERSHIP OF IMPROVEMENTS. All installations, alterations, additions, betterments and improvements upon the Demised Premises, made by any party, including, without limitation, all pipes, ducts, conduits, wiring, paneling, partitions, railings, mezzanine floors, galleries and the like shall become the property of Landlord and, except as otherwise expressly provided in this Lease, shall remain upon and be surrendered with the Demised Premises as a part thereof at the expiration or sooner termination of the Term. Movable trade fixtures and other personal property which Tenant installs at its own expense shall remain Tenant's property and may be removed at any time provided Tenant promptly repairs any damage caused by such removal not constituting ordinary wear and tear.

33. END OF TERM. At the expiration or sooner termination of the Term, Tenant shall quit and surrender to Landlord the Demised Premises, broom clean and in good condition, ordinary wear and tear and damage by fire and any other casualty and eminent domain taking excepted. At such expiration or sooner termination Tenant shall remove from the Demised Premises all personal property of Tenant and, at the option of Landlord, exercised by notice to Tenant given no later than thirty (30) days after the later of the expiration or termination of the Term hereof or the day on which Tenant shall vacate the Demised Premises and surrender possession thereof to Landlord, shall remove any or all alterations and other improvements made by Tenant to the Demised Premises subsequent to the performance of Tenant's Work and which shall not be of a type customarily found in retail merchandise stores, and Tenant shall repair all damages to the Demised Premises caused by any and all such removal not constituting ordinary wear and tear. Any property which Tenant shall be obligated to remove, but shall not have removed in accordance with the provisions of this Section, shall, at the option of Landlord, be considered as abandoned by Tenant or Landlord may order same removed at Tenant's expense.

34. QUIET ENJOYMENT. Landlord covenants that Tenant, on paying the Fixed Rent and Additional Rent Charges and performing all of Tenant's obligations under this Lease, shall peacefully and quietly have, hold and enjoy the Demised Premises, the Common Areas and the appurtenances throughout the Term without hindrance, ejection or molestation by any person lawfully

-42-