50. <u>UNDERLYING LEASE</u>.  Tenant hereby acknowledges that this Lease is a sublease of the Demised Premises, under a lease from Concar Ranch & Enterprises, Inc. ("Overlandlord") to Edbro California Realty Company, Inc. dated April 1, 1970 (the "Overlease"), the tenant's interest in which is now held, pursuant to mesne assignments, by Landlord.  Tenant further acknowledges that this Lease is subject to, and with the benefit of, the Overlease; however, Landlord specifically acknowledges that such status of this Lease vis-a-vis the Overlease, as also referred to in <u>Section 34</u> hereof, shall not derogate in any way from Landlord's obligations hereunder, Landlord being fully bound to Tenant for the performance and observance of all of the obligations of the landlord under this Lease as originally written, notwithstanding anything to the contrary or anything inconsistent herewith contained in the Overlease, such status intended, as between Landlord and Tenant, to apply to priority of lien on the Shopping Center.  Further, Overlandlord shall not be deemed, by virtue of the aforesaid recitation of the subordinate status of this Lease to the Overlease or otherwise, to have any rights against Tenant greater than the rights of Landlord provided in this Lease.

Without derogating from the generality of the provisions of the immediately preceding paragraph regarding the enforceability of Landlord's obligations under this Lease, Landlord specifically agrees to perform all of its obligations under the Overlease, at the times and in the manner therein required.  If Landlord shall receive notice of default under the Overlease, Landlord shall send a copy of such notice to Tenant, and in any event advise Tenant of the action Landlord has taken or proposes to take in response to such notice, and shall notify Tenant when Landlord has cured such default.  In all events Landlord shall indemnify Tenant and save Tenant harmless from any and all loss, cost or expense, or claims thereof, suffered or incurred by Tenant in connection with any such default, or alleged default, by Landlord.  Further, Tenant shall at all times have the right, upon the failure of Landlord to so cure within twenty (20) days (or such shorter period as shall be required under the circumstances in order to avoid a termination of the Overlease) after Tenant shall have given notice thereof to Landlord, to cure, for the account of Landlord, any such default which shall, in Tenant's reasonable judgment, be of such a nature as to jeopardize Tenant's continued right to quiet enjoyment under this Lease; and any monies reasonably and actually expended by Tenant in connection therewith shall, if not reimbursed

by Landlord to Tenant within twenty-five (25) days after Landlord's receipt of written demand therefor from Tenant (which demand shall be accompanied by a statement showing in all reasonable detail each of the costs and expenses so incurred), be deductible from Fixed Rent or other payments thereafter accruing under this Lease.

Landlord warrants and represents to Tenant that the Overlease is in full force and effect; Landlord has not received any notice from Overlandlord of any defaults under the Overlease, nor, to the best of Landlord's knowledge, is Landlord in default in any way under the Overlease; Landlord has the full right, power and authority to enter into this Lease; all consents of Overlandlord required herefor have been obtained; to the best of Landlord's knowledge, Landlord has heretofore performed all of its obligations under the Overlease as thereby required and knows of no default by Overlandlord under the Overlease; and the photocopy of the Overlease which has been delivered by Landlord to Tenant is a true, correct and complete photocopy of the Overlease, which has not been modified, amended or supplemented in any way except as provided in such copy.  Landlord shall not modify any of the provisions of the Overlease to any extent which shall adversely affect the rights of Tenant under this Lease, or surrender the Overlease, or waive any right or provision thereunder to any extent which shall adversely affect the rights of Tenant under this Lease, or consent to or approve any action by Overlandlord to any extent which shall adversely affect the rights of Tenant under this Lease, without the prior written consent of Tenant, and any purported modification (where such consent of Tenant shall be required hereunder) or surrender made without such consent of Tenant shall be null and void, and in any event no such modification or surrender shall have any effect on the rights of Tenant under this Lease.  Landlord shall not subordinate the Overlease to any other instrument or encumbrance without the consent of Tenant, which consent shall not be unreasonably withheld or delayed and which consent shall be deemed given if Tenant shall not have responded to any request therefor from Landlord within thirty (30) days after Landlord shall have made such request.  Landlord shall not exercise any election to terminate the Overlease without the consent of Tenant.  During the Term of this Lease, Landlord shall take all action and do all things required under the provisions of the Overlease to keep the Overlease in full force and effect as currently written, subject to the provisions of the third preceding sentence.

51. <u>RECIPROCAL EASEMENT AGREEMENTS</u>. Reference is made to that Declaration of Encumbrances dated January 23, 1968, between Albertson's, Inc. and Concar Ranch and Enterprises, Inc., as amended by First Amendment to Declaration of Encumbrances dated March 26, 1984, with respect to the Shopping Center and the development immediately to the west of the Shopping Center, shown as "Parcel I" on <u>Exhibit A</u> attached hereto (such agreement being herein referred to as the "REA"). The Demised Premises are, and by this Lease are granted and demised to Tenant, with the benefit of the REA. In addition, although the Demised Premises and the rights of Tenant under this Lease are, also, necessarily subject to the REA as between the parties hereto all provisions of this Lease shall be superior and paramount to the REA, in the same manner as the provisions of this Lease shall as between Landlord and Tenant be superior to the Master Lease, as provided in <u>Section 50</u> hereof, Landlord being fully obligated to perform all of its obligations under this Lease notwithstanding anything to the contrary or anything inconsistent contained in the REA.

IN WITNESS WHEREOF, Landlord and Tenant have hereunto executed this Lease as of the day and the year first above written.

ATTEST:                                   CIRCUIT CITY STORES, INC.

B. B. Cummings, Jr.
(SEAL)  Ass't Sec'y

By _____
   SR. Vice President
                          LANDLORD

ATTEST:                                   THE TJX COMPANIES, INC.

By _____
   President
                          TENANT

(SEAL)

Vice President

-52-



EXHIBIT A

EXHIBIT B

COMMENCEMENT DATE AGREEMENT

THIS AGREEMENT, made as of this _____ day of _____, 198_, between CIRCUIT CITY STORES, INC. (herein called "Landlord"), and THE TJX COMPANIES, INC. (herein called "Tenant").

W I T N E S S E T H:

WHEREAS, Landlord is the owner of a leasehold estate in the shopping center situate at the southwest corner of South Grant Street and Concar Drive in San Mateo, San Mateo County, California (herein called the "Shopping Center"); and

WHEREAS, by that certain lease dated _____, 19__ (herein called the "Lease"), Landlord leased to Tenant certain space (herein called the "Demised Premises") in the Shopping Center; and

WHEREAS, a memorandum or short form lease in respect of the Lease was recorded in the office of the Clerk of San Mateo County, California, on the _____ day of _____, 19__, in Liber _____ at Page _____ of Conveyances; and

WHEREAS, Tenant is now in possession of the Demised Premises and the term of the Lease has commenced; and

WHEREAS, under Section 2 of the Lease Landlord and Tenant agreed to enter into an agreement setting forth certain information in respect of the Demised Premises and the Lease;

NOW, THEREFORE, Landlord and Tenant agree as follows:

1. The term of the Lease commenced on, and the Commencement Date (as such term is defined in the Lease) was, _____, 19__. The term of the Lease shall expire on _____, 19__ unless Tenant exercises any option to extend the term of the Lease or unless the Lease terminates earlier as provided in the Lease.

2. The date of commencement of the First Extended Period (as such term is defined in the Lease) shall be _____, 19__ if Tenant