**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
**In re:**                                      :    Chapter 11
                                                :    Case No. 08-35653
**CIRCUIT CITY STORES, INC., <u>et al.</u>,**   :    Jointly Administered
                                                :
                                                :
**Debtors.**                                    :
                                                :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY TO DEBTORS' OBJECTION TO MOTION OF
NORTH PLAINFIELD VF LLC AND MARLTON VF LLC
TO COMPEL DEBTORS TO PERFORM POSTPETITION
OBLIGATIONS PURSUANT TO 11 U.S.C § 365(d)(3)**

North Plainfield VF LLC and Marlton VF LLC (the "Landlords") hereby submit their

reply (the "Reply") to the *Debtors' Objection to Motion of North Plainfield VF LLC and Marlton*

*VF LLC to Compel Debtors to Perform Postpetition Obligations Pursuant to 11 U.S.C §*

---

Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)
**SANDS ANDERSON MARKS & MILLER, P.C.**
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219 (23219-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291
-AND-
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone: (212) 859-8000
Fax: (212) 859-4000
   *Counsel for North Plainfield VF LLC and Marlton VF LLC*

*365(d)(3)* (the "Objection"). In support of their Reply,[1] the Landlords respectfully state as follows:

## REPLY

1.     Under the Leases and Cection 365(d)(3) of the Bankruptcy Code, the Debtors are obligated to remove all liens against the Landlords' interest in the Premises.  The Debtors argue in their Objection that because certain contractors filed their mechanic's liens after the filing of the Debtors' Chapter 11 petition, they violated the automatic stay under Section 362 of the Bankruptcy Code and their liens should therefore be void <u>ab</u> <u>initio</u>.  To the extent that this Court's ruling with respect to avoiding any and all liens filed against the Debtors' and Landlords' interests in the Premises satisfies the Debtors' obligations to remove all such liens in their entirety, the Landlords will have no further issue.  However, it should be clear that anything short of such a result would still leave the Debtors with their existing obligations under the Leases to remove all liens filed against the Premises.

2.     The Debtors also argue in their Objection that, because the work underlying the mechanic's liens was completed prior to or on the Petition Date, the Debtors have no obligation to remove the liens.  This argument, however, completely misses the point that, regardless of when the work underlying the liens took place, the question of whether the Debtors are required to remove the liens pursuant to Section 365(d)(3) should rightly focus on when the Debtors' **obligation** to the Landlords to remove such liens arose.

---

[1]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Motion of North Plainfield VF LLC And Marlton VF LLC To Compel Debtors To Perform Post-Petition Obligations Pursuant to 11 U.S.C § 365(d)(3)* filed on December 19, 2008 (Docket No. 1142) (the "Motion to Compel").

3. In fact, with respect to certain mechanic's liens that were actually filed after the Debtors filed their Chapter 11 petitions,[2] the Debtors admit in their own Objection that under the New Jersey Construction Lien Law ("NJ Lien Law"),[3] the time of the performance of the underlying work is irrelevant in determining when a mechanic's lien is determined to have arose, in connection with the Debtors' argument that the liens violate the automatic stay.

4. As discussed in the Debtors' Objection, determining when a mechanic's lien is deemed to have arisen depends on the state law applicable to the lien. *See In Yobe Elec., Inc.,* 728 F.2d 207 (3d Cir. 1984); *see also Concrete Structures, Inc. v. Tidewater Crane and Rigging Co. (In re Concrete Structures, Inc.),* 261 B.R. 627, 639 (E.D. Va. 2001) (holding that state law is the "generally applicable law" under section 546).

5. NJ Lien Law provides that a mechanic's lien attaches only at the time of the filing. *See Schoonover Elec. Co. v. Enron Corp. (In re Enron Corp.)*, 294 B.R. 232, 239-40 (Bankr. S.D.N.Y. 2003) (finding that under NJ Lien Law, postpetition perfection of liens does not relate back to prepetition). As the court in In re Enron stated, "[r]ather than suggesting that lien filing dates back to the commencement of a claimant's service period or that a lien claim is established at such time, § 10 [of the NJ Lien Law] makes clear that a lien claim attaches only at the time of filing [the lien claim], regardless of the fact that a contractor may be entitled to a lien . . ." *Id.* at 239.

6. Once the Debtors acknowledge that under NJ Lien Law these Liens only attach upon filing, the Debtors cannot then successfully argue, as they attempt to do, that the obligation

---

[2] While at the time of the filing of the Motion, the only liens filed against the North Plainfield Premises were filed by A.J. Maglio, Inc., such liens have since been discharged. However, on January 8, 2009, the Schimenti Construction Company LLC filed a lien (the "Schimenti Lien") against the North Plainfield Premises in the amount of $684,124.70.

