Kevin A. Lake
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

**UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**HAGAN PROPERTIES, INC.'S MOTION TO COMPEL DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. § 365(d)(3) AND 503(b) AND FOR RELATED RELIEF; AND MEMORANDUM IN SUPPORT**

Hagan Properties, Inc. ("HPI") by and through its undersigned counsel and in support of its above-captioned motion (the "Motion"), respectfully submits the following:

**Preliminary Statement**

1. HPI, by the Motion, seeks an order:  a) compelling Circuit City Stores, Inc. and its affiliated entities (collectively, "Debtor") to immediately pay administrative rent pursuant to 11 U.S.C. § 365(d)(3)  and 503(b); and b) granting it related relief.

2. Debtor has not paid November 2008 post-petition administrative rent (hereinafter, the "Stub Rent") to HPI.

3. Absent a court order directing Debtor to "timely perform all of the obligations" under its lease with HPI, it appears likely that Debtor will continue to violate the provisions of § 365(d)(3).

4. Accordingly, HPI seeks an order directing Debtor to immediately to pay the Stub Rent as required under the United States Bankruptcy Code (hereinafter, the "Code").

## Jurisdiction

5. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory basis for the relief sought herein is found in 11 U.S.C. §§ 365(d)(3), 503(b)(1)(A) and 105.

## Background

9. HPI is currently the landlord with respect to real property located at Shelbyville Road Plaza Shopping Center, 4600 Shelbyville Road, Louisville, KY (the "Premises"). HPI is the successor-in-interest to Hagan Development Co.

10. Pursuant to the lease dated August 3, 2000, as amended (hereinafter, the "Lease"), HPI's predecessor-in-interest leased the Premises to Debtor. A true and complete copy of the Lease is attached hereto as an exhibit.

11. Pursuant to the Lease, Debtor is required to pay, on the first of each month, base rent, common area maintenance charges or "CAM," and property insurance (collectively, the "Rent"). The total sum of the Rent is $55,450.00. Debtor is also required under the Lease to pay annual real property taxes accrued.

12. On November 10, 2008 (the "Petition Date"), each of the above-referenced

debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

13. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Code.

14. Debtor currently remains in possession of and enjoys the use and occupancy of the Premises.

15. Since the Petition Date, Debtor has failed to pay Rent to HPI for the entire month of November 2008, including the Stub Rent in the amount of $37,151.50, which is comprised of postpetition Rent accrued from November 10 – November 30. Annual real property taxes have also continued to accrue postpetition and the foregoing figure is exclusive of such taxes.[1]

## RELIEF SOUGHT

16. HPI seeks an order (a) directing Debtor to immediately pay the Stub Rent pursuant to §§ 365(d)(3) and 503(b), and (b) granting related relief.

## BASIS FOR RELIEF

### HPI IS ENTITLED TO IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE RENT

17. Section 365(d)(3) of the Bankruptcy Code provides in relevant part:

> The Trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property,

---

[1] Debtor *has* paid in full the Rent due and owing for December 2008 and January 2009.

3

        until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

(emphasis added).

18. The unique position of the nonresidential lessor during the post-petition, pre-rejection period is recognized and addressed by 11 U.S.C. § 365(d)(3) and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.,* 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential lease obligations, § 365(d)(3) protects those lessors from the specter of ever increasing losses during the post-petition, pre-rejection period. In *In re Pudgie's,* the Bankruptcy Court of the Southern District of New York strictly construed § 365(d)(3) to hold that nonresidential lessors were entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

19. This Court and other jurisdictions have repeatedly held that § 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corporation,* 277 B.R. 655, 665 (Bankr. E.D.Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is field until the date the lease is rejected"), *rev'd on other grounds,* 367 F.3d 237 (4th Cir. 2004). Indeed the court in *Trak Auto* specifically recognized that ["a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Id. at 669. *See also In re Best Products Company, Inc.,* 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted §365(d)(3) to guarantee that landlords would not be placed at a disadvantage fro providing post-petition services to the debtor"); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.),* 161 B.R. 571, 575

4

(S.D.N.Y. 1993) (Section 365(d)(3) fixes :"the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease…and by requiring these payments to be paid at the time required in the lease"); *In re Financial News Network, Inc.,* 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993). Accordingly, the Debtor is required to immediately pay the November base rent, on a prorated basis for the rent covering the period from the date of the filing of the petition until the end of the month.

20. In light of the Debtor's failure to the Stub Rent to HPI, absent a Court Order, it appears Debtor will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, the Court should enter an order directing Debtor to immediately pay administrative rent pursuant to § § 365(d)(3) and 503(b) of the Bankruptcy Code.

21. Furthermore, the Lease provides that Debtor is obligated to promptly reimburse HPI for all reasonable legal fees incurred in connection with enforcing the Lease after Debtor breaches any obligation under the Lease, in the event that HPI is the prevailing party in such enforcement matter. Accordingly, HPI requests that Debtor be directed to pay the attorneys' fees incurred by HPI in connection with filing and prosecuting this Motion.

### Joinder in Other Motions

22. HPI joins in motions to compel and for reconsideration of this Court's Order(s) denying such motions which have been filed by other landlords to the extent not inconsistent with this Motion.

**WHEREFORE,** HPI respectfully request the entry of an order (i) compelling Debtor to immediately pay HPI its administrative rent, plus other future rent and charges as provided in the

Lease, including HPI's costs and attorneys' fees in connection with this Motion, and (ii) granting such other relief which the Court deems just and proper.

Respectfully Submitted,

Dated:  January 15, 2009    **VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

*Counsel for Hagan Properties, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion and Notice of Motion and Hearing to all parties receiving notice via ECF on January 15, 2009:

/s/  Kevin A. Lake
Kevin A. Lake