Malcolm M. Mitchell, Jr. (VSB No. 18098)
Vorys, Sater, Seymour and Pease LLP
277 South Washington Street, Suite 310
Alexandria, VA 22314
Telephone:  703-837-6999
Facsimile:   703-549-4492
Email:  MMMitchell@vorys.com

and

Tiffany Strelow Cobb (OH-0067516)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone: 614-464-8322
Facsimile:  614-719-4663
Email:  tscobb@vorys.com

*Counsel for AOL LLC and Platform-A Inc.*

**Objection Deadline: 2/6/09**
**Hearing: 2/13/09 @ 10:00 a.m.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-35653-KRH |
| Debtors. | ) | Jointly Administered |
| | ) | Judge Kevin R. Huennekens |
| AOL LLC and PLATFORM-A INC. | ) | |
| Movants, | ) | |
| v. | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| Respondent. | ) | |

**MOTION OF AOL LLC AND PLATFORM-A INC. FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, FOR AUTHORITY TO TERMINATE CERTAIN ADVERTISING AGREEMENTS IN ACCORDANCE WITH THEIR TERMS**

AOL LLC ("AOL") and its related entity, Platform-A Inc., formerly known as Advertising.com ("Platform-A") (AOL and Platform-A are collectively referred to as "Movants") respectfully move the Court pursuant to Sections 105 and 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001(a)-1, for relief from the automatic stay, to the extent necessary, for authority to terminate certain advertising agreements by and between the Movants and one or more of the above-captioned debtors ("Circuit City" or "Debtors"). In support thereof, Movants state as follows:

**PRELIMINARY STATEMENT**

As set forth more fully below, AOL and Platform-A entered into certain Agreements (defined *infra*) pursuant to which AOL and Platform-A have the contractual right to terminate the Agreements for any reason upon written notice. Of course, Debtors' commencement of the above-referenced cases (the "Bankruptcy Cases") does not enlarge Debtors' contractual rights by limiting the ability of the Movants to terminate the Agreements according to their terms. Because Debtors' interest in the Agreements is circumscribed by the terms of such Agreements, including the termination provisions, Movants submit that relief from the automatic stay is unnecessary to effectively terminate the Agreements. Nonetheless, out of an abundance of caution, Movants seek relief from the automatic stay, to the extent applicable, to terminate the Agreements in accordance with their terms. Movants further seek the entry of the Court's order *nunc pro tunc* to the

date for which Movants served their written notices of termination, thereby ensuring that the Debtors' contractual rights are not improperly enlarged by the passage of time greater than that required by the Agreements to effectuate a termination.

## BACKGROUND

1.  On November 10, 2008 (the "Petition Date"), Debtors commenced the Bankruptcy Cases by filing their voluntary petitions (the "Petitions") for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Virginia (the "Court").

2.  From and after the Petition Date, the Debtors have managed their affairs as debtors-in-possession.

3.  The Court has jurisdiction over this matter under Sections 157 and 1334 of Title 28 of the United States Code ("Title 28"). This is a core proceeding pursuant to Sections 157(b)(2)(A), (G) and (O) of Title 28. The venue of this case and this Motion is proper under Sections 1408 and 1409 of Title 28.

## THE AGREEMENTS

4.  On or about February 13, 2008, Platform-A and Circuit City entered into that certain Add-on Insertion Order Contract for, among other things, search placement delivered by Platform-A on behalf of Circuit City pursuant to Platform-A's Search Engine Service (the "Search I/O Agreement").[1]

5.  The Search I/O Agreement expressly provides that "Either party may cancel this Agreement at any time with ten (10) business days prior written notice."

---

[1] The Agreements as defined herein include, among other things, confidentiality provisions. Circuit City is presumably in possession of the Agreements; if not, Movants will provide a copy upon request. Moreover, and to the extent necessary, Movants can provide the Agreements to the Court for *in camera* review or file the Agreements under seal.

3

6. On March 11, 2008, AOL LLC and Circuit City entered into that certain Amendment to the inStore Insertion Order Agreement (the "Shopping AOL I/O Agreement"), pursuant to which AOL provides Circuit City advertisements. The Standard Terms and Conditions applicable to the Shopping AOL I/O Agreement explicitly states that "AOL may terminate this Insertion Order at any time for any reason upon thirty (30) days written notice to [Circuit City]."

7. Post-petition, Platform-A and Circuit City entered into the following advertising agreements: a) Add On Insertion Order #00429 between Platform-A and Circuit City, dated December 22, 2008; and b) Insertion Order #00453 between Platform-A and Circuit City, dated January 8, 2009 (the "Post-Petition Agreements").

