**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[1] | Case No. 08-35653-KRH |
| | (Jointly Administered) |
| Debtors. | |

**AGREED ORDER PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 18, 2008**

Upon consideration of the Application of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 cases of Circuit City Stores, Inc. and its affiliated debtors-in-possession (collectively, the "Debtors") for an Order Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Retention and Employment of Jefferies & Company, Inc. ("Jefferies") as Financial Advisors to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to November 18, 2008 and upon

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA 23219 |
| Los Angeles, CA 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| Proposed Counsel for the Official Committee of Unsecured Creditors | Proposed Co-Counsel for the Official Committee of Unsecured Creditors |

the Declaration of Michael Henkin in support of the Application; and notice having been given to the Office of the United States Trustee, the Debtors, and all parties that have appeared and requested service of papers in these cases and, therefore, it appearing that good and sufficient notice having been given and no other or further notice need be given; and no objections to the Application having been filed; and this Court finding, further, that Jefferies does not hold or represent any interest adverse to the Debtors' estates in the matters on which it is to be retained, that Jefferies is a "disinterested" person as that term is defined in section 101(14) of Title 11 of the United States Code (the "Bankruptcy Code"); that the terms and conditions of Jefferies employment as set forth in the Application and the Jefferies Engagement Letter (as defined in the Application), as modified by this Order, are reasonable including, without limitation, the Fee Structure and Indemnity (in each case as defined in the Application), that its employment as a financial advisor to the Committee and the terms thereof are in the best interests of the Debtors' estates; that the Debtor's informal objection to the employment of Jefferies is deemed resolved by the provisions contained in this Order;, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that pursuant sections 328(a) and 1103(a) of the Bankruptcy Code, the Application is hereby granted and that Jefferies is hereby employed as the Committee's financial advisor, effective as of November 18, 2008, and continuing through and including January 31, 2009 (such period, the "Initial Retention Period"), on the terms and conditions set forth in the Jefferies Engagement Letter as modified in the Application and as further modified by this Order; and it is further

ORDERED to the extent not previously resolved, withdrawn or reserved, any and all objections to the Application are overruled in their entirety; and it is further

ORDERED that the terms and conditions of Jefferies' retention pursuant to the Jefferies Engagement Letter (as modified herein), including, without limitation, the Fee Structure and the Indemnity, are approved pursuant to section 328(a) of the Bankruptcy Code, provided, however, that notwithstanding anything to the contrary contained in the Jefferies Engagement Letter, Jefferies shall be entitled to receive and shall be paid (i) a Monthly Fee (as defined in the Jefferies Engagement Letter) of $200,000 per month for each of (a) the monthly period commencing on November 18, 2008 and ending on December 17, 2008, and (b) the monthly period commencing on December 18, 2008 and ending on January 17, 2009; and (ii) for the period commencing on January 18, 2009 and ending on January 31, 2009, the sum of $90,322 representing a prorated amount of the Monthly Fee applicable to such period; and it is further

ORDERED that if the Committee seeks to continue Jefferies' retention for a period beyond the Initial Retention Period (whether on the terms and conditions approved pursuant to this Order or on such other terms as the Committee and Jefferies may determine to be appropriate), and the Debtors object to the terms of such continued retention, a hearing shall be held before this Court on January 29, 2009 at 10:00 a.m. to consider such continued retention, and in connection therewith, it shall not be necessary for the Committee to file a new or supplemental retention application; provided, however, that if such continued retention is not approved by the Court, then (i) Jefferies' retention pursuant to this Order shall be deemed automatically extended for the period commencing February 1, 2009 through and including February 5, 2009 (such period, the "Transition Period") in order for Jefferies' and the Committee to effectuate an orderly transition, and (ii) Jefferies shall be entitled to receive and shall be paid the sum of $32,258 representing a prorated amount of the Monthly Fee attributable to the Transition Period.  If the Committee seeks to continue Jefferies' retention for a period beyond

the Initial Retention Period (whether on the terms and conditions approved pursuant to this Order or on such other terms as the Committee and Jefferies may determine to be appropriate) and the Debtors do not object to such continued retention, the Committee and the Debtors may submit to the Court an Agreed Order approving such continued retention and no subsequent hearing thereon shall be held unless otherwise required by this Court; and it is further

