Hearing Date: January 29, 2009 at 10:00 a.m. (Eastern Time)
Objection Deadline: January 27, 2009 at 5:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

-and-

KUTAK ROCK LLP
Michael A. Condyles (Va. Bar No. 27807)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Attorneys for Chase Bank USA, National Association*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
---------------------------------------------------------------x

### MOTION TO COMPEL
### REJECTION OF CONSUMER CREDIT CARD PROGRAM AGREEMENT
### PURSUANT TO 11 U.S.C. § 365(d)(2) AND TO OBTAIN LIMITED RELIEF
### FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Chase Bank USA, National Association, as successor by merger with Bank One Delaware, National Association ("Chase"), moves (I) pursuant to section 365(d)(2) of the United States Code (the "Bankruptcy Code") to compel the rejection, effective as of January 20, 2009, of the Consumer Credit Card Program Agreement, dated as of January 16, 2004 (as the same has been amended from time to time, the "Program

NY2:\1957977\05\15YS905!.DOC\55160.0012

Agreement") and (II) pursuant to section 362(d) of the Bankruptcy Code to obtain limited relief from the automatic stay and respectfully represents:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On November 10, 2008 (the "Commencement Date"), Circuit City, Inc. ("Circuit City") and seventeen (17) of its subsidiaries (collectively with Circuit City, the "Debtors") each commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

3. Prior to the Commencement Date, Chase and Circuit City entered into the Program Agreement. Pursuant to the Program Agreement, Chase has operated a credit card program for the benefit of Circuit City (the "Credit Card Program") involving, among other things, (a) the issuance by Chase of both private label credit cards and co-branded credit cards, each bearing the name and/or marks of Circuit City (both private label and co-branded cards, collectively, the "Circuit City Credit Cards") to individuals ("Cardholders") meeting the credit and other criteria established from time to time by Chase, and (b) the extension of credit by Chase to Cardholders for purchases at establishments owned by Circuit City and other merchants accepting Circuit City Credit Cards.

4. On December 24, 2008, the Court approved that certain Stipulation, Agreement and Order Pursuant to Section 105(a) of the Bankruptcy Code

Regarding Credit Card Program and for Related Relief [Docket No. 1271] (the "Stipulation").

    5.  The Stipulation provides that the Debtors must give Chase three (3) days' prior notice (the "Notice Period") before the announcement of a "Complete Liquidation." Stipulation, § 9. A "Complete Liquidation" is defined in relevant part in the Stipulation as "the cessation by Circuit City of all or substantially all sales operations other than Closing Sales."[1] *Id.*, § 4. On the date that Circuit City provides such notice or otherwise takes steps to effectuate a liquidation, the Stipulation authorizes Chase to withhold payment from daily settlements under section 4.2 of the Program Agreement until the amount withheld by Chase totals $3 million (the "Liquidation Reserve"). *Id.*, § 9.

    6.  On January 16, 2009, counsel to Circuit City provided counsel to Chase with notice of a Complete Liquidation. That same day, Circuit City filed with the Court that certain Agency Agreement, dated January 15, 2009 [Docket No. 1606] (the "Agency Agreement"), by and between Great American Group WF, LLC, Hudson Capital Partners LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (collectively, the "Agent"), Circuit City Stores West Coast, Inc. and its other direct and indirect subsidiaries. Pursuant to the Order Approving Agency Agreement, Store Closing Sales and Related Relief [Docket No. 1634] (the "Store Closing Order"), the Court authorized the Debtors to commence the liquidation of the merchandise at all of their

---

[1] A "Closing Sale" is defined as "a going out of business sale or other sale outside the ordinary course of business." Stipulation, § E.

stores and certain distribution centers pursuant to the terms of the Agency Agreement. The Agency Agreement provides that the sale of all of the merchandise located in the Debtors' 567 retail store locations and certain distribution centers (the "Liquidating Stores") will commence on January 17, 2009. Agency Agreement, § 6.1. Pursuant to the Stipulation, Circuit City Credit Cards will not be accepted at the Liquidating Stores during the liquidation.

7. Circuit City did not adhere to the Notice Period provided in the Stipulation. Chase received notice of the Complete Liquidation on the same day it was announced to the public and one day prior to its commencement under the Agency Agreement. Therefore, it appears that Circuit City's actions deprived Chase of the ability to withhold the full amount of the Liquidation Reserve and give rise to a claim under section 507(b) of the Bankruptcy Code.

## Relief Requested

8. Given that Circuit City has commenced the Complete Liquidation under the Agency Agreement, Circuit City has no further need of or use for the continuance of the Program Agreement and, as a practical matter, cannot assume it. As a result, the Program Agreement must be rejected by Circuit City.

9. By this Motion, pursuant to section 365(d)(2) of the Bankruptcy Code, Chase respectfully requests that the Court deem the Program Agreement rejected effective as of the date of this Motion and, pursuant to section 362(d) of the Bankruptcy Code, grant limited relief from the automatic stay to allow Chase to terminate the Program Agreement.

