WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer, Esq.
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

-and-

KUTAK ROCK LLP
Michael A. Condyles, Esq. (Va. Bar No. 27807)
1111 East Main Street, Suite 800
Richmond, Virginia  23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192

*Attorneys for Chase Bank USA, National Association*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | : | Case No. 08-35653 (KRH) |
| Debtors. | : | (Jointly Administered) |

**MOTION FOR EXPEDITED HEARING AND TO SHORTEN THE NOTICE PERIOD OF THE MOTION OF CHASE BANK USA, NATIONAL ASSOCIATION TO COMPEL REJECTION OF CONSUMER CREDIT CARD PROGRAM AGREEMENT PURSUANT TO 11 U.S.C. § 365(d)(2) AND TO OBTAIN LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Chase Bank USA, National Association, as successor by merger with Bank One Delaware, National Association ("Chase"), by counsel, moves for an expedited hearing and to shorten the required notice period pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(N) to consider the *Motion of Chase Bank USA, National Association to Compel Rejection of Consumer Credit Card Program Agreement Pursuant to 11 U.S.C. 365(d)(2) and to Obtain Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. 362(d)* (the "Motion").

4843-7541-7859.1

Pursuant to the Local Rules of this Court, Chase states the following as the basis for the relief sought herein:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On January 20, 2009, Chase filed the Motion, wherein it seeks an order of this Court compelling the rejection of the Program Agreement.[1]

3. On January 16, 2009, Circuit City announced it was pursuing a Complete Liquidation of its assets and gave notice to Chase to this effect. As a result of its Complete Liquidation, Circuit City has no basis for assuming the Program Agreement, and its rejection is a foregone conclusion. Given the inevitable rejection, any delay in effectuating that rejection is unfair and prejudicial to Chase and requires the Motion to be addressed on an expedited basis. At the hearing held on January 16, 2009, the Court indicated that it would be amenable to hearing such a motion on an expedited basis.

4. Specifically, Chase requests that the Motion be heard on the omnibus hearing date set for January 29, 2009 at 10:00 a.m. and that the deadline for filing an objection to the Motion be set for January 27, 2009 at 5:00 p.m. Eastern Standard Time.

5. This Court may grant the relief requested in this motion to expedite hearing pursuant to its equitable powers provided in 11 U.S.C. § 105, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

6. A certification as required under Local Rule 9013-1(N) is made a part of this motion.

---

[1] All capitalized terms have the meaning as they are defined in the Motion, unless otherwise defined herein.

7. As no novel issues of law are submitted as part of this motion to expedite hearing and shorten notice period, and because this motion incorporates grounds and authority herein, Chase requests that this Court waive the requirements of Local Rule 9013-1(G).

**WHEREFORE**, Chase requests the Court to grant an expedited hearing and shorten the required notice period on the Motion as set forth herein, and to award any further relief the Court deems proper.

## CERTIFICATION

Pursuant to the Local Rules of this Court, I certify that:

1. I am a member of the Bar of this Court.

2. I have carefully examined this matter and have concluded that there is a true need for an emergency hearing.

3. I have not created the emergency through the lack of diligence.

4. A *bona fide* effort to resolve the matter could not be made without a hearing.

## NOTICE OF MOTION

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  If you do not want the court to grant the relief sought, you must do the following:

1. You must file with the court a written response on or before a deadline to be set by the Court.  The Court is located at:

> Clerk of the Court
> United States Bankruptcy Court
> 701 East Broad Street, Fourth Floor
> Richmond, Virginia 23219

2. You must also mail a copy to the following persons:

> Gary T. Holtzer
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York  10153
>           and

4843-7541-7859.1                                           3

Michael A. Condyles, Esquire
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500

Robert Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street
Richmond, VA 23219

3. An expedited hearing is being requested by this motion. If an objection is filed to this motion for an expedited hearing, a hearing will be set and a separate notice will be filed and served. You must also attend the hearing in addition to filing a written response. If you fail to file timely a written response and to attend the hearing, the Court may consider any objection you may have waived and enter an Order granting the relief requested.

Dated: Richmond, Virginia
       January 20, 2009

Respectfully submitted,

By:   /s/ Michael A. Condyles
Michael A. Condyles, Esq. (Va. Bar No. 27807)
KUTAK ROCK, LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219
(804) 644-1700

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

*Attorneys for Chase Bank USA, National Association*

### CERTIFICATE OF SERVICE

       I hereby certify under penalty of perjury that on January 20, 2009, a true and exact copy of the foregoing motion and notice was forwarded via electronic means or by overnight delivery to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders.

Dated:  Richmond, Virginia  
          January 20, 2009

Respectfully submitted,

By:   /s/ Michael A. Condyles  
Michael A. Condyles, Esq. (Va. Bar No. 27807)  
KUTAK ROCK, LLP  
1111 East Main Street, Suite 800  
Richmond, Virginia  23219  
(804) 644-1700

-and-

WEIL, GOTSHAL & MANGES LLP  
Gary T. Holtzer, Esq.  
767 Fifth Avenue  
New York, New York  10153  
(212) 310-8000

*Attorneys for Chase Bank USA, National Association*