IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
JAN 2 0 2009
CLERK
U.S. BANKRUPTCY COURT

IN RE:                                      )
CIRCUIT CITY STORES, INC., et al.,[1]       )   Chapter 11
                                            )
        Debtors.                            )   Case No. 08-35653-KRH
                                            )
                                            )   Jointly Administered

OBJECTION TO DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363 AND 364 (I) (A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF ALL OR SUBSTANTIALLY ALL OF THE BUSINESS OR ADDITIONAL POST-PETITION FINANCING FOR THE BUSINESS, (B) AUTHORIZING DEBTORS TO ENTER INTO STALKING HORSE OR FINANCING AGREEMENTS IN CONNECTION WITH GOING CONCERN TRANSACTIONS OR STALKING HORSE AGREEMENTS IN CONNNECTION WITH STORE CLOSING AND MISCELLANEOUS ASSET SALES, (C) APPROVING THE PAYMENT OF TERMINATION FEES IN CONNECTION THEREWITH, AND (D) SETTING AUCTION AND HEARING DATES, (II) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF

COMES NOW Lynda Hall, in her official capacity as Tax Collector of Madison County, Alabama, and files the following objection and response to Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I) (A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief (hereinafter "Debtors' Motion") shows to the Court as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), PRAHS, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

1.  On January 12, 2009, the Tax Collector of Madison County, Alabama received notice of this Motion via email. The Motion was filed by the Debtors on January 9, 2009.

2.  On November 25, 2008, the Tax Collector of Madison County, Alabama, filed a Proof of Claim for tax years 2008 and 2009 ad valorem personal and real property taxes in the total amount of $51,097.20 owed by Debtor, Circuit City Stores, Inc. (hereinafter "Debtor").

3.  Lynda Hall, as Tax Collector of Madison County, Alabama, has a statutory lien pursuant to § 40-1-3, Code of Alabama, (1975), on the personal property proposed to be sold free and clear of liens by the Debtor.

4.  Lynda Hall, as Tax Collector of Madison County, Alabama, has a statutory lien pursuant to § 40-1-3, Code of Alabama, (1975), on the real property proposed to be sold free and clear of liens by the Debtor.

5.  Said Tax Collector has a statutory lien in the total amount of $51,097.20 for unpaid ad valorem personal and real property taxes for the tax years of 2008 and 2009.

6.  Debtors' Motion provides that

> "this Court should authorize the Debtors to sell their inventory, assets or businesses free and clear of any and all interests, including claims, liens, and encumbrances, that may be asserted by any parties, with any such claims, liens, and encumbrances, attaching to the net proceeds of the Going Concern Transactions, Store Closing Sales, or Miscellaneous Asset Sales in the same order and priority as they exist against the such inventory, assets or businesses and in accordance with the terms and provisions of the DIP Facility."

Debtors' Motion, p. 45, ¶87.

7.  Debtors' Motion cites Section 363(f) of the Bankruptcy Code, stating that a debtor in possession may sell property free and clear of any interest in property if, among other things: "(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;" p. 43, ¶ 84. Alabama Code (1975), §40-1-3 is an applicable non-bankruptcy law,

which does not permit the sale of such property free and clear of such interest, preventing the Debtors' from selling any personal or real property free and clear of liens with respect to any property that the Tax Collector of Madison County has a statutory lien on; therefore, the Debtors' Motion should be denied with regard to selling the property free and clear of any interest, lien, etc.

8.  Debtors' Motion does not include the Tax Collector's interest as a lien of record as to the personal property nor to the real property, and Debtors' Motion does not state that the Tax Collector's lien will attach to the proceeds of a sale.

9.  Pursuant to non-bankruptcy law, § 40-1-3, Code of Alabama, (1975), the Tax Collector's lien for payment of ad valorem property taxes is superior to and has priority over liens which might be imposed by the Court or to any creditor's interest which could attach to the proceeds of a sale.

WHEREFORE, Lynda Hall, as Tax Collector of Madison County, Alabama, objects to Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I) (A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief as to the sale of the personal and real property to the extent that the Madison County Tax Collector does not receive full payment for the outstanding ad valorem personal property and real property taxes owed in the amount of $51,097.20 or to the extent the Tax Collector's liens do not attach to the proceeds of a sale.

       Respectfully submitted,

       *Lynda Hall* (signature)
       Lynda Hall, in her official capacity as
       Tax Collector of Madison County, Alabama

       Madison County Courthouse
       100 Northside Square
       Huntsville, AL 35801
       Telephone: 256-532-3370

SWORN TO and subscribed before me on this the 13th day of January, 2009.

       Pamela B. Mayo (signature)
       Notary Public
       My Commission Expires: 6-14-2009

## CERTIFICATE OF SERVICE

The undersigned certifies that the above Objection and Response of Tax Collector of Madison County, Alabama, to Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I) (A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief has been served via United States Mail, first class postage prepaid, on the following:

       Clerk
       U.S. Bankruptcy Court
       Eastern District of Virginia
       Richmond Division
       701 East Broad Street
       Richmond, VA 23219-1888

       Gregg M. Galardi, Esquire
       Ian S. Fredericks, Esquire
       Skadden Arps Slate Meagher & Flom LLP
       One Rodney Square
       Post Office Box 636
       Wilmington, Delaware 19899-0636

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
Joseph S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Daniel F. Blanks, Esquire
McGuireWoods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, Illinois 60606

W. Clarkson McDow, Jr.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219

this the 13th day of January, 2009.

*/s/ Lynda Hall*

Lynda Hall, in her official capacity as
Tax Collector of Madison County, Alabama

ORGANIZED DEC 13, 1808

# MADISON COUNTY, ALABAMA

OFFICE OF

## LYNDA HALL, *Tax Collector*

PHONE (256) 532-3370
FAX (256) 532-3368

MARGUERITE E. PETERMAN, CHIEF ACCOUNTANT
CASSANDRA WILSON, ADMINISTRATIVE ASSISTANT

MADISON COUNTY COURT HOUSE
100 NORTHSIDE SQUARE
HUNTSVILLE, ALABAMA
35801-4820

January 13, 2009

US Bankruptcy Court
Eastern District of Virginia
Richmond Division
Clerk's Office
701 East Broad Street
Richmond, VA 23219-1888

**RE: CIRCUIT CITY STORES, INC., et al.,
CASE# 08-35653-KRH**

Gentlemen:

Enclosed please find my objection. Please stamp and return my copy in the self addressed stamped envelope that I have provided.

Sincerely,

*Lynda Hall*

Lynda Hall
Madison County Tax Collector

LH/snw