**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :   Chapter 11
In re:                      :
                            :   Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,  :
et al.,                     :   Jointly Administered
                            :
              Debtors.      :
- - - - - - - - - - - - - - x

**AFFIDAVIT IN SUPPORT OF EMPLOYMENT OF [Kurz Group Inc.] AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

STATE OF Texas    )
                  ) ss:
COUNTY OF Dallas  )

Jeffrey Kurz [NAME], being duly sworn, deposes and says:

     i)   I am a [member] of the firm [Kurz Group Inc. _____] (the "Firm"), which has been employed by the

1

debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] in the ordinary course of their business.  The Debtors wish to retain the Firm to continue providing such ordinary-course services during their chapter 11 cases.  This Affidavit is submitted in compliance with the Order Granting Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105(A), 327, 330 And 331 Authorizing Debtors To Employ Professionals Utilized In The Ordinary Course Of Business (the "OCB Professionals Order").

    1.    The Firm was provided with a list of interested parties, a copy of which is annexed hereto as Exhibit 1, and conducted a search of Firm's records for

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

the names identified thereon. Based on that search, neither I, the Firm, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or stockholders, or any party in interest herein, except as set forth hereinafter:

    (a) [PLACEHOLDER FOR EXCEPTION]

  2. The Firm does not represent or hold any interest adverse to the Debtors or their estates with respect to the engagement for which we are to be retained.

  3. [PLACEHOLDER FOR STATEMENT OF PAST REPRESENTATION OF THE DEBTORS]

  4. This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases. None of those past or current representations are material. This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the

Debtors have been prepared and will make any further disclosures as may be appropriate at that time. The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the OCB Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal [attorneys and paralegals/other professionals] designated to represent the Debtors and their current standard rates are:

5. [PLACEHOLDER FOR LIST OF PROFESSIONALS AND HOURLY RATES] *See Professional Services Agreement attached*

6. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals/other professionals] and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of

4

practice for all other expenses incurred in connection with a client's case.  The expenses charged to clients include, among other things, [PLACEHOLDER FOR DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

7.  Except as provided in the OCB Professionals Order, no representations or promises have been received by the Firm [nor by any member, counsel, or associate thereof] as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Affidavit in Support of Employment of [Kurz Group Inc.] as a Professional Utilized in the Ordinary Course of Business.

5

_____
[Professional Name] Jeffrey D. Kurz
[Title] Principal, Kurz Group Inc.
[Address] 8333 Douglas Ave, Ste. 1370
Dallas, TX 75225

Sworn to before me this 16th day of January, 2008. 9

_____
Notary Public
My Commission Expires: 11/28/2010

KENDAHL MATTHEWS
Notary Public, State of Texas
My Commission Expires
November 28, 2010

6

713025-Chicago Server 2A - MSW

## AMENDMENT THREE TO PROFESSIONAL SERVICES AGREEMENT

THIS AMENDMENT THREE, dated as of January 17, 2008 (this "**Amendment**"), to the Professional Services Agreement, dated November 22, 2004 ("**Agreement**"), by and between KURZ GROUP, INC. ("**Supplier**"), and CIRCUIT CITY STORES, INC. ("**Client**"). Unless the context requires otherwise, all capitalized terms used in this Amendment without definition shall have the respective meanings assigned to them in the Agreement.

The parties hereby agree as follows:

1. Amendment of Agreement. The Agreement is hereby amended as follows:

   a) The term of the Agreement is extended for an additional one (1) year period through the calendar year 2008.

   b) A new "Exhibit C-Location List," which is subject to periodic additions and subtractions to be submitted in writing by Client, is attached hereto as the locations have been modified.

   c) Section 13 of the Agreement, "Insurance", shall be amended by deleting the amended subsection in its entirety and inserting the following in replacement thereof:

   The Professional shall maintain the following insurance with an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII: (a) a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products – completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of not less than $1,000,000 each occurrence and at least $5,000,000 in aggregate liability; (b) commercial auto liability insurance to include all owned, non-owned and hired vehicles, with limits of liability not less than $1,000,000 each accident; (c) workers compensation insurance to the extent required by law and employer's liability insurance, with limits of at least $500,000 each accident/disease; and (d) professional liability insurance with limits of at least $1,000,000 per occurrence. All policies except for (c) and (d) above shall name Circuit City Stores, Inc. as an "Additional Insured". All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Agreement as well as notification of "Additional Insured". A certificate of insurance meeting the above requirements will be delivered to Circuit City (i) upon execution of this Agreement, (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

   d) The "Fees and Terms" section of Exhibit B, the second paragraph, starting with "Invoices for the Services," shall be amended by deleting the subsection in its entirety and inserting the following in replacement thereof:

