IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | Case No. 08-35653- KRH |
| | ) | |
| Debtor | ) | |
| | ) | |
| ———————— | ) | |
| | ) | |
| WAYNE VF, LLC | ) | |
| AND | ) | |
| VORNADO REALTY TRUST | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| | ) | |
| Respondent | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC**
**STAY WITH SUPPORTING MEMORANDUM**

Now come the Movants, Wayne VF, LLC and Vornado Realty Trust, by and through undersigned counsel, and move this Honorable Court to grant relief from Debtor's automatic stay pursuant to 11 U.S.C. § 362 (d)(1) and Rule 40001(a)(1) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia to allow Petitioners to continue their New Jersey State Court action in the matter of James Fouskey v. Circuit City Stores, Inc., et al. in the Superior Court of New Jersey, Bergen County, Law Division (Docket No. BER-L-3271-08) for contractual indemnification and contribution against the Debtor.

118083.1

## A.

## JURISDICTION

1.  On or about November 10, 2008 (the Petition Date"), the Debtors/Respondents, Circuit City Stores, Inc. (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the Unites States Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

2.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief sought herein are, inter alia, §§ 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 9014 and Local Bankruptcy Rule 4001.

## B.

## BACKGROUND FACTUAL INFORMATION

1.  On or about December 2, 2007, James Fouskey sustained permanent injuries as a result of a snow and ice covered ramp outside of the Circuit City store located in Wayne, New Jersey. (See copy of Complaint attached hereto as Exhibit "A").

2.  On or about April 29, 2008, James Fouskey filed a Complaint under Docket Number BER-L-3271-08 in the Superior Court of New Jersey against the Debtor, Circuit City Stores, Inc. and the Movants, Wayne VF, LLC and Vornado Realty Trust, the land owners, among other parties. (See copy of Complaint attached hereto as Exhibit "A").

3.  On or about June 18, 2008, Debtor Circuit City Stores, Inc. filed an Answer and Cross Claims under Docket Number BER-L-3271-08 in the Superior Court of New Jersey. (See Copy of Circuit City Stores, Inc. Answer and Cross Claims attached hereto as Exhibit "B").

4. On or about June 18, 2008, the Movants, Wayne VF, LLC and Vornado Realty Trust, improperly pleaded as Vornado Trust, filed an Answer and a Cross Claim for Contractual Indemnification against Circuit City Stores, Inc. under Docket Number BER-L-3271-08 in the Superior Court of New Jersey. (See Copy of Wayne VF, LLC and Vornado Realty Trust, improperly pleaded as Vornado Trust Answer and Cross Claim attached hereto as Exhibit "C").

5. The lease agreement between the Debtor Circuit City Stores, Inc. (the tenant) and the Movants, Wayne VF, LLC and Vornado Realty Trust (Landlord) states the tenant is solely responsible for all maintenance. (See Lease Agreement Paragraph 10(a) attached hereto as Exhibit "D").

6. Moreover, the lease provisions require Debtor Circuit City Stores, Inc. to indemnify the Movants, Wayne VF, LLC and Vornado Realty Trust and name them an additional insured under their commercial general liability insurance policy. (See Lease Agreement Paragraph 14(i)(2) and Paragraph 14(b) attached hereto as Exhibit "D").

7. The Debtor Circuit City Stores, Inc. has available liability insurance through Old Republic Insurance Company. (See Circuit City Stores, Inc. Certificate of Liability Insurance attached hereto as Exhibit "E").

8. An appearance in the New Jersey Superior Court matter was filed on behalf of the Debtor by counsel, Monte & Rudolph of Sea Girt, New Jersey.

9. On or about November 26, 2008, a Suggestion of Bankruptcy and Notice of Operation of Automatic Stay was filed by Circuit City Stores, Inc. with regard to Docket Number BER-L-3271-08 (See Suggestion of Bankruptcy and Notice of Operation of Automatic Stay attached hereto as Exhibit "F").

