Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   1Case No. 08-35653 (KRH)
et al.,                        :
                               :
          Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - x

**AMENDED ORDER (1) APPROVING SALE OF AIRCRAFT FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES;
AND (2) GRANTING RELATED RELIEF**

This matter came before the Court on the

Debtors' Motion for Orders Pursuant to Bankruptcy Code

Sections 105, 363 and 364 (I)(A) Approving Procedures in

Connection with Sale of All or Substantially All of the

Business (B) Authorizing Debtors to Enter into Stalking

Horse Agreements in Connection with Store Closing and
Miscellaneous Asset Sales or Stalking Horse or Financing
Agreements in Connection with Going Concern
Transactions, (C) Approving Payment of Termination Fees
in Connection Therewith, and (D) Setting Auction and
Hearing Dates, (II) Approving Sale of Debtors Assets
Free and Clear of All Interests and (III) Granting
Related Relief (the "Sale Motion").[1]  Pursuant to the
Sale Motion, the debtors and debtors in possession
(collectively, the "Debtors") sought, *inter alia*, entry
of orders (I)(A) approving procedures in connection with
soliciting bids for a sale of all or substantially all
of the business or additional post-petition financing
for the business, (B) authorizing the Debtors to enter
into stalking horse or financing agreements in
connection with Going Concern Transactions or stalking
horse agreements in connection with Store Closing and
Miscellaneous Asset Sales and, (C) approving the
Debtors' payment of a Termination Fee in connection
therewith, and (D) scheduling Auction and Hearing Dates,
(II) approving the sale of the Debtors' assets free and

---

[1]     Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Sale Motion.

clear of all interests, and (III) granting related
relief.

On January 12, 2009, the Court signed the
Order (I) Approving Procedures in Connection with Sale
of All or Substantially All of the Business, (II)
Authorizing Debtors to Enter into Stalking Horse
Agreements in Connection with Store Closing and
Miscellaneous Asset Sales or Stalking Horse or Financing
Agreements in Connection with Going Concern
Transactions, (III) Approving Payment of Termination
Fees in Connection Therewith, (IV) Setting Auction and
Hearing Dates Pursuant to Bankruptcy Code Sections 105
and 363 and (V) Granting Related Relief (the "Sale
Procedures Order"), authorizing the Debtors to proceed
with the sale procedures set forth therein (the "Bidding
Procedures") and approving the Termination Fee and the
form of notice of the hearing on the Sale Motion.

The Court having conducted a hearing on the
Sale Motion on January 16, 2009 (the "Sale Hearing); and
all parties in interest having been heard, or having had
the opportunity to be heard, regarding the Aircraft Pur-
chase and Sale Agreement (the "Purchase Agreement", at-

tached hereto as Exhibit A), and the transactions con-
templated thereby (the "Transactions"); and the Court
having reviewed and considered the Sale Motion, and the
arguments of counsel made, and the evidence adduced, at
the Sale Hearing; and it appearing that the relief re-
quested in the Sale Motion is in the best interests of
the Debtors, their estates, their creditors, and all
other parties in interest; and upon the record of the
Sale Hearing and these chapter 11 cases, and after due
deliberation thereon, and good cause appearing there-
fore; **THE COURT HEREBY FINDS DETERMINES AND CONCLUDES
THAT:**

A.   The findings and conclusions set forth
herein constitute the Court's findings of fact and con-
clusions of law pursuant to Bankruptcy Rule 7052.  To
the extent any of the following findings of fact are de-
termined to be conclusions of law, they are adopted, and
shall be construed and deemed, conclusions of law.  To
the extent any of the following conclusions of law are
determined to be findings of fact, they are adopted, and
shall be construed and deemed, as findings of fact.

B.    The Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 4001 and 6004.

D.    Notice of the Sale Motion and entry of the Bidding Procedures Order has been provided to those parties entitled to notice under the Debtors' Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order"), as well as (a) all entities known to have expressed an interest in a transaction regarding the Debtors' assets, stores or inventory during the past three (3) months; (b) all landlords and entities known to have an interest in any of the assets to

be sold; and (c) all federal, state, and local regulat-

ory or taxing authorities or recording offices that have

a reasonably known interest in the relief requested

through the Sale Motion.

E.   Based upon the affidavits of service

filed with the Court: (a) notice of the Sale Motion, the

Bidding Procedures, the Sale Procedures Order, and the

Sale Hearing was adequate and sufficient under the cir-

cumstances of these chapter 11 cases and these proceed-

ings and complied with the various applicable require-

ments of the Bankruptcy Code and the Bankruptcy Rules;

and (b) a reasonable opportunity to object and be heard

with respect to the Sale Motion and the relief requested

therein was afforded to all interested persons and en-

tities.

