Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

       - and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
|  | : Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., | : |
| et al., | : Jointly Administered |
|  | : |
| Debtors. | : |

- - - - - - - - - - - - - - - x

**AMENDED ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 6004 AND 6006 AUTHORIZING AND APPROVING (A) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (B) SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES TO BOND C.C.I. DELAWARE BUSINESS TRUST OR ITS NOMINEE**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to sections 105(a), 363 and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), authorizing (a) the Debtors to assume and assign to Bond C.C. I. Delaware Business Trust or its nominee (the "Purchaser") the unexpired leases of non-residential real property attached as Exhibit A hereto (the "Leases"), and (b) the sale of the Leases free and clear of liens, claims, and encumbrances; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

    **ORDERED, ADJUDGED, AND DECREED that:**

    1.   The Motion is GRANTED.

    2.   Pursuant to Bankruptcy Code section 365, the Debtors assumption and assignment of the Leases to the Purchaser or its nominee on the terms of the

Agreement attached as Exhibit B hereto is hereby approved, and the requirements of Bankruptcy Code sections 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied.

3. In accordance with Bankruptcy Code section 365 and the Agreement, the Debtors are hereby authorized to assume and assign the Leases to the Purchaser or its nominee, and the Debtors and the Purchaser and each of their respective officers, employees, and agents are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by this Order.

4. The assumption and assignment of the Leases shall be deemed to have occurred as of the date of entry of this Order.

5. To the extent that the Debtor is in default under any of the Leases, the Purchaser will be responsible for curing any such default.

6. The assumption and assignment of the Leases shall be free and clear of any interest, including (without limitation) all liens, encumbrances,

pledges, mortgages, deeds of trust, security interests, claims, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, and/or transfer restrictions under any shareholder or similar agreement or encumbrance; provided, however, that this paragraph shall not affect any lien and encumbrance placed on the property by the Purchaser including, without limitation all liens and rights created by (a) that certain Deed of Trust and Security Agreement dated as of June 29, 1995 to Lehman Capital and (b) that Certain Assignment of Leases and Rents Dated as of June 29, 1995 to Lehman Capital.

7. The Leases shall be transferred to, and remain in full force and effect for the benefit of, and be enforceable by the Purchaser in accordance with their terms, notwithstanding any provision in the Leases that prohibits, restricts, or conditions such assignment or transfer.

8. The Purchaser shall assume all rights and obligations of the Debtors under the Leases, subject to and in accordance with the terms and conditions set forth in this Order.

9. Any extension or renewal option in the Leases that purports to be personal only to the Debtors shall be deemed to be an unenforceable restriction on assignment and shall be freely exercised by the Purchaser to its full extent.

10. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Leases after the closing date of the assumption, assignment and sale of the Leases to the Purchaser.

11. The failure of the Debtors and/or the Purchaser to enforce at any time one or more terms or conditions of any of the Leases shall not be a waiver of such terms or conditions, or of the rights of the Debtors and/or the Purchaser to enforce each and every term and condition of such Leases.

12. Each non-Debtor party to the Leases hereby is forever barred, estopped, and permanently enjoined from asserting against the Purchaser or its property any claim asserted or assertable against the Debtors, including any claim for default or breach under any of the Leases, any claim of lack of consent or any

other condition to assignment thereof, or any counterclaim, defense, setoff, right of recoupment, or any other claim, arising under or related to the Leases, or arising by reason of the sale, except to the extent provided for in the Agreement.

13. Any provision in the Leases that purports to declare a breach or default based in whole or in part on the sale or the above-captioned cases is hereby deemed unenforceable, and the Leases shall remain in full force and effect.

14. The Purchaser will pay all documented Skadden bundled rate structure fees and expenses incurred by the Debtors after December 5, 2008 in connection with the transactions contemplated by this Order, totaling $2,458.50; provided, further, and such payment shall be made within 15 days of receipt of an invoice from the Debtors.

15. Within 10 days of the entry of this Order, the Debtors shall pay to the Landlord all sums they have received from the subtenant on or after the Petition Date, including, without limitation, any rent or other charges under the sublease.

16. The Debtors reserve their rights to assume, assign, or reject other executory contracts or leases, and nothing herein shall be deemed to affect such rights.

17. Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other Bankruptcy Rule or rule 62(a) of the Federal Rules of Civil Procedure, this order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this order.

18. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

19.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:    Richmond, Virginia
          January ___, 2009

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219 (804) 775-1000

Counsel to the Debtors
and Debtors in Possession

-8-

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

-9-