Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**FINDINGS OF FACT AND CONCLUSIONS OF LAW FROM HEARING
HELD DECEMBER 22, 2008 ON MOTIONS TO COMPEL PAYMENT OF
POSTPETITION RENT**

Upon the motions, either formal, informal, or raised in objections to pleadings filed by the Debtors (the "Motions"),[1] of lessors under certain of the Debt-

---

[1]  For purposes of this Order, the term "Motions" shall not include pleadings filed by lessors with respect to leases governed by this Court's previous Order Granting Motion of Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and

ors' unexpired leases of nonresidential real property (the "Leases") to compel immediate payment of postpetition rent for the period from November 10, 2008 (the "Petition Date") through November 30, 2008 (the "Stub Rent")[2] pursuant to section 365(d)(3) of the Bankruptcy Code or, in the alternative, that the Court defer payment thereof only until the date that is sixty days following the Petition Date; and the Debtors' omnibus objections to the Motions filed on December 3, 2008 and December 18, 2008 at Docket Nos. 641 and 1100, respectively (the "Objections"); and the Court having reviewed the Motions and the Objections; and the Court having heard the testimony of Stephen Coulombe of FTI Consulting, Inc., presented by the Debtors; and the Court having considered the arguments advanced by certain of the lessors that the Debtors' agreement that the "accrual

---

365 (I) Assuming Agency Agreement Among Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement Sales Pursuant to Store Closing Agreement, entered on November 10, 2008 (Docket No. 82).

[2]   For purposes of this Order, Stub Rent includes all amounts owing under the Leases, including but not limited to common area maintenance charges, real property taxes, and such other charges as may be asserted under the Leases.  To the extent the Motions sought relief other than payment of Stub Rent, such relief is not addressed by this Order, and individual orders resolving the Motions will be entered as necessary.

method" applies to the Leases requires a finding that payment of Stub Rent under Paid In Advance Leases is an obligation subject to timely performance under section 365(d)(3); and upon the record herein, and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:[3]**

A.   The court has jurisdiction over the Motions pursuant to 28 U.S.C. §§ 157 and 1334, and these matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of these cases and the Motions in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   As of the Petition Date, the Debtors were parties to numerous Leases pursuant to the terms of which rental obligations for the month of November 2008 became due and payable on November 1, 2008 (the "Paid In Advance Leases") and were also parties to Leases pursuant to the terms of which rental obligations for the

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3

month of November 2008 became due and payable after the Petition Date (the "Arrears Leases").

        C.  For Leases with respect to which a lessor has filed a Motion, the Debtors have agreed on the record that the "accrual method" will apply in these cases with respect to both Paid In Advance Leases and Arrears Leases and that such lessors have timely raised their rights under Section 365(d)(3) of the Bankruptcy Code and thus have not waived any rights that Section 365(d)(3) affords them. The Debtors contest the applicability of Section 365(d)(3) to the Stub Rent requests but agree that Stub Rent with respect to such leases is entitled to administrative expense priority under section 503(b) of the Bankruptcy Code. In addition, the Debtors contend that even if section 365(d)(3) applies to the Stub Rent request, the Court has discretion not to order immediate payment.

        D.  The unpaid Stub Rent for Paid In Advance Leases is approximately $20 to $25 million. The budget under the Debtors' debtor-in-possession financing facility, as approved by this Court's Order dated December 23, 2008 (Docket No. 1262) (the "DIP Facility"), did not

contemplate payment of the Stub Rent for Paid In Advance Leases, and the Debtors presented evidence that they were accordingly not authorized to make immediate payment of the Stub Rent for Paid In Advance Leases and that such payment would result in financial hardship for the Debtors and endanger their continued operations and successful restructuring.

E.   None of the lessors under the Paid In Advance Leases has submitted any evidence that the Stub Rent is or was first due and payable under Paid In Advance Leases pursuant to the terms of such leases on a day in November subsequent to the Petition Date.

F.   Notwithstanding the assertion by certain lessors under Paid In Advance Leases that section 365(d)(3) of the Bankruptcy Code prohibits this Court from extending the time for payment of the Stub Rent under Paid In Advance Leases past the date that is sixty days after the Petition Date, the Court determines that under the facts and circumstances presented to the Court, including the financial circumstances presented through testimony by one of the Debtors' financial advisors, the Court has discretion under the Bankruptcy Code and the

decision in <u>In re Trak Auto Corp.</u>, 277 B.R. 655, 668 (Bankr. E.D. Va. 2002), <u>rev'd</u>. <u>on</u> <u>other</u> <u>grounds</u>, 367 F.3d 237 (4th Cir. 2004), to decline to order timely payment of the Stub Rent for Paid In Advance Leases notwithstanding the landlords' assertion that section 365(d)(3) mandates immediate payment.  For the Court to order otherwise would provide the lessors with a superpriority claim, and such superpriority claim is not required under the Bankruptcy Code.  See <u>In re Virginia Packaging Supply Co.</u>, 122 B.R. 491, 494-95 (Bankr.E.D.Va.2002).

  G. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties-in-interest herein.  Therefore, it is hereby

  **ORDERED, ADJUDGED AND DECREED THAT:**

  1. This Court will adhere to the determinations made in <u>In re Trak Auto Corp.</u>, and <u>In re Virginia Packaging Supply Co., Inc.</u>, that the Debtors should not be ordered to pay the Stub Rent at this time on the basis that such rent is not entitled to a superpriority

but rather to priority only pursuant to Section 507(a) of the Bankruptcy Code.

      2.   Accordingly, the Motions filed with respect to Stub Rent for Paid In Advance Leases seeking either immediate payment or payment within sixty days of the Petition Date are hereby DENIED.  Based on the Debtors' representations that such amounts with respect to Arrears Leases will be paid as soon as practicable pursuant to Bankruptcy Code section 365(d)(3), to the extent such payments are made in accordance with such representations the Motion will be deemed moot as to such Arrears Leases.

      3.   The Stub Rent claims for lessors under Paid In Advance Leases are hereby accorded administrative priority expense treatment under sections 503(b) and 507(a) of the Bankruptcy Code, and such Stub Rent claims shall be payable upon the effective date of any plan of reorganization in these cases or at such other time as the Court may order upon further motion.

Dated:  Richmond, Virginia  
       January __, 2009

                             _____  
                             UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


Seen and objected to:

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr. (VSB No. 13254)
Christian & Barton, L.L.P.
909 East Main St., Suite 1200
Richmond, Virginia 23219
(804) 697-4104

Counsel to certain of the lessors

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing order has been endorsed by or served upon all necessary parties.

    /s/ Douglas M. Foley