UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re: | ) |
| | ) Bankruptcy Case |
| CIRCUIT CITY STORES, INC., *et al.*, | ) No. 08-35653-KRH |
| | ) Chapter 11 |
| Debtors. | ) |

**EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO PERMIT TERMINATION OF CONSIGNMENT AGREEMENT
AND FOR ENTRY OF AN ORDER DIRECTING DEBTORS TO REJECT
<u>CONSIGNMENT AGREEMENT</u>**

LEXAR MEDIA, INC. ("Lexar") by counsel WILEY REIN LLP, Valerie P. Morrison and Dylan G. Trache, files this Emergency Motion ("Emergency Motion") pursuant to sections 362 and 365 of the United States Bankruptcy Code for the entry of an order granting Lexar immediate relief from the automatic stay to permit Lexar to terminate the Consignment Agreement ("Consignment Agreement") between Lexar and the above captioned debtors-in-possession ("Circuit City" or "Debtors") or alternatively, to direct the Debtors to immediately reject the Consignment Agreement, stating to the Court as follows:

I.    <u>Introduction.</u>

On January 16, 2009, this Court entered the Order Approving Agency Agreement, Store Closing Sales and Related Relief ("GOB Order"). Pursuant to the GOB Order, the Debtors, *inter alia*, transferred inventory at all of their retail locations to a consortium of liquidators referred to in the GOB Order as the "Agent." The Agent is currently conducting store closing sales at the Debtors' retail locations.

Under the Consignment Agreement, Lexar provided certain goods to Circuit City for sale in their retail stores, including without limitation, compact flash memory cards and drives (the

Valerie P. Morrison, Va. Bar No. 24565
Dylan G. Trache, Va. Bar No. 45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800
Counsel to Lexar Media, Inc.

"Consigned Goods"). Title to the Consigned Goods remains with Lexar until the Consigned Goods are sold to Circuit City customers. As a result of the GOB Order, the transfer of inventory to the Agent, and the complete liquidation of the Debtors' assets, the Debtors have breached the Consignment Agreement. Specifically, the Consignment Agreement authorizes a party to immediately terminate the contract if the counter-party "ceases to function as a going concern or to conduct operations in the normal course of business." Circuit City is no longer a going concern and is not operating in the normal course of business. In addition, Circuit City has breached other post-petition obligations under the Consignment Agreement. Specifically, Circuit City has failed to make any of the required daily payments for the Consigned Goods since January 15, 2009 and has informed Lexar that it will no longer comply with its reporting requirements under the Consignment Agreement.

Based upon the Debtors' post-petition breaches of the Consignment Agreement, cause exists to (i) grant Lexar immediate relief from the automatic stay to terminate the Consignment Agreement; and (ii) direct the Debtors to immediately reject the Consignment Agreement.

II.   Background.

1. Circuit City and Lexar executed the Consignment Agreement effective as of November 3, 2008. A true and correct copy of the Consignment Agreement is attached hereto as Exhibit A (with proprietary and pricing information redacted).

2. The Consignment Agreement provides, *inter alia*, that Lexar will provide certain goods to Circuit City, including compact flash memory cards and drives, on a consignment basis. The term of the Consignment Agreement is one year. The Consignment Agreement contains various reporting requirements and procedures for remitting payments to Lexar. In addition, the Consignment Agreement requires the payment of certain Marketing Development Funds

("MDF") and Slotting Fees to Circuit City through offset against amounts owed by Circuit City to Lexar for goods and services. The Slotting Fees and MDF fees are 'front loaded' so that the fees for the entire one-year term of the contract are due in full in the first four months of the contract. The next MDF and Slotting Fee payment due date is January 31, 2009 in the aggregate amount of $625,000.

3. On November 10, 2008, the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

4. Following an unsuccessful attempt to reorganize or sell their business as a going concern, on January 16, 2009, the Debtors sought and obtained approval of an Agency Agreement Among the Debtors and the Agent ("Agency Agreement") and entry of the GOB Order to sell all their inventory to a liquidator to conduct GOB sales.

5. On January 17, 2009, the Agent commenced store closing sales at the Debtors' 567 remaining retail locations.

6. As a result of the Agency Agreement and decision to liquidate, Circuit City is no longer operating as a going concern or operating in the normal course of business.

7. Circuit City has failed to make any of the required daily payments for Consigned Goods since January 15, 2009, and thus is breach of its post-petition obligations under the Consignment Agreement. The current outstanding balance owed to Lexar for post-petition goods is $340,477.04.

