UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re: | ) |
| | ) Bankruptcy Case |
| CIRCUIT CITY STORES, INC., *et al.*, | ) No. 08-35653-KRH |
| | ) Chapter 11 |
| Debtors. | ) |

**MOTION FOR EXPEDITED HEARING ON EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF CONSIGNMENT AGREEMENT AND FOR ENTRY OF AN ORDER DIRECTING THE DEBTORS TO REJECT CONSIGNMENT AGREEMENT**

LEXAR MEDIA, INC. ("Lexar") by counsel WILEY REIN LLP, Valerie P. Morrison and Dylan G. Trache, moves this Court for entry of an Order scheduling an expedited hearing on the emergency motion ("Emergency Motion") pursuant to sections 362 and 365 of the United States Bankruptcy Code for the entry of an order granting Lexar immediate relief from the automatic stay to permit Lexar to terminate the Consignment Agreement ("Consignment Agreement") between Lexar and the above captioned debtors-in-possession ("Circuit City" or "Debtors") or alternatively, to direct the Debtors to immediately reject the Consignment Agreement, and in support thereof states to the Court as follows:

II.     Background.

1. Circuit City and Lexar executed the Consignment Agreement effective as of November 3, 2008.

2. The Consignment Agreement provides, *inter alia*, that Lexar will provide certain goods to Circuit City, including compact flash memory cards and drives, on a consignment basis. The term of the Consignment Agreement is one year. The Consignment Agreement contains various reporting requirements and procedures for remitting payments to Lexar. In addition, the

Valerie P. Morrison, Va. Bar No.
Dylan G. Trache, Va. Bar No. 45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102
(703) 905-2800
Counsel to Lexar Media, Inc.

Consignment Agreement requires the payment of certain Marketing Development Funds ("MDF") and Slotting Fees to Circuit City through offset against amounts owed by Circuit City to Lexar for goods and services. The Slotting Fees and MDF fees are 'front loaded' so that the fees for the entire one-year term of the contract are paid in full in the first four months of the contract.

3. On November 10, 2008, the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

4. Following an unsuccessful attempt to reorganize or sell their assets as a going concern, on January 16, 2009, the Debtors sought approval of an Agency Agreement Among the Debtors and the Agent ("Agency Agreement") and entry of the Order Approving Agency Agreement, Store Closing Sales and Related Relief ("GOB Order") to sell all their inventory to a liquidator to conduct GOB sales.

5. On January 16, 2009, this Court entered the GOB Order. Pursuant to the GOB Order, the Debtors, *inter alia*, transferred inventory at all of their retail locations to a consortium of liquidators referred to in the GOB Order as the "Agent." The Agent is currently conducting store closing sales at the Debtors' retail locations.

6. On January 17, 2009, the Agent commenced store closing sales at the Debtors' 567 remaining retail locations.

7. Under the Consignment Agreement, Lexar provided certain goods to Circuit City for sales in their retail stores, including without limitation, compact flash memory cards and drives (the "Consigned Goods"). Title to the Consigned Goods remains with Lexar until the Consigned Goods are sold to Circuit City customers. As a result of the GOB Order, the transfer of inventory to the Agent, and the complete liquidation of the Debtors' assets, the Debtors have

breached the Consignment Agreement. Specifically, the Consignment Agreement authorizes a party to immediately terminate the contract if the counter-party "ceases to function as a going concern or to conduct operations in the normal course of business." Circuit City is no longer a going concern and is not operating in the normal course of business. In addition, Circuit City has breached other post-petition obligations under the Consignment Agreement. Specifically, Circuit City has failed to make any of the required daily payments for the Consigned Goods since January 15, 2009 and has informed Lexar that it will no longer comply with its reporting requirements under the Consignment Agreement.

8. Contemporaneously with the filing of the Motion to Expedite, Lexar has filed the Emergency Motion.

9. The next omnibus hearing date in which Lexar could set this Motion to Expedite is February 13, 2009. As more thoroughly set forth in the Emergency Motion, unless Lexar is immediately permitted to terminate the Consignment Agreement, Lexar may be obligated to pay substantial and continuing fees for services that the Debtors have ceased to provide.

10. Accordingly, Lexar requests that the Court set expedited hearing on the Emergency Motion on or before February 3, 2009.

WHEREFORE based upon the foregoing, Lexar Media, Inc. respectfully requests that this Court enter an Order granting this Motion to Expedite and scheduling an expedited hearing on the Emergency Motion on or before February 3, 2009.

                                          Respectfully submitted,

                                          LEXAR MEDIA, INC.

                                          By Counsel

WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia  22102
703.905.2800


By:   /s/ Valerie P. Morrison
      Valerie P. Morrison, Va. Bar No.
      Dylan G. Trache, Va. Bar No. 45939

Counsel to Lexar Media, Inc.


### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2009, a copy of the foregoing Motion for Expedited Hearing was sent by electronic mail or by first class mail, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.


 /s/ Valerie P. Morrison
Valerie P. Morrison


12950579.1