Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' PRELIMINARY OBJECTION TO CHASE BANK USA, NATIONAL ASSOCIATION'S MOTION TO COMPEL REJECTION OF CONSUMER CREDIT CARD PROGRAM AGREEMENT PURSUANT TO 11 U.S.C. § 365(d)(2) AND TO OBTAIN LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

"Circuit City" or the "Debtors")[1] hereby submit their objection (the "Objection") to the Motion of Chase Bank USA, National Association to Compel Rejection Of Consumer Credit Card Program Agreement Pursuant To 11 U.S.C. § 365(d)(2) And To Obtain Limited Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(d) (the "Motion").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 9, 2009, the Debtors' filed their Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business (B) Authorizing Debtors to Enter into Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales or Stalking Horse or Financing Agreements in Connection with Going Concern Transactions, (C) Approving Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors Assets Free and Clear of All Interests and (III) Granting Related Relief (D.I. 1423; the "Sale Motion"). Pursuant to the Sale Motion,

3

the Debtors initially sought approval to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation, or of miscellaneous assets.

5.   On January 12, 2009, the Court entered its order authorizing the Debtors to solicit bids and conduct auctions, as well as other procedural aspects of the Sale Motion (D.I. 1460).  Pursuant to this order, the Debtors held auctions on January 13, 14 and 15, 2009. At the conclusion of the auction, the Debtors' determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent").

6.   On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634).  On January 17, 2009, the Agent commenced going out of business sales at the Debtors' remaining stores.

7.   Three days later, on January 20, 2009, Chase Bank USA, National Association ("Chase") filed its

Motion To Compel Rejection Of Consumer Credit Card Program Agreement Pursuant To 11 U.S.C. § 365(d)(2) And To Obtain Limited Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(d) (the "Motion"). Pursuant to the Motion, Chase seeks to compel rejection of the Program Agreement (as defined in the Motion) effective as of January 20, 2009 and limited relief from the automatic stay to terminate such agreement.

**OBJECTION**

8. As noted above, Chase seeks to compel rejection of the Program Agreement and relief from the automatic stay to terminate such agreement. For the reasons discussed herein, the Debtors respectfully request that the Court deny the relief requested at this time.[2]

9. Under Bankruptcy Code section 365(d)(2), a debtor in possession has until confirmation of a plan to assume or reject any executory contract. 11 U.S.C.

---

[2] As discussed herein, the Debtors are still in the process of evaluating the Motion and the issues attendant thereto. The Debtors have had discussions with counsel to Chase concerning possible resolutions of the Motion. The Debtors will continue those discussions and attempt to reach a consensual resolution prior to the hearing.

§ 365(d)(2).  Indeed, "it is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract."  In re Dana Corp. 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006).

10.  Under that same provision, the court may, in its discretion, fix a deadline by which a debtor must assume or reject an executory contract.  Id.  However, even under this permissive authority, courts are guided by the fact that a debtor should be allowed a reasonable amount of time in which to decide whether to assume or reject an executory contract.  Id.

11.  To determine what constitutes a reasonable amount of time under section 365(d)(2), courts consider (i) the importance of the contracts to the debtor's business and reorganization, (ii) the debtor's failure or ability to satisfy post-petition obligations, (iii) the nature of the interests at stake, (iv) the balance of potential harm to the litigants, (v) the good to be achieved, and (vi) the safeguards afforded the litigants.  Matter of Dunes Casino Hotel,

63 B.R. 939, 949 (D.N.J. 1986); In re Midtown Skating Corp., 3 B.R. 194 (Bankr. S.D.N.Y. 1980)); see also In re Dana, 350 B.R. at 147.

12.    Where a party seeks an order shortening the time in which the debtor may decide to assume or reject an executory contract, the burden is on that party making the request.  Id.  Other than conclusory statements in their Motion, Chase has not satisfied its burden of establishing that expedited, retroactive rejection and subsequent termination is appropriate at this stage of the Debtors' cases.  Moreover, at this time, the Debtors believe that the factors courts consider in evaluating whether to shorten the period prescribed by Bankruptcy Code section 365(d)(2) actually support denying Chase's request.

13.    However, given the recent events described above and the issues that have arisen since the Debtors commenced liquidating their assets, the Debtors have not had an adequate opportunity to the fully-evaluate the relief requested by Chase in the Motion and determine whether rejection and/or termination at this time is in the best interests of the

7

Debtors, their estates, and their creditors. Specifically, the Debtors have not determined how rejection and/or termination would impact Chase's going-forward obligations under the Program Agreement such as managing all collection, charge-off, recovery and bankruptcy processes arising from defaulted accounts, settling with Circuit City for any amounts due under the Program Agreement, and, ultimately, returning amounts presently reserved by Chase following a final reconciliation. Indeed, many of the services Chase provides under the Program Agreement are provided at Chase's sole cost and expense.

    14. If this Court grants the relief requested in the Motion, such relief could result in significant benefits (in the form of a rejection damage claim and relief from providing ongoing services) to Chase to the detriment of the Debtors and their estates.

    15. In light of the foregoing, the Debtors believe that the Motion is premature. Although the Debtors presently hold this belief, prior to the hearing, the Debtors will continue to evaluate the Program Agreement, the parties respective obligations thereunder,

the potential claims resulting from rejection and/or termination, and other costs and benefits associated with the relief Chase requests with the objective of reaching a more formal position with respect to the Motion.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion.

Dated: January 27, 2009
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley            .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

10