

FILED

2009 JAN 27 AM 11: 25

RICHMOND DIVISION

SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

(CREDITOR) IN PRO SE

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| In re: | Case No.: 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al. | Chapter 11 |
| Debtor(s). | **CREDITOR'S MOTION FOR RELEIF FROM AUTOMATIC STAY AND NOTICE OF HEARING** |
|  | **DATE**: February 18, 2009 |
|  | **TIME**: 9:30 a.m. |
|  | **DEPT**:   Room 5000 |
|  | **JUDGE**:  Honorable Kevin R. Huennekens |

## *NOTICE OF MOTION AND HEARING*

To ALL PARTIES HEREIN AND THEIR ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that on February 18, 2009, or as soon as possible thereafter that the matter may be heard in the above-mentioned court. Satchidananda Mims a.k.a. Satchi Mims ("Creditor") will move the court for an order to terminate the automatic stay of 11 U.S.C. § 362(a) with respect to pending litigation. Said motion is based on the grounds that the Satchidananda Mims a.k.a. Satchi Mims ("Creditor") has "cause" to seek relief from the automatic stay in order to complete state court litigation ("Action") that was pending when debtor, Circuit City Stores, Inc. ("Debtor"), commenced this bankruptcy case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fifteen (15) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Richmond, VA 23219-3515**, and serve a copy on the movant. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive in on or before the expiration of the fifteen day period.

Attend the preliminary hearing scheduled to be held on: *Date: **February 18, 2009** and Time: **9:30a.m. (ET)** ; in the Courtroom, Room 5000, United States Bankruptcy Court, U.S. Courthouse Annex, 701 East Broad Street, Richmond, Virginia 23219-3515.*

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated this 10th day of January, 2009

SATCHIDANANDA MIMS

## MOTION FOR RELEIF FROM STAY TO COMPLETE PENDING CALIFORNIA STATE LIGTIGATION

This motion is brought under 11 U.S.C. § 362(d) (1), Rule 4001(a) (1) of the Federal Rules of Bankruptcy Procedure, and applicable Eastern District of Virginia Local Bankruptcy Rules. Pursuant to this motion, Satchidananda Mims a.k.a Satchi Mims ("Creditor") requests relief from the automatic stay for "cause" in order to complete state court litigation ("Action") that was pending when debtor, Circuit City Stores, Inc. ("Debtor"), commenced this bankruptcy case.

Under 11 U.S.C. § 362 (d) (1), Creditor is entitled to relief from the automatic stay in order to conclude the litigation of the Action. "Cause" for immediate relief from the automatic stay in this matter includes, without limitation, the following:  (1) the Debtor's filing of its chapter 11 petition while an action is pending in the State of California Superior Court in which movant herein is plaintiff and debtor is defendant. Said action was brought to recover damages in the sum of $9,500.00 and is based upon Breach of Warranty (Fitness), Breach of Warranty, Breach of Contract, Breach of the covenant of good faith and fair dealing of insurance contract and Fraud; (2) the interests of judicial economy; (3) the policy favoring the determination of state law claims in state court; (4) action to recover insurance proceeds; (5) the lack of prejudice to the bankruptcy estate as a result of granting relief from the automatic stay; and (6) the "bad faith" filing of the Debtor's Chapter 11 petition and its misuse of bankruptcy jurisdiction.  The grounds, reasons, and authorities in support of this motion are more full set forth in the attached memorandum of points and authorities and ("Creditor") declaration and the exhibits incorporated therein.

**WHEREFORE**, Creditor respectfully requests that the Court terminate the automatic stay of 11 U.S.C. § 362 (a) with respect to the Action entitled *Mims vs. Circuit City Stores, Inc., In The Superior Court of California, County of Alameda, Case No. RG08399323.*

Dated this 10th day of January, 2009

Respectfully submitted,

SATCHIDANANDA MIMS

SATCHIDANANDA MIMS
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor(s).

Case No.: 08-35653-KRH

Chapter 11

*TABLE OF AUTHORITIES*

**DATE**:   February 18, 2009
**TIME**:    9:30 a.m.
**DEPT**:   Room 5000
**JUDGE**:  Honorable Kevin R. Huennekens

## *TABLE OF AUTHORITES*

*Pages*

*TABLE OF AUTHORITIES* ........................................................................ *i to iv*

*I. INTRODUCTION* ................................................................................ *1*

*II. STATEMENT OF FACTS* ................................................................ *1 to 4*

*III. RELIEF FROM AUTOMATIC STAY IS WARRANTED* ................... *4 to 12*

*Cases*

*A.H. Robins v. Piccinin,*

(1986) 788 F.2d 994, *cert. denied* ............................................................. 8

*Allen County trust Co. v. Valvmatic International corporation,*

(1985) 51 B.R. 578, 582 ............................................................................. 8

*Barclays' American/Business Credit, Inc. v. Radio WBHP. Inc. ([In re Dixie Broadcasting, Inc.])*

(1989), 871 F.2d 1023, 1026 ................................................................... 11

*Carter v. Larkham ([In re Larkham]),*

  31 B.R. 273, 276 ................................................................................................10

*Christensen v. Tucson Estates, Inc. ([In re Tucson Estates, Inc.])*

(1990) 912 .2d 1162, 1166 ...............................................................................5

*Cook v. Griffin,*

(1989) 102 B.R. 875,877 ..................................................................................7

*Furness v. Lilienfield,*

(1983) 35 B.R. 1006, 1011 ..............................................................................11

*Gauvin v. Wagner ([In re Gauvin])*

(1982) 24 B.R. 578, 580 ...................................................................................5

*Gorse v. Long Neck, Ltd.*

(1989) 107 B.R. 479, 483 .................................................................................7

*In re Davis*

 (1988) 91 B.R. 470, 471 ..................................................................................5

*In re Dixie Broadcasting, Inc.,*

871 F.2d 1023, 1027 ......................................................................................11

*In re Kaufman*

 (1989), 98 B.R. 214, 215 ................................................................................10

*In re Murray Industries, Inc.*

 121 B.R. 635, 637 ............................................................................................7

*In re Rabin*

(1985), 53 B.R. 529, 531 ..............................................................................9, 11

*In re Saunders*

(1989) 103 B.R. 298, 299 .................................................................................6

*In re Tucson Estates, Inc.*

912 F.2d 1162, 166 ..........................................................................................5

*In re Yaffe*

(1986), 58 B.R. 26, 28 ....................................................................................10

In re: Marvin Johnson's Auto Service, Inc.,

(1996) 192 B.R. 1008. .......................................................................................... 6, 11

In re: REXENE PRODUCTS COMPANY, REXENE CORPORATION,

(1992) 141 B.R. 574............................................................................................. 6

International Business Machines v. Fernstrom Storage & Van Company ([In re Fernstrom

Storage & Van Company])

(1991) 938 F.2d 731, 737 .................................................................................. 6, 8

Johns-Manville Corp v. Asbestos Litig. Group,

(1983) 8 C.B.C. 2d 130, 26 B.R. 420.................................................................... 8

Locke v. Warner Bros., Inc.

(1997) 57 Cal. App. 4th 354, 66 Cal. Rptr. 2d. ..................................................... 3

MacDonald v. MacDonald ([In re MacDonald])

(1985), 755 F.2d 715, 717 ................................................................................... 5

Marine Bank Appleton, N.A. Mill-Craft Building Systems, Inc. ([In re Mill-Craft Building

Systems, Inc.])

(1986) 57 B.R. 531, 534....................................................................................... 8

May v. Wheeler Group, Inc. (In re Wheeler Group Inc.)

