```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

```
              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
         Debtors.               :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**DEBTORS' OBJECTION TO EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT TERMINATION OF CONSIGNMENT AGREEMENT AND FOR ENTRY OF AN ORDER DIRECTING DEBTORS TO REJECT CONSIGNMENT AGREEMENT**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

1

"Circuit City" or the "Debtors")[1] hereby submit their objection (the "Objection") to Lexar Media, Inc's ("Lexar") Emergency Motion for Relief from the Automatic Stay to Permit Termination of Consignment Agreement and for Entry of an Order directing Debtors to Reject Consignment Agreement (the "Motion to Expedite").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

4.    On January 9, 2009, the Debtors' filed their Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business (B) Authorizing Debtors to Enter into Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales or Stalking Horse or Financing Agreements in Connection with Going Concern Transactions, (C) Approving Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors Assets Free and Clear of All Interests and (III) Granting Related Relief (D.I. 1423; the "Sale Motion").  Pursuant to the Sale Motion, the

3

Debtors initially sought approval to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation, or of miscellaneous assets.

5. On January 12, 2009, the Court entered its order authorizing the Debtors to solicit bids and conduct auctions, as well as other procedural aspects of the Sale Motion (D.I. 1460). Pursuant to this order, the Debtors held auctions on January 13, 14 and 15, 2009. At the conclusion of the auction, the Debtors' determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent").

6. On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634). On January 17, 2009, the Agent commenced going out of business sales at the Debtors' remaining stores.

7. Approximately one week later, on January 26, 2009, Lexar filed its Emergency Motion for Relief from the Automatic Stay to Permit Termination of

4

Consignment Agreement and for Entry of an Order directing Debtors to Reject Consignment Agreement (the "Motion"). Pursuant to the Motion, Lexar seeks to compel rejection of the Consignment Agreement (as defined in the Motion) and limited relief from the automatic stay to terminate such agreement.

**OBJECTION**

8. Since the Debtors commenced liquidating their assets, various parties have filed motions for expedited relief to compel the Debtors to immediately make decisions concerning assumption or rejection. Indeed, Lexar is one such party.

9. Rather than schedule the Motion on "regular" notice for the Debtors next scheduled hearing on February 13, 2009 -- a little over two weeks from now -- Lexar filed the Expedited Motion so that the Motion can be heard on or before February 3, 2009. However, Lexar has failed to satisfy the standard prescribed by this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures

5

(D.I. 130; the "Case Management Order") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

10.    Under the Case Management Order, all motions must be filed at least ten days prior to the applicable omnibus hearing, unless otherwise ordered by this Court.  Bankruptcy Rule 9006(c) provides, in pertinent part, that "[w]hen an act is required or allowed to be done at or within a specified time . . . by order of court, the court for <u>cause</u> shown may in its discretion . . . order the period reduced.  Fed. R. Bankr. P. 9006(c) (emphasis added).

11.    "In exercise of its discretion per Bankruptcy Rule 9006(c), a court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period."  <u>In re Grant Broadcasting of Philadelphia, Inc.</u>, 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987).

12.    In short, Lexar alleges that the Expedited Motion should be granted because the Debtors are unable to perform their obligations under the Consignment

6

Agreement and Lexar may incur fees for services the Debtors are no longer providing. Motion to Expedite at 2, 7. Neither reason supports granting Lexar the expedited relief it requests.

13. First, as the Supreme Court held in NLRB v. Bildisco, "from the filing of a petition in bankruptcy until formal acceptance, the [executory contract] is not an enforceable contract [against the debtor in possession] . . .." 465 U.S. 513, 532 (1984). Thus, the Debtors are not obligated to perform at this time, irrespective of whether or not they are able to do so.[2]

14. Second, Lexar is concerned with fees that come due under the Consignment Agreement. In particular, Lexar is concerned with a fee that comes due on January 31, 2009. However, interestingly, this fee comes due three days before the outside hearing date Lexar requested. Compare, Motion to Expedite at 10, with Motion at 2. Thus, even if this Court were to grant Lexar the relief it requests, it is unlikely that a

---

[2] The Debtors do not concede that they are unable to perform their obligations under the Consignment Agreement. Indeed, at this stage of these proceedings, the Debtors need not present proof
*(cont'd)*

7

hearing will occur before the January 31 fee comes due under the Consignment Agreement.  Thus, it is unlikely that Lexar will be prejudiced beyond any prejudice that would have resulted from Lexar's own actions.

15.  By contrast, the Debtors and their estates may be prejudiced.  Initially, the Debtors note that they are parties to thousands of contracts and leases.  As this Court is aware, Bankruptcy Code section 365(d)(2) provides that the Debtors have until confirmation of a plan to ordinarily make the decision concerning assumption or rejection of their contracts (including the Consignment Agreement) and certain leases.  11 U.S.C. § 365(d)(2).  Bankruptcy Code section 365(d)(2) also provides that a counterparty to such agreements may request a decision by an earlier deadline. Id.  But, the movant bears the burden of proof and the decision whether to fix an earlier deadline rests within this Court's discretion.  See, e.g., In re Republic Techs. Int'l, 267 B.R. 548, 554 (Bankr. N.D. Ohio 2001).

---

*(cont'd from previous page)*
that they are capable of performing because Lexar bears the burden of proof on its Motion and the Motion to Expedite.

8

16. Considering the allegation in the Motion on their face, the Debtors contend that Lexar has failed to meets its burden. This conclusion alone supports denying the Motion to Expedite.

17. Additionally, by granting the relief Lexar requests, the Debtors will be compelled to analyze and evaluate all of the issues attendant to Consignment Agreement in less than 7 days as opposed to by confirmation of a plan. Under ordinary circumstances, such an analysis and evaluation would be burdensome. However, the burden is exacerbated by the fact that the Debtors commenced liquidating their businesses approximately 10 days ago and, since then, have been faced with numerous issues attendant thereto.

18. Given recent events and the issues that have arisen since the Debtors commenced liquidating their businesses, the Debtors have not had an adequate opportunity to the fully-evaluate the relief requested by Lexar in the Motion and determine whether rejection and/or termination at this time is in the best interests of the Debtors, their estates, and their creditors. Courts have consistently held that a fully-informed

Document    Page 10 of 12

decision concerning assumption or rejection is vital to the Debtors and their estates.  See In re Dana Corp., 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) ("Permitting a debtor to make its decision as late as plan confirmation enables the debtor to carefully evaluate the possible benefits and burdens of an executory contract."); In re Wheeling-Pittsburgh Steel Corp., 54 B.R. 385, 388 (Bankr. W.D. Pa.1985) ("[i]t is vitally important to all interested parties that the debtor make a prudent assumption or rejection decision . . .")).

      19.  By denying the Motion to Expedite, the Debtors will have more of an opportunity to evaluate the Consignment Agreement, the parties respective obligations thereunder, the potential claims resulting from rejection and/or termination, and other costs and benefits associated with the relief Lexar requests.  Additionally, the Debtors and Lexar will be afforded an opportunity to discuss a consensual resolution of the relief requested in the Motion and attempt to avoid unnecessarily burdening this Court's case calendar.

      20.  Although the Debtors are hopeful that they can fully-evaluate the issues related to and/or

10

consensually resolve the Motion prior to the February 13 hearing, the Debtors reserve all rights, including, without limitation, the rights to seek an adjournment of such hearing and contest the merits of the Motion.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion.

Dated: January 28, 2009
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession