Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
                            :   Chapter 11
In re:                      :
                            :   Case No. 08-35653 (KRH)
CIRCUIT CITY STORES, INC.,  :
et al.,                     :   Jointly Administered
                            :
          Debtors.          :
- - - - - - - - - - - - - - x

**DECLARATION OF REGINALD BROWN IN SUPPORT OF EMPLOYMENT
OF WILMER CUTLER PICKERING HALE AND DORR LLP AS A
PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

i)    I am a member of the firm Wilmer Cutler

Pickering Hale and Dorr LLP (the "Firm"), which has been

employed by the debtors and debtors in possession in the

1

above-captioned cases (collectively, the "Debtors")[1] in

the ordinary course of their business.    The Debtors wish

to retain the Firm to continue providing such ordinary-

course services during their chapter 11 cases.    This

Affidavit is submitted in compliance with the Order

Granting Debtors' Motion For Order Pursuant To

Bankruptcy Code Sections 105(A), 327, 330 And 331

Authorizing Debtors To Employ Professionals Utilized In

The Ordinary Course Of Business (the "OCB Professionals

Order").

      1.    The Firm was provided with a list of

interested parties, a copy of which is annexed hereto as

Exhibit 1, and conducted a search of Firm's records for

---

[1]    The Debtors and the last four digits of their respective
taxpayer identification numbers are as follows: Circuit City
Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
(0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC
Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
(0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other
Debtors, the address is 9950 Mayland Drive, Richmond, Virginia
23233.

the names identified thereon.  Based on that search,

neither I, the Firm, nor any member, counsel, or

associate thereof, insofar as I have been able to

ascertain, has any connection with the Debtors, their

creditors or stockholders, or any party in interest

herein, except as set forth hereinafter:[2]

> A search of the Firm's conflict database indicates
> that the Firm presently has open matters that may
> involve the representation of the following
> interested parties, in matters unrelated to the
> Debtors:  Phil Schoonover; Bally Total Fitness
> Holdings Corporation; Centex Corporation; Home
> Depot International; Stride Rite Sourcing
> International; Sunoco, Inc.; HBK Investments LP;
> Bank of America, N.A.; Capital One Leverage Finance
> Corporation; Fifth Third Bank; General Electric
> Capital Corporation; JPMorgan Chase Bank, N.A.; PNC
> Bank, N.A.; Sun Trust Bank; Textron Financial
> Corporation; UBS Loan Finance LLC; Apple; Eastman
> Kodak Company; Electronic Arts; Hewlett-Packard;
> Lenovo, Inc.; Mitsubishi Digital Electronics;
> Olympus Corporation; Sharp Electronics Corporation;
> Sony Electronics Inc.; Shopping.Com Inc.; USIS

---

[2]  In accordance with the terms of the OCB Professionals Order, the
disclosures herein are based on a search of the Firm's conflict
database with respect to current primary representations of, and
adversity to, the interested parties provided to the Firm by the
Debtors.  The Firm has not undertaken to inquire of each of its
attorneys with respect all connections such attorneys may have,
in their individual capacities, with interested parties, as it
would in a case in which the Firm was proposed to be retained as
bankruptcy counsel pursuant to Section 327(a) of the Bankruptcy
Code.  In addition, the database search generated many "hits" for
primary clients and adverse parties with names similar to, though
not exactly matching, those of an interested party.  This
Declaration discloses such "hits" as a connection to the
interested party.

Commercial Services Inc.; Simpletech; Intuit Inc.;
American Express; Visa Inc.; Chubb; Fireman's Fund
Insurance Company; Global Aerospace, Inc.;
Lexington Insurance Company; Zurich American
Insurance Company; Aetna Life Insurance Company;
Hewitt Associates LLC; IBM; Marsh USA Inc.; Medco
Health Solutions; Arizona Public Service; Aquila,
Inc.; Arch Wireless; AT&T; Avaya; City of
Baltimore, MD; Direct Energy; Duke Energy; Easylink
Services Corporation; Embarq Communications;
Fairpoint Communications; Granite
Telecommunications; Insight; MCI; National Grid;
NSTAR/; PEPCO (Potomac Electric Power Company);
Puerto Rico Telephone; Qwest; Research In Motion;
Suez Energy Resources NA; T Mobile; TXU Energy; USA
Mobility; Verizon (GTE); Windstream; AMB Property,
LP; Cardinal Capital Partners; Colonnade LLC;
Irvine Company LLC; Teachers Insurance & Annuity
Assoc. Of Amer.; Wal-Mart Stores East LP;
Weingarten Realty Investors; Wilmington Trust
Company; Arc International Corporation; Blockbuster
Inc.; DHL Global Business Services; Staples, The
Office Superstore Inc.; The TJX Operating
Companies; Toshiba; American Savings; Merrill Lynch
Global Institutional Advisory Division; RBC Dain
Rauscher; Bingham McCutchen LLP; Ernst & Young; FTI
Consulting, Inc.; Goldman, Sachs and Company; and
Ogilvy Renault LLP.

