Constantinos G. Panagopoulos, Esquire (VA 33356)
Jesse N. Silverman, Esquire (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 – 13th Street, N.W., Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

-and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516

Attorneys for GMS Golden Valley Ranch, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.<br><br>        Debtors. | Case No. 08-35653-KRH<br>Chapter 11<br><br>(Jointly Administered)<br><br>**Hearing Date: March 3, 2009 @ 10:00 a.m. ET** |

**MOTION AND SUPPORTING MEMORANDUM OF LAW OF GMS GOLDEN
VALLEY RANCH, LLC FOR ORDER ALLOWING AND COMPELLING PAYMENT
OF ADMINISTRATIVE RENT AND GRANTING RELATED RELIEF**

TO THE HONORABLE KEVIN R. HUENNEKENS,
UNITED STATES BANKRUPTCY JUDGE:

GMS Golden Valley Ranch, LLC (the "Santa Clarita Landlord"), the former lessor of Debtors with respect to a partially constructed store location in Santa Clarita, California , by and through its undersigned counsel, hereby moves this Court (the "Motion") for allowance and payment of an administrative expense in the amount of $34,207.43 based on unpaid post-

petition, pre-rejection rent under Debtors' lease with the Santa Clarita Landlord for the months of December 2008 and January 2009, and related relief, as more specifically described herein. In support of its Motion, the Santa Clarita Landlord respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O).

## RELIEF REQUESTED

2.      The Santa Clarita Landlord respectfully moves this Court for an order allowing its administrative claim for post-petition, pre-rejection rent in the sum of $34,207.43 (December 2008 rent together with rent for partial month of January 2009 calculated on a pro-rata basis) under Bankruptcy Code section 365(d)(3) and that the Court order Debtors to promptly pay such administrative claim. The Santa Clarita Landlord also respectfully requests that it be granted its attorneys fees incurred in the filing and prosecution of this Motion.

## BACKGROUND

3.      Circuit City Stores, Inc., and its affiliated co-debtors (the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.      On or about April 24, 2007, the Santa Clarita Landlord, as landlord, and debtor Circuit City Stores West Coast, Inc. (the "Tenant"), as tenant, entered into their written Lease (the "Santa Clarita Lease") for nonresidential premises (the "Leased Premises") located in the The Plaza at Golden Valley Ranch, in the City of Santa Clarita, California. The Lease was a "reverse build-to-suit" lease by which the tenant was required to construct a one-story retail building containing approximately 30,330 square feet of gross leaseable area, as more particularly provided in the Santa Clarita Lease.

5. The Plaza at Golden Valley (the "<u>Center</u>") is a community "power" retail center, consisting of approximately 618,000 square feet, now under construction in Southern California. The Center is anchored by Kohl's and Lowe's, which are now open, and Target, which is scheduled to open in March 2009. The Center is located at the northeast corner of State Route 14 and Golden Valley Road in Santa Clarita, 30 miles northwest of the City of Los Angeles. Lost Canyon Road splits the Center into North and South superparcels. The Circuit City building is located on the North Parcel, along with Lowe's, PETsMART (scheduled to open during Spring 2009) and six pad and shop buildings. It cannot be seriously disputed that the Center is a "shopping center" as that term was defined in <u>In re Joshua Slocum, Ltd.</u>, 922 F.2d 1081, 1087-1089 (3rd Cir. 1990).

6. Section 4 of the Santa Clarita Lease provides that the "Construction Term" of the Lease shall "commence on the date of Landlord's Delivery of the Land to Tenant in the condition specified in the Site Design Requirements …" On February 21, 2008, the Santa Clarita Landlord caused delivery of the "Land" (as defined in the Santa Clarita Lease) to be made to Tenant. (See <u>Exhibit 1</u> hereto.) Tenant thereafter commenced construction of a building at the Leased Premises with an anticipated completion and opening date in October 2008, but Tenant ceased construction of its retail building at the Leased Premises, contrary to provisions in the Santa Clarita Lease requiring Tenant to diligently pursue construction to completion.

7. Pursuant to Section 28.4 of the Santa Clarita Lease, on November 24, 2008, the Santa Clarita Landlord sent written notice to Tenant of the commencement of accrual of "Ground Rent" in the sum of $270,748.11 per annum, payable in monthly installments. (See <u>Exhibit 2</u>.) As a result, Ground Rent under the Santa Clarita Lease accrued at the rate of $22,562.35 per month.

