**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) | Jointly Administered |
| Debtors. | ) | |

**MOTION OF RICMAC EQUITIES CORPORATION TO COMPEL
PAYMENT OF POSTPETITION REAL ESTATE TAXES
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Ricmac Equities Corporation ("Ricmac"), by counsel, hereby moves, pursuant to Bankruptcy Code §§ 365(d)(3) and 503(b)(1)(A) and Federal Rule of Bankruptcy Procedure 9013, for entry of an order compelling debtor Circuit City Stores, Inc. ("CCSI") to pay postpetition real estate taxes with respect to the ground lease of which Ricmac is the lessor and CCSI is the tenant, and in support of this motion states as follows:

1. Ricmac is the landlord under a ground lease (CCSI Lease No. 3674) (the "Lease") with CCSI for the real property located at 217 Bethpage Road, Hicksville, New York (the "Property"). A true and correct copy of the Lease (without exhibits) is attached hereto as Exhibit A.

2. The deadline for assumption or rejection of the Lease was extended pursuant to this Court's Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property, entered on

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Attorney for Ricmac Equities Corporation

December 10, 2009 (the "365(d)(4) Order").  As of this time, CCSI has not moved to assume or reject the Lease.

      3.      A going out of business sale is being conducted at the Property pursuant to this Court's Order Approving Agency Agreement, Store Closing Sales and Related Relief, entered on January 16, 2009.  Pursuant to the Agency Agreement approved by the Court, the liquidator is required to pay $705 per day to CCSI for the real estate taxes on the Property.  This calculates to $21,150 for a thirty-day month.

      4.      Bankruptcy Code § 365(d)(3) requires CCSI to pay its obligations under the Lease as and when they come due.  In addition, the 365(d)(4) Order specifically provides in Paragraph 6 that "[t]he Debtors shall timely perform obligations under the Leases pursuant to Bankruptcy Code section 365(d)(3)."

      5.      CCSI is not in compliance with Section 365(d)(3) or with the 365(d)(4) Order because it has not paid the postpetition real estate taxes relating to the Property, as required by Paragraph 6(b) of the Lease, which states as follows:

> Subject to Tenant's rights under subparagraph (c) below [relating to CCSI's ability to contest the real estate taxes], Tenant shall pay, prior to any interest or penalties being imposed, all Real Estate Taxes affecting the Premises beginning on delivery of the Land, and ending upon the expiration or earlier termination of this Lease.  Tenant shall deliver a copy of the official paid receipt or other evidence of payment of Real Estate Taxes to Landlord within forty-five (45) days after the last to pay such Real Estate Taxes without penalty.  Within thirty (30) days of the date hereof, Tenant shall reimburse Landlord for all Real Estate Taxes heretofore paid by Landlord for the months of November and December, 1996.

      6.      The Property is subject to two types of real estate taxes, the school tax and the general tax.  The school tax is imposed for the fiscal year from July 1 – June 30.  It is paid in two

installments.  The first installment of the school tax is due on October 1 but may be paid without penalty at any time on or before November 10.  The second installment is due April 1 but is payable without penalty at any time on or before May 10.  A copy of the school tax bill for the fiscal year from July 1, 2008 – June 30, 2009 is attached hereto as Exhibit B.

7.    The general tax is imposed for the calendar year.  The first installment of the general tax is due on January 1, but may be paid without penalty at any time on or before February 10.  The second installment is due on July 1 but may be paid without penalty at any time on or before August 10.  A copy of the general tax bill for 2009 is attached hereto as Exhibit C.

8.    As shown on Exhibits B and C, and pursuant to Paragraph 6(b) of the Lease, CCSI was responsible to make a payment of $71,140.85 no later than November 10, 2008 (the "November 2008 Payment").  CCSI is also responsible to make a payment of $53,685.89 no later than February 10, 2009 (the "February 2009 Payment").

