Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc., et al., | : | Case No. 08-35653(KRH) |
| | : | |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - x

**ORDER GRANTING DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 363 APPROVING PROCEDURES TO SELL CERTAIN MISCELLANEOUS ASSETS FREE AND CLEAR OF ALL INTERESTS WITHOUT FURTHER ORDER OF COURT**

Upon consideration of the motion (the "Motion")[1] of the Debtors for entry of an order pursuant to Bankruptcy Code sections 105 and 363 approving procedures by which

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

the Debtors may sell certain Miscellaneous Assets, free and clear of all interests, including liens, claim and encumbrances (collectively, "Interests"); and it appearing that the relief requested is in the best interest of the Debtor' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 409; and notice of this Motion and the opportunity for hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, and it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED.

2.   Pursuant to Bankruptcy Code section 105 and 363, the Debtors are hereby authorized to consummate

sales of Miscellaneous Assets according to the following procedures:

(a) The Debtors are authorized to sell Miscellaneous Assets with a purchase price equal to or less than $100,000 without notice to any party or further court order; <u>provided</u> <u>however</u>, that within seven days of the closing of such sale, the Debtors shall provide a report of such sale to counsel for the DIP Agent and counsel for the Creditors' Committee, which report shall identify the purchaser, the Miscellaneous Assets sold, and the purchase price for such assets.  All provisions of this order conditioned upon notice or expiration of a Notice Period are hereby deemed satisfied upon payment the purchase price to the Debtors at which time all such provisions shall become applicable to such Miscellaneous Asset Sales.

(b) The Debtors are authorized to sell Miscellaneous Assets with a purchase price greater than $100,000 and equal to or less than $500,000; <u>provided</u>, that the Debtors shall provide written notice (each a "Sale Notice"), by facsimile or electronic mail, of each such proposed Miscellaneous Asset Sale to (i) counsel for the Creditors' Committee, (ii) counsel for the DIP Agent, (iii) if applicable, the landlord for the premises where the Miscellaneous Assets sought to be sold are located, (iv) the taxing authority and/or counsel for the taxing authority (if known) for the jurisdictions in which the Miscellaneous Assets sought to be sold are located, and (vi) any known holder of a lien, claim, or encumbrance against the specific Miscellaneous Asset or Assets to be sold (collectively, the "Notice Parties").  The Notice Parties shall have five business days (a "Notice Period") after the Sale Notice is sent to object to such Miscellaneous Asset Sale.

(c) The Debtors are authorized to sell Miscellaneous Assets with a purchase price greater than $500,000 and equal to or less than $2,000,000; <u>provided</u>, that the Debtors shall send a Sale Notice, by facsimile or electronic mail, of each such proposed Miscellaneous Asset Sale to the Notice Parties.  The Notice Parties shall have ten business days (also a "Notice Period") after the Sale Notice is sent to object to such Miscellaneous Asset Sale.

3

(d) The Sale Notice shall specify (i) the asset or assets to be sold, (ii) the identity of the proposed purchaser (including a statement of any connection between the proposed purchaser and the Debtors), and (iii) the proposed sale price, and if requested by the purchaser, attach a copy of a proposed form of order.

(e) Objections must be served via email upon (i) counsel for the Debtors, Gregg M. Galardi (Gregg.Galardi@skadden.com), Ian S. Fredericks (Ian.Fredericks@skadden.com) and Douglas Foley (dfoley@mcguirewoods.com) (ii) counsel for the Official Committee of Unsecured Creditors, Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com); and (iii) counsel for the Debtors' prepetition and postpetition lenders, David S. Berman (dberman@riemerlaw.com).  If counsel to the Debtors receives no written objection prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to consummate the proposed Miscellaneous Asset Sale and to take such actions as are necessary to close the sale and obtain the sale proceeds without further order of the court; <u>provided</u>, <u>however</u>, that, if requested by the proposed purchaser, the Debtors are authorized to submit a proposed form of order approving a Miscellaneous Asset Sale without further notice or hearing.

(f) If a Notice Party objects to the proposed transaction within Notice Period and the Debtors and such objecting Notice Party are unable to achieve a consensual resolution, the Debtors will not take any further steps to consummate the Miscellaneous Asset Sale without first obtaining the Court's approval for that specific transaction, which approval may be obtained on an expedited basis, including through telephonic means, with advance notice to the Objecting Notice Party.

(g) Within fifteen (15) days following the end of each calendar month in which a Miscellaneous Asset Sale has taken place, the Debtors will file a report of Miscellaneous Asset Sales that occurred during such calendar month.

3.    If no Notice Party timely objects to the Miscellaneous Asset Sale or any such objection is

consensually resolved, the Debtors may consummate the transaction, notwithstanding Bankruptcy Rule 6004(h), and the net proceeds of such transaction shall be distributed either in accordance with the prior orders entered by the Court (including the final debtor in possession financing order).  To the extent there is a dispute between lienholders regarding the priority of the competing liens on certain Miscellaneous Assets and entitlement to the proceeds of the same, the Debtors shall hold such proceeds until such dispute is resolved consensually or pursuant to court order.

        4.   Pursuant to 11 U.S.C. §§ 363(b) and 363(f), if no Notice Party timely objects to the Miscellaneous Asset Sale or any such objection is consensually resolved, upon payment of the purchase price to the Debtors, the Debtor's right, title, and interest in the Miscellaneous Assets sold shall be transferred to the purchaser free and clear of all Interests, with all such Interests to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Miscellaneous Assets immediately before

such transfer, subject to any claims and defenses the Debtors may possess with respect thereto.

5. Nothing contained herein shall prejudice the Debtors' rights to seek Court authorization for the sale of any asset of the Debtors under 11 U.S.C. § 363.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or other-wise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia
        February [_], 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

7

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

8