Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB
SKADDEN, ARPS, SLATE, MEAGHER &     No. 34364)
FLOM, LLP                           MCGUIREWOODS LLP
One Rodney Square                   One James Center
PO Box 636                          901 E. Cary Street
Wilmington, Delaware 19899-0636     Richmond, Virginia 23219
(302) 651-3000                      (804) 775-1000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              :
              Debtors.        : Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AN ORDER UNDER 11 U.S.C. § 105(a) AND
FED. R. BANKR. P. 9006(b) EXTENDING THE TIME PERIOD WITHIN
WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C.
              § 1452 AND FED. R. BANKR. P. 9027**

         The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors") hereby move (the "Motion") for entry of an

order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) extending the time period within which the Debtors may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested here are Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

**RELIEF REQUESTED**

7. Pursuant to Bankruptcy Rule 9027(a)(2), the period during which the Debtors may remove actions, if any, pursuant to 28 U.S.C. § 1452 (the "Removal Period") expires on the later of February 8, 2009 or (b) 30 days after entry of an order terminating the automatic stay with

3

respect to any particular action sought to be removed.

8.   By this motion, the Debtors request the entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) extending the Removal Period with respect to any actions pending on the Petition Date through the later of (a) June 8, 2009 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

9.   Additionally, out of an abundance of caution, the Debtors are requesting entry of a bridge order extending the Removal Period through entry of an order disposing of the Motion on its merits.[1]

### APPLICABLE AUTHORITY

10.  28 U.S.C. § 1452 governs the removal of pending civil actions.  Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

---

[1] The Motion is scheduled for a hearing on February 13, 2009.

4

28 U.S.C. § 1452(a).  The current deadline for the Debtors to remove an action is February 8, 2009.

11.  It is well settled that this Court is authorized to expand the removal period as requested herein. See Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D.W.V. 2000) ("Rule 9006 provides authority to enlarge the thirty-day time period for removing actions"); Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982) (the 30 day time limit for removal "is subject to enlargement in the court's discretion"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) ("the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty day period, pursuant to Bankr. R. 9006(b)(1)"); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Electric Construction Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); Stamm v. Rapco Foam, Inc., 21 B.R. 715, 718 (Bankr. W.D. Pa. 1982) (court may enlarge the time limit

for the filing of an application for removal in appropriate circumstances)

12. The Debtors are parties to numerous judicial and administrative proceedings currently pending in various courts and administrative agencies (collectively, the "Actions"). The Actions involve a variety of claims, some of which are complex. Specifically, the Actions include, among others, discrimination, workers' compensation, and product liability claims. Because of the number of Actions involved and the variety of claims, the Debtors require additional time to determine which, if any, of the Actions should be removed and, if appropriate, transferred to this district.

13. In addition, since the Petition Date, the Debtors have been focused on, among other matters, maximizing value for their creditors through a marketing and sale process that concluded only recently. As this Court is aware, on January 16, 2009, the Debtors commenced liquidating their assets by obtaining approval to sell their inventory through going out of business sales at their remaining stores. The liquidation presented the Debtors

with a various new issues, many of which required immediate attention.

14. In light of the foregoing, the Debtors submit that the requested extension of time is in the best interests of their estates and creditors because it will afford the Debtors a sufficient opportunity to make fully informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452.

15. The Debtors' adversaries will not be prejudiced by such an extension because such adversaries may not prosecute the Actions absent relief from the automatic stay.  Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b).  Accordingly, the proposed extension requested herein will not adversely affect the rights of other parties to the Actions.

**NOTICE**

16. Notice of this Motion has been provided to those parties who have requested notice pursuant to Bank-

ruptcy Rule 2002, the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")), the Debtors' adversaries in the Actions.  The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

17.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

18.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto, extending the Removal Period through the later of

8

(a) June 8, 2009 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed, and granting such other relief as is just and proper.

Dated: February 3, 2009       SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                      - and -

                              MCGUIREWOODS LLP


                              /s/ Douglas M. Foley         .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession