IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED FEB 0 2 2009
CLERK
U.S. BANKRUPTCY COURT

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 (KRH) |
| Debtors | Jointly Administered |

**STATEMENT OF CURE AMOUNT UNDER
NON-RESIDENTIAL REAL PROPERTY LEASE WITH
BOND-CIRCUIT IV DELAWARE BUSINESS TRUST**

Bond-Circuit IV Delaware Business Trust ("Bond-Circuit IV") hereby submits its Statement of Cure Amount Under the Non-Residential Real Property Lease with Bond-Circuit IV ("Statement of Cure").

1.   On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

2.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   Bond-Circuit IV, as landlord, and Circuit City Stores, Inc. (the "Debtor"), as tenant, are parties to a lease dated December 30, 1996, pursuant to which the Debtor leased the real property located at 1901 Okeechobee Boulevard, West Palm Beach, Florida (the "Leased Premises") for an initial term expiring on March 31, 2019 (the "Lease"). The Debtor has designated the Leased Premises as Circuit City Store No. 862.

#1376508 v1
104692-65007

4.  Bond-Circuit IV files its Statement of Cure pursuant to section 365 of the Bankruptcy Code and reserves the right to supplement or amend this Statement of Cure at any time.[1]

5.  The Basic Rent under the Lease is $56,783.00 per month, due on the 25th day of each month. The cure amount for Bond-Circuit IV as of January 16, 2009, exclusive of any lease rejection or other, related claims, is not less than:

| Statement of Cure | |
| --- | --- |
| Basic Rent for October, 2008 (*see* Lease, ¶4(a) and Ex. B) | $56,783.00 |
| Basic Rent for November 1-9, 2008 (*see* Lease, ¶4(a) and Ex. B) | $17,122.40 |
| Additional Rent[2] (*see* Lease, ¶4(b) and (c)) | $32,462.05 |
| Indemnification (*see* Lease, ¶34) | $10,000.00 (est.)[3] |
| Real Estate Taxes (*see* Lease, ¶7(a))[4] | $162,857.56 |
| **Total Cure Amount Due** | **$279,225.01** |

6.  As a pre-condition to the assumption and/or assignment of the Lease, the Debtor is required to pay the Cure Amount promptly, plus all other amounts due under the Lease, including but not limited to, unpaid utilities, insurance, taxes and attorneys fees. *See* 11 U.S.C. § 365(b) and (f).

Dated: Newark, New Jersey
January 30, 2009

GIBBONS P.C.

BY: *Mark B. Conlan*

Mark B. Conlan, Esq.
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
mconlan@gibbonslaw.com

---

[1] As of the date of this Statement of Cure, Bond-Circuit IV has received no information regarding (i) whether the Debtor intends to assume or reject the Lease; (ii) adequate assurance of the performance of the Lease by any purported assignee; or (iii) any cure schedule prepared by the Debtor.

[2] The Debtor is obligated to pay all other amounts and obligations which it assumed or agreed to pay or discharge under the Lease, including but not limited to, every fine, penalty, interest and cost. This charge is based upon amounts charged to Bond-Circuit IV by its lender due to the Debtor's payment defaults through December 15, 2008, adjusted to reflect receipt of the Debtor's late payment of November's stub rent in the amount of $39,748.10 and December's basic rent in the amount of $56,783.00. Interest at the Default Rate (as defined in the Lease) continues to accrue and will be updated and memorialized in a payoff statement upon request.

[3] This amount represents Bond-Circuit IV's estimate of attorneys fees which are recoverable by Bond-Circuit IV pursuant to ¶34 of the Lease.

[4] Real estate taxes must be paid not later than March 1, 2009.

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2009, a copy of the foregoing Statement of Cure Amount Under Non-Residential Real Property Lease with Bond-Circuit IV was served via electronic mail and United States first class mail, postage pre-paid upon:

>Douglas M. Foley
>McGuire Woods, LLP
>One James Center
>901 East Cary St.
>Richmond, VA 23219

>Ian S. Fredericks and Kellan Grant
>Skadden, Arps, Slate, Meagher & Flom, LLP
>One Rodney Square
>P.O. Box 636
>Wilmington, DE 19899-0636

>Chris L. Dickerson
>Skadden, Arps, Slate, Meagher & Flom, LLP
>333 West Wacker Dr.
>Chicago, IL 60606

*/s/ Mark B. Cole*

#1376508 v1
104692-65007



ROGER A. FITZGERALD
Senior Paralegal

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4537 Fax: (973) 639-6228
rfitzgerald@gibbonslaw.com

January 29, 2009

William C. Redden
Clerk of Court
United States Bankruptcy Court for the Eastern District of Virginia
Spottswood W. Robinson III & Robert R. Merhige, Jr., U.S. Courthouse
701 East Broad Street, Suite 4000
Richmond, VA 23219-1888

Re:  **In re Circuit City Stores, Inc., *et al.*; Case No. 08-35653 (KRH)**

Dear Mr. Redden:

This firm represents Bond-Circuit IV Delaware Business Trust and CC Hamburg NY Partners, LLC in the above-captioned case. Enclosed for filing find an original and one (1) copy of the (a) Statement and Cure Amount Under Non-Residential Lease Property Lease with Bond-Circuit IV Delaware Business Trust and (b) Statement and Cure Amount Under Non-Residential Lease Property Lease with CC Hamburg Partners, LLC. Kindly file the originals with the Court and return a "file" stamped copy in the enclosed, stamped, self-addressed envelope. As the limited use CM/ECF login and password assigned to attorney Mark B. Conlan is this case does not permit us to file this document electronically, we are filing it conventionally.

Thank you for your attention to this matter.

Sincerely,

*Roger A. Fitzgerald*
Roger A. Fitzgerald
Senior Paralegal

Enclosure

cc:    Mark B. Conlan, Esq.