**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.* | ) | Case Nos. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**STIPULATION AND CONSENT ORDER ESTABLISHING**
**ADEQUATE PROTECTION FOR ALLIANCE ENTERTAINMENT, LLC**

Circuit City Stores, Inc. and the above-referenced debtors and debtors-in-

possession (collectively, the "Debtors")[1] and Alliance Entertainment, LLC ("Alliance")

have agreed to the provision of adequate protection in favor of Alliance on the terms set

forth herein (the "Stipulation").

RECITALS

A.      Pursuant to a pre-petition agreement, Alliance provides certain product and

supply chain services to the Debtors, including, but not limited to, vendor managed

inventory, procurement, fulfillment and e-commerce services.  In connection with such

services, Alliance provides storage and warehousing space for, among other things, DVDs,

video games and other similar goods owned by the Debtors.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology,
LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
(0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx
Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).
Bradford F. Englander, Esq.
Virginia Bar No. 36221
Brian M. Nestor, Esq.
Virginia Bar No. 77133
Linowes and Blocher LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, Maryland 20814
(301) 961-5125
Email: benglander@linowes-law.com
Counsel to Alliance Entertainment, LLC
and Source Interlink Media, LLC

B.    Alliance asserts that it is entitled to a possessory warehousemen's and/or carrier's liens to secure certain services provided to the Debtors (the "Alleged Lien"). Alliance further asserts that its pre-petition claim for services that are secured by such warehousemen's and/or carrier's liens total $1,028,153.34 (the "Alleged Claim").

C.    The Debtors have requested, or will request, that Alliance ship certain goods owned by the Debtors and held by Alliance to the Debtors' stores in connection with the pending liquidation sale (the "Sale") approved by this Court pursuant to the Order Approving Agency Agreement, Store Closing Sales and Related Relief, entered on January 16, 2009 (the "Store Closing Order") and the Agency Agreement attached as an exhibit thereto (the "Agency Agreement").

D.    At this time, the Debtors dispute the validity of the Alleged Lien and the amount of the Alleged Claim.

D.    The goods that the Debtors have requested, or will request, Alliance to deliver to the Debtors (the "Goods"), and the stores to which such Goods are to be delivered, are, have been, or will be, identified by the Debtors by means of the Electronic Data Interchange ("EDI") system employed by the parties.

E.    Alliance has demanded, and the Debtors have agreed to provide, adequate protection for Alliance's asserted warehousemen's and/or carrier's liens on the terms set forth herein.

F.    Time is of the essence in delivering the Goods to the Debtors.

IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1.    Alliance shall ship the Goods to the stores by delivering such goods, appropriately packed and marked, to the carrier(s) selected by the Debtors as soon as possible.

2.    To maintain the status quo pending resolution of the Alliance's Alleged Lien and Alleged Claim, the Debtors have agreed to segregate proceeds from the Sale until

such proceeds equal to the Alleged Claim (the "Segregated Amount").  The Segregated Amount shall be deposited into a segregated bank account to be maintained by the Debtors at Bank of America.

3.    Irrespective of the shipment date of the Goods, Alliance's Alleged Lien on the Goods shall be deemed released with such Alleged Lien to attach to the Segregated Amount in the same order of priority, to the same extent, in the same amount, and subject to all defenses, claims and/or counterclaims, or setoffs as may exist with respect to Alleged Lien in the Goods (the "Replacement Lien").

4.    The Debtors shall maintain the Segregated Amount for the benefit of Alliance until Alliance's rights and priorities with respect to Alleged Lien have been resolved by final order.

5.    The Debtors shall pay Alliance for the services rendered in connection with the delivery of the Goods in the ordinary course of business, as previously conducted post-petition.

6.    All parties-in-interest (including Bank of America, N.A., as administrative agent and collateral agent under the DIP Facility, as defined in this Court's Final DIP Order[2] and the Official Committee of Unsecured Creditors) reserve all rights with respect to the Alleged Lien, the Alleged Claim and the value of the Goods, including without limitation, the rights to challenge the validity and priority of the Alleged Lien and contest the validity and amount of the Alleged Claim and the value of the Goods.

7.    Nothing contained herein shall be deemed to modify the Final DIP Order.

_____

[2] The term, "Final DIP Order," refers to the Final Order Pursuant to 11 U.S.C. 105, 361, 362, 363 and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness With Priority Over All Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection and (4) Modifying the Automatic Stay, entered on December 23, 2008 (the "Final DIP Order").

**ACCEPTED AND AGREED TO THIS 30th DAY OF JANUARY, 2009, BY:**

/s/ Bradford F. Englander
   Bradford F. Englander (VSB No. 36221)
   Linowes and Blocher LLP
   7200 Wisconsin Avenue, Suite 800
   Bethesda, Maryland 20814
   Telephone: (301) 961-5125
   Telecopier: (301) 654-2801
   e-mail:benglander@linowes-law.com

Counsel for Alliance Entertainment, LLC
and Source Interlink Media, LLC

/s/ Douglas M. Foley
   Dion W. Hayes (VSB No. 34304)
   Douglas M. Foley (VSB No. 34364)
   MCGUIREWOODS LLP
   One James Center
   901 E. Cary Street
   Richmond, Virginia 23219
   (804) 775-1000

Counsel for Debtors and Debtors in Possession

**SEEN AND ACKNOWLEDGED**

/s/ Christian K. Vogel
   Bruce H. Matson (Va. Bar No. 22874)
   Christian K. Vogel (Va. Bar No. 75537)
   LeClairRyan, A Professional Corporation
   Riverfront Plaza, East Tower
   951 East Byrd Street
   Richmond, Virginia  23219
   (804) 783-2003

Counsel for Bank of America, N.A., as Agent

**ORDER**

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Stipulation is APPROVED in all respects; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the Stipulation.

Dated: Richmond, Virginia

January __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

I hereby certify that foregoing proposed consent order was endorsed by and/or served upon all necessary parties pursuant to local rule 9022-1(C).

/s/ Bradford F. Englander