Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - -x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 (I) APPROVING PROCEDURES IN CONNECTION WITH SALE OF CERTAIN EXCLUDED DEFECTIVE INVENTORY, (II) APPROVING SALE OF SUCH INVENTORY FREE AND CLEAR OF ALL INTERESTS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors, for entry of an order, under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 6004

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(I) approving procedures in connection with the sale of the Excluded Defective Inventory, (II) approving the Sale of Excluded Defective Inventory free and clear of all interests and (III) granting related relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

B.  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Sale Process and Sale) has been afforded to those parties that requested notice pursuant to those parties who have requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order")), as well as (a) all entities known to have an interest in any of the Excluded Defective Inventory to be sold or in similar assets; all federal, state, and local regulatory or taxing authorities or recording offices that have a known interest in the relief requested through the Motion.

D. Notice of the Sale Process, as set forth in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

E. The Sale Process is fair, reasonable and appropriate and is designed to maximize the recovery with respect to the Sale of the Excluded Defective Inventory.

F. The Sale Process is designed such that the Sale of the Excluded Defective Inventory can be relied upon to have been negotiated and to have been undertaken by the Debtors and any purchasers at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtors and the purchaser(s) are entitled to the protections of Section 363(m) of the Bankruptcy Code.

G. The Debtors have demonstrated a compelling and sound business justification for the Sale of the Excluded Defective Inventory under the circumstances, timing, and procedures set forth herein and in the Motion.

4

H. The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein.

I. Upon filing the Sale Notice by the Debtors, the consideration provided by any purchaser for the Excluded Defective Inventory shall be deemed fair and reasonable; and it is therefore:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Bankruptcy Code sections 105 and 363, the Sale Process and, subject to filing the Sale Notice, the Sale of the Excluded Defective Inventory are hereby APPROVED.

2. The Debtors may employ the Sale Process to conduct the Sale of the Excluded Defective Inventory. The Debtors shall have the right to modify the Sale Process as necessary or as they deem appropriate to maximize value for their estates and creditors. In addition, subject to court approval, the Debtors shall have the right to sell all or portions of the Excluded Defective Inventory through other means.

5

3. Pursuant to the Sale Process the Debtors shall select the Successful Bidder(s). Upon selection of the Successful Bidder(s), the Debtors shall file the Sale Notice with this Court (i) identifying the Successful Bidder(s), the Excluded Defective Inventory purchased by each Successful Bidder, and the purchase price for such Inventory, and (ii) stating that the Sale was conducted in accordance with the Sale Process, that the Successful Bidder(s) participated in the Sale Process in good faith and without collusion, the Successful Bidder(s) were not insiders of the Debtors, that the Successful Bid(s) represent the highest or otherwise best offer for the purchase of all or portions of Excluded Defective Inventory.

4. The Court hereby conditionally authorizes the Sale of the Excluded Defective Inventory to the Successful Bidder(s). Upon the filing of the Sale Notice, the authorization of the Sale shall be final and the Debtors may close the Sale transaction absent any additional hearing or further order of this Court.

5. Upon filing the Notice, the Debtors' right, title, and interest in the Excluded Defective

Inventory shall be transferred to the Successful Bidder(s) free and clear of all interests, including liens, claims, and encumbrances ("Interests"), with all such Interests to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Excluded Defective Inventory immediately before such transfer, subject to any claims and defenses the Debtors may possess with respect thereto.

6. The Sale is undertaken by the Successful Bidder(s) in good faith and each Successful Bidder is good faith purchaser of the Excluded Defective Inventory as that term is used in Bankruptcy Code section 363(m). Each Successful Bidder is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

7. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

8.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  Richmond, Virginia
        February __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

9

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley