Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653-KRH
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365
(I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES,
(II) SETTING SALE HEARING DATES AND (III) AUTHORIZING
AND APPROVING (A) SALE OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF
ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND
(C) LEASE REJECTION PROCEDURES**

Upon consideration of motion, dated February 3,

2009 (the "Motion"),[1] of Circuit City Stores, Inc. and
certain of its subsidiaries, debtors and debtors in pos-
session in the above-captioned cases (collectively, the
"Debtors"), for orders under sections 105(a), 363 and
365 of title 11 of the United States Code (the "Bank-
ruptcy Code") and Rules 2002, 6004, 6006, and 9014 of
the Federal Rules of Bankruptcy Procedure (the "Bank-
ruptcy Rules"), (i) approving the bidding and auction
procedures for sale of certain nonresidential real prop-
erty leases set forth herein and attached hereto as Ex-
hibit 1 (the "Bidding Procedures"), (ii) setting dates
for sale hearings (the "Sale Hearings"), and (iii) au-
thorizing and approving (a) the sale (the "Sale") of
certain unexpired nonresidential real property leases
(the "Leases", comprising the February Leases and the
March Leases, each as defined in the Motion) free and
clear of all interests, including liens, claims, and en-
cumbrances (collectively, the "Interests"), (b) the as-
sumption and assignment of the Leases, and (c) lease re-
jection procedures for any Leases that are not sold in
connection with the foregoing; and upon the record of

---

[1]    Capitalized terms not otherwise defined herein shall have the
       meanings ascribed to them in the Motion.

the hearing held on February 13, 2009 (the "Bidding And Rejection Procedures Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.

B.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. § § 1408 and 1409.

D.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their stakeholders, and other parties in interest.

E.    The notice of the Motion and the Bidding And Rejection Procedures Hearing given by the Debtors constitutes due and sufficient notice thereof.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

F.    The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the rejection procedures, (ii) set dates for the Sale Hearings, (iii) approve the manner of notice of the Motion, the Sale Hearings, the assumption and assignment of certain of the Leases, and the rejection of certain of the Leases, (iv) approve the form of notice of the Motion, the Sale Hearings, the assumption and assignment of certain of the Leases, and the rejection of certain of the Leases and (v) approve procedures with respect to objections to Proposed Cure Amounts (as defined below) and to the assumption and assignment of the Leases to be filed with the Court and served on the non-Debtor counterparties thereto.

G.    The Bidding Procedures and the rejection procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The relief requested in the Motion is GRANTED to the extent set forth herein.

4

2.   The Bidding Procedures, substantially in the form set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved.

3.   Pursuant to the Bidding Procedures, the Debtors may, among other things: (i) determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer for a Lease or Leases or (ii) reject at any time before entry of an order of the Court approving a Qualified Bid (such order, a "Sale Order"), any bid which, in the Debtors' sole discretion, is (a) inadequate or insufficient, (b) not in conformity with the Bidding Procedures or applicable law or (c) contrary to the best interests of the Debtors, their estates, and their stakeholders.  The Debtors are authorized to terminate the bidding process or the auctions (with respect to February Leases, the "February Lease Auction," with respect to March Leases, the "March Lease Auctions," and collectively, the "Auctions") at any time if they determine, in their business judgment, that the bidding process will not maximize the value of the Leases to be realized by the Debtors' estates.

4.    The Court shall hold the Sale Hearings on February 25, 2009, March 20, 2009, March 30, 2009 and April 14, 2009 at 10:00 a.m. (ET) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, at which time the Court shall consider the disposition of certain of the Leases, as set forth in the Bidding Procedures and the Motion.  At each Sale Hearing, pursuant to the terms and conditions set forth in the Motion, the Court will, among other things, (i) approve the Successful Bidder(s) for the respective Lease(s) as to which there are no objections, (ii) confirm the results of the most recent Auction, if any, and (iii) confirm the rejection of the Leases for which the Rejection Date has been determined.  The Sale Hearings or any portion thereof, such as with respect to the proposed assumption and assignment of a particular Lease, may be adjourned by the Debtors from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for such Sale Hearing or on any adjourned date.

5.    Pursuant to the Motion, one business day prior to each Auction, the Debtors will file a list of Leases subject to such Auction and a schedule (each, a "Cure Schedule") of proposed cure amounts (the "Proposed Cure Amounts") with respect to such Leases with the Court.  Concurrent with the filing, the Debtors will post the Cure Schedule on the website for the Debtors' claims and noticing agent, www.kccllc.net/circuitcity.

6.    To the extent that the Lease counterparty (the "Lessor") fails to object or otherwise respond to the Proposed Cure Amount (a "Cure Objection") on or before 12:00 p.m. (ET) on the business day prior to the applicable Sale Hearing, the Proposed Cure Amount shall constitute the sole amount necessary under sections 365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Lease and the Lessor is forever barred and enjoined from asserting a cure amount different from that set forth on the applicable Cure Schedule (except for any amounts accruing from the date of the Cure Schedule through the date of assignment of the Lease). To the extent that the Lessor has asserted that the cure

amount is other than the Proposed Cure Amount (the "Cure
Amount") and has lodged a timely and valid Cure Objec-
tion, such objection will be resolved either at the ap-
plicable Sale Hearing or such later date as may be de-
termined by the Court.  The Debtors (or the Successful
Bidder, as the case may be) shall pay the undisputed
portion of the Cure Amount for the Lease as soon as
practicable following the Closing.  The disputed portion
of the Cure Amount shall be paid following the earlier
of (i) the date the Debtor (or the Successful Bidder, as
the case may be) and the Lessor reach an agreement as to
the appropriate Cure Amount or (ii) if necessary, the
date of entry of an order by the Court fixing the Cure
Amount. Compliance with this Paragraph of the Order con-
stitutes payment of the Cure Amount as otherwise pro-
vided in this Order.

