UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | Jointly Administered |
| ) | |

**MOTION OF D.L. PETERSON TRUST AS ASSIGNEE OF PHH VEHICLE MANAGEMENT SERVICES, LLC TO COMPEL REJECTION OF LEASE AGREEMENTS AND FOR RELIEF FROM THE AUTOMATIC STAY**

D.L. Peterson Trust as assignee of PHH Vehicle Management Services, LLC f/k/a PHH Vehicle Management Services Corporation ("**PHH**"), by its undersigned counsel, hereby moves to compel the rejection of certain Lease Agreements (as defined below) pursuant to 11 U.S.C. § 365 and for relief from the automatic stay pursuant to 11 U.S.C. § 362 (the "**Motion**"). In support of its Motion, PHH states as follows:

**Jurisdiction and Background Regarding Bankruptcy Proceedings**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 362 and 365. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  On November 10, 2008 (the "**Petition Date**"), Circuit City Stores, Inc. ("**Circuit City**") and its related Chapter 11 debtors (collectively, the "**Debtors**") filed a voluntary petition

---

Anne Braucher (VSB No. 65294)
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000
Counsel for D.L. Peterson Trust as Assignee
of PHH Vehicle Management Services, LLC

for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

### Factual Background

3.     PHH is the lessor under the following lease agreements with Circuit City (collectively, as amended and supplemented from time to time, the "**Lease Agreements**"): (a) Motor Vehicle Fleet Open-End Operating Lease Agreement No. 5491 dated January 23, 1998, a copy of which (without schedules) is attached hereto as **Exhibit 1**, pursuant to which Circuit City leased the vehicles identified on the schedule attached hereto as **Exhibit 2**; and (b) Equipment Lease dated April 19, 1999, a copy of which (without schedules) is attached hereto as **Exhibit 3**, pursuant to which Circuit City leased the forklifts, trucks and other equipment identified on the schedule attached hereto as **Exhibit 4**. The property identified on the attached Exhibit 2 and Exhibit 4 is hereafter referred to collectively as the "**Leased Property**."

4.     The Debtors currently enjoy possession, use and benefit of the Leased Property subject to the terms and conditions of the Lease Agreements. The Leased Property is located at various of the Debtors' locations throughout the United States.

5.     The Debtors are obligated to make monthly payments to PHH under the Lease Agreements. The Debtors, however, have breached their post-petition payment obligations under the Lease Agreements. Most recently, the Debtors have failed to pay the monthly payments due on January 16, 2009.

6.     On January 16, 2009, the Debtors stated their intention to cease operations and conduct a complete liquidation of their assets. Pursuant to the Order Approving Agency Agreement, Store Closing Sales and Related Relief entered January 16, 2009, the Court authorized the Debtors to engage certain agents to conduct the liquidation of their assets.

7. PHH is the sole owner of the Leased Property and, absent the consent of PHH, the Debtors have no right to sell the Leased Property.

8. Upon information and belief, the Debtors (acting through their liquidating agents), are selling, or are attempting to sell, certain of the Leased Property.

9. PHH objects to the sale of any portion of the Leased Property. Furthermore, given the payment default under the Lease Agreements, PHH objects to the Debtors' continued use of the Leased Property.

**Legal Analysis and Argument**

**A. Pursuant to Section 365(d)(2) of the Bankruptcy Code, the Debtors should be Compelled to Immediately Reject the Lease Agreements**

10. Section 365(d)(2) of the Bankruptcy Code states, in relevant part, that "the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." 11 U.S.C. § 365(d)(2). This provision protects non-debtor lessors from a debtor's delay in assuming or rejecting a lease. *See In re Continental Airlines, Inc.*, 146 B.R. 520, 525 (Bankr. D. Del. 1992). Accordingly, courts have recognized that the "remedy of a party to an unexpired lease who is suffering economic loss as a result of bankruptcy is to move for an order compelling the bankruptcy trustee to assume or reject." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1285 (5th Cir. 1986).

