**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | **Case No. 08-35653 (KRH)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| **PRINCIPAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

<u>Hearing Date</u>:  February 25, 2009 at 2:00 p.m.
<u>Objection Deadline</u>:  February 19, 2009

**NOTICE OF AND MOTION AND SUPPORTING MEMORANDUM OF
PRINCIPAL LIFE INSURANCE COMPANY FOR THE ENTRY OF AN
ORDER DETERMINING THAT THE AUTOMATIC STAY IS INAPPLICABLE
TO THE COMMENCEMENT AND PROSECUTION OF A CERTAIN
MORTGAGE FORECLOSURE ACTION, OR, IN THE ALTERNATIVE, GRANTING
<u>RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362(d)(2)</u>**

Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal") has filed the attached Motion and Supporting Memorandum for the Entry of an Order Determining that the Automatic Stay is Inapplicable to the Commencement and

Lauren Lonergan Taylor, Esquire
Matthew E. Hoffman, Esquire
**Duane Morris LLP**
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1503/1524
Facsimile:  (215) 689-4434/4922
E-mail: LLTaylor@duanemorris.com
E-mail: MEHoffman@duanemorris.com

and

Denyse Sabagh, Esquire (Va. I.D. No. 17003)
**Duane Morris LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817
Facsimile:  (202) 379-9867
E-mail: DSabagh@duanemorris.com

*Counsel for Principal Life Insurance Company*

DM3\910812.6

Prosecution of a Certain Mortgage Foreclosure Action, Or, In the Alternative, for Relief From the Automatic Stay Pursuant to § 362(d)(2) (the "Motion").

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not wish the Court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then on or before **February 19, 2009**, you or your attorney must file a written response explaining your position with the Court at the following address:

Clerk of Court
U.S. Bankruptcy Court
Eastern District of Virginia
701 E. Broad Street
Richmond, VA  23219

If you mail your response to the Court for filing, you should mail it early enough that the Court will receive it on or before **February 19, 2009**.

You must also mail a copy to:

Denyse Sabagh, Esquire
**Duane Morris LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817
Facsimile:  (202) 379-9867

and

Lauren Lonergan Taylor, Esquire
Matthew E. Hoffman, Esquire
**Duane Morris LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1503/1524
Facsimile:  (215) 689-4434/4922

You <u>must</u> attend the hearing before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge, scheduled to be held on **February 25, 2009 at 2:00 p.m.** in Courtroom 5000, United States Bankruptcy Court, U.S. Courthouse 701 E. Broad Street, Richmond, Virginia.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.**

2

DM3\910812.6

**MOTION AND SUPPORTING MEMORANDUM OF PRINCIPAL LIFE
INSURANCE COMPANY FOR THE ENTRY OF AN ORDER DETERMINING
THAT THE AUTOMATIC STAY IS INAPPLICABLE TO THE
COMMENCEMENT AND PROSECUTION OF A CERTAIN MORTGAGE
FORECLOSURE ACTION, OR, IN THE ALTERNATIVE, GRANTING
<u>RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362(d)(2)</u>**

Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company ("Principal"), by and through its undersigned counsel, Duane Morris LLP, hereby moves this Court for the entry of an Order determining that the automatic stay is inapplicable to the commencement and prosecution of a certain mortgage foreclosure action, or, in the alternative, granting relief from the automatic stay pursuant to § 362(d)(2) of title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") to name Circuit City Stores, Inc. as a defendant in a mortgage foreclosure action involving property which Circuit City Stores, Inc. leases from Principal's mortgagor and for such other relief as more specifically described herein (the "Motion"). In support of the Motion, Principal states as follows:

**PRELIMINARY STATEMENT**

As further described herein, Principal seeks to commence and prosecute a mortgage foreclosure action in its capacity as mortgagee with respect to certain property located in Salem, New Hampshire on which Principal holds a mortgage of record. The mortgagor and owner of the property at issue is <u>not</u> one of the above-referenced debtors. Rather, the mortgagor and owner of the property has leased the mortgaged property to Circuit City Stores, Inc. Principal is entitled to exercise its rights and remedies against the mortgagor, including, without limitation, to commence and prosecute a mortgage foreclosure action with respect to the property. The local laws governing the proposed mortgage foreclosure require that Principal provide statutory notice to Circuit City Stores, Inc. of the foreclosure action. Principal does not seek to act as against any property interest of Circuit City Stores, Inc. or of any of the other Debtors (as

3

defined herein). The proposed mortgage foreclosure action only affects the underlying real property in the record name of the mortgagor, not the lease to which the mortgagor and Circuit City Stores, Inc. are parties.

