## **<u>EXHIBIT A</u>**

3090 P0248

## AMENDMENT TO MORTGAGE AND SECURITY AGREEMENT
1-D-399860

THIS AMENDMENT TO MORTGAGE AND SECURITY AGREEMENT (the "Amendment"), made as of the __15th__ day of February, 1995, by and between CIRCUIT NH CORP., a Delaware corporation ("Borrower") and PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, an Iowa corporation ("Lender").

### WITNESSETH:

WHEREAS, Circuit Investors #5 - Salem Limited Partnership executed and delivered that certain Mortgage and Security Agreement dated June 30, 1993 (the "Mortgage") which was recorded among the Official Records of Rockingham County, New Hampshire on July 9, 1993, in Mortgage Book 2993, page 2991 as Instrument Number 0033594, encumbering the property more particularly described in Exhibit B attached hereto and incorporated herein;

WHEREAS, Borrower has this date purchased the Property from Circuit Investors #5 - Salem Limited Partnership and assumed the obligations of Circuit Investors #5 - Salem Limited Partnership under the Mortgage; and

WHEREAS, the parties hereto desire to amend the Mortgage, as hereinafter more particularly set forth.

NOW, THEREFORE, in consideration of the premises, mutual covenants and agreements of the parties and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto do hereby agree as follows:

1.    This Mortgage is hereby amended by replacing the final paragraph of paragraph 1(l) of the Mortgage with the following new paragraph:

Notwithstanding anything hereinabove to the contrary, Mortgagee does hereby consent to a one-time sale, transfer, or conveyance of the Premises and subsequent assumption of the Obligations of Circuit NH Corp. under this Mortgage and the Note secured hereby by a single asset entity in which The Trust Under Article 6 u/w/o Sigmund Sommers shall maintain at least ninety-nine percent (99%) ownership interest, subject to Mortgagee's approval of the proposed purchaser, which approval shall be conditioned upon, but not limited to, provision by the Mortgagor, at least thirty (30) days prior to the transfer, of all relevant information and documentation relating to the proposed transfer for Mortgagee's review. Mortgagor shall pay to Mortgagee a $1,500.00 fee for the handling of this transaction.

ROCKINGHAM COUNTY
REGISTRY OF DEEDS

FEB 16   1 37 PM '95

000;:0.;

Page 2                                                            3090 P0249

2.  The Mortgage is amended by deleting Exhibit A thereto.  In connection therewith, all
    references to "Affiliate," Affiliate Indebtedness."  Affiliate Loan," and "Secondary
    Indebtedness and Obligations" are hereby deleted, as is the paragraph immediately
    preceding the "NOW, THEREFORE" paragraph on page 2.  There is no collateral for
    this loan other than that set forth in Exhibit B hereto.

3.  It is acknowledged and agreed that Borrower will have no Obligations or liabilities with
    respect to the "Affiliate Indebtedness," "Affiliate Loan," and "Secondary Indebtedness
    and Obligations," and the lien of such Affiliate Indebtedness or Affiliate Loan is hereby
    released and discharged.

4.  Except as modified hereby, the Mortgage shall continue unmodified and in full force and
    effect.

5.  This Amendment may be executed in any number of counterparts which together shall
    constitute the agreement of the parties.

6.  Capitalized terms used but not defined herein shall have the meanings given to such terms
    in the Mortgage.

    IN WITNESS WHEREOF, the parties have caused this instrument to be executed the day
and year herein first written.

                                    CIRCUIT NB CORP., a Delaware corporation

                                    By _____
                                        Vigin Sennet, President

                                    By: _____
                                        Ronald Dietrow, Treasurer


                                    PRINCIPAL MUTUAL LIFE INSURANCE COMPANY


                                    By: _____


                                    By: _____

tv 3090 P0250

2.   The Mortgage is amended by deleting Exhibit A thereto. In connection therewith, all references to "Affiliate," Affiliate Indebtedness," Affiliate Loan," and "Secondary Indebtedness and Obligations" are hereby deleted, as is the paragraph immediately preceding the "NOW, THEREFORE" paragraph on page 2. There is no collateral for this loan other than that set forth in Exhibit B hereto.

