Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| Debtors. | : | Jointly Administered |
| SATCHIDANANDA MIMS, | : | Contested Matter No. ____ |
| Movant, | : | |
| v. | : | |
| CIRCUIT CITY STORES, INC. | : | |
| Respondent. | : | |

**DEBTORS' RESPONSE AND OBJECTION TO SATCHIDANANDA
MIM'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO
COMPLETE PENDING CALIFORNIA STATE LITIGATION**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response")[2] to the Motion for Relief from Automatic Stay (the "Motion") filed by Satchidananda Mims also known as Satchi Mims (the "Movant").  In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Motions.

3.  On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

4.  On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**CALIFORNIA STATE COURT LITIGATION BACKGROUND**

5.  On July 21, 2008, Movant filed a complaint (the "Complaint") against Circuit City Stores, Inc., one of the above-captioned debtors, in the Superior Court of the State of California, County of Alameda (the "California State Court") seeking damages for, among other things, a malfunctioning computer purchased from the Debtors in 2005 (the "Lawsuit").  On September 8, 2008, the Debtors filed an answer in response to the complaint (the "Answer").

3

6. On November 12, 2008, the Debtors filed a Suggestion in Bankruptcy with the California State Court.

7. On January 27, 2009, the Movant filed the Motion seeking relief from the automatic stay to proceed with the Lawsuit.

**PRELIMINARY STATEMENT**

8. The Movant has failed to meet the statutory burdens under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. In the Motion for Relief, the Movant seeks lifting of the automatic stay to allow him to continue the Lawsuit pending against the Debtors in state court in California. The Movant makes six (6) arguments as to why "cause" exists. None of these arguments, even if established, constitutes "cause" under 362(d)(1) of the Bankruptcy Code that would entitle the Movant to relief from the automatic stay.

9. Moreover, the Movant has failed to demonstrate that he will suffer any harm or prejudice as a result of the automatic stay, if the Lawsuit does not proceed.

10.  Conversely, the Debtors will suffer substantial injury if the stay is lifted and the Movant is allowed to proceed to trial with the Lawsuit.[3]

11.  At these critical stages of these chapter 11 cases, in which all of the stores are being liquidated, the Debtors must concentrate all of their considerable efforts on the immense tasks at hand and not the burdensome and costly litigation still pending in the Lawsuit.  Defending against the Lawsuit is precisely the type of costly and consuming distraction that the Debtors cannot afford at this time in these chapter 11 cases.  Moreover, the limited corporate staff currently working at the Debtors should not be burdened with this additional distraction.

12.  Moreover, the delay, if any, imposed upon the Movant as a result of the automatic stay is likely to be minimal.  There is no cause that would justify relief from the automatic stay; accordingly, the Motion should be denied in its entirety.

---

[3]  It should be noted that the Lawsuit has been pending for only six (6) months.  No discovery has been commenced and no motions have been filed.

5

**OBJECTION TO THE MOTION FOR RELIEF FROM STAY**

13. The Debtors respectfully object to the Movant's Motion for Relief from Stay. The Movant requests relief so the Movant "may continue pending litigation against the Debtors and request assistance from governmental agencies such as the California Department of Consumer Affairs which help consumers recover damages from retailers." Motion, p. 4.

14. The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362. "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to have broad application. See H.R. Rep. No. 95-595. 95th Cong., a340-42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41. "The main purpose of the automatic stay is to give the debtor a breathing spell from

his creditors, to stop all collection efforts, harassment and foreclosure actions." In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

15.  Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if the creditor is able to show that cause exists for such relief. See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay). The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property of such parting in interest." 11 U.S.C. § 326(d)(1).  Other circumstances constituting "cause" are determined by the courts on a "case-by-case" basis. See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).  The moving party carries the burden of making an "initial showing of 'cause' for relief

7

from the stay." In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).

16. To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[4]

17. As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as the Movant has not alleged that the brief time delay imposed by the stay against the Debtors will impose a serious burden upon the Movant. However, even

---

[4] In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

8

if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

18. On January 26, 2009, the Movant filed two (2) proofs of claim against the Debtors each asserting a claim in the amount of $9,500.00 for damages sought in the Lawsuit. Pursuant to Rule 3001(f) of the Bankruptcy Rules, these claims are considered prima facie evidence of the validity of the claim and amount until objected to by the Debtors or another proper party in interest. If the Debtors object to these claims, these claims will be litigated in the claims resolution process like other similarly situated creditors asserting claims against the Debtors.

### A. Permitting the Lawsuit to Proceed Would Cause Prejudice to the Debtors and the Estates

19. The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter

9

>how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift stay because discovery would require the debtor to expend sufficient time and effort away from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

20.  At the outset, it should be noted that the Movant's Motion for Relief is inconsistent with the fundamental purpose of the automatic stay.  The Debtors' limited management and in-house legal team are already taxed with the responsibility of managing and responding to inquiries from the Debtors' creditors, vendors, employees,

10

and other parties-in-interest regarding these chapter 11 cases.  The Movant nevertheless argues that the stay should be lifted so that the Movant can proceed with the Lawsuit.

21.  The Debtors and their estates would be prejudiced if the automatic stay were modified to permit the Lawsuit to proceed at this point in these chapter 11 cases because litigating the Lawsuit would expose them to significant financial commitments and litigation costs in addition to the potential liability in the Lawsuit.

22.  Accordingly, the Debtors will suffer significant prejudice if the Motion were granted because of the distraction and interference to the Debtors' remaining corporate and in-house staff that would flow from allowing the Lawsuit to proceed.  See In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.")(citing In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984)).

**B. The Movant Would Suffer Little, If Any, Hardship If The Automatic Stay Is Retained**

23. While the Debtors would suffer significant prejudice in moving forward with the Lawsuit at this time, the Movant has not shown that the Movant would be prejudiced if the Motion is denied.  Such a denial would only continue the status quo, and the Movant would only face the ordinary delay that all creditors face in complex chapter 11 cases.  Creditor delay is inherent in the bankruptcy process, and is an unavoidable – and intended – consequence of the automatic stay.  See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr. N.D.III. 2002)("The automatic stay almost always delays litigants.  That, after all, is its purpose, and the reason they call it a 'stay.'").  Furthermore, the Lawsuit is still in the pretrial stages.  The Lawsuit has been pending for merely six months and discovery has not been initiated.  It is not likely, then, that the stay would have any effect on the timing of the disposition of the Lawsuit.  Accordingly, it is in the best interests of both parties for the automatic stay to remain.

**C. The Movant Has Failed to Establish Cause Under 11 U.S.C. § 362(d)(1)**

24. The Movant submits the following six (6) arguments that the Movant alleges establish "cause" under

12

362(d)(1) of the Bankruptcy Code: (i) the Debtors filed the chapter 11 petitions while an action was pending in California state court; (ii) judicial economy dictates that the California state court is the proper forum; (iii) the issues in the lawsuit are claims based entirely upon California state law; (iv) the "Debtor[s] [are] "indirect insurer[s] for Creditor's computer;" and (v) relief from the automatic stay would not prejudice the Debtors' estates; and (vi) the Debtors filed these chapter 11 cases in bad faith.

25.    Not one of these arguments, even if established, can constitute cause under 362(d)(1) of the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: February 6, 2009<br>Richmond, Virginia | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000<br><br>- and -<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>333 West Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br><br>- and -<br><br>MCGUIREWOODS LLP<br><br> /s/ Douglas M. Foley <br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br><br>Counsel for Debtors and Debtors in Possession |

\7421546.1