```
Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER     MCGUIREWOODS LLP
& FLOM, LLP                       One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-       (804) 775-1000
0636
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x   ------------------------
                               :
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
             Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x   ------------------------
                               x
YVETTE MACK,                   :   Contested Matter No. ___
             Movant,           :
                               :
    v.                         :
                               :
CIRCUIT CITY STORES, INC.,     :
                               :
             Respondent.       :
- - - - - - - - - - - - - - - x   ------------------------
```

## DEBTORS' RESPONSE AND OBJECTION TO YVETTE MACK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response") to the Motion for Relief from Automatic Stay (the "Motion") filed by Vvette Mack (the "Movant").  In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**PRELIMINARY STATEMENT**

5. The Movant has not, and cannot meet her burdens with respect to the Motion. The Movant has failed to meet her statutory burdens under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. In the Motion for Relief, the Movant seeks lifting of the automatic stay to allow the Movant to continue settlement negotiations and to initiate a lawsuit and pursue litigation to judgment (the "Action"). Motion, p. 3. The Movant argues that the automatic stay should be

3

lifted because the interests of the Movant would not otherwise be "adequately protected." Motion, ¶ 8. None of these arguments, even if established, would entitle the Movant to relief from stay.

6.   Conversely, the Debtors will suffer substantial injury if the stay is lifted and the Movant is allowed to proceed with the Action and initiate a lawsuit. Also, as set forth below, the Movant fundamentally misunderstands the nature of the Debtors' insurance coverage because the Debtors will incur substantially costs to defend any litigation initiated by the Movant and the Debtors are not able to settle this matter as the Movant is only entitled, if anything, to an unsecured claim.

### OBJECTION TO THE MOTION FOR RELIEF FROM STAY

7.   The Debtors respectfully object to the Movant's Motion. The Movant requests that she be permitted relief from the automatic stay to continue settlement negotiations and to initiate a newly filed lawsuit to recover any available insurance policies. The Movant misunderstands the Debtors' insurance coverage and the necessary costs, time, and involvement associated with the Debtors' continued involvement and participation in the Action. The Debtors have $500,000 in self-insured retention

4

and then up to a $1,500,000 deductible before any insurance monies are impacted. In addition, the Debtors fund litigation expenses that are charged against these retentions and deductibles. Accordingly, the Movant would have to receive a judgment in the minimum amount of up to $2,000,000 (less incurred expenses) against the Debtors before she would receive any insurance proceeds.

       8.    The Movant is entitled to file a proof of claim for the full amount she asserts against the Debtors, which pursuant to Rule 3001(f) of the Bankruptcy Rules is considered prima facie evidence of the validity of the claim and amount until objected to by the Debtors or another proper party in interest.

       9.    The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362. "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to have broad

5

application.  See H.R. Rep. No. 95-595. 95th Cong., a340-42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions."  In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

   10.  Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if it is able to show that cause exists for such relief. See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay). The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property

6

of such parting in interest." 11 U.S.C. § 326(d)(1). Other circumstances constituting "cause" are determined by the courts on a "case-by-case" basis. See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). The moving party carries the burden of making an "initial showing of 'cause' for relief from the stay." In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).

      11. To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116 B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[2]

---

[2] In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

7

12. As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as she has not alleged that the brief time delay imposed by the stay against the Debtors will impose a serious burden upon her. However, even if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

### A. Permitting the Action to Proceed Would Cause Prejudice to the Debtors and the Estates

13. The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift stay because discovery would require the debtor to expend sufficient time and effort away from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

  14.  At the outset, it should be noted that the Movant's Motion is inconsistent with the fundamental purpose of the automatic stay.  The Debtors' management and in-house legal team are already taxed with the responsibility of managing and responding to inquiries from the Debtors' creditors, vendors, employees, and other parties-in-interest regarding these chapter 11 cases.  The Movant nevertheless argues that the stay should be lifted so that she can initiate a new lawsuit to further tax and burden their strained commitments.

9

15. The Debtors and their estates would be prejudiced if the automatic stay were modified to permit the Action to proceed because litigating the Action would expose them to significant financial commitments and litigation costs in addition to the potential liability in the Action. The Debtors submit that this Motion should be denied for the same reasons set forth on the record with respect to the evidentiary hearing held on January 29, 2009 on the Funches lift stay motion.  See Order at Docket No. 1880.

16. Accordingly, the Debtors will suffer significant prejudice if the Motion were granted because of the distraction and interference to the Debtors' efforts that would flow from allowing the Action to proceed.  See In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.")(citing In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984)).

    **B.    The Movant Would Suffer Little, If Any, Hardship If The Automatic Stay Is Retained**

17. While the Debtors would suffer significant prejudice in moving forward with the Action at this time, the Movant has not shown that she would be prejudiced if the Motion is denied. Such a denial would only continue the status quo, and the Movant would only face the ordinary delay that all creditors face in complex chapter 11 cases. Creditor delay is inherent in the bankruptcy process, and is an unavoidable – and intended – consequence of the automatic stay. See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr. N.D.Ill. 2002)("The automatic stay almost always delays litigants. That, after all, is its purpose, and the reason they call it a 'stay.'"). Furthermore, the Movant has not yet even filed a lawsuit. Accordingly, it is in the best interests of both parties for the automatic stay to remain.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: February 6, 2009  SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                           Gregg M. Galardi, Esq.
                           Ian S. Fredericks, Esq.
                           P.O. Box 636
                           Wilmington, Delaware 19899-0636
                           (302) 651-3000

                                   - and -

                           SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP
                           Chris L. Dickerson, Esq.
                           333 West Wacker Drive
                           Chicago, Illinois 60606
                           (312) 407-0700

                                   - and -

                           MCGUIREWOODS LLP

                           /s/ Douglas M. Foley          .
                           Dion W. Hayes (VSB No. 34304)
                           Douglas M. Foley (VSB No. 34364)
                           One James Center
                           901 E. Cary Street
                           Richmond, Virginia 23219
                           (804) 775-1000

                           Counsel for Debtors and Debtors
                           in Possession

\7484140.1

12