Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
:
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al., :
:
Debtors. : Jointly Administered
- - - - - - - - - - - - - - - -x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(b) AND 503(c)(3) APPROVING A WIND DOWN INCENTIVE AND RETENTION PLAN AND AUTHORIZING PAYMENT OF WIND DOWN INCENTIVE PAY TO PLAN PARTICIPANTS**

Upon the motion (the "Motion")[1] of the Debtors[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

for entry of an order, under Bankruptcy Code sections 105 and 363(b), approving the Wind Down Incentive and Retention Plan and authorizing, but not directing, payment of wind down incentive and retention pay to Plan Participants; and this Court having fully considered the record before it; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

1. Given the additional burdens placed on the Plan Participants in connection with the liquidation

---

*(cont'd from previous page)*

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

and wind down process in these chapter 11 cases, the Wind Down Incentive and Retention Plan, as approved by this Order, is designed to appropriately compensate (i) the Tier I Plan Participants to ensure that they remain motivated to perform the requisite tasks to efficiently wind down the Debtors' business and (ii) to retain the Tier II Plan Participants to ensure that the Debtors can conduct an orderly, efficient and effective wind down of their business.

2. The full experience, expertise, unique skills, and enthusiastic involvement of the Plan Participants are critical to the Debtors' ability to maximize value for their estates throughout the liquidation and winding down process.

3. The post-petition efforts of the Plan Participants will extend beyond their ordinary course responsibilities and will be critical to the Debtors' efforts to maximize value for their estates.

4. The Plan Participants are the personnel of the Debtors with the necessary skill and experience to ensure that the liquidation process and the Debtors'

eventual winding down produces the best result and maximum value for the Debtors and their estates.

5. The Debtors have demonstrated compelling and sound business justifications for authorizing the Wind Down Incentive and Retention Plan.

6. In approving the Wind Down Incentive and Retention Plan subject to this Court's approval, the members of the Compensation Committee acted on an informed basis, in good faith and in the honest belief that such action was in the best interests of the Debtors, their estates, and their creditors.

7. The terms of the Wind Down Incentive and Retention Plan, as established by the Debtors after consultation with their professionals and approval of the Compensation Committee, are fair and reasonable under the circumstances and provide a substantial benefit to the estates.

8. The terms of the Wind Down Incentive and Retention Plan are appropriate under the facts and circumstances as presently exist in these bankruptcy cases.

9. The Wind Down Incentive and Retention Plan is not governed by Bankruptcy Code section 503(c)(1) or (c)(2).

10. As it pertains to Tier I Plan Participants, the Wind Down Incentive and Retention Plan is a performance-based plan that is not subject to the limitations on retention and severance plans set forth in Bankruptcy Code section 503(c).

11. Each of the Tier II Plan Participants are not "insiders" (as defined in the Bankruptcy Code). As such, Bankruptcy Code section 503(c) does not apply to any payments to the Tier II Plan Participants.

12. The Discretionary Bonus Pool is designed to ensure the retention of critical employees through the conclusion of the wind down process.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Code sections 105, 363 and, to the extent applicable, 503(c)(3), the Wind Down Incentive and Retention Plan is APPROVED in all respects.

3. The Debtors are authorized, but not directed, to implement the Wind Down Incentive and Retention Plan for the Plan Participants.

4. The Debtors are authorized, but not directed, to make payments to the Plan Participants in accordance with the Wind Down Incentive and Retention Plan.

5. The Wind Down Board, after consultation with the Creditors' Committee, is authorized, but not directed, to make payments from the Discretionary Bonus Pool to any employee then employed by the Debtors, including Tier II Plan Participants, but excluding Tier I Plan Participants.

6. The Debtors are authorized to reconstitute the Wind Down Board from time to time, including (without limitation) to reduce or increase the number of board members and remove or replace board members.

7. All payments under the Wind Down Incentive and Retention Plan shall be allowed administrative expenses of the Debtors' estates under Bankruptcy Code section 503(b).

8.   This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

9.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:     Richmond, Virginia
           _____, 2009

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley