UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) | Jointly Administered |
| | ) | Judge Kevin R. Huennekens |
| Debtors. | ) | |

**MOTION AND SUPPORTING MEMORANDUM OF MDS REALTY II, LLC FOR (A) AN ORDER COMPELLING DEBTORS TO IMMEDIATELY PAY ADMINISTRATIVE EXPENSES PURSUANT TO 11 USC §§ 365(d)(3) AND 503(b) AND (B) GRANTING RELATED RELIEF**

MDS Realty II, LLC, a Delaware limited liability company ("MDS Realty"), by its attorneys, Parker, Pollard & Brown, P.C., moves this Court to enter an order substantially in the form attached hereto as **Exhibit C** compelling debtor Circuit City Stores, Inc. (hereinafter individually the "Debtor") in the above-captioned bankruptcy case to immediately pay outstanding administrative expenses in the amount of $98,289.58 to MDS Realty pursuant to §§ 365(d)(3) and 503(b) of Title 11, United States Code ("Bankruptcy Code"). In support of this Motion, MDS Realty respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BASES FOR RELIEF**

3. The statutory bases for the relief requested herein are §§ 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

## BACKGROUND

4. MDS Realty is the owner and lessor/landlord of certain non-residential real property located in Madison Heights, Michigan (the "Leased Premises").

5. Pursuant to a Lease, by and between Debtor and MDS Realty, dated January 18, 2007 (the "Lease"), MDS Realty leases the Leased Premises to Debtor. A true and accurate copy of the Lease is attached hereto as **Exhibit A.**

6. Pursuant to the Lease, Debtor was required to pay, on the first day of November, 2008, minimum rent and other expenses in the total aggregate amount of $51,107.43 (the "November Rent").

7. Pursuant to the Lease, Debtor was required to pay, on the first day of December, 2008, minimum rent and other monthly charges totaling $62,514.38 (the "December Rent").

8. Pursuant to the Lease, Debtor was required to pay, on the first day of February, 2009, minimum rent and other monthly charges totaling $51,107.43 (the "February Rent").

9. On November 10, 2008, Debtor and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

10. Debtor has not fully paid the post-petition November Rent, December Rent or the February Rent. A copy of an account status report showing the complete breakdown of the amounts due and owing is attached hereto as **Exhibit B.**

## RELIEF SOUGHT

11. MDS Realty seeks this Court's entry of an order, substantially in the form attached hereto as **Exhibit C,** (i) authorizing and directing Debtor to immediately pay the administrative rent due and owing to MDS Realty pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code; (ii) authorizing and directing Debtor to reimburse MDS Realty for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion, due to the Debtor's failure to comply with the terms of the Lease and §§ 365(d)(3) and

503(b) of the Bankruptcy Code; and (iii) directing Debtor to make all future monthly payments of administrative rent and related charges to MDS Realty in full on or before the first day of the month for which administrative rent and related charges accrue as required by the Lease.

## ARGUMENT

12. Section 365(b)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all the obligations of the debtor … arising from and after the order for relief under any expired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) of [the Bankruptcy Code].

13. The unique position of the non-residential real property lessor during the post-petition, pre-rejection period is recognized and addressed by § 365(d)(3) of the Bankruptcy Code and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(b)(3) unambiguously give priority status to this class of involuntary claimant." *In re Pudgie's Dev. of N.Y., Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all non-residential property lease obligations, § 365(d)(3) protects these lessors from the specter of ever increasing losses during the post-petition, pre-rejection period. In *Pudgie's*, the United States Bankruptcy Court for the Southern District of New York strictly construed § 365(d)(3) to hold that non-residential real property lessors are entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

14. This Court and other jurisdictions have repeatedly held that § 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002). "A landlord may move to compel payment of pre-rejection rent under § 365(e)(3)." *Id.* at 669. In light of Debtor's failure to pay the administrative rent and other expenses to MDS Realty, absent an order from this Court, Debtor will likely continue to ignore its post-petition obligations under the Lease in

violation of the Bankruptcy Code. Accordingly, this Court should enter an Order not only directing Debtor to immediately pay all unpaid administrative rent and other expenses due to MDS Realty pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code, but also requiring Debtors to timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

15. Section 23.17 of the Lease provides that MDS Realty is entitled to recover all reasonable legal fees and costs incurred in connection with enforcing the terms of the Lease after default thereunder. Accordingly, MDS Realty requests that Debtor be directed to pay the reasonable attorney fees and costs incurred in connection with filing and prosecuting this Motion.

## NOTICE

16. Notice of this Motion will be given to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division; and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedures.

## WAIVER OF MEMORANDUM OF LAW

17. MDS Realty respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirements that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Code for the Eastern District of Virginia.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, MDS Realty II, LLC requests entry of an order substantially in the form attached hereto as **Exhibit C**: (i) authorizing and directing Debtor (a) to immediately pay the

administrative rent and other expenses due and owing to MDS Realty pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code; (b) to reimburse MDS Realty for all its reasonable and actual attorneys' fees and costs incurred in the preparation and prosecution of this Motion due to the Debtor's failure to comply with the terms of the Lease and §§ 365(d)(3) and 503(b) of the Bankruptcy Code, and (c) to make all future monthly payments of administrative rent and related charges to MDS Realty on or before the first day of the month for which such administrative rent and other related expenses are to accrue, as required by the Lease; and (ii) granting such other and further relief as this Court deems just and proper.

This 10th day of February, 2009.

MDS REALTY II, LLC

By: ___/s/ Meredith L. Yoder_____
        Counsel

Stephen E. Scarce (VSB # 42395)
Meredith L. Yoder (VSB # 48951)
PARKER, POLLARD & BROWN, P.C.
6802 Paragon Place, Suite 300
Richmond, Virginia 23230
Telephone: (804) 262-3600
Facsimile: (804) 262-3284
Email: sscarce@parkerpollard.com
*Local Counsel for MDS Realty II, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of February, 2009, a true and accurate copy of the foregoing Notice of Appearance was (1) electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter; and (2) sent via U.S. mail, postage prepaid, to all persons on the attached Service List.

                                                        /s/ Meredith L. Yoder
                                                                    Counsel

## SERVICE LIST

**Counsel for Debtors:**          Daniel F. Blanks, Esq.
McGuireWoods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510

**Proposed Counsel for the Official Committee of Unsecured Creditors:**      Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

**U.S. Trustee:**          Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219