**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:    (315) 474-4040
Kevin M. Newman, Esq.
James C. Thoman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:  (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.,*
*Sangertown Square, L.L.C., Crossgates Commons*
*NewCo, LLC, and Fingerlakes Crossing, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

------------------------------------------------------------------

In re:

| | |
|---|---|
| CIRCUIT CITY STORES, INC., *et al.* | Case No. 08-35653-KRH |
| | Jointly Administered |
| Debtors. | Chapter 11 Proceedings |

------------------------------------------------------------------

**Limited Objection to the Debtors' Motion for Orders Under Bankruptcy
Code Sections 105, 363 and 365 (I) Approving Bidding and Auction
Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II)
Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of
Certain Unexpired Nonresidential Real Property Leases Free and Clear of
All Interests, (B) Assumption and Assignment of Certain Unexpired
<u>Nonresidential Real Property Leases and (C) Lease Rejection Procedures</u>**

Carousel Center Company, L.P., Sangertown Square, L.L.C., Crossgates Commons

NewCo, LLC and Fingerlakes Crossing, LLC (the "Objecting Landlords"), by and through their

{F:\WPMain\22375\22755\JCT1930.DOC}

attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submit this Limited Objection to the entry of an order with respect to the proposed procedures in the above-referenced motion (the "Sale Procedures Motion").

## Background

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords are parties to four leases of nonresidential real property with the Debtors (the "Leases") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Carousel Center Company, L.P. | Carousel Center | Syracuse, NY |
| Sangertown Square, L.L.C. | Sangertown Square Mall | New Hartford, NY |
| Crossgates Commons NewCo, LLC | Crossgates Commons | Albany, NY |
| Fingerlakes Crossing, LLC | Fingerlakes Crossing Shopping Center | Auburn, NY |

(collectively, the "Premises").

4. The Premises are located within "shopping centers" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On February 3, 2009, the Debtors filed the Sale Procedures Motion seeking orders: (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale Hearing Dates and (iii) Authorizing and Approving (a)

Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (c) Lease Rejection Procedures. Objections to the Sale Procedures Motion are to be filed on or before February 11, 2009.

## Limited Objection

*Adequate Assurance of Future Performance Information:*

6. Bankruptcy Code Section 365(b)(1) provides as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

7. Bankruptcy Code Section 365(f)(2) provides as follows:

> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

8. Bankruptcy Code Section 365(b)(3) defines adequate assurance of future performance as follows:

   (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

    (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

    (B) that any percentage rent due under such lease will not decline substantially;

    (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

    (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. Section 365(b)(3).

  9. Congress amended Bankruptcy Code Section 365(b)(3) in 1984 as part of the "Shopping Center Amendments" in an effort to protect shopping center lessors. A debtor must provide adequate assurance that a proposed assignee has a financial condition and operating performance similar to that of the debtor-tenant at the time the lease was entered into. *See* 130 Cong. Rec. S-8895 (June 29, 1994).

  10. The Objecting Landlords must be provided with information sufficient to assess any proposed assignee's (both successful bidders and alternate bidders) operating experience and financial capability going forward under the Leases in order for the Debtors to comply with the adequate assurance of future performance requirements of Bankruptcy Code Section 365(b)(3) and (f)(2). The Debtors have the burden of providing that adequate assurance of the future

performance exists. Such information should include, at a minimum, audited and unaudited financial statements, including income and expense statements and balance sheets for the past three years, complete tax returns for at least the last three years, cash flow projections for two years, information regarding current management and the proposed assignee's operating history (the "Adequate Assurance Information").

11. Any proposed assignee must also indicate its specific intended use including any name plates under which it intends to operate under the Leases. Congress made it clear in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) in 2005 that all provisions of the Leases, including the use provision, must be adhered to and cannot be overridden.

12. The Objecting Landlords should be provided with the Adequate Assurance Information with any notice of potential purchaser at least ten (10) days prior to the deadline to object to any proposed assumption and assignment of the Leases. The Adequate Assurance Information should be filed with the Court and served on counsel to the Objecting Landlords by email. The Objecting Landlords require sufficient time to review such information, conduct expedited discovery if appropriate and object to any proposed assumption and assignment of the Leases. The Debtors propose to provide notices of potential purchasers to landlords (without adequate assurance information unless specifically requested after the Debtors provide the notice of potential purchaser) after an auction concludes. Objections would be due one business day before the sale hearing. The Debtors' proposed timetable provides, at most, three (3) days notice and depending on when the auction concludes, as little as one (1) day of notice. The proposed notice does not provide the Objecting Landlords with due process.

13. The Debtors do not propose to provide the Objecting Landlords with notice of the date in March 2009 when the Leases are to be auctioned or the hearing date at which any assumptions and assignments of the Leases are to be considered. The Objecting Landlords are entitled to notice of the date of the auction of the Leases and the date of the hearing on any proposed assumption and assignment of the Leases. The proposed order on the Sale Procedures Motion contains no requirement that the Debtors provide the Objecting Landlords with such notice. The Debtors merely propose that one (1) business day prior to each auction they file a list of leases subject to the auction with proposed cure amounts. This list should be filed at least five (5) business days before the auction and should include the hearing date at which any lease assignments will be considered.

*Lease Rejection Procedures:*

14. Bankruptcy Code § 365(a) states, in relevant part, as follows: "the trustee, **subject to the court's approval**, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (West 2008) (*emphasis added.*)

15. The majority view is that court approval is a condition precedent to effective rejection. *See, e.g. Paul Harris Stores,* 148 B.R. 307, 309 (S.D. Ind. 1992); *In re Federated Dep't Stores, Inc.,* 131 B.R. 808, 815-16 (S.D. Ohio 1991); *In re Appliance Store, Inc.,* 148 B.R. 234, 239 (Bankr. W.D. Pa 1992).

