# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |
| _____ | |

**LIMITED OBJECTION OF RONUS MEYERLAND PLAZA, L.P. AND JOHNSON CITY CROSSING, L.P. TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND <u>(C) LEASE REJECTION PROCEDURES</u>**

Ronus Meyerland Plaza L.P. and Johnson City Crossing L.P. (collectively the "Landlords"), by and through their undersigned counsel, hereby file this limited objection to *Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired*

---

James J. Briody, Virginia Bar No. 32128
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 2004-2415
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593
jim.briody@sutherland.com
Attorneys for Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P.

*Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Motion"). In support hereof, Landlords show the Court the following:

## Background

1.

On November 10, 2008 (the "Petition Date"), Debtor Circuit City Stores, Inc. ("Debtor"), along with other related debtors, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Court authorized joint administration of the Debtors' cases (collectively "Debtors"). Debtors continue to operate as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.

Debtor operates a Circuit City store at the Meyerland Plaza Shopping Center, located at the northeast intersection of Jackwood Street and Endicott Street,

in the City of Houston, Texas, pursuant to a May 18, 2004 lease (the "Meyerland Lease") between Debtor, as lessee, and Ronus Meyerland Plaza, L.P., 3290 Northside Parkway, Suite 250, Atlanta, Georgia 30327, as lessor. Debtors identify this location as Store # 3579.

3.

Debtor operates a Circuit City store at the Johnson City Crossing Shopping Center, located on Peoples Street, in Johnson City, Tennessee, pursuant to a September 17, 1996 lease (the "Johnson City Lease") between Debtor, as lessee, and Johnson City Crossing, L.P., 950 East Paces Ferry Road, Suite 975, Atlanta, Georgia 30324, as lessor. Debtors identify this location as Store # 3247.

4.

On February 3, 2009, Debtors filed the Motion, in which they seek, among other things, approval of bidding and auction procedures for the sale of unexpired nonresidential real property leases, setting of sale hearing dates, and waiver of the ten-day stay provided by Bankruptcy Rule 6006 for any order approving a sale of an unexpired nonresidential real property lease. The Meyerland Lease and the

Johnson City Lease are March Leases pursuant to Revised Exhibit 3 filed on February 6, 2009 (Dkt. No. 2003).

5.

As proposed in the Motion, the bidding procedures would require all proposed bidders on the March Leases to deliver proposed bids by 3:00 p.m. on March 12, 2009, and for the successful bidder to be ready to close the sale no later than two days following the entry of an order approving the sale.  If more than one qualified bid is submitted, auctions will be conducted on March 16, 2009, March 24, 2009, and April 9, 2009.  The Debtors propose to sell the Lease or Leases to the successful bidder upon the approval by the Court at the next sale hearing following the auction, in this case, on March 20, 2009, March 30, 2009, or April 14, 2009, respectively.  The Debtors propose that, absent agreement to the contrary, the closing of the sale of the applicable lease take place within 2 days of the sale hearing.

6.

The Debtors propose furnishing the Landlords with a notice of Potential Purchaser that will identify any potential purchasers of the Meyerland Lease and

the Johnson City Lease at the conclusion of any respective auction. The Debtors further propose that Landlords must file any objection to the assumption and assignment of the Meyerland Lease and the Johnson City Lease by 12:00 p.m. EST on the business day immediately preceding the sale hearing, including any objection to the amount of any proposed cure cost, to adequate assurance of future performance, and to any alleged non-monetary default.

7.

Thus, if the Meyerland Lease or Johnson City Lease are auctioned to an approved bidder on March 16, 2009, the applicable Landlord would be required to file any objections by March, 19, 2009, if on March 24, 2009 by March 29, 2009, and if by April 9, 2009 by April 13, 2009. Debtors therefore propose to give Landlords three to five days to object any proposed assumption and assignment, even though Debtors provide no specific affirmative procedure for providing the Landlords with any information concerning the proposed purchaser's ability to provide adequate assurance of future performance.

**Objections and Basis Therefor**

8.

