# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**OBJECTION OF INLAND SOUTHWEST MANAGEMENT LLC, INLAND AMERICAN RETAIL MANAGEMENT LLC, INLAND US MANAGEMENT LLC, INLAND PACIFIC PROPERTY SERVICES LLC, INLAND COMMERCIAL PROPERTY MANAGEMENT, INC., AND INLAND CONTINENTAL PROPERTY MANAGEMENT CORP. TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (C) LEASE REJECTION PROCEDURES**

Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. (collectively, "Inland"), by and through their undersigned counsel, hereby object to *Debtors' Motion for Orders under Bankruptcy Code Sections 105, 363 and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale*

| | |
|---|---|
| Michael D. Mueller (VSB 38216) | Karen C. Bifferato, Esquire |
| Augustus C. Epps, Jr. (VSB 13254) | Christina M. Thompson, Esquire |
| Jennifer M. McLemore (VSB 47164) | CONNOLLY BOVE LODGE & HUTZ LLP |
| Noelle M. James (VSB 76001) | The Nemours Building |
| CHRISTIAN & BARTON, LLP | 1007 North Orange Street |
| 909 East Main Street, Suite 1200 | P.O. Box 2207 |
| Richmond, Virginia 23219 | Wilmington, Delaware 19899 |
| Telephone: (804) 697-4100 | Telephone: (302) 658-9141 |
| | |
| Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. | Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management, Inc., and Inland Continental Property Management Corp. |

*Hearing Dates and (iii) Authorizing and Approving (A) Sale of certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* ("Sale Motion"), and in support thereof, respectfully state as follows:

## Background

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland, as managing agent for certain landlords, and the Debtors, as tenant, are currently parties to twenty-one (21) unexpired leases for non-residential real property (collectively, "Leases") that have been neither assumed nor rejected by the Debtors, to date. Each of the Leases are for premises that are located within a shopping center, as such term is used in section 365(b)(3) of the Bankruptcy Code.

3. On February 3, 2009, the Debtors filed the Sale Motion, pursuant to which they seek approval of certain procedures ("Sale Procedures") that will govern the sale of the Debtors' unexpired leases of nonresidential property ("Lease Sales").

4. Through the Sale Motion, the Debtors are also requesting authority to reject any lease not sold pursuant to the Lease Sales. In addition, the Debtors are requesting authority to abandon personal property in connection with any such rejection.

**Inland's Objections to the Sale Motion**

5.     Inland objects to the approval of the Sale Motion and the Sale Procedures because the Sale Procedures are unduly burdensome, and because they violate Inland's rights under the Leases and section 365 of the Bankruptcy Code.

6.     More specifically, Inland objects to the Sale Procedures because they contain no deadline by which the Debtors will provide Inland with adequate assurance of future performance information for a proposed bidder in advance of the Sale Hearings. Indeed, the Sale Procedures require landlords to contact the Debtors to request adequate assurance information. The Sale Procedures should be modified to place an affirmative duty upon the Debtors to provide Inland and its undersigned counsel with adequate assurance of future performance for any proposed assignee(s) of the Leases within twenty-four (24) hours of the Bid Deadline,[1] as this is when the Debtors will have possession of the adequate assurance of future performance information.[2]

7.     At a minimum, Inland needs to review the financial information for any proposed assignee, and if the proposed assignee contemplates a different use for any of its premises, Inland will need to undertake the time-consuming task of reviewing not only the Debtors' lease, but the lease of every other tenant in the relevant shopping center, in order to make sure that the assignment will not violate any exclusive use, radius or location provision contained in such lease, and will not otherwise disrupt the tenant mix at the shopping center. Inland's review of such information cannot be conducted on the spur of the moment.

---

[1] Any capitalized terms not defined herein shall have the meanings given to them in the Sale Motion.
[2] The Debtors should also be expressly required to distribute adequate assurance information to both Inland and its counsel by email, facsimile and/or overnight delivery to ensure that the information is received as quickly as possible after the proposed assignee is identified.

8.      In addition, the Debtors propose to file a Cure Schedule one business day prior to each Auction identifying which leases are subject to such Auction, with objections to any Proposed Cure Amount due by noon on the business day prior to the applicable Sale Hearing. This time frame only allows two and half business days for Inland to reconcile its books and records for all of its Leases. This is simply not enough time for such an extensive undertaking.

9.      Inland hereby joins in the objections raised by other landlords to the Sale Procedures to the extent such objections are not inconsistent herewith.

WHEREFORE, Inland respectfully requests that the Court enter an order that denies the Sale Motion or modifies the proposed Sale Procedures consistent with the foregoing, and that grants Inland such further and additional relief as the Court may deem just and proper.

Dated: February 11, 2009                  CHRISTIAN & BARTON, LLP

By:   /s/ Michael D. Mueller
Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
Noelle M. James (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

and

4

        Karen C. Bifferato, Esquire
        Christina M. Thompson, Esquire
        CONNOLLY BOVE LODGE & HUTZ LLP
        The Nemours Building
        1007 North Orange Street
        P.O. Box 2207
        Wilmington, Delaware 19899
        Telephone:  (302) 658-9141

*Counsel for Inland Southwest Management LLC, Inland American Retail Management LLC, Inland US Management LLC, Inland Pacific Property Services LLC, Inland Commercial Property Management LLC, and Inland Continental Property Management Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

        /s/ Michael D. Mueller
        Michael D. Mueller

926826