UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

**LIMITED OBJECTION OF PLUMCHOICE, INC. TO DEBTORS'
MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 363 APPROVING
PROCEDURES TO SELL CERTAIN MISCELLANEOUS ASSETS FREE
AND CLEAR OF ALL INTERESTS WITHOUT FURTHER ORDER OF COURT**

PlumChoice, Inc. ("PlumChoice"), by its counsel, Choate, Hall & Stewart LLP and Gregory Kaplan, PLC, hereby submits this limited objection to the *Debtors' Motion for Order Under 11 U.S.C. §§ 105 and 363 Approving Procedures to Sell Certain Miscellaneous Assets Free and Clear of All Interests Without Further Order of Court* [Dkt. No. 1922], which Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors (collectively, the "Debtors") filed in these jointly administered bankruptcy cases on or about February 3, 2009.

**PRELIMINARY STATEMENT**

As set forth in greater detail below, Circuit City is the beneficial owner of certain capital stock issued by PlumChoice. Prior to the commencement of these bankruptcy cases, Circuit City

---

GREGORY KAPLAN, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA   23218-2470
Phone: (804) 423-7921
Fax: (804) 230-0024

- and –

CHOATE, HALL & STEWART LLP
John F. Ventola, Esq.
Sean M. Monahan, Esq.
Two International Place
Boston, Massachusetts 02110
Phone: (617) 248-5000
Fax:  (617) 248-4000

*Counsel to PlumChoice, Inc.*

unconditionally and irrevocably granted PlumChoice a right of first refusal to purchase all or any portion of such stock that Circuit City proposes to transfer to any third party at the same price and on the same terms and conditions as those offered to the prospective transferee. Accordingly, PlumChoice objects to the relief sought by the Debtors in the Motion to the extent that the Debtors seek to transfer such stock without honoring PlumChoice's right of first refusal or otherwise wish to transfer such stock without providing prior notice thereof to PlumChoice in accordance with the terms of the ROFR Agreement (as defined below).

In further support of this limited objection, PlumChoice respectfully states as follows:

## BACKGROUND

**A.     PlumChoice's Right of First Refusal**.

1.     On or about November 8, 2005, Circuit City acquired 342,671 shares of the Series B Preferred Stock of PlumChoice and, on or about February 15, 2007, Circuit City acquired 26,455 shares of the Series A-2 Preferred Stock and 207,680 shares of the Series B-1 Preferred Stock of PlumChoice (collectively, the "Capital Stock"). Circuit City remains the beneficial owner of the Capital Stock as of the date hereof.

2.     On August 13, 2007, PlumChoice and certain of its investors, including Circuit City, entered into that certain Right of First Refusal and Co-Sale Agreement (the "ROFR Agreement"). Pursuant to the ROFR Agreement, Circuit City, among other things, unconditionally and irrevocably granted PlumChoice a right of first refusal to purchase all or any portion of the Capital Stock that Circuit City proposes to transfer to any third party at the same price and on the same terms and conditions as those offered to the proposed transferee.

3. In order to transfer any of the Capital Stock in accordance with the terms of the ROFR Agreement, Circuit City must deliver written notice (the "Proposed Transfer Notice") of the proposed transfer to PlumChoice and certain of its investors not later than forty-five (45) days prior to the consummation of the proposed transfer. The Proposed Transfer Notice must contain the material terms and conditions of the proposed transfer, including the price and the form of consideration, and the identity of the proposed transferee. PlumChoice may exercise its right of first refusal by delivering written notice thereof to Circuit City within fifteen (15) days after the delivery of the Proposed Transfer Notice.[1] Any transfer of the Capital Stock not made in compliance with the requirements of the ROFR Agreement is null and void *ab initio*.

**B.    The Debtors' Bankruptcy Cases.**

4. On November 10, 2008 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On February 3, 2009, the Debtors filed the Motion, pursuant to which the Debtors have requested that the Court enter an order approving procedures by which the Debtors may sell certain miscellaneous property free and clear of all interests, including liens, claims and encumbrances. The Debtors have not identified the specific assets that they seek permission to sell pursuant to the Motion. Rather, the Debtors have stated that such assets "include, *but are not*

---

[1] Pursuant to the ROFR Agreement, certain investors of PlumChoice also have the right to purchase up to their pro rata portion of the Capital Stock that Circuit City proposes to transfer but which is not purchased pursuant to PlumChoice's right of first refusal.

