**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **Circuit City Stores, Inc.,** *et al.* | : | **Case No. 08-35653 (KRH)** |
| | : | |
| **Debtors.** | : | |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS UNDER
BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING
AND AUCTION PROCUEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE
HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF
CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE
AND CLEAR OF ALL INTERETS (B) ASSUMTPION AND ASSIGNMENT OF
CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY
LEASES AND (C) RELEASE REJECTION PROCEDURES**

Ray Mucci's Inc., Route 146 Millbury, LLC, Interstate Augusta Properties, LLC,

E&A Northeast Limited Partnership, and NPP Development (the "Objecting Landlords"

or the "Landlords") by and through their counsel, respectfully submit this limited

objection to Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and

365 (I) Approving Bidding And Auction Procedures for Sale of Unexpired

Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III)

---

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB #18637
Peter M. Pearl, Esquire – VSB #22344
Lisa Taylor Hudson, Esquire – VSB #45484
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 783-7237
Fax:     (804) 783-7291

AND-

Peter Bilowz, Esquire
Goulston & Storrs
400 Atlantic Avenue
Boston, Massachusetts 02110-333
Phone: (617) 574-4128
Fax: (617) 579-7621

*Attorney for Ray Mucci's, Inc., Route 146 Millbury, LLC,
Interstate Augusta Properties, LLC, E&A Northeast Limited Partnership,
and NPP Development*

Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property

Leases Free and Clear of All Interest (B) Assumption and Assignment of Certain

Unexpired Nonresidential Real Property Leases and (C) Release Rejection Procedures

(the "Motion").

1.      The Motion is objectionable for the following reasons:

      a.      The requested relief improperly shifts to the Landlords the burden to make reasonable request for adequate assurance information. Section 365 of the Bankruptcy Code unequivocally requires that the debtor "provide adequate assurance." The bidder or Debtor should provide the adequate assurance information to all landlords without the requirement that a landlord request such information.

      b.      The Motion seeks abandonment without any conditions. Any order authorizing the abandonment of personal property upon vacating the leased premises should provide, consistent with current sale guidelines, that the premises will be left in broom clean condition, including leaving the premises in good condition.

      c.      The Motion fails to provide any clarity as to which "March" leases will be slated for which auctions/sale hearings, and when Landlords will have notice of the applicable auction/sale hearing dates.

      d.      There is insufficient time, or at a minimum it is unclear whether there will be sufficient time, for the Landlords to evaluate prospective tenants. Landlords should have at least 10 days from the date on which they receive notice of the bidder and adequate assurance information in  which to  object to the proposed assignment.

      e.      A date certain should be set by which cure objections, if not resolved at the sale hearing, will be heard. The Landlords propose that a hearing date not later than 7 days after the applicable sale hearing be set aside to resolve any outstanding cure objections.

      f.      The Motion does not explain how or when  Landlords will be notified that no bids were received with respect to their lease and in the case of the lease for which there is no bid and no early rejection, does not provide sufficient notice of "automatic" rejection

2

      g.     The request for waiver of the stay under *Bankruptcy Rules* 6004 and 6005 is premature and should be deferred until the sale hearing(s).

     2.     The Objecting Landlords also join in the objections filed by other landlords to the Motion to the extent they are not inconsistent with this objection.

**WHEREFORE,** the Objecting Landlords respectfully requests that any final order granting the Motion be modified pursuant to the terms of this objection, or that the Motion be denied in its entirety, and that the Objecting Landlords be granted such other and further relief as the Court may deem just and proper.

Dated: February 11, 2009

                                       /s/ William A. Gray
                                     William A. Gray, Esquire – VSB #46911
                                     C. Thomas Ebel, Esquire – VSB #18637
                                     Peter M. Pearl, Esquire – VSB #22344
                                     Lisa Taylor Hudson, Esquire – VSB #45484
                                     Sands, Anderson, Marks & Miller, P.C.
                                     801 East Main Street, Suite 1800
                                     (P.O. Box 1998)
                                     Richmond, Virginia 23219 (23218-1998)
                                     Phone:  (804) 783-7237
                                     Fax: (804) 783-7291

                                   -AND-

                                   Peter Bilowz, Esquire
                                   Goulston & Storrs
                                   400 Atlantic Avenue
                                   Boston, Massachusetts 02110-333
                                   Phone: (617) 574-4128
                                   Fax: (617) 579-7621

                                   *Attorneys for Attorney for Ray Mucci's, Inc., Route 146 Millbury, LLC, Interstate Augusta Properties, LLC, E&A Northeast Limited Partnership, and NPP Development*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2009, a true and accurate copy

of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the

Eastern District of Virginia, Richmond Division, using the CM/ECF system, which

thereby caused the above to be served electronically on all registered users of the ECF

system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail,

first class, postage prepaid, to all persons on the below Service List:

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
    *Attorneys for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
    *Attorneys for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
    *Attorneys for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
    *Attorneys for Debtors*

4

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
   *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
   *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
   *Special Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
   *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
   *Counsel for the Official Committee*
   *Of Unsecured Creditors*

                          _/s/ William A. Gray_____