# EXHIBIT C
# (Relevant Portions of Lawrenceville Lease)

```
                                              Lawrenceville, NJ
                                              TSA #804
```

## LEASE

### PARTIES

THIS LEASE made and entered into as of this 22nd day of JULY, 1992, between CIRCUIT CITY STORES, INC., a Virginia corporation having its principal offices at 9950 Mayland Drive, Richmond, Virginia, 23233, (herein referred to as "Landlord"), and THE SPORTS AUTHORITY, INC., a Delaware corporation having its principal office at 3383 North State Road 7, Ft. Lauderdale, Florida 33319 (herein referred to as "Tenant").

WITNESSETH: That in consideration of the rents, covenants and conditions herein set forth, Landlord and Tenant do hereby covenant, promise and agree as follows:

### DEMISED PREMISES

1. Upon delivery of the completed building pad by Landlord as provided in Article 6 hereof, Landlord does demise unto Tenant and Tenant does take from Landlord for the lease term herein provided (i) Tenant's completed building which shall include a complete building unit containing approximately forty-one thousand two hundred seventy three (41,273) square feet of floor space, which shall be herein referred to as the "completed building," the loading dock area, the trash compactor and dumpster pad (collectively designated THE SPORTS AUTHORITY on Exhibit "B"), (ii) the land underneath the completed building, (iii) site improvements to be constructed as hereinafter specified by Landlord, at its expense, and (iv) a non-exclusive easement and right to use all public and common facilities erected or serving a shopping center to be constructed by Landlord upon the property described in Exhibit "A" also attached hereto and made a part hereof, and intended for common use; including, but not limited to, all entrances, exits, driveways, parking areas, walks, service drives and all utilities servicing said property. Tenant's said building to be in the location and of the dimensions as depicted on Exhibit "B," attached hereto and incorporated herein by reference.

Said land, Tenant's completed building and the site improvements, together with all licenses, rights, privileges and easements appurtenant thereto, shall be herein collectively referred to as the "demised premises" and shall be a part of the shopping center to be constructed by Landlord and Tenant on the property described in Exhibit "A". In addition, Landlord and Tenant have simultaneously executed a Development Agreement for the orderly development of the property described in Exhibit "A" and a Maintenance Agreement for the maintenance, repair and replacement

1



restriction on the sale of office equipment, an office products supply store (e.g. - OfficeMax or Office Depot) may sell an unlimited amount of office supplies, office equipment, and related products in its ordinary course of business.

During the term and any and all renewals thereof of this lease, the Landlord, its successors and assigns, agrees not to permit or suffer any space in the shopping center, as the same is now or hereafter constituted to be used for the sale of sporting goods; it being the intention of the parties that Tenant shall have the exclusive right in the shopping center as now or hereafter constituted, to operate and conduct in the demised premises a sporting goods business. To that end, Landlord, its successors and assigns, shall not permit or suffer the use of any space in the shopping center as set forth in Exhibit "A" as the same are now or hereafter constituted, to operate in direct competition with Tenant such that the principal use of such store is for the operation and conduct of a sporting goods store. For purposes of this lease, sporting goods shall include but not be limited to: men's, women's and children's athletic sportswear and apparel; athletic footwear; bicycles; fitness equipment; golf and racquet equipment; camping equipment; marine, fishing and hunting gear; water sports equipment and ski equipment and general recreational merchandise that is athletic in nature. The term "direct competition" as used aforesaid, shall not include the use of space elsewhere in the shopping center for sporting goods as an incidental and minor use of such space as in the case of space used and operated as, for example, a department store where the sale of sporting goods is less than ten percent (10%) in both dollar value and sale of inventory and occupies no more than 3,000 square feet or ten percent (10%) of the floor space (which shall include one-half (1/2) of the relative aisle space) of the business operations therein, whichever is greater.

Landlord agrees that so long as the applicable zoning regulations only permit three (3) separate and distinct uses upon the land described in Exhibit "A", it will only operate one (1) separate and distinct use in the space adjacent to the demised premises. If the zoning regulations change to allow more than three (3) separate and distinct uses on the lands described in Exhibit "A" Landlord shall be permitted to operate two (2) or more separate and distinct uses on the lands described in Exhibit "A".

It is agreed that provisions of this Article shall be considered null and void and of no further force and effect to the extent that these provisions are prohibited by the Federal Trade Commission or by any federal, state or local law, but the parties expressly agree that in such event and within thirty (30) days of receipt of notice of any violation of state, federal or local law, ordinance or regulation, the parties will in good faith renegotiate these provisions to bring the same in accordance with applicable federal, state or local law, ordinance or regulation. In the event

19