## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **Circuit City Stores, Inc.,** *et al.* | : | **Case No. 08-35653 (KRH)** |
| | : | |
| **Debtors.** | : | |

### LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCUEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERETS (B) ASSUMTPION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY <u>LEASES AND (C) RELEASE REJECTION PROCEDURES</u>

T. J. Maxx of CA, LLC, a Delaware limited liability company (the "Objecting

Subtenant") by and through its counsel, respectfully submits this limited objection to Debtors'

*Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding*

*And Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting*

*Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired*

_____

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB #18637
Peter M. Pearl, Esquire – VSB #22344
Lisa Taylor Hudson, Esquire – VSB #45484
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 783-7237
Fax:    (804) 783-7291

-And-

Heather J. Zelevinsky, Esquire
Steven T. Hoort, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7000
Fax:  (617) 235-0745
    *Attorneys for T. J. Maxx of CA, LLC*

*Nonresidential Real Property Leases Free and Clear of All Interest (B) Assumption and*

*Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Release*

*Rejection Procedures* (the "Motion").

## PROCEDURAL HISTORY

1.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under Chapter 11 of title 11 of the *United States Code* (the "*Bankruptcy Code*").  The

Debtors continue to manage their property as debtors in possession pursuant to Sections 1107

and 108 of the *Bankruptcy Code*.

2.      On February 3, 2009, the Debtors filed the Motion.

## FACTUAL BACKGROUND

3.      Pursuant to a lease dated December 29, 1986, Circuit City Stores, Inc., or one of

its successors, leases (as amended or extended, the "Overlease") retail space at South Grant

Plaza, 1880 South Grant Street, San Mateo, California (the "Property").   The Debtors are in

possession of a portion of the Property where they operate a retail store known as Circuit City

location #232 ("San Mateo Circuit City Store").  According to the Debtors' schedules, the term

of the Overlease expires on October 31, 2015.

4.      Pursuant to a sublease dated July 31, 1987, TJM subleases (as amended or

extended, the "TJM Sublease") from the Debtors approximately 24,077 square feet of retail

space (the "San Mateo Property") on the Property. The TJM Sublease was assigned to TJM by

the TJX Companies, Inc. pursuant to an Assignment and Assumption Agreement dated January

30, 1009 (the "Assignment Agreement").   TJM is in possession of the San Mateo Property,

where it currently operates a retail store under the name T. J. Maxx, adjacent to the San Mateo

Circuit City Store. T he term of the TJM Sublease expires on October 31, 2015.

## OBJECTIONS

5.    The Objecting Subtenant objects to the Motion for the following reasons:

a.    The bidder should provide the adequate assurance information without request so as to give the Subtenant as much time as possible to evaluate prospective buyer.

b.    It is unclear which "March" leases will be slated for which auctions/sale hearings, and when Subtenant will know which auction/sale hearing dates apply to them.

c.    There is insufficient time for the Subtenant to evaluate prospective buyer; Subtenant should have at least 10 days notice to object.

d.    Cure procedures should include a provision that if cure disputes are not resolved out of court or at the sale hearing, then cure objections will be heard promptly, no later than 7 days after the sale hearing to determine cure objections.

e.    It is unclear how Subtenant will get notice that no bids were received on their lease, and how many days notice of rejection they will be provided if no bid is received or accepted by Debtors.

f.    The request for waiver of the stay under Bankruptcy Rules 6004 and 6005 is premature and should be deferred until the sale hearing(s).

g.    TJM incorporates by reference to the extent applicable its objection [Docket No. 1586] to the Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363 and 364 (I) (A) Approving Procedures in Connection With Sale of All or Substantially All of the Business or Additional Post-Petition Financing For the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions Or Stalking Horse Agreements in Connection With Store Closing and Miscellaneous Asset Sales, (C) Approving The Payment of Termination Fees in Connection Therewith, And (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief [Docket No. 1423].

h.    The Court should not make any findings under 363(e) as part of the bidding procedures as such findings should wait until the sale hearing.

6.    The Objecting Subtenant also joins in the objections filed by landlords to the Motion to the extent they are not inconsistent with this objection.

3

**WHEREFORE,** the Objecting Subtenant respectfully requests that any final order granting the Motion be modified pursuant to the terms of this objection, or that the Motion be denied in its entirety, and that the Objecting Subtenant be granted such other and further relief as the Court may deem just and proper.

Dated: February 11, 2009

   /s/ William A. Gray

William A. Gray, Esquire – VSB #46911
C. Thomas Ebel, Esquire – VSB #18637
Peter M. Pearl, Esquire – VSB #22344
Lisa Taylor Hudson, Esquire – VSB #45484
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 783-7237
Fax: (804) 783-7291

-And-

Heather J. Zelevinsky, Esquire
Steven T. Hoort, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7007
Fax: (617) 235-0745
*Attorneys for T. J. Maxx of CA, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 11th day of February, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List:

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
  *Attorneys for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
  *Attorneys for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
  *Attorneys for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
  *Attorneys for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
  *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
  *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
  *Special Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
  *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
  *Counsel for the Official Committee
  Of Unsecured Creditors*


  /s/ William A. Gray_____