KUTAK ROCK LLP
Michael A. Condyles (VSB 27807)
Loc Pfeiffer  (VA 39632)
Peter J. Barrett (VSB 46179)
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700
  *Counsel to Schottenstein Property Group, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653-KRH |
|  | Chapter 11 |
| Debtors. | Jointly Administered |

**LIMTED OBJECTION OF SCHOTTENSTEIN PROPERTY GROUP, INC. TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES  AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERESTS (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (C) LEASE REJECTION PROCEDURES**

Schottenstein Property Group, Inc. ("Schottenstein"), by counsel, states the following for its limited objection to the relief requested in the *Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates  and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Auction Motion"):

## BACKGROUND

1. On November 10, 2008, Circuit City, Inc. and its affiliated debtors (the "Debtors") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors are operating their businesses and managing their properties as debtors-in-possession.

2. Schottenstein is the managing agent/landlord for two shopping centers leased by the Debtors and affected by the Auction Motion (the "Leased Premises"). The Leased Premises are described as follows:

    a. Store # 910 – Springdale, Ohio (noted in the Auction Motion as "Tri-County Superstore" as one of the "March Leases" in Exhibit 3 filed in connection with the Auction Motion).

    b. Store #3196 – Beavercreek, Ohio (noted in the Auction Motion as "Dayton 3 Superstore" as one of the "February Leases" in Exhibit 2 filed in connection with the Auction Motion).

3. The Leased Premises are non-residential, real properties that the Debtors lease in connection with their retail operations (the "Leases"). The Leased Premises are located in "shopping centers" for purposes of Bankruptcy Code § 365(b)(3).

## LIMITED OBJECTION

### Adequate Assurance

4. The Auction Motion does not provide a sufficient mechanism to determine whether the potential assignees of the Leases can satisfy the adequate assurance requirements under Bankruptcy Code. The Debtors have the burden of proving adequate assurance under the Bankruptcy Code. However, the Debtors seek to shift the burden by imposing a duty upon the landlords to ask for the information and then filing an objection within a very tight deadline or

otherwise the adequate assurance issue is adjudicated in favor of the Debtors by default. With all due respect to the Debtors, producing information to the landlord should be automatic and not be conditioned upon the landlord's request. Nor should the issue of adequate assurance be waived under the constricted timetable the Debtors suggest. The landlords should be afforded a reasonable opportunity to determine whether adequate assurance exists and the Debtors should not be allowed to bypass the requirement that they must prove that adequate assurance exists.

5. The Auction Motion requires a bidder to submit *some* diligence information as part of submitting a bid package and to authorize the Debtors to provide such information to the landlord. But the landlords may need more. Landlords may need balance sheets, cash flow projections, references, etc., to determine whether adequate assurance exists. To the extent necessary, a landlord should be afforded more information if such information is deemed reasonably necessary. In addition, the information must be provided timely and, in this case, the same date that the Debtors receive the information as part of the bid package. As written, the Auction Motion does not even obligate the Debtors to send the information to the landlord unless the landlord makes a request.

6. The Debtors' proposed auction procedures run afoul with the landlords' rights to due process. The Debtors propose to provide notices of potential purchasers to landlords (without adequate assurance information unless specifically requested after the Debtors provide the notice of potential purchaser) after an auction concludes. Objections are due one business day before the sale hearing. The Debtors' proposed timetable provides one to three days' notice. This is not due process. While Schottenstein appreciates the Debtors' need to move quickly through this process, Schottenstein respectfully suggests that due process must be afforded so

4845-8441-7795.1                                 3

that matters such as due diligence, discovery (if there are disputed factual issues), and filing objections, if necessary, can be fairly pursued and completed.

### Specific Use

7. The Auction Motion does not provide a mechanism to determine whether the specific intended uses by potential assignees. The Bankruptcy Code is clear that any proposed assignee must also indicate its specific intended use under the Leases. *See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. 109-8) in 2005. Schottenstein respectfully requests the Court to require the Debtors to provide this information as part of the adequate assurance information to be provided to a landlord whose lease is being sold.

### Lease Rejection Procedures

8. The Debtors propose to abandon any property they leave behind with respect to any lease that they reject as provided in the Auction Motion (i.e., no bid, store closing completed, etc.). The Court should not allow the Debtors to use the Leased Premises, hold up Schottenstein for months while the Debtors try to sell the Leases (now for the third time) and to conduct their going-out-of-business sales, and then simply dump their unwanted property on the Leased Premises and walk away in contravention of their duties under the Leases. Schottenstein respectfully requests the Court to require the Debtors to leave the Leased Premises in broom-clean condition. If Schottenstein incurs any expense to clean up the Debtors' mess, then Schottenstein should be granted an administrative expense priority for such expenses.

### Joinder

9. Schottenstein joins in the objections raised by the other landlords to the extent such objections are not inconsistent herewith.

### Waiver

10.    Because there are novel issues of law involved, Schottenstein respectfully requests the Court to treat this Limited Objection as a written memorandum of points and authorities or waive any requirement that this pleading be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Bankruptcy Rules for the Eastern District of Virginia.

**WHEREFORE**, Schottenstein requests the Court to sustain this Limited Objection, to modify the terms of the relief sought in the Auction Motion to address the concerns herein, and to award such other relief as this Court deems appropriate.

**SCHOTTENSTEIN PROPERTY GROUP, INC.**

/s/  Loc Pfeiffer
Michael A. Condyles (VA 27807)
Loc Pfeiffer  (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:    (804) 644-1700
Facsimile:     (804) 783-6192
*Counsel to Schottenstein Property Group, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on February 11, 2009, a true and exact copy of the foregoing objection was forwarded via ECF notification to necessary parties, including the following: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, and (iii) counsel to the Official Committee of Unsecured Creditors.

    /s/ Loc Pfeiffer
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219
Telephone:  (804) 644-1700
Facsimile:  (804) 783-6192