**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|   |   |   |
|---|---|---|
| IN RE: | ) | Case No. 08-35653-KRH |
|  | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) | Jointly Administered |
|  Debtors. | ) |  |
|  | ) |  |

**OBJECTION OF RICMAC EQUITIES CORPORATION
TO MOTION OF DEBTORS FOR ORDERS APPROVING
BIDDING AND AUCTION PROCEDURES, SETTING SALE HEARING
DATES, AND APPROVING SALE OF CERTAIN LEASES, ASSUMPTION AND
ASSIGNMENT OF CERTAIN LEASES, AND LEASE REJECTION PROCEDURES**

Ricmac Equities Corporation ("Ricmac"), by counsel, hereby objects to the Motion of Debtors for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of all Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Motion") (Docket No. 1946), and in support of this objection states as follows:

<u>Background and Summary of Objection</u>

1. Ricmac is the landlord under a ground lease (the "Ground Lease") with Circuit City Stores, Inc. ("CCSI") for the real property located at 217 Bethpage Road, Hicksville, New York (the "Premises"). The Ground Lease is listed on Revised Exhibit 3 (Docket No. 2003) to the proposed order filed with the Motion as one of the leases which the Debtors are seeking

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Attorney for Ricmac Equities Corporation

authority to sell or, in the alternative, to reject. A copy of the Ground Lease, with Exhibit D, is attached hereto as Exhibit A.

2. CCSI constructed a store on the Premises of approximately 32,459 square feet.

3. Ricmac hereby joins in the objections to the Motion filed by the other landlords, to the extent not inconsistent with this objection. In particular, as discussed below, Ricmac objects to the request for authority to leave the abandoned personal property at the Premises, and if such request is approved, Ricmac reserves the right to pursue reimbursement of the cost of disposing of the personal property as an administrative expense. In addition, if the Ground Lease is rejected, Ricmac seeks to require CCSI to provide a document in recordable form reflecting the termination of the Ground Lease.

Objection to Request for Authority to Leave the
Abandoned Personal Property on the Premises

4. In addition to the other relief requested in the Motion, the Motion seeks to abandon the personal property located at the Premises (Motion ¶¶ 29, 52-53). The Motion relies solely on Bankruptcy Code § 554, and asserts that "the costs of moving and storing the Abandoned Property would far outweigh any benefit to their [the Debtors'] estates." Motion ¶ 53. The Motion seeks to abandon the personal property whether or not the Ground Lease is assumed or rejected.

5. Paragraph 16 of the proposed order submitted with the Motion not only permits the abandonment of the personal property, it also permits CCSI to leave the personal property at the Premises. The proposed order authorizes CCSI to abandon the personal property to Ricmac (if the Lease is rejected) or the successful bidder (if the Lease is assumed and assigned).

6. Paragraph 23 of the Ground Lease provides in part as follows:

> 23. <u>Expiration of Term and Holding Over</u>.  All of the Personalty shall be removable by Tenant any time prior to, or within thirty (30) days after, the expiration or earlier termination of this Lease and shall be so removed by Tenant at the request of Landlord within thirty (30) days after the expiration or termination of this Lease.  In the event Tenant fails to remove any or all of its Personalty within the said thirty (30) day period, Landlord may, at Landlord's option, deem such Personalty abandoned and dispose of it as Landlord deems proper, at Tenant's cost and expense, or remove such Personalty, or the balance thereof, cause such Personalty to be placed into storage and thereafter charge Tenant the cost of such removal and storage, together with interest thereon at the highest rate allowed by State law.  Those improvements that are integrated into the physical structure of the Building, except any of Tenant's trade fixtures, shall not be removed and shall become the property of Landlord.  (A nonexclusive list of Tenant's initial removable trade fixtures is attached hereto as <u>Exhibit "D"</u>.)  Tenant agrees promptly to repair any damage to the Premises occasioned by the removal of Tenant's trade fixtures, furnishings, signs and communications equipment (except for small holes caused by nails, fasteners and the like unless the same are in the exterior of the Building, roof or the paved areas of the Premises) and to surrender the Premises broom clean, in as good condition as on the date of Tenant's opening for business therein, ordinary wear and tear, casualty and condemnation excepted. . . .

