Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., : Case No. 08-35653 (KRH)
et al., :
:
Debtors. : Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' (I) RESPONSE TO THE MOTION OF PLUMCHOICE, INC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO PERMIT TERMINATION OF DISPATCH AGREEMENT AND REQUEST FOR RELATED RELIEF INCLUDING APPROVAL OF SHORTENED NOTICE PERIOD AND (II) CROSS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING NUNC PRO TUNC REJECTION OF A CERTAIN EXECUTORY CONTRACT**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

"Circuit City" or the "Debtors")[1] hereby submit (i) their response (the "Response") to the Motion of PlumChoice, Inc. for Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(d)(1) To Permit Termination Of Dispatch Agreement And Request For Related Relief Including Approval Of Shortened Notice Period (the "Motion") (D.I. 1498), and (ii) their Cross Motion for order Pursuant to Bankruptcy Code Sections 105(a) and 365(a) and Bankruptcy Rule 6006 Authorizing <u>Nunc Pro Tunc</u> Rejection of a Certain Executory Contract (the "Cross Motion").  In support of the Response and Cross Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**BACKGROUND**

**A.    The Bankruptcy Cases.**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

3.    At the conclusion of the auction, the Debtors' determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent").  On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634).  The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

**B.   The Dispatch Agreement.**

4.   On or about May 31, 2006, PlumChoice, Inc. ("PlumChoice") and Circuit City entered into an agreement (the "Dispatch Agreement") pursuant to which PlumChoice agreed to provide certain telephonic dispatch support and scheduling services (the "Services") to the Circuit City in connection with its home theater installation, home delivery and personal computer services businesses (the "firedog$^{SM}$ Assets").  PlumChoice currently employs approximately 35 personnel to provide the Services.  See Motion at ¶ 5.

5.   PlumChoice is paid for the Services monthly, in arrears.  At the beginning of each month, PlumChoice provides Circuit City with an invoice for the projected cost of that month's Services, along with a reconciliation of billed Services to actual Services for the previous month.  Pursuant to the Dispatch Agreement, Circuit City pays PlumChoice within forty-five (45) days of receipt of the invoice.  PlumChoice concedes that the Debtors have continued to make such payments since the Petition Date.  See Motion at ¶ 7.

4

6. The Debtors have not yet assumed or rejected the Dispatch Agreement pursuant to Bankruptcy Code section 365.

**RESPONSE**

7. On January 13, 2009, PlumChoice, Inc. ("PlumChoice") filed the Motion seeking relief from the automatic stay to permit termination of the Dispatch Agreement. Subsequently, on January 28, 2009, PlumChoice filed its Motion for Order Directing Debtors to Pay Administrative Expenses Pursuant to 11 U.S.C. §§ 503(b) and 507(a) and Request for Related Relief (the "Administrative Expense Claim") (D.I. 1832).

8. In the Administrative Expense Claim, PlumChoice alleges that the "Debtors unilaterally terminated the Dispatch Agreement without any prior notice" on January 20, 2009. See Administrative Expense Claim at ¶ 28. The Debtors dispute those allegations.

9. The Debtors do not oppose entry of an order lifting the automatic stay for the limited purpose of allowing termination of the Dispatch Agreement as of January 20, 2009, so long as the Debtors would be

5

authorized to reject the Dispatch Agreement nunc pro tunc as of the same date, January 20, 2009.

**CROSS MOTION**

10. By the Cross Motion, the Debtors respectfully request entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject the Dispatch Agreement, including any amendments or modifications thereto, nunc pro tunc to January 20, 2009.  In support of the Cross Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

11. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006.

**RELIEF REQUESTED**

13.    By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Dispatch Agreement nunc pro tunc to January 20, 2009.

**BASIS FOR RELIEF**

14.    As discussed above, the Debtors do not oppose the Court granting an order lifting the automatic stay for the limited purpose of allowing PlumChoice to terminate the Dispatch Agreement retroactive to January 20, 2009, so long as the Debtors are authorized to reject the Dispatch Agreement nunc pro tunc to the same date.

15.    In light of the fact that the Dispatch Agreement will be terminated, the Debtors have determined in their business judgment that the Dispatch Agreement provides no value to the Debtors' estates. Accordingly, the Debtors believe that rejection of the Dispatch Agreement is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

16.  Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

17.  Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action

8

taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

18. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

19. As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Dispatch Agreement. In light of the fact that the Dispatch Agreement will be terminated, the Debtors have determined in their business judgment that the Dispatch Agreement provides no value to the Debtors' estates. Accordingly, rejection of the Dispatch Agreement reflects the exercise of the Debtors' sound business judgment.

20. Section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively. However, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the court's order. See, e.g., In re At Home Corp., 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), cert. denied sub nom. Pacific Shores Dev., LLC v. At Home Corp., 546 U.S. 814 (2005); In re CCI Wireless, LLC, 297 B.R. 133, 140 (D. Colo. 2003).

21. Here, where PlumChoice alleges the Dispatch Agreement was terminated as of January 20, 2009, the Court should exercise its discretion to permit the Debtors to reject the Dispatch Agreement as of the same date. To the extent PlumChoice receives the benefits it seeks from termination of the agreement, the Debtors should be granted relief to reject the Dispatch Agreement as of the same date in order to maximize the value of the Debtors' estates for all other creditors.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) lifting the stay for the limited purpose of allowing PlumChoice to terminate the Dispatch Agreement as of January 20, 2009, and (ii) authorizing the Debtors to reject the Dispatch Agreement as of the same date.

Dated: February 11, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                      - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley         .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession