Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' RESPONSE AND OBJECTION TO WAYNE, VF LLC
AND VORNADO REALTY TRUST'S MOTION FOR RELIEF
<u>FROM AUTOMATIC STAY WITH SUPPORTING MEMORANDUM OF LAW</u>**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response") to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

the Motion for Relief from Automatic Stay of with Supporting Memorandum of Law (the "Motion") filed by Wayne VF, LLC ("Wayne") and Vornado Realty Trust ("Vornado") (collectively, the "Movants").  In support of the Response, the Debtors respectfully represent as follows:

**BANKRUPTCY BACKGROUND**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

---

*(cont'd from previous page)*
   (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

"Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

    4.  On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

### NEW JERSEY STATE COURT LITIGATION BACKGROUND

    5.  On or about April 29, 2008, James Fouskey filed a complaint (the "Complaint") against Circuit City Stores, Inc. and the Movants in the Superior Court of New Jersey, Bergen County (the "State Court") alleging injuries sustained at one of the Debtors' locations in Wayne, New Jersey (the "Lawsuit").  On or about June 18, 2008, Circuit City Stores, Inc. filed its answer and cross claim against the Movants.  On or about June 18, 2008, the Movants filed their answer and cross claim against Circuit City Stores, Inc.

    6.  On or about November 26, 2008, the Debtors filed a Suggestion in Bankruptcy in the State Court.

7. On or about January 22, 2009, the Movants filed the Motion seeking relief from the automatic stay to proceed with the Lawsuit.

**PRELIMINARY STATEMENT**

8. The Movants have not, and cannot meet their burdens with respect to the Motion. The Movants have failed to meet their statutory burdens under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. In the Motion, the Movants seek lifting of the automatic stay to allow the Movants to continue the Lawsuit "to proceed only against available insurance proceeds." Motion, ¶ C, 6. The Movants have failed to demonstrate that they will suffer any harm or prejudice as a result of the automatic stay if the Lawsuit does not proceed.

9. Conversely, the Debtors will suffer substantial injury if the stay is lifted and the Movants are allowed to proceed to trial with the Lawsuit. Also, as set forth below, the Movants fundamentally misunderstand the nature of the Debtors' insurance coverage because the Debtors will incur substantially costs to defend the Lawsuit notwithstanding that the Movants are only entitled, if anything, to an unsecured claim.

10.  Moreover, the delay, if any, imposed upon the Movants as a result of the automatic stay is likely to be minimal.  Because the Movants have articulated no cause for lifting the automatic stay, the Motion should be denied in its entirety.

### OBJECTION TO THE MOTION FOR RELIEF FROM STAY

11.  The Debtors respectfully object to the Movants' Motion.  The Movants request that they be permitted to proceed against available insurance proceeds, and that "[t]he Debtor Circuit City Stores, Inc. has available insurance through Old Republic Insurance Company."  Motion ¶ B, 7.  The Movants misunderstand the Debtors' insurance coverage and the necessary costs, time, and involvement associated with the Debtors' continued involvement and participation in the Lawsuit.  The Debtors have $500,000 in self-insured retention and then up to a $1,500,000 deductible before any insurance monies are impacted.  In addition, the Debtors fund litigation expenses that are charged against these retentions and deductibles.  Accordingly, the Movants would have to receive a judgment in the minimum amount of up to $2,000,000 (less incurred expenses) against the Debtors before they would receive any insurance proceeds.  Continuation of the case against the

5

Debtors would, at a minimum, cause the Debtors to have to expend significant additional costs in the defense of the Lawsuit.

   12.   The Movants have filed three (3) proofs of claim asserting claims against the Debtors, which pursuant to Rule 3001(f) of the Bankruptcy Rules are considered *prima facie* evidence of the validity of the claims and amounts until objected to by the Debtors or another proper party in interest.

