Malcolm M. Mitchell, Jr. (VSB No. 18098)
Suparna Banerjee (VSB No. 67929)
Kara D. Lehman (VSB No. 68359)
Vorys, Sater, Seymour and Pease LLP
277 South Washington Street, Suite 310
Alexandria, VA 22314
Telephone: 703-837-6999
Facsimile: 703-549-4492
mmmitchell@vorys.com
*Counsel for Polaris Circuit City, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

------------------------------------------------------------x
                                                           )
In re:                                                     )    Chapter 11
                                                           )
CIRCUIT CITY STORES, INC., *et al.*,                       )    Case No. 08-35653-KRH
                                                           )
         Debtors.                                          )    Jointly Administered
                                                           )    Judge Kevin R. Huennekens
------------------------------------------------------------x

### MOTION AND SUPPORTING MEMORANDUM OF POLARIS CIRCUIT CITY, LLC FOR AN ORDER (A) COMPELLING DEBTOR TO IMMEDIATELY PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503 (b), AND (B) GRANTING RELATED RELIEF

**COMES NOW** Polaris Circuit City, LLC ("Polaris"), by and through its counsel, Vorys, Sater, Seymour and Pease LLP, and hereby moves this Court to enter an order, substantially in the form attached hereto as "Exhibit C," (a) authorizing and directing Circuit City Stores, Inc., one of the debtors in the above-captioned bankruptcy cases (the "Debtor") to immediately pay outstanding administrative rent in the amount of $61,692.79, plus all real estate taxes accruing after February 28, 2009, and owed to Polaris pursuant to Sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy

-2-

Code"), and (b) granting related relief, as more specifically described herein (the "Motion"). In support of this Motion, Polaris respectfully states as follows.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BASES FOR RELIEF

2. The statutory bases for the relief requested herein are Sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

### BACKGROUND

3. Polaris is the lessor and landlord of certain nonresidential real property located in Columbus, Ohio (the "Leased Premises").

4. Pursuant to a lease dated June 15, 2004 (the "Lease"), Polaris leases the Leased Premises to the Debtor. A true and accurate copy of the Lease is attached hereto as "Exhibit A."

5. Pursuant to the Lease, the Debtor was required to pay, on the first day of November 2008, base rent and other monthly charges in the total aggregate amount of $55,516.00 (the "November Rent").

6. On November 10, 2008 (the "Petition Date"), the Debtor and various of its debtor affiliates filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

7. The Debtor currently remains in possession of, and enjoys the use and occupancy of, the Leased Premises.

8. The Debtor has not paid the November Rent, and, most importantly for the purpose of this Motion, has failed to pay the portion of the November Rent comprised of the "stub" administrative rent and other related charges due and owing under the Lease for the post-petition period commencing upon November 10, 2008 and ending upon November 30, 2008, in the total aggregate amount of $38,861.20 (the "November Administrative Rent"). The Debtor has also failed to pay the real estate taxes due and owing under the Lease for the post-petition period commencing upon November 10, 2008 through December 31, 2008, in the prorated amount of $10,695.88 and for the period January 1, 2009 through February 28, 2009 in the amount of $12,135.71 plus real estate taxes of $205.69 per day for each day the Debtor remains in possession of the Leased Premises. Copies of the Invoices showing the complete breakdown of the November Administrative Rent and the real estate tax invoice with attached bill and prorated calculations of the accrued post-petition real estate taxes owed to Polaris are attached hereto collectively as "Exhibit B." The sum of the outstanding November Administrative Rent and post-petition real estate taxes is $61,692.79, plus $205.69 per day for real estate taxes accruing after February 28, 2009 (the "November and Real Estate Tax Administrative Rent").

## RELIEF SOUGHT

9. The Court's Order Approving Agency Agreement, Store Closing Sales and Related Relief approved the Agency Agreement which required the payment of real estate taxes as an "Occupancy Expense" under the Lease. No post-petition real estate taxes have been paid to the Landlord by the Agent or by the Debtor.

