UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------------------

In re:

CIRCUIT CITY STORES, INC., *et al.*   Case No. 08-35653-KRH
                                       Jointly Administered
                          Debtors.     Chapter 11 Proceedings

------------------------------------------------------------------

**Objection to Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, and (III ) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption and Assignment of Certain Unexpired Nonresidential Real <u>Property Leases, and (C) Lease Rejection Procedures</u>**

The landlords identified on Exhibit A attached hereto (the "Objecting Landlords"), respectfully submit this objection (the "Objection") to the Debtors' Motion for Orders Under 11 U.S.C. §§ 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, and (III) Authorizing and Approving (A) Sale of Certain Nonresidential Real Property Leases Free and Clear All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases, and (C) Lease Rejection Procedures (the "Auction Motion"). In support thereof, the Objecting Landlords state the following:

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:     (804) 697-4100
Facsimile: (804) 697-4112

Counsel to Landlords listed on Exhibit A

**Background**

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlords lease nonresidential real property to the Debtors under unexpired leases that have yet to be assumed or rejected by the Debtors. In many cases, the premises leased by the Debtors are located within "shopping centers" as that term is used in Section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On February 3, 2009, the Debtors filed the Auction Motion, seeking approval of proposed bidding and auction procedures, setting sale hearing dates, and authorizing (i) the sale of nonresidential real property leases, (ii) assumption and assignment of the same, and (iii) lease rejection procedures.

**Objection to the Auction Motion**

**A.    Adequate Assurance of Future Performance Information.**

5. A debtor must provide adequate assurance that a proposed assignee has a financial condition and operating performance similar to that of the debtor-tenant at the time the lease was entered into. *See* 130 Cong. Rec. S-8895 (June 29, 1994).

6. The Objecting Landlords must be provided with information sufficient to assess any proposed assignee's (both successful bidders and alternate bidders) operating experience and financial capability going forward under the Leases in order for the Debtors to comply with the adequate assurance of future performance requirements of Bankruptcy Code Section 365(b)(3) and (f)(2). The Debtors have the burden of providing that adequate assurance of the future performance exists. Such information should include, at a minimum, audited and unaudited financial statements, income and expense statements and balance sheets for the past three years, complete tax returns for at least the last three years, cash flow projections for two years and information regarding current management and the proposed assignee's operating history (the "Adequate Assurance Information").

7. A proposed assignee must also indicate its specific intended use of the property, including any name plates under which it intends to operate under the Leases. Congress made it clear in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) in 2005 that all provisions of the Leases, including the use provisions, must be adhered to and cannot be overridden.

8. The Objecting Landlords should be provided with the Adequate Assurance Information with any notice of a potential purchaser at least ten (10) days prior to the deadline to object to any proposed assumption and assignment of a Lease. The Adequate Assurance Information should be filed with the Court and served on counsel to the Objecting Landlords by email. The Objecting Landlords require sufficient time to review such information, conduct expedited discovery, if appropriate, and object to any proposed assumption and assignment of a Lease. In the Auction Motion the Debtors propose to provide notice of the existence of potential purchasers to landlords (without adequate assurance information unless specifically requested

after the Debtors provide the potential purchaser notice) after an auction concludes. Objections would be due one business day before the hearing to approve the sale of the lease. The Debtors' proposed timetable provides, at most, three (3) days notice and, depending on when the auction concludes, as little as one (1) day of notice. Thus, under the proposed timetable, the landlords have no meaningful chance to receive the information provided. Accordingly, the proposed notice does not provide the Objecting Landlords with due process.

9. The Debtors do not propose to provide the Objecting Landlords with notice of the date in March 2009 when the Leases are to be auctioned or the date of the hearing at which any assumptions and assignments of the Leases are to be considered. The Objecting Landlords are entitled to notice of the date of the auction of the Leases and the date of the hearings on any proposed assumption and assignment of the Leases. The proposed order approving the Sale Procedures Motion contains no requirement that the Debtors provide the Objecting Landlords with any such notice. The Debtors merely propose that one (1) business day prior to each auction they file a list of leases subject to the auction with proposed cure amounts. This list should be filed at least five (5) business days before the auction and should include the hearing date at which any proposed lease assignments will be considered.

10. Finally, the Objecting Landlords reserve the right to request additional information from an assignee apart from what is described above, to the extent it is deemed necessary in order for the Objecting Landlords to make an informed decision as to whether a proposed assignee is an appropriate candidate under the requirements of Bankruptcy Code section 365, specifically including 365(b)(3)(A)-(D). This is an issue upon which the Debtor and/or the proposed assignee have the burden. See section 365(f)(2). Without these protections

(which the Bankruptcy Code provides landlords), the Objecting Landlords will be denied their statutory rights to conduct a meaningful analysis of the proposed assignees.

**B.    Landlords Bidding on their Own Leases.**

11.    Contrary to the proposals of the Debtors, an Objecting Landlord should be permitted to place "defensive" bids on its own lease without submitting a formal bid under the proposed procedures. It also should be permitted to attend the Auction and bid on its lease at the time it is put up for auction. Additionally, Objecting Landlords should also be allowed to attend the Auction whether or not they intend to submit bids. Furthermore, in the event that an Objecting Landlord is the successful bidder for its own lease, that landlord should have the option of entering into either a Lease Termination or Assignment Agreement.

