William L. Wallander (TX 20780750)
Angela B. Degeyter (TX 24059669)
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Tel: (214) 220-7700
Fax: (214) 999-7716

David E. Hawkins (VSB 48367)
**VINSON & ELKINS L.L.P.**
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20004-1008
Tel: (202) 639-6605
Fax: (202) 879-8806

**ATTORNEYS FOR ARCHON GROUP, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CIRCUIT CITY STORES, INC.,** *et al.* | § | **Case No. 08-35653-KRH** |
| | § | |
| **Debtor.** | § | **Jointly Administered** |

**LIMITED OBJECTION OF ARCHON GROUP, L.P. TO DEBTOR'S MOTION
FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I)
APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES
AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL
INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES AND
(C) LEASE REJECTION PROCEDURES**

Archon Group, L.P., contractual asset manager for WXIII/PWM Real Estate Limited Partnership (collectively "Landlord"), files this *Limited Objection to Debtor's Motion For Orders Under Bankruptcy Code Sections 105, 363 And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates And (III) Authorizing And Approving (A) Sale Of Certain Unexpired*

Dallas 1529817v.1

*Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures* (the "Motion"), and respectfully states as follows:

## BACKGROUND FACTS

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (this "Court").

2. The Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtors filed the Motion on February 3, 2009, seeking to establish certain auction and sale procedures for the Debtors' unexpired leases of nonresidential real property.

4. Landlord is the lessor under an unexpired nonresidential lease of real property with Circuit City Stores, Inc. located in the Prestonwood Town Center, 5301 Beltline Blvd., Suite 11, Dallas, Texas. The Lease with Landlord is designated as a "March Lease" in the exhibits filed with the Motion.

## OBJECTION

5. Landlord objects to the Court's entry of an order granting the Motion on the ground that the Debtors' proposed procedures do not grant the affected landlords (i) adequate notice of the auction dates of their particular leases, (ii) sufficient time or opportunity to evaluate a potential purchaser's financial condition or its intended use of the premises, or (iii) sufficient time to object to the Debtors' proposed cure amounts for the affected leases.

Dallas 1529817v.1

6. Bankruptcy Code section 365(b)(1) provides that if there has been a default in an unexpired lease of the debtor, such lease may not be assumed unless, at the time of the assumption, the trustee: (a) cures, or provides adequate assurance that the trustee will promptly cure, such default; (b) compensates, or provides adequate assurance that the trustee will promptly compensate, the party to such lease, for any actual pecuniary loss to such party resulting from the default; and (c) provides adequate assurance of future performance under such lease. Similarly, the trustee or debtor in possession may not assign an unexpired lease unless "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2).

7. Bankruptcy Code Section 365(b)(3) provides that "adequate assurance of future performance" of a lease of real property in a shopping center includes adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

8. The Debtors' proposed procedures do not provide the landlords in these cases with sufficient notice of the identity and financial status of the proposed purchasers of the leases.

Dallas 1529817v.1

In fact, the Debtors' will require the affected landlords to request such adequate assurance information. The onus should be on the Debtors to provide the affected landlords with the adequate assurance information required by Bankruptcy Code Section 365(b)(3), and the Debtors should be required to provide this information at least ten days prior to the deadline to object to any proposed assumption and assignment of its Lease.

9. For March Leases, the Debtors' proposed procedures currently provide inconsistent notice periods to the affected landlords, depending on which of the March auction and sale hearings a particular landlord's lease will be subject, ranging between three and five days. However, a period of ten days is *minimally* required to allow a landlord sufficient time to review the financial information for any proposed purchaser and determine whether such proposed purchaser's intended use of the leased premises will disrupt the tenant mix in the shopping center or violate restrictive covenants in Landlord's leases.

10. Additionally, the Debtors propose that they will file a list of leases subject to the auction one business day prior to that scheduled auction. Thus, a party under a March Lease, such as Landlord, will not know which of the March auction dates will be applicable to its particular lease until one day prior to that auction. This one-day notice period is grossly inadequate, and Landlord requests that it be provided notice that its Lease is subject to a particular auction at least five days before that auction.

11. Further, the Debtors propose to file a schedule of cure amounts under the leases one business day prior to each auction identifying which leases are subject to that auction, with any objection to the proposed cure amount due the business day following the applicable sale hearing. The proposed time frame does not permit Landlord sufficient time to review its records to determine the extent of existing defaults and the proper cure amount due.

12. To the extent not inconsistent with the objections asserted herein, Landlord joins in the objections to the Motion filed by other landlords in the Debtors' bankruptcy cases.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court deny the Debtors' Motion or modify the proposed auction and sales procedures consistent with the foregoing. Landlord further requests that the Court grant such other and further relief as is just.

Respectfully submitted,

**VINSON & ELKINS L.L.P.**
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC  20004-1008
Tel: (202) 639-6605
Fax: (202) 879-8806

By: /s/ David E. Hawkins
    David E. Hawkins (VSB 48367)

And

**VINSON & ELKINS L.L.P.**
William L. Wallander
Angela B. Degeyter
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201-2975
Tel: (214) 220-7763
Fax: (214) 999-7763

**ATTORNEYS FOR ARCHON GROUP, L.P.**

**Dallas 1529817v.1**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on February 11, 2009, (a) by the Electronic Case Filing system to the parties on the clerk's list who receive electronic notification of filings and (b) by first-class mail, postage prepaid, to the parties on the attached service list.

/s/ David E. Hawkins
One of Counsel

Dallas 1529817v.1