Constantinos G. Panagopoulos (VA 33356)
Jesse N. Silverman, Esquire (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 – 13th Street, N.W., Suite 1000 South
Washington, DC 20005-3807
 Telephone: (202) 661-2200
Facsimile: (202) 661-2299

-and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516

Attorneys for Bear Valley Road Partners, LLC, Laguna Gateway Phase 2,
 LP, Manteca Stadium Park, L.P., OTR-Clairemont Square,
and Sweetwater Associates, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re | : | Case No. 08-35653-KRH |
| | : | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: February 13, 2009 @ 10:00 a.m. ET** |
| | : | |
| | : | |
| | : | |

**OBJECTION OF BEAR VALLEY ROAD PARTNERS, LLC, LAGUNA GATEWAY PHASE 2, LP, MANTECA STADIUM PARK, L.P., OTR-CLAIREMONT SQUARE AND SWEETWATER ASSOCIATES, L.P. TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES, (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, ETC.**

Bear Valley Road Partners, LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park,

L.P., OTR-Clairemont Square and Sweetwater Associates, L.P., lessors of Debtors at various

shopping center locations (the "Objecting Landlords"), by and through their undersigned counsel, hereby object to the *Debtors' Motion For Orders Under Bankruptcy Code Sections 105, 363 And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* [Docket No. 1946] (the "Sale Procedures Motion").   As discussed below, the Sale Procedures Motion seeks to establish expedited procedures for the disposition of Debtors' leasehold interests by

1.   Circuit City Stores, Inc., and its affiliated co-debtors (the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008.  The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.   The Debtors lease retail space from the Objecting Landlords where they currently operate retail stores as tenant pursuant to unexpired lease of nonresidential real property (the "Lease") at the following shopping center locations:

| Debtors' Store #250 | Laguna Gateway | Elk Grove, CA |
| Debtors' Store #432 | Sweetwater Crossing | National City, CA |
| Debtors' Store # 443 | Clairemont Town Square | San Diego, CA |
| Debtor's Store #450 | 12133 Mall Boulevard | Victorville, CA |
| Debtors' Store #4131 | Stadium Center | Manteca, CA |

3.   Each of Debtors' leases with Objecting Landlords are a "lease of real property in a shopping center" as that term is used in Section 365(b)(3).  *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1086-1087 (3d Cir. 1990).

4.   On February 3, 2009, the Debtors filed the Sale Procedures Motion, seeking approval of an expedited process by which Debtors would solicit bids for the acquisition or

termination of certain leasehold interests, multiple auctions, and an almost immediate hearing seeking approval of the assumption and assignment of multiple leases.

5.        Each of Debtors' leases with Objecting Landlords is among the "March Leases" identified in Exhibit 3 to the Sale Procedures Motion (subsequently filed on February 6, 2009 as Docket No. 1989).   According to the proposed Bidding Procedures (Exhibit 1 to the Sales Procedures Motion), bids on Debtors' March Leases are due on March 12, 2009.   (See Sales Procedures Motion at ¶17(a).)  If Debtors receive more than one qualified bid for a March lease, the Sale Procedures Motion seeks approval of three auction dates (March 16, March 24, and April 9, 2009).  (See Sale Procedures Motion at ¶17(e).)

6.        One day prior to each auction, Debtors propose to file a list of leases subject to the auction and a list of "cure amounts," setting forth Debtors' assertion of the amounts necessary to cure existing defaults under leases to be assumed and assigned, as required by Bankruptcy Code section 365(b)(1)(A).  (Sale Procedures Motion at ¶20.)

7.        Following the auction, Debtors proposed to transmit a "Potential Purchaser Notice" (Sale Procedures Motion at ¶22 and Exhibit 4 thereto), identifying the prospective assignees of one or more affected leases.  Evidence of adequate assurance of future performance, "Adequate Assurance Information," must then be affirmatively requested by affected landlords, with no time restrictions on the speed of Debtors' response.

8.        Landlords will then be required to file objections to the Debtors' Proposed Cure Amount and the proposed assumption and assignment of a lease, as described in the Proposed Purchaser Notice, by 12 noon (ET) the day immediately preceding the applicable Sale Hearing.

