| | |
|---|---|
| William H. Schwarzschild, III (VSB No. 15274) | Judy B. Calton (MI Bar #P38733) |
| W. Alexander Burnett (VSB No. 68000) | Joseph R. Sgroi (MI Bar #P68666) |
| **WILLIAMS MULLEN** | **HONIGMAN MILLER SCHWARTZ AND COHN LLP** |
| Two James Center, 17th Floor | |
| 1021 East Cary Street | 2290 First National Building |
| Post Office Box 1320 | Detroit, Michigan 48226 |
| Richmond, Virginia 23218-1320 | Tel: (313) 465-7344 |
| Tel: 804.783.6489 | Fax: (313) 465-7345 |
| Fax: 804.783.6507 | jcalton@honigman.com |
| tschwarz@williamsmullen.com | jsgroi@honigman.com |
| aburnett@williamsmullen.com | |

*Counsel for DIRECTV, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
|    CIRCUIT CITY STORES, INC., et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Case No. 08-35653-KRH Jointly Administered |
| | ) | |
| DIRECTV, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CIRCUIT CITY STORES, INC., | ) ) ) | |
| Defendant. | ) | |

**MOTION OF DIRECTV, INC. FOR
RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DIRECTV, Inc. ("DIRECTV"), by its counsel, Williams Mullen and Honigman Miller Schwartz and Cohn LLP, for its Motion For Relief From The Automatic Stay To Effect Setoff, states:

    1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

    2.    Venue in this District is proper under 28 U.S.C. § 1409.

3.  The statutory bases for the relief requested herein are 11 U.S.C. §§ 362 and 553 and Federal Rules of Bankruptcy Procedure 4001, 9013 and 9014.

## RELIEF REQUESTED

4.  DIRECTV seeks to recoup or, in the alternative, for relief from the automatic stay to set off $405,000, which DIRECTV owes Debtor Circuit City Stores, Inc. ("Circuit City") for prepetition invoices against $488,075, which Circuit City owes DIRECTV for prepetition invoices.

## BASIS FOR RELIEF

5.  DIRECTV does business with Circuit City under a series of agreements, including the Authorized Retailer Agreement [Interim] deemed effective as of June 1, 2007, the Authorized Retailer Agreement deemed effective as of October 23, 2007 (collectively the "Retailer Agreement"), and the Master Dealer Agreement made as of April __, 2005 and the Product Addendum dated May 13, 2005 (together with the Retailer Agreement, collectively, the DIRECTV Agreements"). The DIRECTV Agreements are attached collectively as Exhibit A.

6.  Under the DIRECTV Agreements, prepetition DIRECTV sold goods referred to as DIRECTV Receivers to Circuit City, and Circuit City purchased such DIRECTV Receivers, on credit (the "Circuit City Obligations"). See ¶ 4 of the Declaration of Michael D. Lorenzen, (the "Lorenzen Declaration") attached as Exhibit B.

7.  As a retailer and Customer Referral Contractor for DIRECTV under the DIRECTV Agreements, prepetition Circuit City marketed DIRECTV Receivers and subscriptions for DIRECTV Programming Packages and performed other activities for which DIRECTV owed Circuit City commissions and other charges, such as payments for installation services, installation incentives, equipment reimbursement, programming commissions,

2

marketing development funds, and volume incentive rebates (the "DIRECTV Obligations"). See ¶ 4 of the Declaration of Douglas H. Eichler (the "Eichler Declaration") attached as Exhibit C.

8.  As of the commencement of Circuit City's bankruptcy case, Circuit City owed DIRECTV at least $488,075 ("DIRECTV Claim") on account of the Circuit City Obligations. See ¶ 6 of the Lorenzen Declaration. The unpaid invoices making up the DIRECTV Claim are attached to the Lorenzen Declaration as Exhibit 1. A schedule of the unpaid invoices making up the DIRECTV Claim is attached to the Lorenzen Declaration as Exhibit 2.

9.  As of the commencement of Circuit City's bankruptcy case, DIRECTV owed Circuit City $405,000 (the "Circuit City Claim") on account of the DIRECTV Obligations. See ¶ 6 of the Eichler Declaration. A schedule of the unpaid invoices making up the Circuit City Claim is attached to the Eichler Declaration as Exhibit 1.

