| | |
|---|---|
| KELLEY DRYE & WARREN LLP | KELLEY DRYE & WARREN LLP |
| James S. Carr (*pro hac vice*) | Washington Harbour, Suite 400 |
| Robert L. LeHane (*pro hac vice*) | 3050 K Street, NW |
| Howard S. Steel (*pro hac vice*) | Washington, DC 20007-5108 |
| 101 Park Avenue | David J. Ervin (VSB No. 34719) |
| New York, New York 10178 | Tel: (202) 342-8436 |
| Tel: (212) 808-7800 | Fax: (202) 342-8451 |
| Fax: (212) 808-7897 | |

Counsel for Developers Diversified Realty
Corporation, General Growth Properties, Inc.,
Weingarten Realty Investors, Basser-Kaufman, Inc.,
Philips International Holding Corp., Regency Centers, L.P.,
AAC Management Corp., Jones Lang LaSalle Americas, Inc.,
Continental Properties Company, Inc., and
Benderson Development Company, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Circuit City Stores, Inc.<br><u>et. al.</u>,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered |

**OBJECTION OF DEVELOPERS DIVERSIFIED REALTY CORPORATION, GENERAL GROWTH PROPERTIES, INC., WEINGARTEN REALTY INVESTORS, BASSER-KAUFMAN, INC., PHILIPS INTERNATIONAL HOLDING CORP., REGENCY CENTERS, L.P., AAC MANAGEMENT CORP., JONES LANG LASALLE AMERICAS, INC., CONTINENTAL PROPERTIES COMPANY, INC., AND BENDERSON DEVELOPMENT COMPANY, LLC TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (C) LEASE REJECTION PROCEDURES**

Developers Diversified Realty Corporation, General Growth Properties, Inc., Weingarten

Realty Investors, Basser-Kaufman, Inc., Philips International Holding Corp., Regency Centers,

L.P., AAC Management Corp., Jones Lang LaSalle Americas, Inc., Continental Properties Company, Inc., and Benderson Development Company, LLC (collectively, the "Landlords"), by and through their attorneys, Kelley Drye & Warren LLP, submit this objection (the "Objection") to the Debtors' Motion For Orders Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures, dated February 3, 2009 (the "Motion"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The relief requested in the Motion should be denied or significantly modified because the proposed sale procedures (the "Sale Procedures") deny Landlords any semblance of due process by depriving them of any meaningful opportunity to assess a proposed assignee, adequate assurance information, and if necessary, conduct discovery, draft an objection and prepare for a contested hearing.

2. Additionally, the Sale Procedures should be modified to allow Landlords the right to credit bid any outstanding arrearages for their Leases (defined below). The Debtors' proposed requirement that Landlords must credit bid their entire Cure Amount[1] and waive all rejection claims is not supported by the Bankruptcy Code, and does not advance the best interests of the Debtors' estate and general unsecured creditors.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

## BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

4. Since the Petition Date, the Debtors have continued to manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases (the "Leases") at the locations (the "Leased Premises") identified in the chart annexed hereto as Exhibit A.

6. The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

## ARGUMENT

### A. The Debtors' Sale Procedures Should Be Modified to Provide Landlords with a Reasonable Opportunity to Assess Proposed Assignees and Prepare for a Contested Hearing

7. By the Motion, the Debtors seek, among other things, authority to conduct an auction (the "Auction") for the sale (the "Sale") of the Debtors' remaining leases of nonresidential real property, including the Leases. Instead of adopting uniform sale procedures that abide with due process notice requirements, and forsaking the procedural safeguards negotiated between Landlords and the Debtors for the Debtors' prior sale efforts, the Debtors seek approval of procedures that severely constrict the Landlords' ability to analyze potential assignee(s) for the Leases.

