IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**LIMITED OBJECTION OF 13630 VICTORY BOULEVARD, LLC. TO DEBTORS' MOTION FOR ORDERS UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND <u>(C) LEASE REJECTION PROCEDURES</u>**

13630 Victory Boulevard, LLC (the "Landlord"), by and through its undersigned counsel, hereby file this limited objection to the *Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Motion"). In support hereof, the Landlord shows the Court the following:

1

**Background**

1.

On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. (the "Debtor"), along with other related debtors, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Court authorized joint administration of the Debtors' cases (collectively the "Debtors"). The Debtors continue to operate as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.

The Debtor operates a Circuit City store at the Van Nuys Shopping Center, located at 13630 Victory Boulevard, Van Nuys, California, pursuant to a Lease dated August 25, 1958 and its several amendments (the "Van Nuys Lease") between the Debtor, as lessee, and 13630 Victory Boulevard, LLC, as lessor and as successor-in-interest to Alex Waxenberg. The Debtors identify this location as Store # 00421.

3.

On February 3, 2009, the Debtors filed the Motion, in which they seek, *inter alia*, approval of bidding and auction procedures for the sale of unexpired nonresidential real property leases, setting of sale hearing dates, and waiver of the ten-day stay provided by Bankruptcy Rule 6006 for any order approving a sale of an unexpired nonresidential real property lease. The Van Nuys Lease is a March Lease pursuant to Revised Exhibit 3 filed on February 6, 2009 (Dkt. No. 2003).

4.

As proposed in the Motion, the bidding procedures would require all proposed bidders on the March Leases to deliver proposed bids by 3:00 p.m. on March 12, 2009,

and for the successful bidder to be ready to close the sale no later than two days following the entry of an order approving the sale.  If more than one qualified bid is submitted, auctions will be conducted on March 16, 2009, March 24, 2009, and April 9, 2009.  The Debtors propose to sell the Lease or Leases to the successful bidder upon the approval by the Court at the next sale hearing following the auction, in this case, on March 20, 2009, March 30, 2009, or April 14, 2009, respectively.  The Debtors propose that, absent agreement to the contrary, the closing of the sale of the applicable lease take place within 2 days of the sale hearing.

5.

The Debtors propose furnishing the Landlord with a notice of Potential Purchaser that will identify any potential purchasers of the Van Nuys Lease at the conclusion of any respective auction.  The Debtors further propose that the Landlord must file any objection to the assumption and assignment of the Van Nuys Lease by 12:00 p.m. EST on the business day immediately preceding the sale hearing, including any objection to the amount of any proposed cure cost, to adequate assurance of future performance, and to any alleged non-monetary default.

6.

Thus, if the Van Nuys Lease is auctioned to an approved qualified bidder on March 16, 2009, the Landlord would be required to file any objections by March 19, 2009; if the Van Nuys Lease is auctioned to an approved qualified bidder on March 24, 2009, the Landlord would be required to file any objections by March 29, 2009; and if the Van Nuys Lease is auctioned to an approved qualified bidder on April 9, 2009, the Landlord would be required to file any objections by April 13, 2009.  The Debtors

therefore propose to give the Landlord only one or two business days to object to any proposed assumption and assignment, even though the Debtors provide no specific procedure for providing the Landlord with any information concerning the proposed purchaser's ability to provide adequate assurance of future performance or adequate assurance of the purchaser's proposed usage of the property.

### Objections and Basis Therefor

7.

These short objection deadlines are unreasonable under the circumstances where the Landlord has no ability to assess whether proposed purchasers are able to provide adequate assurance of future performance.  Furthermore, even if the Debtors propose to furnish the Landlord with the proposed purchaser's own assertions of their ability to provide adequate assurance of future performance, these proposed objection deadlines do not allow the Landlord to conduct its own assessment of the potential purchaser's ability to provide adequate assurance of future performance or to conduct any discovery to investigate that ability.  Of course, the Debtors bear the burden of proof on each of these elements. *See In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr.W.D. Tenn. 1990); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).  Courts require a specific factual showing through competent evidence to determine whether adequate assurance of future performance has been provided. *See e.g., Matter of Haute Cuisine, Inc.*, 58 B.R. 390 (Bankr. M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented); *In re Bygaph, Inc.*, 56 B.R. 596 (Bankr. S.D.N.Y. 1986) (court granted motion to assume and assign based on assignee's capital contribution, personal

financial resources, and expressed willingness to devote sufficient funding which gave new restaurant a strong likelihood of succeeding, coupled with assignee's experience as an owner/operator of a successful restaurant and his family's planned involvement in the day-to-day management). Without this type of information, the Landlord is denied its statutory right to conduct a meaningful analysis of any proposed assignee. As such, the Debtors' proposed attempt to circumvent a reasonable evaluation and determination of whether the requirements of Section 365(f)(2)(B) of the Bankruptcy Code are satisfied should not be approved by this Court.

