William C. Crenshaw  
VSB No. 16803  
**POWELL GOLDSTEIN LLP**  
901 New York Avenue, NW, Third Floor  
Washington, D.C. 20001  
(202) 624-7380  
Email: wcrenshaw@pogolaw.com  

**Objection Deadline: Dec. 17, 2008**  
**Hearing Date: Dec. 22, 2008**

**Counsel to Prince OLP CCAntioch, LLC and OLP CCFerguson**

**UNITED STATES BANKRUPTCY COURT**  
**EASTERN DISTRICT OF VIRGINIA**  
**(Richmond Division)**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**OBJECTION OF OLP CCANTIOCH, LLC AND OLP CCFERGUSON**
**TO DEBTORS' PROPOSED CURE AMOUNT FOR**
**CERTAIN CLOSING DATE CONTRACTS**

OLP CCAntioch, LLC ("Antioch") and OLP CCFerguson, LLC ("Ferguson" and together with Antioch, the "Landlords"), by and through their undersigned attorneys, hereby object to the amount proposed to be paid to cure defaults under certain leases that may be assumed and assigned pursuant to 11 U.S.C. §365 and the Sale Motion (defined below). In support of this objection, Landlords state as follows:

1. On November 10, 2008, Circuit City Stores, *et al*., (collectively, the "Debtors") commenced these bankruptcy proceedings by filing a voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. Pursuant to Lease Agreements (each a "Lease" and jointly, the "Leases") between each of the Landlords and Circuit City Stores, Inc. ("Circuit City"), one of the

Debtors, the Landlords lease to Circuit City certain nonresidential real property located at 5221 Hickory Parkway, Antioch, TN and 3344 Pershall Road, Ferguson, MO.

3. On November 25, 2008, the Debtors filed a motion (the "Sale Motion") seeking authority, among other things, to sell certain leases, including the Leases, to the successful bidder at the auction (the "Successful Bidder") free and clear of all liens, claims, encumbrances and other interests (the "Sale"), pursuant to certain proposed procedures (the "Sale Procedures"). Under the transaction proposed in the Sale Motion, certain leases would be assumed and assigned to the Successful Bidder as of December 31, 2008.

4. On December 11, 2008, the Court entered the Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 Authorizing Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Leases [Docket No. 258] (the "Procedures Order"). The Procedures Order approved the Sale Procedures, as modified, and scheduled certain dates related to the Sale, including the deadline to submit bids, the auction and the final hearing on the Sale Motion. The Procedures Order also set December 17, 2008 as the deadline by which counterparties to leases proposed to be assumed and assigned pursuant to the Sale Motion must file objections to the amounts the Debtors proposed to pay to cure defaults under such leases pursuant to Section 365(b)(1) of the Bankruptcy Code.

5. On Exhibit B to the Sale Motion the Debtors identified the Leases as leases to be assumed and assigned to the Successful Bidder, pursuant to the Sale Motion

1512754.4                                              2

and section 365 of the Bankruptcy Code. The Debtors propose to pay the following amounts to cure defaults under the Leases (the "Proposed Cure Amount"):

| **Landlord/ Lease** | **Proposed Cure Claim** |
| --- | --- |
| Antioch | $7,989 |
| Ferguson | $5,448 |

6.    The Landlords object to the Proposed Cure Amounts on the basis that the Proposed Cure Amounts do not include all of the amounts due and owing under the Leases through December 31, 2008. As set forth below, the total amount of the rent and taxes sue under the leases is:

| **Landlord** | **Rent** | **Taxes** |
| --- | --- | --- |
| Antioch | $8,100.32 | $66,112.11 |
| Ferguson | $5,523.75 | $52,483.52 |

In addition, prior to the Petition Date, a mechanic's lien securing a claim in the amount of $46,451.97 was filed by Trane U.S. against the premises governed by the Ferguson Lease based on the Debtors' non-payment of amounts owed to Trane U.S. for materials and services provided to the Debtors. A copy of the Notice of Mechanic's Lien is attached hereto as Exhibit A. Under the terms of the Ferguson Lease, the Debtors are obligated to pay this claim and clear this mechanic's lien. Accordingly, the total amount of the defaults that must be cured as a prerequisite to assumption and assignment to the Successful Bidder of each of the Leases (the "Landlords' Cure Claim") is:

| **Landlord/ Lease** | **Cure Claim** |
| --- | --- |
| Antioch | $74,212.43 |
| Ferguson | $104,459.24 |

7. Section 365(b)(1) provides that as a condition precedent to the assumption of an executory contract under which there has been a default, the Debtors must "cure or provide adequate assurance that the [Debtors] will promptly cure such default." 11 U.S.C. § 365(b)(1).

WHEREFORE, the Landlords respectfully requests that this Court (i) direct the Debtors to promptly pay the full amount of the Landlords' Cure Claim as a condition precedent to the assumption and assignment to the Successful Bidder of the Leases and (ii) grant such other and further relief as is just and proper.

Dated:  December 17, 2008            **POWELL GOLDSTEIN LLP**
Washington, D.C.

/s/William C. Crenshaw
William C. Crenshaw
Va. Bar No. 16803
901 New York Avenue, NW, Third Floor
Washington, D.C. 20001
Telephone (202) 347-0066
Facsimile (202) 624-7222
Email: wcrenshaw@pogolaw.com

**OF COUNSEL:**
**BRYAN CAVE LLP**
Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, New York 10104-3300
(212) 541-2000 (tel); (212) 541-4630 (fax)
Email:michelle.mcmahon@bryancave.com

Synde Keywell, Esq.
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
312-602-5000 (tel); 312-698-7477 (fax)
Email:synde.keywell@bryancave.com

Counsel to OLP CCAntioch, LLC and OLP CCFerguson, LLC

## **CERTIFICATE OF SERVICE**

I, William Crenshaw, hereby certify that, on December 17, 2008, I caused a true and correct copy of the foregoing Limited Objection By Gould Livermore LLC To Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105 And 363 (I) Authorizing Debtors To Enter Into An Agreement In Connection With Sale Of Furniture, Fixtures And Equipment, Subject To Higher Or Otherwise Better Proposals; (Ii) Approving Sale Of Furniture, Fixtures, And Equipment Free And Clear Of All Interests; And (Iii) Granting Related Relief (the "Objection") to be served via email pursuant to Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notices, Case Management, and Administrative Procedures by emailing the Objection to: circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com.

/s/William C. Crenshaw
WILLIAM C. CRENSHAW

1512754.4

5