

SECREST

SW

WARDLE

30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333-3040
Tel. 248-851-9500
Fax: 248-851-2158
www.secrestwardle.com

THOMAS R. SCHULTZ
Direct: 248-539-2847
tschultz@secrestwardle.com

February 10, 2009



*Via Overnight Mail*

Hon. Kevin R. Huennekens
United States Bankruptcy Court
Eastern District of Virginia, Richmond Division
701 East Broad Street
Richmond, VA 23219-1888

Re:     *Notice of Objection - Order Approving Agency Agreement, Store Closing*
        *Sales and Related Relief*
        *In re: Circuit City Stores, Inc., et al, Debtors in the United States*
        *Bankruptcy Court for the Eastern District of Virginia, Richmond*
        *Division*
        Case No. 08-35653 (KRH)
        Our File No. 55142 NOV

Dear Honorable Judge Huennekens:

Our office serves as City Attorney for the City of Novi, Michigan.  We recently
received (informally) a copy of the January 16, 2009 Order Approving Agency
Agreement, Store Closing Sales, and Related Relief in connection with the
ongoing bankruptcy proceedings for Circuit City Stores, Inc., *et al.*  Enclosed with
this correspondence is a copy of a letter we wrote to Circuit City's counsel and
the Agent, setting forth the City's "objection" to their apparent reading of
provisions of the Order to allow signage in the City's rights-of-way in violation of
generally applicable local health and safety laws and despite language in the order
that seems to read to the contrary.

It is unclear whether the parties, the case, or the dispute described herein assert
that the Order preempts enforcement of the City's generally applicable health and
safety sign and loitering laws.   Nonetheless, we presented our notice of
"objection" to the Debtors and Agents as indicated in the Order in a general spirit
of compliance with the Order, but without waiving the duty to enforce local health
and safety laws.

COUNSELORS AT LAW

Hon. Kevin R. Huennekens
February 10, 2009
Page 2


As attorneys in the State of Michigan, we are not at present admitted before your
Honorable Court and it is our hope that the presentation of this letter and attached
correspondence will serve as appropriate notice of the City's "objection."

Should we be notified otherwise, we will consider undertaking efforts to file a
formal motion to this effect.

If you have any questions, please do not hesitate to call me.

Very truly yours,

Thomas R. Schultz

TRS/jtc
Enclosure
cc:    Clay J. Pearson, City Manager
       David Molloy, Chief of Police


1187503



SECREST
SW
WARDLE

30903 Northwestern Highway
P O Box 3040
Farmington Hills, MI 48333-3040
Tel: 248-851-9500
Fax: 248-851-2158
www.secrestwardle.com

THOMAS R. SCHULTZ
Direct: 248-539-2847
tschultz@secrestwardle.com

February 10, 2009

*Via Fax and Overnight Mail*

Gregg M. Galardi, Esq.                          Dion W. Hayes
Skadden, Arps, Slate, Meagher & Flom            Doulgas M. Foley
One Rodney Square                               McGuirewoods, LLP
P.O. Box 636                                    One James Center
Wilmington, DE  19899-0636                      901 E. Cary Street
                                                Richmond, VA  23219

Chris L. Dickerson, Esq.                        Mark P. Naughton
Skadden, Arps, Slate, Meagher & Flom            Great American Group, LLC
333 W. Wacker Drive                             9 Parkway North, Suite 300
Chicago, IL  60606                              Deerfield, IL  60015

Re:   *Notice of Objection – Order and Reservation of Rights Potential*
      *"Dispute" Approving Agency Agreement, Store Closing Sales and*
      *Related Relief*
      *In re:  Circuit City Stores, Inc., et al, Debtors in the United States*
      *Bankruptcy Court for the Eastern District of Virginia, Richmond*
      *Division*
      Case No. 08-35653 (KRH)
      Our File No. 55142 NOV

Dear Sirs:

Our office serves as City Attorney for the City of Novi, Michigan.  We recently
received (informally) a copy of the Order Approving Agency Agreement, Store
Closing Sales, and Related Relief in connection with the ongoing bankruptcy
proceedings for Circuit City Stores, Inc., *et al.*  Please consider this letter as the
City of Novi's notice to you that the use of sign walkers, street signage, and other
signs in the City's rights-of-way—as has recently occurred in connection with the
liquidation sales—is a violation of local general and safety laws.

The City has documented a number of violations of the City's sign and general
ordinances involving the use of large signs held by individuals standing in the
City's rights-of-way, usually on public sidewalks.  These ordinances were duly
and properly enacted under the broad police powers afforded to cities in the State

COUNSELORS AT LAW

Messrs. Galardi, Hayes, Foley, Dickerson, and Naughton
February 10, 2009
Page 2

of Michigan.  In particular, the activities occurring are, at a minimum, violations of the City's Sign Ordinance under §28-10, which prohibits the use of portable signs; §28-8 prohibiting off-premises signs; and, finally, in the general Code of Ordinances, §22-92, Loitering.

We understand that the Bankruptcy Court's order of January 16, 2009, is apparently being read by the Liquidators' agents to indicate that such signage in the rights-of-way is permitted.  We note that both the Order (¶10) and the Sales Guidelines indicate that their provisions relate to activities "at" the sale location—which does not include the City's rights-of-way or other surrounding private property.  We also assert that the ordinances noted above are, under Michigan law, public health and safety laws, and not merely aesthetic.  They neutrally regulate the usage of signs by the Debtors and their Agents and do not specifically conflict or occupy a field principally or directly regulated by federal bankruptcy law.

To the extent that there is disagreement over whether the Order applies to the ordinances at issue, we note that the Order does permit the City to "object" to its provisions and also to avail itself of a dispute resolution process.  While we disagree with any interpretation that the Bankruptcy Court's Order preempts enforcement of the generally applicable safety laws of the City of Novi, we present this letter in the spirit of compliance with the notice and dispute resolution strictures contained in the Order and as a formal "objection" to any terms within it that would be read to permit the Debtors and their Agents to cause a hazardous and dangerous condition on the City's streets and sidewalks.

If you have any questions, please do not hesitate to call me.

Very truly yours,

Thomas R. Schultz

TRS/jtc
cc:    Hon. Kevin R. Huennekens

1187527

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** Bridgette L Hooper

**Case Number:** 09-30565-KRH

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**
Check City

**Name and address where notices should be sent:**

Check City
Regional Office
2720-B West Broad Street
Richmond, Virginia 23220

Telephone number: 804-359-8608

RICHMOND DIVISION

FILED
FEB 1 2 2009
CLERK
U.S. BANKRUPTCY COURT

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 680.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** money loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 7432

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

**Value of Property:** $ _____    **Annual Interest Rate** ___ %

Amount of arrearage and other charges as of time case filed included in secured claim,

If any: $ _____    **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____    **Amount Unsecured:** $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**FOR COURT USE ONLY**

**Date:** 02-04-09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Heather Gibson Collections

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.