Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
*Attorneys for Cole CC Taunton MA, LLC,*
*Cole CC Aurora CO, LLC, Cole CC Mesquite TX, LLC and*
*Cole CC Groveland FL, LLC*

Hearing: March 3, 2009 10:00 a.m.
Objections Due: February 27, 2009 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 08-35653-KRH |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**MOTION FOR ENTRY OF AN ORDER GRANTING ADEQUATE PROTECTION AND GRANTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Cole CC Taunton MA, LLC, Cole CC Aurora CO, LLC, Cole CC Mesquite TX, LLC and Cole CC Groveland FL, LLC (collectively, the "Cole Landlords"), by counsel, move the Court, pursuant to 11 U.S.C §§ 365(d)(3) and 363(e) for entry of an order requiring Circuit City Stores, Inc. to adequately protect the interests of landlords with respect to four nonresidential real property leases by providing for the assured timely payment of real estate tax obligations accruing pursuant to the leases during this Chapter 11 proceeding. In support of this Motion, Cole respectfully states the following:

4844-6468-1731.2

## INTRODUCTION

It is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the landlord being adequately compensated for the burdens of ownership borne by the landlord. *See e.g. In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002)(landlords cannot be forced to become involuntary creditors), *aff'd* 288 B.R. 114 (E.D. Va. 2003) *rev'd on other grounds*, 367 F.3rd 237 (4th Cir. 2004). As acknowledged in this Court's Findings of Fact and Conclusions of Law From Hearing Held December 22, 2008 on Motions to Compel Payment of Postpetition Rent entered on January 26, 2009 (the "January 26th Order"), the payment of real property taxes relating to nonresidential property taxes is one element of rent compensation to which landlords are entitled to receive from debtor tenants. *See* January 26th Order, fn 2.

The failure by Circuit City Stores, Inc. (the "Debtor") to honor its obligation to pay real property taxes will cause the Cole Landlords' properties to be encumbered by tax liens and will, therefore, impair and harm the Cole Landlords' constitutionally protected property interests. Accordingly, if the Cole Landlords' property interests are to be protected, and if the Cole Landlords are to be shielded from being forced to involuntarily lend to the bankruptcy estate, the Cole Landlords must be provided with adequate protection in the form of an Order obligating Circuit City Stores to fund and pay for the real property taxes accruing on the Cole Landlords' properties during the Debtor's possession and use of the Cole Landlords' properties (the "Postpetition Property Taxes").

As this Court is aware, the Debtor is in the process of liquidating and going out of business. With the Debtor's proceeding so postured, the Debtor has not even suggested that administrative expense claims will be paid in full. Accordingly, the Cole Landlords' real property interests cannot be protected by the mere grant of an allowed administrative priority claim in the amount of the Postpetition Property Taxes. Instead, the Debtor must be ordered to fund and pay for the accruing Postpetition Property Taxes.

### PARTIES

1.  Cole CC Taunton MA, LLC ("Cole Taunton", owns nonresidential real property located at 70 Taunton Depot Drive, Taunton, Massachusetts 02780 (the "Taunton Property"); Cole CC Aurora CO, LLC, ("Cole Aurora") owns nonresidential real property located at 1450 South Abilene Street, Aurora Colorado 80012 (the "Aurora Property"); Cole CC Mesquite TX, LLC ("Cole Mesquite") owns nonresidential real property located at 3733 West Emporium Circle Mequite, Texas 75150 (the "Mesquite Property"); and Cole CC Groveland FL, LLC ("Cole Groveland") owns nonresidential real property located at 19925 Independence Blvd Groveland, Florida 34736 (collectively, the "Cole Properties").

2.  The Debtor is a lessee of the Cole Properties pursuant to separate written lease agreements. Specifically, Cole Aurora leases the Aurora Property to the Debtor pursuant to a Lease dated as of January 19, 1996 (the "Aurora Lease"). Cole Groveland leases the Groveland Property to the Debtor pursuant to a Lease dated as of August 22, 2001 (the "Groveland Lease"). Cole Mesquite leases the Mesquite Property to the Debtor pursuant to a Lease dated as of July 30, 1995, as amended (the "Mesquite Lease"). Cole Taunton leases the Taunton Property to the Debtor pursuant to a Lease dated as of February 27, 2001, as amended (the "Taunton Lease").

