BRYAN CAVE, LLP
Michelle McMahon, Esq.
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
(212) 541-1439 (Fax)
and
Synde B. Keywell
161 N. Clark Street, Suite 4300
Chicago, Illinois  60601
312-602-5077
312-698-7477
and
William C. Crenshaw
VSB No. 16803
901 New York Avenue, NW, Third Floor
Washington, D.C. 20001
(202) 624-7380
Email: bill.crenshaw@bryancave.com

Counsel for Gould Livermore LLC

**Objection Deadline**: February 13, 2009
**Hearing Date**: February 17, 2009

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No.  08-35653-KRH<br><br>Jointly Administered |

**LIMITED OBJECTION BY GOULD LIVERMORE LLC TO DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 (I) AUTHORIZING DEBTORS TO ENTER INTO AN AGREEMENT IN CONNECTION WITH SALE OF FURNITURE, FIXTURES AND EQUIPMENT, SUBJECT TO HIGHER OR OTHERWISE BETTER PROPOSALS; (II) APPROVING SALE OF FURNITURE, FIXTURES, AND EQUIPMENT FREE AND CLEAR OF ALL INTERESTS; AND (III) <u>GRANTING RELATED RELIEF</u>**

Gould Livermore LLC, (the "Landlord"), by and through its undersigned attorneys,

hereby asserts a Limited Objection to the relief requested in the Debtors' Motion for Order

Pursuant to Bankruptcy Code Sections 105 and 363 (I) Authorizing Debtors' to Enter into an

Agreement in Connection with Sale of Furniture, Fixtures and Equipment, Subject to Higher or

1

Otherwise Better Proposals; (II) Approving Sale of Furniture, Fixtures and Equipment Free and Clear of All Interests; and (III) Granting Related Relief (Docket No. 2004) (the "Motion"). In support of its Limited Objection, Landlord states as follows:

## BACKGROUND

1. On November 10, 2008, Circuit City Stores, *et al*. (collectively, the "Debtors"), commenced these bankruptcy proceedings by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. Circuit City Stores, Inc., ("Circuit City"), one of the Debtors, is the tenant ("Tenant"), pursuant to a Lease Agreement, (the "Lease"), dated as of November 25, 1998, for an approximately 610,000 square foot warehouse/distribution facility located at 400 Longfellow Court, in Livermore, California (the "Warehouse").  A copy of the Lease, as amended, is attached as Exhibit 1.

3. The Landlord is the holder of the Lease pursuant to an Assignment and Assumption of Lease ("Assignment), made as of October 4, 1999, from CC Livermore 1998 DBT to Gould Livermore LLC.  A copy of the Assignment is attached as Exhibit 2.

4. On February 6, 2009, the Debtors filed the Motion seeking authority to sell furniture, fixtures, and equipment (the "FF&E"), including the FF&E located at the Warehouse.

## SUMMARY OF THE LANDLORD'S LIMITED OBJECTION

5. Landlord does not object to Debtors and their FF&E Agent selling and then removing any FF&E that is property of the Debtors' estates pursuant to the Lease.[1]

6. Landlord's Limited Objection seeks confirmation that Debtors and their FF&E Agent will adhere to the terms of the Lease.  Specifically, Landlord seeks confirmation that

---

[1] Terms which are not otherwise defined in this Limited Objection shall have the meanings ascribed to them in the Motion.

fixtures and personal property which are not "Trade Fixtures" as defined in the Lease (the "Trade Fixtures"), will not be sold or removed from the Warehouse, since only Trade Fixtures are property of the Debtors' estates.  The Lease provides that " 'Trade Fixtures' shall mean all warehouse racking systems, counters, cases, shelving and similar fixtures, which are owned by Tenant and used in the operation of the business conducted on the Leased Premises." (Lease § 1(cc)).  Landlord's Limited Objection seeks an order precluding the removal of any fixture from the Warehouse other than the aforesaid specifically delineated Trade Fixtures.  Items which the Debtors and their FF&E Agents are not permitted to remove include, without limitation, alarm systems, security systems and monitors, security guard installations, electrical equipment, plumbing equipment, bathroom equipment, HVAC systems or other fixtures which are not "Trade Fixtures" as defined in the Lease.

7. Landlord's Limited Objection also seeks confirmation that Debtors and/or their FF&E Agent will not remove any Trade Fixtures in a manner which damages the Warehouse, and that a procedure will be adopted and insurance will be in place to ensure that any damage to the Warehouse caused by the removal of Trade Fixtures or personal property of the Tenant is repaired as required by the Lease.

3

**THE RELEVANT LEASE PROVISIONS**

8.  The Lease provides that Tenant can remove Trade Fixtures and its personal property at the expiration or termination of the Lease. (Lease, Section 1 (cc); Section 31). As noted above, Section 1(cc) of the Lease defines Trade Fixtures as "all warehouse racking systems, counters, cases, shelving and similar fixtures which are owned by Tenant and used in the operation of business conducted on the Leased Premises."

