Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
:
In re:                         : Chapter 11
:
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653 (KRH)
et al.,                        :
:
        Debtors.               : Jointly Administered
- - - - - - - - - - - - - - - -x

**DEBTORS' OBJECTION TO MOTION OF D.L. PETERSON TRUST AS  
ASSIGNEE OF PHH VEHICLE MANAGEMENT SERVICES, LLC  
TO COMPEL REJECTION OF LEASE AGREEMENTS AND  
FOR RELIEF FROM THE AUTOMATIC STAY**

    The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

"Circuit City" or the "Debtors")[1] hereby submit their objection (the "Objection") to the Motion of D.L. Peterson Trust As Assignee Of PHH Vehicle Management Services, LLC To Compel Rejection Of Lease Agreements And For Relief From The Automatic Stay (the "Motion"). In support of the Objection, the Debtors respectfully represent:

## BACKGROUND

**A.    The Bankruptcy Cases.**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

3. At the conclusion of the auction, the Debtors' determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent"). On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634). The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

**B.   The PHH Lease Agreements.**

4. The Debtors are parties to certain master vehicle and equipment lease agreements with PHH Vehicle Management Services, LLC ("PHH"), including (i) the Motor Vehicle Fleet Open-End Operating Lease Agreement No. 5491 (the "MV Agreement"), dated January 23, 1998, pursuant to which the Debtors lease certain vehicles from PHH, and (ii) the Equipment Lease, dated April 19, 1999, pursuant to which the Debtors lease certain forklifts, trucks and other equipment from PHH (the

"Equipment Lease" and, together with the MV Agreement, the "Lease Agreements"). Motion at ¶ 3. The master Lease Agreements further contemplate that individual vehicles and pieces of equipment will be subject to individual lease terms and schedules, which individual lease terms and schedules may or may not be severable from the master Lease Agreements.

**C.   The Motion.**

5.   On February 4, 2009, D.L. Peterson Trust, as Assignee of PHH Vehicle Management Services, LLC, filed its Motion. Pursuant to the Motion, PHH seeks (i) to compel rejection of the Lease Agreements, and (ii) relief from the automatic stay to permit PHH to exercise its remedies under the Lease Agreements, including the repossession of the leased property.

**OBJECTION**

6.   For the reasons set forth below, the Debtors respectfully request that the Court deny the relief requested in the Motion.

**I.  PHH'S REQUEST FOR STAY RELIEF IS PROCEDURALLY IMPROPER.**

7.  As this Court well knows, under Bankruptcy Code section 365(d)(2), a debtor in possession has until confirmation of a plan to assume or reject any executory contract.  11 U.S.C. § 365(d)(2).  Critically, until the debtor assumes an executory contract, the non-debtor party is prevented from enforcing the terms of that contract.  <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 532 (1984) ("The filing of the petition in bankruptcy means that the . . . agreement is no longer immediately enforceable, and may never be enforceable again."); <u>see also</u> <u>In re El Paso Refinery, L.P.</u>, 220 B.R. 37, 43 (Bankr. W.D. Tex. 1998) ("From the moment of filing to the moment of assumption or rejection, the non-debtor party is held to be barred from enforcing the contract and its terms."); <u>In re Metro Transp. Co.</u>, 87 B.R. 338, 339 (Bankr. E.D. Pa. 1988) ("We hold that a formal assumption of an executory contract by a debtor is required to render an executory contract enforceable against a debtor.").

8. The Lease Agreements have not yet been assumed or rejected. Nonetheless PHH seeks to enforce the terms of the Lease Agreements against the Debtors by asserting that it may exercise its remedies under the Lease Agreements, including repossessing the leased property. Motion at ¶ 14. Under such circumstances, a motion for relief from the automatic stay is not the proper procedural vehicle. Instead, PHH must first obtain an order compelling the Debtors to assume or reject the Agreement. See, e.g., In re El Paso Refinery, L.P., 220 B.R. at 44; Bistrian v. East Hampton Sand & Gravel Co., Inc. (In re East Hampton Sand & Gravel Co., Inc.), 25 B.R. 193, 198 (Bankr. E.D.N.Y. 1982).

9. Specifically, in El Paso, the bankruptcy court rejected the efforts of a party to an executory contract with a debtor to obtain relief from the automatic stay to terminate such contract, stating that:

> By limiting the non-debtor party to the § 365 remedies, the value of the executory contract can be preserved for the estate, while allowing the estate an appropriate period of time to evaluate its options. If the contract is terminated at the request (or behest) of the non-debtor party, then the estate's options are literally foreclosed, undermining the structure and intent of the drafters of

> the Code. A party to an executory contract has no more right to 'relief from stay' to 'terminate' a contract with the estate than does any other unsecured creditor whose contract (executory or not) has been breached.

