IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

```
-------------------------------------x
                                     :
In re:                               :    Chapter 11
                                     :    Case No. 08-35653
CIRCUIT CITY STORES, INC., et al.,   :    Jointly Administered
                                     :
                                     :
          Debtors.                   :
                                     :
                                     :
                                     :
-------------------------------------x
```

### AFFIDAVIT OF MEI CHENG

1.  I am over eighteen years of age.

2.  I am a paralegal with Vornado Realty Trust ("Vornado") located at 210 Route 4 East, Paramus, New Jersey 07652.

3.  I have worked at Vornado for five (5) years. In the capacity of my employment, among other duties and responsibilities, I act as the liaison between Vornado and our outside attorneys on matters concerning, but not limited to, the collection of rents and bankruptcies. I am familiar with the terms of our leases and testify in court regarding same. I am also familiar with Vornado's procedures and practices with respect to tenant allowances for construction and improvements, and/or other reserves related to a subject lease.

4.  North Plainfield VF, LLC ("North Plainfield") is a subsidiary of Vornado.

5.  I am familiar with the subject property located at U.S. Highway 22 East and West End Avenue, North Plainfield, New Jersey (the "Property"), the facts and circumstances surrounding the Property, and the sublease with Circuit City Stores, Inc.


EXHIBIT A

("Circuit City") at the Property for store number 4133 (the "Lease"). I have reviewed the Lease. A copy of the Lease is incorporated herein by reference and attached hereto as **EXHIBIT A**.

6. I am familiar with Circuit City's Chapter 11 Bankruptcy Petition, its bankruptcy case (Case No. 08-35653), Jointly Administered (the "Proceedings"), now pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division before The Honorable Judge Kevin Huennekens (the "Court").

7. I am aware that the Court, in an Order entered January 21, 2009, authorized the rejection of unexpired nonresidential real estate leases, which included the Lease for the North Plainfield Property pursuant to Bankruptcy Code Sections 105(a), 365(1) and 554 and Bankruptcy Rule 6006.

8. I was informed recently of a *Motion for 2004 Examination of North Plainfield VF, LLC* (the "*2004 Motion*"), including the *Exhibit A* listing categories of documents to be produced, a *Notice of Motion* and a proposed *Order* that were filed on February 5, 2009, by Schimenti Construction Company, LLC ("Schimenti") against North Plainfield, by local bankruptcy counsel for Schimenti, Tara Elgie, Esquire of the law firm of LeClair Ryan, P.C.

9. I have reviewed and discussed the *2004 Motion* and related filings with Vornado's leasing personnel, outside bankruptcy counsel and local bankruptcy counsel for North Plainfield, including, but not limited to Kalman Ochs, Esquire and Lisa Taylor Hudson, Esquire.

10. In an effort to narrow the issues in dispute, address and resolve the matters raised in the *2004 Motion* and *Exhibit A* thereto, preferably without the requirement of

filing a formal objection, or having a hearing or further litigation held on the matter, or having a deposition conducted, I execute this *Affidavit* to affirm the following:

a. Any known documents representing claims and/or liabilities owed by the Debtors to North Plainfield have already been filed in the Proceedings and are part of the prior pleadings filed by North Plainfield against the Debtors.

b. There exists no agreement, contract, and/or other document, nor any lease provision addressing, regarding, creating, and/or otherwise setting forth any tenant allowance or retainage for the benefit of and/or payment to Schimenti or any other contractor for construction and/or improvements occurring at the Property with respect to the Lease. No such writing exists. Notwithstanding same, a copy of the Lease will be provided, as requested by Schimenti, subsequent to the parties' execution of an agreed-upon Protective Order.

c. There exists no tenant allowance, tenant retainage, escrow, reserves, and/or any other type of account for the payment to and/or benefit of Schimenti or any other contractor for improvements and other work performed at the Property. No such money and/or account exists.

d. There exists no purchase or sale receipts or related documentation for equipment, machinery, furniture or other assets purchased by North Plainfield from Schimenti or any contractor in connection with the Lease.

    e. No employee, member, or representative of North Plainfield or Vornado communicated with Schimenti or the Debtors related to the work performed at the Property.

Further saieth the affiant not.

February 12, 2009

                                                Mei Cheng, Paralegal
                                                Vornado Realty Trust

STATE OF NEW JERSEY      ) ss.
COUNTY OF Bergen        )

    On this 13th day of February, 2009, personally appeared before me, Mei Cheng, who executed the foregoing instrument and duly acknowledged to me that she executed the same and swears that the information contained herein is truthful and accurate.

Before me _____
                Notary Public

My Commission Expires:    VIRGINIA PELISSIER
                                 Notary Public of New Jersey
                                 My Commission Expires February 6, 2010

My Notary Commission No. _____