# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  :   Chapter 11
                                        :   Case No.  08-35653
CIRCUIT CITY STORES, INC., et al.,      :   Jointly Administered
                                        :
                                        :
              Debtors.                  :
                                        :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## OBJECTION TO AND MOTION TO QUASH WITH SUPPORTING MEMORANDUM OF LAW SCHIMENTI CONSTRUCTION COMPANY, LLC'S MOTION FOR 2004 EXAMINATION OF NORTH PLAINFIELD VF LLC AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW North Plainfield VF LLC ("North Plainfield") pursuant to Rules 2004 and

9014 of the *Federal Rules of Bankruptcy Procedure* (the "*Federal Rules*"), *Rules* 2004-1 and

7026-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern*

*District of Virginia* (the "*Local Rules*"), and all other applicable authorities, and states the

_____
Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)
SANDS ANDERSON MARKS & MILLER
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219-1998
Phone:  (804) 648-1636
Fax:   (804) 783-7291
-AND-
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone:  (212) 859-8000
Fax:   (212) 859-4000
*Counsel for North Plainfield VF LLC*

following as and for its objection to and motion to quash with supporting memorandum of law

(the "Motion to Quash") Schimenti Construction Company, LLC's ("Schimenti") Motion for

2004 Examination of North Plainfield VF LLC and Request for Production of Documents (the

"2004 Motion").

**I.**
**Background Facts and Procedural History:**

1.      On November 10, 2009, Debtors filed a voluntary Chapter 11 petition, thereby

commencing the above-styled bankruptcy case.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157

and 1334.   Venue is appropriate in this Court.

3.      This is a contested matter governed by *Federal Rule* 9014.

4.      North Plainfield is a former landlord of the Debtors for store number 4133 located

in North Plainfield, New Jersey.

5.      Schimenti, upon present information and belief, is a claimant, partially secured

and partially unsecured, against Debtors arising from a written contractual agreement for

construction at the North Plainfield store location.

6.      Debtors filed a motion to reject non-residential real estate leases, including the

North Plainfield store lease in New Jersey (Store No. 4133), and that motion was heard by this

Court on January 16, 2009.

7.      At the hearing on Debtors' motion to reject the North Plainfield lease dated on or

about August 23, 2006, Debtors' motion was granted and subsequently, an order was entered

rejecting that lease effective January 15, 2009.

2

8.      On February 5, 2009, Schimenti filed the 2004 Motion of North Plainfield VF LLC by its local bankruptcy counsel and a proposed order granting same was attached to the 2004 Motion [docket entry no. 1980].

9.      Schimenti also filed, by a counsel, a Notice of Motion for 2004 Examination of North Plainfield VF LLC, noticing the examination for March 12, 2009, in Richmond, Virginia at LeClair Ryan's offices, and the documents requested to be produced were scheduled for production by March 6, 2009 [docket entry no. 1982].

10.     Neither North Plainfield nor its counsel were contacted by any counsel on behalf of Schimenti prior to the filing of the 2004 Motion about that filing, nor subsequently to the filing, to confer, narrow issues, limit discovery disputes, and/or as a professional courtesy.

11.     Neither North Plainfield nor its counsel were contacted by any counsel on behalf of Schimenti prior to the filing of the 2004 Motion as to scheduling the examination, the production of documents, and the place of same, especially given that the North Plainfield property is located in New Jersey and the landlord entity managing same is located in New Jersey.   Again, absolutely no consultation.

12.     Undersigned counsel for North Plainfield received only electronic service of same, and a mailed service copy thereafter.

13.     Undersigned counsel contacted Ms. Elgie, local bankruptcy counsel for Schimenti to attempt to negotiate a resolution of same, to request an enlargement for the time to respond to the 2004 Motion given the expedited response period of five (5) business days, and to narrow the issues in dispute.

14.    Schimenti granted North Plainfield's request for an enlargement of time to respond to the 2004 Motion, through and including February 16, 2009, from the originally set deadline of February 12, 2009 (the "Enlargement Period"), as identified in the Notice of Motion.

15.    Likewise, North Plainfield agreed to Schimenti filing a reply to any objection or response of North Plainfield by February 19, 2009, and to the matter being heard at the Court's omnibus hearing date scheduled for February 23, 2009.

16.    During the Enlargement Period, counsel for North Plainfield prepared a proposed affidavit of Mei Cheng, a paralegal who is familiar with the North Plainfield property and lease, and documentation and accounts regarding same.  A true and accurate copy of Ms. Cheng's executed and notarized affidavit is attached hereto and incorporated herein by reference as **EXHIBIT A**.

17.    North Plainfield's counsel proposed to forward to Schimenti, the Affidavit of Ms. Cheng to address the items requested and issues presented in Schimenti's 2004 Motion, and if acceptable and sufficient to resolve the 2004 Motion, such that no further litigation would be needed nor any examination of North Plainfield needed either, then North Plainfield would tender a proposed agreed protective order to Schimenti's counsel and if the parties agreed to enter into same, North Plainfield would produce the requested copy of the North Plainfield lease.

18.    Negotiations broke down after North Plainfield tendered the Affidavit of Ms. Cheng, as Schimenti was unwilling to dismiss or withdraw the 2004 Motion based upon the contents of the Affidavit of Ms. Cheng.  Accordingly, no proposed protective order was ever tendered to Schimenti's counsel and the North Plainfield lease was also not produced.

19.    The Affidavit attached hereto does not include a copy of the lease due to volume, as it is approximately 130 pages, and because of the confidential, sensitive, and propriety trade

4

and other materials in same, as the appropriate protective order protections were never agreed upon between the parties.

## II.
### Argument:

20.    The Mei Cheng Affidavit clearly and unequivocally sets forth that no other document and/or writing between Debtors and North Plainfield addresses Schimenti (or any contractor for that matter), and the lease does not either.

21.    The Mei Cheng Affidavit clearly and unequivocally sets forth that there is no escrow, account, or retainage held by North Plainfield for the benefit of Schimenti (or any contractor for that matter) for construction, improvements, or any purpose with regard to the North Plainfield property.  The lease does not contain any provision for a tenant improvement allowance to Schimenti and/or others.

22.    Because North Plainfield, by its counsel, has conferred on this discovery motion, has tried to narrow issues, has worked in good faith to resolve same, and tendered the Affidavit setting forth the absence of any of the requested information and/or materials and has conclusively and completely responded to the inquiries posed by Schimenti in the 2004 Motion, North Plainfield respectfully requests that the 2004 Motion be denied with prejudice and that North Plainfield be granted an award of its attorneys' fees and costs in having to respond to same, be heard upon same, and/or further address this 2004 Motion.

23.    *Federal Rule* 2004 "is the basic discovery device in bankruptcy cases."   9 COLLIER ON BANKRUPTCY ¶ 2004.01[1], at 2004-3.

24.    *Federal Rule* 2004(b) sets forth the appropriate "scope of examination" for an entity who is not the debtor, such as North Plainfield and states that it "may relate only to the

acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." The section continues with the qualification that "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan."

25.    As expressly stated in Rule 2004(b), "[t]here are limits to the scope of a 2004 examination. It may not be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry." 9 COLLIER ON BANKRUPTCY ¶ 2004.02[1], at 2004-02[1], *citing In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

26.    Here, it is undisputed and a matter of public record by order of this Court and bench ruling on January 16, 2009, that the North Plainfield lease of the Debtors was rejected effective January 15, 2009.   As such, the 2004 Motion brought against North Plainfield for information regarding its accounts and/or documents with the Debtors cannot concern or regard acts, conduct, or property or to the liabilities and financial condition of the Debtors, or any matter which may affect the administration of the debtors' estate, or debtors' right to a discharge, for the North Plainfield lease has been rejected and is not property of the estate nor part of its administration any further. It is also not a continuing liability on a going forward basis.

27.    Likewise, the 2004 Motion is improper against North Plainfield because it does not regard or concern the second permissible categories of information - the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by debtors for purposes of consummating a plan and the consideration given or

offered therefor, and any other matter relevant to the case or to the formulation of a plan. Nothing about Schimenti's 2004 Motion regards the Debtors' plan and the Debtors are liquidating as of January 16, 2009, as well.

28.    Rule 2004(e) provides, at a minimum, that North Plainfield is entitled to lawful mileage and a witness fee for one day's attendance, to be first tendered, before any attendance is required on the part of its designee.    However, a witness such as Ms. Cheng on behalf of North Plainfield who is the company's designee, and who lives outside of the district in which the Debtors' case is pending in this jurisdiction, may only be compelled to attend an examination subject to the geographic limitation of 100 miles from the place of her residence, employment, or where business is regularly transacted in person.    *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.03[2], at 2004-13.  In this instance, the proposed location of the examination in Richmond is in excess of the 100-mile geographic limit from New Jersey where Ms. Cheng is employed and resides, so the location must be moved to within that geographic limitation.    It is undersigned counsel's understanding that Schimenti's counsel may not oppose such a geographic limitation.

29.    North Plainfield objects to conducting the examination and production of documents entirely for the reasons set forth herein and because all of the inquiries have been sufficiently and conclusively addressed already in the Affidavit of Mei Cheng, and further objects to conducting the examination anywhere outside of New Jersey where North Plainfield's business offices are located (as set forth in the Affidavit).

30.    *Local Bankruptcy Rule* 7026-1(H) sets forth requirements for "consultation among counsel" and states that "[n]o motion concerning discovery matters may be filed until counsel shall have explored with opposing counsel the possibility of resolving the discovery matters in controversy.  The Court will not consider any motion concerning discovery matters

7

unless the motion is accompanied by a statement of counsel that a good-faith effort has been made between counsel to resolve the discovery matters at issue."

31.    As such, Schimenti had a duty for this discovery matter, its 2004 Motion filing, to explore the "possibility of resolving the discovery matters in controversy" and it did not.

32.    It is clear that this Court "will not consider any motion" – including the 2004 Motion –  concerning discovery matters unless the motion is accompanied by a statement of counsel that a good-faith effort has been made between counsel to resolve the discovery matters at issue.  Such a certification was not included in the 2004 Motion because no consultation regarding the 2004 Motion occurred prior to filing, or even after filing, that was not initiated by North Plainfield and its counsel.  Accordingly, the 2004 Motion is filed inappropriately, is procedurally flawed, and is not properly before the Court now.  As such, the 2004 Motion should be dismissed by the Court.

33.    North Plainfield is entitled to an award of its attorneys' fees and costs for having to respond to, negotiate, otherwise address, and be heard upon the 2004 Motion pursuant to *Local Bankruptcy Rule* 7026-1(J) ("Sanctions"): "[s]hould any party or the party's attorney fail to comply with any of the provisions of this Local Bankruptcy Rule, or otherwise fail or refuse to meet and confer in good faith in an effort to narrow the areas of disagreement concerning discovery, sanctions provided by FRBP 7037 may be imposed."

34.    *Federal Rule* 9014(c) states that Rules 7026 and 7037, among others in Part VII of the *Federal Rules*, apply to contested matters, such as this matter, which is an actual dispute other than an adversary proceeding before the Bankruptcy Court which involves litigation to resolve that dispute.   *See* Rule 9014, *Advisory Committee Notes*.   As such, when the Rules of

8

Part VII are applicable to a contested matter, reference in Part VII rules to adversary proceedings is to be read as a reference to a contested matter. *See id.*

35.     Therefore, the fact that this is a discovery matter, that Rule 7026 applies to such discovery matters, and to contested matters under the *Federal Rules*, and that the required certification and pre-filing consultation were not conducted, all serve to establish that the 2004 Motion is ill-founded and procedurally fatally flawed.  As such, the 2004 Motion must be dismissed.

36.     Substantively, the scope of a 2004 examination, as set forth in *Federal Rule* 2004 dictates that the debtors' plan formulation, liabilities, acts, conduct, property, financial condition, administration of its estate, debtors' right to discharge, source of funds for a plan, and continuity of any business operation to fund and/or consummate such a plan are the statutory and appropriate bases and scope or parameters for the conducting of a 2004 examination. Schimenti's requested information in its 2004 Motion and attachments to same, does not stay within those permissible parameters and cannot, because the North Plainfield lease was rejected by Debtors prior to the 2004 Motion's filing and is not part of the estate, nor administration of the estate, nor the formulation or consummation of any plan for debtors who are now liquidating. As such, the 2004 Motion is substantively flawed and must be dismissed.

37.     Because North Plainfield believes the Rule 2004 examination proposed by Schimenti is beyond the scope allowed under Rule 2004(b), as the affected entity, North Plainfield may move to quash the examination.  *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02[2], at 2004-02[2].    Motions to quash such as this filing are committed to the discretion of the Bankruptcy Court. *See id.*  Grounds for granting a motion to quash, include, but are not limited

to, abuse or harassment and matters unrelated to the basic inquiry of the examination. *See id.* at 2004-7.

38.     Unequivocally, as is expressly stated in Rule 2004(b), the "[e]xamination should be limited to matters involving the debtor." *See id.*   Here, the Debtors are out of the picture by virtue of the prior lease rejection over a month ago.   Bankruptcy courts have routinely held that "[e]xamination of a witness about 'matters having no relationship to the bankrupt's affairs or the administration of the estate . . . is improper." *See, e.g., Keene Corp. v. John-Mansville Corp. (In re Johns-Mansville Corp.),* 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Financial Corp.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); *In re Express One Int'l, Inc.*, 217 B.R. 215, 216 (Bankr. E.D. Tex. 1998).

39.     Additionally, as is the case here, with the Affidavit of Mei Cheng, when a motion to quash alleges that the party to be examined has no information to divulge, the motion for a 2004 examination should be denied. *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02[2], at 2004-7. For, "[t]he purpose of the rule is to allow discovery to establish the scope of knowledge." *Id.* When the party has no knowledge and no information to divulge, as Ms. Cheng has set forth in the attached Affidavit on behalf of North Plainfield, the rule has no application and the examination should not be permitted.

40.     At a minimum, if North Plainfield's Motion to Quash is not granted, North Plainfield moves herein for entry of a protective order so that its lease and any other testimony and/or documentation, if such even exist for they are presently not known to exist,  and the trade, confidential, proprietary, and sensitive information contained therein are adequately protected from third parties and the general public by virtue of the Court's electronic docket.   For, "[e]ven

10

if discovery under Rule 2004 is [deemed] proper, Rule 9018 allows entry of protective orders which seal the record or which establish limits on the dissemination of information derived from the examination." *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02[12], at 2004-11.   For, protective orders to limit or prevent access to trade secrets or to control use of trade knowledge and secrets are common and ordinary course. *See id.*

41.   Schimenti sets forth in Paragraph 5 of the 2004 Motion that the examination of North Plainfield is needed for Schimenti to "determine whether the Lease Agreement or any other agreement by and between N Plainfield VF and the Debtor provided for allowances for the work performed by Schimenti Construction; and to determine whether the Lease Agreement required either N Plainfield VF and/or the Debtor to hold Schimenti Construction's earned contract retainage in a separate escrow account."

42.   Ms. Cheng's Affidavit addresses that the lease and no document of which she is aware between North Plainfield and Debtors provided for allowances for Schimenti, so the first area of inquiry is addressed already and conclusively by the Affidavit.   The Affidavit further addresses that there is no tenant improvement allowance or other retainage contained in the lease or otherwise, and North Plainfield offered to supply a copy of the lease pursuant to a protective order.  Thus, the second area of inquiry is satisfactorily addressed by the Affidavit, as well.  As such, no further production of documents apart from the Affidavit already tendered and again attached hereto, and the lease if a protective order is executed first as a condition precedent, is necessary.   Certainly, in light of the Affidavit, no examination in Virginia of a New Jersey business is required to give Schimenti the answers to the very questions it identified in its 2004 Motion.   The scope of Rule 2004 is further exceeded and the procedural prerequisites of consultation were similarly violated by Schimenti's filing.

11

### III.
### Relief Requested:

WHEREFORE, by reason of the foregoing and any argument at hearing on the 2004 Motion and Motion to Quash, North Plainfield respectfully requests that the 2004 Motion be denied and dismissed with prejudice, that North Plainfield be awarded its attorneys' fees and costs expended herein in responding to, negotiating, addressing, and arguing the 2004 Motion at hearing, and for such other and further relief awarded in its favor as this Court deems just and proper.

**Respectfully Submitted,**

**NORTH PLAINFIELD VF LLC**

**By Counsel**

/s/ Lisa Taylor Hudson
_____
Lisa Taylor Hudson, Esquire (VSB# 45484)
William A. Gray, Esquire (VSB# 46911)
SANDS ANDERSON MARKS & MILLER
801 E. Main Street, Suite 1800
(P.O. Box 1998)
Richmond, VA 23219-1998
Phone:  (804) 648-1636
Fax:  (804) 783-7291
-AND-
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
Stephanie Goldstein, Esquire
Kalman Ochs, Esquire
One New York Plaza
New York, NY 10004
Phone:  (212) 859-8000
Fax:  (212) 859-4000
*Counsel for North Plainfield VF LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2009, a true and accurate copy of the

foregoing was electronically filed with Clerk of the Court for the Eastern District of Virginia,

Richmond Division, using the CM/ECF system, which thereby caused the above to be served

electronically on all registered users of the ECF system that have filed notices of appearance in

this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to the persons as indicated

below.

/s/ Lisa Taylor Hudson

## SERVICE LIST

Tara L. Elgie, Esquire **(ECF & U.S. Mail)**
LeClair Ryan, P.C.
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
*Local Counsel for Movant, Schimenti Construction
Company, LLC*

Peter Strniste, Esquire **(U.S. Mail)**
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103
*Counsel for Movant, Schimenti Construction
Company, LLC, Pro Hac Vice*

Daniel F. Blanks, Esquire **(ECF)**
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

13

Dion W. Hayes, Esquire **(ECF)**
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
      *Counsel for Debtors*

Gregg M. Galardi, Esquire **(ECF)**
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
      *Counsel for Debtors*

Chris L. Dickerson, Esquire **(ECF)**
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
      *Counsel for Debtors*

Robert Van Arsdale, Esquire **(ECF)**
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
      *Office of the U.S. Trustee*

Linda K. Myers, Esquire   **(ECF)**
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
      *Special Counsel for Debtors*

David S. Berman, Esquire **(ECF)**
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
      *Counsel for Bank of America, N.A.*

14

Bruce Matson, Esquire **(ECF)**
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
     *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire  **(ECF)**
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
     *Counsel for the Official Committee of*
     *Unsecured Creditors*

Jeffrey N. Pomerantz, Esquire  **(ECF)**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
     *Counsel for the Creditors Committee*

Robert J. Feinstein, Esquire **(ECF)**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York 10017
     *Counsel for the Creditors Committee*

15

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | :    **Chapter 11** |
|  | :    **Case No. 08-35653** |
| **CIRCUIT CITY STORES, INC., et al.,** | :    **Jointly Administered** |
|  | : |
|  | : |
| Debtors. | : |
|  | : |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### <u>AFFIDAVIT OF MEI CHENG</u>

    1.     I am over eighteen years of age.

    2.     I am a paralegal with Vornado Realty Trust ("Vornado") located at 210 Route 4 East, Paramus, New Jersey 07652.

    3.     I have worked at Vornado for five (5) years. In the capacity of my employment, among other duties and responsibilities, I act as the liaison between Vornado and our outside attorneys on matters concerning, but not limited to, the collection of rents and bankruptcies. I am familiar with the terms of our leases and testify in court regarding same. I am also familiar with Vornado's procedures and practices with respect to tenant allowances for construction and improvements, and/or other reserves related to a subject lease.

    4.     North Plainfield VF, LLC ("North Plainfield") is a subsidiary of Vornado.

    5.     I am familiar with the subject property located at U.S. Highway 22 East and West End Avenue, North Plainfield, New Jersey (the "Property"), the facts and circumstances surrounding the Property, and the sublease with Circuit City Stores, Inc.



**EXHIBIT**

*A*

("Circuit City") at the Property for store number 4133 (the "Lease"). I have reviewed the

Lease. A copy of the Lease is incorporated herein by reference and attached hereto as

**EXHIBIT A.**

6.      I am familiar with Circuit City's Chapter 11 Bankruptcy Petition, its

bankruptcy case (Case No. 08-35653), Jointly Administered (the "Proceedings"), now

pending in the United States Bankruptcy Court for the Eastern District of Virginia,

Richmond Division before The Honorable Judge Kevin Huennekens (the "Court").

7.      I am aware that the Court, in an Order entered January 21, 2009,

authorized the rejection of unexpired nonresidential real estate leases, which included the

Lease for the North Plainfield Property pursuant to Bankruptcy Code Sections 105(a),

365(1) and 554 and Bankruptcy Rule 6006.

8.      I was informed recently of a *Motion for 2004 Examination of North

Plainfield VF, LLC* (the "*2004 Motion*"), including the *Exhibit A* listing categories of

documents to be produced, a *Notice of Motion* and a proposed *Order* that were filed on

February 5, 2009, by Schimenti Construction Company, LLC ("Schimenti") against

North Plainfield, by local bankruptcy counsel for Schimenti, Tara Elgie, Esquire of the

law firm of LeClair Ryan, P.C.

9.      I have reviewed and discussed the *2004 Motion* and related filings with

Vornado's leasing personnel, outside bankruptcy counsel and local bankruptcy counsel

for North Plainfield, including, but not limited to Kalman Ochs, Esquire and Lisa Taylor

Hudson, Esquire.

10.      In an effort to narrow the issues in dispute, address and resolve the matters

raised in the *2004 Motion* and *Exhibit A* thereto, preferably without the requirement of

2

filing a formal objection, or having a hearing or further litigation held on the matter, or

having a deposition conducted, I execute this *Affidavit* to affirm the following:

    a.   Any known documents representing claims and/or liabilities owed by the

        Debtors to North Plainfield have already been filed in the Proceedings and

        are part of the prior pleadings filed by North Plainfield against the

        Debtors.

    b.   There exists no agreement, contract, and/or other document, nor any lease

        provision addressing, regarding, creating, and/or otherwise setting forth

        any tenant allowance or retainage for the benefit of and/or payment to

        Schimenti or any other contractor for construction and/or improvements

        occurring at the Property with respect to the Lease.  No such writing

        exists.  Notwithstanding same, a copy of the Lease will be provided, as

        requested by Schimenti, subsequent to the parties' execution of an agreed-

        upon Protective Order.

    c.   There exists no tenant allowance, tenant retainage, escrow, reserves,

        and/or any other type of account for the payment to and/or benefit of

        Schimenti or any other contractor for improvements and other work

        performed at the Property.  No such money and/or account exists.

    d.   There exists no purchase or sale receipts or related documentation for

        equipment, machinery, furniture or other assets purchased by North

        Plainfield from Schimenti or any contractor in connection with the Lease.

3

e. No employee, member, or representative of North Plainfield or Vornado communicated with Schimenti or the Debtors related to the work performed at the Property.

Further saieth the affiant not.

February 12, 2009

_____
Mei Cheng, Paralegal
Vornado Realty Trust

STATE OF NEW JERSEY        )  ss.
COUNTY OF _Bergen_         )

    On this 13th day of February, 2009, personally appeared before me, Mei Cheng, who executed the foregoing instrument and duly acknowledged to me that she executed the same and swears that the information contained herein is truthful and accurate.

Before me _____
Notary Public

My Commission Expires:        VIRGINIA PELISSIER
Notary Public of New Jersey
My Commission Expires February 6, 2010

My Notary Commission No. _____

4