Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' FOURTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a), 365(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (i) reject certain unexpired leases of real property, including any amendments, modifications or subleases thereto, as set forth on the attached <u>Exhibit A</u> (collectively, the "Leases"), and any guaranties thereof and (ii) abandon any equipment, furniture or fixtures located at the premises covered by the Leases (the "Premises").  In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the" Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**RELIEF REQUESTED**

7. By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Leases and any guaranties thereof.

8. The Debtors are currently performing their review, evaluation, and marketing of other unexpired leases and subleases that are not the subject of this Motion. As this process continues, the Debtors may identify additional leases to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional leases in the future. This Motion should not be construed as a determination that

any leases not listed herein are to be assumed or rejected.

9. The Debtors further seek authority under Bankruptcy Code sections 105 and 554 to abandon any equipment, furniture or fixtures located at the Premises (the "Abandoned Property").

**BASIS FOR RELIEF**

10. In an effort to avoid any unnecessary postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Leases.

11. Certain of the Leases are comprised of property at which the Debtors stored and distributed a variety of consumer electronics and entertainment software (the "Distribution Center Leases"). The Debtors' current plan to close all of its stores no longer requires these distribution centers to remain open and functioning. The Distribution Center Leases include location numbers 325, 335, 353, and 754.

12. The Distribution Center Leases were originally included in the exhibits to the Debtors' Motion for Orders under Bankruptcy Code Sections 105,

5

363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale Hearing Dates and (iii) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Sale Motion") (D.I. 1989, Amended Exhibit, D.I. 2003).  After consultation with its real estate advisor, DJM Realty Services, LLC ("DJM Realty"), the Debtors believe that the Distribution Center Leases are not marketable and seek to reject such Leases as provided for herein.

13.  As the Debtors will no longer occupy the Premises subject to the Distribution Center Leases as of February 28, 2009, the Debtors seek to reject the Distribution Center Leases as of February 28, 2009.

14.  Certain of the Leases cover property where the Debtors operated retail stores and at which the Agent is currently conducting going-out-of-business sales (the "Store Leases").  The Store Leases include location numbers 538 and 541.  The Store Leases were

also included in the aforementioned exhibits to the Sale Motion. After consultation with DJM Realty, the Debtors believe that the Store Leases are not marketable and seek an earlier rejection date of such Leases than is provided for in the Sale Motion. The Agent has provided the Debtors with notice of the Agent's intent to turn over the Premises to the Store Leases on February 27, 2009. Accordingly, pursuant to the terms of the Agency Agreement, the Agent's obligation to pay rent for the Store Leases ceases as of February 27, 2009. In an effort to avoid incurring additional administrative expenses to the estate, the Debtors will expeditiously vacate the Premises of the Store Leases. Thus, the Debtors seek to reject the Store Leases as of March 5, 2009.

15. Each of the Leases, comprised of the Distribution Center Lease and the Store Leases, is listed on Exhibit A, attached hereto, along with the name of the lessor thereunder, the lease type and the applicable rejection date.

16. Through the rejection of the Leases, the Debtors will be relieved from paying rent, as well as

other costs, including taxes, insurance, maintenance and other related charges associated with the Leases. Currently, the Debtors have no operations in certain of the leased facilities and have no other productive use for the Premises.  However, the Debtors may be obligated to pay rent under certain of the Leases.  Thus, by rejecting the Leases at this time, the Debtors will avoid incurring unnecessary administrative charges for facilities that provide no tangible benefit to the Debtors' estates.  The resulting savings from the rejection of the Leases will increase the Debtors' future cash flow and assist the Debtors in managing their estates.

17.  The Debtors have analyzed each of the Leases to determine the appropriate date of rejection. The Debtors have concluded that, in order to minimize unnecessary potential costs to the estate, the Distribution Center Leases should be rejected as February 28, 2009 (the "Distribution Center Rejection Date"), and the Store Leases should be rejected as March 5, 2009 (the "Store Lease Rejection Date", collectively with the Distribution Center Rejection Date, the

"Rejection Date").  The Debtors in each case have vacated or will vacate the properties that are covered by the Leases, and, to the extent applicable, have turned over or will turn over to the lessors the keys to the Premises as of the Rejection Date.

18.  In considering their options with respect to the Leases, the Debtors have determined in their business judgment that the costs associated with assuming the Leases would be substantial and would constitute an unnecessary drain on the Debtors' cash resources.  Based on this analysis, the Debtors believe that the Leases provide no value to the Debtors' estates and that there remains no viable possibility other than rejection of the Leases.

19.  Additionally, the Debtors have determined that the abandonment of the Abandoned Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to the Debtors' estates. Moreover, the Debtors believe that the Abandoned Property is no longer necessary for the operation of the Debtors' businesses.

9

20. Accordingly, the Debtors believe that rejection of the Leases and any guaranties thereof and abandonment of the Abandoned Property as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

**I. REJECTION OF THE LEASES IS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

21. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination to reject an executory contract is governed by the "business judgment" standard. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard

and can only be overturned if the decision was the product of bad faith, whim, or caprice).

22.  Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

23.  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

24.  As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Leases.  The Leases are financially burdensome and

11

unnecessary to the Debtors' ongoing operations and business.  Rejection of the Leases is in the Debtors' best interests because the Debtors are not and are not intending to conduct retail operations at the Premises. Moreover, the Debtors have reviewed the Leases and have determined that the Leases do not have any marketable value beneficial to the Debtors' estates.  As such, the Leases provide no economic benefit to the Debtors, nor are such Leases a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Leases reflects the exercise of the Debtors' sound business judgment.

25. In summary, the Debtors believe that the proposed rejection of the Leases is tailored to minimize administrative expenses, maximize distributions to creditors in these chapter 11 cases, and return control of real property to the lessors quickly.  In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Leases.

26. Numerous courts, including those in this district, have authorized similar relief.  See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr.

E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

**II.   THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF THE ABANDONED PROPERTY.**

27.  Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts give debtors in possession great deference to their decisions to abandon under section 554.  See In re Vel Rey Props., Inc., 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless the property is harmful to the public, once the debtors in possession have shown that the property is burdensome or of inconsequential value and benefit, the court should approve the abandonment.  Id. at 868.

28.  The Debtors believe that the costs of moving and storing the Abandoned Property would far outweigh any benefit to their estates.  Moreover, the Debtors believe that any efforts to move the Abandoned Property would unnecessarily delay the rejection of the Leases.  Therefore, it is in the Debtors' best interests to abandon the Abandoned Property located at the Premises.

29.  Numerous courts, including those in this district, have authorized similar relief.  See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006).

**NOTICE**

30.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130) and to all lessors under the Leases.  The Debtors submit

that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

31.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

32.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 17, 2009
      Richmond, Virginia

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

        - and -

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

        - and -

    MCGUIREWOODS LLP

    /s/ Douglas M. Foley      .
    Dion W. Hayes (VSB No. 34304)
    Douglas Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

**(Unexpired Leases of Real Property)**