| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

  - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

105(a), 365(a) and 554 and Bankruptcy Rule 6006, authorizing the Debtors to (i) reject certain unexpired leases of real property, including any amendments, modifications or subleases thereto, as set forth on the attached <u>Exhibit A</u> (collectively, the "Leases"), and any guaranties thereof, effective as of the Distribution Center Rejection Date and the Store Lease Rejection Date or such date as the Debtors return keys to the Premises (as defined herein) to the landlord (collectively, the "Rejection Date") and (ii) abandon any equipment, furniture or fixtures located at the premises covered by the Leases (the "Premises"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

    **ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The Leases and any guaranties thereof are hereby rejected effective as of the Rejection Date. Any subleases associated with the Leases or the Premises are hereby rejected effective as of the Rejection Date. The landlords for the Leases (the "Landlords") are entitled to immediate possession of the Premises as of the Rejection Date. Nothing in this paragraph 2 shall preclude a Landlord from seeking rejection damages against a guarantor of a rejected guaranty, in addition to such Landlord's right to seek rejection damages under the Bankruptcy Code.

3. Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Premises, and such Abandoned Property is deemed abandoned on the Rejection Date to the Landlords free and clear of all liens, claims and other interests. The Landlords may, in their sole discretion and without further notice, use, transfer or dispose of such

Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

   4. On the Rejection Date the Debtors are deemed to quitclaim any interest in the real property and improvements at the Premises to the Landlords on an "as is, where is" basis and shall reasonably cooperate with the Landlords, at the sole cost and expense of Landlords, in connection with the execution and recording of such documents as may be reasonably necessary to effectuate such transfer of title or abandonment of the Abandoned Property and improvements at the Premises; <u>provided</u>, <u>however</u>, that nothing in this Order, including this paragraph 4, shall prejudice the rights, claims or defenses of Debtors and Landlords with respect to (i) any tenant improvement allowances or other build-out charges under the Leases or (ii) any third party claims arising from the construction at any of the Premises, including claims arising from mechanics', materialmens' or laborers' lien, if any, which rights, claims and defenses are reserved.

5. Each counterparty to a Lease or any guaranty thereof shall have until thirty (30) days from the date this Order is entered on the docket to file a proof of claim on account any and all claims (as defined in the Bankruptcy Code), including (without limitation) claims arising from or related to rejection of its Lease or guaranty.

6. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        March __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley

## **EXHIBIT A**

**(Unexpired Leases of Real Property)**