Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363
(I) APPROVING PROCEDURES IN CONNECTION WITH SALE OF
CERTAIN EXCLUDED DEFECTIVE INVENTORY, (II) APPROVING SALE
OF SUCH INVENTORY FREE AND CLEAR OF ALL INTERESTS AND
(III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors, for entry of an order, under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 6004 (I) approving procedures in connection with the sale of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Excluded Defective Inventory, (II) approving the Sale of Excluded Defective Inventory free and clear of all interests and (III) granting related relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

C. Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Sale Process and Sale) has been afforded to those parties that requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order")), as well as (a) all entities known to have an interest in any of the Excluded Defective Inventory to be sold or in similar assets; all federal, state, and local regulatory or taxing authorities or recording offices that have a known interest in the relief requested through the Motion.

D. Notice of the Sale Process, as set forth in the Motion, is appropriate and reasonably calculated

to provide all interested parties with timely and proper notice, and no other or further notice is required.

E. The Sale Process[2] is fair, reasonable and appropriate and is designed to maximize the recovery with respect to the Sale of the Excluded Defective Inventory.

F. The Sale Process is designed such that the Sale of the Excluded Defective Inventory can be relied upon to have been negotiated and to have been undertaken by the Debtors, an agent (if applicable) and any purchasers at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtors and the purchaser(s) are entitled to the protections of Section 363(m) of the Bankruptcy Code.

G. The Debtors have demonstrated a compelling and sound business justification for the Sale of the Excluded Defective Inventory under the

---

[2] If the Creditors' Committee consents, the Sale Process shall include (i) the ability for the Debtors to conduct an auction among those bidders that submit fee or equity proposals to liquidate the Excluded Defective Inventory and (ii) one or more private sales of Excluded Defective Inventory.

circumstances, timing, and procedures set forth herein and in the Motion.

H.  The entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein.

I.  Upon filing the Sale Notice by the Debtors, the consideration provided by any purchaser for the Excluded Defective Inventory shall be deemed fair and reasonable; and it is therefore:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  Pursuant to Bankruptcy Code sections 105 and 363, the Sale Process (and any agency agreement or purchase agreement, if applicable) and, subject to filing the Sale Notice, the Sale of the Excluded Defective Inventory is hereby APPROVED.

2.  The Debtors may employ the Sale Process to conduct the Sale of the Excluded Defective Inventory. The Debtors shall have the right to modify the Sale Process as necessary or as they deem appropriate to maximize value for their estates and creditors.  In addition, subject to court approval, the Debtors shall

have the right to sell all or portions of the Excluded Defective Inventory through other means; <u>provided</u>, <u>further</u>, that if the Creditors' Committee consents, the Debtors are hereby authorized to (i) enter into an agency agreement with an agent to sell the Excluded Defective Inventory on terms mutually agreeable to the Debtors and such agent, as consented to by the Creditors' Committee and (ii) enter into one or more purchase agreements for the sale of Excluded Defective Inventory, as consented to by the Creditors' Committee; <u>provided</u>, <u>further</u>, that, before the Debtors' proceed with web auctions under the Sale Process, the Debtors shall consult with the Creditors' Committee.

        3.   Pursuant to the Sale Process, the Debtors shall select the Successful Bidder(s), which may include an agent who, pursuant to an agency agreement will sell the Excluded Defective Inventory under or through means other than the Sale Process.  Upon selection of the Successful Bidder(s), the Debtors shall file the Sale Notice with this Court (i) identifying the Successful Bidder(s), the Excluded Defective Inventory purchased by each Successful Bidder or attach relevant agreements

pursuant to which the Excluded Defective Inventory shall be sold, and the purchase price, fee or guaranteed amount (as the case may be) for such inventory, and (ii) stating that the Sale was conducted in accordance with the Sale Process, that the Successful Bidder(s) participated in the Sale Process in good faith and without collusion, the Successful Bidder(s) were not insiders of the Debtors, that the Successful Bid(s) represent the highest or otherwise best offer for the purchase of all or portions of Excluded Defective Inventory, and, if applicable, the Creditors' Committee has consented.

       4.    The Court hereby conditionally authorizes the Sale of the Excluded Defective Inventory to the Successful Bidder(s) and entry into relevant purchase agreements, if appropriate (or, in the case of an agent, conditionally authorizes entry into an agency agreement and the Sale of the Excluded Defective Inventory by such agent).  Upon the filing of the Sale Notice, the authorization(s) in the foregoing sentence shall be final and the Debtors may close the Sale transaction

7

absent any additional hearing or further order of this Court.

5.   Upon filing the Notice, the Debtors' right, title, and interest in the Excluded Defective Inventory shall be transferred to the Successful Bidder(s) (or, in the case of a transaction conducted through an agent, the purchaser(s)) free and clear of all interests, including liens, claims, and encumbrances ("Interests"), with all such Interests to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Excluded Defective Inventory immediately before such transfer, subject to any claims and defenses the Debtors may possess with respect thereto.

6.   The Sale is undertaken by the Successful Bidder(s) in good faith and each Successful Bidder is good faith purchaser of the Excluded Defective Inventory as that term is used in Bankruptcy Code section 363(m). Each Successful Bidder is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

7. In the event the Debtors, in their sole discretion, determine that a further approval order is necessary or appropriate, the Debtors may submit such order to this Court without further notice or hearing, provided that the Creditors' Committee has endorsed such order.

8. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  Richmond, Virginia
        February __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley