Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

                 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION
- - - - - - - - - - - - - -   x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              :
            Debtors.          : Jointly Administered
- - - - - - - - - - - - - -   x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502
AND BANKRUPTCY RULES 2002, 3003(c)(3), AND 9007
(I) SETTING GENERAL BAR DATE AND PROCEDURES FOR FILING
PROOFS OF CLAIM; AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF**

        Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 502 and

Bankruptcy Rules 2002, 3003(c)(3,) and 9007 (i) setting

---

[1]    Unless otherwise defined herein, capitalized terms used herein
       shall have the meanings ascribed to them in the Motion.

a general bar date and procedures for filing proofs of
claim, and (ii) approving the form and manner of notice
thereof; and the Court having reviewed the Motion and
the Besanko Declaration; and the Court having determined
that the relief requested in the Motion is in the best
interests of the Debtors, their estates, their creditors,
and other parties in interest; and it appearing that
proper and adequate notice of the Motion has been given
and that no other or further notice is necessary; and
upon the record herein; and after due deliberation
thereon; and good and sufficient cause appearing
therefor, it is hereby

       **ORDERED, ADJUDGED AND DECREED THAT:**

    1.    The Motion is GRANTED.

    2.    Pursuant to Bankruptcy Rule 3003(c)(3),
all "entities" and "persons" (as defined respectively in
11 U.S.C. § 101(15) and (41)), except any governmental
unit (as defined in 11 U.S.C. § 101(27)) that are
creditors holding or wishing to assert "claims" (as
defined in 11 U.S.C. § 101(5)) arising before the
Petition Date against any of the Debtors are required to
file with the Debtors' Claims Agent (as defined below),

on or before 5:00 p.m. (Pacific) on January 30, 2009
(the "General Bar Date") a separate, completed, and
executed proof of claim form (conforming substantially
to Official Bankruptcy Form No. 10) on account of any
such claims in accordance with the procedures set forth
below.

3.   Pursuant to Bankruptcy Rule 3003(c) and
Bankruptcy Code section 502(b)(9), any governmental
units (as defined in 11 U.S.C. § 101(27)) that are
creditors holding or wishing to assert "claims" (as
defined in 11 U.S.C. § 101(5)) arising before the
Petition Date against any of the Debtors are required to
file, on or before 5:00 p.m. (Pacific) on May 11,
2009(the "Governmental Bar Date") a separate, completed,
and executed proof of claim form (conforming
substantially to Official Bankruptcy Form No. 10) on
account of any such claims in accordance with the
procedures set forth below.

4.   Notwithstanding the preceding paragraphs,
creditors holding or wishing to assert the following
types of claims (collectively, the "Excluded Claims")
against the Debtors need not file a proof of claim:

(i)     Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

(ii)    Claims on account of which a proof of claim has already been properly filed with the Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; _provided_, _however_, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) ("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims are not Excluded Claims;

(iii)   Claims previously allowed or paid pursuant to an order of the Court;

(iv)   Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(2) as expenses of administration;

(v)    Claims of Debtors against other Debtors;

(vi)   Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

4

    (vii)    Claims of landlords of unexpired leases of non-residential real property that have not been rejected prior to the General Bar Date, including, without limitation, any claim for pre-petition arrearages or other asserted pre-petition defaults. Claims for such leases that have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

    (viii)    Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

    (ix)    Claims related to the Debtors' gift cards purchased prior to the Petition Date.

    5.    Any holder of an interest in any of the Debtors (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), shall not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim**

**for damages or rescission based on the purchase or sale of the Interests, shall file a proof of claim on or prior to the General Bar Date; _provided_, _further_, _however_, that any Interest Holder who is a governmental unit and wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, shall file a proof of claim on or prior to the Governmental Bar Date.[2]**

6.    Proofs of claim for rejection damages claims arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during these Bankruptcy Cases must be filed by the latest of (a) thirty days after the date of entry of an order of this Court authorizing the rejection of such Agreement, (b) thirty days after the effective date of the rejection of such Agreement, (c) any date set by another Order of the Court or (d) the General Bar Date. Proofs of claim for any other claims that arose prior to

---

[2]    The Debtors reserve the right to seek relief at a later date requiring Interest Holders to file proofs of interest.

the Petition Date with respect to a lease or contract

must be filed by the General Bar Date.

7.    The Debtors shall serve a notice (the

"General Bar Date Notice") substantially in the form of

the notice attached hereto as Exhibit 1 and a proof of

claim form conforming substantially to Official

Bankruptcy Form No. 10 by first class mail on or before

December 19, 2008 to all known creditors and all known

holders of the Debtors' equity securities as reflected

in the Debtors' books and records, as well as U.S. state

escheat or unclaimed property offices.

8.    The Debtors shall publish a notice in a

form substantially similar to the Bar Date Notice in the

Richmond Times Dispatch and the national edition of the

Wall Street Journal, and such other regional newspapers

as the Debtors, in their sole discretion, deem

appropriate no later than December 30, 2008.

9.    All proofs of claim filed by mail, hand,

or overnight courier shall be addressed to:

> Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

10.   A Proof of claim is deemed filed only
when the proof of claim is actually received by Kurtzman
Carson Consultants LLC (the "Claims Agent") at the above
address.   Proofs of claim submitted by facsimile or
other electronic means shall be rejected by the Claims
Agent and will not be deemed filed.

11.   Any creditor holding or wishing to assert
claims against more than one Debtor must file a separate
proof of claim in the case of each Debtor against which
the creditor believes it holds a claim and must identify
on their proof of claim the particular Debtor against
which their Claim is asserted and the case number of
that Debtor's bankruptcy case.   A proof of claim listing
no reference to a particular Debtor or a proof of claim
listing all of the Debtors will be deemed filed against
Circuit City Stores, Inc., Case No., 08-35653.

12.   Any creditor that is required to file but
fails to file a proof of claim for its claim in
accordance with the procedures set forth in this order
on or before the General Bar Date, the Governmental Bar
Date, or such other date established hereby (as

applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

13.    In the event that the Debtors amend the Schedules and Statements after having given notice of the General Bar Date as provided herein, the Debtors shall give notice of any amendment to the holders of claims affected thereby, and if the subject amendment reduces the unliquidated, noncontingent and liquidated amount or changes the nature or classification of a claim against a Debtor reflected therein, such holders shall be given until the later of (a) the General Bar

Date or (b) thirty (30) days from the date such notice

is given (or such other time period as may be fixed by

the Court) to file proofs of claim with respect to such

affected claim, if necessary, or not be treated as a

creditor for purposes of these chapter 11 cases in

accordance with paragraph 12 above.

14.   In the event that the Debtors amend the

Schedules and Statements after having given notice of

the Governmental Bar Date as provided herein, the

Debtors shall give notice of any amendment to the

holders of claims that are governmental entities (as

defined in 11 U.S.C. § 101(27)) and that are affected

thereby, and if the subject amendment reduces the

unliquidated, noncontingent and liquidated amount or

changes the nature or classification of a claim against

a Debtor reflected therein, such holders shall be given

until the later of (a) the Governmental Bar Date or

(b) thirty (30) days from the date such notice is given

(or such other time period as may be fixed by the Court)

to file proofs of claim with respect to such affected

claim, if necessary, or not be treated as a creditor for

purposes of these chapter 11 cases in accordance with
paragraph (14) above.

15.    Nothing in this Order shall, or shall be
deemed to, prejudice the Debtors' right to object to any
Claim, whether filed or scheduled (e.g., as contingent,
unliquidated or disputed), on any ground, or to dispute,
or to assert offsets against or defenses to, any claim
reflected on the Schedules and Statements, or any
amendments thereto, as to amount, liability,
classification, or otherwise, and to subsequently
designate any claim as disputed, contingent or
unliquidated; provided, however, that if the Debtors
have scheduled a claim as noncontingent, liquidated and
undisputed, they must comply with the procedures in
paragraphs 13 and 14 of this Order to object to such
scheduled, noncontingent, liquidated and undisputed
claim.

16.    Nothing contained herein shall limit,
abridge, or otherwise affect the Debtors' right to
request that the Court fix a date by which the holder of
a Claim that is specifically excluded from the

requirements to file such a Claim by this Order must file a proof of claim or interest.

17.   The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

18.   The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

19.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:    Richmond, Virginia
          December  __, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

         - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1089

Proposed Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

     I hereby certify that that the proposed order has
been served upon or endorsed by all necessary parties.


                              /s/ Douglas M. Foley
                              Douglas M. Foley

**<u>EXHIBIT 1</u>**

**Form of Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              :
            Debtors.          : Jointly Administered
- - - - - - - - - - - - - - x

## NOTICE OF DEADLINE
## FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER
PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 5, 2008, the United States Bankruptcy Court
for the Eastern District of Virginia (the "Bankruptcy Court")
entered an order (the "Bar Date Order") in the above captioned
chapter 11 cases establishing **January 30, 2009 at 5:00 p.m.
(Pacific time)** as the general claims bar date (the "General Bar
Date") in the chapter 11 cases of the above-captioned debtors and
debtors in possession (collectively, the "Debtors").[1]  Except as
described below, the Bar Date Order requires all Entities, as
defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code"), including persons, estates, trusts and the
United States trustee (but excluding governmental units), that
have or assert any prepetition Claims (as defined herein) against
any of the Debtors listed on page 4 below, to file a proof of claim
so that such proof of claim is received on or before **5:00 p.m.,
Pacific Time**, on the General Bar Date at the following address if
delivered by mail, hand delivery or overnight courier:

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc. (3875),
      Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
      International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC
      Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821),
      Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture
      Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
      Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores
      PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250
      Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the
      address is 9950 Mayland Drive, Richmond, Virginia 23233.

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court by December 30, 2008. Copies of the Schedules and Statements can then be obtained at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27), against any of the Debtors listed on page 4 below, must be filed and served so that such proof of claim is received on or before **May 11, 2009** (the "Governmental Bar Date") at **5:00 p.m., Pacific Time**, at the following address if delivered by mail, hand delivery or overnight courier:

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured)

that arose prior to **November 10, 2008** (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below.  Excluded Claims as defined in the Bar Date Order are:

> (i)   Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

> (ii)   Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; provided, however, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) ("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims are not Excluded Claims;

> (iii)   Claims previously allowed or paid pursuant to an order of the Bankruptcy Court;

> (iv)   Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration;

> (v)   Claims of Debtors against other Debtors;

> (vi)   Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

> (vii)   Claims of landlords of unexpired leases of non-residential real property that have not been rejected prior to the General Bar Date, including, without limitation, any claim for pre-petition arrearages or other asserted pre-petition defaults. Claims for such leases that have been or are hereinafter rejected shall be filed by the later of

3

(a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

(viii)   Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

(ix)   Claims related to the Debtors' gift cards purchased prior to the Petition Date.

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules and Statements or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules and Statements or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date.  If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the claim form included with this notice.

**Executory Contract and Lease Rejection Claims**

Any Entity whose Claims arise out of the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") pursuant to section 365 of the Bankruptcy Code during the Debtors' bankruptcy cases, must file a proof of claim on or before the latest of: (1) thirty (30) days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court or (3) the General Bar Date (the "Rejection Bar Date"). Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the General Bar Date.

**Other Important Information Regarding Filing Claims**

If, after the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to

4

change the Debtor against which a Claim has been scheduled, then
the affected claimant shall have thirty (30) days from the date of
service of notice thereof to file a proof of claim or to amend any
previously filed proof of claim in respect of such amended
scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an
"Interest Holder"), which interest is based exclusively upon the
current ownership of stock or other equity interest of any of the
Debtors (an "Interest"),(an "Interest"), need not file a proof of
Interest based solely on account of such Interest Holder's
ownership interest in such Interest; **provided**, **however**, **that any
Interest Holder (other than a governmental unit) who wishes to
assert a Claim against any the Debtors based on any transaction
in the Debtors' Interests, including but not limited to a Claim
for damages or rescission based on the purchase or sale of the
Interests, must file a proof of claim on or prior to the General
Bar Date; provided, further, however, that any Interest Holder
that is a governmental unit who wishes to assert a Claim against
any of the Debtors based on any transaction in the Debtors'
Interests, including but not limited to a Claim for damages or
rescission based on the purchase or sale of the Interests, must
file a proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor
must file a separate proof of claim with respect to each such
Debtor.  All Entities must identify on their proof of claim the
particular Debtor against which their Claim is asserted and the
case number of that Debtor's bankruptcy case.  A proof of claim
listing no reference to a particular Debtor or a proof of claim
listing all of the Debtors will be deemed filed against Circuit
City Stores, Inc., Case No., 08-35653.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any creditor that is required to file but fails to file
a proof of claim for its Claim in accordance with the procedures
set forth herein on or before the General Bar Date, the
Governmental Bar Date, or such other date established hereby (as
applicable) shall be forever barred, estopped, and enjoined from:
(a) asserting any Claim against the Debtors that (i) is in an
amount that exceeds the amount, if any, that is set forth in the
Schedules as undisputed, noncontingent, and unliquidated or (ii)
is of a different nature or in a different classification (any
such claim referred to as an "Unscheduled Claim") and (b) voting
upon, or receiving distributions under, any plan or plans of**

reorganization in these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and their property shall be
forever discharged from any and all indebtedness or liability with
respect to such Unscheduled Claim.  If it is unclear from the
Schedules and Statements whether your Claim is disputed,
contingent or unliquidated as to amount or is otherwise properly
listed and classified, you must file a proof of claim on or before
the General Bar Date.  Any Entity that relies on the Schedules and
Statements bears responsibility for determining that its Claim is
accurately listed therein.

## RESERVATION OF RIGHTS

          The Debtors reserve the right to: (1) dispute, or to
assert offsets or defenses against, any filed Claim or any Claim
listed or reflected in the Schedules and Statements as to nature,
amount, liability, classification, Debtor or otherwise; or (2)
subsequently designate any Claim as disputed, contingent or
unliquidated.  Nothing set forth in this Notice shall preclude the
Debtors from objecting to any Claim, whether scheduled or filed,
on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

          A signed original of any proof of claim, substantially
in the form annexed hereto, together with accompanying
documentation, must be delivered so as to be received no later
than 5:00 p.m., Pacific Time, on the General Bar Date, the
Rejection Bar Date, the Governmental Bar Date or the Amended
Schedule Bar Date, as applicable, depending upon the nature of the
Claim, at the following address if delivered by mail, hand
delivery or overnight courier:

          **Circuit City Stores, Inc., et al.**
          **Claims Processing Dept.**
          **Kurtzman Carson Consultants LLC**
          **2335 Alaska Avenue**
          **El Segundo, CA  90245**

**Any proof of claim submitted by facsimile or other electronic
means will not be accepted and will not be deemed filed until such
proof of claim is submitted by the method described in the
foregoing sentence.  Proofs of claim will be deemed filed only
when actually received at the address listed above.**  If you wish
to receive acknowledgment of the Debtors' receipt of your proof of
claim, you must also submit a copy of your original proof of claim
and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245.

Approved by the United States Bankruptcy Court for the Eastern District of Virginia on December __, 2008.

Dated: December __, 2008
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER      McGUIREWOODS LLP
& FLOM, LLP                        Dion W. Hayes (VSB No. 34304)
Gregg M. Galardi, Esq.             Douglas M. Foley (VSB No. 34364)
Ian S. Fredericks, Esq.            One James Center
P.O. Box 636                       901 E. Cary Street
Wilmington, Delaware 19899-        Richmond, Virginia 23219
0636                               (804) 775-1089

        - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive              Counsel for Debtors and Debtors in
Chicago, Illinois 60606            Possession

**Debtors and Debtors in Possession
and the Last Four Digits of their Respective Taxpayer
Identification Numbers**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)