Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :  Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :  Case No. 08-35653-KRH
et al.,                      :
                             :
            Debtors.         :  Jointly Administered
- - - - - - - - - - - - - - x

ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363, AND 365
(I) APPROVING BIDDING AND AUCTION PROCEDURES FOR SALE OF
    UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES,
  (II) SETTING SALE HEARING DATES AND (III) AUTHORIZING
        AND APPROVING (A) SALE OF CERTAIN UNEXPIRED
 NONRESIDENTIAL REAL PROPERTY LEASES FREE AND CLEAR OF
ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN
  UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND
            (C) LEASE REJECTION PROCEDURES

      Upon consideration of motion, dated February 3,

2009 (the "Motion"),[1] of Circuit City Stores, Inc. and
certain of its subsidiaries, debtors and debtors in pos-
session in the above-captioned cases (collectively, the
"Debtors"), for orders under sections 105(a), 363 and
365 of title 11 of the United States Code (the "Bank-
ruptcy Code") and Rules 2002, 6004, 6006, and 9014 of
the Federal Rules of Bankruptcy Procedure (the "Bank-
ruptcy Rules"), (i) approving the bidding and auction
procedures for sale of certain nonresidential real prop-
erty leases set forth herein and attached hereto as Ex-
hibit 1 (the "Bidding Procedures"), (ii) setting dates
for sale hearings (the "Sale Hearings"), and (iii) au-
thorizing and approving (a) the sale (the "Sale") of
certain unexpired nonresidential real property leases
(the "Leases", comprising the February Leases and the
March Leases, each as defined in the Bidding Procedures),
and as set forth on Exhibit 2 hereto, free and clear of
all interests, including liens, claims, and encumbrances
(collectively, the "Interests"), (b) the assumption and
assignment of the Leases, and (c) lease rejection proce-
dures for any Leases that are not sold in connection

---

[1]     Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

with the foregoing; and upon the record of the hearing

held on February 13, 2009 (the "Bidding And Rejection

Procedures Hearing"); and after due deliberation thereon,

and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction over this mat-

ter and over the property of the Debtors and their re-

spective bankruptcy estates pursuant to 28 U.S.C. §§

157(a) and 1334.

B.    This matter is a core proceeding pursuant

to 28 U.S.C. § 157(b).

C.    Venue of these cases and the Motion in

this district is proper under 28 U.S.C. § § 1408 and

1409.

D.    The relief requested in the Motion and

granted herein is in the best interests of the Debtors,

their estates, their stakeholders, and other parties in

interest.

E.    The notice of the Motion and the Bidding

And Rejection Procedures Hearing given by the Debtors

---

[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

constitutes due and sufficient notice thereof.

F.   The Debtors have articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the rejection procedures, (ii) set dates for the Sale Hearings, (iii) approve the manner of notice of the Motion, the Sale Hearings, the assumption and assignment of certain of the Leases, and the rejection of certain of the Leases, (iv) approve the form of notice of the Motion, the Sale Hearings, the assumption and assignment of certain of the Leases, and the rejection of certain of the Leases and (v) approve procedures with respect to objections to Proposed Cure Amounts (as defined below) and to the assumption and assignment of the Leases to be filed with the Court and served on the non-Debtor counterparties thereto.

G.   The Bidding Procedures and the rejection procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DE-CREED THAT:**

1.    The relief requested in the Motion is
GRANTED to the extent set forth herein.

2.    The Bidding Procedures, substantially in
the form set forth on Exhibit 1 attached hereto and in-
corporated herein by reference as if fully set forth
herein, are hereby approved.

3.    Pursuant to the Bidding Procedures, the
Debtors may, among other things: (i) determine, in their
business judgment, which Qualified Bid is the highest or
otherwise best offer for a Lease or Leases or (ii) re-
ject at any time before entry of an order of the Court
approving a Qualified Bid (such order, a "Sale Order"),
any bid which, in the Debtors' sole discretion, is (a)
inadequate or insufficient, (b) not in conformity with
the Bidding Procedures or applicable law or (c) contrary
to the best interests of the Debtors, their estates, and
their stakeholders.   The Debtors are authorized to ter-
minate the bidding process or the auctions (with respect
to February Leases, the "February Lease Auction," with
respect to March Leases, the "March Lease Auctions," and
collectively, the "Auctions") at any time if they deter-
mine, in their business judgment, that the bidding proc-

ess will not maximize the value of the Leases to be re-
alized by the Debtors' estates.

4.   The Court shall hold the Sale Hearings on
March 3, 2009 and March 13,2009 at 10:00 a.m. (ET) in
the United States Bankruptcy Court for the Eastern Dis-
trict of Virginia, 701 East Broad Street, Room 5000,
Richmond, VA 23219, at which time the Court shall con-
sider the disposition of certain of the Leases, as set
forth in the Bidding Procedures and the Motion.  At each
Sale Hearing, pursuant to the terms and conditions set
forth in the Motion, the Court will, among other things,
(i) approve the Successful Bidder(s) for the respective
Lease(s), (ii) confirm the results of the most recent
Auction, if any, (iii) conduct a scheduling conference
with respect to any unresolved Cure Objections to deter-
mine the Final Cure Amount (as defined in the Bidding
Procedures), and (iv) confirm the rejection of the
Leases for which the Rejection Date has been determined.
The Sale Hearings or any portion thereof, such as with
respect to the proposed assumption and assignment of a
particular Lease, may be adjourned by the Debtors from
time to time without further notice to creditors or par-

ties in interest other than by announcement of the ad-
journment in open court or on the Court's calendar on
the date scheduled for such Sale Hearing or on any ad-
journed date.

5.   By 12 noon (ET) on the date that is one
day after the Bid Deadline, the Debtors shall file a
Cure Schedule.  The Cure Schedule shall include the Pro-
posed Cure Amounts for those Leases on which the Debtors
received at least one Qualified Bid.  Concurrent with
the filing, the Debtors will post the Cure Schedule on
the website for the Debtors' claims and noticing agent,
www.kccllc.net/circuitcity.

6.   To the extent that the Lease counterparty
(the "Lessor") fails to object or otherwise respond (i)
in writing to the Proposed Cure Amount on or before 5:00
p.m. (ET) on the business day prior to the applicable
Sale Hearing or (ii) orally at the applicable Sale Hear-
ing (each a "Cure Objection"), the Proposed Cure Amount
shall constitute the sole amount necessary under sec-
tions 365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bank-
ruptcy Code to cure all defaults and pay all actual pe-
cuniary losses under the Lease and the Lessor is forever

barred and enjoined from asserting a cure amount differ-

ent from that set forth on the applicable Cure Schedule

(except for any amounts accruing from the date of the

Cure Schedule through the date of assignment of the

Lease).  To the extent that the Lessor has asserted that

the cure amount is other than the Proposed Cure Amount

(the "Cure Amount"), has lodged a timely and valid Cure

Objection, and such Cure Objection has not been resolved

prior to or at the Sale Hearing, the Court will conduct

a scheduling conference at the applicable Sale Hearing

and such unresolved Cure Objection will be resolved at a

date determined by the Court.  The Debtors (or the Suc-

cessful Bidder, as the case may be) shall pay the undis-

puted portion of the Cure Amount for the Lease as soon

as practicable following the Closing.  The disputed por-

tion of the Cure Amount shall be paid following the ear-

lier of (i) the date the Debtor (or the Successful Bid-

der, as the case may be) and the Lessor reach an agree-

ment as to the appropriate Cure Amount or (ii) if neces-

sary, the date of entry of an order by the Court fixing

the Cure Amount. Compliance with this Paragraph of the

Order constitutes payment of the Cure Amount as other-
wise provided in this Order.

　　　　7.　　The Debtors shall provide (by email, if
available, or U.S. first class mail) the Lessor of each
Lease on which a potential purchaser, other than the
Lessor itself, has submitted a Qualified Bid pursuant to
the Bidding Procedures (each, a "Potential Purchaser")
with a notice of Potential Purchaser substantially in
the form attached hereto as <u>Exhibit 3</u> (the "Potential
Purchaser Notice").　The Debtors shall provide the Po-
tential Purchaser Notice to Lessors within six (6) hours
of the Bid Deadline.

　　　　8.　　Lessors who wish to contest the assump-
tion and/or assignment of a Lease by a Potential Pur-
chaser on adequate assurance of future performance or
other grounds must (i) file their objections by 5:00
p.m. (ET) on the business day immediately preceding the
Sale Hearing at which such Lease is to be assumed and
assigned or (ii) orally object at such Sale Hearing.
Any such timely filed or valid objections will be re-
solved, as necessary, either at the applicable Sale
Hearing or such later date as may be scheduled by the

Court.  Any filed objections may be orally supplemented at the Sale Hearing.

9.   For the Sale Hearings and associated leases, a Lessor may object on the basis that notice of the Sale was insufficient or inadequate and the Debtors reserve their right to contest such objection.

10.   If the Lessor for any Lease that is subject to a Potential Purchaser Notice fails to file and serve an objection or orally object in accordance with the instructions in the Potential Purchaser Notice or this Order, the Court may authorize the assumption and assignment of the applicable Lease at the applicable Sale Hearing and the Lessor will be deemed to have consented to the assumption and assignment of the Lease to a Potential Purchaser that is selected as the Successful Bidder and will be forever barred from asserting any other claims as to such Lease, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Lease, against the Debtors or the Successful Bidder, or the property of either of them.

11.  Any Lease for which either (i) no Poten-
tial Purchaser has submitted a bid or (ii) the Debtors
have not served a Rejection Notice (as defined below),
shall be deemed rejected as of the later of (a) February
28, 2009 for February Leases or March 31, 2009 for March
Leases, (b) the Sale Termination Date or (c) the date
that the Debtors have surrendered the premises to the
Lessor by fulfilling the Rejection Requirements (as de-
fined herein) (such date, the "Outside Rejection Date").

12.  In order to effectively surrender the
premises, the Debtors shall be required to use commer-
cially reasonable efforts to (i)(a) disarm the alarm,
(b) transmit alarm codes to the applicable Lessor, or
(c) advise the Lessor in writing that they are unable to
provide the alarm codes despite commercially reasonable
efforts to do so and (ii)(a) return keys to the applica-
ble Lessor or (b) advise the applicable Lessor that the
keys cannot be returned despite commercially reasonable
efforts to do so (such measures, the "Rejection Require-
ments").

13.  The Debtors may provide the Lessor with
notice of rejection, substantially in the form attached

hereto as Exhibit 4 (the "Rejection Notice").  The Re-
jection Notice shall specify the date of rejection,
which date shall be not less than seven (7) days from
the date the Notice is received by the Lessor (such
date, the "Early Rejection Date") (the Early Rejection
Date and the Outside Rejection Date, as applicable, are
collectively referred to herein as the "Rejection
Date").  In the event that the Debtors provide the Les-
sor with a Rejection Notice, Debtors will surrender the
premises to the Lessor prior to the Early Rejection Date
by fulfilling the Rejection Requirements.  In addition
to the foregoing, the Debtors shall use commercially
reasonable efforts to provide Lessors with additional
information (if available or applicable), including con-
tact information for any security and/or alarm company,
utility account information and the date on which util-
ity service may be terminated, HVAC, energy manage-
ment/lighting system information, and fire protection
system information; provided, however, that, for the
avoidance of doubt, neither receipt of any or all such
additional information nor the additional obligations to

provide such information shall constitute a condition to
the rejection or surrender of any Lease.

14.   The Debtors shall post the results of the
Auctions at www.kccllc.net/circuitcity no later than
12:00 noon (ET) on the business day immediately follow-
ing the conclusion of each Auction.

15.   Upon the failure to consummate a Sale of
a Lease or Leases because of a breach or failure on the
part of the Successful Bidder with respect to such Lease
or Leases, the Debtors are authorized to and shall re-
tain the Successful Bidder's Good Faith Deposit as liq-
uidated damages, and, unless a Lessor objects to the
Sale on any grounds, the Alternative Bidder, if any,
with respect to such Lease or Leases shall be deemed the
Successful Bidder and shall consummate the Sale of the
Lease without further order of the Court.  If a Lessor
objects to the Sale of a Lease on any grounds, the Court
will fix a subsequent date for a hearing on the Alter-
nate Bid submitted by the Alternative Bidder.

16.   The Debtors are authorized to enter into
lease assignment or termination agreements with Lessors
who are the Successful Bidders on their own Leases.  Ap-

proval of the lease termination or assignment agreements
shall be considered at the applicable Sale Hearing or on
such other date agreed upon by the parties.

      17.   Unless otherwise provided for by the
Debtors, any personal property remaining at a Closing
Location as of the date that the assignment, termination
or rejection of the respective Lease is effective shall
be deemed abandoned to the Lessor, if the Lease is re-
jected or terminated, or (if agreed to by the Debtors
and the assignee) to the assignee, if the Lease is as-
sumed and assigned.   The Lessor or the assignee may re-
tain or dispose of such property without liability or
claim by any third party.

      18.   Other than oral objections authorized by
this Order or the Bidding Procedures, any and all objec-
tions as contemplated by the Bidding Procedures and this
Order must (a) be in writing, (b) state, with specific-
ity, the legal and factual basis therefor, (c) conform
to the Federal Rules of Bankruptcy Procedure, the Local
Bankruptcy Rules for the Eastern District of Virginia,
and the Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local Bank-

ruptcy Rules 2002-1 and 9013-1 Establishing Certain No-

tice, Case Management, and Administrative Procedures

(Docket No. 0130) (the "Case Management Order"), (d) be

filed with Bankruptcy Court and (e) be served in accor-

dance with the Case Management Order so as to be **re-

ceived** on or before 5:00 p.m. (ET) on the business day

immediately preceding the applicable Sale Hearing.

19.    The failure of any objecting person or

entity to timely file and serve its objection by the ap-

propriate objection deadline or object orally at the ap-

plicable Sale Hearing shall be a bar to the assertion of

any objection to the Motion, the Sale or the Debtors'

transfer of the Leases free and clear of all Interests,

the conduct of the Auction, or the selection of a Suc-

cessful Bidder.

20.    Unless otherwise ordered by the court or

agreed to in writing by the Debtors, by no later than

5:00 p.m. (Pacific time) on April 30, 2009, all Lessors

for Leases rejected under or pursuant to the authority

granted by this Order must file a proof of claim in ac-

cordance with the Bar Date Order and Bar Date Notice,

copies of which are attached hereto as Exhibit 5, only

to the extent such order and notice are not inconsistent with this paragraph.  To the extent there is a discrepancy between the Bar Date Order or the Bar Date Notice and this paragraph, this paragraph shall govern.

21.  Any issues related to a subtenant's rights shall be reserved for the applicable Sale Hearing.

22.  This order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this Order.

23.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

24.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  Richmond, Virginia
        February __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


   **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing order has been en-
dorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley
                              Douglas M. Foley

**EXHIBIT 1**

(Bidding Procedures)

### CIRCUIT CITY STORES, INC.
### LEASE SALE BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City Stores, Inc. ("Circuit City") or certain of its affiliates, including certain affiliated chapter 11 debtors and debtors in possession (together with Circuit City, the "Debtors") in certain unexpired nonresidential real property leases (the "Leases").

On February 3, 2009, the Debtors filed their Motion For Orders Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Sale Motion").  On February __ 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates  And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order").  The Bidding and Rejection Procedures Order set (i) hearing dates for March 3, 2009 and March 13, 2009 or (ii) in each case, such later dates as may be determined by the Bankruptcy Court as the date when the Bankruptcy Court will conduct hearings (each, a "Sale Hearing") to authorize the Debtors to sell, assume, and assign their interests in the Leases.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bids become Qualified Bids (as defined herein), the receipt and negotiation of bids received, the conduct of any subsequent Auctions (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

## Assets To Be Sold

The assets proposed to be sold include the Debtors' interest in the Leases identified in the schedule of Leases attached as Exhibit 2 (the "March Leases") to the Bidding and Rejection Procedures Order.

## "As Is, Where Is"

Any sale, assignment, or other disposition of each of the Leases will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents, or their estates.

## Free Of Any And All Interests

The Debtors shall request language in any order entered at a Sale Hearing providing that all of the Debtors' rights, title and interest in and to the Leases shall be assigned and sold pursuant to sections 365(f) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code") free and clear of all interests, including, without limitation, liens, claims, encumbrances, mortgages, and security interests, which shall attach to the net proceeds received by the Debtors as a result of the Sale with the same force and effect that they now have, subject to the Debtors claims and defenses and further order of the Bankruptcy Court.

## Due Diligence

Each Qualified Bidder (as defined herein) shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the leased premises and to review the Lease(s) and all other pertinent documents with respect to the Lease(s) prior to making its offer and that each such Qualified Bidder relied solely on that review and upon its own investigation and inspection of the leased premises in making its offer, (b) that Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise of the Debtors, their agents or representatives; and (c) that the occupancy of the premises set forth in the Leases may not be available until the completion of any going out of business sale or other sale at the premises.

## **Bid Deadline**

A bidder (the "Bidder" and collectively, the "Bidders") who
desires to make a bid must deliver the Required Bid Documents
(as defined herein) to:

   (a)  Counsel for Debtors,
      (i)  Skadden, Arps, Slate, Meagher & Flom, LLP One
Rodney Square, Wilmington, Delaware 19889, Attn.:
Gregg Galardi, Esq., Fax: (888) 329-3792
(gregg.galardi@skadden.com); and Chris L.
Dickerson, Esq. (chris.dickerson@skadden.com),
Fax: (312) 407-8680, with copies to: Ian S.
Fredericks, Esq., Fax: (888) 329-9475
(ian.fredericks@skadden.com) and T. Kellan Grant,
Esq., Fax: 312.827.9417
(t.kellan.grant@skadden.com); and

      (ii) McGuireWoods LLP, One James Center, 901 East Cary
Street, 40 Richmond, Virginia 23219, Attn.: Doug-
las M. Foley, Esq., Fax: (757) 640-3957
(dfoley@mcguirewoods.com);

   (b)  Circuit City Stores, Inc., 9950 Mayland Drive, Rich-
mond, Virginia 23233, Attn.: Director of Real Estate,
Fax: (804) 527-4866;

   (c)  Counsel to the Official Committee of Unsecured Credi-
tors (the "Committee"), Pachulski Stang Ziehl & Jones
LLP, 10100 Santa Monica Boulevard, 11th Floor, Los An-
geles, California 90067-4100, Attn.: Jeffrey N. Pomer-
antz, Esq., Fax: (310) 201-0760
(jpomerantz@pszjlaw.com);

   (d)  Counsel for the Debtors post-petition lender (the "DIP
Lender"),
      (i)  Riemer & Braunstein LLP, Three Center Plaza, Bos-
ton, Massachusetts 02108, Attn.: David S. Berman,
Esq., Fax: (617) 880-3456 (dberman@riemerlaw.com),
and

      (ii) LeClair Ryan, Riverfront Plaza, East Tower, 951
East Byrd Street, Eighth Floor, Richmond, Vir-
ginia 23219, Attn.: Bruce Matson, Esq., Fax: (804)
783-7269 (bruce.matson@leclairryan.com);

   (e)  The Office of the United States Trustee, 701 East
Broad Street, Suite 4304, Richmond, VA 23219-1888,

3

Attn.: Robert B. Van Arsdale, Esq., Fax. (804) 771-2330 (Robert.B.Van.Arsdale@usdoj.gov); and

(f)   DJM Realty Services, LLC, 445 Broadhollow Road, Suite 225, Melville, New York 11747, Attn: James Avallone, Fax: (631) 752-1231 (javallone@djmrealty.com).

Bids on the March Leases must be sent to the above parties so as to be received not later than **4:00 p.m. (ET) on March 5, 2009** (the "March Bid Deadline"); provided, however, that in the event the Debtors receive a notice that the liquidation agent will be vacating one or more leases (collectively, the "February Leases") on or before February 28, 2009, within one (1) day of receipt of such notice, the Debtors will file a notice identifying the February Leases.  The Bid Deadline for February Leases will be **4:00 p.m. (ET) on February 24, 2009** (the "February Bid Deadline" and, together with the March Bid Deadline, the "Bid Deadlines").  The Debtors may extend the Bid Deadlines once or successively, but are not obligated to do so.

### Bid Requirements

All bids must include the following documents (the "Required Bid Documents"):

(a)   A written offer on Bidder's corporate letterhead (or, if on behalf of Bidder by Bidder's legal counsel, then on Bidder's legal counsel's letterhead) for the purchase of one or more of the Leases that must include: (i) the full name and identity of the proposed assignee of each individual Lease, (ii) the amount being offered for each individual Lease (if more than one Lease) in the form of an allocation schedule, (iii) the intended use of each premises covered by a Lease in Bidder's offer, (iv) adequate assurance of future performance information, including, but not limited to: (a) federal tax returns for two years, a current audited financial statement and/or bank account statements, (b) a description of intended use, and (c) any other information that the Debtors may reasonably request ("Adequate Assurance Information"), and (v) express authorization to provide the Adequate Assurance Information to the applicable lessor(s) (each, a "Lessor") on a confidential basis. Such written offer must also expressly state that if Bidder is the successful Bidder, it is ready, willing, and able to execute an individual Agreement of Assumption and Assignment of Lease(s).

4

(b)   In the case of a real estate broker bidding on a
Lease(s) as agent for a Bidder, the broker must submit
the Required Bid Documents together with a letter of
authorization on Bidder's corporate letterhead, exe-
cuted by an authorized officer of the Bidder, stating
that (i) Bidder exclusively authorizes broker to sub-
mit such offer on behalf of Bidder and that, unless
otherwise agreed to in writing by Debtors, any commis-
sion or fee of any type due and payable to such broker
as a result of an assignment of Lease(s) shall be paid
solely by Bidder and Bidder shall indemnify Debtors,
their estates, the Committee, and the DIP Lender in
this regard, and (ii) Bidder acknowledges that it will
comply with these Bid Procedures.

(c)   In the case of a Lessor bidding on a Lease(s) to which
such Lessor is a party, a written offer on Lessor's
corporate letterhead (or, if on behalf of Lessor by
Lessor's legal counsel, then on Lessor's legal coun-
sel's letterhead) for the purchase of one or more of
the Leases that must include the gross amount offered
for each individual Lease (if more than one Lease) in-
cluding a breakdown identifying that portion which is
payable in cash to the Debtors and that portion, if
any, which is "credit bid".   In the event a Lessor
submits an offer that contemplates a credit bid, such
Lessor may credit bid the Final Cure Amount (as de-
fined in the Bidding and Rejection Procedures Order)
and/or any rejection damages claim; _provided_, that the
Debtors shall have the right to contest any rejection
damages claim on any grounds at the Auction and, in
the Debtors' discretion, ascribe no value to any re-
jection damages claim and limit the amount of the
credit bid to the Final Cure Amount; _provided_, _further_,
Such written offer must expressly state that if the
Lessor is the successful Bidder, it is ready, willing,
and able to execute a reasonable short form of lease
termination or assignment agreement(s), and the extent
to which, if any, it agrees to waive and release any
and all claims it may have against the Debtors, in-
cluding claims pursuant to section 502(b)(6) of the
Bankruptcy Code and the Final Cure Amount.   Notwith-
standing anything to the contrary herein, should the
Debtors contest any portion of or ascribe no value to
the rejection damages claims, such acts shall not af-
fect whether the status of a bid as a Qualified Bid.

(d)  A good faith deposit equal to the greater of 15% of the bid amount or $10,000 (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Debtors in their sole discretion) payable to the order of Circuit City Stores, Inc. (or such other party as the Debtors may determine); _provided_, _however_, that a Lessor bidding on its own Lease is exempt from this requirement.

All written offers must expressly state that the Bidder's offer is (and all offers will be considered to be) irrevocable until the earlier to occur of (i) the Closing (as defined herein) or (ii) forty-five (45) days following the applicable Auction (unless such bid is sooner expressly rejected in writing by the Debtors).

## **Qualified Bids**

A bid will be considered only if the bid:

(a)  is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(b)  includes a commitment to consummate the purchase of the Lease or Leases on or within two business days following the later of (i) the applicable Sale Hearing or (ii) the Sale Termination Date (as defined in the Sale Motion) with respect to such Lease;

(c)  is received by the February Bid Deadline, for February Leases, or the March Bid Deadline, for March Leases;

(d)  is an offer to purchase one or more of the Leases for cash only, except that a Lessor can "credit bid" in accordance herewith; and

(e)  whether submitted by a general bidder, a broker, a Lessor, a subtenant, a Lessor bidding on its own lease, or any and all other bidders, includes a bid equal to or greater than an amount not less than the total Cure Amount ultimately determined by a final order of the Bankruptcy Court or agreement among the Debtors, such bidder, and the applicable Lessor (the "Final Cure Amount").  For

6

the avoidance of doubt, the bid should need in-
clude an amount as the final amount will not be
known at such time.  Rather, such bidder should
include a statement similar to the following: [1]
"In addition to any other consideration contem-
plated by this bid, this bid includes [payment or
waiver] of and [bidder] expressly agrees to [pay
or waive] the Final Cure Amount (as defined in
the "Circuit City Stores, Inc. Lease Sale Bidding
Procedures", as approved by the Bankruptcy
Court."

In addition, to be a Qualified Bid, each Bidder must be
prepared to demonstrate to the Debtors (i) its ability to con-
summate the purchase of the Lease(s), (ii) adequate assurance of
future performance under the Lease(s) and (iii) its ability to
otherwise fulfill its obligations under the Lease(s).

A bid will constitute a Qualified Bid only if it includes
all of the Required Bid Documents and meets all of the above re-
quirements (a "Qualified Bid,"); provided, however, the Debtors
will have the right, in their sole discretion, to entertain bids
for a Lease that do not conform to one or more of the require-
ments specified herein, including defensive bidding by Lessors,
and may deem such bids to be Qualified Bids.  A bidder from
whom the Debtors receive a Qualified Bid will be designated a
"Qualified Bidder".

The February Lease(s) and other pertinent documents will be
available for inspection prior to the February Bid Deadline and
the March Lease(s) and other pertinent documents will be avail-
able for inspection prior to the March Bid Deadline, in each
case during regular business hours or pursuant to arrangements
made with counsel to the Debtors prior to the applicable Bid
Deadline for copies to be delivered to Bidder for inspection.

## Auctions

If the Debtors receive more than one Qualified Bid for a
February Lease or Leases, the Debtors will conduct an auction

---

[1] "Pay" or any variation thereof should be used for all bidders other than a
Lessor bidding on its own Lease.  "Waive" or any variation thereof should
be used for any Lessor bidding on its own Leases.

(the "February Lease Auction") for those February Leases[2] at
10:00 a.m. (ET) on February 26, 2009 at the offices of Skadden,
Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New
York 10036 or such later time or other place as the Debtors may
notify all Qualified Bidders who have submitted Qualified Bids.

If the Debtors receive more than one Qualified Bid for a
March Lease or Leases, the Debtors will conduct an auction for
the Leases covered by such bid(s) on March 10, 2009 (the "March
Lease Auction" and, together with the February Lease Auction,
the "Auctions") for those March Leases at 10:00 a.m. (ET) on
such dates at the offices of Skadden, Arps, Slate, Meagher &
Flom LLP, 4 Times Square, New York, New York 10036 or such later
time or other place as the Debtors may notify all Qualified Bid-
ders who have submitted Qualified Bids.

Each Auction will be conducted in accordance with the fol-
lowing procedures:

Only the Debtors, members of the statutory committee of un-
secured creditors (the "Creditors' Committee"), the lenders un-
der the Debtors' post-petition financing agreement (the "DIP
Lenders"), those Lessors whose Leases are subject to the Auction
(and their legal and financial advisers) and any Qualified Bid-
ders who have timely submitted Qualified Bids for Leases which
are subject to the Auction ("Auction Participants") will be en-
titled to attend the Auction.  Any Auction Participant may re-
quest to attend the Auction telephonically, provided, however,
that the decision to honor such a request will be at the sole
discretion of the Debtors. Only Qualified Bidders will be enti-
tled to make any subsequent Qualified Bids at the Auction.

Immediately prior to the commencement of the Auction, with
respect to the Qualified Bid or combination of Qualified Bids
which the Debtors determine to be the highest or otherwise best
offer for a Lease or Leases subject to that Auction, the Debtors
will provide information as to the identity of such Qualified
Bidder(s) and the purchase price associated with such Qualified
Bid(s) to all Qualified Bidders for that Lease who have informed
the Debtors of their intent to participate in the Auction.  Not-
withstanding such determination, the Debtors reserve the right,
in their sole discretion, to determine which bid, or subsequent
bid, is the Successful Bid (as defined herein), following the

---

[2]   The Debtors reserve the right, in their sole discretion, to conduct a pri-
vate sale for any Lease(s) or withdraw any Lease(s) from the auction proc-
ess.

conclusion of the Auction based upon a number of factors and
other considerations.

In the event the Debtors receive only a single Qualified
Bid for a particular Lease(s), such Lease(s) may (in the Debt-
ors' sole discretion) not be subject to bidding at the Auctions,
and the Debtors may seek to assume and assign such Lease(s) at
the Sale Hearing following the applicable Auction, if such
Qualified Bid is otherwise acceptable to the Debtors. In the
event the Debtors receive multiple Qualified Bids for a particu-
lar Lease, such Lease, unless previously sold, otherwise dis-
posed of or withdrawn, will be offered for sale at the applica-
ble Auction, either in bulk or separately.

A minimum Qualified Bid amount for each Lease may be an-
nounced and/or posted prior to the Auction.  Such minimum Quali-
fied Bid amounts may be established based upon a variety of fac-
tors, including: the highest bids received with respect to a
Lease(s) prior to the Auction and estimated assignment transac-
tion costs so as to make an assignment of a Lease(s) economi-
cally viable. All bidding shall be in increments determined by
the Debtors and their advisors.

All Qualified Bidders who have timely submitted Qualified
Bids will be entitled to be present for all subsequent bids with
the understanding that the true identity of each bidder and the
purchase price of each subsequent bid will be fully disclosed to
all other bidders throughout the entire Auction and put on the
record.

The Debtors may employ and announce at each Auction addi-
tional procedural rules that are reasonable under the circum-
stances for conducting the Auction (e.g., the amount of time al-
lotted to make subsequent bids), provided that such rules are
not inconsistent with these Bidding Procedures, the Bankruptcy
Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules"), the local rules issued by the United States Bankruptcy
Court for the Eastern District of Virginia (the "Local Bank-
ruptcy Rules") or any order of the Bankruptcy Court entered in
connection herewith.

The Debtors intend to sell their interest to the Bidder
making the highest or otherwise best Qualified Bid at the appli-
cable Auction for each Lease.  Formal acceptance of a bid will
not occur unless and until the Court enters an order approving
and authorizing the Debtors to consummate the assumption and as-
signment and Sale of the Lease(s) to such Bidder or its desig-
nated assignee.

9

The Debtors may, in their sole discretion, but are not required to consider any "defensive" bidding by a Lessor bidding after the applicable Bid Deadline to assume, assign and sell or terminate its own Lease.

ALL SALES SHALL BE SUBJECT TO APPROVAL OF THE DEBTORS' DIP LENDERS AND THE BANKRUPTCY COURT.

### Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auctions, or as soon thereafter as practicable, the Debtors, in their sole discretion after consultation with their advisors, the DIP Lenders' advisors and the Creditors' Committee's advisors, will announce for each Lease which bid is the highest or otherwise best bid (the "Successful Bid(s)" and the bidder(s) making such bid, the "Successful Bidder(s)") and which bid is the second highest or otherwise best bid, if any (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)"). The Successful Bidder shall supplement its Good Faith Deposit within one business day so that, to the extent necessary, such Good Faith Deposit equals twenty percent (20%) of the Successful Bid.

The Debtors reserve the right (i) to determine which Qualified Bid, if any, for any or all of the Leases is the highest or otherwise best bid and (ii) to reject, at any time prior to entry of an order of the Bankruptcy Court approving the bid, any bid which the Debtors, in their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or these Bidding Procedures, or (z) contrary to the best interests of the Debtors, their estates and creditors. The Debtors will have no obligation to accept or submit for Court approval any offer presented at the Auctions except such written offers as may have been accepted by the Debtors.

The Debtors will sell the Lease(s) to the Successful Bidder(s) upon the approval of such Successful Bid(s) by the Bankruptcy Court at the applicable Sale Hearing.  The Debtors presentation of a particular Successful Bid to the Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at a Sale Hearing.

## The Sale Hearings

The Sale Hearings will be held before the Honorable Kevin R. Huennekens on March 3, 2009 and March 13, 2009, in each case at 10:00 a.m. (ET) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Debtors' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing.

If the Debtors do not receive any Qualified Bids for a February Lease or Leases by the February Bid Deadline, the Debtors will proceed with the rejection of such February Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order and report the same to the Bankruptcy Court at the Sale Hearing on March 3, 2009. If the Debtors do not receive any Qualified Bids for a March Lease or Leases by the March Bid Deadline, the Debtors will proceed with the rejection of such March Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order and will report the same to the Bankruptcy Court at the Sale Hearing on March 13, 2009.

If the Debtors receive one or more than one Qualified Bid for a February Lease(s), then, at the Sale Hearing on March 3, 2009, the Debtors will seek approval of the Successful Bid for that Lease(s). In the event the Debtors elect to proceed with a Sale to an Alternate Bidder, the Debtors will seek approval of the Successful Bid for that Lease(s) on March 3, 2009, unless a Lessor objects to a hearing on such date. If a Lessor so objects, the Court will fix a subsequent date for a hearing on such Alternate Bid.

If the Debtors receive one or more than one Qualified Bid for a March Lease(s), then, at the Sale Hearing on March 13, 2009, the Debtors will seek approval of the Successful Bid for that Lease(s). In the event the Debtors elect to proceed with a Sale to an Alternate Bidder, the Debtors will seek approval of the Successful Bid for that Lease(s) on March 13, 2009, unless a Lessor objects to a hearing on such date. If a Lessor so objects, the Court will fix a subsequent date for a hearing on such Alternate Bid.

## The Closing

Except as otherwise provided in a written offer that has been accepted by the Debtors, upon approval of the Sale, assumption, and assignment of the Lease to the Successful Bidder by

11

the Bankruptcy Court at a Sale Hearing, the closing (the "Clos-
ing") of the Sale of a Lease shall take place on or within two
business days following the later of (i) the applicable Sale
Hearing or (ii) the Sale Termination Date with respect to such
Lease.  With respect to the Closing, time of performance by the
Successful Bidder is of the essence.

Following approval of the Sale to the Successful Bidder(s),
if the Successful Bidder(s) fail(s) to consummate the Sale be-
cause of: (i) failure of a condition precedent beyond the con-
trol of either the Debtors or the Successful Bidder or (ii) a
breach or failure to perform on the part of such Successful Bid-
der(s), then the Debtors shall retain the Good Faith Deposit as
liquidated damages and the Alternate Bid(s) will be deemed to be
the Successful Bid(s) and the Debtors will be authorized, but
not directed, to effectuate a Sale to the Alternate Bidder(s)
subject to the terms of the Alternate Bid(s) of such Alternate
Bidder(s) without further order of the Bankruptcy Court.

The balance of the purchase price shall be paid by the Suc-
cessful Bidder by wire transfer or an endorsed bank or certified
check at the Closing.

## Return Of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders (except
for the Successful Bidder) for Leases will be held in an escrow
account and all Qualified Bids will remain open (notwithstanding
Bankruptcy Court approval of a Sale pursuant to the terms of one
or more Successful Bids by one or more Qualified Bidders), until
the earlier of (i) two business days following the Closing of
the Sale and (ii) forty-five (45) days following the applicable
Sale Hearing (the "Return Date").  Notwithstanding the foregoing,
the Good Faith Deposit, if any, submitted by the Successful Bid-
der(s), will be applied against the payment of the purchase
price upon Closing of the Sale to the Successful Bidder(s).  If
a Successful Bidder breaches its obligations under the Bidding
And Rejection Procedures Order or any agreement entered into
with respect to its Successful Bid or fails to consummate an ap-
proved Sale because of a breach or failure to perform on the
part of such Successful Bidder, the Debtors will not have any
obligation to return the Good Faith Deposit, and such Good Faith
Deposit will irrevocably become property of the Debtors.  On the
Return Date, the Debtors will return the Good Faith Deposits of
all other Qualified Bidders for Leases, together with the ac-
crued interest thereon.

## Reservations Of Rights

The Debtors (in their sole discretion): (i) may determine
which Qualified Bid, if any, is the highest or otherwise best
bid; (ii) may reject at any time any bid that is: (a) inadequate
or insufficient, (b) not in conformity with the requirements of
the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy
Rules or these Bidding Procedures, or (c) contrary to the best
interests of the Debtors, their estates and creditors as deter-
mined by the Debtors in their sole discretion; and (iii) allow
one or more, but not all, Lessor's to bid "defensively" on its
own Lease at an Auction.

## Miscellaneous Terms of Sale

Unless otherwise indicated by the Debtors at the Auction,
Sales of the Leases shall not include personal property, inven-
tory, fixtures, trade fixtures, or other furnishings or equip-
ment located in the premises whether or not owned by the Debtors.
The Debtors reserve the right either to sell such personal prop-
erty to the Successful Bidder or to any other party, to abandon
any or all of the personal property located at each of the loca-
tions pursuant to the Sale Motion, or to make such other ar-
rangements as may be appropriate.

All sales, transfer and recording taxes, stamp taxes or
similar taxes, if any, relating to the assignment of the Leases
or the sale of personal property of the Debtors in connection
therewith shall be the sole responsibility of the Successful
Bidder and shall be paid to the Debtors at the Closing of each
transaction.

The Debtors, at or before each Auction, may impose or mod-
ify the terms and conditions herein as they determine to be in
the best interests of the Debtors, their estates, creditors and
other parties in interest. The Debtors may revise the procedures
herein without Court approval to enable Qualified Bidders to
submit Qualified Bids for smaller subsets of Leases of a greater
package submitted by such Qualified Bidders, provided no new
Leases are included in such package.

**EXHIBIT 2**

(March Leases)

## Exhibit 2

### March Leases

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 230 | Almaden Plaza Superstore | Almaden Plaza Shopping Center, Inc. |
| 232 | San Mateo Superstore | Concar Enterprises, Inc. |
| 233 | Sunnyvale Superstore | EEL McKee LLC |
| 234 | Hayward Superstore | Hayward 880, LLC |
| 237 | Santa Rosa Superstore | Santa Rosa Town Center LLC |
| 239 | Modesto Superstore | Macerich Vintage Faire, LP |
| 240 | Emeryville Superstore | Regency Centers, LP |
| 241 | Stockton Superstore | Weberstown Mall LLC |
| 242 | Van Ness Superstore | Van Ness Post Center LLC |
| 250 | Elk Grove Superstore | Pappas Gateway LP |
| 251 | Citrus Heights Superstore | Greenback Associates |
| 252 | Arden Way Superstore | ARHO LP |
| 253 | Daly City Superstore | Daly City Partners I LP |
| 255 | Bethlehem Distribution Center | CC - Investors 1995-6 |
| 270 | Las Vegas Superstore | Boulevard Associates |
| 271 | Firecreek Crossing Superstore | Firecreek Crossing Of Reno LLC |
| 272 | Las Vegas II Superstore | Becker Trust, LLC |
| 401 | Hollywood Superstore | CIM/Birch St., Inc. |
| 403 | Santa Monica Superstore | 1251 Fourth Street Investors, LLC |
| 404 | Torrance Superstore | Crown CC 1, LLC |
| 405 | Buena Park Superstore | Coventry II DDR Buena Park Place LP |
| 406 | Pasadena Superstore | Knp Investments |
| 407 | Orange Superstore | Schiffman, Todd I. |
| 408 | Lakewood Superstore | Macerich Lakewood, LLC |
| 409 | San Bernardino Superstore | Rancon Realty Fund Iv Subsidiary LLC |
| 410 | Northridge Superstore | U.K. - American Properties, Inc. |
| 411 | Palmdale Superstore | Amargosa Palmdale Investments, LLC |
| 414 | Laguna Hills Superstore | Krupp Equity LP |
| 416 | Huntington Beach Superstore | Bella Terra Associates LLC |
| 417 | Montclair Superstore | Montclair Plaza LLC |
| 419 | Woodland Hills Superstore | Pacific/Youngman-Woodland Hills |
| 420 | West Covina Superstore | Eastland Shopping Center, LLC |
| 421 | Van Nuys Superstore | 13630 Victory Boulevard LLC |
| 423 | Fresno Superstore | Hallaian Brothers |
| 424 | Bakersfield Superstore | Excel Realty Partners, LP |
| 425 | Montebello Plaza Superstore | Excel Realty Partners, LP |
| 427 | Norwalk Superstore | W&D - Imperial No. 1/Norwalk |
| 428 | La Cienega Superstore | La Cienega-Sawyer, Ltd. |
| 429 | Ventura Superstore | Centro Watt Property Owner I, LLC |
| 432 | National City Superstore | Sweetwater Associates LP |
| 433 | La Mesa Superstore | Nevada Investment Holdings, Inc. |
| 434 | Point Loma Superstore | Ct Retail Properties Finance V LLC |
| 443 | Clairemont Superstore | Clairemont Square |
| 446 | Palos Verdes Superstore | Torrance Towne Center Associates, LLC |
| 450 | Victorville Superstore | Bear Valley Road Partners LLC & Mlantz LLC |
| 505 | Fairview Heights Superstore | OLP CC Fairview Heights, LLC |
| 506 | St. Peters Superstore | National Retail Properties, LP |
| 508 | Irving Superstore | Simon Property Group (Texas), LP |

## Exhibit 2
### March Leases

| Store # | Location Name | Landlord Name |
|---|---|---|
| 509 | Valley View Superstore | WXIII/PWM Real Estate LP |
| 516 | Highland Superstore | KB Columbus I-CC |
| 518 | Pembroke Pines Superstore | The Prudential Insurance Company Of America |
| 519 | Atlantic City Superstore | BFW/Pike Associates, LLC |
| 522 | Two Notch Superstore | GRI-EQY (Sparkleberry Square) LLC |
| 530 | St. Louis (South County) Superstore | OLP CC St.Louis LLC |
| 532 | Chesterfield Commons Superstore | THF Chesterfield Two Development, LLC |
| 533 | St. Louis Mills Mall Superstore | St Louis Mills, LP |
| 535 | Gravois Bluff Superstore | Gravois Bluffs III, LLC |
| 542 | Willowbrook Superstore | Abrams Willowbrook Three LP |
| 543 | Plano Superstore | Parker Central Plaza, Ltd. |
| 544 | South Arlington Superstore | Parks At Arlington LP |
| 545 | Hulen Superstore | WRI  Overton Plaza, LP |
| 546 | Mesquite Superstore | Cole CC Mesquite TX, LLC |
| 567 | Ctr. | Ardmore Development Authority |
| 569 | Cedar Hill Superstore | Inland Western Cedar Hill Pleasant Run LP |
| 570 | Savannah Superstore | Abercorn Common, LLP |
| 571 | Brandon Superstore | Bard, Ervin & Suzanne Bard |
| 576 | Reading Superstore | Berkshire West |
| 589 | Hickory Superstore | Valley Corners Shopping Center LLC |
| 593 | Chesapeake Superstore | Inland American Chesapeake Crossroads LLC |
| 597 | Great Hills Superstore | SPG Arbor Walk, LP |
| 598 | Sunset Valley Superstore | Ritz Motel Company |
| 700 | Cottman Superstore | CC Philadelphia 98, LLC |
| 704 | Waldorf Superstore | Madison Waldorf LLC |
| 711 | King Of Prussia Superstore | Swedesford Shopping Center Acquisition, LLC |
| 725 | State Road Superstore | Blank Aschkenasy Properties, LLC |
| 734 | Cherry Hill Superstore | East Gate Center V, Tenants In Common |
| 743 | Willow Grove Mini-Superstore | Parkside Realty Associates, LP |
| 759 | Barboursville Mini-Superstore | Huntington Mall Company |
| 762 | Charleston Mini-Superstore | THF ONC Development LLC |
| 766 | Daytona Superstore | International Speedway Square, Ltd |
| 784 | Wheaton Superstore | Wheaton Plaza Regional Shopping Center |
| 785 | Annapolis Superstore | William P. Beatson, Jr. & Jerome B. Trout, Jr. |
| 800 | Augusta Superstore | Kir Augusta I 044, LLC |
| 802 | Springfield Superstore | DDR  Southeast Loisdale, LLC |
| 805 | Chesterfield Superstore | Sea Properties I, LLC |
| 814 | Potomac Mills Superstore | Potomac Festival II |
| 815 | Knoxville Superstore | DDRTC T&C LLC |
| 817 | Virginia Beach | CC-Virginia Beach, LLC |
| 820 | Greensboro Superstore | DDR-SAU Wendover Phase II, LLC |
| 823 | Spartanburg Superstore | Westgate Village, LLC |
| 824 | Largo Superstore | Capital Centre, LLC |
| 827 | Hoover Superstore | Aig Baker Hoover, LLC |
| 828 | Tampa Superstore | DDRTC Walks At Highwood Preserve I LLC |
| 830 | Winston-Salem Superstore | Drexel Delaware Trust |
| 831 | Gastonia Superstore | National Retail Properties, Inc. |
| 832 | Pensacola Superstore | HK New Plan EPR Property Holdings LLC. |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---|---|---|
| 835 | Roanoke Superstore | Valley View S.C., LLC |
| 836 | Glen Burnie Superstore | Saul Holdings, LP |
| 837 | Orlando South Superstore | DDRM Skyview Plaza LLC |
| 838 | Orlando Central Superstore | Weingarten Nostat, Inc. |
| 839 | Orlando North Superstore | Altamonte Springs Real Estate Associates, LLC |
| 840 | Raleigh Superstore | Glenmoor LP |
| 845 | Independence Superstore | DDRTC Sycamore Commons LLC |
| 846 | Gaithersburg Superstore | Federal Realty Investment Trust |
| 848 | North Ft. Lauderdale Superstore | 19Th Street Investors, Inc. |
| 849 | Dadeland Superstore | Kendall-77, Ltd. |
| 850 | Durham Superstore | Durham Westgate Plaza Investors, LLC. |
| 851 | Chattanooga Superstore | Bond-Circuit VIII Delaware Business Trust |
| 852 | Fayetteville Superstore | Fayetteville Developers LLC |
| 854 | Baltimore 40 West Superstore | Estate Of Joseph Y. Einbinder |
| 855 | Huntsville Superstore | NP Huntsville Limited Liab Co |
| 856 | Mobile Superstore | 3725 Airport Boulevard, LP |
| 857 | Dale Mabry Superstore | VNO Tru Dale Mabry, LLC |
| 859 | Aventura Superstore | Promventure LP |
| 861 | Hialeah Superstore | Palm Springs Mile Associates, Ltd. |
| 862 | West Palm Beach Super Superstore | Bond-Circuit IV Delaware Business Trust |
| 863 | Coral Springs Superstore | Kite Coral Springs, LLC |
| 865 | Greenville Superstore | Crosspointe 08 A LLC |
| 866 | Rockville Superstore | Congressional North Associates LP |
| 867 | Lakeland Superstore | RLV Village Plaza LP |
| 868 | Charleston Superstore | Kimco Realty Corporation |
| 871 | The Commons Superstore | New Plan Of Memphis Commons, LLC |
| 876 | St. Petersburg Superstore | Northwoods LP |
| 877 | St. Matthews Superstore | Shelbyville Road Plaza LLC |
| 878 | Florence Superstore | OLP CC Florence LLC |
| 888 | South Boulevard Superstore | Dim Vastgoed, N.V. |
| 890 | Baileys Crossroads Superstore | RREEF America Reit II Corporation Mm |
| 891 | Clearwater Superstore | CHK, LLC |
| 892 | Jacksonville Superstore | Mibarev Development I LLC |
| 896 | Columbia Mini-Superstore | DDRTC Columbiana Station I LLC |
| 897 | Bradenton Superstore | DDR Southeast Cortez, LLC |
| 910 | Tri-County Superstore | Jubilee-Springdale, LLC |
| 913 | Port Richey Superstore | Kir Piers 716 LLC |
| 921 | Asheville Superstore | DDR MDT Asheville River Hills |
| 922 | Ft. Myers Superstore | Jaffe Of Weston II Inc. |
| 949 | Allentown Superstore | Dowel-Allentown, LLC |
| 1600 | Harrisonburg Superstore | THF Harrisonburg Crossings, LLC |
| 1601 | Fredericksburg Superstore | Central Park 1226, LLC |
| 1602 | Tyler Micro-Superstore | M & M Berman Enterprises |
| 1607 | Jacksonville Mini-Superstore | CC Investors 1995-1 |
| 1608 | Wilmington Mini-Superstore | CC - Investors 1996-3 |
| 1609 | Winchester Superstore | LLC |
| 1614 | Redding Mini-Superstore | BPP-Redding LLC |
| 1616 | Anderson Mini-Superstore | Bond-Circuit II Delaware Business Trust |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 1618 | Monterey Mini-Superstore | Bond-Circuit XI Delaware Business Trust |
| 1645 | Salisbury Micro-Superstore | Centro Heritage Innes Street LLC |
| 1681 | Albany Mini-Superstore | Sherwood Properties, LLC |
| 1683 | Altoona Micro-Superstore | Sierra North Associates LP |
| 1687 | Houma Superstore | Inland Western Houma Magnolia, LLC |
| 1693 | State College Superstore | Colonnade, LLC |
| 1695 | Victor Mini-Superstore | MSF Eastgate-I, LLC |
| 3100 | West Broad "The City" Superstore | Circuit Investors #3, LP |
| 3103 | Oxford Valley Superstore | LInc.oln Plaza Associates, LP |
| 3104 | Lawrenceville Superstore | Farmingdale-Grocery, LLC |
| 3106 | Southpark Superstore | Colonial Heights Holding, LLC |
| 3108 | Portland Mini-Superstore | Basile Limited Liability Company |
| 3111 | Schaumburg Superstore | Developers Diversified Realty Corporation |
| 3112 | Yorktown Superstore | Circuit Investors - Yorktown, LP |
| 3113 | Ford City Superstore | Bedford Park Properties, LLC |
| 3120 | North Riverside Superstore | Cermak Plaza Associates, LLC |
| 3121 | Naperville Superstore | Centro Watt |
| 3125 | Bloomingdale Superstore | Simon Prop. Grp (Il) LP |
| 3126 | Orland Hills Superstore | Orland Town Center Shopping Center |
| 3127 | Gurnee Mills Superstore | Mall At Gurnee Mills, LLC |
| 3128 | Merrillville Superstore | CC Merrillville Trust |
| 3129 | Algonquin Superstore | Inland Commercial Property Management, Inc. |
| 3131 | Lincoln Park Superstore | Chicago |
| 3133 | Burnsville Superstore | Tanurb Burnsville, LP |
| 3134 | Rosedale Superstore | TSA Stores, Inc. |
| 3135 | Woodbury Mini-Superstore | Tamarack Village Shopping Center, LP |
| 3136 | Southdale Superstore | DJD Partners II |
| 3137 | Maplewood Superstore | CCI Trust 1994-I; Lloyd Draper - Trustee |
| 3139 | Ridgedale Superstore | Priscilla J. Rietz, LLC |
| 3140 | St. Cloud Superstore | St. Cloud Associates |
| 3141 | Newington Superstore | Daniel G. Kamin, And Howard Kadish, LLC |
| 3142 | Buckland Hills Superstore | BPP-Conn LLC |
| 3143 | Milford/Orange Superstore | Milford Crossing Investors LLC |
| 3144 | North Haven Superstore | Iannucci Development Corporation |
| 3146 | East Springfield Superstore | Basser - Kaufman 222, LLC |
| 3147 | Binghamton Superstore | Parkway Plaza LLC |
| 3149 | Utica Micro-Superstore | Sangertown Square LLC |
| 3150 | Carousel Center Superstore | Carousel Center Company, LP |
| 3151 | Cheektowaga Superstore | DDR Mdt Union Consumer Square, LLC |
| 3152 | Amherst Superstore | Amherst Industries, Inc. |
| 3153 | Hamburg Micro-Superstore | C.C. Hamburg NY Partners, LLC |
| 3154 | Greece Superstore | Greece Ridge, LLC |
| 3157 | Christiana Superstore | Preit Services, LLC |
| 3158 | Wilmington/Concord Superstore | Woodland Trustees, Inc. |
| 3159 | Holyoke Superstore | Holyoke Crossing LP II |
| 3160 | Albany Superstore | Necrossgates Commons Newco, LLC |
| 3164 | Salisbury Mini-Superstore | Mayfair - MDCC Business Trust |
| 3166 | Bel Air Superstore | Bel Air Square LLC |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 3167 | Peoria/Westlake Superstore | Westlake LP |
| 3168 | Bloomington Mini-Superstore | Bond C. C. V Delaware Business Trust |
| 3169 | Springfield Il Superstore | Magna Trust Company, Trustee |
| 3170 | Champaign Superstore | Bond C.C. III Delaware Business Trust |
| 3175 | Brookfield Superstore | Continental 64 Fund LLC |
| 3176 | Southridge Superstore | Dentici Family LP |
| 3177 | Racine Superstore | Southland Center Investors, LLC |
| 3184 | Madison West Superstore | CC Madison, LLC |
| 3185 | Madison East Superstore | Cardinal Court, LLC |
| 3186 | South Bend Superstore | St Indian Ridge LLC |
| 3187 | Canton Superstore | HK New Plan Exchange Property Owner II, LP |
| 3192 | Greenwood Mini-Superstore | Greenwood Point LP |
| 3193 | Castleton Superstore | American National Insurance Company |
| 3194 | Columbus In Superstore | Inland Western Columbus Clifty, LLC |
| 3197 | Poughkeepsie Superstore | BPP-NY LLC |
| 3198 | Rockford Superstore | Bond C.C. II Delaware Business Trust |
| 3200 | Columbus Superstore | AVR CPC Associates, LLC |
| 3203 | Sarasota Superstore | Circuit Investors #2 Ltd. |
| 3204 | Ft. Walton Mini-Superstore | HK New Plan Covered Sun, LLC |
| 3205 | Naples Superstore | Community Centers One LLC |
| 3206 | Lafayette Superstore | CC Lafayette, LLC |
| 3207 | West Dade Superstore | Wal-Mart Stores East, LP |
| 3212 | Abilene Mini-Superstore | Novogroder/Abilene, LLC |
| 3215 | Wichita West Superstore | Bldg Retail 2007 LLC & Netarc LLC |
| 3217 | Springfield Mo Superstore | WEC 96D Springfield-1 Investment Trust |
| 3218 | Gateway Mall Superstore | WEA Gateway LLC |
| 3219 | Columbia Superstore | Columbia Plaza Shopping Center Venture |
| 3227 | Cary Mini-Superstore | DDR Southeast Cary LLC |
| 3233 | San Felipe Superstore (Galleria) | 610 & San Felipe, Inc. |
| 3234 | Ocala Mini-Superstore | AWE-Ocala, Ltd. |
| 3237 | Boynton Beach Superstore | Agree LP |
| 3238 | Shreveport Superstore | Hart Kings Crossing, LLC |
| 3241 | Jensen Beach Mini-Superstore | RLV Vista Plaza LP |
| 3242 | Greenville Mini-Superstore | Centro Heritage UC Greenville LLC |
| 3246 | Myrtle Beach Superstore | Myrtle Beach Farms Company, Inc. |
| 3247 | Superstore | Johnson City Crossing (Delaware)LLC |
| 3249 | Sawgrass Super Superstore | Sunrise Plantation Properties LLC |
| 3253 | Woodlands Superstore | Amreit, Texas Real Estate Investment Trust |
| 3254 | Sugar Land Superstore | Inland Western Sugar Land Colony LP |
| 3255 | Slidell Micro-Superstore | HV Covington, LLC |
| 3262 | Wichita Falls Micro-Superstore | CC Wichita Falls 98 Trust |
| 3263 | Round Rock Superstore | La Frontera Village, LLC |
| 3264 | Frisco Superstore | Teachers Insurance & Annuity Assoc.Of Amer. |
| 3269 | Citrus Park Superstore | Citrus Park CC LLC |
| 3270 | Gulfport Micro-Superstore | DDR Crossroads Center LLC |
| 3274 | Lake Charles Micro-Superstore | WEC 99-3 LLC |
| 3281 | Rome Superstore | DDR Southeast Rome LLC |
| 3283 | Dothan Superstore | DDR Southeast Dothan Outparcel, LLC |

**Exhibit 2**
**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 3284 | Hattiesburg Superstore | SM Newco Hattiesburg, LLC |
| 3285 | Mall At Turtle Creek Superstore | Turtle Creek Partners LLC |
| 3289 | Merritt Island Mini-Superstore | Galleria Partnership |
| 3302 | Palm Desert Superstore | PRU Desert Crossing V, LLC |
| 3304 | Tucson Oracle Superstore | Weingarten Realty Investors |
| 3305 | Tucson Superstore | K-Gam Broadway Craycroft LLC |
| 3306 | Visalia Mini-Superstore | Save Mart Supermarkets |
| 3307 | Albuquerque Superstore | Southwestern Albuquerque, LP |
| 3309 | Newport Beach Superstore | The Irvine Company LLC |
| 3310 | Valencia Superstore | Valencia Marketplace I, LLC |
| 3311 | Rancho Cucamonga Superstore | Diamond Square LLC |
| 3313 | Irvine Superstore | The Irvine Company LLC |
| 3315 | Gateway Superstore | Mayfair - MDCC Business Trust |
| 3316 | Jantzen Beach Superstore | Jantzen Dynamic Corporation |
| 3317 | Everett Mini-Superstore | Orion Alliance Group, LLC |
| 3318 | Lynwood Superstore | FGLP Company |
| 3319 | Bellevue Superstore | Terranomics Crossroads Associates |
| 3321 | Tacoma Mall Mini-Superstore | Intergrated Real Estate Services LLC |
| 3322 | Chico Mini-Superstore | Chico Crossroads LP |
| 3323 | Washington Green Superstore | Washington Green TIC |
| 3324 | Clackamas Superstore | Marco Portland GP |
| 3326 | Bellingham Superstore | Meridian Village, LLC |
| 3327 | Carmel Mountain Superstore | Pacific Carmel Mountain Holdings LP |
| 3329 | Encinitas Superstore | Encinitas PFA, LLC |
| 3331 | Northside Mini-Superstore | Larry J. Rietz, MP, LLC |
| 3332 | Eugene Superstore | Garden City Center |
| 3333 | Medford Micro-Superstore | Kimco Pk LLC |
| 3334 | Boise Towne Plaza Superstore | Boise Towne Plaza LLC |
| 3336 | South Center Superstore | Gladwyne Investors, LP |
| 3338 | Olympia Superstore | DDR Southeast Olympia Dst |
| 3339 | Westminster Superstore | Excel Westminster Marketplace, Inc. |
| 3340 | Colorado Springs Superstore | CC Springs, LLC |
| 3342 | Silverdale Mini-Superstore | Silverdale K-Four |
| 3343 | Denver Superstore | CC-Investors 1997-4 |
| 3344 | Aurora Superstore | Cole CC Aurora Co, LLC |
| 3345 | Highlands Ranch Superstore | DDR Southeast Highlands Ranch, LLC |
| 3346 | Southwest Plaza Superstore | CCC Realty, LLC |
| 3347 | Lakewood/Homestead Superstore | Ten Pryor Street Building, Ltd. |
| 3348 | Boulder Mini-Superstore | JWC/Loftus LLC |
| 3349 | Ogden Superstore | DDR Family Centers LP |
| 3350 | Sugarhouse Superstore | CC Investors 1996-10 |
| 3351 | Fort Union Superstore | Fourels Investment Company, The |
| 3352 | Orem Superstore | Boyer Lake Pointe, Lc |
| 3353 | Jordan Landing Superstore | Plaza At Jordan Landing LLC |
| 3360 | Culver City Superstore | DDR Southeast Culver City Dst |
| 3361 | Glendale Superstore | Alameda Associates |
| 3364 | Fullerton Superstore | Orangefair Marketplace, LLC |
| 3365 | Henderson Superstore | Hip Stephanie, LLC |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 3366 | Ponce Mall "The City" Superstore | Plaza Las Americas, Inc. |
| 3369 | San Patricio "The City" Superstore | Caparra Center Associates, S.E. |
| 3372 | Aercibo Superstore | DDR Norte LLC, S.E. |
| 3373 | Long Beach Superstore | CP Venture Two LLC |
| 3375 | Roseville Superstore | Kobra Properties |
| 3376 | Ft. Collins Mini-Superstore | Generation H One And Two LP |
| 3377 | Idaho Falls Micro-Superstore | Ammon Properties LC |
| 3378 | Cottonwood Superstore | Cottonwood Phase V LLC |
| 3379 | Grand Junction Micro-Superstore | CC Grand Junction Investors 1998, LLC |
| 3381 | Pueblo Micro-Superstore | Eagleridge Associates (Pueblo) LLC |
| 3382 | Valley Mall Mini-Superstore | Hanson Industries, Inc. |
| 3390 | Thornton Superstore | Site A LLC |
| 3401 | Temecula Mini-Superstore | Inland Western Temecula Commons LLC |
| 3403 | Port Charlotte Mini-Superstore | Hudson Realty Trust, Hersom Realty Trust, Lorimar Realty Trust |
| 3405 | Boca Raton Superstore | Uncommon Ltd. |
| 3409 | Avenues Superstore | Property Management Support Inc. |
| 3418 | Sanford Superstore | WRI Seminole Marketplace, LLC |
| 3425 | NW Las Vegas Superstore | Centennial Holdings LLC |
| 3502 | Exchange Plaza Superstore | Inland Western San Antonio HQ, LP |
| 3504 | Corpus Christi Superstore | South Padre Drive LP |
| 3505 | North Richland Superstore | KRG Market Street Village LP |
| 3512 | Mcallen Superstore | Daniel G. Kamin McAllen LLC |
| 3513 | Brownsville Superstore | Pacific Harbor Equities LLC |
| 3514 | Amarillo Superstore | Kir Amarillo LP |
| 3516 | Southlake Superstore | Inland Western Southlake Corners, LP |
| 3518 | Raleigh Superstore | Plantation Point Development, LLC |
| 3520 | Northshore Superstore | Circuit Sports, LP |
| 3522 | Garland Superstore | Simon Property Group Texas LP |
| 3525 | Wellington Superstore | Cedar Development, Ltd |
| 3527 | Silverlake Superstore | PrInc.ipal Real Estate Holding Co., LLC |
| 3529 | Exton Superstore | Main Street At Exton, LP |
| 3549 | Short Pump Superstore | Short Pump Town Center LLC |
| 3550 | Greenville Point Superstore | DDR-SAU Greenville Point, LLC |
| 3554 | Bainbridge Superstore | Bainbridge Shopping Center II LLC |
| 3556 | Whitman Square Superstore | Boulevard North Associates, LP |
| 3560 | Spring Hill Superstore | Coastal Way, LLC |
| 3561 | Millenia Mall Superstore | Cameron Group Associates, LLP |
| 3562 | Concord Mills Superstore | Concord Mills LP |
| 3569 | Midtown Miami Superstore | DDR Miami Ave LLC |
| 3570 | Hyattsville Superstore | PrInc.e George'S Station Retail, LLC |
| 3572 | Polaris Superstore | Polaris Circuit City LLC |
| 3576 | Lake Worth Superstore | Inland Western Lake Worth Towne Crossing |
| 3577 | Rockwall Superstore | Rockwall Crossing, Ltd |
| 3579 | Meyerland Superstore | Meyerland Plaza (DE) LLC |
| 3581 | Stapleton Superstore | Stapleton North Town, LLC |
| 3582 | La Quinta Superstore | CC La Quinta LLC |
| 3584 | New Braunfels Superstore | Sinay Family LLC And Trust |
| 3586 | Santa Margarita Superstore | Tis Equities IX LLC |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 3587 | Bethlehem Superstore | Morris Bethlehem Associates, LP |
| 3588 | Southpark Meadows Superstore | Inland Western Austin Southpark Meadows II LP |
| 3589 | Southaven Superstore | Southaven Center II, LLC |
| 3590 | Meriden Superstore | Galileo Northeast, LLC |
| 3591 | Warrington Superstore | Village Square I, LP |
| 3592 | Colony Place Superstore | Colony Place Plaza, LLC |
| 3595 | Waterford Lakes Superstore | Deno P Dikeou |
| 3597 | Apex Superstore | DDR/1st Carolina Crossings South, LLC |
| 3599 | South Bay Superstore | E&A Northeast LLC |
| 3601 | North Attleboro Superstore | North Attleboro Marketplace II, LLC |
| 3602 | Millbury Superstore | Route 146 Millbury LLC |
| 3603 | Ann Arbor Mini-Superstore | Amcap Arborland LLC |
| 3614 | Sawmill Mini-Superstore | Plazamill Limited Partnershp |
| 3615 | Easton Superstore | CC-Investors 1997-12 |
| 3616 | Brice Superstore | Benenson Columbus - OH Trust |
| 3617 | West Mifflin (Century) Superstore | Inland Western West Mifflin Century III DST |
| 3618 | Monroeville Superstore | WMI/MPI Business Trust |
| 3619 | Ross Park Superstore | Cofal Partners, LP |
| 3622 | Fields-Ertel Road Superstore | Hartman 1995 Ohio Property Trust |
| 3624 | Northtown Superstore | BL-NTV I, LLC |
| 3625 | Schererville Superstore | The Shoppes At Schererville, LLC |
| 3626 | Niles Superstore | Howland Commons Partnership |
| 3627 | Arundel Mills Superstore | Arundel Mills Marketplace LP |
| 3628 | Frederick Mini-Superstore | CC Frederick 98, LLC |
| 3629 | Boardman Superstore | Bond-Circuit V Delaware Business Trust |
| 3632 | Grand Rapids Superstore | BG Walker, LLC |
| 3633 | 28Th Street Superstore | Wilmington Trust Company |
| 3634 | Kalamazoo Superstore | Southland Acquisitions, LLC |
| 3638 | Hagerstown Superstore | Washington RE Investment Trust |
| 3639 | Oyster Point Superstore | Lea Company |
| 3640 | Greenbrier Superstore | Crossways Financial Associates, LLC |
| 3641 | Keene Superstore | MB Keene Monadnock, LLC |
| 3645 | Laredo Superstore | Laredo/Mdn II LP |
| 3648 | Augusta Marketplace Mini-Superstore | Interstate Augusta Properties, LLC |
| 3654 | Appleton Superstore | WEC 96D Appleton-1 Investment Trust |
| 3659 | Leesburg Superstore | Battlefield FE LP |
| 3662 | Trumbull Superstore | Trumbull Shopping Center #2 LLC |
| 3663 | Gateway Mini-Superstore | Gateway Center Properties III, LLC |
| 3664 | Atlantic Center Mini-Superstore | Atlantic Center Fort Greene Associates, LP |
| 3666 | Parkersburg Mini-Superstore | 601 Plaza, LLC |
| 3668 | Danbury Mini-Superstore | Forecast Danbury LP |
| 3669 | East Brunswick Superstore | Vornado Finance, LLC |
| 3670 | Eatontown Superstore | 36 Monmouth Plaza LLC |
| 3672 | Westbury Super Superstore | W&S Associates, LP |
| 3674 | Hicksville Superstore | Ricmac Equities Corporation |
| 3675 | Greeley Superstore | Greeley Shopping Center, LLC |
| 3677 | Lady Lake Superstore | TMW Weltfonds Rolling Acres Plaza |
| 3679 | Union Square Superstore | OTR |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---|---|---|
| 3680 | 80th & Broadway Mini-Superstore | Friedland, Lawrence And Melvin |
| 3682 | Middletown Mini-Superstore | CC-Investors 1997-10 |
| 3684 | Paramus Superstore | Faber Bros., Inc. |
| 3686 | Rego Park/Queens Superstore | Alexander'S Of Rego Park Center, Inc. |
| 3687 | Ledgewood Mini-Superstore | Acadia Realty LP |
| 3688 | Bergen Superstore | FC Treeco Columbia Park, LLC |
| 3689 | Somerville Superstore | Enid Two, LLC |
| 3690 | Norwalk Superstore | 444 Connecticut Avenue LLC |
| 3691 | Staten Island Superstore | FC Richmond Associates, LP |
| 3692 | Bricktown Mini-Superstore | Brick 70, LLC |
| 3693 | Union Superstore | DDR Southeast Union, LLC |
| 3694 | Valley Stream Mini-Superstore | Green Acres Mall, LLC |
| 3695 | Wayne Superstore | Star Universal, LLC |
| 3696 | White Plains Superstore | LC White Plains Retail, LLC |
| 3697 | Whitestone Superstore | Whitestone Development Partners A, LP |
| 3698 | Woodbridge Superstore | FC Woodbridge Crossing, LLC |
| 3699 | Yonkers Superstore | AAC Cross County Leasehold Owner, LLC |
| 3700 | Cortlandt Mini-Superstore | Cortlandt B., LLC |
| 3701 | Ft. Wayne Mini-Superstore | Coldwater Development, LLC |
| 3702 | Terre Haute Micro-Superstore | Northern Trust Bank Of California N.A. |
| 3706 | Harrisburg East Superstore | PRGL Paxton, LP |
| 3707 | Lancaster Superstore | Red Rose Commons Condominium Association |
| 3708 | York Superstore | Meadowbrook Village LP |
| 3710 | Robinson Mini-Superstore | Stor-All New Orleans, LLC |
| 3711 | Muskegon Superstore | Heritage-Lakes Crossing, LLC |
| 3713 | Holland Micro-Superstore | Geenen Dekock Properties, LLC |
| 3720 | Harrisburg West Superstore | Bond-Circuit IX Delaware Business Trust |
| 3721 | Sterling Superstore | Potomac Run, LLC |
| 3724 | Saugus Superstore | Saugus Plaza Associates |
| 3725 | Dover "The City" Superstore | Cohab Realty LLC |
| 3731 | Bay Ridge Superstore | 502-12 86Th Street, LLC |
| 3732 | Williston Mini-Superstore | Taft Corners Associates, Inc. |
| 3735 | Tysons Corner West Superstore | Tysons 3, LLC |
| 3736 | Puyallup Superstore | The Cafaro Northwest Partnership |
| 3738 | Vineland Superstore | Goodmill, LLC |
| 3742 | Clarksburg Micro-Superstore | THF Clarksburg Development One |
| 3743 | Maple Grove Superstore | Kimco Arbor Lakes S.C., LLC |
| 3744 | Erie Mini-Superstore | GS Erie LLC |
| 3746 | Johnstown Superstore | Richland Town Centre, LLC |
| 3752 | VA Center Commons Superstore | DDRTC Creeks At Virginia Center LLC |
| 3754 | Kennewick Superstore | Karns Real Estate Holdings II, LLC |
| 3764 | Phillipsburg Superstore | Inland US Management, LLC |
| 3767 | Brentwood Superstore | Pace-Brentwood Partners, LLC |
| 3768 | Leominster Superstore | Walton Whitney Investors V, LLC |
| 3769 | Concord Superstore | GGP-Steeplegate, Inc. |
| 3770 | Taunton Superstore | Cole CC Taunton Ma, LLC |
| 3771 | Folsom | Broadstone Crossing LLC |
| 3779 | Enfield Superstore | Galileo Freshwater/Stateline, LLC |

## Exhibit 2

### March Leases

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 3780 | Hamburg Superstore | Sir Barton Place, LLC |
| 3783 | Plymouth Meeting Superstore | Dowel Conshohocken LLC |
| 3792 | Mchenry Superstore | Advance Real Estate Management, LLC |
| 3797 | Grandville Marketplace Superstore | DDR Mdt Grandville Marketplace LLC |
| 3810 | Harlingen Tx Superstore | Mall At Valle Vista, LLC |
| 3815 | Katy Mills "The City" Superstore | Katy Mills Mall LP |
| 3831 | Market Square Shopping Center | 700 Jefferson Road II, LLC |
| 3832 | Township Marketplace Superstore | DDR Mdt Monaca Township Marketplace LLC |
| 3844 | Fairfax "The City" | DDR Mdt Fairfax Towne Center LLC |
| 3845 | Deptford Landing Superstore | AIG Baker Deptford, LLC |
| 3846 | East Chase Superstore | Eastchase Market Center, LLC |
| 3847 | Midtown Village Superstore | Carlyle-Cypress Tuscaloosa I, LLC |
| 3848 | Boranda Superstore | T And T Enterprises LP |
| 3849 | Norridge Commons Superstore | Irving Harlem Venture, LP |
| 3850 | Promenade "The City" Superstore | FC Janes Park, LLC |
| 3852 | Superstore | Donahue Schriber Realty Group, L.P |
| 3853 | Target Center Superstore | Knoxville Levcal LLC |
| 3854 | Parkdale Superstore | Parkdale Mall Associates LP |
| 3855 | Sun Land Superstore | CDP Falcon Sunland Plaza LP |
| 3856 | Baybrook Superstore | NP/SSP Baybrook, LLC |
| 3857 | Deerbrook "The City" Superstore | Deerbrook Anchor Acquisition LLC |
| 3858 | San Antonio "The City" | SWQ 35/Forum, Ltd |
| 3859 | Ashwaubenon Superstore | Palmetto Investors, LLC |
| 3862 | Brockton Superstore | Ray Mucci's, Inc. |
| 3864 | Manhattan Broadway At 66th Street | 1965 Retail LLC |
| 3878 | Brea "The City" | FW CA Brea Marketplace LLC |
| 3882 | Kileen Tx -Superstore | Market Heights, Ltd |
| 3883 | Lycoming Crossing | VIWY, LP |
| 4101 | Montgomeryville Superstore | Circuit PA Corporation |
| 4105 | Dickson City Mini-Superstore | Centro Properties Group |
| 4106 | Wilkes-Barre Superstore | VNO Mundy Street LLC |
| 4110 | Danvers Superstore | 4 Newbury Danvers LLC |
| 4111 | Somerville Superstore | I-93 Somerville LLC |
| 4112 | Burlington Superstore | Daniel G. Kamin Burlington LLC |
| 4113 | Seekonk Superstore | Seekonk Equities Inc. |
| 4114 | Cranston Superstore | Gateway Woodside, Inc. |
| 4115 | Nashua Superstore | Dicker/Warmington Properties |
| 4116 | Portsmouth Superstore | Dicker/Warmington Properties |
| 4119 | Braintree Superstore | Briantree Property Assoc LP |
| 4120 | Salem Superstore | Trustees Of Salem Rockingham, LLC |
| 4121 | Natick Superstore | Baker Natick Promenade LLC |
| 4122 | Hanover Mini-Superstore | Walton Hanover Investors V, LLC |
| 4123 | Dartmouth Mini-Superstore | Dartmouth Marketplace Associates |
| 4124 | Manchester Superstore | Dicker/Warmington Properties |
| 4130 | Kissimmee Superstore | Loop West, LLC |
| 4131 | Manteca Superstore | Manteca Stadium Park LP |
| 4132 | Turlock Superstore | Monte Vista Crossings, LLC |
| 4134 | Towson "The City" Superstore | Towson Vf LLC |

**Exhibit 2**

**March Leases**

| Store # | Location Name | Landlord Name |
|---------|---------------|---------------|
| 4135 | Metairie Superstore | BBD Rosedale, LLC |
| 4136 | Pine Island Superstore | NAP Northpoint LLC |
| 4139 | Signal Hill Superstore | Signal Hill Gateway LLC |
| 4143 | Gloucester Superstore | Town Square Plaza |
| 4144 | Chambersburg Superstore | Chambersburg Crossing, LP |
| 4147 | Knoxville  TN - Micro Superstore | Hamilton Crossing I LLC |
| 4150 | Pasadena Superstore | Fairway Centre Associates, LP |
| 4176 | Monrovia Superstore "The City" | Monrovia Marketplace LLC |
| 4179 | Vacaville | TKG Coffee Tree LP |
| 4201 | Melbourne Superstore | Melbourne-Jcp Associates, Ltd |
| 4202 | Norfolk "The City" Superstore | Janaf Crossings, LLC |
| 4212 | 5th Avenue "The City" Superstore | Green 521 5Th Avenue, LLC |
| 4232 | Fort Myers Cypress Lakes "The City" | Colonial Square Associates, LLC |
| 4233 | Sebring Superstore | Sebring Retail Associates, LLC |
| 4242 | Rossmoor Center Superstore | Rossmoor Shops LLC |
| 4247 | Denton Superstore | Panattoni Development Co., LLC |
| 4249 | Port Arthur Superstore | Port Arthur Holdings III, Ltd. |
| 4256 | Mt. Pleasant Superstore | Developers Diversified Realty Corporation |
| 4261 | Southern Tier Crossings Superstore | DDR Horseheads LLC |
| 4271 | Foxboro Superstore | NPP Development, LLC |
| 4272 | Amherst Superstore | Berkshire-Amherst, LLC |
| 4275 | Sarasota  FL "The City" | RB-3 Associates |
| 4276 | Port St Lucie "The City" | Benderson Properties & Donald Robinson |
| 4302 | Eastridge Superstore | Eastridge Shopping Center LLC |
| 4305 | Burbank Superstore | Burbank Mall Associates, LLC |
| 4307 | Prattville Superstore | Prattcenter, LLC |
| 4308 | Westbank Superstore | Team Retail Westbank, Ltd |
| 4313 | La Habra | La Habra Imperial LLC |
| 4317 | Power And Barnes Superstore | Barnes And Powers North LLC |
| 4320 | Cleveland "The City" Superstore | Cleveland Towne Center LLC |
| 4321 | Richmond White Oak Superstore | Forest City Commercial Group, LLC |
| 4336 | Torrington "The City" Superstore | Torrington Triplets LLC |
| 4502 | Lewisville Superstore | Inland Western Lewisville Lakepointe LP |
| 4503 | Loop 410 Superstore | Bb-LInc.oln-Us-Properties, LP |
| 4505 | Little Rock 2 West Superstore | CCI Trust 1994-I; Lloyd Draper - Trustee |
| 4506 | North Little Rock Superstore | CCI Trust 1994-I; Lloyd Draper - Trustee |
| 4507 | Santa Cruz Mini-Superstore | Redtree Properties, LP |
| 4508 | El Paso East Superstore | A.D.D. Holdings, LP |
| 4510 | Lubbock Superstore | M & M Berman Enterprises |
| 9103 | Circuit City Corporate HQ (Dr3) | Inland Western Richmond Mayland, LLC |
| 9180 | Chicago Division Office (#0051) | Meacham Business Center, LLC |
| 00406A | Pasadena Roadshop/Parking Lot | Rossiter, Ronald D. & Barbara M. |
| 00830A | Winston-Salem (Add'l land) | W/S Stratford, LLC |
| 03158A | Wilmington Overflow Parking | Wilmington Trust Company |
| 03202A | Gainesville Sign Lease | Gainesville Outdoor Advertising, Inc. |
| 03682A | Middletown Sign Lease | Barberio, Janet |
| 03754A | Kennewick Sign Lease | Signco Inc. |

**EXHIBIT 3**

(Potential Purchaser Notice)

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653-KRH
et al.,                       :
                              :
              Debtors.[1]     :    Jointly Administered
                              :
                              :    **Hrg. Date: _____ at**
                              :    **10:00 a.m. (ET)**
                              :    **Obj. Due: _____ at**
- - - - - - - - - - - - - - x    **12:00 p.m. (ET)**

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Dis-
      tribution Company of Virginia, Inc. (2821), Circuit City Proper-
      ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertis-
      ing Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Ven-
      ture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
      MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC
                                                           *(cont'd)*

**NOTICE TO COUNTERPARTIES TO LEASES THAT THE DEBTORS HAVE
IDENTIFIED A POTENTIAL PURCHASER OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASE**

PLEASE TAKE NOTICE that pursuant to the bid-
ding procedures (the "Bidding Procedures")[2] approved by
the Bankruptcy Court for the Eastern District of Vir-
ginia (the "Bankruptcy Court") in the Order Under Bank-
ruptcy Code Sections 105, 363, And 365 (I) Approving
Bidding And Auction Procedures For Sale Of Unexpired
Nonresidential Real Property Leases, (II) Setting Sale
Hearing Dates And (III) Authorizing And Approving (A)
Sale Of Certain Unexpired Nonresidential Real Property
Leases Free And Clear Of All Interests, (B) Assumption
And Assignment Of Certain Unexpired Nonresidential Real
Property Leases And (C) Lease Rejection Procedures (the
"Bidding And Rejection Procedures Order") (Docket No. __)
entered on February __, 2009, the debtors and debtors in
possession in the above captioned cases (collectively,
the "Debtors") have identified a potential purchasers
(the "Potential Purchaser," as listed on Schedule 1 at-
tached hereto) of a lease or leases to which you are a
counterparty (each, a "Lease").

PLEASE TAKE FURTHER NOTICE that an auction
(the "Auction") for the Debtors' interest in the Lease
or Leases was held at 10:00 a.m. (ET) on _____, 2009
at the offices of Skadden, Arps, Slate, Meagher & Flom
LLP, 4 Times Square, New York, New York 10036 and that,
following the Auction, the Potential Purchaser was iden-
tified as the Successful Bidder for the Lease.

PLEASE TAKE FURTHER NOTICE pursuant to the
Bidding Procedures, the Lease to which you are a coun-
terparty will be assumed and assigned to the Potential

---

*(cont'd from previous page)*
   (3360), and Circuit City Stores PR, LLC (5512).  The address for
   Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
   Westminster, Colorado 80031.  For all other Debtors, the address
   is 9950 Mayland Drive, Richmond, Virginia 23233.

[2]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Bidding Procedures.

Purchaser if the sale to the Potential Purchaser is approved by the Bankruptcy Court at the sale hearing to be held on _____, 2009 at 10:00 a.m. (ET) (the "Sale Hearing") in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219.

PLEASE TAKE FURTHER NOTICE that the Debtors assert that pursuant to 11 U.S.C. § 365, there is adequate assurance that the Proposed Cure Amount set forth on the Cure Schedule filed with the Court and posted on the website of the Debtors' claims and noticing agent, www.kccllc.net/circuitcity will be paid in accordance with the terms of the Sale Order.  Further, the Debtors assert that there is adequate assurance of the Potential Purchasers' future performance under the Lease to be assumed and assigned.  Adequate Assurance Information, which includes information regarding the financial wherewithal of the Potential Purchaser, is attached hereto and evidence of the same will be adduced, if necessary, at the Sale Hearing. Prior to the date of the Closing, the Debtors may revise their decision with respect to the assumption and/or assignment of any Lease and provide a new notice amending the information provided in this notice.

PLEASE TAKE FURTHER NOTICE that objections, if any, the Proposed Cure Amount, to the assumption and assignment of a Lease to a Potential Purchaser, or any other objection must (i)(a) be in writing, (b) state with specificity the legal and factual basis for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (d) be filed with Bankruptcy Court and (e) served in accordance with the Case Management Order so as to be **received** on or before **5:00 p.m. (ET) on the business day immediately preceding the Sale Hearing**, or (ii) be made orally at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if an objection is timely filed and served or made orally in accordance with the procedures above, a hearing with respect to the objection will be held before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge for the Eastern District of Virginia at the Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219, at the Sale Hearing or such other date and time as the Court may schedule.

PLEASE TAKE FURTHER NOTICE that if no objection is timely filed and received or made orally with regard to a Lease or Leases, the non-Debtor counterparty to the Lease will be deemed to have consented to the assumption and assignment of the Lease to a Potential Purchaser that is selected as the Successful Bidder, the Proposed Cure Amount will be conclusively fixed, and such non-debtor party will be forever barred from asserting any other claims as to such Lease, including, but not limited to, the propriety or effectiveness of the assumption and assignment of the Lease and any amounts in excess of the Proposed Cure Amount, against the Debtors or the Successful Bidder, or the property of either of them.

4

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: _____, 2009
      Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
           Gregg M. Galardi, Esq.
           Ian S. Fredericks, Esq.
           P.O. Box 636
           Wilmington, Delaware 19899-0636
           (302) 651-3000

                - and -

           SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
           Chris L. Dickerson, Esq.
           333 West Wacker Drive
           Chicago, Illinois 60606
           (312) 407-0700

                - and -

           MCGUIREWOODS LLP

           _____
           Dion W. Hayes (VSB No. 34304)
           Douglas Foley (VSB No. 34364)
           One James Center
           901 E. Cary Street
           Richmond, Virginia 23219
           (804) 775-1000

           Counsel for Debtors and Debtors in Possession

**SCHEDULE A**

(Potential Purchasers)

**EXHIBIT 4**

(Rejection Notice)

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
Circuit City Stores, Inc.,   :    Case No. 08-35653(KRH)
et al.,                      :
                             :
              Debtors.¹       :    Jointly Administered
- - - - - - - - - - - - - - x
```

**NOTICE OF REJECTION OF UNEXPIRED LEASE AND
ABANDONMENT OF PERSONAL PROPERTY**

---

1  The Debtors and the last four digits of their respective taxpayer
   identification numbers are as follows: Circuit City Stores, Inc.
   (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
   (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
   Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution
   Company of Virginia, Inc. (2821), Circuit City Properties, LLC
   (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency,
   Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
   Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
   Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
   City Stores PR, LLC (5512).  The address for Circuit City Stores
   West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado
   80031.  For all other Debtors, the address is 9950 Mayland Drive,
   Richmond, Virginia 23233.

1.   <u>ORDER APPROVING REJECTION OF LEASE</u>

PLEASE TAKE NOTICE that on February ____, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Order," a copy of which is available at www.kccllc.net/circuitcity).  The Order authorized the above-captioned debtors and debtors-in-possession (the "Debtors") to reject certain unexpired real property leases and abandon certain furniture, fixtures, and equipment owned by the Debtors (the "Abandoned Property"), upon notice to the lessor (the "Lessor"), without further Court approval.  The Debtors have determined to reject the following real property lease (the "Lease") pursuant to the Order:

Location of Lease and Abandoned Property:

[_]

2.   <u>LEASE REJECTION DATE</u>

PLEASE TAKE FURTHER NOTICE that the rejection of the Lease shall become effective on _____, 2009 (the "Rejection Date") or such later date as the Debtors surrender the premises by fulfilling the Rejection Requirements (as defined in the Order).

3.   <u>ABANDONED PROPERTY</u>

PLEASE TAKE FURTHER NOTICE that the Debtors will have until the later of the Rejection Date to remove property belonging to the Debtors from the leased premises.  To the extent that any property remains in the leased premises after the Rejection Date, such property will be deemed

3

Abandoned Property and shall be deemed abandoned by the Debtors. The Lessor will be entitled to remove or dispose of such property in its sole discretion without liability to any party which might claim an interest in the Abandoned Property.

4.   OBJECTIONS

PLEASE TAKE FURTHER NOTICE that objections, if any, to rejection of the Lease or abandonment of Abandoned Property must (a) be in writing, (b) set forth, with specificity, the factual and legal basis therefor, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 0130) (the "Case Management Order"), (d) be filed with Bankruptcy Court and (e) served in accordance with the Case Management Order so as to be **received** on or before _____**, 2009 at 4:00 p.m. (ET)** (the "Objection Deadline").

5.   RENT

PLEASE TAKE FURTHER NOTICE that the Debtors will pay rent on a per diem basis for those days prior to the Rejection Date of the Lease.

6.   SETOFF

PLEASE TAKE FURTHER NOTICE that if any Debtor has deposited monies with the Lessor as a security or other kind of deposit or pursuant to another similar arrangement, the Lessor will not be permitted to set off or otherwise use the monies from such deposit or other arrangement without the prior order of the Court.

7.   DEADLINE TO FILE PROOFS OF CLAIM

PLEASE TAKE FURTHER NOTICE that, unless otherwise ordered by the Court or agreed to in writing by the Debtors, parties will have until 5:00 p.m. (Pacific time) on April 30, 2009 to file a proof of claim for damages

4

arising from the rejection of or relating to any Lease. Any claims not timely filed will be forever barred. For proof of claim forms and information regarding filing a proof of claim, please refer to the Order or go to www.kccllc.net/circuitcity.

Dated: _____, 2009
        Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                      - and -

                              MCGUIREWOODS LLP

                              _____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors in Possession

**EXHIBIT 5**

(Bar Date Order and Bar Date Notice)

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        : Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    : Case No. 08-35653
et al.,                       :
                              :
            Debtors.          : Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502
AND BANKRUPTCY RULES 2002, 3003(c)(3), AND 9007
(I) SETTING GENERAL BAR DATE AND PROCEDURES FOR FILING
PROOFS OF CLAIM; AND (II) APPROVING FORM AND MANNER OF
NOTICE THEREOF**

          Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 502 and

Bankruptcy Rules 2002, 3003(c)(3,) and 9007 (i) setting

---

[1]   Unless otherwise defined herein, capitalized terms used herein
      shall have the meanings ascribed to them in the Motion.

1

a general bar date and procedures for filing proofs of

claim, and (ii) approving the form and manner of notice

thereof; and the Court having reviewed the Motion and

the Besanko Declaration; and the Court having determined

that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors,

and other parties in interest; and it appearing that

proper and adequate notice of the Motion has been given

and that no other or further notice is necessary; and

upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing

therefor, it is hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

        1.    The Motion is GRANTED.

        2.    Pursuant to Bankruptcy Rule 3003(c)(3),

all "entities" and "persons" (as defined respectively in

11 U.S.C. § 101(15) and (41)), except any governmental

unit (as defined in 11 U.S.C. § 101(27)) that are

creditors holding or wishing to assert "claims" (as

defined in 11 U.S.C. § 101(5)) arising before the

Petition Date against any of the Debtors are required to

file with the Debtors' Claims Agent (as defined below),

2

on or before 5:00 p.m. (Pacific) on January 30, 2009

(the "General Bar Date") a separate, completed, and

executed proof of claim form (conforming substantially

to Official Bankruptcy Form No. 10) on account of any

such claims in accordance with the procedures set forth

below.

       3.   Pursuant to Bankruptcy Rule 3003(c) and

Bankruptcy Code section 502(b)(9), any governmental

units (as defined in 11 U.S.C. § 101(27)) that are

creditors holding or wishing to assert "claims" (as

defined in 11 U.S.C. § 101(5)) arising before the

Petition Date against any of the Debtors are required to

file, on or before 5:00 p.m. (Pacific) on May 11,

2009(the "Governmental Bar Date") a separate, completed,

and executed proof of claim form (conforming

substantially to Official Bankruptcy Form No. 10) on

account of any such claims in accordance with the

procedures set forth below.

       4.   Notwithstanding the preceding paragraphs,

creditors holding or wishing to assert the following

types of claims (collectively, the "Excluded Claims")

against the Debtors need not file a proof of claim:

(i)     Claims listed in the Schedules and
        Statements or any amendments thereto that
        are not therein listed as "contingent,"
        "unliquidated" or "disputed" and that are
        not disputed by the holders thereof as to
        (a) amount, (b) classification or (c) the
        identity of the Debtor against whom such
        Claim is scheduled;

(ii)    Claims on account of which a proof of
        claim has already been properly filed
        with the Court or the Claims Agent
        appointed by the Bankruptcy Court against
        the correct Debtor; provided, however,
        that proofs of claim or requests for
        payment under 11 U.S.C. § 503(b)(9)
        ("503(b)(9) Claims") are governed by and
        must be filed in accordance with the
        Order Establishing Bar Date for Filing
        Requests for Payment of Administrative
        Expense Claims Under Bankruptcy Code
        Sections 105 and 503(b)(9) and Approving
        Form, Manner and Sufficiency of Notice of
        the Bar Date Pursuant to Bankruptcy Rule
        9001 (Docket No. 107, Entered November 12,
        2008) and, therefore, 503(b)(9) Claims
        are not Excluded Claims;

(iii)   Claims previously allowed or paid
        pursuant to an order of the Court;

(iv)    Claims allowable under 11 U.S.C. §§ 503(b)
        and 507(a)(2) as expenses of
        administration;

(v)     Claims of Debtors against other Debtors;

(vi)    Claims of current officers or directors
        of a Debtor for indemnification and/or
        contribution arising as a result of such
        officer's or director's postpetition
        service to a Debtor;

     (vii)    Claims of landlords of unexpired leases of non-residential real property that have not been rejected prior to the General Bar Date, including, without limitation, any claim for pre-petition arrearages or other asserted pre-petition defaults. Claims for such leases that have been or are hereinafter rejected shall be filed by the later of (a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

    (viii)    Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

    (ix)    Claims related to the Debtors' gift cards purchased prior to the Petition Date.

5.    Any holder of an interest in any of the Debtors (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), shall not be required to file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim**

for damages or rescission based on the purchase or sale
of the Interests, shall file a proof of claim on or
prior to the General Bar Date; _provided_, _further_,
_however_, that any Interest Holder who is a governmental
unit and wishes to assert a Claim against any of the
Debtors based on any transaction in the Debtors'
Interests, including but not limited to a Claim for
damages or rescission based on the purchase or sale of
the Interests, shall file a proof of claim on or prior
to the Governmental Bar Date.[2]

6.    Proofs of claim for rejection damages
claims arising from the rejection of any unexpired lease
or executory contract of a Debtor (an "Agreement")
during these Bankruptcy Cases must be filed by the
latest of (a) thirty days after the date of entry of an
order of this Court authorizing the rejection of such
Agreement, (b) thirty days after the effective date of
the rejection of such Agreement, (c) any date set by
another Order of the Court or (d) the General Bar Date.
Proofs of claim for any other claims that arose prior to

---

[2]    The Debtors reserve the right to seek relief at a later date
requiring Interest Holders to file proofs of interest.

the Petition Date with respect to a lease or contract
must be filed by the General Bar Date.

7.   The Debtors shall serve a notice (the
"General Bar Date Notice") substantially in the form of
the notice attached hereto as Exhibit 1 and a proof of
claim form conforming substantially to Official
Bankruptcy Form No. 10 by first class mail on or before
December 19, 2008 to all known creditors and all known
holders of the Debtors' equity securities as reflected
in the Debtors' books and records, as well as U.S. state
escheat or unclaimed property offices.

8.   The Debtors shall publish a notice in a
form substantially similar to the Bar Date Notice in the
Richmond Times Dispatch and the national edition of the
Wall Street Journal, and such other regional newspapers
as the Debtors, in their sole discretion, deem
appropriate no later than December 30, 2008.

9.   All proofs of claim filed by mail, hand,
or overnight courier shall be addressed to:

        Circuit City Stores, Inc., et al.
        Claims Processing Dept.
        Kurtzman Carson Consultants LLC
        2335 Alaska Avenue
        El Segundo, CA  90245

7

10.   A Proof of claim is deemed filed only
when the proof of claim is actually received by Kurtzman
Carson Consultants LLC (the "Claims Agent") at the above
address.  Proofs of claim submitted by facsimile or
other electronic means shall be rejected by the Claims
Agent and will not be deemed filed.

11.   Any creditor holding or wishing to assert
claims against more than one Debtor must file a separate
proof of claim in the case of each Debtor against which
the creditor believes it holds a claim and must identify
on their proof of claim the particular Debtor against
which their Claim is asserted and the case number of
that Debtor's bankruptcy case.  A proof of claim listing
no reference to a particular Debtor or a proof of claim
listing all of the Debtors will be deemed filed against
Circuit City Stores, Inc., Case No., 08-35653.

12.   Any creditor that is required to file but
fails to file a proof of claim for its claim in
accordance with the procedures set forth in this order
on or before the General Bar Date, the Governmental Bar
Date, or such other date established hereby (as

8

applicable) shall be forever barred, estopped, and
enjoined from:  (a) asserting any Claim against the
Debtors that (i) is in an amount that exceeds the amount,
if any, that is set forth in the Schedules as undisputed,
noncontingent, and unliquidated or (ii) is of a
different nature or in a different classification (any
such claim referred to as an "Unscheduled Claim") and (b)
voting upon, or receiving distributions under, any plan
or plans of reorganization in these chapter 11 cases in
respect of an Unscheduled Claim; and the Debtors and
their property shall be forever discharged from any and
all indebtedness or liability with respect to such
Unscheduled Claim.

13.  In the event that the Debtors amend the
Schedules and Statements after having given notice of
the General Bar Date as provided herein, the Debtors
shall give notice of any amendment to the holders of
claims affected thereby, and if the subject amendment
reduces the unliquidated, noncontingent and liquidated
amount or changes the nature or classification of a
claim against a Debtor reflected therein, such holders
shall be given until the later of (a) the General Bar

9

Date or (b) thirty (30) days from the date such notice
is given (or such other time period as may be fixed by
the Court) to file proofs of claim with respect to such
affected claim, if necessary, or not be treated as a
creditor for purposes of these chapter 11 cases in
accordance with paragraph 12 above.

14.   In the event that the Debtors amend the
Schedules and Statements after having given notice of
the Governmental Bar Date as provided herein, the
Debtors shall give notice of any amendment to the
holders of claims that are governmental entities (as
defined in 11 U.S.C. § 101(27)) and that are affected
thereby, and if the subject amendment reduces the
unliquidated, noncontingent and liquidated amount or
changes the nature or classification of a claim against
a Debtor reflected therein, such holders shall be given
until the later of (a) the Governmental Bar Date or
(b) thirty (30) days from the date such notice is given
(or such other time period as may be fixed by the Court)
to file proofs of claim with respect to such affected
claim, if necessary, or not be treated as a creditor for

purposes of these chapter 11 cases in accordance with
paragraph (14) above.

15.   Nothing in this Order shall, or shall be
deemed to, prejudice the Debtors' right to object to any
Claim, whether filed or scheduled (_e.g._, as contingent,
unliquidated or disputed), on any ground, or to dispute,
or to assert offsets against or defenses to, any claim
reflected on the Schedules and Statements, or any
amendments thereto, as to amount, liability,
classification, or otherwise, and to subsequently
designate any claim as disputed, contingent or
unliquidated; _provided_, _however_, that if the Debtors
have scheduled a claim as noncontingent, liquidated and
undisputed, they must comply with the procedures in
paragraphs 13 and 14 of this Order to object to such
scheduled, noncontingent, liquidated and undisputed
claim.

16.   Nothing contained herein shall limit,
abridge, or otherwise affect the Debtors' right to
request that the Court fix a date by which the holder of
a Claim that is specifically excluded from the

11

requirements to file such a Claim by this Order must file a proof of claim or interest.

17.   The provisions of this Order apply to all Claims of whatever character against the Debtors or their property, whether such Claims are secured or unsecured, entitled or not entitled to priority, liquidated or unliquidated, or fixed or contingent.

18.   The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

19.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:     Richmond, Virginia
           December  __, 2008


_____
UNITED STATES BANKRUPTCY JUDGE


12

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1089

Proposed Counsel to the Debtors
and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    I hereby certify that that the proposed order has
been served upon or endorsed by all necessary parties.


                        /s/ Douglas M. Foley
                        Douglas M. Foley


13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                            : Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        : Case No. 08-35653
et al.,                           :
                                  : Jointly Administered
            Debtors.              :
- - - - - - - - - - - - - - - x

## NOTICE OF DEADLINE
## FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time**, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court by December 30, 2008. Copies of the Schedules and Statements can then be obtained at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27),  against any of the Debtors listed on page 4 below, must be filed and served so that such proof of claim is received on or before **May 11, 2009 (the "Governmental Bar Date") at 5:00 p.m., Pacific Time**, at the following address if delivered by mail, hand delivery or overnight courier:

**Circuit City Stores, Inc., et al.**
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA  90245**

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured)

2

that arose prior to **November 10, 2008** (the "Petition Date") are
required to file proofs of claim by the General Bar Date, unless
such Claims are "Excluded Claims" as defined below.  Excluded
Claims as defined in the Bar Date Order are:

> (i)    Claims listed in the Schedules and Statements or any
> amendments thereto that are not therein listed as
> "contingent," "unliquidated" or "disputed" and that
> are not disputed by the holders thereof as to (a)
> amount, (b) classification or (c) the identity of
> the Debtor against whom such Claim is scheduled;

> (ii)   Claims on account of which a proof of claim has
> already been properly filed with the Bankruptcy
> Court or the Claims Agent appointed by the
> Bankruptcy Court against the correct Debtor;
> <u>provided</u>, <u>however</u>, that proofs of claim or requests
> for payment under 11 U.S.C. § 503(b)(9) ("503(b)(9)
> Claims") are governed by and must be filed in
> accordance with the Order Establishing Bar Date for
> Filing Requests for Payment of Administrative
> Expense Claims Under Bankruptcy Code Sections 105
> and 503(b)(9) and Approving Form, Manner and
> Sufficiency of Notice of the Bar Date Pursuant to
> Bankruptcy Rule 9001 (Docket No. 107, Entered
> November 12, 2008) and, therefore, 503(b)(9) Claims
> are not Excluded Claims;

> (iii)  Claims previously allowed or paid pursuant to an
> order of the Bankruptcy Court;

> (iv)   Claims allowable under 11 U.S.C. §§ 503(b)
> and 507(a)(1) as expenses of administration;

> (v)    Claims of Debtors against other Debtors;

> (vi)   Claims of current officers or directors of a Debtor
> for indemnification and/or contribution arising as a
> result of such officer's or director's postpetition
> service to a Debtor;

> (vii)  Claims of landlords of unexpired leases of non-
> residential real property that have not been
> rejected prior to the General Bar Date, including,
> without limitation, any claim for prepetition
> arrearages or other asserted prepetition defaults.
> Claims for such leases that have been or are
> hereinafter rejected shall be filed by the later of

3

(a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

(viii)   Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

(ix)   Claims related to the Debtors' gift cards purchased prior to the Petition Date.

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules and Statements or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules and Statements or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date. If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the claim form included with this notice.

**Executory Contract and Lease Rejection Claims**

Any Entity whose Claims arise out of the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") pursuant to section 365 of the Bankruptcy Code during the Debtors' bankruptcy cases, must file a proof of claim on or before the latest of: (1) thirty (30) days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court or (3) the General Bar Date (the "Rejection Bar Date"). Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the General Bar Date.

**Other Important Information Regarding Filing Claims**

If, after the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to

4

change the Debtor against which a Claim has been scheduled, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"),(an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided**, **however**, **that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided, further, however, that any Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.  A proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of**

**reorganization in these chapter 11 cases in respect of an
Unscheduled Claim; and the Debtors and their property shall be
forever discharged from any and all indebtedness or liability with
respect to such Unscheduled Claim.  If it is unclear from the
Schedules and Statements whether your Claim is disputed,
contingent or unliquidated as to amount or is otherwise properly
listed and classified, you must file a proof of claim on or before
the General Bar Date.  Any Entity that relies on the Schedules and
Statements bears responsibility for determining that its Claim is
accurately listed therein.**

### RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to
assert offsets or defenses against, any filed Claim or any Claim
listed or reflected in the Schedules and Statements as to nature,
amount, liability, classification, Debtor or otherwise; or (2)
subsequently designate any Claim as disputed, contingent or
unliquidated.  Nothing set forth in this Notice shall preclude the
Debtors from objecting to any Claim, whether scheduled or filed,
on any grounds.

### TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially
in the form annexed hereto, together with accompanying
documentation, must be delivered so as to be received no later
than 5:00 p.m., Pacific Time, on the General Bar Date, the
Rejection Bar Date, the Governmental Bar Date or the Amended
Schedule Bar Date, as applicable, depending upon the nature of the
Claim, at the following address if delivered by mail, hand
delivery or overnight courier:

> **Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245**

**Any proof of claim submitted by facsimile or other electronic
means will not be accepted and will not be deemed filed until such
proof of claim is submitted by the method described in the
foregoing sentence.  Proofs of claim will be deemed filed only
when actually received at the address listed above.**  If you wish
to receive acknowledgment of the Debtors' receipt of your proof of
claim, you must also submit a copy of your original proof of claim
and a self-addressed, stamped envelope.

6

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.  The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA  90245.

Approved by the United States Bankruptcy Court for the Eastern District of Virginia on December 11, 2008.

Dated: December 12, 2008
       Richmond, Virginia

SKADDEN, ARPS, SLATE,          McGUIREWOODS LLP
MEAGHER & FLOM, LLP            Dion W. Hayes (VSB No. 34304)
Gregg M. Galardi, Esq.        Douglas M. Foley (VSB
Ian S. Fredericks, Esq.       No. 34364)
P.O. Box 636                  One James Center
Wilmington, Delaware          901 E. Cary Street
19899-0636                    Richmond, Virginia 23219
                              (804) 775-1089
            - and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

          Counsel for the Debtors and Debtors in Possession

7

**Debtors and Debtors in Possession
and the Last Four Digits of their Respective Taxpayer
Identification Numbers**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)