UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

----------------------------------------------------------------------x
: 
In re                                                                  :    Chapter 11
:
    CIRCUIT CITY STORES, INC. ,                  :    Case No. 08-35653
:
        Debtor.                              :    (Jointly Adminstered)
:
----------------------------------------------------------------------x

## REPLY TO NORTH PLAINFIELD VF LLC'S OBJECTION TO AND MOTION TO QUASH SCHIMENTI CONSTRUCTION COMPANY, LLC'S MOTION FOR RULE 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS

Schimenti Construction Company, LLC ("Schimenti Construction"), a creditor and party in interest in the above-captioned bankruptcy proceeding, hereby submits its Reply (the "Reply") to the *Objection to and Motion to Quash Schimenti Construction Company, LLC's Motion for 2004 Examination of North Plainfield VF LLC and Request for Production of Documents*, dated February 16, 2009 ("Motion to Quash"), filed by North Plainfield VF LLC ("North Plainfield" or the "Landlord"). For the reasons set forth more fully below, and in Schimenti Construction's Motion for Rule 2004 Examination of North Plainfield VF LLC, dated February 5, 2009 (the "Rule 2004 Motion"), the Court should deny the Motion to Quash, grant the Rule 2004 Motion and direct North Plainfield to appear for and produce certain documents for examination under Rule 2004 of the Federal Rule of Bankruptcy Procedure ("Rule 2004").[1]

### BACKGROUND

In support of the foregoing, Schimenti Construction represents as follows:

1.    On November 10, 2009, Circuit City Stores, Inc. (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

---

[1] In the likely event the Court denies the Motion to Quash, Schimenti Construction reserves its rights to move for an award of attorneys' fees and costs associated with filing this Reply and presenting oral argument to the Court.

HART1-1528993-3

2. Schimenti Construction holds an unsecured claim against the Debtor arising from construction and fit-out work performed at the Debtor's store located at 1200 Route 22 East, North Plainfield, New Jersey (the "North Plainfield Store" or the "North Plainfield Project").

3. Prior to Schimenti Construction entering into the agreement with the Debtor for the North Plainfield Project, North Plainfield entered into a ground lease with a company known as The Bardy Realty Company for the land on which the North Plainfield Store is situated (the "Ground Lease Agreement")

4. Also prior to Schimenti Construction entering into the agreement with the Debtor for the North Plainfield Project, North Plainfield entered into a certain commercial lease agreement with the Debtor for the premises on which the North Plainfield Store is located (the "Store Lease Agreement").

5. According to the land records for Somerset County, New Jersey, a written lease agreement exists between North Plainfield and The Bardy Realty Company for the land on which the North Plainfield Store sits. A copy of an Assignment and Assumption of Ground Lease with an Exhibit A describing said Ground Lease is attached hereto as **Exhibit A**.

6. According to the land records for Somerset County, New Jersey, a written lease agreement also exists between the Debtor and North Plainfield for the North Plainfield Store. A copy of a Memorandum of Lease recorded upon the Land Records for Somerset County, New Jersey is attached hereto as **Exhibit B.**

7. Examination of North Plainfield is authorized by Rule 2004 in order for Schimenti Construction to determine, among other things, whether the Ground Lease Agreement and/or the Store Lease Agreement, or any other agreement by and between North Plainfield, and the Debtor, or by and between North Plainfield and the Ground Landlord, provided for allowances for the work performed by Schimenti Construction or required either the Ground Landlord,

North Plainfield or the Debtor, or any of them, to hold Schimenti Construction's earned contract retainage in escrow or trust pending completion of the construction work performed by Schimenti Construction.

8. In order to have the examination proceed efficiently, it is necessary that North Plainfield, as soon as practicable before the examination, produce the documents described in Exhibit A to the Rule 2004 Motion.[2]

9. Contrary to North Plainfield's Objection, shortly after Schimenti Construction filed its Rule 2004 Motion, the undersigned counsel attempted to negotiate a resolution of the Rule 2004 Motion.

10. Counsel for North Plainfield rejected Schimenti Construction's settlement overtures and filed its Motion to Quash.

11. Notably, the Motion to Quash contains several misstatements of fact and the law and offers as support for its position an artfully and carefully drafted affidavit from a paralegal interpreting the Store Lease Agreement.

12. North Plainfield's Motion to Quash is based upon irrelevant and insufficient grounds, and as discussed in more detail below, both should therefore be denied and dismissed and the Rule 2004 Motion should be granted.

## ARGUMENT

### A. THE BROAD SCOPE OF RULE 2004 AUTHORIZES THE EXAMINATION OF THE DEBTOR'S LANDLORD

13. The weakness of North Plainfield's opposition to the Rule 2004 Motion is immediately evident when viewed against the backdrop of Rule 2004, and case law analyzing the

---

[2] In the event the Rule 2004 Motion is granted, Schimenti Construction will serve a Subpoena with Document Requests on North Plainfield in accordance with Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure.

3

Rule 2004. Rule 2004 provides that "[u]pon motion of any party in interest, the Court may order the examination of any entity." Fed. R. Bankr. P. 2004. The scope of the examination is broad, including inquiry into the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Id. In a chapter 11 case, like here, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired…and any other matter relevant to the case or to the formulation of a plan." Id. This Court, among others, has **"long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide; some going as far as saying that 2004 allows fishing expeditions."** In re Nucletron Manufacturing Corp., No. 93-34486S, 1994 WL 16191611 (Bankr.E.D.Va. 1994)(emphasis added); see also In re Kipp, 86 B.R. 490, 491 (Bankr.W.D.Tex. 1988)(noting that Rule 2004 "authorizes examination of any entity and the scope of such examination is virtually unlimited, [and] [a]s many courts have noted, the Rule allows an unrestricted fishing expedition."); In re Cliffe, 97 F. 540 (E.D.Pa. 1899) (former provision of this title "did not in any way limit the right . . . to examine any competent witness concerning the acts, conduct, or property of the bankrupt"); In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr D. Mass 1983))(same).

      14.    Contrary to North Plainfield's naked argument (see Motion to Quash, ¶ 24), Rule 2004 draws no distinction between conducting a Rule 2004 examination of a debtor and a non-debtor, third-party. Rule 2004 expressly provides for examination of "any entity." See Fed. R. Bankr. P. 2004(a)(emphasis added). To be sure, the examination of a non-debtor, third-party may be "broad, unfettered, and in the nature of a fishing expedition", and the scope of examination is no more limited than it would be if the debtor were being examined. In re Countrywide Home Loans, 384 B.R. 373 (Bankr.W.D.Pa. 2008); Fed. R. Bankr. P. 2004. Any

4

type of examination is permitted if it relates to the non-debtor third party's knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor." In re Countrywide Home Loans, 384 B.R. 373 (Bankr.W.D.Pa. 2008); Fed. R. Bankr. P. 2004.

15. Countrywide, supra, is instructive on this point. In Countrywide the U.S. Trustee served subpoenas on a secured creditor of the debtor under Rule 2004 to inquire about the debtor's financial practices and protocols and the status of the debtor's mortgage, real estate note, and other loan liabilities, among other matters. Id., 384 B.R. at 378. Not unlike here, the creditor objected to the Rule 2004 motion, arguing that the U.S. Trustee's efforts exceeded the scope of Rule 2004 as applied to a non-debtor, creditor, and the U.S. Trustee could not use Rule 2004 to examine a non-debtor on such a wide variety of matters. Id., 384 B.R. at 378-79, 400. The Court rejected the creditor's arguments, noting that the "broad" and "unfettered" examination of the non-debtor third party was authorized by Rule 2004. Id.

16. Indeed, Rule 2004 allows examination on matters related to dealings between a debtor and its landlord, or another party to a commercial or residential lease. In re Khanani, 2005 Bankr. LEXIS 1876 (Bankr.M.D.Fla. 2005), is on point. In Khanani, the U.S. Trustee issued subpoenas under Rule 2004 requiring an examination of the debtor's deeds, property transfers, commercial and residential leases and interests, and financial dealings with landlords, including examination regarding security deposits and other escrow accounts on deposit with landlords. Id., 2005 Bankr. LEXIS 1876 at *6 -9, 28- 29. The court held that U.S. Trustee's subpoenas were valid and within the scope of Rule 2004, and that examination on these matters was proper.

B. **THE DEBTOR'S REJECTION OF THE STORE LEASE AGREEMENT IS IRRELEVANT TO SCHIMENTI CONSTRUCTION'S RIGHT TO CONDUCT A RULE 2004 EXAMINATION OF THE LANDLORD**

17. In an attempt to thwart Schimenti Construction's legitimate efforts to conduct a Rule 2004 Examination, North Plainfield argues that it should not be subjected to producing documents or appearing for an examination because the Debtor has rejected the Lease. See Motion to Quash, ¶¶ 26, 27, 36, 38. This argument is frivolous. The Ground Lease Agreement or the Store Lease Agreement, or both, are a continuing basis of liability for the Debtor and its estate, notwithstanding that it has been rejected. See 11 U.S.C. § 502(g)(1) ("A claim arising from the rejection…[of an] unexpired lease of the debtor…shall be allowed…the same as if such claim had arisen before the date of the filing of the petition"). In fact, "the effect of a rejection is that a breach is deemed to have occurred, which in the ordinary case will give rise to a claim for damages." 3 COLLIER ON BANKRUPTCY ¶ 365.09[1], at 365-78; 11 U.S.C. § 365(g).

18. It is plain that North Plainfield's claim for damages against the Debtor's estate arising from the rejection of the Store Lease Agreement—and the resulting impact on the Ground Lease Agreement—will involve a detailed analysis of its books and records, and the liens, claims and encumbrances which impact the North Plainfield Property. In turn, Schimenti Construction's examination of North Plainfield and the North Plainfield's books and records (as more detailed in Exhibit A to the Rule 2004 Motion) is essential to understand the extent of the Debtor's liabilities, including obligations due and owing the North Plainfield and Schimenti Construction.

19. By way of example only, whether North Plainfield has escrowed money or holds trust funds, or was obligated to escrow monies or hold trust funds, arising from the Ground Lease Agreement or the Store Lease Agreement, or both, is critical to North Plainfield's analysis of its books and records, as well as North Plainfield's ultimate rejection claim against the Debtor's

estate. This information is also essential to Schimenti Construction's administrative expense claim and other claims in this bankruptcy. In turn, if North Plainfield holds money in trust for the benefit of Schimenti Construction, and its subcontractors and suppliers, Schimenti Construction's claim against the Debtor's estate may be reduced or eliminated. By way of further example, if North Plainfield or the Ground Landlord consented or had knowledge of the work performed by Schimenti Construction on the North Plainfield Store, both may be liable for the costs incurred by Schimenti Construction in constructing the Project; which may have an impact on Schimenti Construction's claims against the Debtor.[3] These examples underscore the policy and purpose of Rule 2004, and why the rule 2004 Motion should be granted.

C. **THE MEI CHENG AFFIDAVIT SUPPORTS GRANTING THE RULE 2004 MOTION**

20. North Plainfield badly misstates the law[4] in arguing that Mei Cheng's purported "lack of knowledge" regarding the subject matter of the Rule 2004 Motion forms a legitimate basis to deny the Rule 2004 Motion. See Motion to Quash, ¶ 39 ("When the party has no knowledge and no information to divulge, as Ms. Cheng sets forth in [her] Affidavit on behalf of North Plainfield, the rule has no application and the examination should not be permitted").

21. In fact, the law compels a Rule 2004 examination if a basis for opposing the Rule 2004 Motion is "lack of knowledge." See, e.g., In re Arkin-Medo, Inc., 44 B.R. 138, 140 (Bankr. S.D.N.Y. 1984) ("a mere claim that the party to be examined lacks knowledge of the debtor's

---

[3] The North Plainfield Landlord and Ground Landlord may also be liable to Schimenti Construction under various other theories of state law for the value of the labor, materials and equipment furnished by Schimenti Construction and its subcontractors and suppliers to the North Plainfield Store. Payment to Schimenti Construction for its work in this regard would reduce Schimenti Construction's claims against the Debtor.

[4] To reach this conclusion, The Landord relies on 9 COLLIER ON BANKRUPTCY ¶ 2004.02[2], at 2004-7, which states that "[w]hen a motion to quash alleges that the party has no information to divulge, the motion should be denied. The purpose of the rule [2004] is to allow discovery to establish the scope of knowledge." (emphasis added)

7

affairs is insufficient to vacate an order of examination"); see also 9 COLLIER ON BANKRUPTCY ¶ 2004.02[2], at 2004-7 ("When a motion to quash alleges that the party has no information to divulge, the motion [to quash] should be denied")

22. Similarly, North Plainfield's admission that "any known documents representing claims and/or liabilities owed by the Debtors to North Plainfield have already been filed" (Mei Cheng Affidavit, ¶ 5.a.) provides further substantiation that the Rule 2004 Motion should be granted—and not denied as North Plainfield argues. See In re Arkin-Medo, Inc., 44 B.R. 138, 140 ("[i]nquiry . . . should not be limited solely to inspection of the face of the [document], but should properly encompass all the facts and circumstances surrounding its execution"). Schimenti Construction has the right and ability under Rule 2004 to examine the "facts and circumstances" surrounding the documents and information sought in the Rule 2004 Motion, and cited in the Mei Cheng Affidavit. See, e.g., id.

23. Moreover, the Mei Cheng Affidavit is false on its face. The Store Lease Agreement has not been attached to any documents filed by North Plainfield in this proceeding. Also, there are certainly accounting records, written communications, checks and other documents by and between North Plainfield, the Debtor and the Ground Landlord that exist. All of these documents would be responsive to the document request contained in Schimenti Construction's Rule 2004 Motion. Clearly, these documents have not "already been filed."

24. Interestingly, counsel for North Plainfield, Attorney Hudson, initially informed the undersigned by way of voice mail on February 11, 2009 that she was concerned with Schimenti Construction's Rule 2004 Motion because the North Plainfield Store was a large project and there were many responsive documents in her client's possession. Notably, Ms. Hudson left another voice message later that day for the undersigned advising that her client had no documents to produce.

8

25.    Nonetheless, the admissions and representations contained in the Mei Chang Affidavit provide additional evidence that Rule 2004 Motion must be granted.

### D.  NORTH PLAINFIELD DOES NOT UNDERSTAND LOCAL BANKRUPTCY RULE 7026-1(H)

26.    North Plainfield's claim that Schimenti Construction violated Local Bankruptcy Rule 7026-1(H) is equally frivolous. See Motion to Quash, ¶¶ 30 - 33.

27.    Local Bankruptcy Rule 7026-1(H) applies only to discovery matters which are "in controversy" or "at issue" at the time a discovery motion is made, and which therefore can be negotiated in good faith.  At the time Schimenti Construction filed its Rule 2004 Motion, there was no matter "in controversy" or "at issue" which could have been negotiated.

28.    Indeed, Fourth Circuit bankruptcy courts that have addressed this issue directly have held that "[t]he filing of a motion for Rule 2004 examination does not per se create a contested matter governed by the Federal Rules of Civil Procedure" and that "there is a subtle distinction between a motion for Rule 2004 examination and the examination itself." In re Symington, 209 B.R. 678, 689 (Bankr.D.Md. 1997)(emphasis added); see also 9 COLLIER ON BANKRUPTCY ¶ 2004.01[2], at 2004-4.  For these reasons, the Rule 2004 Motion does not fall under Local Bankruptcy Rule 7026-1(H), and any claims to sanctions or damages resulting from a violation of this rule are meritless and must be denied.

29.    Moreover, as indicated above, counsel for Schimenti Construction made several attempts to resolve the Rule 2004 Motion short of the Court's adjudication.

9

### E. NORTH PLAINFIELD FAILED TO COMPLY WITH LOCAL BANKRUPTCY RULE 7026-1(H)

30. In filing its Motion to Quash, North Plainfield commenced a "contested matter." See Fed. R. Bankr. P. 9014; see also Argument, Section D, supra. To the extent the North Plainfield failed to meet the requirements of Local Bankruptcy Rules 2004-1 and Local Rule 7026-1(H), the Motion to Quash is procedurally and fatally flawed and must be denied, and, as such Schimenti Construction is entitled to award of attorneys' fees and costs.

31. Finally, North Plainfield's claim that Schimenti Construction failed to negotiate in good faith is belied by the North Plainfield's own admission. Specifically, North Plainfield admits that Schimenti Construction made good faith concessions during the course of these negotiations, although the parties were unable to reach an agreement. See Motion to Quash, ¶ 13 – 18.[5]

### CONCLUSION

WHEREFORE, by reason of the foregoing, Schimenti Construction respectfully requests that the Motion to Quash be denied and the Rule 2004 Motion and Order be granted, and Schimenti Construction Company be awarded attorneys' fees and costs as discussed above, along with such other and further relief as this Court find just and proper.

---

[5] North Plainfield's objection to the location of the Rule 2004 examination, and claims to witness fees, are likewise premature because Schimenti Construction Company has not yet filed subpoenas compelling a Rule 2004 examination, as provided for under Rules 2004 and 9014 of the Federal Rules of Bankruptcy Procedure. See Motion to Quash, ¶ 28, 29.

CREDITOR AND PARTY IN INTEREST,
SCHIMENTI CONSTRUCTION
COMPANY, LLC


/s/  Tara L. Elgie
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com


-and-

Peter E. Strniste, Jr. (Admitted *Pro Hac Vice*)
Patrick M. Birney (Admitted *Pro Hac Vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone (860)275-8200
Facsimile (860)275-8299
pstrniste@rc.com
pbirney@rc.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 19th day of February 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons appearing below:

        William A. Gray, Esquire
        Lisa Taylor Hudson, Esquire
        SANDS ANDERSON MARKS & MILLER
        801 E. Main Street, Suite 1800
        Richmond, Va 23219-1998
        *Counsel to North Plainfiled VF LLC*

        Daniel F. Blanks, Esquire
        Douglas M. Foley, Esquire
        McGuire Woods LLP
        9000 World Trade Center
        101 W. Main Street
        Norfolk, VA  23510
        *Counsel for Debtors*

        Dion W. Hayes, Esquire
        James S. Sheerin, Esquire
        Sarah Beckett Boehm, Esquire
        McGuire Woods LLP
        Ones James Center
        901 E. Cary Street
        Richmond, VA  23219
        *Counsel for Debtors*

        Gregg M. Galardi, Esquire
        Skadden Arps Slate Meagher & Flom, LLC
        One Rodney Square
        Post Office Box 636
        Wilmington, Delaware  19899-0636
        *Counsel for Debtors*

        Chris L. Dickerson, Esquire
        Skadden Arps Slate Meagher & Flom, LLC

333 West Wacker Drive
Chicago, IL  60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219
*Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL  60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts  02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia  23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Strang Ziehl & Jones LLP
780 Third Aenue, 26th Floor
New York, New York  10017
*Counsel for the Creditors Committee*

<u>/s/  Tara L. Elgie</u>
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com