Neil E. McCullagh (VSB No. 39027)
Cantor Arkema, P.C.
Bank of America Center
1111 East Main Street, 16th Floor
Post Office Box 561
Richmond, Virginia 23218-0561
Telephone: (804) 644-1400
Telecopier: (804) 225-8706
  Counsel for Dentici Family Limited
    Partnership

Hearing Date: March 3, 2009, at 10:00 a.m.
Objections Due: February 27, 2009, at 5:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC. et al.,

    Debtors.

Case No. 08-35653 (KRH)
Jointly Administered
Chapter 11

## MOTION OF DENTICI FAMILY LIMITED PARTNERSHIP TO COMPEL IMMEDIATE PAYMENT OF POST-PETITION PORTION OF 2008 REAL ESTATE TAX OBLIGATION, PLUS ATTORNEY FEES

Dentici Family Limited Partnership ("Dentici"), by and through its undersigned counsel, hereby files its motion to compel immediate payment of post-petition portion of 2008 real estate tax obligation, plus attorney fees, stating as follows:

### Jurisdiction and Venue

1.     The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding pursuant to 28 USC § 157(b)(2).

### Background

3.     On November 10, 2008 ("Petition Date"), the above captioned debtor (the "Debtor") field a voluntary petition for relief under Chapter 11 of Title 11 of the United

Stated Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia.

4. The Debtor continues to operate its business and manage its affairs as a debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. Dentici is the landlord of Circuit City Store Number 3176, which is located in Greenfield, Wisconsin (the "Premises").

6. The Debtor executed a lease agreement with Dentici for the Premises dated May 2, 1995, which is unexpired. A copy of the Lease is attached as **Exhibit A**, and its terms are incorporated herein by this reference.

7. The Debtor has not yet assumed or rejected the Lease.

8. In relevant part, the Lease provides as follows with respect to the payment of the real estate taxes on the Premises:

> "<u>Tenant shall pay all Real Estate Taxes levied against the tax parcel or parcels comprising the Premises (the "Tax Parcel") when due</u>; provided, however, if Landlord's Mortgagee requires escrow of taxes, Tenant will comply. Landlord shall deliver all tax statements therefor to Tenant within thirty (30) days after Landlord's receipt thereof. Tenant shall pay, or cause the payment of, all Real Estate Taxes before any fine, penalty, interest, or cost may be added thereto, become due or be imposed by operation of law for the nonpayment or late payment thereof. Real Estate Taxes shall be prorated as of the Commencement Date and the expiration or earlier termination of this Lease." <u>Lease</u>, at p. 7 (emphasis added).

9. The 2008 real estate taxes and related city assessments for the Premises – all of which qualify as "Real Estate Taxes," as defined in the Lease[1] – total $103,274.69, and they are due and payable January 31, 2009 (the "2008 Taxes"). A copy of the "Real Estate Property Tax Bill For 2008" for the Premises (the "Bill") is attached as **Exhibit B**.

---

[1] The Lease states that "[t]he term 'Real Estate Taxes' shall mean all general real estate taxes and assessments and other ad valorem taxes, rates and levies paid upon or with respect to the Premises, for a calendar year or a portion thereof to any governmental agency or authority and all charges specifically imposed partially or wholly in lieu of any such taxes." Lease, at p. 6.

2

The Bill shows, without limitation, the dollar amount of the 2008 Taxes ($103,274.69) and the payment due date (January 31, 2009).[2]

10. Dentici delivered the Bill to the Debtor within thirty days of its receipt thereof.

11. Dentici has made demand upon the Debtor to pay the portion of the 2008 Taxes that accrued during the period November 10, 2008, through December 31, 2008. In reply, the Debtor told Dentici that it will immediately pay the portion of the 2008 Taxes that accrued during the period December 1, 2008, through December 31, 2008, but that it will not immediately pay the portion that accrued during the period November 10, 2008, though November 30, 2008 (the "November Portion"). The Debtor told Dentici that it believes the November Portion should be paid only when administrative expense priority claims are generally paid (e.g., upon confirmation of a Chapter 11 plan).

### I. Relief Requested – Immediate Payment of November Portion

12. Dentici requests that this Court enter an Order compelling the Debtor to immediately pay Dentici the November Portion, which is $5,925.59 (21 days/366 days x $103,274.69 = $5,925.59).

13. This Court's Memorandum Opinion of February 12, 2009, regarding when the Debtor must pay "stub rent" (the "Opinion") is relevant to the issue of whether the November Portion must be paid immediately. Dentici believes that the Opinion means, in short, that if the due date for a lease obligation is after the Petition Date, then the Debtor is obligated to pay on the due date with respect to the portion of the obligation

---

[2] The Bill also gives the option of paying the taxes in three installments – the first due January 31, 2009, the second due April 30, 2009, and the third due June 30, 2009 – but it states that the installment option is lost if an installment is not paid by its due date. However, the Debtor has never made a payment on the Bill, so the installment option is not available to the Debtor. Dentici did timely pay the first installment in order to prevent the assessment of interest and penalties.

3

that accrued on and after Petition Date. See Opinion, at p. 12 ("If the time for performance under the Lease has not expired (e.g. if the Lease is an Arrears Lease and the Petition Date is before the due date under the Lease), then the time for timely performance of the obligation to pay Stub Rent under the Lease is the date provided for in the Lease."). Dentici's interpretation of the Opinion is consistent with the "accrual method" followed in this Court with respect to lease obligations and also gives effect to the directive in § 365(d)(3) of the Bankruptcy Code that "[t]he Trustee shall <u>timely</u> perform all the obligations of the debtor." (emphasis added)

14. As noted above, the 2008 Taxes are due and payable on January 31, 2009 (i.e., after the Petition Date), and the November Portion of the 2008 Taxes accrued on and after the Petition Date. Therefore, Dentici believes that the Debtor is obligated to immediately pay the November Portion to Dentici.

## II. **Relief Requested – Immediate Payment of Attorney Fees**

15. Dentici also requests that this Court enter an Order compelling the Debtor to immediately pay Dentici the attorney fees it has incurred in connection with the Debtor's failure to pay the November Portion. In relevant part, the Lease states as follows:

> "In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease (in which Landlord and Tenant are adverse parties) or to seek a judicial declaration of rights under this Lease, the prevailing party in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable and actual attorneys' fees and costs through all levels of proceeding." Lease, at p. 31.

16. The Lease also states, in paragraph 29(c), that "Landlord may recover from Tenant, and Tenant shall pay to Landlord <u>upon demand</u>, such reasonable and actual expenses as Landlord may incur … as a result of any Event of Default hereunder (including without limitation attorneys fees) …." <u>Lease</u>, at p. 27.

17. The attorney fees already incurred, and to be incurred, by Dentici in connection with the Debtor's failure to pay the November Portion, including but not limited to the preparation and prosecution of this Motion, all accrued after the Petition Date and are due upon demand under the terms of the Lease. Accordingly, Dentici submits that, pursuant to the Opinion, the Debtor is required to pay those attorney fees immediately.

18. The attorney fees already incurred, and to be incurred, by Dentici in connection with the Debtor's failure to pay the November Portion will total not less than Two Thousand Dollars ($2,000).

### Waiver of Memorandum of Law

19. Dentici requests that the requirement that all motions be accompanied by a separate memorandum of law be waived pursuant to local Bankruptcy Rule 9013-1(G) because there are no novel issues of law presented in the motion and all applicable authority is set forth in the motion.

### No Prior Request

20. No previous motion for the relief sought herein has been made to this court any other behalf of Dentici.

WHEREFORE, Dentici Family Limited Partnership respectfully requests the Court enter an order compelling the Debtor to immediately pay Dentici the November

Portion, plus not less than $2,000 in attorney fees, and granting such further relief as the Court deems just and proper.

                            DENTICI FAMILY LIMITED
                            PARTNERSHIP

                            By: /s/ Neil E. McCullagh
                                  Counsel

Neil E. McCullagh (VSB No. 39027)
Cantor Arkema, P.C.
Bank of America Center
1111 East Main Street, 16th Floor
Post Office Box 561
Richmond, Virginia 23218-0561
Telephone: (804) 644-1400
Telecopier: (804) 225-8706
  Counsel for Dentici Family Limited
    Partnership

6