Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   1Case No. 08-35653 (KRH)
et al.,                     :
                            :
              Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363
(I) APPROVING PROCEDURES IN CONNECTION WITH SALE OF
CERTAIN EXCLUDED DEFECTIVE INVENTORY, (II) APPROVING SALE
OF SUCH INVENTORY FREE AND CLEAR OF ALL INTERESTS AND
(III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors,

for entry of an order, under Bankruptcy Code

sections 105 and 363 and Bankruptcy Rule 6004

(I) approving procedures in connection with the sale of

---

[1]    Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

the Excluded Defective Inventory, (II) approving the

Sale of Excluded Defective Inventory free and clear of

all interests and (III) granting related relief; and the

Court having reviewed the Motion; and the Court having

determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their

creditors, and other parties in interest; and it

appearing that proper and adequate notice of the Motion

has been given and that no other or further notice is

necessary; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this

matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A).

B.   Venue of these cases and the Motion in

this district is proper under 28 U.S.C. §§ 1408 and

1409.

---

[2]  Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

C.   Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Sale Process and Sale) has been afforded to those parties that requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order")), as well as (a) all entities known to have an interest in any of the Excluded Defective Inventory to be sold or in similar assets; all federal, state, and local regulatory or taxing authorities or recording offices that have a known interest in the relief requested through the Motion.

D.   Notice of the Sale Process, as set forth in the Motion, is appropriate and reasonably calculated

to provide all interested parties with timely and proper
notice, and no other or further notice is required.

E.   The Sale Process[2] is fair, reasonable and
appropriate and is designed to maximize the recovery
with respect to the Sale of the Excluded Defective
Inventory.

F.   The Sale Process is designed such that
the Sale of the Excluded Defective Inventory can be
relied upon to have been negotiated and to have been
undertaken by the Debtors, an agent (if applicable) and
any purchasers at arms' length without collusion or
fraud, and in good faith within the meaning of Sections
363(m) of the Bankruptcy Code.  As a result of the
foregoing, the Debtors and the purchaser(s) are entitled
to the protections of Section 363(m) of the Bankruptcy
Code.

G.   The Debtors have demonstrated a
compelling and sound business justification for the Sale
of the Excluded Defective Inventory under the

---

[2]   If the Creditors' Committee consents, the Sale Process shall
include (i) the ability for the Debtors to conduct an auction
among those bidders that submit fee or equity proposals to
liquidate the Excluded Defective Inventory and (ii) one or more
private sales of Excluded Defective Inventory.

circumstances, timing, and procedures set forth herein
and in the Motion.

H.   The entry of this Order is in the best
interests of the Debtors and their estates, creditors,
and interest holders and all other parties in interest
herein.

I.   Upon filing the Sale Notice by the
Debtors, the consideration provided by any purchaser for
the Excluded Defective Inventory shall be deemed fair
and reasonable; and it is therefore:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   Pursuant to Bankruptcy Code sections 105
and 363, the Sale Process (and any agency agreement or
purchase agreement, if applicable) and, subject to
filing the Sale Notice, the Sale of the Excluded
Defective Inventory is hereby APPROVED.

2.   The Debtors may employ the Sale Process
to conduct the Sale of the Excluded Defective Inventory.
The Debtors shall have the right to modify the Sale
Process as necessary or as they deem appropriate to
maximize value for their estates and creditors.  In
addition, subject to court approval, the Debtors shall

have the right to sell all or portions of the Excluded
Defective Inventory through other means; provided,
further, that if the Creditors' Committee consents, the
Debtors are hereby authorized to (i) enter into an
agency agreement with an agent to sell the Excluded
Defective Inventory on terms mutually agreeable to the
Debtors and such agent, as consented to by the
Creditors' Committee and (ii) enter into one or more
purchase agreements for the sale of Excluded Defective
Inventory, as consented to by the Creditors' Committee;
provided, further, that, before the Debtors' proceed
with web auctions under the Sale Process, the Debtors
shall consult with the Creditors' Committee.

          3.   Pursuant to the Sale Process, the Debtors
shall select the Successful Bidder(s), which may include
an agent who, pursuant to an agency agreement will sell
the Excluded Defective Inventory under or through means
other than the Sale Process.  Upon selection of the
Successful Bidder(s), the Debtors shall file the Sale
Notice with this Court (i) identifying the Successful
Bidder(s), the Excluded Defective Inventory purchased by
each Successful Bidder or attach relevant agreements

pursuant to which the Excluded Defective Inventory shall be sold, and the purchase price, fee or guaranteed amount (as the case may be) for such inventory, and (ii) stating that the Sale was conducted in accordance with the Sale Process, that the Successful Bidder(s) participated in the Sale Process in good faith and without collusion, the Successful Bidder(s) were not insiders of the Debtors, that the Successful Bid(s) represent the highest or otherwise best offer for the purchase of all or portions of Excluded Defective Inventory, and, if applicable, the Creditors' Committee has consented.

4.    The Court hereby conditionally authorizes the Sale of the Excluded Defective Inventory to the Successful Bidder(s) and entry into relevant purchase agreements, if appropriate (or, in the case of an agent, conditionally authorizes entry into an agency agreement and the Sale of the Excluded Defective Inventory by such agent).  Upon the filing of the Sale Notice, the authorization(s) in the foregoing sentence shall be final and the Debtors may close the Sale transaction

absent any additional hearing or further order of this
Court.

5.   Upon filing the Notice, the Debtors'
right, title, and interest in the Excluded Defective
Inventory shall be transferred to the Successful
Bidder(s) (or, in the case of a transaction conducted
through an agent, the purchaser(s)) free and clear of
all interests, including liens, claims, and encumbrances
("Interests"), with all such Interests to attach to the
cash proceeds of the Sale in the order of their
priority, with the same validity, force, and effect
which they had as against the Excluded Defective
Inventory immediately before such transfer, subject to
any claims and defenses the Debtors may possess with
respect thereto.

6.   The Sale is undertaken by the Successful
Bidder(s) in good faith and each Successful Bidder is
good faith purchaser of the Excluded Defective Inventory
as that term is used in Bankruptcy Code section 363(m).
Each Successful Bidder is entitled to all of the
protections afforded by Section 363(m) of the Bankruptcy
Code.

7.    In the event the Debtors, in their sole discretion, determine that a further approval order is necessary or appropriate, the Debtors may submit such order to this Court without further notice or hearing, provided that the Creditors' Committee has endorsed such order.

8.    This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

9.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10.   This Court shall retain jurisdiction with

respect to all matters arising or related to the

implementation of this Order.

Dated:  Richmond, Virginia
        February __, 2009

        Feb 18 2009

                        /s/ Kevin Huennekens
        _____

        UNITED STATES BANKRUPTCY JUDGE

Entered on docket:  2/18/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1          Date Rcvd: Feb 18, 2009
Case: 08-35653               Form ID: pdforder        Total Served: 1
```

The following entities were served by first class mail on Feb 20, 2009.
```
aty        +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
            Wilmington, DE 19899-0636
```

The following entities were served by electronic transmission.
```
NONE.                                                                          TOTAL: 0
```

```
          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 20, 2009**                    **Signature:**        _Joseph Speetjens_