UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**MOTION OF SCHIMENTI CONSTRUCTION COMPANY, LLC
FOR LEAVE TO ATTEND HEARING BY TELEPHONE**

Schimenti Construction Company, LLC ("Schimenti Construction"), a creditor and party in interest in the above-captioned bankruptcy proceeding, hereby seeks leave of Court pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 202 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures, to attend the February 25, 2009 omnibus hearing by telephone. In support of the foregoing, Schimenti Construction represents as follows:

1. On November 10, 2009, Circuit City Stores, Inc. (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. Schimenti Construction has a claim that is partially secured and unsecured against the Debtor arising in part from a contractual agreement for construction and fit-out work of Debtor's store located at 1200 Route 22 East, North Plainfield, New Jersey (the "N Plainfield Store" or the "N Plainfield Project").

---
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile: (703) 647-5982
tara.elgie@leclairryan.com

*Counsel for Schimenti Construction Company, LLC*

3. Prior to executing the construction contract referenced above, on or about August 23, 2006, Debtor entered into a non residential lease agreement with N Plainfield VF for the premises on which the N Plainfield Store is located (the "Lease Agreement").

4. On February 5, 2009, and in compliance with Local Bankruptcy Rule 2004-1, Schimenti Construction filed a routine Motion for 2004 Examination (the "Rule 2004 Motion") of North Plainfield VF LLC, (hereafter "N Plainfield VF") seeking specified documents and an examination of a representative of N Plainfield VF to determine, among other thing: (i) whether the Lease Agreement or any other agreement by and between N Plainfield VF and the Debtor provided for allowances for the work performed by Schimenti Construction; and (ii) to determine whether the Lease Agreement required either N Plainfield VF or the Debtor, or both, to hold Schimenti Construction's earned contract retainage in a separate escrow account (the "Schimenti Construction 2004 Motion").  *See* Docket No. 1980.

5. On February 16, 2009, N Plainfield VF filed a document captioned *Objection to and Motion to Quash with Supporting Memorandum of Law Schimenti Construction Company, LLC's Motion for 2004 Examination of North Plainfield VF LLC and Request for Production of Documents* (the "Rule 2004 Objection"). *See* Docket No. 2195.[1]

6. In the Rule 2004 Objection, N. Plainfield VF advances frivolous arguments in a blatant effort to thwart Schimenti Construction's legitimate rights to conduct an examination of N. Plainfield VF, and inspect documents related to the Debtor, under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

7. On February 19, 2009, Schimenti Construction filed a reply (the "Reply") to the N Plainfield VF Rule 2004 Objection, wherein it cites to, among other things, the legal and factual

---

[1] Prior to the February 16, 2009, Schimenti Construction worked diligently to address and resolve N Plainfield VF's issues regarding the Rule 2004 Motion; however, in the end it became apparent that N Plainfield VF had no interest in producing documents or appearing for a Rule 2004 examination, notwithstanding the plain language and policy considerations underlying Rule 2004 of the Federal Rules of Bankruptcy Procedure.

inaccuracies contained in the Rule 2004 Objection, and further support to grant the Rule 2004 Motion. Schimenti Construction also seeks attorney fees in the Reply for the costs of litigating the Rule 2004 Objection.

8. On November 13, 2008, the Court entered an Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (the "Order"). Page 5 of the Order states:

> (g) Upon request, the Court may allow counsel to listen to a hearing by telephone. If a matter is contested, counsel must attend in person, unless leave of the court is granted on a case by case basis.

9. Good cause exists to grant the instant Motion. Schimenti Construction's lead counsel, Patrick M. Birney and Peter E. Strniste, Jr.[2]—whose offices are in Hartford, Connecticut—have been representing Schimenti Construction in connection with the N Plainfield Project and the Lease Agreement, and have a unique and complete understanding of the facts and circumstances related to the issues underlying the construction project and presented in the Rule 2004 Motion, the Rule 2004 Objection and the Reply (collectively the "Rule 2004 Papers").

10. There will be no live testimony needed in relation to the Rule 2004 Papers. Moreover, the legal standard under Rule 2004 of the Federal Rules of Bankruptcy Procedure is straightforward. As such, the arguments of the respective parties should take less than 15 minutes, in total.

11. Additionally, Schimenti Construction has requested attorney fees and costs related to N Plainfield VF's Rule 2004 Objection. If Schimenti Construction prevails on the Rule 2004

---

[2] Messrs Birney and Strniste were previously been admitted *Pro Hac Vice* in this (Doc Nos. 2028 and 2029).

3

Motion, and pursues attorneys' fees and costs, said fees and costs will be substantially reduced if Messrs Birney or Strniste are allowed to participate telephonically.

12. Conversely, Schimenti Construction will incur substantial costs and fees if it is required to send either Messrs Birney or Strniste to this hearing. These costs and fees will be in addition to the substantial costs and fees it will incur in reviewing documents and conducting examinations if the Rule 2004 Motion is granted and the Rule 2004 examination permitted to proceed.

13. Based on unique knowledge of the facts in this case by Messrs Birney and Strniste, the ends of justice would be served by allowing one of them to appear for argument in this case in controversy.

14. Accordingly, in an effort to reduce the transactions costs in this case, Schimenti Construction respectfully requests leave of the Court pursuant to the Order so that one of them may appear and participate by telephone with Virginia counsel present in the courtroom.

WHEREFORE, by reason of the foregoing, Schimenti Construction respectfully requests that this Court grant this Motion and enter an Order substantially in the form annexed hereto permitting Patrick M. Birney and Peter E. Strniste, Jr. leave to appear and be heard by telephone at the hearing on the Rule 2004 Papers to be held on February 25, 2009 at 2:00 p.m. and granting such other relief as necessary and appropriate.

Respectfully submitted,

SCHIMENTI CONSTRUCTION
COMPANY, LLC

/s/  Tara L. Elgie
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com

-and-

Peter E. Strniste, Jr. (Admitted *Pro Hac Vice*)
Patrick M. Birney (Admitted *Pro Hac Vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone (860)275-8200
Facsimile (860)275-8299
pstrniste@rc.com
pbirney@rc.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on this the 23rd day of February 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons appearing below:

    William A. Gray, Esquire
    Lisa Taylor Hudson, Esquire
    SANDS ANDERSON MARKS & MILLER
    801 E. Main Street, Suite 1800
    Richmond, Va 23219-1998
    *Counsel to North Plainfiled VF LLC*

    Daniel F. Blanks, Esquire
    Douglas M. Foley, Esquire
    McGuire Woods LLP
    9000 World Trade Center
    101 W. Main Street
    Norfolk, VA  23510
    *Counsel for Debtors*

    Dion W. Hayes, Esquire
    James S. Sheerin, Esquire
    Sarah Beckett Boehm, Esquire
    McGuire Woods LLP
    Ones James Center
    901 E. Cary Street
    Richmond, VA  23219
    *Counsel for Debtors*

    Gregg M. Galardi, Esquire
    Skadden Arps Slate Meagher & Flom, LLC
    One Rodney Square
    Post Office Box 636
    Wilmington, Delaware  19899-0636
    *Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Strang Ziehl & Jones LLP
780 Third Aenue, 26th Floor
New York, New York 10017
*Counsel for the Creditors Committee*

/s/ Tara L. Elgie
Tara L. Elgie (Va. Bar No. 48259)
Martha E. Hulley (Va. Bar No. 73052)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Telephone: (703) 684-8007
Facsimile:  (703) 647-5982
tara.elgie@leclairryan.com
martha.hulley@leclairryan.com
