**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------------x
In re:                                                                                :
                                                                                          :   **Chapter 11**
**CIRCUIT CITY STORES, INC., <u>et al.</u>,**                  :
                                                                                          :    Case No. 08-35653 (KRH)
    Debtors.                                                                     :
                                                                                          :   Jointly Administered
                                                                                          :
------------------------------------------------------------x

**LIMITED OBJECTION OF MACY'S RETAIL HOLDINGS, INC. TO DEBTORS'
THIRD OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING
REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
<u>REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY</u>**

Macy's Retail Holdings, Inc. ("Macy's"), by its undersigned counsel, submits this Limited Objection to the *Debtors' Third Omnibus Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006 Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property* (the "Motion") [DE #2178]. In support, Macy's respectfully states:

**BACKGROUND**

1.      On November 10, 2008 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:     (804) 697-4100
Facsimile: (804) 697-4112

Local counsel to Macy's Retail Holdings, Inc.

Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On February 13, 2009, the Debtors filed the Motion seeking, *inter alia*, authorization to reject certain unexpired, nonresidential real property leases.

4. Macy's subleases retail space in a shopping center located in Dayton, Ohio (the "Leased Premises") to the Debtors pursuant to a written sublease (the "Sublease"). The Leased Premises are known to the Debtors as Store No. 3189.

5. The Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. By the Motion, the Debtors seek, among other things, to reject the Sublease as of February 23, 2009.

### **LIMITED OBJECTION**

7. Macy's does not challenge the Debtors' exercise of business judgment for rejecting the Sublease. However, for the following reasons, Macy's objects to certain aspects of the Motion.

8. First, with the Motion, the Debtors are asking that the rejection of the Sublease be effective as of February 23, 2009. The Debtors also assert that they will expeditiously vacate the Leased Premises. However, the Debtors should not be permitted to reject the Sublease prior to vacating the Leases Premises. Macy's submits that the rejection of the Sublease should be effective the later of entry of an order rejecting the Sublease and the date the Debtors vacate the Leased Premises and surrender such Leased Premises to Macy's.

9. Second, although the Debtors do not indicate their intentions with respect to the

payment of rent and other obligations under the Sublease, Macy's submits that any rejection of the Sublease must comply with the Debtors' obligation under section 365 of the Bankruptcy Code.

10. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that

> The trustee shall timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

11. The Debtors are obligated to pay all of their obligations under the Sublease through the effective date of rejection, including the full month's rent for the month in which the Sublease is rejected, regardless of whether the Debtors are in possession of the Leased Premises. *See*, *e.g.*, *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001); *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986, 989 (6th Cir. 2000).

12. Accordingly, any order authorizing the Debtors to reject the Sublease should require the Debtors to satisfy all of their obligations under the Sublease that become due up to and including the date of rejection without pro-ration.

13. **WHEREFORE**, Macy's respectfully requests that the Court enter an order: (i) sustaining this Limited Objection; (ii) requiring that the Debtors, pursuant to section 365(d)(3) of the Bankruptcy Code, continue to timely perform all payment obligations under the Sublease when due, without pro-ration; and (iii) granting Macy's such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: February 23, 2009   Respectfully submitted,

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-411
aepps@cblaw.com
mmueller@cblaw.com
jmclemore@cblaw.com

-AND-

Ronald E. Gold (Ohio Bar No. 0061351)
Joseph B. Wells (Ohio Bar No. 0082775)
**FROST BROWN & TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
rgold@fbtlaw.com
jbwells@ftblaw.com

*Local Counsel and Counsel, respectively, for Macy's Retail Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2009, I caused a copy of the foregoing document to be served by electronic means on the "2002" and "Core" lists through the ECF system and that on the 24th day of February, 2009 I will cause the document to be served on any of the 2002 and Core lists not receiving service through the Court's ECF system.

/s/ Augustus C. Epps, Jr.

CINLibrary 0000000.0001541 1941123v1