Paul M. Black
Spilman Thomas & Battle, Pllc
P. O. Box 90
310 First Street, Suite 1100
Roanoke, VA 24002
Telephone: (540) 512-1804
Facsimile: (540) 342-4480
Email: pblack@spilmanlaw.com

-and-

Sara L. Chenetz, Esq.
Sonnenschein Nath & Rosenthal LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Tel: (213) 892-5024
Tel: (213) 623-9924
Email address: schenetz@sonnenschein.com.
Counsel for SONY PICTURES HOME ENTERTAINMENT INC.

**Hearing Date: March 30, 2009**
**Objection Deadline: March 23, 2009 at 4 pm**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.** | ) |
| | ) **Case No. 08-35653-KRH** |
| | ) |
| **Debtors.** | ) **Jointly Administered** |
| | ) |

## MOTION OF SONY PICTURES HOME ENTERTAINMENT INC. FOR ENTRY OF ORDER ALLOWING ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A), 503(b)(9) and 507(a)(2)

Sony Pictures Home Entertainment Inc. ("SPHE") hereby submits this motion (the "Motion") for entry of an order allowing SPHE administrative expenses in the amount of $70,105.72 pursuant to Sections 503(b)(1)(A) and 507(a)(2) of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Reclamation Order (as defined below), and in the amount of $1,406,488.43 pursuant to Sections 503(b)(9)

- 1 -

("Section 503(b)(9)") and 507(a)(2) of the Bankruptcy Code in the case of Circuit City Stores, Inc. ("Circuit City"), Case No. 08-35653-KRH (collectively with the other debtors in these cases, the "Debtors"). SPHE further seeks that this order direct Circuit City to immediately pay the $70,105.72 amount and to pay the $1,406,488.43 amount no later than simultaneously with payments made to other holders of administrative expenses allowed pursuant to Section 503(b)(9).

In support of its Motion, SPHE respectfully states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BASIS FOR RELIEF

2.  Sections 503(a), 503(b)(9) and 507(a)(2) of the Bankruptcy Code and the Order Granting Motion of Debtors for Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h)(I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands (the "Reclamation Order") entered in these cases authorize the relief requested in this Motion.

### BACKGROUND

3.  On November 10, 2008 (the "Petition Date"), the Debtors filed their respective voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and management of their businesses as debtors in possession.

4.  As described in the declaration of Michael Schillo ("Schillo Declaration") attached hereto as Exhibit 1, the Executive Director of Credit at SPHE, prior to and after the commencement of these cases, SPHE sold DVDs and Blu-Ray discs (collectively

- 2 -

"Goods") to Circuit City for retail sale in its stores. For a period of years beginning no later than in 2005, Circuit City ordered and purchased Goods from SPHE with the following procedures: In advance of the release of a motion picture title, television programming or other content (each a "Title") for sale for home use on DVDs and Blu-Ray discs (once Blu-Ray discs became available for sale), SPHE would contact Circuit City and recommend the number of units for the Title that Circuit City should buy and the number of units for the Title that should be sent to each Circuit City store. Circuit City would then place an order for whatever number of units for the Title it wished to purchase and indicate how many units should be sent to each store. Circuit City had no obligation to accept the SPHE recommendation. It could order the recommended amount, a larger or smaller amount. Circuit City issued purchase orders for all orders it placed with SPHE.

5. Also as described in the Schillo Declaration, SPHE shipped the specified number of units ordered by Circuit City for each Title to the Circuit City stores indicated by Circuit City and issued and sent Circuit City an invoice for each such order. Each invoice set forth, among other information, the pertinent Titles, the number of units of each Title, the cost for the Title, the store to which the shipment was to be delivered, indicated by Circuit City store number and address, and customer purchase order number. A copy of an example of an invoice issued by SPHE to Circuit City is attached to the Schillo Declaration as Exhibit "A." Throughout the prepetition period, invoice terms were "net 60," meaning that payment for each invoice was due to be made by Circuit City to SPHE within 60 days of the invoice date, and Circuit City regularly made payments to SPHE in accordance with the invoice terms. The invoice date nearly always was the shipment date. Beginning sometime in 2006, SPHE deliveries to Circuit City were shipped via Federal Express. Previously, these deliveries were shipped via United Parcel Service. The procedures used with both carriers were the same. Most deliveries were sent via ground delivery and it took four days for Goods sent from SPHE to Circuit

City stores to arrive at the stores. A small amount of deliveries were sent via air to expedite receipt by Circuit City.

6. The procedures described above for the sale and delivery of Goods by SPHE to Circuit City were in effect without interruption from at least sometime in 2005 through and including the day prior to the Petition Date.

7. On November 24, 2008, SPHE sent a notice and demand for reclamation and other claims (the "Reclamation Demand") to Kurtzman, Carson Consultants LLC ("KCC"), the Court approved claims agent in these cases, including for the submission of reclamation demands.[1] The Reclamation Demand was addressed to Circuit City Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 and was sent via Federal Express overnight delivery. The same day SPHE also sent copies of the Reclamation Demand to Circuit City and its counsel, also via Federal Express overnight delivery. The Reclamation Demand demands return of all Goods sold by SPHE to Circuit City within 45 days of the commencement of these cases, in the total amount of $3,868,744.71, and sets forth a "Section 503(b)(9) Claim pursuant to Section 503(b)(9) of the United States Bankruptcy Code, 11 U.S.C. § 503(b)(9), for a portion of the Goods subject of this demand, in the approximate amount of not less than $1,511,450.52."

8. The Reclamation Demand provides, among other things, that the Goods subject of the demand were sold and delivered in the ordinary course of the Debtors' business. The Reclamation Demand included a detailed schedule of all Goods subject of the Reclamation Demand. This schedule set forth the invoice number; invoice date; the value of the Goods sold pursuant to each invoice; the estimated receipt date for each invoice (four days after the invoice date); the method of delivery (always Federal Express); the Circuit City store to which the Goods subject of each invoice was sent

---

[1] *See* Reclamation Order ¶ 5(a).

- 4 -

(identified by Circuit City store number); the customer purchase order number; and sales order number. A true copy of the Reclamation Demand is attached to the Schillo Declaration as Exhibit "B."

9. On January 30, 2009, SPHE delivered a Section 503(b)(9) Claim Request Form ( the "503(b)(9) Form") in the amount of $1,511,450.52 to KCC, by hand, at the address to which the Reclamation Demand was sent. The 503(b)(9) Form contains the same information as the Reclamation Demand does, except that instead of including information for all deliveries occurring within 45 days of the Petition Date, it was limited to deliveries occurring within 20 days before the Petition Date (the "20 Day Period"). It also attached the Reclamation Demand. The only part of the 503(b)(9) Form which is not a part of the Reclamation Demand is a cover sheet, summarizing the attached information and a brief description of the attached spreadsheet. It contains no new information. On February 3, 2009, the 503(b)(9) Form was corrected to eliminate a clerical error on the cover sheet and that together with additional copies of the attachments was delivered to KCC, by hand, the same day. A true copy of the 503(b)(9) Form, as corrected (without a duplicate attached copy of the Reclamation Demand), is attached to the Schillo Declaration as Exhibit "C."

10. As further discussed below and in the Schillo Declaration, SPHE very recently reviewed each of the more than 9,000 proofs of delivery created by Federal Express for every single invoice included on the Reclamation Notice and 503(b)(9) Form as having been delivered to Circuit City within the 20 Day Period. In doing so, SPHE determined that of these, $20,604.39 of invoices were delivered prior to October 20, 2008 (the start of the 20 Day Period), $70,105.72 were delivered on and after the Petition Date, and in connection with $14,251.98 of these invoices SPHE could not confirm the delivery date.

## RELIEF REQUESTED

11. In filing this Motion, SPHE anticipates Circuit City will not change its position that SPHE's Reclamation Demand, together with the reclamation demands of all other parties who filed such demands, do not create any entitlement on the part of reclaiming parties to the return of goods or to an administrative expense. The Debtors already have asserted that this is so, if the liens of prepetition lenders on prepetition inventory are valid.[2] SPHE does not concede that the Debtors' position is correct.

12. It is anticipated that by the time of the hearing on this Motion, the Court ordered 120 day period (the first 120 days of the cases) in which the Debtors were to advise each reclaiming claimant of the allowed amount of its reclamation demand, if any, will have passed. If no such notice is received by a reclaiming claimant within this period, its reclamation demand is deemed to have been rejected.[3] As of the filing of this Motion, no such notice has been received by SPHE. If after the filing of this Motion, Circuit City advises SPHE that it is entitled to the return of goods, payment or other relief in connection with its Reclamation Demand, SPHE does not waive and expressly preserves it right to treatment in accordance with such determination, as well as all other rights and entitlements attendant to its Reclamation Demand.[4]

13. Through this Motion, SPHE seeks allowance as an administrative expense and immediate payment for $70,105.72 of Goods delivered to Circuit City in the ordinary course of its business post-petition for which SPHE has not received payment.

14. Through this Motion, SPHE also seeks allowance of an administrative expense pursuant to Section 503(b)(9), so that this entitlement will be liquidated and

---

[2] *See* Motion of Debtors for Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h)(I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands ("Reclamation Motion"), page 11.
[3] *See* Reclamation Order ¶ 5(c).
[4] *See* Reclamation Order ¶ 5(d).

- 6 -

distributions made thereon at the earliest possible time.[5] Specifically, SPHE seeks entry of an order allowing it an administrative expense in the amount of $1,406,488.43 pursuant to Section 503(b)(9) and directing that distributions be made thereon no later than simultaneously with distributions to other holders of allowed Section 503(b)(9) administrative expenses.[6]

## ARGUMENT

15.     The Bankruptcy Code provides that after a notice and hearing, the Court shall allow administrative expenses. 11 U.S.C. § 503(b).

16.     Through the Reclamation Motion, the Debtors sought authority in these cases to grant administrative status under Sections 503(b) and 507(a)(2) of the Bankruptcy Code and to pay for goods they received from vendors as a result of the postpetition delivery of goods under their customary prepetition practices in the ordinary course of business. This relief was granted through the Reclamation Order.[7] As

---

[5] The Debtors recently filed an omnibus objection to certain proofs of claim asserting Section 503(b)(9) administrative expenses, indicating that the Debtors are in the process of addressing the allowance of such amounts. *See* Debtors' First Omnibus Objection (I) Certain Duplicative 503(b)(9) Claims and (II) Certain Amended 503(b)(9) Claims.

[6] "The legislative history of § 503(b)(9) 'suggests that it was aimed at providing relief to sellers of goods who fail to give the required notice under the reclamation provision of section 546(c)[.]'" *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 875 (9th Cir. B.A.P. 2007) (citation omitted). It follows that a reclamation notice constitutes or may constitute a demand for allowance of a 503(b)(9) administrative expense. As discussed herein, the Reclamation Demand contains all the information that pertains to allowance of a 503(b)(9) administrative expense. The only thing it did not have that most proofs of claim have is a cover sheet. In addition, the Reclamation Demand constitutes an informal proof of claim, which was amended by the filing of the 503(b)(9) Form. The Fourth Circuit has long had a liberal view in recognizing that informal proofs of claims filed before the expiration of a bar date, which are later amended by the filing of a proof of claim, constitute the basis on which a claim may be allowed. *See e.g. In re Rowe Furniture, Inc.*, 384 B.R. 732, 736-738 (Bankr. E.D. Va. 2008) (citations omitted). At least one court has said that a reclamation demand (in that case made through a letter written by counsel) constitutes an informal proof of claim. *In re First Magnus Financial Corp.*, 2008 WL 5046596 (Bankr. D. Az. Oct. 16, 2008).

[7] *See* Reclamation Order ¶ 2-3.

-7-

discussed herein and in the Schillo Declaration, $70,105.72 of Goods were received by Circuit City immediately after the commencement of these cases, SPHE has not received payment for those Goods. No payment has been received for these Goods even though in the ordinary course of business such payments would have been made within 60 days of the applicable invoice dates, and these Goods were delivered by SPHE to Circuit City in the ordinary course of Circuit City's business.

17. The administrative expenses to be allowed in all cases include "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

18. In light of the statutory language of Section 503(b)(9), there are four elements of a Section 503(b)(9) administrative expense. The first element is whether "goods" as contemplated in Section 503(b)(9) were sold to the debtor. If so, the next element is whether those goods were received by the debtor within 20 days of the petition date. If those two elements are meet, the next consideration should be whether the goods were sold to the debtor in the ordinary course of its business. Finally, if goods were delivered to the debtor within 20 days of the petition date in the ordinary course of the debtor's business, the value of the goods should be determined. As discussed immediately below, all four of these elements are readily determinable here and SPHE is entitled to the requested allowance of an administrative expense.

19. The term "goods" is not defined in the Bankruptcy Code. In determining whether something is a good for purposes of Section 503(b)(9), some courts have looked to the Uniform Commercial Code definition of goods and rejected arguments for the application of broader definitions of goods. *See In re Plastech Engineered Products, Inc.*, 397 B.R. 828, 836 (Bankr. E.D. Mich 2008) (citations omitted). Still, there is no binding authority on how goods should be defined for purposes of Section 503(b)(9) and

few courts have addressed this issue. This uncertainty in the law is of no import for this Motion. Pursuant to the Uniform Commercial Code, goods are, among other things, "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities . . . and things in action." *See* VA Code Ann § 8.2-105(1). DVDs and Blu-ray discs are consumer products which are classic movable goods and readily satisfy the Uniform Commercial Code definition of goods. If a broader definition of goods is applicable, DVDs and Blu-Ray discs would remain goods.

20.    As noted above and in the Schillo Declaration, in connection with the preparation of this Motion, SPHE reviewed the proofs of delivery for every invoice listed on both the Reclamation Demand and 503(b)(9) Form as having been delivered during the 20 Day Period. In doing so, SPHE found that a very small portion of those, with a total value of $20,604.39, were actually received by Circuit City more than 20 days before the cases began, $70,105.72 of those were delivered on and after the Petition Date and for $14,251.98 of those invoices SPHE could not verify the delivery date. Accordingly, SPHE hereby seeks allowance, pursuant to Section 503(b)(9), not of the $1,511,450.52 set forth in the Reclamation Demand and 503(b)(9) Form as having been delivered within the 20 Day Period, but instead the reduced amount of $1,406,488.43, which equals $1,511,450.52 less the sum of $20,604.39, $70,105.72 and $14,251.98.

21.    Attached to the Schillo Declaration as Exhibit "D" is a spreadsheet containing all the information on Exhibits B and C for deliveries with an estimated delivery date within the 20 Day Period, setting forth all the information on Exhibits B and C for these deliveries and additionally including the pertinent Federal Express tracking number; the first initial and last name of the person who signed for each such delivery; and the scan status (which is provided by Federal Express and indicates city, state, date and approximate time of delivery). Attached to the Schillo Declaration as Exhibit "E" is

a spreadsheet setting forth the same information for the deliveries on Exhibit B and C regarding which SPHE recently determined were delivered outside of the 20 Day Period or regarding which SPHE has been unable to confirm the delivery date.

22.    At least one court has addressed the issue of whether it is goods themselves or their value which must be received by the debtor within 20 days of the petition date for the Section 503(b)(9) priority to apply. *See In re Plastech Engineered Products, Inc.*, 2008 WL 5233014 (Bankr. E. D. Mich. Oct. 7, 2008). For this Motion this issue need not be addressed, as SPHE does not assert that the value of Goods were received by Circuit City prior to the receipt of the Goods themselves.

23.    As described above and in the Schillo Declaration, all Goods sold and delivered to Circuit City from SPHE during the 20 Day Period (whether delivered prepetition or postpetition), were sold and delivered in the ordinary course of Circuit City's business, a course of business which was in effect for many years before these cases began.

24.    The determination of the value of the Goods is simple. It is the sale price of the Goods sold by SPHE to Circuit City. The sale price for all the Goods sold by SPHE to Circuit City during the 20 Day Period is clearly set forth on Exhibits B, C and D to the Schillo Declaration. The value of the Goods equals the total number of DVDs and Blu-Ray discs sold and delivered by SPHE to Circuit City during the 20 Day Period, multiplied by the applicable unit price. This is $1,406,488.43, as discussed above.

## **RESERVATION OF RIGHTS**

25.    SPHE reserves any and all of its rights in connection with the Goods and other transactions involving SPHE and the Debtors. Nothing herein shall operate as a waiver or compromise of any of SPHE's rights, claims, remedies, defenses or entitlements in connection with or against any party.

## WAIVER OF THE MEMORANDUM OF LAW REQUIREMENT

26. SPHE respectfully requests that this Court treat this Motion as a written memorandum of points and authorities and waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(G). SPHE reserves the right to file a reply to any objections to this Motion.

27. Attached hereto as Exhibit 2 is a proposed order granting this Motion.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made by SPHE to this Court or any other Court.

WHEREFORE, SPHE respectfully requests that this Court enter an order:

(a) allowing SPHE an administrative expense in the amount of $70,105.72, and in accordance with the Reclamation Order directing that this amount be paid within ten days of entry of the order granting the Motion;

(b) allowing SPHE an administrative expense on behalf of SPHE, pursuant to Section 503(b)(9), in the amount of $1,406,488.43 and directing that distributions thereon occur no later than simultaneously with distributions to other holders of allowed administrative expenses pursuant to Section 503(b)(9); and

REMAINDER OF PAGE INTENTIONALLY BLANK

(c) granting such other relief and as this Court deems just and proper.

Dated: February 24, 2009

          Respectfully submitted,

          /s/ Paul M. Black
          Paul M. Black
          Spilman Thomas & Battle, Pllc
          P. O. Box 90
          310 First Street, Suite 1100
          Roanoke, VA 24002
          Telephone: (540) 512-1804
          Facsimile: (540) 342-4480

          -and-

          SONNENSCHEIN NATH & ROSENTHAL LLP
          Sara L. Chenetz, Esq.
          601 South Figueroa Street, Suite 2500
          Los Angeles, CA 90017-5704
          Tel: (213) 623-9300
          Fax: (213) 623-9924
          *Counsel to Sony Pictures Home Entertainment Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2009, a true copy of the foregoing document was filed and served using the Court's ECF System or was sent first class mail, postage prepaid to the Rule 2002 Notice List, and to the Core Group Service List set forth below:

Circuit City Stores, LLC
Attn: Reginald D. Hedgebeth
9950 Mayland Drive
Richmond, VA 23233

Department of Justice Civil Division
Attn: Director
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC 20044

Commonwealth of Virginia
Attn: State Corporation Commission
Tyler Building
1300 E. Main Street
Richmond, VA 23219

Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

Corporate Sales and Use, Employer Withholding,
and Litter Tax
Virginia Department of Taxation
3600 West Broad Street
Richmond, VA 23230-4915

Environmental Protection Agency
Attn: Diana Saenz
1200 Pennsylvania Avenue NW
Suite 4209
Washington, DC 20004

Environmental Protection Agency
Attn: Office of General Council
U.S. EPA Mailcode 2377R
1300 Pennsylvania Ave. NW
Washington, DC 20004

FTI Consulting, Inc.
Attn: Mr. Robert J. Duffy
Mr. Stephen Colombe
200 State Street, Second Floor
Boston, MA 02109

Internal Revenue Service
Attn: L. Lorello
400 N 8th Street Box 76
Richmond, VA 23219

Kirkland & Ellis, LLP
Attn: Linda K Myers Esq.
200 E Randolph Dr
Chicago, IL 60601

Kurtzman Carson Consultants LLC
Attn: Evan Gershbein
2335 Alaska Avenue
El Segundo, CA 90245

Kutak Rock LL
Attn: Peter Barrett
1111 East Main Street
Suite 800
Richmond, VA 23219

Leclair Ryan
Attn: Bruce Matson Esq.
Riverfront Plaza E Tower
951 E Byrd St 8th Floor
Richmond, VA 23219

National Association of Attorneys General
Attn: Karen Cordry Esq.
NAAG Bankruptcy Counsel
2030 M Street NW 8th Floor
Washington, DC 20036

McGuireWoods LLP
Attn: Dion W. Hayes
901 E Cary Street
One James Center
Richmond, VA 23219

Office of the Attorney General
Attn: Bob McDonnell
State of Virginia
900 E Main Street
Richmond, VA 23219

Office of the Secretary of the Commonwealth
1111 East Broad Street, 4th Floor
Richmond, VA 23219

Office of the U.S. Trustee
Attn: Robert B Van Arsdale
701 Broad Street
Suite 4304
Richmond, VA 23219-1888

Office of the United States Trustee
Richmond, Virginia Office
600 East Main Street, Suite 301
Richmond, VA 23219

Pachulski Stang Ziehl & Jones LLP
Attn: Robert J Feinstein Esq.
780 Third Ave 36th Floor
New York, NY 10017

| | |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>Attn: Jeffrey N Pomerantz Esq.<br>10100 Santa Monica Blvd<br>11th Floor<br>Los Angeles, CA 90067-4100 | Riemer & Braunstein LLP<br>Attn: David S Berman<br>Three Center Plaza 6th Floor<br>Boston, MA 02108 |
| Secretary of Treasury<br>15th & Pennsylvania Ave NW<br>Washington, DC 20020 | Securities and Exchange Commission<br>Attn: Nathan Fuchs Esq., Patricia Schrage Esq<br>New York Office<br>Branch/ Reorganization<br>3 World Financial Center Suite 400<br>New York, NY 10281-1022 |

| | |
|---|---|
| Securities and Exchange Commission<br>Attn: Bankruptcy Unit<br>100 F Street NE<br>Washington, DC 20020 | Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Gregg M Galardi Esq.<br>One Rodney Square<br>PO Box 636<br>Wilmington, DE 19899-0636 |
| Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Ian S Fredericks Esq.<br>One Rodney Square<br>PO Box 636<br>Wilmington, DE 19899-0636 | Skadden, Arps, Slate, Meagher & Flom, LLP<br>Attn: Timothy G. Pohl Esq., Chris L Dickersc<br>333 West Wacker Drive Suite 2000<br>Chicago, IL 60606 |

Tavenner & Beran PLC
Attn: Lynn L Tavenner Esq., Paula S Beran Esq.
20 N Eighth Street 2nd Floor
Richmond, VA 23219

/s/ Paul M. Black

Paul M. Black