# EXHIBIT 1

Paul M. Black
Spilman Thomas & Battle, Pllc
P. O. Box 90
310 First Street, Suite 1100
Roanoke, VA 24002
Telephone: (540) 512-1804
Facsimile: (540) 342-4480
Email: pblack@spilmanlaw.com

-and-

Sara L. Chenetz
Sonnenschein Nath & Rosenthal LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: (213) 892-5024
Tel: (213) 623-9924
Email address: schenetz@sonnenschein.com.

Counsel for SONY PICTURES HOME ENTERTAINMENT INC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.** ) | |
| . ) | **Case No. 08-35653-KRH** |
| ) | |
| **Debtors.** ) | **Jointly Administered** |
| ) | |

**DECLARATION OF MICHAEL SCHILLO IN SUPPORT OF MOTION OF
SONY PICTURES HOME ENTERTAINMENT INC. FOR
ENTRY OF ORDER ALLOWING ADMINISTRATIVE EXPENSES
PURSUANT TO 11 U.S.C. §§ 503((b)(1)(A), 503(b)(9) and 507(a)(2)**

I, Michael, Schillo, being duly sworn deposes and says:

1. I am the Executive Director of Credit of Sony Pictures Home Entertainment Inc. ("SPHE") and I make this declaration in support of the accompanying Motion of Sony Pictures Home Entertainment Inc. for Entry of Order Allowing

- 1 -

Administrative Expenses Pursuant to 11 U.S.C. §§ 503(b)(1)(A), 503(b)(9) and 507(b). I have personal knowledge of the facts set forth herein or have gained knowledge of such matters from SPHE's employees that report to me in the ordinary course of my responsibilities and from SPHE's records. My responsibilities at SPHE include the supervision and management of all of SPHE's customer accounts, including credit, shipping and delivery terms for the sale of DVDs and Blu-Ray discs and include the day-to-day management of SPHE's sales to Circuit City Stores, Inc. ("Circuit City").

2. Prior to and after the commencement of these cases, SPHE sold DVDs and Blu-Ray discs (collectively "Goods") to Circuit City for retail sale in its stores. For a period of years beginning no later than in 2005, Circuit City ordered and purchased Goods from SPHE with the following procedures: In advance of the release of a motion picture title, television programming or other content (each a "Title") for sale for home use on DVDs and Blu-Ray discs (once Blu-Ray discs became available for sale), SPHE would contact Circuit City and recommend the number of units for the Title that Circuit City should buy and the number of units for the Title that should be sent to each Circuit City store. Circuit City would then place an order for whatever number of units for the Title it wished to purchase and indicate how many units should be sent to each store. Circuit City had no obligation to accept the SPHE recommendation. It could order the recommended amount, a larger or smaller amount. Circuit City issued purchase orders for all orders it placed with SPHE.

3. SPHE shipped the specified number of units ordered by Circuit City for each Title to the Circuit City stores indicated by Circuit City and issued and sent Circuit City an invoice for each such order. Each invoice set forth, among other information, the pertinent Titles, the number of units of each Title, the cost for the Title, the store to which the shipment was to be delivered, indicated by Circuit City store number and address, and customer purchase order number. A copy of an example of an invoice issued by SPHE to

Circuit City is attached hereto as Exhibit "A." Throughout the prepetition period, invoice terms were "net 60," meaning that payment for each invoice was due to be made by Circuit City to SPHE within 60 days of the invoice date, and Circuit City regularly made payments to SPHE in accordance with the invoice terms. The invoice date nearly always was the shipment date. Beginning sometime in 2006, SPHE deliveries to Circuit City were shipped via Federal Express. Previously, these deliveries were shipped via United Parcel Service. The procedures used with both carriers were the same. Most deliveries were sent via ground delivery and it took four days for Goods sent from SPHE to Circuit City stores to arrive at the stores. A small amount of deliveries were sent via air to expedite receipt by Circuit City.

    4.    The procedures described above for the sale and delivery of Goods by SPHE to Circuit City were in effect without interruption from at least sometime in 2005 through and including the day prior to the Petition Date.

    5.    On November 24, 2008, I caused a notice and demand for reclamation and other claims (the "Reclamation Demand") to be sent to Kurtzman, Carson Consultants LLC ("KCC"). The Reclamation Demand was addressed to Circuit City Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 and was sent via Federal Express overnight delivery. The same day I also caused copies of the Reclamation Demand to be sent to Circuit City and its counsel, also via Federal Express overnight delivery. The Reclamation Demand demands return of all Goods sold by SPHE to Circuit City within 45 days of the commencement of these cases, in the total amount of $3,868,744.71, and sets forth a "Section 503(b)(9) Claim pursuant to Section 503(b)(9) of the United States Bankruptcy Code, 11 U.S.C. § 503(b)(9), for a portion of the Goods subject of this demand, in the approximate amount of not less than $1,511,450.52."

6. The Reclamation Demand provides, among other things, that the Goods subject of the demand were sold and delivered in the ordinary course of the Debtors' business. The Reclamation Demand included a detailed schedule of all Goods subject of the Reclamation Demand. This schedule set forth the invoice number; invoice date; the value of the Goods sold pursuant to each invoice; the estimated receipt date for each invoice (four days after the invoice date); the method of delivery (always Federal Express); the Circuit City store to which the Goods subject of each invoice was sent (identified by Circuit City store number); the customer purchase order number; and sales order number. A true copy of the Reclamation Demand is attached hereto as Exhibit "B."

7. On January 30, 2009, SPHE delivered a Section 503(b)(9) Claim Request Form ( the "503(b)(9) Form") in the amount of $1,511,450.52 to KCC, by hand, at the address to which the Reclamation Demand was sent. The 503(b)(9) Form contains the same information as the Reclamation Demand does, except that instead of including information for all deliveries occurring within 45 days of the Petition Date, it was limited to deliveries occurring within 20 days before the Petition Date (the "20 Day Period"). It also attached the Reclamation Demand. The only part of the 503(b)(9) Form which is not a part of the Reclamation Demand is a cover sheet, summarizing the attached information and a brief description of the attached spreadsheet. It contains no new information. On February 3, 2009, the 503(b)(9) Form was corrected to eliminate a clerical error on the cover sheet and that together with additional copies of the attachments was delivered to KCC, by hand, the same day. A true copy of the 503(b)(9) Form, as corrected (without a duplicate attached copy of the Reclamation Demand), is attached hereto as Exhibit "C."

8. With my participation and under my direct supervision, SPHE very recently reviewed each of the more than 9,000 proofs of delivery created by Federal Express for every single delivery made by SPHE to Circuit City which were included on

- 4 -

the Reclamation Notice and 503(b)(9) Form as having been delivered to Circuit City within the 20 Day Period. In doing so, SPHE determined that of these, $20,604.39 of invoices were delivered prior to October 20, 2008 (the start of the 20 Day Period), $70,105.52 were delivered on and after the Petition Date, and regarding $14,251.98 of these invoices SPHE could not confirm the delivery date. SPHE has not received payment for any of these invoices. All shipments and deliveries made on these invoices were completed in the ordinary course of Circuit City's business with practices and procedures in effect for years before these case began, as described above.

9.      Attached hereto as Exhibit "D" is a spreadsheet containing all the information on Exhibits B and C for deliveries with an estimated delivery date within the 20 Day Period, setting forth all the information on Exhibits B and C for these deliveries and additionally including the pertinent Federal Express tracking number; the first initial and last name of the person who signed for each such delivery; and the scan status (which is provided by Federal Express and indicates city, state, date and approximate time of delivery). Attached hereto as Exhibit "E" is a spreadsheet setting forth the same information for the deliveries on Exhibit B and C which SPHE very recently determined were delivered outside of the 20 Day Period, or regarding which SPHE has been unable to confirm the delivery date.

10.     The sale price for all the Goods sold by SPHE to Circuit City during the 20 Day Period is set forth on Exhibits B, C and D hereto.

I declare under penalties of perjury of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 23 day of February, 2009 in Culver City, California.

_____
MICHAEL SCHILLO

- 5 -