```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

```
          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION
- - - - - - - - - - - - - - - -x
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  1Case No. 08-35653-KRH
et al.,                         :
                                :  Jointly Administered
              Debtors.          :
- - - - - - - - - - - - - - - -x
```

**ORDER MODIFYING CORRECTED ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a),363, AND 366, AND BANKRUPTCY RULE 6003 (I)
APPROVING DEBTORS' ADEQUATE ASSURANCE OF PAYMENT,
(II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY
UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT,
(III) SCHEDULING A HEARING WITH RESPECT TO CONTESTED
ADEQUATE ASSURANCE OF PAYMENT REQUESTS, AND (IV)
AUTHORIZING DEBTORS TO PAY CLAIMS OF A THIRD PARTY VENDOR**

Upon the motion (the "Motion")[1] of the Debtors

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

under Bankruptcy Code Section 366 to modify the Corrected Order Under Bankruptcy Code Sections 105(a), 363, And 366, And Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Requests By Utility Companies For Additional Assurance Of Payment, (III) Scheduling A Hearing With Respect To Contested Adequate Assurance Of Payment Requests, And (IV) Authorizing Debtors To Pay Claims Of A Third Party Vendor (D.I. 832; the "Corrected Order"); and the Court having entered the Supplemental Order Under Bankruptcy Code Sections 105(a), 363, And 366, And Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Requests By Utility Companies For Additional Assurance Of Payment, (III) Scheduling A Hearing With Respect To Contested Adequate Assurance Of Payment Requests, And (IV) Authorizing Debtors To Pay Claims Of A Third Party Vendor (D.I. 1665; the "Supplemental Order"); and the Court having reviewed the Motion and the Corrected Order; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion under the circumstances has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

The Motion is GRANTED.

1. The Supplemental Order shall remain in full force and effect.

2. The Corrected Order is modified only to the extent expressly set forth herein.

3. Paragraph 3 of the Corrected Order is deleted in its entirety and replaced with the following:

> The Debtors shall have reserved as part of their loan agreement with Bank of America, $5,000,000(or such other amount as may be fixed by the Debtors in accordance with this Order), which shall be segregated in a separate account and administered in accordance with this Order (the "Utility Blocked Account"), as adequate assurance of payment, under Bankruptcy Code section 366(b), of charges incurred by the Debtors for Utility Services provided by the Utility Companies (other than the AAAR Utility Companies and the Excluded Utility Companies) after the Petition Date, subject to the Debtors' rights to decrease the amount reserved by the Utility Blocked Account in accordance

3

with this Order or to otherwise seek authority from the Court to decrease the amount reserved by the Utility Blocked Account.  So long as the Utility Blocked Account is funded in an amount not less than $5,000,000 (or such other amount as may be fixed by the Debtors in accordance with this Order), the Debtors shall be deemed to have furnished all Utility Companies (other than the AAAR Utility Companies and the Excluded Utility Companies), including Utility Companies subsequently added to Exhibit A, with adequate assurance of payment under section 366(b) of the Bankruptcy Code.  In the event that the Debtors are unable to establish the Utility Blocked Account in the amount of $5,000,000 (or such other amount as may be fixed by the Debtors in accordance with this Order), the Debtors shall provide notice to the United States Trustee.

4. Paragraph 10 of the Corrected Order is deleted in its entirety and replaced with the following:

Any payments to the Utility Companies shall be without prejudice to any and all rights, claims and/or defenses of the Debtors with respect to such Payment Request, including but not limited to the Debtors' right to contest such Payment Request in this Court, or any court with jurisdiction.  Any payments made from amounts in the Utility Blocked Account shall be made in the order that the Payment Requests were actually received by the Debtors.  Following an advance from the Utility Blocked Account, Bank of America shall have no obligation to replenish the amount in the Utility Blocked Account.

5. For the avoidance of doubt, the Debtors are authorized, but not directed, to reduce the Utility Blocked Account by the amount corresponding to the two

4

week average attributable to any and all Utility Companies that provide Utility Services at the Debtors' retail stores, distribution, call and service centers, office locations, and other leased or owned property as and when such locations and property are closed or sold, as the case may be, and the Debtors (through their Third Party Vendor or otherwise) instruct such Utility Companies to terminate Utility Services, all without further order of this Court.

6. All AAAR Agreements and agreements with the Excluded Utility Companies are not affected by this Order.

7. The Debtors shall serve a copy of the Motion, the Corrected Order, and this Order within 5 business days of entry hereof on those parties entitled to notice under the Case Management Order and, by first class mail, on all Covered Utility Companies. Any party may object to the relief requested in the Motion within 15 days of entry of this Order. Any objection must be in writing, filed with this Court and served in accordance with the Case Management Order so as to be received by 4:00 p.m. (ET) on such date (the "Objection Deadline").

If no objection is filed and served in accordance with this Order, this Order shall immediately become final as of the Objection Deadline without any further act or order of this Court.

8.   If an objection is timely filed and served, this matter will be heard at the next regularly scheduled omnibus hearing following expiration of the Objection Deadline.

9.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        February _____, 2009
        Feb 24 2009

                /s/ Kevin Huennekens
                UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 2/24/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

7

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj         Page 1 of 1          Date Rcvd: Feb 24, 2009
Case: 08-35653                Form ID: pdforder       Total Served: 1

The following entities were served by first class mail on Feb 26, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,  & Flom LLP, One Rodney Sq.,  PO Box 636,
              Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                          TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 26, 2009**                    **Signature:** _Joseph Speetjens_