Lauren Lonergan Taylor, Esquire (admitted *pro hac vice*)
Matthew E. Hoffman, Esquire (admitted *pro hac vice*)
**Duane Morris LLP**
A Delaware Limited Liability Partnership
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1503/1524
Facsimile:  (215) 689-4434/4922
E-mail: LLTaylor@duanemorris.com
E-mail: MEHoffman@duanemorris.com

and

Denyse Sabagh, Esquire (VSB No. 17003)
**Duane Morris LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7817
Facsimile:  (202) 379-9867
E-mail: DSabagh@duanemorris.com

*Counsel for Principal Life Insurance Company*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### STIPULATION AND ORDER GRANTING
### PRINCIPAL LIFE INSURANCE COMPANY
### RELIEF FROM THE AUTOMATIC STAY

This Stipulation and Order Granting Principal Life Insurance Company Relief from the Automatic Stay (this "Stipulation") is entered into this ____ day of February, 2009 by and between Principal Life Insurance Company ("Principal") and Circuit City Stores, Inc. (the "Tenant"), by and through their respective undersigned counsel, as follows:

WHEREAS, Principal has extended certain financial accommodations to Circuit NH Corp., as successor in interest to Circuit Investors #5 – Salem Limited Partnership (the "Landlord");

WHEREAS, in order to secure the obligations due and owing to Principal by the Landlord, the Landlord executed and delivered to Principal, inter alia, that certain Mortgage and Security Agreement dated as of June 30, 1993 which was recorded on July 9, 1993 with the Registry of Deeds of Rockingham County, New Hampshire in Book 2993, Page 2991, et seq. (as amended, restated or otherwise modified from time to time, the "Mortgage"), and which secures the real property located at 428 S. Broadway, Salem, New Hampshire 03079, all as more particularly described in the Mortgage (the "Property");

WHEREAS, the Tenant and the Landlord are parties to a certain Lease Agreement dated June 30, 1993 (the "Lease"), pursuant to which the Tenant leases the Property, or some portion of the Property, as more particularly described in the Lease, from the Landlord;

WHEREAS, under the terms of the Mortgage and other documents evidencing the obligations of the Landlord to Principal (collectively, the "Loan Documents"), Principal is entitled to enforce any and all of the rights and remedies of the Landlord against the Tenant under the Lease, including, without limitation, to demand, collect and receive rents and to file claims for, and enforce payment of, the same;

WHEREAS, prior to the filing of its bankruptcy petition, the Tenant paid all amounts due and owing to the Landlord under the Lease directly to Principal;

WHEREAS, the Tenant remains in possession of the Property;

WHEREAS, the Landlord has defaulted on its obligations to Principal under the Mortgage and the other Loan Documents;

2

WHEREAS, Principal desires to exercise its rights and remedies under the Mortgage and other Loan Documents and applicable law, including, without limitation, to commence and complete a nonjudicial power of sale mortgage foreclosure with respect to the Mortgage;

WHEREAS, the law of the jurisdiction in which the Property is located requires that Principal provide the Tenant with statutory notice of any foreclosure action with respect to the Mortgage on the Property because a Notice of Lease was recorded on July 9, 1993 at Book 2993, Page 2986 at the Rockingham County Registry of Deeds and appears of record against the Property; and

WHEREAS, the Tenant has agreed to consent to relief from the automatic stay for the limited purpose of permitting Principal to provide the Tenant with statutory notice of any foreclosure action with respect to the Mortgage on the Property on the terms and conditions stated herein.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Principal and the Tenant (collectively, the "Parties"), intending to be legally bound, subject only to approval of the Court as set forth below, agree as follows:.

1.    The Tenant consents to relief from the automatic stay to permit Principal to (a) name the Tenant as a defendant in any action to foreclose the Mortgage (or otherwise exercise its rights and remedies under the Loan Documents) wherein and only to the extent that applicable law requires that the Tenant be so named, (b) provide the Tenant with statutory notice of any foreclosure action with respect to the Mortgage on the Property, and (c) take any other action required under applicable law to effectuate foreclosure on the Mortgage or which is otherwise reasonably related to any of the foregoing (collectively, the "Foreclosure Actions").

2. Service of any complaint, summons, notice or any other disclosure required in connection with the Foreclosure Actions shall be made on the Tenant through its undersigned counsel. The Tenant acknowledges that such service shall be deemed effective service.

3. Notwithstanding anything herein to the contrary, Principal acknowledges and agrees that none of the Foreclosure Actions shall serve to divest the Tenant of any remaining right, title or interest which the Tenant may have in and to the Lease and the Property. Principal acknowledges and agrees that the Foreclosure Actions shall be taken in all respects subject to any remaining right, title or interest which the Tenant may at any time have in and to the Lease and the Property, including any right of possession of the Property under the Lease. Notwithstanding anything herein to the contrary, Principal is granted relief from the automatic stay solely in connection with the Foreclosure Actions; however, it may not exercise any rights or take any additional actions against the Tenant without seeking additional relief from the automatic stay pursuant to 11 U.S.C. § 362, and the parties reserve all of their rights relating thereto.

4. Except as specifically provided herein, nothing in this Stipulation shall be deemed to affect the Debtors' rights under the Bankruptcy Code, including, but not limited to, the right to reject or assume and assign the Lease pursuant to 11 U.S.C. § 365, and the parties reserve all of their rights relating thereto.

5. This Stipulation shall only be effective upon entry of this Stipulation as an Order of the Court.

6. This Stipulation constitutes the entire agreement among the Parties hereto with respect to the subject matter hereof and may not be amended or modified other than by a writing signed by all of the Parties hereto.

7. The Court shall have jurisdiction over any disputes concerning this Stipulation.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original and both of which taken together shall constitute one and the same document.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

AND NOW, intending to be lawfully bound, the Parties have hereunder set their hand and seal as of the date first written above.

| | |
|---|---|
| DUANE MORRIS LLP<br>A Delaware Limited Liability Partnership | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP |
| By: /s/ Denyse Sabagh<br>Lauren Lonergan Taylor, Esquire<br>Matthew E. Hoffman, Esquire<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>Telephone: (215) 979-1503/1524 | Gregg M. Galardi, Esquire<br>Ian S. Fredericks, Esquire<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Telephone: (302) 651-3000 |
| -and- | -and- |
| DUANE MORRIS LLP<br>A Delaware Limited Liability Partnership<br>Denyse Sabagh, Esquire (VSB No. 17003)<br>505 9th Street, N.W., Suite 1000<br>Washington, DC 20004-2166<br>Telephone: (202) 776-7817 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP<br>Chris L. Dickerson, Esquire<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 407-0700 |
| *Counsel for Principal Life Insurance Company* | -and- |
| | By: /s/ Douglas M. Foley<br>MCGUIREWOODS LLP<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>Telephone: (804) 775-1000 |
| | *Counsel for Debtors and Debtors<br>in Possession* |

SO ORDERED THIS \_\_\_\_
DAY OF _____, 2009:

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

6

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_/s/ Denyse Sabagh_