Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
Circuit City Stores, Inc.,    :   Case No. 08-35653(KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION OF DENTICI FAMILY LIMITED
PARTNERSHIP TO COMPEL IMMEDIATE PAYMENT OF
POST-PETITION PORTION OF 2008 REAL ESTATE
TAX OBLIGATION, PLUS ATTORNEY FEES**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors"),[1] hereby submit this objection (this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

"Objection") to the Motion of Dentici Family Limited Partnership to Compel Immediate Payment of Post-Petition Portion of 2008 Real Estate Tax Obligation, Plus Attorney Fees (D.I. 2259) (the "Motion").  In support of this Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### BACKGROUND

**A.    The Bankruptcy Cases.**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

___

*(cont'd from previous page)*
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

3. At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent"). On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634). The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

**B. The Dentici Lease And The Debtors' Marketing Efforts.**

4. Dentici Family Limited Partnership ("Dentici") and Circuit City Stores, Inc. ("Circuit City") are parties to a lease agreement dated May 2, 1995, for premises located in Greenfield, Wisconsin (the "Lease").

5. The Debtors are currently performing their review, evaluation, and marketing of unexpired leases and subleases, including Dentici's Lease. The Lease is subject to the lease bidding and rejection procedures order (D.I. 2242; the "Bidding Procedures Order") and the Lease is identified in the Bidding Procedures Order as a March Lease. The March Leases for which the Debtors

receive more than one bid on or before March 3, 2009, are scheduled for auction on March 10, 2009 and a sale hearing on March 13, 2009.  Pursuant to paragraph 11 of the Bidding Procedures Order, any March Lease for which no landlord and no potential purchaser has submitted a bid and the Debtors have not filed a rejection notice, shall be deemed rejected as of March 31, 2009.

### SUMMARY OF ARGUMENT

6.   By the Motion, Dentici seeks immediate payment of real estate taxes relating to the period from the Petition Date through November 30, 2008, in the total amount of $5,925.59, which real estate taxes became due for payment under the Lease in January 2009.  Motion at ¶ 12.  Dentici further seeks immediate payment of attorney's fees in connection with the prosecution of the Motion, which fees allegedly total not less than $2,000.00.  Motion at ¶ 18.

7.   The Debtors object to Dentici's request for immediate payment of attorney's fees and costs associated with the prosecution of this Motion.[2]  The

---

2  Dentici filed the Motion on February 20, 2009, and scheduled the matter for hearing seven business days later.  Thus, the Debtors
*(cont'd)*

4

Court has previously ruled that attorney's fees should not be paid at this time; the attorney's fees are not timely obligations under the Lease pursuant to 11 U.S.C. § 365(d)(3); statutory authority does not support payment of the attorney's fee claim; and Dentici failed to satisfy its burden of proof under the Lease and applicable law regarding whether the requested fees are reasonable and actual.

8. For these reasons, as set forth more fully below, the attorney's fee claims should be denied and the Objection should be sustained.

**OBJECTION**

**I. ATTORNEY'S FEES ARE NOT IMMEDIATELY PAYABLE.**

9. Dentici demands immediate payment of attorney's fees incurred in connection with the prosecution of the Motion. See Motion at ¶ 15. In support of this request, Dentici cites the Lease, which allows a prevailing party to seek recovery of attorney's

---

*(cont'd from previous page)*
have not yet had the opportunity to fully reconcile the real estate tax claims asserted in the Motion. However, subject to confirmation of the amount of real estate taxes owed and the Debtors' failure to pay such real estate taxes, the Debtors will arrange to immediately make such payments.

5

fees incurred as a result of another party's breach of the Lease. See Lease at ¶ 35(e) ("In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease . . . the party prevailing in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable and actual attorneys' fees and costs through all levels of proceedings.") (emphasis added).

10. As discussed below, the Debtors believe Dentici is not entitled to attorney's fees in connection with the prosecution of this Motion.

11. However, even if Dentici were able to establish that it was entitled to attorney's fees (which it cannot), any such fees would not be not be immediately payable, as Dentici demands in its Motion. This Court has previously ruled that payment of administrative expense claims shall await confirmation of a plan. See Feb. 12, 2009 Memorandum Opinion at 12 (D.I. 2107) ("the time for timely performance of the obligation to pay Stub Rent is the same as for all other administrative expense

6

claims upon confirmation of the plan pursuant to 11 U.S.C. § 1129(a)(9)(A)"). Moreover, the Court has specifically ruled that landlords' requests for payment of attorney's fees are premature, explaining that "[w]ith regard to the payment of attorney's fees, the Court is not going to require the payment of attorney's fees at . . . this time." December 22, 2008 Transcript at p.83. Accordingly, the request for attorney's fees should be denied.

## II. ATTORNEY'S FEES ARE NOT A "TIMELY OBLIGATION" ENTITLED TO PAYMENT UNDER 365(D)(3).

12.  The Dentici attorney's fees claim should be denied because attorney's fees are not "timely obligations" entitled to payment under Section 365(d)(3).

13.  As further discussed below, post-petition attorney's fees may only be allowed under two sections of the Bankruptcy Code, section 506(b) and section 503(b)(4). Nonetheless, Dentici contends that it is entitled to immediate payment of its attorney's fees claim based on section 365(d)(3), but cites no authority in support of its position. See Motion at ¶¶ 15-18.

14. The Debtors maintain that the better reasoned view, and the view that more easily fits with Congressional intent under 11 U.S.C. § 365(d)(3), was expressed by the court in In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832 (Bankr. S.D.N.Y. 1996). In that case, the court denied a request for attorney's fees as an administrative expense under section 365(d)(3), reasoning as follows:

> Given the fact that section 365(d)(3) mandates a departure from the normal priority of claims, it should be strictly construed. While the statutory obligation of "timely" performance is unambiguous with respect to rent, the obligation with respect to counsel fees is not. The language employed in section 365(d)(3) suggests a Congressional purpose to grant landlords a preferred position with respect to those obligations arising under the lease in a contractually determined time frame. Thus, the statute refers in the first sentence to 'all the obligations . . . arising from and after the order for relief . . . until such lease is assumed or rejected'. This articulation makes sense in the context of the rent obligation; it does not with respect to an obligation to pay attorneys' fees, which may fortuitously arise before or after the time period in question. Similarly, the statute says the trustee "shall timely perform", using an adverb which is contractually meaningful as to rent, but not as to attorneys' fees. The legislative history provides further support for this interpretation . . . ."

8

In re Pudgie's Dev. Of NY, Inc., 202 B.R. at 837.

15. The above reasoning with respect to section 365(d)(3) is the reasoning that best squares with Congressional intent to "grant landlords a preferred position with respect to those obligations arising under the lease in a contractually determined time frame." Id. Allowing attorney's fees claims under the same pretext stretches that intent beyond meaning. Consequently, the Court should deny the Dentici attorney's fees claim.

### III. STATUTORY AUTHORITY DOES NOT SUPPORT PAYMENT OF THE ATTORNEY'S FEES CLAIM.

16. Dentici's claim for attorney's fees and costs should be denied because it is not made pursuant to either sections 506(b) or 503(b)(4) of the Bankruptcy Code.

17. Congress has expressly provided creditors or other entities with the right to be reimbursed reasonable attorney's fees for post-petition services in only two sections of the Bankruptcy Code. The first such instance is specified in section 506(b), pursuant to which a creditor holding an oversecured claim may receive "reasonable fees, costs or charges provided for under the

9

agreement or State statue under which such [oversecured] claim arose."  11 U.S.C. § 506(b).  The second instance is section 503(b)(4), pursuant to which the Court is directed to allow an administrative expense for "reasonable compensation for professional services rendered by an attorney . . .", but which limits such an expense only to those "entit[ies] whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of" 503(b)(3).  See 11 U.S.C. § 503(b)(4).

18.  By expressly limiting the payment of post-petition attorney's fees to only those entities satisfying the requirements of sections 506(b) and 503(b)(4), Congress is presumed to have excluded the awarding of post-petition attorney's fees under any other section of the Bankruptcy Code under the principle of statutory construction of *expressio unius est exclusio alterius*.  See In re Electric Mach. Enters., 371 B.R. 549, 550 (Bankr. M.D. Fla. 2007) (recognizing that "a number of courts have focused on the plain language of section 506(b) and applied the legal maxim[] of *expressio unius est exclusio alterius* to hold that unsecured creditors are not entitled to post-petition attorney's fees and

costs")(emphasis in original); <u>Bronze Group, Ltd. v. Sender (In re Hedged-Investments Assocs., Inc.)</u>, 293 B.R. 523, 526 (D. Colo. 2003) (analyzing undersecured creditor's claim for postpetition attorneys' fees and noting that the language of section 506(b) "demonstrates Congressional intent to disallow the recovery of post-petition fees and costs by creditors whose claims are not oversecured").

19. Therefore, under well established principles of statutory construction, because Dentici's attorney's fees claim is not based on sections 506(b) or 503(b)(4), it should be denied.

**IV. DENTICI FAILS TO ESTABLISH THAT IT IS ENTITLED TO ATTORNEY'S FEES UNDER THE LEASE OR APPLICABLE LAW.**

20. Even if the Court were to determine that, in the abstract, a party could obtain attorney's fees upon establishing such a claim, Dentici falls woefully short of meeting its burden to provide any such proof.

**A. Dentici Fails To Show Asserted Attorney's Fees Are Actual Or Reasonable.**

21. Even if the Court were to determine that, in the abstract, a party could obtain attorney's fees

11

upon establishing such a claim, Dentici falls woefully short of meeting its burden to provide any such proof.

22. In order to recover attorney's fees under the Lease and applicable law, Dentici must overcome its burden to establish that it is seeking reasonable and actual attorney's fees. See Lease at ¶ 35(e); see also Boleman Law Firm, P.C. v. U.S. Trustee, 355 B.R. 548, 553 (E.D. Va. 2006) ("The burden of proof as to the reasonableness of the requested [attorney's fees] rests with the applicant."); Southeast Wisconsin Professional Baseball Park District v. Mitsubishi Heavy Indus. Am., Inc., 304 Wis.2d 637, 683 (Wis. Ct. App. 2007) ("[t]he party seeking attorney fees bears the burden of demonstrating that the amount of fees requested is reasonable").

23. To meet this burden, Dentici must provide sufficient detail regarding the attorney's fees it seeks to collect. In re Kyle Trucking, Inc., 239 B.R. 198, 203 (Bankr. N.D. Ind. 1999) ("the lessor still has the burden of proving the reasonable amount of those fees. This requires information concerning the nature of counsel's services, the time devoted to the matter and counsel's

hourly rate; the same type of information that one expects in connection with any request for attorney fees."); <u>In re Gantos, Inc.</u>, 181 B.R. 903, 908 (Bankr. W.D. Mich. 1995) (denying claimant's request for attorneys' fees, in part, because claimant "failed to specify what post-petition, pre-rejection services it provided, [and therefore] failed to support its claim for attorneys' fees pursuant to 11 U.S.C. § 365(d)(3)").

24.   The Motion lacks any detail with regard to the actual or reasonable nature of the attorney's fees sought.  Dentici provides insufficient information regarding the scope of the work allegedly performed, and no detail regarding the number or identity of the attorneys performing such work, the billing rates charged for any such work, or the amount of time allegedly spent on these matter.  <u>See</u> Motion ¶¶ 15-18.  It is impossible to determine from the Motion whether the asserted attorney's fees are actual and/or reasonable.

25.   Accordingly, the Court should deny Dentici's request for attorney's fees.

### B.  Dentici Fails To Show It Complied With Lease Provisions With Regard To Attorney's Fees Request.

26.  As noted above and in the Motion, the Lease contains a provision allowing a prevailing party to seek attorney's fees relating to disputes over alleged breaches of the terms of the Lease.  Lease at ¶ 35(e). Here, Dentici asserts attorney's fees claims under the Lease relating to its allegations that the Debtor's breached the Lease by failing to pay certain real estate taxes.

27.  However, Dentici has not demonstrated that it complied with the notice and cure provisions giving rise to a breach under the Lease before filing its Motion or asserting attorney's fees claims under the Lease.  In the Motion, Dentici states that its made a demand upon the Debtors to pay the real estate taxes, which demand the Debtors denied.  Motion ¶ 11.  The Lease, however, provides that a breach for failure to pay real estate taxes occurs only after the Debtor receives written notice of overdue amounts and fails to cure such overdue amounts after ten days.  Lease ¶ 28(a).  Further, the Lease provides that any notice given pursuant to terms of

14

the Lease shall be written notice delivered by certified mail, return receipt requested, or Federal Express (or other overnight courier) with proof of receipt available. Lease ¶33.

28. Dentici has failed to demonstrate in the Motion that it complied with the Lease notice and cure provisions allegedly giving rise to a breach thereunder for which attorney's fees may be recovered.

29. Accordingly, the attorney's fees claim should be denied.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) sustain this Objection, (ii) deny the Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: March 1, 2009
     Richmond, Virginia  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

__/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession