Gregg M. Galardi, Esq.                 Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &        MCGUIREWOODS LLP
FLOM, LLP                              One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

              - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                  :
In re:                            :    Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :    1Case No. 08-35653 (KRH)
et al.,                           :
                                  :
              Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363,
AND 365 APPROVING AMENDED BID DEADLINE IN CONNECTION WITH
BIDDING AND AUCTION PROCEDURES FOR SALE OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASES**

          Upon consideration of motion, dated February 3,

2009 (the "Motion"), of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively, the

"Debtors"), for orders under sections 105(a), 363 and 365 of title 11 of the United States Code and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure, (i) approving the bidding and auction procedures for sale of certain nonresidential real property leases (the "Bidding Procedures"), (ii) setting dates for sale hearings, and (iii) authorizing and approving (a) the sale (the "Sale") of certain unexpired nonresidential real property leases, free and clear of all interests, including liens, claims, and encumbrances, (b) the assumption and assignment of the Leases, and (c) lease rejection procedures for any Leases that are not sold in connection with the foregoing; and the Court having entered the Order Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection

2

Procedures (the "Bidding And Rejection Procedures Order");[1] and the Debtors having consulted with their real estate advisor and the Creditors' Committee concerning amending the Bidding and Rejection Procedures Order to change the March Bid Deadline (the "Amendment"); and the Court having determined that the Amendment is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    Except to the extent expressly set forth herein, the Bidding and Rejection Procedures Order shall remain in full force and effect.

2.    The March Bid Deadline is hereby amended from March 5, 2009 at 4:00 p.m. (ET) **to, and shall be, March 3, 2009 at 4:00 p.m. (ET)**; <u>provided</u>, <u>however</u>, that the Debtors may, in their sole discretion, extend the March Bid Deadline for any bidder either before of after the expiration of the March Bid Deadline.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bidding and Rejection Procedures Order.

3.    The Bidding Procedures reflecting the amended March Bid Deadline are attached hereto as Exhibit 1 (the "Amended Bidding Procedures").

4.    The Debtors shall provide notice entry of this Order to (i) the Core Group and the 2002 List (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order")), (ii) the Debtors' landlords, and (iii) all entities known to have expressed an interest in a transaction regarding the Leases during the past three (3) months, which notice shall be good, adequate and sufficient under the circumstances.

5.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        February __, 2009
          Feb 27 2009

Entered on docket:  Feb 27 2009        /s/ Kevin Huennekens
                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                                /s/ Douglas M. Foley

**EXHIBIT 1**

**(Amended Bidding Procedures)**

**CIRCUIT CITY STORES, INC.**
**AMENDED LEASE SALE BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City Stores, Inc. ("Circuit City") or certain of its affiliates, including certain affiliated chapter 11 debtors and debtors in possession (together with Circuit City, the "Debtors") in certain unexpired nonresidential real property leases (the "Leases").

On February 3, 2009, the Debtors filed their Motion For Orders Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases, And (C) Lease Rejection Procedures (the "Sale Motion").  On February __ 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order Under Bankruptcy Code Sections 105, 363, And 365 (I) Approving Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates  And (III) Authorizing And Approving (A) Sale Of Certain Unexpired Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Bidding And Rejection Procedures Order").  The Bidding and Rejection Procedures Order set (i) hearing dates for March 3, 2009 and March 13, 2009 or (ii) in each case, such later dates as may be determined by the Bankruptcy Court as the date when the Bankruptcy Court will conduct hearings (each, a "Sale Hearing") to authorize the Debtors to sell, assume, and assign their interests in the Leases.

The Bidding Procedures set forth herein describe, among other things, the assets available for sale, the manner in which bids become Qualified Bids (as defined herein), the receipt and negotiation of bids received, the conduct of any subsequent Auctions (as defined herein), the ultimate selection of the Successful Bidder(s) (as defined herein), and the Bankruptcy Court's approval thereof.  In the event that the Debtors and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

### Assets To Be Sold

The assets proposed to be sold include the Debtors' interest in the Leases identified in the schedule of Leases attached as <u>Exhibit 2</u> (the "March Leases") to the Bidding and Rejection Procedures Order.

### "As Is, Where Is"

Any sale, assignment, or other disposition of each of the Leases will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents, or their estates.

### Free Of Any And All Interests

The Debtors shall request language in any order entered at a Sale Hearing providing that all of the Debtors' rights, title and interest in and to the Leases shall be assigned and sold pursuant to sections 365(f) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code") free and clear of all interests, including, without limitation, liens, claims, encumbrances, mortgages, and security interests, which shall attach to the net proceeds received by the Debtors as a result of the Sale with the same force and effect that they now have, subject to the Debtors claims and defenses and further order of the Bankruptcy Court.

### Due Diligence

Each Qualified Bidder (as defined herein) shall be deemed to acknowledge: (a) that it had an opportunity to inspect and examine the leased premises and to review the Lease(s) and all other pertinent documents with respect to the Lease(s) prior to making its offer and that each such Qualified Bidder relied solely on that review and upon its own investigation and inspection of the leased premises in making its offer, (b) that Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise of the Debtors, their agents or representatives; and (c) that the occupancy of the premises set forth in the Leases may not be available until the completion of any going out of business sale or other sale at the premises.

## **Bid Deadline**

A bidder (the "Bidder" and collectively, the "Bidders") who
desires to make a bid must deliver the Required Bid Documents
(as defined herein) to:

(a)   Counsel for Debtors,
      (i)   Skadden, Arps, Slate, Meagher & Flom, LLP One
            Rodney Square, Wilmington, Delaware 19889, Attn.:
            Gregg Galardi, Esq., Fax: (888) 329-3792
            (gregg.galardi@skadden.com); and Chris L.
            Dickerson, Esq. (chris.dickerson@skadden.com),
            Fax: (312) 407-8680, with copies to: Ian S.
            Fredericks, Esq., Fax: (888) 329-9475
            (ian.fredericks@skadden.com) and T. Kellan Grant,
            Esq., Fax: 312.827.9417
            (t.kellan.grant@skadden.com); and

      (ii)  McGuireWoods LLP, One James Center, 901 East Cary
            Street, 40 Richmond, Virginia 23219, Attn.:
            Douglas M. Foley, Esq., Fax: (757) 640-3957
            (dfoley@mcguirewoods.com);

(b)   Circuit City Stores, Inc., 9950 Mayland Drive,
      Richmond, Virginia 23233, Attn.: Director of Real
      Estate, Fax: (804) 527-4866;

(c)   Counsel to the Official Committee of Unsecured
      Creditors (the "Committee"), Pachulski Stang Ziehl &
      Jones LLP, 10100 Santa Monica Boulevard, 11th Floor,
      Los Angeles, California 90067-4100, Attn.: Jeffrey N.
      Pomerantz, Esq., Fax: (310) 201-0760
      (jpomerantz@pszjlaw.com);

(d)   Counsel for the Debtors post-petition lender (the "DIP
      Lender"),
      (i)   Riemer & Braunstein LLP, Three Center Plaza,
            Boston, Massachusetts 02108, Attn.: David S.
            Berman, Esq., Fax: (617) 880-3456
            (dberman@riemerlaw.com), and

      (ii)  LeClair Ryan, Riverfront Plaza, East Tower, 951
            East Byrd Street, Eighth Floor, Richmond,
            Virginia 23219, Attn.: Bruce Matson, Esq., Fax:
            (804) 783-7269 (bruce.matson@leclairryan.com);

(e)   The Office of the United States Trustee, 701 East
      Broad Street, Suite 4304, Richmond, VA 23219-1888,
      Attn.: Robert B. Van Arsdale, Esq., Fax. (804) 771-
      2330 (Robert.B.Van.Arsdale@usdoj.gov); and

(f)   DJM Realty Services, LLC, 445 Broadhollow Road, Suite
      225, Melville, New York 11747, Attn: James Avallone,
      Fax: (631) 752-1231 (javallone@djmrealty.com).

Bids on the March Leases must be sent to the above parties so as
to be received not later than **4:00 p.m. (ET) on March 3, 2009**
(the "March Bid Deadline"); provided, however, that the Debtors
may , in their sole discretion, extend the March Bid Deadline
for any bidder either before of after the expiration of the
March Bid Deadline; provided, further, that in the event the
Debtors receive a notice that the liquidation agent will be
vacating one or more leases (collectively, the "February
Leases") on or before February 28, 2009, within one (1) day of
receipt of such notice, the Debtors will file a notice
identifying the February Leases.  The Bid Deadline for February
Leases will be **4:00 p.m. (ET) on February 24, 2009** (the "February
Bid Deadline" and, together with the March Bid Deadline, the
"Bid Deadlines").  The Debtors may extend the Bid Deadlines once
or successively, but are not obligated to do so.

### Bid Requirements

     All bids must include the following documents (the
"Required Bid Documents"):

(a)   A written offer on Bidder's corporate letterhead (or,
      if on behalf of Bidder by Bidder's legal counsel, then
      on Bidder's legal counsel's letterhead) for the
      purchase of one or more of the Leases that must
      include: (i) the full name and identity of the
      proposed assignee of each individual Lease, (ii) the
      amount being offered for each individual Lease (if
      more than one Lease) in the form of an allocation
      schedule, (iii) the intended use of each premises
      covered by a Lease in Bidder's offer, (iv) adequate
      assurance of future performance information,
      including, but not limited to: (a) federal tax returns
      for two years, a current audited financial statement
      and/or bank account statements, (b) a description of
      intended use, and (c) any other information that the
      Debtors may reasonably request ("Adequate Assurance
      Information"), and (v) express authorization to

11

provide the Adequate Assurance Information to the applicable lessor(s) (each, a "Lessor") on a confidential basis. Such written offer must also expressly state that if Bidder is the successful Bidder, it is ready, willing, and able to execute an individual Agreement of Assumption and Assignment of Lease(s).

(b)   In the case of a real estate broker bidding on a Lease(s) as agent for a Bidder, the broker must submit the Required Bid Documents together with a letter of authorization on Bidder's corporate letterhead, executed by an authorized officer of the Bidder, stating that (i) Bidder exclusively authorizes broker to submit such offer on behalf of Bidder and that, unless otherwise agreed to in writing by Debtors, any commission or fee of any type due and payable to such broker as a result of an assignment of Lease(s) shall be paid solely by Bidder and Bidder shall indemnify Debtors, their estates, the Committee, and the DIP Lender in this regard, and (ii) Bidder acknowledges that it will comply with these Bid Procedures.

(c)   In the case of a Lessor bidding on a Lease(s) to which such Lessor is a party, a written offer on Lessor's corporate letterhead (or, if on behalf of Lessor by Lessor's legal counsel, then on Lessor's legal counsel's letterhead) for the purchase of one or more of the Leases that must include the gross amount offered for each individual Lease (if more than one Lease) including a breakdown identifying that portion which is payable in cash to the Debtors and that portion, if any, which is "credit bid". In the event a Lessor submits an offer that contemplates a credit bid, such Lessor may credit bid the Final Cure Amount (as defined in the Bidding and Rejection Procedures Order) and/or any rejection damages claim; provided, that the Debtors shall have the right to contest any rejection damages claim on any grounds at the Auction and, in the Debtors' discretion, ascribe no value to any rejection damages claim and limit the amount of the credit bid to the Final Cure Amount; provided, further, Such written offer must expressly state that if the Lessor is the successful Bidder, it is ready, willing, and able to execute a reasonable short form of lease termination or assignment agreement(s), and the extent to which, if any, it agrees to waive and

release any and all claims it may have against the Debtors, including claims pursuant to section 502(b)(6) of the Bankruptcy Code and the Final Cure Amount. Notwithstanding anything to the contrary herein, should the Debtors contest any portion of or ascribe no value to the rejection damages claims, such acts shall not affect whether the status of a bid as a Qualified Bid.

(d)   A good faith deposit equal to the greater of 15% of the bid amount or $10,000 (the "Good Faith Deposit") in the form of a certified bank check from a U.S. bank or by wire transfer (or other form acceptable to the Debtors in their sole discretion) payable to the order of Circuit City Stores, Inc. (or such other party as the Debtors may determine); provided, however, that a Lessor bidding on its own Lease is exempt from this requirement.

B.   All written offers must expressly state that the Bidder's offer is (and all offers will be considered to be) irrevocable until the earlier to occur of (i) the Closing (as defined herein) or (ii) forty-five (45) days following the applicable Auction (unless such bid is sooner expressly rejected in writing by the Debtors).

## **Qualified Bids**

A bid will be considered only if the bid:

(a)   is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the bidder;

(b)   includes a commitment to consummate the purchase of the Lease or Leases on or within two business days following the later of (i) the applicable Sale Hearing or (ii) the Sale Termination Date (as defined in the Sale Motion) with respect to such Lease;

(c)   is received by the February Bid Deadline, for February Leases, or the March Bid Deadline, for March Leases;

(d)     is an offer to purchase one or more of the Leases for cash only, except that a Lessor can "credit bid" in accordance herewith; and

(e)     whether submitted by a general bidder, a broker, a Lessor, a subtenant, a Lessor bidding on its own lease, or any and all other bidders, includes a bid equal to or greater than an amount not less than the total Cure Amount ultimately determined by a final order of the Bankruptcy Court or agreement among the Debtors, such bidder, and the applicable Lessor (the "Final Cure Amount").  For the avoidance of doubt, the bid should need include an amount as the final amount will not be known at such time.  Rather, such bidder should include a statement similar to the following:[2] "In addition to any other consideration contemplated by this bid, this bid includes [payment or waiver] of and [bidder] expressly agrees to [pay or waive] the Final Cure Amount (as defined in the "Circuit City Stores, Inc. Lease Sale Bidding Procedures", as approved by the Bankruptcy Court."

In addition, to be a Qualified Bid, each Bidder must be prepared to demonstrate to the Debtors (i) its ability to consummate the purchase of the Lease(s), (ii) adequate assurance of future performance under the Lease(s) and (iii) its ability to otherwise fulfill its obligations under the Lease(s).

A bid will constitute a Qualified Bid only if it includes all of the Required Bid Documents and meets all of the above requirements (a "Qualified Bid,"); provided, however, the Debtors will have the right, in their sole discretion, to entertain bids for a Lease that do not conform to one or more of the requirements specified herein, including defensive bidding by Lessors, and may deem such bids to be Qualified Bids.  A bidder from whom the Debtors receive a Qualified Bid will be designated a "Qualified Bidder".

The February Lease(s) and other pertinent documents will be available for inspection prior to the February Bid Deadline and the March Lease(s) and other pertinent documents will be available for inspection prior to the

---

[2]     "Pay" or any variation thereof should be used for all bidders other than a Lessor bidding on its own Lease.  "Waive" or any variation thereof should be used for any Lessor bidding on its own Leases.

March Bid Deadline, in each case during regular business hours or pursuant to arrangements made with counsel to the Debtors prior to the applicable Bid Deadline for copies to be delivered to Bidder for inspection.

**Auctions**

If the Debtors receive more than one Qualified Bid for a February Lease or Leases, the Debtors will conduct an auction (the "February Lease Auction") for those February Leases[3] at 10:00 a.m. (ET) on February 26, 2009 at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors may notify all Qualified Bidders who have submitted Qualified Bids.

If the Debtors receive more than one Qualified Bid for a March Lease or Leases, the Debtors will conduct an auction for the Leases covered by such bid(s) on March 10, 2009 (the "March Lease Auction" and, together with the February Lease Auction, the "Auctions") for those March Leases at 10:00 a.m. (ET) on such dates at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 or such later time or other place as the Debtors may notify all Qualified Bidders who have submitted Qualified Bids.

Each Auction will be conducted in accordance with the following procedures:

(a) Only the Debtors, members of the statutory committee of unsecured creditors (the "Creditors' Committee"), the lenders under the Debtors' post-petition financing agreement (the "DIP Lenders"), those Lessors whose Leases are subject to the Auction (and their legal and financial advisers) and any Qualified Bidders who have timely submitted Qualified Bids for Leases which are subject to the Auction ("Auction Participants") will be entitled to attend the Auction.  Any Auction Participant may

---

[3]     The Debtors reserve the right, in their sole discretion, to conduct a private sale for any Lease(s) or withdraw any Lease(s) from the auction process.

request to attend the Auction telephonically, _provided_, _however_, that the decision to honor such a request will be at the sole discretion of the Debtors. Only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b) Immediately prior to the commencement of the Auction, with respect to the Qualified Bid or combination of Qualified Bids which the Debtors determine to be the highest or otherwise best offer for a Lease or Leases subject to that Auction, the Debtors will provide information as to the identity of such Qualified Bidder(s) and the purchase price associated with such Qualified Bid(s) to all Qualified Bidders for that Lease who have informed the Debtors of their intent to participate in the Auction.  Notwithstanding such determination, the Debtors reserve the right, in their sole discretion, to determine which bid, or subsequent bid, is the Successful Bid (as defined herein), following the conclusion of the Auction based upon a number of factors and other considerations.

(c) In the event the Debtors receive only a single Qualified Bid for a particular Lease(s), such Lease(s) may (in the Debtors' sole discretion) not be subject to bidding at the Auctions, and the Debtors may seek to assume and assign such Lease(s) at the Sale Hearing following the applicable Auction, if such Qualified Bid is otherwise acceptable to the Debtors. In

16

the event the Debtors receive multiple Qualified Bids for a particular Lease, such Lease, unless previously sold, otherwise disposed of or withdrawn, will be offered for sale at the applicable Auction, either in bulk or separately.

(d) A minimum Qualified Bid amount for each Lease may be announced and/or posted prior to the Auction.  Such minimum Qualified Bid amounts may be established based upon a variety of factors, including: the highest bids received with respect to a Lease(s) prior to the Auction and estimated assignment transaction costs so as to make an assignment of a Lease(s) economically viable. All bidding shall be in increments determined by the Debtors and their advisors.

(e) All Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all subsequent bids with the understanding that the true identity of each bidder and the purchase price of each subsequent bid will be fully disclosed to all other bidders throughout the entire Auction and put on the record.

(f) The Debtors may employ and announce at each Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction (e.g., the amount of time allotted to make subsequent bids), provided that such rules are not inconsistent with these Bidding Procedures, the

17

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules issued by the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules") or any order of the Bankruptcy Court entered in connection herewith.

(g) The Debtors intend to sell their interest to the Bidder making the highest or otherwise best Qualified Bid at the applicable Auction for each Lease. Formal acceptance of a bid will not occur unless and until the Court enters an order approving and authorizing the Debtors to consummate the assumption and assignment and Sale of the Lease(s) to such Bidder or its designated assignee.

(h) The Debtors may, in their sole discretion, but are not required to consider any "defensive" bidding by a Lessor bidding after the applicable Bid Deadline to assume, assign and sell or terminate its own Lease.

(i) ALL SALES SHALL BE SUBJECT TO APPROVAL OF THE DEBTORS' DIP LENDERS AND THE BANKRUPTCY COURT.

### Selection Of Successful Bid

At the conclusion of the foregoing steps in the Auctions, or as soon thereafter as practicable, the Debtors, in their sole discretion after consultation with their advisors, the DIP Lenders' advisors and the Creditors' Committee's advisors, will announce for each Lease which bid is the highest or otherwise best bid (the "Successful Bid(s)" and the bidder(s) making such

bid, the "Successful Bidder(s)") and which bid is the second highest or otherwise best bid, if any (the "Alternate Bid(s)," and such bidder(s), the "Alternate Bidder(s)"). The Successful Bidder shall supplement its Good Faith Deposit within one business day so that, to the extent necessary, such Good Faith Deposit equals twenty percent (20%) of the Successful Bid.

The Debtors reserve the right (i) to determine which Qualified Bid, if any, for any or all of the Leases is the highest or otherwise best bid and (ii) to reject, at any time prior to entry of an order of the Bankruptcy Court approving the bid, any bid which the Debtors, in their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or these Bidding Procedures, or (z) contrary to the best interests of the Debtors, their estates and creditors. The Debtors will have no obligation to accept or submit for Court approval any offer presented at the Auctions except such written offers as may have been accepted by the Debtors.

The Debtors will sell the Lease(s) to the Successful Bidder(s) upon the approval of such Successful Bid(s) by the Bankruptcy Court at the applicable Sale Hearing. The Debtors presentation of a particular Successful Bid to the Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at a Sale Hearing.

### The Sale Hearings

The Sale Hearings will be held before the Honorable Kevin R. Huennekens on March 3, 2009 and March 13, 2009, in each case at 10:00 a.m. (ET) in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Debtors' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice by an announcement of the adjourned date at the Sale Hearing.

If the Debtors do not receive any Qualified Bids for a February Lease or Leases by the February Bid Deadline, the Debtors will proceed with the rejection of such February Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order and report the same to the Bankruptcy Court at the Sale Hearing on March 3, 2009. If the Debtors do not receive any Qualified Bids for a March Lease or Leases by the

March Bid Deadline, the Debtors will proceed with the rejection of such March Leases as set forth in the Sale Motion and the Bidding and Rejection Procedures Order and will report the same to the Bankruptcy Court at the Sale Hearing on March 13, 2009.

If the Debtors receive one or more than one Qualified Bid for a February Lease(s), then, at the Sale Hearing on March 3, 2009, the Debtors will seek approval of the Successful Bid for that Lease(s).  In the event the Debtors elect to proceed with a Sale to an Alternate Bidder, the Debtors will seek approval of the Successful Bid for that Lease(s) on March 3, 2009, unless a Lessor objects to a hearing on such date.  If a Lessor so objects, the Court will fix a subsequent date for a hearing on such Alternate Bid.

If the Debtors receive one or more than one Qualified Bid for a March Lease(s), then, at the Sale Hearing on March 13, 2009, the Debtors will seek approval of the Successful Bid for that Lease(s).  In the event the Debtors elect to proceed with a Sale to an Alternate Bidder, the Debtors will seek approval of the Successful Bid for that Lease(s) on March 13, 2009, unless a Lessor objects to a hearing on such date.  If a Lessor so objects, the Court will fix a subsequent date for a hearing on such Alternate Bid.

### The Closing

Except as otherwise provided in a written offer that has been accepted by the Debtors, upon approval of the Sale, assumption, and assignment of the Lease to the Successful Bidder by the Bankruptcy Court at a Sale Hearing, the closing (the "Closing") of the Sale of a Lease shall take place on or within two business days following the later of (i) the applicable Sale Hearing or (ii) the Sale Termination Date with respect to such Lease.  With respect to the Closing, time of performance by the Successful Bidder is of the essence.

Following approval of the Sale to the Successful Bidder(s), if the Successful Bidder(s) fail(s) to consummate the Sale because of: (i) failure of a condition precedent beyond the control of either the Debtors or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder(s), then the Debtors shall retain the Good Faith Deposit as liquidated damages and the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtors will be authorized, but not directed, to effectuate a Sale to the Alternate Bidder(s)

subject to the terms of the Alternate Bid(s) of such Alternate
Bidder(s) without further order of the Bankruptcy Court.

The balance of the purchase price shall be paid by the
Successful Bidder by wire transfer or an endorsed bank or
certified check at the Closing.

## Return Of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders (except
for the Successful Bidder) for Leases will be held in an escrow
account and all Qualified Bids will remain open (notwithstanding
Bankruptcy Court approval of a Sale pursuant to the terms of one
or more Successful Bids by one or more Qualified Bidders), until
the earlier of (i) two business days following the Closing of
the Sale and (ii) forty-five (45) days following the applicable
Sale Hearing (the "Return Date").  Notwithstanding the
foregoing, the Good Faith Deposit, if any, submitted by the
Successful Bidder(s), will be applied against the payment of the
purchase price upon Closing of the Sale to the Successful
Bidder(s).  If a Successful Bidder breaches its obligations
under the Bidding And Rejection Procedures Order or any
agreement entered into with respect to its Successful Bid or
fails to consummate an approved Sale because of a breach or
failure to perform on the part of such Successful Bidder, the
Debtors will not have any obligation to return the Good Faith
Deposit, and such Good Faith Deposit will irrevocably become
property of the Debtors.  On the Return Date, the Debtors will
return the Good Faith Deposits of all other Qualified Bidders
for Leases, together with the accrued interest thereon.

## Reservations Of Rights

The Debtors (in their sole discretion): (i) may determine
which Qualified Bid, if any, is the highest or otherwise best
bid; (ii) may reject at any time any bid that is: (a) inadequate
or insufficient, (b) not in conformity with the requirements of
the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy
Rules or these Bidding Procedures, or (c) contrary to the best
interests of the Debtors, their estates and creditors as
determined by the Debtors in their sole discretion; and (iii)
allow one or more, but not all, Lessor's to bid "defensively" on
its own Lease at an Auction.

## <u>Miscellaneous Terms of Sale</u>

Unless otherwise indicated by the Debtors at the Auction, Sales of the Leases shall not include personal property, inventory, fixtures, trade fixtures, or other furnishings or equipment located in the premises whether or not owned by the Debtors. The Debtors reserve the right either to sell such personal property to the Successful Bidder or to any other party, to abandon any or all of the personal property located at each of the locations pursuant to the Sale Motion, or to make such other arrangements as may be appropriate.

All sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the assignment of the Leases or the sale of personal property of the Debtors in connection therewith shall be the sole responsibility of the Successful Bidder and shall be paid to the Debtors at the Closing of each transaction.

The Debtors, at or before each Auction, may impose or modify the terms and conditions herein as they determine to be in the best interests of the Debtors, their estates, creditors and other parties in interest. The Debtors may revise the procedures herein without Court approval to enable Qualified Bidders to submit Qualified Bids for smaller subsets of Leases of a greater package submitted by such Qualified Bidders, provided no new Leases are included in such package.

# CERTIFICATE OF NOTICE

```
District/off: 0422-7        User: frenchs          Page 1 of 1              Date Rcvd: Feb 27, 2009
Case: 08-35653              Form ID: pdforder      Total Served: 2

The following entities were served by first class mail on Mar 01, 2009.
        +Chris Dickerson,    333 West Wacker Drive,    Chicago, IL 60606-1220
         Gregg M Galardi,   One Rodney Sq.,    PO Box 636,    Wilmington, DE  19899-0636

The following entities were served by electronic transmission.
NONE.                                                                      TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 01, 2009                    Signature:    *Joseph Speetjens*