| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

                 - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | Jointly Administered |

- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULES 2002 AND 6004 (I) APPROVING BIDDING PROCEDURES AND (II) SETTING AUCTION AND SALE HEARING DATES IN CONNECTION WITH THE SALE OF CERTAIN REAL PROPERTY LOCATED IN PHOENIX, ARIZONA**

Upon the motion (the "Motion")[1] of Circuit City Stores West Coast, Inc. (the "Seller," and collectively with the debtors and debtors in possession in the above-

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

captioned jointly administered cases, the "Debtors") for orders pursuant to Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004 (i) approving the bidding procedures set forth herein and attached hereto as <u>Exhibit 1</u> (the "Bidding Procedures"), (ii) setting a date for the Auction (as defined herein) and the sale hearing (the "Sale Hearing") and (iii) authorizing and approving the sale (the "Sale") of certain real property of the Seller located at 1670 and 1671 East Camelback Road, Phoenix, Arizona,(the "Property") for $2.9 million; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Seller, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the relief sought in the Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Sale Process and Sale) has been afforded to those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order"), as well as (a) all entities known to have

---

2 Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

expressed an interest in a transaction regarding the Property during the past three (3) months; (b) all entities known to have an interest in any of the Property; and (c) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested through the Motion.

  D. The Sellers' proposed notice of the Bidding Procedures, the Auction and the Sale Hearing, as set forth in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

  E. The Seller has articulated good and sufficient reasons for the Court to (i) approve the Bidding Procedures and (ii) schedule the Auction and the Sale Hearing.

  F. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Property.

  G. The entry of this Order is in the best interests of the Seller and its estates, creditors, and

interest holders and all other parties in interest herein; and it is therefore

        **ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures, as set forth on <u>Exhibit 1</u> attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the Agreement, any subsequent bids for the Property and the Auction, if applicable.

2. The Seller may: (a) determine, in its business judgment, which Qualified Bid is the highest or otherwise best offer and (b) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Seller's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or applicable law or (iii) contrary to the best interests of the Seller, its estate or its stakeholders. The Seller is authorized (x) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the Property

to be realized by the Seller's estate and (y) seek Court approval of the Agreement with Purchaser.

3. Subject to paragraph 5 below, the Court shall hold a Sale Hearing on **March 20, 2009 at 10:00 a.m. (Eastern)** in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, at which time the Court shall consider the sale aspect of the Motion. Objections to the Sale, if any, shall be filed and served no later than 4:00 p.m. (Eastern) on March 19, 2009 (the "Objection Deadline").

4. The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, the Auction, or the Seller's consummation and performance of the Agreement or a purchase agreement with the Successful Bidder (including, in either case, the transfer of the Property free and clear of liens), if authorized by the Court.

5. The Sale Hearing, or any portion thereof, may be adjourned by the Debtors from time to time with-

out further notice to creditors or parties in interest other than an announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

      6.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

      7.    This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  Richmond, Virginia
       March __, 2009

Mar 3 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 3/3/09

7

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                /s/ Douglas M. Foley

**Exhibit 1**

**(Bidding Procedures)**

**CIRCUIT CITY STORES, INC.**
**LEASE SALE BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interest held by Circuit City Stores West Coast, Inc. (the "Seller" and together with its affiliated chapter 11 debtors and debtors in possession, the "Debtors") in the real property, comprising approximately 3.5 acres, located at 1670 and 1671 East Camelback Road, Phoenix, Arizona,(the "Property"). On February 3, 2009, the Seller executed that certain Purchase And Sale Agreement (together with any amendments thereto, the "Agreement") with Heslin Holdings, Inc. (the "Purchaser"). The transaction contemplated by the Agreement is subject to competitive bidding as set forth herein and approval by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and certain other closing conditions.

On February 24, 2009, the Seller filed its Motion For Orders Under Bankruptcy Code Sections 105 And 363 And Bankruptcy Rules 2002 And 6004 (I) Approving Bidding Procedures, (II) Setting Auction And Sale Hearing Dates And (III) Authorizing and Approving Sale By Seller of a Certain Real Property Located In Phoenix, Arizona Free And Clear Of Liens (the "Sale Motion"). On March __ 2009, the Bankruptcy Court entered an Order Under Bankruptcy Code Sections 105 And 363 And Bankruptcy Rules 2002 And 6004 (I) Approving Bidding Procedures And (II) Setting Auction And Sale Hearing Dates (the "Bidding Procedures Order").[1]

The Bidding Procedures Order set (i) March 20, 2009 or (ii) such later date as determined by the Bankruptcy Court at the hearing on March 20, 2009 as the date when the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to authorize the Seller to sell its interest in the Property.

The Bidding Procedures set forth herein describe, among other things, the asset available for sale, the manner in which bids become Qualified Bids (as defined herein), the conduct of any subsequent Auction (as defined herein), the ultimate selection of the Successful Bidder (as defined herein), and the Bankruptcy Court's approval thereof. In the event that the Seller

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning assigned to it in the Sale Motion or the Bidding Procedures Order.

and any party disagree as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court will have jurisdiction to hear and resolve such dispute.

**ASSETS TO BE SOLD**

The asset proposed to be sold is the Seller's interest in the Property.

**QUALIFIED BIDS**

The Seller will consider all proposals for the Property. However, only "Qualified Bidders," i.e., persons or entities submitting "Qualified Bids", may participate in the Auction. To be considered a "Qualified Bid" for purposes of the Auction the person or entity submitting the bid must submit an offer by the Bid Deadline (as defined herein) that includes:

(a) an executed copy of the Agreement marked to show those amendments and modifications to the Agreement that the Qualified Bidder proposes, including modifications to the Purchase Price (as defined in the Agreement), which price must be at least $3,000,000 (such modified Agreement, a "Marked Agreement"),[2]

(b) the potential bidder and the officer(s) or authorized agent(s) who will appear on behalf of such bidder,

(c) evidence, satisfactory to the Seller in its reasonable discretion (after consultation with representatives of the DIP Agent and the Creditors' Committee), of the bidder's financial wherewithal,

(d) a statement that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder or any financing contingency,

(e) a good faith deposit (the "Good Faith Deposit"), in readily available funds, made payable to Circuit City Stores, Inc., equal to the greater of (i) 10% of the cash component of the purchase price or (ii) $300,000 and

(f) an acknowledgement that the bidder's offer is irrevocable until two (2) business days after the closing of the Sale of the Property.

---

[2]  As noted below, no bid may provide for a due diligence or property inspection period after the Bid Deadline. Thus, sections 4.2 and 4.3 of the Agreement shall be automatically deemed inapplicable, regardless of bidder's modifications thereto. Any references to sections 4.2 or 4.3 or the Due Diligence Period contained in the Agreement will likewise be considered inapplicable.

2

**DUE DILIGENCE**

The Seller will afford each interested party due diligence access to the Property prior to the Bid Deadline.  Due diligence access may include access to data rooms, on-site inspections, and such other matters as a Qualified Bidder may request and as to which the Seller, in its sole discretion, may agree.  The Seller may, in its discretion, coordinate diligence efforts such that multiple Qualified Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections.  Neither the Seller nor any of its affiliates (or any of its respective representatives) will be obligated to furnish any information relating to the Property to any person other than to Qualified Bidders which make an acceptable preliminary proposal.

A Qualified Bid may not be contingent upon, or otherwise provide for, the completion of any due diligence or property inspection or the expiration of any due diligence or property inspection period.

Each Qualified Bidder will be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Property prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property in making its bid.

**BID DEADLINE**

Any person or entity wishing to participate in the Auction must submit a Qualified Bid on or before **March 13, 2009 at 5:00 p.m. (Eastern)** (the "Bid Deadline") in writing, to:

(1) Circuit City Stores, Inc., 9950 Mayland Dr., Richmond, Virginia 23233, Attn: Reginald D. Hedgebeth (Reggie_Hedgebeth@Circuitcity.com);
(2) Counsel to the Seller, Gregg M. Galardi and Ian S. Fredericks, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19801 (gregg.galardi@skadden.com and ian.fredericks@skadden.com);
(3) Counsel to the Creditors' Committee, Jeff Pomerantz, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, (jpomerantz@pszjlaw.com);

3

   (4) Counsel to the DIP Agent, David S. Berman, Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, (dberman@riemerlaw.com); and

   (5) DJM Realty Services, LLC, 445 Broadhollow Road, Suite 225, Melville, New York 11747, Attn: James Avallone, Fax: (631) 752-1231 (javallone@djmrealty.com).

   The Seller shall announce the terms of the highest or otherwise best Qualified Bid, after consultation with representatives of the DIP Agent and Creditors' Committee, on or before the commencement of the Auction.

## THE AUCTION

   In the event that the Seller receives any Qualified Bids, an auction with respect to the Sale (the "Auction") will be conducted at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, tentatively commencing at **10:00 a.m. (Eastern) on March 18, 2009**. The Purchaser and any Qualified Bidder wishing to participate in the Auction must appear in person or by phone (as may be allowed by Seller in its sole discretion) and submit its highest or otherwise best bid at the Auction. Bidding at the Auction will continue until such time as the Purchaser and each Qualified Bidder has submitted its highest or otherwise best bid, at which point the Auction shall close.

## AUCTION PROCEDURES

   Only the Purchaser and any Qualified Bidders who have submitted Qualified Bids shall be eligible to participate at the Auction. During the Auction, bidding shall begin initially with the highest or otherwise best Qualified Bid and subsequently continue in such minimum increments as the Seller, after consultation with representatives of the Creditors' Committee and the DIP Agent, shall determine at the Auction (such bids submitted at the Auction, the "Auction Bids").

   The Seller may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures or applicable law.

**SELECTION OF THE SUCCESSFUL BID**

Upon conclusion of the Auction, the Seller, in consultation with representatives of the DIP Agent and the Creditors' Committee, shall (i) review each Auction Bid on the basis of financial and contractual terms and the factors relevant to the Sale and (ii) identify the highest or otherwise best offer (the "Successful Bid" and the bidder making such bid, the "Successful Bidder").

The Seller will sell the Property to the Successful Bidder according to the terms of the Successful Bid upon the approval of such bid by the Bankruptcy Court after the Sale Hearing.

The Seller's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Seller's acceptance of the bid. The Seller will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

**THE SALE HEARING**

The Sale Hearing will be held before the Honorable Kevin R. Huennekens on **March 20, 2009, at 10:00 a.m. (Eastern)** in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Seller's sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice than an announcement of the adjourned date at the Sale Hearing.

If the Seller does not receive any Qualified Bids (other than the Qualified Bid of the Purchaser), the Seller will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a Sale to the Purchaser following entry of an order approving such Sale (the "Sale Approval Order"). If the Seller does receive additional Qualified Bids, then at the Sale Hearing the Seller will seek approval of the Successful Bid, as well as the second highest or best Qualified Bid (the "Alternate Bid," and the bidder making such bid, the "Alternate Bidder").

Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale because of: (i) the failure of a condition precedent beyond the control of either the Seller or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder, then the Alternate Bid will be deemed to be the Successful Bid and

the Seller will be permitted to effectuate a sale to the Alternate Bidder subject to the terms of the Alternate Bid without further order of the Bankruptcy Court.

## RETURN OF GOOD FAITH DEPOSIT

As noted above, all Qualified Bidders will be required to submit Good Faith Deposits with the Seller on or before the Bid Deadline.  The Good Faith Deposits of all Qualified Bidders (except for the Successful Bidder) would be held and all Qualified Bids would remain open until two business days following the Closing of the Sale (the "Return Date").  Notwithstanding the foregoing, the Good Faith Deposit submitted by the Successful Bidder, together with interest thereon, if any, will be applied against the payment of the Purchase Price upon Closing of the Sale to the Successful Bidder.  If a Successful Bidder fails to consummate an approved sale, the Seller will not have any obligation to return such Good Faith Deposit and such deposit will irrevocably become property of the Seller.  Subject to the preceding sentence, on the Return Date, the Seller will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon, if any.

## RESERVATION OF RIGHTS

The Seller reserves the right to (i) determine in its reasonable discretion (after consultation with representatives of the Creditors' Committee and the DIP Agent) which offer is the highest or otherwise best offer, (ii) reject at any time prior to the closing of a Sale, without liability, any offer that the Seller in its reasonable discretion (after consultation with representatives of the Creditors' Committee and the DIP Agent) deems to be (x) inadequate or insufficient, (y) not in conformity with the requirements of these Bidding Procedures or applicable law or (z) contrary to the best interests of the Seller and its estate, (iii) waive the requirements of any of the Bidding Procedures with respect to a potential or Qualified Bidder if the Seller determines in its business judgment (after consultation with representatives of the Creditors' Committee and the DIP Agent) it is in the best interests of its estate and creditors; (iv) extend the Bid Deadline (after consultation with representatives of the Creditors' Committee and the DIP Agent) to a date and time that is not later than 12:00 midnight on March 17, 2009; (v) seek Court authority to extend the Bid Deadline beyond such date; (vi) change the date of the Auction (after consultation with representatives of the Creditors' Committee and the DIP Agent) to a date that is no later than March 19,

6

2009 and (vii) seek Court authority to change the date of any Auction beyond such date and time.

        The selection of a Successful Bidder shall be within the reasonable business judgment of the Seller (after consultation with representatives of the Creditors' Committee and the DIP Agent) and subject to the approval of the Bankruptcy Court, and economic considerations shall not be the sole criteria upon which the Seller may base its decision.  In assessing whether a proposal constitutes a higher or otherwise better offer, the Seller shall consider, among other things, the net economic effect upon the Seller's estate.  Prior to presentation of a proposal to the Bankruptcy Court, the Seller, after consultation with representatives of the Creditors' Committee and the DIP Agent, may impose such other terms and conditions on Qualified Bidders as the Seller may determine to be in the best interests of the Seller, its estate, creditors, and other parties in interest.

7

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: jafarbayj              Page 1 of 1                  Date Rcvd: Mar 03, 2009
Case: 08-35653                 Form ID: pdforder            Total Served: 1

The following entities were served by first class mail on Mar 05, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 05, 2009**                     **Signature:** _/s/ Joseph Speetjens_