**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

**ADMINISTRATIVE CLAIM REQUEST OF GOLDENBERG MANAGEMENT, INC.,
AS AGENT FOR BOULEVARD NORTH ASSOCIATES, L.P.,
PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(a) AND (b)**

Goldenberg Management, Inc. as agent for Boulevard North Associates, L.P. ("Boulevard North"), by and through its undersigned attorneys, hereby files this request for allowance[1] of administrative expense obligations pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) with respect to claims arising under a nonresidential real property lease between Boulevard North, as lessor, and the above-captioned debtor (the "Debtor"), as lessee, and respectfully represents in support thereof as follows:

**BACKGROUND**

1.  On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2.  Since the Petition Date, the Debtor has continued in the operation of its business of management of its properties as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

3.  Pursuant to a lease dated as of February 11, 2004 between Boulevard North, as lessor, and the Debtor, as lessee, as such lease has been amended from time to time (the

---

[1] Boulevard North seeks only allowance of its administrative expense claim herein, consistent with this Court's Memorandum Opinion entered on February 12, 2009 at Docket Number 2107.

"Lease"), the Debtor leases retail space at the Whitman Square Shopping Center, located in Philadelphia, Pennsylvania (the "Shopping Center").

4. Debtor has continued to occupy and use the leasehold premises at the Shopping Center since the Petition Date, but has failed to pay the following post-petition rent and other charges due under the terms of the Lease for the period from November 10, 2008 through November 30, 2008 ("Stub Rent Period"):

| Expenses Category | Amount |
|---|---|
| Base Rent | $39,409.61 |
| Common Area Maintenance | $2,897.65 |
| Use & Occupancy Tax | $3,053.68 |
| Fire Service | $17.65 |
| **TOTAL** | **$45,378.59** |

5. Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor became and remains liable for the post-petition rent and related lease obligations arising under the Lease during the Stub Rent Period. Specifically, post-petition rent and common area maintenance obligations reserved under the Lease are required to be satisfied timely and in full pursuant to § 365(d)(3) of the Bankruptcy Code, which provides in relevant part as follows:

> (3) The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title…

6. As set forth above, the Debtor's estate is liable for the specified obligations arising under the Lease for the Stub Rent Period in the amount of $45,378.59, which is an administrative expense of the Debtor's estate under § 365(d)(3) of the Bankruptcy Code.

7.	In addition to Boulevard North's entitlement to the foregoing sum as an administrative expense claim under § 365(d)(3) of the Bankruptcy Code, Boulevard North is also entitled to the allowance of such amount under § 503(b) of the Bankruptcy Code, which provides in relevant part as follows:

> After a notice and a hearing, there shall be allowed, administrative expenses, … including –
>
> (1)(A)  the actual, necessary costs and expenses of preserving the estate, including-
> (i)  wages, salaries and commissions for services rendered after the commencement of the case …

8.	In order to qualify for administrative expense status under § 503(b), the claimant must demonstrate that the claim was incurred post-petition and that the claim is an actual, necessary expense of the estate.  In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d Cir. 1999).  A lessor seeking administrative expense priority for a post-petition rent claim need not demonstrate that the "debtor's continued possession of its space is a benefit to the estate" in order to prevail on its administrative claim.  In re Trak Auto Corp., 277 B.R. 655, 665 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004).  Here, Boulevard North's post-petition claim for obligations arising during the Stub Rent Period is an appropriate administrative expense claim under § 503(b) since, among other things, the Debtor used and occupied the leasehold premises for that period.

9.	It is well established that, absent evidence to the contrary, the "amount fixed by the lease is presumed to represent the reasonable value of the use and occupancy of the premises."  In re Section 20 Land Group, Ltd., 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000) (citing In re Litho Specialties, Inc., 154 B.R. 733, 740 (D. Minn. 1993)).  Accordingly, the rent and related obligations reserved under the Lease are presumptive evidence of the fair and reasonable value of the Debtor's interest in the leasehold during the Stub Rent Period.  See, In re

3

Silicon Valley Telecom Exchange, LLC, 284 B.R. 700 (Bankr. N.D. Cal. 2002); In re Sanborn, Inc., 181 B.R. 683 (Bankr. D. Mass. 1995) (the reasonable value for the use of the premises is the lease contract rate absent evidence that the contract rate is unreasonable).

## CONCLUSION

10. For the foregoing reasons, Boulevard North is entitled to the allowance of an administrative expense claim in the amount of $45,378.59, as reflected in the foregoing calculations, for the Stub Rent Period.

WHEREFORE, Boulevard North respectfully requests the entry of an order pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) allowing as an administrative expense obligation against the Debtor's estate a claim in the amount of $45,378.59, together with such other and further relief as is just and proper.

Dated: March 9, 2009                          Respectfully submitted,

                                              COHEN BALDINGER & GREENFELD, LLC
                                              7910 Woodmont Avenue, Suite 760
                                              Bethesda, MD  20814
                                              Telephone:  (301) 881-8300

                                              By: */s/ Steven H. Greenfeld*
                                                   Steven H. Greenfeld, Esquire, VSB No. 30332

                                                   -and-

                                              Jeffrey Kurtzman, Esquire
                                              KLEHR, HARRISON, HARVEY,
                                              BRANZBURG & ELLERS, LLP
                                              260 S. Broad Street
                                              Philadelphia, PA  19102
                                              Telephone:  (215) 569-4493

                                              Co-Counsel to Goldenberg Management, Inc.,
                                              as agent for Boulevard North Associates, L.P.

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Administrative Claim Request of Goldenberg Management, Inc., as agent for Boulevard North Associates, L.P., Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) was served via first-class mail, postage prepaid, or served electronically via the CM/ECF system, this 9th day of March, 2009 to the following:

Daniel F. Blanks, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main St.
Norfolk, VA  23510

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher
& Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899

Robert V. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street
Suite 4303
Richmond, VA  23219

5

PHIL1 828745-1

Alan J. Kornfeld, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, CA  90067-4100

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, VA  23219

*/s/ Steven H. Greenfeld*
STEVEN H. GREENFELD

6