### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

### ADMINISTRATIVE CLAIM REQUEST OF PARK SIDE REALTY, L.P., PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(a) AND (b)

Park Side Realty, L.P. ("Park Side"), by and through its undersigned attorneys, hereby files this request for allowance[1] of administrative expense obligations pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) with respect to claims arising under a nonresidential real property lease between Park Side, as lessor, and the above-captioned debtor (the "Debtor"), as lessee, and respectfully represents in support thereof as follows:

### BACKGROUND

1.      On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2.      Since the Petition Date, the Debtor has continued in the operation of its business of management of its properties as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

3.      Pursuant to a lease dated December 8, 1998 between Park Side, as lessor, and the Debtor, as lessee, as such lease has been amended from time to time (the "Lease"), the Debtor

---

[1] Park Side seeks only allowance of its administrative expense claim herein, consistent with this Court's Memorandum Opinion entered on February 12, 2009 at Docket Number 2107.

leases retail space at the shopping center known as the Pathmark Shopping Center, located in Willow Grove, Pennsylvania (the "Shopping Center").

4.      Debtor has continued to occupy and use the leasehold premises at the Shopping Center since the Petition Date, but has failed to pay the following post-petition rent and other charges due under the terms of the Lease for the period from November 10, 2008 through November 30, 2008 ("Stub Rent Period"):

| Expenses Category | Amount |
|---|---|
| Base Rent (11/10/08 – 11/30/08) | $39,594.59 |
| Common Area Maintenance Escrow (11/10/08 – 11/30/08) | $2,209.48 |
| **TOTAL** | **$41,804.07** |

5.      Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor became and remains liable for the post-petition rent and related lease obligations arising under the Lease, including those arising during the Stub Rent Period.  Specifically, post-petition rent and common area maintenance obligations reserved under the Lease are required to be satisfied timely and in full pursuant to § 365(d)(3) of the Bankruptcy Code, which provides in relevant part as follows:

> (3)      The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title…

6.      As set forth above, the Debtor's estate is liable for the specified obligations arising under the Lease for the Stub Rent Period in the amount of $41,804.07, which is an administrative expense of the Debtor's estate under § 365(d)(3) of the Bankruptcy Code.

2

7.       In addition to Park Side's entitlement to the foregoing sum as an administrative

expense claim under § 365(d)(3) of the Bankruptcy Code, Park Side is also entitled to the

allowance of such amount under § 503(b) of the Bankruptcy Code, which provides in relevant

part as follows:

> After a notice and a hearing, there shall be allowed, administrative
> expenses, … including –
>
> (1)(A)  the actual, necessary costs and expenses of
> preserving the estate, including-
>       (i)  wages, salaries and commissions for services
> rendered after the commencement of the case …

8.       In order to qualify for administrative expense status under § 503(b), the claimant

must demonstrate that the claim was incurred post-petition and that the claim is an actual,

necessary expense of the estate.  In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d

Cir. 1999).  A  lessor seeking administrative expense priority for a post-petition rent claim need

not demonstrate that the "debtor's continued possession of its space is a benefit to the estate" in

order to prevail on its administrative claim.  In re Trak Auto Corp., 277 B.R. 655, 665 (Bankr.

E.D.Va. 2002), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).  Here, Park Side's post-

petition claim for obligations arising during the Stub Rent Period is an appropriate administrative

expense claim under § 503(b) since, among other things, the Debtor used and occupied the

leasehold premises for that period.

9.       It is well established that, absent evidence to the contrary, the "amount fixed by

the lease is presumed to represent the reasonable value of the use and occupancy of the

premises." In re Section 20 Land Group, Ltd., 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000)

(citing In re Litho Specialties, Inc., 154 B.R. 733, 740 (D. Minn. 1993)).  Accordingly, the rent

and related obligations reserved under the Lease are presumptive evidence of the fair and

reasonable value of the Debtor's interest in the leasehold during the Stub Rent Period.  See, In re

3

<u>Silicon Valley Telecom Exchange, LLC</u>, 284 B.R. 700 (Bankr. N.D. Cal. 2002); <u>In re Sanborn,</u>

<u>Inc.</u>, 181 B.R. 683 (Bankr. D. Mass. 1995) (the reasonable value for the use of the premises is

the lease contract rate absent evidence that the contract rate is unreasonable).

<strong><u>CONCLUSION</u></strong>

10.      For the foregoing reasons, Park Side is entitled to the allowance of an

administrative expense claim in the amount of $41,804.07, as reflected in the foregoing

calculations, for the Stub Rent Period.

WHEREFORE, Park Side respectfully requests the entry of an order pursuant to 11

U.S.C. §§ 365(d)(3) and 503(a) and (b) allowing as an administrative expense obligation against

the Debtor's estate a claim in the amount of $41,804.07, together with such other and further

relief as is just and proper.


Dated:  March 9, 2009                    Respectfully submitted,


                                         COHEN BALDINGER & GREENFELD, LLC
                                         7910 Woodmont Avenue, Suite 760
                                         Bethesda, MD  20814
                                         Telephone:  (301) 881-8300


                                         By:*/s/ Steven H. Greenfeld*
                                              Steven H. Greenfeld, Esquire, VSB No. 30332

                                                -and-

                                         Jeffrey Kurtzman, Esquire
                                         KLEHR, HARRISON, HARVEY,
                                         BRANZBURG & ELLERS, LLP
                                         260 S. Broad Street
                                         Philadelphia, PA  19102
                                         Telephone:  (215) 569-4493

                                         Co-Counsel to Park Side Realty, L.P.


4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Administrative Claim Request of Park Side Realty, L.P., Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) was served via first-class mail, postage prepaid, or served electronically via the CM/ECF system, this 9th day of March, 2009 to the following:

> Daniel F. Blanks, Esquire
> McGuire Woods LLP
> 9000 World Trade Center
> 101 W. Main St.
> Norfolk, VA  23510
>
> Gregg M. Galardi, Esquire
> Skadden Arps Slate Meagher
> & Flom LLP
> One Rodney Square
> PO Box 636
> Wilmington, DE  19899
>
> Robert V. Van Arsdale
> Office of the U.S. Trustee
> 701 East Broad Street
> Suite 4303
> Richmond, VA  23219

PHIL1 828744-1

Alan J. Kornfeld, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, CA  90067-4100

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, VA  23219


*/s/ Steven H. Greenfeld*
STEVEN H. GREENFELD

PHIL1 828744-1