David H. Cox, Esquire (VSB # 19613)
dcox@jackscamp.com
John Matteo, Esquire (VSB # 35054)
jmatteo@jackscamp.com
1120 Twentieth Street, N.W.
South Tower
Washington, D.C. 20036-3437
(202) 457-1600 – telephone
(202) 457-1678 – facsimile

Hearing: March 30, 2009 at 10:00 a.m.
Objections Due: March 23, 2009 at 5:00 p.m

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Chapter 11 <br> Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | (Jointly Administered) |
| Debtors, | |

### MOTION FOR ENTRY OF AN ORDER GRANTING ADEQUATE PROTECTION AND GRANTING ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Port Arthur Holdings, III, Ltd. ("Port Arthur") and 610 & San Felipe, Inc. ("San Felipe", together with Port Arthur referred to herein as the "Landlords"), by and through their undersigned counsel, move the Court, pursuant to 11 U.S.C. §§ 365(d)(3) and 363(e) for entry of an order requiring Circuit City Stores, Inc. (the "Debtor") to adequately protect the interests of the Landlords with respect to two nonresidential real property leases by providing for the assured timely payment of real estate tax obligations accruing pursuant to the leases during this Chapter 11 proceeding. In support of this Motion, the Landlords respectfully state the following:

## PRELIMINARY STATEMENT

A landlord should not be forced to take the position of an involuntary creditor of the Debtor's estate by being required to provide post-petition services without current payment for those services. *See e.g. In re Trak Auto Corp.,* 277 B.R. 655, 662 (Bankr. E.D. Va. 2002), *aff'd* 288 B.R. 114 (E.D. Va. 2003) *rev'd on other grounds,* 367 F.3rd 237 (4th Cir. 2004).

The Debtor's failure to fund payment of real property taxes on an ongoing basis will result in the Landlords' real property becoming encumbered by tax liens. Therefore, in order to protect the Landlords' interest in their real property and prevent the Landlords from being forced to involuntarily lend to the bankruptcy estate, the Landlords must be provided with adequate protection. Due to the likelihood of the various creditors' administrative expense claims never being paid in full, the Landlords' real property interests cannot be adequately protected by the grant of an allowed administrative priority claim. Adequate protection should be provided through an Order obligating the Debtor to immediately pay real property taxes accruing on the Landlords' properties during the period beginning on January 1, 2009 and ending on March 10, 2009 with respect to the "San Felipe Property" (as defined below) and ending on March 11, 2009 with respect to the "Port Arthur Property" (as defined below) (in each case, the "2009 Real Property Taxes").

## PARTIES

1. Port Arthur is the landlord and owner of commercial real property located at 8725 Memorial Blvd., Port Arthur, Texas (the "Port Arthur Property"). San Felipe is the landlord and owner of commercial real property located at San Felipe and Loop 610,

2

Houston, Texas (the "San Felipe Property", together with the Port Arthur Property referred to herein as the "Properties").

2. The Debtor is a lessee of the Properties pursuant to separate written lease agreements. Port Arthur leases the Port Arthur Property to the Debtor pursuant to a Lease Agreement dated as of December 22, 2006 (the "Port Arthur Lease"). San Felipe leases the San Felipe Property to the Debtor pursuant to a Lease dated as of March 1, 1996 (the "San Felipe Lease").[1]

3. Pursuant to Debtor's Notices of Rejection of Unexpired Leases and Abandonment of Personal Property filed on March 4, 2009, the rejection of the San Felipe Lease is scheduled to become effective on March 10, 2009 and the rejection of the Port Arthur Lease is scheduled to become effective on March 11, 2009 (in each instance, a "Rejection Date").

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and the Order of the United States District Court for the Eastern District of Virginia.

5. The predicate for the relief requested herein is 11 U.S.C. §§ 363(e), 365(d)(3); 503(b), and 507(a)(2).

6. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (M).

7. Venue is placed in this Court pursuant to 28 U.S.C. § 1409.

---

[1] Complete copies of both Leases have been previously filed with and attached to the respective Proof of Claims.

## FACTS AND REQUEST FOR RELIEF

8. Each of the Leases require the Debtors to pay, as additional rent, the real property taxes relating to the Properties. *See* Port Arthur Lease, §6.01 (Tenant shall pay Tenant's share of the net amount of all real estate taxes and assessments levied and assessed against the land, improvements and buildings comprising the Shopping Center); San Felipe Lease §9(b) (Tenant shall pay Tenant's pro rata share of real estate taxes levied against the tax parcel or parcels comprising the Shopping Center).

9. Debtor's portion of the real property taxes assessed against the Port Arthur Property for the calendar year 2008 totaled $62,743.61 (the "Port Arthur 2008 Property Tax"). Debtor's portion of the real property taxes assessed against the San Felipe Property for the calendar year 2008 totaled $192,588.44 (the "San Felipe 2008 Property Tax").

10. Upon information and belief, the real property taxes assessed and levied by the applicable taxing authorities for the Port Arthur Property and the San Felipe Property for calendar year 2009 will be at least as much as the respective Port Arthur 2008 Property Tax and the San Felipe 2008 Property Tax.

11. Upon the assessment of real property taxes by the applicable taxing authority, a lien is impressed upon the applicable Properties for the amount of the assessed taxes. *See,* Texas Property Code §32.01 (On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property). Accordingly, the Properties are each currently impaired by tax liens and will remain so impaired unless the real property taxes secured by such liens are paid by the Debtor.

4

12. From and after January 1, 2009, the Debtor has remained in possession of the Properties and has enjoyed the benefits of possession. During the period of time that Debtor remains in possession of the Properties, it becomes obligated to the Landlords pursuant to the Leases for the payment of rent and additional rent, including real property taxes. The Debtor's obligation to pay real estate taxes accruing during calendar year 2009, while the Debtor remains in possession of the Properties, represents an integral component of additional rent due to the Landlords.

13. The Landlords are entitled to allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 until the applicable Rejection Date. *See e.g. In re Midway Airlines Corporation*, 406 F.3rd 229, 235-237 (4th Cir. 2005) (lessor entitled to administrative expense claim for full amount of rent, taxes, and interest provided for by lease without requirement for showing of value of benefit conferred or received). If, on information and belief, the calendar year 2009 taxes for the Port Arthur Property and the San Felipe Property are at least as much as the 2008 taxes, then (a) the monthly real property tax obligation payable with respect to the Debtor's possession of (i) the Port Arthur Property during 2009 is $5,228.63, and (ii) the San Felipe Property during 2009 is $16,049.04, and (b) the prorated March, 2009 portion of the real property tax obligation payable prior to the applicable Rejection Date with respect to Debtor's possession of (i) the Port Arthur Property is $1,885.73 (11 days/366 days x $62,743.61 = $1,885.73), and (ii) the San Felipe Property is $5,261.97 (10 days/366 days x $192,588.44 = $5,261.97).

14. As a result of the Debtor's going out of business liquidation and the Debtor's resulting inability to assure payment of the allowed administrative expense priority claim

5

granted to the Landlords, and because the nonpayment of these real property tax obligations will impair and harm the Landlords' real property interests, the Landlords are additionally entitled to adequate protection. Section 363(e) of the Bankruptcy Code provides in part:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used ...or leased...the court, with or without a hearing, shall prohibit or condition such use...or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e). *See also In re Martin*, 761 F.2d 472, 475-76 (8th Cir. 1985) ("Section 363(e) of Chapter 11 provides that whenever the bankruptcy trustee proposes to use...property in which the creditor has an interest, the court shall, at the request of the creditor, prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of [the creditor's] interest.").

15. Because the Properties are impressed with liens securing the unpaid real property taxes accruing from and after January 1, 2009, the failure of the Debtors to fund and pay such taxes will impair and harm a real property interest owned by the Landlords, and the Debtor will be unjustly enriched equal in amount to the harm inflicted upon the Landlords. Accordingly, given the uncertainty of the Debtor's willingness and ability to pay the real property taxes accruing during 2009, the only means of adequately protecting the Landlords' property interests is through the entry of an Order pursuant to Section 363(e) mandating the current payment to the Landlords in an amount sufficient to satisfy the 2009 Real Property Taxes.

16. The Landlords are entitled to adequate protection of their property interests by the entry of an Order requiring the Debtor make payment to the Landlords in an amount

sufficient to fund the 2009 Real Property Taxes, equal to $12,342.99 for the Port Arthur Property and $37,360.05 for the San Felipe Property.

**WHEREFORE,** for the reasons set forth above, the Landlords request that the Court enter an Order:

A. Granting Port Arthur an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2) on account of the monthly real property tax obligation payable with respect to the Debtor's possession of the Port Arthur Property during the period commencing on January 1, 2009 and ending on the Rejection Date, which claim shall be in the amount of $12,342.99 (the "Port Arthur 2009 Real Property Tax Payment");

B. Granting San Felipe an allowed administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2) on account of the monthly real property tax obligation payable with respect to the Debtor's possession of the San Felipe Property during the period commencing on January 1, 2009 and ending on the Rejection Date, which claim shall be in the amount of $37,360.05 (the "San Felipe 2009 Real Property Tax Payment");

C. Ordering that the Debtor provide adequate protection of the Landlords' property interest by the Debtor immediately making the Port Arthur 2009 Real Property Tax Payment and the San Felipe 2009 Real Property Tax Payment.

**PORT ARTHUR HOLDINGS, III, LTD. and
610 & SAN FELIPE, INC.**

March 6, 2009               By: /s/ David H. Cox     **Counsel**

David H. Cox, Esquire (VSB # 19613)
dcox@jackscamp.com
John Matteo, Esquire (VSB # 35054)
jmatteo@jackscamp.com
JACKSON & CAMPBELL, P.C.
1120 Twentieth Street, N.W.
South Tower
Washington, D.C. 20036-3437
(202) 457-1600 – telephone
(202) 457-1678 – facsimile

*Attorneys for Port Arthur Holdings, III, Ltd. and 610 & San Felipe, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties receiving electronic notice via the Court's CM/ECF system, as appropriate, by electronic means and by First Class Mail (postage prepaid) on the following attached Service List and on the following parties via US regular mail, on this 6th day of March, 2009.

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, Virginia 23233

  *Debtors*

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510

  *Counsel for the Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

  *Counsel for the Debtors*

Gregg Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

  *Counsel for the Debtors*

Chris L. Dickerson, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606

*Counsel for the Debtors*

Robert B. Van Arsdale, Esquire
Office of the U. S. Trustee
701 East Broad Street
Suite 4304
Richmond, Virginia 23219

*Office of the United States Trustee for
the Eastern District of Virginia, Richmond Division*

Linda K. Myers, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein LLP
Three Center Plaza
Sixth Floor
Boston, Massachusetts 02108

*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219

*Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

*Counsel for the Official Committee of
Unsecured Creditors*

Robert J. Feinstein, Esquire
Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Twenty-Sixth Floor
New York, New York 10017

*Counsel for the Creditors Committee*

By: /s/ David H. Cox