David H. Cox, Esquire (VSB # 19613)
dcox@jackscamp.com
John Matteo, Esquire (VSB # 35054)
jmatteo@jackscamp.com
1120 Twentieth Street, N.W.
South Tower
Washington, D.C. 20036-3437
(202) 457-1600 – telephone
(202) 457-1678 – facsimile

Hearing: March 30, 2009 at 10:00 a.m.
Objections Due: March 23, 2009 at 5:00 p.m

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-35653-KRH |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) (Jointly Administered) |
| | ) |
| Debtors, | ) |
| | ) |

## MOTION OF PORT ARTHUR HOLDINGS, III, LTD. AND
## 610 & SAN FELIPE, INC. TO COMPEL IMMEDIATE PAYMENT
## OF POST-PETITION PORTION OF 2008 REAL ESTATE TAX OBLIGATION

Port Arthur Holdings, III, Ltd. ("Port Arthur") and 610 & San Felipe, Inc. ("San Felipe", together with Port Arthur referred to herein as the "Landlords"), by and through their undersigned counsel, hereby file their motion to compel immediate payment of certain post-petition portions of 2008 real estate tax obligations, stating as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

3.  On November 10, 2008 (the "Petition Date"), the above captioned debtor (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia.

4.  The Debtor continues to operate its business and manage its affairs as a debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5.  Port Arthur is the landlord and owner of commercial real property located at 8725 Memorial Blvd., Port Arthur, Texas (the "Port Arthur Property"). San Felipe is the landlord and owner of commercial real property located at San Felipe and Loop 610, Houston, Texas (the "San Felipe Property", together with the Port Arthur Property referred to herein as the "Properties").

6.  The Debtor is a lessee of the Properties pursuant to separate written lease agreements. Port Arthur leases the Port Arthur Property to the Debtor pursuant to a Lease Agreement dated as of December 22, 2006 (the "Port Arthur Lease"). San Felipe leases the San Felipe Property to the Debtor pursuant to a Lease dated as of March 1, 1996 (the "San Felipe Lease").[1]

7.  Pursuant to Debtor's Notices of Rejection of Unexpired Leases and Abandonment of Personal Property filed on March 4, 2009, the rejection of the San Felipe Lease is scheduled to become effective on March 10, 2009 and the rejection of the

---

[1] Complete copies of both Leases have been previously filed with and attached to the respective Proof of Claims.

Port Arthur Lease is scheduled to become effective on March 11, 2009 (in each instance,

a "Rejection Date").

8.  In relevant part, the Port Arthur Lease provides as follows with respect to the

payment of the real estate taxes on the Port Arthur Property:

> "Tenant shall pay Tenant's Share of Taxes within thirty (30) days after
> Landlord submits to Tenant a tax bill for such Taxes and a statement
> setting forth the manner in which Tenant's Share of Taxes is calculated, or
> thirty (30) days before the same are due and payable, whichever is later."
> Port Arthur Lease, at pgs. 11-12.

9.  In relevant part, the San Felipe Lease provides as follows with respect to the

payment of the real estate taxes on the San Felipe Property:

> "At such intervals as Landlord is required to pay the Real Estate Taxes,
> Tenant shall pay Tenant's Pro Rata Share of Real Estate Taxes...levied
> against the tax parcel or parcels comprising the Shopping Center. Tenant
> shall pay Tenant's Pro Rata Share of Real Estate Taxes within thirty (30)
> days after Tenant's receipt of Landlord's statement therefor, accompanied
> by the tax bill on the basis of which such statement is rendered." San
> Felipe Lease, at pg. 13.

10.  Debtor's portion of the real property taxes assessed against the Port Arthur

Property for the calendar year 2008 totaled $62,743.61 (the "Port Arthur 2008 Property

Tax").  Debtor's portion of the real property taxes assessed against the San Felipe

Property for the calendar year 2008 totaled $192,588.44 (the "San Felipe 2008 Property

Tax").

11.  The 2008 Jefferson County, Texas Tax Statements applicable to the Port

Arthur Property indicate that the total amount of real estate taxes is due by January 31,

2009.  The 2008 Harris County, Texas Property Tax Statement applicable to the San

Felipe Property indicates that the total amount of real estate taxes is due by January 31, 2009.[2]

12. Port Arthur invoiced the Debtor for the Port Arthur 2008 Property Tax on December 24, 2008. San Felipe invoiced the Debtor for the San Felipe 2008 Property Tax on November 28, 2008.

**RELIEF REQUESTED**

**IMMEDIATE PAYMENT OF NOVEMBER PORTION OF TAXES**

13. Port Arthur requests that this Court enter an Order compelling the Debtor to immediately pay Port Arthur the portion of the Port Arthur 2008 Property Tax accrued during the period from November 10, 2008 through November 30, 2008 (the "Port Arthur November Portion"), which is $3,600.04 (21 days/366 days x $62,743.61 = $3,600.04). San Felipe requests that this Court enter an Order compelling the Debtor to immediately pay San Felipe the portion of the San Felipe 2008 Property Tax accrued during the period from November 10, 2008 through November 30, 2008 (the "San Felipe November Portion"), which is $11,050.15 (21 days/366 days x $192,588.44 = $11,050.15).

14. This Court's Memorandum Opinion of February 12, 2009, regarding when the Debtor must pay "stub rent" (the "Opinion") is relevant to the issue of whether the applicable real estate taxes must be paid immediately. The Landlords believe that the Opinion means that if the due date for a lease obligation is after the Petition Date, then the Debtor is obligated to pay on the due date with respect to the portion of the obligation that accrued on and after Petition Date. See Opinion, at pg. 12 ("If the time for

---

[2] Complete copies of both real estate tax bills and invoices have been previously filed with and attached to the respective Proof of Claims.

performance under the Lease has not expired (e.g., if the Lease is an Arrears Lease and the Petition Date is before the due date under the Lease), then the time for timely performance of the obligation to pay Stub Rent under the Lease is the date provided for in the Lease."). The Landlords' interpretation of the Opinion is consistent with the "accrual method" followed in this Court with respect to lease obligations and also gives effect to the directive in § 365(d)(3) of the Bankruptcy Code that "[t]he Trustee shall timely perform all the obligations of the debtor."

15. The Port Arthur 2008 Property Tax and the San Felipe 2008 Property Tax are both due and payable on January 31, 2009 (i.e., after the Petition Date), and both the Port Arthur November Portion and the San Felipe November Portion accrued on and after the Petition Date. Therefore, the Landlords believe that the Debtor is obligated to immediately pay both the Port Arthur November Portion and the San Felipe November Portion to the respective Landlords.

## WAIVER OF MEMORANDUM OF LAW

16. The Landlords request that the requirement that all motions be accompanied by a separate memorandum of law be waived pursuant to local Bankruptcy Rule 9013-1(G) because there are no novel issues of law presented in the motion and all applicable authority is set forth in the motion.

## NO PRIOR REQUEST

17.  No previous motion for the relief sought herein has been made to this Court or any other behalf of the Landlords.

WHEREFORE, the Landlords respectfully request that the Court enter an order compelling the Debtor to immediately pay both the Port Arthur November Portion and the San Felipe November Portion to the respective Landlords, and granting such further relief as the Court deems just and proper.

**PORT ARTHUR HOLDINGS, III, LTD. and
610 & SAN FELIPE, INC.**

March 6, 2009                    By: /s/ David H. Cox       **Counsel**

David H. Cox, Esquire (VSB # 19613)
dcox@jackscamp.com
John Matteo, Esquire (VSB # 35054)
jmatteo@jackscamp.com
JACKSON & CAMPBELL, P.C.
1120 Twentieth Street, N.W.
South Tower
Washington, D.C. 20036-3437
(202) 457-1600 – telephone
(202) 457-1678 – facsimile

*Attorneys for Port Arthur Holdings, III, Ltd. and 610 & San Felipe, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion has been served on the parties receiving electronic notice via the Court's CM/ECF system, as appropriate, by electronic means and by First Class Mail (postage prepaid) on the following attached Service List and on the following parties via US regular mail, on this 6th day of March, 2009.

Circuit City Stores, Inc.
Attn: Reginald D. Hedgebeth
Attn: Daniel W. Ramsey
9950 Maryland Drive
Richmond, Virginia 23233

    *Debtors*

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510

    *Counsel for the Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

    *Counsel for the Debtors*

Gregg Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
One Rodney Square
Box 636
Wilmington, Delaware 19899

    *Counsel for the Debtors*

Chris L. Dickerson, Esquire
Skadden Arps, Slate Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606

  *Counsel for the Debtors*

Robert B. Van Arsdale, Esquire
Office of the U. S. Trustee
701 East Broad Street
Suite 4304
Richmond, Virginia 23219

  *Office of the United States Trustee for*
  *the Eastern District of Virginia, Richmond Division*

Linda K. Myers, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

  *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein LLP
Three Center Plaza
Sixth Floor
Boston, Massachusetts 02108

  *Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219

  *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

    *Counsel for the Official Committee of*
    *Unsecured Creditors*

Robert J. Feinstein, Esquire
Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
Twenty-Sixth Floor
New York, New York 10017

    *Counsel for the Creditors Committee*

                    By: /s/ David H. Cox