Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - x

**STIPULATION BETWEEN THE DEBTORS AND RICARDO BENJAMIN SALINAS PLIEGO WITH RESPECT TO RICARDO BENJAMIN SALINAS PLIEGO'S OWNERSHIP OF CIRCUIT CITY STORES INC.'S COMMON STOCK**

This Stipulation is made this 5th day of March, 2009 by and between the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] and Ricardo Benjamin Salinas Pliego

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785),

("Salinas").  The Debtors and Salinas are collectively referred to herein as the "Parties".

## BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for chapter 11 relief with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

WHEREAS, pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors are continuing to manage and operate their businesses as debtors in possession.

WHEREAS, on the Petition Date, the Debtors filed their Motion for Order under 11 U.S.C. §§ 105, 362 and 541 and Fed. R. Bankr. P. 3001 and 3002 Establishing Notice, Hearing, and Sell-Down Procedures for Trading In Equity Securities and Claims Against the Debtors' Estates (the "Securities Motion").

---

InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

WHEREAS, on November 13, 2008, the Bankruptcy Court entered an order (the "Securities Order", docket number 135) granting the Securities Motion, as provided therein.

WHEREAS, on November 14, 2008, Salinas, through his counsel, filed an Initial Statement of Beneficial Ownership of Securities (the "Form 3 Ownership Statement") with the Securities and Exchange Commission (the "SEC"), which indicated that, as of November 12, 2008, Salinas directly owned 16,825,440 shares of Circuit City Stores, Inc. common stock (the "Circuit City Stock").

WHEREAS, on November 14, 2008, Salinas, through his counsel, filed a Statement of Changes in Beneficial Ownership (the "November 14 Form 4") with the SEC, which indicated that Salinas had acquired an additional 5,320,248 shares of Circuit City Stock on November 12, 2008 (the "November 12 Stock Purchase").

WHEREAS, on November 17, 2008, Salinas, through his counsel, filed another Statement of Changes in Beneficial Ownership (the "November 17 Form 4") with the SEC, which indicated that Salinas had acquired (i) an additional 19,830,000 shares of Circuit City Stock on

3

November 13, 2008 (the "November 13 Stock Purchase") and (ii) an additional 5,207,000 shares of Circuit City Stock on November 14, 2008 (the "November 14 Stock Purchase" and, together with the November 12 Stock Purchase and the November 13 Stock Purchase, the "Salinas Stock Purchases").

WHEREAS, Salinas has represented that

(a) he acquired all 47,182,688 shares of Circuit City Stock through transactions on the open market;

(b) at no time has he beneficially owned (including through attribution, as beneficial ownership is defined in the Securities Order) more than 47,182,688 shares of Circuit City Stock;

(c) he does not beneficially own any Options (as defined in the Securities Order) with respect to Circuit City Stock;

(d) he is not a party to any derivative instrument, including but not limited to a swap, participation, or structured note, with respect to Circuit City Stock;

(e) he has not acted, and is not acting, in concert with any other party to make a coordinated acquisition of Circuit City Stock.

WHEREAS, Salinas now desires to sell all of his shares of Circuit City Stock (including those shares purchased through the Salinas Stock Purchases) on the terms and conditions set forth herein.

4

WHEREAS, the Parties desire to resolve consensually any dispute concerning the manner in which the Securities Order applies to the Salinas Stock Purchases without having to resort to litigation.

NOW, THEREFORE, intending to be legally bound hereby, upon order of the Bankruptcy Court as contemplated hereby, the Parties hereto stipulate as follows:

Pursuant to Section 6 of the Securities Order, the Debtors consent to 60% percent of the November 12 Stock Purchase, accounting for the purchase of 3,174,560 shares of Circuit City Stock, and such purchase shall not be void <u>ab initio</u> and Salinas may, but shall not be obligated to, retain such shares. The remaining 40% percent of the November 12 Stock Purchase, accounting for the purchase of 2,145,688 shares of Circuit City Stock shall be void <u>ab initio</u> (the "November 12 Void Stock Purchase").

2. The November 13 Stock Purchase shall be void <u>ab initio</u> (the "November 13 Void Stock Purchase).

3. The November 14 Stock Purchase shall be void <u>ab initio</u> (the "November 14 Void Stock Purchase" and collectively with the November 12 Void Stock

5

Purchase and the November 13 Void Stock Purchase, the "Void Stock Purchases").

4.  The shares of Circuit City Stock that were acquired in the Void Stock Purchases (such shares being referred to as the "Restricted Shares") shall be deemed to have been held at all times by Salinas in trust for the benefit of a qualified charitable organization to be selected by Salinas and approved by Circuit City Stores, Inc., which organization shall be described in section 501(c)(3) of the Internal Revenue Code of 1986 (as amended, the "Tax Code") and shall not be a private foundation within the meaning of section 509(a) of the Tax Code (the "Qualified Charity").

5.  As promptly as practicable after the Parties' receipt of Court approval of this Stipulation, Salinas shall sell the Restricted Shares (the "Stock Disposition").  The Stock Disposition shall be made in one or more open market transactions pursuant to which Salinas does not have actual knowledge of the identity of the person or entity that is to become the beneficial owner of such Circuit City Stock.  The proceeds of such sale(s) of the Restricted Shares shall be payable as follows: first, to Salinas up to the price Salinas paid

6

to acquire the Restricted Shares (inclusive of commissions), with the remainder, if any, payable to the Qualified Charity.

6. Salinas may sell his shares of Circuit City Stock other than the Restricted Shares (the "Unrestricted Shares") through open market transactions or by one or more private, negotiated sales to which the requirements of paragraph 5 above shall not apply; provided, however, if such sales occurs through private, negotiated sales, that such sales of Unrestricted Shares may not (i) result in an increase in the amount of Circuit City Stock beneficially owned by a Substantial Shareholder (as defined in the Securities Order), or (ii) result in a person or entity becoming a Substantial Shareholder, or (iii) otherwise cause a violation of the Securities Order.

7. The Parties shall not take any actions inconsistent with this Stipulation and Order and shall execute such documents and take such actions that may reasonably be required to effectuate this Stipulation and Order, all at their own expense, including, without limitation, (i) by Salinas giving effect to this Stipulation and Order in determining whether any filings

7

are required to be made with the SEC, and if any filings are required to be made, making such filings in a manner that reflects this Stipulation and Order and (ii) by Salinas assisting the Debtors with any formal or informal actions or proceedings before the Internal Revenue Service concerning the Salinas Stock Purchases and their effect on the Debtors' Tax Attributes (as defined in the Securities Motion), including the filing of an affidavit.

       8.    From the date hereof through the date this Stipulation is approved by order of the Bankruptcy Court (the "Order"), Salinas shall not purchase or sell any shares of Circuit City Stock except in accordance with the procedures outlined in the Securities Order.

       9.    Not later than 5 calendar days following the completion of the Stock Disposition(s), Salinas shall file a certificate, signed by Salinas or an authorized person acting on his behalf, confirming that Salinas has complied with this Stipulation and specifically stating (to the extent the information is readily available) (a) the number of shares of Circuit City Stock that were sold pursuant to paragraph 5 hereof, (b) the date of each sale, (c) the price at

which each share was sold, (d) the related costs of each sale, (e) the basis of each share sold, (f) the date on which each share was acquired, (g) the gain, if any, recognized upon such sales described in paragraph 5 above, and (h) that any such recognized gains were donated to the Qualified Charity.

10.  After the Order approving this Stipulation is signed and the Restricted Shares are sold in accordance with paragraph 5, Salinas' transactions in the Debtors' equity securities shall be restricted to the extent set forth in the Securities Order.

11.  The Bankruptcy Court shall retain jurisdiction to enforce the terms and provisions of this Stipulation and the Order.

12.  Upon execution of the Order by the Bankruptcy Court, the Stipulation and Order shall be binding upon and shall inure to the benefit of each of the Parties and each of their respective successors and assigns.

13.  The Stipulation and Order contains the entire agreement and understanding between the Parties with respect to the subject matter hereof, and

supersedes and replaces all prior negotiations or proposed agreements, written or oral.

      14.  The Securities Order remains in full force and effect, and nothing in the Stipulation and Order shall be deemed a modification, waiver, or alteration of any of the terms, conditions, or requirements of the Securities Order.

      15.  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, together will constitute one and the same agreement.  This Stipulation may be executed by facsimile signature which shall have the same force and effect as an original signature.

IN WITNESS WHEREOF, the Parties have set their hands in agreement as of the date written above.

```
                    CIRCUIT CITY STORES, INC.


                    /s/ Reginald D. Hedgebeth
                    By: Reginald D. Hedgebeth
                    Title: Senior VP, General Counsel and
                    Secretary



                    RICARDO BENJAMIN SALINAS PLIEGO


                    By:/s/ Ricardo Benjamin Salinas Pliego
                       Attorney in fact
```

**ORDER**

Upon consideration of the foregoing, it is hereby:

ORDERED, that the Stipulation is hereby approved in its entirety; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Order.

Dated:  Richmond, Virginia
        March __, 2009
        Mar 6 2009

                    /s/ Kevin R. Huennekens
                    UNITED STATES BANKRUPTCY JUDGE


Entered on Docket:  3/6/09

12

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: jafarbayj            Page 1 of 1                  Date Rcvd: Mar 06, 2009
Case: 08-35653                 Form ID: pdforder          Total Served: 1

The following entities were served by first class mail on Mar 08, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                                  TOTAL: 0
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 08, 2009                    Signature: _____
                                                  *Joseph Speetjens*