# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - x
                                      :      Chapter 11
In re:                                :
CIRCUIT CITY STORES, INC.,            :      Case No. 08-35653 (KRH)
et al.,                               :
                                      :      (Jointly Administered)
            Debtors.                  :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

**AGREED ORDER ON MOTION OF MANSFIELD SEQ 287 & DEBBIE, LTD FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 362, AND 363, FEDERAL BANKRUPTCY RULE 9014, AND LOCAL BANKRUPTCY RULE 4001(a), MODIFYING THE AUTOMATIC STAY TO (I) PERMIT THE ADMINISTRATIVE FREEZE OF CERTAIN FUNDS, AND (II) TO PERMIT THE EXERCISE OF SETOFF AND  RECOUPMENT, OR FOR ADEQUATE PROTECTION**

**ON THIS DAY**, the Court considered Motion of Mansfield SEQ 287 & Debbie, Ltd. (the "Landlord") for Order Under Bankruptcy Code Sections 105, 362, and 363, Federal Bankruptcy Rule 9014, and Local Bankruptcy Rule 4001(a), Modifying the Automatic Stay to (I) Permit the Administrative Freeze of Certain Funds, and (II) to Permit the Exercise of Setoff and Recoupment, or for Adequate Protection (the "Motion").  The Landlord and Circuit City Stores, Inc., ("CCS"), a Debtor in these Chapter 11 cases,[1] have advised the Court that they have agreed to entry of an order, pursuant to sections 105, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 9014 of the Federal Rules of Bankruptcy

---

[1] The Debtors jointly administered in the above styled and numbered case are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Patapsco Designs, Inc., Sky Venture Corp., XSStuff, LLC, Courchevel, LLC, Circuit City Stores PR, LLC, Abbott Advertising Agency, Inc., Mayland MN, LLC, Orbyx Electronics, LLC, and Prahs, Inc.

Procedure (the "Bankruptcy Rules") and Rule 4001(a)(1) of the Local Rules of Bankruptcy Rules

of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"),

modifying the automatic stay to permit the Landlord to exercise its rights of setoff and/or

recoupment, and granting other related relief as set forth in this Order.  Upon review of the

parties' agreement, the Court finds the agreement to be reasonable and notice of the Motion and

the agreement adequate under the circumstances.  Therefore, the Court finds the Motion should

be granted as set forth in this Order and all other relief sought in the Motion and not provided for

herein denied.

**IT IS THEREFORE ORDERED:**

1.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§

1408 and 1409.

3.      The statutory predicates for the relief requested are Bankruptcy Code Sections

105, 362, and 363, as supplemented by Bankruptcy Rule 9014 and Local Rule 4001(a)(1).

4.      On December 31, 2008, the Lease[2] by and between CCS and Landlord was

rejected pursuant to 11 U.S.C. § 365(a).

5.      Cause exists pursuant to 11 U.S.C. § 362(d)(1) to modify the automatic stay

imposed by 11 U.S.C. § 362(a) (the "Stay") as set forth below.

6.      The Stay should be and is therefore modified to:

---

[2] Unless otherwise defined herein, all initially capitalized terms used herein shall have the meaning given in the
Motion.

a.  Permit the Landlord to retain and set off $624,508.81 of the Reimbursements in full and final satisfaction of all the Landlord's Lease rejection claims allowable pursuant to 11 U.S.C. § 502(b)(6).

b.  Permit the Landlord to retain and set off $321,974 of the Reimbursements in full and final satisfaction of all of the Landlord's claims of indemnity arising under the Indemnification Agreement; provided, however, (i) the Landlord is not assuming liability for any Contractor Claims and expressly reserves the right to contest same; and (ii) Landlord agrees to pay CCS for any Contractor Claim shown on Exhibit "A" hereto up to an aggregate amount of $100,000, if: (x) CCS reasonably establishes within six (6) months of the date of the entry of this Order that it actually paid such Contractor Claim(s) and (y) if the vendor of the product or service for such Contractor Claim was obligated to provide a transferable warranty for such products or services, Landlord receives confirmation that the warranty has been transferred to Landlord or is available to Landlord.

c.  Permit the Landlord to communicate directly with any holder regarding any Contractor Claim and the transfer of warranties related to products or services at the Premises

d.  Permit CCS to execute and deliver to Landlord (i) Bill of Sale and Assignment of Warranties and Contracts conveying all rights to warranties for workmanship and materials supplied to the Premises, "as is, where is," without representation as to the enforceability of such rights or contracts in the form attached as Exhibit "B"; (ii) Quitclaim Deed transferring or title of building, improvements and all other property located on the Premises in accordance with the terms of the Lease in the form attached as Exhibit "C"; and (iii) a Mutual Release of all claims against Landlord except the right to payments under Paragraph 6.b above and the right to payment under Paragraph 7 below, in exchange for a mutual release by the Landlord of all claims against CCS except these set forth in Paragraphs 6.a and 6.b above in the form attached as Exhibit "D."

7.  Eleven (11) days after entry of this Order, and the execution of the conveyances and releases set forth in Paragraph 6.d., provided this Order has not been otherwise stayed, Landlord shall further remit to CCS remaining amounts of the Reimbursements in the amount of $186,444.38.

Dated:  Richmond, Virginia
      February ___, 2009
      Mar 6 2009

                /s/ Kevin R. Huennekens
                _____
                UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

                        Entered on Docket:  3/6/09

Joseph A. Friedman (Texas SBN 07468280)
KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Ph:  (214) 777-4200

- and -

/s/ Lisa T. Hudson_____
Lisa Taylor Hudson (VSB No. 45484)
William A. Gray (VSB No. 46911)
Sands Anderson Marks & Miller,
A Professional Corporation
801 East Main St., Suite 1800
P.O. Box 1998
Richmond, Virginia 23218-1998

COUNSEL FOR MANSFIELD SEQ 287 & DEBBIE, LTD


SEEN AND AGREED:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley____
Douglas M. Foley

**Exhibit A**

**Circuit City's Outstanding Invoices for store # 3809- Mansfield, TX**
As of: 01.20.09
Substantial Completion 10.21.08

| # | National Vendor/ Contractor | Description of Work | Catergory | Estimated Contract amount | Estimated % | Actual Contract amount | Known Outstanding Bal. | Work Phase 1/3, 2/3, 3/3 | Comments | Receipt in Hand | Warranty required |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | SM Wilson | General Contractor (GC)- provided contracting services for Shell and TFO. Includes sub-contractor trades and installation of FBO materials | Local Vendor | $1,040,000 | 58.71% | $1,040,020 | $186,924 | ALL | Verified amount in email and pay applications | Yes | Yes (from GC as well as all sub contractors) |
| 2 | Russlleville Steel - contact: Stewart Freeman @ 479.968.2211 or Trish Henery @ 474.968.2211 | FBO- structural steel - supplied by owner only (install by GC) | Nat Acct - CC Direct | $125,000 | 7.06% | | $0 | 1/3 | Verified over the phone to be PAID IN FULL | | |
| 3 | Vulcraft - contact Robert Wesley | FBO- steel joist and deck - supplied by owner only (install by GC) | Nat Acct - CC Direct | $125,000 | 7.06% | | $0 | 1/3 | Verified over the phone to be PAID IN FULL | | |
| 4 | Miner Fleet - contact Trey Roeder @888.606.4637 | FBO- dock equipment - supplied and installed by owner | Nat Acct - CC Direct | $20,000 | 1.13% | | $0 | 2/3 | Verified over the phone to be PAID IN FULL | | Yes |
| 5 | FMG or Telgian - contact: Amanda Swanson/ Mike Kipp @ 480.753.5444 | FBO- fire sprkinlers - supplied and installed by owner | Nat Acct - CC Direct | $30,000 | 1.69% | | $5,262 | 2/3 | Verified over the phone an estimate of LESS THAN 10,000 - would not give specifics | will not send without letter from CC | Yes |
| 6 | Trane- contact: Bob Ross @608.787.4858 | FBO- RTU's, roof curbs, and GUH - supplied by owner only (install by GC) | Nat Acct - CC Direct | $30,000 | 1.69% | | $0 | 2/3 | Verified over the phone to be PAID IN FULL | | Yes |
| 7 | Hill Phoenix- contact: Scott Higginbothen @ 770.285.3215 | FBO- power panels and STS room - supplied by owner only (install by GC) | Nat Acct - CC Direct | $40,000 | 2.26% | | $0 | 2/3 | Verified over the phone to be PAID IN FULL | | Yes |
| 8 | Standard Electric -contact: Kathy Winn @978.661.1857 | FBO- bussway, power poles, lighting - supplied by owner only (install by GC) | Nat Acct - CC Direct | $40,000 | 2.26% | | $0 | 2/3 | Verified over the phone to be PAID IN FULL | | |
| 9 | North American Roofing Services - contact Jeff Sherrill @ 800.876.5602 | FBO- Roof - supplied and installed by owner | Nat Acct - CC Direct | $100,000 | 5.65% | | $0 | 2/3 | Talked to Jeff- verified over the phone to be PAID IN FULL | | Yes (thru GC) |
| 10 | Pawling Corp- contact Jennifer Killmer@ 800.431.3456 | FBO- shopping cart bumpers - supplied by owner only (install by GC) | Nat Acct - CC Direct | $300 | 0.02% | $262 | $0 | 3/3 | Verified over the phone to be PAID IN FULL | | |
| 11 | Mills & Nebraska - contact Avorice Holman @ 407.298.5600 and George Ramos @407.896.3338 | FBO- Doors and frames - supplied by owner only (install by GC) | Nat Acct - CC Direct | $2,000 | 0.11% | | $556 | 3/3 | Verified amount over phone | | |
| 12 | CCSI purchasing | FBO- prefinished light shield - supplied by owner only (install by GC) | Nat Acct - CC Direct | $4,000 | 0.23% | | $4,000 | 3/3 | Estimate - | | |
| 13 | Wayne- Dalton - contact: Michelle Beckler@800.598.3667 ex 2 | FBO- Overhead doors and security grilles - supplied and installed by owner | Nat Acct - CC Direct | $5,000 | 0.28% | | $0 | 3/3 | Verified over the phone to be PAID IN FULL | | Yes |
| 14 | BESAM -contact Carolyn Brown@ 704.290.5545 | FBO- Automatic sliding doors - supplied and installed by owner | Nat Acct - CC Direct | $8,000 | 0.45% | | $8,000 | 3/3 | Estimate -left 3 messages | | Yes |
| 15 | Checkpoint systems - contact: Lili Leal@ 954.981.1184 ex 3799 and Sandra Christosides @ 1 800 257.5540 ex 2161 | FBO- security sensors - supplied and installed by owner | Nat Acct - CC Direct | $10,000 | 0.56% | | $5,000 | 3/3 | Talked to Sandra (Credit Manager) she verified amount owed is LESS THAN $5,000 | will not send without letter from CC | |
| 16 | US Signs -contact: Geronamo Provencia @804.527.4000 | FBO- signage - supplied and installed by owner | Nat Acct - CC Direct | $27,000 | 1.52% | | $26,395 | 3/3 | Per Lien letter | Lien Letter | |
| 17 | HJC - contact: Bob Wanamaker (no phone) | FBO- plumbing fixtures, FRP, RR partitions, exhaust fans - supplied by owner only (install by GC) | Nat Acct - CC Direct | $30,000 | 1.69% | | $30,000 | 3/3 | Estimate - wrong telephone # listed | | Yes (thru GC) |
| 18 | Fixture Installer - Doug Otto @ 920.356.0821 - dotto@storeopeningsolution.com and Russell W. Henry @(615) 867-0858x1193 | FBO- store fixtures for CC - supplied and installed by owner | Nat Acct - CC Direct | $60,000 | 3.39% | | $55,836.89 | 3/3 | Verified thru senior estimator via email | Yes | |
| 19 | Earthwerks - contact David Bollinger @ 260.341.4949 or Jerry Carter (CFO) @ 800.275.7943 ex 8169 | FBO- all flooring products - supplied by owner only (install by GC) | Nat Acct - CC Direct | $75,000 | 4.23% | | $0 | 3/3 | Verified over the phone to be PAID IN FULL | | |
| | GRAND TOTAL | | | $1,771,300 | 100% | $1,040,282 | $321,974 | | | | |

**Exhibit B**

## BLANKET CONVEYANCE, BILL OF SALE,
## AND GENERAL ASSIGNMENT

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL PERSONS BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

Concurrently with the execution and delivery hereof, **CIRCUIT CITY STORES, INC**., a Virginia corporation (the "Assignor"), has conveyed to **MANSFIELD SEQ 287 & DEBBIE, LTD**., a Texas limited partnership (the "Assignee"), all of Assignor's right, title and interest in and to the buildings and improvements and all additions to or improvements thereof or therein, now or at any time hereafter erected, situated, lying and being on those certain plots, pieces or parcels of land or any part thereof, located in the City of Mansfield, Tarrant County, State of Texas, as more particularly shown on the cross-hatched drawing in Exhibit "A" and located in the shopping center described on Exhibit "B", attached hereto and made a part hereof, including, without limitation, all of the footings and foundations therefore, all fixtures, plants, appliances, furnaces, boilers, machinery, engines, motors, compressors, equipment and apparatus of every kind and description now or hereafter affixed or attached to any such building and improvement, (collectively, the "Property").

It is the desire of Assignor to hereby assign, transfer and convey to Assignee all of Assignor's right, title and interest in and to the fixtures, fittings, appliances, apparatus, equipment, machinery, claims, contracts, warranties and guaranties, and other items of personal property (excluding cash, trade names and trademarked materials), owned by Assignor and presently affixed or attached to, or placed or situated upon the Property, excluding, however, any general or limited common element (all of such properties and assets being collectively called the "Assigned Properties").

**NOW, THEREFORE,** in consideration of the receipt of Ten and No/100 Dollars ($10.00) and other good and valuable consideration in hand paid by Assignee to Assignor, the receipt and sufficiency of which are hereby acknowledged and confessed by Assignor, Assignor does hereby QUITCLAIM to Assignee, its successors and assigns, all of the Assigned Properties, free and clear of all security interests, liens, claims and encumbrances arising by or through Assignor, but otherwise without representation or warranty as more particularly described below including without limitation of the generality of the foregoing, the following:

1.      All right, title and interest of Assignor in and to all tangible personal property situated upon or used in connection with the complete and comfortable use, enjoyment, occupancy or operation of the Property, owned by Assignor.

2.      All right, title and interest of Assignor in and to all contracts and service contracts in connection with the use, enjoyment, occupancy or operation of the Property.  By its execution hereof, Assignee assumes the obligations of Assignor under such contracts arising from and after the date hereof.

3.      All right, title and interest of Assignor in and to all assignable warranties and guarantees (express or implied), issued in connection with or arising out of the purchase, construction, maintenance or repair of the Property (including all roof warranties, equipment

warranties and contractor warranties) and any fixtures, equipment and personal property assigned hereby.

      4.      All right, title and interest of Assignor in and to all plans and specifications, studies, drawings, marketing materials and brochures, maintenance and operating records, books and records, keys and other items in Assignor's possession and related to the Property.

      5.      All assignable right, title and interest of Assignor in and to all licenses, permits and certificates pertaining to the Property.

**THE ASSIGNEE, BY ITS ACCEPTANCE OF THIS BILL OF SALE, ACKNOWLEDGES THAT THE ASSIGNED PROPERTIES ARE HEREBY BEING SOLD TO THE ASSIGNEE IN "AS IS, WHERE IS, AND WITH ALL FAULTS" CONDITION, WITHOUT ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, OF ANY KIND WHATSOEVER AS TO THE EXISTENCE, CONDITION OR QUALITY THEREOF, INCLUDING, WITHOUT LIMITATION, OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, VALUATION, GOVERNMENTAL APPROVALS, GOVERNMENTAL REGULATIONS, OR ANY OTHER MATTER.**

      **IN WITNESS WHEREOF,** Assignor and Assignee have caused this instrument to be executed as of the _____ day of _____, 2009.

**ASSIGNOR:**

**CIRCUIT CITY STORES, INC**.,
a Virginia corporation


By:_____
Name: _____
Title: _____


**ASSIGNEE:**

**MANSFIELD SEQ 287 & DEBBIE LTD**.,
a Texas limited partnership

By:    Mansfield SEQ 287 & Debbie GP, LLC,
       a Texas limited liability company,
       its general partner


By:_____
      David C. Wilson, Manager

# EXHIBIT "A"

# DRAWING OF PROPERTY

# EXHIBIT "B"

## LEGAL DESCRIPTION OF SHOPPING CENTER

**Exhibit C**

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

When Recorded Return To:

Kane, Russell, Coleman & Logan, P.C.
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Attn:  Raymond J. Kane

_____
(Space Above For Recorder's Use Only)

## QUITCLAIM DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

THAT, **CIRCUIT CITY STORES, INC**., a Virginia corporation (hereinafter referred to as "**Grantor**"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which consideration are hereby acknowledged, has RELEASED, REMISED AND FOREVER QUITCLAIMED and by these presents does RELEASE, REMISE AND FOREVER QUITCLAIM unto **MANSFIELD SEQ 287 & DEBBIE, LTD**., a Texas limited partnership (hereinafter referred to as "**Grantee**"), all the buildings and improvements and all additions to or improvements thereof or therein (collectively the "**Improvements**"), now or at any time hereafter erected, situated, lying and being on those certain plots, pieces or parcels of land or any part thereof, located in the City of Mansfield, Tarrant County, State of Texas, as more particularly shown on the cross-hatched drawing in **Exhibit "A"** and located in the shopping center described on **Exhibit "B"** attached hereto and made a part hereof, including, without limitation, all of the footings and foundations therefore, all fixtures, plants, appliances, furnaces, boilers, mechanical equipment (including all heating, ventilating and air conditioning equipment), machinery, engines, motors, compressors, equipment and apparatus of every kind and description now or hereafter affixed or attached to any such building and improvements, but specifically excluding such piece or parcel of land, including all easements, hereditaments, tenements, appurtenances and all the estate and rights of Grantor in and to said Improvements (all of said property and interest being collectively referred to herein as the "**Property**").

**TO HAVE AND TO HOLD** the Property, unto Grantee, and Grantee's successors and assigns, forever so that neither Grantor, or Grantor's successors and assigns, nor any other person

773525 v3 (43470.00014.003)

claiming by, through or under Grantor, shall at any time hereafter have, claim or demand any right, title or interest in and to the Property or any part thereof.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

773525 v3 (43470.00014.003)

EXECUTED to be effective the _____ day of _____, 2009.

GRANTOR:

**CIRCUIT CITY STORES, INC**., a Virginia corporation

By:_____
Name:  _____
Title: _____

THE STATE OF _____        §
                                 §
COUNTY OF _____          §

    This instrument was acknowledged before me this _____ day of _____, 2009, by _____, _____ of CIRCUIT CITY STORES, INC., a Virginia corporation for the consideration therein expressed, and in the capacity therein stated.

_____
Notary Public, State of _____
My Commission Expires:
_____

**EXHIBIT A**
**TO**
**QUITCLAIM DEED**

**<u>Drawing of Property</u>**

**EXHIBIT B**
**TO**
**QUITCLAIM DEED**

**<u>Legal Description of Shopping Center</u>**

**Exhibit D**

## **MUTUAL RELEASE**

On _____, 2009, the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") entered an Agreed Order on Motion of Mansfield SEQ 287 & Debbie, Ltd. (the "Landlord") for Order Under Bankruptcy Code Sections 105, 362, and 363, Federal Bankruptcy Rule 9014, and Local Bankruptcy Rule 4001(a), Modifying the Automatic Stay to (I) Permit the Administrative Freeze of Certain Funds, and (II) to Permit the Exercise of Setoff and Recoupment, or for Adequate Protection (the "Agreed Order"). Pursuant to the Agreed Order Circuit City Stores, Inc. ("CCS") was authorized to release all claims against Mansfield SEQ 287 & Debbie, Ltd. ("Release Party") in exchange for a release by Release Party of all claims against Debtor as provided for herein.

**NOW THEREFORE**, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed as follows:

1.      Release Party does hereby release and forever discharge CCS, its affiliates, servants, assigns, officers, employees, attorneys and other representatives of and from any and all claims and causes of action of every character, known and unknown, and in whatever capacity, which Release Party may have against CCS.

2.      CCS does release and forever discharge Release Party, its affiliates, servants, assigns, agents, officers, employees, attorneys and other representatives of and from any and all claims and causes of action of every character, known and unknown, and in whatever capacity, which CCS may have against Release Party and other released parties pursuant to the forgoing release; provided, however CCS shall retain the right to the payments from Released Party

specified in Paragraph 6.b. of the Agreed Order under the conditions specified in the Agreed Order.

3.      This Mutual Release is made and performable in Tarrant County, Texas, and shall be construed in accordance with the laws of the State of Texas.

4.      Each signatory to this Mutual Release has executed it freely and without duress, after having consulted with, or having had the opportunity to consult with, the attorneys of such person or entity's choice.

5.      Each signatory to this Mutual Release represents that it is the sole owner of each of the claims released herein and is duly authorized and empowered to execute this document. Further, Release Party represents that it has not transferred any claims which it has or has had against CCS to any third-party, and CCS represents that it has not transferred any claims which CCS have or have had against the Release Party to any third-party.

6.      This instrument may be signed in multiple originals, with each party retaining one original.

7.      Notices to the parties regarding this Mutual Release shall be sent to the following:

Circuit City Stores, Inc.

_____
_____
_____
_____

With a copy to:

T. Kellan Grant, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

**MUTUAL RELEASE – Page**                                                      773250 v2 (43470.00014.003)

<u>Release Party</u>:

Mansfield SEQ 287 & Debbie, Ltd.
c/o The Retail Connection, L.P.
2525 McKinnon, Suite 700
Dallas, Texas  75201
Attention: David Wilson

With a copy to:

Raymond J. Kane
Kane Russell Coleman & Logan PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201

  **AGREED** and **APPROVED** as to form and substance on this _____ day of
_____ 2009.

       **CIRCUIT CITY STORES, INC.**

       By: _____
       Name: _____
       Its: _____

       **MANSFIELD SEQ 287 & DEBBIE, LTD.**

       By: _____
       Name: _____
       Its: _____

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1               Date Rcvd: Mar 06, 2009
Case: 08-35653                Form ID: pdforder        Total Served: 1

The following entities were served by first class mail on Mar 08, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636

The following entities were served by electronic transmission.
NONE.                                                                           TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 08, 2009**          **Signature:**    *Joseph Speetjens*