Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' FIFTH OMNIBUS MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 365(a) AND 554 AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PERSONAL PROPERTY**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a), 365(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (i) reject certain unexpired subleases of real property, including any amendments and modifications, as set forth on the attached Exhibit A (collectively, the "Subleases"), and any guaranties thereof and (ii) abandon any Debtor-owned equipment, furniture or fixtures located at the premises covered by the Subleases (the "Premises").  In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a) and 554 and Bankruptcy Rule 6006.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the" Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

7. On February 19, 2009, the Bankruptcy Court entered an Order Under Bankruptcy Code Sections 105, 363 and 365 (I) Approving Bidding and Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates, And (III) Authorizing And Approving (A) Sale Of Certain Nonresidential Real Property Leases Free And Clear Of All Interests, (B) Assumption And Assignment Of Certain Unexpired Nonresidential Real Property Leases And (C) Lease Rejection Procedures (the "Order")(D.I. 2242). The Order authorized the Debtors to reject certain unexpired real property leases and abandon certain furniture, fixtures, and equipment owned by the Debtors (the "Abandoned Property"), upon notice to the lessors

(the "Lessors"), without further Court approval (the "Rejection Notice").

8.  Pursuant to the Order, the Debtors have filed and served several Rejection Notices to various Lessors under the primary leases at the closing stores (the "Primary Leases").[2]  The Debtors believe that all of the Subleases associated with the respective Primary Leases are deemed rejected on the same date as their respective Primary Lease.  Out of an abundance of caution and the Debtors' intent to provide as much notice as possible to its tenants under the Subleases (the "Subtenants"), the Debtors hereby file this Motion to reject the Subleases.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the

---

[2] The Order required the Debtors to pay rent to the Lessors on a per diem basis for those days prior to the Rejection Date of the Primary Leases.  To the extent that the Subtenants have paid the entire March rent to the Debtors, the Debtors will make payment on a per diem basis for the number of days in the post-rejection period to the Subtenant or directly to the Primary Landlord, if the Subtenant elects.

5

Debtors to reject the Subleases and any guaranties thereof.

10. The Debtors reserve the right to seek to assume or reject additional leases and subleases in the future. This Motion should not be construed as a determination that any leases or subleases not listed herein are to be assumed or rejected.

11. To the extent that the Debtors own any personal property remaining on the Premises, the Debtors further seek authority under Bankruptcy Code sections 105 and 554 to abandon any equipment, furniture or fixtures located at the Premises (the "Abandoned Property").

### BASIS FOR RELIEF

12. For the purpose of clarity in light of the Debtors' rejection of the Primary Leases, the Debtors hereby move to reject the Subleases.

13. The Subleases are associated with Primary Leases that cover property where the Debtors operated retail stores and at which the Agent is currently conducting going-out-of-business sales. The Primary Leases are subject to various Rejection Notices. The

Subleases associated with the Primary Leases include location numbers 6016, 6101, 6104, 6106, 6110, 6127, 6128, 6132, 6166, 6224, 6243, 6244, 6245, 6255, 6256, 6416, 6440 ,6448, 6504, 6516, 6519, 6521, 6530, 6615, 6770, 6949, 6965, and 6973.

14.    The Debtors seek to reject the Subleases as of the date their respective Primary Lease was rejected, but no later than the respective dates set forth on Exhibit A (the "Rejection Date").  Accordingly, each of the Subleases is listed on Exhibit A, attached hereto, along with the name of the subtenant thereunder, location number of the associated Primary Lease and the applicable rejection date.

15.    Through the rejection of the Primary Leases, the Debtors will be relieved from paying rent, as well as other costs, including taxes, insurance, maintenance and other related charges associated with the Leases.  Thus, by seeking to reject the Primary Leases on the Rejection Date, the Debtors have avoided incurring unnecessary administrative charges for facilities that provide no tangible benefit to the Debtors' estates.  The resulting savings from the

7

rejection of the Primary Leases will increase the Debtors' future cash flow and assist the Debtors in managing their estates.

16. The Debtors believe that each of the Subleases were also rejected on the same date that their respective Primary Leases were rejected. <u>Chatlos Systems, Inc. v. Kaplan</u>, 147 B.R. 96, 99 (D. Del. 1992) (holding that rejection of a primary lease results in deemed rejection of any sublease). Out of an abundance of caution, however, the Debtors likewise seek rejection of the Subleases associated with the Primary Leases.

17. In considering their options with respect to the Subleases, the Debtors have determined in their business judgment that the costs associated with assuming the Primary Leases and the Subleases would be substantial and would constitute an unnecessary drain on the Debtors' cash resources. Based on this analysis, the Debtors believe that the Subleases provide no value to the Debtors' estates and that there remains no viable possibility other than rejection of the Subleases.

18. The Debtors have already obtained the Court's authority to abandon property at the premises

with respect to the Primary Leases.  The Debtors do not believe that they have any property on the Premises, but the Debtors have determined that to the extent such property is in place, the abandonment of the Abandoned Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to the Debtors' estates.  Moreover, the Debtors believe that the Abandoned Property is no longer necessary for the operation of the Debtors' businesses.

19.  Accordingly, the Debtors believe that rejection of the Subleases and any guaranties thereof and abandonment of the Abandoned Property as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

**I.  REJECTION OF THE SUBLEASES IS A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT.**

20.  Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination

9

to reject an executory contract is governed by the "business judgment" standard. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

21. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

10

22. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

23. As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Subleases. The Primary Leases are financially burdensome and unnecessary to the Debtors' ongoing operations and business. Rejection of the Primary Leases and the Subleases is in the Debtors' best interests because the Debtors are not conducting retail operations at the premises of the Primary Leases after the Rejection Date. Moreover, the Debtors have reviewed the Primary Leases and the Subleases and have determined that neither has any marketable value beneficial to the Debtors' estates. As such, the Primary Leases and the Subleases provide no economic benefit to the Debtors, nor are such Primary Leases and Subleases a source of

11

potential value for the Debtors' estates and creditors. Accordingly, rejection of the Subleases reflects the exercise of the Debtors' sound business judgment.

24.  In summary, the Debtors believe that the proposed rejection of the Subleases is tailored to minimize administrative expenses, maximize distributions to creditors in these chapter 11 cases, and return control of real property to the lessors quickly.  In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Subleases.

25.  Numerous courts, including those in this district, have authorized similar relief.  See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

## II. THE BANKRUPTCY CODE AUTHORIZES THE ABANDONMENT OF THE ABANDONED PROPERTY.

26.  Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts give debtors in possession great deference to their decisions to abandon under section 554.  See In re Vel Rey Props., Inc., 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless the property is harmful to the public, once the debtors in possession have shown that the property is burdensome or of inconsequential value and benefit, the court should approve the abandonment.  Id. at 868.

27.  The Debtors believe that the costs of moving and storing the Abandoned Property, if any, would far outweigh any benefit to their estates.  Moreover, the Debtors believe that any efforts to move the Abandoned Property would unnecessarily delay the rejection of the Subleases.  Therefore, it is in the

Debtors' best interests to abandon the Abandoned Property located at the Premises.

Numerous courts, including those in this district, have authorized similar relief.  See, e.g., In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006).

**NOTICE**

28.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130) and to all Lessors under the Primary Leases and the Subtenants.  The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

29.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the

14

requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

30. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: March 9, 2009
       Richmond, Virginia

>                                SKADDEN, ARPS, SLATE, MEAGHER &
>                                FLOM, LLP
>                                Gregg M. Galardi, Esq.
>                                Ian S. Fredericks, Esq.
>                                P.O. Box 636
>                                Wilmington, Delaware 19899-0636
>                                (302) 651-3000
>
>                                        - and -
>
>                                SKADDEN, ARPS, SLATE, MEAGHER &
>                                FLOM, LLP
>                                Chris L. Dickerson, Esq.
>                                333 West Wacker Drive
>                                Chicago, Illinois 60606
>                                (312) 407-0700
>
>                                        - and -
>
>                                MCGUIREWOODS LLP
>
>                                /s/ Douglas M. Foley            .
>                                Dion W. Hayes (VSB No. 34304)
>                                Douglas M. Foley (VSB No. 34364)
>                                One James Center
>                                901 E. Cary Street
>                                Richmond, Virginia 23219
>                                (804) 775-1000
>
>                                Counsel for Debtors and
>                                Debtors in Possession

**EXHIBIT A**

**(Unexpired Subleases of Real Property)**

**Exhibit A**
**Subleases**

| LOCATION NUMBER | SUBTENANT | ADDRESS | CITY | STATE | REJECTION DATE | PRIME LEASE NUMBER |
|---|---|---|---|---|---|---|
| 6965 | OUTDOOR SYSTEM ADVERTISING | 39 NORTH ROSEMEAD BOULEVARD | PASADENA | CA | 3/12/2009 | 406 |
| 6530 | TOYS R US | 6926 SOUTH LINDBERGH BOULEVARD | ST. LOUIS | MO | 3/10/2009 | 530 |
| 6521 | GUITAR CENTER STORES | 7700 NORTH KENDALL DRIVE, #400 | MIAMI | FL | 3/10/2009 | 849 |
| 6949 | PORK PLACE/HEAVENLY HAM | 1055 GRAPE STREET | WHITEHALL | PA | 3/12/2009 | 949 |
| 6244 | ADVANCE AUTO PARTS | 5325 MARKET STREET | WILMINGTON | NC | 3/11/2009 | 1608 |
| 6255 | INTERNATIONAL HOUSE OF PANCAKES | 5325 MARKET STREET | WILMINGTON | NC | 3/11/2009 | 1608 |
| 6256 | INNKEEPER PROPERTIES | 5325 MARKET STREET | WILMINGTON | NC | 3/11/2009 | 1608 |
| 6104 | THE SPORTS AUTHORITY | 3350 BRUNSWICK PIKE | LAWRENCEVILLE | NJ | 3/10/2009 | 3104 |
| 6106 | FAISON | 820 SOUTHPARK BOULEVARD | COLONIAL HEIGHTS | VA | 3/11/2009 | 3106 |
| 6416 | ADAP, INC. (AUTOZONE) | 510 PARKER STREET | SPRINGFIELD | MA | 3/11/2009 | 3146 |
| 6440 | RUBY TUESDAY'S | 510 PARKER STREET | SPRINGFIELD | MA | 3/11/2009 | 3146 |
| 6243 | CHANDLER | 12300 WEST SUNRISE BOULEVARD | PLANTATION | FL | 3/10/2009 | 3249 |
| 6224 | DOLLAR TREE | 10722 SE 82ND AVENUE | PORTLAND | OR | 3/12/2009 | 3324 |
| 6973 | PROSOUND MUSIC CENTERS | 9250 SHERIDAN BOULEVARD | WESTMINSTER | CO | 3/10/2009 | 3339 |
| 6132 | MODERNAGE, INC. | 8575 SOUTH QUEBEC STREET | LITTLETON | CO | 3/11/2009 | 3345 |
| 6245 | BABY SUPERSTORE | 8575 SOUTH QUEBEC STREET | LITTLETON | CO | 3/11/2009 | 3345 |
| 6448 | NEW COLORADO DAILY, INC. | 2600 PEARL STREET | BOULDER | CO | 3/11/2009 | 3348 |
| 6504 | RAYMUND GARZA | 5425 SOUTH PADRE ISLAND DRIVE, #135 | CORPUS CHRISTI | TX | 3/12/2009 | 3504 |
| 6519 | ACADEMY SPORTS | 13350 EAST FREEWAY | HOUSTON | TX | 3/11/2009 | 3520 |
| 6615 | CASTO/GOLF GALAXY | 4056 MORSE ROAD | COLUMBUS | OH | 3/11/2009 | 3615 |
| 6016 | AMERICAN OUTDOOR | 2885 GENDER ROAD | COLUMBUS | OH | 3/11/2009 | 3616 |
| 6770 | $1.00 STUFF, INC. | 9931 MOUNTAIN VIEW DRIVE | WEST MIFFLIN | PA | 3/10/2009 | 3617 |
| 6128 | THE PEP BOYS | 3475 WILLIAM PENN HIGHWAY | PITTSBURGH | PA | 3/10/2009 | 3618 |
| 6110 | THE AUTO TOY STORE | 7230 MARKET STREET | BOARDMAN | OH | 3/10/2009 | 3629 |
| 6166 | FORECAST DANBURY | 110 FEDERAL ROAD | DANBURY | CT | 3/10/2009 | 3668 |
| 6101 | GLAMALICIOUS GIRLZ | 772 BETHLEHEM PIKE | MONTGOMERYVILLE | PA | 3/11/2009 | 4101 |
| 6127 | SALEM FARM REALTY | 428 SOUTH BROADWAY | SALEM | NH | 3/12/2009 | 4120 |
| 6516 | OK APPLE INC. | 4339 WARDEN ROAD | N. LITTLE ROCK | AR | 3/11/2009 | 4506 |