IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No: 08-35653-KRH |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

STATEMENT OF ISSUES ON APPEAL AND DESIGNATION
OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Come now the landlords listed on Exhibit A attached hereto (the "Landlords"), pursuant to 28 U.S.C. Section 158 and Fed. R. Bankr. P. 8006, and provide their statement of issues on appeal and their designation of items to be included in the record on appeal with regard to their appeal of the Order of the Bankruptcy Court entered on January 26, 2009 (the "Order"), denying the motion of the Landlords that the Debtors be compelled to pay post petition rent for the period from November 10, 2008 (the "Petition Date") through November 30, 2008 (the "Stub Rent") for leases under which the rental obligations for the month of November 2008 became due and payable on November 1, 2008 immediately or, at the latest, within sixty days after the Petition Date, as supplemented and expanded by this Court's Memorandum Opinion docketed February 12, 2009. (Docket No. 2107). This Court granted leave to appeal by its Order Granting Leave to File Interlocutory Appeal entered February 26, 2009. (Docket No. 2329).

STATEMENT OF ISSUES ON APPEAL

1.      Whether Section 365(d)(3) of the Bankruptcy Code permits the Bankruptcy Court's conclusion that if the time for performance under the lease has already passed (*i.e.*, if the lease is an Advance Lease, as defined in the Memorandum Opinion, and the Petition Date is after the date the Lease requires rent to be paid for the month in which the filing occurs), then the time for "timely" performance of the obligation to pay Stub Rent (within the meaning of Section 365(d)(3) of the Code) is the same as for all other administrative expense claims: upon confirmation of a plan pursuant to Section 1129(a)(9)(A) of the Bankruptcy Code.

2.      Whether Section 365(d)(3) of the Bankruptcy Code gives the Bankruptcy Court discretion to decline to order immediate payment of Stub Rent.

3.      Whether the effect of the Bankruptcy Court ordering immediate payment of the Stub Rent for Advance Leases is to provide the landlords under such leases with a "super-priority" claim not authorized by the Bankruptcy Code.

DESIGNATION OF ITEMS TO BE
INCLUDED IN THE RECORD ON APPEAL

The Landlords hereby designate the following items to be included in the record on appeal, together with all exhibits, attachments, and documents incorporated by reference therein:

1.      Objection of Generation One and Two, LP, Cohab Realty, LLC, Kimco Realty Corp., Chung Hee Kim, CC-Investors 1996-6, Union Square Retail Trust, Gateway Center Properties III, LLC and SMR Gateway III, LLC as Tenants in Common, Whitestone Development Partners, L.P., KRG Market Street Village, LP, International Speedway Square, Ltd., Kite Coral Springs, LLC and Fishers Station Development Co. to Debtors' Motion for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming The Agency Agreement Among the Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail

2

Partners, LLC, and (II) Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement. (Docket No. 276).

2. Limited Objection of The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company and KNP to the Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. § 105, 361, 362, 363 and 364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings. (Docket No. 489).

3. Joinder of Eatontown Commons Shopping Center and Arboretum of South Barrington Shopping Center to Limited Objection of Carousel Center Company, L.P., Sangertown Square, L.L.C., Eklecco Newco, LLC and Fingerlakes Crossing, LLC to Entry of Final Order Pursuant to 11 U.S.C. Sections 105, 361, 363, and 364 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (1) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness with Priority Over all Secured Indebtedness and with Administrative Superpriority, (2) Granting Liens, (3) Authorizing Use of Cash Collateral by the Debtors Pursuant to 11 U.S.C. Section 363 and Providing for Adequate Protection, (4) Modifying the Automatic Stay and (5) Scheduling a Final Hearing. (Docket No. 560).

4. Objection of the Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, the Prudential Insurance Company of America, Portland Investment Company, and KNP to the Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property. (Docket No. 595).

5.     Objection to Motion Pursuant to Section 365(d)(4) of the Bankruptcy Code to Extend the Period Within Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property. (Docket No. 606).

6.     Debtors' Omnibus Objection to the Motions Pursuant to 11 U.S.C. §§ 365(a) and 503(b) to Compel Allowance and Payment of Post-Petition Rental Obligations as Administrative Expenses entered December 3, 2008. (Docket No. 641).

7.     Objection to Motion of Debtors for Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property by Christian & Barton, LLP on Behalf of Crossroads Shopping Center, Rolling Acres Plaza Shopping Center, Thoroughbred Village Tennessee, GP, Perimeter Mall, The West Campus Square Company, LLC, De Rito Pavilions 139, LLC, Myrtle Beach Farms, Drexel Delaware Limited Partnership, Roth Tanglewood LLC, Tanglewood Park LLC, N.P. Huntsville Limited Liability Company, 1030 W. North Ave. Bldg. LLC, Amargosa Palmdale Investments, LLC, Bella Terra Associates, LLC, CC-Investors 1995-6, Chung Hee Kim (Ridgehaven Plaza Shopping Center), Cohab Realty, LLC, Gateway Center Properties III, LLC and SMR Gateway III, LLC as Tenants in Common, International Speedway Square, Ltd., KRG Market Street Village, LP, Kimco Realty Corporation, Kite Coral Springs, LLC, Manufacturers & Traders Trust Company, as Trustee, Union Square Retail Trust, Whitestone Development Partners, LP. (Docket No. 659).

8.     Joinder of Certain Landlords to Limited Objection of The Macerich Company, RREEF Management Company, Cousins Properties Incorporated, Watt Management Company, The Prudential Insurance Company of America, Portland Investment Company and KNP to the Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. § 105, 361, 362, 363 and

4

364 and Federal Rules of Bankruptcy Procedure 2002 and 4001 (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Interim and Final Hearings.  (Docket No. 661)

9. Transcript of December 5, 2008 hearing entered on December 12, 2008 (Docket No. 942).

10. Debtors' Second Omnibus Objection to the Motions Pursuant to 11 U.S.C. §§ 365(a) and 503(b) to Compel Allowance and Payment of Post-Petition Rental Obligations as Administrative Expenses entered December 18, 2008 (Docket No. 1100).

11. Motion and Supporting Memorandum of Law of Landlords Listed on Exhibit A for an Order Compelling Debtors to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. Sections 365(d)(3) and 503(b) and Granting Related Relief  (Docket No. 1138).

12. Madison Waldorf, LLC's Motion for Order Compelling Payment of Post-Petition Rent as an Administrative Expense (Store No. 704) .  (Docket No. 1245).

13. Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof entered January 2, 2009 (Docket No. 1347).

14. Joinder to Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof entered January 5, 2009 (Docket No. 1363).

15. Joinder of 502-12 86th Street LLC to Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof entered January 5, 2009 (Docket No. 1365).

16. Carousel Center Company, LP, Sangertown Square, LLC, Fingerlakes Crossing, LLC and Charlotte (Archdale) UY, LLCs' Notice of Motion and Hearing Thereon re: Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof. (Docket No. 1368).

17. Joinder to Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof entered January 6, 2009 (Docket No. 1375).

18. Joinder of Developers Diversified Realty Corporation, General Growth Properties, Inc., Weingarten Realty Investors, Basser-Kaufman, Inc., Philips International Holding Corp., Regency Centers, L.P., AAC Management Corp., Jones Lang LaSalle Americas, Inc., Continental Properties Company, Inc., and Benderson Development Company, LLC to Landlords' Motion for Rehearing and/or Reconsideration and/or to Alter or Amend the Judgment Regarding Payment of November Rent, and Memorandum in Support Thereof entered January 13, 2009 (Docket No. 1484).

19. Debtors' Objection to the Motion for Rehearing and/or Reconsideration to Alter or Amend the Judgment Regarding Payment of the November Rent entered January 14, 2009 (Docket No. 1514).

20. Madison Waldorf, LLC's Joinder in Landlords' Motion for Reconsideration to Alter or Amend the Judgment Regarding Payment of November Rent and Memorandum in Support Thereof . (Docket No. 1554).

21. Transcript of December 22, 2008 hearing (Not yet Docketed).

22. Transcript of January 16, 2009 hearing entered January 20, 2009 (Docket No. 1674).

6

23. Findings of Fact and Conclusions of Law from Hearing Held December 22, 2008 on Motions to Compel Payment of Postpetition Rent entered January 26, 2009 (Docket Nos. 1780 and 1781).

24. Transcript of January 9, 2009 hearing (Docket No. 2452).

25. Memorandum Opinion docketed February 12, 2009. (Docket No. 2109).

26. Order Granting Leave to File Interlocutory Appeal entered February 26, 2009. (Docket No. 2329).

Dated: March 9, 2009                    CHRISTIAN & BARTON, L.L.P.

By: /s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., VSB No. #13254
Michael D. Mueller, VSB No. 38216
Jennifer M. McLemore, VSB No. 47164
Noelle M. James, VSB No. 76001
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel to the Landlords

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2009, I caused a copy of the foregoing to be served by first class mail and by electronic means to Gregg M. Galardi, Esquire, Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, PO Box 636, Wilmington, DE 19899-0636; and to Douglas M. Foley, Esquire, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, VA 23219.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

931733.2

## EXHIBIT A

### Statement of Issues on Appeal and Designation
### of Items to be Included in the Record on Appeal

|     | Landlord |
| --- | --- |
| 1.  | Brighton Commercial LLC |
| 2.  | Carousel Center Company, L.P. |
| 3.  | Cedar Development Ltd. |
| 4.  | Drexel Delaware Limited Partnership |
| 5.  | Fingerlakes Crossing, LLC |
| 6.  | Generation One and Two, LP |
| 7.  | GRI-EQY (Sparkleberry Square) LLC |
| 8.  | Hamilton Crossing I, LLC |
| 9.  | Inland American Retail Management LLC |
| 10. | Inland Commercial Property Management, Inc. |
| 11. | Inland Continental Property Management Corp. |
| 12. | Inland Pacific Property Services LLC |
| 13. | Inland Southwest Management LLC |
| 14. | Inland US Management LLC |
| 15. | Kimco Realty Corporation |
| 16. | La Habra Imperial, LLC |
| 17. | Madison Waldorf LLC |
| 18. | Myrtle Beach Farms Co., Inc. |
| 19. | N.P. Huntsville Limited Liability Company |
| 20. | Rancon Realty Fund IV |
| 21. | RREEF Management Company |
| 22. | Sangertown Square, LLC |
| 23. | Starpoint Property Management, LLC |
| 24. | The Macerich Company |
| 25. | The Portland Investment Company of America |
| 26. | The Prudential Insurance Company of America |
| 27. | UnCommon, Ltd. |