IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
MAR - 9 2009
CLERK
U.S. BANKRUPTCY COURT

-------------------------------x
                               :    Chapter 11
In re:                         :    Case No. 08-35653 (KRH)
                               :
Circuit City Stores, Inc., *et al.* :
        Debtor(s).             :
                               :
-------------------------------x

## JOE G. TEDDER'S *PRO SE* OBJECTION TO DEBTORS NOTICE OF REJECTION OF UNEXPIRED LEASES AND ADANDONMENT OF PERSONAL PROPERTY

**COMES NOW, JOE G. TEDDER, CFC,** *pro se* Creditor and the duly elected Tax Collector for Polk County, Florida (hereinafter the "Tax Collector") and a sovereign constitutional officer, pursuant to Article VII, Section 1(d), Florida Constitution, and hereby files this his Objection to Debtors Notice of Rejection of Unexpired Leases and Abandonment of Personal Property and in support of same would state as follows:

1. The Debtor maintained Tangible Personal Property in Polk County, Florida located at 4212 US Highway 98 N, in Lakeland, Florida d/b/a Circuit City (Store #867), under Account No. 20-005623.

2. Tax returns for the Tangible Personal Property were filed with the Polk County Property Appraiser for the current year, from which the value was determined for purposes of calculation of the *ad valorem* taxes due by the Debtor.

3. Taxes are assessed on January 1 of each tax year and are secured by a statutory lien pursuant to Florida Statutes Chapter 197.122 (a

copy of which is attached hereto as Exhibit "A"). These liens are superior to any other liens pursuant to State Law. The secured tax claim of the Tax Collector are fully secured by the tangible property.

4. The Debtors filed for Bankruptcy Protection under Chapter 11 on November 10, 2008. The Tangible Personal Property Tax Claim for the year 2008 should be paid in its entirety.

5. The Tax Collector timely filed a Proof of Claim for the 2008 Tangible Personal Property Taxes based on a valid assessment from the office of the Polk County Property Appraiser.

6. The Tax Collector is currently owed Tangible Personal Property *ad valorem* taxes in the amount of $9,349.74 if paid/post-marked by March 31, 2009.

7. The Tax Collector is also entitled to post-petition 2009 Tangible Personal Property *ad valoreum* taxes as assessed as of January 1, 2009.

8. The Tax Collector is entitled to interest at the rate of 18%, pursuant to Florida Statute, Chapter 197.172.

8. Florida Statute, Chapters 818.01 and 818.03 clearly speaks to the removal of liened personal property prior to paying the outstanding taxes (a copy of which is attached hereto as Exhibit "B").

WHEREFORE, the Tax Collector respectfully requests that his claim in the amount of $9,349.74, for Tangible Personal Property Taxes be paid prior to or from the proceeds of any sale. The Tax Collector maintains that his lien remains on the Tangible Personal Property.

Respectfully submitted,

_____
JOE G. TEDDER, CFC
Tax Collector *for* Polk County, Florida
Delinquency and Enforcement
P.O. Box 2016
Bartow, FL 33831-2016
(863) 534-4746, extension 5718
(863) 534-4741 - Facsimile
Creditor *Pro Se*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that on this 6th day of March, 2009, the undersigned caused a true and correct copy of the foregoing document to be served upon the parties as follows:

Gregg M. Galardi, Esq.            Chris L. Dickerson, Esq.
SKADDEN, ARPS *et al.*            SKADDEN, ARPS et al.
PO box 636                        333 West Wacker Drive
Wilmington, DE  19899-0636        Chicago, IL 60606

and to

Dion W. Hayes
Douglas Foley
MCQUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia  23219
Counsel to Debtors and Debtors-in-Possession

_____
JOE G. TEDDER, CFC
Tax Collector *for* Polk County, Florida
Creditor *pro se*

3

## The 2005 Florida Statutes

| Title XIV | Chapter 197 | View Entire Chapter |
|---|---|---|
| TAXATION AND FINANCE | TAX COLLECTIONS, SALES, AND LIENS | |

**197.122  Lien of taxes; dates; application.--**

(1) All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95. All personal property tax liens, to the extent that the property to which the lien applies cannot be located in the county or to the extent that the sale of the property is insufficient to pay all delinquent taxes, interest, fees, and costs due, shall be liens against all other personal property of the taxpayer in the county. However, such liens against other personal property shall not apply against such property which has been sold, and such liens against other personal property shall be subordinate to any valid prior or subsequent liens against such other property. No act of omission or commission on the part of any property appraiser, tax collector, board of county commissioners, clerk of the circuit court, or county comptroller, or their deputies or assistants, or newspaper in which any advertisement of sale may be published shall operate to defeat the payment of taxes; but any acts of omission or commission may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax. All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed. No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:

(a) The property was not subject to taxation;

(b) The taxes had been paid before the sale of personal property; or

(c) The real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.

(2) A lien created through the sale of a tax certificate may not be foreclosed or enforced in any manner except as prescribed in this chapter.

(3) A property appraiser may also correct a material mistake of fact relating to an essential condition of the subject property to reduce an assessment if to do so requires only the exercise of judgment as to the effect on assessed or taxable value of that mistake of fact.

(a) As used in this subsection, the term "an essential condition of the subject property" means a characteristic of the subject parcel, including only:

1. Environmental restrictions, zoning restrictions, or restrictions on permissible use;

2. Acreage;

3. Wetlands or other environmental lands that are or have been restricted in use because of such environmental features;



EXHIBIT "A"

# The 2008 Florida Statutes

| Title | Chapter | 818 View |
|---|---|---|
| XLVI CRIMES | SALE OF MORTGAGED PERSONAL PROPERTY; SIMILAR OFFENSES | **Chapter** |

**818.01 Disposing of personal property under lien or subject to conditional sale.--**

(1) Whoever shall pledge, mortgage, sell, or otherwise dispose of any personal property to him or her belonging, or which shall be in his or her possession, and which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, or which shall be the subject of any written conditional sale contract under which the title is retained by the vendor, without the written consent of the person holding such lien, or retaining such title; and whoever shall remove or cause to be removed beyond the limits of the county where such lien was created or such conditional sale contract was entered into, any such property, without the consent aforesaid, or shall hide, conceal or transfer, such property with intent to defeat, hinder or delay the enforcement of such lien, or the recovery of such property by the vendor, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(2) It shall be prima facie evidence of concealing, selling, or disposing of such personal property whenever the person owning the property at the time the lien was created, or who bought the same under such retained title contract, fails or refuses to produce such property for inspection within the county where the lien was created, or the property delivered, upon demand of the person having such lien, or retaining such title, after the debt secured by such lien has become enforceable, or the vendee has substantially defaulted in the performance of such retained title contract.

**History.--**s. 1, ch. 4142, 1893; GS 3356; RGS 5202; s. 1, ch. 9288, 1923; CGL 7316; s. 887, ch. 71-136; s. 1275, ch. 97-102.

EXHIBIT "B"

The 2008 Florida Statutes

| **Title** | **Chapter** | **818 View** |
|---|---|---|
| **XLVI** CRIMES | SALE OF MORTGAGED PERSONAL PROPERTY; SIMILAR OFFENSES | **Chapter** |

**818.03 Removing such property beyond the limits of county.**--Whoever shall knowingly and without the written consent of the person having such a lien thereon, as mentioned in s. 818.01, buy, take, receive or remove or cause to be removed beyond the limits of the county, any personal property subject to such lien from the owner or any person in possession thereof, and whoever shall willfully conceal such property or obstruct, delay or hinder such lienholder in prosecuting his or her rights against any of such property, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

**History.**--s. 56, ch. 1637, 1868; RS 2477; s. 2, ch. 4142, 1893; GS 3357, RGS 5204; CGL 7318; s. 889, ch. 71-136; s. 1276, ch. 97-102.

EXHIBIT "B"



# JOE G. TEDDER, CFC, TAX COLLECTOR
### Imperial Polk County & The State of Florida

March 6, 2009



Clerk of the Court
United States Bankruptcy Court
701 East Broad STreet
Richmond, VA 23219

    **RE:   Chapter 11 Bankruptcy Case No. 08-35653**
           **Debtor:  CIRCUIT CITY STORES, INC., *et al.***

Dear Sir or Madame:

    Enclosed please find the original and one copy of the Tax Collector's Objection to Debtors Notice of Rejection of Unexpired Leases and Abandonment of Personal Property in the above-referenced matter.

    Please file the original document with the Court and return a filed-stamped conformed copy in the self-addressed, stamped envelope provided herewith.

    Thank you for your professional courtesies.  Should you have any questions or concerns, please feel free to contact me directly at (863) 534-4746, extension 5718 or by e-mail to: bonnieholly@polktaxes.com.

                              Sincerely,

                              Bonnie Holly, Paralegal
                              Delinquency and Enforcement

Enclosures