Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Taunton MA, LLC, Cole CC Aurora CO, LLC
& Cole CC Mesquite TX, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 08-35653-KRH |
| | ) Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |

**CONDITIONAL OBJECTION OF COLE CC TAUNTON MA, LLC, COLE CC AURORA CO, LLC, AND COLE CC MESQUITE TX, LLC TO DEBTORS' NOTICES OF REJECTION OF UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY.**

Cole CC Taunton MA, LLC, Cole CC Aurora CO, LLC, and Cole CC Mesquite TX (collectively, the "Cole Landlords") file this objection to the Notices of Rejection of Unexpired Leases and Abandonment of Personal Property Effective as of March 10 & 11, 2008 [Docket Nos. 2408 and 2419] (collectively the "Rejection Notices"). In support of this Objection, Cole Landlords respectfully state the following:

4815-6400-0515.1

## PARTIES

1. Cole CC Taunton MA, LLC ("Cole Taunton"), owns nonresidential real property located at 70 Taunton Depot Drive, Taunton, Massachusetts 02780 (the "Taunton Property"); Cole CC Aurora CO, LLC, ("Cole Aurora") owns nonresidential real property located at 1450 South Abilene Street, Aurora, Colorado 80012 (the "Aurora Property"); Cole CC Mesquite TX, LLC ("Cole Mesquite") owns nonresidential real property located at 3733 West Emporium Circle, Mesquite, Texas 75150 (the "Mesquite Property") (collectively, the "Cole Properties").

2. The Debtor is a lessee of the Cole Properties pursuant to separate written lease agreements. Specifically, Cole Taunton leases the Taunton Property to the Debtor pursuant to a Lease dated as of February 27, 2001, as amended (the "Taunton Lease"). Cole Aurora leases the Aurora Property to the Debtor pursuant to a Lease dated as of January 19, 1996 (the "Aurora Lease"). Cole Mesquite leases the Mesquite Property to the Debtor pursuant to a Lease dated as of July 30, 1995, as amended (the "Mesquite Lease") (collectively, the "Leases").

### A. Objection to Rejection Notice Relating to Taunton Lease

3. The Taunton Lease requires the Debtor to make fixed monthly Basic Rent payments to Cole Taunton on the last business day of each month in the amount of $47,500. Additionally, the Taunton Lease obligates the Debtor to pay Additional Rent amounts including, all taxes, utilities, insurance, maintenance and security relating to the Taunton Property. The Additional Rent provisions of the Taunton Lease also require that the Debtor to satisfy all obligations under a reciprocal easement agreement (as defined in the Taunton Lease, "REA") for the maintenance and operation of the common areas relating to the Taunton Property which is located within the Taunton Depot Shopping Center (collectively, the "REA CAM Charges").

4.	The Debtor has occupied the Taunton Property continuously since November 10, 2008. The Debtor has paid the Basic Rent amounts for the period November 10, 2008 through February 28, 2009. The Debtor has not, however, paid (i) Basic Rent for the month of March, 2009; (ii) REA CAM Charges for calendar year 2008 that became due after November 10, 2008 and are attributable to the period November 10, 2008 through December 31, 2008; (iii) REA CAM Charges for calendar year 2009 that became due on March 1, 2009 and are attributable to the month of March 2009, or (iv) real property tax obligations due on February 1, 2009 and attributable for the month of March, 2009.

5.	Because Additional Rent consisting of REA CAM Charges for 2008 and 2009 became due subsequent to the Petition Date, pursuant to the Findings of Fact and Conclusions of Law From Hearing Held December 22, 2008 on Motions to Compel Payment of Postpetition Rent entered on January 26, 2009 (the "January 26th Order"") and 11 U.S.C. § 365(d)(3), Cole Taunton is entitled to immediate payment of (i) REA CAM Charges that are attributable to the REA CAM Charges accruing from and after November 10, 2008 through December 31, 2008 in the amount of $27,991.27; and (ii) REA CAM Charges that are attributable to REA CAM Charges due on March 1, 2009 in the amount of $5089.01. Similarly, because real property taxes for the month of March, 2009 became due on February 1, 2009, after the Petition Date, Cole Taunton is entitled to immediate payment of real property taxes accruing from and after March 1 to and including the date the Mesquite Lease is rejected in the amount of $ 222.45/day.  *See* January 26th Order (rent due after the Petition Date to be immediately paid); 11 U.S.C. § 365(d)(3).

6.	Cole Taunton is also entitled to allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in

amount to the Basic Rent accruing from and after March 1, 2009 to and including the date the Taunton Lease is rejected in the amount of $1,532.26/day. *See* January 26th Order (lessors accorded administrative priority expense treatment under sections 503(b) and 507(a) for all amounts accruing under the applicable lease after November 10, 2008); *In re Midway Airlines Corporation*, 406 F.3rd 229, 235-237 (4th Cir. 2005) (lessor entitled to administrative expense claim for full amount of rent, taxes, and insurance provided for by lease without requirement for showing of value of benefit conferred or received).[1]

7. The rejection of the Taunton Lease should, therefore, be conditioned upon:

   i. immediate payment of REA CAM Charges that became due after the Petition Date and are attributable to the period November 10, 2008 through March, 2009 in the amount of $33,080.28;

   ii. immediate payment of real property taxes that became due after the Petition Date and are attributable to the period from and after March 1, 2009 to and including the date the Taunton Lease is deemed rejected at the rate of $ 222.45/day.

   iii. allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after March 1, 2009 to and including the date the Taunton Lease is rejected at the rate of $1,532.26/day.

---

[1] Although *In re Midway Airlines* was decided under 11 U.S.C. § 365(d)(5) (formerly 11 U.S.C. § 365(d)(10), the Fourth Circuit Court of Appeals observed and expressly proclaimed that 11 U.S.C. § 365(d)(3) insure landlords of nonresidential real property are entitled to allowance of an administrative expense claim equal in amount of the unpaid obligations accruing under the lease from and after the order ...(continued)

**B.    Objection to Rejection Notice Relating to Mesquite Lease**

8.    The Mesquite Lease requires the Debtor to make fixed monthly Basic Rent payments to Cole Mesquite on the *first* business day of each month in the amount of $48,903.64. Additionally, the Lease obligates the Debtor to pay additional rental amounts including, all taxes, utilities, insurance, maintenance and security (collectively, "Mesquite Additional Rent") relating to the Mesquite Property.

9.    The Debtor has occupied the Mesquite Property continuously since November 10, 2008. The Debtor has paid the Basic Rent amounts for the period December 1, 2008 through February 29, 2009 but has *not* paid Basic Rent attributable to (i) the period November 10, 2008 through November 30, 2008 or (ii) Basic Rent that was due on March 1, 2009 for the month of March. Neither has the Debtor paid any Additional Rent amounts attributable to taxes accruing for the months of January, February or March, 2009.

10.   Cole Mesquite is entitled to allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after November 10, 2008 through November 30, 2008 in the amount of $35,862.67. *See e.g.* January 26th Order (lessors accorded administrative priority expense treatment under sections 503(b) and 507(a) for all amounts accruing under the applicable lease after November 10, 2008); *In re Midway Airlines Corporation*, 406 F.3[rd] at 235-237 (4th Cir. 2005) (lessor entitled to administrative expense claim for full amount of rent, taxes, and insurance provided for by lease without requirement for showing of value of benefit conferred or received).

---

...(continued)
for relief through the date of rejection and the landlord is not required to adduce evidence of the value provided to the bankruptcy estate. *Id.*

11. Because rent for the month of March 2009 became subsequent to the Petition Date, pursuant to the January 26th Order and 11 U.S.C. § 365(d)(3), Mesquite additionally is entitled to immediate payment of Basic Rent that accrues from and after March 1 to and including the date the Mesquite Lease is rejected in the amount of $1,577,54/day. *See* January 26th Order (rent due after the Petition Date to be immediately paid).

12. Cole Mesquite is additionally entitled to allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Mesquite Lease is rejected. *See e.g.* January 26 Order; *In re Midway Airlines Corporation*, 406 F.3rd at 235-237 (4th Cir. 2005); *In re R.H. Macy & Co., Inc.*, 152 B.R. 869, 874 (Bankr. S.D. N.Y. 1993)(real property taxes are integral part of rent). Real property taxes assessed against the Mesquite Property for the calendar year 2008 totaled $191,232. Upon information and belief, the real property taxes assessed and levied by the applicable taxing authorities for the Mesquite Property, for calendar year 2009 will be equal or exceed the taxes assessed against the Mesquite Property for calendar year 2008. Accordingly, Cole Mesquite is entitled to a priority administrative expense claim equal in amount to the real property taxes accruing from and after January 1, 2009 in the amount of $523.92/day to and including the date the Mesquite Lease is rejected.

13. The rejection of the Mesquite Lease should be conditioned upon:

    i. Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after November 10, 2008 through November 30, 2008 in the amount of $35,862.67;

  ii.  Immediate payment of Basic Rent that accrues from and after March 1 to and including the date the Mesquite Lease is rejected in the amount of $1,577,54/day;

  iii.  Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Mesquite Lease is rejected in the amount of $523.92/day.

  **C.**  **Objection to Rejection Notice Relating to Aurora Lease**

14. The Aurora Lease requires the Debtor to make fixed monthly Basic Rent payments to Cole Aurora on the last business day of each month in the amount of $44,865.20. Additionally, the Aurora Lease obligates the Debtor to pay "Additional Rent" including, all taxes, utilities, insurance, maintenance and security relating to the Aurora Property.

15. The Debtor has occupied the Aurora Property continuously since November 10, 2008. The Debtor has paid the Basic Rent amounts for the period November 10, 2008 through February 28, 2009 but has not paid any Additional Rent amounts attributable to taxes accruing for the months of January, February or March, 2009 and has not paid any Basic Rent for the month of March, 2009.

16. Cole Aurora is entitled to allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after March 1, 2009 in the amount of $1,447.26/day to and including the date the Aurora Lease is rejected. *See e.g.* January 26th Order (lessors accorded administrative priority expense treatment under sections 503(b) and 507(a) for all amounts

accruing under the applicable lease after November 10, 2008); *In re Midway Airlines Corporation*, 406 F.3rd at 235-237 (4th Cir. 2005) (lessor entitled to administrative expense claim for full amount of rent, taxes, and insurance provided for by lease without requirement for showing of value of benefit conferred or received).

17.   Cole Aurora is additionally entitled to allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Aurora Lease is rejected.  *See e.g.* January 26 Order; *In re Midway Airlines Corporation*, 406 F.3rd at 235-237 (4th Cir. 2005); *In re R.H. Macy & Co., Inc.*, 152 B.R. 869, 874 (Bankr. S.D. N.Y. 1993)(real property taxes are integral part of rent). Real property taxes assessed against the Aurora Property for the calendar year 2008 totaled $69,696.63.  Upon information and belief, the real property taxes assessed and levied by the applicable taxing authorities for the Aurora Property, for calendar year 2009 will be equal or exceed the taxes assessed against the Aurora Property for calendar year 2008.  Accordingly, Cole Aurora is entitled to a priority administrative expense claim equal in amount to the real property taxes accruing from and after January 1, 2009 in the amount of $190.94/day to and including the date the Aurora Lease is rejected.

18.   Rejection of the Aurora Lease should be conditioned upon:

    i.   immediate payment of real property taxes that became due after the Petition Date and are attributable to the period from and after March 1, 2009 to and including the date the Aurora Lease is deemed rejected at the rate of $1,447.26/day.

      ii.    Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Aurora Lease is rejected in the amount of $190.94/day.

**WHEREFORE**, Cole objects to the Rejection Notices and requests that the Court enter an Order:

(A) conditioning the rejection of the Taunton Lease upon:

      i.    immediate payment of REA CAM Charges that became due after the Petition Date and are attributable to the period November 10, 2008 through March, 2009 in the amount of $33,080.28;

      ii.    immediate payment of real property taxes that became due after the Petition Date and are attributable to the period from and after March 1, 2009 to and including the date the Taunton Lease is deemed rejected at the rate of $ 222.45/day; and

      iii.    allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after March 1, 2009 to and including the date the Taunton Lease is rejected at the rate of $1,532.26/day.

(B) conditioning the rejection of the Mesquite Lease upon:

    i.    Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the Basic Rent accruing from and after November 10, 2008 through November 30, 2008 in the amount of $35,862.67;

    ii.    Immediate payment of Basic Rent that accrues from and after March 1 to and including the date the Mesquite Lease is rejected in the amount of $1,577,54/day;

    iii.    Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Mesquite Lease is rejected in the amount of $523.92/day.

(C) conditioning the rejection of the Aurora Lease upon:

    i.    immediate payment of real property taxes that became due after the Petition Date and are attributable to the period from and after March 1, 2009 to and including the date the Aurora Lease is deemed rejected at the rate of $1,447.26/day.

    ii.    Allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1), with priority as provided in 11 U.S.C. § 507(a)(2), equal in amount to the real property taxes accruing from and after January 1, 2009 to and including the date the Aurora Lease is rejected in the amount of $190.94/day.

| | |
|---|---|
| March 10, 2009<br>Richmond, Virginia | **COLE CC TAUNTON MA, LLC;**<br>**COLE CC AURORA CO, LLC; AND**<br>**COLE CC MESQUITE TX, LLC** |
| | By  /s/ Kimberly A. Pierro<br>          Counsel |

Peter J. Barrett (VA 46179)
Kimberly A. Pierro (VA 71362)
KUTAK ROCK LLP
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
-and-
Jeffrey T. Wegner (NE 18265)
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68132
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

*Attorneys for Cole CC Taunton MA, LLC,*
*Cole CC Aurora CO, LLC, Cole CC Mesquite TX, LLC and*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 10, 2009, a true and exact copy of the foregoing objection was forwarded via ECF notification to the following necessary parties or their counsel as set forth in the Order Establishing Certain Notice, Case Management, and Administrative Procedures entered November 13, 2008: (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) the Debtors and bankruptcy co-counsel, (iii) counsel to the Official Committee of Unsecured Creditors, and (iv) counsel to the agents for the Debtors' pre-petition lenders.

/s/ Kimberly A. Pierro
Counsel