Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AN ORDER APPROVING
(A) PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS AND
(B) THE FORM AND MANNER OF THE NOTICE OF OMNIBUS OBJECTIONS**

The debtors and debtors in possession (collectively,

the "Debtors")[1] hereby move the Court, pursuant to this

---

[1] The Debtors are the following entities: The Debtors and the last four
digits of their respective taxpayer identification numbers are as
follows: Circuit City Stores, Inc. (3875), Circuit City Stores West
Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
(1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC
(0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott

motion (the "Motion"), for the entry of an order,
substantially in the form of Exhibit A, approving (a)
procedures for filing omnibus objections to claims asserted
in the above-captioned chapter 11 cases and (b) the form and
manner of the notice of omnibus objections.  In support of
this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter
pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a
core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and
1409.

3.    The statutory predicates for the relief requested
herein are sections 105 and 502 of the Bankruptcy Code, 11
U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002(a),
3007, 7004, 9006, and 9014 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule
3007-1 of the Local Rules of the United States Bankruptcy

---

Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland
MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360),
and Circuit City Stores PR, LLC (5512).  The address for Circuit City
Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
Colorado 80031.  For all other Debtors, the address is 9950 Mayland
Drive, Richmond, Virginia 23233.

Court for the Eastern District of Virginia (the "Local Rules").

## BACKGROUND

4.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

5.   On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

6.   At the conclusion of the auction, the Debtors' determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent").   On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634).   The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

## PRELIMINARY STATEMENT

7.   To date, there have been approximately 11,500 proofs of claim filed with the Debtors' claims agent,

Kurtzman Carson Consultants LLC ("KCC").  In light of the
number of proofs of claim and requests for allowance and
payment of administrative expenses and/or cure claims
(collectively, the "Claims") that have been asserted against
the Debtors' estates and the substantial number of
objections they expect to file in response thereto, the
Debtors are seeking authorization to file omnibus objections
to the Claims in accordance with the objection procedures
described herein (the "Omnibus Objection Procedures").
Recognizing that Bankruptcy Rule 3007 seeks to provide
creditors with transparency and clarity with respect to
omnibus claims objections, the Debtors have tailored the
Omnibus Objection Procedures to adequately protect
creditors' due process rights and achieve administrative and
judicial efficiency.  The Omnibus Objection Procedures will
help streamline the Claims objection process, which will
inure to the benefit of the Debtors, creditors, the Court
and all parties in interest.

8.   The Omnibus Objection Procedures provide adequate
notice to and protect the due process rights of the Debtors'
creditors.  A customized notice of objection will be served
on each creditor whose Claim is objected to by an omnibus
objection, which will inform the creditor of the objection,

4

the grounds for the objection and the relief sought therein. Requiring the Debtors to file individual objections to every Claim (or requiring that omnibus objections be filed without the benefit of the Omnibus Objection Procedures) would be overly burdensome, costly, time consuming, and unnecessary.

9.    Accordingly, the Debtors respectfully submit that their proposed Omnibus Objection Procedures are consistent with Bankruptcy Rule 3007(c) and the underlying policies of the Bankruptcy Code and due process.

## RELIEF REQUESTED

10.   The Debtors seek approval of (a) the Omnibus Objection Procedures attached hereto as Exhibit B and incorporated by reference herein and (b) the proposed form and manner of notice of omnibus objections, substantially in the form attached hereto as Exhibit C and incorporated by reference herein (each, a "Notice of Omnibus Objection").

### SUMMARY OF THE OMNIBUS OBJECTION PROCEDURES
### AND NOTICE OF OMNIBUS OBJECTION[2]

**A.    The Omnibus Objection Procedures**

11.   The Omnibus Objection Procedures provide for the efficient and economic resolution of omnibus objections (each, an "Omnibus Objection") to the Claims by: (a) providing a guide to the claims objection process that clearly describes the form and manner of Omnibus Objections and the process by which claimants must file and serve responses thereto (each, a "Response"); and (b) ensuring that all parties in interest have sufficient access to the information they require to navigate the claims objection process effectively and otherwise preserve and protect the rights they are afforded under the Bankruptcy Code.

12.   Specifically, the Omnibus Objection Procedures describe, in clear and simple terms, the key aspects of the claims resolution process, including, without limitation: (a) the form of Omnibus Objections and supporting documentation, if necessary; (b) the exhibit attached to each Omnibus Objection (which will contain those Claims for

---

[2]   This description of the Omnibus Objection Procedures and the Notice of Omnibus Objection is intended as a summary and is being provided for the convenience of the Court and parties in interest.  To the extent that this summary and the text of the Omnibus Objection Procedures and the Notice of Omnibus Objection are inconsistent, the terms of the Omnibus Objection Procedures and the Notice of Omnibus Objection, respectively, shall control.

which there is a common basis) and the information contained

thereon (_e.g._, claimants' names, claim numbers, the grounds

for the Omnibus Objection and cross-references to the

location in the Omnibus Objection discussing the respective

grounds); (c) the form of the Notice of Omnibus Objection

(discussed in greater detail below); (d) the information

claimants need to file a Response to the Omnibus Objection,

the timeframe for doing so and the implications of failing

to timely file a Response; and (e) information relating to

the status hearings on Omnibus Objections.

**B.    The Notice of Omnibus Objection**

13.  As set forth in the Omnibus Objection Procedures,

each claimant whose Claim is the subject of an Omnibus

Objection will be provided with a customized Notice of

Omnibus Objection.  The Notice of Omnibus Objection will,

among other things: (a) describe the basic nature of the

Omnibus Objection; (b) inform claimants that their rights

may be affected by the Omnibus Objection and encourage them

to read the Omnibus Objection carefully; (c) identify the

deadline for filing and serving a Response and describe the

procedures to inform claimants that their Response must be

timely received by the appropriate parties and the

implications of failing to do so; (d) identify the date on

which a hearing may be held to address Omnibus Objections
and related Responses; and (e) describe how a copy of a
Claim, the Omnibus Objection and other pleadings filed in
the chapter 11 cases may be obtained.  Although the Notice
of Omnibus Objection generally will be in the form attached
hereto, it may be tailored specifically to address issues
specific to particular claimants and/or certain types of
Omnibus Objections, where necessary or appropriate.
Accordingly, the Debtors submit that the Omnibus Objection
Procedures and related Notice of Omnibus Objection
adequately protect claimants' due process rights and, thus,
address the concerns that precipitated Bankruptcy Rule 3007,
as amended.

### BASIS FOR RELIEF

**A.    Ample Authority Exists for Approval of the Omnibus
       Objection Procedures**

14.   A debtor may rebut a proof of claim by filing an
objection in accordance with Bankruptcy Rule 3007.  See
California State Board of Equalization v. Official Unsecured
Creditor's Comm. (In re Fidelity Holding Co., Ltd.), 837
F.2d 696, 698 (5th Cir. 1988).  If the debtor rebuts a
claim's presumptive validity, the burden then shifts back to
the creditor who has the ultimate burden of persuasion with

respect to the validity of the claim.  See, e.g., In re
Anderson, 349 B.R. 448 (E.D. Va. 2006); Carter Enterprises,
Inc. v. Ashland Specialty Co., Inc., 257 B.R. 797 (S.D. W.
Va. 2001).  Bankruptcy Rule 3007(c) provides that a debtor
can file objections to claims in accordance with Bankruptcy
Rule 3007(d) or as "ordered by the court."  Additionally,
the Court may rely on its general equitable powers to grant
the relief requested in this Motion pursuant to section
105(a) of the Bankruptcy Code, which empowers the Court to
"issue any order, process, or judgment that is necessary or
appropriate to carry out the provisions of [the Bankruptcy
Code]."  11 U.S.C. § 105(a); Canal Corp. v. Finnman (In re
Johnson), 960 F.2d 396, 404 (4th Cir.1992) ("the allowance
or disallowance of a claim in bankruptcy is a matter of
federal law left to the bankruptcy court's exercise of its
equitable powers.").

### B.   Approval of the Omnibus Objection Procedures Benefits Parties in Interest

15.  The Local Rules do not set forth specific
guidelines for filing omnibus objections to proofs of claim.
Thus, the Debtors submit that it is appropriate for the
Court to approve the Omnibus Objection Procedures in light
of the number of Omnibus Objections the Debtors may file.

In addition to facilitating an efficient administration of the claims reconciliation process, the Omnibus Objection Procedures protect and preserve the value of the Debtors for the benefit of all creditors by reducing the costs and expenses that would otherwise be incurred if individual objections were filed for each Claim (or if omnibus objections were limited without the approval of the Omnibus Objection Procedures).  At the same time, the Omnibus Objection Procedures also afford substantial protection with respect to creditors' due process rights, providing all claimants with sufficient notice and an opportunity to be heard.

   **C.   The Omnibus Objection Procedures Are Consistent With Bankruptcy Rule 3007(c)**

   16.  Prior to the amendment to Bankruptcy Rule 3007, neither the Bankruptcy Code nor the Bankruptcy Rules addressed the exercise of omnibus objections to claims. Notwithstanding the facial limitations on the use of omnibus objections effected by the amendments to Bankruptcy Rule 3007, debtors are nonetheless still allowed to file omnibus objections to proofs of claim.  The drafters of the amendments specifically provided a mechanism by which debtors may request entry of an order approving tailored

claims objection procedures in Bankruptcy Rule 3007(c),
which provides, "unless otherwise ordered by the court or
permitted by subdivision [Bankruptcy Rule 3007(d) (the
omnibus claim objection provision)], objections to more than
one claim shall not be joined in a single objection."  Fed.
R. Bankr. P. 3007(c); see also 9 COLLIER ON BANKRUPTCY ¶
3007.03-05 (15 ed. rev. 2009).  Thus, while the requirements
of Bankruptcy Rule 3007(c) are mandatory if the omnibus
objection is being filed under Bankruptcy Rule 3007(d), they
are not explicitly required under Bankruptcy Rule 3007(c) if
the Bankruptcy Court "order[s] otherwise."

    17.  The Omnibus Objection Procedures further request
authority to object to the Claims on grounds that are not
specifically listed in Bankruptcy Rule 3007(d).  Given the
ample due process protections and other safeguards proposed
in the Omnibus Objection Procedures, the Debtors should not
be limited to the grounds identified in Bankruptcy Rule
3007(d).

    18.  The Omnibus Objection Procedures maintain the
requisite due process protections and embody the spirit of
the amendments.  Indeed, although an Omnibus Objection will
address multiple Claims, the Notice of Omnibus Objection is
individualized for each claimant affected by such Omnibus

Objection, clearly informing them of the Omnibus Objection and, more importantly, how to preserve their rights with respect thereto.  Thus, from the creditors' standpoint, they can easily determine if the Debtors are objecting to their Claims and on what grounds.

### D.    The Omnibus Objection Procedures Provide for Adequate Notice and Service

19.   While Bankruptcy Rule 3007 describes the form of omnibus objections to proofs of claim, it does not address issues relating to notice and service.  As set forth in the Omnibus Objection Procedures, the Debtors propose to serve the Notice of Omnibus Objection (as well as the Omnibus Objection itself) on the party who signed the Claim form and any counsel of record who filed an appearance on behalf of such party in connection with these chapter 11 cases. Accordingly, the Debtors submit that the Omnibus Objection Procedures provide for adequate notice and appropriate service of process in accordance with the Bankruptcy Rules.

### CONCLUSION

20.   In light of the thousands of Claims filed in these cases, the claims resolution process can only be carried out in an efficient, cost effective manner if procedures are in place.  The proposed Omnibus Objection Procedures ensure the

efficient and fair resolution of the Claims.  Importantly,
the Omnibus Objection Procedures are not intended to alter
the substantive rights of creditors and, instead, provide
parties in interest with transparency and predictability
with respect to the resolution of the Claims.  No Claim
subject to the Omnibus Objection Procedures will be
disallowed, altered, reclassified or otherwise affected
without a further order of this Court.  Accordingly, the
Debtors believe the Omnibus Objection Procedures are fair
and equitable and request that the Court approve the Omnibus
Objection Procedures and Notice of Omnibus Objection.

## NOTICE

21.  Notice of this Motion has been provided to those
parties entitled to notice under this Court's Order Pursuant
to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules
2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management, and
Administrative Procedures (Docket No. 130).  The Debtors
submit that, under the circumstances, no other or further
notice need be given.

## NO PRIOR REQUEST

22.  No prior motion for the relief requested herein
has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the
Debtors respectfully request that the Court enter an order,
substantially in the form attached hereto as Exhibit A, (a)
approving the Omnibus Objection Procedures and the Notice of
Omnibus Objection and (b) granting such other and further
relief as is just and proper.

Dated: March 10, 2009
       Richmond, Virginia     SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                      - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                      - and -

                              MCGUIREWOODS LLP

                              _/s/ Douglas M. Foley _____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession

**EXHIBIT A**
**PROPOSED ORDER**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x


**ORDER ESTABLISHING OMNIBUS OBJECTION PROCEDURES
AND APPROVING THE FORM AND MANNER OF NOTICE OF OMNIBUS
OBJECTIONS**

Upon the motion (the "Motion")[1] of the above-captioned

debtors (collectively, the "Debtors") for the entry of an

order (the "Order") approving (a) procedures for filing

omnibus objections to Claims asserted in the above-captioned

---

[1]    Capitalized terms used but not otherwise defined herein shall have
the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form

and manner of the notice of objections (the "Notice of

Omnibus Objection"); and it appearing that the relief

requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in

interest; the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; consideration of the Motion and the

relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the

Motion having been provided to all necessary and appropriate

parties, including pursuant to the Court's Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002

and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1

Establishing Certain Notice, Case Management, and

Administrative Procedures entered by the Court on November

13, 2008, and no further notice being necessary; and after

due deliberation and sufficient cause appearing therefor, it

is hereby **ORDERED, ADJUDGED and DECREED** that

1.    The Motion is granted in its entirety.

2.    The Debtors are authorized to file Omnibus

Objections to the Claims pursuant to the Omnibus Objection

2

Procedures, substantially in the form annexed hereto as Exhibit 1, which are hereby approved in their entirety.

3.    The Notice of Omnibus Objection, substantially in the form annexed hereto as Exhibit 2, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular claimants and/or certain types of Omnibus Objections, is hereby approved as the form by which the Debtors shall provide notice to claimants whose Claims are the subject of the applicable Omnibus Objection.

4.    The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC agent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:   _____              _____
                                     UNITED STATES BANKRUPTCY COURT
                                     JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing proposed order has been endorsed
by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                              Douglas M. Foley

4

**EXHIBIT B**
**OMNIBUS OBJECTION PROCEDURES**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections [Docket No. ____] (the "Order")[1] entered
by the Bankruptcy Court on [____], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

---

[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection Procedures").

### Omnibus Objection Procedures

1.   **Form of Omnibus Objection**.  Omnibus Objections will be numbered consecutively, regardless of basis.

2.   **Number of Proofs of Claim per Omnibus Objection**. The Debtors may object to no more than 500 Claims per Omnibus Objection.

3.   **Grounds for Omnibus Objection**.  The Debtors may object to the Claims on any grounds.

4.   **Supporting Documentation**. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records and believes such documentation does not provide prima facie evidence of the validity and amount of such Claims.

5.   **Claims Exhibits**.  An exhibit listing the Claims that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Each exhibit will only contain those Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each applicable exhibit. Each exhibit will include, among other things, the following information: (a) an alphabetized list of the claimants whose Claims are the subject of the Omnibus Objection; (b) the claim numbers of the Claims that are the subject of the Omnibus Objection; (c) the grounds for the objections that are the subject of the Omnibus Objection; and (d) a reference to the exhibit of the Omnibus Objection in which the ground(s) for the objection is discussed. Where applicable, additional information may be included in the exhibits, including: for Claims that the Debtors seek to reclassify, the proposed classification of such claims; for Omnibus Objections in which the Debtors seek to reduce the amount of Claims, the proposed reduced claim amount; and for Claims that the Debtors propose to be surviving claims where related claims will be disallowed the surviving claim.

6.    **Omnibus Objection Notice**.  Each Omnibus Objection will be accompanied by a notice of such Omnibus Objection (each, a "Notice") in substantially the form attached to the Order as <u>Exhibit 2</u>.  The Notice will, among other things: (a) describe the basic nature of the Omnibus Objection; (b) inform claimants that their rights may be affected by the Omnibus Objection and encourage them to read the Omnibus Objection carefully; (c) identify a response date and describe the procedures for filing a written response (each, a "Response") to the Omnibus Objection; (d) identify a hearing date, if applicable, and related procedures; and (e) describe how Claims, the Omnibus Objection and other pleadings in the chapter 11 cases may be obtained. Although the Notice generally will be in the form attached hereto, it may be tailored specifically to address particular claimants or types of Omnibus Objections.

7.    **Status Hearings**.  Status hearings for all Claims for which timely responses are filed will be held on scheduled omnibus hearing dates.  Unless otherwise notified, no claimants will need to appear at the status hearings on the Omnibus Objections.  If an evidentiary hearing is necessary, claimants will be provided a separate notice of hearing.

8.    **Order if No Response**.  The Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to Claims for which the Debtors did not receive a timely Response without further notice to such claimants. The Debtors may submit an order for Claims in an Omnibus Objection to which no response is filed, even if there are Responses to certain Claims objected to in such Omnibus Objection.

9.    **Each Objection Is a Contested Matter**.  Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Requirements For All Responses To Objections

Parties who disagree with the request sought in an Omnibus Objection are required to file a Response in accordance with the procedures set forth herein.  If a

claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Bankruptcy Court may sustain the Omnibus Objection with respect to such Claims without further notice to the claimant.

    1.  **Contents**.  Each Response must contain the following (at a minimum):

        a.  a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

        b.  the claimant's name and an explanation for the amount of the claim;

        c.  a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

        d.  a copy of any other documentation or other evidence of the claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection at the hearing;

        e.  a declaration of a person with personal knowledge of the relevant facts that support the Response; and

        f.  the claimant's name, address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Addresses").  If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future

service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

2.   **Additional Information**.  To facilitate a resolution of the Omnibus Objection, the Response should also include the name, address, telephone number, facsimile number, and electronic mail address of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

3.   **Failure to Timely File a Response**.  If the claimant fails to file and serve a Response on or before the Response Deadline in compliance with the procedures set forth herein, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection without further notice to the claimant.

4.   **Service of the Response**.  A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely filed only if the Response is actually received on or before the deadline to respond by the Bankruptcy Court.  A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if a copy of the Response is actually received on or before the deadline to respond (which deadline will be clearly set forth in the Notice) by the following parties:

SKADDEN, ARPS, SLATE, MEAGHER     MCGUIREWOODS LLP
& FLOM, LLP                       One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, VA 23219
Wilmington, DE 19899-0636         Attn: Dion W. Hayes
Attn: Gregg M. Galardi            Attn: Douglas M. Foley
Attn: Ian S. Fredericks

              - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson


       5.    **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.

**EXHIBIT C**
**FORM OF NOTICE**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
           Debtors.        :   Jointly Administered
- - - - - - - - - - - - - x


                 NOTICE OF THE DEBTORS'
           [    ] OMNIBUS OBJECTION TO CLAIMS

     PLEASE TAKE NOTICE THAT the above-captioned Debtors
(the "Debtors") filed the Debtors' [_____] Omnibus Objection
to Claim (the "Omnibus Objection") with the Bankruptcy
Court.  A copy of the Omnibus Objection is attached to this
notice (this "Notice") as Exhibit 1.  By the Omnibus
Objection, the Debtors are seeking to disallow Claims (as
defined herein) on the ground that the Claims are:
[_____]

     PLEASE TAKE FURTHER NOTICE THAT on [_____], 2009, the
Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. ___) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (collectively, the "Claims") in
connection with the above-captioned chapter 11 cases (the
"Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow
claims, including your claim(s), listed below in the "Claim
to Be Disallowed" row but does not seek to alter your claim
listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | | |
| | Surviving Claim | | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY
THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS NOTICE
(INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY
AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN
ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT
MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED
AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A
HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Omnibus Objection**

<u>Who Needs to File a Response</u>:  If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtors before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m.** **(Eastern Time) on [____], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually** **received** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks


          - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson



     The status hearing on the Omnibus Objection will be
held at **[___] a.m./p.m. prevailing Eastern Time on
[_____], 2009 at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5100
Richmond, Virginia 23219

     If you file a timely Response, in accordance with the
Omnibus Objection Procedures, you do not need to appear at
the status hearing on the Omnibus Objection.

<u>**Procedures for Filing a Timely Response
and Information Regarding the Hearing on the Omnibus
Objection**</u>

     <u>**Contents**</u>.  Each Response must contain the following (at
a minimum):

    1.    a caption setting forth the name of the Bankruptcy
        Court, the name of the Debtors, the case number
        and the title of the Omnibus Objection to which
        the Response is directed;

    2.    the claimant's name and an explanation for the
        amount of the claim;

3.     a concise statement setting forth the reasons why
       the Bankruptcy Court should not sustain the
       Omnibus Objection, including, without limitation,
       the specific factual and legal bases upon which
       the claimant will rely in opposing the Omnibus
       Objection;

4.     a copy of any other documentation or other
       evidence of the claim, to the extent not already
       included with the Claim, upon which the claimant
       will rely in opposing the Omnibus Objection at the
       hearing;

5.     a declaration of a person with personal knowledge
       of the relevant facts that support the Response;
       and

6.     your name, address, telephone number and facsimile
       number and/or the name, address, telephone number
       and facsimile number of your attorney and/or
       designated representative to whom the attorneys
       for the Debtors should serve a reply to the
       Response, if any (collectively, the "Notice
       Addresses").  If a Response contains Notice
       Addresses that are different from the name and/or
       address listed on the Claim, the Notice Addresses
       will control and will become the service address
       for future service of papers with respect to all
       of your Claims listed in the Omnibus Objection
       (including all Claims to be disallowed and the
       surviving claims) and only for those Claims in the
       Omnibus Objection.

       **Additional Information**.  To facilitate a resolution of
the Omnibus Objection, your Response should also include the
name, address, telephone number and facsimile number of the
party with authority to reconcile, settle or otherwise
resolve the Omnibus Objection on the claimant's behalf (the
"Additional Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the Additional
Addresses will <u>not</u> become the service address for future
service of papers.

       **Failure to File Your Timely Response**.  If you fail to
file and serve your Response on or before the Response
Deadline in compliance with the procedures set forth in this

Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

<u>Additional Information</u>

**Requests for Information**.  You may also obtain a copy of the Omnibus Objection or related documents on the internet, by accessing the website of the Debtors at <u>www.kccllc.net/circuitcity</u>.

**Reservation of Rights**.  Nothing in this Notice or the Omnibus Objection constitutes a waiver of the Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you of the Debtors.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date.  In such event, you will receive a separate notice of any such objections.

Dated: March ___, 2009
       Richmond, Virginia    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

              - and -

    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

              - and -

    MCGUIREWOODS LLP

    _____ ____
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors
    in Possession

\7896527.1