IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>**CIRCUIT CITY STORES, INC.** *et. al.,*<br><br>**Debtors.** | Case No. 08-35653-KRH<br><br>Chapter 11 (Jointly Administered) |

**MOTION AND SUPPORTING MEMORANDUM OF TKG COFFEE TREE, L.P. FOR AN ORDER COMPELLING DEBTORS TO IMMEDIATELY PERFORM LEASE OBLIGATIONS AND PAY ADMINISTRATIVE RENT PURSUANT TO 11 U.S.C. §§ 365(D)(3) AND 503(B), AND GRANTING RELATED RELIEF**

TKG Coffee Tree, L.P. ("TKG"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order substantially in the form attached hereto, directing the above-captioned Debtors ("Debtors") to immediately perform its lease obligations by removing or bonding around a mechanic's lien and pay outstanding administrative rent in the total amount of $57,098.49 due and owing to TKG pursuant to Sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") or, in the alternative, directing Debtors to immediately pay administrative rent in the total amount of $173,560.26; and for such other related relief as more specifically described herein (the "Motion"). In support of the Motion, TKG states as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Paul K. Campsen, Esq.
 VSB No. 18133
Kaufman & Canoles, a Professional Corporation
150 West Main Street (23510)
Post Office Box 3037
Norfolk, VA 23514
Tele: (757) 624-3000
Fax: (757) 624-3169

Eugene Chang, Esq.
 CSB No. 209568
Stein & Lubin, LLP
600 Montgomery Street
14th Floor
San Francisco, CA 94111
Tele: (415) 981-0550
 Fax: (415) 981- 4343

*Co-Counsel for TKG Coffee Tree, L.P.*

**BASES FOR RELIEF**

2.      The statutory bases for the relief requested herein are Sections 365(d)(3) and 503(b) of the Bankruptcy Code.

**BACKGROUND**

3.      TKG is the lessor and landlord of certain nonresidential real property located in Vacaville, California (the "Property").

4.      Debtors leased a portion of the Property (the "Premises") from TKG pursuant to a written Lease dated April 16, 1998 and written Assignment and Assumption of Lease and Landlord's Consent dated November 27, 2007 (collectively, the "Lease").[1]

5.      Pursuant to the Lease, among other things, Debtors were required to pay on the first day of each month the minimum rent and other charges due pursuant to the Lease. On November 1, 2008, Debtors were required to pay the sum of $34,560.56 for minimum rent and other charges for November 2008.

6.      On November 10, 2008 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7.      On November 11, 2008, Debtors were required to pay to TKG the sum of $200.96 for additional charges due pursuant to the Lease that arose post-petition.

8.      On November 24, 2008, Colorado Structures, Inc. ("CSI") filed a mechanic's lien against the Premises in the sum of $116,461.77, related to works and materials furnished by CSI at Debtors' request (the "Lien"). Pursuant to the Lease, Debtors were required to either pay the amount of the Lien or cause the Lien to be bonded over. A copy of the Lien is attached hereto as **Exhibit A**.

9.      On November 28, 2008, Debtors were required to pay to TKG the sum of $25,856.14 for real estate taxes due pursuant to the Lease.

---

[1] Debtors possess copies of these documents and, upon request, TKG will provide copies to the Debtors and other parties.

10. Debtors were in possession of, and enjoyed the use and occupancy of, the Premises.

11. Debtors have not paid to TKG the rent and other charges due in November 2008 under the Lease. Debtors have also not removed the Lien by paying it off or bonding over the Lien as required under the Lease. For purposes of this Motion, Debtors have failed (a) to pay the portion of the rent comprised of the stub administrative rent and other related charges due and owing under the Lease for the post-petition period commencing upon the Petition Date and ending upon November 30, 2008, in the total amount of $57,098.49 (the "November Administrative Rent"), and (b) remove or bond around the Lien. A copy of the breakdown of the November Administrative Rent due and owing to TKG is attached hereto as **Exhibit B**.

## RELIEF SOUGHT

12. TKG seeks the entry of an Order by this Court, substantially in the form attached hereto as **Exhibit C**, (a) directing Debtors to immediately pay the amount of the Lien or bond around it and immediately pay the November Administrative Rent to TKG pursuant to Sections 365(d)(3) and 503(b), plus interest, late charges, and all other charges which have accrued or may continue to accrue in accordance with the Lease on account of the November Administrative Rent and Lien until such time as the November Administrative Rent is paid in full and the Lien is removed or bonded around or, in the alternative, directing Debtors to immediately pay administrative rent in the total amount of $173,560.26, which represents post-petition rent due under the Lease and the amount of the Lien, (b) directing Debtors to reimburse TKG for all of its attorneys' fees and costs incurred in defending the Lien and preparing and prosecuting this Motion as a result of Debtors' failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code[2], (c) directing Debtors to make all future monthly payments of administrative rent and any and all other amounts due and owing under the Lease in full to TKG on or before the first day of each and every month for which such administrative rent

---

[2] TKG reserves the right to supplement its claim for attorneys' fees and costs.

and related charges become due and owing pursuant to the Lease, and (d) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

### I. Debtors Should Perform the Lease Obligations and Pay Rent Immediately Pursuant to Section 365(d)(3) of the Bankruptcy Code

13. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall *timely perform all the obligations of the debtor, . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of* [Title 11 of the Bankruptcy Code].

11 U.S.C. § 365(d)(3) (emphasis added).

14. The unique position of the nonresidential real property lessor during the post-petition, pre-rejection period is recognized and addressed by Section 365(d)(3) of the Bankruptcy Code and reinforced through case law. As a landlord is compelled to continue post-petition performance, "the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to this class of involuntary claimant." *In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996). By explicitly calling for timely performance of all nonresidential property lease obligations, Section 365(d)(3) protects these lessors from the specter of ever-increasing losses during the post-petition, pre-rejection period. The obligation imposed under Section 365(d)(3) extends to nonrent obligations, such as a lease obligation requiring tenants to remove a mechanic's lien. *See In re BH S&B Holdings LLC*, 2009 WL 306700 (Bankr. S.D.N.Y. 2009) (mechanic's liens filed during post-petition and pre-rejection period are obligations subject to Section 365(d)(3)). Mechanic's liens filed during the post-petition and pre-rejection period are administrative expense claims under Section 365(d)(3) of the Bankruptcy Code. *Id.*

15. In *In re Pudgie's*, the U.S. Bankruptcy Court for the Southern District of New York strictly construed Section 365(d)(3) to hold that nonresidential real property lessors are entitled to

immediate payment of post-petition, pre-rejection rent at the full rate expressed in the lease. Furthermore, this Court and other jurisdictions have repeatedly held that Section 365(d)(3) requires the timely payment of post-petition rent as an administrative expense at the full contract rate. *See In re Trak Auto Corporation*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002) ("Until the debtor's leases are rejected, debtor is required to pay rent to the landlord from the date the bankruptcy petition is filed until the date the lease is rejected"), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Indeed, the court in *Trak Auto* specifically recognized that "[a] landlord may move to compel payment of pre-rejection rent under § 365(d)(3)." *Id.* at 669; *see also In re Best Products Company, Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997) ("Congress enacted § 365(d)(3) to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor"); *Child World, Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.)*, 161 B.R. 571, 575 (S.D.N.Y. 1993) (Section 365(d)(3) fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease . . . and by requiring these payments to be paid at the time required in the lease"); *In re Financial News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993).

16. In light of Debtors' failure to pay the November Administrative Rent to TKG, and to timely pay or bond around the Lien, absent an order from this Court, Debtors will likely continue to ignore its post-petition obligations under the Lease in violation of the Bankruptcy Code. Accordingly, this Court should enter an order directing Debtors to immediately remove or bond around the Lien and pay the November Administrative Rent due to TKG pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code or, in the alternative directing Debtors to immediately pay TKG the amount $173,560.26, representing the Lien and November Administrative Rent, as an administrative expense. Debtors should also be ordered to timely pay all future administrative rent and related charges that arise under the Lease on a post-petition basis.

5

II. **The Unpaid Rent and Other Amounts Due Under the Lease Constitute an Administrative Claim Pursuant to Section 503(b) of the Bankruptcy Code which Debtors Should Pay Immediately**

17. Notwithstanding Section 365(d)(3) of the Bankruptcy Code, Debtors should also be compelled to immediately pay the November Administrative Rent and amount of the Lien to TKG as an administrative expense pursuant to Bankruptcy Code Section 503(b)(1)(A).

18. Bankruptcy Code Section 503(b)(1)(A)(i) provides:
(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –

> (1)(A) the actual, necessary costs and expenses of preserving the estate, including
>
> (i) wages, salaries, and commissions for services rendered after the commencement of the case. . . . 11 U.S.C. § 503(b)(1)(A)(i).

"'[A]ctual and necessary' should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible." *In re Cohen and Sons Caterers, Inc.*, 143 B.R. 27, 28 (E.D. Pa. 1992). In addition, "it is well settled . . . that a claim will be afforded priority 'only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business.'" *In re Chateguay Corp.*, 10 F.3d 944, 956 (2d Cir. 1993) *citing Trustees of Amalgamated Ins. Fund v. McFarlin's Inc.*, 789 F.2d 98, 101 (2d Cir. 1986).

19. It is well-established that a landlord is entitled to an administrative claim under section 503(b)(1)(A) of the Bankruptcy Code for the fair rental value of the landlord's property actually used by the debtor. *See, e.g., Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (D. Del. 2002); *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994). There is generally a presumption that "the rental value fixed in the lease will control unless there is convincing evidence that such rental rate is unreasonable." *In re F.A. Potts & Co, Inc.*, 137 B.R. 13, 18 (D. E.D. Pa. 1992); *see also Trak Auto*, 277 B.R. at 666 ("the settled rule in this District [Eastern District of Virginia] is that the

6

contract rate of rent is the reasonable value for debtor's use and occupancy of the premises"); *In re Cornwall Paper Mills Co.,* 169 B.R. 844, 851 (Bankr. D.N.J. 1994) (same); *In re Thompson,* 788 F. 2d 560, 563 (9th Cir. 1986) ("fair and reasonable value of the lease upon the open market" controls the determination of reasonable value not the "actual value or benefit conferred on the debtor"); *In re Energy Resources Co., Inc.,* 47 B.R. 337, 339 (Bankr. D. Mass. 1985) ("rent under the lease is the appropriate use and occupancy rate unless the debtor produces evidence that it is unreasonable").

20. Debtors' occupation of the Premises conferred benefits to the estate as Debtors were using the Premises to further enhance the estate by continuing operations and avoiding the costs of otherwise storing and moving its property. *See Trak Auto,* 277 B.R. at 666. Therefore, TKG, whose Premises was occupied and used by Debtors post-petition, have valid administrative claims. *See In re HQ Global Holdings,* 282 B.R. at 173.

21. Because the November rent and other amounts due and owing under the Lease have directly and undisputedly preserved the estate through Debtors' actual use and occupancy of the Premises, TKG is entitled to an administrative expense claim for such amounts, which claim Debtors should be directed to pay immediately. TKG submits that it is entitled to immediate payment of the full amount of the November Administrative Rent and Lien as an administrative expense claim.

### III. TKG is Entitled to Immediate Payment of Other Amounts Due Under the Lease

21. The Lease provides that Debtors are obligated to promptly reimburse TKG for all reasonable and actual legal fees incurred in connection with enforcing the Lease after Debtors default on their obligations under the Lease. Accordingly, TKG requests that Debtors be directed to pay the attorneys' fees and costs incurred by TKG in connection with defending the Lien and filing and prosecuting this Motion.

## NOTICE

22. Notice of this Motion will be given to (i) counsel to Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties that have requested notice of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. TKG submits that no other or further notice of this Motion is required.

## WAIVER OF MEMORANDUM OF LAW

23. TKG respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

No previous motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** TKG respectfully requests entry of an order, substantially in the form attached hereto as Exhibit C, (i) authorizing and directing Debtors to (a) immediately remove or bond around the Lien or, in the alternative, pay the amount of $116,461.77 to TKG as an administrative expense pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (b) immediately pay the November Administrative Rent owed to TKG pursuant to Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (c) reimburse TKG for all of its reasonable and actual attorneys' fees and costs incurred in defending the Lien and preparing and prosecuting this Motion due to Debtors' failure to comply with the terms of the Lease and Sections 365(d)(3) and 503(b) of the Bankruptcy Code, (d) to make all future monthly payments of administrative rent and related charges to TKG in full on or before the first day of the month for which such administrative rent and related charges accrue, as required by the Lease, and (ii) granting such other and further relief as this Court deems just and proper.

Dated: March 11, 2009.                    **TKG COFFEE TREE L.P.**

                                          **By:** /s/ Paul K. Campsen

Paul K Campsen, Esq.
 VSB No. 18133
Kaufman & Canoles, a Professional Corporation
150 West Main Street, (23510)
Post Office Box 3037
Norfolk, VA 23514
Tele: (757) 624-3000
Fax: (757) 624-3169

Eugene Chang, Esq.
 CSB No. 209568
Stein & Lubin, LLP
600 Montgomery Street
14th Floor
San Francisco, CA 94111
Tele: (415) 981-0550
Fax: (415) 981-4343

*Co-Counsel for TKG Coffee Tree, L.P.*

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion and Supporting Memorandum of TKG Coffee Tree, L.P. for an Order Compelling Debtors to Immediately Perform Lease Obligations and Pay Administrative Rent Pursuant To 11 U.S.C. §§ 365(D)(3) And 503(B), and Granting Related Relief was sent on this 11th day of March, 2009, to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

                                          /s/ Paul K. Campsen

1454591\1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
_____Norfolk_____ Division

In re   Debra Salas-Inman                                           Case No.  09-70413-FJS

                                                                    Chapter   7

Debtor(s)

## ORDER APPROVING APPLICATION TO PAY FILING FEE IN INSTALLMENTS

The Application to Pay Filing Fee in Installments filed herein by the debtor(s) is hereby approved upon payment of such fees to the Clerk of the Bankruptcy Court upon the following terms.

__X__ **Chapter 7:**
- $100.00 upon filing of petition:      2/3                   , 20 09.
- $100.00 within one month thereafter:  3/3                   , 20 09.
- $99.00 within two months thereafter:  4/3                   , 20 09.

_____ **Chapter 13:**
- $90.00 upon filing of petition:                             , 20__.
- $90.00 within one month thereafter:                         , 20__.
- $94.00 within two months thereafter:                        , 20__.

_____ **Chapter 11:**
- $430.00 upon filing of petition:                            , 20__.
- $409.00 within one month thereafter:                        , 20__.
- $200.00 within two months thereafter:                       , 20__.

_____ **Chapter 12:**
- $105.00 upon filing of petition:                            , 20__.
- $75.00 within one month thereafter:                         , 20__.
- $59.00 within two months thereafter:                        , 20__.

If any installment is not paid by the date due, the case shall be dismissed pursuant to Local Bankruptcy Rule 1006-1. *Pro se* debtor(s) must submit installment fee in cash, cashier's check or money order made payable to "Clerk, U.S. Bankruptcy Court." Personal checks of the debtor(s) cannot be accepted.

IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor(s) shall not make any additional payment or transfer any additional property to an attorney or any other person for services in connection with this case.

WILLIAM C. REDDEN
Clerk of Court

Date:  _____2/4/09_____          By /s/ LaTanya Gibbs _____
                                                 Deputy Clerk

NOTICE OF JUDGMENT OR ORDER
ENTERED ON DOCKET

2/4/09

[oapffin ver. 04/09/2006]