Kenneth R. Rhoad, Esq. (VSB No. 33993)  Objection Deadline: April 23, 2009
Gebhardt & Smith, LLP
One South Street, Suite 2200  Hearing Date: April 28, 2009 @ 10:00 a.m.
Baltimore, Maryland 21202
Ph: (410) 385-5071
Fax: (410) 385-5119

*Attorneys for ActionLink, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-35653-KRH |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**APPLICATION BY ACTIONLINK, LLC FOR ENTRY OF AN ORDER GRANTING
ALLOWANCE AND IMMEDIATE PAYMENT OF
<u>ADMINISTRATIVE EXPENSE CLAIM</u>**

This Application is filed by ActionLink, LLC, an Ohio limited liability company ("ActionLink"), and a creditor and party-in-interest in the above-captioned Chapter 11 case of Circuit City Stores, Inc. (hereinafter, "Circuit City" or the "Debtor").  Pursuant to Bankruptcy Code § 503(b), ActionLink requests that the Court enter an Order:  (i) allowing ActionLink an administrative expense claim in the above-captioned Bankruptcy Case and (ii) directing the immediate payment of the allowed amount of ActionLink's administrative claim.  This Application is further supported by the attached memorandum of points and authorities and by the entire record in this Chapter 11 Bankruptcy Case.

Dated:  March 11, 2009          Respectfully submitted,

__/s/_____
Kenneth R. Rhoad, Esq. (VSB No. 33993)
Gebhardt & Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Ph: (410) 385-5071
Fax: (410) 385-5119

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **Factual and Procedural History**

1. On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 case (the "Bankruptcy Case"). Following the Petition Date, the Debtor has continued to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Prior to the Petition Date, on July 12, 2007, ActionLink and Circuit City entered into a contractual relationship pursuant to the "Master Services Agreement" dated as of July 9, 2007 (the "MSA"). A true and correct copy of the MSA is attached hereto as **Exhibit "A"** and is incorporated herein by this reference. Pursuant to the MSA, ActionLink and Circuit City executed numerous "Statements of Work" (collectively, the "SOWs", and together with the MSA, the "Agreement") with each individual SOW specifying a particular project to be completed by ActionLink for the benefit of Circuit City.

4. Certain of the SOWs obligated ActionLink to perform post-petition services for the Debtors. See SOWs dated February 4, 2008 (regarding candy fixtures), February 7, 2008 (regarding HD Camcorder displays), September 9, 2008 (regarding Grab-N-Go merchandise), September 26, 2008 (regarding iPod speaker displays and ongoing maintenance), October 1, 2008 (regarding MP3s), October 8, 2008 (regarding gift cards), and October 21, 2008 (regarding networking products) (collectively, the "Post-Petition SOWs"). True and correct copies of the

Post-Petition SWOs are attached hereto as **Exhibit "B"** and are incorporated herein by this reference.

5. Pursuant to the MSA and the Post-Petition SOWs, ActionLink has performed post-petition services essential to the operation of the Debtors' business for the benefit of the Debtors' pre-petition creditors (the "Post-Petition Services").

6. As of January 21, 2009, the unpaid amounts due and owing to ActionLink for the Post-Petition Services totaled at least $105,529.92[1] (the "Administrative Claim").  True and correct copies of invoices reflecting unpaid charges for the Post-Petition Services through January 21, 2009 are attached hereto as Exhibit "C" and are incorporated herein by this reference.  As of the date of this Application, ActionLink has not received any payment for the Post-Petition Services.

7. By this Application, ActionLink seeks the allowance and payment of the Administrative Claim for the Post-Petition Services pursuant to Bankruptcy Code § 502(b)(1)(A) of the Bankruptcy Code.

## II.     Legal Authority and Analysis

8. Bankruptcy Code § 503(b)(1)(A) governs the allowance of administrative expense claims.  An administrative claim shall be allowed for "the actual, necessary costs and expenses of preserving the estate, including . . . wages, salaries, and commissions for services rendered after the commencement of the case."  11 U.S.C. § 503(b)(1)(A).  "The purpose of Section 503 is to permit the debtor's business to operate for the benefit of its prepetition creditors."  See In re Coastal Carriers Corp., 128 B.R. 400 (Bankr. D. Md. 1991).  "Section 503 requires that [administrative expense claims] be given priority, therefore inducing third parties to extend

---

[1] ActionLink hereby reserves and does not waive its right to apply to this Court for allowance and payment of additional administrative claims.

credit and enhancing the likelihood of a successful reorganization." Id. at 403 (citing In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976).

9.  "A court must consider two main factors in deciding whether to allow an administrative expense.  First the expense in question must be shown to have been 'actual and necessary.'  Second, the expense must not have been incurred primarily in the interest of the claimant, and must in fact have benefited the estate and creditors as a whole." In re Costal Carriers Corp., 128 B.R. at 403 (quoting Matter of Patch Graphics, 58 B.R. 743 (Bankr. W.D. Wis. 1986); see also In re Lease-A-Fleet, Inc., 140 B.R. 840 (Bankr. E.D. Penn. 1992) ("[A]n administrative claim will be allowed when the expense (1) arises post-petition; and (2) is beneficial to the Debtor's estate.").

10. ActionLink's Administrative Claim should be allowed because the expenses associated with the Claim arose post-petition and the Post Petition Services directly benefited the pre-petition creditors of the Debtors.  The Debtors' business involves retail sales of consumer electronics and related products.  ActionLink's Post-Petition Services included (without limitation) stocking and placement of products within stores, training of the Debtors' employees to sell products to customers, and constructing and maintaining product displays to promote sales.  These services were essential to the Debtors' ability to generate sales and revenues for the benefit of the Debtors' pre-petition creditors.  Accordingly, ActionLink's Administrative Claim should be allowed and immediately paid.

11. No previous motion for the relief sought herein has been made to this Court or any other court on behalf of ActionLink.

WHEREFORE, ActionLink respectfully requests the Court to enter an Order: (i) allowing the Administrative Claim of ActionLink in the amount of $105,529.93; (ii) allowing the immediate payment of the Administrative Claim from funds held by the estate; and (iii) granting such other and further relief as the Court deems just and appropriate under the circumstances of this case.

Dated: March 11, 2009

Respectfully submitted,

_/s/_____
Kenneth R. Rhoad, Esq. (VSB No. 33993)
Gebhardt & Smith, LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Ph: (410) 385-5071
Fax: (410) 385-5119

*Attorneys for ActionLink, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2009, a true and complete copy of the foregoing was filed and served using the Court's ECF System and was sent by Federal Express and first class mail, postage prepaid to the parties set forth below:

Gregg M. Galardi
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
Seventh Floor
Wilmington, DE 19899-0636
gregg.galardi@skadden.com

*Counsel for the Debtors*

Chris L. Dickerson
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Chicago, Illinois 60606
chris.dickerson@skadden.com
*Counsel for the Debtors*


Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, VA 23219
ltavenner@tb-lawfirm.com

*Counsel for the Creditors Committee*


Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.b.van.arsdale@usdoj.gov

*Assistant United States Trustee*

Dion W. Hayes
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
dhayes@mcguirewoods.com

*Counsel for the Debtors*

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor
New York, NY 10017
rfeinstein@pszjlaw.com

*Counsel for the Creditors Committee*

Circuit City Stores, Inc.
9950 Maryland Drive
Richmond, Virginia 23233
Attn: Reginald D. Hedgebeth and Daniel W. Ramsey

*Debtor*

              __/s/_____
              Kenneth R. Rhoad, Esq.