```
Gregg M. Galardi, Esq.                      Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,       MCGUIREWOODS LLP
LLP                                         One James Center
One Rodney Square                           901 E. Cary Street
PO Box 636                                  Richmond, Virginia 23219
Wilmington, Delaware 19899-0636             (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 |
| et al., | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC

(the "Motion") for entry of an order substantially in the form of Exhibit A hereto, pursuant to sections 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to file certain documents under seal.  In support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

---

(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

"Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

4.   The statutory predicates for the relief requested herein are section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.

### BACKGROUND

**A.   The Bankruptcy Cases**.

5.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

6.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

8.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009,

3

the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**B.    The Store Closing Agreement.**

9.    In October 2008, the Debtors began soliciting offers from liquidation firms to conduct store closing sales at one hundred fifty-four (154) retail store locations (the "Closing Stores") and to liquidate the Debtors' inventory and certain other assets therein (the "Closing Stores Sales").

10.   The bid submitted by a joint venture comprised of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "Agent"), was the highest or otherwise best offer received by the Debtors.  Thus, On October 31, 2008, the Debtors and the Agent executed a store closing agency agreement (the "Store Closing Agreement").[2]

11.   On December 22, 2008, the court entered the Final Order Granting Motion of Debtors for Entry of Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (I) Assuming Agency Agreement Among Debtors, Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC, and (II)

---

[2]    On November 4, 2008, the Debtors and Agent amended and restated the Store Closing Agreement to address certain non-material issues that arose following October 31, 2008.
     All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Store Closing Agreement.

Authorizing the Debtors to Continue Agency Agreement Sales Pursuant to Store Closing Agreement.

12. As of December 31, 2008, the Closing Store Sales at the Closing Stores were concluded.

### RELIEF REQUESTED

13. By this Motion, the Debtors respectfully request entry of an order pursuant to section 107(b) and Bankruptcy Rule 9018 granting the Debtors leave to file under seal that letter agreement between the Agent and the Debtors (the "Letter Agreement").

### BASIS FOR RELIEF

14. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.
> . . . .

11 U.S.C. § 107(b)(1).

15. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

5

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANKR. P. 9018.

16. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents falls within the provisions § 107(b) and the appropriate remedy if they do." In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); see also In re Lomas Fin. Corp., 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) (quoting Press-Enterprise I, 464 U.S. 501, 510 (1984)); see also In re Nunn, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because

6

allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

17.  Due to the confidential and sensitive nature of the Letter Agreement, the Debtors respectfully submit that good cause exists for the relief requested.  No alternative method would adequately preserve higher values for the Debtors' estates.

18.  The Debtors will deliver copies of the Letter Agreement to chambers for <u>in camera</u> review by the Court and to the Office of the United States Trustee for the Eastern District of Virginia and counsel to the Creditors' Committee.

19.  The Debtors propose to serve this Motion upon: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the agent for the DIP Lenders; (iii) counsel to Creditors' Committee; (iv) parties who have requested notice pursuant to Bankruptcy Rule 2002; and (v) the Core Group (as defined in the Case Management Order entered on November 13, 2008 at Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

7

## WAIVER OF MEMORANDUM OF LAW

20. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court enter an order substantially in the form of <u>Exhibit A</u> hereto and grant the Debtors such other and further relief as is just.

Dated: March 11, 2009       SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors
and Debtors in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 |
| et al., | ) | |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO FILE
CERTAIN DOCUMENTS UNDER SEAL**

Upon the motion (the "Motion")[1] of the Debtors for an Order, pursuant to section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure,

---

[1] Capitalized terms used herein shall have the meanings ascribed to such terms in the Motion.

wherein the Debtors requested authority to file certain documents under seal; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. The Debtors are authorized to file the Letter Agreement under seal and provide copies of the Letter Agreement to Chambers for <u>in camera</u> review, and to the Office of the United States Trustee for the Eastern District of Virginia.

3. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia
       March __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

2

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                /s/ Douglas M. Foley
                                Douglas M. Foley

\8023783.1