# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | § § | (Jointly Administered) |
| Debtors. | § § § | CHAPTER 11 |

## OBJECTION TO CURE AMOUNT UNDER THE NON-RESIDENTIAL
## REAL PROPERTY LEASE WITH CAMERON GROUP ASSOCIATES, LLP

COMES NOW, Cameron Group Associates, LLP ("Cameron"), by and through its undersigned counsel, and files this its objection to the cure amount proposed in the Notice of Bids Received (Doc. No. 2403) and the Cure Schedule (Doc. No. 2407) (collectively, the "Notice"), and in support thereof, states the following:

1. On November 10, 2008, each of the above-referenced debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

2. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Circuit City Stores, Inc. (the "Debtor") and Cameron entered into a ground lease agreement (the "Lease") dated February 17, 2004 with regard to Store No. 3561 located at 4155 Millenia Boulevard in Orlando, Florida 32839 (the "Premises").

---

Robert S. Westermann (VSB No. 43294)
HIRSCHLER FLEISCHER, PC
P.O. Box 500
Richmond, Virginia 23218-0500
(804) 771-9500
(804) 644-0957 (fax)
rwestermann@hf-law.com

*Co-counsel for Cameron Group Associates, LLP*

Andrew M. Brumby (Florida Bar No. 0650080)
SHUTTS & BOWEN, LLP
300 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
(407) 835-6901
(407) 849-7201 (fax)
abrumby@shutts.com

*Co-counsel for Cameron Group Associates, LLP*

4. Pursuant to the Notice, the Debtor's proposed cure amount with respect to the potential assumption and assignment of the Lease is $27,062.00.

5. The amount proposed by the Debtor is significantly less than the actual cure amount due needed to remedy all existing defaults, and to compensate Cameron for its pecuniary losses, including its attorneys fees incurred.

6. Accordingly, Cameron hereby files its Objection to the proposed cure amount.

7. The actual cure amount required under the Lease through March 31, 2009, exclusive of any rejection or other related claims, but inclusive of real estate taxes and attorneys' fees (through March 4, 2009 only, with such attorneys' fees continuing to accrue), is the following:

| Cure Amount | |
|---|---|
| Rent for November, 2008 | $27,061.65 |
| February rent increase not paid | $2,706.16 |
| Millenia Property Owners' Association dues | $6,177.00 |
| 2008 Real Estate Taxes, if paid by March 31, 2009[1] | $47,934.90 |
| Rent for March, 2009 | $29,767.81 |
| Prorated 2009 Real Estate Taxes[2] | $11,820.00 |
| Attorneys' Fees and costs through March 4, 2009:[3] | $11,872.50 |
| **Total Cure Amount Due (as of March 31, 2009)** | **$137,340.02** |

---

[1] The amount of the real estate tax obligation will increase every month it is not paid.

[2] Estimated based upon 2008 actual amount if paid by March 31, 2009.

[3] Through March 4, 2009 only, with such amounts continuing to accrue.

2

ORLDOCS 11434071 1

8. Cameron objects to the proposed assumption and assignment, therefore, until adequate assurance of reasonably prompt cure has been provided as required by Section 365(b) and (f) of the Bankruptcy Code, as such cure amount may ultimately be determined by this Court. It is unclear that the bid of the proposed assignee is sufficient to pay the actual cure amount, if determined by the Court to be higher than that identified by the Debtor. The assignment and sale procedures seem to provide for consummation of an assumption and assignment of a lease prior to resolution of a cure dispute. If the cure amount is later determined to be higher than that contemplated by (or bid by) the assignee (assuming payment of the cure amount is, as between the Debtor and the assignee, the assignee's responsibility), the assignee may be unwilling or unable to pay the cure. Conversely, if the cure amount is later determined to be higher than that contemplated by the Debtor, and payment of the cure is (as between the Debtor and the assignee) the responsibility of the Debtor, it may be unwilling or unable [in the event of, for example, administrative insolvency] to pay such amount. Cameron objects, therefore, to the assumption and assignment of its Lease without adequate provision being made to ensure payment of the actual cure amount (including its actual pecuniary losses, including its attorneys fees) once determined, whether that be by appropriate escrow of the maximum potential cure amount or otherwise.

WHEREFORE, Cameron objects to any proposed assignment of the Lease to the extent that is does not pay all cure amounts due under the Lease as set forth above, and for such other and further relief as the Court deems just and proper.

DATE: March 12, 2009                                CAMERON GROUP ASSOCIATES, LLP

                                                    By:    /s/ Robert S. Westermann
                                                                    Counsel

ORLDOCS 11434071 1

Robert S. Westermann (VSB No. 43294)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

and

Andrew M. Brumby (Florida Bar No. 0650080)
Shutts & Bowen, LLP
300 South Orange Avenue, Suite 1000
Orlando, FL 32801
(407) 835-6901
(407) 849-7201 (fax)
abrumby@shutts.com

*Counsel for Cameron Group Associates, LLP*

ORLDOCS 11434071 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed a copy of the foregoing Objection using this Court's CM/ECF System to be served in accordance therewith and that a copy of the foregoing document was served this 12th day of March, 2009, by either court-enabled electronic filing or by depositing a copy of same in the United States Mail, postage pre-paid thereon, to be delivered to the following parties at the addresses set forth below:

**Robert B. Van Arsdale**
*Robert.B.Van.Arsdale@usdoj.gov*
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*(U.S. Trustee)*

**Circuit City Stores, Inc.**
9950 Mayland Drive
Richmond, VA 23233

**Bruce H. Besanko**
9950 Mayland Drive
Richmond, VA 23233
*(Debtor Designee)*

**Robert B. Hill**
*kcummins@hillrainey.com*
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834
*(Counsel for Plaintiff)*

**Daniel F. Blanks**
*dblanks@mcguirewoods.com*
**Douglas M. Foley**
*dfoley@mcguirewoods.com*
McGuire Woods LLP
9000 World Trade Center
101 W. Main St.
Norfolk, VA 23510
and
**Dion W. Hayes**
*dhayes@mcguirewoods.com*
**Joseph S. Sheerin**
*jsheerin@mcguirewoods.com*
**Sarah Beckett Boehm**
*sboehm@mcguirewoods.com*
McGuire Woods LLP
One James Center
901 E. Cary St.
Richmond, VA 23219
and
**Gregg M. Galardi**
*gregg.galardi@skadden.com*
**Ian S. Fredericks**
*ian.fredericks@skadden.com*
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899
*(Counsel for Debtor)*

**Brad R. Godshall**
*bgodshall@pszjlaw.com*
**Jeffrey N. Pomerantz**
*jpomerantz@pszjlaw.com*
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Ste 1100
Los Angeles, CA 90067
and
**John D. Fiero**
*jfiero@pszjlaw.com*
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
and
**Lynn L. Tavenner**
*ltavenner@tb-lawfirm.com*
**Paula S. Beran**
*pberan@tb-lawfirm.com*
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219
and
**Robert J. Feinstein**
*rfeinstein@pszjlaw.com*
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017
*(Counsel for Creditor Committee)*

/s/ Robert S. Westermann
Robert S. Westermann

#2446934v1

5

ORLDOCS 11434071 1