Paul S. Bliley, Jr. – VSB No. 13973
**WILLIAMS, MULLEN**
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6489
FAX: 804.783.6507
pbliley@williamsmullen.com

*Counsel for Burbank Mall Associates, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

---

| | |
|---|---|
| In re: | : Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | : Case No. 08-35653 (KRH) |
| Debtors. | : (Jointly Administered) |

---

### OBJECTION OF BURBANK MALL ASSOCIATES, LLC
### TO CURE AMOUNT ESTABLISHED BY DEBTORS

Burbank Mall Associates, LLC ("Landlord"), by and through its undersigned counsel, hereby files this cure objection pursuant to the *Order Under Bankruptcy Code Sections 105, 363, and 365(I) Approving Bidding Auction Procedures for Sale of Unexpired Non-residential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Non-residential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Non-residential Real Property Leases and (C) Lease Rejection Procedure* (the "Order"), and in support thereof states as follows:

    1.    On November 10, 2008, the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors

continue to operate their business and manage the property as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to a commercial lease dated June 30, 1993, by and between Circuit City Stores, Inc. and the Landlord, as successor-in-interest to Haagen-Burbank Partnership, Debtor leased from Landlord non-residential real property located in the Media City Mall in Burbank, California (the "Lease").

3. On March 3, 2009, the Debtors sent a notice to Landlord claiming that the lease cure amount owed to Landlord was $31,360.00 ("Debtors' Cure Amount").

4. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, in order to assume or assume and assign an executory lease agreement, where there has been a default, the debtor must first cure or provide adequate assurance that the debtor will promptly cure such default.

5. Landlord hereby objects to Debtors' Cure Amount. As of the date of the filing of this objection, Landlord claims the correct amount necessary to cure defaults under the Lease is $114,502.75, as set forth on the attached Exhibit A.

6. Because the Lease continues to be in default, and damages and other claims continue to accrue, and because, pursuant to the Order, the lease cure amount will not be paid until after the closing of an approved sale of the Lease, Landlord reserves its right to amend Exhibit A to reflect additional amounts that may become due and owing, including, but not limited to, any reconciliations for charges for common area maintenance and real estate taxes.

7. On Mach 10, 2009, the Landlord submitted a bid, which was accepted by the Debtor, to permit the Landlord to direct an Assignment of the Lease. The consideration for the Landlord's purchase of the Assignment of Lease was a waiver of the cure amount. Nevertheless,

as indicated by the Debtor's attorney at the auction, the Debtor's acceptance of the Landlord's bid for the Lease Assignment was subject to the Debtor's right to withdraw the Lease from the auction at any time prior to the sale hearing scheduled on March 13, 2009 herein. The deadline for filing an objection to the cure amount is, under the terms of the Order, March 12, 2009 at 5:00 p.m. This cure objection is being filed out of an abundance of caution to preserve the Landlord's Objection to the Cure Amount in the event that the Landlord's bid for the lease assignment is withdrawn and not consummated.

**WHEREFORE,** Landlord hereby requests that the Court enter an order (i) sustaining this Objection, (ii) confirming that the amounts contained on Exhibit A hereto constitute the correct cure amount, (iii) allowing any and all additional amounts to cure further defaults accruing after the date of this objection and to be included as part of the total amount necessary to be paid prior to assumption or assignment of Landlord's Lease, (iv) directing the Debtors to promptly pay amounts that the Court ultimately determines to be he appropriate cure amount, and (v) for such other and further relief as the Court may deem just and proper.

BURBANK MALL ASSOCIATES, LLC

By /s/ Paul S. Bliley, Jr.
Paul S. Bliley, Jr.

Paul S. Bliley, Jr., Esq. – VSB No. 13973
**WILLIAMS MULLEN**
Two James Center, 16th Floor
1021 East Cary Street
Post Office Box 1320
Richmond, Virginia 23218-1320
Phone: 804.783.6448
FAX: 804.783.6507
pbliley@williamsmullen.com
Counsel for Burbank Mall Associates, LLC

3

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 12th day of March, 2009 caused the service of a copy of the foregoing Objection of Burbank Mall Associates, LLC to Cure Amount Established by Debtors to be sent by electronic means via the Court's ECF/CM system, and via mail, postage prepaid, to the following:

Dion W. Hayes
Douglas M. Foley
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Greg M. Galardi
Ian S. Fredericks
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 06606

/s/ *Paul S. Bliley, Jr.*

1723463v1