**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:   (315) 474-7541
Facsimile:    (315) 474-4040
Kevin M. Newman, Esq.
James C. Thoman, Esq.

and

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:   (804) 697-4100
Facsimile: (804) 697-4112

*Attorneys for Carousel Center Company, L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

-----------------------------------------------------------------
In re:

CIRCUIT CITY STORES, INC., *et al.*           Case No. 08-35653-KRH
                                              Jointly Administered
                       Debtors.               Chapter 11 Proceedings
-----------------------------------------------------------------

**LIMITED OBJECTION TO THE DEBTORS' PROPOSED CURE
AMOUNTS AND ASSUMPTION AND ASSIGNMENT OF
<u>NONRESIDENTIAL REAL PROPERTY LEASE</u>**

Carousel Center Company, L.P., (the "Objecting Landlord"), by and through its attorneys, Menter, Rudin & Trivelpiece, P.C. and Local Counsel, Christian & Barton, L.L.P, respectfully submits this Limited Objection to Debtors' Proposed Cure Amounts and Assumption and Assignment of a certain Nonresidential Real Property Lease.

{22375/22755/JCT/00023764.DOC}

**Background**

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Objecting Landlord is a party to a lease of nonresidential real property with the Debtors (the "Lease") for premises as follows:

| LANDLORD | SHOPPING CENTER | LOCATION |
|---|---|---|
| Carousel Center Company, L.P. | Carousel Center | Syracuse, NY |

(collectively, the "Premises").

4. The Premises is located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On February 3, 2009, the Debtors filed a sale procedures motion seeking orders: (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale Hearing Dates and (iii) Authorizing and Approving (a) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (c) Lease Rejection Procedures (the "Sale Procedures Motion").

6. On February 27, 2009, the Court entered an order amending its prior order approving the Sale Procedures Motion and the Amended Bidding Procedures (the "Sale

{22375/22755/JCT/00023764.DOC}    2

Procedures Order").

7. On March 2, 2009, the Objecting Landlord submitted, in compliance with the Amended Bidding Procedures, a bid with respect to termination of the Lease and a certain easement.

8. At the March 10, 2009 auction sale of the Debtors' leases, the Objecting Landlord was declared the highest and best bidder with respect to the Lease. The Objecting Landlord and the Debtors are in the process of finalizing a Lease Termination Agreement.

9. Objections to the Debtors' proposed cure amounts and assumption and assignment are due on or before March 12, 2009 at 4:00 p.m. As the Debtors have reserved their rights to consider other offers with respect to the Lease, the Objecting Landlord submits this limited objection in an abundance of caution.

## Limited Objection

**The Cure Amounts, Including Attorneys' Fees, Under the Lease Must be Paid As a Condition to Any Assumption and Assignment:**

10. As a condition to any assumption and assignment of the Lease, all defaults must be cured at closing. *See* 11 U.S.C. § 365(b)(1)(A). The cure amount (the "Cure Amount"), currently due under the Lease not including attorneys' fees, is as follows:

| Landlord | Pre-Petition | Post-Petition | Combined Pre/Post Amounts | Debtors' Proposed Cure Amount |
|---|---|---|---|---|
| Carousel | $22,431.53 | $142,092.63 | $164,524.16 | $82,119.00 |

Copies of the Objecting Landlord's itemizations of these amounts are annexed to this Limited Objection as Exhibit "A". The Objecting Landlord reserves the right to amend the Cure Amounts.

{22375/22755/JCT/00023764.DOC}   3

11. The Objecting Landlord reserves the right to dispute the proposed cure amount at a later date.

**Attorneys' Fees:**

12. In conjunction with the obligation of the Debtors to cure defaults upon assumption of the Lease, the Debtors must compensate Objecting Landlord for any actual pecuniary loss, including attorneys' fees resulting from default. *See* 11 U.S.C. § 365(b)(1)(B). Attorneys' fees under the Lease are compensable. *See, LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *Andrew v. KMR Corp.,* 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 752-754 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Village, Inc.,* 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986). The Lease provides for the Objecting Landlord's recovery of attorneys' fees. Copies of the face page, relevant Lease provisions and signature page are annexed hereto as Exhibit "B." Accordingly, the Objecting Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease in the amount of $5,000.00 plus attorneys fees incurred subsequent to March 13, 2009.

13. The Objecting Landlord reserves the right to supplement the amount of attorneys' fees due at the time the Cure Amount is resolved.

**Accrued, But Unbilled Charges, Adjustments and Reconciliations:**

14. The Debtors must ensure that all accrued, but unbilled charges, including year-end adjustments and reconciliations, if any, are paid in accordance with the terms of the Lease irrespective of whether those charges accrued before or after any assignment of the Lease. Any proposed assignee must assume all such obligations upon any assignment of the Lease. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors

provide adequate assurance of future performance under the terms of the Lease. *See,* 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2). Section 365(b)(3) of the Bankruptcy Code specifically provides that, for purposes of Section 365(f), adequate assurance of future performance with regard to a lease of real property in a shopping center includes adequate assurance "of the source of rent and other consideration due under the lease." 11 U.S.C. § 365(b)(3)(A) (West 2008).

***Adequate Assurance of Future Performance Information:***

15. Bankruptcy Code Section 365(b)(1) provides as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

16. Bankruptcy Code Section 365(f)(2) provides as follows:

> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

17. Bankruptcy Code Section 365(b)(3) defines adequate assurance of future performance as follows:

(3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. Section 365(b)(3).

18. Congress amended Bankruptcy Code Section 365(b)(3) in 1984 as part of the "Shopping Center Amendments" in an effort to protect shopping center lessors. A debtor must provide adequate assurance that a proposed assignee has a financial condition and operating performance similar to that of the debtor-tenant at the time the lease was entered into. *See* 130 Cong. Rec. S-8895 (June 29, 1994).

19. The Objecting Landlord must be provided with information sufficient to assess any proposed assignee's (both successful bidders and alternate bidders) operating experience and financial capability going forward under the Lease in order for the Debtors to comply with the adequate assurance of future performance requirements of Bankruptcy Code Section 365(b)(3) and (f)(2) and the Amended Bidding Procedures. The Debtors have the burden of providing that

adequate assurance of the future performance exists. Such information should include, the information required in the Amended Bidding Procedures approved by the Sale Procedures Order (the "Adequate Assurance Information").

20. As of the date of this Limited Objection no Adequate Assurance Information has not been provided to Objecting Landlord with respect to any potential assignee of the Lease.

**WHEREFORE**, the Objecting Landlord respectfully requests that the Cure Amount be fixed as set forth herein, the Court deny any proposed assumption and assignment to any third party, and that the Objecting Landlords be granted such other and further relief as the Court may deem just and proper.

Dated: March 12, 2009　　　　　　　　　　**CHRISTIAN & BARTON, L.L.P.**

　　　　　　　　　　　　　　　　　　　　　/s/ Jennifer M. McLemore
　　　　　　　　　　　　　　　　　　　　　By: Augustus C. Epps, Jr., Esquire (VSB 13254)
　　　　　　　　　　　　　　　　　　　　　Michael D. Mueller, Esquire (VSB 38216)
　　　　　　　　　　　　　　　　　　　　　Jennifer M. McLemore, Esquire (VSB 47164)
　　　　　　　　　　　　　　　　　　　　　909 East Main Street, Suite 1200
　　　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　　　Telephone: (804) 697-4100
　　　　　　　　　　　　　　　　　　　　　Facsimile: (804) 697-411

　　　　　　　　　　　　　　　　　　　　　-AND-

　　　　　　　　　　　　　　　　　　　　　Kevin M. Newman, Esq. (KMN-1451)
　　　　　　　　　　　　　　　　　　　　　**MENTER, RUDIN & TRIVELPIECE, P.C.**
　　　　　　　　　　　　　　　　　　　　　Office and Post Office Address
　　　　　　　　　　　　　　　　　　　　　308 Maltbie Street, Suite 200
　　　　　　　　　　　　　　　　　　　　　Syracuse, New York 13204-1498
　　　　　　　　　　　　　　　　　　　　　Telephone: (315) 474-7541
　　　　　　　　　　　　　　　　　　　　　Facsimile: (315) 474-4040

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Carousel Center Company, L.P.,*

## CERTIFICATE OF SERVICE

That on the 12th day of March, 2009 I caused the *Limited Objection to the Debtors' Proposed Cure Amounts and Assumption and Assignment of Nonresidential Real Property Lease* to be served upon the following:

Linda K. Myers, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Gregg Galardi, Esq.
Chris L. Dickerson, Esq.
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware 19889

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219

David S. Berman, Esq.
Riemer &Y Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108

Bruce Matson, Esq.
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

via priority overnight mail by depositing copies of same in properly addressed priority overnight envelopes which were picked up by a representative of FedEx at 308 Maltbie Street, Suite 200, Syracuse, New York 13204; and via the electronic case filing system.

    /s/ Jennifer McLemore
Jennifer McLemore