```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF VIRGINIA
                           RICHMOND DIVISION
```

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.* | ) | Case No.: 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |

### OBJECTION OF SEA PROPERTIES I, LLC'S TO (I) DEBTORS' FAILURE TO FOLLOW BIDDING PROCEDURES AND (II) CURE AMOUNT PROPOSED BY DEBTORS

COMES NOW SEA Properties I, LLC ("Landlord"), by its counsel, and files this Objection to (i) Debtors' Failure to Follow Bidding Procedures and (ii) Cure Amount Proposed by Debtors. In support thereof, Landlord states as follows:

1. On March 2, 2009, Landlord for lease location #805 ("Lease") submitted a defensive bid to Debtors' counsel, for the Final Cure Amount, estimated to be approximately $56,745.00 through the auction date of March 10, 2009.

2. The following day Debtors filed a Statement of Bids Received which listed a bid received for the Lease. Debtors' counsel confirmed that Landlord had a Qualified Bid on the Lease, and that there were no other Qualified Bids on the Lease.

3. The Bidding Procedures Order[1] permits Debtors, pursuant to the

---

[1] Order Under Bankruptcy Code Sections 105, 363, and 365 (i) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (ii) Setting Sale Hearing Dates and (iii) Authorizing and Approving (a) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (b) Assumption and Assignment of Certain Unexpired Nonresidential Real Property leases and (c) Lease Rejection Procedures, entered February 19, 2009, as docket item number 2242 ("Bidding and Procedures Order")

Bidding Procedures[2], to determine, in their business judgment, which Qualified Bid is the highest or otherwise best offer for a Lease or reject at any time before entry of an order of the Court approving a Qualified Bid, any bid which, in the Debtors' sole discretion, is contrary to the best interests of the Debtors, their estates, and their stockholders (Bidding Procedures Order, ¶ 3).

4. Debtors were also authorized to terminate the bidding process or the auction if they determined, in their business judgment, that the bidding procedures would not maximize the value of the Lease (Bidding Procedures Order, ¶ 3).

5. Debtors chose to complete the auction of the Lease rather than terminate the process. Landlord had the sole Qualified Bid and won the auction, having the highest and best bid by default. The Landlord was, by definition, the Successful Bidder.

6. Following the auction, Debtors informed Landlord that they would not be sending lease termination documents for review, and that they were considering their options concerning the Lease.

7. The following afternoon, Debtor posted notice of the auction results. The auction result for Landlord's Lease stated "Lease withdrawn." Debtors' counsel stated this meant that the Debtor was not proceeding with Landlord's Bid and was evaluating whether to re-market the location.

8. The Bidding Procedures reserve the Debtors right to determine which Qualified Bid, if any, is the highest or otherwise best bid and to

---

[2]Amended Lease Sale Bidding Procedures ("Bidding Procedures") attached as Exhibit 1 to Supplemental Order Under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline in Connection with Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, entered February 27, 2009, as docket item number 2346 ("Supplemental Order").

reject at any time prior to the entry of an order of the Bankruptcy Court approving the bid, any bid which the Debtors, in their sole discretion, deem to be contrary to the best interests of the Debtors, their estates and creditors (Bidding Procedures, p. 19, ¶ 1).

9.  Debtor had two options following the auction of the Lease: (i) sell the Lease to the Successful Bidder or (ii) reject the bid of the Successful Bidder.  The Debtor, by "not proceeding" with Landlord's bid after the Landlord won at auction, has elected to reject Landlord's bid.

10. Upon Debtors' rejection of Landlord's bid, there being no Qualified Bid on the Lease, Debtor was and is required to proceed with the rejection of the Lease.

11. Landlord also objects to Debtors' proposed cure amount of $19,583.00 on the Lease.  This amount is incorrect.

12. At auction the Debtor stated that Landlord's bid was for the final cure amount of $56,745.00.

13. Landlord's records show that they were owed $56,745.00 in unpaid pre-petition rents and Stub rent, including 2008 real estate taxes, but exclusive of its attorneys' fees.  Debtor has also failed to pay the Landlord its March 2009 rent as required by 11 U.S.C. § 365(b)(3).  Pursuant to the Lease, Landlord is entitled to its additional rents, including its attorneys' fees.  Currently, the cure amount for this Lease is in excess of $70,773.23, plus attorneys' fees in the amount of $10,000.00, or a total of $80,773.23.  These amounts are listed on <u>Exhibit A</u> affixed hereto and made a part hereof.  Landlord reserves the right to supplement this objection and insert additional amounts due.  The amounts due are subject to change as a result of any future expenses.  Landlord asserts that all amounts due and owing related to the

Lease must be cured prior to any assumption or assignment.

14. Landlord therefore requests that no assumption and assignment to any third party be approved without payment of the full cure amount owed on date of any such transfer. The Landlord also reserves the right to oppose consideration of any potential purchasers until all relevant information as to such prospective assignees has been provided, along with adequate assurance of their ability to perform in the future under the lease terms.

WHEREFORE, SEA Properties I, LLC respectfully requests the entry of an Order sustaining its Objection; deeming its Successful Bid rejected by the Debtor and rejecting the Lease or in the alternative deeming Lessor the Successful Bidder and requiring Debtor to execute a lease termination agreement with the Lessor for the Successful Bid of approximately $56,745; confirming that the amounts contained on Exhibit A constitute the correct cure amount through March 13, 2009, allowing any and all additional amounts to cure further defaults accruing after the date of this objection to be included as part of the final cure amount, and for such further relief as is just and equitable.

Dated: March 12, 2009                      SEA PROPERTIES I, LLC

                                           By Counsel

**Counsel:**

**CLEMENT & WHEATLEY**
**549 Main Street**
**P.O. Box 8200**
**Danville, VA 24543-8200**
**(434)793-8200**
**(434)793-8436 Fax**
**bentleyd@clementwheatley.com**

**s/ Darren W. Bentley**
**Darren W. Bentley (VSB# 48092)**

## CERTIFICATE OF SERVICE

**I hereby certify that on March 12, 2009, the foregoing was served by electronic means through the Court's CM/ECF Noticing System on parties identified in the "2002" and "Core" lists.**

                                    **/s/ Darren W. Bentley**
                                    **Darren W. Bentley**