Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &amp;   MCGUIREWOODS LLP
FLOM, LLP     One James Center
One Rodney Square     901 E. Cary Street
PO Box 636     Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &amp;
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:      :   Chapter 11
       :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,      :
       :
      Debtors.   :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and

Clear of All Interests, (B) Assumption and Assignment of

Certain Unexpired Nonresidential Real Property Leases

and (C) Lease Rejection Procedures (the "Bidding and

Rejection Procedures Order"); and the Court having

entered the Supplemental Order under Bankruptcy Code

Sections 105, 363, and 365 Approving Amended Bid

Deadline In Connection With Bidding And Auction

Procedures For Sale Of Unexpired Nonresidential Real

Property Leases (the "Supplemental Order"), which

established a revised bid deadline of March 3, 2009 and

amended the Bidding Procedures; and upon the record of

the auction conducted on March 10, 2009 (the "Auction")

and the hearing held on March 13, 2009 (the "Sale

Hearing"); and after due deliberation thereon, and

sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and

determine the Motion and to grant the relief requested

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.   The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor (the "Landlord") for the lease related to store number 3692 (the "Store") located at 550 Route 70, Brick, New Jersey (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

4

F.   The Debtors and their professionals
marketed the Lease and conducted a sale process as set
forth in and in accordance with the Motion, the Bidding
and Rejection Procedures Orders and the Bidding
Procedures.  Based upon the record of these proceedings,
all creditors and other parties in interest and all
prospective purchasers have been afforded a reasonable
and fair opportunity to bid for the Lease.

G.   After an auction held on March 10, 2009,
the Debtors determined that the highest and best
Qualified Bid was that of the Assignee (as defined
herein).

H.   The Assignment Agreement (as defined
herein) and the sale of the Lease were negotiated and
have been and are undertaken by the Debtors and the
Assignee at arms' length without collusion or fraud, and
in good faith within the meaning of Sections 363(m) of
the Bankruptcy Code.  As a result of the foregoing, the
Debtors and the Assignee are entitled to the protections
of Section 363(m) of the Bankruptcy Code.

I.   Neither the Debtors nor the Assignee
engaged in any conduct that would cause or permit the

5

Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

J.    The Total Consideration (as defined herein) provided by the Assignee for the Lease is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer  Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

K.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

L.    The assumption, assignment, and sale of the Lease to P.C. Richard & Son, Inc. (the "Assignee") under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

6

M.   Pursuant to sections 365(b)(1)(C),
365(f)(2)(B) and, if applicable, 365(b)(3), the Debtors
and the Assignee have demonstrated adequate assurance of
future performance by the Assignee under the Lease.

N.   The Cure Amount (as defined herein) is
deemed the entire cure obligation due and owing under
section 365 of the Bankruptcy Code.

O.   The assumption, assignment, and sale of
the Lease to the Assignee is in compliance with section
365(b)(3) of the Bankruptcy Code, if applicable.

P.   Upon the payment of the Cure Amount,
there are no outstanding defaults of the Debtors and
their estates under the Lease.

Q.   Upon the assignment to the Assignee, the
Lease shall be deemed valid and binding, in full force
and effect in accordance with its terms, subject to the
provisions of this Order and, pursuant to section 365(k)
of the Bankruptcy Code, the Debtors and their estates
shall be relieved from any further liability thereunder,
including for any breach of the Lease.

R.   Based on the foregoing findings of fact
and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND
DECREED THAT:**

1.   The Motion is granted as set forth
herein.

2.   All objections with regard to the relief
sought in the Motion as it pertains to the Lease, that
have not been withdrawn, waived, or settled, are
overruled on the merits.

3.   Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assume, and hereby assume,
the Lease.

4.   Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assign the Lease to the
Assignee, which assignment shall take place on and be
effective as of the Effective Date (as defined herein),
and to the extent that a sublease exists with respect to
the Lease where a Debtor is the sublessor, Debtors are
authorized to assign the sublease to the Assignee.

---

[3]   Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

5.    Under Bankruptcy Code section 363, the
Debtors are authorized to sell the Lease to the
Assignee.

6.    The Debtors are authorized to execute the
Sale, Assumption and Assignment Agreement, in
substantially the form attached hereto as Exhibit A (the
"Assignment Agreement").

7.    The consummation of the transactions with
respect to the Lease contemplated hereunder shall take
place on the date agreed upon between the Debtors and
the Assignee, but in no event later than 30 days after
entry of this Order (the "Effective Date").

8.    Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Assignee shall succeed to the entirety of Debtors'
rights and obligations in the Lease and Store due,
arising or attributable to the time period occurring on
or after the Effective Date and shall have the rights of
the tenant (and, if applicable, sublessor) thereunder.

9.    On the Effective Date, the Assignee shall
pay to the Debtors the total consideration, in cash or

otherwise immediately available funds, $100,000.00 (the "Total Consideration").

10.   Upon the Effective Date, neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Lease for any defaults or monetary obligations thereunder, except that Debtors shall be liable for and pay to Landlord within five (5) business days after the Effective Date the "Undisputed Cure Amount" for the Lease, which amount totals $43,040.00, and shall escrow, within five (5) business days after the Effective Date until the earlier of (i) the date the Debtors and the Landlord agree in writing or (ii) a final nonappealable order is entered by the Court, any "Disputed Cure Amount", which shall not exceed $64,054.86 (together, the Undisputed Cure Amount and Disputed Cure Amount shall mean and be referred to as the "Cure Amount"). For the avoidance of doubt, if the Disputed Cure Amount is $0.00, the Debtors shall have no obligation to establish an escrow.

11.   Upon entry of the Order (i) all defaults under the Lease shall be deemed cured, (ii) no other

amounts will be owed by Debtors or their estates with
respect to the Lease, (iii) no amounts will be owed by
the Assignee with respect to the Lease for obligations
relating or attributable to the period prior to the
Effective Date, (iv) any and all persons, entities or
the like shall be forever barred and estopped from
asserting a claim against the Debtors or their estates
that any additional amounts are due or defaults exist
under the Lease, and (v) any and all persons, entities
or the like shall be forever barred and estopped from
asserting a claim against the Debtors, their estates,
and the Assignee that any additional amounts are due or
defaults exist under the Lease that arose, relate to or
are attributable to the period prior to the Effective
Date; provided, however, that the Landlord shall be
entitled to enforce its rights with respect to the Cure
Amount as provided in this Order or otherwise ordered by
the Court.

12.   Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Lease, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the

11

assignment of the Lease, Debtors may assign the Lease to the Assignee.

13.  Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall assume all obligations under the Lease attributable to the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.  Upon the occurrence of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.  Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, Debtors and their estates shall have no further liability under the Lease.

16.  Upon the assignment to the Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order.

17.  To the extent that any of the Debtors acts as a guarantor of the Lease (a "Debtor-Guarantor"),

the Debtor-Guarantor(s) shall have no obligations with
respect to the Lease after the Effective Date.

18.   The sale and corresponding assumption and
assignment of the Lease authorized hereunder shall be
free and clear of all Interests, with all such Interests
attaching only to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such Interests had been attached previously, in
the same order and priority, and with the same validity
and enforceability, as same may have had prior to the
sale, assumption and assignment of the Lease, subject to
any and all available defenses, except that nothing
herein shall be deemed to authorize the transfer of, or
otherwise affect, the Landlord's fee interest in the
Property.

19.   Any mechanic's lien filed against Debtors
with respect to the premises associated with the Lease
is hereby released, discharged, and terminated, and the
Assignee is hereby authorized to file, register, or
otherwise record a certified copy of this Order and each
and every federal, state, and local governmental agency
or department is hereby directed to accept a certified

13

copy of this Order as conclusive evidence of the
release, discharge, and termination of any mechanic's
lien filed against the Debtors with respect to the
premises associated with the Lease and shall remove such
mechanic's lien from record.  Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such interest had previously attached, subject to
any and all available defenses.

20.  Except for (i) the Debtors with respect
to their rights under the Assignment Agreement and this
Order, and (ii) the Landlord with respect to the Cure
Amount, all parties to the Lease, and to any other
agreements relating to the Lease, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Assignee any default or breach
under, or any claim or pecuniary loss, arising under or
related to the Lease or such other agreements, arising,
accruing or incurred prior to the Effective Date.

21.  All parties to the Lease, and to any
other agreements relating to the Lease, other than the

Assignment Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Lease or such other agreements.

22. Except as otherwise agreed to between the Assignee and the Landlord in writing, any obligations arising under the Lease which arise, accrue, are incurred or relate to periods on or subsequent to the Effective Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Assignee, and no party (including the Assignee) shall have a claim against the Debtors or their estates for such obligations.

23. No amounts other than the Cure Amount are or shall be due to the Landlord, or any other non-Debtor parties to the Lease, in connection with the assumption by the Debtors and assignment and sale to the Assignee of the Lease.

24. The Landlord and any governmental agency shall accept and honor the assignment of the Lease to

the Assignee in accordance with the Assignment Agreement
and this Order.

25.   The Landlord shall cooperate and
expeditiously execute and deliver, upon the reasonable
requests of the Assignee, and shall not charge the
Assignee for, any instruments, applications, consents,
or other documents which may be required by any public
or quasi-public authority or other party or entity, for
the purpose of obtaining any permits, approvals or other
necessary documents required for the alteration,
installation of signage, opening and operating of the
premises associated with the Lease.

26.   Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
improvements, furniture, fixtures, equipment, inventory
and/or any other personal property ("Abandoned
Property") located at the Store, and such Abandoned
Property is deemed abandoned on the Rejection Date to
the Assignee free and clear or all liens, claims and
other interests.   The Assignee may, in its sole
discretion and without further notice, use, transfer or
dispose of such Abandoned Property without liability to

16

the Debtors or any third parties claiming an interest in
such Abandoned Property.

27. This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rules 6004(h) or 6006(d).

28. The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

29. To the extent that any provisions in the
Assignment Agreement conflict with this Order, the Order
shall govern.

30. The Debtors and their estates are
authorized to take all actions and execute all documents
necessary or appropriate to effectuate the assumption
and assignment of the Lease consistent with this Order.

31. This Court shall retain jurisdiction to
enforce the provisions of this Order and the assumption
and assignment of the Lease.

Dated:  Richmond, Virginia
        March __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE


17

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

         - and -

     /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley____
                              Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of **March [ ], 2009** ("**Effective Date**"), by and among **P.C. RICHARD & SON, INC.** ("**Assignee**"), on the one hand, and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Tenant**"), on the other hand.

## RECITALS:

**WHEREAS**, on November 10, 2009, Tenant and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on March __, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the sale, assumption, and assignment of the lease dated January 12, 1998 between 444 Connecticut Avenue, LLC and Tenant, for the premises located at 444 Connecticut Avenue, Norwalk, Connecticut (as amended and assigned from time to time, the "**Lease**"); and

**WHEREAS**, (i) Assignee desires that Tenant transfer, assign and set over to Assignee, and Assignee take assignment of, all of Tenant's right, title and interest in and to the Lease, and (ii) Tenant is willing to transfer, assign and set over to Assignee all of Tenant's right, title and interest in and to the Lease, subject to the terms and conditions of this Sale, Assumption and Assignment Agreement.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.    <u>Assignment of Lease</u>.  As of the Effective Date, Tenant does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Tenant's right, title and interest in and to the Lease.  In consideration thereof, on the Effective Date, Assignee shall pay to Tenant the sum of $250,000.00.

2.    <u>Assumption of Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Tenant's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Lease and the Order.

3.    <u>Representations and Warranties</u>.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Lease.

4.    <u>Notices</u>.  Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

1

If to Tenant:

Circuit City Stores, Inc.
Attn: Director of Real Estate
9950 Mayland Drive
Richmond, VA 23233

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

P.C. Richard & Son, Inc.
Attn: Thomas P. Pohmer
150 Price Parkway
Farmingdale, LI, NY 11735

5.      <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

6.      <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Tenant and Assignee and their respective successors and assigns.

7.      <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Tenant and Assignee.

8.      <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Tenant and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____

Name:

Title:


**P.C. RICHARD & SON, INC.**


By:_____

Name:

Title:

3