Court File No. 08-CL-7841

## ONTARIO

## SUPERIOR COURT OF JUSTICE

## COMMERCIAL LIST

THE HONOURABLE MR.         )           MONDAY, THE 9th

                                    )

JUSTICE MORAWETZ         )           DAY OF MARCH, 2009

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF INTERTAN CANADA LTD. AND TOURMALET CORPORATION

## APPROVAL AND VESTING ORDER

**THIS MOTION**, made by the Applicants for an order, *inter alia*, approving the sale transaction (the "**Transaction**") contemplated by the Asset Purchase Agreement (as amended from time to time, the "**Sale Agreement**") by and among 4458729 Canada Inc. (the "**Purchaser**"), InterTAN Canada Ltd. (the "**Seller**"), Circuit City Stores West Coast, Inc., Ventoux International, Inc. and Bell Canada, made as of February 23, 2009 and appended to the Confidential Supplement to the Sixth Report of Alvarez & Marsal Canada ULC (the "**Monitor**") dated March 5, 2009 (the "**Confidential Report**"), and vesting in the Purchaser the Seller's right, title and interest in and to the Seller Assets described in the Sale Agreement, was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Affidavit of Mark Wong sworn March 2, 2009 and the Exhibits thereto, the Sixth Report of the Monitor dated March 2, 2009, the Confidential Report and on hearing the submissions of counsel for the Applicants, the Monitor, Bank of America, N.A. (Canadian Branch) in its capacity as a lender and Canadian agent (the "Canadian Agent"), Star Choice Communications Inc., Garmin International, Inc., Foto Source Canada Inc., the Cadillac Fairview Corporation Limited, 4458729 Canada Inc., Bell Canada, Rogers Communications, OMERS Realty Management Corporation, Ivanhoe Cambridge 1 Inc., Morguard Investments Limited and 20 VIC Management Inc. on behalf of OPB Realty Inc., Retrocom Limited Partnership and 920076 Ontario Limited o/a The Southridge Mall, one appearing for any other person on the service list, although properly served as appears from the Affidavit of Service of Gillian S.G. Scott sworn March 2, 2009 filed:

1.      **THIS COURT ORDERS** that all capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed thereto in the Sale Agreement.

2.      **THIS COURT ORDERS AND DECLARES** that the Transaction is hereby approved. The execution of the Sale Agreement by the Seller is hereby authorized and approved, and the Seller is hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Seller Assets to the Purchaser.

3.      **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Monitor's certificate to the Purchaser substantially in the form attached as Schedule A hereto (the "**Monitor's Certificate**"), all of the Seller's right, title and interest in and to the Seller Assets described in the Sale Agreement shall vest, without further instrument of transfer or assignment, absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts, (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "**Claims**") including, without limiting the generality of the foregoing:  (i) any encumbrances or charges created by the Amended and Restated Initial Order of the Honourable Justice Morawetz dated November 10, 2008; (ii) all

charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system; and (iii) those Claims listed on Schedule C hereto (all of (i), (ii), and (iii) hereof are collectively referred to as the "Encumbrances", which term shall not include the Permitted Liens a list of which is set forth at Schedule D) and, for greater certainty, this Court orders that all of the Claims affecting or relating to the Seller Assets are hereby expunged and discharged as against the Seller Assets; provided however, that nothing herein shall affect the rights and remedies of the applicable landlord against the Purchaser that may exist or arise under or in respect of any real property lease that is assigned to the Purchaser in connection with the transaction, except as may otherwise be agreed to by the landlord and the Purchaser.

4.      **THIS COURT ORDERS** that upon the registration in the Land Registry Office for the Land Titles Division of SIMCOE (NO. 51) of an Application for Vesting Order in the form prescribed by the *Land Titles Act*, the Land Registrar is hereby directed to enter the Purchaser as the owner of the subject real property identified in Schedule B hereto (the "**Real Property**") in fee simple, and is hereby directed to delete and expunge from title to the Real Property all of the Claims listed in Schedule C hereto.

5.      **THIS COURT ORDERS** that: (i) nothing in this Order shall amend or vary, or be deemed to amend or vary the terms of a real property lease; (ii) where any real property leases are not, in accordance with their terms, transferable or assignable to the Purchaser without first obtaining the consent of the applicable landlord, none of the real property leases shall be transferred, conveyed, assigned or vested in the Purchaser by operation of this Order, save and except to the extent that respective consents have been, or are in the future, obtained from the respective landlords.

6.      **THIS COURT ORDERS** that upon receipt of a copy of this Order, the Registrar of Trade-marks at the Canadian Intellectual Property Office is hereby directed to enter the Purchaser as the registered owner of the Trade-marks identified in Schedule E hereto (the "**Canadian Marks**") and shall record the removal of any Claims registered against the Canadian Marks from the Register of Trade-marks.

7.    **THIS COURT ORDERS** that for the purposes of determining the nature and priority of Encumbrances, the net proceeds from the sale of the Seller Assets shall stand in the place and stead of the Seller Assets, and that from and after the delivery of the Monitor's Certificate all Claims shall attach to the net proceeds from the sale of the Seller Assets with the same priority as they had with respect to the Seller Assets immediately prior to the sale, as if the Seller Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

8.    **THIS COURT ORDERS AND DIRECTS** the Monitor to file with the Court a copy of the Monitor's Certificate, forthwith after delivery thereof to the Purchaser.

9.    **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Seller is authorized and permitted to disclose and transfer to the Purchaser all human resources and payroll information in the Seller's records pertaining to the Seller's past and current employees.  The Purchaser shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Seller.

10.    **THIS COURT ORDERS** that, notwithstanding:

    (a)    the pendency of these proceedings;

    (b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) in respect of the Applicants and any bankruptcy order issued pursuant to any such applications; and

    (c)    any assignment in bankruptcy made in respect of the Applicants;

the vesting of the Seller Assets in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the Applicants and shall not be void or voidable by creditors of the Applicants, nor shall it constitute nor be deemed to be a settlement,

fraudulent preference, assignment, fraudulent conveyance or other reviewable transaction under the *Bankruptcy and Insolvency Act* (Canada) or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

11.     **THIS COURT ORDERS** that the Sale Agreement shall not be repudiated or disclaimed by the Seller and compromised in any plan of compromise or arrangement filed by the Seller. For greater certainty, the parties acknowledge and agree that the termination rights included in the Sale Agreement approved herein are not affected by this paragraph.

12.     **THIS COURT ORDERS AND DECLARES** that the Transaction is exempt from the application of the *Bulk Sales Act* (Ontario) and any equivalent or applicable legislation under any other province or territory in Canada.

13.     **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada against all persons, firms, corporations, governmental, municipal and regulatory authorities against whom it may otherwise be enforceable.

14.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, including the United States Bankruptcy Court for the Eastern District of Virginia, to give effect to this Order.    All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance as may be necessary or desirable to give effect to this Order.

_____

**Christina Irwin**
Registrar, Superior Court of Justice

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

MAR 1 0 2009

PER / PAR:

## Schedule A – Form of Monitor's Certificate

Court File No. 08-CL-7841

### ONTARIO

### SUPERIOR COURT OF JUSTICE

### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE MR.<br><br>JUSTICE MORAWETZ | )<br>)<br>) | MONDAY, THE 9th<br><br>DAY OF MARCH, 2009 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF INTERTAN CANADA LTD. AND TOURMALET CORPORATION

### MONITOR'S CERTIFICATE

**RECITALS**

A.     Pursuant to an Order of the Honourable Justice Morawetz of the Ontario Superior Court of Justice (the "**Court**") dated November 10, 2008, Alvarez & Marsal Canada ULC was appointed as the monitor (the "**Monitor**") of INTERTAN CANADA LTD. and TOURMALET CORPORATION (the "**Debtor**").

B.     Pursuant to an Order of the Court dated March 9, 2009, the Court, *inter alia,* approved the Asset Purchase Agreement (the "**Sale Agreement**") by and among 4458729 Canada Inc. (the "**Purchaser**") and InterTAN Canada Ltd. (the "**Seller**") and Circuit City Stores West Coast, Inc. and Ventoux International, Inc. and Bell Canada made as of February 23, 2009 and provided for, among other things, the vesting in the Purchaser of the Seller's right, title and interest in and to

the Purchased Assets, which vesting is to be effective with respect to the Purchased Assets upon the delivery by the Monitor to the Purchaser of a certificate confirming that the Monitor has received written confirmation from the Seller and the Purchaser that, other than the delivery of the Monitor's Certificate, the conditions to Closing as set out in sections 4.1, 4.2, 4.3 and 4.4 of the Sale Agreement have been satisfied or waived by the Seller Parties and the Purchaser.

C.      Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the Sale Agreement.

**THE MONITOR CERTIFIES** the following:

1.      The Monitor has received written confirmation from the Seller and the Purchaser that, other than the delivery of the Monitor's Certificate, the conditions to Closing as set out in sections 4.1, 4.2, 4.3 and 4.4 of the Sale Agreement have been satisfied or waived by the Seller Parties and the Purchaser.

2.      This Certificate was delivered by the Monitor at _____ [TIME] on _____ [DATE].

                                    **ALVAREZ & MARSAL CANADA ULC, in
                                    its capacity as Court-appointed Monitor of
                                    InterTAN Canada Ltd. and Tourmalet
                                    Corporation, and not in its personal capacity**

                                    Per:    _____

                                            Name:

                                            Title:

## Schedule B – Real Property

<u>279 BAYVIEW DRIVE, BARRIE, ONTARIO (PIN 58735-0008 (LT):</u>

*PT LT 9 CON 13 INNISFIL, PT 2 51R5957 *AMENDED 2002/11/12 - D. FENTON , DLR;
PT LT 8 CON 13 INNISFIL PT A, 51R6207; T/W RO660742; BARRIE

**Schedule C – Claims to be deleted and expunged from title to Real Property**

1.    Instrument No. SC702694, being an Application to Register a Court Order, registered November 28, 2008 registered by the Ontario Superior Court of Justice.

2.    Instrument No. SC706293, being a Charge / Mortgage, registered December 12, 2008 in favour of Bank of America, National Association, securing the original principal sum of $950,000,000.00.

## Schedule D – Permitted Liens

**"Permitted Liens"** means:

**General**

1. With respect to real property, applicable municipal by-laws, development agreements, subdivision agreements, site plan agreements, building and other similar restrictions, easements, servitudes and rights of way which do not in the aggregate materially adversely affect the use in the ordinary course of the Business or value of the real property affected thereby.

2. Encroachments or defects or irregularities in title to the Owned Real Property which are of a minor nature and do not materially adversely affect the use in the ordinary course of the Business or value of the Owned Real Property affected thereby.

3. All Liens affecting a landlord's freehold interest in any Leased Premises.

4. Liens for taxes, rates, assessments or governmental charges or levies not yet due and payable.

5. The reservations, limitations, exceptions, provisos and conditions, if any, expressed in any original grants from the Crown including, without limitation, the reservation of any mines and minerals in the Crown or in any other person.

6. The exceptions and qualifications contained in Section 44(1) of the Land Titles Act, other than any lease or agreement for a lease, and which do not in the aggregate materially adversely affect the use in the ordinary course of the Business or value of the real property affected thereby.

7. Those items that would be disclosed in an up to date survey for the Owned Real Property, which do not in the aggregate materially adversely affect the use in the ordinary course of the Business or value of the real property affected thereby.

**Specific**

8. PIN 58735-0008 (LT) – 279 Bayview Drive, Barrie, Ontario

9. Instrument No. R0272387.

10. Instrument No. R0582840.

11. Instrument No. R0955836.

12. Instrument No. SC71446.

13.    Instrument No. SC80930, registered December 16, 2002, being a Land Registrar's Order, registered to add Instrument No. R0955836 to title.

**Personal Property Security Liens**

1.    Rights and encumbrances of the equipment lessors listed below under their applicable Personal Property Leases but only to the extent that the collateral is specifically described below, and any identifiable and traceable proceeds therefrom, and only if such Personal Property Leases are assigned to the Purchaser. In all other respects, any rights under the Personal Property Leases and any Encumbrances do not form part of the Permitted Liens.

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| **Alberta** | | | |
| | 00041703190<br><br>April 17, 2000 – Expires April 17, 2010<br><br>(Original Registration)<br><br>03072102993<br><br>July 21, 2001<br><br>(Amendment)<br><br>05032210196<br><br>March 22, 2005<br><br>(Renewal) | PHH Vehicle Management Services Inc. | Motor Vehicles (including without limitation, truck tractors, truck trailers, truck chassis or truck bodies), automotive equipment (including without limitation, trailers, boxes and refrigeration units) and materials-handling equipment leased by the debtor from the secured party together with all attachments, accessions, appurtenances, accessories, or replacement parts.<br><br>Proceeds: All of the debtor's present and after acquired personal property including, without limitation, goods, securities, instruments, documents of title, chattel paper, intangibles and money. |
| **British Columbia** | | | |
| | 8822259<br>April 17, 2000 | PHH Vehicle Management Services Inc. | Financing Statement re PPSA Security;<br>Vehicle Collateral:  Nil.<br>General Collateral:  Motor vehicles, automotive equipment |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | | | and materials handling equipment lease by the debtor from the secured party together with all attachments, appurtenances, accessories or replacement parts. Proceeds: all of the debtors present and after-acquired personal property. |
| **New Brunswick** | | | |
| | 5807727<br><br>April 17, 2000 (expiring April 17, 2010)<br><br>9953785<br><br>July 22, 2003<br><br>(amendment)<br><br>12026746<br><br>March 22, 2005<br><br>(Financing change statement renewal) | PHH Vehicle Management Services Inc. | All present and future motor vehicles leased from time to time by the secured party to the debtor together with all attachments, accessions and proceeds. |
| **Nova Scotia** | | | |
| | 2821174<br><br>April 17, 2000<br><br>(Original Registration)<br><br>7095270<br><br>July 23, 2003<br><br>(Amendment) | PHH Vehicle Management Services Inc. | All present and future motor vehicles (including, without limitation, passenger automobiles, trucks, truck tractors, truck trailers, truck chassis or truck bodies), automotive equipment (including, without limitation, trailers, boxes and refrigeration units) and materials-handling equipment leased from time to time by the Secured Party to the |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | 9368800<br><br>March 22, 2005 – Expires April 17, 2010<br><br>(Renewal) | | Debtor, together with all present and future attachments, accessions, appurtenances, accessories and replacement parts, and all proceeds of or relating to any of the foregoing. |
| **Ontario** | | | |
| | File No. 650322999<br><br>Reg. No. 20081203 1116 9116 0107<br>Reg. 3 years | Lewis Motor Sales Inc. | MVI<br>AS $6,620<br><br>1989 Ottawa, VIN |
| | File No. 622325673<br><br>Reg. No. 20060127 1623 1651 2417<br>Reg. 6 years | Pitney Bowes Global Credit Services | I, E, A, O, NFMD<br>AS $61,707<br><br>Digital mailer, meter, scale, folder, address printer. All items as listed and defined under Pitney Bowes contract #488960. |
| | File No. 621992961<br><br>Reg. No. 20060113 1141 7029 8732<br>Reg. 3 years | Ricoh Canada Inc. | E, O<br><br>One (1) Ricoh Aficio 2045E, One (1) Ricoh SR790, One (1) Ricoh Scan/Print Kit Type 2035E/45E with all attachments, accessories and proceeds thereof. |
| | File No. 894595275<br><br>Reg. No. 20030522 1834 1531 3344<br>Reg. 5 years<br><br><br>Reg. No. 20080407 1958 1531 6806 | Transportaction Lease Systems Inc. | E, NFMD<br><br>Any specified vehicles and any other vehicles of whatever year, make or model as may be provided at any time by, or on behalf of, the secured party relating to a vehicle lease |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | (Renewal 5 years) | | agreement.<br><br>Renewal |
| | File No. 860984541<br><br>Reg. No. 20000417 1442 1530 1015<br>Reg. 5 years | PHH Vehicle Management Services Inc. | E, O, MVI<br><br>All present and future motor vehicles (including, without limitation, passenger automobiles, trucks, truck tractors, truck trailers, truck chassis, or truck bodies), automotive equipment (including, without limitation, trailers, boxes and refrigeration units), and materials-handling equipment leased from time to time by the secured party to the debtor, together with all present and future attachments, accessions, appurtenances, accessories and replacement parts, and all proceeds of or relating to any of the foregoing.<br><br>Amend secured party address |
| | Reg. No. 20030721 1055 1529 5623<br>(Amendment) | | |
| | Reg. No. 20050322 1951 1531 6119 | | Renewal |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | (Renewal 5 years) | | |
| **Saskatchewan** | | | |
| | 114906772 April 17, 2008 | PHH Vehicle Management Services Inc. | Motor vehicles (including, without limitation, trucktractors, truck trailers, truck chassis or truck bodies), automotive equipment (including, without limitation, trailers, boxes and refrigeration units), and materials handling equipment leased by the debtor from the secured party together with all attachments, appurtenances, accessories or replacement parts.<br><br>Proceeds: all of the debtor's present and after acquired personal property, including, without limitation, goods, securities, instruments, documents of title, chattel paper, intangibles and money. |
| **Quebec** | | | |
| | 00-0095856-0001<br><br>2000-04-17   12:36 p.m.<br><br>Date of Constituting Act : 2000-04-17<br><br>Date registration ceases to be effective: 2010-04-17 | PHH Vehicle Management Services Inc. | This Rights of Ownership of the Lessor are subject to numerous Assignments of Rights. Details are available upon request.<br><br>The present registration is a "Global"<br><br>Registration pursuant to Article 2961.1 of the Civil Code of Quebec.<br><br>All present and future motor vehicles (including, without |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | | | limitation, passenger automobiles, trucks, truck tractors, truck trailers, truck chassis, or truck bodies), automotive equipment (including, without limitation, trailers, boxes and refrigeration units), and materials-handling equipment leased from time to time by the Lessor to the Lessee, together with all present and future attachments, accessions, appurtenances, accessories and replacement parts, and all proceeds of or relating to any of the foregoing. |
| | 03-0484672-0001  2003-09-16    9:00 a.m.  Date of Constituting Act : 2003-09-15  Date registration ceases to be effective: 2008-09-15 | Transportaction Lease Systems Inc. | This Rights Resulting from a Lease  is subject to the following registration:  # 08-0439567-0002  Renewal of a Published Right  (see below).  The present registration is a "Global"  Registration pursuant to Article 2961.1 of the Civil Code of Quebec.  The universality of all vehicles, present and future, provided to the Lessee pursuant to the motor vehicle lease agreement between the Lessor and the Lessee dated as of the date indicated under the heading REFERENCE A L'ACTE CONSTITUTIF, and including |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | | | all replacements, supplements, or amendments thereto, together with any replacement or supplementary vehicle provided to the Lessee in accordance with the terms of the said motor vehicle lease agreement, and including all accessories and equipment attached thereto from time to time. |
| | 08-0439567-0002

2008-07-29    9:00 a.m.

Date of Constituting Act : N/A

Date registration ceases to be effective: 2013-07-27 | Transportation Lease Systems Inc. | This Renewal of a Published Right relates to the following registration:

# 03-0484672-0001 Rights Resulting from a Lease

(see above). |
| | 04-0514871-0006

2004-09-02    2:10 p.m.

Date of Constituting Act : 2004-09-01

Date registration ceases to be effective: 2009-10-01 | Ricoh Canada Inc. | LEASE TERM IS 60 MONTHS AND THE QUARTERLY LEASE PAYMENT IS $7631.40 PLUS APPLICABLE TAXES.

12 - RICOH AFICIO 2015 PHOTOCOPIER 2 - RICOH AFICIO 2045E PHOTOCOPIER 2 - RICOH SR790 100 SHEET FINISHER 2 - RICOH SCAN/PRINT KIT TYPE 2035E/45E 3 - RICOH AFICIO 1060 PHOTOCOPIER 3 - RICOH SR850 FINISHER 2 - RICOH AFICIO 2022 R-C3A PHOTOCOPIER 1 - RICOH SCANNER/PRINTER 2022-27 |

| Province/ Territory | BASE REG'N NO. & DATE | SECURED PARTY(IES) | REGISTRATION TYPE & COLLATERAL DESCRIPTION |
|---|---|---|---|
| | | | With all attachments, accessories and proceeds thereof including insurance proceeds and indemnities. |

## Schedule E – Canadian Trade-marks

| Trade-mark | App./Reg. No. |
|---|---|
| ADVANTAGE CARE PLAN & Design <br><br> ((( advantage <br> CARE PLAN | 1,300,518 |
| BATTERY PLUS | TMA427,562 |
| CANADA'S VALUE LEADER IN ELECTRONICS | TMA404,114 |
| CENTRIOS | TMA696,125 |
| CENTRIOS Design <br><br> C E N T R I O S | TMA653,563 |
| CRANK IT UP | TMA659,082 |
| CUSTOM RYDZ | TMA689,791 |
| CUSTOM RYDZ & Design <br><br> CUSTOM RYDZ | TMA689,793 |
| EQUIVO | 1,378,786 |
| FLUID | 1,397,006 |
| FLUID & Design <br><br> FLUID | 1,404,365 |
| FUSION | 1,423,304 |

| Trade-mark | App./Reg. No. |
|---|---|
| FUSION & Design  | 1,423,303 |
| GEAR N GADGETS | TMA608,764 |
| GNARLYFISH | 1,397,004 |
| GNARLYFISH Design  | 1,404,367 |
| GO Design  | TMA431,374 |
| HEADRUSH | 1,397,000 |
| HEADRUSH & Design  | 1,404,369 |
| HOME GUARDIAN | 1,397,096 |
| HOME GUARDIAN & Design  | 1,396,999 |

| Trade-mark | App./Reg. No. |
|---|---|
| IF ITS NEW, WE HAVE IT | TMA545,736 |
| InfiniCELL | TMA655,492 |
| INSPIRED SOLUTIONS | 1,397,008 |
| INSPIRED SOLUTIONS Design  | 1,404,353 |
| INTERTAN | TMA336,254 |
| ITI & Design  | TMA334,706 |
| JUST AROUND THE CORNER | TMA630,636 |
| LA VALEUR SURE EN ELECTRONIQUE AU CANADA | TMA404,115 |
| LUMINANT | 1,378,787 |
| MICROZ | TMA689,493 |

| Trade-mark | App./Reg. No. |
|---|---|
| MICROZ & Design<br> | TMA689,508 |
| NETSET Design<br> | TMA433,855 |
| NEXXTECH | 1,172,358 |
| NEXXTECH | 1,240,418 |
| NEXXTECH Design<br> | 1,222,355 |
| NX2 NEXXTECH & Design<br> | 1,309,813 |
| POWERFUL CONNECTIONS | TMA525,376 |
| POWERFUL STUFF | TMA508,628 |
| POWERFUL STUFF Design<br> | TMA517,867 |
| SECTOR 7 | TMA687,643 |

| Trade-mark | App./Reg. No. |
|---|---|
| SECTOR 7 & Design  | TMA663,785 |
| SPECTRAL | 1,378,788 |
| TECHCESSORIES | TMA431,771 |
| THS STUDIO | TMA722,243 |
| THS STUDIO & Design  | TMA725,129 |
| TOGETHER WE CAN MAKE A DIFFERENCE | TMA405,254 |
| WASAKI | TMA694,214 |
| WASAKI & Design  | TMA661,721 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF INTERTAN CANADA LTD. AND TOURMALET CORPORATION

APPLICANTS

Court File No: 08-CL-7841

*Ontario*
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

Proceeding commenced at Toronto

**ORDER**

**Sale Approval and Vesting Order**
**March 9, 2009**

**OSLER, HOSKIN & HARCOURT LLP**
P.O. Box 50
1 First Canadian Place
Toronto, ON   M5X 1B8

Edward Sellers (LSUC #30110F)
Tel: (416) 862-5959

Jeremy Dacks (LSUC #41851R )
Tel: (416) 862-4923

Marc Wasserman (LSUC #44066M )
Tel: (416) 862-4908

Lawyers for the Applicants

F# 1113457