Linda J. Brame
P.O. Box 700
Marion, IL 62959
Phone: (618) 997-5611
Fax: (618) 997-6522
lbrame@winterslaw.com

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | IN PROCEEDINGS |
| ) | UNDER CHAPTER 11 |
| CIRCUIT CITY STORES, INC. et al., ) | |
| ) | CASE No. 08-35653 |
| Debtors. ) | |
| ) | |
| KINA THOMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| CIRCUIT CITY STORES, INC. et al. ) | |
| ) | |
| Respondents. ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Kina Thompson Name ID:5059815, 5059816 and 5059817 and Pack ID:433493, 433494 and 433495 (the "Creditor") by and through his attorneys Winters, Brewster, Crosby and Schafer LLC, and for Creditor's Motion for Relief from Automatic Stay imposed under 11 U.S.C. §362, states as follows:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1334(b) and 11 U.S.C. § 362(d).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On March 22, 2007, Creditor filed a claim with the Illinois Workers' Compensation Commission against Circuit City Stores, Inc., ("Debtor") for injuries she sustained in a work-related accident on December 26, 2006. The suit seeks damages for unpaid temporary total disability benefits and permanent partial disability benefits.

4. On September 11, 2008, Creditor filed a second claim with the Illinois Workers' Compensation Commission against Debtor for injuries she sustained in a work-related accident on August 21, 2008. The suit seeks damages for temporary total disability benefits and permanent partial disability benefits.

5. On November 10, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

6. At the time of Creditor's accident, the Debtor was insured Old Republic Insurance Company with limits that would satisfy any judgment or settlement in the Workers' Compensation action, either in full or in part.

7. Regardless of whether the Debtor was insured or self-insured, good cause exists to modify and/or terminate the stay to allow the Creditor to proceed with the pending action described above and to allow Creditor to establish his rights, if any, to the proceeds of a Workers' Compensation insurance policy or other insurance policies, if any. As stated by the United States Bankruptcy Court for the Southern District of Ohio in In re Federated Dept. Stores, 1990 Bankr. LEXIS 493 *7-8 (Bankr. S.D. Ohio 1990):

> In the case of the self-insurance programs, cause exists because continuation of the programs will conserve estate assets and avoid the more costly alternative of workers' compensation insurance. In the case of claims covered by insurance, cause exists because no post-petition funds will be used to pay these pre-petition workers' compensation claims. Under the insurance policies and applicable law, the Insurers are required to pay the full claim amounts subject only to a right of reimbursement

2

against the letters of credit for a portion of the amounts paid. Since the letters of credit are not secured by assets otherwise available to Debtors, draws thereunder will only give rise to prepetition unsecured claims against the estate. Liquidation of the pre-petition workers' compensation claims in forums such as state agencies specifically created to address workers' compensation issues, rather than in the Bankruptcy Court through the claims objections process, will likely speed resolution of these claims. Accordingly, modification of the stay as requested herein is in the best interest of Debtors and their estates.

Additionally, and among other reasons, good cause exists because the Debtor is now in a liquidating chapter 11 case and it will likely not receive a discharge.

WHEREFORE, the Creditor, Kina Thompson, respectfully prays that this honorable Court enter an Order substantially in the form of the proposed order attached as <u>Exhibit A</u> granting her relief from the automatic stay provisions of 11 U.S.C. § 362 so as to permit the Creditor to proceed with the Workers' Compensation action to judgment, including appeals if necessary.

Date: March 17, 2009

Respectfully submitted,

/s/ W. Joel Charboneau
A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau (VSB#68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800
540-343-9898 (f)
cmagee@mfgs.com
jcharboneau@mfgs.com

WINTERS, BREWSTER, CROSBY AND SCHAFER LLC

/s/ Linda J. Brame
Linda J. Brame
P.O. Box 700
Marion, IL 62959
Phone: (618) 997-5611
Fax: (618) 997-6522
brame@winterslaw.com

3

## **NOTICE OF MOTION AND HEARING**

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not wish the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fifteen (15) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: **Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, VA 23219,** and serve a copy on the movant's attorney at the address shown above. Unless a written response is filed and served within this fifteen day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive in on or before the expiration of the fifteen day period.

Attend the preliminary hearing scheduled to be held on: **APRIL 14, 2009 at 10:00 a.m.; in Courtroom 5000, United States Bankruptcy Court, 701 East Broad Street, Richmond, Virginia 23219.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

## CERTIFICATE OF SERVICE

I certify that on March 17, 2009, I served the foregoing by electronic mail on the entities comprising the Primary Service List (as defined in Exhibit A to the Order dated November 12, 2008, governing notice procedures).

By: /s/ W. Joel Charboneau

U:\A CLIENTS\Winters, Brewster\Mtn for Relief From Stay Thompson.doc

5

# EXHIBIT A

Linda J. Brame
P.O. Box 700
Marion, IL 62959
Phone: (618) 997-5611
Fax: (618) 997-6522
lbrame@winterslaw.com

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
Post Office Box 404
Roanoke, Virginia 24003-0404
(540) 343-9800
(540) 343-9898 FAX
cmagee@mfgs.com
jcharboneau@mfgs.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | IN PROCEEDINGS |
| ) | UNDER CHAPTER 11 |
| CIRCUIT CITY STORES, INC. et al., ) | |
| ) | CASE No. 08-35653 |
| Debtors. ) | |
| ) | |
| KINA THOMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| CIRCUIT CITY STORES, INC. et al. ) | |
| ) | |
| Respondents. ) | |

### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

At Richmond, in this district, this ___ day of _____, 2009.

The matter before the Court is the motion for relief from the stay (the "Motion") filed on behalf of Kina Thompson ("Creditor"), by counsel. Having reviewed the Motion, the Court finds that: (i) jurisdiction and venue are proper; (ii) this is a core proceeding; (iii) good cause, as set forth in the Motion exists to grant the Motion; and (iv) no party in interest objected to the requested relief. For good cause shown, it is

ORDERED

that the Motion shall be and is GRANTED and the stay shall be modified to permit the Creditor to proceed with the her workers' compensation action to judgment, including appeals if necessary.

The Clerk is directed to send electronic notification of the entry of this Order to counsel for the parties and no further service shall be necessary.

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:
William R. Gower
/s/ W. Joel Charboneau
_____
W. Joel Charboenau, Esq. (VSB #68025)
Magee, Foster, Goldstein & Sayers, P.C.
P.O. Box 404
Roanoke, VA 24003-0404
(540) 343-9800

Winters, Brewster, Crosby and Schafer LLC

/s/ Linda J. Brame
_____
Linda J. Brame
P.O. Box 700
Marion, IL 62959
Phone: (618) 997-5611
Fax: (618) 997-6522
brame@winterslaw.com

### CERTIFICATE OF SERVICE

I certify that copies of the proposed order were served via electronic delivery and/or first class mail the 17th day of March, 2009, on all necessary parties pursuant to the Order establishing notice procedures in this case.

/s/ W. Joel Charboneau
_____

Serve:
    All parties that have filed notices of appearance in this case by electronic mail.

U:\A CLIENTS\Winters, Brewster\Thompson Order.doc