Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653-KRH
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---

[1]   Capitalized terms not otherwise defined herein shall have the
      meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and
Clear of All Interests, (B) Assumption and Assignment of
Certain Unexpired Nonresidential Real Property Leases
and (C) Lease Rejection Procedures (the "Bidding and
Rejection Procedures Order"); and the Court having
entered the Supplemental Order under Bankruptcy Code
Sections 105, 363, and 365 Approving Amended Bid
Deadline In Connection With Bidding And Auction
Procedures For Sale Of Unexpired Nonresidential Real
Property Leases (the "Supplemental Order"), which
established a revised bid deadline of March 3, 2009 and
amended the Bidding Procedures; and upon the record of
the auction conducted on March 10, 2009 (the "Auction")
and the hearing held on March 13, 2009 (the "Sale
Hearing"); and after due deliberation thereon, and
sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested

---

[2]   Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and
1334(b).

B.   Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and
1409.  This is a core proceeding within the meaning of
28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief
requested in the Motion are Bankruptcy Code sections
105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006,
and 9014.

D.   The notice of the Motion, the Auction,
and the Sale Hearing given by the Debtors constitutes
due and sufficient notice thereof.

E.   A reasonable opportunity to object or be
heard regarding the relief in this Order has been
afforded to all interested persons and entities,
including the lessor (the "Lessor") for the lease
related to store number 3679 (the "Store") located at 52
East 14th Street, Union Square South, New York, New York
(together with any and all related lease documents and
subleases associated therewith, if any, the "Lease").

F.   The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.   After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of Union Square Development Associates, LLC (the "Assignee").

H.   The Assignment Agreement and the sale of the Lease were negotiated and have been and are undertaken by the Debtors and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

I.   Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the

Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

J.    The total consideration provided by Assignee for the Lease is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer  Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

K.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

L.    The assumption, assignment, and sale of the Lease to the Assignee under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

6

M.    The Cure Amount (as defined herein) is deemed the entire cure obligation due and owing under section 365 of the Bankruptcy Code

N.    The assumption, assignment, and sale of the Lease to the Assignee is in compliance with section 365(b)(3) of the Bankruptcy Code, if applicable.

O.    Other than the Cure Amount, there are no outstanding defaults of the Debtors and their estates under the Lease.

P.    Upon the assignment to Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, upon payment of the Cure Amount the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease.

Q.    Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

---

[3]    Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

1.    The Motion is granted as set forth herein.

2.    All objections with regard to the relief sought in the Motion as it pertains to the Lease, that have not been withdrawn, waived, or settled, are overruled on the merits.

3.    Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Lease.

4.    Under section 365 of the Bankruptcy Code, the Debtors are authorized to assign the Lease to the Assignee, which assignment shall take place on and be effective as of the Effective Date.

5.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Lease to the Assignee.

6.    The Debtors are authorized to execute the Assignment and Assumption Agreement, in substantially the form attached hereto as Exhibit A (the "Assignment Agreement").

7.    The consummation of the transactions with respect to the Lease contemplated hereunder shall take place on the later of (i) the second business day after

entry of this Order and (ii) a date agreed upon between the Debtors and the Assignee (the "Effective Date").

8.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Lease and Store due, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant thereunder.

9.    Upon the Effective Date neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Lease for any defaults or monetary obligations thereunder, except for payment of the Cure Amount as set forth herein.  Notwithstanding any provision hereof which may be deemed to the contrary, nothing herein shall be deemed a waiver or release of Lessor's right to assert claims for coverage under any insurance policy issued with respect to the Stores for any third party claims that may have arisen on or before the Effective Date and all of the Debtors' rights with respect thereto

are preserved, including the right to enforce the
automatic stay or similar injunction.

10.  As of the Effective Date, the Lessor
shall be deemed to have waived, released and forever
discharged any and all claims it may have against the
Debtors, including claims under Bankruptcy Code sections
365, 502 and 503, and including all year end adjustments
for 2009 and all prior years and any obligations or
liabilities that would otherwise survive assignment of
the Lease.

11.  The Lessor shall be deemed to "credit
bid" the "Undisputed Cure Amount" for the Lease, which
amount totals $372,202.24.  The Assignee shall deposit
into an escrow account (the "Escrow Account") with a
third party agent (the "Escrow Agent"), within five (5)
business days after the Effective Date the "Disputed
Cure Amount", which shall equal $71,313.48 (together,
the Undisputed Cure Amount and Disputed Cure Amount
shall mean and be referred to as the "Cure Amount").
The Disputed Cure Amount shall be held in the Escrow
Account until the earlier of (i) the date the Debtors
and the Lessor agree in writing or (ii) a final

10

nonappealable order is entered by this Court or an
appellate court presiding over an appeal from an order
of this Court (a "Final Order").

12.   The Undisputed Cure Amount is calculated
as of March 13, 2009 and shall be increased by a per
diem charge of $8,730.01 for each and every day from and
after March 13, 2009 through and including the
occurrence of the Effective Date.

13.   Within five (5) business days after the
Effective Date, the Lessor shall pay to the Debtors, in
cash or otherwise immediately available funds, the
difference between $470,000 and the Cure Amount.

14.   Upon (i) entry of a Final Order or (ii)
by agreement of the Debtors and the Lessor, the Escrow
Agent shall distribute the funds that then constitute
the Disputed Cure Amount to the Debtors and/or the
Lessor as provided for in such Final Order or agreement.

15.   All fees and expenses owed to the Escrow
Agent shall be paid from the Escrow Amount.  If Escrow
Amount is insufficient to satisfy such fees and
expenses, the parties shall share equally any fees and
expenses owed to the Escrow Agent.  The Bankruptcy Court

shall retain exclusive jurisdiction with respect to resolution of the Disputed Cure Amount.

16.  As of the Effective Date (i) all defaults under the Lease shall be deemed cured, (ii) no other amounts will be owed by Debtors or their estates with respect to the Lease (except for such portions of the Cure Amount which may be due to Lessor), (iii) no amounts will be owed by the Assignee with respect to the Lease for obligations relating or attributable to the period prior to the Effective Date, (iv) any and all persons, entities or the like shall be forever barred and estopped from asserting a claim against the Debtors, their estates, the Lessor or the Assignee that any additional amounts are due or defaults exist under the Lease, and (v) any and all persons, entities or the like shall be forever barred and estopped from asserting a claim against the Debtors, their estates, the Lessor and the Assignee that any additional amounts are due or defaults exist under the Lease that arose, relate to or are attributable to the period prior to the Effective Date.

17.  As of the Effective Date, Debtors shall
be deemed to have surrendered possession of the Store
and Assignee shall be entitled to immediate possession
thereof.  Pursuant to Bankruptcy Code section 554, any
and all improvements, furniture, fixtures, equipment,
inventory and/or any other personal property ("Abandoned
Property") located at the Store is deemed abandoned on
the Effective Date to the Assignee free and clear or all
liens, claims and other interests. The Assignee may, in
its sole discretion and without further notice, use,
transfer or dispose of such Abandoned Property without
liability to the Debtors or any third parties claiming
an interest in such Abandoned Property.

18.  Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Lease, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the
assignment of the Lease, Debtors may assign the Lease to
the Assignee.

19.  Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Assignee shall assume all obligations under the Lease

attributable to the time period occurring on or after

the Effective Date or related to the period subsequent

to the Effective Date.

20.   Upon the occurrence of the Effective

Date, the Assignee shall be entitled to the protections

of section 363(m) of the Bankruptcy Code.

21.   Upon the assignment authorized herein,

and under section 365(k) of the Bankruptcy Code, Debtors

and their estates shall have no further liability under

the Lease.

22.   Upon the assignment to Assignee, the

Lease shall be deemed valid and binding, in full force

and effect in accordance with their terms, subject to

the provisions of this Order.

23.   To the extent that any of the Debtors

acts as a guarantor of the Lease (a "Debtor-Guarantor"),

the Debtor-Guarantor(s) shall have no obligations with

respect to the Lease after the Effective Date.

24.   The sale and corresponding assumption and

assignment of the Lease authorized hereunder shall be

free and clear of all Interests, with all such Interests

attaching only to the amount paid to the Debtors on

account of this assignment of the Lease, in the same
order and priority, and with the same validity and
enforceability, as same may have had prior to the sale,
assumption and assignment of the Lease, subject to any
and all available defenses.

25. Any mechanic's lien filed against Debtors
with respect to the premises associated with the Lease
is hereby released, discharged, and terminated, and the
Assignee is hereby authorized to file, register, or
otherwise record a certified copy of this Order and each
and every federal, state, and local governmental agency
or department is hereby directed to accept a certified
copy of this Order as conclusive evidence of the
release, discharge, and termination of any mechanic's
lien filed against the Debtors with respect to the
premises associated with the Lease and shall remove such
mechanic's lien from record.  Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid to the Debtors on
account of this assignment of the Lease, subject to any
and all available defenses.

26.  Except for (i) the Debtors with respect
to their rights under the Assignment Agreement and this
Order, and (ii) the Lessor with respect to the Cure
Amount, all parties to the Lease, and to any other
agreements relating to the Lease, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Assignee any default or breach
under, or any claim or pecuniary loss, arising under or
related to the Lease or such other agreements, arising,
accruing or incurred prior to the Effective Date.

27.  All parties to the Lease, and to any
other agreements relating to the Lease, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Debtors or their estates any
default or breach under, or any claim or pecuniary loss,
arising under or related to, the Lease or such other
agreements.

28.  Any obligations arising under the Lease
which arise, accrue, are incurred or relate to periods
on or subsequent to the Effective Date, including but
not limited to any tax, utility, common area charges or
insurance payments, shall be the obligation of the

Assignee, and no party (including the Assignee) shall
have a claim against the Debtors or their estates for
such obligations.

29.   No amounts other than the Cure Amount are
or shall be due to the Lessor, or any other non-Debtor
parties to the Lease, in connection with the assumption
by the Debtors and assignment and sale to the Assignee
of the Lease.

30.   The Lessor and any governmental agency
shall accept and honor the assignment of the Lease to
the Assignee in accordance with the Assignment Agreement
and this Order.

31.   The Lessor shall cooperate and
expeditiously execute and deliver, upon the reasonable
requests of the Assignee, and shall not charge the
Assignee for, any instruments, applications, consents,
or other documents which may be required by any public
or quasi-public authority or other party or entity, for
the purpose of obtaining any permits, approvals or other
necessary documents required for the alteration,
installation of signage, opening and operating of the
premises associated with the Lease.

32.   This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

33.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

34.   To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

35.   The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Lease consistent with this Order.

36.  This Court shall retain jurisdiction to enforce the provisions of this Order and the assumption and assignment of the Lease.

Dated:  Richmond, Virginia
        March __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley____
Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This **ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Assignment**") is made as of March 16, 2009 (the "**Effective Date**"), by and between **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Assignor**"), as assignor, and **UNION SQUARE DEVELOPMENT ASSOCIATES, LLC** ("**Assignee**"), as assignee.

## RECITALS:

**WHEREAS**, Assignor, as tenant, and OTR, an Ohio general partnership acting as the duly designated nominee of the State Teachers Retirement Board of Ohio ("**OTR**"), as landlord, entered into that certain Agreement of Lease dated as of December 13, 1996 (as amended, the "**Lease**"), for a portion of the Retail Unit located at One Union Square South, New York, New York, more particularly described in the Lease, and the landlord's interest in the Lease was subsequently assigned by OTR to Union Square Retail Trust ("**USRT**");

**WHEREAS**, on November 10, 2009, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on March __, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the sale, assumption, and assignment of the Lease;

**WHEREAS**, Assignee was the highest or otherwise best bidder at an auction for the Lease and has requested that Assignor assume, assign and sell the Lease to the Assignee; and

**WHEREAS**, subject to the terms and conditions of this Assignment, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Lease, and (ii) Assignor is willing to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Lease.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Assignment and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the parties hereby agree as follows:

## AGREEMENT:

1.    <u>Assignment of Lease</u>.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Lease.

2.    <u>Assumption of Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever

nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Lease and the Order.

3.      Release of Claims.  USRT does hereby waive and release any and all claims it may have against Assignor, including claims under Bankruptcy Code sections 365, 502 and 503, and including all year end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive assignment of the Lease.  Notwithstanding the foregoing, USRT reserves all rights with respect to recovering the "Cure Amount" as such term is defined in the Order.

4.      Representations and Warranties.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Lease.

5.      Notices.  Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
9950 Mayland Drive
Richmond, VA 23233

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

Union Square Development Associates, LLC
c/o The State Teachers Retirement System of Ohio
275 East Broad Street
Columbus, Ohio  43215
Attention:  Real Estate Counsel

with a copy to:

The Related Companies, L.P.
60 Columbus Circle
New York, New York 10023
Attention:  Bruce A. Beal, Jr./Michael Winston

and a copy to:

Seyfarth Shaw LLP
975 F Street, N.W.

2

Washington, D.C.  20004
Attention: Robert L. Bodansky, Esq.

6.      <u>Entire Agreement</u>.  This Assignment sets forth the entire agreement and understanding of the parties with respect to the matters contemplated by this Assignment.

7.      <u>Parties Bound</u>.  This Assignment shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

8.      <u>Applicable Law</u>.  This Assignment shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of New York without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee. Nothing in this paragraph shall be deemed to amend the Lease with respect to disputes between Assignee and USRT, and, as more particularly provided in the Lease, (a) the Lease and all of such disputes between Assignee and USRT shall be governed by and construed in accordance with the laws of the State of New York, and (b) the Courts in New York shall have jurisdiction thereover.

9.      <u>Counterparts</u>.  This Assignment may be executed in one or more counterparts, all of which together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Assignment has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC.,**
as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title:


**UNION SQUARE DEVELOPMENT ASSOCIATES, LLC**

By:  Union Square Retail Trust, its Sole Member

By:  Union Square Retail, LLC, its Manager

By: _____
Name:
Title: