Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653-KRH
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February 3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and certain of its subsidiaries, debtors and debtors in possession in the above-captioned cases (collectively,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the bidding and auction procedures for sale of certain nonresidential real property leases (the "Bidding Procedures"), (ii) setting dates for sale hearings, and (iii) authorizing and approving (a) the sale (the "Sale") of certain unexpired nonresidential real property leases (the "Leases", comprising the February Leases and the March Leases, each as defined in the Motion) free and clear of all interests, including liens, claims, and encumbrances (collectively, the "Interests"), (b) the assumption and assignment of the Leases, and (c) lease rejection procedures for any Leases that are not sold in connection with the foregoing; and the Court having entered the Order under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Bidding and Rejection Procedures Order"); and the Court having entered the Supplemental Order under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline In Connection With Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases (the "Supplemental Order"), which established a revised bid deadline of March 3, 2009 and amended the Bidding Procedures; and upon the record of the auction conducted on March 10, 2009 (the "Auction") and the hearing held on March 13, 2009 (the "Sale Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

    B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

    C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

    D.    The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

    E.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor (the "Lessor") for the lease related to store number 3207 (the "Store") located at 8575 N.W. 13th Terrace, Miami, FL (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

4

F. The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G. After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H. The Lessor wishes to terminate the Lease.

I. The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

J. Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

2. The Lease Termination Agreement attached hereto as <u>Exhibit A</u> is approved in its entirety.

3. The Lease is terminated.

4. The Debtors and the Lessor are hereby relieved of any further obligations to each other except as expressly stated in the Lease Termination Agreement.

5. Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Rejection Date to the Lessor free and clear or all liens, claims and other interests. The Lessor may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

6. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

7.   This Court shall retain jurisdiction to enforce the provisions of this Order and the termination of the Lease.

Dated:  Richmond, Virginia
        March _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley___
                              Douglas M. Foley

## EXHIBIT A

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 13, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Wal-Mart Stores East, L.P. ("Landlord").

WHEREAS, Principal Life Insurance Company, an Iowa corporation, for its Principal U.S. Property Separate Account, and Tenant are parties to a certain lease dated August 24, 1994 (as the same may have been amended or extended and together with all related documents, including subleases, the "Lease") ultimately purchased by Landlord on August 8, 2007, pursuant to which Tenant leases from Landlord certain premises located in The Plaza at Beacon Centre, Miami, FL (the "Premises"), known as Store No. 3207.

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. The Lease is terminated as of March 16, 2009 (the "Termination Date").

2. Tenant will vacate and surrender possession of the Premises to Landlord on the Termination Date.

3. Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, Landlord shall be deemed to provide to Tenant consideration in the form of a waiver of the any "cure amount" as of the Termination Date (the "Consideration"), which cure amount shall be determined by a final order or agreement of the parties.. To the extent any post-petition claims are determined by final order not to constitute part of the cure claim, Tenant shall pay such amounts within five (5) business days of such order becoming final.

4. The Termination of the Lease will be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by Tenant, their agents, or their estates pursuant to the Bidding Procedures Order entered by the Bankruptcy Court on February 19, 2009.

5. This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement, substantially in the form annexed hereto as Exhibit A. Tenant shall take commercially reasonable steps to obtain the entry of said order promptly.

6. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

7. Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.

       8.    The laws of the State of Virginia shall govern the interpretation and enforcement of this Agreement. All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

       9.    This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

       10.    Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

    If to Tenant:

    Circuit City Stores, Inc.
    Attn: Director of Real Estate
    9950 Mayland Drive
    Richmond, VA 23233

    with a copy to:

    Skadden, Arps, Slate, Meagher & Flom LLP
    Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
    One Rodney Square
    Wilmington, DE 19889

    If to Landlord:

    Wal-Mart Stores East, L.P.
    2001 Southeast 10th Street
    Bentonville, AR 72716-0550
    Attn.:  Bruce Wickline, Esq.

    with copies to:

    Willkie Farr & Gallagher LLP
    787 Seventh Avenue
    New York, NY 10019
    Attn.: John Longmire, Esq.

    and

    Cavazos, Hendricks, Poirot & Smitham, P.C.
    900 Jackson, Suite 570
    Dallas, Texas  75202-4425
    Attn.: Lyndel Anne Mason, Esq.

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this 13th day of March, 2009.

    Wal-Mart Stores East, L.P.

    By: _____

    Name:
    Title:


    CIRCUIT CITY STORES, INC., a Virginia Corporation,
    as debtor and debtor in possession in
    Case No. 08-35653-KRH

    By: _____

    Name:
    Title: