Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,                     :
                            :
           Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and

Clear of All Interests, (B) Assumption and Assignment of

Certain Unexpired Nonresidential Real Property Leases

and (C) Lease Rejection Procedures (the "Bidding and

Rejection Procedures Order"); and the Court having

entered the Supplemental Order under Bankruptcy Code

Sections 105, 363, and 365 Approving Amended Bid

Deadline In Connection With Bidding And Auction

Procedures For Sale Of Unexpired Nonresidential Real

Property Leases (the "Supplemental Order"), which

established a revised bid deadline of March 3, 2009 and

amended the Bidding Procedures; and upon the record of

the auction conducted on March 10, 2009 (the "Auction")

and the hearing held on March 13, 2009 (the "Sale

Hearing"); and after due deliberation thereon, and

sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.   The Court has jurisdiction to hear and

determine the Motion and to grant the relief requested

---

[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

      B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

      C.   The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

      D.   The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

      E.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor (the "Lessor") for the lease related to store number 3682A (the "Store") located at 430 Route 211 East, Middletown, NY (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

F.   The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.   After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H.   The Lessor wishes to terminate the Lease.

I.   The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

J.   Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is granted as set forth herein.

---

[3]   Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

2.    The Lease Termination Agreement attached hereto as <u>Exhibit A</u> is approved in its entirety.

3.    The Lease is terminated.

4.    The Debtors and the Lessor are hereby relieved of any further obligations to each other except as expressly stated in the Lease Termination Agreement.

5.    Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Rejection Date to the Lessor free and clear or all liens, claims and other interests.  The Lessor may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

6.    This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

7.    This Court shall retain jurisdiction to
enforce the provisions of this Order and the termination
of the Lease.

Dated:  Richmond, Virginia
        March _____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley____
                        Douglas M. Foley

## EXHIBIT A

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 13, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and Janet Barberio ("Landlord").

WHEREAS, Landlord and Four CC's II, LLC are parties to a certain lease dated November 26, 1996 (as the same may have been amended or extended, the "Lease"), assigned to Tenant by Four CC's II, LLC on December 9, 1996, pursuant to which Tenant leases from Landlord certain premises located at 169 Dunning Road, Middletown, NY (the "Premises"), known as Lease 03682A.

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The Lease is terminated as of the date that the Bankruptcy Court approves this Agreement (the "Termination Date").

2.      Tenant will surrender possession of the Premises to Landlord on the Termination Date. Landlord shall accept possession in such condition, AS IS.  Any personal property remaining in the premises as of the Termination Date shall be deemed abandoned to Landlord without liability to any party.

3.      Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration as follows (i) $10,000 payable in cash within 5 business days of Bankruptcy Court approval (ii)  a waiver of the Final Cure Amount (as such term is defined in the Circuit City Stores, Inc. Bidding Procedures as approved by the Bankruptcy Court) (collectively, the "Consideration").

4.      Upon surrender of the Premises to Landlord and Tenant's compliance with the terms of this Agreement, Landlord releases Tenant from any and all obligations and liabilities under the Lease, including (without limitation) any claims pursuant to Bankruptcy Code sections 365 or 502 or 503(b) or otherwise and any year-end adjustments.   All incidents of possession and ownership of the Lease, including but not limited to approvals for the sign obtained from the Town of Wallkill, New York shall revert back to Landlord.

5.      This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

6.      Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

7.      This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

8.      Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.

9.      The laws of the State of Virginia shall govern the interpretation and enforcement of this Agreement.  All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

10.     This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this _____ day of March, 2009.


Janet Baberio

By: _____

Name:
Title:


CIRCUIT CITY STORES, INC., a Virginia Corporation,
as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title:

2