UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br>In re:<br>**CIRCUIT CITY STORES, INC.,**<br><u>et</u> <u>al,</u><br><br>        **Debtors**<br>---------------------------------------------------------<br>**MARLON MONDRAGON, on behalf of himself and all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>        -against-<br><br>Circuit City Stores, Inc., et al.,<br><br>        **Defendant.**<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | In Proceedings For Reorganization Under Chapter 11<br><br>Case No. 08-35653-KRH<br><br>Jointly Administered<br><br>Adv. Proc. No.: _____<br><br>**CLASS ACTION ADVERSARY<br>PROCEEDING COMPLAINT** |

Plaintiff**,** Marlon Mondragon ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, as and for his Complaint against Circuit City Stores, Inc., et al ("Circuit City"), respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § § 157, 1331 and 1334 and 1337.

2. This is a core proceeding pursuant to 28 U.S.C. § §157(b)(2)(A), (B) and (O).

3. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

1

## JURISDICTION AND VENUE

4. The named Plaintiff and the other members of the Class he seeks to represent were employees of Circuit City who were terminated without cause as part of or as a result of, mass layoffs at Circuit City's retail locations. Circuit City violated the Worker Adjustment and Notification Act, 29 U.S.C. §§2101 et seq. (the "WARN Act") by failing to give Plaintiff and the other members of the Class he seeks to represent at least 60 days prior notice of termination as required by the WARN Act or a notice as soon as practicable explaining why at least 60 days prior notice was not given. As a consequence, Plaintiff and the other members of the Class he seeks to represent are entitled to recover of Circuit City under the WARN Act their wages and other employee benefits for 60 days following their termination, which wages and benefits have not been paid.

## PARTIES

5. Defendant Circuit City ("Debtor") is a corporation with its principal place of business in Richmond, Virginia, which, and on or about November 20, 2008 filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Act"). The Debtors also include Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTan, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture Corp, Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC. The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950

Mayland Drive, Richmond, Virginia 23233.

6. Plaintiff was an employee of Circuit City at its retail outlet located in the Palisades Mall, West Nyack, New York. Other members of the Class he seeks to represent were also employed by Circuit City at one of the facilities closed by Circuit City in or about after November 2, 2008, resulting in a mass layoff of said employees.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action on his own behalf and, pursuant to Rules 23 (a) and (b)(3) of the Fed. R. Civ. P. and the WARN Act, 29 U.S.C. §2104 (a) (5), on behalf of a Class consisting of himself and all other non-union employees of Circuit City who were terminated by Circuit City on various dates on and after November 2, 2008.

8. Plaintiff and such other class members were managers, assistant managers and other employees at one of Circuit City's approximately 150 stores (the "Stores" or "Stores and Related Facilities"), until their termination approximately on and/or after November 2, 2008 without cause on his or her part and are each "affected employees" within the meaning of 29 U.S.C. 52101(a)(5).

9. At all times relevant, Circuit City, had more than 100 full-time employees within the United States.

10. Plaintiff and the other members of the Class were non-union employees of Circuit City.

11. Plaintiff and the Class were discharged without cause.

12. Plaintiff and the Class did not receive from Circuit City prior to their termination

3

the statutorily required sixty (60) days notice of the mass lay off or termination in violation of the WARN Act.

13. Circuit City was required by the WARN Act to provide Plaintiff and the Class at least 60 days prior written notice of their termination or to give each of them a written statement as soon as practicable explaining why a notice of their termination had not been given at least 60 days before their termination.

14. Circuit City failed to give Plaintiff and the other Class members prior written notice, as required by the WARN Act, stating: (a) whether the planned action of Circuit City was expected to be permanent or temporary, and, if an entire Store or facility was to be closed, a statement to that effect; (b) the expected date when the mass layoff would commence and the expected date when each plaintiff would be separated; (c) an indication whether or not bumping rights exist; and (d) the name and telephone number of a Circuit City official to contact for further information.

15. Circuit City failed to give as soon as practicable to Plaintiff and the other Class members a statement explaining why Circuit City failed to give at least 60 days prior notice, as required by the WARN Act.

16. Circuit City failed to pay Plaintiff and the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) work days following their respective terminations and failed to make the pension and 401(k) contributions and provide the health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

17. The Class is comprised of employees of Circuit City who were terminated by Circuit

4

City as a result of the mass layoff put into effect by Circuit City in or about after November 2, 2008.

18. The Debtors filed a Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation and Employee Benefits (the "Motion").

19. By an Order entered on November 10, 2008, the Bankruptcy Court granted the Debtors' Motion authorizing the Debtors to pay various prepetition wages compensation and employee benefits on a final basis when such payments became due, other than the WARN Act payments to terminated employees in the estimated amount of $8 to $10 million. The WARN Act payments were approved on an interim basis, subject to further objection.

20. On November 26, 2008, the Official Committee of Creditors Holding Unsecured Claims (the "Committee") objected to payment of any alleged WARN Act claims, contending that "[s]uch payments are premature and not appropriate at this early juncture of the case when the Debtors liquidity and prospects for reorganization are being examined and funds are critically needed for ongoing operations and restructuring efforts."

21. Upon information and belief, Debtors have not made any payments to WARN Employees.

## CLASS ACTION ALLEGATIONS - RULE 7023(a) AND (b)

22. The Plaintiff asserts this claim on behalf of himself and other similarly situated former employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

23. The Plaintiff and other similarly situated former employees constitute a class within

5

the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

24. Common questions of law and fact are applicable to all members of the Class.

25. The common questions of law and fact arise from and concern the following facts and actions, among others, that Circuit City committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were non-union employees of Circuit City; Circuit City terminated the employment of all the members of the Class without cause; Circuit City terminated the employment of the members of the Class without giving them at least 60 days prior written notice as required by the WARN Act; Circuit City failed to provide as soon as practicable a statement to the members of the Class why at least 60 days prior notice under the WARN Act was not given to them; and Circuit City failed to pay the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay and failed to provide them with health insurance coverage, and other employee benefits under ERISA for sixty (60) calendar days from and after the dates of their respective terminations.

26. The Class meets the requirements of Fed. R. Civ. Proc., Rule 23(a) as there are common questions of law and fact, as set forth herein, which predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and all facts on which the calculation of that number can be based are presently within the sole control of Circuit City, there are in excess of 200 persons who are included in the Class.

28. Plaintiff will fairly and adequately protect the interests of the Class we represent.

29. The Class has retained competent counsel, experienced in complex class action employment litigation, and bankruptcy law.

30. The Class meets all the requirements for class certification, pursuant to Fed. R. Civ. P. 23(a)(c)(3).

31. Class certification is also authorized by the WARN Act, 29 U.S.C. §2104 (a) (5).

32. No litigation concerning the WARN Act rights of any Class member has been commenced.

33. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

34. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

35. On information and belief, a recent residence address of each of the Class Members is contained in the books and records of Defendant.

36. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of the Defendant.

## THE CLAIM FOR RELIEF

37. At all relevant times, the Defendant employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months

prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoff closing at the Stores and related Facilities.

39. On or about November 2, 2008 the Defendant ordered a "mass layoff" or "plant closing" at the Stores and Related Facilities, as the term is defined by 29 U.S.C. §2101(a)(3).

40. The mass layoff at the Stores and related Facilities resulted in "employment losses, as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Stores and related Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

41. The Plaintiff and each of the other members of the Class were discharged by the Defendant without cause on his or her part of or as the reasonably foreseeable result of the mass layoff ordered by the Defendant at the Stores and related Facilities.

42. The Plaintiff and each of the other members of the Class are an "affected employee" of the Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

43. The Defendant was required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

44. The Defendant failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

45. The Plaintiff and each of the other members of the Class are an "aggrieved employee"" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. The Defendant failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

47. Since the Plaintiff and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of a federal law, the Plaintiff's claim against the Debtor is entitled to Administrative Priority status pursuant to 11 U.S.C. § 503(b)(1)(A).

48. As a result of Circuit City's violation of the WARN Act, Plaintiff and members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension contributions and 401(k) contributions for sixty (60) calendar, (b) the health and medical insurance and other fringe benefits under the Employee Retirement Income Security Act ("ERISA") that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the date of their respective terminations, and (c) medical expenses incurred during such period by such persons that would have been covered and paid under Circuit City's employee benefit plans had that coverage continued for that period.  A portion of said damages constitute and are entitled to priority status.

49. The relief sought in this proceeding is equitable in nature.

9

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and members of the Class he seeks to represent demand judgment against Defendant Circuit City, Inc., as follows:

A.   Certification of the Plaintiff Class herein;

B.   Appointment of the Plaintiff as representative of the Class;

C.   Appointment of undersigned counsel as Class Counsel.

D.   An allowed wage priority claim against Defendant equal to the sum of (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and pension and 401(k) contributions for 60 working days, (ii) the benefit of health and medical insurance and other fringe benefits under ERISA for 60 calendar days, and (iii) any medical or other expenses incurred during the 60 calendar days since their respective terminations that would have been covered and paid under Circuit City's employee benefit plans has that coverage continued for that period, all determined in accordance with the WARN Act, 29. U.S.C. § 2104 (a) (1) (A), the first $10,950.00 of which one entitled to priority status under 11 U.S.C. § 507(a)(4).

E.   Interest as allowed by law on the amounts owed under the preceding paragraph.

F.   An allowed administrative priority claim for reasonable attorney's fees, expert fees, and the costs and disbursements incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a) (6); and

G.   Such other and further relief as to this Court may seem just and proper.

| | |
|---|---|
| Dated: March 17, 2009 | **BUSMAN & BUSMAN, P.C.** |

                                        By: ___/s/_____
                                            Marc A. Busman
                                            VSB No.13030
P.O. Box 7514
Fairfax Station, VA 22039
Tel: 703-503-8088
Fax: 703-425-8487
mbusman@busmanandbusman.com
**Co-Counsel for Plaintiff**


**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
Randy J. Perlmutter
rperlmutter@kgglaw.com
Gary S. Graifman
ggraifman@kgglaw.com
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
**Co-Counsel for Plaintiff**


**THE MASON LAW FIRM, L.L.P.**
Gary E. Mason
1225 19th Street, N.W., Ste 510
Washington, DC 20036
Tel: 202-429-2290
Fax: 202-429-2294
gmason@masonlawdc.com
**Co-Counsel for Plaintiff**