**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CIRCUIT CITY STORES, INC., et al.,[1] | : Case No. 08-35653-KRH |
| | : (Jointly Administered) |
| Debtors. | : |
| | : |
| | : |

**FIRST INTERIM APPLICATION OF TAVENNER & BERAN, PLC
FOR ALLOWANCE OF COMPENSATION AND EXPENSE
REIMBURSEMENT AS LOCAL COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Tavenner & Beran, PLC ("Tavenner & Beran"), local counsel for the Official Committee of Unsecured Creditors (the "Committee") of Circuit City Stores, Inc. and the related debtors (collectively, the "Debtors"), submits the following as its First Interim Application For Allowance Of Compensation And Expense Reimbursement As Local Counsel To The Official

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA 23219 |
| Los Angeles, CA 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

Committee of Unsecured Creditors (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 503(b) and Rule 2016 of the Federal Rules of Bankruptcy Procedure. In this Application, Tavenner & Beran seeks approval of compensation in the amount of $95,379.50 and reimbursement of expenses in the amount of $8,598.35 for the period of November 18, 2008 through January 31, 2009, and in support thereof states as follows:

## Background

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On November 12, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors of the Debtors. The U.S. Trustee increased the membership of the Committee by two creditors on November 13, 2008.

3. The Committee is presently composed of the following eleven creditors: (i) Alliance Entertainment; (ii) Developers Diversified Realty Corp.; (iii) Garmin International, Inc.; (iv) Hewlett-Packard Company; (v) LG Electronics USA, Inc.; (vi) Paramount Home Entertainment; (vii) Pension Benefit Guarantee Corporation; (viii) Samsung Electronics America, Inc.; (ix) Simon Property Group, Inc.; (x) Toshiba America Consumer Products, LLC; and (xi) Weidler Settlement Class.

4. The Committee held its organizational meeting, and decided to retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as its lead counsel, Tavenner & Beran as its local counsel, and Protiviti, Inc. and Jefferies & Company as financial advisors.

5. On or about December 22, 2008, the Committee filed an application to employ Tavenner & Beran as its local counsel. On or about January 20, 2009, this Court entered an order approving the Committee's employment of Tavenner & Beran (the "Employment Order").

6. Tavenner & Beran has rendered professional services to the Committee from and including November 18, 2008 through and including January 31, 2009 for which it seeks compensation in the amount of $95,379.50. Attached hereto as Exhibit A is a statement of the fees incurred.

7. During this time, Tavenner & Beran incurred $8,598.35 in out-of-pocket expenses for which it seeks reimbursement. Attached hereto as Exhibit A – Additional Charges Section is a statement of the expenses incurred.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Employment and Case Status**

9. As authorized in the Employment Order, the terms of Tavenner & Beran's employment are as follows: Tavenner & Beran charges legal fees on an hourly basis at its attorneys' hourly rates, which are set in accordance with the attorneys' seniority and experience. Tavenner & Beran also charges the Committee for its actual out-of-pocket expenses incurred such as copying, long distance telephone, travel, overnight mail, telecopies, computer research and other disbursements.

10. The names of all Tavenner & Beran attorneys and paralegals requesting compensation and their respective hourly rates are set forth on Exhibit A attached hereto.

11. To the best of Tavenner & Beran's knowledge, information and belief, the Debtors are paying post-petition expenses in the ordinary course and/or as required by this Court. To the best of Tavenner & Beran's knowledge, information and belief, the Debtors have sufficient funds on hand to pay the compensation and reimbursement of expenses requested herein.

12. Tavenner & Beran has not previously filed an application for the allowance of compensation and expense reimbursement.

## Summary of Services Rendered

13. Tavenner & Beran provided various services to the Committee, which may be summarized as follows:

A. Asset Disposition: - Total Hours 45.60        Total $13,450.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[2] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $340.00 | 15.10 | $5134.00 |
| Lynn L. Tavenner | 1989 | $0.00 | 5.30 | $00.00 |
| Paula S. Beran | 1992 | $330.00 | 25.20 | $8316.00 |
|  |  |  |  |  |

Description
Conferences, correspondence, document review, and Court appearances related to the Committee's review of asset disposition.

Attached hereto as Exhibit A – Asset Disposition Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit to the Estate
Tavenner & Beran assisted the Committee with its review and oversight of the

---

[2] Certain hours were recorded but not billed to the estates.

disposition of estates' assets.

B.  Business Operations: - Total Hours 48.80          Total $13,116.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[3] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $340.00 | 4.50 | $1530.00 |
| Lynn L. Tavenner | 1989 | $325.00 | 26.40 | $8580.00 |
| Lynn L. Tavenner | 1989 | $0.00 | 2.20 | $00.00 |
| Paula S. Beran | 1992 | $330.00 | 7.20 | $2376.00 |
| Paula S. Beran | 1992 | $315.00 | 2.0 | $630.00 |
| Paula S. Beran | 1992 | $0.00 | 3.00 | $00.00 |
|  |  |  |  |  |

Description
Conferences, correspondence and document review related to the Committee's review of the Debtors' operations.

Attached hereto as Exhibit A – Business Operations Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit to the Estate
Tavenner & Beran assisted the Committee in its review and oversight of the Debtors' operations.

C.  Case Administration: - Total Hours 208.00          Total $42,601.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[4] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $340.00 | 8.50 | $2,890.00 |
| Lynn L. Tavenner | 1989 | $325.00 | 23.70 | $7,702.50 |
| Lynn L. Tavenner | 1989 | $0.00 | 16.40 | $00.00 |
| Paula S. Beran | 1992 | $330.00 | 15.50 | $5,115.00 |
| Paula S. Beran | 1992 | $315.00 | 65.20 | $20,538.00 |
| Paula S. Beran | 1992 | $0.00 | 11.80 | $00.00 |
| David L. Leadbeater | N/A | $95.00 | 66.30 | $6,355.50 |
|  |  |  |  |  |

Description
Conferences, correspondence, document preparation and review and Court appearances on

---

[3] Certain hours were recorded but not billed to the estates.
[4] Certain hours were recorded but not billed to the estates.

case administrative matters.

Attached hereto as <u>Exhibit A – Case Administration Section</u> is a complete statement of such services rendered by Tavenner & Beran.

<u>Necessity and Benefit to the Estate</u>
These services were necessary to assist the Committee in the administration of these cases.

D.     <u>Claims Administration</u>:  - Total Hours 6.40          Total $1,592.50

| *ATTORNEY/ PARALEGAL* | *YEAR ADMITTED* | *HOURLY RATE* | *TOTAL HOURS[5]* | *FEE* |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $325.00 | 4.90 | $1592.50 |
| Paula S. Beran | 1992 | $0.00 | 1.50 | $00.00 |

<u>Description</u>
Correspondence, conferences, document review and research regarding pre and post-petition creditor claims.

Attached hereto as <u>Exhibit A – Claims Administration Section</u> is a complete statement of such services rendered by Tavenner & Beran.

<u>Necessity and Benefit to the Estate</u>
These services were necessary to assist the Committee in its analysis of creditor claims.

E.     Creditors Meeting:  - Total Hours 1.50          Total $495.00

| *ATTORNEY/ PARALEGAL* | *YEAR ADMITTED* | *HOURLY RATE* | *TOTAL HOURS[6]* | *FEE* |
|---|---|---|---|---|
| Paula S. Beran | 1992 | $330.00 | 1.50 | $495.00 |

<u>Description</u>
Prepare for and attend § 341 meeting.

Attached hereto as <u>Exhibit A – Creditors Meeting Section</u> is a complete statement of such services rendered by Tavenner & Beran.

---

[5] Certain hours were recorded but not billed to the estates.
[6] Certain hours were recorded but not billed to the estates.

Necessity and Benefit to the Estate
These services were necessary to assist the Committee with its review of case matters.

F. Fee/Employment Applications: - Total Hours 56.50        Total $13,554.50

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[7] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $340.00 | 5.0 | $1700.00 |
| Lynn L. Tavenner | 1989 | $325.00 | 7.40 | $2405.00 |
| Lynn L. Tavenner | 1989 | $0.00 | 7.60 | $00.00 |
| Paula S. Beran | 1992 | $330.00 | 13.30 | $4389.00 |
| Paula S. Beran | 1992 | $315.00 | 13.20 | $4158.00 |
| Paula S. Beran | 1992 | $0.00 | .50 | $00.00 |
| David L. Leadbeater | N/A | $95.00 | 8.00 | $760.00 |
| Sarah L. Tavenner | N/A | $95.00 | 1.50 | $142.50 |

Description
Correspondence, conferences, document preparation, document review and Court appearances relating to the employment and/or compensation of bankruptcy professionals.

Attached hereto as Exhibit A – Fee/Employment Applications Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit to the Estate
These services were necessary for the Committee to be properly represented and advised by its professionals.

G. Financing: - Total Hours 28.50        Total $7,686.50

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[8] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $325.00 | 15.80 | $5,135.00 |
| Paula S. Beran | 1992 | $315.00 | 8.10 | $2,551.50 |
| Paula S. Beran | 1992 | $0.00 | 4.60 | $00.00 |

Description
Correspondence, conferences, document preparation and review, and Court appearances relating to financing issues

---

[7] Certain hours were recorded but not billed to the estates.
[8] Certain hours were recorded but not billed to the estates.

Attached hereto as Exhibit A – Financing Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit to the Estate
These services were necessary to assist the Committee in its review of the Debtors' debtor-in-possession financing.

H.    Relief from Stay: - Total Hours 9.80            Total $2884.00

| ATTORNEY/ PARALEGAL | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS[9] | FEE |
|---|---|---|---|---|
| Lynn L. Tavenner | 1989 | $340.00 | 1.10 | $374.00 |
| Lynn L. Tavenner | 1989 | $325.00 | 6.20 | $2015.00 |
| Paula S. Beran | 1992 | $330.00 | 1.50 | $495.00 |
| Paula S. Beran | 1992 | $0.00 | 1.00 | $00.00 |

Description
Correspondence conferences, document preparation and review, and Court appearances related to the relief from the automatic stay sought by various parties in interest.

Attached hereto as Exhibit A – Relief from Stay is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit to the Estate
These services were necessary to assist the Committee's review of parties seeking relief from the automatic stay.

14.    The total amount of interim compensation requested by Tavenner & Beran is based on the hourly rates normally charged by the attorneys and the paralegals who performed legal services for the Committee in this matter are further summarized on Exhibit A.

15.    Pursuant to the Order Establishing Procedures For Interim Compensation entered on December 9, 2008 (the "Interim Compensation Order"), Tavenner & Beran was to have received eighty-five percent (85%) of its monthly fees and one hundred percent (100%) of its monthly expenses.  In regard to this Application, in total, Tavenner & Beran has received

---

[9] Certain hours were recorded but not billed to the estates.

$50,855.07 in fees and $8,598.36 in expenses. See Exhibit B attached hereto for a statement of those payments. Therefore, fees and expenses in the amount of $44,869.40 remain outstanding.

16. Attached hereto as Exhibit B is a summary sheet concerning this Application. The fees sought by Tavenner & Beran are reasonable for the work it performed in the specialized area of bankruptcy and in practice before the United States Bankruptcy Court. Such fees are customary for specialized bankruptcy practice and are comparable in amount to services rendered by other attorneys in the area. The fees sought herein are reasonable considering the nature and extent of the work, the time spent, and the value of the services.

17. Tavenner & Beran hereby certifies that it has submitted and served monthly statements as required under the Interim Compensation Order. In addition, it will file and serve this Application as required under the Interim Compensation Order.

**Applicable Legal Standard**

18. The Bankruptcy Code sets forth the legal standards for awarding compensation to professionals. The format for fee applications is set forth in the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the Eastern District of Virginia (the "Guidelines").

19. Under § 330 and of the Bankruptcy Code, the Court may award counsel to the Committee reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. Furthermore, the Court may award reimbursement for actual, necessary expenses.

20. The expenses incurred by Tavenner & Beran, as set forth herein, are reasonable and necessary charges for items such as photocopying, long distances telephone calls, facsimiles, delivery services and messenger services, transcript preparation and filing fees. Photocopy charges are assessed at fifteen cents ($.15) per page which Tavenner & Beran believes to be at least comparable with the average charge in this area. Facsimiles were charged at the rate of one dollar ($1.00) per page, which Tavenner & Beran believes to be a reasonable charge for such an expense.

21. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These lodestar tests were adopted by the Fourth Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978), and in Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit held that the District Court should employ the lodestar approach, and then adjust the fee on the basis of the remaining Johnson factors in the case. The following are the Johnson factors:

(a) the time and labor required;
(b) the novelty and difficulty of the questions;
(c) the skill requisite to perform the legal service properly;
(d) the preclusion of other employment by the attorney due to acceptance of the case;
(e) the customary fee;
(f) whether the fee is fixed or contingent;
(g) time limitations imposed by the client or the circumstances;
(h) the amount involved and the results obtained;
(i) the experience, reputation and ability of the attorneys;
(j) the "undesirability" of the case;
(k) the nature and length of the professional relationship with the client; and
(l) awards in similar cases.

Johnson, 488 F.2d at 717-719; Barber, 577 F.2d at 226, n.28; Anderson, 658 F.2d at 248, n.2.

22.    Tavenner & Beran believes that the services rendered to the Committee and the out-of-pocket expenses incurred therewith were necessary and reasonable in view of the Committee's obligations in these cases and the scope and nature of the matters in which the Committee was involved to competently represent the Committee.

23.    Upon information and belief, the rates charged by Tavenner & Beran are less than legal fees charged by other law firms in comparable Chapter 11 cases. Tavenner & Beran believes that the fees requested herein clearly satisfy the <u>Johnson</u> factors as set forth above.

## Conclusion

WHEREFORE, Tavenner & Beran submits this Application for allowance of interim compensation for professional services rendered by Tavenner & Beran in the amount of $95,379.50 and reimbursement of out-of-pocket expenses in the amount of $8,598.35. Tavenner & Beran respectfully requests that the Court enter an Order substantially in the form attached hereto as <u>Exhibit C</u> approving the compensation and reimbursement of expenses requested herein, authorizing and directing the Debtors to pay such amounts and granting such other and further relief as the Court deems appropriate

TAVENNER & BERAN, PLC

By:    /s/ Paula S. Beran
           Co-Counsel

Lynn L. Tavenner (VA Bar No. 30083)
Paula S. Beran (VA Bar No. 34679)
TAVENNER & BERAN, P.L.C.
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219
Telephone:  804-783-8300
Facsimile:  804-783-0178
E-mail:  ltavenner@tb-lawfirm.com
         pberan@tb-lawfirm.com


Local Co-Counsel for the Official Committee of Unsecured Creditors

-and-

Richard M. Pachuski (CA Bar No. 90073)
Robert J. Feinstein (NY Bar No. RF-2836)
Jeffrey N. Pomerantz (CA Bar No. 143717)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail  rpachulski@pszjlaw.com:
         rfeinstein@pszjlaw.com
         jpomerantz@pszjlaw.com

Lead Counsel for the Official Committee of Unsecured Creditors

## **CERTIFICATE OF SERVICE**

      I hereby certify that on or before the 17th day of March, 2009 a true copy of the foregoing First Interim Application Of Tavenner & Beran, PLC For Allowance Of Compensation And Expense Reimbursement As Local Counsel For The Official Committee of Unsecured Creditors was served via first-class mail, postage-prepaid and/or electronic delivery to:

Robert B. Van Arsdale – Via email:
robert.b.van.arsdale@usdoj.gov
June E. Turner – Via email:
june.e.turner@usdoj.gov
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Bruce H. Besanko – Via Standard Mail
Reginald D. Hedgebeth – Via Standard Mail
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

Gregg M. Galardi, Esq. – Via email:
gregg.galardi@skadden.com
Skadden, Arps, Slate, Meagher, & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

Douglas M. Foley, Esq. – Via email:
dfoley@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Jeff Pomerantz – Via email:
jpomerantz@pszjlaw.com
Robert Feinstein – Via email:
rfeinstein@pszjlaw.com
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

                                        */s/ Paula S. Beran*
                                        Co-Counsel

**EXHIBIT B**

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division
In re:  Circuit City Stores, Inc, et al., Case No. 08-35653-KRH
**Fee Application Summary**
Applicant:  Tavenner & Beran, PLC,
Local Counsel for The Official Committee of Unsecured Creditors

Interim Period
November 18, 2008 through January 31, 2009

| **Categories** | **Hours** | **Amount** |
|---|---|---|
| Asset Disposition | 45.60 | $13,450.00 |
| Business Operations | 48.80 | $13,116.00 |
| Case Administration | 208.00 | $42,601.00 |
| Claims Administration | 6.40 | $1,592.50 |
| Creditors Meeting | 1.50 | $495.00 |
| Fee/Employment Applications and Objections | 56.50 | $13,554.50 |
| Financing | 28.50 | $7,686.50 |
| Relief from Stay | 9.80 | $2,884.00 |
| TOTAL HOURS | 405.1 | $95,379.50 |
| TOTAL FEES | | |

| Month | Fees | Fees Paid | Expenses | Expenses Paid | Total Outstanding |
|---|---|---|---|---|---|
| November/December | $59,829.50 | $50,855.07 | $8,253.38 | $8,253.38 | $8,974.43 |
| January | $35,550.00 | $00.00 | $344.97 | $00.00 | $35,894.97 |
| Total | $95,379.50 | $50,855.07 | $8,598.35 | $8253.38 | $44,869.40 |

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al.,[10] | Case No. 08-35653-KRH |
| | (Jointly Administered) |
| Debtors. | |

ORDER ALLOWING INTERIM
COMPENSATION AND EXPENSE REIMBURSEMENT
**(Tavenner & Beran, PLC)**

This matter came before the Court upon the First Interim Application Of Tavenner &

Beran, PLC For Allowance Of Compensation And Expense Reimbursement As Local Counsel

To The Official Committee of Unsecured Creditors (the "Application") filed by Tavenner &

Beran, PLC ("Tavenner &Beran"); and it appearing to the Court that (i) Tavenner & Beran

---

[10] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective federal tax identifications numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City West Coast is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

| | |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073) | Lynn L. Tavenner (VA Bar No. 30083) |
| Robert J. Feinstein (NY Bar No. RF – 2836) | Paula S. Beran (VA Bar No. 34679) |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Tavenner & Beran, PLC |
| Pachulski Stang Ziehl & Jones LLP | 20 North Eighth Street, 2nd Floor |
| 10100 Santa Monica Boulevard, 11th Floor | Richmond, VA 23219 |
| Los Angeles, CA 90067-4100 | Telephone: (804) 783-8300 |
| Telephone: (310) 277-6910 | Telecopy: (804) 783-0178 |
| Telecopy: (310) 201-0760 | |
| | |
| Counsel for the Official | Co-Counsel for the Official |
| Committee of Unsecured Creditors | Committee of Unsecured Creditors |

provided proper notice of the Application to all necessary parties; (ii) no objections to the Application have been filed; and (iii) the request for compensation and reimbursement of expenses as allowed herein is reasonable, it is hereby ORDERED that:

1. The Application is hereby approved;

2. The request for compensation in the amount of $95,379.50 and reimbursement of expenses in the amount of $8,598.35 by Tavenner &Beran be and hereby are allowed; and,

3. The Debtors are authorized and directed to pay to Tavenner & Beran the amount of compensation and reimbursement of expenses allowed herein as an administrative expense.

4. Upon entry the Clerk shall serve by electronic delivery or first class mail, postage prepaid, copies of this Order on the Office of the United States Trustee and Tavenner & Beran, PLC.

ENTER:

_____
UNITED STATES BANKRUPTCY JUDGE

We ask for this:

_____
Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia  23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    Co-Counsel for the Official
    Committee of Unsecured Creditors

Seen and No Objection:

_____

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219

    Assistant United States Trustee

## **LOCAL RULE 9022-1 CERTIFICATION**

    In accordance with Local Rule 9022-1, the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                                    Co-Counsel

3