Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653-KRH
et al.,                     :
                            :
            Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February
3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and
certain of its subsidiaries, debtors and debtors in
possession in the above-captioned cases (collectively,

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and

Clear of All Interests, (B) Assumption and Assignment of

Certain Unexpired Nonresidential Real Property Leases

and (C) Lease Rejection Procedures (the "Bidding and

Rejection Procedures Order"); and the Court having

entered the Supplemental Order under Bankruptcy Code

Sections 105, 363, and 365 Approving Amended Bid

Deadline In Connection With Bidding And Auction

Procedures For Sale Of Unexpired Nonresidential Real

Property Leases (the "Supplemental Order"), which

established a revised bid deadline of March 3, 2009 and

amended the Bidding Procedures; and upon the record of

the auction conducted on March 10, 2009 (the "Auction")

and the hearing held on March 13, 2009 (the "Sale

Hearing"); and after due deliberation thereon, and

sufficient cause appearing therefor,

    **IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.   The Court has jurisdiction to hear and

determine the Motion and to grant the relief requested

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.   The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Burbank Mall Associates, LLC as the lessor (the "Lessor") for the lease related to store number 4305 (the "Store") located at Media Center Mall, Burbank, CA (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

4

F.   The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.   After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H.   The Lessor wishes to assign the Lease to Upsilon Financial Manager, LLC (the "Assignee").

I.   The Assignment Agreement and the sale of the Lease were negotiated and have been and are undertaken by the Debtors, the Lessor and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

J.    Neither the Debtors, the Lessor nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

K.    The Lessor's "credit bid" of the Cure Amount, which constitutes the total consideration provided by Lessor for the assignment of the Lease to the Assignee, is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer  Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

L.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

M.    The assumption, assignment, and sale of the Lease to the Assignee under sections 105, 363, and

365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

N.    The Cure Amount is deemed the entire cure obligation due and owing under section 365 of the Bankruptcy Code.

O.    The assumption, assignment, and sale of the Lease to the Assignee is in compliance with section 365(b)(3) of the Bankruptcy Code, if applicable.

P.    Upon the payment of the Cure Amount, there are no outstanding defaults of the Debtors and their estates under the Lease.

Q.    Upon the assignment to Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease and the Cure Amount.

R.    Based on the foregoing findings of fact
and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND
DECREED THAT:**

1.    The Motion is granted as set forth
herein.

2.    All objections with regard to the relief
sought in the Motion as it pertains to the Lease, that
have not been withdrawn, waived, or settled, are
overruled on the merits.

3.    Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assume the Lease.

4.    Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assign the Lease to the
Assignee, which assignment shall take place on and be
effective as of the Effective Date, and to the extent
that a sublease exists with respect to the Lease where a
Debtor is the sublessor, Debtors are authorized to
assign the sublease to the Assignee.

---

[3]    Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

5.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Lease to the Assignee.

6.    The Debtors are authorized to execute the Sale, Assumption and Assignment Agreement, in substantially the form attached hereto as Exhibit A (the "Assignment Agreement").

S.    The consummation of the transactions with respect to the Lease contemplated hereunder shall take place on the later of (i) the second business day after entry of this Order and (ii) a date agreed upon between the Debtors and the Assignee (the "Effective Date").

7.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Lease and Store due, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant (and, if applicable, sublessor) thereunder.

8.    Upon the Effective Date neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to

the Lease for any defaults or monetary obligations
thereunder.

9.    As of the Effective Date, the Lessor
shall be deemed to have waived, released and forever
discharged any and all claims it may have against the
Debtors, including claims under Bankruptcy Code sections
365, 502 and 503, and including all year end adjustments
for 2009 and all prior years and any obligations or
liabilities that would otherwise survive assignment of
the Lease.

10.   As of the Effective Date, (i) all
defaults under the Lease shall be deemed cured, (ii) no
other amounts will be owed by Debtors or their estates
with respect to the Lease, (iii) no amounts will be owed
by the Assignee with respect to the Lease for
obligations relating or attributable to the period prior
to the Effective Date, (iv) any and all persons,
entities or the like shall be forever barred and
estopped from asserting a claim against the Debtors or
their estates that any additional amounts are due or
defaults exist under the Lease, and (v) any and all
persons, entities or the like shall be forever barred

and estopped from asserting a claim against the Debtors,
their estates, and the Assignee that any additional
amounts are due or defaults exist under the Lease that
arose, relate to or are attributable to the period prior
to the Effective Date.

11.    Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Lease, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the
assignment of the Lease, Debtors may assign the Lease to
the Assignee.

12.    Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Assignee shall assume all obligations under the Lease
attributable to the time period occurring on or after
the Effective Date or related to the period subsequent
to the Effective Date.

13.    Upon the occurrence of the Effective
Date, the Assignee shall be entitled to the protections
of section 363(m) of the Bankruptcy Code.

14.    Upon the assignment authorized herein,
and under section 365(k) of the Bankruptcy Code, Debtors

and their estates shall have no further liability under
the Lease.

15.   Upon the assignment to Assignee, the
Lease shall be deemed valid and binding, in full force
and effect in accordance with their terms, subject to
the provisions of this Order.

16.   To the extent that any of the Debtors
acts as a guarantor of the Lease (a "Debtor-Guarantor"),
the Debtor-Guarantor(s) shall have no obligations with
respect to the Lease after the Effective Date.

17.   The sale and corresponding assumption and
assignment of the Lease authorized hereunder shall be
free and clear of all Interests, with all such Interests
attaching only to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such Interests had been attached previously, in
the same order and priority, and with the same validity
and enforceability, as same may have had prior to the
sale, assumption and assignment of the Lease, subject to
any and all available defenses.

18.   Any mechanic's lien filed against Debtors
with respect to the premises associated with the Lease

is hereby released, discharged, and terminated, and the
Assignee is hereby authorized to file, register, or
otherwise record a certified copy of this Order and each
and every federal, state, and local governmental agency
or department is hereby directed to accept a certified
copy of this Order as conclusive evidence of the
release, discharge, and termination of any mechanic's
lien filed against the Debtors with respect to the
premises associated with the Lease and shall remove such
mechanic's lien from record.  Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such interest had previously attached, subject to
any and all available defenses.

19.  Except for (i) the Debtors with respect
to their rights under the Assignment Agreement and this
Order, and (ii) the Lessor with respect to the Cure
Amount, all parties to the Lease, and to any other
agreements relating to the Lease, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Assignee any default or breach

under, or any claim or pecuniary loss, arising under or related to the Lease or such other agreements, arising, accruing or incurred prior to the Effective Date.

20.   All parties to the Lease, and to any other agreements relating to the Lease, other than the Assignment Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Lease or such other agreements.

21.   Any obligations arising under the Lease which arise, accrue, are incurred or relate to periods on or subsequent to the Effective Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Assignee, and no party (including the Assignee) shall have a claim against the Debtors or their estates for such obligations.

22.   No amounts are or shall be due to the Lessor, or any other non-Debtor parties to the Lease, in connection with the assumption by the Debtors and assignment and sale to the Assignee of the Lease.

14

23.   The Lessor and any governmental agency shall accept and honor the assignment of the Lease to the Assignee in accordance with the Assignment Agreement and this Order.

24.   The Lessor shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Assignee, and shall not charge the Assignee for, any instruments, applications, consents, or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, installation of signage, opening and operating of the premises associated with the Lease.

25.   Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Effective Date to the Assignee free and clear or all liens, claims and other interests.  The Assignee may, in its sole

discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

26.   This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

27.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

28.   To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

29.   The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Lease consistent with this Order.

30.   This Court shall retain jurisdiction to enforce the provisions of this Order and the assumption and assignment of the Lease.

16

Dated:  Richmond, Virginia
        March __, 2009


                          _____
                          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley____
Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of March ___, 2009 ("**Effective Date**"), by and among **BURBANK MALL ASSOCIATES, LLC** ("**Lessor**"), **UPSILON FINANCIAL MANAGER, LLC** (the "**Assignee**"), and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Tenant**").

## RECITALS:

**WHEREAS**, on November 10, 2009, Tenant and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on March __, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the sale, assumption, and assignment of the lease dated June 30, 1993 between Haagen-Burbank Partnership and Tenant, for the premises located at Media Center Mall, Burbank, CA (as amended and assigned from time to time, the "**Lease**"); and

**WHEREAS**, Lessor was the highest or otherwise best bidder at an auction for the Lease and has requested that  Tenant assume, assign, and sell the Lease to the Assignee; and

**WHEREAS**, (i) Assignee desires that Tenant transfer, assign and set over to Assignee, and Assignee take assignment of, all of Tenant's right, title and interest in and to the Lease, and (ii) Tenant is willing to transfer, assign and set over to Assignee all of Tenant's right, title and interest in and to the Lease, subject to the terms and conditions of this Sale, Assumption and Assignment Agreement.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.      <u>Assignment of Lease</u>.  As of the Effective Date, Tenant does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Tenant's right, title and interest in and to the Lease.

2.      <u>Assumption of Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Tenant's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Lease and the Order.

3.      <u>Release of Claims</u>.  Lessor does hereby waive and release any and all claims it may have against Tenant, including claims under Bankruptcy Code sections 365, 502 and 503, and including all year end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive assignment of the Lease.

4.      <u>Representations and Warranties</u>.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties

of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Lease.

       5.    <u>Notices</u>. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

> If to Tenant:
>
> Circuit City Stores, Inc.
> Attn: Director of Real Estate
> 9954 Mayland Drive
> Richmond, VA 23233
>
> with a copy to:
>
> Skadden, Arps, Slate, Meagher & Flom LLP
> Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
> One Rodney Square
> Wilmington, DE 19889
>
> If to Lessor:
>
> Burbank Mall Associates, LLC
> c/o Crown Realty & Development
> 18201 Von Karman Ave.
> Suite 950
> Irvine, CA 92612
> Attn.: James O'Neil
>
> with a copy to:
>
> Wendy W. Huang
> Executive Vice President and General Counsel
> Crown Realty & Development
> 18201 Von Karman Ave.
> Suite 950
> Irvine, CA 92612
>
> If to Assignee:
>
> Upsilon Financial Manager, LLC
> c/o Crown Realty & Development
> 18201 Von Karman Ave.
> Suite 950
> Irvine, CA 92612

       5.    <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

6.    <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Tenant and Assignee and their respective successors and assigns.

7.    <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Tenant and Assignee.

8.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

***[SIGNATURE PAGE FOLLOWS]***

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Tenant, the Lessor and the Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____
Name:
Title:

**BURBANK MALL ASSOCIATES, LLC, as Lessor**

By:_____
Name:
Title:

**UPSILON FINANCIAL MANAGER, LLC, as Assignee**

By:_____
Name:
Title: