IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------ x | : | |
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al.. | : | Case No. 08-35653-KRH |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | Judge Kevin R. Huennekens |
| ------------------------------------------------------ x | | |

**SECOND AMENDED JOINDER OF GALLERIA PLAZA, LTD. TO LIMITED
OBJECTION OF DICK'S SPORTING GOODS, INC. TO ORDER PURSUANT TO
11 U.S.C. SECTIONS l05(a), 365(a) AND 554 AND FED. R. BANKR. P. 6006
AUTHORIZING REJECTION OF UNEXPIRED LEASES AND SUBLEASES
OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT
OF PERSONAL PROPERTY EFFECTIVE AS OF THE PETITION DATE**

Galleria Plaza, Ltd. ("**Galleria**") by and through its undersigned counsel, hereby submits this second amended joinder ("**Joinder**") to the Limited Objection to the Debtors' Motion for Order Pursuant to 11 U.S.C. sections 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date (the "**Dick's Limited Objection**").

1.     Dick's Limited Objection is Docket #275. Galleria shares the concerns raised in Dick's Limited Objection regarding the Debtors' request to reject the Galleria Lease as of the Petition Date, and their refusal to pay November rent and the accrued 2008 taxes paid by Dick's. Galleria amends its joinder now to clarify the original and its first amended joinder, and to make

| | |
|---|---|
| Henry (Toby) P. Long III [VSB # 75134] | Lynnette R. Warman [Texas Bar No. 20867940] |
| Thomas N. Jamerson [VSB # 75035] | Cameron W. Kinvig [Texas Bar No. 24055780] |
| **HUNTON & WILLIAMS LLP** | **HUNTON & WILLIAMS LLP** |
| Riverfront Plaza, East Tower | 1445 Ross Avenue, Suite 3700 |
| 951 East Byrd Street | Dallas, TX  75202 |
| Richmond, VA  23219-4074 | Telephone:  (214) 468-3393 |
| Telephone:  (804) 788-8200 | Facsimile:  (214) 740-7151 |
| Telecopier:  (804) 788-8218 | |

*Attorneys for Parker Central Plaza, Ltd.*

73935.000003 EMF_US 26960021v1

clear its deep seated concern that Debtors have refused to turn over the November, 2008 rent paid by Dicks and by Debtors' other sub-tenant Lakeshore Learning Materials, a general partnership, d/b/a Lakeshore Learning Store ("**Lakeshore**"), and even more disturbingly have refused to turn over the accrued 2008 property taxes which have been paid to Debtors in trust on a monthly basis by Dick's, and Lakeshore.

2. The space is not vacant - it is occupied by Dick's and Lakeshore, which paid their November rent to the Debtors before the Petition Date. If the Debtors are attempting to reject the lease as of the Petition Date, and keep the November rent, the Debtors will receive a windfall at the expense of both the landlord and the subtenants. Section 365 of the Bankruptcy Code was not designed to permit such a result, and the Court should not allow it.

3. The Petition Date was not November 1, 2008, yet Debtors seem to be treating that date as the petition/rejection date. Instead, the obligations under the lease accrued on November 1, 2008, and the Petition Date did not occur until November 10, 2008, at which time the motion to reject ("**Rejection Motion**") was filed. As the November rent was due and payable on November 1, 2008, Dick's and Lakeshore paid the same, along with pro-rata taxes, to Debtor's care on or before that date, and Debtors did not file their Rejection Motion until much later, Debtors are not entitled to a ten (10) day free ride, and must turn over the full amount of the November payments to Galleria Plaza, Ltd.—$69,193.23 that does not rightfully belong to them from Dick's, and $21,399.25 that does not rightfully belong to them from Lakeshore. *See In re Geonex Corp.*, 258 B.R. 336, 339 (Bankr. D. Md. 2001) (payments in a lease rejection situation are not based upon a benefit received by the estate, but rather the protection of the landlord). Anything else would be inequitable.

4. Further, and perhaps even more disturbing, is the fact that Debtors are currently in possession of approximately $201,230.37 in pro-rata real estate taxes paid by Dick's to Debtors on a monthly basis during 2008, and approximately $60,500.00 in pro-rata real estate taxes paid by Lakeshore to Debtors on a monthly basis during 2008. None of the tax payments remitted to Debtors by Dick's and Lakeshore respectively have been paid to Galleria for 2008 taxes due and owing on the property in question. None of these funds belong to Debtors or their estates, are instead held in constructive trust by Debtors on Dick's and Lakeshore's behalf for payment to Galleria, and must be remitted to Galleria at the earliest possible time. *Leach v. Conner*, No. 13-01-468-CV, 2003 Tex. App. LEXIS 10173, at *22-*27 (Tex. Civ. App.—Corpus Christi Dec. 4, 2003, no pet.) (holding that rent paid by tenant to purchaser of property, who was subject to divestment by original owner's statutory right to redemption, was held in constructive trust by purchaser and must be paid following original owner exercising redemption right). Anything short of that equates to criminal conversion on the part of Debtors. *Id*. at *16-*20 (holding that purchaser of property converted rent collected from tenant by wrongfully refusing to turn same over to owner following owner's exercise of redemption right); *United States v. Herring*, 72 Fed. Appx. 57, 62 at n. 3 (5th Cir. 2003) (criminal conversion is defined as "the wrongful taking of money or property belonging to someone else with the intent to deprive the owner of its use or benefit either temporarily or permanently").

5. Property taxes on the property in question are due and payable to the taxing authority on or before January 31, 2009, and are therefore due to Galleria on or before January 15, 2009. It is absolutely mandatory that the accrued property taxes held in trust by Debtors be turned over immediately. If the money is not turned over, Debtors will reap an enormous and undeserved windfall, and Dick's and Lakeshore, which are innocent parties to Debtors'

3

wrongdoing, will be forced to pay double, and will therefore be greatly prejudiced as a result.  As it is, Debtors have already shirked their obligation to pay 2008 property taxes for almost two (2) months past the due date, leaving Galleria, Dick's and Lakeshore to shoulder their burden at great expense.  This cannot continue.  Debtors must be stopped from converting tax payments that do not belong to them, and Galleria, Dick's, and Lakeshore must be protected.

WHEREFORE, Galleria Plaza, Ltd. respectfully requests that the Rejection Motion be denied to the extent that it seeks to reject the Prime Lease and Sublease as of the Petition Date without requiring the Debtors to pay over the November Payments and Tax Payments to the Prime Landlord.

Respectfully submitted,

*/s/ Thomas N. Jamerson*
Henry (Toby) P. Long III [VSB # 75134]
Thomas N. Jamerson [VSB # 75035]        ]
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

Lynnette R. Warman [Texas Bar No. 20867940]
Cameron W. Kinvig [Texas Bar No. 24055780]
**HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
Telephone:  (214) 468-3393
Facsimile:  (214) 740-7151

**ATTORNEYS FOR PARKER CENTRAL PLAZA, LTD.**

4

## **CERTIFICATE OF SERVICE**

   I certify that on the 19th day of March, 2009, I caused the Second Amended Joinder of Galleria Plaza, Ltd. to Limited Objection of Dick's Sporting Goods, Inc. to Order Pursuant to 11 U.S.C. Sections 105(a), 365(a) and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unexpired Leases and Subleases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date to be served upon the parties on the attached service list via First-Class U.S. Mail and, where applicable, via the electronic case filing system.

               *Lynnette R. Warman*
               Lynnette R. Warman

73935.000003 EMF_US 26960021v1

**SERVICE LIST**

| | |
|---|---|
| Daniel F. Blanks, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods, L.L.P<br>101 W. Main Street, Suite 9000<br>Norfolk, VA 23510 | Robert B. Van Ardales, Esq<br>Office of US Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219 |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Beckett Boehm<br>McGuire Woods, LLP<br>901 East Cary Street<br>Richmond, VA 23219 | Paramount Home Entertainment<br>Attn: Andi Marygold<br>5555 Melrose Ave.<br>Bluhdorn #213<br>Hollywood, CA 90038 |
| Hewlett-Packard Company<br>Attn: Ramona Neal / Chris Patafio<br>11 307 Chinden Blvd, MS 3 14<br>Boise, ID 83714 | Samsung Electronics America, Inc.<br>Attn: Joseph McNamara<br>105 Challenger Rd.<br>Ridgefield Park, NJ 07660 |
| LG Electronics USA, Inc.<br>Attn; Brian Wehr<br>c/o H. Jason Gold<br>Wiley Rein LLP<br>7925 Jones Branch Drive<br>McLean, VA 22102 | Weidler Settlement Class<br>Attn: Christopher Jones and Martin Fletcher<br>Whiteford Taylor & Preston<br>3190 Fairview Park Drive, Ste. 300<br>Falls Church, VA 22042 |
| Garmin International, Inc.<br>Attn: Lisa Brauch<br>1200 East 151st Street<br>Olathe, KS 66062 | Simon Property Group, Inc.<br>Attn: Ronald M. Tucker<br>225 W. Washington Street<br>Indianapolis, IN 46204 |
| Alliance Entertainment Developers<br>Attn: Douglas J. Bates<br>27500 Riverview Center Blvd.<br>Bonita Springs, FL 34134 | Diversified Realty Corp.<br>Attn: Eric C. Cotton<br>3300 Enterprise Parkway<br>Beachwood, OH 44122 |
| Pension Benefit Guarantee Corporation<br>Attn: Sara Eagle<br>Office of General Counsel<br>1200 K. St. NW<br>Washington, DC 20005 | Toshiba America Consumer Products, LLC<br>Attn: Judy Oliver and Joe Shedlock<br>82 Totowa Road<br>Wayne, NJ 07470 |