IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------- x
                                  :

In re:                                  :          Chapter 11
                                  :

CIRCUIT CITY STORES, INC., et al..   :          Case No. 08-35653-KRH
                                  :

                      Debtors.         :          Jointly Administered
                                  :          Judge Kevin R. Huennekens
------------------------------------------------------- x


**PARKER CENTRAL PLAZA, LTD.'S MOTION TO COMPEL DEBTORS' PAYMENT
OF POST-PETITION TAXES DUE
<u>UNDER NON-RESIDENTIAL REAL PROPERTY LEASE</u>**

      Parker Central Plaza, Ltd. ("**Landlord**"), by and through their undersigned counsel, hereby submits their Motion to Compel Debtors' Payment of Post-Petition Taxes Due Under Non-Residential Real Property Leases (the "**Motion**"), and in support thereof would show the Court as follows:

**BACKGROUND**

      1.      On February 9, 1996, Parker and Circuit City Stores, Inc. (the "**Tenant**") entered into that certain lease agreement (the "**Lease**," a true and correct copy of which is attached hereto as **Exhibit A**) whereby Tenant was to lease approximately 42,687 square feet located at the premises (the "**Premises**") more fully described in the legal description attached hereto as **Exhibit B**, for a period expiring on January 31, 2017.

Henry (Toby) P. Long III [VSB # 75134]                            Lynnette R. Warman [Texas Bar No. 20867940]
Thomas N. Jamerson [VSB # 75035]                                Cameron W. Kinvig [Texas Bar No. 24055780]
**HUNTON & WILLIAMS LLP**                                              **HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower                                                 1445 Ross Avenue, Suite 3700
951 East Byrd Street                                                             Dallas, TX 75202
Richmond, VA 23219-4074                                              Telephone: (214) 468-3393
Telephone: (804) 788-8200                                             Facsimile: (214) 740-7151
Telecopier: (804) 788-8218

*Attorneys for Parker Central Plaza, Ltd.*

73935.000003 EMF_US 26963162v2

2. On November 10, 2008 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (each a "**Debtor**," and collectively, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (hereinafter referred to as the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**").

3. Since the Petition Date, the Debtors managed their financial affairs and their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108, have now rejected the Lease, and have determined that it is in the best interests of creditors to essentially liquidate the assets of the Debtors.

4. The Lease provides, in pertinent part, that Tenant is to pay all property taxes due and owing for Premises on a yearly basis, with tax payments due to Landlord on or before January 15 of the year following each tax year. Property taxes for the Premises are considered to be additional rent under the Lease. Tax payments for the 2008 tax year for the Premises were due on or before January 15, 2009, per the terms of the Lease. *See* Exhibit A, at pp. 16-18.

5. In October, 2008, the Collin County Tax Collector invoiced Landlord for various property taxes, equaling $124,047.77 (the "**2008 Taxes**"), due and payable for the Premises. Copies of the applicable invoices for the Taxes are attached hereto as **Exhibit C**.

6. On November 6, 2008, Landlord sent notice to Tenant that the 2008 Taxes were due and payable, a true and correct copy of which is attached hereto as **Exhibit D**.

7. On January 20, 2009, Tenant sent Landlord a letter, advising it that it would not pay the full amount of the 2008 Taxes, but instead would pay Landlord $10,506.78, which was calculated to be the pro-rated property taxes owed for the Premises for December, 2008. True and correct copies of the January 20, 2009 Tenant letter and check are attached hereto as **Exhibit**

**E**.  However, as opposed to the view adopted by Tenant in its letter, the 2008 Taxes did not become due until after the Petition Date, and Tenant therefore owes Landlord the entirety of the 2008 Taxes.  Thus, despite Tenant's earlier attempts to avoid paying all of the 2008 Taxes due and owing, Tenant still owes Landlord $113,540.99 in unpaid property taxes for the Premises for 2008.

8.      Further, while Debtors have filed their Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (the "**Rejection Notice**"), which directly effects the Lease, the actual rejection of the Premises did not actually occur until March 10, 2009.  Therefore, assuming the 2009 property taxes for the Premises stay unchanged from 2008, Debtors would owe Landlord another $31,011.94 for pro-rated 2009 taxes for the first three (3) months of 2009.  Thus, Debtors owe Landlord a total of $155,059.71 in unpaid taxes for 2008 and 2009 (the "**Unpaid Taxes**").  Failure to pay this amount will cause great harm to Landlord, and allow Tenant to essentially fund its operations at Landlord's expense, as if Landlord was an involuntary debtor-in-possession lender.  This result would clearly be inequitable, showing that Landlord is entitled to an administrative expense priority claim.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10.     By this Motion, Landlords requests that the Court enter an order substantially in the form attached hereto, directing the Debtor to reimburse Landlords for the 2008 Unpaid Taxes within ten (10) days from the entry of such order.

3

**BASIS FOR RELIEF**

11. The Bankruptcy Code and the Fourth Circuit both require that the Tenant promptly pay all post-petition obligations for the properties it leases. Section 365(d)(3) of the Bankruptcy Code requires that "the trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease . . . until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

12. It is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the landlord being adequately compensated for the burdens of ownership borne by the landlord. *See, e.g., In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) (noting that landlords cannot be forced to become involuntary creditors of a debtor), *aff'd* 288 B.R. 114 (E.D. Va. 2003), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Congress actually enacted Section 365(d)(3) "to guarantee that landlords would not be placed at a disadvantage for providing post-petition services to the debtor." *In re Best Prods. Co., Inc.*, 206 B.R. 404 (Bankr. E.D. Va. 1997).

13. Instead of being disadvantaged by a lessee's bankruptcy filing, and subsequent failure to pay post-petition rent, taxes, and insurance, a lessor is entitled to an administrative expense priority claim for the **full amount of rent, taxes, and insurance provided for by the lease**, that remains unpaid on a post-petition basis. *See In re Midway Airlines Corp.*, 406 F.3d 229, 235-37 (4th Cir. 2005); *In re Pudgie's Dev. Of NY, Inc.*, 202 B.R. 832. 836 (Bankr. S.D.N.Y. 1996) ("the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to [landlords as a] . . . class of involuntary claimant[s]"); *see also* 11 U.S.C. § 502(b)(1)(B) (stating that property taxes are "actual, necessary costs and expenses of preserving the estate," and therefore qualify as administrative expense claims). Section 365(d)(3) not only fixes "the

4

amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease," but it also requires that "these payments [must] be paid at the time required in the lease." *In re Child World, Inc.*, 161 B.R. 571, 575 (S.D.N.Y. 1993); *see also In re Fin. News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993). The failure of Debtors to pay the full amount of the Unpaid Taxes when due shows that Landlord must be granted relief from this Court in the form of an administrative expense claim for the full amount of the Unpaid Taxes, with payment due to Landlord immediately.

14. Landlord did not obligate itself to provide debtor-in-possession financing to Debtors, and should not be forced to involuntarily help fund Debtors' operations by allowing Debtors to shirk their property tax obligations for the Premises. Tenant owes Landlord $113,540.99 in unpaid property taxes for eleven (11) months of 2008, and, per the terms of the Lease, the 2008 Taxes did not become due until January 15, 2009—a date that was clearly post-petition. As a post-petition expense, Tenant is obligated to pay the full amount of the 2008 Taxes, and its failure to do so impairs and harms the Landlord's constitutionally protected property interests by causing the Premises to potentially be encumbered by tax liens.

15. Additionally, because Tenant occupied the Premises for the first three (3) months of 2009, it was obligated to pay pro-rated property taxes of approximately $31,011.94, yet did not do so. Tenant clearly benefited from its use of the Premises for the first three (3) months of 2009, and pro-rated taxes for that period are clearly costs that must be paid under the Lease. Tenant's failure to do so leaves Landlord in a precarious position where its property rights are in jeopardy. Landlord is clearly entitled to payment of the 2009 pro-rated taxes as an administrative expense priority claim under Sections 365 and 503(b)(1) of the Bankruptcy Code, and should be paid the same by Debtors immediately.

5

16. Clearly, Landlord lacks adequate protection in the Premises because of Debtors' failure to pay 2008 and 2009 property taxes for the Premises. This can only be remedied by this Court allowing Landlord an administrative expense priority claim for the full amount of the Unpaid Taxes, and instructing that Tenant immediately pay the $155,059.71 in property taxes it owes for 2008 and 2009. Upon information and belief, Debtors will continue to avoid their responsibilities for payment of the Unpaid Taxes, in violation of the Bankruptcy Code, absent an order from this Court requiring the same. Where it could not be clearer from the language of Section 365 and 503(b)(1) that the Unpaid Taxes equal an administrative expense priority claim that must immediately be paid, this Court should enter an order not only directing that Landlord is entitled to an administrative expense priority claim for the full amount of the Unpaid Taxes, but should also order that Debtors pay Landlord immediately for the full amount of the Unpaid Taxes to adequately protect its property interest in the Premises.

## NOTICE AND NO PRIOR REQUEST

17. The relief requested by the Motion has not been previously requested in this, or any other court. Notice of this Motion has been provided to (i) Counsel to the Debtors; (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties requesting such notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Landlord submits that no further notice of this Motion is required.

WHEREFORE, PREMISES CONSIDERED, Landlord requests that the Court enter an order (i) granting Landlord an administrative expense priority claim for the full amount of the Unpaid Taxes, (ii) compelling the Debtors to pay the Unpaid Taxes due and owing under the Lease, within ten (10) days of the entry of such order, and (iii) granting it such other and further relief to which it may be justly entitled.

73935.000003 EMF_US 26963162v2

Dated this 19th day of March, 2009.

          Respectfully submitted,

*/s/ Thomas N. Jamerson*
Henry (Toby) P. Long III [VSB # 75134]
Thomas N. Jamerson [VSB # 75035]            ]
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

Lynnette R. Warman [Texas Bar No. 20867940]
Cameron W. Kinvig [Texas Bar No. 24055780]
**HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
Telephone:  (214) 468-3393
Facsimile:  (214) 740-7151

**ATTORNEYS FOR PARKER CENTRAL PLAZA, LTD.**

7

## CERTIFICATE OF SERVICE

      I certify that on the 19th day of March, 2009, I caused Parker Central Plaza, Ltd.'s Motion to Compel Debtors' Payment of Post-Petition Taxes Due Under Non-Residential Real Property Leases to be served upon the parties on the Court's ECF service list via the Court's electronic case filing system. To the extent that a party requesting notice does not receive the same via the Court's electronic case filing system, service will be conducted on that party via United States Mail, First Class, and/or by facsimile or e-mail no later than the next business day following the filing of this Motion.

                                          *Lynnette R. Warman*
                                          Lynnette R. Warman

73935.000003 EMF_US 26963162v2