UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.* | |
| | Jointly Administered |
| Debtors. | Judge Kevin R. Huennekens |

## MOTION OF MICHAEL T. CHALIFOUX TO FILE LATE PROOF OF CLAIM

COMES NOW Michael T. Chalifoux ("Chalifoux"), through his undersigned counsel, pursuant to Fed. R. Bankr. P. 9006(b)(1)(2) and Local Bankruptcy Rule 9013-1, and seeks permission to file a Late Proof of Claim, and shows the Court as follows:

### Background

1. These cases were initiated on November 10, 2008 (the "Petition Date") with the filing of voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. Pursuant to an Order entered November 10, 2008 [Docket No. 077] these cases are being jointly administered pursuant to Bankruptcy Code Section 302 and Bankruptcy Rule 1015(b).

3. From and after the Petition Date the Debtors have continued to operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

---

Richard E. Hagerty
VSB No. 47673
*Attorney for Mike Chalifoux*
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
703-734-4326
703-448-6520 (fax)

4.   Chalifoux has a prepetition general unsecured claim against the Debtors, which claim was scheduled by the Debtors as contingent, unliquidated and/or disputed in an unknown amount. *See* Debtors' Schedules of Assets and Liabilities filed December 19, 2008 [Docket No. 1130], at p. 1612 of 10865.

5.   On December 11, 2008 this Court entered its Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim, and (II) Approving Form and Manner of Notice Thereof (the "Claims Bar Order") [Docket No. 890]. Pursuant to the Claims Bar Order, on December 12, 2008 Debtors filed their Notice of Deadline for Filing Proofs of Claim (the "Claims Bar Notice") [Docket No. 966] in the form approved by the Court.

6.   On December 29, 2008 Debtors filed their Affidavit of Service [Docket No. 1314] indicating that a copy of the Claims Bar Notice was served on creditors in the case, including Chalifoux (*see* page 830 or 5262 of the service list attached to the Affidavit as Exhibit A).

7.   Despite receiving a copy of the Claims Bar Notice Chalifoux did not file a proof of claim by the January 30, 2009 claims bar deadline.

8.   In February 2007 Chalifoux was diagnosed with Alzheimer's disease. Chalifoux currently suffers from Alzheimer's disease with depression and from progressive cognitive impairment that causes memory loss and affects his ability to perform tasks in a manner that would be expected of unimpaired individuals. *See* Affidavit of Laurel Chalifoux filed herewith as Exhibit A ("Chalifoux Affidavit"); *see also* Affidavit of Robert L. Seward, M.D. filed herewith as Exhibit B ("Seward Affidavit").

9. Chalifoux has no recollection of receiving notice of any claims filing deadlines in the pending bankruptcy cases, and is unable to assist his wife and his counsel in the preparation of a proof of claim. *See* Chalifoux Affidavit.

10. According to his treating psychiatrist, Dr. Robert L. Seward, M.D., Chalifoux's condition makes Chalifoux unable to understand legal notices or other documents that he might receive, or to remember that he received them. *See* Seward Affidavit at ¶ 5. Dr. Seward has further opined that Chalifoux would have been unable to understand the December 12, 2008 Notice of Deadline for Filing Proofs of Claim sent to him in this case, or to remember that he had received it. *Id.*

11. Despite expiration of the claims bar deadline, Chalifoux has filed a proof of claim in the form appended hereto as Exhibit C simultaneously with filing this Motion.

12. Chalifoux desires to participate as a claimant in these bankruptcy cases and requests leave of court to permit him to file a proof of claim even though the deadlines for doing so have passed.

**Argument**

**I.    Chalifoux's Failure to Timely File an Administrative Claim is the Result of Excusable Neglect.**

13. Chalifoux should be permitted to file a proof of claim at this time because his failure to timely file is due to excusable neglect. The seminal case in the area of excusable neglect is *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 128 L. Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court resolved a conflict among the Circuit Courts by adopting the more liberal approach of certain of those Circuits in determining whether excusable neglect exists. Finding that Fed. R. Bankr. P. 9006(b)(1) was patterned after

Fed. R. Civ. P. 6(b), and that Rule 6(b) employs a somewhat elastic concept that is not limited strictly to omissions caused by circumstances beyond the party's control, the Court reasoned that a missed bar date was the result of excusable neglect where the party's counsel failed to note the claims bar date in the initial notice (of meeting of creditors, etc.). The Court found that consideration should be given to all relevant circumstances in evaluating whether the neglect forming the basis for a requested enlargement of a prescribed filing deadline was excusable. The factors to be considered include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 394.

14. Courts applying *Pioneer* to situations where authority is sought for filing claims after expiration of a bar date have applied some or all of the *Pioneer* factors, allowing late-filed claims where application of the factors to the facts of the case at bar favor such a finding. *See, e.g., Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg, Inc.)*, 62 F.3d 730 (5th Cir. 1995) (permitting late filing of proofs of claim 6-8 months after bar date where claimants had been negotiating with debtor's agent, and where debtor was unable to show prejudice since plan had been negotiated and approved *after* the late claims had been filed); *In re The Babcock and Wilcox Co.*, No. CIV. A. 00-558, 00-10992, 2001 WL 1204074 (E.D. La. 2001) (refusing to reconsider earlier allowance of claims filed 10 days late, because the debtors could show no prejudice in a case in which the plan had not yet been confirmed); *West DeltaOil Co. v. Fenasci (In re West DeltaOil Co.)*, No. Civ. A. 03-3330, 2004 WL 1770110 (E.D. La. 2004) (affirming bankruptcy court's order allowing late-filed administrative claim for attorneys' fees where debtor

was unable to show prejudice); *In re McKissick,* 298 B.R. 535 (Bankr. W.D. Pa. 2003) (allowing claims filed 7 weeks after bar date where claimant showed that its neglect was "excusable" and where debtor was unable to show prejudice in a case where no plan had yet been filed); *In re The Grand Union Co.,* 204 B.R. 864 (Bankr. D. Del. 1997) (allowing claim filed over 9 months after bar date and 9 months after plan had been confirmed on a "fast track" because neglect was excusable and debtor was not prejudiced); *In re Spring Ford Indus., Inc.,* No. 02-15015DWS, 2003 WL 21785960 (Bankr. E. D. Pa. 2003) (allowing late-filed claims by plaintiffs in class action where debtor failed to schedule the plaintiffs and/or send them notice, but had scheduled the action); *In re Pappalardo,* 210 B.R. 634 (Bankr. S.D. Fla. 1997) (allowing late-filed claims where claimant satisfied all of the *Pioneer* criteria and there was no prejudice to the debtor).

15.     In the case *sub judice,* the facts weigh heavily in Chalifoux's favor with respect to the "reason for delay" factor considered by the Supreme Court in *Pioneer.* As the Chalifoux and Seward Affidavits make abundantly clear, Chalifoux lacks the capacity to understand and appreciate the significance of the Claims Bar Notice that he received, much less to remember that he received it. Under these circumstances, it is difficult to imagine how Chalifoux's delay in filing a claim was "within [his] reasonable control." *Pioneer, supra,* 507 U.S. at 395.

16.     Also weighing heavily in Chalifoux's favor is his good faith. As evidenced by the Exhibits attached hereto, there can be no suggestion that Chalifoux has acted in anything but good faith.

17.     With respect to the remaining two factors suggested by the Court in *Pioneer* – danger of prejudice to the Debtor, and the length of the delay and potential impact on judicial proceedings – the presentation of a general unsecured claim within two months of the bar date

will neither prejudice the Debtors nor adversely impact the proceedings. *See West DeltaOil, supra*, (claim filed after five month delay, and after Plan confirmation); *Greyhound Lines v. Rogers, supra*, (claims filed 6 to 8 months late); *Grand Union, supra*, (claim of Mr. Economaki filed 6 ½ months late). Of particular significance in this case is the fact that the Debtors have not yet proposed a plan, much less solicited one for approval; indeed, the Debtors have to the contrary recently obtained an extension of the exclusivity period under Bankruptcy Code Section 1121(d). *See* Order under Bankruptcy Code Section 1121(d) Extending Exclusive Periods under Which Debtors May File and Solicit Acceptances of a Plan of Liquidation entered March 9, 2009 [Docket No. 2398].

18.   Moreover, a delay of weeks is not so egregious under the facts and circumstances of this case as to tip the balance of equities against allowing Chalifoux to file a late claim. Indeed, it is apparent that Chalifoux has acted reasonably promptly after he and his wife first learned that the claims bar date had passed, particularly given the circumstances of Chalifoux's illness.

19.   Pursuant to Local Bankruptcy Rule 9013-1(G)(1), Chalifoux hereby elects to combine his memorandum of points and authorities with his Motion.

### *Conclusion*

As the Supreme Court stated in *Pioneer*, Congress plainly intended that courts be empowered under Bankruptcy Rule 9006(b)(1)(2) to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. There may be no more compelling fact scenario than that offered by Chalifoux for permitting a late-filed claim. If the progressive cognitive decline caused by

Alzheimer's disease and its deleterious effect on Chalifoux's ability to understand, much less remember, legal notices he has received in this case does not, under these circumstances, constitute "inadvertence, mistake, or carelessness," then what would? The resulting neglect to timely file an administrative claim should be found to be excusable, under the standards established by the Supreme Court in *Pioneer*, particularly in light of the minimal if not non-existent prejudice to the Debtors in allowing the late claim.

Respectfully submitted this 20th day of March 2009.

/s/ Richard E. Hagerty
Richard E. Hagerty
VSB No. 47673
*Attorney for Michael T. Chalifoux*
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4326
(703) 448-6520 (facsimile)
richard.hagerty@troutmansanders.com

### CERTIFICATE OF SERVICE

This is to certify that on this 20th day of March 2009, I have served the foregoing *Motion of Michael T. Chalifoux to File Late Proof of Claim* (i) electronically or by first-class mail, postage prepaid on the "2002" and "Core" lists and (ii) through the Court's ECF System.

/s/ Richard E. Hagerty
Richard E. Hagerty, VSB No. 47673

Tyson01 388647v1 234877.000002