## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | **Chapter 11** <br> **Case No. 08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.* | **Jointly Administered** |
| Debtors. | **Judge Kevin R. Huennekens** |

### AFFIDAVIT OF LAUREL CHALIFOUX IN SUPPORT OF
### MOTION OF MICHAEL T. CHALIFOUX TO FILE LATE PROOF OF CLAIM

LAUREL CHALIFOUX, being first duly sworn, deposes and states as follows:

1. I am married to Michael T. Chalifoux, a claimant in this proceeding ("Mike" or "my husband") and the movant in the Motion of Michael T. Chalifoux to File Late Proof of Claim. I am over the age of eighteen (18) and am competent to testify to the facts set forth in this affidavit, about which I have personal knowledge except where is otherwise indicated.

2. Mike and I have been married since 1968, and since 1983 we have lived at 10801 Whitaker Woods Road, Richmond, Virginia 23238.

3. Prior to June 2003 Mike was employed by Circuit City as Executive Vice President and Chief Financial Officer. When Mike retired in June 2003 he received a large bound book filled with benefit information that he would need in retirement, including a copy of the Benefit Restoration Plan dated June 10, 2003 that is the basis of Mike's claim in this case. We still have this information at our home, and I have reviewed it in connection with preparing the proof of claim I have filed on behalf of my husband.

4. In February 2007 Mike was diagnosed with Alzheimer's disease, a condition that affects his long-term and short-term memory, as well as his judgment and his ability to



EXHIBIT A

understand and analyze issues of any complexity. Although Mike has been taking a prescription medication called Aricept and several other medications and is doing relatively well for someone with his disease, he has tremendous difficulty remembering things, including details regarding his employment at Circuit City, financial and other information regarding his retirement, and mail that he receives on a daily basis. His condition has grown worse over the years, and as described below it has reached the stage where it is virtually impossible for Mike to assist me in preparing the proof of claim that I have filed in this case.

     5.     Because of my husband's condition I make a habit of reviewing all of his mail, so I can separate important legal and financial documents from junk mail or less important information and ensure that they are not lost or thrown away. This is something that I have been doing since shortly after Mike was diagnosed with Alzheimer's, and it is something I was doing in December 2008. Unfortunately, Mike's frustration with his Alzheimer's causes him to resent my efforts to manage his affairs, and as I have recently discovered this may lead to him intercept mail before I have an opportunity to read it.

     6.     In November 2008 Mike and I learned that Circuit City had filed for bankruptcy when Mike received a letter dated November 12, 2008 from Circuit City informing him that he would no longer be paid by Circuit City under the Benefit Restoration Plan. A copy of this letter is attached to this affidavit as Exhibit 1.

     7.     From and after receiving this November 12 letter Mike and I continued to look for information on the Circuit City bankruptcy and to ask former Circuit City employees with whom Mike is friends about the status of the case, what was happening that could affect his retirement, and what if anything he needed to do to protect his rights.

8. Although I continued to check Mike's mail for information related to the Circuit City bankruptcy, from mid-November 2008 until March 12, 2009 I have no recollection of seeing anything from Circuit City or the Bankruptcy Court regarding a deadline by which Mike was required to file a proof of claim. During this time period I would repeatedly ask my husband if he had seen any notice, and he always responded that he had not.

9. In early February 2009 my husband had a conversation with his friend and former Circuit City colleague, Jack Fitzsimmons, in which Mike learned that he was supposed to have filed a proof of claim by the end of January 2009. On February 6, 2009 Mike met with Jack Fitzsimmons and Ben Cummings, another friend and former Circuit City colleague, at a Starbucks coffee shop in Richmond. At this meeting Jack and Ben showed Mike copies of a Notice dated December 12, 2008 and other papers related to the bankruptcy case.

10. On February 9, 2009 I talked to Ben Cummings about what he had discussed with Mike on February 6, and about whether Mike could still file a proof of claim even though the deadline had passed. In that conversation and a subsequent e-mail Ben gave me the name and contact information for a lawyer with Troutman Sanders LLP in Atlanta, Georgia named Vivieon Kelley, who was helping Ben and some other Circuit City retirees with their claims in the bankruptcy. I sent Ms. Kelley an e-mail later in the evening of February 9 and began a dialogue with her that ultimately lead to my husband retaining Troutman Sanders on February 27, 2009. In the interim, Ms. Kelley has left the firm of Troutman Sanders and my husband's case has been taken over by Richard Hagerty of the firm's Tysons Corner, Virginia office.

11. On February 11, 2009 Ben Cummings and Jack Fitzsimmons came to our home with some proof of claim forms and other information and assisted Mike in completing and

- 3 -

signing a proof of claim dated February 11, 2009. I was present at that meeting and assisted in obtaining relevant financial information and documents that served as the basis of the amounts Mike has claimed, including information contained in the bound book that Mike received when he retired from Circuit City. Based on my knowledge of my husband's condition, I know that he would have been unable to understand or complete this form without help from Ben Cummings, Jack Fitzsimmons and me.

12. In the process of assisting Mr. Hagerty in compiling information related to the motion to allow Mike to file a late proof of claim I asked our adult daughter came to our house on March 11, 2009 to assist Mike and me in reviewing Mike's paperwork about his employment with Circuit City. After spending 3 hours reviewing literally piles of papers in my husband's office our daughter found a copy of a December 12, 2008 Notice of Deadline for Filing Proofs of Claim, a copy of which is attached to this affidavit as Exhibit 2. When I asked Mike about this the next day he did not understand what it was and had no recollection of ever seeing it. The first time I saw this form was on March 12, 2009, the day after my daughter found it in Mike's home office and left it on top of other papers for my review.

13. When my daughter found the attached Notice I was in shock, because Mike had repeatedly assured me that he had never received any notice of a claims deadline. This event and my subsequent conversations with Mike and his psychiatrist, Dr. Robert L. Seward, M.D. of the Tucker Psychiatric Clinic, have compelled me to conclude that my husband's Alzheimer's has progressed to the point where is incapable of understanding the basics about his employment with Circuit City or his claim in this bankruptcy. Mike can no longer remember what his title was when he retired from Circuit City, and he is obviously unable to understand legal notices

and other mail that he receives. Because of his condition he is also unable to assist me or his lawyer in preparing his proof of claim or in compiling the information needed for that claim.

14. Because of these developments I decided to re-execute a proof of claim on Mike's behalf in my capacity as his attorney-in-fact, pursuant to a power of attorney that he had executed prior to the development of his Alzheimer's disease. The proof of claim that I have caused to be filed in this case is the one that I signed on Mike's behalf, and not the claim that he signed at or meeting with Ben Cummings and Jack Fitzsimmons on February 11, 2009.

I declare under penalty of perjury that the contents of the foregoing affidavit are true and correct.

3-18-09
Date

Laurel Chalifoux

Tyson01 389135v1 234877.000002

-5-



November 12, 2008

Michael Chalifoux
10801 Whittaker Woods Rd
Richmond, VA  23233

Dear Michael:

On November 10, 2008, Circuit City Stores, Inc. filed a voluntary petition for reorganization relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. In light of the Chapter 11 filing, we are writing to provide you with an update regarding your executive retirement benefits. These benefits are set forth in a Memorandum Agreement, dated as of 6/10/2003, between the Company and you (the "Agreement").

In light of the Chapter 11 filing and given the Company's obligations to its creditors, the Company has determined that it will discontinue making payments under the Agreement, beginning as of November 10, 2008.

In that regard, the Company will ask the Bankruptcy Court to formally reject the Agreement and expects to ask for court approval for such rejection in December 2008. You will receive a notice of the hearing to address this issue and a copy of the Company's motion prior to that time.

We sincerely regret having to take this action and the impact that it will have on you, but this decision has been identified, after careful consideration, as the best course of action for all of the Company's stakeholders.

Sincerely,

Eric A. Jonas
SVP Human Resources

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653
et al.,                         :
                                :  Jointly Administered
                Debtors.        :
- - - - - - - - - - - - - - - - x

## NOTICE OF DEADLINE
## FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time**, on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

EXHIBIT 2

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") with the Bankruptcy Court by December 30, 2008. Copies of the Schedules and Statements can then be obtained at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of governmental units, as defined by 11 U.S.C. § 101(27), against any of the Debtors listed on page 4 below, must be filed and served so that such proof of claim is received on or before **May 11, 2009 (the "Governmental Bar Date")** at 5:00 p.m., **Pacific Time**, at the following address if delivered by mail, hand delivery or overnight courier:

Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean, as to or against any of the Debtors listed on page 4 below: (1) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (2) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding Claims against the Debtors (whether secured, priority or unsecured)

that arose prior to **November 10, 2008** (the "Petition Date") are required to file proofs of claim by the General Bar Date, unless such Claims are "Excluded Claims" as defined below. Excluded Claims as defined in the Bar Date Order are:

    (i)    Claims listed in the Schedules and Statements or any amendments thereto that are not therein listed as "contingent," "unliquidated" or "disputed" and that are not disputed by the holders thereof as to (a) amount, (b) classification or (c) the identity of the Debtor against whom such Claim is scheduled;

    (ii)    Claims on account of which a proof of claim has already been properly filed with the Bankruptcy Court or the Claims Agent appointed by the Bankruptcy Court against the correct Debtor; <u>provided, however,</u> that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) ("503(b)(9) Claims") are governed by and must be filed in accordance with the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9001 (Docket No. 107, Entered November 12, 2008) and, therefore, 503(b)(9) Claims are not Excluded Claims;

    (iii)    Claims previously allowed or paid pursuant to an order of the Bankruptcy Court;

    (iv)    Claims allowable under 11 U.S.C. §§ 503(b) and 507(a)(1) as expenses of administration;

    (v)    Claims of Debtors against other Debtors;

    (vi)    Claims of current officers or directors of a Debtor for indemnification and/or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

    (vii)    Claims of landlords of unexpired leases of non-residential real property that have not been rejected prior to the General Bar Date, including, without limitation, any claim for prepetition arrearages or other asserted prepetition defaults. Claims for such leases that have been or are hereinafter rejected shall be filed by the later of

(a) the General Bar Date, (b) thirty (30) days after the effective date of such rejection or (c) as otherwise provided by Order of this Court;

(viii)   Claims of Bank of America, N.A., as agent, and the Debtors' pre- and post-petition secured lenders for which Bank of America, N.A., served or serves as agent; and

(ix)   Claims related to the Debtors' gift cards purchased prior to the Petition Date.

Any Entity whose prepetition Claim against a Debtor is not listed in the applicable Debtor's Schedules and Statements or is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases, and any Entity whose prepetition Claim is improperly classified in the Schedules and Statements or is listed in an incorrect amount or is scheduled against an incorrect Debtor and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules and Statements or against a Debtor other than as set forth in the Schedules and Statements, must file a proof of claim on or before the General Bar Date. If your claim has been scheduled by the Debtors, the classification, amount, and Debtor against which your claim has been scheduled is indicated on the claim form included with this notice.

### Executory Contract and Lease Rejection Claims

Any Entity whose Claims arise out of the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") pursuant to section 365 of the Bankruptcy Code during the Debtors' bankruptcy cases, must file a proof of claim on or before the latest of: (1) thirty (30) days after the date of the order, pursuant to Bankruptcy Code section 365, authorizing the rejection of such contract or lease; (2) any date set by another order of the Court or (3) the General Bar Date (the "Rejection Bar Date"). Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the General Bar Date.

### Other Important Information Regarding Filing Claims

If, after the General Bar Date, any of the Debtors amend their Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein or to

4

change the Debtor against which a Claim has been scheduled, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however,** that any **Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date;** **provided, further, however,** that any **Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case. A proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of

5

when actually received at the address listed above. If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

6

    A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); <u>provided</u>, <u>however</u>, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

## ADDITIONAL INFORMATION

    If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

  Approved by the United States Bankruptcy Court for the Eastern District of Virginia on December 11, 2008.

Dated: December 12, 2008
   Richmond, Virginia

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware<br>19899-0636 | McGUIREWOODS LLP<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1089 |

   - and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

  Counsel for the Debtors and Debtors in Possession

7

Debtors and Debtors in Possession
and the Last Four Digits of their Respective Taxpayer
Identification Numbers

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)