Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653-KRH
et al.,                     :
                            :
          Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL
PROPERTY**

Upon consideration of the motion, dated

February 3, 2009 (the "Motion"),[1] of Circuit City Stores,

Inc. and certain of its subsidiaries, debtors and

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

debtors in possession in the above-captioned cases
(collectively, the "Debtors"), for orders under sections
105(a), 363 and 365 of title 11 of the United States
Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006,
and 9014 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules"), (i) approving the bidding and
auction procedures for sale of certain nonresidential
real property leases (the "Bidding Procedures"), (ii)
setting dates for sale hearings, and (iii) authorizing
and approving (a) the sale (the "Sale") of certain
unexpired nonresidential real property leases (the
"Leases", comprising the February Leases and the March
Leases, each as defined in the Motion) free and clear of
all interests, including liens, claims, and encumbrances
(collectively, the "Interests"), (b) the assumption and
assignment of the Leases, and (c) lease rejection
procedures for any Leases that are not sold in
connection with the foregoing; and the Court having
entered the Order under Bankruptcy Code Sections 105,
363, and 365 (I) Approving Bidding and Auction
Procedures for Sale of Unexpired Nonresidential Real
Property Leases, (II) Setting Sale Hearing Dates and

2

(III) Authorizing and Approving (A) Sale of Certain
Unexpired Nonresidential Real Property Leases Free and
Clear of All Interests, (B) Assumption and Assignment of
Certain Unexpired Nonresidential Real Property Leases
and (C) Lease Rejection Procedures (the "Bidding and
Rejection Procedures Order"); and the Court having
entered the Supplemental Order under Bankruptcy Code
Sections 105, 363, and 365 Approving Amended Bid
Deadline In Connection With Bidding And Auction
Procedures For Sale Of Unexpired Nonresidential Real
Property Leases (the "Supplemental Order"), which
established a revised bid deadline of March 3, 2009 and
amended the Bidding Procedures; and upon the record of
the auction conducted on March 10, 2009 (the "Auction")
and the hearing held on March 13, 2009 (the "Sale
Hearing"); and after due deliberation thereon, and
sufficient cause appearing therefor,

    **IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.   The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested

---

[2]  Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and
1334(b).

B.   Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and
1409.  This is a core proceeding within the meaning of
28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief
requested in the Motion are Bankruptcy Code sections
105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006,
and 9014.

D.   The notice of the Motion, the Auction,
and the Sale Hearing given by the Debtors constitutes
due and sufficient notice thereof.

E.   A reasonable opportunity to object or be
heard regarding the relief in this Order has been
afforded to all interested persons and entities,
including Fayetteville Developers, LLC as landlord (the
"Lessor") for the lease related to store number 852 (the
"Store") located at 5075 Morganton Road, Fayetteville,
North Carolina together with any and all related lease
documents and subleases associated therewith, if any,
the "Lease").

4

F.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Staples, Inc. as the subtenant (the "Subtenant") for the sublease related to the Store (together with any and all related sublease documents and sub-subleases associated therewith, if any, the "Sublease").

G.   The Debtors and their professionals marketed the Lease and Sublease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease and Sublease.

H.   After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

I.   The Lessor wishes to assign the Lease and the Sublease to Fayetteville Retail Developers, LLC (the "Assignee").

J.   The Assignment Agreement (as hereinafter defined) and the sale of the Lease and Sublease were negotiated and have been and are undertaken by the Debtors, the Lessor and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

K.   Neither the Debtors, the Lessor nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

L.   The total consideration provided by Assignee for the Lease and the Sublease is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent

Transfer  Act, (b) fair consideration under the Uniform
Fraudulent Conveyance Act, and (c) reasonably equivalent
value, fair consideration and fair value under any other
applicable laws of the United States, any state,
territory or possession, or the District of Columbia,
for the Lease and the Sublease.

M.   The Debtors have demonstrated good,
sufficient, and sound business purpose and justification
for the assumption, assignment, and sale of the Lease
and the Sublease.

N.   The assumption, assignment, and sale of
the Lease and the Sublease to the Assignee under
sections 105, 363, and 365 of the Bankruptcy Code is in
the best interests of the Debtors, their estates, and
their creditors.

O.   Other than the Reserved Claims, the Cure
Amount is deemed the entire cure obligation due and
owing under section 365 of the Bankruptcy Code

P.   The assumption, assignment, and sale of
the Lease and the Sublease to the Assignee is in
compliance with section 365(b)(3) of the Bankruptcy
Code, if applicable.

7

Q.   Upon the payment of the Cure Amount, there are no outstanding defaults of the Debtors and their estates under the Lease other than the Reserved Claims (as hereinafter defined).

R.   Notwithstanding the foregoing, the Lessor shall not be deemed to have waived and shall be permitted to enforce its right: (i) to payment for per diem rent payable for the month of March, 2009 through the Effective Date; and (ii) subject to obtaining relief from the automatic stay or other injunction, to indemnification as to third party claims, whenever asserted, but only to the extent that such third party claims are covered by insurance policies maintained by the Debtors (collectively, the "Reserved Claims").

S.   Upon the assignment to Assignee, the Lease and the Sublease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease or the Sublease.

8

T.    Based on the foregoing findings of fact
and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND
DECREED THAT:**

1.    The Motion is granted as set forth
herein.

2.    All objections with regard to the relief
sought in the Motion as it pertains to the Lease and the
Sublease, that have not been withdrawn, waived, or
settled, are overruled on the merits.

3.    Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assume the Lease and the
Sublease.

4.    Under section 365 of the Bankruptcy Code,
the Debtors are authorized to assign the Lease and the
Sublease to the Assignee, which assignment shall take
place on and be effective as of the Effective Date (as
hereinafter defined).

5.    Under Bankruptcy Code section 363, the
Debtors are authorized to sell the Lease to the
Assignee.

---

[3]    Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

6.    The Debtors are authorized to execute the
Sale, Assignment and Assumption Agreement, in
substantially the form attached hereto as <u>Exhibit A</u> (the
"Assignment Agreement").

7.    The consummation of the transactions with
respect to the Lease and the Sublease contemplated
hereunder shall take place on the later of (i) the
second business day after entry of this Order and (ii) a
date agreed upon between the Debtors, the Lessor and the
Assignee (the "Effective Date").

8.    Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Assignee shall succeed to the entirety of Debtors'
rights and obligations in the Lease, the Sublease and
the Store due, arising or attributable to the time
period occurring on or after the Effective Date and
shall have the rights of the tenant and sublessor
thereunder.

9.    Upon the Effective Date neither the
Assignee, the Debtors, nor the Debtors' estates shall
have liability for cure claims of, from, or related to

the Lease and/or the Sublease for any defaults or
monetary obligations thereunder.

10.   As of the Effective Date and as set forth
in the Agreement, the Lessor shall be deemed to have
waived, released and forever discharged any and all
claims it may have against the Debtors, including claims
under Bankruptcy Code sections 365, 502 and 503, and
including all year end adjustments for 2009 and all
prior years and any obligations or liabilities that
would otherwise survive assignment of the Lease but
specifically excluding the Reserved Claims.

11.   As of the Effective Date and specifically
excepting and preserving the Reserved Claims for the
benefit of the Lessor, (i) all defaults under the Lease
shall be deemed cured, (ii) no other amounts will be
owed by Debtors or their estates with respect to the
Lease, (iii) no amounts will be owed by the Assignee
with respect to the Lease for obligations relating or
attributable to the period prior to the Effective Date,
(iv) any and all persons, entities or the like shall be
forever barred and estopped from asserting a claim
against the Debtors or their estates that any additional

11

amounts are due or defaults exist under the Lease, and
(v) any and all persons, entities or the like shall be
forever barred and estopped from asserting a claim
against the Debtors, their estates, and the Assignee
that any additional amounts are due or defaults exist
under the Lease that arose, relate to or are
attributable to the period prior to the Effective Date.

12.   Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Lease, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the
assignment of the Lease, Debtors may assign the Lease
and the Sublease to the Assignee.

13.   Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Assignee shall assume all obligations under the Lease
and the Sublease attributable to the time period
occurring on or after the Effective Date or related to
the period subsequent to the Effective Date.

14.   Upon the occurrence of the Effective
Date, the Assignee shall be entitled to the protections
of section 363(m) of the Bankruptcy Code.

15.   Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, Debtors and their estates shall have no further liability under the Lease and Sublease.

16.   Upon the assignment to Assignee, the Lease and Sublease shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

17.   To the extent that any of the Debtors acts as a guarantor of the Lease (a "Debtor-Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Lease after the Effective Date.

18.   The sale and corresponding assumption and assignment of the Lease and Sublease authorized hereunder shall be free and clear of all Interests, with all such Interests attaching only to the amount paid under the Assignment Agreement for the Lease and Sublease and the related premises on which such Interests had been attached previously, in the same order and priority, and with the same validity and enforceability, as same may have had prior to the sale,

assumption and assignment of the Lease and Sublease,
subject to any and all available defenses.

19.   Any mechanic's lien filed against Debtors
with respect to the premises associated with the Lease
is hereby released, discharged, and terminated, and the
Assignee is hereby authorized to file, register, or
otherwise record a certified copy of this Order and each
and every federal, state, and local governmental agency
or department is hereby directed to accept a certified
copy of this Order as conclusive evidence of the
release, discharge, and termination of any mechanic's
lien filed against the Debtors with respect to the
premises associated with the Lease and shall remove such
mechanic's lien from record.  Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such interest had previously attached, subject to
any and all available defenses.

20.   Except for (i) the Debtors with respect
to their rights under the Assignment Agreement and this
Order, and (ii) the Lessor with respect to the Cure

Amount, all parties to the Lease and Sublease, and to any other agreements relating to the Lease and Sublease, other than the Assignment Agreement, are forever barred from raising or asserting against the Assignee any default or breach under, or any claim or pecuniary loss, arising under or related to the Lease or such other agreements, arising, accruing or incurred prior to the Effective Date.

21.    All parties to the Lease, and to any other agreements relating to the Lease, other than the Assignment Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Lease, Sublease or such other agreements.

22.    Any obligations arising under the Lease and Sublease which arise, accrue, are incurred or relate to periods on or subsequent to the Effective Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Assignee, and no party (including the

Assignee) shall have a claim against the Debtors or their estates for such obligations.

23.  No amounts are or shall be due to the Lessor, or any other non-Debtor parties to the Lease, in connection with the assumption by the Debtors and assignment and sale to the Assignee of the Lease and Sublease.

24.  The Lessor and any governmental agency shall accept and honor the assignment of the Lease and Sublease to the Assignee in accordance with the Assignment Agreement and this Order.

25.  The Lessor shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Assignee, and shall not charge the Assignee for, any instruments, applications, consents, or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, installation of signage, opening and operating of the premises associated with the Lease and Sublease.

26.   Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Effective Date to the Lessor free and clear or all liens, claims and other interests.  The Lessor may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

27.   As of the Effective Date, the Debtors are deemed to quitclaim any interest in the improvements at the Store to the Lessor on an "as is, where is" basis and shall reasonably cooperate with the Lessor, at the sole cost and expense of the Lessor, in connection with the execution and recording of such documents as may be reasonably necessary to effectuate such transfer of title or abandonment of the Abandoned Property and improvements at the Store.

28.   This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

29.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

30.   To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

31.   The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Lease consistent with this Order.

32.   This Court shall retain jurisdiction to enforce the provisions of this Order and the assumption and assignment of the Lease and Sublease.

Dated:  Richmond, Virginia
        March __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing order has been
endorsed by or served upon all necessary parties.

                                /s/ Douglas M. Foley
                                Douglas M. Foley


19

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

### ASSIGNMENT AND ASSUMPTION OF LEASE AND SUBLEASE AGREEMENTS

**THIS ASSIGNMENT AND ASSUMPTION OF LEASE AND SUBLEASE AGREEMENT** (this "Agreement") is made and entered into as of March __, 2009, by and among **CIRCUIT CITY STORES, INC.** ("Assignor"), a Delaware corporation, **FAYETTEVILLE DEVELOPERS, LLC** ("Fayetteville"), a North Carolina limited liability company, and **FAYETTEVILLE RETAIL DEVELOPERS, LLC** ("Assignee"), a North Carolina limited liability company.

### RECITALS

A.      Fayetteville, as successor-in-interest to Hechinger Company, as landlord, and Assignor, as tenant, are parties to that certain lease agreement (as amended, the "Lease") dated August 29, 1995, as amended by letter agreements dated December 9, 1986, April 15, 1988 and December 3, 1993.

B.      Pursuant to the Lease, Assignor leases from Landlord certain real property (the "Premises") located at 5075 Morgantown Road, Fayetteville, North Carolina, as more particularly described in the Lease. The Premises are sometimes referred to by Assignor as Store #00852.

C.      Assignor, as sublandlord, and Staples the Office Superstore, Inc. (or Staples, Inc.), as subtenant ("Subtenant"), are parties to that certain Sublease (as amended, the "Sublease") dated as of March 11, 1996.

D.      Assignor filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 10, 2008 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Virginia, and which bankruptcy case is being jointly administered under the case styled In re: Circuit City Stores, Inc., et al., Case No. 08-35653 (the "Bankruptcy Case").

E.      Pursuant to the Bidding and Auction Procedures approved by an order entered in the Bankruptcy Case, Fayetteville submitted a bid to the Assignor seeking the assumption and assignment of the Lease and the Sublease to the Assignee as Fayetteville's designee (the "Bid"). As a result of the Auction held on March 10, 2009, the Bid was determined to be the highest and best offer for the Lease and Sublease.

F.      Assignor desires to assign to Assignee, and Assignee desires to assume from Assignor all of Assignor's rights and obligations under both the Lease and the Sublease, on the terms set forth below.

G.      In consideration of Assignee assuming all of Assignor's rights and obligations under the Lease and the Sublease, Landlord agrees to release and/or indemnify Assignor from certain liabilities under the Lease and the Sublease as of the Effective Date, on the terms and conditions set forth below.

### AGREEMENT

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, the parties hereby agree as follows:

1.      Condition Precedent.  The obligations of each of the parties hereto shall be contingent upon and shall arise upon the entry of an order in the Bankruptcy Case (the "Effective Date"), in form and substance reasonably satisfactory to each of the parties to this Agreement and subject to the result of any appeal or reconsideration, approving the assumption, assignment and sale, free and clear of liens claims and encumbrances, of the Lease and Sublease to the Assignee (the "Sale Order").

2.    <u>Assignment</u>. Effective on the Effective Date, Assignor assigns, transfers and conveys to Assignee all of Assignor's rights, title, obligations and interest in, to and under: (i) the Lease; and (ii) the Sublease.

3.    <u>Assumption</u>. Effective on the Effective Date, Assignee assumes and agrees to perform all obligations of Assignor arising from and after the Effective Date under: (i) the Lease; and (ii) the Sublease.

4.    <u>The Lease</u>.

(a)    Subject to the terms of this paragraph, Landlord hereby releases and discharges Assignor from the following outstanding payment default amount payable under the Lease: unpaid base rent and additional rent for the month of November, 2008 in the amount of $61,916.25 (the "<u>November Cure Amount</u>"). The November Cure Amount does not include and Landlord does not waive, any rent or additional rent payments due under the Lease, pro rated on a per diem basis, for the month of March, 2009 and thereafter which may accrue in advance of the Effective Date.

(b)    Landlord hereby releases and discharges Assignor from all claims of indemnification of Landlord against Assignor under the Lease; <u>provided</u>, <u>however</u>, such release and discharge does not include, and Landlord does not waive, all rights of indemnification, if any, of Landlord against Assignor under the Lease to the extent such claims arise from claims made by third parties against Landlord which are covered by liability insurance policies maintained by Assignor pursuant to the Lease for the benefit of Landlord and relate to the period prior to the Effective Date,, <u>provided</u>, <u>further</u>, <u>however</u>, that the Landlord's rights hereunder shall be subject to obtaining relief from the automatic stay or other injunction, and all of the Debtors' rights are reserved with respect thereto.

5.    <u>Sublease</u>.

(a)    Except as provided  below, Assignee shall indemnify and hold harmless Assignor from and against any and all defaults by Assignor as sublandlord under the Sublease which arose prior to the Effective Date and which, pursuant to 11 U.S.C. § 365(b), must be cured in connection with the assumption and assignment of the Sublease.

(b)    Notwithstanding the foregoing, the Assignee shall not indemnify and hold harmless the Assignor with respect to any claims by the Subtenant or third parties to the extent that such claims arise from claims made by third parties against Landlord which are covered by liability insurance policies maintained by Assignor pursuant to the Sublease for the benefit of the Subtenant and relate to the period prior to the Effective Date, <u>provided</u>, <u>however</u>, that the Assignee's rights hereunder, if any, shall be subject to obtaining relief from the automatic stay or other injunction, and all of the Debtors' rights are reserved with respect thereto.

(c)    From and after the Effective Date, Assignor shall assert no claims against the Subtenant (with respect to the Sublease only) and shall refer all inquiries from the Subtenant with respect to the Lease, Sublease, and the premises demised thereunder, directly to the Assignee.  Landlord, Assignee and Assignor hereby waive any claims they may have against each other with respect to the performance by the Subtenant of its obligations under the Sublease.

6.    <u>Representations, Warranties and Covenants of Assignor</u>. Assignor hereby represents, warrants and covenants to Assignee as of the date of this Agreement that: (i) to Assignor's knowledge the Lease and Sublease are in full force and effect; and (ii) Assignor has made no prior assignments, pledges or transfers of its interest under the Lease or the Sublease.

7. <u>Notices</u>. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

      Circuit City Stores, Inc.
      Attn: Director of Real Estate
      9954 Mayland Drive
      Richmond, VA 23233

with a copy to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
      One Rodney Square
      Wilmington, DE 19889

If to Assignee:

      Fayetteville Retail Developers, LLC
      c/o Developers Realty Corporation
      Attn: Kevin M. Dowd, Esq
      General Counsel and Senior Vice President
      Corporate Center West, Suite 310
      433 South Main Street
      West Hartford, CT  06110

with a copy to:

      LeClairRyan
      Attn: Niclas A. Ferland
      555 Long Wharf Dr., Eighth Floor
      New Haven, CT 06511

If to Landlord:

      Fayetteville Developers, LLC
      c/o Developers Realty Corporation
      Attn: Kevin M. Dowd, Esq
      General Counsel and Senior Vice President
      Corporate Center West, Suite 310
      433 South Main Street
      West Hartford, CT  06110

with a copy to:

      LeClairRyan, PC
      Attn: Niclas A. Ferland and Ilan Markus
      555 Long Wharf Drive, Eighth Floor
      New Haven, CT 06511

All notices, demands, requests, consents or approvals that may or are required to be given by any party to another shall be in writing and shall be deemed given when actually received by the other party, if: (i) served personally; (ii) sent by nationally-recognized overnight courier with return receipt; or (iii) sent by United States registered or certified mail, postage prepaid, return receipt requested and addressed to such other party at the address specified above or at such other place as such other party may from time to time designate by notice in writing to the other parties hereto. Notwithstanding the foregoing, rejection or other refusal to accept a notice, request or demand, or the inability to deliver because of a changed address of which no notice was given, shall be deemed to be actual receipt thereof.

8. <u>Broker</u>. The parties represent to each other that this Agreement was negotiated directly, without the use of any real estate broker, other than DJM Realty, LLC which acted solely on behalf of the Assignor. Assignor shall hold the Landlord and Assignee harmless from any liability or loss, including reasonable attorney's fees, incurred on account of any claim by DJM for a fee, commission or compensation with respect to this transaction. Each party shall hold the other harmless from any liability or loss, including reasonable attorney's fees, resulting from a misrepresentation under this Section.

9. <u>Miscellaneous</u>.

(a) Each provision of this Agreement shall extend, bind and inure to the benefit of Landlord, Assignor and Assignee and their respective permitted successors and assigns, including without limitation successor assignees.

(b) This Agreement contains the entire agreement between the parties, and all prior negotiations and agreements are merged in this Agreement. This Agreement may not be changed, modified or discharged, in whole or in part, except by a written instrument executed by the party against whom enforcement of the change, modification or discharge is sought.

(c) This Agreement may be executed in multiple counterparts with the same effect as if each of the parties hereto signed the same documents, and all counterparts shall be construed together and shall constitute the same instrument. Each party may rely upon a facsimile or PDF copy of an executed counterpart of this Agreement from the other party, and this Agreement shall be enforceable against the party executing such counterpart and, in such event, each party will promptly furnish to the other party, an original counterpart hereof executed by such party.

(d) Any rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement or any amendments or exhibits hereto.

(e) This Agreement shall be governed in all respects by the laws of the state of North Carolina but the Bankruptcy Court shall retain jurisdiction to resolve any disputes among the parties with respect to this Agreement.

(f) If any term or provision of this Agreement or any application thereof shall be invalid or unenforceable, the remainder of this Agreement and any other application of such term shall not be affected thereby.

**IN WITNESS WHEREOF**, the parties have executed this Agreement the day and year first above written.

ASSIGNOR:
CIRCUIT CITY STORES, INC.


By:_____
Name:
Title:
Date:

LANDLORD:
FAYETTEVILLE DEVELOPERS, LLC


By:_____
Name:
Title:
Date:

ASSIGNEE:
FAYETTEVILLE    RETAIL    DEVELOPERS,
LLC


By:_____
Name:
Title:
Date:

5