Objection Deadline: March 26, 2009
Hearing Date: March 30, 2009 @ 10:00 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Jointly Administered |
| ) | Chapter 11 |
| Debtors. ) | Hon. Kevin R. Huennekens |
| ) | |

**MOTION OF PROSITE BUSINESS SOLUTIONS, LLC FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Prosite Business Solutions, LLC ("Prosite"), by counsel, hereby moves the Court for the entry of an order (i) allowing Prosite an administrative expense claim pursuant to Section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") in the amount of $54,987.08 due on account of post-petition services provided and costs incurred by Prosite to, or on behalf of, the debtor, Circuit City Stores, Inc. ("Circuit City") under various executory contracts with Circuit City and (ii) compelling Circuit City and its affiliated debtors (collectively, the "Debtors") to promptly pay the allowed amount of Prosite's administrative expense claim.

**JURISDICTION**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (FSB # 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel: (804) 697-2000  Fax: (804) 697-2100
*Counsel for Prosite Business Solutions, LLC*

Mary Elisabeth Naumann (KYB # 88328)
Jackson Kelly PLLC
175 E. Main St., Suite 500
Lexington, Kentucky 40507
Tel: (859) 255-9500  Fax: (859) 252-0688
*Counsel for Prosite Business Solutions, LLC*

**BACKGROUND**

2. On November 10, 2008 (the "Petition Date"), Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia.

3. From and after the Petition Date, the Debtors have continued to operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. Prior to the Petition Date, Prosite and Circuit City entered into a contractual relationship pursuant to a certain Master Services Agreement dated April 17, 2006 (the "MSA") (attached hereto as Exhibit A). Pursuant to the MSA, Prosite and Circuit City executed certain Statements of Work ("SOW") with each individual SOW specifying particular services to be completed by Prosite for the benefit of Circuit City.

5. On or about April 19, 2006, Prosite and Circuit City entered into that certain SOW known as an End User Software License Agreement, as amended April 9, 2007 (the "EUSLA" and together with the MSA, the "Agreement") (attached hereto as Exhibit B), pursuant to which Prosite granted Circuit City a license to use its ProBusinessTools software and its website, services and related software.

6. Pursuant to the Agreement, Prosite provided, and Circuit City received and accepted, certain post-petition software license services essential to the operation of the Debtors' business for the benefit of the Debtors' pre-petition creditors (the "Post-Petition Services"). These services provided Circuit City with the software platform that is used for Circuit City's Firedog™ customers' maintenance and installation service. Successful scheduling and maintenance of Circuit City's customers' maintenance and installation services would not have been possible without the Post-Petition Services.

2

7. On March 13, 2009, Circuit City unilaterally terminated the Agreement, and Prosite ceased providing services under the Agreement.

8. The unpaid amounts due and owing to Prosite for Post-Petition Services provided from February 1, 2009 through March 13, 2009 totaled at least $54,987.08 (the "Administrative Claim") (invoices dated December 28, 2008 and January 28, 2009 reflecting unpaid amounts for the Post-Petition Services attached hereto as Exhibit C).

9. The amounts owed by Circuit City to Prosite for the Post-Petition Services were actual, necessary costs and expenses of preserving the Debtors' estate.

## ARGUMENT

10. Section 503(b)(1)(A) of the Bankruptcy Code expressly provides that an administrative claim "shall be allowed" for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

11. Courts generally apply a two-part test in determining whether a claimant such as Prosite is entitled to payment of administrative expenses: "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." Devan v. SimonDeBartolo Group, L.P. (In re Merry-Go-Round Enters., Inc.), 180 F.3d 149, 157 (4th Cir. 1998); Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.), 64 F.3d 141, 145 n.2 (4th Cir. 1995) (citations omitted).

12. "That which is actually utilized by a Trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate [under § 503(b)] and should be accorded the priority of an administrative expense." Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 867 (4th Cir. 1994). Indeed, "[i]f the debtor-in-possession elects to continue to receive

3

benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." NLRB v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984).

13. Prosite's Administrative Claim under the Agreement unquestionably arose out of postpetition transactions between Prosite and Circuit City. As noted above, Prosite provided the Post-Petition Services to Circuit City after the Petition Date. The Debtors did not move to reject the Agreement before March 13, 2009, but rather required Prosite to perform its obligations under the Agreement until that date. Nevertheless, Circuit City has failed to pay for the services Prosite provided from February 1, 2009 through March 13, 2009.

14. The consideration supporting Prosite's right to payment was supplied to and beneficial to Circuit City in the operation of its business. Prosite's software was essential to Circuit City's ability to maintain the operation of its Firedog™ program, managing the completion of installation and service work for its customers required under that program. Without the Post-Petition Services provided by Prosite, Circuit City would have breached its obligations to its Firedog™ customers, resulting in negative consequences to its creditors and its estate: the return of merchandise sold at prices higher than those achieved by the Agent, the loss of sales to customers attracted by the promise of Firedog™ services, and the general disruption in business operations during a critical time in these bankruptcy proceedings. In addition, Prosite's Post-Petition Services preserved the value of the Debtors' assets, including its Firedog™ assets, while the Debtors marketed those assets for sale.

15. The amounts owed by Circuit City to Prosite for the Post-Petition Services were actual, necessary costs and expenses of preserving the Debtors' estate. Therefore, Prosite is entitled to an administrative claim on account of the Post-Petition Services.

## NO PRIOR REQUEST

16. No previous motion for the relief sought herein has been made by Prosite to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

17. Prosite respectfully requests that the Court treat this Motion as a written memorandum of points and authorities and waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(G). Prosite reserves the right to file a brief in reply to any objection to this Motion.

## RESERVATION OF RIGHTS

18. Prosite expressly reserves any and all of its rights under the Agreement, all other agreements between the parties, and applicable law. Nothing contained herein shall operate as a waiver of any of Prosite's claims, rights and remedies.

## CONCLUSION

WHEREFORE, Prosite Business Solutions, LLC respectfully requests that the Court enter an order allowing the Administrative Claim for $54,987.08; requiring Debtors to immediately pay Prosite on account of the Administrative Claim; and granting such further and other relief as the Court deems just and proper.

DATED: March 20, 2009                      Respectfully submitted,

                                               PROSITE BUSINESS SOLUTIONS, LLC

                                               By: /s/ Jennifer J. West
                                                    Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100

and

Mary Elisabeth Naumann (KYB #88328)
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, KY 40507
Phone: (859) 255-9500
Fax: (859) 252-0688

*Counsel for Prosite Business Solutions, LLC*

6

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing Motion of Prosite Business Solutions, LLC for Allowance and Payment of Administrative Expense Claim was served by U.S. Mail, First Class, postage prepaid or electronic means on this the 20th day of March, 2009 to the following constituting all necessary parties:

Daniel F. Blanks
Douglas M. Foley
McGuireWoods LLP
9000 World Trade Center,
101 W. Main Street
Norfolk, VA 23510

Dion W. Hayes
Joseph S. Sheerin
Sarah Beckett Boehm
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Gregg Galardi
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, DE 19899

Brad R. Godshall
Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

John D. Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

/s/ Jennifer J. West