Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
                                :
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION TO MODIFY ORDER UNDER BANKRUPTCY CODE
SECTIONS 105, 363, AND 365 (I) APPROVING BIDDING AND
AUCTION PROCEDURES FOR SALE OF UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASES, (II) SETTING SALE HEARING DATES AND
(III) AUTHORIZING AND APPROVING (A) SALE OF CERTAIN
UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES FREE AND
CLEAR OF ALL INTERESTS, (B) ASSUMPTION AND ASSIGNMENT OF
CERTAIN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND
(C) LEASE REJECTION PROCEDURES AUTHORIZING REJECTION OF
CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PERSONAL PROPERTY**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby move (the "Motion"), to modify the order dated February 19, 2009, under Bankruptcy Code sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property (the

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9954 Mayland Drive, Richmond, Virginia 23233.

"Bidding and Rejection Procedures Order").[2]  In support

of the Motion, the Debtors respectfully represent:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicate for the relief

requested herein are Bankruptcy Code sections 105 and

365.

### BACKGROUND

**A.    The Bankruptcy Cases.**

3.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

---

[2]    Unless otherwise indicated, capitalized terms not defined herein
       shall have the meanings ascribed to them in the Bidding and
       Rejection Procedures Order of February 19, 2009.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009, the Agent commenced going out of business sales ("GOB Sales") pursuant to the Agency Agreement at the Debtors' remaining stores.

**B.    The Bidding Procedures and Rejection Order.**

7.    In December 2008, the Debtors retained DJM Realty to, among other things, market for sale approximately 567 leases for the Debtors' retail stores and distribution centers.  Initially, DJM Realty marketed leases associated with stores closed by the Debtors during the early stages of these cases. Following the announcement of the GOB Sales, in early

February 2009, DJM Realty began marketing the Debtors'
remaining leases, which totaled approximately 567.

8.    On February 3, 2009, the Debtors filed a
motion seeking approval of the Bidding and Rejection
Procedures Order.  Therein the Debtors sought, among
other things, (i) approval to conduct a sale (the "Sale")
or other disposition of unexpired leases of
nonresidential real property for substantially all of
the Debtors' remaining retail stores, distribution
centers, and other non-corporate office locations or (ii)
rejection of such leases.  To effectuate the Sale or
other disposition of the remaining leases following the
conclusion of the GOB Sales, the Debtors sought three
types of relief.

9.    First, the Debtors sought entry of an
order approving bidding and rejection procedures for use
in conjunction with the Sale of the various leases and
for the rejection of all other leases not sold or assumed
before the Outside Rejection Date.

10.    Second, subject to the terms of the
Bidding and Rejection Procedures Order, at the omnibus
hearings held on March 3, 2009 and March 13, 2009 (each,
a "Sale Hearing"), the Debtors sought orders (the "Sale

5

Orders") authorizing and approving the Sale of certain of the leases to the highest or best bidder free and clear of all interests, including liens, claims and encumbrances, and including the assumption and assignment of such Leases.

11.   Finally, the Debtors sought authority under Bankruptcy Code sections 105(a) and 554 to abandon any equipment, furniture, or fixtures located at the underlying lease premises on the Rejection Date.

12.   In accordance with the terms of the Bidding and Rejection Procedures Order, the deadline to bid on the leases subject to March Sales was March 3, 2009, with the Final Sale Hearing occurring on March 13, 2009.

13.   On February 19, 2009, the court entered the Bidding and Rejection Procedures Order.

## RELIEF REQUESTED

14.   By this Motion, the Debtors seek to modify the Bidding and Rejection Procedures Order to exempt certain leases, (the "Leases") from the Automatic Rejection Date established in the Bidding and Rejection Procedures Order.  A list of the Leases is attached hereto as Exhibit A.  The Debtors request that all other

aspects of the Bidding and Rejection Procedures Order,
including sale and auction procedures and the Debtors'
right to reject the Leases and abandon property on the
Lease premises, on seven days' written notice, remain in
full force and effect with respect to the Leases.  To
the extent the Debtors further marketing efforts yield
or may yield one or more Qualified Bids on such Leases,
the Debtors will establish new bid deadlines, auction
dates and sale hearings on notice to interested parties,
including the landlords and subtenants, if any,
associated with such Leases.

### BASIS FOR RELIEF

15.  Pursuant to the terms of the Bidding and
Rejection Procedures Order, the Debtors proposed that
leases for which either (i) no Potential Purchaser has
submitted a Qualified Bid or (ii) the Debtors have not
served a Rejection Notice, shall be deemed rejected as of
the later of (a) March 31, 2009 for March Leases (the
"Automatic Rejection Date"), (b) the Sale Termination
Date, or (c) the date that the Debtors have surrendered
the premises to the applicable Lessor by fulfilling the
Rejection Requirements (as defined in the Bidding and

Rejection Procedures Order) (such date, the "Outside Rejection Date").

16.  As set forth above, without the relief requested herein the Leases identified on Exhibit A will be deemed automatically rejected on March 31, 2009 or a later date.

17.  The Debtors and their advisors believe that, with additional marketing time, the sale of the Leases could yield significant proceeds for their estates and stakeholders.  Moreover, because many of these locations have subtenants that remain current on rent and relatively low annual rent obligations, the Debtors do not believe that their estates will be burdened by significant administrative rent and related expenses that will accrue during the additional marketing period.  The Debtors accordingly seek to modify the Bidding and Rejection Procedures Order to allow additional time beyond the Automatic Rejection Date to determine whether to assume or reject the Leases.

18.  Accordingly, the Debtors request that the Leases be exempted from the Automatic Rejection Date of March 31, 2009, and that the Debtors be authorized to

provide seven days' written notice of rejection of the
Leases going forward, consistent with the Bidding and
Rejection Procedures Order.

### APPLICABLE AUTHORITY

19.   Bankruptcy Code section 365(a) provides
that a debtor, "subject to the court's approval, may
assume or reject any executory contract or unexpired
lease."  11 U.S.C. § 365(a).  A debtor's determination
to reject an executory contract is governed by the
"business judgment" standard.  See Lubrizol Enterprises,
Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043,
1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol
Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re
Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399
(Bankr. E.D. Va. 2001); see also In re HQ Global
Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003)
(stating that a debtor's decision to reject an executory
contract is governed by the business judgment standard
and can only be overturned if the decision was the
product of bad faith, whim, or caprice).

20.   Once the Debtors articulate a valid
business justification, "[t]he business judgment rule

'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

21.   The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

22.   Additionally, Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23.   Due to the sheer volume of nonresidential real property involved, and the attendant daily cost to

pay obligations on the leases, the Bidding and Rejection
Procedures Order provided for an expedited marketing
process to avoid unnecessary administrative expenses for
the Debtors' estates.  Following additional review of
their lease portfolio, the Debtors are seeking
additional time to market the Leases.  Allowing the
Debtors additional time to review the Leases to
determine whether the Leases have any marketable value
reflects the exercise of the Debtors' sound business
judgment and may ultimately maximize recovery for the
benefit of the Debtors' estates.  As such, exempting the
Leases from the Automatic Rejection Date is in the best
interest of the Debtors, their estates, their creditors,
and other parties in interest.

24.  Accordingly, granting the relief
requested herein is justified under Bankruptcy Code
sections 105 and 365.

**NOTICE**

25.  Notice of this Motion has been provided
to those parties entitled to notice under this Court's
Order Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy

Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures (Docket

No. 130; the "Case Management Order"), as well as the

Landlords under the Leases.  The Debtors submit that,

under the circumstances, no other or further notice need

be given.

### WAIVER OF MEMORANDUM OF LAW

26.  Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Motion and all applicable authority is

set forth in the Motion, the Debtors request that the

requirement that all motions be accompanied by a

separate memorandum of law be waived.

### NO PRIOR REQUEST

27.  No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: March 20, 2009
      Richmond, Virginia

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                Gregg M. Galardi, Esq.
                Ian S. Fredericks, Esq.
                P.O. Box 636
                Wilmington, Delaware 19899-0636
                (302) 651-3000

                        - and -

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                Chris L. Dickerson, Esq.
                333 West Wacker Drive
                Chicago, Illinois 60606
                (312) 407-0700

                        - and -

                MCGUIREWOODS LLP

                /s/ Douglas M. Foley       .
                Dion W. Hayes (VSB No. 34304)
                Douglas M. Foley (VSB No. 34364)
                One James Center
                901 E. Cary Street
                Richmond, Virginia 23219
                (804) 775-1000

                Counsel for Debtors and Debtors in Possession

**<u>Exhibit A</u>**
**(List of Leases)**

Exhibit A

| Store No. | Location Name | Landlord Name/Subtenant |
|---|---|---|
| 0232 | San Mateo Superstore | Concar Enterprises, Inc. |
| 0567 | Ardmore Distribution Center | Ardmore Development Authority |
| 0805 | Chesterfield Superstore | Sea Properties I, LLC |
| 3125 | Bloomingdale Superstore | Simon Property Group (Il) LP |
| 3140 | St. Cloud Superstore | St. Cloud Associates |
| 3364 | Fullerton Superstore | Orangefair Marketplace, LLC |
| 6116 (Sublease) | San Mateo Superstore | TJ Maxx |
| 6410 (Sublease) | St. Cloud Superstore | TVI Inc. (d/b/a Savers) |
| 6411 (Sublease) | St. Cloud Superstore | Consolidated Stores Corporation (d/b/a Big Lots) |
| 6484 (Sublease) | Bloomingdale Superstore | Dollar Tree Stores, Inc. |
| 9103 | Circuit City Corporate HQ (Dr3) | Inland western Richmond Mayland, LLC |