Augustus C. Epps, Jr., VSB No. 13254
Michael D. Mueller, Esquire, VSB No. 38216
Jennifer M. McLemore, Esquire, VSB No. 47164
Noelle M. James, Esquire, VSB No. 76001
Christian & Barton, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia 23219
Tel:  (804) 697-4100
Fax:  (804) 697-4112

Hearing Date:  April 14, 2009 at 12:00 a.m.

Objection Deadline: April 7, 2009

-and-

Michael R. Enright, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel:  (860) 275-8290
Fax:  (860) 275-8299
Email:  menright@rc.com

*Counsel for Sennheiser Electronic Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** ) | |
| ) | **Case No. 08-35653-KRH** |
| **Debtors.** ) | |
| ) | **Jointly Administered** |

**MOTION OF SENNHEISER ELECTRONIC CORP. FOR ENTRY OF AN ORDER
(i) RECOGNIZING SENNHEISER'S CLAIM AS TIMELY FILED, OR PERMITTING
THE FILING OF A PROOF OF CLAIM AFTER THE BAR DATE  and (ii) ALLOWING
AN ADMINISTRATIVE EXPENSE PURSUANT TO
<u>SECTION 503(b)(9) OF THE BANKRUPTCY CODE</u>**

Sennheiser Electronic Corp. ("Sennheiser") hereby moves for entry of an order recognizing that its claim was timely filed, or permitting it to file a general unsecured proof of claim after the bar date, and allowing it an administrative expense pursuant to 11 U.S.C. § 503(b)(9), as follows:

## I. Background

1. On November 10, 2008 (the "Petition Date"), the Debtors filed Chapter 11 petitions, and they remain in possession of their property and management of their businesses as debtors-in-possession.

2. Sennheiser supplied stereo headphone systems to Circuit City Stores, Inc. ("Circuit City"), one of the Debtors, both prior to and after the filing of the Chapter 11 petitions.

3. Upon learning of the bankruptcy filings on November 10, 2008, Sennheiser instructed its Connecticut counsel to issue a reclamation demand to Circuit City regarding goods received by Circuit City within the 45-day reclamation period specified in 11 U.S.C. § 546(c). A copy of the reclamation demand issued on that day to Circuit City and its counsel is attached hereto as Exhibit A (the "Reclamation Demand").

4. The Reclamation Demand attached an exhibit which listed each invoice for goods shipped and which may have been received in the 45-day reclamation period by invoice number, date and dollar amount. The total amount of unpaid invoices on the list was $396,479.02. The Reclamation Demand also specifically notified Circuit City and it counsel that Sennheiser also anticipated filing a § 503(b)(9) claim for the portion of the goods which not only had been delivered within the 45-day reclamation period, but also were delivered within the 20-day § 503(b)(9) period, but that it was still in the process of reconciling the actual delivery dates to determine the appropriate amount of the smaller § 503(b)(9) claim. Finally, the Reclamation Demand requested that Circuit City notify counsel of any procedures implemented by the Court regarding reclamation demands.

5. The Reclamation Demand was received by Circuit City and its counsel on November 11, 2008, by overnight delivery. Despite the request by counsel in the letter for notice

2

of any procedures implemented by the Court, counsel received no notices whatsoever from Circuit City or its counsel, either regarding reclamation procedures, Section 503(b)(9) claims, or otherwise.

6.     On November 12, 2008, the Court entered an Order granting the "Motion of Debtors for Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007." The Order set the last day for filing such claims as December 19, 2008, and required service of a notice of this deadline (the "§ 503(b)(9) Bar Date Notice").

7.     On November 24, 2008, Kurtzman Carson Consultants LLC (the "Claims Agent") filed its Affidavit of Service regarding the § 503(b)(9) Bar Date Notice, stating that it had been served by overnight mail sent on November 19, 2008, addressed to Sennheiser at two addresses.

8.     The first address listed on the Claims Agent's Affidavit of Service, "Sennheiser Electronic Corp, Jocelyn Nelson, 3615 Mayland Ct, Richmond, VA 23233," is not an address for Sennheiser. Jocelyn Nelson is a former employee of AB&T Sales Corp., an independent manufacturer's representative that has solicited orders for Sennheiser products. Nelson was previously employed by AB&T at that address. AB&T has advised Sennheiser that it did not receive any notices addressed to Sennheiser in the bankruptcy cases, and that if it had received any, it would have forwarded them promptly on to Sennheiser. Sennheiser has not received any such notices forwarded by AB&T. AB&T is not now and was not at any time an authorized recipient of mail for Sennheiser. (See Affidavit of Mark F. Tomasi, attached hereto as Exhibit B, hereinafter referred to as the "Tomasi Affidavit"). AB&T is an independent contractor without authority to accept mail for Sennheiser.

9.      The second address listed, "Sennheiser Electronic Corp, PO Box 30962, Hartford, CT 06150-0962," is the address for payment remittances for goods purchased from Sennheiser by its customers (the "Lockbox").  The Lockbox is under the control of Bank of America as part of the banking relationship between Sennheiser and Bank of America, and Bank of America is under no obligation to forward correspondence sent to the Lockbox to Sennheiser.  Any correspondence for Sennheiser received at the Lockbox is forwarded sporadically, if ever, to Sennheiser by Bank of America.  The Lockbox is not an address designated by Sennheiser for receipt of correspondence.  Instead, each invoice issued by Sennheiser prominently displays its business address at the top of the invoice, which is 1 Enterprise Drive, Old Lyme, CT 06371.  See Tomasi Affidavit.

8.      Sennheiser never received the § 503(b)(9) Bar Date Notice.  See Tomasi Affidavit.

9.      On December 10, 2008, the Court entered its "Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof" setting January 30, 2009 as the last day for filing proofs of claim with the Claims Agent, and requiring service of the Notice of Deadline for Filing Proofs of Claim (the "General Bar Date Notice") on creditors.

10.     On December 24, 2008, the Claims Agent filed its Affidavit of Service regarding service of the General Bar Date Notice, stating that the General Bar Date Notice was served by regular mail sent on December 19, 2008 to Sennheiser at three addresses.  Two of the listed addresses were the same as previously listed regarding the § 503(b)(9) Bar Date Notice, and discussed hereinabove, and were ineffective and inadequate for the reasons previously described.

4

The third address listed was the business address of Sennheiser at 1 Enterprise Drive, Old Lyme, CT.

11. Sennheiser did not receive any notices whatsoever in the bankruptcy cases until January 23, 2009, when it received a copy of the General Bar Date Notice that had been received at some point prior to that at the Lockbox, and which Bank of America ultimately forwarded to Sennheiser. See Tomasi Affidavit.

12. Mark Tomasi, the Credit Manager of Sennheiser, immediately prepared and mailed a proof of claim to the Claims Agent on that same day, in accordance with the instructions provided with the General Bar Date Notice. A copy of the proof of claim mailed by Tomasi to the Claims Agent on January 23, 2009 is attached to the Tomasi Affidavit, which is Exhibit B hereto.

13. A month later, on February 23, 2009, Tomasi decided to check on the status of the Circuit City case, to ascertain the likelihood of any distribution on Sennheiser's claim. In reviewing the information available at the Claims Agent's website, Tomasi was unable to locate any evidence of the proof of claim that he had mailed to the Claims Agent on January 23. The only information on the Claims Agent's website regarding amounts owed to Sennheiser was on the schedule of nonpriority unsecured claims filed by the Debtors, which correctly lists the approximate amount of Sennheiser's general unsecured claim, but designates the claim as "contingent" and "disputed", without further explanation or basis.

14. Tomasi immediately generated another proof of claim form and overnighted it to the Claims Agent on February 23. He also telephoned the Claims Agent at that time to inquire about his submission of the claim and the reason why it was not listed.

## II.  Relief Sought

15. The Court should permit the filing by Sennheiser of its general unsecured claim in the amount of $714,200.08, as reflected on the claim it mailed on January 23, 2009 to the Claims Agent, and which Sennheiser subsequently overnighted to the claims agent on February 23, 2009, as a timely claim.

16. The Court should allow Sennheiser an administrative claim in the amount of $269,417.40 pursuant to § 503(b)(9), representing the value of goods delivered by Sennheiser to Circuit City Stores, Inc. during the 20-day period immediately prior to the Petition Date.

## III.  Argument

A.  **Sennheiser Timely Submitted Its General Unsecured Claim**

17. The General Claims Bar Date was January 30, 2009. As evidenced in the Tomasi Affidavit, Sennheiser deposited its proof of claim in the U.S. Mail a full week prior, sufficient for timely receipt by the Claims Agent. Sennheiser is entitled to the benefit of a presumption that its proof of claim, timely mailed, was received by the Claims Agent, absent clear and convincing evidence from the Claims Agent that the proof of claim was not received. See Matter of Nimz Transportation, Inc., 505 F.2d 177 (7th Cir. 1974); Matter of Kero-Sun, 63 B.R. 50 (Bankr. D. Conn. 1986). Sennheiser's proof of claim should be considered timely filed.

B.  **Excusable Neglect**

18. Alternatively, should the Court conclude that proof of mailing is insufficient under the circumstances, or that the Debtors have overcome the presumption created by the timely mailing of the proof of claim form, Sennheiser submits that it should be permitted under the principles expounded in Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993) to file its claim late.

19. Despite the Claims Agent's assertion that it mailed a copy of the General Bar Date Notice to Sennheiser at its business address, the Tomasi affidavit sufficiently evidences lack of receipt of the notice. Sennheiser's U.S. operation consists of approximately 75 employees, and if received the notice would have been provided by Sennheiser's staff to Tomasi. Procedures were in place at all relevant times to ensure that Tomasi would have received it. Had the notice been misdirected to another Sennheiser employee, they would have routed the notice either to Tomasi or back to the receptionist for identification and rerouting. In fact, the only notice that arrived at Sennheiser was forwarded from the Lockbox, and received just one week prior to the last day for filing claims. The failure of notice to Sennheiser prior to this late point in the period available for filing, negatively affected Sennheiser by severely limiting its time for action on the matter.

20. Whether Sennheiser's January 23 proof of claim actually arrived at the offices of the Claims Agent or not, having received this late notice, Tomasi nonetheless took very reasonable steps to assure that the proof of claim was timely filed. All information necessary for the filing was included on the claim form that he submitted, along with invoice copies, by mail on January 23. If, in fact, it was neglectful to utilize first class U.S. mail to deliver the package, rather than one of the overnight services, that neglect was certainly excusable under the circumstances. Tomasi had no reason to believe that the U.S. Postal Service would fail to deliver the package on time, let alone lose it altogether. Furthermore, Tomasi took the additional reasonable step of following up on the status of the claim, and promptly called the Claims Agent to inquire and notify it of the problem one month later, when he first ascertained that there might be a delivery issue.

21. Furthermore, there is no prejudice to the Debtors, only the avoidance of a windfall. The Debtors were well aware of the amount that they owed to Sennheiser, having scheduled Sennheiser in the approximate amount owed. And there is no dispute that the goods in question were delivered by Sennheiser to Circuit City Stores, Inc., and that those goods were not paid for by the Debtors.

22. Finally, the re-filed February 23 proof of claim was ultimately received by the Claims Agent only 24 days after the bar date, long before any misplaced reliance could occur, and in circumstances where the short delay could not have had any conceivable impact on the bankruptcy proceedings.

23. The delay was caused by lack of receipt of a timely notice, and Sennheiser acted as soon as it reasonably could under the circumstances. Finally, at all times, Sennheiser acted with the utmost good faith.

**C.    Lack of Notice of § 503(b)(9) Bar Date**

24. The Claims Agent did not serve notice of the § 503(b)(9) Bar Date upon Sennheiser's business address, instead sending it only addressed to a former employee at Sennheiser's sales representative, and to the Lockbox, which was designated for payment remittances, not general correspondence. As evidenced by the Tomasi Affidavit, neither of these means of service was successful, and no notice of the § 503(b)(9) Bar Date was ever served on Sennheiser. Absent constitutionally adequate notice, Sennheiser's § 503(b)(9) claim cannot be barred, and the attempt at notice was inadequate and ineffective. City of New York v. New York, New Haven & Hartford Railroad Co., 344 U.S. 293 (1953); Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 451 (4th Cir. 2007); J.A. Jones, Inc. v. Zurich American Ins. Co., 492 F.3d 242, 249 (4th Cir. 2007).

8

**D.    Informal Proof of Claim**

25.    The Reclamation Demand received by Circuit City and its counsel on November 11, 2008 adequately identified the goods that Sennheiser shipped to Circuit City which had been received by Circuit City during the 20-day period. The Reclamation Demand identified the invoices by invoice number, dollar amount and date. The text of the letter stated that Sennheiser intended to pursue a § 503(b)(9) claim, but that Sennheiser would need to verify the delivery (rather than shipment) dates, which would require further research. Subsequent efforts to determine actual receipt dates for these items substantiates an allowable § 503(b)(9) claim of $269,417.40. Because all necessary information regarding the § 503(b)(9) claim was included in the Reclamation Demand and its attachment, it advised the Debtors of Sennheiser's intention to pursue allowance and payment of the claim, and it was provided to the Debtors on the day after the Petition Date, the Reclamation Demand should be treated as an informal proof of claim and Sennheiser's § 503(b)(9) claim should be allowed in its full amount. Fyne v. Atlas Supply Co., 245 F.2d 107 (4th Cir. 1957); In re Rowe Furniture, Inc., 2008 Bankr. LEXIS 1441 (Bankr. E.D. Va. 2008).

**IV.    Conclusion**

Although the Court must be mindful of the necessity to put in place an orderly claims process that has deadlines and does not reward lack of diligence, the Court should recognize that notice systems can fail, with inequitable results for creditors with substantial and valid claims. As an equitable institution, the Court should permit less formal communications to be considered in the claims allowance process, and excuse lack of compliance if the creditor acted in good faith and in a way that did not prejudice the Debtors, other creditors, or the process. In this case, Sennheiser has actively provided all relevant information to the Debtors and the Claims Agent,

9

and its valid administrative and general unsecured claims should be recognized and treated as timely filed.

WHEREFORE, Sennheiser respectfully requests that the Court enter an order allowing its § 503(b)(9) claim in the amount of $269,417.40, deeming timely filed (or permitting the late filing of) Sennheiser's general unsecured claim in the amount of $714,200.08, and for such other and further relief as the Court may deem proper and just under the circumstances.

Dated: March 20, 2009                              **CHRISTIAN & BARTON, L.L.P.,**

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Tel:  (804) 697-4100
Fax:  (804) 697-4112

-and-

Michael R. Enright, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel:  (860) 275-8290
Fax:  (860) 275-8299
Email:  menright@rc.com

*Counsel for Sennheiser Electronic Corp.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller