Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC., et :   Case No. 08-35653 (KRH)
al.,                          :
                              :
        Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(b) AND 503(c)(3) APPROVING A WIND DOWN INCENTIVE AND RETENTION PLAN AND AUTHORIZING PAYMENT OF WIND DOWN INCENTIVE PAY TO PLAN PARTICIPANTS**

Upon the motion (the "Motion")[1] of the Debtors[2] for

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing
*(cont'd)*

entry of an order, under Bankruptcy Code sections 105 and 363(b), approving the Wind Down Incentive and Retention Plan and authorizing, but not directing, payment of wind down incentive and retention pay to Plan Participants; and this Court having fully considered the record before it; and it appearing that the relief requested by the Motion as modified in this Order and the Exhbits hereto is supported by the Committee and in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

1.   Given the services of Plan Participants beyond their ordinary course responsiblities in connection with the liquidation and wind down process in these chapter

_____

*(cont'd from previous page)*
Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

11 cases, the Wind Down Incentive and Retention Plan, as approved by this Order, is designed to appropriately compensate (i) the Tier I Plan Participants to ensure that they remain motivated to perform the requisite tasks to efficiently wind down the Debtors' business and (ii) to retain the Tier II Plan Participants to ensure that the Debtors can conduct an orderly, efficient and effective wind down of their business.

  2. The full experience, expertise, unique skills, and enthusiastic involvement of the Plan Participants will be beneficial to the Debtors' efforts to maximize value for their estates.

  4. The Plan Participants are the personnel of the Debtors with the necessary skill and experience to ensure that the liquidation process and the Debtors' eventual winding down produces the best result and maximum value for the Debtors and their estates.

  5. The Debtors have demonstrated sound business justifications for authorizing the Wind Down Incentive and Retention Plan.

  6. In approving the Wind Down Incentive and Retention Plan subject to this Court's approval, the members

of the Compensation Committee acted on an informed basis, in good faith and in the honest belief that such action was in the best interests of the Debtors, their estates, and their creditors.

7. The terms of the Wind Down Incentive and Retention Plan proposed by the Debtors after consultation with their professionals and approval of the Compensation Committee and subsequently modified in this Order and the Exhibits attached hereto based on discussions and negotiatons with the Committee and its professionals are fair and reasonable under the circumstances and provide a substantial benefit to the estates.

8. The terms of the Wind Down Incentive and Retention Plan are appropriate under the facts and circumstances as presently exist in these bankruptcy cases.

9. The Wind Down Incentive and Retention Plan is not governed by Bankruptcy Code section 503(c)(1) or (c)(2).

10. As it pertains to Tier I Plan Participants, the Wind Down Incentive and Retention Plan is primarily a performance-based plan that is not subject to the

limitations on retention and severance plans set forth in Bankruptcy Code section 503(c).

11.   Each of the Tier II Plan Participants are not "insiders" (as defined in the Bankruptcy Code).  As such, Bankruptcy Code section 503(c) does not apply to any payments to the Tier II Plan Participants.

12.   The Discretionary Bonus Pool is designed to ensure the retention of critical employees through the conclusion of the wind down process.

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED to the extent set forth herein.  All objections or responses to the Motion not otherwise resolved are hereby OVERRULED.

2.    The Motion is adjourned to a date and time to be determined with respect to James Marcum.

3.    Pursuant to Bankruptcy Code sections 105, 363 and, to the extent applicable, 503(c)(3), the Wind Down Incentive and Retention Plan is APPROVED as modified here and in Exhibits 1, 2 and 3 attached hereto.

4. The Debtors are authorized, but not directed, to implement the Wind Down Incentive and Retention Plan for the Plan Participants.

5. The Debtors are authorized, but not directed, to make payments to the Plan Participants in accordance with the Wind Down Incentive and Retention Plan.

6. Any and all payments to (a) the Tier I Plan Participants shall be made in accordance with (i) the Tasks set forth on Exhibit 1 hereto and (ii) the provisions of Exhibit 2 hereto and (b) to Tier II Plan Participants shall be made in accordance with the provisions of Exhibit 3 hereto.

7. The Wind Down Board is authorized, but not directed, to make payments from two hundred and fifty thousand dollars ($250,000) of the Discretionary Bonus Pool to any employee then employed by the Debtors or their successor(s), including (without limitation) the five Tier I Plan Participants associated with Task I and any Tier II Plan Participants, but excluding all other Tier I Plan Participants; provided, however, that such Tier I Plan Participants are only eligible to participate in the Discretionary Bonus Pool on account of amounts due under and

associated with Task I and only if the net recovery of sale of inventory is at least greater than $833 million, which would result in a seventy-five percent (75%) bonus to such Plan Participants, or $856 million, which would result in a one hundred percent bonus (100%) to such Plan Participants.

8.  With the consent of the Creditors' Committee or further order of this Court, the Wind Down Board is authorized, but not directed, to make payments from the remaining five hundred thousand dollars ($500,000) of the Discretionary Bonus Pool to any employee then employed by the Debtors or their successor(s), including (without limitation) the five Tier I Plan Participants set forth on Exhibit 3 and any Tier II Plan Participants, but excluding all other Tier I Plan Participants.

9.  The Debtors are authorized to reconstitute the Wind Down Board from time to time, including (without limitation) to reduce or increase the number of board members and remove or replace board members.

10. All payments under the Wind Down Incentive and Retention Plan shall be allowed administrative expenses of the Debtors' estates under Bankruptcy Code section 503(b).

11. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

12. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:     Richmond, Virginia
           _____, 2009

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**EXHIBIT 1**

**(Tasks)**

**Circuit City**
**Management Incentive Plan - Incentive Tasks**

|  |  | 100% Bonus | Target 75% Bonus | 50% Bonus |
|---|---|---|---|---|
| Task I | Achieve a guaranteed net recovery from sale of inventory of at least: |  |  | > $810M |
| Task II | When compared to current wind down budget, maintain variance of wind-down expenses from sale date through GOB (Week 11) to be no less than: | 12.0% | 8.0% | 5.0% |
| Task III | Close the call centers by the following dates and reject sufficient leases to reduce rent and utilities by no less than $0.2M per month | 2/14/09 | 2/28/09 | 3/14/09 |
| Task IV | Paydown Senior Lender including maintaining sufficicent cash to collaterize LC's by the following dates: | 2/14/09 | 2/28/09 | 3/14/09 |
| Task V | Close the distribution centers by the following dates in order to position the company to be able to reject the distribution center leases reducing rent and utilities by approximately $2.0M per month | 2/14/09 | 2/28/09 | 3/14/09 |
| Task VI | Close the corporate headquarters building DR1 by the following dates in order to position the company to be able to reject the lease reducing rent and utilities by approximately $0.3M per month | 2/28/09 | 3/15/09 | 3/31/09 |
| Task VII | Close the corporate headquarters building DR3 by the following dates in order to position the company to be able to reject the lease reducing rent and utilities by approximately $0.4M per month | 4/30/09 | 5/31/09 | 6/30/09 |
| Task VIII | Prepare and document exit strategy for key contracts to allow the company to maximize potential benefits (i.e. Chase, IBM, Hewitt) | 3/31/09 | 4/30/09 | 5/31/09 |
| Task IX | Prepare and document exit strategy for the wind down benefit plans (including health plans, 401-K plan, pension plan) that enables the company to be able to recapture any overfunded positions by at least $10M in aggregate by: | 3/31/09 | 4/15/09 | 4/30/09 |
| Task X | Close the service centers and reject leases by the following dates in order to reduce rent and utilities by no less than $0.3M per month | 2/28/09 | 3/31/09 | 4/30/09 |
| Task XI | Completion of fiscal 2009 tax returns that will result in collections of income tax refund of at least $16M and sales leaseback refund of at least $50M prior to: | 7/15/09 | 9/15/09 | 11/15/09 |
| Task XII | Prepare and document warranty refund paperwork which will result in proceeds of at least: | > $100M | > $75M | > $50M |
| Task XIII | Completion of merchandise chargebacks, refunds, price adjustments etc paperwork against 503(b)(9) claims that reduces administrative burden on estate which results in set-offs and/or proceeds of at least: | > $100M | > $75M | > $50M |
| Task XIV | Review listing of administrative expenses as of sale date and research any chargebacks/reductions against these payables which results in set-offs and/or proceeds of at least: | > $15M | > $10M | > $5M |
| Task XV | Review and research listing of Letters of Credit as of sale date which results in cancellations of at least: | > $20M | > $15M | > $10M |
| Task XVI | Successfully obtain court approval of sale of Canadian assets resulting in proceeds to US of at least: | > $50M | > $25M | > $15M |
| Task XVII | Successfully obtain court approval to sell internet assets resulting in proceeds of no less than: | >$8M | >$6M | >$4M |
| Task XVIII | Market and negotiate sale agreements of other assets such as corporate jets, real estate, leases, FF&E, etc which when consummated will result in proceeds of at least: | > $100M | > $75M | > $50M |
| Task XIX | Successful archival of records complying with documents retention policy to faciliate accessibility to wind down team | 3/31/09 | 4/30/09 | 5/31/09 |
| Task XX | Completion of advertising agreements with 400+ newspapers which could save the company significant advertising penalties prior to: | 2/1/09 | 2/14/09 | 2/28/09 |
| Notes | Individuals who voluntarily resign or are terminated for cause prior to the incentive bonus being fully earned will not be eligible for the bonus. |  |  |  |

**EXHIBIT 2**

**(Tier I Plan Participants)**

**[UNDER SEAL]**

**EXHIBIT 3**

**(Tier II Plan Participants)**

**[UNDER SEAL]**