Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

      - and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession  

        IN THE UNITED STATES BANKRUPTCY COURT  
        FOR THE EASTERN DISTRICT OF VIRGINIA  
               RICHMOND DIVISION

- - - - - - - - - - - - - - - x  
In re:                         :    Chapter 11  
                               :  
Circuit City Stores, Inc.,     :    Case No. 08-35653(KRH)  
et al.,                        :  
                               :  
           Debtors.            :    Jointly Administered  
- - - - - - - - - - - - - - - x  

**DEBTORS' OBJECTION TO MOTION FOR AN ORDER GRANTING  
ADEQUATE PROTECTION AND GRANTING ALLOWANCE AND PAYMENT  
OF ADMINISTRATIVE EXPENSE CLAIM**

        The debtors and debtors in possession in the above-captioned jointly administered cases (collectively,

1

the "Debtors"),[1] hereby submit this objection (the "Objection") to the Motion for Entry of an Order Granting Adequate Protection and Granting Allowance and Payment of Administrative Expense Claim (D.I. 2483) (the "Motion") by Port Arthur Holdings, III Ltd. ("Port Arthur") and 610 and San Felipe, Inc. ("San Felipe," together with Port Arthur, the "Movants").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.    The Bankruptcy Cases.**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.   On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

      3.   At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent"). On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634). The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

**B.   The Port Arthur and San Felipe Leases.**

      4.   Both Port Arthur and San Felipe are parties to leases with Circuit City Stores, Inc. ("Circuit City"). Port Arthur leases property in Port Arthur, TX (the "Port Arthur Lease") to Circuit City. San Felipe leases property in Houston, TX (the "San Felipe Lease" and together with the Port Arthur Lease, the "Leases") to Circuit City. Copies of the Port Arthur and San Felipe Leases are annexed as Exhibits A and B, respectively.

3

5. On February 19, 2009, the Court entered an order establishing bidding and rejection procedures with respect to the Debtors' unexpired leases of non-residential real property (D.I. 2242; the "Bidding and Rejection Procedures").

6. Pursuant to the terms of the Bidding and Rejection Procedures Order, the Port Arthur Lease was rejected effective March 11, 2009. Additionally, the San Felipe Lease was rejected effective March 10, 2009.

**C.   The Court's Prior Rulings.**

7. On February 12, 2009, the Court issued its Memorandum Opinion (D.I. 2107; the "Opinion") wherein the Court supplemented its ruling denying the immediate payment of Stub Rent from the December 22, 2008 hearing. In the Opinion, the Court, among other things, ruled that the Debtors were required to pay obligations that have both accrued and were due under the terms of the respective leases. Opinion at 12.

8. On the same day the Opinion was issued, certain landlords filed a motion seeking, among other things, relief similar to that requested by the Movants. Specifically, such landlords requested entry of an order

4

granting adequate protection and allowance and payment of an administrative expense claim for taxes that had not become due under the terms of the respective leases (the "Cole Adequate Protection Motion") (D.I. 2115).

9. Relying in part on the Opinion, on March 3, 2009, this Court denied such landlords' requests for adequate protection relating to 2009 taxes, but preserved such landlords' right to file administrative claims when the 2009 taxes became due (D.I. 2393).

## SUMMARY OF ARGUMENT

10. By the Motion, the Movants request allowed administrative expense claims on account of real property tax obligations, payable during the period commencing January 1, 2009 and ending on the applicable Rejection Date (the "2009 Taxes") (i) to Port Arthur, in the amount of $12,342.99 and (ii) to San Felipe, in the amount of $37,360.05. Additionally, the Movants ask that the Court order the Debtors to provide adequate protection of the Movants' property interests by making the immediate payment of 2009 Taxes to such parties in such amounts. The Debtors object to each of the Movants' requests. In particular, the Debtors object on

5

the basis that this Court correctly concluded (in the context of the Cole Adequate Protection Motion) that similar relief should be denied and the material facts are no different here.

**OBJECTION**

**I.   THE MOVANTS ARE NOT ENTITLED TO ADMINISTRATIVE EXPENSE CLAIMS ON ACCOUNT OF 2009 TAXES NOT DUE UNDER THE LEASES.**

11.   The Motion requests allowance of administrative expense claims on account of the 2009 Taxes.  This request should be denied because the 2009 Taxes are not due under the Leases.  The Movants implicitly admit this much by requesting allowance of administrative expense claims for the 2009 Taxes under Bankruptcy Code section 503(b), rather than immediate payment of the 2009 Taxes as Bankruptcy Code 365(d)(3) obligations.

12.   Pursuant to the terms Port Arthur Lease, the Debtors have no obligation to reimburse Port Arthur for 2009 Taxes until thirty (30) days before such taxes are due to the respective governmental entity. Specifically, the Port Arthur Lease provides that:

> Tenant shall pay Tenant's Share of Taxes within thirty (30) days after Landlord submits to Tenant a tax bill for such Taxes and a statement setting forth the manner in which Tenant's Share of Taxes is calculated, or thirty (30) days before the same are due and payable, whichever is later.

Port Arthur Lease at ¶ 6.02.

13. Port Arthur has not presented any tax bills to the Debtors covering the 2009 tax period. And, upon information and belief, the 2009 Taxes are not due to the respective governmental entity until January 31, 2010. Accordingly, consistent with the Court's prior rulings, the Debtors are not obligated to pay the 2009 Taxes because the 2009 Taxes are not due. See Opinion at 12 (ruling that the Debtors need pay only obligations that have both accrued and are due under the terms of the lease).

14. Likewise, pursuant to the terms of the San Felipe Lease, the Debtors have no obligation to pay the 2009 Taxes until San Felipe provides the Debtors with a statement accompanied by the underlying tax bill from the respective governmental entity. Specifically, the San Felipe Lease provides that:

7

> At such intervals as Landlord is required to pay the Real Estate Taxes, Tenant shall pay Tenant's Pro Rata Share of Real Estate Taxes . . . levied against the tax parcel or parcels comprising the Shopping Center. . . . Tenant shall pay Tenant's Pro Rata Share of Real Estate Taxes within thirty (30) days after Tenant's receipt of Landlord's statement therefore, accompanied by the tax bill on the basis of which such statement is rendered.

San Felipe Lease at ¶ 9(b).

15. San Felipe has not presented any tax bills to the Debtors covering the 2009 tax period. Upon information and belief, the 2009 Taxes are not due to the respective governmental entity until January 31, 2010. Accordingly, consistent with the Court's prior rulings, the Debtors are not obligated to pay the 2009 Taxes because the 2009 Taxes are not due. See Opinion at 12.

16. The terms of the Port Arthur Lease and the San Felipe Lease do not require an accelerated payment of the 2009 Taxes. Accordingly, the Court should deny the Movants' request for allowance of administrative expense claims on account of the 2009 Taxes, as they are not due under the terms of the Leases.

**II. NEITHER SECTION 365(D)(3) NOR 503(B)(1) JUSTIFY AN ADMINISTRATIVE EXPENSE CLAIM ON ACCOUNT OF 2009 TAXES.**

    **A. Bankruptcy Code Section 365(d)(3) Does Not Require Payment Of The 2009 Taxes.**

17. Pursuant to Bankruptcy Code section 365(d)(3), the Debtors must "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property. . . ." 11 U.S.C. 365(d)(3).

18. As this Court has pointed out in its Opinion, the Bankruptcy Code does not define what it means to "timely" perform. See Opinion at 9 ("*Timely* is not a defined term in the Bankruptcy Code."). However, the Court ruled that "timely" as used in section 365(d)(3) "refers to the time of performance under the lease terms." Opinion at 12. Thus, pursuant to Bankruptcy Code section 365(d)(3), the Debtors have an obligation to make immediate payment for obligations that have both accrued and are due under the terms of the Leases. See Opinion at 12 (holding that the accrual method "does not change the temporal element of the lease term regarding payment – the time for performance

9

of the payment obligation"); In re Pudgie's Development of NY, Inc., 239 B.R. 688, 694 (S.D.N.Y. 1999) ("The plain meaning of section 365(d)(3) requires that the landlord obtain payment as lease obligations become due."); In re Ernst Home Center, Inc., 209 B.R. 955, 964 (W.D. Wash. 1997) (refusing to order debtor to pay taxes not yet due under the lease because "[s]ection 365(d)(3) does not require acceleration of tax payments," but rather payment only when such obligations are due under the lease); see also In re Metals USA, Inc., 2004 WL 771096 at *5 (Bankr. S.D. Tex. Jan. 15, 2004) (denying landlord rent where not yet due and payable under conditions of the lease).

19. With respect to 2009 Taxes, although such Taxes may have accrued, such Taxes have not become due under the Leases. See ¶¶ 10, 12, supra. Thus, the Movants' request should be denied based prior interpretations of Bankruptcy Code section 365(d)(3).

20. Moreover, granting the Movants their requested relief on account of obligations that are not yet due under the Leases would not serve the purpose behind the enactment of section 365(d)(3). As has been

recognized in this District, "[t]he intent behind the enactment of section 365(d)(3) was to prevent landlords from becoming involuntary creditors of the debtor's estate," such that landlords "cannot be required to provide post-petition services without payment for such current services."  In re Trak Auto Corp., 277 B.R. 655, 668 (Bankr. E.D. Va. 2002) rev'd. on other grounds, 367 F.3d 237 (4th Cir. 2004).  Where the 2009 Taxes are not due to the Movants under the Leases, nor to the respective governmental entity from the Movants, the Movants are not being deprived of any rights.  See id. at 663.  Thus, the Movants can hardly be considered creditors at all, much less involuntary creditors.  See id. at 663 (noting that a debtor's taxes are a sunk cost of the landlord, not a current expense of allowing the debtor to remain in possession of the leased premises and, as a corollary, that the debtor's continued occupancy did not increase the landlord's burden or make the landlord an involuntary creditor).

   21.  Finally, refusing to grant the relief requested on account of obligations under section 365(d)(3) before such obligations are both due and

accrued respects the longstanding principle that bankruptcy law does not alter the contractual rights of parties absent some overriding federal interest.  See Tidewater Finance Co. v Kenney, 531 F.3d 312 (4th Cir. 2008) (refusing to grant creditor rights greater than those afforded under contract with debtor); Butner v. United States, 440 U.S. 48, 55 (1979) ("Unless some federal interest requires some different results, there is no reason why [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.")  The principal of respecting non-bankruptcy contract rights is particularly important in this instance -- not only is there no overriding federal interest in allowing the Movants to receive payment of the 2009 Taxes from the Debtors, but the federal interests promoted by the Bankruptcy Code demand, again, that the Movants must not receive super-priority over other administrative expense creditors.  See, e.g., Opinion at 13; Trak Auto, 277 B.R. at 668; Virginia Packaging Supply, 122 B.R. at 495.

12

22.  Therefore, because the 2009 Taxes are not yet due under the Leases, this Court should deny the Movants' request under Bankruptcy Code section 365(d)(3).

**B.  The 2009 Taxes Do Not Constitute Administrative Expenses Under Bankruptcy Code Section 503(B)(1).**

23.  Administrative expenses under Bankruptcy Code section 503(b)(1)(A) are limited to "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).  For an expense to be granted administrative priority under Bankruptcy Code section 503(b), the Court must find that the expense was an <u>actual</u> expense of the estate <u>and</u> that payment of the expense is <u>necessary</u> to preserve the Debtors' estate. <u>See</u> <u>Ford Motor Credit Co. v. Dobbins</u>, 35 F.3d 860, 866 (4th Cir. 1994) ("The modifiers 'actual' and 'necessary' must be observed with scrupulous care[.]") (citation omitted).

24.  As the party filing an administrative expense request, the Movants bear the burden of proving that their expense is entitled to administrative priority under Bankruptcy Code section 503.  <u>See</u>, <u>e.g.</u>, <u>In re Merry-Go-Round Enterprises V. Simon Debartolo</u>

13

Group, 180 F.3d 149, 157 (4th Cir. 1999) (holding that the creditor "has the burden of proving that its administrative claim . . . is an actual and necessary expense"); Ford Motor Credit Co., 35 F.3d at 866 (same).

25. Moreover, "[a]dministrative expenses are narrowly construed because they run counter to the central premise of bankruptcy distributions which is a pro rata distribution among all creditors." In re Computer Learning Ctrs., Inc., 298 B.R. 569, 577 (Bankr. E.D. Va. 2003).

26. The 2009 Taxes requested in the Motion are not "actual" costs of preserving the estate because the Movants have not yet been billed for them or billed the Debtors. See Trak Auto, 277 B.R. at 664, (stating that an amount claimed as an administrative expense "must be for an actual expense and cannot be based on an estimate"); see also In re HNRC Dissolution Co., 371 B.R. 210, 225 (E.D. Ky. 2007), aff'd 536 F.3d 683 (6th Cir. 2008) (finding that expenses are not "actual" because they are "not yet realized"); In re Federated Dept. Stores, Inc., 270 F.3d 994, 1001 (6th Cir. 2001) ("[A]

14

tax is incurred when it accrues and becomes a fixed liability.").

28. Upon information and belief, the Movants have absolutely no knowledge as to their 2009 real estate tax liability. Despite this lack of knowledge, the Motion specifically seeks $5,228.63 per month for the Port Arthur Property and $16,049.04 per month for the San Felipe Property. See Motion at ¶¶ 13.

28. The Movants appear to have arrived at these figures by using an estimation based on their 2008 real estate tax liability. Because an estimation is not "actual", the Movants have failed to satisfy their burden under Bankruptcy Code section 503(b).

29. Accordingly, the Court should deny the Movants' request for allowance of administrative expenses on account of the 2009 Taxes.

**III. THE MOVANTS' REQUEST FOR ADEQUATE PROTECTION SHOULD BE DENIED.**

30. The Movants assert that they are entitled to adequate protection under Bankruptcy Code section 363(e). Bankruptcy Code Section 363(e) states that "on request of an entity that has an interest in property

15

used, sold, or leased . . . by the trustee, the court . . . shall . . . condition such use, sale, or lease as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

31.  The Debtors disagree, as a general principle, that landlords are entitled to seek adequate protection of their interests under section 363(e).  See In re O-Jay Foods, Inc., 110 B.R. 895, 897-98 (Bankr. D. Minn. 1989); In re Wheeling-Pittsburgh Steel Corp., 54 B.R. 385, 390 (Bankr. W.D. Pa. 1985); In re Sweetwater, 40 B.R. 733, 745 (Bankr. D. Utah 1984).  Rather landlords must rely solely on the protections granted to them in section 365.  See Wheeling-Pittsburgh, 54 B.R. at 390; Sweetwater, 40 B.R. at 745.

32.  In 1994, Section 363(e) was amended to add the language stating that the subsection "also applies to property that is subject to any unexpired lease of personal property."  11 U.S.C. § 363(e).  As multiple courts have reasoned, the explicit inclusion of personal property lessors -- without the inclusion of real property lessors -- suggests that Congress did not intend for section 363(e) to grant real property lessors

16

the right to adequate protection.  See Sweetwater, 40 B.R. at 743.  This interpretation is appropriate given that a debtor need not make lease payments to personal property lessors during the first 60 days of the case, whereas the debtor is not similarly excused from performing current obligations under real property leases.  Compare 11 U.S.C. § 365(d)(5) with 11 U.S.C. § 365(d)(3).

33.  Given this interpretation, real property lessors rights are limited to those under Bankruptcy Code section 365, which does not provide for adequate protection.  Bankruptcy Code section 361, which specifies appropriate forms of adequate protection may be provided, refers only to sections 362, 363 and 364.  11 U.S.C. §361.  But, Bankruptcy Code section 361 does not refer to section 365, which governs unexpired nonresidential real property leases.  See id.

34.  Even assuming section 363(e) grants real property lessors the right to seek adequate protection, the Movants' request should be denied.

35.  As the basis for their request for adequate protection, the Movants merely assert that the

17

Debtors are in the process of liquidating and going out of business and that the Debtors have not even suggested administrative expense claims will be paid in full.

36. First, the Debtors believe they have no obligation to suggest administrative expense claims will be paid in full. The Debtors could not make such an assertion at this point in time when the administrative claim bar date has not even been established. And, if, in the end, the Debtors could not pay all administrative expense claims in full, there is no justification for providing the Movants with super-priority treatment, which would result if the Court granted the Movants' adequate protection request.

37. Second, and somewhat ironically, court-ordered adequate protection would not provide the Movants with their requested relief -- that is, full payment of taxes not yet due. See Ernst Home, 209 B.R. at 966-67 ("[A]dequate protection is not meant to be a guarantee that a creditor is to be paid in full." (citing In re Mellor, 734 F.2d 1396, 1401 (9th Cir. 1984) and In re Martin, 761 F.2d 472, 477 (8th Cir. 1985)); In re Reice, 88 B.R. 676, 685-86 (Bankr. E.D. Penn. 1988)

(refusing to hold that "adequate protection requires payment of the full monthly lease payments" while accepting debtor's payments amounting to just more than half of the payments originally due as adequate protection); Ernst Home, 209 B.R. at 966 (denying landlord's request that funds be escrowed or claims be given section 364(c)(1) priority because landlord was adequately protected under section 365(d)(3) and section 507(a) based on debtor's ability to pay real estate taxes and fact that debtor was current on lease payments); cf. In re RB Furniture, Inc., 141 B.R. 706, 713 (Bankr. C.D. Cal 1992) (noting that to the extent that rent is not paid, section 363(e) requires some form of adequate protection, possibly less than required under the lease).

38.  The Debtors have already made or are arranging to make payment of all obligations under the Leases that are both accrued and due.  Accordingly, the Debtors have satisfied section 365(d)(3), which is all that the Movants are entitled to receive.

39.  Based on the foregoing, the Court should deny the Movants' request for adequate protection.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) sustain this Objection, (ii) deny the Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: March 26, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley            .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession