| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD AND LIMITING NOTICE OF DEBTORS' MOTION FOR ORDER APPROVING LETTER AGREEMENT BY AND AMONG THE DEBTORS AND A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP WF, LLC, HUDSON CAPITAL PARTNERS, LLC, SB CAPITAL GROUP, LLC AND TIGER CAPITAL GROUP, LLC PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move this Court (the "Motion to Shorten Notice") for an order under section 102 of the title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") approving shortened and limited notice for Debtors' Motion for Order Approving Letter Agreement by and among the Debtors and a joint venture comprised of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (together, the "Agent") Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019 (the "9019 Motion").  In support of the Motion to Shorten Notice, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 102 and Bankruptcy Rules 2002, 9006 and 9007.

**BACKGROUND**

**A.   The Bankruptcy Cases.**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent. On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**B. The Going Out of Business Sales Agreement.**

7. In January 2009, the Debtors began soliciting offers from liquidation firms to conduct store closing sales at five hundred sixty seven (567) retail store locations and distribution centers (the "Remaining Stores") and to liquidate the Debtors' inventory and certain other assets therein (the "GOB Sales").

8. On January 12, 2009, the Court entered an order authorizing the Debtors to conduct one or more auctions for a sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

9. At the conclusion of an auction held on January 15, 2009, the Debtors determined that the highest and otherwise best bid for their assets was presented in the form of a bid to liquidate the Debtors' inventory at the Remaining Stores and was the bid submitted by the joint

venture comprised of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (together, the "Agent").  Thus, on January 15, 2009, the Debtors and the Agent executed a agency agreement (the "Agency Agreement").[2]

10.  On January 16, 2009, the Court approved the Agent's bid and the Agency Agreement and authorized the Debtors to conduct going out of business sales at the Remaining Stores (D.I. 1634; the "GOB Order").  The Agent commenced going out of business sales at the Debtors' Remaining Stores on January 17, 2009.

11.  As of March 8, 2009 the GOB Sales at the Remaining Stores had concluded.

**RELIEF REQUESTED**

12.  By this Motion to Shorten Notice, the Debtors request entry of an order shortening the notice period and limiting notice of the 9019 Motion so that it can be heard, considered and ruled upon by the Court at a hearing on March 30, 2009.

---

[2] On November 4, 2008, the Debtors and Agent amended and restated the Agency Agreement to address certain non-material issues that arose following October 31, 2008.

**BASIS FOR RELIEF**

13.  Concurrently herewith, the Debtors filed the 9019 Motion, asking the Court to approve that letter agreement between the Agent and the Debtors (the "Letter Agreement") under Bankruptcy Rule 9019, as well as Bankruptcy Code sections 105 and 363.

14.  The Debtors believe it is in the best interests of the Debtors' estates, creditors and other parties in interest for the 9019 Motion to be heard at the hearing on March 30, 2009 at 10:00 a.m.  The Debtors are seeking authorization and approval of the 9019 Motion at this time because the settlement is favorable to the Debtors, their estates, their creditors, and all parties in interest.  Moreover, the settlement is conditioned on the approval of the 9019 Motion on March 30, 2009.  Additionally, the Committee has consented to the relief sought in the 9019 Motion.

15.  Moreover, the Debtors propose to provide notice of the 9019 Motion to (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) counsel to the agent for the DIP Lenders; (iii) counsel to Creditors' Committee; (iv) parties who have requested notice pursuant to Bankruptcy Rule 2002; and (v) the Core Group (as

defined in the Case Management Order entered on November 13, 2008 at Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given and in light of the circumstances, such notice is reasonably calculated to provide timely and adequate notice to the Debtors' major creditor constituencies and those parties most interested in these cases.

### WAIVER OF MEMORANDUM OF LAW

16. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Shorten Notice and all applicable authority is set forth in the Motion to Shorten Notice, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form annexed hereto, granting the relief requested herein, and (ii) such other and further relief as may be just and proper.

7

```
Dated: March 26, 2009
       Richmond, Virginia      SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                       - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               333 West Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                       - and -

                               MCGUIREWOODS LLP

                               /s/ Douglas M. Foley_____
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession
```

**[Proposed Order]**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x
```

**ORDER GRANTING DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD AND LIMITING NOTICE OF DEBTORS' MOTION FOR ORDER APPROVING LETTER AGREEMENT BY AND AMONG THE DEBTORS AND A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP WF, LLC, HUDSON CAPITAL PARTNERS, LLC, SB CAPITAL GROUP, LLC AND TIGER CAPITAL GROUP, LLC PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019**

Upon consideration of the Debtors' Motion for Order

Shortening Notice Period and Limiting Notice (the "Motion")

of Debtors' Motion for Order Approving Letter Agreement by and among the Debtors and a joint venture comprised of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (together, the "Agent") Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rule 9019 (the "9019 Motion"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Notice of the 9019 Motion is shortened so that it may be heard, considered and ruled upon by the Court at a hearing on March 30, 2009 at 10:00 a.m.

3. Notice of the 9019 Motion is limited to the parties as set forth in the Motion.

4. This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
        _____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                            /s/ Douglas M. Foley

\8362480.1