IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **Circuit City Stores, Inc.,** *et al.*, | : Case No. 08-35653 (KRH) |
| | : |
| Debtors. | : |

**OBJECTION AND DEMAND FOR ADEQUATE PROTECTION OF
T.J. MAXX OF CA, LLC REGARDING DEBTORS' MOTION
TO MODIFY BIDDING AND AUCTION PROCEDURES FOR SALE
OF UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES**

T. J. Maxx of CA, LLC, a Delaware limited liability company ("TJM"), by and through its counsel, respectfully submits this objection and demand for adequate protection (the "Objection") to *Debtors' Motion to Modify Order Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Motion") filed by Circuit City Stores, Inc. and its affiliated debtors in possession (collectively, the "Debtors") with respect to TJM's sublease at South Grant

---

William A. Gray, Esquire – VSB #46911
Lisa Taylor Hudson, Esquire – VSB #45484
C. Thomas Ebel, Esquire – VSB #18637
Peter M. Pearl, Esquire – VSB #22344
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:     (804) 783-7291

-And-

Steven T. Hoort, Esquire
Heather J. Zelevinsky, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7470
Fax:  (617) 235-0054
   *Attorneys for T.J. Maxx of CA, LLC*

Plaza, 1880 South Grant Street, San Mateo, California, also known as Circuit City Store location # 232.

## FACTUAL BACKGROUND

1. Pursuant to a lease dated December 29, 1986 (as amended or extended, the "Overlease"), Circuit City Stores, Inc., or one of its successors, leases retail space at South Grant Plaza, 1880 South Grant Street, San Mateo, California (the "Property"). The Debtors are in possession of a portion of the Property where they operate a retail store known as Circuit City Store location # 232 (the "San Mateo Circuit City Store"). According to the Debtors' schedules, the term of the Overlease expires on October 31, 2015.

2. Pursuant to a sublease dated July 31, 1987 (as amended or extended, the "TJM Sublease"), TJM subleases from the Debtors approximately 24,077 square feet of retail space (the "San Mateo Property") on the Property. The TJM Sublease was assigned to TJM by The TJX Companies, Inc. pursuant to an Assignment and Assumption Agreement dated January 30, 1998 (the "Assignment Agreement"). TJM is in possession of the San Mateo Property, where it currently operates a retail store under the name T.J. Maxx, adjacent to the San Mateo Circuit City Store. The term of the TJM Sublease expires on October 31, 2015. Copies of the TJM Sublease, the Memorandum of Lease for the TJM Sublease, and the Assignment Agreement are attached to TJM's *Objection and Demand for Adequate Protection of T.J. Maxx of CA, LLC Regarding Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363, and 365 (I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction*

2

and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief* (the "Sale Objection") [Docket No. 1586], which is incorporated herein by reference to the extent applicable.

## PROCEDURAL HISTORY

3.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the *United States Code* (the "*Bankruptcy Code*"). The Debtors continue to manage their property as debtors in possession pursuant to Sections 1107 and 108 of the *Bankruptcy Code*.

4.      On December 10, 2008, this Court entered an *Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 882], establishing the deadline for the Debtors to assume or reject unexpired leases on nonresidential real property by the earlier of June 8, 2009, and the date of the entry of an order confirming a plan of reorganization (the "365(d)(4) Deadline").[1]

5.      On February 19, 2009, this Court entered an *Order Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interest (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* [Docket No. 2242], and on February 27, 2009 this Court entered a *Supplemental Order Under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline in Connection with Bidding and Auction Procedures for Sale of Certain Unexpired Nonresidential Real Property Leases* [Docket No. 2346] (together, the

---

[1] The 365(d)(4) Deadline presumably only applies to leases under which the Debtors act as lessee.

3

"Bid Procedures Order"). The Bid Procedures Order establishes March 31, 2009, as the date on which "March Leases" will be deemed rejected if (i) no bids are submitted or (ii) the Debtors have not already served a rejection notice and surrendered the premises.

6. On March 10, 2009, the Debtors posted on the noticing agent's website a Results of Lease Auction, which indicated that the Property was withdrawn from the auction.

7. On March 20, 2009, the Debtors filed the Motion.

## BASIS FOR OBJECTION

8. Multiple bids were received on the Overlease at the auction but the Overlease was nonetheless withdrawn from the auction process. On present information and belief, the Debtors have no intent to reject the Overlease, but are actively marketing the Overlease. If the Debtors decide to change their approach and to reject the Overlease, TJM, as subtenant, is entitled to more than seven (7) days' notice of rejection of the Overlease. The Debtors have not shown cause or the need to reject the Overlease.

9. TJM, in addition, reasserts and incorporates by reference, the bases of its *Limited Objection to Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interest (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "Limited Objection") [Docket No. 2058], which was never heard or ruled on by this Court.

10. TJM repeats its demand for adequate protection pursuant to Section 363(e) of the *Bankruptcy Code*, insofar as the Debtors impair or purport to impair TJM's possessory interest in the San Mateo Property.

4

11.TJM continues to reserve the right to elect to remain in possession of the San Mateo Property, as permitted under Section 365(h) of the *Bankruptcy Code*, insofar as the Debtors reject or purport to reject the TJM Sublease and/or the Overlease.

## WAIVER OF MEMORANDUM OF LAW

12.Pursuant to *Local Bankruptcy Rule* 9013-1(G), TJM respectfully requests that the Court waive the requirement for a separate memorandum of law containing points and authorities on the basis that either this Objection contains no novel issues of law and/or that the applicable legal authority is already set forth herein sufficiently in this Objection.

## PRIOR REQUEST

13.TJM previously sought the relief requested herein in TJM's Sale Objection and Limited Objection.

**WHEREFORE**, by reason of the foregoing and/or any further arguments made at any hearing hereon, TJM, by counsel, respectfully requests that (i) any final order granting the Motion be modified pursuant to the terms of this Objection, thereby sustaining and granting the bases of this Objection in favor of TJM, or alternatively, (ii) the Motion be denied in its entirety, and (iii) TJM be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**T.J. MAXX OF CA, LLC**

    /s/ Lisa Taylor Hudson
William A. Gray, Esquire – VSB #46911
Lisa Taylor Hudson, Esquire – VSB #45484
C. Thomas Ebel, Esquire – VSB #18637
Peter M. Pearl, Esquire – VSB #22344
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone: (804) 648-1636
Fax: (804) 783-7291

-And-

Steven T. Hoort, Esquire
Heather J. Zelevinsky, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7470
Fax: (617) 235-0054
   *Attorneys for T.J. Maxx of CA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List:

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
  *Attorneys for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
  *Attorneys for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware 19899-0636
  *Attorneys for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
  *Attorneys for Debtors*

Robert Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
  *Office of the U.S. Trustee*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
  *Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
  *Special Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan, P.C.
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
  *Counsel for Bank of America, N.A.*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
  *Counsel for the Official Committee Of Unsecured Creditors*

/s/ Lisa Taylor Hudson