```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653-KRH
et al.,                         :
                                :
              Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February 3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and certain of its subsidiaries, debtors and debtors in possession in the above-captioned cases (collectively,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) approving the bidding and auction procedures for sale of certain nonresidential real property leases (the "Bidding Procedures"), (ii) setting dates for sale hearings, and (iii) authorizing and approving (a) the sale (the "Sale") of certain unexpired nonresidential real property leases (the "Leases", comprising the February Leases and the March Leases, each as defined in the Motion) free and clear of all interests, including liens, claims, and encumbrances (collectively, the "Interests"), (b) the assumption and assignment of the Leases, and (c) lease rejection procedures for any Leases that are not sold in connection with the foregoing; and the Court having entered the Order under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and Clear of All Interests, (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures (the "Bidding and Rejection Procedures Order"); and the Court having entered the Supplemental Order under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline In Connection With Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases (the "Supplemental Order"), which established a revised bid deadline of March 3, 2009 and amended the Bidding Procedures; and upon the record of the auction conducted on March 10, 2009 (the "Auction") and the hearing held on March 13, 2009 (the "Sale Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

    B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

    C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

    D.    The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

    E.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including the lessor (the "Lessor") for the lease related to store number 3699 (the "Store") located at 750 Central Park Avenue, Yonkers, New York (together with any and all related lease documents and subleases associated therewith, if any, the "Lease").

4

F. The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G. After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H. The Lessor wishes to terminate the Lease.

I. The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the termination of the Lease.

J. Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

2. The Lease Termination Agreement attached hereto as <u>Exhibit A</u> is approved in its entirety.

3. The Lease is terminated.

4. The Debtors and the Lessor are hereby relieved of any further obligations to each other except as expressly stated in the Lease Termination Agreement.

5. Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located at the Store, and such Abandoned Property is deemed abandoned on the Effective Date to the Lessor free and clear or all liens, claims and other interests. The Lessor may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

6. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

7.    This Court shall retain jurisdiction to enforce the provisions of this Order and the termination of the Lease.

Dated:   Richmond, Virginia
         March __, 2009

Mar 23 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on Docket: 3/24/09

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

7

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                       /s/ Douglas M. Foley___
                                       Douglas M. Foley

# **EXHIBIT A**

**LEASE TERMINATION AGREEMENT**

## **LEASE TERMINATION AGREEMENT**

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 13, 2009 by and between Circuit City Stores, Inc. as debtor and debtor-in-possession ("Tenant") and AAC Cross County Mall, LLC ("Landlord").

WHEREAS, Tenant and Landlord are parties to a certain lease dated as of September 27, 1996 (as the same may have been amended or extended, the "Lease") pursuant to which Tenant leases from Landlord certain premises located at Tenant's store no. 3699, Yonkers Superstore (the "Premises").

WHEREAS, on November 10, 2008 (the "Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court").

WHEREAS, the parties now wish to terminate the Lease on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the Landlord's waiver of its claims for Tenant's unpaid pre-petition use and occupancy of the Premises and rejection damages, and the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows:

1.  The Lease is terminated as of the later of the date (i) Tenant surrenders possession of the Premises to Landlord by delivering the keys and/or key codes to Landlord, and (ii) Court approval of this Agreement, but in no event later than 11:59 p.m. (Eastern Time) on March 31, 2009 (the "Termination Date").

2.  Tenant will effectively surrender possession of the Premises in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court.

3.  Upon approval of this Agreement by the Bankruptcy Court and in consideration of the termination of the Lease as provided by this Agreement, the Landlord will waive its claims against the Tenant for unpaid pre-petition rent and rejection/termination damages. Otherwise, the Landlord does not waive any claims for the payment of rent and related charges accruing under the Lease from the Petition Date through the Termination Date. Tenant agrees that Landlord shall have an allowed administrative claim for rent and related charges under the Lease for Tenant's occupancy of the Leased Premises from November 10, 2008 through November 30, 2008. Tenant agrees to pay and Landlord has a claim for all monthly rent and other monthly charges due and payable under the Lease accruing from the Petition Date through the Termination Date; provided, however, that Tenant's obligation to pay for monthly rent and other charges accruing from the Petition Date through November 30, 2008, shall be governed by prior Bankruptcy Court orders (and subsequent orders or appeals) and nothing herein shall be construed to conflict with the relief granted by such orders.

4.  As of the Termination Date, except as to the obligations expressly set forth in this

Agreement, the parties hereby release and discharge each other and their respective affiliates, successors and assigns of and from all manner of actions, causes of action, suits, debits, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, claims and demands whatsoever, in law or in equity which either ever had, now has or hereafter can, shall or may have against each other or their affiliates successors or assigns for, upon or by reason of any matter, cause or thing whatsoever relating to or arising out of the Lease, or the Premises.

5. This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

6. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors, and assigns, including any chapter 11 or 7 trustee appointed in these cases.

7. Each of the parties signing below on behalf of the Landlord and the Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.

8. The laws of the State of New York shall govern the interpretation and enforcement of this Agreement. All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction, or venue and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court.

9. This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

3

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement, as of this 13th day of March, 2009.

| LANDLORD | TENANT |
|---|---|
| AAC Cross County Mall, LLC | Circuit City Stores, Inc. |
| By:_____ | By:_____ |
| Name: | Name: |
| Title: | Title: |

3

# CERTIFICATE OF NOTICE

```
District/off: 0422-7           User: jafarbayj              Page 1 of 1                  Date Rcvd: Mar 24, 2009
Case: 08-35653                 Form ID: pdforder            Total Served: 1

The following entities were served by first class mail on Mar 26, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                              TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 26, 2009**            **Signature:** *Joseph Speetjens*