Hearing Date: April 14, 2009
at 10:00 a.m.

Objection Deadline: April 7, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:

CIRCUIT CITY STORES, INC., et al.,

Debtors,

GOOGLE, INC.,

Movant,

v.

CIRCUIT CITY STORES, INC., et al.,

Respondent.

Case No. 08-35653-KRH

Chapter 11 (Jointly administered)

MOTION OF GOOGLE INC. FOR ENTRY OF AN ORDER: (A) ALLOWING AND
COMPELLING THE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM TO
GOOGLE, INC.; AND (B) COMPELLING ASSUMPTION OR REJECTION OF
SERVICES, OR IN THE ALTERNATIVE, LIFTING THE AUTOMATIC STAY TO
PERMIT TERMINATION OF SERVICES

Google, Inc. ("Google"), by and through their undersigned counsel, moves this Court for entry of an Order: (a) pursuant to §§ 503(a) and 503(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), compelling payment of administrative expenses to Google; (b) pursuant to § 365(d)(2) of the Bankruptcy Code, compelling Circuit City Stores, Inc., *et al.* ("Circuit City" or the "Debtor") to assume or reject the Postini email and security services

Paul K. Campsen, Esq. (VSB No. 18133)
Ann K. Crenshaw, Esq. (VSB No. 19538)
Kaufman & Canoles, a professional corporation
150 West Main Street (23510)
Post Office Box 3037
Norfolk, VA 23514
Tele: (757) 624-3000
Fax: (757) 624-3169

*Co-Counsel for Google, Inc.*

Wendy W. Smith, Esq.
California Bar No. 133887
Binder & Malter, LLP
2775 Park Avenue
Santa Clara CA 95050
Tele: (408) 295-1700
Fax: (408) 295-1531

*Co-Counsel for Google, Inc.*

("Postini Services"); or, alternatively, pursuant to § 362(d)(1) of the Bankruptcy Code and Fed.R.Bankr.P. 4001, vacating the automatic stay to permit Google to terminate the services (the "Motion"). In support of the Motion, Google respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 10, 2008 (the "Petition Date") Circuit City (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. Google and its various affiliates had a long standing relationship with the Debtor to provided advertising and email services to the Debtor prior to the Petition Date. Google provided services to the Debtor, including Adwords, Circuit City Site Targeting, Circuit City Fanalyst Google Content Network, YouTube-Fanalysts, and Circuit City Mobile. Google and its affiliate, Google Affiliate Network, Inc., previously known as Performics, Inc., provided the "DoubleClick Performics" product and the "Quixtar" product to the Debtor. Finally, Google provided and provides internal email support/security services, known as "Postini," to the Debtor.

4. After the Petition Date, the Debtor continued to use Google's services. Google has provided a total of $2,250,708.50 in services to the Debtor post-petition (the "Google Administrative Claim"). Although in January, 2009 the Debtor terminated the Google and Google Affiliate Network services, the Debtor continues to use the Postini Services, which are related to the Debtor's email service. The value of the Postini Services provided to the Debtor

2

from the Petition Date through March 19, 2009 is $31,663.50. The Debtor has not paid for any of the post-petition services. A summary of Google's post-petition charges is attached as "**Exhibit A**" and further explained in the accompanying Declaration of Michael Trinh in Support of Motion of Google, Inc. for Payment of Administrative Expense Claim, which is attached as **Exhibit B** and referred to as the "Trinh's Decl.".

5. The Debtor used Google's various advertising services during the pendency of the Chapter 11, including the the height of the holiday marketing season. The Debtor obtained immediate and essential benefit from Google's advertising services.

## RELIEF REQUESTED

6. Section 503 of the Bankruptcy Code provides that, after notice and a hearing, the Court shall allow an administrative claim for the "actual and necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b)(1)(A).

7. Google is entitled an allowed administrative claim against the Debtor's bankruptcy estate for the post-petition charges because the services Google delivered, and continues to deliver, are actual and necessary expenses of the estate. *Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters, Inc.)*, 180 F.3d 149, 157, (4th Circ. 1998). The Debtor and the estate received immediate and essential benefits from Google post-petition services.

8. In a case under chapter 11 of the Bankruptcy Code, the trustee or debtor in possession is afforded until confirmation to determine whether to assume or reject executory contracts. 11 U.S.C. § 365(d)(2). However, the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

3

9. Google requests that the Court enter an order compelling the Debtor to assume or reject the Postini Services. In the circumstance that the Debtor assumes the Postini Services, Google requests that the Court compel the Debtor to cure the Administrative Claim, as well as any pre-petition amounts due and owing.

10. Alternatively, this Court should lift the automatic stay to permit Google to terminate the Postini Services. Section 362 of the Bankruptcy Code governs, among other things, motions seeking relief from the automatic stay.

11. The amount owed to Google by the Debtor for the post-petition period to date is $2,250,708.50. (Trinh's Decl. ¶2, 5-7; Ex. A, B, C, D).

## WAIVER OF THE MEMORANDUM OF LAW

Google respectfully asks the Court to treat this Motion as a written memorandum of points and authorities and to waive the requirement of Local Bankruptcy Rule 9013-1(G).

## CONCLUSION

BASED UPON THE FOREGOING, Google respectfully requests that this Court enter an order: (a) granting the Motion; (b) allowing Google a Chapter 11 administrative claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code in the amount of $2,250,708.50; and (c) directing the Debtor to pay Google this sum immediately; (d) the entry of an order compelling the Debtor to assume or reject the Postini Services, or, in the alternative, lifting the automatic stay to allow Google to terminate the Postini Services.

Dated: March 27, 2009                                                  **GOOGLE, INC.**

                                                               By:     _/s/ Paul K. Campsen_
                                                                              Of Counsel

4

Paul K Campsen, Esq. (VSB No. 18133)
Ann K. Crenshaw, Esq. (VSB No. 19538)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele: (757) 624-3000
E-mail: pkcampsen@kaufcan.com

Wendy W. Smith, Esq.
 California Bar No. 133887
Binder & Malter, LLP
2775 Park Avenue
Santa Clara CA 95050
Tele: (408) 295-1700
E-mail: wendy@bindermalter.com
*Co-Counsel for Google, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion of Google, Inc. for Entry of an Order: (A) Allowing and Compelling the Payment of Administrative Expense Claim to Google, Inc.; and (B) Compelling Assumption or Rejection of Services, or in the Alternative, Lifting the Automatic Stay to Permit Termination of Services was sent on this 27th day of March, 2009, to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

/s/ Paul K. Campsen

::ODMA\PCDOCS\DOCSVB\8323446\5