Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP     One James Center
One Rodney Square     901 E. Cary Street
PO Box 636     Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:            :   Chapter 11
             :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653-KRH
et al.,           :
             :
        Debtors.  :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO TERMINATE UNEXPIRED LEASE
OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of motion, dated February

3, 2009 (the "Motion"),[1] of Circuit City Stores, Inc. and

certain of its subsidiaries, debtors and debtors in

possession in the above-captioned cases (collectively,

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

the "Debtors"), for orders under sections 105(a), 363

and 365 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) approving the bidding and

auction procedures for sale of certain nonresidential

real property leases (the "Bidding Procedures"), (ii)

setting dates for sale hearings, and (iii) authorizing

and approving (a) the sale (the "Sale") of certain

unexpired nonresidential real property leases (the

"Leases", comprising the February Leases and the March

Leases, each as defined in the Motion) free and clear of

all interests, including liens, claims, and encumbrances

(collectively, the "Interests"), (b) the assumption and

assignment of the Leases, and (c) lease rejection

procedures for any Leases that are not sold in

connection with the foregoing; and the Court having

entered the Order under Bankruptcy Code Sections 105,

363, and 365 (I) Approving Bidding and Auction

Procedures for Sale of Unexpired Nonresidential Real

Property Leases, (II) Setting Sale Hearing Dates and

(III) Authorizing and Approving (A) Sale of Certain

2

Unexpired Nonresidential Real Property Leases Free and
Clear of All Interests, (B) Assumption and Assignment of
Certain Unexpired Nonresidential Real Property Leases
and (C) Lease Rejection Procedures (the "Bidding and
Rejection Procedures Order"); and the Court having
entered the Supplemental Order under Bankruptcy Code
Sections 105, 363, and 365 Approving Amended Bid
Deadline In Connection With Bidding And Auction
Procedures For Sale Of Unexpired Nonresidential Real
Property Leases (the "Supplemental Order"), which
established a revised bid deadline of March 3, 2009 and
amended the Bidding Procedures; and upon the record of
the auction conducted on March 10, 2009 (the "Auction")
and the hearing held on March 13, 2009 (the "Sale
Hearing"); and after due deliberation thereon, and
sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested

---

[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and
1334(b).

B.    Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and
1409.  This is a core proceeding within the meaning of
28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief
requested in the Motion are Bankruptcy Code sections
105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006,
and 9014.

D.    The notice of the Motion, the Auction,
and the Sale Hearing given by the Debtors constitutes
due and sufficient notice thereof.

E.    A reasonable opportunity to object or be
heard regarding the relief in this Order has been
afforded to all interested persons and entities,
including the lessor (the "Lessor") for the lease
related to store number 3343 (the "Store") located at
1505 South Colorado Boulevard, Denver, Colorado
(together with any and all related lease documents and
subleases associated therewith, if any, the "Lease").

4

F.    The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion, the Bidding and Rejection Procedures Orders and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

G.    After an auction held on March 10, 2009, the Debtors determined that the highest and best Qualified Bid was that of the Lessor.

H.    The Lessor wishes to terminate the Lease and any subleases on the premises on which the Store is located.

I.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease and any subleases on the premises on which the Store is located.

J.    Based on the foregoing findings of fact
and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND
DECREED THAT:**

1.    The Motion is granted as set forth
herein.

2.    The Lease Termination Agreement attached
hereto as <u>Exhibit A</u> is approved in its entirety.

3.    The Lease and any subleases on the
premises on which the Store is located is terminated
pursuant to the terms of the Lease Termination
Agreement.

4.    The Debtors and the Lessor are hereby
relieved of any further obligations to each other except
as expressly stated in the Lease Termination Agreement.

5.    Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
improvements, furniture, fixtures, equipment, inventory
and/or any other personal property ("Abandoned
Property") located at the Store, and such Abandoned
Property is deemed abandoned on the Rejection Date to

---

[3]   Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

the Lessor free and clear or all liens, claims and other

interests.   The Lessor may, in its sole discretion and

without further notice, use, transfer or dispose of such

Abandoned Property without liability to the Debtors or

any third parties claiming an interest in such Abandoned

Property.

        6.    This Order shall be effective and

enforceable immediately upon entry and shall not be

stayed pursuant to Rules 6004(h) or 6006(d).

7.   This Court shall retain jurisdiction to
enforce the provisions of this Order and the termination
of the Lease.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        – and –

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley___
Douglas M. Foley

**<u>EXHIBIT A</u>**

**LEASE TERMINATION AGREEMENT**

## LEASE TERMINATION AGREEMENT

LEASE TERMINATION AGREEMENT (the "Agreement"), dated as of March 13, 2009, by and between Circuit City Stores, Inc., a Virginia Corporation, as debtor and debtor in possession ("Tenant") and CC-Investors-1997-4, a Delaware Business Trust ("Landlord").

WHEREAS, Landlord and Tenant are parties to a certain lease dated March 30, 1997 (as the same may have been amended or extended, the "Lease"), pursuant to which Tenant leases from Landlord certain premises located at 1505 South Colorado Boulevard, Denver, CO (the "Premises"), known as Store No. 3343.

WHEREAS, on November 10, 2008, ("Petition Date"), Tenant filed a chapter 11 petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") in Case No. 08-35653-KRH.

WHEREAS, the parties now wish to terminate the Lease on the terms and conditions set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The Lease is terminated as of the date that Tenant surrenders possession to the Premises to the Landlord and, in any event, no later than March 31, 2009 (the "Termination Date").

2.      Tenant will effectively surrender possession of the Premises in accordance with the Order Authorizing and Approving Lease Rejection Procedures entered by the Bankruptcy Court.

3.      Upon approval of this Agreement by the Bankruptcy Court having jurisdiction over Tenant's chapter 11 case, and in consideration of the termination of the Lease as provided under this Agreement, Landlord shall provide to Tenant consideration in the form of a waiver or the Final Cure Amount (as such term is defined in the Circuit City Stores, Inc. Bidding Procedures as approved by the Bankruptcy Court, the "Consideration").

4.      Upon surrender of the Premises to Landlord and Tenant's compliance with the terms of this Agreement, Landlord releases Tenant from any and all obligations and liabilities under the Lease, including (without limitation) any claims pursuant to Bankruptcy Code sections 365 or 502 or 503(b) or otherwise and any year-end adjustments.

5.      This Agreement is subject to and effective upon the entry of an order by the Bankruptcy Court authorizing Tenant to enter into this Agreement.

6.      Any subleases of the Premises are hereby terminated  and rejected by the Debtor effective contemporaneously with the termination of the Lease.

7.      Landlord and Tenant expressly acknowledge and agree that no security deposit remains held by Landlord or refundable to Tenant with respect to Tenant's occupancy or vacation of the Premises.

8.	This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns, including any chapter 11 or 7 trustee appointed in these cases.

9.	Each of the parties signing below on behalf of the Landlord and Tenant hereby represents and warrants to the other party that he or she is duly authorized to execute and deliver this Agreement on behalf of the party for whom such person is acting.

10.	The laws of the State of Virginia shall govern the interpretation and enforcement of this Agreement.  All controversies and disputes arising hereunder shall be resolved in the Bankruptcy Court. Landlord and Tenant consent to personal jurisdiction, waive any objection as to personal jurisdiction or venue, and agree not to assert any defense based on personal jurisdiction or venue in the Bankruptcy Court only as to any disputes arising under or related to this Agreement.

11.	This Agreement may be executed in counterpart originals, with all counterparts constituting one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused their duly authorized representatives to execute this Lease Termination Agreement under seal, as of this _____ day of March, 2009.

CC-Investors-1997-4

By: _____

Name:
Title:

CIRCUIT CITY STORES, INC., a Virginia Corporation,
as debtor and debtor in possession in
Case No. 08-35653-KRH

By: _____

Name:
Title:

STATE OF _____		)
				) ss.
COUNTY OF _____		)

On this _____ day of _____, 2009, before me the undersigned, a Notary Public in and for said County and State, personally appeared _____, to me personally known, who being by me duly sworn, did say the he is the Administrative Trustee of CC Investors 1997-4, a Delaware business trust, that said instrument was signed on behalf of said corporation by authority of its Board of Directors, and said John Higgins acknowledged said instrument to be the free act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in _____, the day and year last above written.

_____
Notary Public in and for Said County and State

_____
(Type, print or stamp the Notary's name below his or her signature.)

My Commission Expires:

_____

STATE OF _____                    )
                                  ) ss.
COUNTY OF _____                   )

On this _____ day of _____, 2009, before me the undersigned, a Notary Public in and for said County and State, personally appeared _____, to me personally known, who being by me duly sworn, did say the he is the _____, of Circuit City Stores , Inc. a Virginia corporation, Debtor and Debtor-in-Possession, and that said instrument was signed on behalf of said corporation,, and that said _____ acknowledged said instrument to be the free act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in _____, the day and year last above written.

_____
Notary Public in and for Said County and State

_____
(Type, print or stamp the Notary's name below his or her signature.)

My Commission Expires:

3