Paul K. Kampsen
Kaufman & Canoles, P.C.
150 W. Main Street
P.O. Box 3037
Norfolk, VA 23514
E-mail: pkkampsen@kaufcan.com

Wendy W. Smith
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
(408) 995-5600
E-mail: wendy@bindermalter.com

Counsel for Google Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

In Re

CIRCUIT CITY STORES INC., et al.

Debtor.

CASE NO. 08-35653-KRH
Jointly Administered
Chapter 11 Proceedings

Judge Kevin R. Heunnekens
Date:
Time:

### DECLARATION OF MICHAEL TRINH IN SUPPORT OF MOTION OF GOOGLE, INC. FOR PAYMENT OF ADMINISTRATIVE CLAIM

I, Michael Trinh, declare:

1. I am Associate Litigation Counsel of Google Inc. and make this declaration based on my personal knowledge and upon my review of the records kept by Google Inc. in the ordinary course of its business. If called as a witness, I could and would testify competently to the matters set forth within.

2. Google Inc. and its affiliates and subsidiaries ("Google") provide a variety of internet-related advertising and other services. Circuit City Stores, Inc. (the "Debtor") used Google's services extensively prior to filing its bankruptcy petition. This use continued after the petition was filed, and Debtor continues to use one service. Google has provided the following services to the Debtor after it filed its petition:

a) Google Affiliate Network, Inc. (previously known as "Performics, Inc.") and

Google Inc. provided the "DoubleClick-Performics" product and the "Quixtar" product;

b) Google Inc. provided services on the accounts of Circuit City Site Targeting, Circuit City Fanalyst Google Content Network, YouTube Fanalyst, and Circuit City Mobile;

c) Google Inc. provided and continues to provide internal email support/security services, known as "Postini," for Circuit City.

Attached hereto as Exhibit A is a summary of the post-petition charges from Google to the Debtor, totaling $2,250,708.50.

3. Google Inc., and its affiliates Google Affiliate, maintain as a regular part of its business a separate record of each of its customer's accounts. The record includes, among other things, each charge for services, each payment received on the account, each credit to the account, and the date of each of the above events (collectively the "Customer Account"). The Customer Accounts for services provided by Google Inc. and Google Affiliate Network are largely maintained automatically. The record of a charge for use is generated automatically at or near the time of the use, and invoiced automatically monthly. In the case of Postini services, the charge is generated at or around the effective date of the contract with the customer by an employee whose duties include making such a record.

4. In each case, a Customer Account reflects a credit for a payment from a client as a result of Google receiving the funds, performed as a regular part of business, by an employee who is trained in the use of the system and whose duties include recording payment. In each case the Customer Account will not be amended except by an employee who is trained in the use of the system, has personal knowledge of the reason for the modification, and whose duties include making such modifications.

5. Based on my review of the Customer Accounts maintained by Google and from discussions with persons maintaining the relevant Customer Account, I am

DECLARATION OF MICHAEL TRINH IN SUPPORT OF MOTION FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM  2

Google Inc. provided the "DoubleClick-Performics" product and the "Quixtar" product;

b) Google Inc. provided services on the accounts of Adwords, Circuit City Site Targeting, Circuit City Fanalyst Google Content Network, YouTube Fanalyst, and Circuit City Mobile;

c) Google Inc. provided and continues to provide internal email support/security services, known as "Postini," for Circuit City.

Attached hereto as Exhibit A is a summary of the post-petition charges from Google to the Debtor, totaling $2,250,708.50.

3. Google Inc., and its affiliates Google Affiliate, maintain as a regular part of its business a separate record of each of its customer's accounts. The record includes, among other things, each charge for services, each payment received on the account, each credit to the account, and the date of each of the above events (collectively the "Customer Account"). The Customer Accounts for services provided by Google Inc. and Google Affiliate Network are largely maintained automatically. The record of a charge for use is generated automatically at or near the time of the use, and invoiced automatically monthly. In the case of Postini services, the charge is generated at or around the effective date of the contract with the customer by an employee whose duties include making such a record.

4. In each case, a Customer Account reflects a credit for a payment from a client as a result of Google receiving the funds, performed as a regular part of business, by an employee who is trained in the use of the system and whose duties include recording payment. In each case the Customer Account will not be amended except by an employee who is trained in the use of the system, has personal knowledge of the reason for the modification, and whose duties include making such modifications.

5. Based on my review of the Customer Accounts maintained by Google and from discussions with persons maintaining the relevant Customer Account, I am

DECLARATION OF MICHAEL TRINH IN SUPPORT OF MOTION FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM    2

informed and believe that the services provided by Google Affiliate Network to Debtor from the date of the petition to January 31, 2009 totaled $1,194,850.80. Attached hereto as Exhibit B are true and correct copies of the automatically-generated billing summary and invoices from Google Affiliate Network for the Debtor.

5. Based on my review of the Customer Accounts maintained by Google and from discussions with persons maintaining the relevant Customer Account, I am informed and believe that the services provided by Google on the accounts of Circuit City Site Targeting, Circuit City Fanalyst Google Contact Network, YouTube Fanalyst and Circuit Mobile to the Debtor between the date of the value of the petition and January 31, 2009 totaled $ 1,025,225.50. Attached hereto as Exhibit C are true and correct copies of invoices generated from Google's Customer Account and reflected on that summary.

7. Based on my review of the Customer Accounts maintained by Google and my discussions with persons maintaining the relevant Customer Account, I am informed and believe that the value of the Postini services provided and invoiced to the Debtor from the date of the petition to date, totaled $31,663.50. Attached hereto as Exhibit D is a true and correct copy of an automatically-generated billing summary of the Debtor's Customer Account. The Debtor has never indicated if it intends to assume or reject the Postini contract.

9. Based on the extensive business relationship and discussions between the Debtor and Google, I am informed and believe that all of these services were provided by Google, and its affiliates to the Debtor in the ordinary course of Debtor's business and to the benefit of the Debtor's estate.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this 19th day of March 2009 at Mountain View, California.

_____
Michael Trinh

DECLARATION OF MICHAEL TRINH IN SUPPORT OF MOTION FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM   3

## RELIEF REQUESTED

6. Section 503 of the Bankruptcy Code provides that, after notice and a hearing, the Court shall allow an administrative claim for the "actual and necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b)(1)(A).

7. Google is entitled an allowed administrative claim against the Debtors' bankruptcy estate for the post-petition charges because the services Google delivered, and continues to deliver, are actual and necessary expenses of the estate. *Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters, Inc.)*, 180 F.3d 149, 157, (4th Circ. 1998). The Debtor and the Estate received immediate and essential benefits from Google post-petition services.

8. The amount owed to Google by the Debtors for the post-petition period to date is $2,250,708.50. (Trinh's Decl. ¶2, 5-7; Ex. A, B, C, D).

## WAIVER OF THE MEMORANDUM OF LAW

Google respectfully asks the Court to treat this Motion as a written memorandum of points and authorities and to waive the requirement of Local Bankruptcy Rule 9013-1(G).

## CONCLUSION

BASED UPON THE FOREGOING, Google respectfully requests that this Court enter an order: (i) Granting the Motion; (ii) allowing Google a Chapter 11 administrative claim pursuant to Section 503(b)(1)(A) of the Bankruptcy Code in the amount of $2,250,708.50; and (iii) directing the Debtor to pay Google this sum immediately.

Dated: March _____, 2009                                        **GOOGLE, INC.**

By:    */s/ Paul K. Campsen*

3

Paul K Campsen, Esq. (VSB No. 18133)
Ann K. Crenshaw, Esq. (VSB No. 19538)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele: (757) 624-3000
E-mail: pkcampsen@kaufcan.com

Wendy W. Smith, Esq.
 California Bar No. 133887
Binder & Malter, LLP
2775 Park Avenue
Santa Clara CA 95050
Tele: (408) 295-1700
E-mail: wendy@bindermalter.com
*Co-Counsel for Google, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Payment of Administrative Expense Claim was sent on this ____ day of March, 2009, to all creditors and parties-in-interest who are included in the United States Bankruptcy Court's ECF e-mail notification system.

/s/ Paul K. Campsen

\8323446\3

4