UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-----------------------------------------------------x

In re:                                           :          Chapter 11

CIRCUIT CITY STORES, INC., et al.,

                                                 :          Case No. 08-35653 (KRH)
                                                            (Jointly Administered)

                              Debtors.     :

-----------------------------------------------------x

Court ID (Court use only) _____

## PARTIAL NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**CREDIT SUISSE INTERNATIONAL**          **D-LINK SYSTEMS, INC.**
Name of Transferee                        Name of Transferor

Name and Address where notices to Transferee    Court Record Address of Transferor (Court
should be sent:                                  Use Only):

Address:      11 Madison Avenue, 5th Floor
              New York, NY 10010
Telephone:    (212) 325-2175
Email:        Gil.Golan@credit-suisse.com
Facsimile:    (212) 743-4953
Attention:    Gil Golan

Name and Address where Transferee payments    Name and Current Address of Transferor:
Should be sent (if different from above):

                                              Address:      17595 Mt. Herrmann Street
                                                            Fountain Valley, CA 92708
                                              Telephone:    (714) 885-6000
                                              Facsimile:    866-743-4586
                                              Attention:    Wen Bow

Court Claim # (if known):   7969
Total Claim Amount:   $3,471,725.06
Claim Amount Transferred:   $2,000,000.00
Date Claim Filed:   January 29, 2009

Debtor Entity:   Circuit City Stores, Inc.

Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Proof of Claims.

Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Evidence of Transfer from Transferor to Transferee.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   **CREDIT SUISSE INTERNATIONAL**       Date: <u>March 31, 2009</u>
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| -- DEADLINE TO OBJECT TO TRANSFER -- |
|:---:|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objections must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____     _____
                                              **CLERK OF THE COURT**

## **EXHIBIT A**

Copies of the Proof of Claims



B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT **EASTERN DISTRICT OF VIRGINIA** | **PROOF OF CLAIM** |
|---|---|

Name of Debtor:
**CIRCUIT CITY STORES, INC.**

Case Number:
**08-35653-KRH**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**D-LINK SYSTEMS, INC.**

Name and address where notices should be sent:
Wen Bow
D-Link Systems, Inc.
17595 Mt. Herrmann Street
Fountain Valley, CA 92708
Telephone number: (714) 885-6089

With a copy to:
Margaret Mann, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
501 W. Broadway, 19th Floor
San Diego, CA 92101
Telephone number: (619) 338-6500

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ **3,471,725.06** *(See attached addendum)*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

**2. Basis for Claim:**  <u>Unpaid Invoices for Goods Sold and Unpaid Credit Discrepancies</u> *(See attached addendum)*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**  3481
    **3a. Debtor may have scheduled account as:** *(See attached addendum)*
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$ _____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____ Basis for perfection:

Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(2).

Amount entitled to priority:

$ **1,041,711.25**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. *(See attached addendum)*

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:
**01/28/09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. **D-LINK SYSTEMS, INC.**

*Wen Bow* —————— **By: Wen Bow, Comptroller**

RECEIVED
FOR COURT USE ONLY
JAN 2 9 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., *et al.* | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ADDENDUM TO PROOF OF CLAIM

### A.    CREDITOR INFORMATION

All communications regarding this Proof of Claim filed by D-Link Systems, Inc. ("D-Link") should be addressed to:  Wen Bow, D-Link Systems, Inc., 17595 Mt. Herrmann Street, Fountain Valley, California 92708-4160, Telephone: (714) 885-6089; with a copy to Margaret Mann, Esq., Sheppard Mullin Richter & Hampton LLP, 501 West Broadway, 19th Floor, San Diego, California 92101, Telephone: (619) 338-6500.

### B.    CLAIM INFORMATION

1.    <u>Basis for Claim</u>.  D-Link holds a pre-petition partially-administrative, partially-unsecured claim against Circuit City Stores, Inc. (the "Debtor") in the aggregate amount of no less than $3,471,725.06 (the "Claim"), in connection with (i) the provision of certain consumer electronics and related products, pursuant to the terms of the Master Dealer Agreement, dated April 20, 2006, between D-Link, as Vendor, and the Debtor (the "Agreement"), and based on and as evidenced by the invoices attached hereto as <u>Exhibit C</u> (the "Invoices"), which were issued to the Debtor by D-Link, and which remain due, and (ii) the review and verification of certain credits claimed by the Debtor for promotional activities, returned product and/or invoice and shipping discrepancies, as evidenced by the Discrepancy Notices and Forms attached hereto as <u>Exhibit C</u>.

Of the total amount of D-Link's Claim, an aggregate amount of no less than $1,041,711.25 is entitled to administrative priority. D-Link filed an administrative claim pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") in that amount on December 18, 2008 and amended such claim on December 19, 2008 (the "Administrative Claim"). D-Link includes this amount in this Proof of Claim out of an abundance of caution, but reserves all rights to payment of the Administrative Claim. Moreover, of the total amount of D-Link's Claim, an aggregate amount of no less than $2,702,651.25 is the subject of a Reclamation Demand, pursuant to section 546(c) of the Bankruptcy Code and section 2-702 of the Uniform Commercial Code, served by D-Link on the Debtor on November 24, 2008 (the "Reclamation Demand").

Under the terms of the Agreement and based upon each Invoice, D-Link sells certain consumer electronics and related products to the Debtor, which are then resold by the Debtor to its customers. The Debtor is required to pay D-Link for all goods sold within forty-five (45) days of the provision thereof. As of the date of the filing of Debtor's chapter 11 bankruptcy petition, November 10, 2008 (the "Petition Date"), the aggregate amount of no less than $3,418,550.00 was due and owing to D-Link for outstanding invoices for goods sold to the Debtor for which payment was not received. A list of the outstanding invoices covered by this Proof of Claim is attached hereto as Exhibit B.

In addition, in the ordinary course of business between the parties, the Debtor received certain credits against the total amount due on account of its promotional activities, returned product and/or invoice and shipping discrepancies (the "Credits"). The Debtor would render payment to D-Link for the goods sold to it by D-Link, less the value of the Credits as calculated by the Debtor. Following payment, the Debtor would provide D-Link with its claim submissions

and proofs of performance, which were then reviewed and verified by D-Link's Claims Department. D-Link would then invoice the Debtor for any discrepancies between the amounts claimed by the Debtor and those verified by D-Link as proper (the "Credit Discrepancies"). Similarly, any amounts the Debtor failed to credit would be applied against Debtor's outstanding accounts receivable account.

As of the Petition Date, an unadjusted aggregate amount of $1,209,580.69 was due and owing by Debtor to D-Link in outstanding Credit Discrepancies, which were billed to the Debtor and on account of which payment was not received.[1] Since the Petition Date, however, an aggregate amount of $1,156,405.63 in Credits has been processed. These Credits, although processed post-petition, relate solely to goods sold and delivered pre-petition. Thus, the total adjusted aggregate amount of Credit Discrepancies due and owing as of the date of this Proof of Claim is $53,175.06. Further adjustments may be required for Credits not claimed by the Debtor as of the date of this Proof of Claim or for those Credits incorrectly claimed against amounts due for goods sold and delivered post-petition. A list of the Credit Discrepancies and Credits covered by this Proof of Claim are attached hereto as Exhibit B.

Accordingly, D-Link now files this partially-administrative, partially-unsecured claim in the aggregate amount of no less than $3,471,725.06, representing: (i) an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code for outstanding invoices owed to D-Link for goods sold to the Debtor for which payment was not received in the aggregate amount of no less than $1,041,711.25, (ii) an unsecured claim for outstanding invoices for goods sold to the Debtor for which payment was not received in the aggregate amount of no less than

---

[1] As a result, the total unadjusted aggregate amount of D-Link's Claim as of the Petition Date was $4,628,130.69.

$2,376,838.75, and (iii) an unsecured claim for the Credit Discrepancies owed to D-Link for which payment was not received in the aggregate amount of no less than $53,175.06.

2.    Classification of Claim.  D-Link reserves its right to amend or further supplement this proof of claim in all respects, including but not limited to liquidating any unliquidated amounts, asserting a claim or claims for additional amounts due and/or claims based on alternative theories or liabilities, and any claims for damages arising from events or conduct by the Debtor.  D-Link further reserves the right to assert all or part of its claim as administrative claims or other priority claims, and to file additional claim(s) for administrative claims or other priority claims.

Filing of this proof of claim is not: (a) a waiver or release of D-Link's rights against any person, entity or property, including without limitation, any officers, directors or other principals of the Debtor; (b) a consent by D-Link to the jurisdiction of this Court with respect to proceedings, if any, commenced in any case against or otherwise involving D-Link; (c) a waiver or release of D-Link's right to trial by jury in any proceeding as to any and all matters so triable herein, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. Sec. 157(b)(2); (d) a waiver or release of D-Link's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; or (e) an election of remedy.

3.    Amount of Claim.  D-Link's partially-administrative, partially-unsecured claim in the amount of at least $3,471,725.06 is based on the Debtor's obligations under the Agreement, based upon the Invoices, and pursuant to the ordinary course of business between the parties.

4.    This claim is not subject to any known right of setoff held by the Debtor.

Dated: Mount Herrmann, California
        January 28, 2009

                    D-LINK SYSTEMS, INC.

            By: _____
                    Name:  Wen Bow
                    Title:  Comptroller

# EXHIBIT A

## MASTER DEALER AGREEMENT

**THIS MASTER DEALER AGREEMENT** ("Agreement") is made as of the 20th day of April, 2006 (the "Effective Date") by and between Circuit City Stores, Inc., a Virginia corporation with its principal office at 9950 Mayland Drive, Richmond, Virginia 23233-1464, and its affiliates and subsidiaries ("Circuit City") and D-Link Systems, Inc., a California corporation, with its principal office at 17595 Mt Herrmann St, Fountain Valley, CA 927089 ("Vendor"). Circuit City and Vendor shall be sometimes referred to in this Agreement individually as a "Party" and collectively as the "Parties."

### Recitals

WHEREAS, Circuit City and Vendor desire to enter into this Agreement to set forth certain terms and conditions under which Circuit City will purchase consumer electronics and related products from Vendor for resale by Circuit City to its customers.

### Agreement

In consideration of these premises, and the mutual agreements set forth below, the Parties agree as follows:

1.    **APPOINTMENT**. Vendor agrees to sell to Circuit City, and Circuit City agrees to purchase from Vendor, certain products (the "Products") that are more particularly described in one or more Product Addenda that may be entered into from time to time by the Parties (each a "Product Addendum"). Each such Product Addendum shall be attached to this Agreement as an exhibit and are incorporated herein by this reference. In the event of a conflict between this Agreement and any Product Addendum, the terms of this Agreement shall control. While the Parties acknowledge that Circuit City intends to sell the Products primarily to consumers through its retail locations and its Internet web site, the Parties agree that Circuit City may sell the Products to any other persons or entities it may desire through any method of sale it may elect.

2.    **PRICE AND TERMS OF SALE**. Vendor will sell and Circuit City will purchase Products upon the terms and at the prices specified in the applicable Product Addendum. Any price increase for the Products must be agreed upon by both Vendor and Circuit City prior to implementation of the price adjustment. Circuit City will unilaterally establish its own prices and terms for the resale of the Products to the public, and Vendor will not advise, instruct or in any way interfere with Circuit City's independent establishment of its retail prices. Unless stated otherwise in a Product Addendum, Circuit City will have the right to set off any amounts owed to it by Vendor against any amount owing by it to Vendor. In addition, in the event Vendor is ever in a debit balance with Circuit City, Vendor will remit payment of any such amounts to Circuit City by certified check or wire transfer within thirty (30) days of demand by Circuit City.

3.    **ORDERS AND OPERATING PROCEDURES**.

       (a)    As more particularly set forth in the applicable Product Addendum, Circuit City may order certain Products for delivery by Vendor to Circuit City's domestic location as directed by Circuit City (a "Domestic Order"), or alternatively Circuit City may accept delivery of certain Products direct from Vendor's factory outside of the United States for import by Circuit City (a "Direct Import Order"). For Direct Import Orders, Vendor agrees to comply with the requirements contained in Circuit City's **Direct Import Vendor Guide** (the "DIVG"). Vendor acknowledges that Circuit City may amend the DIVG in its sole discretion from time to time. In the event of a conflict between the DIVG and this Agreement or a Product Addendum, this Agreement and the Product Addendum shall control. Vendor will be provided at least thirty (30) days notice of any amendments, and will be deemed to have accepted the amendments unless it objects to the same in writing prior to their effective date. In the event Vendor objects in writing to an

amendment, the Parties agree to negotiate in good faith with regard to the objection. During the pendency of such negotiations, unless the Parties otherwise agree in writing, the terms of such amendment shall be in force, provided that unless otherwise agreed to in writing by Vendor, Circuit City shall be responsible for any and all increased costs associated with or related to such amendment. Any agreement reached by the Parties resolving the objection will be set forth in a writing signed by the Parties. In the event the Parties are unable to reach agreement with regard to the objection, Vendor's sole recourse will be to terminate this Agreement in accordance with Section 8 below.

(b)      Circuit City will order Products by submitting its purchase order ("Purchase Order") to Vendor via Electronic Data Interchange ("EDI").  A copy of the Purchase Order is contained in the DIVG. In the event of a conflict between the Purchase Order and this Agreement or a Product Addendum, this Agreement and the Product Addendum will control. Circuit City may amend the form of Purchase Order in its sole discretion from time to time. Vendor will be provided at least sixty (60) days notice of any amendments, and will be deemed to have accepted the amendments unless it objects to the same in writing prior to their effective date. In the event Vendor objects in writing to any amendment, the Parties agree to negotiate in good faith with regard to the objection. During the pendency of such negotiations, unless the Parties otherwise agree in writing, the terms of such amendment shall not be in force. Any agreement reached by the Parties resolving the objection will be set forth in a writing signed by the Parties, which will be deemed to be an amendment to this Agreement.

(c)      Upon acceptance of a Purchase Order all terms and conditions contained in the Purchase Order (including, but not limited to, any terms accompanying the Purchase Order or appearing on the reverse side of the Purchase Order form) are specifically included in and made a part of this Agreement, notwithstanding the fact that such terms and conditions may not be transmitted or included with a Purchase Order. Any terms proposed or submitted by Vendor at any time, including but not limited to, any provisions or terms contained in Vendor's franchise agreement(s), invoices, billing statements, documents used in the ordinary course of filling, accepting or acknowledging orders, or other similar documents, will be of no force or effect. Vendor will fill each order in accordance with the accepted Purchase Order. In addition to any other remedies Circuit City may have, Circuit City may, at its option, cancel any Purchase Order without further obligation or liability, and may refuse and/or return the Products to Vendor at Vendor's expense if the terms and conditions set forth in any Purchase Order or in this Agreement are not met by Vendor.

4.      **COMPLIANCE WITH LAWS**.  Vendor represents and warrants that it shall comply with all applicable national, state and local laws and regulations of all applicable countries and jurisdictions in performing its obligations hereunder including without limitation each Product Addendum. Vendor further represents and warrants that the Products will have been designed, manufactured, sold, and delivered hereunder in strict accordance with all applicable laws, regulations and codes to which the Products are subject, and that such Products will comply with and are manufactured in accordance with the provisions of all United States federal and state laws, rules and regulations, including without limitation environmental laws and regulatory agency requirements. If Vendor discovers a breach of any of the representations and warranties in this Section 4, it shall immediately notify Circuit City of such breach in writing, explaining the circumstances constituting the breach and identifying the Product(s) involved.

5.      **INDEMNIFICATION**.

(a)      Vendor agrees to defend (through counsel reasonably satisfactory to Circuit City), indemnify and hold harmless Circuit City and its affiliates, and their respective directors, officers, employees, successors and assigns from and against any and all actions, judgments, claims, losses, damages, expenses or costs (including attorneys' fees and costs and expenses of defense) and liabilities which arise out of, (i) the sale, resale and/or use or failure of the Products, including, without limitation, liability based upon death or injury to any person (including Circuit

City employees) or damage to property resulting or arising from or alleged to result or arise from or out of the sale, resale, use and/or failure of the Products, except to the extent resulting or arising from Circuit City's negligent or improper alteration, repair or installation of the Products; (ii) Vendor's actual or alleged breach of this Agreement, including, but not limited to breach of any warranty set forth in any Product Addendum; (iii) Vendor's actual or alleged violation of any of the laws of any governmental entity with respect to the Products; (iv) any representations made by Vendor to Circuit City which Circuit City uses or incorporates into its advertising in its unmodified form or as approved in advance by Vendor; or (v) any representations made by Vendor to Circuit City upon which Circuit City relies when selling the Products under this Agreement.

(b)    Further, Vendor specifically agrees to defend, indemnify and hold harmless Circuit City and its affiliates their respective directors, officers, employees and from and against any and all actions, judgments, claims, losses, damages, liabilities, expenses and costs (including attorneys' fees and expenses of defense) that Circuit City may incur or be liable for as a result or arising out any actual or alleged infringement, misappropriation or other violation by Vendor of any patent, copyright, trademark, trade secret or other proprietary or intellectual property rights of any third party, including without limitation Vendor's (i) failure to obtain, as required, licenses from the holder(s) of patents or other intellectual property rights on technologies related to the Products; (ii) failure to pay royalties owed under such licenses; (iii) falsification of royalty and/or other records related to such licenses; and (iv) any other failure by Vendor to comply with the terms of such required licenses.  The foregoing indemnification shall include the costs and expenses incurred by Circuit City in the liquidation of any infringing inventory in the event of any claim arising hereunder.

(c)    In addition to Vendor's indemnification obligations in subsection (b) above, if the use of any Product is permanently enjoined, or Vendor determines at its sole discretion that it may be enjoined, Vendor may, at its sole discretion and at its own expense, procure for Circuit City the right to continue using said Product, replace same with a non-infringing product, modify it so that it becomes non-infringing, or if Vendor is unable to reasonably do any of the above and if Circuit City is enjoined from distributing the Product, Vendor will accept its return and credit Circuit City the sum paid to Vendor by Circuit City for the infringing Product.

(d)    Circuit City shall promptly notify Vendor of such actions, judgments, claims, losses, damages, liabilities, expenses and costs (including attorneys' fees and expenses of defense), provide Vendor with all relevant evidence in Circuit City's possession and control, and provide Vendor with reasonable assistance in, and sole control of, the defense thereof and all negotiations for its settlement or compromise, at Vendor's expense; provided, however, that in the event Circuit City remains a named party, Vendor shall be required to obtain Circuit City's advance consent to a settlement or compromise, which consent shall not be unreasonably withheld or delayed.

6.    **INSURANCE**. During the term of this Agreement, Vendor will maintain a policy of commercial general liability insurance, including products – completed operations coverage, with an insurance carrier authorized to do business in the United States and having a rating of "A", "A-", or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII, with limits of no less than $2,000,000 per occurrence and $10,000,000 aggregate.  Products – completed operations coverage will be maintained for the time period covered by this Agreement and for at least five (5) years after the Products to be delivered under this Agreement have been delivered to Circuit City.  Such policies will name "Circuit City Stores, Inc." as an additional insured. All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Agreement.  A certificate of insurance meeting this above requirements will be delivered to Circuit City (i) prior to the initial delivery of the Products; (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

7.    **LIMITATION OF LIABILITY.**  EXCEPT FOR EITHER PARTY'S BREACH OF ITS OBLIGATIONS OF INDEMNIFICATION UNDER SECTION 5 ABOVE, OR EITHER PARTY'S

**BREACH OF ITS OBLIGATIONS OF CONFIDENTIALITY UNDER SECTION 9 BELOW, IN NO
EVENT WILL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY LOSS OF
PROFITS OR REVENUE OR FOR ANY INCIDENTAL, SPECIAL, CONSEQUENTIAL OR
PUNITIVE DAMAGES RESULTING FROM ANY PERFORMANCE, NON-PERFORMANCE,
BREACH OR TERMINATION OF THIS AGREEMENT.**

8.      **TERM AND TERMINATION.**

        **(a)**     The term of this Agreement will commence on the Effective Date and will
continue for a period of one (1) year.  The term will automatically renew for additional one-year
terms unless either Party terminates this Agreement by giving the other Party at least sixty (60)
days' written notice prior to the end of the initial or any renewal term.

        **(b)**     Notwithstanding the foregoing, this Agreement may be terminated with or without
cause by either Party without liability or obligation upon not less than sixty (60) days written notice
to the other Party.

        **(c)**     In addition, either Party may terminate this Agreement immediately without
liability or obligation upon written notice to the other Party if the other Party (i) breaches any term
of this Agreement and fails to cure such breach within ten (10) business days of such notice, (ii)
becomes insolvent, files a petition in bankruptcy, makes an assignment for the benefit of creditors
or ceases normal business operations, or (iii) assigns or attempts to assign this Agreement or any
of the rights and obligations hereunder without first obtaining consent as required herein.

        **(d)**     The foregoing termination rights will be in addition to and will not be construed to
limit or restrict any other rights either Party may have with regard to cancellation, termination,
refusal, return or rejection of any order of Products, whether at law, in equity, or pursuant to this
Agreement including without limitation any Product Addendum.

9.      **CONFIDENTIALITY.**  The terms and provisions of the Mutual Confidentiality Agreement
between the parties, effective April 21, 2006, are hereby incorporated as though set forth fully
herein and shall govern the duties and obligations of the parties regarding Confidential
Information disclosed under this Agreement.  Such Mutual Confidentiality Agreement shall survive
the termination or expiration of this Agreement.

10.     **RELATIONSHIP OF THE PARTIES.**  The relationship between Circuit City and Vendor is
that of independent contractors and neither has any express or implied authority to create or
assume any obligation on behalf of the other. Nothing in this Agreement will be construed as
creating any other relationship (including, but not limited to, principal and agent, master and
servant, employer and employee, franchisor and franchisee or joint venturer) whatsoever
between the Parties.

11.     **NOTICES.**  Any notice required or permitted under this Agreement and not otherwise
addressed pursuant to specific instructions relating to contact information will be in writing and will
be sent to the address given below of the Party to be notified, unless such Party has previously
notified the other of a change of address, in which case notice will be sent to such changed
address.  If to Circuit City, the notice shall be sent to Circuit City Stores, Inc., 9950 Mayland
Drive, Richmond, VA 23233-1464, Attention Sourcing Services, Merchant Support, with a copy to
Circuit City Stores, Inc., 9950 Mayland Drive, Richmond VA 23233-1464, Attention: Legal
Department, Assistant General Counsel - Commercial.  If to Vendor, the notice shall be sent to:
D-Link Systems, Inc, 17595 Mount Herrmann Street, Fountain Valley, CA  92708, ATTENTION:
Legal Department. Any notice will be sent by prepaid registered or certified United States mail,
return receipt requested, or via any national overnight mail service, and will be deemed to have
been duly given or rendered five (5) days after mailing, or upon receipt, whichever is earlier.

12.     **FORCE MAJEURE.**  Neither Party will be liable to the other Party for failure or delay in

performance under this Agreement due in whole or in part to an act of God, strike, lockout or other labor dispute, civil commotion, sabotage, fire, flood, explosion, acts of any government, unforeseen shortages or unavailability of fuel, power, transportation, or supplies, inability to obtain or delay in obtaining governmental approvals, permits, licenses, or allocations, and any other causes which are not within such Party's reasonable control, whether or not of the kind specifically enumerated above.

13.    **MISCELLANEOUS**.  Neither Party may assign this Agreement, or any of its rights or duties under this Agreement, without the prior written consent of the other Party.  This Agreement will be governed by the laws of the Commonwealth of Virginia (other than its conflicts of laws provisions).  Neither Party will be deemed to have waived any right, power, privilege or remedy unless the waiver is in writing and duly executed by it. If any provision of this Agreement is determined by a court of competent jurisdiction to be unenforceable, the provision will be deemed to be severed, and the remaining provisions of this Agreement will remain in full force and effect. The headings in this Agreement are for convenience of reference only and will not affect its interpretation or construction.  The terms of Sections 4, 5, 6, 7, 9 and 13 shall survive the termination of this Agreement.  This Agreement, including any exhibits, schedules, attachments or documents incorporated under this Agreement, constitutes the entire agreement between the Parties with respect to the subject matter of this Agreement and supersedes any prior agreements between the Parties with respect to such subject matter. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together shall constitute one and the same instrument.  Facsimile signatures shall be binding upon receipt, and the Parties agree to exchange original signature pages as soon as reasonably possible after facsimile transmission.

IN WITNESS WHEREOF, the Parties have caused this Master Dealer Agreement to be executed as of the date and year first above written.

CIRCUIT CITY STORES, INC.          D-LINK SYSTEMS, INC.:

By:                                By:

Name:                              Name:    Keith A. Karlsen
                                            Executive Vice President

Title:      S /8                   Title:

Date:      8/2/06                  Date:    6-13-06



D-LINK LEGAL   OK
RAL   6/12/06

# EXHIBIT B



**Building Networks for People**

1

> **MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| R5 | 96789 | AV70430 | $ 256,873.44 | $ 38,364.59 | 9/27/2007 | 9/27/2007 |
| R5 | 99146 | AV073041 | $ 79,591.00 | $ 160.00 | 12/26/2007 | 12/26/2007 |
| R5 | 101419 | AV074834V | $ 231,103.09 | $ 1,068.41 | 2/21/2008 | 2/21/2008 |
| R5 | 101425 | 4644476 | $ 17,112.00 | $ 84.00 | 2/21/2008 | 2/21/2008 |
| R5 | 101429 | 25682018 | $ 7,180.50 | $ 84.00 | 2/21/2008 | 2/21/2008 |
| R5 | 101436 | 75693314 | $ 21,350.25 | $ 84.00 | 2/21/2008 | 2/21/2008 |
| R5 | 101464 | AV075092 | $ 64,324.50 | $ 3,774.00 | 2/25/2008 | 2/25/2008 |
| R5 | 101465 | 4645075 | $ 13,900.25 | $ 91.00 | 2/25/2008 | 2/25/2008 |
| R5 | 101469 | 35538938 | $ 2,136.00 | $ 42.00 | 2/25/2008 | 2/25/2008 |
| R5 | 101576 | AV075090 | $ 19,086.00 | $ 8,312.34 | 3/4/2008 | 3/4/2008 |
| R5 | 101579 | AV075552 | $ 32,388.00 | $ 876.00 | 3/4/2008 | 3/4/2008 |
| R5 | 101585 | VPOCT2007 | $ 4,622.10 | $ 4,622.10 | 3/4/2008 | 3/4/2008 |
| R5 | 101586 | 413692 RI/CP | $ 3,062.50 | $ 3,062.50 | 3/4/2008 | 3/4/2008 |
| R5 | 101587 | 413692 RI/99 | $ 6,736.25 | $ 6,736.25 | 3/4/2008 | 3/4/2008 |
| R5 | 101596 | 56498238 | $ 5,690.00 | $ 49.00 | 3/4/2008 | 3/4/2008 |
| R5 | 101693 | 56498584 | $ 5,722.75 | $ 49.00 | 3/10/2008 | 3/10/2008 |
| R5 | 101761 | 75694377 | $ 6,995.50 | $ 98.00 | 3/17/2008 | 3/17/2008 |
| R5 | 102329 | AV076329 | $ 25,461.00 | $ 187.00 | 4/7/2008 | 4/7/2008 |
| R5 | 102332 | AV076488 | $ 8,060.00 | $ 8,060.00 | 4/7/2008 | 4/7/2008 |
| R5 | 102338 | 35540426 | $ 3,913.25 | $ 82.50 | 4/7/2008 | 4/7/2008 |
| R5 | 102653 | 4646305 | $ 15,958.75 | $ 42.00 | 4/14/2008 | 4/14/2008 |
| R5 | 102655 | 34510759 | $ 10,313.00 | $ 63.00 | 4/14/2008 | 4/14/2008 |
| R5 | 102718 | 56499254 | $ 7,498.00 | $ 70.00 | 4/21/2008 | 4/21/2008 |
| R5 | 103251 | 25686369 | $ 9,025.50 | $ 35.00 | 5/12/2008 | 5/12/2008 |
| R5 | 103254 | 34510972 | $ 11,388.75 | $ 56.00 | 5/12/2008 | 5/12/2008 |
| R5 | 103261 | AV077047 | $ 19,730.00 | $ 5,000.00 | 5/12/2008 | 5/12/2008 |
| R5 | 103266 | AV077053 | $ 18,378.00 | $ 135.00 | 5/12/2008 | 5/12/2008 |
| R5 | 103268 | AV077055 | $ 4,750.20 | $ 950.04 | 5/12/2008 | 5/12/2008 |
| R5 | 103269 | AV077439 | $ 30,032.00 | $ 252.00 | 5/12/2008 | 5/12/2008 |
| R5 | 103271 | MPA085053 | $ 1,996.54 | $ 1,996.54 | 5/12/2008 | 5/12/2008 |
| R5 | 103273 | VPJAN2008X | $ 9,517.62 | $ 9,517.62 | 5/12/2008 | 5/12/2008 |
| R5 | 103503 | 56499628 | $ 6,520.50 | $ 50.50 | 5/19/2008 | 5/19/2008 |
| R5 | 103504 | 75695848 | $ 11,343.50 | $ 184.75 | 5/19/2008 | 5/19/2008 |
| R5 | 104689 | AV078508 | $ 15,512.00 | $ 15,512.00 | 6/23/2008 | 6/23/2008 |
| R5 | 104694 | AV078829 | $ 17,870.58 | $ 17,870.58 | 6/23/2008 | 6/23/2008 |
| R5 | 104695 | AV078830 | $ 16,363.62 | $ 16,363.62 | 6/23/2008 | 6/23/2008 |
| R5 | 104696 | AV078831 | $ 12,181.26 | $ 12,181.26 | 6/23/2008 | 6/23/2008 |
| R5 | 104701 | MPA085054 | $ 1,608.00 | $ 540.00 | 6/23/2008 | 6/23/2008 |
| R5 | 104703 | VPFEB2008 | $ 100.00 | $ 100.00 | 6/23/2008 | 6/23/2008 |
| R5 | 104704 | VPIMOCT2007CKR | $ 138.00 | $ 138.00 | 6/23/2008 | 6/23/2008 |
| R5 | 104715 | AV078315 | $ 25,231.00 | $ 391.00 | 6/23/2008 | 6/23/2008 |
| R5 | 104952 | 34511921 | $ 5,110.50 | $ 70.00 | 6/26/2008 | 6/26/2008 |
| R5 | 105016 | 4648016 | $ 17,638.50 | $ 105.00 | 6/30/2008 | 6/30/2008 |
| R5 | 105017 | 25689227 | $ 5,039.25 | $ 49.00 | 6/30/2008 | 6/30/2008 |
| R5 | 105059 | 75696761 | $ 17,939.75 | $ 63.00 | 7/2/2008 | 7/2/2008 |
| R5 | 105255 | 34512244 | $ 8,501.50 | $ 56.00 | 7/7/2008 | 7/7/2008 |
| R5 | 105474 | 25689611 | $ 8,155.00 | $ 49.00 | 7/10/2008 | 7/10/2008 |
| R5 | 105571 | 75697089 | $ 12,030.25 | $ 42.50 | 7/22/2008 | 7/22/2008 |
| R5 | 105603 | 35542279 | $ 16,664.50 | $ 35.00 | 7/25/2008 | 7/25/2008 |
| R5 | 105732 | AV079818 | $ 19,672.00 | $ 165.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105735 | AV079865 | $ 22,475.00 | $ 375.00 | 7/31/2008 | 7/31/2008 |

# D-Link®
**Building Networks for People**

**MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| R5 | 105736 | VPAR2008 | $ 100.00 | $ 89.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105737 | 4648472 | $ 13,880.50 | $ 91.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105738 | 4648504 | $ 14,124.50 | $ 183.50 | 7/31/2008 | 7/31/2008 |
| R5 | 105739 | 25690413 | $ 7,999.75 | $ 70.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105740 | 25690513 | $ 6,149.25 | $ 98.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105742 | 34512438 | $ 6,640.75 | $ 63.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105745 | 75697206 | $ 11,766.50 | $ 28.00 | 7/31/2008 | 7/31/2008 |
| R5 | 105971 | 34512625 | $ 4,554.00 | $ 35.00 | 8/4/2008 | 8/4/2008 |
| R5 | 106514 | 25691304 | $ 7,702.75 | $ 154.00 | 8/11/2008 | 8/11/2008 |
| R5 | 106515 | 35542958 | $ 5,216.25 | $ 56.00 | 8/11/2008 | 8/11/2008 |
| R5 | 106518 | AV080109 | $ 32,763.00 | $ 32,763.00 | 8/11/2008 | 8/11/2008 |
| R5 | 106828 | AV080366 | $ 28,498.00 | $ 278.00 | 8/20/2008 | 8/20/2008 |
| R5 | 106831 | AV080491 | $ 366,813.72 | $ 35,932.26 | 8/20/2008 | 8/20/2008 |
| R5 | 106833 | 25692083 | $ 3,599.75 | $ 21.00 | 8/20/2008 | 8/20/2008 |
| R5 | 106835 | 75697541 | $ 7,565.00 | $ 56.00 | 8/20/2008 | 8/20/2008 |
| R5 | 107327 | 4649594 | $ 11,756.00 | $ 30.75 | 9/5/2008 | 9/5/2008 |
| R5 | 107329 | 25692431 | $ 5,188.75 | $ 49.00 | 9/5/2008 | 9/5/2008 |
| R5 | 107332 | 56401364 | $ 11,039.00 | $ 49.00 | 9/5/2008 | 9/5/2008 |
| R5 | 107339 | AV081137 | $ 42,789.25 | $ 413.00 | 9/5/2008 | 9/5/2008 |
| R5 | 107341 | AV081313 | $ 92,050.00 | $ 691.00 | 9/5/2008 | 9/5/2008 |
| R5 | 107524 | 34513446 | $ 11,797.75 | $ 84.00 | 9/16/2008 | 9/16/2008 |
| R5 | 107525 | 35543775 | $ 21,182.00 | $ 91.00 | 9/16/2008 | 9/16/2008 |
| R5 | 107829 | 4650124 | $ 14,916.25 | $ 161.00 | 9/19/2008 | 9/19/2008 |
| R5 | 107830 | 4650221 | $ 14,900.33 | $ 248.08 | 9/19/2008 | 9/19/2008 |
| R5 | 107831 | 25693261 | $ 16,091.00 | $ 56.00 | 9/19/2008 | 9/19/2008 |
| R5 | 107832 | 25693282 | $ 4,438.50 | $ 35.00 | 9/19/2008 | 9/19/2008 |
| R5 | 107833 | 25693386 | $ 5,785.75 | $ 42.00 | 9/19/2008 | 9/19/2008 |
| R5 | 108198 | AV081925 | $ 14,032.20 | $ 14,032.20 | 9/30/2008 | 9/30/2008 |
| R5 | 108209 | 34513596 | $ 14,123.50 | $ 119.00 | 9/30/2008 | 9/30/2008 |
| R5 | 108210 | AV081924 | $ 12,345.06 | $ 12,345.06 | 9/30/2008 | 9/30/2008 |
| R5 | 108303 | 4650348 | $ 18,983.50 | $ 42.00 | 10/6/2008 | 10/6/2008 |
| R5 | 108305 | 25693640 | $ 17,160.00 | $ 259.00 | 10/6/2008 | 10/6/2008 |
| R5 | 108309 | 35543971 | $ 7,015.50 | $ 84.00 | 10/6/2008 | 10/6/2008 |
| R5 | 108313 | 75698932 | $ 22,149.25 | $ 105.00 | 10/6/2008 | 10/6/2008 |
| R5 | 108686 | AV082417V | $ 272,143.90 | $ 8,903.06 | 10/13/2008 | 10/13/2008 |
| R5 | 108687 | VPJUL2008 | $ 9,135.12 | $ 9,135.12 | 10/13/2008 | 10/13/2008 |
| R5 | 108689 | 25694295 | $ 8,552.00 | $ 42.00 | 10/13/2008 | 10/13/2008 |
| R5 | 108695 | AV082486 | $ 1,910.00 | $ 1,910.00 | 10/14/2008 | 10/14/2008 |
| R5 | 108696 | AV082487 | $ 30,013.62 | $ 1,272.18 | 10/14/2008 | 10/14/2008 |
| R5 | 108948 | AV082548 | $ 22,206.00 | $ 187.00 | 10/21/2008 | 10/21/2008 |
| R5 | 108949 | 4650734 | $ 6,622.50 | $ 80.50 | 10/21/2008 | 10/21/2008 |
| R5 | 108950 | 25694584 | $ 6,369.00 | $ 245.00 | 10/21/2008 | 10/21/2008 |
| R5 | 108951 | 25694759 | $ 2,999.75 | $ 42.00 | 10/21/2008 | 10/21/2008 |
| R5 | 109014 | 25694915 | $ 4,554.75 | $ 38.50 | 10/24/2008 | 10/24/2008 |
| R5 | 109015 | 25695013 | $ 4,984.50 | $ 35.00 | 10/24/2008 | 10/24/2008 |
| R5 | 109016 | 25695070 | $ 4,837.25 | $ 112.00 | 10/24/2008 | 10/24/2008 |
| R5 | 109381 | AV083068 | $ 23,985.00 | $ 180.00 | 10/31/2008 | 10/31/2008 |
| RB | 393711 | AV066661 | $ 23,842.00 | $ 672.00 | 7/18/2007 | 7/18/2007 |
| RB | 408480 | AV071353 | $ 83,504.33 | $ 7,346.49 | 11/9/2007 | 11/9/2007 |
| RB | 410918 | AV071935 | $ 28,902.00 | $ 390.00 | 12/4/2007 | 12/4/2007 |
| RB | 413143 | AV068665 | $ 39,174.00 | $ 7,312.00 | 12/26/2007 | 12/26/2007 |

3


**Building Networks for People**

**MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| RB | 414466 | AV0638359 | $ 34,321.56 | $ 5,918.64 | 1/8/2008 | 1/8/2008 |
| RB | 415762 | 4636580 | $ 571.11 | $ 466.11 | 1/22/2008 | 1/22/2008 |
| RB | 419490 | 25669757 | $ 182.00 | $ 133.00 | 2/21/2008 | 2/21/2008 |
| RB | 419491 | 4637132 | $ 152.00 | $ 61.00 | 2/21/2008 | 2/21/2008 |
| RB | 419492 | 4637311 | $ 138.00 | $ 103.00 | 2/21/2008 | 2/21/2008 |
| RB | 419493 | 25669182 | $ 267.48 | $ 204.48 | 2/21/2008 | 2/21/2008 |
| RB | 419494 | 34504150 | $ 113.48 | $ 43.48 | 2/21/2008 | 2/21/2008 |
| RB | 419496 | 75686347 | $ 121.96 | $ 100.96 | 2/21/2008 | 2/21/2008 |
| RB | 419498 | 25680522 | $ 133.00 | $ 98.00 | 2/21/2008 | 2/21/2008 |
| RB | 419499 | 25681064 | $ 91.00 | $ 91.00 | 2/21/2008 | 2/21/2008 |
| RB | 420773 | AV073544 | $ 20,220.00 | $ 2,544.00 | 2/29/2008 | 2/29/2008 |
| RB | 421111 | 25673231 | $ 217.00 | $ 105.00 | 3/4/2008 | 3/4/2008 |
| RB | 421116 | 75687547 | $ 182.00 | $ 140.00 | 3/4/2008 | 3/4/2008 |
| RB | 421118 | 2008-01161621129988A-001 | $ 110.00 | $ 110.00 | 3/4/2008 | 3/4/2008 |
| RB | 421119 | 2008-01161451522675-001 | $ 68.00 | $ 68.00 | 3/4/2008 | 3/4/2008 |
| RB | 421259 | 4642425 | $ 147.00 | $ 112.00 | 3/6/2008 | 3/6/2008 |
| RB | 421940 | AV075554 | $ 18,555.00 | $ 1,350.00 | 3/12/2008 | 3/12/2008 |
| RB | 422135 | AV075555 | $ 34,383.00 | $ 534.00 | 3/13/2008 | 3/13/2008 |
| RB | 424754 | AV074138 | $ 40,868.10 | $ 256.62 | 4/1/2008 | 4/1/2008 |
| RB | 424755 | AV074139 | $ 39,273.78 | $ 76.44 | 4/1/2008 | 4/1/2008 |
| RB | 425266 | 388490 RI/P1 | $ 294.00 | $ 294.00 | 4/7/2008 | 4/7/2008 |
| RB | 425270 | 4643824 | $ 217.00 | $ 161.00 | 4/7/2008 | 4/7/2008 |
| RB | 425272 | 75692219 | $ 567.00 | $ 119.00 | 4/7/2008 | 4/7/2008 |
| RB | 433118 | AV077591 | $ 9,095.00 | $ 85.00 | 6/17/2008 | 6/17/2008 |
| RB | 433176 | AV077048 | $ 25,216.00 | $ 382.00 | 6/18/2008 | 6/18/2008 |
| RB | 433177 | AV077057 | $ 17,153.00 | $ 48.00 | 6/18/2008 | 6/18/2008 |
| RB | 433178 | AV077785 | $ 11,330.00 | $ 220.00 | 6/18/2008 | 6/18/2008 |
| RB | 434217 | 25688407 | $ 35.00 | $ 35.00 | 6/23/2008 | 6/23/2008 |
| RB | 434218 | 75696082 | $ 126.00 | $ 126.00 | 6/23/2008 | 6/23/2008 |
| RB | 435302 | AV078209 | $ 86.00 | $ 86.00 | 7/2/2008 | 7/2/2008 |
| RB | 435725 | AV077056 | $ 162,560.58 | $ 18,383.82 | 7/10/2008 | 7/10/2008 |
| RB | 436241 | AV078111 | $ 28,584.00 | $ 1,382.00 | 7/15/2008 | 7/15/2008 |
| RB | 436242 | AV078233 | $ 31,716.00 | $ 960.00 | 7/15/2008 | 7/15/2008 |
| RB | 436663 | VPSEP2007 | $ 1,715.10 | $ 1,715.10 | 7/17/2008 | 7/17/2008 |
| RB | 442897 | AV078234 | $ 43,470.00 | $ 1,004.00 | 9/5/2008 | 9/5/2008 |
| RB | 442898 | AV078041 | $ 16,688.00 | $ 265.00 | 9/5/2008 | 9/5/2008 |
| RB | 442899 | 35540259 | $ 154.00 | $ 56.00 | 9/5/2008 | 9/5/2008 |
| RB | 442900 | 25691805 | $ 76.02 | $ 76.02 | 9/5/2008 | 9/5/2008 |
| RB | 442901 | 75697611 | $ 53.50 | $ 53.50 | 9/5/2008 | 9/5/2008 |
| RB | 442902 | AV079214 | $ 26,175.24 | $ 862.68 | 9/5/2008 | 9/5/2008 |
| RB | 443049 | AV078835 | $ 6,190.00 | $ 240.00 | 9/8/2008 | 9/8/2008 |
| RB | 443050 | AV078832 | $ 34,525.50 | $ 569.25 | 9/8/2008 | 9/8/2008 |
| RB | 446226 | AV081731 | $ 343,328.54 | $ 12,294.65 | 10/2/2008 | 10/2/2008 |
| RB | 447574 | AV081958 | $ 2,118.75 | $ 127.50 | 10/16/2008 | 10/16/2008 |
| RB | 447575 | AV081961 | $ 33,715.50 | $ 33,715.50 | 10/16/2008 | 10/16/2008 |
| RB | 447911 | AV081935 | $ 33,426.12 | $ 33,426.12 | 10/20/2008 | 10/20/2008 |
| RB | 449834 | AV078502 | $ 12,694.00 | $ 132.00 | 11/6/2008 | 11/6/2008 |
| RB | 450271 | AV082825 | $ 38,967.00 | $ 502.00 | 11/11/2008 | 11/11/2008 |
| RB | 450664 | 56401591 | $ 991.50 | $ 163.00 | 11/13/2008 | 11/13/2008 |
| RI | 443066 | 2134552 | $ 57,112.50 | $ 57,112.50 | 9/8/2008 | 10/23/2008 |
| RI | 443067 | 2134555 | $ 15,227.50 | $ 15,227.50 | 9/8/2008 | 10/23/2008 |

4

# D-Link®
**Building Networks for People**

**MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| RI | 443068 | 2134557 | $ 86,040.00 | $ 86,040.00 | 9/8/2008 | 10/23/2008 |
| RI | 443069 | 2134556 | $ 37,053.75 | $ 37,053.75 | 9/8/2008 | 10/23/2008 |
| RI | 443349 | 2134553 | $ 41,467.50 | $ 41,467.50 | 9/11/2008 | 10/26/2008 |
| RI | 443350 | 2134554 | $ 17,786.25 | $ 17,786.25 | 9/11/2008 | 10/26/2008 |
| RI | 443697 | 2148527 | $ 65,498.75 | $ 65,043.75 | 9/15/2008 | 10/30/2008 |
| RI | 443698 | 2148524 | $ 153,102.50 | $ 153,102.50 | 9/15/2008 | 10/30/2008 |
| RI | 443699 | 2148528 | $ 69,952.50 | $ 69,952.50 | 9/15/2008 | 10/30/2008 |
| RI | 443773 | 2148529 | $ 59,773.75 | $ 59,773.75 | 9/16/2008 | 10/31/2008 |
| RI | 444214 | 2148525 | $ 34,687.50 | $ 34,687.50 | 9/18/2008 | 11/2/2008 |
| RI | 444215 | 2148526 | $ 78,196.25 | $ 78,196.25 | 9/18/2008 | 11/2/2008 |
| RI | 444517 | 2153172 | $ 53,868.75 | $ 53,868.75 | 9/22/2008 | 11/6/2008 |
| RI | 444518 | 2153173 | $ 114,183.75 | $ 114,183.75 | 9/22/2008 | 11/6/2008 |
| RI | 444519 | 2153174 | $ 107,091.25 | $ 106,391.25 | 9/22/2008 | 11/6/2008 |
| RI | 444961 | 2153169 | $ 155,550.00 | $ 155,550.00 | 9/24/2008 | 11/8/2008 |
| RI | 445061 | 2156389 | $ 1,400.00 | $ 1,400.00 | 9/24/2008 | 11/8/2008 |
| RI | 445271 | 2153170 | $ 74,486.25 | $ 74,486.25 | 9/25/2008 | 11/9/2008 |
| RI | 445272 | 2153171 | $ 68,642.50 | $ 68,642.50 | 9/25/2008 | 11/9/2008 |
| RI | 445942 | 2154943 | $ 4,760.00 | $ 4,760.00 | 9/30/2008 | 11/14/2008 |
| RI | 445994 | 2159764 | $ 53,851.25 | $ 53,851.25 | 9/30/2008 | 11/14/2008 |
| RI | 445995 | 2159761 | $ 113,571.25 | $ 113,571.25 | 9/30/2008 | 11/14/2008 |
| RI | 445996 | 2159765 | $ 73,815.00 | $ 73,815.00 | 9/30/2008 | 11/14/2008 |
| RI | 445997 | 2159766 | $ 47,582.50 | $ 47,372.50 | 9/30/2008 | 11/14/2008 |
| RI | 446180 | 2159762 | $ 18,816.25 | $ 18,816.25 | 10/1/2008 | 11/15/2008 |
| RI | 446181 | 2159763 | $ 35,945.00 | $ 35,945.00 | 10/1/2008 | 11/15/2008 |
| RI | 446429 | 2166755 | $ 200,812.50 | $ 187,950.00 | 10/6/2008 | 11/20/2008 |
| RI | 446430 | 2166760 | $ 57,430.00 | $ 53,860.00 | 10/6/2008 | 11/20/2008 |
| RI | 446431 | 2166759 | $ 168,213.75 | $ 168,213.75 | 10/6/2008 | 11/20/2008 |
| RI | 446432 | 2166758 | $ 80,756.25 | $ 75,226.25 | 10/6/2008 | 11/20/2008 |
| RI | 447011 | 2166756 | $ 21,030.00 | $ 19,805.00 | 10/10/2008 | 11/24/2008 |
| RI | 447012 | 2166757 | $ 76,500.00 | $ 76,500.00 | 10/10/2008 | 11/24/2008 |
| RI | 447239 | 2170213 | $ 43,193.75 | $ 43,193.75 | 10/14/2008 | 11/28/2008 |
| RI | 447240 | 2170217 | $ 29,253.75 | $ 29,253.75 | 10/14/2008 | 11/28/2008 |
| RI | 447241 | 2170216 | $ 28,143.75 | $ 27,863.75 | 10/14/2008 | 11/28/2008 |
| RI | 447242 | 2170218 | $ 100,640.00 | $ 100,640.00 | 10/14/2008 | 11/28/2008 |
| RI | 447430 | 2169033 | $ 3,850.00 | $ 3,850.00 | 10/15/2008 | 11/29/2008 |
| RI | 447431 | 2170214 | $ 49,173.75 | $ 49,173.75 | 10/15/2008 | 11/29/2008 |
| RI | 447432 | 2170215 | $ 19,032.50 | $ 19,032.50 | 10/15/2008 | 11/29/2008 |
| RI | 447972 | 2173739 | $ 177,718.75 | $ 177,718.75 | 10/21/2008 | 12/5/2008 |
| RI | 447973 | 2173742 | $ 47,706.25 | $ 47,706.25 | 10/21/2008 | 12/5/2008 |
| RI | 447974 | 2173743 | $ 85,675.00 | $ 85,675.00 | 10/21/2008 | 12/5/2008 |
| RI | 447975 | 2173744 | $ 45,082.50 | $ 45,082.50 | 10/21/2008 | 12/5/2008 |
| RI | 448105 | 2173740 | $ 31,288.75 | $ 31,288.75 | 10/23/2008 | 12/7/2008 |
| RI | 448106 | 2173741 | $ 50,393.75 | $ 50,393.75 | 10/23/2008 | 12/7/2008 |
| RI | 448667 | 2180355 | $ 39,818.75 | $ 39,818.75 | 10/28/2008 | 12/12/2008 |
| RI | 448668 | 2180357 | $ 55,418.75 | $ 55,418.75 | 10/28/2008 | 12/12/2008 |
| RI | 448894 | 2180352 | $ 129,257.50 | $ 129,257.50 | 10/29/2008 | 12/13/2008 |
| RI | 448895 | 2180356 | $ 97,261.25 | $ 97,261.25 | 10/29/2008 | 12/13/2008 |
| RI | 449092 | 2180353 | $ 44,515.00 | $ 44,515.00 | 10/30/2008 | 12/14/2008 |
| RI | 449093 | 2180354 | $ 54,956.25 | $ 54,956.25 | 10/30/2008 | 12/14/2008 |
| RI | 449437 | 2182044 | $ 7,122.50 | $ 7,122.50 | 10/31/2008 | 12/15/2008 |
| RI | 449438 | 2182043 | $ 10,780.00 | $ 10,780.00 | 10/31/2008 | 12/15/2008 |



Building Networks for People

**MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| RI | 449439 | 2182045 | $ 3,850.00 | $ 3,850.00 | 10/31/2008 | 12/15/2008 |
| RI | 449440 | 2182046 | $ 6,737.50 | $ 6,737.50 | 10/31/2008 | 12/15/2008 |
| RI | 449441 | 2182047 | $ 7,122.50 | $ 7,122.50 | 10/31/2008 | 12/15/2008 |
| RI | 449442 | 2182048 | $ 6,352.50 | $ 6,352.50 | 10/31/2008 | 12/15/2008 |
| RM | 417215 | 34508317 | $ (6,314.00) | $ (161.00) | 1/31/2008 | 1/31/2008 |
| RM | 418037 | 34508883 | $ (5,048.50) | $ (245.00) | 2/8/2008 | 2/8/2008 |
| RM | 418469 | 56497693 | $ (6,986.00) | $ (77.00) | 2/14/2008 | 2/14/2008 |
| RM | 419666 | 4644194 | $ (17,214.25) | $ (49.00) | 2/22/2008 | 2/22/2008 |
| RM | 419668 | 34509523 | $ (6,456.00) | $ (56.00) | 2/22/2008 | 2/22/2008 |
| RM | 421742 | 56497943 | $ (12,791.75) | $ (28.00) | 3/11/2008 | 3/11/2008 |
| RM | 422565 | 4645437 | $ (4,555.25) | $ (287.00) | 3/14/2008 | 3/14/2008 |
| RM | 422813 | 75693586 | $ (11,897.00) | $ (42.00) | 3/17/2008 | 3/17/2008 |
| RM | 425121 | 25684676 | $ (10,268.00) | $ (42.00) | 4/3/2008 | 4/3/2008 |
| RM | 425122 | 25684757 | $ (6,120.00) | $ (56.00) | 4/3/2008 | 4/3/2008 |
| RM | 426076 | 75694982 | $ (8,658.25) | $ (21.00) | 4/11/2008 | 4/11/2008 |
| RM | 426077 | 25685053 | $ (17,441.25) | $ (68.00) | 4/11/2008 | 4/11/2008 |
| RM | 426282 | 25685173 | $ (6,595.50) | $ (74.25) | 4/15/2008 | 4/15/2008 |
| RM | 427928 | 75695187 | $ (37.50) | $ (37.50) | 4/29/2008 | 4/29/2008 |
| RM | 427933 | 75695186 | $ (15,538.25) | $ (21.00) | 4/29/2008 | 4/29/2008 |
| RM | 428830 | 25685901 | $ (12,688.50) | $ (51.50) | 5/7/2008 | 5/7/2008 |
| RM | 428848 | 4646759 | $ (17,207.50) | $ (49.00) | 5/7/2008 | 5/7/2008 |
| RM | 430171 | 25686572 | $ (5,974.00) | $ (680.00) | 5/20/2008 | 5/20/2008 |
| RM | 430186 | 35541089 | $ (3,587.00) | $ (14.00) | 5/20/2008 | 5/20/2008 |
| RM | 430480 | 4647058 | $ (16,468.50) | $ (35.00) | 5/22/2008 | 5/22/2008 |
| RM | 430593 | 25687074 | $ (4,797.75) | $ (105.00) | 5/27/2008 | 5/27/2008 |
| RM | 431167 | 25687268 | $ (20,187.00) | $ (23.50) | 5/29/2008 | 5/29/2008 |
| RM | 431168 | 35541232 | $ (3,906.00) | $ (63.00) | 5/29/2008 | 5/29/2008 |
| RM | 432742 | 25687580 | $ (9,157.00) | $ (42.00) | 6/12/2008 | 6/12/2008 |
| RM | 432743 | 34511483 | $ (4,218.75) | $ (28.00) | 6/12/2008 | 6/12/2008 |
| RM | 433677 | 35541813 | $ (4,976.75) | $ (70.00) | 6/19/2008 | 6/19/2008 |
| RM | 434548 | 56400181 | $ (7,505.75) | $ (70.00) | 6/26/2008 | 6/26/2008 |
| RM | 434549 | 25688816 | $ (7,801.50) | $ (84.00) | 6/26/2008 | 6/26/2008 |
| RM | 434723 | 4647463 | $ (13,042.00) | $ (70.00) | 6/27/2008 | 6/27/2008 |
| RM | 435266 | 34511890 | $ (6,127.00) | $ (70.00) | 6/30/2008 | 6/30/2008 |
| RM | 437158 | 25689540 | $ (2,850.75) | $ (14.00) | 7/22/2008 | 7/22/2008 |
| RM | 438031 | 35542480 | $ (4,726.25) | $ (154.00) | 7/29/2008 | 7/29/2008 |
| RM | 438322 | 25689835 | $ (5,229.00) | $ (56.00) | 7/30/2008 | 7/30/2008 |
| RM | 440700 | RTV150R2-2/25690918/1078 | $ (5,351.25) | $ (14.00) | 8/18/2008 | 8/18/2008 |
| RM | 442671 | 25691944 | $ (5,687.25) | $ (21.00) | 9/3/2008 | 9/3/2008 |
| RM | 445140 | 75698590 | $ (2,979.50) | $ (16.75) | 9/25/2008 | 9/25/2008 |
| RM | 445888 | 75698653 | $ (22,355.00) | $ (91.00) | 9/30/2008 | 9/30/2008 |
| RM | 448155 | 75699106 | $ (14,697.75) | $ (217.00) | 10/23/2008 | 10/23/2008 |
| RM | 449030 | 34514044 | $ (6,550.75) | $ (21.00) | 10/29/2008 | 10/29/2008 |
| RM | 450048 | 4650621 | $ (15,853.00) | $ (35.00) | 11/7/2008 | 11/7/2008 |
| RM | 450076 | 4651017 | $ (7,503.00) | $ (7,503.00) | 11/7/2008 | 11/7/2008 |
| RM | 450726 | 4651178 | $ (7,867.25) | $ (7,867.25) | 11/13/2008 | 11/13/2008 |
| RM | 450727 | 25695341 | $ (3,970.50) | $ (3,970.50) | 11/13/2008 | 11/13/2008 |
| RM | 450837 | 56402162 | $ (12,513.75) | $ (12,513.75) | 11/18/2008 | 11/18/2008 |
| RM | 451247 | 75699689 | $ (15,839.25) | $ (15,839.25) | 11/20/2008 | 11/20/2008 |
| RM | 452342 | 35545028 | $ (4,632.75) | $ (4,632.75) | 12/4/2008 | 12/4/2008 |
| RM | 452344 | 25695475 | $ (8,743.25) | $ (8,743.25) | 12/4/2008 | 12/4/2008 |



**MASTER SPREADSHEET**

### # 23481 CIRCUIT CITY STATEMENT OF ACCOUNT 1/28/09

| Doc Type* | D-Link Reference # | Circuit City Reference # | Gross Amount | Open Amount | D-Link Processed Date | Due Date |
|---|---|---|---|---|---|---|
| RP | 31320 | AV075965 | $ (151,993.23) | $ (888.38) | 5/20/2008 | 5/20/2008 |
| RP | 31535 | AV076331 CB87092 | $ (5,096.00) | $ (5,096.00) | 5/30/2008 | 5/30/2008 |
| RP | 34734 | AV083069 CB 95183 | $ (16,401.84) | $ (16,401.84) | 11/12/2008 | 11/12/2008 |
| RP | 34735 | AV083225 CB 95443 | $ (16,730.00) | $ (16,730.00) | 11/12/2008 | 11/12/2008 |
| RP | 34736 | AV083283 CB 94816 | $ (6,035.00) | $ (6,035.00) | 11/12/2008 | 11/12/2008 |
| RP | 34737 | AV083228 CB 95267 | $ (1,905.00) | $ (1,905.00) | 11/12/2008 | 11/12/2008 |
| RP | 34763 | AV082925 CB 95358 | $ (14,360.50) | $ (14,360.50) | 11/13/2008 | 11/13/2008 |
| RP | 34764 | AV083227 CB 95271 | $ (26,220.00) | $ (26,220.00) | 11/13/2008 | 11/13/2008 |
| RP | 34767 | AV082923 CB 94508 | $ (62,118.00) | $ (62,118.00) | 11/13/2008 | 11/13/2008 |
| RP | 35774 | VB 96161 | $ (3,225.00) | $ (3,225.00) | 1/12/2009 | 1/12/2009 |
| RP | 35775 | VB 96785 | $ (6,589.52) | $ (6,589.52) | 1/12/2009 | 1/12/2009 |
| RP | 35776 | VB 96029 CB 96029 | $ (10,942.00) | $ (10,942.00) | 1/12/2009 | 1/12/2009 |
| RP | 35780 | CB 96786 CB 96787 | $ (6,348.44) | $ (6,348.44) | 1/12/2009 | 1/12/2009 |
| RP | 35781 | CB 96264 | $ (6,407.24) | $ (6,407.24) | 1/12/2009 | 1/12/2009 |
| RP | 35782 | CB 96849 | $ (6,299.50) | $ (6,299.50) | 1/12/2009 | 1/12/2009 |
| RP | 35783 | CB 95391 | $ (4,651.08) | $ (4,651.08) | 1/12/2009 | 1/12/2009 |
| RP | 35784 | CB 95499 | $ (1,780.00) | $ (1,780.00) | 1/12/2009 | 1/12/2009 |
| RP | 35785 | CB 95744 | $ (8,580.00) | $ (8,580.00) | 1/12/2009 | 1/12/2009 |
| RP | 35786 | CB 96850 | $ (23,075.00) | $ (23,075.00) | 1/12/2009 | 1/12/2009 |
| RP | 35787 | AV083644 CB 97285 | $ (1,005.48) | $ (1,005.48) | 1/12/2009 | 1/12/2009 |
| RP | 35818 | AV083643 CB 97278 | $ (1,852.35) | $ (1,852.35) | 1/13/2009 | 1/13/2009 |
| RP | 35819 | 454712 RI | $ (1,083.45) | $ (1,083.45) | 1/13/2009 | 1/13/2009 |
| RP | 35820 | 454709 RI | $ (2,027.10) | $ (2,027.10) | 1/13/2009 | 1/13/2009 |
| RP | 35821 | 454711 RI | $ (384.45) | $ (384.45) | 1/13/2009 | 1/13/2009 |
| RP | 35822 | 454788 RI | $ (1,223.25) | $ (1,223.25) | 1/13/2009 | 1/13/2009 |
| RP | 35855 | 454789 RI AV08110 CB 91695 | $ (30,835.00) | $ (5,769.00) | 1/14/2009 | 1/14/2009 |
| RP | 35970 | VB 96784 | $ (0.14) | $ (0.14) | 1/20/2009 | 1/20/2009 |
| RP | 35970 | VB 96784 | $ (6,601.14) | $ (6,601.14) | 1/20/2009 | 1/20/2009 |
| RP | 36010 | AV080110 CB 92473 | $ (25,066.00) | $ (25,066.00) | 1/21/2009 | 1/21/2009 |

**GRAND TOTAL:  $  3,471,725.06**

| LEGEND: | |
|---|---|
| RI | INVOICE |
| R5 | DEDUCTION MADE BY CUSTOMER |
| RB | CHARGEBACK TO CUSTOMER |
| RP | PROMOTIONAL CREDIT |
| RM | RETURNED MERCHANDISE |

## **EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

## EVIDENCE OF TRANSFER OF CLAIM

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, D-LINK SYSTEMS, INC. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to CREDIT SUISSE INTERNATIONAL ("Assignee"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with, Assignor's general unsecured claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Circuit City Stores, Inc. (the "Debtor"), one of the debtors-in-possession in the chapter 11 reorganization cases entitled *In re: Circuit City Stores, Inc., et al.*, Chapter 11 Case No. 08-35653 (KRH) *(Jointly Administered)*, pending in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), with a claim number of 7969 (the "Claim"), solely to the extent of an undivided interest in $2,000,000.00, representing an undivided percentage equal to 57.6082485% (the "Allowance Percentage") of the Claim. Assignor shall retain the balance of the Claim.

Assignor hereby waives any objection to the transfer of the Allowance Percentage of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Allowance Percentage of the Claim and recognizing the Assignee as the sole owner and holder of the Allowance Percentage of the Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Allowance Percentage of the Claim, and all payments or distributions of money or property in respect of the Allowance Percentage of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 2nd day of February, 2009.
March

ASSIGNOR:                                    ASSIGNEE:

D-LINK SYSTEMS, INC.                         CREDIT SUISSE INTERNATIONAL

By:                                          By:
Name: Wen Bow                                   Name:
Title: Comptroller                              Title:


                                             By:
                                                Name:
                                                Title:

- 2 -

## EVIDENCE OF TRANSFER OF CLAIM

### TO:    THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, D-LINK SYSTEMS, INC. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to CREDIT SUISSE INTERNATIONAL ("Assignee"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with, Assignor's general unsecured claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Circuit City Stores, Inc. (the "Debtor"), one of the debtors-in-possession in the chapter 11 reorganization cases entitled *In re: Circuit City Stores, Inc., et al.*, Chapter 11 Case No. 08-35653 *(KRH) (Jointly Administered)*, pending in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), with a claim number of 7969 (the "Claim"), solely to the extent of an undivided interest in $2,000,000.00, representing an undivided percentage equal to 57.6082485% (the "Allowance Percentage") of the Claim. Assignor shall retain the balance of the Claim.

Assignor hereby waives any objection to the transfer of the Allowance Percentage of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Allowance Percentage of the Claim and recognizing the Assignee as the sole owner and holder of the Allowance Percentage of the Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Allowance Percentage of the Claim, and all payments or distributions of money or property in respect of the Allowance Percentage of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 2 day of ~~February~~, 2009.
            March

**ASSIGNOR:**                                          **ASSIGNEE:**

**D-LINK SYSTEMS, INC.**                               **CREDIT SUISSE INTERNATIONAL**

By: _____                                    By: _____
   Name: Wen Bow                                           Name: Craig Weingard
   Title: Comptroller                                      Title: Authorized Signatory

                                                       By: _____
                                                           Name:  STEVEN J. REIS
                                                           Title:  Authorized Signatory