| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER ESTABLISHING OMNIBUS OBJECTION
PROCEDURES AND APPROVING THE FORM AND
MANNER OF NOTICE OF OMNIBUS OBJECTIONS**

Upon the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") approving (a) procedures for filing omnibus objections to Claims asserted in the above-captioned

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form and manner of the notice of objections (the "Notice of Omnibus Objection"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, including pursuant to the Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures entered by the Court on November 13, 2008, and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED and DECREED** that

    1.   The Motion is granted in its entirety.

    2.   The Debtors are authorized to file Omnibus Objections to the Claims pursuant to the Omnibus Objection

Procedures, substantially in the form annexed hereto as <u>Exhibit 1</u>, which are hereby approved in their entirety.

    3.   The Notice of Omnibus Objection, substantially in the form annexed hereto as <u>Exhibit 2</u>, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular claimants and/or certain types of Omnibus Objections, is hereby approved as the form by which the Debtors shall provide notice to claimants whose Claims are the subject of the applicable Omnibus Objection.

    4.   The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC agent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

    5.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

    6.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:    Richmond, Virginia
              _____, 2009

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**EXHIBIT 1**
**OMNIBUS OBJECTION PROCEDURES**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

     Pursuant to the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ___) (the "Order")[1] entered by the Bankruptcy Court on March [__], 2009, the Bankruptcy Court approved these procedures for filing omnibus objections to proofs of claims and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection Procedures").

### Omnibus Objection Procedures

1. **Form of Omnibus Objection**.  Omnibus Objections will be numbered consecutively, regardless of basis.

2. **Number of Proofs of Claim per Omnibus Objection**. The Debtors may object to no more than 500 Claims per Omnibus Objection.

3. **Grounds for Omnibus Objection**.  The Debtors may object to the Claims on any grounds.

4. **Supporting Documentation**. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records and believes such documentation does not provide prima facie evidence of the validity and amount of such Claims.

5. **Claims Exhibits**.  An exhibit listing the Claims that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Each exhibit will only contain those Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each applicable exhibit. Each exhibit will include, among other things, the following information: (a) an alphabetized list of the claimants whose Claims are the subject of the Omnibus Objection; (b) the claim numbers of the Claims that are the subject of the Omnibus Objection; (c) the grounds for the objections that are the subject of the Omnibus Objection; and (d) a reference to the exhibit of the Omnibus Objection in which the ground(s) for the objection is discussed. Where applicable, additional information may be included in the exhibits, including: for Claims that the Debtors seek to reclassify, the proposed classification of such claims; for Omnibus Objections in which the Debtors seek to reduce the amount of Claims, the proposed reduced claim amount; and for Claims that the Debtors propose to be surviving claims where related claims will be disallowed the surviving claim.

2

6.     **Omnibus Objection Notice**.  Each Omnibus Objection will be accompanied by a notice of such Omnibus Objection (each, a "Notice") in substantially the form attached to the Order as Exhibit 2.  The Notice will, among other things: (a) describe the basic nature of the Omnibus Objection; (b) inform claimants that their rights may be affected by the Omnibus Objection and encourage them to read the Omnibus Objection carefully; (c) identify a response date and describe the procedures for filing a written response (each, a "Response") to the Omnibus Objection; (d) identify a hearing date, if applicable, and related procedures; and (e) describe how Claims, the Omnibus Objection and other pleadings in the chapter 11 cases may be obtained. Although the Notice generally will be in the form attached hereto, it may be tailored specifically to address particular claimants or types of Omnibus Objections.

7.     **Status Hearings**.  Status hearings for all Claims for which timely responses are filed will be held on scheduled omnibus hearing dates.  Unless otherwise notified, no claimants will need to appear at the status hearings on the Omnibus Objections.  If an evidentiary hearing is necessary, claimants will be provided a separate notice of hearing.

8.     **Order if No Response**.  The Debtors may submit an order to the Bankruptcy Court sustaining each Omnibus Objection to Claims for which the Debtors did not receive a timely Response without further notice to such claimants. The Debtors may submit an order for Claims in an Omnibus Objection to which no response is filed, even if there are Responses to certain Claims objected to in such Omnibus Objection.

9.     **Each Objection Is a Contested Matter**.  Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Requirements For All Responses To Objections

Parties who disagree with the request sought in an Omnibus Objection are required to file a Response in accordance with the procedures set forth herein.  If a

3

claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Bankruptcy Court may sustain the Omnibus Objection with respect to such Claims without further notice to the claimant.

    1.  **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

        a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

        b.   the claimant's name and an explanation for the amount of the Claim;

        c.   a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Omnibus Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

        d.   a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; _provided_, _however_, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

4

    e.    a declaration of a person with personal knowledge of the relevant facts that support the Response; and

    f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

    g.    To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

2.    **Failure to File a Timely Response**. If the claimant fails to file and serve a Response on or before the Response Deadline in substantial compliance with the procedures set forth herein, the Debtors may present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection without further notice to the claimant.

3.    **Service of the Response**. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely

5

filed only if the Response is actually received by the Bankruptcy Court on or before the Response Deadline.  A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if filed in the office of the clerk of the Bankruptcy Court on or before the Response Deadline (which deadline will be clearly set forth in the Notice).  If a Response is filed electronically through the Bankruptcy Court's CM/ECF system, no other service on the Debtors shall be necessary.  If the Response it not filed electronically, the Response must be actually received on or before the Response Deadline by the following parties:

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

- and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson

4.    **Reservation of Rights**.  Nothing in the Notice or the Omnibus Objection will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against the claimant of the Debtors.  Unless the Bankruptcy Court allows a Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claims (or to any other Claims or causes of action filed by a claimant or that have been scheduled by the Debtors) at a later date.  In such event, the respective claimant will receive a separate notice of any such objections.

6

**EXHIBIT 2**
**FORM OF NOTICE**

| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

    - - - - - - - - - - - - - - - x
    In re:                        :   Chapter 11
                                  :
    CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
    et al.,                       :
                                  :
                     Debtors.     :   Jointly Administered
    - - - - - - - - - - - - - - - x
```

**NOTICE OF THE DEBTORS'
[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' [_____] Omnibus Objection to Claim (the "Omnibus Objection") with the Bankruptcy Court. A copy of the Omnibus Objection is attached to this notice (this "Notice") as Exhibit 1. By the Omnibus Objection, the Debtors are seeking to disallow Claims (as defined herein) on the ground that the Claims are: [_____]

**PLEASE TAKE FURTHER NOTICE THAT** on March [___], 2009, the Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ___) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow claims, including your claim(s), listed below in the "Claim to Be Disallowed" row but does not seek to alter your claim listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | | |
| | Surviving Claim | | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

**Critical Information for Claimants
Choosing to File a Response to the Omnibus Objection**

Who Needs to File a Response:  If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtors before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on [___], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

>Clerk of the Bankruptcy Court
>United States Bankruptcy Court
>701 East Broad Street – Room 4000
>Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

3

```
SKADDEN, ARPS, SLATE, MEAGHER    MCGUIREWOODS LLP
& FLOM, LLP                      One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, VA 23219
Wilmington, DE 19899-0636        Attn: Dion W. Hayes
Attn: Gregg M. Galardi           Attn: Douglas M. Foley
Attn: Ian S. Fredericks

        - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson
```

The status hearing on the Omnibus Objection will be held at **[___] a.m./p.m. prevailing Eastern Time on [_____], 2009 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5100
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Omnibus Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Omnibus Objection.

**<u>Procedures for Filing a Timely Response and Information Regarding the Hearing on the Omnibus Objection</u>**

**<u>Contents</u>**.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.  a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

4

    b.    the claimant's name and an explanation for the amount of the Claim;

    c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Omnibus Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

    d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; <u>provided</u>, <u>however</u>, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

    e.    a declaration of a person with personal knowledge of the relevant facts that support the Response; and

    f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be

5

                    disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

      g.    To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

**Requests for Information**. You may also obtain a copy of the Omnibus Objection or related documents on the

6

internet, by accessing the website of the Debtors at <u>www.kccllc.net/circuitcity</u>.

**Reservation of Rights**.  Nothing in this Notice or the Omnibus Objection constitutes a waiver of the Debtors' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions or any other claims against you of the Debtors.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date.  In such event, you will receive a separate notice of any such objections.

| | |
|---|---|
| Dated: March __, 2009<br>Richmond, Virginia | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000<br><br>- and -<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>333 West Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br><br>- and -<br><br>MCGUIREWOODS LLP<br><br>_____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br><br>Counsel for Debtors and Debtors in Possession |

8