UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., <u>et al</u>., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### MOTION OF CIRCUIT INVESTORS #2 LTD. FOR ORDER COMPELLING IMMEDIATE PAYMENT OF ACCRUED RENT PURSUANT TO 11 U.S.C. § 365(d)(3) OR ALLOWING <u>ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C. §503(b)</u>

**CIRCUIT INVESTORS #2 LTD.** (the "Landlord"), hereby submits this Motion for Order Compelling Immediate Payment of Accrued Rent Pursuant to 11 U.S.C. § 365(d)(3) or Allowing Administrative Claims Pursuant to 11 U.S.C. §503(b) (the "Motion"), and in support thereof, states as follows:

## I.    INTRODUCTION

1.    On November 10, 2008 (the "Petition Date"), the above-captioned jointly-administered debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 783-7550
(804) 783-7686 facsimile

Niclas A. Ferland, Esq. (*admitted pro hac vice*)
Ilan Markus, Esq.
LeClairRyan, A Professional Corporation
555 Long Wharf Drive, 8th Floor
New Haven, Connecticut 06511
(203) 773-5026
(203) 773-5027 facsimile

Counsel for the Circuit Investors #2, Ltd.

Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").  Upon

information and belief, the Debtors have continued in possession of their property and

management of their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107

and 1108.

2.      Prior to the Petition Date, the Landlord was the landlord and one of the Debtors

was the tenant pursuant to an unexpired lease (the "Lease") of nonresidential real property

owned by the Landlord and which is sometimes referred to by the Debtors as store 3202,

Gainesville Mini-Superstore, located in Gainesville, Florida (the "Premises").  The Lease was

rejected as of February 23, 2009.[1]

## II.      POSTPETITION RENT DUE UNDER THE LEASE

3.      Despite enjoying continuous possession of the Premises after the Petition Date,

the Debtors have not fully and timely complied with their obligations under 11 U.S.C. §

365(d)(3) by failing to pay $11,425.60 in post-petition rent and rent-related charges (real estate

taxes and sales taxes payable under Florida law) due under the Lease for the months December,

2008, through February 23, 2009 (the "Accrued Rent").  The components of the Accrued Rent

are set forth in greater detail on Exhibit 1 hereto.

4.      Alternatively, the Landlord is entitled to an allowed administrative claim for the

Accrued Rent in the amount of $11,425.60.

## III.     LAW AND ARGUMENT

### A.      The Landlord Is Entitled to Immediate Payment of the Accrued Rent.

5.      Bankruptcy Code § 365(d)(3) provides:

The trustee shall timely perform all the obligations of the debtor, except those
specified in section 365(b)(2), arising from and after the order for relief under any
unexpired lease of nonresidential real property, until such lease is assumed or

---

[1] The Lease is a "Paid In Arrears Lease" that required November 2008 rent to be paid on November 30, 2008.

rejected, notwithstanding section 503(b)(1) or this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (1) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C. § 365(d)(3).

6.      Pursuant to 11 U.S.C. § 365(d)(3), the Debtors are obligated to pay the Accrued

Rent immediately. *See, e.g., In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002),

*rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004); *In re Stone Barn Manhattan LLC*, 398 B.R.

359, 361-68 (Bankr. S.D.N.Y. 2008); *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209

(3d Cir. 2001) (holding that Congress, in adopting section 365(d)(3), intended a debtor to

perform all leasehold obligations as they came due).

7.      Section 365(d)(3) was added to the Bankruptcy Code in 1984 to protect landlords

from the consequences of "involuntary" creditor status.  The legislative history explains the

reason for enacting § 365(d)(3):

> This subtitle contains three major substantive provisions which are intended to remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy code…A second and related problem is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments under the lease.  In this situation, the landlord is forced to provide current services–the use of its property, utilities, security, and other services--without current payment. No other creditor is put in this position.  In addition, the other tenants often must increase their common area charge payments to compensate for the debtor.  The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease.  This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease.

130 Cong. Rec. S8887, 8895 (daily ed. June 29, 1984) (statement of Sen. Hatch) (emphasis

added).  Accordingly, it is clear that Section 365(d)(3) requires the Debtors to pay postpetition

lease obligations as they come due, thereby balancing the Debtors' need to retain the leasehold, and the Landlord's inability to evict the Debtors during the Section 365(d)(4) period. *See El Paso Props. Corp. v. Gonzales (In re Furr's Supermarkets, Inc.)*, 283 B.R. 60, 69 (B.A.P. 10th Cir. 2002).

8.     In light of the foregoing, the Landlord is entitled to immediate payment of all of the Accrued Rent in the amount of $11,425.60.

**B.     Alternatively, The Accrued Rent Is Allowable as an Administrative Claim Pursuant To 11 U.S.C. § 503(b).**

9.     The Landlord submits that, in the alternative, the Accrued Rent constitutes an allowable administrative expense pursuant to 11 U.S.C. § 503(b), which provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses ... including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b).

10.     In light of this Court's ruling that the "Stub Rent claims for lessors under Paid In Advance Leases are hereby accorded administrative priority expense treatment under sections 503(b) and 507(a) of the Bankruptcy Code . . ." *Findings of Fact and Conclusions of Law from Hearing Held December 22, 2008 on Motions to Compel Payment of Postpetition Rent*, ¶ 3 (Docket Entry No. 1781, Jan. 26, 2009), the Accrued Rent constitutes an allowable administrative claim. The Debtors benefited by having control of the Premises during the time period in which the Accrued Rent accrued, and thus the Landlord should be allowed a Chapter 11 administrative claim to the extent of the Accrued Rent in the amount of $11,425.60.

**C.**    **The Landlord Is Also Entitled To Recover Attorneys' Fees Incurred In Connection With This Motion.**

11.    Additionally, pursuant to the Lease, the Landlord is entitled to payment of the attorneys' fees it has incurred (and will continue to incur) in connection with this Motion. *See, e.g., Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. Co.*, 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); *In re Beltway Medical, Inc.*, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation"); *In re East 44th Realty, LLC*, No. 07 Civ. 8799, 2008 U.S. Dist. LEXIS 7337 (S.D.N.Y. 2008) (affirming bankruptcy court's finding that a $1.7 million settlement of attorneys' fees to a landlord was reasonable); *In re James Londagin*, No. RS 06-12181, 2008 Bankr. LEXIS 806, *26 (Bankr. C.D. Cal. 2008) (awarding postpetition attorneys' fees); *In re Entertainment, Inc.*, 223 B.R. 141, 151-154 (Bankr. E.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease); *In re Exchange Resources, Inc.*, 214 B.R. 366, 371 (Bankr. D. Minn. 1997) (legal fees incurred by landlord in collecting post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now"); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994) ("the legislative history of [section 365(d)(3)] and the language of the section itself mandate that a lessor be paid interest, late fees, and legal fees incurred in the first 60 days of the bankruptcy case").

12.    Based on the foregoing, the Landlord is entitled to the entry of an order directing the Debtors to pay the Accrued Rent and allowing the Stub Rent amounts as administrative

claims, plus reasonable attorneys' fees in the amount of $2,000 associated with preparing and

prosecuting this Motion.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an Order:

A. Compelling the Debtor to immediately pay to the Landlord the Accrued Rent in the amount of $11,425.60 due under the Lease; or

B. Granting the Landlord an allowed administrative claim under 11 U.S.C. § 503(b) in the aggregate amount of the Stub Rent in the amount of $11,425.60; and

C. Awarding the Landlord $2,000 as reimbursement for attorney's fees actually incurred in preparing and prosecuting this Motion; and

D. Granting the Landlord such other and further relief as this Court deems appropriate.

Dated: April 1, 2009
Richmond, Virginia

LeClairRyan, A Professional Corporation

/s/ Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel: (804) 783-7550
Fax: (804) 783-7686
christopher.perkins@leclairryan.com

- and -

Niclas A. Ferland (*admitted pro hac vice*)
Ilan Markus
555 Long Wharf Drive, 8th Floor
New Haven, CT 06511
Tel: (203) 773-5026
Fax: (203) 773-5027
niclas.ferland@leclairryan.com
ilan.markus@leclairryan.com

*Counsel for Circuit Investors #2, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter.

/s/ Christopher L. Perkins

6519649-1

Landlord: Circuit Investors #2 Ltd., a Texas Partnership
Tenant: Circuit City Stores, Inc.
Address: Gainesville, Florida
Store No.: 3202

**Amounts Due from Circuit City - Gainesville**

|           | Nov       | Dec       | Jan       | Feb*      | Total     |
|-----------|-----------|-----------|-----------|-----------|-----------|
| Sales Tax | 859.95    | 91.00     | 659.75    | 1,009.13  | 2,619.83  |
| RE Tax    | 1,709.86  | 2,564.79  | 2,564.79  | 1,966.34  | 8,805.77  |
| Total     | 2,569.81  | 2,655.79  | 3,224.54  | 2,975.47  | 11,425.60 |

*Based on 02/23 as Rejection Date