```
Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
                                :
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   1Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULE 9019 APPROVING LETTER AGREEMENT BY AND AMONG THE DEBTORS AND A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP WF, LLC, HUDSON CAPITAL PARTNERS, LLC, SB CAPITAL GROUP, LLC AND TIGER CAPITAL GROUP, LLC**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 9019

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

approving the letter agreement (the "Letter Agreement") entered into between the Debtors and a joint venture comprised of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (collectively the "Agent"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED, AND DECREED that:**

    1.    The Motion is GRANTED.

    2.    Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code sections 105 and 363, the Debtors' decision to enter into the Letter Agreement is based on sound business judgment, is reasonable and appropriate under the circumstances and is approved in all respects.

2

3. The Debtors are hereby authorized to enter into the Letter Agreement and to take all actions and execute all documentation reasonably necessary or appropriate to implement its terms without further Court order.

4. Subject to the terms of the Letter Agreement, the Debtors are hereby authorized to make all payments due to the Agent as described in the Letter Agreement.

5. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

6. Upon payment to the Agent of the amount specified in the Letter Agreement and the return to the Agent of the Agent Letter of Credit, the Agent, for itself and on behalf of its Covered Persons (as defined below), shall be deemed to forever release and discharge the Debtors and their Covered Persons from any and all Covered Claims (as defined below), other than with respect to (i) claims, demands, penalties, loss,

3

liability, or damage asserted by one or more entities against the Agent or its Covered Persons and for which the Debtors are obligated to indemnify and hold the Agent or its Covered Person harmless under section 14 of the Agency Agreement and (ii) reconciliation and reimbursement of, and other obligations or rights related to, Expenses on the terms set forth in the Agency Agreement and the Letter Agreement. Simultaneously, the Debtors, for themselves and on behalf of their Covered Persons, shall be deemed to forever release and discharge the Agent and its Covered Persons from any and all Covered Claims, other than with respect to (i) claims, demands, penalties, loss, liability, or damage asserted by one or more entities against the Debtors or their Covered Persons and for which the Agent is obligated to indemnify and hold the Debtors or their Covered Person harmless under section 14 of the Agency Agreement and (ii) reconciliation and reimbursement of, and other obligations or rights related to, Expenses on the terms set forth in the Agency Agreement and the Letter Agreement. "Covered Persons" shall mean, as to any entity, such entity's

4

agents, employees, professionals and affiliates and any entity claiming through any of the foregoing (including, in the case of the Debtors, any official committee appointed in the Debtors' cases). "Covered Claims" shall mean claims and causes of action arising under or in connection with the Agency Agreement. For the avoidance of doubt, nothing herein shall be deemed to release any rights either the Debtors or the Agent may have under the Letter Agreement.

7. Any term not otherwise defined herein, but defined in the Bankruptcy Code, shall have the meaning ascribed to such term in the Bankruptcy Code. The singular shall include the plural and vice versa.

8. Other than as contemplated by the Letter Agreement and set forth in paragraph 6 above, nothing in the Letter Agreement or this Order shall be deemed to release any third party from any claims related to the auction held on January 15, 2009 or the Agency Agreement.

5

9. This Court retains jurisdiction with respect to all matters arising from or related to or any dispute concerning the Letter Agreement or this Order.

Dated:   Richmond, Virginia
         Mar 30 2009              , 2009

              /s/ Kevin Huennekens
              UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 3/30/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

   /s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

6

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing order has been endorsed by or served upon all necessary parties.

                                                             /s/ Douglas M. Foley

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj            Page 1 of 1             Date Rcvd: Mar 30, 2009
Case: 08-35653                Form ID: pdforder          Total Served: 1

The following entities were served by first class mail on Apr 01, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 01, 2009**                              **Signature:**    _Joseph Speetjens_