Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - x

**STIPULATION AND CONSENT ORDER RESOLVING MOTION OF APPLIED PREDICTIVE TECHNOLOGIES, INC FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR RELATED RELIEF**

This Stipulation and Consent Order (the "Stipulation and Consent Order") is made and entered into by Applied Predictive Technologies, Inc. ("APT") and Circuit City Stores, Inc. ("Circuit City") and its related Chapter 11 debtors (collectively with Circuit City, the "Debtors").

WHEREAS, the Debtors and APT are parties to the Applied Predictive Technologies Order Agreement pursuant to which the Debtors licensed the use of certain software provided by APT for a three year term entered into on or about September 1, 2002, and renewed on or about September 1, 2005, and renewed again on or about September 1, 2008 (all three agreements collectively, the "Agreements"); and

WHEREAS, pursuant to the Agreements, the Debtors were scheduled to pay to APT a total of $75,000 on account of the licensed use of software from September 1, 2008 through March 1, 2009; and

WHEREAS, on February 3, 2009, APT filed the Motion of Applied Predictive Technologies, Inc. for Payment of Administrative Expense Claim (the "Motion") (D.I. 1961); and

WHEREAS, APT and the Debtors have agreed to resolve the issues raised in the Motion in accordance with the terms of this Stipulation and Consent Order.

NOW, THEREFORE, APT and the Debtors hereby STIPULATE AND AGREE, and it is hereby ORDERED, ADJUDGED AND DECREED by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), as follows:

1. The Motion is hereby resolved as set forth in this Stipulation and Consent Order.

2. The Debtors discontinued their use of APT's licensed software on or before December 31, 2008.

3. APT is hereby allowed an administrative expense priority claim against the Debtors' estates in the total amount of $21,250.17 (the "Allowed Administrative Claim"),[1] which Allowed Administrative Claim shall be paid to APT in accordance with the terms of any confirmed plan of reorganization or as otherwise ordered by the Court. The remainder of the amounts pled by APT in its Motion for administrative expense priority are hereby denied.

4. APT shall have no other post-petition administrative expense priority claims in the Debtors' bankruptcy cases; provided, however, that nothing herein shall preclude APT from asserting administrative expense priority claims under Bankruptcy Code section 503(b)(9) or from asserting general unsecured claims; provided further that any and all rights that the Debtors may have to object to any claims or claim amounts that APT may assert, other than the Allowed Administrative Claim, are expressly reserved and preserved.

5. Upon entry by the Bankruptcy Court, this Stipulation and Consent Order shall be binding upon and shall inure to

---

[1] This figure was calculated by multiplying the per diem license fee of $416.67 by the 51 days between November 10, 2008 (the "Petition Date") and December 31, 2008.

3

the benefit of APT and the Debtors and each of their respective successors and assigns.

6.  This Stipulation and Consent Order contains the entire agreement and understanding between the Parties with respect to the subject matter hereof, and supersedes and replaces all prior negotiations or proposed agreements, written or oral.

7.  The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters relating to or arising from this Stipulation and Consent Order.

DATED: _____, 2009

                                 _____
                                 Honorable Kevin R. Huennekens
                                 United States Bankruptcy Judge

571732.02-Wilmington Server 1A - MSW

WE ASK FOR THIS:

S<small>KADDEN</small>, A<small>RPS</small>, S<small>LATE</small>, M<small>EAGHER</small> &
F<small>LOM</small>, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19898-0636
(302) 651-3000

and

S<small>KADDEN</small>, A<small>RPS</small>, S<small>LATE</small>, M<small>EAGHER</small> &
F<small>LOM</small>, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

     and

M<small>C</small>G<small>UIRE</small> W<small>OODS</small> LLP

/s/ H. Slayton Dabney, Jr.
H. Slayton Dabney Jr., Esq.
(VSB No. 14145)
K<small>ING</small> & S<small>PALDING</small> LLP
1185 Avenue of the Americas
New York, New York
(212) 556-2100

*Counsel for Applied Predictive Technologies, Inc.*

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 East Cary Street
Richmond, Virginia  23219
(804) 775-1000

*Counsel for Debtors and Debtors in Possession*

### CERTIFICATION

     THE UNDERSIGNED HEREBY CERTIFIES, pursuant to Local Rule 9022-1(C), that this Consent Order has been endorsed by all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

5

571732.02-Wilmington Server 1A - MSW