Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x


            **ORDER ESTABLISHING OMNIBUS OBJECTION**
            **PROCEDURES AND APPROVING THE FORM AND**
            **MANNER OF NOTICE OF OMNIBUS OBJECTIONS**

      Upon the motion (the "Motion")[1] of the above-captioned

debtors (collectively, the "Debtors") for the entry of an

order (the "Order") approving (a) procedures for filing

omnibus objections to Claims asserted in the above-captioned

---

[1]      Capitalized terms used but not otherwise defined herein shall have
the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form
and manner of the notice of objections (the "Notice of
Omnibus Objection"); and it appearing that the relief
requested in the Motion is in the best interests of the
Debtors' estates, their creditors and other parties in
interest; the Court having jurisdiction to consider the
Motion and the relief requested therein pursuant to 28
U.S.C. §§ 157 and 1334; consideration of the Motion and the
relief requested therein being a core proceeding pursuant to
28 U.S.C. § 157(b); venue being proper before the Court
pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the
Motion having been provided to all necessary and appropriate
parties, including pursuant to the Court's Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002
and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management, and
Administrative Procedures entered by the Court on November
13, 2008, and no further notice being necessary; and after
due deliberation and sufficient cause appearing therefor, it
is hereby **ORDERED, ADJUDGED and DECREED** that

1.    The Motion is granted in its entirety.

2.    The Debtors are authorized to file Omnibus
Objections to the Claims pursuant to the Omnibus Objection

Procedures, substantially in the form annexed hereto as Exhibit 1, which are hereby approved in their entirety.

3.    The Notice of Omnibus Objection, substantially in the form annexed hereto as Exhibit 2, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular claimants and/or certain types of Omnibus Objections, is hereby approved as the form by which the Debtors shall provide notice to claimants whose Claims are the subject of the applicable Omnibus Objection.

4.    The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC agent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:    Richmond, Virginia
           Mar 31 2009          , 2009


                              /s/ Kevin Huennekens
                              UNITED STATES BANKRUPTCY JUDGE

                    Entered on Docket:  4/1/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing order has been endorsed by or
served upon all necessary parties.


                                 /s/ Douglas M. Foley


4

**EXHIBIT 1**
**OMNIBUS OBJECTION PROCEDURES**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x


        **PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

        Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections (Docket No. ____) (the "Order")[1] entered
by the Bankruptcy Court on March [__], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

_____

[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection Procedures").

## Omnibus Objection Procedures

1.  **Form of Omnibus Objection**.  Omnibus Objections will be numbered consecutively, regardless of basis.

2.  **Number of Proofs of Claim per Omnibus Objection**. The Debtors may object to no more than 500 Claims per Omnibus Objection.

3.  **Grounds for Omnibus Objection**.  The Debtors may object to the Claims on any grounds.

4.  **Supporting Documentation**. To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records and believes such documentation does not provide prima facie evidence of the validity and amount of such Claims.

5.  **Claims Exhibits**.  An exhibit listing the Claims that are subject to the Omnibus Objection will be attached to each Omnibus Objection. Each exhibit will only contain those Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for an Omnibus Objection will be referenced on each applicable exhibit. Each exhibit will include, among other things, the following information: (a) an alphabetized list of the claimants whose Claims are the subject of the Omnibus Objection; (b) the claim numbers of the Claims that are the subject of the Omnibus Objection; (c) the grounds for the objections that are the subject of the Omnibus Objection; and (d) a reference to the exhibit of the Omnibus Objection in which the ground(s) for the objection is discussed. Where applicable, additional information may be included in the exhibits, including: for Claims that the Debtors seek to reclassify, the proposed classification of such claims; for Omnibus Objections in which the Debtors seek to reduce the amount of Claims, the proposed reduced claim amount; and for Claims that the Debtors propose to be surviving claims where related claims will be disallowed the surviving claim.

6.   **Omnibus Objection Notice**.  Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as <u>Exhibit 2</u>.  The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.   **Status Hearings**.  Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.  Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.  If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.   **Order if No Response**.  The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.   **Each Objection Is a Contested Matter**.  Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

<u>Requirements For All Responses To Objections</u>

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.  If a

3

claimant whose Claim is subject to an Omnibus Objection does
not file and serve a Response in compliance with the
procedures below, the Bankruptcy Court may sustain the
Omnibus Objection with respect to such Claims without
further notice to the claimant.

1.   **Contents**.   To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

a.   a caption setting forth the name of the
Bankruptcy Court, the name of the Debtors,
the case number and the title of the Omnibus
Objection to which the Response is directed;

b.   the claimant's name and an explanation for
the amount of the Claim;

c.   a concise statement, executed by (or
identifying by name, address and telephone
number) a person with personal knowledge of
the relevant facts that support the Response,
setting forth the reasons why the Bankruptcy
Court should overrule the Omnibus Objection
as to the claimant's claim, including,
without limitation (to the extent not set
forth in its proof of claim), the specific
factual and legal bases upon which the
claimant intends to rely in support of its
Response and its underlying Claim;

d.   a copy of or identification of any other
documentation or other evidence of the Claim,
to the extent not already included with the
Claim that the claimant presently intends to
introduce into evidence in support of its
Claim at the hearing; provided, however, that
for a Response filed in support of a Claim
arising out of a lease of real property, the
Response need not attach such lease if the
claimant indicates its willingness to provide
such documentation upon request;

4

e.   a declaration of a person with personal knowledge of the relevant facts that support the Response; and

f.   the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

g.   To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

2.   **Failure to File a Timely Response**. If the claimant fails to file and serve a Response on or before the Response Deadline in substantial compliance with the procedures set forth herein, the Debtors may present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection without further notice to the claimant.

3.   **Service of the Response**. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

```
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

                - and -

```
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson
```

        4.   **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.

**EXHIBIT 2**
**FORM OF NOTICE**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**NOTICE OF THE DEBTORS'**
**[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' [_____] Omnibus Objection
to Claim (the "Omnibus Objection") with the Bankruptcy
Court.  A copy of the Omnibus Objection is attached to this
notice (this "Notice") as <u>Exhibit 1</u>.  By the Omnibus
Objection, the Debtors are seeking to disallow Claims (as
defined herein) on the ground that the Claims are:
[_____]

**PLEASE TAKE FURTHER NOTICE THAT** on March [___], 2009,
the Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. ___) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (collectively, the "Claims") in
connection with the above-captioned chapter 11 cases (the
"Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow
claims, including your claim(s), listed below in the "Claim
to Be Disallowed" row but does not seek to alter your claim
listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | | |
| | Surviving Claim | | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY
THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE
(INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY
AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN
ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT
MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED
AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A
HEARING.**

2

### <u>Critical Information for Claimants</u>
### <u>Choosing to File a Response to the Omnibus Objection</u>

<u>Who Needs to File a Response</u>:  If you oppose the
disallowance of your claim(s) listed above and if you are
unable to resolve the Omnibus Objection with the Debtors
before the deadline to object, then you must file and serve
a written response (the "Response") to the Omnibus Objection
in accordance with this Notice.

If you do not oppose the disallowance of your claim(s)
listed above, then you do not need to file a written
Response to the Omnibus Objection and you do not need to
appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m.
(Eastern Time) on [____], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE
IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE
RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the
Response is **<u>actually</u> <u>received</u>** on or before the Response
Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a
copy of the Response is actually received on or before the
Response Deadline by the Debtors' attorneys:

3

SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks

           - and –

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson

     The status hearing on the Omnibus Objection will be
held at **[___] a.m./p.m. prevailing Eastern Time on
[_____], 2009 at:**

               United States Bankruptcy Court
               701 East Broad Street – Courtroom 5100
               Richmond, Virginia 23219

     If you file a timely Response, in accordance with the
Omnibus Objection Procedures, you do not need to appear at
the status hearing on the Omnibus Objection.

     **Procedures for Filing a Timely Response and Information
        Regarding the Hearing on the Omnibus Objection**

     **Contents**.  To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

               a.   a caption setting forth the name of the
                    Bankruptcy Court, the name of the Debtors,
                    the case number and the title of the Omnibus
                    Objection to which the Response is directed;

4

b.  the claimant's name and an explanation for
    the amount of the Claim;

c.  a concise statement, executed by (or
    identifying by name, address and telephone
    number) a person with personal knowledge of
    the relevant facts that support the Response,
    setting forth the reasons why the Bankruptcy
    Court should overrule the Omnibus Objection
    as to the claimant's claim, including,
    without limitation (to the extent not set
    forth in its proof of claim), the specific
    factual and legal bases upon which the
    claimant intends to rely in support of its
    Response and its underlying Claim;

d.  a copy of or identification of any other
    documentation or other evidence of the Claim,
    to the extent not already included with the
    Claim that the claimant presently intends to
    introduce into evidence in support of its
    Claim at the hearing; provided, however, that
    for a Response filed in support of a Claim
    arising out of a lease of real property, the
    Response need not attach such lease if the
    claimant indicates its willingness to provide
    such documentation upon request;

e.  a declaration of a person with personal
    knowledge of the relevant facts that support
    the Response; and

f.  the claimant's address, telephone number and
    facsimile number and/or the name, address,
    telephone number and facsimile number of the
    claimant's attorney and/or designated
    representative to whom the attorneys for the
    Debtors should serve a reply to the Response,
    if any (collectively, the "Notice Address").
    If a Response contains Notice Address that is
    different from the name and/or address listed
    on the Claim, the Notice Address will control
    and will become the service address for
    future service of papers with respect to all
    of the claimant's Claims listed in the
    Omnibus Objection (including all Claims to be

disallowed and the surviving Claims) and only
for those Claims in the Omnibus Objection.

g.     To the extent such person differs from the
       person identified pursuant to subjection e,
       above, the name, address, telephone number,
       facsimile number, and electronic mail address
       of the representative of the claimant (which
       representative may be the claimant's counsel)
       party with authority to reconcile, settle or
       otherwise resolve the Omnibus Objection on
       the claimant's behalf (the "Additional
       Addresses").  Unless the Additional Addresses
       are the same as the Notice Addresses, the
       Additional Address will not become the
       service address for future service of papers.

**Additional Information**.  To facilitate a resolution of
the Omnibus Objection, your Response should also include the
name, address, telephone number and facsimile number of the
party with authority to reconcile, settle or otherwise
resolve the Omnibus Objection on the claimant's behalf (the
"Additional Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the Additional
Addresses will <u>not</u> become the service address for future
service of papers.

**Failure to File Your Timely Response**.  If you fail to
file and serve your Response on or before the Response
Deadline in compliance with the procedures set forth in this
Notice, the Debtors will present to the Bankruptcy Court an
appropriate order granting the relief requested in the
Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy
of the Omnibus Objection or related documents on the

internet, by accessing the website of the Debtors at
www.kccllc.net/circuitcity.

**Reservation of Rights**.    Nothing in this Notice or the
Omnibus Objection constitutes a waiver of the Debtors' right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you of the Debtors.    Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date.    In such event, you will receive a
separate notice of any such objections.

Dated: March __, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia    FLOM, LLP
                        Gregg M. Galardi, Esq.
                        Ian S. Fredericks, Esq.
                        P.O. Box 636
                        Wilmington, Delaware 19899-0636
                        (302) 651-3000

                              - and -

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM, LLP
                        Chris L. Dickerson, Esq.
                        333 West Wacker Drive
                        Chicago, Illinois 60606
                        (312) 407-0700

                              - and -

                        MCGUIREWOODS LLP


                        _____ _____
                        Dion W. Hayes (VSB No. 34304)
                        Douglas M. Foley (VSB No. 34364)
                        One James Center
                        901 E. Cary Street
                        Richmond, Virginia 23219
                        (804) 775-1000

                        Counsel for Debtors and Debtors
                        in Possession

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj        Page 1 of 1            Date Rcvd: Apr 01, 2009
Case: 08-35653               Form ID: pdforder       Total Served: 1

The following entities were served by first class mail on Apr 03, 2009.
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636

The following entities were served by electronic transmission.
NONE.                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 03, 2009**                    **Signature:**