Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - - x
:
In re:                         :    Chapter 11
:
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
:
         Debtors.              :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER APPROVING INSURANCE CLAIM
SETTLEMENT BY AND AMONG THE DEBTORS AND INSURANCE
CARRIERS PURSUANT TO BANKRUPTCY CODE SECTION 105 AND
BANKRUPTCY RULE 9019**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order") approving the proposed insurance claim settlement between Liberty Mutual Fire Ins. Co., Lloyd's of London, Axis Surplus Lines Insurance Co., Max Specialty Insurance Co., and Lexington Insurance Company (collectively, the "Insurance Carriers") and the Debtors (the "Settlement"). In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9954 Mayland Drive, Richmond, Virginia 23233.

2

core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and Bankruptcy Rule 9019.

### BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores

3

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

### RELIEF REQUESTED

7.  By this Motion, the Debtors seek entry of an order (the "Order") authorizing, but not requiring, Circuit City Stores, Inc. and the Insurance Carriers to settle the Debtors' Business Interruption Claim (as defined herein) pursuant to Bankruptcy Code section 105 and Bankruptcy Rule 9019.

### BASIS FOR RELIEF

**A.  Hurricane Gustav.**

8.  Hurricane Gustav was a category two (2) hurricane with sustained 110 mile per hour winds that made landfall near Cocodrie, Louisiana on September 1, 2008. After it made landfall, Gustav moved northwest, spreading hurricane force winds across portions of Southeast and Southwest Louisiana.

9.  Hurricane Gustav gradually weakened to a tropical storm and eventually a depression as it

4

continued to move across Central and Northwest Louisiana on the evening of September 1st through the morning of September 2nd, 2008.

10. As a result of Hurricane Gustav, certain parts of Louisiana, Alabama, Texas, and Mississippi experienced serious flooding and tornadic thunderstorms.

11. Because of the severe weather brought about by Hurricane Gustav, several Circuit City retail stores in Louisiana, Alabama, Texas, and Mississippi suffered damage and were forced to close on September 1, 2008. During this time, the Debtors experienced a significant interruption in business.

**B. The Insurance Contracts.**

12. The Debtors and the Insurance Carriers are parties to a number of insurance contracts (the "Insurance Contracts"). Pursuant to the terms of the Insurance Contracts, the Debtors are entitled to recover a portion of the business income and other pecuniary losses suffered as a result of business interruptions (the "Business Interruption Claim") caused by severe weather, such as Hurricane Gustav.

13. As a result of Hurricane Gustav, the Debtors calculated that their losses were approximately $164,248.33. This sum was primarily comprised of loss of business income and damage to business personal property and improvements and betterments at the Debtors' retail stores impacted by the hurricane. However, the Insurance Carriers contended that not all of these losses were reimbursable losses under the Insurance Contracts.

**C.  The Settlement.**

14. After extensive negotiations, the parties agreed to value the Debtors' Business Interruption Claim at $136,935.77, approximately $30,000 less than the Debtors' calculated losses. However, the agreed Business Interruption Claim of $136,935.77 is subject to a $100,000 deductible under the Insurance Contracts. Thus, upon application of the $100,000.00 deductible, the Insurance Carriers have agreed to pay $36,935.77 (the "Business Interruption Claim Payment"), of which $1,846.79 has already been paid, to the Debtors in full and final satisfaction of the Business Interruption Claim.

15. The Business Interruption Claim Payment will be apportioned among the various Insurance Carriers as follows:

(a) Max Specialty Insurance Company has agreed to pay five percent (5%) of the Business Interruption Claim Payment, $1,846.79. Max Specialty has already paid this sum to the Debtors;

(b) Axis Surplus Lines Insurance Company has agreed to pay fifteen percent (15%) of the Business Interruption Claim Payment, $5,540.37;

(c) Liberty Mutual Fire Insurance Company has agreed to pay ten percent (10%) of the Business Interruption Claim Payment, $3,693.58;

(d) Lloyd's of London has agreed to pay ten percent (10%) of the Business Interruption Claim Payment, $3,693.58; and,

(e) Lexington Insurance Company has agreed to pay sixty percent (60%) of the Business Interruption Claim Payment, $22,161.46.

**APPLICABLE AUTHORITY**

16. The Settlement represents a fair and reasonable compromise and settlement of disputed issues and claims among the Debtors and the Insurance Carriers. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in

7

bankruptcy.  See In re Bond, 1994 U.S. App. Lexis 1282, *9-*14 (4th Cir. 1994)("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy'."); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).  Various courts have endorsed the use of Bankruptcy Rule 9019.  See, e.g., Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996).

      17.  The standards by which a Court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

    (a)  the probability of success in litigation;

    (b)  the difficulty in collecting any judgment that may be obtained;

    (c)  the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

    (d)  the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245

(1968); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997); United States ex. Rel. Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 152 (D. Md. 2001).

18.  The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case.  See TMT Trailer Ferry, 390 U.S. at 424-25.  The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities."  In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).  In making its determination, a court should not substitute its own judgment for that of the debtor and should defer to the debtor so long as there is a reasonable business justification.  See In re Martin, 91 F.3d at 395; In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000).  The court should exercise its discretion "in light of the general public policy favoring settlements."  In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); Nellis v. Shugrue, 165 B.R. 115, 23 (S.D.N.Y. 1994) ("the general rule [is]

that settlements are favored and, in fact, encouraged by the approval process outlined above").

19. Here, approval of the Settlement is warranted. Although the Debtors believe that they would be successful in litigation concerning the Business Interruption Claim, the Debtors recognize that, like all litigation, there are risks that the Debtors would be unsuccessful. Against this backdrop, the Debtors believe that the Settlement will enable the parties to beneficially resolve the Debtors' Business Interruption Claim without instituting litigation proceedings, thereby avoiding the attendant costs, delays and uncertainty of litigation over any disputed issues that arise in conjunction with the Business Interruption Claim. Here the costs associated with litigation would likely exceed the difference between the Business Interruption Claim and the Business Interruption Claim Payment. Moreover, the Settlement is the product of the parties' significant good faith negotiations over complicated business interruption loss calculations and insurance coverage.

20. Based on the foregoing, the Debtors submit that the proposed Settlement is beneficial to their estates and their creditors and that the Court should authorize the Debtors to accept the Business Interruption Claim Payment in full satisfaction of their Business Interruption Claim. The Settlement represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law.

21. Accordingly, for the reasons detailed herein, approval of the Settlement is warranted under Bankruptcy Rule 9019.

22. Finally, Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As noted above, approval of the relief requested herein furthers the Debtors' efforts to minimize the risk of litigation and to resolve claims in a manner that benefits the Debtors and is fair and equitable to other parties in interest.

23. Accordingly, granting the relief requested herein is justified under Bankruptcy Code section 105.

## NOTICE

24. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130). The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

25. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order approving the Settlement and grant the Debtors such other and further relief as may be just and proper.

Dated: April 6, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia  FLOM, LLP
                                   Gregg M. Galardi, Esq.
                                   Ian S. Fredericks, Esq.
                                   P.O. Box 636
                                   Wilmington, Delaware 19899-0636
                                   (302) 651-3000

                                       - and -

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   333 West Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                       - and -

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley       .
                                   Dion W. Hayes (VSB No. 34304)
                                   Douglas M. Foley (VSB No. 34364)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors in Possession