Gregg M. Galardi, Esq.　　　　Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.　　　Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER　MCGUIREWOODS LLP
& FLOM, LLP　　　　　　　　　　One James Center
One Rodney Square　　　　　　　901 E. Cary Street
PO Box 636　　　　　　　　　　　Richmond, Virginia 23219
Wilmington, Delaware 19899-　(804) 775-1000
0636
(302) 651-3000

　　　　　　　　- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
               IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :
                              :    Chapter 11
CIRCUIT CITY STORES, INC.,    :
et al.,                       :    Case No. 08-35653 (KRH)
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - - x
                              :
KINA THOMPSON,                :
                              :    Contested Matter No.____
              Movant,         :
    v.                        :
                              :
CIRCUIT CITY STORES, INC.,    :
et al.,                       :
                              :
              Respondents. x
--------------------------
```

**DEBTORS' RESPONSE AND OBJECTION TO
KINA THOMPSON'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response") to the Motion for Relief from Automatic Stay (Docket No. 2605) (the "Motion") filed by Kina Thompson (the "Movant").  In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patap-sco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2

3.     On November 12, 2008, the Office of the
United States Trustee for the Eastern District of Virginia
appointed a statutory committee of unsecured creditors (the
"Creditors' Committee").  To date, no trustee or examiner
has been appointed in these chapter 11 cases.

4.     On January 16, 2009, the Court authorized the
Debtors, among other things, to conduct going-out-of-
business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").  On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors'
remaining stores.

## ILLINOIS WORKERS' COMPENSATION COMMISSION BACKGROUND

5.     Movant alleges that she has filed two claims
against Circuit City Stores, Inc., one of the above-
captioned debtors, with the Illinois Workers' Compensation
Commission for injuries she sustained on December 26, 2006
and August 21, 2008, seeking damages for, among other things,
disability benefits (collectively, the "Workers'
Compensation Claims").  Motion, ¶¶ 3-4.

3

6.    On March 17, 2009, the Movant filed the

Motion seeking relief from the automatic stay to proceed

with the Workers' Compensation Claims to judgment.

## PRELIMINARY STATEMENT

7.    The Movant has failed to meet the statutory

burdens under section 362 of the Bankruptcy Code to

establish cause to lift or modify the automatic stay.

Movant seeks lifting of the automatic stay to allow her to

continue the Workers' Compensation Claims before the

Illinois Workers' Compensation Commission.  Movant asserts

that "cause" exists to establish her rights, if any, to the

proceeds of the Debtors' workers' compensation insurance

policy "because no post-petition funds will be used to pay

these pre-petition workers' compensation claims."  Motion, ¶

7 (quoting In re Federated Dept. Stores, 1990 Bankr. LEXIS

493, *7-8 (Bankr. S.D. Ohio 1990)).  As set forth below, the

Movant fundamentally misunderstands the nature of the

Debtors' insurance coverage because the Debtors will incur

substantially costs to defend against any workers'

compensation claims and the Debtors' have a $2 million

deductible (per occurrence) for workers' compensation claims.

8.    Moreover, Movant alleges that liquidation of

the Workers' Compensation Claims "in forums such as state

4

agencies specifically created to address workers'

compensation issues . . . will likely speed resolution of

these claims."   Motion, ¶ 7 (quoting In re Federated Dept.

Stores, 1990 Bankr. LEXIS 493, *7-8 (Bankr. S.D. Ohio 1990)).

Finally, Movant asserts that "cause" exists because the

Debtors are liquidating and "will likely not receive a

discharge."   Motion, ¶ 7.

    9.    None of these arguments, even if established,

constitutes "cause" under 362(d)(1) of the Bankruptcy Code

that would entitle the Movant to relief from the automatic

stay.

    10.   Moreover, the Movant has failed to

demonstrate that she will suffer any harm or prejudice as a

result of the automatic stay, if the Workers' Compensation

Claims do not proceed.

    11.   Conversely, the Debtors will suffer

substantial injury if the stay is lifted and the Movant is

allowed to proceed to judgment with the Workers'

Compensation Claims.

    12.   Defending against the Workers' Compensation

Claims is precisely the type of costly and consuming

distraction that the Debtors cannot afford at this time in

these chapter 11 cases.   Moreover, the limited corporate

staff currently working at the Debtors should not be

burdened with this additional distraction.

13.   Further, the delay, if any, imposed upon the

Movant as a result of the automatic stay is likely to be

minimal.   There is no cause that would justify relief from

the automatic stay; accordingly, the Motion should be denied

in its entirety.

## OBJECTION TO THE MOTION FOR RELIEF FROM STAY

14.   The Debtors respectfully object to the Motion.

The Movant requests relief so the Movant may "proceed with

the [Workers' Compensation Claims] to judgment, including

appeals if necessary."   Motion, p. 3.

15.   The Movant misunderstands the Debtors'

insurance coverage and the necessary costs, time, and

involvement associated with the Debtors' continued

involvement and participation in the Workers' Compensation

Claims.   The Debtors have a $2 million deductible before any

insurance monies are impacted.   Accordingly, the Movant

would have to receive a judgment in the minimum amount of $2

million against the Debtors before she would receive any

insurance proceeds.   Thus, contrary to Movant's assertion,

if the Motion were granted, postpetition funds would have to

be used to defend against a prepetition claim.

16.   The automatic stay provided for in section

362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation,
> including the issuance or employment of
> process, of a judicial, administrative,
> or other action or proceeding against
> the debtor that was or could have been
> commenced before the commencement of the
> case under this title. . . .

11 U.S.C. § 362.   "The automatic stay is the most

fundamental protection afforded a debtor in bankruptcy," In

re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress

intended the automatic stay protection to have broad

application.   See H.R. Rep. No. 95-595. 95th Cong., a340-

42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S.

Rep. No. 95-989, at 49-51 (1978), reprinted in 1978

U.S.C.C.A.N. 5787, 5840-41.   "The main purpose of the

automatic stay is to give the debtor a breathing spell from

his creditors, to stop all collection efforts, harassment

and foreclosure actions."   In re Atlas Machine & Iron Works,

239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted);

see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir.

1985) (stating that a key purpose of section 362 is "to

provide the debtor and its executives with a reasonable

respite from the protracted litigation, during which they

may have an opportunity to formulate a plan of

7

reorganization for the debtor"); In re Avis, 178 F.3d 718,

720-721 (4th Cir. 1999).

17.   Pursuant to section 326(d)(1), an unsecured

creditor is entitled to relief from the automatic stay only

if the creditor is able to show that cause exists for such

relief.  See In re Tristar Auto Group, Inc., 141 B.R. 41, 44

(Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish

extraordinary circumstances" for the court to lift the stay).

The only express statutory definition of "cause" includes

"the lack of adequate protection of an interest in property

of such parting in interest."  11 U.S.C. § 326(d)(1).  Other

circumstances constituting "cause" are determined by the

courts on a "case-by-case" basis.  See In re Robbins, 964

F.2d 342, 345 (4th Cir. 1992).  The moving party carries the

burden of making an "initial showing of 'cause' for relief

from the stay."  In re Mazzeo, 167 F.3d 139,142 (2d Cir.

1999)(citations omitted).

18.   To determine whether "cause" exists to lift

or modify the automatic stay, the Fourth Circuit has

established that a bankruptcy court "must balance potential

prejudice to the bankruptcy debtor's estate against the

hardships that will be incurred by the person seeking relief

from the automatic stay if relief is denied."  Robbins, 964

F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization. . .").[2]

19.   As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as the Movant has not alleged that the brief time delay imposed by the stay against the Debtors will impose a serious burden upon the Movant.   However, even if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

20.   On January 26, 2009, the Movant filed a proof of claim against the Debtors asserting an unliquidated claim for the damages sought in the Workers' Compensation Claims. Pursuant to Rule 3001(f) of the Bankruptcy Rules, this claim

---

[2]  In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted."  Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

9

is considered prima facie evidence of the validity of the

claim and amount until objected to by the Debtors or another

proper party in interest.  If the Debtors object to this

claim, this claim will be litigated in the claims resolution

process like other similarly situated creditors asserting

claims against the Debtors.  There is no evidence that the

claim resolution process will impede resolution of Movant's

Workers' Compensation Claims.

A.    **Permitting the Workers' Compensation Claims to Proceed Would Cause Prejudice to the Debtors and the Estates**

21.   The "key to determining whether to permit an

action to proceed in another tribunal" is whether that case

will cause "interference with the pending bankruptcy case."

In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y.

1980).  Even participation in preliminary proceedings can be

disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the
> administration of the estate, no matter
> how small, through the continuance of a
> preliminary skirmish in a suit outside
> the Bankruptcy Court is prohibited.  In
> short, the Debtor should not be required
> to devote energy to this collateral
> matter at this juncture. . . . This
> Court will not allow Plaintiffs to chip
> away piecemeal at the Debtor's automatic
> stay protection.

10

Id. at 836-37 (refusing to lift stay for the limited purpose

of requiring the debtor to produce customer list in class

certification proceeding); see In re Towner Petro. Co., 48

B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift

stay because discovery would require the debtor to expend

sufficient time and effort away from the debtor's attempts

at reorganization so as to prejudice the reorganization

efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah

1984) ("Even slight interference with the administration may

be enough to preclude relief in the absence of a

commensurate benefit."); see also In re Collins, 118 B.R. 35,

38 (Bankr. D. Md. 1990).

        22.   At the outset, it should be noted that the

Motion is inconsistent with the fundamental purpose of the

automatic stay.  The Debtors' limited management and in-

house legal team already are taxed with the responsibility

of managing and responding to inquiries from the Debtors'

creditors, vendors, employees, and other parties-in-interest

regarding these chapter 11 cases.  The Movant nevertheless

argues that the stay should be lifted so that she can

proceed with the Workers' Compensation Claims.

        23.   The Debtors and their estates would be

prejudiced if the automatic stay were modified to permit the

11

Workers' Compensation Claims to proceed at this point in

these chapter 11 cases because litigating the Workers'

Compensation Claims would expose them to financial

commitments and litigation costs in addition to the

potential liability in the Workers' Compensation Claims.

24.   Accordingly, the Debtors will suffer

significant prejudice if the Motion were granted because of

the distraction and interference to the Debtors' remaining

corporate and in-house staff that would flow from allowing

the Workers' Compensation Claims to proceed.  See In re

United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D.

Tex 1994)("When balancing the hardships in lifting the stay,

the most important factor is the effect of such litigation

on the administration of the estate; even slight

interference with the administration may be enough to

preclude relief.")(citing In re Curtis, 40 B.R. 795, 806

(Bankr. D. Utah 1984)).

**B.    The Movant Would Suffer Little, If Any, Hardship If
The Automatic Stay Is Retained**

25.   While the Debtors would suffer significant

prejudice in moving forward with the Workers' Compensation

Claims at this time, the Movant has not shown that she would

be prejudiced if the Motion is denied.  Such a denial would

only continue the status quo, and the Movant would only face

12

the ordinary delay that all creditors face in complex

chapter 11 cases.  Creditor delay is inherent in the

bankruptcy process, and is an unavoidable – and intended –

consequence of the automatic stay.  See In re Comdisco, Inc.,

271 B.R. 273, 279 (Bankr. N.D.III. 2002)("The automatic stay

almost always delays litigants.  That, after all, is its

purpose, and the reason they call it a 'stay.'").

**C.    The Movant Has Failed to Establish Cause Under 11 U.S.C. § 362(d)(1)**

26.    The Movant alleges three bases upon which

"cause" exists under 362(d)(1) of the Bankruptcy Code for

lifting the automatic stay: (i) no postpetition funds will

be used to pay prepetition claims; (ii) liquidation of the

claims in state agencies created to handle workers'

compensation issues may speed resolution of the claims; and

(iii) the Debtors' will likely not receive a discharge.

Motion, ¶ 7.  In support of arguments (i) and (ii), Movant

simply quotes from a non-binding, unpublished bankruptcy

court opinion from Ohio.  Movant cites no legal authority in

support of argument (iii).

27.    Not one of these arguments, even if

established, can constitute cause under 362(d)(1) of the

Bankruptcy Code.  Additionally, as set forth above, Movant

13

would have to receive a judgment of over $2 million before
insurance proceeds became available.

### CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors
respectfully request that the Court deny the Motion and
grant the Debtors such other and further relief as this
Court deems just and proper.

Dated: April 7, 2009        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                   - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            333 West Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                   - and -

                            MCGUIREWOODS LLP

                            /s/ Douglas M. Foley          .
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession

8561516.1

14