Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
                                :
In re:                          :
                                :    Chapter 11
CIRCUIT CITY STORES, INC.,      :
et al.,                         :    Case No. 08-35653 (KRH)
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - - - x
                                :
WILLIAM R. GOWER,               :
                                :    Contested Matter No._____
            Movant,             :
    v.                          :
                                :
CIRCUIT CITY STORES, INC.,      :
et al.,                         :
                                :
            Respondents.        x
---------------------------

**DEBTORS' RESPONSE AND OBJECTION TO
WILLIAM R. GOWER'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response") to the Motion for Relief from Automatic Stay (Docket No. 2608) (the "Motion") filed by William R. Gower (the "Movant").  In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

### ILLINOIS WORKERS' COMPENSATION COMMISSION BACKGROUND

5. Movant alleges that he filed a claim against Circuit City Stores, Inc., one of the above-captioned debtors, with the Illinois Workers' Compensation Commission for injuries he sustained on August 30, 2007, seeking damages in the approximate amount of $37,000 (the "Workers' Compensation Claim"). Motion, ¶ 3.

6. On March 17, 2009, the Movant filed the Motion seeking relief from the automatic stay to proceed with the Workers' Compensation Claim to judgment.

**PRELIMINARY STATEMENT**

7.   The Movant has failed to meet the statutory burdens under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. Movant seeks lifting of the automatic stay to allow him to continue the Workers' Compensation Claim before the Illinois Workers' Compensation Commission.  Movant asserts that "cause" exists to establish his rights, if any, to the proceeds of the Debtors' workers' compensation insurance policy "because no post-petition funds will be used to pay these pre-petition workers' compensation claims."  Motion, ¶ 7 (quoting In re Federated Dept. Stores, 1990 Bankr. LEXIS 493, *7-8 (Bankr. S.D. Ohio 1990)).  As set forth below, the Movant fundamentally misunderstands the nature of the Debtors' insurance coverage because the Debtors will incur substantially costs to defend against any workers' compensation claims and the Debtors' have a $2 million deductible (per occurrence) for workers' compensation claims.

8.   Moreover, Movant alleges that liquidation of the Workers' Compensation Claim "in forums such as state agencies specifically created to address workers' compensation issues . . . will likely speed resolution of these claims."  Motion, ¶ 7 (quoting In re Federated Dept.

4

<u>Stores</u>, 1990 Bankr. LEXIS 493, *7-8 (Bankr. S.D. Ohio 1990)). Finally, Movant asserts that "cause" exists because the Debtors are liquidating and "will likely not receive a discharge." Motion, ¶ 7.

9. None of these arguments, even if established, constitutes "cause" under 362(d)(1) of the Bankruptcy Code that would entitle the Movant to relief from the automatic stay.

10. Moreover, the Movant has failed to demonstrate that he will suffer any harm or prejudice as a result of the automatic stay, if the Workers' Compensation Claim does not proceed.

11. Conversely, the Debtors will suffer substantial injury if the stay is lifted and the Movant is allowed to proceed to judgment with the Workers' Compensation Claim.

12. Defending against the Workers' Compensation Claim is precisely the type of costly and consuming distraction that the Debtors cannot afford at this time in these chapter 11 cases. Moreover, the limited corporate staff currently working at the Debtors should not be burdened with this additional distraction.

5

13. Further, the delay, if any, imposed upon the Movant as a result of the automatic stay is likely to be minimal. There is no cause that would justify relief from the automatic stay; accordingly, the Motion should be denied in its entirety.

**OBJECTION TO THE MOTION FOR RELIEF FROM STAY**

14. The Debtors respectfully object to the Motion. The Movant requests relief so the Movant may "proceed with the [Workers' Compensation Claim] to judgment, including appeals if necessary." Motion, p. 3.

15. The Movant misunderstands the Debtors' insurance coverage and the necessary costs, time, and involvement associated with the Debtors' continued involvement and participation in the Workers' Compensation Claim. The Debtors have a $2 million deductible before any insurance monies are impacted. Accordingly, the Movant would have to receive a judgment in the minimum amount of $2 million against the Debtors before he would receive any insurance proceeds. Movant admits that his claim is only for approximately $37,000, which would have to be paid by the Debtors, as it clearly does not exceed the deductible. Motion, ¶ 3. Thus, contrary to Movant's assertion, if the

Motion were granted, postpetition funds would have to be used to defend against a prepetition claim.

      16.   The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to have broad application.  See H.R. Rep. No. 95-595. 95th Cong., a340-42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions."  In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable

7

respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

17. Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if the creditor is able to show that cause exists for such relief. See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay). The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property of such parting in interest." 11 U.S.C. § 326(d)(1). Other circumstances constituting "cause" are determined by the courts on a "case-by-case" basis. See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). The moving party carries the burden of making an "initial showing of 'cause' for relief from the stay." In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).

18. To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the

8

hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization. . .").[2]

19. As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as the Movant has not alleged that the brief time delay imposed by the stay against the Debtors will impose a serious burden upon the Movant. However, even if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

20. On January 26, 2009, the Movant filed a proof of claim against the Debtors asserting a claim for the

---

[2] In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

damages sought in the Workers' Compensation Claim. Pursuant to Rule 3001(f) of the Bankruptcy Rules, this claim is considered prima facie evidence of the validity of the claim and amount until objected to by the Debtors or another proper party in interest. If the Debtors object to this claim, this claim will be litigated in the claims resolution process like other similarly situated creditors asserting claims against the Debtors. There is no evidence that the claim resolution process will impede resolution of Movant's Workers' Compensation Claim.

**A.   Permitting the Workers' Compensation Claim to Proceed Would Cause Prejudice to the Debtors and the Estates**

21.   The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip

10

>       away piecemeal at the Debtor's automatic
>       stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Towner Petro. Co., 48 B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift stay because discovery would require the debtor to expend sufficient time and effort away from the debtor's attempts at reorganization so as to prejudice the reorganization efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Even slight interference with the administration may be enough to preclude relief in the absence of a commensurate benefit."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

       22.   At the outset, it should be noted that the Motion is inconsistent with the fundamental purpose of the automatic stay.  The Debtors' limited management and in-house legal team already are taxed with the responsibility of managing and responding to inquiries from the Debtors' creditors, vendors, employees, and other parties-in-interest regarding these chapter 11 cases.  The Movant nevertheless argues that the stay should be lifted so that he can proceed with the Workers' Compensation Claim.

23. The Debtors and their estates would be prejudiced if the automatic stay were modified to permit the Workers' Compensation Claim to proceed at this point in these chapter 11 cases because litigating and/or arbitrating the Workers' Compensation Claim would expose them to financial commitments and costs in addition to the potential liability in the Workers' Compensation Claim.

24. Accordingly, the Debtors will suffer significant prejudice if the Motion were granted because of the distraction and interference to the Debtors' remaining corporate and in-house staff that would flow from allowing the Workers' Compensation Claim to proceed. See In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.")(citing In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah 1984)).

**B. The Movant Would Suffer Little, If Any, Hardship If The Automatic Stay Is Retained**

25. While the Debtors would suffer significant prejudice in moving forward with the Workers' Compensation

12

Claim at this time, the Movant has not shown that he would be prejudiced if the Motion is denied. Such a denial would only continue the status quo, and the Movant would only face the ordinary delay that all creditors face in complex chapter 11 cases. Creditor delay is inherent in the bankruptcy process, and is an unavoidable – and intended – consequence of the automatic stay. See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr. N.D.Ill. 2002)("The automatic stay almost always delays litigants. That, after all, is its purpose, and the reason they call it a 'stay.'").

    **C.    The Movant Has Failed to Establish Cause Under 11 U.S.C. § 362(d)(1)**

    26. The Movant alleges three bases upon which "cause" exists under 362(d)(1) of the Bankruptcy Code for lifting the automatic stay: (i) no postpetition funds will be used to pay prepetition claims; (ii) liquidation of the claims in state agencies created to handle workers' compensation issues may speed resolution of the claims; and (iii) the Debtors' will likely not receive a discharge. Motion, ¶ 7. In support of arguments (i) and (ii), Movant simply quotes from a non-binding, unpublished bankruptcy court opinion from Ohio. Movant cites no legal authority in support of argument (iii).

13

27.  Not one of these arguments, even if established, can constitute cause under 362(d)(1) of the Bankruptcy Code.  Additionally, as set forth above, Movant would have to receive a judgment of over $2 million before insurance proceeds became available, and Movant admits that his claim is only for approximately $37,000.

**CONCLUSION**

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: April 7, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                         Gregg M. Galardi, Esq.
                         Ian S. Fredericks, Esq.
                         P.O. Box 636
                         Wilmington, Delaware 19899-0636
                         (302) 651-3000

                         - and -

                         SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM, LLP
                         Chris L. Dickerson, Esq.
                         333 West Wacker Drive
                         Chicago, Illinois 60606
                         (312) 407-0700

                         - and -

                         MCGUIREWOODS LLP

                         /s/ Douglas M. Foley           .
                         Dion W. Hayes (VSB No. 34304)
                         Douglas M. Foley (VSB No. 34364)
                         One James Center
                         901 E. Cary Street
                         Richmond, Virginia 23219
                         (804) 775-1000

                         Counsel for Debtors and Debtors
                         in Possession

\8571960.1

15