Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

> IN THE UNITED STATES BANKRUPTCY COURT
> FOR THE EASTERN DISTRICT OF VIRGINIA
> RICHMOND DIVISION

|  |  |  |
|---|---|---|
| - - - - - - - - - - - - - - - x | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| <u>et</u> <u>al</u>., | : |  |
|  | : |  |
| Debtors. | : | Jointly Administered |
| - - - - - - - - - - - - - - - x |  |  |

**DEBTORS' RESPONSE AND OBJECTION TO**
**DECARLA TAYLOR-CONYERS' MOTION**
<u>**FOR RELIEF FROM AUTOMATIC STAY**</u>

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond and object (the "Response") to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

the Motion for Relief from Automatic Stay (Docket No. 2411) (the "Motion") filed by Decarla Taylor-Conyers (the "Movant"). In support of the Response, the Debtors respectfully represent as follows:

**BANKRUPTCY BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

---

*(cont'd from previous page)*
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**PRELIMINARY STATEMENT**

5. The Movant has not, and cannot meet her burdens with respect to the Motion. The Movant has failed to meet her statutory burdens under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. In the Motion, the Movant seeks lifting of the automatic stay to allow the Movant to proceed against available insurance with the Debtors' insurance carrier. Motion, ¶ 4-6. The Movant has failed to allege let alone demonstrate that she will suffer any harm or prejudice as a result of the automatic stay if she is unable to proceed against the available insurance.

6. Conversely, the Debtors will suffer substantial injury if the stay is lifted and the Movant is allowed to proceed. Also, as set forth below, the Movant

3

fundamentally misunderstands the nature of the Debtors' insurance coverage because the Debtors will incur substantially costs to defend against any lawsuit. Furthermore, the Movant failed to file a proof of claim by the January 30, 2009 bar date.  Accordingly, the Movant is not entitled to any distribution in these cases.

       7.   Because the Movant has articulated no cause for lifting the automatic stay, the Motion should be denied in its entirety.

**OBJECTION TO THE MOTION FOR RELIEF FROM STAY**

       8.   The Debtors respectfully object to the Movant's Motion.  The Movant requests that she be permitted to proceed against available insurance proceeds.  Motion, ¶ 4-6. The Movant misunderstands the Debtors' insurance coverage and the necessary costs, time, and involvement associated with the Debtors' continued involvement and participation in the Lawsuit.  The Debtors have $500,000 in self-insured retention and then up to a $1,500,000 deductible before any insurance monies are impacted.  In addition, the Debtors fund litigation expenses that are charged against these retentions and deductibles. Accordingly, the Movant would have to receive a judgment in the minimum amount of up to $2,000,000 (less incurred

4

expenses) against the Debtors before she would receive any insurance proceeds.

9.   The Debtors scheduled the Movant as having a contingent, unliquidated, and disputed claim in their schedules.  Movant was served with a copy of the Notice of Bar Date (Docket No. 966) and Notice of Commencement (Docket No. 967) on December 19, 2008 via first class mail.  See Affidavit of Service, p. 4753 (Docket No. 1415).  Notwithstanding the foregoing, the Movant has not filed a proof of claim in these bankruptcy cases.  Accordingly, the Movant is not entitled to any distribution in these bankruptcy cases.

10.  The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the automatic stay protection to have broad application.  See H.R. Rep. No. 95-595. 95th Cong., a340-

5

42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions."  In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

      11.  Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if it is able to show that cause exists for such relief.  See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay).  The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property of such parting in interest."  11 U.S.C. § 326(d)(1).  Other

6

circumstances constituting "cause" are determined by the courts on a "case-by-case" basis. See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). The moving party carries the burden of making an "initial showing of 'cause' for relief from the stay." In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).

12. To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[2]

13. The Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from

---

[2] In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted." Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

7

the automatic stay as she has not alleged any facts to support that relief.

## CONCLUSION

WHEREFORE, for the foregoing reasons the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as this Court deems just and proper.

Dated: April 7, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

\8553986.1

8