Hearing Date:   April 28, 2009 at 10:00 a.m.
Objections Due:   April 21, 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                              Case No. 08-35653-KRH

   CIRCUIT CITY STORES, INC., et al.           Chapter 11 (Jointly administered)

   Debtors.

MOTION OF LANDLORDS, RAMCO WEST OAKS I, LLC, RAMCO JW, LLC,
RLV VILLAGE PLAZA, LP, AND RLV VISTA PLAZA, LP, FOR ORDER ALLOWING
AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER
11 U.S.C. § 503(B) AND POST-PETITION LEASE OBLIGATION UNDER 11 U.S.C.
§365(d)(3)

     Landlords, Ramco West Oaks I, LLC, Ramco JW, LLC, RLV Village Plaza, LP, and RLV Vista Plaza, LP, (each a "Landlord" and collectively "Landlords") by and through the undersigned counsel, move the court for entry of an order pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) of the Bankruptcy Code, allowing[1] and compelling payment of administrative expense claims in the amounts set forth below to satisfy post-petition obligations under an unexpired lease of nonresidential real property, and to compensate Landlord for postpetition use of the

---

[1] Landlords seek only allowance of their administrative expense claims herein, consistent with this Court's Memorandum Opinion entered February 12, 2009 at Docket Number 2107 and other post-petition claims.

| Paul K. Campsen, Esq. | Terrance A. Hiller, Esq. |
| --- | --- |
|  VSB No. 18133 |  Michigan Bar No. P55699 |
| Kaufman & Canoles, a | David M. Blau, Esq. |
|  professional corporation |  Michigan Bar No. P52542 |
| 150 West Main Street (23510) | Kupelian Ormond & Magy, P.C. |
| Post Office Box 3037 | 25800 Northwestern Highway, Suite 950 |
| Norfolk, VA 23514 | Southfield, MI 48075 |
| Tele:   (757) 624-3000 | Tele:   (248) 357-0000 |
| Fax:   (757) 624-3169 | Fax:   (248) 357-7488 |

*Co-Counsel for Ramco West Oaks I, LLC, Ramco JW, LLC, RLV Village Plaza, LP, and RLV Vista Plaza, LP*

premises which provided a direct and substantial benefit to the Debtors' estate.

## BACKGROUND

1. Landlords and Debtors were parties to the following leases of non-residential real property (each a "Lease" and collectively, the "Leases") for various retail premises situated in the shopping centers referenced below (the "Premises"):

| Landlord | Shopping Center | Location | Store No. |
|---|---|---|---|
| Ramco West Oaks I, LLC | West Oaks I | Novi, MI | 3608 |
| Ramco JW, LLC | Jackson West | Jackson, MI | 3722 |
| RLV Village Plaza, LP | Village Plaza | Lakeland, FL | 867 |
| RLV Vista Plaza, LP | Vista Plaza | Jensen Beach, FL | 3241 |

2. On November 10, 2008, the Debtors filed voluntary petitions for relief under Chapter 11, of the Bankruptcy Code.

3. The Leases provide for the payment of base rent, CAM charges, taxes, and utilities (collectively "Rent") on or before the first day of each month.

4. The Debtors have failed to make any payments for the November, 2008 Rent and other charges.

5. The Pro-rated Rent and other charges from November 10 - November 30, 2008 are:

| Landlord | Shopping Center | Monthly Rent & Charges | | 11/10 – 11/30 (21 days) |
|---|---|---|---|---|
| Ramco West Oaks I, LLC | West Oaks I | Rent - <br> CAM - <br> Electric (10/23/08 – 11/21/08) - | $51,266.09 <br> $3,207.91 <br> $1,847.89 | $35,886.26 <br> $ 2,245.54 <br> $ 739.16 |
| Ramco JW, LLC | Jackson West | Rent - <br> CAM - <br> Electric (10/11/08 – 11/15/08) - | $23,259.45 <br> $1564.80 <br> $3,978.30 | $16,281.62 <br> $1,095.36 <br> $663.05 |
| RLV Village Plaza, LP | Village Plaza | Rent - <br> Tax on Base Rent - <br> CAM - <br> Tax for CAM - | $27,250.08 <br> $1907.51 <br> $2630.00 <br> $184.10 | $19,075.06 <br> $1,335.26 <br> $1841.00 <br> $128.87 |

| Landlord | Shopping Center | | | |
|---|---|---|---|---|
| RLV Vista Plaza, LP | Vista Plaza | Rent - <br> Tax on Base Rent - <br> CAM - <br> Tax on CAM - | $33,352.29 <br> $2,167.90 <br> $2,794.04 <br> $181.61 | $23,346.60 <br> $1,517.53 <br> $1,955.83 <br> $127.12 |

(the "Stub Rent").

6. Each lease was effectively rejected by the Debtors.

7. The Landlords assert their claims pursuant to 11 U.S.C. § 503(b)(1) for the Debtors' post-petition use and occupancy of the Premises from November 10, 2008 through November 30, 2008 in the pro-rated amounts listed above in the far right column, since these amounts represents the actual, necessary costs and expenses of preserving the estate during such time.

8. Despite enjoying continuous possession of the Premises from the Petition Date through each Rejection Date, the Debtors have not paid to the Landlords the post-Petition Date portion of the rent due under each Lease for the month of November, 2008. Accordingly, each Landlord is entitled to an allowed administrative claim for the post-Petition Date portion of the November, 2008 rent, in the amounts set forth above.

9. Additionally there are several post-petition/pre-rejection charges which were due and owing but were not paid by the Debtors in the following amounts:

| Landlord | Shopping Center | Charges | |
|---|---|---|---|
| Ramco West Oaks I, LLC | West Oaks I | Electric (11/21 – 12/22/08) <br> 2008 Winter Tax Bill <br> Electric 12/22/08 - 1/22/09 <br> Electric 1/22/09 - 2/16/09 <br> Base Rent 2/1/2009 – 2/23/2009 <br> CAM 2/1/2009 - 2/23/2009 | $2,297.18 <br> $18,073.26 <br> $1,876.71 <br> $1,599.06 <br> $15,026.35 <br> $940.30 |
| Ramco JW, LLC | Jackson West | Electric (12/13/2008 -12/31/2008) <br> 2008 Winter Tax Bill <br> 2008 Year end CAM Reconciliation | $2,008.34 <br> $6,843.79 <br> $1,652.46 |
| RLV Village Plaza, LP | Village Plaza | 2008 Year end Taxes <br> Tax | $34,236.27 <br> $2,396.54 |
| RLV Vista Plaza, LP | Vista Plaza | 2008 Real Estate Taxes <br> Tax | $55,797.56 <br> $3,626.84 |

(the "Post-Petition Charges")

10. The charges arising under the Leases as set forth immediately above are the Debtors' obligation and therefore, the Debtors must promptly and fully comply with such obligations pursuant to 11 U.S.C. § 365(d)(3) and pay administrative rent in the amounts set forth in the far right column of the table immediately above.

## ARGUMENT

11. Pursuant to 11 U.S.C. § 365(d)(3), Debtors are required to fully comply with all terms of any unexpired lease of nonresidential real property from the entry of the order for relief until such lease is assumed or rejected, notwithstanding section 503(b)(1) of the Bankruptcy Code.

12. Contrary to this requirement, however, the Debtors have failed to pay the Landlords for certain of their post-petition Chapter 11 obligations, leaving an arrearage for unpaid rent and other charges in the amounts specified above.

13. The purpose of Section 365(d)(3) is "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." In re Koenig Sporting Goods, Inc., 203 F.3d 986, 989 (6th Cir. 2000).

14. The Debtors have continued their business operations at the Premises after the commencement of this bankruptcy proceeding. By doing so, the Debtors were obligated to remain current on their obligations under the Leases until the Leases were rejected by the Estate. Nonetheless, the Debtors have failed to comply with the specific requirements of section 365(d)(3).

15. Additionally, each Landlord is entitled to an administrative expense claim for the Stub Rent and the Post-Petition Charges pursuant to 11 U.S.C. § 503(b), which states:

> After notice and a hearing, there shall be allowed administrative expenses... including – (1)(A) the actual, necessary costs and expense of preserving the estate, including ... 11 U.S.C. § 503(b)(1)(A).

11 U.S.C. §503(b).

16. Immediate payment of the Landlords' claims is warranted at this time, since the claims for post-petition rent are an obligation of the Debtors' pursuant to 11 U.S.C. § 365(d)(3) as discussed, above, and the claim for post-petition stub rent is properly due as a Section 503(b)(1) administrative claim to be paid when similarly situated stub rent claims are paid.

17. In the instant case, the Debtors benefited by having control of the Premises during the time period in which the Stub Rent accrued. Furthermore, the Debtors benefited by using the Premises during the pendency of the bankruptcy case without having to pay the appropriate rent and other charges. Accordingly, the Landlords should be allowed a Chapter 11 administrative claim to the extent of the Stub Rent and the Post-Petition Charges.

18. The Stub Rent constitutes an allowable administrative expense pursuant to §503(b)(1). In re Goody's Family Clothing, Inc., 392 B.R. 604, 614 (Bankr. D. Del. 2008), citing Zagata Fabricators, Inc. v. Superior Air Products, 893 F.2d 624, 627 (3d Cir. 1990). "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)." Id. When a debtor occupies and uses leased premises post-petition, the "landlord is entitled to an administrative claim in the amount of the fair market value of the premises." Zagata, 893 F.2d at 627, See also In re ZB Company, Inc. 302 B.R. 316, 319 (Bankr. D. Del. 2003). Further, "there is a presumption that the lease rate is the fair market value unless there is evidence to the contrary." ZB Company, 302 B.R. at 319.

19. Additionally, pursuant to each Lease (Jackson West ¶36(f), Vista Plaza ¶36(f), Village Plaza ¶41(i), and West Oaks, ¶36(f)) the Debtors are obligated to reimburse the Landlords for the reasonable attorneys' fees and costs incurred by the Landlords in connection with the Debtors' compliance under the terms of the Lease. As such, each Landlord respectfully requests that the Debtors be directed to pay the attorneys' fees and costs incurred by each Landlord in connection with the filing and prosecution of this Motion

20. Section 507 (a)(1) of the Bankruptcy Code provides that administrative expenses allowed under 11 USC §503(b) have first priority.

21. Landlords respectfully ask the Court to treat this Motion as a written memorandum of points and authorities and to waive the requirement of Local Bankruptcy Rule 9013-1(G).

**WHEREFORE,** the Landlords, Ramco West Oaks I, LLC, Ramco JW, LLC, RLV Village Plaza, LP, and RLV Vista Plaza, LP respectfully requests that the Court enter an Order: (i) compelling Debtor to immediately pay the following for outstanding rent and rent and other charges:

| Landlord | Shopping Center | Charges | |
|---|---|---|---|
| Ramco West Oaks I, LLC | West Oaks I | Electric (11/21 – 12/22/08) | $2,297.18 |
| | | 2008 Winter Tax Bill | $18,073.26 |
| | | Electric 12/22/08 - 1/22/09 | $1,876.71 |
| | | Electric 1/22/09 - 2/16/09 | $1,599.06 |
| | | Base Rent 2/1/2009 – 2/23/2009 | $15,026.35 |
| | | CAM 2/1/2009 - 2/23/2009 | $940.30 |
| Ramco JW, LLC | Jackson West | Electric (12/13/2008 -12/31/2008) | $2,008.34 |
| | | 2008 Winter Tax Bill | $6,843.79 |
| | | 2008 Year end CAM Reconciliation | $1,652.46 |
| RLV Village Plaza, LP | Village Plaza | 2008 Year end Taxes | $34,236.27 |
| | | Tax | $2,396.54 |
| RLV Vista Plaza, LP | Vista Plaza | 2008 Real Estate Taxes | $55,797.56 |
| | | Tax | $3,626.84 |

as a claim under 11 U.S.C. § 365(d)(3); (ii) compelling the Debtors to pay the Landlords the

following amounts for post-petition stub rent from November 10, 2008 through November 30, 2008 as an administrative expense claim under 11 U.S.C. § 503(b)(1)

| Landlord | Shopping Center | Monthly Rent & Charges | | 11/10 – 11/30 (21 days) |
|---|---|---|---|---|
| Ramco West Oaks I, LLC | West Oaks I | Rent - <br> CAM - <br> Electric (10/23/08 – 11/21/08) - | $51,266.09 <br> $3,207.91 <br> $1,847.89 | $35,886.26 <br> $ 2,245.54 <br> $    739.16 |
| Ramco JW, LLC | Jackson West | Rent - <br> CAM - <br> Electric (10/11/08 – 11/15/08) - | $23,259.45 <br> $1564.80 <br> $3,978.30 | $16,281.62 <br> $1,095.36 <br> $663.05 |
| RLV Village Plaza, LP | Village Plaza | Rent - <br> Tax on Base Rent - <br> CAM - <br> Tax for CAM - | $27,250.08 <br> $1907.51 <br> $2630.00 <br> $184.10 | $19,075.06 <br> $1,335.26 <br> $1841.00 <br> $128.87 |
| RLV Vista Plaza, LP | Vista Plaza | Rent - <br> Tax on Base Rent - <br> CAM - <br> Tax on CAM - | $33,352.29 <br> $2,167.90 <br> $2,794.04 <br> $181.61 | $23,346.60 <br> $1,517.53 <br> $1,955.83 <br> $127.12 |

for the Debtors' use and occupancy of the Premises during such time; (iii) granting Landlords their reasonable attorneys' fees and costs incurred by the Landlords in connection with the Debtors' compliance under the terms of the Lease; and (iv) grant the Landlords such other and further relief as this Court deems just and proper under the circumstances.

Kaufman & Canoles, a
professional corporation

By:  /s/Paul K. Campsen
Paul K. Campsen, Esq.
 VSB No. 18133
Kaufman & Canoles, a
 professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
Tele:  (757) 624-3000

Co-Counsel for Ramco West Oaks I, LLC, Ramco JW, LLC, RLV Village Plaza, LP, and RLV Vista Plaza, LP

Dated: April 8, 2009

Kupelian Ormond & Magy, P.C.
a professional corporation

By:   /s/ David M. Blau
Terrance A. Hiller, Jr., Esq.
 Michigan Bar No. P55699
David M. Blau, Esq.
 Michigan Bar No. P52542
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI  48075
Tele:   (248) 357-0000

156254

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion of Landlord, Ramco West Oaks I, LLC, Ramco JW, LLC, RLV Village Plaza, LP, and RLV Vista Plaza, LP, (each a "Landlord" and collectively "Landlords") for Order Allowing and Compelling Payment of Administrative Expense Claim Under 11 U.S.C. § 503(B) and Post-Petition Lease Obligation Under 11 U.S.C. §365(D)(3) was sent first-class, postage prepaid, U.S. Mail on this 8th day of April, 2009 to those parties listed on **Schedule 1** and to all creditors and parties-in-interest who are included in the Bankruptcy Court's ECF e-mail notification system.

Dated:  April 8, 2009         By:      /s/ Paul K. Campsen

:1462906\1

## SCHEDULE 1

Douglas M. Foley, Esq.
Daniel F. Blanks, Esq.
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23510
*Counsel for the Debtors*

Dion W. Hayes, Esq.
Joseph S. Sheerin, Esq.
Sarah Becket Boehm, Esq.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
*Counsel for the Debtors*

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
*Counsel for the Debtors*

Chris Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
*Counsel for the Debtors*

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, Esq.
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for the Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017-2024
*Counsel for the Official Committee of Unsecured Creditors*

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219

::ODMA\PCDOCS\DOCSNFK\1426831\2;
12/10/08