# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

## ADMINISTRATIVE CLAIM REQUEST OF BECKER TRUST, LLC
## PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(a) AND (b)

Becker Trust LLC("Becker"), by and through its undersigned attorneys, hereby files this request for allowance[1] of administrative expense obligations pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) with respect to claims arising under a nonresidential real property lease between Becker, as lessor, and the above-captioned debtor (the "Debtor"), as lessee, and respectfully represents in support thereof as follows:

## BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtor has continued in the operation of its business of management of its properties as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

3. Pursuant to an Agreement of Lease dated as of December 16, 1988 between Lepercq Corporate Income Fund II, L.P., as lessor, and the Debtor, as lessee, as such lease has been amended from time to time (the "Lease"), the Debtor leases retail space at that certain

---

[1] Becker only allowance of its administrative expense claim herein, consistent with this Court's Memorandum Opinion entered on February 12, 2009 at Docket Number 2107.

1

shopping center located at 5055 West Sahara Avenue, Las Vegas, Nevada ("Location #272"). Copies of the Agreement of Lease and the subsequent Assignment are attached hereto and made a part hereof as Exhibits "A" and "B". Becker Trust is the successor to Lepercq Corporate Income Fund II, L.P. On November 21, 2007, the Debtor exercised its option to extend the Lease term until December 15, 2018. A copy of the Debtor's letter dated November 21, 2007 is attached hereto as Exhibit "C".

     4.     Debtor has continued to occupy and use the leasehold premises at Location #272 since the Petition Date, but has failed to pay post-petition rent and other charges due under the terms of the Lease for the period from November 10, 2008 through March 30, 2009 ("Stub Rent Period" in the total sum of one hundred seventy-two thousand three hundred seventy-four dollars and one cent ($172,374.01). A detailed breakdown of the rent and other charges is attached hereto and made a part hereof as Exhibit "D".

     5.     Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor became and remains liable for the post-petition rent and related lease obligations arising under the Lease during the Stub Rent Period. Specifically, post-petition rent and common area maintenance obligations reserved under the Lease are required to be satisfied timely and in full pursuant to § 365(d)(3) of the Bankruptcy Code, which provides in relevant part as follows:

> (3)     The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title…

     6.     As set forth above, the Debtor's estate is liable for the specified obligations arising under the Lease for the Stub Rent Period in the amount of $172,374.01, which is an administrative expense of the Debtor's estate under § 365(d)(3) of the Bankruptcy Code.

PHIL1 828742-1

7. In addition to Becker's entitlement to the foregoing sum as an administrative expense claim under § 365(d)(3) of the Bankruptcy Code, Becker is also entitled to the allowance of such amount under § 503(b) of the Bankruptcy Code, which provides in relevant part as follows:

> After a notice and a hearing, there shall be allowed, administrative expenses, … including –
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including-
> (i) wages, salaries and commissions for services rendered after the commencement of the case …

8. In order to qualify for administrative expense status under § 503(b), the claimant must demonstrate that the claim was incurred post-petition and that the claim is an actual, necessary expense of the estate. In re O'Brien Environmental Energy, Inc., 181 F.3d 527 (3d Cir. 1999). A lessor seeking administrative expense priority for a post-petition rent claim need not demonstrate, however, that the "debtor's continued possession of its space is a benefit to the estate" in order to prevail on its administrative claim. In re Trak Auto Corp., 277 B.R. 655, 665 (Bankr. E.D.Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Here, Marple XYZ's post-petition claim for obligations arising during the Stub Rent Period is an appropriate administrative expense claim under § 503(b) since, among other things, the Debtor used and occupied the leasehold premises for that period.

9. It is well established that, absent evidence to the contrary, the "amount fixed by the lease is presumed to represent the reasonable value of the use and occupancy of the premises." In re Section 20 Land Group, Ltd., 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000) (citing In re Litho Specialties, Inc., 154 B.R. 733, 740 (D. Minn. 1993)). Accordingly, the rent and related obligations reserved under the Lease are presumptive evidence of the fair and reasonable value of the Debtor's interest in the leasehold during the Stub Rent Period. See, In re

Silicon Valley Telecom Exchange, LLC, 284 B.R. 700 (Bankr. N.D. Cal. 2002); In re Sanborn, Inc., 181 B.R. 683 (Bankr. D. Mass. 1995) (the reasonable value for the use of the premises is the lease contract rate absent evidence that the contract rate is unreasonable).

## CONCLUSION

10. For the foregoing reasons, Becker is entitled to the allowance of an administrative expense claim in the amount of $172,374.01, as reflected in the foregoing calculations, for the Stub Rent Period.

WHEREFORE, Becker respectfully requests the entry of an order pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) allowing as an administrative expense obligation against the Debtor's estate a claim in the amount of $172,374.01, together with such other and further relief as is just and proper.

Dated:  April 8, 2009                                      Respectfully submitted,

                                                            COHEN BALDINGER & GREENFELD, LLC


                                                            By: */s/ Steven H. Greenfeld*
                                                                 Steven H. Greenfeld, Esquire,
                                                                 VSB No. 30332
                                                                 7910 Woodmont Avenue
                                                                 Suite 760
                                                                 Bethesda, MD  20814
                                                                 (301) 881-8300
                                                                 Counsel to Becker Trust, LLC

4

PHIL1 828742-1