Hearing Date: April 28, 2009 at 10:00 a.m.
Objections Due: April 21, 2009

Scott E. Blakeley, Esq. (Cal Bar No. 141418)
Ronald A. Clifford, Esq. (Cal Bar No. 246542)
BLAKELEY & BLAKELEY LLP
1000 Quail Street, Suite 200
Newport Beach, California 92660
(949) 260-0613

Richard I. Hutson, Esq. (VSB No. 71097)
FULLERTON & KNOWLES, P.C.
12644 Chapel Rd., #206
Clifton, CA 20124
(703) 818-2602

Counsel to Export Development Canada

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-------------------------------------------------X
In re:                                  :    Chapter 11
                                        :
CIRCUIT CITY STORES, INC., et al.,      :    Case No. 08-35653
                                        :
        Debtors.                        :
                                        :    Jointly Administered
-------------------------------------------------X

**DECLARATION OF JO-ANN KEECH-BARKER IN SUPPORT OF MOTION
FOR ALLOWANCE OF THE LATE FILED ADMINISTRATIVE EXPENSE
CLAIM OF EXPORT DEVELOPMENT CANADA**

I, Jo-Ann Keech-Barker, hereby declare as follows:

1. I am a Recovery Assistant for Export Development Canada ("EDC"). I have personal knowledge of the facts described herein below and could and would competently testify thereto.

2. TechCraft Manufacturing Inc. ("TechCraft"), a Canadian corporation, shipped goods to the Debtors on credit within twenty (20) days preceding the Petition

Date totaling $551,624.90.  A copy of the invoices and bills of lading are attached to the Motion as Exhibit "1" and incorporated herein by reference.

3. Export Development Canada ("EDC") provides, *inter alia*, financing, insurance and bonding solutions to Canadian companies that export goods or services to the United States.  In the bankruptcy setting, should EDC pay an insured's claim, the bankruptcy claim may be assigned to EDC.

4. EDC insured TechCraft's pre-petition credit sales to the Debtors.

5. TechCraft filed an Application for Payment on its claim against the Debtors with EDC on November 25, 2008.  TechCraft forwarded EDC a copy of the 503(b)(9) Bar Date Notice on December 11, 2008.  TechCraft entered an Assignment Agreement, whereby TechCraft assigned its claims against the Debtors in the instant bankruptcy case to EDC on January 16, 2009.  EDC paid TechCraft on the Application for Payment on January 21, 2009.

6. EDC nor TechCraft filed a proof of claim for the 503(b)(9) claim before the December 19, 2008 deadline.  There was a fifty-two (52) day window in which TechCraft applied for payment with EDC, and when EDC was assigned TechCraft's claim.  The Bar Date expired during this reconciliation period.

7. TechCraft did not file a 503(b)(9) proof of claim because it had filed the Application for Payment with EDC on November 25, 2008, and forwarded EDC the Bar Date Notice on December 11, 2008.  Once EDC became aware that the deadline had passed after the assignment of TechCraft's claim to it, it immediately filed a proof of claim on the 503(b)(9) claim and general unsecured claim of TechCraft on January 21,

2009.  A copy of the proof of filing of the claim from the creditor register of the claims agent is attached to the Motion as Exhibit "4" and incorporated herein by reference.

8.    EDC is a large entity, and many insurance claims similar to TechCraft's are filed with it.  It is possible for information in fast-paced bankruptcy cases to be delayed in reaching those within EDC that perform functions such as filing proofs of claim due to its size, the sheer number of claims being filed in today's economic climate and the lengthy claims reconciliation process.   EDC regularly contacts counsel for the debtor in bankruptcy cases it has a claim assigned to it in to determine if bar dates have been established to ensure that it does not miss important dates due to the above-stated factors.

9.    I sent an e-mail to counsel for the Debtor, Sarah Beckett-Boehm ("Boehm"), on December 2, 2008, inquiring as to the bar date for filing proofs of claim.  A true and correct copy of the e-mail is attached to the Motion as Exhibit "2" and incorporated herein by reference.  Boehm responded to Barker's e-mail stating that "[t]he general bar date for filing proofs of claim has not yet been established." Boehm never mentioned the 503(b)(9) Bar Date, or that a separate 503(b)(9) Bar Date had been set by the Court on November 12, 2008, even though the Court's on-line docket lists Boehm as the attorney that filed the motion.  A true and correct copy of the Court's docket is attached to the Motion as Exhibit "3" and incorporated herein by reference.  This material omission on the part of Boehm is at least partially responsible for failure of EDC to realize that a 503(b)(9) proof of claim needed to be filed in short order.

10.    I also reviewed the claims agent's website on December 2, 2008, and did not find any information regarding the 503(b)(9) Bar Date at that time.

///

///

///

11. EDC acted in the up most good faith in filing the 503(b)(9) claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on April ____, 2009, in Ottawa, Ontario, Canada.

_____
Jo-Ann Keech-Barker

11.    EDC acted in the up most good faith in filing the 503(b)(9) claim.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on April 7th, 2009, in Ottawa, Ontario, Canada.

_____
Jo-Ann Keech-Barker

## Certificate of Service

      I hereby certify that on April 8, 2009, a copy of the foregoing was filed electronic mail on the following: (i) the Core Group, which includes the Debtors, co-counsel to the Debtors, the Office of the United States Trustee, co-counsel for any committee, counsel to the agents for the Debtors' pre-petition lenders, and counsel to the agents for the Debtors' post-petition lenders; (ii) the 2002 List; and (iii) those additional parties as required by the Case Management Order (all of which are defined in the Case Management Order).

                                      /s/Ronald A. Clifford\_\_  
                                      Ronald A. Clifford, Esq.