| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION FOR ORDER APPROVING PROCEDURES
AUTHORIZING DESTRUCTION OF OBSOLETE BUSINESS RECORDS**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors" or "Circuit City") hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 554(a) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), approving procedures authorizing the destruction of certain obsolete business records of the Debtors.  In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 554(a) and Bankruptcy Rule 6007.

### BACKGROUND

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a

2

sale or sales of the Debtors' businesses as a going concern or for liquidation (D.I. 1460).

5. At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC, and Tiger Capital Group, LLC (collectively, the "Agent").

6. On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores (D.I. 1634). The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009. The going out of business sales were completed by mid-March, 2009.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek approval of procedures authorizing the destruction and disposal of the Debtors' Obsolete Records (as defined herein).

## BASIS FOR RELIEF

8. During the course of their operations, the Debtors generated, accumulated and maintained substantial documentation, files and other records, both

3

hardcopy and electronic, relating to the operation of their businesses, including but not limited to financial records, human resources records, tax records, day-to-day operating records, and other miscellaneous documents and records (the "Records").

9. Now that the going out of business sale have been completed, the Debtors believe that certain of their Records are (or will become) no longer necessary for the winding down of their operations and are (or will become) not relevant to any unresolved matters in these Chapter 11 cases (collectively the "Obsolete Records"). Furthermore, the Debtors believe the Obsolete Records are (or will become) not necessary or useful to the Debtors in the administration of their estates or affairs and do not (or will not) bear any known relation to pending claims, adversary proceedings or litigation.

10. Additionally, the Obsolete Records are (or will become) burdensome to the Debtors' estates insofar as the Debtors must pay the costs associated with storing and maintaining, in some cases, hundreds or thousands of boxes of hardcopy documents, or hundreds of

4

computers, hard drives, and legacy computer systems, that are of inconsequential value and benefit to the estates.  Indeed, the Debtors have determined that the Obsolete Records are (or will become) cost-prohibitive to store and are otherwise burdensome to the estate and should be destroyed.

11.  Moreover, the Debtors have determined that the Obsolete Records have (or will have) little or no value to the Debtors' estates and, in fact, may potentially represent liabilities to the estates if the Obsolete Records are mishandled.

12.  In light of the foregoing, the Debtors have determined, in their sound business judgment, that their estates and creditors of their estates would be best served if the Debtors are authorized to destroy the Obsolete Records in the manner proposed herein.

13.  The Debtors propose the following procedures for the abandonment and destruction of the Obsolete Records:

(a) The Debtors are authorized to abandon and destroy the Obsolete Records; provided however, that the Debtors shall file with the Court and provide advance written notice ("Notice"), by facsimile or electronic mail, of the abandonment and destruction of

5

the Obsolete Records to (i) counsel for the Creditors' Committee, (ii) if applicable, the landlord for the premises where the Obsolete Records are located, and (iii) the Office of the United States Trustee (collectively, the "Notice Parties").

(b) The Notice will identify the Obsolete Records to be abandoned and destroyed, including (i) whether the Obsolete Records are hardcopy or electronic records, and (ii) a general description of the Obsolete Records and their prior generation, accumulation and maintenance by the Debtors.

(c) The Notice Parties shall have five (5) business days (the "Notice Period") after the date the Notice is sent to object to the abandonment or destruction of the Obsolete Records.

(d) If no written objection is filed with the Court and received by counsel to the Debtors prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to abandon and destroy the Obsolete Records without further order of the Court.

(e) If a Notice Party objects to the proposed abandonment and destruction of the Obsolete Records and such objection cannot be consensually resolved, the Debtors will not take any further steps to abandon and destroy the Obsolete Records without first obtaining the Court's approval, which approval may be obtained on an expedited basis, including through telephonic means, with advance notice to the objecting Notice Party.

**APPLICABLE AUTHORITY**

14. Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential

6

value and benefit to the estate." 11 U.S.C. § 554(a); See Fed. R. Bankr. P. 6007(a) (authorizing abandonment on advance notice). Additionally, pursuant to section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15. As demonstrated above, the Obsolete Records are burdensome to the Debtors' estates and provide inconsequential value and benefit. Further, the destruction and disposal of Obsolete Records is an important step in the process of winding down the Debtors' operations where, as here, the Obsolete Records are costly to retain and are no longer necessary to complete the wind down or administer the Debtors' affairs.

16. The Debtors, in their sound business judgment, have determined that it is in the best interests of their estates, creditors, and all parties in interest to destroy and dispose of the Obsolete Records as set forth in this Motion.

**WAIVER OF MEMORANDUM OF LAW**

17.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

18.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto, approving procedures authorizing the Debtors to destroy the Obsolete Records, and granting such other relief as is just and proper.

Dated: April 8, 2009  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley     .  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

651973-Chicago Server 1A - MSW