Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

         IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - - X

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105,
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
              SETTING AN EXPEDITED HEARING**

          The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1] The Debtors are the following entities: The Debtors and the last
    four digits of their respective taxpayer identification numbers
    are as follows: Circuit City Stores, Inc. (3875), Circuit City
                                                          *(cont'd)*

1

hereby move the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for April 14, 2009 at 10:00 a.m. on: (I) Debtors' Motion for Order Under Bankruptcy Code Sections 105, 363(b) and 503(c)(3) Approving Additional Compensation for Eligible Employees (the "Employee Motion"); and (II) Debtors' Motion for Order Shortening Notice and Limiting Notice of Debtors' Motion for Order Under Bankruptcy Code Sections 105, 363(b) and 503(c)(3) Approving Additional Compensation for Eligible Employees (collectively, the "Employee Motions").  In further support of the Motion, the Debtors respectfully represent:

---

*(cont'd from previous page)*
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

**A.   The Bankruptcy Cases**

3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors

(the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.  On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

**B.   The Employee Motion**

7.  Prior to the Petition Date, the Debtors provided their employees with a number of employee benefit programs (the "Employee Benefit Programs").  The Employee Benefit Programs were funded to varying degrees by contributions from the Debtors and participating employees.

8.  Given the liquidation, the Debtors have, by necessity, drastically reduced their workforce.  Due to this workforce reduction and given the cost to the

4

estates, the Debtors determined to cease the Employee Benefit Programs (to the extent not already frozen) effective March 31, 2009.

9. To attempt to minimize the lost compensation and/or defray costs associated with obtaining alternate benefits, and in order to avoid further deterioration of employee morale during the difficult wind-down period, the Debtors seek to pay each Eligible Employee (as defined in the Employee Motion) a stipend of an additional $200 per week or $400 per pay period (the "Stipend").

**RELIEF REQUESTED**

10. On April 8, 2009, the Debtors filed the Employee Motions. By this Motion, the Debtors seek this Court's entry of an order setting an expedited hearing on these motions for the regularly scheduled omnibus hearing on Tuesday, April 14, 2009 at 10:00 a.m. (the "Expedited Hearing").

**BASIS FOR RELIEF**

11. In order to help ensure that Eligible Employees who want to use the Stipend to purchase alternate benefits can do so promptly, the Eligible

5

Employees need to receive the Stipend as soon as possible.  The loss of the Employee Benefit Programs, while appropriate from a cost perspective, risks impacting negatively the Eligible Employees' existing cash compensation, which poses a significant risk to further loss in employee morale at a critical stage in the these cases – the wind-down period.  Thus, the Debtors believe that approval of the Stipend is necessary to counteract the deterioration of employee morale caused by the loss of the Employee Benefit Programs while still allowing for a reduction in costs to the estates.  Accordingly, the Debtors believe cause exists to hear the Employee Motions on April 14, 2009 at 10:00 a.m.

12.  Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein.  Attached hereto as <u>Exhibit B</u> is the certification required under Local Rule 9013-1(N).

13.  Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is

6

necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

### NOTICE

14.  Notice of this Motion is being provided in accordance with the Case Management Order entered on November 13, 2008 (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

15.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

16.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 8, 2009           SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia      FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653
et al.,                       :
                              :
           Debtors.           :  Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Employee Motions; and the Court having reviewed the Motion and the Employee Motions; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. A hearing will be held on April 14, 2009 at 10:00 a.m., prevailing Eastern Time, to hear and consider the Employee Motions.

3. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

2

        4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia

_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000


    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700


    - and -



/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - X
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.   I am a member of the Bar of this Court, and I have carefully examined these matters and there is a true necessity for an emergency hearing.

    2.   The necessity for this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2

3. Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

                                    /s/ Douglas M. Foley
                                    Douglas M. Foley

\8665550.1

3