**EXHIBIT B**

**(CPO Order)**

```
Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.           Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - - -x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 332 AND 363 AUTHORIZING U.S. TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN**

Upon the motion (the "Motion")[1] of Circuit City Stores West Coast, Inc., and Circuit City Stores, Inc. (the "Sellers" and, collectively with the debtors and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

debtors in possession in the above-captioned jointly administered cases, the "Debtors"), for entry of orders under Bankruptcy Code sections 105, 332 and 363 and Bankruptcy Rules 2002 and 6004, (I)(A) approving procedures in connection with soliciting bids for a sale (the "Sale") of certain of the Sellers' intellectual property, internet-related property and customer information (collectively the "Intellectual Property and Internet Assets"), (B) authorizing the Sellers to enter into a stalking horse agreement in connection therewith, (C) approving certain Bid Protections in connection therewith, (D) approving the form and manner of sale notice and (E) scheduling Auction and Sale Hearing dates; (II) authorizing the U.S. Trustee to appoint a consumer privacy ombudsman; (III) approving the Sale of the Intellectual Property and Internet Assets free and clear of all Interests and (IV) granting related relief; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Sellers, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion

3

has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.  The court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory and legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 332 and 363 and Bankruptcy Rules 2002 and 6004.

D.  Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

4

been afforded to those parties that requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Case Management Order).

  E. The assets to be sold pursuant to the proposed Sale include personally identifiable information about individuals such that the appointment of a CPO is required under Bankruptcy Code section 332.

  F. The entry of this Order is in the best interests of the Sellers and their estates, creditors, and interest holders and all other parties in interest herein; and it is therefore

  **ORDERED, ADJUDGED AND DECREED THAT:**

  1. Pursuant to Bankruptcy Code sections 332 and 363(b)(1)(B) and Bankruptcy Rule 6004, the U.S. Trustee is authorized to appoint a CPO in these cases.

  2. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

  3. Nothing in this Order, the Agreement or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

4. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley