Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - -x
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - -x
```

**DEBTORS' MOTION FOR ORDER SHORTENING NOTICE PERIOD AND LIMITING NOTICE OF MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 332 AND 363 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION, (B) AUTHORIZING SELLERS TO ENTER INTO A STALKING HORSE AGREEMENT IN CONNECTION THEREWITH, (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION THEREWITH, (D) APPROVING FORM AND MANNER OF SALE NOTICE AND (E) SETTING AUCTION AND SALE HEARING DATES; (II) AUTHORIZING U.S. TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN; (III) APPROVING SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION FREE AND CLEAR OF ALL INTERESTS; AND (IV) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby move this Court (the "Motion to Shorten Notice") for an order under section 102 of the title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") approving shortened and limited notice for Motion for Orders Pursuant to Bankruptcy Code Sections 105, 332 and 363 (I)(A) Approving Procedures in Connection with Sale of Intellectual Property, Internet-related Property and Customer Information, (B) Authorizing Sellers to Enter into a Stalking Horse Agreement in Connection Therewith, (C) Approving Certain Bid Protections in Connection Therewith, (D) Approving Form and Manner of Sale Notice and (E) Setting Auction and Sale Hearing Dates; (II) Authorizing U.S. Trustee to Appoint Consumer Privacy

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Ombudsman; (III) Approving Sale of Intellectual Property, Internet-related Property and Customer Information Free and Clear of All Interests; and (IV) Granting Related Relief (the "IP Motion"). In support of the Motion to Shorten Notice, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 102 and Bankruptcy Rules 2002, 9006 and 9007.

### BACKGROUND

**A.    The Bankruptcy Cases.**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

**B.   The IP Motion**

7.   In the course of their continued liquidation, the Debtors have identified various assets – including certain intellectual property and internet assets – that are valuable, but for which the Debtors have no use going forward.  The Debtors have thus determined that the sale of such intellectual property and internet assets would bring significant recovery for the Debtors' estates and creditors.

8. To help ensure that the Debtors receive the highest or otherwise best proposal for the intellectual property and internet assets, the Debtors seek authorization to, among other things, enter into an agreement with a stalking horse bidder, and to solicit competing bids in accordance with certain bidding procedures, as more fully described in the IP Motion.

**RELIEF REQUESTED**

9. By this Motion to Shorten Notice, the Debtors request entry of an order shortening the notice period and limiting notice of the IP Motion so that the bid procedures aspect of the IP Motion may be heard, considered and ruled upon by the Court at the regularly scheduled omnibus hearing on April 14, 2009. Relief with respect to the sale of the intellectual property and internet assets that are the subject of the IP Motion will be heard at a subsequent hearing to be scheduled by the Court in connection with approving the bid procedures.

**BASIS FOR RELIEF**

10. Concurrently herewith, the Debtors filed the IP Motion.

11. As set forth in the IP Motion, the Debtors are requesting that an auction be held on May 11, 2009 and

any bid or proposal accepted by the Debtors be heard at the May 13, 2009 omnibus hearing.  In order to maintain this schedule, maximize value and minimize expenses, the Debtors believe it is in the best interests of the Debtors' estates, creditors and other parties in interest for the IP Motion to be heard at the hearing on April 14, 2009 at 10:00 a.m.

12.   Moreover, the Debtors propose to provide notice of the IP Motion to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given and in light of the circumstances, such notice is reasonably calculated to provide timely and adequate notice to the Debtors' major creditor constituencies and those parties most interested in these cases.

**WAIVER OF MEMORANDUM OF LAW**

13.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion to Shorten Notice and all applicable authority is set forth in the Motion to Shorten Notice, the Debtors

request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order, substantially in the form annexed hereto, granting the relief requested herein, and (ii) such other and further relief as may be just and proper.

Dated: April 9, 2009　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　Richmond, Virginia　　FLOM, LLP
　　　　　　　　　　　　　　　　Gregg M. Galardi, Esq.
　　　　　　　　　　　　　　　　Ian S. Fredericks, Esq.
　　　　　　　　　　　　　　　　P.O. Box 636
　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-0636
　　　　　　　　　　　　　　　　(302) 651-3000

　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE, MEAGHER &
　　　　　　　　　　　　　　　　FLOM, LLP
　　　　　　　　　　　　　　　　Chris L. Dickerson, Esq.
　　　　　　　　　　　　　　　　333 West Wacker Drive
　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　(312) 407-0700

　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　MCGUIREWOODS LLP

　　　　　　　　　　　　　　　　/s/ Douglas M. Foley_____
　　　　　　　　　　　　　　　　Dion W. Hayes (VSB No. 34304)
　　　　　　　　　　　　　　　　Douglas M. Foley (VSB No. 34364)
　　　　　　　　　　　　　　　　One James Center
　　　　　　　　　　　　　　　　901 E. Cary Street
　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　(804) 775-1000

　　　　　　　　　　　　　　　　Counsel for Debtors and Debtors
　　　　　　　　　　　　　　　　in Possession

**[Proposed Order]**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            RICHMOND DIVISION

       - - - - - - - - - - - - - - - x
       In re:                         :   Chapter 11
                                      :
       CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
       et al.,                        :
                                      :
                          Debtors.    :   Jointly Administered
       - - - - - - - - - - - - - - - x
```

**ORDER GRANTING DEBTORS' MOTION FOR ORDERS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 332 AND 363 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION, (B) AUTHORIZING SELLERS TO ENTER INTO A STALKING HORSE AGREEMENT IN CONNECTION THEREWITH, (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION THEREWITH, (D) APPROVING FORM AND MANNER OF SALE NOTICE AND (E) SETTING AUCTION AND SALE HEARING DATES; (II) AUTHORIZING U.S. TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN; (III) APPROVING SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION FREE AND CLEAR OF ALL INTERESTS; AND (IV) GRANTING RELATED RELIEF**

10

Upon consideration of the Debtors' Motion for Order Shortening Notice Period and Limiting Notice (the "Motion") of Motion for Orders Pursuant to Bankruptcy Code Sections 105, 332 and 363 (I)(A) Approving Procedures in Connection with Sale of Intellectual Property, Internet-related Property and Customer Information, (B) Authorizing Sellers to Enter into a Stalking Horse Agreement in Connection Therewith, (C) Approving Certain Bid Protections in Connection Therewith, (D) Approving Form and Manner of Sale Notice and (E) Setting Auction and Sale Hearing Dates; (II) Authorizing U.S. Trustee to Appoint Consumer Privacy Ombudsman; (III) Approving Sale of Intellectual Property, Internet-related Property and Customer Information Free and Clear of All Interests; and (IV) Granting Related Relief (the "IP Motion"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Notice of the IP Motion is shortened so that it may be heard, considered and ruled upon by the Court at a hearing on April 14, 2009 at 10:00 a.m.

3. Notice of the IP Motion is limited to the parties as set forth in the Motion.

4. This Court will retain jurisdiction with respect to any dispute concerning the relief granted hereunder.

Dated: Richmond, Virginia
_____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

\8669884.1