Gregg M. Galardi, Esq.　　　　Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.　　　Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &　MCGUIREWOODS LLP
FLOM, LLP　　　　　　　　　　One James Center
One Rodney Square　　　　　901 E. Cary Street
PO Box 636　　　　　　　　　Richmond, Virginia 23219
Wilmington, Delaware 19899-0636　(804) 775-1000
(302) 651-3000

　　　　　- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
　　　　　　　　　　　　　　:
In re:　　　　　　　　　　:　Chapter 11
　　　　　　　　　　　　　　:
CIRCUIT CITY STORES, INC.,　:　Case No. 08-35653
et al.,　　　　　　　　　　:
　　　　　　　　　　　　　　:
　　　　　　　Debtors.　　:　Jointly Administered
- - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105,
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
SETTING AN EXPEDITED HEARING**

The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1] The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
*(cont'd)*

hereby move the Court (the "Motion") for the entry of an

order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M)

and (N) of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Eastern District of

Virginia (the "Local Bankruptcy Rules"), setting an

expedited hearing for April 14, 2009 at 10:00 a.m. on

Motion for Orders Pursuant to Bankruptcy Code Sections

105, 332 and 363 (I)(A) Approving Procedures in

Connection with Sale of Intellectual Property, Internet-

related Property and Customer Information, (B)

Authorizing Sellers to Enter into a Stalking Horse

Agreement in Connection Therewith, (C) Approving Certain

Bid Protections in Connection Therewith, (D) Approving

Form and Manner of Sale Notice and (E) Setting Auction

and Sale Hearing Dates; (II) Authorizing U.S. Trustee to

Appoint Consumer Privacy Ombudsman; (III) Approving Sale

---

*(cont'd from previous page)*

  Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
Colorado 80031.  For all other Debtors, the address is 9950
Mayland Drive, Richmond, Virginia 23233.

of Intellectual Property, Internet-related Property and
Customer Information Free and Clear of All Interests;
and (IV) Granting Related Relief (the "IP Motion") and
Debtors' Motion for Order Shortening Notice and Limiting
Notice of the IP Motion (collectively, the "IP Motions").
In further support of the Motion, the Debtors respectfully
represent:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter
pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a
core proceeding within the meaning of 28 U.S.C. §
157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§
1408 and 1409.

2.    The statutory bases for the relief requested
herein are section 105(a) of the Bankruptcy Code, 11
U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local
Bankruptcy Rule 9013-1(M) and (N).

### BACKGROUND

**A.    The Bankruptcy Cases**

3.    On November 10, 2008 (the "Petition Date"),
the Debtors filed voluntary petitions in this Court for
relief under chapter 11 of the Bankruptcy Code.

4.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

**B.   The IP Motion**

7.   In the course of their continued liquidation, the Debtors have identified various assets – including certain intellectual property and internet assets – that

are valuable, but for which the Debtors have no use

going forward.  The Debtors have thus determined that

the sale of such intellectual property and internet

assets would bring significant recovery for the Debtors'

estates and creditors.

8.   To help ensure that the Debtors receive the

highest or otherwise best proposal for the intellectual

property and internet assets, the Debtors seek

authorization to, among other things, enter into an

agreement with a stalking horse bidder, and to solicit

competing bids in accordance with certain bidding

procedures, as more fully described in the IP Motion.

### RELIEF REQUESTED

9.   On April 9, 2009, the Debtors filed the IP

Motions.  By this Motion, the Debtors seek this Court's

entry of an order setting an expedited hearing on the IP

Motions for the regularly scheduled omnibus hearing on

Tuesday, April 14, 2009 at 10:00 a.m. (the "Expedited

Hearing").  At the Expedited Hearing, the Debtors will

seek entry of an order with respect to the bid

procedures aspect of the IP Motion.  Relief with respect

to the sale of the intellectual property and internet

assets that are the subject of the IP Motion will be

heard at a subsequent hearing to be scheduled by the

Court in connection with approving the bid procedures.

## BASIS FOR RELIEF

10.   The Debtors believe that conducting an auction

will enable them to maximize value and minimize expenses

incurred.   As set forth in the IP Motion, the Debtors

are requesting that an auction be held on May 11, 2009

and any bid or proposal accepted by the Debtors be heard

at the May 13, 2009 omnibus hearing.   In order to

maintain this schedule, maximize value and minimize

expenses, the Debtors are requesting an expedited

hearing be held on April 14, 2009 on the IP Motion.

11.   Local Bankruptcy Rule 9013-1 allows the

setting of a hearing on an expedited basis as requested

herein.   Attached hereto as Exhibit B is the

certification required under Local Rule 9013-1(N).

12.   Additionally, section 105(a) of the Bankruptcy

Code provides this Court with the power to set expedited

hearings.   Section 105(a) states that a bankruptcy court

"may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

### NOTICE

13.   Notice of this Motion is being provided in accordance with the Case Management Order entered on November 13, 2008 (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

14.   Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

15.   No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 9, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia  FLOM, LLP
                         Gregg M. Galardi, Esq.
                         Ian S. Fredericks, Esq.
                         P.O. Box 636
                         Wilmington, Delaware 19899-0636
                         (302) 651-3000

                                 - and -

                         SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM, LLP
                         Chris L. Dickerson, Esq.
                         333 West Wacker Drive
                         Chicago, Illinois 60606
                         (312) 407-0700

                                 - and -

                         MCGUIREWOODS LLP

                         <u>/s/ Douglas M. Foley    .</u>
                         Dion W. Hayes (VSB No. 34304)
                         Douglas M. Foley (VSB No. 34364)
                         One James Center
                         901 E. Cary Street
                         Richmond, Virginia 23219
                         (804) 775-1000

                         Counsel for Debtors and Debtors
                         in Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x

            **ORDER SETTING AN EXPEDITED HEARING**

        Upon the motion (the "Motion")[1] of the Debtors

for an order, pursuant to Bankruptcy Code section 105

and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Motion.

for the United States Bankruptcy Court for the Eastern
District of Virginia (the "Local Bankruptcy Rules"),
requesting an expedited hearing on the IP Motions; and
the Court having reviewed the Motion and the IP Motions;
and the Court having determined that the relief
requested in the Motion is in the best interests of the
Debtors, their estates, their creditors, and other
parties in interest; and it appearing that proper and
adequate notice of the Motion has been given and that no
other or further notice is necessary; and upon the
record herein; and after due deliberation thereon; and
good and sufficient cause appearing therefor, it is
hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.    The Motion is GRANTED.

2.    A hearing will be held on April 14, 2009
at 10:00 a.m., prevailing Eastern Time, to hear and
consider the IP Motions.

3.    Adequate notice of the relief sought in
the Motion has been given and no further notice is
required.

    4.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia

_____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

       Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley
                          Douglas M. Foley

4

## EXHIBIT B

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - X

### CERTIFICATION FOR EXPEDITED HEARING

The above-captioned debtors (collectively, the

"Debtors") contemporaneously herewith are filing, the

Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and

Local Bankruptcy Rule 9013-1(M), for an Order Setting an

Expedited Hearing (the "Motion to Expedite").[1]  In

support thereof, and as required by Rule 9013-1(N) of

the Local Bankruptcy Rules of the United States

Bankruptcy Court for the Eastern District of Virginia,

the undersigned counsel for the Debtors certify as

follows:

1.    I am a member of the Bar of this Court, and I

have carefully examined these matters and there is a

true necessity for an emergency hearing.

2.    The necessity for this emergency hearing has

not been caused by any lack of due diligence on my part,

but has been brought about only by the circumstances of

the Debtors' chapter 11 cases.

---

[1]    Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to such terms in the Motion to Expedite.

3.    Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

/s/ Douglas M. Foley
Douglas M. Foley

\8648252