UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | Chapter 11 |
| Debtors. ) | (Jointly Administered) |

**MOTION TO ALLOW PROOF OF CLAIM TO BE DEEMED TIMELY FILED**

Vertis, Inc. ("Vertis") through its undersigned counsel, hereby moves this Court for an Order pursuant to Fed. R. Bankr. P. 9006(b) to allow Claim No. 10903 to be deemed timely filed. In support of this motion, Vertis states as follows:

**Facts**

1.   In its bankruptcy Schedule F, Circuit City Stores, Inc. ("Debtor") identified Vertis as having two separate claims of $5,498.50 and $8,400.00. The claims were not scheduled as being either contingent, unliquidated or disputed. Thus, Vertis has a deemed allowed claim of $13,898.50 pursuant to Fed. R. Bankr. P. 3003(b)(1).

2.   On December 11, 2008, this Court entered an Order establishing January 30, 2009 as the bar date for filing proofs of claim in this matter.

3.   Vertis received timely notice of the bar date.

4.   On January 29, 2009, Vertis' counsel, John Cruciani, finalized and signed Vertis' unsecured, non-priority proof of claim in the amount of $47,363.50 and instructed his paralegal

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Vertis, Inc.*

John J. Cruciani, Esq.
Husch Blackwell Sanders LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8197
(816) 983-8080 (fax)

*Co-counsel for Vertis, Inc.*

to send it out for filing. The paralegal, in turn, gave the proof of claim to her secretary with specific instructions that the proof of claim be sent out via overnight mail.

5. Unfortunately, the claim was mailed instead of being sent via overnight mail.

6. The proof of claim was received on February 3, 2009 by Kurtzman Carson Consultants ("KCC") (Claim No. 10903). A file-stamped copy of the claim is attached as Exhibit A to this pleading.

7. Upon receipt of the file-stamped proof of claim from KCC, Mr. Cruciani realized the mistaken error that had occurred. He promptly contacted the Debtor on February 10, 2009, to see if the Debtor would be willing to consent to the filing of a motion to allow the late filed claim as timely filed for Vertis. The Debtor responded that it was extremely busy at the time and could not guarantee how quickly a response would be made.

8. That same day (February 10), Mr. Cruciani also contacted counsel for the Unsecured Creditors Committee (the "Committee") to explain what had occurred. On February 23, 2009, the Committee's counsel responded saying that they would defer to the Debtor on the issue.

9. Subsequently, Mr. Cruciani has made various inquiries with Debtor's counsel seeking to know if the Debtor would consent to the filing of a motion to have the claim deemed timely filed. As of yet, Debtor has not yet had an opportunity to respond.[1]

10. Nonetheless, in an effort to not let too much time pass, Vertis deems it necessary to file this motion.

---

[1] Vertis understands that given the size and complexity of this case and the various challenging issues therein, the Vertis' claim issue is not one the Debtor has been able to address yet.

KCP-1679196-2

2

**Argument**

11. This Court should allow Vertis' claim to be deemed timely filed because it would have been timely filed but for the excusable neglect that occurred. As such, the requirements of Fed. R. Bankr. P. 9006(b) are met.

12. Federal Rules of Bankruptcy Procedure 3003(c)(3) provides that:

> The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4) and (c)(6).

13. By its terms, Rule 3003(c)(3) allows a court to extend time within which an act must be done upon a showing of "cause."

14. Fed. R. Bankr. P. 9006(b), in turn, allows (upon a showing of cause) a court to permit an act to be done after the time for doing so has expired if the failure to do the act was a result of excusable neglect. Stated differently, Fed. R. Bankr. P. 9006(b) permits the bar date to be extended in situations where the failure to file a timely claim results from "excusable neglect."

15. In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court set forth the standard for excusable neglect. Neglect includes both faultless omissions to act due to circumstances beyond a creditor's control and omissions caused by carelessness. *Id.* at 388, 113 S.Ct. at 1494. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498.

16. Excusable neglect should be determined from the totality of the circumstances surrounding the incident, including (1) the danger of prejudice to the debtor; (2) the length of the delay and potential impact on judicial proceedings; (3) the reason for the delay including whether

it is within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. A creditor seeking to extend the bar date based upon Fed. R. Bankr. P. 9006(b) bears the burden of proving excusable neglect by a preponderance of the evidence. *See In the Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993).

17. In this case, neglect occurred: the proof of claim was intended to be sent via overnight mail but it was erroneously sent via regular mail. Hence, the issue is whether it is excusable under the *Pioneer* standards.

18. With respect to prejudice, this Court has noted that prejudice occurs if allowing the late filed claim will impact the Debtor's ability to perform its confirmed plan. *See In re National Spa & Pool Institute*, 257 B.R. 784, 778-89 (Bankr. E.D. Va. 2001). Here, this will not occur. The Debtor is in the process of liquidating and Vertis' general unsecured claim is simply one of thousands that will hopefully receive a distribution in the future. Given the fact that no plan of liquidation has been confirmed and Vertis' claim amount is minimal in comparison to the total claims in this case, allowance of the claim will not prejudice the Debtor or any of its other creditors.

19. Vertis' delay in filing its claim was minimal. Indeed, it was filed just a few days after the bar date expired. Moreover, allowing the claim to be deemed timely filed will have a negligible impact on these bankruptcy proceedings. The claim is $47,363.50, of which nearly $14,000 is already deemed allowed.

20. The reason for delay in this case is simple: an innocent human error.

21. Finally, Vertis has acted in good faith throughout this matter. Upon learning of the error, Vertis' counsel promptly contacted both the Debtor and the Committee to explain the situation and seek their agreement to this motion. Vertis waited a reasonable time to hear from

the Debtor. However, given the press of other matters and recognizing that this particular issue is likely low priority for the Debtor, Vertis did not want to prejudice the position of any party and has thus timely brought this motion. In short, Vertis' entire actions have been in good faith.

WHEREFORE, Vertis requests that this Court enter an Order allowing its claim (No. 10903) to be deemed timely filed and for such further relief that this Court deems just and equitable.

Dated: April 10, 2009                                    VERTIS, INC.


                                                         By:  /s/ Sheila deLa Cruz
                                                                    Counsel

Michael P. Falzone (VSB #22324)
Sheila deLa Cruz (VSB #65395)
Hirschler Fleischer, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

John J. Cruciani (MO Bar #43073)
Husch Blackwell Sanders LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8197
(816) 983-8080 (fax)

*Counsel for Vertis, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


                                                          /s/ Sheila deLa Cruz
                                                          Sheila deLa Cruz

#2511974v1

KCP-1679196-2                             5