UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| ADA ALICEA, ON BEHALF OF HERSELF | ) | |
| AND ALL OTHERS SIMILARLY SITUATED, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION OF ADA ALICEA, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED, FOR RELIEF FROM THE
AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Ada Alicea, on behalf of herself and all others similarly situated ("Movant"), by and through her undersigned counsel, hereby files her Motion for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code (the "Motion") to pursue a state court action pending in the Supreme Court of the State of New York, Bronx County. In support of her Motion, Movant states the following:

---

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Phone:    (804) 423-7921
Facsimile: (804) 230-0024

*Co-Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

Christine M. Ford (NY Bar No. 2897999)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY 10605
Phone:    (914) 517-5000
Facsimile: (914) 517-5055

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(a) and 11 U.S.C. § 362(d).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3. On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc. ("Debtor") commenced this action in the United States Bankruptcy Court for the Eastern District of Virginia by filing its voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code")

## FACTUAL BACKGROUND

4. On May 23, 2007, Movant commenced a class action styled Alicea v. Circuit City Stores, Inc., Index No. 15520/07, in the Supreme Court of the State of New York, Bronx County (the "New York State Court Action") on behalf of herself and all others similarly situated. Movant's Complaint seeks redress for Debtor's deceptive and otherwise improper business practice of imposing "restocking fees" in the amount of 15% of the purchase price of returned items, resulting in the Debtor's improper and unlawful monetary gain. A true and correct copy of the Complaint is attached hereto as Exhibit A.

5. Movant's Complaint alleges violations of New York General Business Law § 349 and asserts common law claims under New York law for unjust enrichment and breach of contract.

6. Debtor is a publicly traded corporation duly organized and existing under the laws of the Commonwealth of Virginia with a principal place of business in Richmond, Virginia. Debtor is authorized to do business in New York and does business in New York through its

regularly conducted business activities. Circuit City owns and operates a chain of retail stores and on-line marketplace offering consumer electronics, home-office products, software and related services.

7. Upon purchase of any merchandise at a Circuit City store, a customer is presented with a sales receipt which states on its reverse Circuit City's return guarantee: "If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below" (the "Return Policy").

8. The terms of Circuit City's Return Policy include a so-called "restocking fee" in the amount of 15% of the purchase price, imposed in the event certain enumerated items are returned: (1) "opened"; or (2) "in a non-factory sealed box" (the "Restocking Fee"). The Restocking Fee applies only to the following products: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDAs, mobile video, GPS and radar detectors. Stated otherwise, if an enumerated product is returned unopened and in a factory sealed box, the Restocking Fee does not apply.

9. The amount of the Restocking Fee -- 15% of the purchase price -- is not a reasonable estimate of the anticipated or actual cost incurred by Circuit City for "restocking" a return, and it is imposed without regard to the price of the item returned.

10. For example, Movant purchased a JVC camcorder and a blank VCR tape on May 8, 2007. According to Circuit City, the camcorder is subject to the 15% Restocking Fee if it is returned opened or in a non-factory sealed box. The next day, on May 9, 2007, Movant returned the camcorder in an opened box. Circuit City charged Plaintiff a $35.62 Restocking Fee. The actual cost to restock Plaintiff's camcorder, however, was not $35.62. In fact, upon information

3

and belief, the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price of the product.

11.     The Restocking Fee does not bear a reasonable relationship to the cost incurred by Circuit City as a result of a returned product being restocked, nor is it a reasonable estimate of that cost.  And because the Restocking Fee is unrelated to the actual cost of "restocking" the returned item, the amount charged to unsuspecting consumers is unreasonable and almost always excessive.

12.     Moreover, the Restocking Fee is nothing more than an undisclosed penalty imposed upon consumers, creating an additional undisclosed revenue source for Circuit City.

13.     Circuit City's collection of Restocking Fees constitutes a double recovery as Circuit City has already incorporated restocking costs, if any, into the basic sales price of each item sold.  The assessment of a Restocking Fee represents a deliberate profit-making scheme by Circuit City in violation of New York law.

## STATUS OF THE NEW YORK STATE COURT ACTION

14.     Following service of the summons and complaint in May 2007, Debtor removed the action to the United States District Court for the Southern District of New York.  Movant filed a motion to remand the action to New York State Supreme Court, Bronx County.

15.     In an Opinion and Order dated January 22, 2008, the Honorable Denny Chin granted Movant's motion to remand finding that there was no federal jurisdiction over the state law claims presented.

16.     Judge Chin ordered that the parties brief the issue of whether Movant's counsel was entitled to attorneys' fees for having to oppose Debtor's meritless removal to federal court.

In March 2008, the parties' settled their dispute over attorneys' fees, and the Debtor agreed to pay Movant's counsel $25,000 in attorneys' fees.

17. Following remand to state court, Movant filed a First Amended Class Action Complaint on April 29, 2008.

18. On May 20, 2008, Debtor moved to dismiss the First Amended Class Action Complaint. Debtor's motion to dismiss is fully briefed and oral argument was held on August 4, 2008.

19. Prior to the Court's issuance of a decision on Debtor's motion to dismiss, Debtor filed its petition pursuant to Chapter 11 of the Bankruptcy Code.

## **RELIEF FROM THE AUTOMATIC STAY IS WARRANTED**

20. By this Motion, Movant requests relief from the automatic stay to proceed with the New York State Court Action through trial and judgment. In order for Movant's and class members' claims to be liquidated, the pending lawsuit must be resolved.

21. Relief from the automatic stay is warranted under 11 U.S.C. § 362(d), which provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause . . . .

Id. Although the Bankruptcy Code does not define "cause" for purposes of Section 362(d), the United States Court of Appeals for the Fourth Circuit has held that "the court must balance the potential prejudice to the debtor's estate against the hardships that will be incurred by the person

seeking relief from the automatic stay if relief is denied." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992); see also In re Ewald, 298 B.R. 76, 80 (Bankr. E.D. Va. 2002).

22. The legislative history of Section 362 shows that cause may be established by a single factor, such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." In re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. Rep. No. 95-595, 95th Cong. 1st Sess., at 343-44 (1977)).

23. Courts in the Fourth Circuit consider the following factors in deciding to whether to grant relief from the automatic stay: "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." Robbins, 964 F.2d at 345; see also Ewald, 298 B.R. at 80-81 (applying the Robbins factors); In re Roberge, 188 B.R. 366, 371 (E.D. Va. 1995) (same). Each of the Robbins factors favors granting Movant's request for relief from the automatic stay.

24. First, the Complaint seeks relief based exclusively on New York state law claims. Indeed, the potential class consists solely of New York state consumers who were charged a Restocking Fee by the Debtor. The New York state court is best equipped to resolve questions concerning the application of state law to the issues presented. Because the expertise of the Bankruptcy Court is not implicated whatsoever in resolving the merits of the state court action,

6

the first <u>Robbins</u> factor augers in favor of lifting the automatic stay.

25. Second, modifying the stay will promote judicial economy and will not interfere with the Debtor's bankruptcy. At some point, the amount of Movant's claim must be liquidated. Allowing the New York state court, which is familiar with the claims, to resolve the state law issues will provide certainty to the amount of Movant's claim. In <u>Ewald</u>, the bankruptcy court found that "[t]he conclusion of the state court litigation will assist with the administration of debtor's bankruptcy case as the amount of any claim . . . against debtor will be certain." <u>Ewald</u>, 298 B.R. at 81. The <u>Ewald</u> court's reasoning applies with equal force here.

26. Third, if the stay is modified and Movant is successful at trial, the estate will be protected because Movant will seek enforcement of any judgment through the Bankruptcy Court. <u>See</u> <u>Ewald</u>, 298 B.R. at 81 ("The bankruptcy estate will be protected as [Movant] must seek enforcement of any judgment through this court."). Thus, the third <u>Robbins</u> factor is satisfied.

27. Because the <u>Robbins</u> factors to obtain relief from the automatic stay are met, Movant has satisfied the "cause" standard of Section 362(d). <u>See</u> <u>id</u>. The New York State Court Action must be resolved prior to the conclusion of Debtor's bankruptcy case and thus the Debtor cannot claim any prejudice by having the court best suited to address the issues preside over the matter.

## NOTICE

28. Pursuant to Local Bankruptcy Rule 9014-1(B), Movant requests that the Preliminary Hearing and Final Hearing on this matter be consolidated and heard on the scheduled Omnibus Hearing Date of April 14, 2009 at 10:00 a.m.

29. Pursuant to Local Bankruptcy Rule 4001(a)-1(F), notice of this Motion will be

7

served upon (a) counsel for the Debtor, (b) the United States Trustee, and (c) counsel for the Official Committee of Unsecured Creditors.

## NO PRIOR REQUEST

No previous application for the relief requested herein has been made by Movant to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

Movant respectfully requests that the Court treat this Motion as a written memorandum of points and authorities and waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as required by Local Bankruptcy Rule 9013-1(G). Movant reserves the right to file a brief in reply to any objection to this Motion.

WHEREFORE, for the foregoing reasons and for cause shown, Movant respectfully requests that the Court enter the proposed Order attached hereto as Exhibit B: (i) modifying the automatic stay of Section 362 of the Bankruptcy Code in such a manner as to allow the Movant to proceed to trial and judgment in the New York State Court Action; and (ii) granting such other relief as this Court deems just and proper.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

Dated: April 10, 2009				Respectfully submitted,

/s/ Troy Savenko
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA   23218-2470
Phone:		(804) 423-7921
Facsimile:	(804) 230-0024

- and -

Christine M. Ford (NY Bar No. 2897999)
Jeffrey I. Carton (NY Bar No. 2442622)
Jerome Noll (NY Bar No. 2655603)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY  10605
Phone:		(914) 517-5000
Facsimile:	(914) 517-5055

*Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2009, a copy of the foregoing Motion was filed and served via the Court's Electronic Case Filing System on all parties receiving such notice, including the following (also by separate e-mail): (a) counsel for the Debtor (circuitcityservice@mcguirewoods.com and project.circuitcity@skadden.com); (b) the United States Trustee (Robert.B.Van.Arsdale@usdoj.gov); and (c) counsel for the Official Committee of Unsecured Creditors (jpomerantz@pszjlaw.com, rfeinstein@pszjlaw.com, ltavenner@tb-lawfirm.com, and pberan@tb-lawfirm.com).

/s/ Troy Savenko
Counsel

9

# **EXHIBIT A – Filed Separately**

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| ADA ALICEA, ON BEHALF OF HERSELF | ) | |
| AND ALL OTHERS SIMILARLY SITUATED, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY**

The above-captioned movant, Ada Alicea, on behalf of herself and all others similarly situated ("Movant"), by counsel, came before this Court pursuant to her Motion for Relief from Automatic Stay (the "Motion for Relief") [Docket No. ___]. It appears to the Court that proper notice was given and that cause exists to lift the automatic stay under 11 U.S.C. § 362(d)(1). Accordingly, it is hereby ORDERED that:

1. The Motion for Relief is granted;

---

| | |
|---|---|
| Troy Savenko (Va. Bar No. 44516) | Christine M. Ford (NY Bar No. 2897999) |
| Leslie A. Skiba (Va. Bar No. 48783) | MEISELMAN, DENLEA, PACKMAN, |
| GREGORY KAPLAN, PLC | CARTON & EBERZ P.C. |
| 7 East Second Street (23224-4253) | 1311 Mamaroneck Avenue |
| Post Office Box 2470 | White Plains, NY 10605 |
| Richmond, Virginia 23218-2470 | Phone: (914) 517-5000 |
| Telephone: (804) 423-7921 | Facsimile: (914) 517-5055 |
| Facsimile: (804) 230-0024 | |

*Co-Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

2. The automatic stay is lifted to permit the case <u>Alicea v. Circuit City Stores, Inc.</u>, Index No. 15520/07, pending in the in the Supreme Court of the State of New York, Bronx County, to proceed to trial and judgment; and

3. The automatic stay is not lifted to permit any collection action on any order arising out of the litigation.

ENTERED:

                                        UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA   23218-2470
Phone:        (804) 423-7921
Facsimile:    (804) 230-0024

-and-

Christine M. Ford (NY Bar No. 2897999)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY  10605
Phone:        (914) 517-5000
Facsimile:    (914) 517-5055

*Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

2

## Rule 9022 Certification

    I hereby certify that the foregoing has either been endorsed by or served upon all necessary parties simultaneously with the filing of the Motion.

_____<br>Counsel

## SERVICE LIST

| | |
|---|---|
| Jeffrey N. Pomerantz<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., Suite 1100<br>Los Angeles, CA 90067<br>jpomerantz@pszjlaw.com<br>*Counsel to the Official*<br>*Committee of Unsecured Creditors* | Dion W. Hayes<br>McGuireWoods LLP<br>One James Center, 901 E. Cary St.<br>Richmond, VA 23219<br>circuitcityservice@mcguirewoods.com<br>*Counsel to Debtors* |
| Lynn L. Tavenner<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, VA 23219<br>ltavenner@tb-lawfirm.com<br>*Counsel to the Official*<br>*Committee of Unsecured Creditors* | Gregg M. Galardi<br>Skadden Arps Slate Meagher & Flom LLP<br>One Rodney Sq.<br>P.O. Box 636<br>Wilmington, DE 19899<br>project.circuitcity@skadden.com<br>*Counsel to Debtors* |
| Robert B. Van Arsdale<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia  23219<br>Robert.B.Van.Arsdale@usdoj.gov<br>*Assistant United States Trustee* | Christine M. Ford<br>Meiselman, Denlea, Packman, Carton & Eberz P.C.<br>Two International Place<br>Boston, Massachusetts 02110<br>*Counsel to Ada Alicea, on Behalf of*<br>*Herself and All Others Similarly Situated* |

3