**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
-----------------------------------------------------------------x
ADA ALICEA, on behalf of herself
and all others similarly situated,

Index No. 15220/07

Plaintiff,

**SUMMONS**

-against-

Plaintiff Designates
Bronx County as the
Place of Trial

CIRCUIT CITY STORES, INC.,

Defendant.

The Basis of Venue is
Plaintiff's Residence
-----------------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to serve upon plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:    White Plains, New York
          May 23, 2007

MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
Attorneys for Plaintiff

By: _____
    David J. Meiselman
    Jeffrey I. Carton
    Jerome Noll
    1311 Mamaroneck Avenue
    White Plains, New York 10605
    (914) 517-5000

TO:   Circuit City Stores, Inc.
      9950 Mayland Drive
      Richmond, Virginia 23233

00195109.WPD

David J. Meiselman
Jeffrey I. Carton
Jerome Noll
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
-------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,

                Plaintiff,

                -against-

CIRCUIT CITY STORES INC.,

                Defendant.
-------------------------------------------------------------------X

INDEX # 15220/07



CLASS ACTION COMPLAINT

Jury Trial Demanded

Plaintiff, Ada Alicea, by her attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for her complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

### Nature of this Case

1. This action seeks redress for a deceptive and otherwise improper business practice that Defendant Circuit City Stores, Inc. ("Circuit City") engages in with respect to its return policy and imposition of a "restocking fee" in the amount of 15% of the purchase price of certain returned items, resulting in Defendant's improper and unlawful monetary gain and benefit.

2. Plaintiff, and others similarly situated, upon returning an opened item

purchased at Circuit City have been charged a "restocking fee" in the amount of 15% of the purchase price ("Restocking Fee").

3.  Circuit City unilaterally imposes this so-called "Restocking Fee" on select returned merchandise, including: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDAs, mobile video, GPS and radar detectors.

4.  Simply put, a Restocking Fee in the amount of 15% is grossly disproportionate to the costs actually incurred by Circuit City when "restocking" returned items. And because the Restocking Fee is unrelated to the actual cost of "restocking" an item, it is unreasonable, excessive and a disguised penalty.

5.  Other major retailers, such as Walmart and Staples, do not charge a restocking fee, or any other fees, when customers return certain items. Their money back guarantee is just that: a refund of the full purchase price if a customer, for any reason, returns a product.

6.  This suit is brought, pursuant to the New York General Business Law § 349 and the common law of this State, on behalf of a class of all persons who have been charged a 15% Restocking Fee upon returning a product purchased at Circuit City. It seeks, <u>inter alia</u>, compensatory damages, including, but not limited to, a refund of the 15% fee charged to consumers; attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

7.  This Court has jurisdiction over this action pursuant to General Business Law § 349 and the common law of the State of New York. Defendant does actual

business throughout the State of New York, including through sale of its merchandise in Circuit City branded stores throughout the State and maintenance of an interactive website accessible to consumers in, and residents of, the State, through which merchandise can be purchased and returned.

8. Venue is proper in this County pursuant to CPLR § 503(a) because Plaintiff, Ada Alicea, is a resident of Bronx County, has purchased or returned Circuit City merchandise in Bronx County and because Defendant does business in Bronx County.

## Parties

9. Plaintiff Ada Alicea is a citizen and resident of the State of New York, County of Bronx. Ms. Alicea purchased and returned certain select products at Circuit City stores, and was charged a 15% Restocking Fee.

10. Defendant Circuit City Stores Inc. is a corporation established under the laws of the State of Virginia, with its principal place of business located at 9950 Mayland Drive, Richmond, Virginia 23233.

## Operative Facts

11. Circuit City owns and operates a chain of retail stores and on-line marketplace offering consumer electronics, home-office products, software and related services.

12. Upon purchase of any merchandise at a Circuit City store, a customer is presented with a sales receipt which states on its reverse Circuit City's return guarantee: "If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted

below." ("Return Policy").

13. The terms of Circuit City's Return Policy include a so-called "restocking fee" in the amount of 15% of the purchase price, imposed in the event certain enumerated items are returned: (1) "opened"; or (2) "in a non-factory sealed box." ("Restocking Fee").

14. The Restocking Fee applies only to the following products: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDAs, mobile video, GPS and radar detectors.

15. Stated otherwise, if an enumerated product is returned unopened and in a factory sealed box, the "restocking fee" does not apply.

<u>A Fee Of 15% To Restock An Item Is Unreasonable And Constitutes a Penalty</u>

16. The amount of the Restocking Fee -- 15% of the purchase price -- is not a reasonable estimate of the anticipated or actual cost incurred by Circuit City for "restocking" a return, and it is imposed without regard to the price of the item returned.

17. For example, Plaintiff purchased a JVC camcorder and a blank VCR tape on May 8, 2007. According to Circuit City, the camcorder is subject to a 15% "Restocking Fee" if it is returned opened or in a non-factory sealed box.

18. The next day, on May 9, 2007, Plaintiff returned the camcorder in an opened box. Circuit City charged Plaintiff a $35.62 Restocking Fee. (Exhibit A)

19. The actual cost to restock Plaintiff's camcorder, however, was not $35.62. In fact, upon information and belief, the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price of the product.

20. The Restocking Fee does not bear a reasonable relationship to the cost

4

incurred by Circuit City as a result of a returned product being restocked, nor is it a reasonable estimate of that cost. And because the Restocking Fee is unrelated to the actual cost of "restocking" the returned item, the amount charged to unsuspecting consumers is unreasonable and almost always excessive.

21.    Moreover, the Restocking Fee is nothing more than an undisclosed penalty imposed upon consumers, creating an additional undisclosed revenue source for Circuit City.

22.    Circuit City's collection of restocking fees constitutes a double recovery as Circuit City has already incorporated restocking costs, if any, into the basic sales price of each item sold.

23.    The assessment of a Restocking Fee represents a deliberate profit-making scheme by Circuit City. The concept and application of the Restocking Fee is designed to uniformly and systematically penalize a percentage of Circuit City's customer base returning certain products. In this manner, Circuit City guarantees that restocking fees will provide a consistent and substantial source of revenue.

24.    As referred to above, no adequate notice, consent or bargained-for approval has been granted by Plaintiff or other consumers who choose to return certain enumerated products and are charged a 15% Restocking Fee. Nor does Circuit City provide conspicuous disclosure of its unfair and deceptive scheme of charging a 15% Restocking Fee on certain products returned opened or in a non-factory sealed box.

Class Action Allegations

25.    Plaintiff brings this action on her own behalf and additionally, pursuant to CPLR Article 9, on behalf of a class (the "Class") of all persons who have been charged

a 15% restocking fee upon returning a product purchased at Circuit City during the period from May 23, 2001, to the present.

26. Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

27. This action is brought as a class action for the following reasons:

    a. The Class consists of tens of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

        i. whether Defendant's actions constitute violations of New York General Business Law § 349;

        ii. whether Defendant is being unjustly enriched by subjecting consumers to a 15% restocking fee;

        iii. whether members of the Class have sustained damages and, if so, the proper measure thereof; and

        iv. whether Defendant should be enjoined from the continued practices and policies with respect to the implementation of a 15% Restocking Fee;

        v. whether Defendant should be enjoined from charging a 15% fee on returns.

c.     The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.     Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

e.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

    i.     Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

    ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

    iii.     When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    iv.     A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

    v.     The lawsuit presents no difficulties that would impede its management by the Court as a class action.

f.     Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

g.    The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendant and of inconsistent or varying adjudications for all parties.

28.    Defendant's violations of General Business Law § 349 are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in deceptive and unconscionable conduct in the future.

## FIRST CAUSE OF ACTION
(Violation of N.Y. General Business Law § 349)

29.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

30.    Through its conduct described above, Defendant has engaged in deceptive acts and practices which resulted in injury to Plaintiff and the other members of the Class.

31.    By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349, and is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees.

## SECOND CAUSE OF ACTION
(Unjust Enrichment)

32.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 31 above as if fully set forth herein.

33.    By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the other members of the Class and is required, in equity and good conscience, to compensate Plaintiff and

the Class for damages suffered as a result of Defendant's actions.

34. By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for damages incurred as a result of Defendant's actions, the amount of such damages to be determined at trial.

### THIRD CAUSE OF ACTION
(Breach of Contract)

35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant materially breached its contract with Plaintiff and other members of the Class in that Defendant, among other things, charged on all returns of certain enumerated products an excessive and unreasonable fee in the amount of 15% of the purchase price.

37. As a consequence of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages incurred as a result of Defendant's actions, including, but not necessarily limited to, the portion of the purchase price of returned products which was impermissibly expropriated from them as a result of Defendant's arbitrary 15% Restocking Fee, the amount of such damages to be determined at trial.

### FOURTH CAUSE OF ACTION
(Injunctive Relief)

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 above as if fully set forth herein.

39. Given Defendant's wrongful actions as set forth above, which are ongoing and continuing to deceive and harm Plaintiff, members of the Class and the

general public, the Court should a) preliminarily and permanently enjoin Defendant from continuing its practice of charging a 15% Restocking Fee; and b) order Defendant to disgorge all profits earned in connection with the improper and impermissible expropriation of fees through the policy and practice of charging a 15% Restocking Fee.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees;

3. On Plaintiff's Second Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

4. On Plaintiff's Third Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial;

5. On Plaintiff's Fourth Cause of Action, a) declaring that Defendant's practice of charging a 15% Restocking Fee is misleading, deceptive and improper, b) preliminarily and permanently enjoining Defendant from continuing its deceptive practice and policies relating to the imposition of a 15% penalty on returns of certain items; c) ordering Defendant to disgorge all profits earned in connection with the

improper and impermissible expropriation of fees through its policy and practice of charging a 15% Restocking Fee; and d) ordering Defendant to take immediately all steps reasonably necessary to inform current customers of Defendant's return policy;

6.  Awarding Plaintiff interest, costs and attorneys' fees; and

7.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated:  May 23, 2007
         White Plains, New York

                              MEISELMAN, DENLEA, PACKMAN,
                              CARTON & EBERZ P.C.

By: _____
David J. Meiselman
Jeffrey I. Carton
Jerome Noll
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Attorneys for Plaintiff

00194786.WPD

11