Robert A. Dybing, Esq. (VSB # 32712)
THOMPSON MCMULLAN P.C.
100 Shockoe Slip
Richmond, Virginia 23219
(804) 649 7545

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Attorneys for International Business Machines Corporation*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| CIRCUIT CITY STORES, INC., et al. | : Case No. 08-35653 (KRH) |
|  | : |
| Debtor, | : Jointly Administered |
|  | : |

**OBJECTION TO DEBTORS' MOTION FOR ORDERS, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 332 AND 363 (I)(A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION, (B) AUTHORIZING SELLERS TO ENTER INTO A STALKING HORSE AGREEMENT IN CONNECTION THEREWITH, (C) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION THEREWITH, (D) APPROVING FORM AND MANNER OF SALE NOTICE AND (E) SETTING AUCTION AND SALE HEARING DATES; (II) AUTHORIZING U.S. TRUSTEE TO APPOINT CONSUMER PRIVACY OMBUDSMAN; (III) APPROVING SALE OF INTELLECTUAL PROPERTY, INTERNET-RELATED PROPERTY AND CUSTOMER INFORMATION FREE AND CLEAR OF ALL INTERESTS; AND (IV) GRANTING RELATED RELIEF**

International Business Machines Corporation ("IBM"), by and through its

undersigned attorneys, hereby submits this Objection in response to the Debtors' Motion

for Orders, Pursuant to Bankruptcy Code Sections 105, 332 and 363 (I)(A) Approving

767775_1

Procedures In Connection with Sale of Intellectual Property, Internet-Related Property and Customer Information, (B) Authorizing Sellers to Enter Into a Stalking Horse Agreement in Connection Therewith, (C) Approving Certain Bid Protections in Connection Therewith, (D) Approving Form and Manner of Sale Notice and (E) Setting Auction and Sale Hearing Dates; (II) Authorizing U.S. Trustee to Appoint Consumer Privacy Ombudsman; (III) Approving Sale of Intellectual Property, Internet-Related Property and Customer Information Free and Clear of All Interests; and (IV) Granting Related Relief, dated April 9, 2009 [ECF Docket No. 2977] (the "IP Motion"), and in support thereof, respectfully states as follows:

## BACKGROUND

1. IBM and Circuit City Stores, Inc. ("Circuit City") are parties to various contracts under which IBM provides Circuit City with different services for distinct aspects of the Debtors' business. In particular, Circuit City and IBM are parties to that certain International Passport Advantage Agreement (as amended, the "IPAA"). A copy of the IPAA is attached hereto as Exhibit A.

2. Pursuant to the IPAA, Circuit City purchased and IBM provided licenses to use certain IBM software (the "Licensed Software"). The licenses for the Licensed Software are governed by the terms of the International Program License Agreement (as amended, the "IPLA"). A copy of the IPLA is attached hereto as Exhibit B.

3. Circuit City relied on the Licensed Software in order to operate its businesses and would have been adversely affected without access to such software. In particular, Circuit City utilized the Licensed Software in connection with a number of key

operations including, among others, the Company's website, point-of-sale system, store level reporting system, sales tax calculation, and other retail functions.

### A. Circuit City's Overdeployment of Software

4. Prior to November 10, 2008, the Petition Date, IBM reported to Circuit City that Circuit City was exceeding the number of users authorized to use certain of the Licensed Software. In response, IBM and Circuit City commenced a joint audit of Circuit City's use of the Licensed Software with the assistance of Deloitte & Touche (the "Audit"). The Audit demonstrated that Circuit City exceeded the number of users authorized to use certain of the Licensed Software (the "Disputed Software") thereby violating the terms of the licenses. Based on the Audit, IBM calculated the complete cost to it of Circuit City's use of Disputed Software to be $46.2 million, of which $13.2 million represented back maintenance charges.

5. The Disputed Software is sold only by means of perpetual licenses, paid for on a per PVU unit, and the charge for each software license is the same irrespective of the length of time for which a customer uses the software. According to the Audit, Circuit City's use of Disputed Software exceeded the number of users authorized to use certain of the Licensed Software by 33,290 Processor Vendor Units ("PVU's"). The current price per PVU to which Circuit City would be entitled is $409.90, a figure which takes into account any discount to which Circuit City would be entitled by reason of its customer status. Accordingly, the cost for the use of the Disputed Software is $13,645,571, based on the overdeployment of the Disputed Software on 33,290 PVU's.

**B.     The Proposed Settlement between IBM and the Debtors**

6. Rather than continue with the audit or engage in litigation, Circuit City and IBM negotiated a consensual resolution concerning the Disputed Software. While IBM could have demanded that Circuit City pay in full for the additional licenses for Disputed Software and for the unpaid back maintenance, IBM, in recognition of the dire financial straits of Circuit City, agreed to multiple concessions. Ultimately IBM and Circuit City agreed to a settlement of IBM's claims for use of the Disputed Software pursuant to which Circuit City agreed to pay a total of $6,494,899.75 to IBM in order to continue its use of the Disputed Software.

7. The terms of the settlement were incorporated in a stipulation and the International Passport Advantage Agreement Special Terms Addendum (the "Addendum"), and on or about January 8, 2009, the settlement was submitted for approval to this Court by the Debtors' Motion for Order Approving Stipulation by and among the Debtors and International Business Machines Corporation Pursuant to Bankruptcy Code Section 105 and 363 and Bankruptcy Rule 9019, filed January 8, 2009 (ECF Docket No. 1419) (the "Settlement Approval Motion"). A copy of the Addendum is attached hereto as Exhibit C.

8. While still operating, the Debtors had acknowledged the essential nature of the Disputed Software: "It is important that the Debtors have continued authorization to use the Disputed Software, as that software is an integral component of the Debtors' automated retail operations. The Debtors utilized the Disputed Software to maintain their website, operate their point-of-sale system, report and track important store level data, and calculate sales tax." Settlement Approval Motion, ¶ 21.

767775_1

9. Since the filing of the Settlement Approval Motion, the Debtors have been compelled by circumstances to liquidate their remaining business, rather than reorganize or sell the business as a going concern, and therefore the agreement between IBM and Circuit City to cure Circuit's City wrongful use of the Disputed Software did not become effective. The Settlement Approval Motion has been adjourned several times, at the urging of Debtors' counsel, in the hope that the Debtors' website business might be the subject of a successful sale in which IBM's software licenses might be assumed and assigned and a cure payment made. In fact, the Settlement Approval Motion is currently scheduled for April 14, 2009, the same date as the hearing on the IP Motion.

## THE IP MOTION

10. By the IP Motion, the Debtors are seeking to sell "Intellectual Property and Internet Assets", consisting of certain of Circuit City's and Circuit City Stores of West Coast, Inc.'s (the "Sellers"):

> (i) trademarks and the associated good will, (ii) domain names, (iii) toll-free numbers, (iv) patents and registrations and applications therefor, (v) website content, and (vi) customer information, including the Circuit City Data and the Alpine Data, each as more fully described in the Agreement or Schedule 1.02(a) to the Agreement, through an asset sale.

IP Motion, ¶25(a).

11. While the Asset Purchase Agreement by and among Systemax, Inc. and the Sellers provides slightly more details as to the acquired assets (at Section 1.02(a)), it too refers to Schedule 1.02(a) for the specifics. Notably, Schedule 1.02(a) is not attached to either the IP Motion or the Asset Purchase Agreement.

12. Consequently, IBM is unable to ascertain from the description of the acquired assets whether its Licensed Software, including, but not limited to, the Disputed Software, is the subject of the IP Motion, and the IP Motion itself is silent as to the assumption and assignment of executory contracts related to the intellectual property and internet-related property to be acquired by the purchaser. Indeed, the Disputed Software which is the subject of the Settlement Approval Motion may also be the subject of the IP Motion.

13. Since the filing of the IP Motion, IBM, through its counsel, has attempted to contact Debtors' counsel on multiple occasions for clarification as to the assets which are the subject of the IP Motion, but to no avail. IBM has received no response to its numerous inquiries in this regard, forcing IBM, in an abundance of caution, to file this Objection. Given the fact that any potential purchaser of the Debtors' assets under the IP Motion may be subjecting itself to exposure to IBM for the unauthorized deployment of the latter's software if the sale is consummated, IBM respectfully submits this Objection in reservation of its rights, seeking the requested clarification and to advise this Court and potential purchasers of possible issues in connection with such sale.

Dated: April 13, 2009

THOMPSON MCMULLAN P.C.


By: ___/s/ Robert A. Dybing____

Robert A. Dybing (VSB No. 32712)
Robert R. Musick (VSB No. 48601)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
rdybing@t-mlaw.com
bmusick@t-mlaw.com
*Counsel for International Business Machines, Inc.*

and

SATTERLEE STEPHENS BURKE
& BURKE LLP
Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200
*Attorneys for International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2009, I caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent to all parties on the Court's Electronic Mail Notice List by operation of the Court's CM/ECF system. In addition, copies were served via first class mail, postage prepaid, to the persons required to be served pursuant to the Procedures Order in this case.

Reginald D. Hedgebeth
Daniel W. Ramsey
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

7

Gregg M. Galardi, Esquire
Ian S. Fredericks, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
*Counsel to Debtors*

Timothy G. Pohl, Esquire
Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive, Suite 2000
Chicago, IL 60606
*Counsel to Debtors*

Dion W. Hayes, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
One James Center
901 East Cary Street
Richmond, VA 23219
*Counsel to Debtors*

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219-1888
*Assistant United States Trustee*

        INTERNATIONAL BUSINESS
        MACHINES, INC.

        By: ___/s/ Robert A. Dybing____

Robert A. Dybing (VSB No. 32712)
Robert R. Musick (VSB No. 48601)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone:  (804) 649-7545
Facsimile:   (804) 780-1813
rdybing@t-mlaw.com
bmusick@t-mlaw.com
*Counsel for International Business Machines, Inc.*

8

767775_1