and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order") and (ii) the Sellers publish a form substantially similar to Sale Notice in the Wall Street Journal (International Edition), USA Today (National Edition) and the Richmond Times Dispatch within five (5) business days of entry of this Bidding Procedures Order or as soon as practicable thereafter.

  10. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale of the Intellectual Property and Internet Assets shall file a formal objection that complies with this Order on or before [_____], 2009 at 4:00 p.m. (Eastern).  Each objection shall state the legal and factual basis of such objection and may be orally supplemented at the Hearing.

  11. Any and all written objections as contemplated by this Order must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of Virginia, and the Case Management Order, (c) be filed with Bankruptcy Court and (d) served in accordance with the Case

Management Order so as to be **received** on or before the appropriate deadline as set forth above.

12.  In the event there is a conflict between this Order and the Motion or the Agreement, this Order shall control and govern.

13.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

14.  Nothing in this Order, the Agreement or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

15.  This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: Richmond, Virginia
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square

11

PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

/s/ Douglas M. Foley  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley  
Douglas M. Foley

12

KL2 2599397.1

<u>EXHIBIT A</u>

BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale") of the interests held by Circuit City Stores West Coast, Inc. and Circuit City Stores, Inc. (collectively, the "Sellers" and together with its affiliated chapter 11 debtors and debtors in possession, the "Debtors") in certain trademarks, service marks, Internet domain names, toll-free telephone numbers, website content, computer hardware and software and customer information (collectively, the "Intellectual Property and Internet Assets").

On April 5, 2009, the Sellers executed that certain Asset Purchase Agreement (together with any amendments thereto, the "Agreement") with Systemax Inc. (the "Purchaser"). The transactions contemplated by the Agreement are subject to competitive bidding as set forth herein and approval by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and certain other closing conditions. The terms of the Agreement shall constitute the stalking horse bid (the "Stalking Horse Bid").

**ASSETS TO BE SOLD**

The assets proposed to be sold are the Intellectual Property and Internet Assets, as more fully described in the Agreement and on Schedule 1.02 to the Agreement.

**QUALIFIED BIDS**

The Sellers will consider proposals for the Intellectual Property and Internet Assets.

Only "Qualified Bidders," <u>i.e.</u>, persons or entities submitting "Qualified Bids", may participate in the Auction (as defined herein). To be considered a "Qualified Bid" for purposes of the Auction, the person or entity submitting the bid must submit an offer, including a proposed purchase agreement, by the Bid Deadline (as defined herein) that includes:

1

  (a) a redline of the proposed purchase agreement marked against the Agreement;

  (b) the purchase price, which price must have a value equivalent to that of the Stalking Horse Bid, plus at least $350,000 (the "Initial Minimum Overbid"). In the event the Initial Minimum Overbid is comprised of cash and other consideration, the bidder must submit information concerning its valuation of the Initial Minimum Overbid; <u>provided</u>, <u>however</u>, that the Debtors (in consultation with their advisors) will evaluate such valuation and determine, in their business judgment, whether such bid is the equivalent of at least the Initial Minimum Overbid; <u>provided</u>, <u>further</u>, that prior to or during the Auction, in the event the Debtors determine that such bid is not so equivalent, the Debtors will give the bidder guidance and an opportunity to enhance its bid to meet the Initial Minimum Overbid requirement;

  (c) the identity of the potential bidder and the officer(s) or authorized agent(s) who will appear on behalf of such bidder;

  (d) that the bid shall not be conditioned on the outcome of unperformed due diligence by the bidder or any financing contingency;

  (e) a good faith deposit equal to 10% of the cash component of the purchase price;

  (f) that the bidder's offer is irrevocable until the later of (i) two (2) business days after the Intellectual Property and Internet Assets have been disposed of pursuant to the Bidding Procedures or (ii) thirty (30) days after the Sale Hearing (as defined herein); and

  (g) a signed copy of the Circuit City Trade-mark License Agreement, in the form attached hereto as <u>Exhibit 1</u>, to be held in escrow by Circuit City pending and to be unconditionally released upon closing of the transactions under that certain Asset Purchase Agreement, dated February 23, 2009, among Bell Canada, 4458729 Canada, Inc., InterTAN Canada, Ltd., Circuit City Stores West Coast, Inc. and Ventoux International, LLC.

  Any person or entity that submits a bid is deemed to have consented to serving as the Alternate Bidder (as defined below) and having its bid considered the Alternate Bid, provided that such bid is determined by the Sellers to be the second highest or otherwise best bid.

## BID DEADLINE

Any person or entity wanting to participate in the Auction must submit a Qualified Bid on or before [_____], 2009 at **5:00 p.m. (Eastern)** (the "Bid Deadline") in writing, to:

(1) Circuit City Stores, Inc., 9954 Mayland Dr., Richmond, Virginia 23233, Attn: Michelle Mosier, (Michelle_Mosier@Circuitcity.com);

(2) Counsel to the Sellers, Gregg M. Galardi and Ian S. Fredericks, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19801, (gregg.galardi@skadden.com and ian.fredericks@skadden.com);

(3) Financial advisor to the Sellers, Nicholas Barnes, Rothschild, Inc., 1251 Avenue of the Americas, 51st Floor, New York, NY 10020, (nicholas.barnes@us.rothschild.com)

(4) Counsel to the Creditors' Committee, Jeff Pomerantz, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, (jpomerantz@pszjlaw.com); and

(5) Counsel to the DIP Agent, David S. Berman, Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, (dberman@riemerlaw.com).

The Sellers shall announce the terms of the highest or otherwise best Qualified Bid, after consultation with representatives of the DIP Agent and Creditors' Committee, at or before the commencement of the Auction.

## THE AUCTION

In the event that the Sellers receive any Qualified Bids, an auction with respect to the Sale (the "Auction") will be conducted at the offices of Skadden, Arps, Slate, Meagher & Flom, LLP, 4 Times Square, New York, New York 10036], tentatively commencing at **10:00 a.m. (Eastern) on [_____], 2009** or such later time or other place as the Sellers notify all Qualified Bidders who have submitted Qualified Bids.

## AUCTION PROCEDURES

Only a Qualified Bidder who has submitted a Qualified Bid shall be eligible to participate at the Auction. Bidding shall commence with the highest or otherwise best Qualified Bid.

The Purchaser and any Qualified Bidder (or its representative) wishing to participate in the Auction must appear in person or by phone (as may be allowed by Sellers in

3

their sole discretion) and submit its highest or otherwise best bid at the Auction (such bids submitted at the Auction, the "Auction Bids").

Each Auction Bid must exceed the previous Auction Bid by a minimum value of $25,000 (the "Subsequent Minimum Overbid"); provided, however, that the Sellers reserve the right in their sole discretion, after consultation with counsel to the DIP Agent and the Creditors' Committee, to adjust the Subsequent Minimum Overbid as necessary in the best interests of their estates.

Bidding at the Auction will continue until such time as the Purchaser and each Qualified Bidder has submitted its highest or otherwise best bid, at which point the Auction shall close. The Sellers reserve the right to re-open the Auction in the event doing so would be in the best interests of the Sellers, their creditors, and their estates.

The Sellers may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures or applicable law.

### NO COMBINATION BIDDING

Bidders may not form joint ventures or partnerships to submit bids with respect to the Sale, without the prior written consent of the Sellers (after consultation with representatives of the Creditors' Committee and the DIP Agent). Without limiting the generality of the foregoing, separate bidders may not combine their bids without the prior written approval of the Sellers (after consultation with representatives of the Creditors' Committee and the DIP Agent).

### SELECTION OF THE SUCCESSFUL BID

Upon conclusion of the Auction, the Sellers, in consultation with representatives of the DIP Agent and the Creditors' Committee, shall (i) review each Auction Bid on the basis of financial and contractual terms and the factors relevant to the Sale and (ii) identify the highest or otherwise best offer, in terms of net value to the Sellers' estates (the "Successful Bid" and the bidder making such bid, the "Successful Bidder").

4

The selection of a Successful Bidder shall be within the reasonable business judgment of the Sellers (after consultation with representatives of the Creditors' Committee and the DIP Agent) and subject to the approval of the Bankruptcy Court, and economic considerations shall not necessarily be the sole criteria upon which the Sellers may base their decision. In assessing whether a proposal constitutes a higher or otherwise better offer, the Sellers shall be entitled to consider, among other things, the net economic effect upon the Sellers' estates.

The Sellers will sell the Intellectual Property and Internet Assets to the Successful Bidder according to the terms of the Successful Bid upon the approval of such bid by the Bankruptcy Court after the Sale Hearing.

The Sellers' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Sellers' acceptance of the bid. The Sellers will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

**THE SALE HEARING**

A hearing (the "Sale Hearing") will be held before the Honorable Kevin R. Huennekens on [_____], 2009, at 10:00 a.m. **(Eastern)** in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, but may be adjourned or rescheduled in the Sellers' sole discretion, subject to Bankruptcy Court approval, as necessary, without further notice other than an announcement of the adjourned date at the Sale Hearing.

If the Sellers do not receive any Qualified Bids (other than the Qualified Bid of the Purchaser), the Sellers may cancel the Auction and will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a Sale to the Purchaser following entry of an order approving such Sale (the "Sale Approval Order"). If the Sellers do receive additional Qualified Bids, then, at the Sale Hearing, the Sellers will seek approval of the Successful Bid, as well as, in the Sellers' sole discretion, the second highest or otherwise best Qualified Bid (the "Alternate Bid," and the bidder making such bid, the "Alternate Bidder").

5

Following approval of the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale because of: (i) the failure of a condition precedent beyond the control of either the Sellers or the Successful Bidder or (ii) a breach or failure to perform on the part of such Successful Bidder, then the Alternate Bid will be deemed to be the Successful Bid and the Sellers will be permitted to effectuate a sale to the Alternate Bidder subject to the terms of the Alternate Bid without further order of the Bankruptcy Court.

### RETURN OF GOOD FAITH DEPOSIT

As noted above, all Bidders will be required to submit good faith deposits (the "Good Faith Deposits") with the Sellers on or before the Bid Deadline. Such Good Faith Deposits shall be equal to 10% of the cash component of the purchase price. Good Faith Deposits of all Qualified Bidders shall be held in a separate account until a proposal is no longer irrevocable as provided herein, at which time they will be returned to the Qualified Bidder (the "Return Date"). Notwithstanding the foregoing, the Good Faith Deposit submitted by the Successful Bidder, together with interest thereon, if any, will be applied against the payment of the Purchase Price upon Closing of the Sale to the Successful Bidder. If a Successful Bidder fails to consummate an approved Sale, the Sellers will not have any obligation to return such Good Faith Deposit and such deposit will irrevocably become property of the Sellers. Subject to the preceding sentence, on the Return Date, the Sellers will return the Good Faith Deposits of all other Qualified Bidders, together with the accrued interest thereon, if any.

### RESERVATION OF RIGHTS

The Sellers reserve the right (after consultation with representatives of the Creditors' Committee and the DIP Agent) to (i) determine at their reasonable discretion which offer is the highest or otherwise best offer, (ii) reject at any time prior to entry of a Court order approving an offer, without liability, any offer that the Sellers, in their sole discretion, deem to be (x) inadequate or insufficient, (y) not in conformity with the requirements of these Bidding Procedures or applicable law, or (z) contrary to the best interests of the Sellers and their estates, (iii) waive any of the requirements of the Bidding Procedures with respect to a potential or Qualified Bidder if the Sellers determine in their business judgment it is in the best interests of their estates and creditors; (iv)

6

extend the Bid Deadline before or after such deadline has expired; (vi) change the date of any Auction and (viii) seek Court authority to adjourn the Sale Hearing.

At or before the Auction and the Sale Hearing, the Sellers, after consultation with representatives of the Creditors' Committee and the DIP Agent, may impose such other terms and conditions on Qualified Bidders as the Sellers may determine to be in the best interests of the Sellers, their estates, their creditors, and other parties in interest.

7

## EXHIBIT B

(Agreement)

KL2 2599397.1

EXHIBIT C

(Sale Notice)

KL2 2599397.1

**EXHIBIT C**

Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and -

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - - x

**ORDER (I) APPROVING SALE OF INTELLECTUAL PROPERTY AND INTERNET-RELATED PROPERTY, SOFTWARE, HARDWARE AND CUSTOMER INFORMATION FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Circuit City Stores West Coast, Inc., and Circuit City Stores, Inc.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

KL2 2599402.1

(the "Sellers" and, collectively with the debtors and debtors in possession in the above-captioned jointly administered cases, the "Debtors"), for entry of orders under Bankruptcy Code sections 105, 332 and 363 and Bankruptcy Rules 2002, 4001, and 6004, (I)(A) approving procedures in connection with soliciting bids for a sale (the "Sale") of the Sellers' intellectual property and internet-related property, software, hardware, and customer information (collectively the "Intellectual Property and Internet Assets"), (B) authorizing the Sellers to enter into a stalking horse agreement in connection with the Sale of the Intellectual Property and Internet Assets, (C) approving certain Bid Protections in connection therewith, (D) ordering the appointment of a consumer privacy ombudsman (the "CPO"), (E) approving the form and manner of sale notice (the "Notice Procedures") and (F) scheduling Auction and Sale Hearing dates (each as defined below); (II) approving the Sale of the Intellectual Property and Internet Assets free and clear of all interests and (III) granting related relief; and the Court having conducted a hearing on the Motion on [_____], 2009 (the "Sale Hearing"); and all parties in

2