interest having been heard, or having had the opportunity to be heard, regarding the agreement attached hereto as <u>Exhibit A</u> (the "Agreement"), by and among the Sellers and Systemax Inc. (the "Purchaser") and the transactions contemplated thereby (the "Transactions"); and the Court having reviewed and considered the Motion, and the arguments of counsel made, and the evidence adduced, at the Sale Hearing; and upon the record of the Sale Hearing and these chapter 11 cases, and after due deliberation thereon, and good cause appearing therefore it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

C. The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 332 and 363 and Bankruptcy Rules 2002, 4001 and 6004.

D. Notice of the Motion and entry of the Sale Order has been provided to (A)(i) all entities known to have expressed an interest in a transaction with respect to the Intellectual Property and Internet Assets during the past three (3) months, (ii) all entities known to have asserted any Lien upon the Intellectual Property and Internet Assets, (iii) all federal, state, and local regulatory or taxing authorities or recording offices, which have a reasonably known interest in the relief requested by the Motion and (iv) all parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order") and (B) other parties through publication of the Sale Notice, all in accordance with and as provided by the Bidding Procedures Order.

4

E.  Based upon the affidavits of service and publication filed with the Court: (a) notice of the Motion and the Sale Hearing was adequate and sufficient under the circumstances of these chapter 11 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules and the Bidding Procedures Order; and (b) a reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested persons and entities.

F.  The Intellectual Property and Internet Assets are property of the Sellers' estates and title thereto is vested in the Sellers' estates.

G.  The Sellers and their professionals marketed the Intellectual Property and Internet Assets and conducted the marketing and sale process as set forth in and in accordance with the Motion. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Intellectual Property and Internet Assets.

H. After an auction held on [_____], 2009 (the "Auction"), the Sellers determined that the highest and best Qualified Bid was that of Purchaser and the next highest and best Qualified Bid (the "Alternate Bid") was that of [_____] (the "Alternate Bidder").[2] The Alternate Bidder has agreed to keep the Alternate Bid open until consummation of the Transactions contemplated by the Agreement with the Purchaser.

I. Subject to the entry of this Order, each Seller (i) has full power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Intellectual Property and Internet Assets by the Sellers has been duly and validly authorized by all necessary company action of each of the Sellers, (ii) has all of the power and authority necessary to consummate the Transactions contemplated by the Agreement, (iii) has taken all company action necessary to authorize and approve the Agreement and the consumma-

---

[2]  In the event the Sellers do not consummate the Transactions with the Purchaser contemplated by the Agreement, all references (other than references in this footnote) to the Purchaser shall be a reference to the Alternate Bidder and all references to the Agreement shall be a reference to the Alternate Bid. No further court order shall be required for the Sellers to close the transactions contemplated by the Alternate Bid with the Alternate Bidder.

6

tion by the Sellers of the Transactions. No consents or approvals, other than those expressly provided for in the Agreement or this Order, are required for the Sellers to close the Sale and consummate the Transactions.

J.   The Agreement and the Transactions were negotiated and have been and are undertaken by the Sellers and the Purchaser at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code. As a result of the foregoing, the Sellers and the Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code.

K.   The total consideration provided by the Purchaser for the Intellectual Property and Internet Assets is the highest and best offer received by the Sellers, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of

7

Columbia ((a), (b) and (c) collectively, "Value"), for the Intellectual Property and Internet Assets.

L. The Purchaser would not have entered into the Agreement and would not consummate the Transactions, thus adversely affecting the Sellers, their estates and creditors, if the sale of the Intellectual Property and Internet Assets to the Purchaser was not free and clear of all Interests (as defined herein), or if the Purchaser would, or in the future could, be liable for any of such Interest. A sale of the Intellectual Property and Internet Assets other than one free and clear of all Interests would adversely impact the Sellers' estates, and would yield substantially less value for the Debtors' estates, with less certainty than the Sale. Therefore, the Sale contemplated by the Agreement is in the best interests of the Sellers, their estates and creditors, and all other parties in interest.

M. The Sellers may sell the Intellectual Property and Internet Assets free and clear of all Interests, because, with respect to each creditor asserting a Interest, one or more of the standards set forth in Bankruptcy Code § 363(f)(1)-(5) has been satisfied.

8

Those holders of Interest who did not object or who withdrew their objections to the Sale or the Motion are deemed to have consented to the Motion and Sale pursuant to Bankruptcy Code § 363(f)(2). Those holders of Interests who did object fall within one or more of the other subsections of Bankruptcy Code Section 363(f).

   N. Neither the Sellers nor Purchaser engaged in any conduct that would cause or permit the Agreement or the consummation of the Transactions to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

   O. The Purchaser is not holding itself out to the public as a continuation of the Sellers and is not an "insider" or "affiliate" of any of the Debtors.

   P. Entry into the Agreement and consummation of the Transactions constitute the exercise by the Sellers of sound business judgment and such acts are in the best interests of the Sellers, their estates and creditors, and all parties in interest. The Court finds that the Sellers have articulated good and sufficient business reasons justifying the Sale of the Intellectual Property and Internet Assets to Purchaser. Such busi-

9

ness reasons include, but are not limited to, the following: (i) the Agreement constitutes the highest and best offer for the Intellectual Property and Internet Assets; (ii) the Agreement and the closing thereon will present the best opportunity to realize the value of the Intellectual Property and Internet Assets and avoid decline and devaluation of the Intellectual Property and Internet Assets; (iii) there is substantial risk of deterioration of the value of the Intellectual Property and Internet Assets if the Sale is not consummated promptly; and (iv) the Agreement and the closing thereon will provide a greater recovery for the Sellers' creditors than would be provided by any other presently available alternative.

Q. Upon due consideration, and upon review of the report of the CPO filed on ____, 2009 (as may have been modified, the "CPO Report"), the facts, circumstances and conditions of the sale of the Circuit City Data (as defined in the Agreement), including any personally identifiable information ("PII") incorporated therein, warrant approval of the Sale under Bankruptcy Code section 363(b)(1)(B).

KL2 2599402.1

R. The Alpine Data (as defined in the Agreement), including any PII, is not subject to a privacy policy. Thus, relief under Bankruptcy Code section 363(b)(1) is warranted without the need for the Debtors or any other party to comply with Bankruptcy Code section 363(b)(1)(A) or (B).

S. Time is of the essence in consummating the Sale. In order to maximize the value of the Sellers' assets, it is essential that the sale of the Intellectual Property and Internet Assets occur within the time constraints set forth in the Agreement. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004.

T. The Sale contemplated by the Agreement is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED.

2. Pursuant to Bankruptcy Code sections 105 and 363, the Agreement attached hereto as Exhibit A and

the Sale of the Intellectual Property and Internet Assets to Purchaser are hereby approved and authorized in all respects.

    3.    Pursuant to Bankruptcy Code sections 363(b) and 363(f), upon the consummation of Transactions contemplated by the Agreement, the Sellers' right, title, and interest in the Intellectual Property and Internet Assets shall be transferred to the Purchaser free and clear of all interests, including (without limitation) all liens, mortgages, security interests, charges, easements, leases, subleases, covenants, rights of way, options, claims, restrictions or encumbrances of any kind, except the Assumed Liens (as defined in the Agreement), (the "Liens") and all debts, adverse claims, liabilities, commitments, responsibilities and obligations of any kind or nature whatsoever, direct, indirect, absolute or contingent, matured or unmatured, whether accrued, vested or otherwise, whether known or unknown, foreseen or unforeseen, and whether or not actually reflected, or required to be reflected, in a party's balance sheets or other books and records (the "Liabilities" and together with the Liens, the "Inter-

KL2 2599402.1

ests"), with all such Interests to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they had as against the Intellectual Property and Internet Assets immediately before such transfer, subject to any claims and defenses the Sellers may possess with respect thereto.

    4. Except as may be expressly provided in the Agreement, Purchaser is not assuming nor shall it or any affiliate of Purchaser be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Sellers in any way whatsoever relating to or arising from the Sellers' ownership or use of the Intellectual Property and Internet Assets prior to the consummation of the Transaction contemplated by the Agreement, or any liabilities calculable by reference to the Sellers or the Intellectual Property and Internet Assets, or relating to continuing or other conditions existing on or prior to the Closing.

    5. The Transactions were undertaken by the Purchaser in good faith and the Purchaser is a good faith purchaser of the Intellectual Property and Inter-

13

KL2 2599402.1

net Assets as that term is used in Bankruptcy Code section 363(m). The Purchaser is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

6. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Sellers and the Purchaser are each hereby authorized to take any and all actions necessary or appropriate to: (i) consummate the Sale of the Intellectual Property and Internet Assets to Purchaser and the Closing of the Sale in accordance with the Motion, the Agreement and this Order; and (ii) perform, consummate, implement and close fully the Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement.

7. Pursuant to Bankruptcy Code section 363(b)(1)(B), with respect to the transfer of the Circuit City Data and any associated PII, the Purchaser shall (i) adopt and comply with the privacy policy attached as Schedule G to the Agreement (the "Privacy Policy") with respect to the Circuit City Data; (ii) use PII for the same purpose(s) as are specified in the Pri-

14

vacy Policy; (iii) prior to making any material change to the Privacy Policy with respect to the Circuit City Data or the use or disclosure of PII different from that specified in the Privacy Policy, notify the persons whose PII is included in the Circuit City Data by mail or email and afford such persons the opportunity to opt-out of the changes to the Privacy Policy or the new uses of their Data; (iv) employ appropriate information security controls and procedures (technical, operational, and managerial) to protect the Circuit City Data; and (v) abide by all applicable US laws and regulations.

8.     This Order is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report

or insure any title or state of title in or to the Intellectual Property and Internet Assets conveyed to Purchaser. All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Interests against the Intellectual Property and Internet Assets from their records, official and otherwise.

9. Each and every federal, state and governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

10. This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

11. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any right, license, trademark or other permission relating to the use of the Intellectual Property and Internet Assets sold, transferred or conveyed to

Purchaser on account of the filing or pendency of these Chapter 11 cases or the consummation of the Sale.

12. The Agreement and any related agreements, documents or instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court.

13. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern. To the extent there is any inconsistency between the terms of this Order and the terms of the Agreement (including all ancillary documents executed in connection therewith), the terms of the Agreement and such documents shall govern.

14. The Court retains jurisdiction, even after the closing of these chapter 11 cases, to: (1) interpret, implement and enforce the terms and provisions of this Order (including the injunctive relief provided in this Order) and the terms of the Agreement, all amendments thereto and any waivers and consents thereunder; (2) protect the Purchaser, or the Intellectual Property and Internet Assets, from and against any