## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 08-35653** |
| **Circuit City Stores, Inc., et al.,** | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### STIPULATED AND AGREED PROTECTIVE ORDER CONCERNING PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND/OR OTHER PROPRIETARY INFORMATION

Pursuant to the Court's Order on March 11, 2009, granting Creditor's, Schimenti Construction Company, LLC ("Schimenti Construction"), Motion for Rule 2004 Examination served upon Creditor, North Plainfield VF, LLC ("North Plainfield"), the parties hereby stipulate to the entry of this Stipulated Protective Order (the "Protective Order"):

1.      This Protective Order shall apply to all documents produced by North Plainfield in response to the Court's Order regarding Creditor's, Schimenti Construction, Motion for Rule 2004 Examination.   This Protective Order shall also govern the use, handling, and disclosure of all documents, testimony, and/or information produced or given in this action which are designated to be subject to this Protective Order.

2.      For the purposes of this Protective Order, "Confidential Information" or the designation "Confidential" constitutes documents or portions of documents designated by North Plainfield which constitute a trade secret as defined in Paragraph three below, or which is otherwise confidential, proprietary, sensitive, unavailable to the public, unavailable from other sources and reasonably likely to lead to injury to North Plainfield if it is subject to being disclosed.

3.      "Trade Secret" means and includes anything tangible or intangible or electronically kept or stored, which constitutes, represents, evidences or records scientific, technical, testing, merchandising, production, financial, or management information, or a design, process, procedure, formula, invention or improvement, which the person owning it has endeavored to keep secret and which gives the person owning it an opportunity to obtain an advantage over competitors who do not know or use it.

4.      Documents, including, but not limited to, deposition transcripts, deemed by North Plainfield to be "Confidential" under Paragraph 2 and otherwise under this Protective Order, shall be stamped with "Designated Confidential by North Plainfield." Additionally, documents, testimony, and/or information shall be so designated orally, as applicable, at any deposition, hearing, and/or trial and shall be segregated from other information being submitted.  A party wishing to designate portions of a deposition transcript "Confidential" pursuant to this Protective Order must within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript from the court reporter for the regular turnaround period.  The designating party then designates those transcript portions "Confidential" in accordance with this Protective Order.  The designating party shall designate "Confidential" either on the record or by serving all counsel of record via facsimile or email, with a notice setting forth the pages, line numbers, and particular designation(s).   The designating party must serve such notice within seven (7) calendar days after its counsel receives a copy of the transcript.  All transcripts will be treated as "Confidential" until the expiration of the seven (7)-calendar day period described in this Paragraph.  Any portions of a transcript designated as "Confidential" shall thereafter be treated as "Confidential" in accordance with this

Protective Order.  The parties shall negotiate in good faith to alter the time frames set forth

in this Protective Order in situations where a more expedited filing of a designated portion

of the transcript is required.

5.      If any other party disagrees with a designation of confidentiality, it shall

notify counsel for North Plainfield in writing via facsimile, email or otherwise. Counsel for

the parties shall confer in good faith to resolve any dispute regarding the designation of any

material as confidential.  The parties shall continue to maintain the "Confidential" status,

however, during the pendency of any such dispute, until the issue is resolved by Court

disposition or otherwise.   If the parties are unable to resolve the dispute, North Plainfield

may file a motion for *in camera* inspection with the Court within ten (10) calendar days of

receiving such notice of an objection to the "Confidential" designation.  The designating

party shall have the right to move the Court to retain the designated status of the materials

as "Confidential" at such time.   Prior to and until any Court ruling, the parties shall retain

the materials as "Confidential".   If no such motion is served within ten (10) calendar days,

the discovery information shall be deemed not protected.

6.      Except with the prior written consent of North Plainfield, no discovery

material designated as "Confidential Information" or "Confidential" may be disclosed to

any person except:

(a) Counsel of record for each of the undersigned parties, including their paralegals,

secretaries, and employees.

(b) The undersigned parties and the officers, directors, and employees of such

parties who are necessarily involved in the preparation of this action or any other action by

and between the parties and/or in connection with their depositions in this action or any

other action by and between the parties. .

(c) Judicial officers and necessary  stenographers, clerical, and Court personnel

(including stenographic reporters).

(d) In response to a Subpoena or Order of any Court.

(e) Any expert witness retained by any party and their staff employed for this

litigation or any other litigation by and between the parties.

7.      All "Confidential" materials and all information derived therefrom,

including, but not limited to, all testimony, deposition, and/or otherwise, that refers,

reflects, or otherwise discusses any such materials, shall not be used, directly or indirectly,

by any person for any business, commercial, and/or competitive purposes and/or for any

purposes whatsoever other than solely for the preparation and trial of this action or any

other action by and between the parties.

8.      If another Court or an administrative agency subpoenas or orders production

of stamped "Confidential" documents or information subject to the terms of this Protective

Order, such party shall promptly notify North Plainfield of the pendency of such subpoena

or order.

9.      Subject to Paragraphs 5 and 6 and the terms of this Protective Order,

"Confidential" materials shall not be disclosed to any person designated in this Protective

Order, with the exception of legal counsel for Schimenti Construction and the principals of

Schimenti Construction, unless he or she has executed a written and dated declaration

acknowledging that he or she has read this Protective Order, agreed to be bound by the

terms of it, agreed not to reveal such "Confidential" materials to anyone, and agreed to

utilize such "Confidential" materials solely for the purposes of this litigation, the 2004

examination of North Plainfield as ordered by the Court and any other litigation by and

between the parties.   All persons to whom "Confidential" materials are disclosed are

hereby enjoined from disclosing same to any other person except as provided in this

Protective Order, and are also enjoined from using same except in the preparation for and

trial of this case between the named parties hereto, in the conducting of the 2004 exam of

North Plainfield's designee and in any other litigation by and between the parties.  No

person receiving or reviewing "Confidential" materials shall disseminate or disclose them

to any person other than those described in this Protective Order and for the purposes

specified, and in no event, shall such person make any other use of such "Confidential"

materials.

       10.    Subject to Paragraphs 5 and 6 and the terms of this Protective Order, any

party seeking to file "Confidential" materials with the Court must contact the designating

party five (5) business days prior to any such filing to: (i) provide the designating party

with notice that it seeks to file "Confidential" materials with the Court; and (ii) meet and

confer in good faith to determine whether a redacted version of the "Confidential"

materials can be filed with the Court.  In the event no agreement is reached for the filing of

a redacted version, the party seeking to file such "Confidential" materials shall file such

materials in accordance with the Court's *Local Bankruptcy Rules*, *Federal Rules of

Bankruptcy Procedure*, and *Federal Rules of Civil Procedure*, and/or any other applicable

legal provisions.  The designating party shall file a motion to seal, in accordance with

*Local Bankruptcy Rules*, *Federal Rules of Bankruptcy Procedure*, and *Federal Rules of

Civil Procedure*, and/or any other applicable legal provisions simultaneously with the other

party's filing.  The parties shall work together in good faith to coordinate the filing of all

motions and material covered by this Protective Order to permit compliance with the *Local*

*Bankruptcy Rules*, *Federal Rules of Civil Procedure*, and *Federal Rules of Bankruptcy*

*Procedure*, and/or other applicable legal provisions.

11.     This Protective Order shall remain binding after the conclusion of this case

unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all

parties bound hereby for the purposes of enforcing this Protective Order.  Each individual

signing the written acknowledgment and declaration as otherwise described herein in

Paragraph 9, agrees to be subject to the jurisdiction of this Court for the purposes of this

Protective Order.

12.     This Protective Order does not prevent any party from seeking to seal trial

transcripts and/or trial exhibits, including documents previously filed under seal, or from

seeking any other similar type of relief.

13.     By executing this Protective Order, no party waives its right to object to a

discovery request on other grounds – e.g., attorney client privilege or work product

doctrine.  Nor does any party, by executing this Protective Order, waive its right to object

to the admissibility of any document produced pursuant to this Protective Order.

14,     Neither the entry of this Protective Order, nor the designation of any

material as "Confidential", nor the failure to make such designation, shall constitute

evidence on any issue in this case.  The designation of any materials as "Confidential" does

not waive that party's objection to any discovery on the ground that it seeks information

protected by the *Local Bankruptcy Rules*, *Federal Rules of Bankruptcy Procedure*, *Federal*

*Rules of Civil Procedure*, and/or any other provision of law.

15.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded "Confidential" treatment pursuant to this Protective Order.

16.    This Protective Order applies only to the pre-trial phase of this action and/or any other action by and between the parties.  Prior to any trial of this action or any other action, counsel for the parties shall attempt to reach agreement on the handling of "Confidential Information" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

17.    Nothing in this Protective Order shall prohibit the use of, or reference to, any "Confidential Information" in Court, at trial, or in any deposition or 2004 examination in any legal action; provided however, that the person using or planning to use such information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure and follow and adhere to the terms and procedures set forth herein, such as in Paragraphs 4, 6 and 7, and otherwise in the terms of this Protective Order. Such steps shall further include: (1) bringing to the Court's attention the party's intention to disclose "Confidential Information" in open court and requesting the assistance of the Court in limiting disclosure; and (2) showing the Protective Order to a deponent, requesting a deponent to sign a statement that he has read the Protective Order, understands it, understands that he is bound by the Protective Order and submits to the jurisdiction of this Court for enforcement of the Protective Order.

18.  Nothing in this Protective Order shall preclude any party from seeking further or different relief. Any of the parties may agree that any information it designated should be treated in a way different from that described in this Protective Order. Any party may

move for a ruling that a document or category or documents designated as "Confidential

Information" is not entitled to such status and protection, pursuant to the procedures further

set forth in this Protective Order in Paragraph 5 and otherwise herein. This Protective

Order is without prejudice to reconsideration by the Court upon a showing by the moving

party of good cause.

19.    Within the latter of either (i) sixty (60) calendar days after the conclusion of

this case or (ii) upon the discharge or satisfaction of Schimenti Construction's Mechanic's

Lien against North Plainfield's interest in the real property located at 1200 Route 22 East,

North Plainfield, New Jersey, or by other agreement of the parties, the parties shall compile

and return to the designating party, all materials containing information designated in

accordance with this Protective Order.  The designating party may elect to have its

designated materials destroyed rather than returned, in which case, the other party shall

provide written verification that the materials have been destroyed.

20.    The Clerk is requested to send all counsel of record a copy of this Protective

Order, after entry.

ENTERED
ON THE DOCKET:                _____
                                          HONORABLE KEVIN R. HUENNEKENS
                                          UNITED STATES BANKRUPTCY
JUDGE

I ASK FOR THIS:

/s/ Christopher L. Perkins

Christopher L. Perkins, Esq. (Va. Bar No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Post Office Box 2499
Richmond, VA 23218-2499
Telephone: (804) 783-2003
Facsimile: (804) 783-2294
cperkins@leclairryan.com
*Local Counsel for Schimenti Construction Company, LLC*

-and-

/s/ Peter E. Strniste, Jr.

Peter E. Strniste, Jr., Esq. (Admitted *Pro Hac Vice*)
Patrick M. Birney, Esq. (Admitted *Pro Hac Vice*)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Telephone: (860) 275-8200
Facsimile: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com
*Counsel for Schimenti Construction Company, LLC*

SEEN AND AGREED:

/s/ Lisa Taylor Hudson

William A. Gray, Esquire (VSB No. 46911)
Lisa Taylor Hudson, Esquire (VSB No. 45484)
SANDS ANDERSON MARKS & MILLER
801 E. Main Street, Suite 1800
Richmond, VA 23219-1998
Phone: (804) 783-7234
Facsimile: (804) 783-7291
bgray@sandsanderson.com
lhudson@sandsanderson.com
*Local Counsel for North Plainfield VF LLC*

## CERTIFICATE OF ENDORSEMENT BY ALL PARTIES

Pursuant to *Local Bankruptcy Rule* 9022-1(C)(1), I hereby certify on this 15th day of April, 2009, that this proposed consent order has been endorsed by all necessary parties.

/s/ Lisa Taylor Hudson

_____