UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 |
| Debtors. | Jointly Administered |

**STIPULATION PARTIALLY RESOLVING MOTION OF TOMTOM, INC.,
FOR AN ORDER UNDER SECTIONS 105, 362, AND 363 MODIFYING THE
AUTOMATIC STAY TO PERMIT THE EXERCISE OF SETOFF AND/OR
RECOUPMENT RIGHTS AGAINST THE DEBTORS AND ESTABLISHING A
BRIEFING AND TRIAL SCHEDULE FOR REMAINING ISSUES**

WHEREAS, the above captioned debtors and debtors in possession (the "Debtors")[1] filed voluntary petitions (the "Petitions") on November 10, 2008 (the "Petition Date"), seeking relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"); and

WHEREAS, the Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases; and

WHEREAS, TomTom, Inc. ("TomTom") and Circuit City Stores, Inc., one of the above-captioned Debtors ("Circuit City" and together with TomTom, the "Parties"), were parties to that certain letter agreement dated October 17, 2008 (the "Letter Agreement"). Pursuant to the Letter Agreement, Circuit City purchased certain Model 125's.

WHEREAS, Circuit City was a participant in the Model 125 sell-though credit program (the "Give Give Promotion").  Pursuant to the Give Give Promotion, Circuit City earned certain post-petition credits.

WHEREAS, TomTom and Circuit City were parties to other agreements, not relating to the Model 125's, pursuant to which Circuit City earned certain credits, and

WHEREAS, prior to the Petition Date, TomTom was the recipient of certain transfers from the Debtors totaling not less than $144,476, which the Debtors allege may be avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Preferential Transfers")

WHEREAS, TomTom on or about December 17, 2008, filed its Motion (the "Motion") for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the Debtors; and

WHEREAS, on or about January 12, 2009, the Debtors filed their objection (the "Objection") to TomTom's Motion; and

WHEREAS, the Parties hereto have settled certain of their differences and, intending to be legally bound, hereby enter into this stipulation of settlement (the

2

"Stipulation") partially resolving the Motion and establishing a briefing schedule for limited purposes.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE PARTIES HERETO, BY THEIR RESPECTIVE COUNSEL, AS FOLLOWS:

1. TomTom is entitled to (i) an administrative expense claim pursuant to Bankrutpcy Code section 503(b)((9) against Circuit City's estate in the amount of $7,339,636.44 (the "TomTom 503(b)(9)Administrative Expense Claim") for the delivery of Model 125s to Circuit City within 20 days prior to the Petition Date, and (ii) an administrative expense claim pursuant to Bankruptcy Code section 503(b)(1) against Circuit City's estate in the amount of $1,072,893.12 (the "TomTom 503(b)(1)(A) Administrative Expense Claim" and together with the TomTom 503(b)(9) Administrative Expense Claim, the "TomTom Administrative Expense Claims") for the delivery of Model 125s to Circuit City on the Petition Date.

2. Circuit City has earned post-petition credits in its favor in the amount of $3,350,000.00 (the "Credits").

3. The Debtors have objected to, among other things, the effectuation of any setoff of the Credits against the TomTom Administrative Expense Claim, alleging that pursuant to Bankruptcy Code section 502(d) the TomTom Administrative Expense Claims should be temporarily disallowed until TomTom returns the Alleged Preferential Transfer to the Debtors' estates.  Accordingly, the Parties agree to the following briefing schedule regarding the application of Bankruptcy Code section 502(d) to Bankruptcy Code section 503:

    a. The Debtors shall submit a memorandum of law in support of their position on or before April 24, 2009 at 5:00 p.m. EST;

3

  b. TomTom shall submit a memorandum of law in opposition regarding the Debtors' position on or before May 1, 2009 at 5:00 p.m. EST;

  c. This Court shall have a hearing on the issues raised in the memoranda of law on May 13, 2009 at 10:00 a.m.

4. TomTom reserves its right to assert that any or all of its claims are subject to recoupment and the Debtors reserve their rights with respect thereto; <u>provided, however</u>, that TomTom agrees to not unilaterally exercise its recoupment rights, if any, absent further order of the Court or by agreement of the Parties.

5. Any recoupments or setoffs of the Credits against the TomTom Administrative Expense Claims ultimately authorized shall be taken first against the TomTom 503(b)(1)(A) Administrative Expense Claim until the balance is $0.00, then against the TomTom 503(b)(9) Administrative Expense Claim.

6. Notwithstanding anything to the contrary herein (or in any order approving this Stipulation), the parties agree that nothing herein (or therein) shall be deemed to be or construed as an impairment, waiver, or relinquishment of, or effect, impair, waive, or relinquish, the Debtors' rights to recover the Alleged Preferential Transfers under chapter 5 of the Bankruptcy Code. TomTom expressly and forever waives any defense that this Stipulation, any of its terms, or any order approving this Stipulation in any way effected, impaired, waived, or relinquished such rights. In the event there is a conflict between the terms of any order approving this Stipulation and the terms of this Stipulation, this Stipulation shall control.

7. Nothing herein shall be deemed to effect or resolve any issues relating to TomTom's alleged prepetition general unsecured claims, or the Debtors' rights with respect thereto or any alleged prepetition credits.

8. For the avoidance of doubt, nothing herein constitutes a modification or termination of the automatic stay provisions of Bankruptcy Code section 362.

9. This Stipulation is the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of the Parties hereto.

10. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

11. This Stipulation be executed in counterparts, each of which when so executed and delivered shall be an original, but all of which together shall constitute one and the same document.

12. The Court shall retain jurisdiction over all matters or disputes arising from or related to this Stipulation.

Dated: April 14, 2009
      Richmond, Virginia

STIPULATED AND AGREED:

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Counsel for Debtors and Debtors in Possession*

6

Dated: New York, New York
     April 14, 2009

STIPULATED AND AGREED:

NIXON PEABODY LLP

<u>/s/ Louis E. Dolan, Jr.</u>
Louis E. Dolan, Jr. (VSB No. 34437)
401 9th Street NW, Suite 900
Washington, DC 20004-2128
Tel.: (202) 585-8818
Email: ldolan@nixonpeabody.com
*Counsel for TomTom, Inc.*

- and -

Dennis J. Drebsky
Christopher M. Desiderio (admitted *pro hac vice*)
437 Madison Avenue
New York, New York  10022
Tel.:  (212) 940-3000
Email: cdesiderio@nixonpeabody.com
*Counsel for TomTom, Inc.*

7

So Ordered:
April __, 2009

Apr 16 2009

/s/ Kevin R. Huennekens
_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on Docket:  April 17 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

*Counsel to the Debtors and Debtors in Possession*

CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

    /s/ Douglas M. Foley

8

# CERTIFICATE OF NOTICE

```
District/off: 0422-7            User: frenchs              Page 1 of 1              Date Rcvd: Apr 17, 2009
Case: 08-35653                  Form ID: pdforder          Total Served: 1

The following entities were served by first class mail on Apr 19, 2009.
aty         +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636
The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 19, 2009**              **Signature:** *Joseph Speetjens*