Gregg M. Galardi, Esq.  　　　　　Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.　　　　　　Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &　MCGUIREWOODS LLP
FLOM, LLP　　　　　　　　　　　　One James Center
One Rodney Square　　　　　　　　901 E. Cary Street
PO Box 636　　　　　　　　　　　　Richmond, Virginia 23219
Wilmington, Delaware 19899-0636　(804) 775-1000
(302) 651-3000

　　　　　- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - -x
In re:                       :   Chapter 11
                             :
Circuit City Stores, Inc.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - -x

**DEBTORS' PRELIMINARY OBJECTION TO MOTION FOR ALLOWANCE
OF THE LATE FILED ADMINISTRATIVE EXPENSE CLAIM OF EXPORT
DEVELOPMENT CANADA**

　　　　　The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby object (the "Objection") on a

---

[1]　The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,

*(cont'd)*

preliminary basis to the Motion For Allowance Of The Late Filed Administrative Expense Claim Of Export Development Canada (the "Motion") filed by Export Development Canada (the "Movant").

## BACKGROUND

**A.   The  Bankruptcy Cases.**

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured

---

*(cont'd from previous page)*
Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

        4.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going-out-of-business sales at the Debtors' remaining stores pursuant to the Agency Agreement.  As of on or about March 8, 2009, the going-out-of-business sales concluded.

**B.   Section 503(b)(9) Bar Date.**

    **(1)   Section 503(b)(9) claims bar date.**

        5.   On November 12, 2008, the Court entered the Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner, and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Dkt. No. 107) (the "503(b)(9) Bar Date Order").

3

6. The 503(b)(9) Bar Date Order established December 19, 2008 (the "503(b)(9) Bar Date") as the date by which all creditors seeking section 503(b)(9) administrative expense treatment were required to file their claims.

**(2)  Service of 503(b)(9) Bar Date Notice.**

7. On November 19, 2008, the court-appointed claims agent, Kurtzman Carson Consultants ("KCC"), filed a Notice of the 503(b)(9) Order (the "503(b)(9) Bar Date Notice"). See Affidavit of Service filed Nov. 25, 2008, attaching Notice of Bar Date for Filing a Request for Allowance of an Administrative Expense Claim Under 11 U.S.C. § 503(b)(9) and Section 503(b)(9) Claim Request Form (Dkt. No. 358).

8. Techcraft Manufacturing Inc. ("TechCraft") was served with the 503(b)(9) Bar Date Notice and attached 503(b)(9) Claim Request Form via overnight mail on or before November 19, 2008 at P.O. Box 55811, Boston, MA 02205-5811. Id. at Ex. A, p. 1507.

9. In addition, the Debtors published the 503(b)(9) Bar Date Notice in The New York Times, see Affidavit of Publication dated November 21, 2008 (Dkt.

4

No. 549), The Wall Street Journal, see Affidavit of Publication dated November 24, 2008 (Dkt. No. 548), and The Richmond Times-Dispatch. See Affidavit of Publication dated November 21, 2008 (Dkt. No. 547).

   10.  Movant asserts that it provided credit insurance to TechCraft pursuant to which TechCraft assigned its claims against the Debtors, including its alleged claim under Bankruptcy Code section 503(b)(9) (the "TechCraft 503(b)(9) Claim").  Motion at ¶ 9.  Notably, the Movant does not contend that TechCraft did not receive notice of the 503(b)(9) Bar Date or that TechCraft could not have provided (and indeed did not provide) information to the Movant concerning the 503(b)(9) Bar Date prior thereto.

**C.   The Motion.**

   11.  By the Motion, Movant seeks an extension of the deadline by which it must file a proof of claim for the TechCraft 503(b)(9) Claim, such that it's late-filed proof of claim will not be barred.  See Motion at ¶ 16.

**PRELIMINARY OBJECTION**

12. The Motion raises significant factual and legal issues that must be analyzed under the standard articulated by the Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship</u>. The Debtors submit that these factual and legal issues should not be resolved at this stage of their chapter 11 proceedings. Indeed, without discovery and full briefing, the Debtors are unable to determine whether Movant has presented a valid basis for its request to file a proof of claim after the 503(b)(9) Bar Date. Accordingly, the Debtors respectfully submit that the Court should delay resolution of the Motion until after the Debtors have confirmed a plan of liquidation, at which time the Court should establish reasonable and appropriate discovery and briefing schedules.

13. In the event the Court determines that the Motion should go forward at this time, the Debtors request that the Court establish such schedules at this time.

**I.    MOVANT MUST SATISFY THE PIONEER STANDARD FOR EXCUSABLE NEGLECT.**

14.    Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).

15.    The Supreme Court, in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship, established the standard for determining whether a party's failure to file a proof of claim by the bar date was the result of "excusable neglect" such that the bankruptcy court may allow the party to file a late proof of claim.  Pioneer, 507 U.S. 380, 389 (1993); see also In re Wilmoth, 2009 WL 902105 (Bankr. E.D. Va. March 5, 2009) (Huennekens, J.) (applying Pioneer standard of excusable neglect).

16.    "'Excusable neglect' is not easily demonstrated, nor was it intended to be."  Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir.

1996). To determine whether neglect is excusable, a court should evaluate all relevant circumstances surrounding the party's failure to timely file. Pioneer, 507 U.S. at 395; see also Huennekens v. Marx (In re Springfield Contracting Corp.), 156 B.R. 761, 766 (Bankr. E.D. Va. 1993). These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. The inquiry is necessarily factual intensive, involving an examination of the facts and circumstances surrounding a creditor's failure to timely file a proof of claim. In re Cendant Corp. Prides Litigation, 233 F.3d 188, 196 (3d Cir. 2000) (finding that the court must consider the totality of the circumstances in determining whether there is excusable neglect); In re XO Communications, Inc., 301 B.R. 782, 796 (Bankr. S.D.N.Y. 2003) (citations omitted) ("[C]ourts are to look for a synergy of several factors . . ." in evaluating excusable neglect).

17. At this time, the Debtors do not have sufficient factual information to determine whether the <u>Pioneer</u> standard has been satisfied. Accordingly, discovery is necessary.

## II. RESOLUTION OF THE MOTION IS PREMATURE AND SHOULD AWAIT CONFIRMATION OF A PLAN AND FURTHER DISCOVERY.

18. The Motion is premature because (i) the determination of whether a proof of claim may be late-filed should await confirmation of a plan, (ii) discovery is required regarding the facts and circumstances surrounding the failure to file the proof of claim by the 503(b)(9) Bar Date, and (iii) briefing is required in the event the Debtors believe that the Movant did not satisfy the "excusable neglect" standard.

### A. Resolution Of The Motion Should Await Confirmation Of A Plan.

19. The Debtors submit that the orderly treatment of claims is essential for the efficient administration of the Debtors' estates during the liquidation process and is a key goal of the Bankruptcy Code. <u>See</u>, <u>e.g.</u>, <u>In re Outboard Marine Corp.</u>, 278 B.R. 778, 784 (Bankr. N.D. Ill. 2002); <u>In re Abramson</u>, 313 B.R. 195, 197 (Bankr. W.D. Pa. 2004). Such orderly

treatment can best be accomplished here by postponing resolution of Movant's request until after a plan of liquidation has been confirmed.

20. By postponing the Motion, the interests of judicial economy may be promoted and the Debtors' resources preserved because the Debtors will have a more realistic opportunity to fully evaluate the Pioneer factors, notably prejudice to their estates. As this Court is well aware, prejudice should be determined by evaluating, among other things, the impact the late filing may have on potential distributions to creditors in these chapter 11 cases. In re Cable & Wireless USA, Inc., 338 B.R. 609, 614 (Bankr. D. Del. 2006).

21. Moreover, delaying consideration of the Motion until after confirmation of a plan would not prejudice the Movant, as the Debtors agree that any time which elapses between the filing of the Motion and the resolution of the Motion, following confirmation, would not be taken into account in considering the Pioneer factor pertaining to the length of the delay. If the Motion is ultimately granted and the claim is determined to be valid, the Movant would receive payment on its

10

claim following the effective date of the plan in accordance with and to the extent provided by such plan, which is consistent with the payment treatment applicable to Bankruptcy Code section 503(b)(9) administrative expense claims.  See In re Global Home Products, LLC, No. 06-10340, 2006 Bankr. LEXIS 3608, at *11 (Bankr. D. Del. Dec. 21, 2006) (noting that distributions to administrative claimants are generally disallowed prior to confirmation); see also Alan N. Resnick, The Future of Chapter 11: A Symposium Cosponsored by the American College of Bankruptcy: The Future of the Doctrine of Necessity and Critical Vendor Payments in Chapter 11 Cases, 47 B.C.L. Rev 183, 204-205 (2005) (Section 503 (b)(9) "is a rule of priority, rather than payment."  The new section does not specify when payment will be made.).

    **B.**    **Discovery Is Required Regarding Facts And Circumstances Surrounding The Movant's Late Filing.**

    22.  At this point, the Debtors do not have sufficient information to determine whether the Movant is capable of satisfying the excusable neglect standard, such that Movant's failure to timely file its TechCraft

11

503(b)(9) Claim should be excused.  The Debtors believe, as set forth further below, that such a determination will require discovery, including third party discovery of TechCraft.

23.  In particular, discovery is needed concerning (without limitation) (i) the danger of prejudice to the Debtors' estates, (ii) the impact of the delay on the chapter 11 cases, (iii) the reason for the Movant's delay in filing the proof of claim, (iv) whether the Movant acted in good faith and (v) the Movant's alleged efforts to acquire information regarding the 503(b)(9) Bar Date.

24.  Accordingly, upon confirmation of a plan, the Debtors request that the Court set a reasonable and appropriate discovery schedule to enable the Debtors to acquire the necessary information concerning the circumstances relevant to a determination regarding Movant's excusable neglect.  If the Court determines that proceeding at this time is warranted, the Debtors request that the Court set such schedule.

**C.   Briefing Is Required In The Event The Debtors Determine That The Movant Did Not Satisfy The "Excusable Neglect" Standard.**

25.  If, after confirmation, and after reasonable discovery, the Debtors believe that the Movant has not demonstrated "excusable neglect," the Debtors submit that it will be necessary to further brief the issue for the Court.  Accordingly, the Debtors request that the Court set an appropriate briefing schedule to enable the parties to fully present the issue to the Court.  Again, if the Court determines that proceeding at this time is warranted, the Debtors request that the Court set such schedule.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court sustain this Preliminary Objection and grant the Debtors such other and further relief as is just and proper.

Dated: April 21, 2009          SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia    FLOM, LLP
                                    Gregg M. Galardi, Esq.
                                    Ian S. Fredericks, Esq.
                                    P.O. Box 636
                                    Wilmington, Delaware 19899-0636
                                    (302) 651-3000

                                              - and -

                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
                                    Chris L. Dickerson, Esq.
                                    333 West Wacker Drive
                                    Chicago, Illinois 60606
                                    (312) 407-0700

                                              - and -

                                    MCGUIREWOODS LLP

                                    _/s/ Douglas M. Foley_____
                                    Dion W. Hayes (VSB No. 34304)
                                    Douglas Foley (VSB No. 34364)
                                    One James Center
                                    901 E. Cary Street
                                    Richmond, Virginia 23219
                                    (804) 775-1000

                                    Counsel for Debtors and Debtors
                                    in Possession