[3] N.J. Stat. Ann. § 2A:44A-1, *et seq.*

3

to remove such liens did not arise postpetition. Such obligations should, therefore, be required to be timely performed pursuant to Section 365(d)(3).

7. The one case the Debtors rely on in support of their argument, *In re Designer Doors, Inc.,* 389 B.R. 832 (Bankr. D. Ariz. 2008), is completely inapposite to the instant matter for this very reason. In that case, which involved similar facts as here, a building contractor performed prepetition work for the debtor. Under the debtor's lease with its landlord, the debtor was obligated to keep the property free of liens and indemnify the landlord in case any liens were recorded in connection with the debtor's use of the property. After the debtor filed its chapter 11 petition, the building contractor recorded a lien against the property and subsequently filed suit against the landlord. In turn, the landlord filed an administrative expense claim against the debtor. In analyzing when the debtor's obligation to remove the lien arose, the Arizona bankruptcy court found that because the contractor "performed its labor and supplied its materials prepetition, the **lien arose prepetition, even though not perfected until postpetition**." *Id.* at 836 (emphasis added). The court specifically cited Arizona statutory law to reach that conclusion, finding that under the Arizona law a mechanic's lien arises "long before it is recorded." *Id.*

8. While *Designer Doors* accurately represents Arizona law, such law is irrelevant to the instant matter. Under Arizona law, a "lien attaches and begins to accrue at **the time the labor is commenced** or the materials are furnished." *See Adams Insulation Co. v. Los Portales Assocs. Ltd. P'ship,* 167 Ariz. 112, 113 (Ariz. Ct. App. 1991) (emphasis added). As the Debtors have admitted in their Objection, however, controlling New Jersey law mandates that a lien claim in New Jersey attaches only from the time of filing, regardless of whether a contractor may be entitled to a lien before that. *See In re Enron Corp.,* 294 B.R. at 239-40; *see also In re*

*Valairco, Inc.,* 9 B.R. 289, 294 (Bankr. D. N.J. 1981) ("It is fundamental that the lien does not materialize until all the statutory requisites are met.") (*quoting Friedman v. Stein,* 4 N.J. 34, 71 A.2d 346 (1950)).  This also explains why, under Arizona law, liens that were filed postpetition on account of prepetition work will relate back to the prepetition period, which presents a further distinction of the Debtors' reliance on *Designer Doors*.  *See Adams Insulation,* 167 Ariz. at 113 ("In Arizona, the recording of a mechanic's lien relates back to an act of the contractor").

9. In contrast to the Debtors' unsupportable claim that the liens are not postpetition obligations under Section 365(d)(3) of the Bankruptcy Code, controlling NJ Lien Law clearly provides that the liens do not become valid until filed, which in this case, was postpetition for five out of the six liens filed with respect to the Premises.  As such, the Debtors' obligations under the North Plainfield Lease and the Marlton Lease to cause the removal of such liens are postpetition obligations that are required to be timely performed under Section 365(d)(3).

10. Furthermore, the Leases specified that the obligation to remove any liens only arises after receipt of written notice of such liens.  Thus, even with respect to the one (1) lien filed by Trane US Inc., which was filed shortly before the filing of the Debtors' Chapter 11 petitions, the obligation to remove such lien arose postpetition because, on information and belief, written notice of the lien was only provided to the Debtors by counsel for Trane US Inc. after the filing of the Debtors' Chapter 11 petitions.

11. Given the mandatory directive of Section 365(d)(3) that the debtor "**shall** timely perform **all** obligations . . . under any unexpired lease of nonresidential real property, until such lease is assumed or rejected," the Debtors should, therefore, be compelled to comply with the provisions in the North Plainfield Lease and the Marlton Lease that require the Debtors to cause the Liens to be removed.

WHEREFORE, by reason of the foregoing and the arguments raised in the Motion to Compel, the Debtors should be compelled to take all necessary steps to remove the liens (including the most recently-filed Schimenti Lien) against the Premises.

**Respectfully Submitted,**

**NORTH PLAINFIELD VF LLC and MARLTON VF LLC,**

**By Counsel**

/s/ Lisa Taylor Hudson
_____
Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)
SANDS ANDERSON MARKS & MILLER, P.C.
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219 (23219-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291

-and-

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone: (212) 859-8000
Fax: (212) 859-4000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2009, a true and accurate copy of the foregoing was electronically filed with Clerk of the Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached service list, as well as sent by electronic mail additionally to counsel for Debtors.

/s/ Lisa Taylor Hudson

---

**SERVICE LIST**

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
  *Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
  *Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
    *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
    *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
    *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
    *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
    *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
    *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
    *Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
    *Counsel for the Creditors Committee*

Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
    *Counsel for the Creditors Committee*