8. Both of the Post-Petition Agreements provide that "[e]ither party may cancel this agreement at any time with two (2) business days advance written notice."

9. The Search I/O Agreement, the Shopping AOL I/O Agreements, and the Post-Petition Agreements are collectively referred to herein as the "Agreements."

10. The Agreements' termination provisions at issue are thus terminable at will and are not conditioned on the insolvency or financial condition of the debtor at any time before the closing of the case; the commencement of a case under this title; or the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11. On Friday, January 16, 2008, Debtors sent notice to AOL and Platform-A directing them to immediately pause Circuit City's banner campaigns. See Exhibit A.

12. On Friday, January 16, 2008, Movants sent protective, written notice of termination of the Agreements.

4

## ARGUMENT

13.     Section 362(d)(1) of the Bankruptcy Code provides that "[o]n the request of a party in interest and after notice and hearing, the court shall grant relief from stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define what constitutes "cause."  Accordingly, the Fourth Circuit Court of Appeals instructs that courts must determine whether to grant relief from stay "on a case-by-case basis."  Claughton v. Mixson (In re Mixson), 33 F. 3d 4, 5 (4th Cir. 1994) (citation omitted).

14.     A debtor in bankruptcy is not granted greater rights and powers under a contract than it had outside of bankruptcy.  See Valley Forge Plaza Assocs. v. Schwartz, 114 B.R. 60, 62 (E.D. Pa. 1990); see also Heaven Sent Ltd. v. Commercial Union Ins. Co. (In re Heaven Sent Ltd.), 37 B.R. 597 (Bankr. E.D. Pa. 1984) (citing White Motor Corp. v. Nashville White Trucks, Inc., 5 B.R. 112, 117 (Bankr. M.D. Tenn. 1980)); In re Anne Cara Oil Co., Inc., 32 B.R. 643, 647-48 (Bankr. D. Mass. 1983) (the ability to terminate a contract on its own terms survives bankruptcy) (citations omitted).  Consequently, the termination of a contract in compliance with its terms generally does not violate the automatic stay.  See Valley Forge, 114 B.R. at 62 (post-petition sending of notice of termination of pre-petition agreement, pursuant to its terms, did not violate the automatic stay).

15.     Here, according to their terms, the Agreements terminate after either party gives written notice of termination.  Specifically, either party may cancel the Search I/O Agreement "at any time with ten (10) business days prior written notice."  AOL is authorized to terminate the Shopping AOL I/O Agreement "at any time for any reason

5

upon thirty (30) days written notice to [Circuit City]." Under the Post-Petition Agreements, either party may cancel such agreements "at any time with two (2) business days advance written notice."

16. The filing of the Bankruptcy Cases does not alter the terms of the Agreements or the parties' rights there under. To deny Movants' request for relief from stay to exercise their contractual right to give notices of termination would improperly give Debtors greater rights under the Agreements than existed prior to the Bankruptcy Cases. Debtors' lack of a contractual right to block Movants' termination of the Agreements constitutes "cause" for granting Movants relief from the automatic stay. See, e.g., Sanden v. Chautauqua Capital Corp. (In re Chautauqua Capital Corp.), 135 B.R. 779, 782 (Bankr. W.D. Pa. 1992); Nashville White Trucks, 5 B.R. at 119.[2]

17. Further, Debtors will not suffer harm from the termination of the Agreements. Indeed, Debtors served notice on AOL and Platform-A asking each to pause certain advertising campaigns. See Exhibit A. In addition, at various times during the weekend of January 17, 2009, Debtors' website appeared to be non-functional, and any individuals led there through Movants' advertising campaigns for the purpose of purchasing products could no longer do so.

18. The only exception to the rule that bankruptcy does not expand a debtor's contractual rights is inapplicable to the Agreements. Section 365(e) of the Bankruptcy Code provides that an executory contract may not be "terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any

---

[2] With respect to the Post-Petition Agreements, the automatic stay is further inapplicable because pursuant to § 541(a) of the Bankruptcy Code, a contract entered postpetition is not property of the estate. Thus, by definition, terminating a contract entered postpetition cannot constitute an act to obtain possession of or to exercise control over property of the estate, and therefore does not violate the automatic stay. Cf. § 362(a)(3).

6

time after the commencement of the case *solely because of a provision in such contract* or lease that is *conditioned on*-(A) the insolvency or financial condition of the debtor at any time before the closing of the case; (B) the commencement of a case under this title; or (C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement." 11 U.S.C. § 365(e)(1)(A)-(C) (emphasis added). Significantly, "[t]he application of § 365(e)(1) is limited to the three types of clauses listed in the subparagraphs. If the termination or modification is triggered by a condition other than one of those three, it will not be invalidated by § 365(e)(1)." In re Margulis, 323 B.R. 130, 135-36 (Bankr. S.D.N.Y. 2005) (citations omitted); see also, e.g., Yates Dev., Inc. v. Old Kings Interchange, Inc. (In re Yates Dev., Inc.), 256 F.3d 1285, 1289 (11th Cir. 2001) ("contractual termination clauses that are triggered by conditions other than the three listed in subsections (A), (B), and (C), would not be invalidated by operation of section 365(e)(1)" [internal marks omitted] [citing Summit Inv. and Dev. Corp. v. Leroux, 69 F.3d 608, 611 (1st Cir.1995))]).

19.     Assuming, *arguendo*, that the Agreements are executory contracts, the exception set forth in Section 365(e)(1) is inapplicable here. Here, *no* triggered termination provision of the Agreements is *conditioned* on the insolvency or financial condition of the Debtors; the commencement of a bankruptcy case; or the appointment of a trustee or a custodian. Instead, the termination provisions are *unconditional*; they permit the termination of the Agreements for any reason. Because the Agreements' contractual termination clauses are *not* triggered by the conditions listed in Section 365(e)(1), the general rule that the Debtors cannot enlarge their contractual rights applies, and termination of the Agreements in accordance with their terms cannot be invalidated.

7

20.     As noted, Movants sent notices of termination on Friday, January 16, 2009.  To ensure that the Debtors' contractual rights are not improperly enlarged by the passage of time greater than that required by the Agreements to effectuate a termination, Movants respectfully request the entry of the Court's order *nunc pro tunc* to the date for which Movants served their written notice of termination.

## WAIVER OF MEMORANDUM OF LAW

21.     In accordance with the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures dated November 13, 2008 (the "CMO"), the requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

## NOTICE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

**If you do not wish the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, then on or before February 6, 2009, you must file a written response, explaining your position, with the Court and serve a copy on the movant. Unless a written response is filed and served on or before February 6, 2009, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before February 6, 2009.**

**If you file a response to the motion, a hearing will be held on February 13, 2009 at 10:00 a.m.**

WHEREFORE, Movants AOL LLC and Platform-A Inc. respectfully request that the Court enter an order granting their request for relief from the automatic stay for the authority to terminate the Agreements *nunc pro tunc* to the date for which written notice was given to Debtors in accordance with the terms of such Agreements.

Dated: January 19, 2009　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Malcolm M. Mitchell, Jr.
　　　　　　　　　　　　　　　　　　　　Malcolm M. Mitchell, Jr. (VSB No. 18098)
　　　　　　　　　　　　　　　　　　　　Vorys, Sater, Seymour and Pease LLP
　　　　　　　　　　　　　　　　　　　　277 South Washington Street, Suite 310
　　　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　　　　E-mail: mmmitchell@vorys.com

　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　Tiffany Strelow Cobb, Esq. (OH-0067516)
　　　　　　　　　　　　　　　　　　　　Vorys, Sater, Seymour, and Pease LLP
　　　　　　　　　　　　　　　　　　　　52 East Gay Street
　　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43216
　　　　　　　　　　　　　　　　　　　　Phone: (614) 464-8322
　　　　　　　　　　　　　　　　　　　　Fax:　  (614) 719-4663
　　　　　　　　　　　　　　　　　　　　E-mail: tscobb@vorys.com

　　　　　　　　　　　　　　　　　　　　*Counsel for AOL LLC and Platform-A Inc.*

---

**From:** Julie_Borill@circuitcity.com [mailto:Julie_Borill@circuitcity.com]
**Sent:** Friday, January 16, 2009 3:50 PM
**Cc:** Susanna M. Tully; Martin Smith; adam.hill@trueffect.com; Shapiro, Dan; Jackie_Niblock@circuitcity.com; Jennifer_Hanley@circuitcity.com; Ellen_Duffie-Fritz@circuitcity.com
**Subject:** To Our Partners

This email is going to all of our current site and network partners.

Due to today's developments, we ask that you immediately **pause** Circuit City's banner campaigns. We are requesting you pause us, as opposed to cancel our campaigns, as there is a slight chance we could go live again.

Please notify TruEffect at traffic@trueffect.com once you have pulled down the tags and also confirm you've received this by responding back to me.

I'm sure you will have questions; we will be back in the office on Monday morning and you will be able to reach me then.

Thank you!

Julie Borill
Asst. Manager, Digital Marketing
Circuit City Stores, Inc.
804-486-6374

---


EXHIBIT A