ORDERED that the Restructuring Fee (as defined in the Jefferies Engagement Letter) shall be payable to Jefferies as provided in the Jefferies Engagement Letter and shall not be subject to any cap; provided, however, that notwithstanding anything to the contrary contained in the Jefferies engagement letter, only in the event of a Total Liquidation (as defined below), the Restructuring Fee shall be determined as follows:  The Restructuring Fee shall be initially calculated pursuant to Section 4(b) of the Jefferies Engagement Letter (the "Base Calculation"). Then, to the extent that the Base Calculation plus the aggregate amount of all Monthly Fees actually paid to Jefferies as of the date such Restructuring Fee becomes due and payable to Jefferies (such date, the "Payment Date") exceeds $2,000,000, the amount of the Restructuring Fee payable to Jefferies would be equal to the difference between $2,000,000 and the aggregate amount of all Monthly Fees actually paid to Jefferies as of the Payment Date.  However, to the extent that the Base Calculation plus the aggregate amount of all Monthly Fees actually paid to Jefferies as of the Payment Date does not exceed $2,000,000, then there will be no reduction of the Restructuring Fee payable to Jefferies pursuant to Section 4(b) of the Jefferies Engagement Letter.  For purposes of this Order, the term "Total Liquidation" shall mean the commencement of going out of business or similar themed sales for all (but not less than all) of the Debtors' retail stores and distribution centers, whether under Chapter 11 or Chapter 7 of the Bankruptcy Code; and it is further

ORDERED, that the second sentence of the sixth paragraph of Schedule A annexed to the Jefferies Engagement Letter is hereby deleted and replaced with the following: "Notwithstanding the provisions hereof, the aggregate contribution of all Indemnified Persons to all Losses shall not exceed twice the amount of fees actually received by Jefferies with respect to the services rendered pursuant to the Agreement."; and it is further

ORDERED that Jefferies will file applications for interim and final allowance of compensation and reimbursement in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules (except as provided below), and any procedures that may be fixed by Order of this Court, provided, however, that fee applications filed by Jefferies shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) and not subject to the standard of review set forth in Bankruptcy Code section 330; and it is further

ORDERED that if an Indemnified Party seeks reimbursement for attorneys' fees from the Debtors pursuant to the Indemnity, the invoices and supporting time records from the attorneys as to whose fees Jefferies is seeking reimbursement shall be annexed to Jefferies' own interim and/or final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code regardless of whether such attorney has been retained under section 1103 of the Bankruptcy Code; and it is further

ORDERED that the relief granted herein shall be binding upon any Chapter 11 trustee appointed in these Chapter 11 cases, or upon any Chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 cases to cases under Chapter 7.

ORDERED that Jefferies is authorized to provide services to the Committee as set forth in the Application.

Dated: Richmond, Virginia
_____, 2009

_____
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**

  */s/ Lynn L. Tavenner*
Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178

-and-

Richard M. Pachulski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.  11th Floor
Los Angeles, California  90067-4100
Telephone: 310-227-6910
Facsimile:  310-201-0760
E-mail:         rfeinstein@pszjlaw.com
jpomerantz@pszjlaw.com

Proposed Counsel for Official Committee of Unsecured Creditors Holding Unsecured Claims

**SEEN AND AGREED:**

   */s/ Douglas M. Foley* (per email dated 1/16/09)
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

-and-

Douglas M. Foley (VA Bar No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for the Debtors and Debtors in Possession

**SEEN AND NO OBJECTION:**

   */s/ Robert B. Van Arsdale* (per email dated 1/16/09)
Robert B. Van Arsdale (VSB# 17483)
Assistant U.S. Trustee
**Office of the U.S. Trustee**
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2310
(804) 771-2330 (Facsimile)

## CERTIFICATION

      I hereby certify that the foregoing proposed Order has been either served on or endorsed by all necessary parties.

                          */s/ Lynn L. Tavenner*

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  (804) 783-8300
Telecopy:  (804) 783-0178