**Pursuant to Section 365(d)(2) of the Bankruptcy Code,
The Court Should Deem the Program Agreement Rejected**

10.     Section 365(d)(2) of the Bankruptcy Code provides, in pertinent part, that "the trustee may assume or reject an executory contract . . . of the debtor at any time before confirmation of a plan but the court, on request of any party to such contract . . . may order the trustee to determine within a specified period of time whether to assume or reject such contract."  11 U.S.C. § 365(d)(2).

11.     The legislative history to section 365(d)(2) reflects that Congress intended section 362(d) to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-à-vis the estate."  S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978); *see also In re University Medical Center*, 973 F.2d 1065, 1079 (3d Cir. 1992).  Stated another way, section 365(d)(2) serves to protect a non-debtor party to an executory contract or unexpired lease from being harmed by the debtor's delayed decision to assume or reject the contract or lease.  *See In re Continental Airlines, Inc.*, 146 B.R. 520, 525 (Bankr. D. Del. 1992) (motion to compel serves as a "safeguard" to "compensate and protect the non-debtor lessor").  While the chapter 11 process affords the debtor a "breathing space" to determine if and how to reorganize, the "breathing space afforded to the debtor for the assumption or rejection of executory contracts is not without limits."  *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002).  Indeed, the United States Supreme Court has recognized that in certain circumstances, the rights of the nondebtor party . . . outweigh the need of the debtor in possession for unlimited flexibility and breathing space."  *N.L.R.B. v. Bildisco*, 465 U.S. 513. 552 (1984).

12. When a non-debtor party moves to compel the debtor to assume or reject a contract or lease, the resolution of what constitutes a reasonable time for the debtor to decide is "left to the bankruptcy court's discretion in light of the circumstances of the case." *Matter of Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983); *In re Wallace*, 122 B.R. 222, 234 (Bankr. D.N.J. 1990); *In re Monroe Well Service, Inc.*, 83 B.R. 317, 323 (Bankr. E.D. Pa. 1988). In the exercise of such discretion, courts have considered several factors, including, "the nature of the interests at stake, the balance of the hurt to the litigants [and] the safeguards afforded these litigants." *In re Wallace*, 122 B.R at 234-35. Accordingly, courts generally evaluate the rights and interests of the respective parties to the contract or lease, and balance the benefits or harms to such parties arising from the requirement of an immediate assumption or rejection of the contract or lease.

13. Application of the foregoing factors here leads to the inevitable conclusion that Circuit City should be compelled to reject the Program Agreement immediately. The first element of the test is the nature of the interests at stake. Chase's rights and responsibilities under the Program Agreement are in limbo, and Chase is unable to redeploy assets, minimize losses, and plan for the future.

14. Conversely, the Debtors have no comparable interest in the continuation of the Program Agreement. The Debtors have already made a determination that the only viable course of action is for them to cease operations. The Complete Liquidation has commenced, and Circuit City exists solely to liquidate the remainder of its assets. The ultimate rejection of the Program Agreement is a foregone conclusion; the only question is the timing of such rejection.

15. An analysis of the balance of harm to the litigants results in the same conclusion. Because Circuit City has commenced the Complete Liquidation, it is unable to assume the Program Agreement. Conversely, given the inevitability of rejection, any delay in effectuating that rejection is unfair and prejudicial to Chase.

16. The last factor cited by courts is equally compelling. There is no conceivable good to be achieved from providing Circuit City with additional time to make a decision that is a foregone conclusion.

17. Moreover, the announcement on January 16, 2009 of the Complete Liquidation is tantamount to Circuit City's anticipatory repudiation of the Program Agreement.

18. The law is that if one party to a contract declares in advance that he will not perform at the time set for performance, the other party has an action for breach of contract. *See Board of Supervisors v. Ecology One, Inc.*, 219 Va. 29, 33, 245 S.E.2d 425, 428 (1978); *Mutual R. Fund Ass'n v. Taylor*, 99 Va. 208, 213, 37 S.E. 854, 855-56 (1901); *see also City of Fairfax v. Washington Metro. Area Transit Auth.*, 582 F.2d 1321, 1325 (4th Cir. 1978) *cert. denied*, 440 U.S. 914 (1979); *Rachmani Corp. v. 9 East 96th Street Apartment Corp.*, 211 A.D.2d 262, 629 N.Y.S.2d 382 (1995); *Long Is. R.R. Co. v Northville Indus. Corp.*, 41 N.Y.2d 455, 362 N.E.2d 558 (1977).

19. The repudiation must be clear and unequivocal and must cover the entire performance of the contract. *See Link v. Weizenbaum*, 229 Va. 201, 203, 326 S.E.2d 667, 668 (1985); *Ecology One*, 219 Va. at 33, 245 S.E.2d at 428; *Rachmani Corp.*, 211 A.D.2d at 267, 629 N.Y.S.2d at 385. The repudiation, however, need not be expressed verbally. Instead, the repudiation "may rest on a defendant's conduct

evidencing a clear intention to 'refuse performance in the future: such as placing himself' in a position in which performance ... would be impossible." *See City of Fairfax*, 582 F.2d at 1327.

20. Circuit City's conduct of commencing a Complete Liquidation evidences a clear intent to refuse performance in the future; indeed, a Complete Liquidation forecloses the continuation of the Credit Card Program.

21. Based on the foregoing, the Court should deem the Program Agreement rejected effective as of the date of this Motion.

**Pursuant to Section 362(d) of the Bankruptcy Code,
The Court Should Grant Limited Relief from the Automatic Stay**

22. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that the court may provide relief from the automatic stay provided under section 362(a) of the Bankruptcy Code "for cause including the lack of adequate protection of an interest in property of such party in interest". 11. U.S.C. § 362(d)(1). Furthermore, section 362(d)(2) of the Bankruptcy Code provides that the court may provide relief from the automatic stay "with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization". 11 U.S.C. § 362(d)(2).

23. The Court should lift the automatic stay for cause to allow Chase to terminate the Program Agreement. Circuit City failed to adhere to the Notice Period provided in the Stipulation. Circuit City's failure to provide notice deprived Chase of the ability to withhold daily settlements in the full amount of the Liquidation Reserve, an

amount that Chase bargained for under the Stipulation to provide adequate protection for its continued performance under the Program Agreement.

24. Additionally, the Court should lift the automatic stay to allow Chase to terminate the Program Agreement because the Debtors have no equity interest in the Program Agreement, and, in light of the Complete Liquidation, there will be no plan of reorganization and no need or use for the Program Agreement.

25. Based on the foregoing, the Court should lift the automatic stay to permit Chase to terminate the Program Agreement.

## Notice

26. Notice of this Motion has been provided to the Core Group, as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 130]. Chase submits that no other or further notice need be provided.

WHEREFORE Chase respectfully requests that the Court (i) direct Circuit City to reject the Program Agreement, (ii) enter an order providing for such rejection effective as of the date of this Motion, (iii) grant limited relief from the automatic stay and (iv) grant such other and further relief as is just and appropriate.

### NOTICE OF MOTION AND NOTICE OF HEARING

**Your rights may be affected. A request has been made for an expedited hearing and shortened notice period.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one). Provided the court grants the request for an expedited hearing and shortened notice period, and if you do not want the court to grant the relief sought, you must do the following:

1. You must file with the Court a written response to the Motion pursuant to Local Bankruptcy Rule 9013-1 no later than **January 27, 2009**. The Court is located at:

> Clerk of the Court
> United States Bankruptcy Court
> 701 East Broad Street, Fourth Floor
> Richmond, Virginia 23219

2. You must also mail a copy to the following persons:

> Gary T. Holtzer
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York  10153
>     and
> Michael A. Condyles, Esquire
> Kutak Rock LLP
> 1111 East Main Street, Suite 800
> Richmond, Virginia 23219-3500
>
> Robert Van Arsdale, Esquire
> Office of the United States Trustee
> 701 East Broad Street
> Richmond, VA  23219

3. You must also attend the hearing to consider the relief sought in the Motion in addition to filing a written response. If you fail to file timely a written

NY2:\1957977\05\15YS905!.DOC\55160.0012            10

response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested. The hearing is scheduled for **January 29, 2009 at 10:00 a.m.**, at the United States Bankruptcy Court, 701 East Broad Street, Court Room 5000, Richmond, Virginia 23219.

Dated:  Richmond, Virginia  
       January 20, 2009

Respectfully submitted,

By:  /s/ Michael A. Condyles  
Michael A. Condyles, Esq. (Va. Bar No. 27807)  
KUTAK ROCK, LLP  
1111 East Main Street, Suite 800  
Richmond, Virginia  23219  
(804) 644-1700

-and-

Gary T. Holzer, Esq.  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York  10153  
(212) 310-8000

*Attorneys for Chase Bank USA, National Association*

**CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that on January 20, 2009, a true and exact copy of the foregoing motion and notice was forwarded via electronic means or by overnight delivery to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders.

Dated:  Richmond, Virginia  
        January 20, 2009

Respectfully submitted,

By:  /s/ Michael A. Condyles  
Michael A. Condyles, Esq. (Va. Bar No. 27807)  
KUTAK ROCK, LLP  
1111 East Main Street, Suite 800  
Richmond, Virginia  23219  
(804) 644-1700

-and-

WEIL, GOTSHAL & MANGES LLP  
Gary T. Holtzer, Esq.  
767 Fifth Avenue  
New York, New York  10153  
(212) 310-8000

*Attorneys for Chase Bank USA, National Association*