   Invoices for the services are payable sixty (60) days from receipt of invoice and proof of reduction in assessed value.



    e) Section 10 of the Agreement, "Notices", shall be amended by deleting the amended subsection in its entirety and inserting the following in replacement thereof:

        If to the Client:    CIRCUIT CITY STORES, INC
                              9954 Mayland Drive
                              Richmond, VA 23233
                              Attn: Scott Ash, Tax Manager

2. Except as amended by this Amendment, the Agreement shall remain in full force and effect as originally executed and subsequently amended.

       IN WITNESS WHEREOF, Supplier and Client have caused this Amendment to be executed as of the date first above written.

KURZ GROUP, INC.                            CIRCUIT CITY STORES, INC.

By: _____              By: _____
Title: _UP_____                Title: _VP-TAX_____
Name: _Jeff Kurz_____            Name: _Jeff McDonald_____

AMENDMENT THREE TO PROFESSIONAL SERVICES AGREEMENT
JANUARY 17, 2008
KURZ GROUP, INC.

-2-



EXHIBIT "C"- LOCATION LIST
CIRCUIT CITY

| Loc # | Store Name | Address | City | ST | Zip | County |
|---|---|---|---|---|---|---|
| 03584 | TX: San Antonio/New Braunfels | 1286 N I-35 | New Braunfels | TX | 78130 | Comal |
| 00546 | Mesquite Ss | 3733 Emporium Circle | Mesquite | TX | 75150 | Dallas |
| 03501 | Dallas (North Central) Ss (S/L) | 10400 N. Central Expressway | Dallas | TX | 75231 | Dallas |
| 06345 | DALLAS (VALLEY VIEW) SS RELO (S/L) | 5959 Alpha Road | Dallas | TX | 75240 | Dallas |
| 06467 | Duncanville Sublease | 667 N. Cockrell Hill Road | Duncanville | TX | 75116 | Dallas |

COPY

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| OP ID SF | DATE (MM/DD/YYYY) |
|---|---|
| KURZG-2 | 04/14/08 |

**PRODUCER**
Waldman Bros.
6200 LBJ Freeway Suite 200
Dallas TX 75240-6331
Phone: 972-458-8700    Fax: 972-458-8755

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
Kurz Group Inc
8333 Douglas Ave #1370
Dallas TX 75225

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Continental Casualty | 20443 |
| INSURER B: American Casualty Co. | 20427 |
| INSURER C: Executive Risk Indemnity | |
| INSURER D: | |
| INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY / COMMERCIAL GENERAL LIABILITY / CLAIMS MADE [X] OCCUR | B1029639080 | 08/12/07 | 08/12/08 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PRO-JECT / LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| A | | AUTOMOBILE LIABILITY / ANY AUTO / ALL OWNED AUTOS / SCHEDULED AUTOS / X HIRED AUTOS / X NON-OWNED AUTOS | B1029639080 | 08/12/07 | 08/12/08 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY / ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ / $ |
| B | | EXCESS/UMBRELLA LIABILITY / X OCCUR / CLAIMS MADE / DEDUCTIBLE / X RETENTION $10000 | B2091342970 | 08/12/07 | 08/12/08 | EACH OCCURRENCE | $5000000 |
| | | | | | | AGGREGATE | $5000000 |
| A | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY / ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | WC131221121 | 08/12/07 | 08/12/08 | WC STATU-TORY LIMITS / OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $500000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $500000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $500000 |
| C | | OTHER Professional Liab | 68003273 | 01/14/07 | 01/14/08 | Ea Claim | 2,000,000 |
| | | | | | | Aggregate | 2,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Circuit City Stores, Inc. is listed as additional insured with regards to
General Liability & Auto Liability policies. *10 days for non payment.

**CERTIFICATE HOLDER** CIRCU-1

Circuit City Stores, Inc.
PO Box 42304
Richmond VA 23242-2304

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30*  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE *[signature: Stephen A. Waldman]*

ACORD 25 (2001/08)    © ACORD CORPORATION 1988

**COPY**

| ACORD | CERTIFICATE OF LIABILITY INSURANCE | OP ID SF KURZG-2 | DATE (MM/DD/YYYY) 04/14/08 |
|---|---|---|---|

**PRODUCER**
Waldman Bros.
6200 LBJ Freeway Suite 200
Dallas TX 75240-6331
Phone: 972-458-8700    Fax: 972-458-8755

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
Kurz Group Inc
8333 Douglas Ave #1370
Dallas TX 75225

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Continental Casualty | 20443 |
| INSURER B: American Casualty Co. | 20427 |
| INSURER C: Executive Risk Indemnity | |
| INSURER D: | |
| INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY<br>X COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE  X  OCCUR | B1029639080 | 08/12/07 | 08/12/08 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $1,000,000<br>$300,000<br>$10,000<br>$1,000,000<br>$2,000,000<br>$2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY  PROJECT  LOC | | | | | |
| A | | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>X HIRED AUTOS<br>X NON-OWNED AUTOS | B1029639080 | 08/12/07 | 08/12/08 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $1,000,000<br>$<br>$<br>$ |
| | | GARAGE LIABILITY<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN  EA ACC<br>AUTO ONLY:  AGG | $<br>$<br>$ |
| B | | EXCESS/UMBRELLA LIABILITY<br>X OCCUR  CLAIMS MADE<br>DEDUCTIBLE<br>X RETENTION  $10000 | B2091342970 | 08/12/07 | 08/12/08 | EACH OCCURRENCE<br>AGGREGATE | $5000000<br>$5000000<br>$<br>$<br>$ |
| A | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | WC131221121 | 08/12/07 | 08/12/08 | WC STATU-TORY LIMITS  OTH-ER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | $500000<br>$500000<br>$500000 |
| C | | OTHER<br>Professional Liab | 68003273 | 01/14/07 | 01/14/08 | Ea Claim<br>Aggregate | 2,000,000<br>2,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
CIRCUIT CITY STORES, INC. is listed as additional insured with respects to General Liability & Auto Liability per written contract. *10 days non payment.

**CERTIFICATE HOLDER**   CIRCU-1

CIRCUIT CITY STORES, INC.
Attn: Scott Ash, Tax Manager
9954 MAYLAND DRIVE
RICHMOND VA 23233

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30*  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

AUTHORIZED REPRESENTATIVE  *[signed] Stephen A. Waldman*

ACORD 25 (2001/08)    © ACORD CORPORATION 1988

COPY

### SECOND (2ND) AMENDMENT TO PROPERTY TAX AGREEMENT

This SECOND (2ND) AMENDMENT TO PROPERTY TAX AGREEMENT (this "Amendment") is made and entered into as of the date set forth below by and between Kurz Group, Inc. ("KGI") and the undersigned client of KGI ("Owner") effective as of the date signed by both parties hereto.

Whereas, by Property Tax Agreement by and between KGI and Owner executed on November 22, 2004, as amended by that certain Amendment to Property Tax Agreement executed by Owner on January 17, 2006 (the "Agreement"), Owner hired KGI to perform certain tax valuation services on behalf of Owner; and

Whereas, KGI and Owner desire to amend the Agreement to extend the term of the Agreement;

Now, therefore, in consideration of the mutual covenants contained herein, the parties agree as follows:

1. **Amendment of Agreement.** The Agreement is hereby amended as follows:

   a) The term of the Agreement is extended for an additional one (1) year period through the calendar year 2007.

2. **Remaining Terms.** The remaining terms and conditions of the Agreement not amended hereby shall remain in full force and effect.

KGI: KURZ GROUP, INC.

BY: _____
Jeffrey D. Kurz
Texas Property Tax
Consultant #1463

DATE: Jan 9, 2007

OWNER: CIRCUIT CITIY STORES, INC.

BY: _____

TITLE: Tax Manager

DATE: 2/12/07

**COPY**

## AMENDMENT TO PROPERTY TAX AGREEMENT

This AMENDMENT TO PROPERTY TAX AGREEMENT (this "Amendment") is made and entered into as of the date set forth below by and between Kurz Group, Inc. ("KGI") and the undersigned client of KGI ("Owner") effective as of the date signed by both parties hereto.

Whereas, by Property Tax Agreement by and between KGI and Owner executed on November 22, 2004 (the "Agreement"), Owner hired KGI to perform certain tax valuation services on behalf of Owner; and

Whereas, KGI and Owner desire to amend the Agreement to extend the term of the Agreement;

Now, therefore, in consideration of the mutual covenants contained herein, the parties agree as follows:

1. **Amendment of Agreement.** The Agreement is hereby amended as follows:

    a) The term of the Agreement is extended for an additional one (1) year period through the calendar year 2006.

2. **Remaining Terms.** The remaining terms and conditions of the Agreement not amended hereby shall remain in full force and effect.

KGI: KURZ GROUP, INC.    OWNER: CIRCUIT CITTY STORES, INC.

BY: _[signature]_    BY: _[signature]_
Jeffrey D. Kurz
Texas Property Tax
Consultant #1463    TITLE: Tax Mgr

DATE: 06/12/2005    DATE: 1-17-06

**COPY**

## Professional Services Agreement – Property Tax Services

THIS AGREEMENT ("Agreement") is entered into as of this 22nd day of November, 2004 by and between CIRCUIT CITY STORES, INC. ("Client"), and KURZ GROUP, INC. ("Professional"), collectively referred to as the "Parties."

WHEREAS, Client wishes to engage the Professional as an independent contractor to provide the property tax services ("Services") described in Exhibit "A" (attached hereto and incorporated herein); and, WHEREAS the Professional has the experience and the professional skills necessary to provide the Services contemplated by this Agreement, and is willing to perform the Services upon the terms and conditions set forth in this Agreement, NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Client and the Professional hereby agree as follows:

1. Services. The Client hereby engages the Professional as an independent contractor to provide the Services.

2. Representations and Warranties:

   a. The Professional represents and warrants to Client that: (i) it has the authority to enter into and perform under this Agreement; (ii) it is qualified in all jurisdictions necessary to perform the Services under this Agreement; (iii) it has experience performing the Services; (iv) it has all permits and licenses necessary to perform the Services; and, (v) all Services will be performed in a workmanlike manner in accordance with all applicable laws, rules, regulations and ordinances. The Professional cannot, however, guarantee a reduction in value for the properties covered by this Agreement, but will employ accepted industry practices to attempt to obtain favorable assessed values for the properties covered by this Agreement.

   b. Client represents and warrants that it has the authority to enter into and perform under this Agreement. Client acknowledges that the Professional will need Client to sign a standard letter of authorization (i.e., limited power of attorney) to allow the Professional to represent Client in ad valorem tax assessment and collection matters.

3. Term and Termination. Unless modified in writing by the parties, this Agreement shall commence on January 1, 2005 and continue in force until the earlier of (a) December 31, 2005, or (b) the date that this Agreement is terminated by either party with or without cause. This Agreement may be immediately terminated upon delivery of written notice by the terminating party to the non-terminating party, if the non-terminating party is in default of its obligations hereunder. If either party elects to terminate this Agreement without cause, then such termination will be effective upon thirty (30) days written notice from the terminating party to the non-terminating party. In any event, the termination of this Agreement shall not reduce or terminate the Professional's obligations under Section 5 of this Agreement. Upon termination, Client has no further obligations under this Agreement except for the payment of fees earned in accordance with Exhibits "A" and "B" as of the termination date.

4. Safety and Compliance. The Professional shall, while on Client property or performing any of the Services hereunder, comply with all applicable local, state and federal laws and regulations.

5. Confidentiality. The Professional acknowledges that the Professional may be given access to certain confidential or secret information and material relating to or owned by Client, including, but not limited to, Client's financial information, files and other information regarding Client's businesses, organizations and/or operations, solely in order that the Professional may best perform the Professional's duties hereunder. Such information and material shall be the sole and exclusive property of Client, and the



Professional agrees that during the term of this Agreement and at all times thereafter the Professional will not disclose such confidential or secret information or material to any governmental agency, person, entity, firm or corporation without the explicit prior written consent of Client, except as reasonably necessary for the performance of this Agreement or as required by a court of law. The Professional agrees to promptly destroy or return to Client upon termination of the Agreement and at Client's request, all correspondence, letters, documents or other tangible items or copies thereof (whether stored in hard copy, electromagnetic media, or any other form) which mention or contain said confidential or secret information or material.

6. <u>Payment</u>. Client shall pay the Professional in accordance with <u>Exhibit "B"</u> (attached hereto and incorporated herein). The Professional shall be responsible for and pay when due, all taxes, including, but not limited to, withholding insurance amounts due, and other taxes on the Professional's income. The Professional understands that no medical, dental, health, disability or life insurance benefits and no vacation or sick leave or other benefits to the regular Client employees will be provided by the Client to the Professional or its employees during the term of this Agreement.

7. <u>Entire Agreement</u>. This Agreement contains the entire understanding of the Parties with respect to the subject matter hereof, and supersedes all prior Agreements and understanding between the Parties, whether written or oral.

8. <u>Modifications</u>. This Agreement may only be modified in writing executed by both Parties.

9. <u>Assignment</u>.

   a. The Professional acknowledges that the Services to be rendered by the Professional are unique and personal. Accordingly, the Professional may not assign any of its rights, including the right to receive payments, or delegate any of the Professional's duties or obligations under this Agreement without the prior written consent of Client.

   b. Client may assign its rights hereunder to (1) any organization resulting from any merger, consolidation or other reorganization to which Client is a party, (2) any corporation, partnership, association, or other person to which Client may transfer all or substantially all of the assets or business of the Client existing at such time, or (3) any parent or majority-owned subsidiary of the Client. This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of Client.

10. <u>Notices</u>. All notices or other written communications required under this Agreement shall be given personally upon delivery or by certified mail, return receipt requested, upon deposit in a U.S. Mail receptacle to the parties at the following addresses:

   If to the Client:    CIRCUIT CITY STORES, INC.
                        9954 Mayland Drive
                        Richmond, VA 23233
                        Attn: Scott Ash, Property Tax Supervisor

   If to the Professional:    KURZ GROUP, INC.
                              8333 Douglas Avenue, Suite 1370, LB21
                              Dallas, TX 75225
                              Attn: Jeff Kurz

11. <u>Governing Law, Jurisdiction, Venue</u>. This Agreement and the rights and obligations of the parties hereunder shall be construed in accordance with and shall be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of laws or choice of law provisions thereof. The Parties hereby submit to the jurisdiction of any court sitting in Richmond, Virginia or any federal district court for the district in which said county is located.

COPY

12. **Indemnity.** The Professional hereby agrees to indemnify, defend and hold the Client harmless from and against any and all claims, damages, losses and expenses, including, but not limited to, attorneys' fees and disbursements, arising out of or resulting from any claim, action or other proceeding (including, without limitation, any proceeding by any of the Professional's employees, agents or subcontractors) that is based upon (a) the Professional's breach of this Agreement, (b) the conduct of the Professional's business within the scope of this Agreement, or (c) any grossly negligent act or willful misconduct of the Professional.

13. **Insurance.** During the term of this Agreement, Professional shall maintain workers' compensation coverage as required by the state in which the work is being performed and Commercial General Liability insurance with limits of no less than $1,000,000 each occurrence. All of the insurance required by this Agreement will be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "B+," or better by A.M. Best Company. Prior to commencement of this Agreement and upon reasonable request, a certificate of insurance shall be provided to Client, evidencing the required coverage.

14. **Limitation on Damages.** Except for claims for indemnification and gross negligence or willful misconduct, Professional and its personnel shall not be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage or expense related to this Agreement. The provisions of this paragraph shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence) or otherwise. In circumstances where all or any portion of the provisions of this paragraph are finally judicially determined to be unavailable, Professional's aggregate liability for any claims, liabilities or expenses related to this engagement shall not exceed an amount which is proportional to the relative fault that Professional's conduct bears to all other conduct giving rise to such claims, liabilities or expenses.

15. **Attorneys' Fees.** If any legal action or proceeding is brought to enforce this Agreement, the substantially prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding (including, without limitation, expert witness fees), in addition to any other relief to which the prevailing party may be entitled.

16. **Counterparts.** This Agreement may be executed in counterparts, all of which when taken together shall constitute one complete document. For this purpose the parties agree that facsimile signatures shall be accepted as originals.

IN WITNESS HEREOF, the Parties hereto have caused duplicate originals of this Agreement to be executed by their duly authorized representatives as of the date first written above.

CLIENT: CIRCUIT CITY STORES, INC.

By: _____

Name: _____James King_____

Title: _____Tax Manager_____

PROFESSIONAL: KURZ GROUP, INC.

By: _____

Name: _____Jeffrey Kurz_____

Title: _____Vice President_____

**COPY**

## EXHIBIT A

**Services.** The Professional herein agrees to perform the following property tax services for Real Estate as described and incorporated herein as "Exhibit C – Property List" designated by Client in its sole discretion – hereinafter referred to as "Properties":

a. Maintain current property tax descriptions of all Properties designated by the Client. Such descriptions will include location numbers, addresses, tax parcel numbers, and property assessment histories.

b. Properly and timely file real estate tax returns with respect to the Client's Properties in all taxing jurisdictions where such returns are required.

b. Obtain data about appraised values and proposed assessments, and negotiate real property values and assessments with individual assessing authorities to obtain fair and equitable assessed values.

c. Appeal, at no additional cost to the Client (except as provided herein), to the Boards of Appeal when necessary to obtain that objective in paragraph "a" above. In the event an appeal requires the representation by an attorney or independent appraiser, the Professional will coordinate such representation with Client. The Client retains the right to engage, and the obligation to pay for, such representation on terms and conditions to be established between the Client and the representative. The Professional agrees to assist in the appeals process by providing upon request expert testimony on behalf of the Client at no additional cost to Client.

d. Take no action or fail to take any action that would prejudice the rights of the Client.

e. Provide to the Client a mutually agreeable periodic report (timing to coincide with the proposed assessment date, appeal hearing dates, any material milestone date, and/or final disposition of the appeal) during the appeal process that describes Properties, brief evaluation of Properties and any discrepancies identified on the Properties. This report is for internal use only, and will be used to help Client management make decisions on any recovery actions that should be taken. It is understood that any property value information conveyed in the report by Professional for a particular property, while deemed reliable, are informal guides for internal use by Client and in no way constitute a formal appraisal or formal opinion of value.

f. Client retains complete authority with respect to resolving all issues associated with the assessed values of the Properties. Client must approve all written communication with third parties.



## EXHIBIT B

**Fees and Terms.** The Professional shall perform the Services described in Exhibit "A" for the following annual fees:

Real Estate only – 25% performance fee

A performance fee of twenty-five percent (25%) of the "first year only" tax savings is invoiced when a reduction in value is achieved from the assessor's notified (proposed) value for Client's real estate. The fee to the Professional will be calculated by subtracting the final negotiated value from the assessor's original (proposed) notified value for each property. Evidence of reduced assessment must be in writing from the presiding government entity (assessor, appeal board, tax court, etc.) That difference in value is then multiplied by the current year's tax rate(s) for all taxing jurisdictions that tax the Properties, representing the total tax savings. The total tax savings is then multiplied by 25% to determine the Professional's fee.

Invoices for the Services are payable 30 days from receipt of invoice and issuance of tax bills by the taxing jurisdiction(s) evidencing lowered assessment.

Client is responsible for all filing fees, if applicable. The Professional is responsible for all travel and all other out-of-pocket expenses incurred in the performance of this Agreement.

**CIRCUIT CITY STORES, INC.**

By: _[signature]_

Title: Tax Manager

Date: 11-19-04

**KURZ GROUP, INC.**

By: _[signature]_

Title: Vice President

Date: November 29, 2004

**COPY**

## Exhibit "C"

| Loc # | ID Number | Store Name | Address | City | ST | Zip | County |
|---|---|---|---|---|---|---|---|
| 00546 | 380858900A10R0000 | Mesquite Ss | 3733 Emporium Circle | Mesquite | TX | 75150 | Dallas |
| 03501 | 0072920A0001C0000 | Dallas (North Central) Ss (S/L) | 10400 N. Central Expressway | Dallas | TX | 75231 | Dallas |
| 06345 | 007410000A0030000 | DALLAS SUBLEASE (S/L) | 5959 Alpha Road | Dallas | TX | 75240 | Dallas |
| 06467 | 220137000A01A0000 | Duncanville Sublease | 667 N. Cockrell Hill Road | Duncanville | TX | 75116 | Dallas |

COPY