118083.1

10.     On or about December 24, 2008, The Honorable Menelaos W. Toskos, J.S.C. executed an Order of Disposition on Account of Bankruptcy Proceeding and dismissed all claims without prejudice against Debtor Circuit City Stores, Inc. However, this matter is not stayed as to any other party in the case. (See Order of Disposition on Account of Bankruptcy Proceeding attached hereto as Exhibit "G").

11.     As such, the Cross Claim for Contractual Indemnification filed by Movants, Wayne VF, LLC and Vornado Realty Trust against Debtor Circuit City Stores has been dismissed without prejudice.

## C.

## RELIEF REQUESTED

1.     All claims with regard to Debtor Circuit City Stores in the matter pending in the Superior Court of New Jersey under Docket Number BER-L-3271-08 has been stayed by the filing of Debtor's Bankruptcy petition.

2.     By this Motion, the Movants, Wayne VF LLC and Vornado Realty Trust, the landlords, are requesting this Court to modify the stay to permit Wayne VF LLC and Vornado Realty Trust to pursue their contractual indemnification claim against Debtor, Circuit City Stores, Inc.

3.     Pursuant to 11 U.S.C. § 362 (d)(1) of the Bankruptcy Code, the Movants are entitled to relief from the automatic stay for cause. While the term "cause" is not defined in the Bankruptcy Code, the Fourth Circuit of Appeals has established a test for determining whether cause exists to lift the stay when a movant seeks to proceed with litigation against the debtor outside of the bankruptcy court. See In re Robbins, 964 F.2d 342 (4th Cir. 1992). When deciding whether to lift stay.

> The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the

person seeking relief from the automatic stay if relief is denied. The factors that courts consider in deciding whether to lift the stay include (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Id. at 345. In this instance, all three factors of the test are satisfied.

4. First, the claims underlying the Litigation are solely based on New Jersey state law and not on the Bankruptcy Code. The Movants and the Debtors have a lease agreement that requires the Debtors to indemnify the Movants. Contract and indemnification issues are uniquely State Court matters properly the subject matter jurisdiction of the New Jersey Court system. Thus, it would further the interests of justice to lift the stay to permit the Litigation to proceed in the New Jersey State Court.

5. Second, judicial economy would be promoted by permitting the Litigation to continue in the New Jersey State Court. The Litigation is already pending in New Jersey State Court and the Litigation would not disrupt the Bankruptcy process.

6. Finally, the Litigation will have no adverse impact on the Bankruptcy Estate of Debtor. The Debtor has available liability insurance and this Motion seeks to lift the stay to enable the Movant to proceed only against available insurance proceeds.

**WHEREFORE**, the Movants, by counsel, respectfully request that this Honorable Court grant the Motion for Relief, and immediately lift and terminate the automatic stay to permit them to prosecute the Lawsuit to the point of judgment in the State Court, to collect any judgment from any available insurance coverage(s), and or settle the Lawsuit and collect any settlement(s) from any available insurance coverage(s).

5

118083.1

Dated January 22, 2009          Respectfully submitted,

                                        WAYNE VF, LLC and VORNADO REALTY TRUST
                                        By Counsel

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

_/s/ Walter L. Williams_

Walter L. Williams, Esquire (VSB# 39037)
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (facsimile)
*Counsel for Wayne VF, LLC and Vornado Realty Trust*

118083.1

## EXHIBITS (AS ATTACHED SEPERATELY)

A. Complaint

B. Circuit City Stores, Inc. Answer and Cross Claims

C. Copy of Wayne VF, LLC and Vornado Realty Trust, improperly pleaded as Vornado Trust Answer and Cross Claim

D. Lease Agreement

E. Circuit City Stores, Inc. Certificate of Liability Insurance

F. Suggestion of Bankruptcy and Notice of Operation of Automatic Stay

G. Order of Disposition on Account of Bankruptcy Proceeding

118083.1