F.   The Aircraft is property of the Debtors'

estates and title thereto is vested in the Debtors' es-

tates.

G.   The Bidding Procedures were substantively

and procedurally fair to all parties, were consented to

by all parties in the chapter 11 cases, and were the

result of intense arms length negotiations among the
Debtors, the Committee, and the DIP Agent.

H.   The Debtors and their professionals mar-
keted the Aircraft and conducted the sale process in ac-
cordance with the Bidding Procedures.  Based upon the
record of these proceedings, all creditors and other
parties-in-interest and all prospective purchasers have
been afforded a reasonable and fair opportunity to bid
for the Aircraft.

I.   After an auction held on January 14,
2009, the Debtors determined that the highest and best
Qualified Bid was that of TACALA, LLC (the "Purchaser").

J.   At the Auction, Purchaser bid $4,750,000
(the "Bid") for the Aircraft, which Bid was a valid and
proper offer pursuant to the Bidding Procedures and
Bankruptcy Code Sections 363(b) and 363(k).

K.   Subject to the entry of this Order, each
Debtor (i) has full power and authority to execute the
Purchase Agreement and all other documents contemplated
thereby, and the sale of the Aircraft by the Debtors has
been duly and validly authorized by all necessary com-
pany action of each of the Debtors, (ii) has all of the

power and authority necessary to consummate the Transac-
tions contemplated by the Purchase Agreement, (iii) has
taken all company action necessary to authorize and ap-
prove the Purchase Agreement and the consummation by
such Debtors of the Transactions.  No consents or ap-
provals, other than those expressly provided for in the
Purchase Agreement or this Order, are required for the
Debtors to close the sale of the Aircraft (the "Sale")
and consummate the Transactions.

L.  Entry into the Purchase Agreement and
consummation of the Transactions constitute the exercise
by the Debtors of sound business judgment and such acts
are in the best interests of the Debtors, their estates
and creditors, and all parties in interest. The Court
finds that the Debtors have articulated good and suffi-
cient business reasons justifying the Sale of the Air-
craft to Purchaser.  Such business reasons include, but
are not limited to, the following: (i) the Purchase
Agreement constitutes the highest and best offer for the
Aircraft; (ii) the Purchase Agreement and the closing
(the "Closing") thereon will present the best opportun-
ity to realize the value of the Aircraft; (iii) there is

substantial risk of deterioration of the value of the
Aircraft if the Sale is not consummated promptly; and
(iv) the Purchase Agreement and the Closing thereon will
provide a greater recovery for the Debtors' creditors
than would be provided by any other presently available
alternative.

　　　　M.　The Purchase Agreement and the Transac-
tions were negotiated and have been and are undertaken
by the Debtors and Purchaser at arms' length without
collusion or fraud, and in good faith within the meaning
of Sections 363(m) and (n) of the Bankruptcy Code.  An
auction was conducted in accordance with the Sale Pro-
cedures Order on January 14, 2009, at which Purchaser
was declared the highest and best bidder. The auction
was conducted at arms' length and in good faith within
the meaning of Section 363(m) of the Bankruptcy Code.
As a result of the foregoing, the Debtors and Purchaser
are entitled to the protections of Section 363(m) of the
Bankruptcy Code.  Moreover, neither the Debtors nor Pur-
chaser engaged in any conduct that would cause or permit
the Purchase Agreement or the consummation of the Trans-

actions to be avoided, or costs or damages to be im-
posed, under Section 363(n) of the Bankruptcy Code.

N.   The total consideration provided by Pur-
chaser for the Aircraft is the highest and best offer
received by the Debtors, and the Purchase Price consti-
tutes (a) reasonably equivalent value under the Bank-
ruptcy Code and Uniform Fraudulent Transfer Act, (b)
fair consideration under the Uniform Fraudulent Convey-
ance Act, and (c) reasonably equivalent value, fair con-
sideration and fair value under any other applicable
laws of the United States, any state, territory or pos-
session, or the District of Columbia  ((a), (b)  and (c)
collectively, "Value"), for the Aircraft.

O.   Purchaser would not have entered into the
Purchase Agreement and would not consummate the Transac-
tions, thus adversely affecting the Debtors, their es-
tates, and their creditors, if the sale of the Aircraft
to Purchaser was not free and clear of all liens,
claims, interests and encumbrances (the "Liens, Claims,
Interests and Encumbrances"), if any, or if Purchaser
would, or in the future could, be liable for any of such
Liens, Claims, Interests and Encumbrances.  A sale of

the Aircraft other than one free and clear of Liens,
Claims, Interests and Encumbrances would adversely im-
pact the Debtors' estates, and would yield substantially
less value for the Debtors' estates, with less certainty
than the Sale.  Therefore, the Sale contemplated by the
Purchase Agreement is in the best interests of the Debt-
ors, their estates and creditors, and all other parties
in interest.

P.   The Debtors may sell the Aircraft free
and clear of all Liens, Claims, Interests and Encum-
brances, if any, because, with respect to each creditor
asserting a Lien, Claim or Interest, one or more of the
standards set forth in Bankruptcy Code § 363(f)(1)-(5)
has been satisfied.   All holders of Liens who did not
object or withdrew their objections to the Sale are
deemed to have consented to the Sale pursuant to 11
U.S.C. § 363(f)(2) and all holders of Liens are ad-
equately protected by having their Liens, Claims, In-
terests and Encumbrances if any, attach to the cash pro-
ceeds of the Sale ultimately attributable to the prop-
erty against or in which they claim an interest with the
same priority, validity, force, and effect as they at-

tached to such property immediately before the closing of the Sale.

Q.    There was no evidence of insider influence or improper conduct by Purchaser or any of its affiliates in connection with the negotiation of the Purchase Agreement with the Debtors.  There was also no evidence of fraud or collusion among Purchaser and its affiliates and any other bidders for the Debtors' assets, or collusion between the Debtors and Purchaser or its affiliates to the detriment of any other bidders.

R.    At no time was Purchaser or its affiliates an "insider" or "affiliate" of any of the Debtors, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders existed between Purchaser or its affiliates and any of the Debtors.  The Transactions do not amount to a consolidation, merger or *de facto* merger of Purchaser and the Debtors' and/or the Debtors' estates, there is not substantial continuity between Purchaser and the Debtors, there is no continuity of enterprise between the Debtors and Purchaser, Purchaser is not a mere continuation of the Debtors or the Debtors' estates, and

Purchaser does not constitute a successor to the Debtor or the Debtors' estates.

S.   Except as otherwise expressly provided in the Purchase Agreement, the transfer of the Aircraft to Purchaser will be a legal, valid, and effective transfer of the Aircraft, and will vest Purchaser with all right, title, and interest of the Debtors to the Aircraft free and clear of all Liens, Claims, Interests and Encumbrances, if any, including but not limited to all Claims arising under doctrines of successor liability.

T.   Approval of the Purchase Agreement and consummation of the Sale of the Aircraft at this time are in the best interests of the Debtors, their creditors, their estates, and all parties in interest.  Time is of the essence in consummating the Sale.  In order to maximize the value of the Debtors' assets, it is essential that the sale of the Aircraft occur as soon as possible.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004.

Based upon all of the foregoing, and after due deliberation, **THE COURT ORDERS, ADJUDGES, AND DECREES THAT:**

1.    The relief requested in the Sale Motion
is granted with respect to the Purchase Agreement in the
manner and to the extent provided herein.

2.    The Purchase Agreement, the Bid, and the
Sale of the Aircraft to Purchaser, are hereby approved
and authorized in all respects.

3.    Pursuant to 11 U.S.C. §§ 363(b) and
363(f), upon the consummation of the Agreement, the
Seller's right, title, and interest in the Aircraft
shall be transferred to the Purchaser free and clear of
all Liens, Claims, Interests and Encumbrances with all
such Liens, Claims, Interests and Encumbrances to attach
to the cash proceeds of the Sale in the order of their
priority, with the same validity, force, and effect
which they had as against the Property immediately be-
fore such transfer, subject to any claims and defenses
the Seller may possess with respect thereto.

4.    Except as expressly provided in the Pur-
chase Agreement, Purchaser is not assuming nor shall it
or any affiliate of Purchaser be in any way liable or
responsible, as a successor or otherwise, for any liab-
ilities, debts, or obligations of the Debtors in any way

14

whatsoever relating to or arising from the Debtors' own-
ership or use of the Aircraft prior to the consummation
of the Transactions contemplated by the Purchase Agree-
ment, or any liabilities calculable by reference to the
Debtors or their operations or the Aircraft, or relating
to continuing or other conditions existing on or prior
to the Closing, which liabilities, debts, and obliga-
tions are hereby extinguished insofar as they may give
rise to liability, successor or otherwise, against Pur-
chaser or any affiliate of the Purchaser.

5.    The consideration provided by Purchaser
for the Aircraft under the Purchase Agreement is fair
and reasonable and shall be deemed for all purposes to
constitute Value under the Bankruptcy Code and any other
applicable law, and the Sale may not be avoided, or
costs or damages imposed or awarded, under Section
363(n), or any other provision of the Bankruptcy Code.

6.    The Transactions are undertaken by Pur-
chaser in good faith and Purchaser is a purchaser in
good faith of the Aircraft as that term is used in Sec-
tion 363(m) of the Bankruptcy Code. Purchaser is en-
titled to all of the protections afforded by Section

363(m) of the Bankruptcy Code; accordingly, the reversal
or modification on appeal of the authorization provided
herein to consummate the Sale shall not affect the
validity of the Sale of the Aircraft to Purchaser, un-
less such authorization is duly stayed pending such ap-
peal.

7.   Pursuant to sections 105 and 363 of the
Bankruptcy Code, the Debtors and the Purchaser are each
hereby authorized and directed to take any and all ac-
tions necessary or appropriate to: (i) consummate the
sale of the Aircraft to Purchaser (including, without
limitation, to convey to Purchaser the Aircraft) and the
Closing of the Sale in accordance with the Sale Motion,
the Purchase Agreement and this Order; and (ii) perform,
consummate, implement and close fully the Purchase
Agreement together with all additional instruments and
documents that may be reasonably necessary or desirable
to implement the Purchase Agreement, including without
limitation, take all actions and execute all documents
reasonably necessary or appropriate to effectuate any
obligations under the Purchase Agreement and to execute
and deliver such other documents and take such other ac-

tions as are necessary to effectuate the Sale contem-

plated by the Purchase Agreement.  The parties shall

have no obligation to proceed with the Closing of the

Purchase Agreement until all conditions precedent to

their obligations to do so, including completion of the

pre-purchase evaluation as set forth in Section 3 there-

of, have been met, satisfied or waived.

8.   Purchaser is authorized to remit or cause

to be remitted at Closing (or at such other times as

provided in the Purchase Agreement), in accordance with

the terms of the Purchase Agreement, to the Debtors,

$4,750,000.

9.   No bulk sales law or any similar law of

any state or other jurisdiction shall apply in any way

to the Sale and the Transactions.

10.   The Debtors are authorized to pay fees to

their broker that become due and payable as a result of

the sale of the Aircraft.

11.   On the Closing Date, this Order shall be

construed and shall constitute for any and all purposes

a full and complete general assignment, conveyance and

transfer of the Aircraft or a bill of sale transferring

good and marketable title in such Aircraft to Purchaser
on the Closing Date pursuant to the terms of the Pur-
chase Agreement.

12.   This Order is and shall be binding upon
and govern the acts of all entities, including, all fil-
ing agents, filing officers, title agents, title compan-
ies, recorders of mortgages, recorders of deeds, regis-
trars of deeds, administrative agencies or units, gov-
ernmental departments or units, secretaries of state,
federal, state and local officials and all other persons
and entities who may be required by operation of law,
the duties of their office, or contract, to accept,
file, register or otherwise record or release any docu-
ments or instruments, or who may be required to report
or insure any title or state of title in or to the Air-
craft conveyed to Purchaser.  All such entities de-
scribed above in this paragraph are authorized and spe-
cifically directed to strike all recorded Liens, Claims,
Interests and Encumbrances against the Aircraft from
their records, official and otherwise.

13.   Each and every federal, state and govern-
mental agency or department, and any other person or en-

tity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

14.   This Order and the Purchase Agreement shall be binding in all respects upon all creditors and equityholders of any of the Debtors, the Committee, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtors' bankruptcy chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code, and the Purchase Agreement shall not be subject to rejection or avoidance under any circumstances.

15.   The Purchase Agreement and any related agreements, documents, or other instruments may be modified amended, or supplemented by the parties thereto, in a writing signed by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

16.   This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(g) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

17.   The provisions of this Order are non-severable and mutually dependent.

18.   To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any Permit relating to the operation of the Aircraft sold, transferred or conveyed to Purchaser on account of the filing or pendency of these Chapter 11 cases or the consummation of the Sale.

19.   Each and every federal, state and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Aircraft, all without imposition or payment of any stamp tax, transfer tax, or similar tax.

20.   The failure specifically to include or make reference to any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the

intent of the Court that the Purchase Agreement is au-
thorized and approved in its entirety.

21.   The Court retains jurisdiction, even
after the Closing of these chapter 11 cases, to: (1) in-
terpret, implement and enforce the terms and provisions
of this Order (including the injunctive relief provided
in this Order) and the terms of the Purchase Agreement,
all amendments thereto and any waivers and consents
thereunder; (2) protect Purchaser, or the Aircraft, from
and against any of the Liens, Claims, Interests and En-
cumbrances; (3) compel delivery of all Aircraft to Pur-
chaser; and (4) resolve any disputes arising under or
related to the Purchase Agreement, the Sale or the
Transactions, or Purchaser's peaceful use and enjoyment
of the Aircraft.

Dated:  Richmond, Virginia
        January ____, 2009


                    _____
                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

 /s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

   /s/ Douglas M. Foley
Douglas M. Foley