8. On January 22, 2009, Circuit City provided notice by electronic mail that following January 25, 2009, it would cease providing sales and inventory data to Lexar as required by the Consignment Agreement. A copy of this notice is attached hereto as Exhibit "B."

III.   Relief Requested.

Lexar requests that the Court grant limited relief from the automatic stay to allow Lexar to immediately terminate the Consignment Agreement consistent with paragraph 22(b) thereof, and entry of an order directing the Debtors to immediately reject the Consignment Agreement.

IV.   Argument.

A.   *Cause Exists to Grant Relief from the Automatic Stay.*

Under 11 U.S.C. § 362(d)(1), the Court "shall" grant relief from the automatic stay "for cause[.]"  11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define what constitutes "cause," and therefore, bankruptcy courts must exercise discretion to determine when relief is appropriate on a case-by-case basis.  *See, e.g., Laguna Assoc. Ltd. P'ship v. Aetna Casualty & Sur. Co. (In re Laguna Assoc. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994), *as amended on denial of reh'g and reh'g en banc* (1994); *Indus. Ins. Serv., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir. 1991). "Cause" for termination of the stay has been held to be a broad and flexible concept.  *In re The Score Board, Inc.*, 238 B.R. 585, 593 (D. N.J. 1999) (citations omitted).

In this case, cause exists to grant relief from the automatic stay because the Debtors are unable to perform their obligations under the Consignment Agreement.  The Consignment Agreement requires that "Circuit City shall exert commercially reasonable efforts to sell the Consigned Products consistent with its usual course of business as a retailer of consumer electronics and related products." Consignment Agreement at ¶ 6(a).  Circuit City can no longer comply with this requirement.  Accordingly, Lexar is permitted to terminate the Consignment Agreement without prior notice pursuant to Paragraph 22 thereof, which allows immediate termination where a party no longer functions as a going concern.  In addition, Circuit City is

obligated to pay Lexar on a daily basis within five days of the date any Lexar product is sold to an end customer, and Circuit City has breached this obligation by ceasing to make such payments when due. Furthermore, the Consignment Agreement requires Circuit City to deliver certain sales and inventory reports to Lexar on a periodic basis via Electronic Data Interchange ("EDI"), and Circuit City has notified Lexar that it will not deliver any further EDI reports after January 25, 2009. For all of these reasons, cause exists to grant relief from the automatic stay and allow Lexar to terminate the Consignment Agreement.

B.    *The Debtors Should Immediately Reject the Consignment Agreement.*

Pursuant to § 365(d)(2) of the Bankruptcy Code, the debtor in possession may assume or reject an executory contract "at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease may order the [debtor in possession] to determine within a specified period of time whether to assume or reject such contract or lease." 11 U.S.C. § 365(d)(2). "In deciding whether to accelerate the debtor's decision, the court must balance the interests of the contracting party against the interests of the debtor and its estate." *In re Physician Health Corp.*, 262 B.R. 290, 292 (Bankr. D. Del. 2001). "Any shortened period should be calculated so as to afford the debtor-in-possession reasonable time to determine whether assumption would be beneficial to a successful reorganization." *In the Matter of The Travelot Co.*, 286 B.R. 462, 466 (Bankr. S.D. Ga. 2002). Here, Circuit City has decided to sell its inventory to a liquidator, to cease functioning as a going concern, and to stop selling Lexar's goods. Having made these decisions, Circuit City has had ample opportunity to consider whether to attempt to assume or reject the Consignment Agreement. Moreover, due to the Debtors' post-petition breaches and other requirements of the Consignment Agreement, it is doubtful that Circuit City could assume the Consignment Agreement even if it wanted to. Lexar

will continue to suffer from Circuit City's breaches of the Consignment Agreement until the contract is rejected and terminated. Accordingly, this Court should direct Circuit City to immediately reject the Consignment Agreement.

WHEREFORE, Lexar Media, Inc. respectfully requests that the Court enter an Order: (i) granting Lexar Media, Inc. relief from the automatic stay to terminate the Consignment Agreement or alternatively, directing the Debtors to reject the Consignment Agreement, and (ii) granting such other and further relief as is just and proper.

>Respectfully submitted,
>
>LEXAR MEDIA, INC.
>
>By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
703.905.2800

By:   /s/ Valerie P. Morrison
      Valerie P. Morrison, Va. Bar No. 24565
      Dylan G. Trache, Va. Bar No. 45939

Counsel to Lexar Media, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2009, a copy of the foregoing Emergency Motion was sent by electronic mail or by first class mail, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.

>  /s/ Valerie P. Morrison
>Valerie P. Morrison

12950687.1