(1987), 75 B.R. 200 ............................................................................................ 9

Murray Industries, Inc. v. Aristech Chemical Corporation ([In re Murray Industries, Inc.]),

(1990) 121 B.R. 635, 636..................................................................................... 5

Packerland Packing Co., Inc. v. Griffith Brokerage Company ([In re Kemble])

(1985), 776 F.2d 802, 807 ................................................................................... 6

Piombo Corporation v. Castlerock Properties [In re Castlerock Properties]

(1986), 781F.2d 159, 163 .................................................................................... 5

Walsh v. Brush ([In re Walsh])

(1987) 79 B.R. 28, 29........................................................................................... 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*__Statutes:__*

11 U.S. C. § 362(d)................................................................4

11 U.S.C. § 523(a)(2)...........................................................3

11 U.S.C. § 523(a)(3)............................................................3

11 U.S.C. § 362 (a) ..........................................................1, 4

11 U.S.C. § 362 (g) ..............................................................4

*__California Codes:__*

*Code Civ.Proc § 93*................................................................3

*Civ. Code § 1710(4)*..............................................................3

__Bankruptcy Rules:__

Rule 4001(a) (1) ...................................................................3

*Eastern District of Virginia Local Bankruptcy Rules* ...................3

__Exhibits:__

Exhibit 1: Creditor's Superior Court Complaint

Exhibit 2: Case Questionnaire (interrogatories)

Exhibit 3: Debtor's Answer to Complaint

Exhibit 4:  Debtor's: Notice of Deadline for Filing proof of Claim, Notice of Commencement of
Chapter 11 Bankruptcy Cases, Creditors completed proof of claim forms

1  SATCHIDANANDA MIMS a.k.a. Satchi Mims
   P.O. BOX 19304
2  OAKLAND, CA 94619

3  510-530-6345

4  ("Creditor") In Pro Se

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

In re:                              Case No.: 08-35653-KRH

CIRCUIT CITY STORES, INC., et al.   Chapter 11

        Debtor(s).                  **CREDITOR'S MEMORANDUM OF**
                                    **POINTS AND AUTHORITES IN SUPPORT**
                                    **OF MOTION FOR RELEIF FROM**
                                    **AUTOMATIC STAY**

                                    **DATE**:  February 18, 2009
                                    **TIME**:   9:30 a.m.
                                    **DEPT**:   Room 5000
                                    **JUDGE**:  Honorable Kevin R. Huennekens

## I.  **INTRODUCTION**

Satchidananda Mims a.k.a. Satchi Mims ("Creditor") hereby request the United States

Bankruptcy Court for an order terminating the automatic stay pursuant to 11 U.S.C. § 362 (a) put

into place upon the Chapter 11 Bankruptcy filing of Circuit City Stores, Inc. ("Debtor"), to

continue the pending California State Superior Court litigation.

## II. **STATEMENT OF FACTS**

Satchidananda Mims a.k.a. Satchi Mims ("Creditor") seeks termination of the automatic

stay to continue pending litigation with Debtor in Superior Court of California, the County of

Alameda Case no. RG08399323.  In which Creditor is the Plaintiff and Circuit City Stores, Inc.

("Debtor") is the Defendant.

On or about September 07, 2005 Creditor purchased a Toshiba Satellite Computer from

Debtor and entered into the 'City Advantage Protection Plan' insurance service agreement; in

1    which Circuit City Stores, Inc. ("Debtor") promised to repair any defects to the computer and if

2    any defects couldn't be repaired, the computer would be replaced or costs for its purchase price

3    refunded.  Approximately forty five days after the computer was purchased, it began to have

4    defect problems.  Creditor went back to the Circuit City Store located in Emeryville California,

5    where the computer was purchased and reported the problems with the computer, requested a

6    replacement and employees refused to take the computer back or take any insurance action and

7    referred Creditor to the manufacture Toshiba's warranty.  Creditor contacted Toshiba and they

8    were unable to successfully repair the computer several times.  Creditor has requested computer

9    repair and replacement from ("Debtor") Circuit City Stores, Inc. numerous times, some on the

10   following dates:  April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 06,

11   2007, and June 24, 2008…etc. Each time Debtor has attempted to repair the defects of the

12   computer, Debtor has been unsuccessful.  The computer is still defective, the F10 and F11 keys

13   come on by themselves when the computer is moved causing the computer to become

14   inoperable.  Additionally the computer screen still has problems during computer load up,

15   sometimes screen background appears flickering white causing computer to become inoperable,

16   and the AC adapter was returned to Creditor cracked after the June 24, 2008 attempted repair.

17   Creditor contacted Debtor in writing on or about June 24, 2008 requesting for the computer to be

18   replaced or refunded under the term of their agreement.  Debtor has since failed and refused to

19   issue a replacement computer or refund to Creditor.  As a result of over two years of filing

20   insurance claims through Circuit City Stores Inc., and Debtor not fulfilling its promise to replace

21   Creditors computer or refund Creditors money in an amount equal to purchase price, the Creditor

22   filed a lawsuit.

23           On July 21, 2008 Creditor filed a complaint seeking damages for Breach of Contract,

24   Breach of the covenant of good faith and fair dealing of an insurance contract, Breach of

25   Warranty merchantable, Breach of Warranty fitness and Fraud.  Although the complaint involves

26   in part a contract dispute between Debtor and Creditor, the basic premise of the complaint filed

27   in Superior court is the alleged Fraud. Debtor was functioning as insurer of Creditor's Toshiba

28   Laptop Computer ("property") and made false promises in its advertisements and contracts.

1    Based on Debtors actions, it could be concluded Debtor had no intention on fulfilling its

2    promise. For example, Debtor made the promise in their written agreements and advertisement

3    to replace the computer, or refund money, if the computer couldn't be repaired by Debtor.

4    Debtor attempted to repair the computer more than 13 times and was unsuccessful. Debtor

5    actions alone are enough to establish fraud within California. California law defines the actions

6    of Debtor as being deceit. A deceit is a promise made without any intention of performing it

7    (*Civ. Code § 1710(4)*); See *Locke v. Warner Bros., Inc. (1997)* 57 Cal. App. 4th 354, 66 Cal.

8    Rptr. 2d. See Exhibit 1 complaint attached and made a part hereof. For that reason, a significant

9    amount of the debt owed to Creditor is nondischargeable debt pursuant 11 U.S.C §§ 523(a) (2)

10    and 523(a) (3).

11       In addition to filing and serving the complaint in Superior Court, Creditor served

12    interrogatories in the form of a Case Questionnaire; a copy is attached as Exhibit 2. The Case

13    Questionnaire was served along with the complaint pursuant to California CCP § 93. According

14    to the instructions listed under section C. on the Case Questionnaire judicial form, Debtor was

15    required by law to serve the Answer to Complaint and Questionnaire answers simultaneously.

16    Debtor answered the complaint, but failed to serve or answer the required questions. A copy of

17    Debtor Answer is attached as Exhibit 3. The Answer to the complaint was served on Creditor on

18    or about September 09, 2008. The case questionnaire states in relevant part under section A: "A.

19    the purpose of the case questionnaire is to help the parties settle their differences without

20    spending a lot of money." The act of not Debtor following the law could be interpreted as, not

21    having intent on rectifying the dispute with Creditor. Almost certainly, because Debtors knew

22    they were going to file chapter 11 Bankruptcy and their action would stay the judicial

23    proceedings. On November 12, 2008, attorney representing Debtor, Peter Glick issued an

24    informal notice of bankruptcy to the Creditor and the Superior Court. Debtor's filing chapter 11

25    Bankruptcy is proof that Debtor had no intention on fulfilling its promise and obligations owed

26    to Creditor.

27       Debtor actions in this case not only add insult to the injuries suffered by Creditor, but are

28    an attempt to undermine the justice and the judicial process. It is an insult to justice, Debtor filed

1   Chapter 11 Bankruptcy attempting to discharge Creditor claims while simultaneously continuing

2   business at the Circuit City Store, Creditor purchased the computer from in Emeryville

3   California.   Debtor continues to sale computers and is capable of fulfilling its promise to

4   Creditor.  Additionally Debtor continues to be obligated by the insurance contract to indemnify

5   Creditor's computer until September 2009.  See Exhibit 1.

6        Therefore relief from the automatic stay is warranted, so Creditor may continue pending

7   litigation against Debtors and request assistance from government agencies such as the

8   California Department of Consumer Affairs which help consumers recover damages from

9   retailers.

10

11              **III. RELEIF FROM AUTOMATIC STAY IS WARRANTED**

12      *A. Standard for Relief to Continue State Court Litigation.*

13  Relief from the automatic stay of 11 U.S.C. § 362(a) is governed by 11 U.S.C. § 362(d) which,

14  reads in pertinent part, as follows:

15        On request of a party in interest and after notice and a hearing, the court shall grant relief

16        from the stay provided under subsection (a) of this section, such as by terminating, annulling,

17        modifying, or condition such stay –

18              (1) For cause, including lack of adequate protection of an interest in property of such

19                    party interest....

20  Bankruptcy Code section 362 allocates the burden of proof in relief from stay matters to:

21              (1) The party requesting relief... on the issue of the debtor's equity in the property; and

22              (2) The party opposing such relief... on all other issues.

23  11 U.S.C. § 362(g).   Subsections 362(d) and (g) of the Bankruptcy Code, considered together,

24  govern this contested matter.  The only issue is this matter is whether there is "cause" for relief

25  from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).  The Debtor carries the burden of

26  proof on this issue.

27        The issues referred to in section 362(g) are found in subsection (d).  Subsection (d)(1) set

28  forth only one element (issue) for relief, namely, cause ...  It is therefore clear that section

1  362(g) puts the burden on the debtor in (d)(1) to prove the absence of cause…. See *Gauvin v.*

2  *Wagner ([In re Gauvin])* (1982) 24 B.R. 578, 580.

3          The bankruptcy court "shall" lift the automatic stay for "cause." 11 U.S.C. § 362(d) (1);

4  see *Christensen v. Tucson Estates, Inc. ([In re Tucson Estates, Inc.])* (1990) 912 .2d 1162, 1166;

5  *Piombo Corporation v. Castlerock Properties [In re Castlerock Properties]* (1986), 781F.2d

6  159, 163; *MacDonald v. MacDonald ([In re MacDonald])* (1985), 755 F.2d 715, 717; In re

7  Davis (1988) 91 B.R. 470, 471. "Cause" is not defined in the Bankruptcy Code and is

8  determined on a case-by-case basis. See *In re Castlerock Properties* 781 F.2d 159, 163

9  ("Because there is no clear definition cause is determined on a case-by-case basis."); *In re*

10 *Tucson Estates, Inc.* 912 F.2d 1162, 166 ("Cause") has no clear definition and is determined on a

11 case-by-case basis…"); *In re MacDonald,* 75 F2.d 715, 717.

12         The facts and circumstances of this case demonstrate that there is overwhelming "cause"

13 requiring immediate relief from the automatic stay in this matter. It is Debtor's burden to prove

14 there is no "cause" requiring immediate relief from the automatic stay in this matter. The Debtor

15 cannot meet its burden. Therefore, Creditor is entitled to immediate relief from automatic stay.

16

17      **B. There is "Cause" for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1).**

18  *1. The Debtor filed its Chapter 11 Petition while an Action is pending in California State*
19  *Superior Court.*

20         Allowing a matter to proceed in another forum can constitute "cause" for lifting the

21 automatic stay. See *Murray Industries, Inc. v. Aristech Chemical Corporation ([In re Murray*

22 *Industries, Inc.]),* (1990) 121 B.R. 635, 636. Moreover "[w]here the stayed non-bankruptcy

23 litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow

24 the litigation to proceed." In this case litigants were in the process of conducting discovery and

25 probably would have the started trial within six months from the case management hearing date.

26 The courts have shown leniency in granting a Creditor's relief from the automatic stay in

27 instances of litigation when parties are in the process of conducting Discovery procedures and

28 trial would be conducted in less than a year. See *International Business Machines v. Fernstrom*

1   *Storage & Van Company ([In re Fernstrom Storage & Van Company])* (1991) 938 F.2d 731,

2   737; *In re: REXENE PRODUCTS COMPANY, REXENE CORPORATION, (1992)* 141 B.R. 574;

3   see **particularly:** In *re: Marvin Johnson's Auto Service, Inc., (1996) 192 B.R. 1008.*

4          It is without the sound discretion of the bankruptcy court to determine whether to grant

5   relief from the automatic stay to allow litigation to continue in another forum.  See *In re Murray*

6   *Industries, Inc.,* 121 B.R. 635, 636, citing *Castlerock Properties,* 781 F.2d 159.  Among the

7   factors to be taken under the considerations by the court in this matter include the following; (1)

8   consideration of judicial economy; (2) the need for remand and abstention (3) the important

9   policy favoring the determination of state law claims in state court; (4) action to recover

10  insurance proceeds ; (5) the lack of prejudice to the estate if relief form the automatic stay is

11  granted; and (6) the "bad faith" filing of this chapter 11 case and the misuse of bankruptcy

12  jurisdiction.    Consideration of these factors clearly shows that the granting of immediate relief

13  from the automatic stay in this matter is necessary and appropriate.

14

15  **2. *Judicial Economy***

16          The interests of judicial economy alone provide sufficient "cause" to require the lifting of

17  the automatic stay to allow the Action to be promptly concluded before the Superior Court upon

18  remand by the bankruptcy court.

19          Many cases have held that a district court may properly consider the factor of judicial

20  economy in deciding whether to lift an automatic stay… The prior extensive preparation for the

21  damages retrial made proceeding with that trial efficient.  The decision to lift the stay could be

22  upheld on this ground alone.  Moreover, Kemble's dilatory behavior properly could have

23  influence the court's decisions.  See *Packerland Packing Co., Inc. v. Griffith Brokerage*

24  *Company ([In re Kemble])* (1985), 776 F.2d 802, 807.

25          It would be a horrible waste of judicial and legal resources for the Action to be

26  reinstituted in the bankruptcy court.  Therefore, *relief from the automatic stay for "cause" is*

27  *necessary.* See *In re Saunders* (1989) 103 B.R. 298, 299 ("The parties have spent two years

28  litigating in state court before this action was filed.  The court can perceive no rationale for

1  curtailing these efforts, only to allow this Court to retrace the same path."). Relief from the

2  automatic stay is necessary in order to limit the prejudice suffered by Creditor as a result of the

3  Debtor's chapter 11 filing and in order to avoid further waste of judicial and legal resources.

4       "While the Court recognizes that lifting the stay will present some hardship to these

5  Debtors, this court is of the opinion that to begin this litigation anew in this bankruptcy court

6  would result in more of a hardship to the Movant and would certainly result in a waster of

7  *judicial resources. This litigation has been proceeding for an extended period of time; to force*

8  Movant to duplicate all of its efforts in bankruptcy court is both, unfair and wasteful." *In re*

9  *Murray Industries, Inc.* 121 B.R. 635, 637. In this case Creditor has already filed a complaint in

10 Superior Court and incurred court fees and Debtor has allocated the case to attorney Peter Glick.

11 It would be a waist of money and time for Creditor to restart the case in Bankruptcy court.

12 Therefore relief from the stay is necessary.

13

14 **3. *Policy Supporting the Determination of State Law Claims in State Court.***

15      The action only involves issues of state law. Under the circumstances, there is a clear

16 policy that favors having the matter heard and determined in state court.

17      "A clear congressional policy exists to give state law claimants a right to have claims

18 heard in court... [A] state court trial is bout to take place involving the very same issues. Under

19 the circumstances, the district court did not abuse its discretion in terminating the stay, thus

20 *allowing the entire case to be determined in one forum.*" *In re Castlerock Properties,* 781 F.2d

21 159, 163.

22      Especially when, as here, only issues of state law are involved, the bankruptcy court

23 should not usurp the function of the state court to determine state law clams in non-bankruptcy

24 litigation.

25      Since only state law is involved, that court seems the more appropriate forum for

26 *resolving the case, and, it is helpful to add, the result reached will more likely be consistent with*

27 *other state law decisions. O'Rourke v. Cairns* 129 B.R. 87, 91 citing, as examples, *Gorse v.*

28 *Long Neck, Ltd.* (1989) 107 B.R. 479, 483; *Cook v. Griffin,* (1989) 102 B.R. 875,877; *see also*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY- 7

1  *Walsh v. Brush ([In re Walsh])* (1987) 79 B.R. 28, 29 ("This case includes only state law claims.

2  Therefore, the state court is particularly well suited to handle the issues raised."); *Allen County*

3  *trust Co. v. Valvmatic International corporation*, (1985) 51 B.R. 578, 582 ("The state court has

4  expertise in the resolution of this type of case, presenting state law questions and is better able to

5  adjudication this action."). *There are no reasons why the action, the resolution of which is*

6  wholly based on law and which involve no issues of bankruptcy law, is not better adjudicated in

7  the state court where it was initially filed.

8  　　The bankruptcy court is created to handle bankruptcy matters. Its jurisdiction should not

9  be used to manipulate actions...pending in and best handled by state courts... It is inappropriate

10  for bankruptcy court to venture into areas traditionally within the province of state courts.

11  *Marine Bank Appleton, N.A. Mill-Craft Building Systems, Inc. ([In re Mill-Craft Building*

12  *Systems, Inc.])* (1986) 57 B.R. 531, 534. Therefore relief from the Automatic Stay should be

13  granted.

14  ***4. Action to Recover Insurance Proceeds.***

15  　　In this case Debtor is the indirect insurer for Creditor's computer ("property") and

16  Creditor has an Action pending in Superior court. That fact alone warrants granting relief from

17  the automatic stay, because relief from the stay is warranted to recover from Debtor's insurance.

18  *See International Business Machs. v. Fernstrom Storage & Van Co. ([In re Fernstrom Storage &*

19  *Van Co.])* (1991) 938 F.2d 731. Even when nonbankruptcy law permits a direct action against

20  the insurer, relief from the stay may be necessary if the insurance policy is considered property

21  of the estate. Although the Insurance company's obligation may be viewed as analogous to that

22  of a guarantor, under which payments are made out of the insurer's funds and not out of funds

23  otherwise available to the debtor, the better approach is to consider the policy proceeds to be

24  property of the estate, at least for purposes of requiring relief from the stay in order to recover

25  from the insurer on the policy. *See Johns-Manville Corp v. Asbestos Litig. Group*, (1983) 8

26  C.B.C. 2d 130, 26 B.R. 420; *A.H. Robins v. Piccinin*, (1986) 788 F.2d 994, *cert. denied*. This is

27  because there may be multiple claimants to the proceeds of the policy, and the proceeds may be

28  insufficient to satisfy all claimants. In such a case, the bankruptcy court should be able to

1    oversee the allocation of the insufficient policy proceeds among the claimants.  When the court is

2    reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims

3    that may be paid under the policy, the court should grant relief from the stay to permit an action

4    either against the debtor, if necessary, or directly against the insurer.  Because the policy

5    proceeds will be available only to creditors with the type of claims covered by the policy, there is

6    *no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and*

7    there is therefore no reason to delay the Creditor seeking to recover under the policy.  Moreover,

8    the insurer will almost invariable be responsible for the cost of defense, so there should be no

9    added expense for the estate.  See supra 8 C.B.C. 2d 130, 26 B.R. 420.  Therefore relief from the

10   automatic stay should be granted.

11

12   **5. *Relief From the Automatic Stay would Not Result in prejudice to the Bankruptcy Estate.***

13           It is obvious that Creditor's claims against the Debtor must be liquidated.  The question

14   is, whether the claims should be liquidated in the Superior Court where the action has been

15   pending for six months or whether the claim should be liquidated in the bankruptcy court.

16           It is clear that the movant's claim will be liquidated either in state court or the

17   bankruptcy court.  In either instance, the debtor will have to defend that action.  It is

18   unreasonable to presume that the continuance in the state court would subject the debtor's estate

19   *to a greater expense.  The cost of defending the state court action in the state court has not been*

20   considered so prejudicial as to require continuance of the stay... See *In re Rabin* (1985), 53 B.R.

21   529, 531; *May v. Wheeler Group, Inc. (In re Wheeler Group Inc.)* (1987), 75 B.R. 200, ("We

22   conclude that cause does not exist.  The liquidation of claims is a necessary step in bringing any

23   bankruptcy case to a conclusion... [S]ince the matter has proceeded through very substantial

24   adjudicatory steps in the District Court ...the most expeditious way to liquidate the claim is to

25   allow it to proceed to its conclusion in the District Court.").  It seems to this Court that the better

26   course by far is to allow the Superior Court case to proceed to trial ... that trial will have to be

27   held as to all other parties regardless of what happens with ... [The debtor], so there will only be

28   a minimal extra burden on the Court and other parties ... [The debtor] can probably minimize his

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY- 9

1   own litigation expenses in the Superior Court case by relying on his co-defendants to shoulder

2   most of the defensive at least where their interests coincide.  See *In re Yaffe* (1986), 58 B.R. 26,

3   28.  The adjudication of the action in the Superior court is necessary in order to avoid delay in

4   the administration of this bankruptcy case.  This alone is "cause for granting immediate relief

5   from the automatic stay to allow the state court action to continue."

6         The court finds that 'cause' exists for lifting the automatic stay to allow movants to

7   continue the state court action.  The sole connection or interference the state court proceeding

8   may have on the debtor bankruptcy proceeding will occur when the payments are made pursuant

9   to the Chapter 11 plan, provided movants herein file proofs of claim.  Indeed, there would be

10  greater interference with the debtor's bankruptcy proceeding if the stay were not lifted, with

11  matters pending in state court to be litigated in the bankruptcy court.  The time required to

12  resolve the state court matters would delay the debtor's opportunity to move other matters ... in

13  this Court.  *In re Rabin* 53 B.R. 529, 531.

14        The granting of relief from the automatic stay to allow the action to conclude would not

15  prejudice the bankruptcy estate and would actually promote the efficient administration of the

16  estate.  Under such circumstances, relief from the automatic stay should be granted.

17        "We find that this case falls within the category of decisions which recognize that relief

18  from the stay is justified to enable a case pending pre-petition in state court to continue to

19  judgment where no great prejudice of the bankruptcy estate would result ... It is within the sound

20  discretion of bankruptcy courts to grant relief from the automatic stay when the bankruptcy

21  petition was filed on the eve of the resolution of pending pre-petition litigation... [The] debtor's

22  bankruptcy petition was filed shortly before argument was to be held [in the state court] ...

23  Given the advance stage of the state court litigation, we find relief from the stay appropriate

24  since debtors have not established that prejudice will result to the bankruptcy estate if relief is

25  granted."  *In re Kaufman* (1989), 98 B.R. 214, 215; *Carter v. Larkham ([In re Larkham]*), 31

26  B.R. 273, 276 ("Where neither prejudice to the bankruptcy estate not interference with

27  bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another form is

28

1  sufficient cause to warrant lifting the automatic stay.") See In re: *Marvin Johnson's Auto Service,*

2  *Inc., (1996) 192 B.R. 1008.*

3

4  **6. *The Debtor's Chapter 11 Petition was Filed in "Bad Faith"***

5          The lack of good faith in commencing a chapter 11 case is "cause for granting relief from

6  automatic stay.  See *Barclays' American/Business Credit, Inc. v. Radio WBHP. Inc. ([In re Dixie*

7  *Broadcasting, Inc.])* (1989), 871 F.2d 1023, 1026, ("[A] petition filed in bad faith also justifies

8  relief from automatic stay."); In re Rabin, 53 B.R. 529, 530, ("An example of 'cause' requiring

9  the court to grant relief from automatic stay is the lack of good faith in filing a case under

10  Chapter 11.");  *Furness v. Lilienfield,* (1983) 35 B.R. 1006, 1011 ("Courts have found that if a

11  Chapter 11 petition is not filed in good faith, grounds exist to either vacate the automatic stay or

12  dismiss the petition.").  Among the factors courts have considered in determining that a chapter

13  11 petition was filed are the timing of the filing of the petition and whether the petition was filed

14  strictly to circumvent pending litigation.  See *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023,

15  1027; See also *Furness v. Lilienfield,* 35 B.R. 1011, 1012.

16          In this case, the Debtor filed its chapter 11 petition while litigation is pending in the

17  Superior Court of California, the County of Alameda and immediately removed the action to the

18  bankruptcy court.  Under the circumstances, the filing of the Debtor's chapter 11 petition was in

19  bad faith and the Debtor has abused the judicial process and the jurisdiction of the bankruptcy

20  court.

21          [T]his was a last-ditch effort to forestall and perhaps block the case... The inclusion of a

22  petition to remove the case... with papers filed in the bankruptcy court erases any doubt as to...

23  motive in turning to chapter 11...[the[debtor] simply wanted to use chapter 11 to

24  manipulate...the [court's] docket and proceedings to his liking.  The Court cannot passively

25  tolerate such actions.  The bankruptcy provisions...are not intended to be used as a mechanism to

26  orchestrate pending litigation. *Furness v. Lilienfield,* 35 B.R. 1011, 1013.

27

28

1    The Debtor's chapter 11 filing and immediate purported removal of the action, under the

2    circumstances of this case, were improper litigation tactics which constitute "cause" for granting

3    Creditor relief from the automatic stay.

4

5                                    **CONCLUSION**

6        For the reasons and based on the law set fourth above, Creditor is entitled to relief from

7    the automatic stay to continue pending litigation and request assistance from government

8    agencies such as the California Department of Consumer Affairs which help consumers recover

9    damages from retailers.

10

11   Dated this 10th day of January, 2009

     Respectfully submitted,

12

13                                                          SATCHIDANANDA MIMS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SATCHIDANANDA MIMS
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.

      Debtor(s).

Case No.: 08-35653-KRH

Chapter 11

[Jointly Administered]

*DELARATION IN SUPPORT OF MOTION*
*FOR RELIEF FROM AUTOMATIC STAY*

**DATE**:  February 18, 2009
**TIME**:    9:30 a.m.
**DEPT**:   Room 5000
**JUDGE**:  Honorable Kevin R. Huennekens

## DECLARATION OF SATCHI MIMS

I, Satchidananda Mims a.k.a. Satchi Mims, declare under penalty of perjury:

1. I am a Creditor in the above action and the Plaintiff in the case of Mims v. Circuit City Stores, Inc. (Case no. RG08399323) currently pending in the Superior Court of the County Alameda in the State of California and I am acting as my own attorney.

2. On or about December 20, 2008, I received Debtor's notice of deadline for filing proof of claim and notice Notice of commencement of Chapter 11 bankruptcy cases.

3. Relief from the automatic stay is necessary for me to complete pending litigation with Circuit City Stores, Inc. and add Circuit City Stores, West Coast Inc. as a Defendant in the litigation.

4. On both of Debtor's notices, the deadline for filing the proof of claim form and Notice of commencement of bankruptcy, debtor instructs creditor's such as me not to file a proof of claim

1   for with the bankruptcy court see pages 2 of notice to file proof of claim and page 2 of notice of

2   commencement of Chapter 11 bankruptcy cases.  See Exhibit 4.  I also attached copies of the

3   completed proof of claim forms submitted by mail to the following address: Circuit City Stores,

4   Inc., et al., Claims Processing Dept., Kurtzman Carson consultants LLC, 2335 Alaska Avenue,

5   El Segundo, CA 90245.  It seems uncharacteristic, not to file proof of claim forms in the

6   Bankruptcy court, so I am filing copies of the forms along with Exhibits to insure the forms are

7   properly recognized by the court.

8

9   I declare under penalty of perjury that the foregoing is true and correct to the best of my

10  knowledge.

11

12  Date: January 10, 2009

13

14

15                                          _____
                                            SATCHIDANANDA MIMS
16                                          a.k.a. Satchi Mims
                                            ("Creditor") in pro se
17

18

19

20

21

22

23

24

25

26

27

28

SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re:<br>CIRCUIT CITY STORES, INC., et al.<br>Debtor(s). | Case No.: 08-35653-KRH<br><br>Chapter 11<br><br>**[PROPOSED ORDER]**<br><br>**DATE**:   February 18, 2009<br>**TIME**:   9:30 a.m.<br>**DEPT**:   Room 5000<br>**JUDGE**:  Honorable Kevin R. Huennekens |

## ORDER PURSUANT TO 11 U.S.C. § 362(d)
## MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the Motion, dated February 18, 2009 (the "Motion"), of

[SATCHIDANAND MIMS A.K.A. SATCHI MIMS] (with any subsequent successor or

assign, the "Creditor" ), for an order, pursuant to section 362(d) of title 11 of the United

States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-

captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in

[CONTINUING PENDING LITIGATION IN CALFIORNIA SUPERIOR COURT] (the

"Pending Litigation") to allow the Creditor's enforcement of its rights in, and remedies in

and to, the Litigation [and RELIEF FROM AUTOMATIC STAY AS TO ALL

DEBTORS WHOM FILLED JOINTLY]; and due and proper notice of the Motion

having been made on all necessary parties; and the Court having held a hearing (the

"Hearing") on the Motion on February 18, 2009; [and the above-captioned debtor (the

"Debtor") having opposed the relief requested in the Motion (the "Objection");] [and

upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore[; and for the reasons stated by the Court on the record of the Hearing], it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in continuing pending litigation in the Superior Court of California to allow the Creditor's enforcement of its rights in, and remedies in and to, the litigation; and it is further

ORDERED that relief from the stay is granted, as to all Debtors whom jointly filed Chapter 11 Bankruptcy with Debtor Circuit City Stores, Inc.

Dated: February __, 2009
       Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT
# 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
SATCHIDANANDA MIMS aka SATCHI MIMS
P.O. BOX 19304
OAKLAND, CA 94619

TELEPHONE NO: 510 530-6345          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:   Plaintiff in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS:   600 WASHINGTON STREET ALAMEDA COUNTY SUPERIOR ...
MAILING ADDRESS:   SAME AS ABOVE       1225 FALLON STREET
CITY AND ZIP CODE:  OAKLAND, 94610      OAKLAND CA 94612-4280
BRANCH NAME:   LIMITED JURSIDICTION

PLAINTIFF: SATCHIDANANDA MIMS aka SATCHI MIMS

DEFENDANT: CIRCUIT CITY STORES, INC.

[✓] DOES 1 TO 5

**FILED**
ALAMEDA COUNTY

··· 9 · 2008

CLERK OF THE SUPERIOR COURT
By _____
                                    Deputy

*6809011*

**CONTRACT**

[✓] COMPLAINT          [ ] AMENDED COMPLAINT *(Number)*:

[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT *(Number)*:

Jurisdiction (check all that apply):
[✓] ACTION IS A LIMITED CIVIL CASE
   Amount demanded   [✓] does not exceed $10,000
                     [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
      [ ] from limited to unlimited
      [ ] from unlimited to limited

CASE NUMBER:
RG08399323

1.  **Plaintiff** *(name or names)*:
    **SATCHIDANANDA MIMS AKA SATCHI MIMS**
    alleges causes of action against defendant* *(name or names)*:
    **CIRCUIT CITY STORES, INC., DOES 1 TO 5**

2.  This pleading, including attachments and exhibits, consists of the following number of pages:  59

3.  a.  Each plaintiff named above is a competent adult
       [ ] except plaintiff *(name)*:
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe)*:
          (3) [ ] other *(specify)*:

    b.  [ ] Plaintiff *(name)*:
       a.  [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

       b.  [ ] has complied with all licensing requirements as a licensed *(specify)*:
    c.  [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4.  a.  Each defendant named above is a natural person
       [✓] except defendant *(name)*: Circuit City Stores,Inc  [ ] except defendant *(name)*:
          (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
          (2) [✓] a corporation                            (2) [ ] a corporation
          (3) [ ] an unincorporated entity *(describe)*:   (3) [ ] an unincorporated entity *(describe)*:

          (4) [ ] a public entity *(describe)*:            (4) [ ] a public entity *(describe)*:

          (5) [ ] other *(specify)*:                       (5) [ ] other *(specify)*:

                    * If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]                **COMPLAINT—Contract**        Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

.59

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

4. *(Continued)*

  b. The true names of defendants sued as Does are unknown to plaintiff.

    (1) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

    (2) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ are persons whose capacities are unknown to plaintiff.

  c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☑ Plaintiff is required to comply with a claims statute, **and**

    a. ☑ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

7. This court is the proper court because

  a. ☑ a defendant entered into the contract here.

  b. ☑ a defendant lived here when the contract was entered into.

  c. ☐ a defendant lives here now.

  d. ☑ the contract was to be performed here.

  e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.

  f. ☐ real property that is the subject of this action is located here.

  g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

  ☑ Breach of Contract

  ☐ Common Counts

  ☑ Other *(specify):*

    Breach of the covenant of good faith, Breach of Warranty fitness and merchantability, Fraud

9. ☑ Other allegations:

    See attachment 9a.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a. ☑ damages of: $ 9,500.00

  b. ☐ interest on the damages

    (1) ☐ according to proof

    (2) ☐ at the rate of *(specify):*      percent per year from *(date):*

  c. ☑ attorney's fees

    (1) ☐ of: $

    (2) ☐ according to proof.

  d. ☑ other *(specify):*

    Emotional, Exemplary and Punitive damages

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

    All Paragraphs

Date: July 21, 2008

SATCHIDANANDA MIMS aka Satchi Mims

    (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]      **COMPLAINT—Contract**      Page 2 of 2

MC-025

| SHORT TITLE: MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** (Number): __9.a__      Page __3__ of ___

(This Attachment may be used with any Judicial Council form.)      (Add pages as required)

Plaintiff: Satchidananda Mims aka Satchi Mims hereby demands a jury trial.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
**to Judicial Council Form**

Cal. Rules of Court, rule 982
American LegalNet, Inc. | www.USCourtForms.com

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

<u>FIRST</u>        **CAUSE OF ACTION—Breach of Contract**
    (number)

ATTACHMENT TO  [✔] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*:  SATCHIDANANDA MIMS aka Satchi Mims

        alleges that on or about *(date)*:  September 07, 2005
        a  [✔] written  [ ] oral  [ ] other *(specify)*:
        agreement was made between *(name parties to agreement)*:
        Satchi Mims and Circuit City Stores, Inc.
        [✔] A copy of the agreement is attached as Exhibit A, or
        [ ] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [ ] are as follows *(specify)*:

BC-2.  On or about *(dates)*:  November 10, 2005 and various times thereafter
        defendant breached the agreement by  [✔] the acts specified in Attachment BC-2  [ ] the following acts
        *(specify)*:

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
        excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
        [ ] as stated in Attachment BC-4  [✔] as follows *(specify)*:
        As a proximate result of defendant's breach of the agreement, plaintiff has been damaged in the
        sum of $2000.00, the amount plaintiff paid to defendant for the laptop computer and insurance
        laptop repair services during, September 2005 through September 2009.

BC-5.  [✔] Plaintiff is entitled to attorney fees by an agreement or a statute
        [ ] of $
        [ ] according to proof.
BC-6.  [✔] Other:
        *Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 1 through 11 as if fully
        set fourth in this matter.*

Page    4

Page 1 of 1

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |

**ATTACHMENT** *(Number)*: BC-2 _____ Page __5__ of _____

*(This Attachment may be used with any Judicial Council form.)*   *(Add pages as required)*

On or about September 7, 2005 plaintiff entered into written agreement with defendant Circuit City Stores, Inc. A copy of the original agreement is attached as Exhibit A as section one and a updated copy of the Circuit City Advantage Plan, which plaintiff received on or about December 10, 2007, labeled Exhibit A section two and made a part hereof.

On or about November 10, 2005 and various times thereafter defendant Circuit City Stores, Inc. breached the contract as follows:

Defendants failed and neglected to perform in accordance with the agreement terms therein, in that defendants repaired: the TOS M45S265 laptop's: screen, circuit motherboard, power button, key board, F10 and F11 keys malfunction....etc., and its accessories multiple times, in a careless and un-workmanlike manner, and used such inferior, defective and unsuitable parts that the repairs made to the laptop was wholly inadequate for the normal and efficient operation of plaintiff, and has continuously ceased to function correctly, shortly after each repair.

Additionally Defendant breached the agreement by performing benefits under the contract in a generally incompetent and unsatisfactory manner by attempting to repair the laptop defects more than 13 times and failing to correct defects each time. Particularly on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 Plaintiff received an email from defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008. The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate any action was taken in regards to the F10 or F11 keys or screen in the lower part of the worksheet listed as notes, says technican re-soldered the DVD Drive connecter and cleaned the volume knob restored the operating system. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving computer back. Plaintiff has attempted to use the computer and the defects still exist. See Exhibit C attached, it shows correspondence between plaintiff and defendant regarding above described specific repairs and computer defects.

Furthermore, defendant breached the contract by not following specific provisions in the contract. The contract, states in relevant part: "City Advantage protection plan is not just protection, but service far beyond manufacture's warranty, including: Replacement if we can't fix it..... If a defect is found, your product will be repaired or replaced......" Additionally, see Exhibit A section two, the contract under section 10 titled No lemon Guarantee, states in relevant part: "B. Computer Products: If your product or any component of your product is repaired three times and it fails a fourth time due to the same problem........., We will replaced the Product or component under our no lemon guarantee.....". Defendant breached the contract by failing to make adequate repair to cure computer defects, and after making over 13 unsuccessful attempts to repair reoccurring defects of the computer, refuses to issue a replacement computer or refund. Moreover the product has failed more than four times and defendant has tried to repair the product more than four times due to the same problem and failed, the product is defective.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

SECOND_____      **CAUSE OF ACTION—Intentional Tort**      Page ___6___
  (number)

ATTACHMENT TO  [✔] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that defendant *(name)*:  CIRCUIT CITY STORES, INC.

[✔] Does  1_____  to  5_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: November 10, 2005
at *(place)*: Circuit City Stores, Inc., Emeryville, CA

*(description of reasons for liability)*:

For Breach of Implied Covenant of Good Faith and Fair Dealing

20. Plaintiff repeats and re-alleges the allegations set fourth in paragraphs BC-1 through BC-6 as if fully set fourth in this matter.

21. Defendant is, and at all times herein mentioned, was a Corporation organized and existing under the laws of the State of California with principle offices located at 5795 Christie Ave Emeryville, California herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

22. Defendant owes a duty of good faith and fair dealing to plaintiff, because the defendant sold the City advantage Protection Plan computer service repair and replacement, insurance to plaintiff; the defendant has benefited from the premiums paid by plaintiff and the other income derived from the sale of the insurance policy to plaintiff and has administered processed and coordinated claims made by plaintiff; and while soliciting insurance business from plaintiff and handling claims filed by plaintiff, the defendant made representations concerning the characteristics and benefits of the insurance policies that plaintiff ultimately purchased. The defendant also widely advertised the characteristics and benefits of the City advantage Protection Plan computer service repair and replacement insurance that plaintiff ultimately purchased.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
| --- | --- |

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2  23. By virtue of the special relationship that was created when it sold the City advantage Protection Plan
3  computer service repair and replacement insurance policy to plaintiff and established intercompany
   pooling arrangements and means of common management and control within the defendants organization
4  with respect to its insurance business, and implicit in its insurance contracts, the Circuit City Stores, Inc.
   owes a duty of good faith and fair dealing to plaintiff. In light of these duties to plaintiff, the Circuit City
5  Stores, Inc. is barred from, in any way, attempting to damage the interests of its policyholder, Satchi
6  Mims, or to profit at the expense of plaintiff.

7  24. California law implies a covenant of good faith and fair dealing in all contracts between parties entered
   into in the State of California.
8

9  25. At all times mentioned in this complaint, plaintiff was the owner of a certain laptop computer,
   Toshiba Satellite Model # M45S265 Serial# 75095029Q referred to below as computer.
10

11 26. On or about September 07, 2005, in consideration of the payment of biyearly premium of $ 243.00,
   made by Circuit City Stores, Inc. defendant, by its duly authorized agents, executed and delivered to
12 plaintiff in Oakland, Alameda County, State of California, its policy of insurance bearing number 85
   6512453, referred to below as "the policy." The policy by its terms was effective from September 07,
13 2005, to September 07, 2007. The policy was renewed and effective from September 08, 2007 to
   September 08, 2009. The additions or changes to the renewed policy weren't known or received by
14 plaintiff until the policy was paid in full, and received by plaintiff on or about December 10, 2007. A
15 copy of the agreement is attached as Exhibit A, labeled section one and a copy of the Circuit City
   Advantage Plan updates or additions and amendments, is labeled as section two and made a part hereof.
16

17 27. The policy at all times mentioned in this complaint provided the following coverage:

18 Coverage (A) computer repair and replacement. To repair or replace, and pay all reasonable expenses
   incurred from service or repair to notebook computer, hereinafter called loss, caused by defect, accidental
19 damage and damage caused by the normal operation and use of the computer."

20 28. On or about April 14, 2006, while the policy was in full in full force and effect, the computer
21 malfunctioned and displayed the following defects: malfunctioning screen, malfunctioning key board, F10
   and F11 keys came on automatically when screen was moved and caused keyboard to become inoperable.
22 Plaintiff notified defendant of loss, opened incident claim number G9443001, returned the computer to
   defendant and on April 24, 2006 defendant returned the computer to plaintiff indicating defendant
23 canceled repairs for the computer.

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___7___ |
| --- | --- |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE:<br>MIMS V. *CIRCUIT CITY STORES, INC.* | CASE NUMBER: |
|---|---|

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2  29. Plaintiff gave defendant notice of loss, and has otherwise performed all the terms and conditions of the
3  policy on his part to be performed.

4  30. On or about April 24, 2006, defendant denied plaintiff's claim, by canceling requested repairs.
5  Defendant has continuously denied plaintiff's claims for loss by failing to repair defects found in the
   product various times, and refusing to issue a replacement computer or refund, as stated in the terms of the
6  agreement. Plaintiff has continuously reported loss to defendant, and defendant has opened over 13 claims
7  regarding computer defects. A few of the claims plaintiff filed dealing with defect issues are listed as
   follows: 9632790, 982820, 9927248, 11541372…etc. The computer defects have not been properly
8  repaired and defendant refuses to issue replacement or refund. In addition plaintiff contacted defendant in
9  writing on June 24, 2008, requesting a new computer or refund. Defendant responded, by letter dated July
   1, 2008, from Marty M., Customer Support Coordinator, directing plaintiff to call their management line to
10 request a computer exchange under their no lemon guarantee. On or about July 07, 2008 Plaintiff
11 followed the instructions indicated in received letter and called defendant, and a customer service
   representative named Allen indicated that the Case #1896800 doesn't exist. Then Allen indicated that he
12 couldn't do anything about replacement because computer was in the process of being repaired. He issued
13 a new case # 11748796 and told plaintiff if your computer has problems call me and problems will be
   resolved. Allen called plaintiff on or about July 9, 2008 and asked about the status of repair, plaintiff told
14 Allen that the defects were not adequately repaired, same issues or defects reported, keep reoccurring.
15 Allen told plaintiff he would call plaintiff in the near future, to see if computer is still having defect
   problems. Moreover on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for
16 malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when
17 the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having
   problems staying connected to the internet. On or about July 4, 2008 plaintiff received an email from
18 defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008.
19 The computer problems were not repaired as indicated in the email, the computer worksheet defendant
   shipped along with the defective computer doesn't indicate that any action was taken in regards to the F10
20 or F11 keys or screen, in the lower part of the worksheet, listed under notes, it states the technician
21 re-soldered the DVD Drive connecter and cleaned the volume knob and restored the operating system
   software. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving
22 computer back. Correspondences between plaintiff and defendant is attached as Exhibit C and made a part
   hereof. Defendant failed and refused, and continues to fail and refuse, to adequately repair or provide
23 plaintiff with a suitable replacement computer whose value is equal to that of the computer, or issue refund
24 in the sum of $2000.00.

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page __8__ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. [www.USCourtForms.com]

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

1 Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2 31. During the course of soliciting plaintiff's insurance patronage, and while administering plaintiff's
3 insurance, the Circuit City Stores, Inc. organization and its agents made representations to plaintiff,
including:
4 A. Representations that the City advantage Plan coverage insurance policy sold by defendant would
provide plaintiff with coverage of claims regarding the computer, and if defects cannot be repaired, the
5 product would be replaced or a refund will be issued.
6 B. Representations in its advertising aimed at patrons like plaintiff that its City advantage Plan
coverage insurance policy sold by defendant would provide plaintiff with coverage of claims regarding the
7 computer, and if defects cannot be repaired, the product would be replaced or a refund will be issued.

8
32. In addition to the misrepresentations made by Circuit City Stores, Inc. described above, that
9 organization has failed to handle properly plaintiff's claims and requests for repair, a replacement
computer or refund. Among other things, the defendant has failed to acknowledge or respond to pertinent
10 communications with reasonable promptness, failed to adopt and implement reasonable standards for
prompt investigation of claims, wrongfully denied plaintiffs request on the claim without conducting a
11 reasonable investigation, failed to affirm or deny coverage of plaintiff's claims within a reasonable time,
12 failed to provide promptly to plaintiff a reasonable explanation of the basis for rejection of claims.

13 33. Also, in its scheme to harm its insured, Satchi Mims, and to benefit from it, the defendant placed one
sided clauses in their written agreement in conflict with California public policy and law. Particularly
14 provision 14. Mandatory Arbitration. The mandatory arbitration clause is in conflict with public policy
15 and state law, because California Code of Civil Procedure section 631 doesn't allow for jury trial to be
waived before litigation. In addition, clauses 15 and 18, which indicate that the contract shall be
16 interpreted and enforced in accordance with the laws of Commonwealth Virginia. Plaintiff lives in
California and defendant does business in California, and the contract was created in California, therefore
17 California courts have jurisdiction over issues regarding their agreement. It would be unconscionable for
18 the court to allow defendant, to circumvent California law and use Virginia law in interpreting the
contract, because the law is probably more to the benefit of defendant. Therefore, an actual controversy
19 exist between plaintiff and defendant as to whether or not defendant can circumvent California Law and
use a one sided contract to force plaintiff to give up right to a jury trial although not authorized by law and
20 bound plaintiff to Virginia law although neither party is in the state Virginia.
21 To protect its rights and interests, Plaintiff requires this court determine and declare that the Defendant
Circuit City Stores Inc., is subject to statutory limitations of pertinent California law, nullify the contract
22 clauses requiring mandatory arbitration in conflict with California law, and declare that Defendant is liable
to indemnify Plaintiff's computer either by giving Plaintiff a replacement computer whose value is equal
23 to the computer at the time it was purchased or issue refund.

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court. | Page __9__ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2

3  34.  The misrepresentations, the wrongful handling of plaintiff's claims, and the wrongful scheme to prevent plaintiff from receiving benefits, by continuously trying to repair defects that can't be repaired instead of issuing a replacement or refund, all as described in paragraphs 1-33 above, constitute unfair or deceptive acts or practices under and violations of sections 790, 790.02, 790.03, rules adopted by the State Board of Insurance pursuant to the California Insurance Code, including  Section 1770 of the California Civil Code and sections17200, 17201, 17202, 17203, 17206 of the California Business & Professions Code. Specifically, the Circuit City Stores, Inc. organization has engaged in unfair or deceptive acts or practices by: (a) Misrepresenting the terms of insurance policies it offered for sale;  (b) Falsely advertising the terms of insurance policies it offered for sale; (c) Representing that its insurance policies and services had characteristics and benefits which they did not have;  (d)  Advertising insurance policies and services with intent not to sell them as advertised; (e)  Representing that environmental impairment liability insurance polices sold by it conferred or involved rights, remedies, or obligations which they did not have or involve;  (f)  Misrepresenting pertinent facts or policy provisions relating to insurance coverage;  (g) Engaging in wrongful claims handling and unfair claim settlement practices;  (h)  Breaching the duties of good faith and fair dealing it owes to its insured, Satchi Mims and (i)  Engaging, in practices that are deceptive and unfair under sections 17200, 17201, 17202, 17203, 17206 of the California Business & Professions Code and section 1770 of the Civil Code.

4

5

6

7

8

9

10

11

12

13

14  35.  By entering into the above described scheme and taking the actions described above, the defendant has breached its duty of good faith and fair dealing.

15

16  36. As a result of such breaches of good faith and fair dealing, and such egregious bad faith conduct, plaintiff has suffered, and is continuing to suffer, serious actual and potential harm, and by this suit hopes to recover from such harm.

17

18

19  37.  Circuit City Stores, Inc. organization has committed its bad faith conduct in violation of the law and public policy intentionally, maliciously, with furtive design and ill will towards Satchi Mims or with conscious indifference towards and reckless disregard for plaintiff's rights and interests, and for this conduct plaintiff seeks emotional, punitive and exemplary damages.

20

21

22  38.  As a proximate result of defendant breach of the covenant of good faith and fair dealing as herein alleged, plaintiff seeks general damages in an amount to be determined by proof at trial.

23

24  39.  As a further proximate result of defendant breach of the covenant of good faith and fair dealing as herein alleged, plaintiff seeks punitive damages in an amount to be determined by proof at trial.

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page __10__ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

American LegalNet, Inc.   www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

___THIRD___         **CAUSE OF ACTION—Breach of Warranty (Merchantability)**       Page 11
   (number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

BWM-1.  Plaintiff (name):  SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that on or about (date):  SEPTEMBER 07, 2005
defendant(s) (seller):  CIRCUIT CITY STORES, INC.

sold plaintiff (quantity and description of goods):  one (TOS/M45S265) LAPTOP COMPUTER

at retail and plaintiff brought such goods from defendant(s) for a price of (amount): $ _1730.00_
☒ A true copy of a memorandum or contract regarding this sale is attached to this Cause of Action as Exhibit BWM-1.

BWM-2.  ☒ On or about (date):
defendant(s) (manufacturer):  Does 1-5

manufactured such goods for the purpose of their eventual sale to retail buyers.

BWM-3.  ☒ On or about (date):
defendant(s) (distributor):  Does 1-5

acquired such goods from defendant(s) manufacturer and distributed them to defendant(s) seller for eventual retail
sale to consumers.

BWM-4.  ☒ In the process, defendants (name):  TOSHIBA

appended to such goods a written warranty which is attached to this Cause of Action as Exhibit BWM-4.

BWM-5.  Such retail sale to plaintiff was accompanied separately and individually by the implied warranty that such goods
were merchantable by defendant(s) (name):  CIRCUIT CITY STORES, INC. & Does 1-5

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

## CAUSE OF ACTION—Breach of Warranty (Merchantability)

Page: 12

BWM-6.  Defendant(s) breached their respective warranties implied in the sale in that (describe):  Are stated in Attachment BWM-6.

As a result of the breach by defendant(s), plaintiff did not receive merchantable goods as impliedly warranted by defendant(s).

BWM-7.  Plaintiff discovered such breach of warranty on or about (date):  October 28, 2005

a. ☒ On or about (date):  October 28, 2005 and various times thereafter.

plaintiff notified defendant(s) (name):  CIRCUIT CITY STORES, INC.

b. ☐ By letter, a true copy of which is attached to this Cause of Action as Exhibit BWM-7.

c. ☒ Other (describe):  In person, and by telephone on or about October 28, 2005, By telephone on the following dates: July 23,2007, August 22, 2007, September 6, 2007, June 10, 2008. By letter on June 24, 2008 a true copy which is attached as Exhibit C.  Also see attachment BWM-7.

BWM-8.  As a legal result of such breach of the warranty of merchantability by defendant(s), plaintiff has been damaged in the amount $ 2000.00 .

BWM-9.  Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 20 through 39  as if fully set fourth in this matter.

MC–025

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* **BWM-6**          Page  13  of _____

*(This Attachment may be used with any Judicial Council form.)*          *(Add pages as required)*

1

2   The screen malfunctions occasionally during load up.  Sometimes the screen loads up and flicks a white

3   background, when this occurs the keyboard will not function, it becomes inoperable.

4   The keyboard malfunctions frequently, the F10 and F11 keys turn on automatically when the screen or

5   computer is moved, or when computer is held at a 45 degree angle.  When F10 and F11 keys turn on

6   turn on the keyboard types numbers only instead of letters and becomes inoperable.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* BWM-7 _____    Page __14__ of _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

1. Plaintiff bought the computer primarily for personal, family, or household purposes. The computer is a new consumer good as that term is defined in Civ. Code § 1791(a).

2. Plaintiff delivered the computer to defendant's repair facility and notified defendant of the nonconformity in writing, with full particulars for the purposes of service, a true copy of that notice is attached as Exhibit C and incorporated by reference. Defendant made a reasonable number of attempts on account of the same nonconformity to service or repairs the computer, to conform to the express warranty. Those attempts were unsuccessful, in that the computer still has the following defects: malfunctioning screen, when computer is loading up sometimes screen shows white background, when this occurs keyboard becomes inoperable, malfunctioning key board, the F10 and F11 keys periodically come on automatically when screen is moved and causes keyboard to become inoperable and wireless internal modem has problems connecting to internet connections. In addition sometimes when the system loads up an error comes up stating there is a hardware issue prompting the restart of the computer. The dates and duration of the attempts at service or repair are as follows:

| Months | Year | Days |
|---|---|---|
| April 11-14, | 2006 | 04 days |
| April 14-24, | 2006 | 10 days |
| July 23-August 03, | 2007 | 10 days |
| August 22-30, | 2007 | 08 days |
| September 6-17, | 2007 | 11 days |
| June 24-Jul 03, | 2008 | 08 days |

3. After the unsuccessful attempts at repair, plaintiff demanded that defendant replace the computer or reimburse plaintiff in an amount equal to the purchase price paid less an amount directly attributable to plaintiff's use of the goods prior to the time plaintiff discovered the nonconformity. Defendant Circuit City Stores, Inc. has failed and refused, and continues to fail and refuse, to make replacement or reimbursement. As a result of defendant's breach of warranty, plaintiff has been damaged in the amount of $ 2000.00.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES. INC. | |

__FOURTH____     **CAUSE OF ACTION—Breach of Warranty (Fitness)**     Page _15__
(number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

BWF-1.   Plaintiff (name):  SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that on or about (date):  JUNE 24, 2008
plaintiff required (quantity and description of goods):
One (TOS/M45S265) New Laptop Computer

for the particular purpose of (describe):
Surfing the internet, Typing or to key words using the keyboard, viewing various images such as videos on the internet, DVD's, and listening to music and all other normal use expected from a laptop computer
To select and furnish suitable goods for such purpose, plaintiff relied on the skill and judgment of defendant(s) (name):
CIRCUIT CITY STORES, INC. & Does 1-5

BWF-2.   ☒ On or about (date): Septemenber 07, 2005
defendant(s) sold to plaintiff (quantity and description of goods):
one (TOS/M45S265) Laptop Computer

and plaintiff bought such goods from defendant(s), in such reliance, for amount of (price paid): $ 1730.00
☒ A true copy of the memorandum or contract of the sale is attached to this Cause of Action as Exhibit BWF-2.

BWF-3.   At the time of the retail sale of such goods, defendant(s) had reason to know the particular purpose for which the goods were required because plaintiff expressly communicated such purposes to defendant(s). Defendant(s) further knew plaintiff was relying on the skill and judgment of defendant(s) to select and furnish suitable goods; thus there was an implied warranty that goods were fit for such purpose.

   **Cause of Action—Breach of Warranty (Fitness)**     Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

### CAUSE OF ACTION—Breach of Warranty (Fitness)                Page 16

BWF-4.   Defendant(s) breached such warranty in that plaintiff did not receive suitable goods and such goods were not fit for the particular purpose for which they were required in that (*describe failure*):

BWF-5.   Plaintiff discovered such breach of warranty on or about (date): October 28, 2005
   a. ☒ *On or about (date):*    October 28, 2005 and various times thereafter,
      plaintiff notified defendant(s) (*name*):    CIRCUIT CITY STORES, INC.

   b. ☐ By letter, a true copy of which is attached to this Cause of Action as Exhibit BWM-7.

   c. ☒ *Other (describe):*   In person, and by telephone on or about October 28, 2005, By telephone on the following dates: July 23, 2007, August 22, 2007, September 6, 2007, June 10, 2008. By letter on June 24, 2008 a true copy which is attached as Exhibit C.

BWF-6.   As a result of such breach of the warranty of fitness by defendant(s), plaintiff has been damaged in the amount $ 2000.00          .

BWF-7.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs BWM-1 through BWM-9 as if fully set fourth in this matter.



PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

FIFTH                       **CAUSE OF ACTION—Fraud**
_____
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*:  SATCHIDANANDA MIMS aka SATCHI MIMS

alleges that defendant *(name)*:  CIRCUIT CITY STORES, INC.

on or about *(date)*: 07/07/2008 discovery        defrauded plaintiff as follows:

FR-2. [ ] **Intentional or Negligent Misrepresentation**
   a. Defendant made representations of material fact   [ ] as stated in Attachment FR-2.a   [ ] as follows:

   b. These representations were in fact false. The truth was   [ ] as stated in Attachment FR-2.b   [ ] as follows:

   c. When defendant made the representations,
      [ ] defendant knew they were false, or
      [ ] defendant had no reasonable ground for believing the representations were true.

   d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
      in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
      they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [ ] **Concealment**
   a. Defendant concealed or suppressed material facts   [ ] as stated in Attachment FR-3.a   [ ] as follows:

   b. Defendant concealed or suppressed material facts
      [ ] defendant was bound to disclose.
      [ ] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
          or suppressed facts.
   c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
      as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
      facts and would not have taken the action if plaintiff had known the facts.

                                                                    Page    17

Form Approved for Optional Use
Judicial Council of California        **CAUSE OF ACTION—Fraud**
PLD-C-001(3) [Rev. January 1, 2007]

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

FIFTH _____          **CAUSE OF ACTION—Fraud**
   (number)

FR-4. ☑ **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated
    in Attachment FR-4.a ☑ as follows:

Defendant Circuit City Stores, Inc. stated in the Circuit City Advantage Plan and the
Warranty materials attached as Exhibit A section 1 and made a part hereof, given to plaintiff
at the time of purchase of the Toshiba laptop computer. If a computer defect exists that it
would be repaired and if the defect couldn't be repaired the laptop would be replaced or a
refund would be issued.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
    plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
    defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5
☑ as follows:

Plaintiff purchased the laptop and additional insurance (City Advantage Protection Plan) for the
computer. Plaintiff reported all problems with the computer to defendant, followed the procedures
outlined in the terms of their agreement, sent the computer to defendant over 10 times for repair of
the laptop defects. Each time plaintiff sent the computer to defendant; defendant returned the laptop
to plaintiff representing that the laptop defects were adequately repaired, when they were not
adequately repaired. As a result, plaintiff has requested a new laptop several times and defendant has
failed and refused to issue a replacement or refund as specified in their agreement.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☑ as stated in
Attachment FR-6 ☐ as follows:

FIR-7. Other:

Plaintiff repeats and realleges the allegations set fourth in paragraphs BWF-1 through BWF-7 as if
fully set fourth in this matter.

Page _____18_____

MC-025

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* FR-6 _____   Page __19__ of _____

*(This Attachment may be used with any Judicial Council form.)*   *(Add pages as required)*

1

2  As a proximate result of Circuit City, Inc.'s fraud and the facts herein alleged, Plaintiff was induced to
3  buy the laptop and Circuit City advantage Plan, and rely on defendant's false promise, by reason of
   which plaintiff has been damaged in the sum of $2000.00.

4

5  The aforementioned conduct of Defendant Circuit City, Inc. was deceit, with the intention on the part of
   the defendant of thereby depriving plaintiff of legal rights or otherwise causing injury, and was
6  despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of
   plaintiff's rights, so as to justify an award of exemplary and punitive damages.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| **MIMS V. CIRCUIT CITY STORES, INC.** | |

**Exemplary Damages Attachment**

Page ___20___

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

EX-1.  As additional damages against defendant *(name)*:
    CURCUIT CITY STORES, INC., DOES 1 to 5

    Plaintiff alleges defendant was guilty of
    ☑ malice
    ☑ fraud
    ☐ oppression
    as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
    to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:
    As described in Second Cause of Action-For Breach of Implied Covenant of Good Faith and Fair
    Dealing, defendant breached the contract by failing to repair defect in plaintiff's laptop over 13 times
    and refusing to honor their agreement and issue a replacement laptop or refund plaintiff's money.

    As described in the Fifth Cause of Action-Fraud, defendant made promise to plaintiff in the form of a
    contract which stated that if plaintiff's laptop is defective and irreparable, the laptop would be
    replaced. Plaintiff has asked defendant for replacement various times and defendants has failed and
    refused to issue a replacement or refund.

EX-3.  The amount of exemplary damages sought is
    a. ☑ not shown, pursuant to Code of Civil Procedure section 425.10.
    b. ☐ $

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(13)

**Exemplary Damages Attachment**

CCP 425.12
American LegalNet, Inc. [www.USCourtForms.com]