In addition, a search of the Firm's conflicts
database also indicates that the Firm presently has
open matters that may involve the representation of
clients adverse to the following interested
parties, in matters unrelated to the Debtors:  Air
Products and Chemicals, Inc.; Aon Corporation;
Iconix Brand Group, Inc.; Lexmark International,
Inc.; Nisource Inc.; VF Corporation; Bank of
America; N.A.; Capital One Leverage Finance
Corporation; Fifth Third Bank; General Electric
Capital Corporation; GMAC Commercial Finance LLC;
JPMorgan Chase Bank, N.A.; PNC Bank, N.A.; Sun
Trust Bank; Textron Financial Corporation; UBS Loan
Finance LLC; UPS Capital Corporation; Wachovia

Capital Finance Corporation; Wells Fargo Retail
Finance LLC; Alliance Entertainment; Apple; Eastman
Kodak Company; Epson America, Inc.; Fuji Photo Film
USA; Hewlett-Packard; Klipsch Audio Technologies,
LLC; Lexmark International Inc.; Linksys; Logitech
Inc.; Microsoft Corporation; Mitsubishi Digital
Electronics; Nikon Inc.; Olympus Corporation;
Panasonic North America; Paramount Home Video;
Samsung Electronics (USA) Inc.; Sandisk
Corporation; Sharp Electronics Corporation; Sony
Electronics Inc.; THQ Inc.; Toshiba America
Consumer Products; Western Digital Technologies;
Zenith Electronics Corporation; CDW Direct LLC;
Corporate Express; Nextag; Incomm; Kensington
Computer Products Group; Simpletech; Vtech
Electronics; Intuit Inc.; Pinnacle Systems, Inc.
(Avid Tech Inc.); American Express; Discover Card;
MasterCard; ValueLink; Visa Inc.; American Empire
Excess & Surplus Lines; American Home Assurance
Company; Chubb; CAN Global Specialty Lines;
Continental Casualty Company; Federal Insurance
Company; Fireman's Fund Insurance Company; Great
American Insurance Company; Lexington Insurance
Company; Liberty Mutual Fire Insurance Company;
Lloyds of London; National Union Fire Insurance
Company; XL Specialty Insurance Company; Zurich
American Insurance Company; Aetna Life Insurance
Company; Alliance Entertainment Corporation; Empire
Blue Cross Blue Shield; Hewitt Associates LLC; IBM;
Kaiser Permanente; Marsh USA Inc.; Navigant
Consulting, Inc.; Tangoe, Inc.; Alliant
Energy/WP&L; Alltel; Ameren CIPS; Arizona Public
Service; Arch Wireless; AT&T; Atmos Energy; Avaya;
Bangor Hydro Electric Company; Bay State Gas; Bell
South; Baltimore Gas & Electric; CenturyTel;
Charter Communications; Cincinnati Bell; City of
Atlanta-Dept of Watershed Mg; City of Austin, TX;
City of Baltimore, MD; City of Brockton, MA; City
of Houston, TX – Water/Wastewater; City of
Portland, OR; City of Richmond, VA; City of
Savannah, GA; City of Shrevport, LA-DOWAS; Cox
Communications; Direct Energy; Duke Energy; Embarq
Communications; Entergy Gulf States LA, LLC;

Florida Power & Light Company; Gainesville Regional
Utilities; Gas South; Georgia Power; Green Mountain
Power; Imperial Irrigation District, CA; Insight;
Kansas Gas Service; Los Angeles Dept of Water &
Power; McAllen Public Utilities - TX; MCI; Memphis
Light, Gas & Water Division; MidAmerican Energy
Company; National Grid; Nextel Communications;
Nicor Gas; Northern Indiana Public Service Company;
NSTAR/; Orlando Utilities Commission; Peoples Gas;
Qwest; Research In Motion; Skytel; Sprint;
Suddenlink; Suez Energy Resources NA; T Mobile; TDS
Telecom; Town of Burlington, MA; Town of
Collierville, TN; TXU Energy; UGI Energy Services,
Inc.; United Power; Verizon (GTE); Washington Gas;
Westar Energy/KPL; Acadia Realty Limited
Partnership; AMB Property, LP; American National
Insurance Company; Boulevard Associates; Burbank
Mall Associates LLC; Cardinal Capital Partners;
Carousel Center Company, LP; Catellus Development
Corporation; Centro Properties Group; Concord Mills
LP; Dayton Hudson Corporation; DDR Highland Grove
LLC; Donahue Schriber Realty Group LP; Eastridge
Shopping Center LLC; Evergreen Mcdowell And Pebble
Creek LLC; Excel Realty Partners LP; Federal Realty
Investment Trust; Forest City Ratner Company;
Gateway Woodside Inc.; GGP-Steeplegate Inc.;
Greater Orlando Aviation Authority; Greece Ridge
LLC; Green Acres Mall LLC; GS II Brook Highland
LLC; Heritage Property Investment LP; HK New Plan
Covered Sun LLC; Home Depot USA Inc.; Immobilien
Vervaltung GMBH; Irvine Company LLC; Jefferson Mall
Company II LLC; Johnstown Zamias LP; Kentucky Oaks
Mall; Kimco Realty Corporation; Lea Company;
Lincoln Plaza Associates LP; Louis Joliet
Shoppingtown LP; Macerich Lakewood LLC; Mall of
Georgia LLC; Melbourne-JCP Associates Ltd.;
Montclair Plaza LLC; New Plan Excel Realty Trust;
North Attleboro Marketplace II LLC; Panattoni
Development Company LLC; Parkdale Mall Associates
LP; Parway Centre East LLC; Parkway Plaza LLC;
Preit Services LLC; Prudential Insurance Company Of
America; RREEF America REIT II Corporation VVV;
Simon Property Group; St. Louis Mills LP; Stop &

Shop Supermarket Company LLC; Target Corporation;
Teachers Insurance & Annuity Assoc. Of Amer.; THF
Clarksburg Development One; Torrington Triplets
LLC; Vornado Realty Trust; Wal-Mart Stores East LP;
Wilmington Trust Company; Autozone Northeast Inc.;
DHL Global Business Services; Dollar General
Corporation; Huntington National Bank;
International House of Pancakes; La-Z-Boy Showcase
Shoppes; Price Chopper Operating Company; Sky Bank;
Staples, The Office Superstore Inc.; The Pep Boys;
The TJX Operating Companies; Toys R Us Inc.; Lehman
Brothers; Merrill Lynch Global Institutional
Advisory Division; RBC Dain Rauscher; Gordon
Brothers Retail Partners LLC; Hudson Capital
Partners LLC; Tiger Capital Group LLC; Harris,
William; Massachusetts Department of Revenue;
Murphy, Christopher; Securities and Exchange
Commission; Ernst & Young; FTI Consulting, Inc.;
Goldman, Sachs and Company; and Rothschild, Inc.

2.   The Firm does not represent or hold any
interest adverse to the Debtors or their estates with
respect to the engagement for which we are to be
retained.

3.   Prior to its bankruptcy, the Firm
represented the Debtors in various matters related to
securities law, corporate governance matters, and
commercial legal advice.  As of the Petition Date, the
Debtors were indebted to the Firm in the amount of
$37,820.50 for services provided prior to Petition Date.
That claim is secured by a cash retainer, held by the
Firm, in the amount of $125,000.  On January 29, 2009,

7

the Firm filed a proof of claim on account of these amounts due to it.

4.    This Firm and certain of its members, counsel, and associates may have in the past represented, currently represent, and may in the future represent entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' chapter 11 cases.  None of those past or current representations are material.  This Firm will be in a position to identify with specificity all such persons or entities when lists of all creditors of the Debtors have been prepared and will make any further disclosures as may be appropriate at that time.  The Firm intends to apply for compensation for professional services rendered in connection with these chapter 11 cases directly to the Debtors, in accordance with the OCB Professionals Order, with such application to request compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm.  The principal attorneys designated to represent the Debtors and their current agreed rates are:

Meredith Cross -- $742

Knute Salhaus -- $684

Douglas Davison -- $612

Reginald Brown -- $580

Jeffries Oliver-Li -- $396

5.    The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature.  The rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case.  The expenses charged to clients include, among other things, courier and messenger charges, reprographics, postage, travel and related lodging and meal expenses, and filing fees and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

6.    Except as provided in the OCB Professionals Order, no representations or promises have been received by the Firm nor by any member, counsel, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

WHEREFORE, affiant respectfully submits this Declaration in Support of Employment of Wilmer Cutler Pickering Hale and Dorr LLP as a Professional Utilized in the Ordinary Course of Business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2009

_____
Reginald Brown
Partner
1875 Pennsylvania Ave., N.W.
Washington, D.C.  20006