8. On January 22, 2009, the Court entered its Order Pursuant To Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property

[Docket No. 1705] (the "Rejection Order"), authorizing the Debtors to reject certain unexpired leases of nonresidential real property, including the Santa Clarita (identified as Debtors' Store No. 3745), effective January 16, 2009.

9.  Debtors are liable to the Santa Clarita Landlord for unpaid post-petition rent in the sum of $34,207.43, consisting of (a) Ground Rent for the month of December 2008 in the sum of $22,562.35, and (b) Ground Rent for the pre-rejection portion of the month of January 2009 in the sum of $11,645.08, calculated on a pro-rated, per diem basis (16/31) at the rate specified in the Lease, for the time period from January 1, 2009 to January 16, 2009, the effective date of rejection of the Santa Clarita Lease set forth in the Rejection Order.  Such claim is due and entitled to administrative expense priority under 11 U.S.C. §365(d)(3).[1]

## ARGUMENT

10.  Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

11.  This Court and other jurisdictions have consistently held that Section 365(d)(3) requires timely payment of post-petition, pre-rejection rent as an administrative expense at the full contract rate specified in the applicable lease. See, e.g., In re Trak Auto Corp., 277 B.R. 655, 665 (Bankr. E.D. Va. 2002); see also In re Best Products Co., Inc., 206 B.R. 404, 406 ("Congress enacted §365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor."); In re Warehouse Club, Inc., 184 B.R. 316, 317 (Bankr, N.D. Ill. 1995) ("The purpose of § 365(d)(3) is to prevent landlords from becoming

---

[1] Based on the Ground Rent commencement date of November 24, 2008, the Santa Clarita Landlord is also entitled to pro-rated post-petition rent for the period from November 24-30, 2008.  However, based on the Court's previous rulings on "stub rent" in this Case, the Santa Clarita Landlord is not asserting an immediate right to payment of such administrative priority claim for November stub rent at this time, which claim is reserved.

4

involuntary post-petition creditors of the bankruptcy estate."). "[T]he lessor is not required to show debtor's continued possession of its space is a benefit to the estate," <u>In re Trak Auto Corp</u>., <u>supra</u>, 277 B.R. at 665, in order to receive rent during the period the debtor-in-possession or trustee is deciding to reject or assume a lease.

12. Here, the Court should order immediate payment of post-petition, pre-rejection rent due to the Santa Clarita Landlord. Debtors are paying post-petition rent to other landlords, and are making operating expense payments to other post-petition creditors. "The language of §365(d)(3) requires an estate representative to make immediate payment of nonresidential lease obligations where the estate representative can meet those obligations consistent with its obligations to others." <u>In re Valley Media, Inc.</u>, 290 B.R. 73, 77 (Bankr. D. Del. 2003).

13. Section 34.6 of the Santa Clarita Lease provides for an award of reasonable and actual attorneys fees incurred by the prevailing party in any action or proceeding commenced to enforce the provisions of the Santa Clarita Lease. Accordingly, the Santa Clarita Landlord further requests that the Debtors be directed to pay the attorneys' fees incurred by the Santa Clarita Landlord in connection with the filing and prosecution of this Motion.

## WAIVER OF MEMORANDUM OF LAW

14. The Santa Clarita Landlord respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a separate written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

15. No previous motion for the relief sought by this Motion has been made to this Court or any other Court by the Santa Clarita Landlord.

DMEAST #10198704 v1

WHEREFORE, by reason of the foregoing, the Santa Clarita Landlord respectfully requests entry of an order (a) authorizing and directing the Debtors to promptly pay the post-petition Ground Rent due under the Santa Clarita Lease for the period prior to rejection; (b) authorizing and directing the debtors to reimburse the Santa Clarita Landlord for all the reasonable and actual attorneys' fees incurred in the preparation and prosecution of this Motion; and (c) granting such other and further relief as the Court deems just and proper.

Dated: January 30, 2009            Respectfully submitted,

/s/  *Jesse N. Silverman*
Constantinos G. Panagopoulos (VA 33356)
Jesse N. Silverman, Esquire (VA XXXXX)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 – 13th Street, N.W., Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail: silvermanj@ballardspahr.com

    -and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516
Email: igold@allenmatkins.com

Attorneys for GMS Golden Valley Ranch LLC

DMEAST #10198704 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2009, a true and accurate copy of the foregoing Motion and Supporting Memorandum of GMS Golden Valley Ranch, LLC for Order Allowing and Compelling Payment of Administrative Rent and Granting Related Relief. was electronically filed with the Clerk of the Court using the CM/ECF system, which shall cause notice of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

    /s/  Jesse N. Silverman
    Jesse N. Silverman

DMEAST #10198704 v1