9.    Thus far, CCSI has not paid any portion of the November 2008 Payment.  Instead, Ricmac made this payment, and also paid $2,134.09 in interest and penalties.  CCSI has indicated that it intends to reimburse Ricmac, but only for the portion of the November 2008 Payment which is allocable to December 2008, in the amount of $11,985.69, and Ricmac understands that this payment is being processed.  However, Ricmac also requests that CCSI be required to pay the portion of the November 2008 Payment which is attributable to the period from November 10-30, 2008, in the amount of $8,119.34.  The deadline for CCSI to make the November 2008 Payment was November 10, 2008.  This is the day on which the bankruptcy petition was filed.  The petition was filed a few minutes after midnight, and therefore the entire business day of November 10 was postpetition.  The Debtor has taken the position, with respect

to the leases of lessors which filed motions or objections to compel payment of postpetition rent,[1] that if the due date of the November rent payment was postpetition, then the November stub rent would be paid.[2] Accordingly, since the deadline for the November 2008 Payment was postpetition, Ricmac requests that CCSI be required to reimburse Ricmac for the November 2008 stub real estate taxes in the amount of $8,119.34.

10.    In addition, Ricmac understands that CCSI intends to pay only part of the February 2009 payment. Under Bankruptcy Code § 365(d)(3), under the 365(d)(4) Order, and under the terms of the Lease, CCSI must pay the full amount of $53,685.89 on or before February 10, 2009. Therefore, Ricmac requests that an order be entered requiring CCSI to make the February 2009 Payment.

11.    Moreover, under Lease Paragraph 26(d), CCSI is liable for the $2,134.09 in interest and penalties which were paid by Ricmac because CCSI did not make the November 2008 Payment, and for the attorneys' fees incurred by Ricmac. By this motion, Ricmac also requests that CCSI be required to pay these postpetition obligations.

12.    Ricmac respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a separate written memorandum of points and authorities as described in rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

---

[1]    The Lease meets this description because an objection to the Debtors' motion to extend time within which to assume or reject leases was filed on behalf of Ricmac on December 3, 2008 (Docket No. 597).

[2]    Leases under which the rental obligation for the month of November, 2008 became due and payable after the petition date are referred to as "Arrears Leases" in this Court's Findings of Fact and Conclusions of Law From Hearing held December 22, 2008 on Motions to Compel Payment of Postpetition Rent, entered on January 26, 2009. With respect to the November 2008 Payment, the Lease is an "Arrears Lease."

WHEREFORE, Ricmac Equities Corporation, Inc., by counsel, hereby respectfully requests that the Court grant the Motion of Ricmac Equities Corporation to Compel Payment of Postpetition Real Estate Taxes and Memorandum of Law in Support Thereof, and grant such other and further relief that the Court determines to be appropriate under the circumstances.

                Respectfully submitted

                THE MEIBURGER LAW FIRM, P.C.

Dated: February 2, 2009        By:   /s/ Janet M. Meiburger
                                                Janet M. Meiburger, Esq.
                                                (VSB No. 31842)
                                                1493 Chain Bridge Road, Suite 201
                                                McLean, Virginia 22101
                                                (703) 556-7871

                                                Attorney for Ricmac Equities Corporation

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 2d day of February, 2009, (1) a true and correct copy of the foregoing Motion of Ricmac Equities Corporation to Compel Payment of Postpetition Real Estate Taxes and Memorandum of Law in Support Thereof will served by ECF e-mail pursuant to the applicable Standing Order of the Court; (2) I caused a true and correct copy of the foregoing Motion of Ricmac Equities Corporation to Compel Payment of Postpetition Real Estate Taxes and Memorandum of Law in Support Thereof to be sent by e mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com; and (3) I caused a true and correct copy of the foregoing Motion of Ricmac Equities Corporation to Compel Payment of Postpetition Real Estate Taxes and Memorandum of Law in Support Thereof to be sent by first class mail, postage prepaid, to:

Circuit City Stores, LLC
Attention: Reginald D. Hedgebeth
9950 Maryland Drive
Richmond, VA  23233

Riemer & Braunstein LLP
Attention: David S. Berman
Three Center Plaza, 6th Floor
Boston, MA  02108.


/s/ Janet M. Meiburger
Janet M. Meiburger