        7.   The Debtors shall provide (by email, if
available, or U.S. first class mail) the Lessor of each
Lease on which a potential purchaser, other than the
Lessor itself, has submitted a Qualified Bid pursuant to
the Bidding Procedures (each, a "Potential Purchaser")
with a notice of Potential Purchaser substantially in

8

the form attached hereto as <u>Exhibit 4</u> (the "Potential Purchaser Notice").  The Debtors shall provide the Potential Purchaser Notice to Lessors on or before the business day upon the conclusion of the Auction to which their Lease was subject.  The Potential Purchaser Notice will identify the Potential Purchasers as potential parties to which the Leases would be assigned and provide that adequate assurance of future performance information with regard to such Potential Purchasers will be made available to the Lessor upon request of the Debtors.

8.   Lessors who wish to contest the assumption and/or assignment of a Lease by a Potential Purchaser on adequate assurance of future performance or other grounds must file their objections by 12:00 p.m. (ET) on the business day immediately preceding the Sale Hearing at which such Lease is to be assumed and assigned.  Any such timely filed and valid objections will be resolved, as necessary, either at the applicable Sale Hearing or such later date as may be scheduled by the Court.  Such properly filed objections to assumption and

assignment may be orally supplemented at the Sale Hear-
ing.

9.    If the Lessor for any Lease that is sub-
ject to a Potential Purchaser Notice fails to file and
serve an objection in accordance with the instructions
in the Potential Purchaser Notice or this Order, the
Court may authorize the assumption and assignment of the
applicable Lease at the applicable Sale Hearing and the
Lessor will be deemed to have consented to the assump-
tion and assignment of the Lease to a Potential Pur-
chaser that is selected as the Successful Bidder and
will be forever barred from asserting any other claims
as to such Lease, including, but not limited to, the
propriety or effectiveness of the assumption and assign-
ment of the Lease, against the Debtors or the Successful
Bidder, or the property of either of them.

10.    Any Lease for which either (i) no Poten-
tial Purchaser has submitted a bid or (ii) the Debtors
have not served a Rejection Notice (as defined below),
shall be deemed rejected as of the later of (a) February
28, 2009 for February Leases or March 31, 2009 for March
Leases, (b) the Sale Termination Date or (c) the date

10

that the Debtors have surrendered the premises to the Lessor by fulfilling the Rejection Requirements (as defined herein) (such date, the "Outside Rejection Date").

11.  In order to effectively surrender the premises, the Debtors shall be required to use commercially reasonable efforts to (i)(a) disarm the alarm, (b) transmit alarm codes to the applicable Lessor, or (c) advise the Lessor in writing that they are unable to provide the alarm codes despite commercially reasonable efforts to do so and (ii)(a) return keys to the applicable Lessor or (b) advise the applicable Lessor that the keys cannot be returned despite commercially reasonable efforts to do so (such measures, the "Rejection Requirements").

12.  The Debtors may provide the Lessor with notice of rejection, substantially in the form attached hereto as Exhibit 5 (the "Rejection Notice").  The Rejection Notice shall specify the date of rejection, which date shall be not less than seven (7) days from the date the Notice is received by the Lessor (such date, the "Early Rejection Date") (the Early Rejection Date and the Outside Rejection Date, as applicable, are

11

collectively referred to herein as the "Rejection Date"). In the event that the Debtors provide the Lessor with a Rejection Notice, Debtors will surrender the premises to the Lessor prior to the Early Rejection Date by fulfilling the Rejection Requirements.

13. The Debtors shall post the results of the Auctions at www.kccllc.net/circuitcity no later than 12:00 noon (ET) on the business day immediately following the conclusion of each Auction.

14. Upon the failure to consummate a Sale of a Lease or Leases because of a breach or failure on the part of the Successful Bidder with respect to such Lease or Leases, the Debtors are authorized to and shall retain the Successful Bidder's Good Faith Deposit as liquidated damages, and the Alternative Bidder, if any, with respect to such Lease or Leases shall be deemed the Successful Bidder and shall consummate the Sale of the Lease without further order of the Court.

15. The Debtors are authorized to enter into lease termination agreements with Lessors who are the Successful Bidders on their own Leases. Approval of the lease termination agreements shall be considered at the

applicable Sale Hearing or on such other date agreed
upon by the parties.

16.   Unless otherwise provided for by the
Debtors, any personal property remaining at a Closing
Location as of the date that the assignment, termination
or rejection of the respective Lease is effective shall
be deemed abandoned to the Lessor, if the Lease is re-
jected or terminated, or (if agreed to by the Debtors
and the assignee) to the assignee, if the Lease is as-
sumed and assigned.   The Lessor or the assignee may re-
tain or dispose of such property without liability or
claim by any third party.

17.   Any and all objections as contemplated by
the Bidding Procedures and this Order must (a) be in
writing, (b) state, with specificity, the legal and fac-
tual basis therefor, (c) conform to the Federal Rules of
Bankruptcy Procedure, the Local Bankruptcy Rules for the
Eastern District of Virginia, and the Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules
2002 and 9007, and Local Bankruptcy Rules 2002-1 and
9013-1 Establishing Certain Notice, Case Management, and
Administrative Procedures (Docket No. 0130) (the "Case

Management Order"), (d) be filed with Bankruptcy Court and (e) be served in accordance with the Case Management Order so as to be **received** on or before 12:00 p.m. (ET) on the business day immediately preceding the applicable Sale Hearing.

18.    The failure of any objecting person or entity to timely file and serve its objection by the appropriate objection deadline shall be a bar to the assertion, at the applicable Sale Hearing or thereafter, of any objection to the Motion, the Sale or the Debtors' transfer of the Leases free and clear of all Interests, with the exception of any objection to the conduct of the Auctions or the Debtors' selection of a Successful Bidder, which may be made two (2) business days following the end of the applicable Auction or at the applicable Sale Hearing, whichever is earlier.

19.    This order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this Order.

20.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

14

21.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  Richmond, Virginia
        February __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley____
                              Douglas M. Foley


16

**EXHIBIT 1**

(Bidding Procedures)

## CIRCUIT CITY STORES, INC.
### LEASE SALE BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City Stores, Inc. ("Circuit City") or certain of its affiliates, including certain affiliated chapter 11 debtors and debtors in possession (together with Circuit City, the "Debtors") in certain unexpired nonresidential real property leases (the "Leases").

On February 3, 2009, the Debtors filed their Motion For Orders Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Sale Motion").  On February __ 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates  And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order").  The Bidding and Rejection Procedures Order set (i) hearing dates for February 25, 2009, March 20, 2009, March 30, 2009 and April 14, 2009 or (ii) in each case, such later dates as may be determined by the Bankruptcy Court as the date when the Bankruptcy Court will conduct hearings (each, a "Sale Hearing") to authorize the Debtors to sell, assume, and assign their interests in the Leases.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bids become Qualified Bids (as defined herein), the receipt and negotiation of bids received, the conduct of any subsequent Auctions (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

### Assets To Be Sold

The assets proposed to be sold include the Debtors' inter-est in the Leases identified in the schedule of Leases attached as <u>Exhibit 2</u> (the "February Leases") and <u>Exhibit 3</u> (the "March Leases") to the Bidding and Rejection Procedures Order.

### "As Is, Where Is"

Any sale, assignment, or other disposition of each of the Leases will be on an "as is, where is" basis and without repre-sentations or warranties of any kind, nature, or description by the Debtors, their agents, or their estates.

### Free Of Any And All Interests

The Debtors shall request language in any order entered at a Sale Hearing providing that all of the Debtors' rights, title and interest in and to the Leases shall be assigned and sold pursuant to sections 365(f) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code") free and clear of all inter-ests, including, without limitation, liens, claims, encumbrances, mortgages, and security interests, which shall attach to the net proceeds received by the Debtors as a result of the Sale with the same force and effect that they now have, subject to the Debtors claims and defenses and further order of the Bankruptcy Court.

### Due Diligence

Each Qualified Bidder (as defined herein) shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the leased premises and to review the Lease(s) and all other pertinent documents with respect to the Lease(s) prior to making its offer and that each such Qualified Bidder relied solely on that review and upon its own investigation and inspec-tion of the leased premises in making its offer, (b) that Quali-fied Bidder is not relying upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise of the Debtors, their agents or representatives; and (c) that the occupancy of the premises set forth in the Leases may not be available until the completion of any going out of business sale at the premises.

## Bid Deadline

A bidder (the "Bidder" and collectively, the "Bidders") who desires to make a bid must deliver the Required Bid Documents (as defined herein) to:

(a)   Counsel for Debtors,
  (i)   Skadden, Arps, Slate, Meagher & Flom, LLP One Rodney Square, Wilmington, Delaware 19889, Attn.: Gregg Galardi, Esq., Fax: (888) 329-3792 (gregg.galardi@skadden.com) and Chris L. Dickerson, Esq. (chris.dickerson@skadden.com), Fax: (312) 407-8680, and

  (ii)  McGuireWoods LLP, One James Center, 901 East Cary Street, 40 Richmond, Virginia 23219, Attn.: Dion W. Hayes, Esq., Fax: (804) 698-2078 (dhayes@mcguirewoods.com) and Douglas M. Foley, Esq., Fax: (757) 640-3957 (dfoley@mcguirewoods.com);

(b)   Circuit City Stores, Inc., 9950 Mayland Drive, Richmond, Virginia 23233, Attn.: Director of Real Estate, Fax: (804) 527-4866 ;

(c)   Counsel to the Official Committee of Unsecured Creditors (the "Committee"), Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100, Attn.: Jeffrey N. Pomerantz, Esq., Fax: (310) 201-0760 (jpomerantz@pszjlaw.com);

(d)   Counsel for the Debtors post-petition lender (the "DIP Lender"),
  (i)   Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, Attn.: David S. Berman, Esq., Fax: (617) 880-3456 (dberman@riemerlaw.com), and

  (ii)  LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, Eighth Floor, Richmond, Virginia 23219, Attn.: Bruce Matson, Esq., Fax: (804) 783-7269 (bruce.matson@leclairryan.com);

(e)   The Office of the United States Trustee, 701 East Broad Street, Suite 4304, Richmond, VA 23219-1888, Attn.: Robert B. Van Arsdale, Esq., Fax. (804) 771-2330 (Robert.B.Van.Arsdale@usdoj.gov); and

     (f)   DJM Realty Services, LLC, 445 Broadhollow Road, Suite 225, Melville, New York 11747, Attn: James Avallone, Fax: (631) 752-1231 ([javallone@djmrealty.com](mailto:javallone@djmrealty.com)).

Bids on the February Leases must be sent to the above parties so as to be received not later than **3:00 p.m. (ET) on February 18, 2009** (the "February Bid Deadline"). Bids on the March Leases must be sent to the above parties so as to be received not later than **3:00 p.m. (ET) on March 12, 2009** (the "March Bid Deadline" and, together with the February Bid Deadline, the "Bid Deadlines"). The Debtors may extend the Bid Deadlines once or successively, but are not obligated to do so.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

     (a)   A written offer on Bidder's corporate letterhead (or, if on behalf of Bidder by Bidder's legal counsel, then on Bidder's legal counsel's letterhead) for the purchase of one or more of the Leases that must include: (i) the full name and identity of the proposed assignee of each individual Lease, (ii) the amount being offered for each individual Lease (if more than one Lease) in the form of an allocation schedule, (iii) the intended use of each premises covered by a Lease in Bidder's offer, (iv) adequate assurance of future performance information, including, but not limited to: (a) federal tax returns for two years, a current audited financial statement and/or bank account statements, (b) a description of intended use, and (c) any other information that the Debtors may reasonably request ("Adequate Assurance Information"), and (v) express authorization to provide the Adequate Assurance Information to the applicable lessor(s) (each, a "Lessor") on a confidential basis. Such written offer must also expressly state that if Bidder is the successful Bidder, it is ready, willing, and able to execute an individual Agreement of Assumption and Assignment of Lease(s).

     (b)   In the case of a real estate broker bidding on a Lease(s) as agent for a Bidder, the broker must submit the Required Bid Documents together with a letter of authorization on Bidder's corporate letterhead, executed by an authorized officer of the Bidder, stating

4

that (i) Bidder exclusively authorizes broker to sub-
mit such offer on behalf of Bidder and that, unless
otherwise agreed to in writing by Debtors, any commis-
sion or fee of any type due and payable to such broker
as a result of an assignment of Lease(s) shall be paid
solely by Bidder and Bidder shall indemnify Debtors,
their estates, the Committee, and the DIP Lender in
this regard, and (ii) Bidder acknowledges that it will
comply with these Bid Procedures.

(c)    In the case of a Lessor bidding on a Lease(s) to which
such Lessor is a party, a written offer on Lessor's
corporate letterhead (or, if on behalf of Lessor by
Lessor's legal counsel, then on Lessor's legal coun-
sel's letterhead) for the purchase of one or more of
the Leases that must include the gross amount offered
for each individual Lease (if more than one Lease) in-
cluding a breakdown identifying that portion which is
payable in cash to the Debtors and that portion, if
any, which is "credit bid".   In the event a Lessor
submits an offer that contemplates a credit bid, such
Lessor may credit bid not less than the full Cure
Amount (as defined in the Bidding and Rejection Proce-
dures Order) and/or any rejection damages claim; _pro-
vided_, that the Lessor must include as part of its bid
adequate supporting information/documentation to sub-
stantiate (i) the difference between the Proposed Cure
Amount (as defined in the Bidding and Rejection Proce-
dures Order) and the Cure Amount (the "Cure Differ-
ence") and/or (ii) such rejection damages claim; _pro-
vided_, _further_, that the Debtors shall have the right
to contest the Cure Difference and/or any rejection
damages claim on any grounds at the Auction and, in
the Debtors' discretion, ascribe no value to any re-
jection damages claim and limit the amount of the
credit bid to the Proposed Cure Amount; _provided_, _fur-
ther_, that failure to contest the Cure Difference at
the Auction shall not constitute a waiver of the Debt-
ors' right to contest the Cure Difference in accor-
dance with the Bidding and Rejection Procedures Order
or such other orders as may be entered by the Bank-
ruptcy Court.   Such written offer must expressly state
that if the Lessor is the successful Bidder, it is
ready, willing, and able to execute a reasonable short
form of Lease Termination Agreement(s), and the extent
to which, if any, it agrees to waive and release any
and all claims it may have against the Debtors, in-
cluding claims pursuant to section 502(b)(6) of the

5

Bankruptcy Code.   In the event a Lessor is the Suc-
cessful Bidder and the Bankruptcy Court determines or
the Debtors and each such Lessor agree that all or a
portion of the Cure Difference is not a valid obliga-
tion of the Debtors, each such Lessor shall, unless
otherwise agreed to by the Debtors and such Lessor,
within three (3) business days of such determination
or agreement, remit payment to the Debtors in the
amount so determined or agreed not to be a valid obli-
gation of the Debtors.   Notwithstanding anything to
the contrary herein, should the Debtors contest any
portion of the Cure Amount or ascribe no value to the
rejection damages claims, such acts shall not affect
whether the status of a bid as a Qualified Bid.

(d)   A good faith deposit equal to the greater of 15% of
the bid amount or $10,000 (the "Good Faith Deposit")
in the form of a certified bank check from a U.S. bank
or by wire transfer (or other form acceptable to the
Debtors in their sole discretion) payable to the order
of Circuit City Stores, Inc. (or such other party as
the Debtors may determine); provided, however, that a
Lessor bidding on its own Lease is exempt from this
requirement.

All written offers must expressly state that the Bidder's
offer is (and all offers will be considered to be) irrevocable
until the earlier to occur of (i) the Closing (as defined herein)
or (ii) forty-five (45) days following the applicable Auction
(unless such bid is sooner expressly rejected in writing by the
Debtors).

### **Qualified Bids**

A bid will be considered only if the bid:

(a)   is not conditioned on obtaining financing or on
the outcome of unperformed due diligence by the
bidder.

(b)   includes a commitment to consummate the purchase
of the Lease or Leases on or within two business
days following the later of (i) the applicable
Sale Hearing or (ii) the Sale Termination Date
(as defined in the Sale Motion) with respect to
such Lease.

6

      (c)   is received by the February Bid Deadline, for February Leases, or the March Bid Deadline, for March Leases.

      (d)   is an offer to purchase one or more of the Leases for cash only, except that a Lessor can "credit bid" in accordance herewith.

In addition, to be a Qualified Bid, each Bidder must be prepared to demonstrate to the Debtors (i) its ability to consummate the purchase of the Lease(s), (ii) adequate assurance of future performance under the Lease(s) and (iii) its ability to otherwise fulfill its obligations under the Lease(s).

A bid will constitute a Qualified Bid only if it includes all of the Required Bid Documents and meets all of the above requirements (a "Qualified Bid,"); provided, however, the Debtors will have the right, in their sole discretion, to entertain bids for a Lease that do not conform to one or more of the requirements specified herein and may deem such bids to be Qualified Bids.  A bidder from whom the Debtors receive a Qualified Bid will be designated a "Qualified Bidder".

The February Lease(s) and other pertinent documents will be available for inspection prior to the February Bid Deadline and the March Lease(s) and other pertinent documents will be available for inspection prior to the March Bid Deadline, in each case during regular business hours or pursuant to arrangements made with counsel to the Debtors prior to the applicable Bid Deadline for copies to be delivered to Bidder for inspection.

## Auctions

If the Debtors receive more than one Qualified Bid for a February Lease or Leases, the Debtors will conduct an auction (the "February Lease Auction") for those February Leases[1] at 10:00 a.m. (ET) on February 20, 2009 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors may notify all Qualified Bidders who have submitted Qualified Bids.

If the Debtors receive more than one Qualified Bid for a March Lease or Leases, the Debtors will conduct auctions for the

---

[1]  The Debtors reserve the right, in their sole discretion, to conduct a private sale for any Lease(s) or withdraw any Lease(s) from the auction process.

Leases covered by such bid(s) on March 16, 2009, March 24, 2009, and April 9, 2009 (the "March Lease Auctions" and, together with the February Lease Auction, the "Auctions") for those March Leases at 10:00 a.m. (ET) on such dates at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors may notify all Qualified Bidders who have submitted Qualified Bids.  Bids for March Leases will be subject to the next March Auction following the Debtors' receipt of notice of the Sale Termination Date (as defined in the Sale Motion) for those Leases, or at such subsequent Auction as the Debtors deem appropriate.

Each Auction will be conducted in accordance with the following procedures:

Only the Debtors, members of the statutory committee of unsecured creditors (the "Creditors' Committee"), the lenders under the Debtors' post-petition financing agreement (the "DIP Lenders"), those Lessors whose Leases are subject to the Auction (and their legal and financial advisers) and any Qualified Bidders who have timely submitted Qualified Bids for Leases which are subject to the Auction will be entitled to attend the Auction.  A Qualified Bidder may request to attend the Auction telephonically, provided, however, that the decision to honor such a request will be at the sole discretion of the Debtors. Only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

Immediately prior to the commencement of the Auction, with respect to the Qualified Bid or combination of Qualified Bids which the Debtors determine to be the highest or otherwise best offer for a Lease or Leases subject to that Auction, the Debtors will provide information as to the identity of such Qualified Bidder(s) and the purchase price associated with such Qualified Bid(s) to all Qualified Bidders for that Lease who have informed the Debtors of their intent to participate in the Auction.  Notwithstanding such determination, the Debtors reserve the right, in their sole discretion, to determine which bid, or subsequent bid, is the Successful Bid (as defined herein), following the conclusion of the Auction based upon a number of factors and other considerations.

In the event the Debtors receive only a single Qualified Bid for a particular Lease(s), such Lease(s) will not be subject to bidding at the Auctions, and the Debtors may seek to assume and assign such Lease(s) at the Sale Hearing following the applicable Auction, if such Qualified Bid is otherwise acceptable

8

to the Debtors. In the event the Debtors receive multiple Quali-
fied Bids for a particular Lease, such Lease, unless previously
sold, otherwise disposed of or withdrawn, will be offered for
sale at the applicable Auction, either in bulk or separately.

A minimum Qualified Bid amount for each Lease may be an-
nounced and/or posted prior to the Auction.  Such minimum Quali-
fied Bid amounts may be established based upon a variety of fac-
tors, including: the highest bids received with respect to a
Lease(s) prior to the Auction, the establishment of appropriate
Cure Amounts, if any, arising under section 365 of the Bank-
ruptcy Code, as they pertain to a Lease(s) together with their
estimated related assignment transaction costs so as to make an
assignment of a Lease(s) economically viable. All bidding shall
be in increments determined by the Debtors and their advisors.

All Qualified Bidders who have timely submitted Qualified
Bids will be entitled to be present for all subsequent bids with
the understanding that the true identity of each bidder and the
purchase price of each subsequent bid will be fully disclosed to
all other bidders throughout the entire Auction and put on the
record.

The Debtors may employ and announce at each Auction addi-
tional procedural rules that are reasonable under the circum-
stances for conducting the Auction (e.g., the amount of time al-
lotted to make subsequent bids), provided that such rules are
not inconsistent with these Bidding Procedures, the Bankruptcy
Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules"), the local rules issued by the United States Bankruptcy
Court for the Eastern District of Virginia (the "Local Bank-
ruptcy Rules") or any order of the Bankruptcy Court entered in
connection herewith.

The Debtors intend to sell their interest to the Bidder
making the highest or otherwise best Qualified Bid at the appli-
cable Auction for each Lease.  Formal acceptance of a bid will
not occur unless and until the Court enters an order approving
and authorizing the Debtors to consummate the assumption and as-
signment and Sale of the Lease(s) to such Bidder or its desig-
nated assignee.

ALL SALES SHALL BE SUBJECT TO APPROVAL OF THE DEBTORS' DIP
LENDERS AND THE BANKRUPTCY COURT.

## Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auctions, or as soon thereafter as practicable, the Debtors, in their sole discretion after consultation with their advisors, the DIP Lenders' advisors and the Creditors' Committee's advisors, will announce for each Lease which bid is the highest or otherwise best bid (the "Successful Bid(s)" and the bidder(s) making such bid, the "Successful Bidder(s)") and which bid is the second highest or otherwise best bid, if any (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)"). The Successful Bidder shall supplement its Good Faith Deposit within one business day so that, to the extent necessary, such Good Faith Deposit equals twenty percent (20%) of the Successful Bid.

The Debtors reserve the right (i) to determine which Qualified Bid, if any, for any or all of the Leases is the highest or otherwise best bid and (ii) to reject, at any time prior to entry of an order of the Bankruptcy Court approving the bid, any bid which the Debtors, in their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or these Bidding Procedures, or (z) contrary to the best interests of the Debtors, their estates and creditors. The Debtors will have no obligation to accept or submit for Court approval any offer presented at the Auctions except such written offers as may have been accepted by the Debtors.

The Debtors will sell the Lease(s) to the Successful Bidder(s) upon the approval of such Successful Bid(s) by the Bankruptcy Court at the applicable Sale Hearing.  The Debtors presentation of a particular Successful Bid to the Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at a Sale Hearing.

## The Sale Hearings

The Sale Hearings will be held before the Honorable Kevin R. Huennekens on February 25, 2009, March 20, 2009, March 30, 2009 and April 14, 2009, in each case at 10:00 a.m. (ET) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Debtors' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing.

If the Debtors do not receive any Qualified Bids for a February Lease or Leases by the February Bid Deadline, the Debtors will report the same to the Bankruptcy Court at the Sale Hearing on February 25, 2009 and will proceed with the rejection of such February Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order.  If the Debtors do not receive any Qualified Bids for a March Lease or Leases by the March Bid Deadline, the Debtors will report the same to the Bankruptcy Court at the Sale Hearing on March 20, 2009 and will proceed with the rejection of such March Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order.

If the Debtors receive one or more than one Qualified Bid for a February Lease(s), then, at the Sale Hearing on February 25, 2009, the Debtors will seek approval of the Successful Bid for that Lease(s), and, at the Debtors' election, the Alternate Bid, as well as the Sale, assumption and assignment of the Lease or Leases to the Successful Bidder.

If the Debtors receive one Qualified Bid for a March Lease(s), then, at the Sale Hearing on March 20, 2009, or at such subsequent Sale Hearing as the Debtors deem appropriate, the Debtors will seek approval of such Qualified Bid, as well as the Sale, assumption and assignment of the Lease or Leases to the Qualified Bidder.  If the Debtors receive more than one Qualified Bid for a March Lease(s), then, at the Sale Hearing following the Auction to which such Lease(s) was subject, the Debtors will seek approval of the Successful Bid, and, at the Debtors' election, the Alternate Bid, as well as the Sale, assumption and assignment of the Lease or Leases to the Successful Bidder.

### The Closing

Except as otherwise provided in a written offer that has been accepted by the Debtors, upon approval of the Sale, assumption, and assignment of the Lease to the Successful Bidder by the Bankruptcy Court at a Sale Hearing, the closing (the "Closing") of the Sale of a Lease shall take place on or within two business days following the later of (i) the applicable Sale Hearing or (ii) the Sale Termination Date with respect to such Lease.  With respect to the Closing, time of performance by the Successful Bidder is of the essence.

Following approval of the Sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the Sale because of: (i) failure of a condition precedent beyond the con-

11

trol of either the Debtors or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Debtors shall retain the Good Faith Deposit as liquidated damages and the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtors will be authorized, but not directed, to effectuate a Sale to the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Bankruptcy Court.

The balance of the purchase price shall be paid by the Successful Bidder by wire transfer or an endorsed bank or certified check at the Closing.

## Return Of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) for Leases will be held in an escrow account and all Qualified Bids will remain open (notwithstanding Bankruptcy Court approval of a Sale pursuant to the terms of one or more Successful Bids by one or more Qualified Bidders), until the earlier of (i) two business days following the Closing of the Sale and (ii) forty-five (45) days following the applicable Sale Hearing (the "Return Date"). Notwithstanding the foregoing, the Good Faith Deposit, if any, submitted by the Successful Bidder(s), will be applied against the payment of the purchase price upon Closing of the Sale to the Successful Bidder(s). If a Successful Bidder breaches its obligations under the Bidding And Rejection Procedures Order or any agreement entered into with respect to its Successful Bid or fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors will not have any obligation to return the Good Faith Deposit, and such Good Faith Deposit will irrevocably become property of the Debtors. On the Return Date, the Debtors will return the Good Faith Deposits of all other Qualified Bidders for Leases, together with the accrued interest thereon.

## Reservations Of Rights

The Debtors: (i) may determine which Qualified Bid, if any, is the highest or otherwise best bid and (ii) may reject at any time any bid that is: (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or these Bidding Procedures, or (c) contrary to the best interests of the Debtors, their estates and creditors as determined by the Debtors in their sole discretion.

## Miscellaneous Terms of Sale

Unless otherwise indicated by the Debtors at the Auction, Sales of the Leases shall not include personal property, inventory, fixtures, trade fixtures, or other furnishings or equipment located in the premises whether or not owned by the Debtors. The Debtors reserve the right either to sell such personal property to the Successful Bidder or to any other party, to abandon any or all of the personal property located at each of the locations pursuant to the Sale Motion, or to make such other arrangements as may be appropriate.

All sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the assignment of the Leases or the sale of personal property of the Debtors in connection therewith shall be the sole responsibility of the Successful Bidder and shall be paid to the Debtors at the Closing of each transaction.

The Debtors, at or before each Auction, may impose or modify the terms and conditions herein as they determine to be in the best interests of the Debtors, their estates, creditors and other parties in interest. The Debtors may revise the procedures herein without Court approval to enable Qualified Bidders to submit Qualified Bids for smaller subsets of Leases of a greater package submitted by such Qualified Bidders, provided no new Leases are included in such package.

**EXHIBIT 2**

(February Leases)

[TO BE FILED PRIOR TO HEARING]

**EXHIBIT 3**

(March Leases)

[TO BE FILED PRIOR TO HEARING]

**EXHIBIT 4**

(Potential Purchaser Notice)

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653-KRH
et al.,                       :
                              :
            Debtors.[1]       :    Jointly Administered
                              :
                              :    **Hrg. Date: _____ at**
                              :    **10:00 a.m. (ET)**
                              :    **Obj. Due: _____ at**
- - - - - - - - - - - - - - x    **12:00 p.m. (ET)**

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Dis-
      tribution Company of Virginia, Inc. (2821), Circuit City Proper-
      ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertis-
      ing Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Ven-
      ture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
      MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC
                                                              *(cont'd)*

**NOTICE TO COUNTERPARTIES TO LEASES THAT THE DEBTORS HAVE
IDENTIFIED A POTENTIAL PURCHASER OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASE**

PLEASE TAKE NOTICE that pursuant to the bidding procedures (the "Bidding Procedures")[2] approved by the Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in the Order Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order") (Docket No. __) entered on February __, 2009, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") have identified a potential purchasers (the "Potential Purchaser," as listed on Schedule 1 attached hereto) of a lease or leases to which you are a counterparty (each, a "Lease").

PLEASE TAKE FURTHER NOTICE that an auction (the "Auction") for the Debtors' interest in the Lease or Leases was held at 10:00 a.m. (ET) on _____, 2009 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 and that, following the Auction, the Potential Purchaser was identified as the Successful Bidder for the Lease.

PLEASE TAKE FURTHER NOTICE pursuant to the Bidding Procedures, the Lease to which you are a counterparty will be assumed and assigned to the Potential

---

*(cont'd from previous page)*
(3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures.

Purchaser if the sale to the Potential Purchaser is ap-
proved by the Bankruptcy Court at the sale hearing to be
held on _____, 2009 at 10:00 a.m. (ET) (the "Sale
Hearing") in the United States Bankruptcy Court for the
Eastern District of Virginia, 701 East Broad Street,
Room 5000, Richmond, VA 23219.

PLEASE TAKE FURTHER NOTICE that objections, if
any, to the assumption and assignment of a Lease to a
Potential Purchaser must (a) be in writing, (b) state
with specificity the legal and factual basis for such
objection, (c) conform to the Federal Rules of Bank-
ruptcy Procedure, the Local Bankruptcy Rules for the
Eastern District of Virginia, and the Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules
2002 and 9007, and Local Bankruptcy Rules 2002-1 and
9013-1 Establishing Certain Notice, Case Management, and
Administrative Procedures (Docket No. 0130) (the "Case
Management Order"), (d) be filed with Bankruptcy Court
and (e) served in accordance with the Case Management
Order so as to be **received** on or before **12:00 p.m. (ET)
on the business day immediately preceding the Sale Hear-
ing.**

PLEASE TAKE FURTHER NOTICE that if an objec-
tion to the assumption and assignment of a Lease is
timely filed and served in accordance with the proce-
dures above, a hearing with respect to the objection
will be held before the Honorable Kevin R. Huennekens,
United States Bankruptcy Judge for the Eastern District
of Virginia at the Bankruptcy Court, 701 East Broad
Street, Room 5000, Richmond, VA 23219, at the Sale Hear-
ing or such other date and time as the Court may sched-
ule.  Only objections conforming to the requirements set
forth herein and timely filed and received will be con-
sidered by the Bankruptcy Court at such hearing.  Such
properly filed objections may be orally supplemented at
the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if no objec-
tion is timely filed and received with regard to a Lease
or Leases, the non-Debtor counterparty to the Lease will
be deemed to have consented to the assumption and as-
signment of the Lease to a Potential Purchaser that is
selected as the Successful Bidder and will be forever

3

barred from asserting any other claims as to such Lease,
including, but not limited to, the propriety or effec-
tiveness of the assumption and assignment of the Lease,
against the Debtors or the Successful Bidder, or the
property of either of them.

PLEASE TAKE FURTHER NOTICE that the Debtors
assert that pursuant to 11 U.S.C. § 365, there is ade-
quate assurance that the Proposed Cure Amount set forth
on the Cure Schedule filed with the Court and posted on
the website of the Debtors' claims and noticing agent,
www.kccllc.net/circuitcity will be paid in accordance
with the terms of the Sale Order.  Further, the Debtors
assert that there is adequate assurance of the Potential
Purchasers' future performance under the Lease to be as-
sumed and assigned.  Adequate Assurance Information,
which includes information regarding the financial
wherewithal of the Potential Purchaser, will be made
available upon reasonable request of the Debtors
(through their counsel by email to
Gregg.Galardi@skadden.com, Ian.Fredericks@skadden.com;
and T.Kellan.Grant@skadden.com) and evidence of the same
will be adduced, if necessary, at the Sale Hearing.
Prior to the date of the Closing, the Debtors may revise
their decision with respect to the assumption and/or as-
signment of any Lease and provide a new notice amending
the information provided in this notice.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS
NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE
APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

4

Dated: _____, 2009
       Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                   - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            333 West Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                   - and -

                            MCGUIREWOODS LLP

                            _____
                            Dion W. Hayes (VSB No. 34304)
                            Douglas Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession

**SCHEDULE A**

(Potential Purchasers)

**EXHIBIT 5**

(Rejection Notice)

Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
Circuit City Stores, Inc.,    :    Case No. 08-35653(KRH)
et al.,                       :
                              :
               Debtors.[1]    :    Jointly Administered
- - - - - - - - - - - - - - x

        **NOTICE OF REJECTION OF UNEXPIRED LEASE AND
              ABANDONMENT OF PERSONAL PROPERTY**

---

1  The Debtors and the last four digits of their respective taxpayer
   identification numbers are as follows: Circuit City Stores, Inc.
   (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
   (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
   Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
   Company of Virginia, Inc. (2821), Circuit City Properties, LLC
   (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
   Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
   Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
   Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
   City Stores PR, LLC (5512).  The address for Circuit City Stores
   West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
   80031.  For all other Debtors, the address is 9950 Mayland Drive,
   Richmond, Virginia 23233.

1.   <u>ORDER APPROVING REJECTION OF LEASE</u>

     PLEASE TAKE NOTICE that on February ___, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered an Order Under
Bankruptcy Code Sections 105, 363 and 365 (I) Approving
Bidding and Auction Procedures For Sale Of Unexpired
Nonresidential Real Property Leases, (II) Setting Sale
Hearing Dates, And (III) Authorizing And Approving (A) Sale
Of Certain Nonresidential Real Property Leases Free And
Clear Of All Interests, (B) Assumption And Assignment Of
Certain Unexpired Nonresidential Real Property Leases And
(C) Lease Rejection Procedures (the "Order," a copy of
which is available at www.kccllc.net/circuitcity).   The
Order authorized the above-captioned debtors and debtors-
in-possession (the "Debtors") to reject certain unexpired
real property leases and abandon certain furniture,
fixtures, and equipment owned by the Debtors (the
"Abandoned Property"), upon notice to the lessor (the
"Lessor"), without further Court approval.   The Debtors
have determined to reject the following real property lease
(the "Lease") pursuant to the Order:

               Location of Lease and Abandoned Property:

               [_]

2.   <u>LEASE REJECTION DATE</u>

     PLEASE TAKE FURTHER NOTICE that the rejection of the
Lease shall become effective on _____, 2009 (the
"Rejection Date") or such later date as the Debtors
surrender the premises by fulfilling the Rejection
Requirements (as defined in the Order).

3.   <u>ABANDONED PROPERTY</u>

     PLEASE TAKE FURTHER NOTICE that the Debtors will have
until the later of the Rejection Date to remove property
belonging to the Debtors from the leased premises.   To the
extent that any property remains in the leased premises
after the Rejection Date, such property will be deemed
Abandoned Property and will be abandoned to the Lessor of

the Lease.   The Lessor will be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Abandoned Property and which was served with a copy of the Rejection Notice.

PLEASE TAKE FURTHER NOTICE that any expense incurred by the Lessor in the removal or disposal of Abandoned Property will not be treated as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

4.   OBJECTIONS

PLEASE TAKE FURTHER NOTICE that objections, if any, to rejection of the Lease or abandonment of Abandoned Property must (a) be in writing, (b) set forth, with specificity, the factual and legal basis therefor, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (d) be filed with Bankruptcy Court and (e) served in accordance with the Case Management Order so as to be **received** on or before _____**, 2009 at 4:00 p.m. (ET)** (the "Objection Deadline").

5.   RENT

PLEASE TAKE FURTHER NOTICE that the Debtors will pay rent on a per diem basis for those days prior to the Rejection Date of the Lease.

6.   SETOFF

PLEASE TAKE FURTHER NOTICE that if any Debtor has deposited monies with the Lessor as a security or other kind of deposit or pursuant to another similar arrangement, the Lessor will not be permitted to set off or otherwise use the monies from such deposit or other arrangement without the prior order of the Court.

7.   DEADLINE TO FILE PROOFS OF CLAIM

PLEASE TAKE FURTHER NOTICE that parties will have until 30 days from the Rejection Date to file a proof of claim for damages arising from such rejection for each respective Lease.  Any claims not timely filed will be forever barred.  For proof of claim forms and information regarding filing a proof of claim, please go to www.kccllc.net/circuitcity.

Dated: _____, 2009
       Richmond, Virginia  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                                  Gregg M. Galardi, Esq.
                                  Ian S. Fredericks, Esq.
                                  P.O. Box 636
                                  Wilmington, Delaware 19899-0636
                                  (302) 651-3000

                                        - and -

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                                  Chris L. Dickerson, Esq.
                                  333 West Wacker Drive
                                  Chicago, Illinois 60606
                                  (312) 407-0700

                                        - and -

                                  MCGUIREWOODS LLP

                                  _____
                                  Dion W. Hayes (VSB No. 34304)
                                  Douglas Foley (VSB No. 34364)
                                  One James Center
                                  901 E. Cary Street
                                  Richmond, Virginia 23219
                                  (804) 775-1000

                                  Counsel for Debtors and Debtors in Possession

**Exhibit 1**

(Order)