11. Under Section 365(d)(2), "the court may set a date by which time the debtor must assume or reject the lease." *In re Continental Airlines, Inc.*, 146 B.R. at 525. *See also In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) ("The determination of what constitutes

3

a reasonable time to assume or reject is within the bankruptcy court's discretion based on the particular facts of each case.").

12. Here, the Debtors should be immediately compelled to reject the Lease Agreements. The Debtors have commenced the liquidation of their assets. As a result, it is inevitable that the Debtors will reject the Lease Agreements; the only issue is the timing of the rejection. Given the fact that the Debtors have defaulted on their payment applications, combined with the fact that the Leased Property may be damaged or sold in connection with the Debtors' haste to liquidate their assets, the Debtors should not be able to delay the rejection. PHH's interest in the Leased Property is not adequately protected. Absent relief, PHH will continue to suffer prejudice and its interest in the Leased Property will be jeopardized.

**B.    Pursuant to Section 362(d) of the Bankruptcy Code, Cause Exists to Modify the Automatic Stay**

13. Section 362(d)(1) provides, in pertinent part, that "the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Section 362(d)(2) additionally provides that the stay shall be modified if "the debtor does not have an equity in such property" and "such property is not necessary for an effective reorganization." 11 U.S.C. § 362(d)(2). The Bankruptcy Code does not define "cause," and bankruptcy courts are left to determine when relief is appropriate on a case-by-case basis.

14. In the present case, cause exists to modify the stay to permit PHH to exercise its rights and remedies under the Lease Agreements (including the repossession of the Leased Property) because PHH lacks adequate protection of its interest in the Leased Property. The Debtors have commenced a total liquidation of their assets and have defaulted on their payment

4

obligations under the Lease Agreements. Given the circumstances, PHH lacks adequate protection in the Leased Property. Furthermore, it is inequitable for the Debtors to continue to have the use and benefit of the Leased Property without making payments to PHH.

15. Cause also exists because the Debtors have no equity interest in the Leased Property and, given that the Debtors are not reorganizing their business, the Leased Property is not necessary for an effective reorganization.

### Request for Waiver of Local Rule 9013-1(G)

16. PHH respectfully requests that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this motion be accompanied by a written memorandum of points and authorities described in Rule 9013-1(G) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia.

WHEREFORE, PHH requests that the Court:

(a) Compel the Debtors to immediately reject the Lease Agreements;

(b) Grant PHH relief from the automatic stay to exercise its rights and remedies under the Lease Agreements (including the repossession of the Leased Property);

(c) Require the Debtors to assemble and surrender the Leased Property to PHH; and

(d) Grant such other and further relief as is just and appropriate under the circumstances.

## NOTICE OF MOTION AND HEARING

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE NOTICE** that D.L. Peterson Trust as assignee of PHH Vehicle Management Services, LLC f/k/a PHH Vehicle Management Services Corporation has filed a Motion to Compel Rejection of Lease Agreements and for Relief from the Automatic Stay (the "**Motion**") with the Court seeking to enforce its rights with respect to certain property leased to the Debtors.

If you do not wish the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within SEVEN (7) DAYS from the date of service of the Motion you or your attorney must file a written response explaining your position with the Court at the following address: Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Richmond, VA 23219. You must also mail a copy of your response to the following:

>   Anne Braucher, Esquire
>   DLA Piper LLP (US)
>   500 Eighth Street, N.W.
>   Washington, D.C.  20004
>
>   Office of the U.S. Trustee
>   701 East Broad Street
>   Richmond, VA  23219

Unless a written response is filed and served within the seven (7) day period, the Court may deem opposition waived, treat the Motion as conceded and issue an order granting the relief requested in the Motion. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the seven (7) day period.

In order to oppose the Motion, you must also attend a preliminary hearing scheduled for **February 13, 2009 at 10:00 a.m.** in Courtroom 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, VA 23219.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATE: February 4, 2009 | /s/ Anne Braucher |
|   | Anne Braucher (VSB No. 65294) |
|   | DLA PIPER LLP (US) |
|   | 500 Eighth Street, N.W. |
|   | Washington, D.C. 20004 |
|   | Tel: (202) 799-4000 / Fax: (202) 799-5000 |
|   | anne.braucher@dlapiper.com |
|   | and |
|   | C. Kevin Kobbe |
|   | DLA PIPER LLP (US) |
|   | The Marbury Building |
|   | 6225 Smith Avenue |
|   | Baltimore, Maryland 21209 |
|   | Tel: (410) 580-4189 / Fax: (410) 580-3189 |
|   | kevin.kobbe@dlapiper.com |
|   | *Counsel for D.L. Peterson Trust as Assignee of PHH Vehicle Management Services, LLC* |

**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that, on this 4th day of February, 2009, I served copies of the foregoing *Motion to Compel Rejection of Lease Agreements and For Relief from the Automatic Stay* by electronic means and/or first -class United States mail, postage prepaid, on the following:

        Gregg M. Galardi, Esquire (gregg.galardi@skadden.com)
        Ian S. Fredericks, Esquire (ian.fredericks@skadden.com)
        Skadden, Arps, Slate, Meagher & Flom, LLP
        One Rodney Square
        Post Office Box 636
        Wilmington, Delaware  19899-0636

        Dion W. Hayes, Esquire (dhayes@mcguirewoods.com)
        Douglas M. Foley, Esquire (dfoley@mcguirewoods.com)
        McGuire Woods LLP
        One James Center
        901 East Carey Street
        Richmond, Virginia  23219

        Lynn L. Tavenner, Esquire (ltavenner@tb-lawfirm.com)
        Paula S. Beran, Esquire (pberan@tb-lawfirm.com)
        Tavenner & Beran, PLC
        20 North Eighth Street, Second Floor
        Richmond, VA  23219

        Robert J. Feinstein (rfeinstein@pszjlaw.com)
        Pachulski, Stang, Ziehl & Jones LLP
        780 Third Avenue, 36th Floor
        New York, NY 10017

        Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com)
        Pachulski, Stang, Ziehl & Jones LLP
        10100 Santa Monica Blvd., Suite 1100
        Los Angeles, CA 90067

        Bruce H. Matson (bruce.matson@leclairryan.com)
        LeClair Ryan, A Professional Corporation
        Riverfront Plaza, East Tower
        951 East Byrd Street
        P.O. Box 2499
        Richmond, VA 23218-2499

Paul S. Samson (psamson@riemerlaw.com)
David S. Berman (DBerman@riemerlaw.com)
Riemer & Braunstein, LLP
Three Center Plaza
6th Floor
Boston, MA 02108

Gary T. Holtzer (gary.holtzer@weil.com)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Mark P. Naughton (mnaughton@greatamerican.com)
Great American Group, LLC
Nine Parkway North, Suite 300
Deerfield, IL 60015

Robert B. Van Arsdale, Esquire (robert.b.van.arsdale@usdoj.gov)
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219


    /s/ Anne Braucher
    Anne Braucher

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, ) | |
| ) | Case No. 08-35653-KRH |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER GRANTING MOTION OF D.L. PETERSON TRUST AS ASSIGNEE OF PHH VEHICLE MANAGEMENT SERVICES, LLC TO COMPEL REJECTION OF LEASE AGREEMENTS AND FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the *Motion to Compel Rejection of Lease Agreements and for Relief from the Automatic Stay* (the "**Motion**") filed by D.L. Peterson Trust as assignee of PHH Vehicle Management Services, LLC f/k/a PHH Vehicle Management Services Corporation ("**PHH**"); and the Court having reviewed and considered the Motion and any response thereto; the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this matter is a core proceeding pursuant to 28 U.S.C. 157(b), (iii) it appearing that appropriate notice of the Motion has been provided and that no other or further notice need be provided, and (iv) after due deliberation, and sufficient cause appearing therefor; it is, by the United States Bankruptcy Court for the Eastern District of Virginia, ORDERED as follows:

1. The Motion is hereby **GRANTED**.

---

Anne Braucher (VSB No. 65294)
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000
Counsel for D.L. Peterson Trust as Assignee
of PHH Vehicle Management Services, LLC

2. Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

3. Effective as of the date of entry of this Order, the Lease Agreements are hereby deemed rejected by the Debtors.

4. PHH is granted relief from the automatic stay to exercise its rights and remedies under the Lease Agreements (including the repossession of the Leased Property).

5. The Debtors shall promptly assemble and surrender the Leased Property to PHH.

6. The terms and conditions of this Order shall remain in full force and effect upon the conversion of the Debtor's bankruptcy case to any other chapter of the United States Bankruptcy Code. In addition, the terms and conditions of this Order shall be binding upon the Debtor, its successors and assigns, and any trustee appointed in the Debtor's bankruptcy case.

7. This Court shall retain jurisdiction over all matters arising from or relating to the implementation of this Order.

DATE:

HON. KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET:

EAST\42265250.1

I ASK FOR THIS:


/s/ Anne Braucher
Anne Braucher, VSB No. 65294
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Phone 202-799-4000
Fax 202-799-5000

*Counsel for D.L. Peterson Trust as Assignee
of PHH Vehicle Management Services, LLC*


**LOCAL RULE CERTIFICATION**

     I HEREBY CERTIFY that, on this the 4th day of February, 2009, the foregoing has been either endorsed by or served upon all necessary parties, by electronic means and/or first-class United States mail, postage prepaid, on the following:

     Gregg M. Galardi, Esquire (gregg.galardi@skadden.com)
     Ian S. Fredericks, Esquire (ian.fredericks@skadden.com)
     Skadden, Arps, Slate, Meagher & Flom, LLP
     One Rodney Square
     Post Office Box 636
     Wilmington, Delaware  19899-0636

     Dion W. Hayes, Esquire (dhayes@mcguirewoods.com)
     Douglas M. Foley, Esquire (dfoley@mcguirewoods.com)
     McGuire Woods LLP
     One James Center
     901 East Carey Street
     Richmond, Virginia  23219

     Lynn L. Tavenner, Esquire (ltavenner@tb-lawfirm.com)
     Paula S. Beran, Esquire (pberan@tb-lawfirm.com)
     Tavenner & Beran, PLC
     20 North Eighth Street, Second Floor
     Richmond, VA  23219

     Robert J. Feinstein (rfeinstein@pszjlaw.com)
     Pachulski, Stang, Ziehl & Jones LLP

780 Third Avenue, 36th Floor
New York, NY 10017

Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com)
Pachulski, Stang, Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

Bruce H. Matson (bruce.matson@leclairryan.com)
LeClair Ryan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA 23218-2499

Paul S. Samson (psamson@riemerlaw.com)
David S. Berman (DBerman@riemerlaw.com)
Riemer & Braunstein, LLP
Three Center Plaza
6th Floor
Boston, MA 02108

Gary T. Holtzer (gary.holtzer@weil.com)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Mark P. Naughton (mnaughton@greatamerican.com)
Great American Group, LLC
Nine Parkway North, Suite 300
Deerfield, IL 60015

Robert B. Van Arsdale, Esquire (robert.b.van.arsdale@usdoj.gov)
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219

/s/ Anne Braucher

**PARTIES TO RECEIVE COPIES**

Anne Braucher, Esq.
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004

Kevin Kobbe, Esq.
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, IL  60601

Dion W. Hayes, Esq.
McGuireWoods LLP
901 E. Cary Street
Richmond, VA  23219

Gregg M. Galardi
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636