Despite the fact the Principal does not seek to take any action against property of any of the Debtors' estates, Principal files this Motion in an abundance of caution. To the extent that this Court finds that the automatic stay applies to the proposed actions described more specifically herein, Principal requests that the Court afford it relief from the automatic stay to so proceed.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## BASES FOR RELIEF

2. The statutory basis for the relief requested herein is § 362(d)(2) of the Bankruptcy Code.

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc., together with certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

4. Prior to the Petition Date, Circuit Investors #5 – Salem Limited Partnership (the "Original Borrower") executed and delivered to Principal a certain Mortgage and Security Agreement dated June 30, 1993 (the "Original Mortgage"), to secure the Original Borrower's

obligations under a Secured Promissory Note executed by the Original Borrower and payable to Principal (the "Note").

5. The Original Mortgage is secured by certain nonresidential real property located in Salem, New Hampshire, as more particularly described in the Original Mortgage (the "Property").

6. The Original Mortgage was duly recorded on July 9, 1993 with the Registry of Deeds of Rockingham County, New Hampshire in Book 2993, Page 2991, *et seq.*

7. The Original Borrower also executed and delivered to Principal that certain Assignment of Leases and Rents dated June 30, 1993 (the "Assignment of Leases") to further secure the obligations under the Note. The Assignment of Leases was recorded on July 14, 1993 with the Registry of Deeds of Rockingham County, New Hampshire in Book 2993, Page 3024, *et seq*.

8. Pursuant to a Lease Agreement dated June 30, 1993 (the "Lease"), the Original Borrower leased the Property, or some portion of the Property, as more particularly described in the Lease, to Circuit City Stores, Inc. (the "Tenant").

9. A Notice of Lease was recorded on July 9, 1993 at Book 2993, Page 2986 at the Rockingham County Registry of Deeds (the "Notice of Lease").

10. On or about February 15, 1995, Circuit NH Corp. purchased the Property from the Original Borrower and assumed all obligations of the Original Borrower to Principal under the Note, Original Mortgage, Assignment of Leases and other documents and instruments related thereto or executed in connection therewith (collectively, as each may be amended, restated or otherwise modified from time to time, the "Loan Documents").

DM3\910812.6

11. On or about February 15, 1995, Circuit NH Corp. executed and delivered to Principal an Amendment to Mortgage and Security Agreement which amends the Original Mortgage (the "Mortgage Amendment") and which was duly recorded on February 16, 1995 with the Registry of Deeds of Rockingham County, New Hampshire in Book 3090, Page 0248, *et seq*. A true and correct copy of the Mortgage Amendment is attached hereto and incorporated herein by reference as **Exhibit "A."** Pursuant to the terms of the Mortgage Amendment, the Original Mortgage and the Mortgage Amendment are to be read together and construed as a single instrument, which instrument will hereinafter be referred to as the "Mortgage."

12. On or about February 15, 1995, the Original Borrower and Circuit NH Corp. executed an Assignment and Assumption of Lease Agreement (the "Assignment") pursuant to which Circuit NH Corp. (in such capacity, the "Landlord") succeeded to all of the right, title and interest of the Original Borrower in and to the Lease. The Assignment was duly recorded on February 16, 1995 with the Registry of Deeds of Rockingham County, New Hampshire in Book 3090, Page 0242, *et seq*.

13. Prior to the Petition Date, the Tenant paid all amounts due and owing under the Lease directly to Principal pursuant to the Assignment of Leases.

14. The Tenant continues to remain in possession of, and enjoy the use and occupancy of, the Property.

15. As of the date of the Motion, the Tenant has neither assumed nor rejected the Lease.

16. Principal is presently entitled to exercise any and all of its rights and remedies against the Landlord under the Loan Documents and applicable law, including, without

limitation, to commence and complete a nonjudicial power of sale mortgage foreclosure with respect to the Mortgage on the Property (the "Foreclosure"). *See* N.H. Rev. Stat. Ann. § 479:25.

17. The laws of the State of New Hampshire require that Principal provide the Tenant with statutory notice of the Foreclosure, because the Notice of Lease appears of record against the Property. *See* N.H. Rev. Stat. Ann. § 479:25, II.

## **RELIEF REQUESTED**

18. Principal submits that the automatic stay of § 362(a) of the Bankruptcy Code does not operate to prevent Principal from notifying the Tenant of the commencement and completion of the Foreclosure. Accordingly, Principal seeks the entry of an Order declaring the automatic stay inapplicable to the commencement and completion of any Foreclosure which notifies the Tenant as a party with a recorded interest in the Property or the exercise of any other Foreclosure Remedies (as defined below).

19. However, in the alternative, and only to the extent that the Court finds the automatic stay does prevent Principal from notifying the Tenant of the Foreclosure, Principal requests the entry of an Order (i) granting relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code to permit Principal to (A) notify the Tenant of the Foreclosure wherein applicable law, N.H. Rev. Stat. Ann. § 479:25, II, requires that the Tenant be so notified and complete such Foreclosure to its conclusion, (B) notify the Tenant of any postponement or adjournment of the Foreclosure, (C) respond to and defend itself to the extent Tenant or any other party challenges the Foreclosure pursuant to N.H. Rev. Stat. Ann. §§ 479:25, II and II-a or other applicable state law, and (D) take any other action required under the Loan Documents or applicable law to effectuate foreclosure on the Mortgage or which is otherwise reasonably related to any of the foregoing (collectively, the "Foreclosure Remedies"); (ii) directing counsel for the Tenant in the above captioned bankruptcy proceeding to accept service of the statutory

notice as well as any complaint, summons, or other pleading or notice required in connection with any of the Foreclosure Remedies; and (iii) granting such other and further relief as this Court deems just and proper.

20. Notwithstanding anything herein to the contrary, Principal acknowledges and agrees that none of the Foreclosure Remedies shall serve to divest the Tenant of any remaining right, title or interest which the Tenant may have in and to the Lease. Principal acknowledges and agrees that the Foreclosure Remedies shall be taken in all respects subject to any remaining right, title or interest which the Tenant may at any time have in and to the Lease.

## **ARGUMENT**

### A. The Automatic Stay Is Inapplicable To The Commencement And Prosecution Of Any Foreclosure Action

21. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of any act to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

22. Because the Landlord owns the Property and the Tenant merely leases it, the Property is not property of the estate, and Principal does not need relief from the automatic stay to commence and prosecute any Foreclosure or to otherwise exercise any of the Foreclosure Remedies. *See In re Juneau's Builders Ctr., Inc.*, 57 B.R. 254 (Bankr. M.D. La. 1986) (finding that secured creditor's action in foreclosure against mortgage on property leased by debtor but owned by nondebtors was not an action against the debtor or any property of the debtor's estate and thus did not result in violation of automatic stay).

23. Notifying the Tenant of the Foreclosure does not constitute "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Rather, Principal seeks to notify the Tenant of

8

the Foreclosure because notice is required by applicable law as a result of the Lease appearing of record against the Property. *See* N.H. Rev. Stat. Ann. § 479:25, II.

24. The Tenant has no cognizable property interest which would be implicated or affected by the Foreclosure or any of the other Foreclosure Remedies. The only property which may constitute property of the estate under § 541 of the Bankruptcy Code, and therefore be protected under § 362(a), is the Tenant's interest in the Lease itself. However, as previously stated, Principal acknowledges and agrees that the Foreclosure Remedies shall be taken in all respects subject to any remaining right, title or interest which the Tenant may at any time have in and to the Lease.

25. Accordingly, Principal requests the entry of an Order determining that the automatic stay is inapplicable to the commencement and prosecution of any Foreclosure and the exercise of any of the other Foreclosure Remedies.

    **B.**    **To The Extent The Automatic Stay Applies, Principal Should Be Granted Relief Pursuant to 11 U.S.C. § 362(d)(2) Because The Tenant Does Not Have Any Equity Interest In The Property, And The Property Is Not Necessary For An Effective Reorganization**

26. Section 362(d)(2) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(2).

27. The automatic stay, if and to the extent applicable, should be terminated pursuant to § 362(d)(2) of the Bankruptcy Code because the Tenant does not have any equity interest in the Property, and the Property is not necessary for an effective reorganization of the Tenant.

### (i) The Tenant Does Not Have Any Equity Interest in the Property

28. As previously detailed, the Tenant does not own the Property, but merely leases it from the Landlord.

29. Accordingly, the Tenant does not have any equity interest in the Property; it has nothing more than a leasehold interest. *See In re Cottle*, 189 B.R. 591, 595 (Bankr. E.D. Pa. 1995) (stating that a tenant "obviously" has no equity in a lease and that such circumstances meet the first prong of § 362(d)(2)); *see also In re Law Clinic of Mott & Gray, P.C.*, 39 B.R. 73, 75 (Bankr. E.D. Pa. 1984) (stating, in the context of section 362(d)(2), that "[t]he notion of an equity interest in the typical leasehold is at odds with [the court's] understanding of the term.").

30. The Tenant's schedules indicate that it holds an ownership interest in "Building and Improvements" on certain properties including, *inter alia*, the Property, but not that it holds any equity interest in the Property itself. *See* Tenant's Schedule A [Docket No. 1130].

### (ii) The Property Is Not Necessary to an Effective Reorganization

31. Courts have interpreted § 362(d)(2) to mean that a debtor must make "not merely a showing that, if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375, 376 (1988) (citations omitted and emphasis in original).

32. The Debtors' bankruptcy cases are proceeding to liquidation. The Tenant is conducting liquidation sales at the Property, which sales are scheduled to conclude not later than

March 31, 2009.  While Principal submits that the Tenant has no interest in the Property itself, even if the Tenant had such an interest, the Property cannot be necessary to an effective reorganization because the Tenant is not reorganizing.  *See In re Moore*, 5 B.R. 449 (Bankr. D. Md. 1980) ("Since the debtors are in liquidation, the question of whether the property is necessary for their reorganization is inapplicable.").

33. Even if the "property" in question is the Tenant's leasehold interest in the Property, relief from the stay is still warranted.  As the Tenant and the remaining Debtors are liquidating, even the leasehold interest is not necessary to an effective reorganization.  Moreover, and as repeatedly stated herein, the Foreclosure Remedies shall be taken in all respects subject to any remaining right, title or interest which the Tenant may at any time have in and to the Lease in any event.

## NOTICE

34. Notice of this Motion will be given to (i) the Debtors, (ii) counsel to the Debtors, (iii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iv) counsel to the Official Committee of Unsecured Creditors.  Principal submits that no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

35. Principal respectfully requests that the Court treat the Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

36. No previous motion for the relief sought herein has been made to the Court or any other court.

WHEREFORE, Principal respectfully requests the entry of an Order, substantially in the form attached hereto as **Exhibit "B,"** determining that the automatic stay is inapplicable to any notification to the Tenant of the commencement and completion of any Foreclosure or the exercise of any Foreclosure Remedies; or, in the alternative, and only to the extent that the Court finds the automatic stay does prevent Principal from notifying the Tenant of the commencement and completion of any Foreclosure, Principal respectfully requests the entry of an Order, substantially in the form attached hereto as **Exhibit "C,"** (i) granting relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code to permit Principal to (A) notify the Tenant of the Foreclosure wherein applicable law, N.H. Rev. Stat. Ann. § 479:25, II, requires that the Tenant be so notified and complete such Foreclosure to its conclusion, (B) notify the Tenant of any postponement or adjournment of the Foreclosure, (C) respond to and defend itself to the extent Tenant or any other party challenges the Foreclosure pursuant to N.H. Rev. Stat. Ann. §§ 479:25, II and II-a or other applicable state law, and (D) take any other action required under the Loan Documents or applicable law to effectuate foreclosure on the Mortgage or which is otherwise reasonably related to any of the foregoing; (ii) directing counsel for the Tenant in the above captioned bankruptcy proceeding to accept service of the statutory notice as well as any complaint, summons, or other pleading or notice required in connection with any of the Foreclosure Remedies; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  February 4, 2009                              Respectfully submitted,

                                                /s/ Denyse Sabagh
                                             Denyse Sabagh, Esquire (Va. I.D. No. 17003)
                                             **Duane Morris LLP**
                                             505 9th Street, N.W., Suite 1000
                                             Washington, DC 20004-2166

DM3\910812.6

Telephone: (202) 776-7817
Facsimile:  (202) 379-9867
E-mail: DSabagh@duanemorris.com

and

Lauren Lonergan Taylor, Esquire
(*admitted pro hac vice*)
Matthew E. Hoffman, Esquire
(*admitted pro hac vice*)
**Duane Morris LLP**
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1503/1524
Facsimile:  (215) 689-4434/4922
E-mail: LLTaylor@duanemorris.com
E-mail: MEHoffman@duanemorris.com

*Counsel for Principal Life Insurance Company*

13