3.   It is acknowledged and agreed that Borrower will have no Obligations or liabilities with respect to the "Affiliate Indebtedness," "Affiliate Loan," and "Secondary Indebtedness and Obligations," and the lien of such Affiliate Indebtedness or Affiliate Loan is hereby released and discharged.

4.   Except as modified hereby, the Mortgage shall continue unmodified and in full force and effect.

5.   This Amendment may be executed in any number of counterparts which together shall constitute the agreement of the parties.

6.   Capitalized terms used but not defined herein shall have the meanings given to such terms in the Mortgage.

   IN WITNESS WHEREOF, the parties have caused this instrument to be executed the day and year herein first written.

                    CIRCUIT NH CORP., a Delaware corporation

                    By ...............................................................

                    By .................................................................

                    PRINCIPAL MUTUAL LIFE INSURANCE COMPANY

                    By ........................................................
                         U S VALENTINE, COUNSEL

                    By ........................................................
                         Nora M. Everett
                         Counsel

Page 4

3090 P0251

STATE OF IOWA

COUNTY OF POLK

On this _7th_ day of _February_, 1995, before me, a Notary Public in and for said County, personally appeared _____ and _____ to me personally known to be the identical persons whose names are subscribed to the instrument, who being each by me duly sworn did say that they are the _____ and _____ respectively, of Principal Mutual Life Insurance Company, an Iowa corporation, and that the seal affixed to the said instrument is the seal of said corporation, and that said instrument was signed and sealed on behalf of the said corporation by authority of its Board of Directors, and the aforesaid officers each acknowledged the execution of said instrument to be the voluntary act and deed of said corporation, by it and by each of them voluntarily executed.

Notary Public
My Commission Expires

iowcircuit amendmtt doc



KATHLEEN K. KOLKA
MY COMMISSION EXPIRES
JUL 8, 1996

3090 P0252

**STATE OF** New York )
                              ) ss
**COUNTY OF** New York )

**BEFORE ME,** a Notary Public in and for said County and State, personally appeared Ronald Dictray, by me known to be the Authorized Officer of Circuit NH Corp., a Delaware corporation, who acknowledged the execution of the foregoing instrument on behalf of said corporation and the same is his free act and deed and the free act and deed of said corporation.

    **WITNESSETH** my hand and seal this /4th day of January 1995.

                                                            _____
                                                                    Notary Public

My commission expires:
    July 6, 1996

My County of Residence:
    New York County



1: 3090 P0253

1-2 507043

EXHIBIT "B"

Lot 193, Map 143

A certain tract of land situated in the Town of Salem, County of Rockingham, State of New Hampshire, and being more particularly described as follows:

Beginning at an iron pipe at the Southeast corner of the premises on the westerly sideline of South Broadway at the Northwesterly corner of land of Juniper Realty, Inc.; thence

S 42° 52' 48" W a distance of 258.08 feet by said land of Juniper Realty, Inc. to a railroad spike, thence

S 61° 47' 18" W a distance of 91.63 feet by said land of Juniper Realty, Inc. and land of the Boston and Maine Corporation to an iron pipe at land of said Boston and Maine Corporation; thence

N 29° 11' 14" W a distance of 926.77 feet by said Boston and Maine Corporation to an iron pipe; thence

N 04° 55' 56" W a distance of 16.07 feet by said Boston and Maine Corporation to an iron pipe, thence

N 79° 52' 24" E a distance of 179.10 feet by said land of Boston and Maine Corporation and land of VSH Realty to a railroad spike at land of Evangeline Pappaslathis; thence

S 29° 37' 43" E a distance of 338.08 feet by said land of Pappaslathis and land of Kelvin & Catherine Commerline to an iron pipe; thence

N 64° 16' 35" E a distance of 134.58 feet by said land of Commerline to a railroad spike at the aforesaid South Broadway; thence

S 29° 37' 43" E a distance of 357.33 feet by said South Broadway to a point; thence

S 60° 33' 05" W a distance of 0.55 feet by said South Broadway to a point; thence

S 29° 37' 43" E a distance of 635.35 feet by said South Broadway to the point of beginning.

RECORDER'S MEMORANDUM:
At the time of recordation this instru-
ment was found to be inadequate for the
best photographic reproduction because
of illegibility of typing, etc. All
blockouts, additions and changes were
present when the instrument was recorded.