16. "An order under § 365(a) is required in order for a proposed assumption or rejection to be effective." *In re Compuadd Corp., 166 B.R. 862, 866 (Bankr. W.D. Tex. 1994)(*holding that when a debtor seeks rejection, effectiveness occurs upon the earlier of the court order approving the rejection or the passage of sixty (60) days from the petition date by virtue of Bankruptcy Code § 365(d)(3)).

17. A landlord's lease is in limbo from the date of the filing of a bankruptcy case through entry of an order rejecting or assuming the lease. The landlord is unable to take steps to re-let the leased premises given the right of the debtor, trustee or committee of unsecured creditors to take the position, until entry of an order approving the rejection, that the lease should be marketed rather than rejected. The landlord is denied certainty through entry of an order approving either assumption or rejection of a lease.

18. The Debtors seek approval of lease rejection procedures (the "Lease Rejection Procedures") in the Sale Procedures Motion. The Debtors propose that any lease for which either: (a) no purchaser has submitted a bid or (b) they have not earlier served a rejection notice, be deemed rejected as of (i) the later of February 28, 2009 for the leases of stores closing approximately February 16, 2009 or March 31, 2009 for the leases of other stores; (ii) the date the GOB sales conclude; or (iii) the date the Premises have been surrendered to the Objecting Landlords.

19. In order to surrender the Debtors propose to use commercially reasonable efforts to disarm the alarm, transmit alarm codes to the Objecting Landlords or advise the Objecting Landlords in writing that they are unable to provide the alarm codes despite commercially reasonable efforts to do so. The Debtors must also return keys to the Objecting landlords or advise the Objecting Landlords, in writing, that the keys cannot be returned despite commercially reasonable efforts to do so. The Debtors may also serve notices of rejection of the Leases which shall specify the date of rejection which shall not be less than seven (7) days from the date notice is received by a landlord. If the Debtors provide notice of rejection, they are to surrender the Premises as set forth above prior to the effective date of rejection.

20. The Debtors propose that, *unless they provide otherwise*, any personal property remaining at the Premises as of the date of assignment, termination (through agreement with the landlord) or rejection shall be deemed abandoned to the landlord if the lease is rejected or terminated or to the assignee if the lease is assumed and assigned. The lessor or assignee may then retain or dispose of such property without liability or claim by any third party.

21. The Lease Rejection Procedures are objectionable for the following reasons:

(i) as to the Leases that are to be deemed rejected, the Debtors' proposal that such leases include leases for which no purchaser has submitted a bid fails to provide adequate notice as the Objecting Landlords may not know whether a purchaser has submitted a bid. Hence, the leases to be deemed rejected should include leases for which the Objecting Landlords have not received a potential purchaser notice;

(ii) if the Debtors cannot return keys it should provide <u>written</u> notice that they cannot be returned despite reasonable efforts to do so;

(iii) if the Debtors reject any of the Leases, the Debtors should leave the Premises in broom clean condition, remove exterior signage and repair any damage done as a result of such removal. The Objecting Landlords should not be saddled with the costs of removal and time to remove the Debtors' unwanted property notwithstanding the Debtors' obligations under the Leases; and

(iv) the Debtors propose that anything left at a store as of rejection is abandoned "unless otherwise provided for." If the Debtors leave anything behind at the Premises despite the obligation to leave the Premises broom clean, it should be unconditionally deemed abandoned. The Objecting Landlords should not have

to file a motion for relief from the automatic stay to dispose of anything left at the Premises once the lease has been effectively rejected.

### Joinder

22. The Objecting Landlords join in the objections filed by other landlords to the Sale Procedures Motion to the extent they are not inconsistent with this Limited Objection.

**WHEREFORE**, the Objecting Landlords respectfully request that any final order granting the Sale Procedures Motion be modified pursuant to the terms of this Limited Objection, or that the Sale Procedures Motion be denied in its entirety, and that the Objecting Landlords be granted such other and further relief as the Court may deem just and proper.

Dated: February 10, 2009         **CHRISTIAN & BARTON, L.L.P.**

/s/ Jennifer M. McLemore
By:  Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411

-AND-

Kevin M. Newman, Esq. (KMN-1451)
**MENTER, RUDIN & TRIVELPIECE, P.C.**
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:  (315) 474-7541
Facsimile:   (315) 474-4040

*Attorneys for Carousel Center Company, L.P., Sangertown Square, L.L.C., Crossgates Commons NewCo, LLC, and Fingerlakes Crossing, LLC*

# **CERTIFICATE OF SERVICE**

      That on the 10th day of February, 2009 I caused the Limited Objection to the Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures to be served upon the following:

| | |
|---|---|
| Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601 | Bruce Matson, Esq.<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, Eighth Floor<br>Richmond, Virginia 23219 |
| Gregg Galardi, Esq.<br>Chris L. Dickerson, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, Delaware 19889 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia 23219 |
| Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219 | Robert B. Van Arsdale, Esq.<br>Office of the U.S. Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219 |
| David S. Berman, Esq.<br>Riemer &Y Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts 02108 | |

 via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of Federal Express at 308 Maltbie Street, Suite 200, Syracuse, New York 13204; and via the electronic case filing system.

                                                          /s/ Jennifer McLemore
                                                          Jennifer McLemore