These three-to-five-day-objection deadlines are clearly unreasonable under the circumstances where the Landlords have no ability to assess whether proposed purchasers are able to provide adequate assurance of future performance. Furthermore, even if the Debtors propose to furnish the Landlords with the proposed purchaser's own assertions of their ability to provide adequate assurance of future performance, these three-to-five-day-objection deadlines do not allow the Landlords to conduct their own assessment of the potential purchaser's ability to provide adequate assurance of future performance or to conduct any discovery to investigate that ability. Debtors' proposed attempt to circumvent a reasonable evaluation and determination of whether the requirements of Section 365(f)(2)(B) of the Bankruptcy Code are satisfied should not be approved by this Court.

9.

Both the Meyerland Lease and the Johnson City Lease are in shopping centers. Accordingly, to assume and assign them, Debtors must provide adequate assurance:

>   (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
>   (B) that any percentage rent due under such lease will not decline substantially;
>
>   (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
>   (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).  Debtors do not propose affirmatively to provide Landlords any information concerning such adequate assurance until the proposed sale hearings, but nevertheless insist that the Landlords object within three-to-five-days of receiving notice of a proposed assignment.

10.

The bidding procedures should require Debtors to provide Landlords with complete adequate assurance information by a date certain and at least ten days before any hearing on assumption and assignment of the Meyerland Lease or the

Johnson City Lease to allow the Landlords time to review and analyze the information and conduct any reasonably necessary discovery. The timeline currently proposed by Debtors does not allow the Landlords sufficient time to conduct any meaningful review with respect to any proposed assumption and assignment of the Meyerland Lease or the Johnson City Lease and therefore denies Landlords due process. At a minimum, the Landlords will need to analyze the financial information submitted by any proposed assignee. Landlords also will need to undertake a review of not only the Meyerland Lease and/or the Johnson City Lease, but the lease of every other tenant in each respective shopping center to make sure that the assignment (1) will not violate any use, radius or location provision contained in these other leases and (2) will not otherwise disrupt the tenant mix at each respective shopping center. The Landlords' analysis and review of such information should not be required on a stampede timetable.

11.

Finally, Debtors propose that the ten-day stay provided by Bankruptcy Rule 6006 be waived following any order approving the assignment of an unexpired lease on the sole basis that it will save Debtors continued accrual of administrative

expenses under the leases sold. But this is always true: any stay imposed by Bankruptcy Rule 6006 following an assignment of an unexpired lease of real property will always result in increased administrative expenses. Yet, Debtors provide no argument or any case law that supports their request for special treatment in this case. Landlords should not lose the protections set forth in Rule 6006 simply because Debtors seek to expedite the closings of assignments of unexpired leases (where Debtors will undoubtedly benefit from the receipt of proceeds from an assignee) in an effort to avoid additional administrative expenses.

WHEREFORE, Landlords respectfully request that the Court either deny the Motion as to the Meyerland Lease and the Johnson City Lease or modify the proposed bidding procedures consistent with the foregoing, and that Landlords be granted such further and additional relief as the Court may deem just and proper.

*/s/ James J. Briody*
James J. Briody, Virginia Bar No. 32128
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 2004-2415
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
jim.briody@sutherland.com

Attorneys for Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P.

# CERTIFICATE OF SERVICE

That on the 10th day of February 2009, I caused the foregoing to be (i) electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF System, which causes notices of the electronic filing to be served all registered users of the CM/ECF System that have filed notices of appearance, and (ii) electronically mailed to all parties on the "Core Group Service List" and "Rule 2002 Service List" maintained on the website of the Debtors' Court-approved noticing agent in accordance with the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

                                          */s/ James J. Briody*  
                                          James J. Briody, Virginia Bar No. 32128

James J. Briody, Virginia Bar No. 32128  
SUTHERLAND ASBILL & BRENNAN LLP  
1275 Pennsylvania Ave., N.W.  
Washington, DC 2004-2415  
Telephone:  (202) 383-0100  
Facsimile:  (202) 637-3593  
jim.briody@sutherland.com  
Attorneys for Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P.