*limited to*, defective or obsolete merchandise, furniture, fixtures, owned equipment, and other personal and real property." (Motion at ¶8) (emphasis added.)

6. In addition, the Debtors seek to sell such assets without conducting auctions or obtaining Court approval for each proposed sale transaction. Moreover, the Debtors have proposed procedures for the sale of such miscellaneous assets that, in many instances, would not require the Debtors to provide interested parties with prior notice of, and an opportunity to object to, such sales. For example, under the sale procedures set forth in the Motion the Debtors would be authorized to sell assets with a purchase price equal to or less than $100,000 without prior notice to *any* interested party. (Motion at ¶10.)

## PLUMCHOICE'S LIMITED OBJECTION

7. The ROFR Agreement remains a valid and binding obligation of Circuit City. Accordingly, PlumChoice objects to the relief sought by the Debtors in the Motion to the extent that the Debtors seek to transfer the Capital Stock without honoring PlumChoice's right of first refusal or otherwise wish to transfer such stock without providing prior notice thereof to PlumChoice in accordance with the terms of the ROFR Agreement.

8. As set forth above, the Debtors have not identified the specific assets that they seek permission to sell pursuant to the Motion. As a result, PlumChoice cannot ascertain whether the Debtors intend to sell the Capital Stock pursuant to the procedures set forth in the Motion. Moreover, the sale procedures proposed by the Debtors may not require the Debtors— depending on the proposed purchase price for the Capital Stock—to provide PlumChoice with prior notice of, and an opportunity to object to, the sale of the Capital Stock. Therefore, PlumChoice may not know that Circuit City has sold the Capital Stock to a third party until after

4

the parties have consummated such sale. PlumChoice therefore objects to any attempt by the Debtors, either by operation of the proposed sale procedures or otherwise, to extinguish PlumChoice's right of first refusal and other rights with respect to the Capital Stock.

9. In addition, the Debtors' obligations under the ROFR Agreement will not result in sale costs that are disproportionate to the anticipated proceeds from the sale of the Capital Stock. The ROFR Agreement merely requires the Debtors to provide notice of a proposed sale of the Capital Stock to a very limited number of parties consisting of PlumChoice and certain of its investors. The costs of providing such notice are minimal compared to the overall administrative costs in these cases.

## RESERVATION OF RIGHTS

10. PlumChoice expressly reserves any and all of its rights under the ROFR Agreement, all other agreements between the parties, and applicable law. Nothing contained herein shall operate as a waiver of any of PlumChoice's claims, rights and remedies.

## WAIVER OF MEMORANDUM OF LAW

11. PlumChoice respectfully requests that the Court treat this limited objection as a written memorandum of points and authorities and waive any requirement that this limited objection be accompanied by a written memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(H)(2). PlumChoice reserves the right to file a brief in reply to any response to this limited objection.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY.]

WHEREFORE, PlumChoice respectfully requests any order approving the Motion be entered without prejudice to any and all of PlumChoice's rights, that any relief be expressly subject to the terms and conditions contained in the ROFR Agreement, and that this Court grant PlumChoice such other and further relief as the Court deems just and proper.

Dated: February 11, 2009                    Respectfully submitted,

/s/ Troy Savenko
GREGORY KAPLAN, PLC
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Phone: (804) 423-7921
Fax: (804) 230-0024

 - and –

CHOATE, HALL & STEWART LLP
John F. Ventola, Esq.
Sean M. Monahan, Esq.
Two International Place
Boston, Massachusetts 02110
Phone: (617) 248-5000
Fax:  (617) 248-4000

*Counsel to PlumChoice, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of February, 2009, I caused a copy of the foregoing to be served to all parties receiving notice via the Court's CM/ECF Noticing System and by electronic mail to: (i) the Core Group, which includes the Debtors, co-counsel to the Debtors, the Office of the United States Trustee, co-counsel for any committee, counsel to the agents for the Debtors' prepetition lenders, and counsel to the agents for the Debtors' postpetition lenders; (ii) the 2002 List; and (iii) those additional parties as required by the Case Management Order (all of which are defined in the Case Management Order), which can be found at www.kccllc.net/circuitcity.

                                                                              /s/ Troy Savenko