To the extent that paragraph 23 of the Ground Lease requires Ricmac to request CCSI to remove the personal property located at the Premises, this Objection constitutes such request.

7. CCSI has the option of removing the personal property in compliance with the Ground Lease, and then abandoning it, but it has not chosen to take this route.  Instead, under the guise of abandonment, CCSI is asking the Court to approve a postpetition breach of the Ground Lease in order to shift the cost of removing the personal property to Ricmac.

8. CCSI's request is in direct contravention of Bankruptcy Code § 365(d)(3), which requires CCSI to perform *all* of its postpetition obligations under the Ground Lease until the Ground Lease is either assumed or rejected.  Neither Bankruptcy Code § 554 nor any other provision of the Bankruptcy Code permits the Court to relieve CCSI of the

Section 365(d)(3) requirement that CCSI must fulfill its obligations under the Ground Lease. *See, e.g., In re Resource Technology Corp.,* 430 F.3d 884, 887 (7th Cir. 2005) ("a debtor may abandon assets but not contractual duties"); *In re Trak Auto Corp.,* 277 B.R. 655, 670 (Bankr. E.D. Va. 2002) ("[i]f the lease provides for the repair of any damages as a condition of vacating the premises or of ending the lease, however damages may be defined in the lease, we will uphold those provisions and enforce them if necessary").

9. The Debtors also state in the Motion at ¶ 53 that removing the personal property from the leased premises will "unnecessarily" delay the rejection of their leases. They give no support for this statement. Under the lease rejection procedures for which the Motion seeks approval, the March Leases are rejected as of March 31, 2009, unless the Debtors give a seven-day notice of earlier rejection (Motion ¶ 27). The Debtors do not claim that they cannot remove the personal property by March 31 or within the seven-day notice period, if applicable.

10. If the Court authorizes CCSI to leave the personal property on the Premises, then Ricmac reserves its right to seek reimbursement of the cost to remove the personal property as an administrative expense, and joins in the objections of the other landlords with respect to this issue.

<u>Request for Lease Termination Document in Recordable Form</u>

11. In addition, a memorandum of ground lease has been recorded against the Premises. Therefore, Ricmac requests that, if the Ground Lease is rejected, CCSI be required to execute a document in recordable form confirming the termination of the Ground Lease and the date of termination.

<u>Attendance at February 13, 2009 Hearing</u>

12.    Because the issues raised by Ricmac are also being raised by many of the other landlords, and its position is fully set forth herein, Ricmac will rely solely on this objection and the objections of the other landlords in which it joins, and its counsel does not expect to attend the February 13, 2009 hearing.

WHEREFORE, Ricmac Equities Corporation, Inc., by counsel, hereby respectfully requests that the Court condition any approval of the Motion of Debtors for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of all Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures on (a) the removal of the personal property located at 217 Bethpage Road, Hicksville, New York; and (b), if the Ground Lease is rejected, on the execution by CCSI of a document in recordable form confirming the termination of the Ground Lease.

    Respectfully submitted

    THE MEIBURGER LAW FIRM, P.C.

Dated: February 11, 2009    By:   /s/ Janet M. Meiburger
    Janet M. Meiburger, Esq.
    (VSB No. 31842)
    1493 Chain Bridge Road, Suite 201
    McLean, Virginia 22101
    (703) 556-7871

    Attorney for Ricmac Equities Corporation

# CERTIFICATE OF SERVICE

I HEREBY certify that on this 11th day of February, 2009, (1) a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to Motion of Debtors for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of all Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures will be served by ECF e-mail pursuant to the applicable Standing Order of the Court, which includes service on most of the persons included on the Core Group Service List and the Rule 2002 List; (2) I caused a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to be sent by e mail to circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com; and (3) I caused a true and correct copy of the foregoing Objection of Ricmac Equities Corporation to be sent by first class mail, postage prepaid, to:

Circuit City Stores, LLC
Attention:  Reginald D. Hedgebeth
9950 Maryland Drive
Richmond, VA  23233

Riemer & Braunstein LLP
Attention:  David S. Berman
Three Center Plaza, 6th Floor
Boston, MA  02108.


/s/ Janet M. Meiburger
Janet M. Meiburger