   13.   The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," *In re Nelco*, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to have broad application.  *See* H.R. Rep. No. 95-595. 95th Cong., a340-42(1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the

6

automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions." In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

      14.  Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if it is able to show that cause exists for such relief. See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay). The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property of such parting in interest."  11 U.S.C. § 326(d)(1).  Other circumstances constituting "cause" are determined by the courts on a "case-by-case" basis.  See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).  The moving party carries the

burden of making an "initial showing of 'cause' for relief from the stay." In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).

15.  To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[2]

16.  As demonstrated below, applying this balancing test, the Movants cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as they have not alleged that the brief time delay imposed by the stay against the Debtors will

---

[2]  In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

8

impose a serious burden upon them. However, even if the Court finds that the Movants have leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

### A. Permitting the Lawsuit to Proceed Would Cause Prejudice to the Debtors and the Estates

17. The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift

9

stay because discovery would require the debtor to expend sufficient time and effort away from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

18.  At the outset, it should be noted that the Movants' Motion is inconsistent with the fundamental purpose of the automatic stay.  The Debtors' management and in-house legal team are already taxed with the responsibility of managing and responding to inquiries from the Debtors' creditors, vendors, employees, and other parties-in-interest regarding these chapter 11 cases.  The Movants nevertheless argue that the stay should be lifted so that they can proceed with the Lawsuit.

19.  The Debtors and their estates would be prejudiced if the automatic stay were modified to permit the Lawsuit to proceed at this point in these chapter 11 cases because litigating the Lawsuit would expose them to significant financial commitments and litigation costs in addition to the potential liability in the Lawsuit.

20.   Accordingly, the Debtors will suffer significant prejudice if the Motion were granted because of the distraction and interference to the Debtors' administration of these bankruptcy cases that would flow from allowing the Lawsuit to proceed at this early stage of these chapter 11 cases.  See In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.")(citing In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984)).

**B.   The Movants Would Suffer Little, If Any, Hardship If The Automatic Stay Is Retained**

21.   While the Debtors would suffer significant prejudice in moving forward with the Lawsuit at this time, the Movants have not shown that they would be prejudiced if the Motion is denied.  Such a denial would only continue the status quo, and the Movants would only face the ordinary delay that all creditors face in complex chapter 11 cases.  Creditor delay is inherent in the bankruptcy process, and is an unavoidable – and intended – consequence of the automatic stay.  See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr.

11

N.D.Ill. 2002)("The automatic stay almost always delays litigants.  That, after all, is its purpose, and the reason they call it a 'stay.'").  Furthermore, the Lawsuit is still in the pretrial stages.  The Lawsuit has been pending for less than one (1) year and substantial discovery and pretrial motions remain outstanding, and, if the Lawsuit were permitted to proceed toward trial in the State Court, a decision on the merits leading to a liquidated claim could take an extended period of time.  It is not likely, then, that the stay would have any effect on the timing of the disposition of the Lawsuit.  Accordingly, it is in the best interests of both parties for the automatic stay to remain.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: February 11, 2009  SKADDEN, ARPS, SLATE, MEAGHER &
Richmond, Virginia        FLOM, LLP
                          Gregg M. Galardi, Esq.
                          Ian S. Fredericks, Esq.
                          P.O. Box 636
                          Wilmington, Delaware 19899-0636
                          (302) 651-3000

                          - and –

                          SKADDEN, ARPS, SLATE, MEAGHER &
                          FLOM, LLP
                          Chris L. Dickerson, Esq.
                          333 West Wacker Drive
                          Chicago, Illinois 60606
                          (312) 407-0700

                          - and –

                          MCGUIREWOODS LLP

                           /s/ Douglas M. Foley
                          Dion W. Hayes (VSB No. 34304)
                          Douglas M. Foley (VSB No. 34364)
                          One James Center
                          901 E. Cary Street
                          Richmond, Virginia 23219
                          (804) 775-1000

                          Counsel for Debtors and Debtors
                          in Possession

\7421553.1

13