10. Polaris seeks this Court's entry of an order, substantially in the form attached hereto as "Exhibit C," (a) authorizing and directing the Debtor to immediately pay the November and December Administrative Rent owed to Polaris pursuant to Sections 365(d)(3) and 503(b) of

the Bankruptcy Code, (b) authorizing and directing the Debtor to reimburse Polaris for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) authorizing and directing the Debtor to make all future monthly payments of administrative rent and related charges to Polaris in full on or before the first day of the month for which such administrative rent and related charges accrue, and to pay the real estate taxes as the same accrue, all as required by the Lease, and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

11. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor* . . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

12. The unique position of the nonresidential real property lessor during the post-petition, pre-rejection period is recognized and addressed by Section 365(d)(3) of the Bankruptcy Code and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." In re Pudgie's Dev. of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely payment of all nonresidential property lease obligations, Section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period. In In re Pudgie's, the U.S. Bankruptcy Court for the Southern District of New York strictly construed Section 365(d)(3) to hold that

nonresidential real property lessors are entitled to immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease.

13. This Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See* In re Trak Auto Corporation, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004). Indeed, the court in Trak Auto specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." Id. at 669; *see also* In re Best Products Company, Inc., 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services in the debtor"); Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.), 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and by requiring these payments to be paid at the time required in the lease)); In re Financial News Network, Inc., 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993).

14. In light of the Debtor's failure to pay the November and Real Estate Tax Administrative Rent to Polaris, absent an order from this Court, the Debtor will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, this Court should enter an order not only directing the Debtor to immediately pay the November and Real Estate Tax Administrative Rent due to Polaris pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, but also requiring the Debtor to timely pay all

future administrative rent and related charges, including real estate taxes, that arise under the Lease on a post-petition basis.

15. Furthermore, Paragraph 34(f) of the Lease provides that the Debtor is obligated to promptly reimburse Polaris for all reasonable and actual legal fees incurred in connection with enforcing the Lease after the Debtor defaults on its obligations under the Lease. Accordingly, Polaris requests that the Debtor be directed to pay the attorneys' fees and costs incurred by Polaris in connection with filing and prosecution this Motion.

## NOTICE

16. Notice of this Motion will be given to (i) counsel to the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Polaris submits that no other or further notice of this Motion is required.

## WAIVER OF MEMORANDUM OF LAW

17. Polaris respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

18. No previous motion for the relief with regard to payment of the real estate taxes sought herein has been made to this Court or any other court. Polaris previously sought payment of the stub rent. Polaris submits that its Premises are listed on the March Closing Stores List which is a sufficient change in circumstances justifying another request for immediate payment of the stub rent.

WHEREFORE, Polaris respectfully requests entry of an order, substantially in the form attached hereto as "<u>Exhibit C</u>," (i) authorizing and directing the Debtor to (a) immediately pay the November and Real Estate Administrative Rent owed to Polaris pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) reimburse Polaris for all of its reasonable and actual attorneys' fees and costs incurred in preparing and prosecuting this Motion due to the Debtor's failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) to make all future monthly payments of administrative rent and related charges to Polaris in full on or before the first day of the month for which such administrative rent and related charges become due under the Lease, and to pay the real estate taxes as the same accrue, as required by the Lease, and (ii) granting such other and further relief as the Court deems just and proper.

Dated:   February 11, 2009              /s/ Malcolm M. Mitchell, Jr.
         Alexandria, Virginia           Malcolm M. Mitchell, Jr. (VSB No. 18098)
                                        Suparna Banerjee (VSB No. 67929)
                                        Kara D. Lehman (VSB No. 68359)
                                        Vorys, Sater, Seymour and Pease LLP
                                        277 South Washington Street, Suite 310
                                        Alexandria, VA 22314
                                        Telephone:  703-837-6999
                                        Facsimile:   703-549-4492
                                        mmmitchell@vorys.com
                                        *Counsel for Polaris Circuit City, LLC*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2009, a true and complete copy of the foregoing *Motion and Supporting Memorandum of Polaris Circuit City, LLC for an Order (A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), and (B) Granting Related Relief* was served by electronic delivery to all of the parties through ECF.

/s/ Malcolm M. Mitchell, Jr.