**C.    Cure Issues.**

12.    The proposed procedures do not provide adequate notice of the Debtors' proposed cure amounts, nor do they adequately address issues regarding the timing of procedures to determine the amounts that must be paid as a part of any assumption and assignment of the Leases. The Debtors propose to file a Cure Schedule one business day prior to each Auction identifying which leases are subject to such Auction, with objections to any Proposed Cure Amount due by noon on the business day prior to the applicable Sale Hearing. This time frame only allows two and half business days for an Objecting Landlord to reconcile its books and records. This is simply not enough time for such an extensive undertaking. Further, as provided in section 365(b)(1)(A) of the Bankruptcy Code the Objecting Landlords must be paid all cure amounts in full prior to the assumption and assignment of any lease or promptly upon such assumption and assignment.

5

**D.    Lease Rejection Procedures.**

13.    The Debtors seek approval of proposed lease rejection procedures (the "Lease Rejection Procedures") in the Sale Procedures Motion. The Debtors propose that any lease for which either: (a) no purchaser has submitted a bid; or (b) they have not earlier served a rejection notice, be deemed rejected as of the latest of (x) February 28, 2009 for the leases of stores closing approximately February 16, 2009 or March 31, 2009 for the leases of other stores; (y) the date the GOB sales conclude; or (z) the date the Premises have been surrendered to the Objecting Landlords.

14.    In order to surrender the Premises the Debtors propose to use commercially reasonable efforts to disarm the alarm, transmit alarm codes to the Objecting Landlords or advise the Objecting Landlords in writing that they are unable to provide the alarm codes despite commercially reasonable efforts to do so. The Debtors must also return keys to the Objecting Landlords or advise the Objecting Landlords, in writing, that the keys cannot be returned despite commercially reasonable efforts to do so. The Debtors may also serve notices of rejection of the Leases specifying the date of rejection, which date shall not be less than seven (7) days from the date notice is received by a landlord. If the Debtors provide notice of rejection, they are to surrender the Premises as set forth above prior to the effective date of rejection.

15.    The Debtors propose that, *unless they provide otherwise*, any personal property remaining at the Premises as of the date of assignment, termination (through agreement with the landlord) or rejection shall be deemed abandoned to the landlord if the lease is rejected or terminated or to the assignee if the lease is assumed and assigned. The lessor or assignee may then retain or dispose of such property without liability or claim by any third party.

16.    The Lease Rejection Procedures are objectionable for the following reasons:

(i) as to the Leases that are to be deemed rejected, the Debtors' proposal that such leases include leases for which no purchaser has submitted a bid fails to provide adequate notice, as the Objecting Landlords may not know whether a purchaser has submitted a bid. Hence, the leases to be deemed rejected should include leases for which the Objecting Landlords have not received a potential purchaser notice;

(ii) if the Debtors cannot return keys they should provide <u>written</u> notice that they cannot do so despite reasonable efforts to do so; and

(iii) if the Debtors reject a Lease, the Debtors should leave the Premises in broom clean condition, remove exterior signage and repair any damage done as a result of such removal. The Objecting Landlords should not be saddled with the costs of removal and time to remove the Debtors' unwanted property, notwithstanding the Debtors' obligations under the Leases.

### E. Abandonment.

17. The Debtors propose that anything left at a store as of rejection shall be deemed abandoned "unless otherwise provided for." If the Debtors leave anything behind at the Premises despite their obligation to leave the Premises broom clean, it must be conclusively deemed abandoned. The Objecting Landlords should not have to file a motion for relief from the automatic stay to dispose of anything left at the Premises once the lease has been effectively rejected. Furthermore, the expenses related to the removal of such abandoned property constitute administrative expenses that must be paid by the Debtors. This treatment is not clear in the proposed procedures and should be clarified by the Debtors before the proposed procedures are approved.

**Joinder**

18. The Objecting Landlords join in all other objections filed by other landlords to the Auction Motion to the extent they are not inconsistent with this Objection.

**WHEREFORE,** the Objecting Landlords respectfully request that this Court deny the Auction Motion to the extent it is inconsistent with the Objection, and that the Objecting Landlords have such other and further relief as the Court may deem just and proper.

Dated: February 11, 2009    **CHRISTIAN & BARTON, L.L.P.,**
**Counsel to the Objecting Landlords**

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel to Landlord listed on Exhibit A

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February, 200, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller

**EXHIBIT A**

|     | **Landlord**                                                                         |
| --- | ------------------------------------------------------------------------------------ |
| 1.  | CC-Investors 1995-6                                                                  |
| 2.  | CHK, LLC                                                                             |
| 3.  | Concar Enterprises                                                                   |
| 4.  | Gateway Center Properties III, LLC and SMR Gateway III, LLC as Tenants in Common     |
| 5.  | Kimco Realty Corporation                                                             |
| 6.  | La Habra Imperial LLC                                                                |
| 7.  | Rancon Realty Fund IV                                                                |
| 8.  | Union Square Retail Trust                                                            |
| 9.  | Whitestone Development Partners, L.P.                                                |

926747