9.        By way of example, if a landlord's lease is among the Debtors' leases to be auctioned on March 12, 2009, the Sales Procedures Motion proposes the following:

- Thursday, March 12, 2009 -- Bid Deadline
- Friday, March 13, 2009 -- Debtor to file list of leases to be auctioned and Proposed Cure Amounts
- Monday, March 16, 2009 -- Auction

- Monday, March 16, 2009 -- Assuming auction completed, Debtors transmit Potential Purchaser Notice

- Thursday, March 19, 2009 (@ 12 noon ET) -- Deadline for landlord to file response to Proposed Cure Amount and proposed assumption and assignment of lease

- Friday, March 20, 2009 – Sale Hearing

**DEBTORS' PROPOSED SALE TIMELINES DENY
LANDLORDS DUE PROCESS AND UNDERMINE THE HEIGHTENED
PROTECTIONS AFFORDED SHOPPING CENTER LANDLORDS UNDER
BANKRUPTCY CODE SECTION 365**

10.     The timetable proposed with respect to the March leases demonstrates that Debtors seeks approval of a schedule designed to maximize the Debtors' time to market leases for prospective assignment which then unreasonably compresses the time left for landlords to respond and receive the protections of Bankruptcy Code section 365.  This Court should better balance these competing interests.

11.     It is well-established that Debtors bear the burden of presentation of a lease for assumption and assignment and the ultimate burden of proof that all requirements for assumption and assignment have been met.  *In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Memphis-Fridays Associates*, 88 B.R. 830, 840-841 (Bankr. W.D. Tenn. 1988); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-1310 (5th Cir. 1985); *In re Airlift International Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985).  Adequate assurance of future performance is clearly an element of the assumption process which must be met in addition to the curing of any default.  11 U.S.C. § 365(b)(1)(C).

12.     The initial burden of presentation as to adequate assurance falls upon the debtor. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989).  The *Sea Harvest* court rejected the debtor's bald statement that it "recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto," stating that Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1)."

*Sea Harvest*, *supra*, 868 F.2d at 1080.    Adequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure that a landlord will receive the bargained-for performance.  *In re World Skating Center, Inc.*, 100 B.R. 147, 148-149 (Bankr. D.Conn. 1989).    Indeed, courts have required a *specific factual showing* through competent evidence to determine whether adequate assurance of future performance has been provided. *See, e.g., Matter of Haute Cuisine, Inc.*, 58 B.R. 390, 393-394 (Bankr. M.D. Fla. 1986); *In the Matter of CM Systems, Inc*., 64 B.R. 363, 364-365 (Bankr. M.D. Fla. 1986).

13.    The sale of Debtors' leasehold interests, as contemplated by the Sale Procedures Motion, would potentially require a landlord to review and analyze the financial history, operating performance and proposed use of a prospective assignee, prepare and file any opposition and make arrangements for witnesses to appear for a contested evidentiary hearing in as little as one or two business days (depending on the timing of receipt of Adequate Assurance Information).  This review and analysis could involve complicated issues such as the application of restrictive use covenants or the grant of exclusive uses to other shopping center tenants.  *See In re Three A's Holdings, LLC*, 364 B.R. 550, 560 (Bankr. D. Del. 2007) (Where the proposed assignment is contrary to restrictive use covenants, assumption and assignment of a shopping center lease is not permitted.)   Landlords cannot be assured that the evidence of adequate assurance of future performance provided by a successful bidder will be complete yet the expedited schedule provides no opportunity for discovery or even informal follow-up requests for further information.   Such procedures unreasonably prejudice the heightened protections afforded shopping center landlords by 11 U.S.C. § 365(b)(3).  *See, e.g., In re Joshua Slocum, Ltd., supra*, 922 F.2d at 1086; *In re Trak Auto Corporation*, 277 B.R. 655, 665-666 (Bankr. E.D. Va. 2002) (The legislative history of 1984 amendments to Section 365 "indicates that Congress sought to provide special protections to lessors of a debtor.").

14.    The Due Process Clause of the United States Constitution applies to proceedings under the Bankruptcy Code.  *See, e.g., In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985); *In re Hobdy*, 130 B.R. 318, 320 (9th Cir. BAP 1991).  "The fundamental requisites of

due process consist of notice and an opportunity to be heard at a meaningful time and in a
meaningful manner." *Turney v. Federal Deposit Ins. Corp.*, 18 F.3d 865, 868 (10th Cir. 1994).
*See also In re Nextwave Personal Communications, Inc.,* 244 B.R. 253, 264 (Bankr. S.D.N.Y.
2000) ("The Bankruptcy Code "requires, as an element of basic fairness and due process, notice,
a hearing and court approval before actions impacting vital interests may be taken.")

15.     Under Rule 6006 of the Federal Rules of Bankruptcy Procedure, a motion to
assume, reject or assign an unexpired lease is a contested matter under Rule 9014.   Under
Rule 9014, relief shall be requested by motion, and a reasonable notice and opportunity for
hearing shall be afforded the party against whom the relief is sought.[1]

16.     In order to provide reasonable notice and an opportunity for landlords to be heard
in connection with the assumption and assignment of leases under Section 365 of the Bankruptcy
Code, this Court should provide Objecting Landlords, and other affected landlords, with
adequate (i.e., more than two business days) notice of the identity of the proposed assignee and
the potential assignee's financial condition and operating performance necessary to establish
adequate assurance of future performance.  Landlords should have an opportunity for expedited
discovery, if necessary.[2]

17.     Based on the hearing dates reserved by Debtors, a plain opportunity exists to
better balance these issues by making the March 20, 2009 hearing date a status conference with
respect to disputed assumption issues, with a further evidentiary hearing on March 30, 2009
(already reserved by Debtors) or such other future date(s) as the Court may direct at the March

---

[1]     Similarly, Bankruptcy Rule 6004(a) generally provides for twenty (20) days' notice of a
proposed sale of property other than in the ordinary course of business pursuant to
Bankruptcy Rule 2002(a).  Bankruptcy Rule 6004(b) provides for objections to proposed
sales to be filed and served not less than five (5) days before the proposed sale date.

[2]     Prospective bidders should be notified in the Bidding Procedures that the Sale Hearing
may be continued if the adequate assurance information they provide to the Debtors
proves to be insufficient or incomplete.

20 status conference based on the factual and legal issues presented.  Uncontested or consensual assignments could proceed at the March 20 hearing.  A similar procedure can be employed with respect to other auction and sale tracks proposed by Debtors.

## DEBTORS SHOULD NOT BE PERMITTED TO PROCEED WITH ALTERNATE BIDS WITHOUT COURT SUPERVISION AND APPROVAL

18.    The Sale Procedures Motion further seeks to grant Debtors the authority, in the event competing bids are received, to elect either to proceed with either the Successful Bid or an *Alternate Bid*, at the Sale Hearing.  Similarly, if the Successful Bidder fails to consummate the sale of the leasehold, to effectuate the Sale to the Alternate Bidder(s) proceed with the sale of the Acquired Assets to a back-up bidder "*without further order of the Bankruptcy Court*."  (See Bidding Procedures, emphasis added.)  There is absolutely no authority permitting the Debtor to proceed with the assumption and assignment of leases and executory contracts without notice or judicial scrutiny of the successful purchaser-assignee, in complete defiance of the procedures and protections provided to lessors and contract parties under Bankruptcy Code section 365.[3]

## DEBTORS' LEASE REJECTION PROCEDURES SHOULD BE MODIFIED TO PROVIDE FOR SIMPLIFIED BAR DATES

19.    Debtors' Sale Procedures Motion seeks to establish, in connection with the proposed lease rejection procedures, a bar date for landlord's claims arising from the prospective rejection of leases.  (See proposed Notice of Rejection of Unexpired Lease and Abandonment of Personal Property, Exhibit 5 to Sale Procedures Motion, at ¶7.)  Debtors seek to require landlords to file their proofs of claim within thirty (30) days after the effective date of rejection.

20.    Given the number of leases potentially being rejected as part of this process, and to avoid any disputes over the "Rejection Date," Objecting Landlords propose a single bar date

---

[3]    Are the Debtors proposing that Objecting Landlords and others review financial information regarding all back up bidders and subject objections to each and every one prior to the Sale Hearing, with the Court rendering advisory opinions regarding the adequacy of the showing of adequate assurance of future performance as each competing bidder?

for claims arising from all rejected leases subject to the Sale Procedures Motion that provides at least 30 days to file a claim, i.e., May 31, 2009.  Alternatively, the Court could provide simplified bar dates such as March 31, 2009 for all leases rejected at any time in February, April 30, 2009 for all leases rejected in March, etc.

### AN ADVANCE WAIVER OF THE STAY UNDER RULES 6004(h) AND 6006(d) IS INAPPROPRIATE

21.    Debtors' Sale Procedures Motion seeks an advance waiver of the ten-day stay of Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure following entry of any order approving a lease assignment.  (Sale Procedures Motion at ¶55.)  Such an advance blanket waiver is unjustified and inappropriate.

22.    Rule 6006(d) provides that:

> "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise."

The Committee Note to Rule 6006(d) provides:

> "[s]ubdivision (d) is added to provide sufficient time for a party to request a stay pending appeal of an order authorizing the assignment of an executory contract or unexpired lease under § 365(f) of the Code before the assignment is consummated. . . . The court may, in its discretion, order that Rule 6006(d) is not applicable so that the executory contract or unexpired lease may be assigned immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6006(d) is for a fixed period less than 10 days."

23.    The Rule 6006(d) stay provides a short period of time that "is often needed and essential to an objecting party intending to appeal because if the assignment is closed in the absence of a stay, then any appeal by the objecting party may well be moot."  *Collier on Bankruptcy* ¶ 6006.04, at 6006-18 (15th ed. Rev. 2008); *see also In re Quanalyze Oil & Gas Corp.*, 250 B.R. 83, 92 (Bankr. W.D. Tex. 2000)(in reviewing a similar provision in Rule 6004(g) observing that "[a] party seeking to obtain appellate review of just such a sale should not

find its efforts frustrated by a 'quick closing' that renders an appeal moot.")  *Collier* further observes that:

> "[I]f an objection has been filed and is being overruled, the court should eliminate or reduce the 10 day stay period *only upon a showing that there is a compelling business need to close the assignment within the 10 day period and that the interests of the objecting party are sufficiently protected*.  If the objecting party informs the court that it intends to appeal and seek a stay, then the stay period should not be reduced to less than an amount of time sufficient to allow the objecting party to seek a stay, unless the court determines that the need to proceed sooner outweighs the objecting party's interests."  (Id. at 6006-19 [emphasis added].)

24.      There is a possibility that an appeal of any ruling on one or more proposed assignments may be warranted under the circumstances.  "Shopping center landlords, even more than non-debtor parties to executory contracts and executory leases, receive 'extraordinary protection' under the Code."  *In re Rickel Home Centers, Inc.,* 209 F.3d 291, 298 (3rd Cir. 2000). Debtors only purported justification for an advance waiver of the stay provided by Rules 6004 and 6006 is the potential saving of "the continued accrual of administrative expenses under any Leases that are sold" (Sale Procedures Motion at ¶55), an issue that potentially exists in every Chapter 11 case and is contemplated in the 10-day stay period.  Preclusion of the stay provided by Rules 6004 and 6006 to allow a landlord a meaningful opportunity to appeal undermines the protections afforded landlords by Section 365.   Here, (1) the Federal Rules of Bankruptcy Procedure presumptively favor the 10-day stay, (2) Rules 6004 and 6006 were adopted expressly to allow objecting parties time to appeal, and (3) the asserted fact that Debtors may incur ongoing administrative rent obligations is not alone sufficient grounds to abrogate a landlord's due process protections and the right to appeal without the appeal effectively being rendered moot, particularly given the expedited nature of the relief sought.  Debtors simply have not demonstrated sufficient "cause" to justify the extraordinary remedy of a blanket waiver of the stay provided by Rules 6004 and 6006 at this stage of the sale process.

25.    This Court should deny the Debtors' request for any advance waiver of the ten-day period under Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure.

## JOINDER

To the extent not inconsistent with the foregoing, the Objecting Landlords join in the objections to the Sale Procedures Motion filed by Debtors' other landlords.

## RESERVATION OF RIGHTS

Should Debtors' seek to modify the relief sought by the Sale Procedures Motion, the Objecting Landlords reserve the right to make such other and further objections as may be appropriate.

Dated: February 11, 2009         Respectfully submitted,

/s/ Jesse N. Silverman
Constantinos G. Panagopoulos (VA 33356)
Jesse N. Silverman, Esquire (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
601 – 13th Street, N.W., Suite 1000 South
Washington, DC 20005-3807
Telephone: (202) 661-2200
Facsimile: (202) 661-2299
E-mail: silvermanj@ballardspahr.com

-and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516
Email: igold@allenmatkins.com

Attorneys for Bear Valley Road Partners, LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., OTR-Clairemont Square and Sweetwater Associates, L.P.