10. Upon the commencement of Circuit City's bankruptcy case, DIRECTV placed an administrative hold on its prepetition payable to Circuit City to protect its right of recoupment and/or setoff of the DIRECTV Claim, and shortly thereafter sent Circuit City notice of its administrative hold via letter to Circuit City's counsel. Circuit City did not respond to such letter.

## LEGAL BASIS FOR REQUESTED RELIEF

### DIRECTV Is Entitled To Recoup The DIRECTV Claim Against The Circuit City Claim And, Therefore, No Relief From The Automatic Stay Is Required For DIRECTV To Effect Its Right Of Recoupment

11. Recoupment is an equitable doctrine that has long been applied in the bankruptcy context and is a "nonstatutory exception to the automatic stay." *Tavenner v. United States (In re Vance)*, 298 B.R. 262, 267 (Bankr. E.D. Va. 2003) (quoting *In re Thompson,* 182 B.R. 140, 147 (Bankr. E.D. Va. 1995)).

3

12. The Fourth Circuit has defined recoupment as "the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim." *First Nat'l Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 310 n.1 (4th Cir. 1982).

13. In order for recoupment to apply, "both debts must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations." *See In re Camellia Food Stores*, 287 B.R. 52, 61 (Bankr. E.D. Va. 2002) (quoting *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1081 (3d Cir. 1992)).

14. The DIRECTV Agreements constitute an integrated transaction. Each of the DIRECTV Agreements was essential to the parties' overall business relationship. It would be inequitable for Circuit City to enjoy the benefits of the parties' business transaction without also satisfying its burdens.

15. As the DIRECTV Agreements constitute an integrated transaction, the DIRECTV Claim and the Circuit City Claim arise out of that same transaction. Recoupment of Circuit City Claim against the DIRECTV Claim is therefore appropriate.

**DIRECTV Is Entitled To Set Off The DIRECTV Claim Against The Circuit City Claim Under The DIRECTV Agreements, Applicable Non-Bankruptcy Law And 11 U.S.C. § 553, Therefore, Relief From The Automatic Stay Is Warranted For DIRECTV To Effect Its Right Of Setoff**

16. 11 U.S.C. § 553 preserves any rights of setoff under state law that may exist between a creditor and a debtor. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (holding that 11 U.S.C. §553(a) "provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy"). 11 U.S.C. § 553(a) states in pertinent part:

4

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a) (2008).

This right of setoff is intended to avoid "the absurdity of making A pay B when B owes A." *Strumpf*, 516 U.S. at 18 (quoting *Studley v. Boylston Nat. Bank,* 229 U.S. 523, 528 (1913)).[1]

17. DIRECTV has a right of setoff under the DIRECTV Agreements and under New York law. *In re Bennett Funding Group, Inc.,* 212 B.R. 206, 211-12 (B.A.P. 2d Cir. 1997) (stating that the requirement that a creditor must demonstrate the right of setoff exists under applicable nonbankruptcy law).

18. The Retailer Agreement expressly grants DIRECTV the right to recoup or set off the Circuit City Obligations against the DIRECTV Obligations as follows:

> SET-OFFS. A party may set-off or recoup any amounts owed to it by the other party, or by its subsidiaries and affiliates, pursuant to this or any other agreement with such party, and any damages suffered by a party due to the other party's breach hereof or other misconduct, against any amounts which it owed to the other parties. The foregoing does not limit a party's right to recover any unrecouped balance.

*See* Retailer Agreement [Interim] § 15.2 and Retailer Agreement § 12.2.

19. The DIRECTV Agreements have a New York choice of law provision. *See* Retailer Agreement [Interim] § 27.1, Retailer Agreement § 24.1 and Master Dealer Agreement Section 12. New York recognizes both equitable and statutory setoff. *DiCola v. American S.S. Owners Mut. Protection and Indem. Ass'n, Inc. (In re Prudential Lines, Inc.),* 148 B.R. 730, 751

---

[1] In addition, 11 U.S.C. § 506(a)(1) recognizes that a right of setoff under 11 U.S.C. § 553(a) creates a secured status in favor of the holder of the right of setoff.

(Bankr. S.D.N.Y. 1992), *aff'd in part, rev'd in part on other grounds*, 170 B.R. 222 (Bankr. S.D.N.Y. 1994).

    20.    New York Debtor and Creditor Law § 151, provides as follows:

Every debtor shall have the right upon:

(a) the filing of a petition under any of the provisions of the federal bankruptcy act or amendments thereto or the commencement of any proceeding under any foreign bankruptcy, insolvency, debtor relief or other similar statute or body of law, by or against a creditor;

(b) the making of an assignment by a creditor for the benefit of its creditors;

(c) the application for the appointment, or the appointment, of any receiver of, or of any of the property of a creditor;

(d) the issuance of any execution against any of the property of a creditor;

(e) the issuance of a subpoena or order, in supplementary proceedings, against or with respect to any of the property of a creditor; or

(f) the issuance of a warrant of attachment against any of the property of a creditor,

**to set off and apply against any indebtedness**, whether matured or unmatured, of such creditor to such debtor, **any amount owing from such debtor to such creditor**, at or at any time after, the happening of any of the above mentioned events, **and the aforesaid right of set off may be exercised by such debtor against such creditor or against any trustee in bankruptcy, debtor in possession**, assignee for the benefit of creditors, receiver or execution, judgment or attachment creditor of such creditor, or against anyone else claiming through or against such creditor or such trustee in bankruptcy, debtor in possession, assignee for the benefit of creditors, receivers, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to the making, filing or issuance, or service upon such debtor of, or of notice of, any such petition; assignment for the benefit of creditors; appointment or application for the appointment of a receiver; or issuance of execution, subpoena or order or warrant.

6

N.Y. CLS DR & CR § 151 (2008) (emphasis added).

21.    In order for a party's nonbankruptcy law right of setoff to apply under 11 U.S.C. § 553, the party seeking setoff must show that:

    A.    the creditor holds a "claim" against the debtor that arose prepetition;[2]

    B.    the creditor "owes" a debt to the debtor that arose prepetition;

    C.    the claim and the debt are mutual; and

    D.    the claim and the debt are each valid and enforceable. *King v. Fulbright & Jaworski, LLP (In re Koch),* 224 B.R. 572, 576 (Bankr. E.D. Va. 1998) (citing 5 COLLIER ON BANKR. 553.01[1], at 553-57 (Lawrence P. King et al., eds., 15th ed. rev. 1997)).

22.    Here, the four conditions for setoff are clearly satisfied:

    A.    The DIRECTV Claim arose prepetition against Circuit City for DIRECTV Receivers purchased by Circuit City prepetition;

    B.    The Circuit City Claim arose prepetition against DIRECTV for marketing and other activities performed by Circuit City prepetition;

    C.    The DIRECTV Claim and Circuit City Claim are mutual, in that they are owed between the same parties acting in the same capacity.

    D.    The DIRECTV Claim and Circuit City Claim are valid and enforceable, arising out of legally binding agreements. Generally, a claim and debt are both valid and enforceable for purposes of setoff unless a setoff of such debt would be invalid under either applicable nonbankruptcy law or applicable provisions of the Bankruptcy Code. COLLIER BANKR. MANUAL 553.02[4], at 553-18 (3d ed. 2001). In this instance, there are

---

[2] 11 U.S.C. §101(5) defines "claim" as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured…." The concept of "claim" is intended to encompass virtually any type of obligation reducible to some monetary equivalence.

7

no provisions of the Bankruptcy Code, or any other law, that would make the contemplated setoff invalid.

23.   Therefore, given the fact that an independent right of setoff exists outside of the Bankruptcy Code, and the exercise of this right meets all the conditions required for setoffs preserved under 11 U.S.C. § 553, the right of DIRECTV to set off the DIRECTV Claim against the Circuit City Claim is established.

24.   While the Bankruptcy Code preserves creditors' rights of setoff, the exercise of such rights is subject to a grant of relief from stay from the Court.  Specifically, the automatic stays protects against the delineated acts set forth in 11 U.S.C. § 362(a), which states, in pertinent part:

> (a)   Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of --
>
> (7)   the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . . .

11 U.S.C. § 362(a) (2008).

25.   However, 11 U.S.C. § 362(a)(7) "does not affect the right of" a creditor to set off. H.R. REP. NO. 595, 95th Cong., 1st Sess., at 342 (1977); S. REP. NO. 989, 95th Cong., Sess., at 51 (1978). 11 U.S.C. § 362(a)(7) "simply stays its enforcement pending an orderly examination of the debtor's and creditors' rights." *Id.*  Thus, a party may still assert its right of setoff in a bankruptcy proceeding but must first obtain relief from the automatic stay or obtain an order allowing setoff prior to exercising any right of setoff. *In re NTG Indus., Inc.*, 103 B.R. 195, 197 (Bankr. N.D. Ill. 1989) (citing *In re Garcia*, 23 B.R. 266, 267 (Bankr. N.D. Ill. 1982); *In re Acad. Answering Mach., Inc.* 90 B.R. 294, 295 (Bankr. N.D. Ohio 1988)).

8

26.     While the automatic stay is intended to protect a debtor from interference with an orderly liquidation or rehabilitation, to forestall the depletion of a debtor's assets due to legal costs in defending legal proceedings against it and to prevent certain creditors from gaining a preference for their claims against the debtor, "the stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Izzarelli v. Rexent Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Wedgewood Inv. Fund Ltd. v. Wedgewood Realty Group Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989). 11 U.S.C. §362(d) provides, in pertinent part, that:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
> > (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2)     with respect to a stay of an act against property under subsection (a) of this section, if --
> >
> > > (A)     the debtor does not have an equity in such property; and
> > >
> > > (B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (2008).

27.     DIRECTV is entitled to relief from stay under 11 U.S.C. § 362(d)(1) for cause in order to set off the DIRECTV Claims prepetition balance owing from Circuit City to DIRECTV under the DIRECTV Agreements against the Circuit City Claim owed from DIRECTV to Circuit City under the DIRECTV Agreements.

28. In the alternative, DIRECTV is entitled to relief from the stay under 11 U.S.C. § 362(d)(2) because Circuit City has no equity in the DIRECTV Claim to the extent of DIRECTV's right of setoff, and it is not necessary to an effective reorganization.

WHEREFORE, DIRECTV respectfully requests the entry of an order, substantially in the form attached as <u>Exhibit D</u>, granting DIRECTV relief from the automatic stay to effect the setoff of the DIRECTV Claim against the Circuit City Claim, and for such further relief as is proper and just.

**NOTICE**

**TO:    CIRCUIT CITY STORES, INC. et al.**

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE).**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN FIFTEEN (15) DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT.  UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS FIFTEEN (15) DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE FIFTEEN (15) DAY PERIOD.**

**ATTEND THE PRELIMINARY HEARING SCHEDULED TO BE HELD ON <u>March 3, 2009 AT 10:00 a.m.</u> IN JUDGE HUENNEKENS' COURTROOM, COURTROOM 5000, UNITED STATES BANKRUPTCY COURT, 701 EAST BROAD STREET, RICHMOND, VIRGINIA.**

**IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY ENTER AN ORDER GRANTING THAT RELIEF.**

Dated: Richmond, Virginia
February 11, 2009

**WILLIAMS MULLEN**

By:    */s/ W. Alexander Burnett*
   _____

William H. Schwarzschild, III - VSB No. 15274
W. Alexander Burnett – VSB No. 68000
WILLIAMS, MULLEN
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia  23218-1320
Phone:  804.783.6489
FAX:  804.783.6507
tschwarz@williamsmullen.com
aburnett@williamsmullen.com

and

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (MI Bar #P38733)
Joseph R. Sgroi (MI Bar #P68666)
2290 First National Building
Detroit, MI 48226
Tel: (313) 465-7344
Fax: (313) 465-7345

*Counsel for DIRECTV, Inc.*

DETROIT.3476399.5

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of February, 2009, a true and accurate copy of the foregoing Motion of DIRECTV, Inc. for Relief from the Automatic Stay to Effect Setoff and Memorandum of Points and Authorities in Support Thereof was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and sent by electronic mail or by U.S. Mail, first class, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.

    */s/ W. Alexander Burnett*