8. The Debtors propose a rolling schedule of lease auctions with compressed notice periods that coincide with differing dates for the conclusion of going out of business sales at the Leased Premises. The Debtors' proposed schedules are as follows:

### February Lease Auction:

| | |
|---|---|
| Bid deadline: | February 18, 2009, at 3:00 p.m. (ET); |
| Proposed Cure Amounts filed: | February 19, 2009; |
| Auction: | February 20, 2009, at 10:00 a.m. (ET); |
| Notice of Potential Purchaser: | On or before the business day upon the conclusion of the Auction; |
| Cure and adequate assurance objection deadline: | February 24, 2009, at 12:00 p.m. (ET); |
| Sale hearing: | February 25, 2009, at 10:00 a.m. (ET). |

### March Lease Auctions

#### Round 1

| | |
|---|---|
| Bid deadline: | March 12, 2009, at 3:00 p.m. (ET); |
| Proposed Cure Amounts filed: | March 15, 2009; |
| Auction: | March 16, 2009, at 10:00 a.m. (ET); |
| Notice of Potential Purchaser: | On or before the business day upon the conclusion of the Auction; |
| Cure and adequate assurance objection deadline: | March 19, 2009, at 12:00 p.m. (ET); |
| Sale hearing: | March 20, 2009, at 10:00 a.m. (ET). |

#### Round 2

| | |
|---|---|
| Bid deadline: | March 12, 2009, at 3:00 p.m. (ET); |
| Proposed Cure Amounts filed: | March 23, 2009; |
| Auction: | March 24, 2009, at 10:00 a.m. (ET); |

| | |
|---|---|
| Notice of Potential Purchaser: | On or before the business day upon the conclusion of the Auction; |
| Cure and adequate assurance objection deadline: | March 29, 2009, at 12:00 p.m. (ET); |
| Sale hearing: | March 30, 2009, at 10:00 a.m. (ET). |

**Round 3**

| | |
|---|---|
| Bid deadline: | March 12, 2009, at 3:00 p.m. (ET); |
| Proposed Cure Amounts filed: | April 8, 2009; |
| Auction: | April 9, 2009, at 10:00 a.m. (ET); |
| Notice of Potential Purchaser: | On or before the business day upon the conclusion of the Auction; |
| Cure and adequate assurance objection deadline: | April 13, 2009, at 12:00 p.m. (ET); |
| Sale hearing: | April 14, 2009, at 10:00 a.m. (ET). |

9. Pursuant to the Sale Procedures, the Landlords will not know with certainty, the identity of any proposed assignee until, at the earliest, the conclusion of the Auction, or more likely, the next day. If there is a contested assignment, the Landlords will be severely disadvantaged because they will have as few as one (1) or at the most three (3) business days depending on which round of auction, to complete all of the following: assess the proposed assignee and its adequate assurance information; determine whether the proposed assignee's use of the premises will violate any radius or use restrictions or disrupt the tenant mix in the affected shopping center; conduct discovery; draft (and file) an objection; and prepare for a contested hearing.

10. The Landlords should be afforded a minimum of ten (10) business days from the conclusion of each Auction to determine whether the proposed assignee is acceptable and has provided the Landlords with adequate assurance of future performance. Alternatively, any hearing on less than ten days from notice of the proposed assignee and receipt of adequate assurance information should only be a status conferences with regard to any contested lease assignment issues.

11. If the Landlords object to a proposed assignee and timely notify the Debtors, Bankruptcy Rules 7026 and 7028 through 7037, made applicable to contested matters by Bankruptcy Rule 9014, apply. As such, at a minimum, the Landlords should be entitled to an expedited discovery period of fourteen (14) days, or in the alternative, a status conference at the proposed sale hearing to determine an appropriate discovery schedule. The Landlords should also be granted an additional four (4) days after the close of the discovery period within which to file a supplemental objection to the proposed assignment.

12. The Landlords also request that in the event of a contested assignment, the Debtors be required to immediately provide a list of any known witnesses that would testify and a list of any known exhibits that would be put into evidence by the Debtors and/or the proposed assignee in support of the proposed assignment.

13. The Landlords' suggested timeline to assess a proposed assignee, and the proposed assignee's financials, to conduct discovery if the Landlords object to a proposed assignee, and to prepare for trial are reasonable considering that the proposed assignee, if successful, is going to be operating a store at the Landlords' shopping center. The Debtors' need to conduct a quick sale of its Leases should not be used as a justification to expunge the Landlords' rights to defend their property from an unwanted tenant.

**B.    Landlords Should Not Be Required To Bid
       Their Full Cure Amounts**

14.    The Bidding Procedures require that Landlords credit bid their full Cure Amount and provide supporting documentation for the Cure Amount.  The proposed Bidding Procedures require that "[I]n the event a Lessor submits an offer

> that contemplates a credit bid, such Lessor may credit bid not less than the full Cure Amount (as defined in the Bidding and Rejection Procedures Order) and/or any rejection damages claim; <u>provided</u>, that the Lessor must include as part of its bid adequate supporting information/documentation to substantiate (i) the difference between the Proposed Cure Amount (as defined in the Bidding and Rejection Procedures Order) and the Cure Amount (the "Cure Difference") and/or (ii) such rejection damages claim; . . ."

Motion, Exhibit 1 – Bidding Procedures, at p. 5.

15.    The Debtors fail to cite to any authority to justify the requirement that Landlords credit bid their entire Cure Amount and document the Cure Amount in detail in connection with such bidding.  Nor, is there any reason to impose a restriction on Landlords' bids that does not apply to all bidders.  Landlords with a substantial Cure Amount should not be required to forfeit the entire cure amount to participate in the auction process.  Requiring the Landlords to provide detailed support for their Cure Amounts before the Debtors file their Proposed Cure Amounts or the Landlord has been identified as the successful bidder is also an unnecessary burden that will only serve to chill bidding.

      **C.**      **The Debtors' Request For A Waiver Of the 10-Day Automatic Stay Under Bankruptcy Rules 6004(h) And 6006(d) Should Be Denied**

16.      The Debtors request that the Court waive the rights provided to the Landlords under Bankruptcy Rules 6004(h) and 6006(d).[2] A waiver of the ten day stay provided by Bankruptcy Rules 6004(h) and 6006(d) should only be granted when a debtor has made an "evidentiary showing of a business exigency requiring a closing within 10 days." *See In re PSINet, Inc.*, 268 B. R. 358, 379 (Bankr. S.D.N.Y. 2001) (cause for a waiver of rules 6004[(h)] and 6006(d) is not established by a generalized assertion that an expedited closing is required).

17.      As the advisory committee's notes to these rules reflect, a stay pending appeal is crucial to preserve the Landlords' right to contest an order authorizing the assignment of the Leases. Without the protections of Bankruptcy Rules 6004(h) and 6006(d), the Landlords' due process rights to appeal any sale order entered by the Court would be terminated upon consummation of the sale. *See* Fed. R. Bankr. P. 6004 and 6006 advisory committee's note.

18.      Any appeal, even if leave to appeal were granted, would be rendered moot by the valid assignment of the Leases. *See In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d. Cir. 2000) (if a stay of a sale of a lease is not obtained, any appeal becomes moot). To address this issue, Bankruptcy Rule 6006(d) provides sufficient time for a party to request a stay pending appeal of an order authorizing the assignment of a lease under section 365(f) of the Bankruptcy Code before the assignment is consummated. *See* Fed. R. Bankr. P. 6006 advisory committee's note. Similarly, Bankruptcy Rule 6004(h) provides sufficient time for a party to request a stay

---

[2]    Bankruptcy Rule 6004(h) states: An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise. Fed. R. Bankr. P. 6004(h). Bankruptcy Rule 6006(d) states: An order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise. Fed. R. Bankr. P. 6006(d).

pending appeal of an order authorizing the use, sale or lease of property under section 363(b) of the Bankruptcy Code before the order is implemented. *See* Fed. R. Bankr. P. 6004 advisory committee's note.

19. Considering the consequences of failing to obtain a stay, it would be extremely prejudicial and inequitable to deprive the Landlords of the crucial ten day period provided in Bankruptcy Rules 6004(h) and 6006(d) to seek a stay of the order authorizing the assignment of the Leases pending the outcome of an appeal. This is particularly true, where, as in this case, the Debtors have failed to make any evidentiary showing or provide any competent factual or legal justification for the requested waiver. As such, the Court should not grant a waiver of the stay.

## **CONCLUSION**

WHEREFORE, the Landlords respectfully request the Court enter an order (i) denying the Motion as set forth above; (ii) modifying the Sale Procedures consistent with the Landlords' proposed sale procedures; (iii) modifying the Bidding Procedures to enable Landlords to credit bid less than their full Cure Amount; and (iv) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 11, 2009                KELLEY DRYE & WARREN LLP

                                         By: /s/ *Robert L. LeHane*_____
                                         James S. Carr (*pro hac vice*)
                                         Robert L. LeHane (*pro hac vice*)
                                         Howard S. Steel (*pro hac vice*)
                                         101 Park Avenue
                                         New York, NY 10178-0002
                                         Tel: (212) 808-7800
                                         Fax: (212) 808-7897

                                         -and-

                                         KELLEY DRYE & WARREN LLP

                                         By: /s/ *David J. Ervin*_____
                                         David J. Ervin (VSB No. 34719)
                                         Washington Harbour, Suite 400
                                         3050 K Street, NW
                                         Washington, DC 20007-5108
                                         Tel: (202) 342-8436
                                         Fax: (202) 342-8451

                                         Counsel for Developers Diversified Realty
                                         Corporation, General Growth Properties, Inc.,
                                         Weingarten Realty Investors, Basser-Kaufman, Inc.,
                                         Philips International Holding Corp., Regency
                                         Centers, L.P., AAC Management Corp., Jones Lang
                                         LaSalle Americas, Inc., Continental Properties
                                         Company, Inc. and Benderson Development
                                         Company, LLC

## EXHIBIT A

| Developers Diversified Realty Corporation | | | |
|---|---|---|---|
| **Store #** | **Mall Name** | **City** | **State** |
| | Brook Highland | Birmingham | Alabama |
| | Circuit City – Dothan | Dothan | Alabama |
| | Buena Park Place (Power Center) | Buena Park | California |
| | Circuit City – Culver City | Culver City | California |
| | Circuit City – Highland Ranch | Highland Ranch | California |
| | Carillon Place | Naples | Florida |
| | Cortez Plaza | Bradenton | Florida |
| | Homestead Pavilion | Homestead | Florida |
| | The Shops at Midtown Miami | Miami | Florida |
| | Walks at Highwood Preserve I | Tampa | Florida |
| | Skyview Plaza | Orlando | Florida |
| | Circuit City – Rome | Rome | Georgia |
| | Woodfield Village Green | Schaumburg | Illinois |
| | Merriam Village | Merriam Village | Kansas |
| | Grandville Marketplace | Grandville | Michigan |
| | Green Ridge Square II | Grand Rapids | Michigan |
| | 1000 Turtle Creek Drive | Hattiesburg | Mississippi |
| | Crossroads Center | Gulfport | Mississippi |
| | Hamilton Commons | Mays Landing | New Jersey |
| | Route 22 Retail Shopping Center | Union | New Jersey |
| | Southern Tier | Horseheads | New York |
| | Union Consumer | Cheetowaga | New York |

|  | | | |
|---|---|---|---|
|  | Square II | | |
|  | Beaver Creek Crossings South | Apex | North Carolina |
|  | Circuit City – Cary | Cary | North Carolina |
|  | River Hills | Asheville | North Carolina |
|  | Sycamore Commons | Matthews | North Carolina |
|  | Wendover II | Greensboro | North Carolina |
|  | Peach Street Square II | Erie | Pennsylvania |
|  | Township Marketplace | Monaca | Pennsylvania |
|  | Plaza del Norte | Hatillo | Puerto Rico |
|  | Columbiana Station | Columbia | South Carolina |
|  | The Point | Greenville | South Carolina |
|  | Wando Crossing | Mt. Pleasant | South Carolina |
|  | Town & Country I | Knoxville | Tennessee |
|  | Family Center at Riverdale | Riverdale | Utah |
|  | Creeks at Virginia Center | Glen Allen | Virginia |
|  | Fairfax Town Center | Fairfax | Virginia |
|  | Loisdale Center | Springfield | Virginia |
|  | Circuit City – Olympia | Olympia | Washington |
|  | | | |
| **General Growth Properties Inc.** | | | |
|  | | | |
| **Store #** | **Mall Name** | **City** | **State** |
|  | Alexandria Mall | Alexandria | Louisiana |
|  | Boise Town Plaza | Boise | Idaho |
|  | Boulevard Mall | Las Vegas | Nevada |
|  | Burbank Town Center | Burbank | California |
|  | Deerbrook Mall | Humble | Texas |
|  | Eastridge Mall | San Jose | California |
|  | Mall of Louisiana | Baton Rouge | Louisiana |
|  | Montclair Plaza North | Montclair | California |
|  | Northridge | Northridge | California |

|  | Fashion Center |  |  |
|---|---|---|---|
|  | The Shoppes at River Crossing | Macon | Georgia |
|  | Steeplegate Mall | Concord | New Hampshire |
|  | Parks at Arlington | Arlington | Texas |
|  | Willowbrook | Houston | Texas |
|  | Woodlands | The Woodlands | Texas |
|  |  |  |  |

**Weingarten Realty Investors**

| **Store #** | **Mall Name** | **City** | **State** |
|---|---|---|---|
| 545 | Overton Park Plaza | Fort Worth | Texas |
| 838 | Colonial Plaza | Orlando | Florida |
| 3304 | Oracle Wetmore | Tucson | Arizona |
| 3307 | Pavilion at San Mateo | Albuquerque | New Mexico |
| 3418 | Marketplace at Seminole Towne Center | Sanford | Florida |
| 3504 | Moore Plaza | Corpus Christi | Texas |
|  | River Point at Sheridan | Sheridan | Colorado |
|  |  |  |  |

**Basser-Kaufman**

| **Store #** | **Mall Name** | **City** | **State** |
|---|---|---|---|
| 3724 | Fellsway Plaza | Saugus | Massachusetts |
| 3146 |  | Springfield | Massachusetts |
|  |  |  |  |

**Philips International Holding Corp.**

| **Store #** | **Mall Name** | **City** | **State** |
|---|---|---|---|
|  | Palm Springs Mile | Hialeah | Florida |
|  |  |  |  |

**Regency Centers**

| **Store #** | **Mall Name** | **City** | **State** |
|---|---|---|---|
|  | Powell Street Plaza | Emeryville | California |
|  | Brea Marketplace | Brea | California |
|  |  |  |  |

**AAC Management Corp.**

| **Store #** | **Mall Name** | **City** | **State** |
|---|---|---|---|
|  | AAC Cross County Mall | Yonkers | New York |
|  |  |  |  |

| **Jones Lang LaSalle Americas** | | | |
|---|---|---|---|
| **Store #** | **Mall Name** | **City** | **State** |
| | Mall at Whitney Field | Leominster | Massachusetts |
| | Hanover Mall | Hanover | Massachusetts |
| | | | |
| **Continental Properties** | | | |
| **Store #** | **Mall Name** | **City** | **State** |
| 3175 | Fountain Square Shopping Center | Brookfield | Wisconsin |
| | | | |
| **Benderson** | | | |
| **Store #** | **Mall Name** | **City** | **State** |
| | Monroeville | Pittsburgh | Pennsylvania |
| | Westland | Westland | Michigan |
| | | South Naples | Florida |
| | Waterford Station | Waterford | Connecticutt |
| | Colonial Square Town Center | Fort Myers | Florida |
| | Gateway Shops | Naples | Florida |
| | St. Lucie West Town Center | Port St. Lucie | Florida |
| | University Center | University Park | Florida |
| 3831 | Market Square | Henrietta | New York |
| | Eastview Mall | Victor | New York |

## CERTIFICATE OF SERVICE

That on the 11th day of February, 2009 I caused the Limited Objection to the Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures to be served upon the following via priority overnight; and via the electronic case filing system.

| | |
|---|---|
| Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601 | Gregg Galardi, Esq.<br>Chris L. Dickerson, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>One Rodney Square<br>Wilmington, Delaware 19889 |
| Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219 | David S. Berman, Esq.<br>Riemer &Y Braunstein LLP<br>Three Center Plaza<br>Boston, Massachusetts 02108 |
| Bruce Matson, Esq.<br>LeClair Ryan<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, Eighth Floor<br>Richmond, Virginia 23219 | Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia 23219 |
| Robert B. Van Arsdale, Esq.<br>Office of the U.S. Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219 | |

*/s/ Howard S. Steel*
Howard S. Steel