8.

The Van Nuys Lease is located in a shopping center. Accordingly, to assume and assign it, the Debtors must provide adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). The Debtors do not propose affirmatively to provide the Landlord any information concerning such adequate assurance until the proposed sale hearings, but

nevertheless insist that the Landlord object within 1-2 business days of receiving notice of a proposed assignment.

9.

The bidding procedures should require the Debtors to provide the Landlord with complete adequate assurance information as contemplated by, *inter alia*, Section 365(b) of the Bankruptcy Code, by a date certain and at least ten days before any hearing on assumption and assignment of the Van Nuys Lease to allow the Landlord time to review and analyze the information and conduct any reasonably necessary discovery. The timeline currently proposed by the Debtors does not allow the Landlord sufficient time to conduct any meaningful review with respect to any proposed assumption and assignment of the Van Nuys Lease and therefore denies the Landlord due process. At a minimum, the Landlord will need to analyze the financial information submitted by any proposed assignee. The Landlord not only will need to undertake a review of the Van Nuys Lease, but the lease of every other tenant in the shopping center to make sure that the assignment (1) will not violate any use, radius or location provision contained in these other leases and (2) will not otherwise disrupt the tenant mix at the shopping center. The Landlord also will need to undertake a review of its financing obligations to ensure that the proposed assignment does not violate any of the Landlord's obligations. The Landlord's analysis and review of such information should not be required on a fast-tracked timetable.

10.

The Debtors propose that the ten-day stay provided by Bankruptcy Rule 6006 be waived following any order approving the assignment of an unexpired lease on the sole

basis that it will save the Debtors continued accrual of administrative expenses under the leases sold. Of course, any stay imposed by Bankruptcy Rule 6006 following an assignment of an unexpired lease of real property always results in increased administrative expenses. Yet, the Debtors provide no basis, let alone any case law that supports their request for special treatment, and by so doing potentially moot the Landlord's appellate rights in this case. The Landlord should not lose the protections set forth in Rule 6006 simply because the Debtors seek to expedite the closings of assignments of unexpired leases (where the Debtors will undoubtedly benefit from the receipt of proceeds from an assignee) in an effort to avoid additional administrative expenses.

11.

Finally, the Debtors may not be entitled to assume and assign the Van Nuys Lease to any party except under limited circumstances. Accordingly, nothing contained herein or otherwise shall be deemed consent to any assumption and assignment and the Landlord reserves all of its rights to object to the assumption and assignment of the Van Nuys Lease in the event a potential purchaser is identified.

WHEREFORE, 13630 Victory Boulevard, LLC respectfully requests that the Court either deny the Motion or modify the proposed bidding procedures consistent with the foregoing, and that it be granted such further and additional relief as is just and proper.

Dated: February 12, 2009
       Washington, DC

*/s/ Timothy F. Brown*_____
Timothy F. Brown (Va. Bar No. 030907)
Christopher J. Giaimo
Katie A. Lane
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

Attorneys for 13630 Victory Boulevard, LLC

# **CERTIFICATE OF SERVICE**

I, Katie A. Lane, hereby certify that on the 12th day of February, 2009, I caused a true and correct copy of the foregoing Objection to Bidding and Rejection Procedures to be served via the Court's CM/ECF system upon all subscribed parties and via First Class Mail upon the following:

| | |
|---|---|
| W Clarkson McDow, Jr.<br>Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219 -1888<br>Attn: Robert B. Van Arsdale | Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Reginald D. Hedgebeth |
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, VA 23233<br>Attn: Daniel W. Ramsey | McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Attn: Dion W. Hayes |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Attn: Gregg M. Galardi | Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Attn: Chris L. Dickerson |

/s/ *Katie A. Lane*_____
Katie A. Lane

8