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and the Order of the United States District Court for the Eastern District of Virginia.

4. The predicate for the relief requested herein is 11 U.S.C. §§ 363(e), 365(d)(3); 503(b), and 507(a)(2).

5. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (G), and (M).

6. Venue is placed in this Court pursuant to 28 U.S.C. § 1409.

**FACTS AND REQUEST FOR RELIEF**

7. Each of the Cole Leases require the Debtors to pay, as additional rent, the real property taxes relating to the Cole Properties. *See* Aurora Lease, §§ 4(c) and 7(a) (Tenant shall pay before interest or penalties are due thereon, all real property taxes); Groveland Lease § 4(c)(Tenant shall pay and discharge before the imposition of any fine, lien or penalty all real property taxes); Mesquite Lease § 9(b)(Tenant shall pay real estate taxes levied against the land; and Taunton Lease § 7(Tenant shall pay real estate taxes before interest or penalties are due thereon).

8. Real property taxes assessed against the Aurora Property for the calendar year 2008 totaled $69,696.63 (the "Aurora 2008 Property Tax"). For the Groveland Property, real property taxes assessed by the taxing authority for calendar year 2008 totaled $312,787.34 (the "Groveland 2008 Property Tax"). Real property taxes for the Taunton Property for the 2008 fiscal year (running from July 1, 2008 through June 30, 2009) total $72,157.59 (the "Taunton 2008 Property Tax"). And, for the Mesquite Property real property taxes levied by the taxing

authorities for calendar year were in the amount of $191,232 (the "Mesquite 2008 Property Tax").

9.  Upon information and belief, the Debtor has paid the pro-rata portion of Aurora 2008 Property Tax, the Groveland 2008 Property Tax and the Taunton 2008 Property Tax accruing from and after November 10, 2008 through December 31, 2008.

10. In violation of Section 365(d)(3), the Debtor has failed and refused to pay the pro-rata portion of the Mesquite 2008 Property Tax accruing from and after November 10, 2008 through December 31, 2008 in the amount of $27,169.57 (the "Unpaid Mesquite 2008 Postpetition Taxes") although such taxes became due after the Filing Date and such taxes relate exclusively to taxes accruing from and after the Filing Date.

11. Real property taxes attributable to the Taunton Property in the amount of $20,020.45 for the period January 1, 2009 through March 31, 2009 were due and delinquent on February 1, 2009 (the "Unpaid Taunton Third Quarter 2008 Taxes").  In violation of Section 365(d)(3), the Debtor has failed and refused to pay the Unpaid Taunton Third Quarter 2008 Taxes although such taxes became due after the Filing Date and such taxes relate exclusively to taxes accruing from and after the Filing Date.

12. Upon information and belief, the real property taxes assessed and levied by the applicable taxing authorities for the Aurora Property, the Groveland Property and the Mesquite Property for calendar year 2009 will be at least as much as the Aurora 2008 Property Tax, the Groveland 2008 Property Tax and the Mesquite 2008 Property Tax.

13. Upon the assessment of real property taxes by the applicable taxing authority, a lien is impressed upon the applicable Cole Property for the amount of the assessed taxes.  *See*, Massachusetts General Law c. 60 § 37; Col. Rev. Stats § 39-9-107; Texas Property Code

§ 32.01; and Florida Rev. Stat. § 197.122.  Accordingly, the Cole Properties are each currently impaired by tax liens and will remain impaired unless the real property taxes secured by such liens are paid by the Debtor.

14. From and after January 1, 2009, the Debtor has remained in possession of each of the Cole Properties and has enjoyed the benefits of such possession.  For each day, week and month that the Debtor remains in possession of the Cole Properties, it becomes obligated to the Cole Landlords pursuant to the Cole Leases for the payment of rent and additional rent including real property tax obligations.   Without question, the Debtor's obligation for the real estate taxes accruing during calendar year 2009 with respect to the Aurora, Groveland and Mesquite Properties while the Debtor remains in possession of such Properties represents an integral component of additional rent due to the Cole Landlords. *E.g. In re R.H. Macy & Co., Inc*., 152 B.R. 869, 874 (Bankr. S.D. N.Y. 1993)(real property taxes are integral part of rent); s*ee also* January 26th Order, fn 2.

15. Without question, the respective Cole Landlord are entitled to allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to (i) the real property taxes accruing from and after January 1, 2009 with respect to the Aurora Property, the Groveland Property and the Mesquite Property to and including the date the Aurora Lease, the Groveland Lease and the Mesquite Lease, as applicable, is rejected. *See e.g. In re Midway Airlines Corporation*, 406 F.3rd 229, 235-237 (4th Cir. 2005) (lessor entitled to administrative expense claim for full amount of rent, taxes, and insurance provided for by lease without requirement for showing of value of

4844-6468-1731.2                                                6

benefit conferred or received).[1]  If, on information and belief, the calendar year 2009 taxes for the Aurora Property, the Groveland Property and the Mesquite Property are at least as much as the 2008 taxes, the monthly real property tax obligation payable with respect to the Debtor's possession of (i) the Mesquite property during 2009 is $15,936.07; (ii)  the Aurora Property during 2009 is $5,808.05; and (iii) the Groveland Property is $25,397.52.

16. Similarly, Cole Taunton is entitled to allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), on account of the Unpaid Taunton Third Quarter 2008 Taxes which claim should be allowed and paid in the amount $20,020.45.  And, Cole Mesquite is entitled to allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), on account of the Unpaid Mesquite Postpetition 2008 Taxes which claim should be allowed and paid in the amount $27,169.57.

17. As a result of the Debtor's going out of business liquidation and the Debtor's resulting inability to assure payment of the allowed administrative expense priority claim granted to the Cole Landlords, and because the nonpayment of these real property tax obligations will impair and harm the Cole Landlords' real property interests, the Cole Landlords are additionally entitled to adequate protection.

18.  Section 363(e) of the Bankruptcy Code provides in part:

> Notwithstanding any other provision of this section, at any time, on request of any entity that has an interest in property used…or leased,…the court, with or without

---

[1] Although *In re Midway Airlines* was decided under 11 U.S.C. § 365(d)(5) (formerly 11 U.S.C. § 365(d)(10), the Fourth Circuit Court of Appeals observed and expressly proclaimed that 11 U.S.C. § 365(d)(3) insure landlords of nonresidential real property are entitled to allowance of an administrative expense claim equal in amount of the unpaid obligations accruing under the lease from and after the order for relief through the date of rejection and the landlord is not required to adduce evidence of the value provided to the bankruptcy estate. *Id.*

> a hearing, shall prohibit or condition such use…or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e). *See also In re Martin*, 761 F.2d 472, 475-76 (8th Cir. 1985) ("Section 363(e) of Chapter 11 provides that whenever the bankruptcy trustee proposes to use property in which the creditor has an interest, the court shall, at the request of the creditor, prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of [the creditor's] interest."); *In re Travelot Co.*, 286 B.R. 462, 466 (Bankr. S.D. Ga. 2002) *quoting NLRB v. Bildisco*, 465 U.S. 513, 532 (1984( ("A debtor-in-possession which 'elects to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract' must, nevertheless, pay for the reasonable value of those services.").

19. Because the Cole Properties are impressed with liens securing the unpaid real property taxes accruing from and after January 1, 2009, the failure of the Debtors to fund and pay such taxes will impair and harm a real property interest owned by the Cole Landlords and the Debtor will be unjustly enriched equal in amount to the harm inflicted on the Cole Landlords. Accordingly, given the uncertainty of the Debtor's willingness and ability to pay the real property taxes accruing during 2009, the only means of adequately protecting the Cole Landlords' property interests is through the entry of an Order pursuant to Section 363(e) mandating the current payment to the Cole Landlords in an amount sufficient to satisfy the real property tax obligations accruing from and after January 1, 2009 with respect to the Cole Properties.

20. Adequate protection of the Cole Landlords' property interest can and must be provided by the entry of an Order requiring (i) the Debtor make monthly payment to the Cole Landlords retroactive to January, 2009 equal in amount to: (x) $15,936.07 for the Mesquite property; (ii)  $5,808.05 for the Aurora Property; and (iii) $25,397.52 for the Groveland

4844-6468-1731.2                                            8

Property[2]; and (ii) the Cole Landlords to use such amounts to satisfy real property taxes accruing from and after January 1, 2009 with respect to the Cole Properties.

21. Plainly, the intent of Congress in enacting Section 365(d)(3) was to prevent the injustice of forcing landlords to provide their property without compensation. *In re Trak Auto Corp.*, 277 B.R. at 662. It is patently unfair and in contravention of Congressional intent to subject the Cole Landlords' constitutionally protected real property interests to harm and impairment as a result of the Debtor's failure to pay real property taxes accruing from and after the Filing Date. The Cole Landlords are entitled to entry of an Order granting the Cole Landlords adequate protection in the form of current funding and payment of the accruing real property tax obligations.

**WHEREFORE**, for the reasons set forth above, Cole requests that the Court enter an Order:

A. Granting Cole Taunton an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), on account of the Unpaid Taunton Third Quarter 2008 Taxes which claim should be allowed in the amount $20,020.45;

B. Ordering the Debtor to immediately pay to Cole Taunton the Unpaid Taunton Third Quarter 2008 Taxes as required by 11 U.S.C. § 365(d)(3);

C. Granting Cole Mesquite an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), on account of the Unpaid Mesquite Postpetition 2008 Taxes which claim should be allowed in the amount $27,169.57.

---

[2] This adequate protection is premised upon an assumption that the Debtor will immediately pay the Unpaid Taunton Third Quarter 2008 Taxes and the Unpaid Mesquite Postpetition 2008 Taxes. If such amounts are not paid, the required escrow or impound payments must be adjusted accordingly.

D. Ordering the Debtor to immediately pay to Cole Mesquite the Unpaid Mesquite Postpetition 2008 Taxes as required by 11 U.S.C. § 365(d)(3);

E. Granting Cole Mesquite an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2) on account of the monthly real property tax obligation payable with respect to the Debtor's possession of the Mesquite Property during 2009 which claim shall be in the amount of $15,936.07 for each month during 2009 that the Debtor remains in possession of the Mesquite Property;

E. Granting Cole Aurora an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2) on account of the monthly real property tax obligation payable with respect to the Debtor's possession of the Aurora Property during 2009 which claim shall be in the amount of $5,808.05 for each month during 2009 that the Debtor remains in possession of the Aurora Property;

F. Granting Cole Groveland an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2) on account of the monthly real property tax obligation payable with respect to the Debtor's possession of the Groveland Property during 2009 which claim shall be in the amount of $25,397.52 for each month during 2009 that the Debtor remains in possession of the Groveland Property;

G. Ordering that (a) the Debtor provide adequate protection of the Cole Landlords' property interest by (i) the Debtor making monthly payment to the Cole Landlords retroactive to January, 2009 equal in amount to: (x) $15,936.07 for the Mesquite property; (ii) $5,808.05 for the Aurora Property; and (iii) $25,397.52 for the Groveland Property; and (b) the Cole Landlords to use such amounts to satisfy real property taxes accruing from and after January 1, 2009 with respect to the Cole Properties

.

| | |
|---|---|
| February 12, 2009<br>Richmond, Virginia | **COLE CC TAUNTON MA, LLC; COLE CC GROVELAND FL, LLC; COLE CC AURORA CO, LLC; AND COLE CC MEQUITE TX, LLC** |
| | By  /s/ Kimberly A. Pierro<br>           Counsel |

Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68132
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Taunton MA, LLC,*
*Cole CC Aurora CO, LLC, Cole CC Mesquite TX, LLC and*
*Cole CC Groveland FL, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify under penalty of perjury that on February 12, 2009, a true and exact copy of the foregoing Motion was forwarded via ECF notification or via first class mail postage pre-paid to all necessary parties or their counsel as set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008 as follows: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, (v) counsel to the agents for the Debtors' post-petition lenders, and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

                /s/ Kimberly A. Pierro
                   Counsel