9.  Pursuant to Section 23 of the Lease, "Tenant may remove at Tenant's sole cost and expense from the Leased Premises . . . Tenant's Trade Fixtures and personal property which are owned by Tenant or third parties other than Landlord, **and Tenant at its expense shall . . . repair any damage caused by such removal."** (emphasis added)  Similarly, Section 9(c) of the Lease requires the Tenant to "repair at its sole cost and expense all damage to the Leased Premises caused by the removal of equipment or any other personal property of Tenant . . .".

**OBJECTION**

10.  The Landlord objects to the Motion to the extent it seeks authority to sell or remove any non-trade fixtures from the Warehouse, because the Debtors do not own these under the terms of the Lease.  Instead, the non-trade fixtures are property of the Landlord and may not be sold pursuant to the Motion. Cal. Civ. Code §1013 (2007); 34 Cal. Jur. 3d fixtures §46 (2008).

11.  The Landlord does not object to the Debtors' sale and removal of Trade Fixtures from the Warehouse in compliance with the terms of the Lease.  Nor does the Landlord object to the Debtors or their FF&E Agent conducting an auction for the sale of the Trade Fixtures at the Warehouse. However, any sale and removal should be conducted in a manner which will assure that non-trade fixtures are not removed or sold.  Therefore, Landlord requests that the Debtors and their FF&E Agent be required to notify the Landlord no less than three (3) business days

prior to any proposed sale or removal of Trade Fixtures so that a qualified representative of the Landlord can be present to assure that non-trade fixtures are not sold or removed and to assure that any damage to the Warehouse as a result of removal of Trade Fixtures or personal property by the Tenant is repaired as the Lease requires.  Any order entered as a result of the Motion should allow the Landlord to prevent the removal of non-trade fixtures from the Warehouse in violation of the Lease.

12. In order to insure that the Warehouse will be repaired should damage occur, as required in the Lease, any FF&E Agreement entered into by the Debtors should require the FF&E Agent to carry general liability and workers' compensation insurance, with a minimum coverage of $5,000,000, naming the Landlord as a named insured party and otherwise reasonably acceptable to Landlord.  The proposed FF& E Agreement attached to the Motion states that the proposed FF&E Agent "carr[ies] insurance and will require that our purchasers provide proof of insurance before removing any assets from the Facilities." (Motion, Ex. 1, Proposed FF&A Agreement, p. 2).  Therefore, Debtors will not incur any additional expense if they make such insurance a condition of any FF&E Agreement.

WHEREFORE, for all the foregoing reasons, the Landlord respectfully requests that the Court grant its Limited Objection and include the following provisions in any order entered granting the Motion:  (i) Debtors and their FF&E Agent are prohibited from selling or removing non-trade fixtures from the Warehouse; (ii) Debtors and their FF&E Agent shall give the Landlord no less than 3 business days notice of any proposed sale or removal of Trade Fixtures or other personal property from the Warehouse; (iii)  Landlord shall be entitled to have a representative present at any time when Trade Fixtures or other personal property belonging to the Tenant is being sold or removed, (iv)  Landlord's representative may prevent the sale or

5

removal of any non-trade fixtures by the Debtors or their FF&E Agents; (v)  Debtors and/or their FF&E Agents shall provide Landlord with proof of general liability and workers' compensation insurance, as aforesaid, naming Landlord as a named insured, with respect to any damages caused by the removal of Trade Fixtures or other personal property from the Warehouse or injury to persons in connection with such removal or otherwise at the Warehouse.

Dated: February 12, 2009　　　　　Respectfully submitted,
　　　　Washington, D.C.　　　　　　**BRYAN CAVE LLP**

　　　　　　　　　　　　　　　　　　/s/William C. Crenshaw
　　　　　　　　　　　　　　　　　　William C. Crenshaw
　　　　　　　　　　　　　　　　　　Va. Bar No. 16803
　　　　　　　　　　　　　　　　　　901 New York Avenue, NW, Third Floor
　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　Telephone (202) 347-0066
　　　　　　　　　　　　　　　　　　Facsimile (202) 624-7222
　　　　　　　　　　　　　　　　　　Email:  bill.crenshaw@bryancave.com

　　　　　　　　　　　　　　　　　　Michelle McMahon, Esq.
　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　New York, New York 10104-3300
　　　　　　　　　　　　　　　　　　(212) 541-2000 (tel); (212) 541-4630 (fax)
　　　　　　　　　　　　　　　　　　Email:  michelle.mcmahon@bryancave.com

　　　　　　　　　　　　　　　　　　Synde Keywell, Esq.
　　　　　　　　　　　　　　　　　　161 North Clark Street, Suite 4300
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　312-602-5000 (tel); 312-698-7477 (fax)
　　　　　　　　　　　　　　　　　　Email:  synde.keywell@bryancave.com


　　　　　　　　　　　　　　　　　　Counsel to Gould Livermore LLC

C053999/0228578/1521402.2