El Paso, 220 B.R at 44; see also East Hampton, 25 B.R. at 198 (noting lessor is preempted from seeking relief from stay until debtor is required to assume or reject lease).

10. In effect, PHH asks this Court to authorize an end run around Bankruptcy Code section 365(d)(2), which allows the Debtors to assume or reject executory contracts at any time prior to confirmation of a plan. 11 U.S.C. § 365(d)(2). This end run should not be countenanced, and PHH should be required to demonstrate that "cause" exists under Bankruptcy Code section 365(d)(2) to compel the Debtors to assume or reject the Lease Agreements. As demonstrated below, PHH cannot carry that burden.

**II. THE BASIS FOR PHH'S REQUESTED RELIEF IS NOT PROPERLY ADJUDICATED IN THE CONTEXT OF A LIFT STAY MOTION OR MOTION TO COMPEL REJECTION.**

11. The relief requested by PHH in the Motion is based, in part, on PHH's allegation that "[u]pon information and belief, the Debtors (acting through

7

their liquidating agents), are selling, or are attempting to sell, certain of the Leased Property" in violation of the Lease Agreements. Motion at ¶ 8. The Debtors dispute this allegation, and such substantive contractual and factual disputes are not properly addressed in the context of a motion to lift stay or compel rejection of an executory contract. Thus, the Motion should be denied on this basis as well.

12. Specifically, as the Fourth Circuit Court of Appeals has acknowledged, hearings on motions to lift a stay are not appropriate venues for full litigation of claims. See County Fuel Co., Inc. v. Equitable Bank Corp., 832 F.2d 290, 293 (4th Cir. 1987) (stating that the merits of claims are not at issue in motion to lift automatic stay proceedings); see also In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985) (holding that the validity of a claim or contract underlying a claim is not litigated during the stay hearing and that it is not appropriate to consider state law governing contractual relationships in stay litigation). Instead, proceedings on lift stay motions are summary in nature. See 9B Am. Jur. 2d Bankruptcy § 1932 (stating that motions for

relief from automatic stay are summary proceedings confined to issues of lack of adequate protection, debtor's equity in property, necessity of property to reorganization, or existence of other cause for relief from stay).

13. Similarly, "at heart, a motion to assume should be considered a summary proceeding. . . . It is not the time or place for prolonged discovery or a lengthy trial with disputed issues." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp), 4 F.3d 1095, 1097 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994). See also In re Greenville Am. Ltd. P'ship, No. Civ. A. 00-00721-W, 2000 Bankr. LEXIS 2008 at *8 (Bankr. D.S.C. March 24, 2000) ("a motion to assume or reject a contract under § 365 generally should be a summary proceeding and should not become the forum of an extended breach of contract suit.").

14. Here, to the extent PHH seeks to establish as a basis for relief the fact that the Debtors are currently selling or attempting to sell the leased property, then the factual disputes relating to those allegations must be further developed and

investigated by the parties.  As such, the Motion cannot be determined on the basis of a summary proceeding and should be denied.

### III. IT IS PREMATURE TO COMPEL REJECTION OF THE LEASE AGREEMENTS.

15.  Absent relief from this Court, the Debtors have until confirmation of a plan to assume or reject any executory contract.  11 U.S.C. § 365(d)(2); In re Wheeling-Pittsburgh Steel Corp., 54 B.R. 385, 388 (Bankr. W.D.Pa. 1985) ("As this language clearly states, the debtor may wait until the plan confirmation date to make its decision to assume or reject an unexpired [executory contract].").  "It is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract."  In re Dana Corp. 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006); In re Wheeling-Pittsburgh Steel Corp., 54 B.R. at 388 ("Permitting the debtor to make its decision as late as the plan confirmation date enables the debtor to

10

carefully evaluate the possible benefits and burdens of an [executory contract].").

16.  Thus, where, as here, a party seeks an order shortening the time in which the debtor may decide to assume or reject an executory contract, the party making that request bears the burden of showing why the time should be shortened.  In re Dana, 350 B.R. at 147.  PHH has not and cannot carry its burden of demonstrating that the time should be shortened.

17.  The court may, but is not required to, use its discretion to fix a deadline by which a debtor must assume or reject an executory contract.  In re Wheeling-Pittsburg Steel Corp., 54 B.R. at 388; see also Matter of Dunes Casino Hotel, 63 B.R. 939, 949 (D.N.J. 1986).  Even if the court chooses to set a deadline, however, a debtor should be allowed a reasonable amount of time in which to decide whether to assume or reject an executory contract.  Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105 (2d Cir. 1982); see also Consol. Gas Elec. Light & Power Co. of Baltimore v. United Rys. & Elec. Co. of Baltimore, 85 F.2d 799, 801-02 (4th Cir. 1936).

18. To determine what constitutes a reasonable amount of time under section 365(d)(2), courts consider (i) the importance of the contracts to the debtor's business and reorganization, (ii) the debtor's failure or ability to satisfy post-petition obligations, (iii) the nature of the interests at stake, (iv) the balance of potential harm to the litigants, (v) the good to be achieved, and (vi) the safeguards afforded the litigants.  <u>Matter of Dunes Casino Hotel</u>, 63 B.R. at 949; <u>In re Midtown Skating Corp.</u>, 3 B.R. 194 (Bankr. S.D.N.Y. 1980); <u>see also</u> <u>In re Dana</u>, 350 B.R. at 147.

19. Here, the balance of harms favors denial of the Motion.  At bottom, PHH argues that the Debtors should be immediately compelled to reject the Lease Agreements because PHH lacks adequate protection for its interests in the leased property, because it is inevitable that the Lease Agreements will be rejected at some point in the future, and because the Debtors are allegedly selling or attempting to sell the leased property.

20. As discussed above, there exists a factual dispute regarding whether the Debtors are selling or attempting to the leased property. Further, PHH's claims regarding late payments and lack of adequate protection can be cured after notice of such alleged defaults under the Lease Agreements. Moreover, a court does not have to compel a debtor to reject an executory contract that the debtor is unable to assume. In re Hernandez, 287 B.R. 795, 797, 801-02 (Bankr. D.Ariz. 2002) (court does not have to order Debtors "to reject an unassumable executory contract pursuant to 11 U.S.C. § 365(d)(2) upon the request of the non-debtor party to the contract").

21. Thus, even if the non-debtor party believes that the end of the parties' contractual relationship is inevitable, as PHH asserts in paragraph 12 of the Motion, the court does not have to grant a motion to compel rejection. In re Physician Health Corp., 262 B.R. 290, 295 (Bankr. D.Del. 2001).

22. The Debtors, on the other hand, may require the leased property in order to carry out the remainder of the store closing liquidations and maximize

value for the Debtors' estates.  The Debtors are currently analyzing whether, and for what period of time, they may require the continued use of the leased property.  The Debtors should be given adequate time to make such a determination, as is contemplated under the Bankruptcy Code.  PHH seeks to short circuit the Debtors' ability to make such a decision by compelling immediate rejection of the Lease Agreements in order to repossess the leased property.

23.    Consequently, the balance of harms favors denial of the Motion and, at most, the Court should direct the Debtors to make a determination as to assumption or rejection as of some future date.

**IV.   CAUSE DOES NOT EXIST TO LIFT THE STAY.**

24.   Even assuming that this Court were to ignore the fact that the Lease Agreements have not been assumed or rejected, PHH's request for stay relief to repossess leased property should be denied.

25.   The "automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, 264 B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to

14

have broad application.  See H.R. Rep. No. 95-595. 95th Cong., at 340-42 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41.  Indeed, "[t]he main purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions." In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998) (citation omitted).

   26.  The burden of proof in connection with a motion for relief from the automatic stay is a shifting one where the moving party has the burden of going forward with an initial showing of cause.  In re Webber, 314 B.R. 1, 5 (N.D. Ok. 2004); see also In re Milstein, 304 B.R. 208, 212 (Bankr. E.D. Pa. 2004) (requiring that the movant establish a prima facie case that cause exists to lift the stay).

   27.  In determining whether to lift the stay for cause, bankruptcy courts generally balance the potential prejudice to the debtor's estate against the prejudice to the creditor seeking relief from the stay. In re Ewald, 298 B.R. 76, 80 (Bankr. E.D. Va.

15

2002)(citing <u>Robbins v. Robbins (In re Robbins)</u>, 964 F.2d 342, 345 (4th Cir. 1992)); <u>see also</u> <u>In re Robinson</u>, 1993 Bankr. LEXIS 1792, at *4 (Bankr. E.D. Va. Nov. 16, 2003), <u>aff'd</u> 169 B.R. 356 (E.D. Va. 1994) (the court must attempt "to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization").  Here, as discussed above, the balance of harms weighs in favor of maintaining the stay, as the Debtors may require the leased property in order to continue and complete the store liquidation closings to maximize the value of the Debtors' estates, while PHH's allegation regarding lack of adequate protection and late payments can be remedied.  As such, the Motion should be denied.

**RESERVATION OF RIGHTS**

28.  The Debtors do not waive, and expressly reserve, their rights to object to the Motion on any other grounds that applicable law permits and to amend and modify this objection to assert such other grounds as a further review of the applicable law and the facts obtained in discovery may support.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion.

Dated: February 16, 2009
Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession