IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 08-35653** |
| **CIRCUIT CITY STORES, INC.** | ) | **(Chapter 11)** |
| | ) | |
| Debtor. | ) | Jointly Administered |

### ST. CLOUD ASSOCIATES' MOTION AND MEMORANDUM FOR ALLOWANCE OF AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIMS

St. Cloud Associates ("Landlord"), by counsel and pursuant to Bankruptcy Code §§ 365 and 503 as well as Federal Rules of Bankruptcy Procedure 6006 and 9014, moves for an Order allowing administrative expense priority claims as well as requiring immediate payment of same. As grounds therefor, Landlord states as follows:

### PARTIES

1. Landlord is a Pennsylvania limited partnership in good standing. Landlord owns certain real estate in Township of St. Cloud, County of Stearns, Minnesota located at the intersection of West Division Street and E. 33rd Avenue, St. Cloud, Minnesota. Landlord is a creditor and party-in-interest herein pursuant to 11 U.S.C. §101 and is the Landlord of Debtors.

2. On November 10, 2008, Circuit City Stores, Inc. ("Debtor") filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Debtor is a debtor in possession as contemplated by 11 U.S.C. Section 1107.

Adam M. Spence, Esq., VSB#38524
The Law Offices of Spence & Buckler, P.C.
P.O. Box 20369
Baltimore, Maryland 21204
(410) 823-5003
(fax) (443) 927-8905
*Counsel for St. Cloud Associates*

## JURISDICTION

3. This Court has jurisdiction to address the issues raised and to grant the relief requested herein, pursuant to 28 U.S.C. §§ 1334 & 157, 11 U.S.C. §§ 365 and 503.

4. This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. §157(b)(2)(B).

## FACTS

5. On or about October 11, 1993, Circuit City Stores, Inc. ("Circuit City") and Landlord entered into that certain Lease Agreement pursuant to which Landlord leased to Circuit City the premises consisting of 33,000 square feet located at the intersection of West Division Street and E. 33rd Avenue, St. Cloud, Minnesota (the "Original Premises"). A copy of the Lease is attached as Exhibit 2.

6. The Lease was for Debtor's use of the property for commercial purposes. The Lease is an unexpired lease of nonresidential real property as contemplated by 11 U.S.C. §365.

7. 11 U.S.C. §365(d)(3) requires that the Debtor "shall timely perform all the obligations of debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected. . ."

8. Pursuant to the Lease, as amended, Debtor agreed to pay a monthly base rent of $23,092.42. Under §7 of the Lease Amendment, Debtor also agreed to pay its proportionate share of common area maintenance charges (CAM Charges).

9. Accordingly, Debtor is required to make the following monthly rental payments each and every month under the Lease:

| | |
|---|---|
| Base Rent | $ 23,092.42 |
| Common Area Maintenance (CAM) | $ 3,002.02 |
| Total Monthly Rent | $ 26,094.44 |

10. Contrary to the mandates of 11 U.S.C. §365(d)(3), Debtor failed to make the required monthly payments of rent due and owing under the Lease for November 2008 ("stub rent"), March 1, 2009 and April 1, 2009. These required monthly payments are in the amount of $81,185.34 exclusive of late charges, attorney's fees and interest. These amounts are entitled to administrative expense priority status and immediate payment thereof.

11. Because Debtor failed to pay this amount within ten (10) days after its due date, Debtor is also obligated to pay the additional amount of $4,059.27 as a late charge pursuant to § 19(B) of the Lease. This late charge is entitled to administrative expense priority status. *In Re: Trak Auto*, 277 B.R. 655, 669-670 (E.D.Va. 2002)(Adams).

12. Debtor is also obligated under the Lease and 11 U.S.C. §365(d)(3) to pay a pro rata amount for its November rental obligations. This post-petition "stub rent" period started on the date of the Order for Relief and ended on November 30, 2008 (20 days). In Re: Trak Auto, 277 B.R. at 663-664; In Re: Best Products Company, 206 B.R. 404, 407 (E.D.Va. 1997)(Tice).

13. The November "stub rent" due and owing by Tenant to Landlord is $17,396.40, which represents the per diem amount of $869.82 (calculated by dividing the monthly rental charge of $26,094.44 by 30 days) multiplied by 20 days, the stub rent period. The November stub rent amount is entitled to administrative expense priority. In Re: Trak Auto, 277 B.R. at 663-664; In Re: Best Products Company, 206 B.R. 404, 407 (E.D.Va. 1997)(Tice).

14. In addition to the above charges, Debtor is also obligated under the Lease for Landlord's attorney's fees and expenses incurred in obtaining payment of these

amounts. As of April 22, 2009, Landlord has incurred approximately $750.00 in attorney's fees and costs since the Petition Date to enforce its rights under the Lease, including the preparation of this Motion.

15. These post-petition attorney's fees, recoverable under §36(f)[1] of the Lease, are entitled to administrative expense priority because they are defined by the Lease as additional rent thereunder . *See In Re: Trak Auto*, 277 B.R. at 669-670.

16. Accordingly, as of today, Landlord is entitled to an administrative priority claim in the amount of $85,994.61 representing the amounts set forth on the attached Exhibit 1.

17. Until the Lease is rejected by Debtor, rental obligations will continue to accrue on this account. Moreover, Landlord anticipates spending additional attorney's fees to enforce its rights under the Lease. Landlord hereby expressly reserves its right to amend this claim as appropriate and necessary.

18. Landlord seeks immediate payment of these amounts due and owing now and as they become due and owing in the future.

19. With respect to the stub rents, this Court has previously held in its February 12, 2009 Memorandum Opinion, Docket No. 2107 that while claims for "stub rent" are accorded administrative expense treatment, they are not entitled to immediate

---

[1] The Lease at §36(f) (page 69) provides that

> In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable an actual attorney's fees and costs through all levels of proceedings.

4

payment. Nevertheless, a claim is made herein for immediate payment of the stub rents to ensure that Landlord's claims are preserved.

20. No separate memorandum will be filed herein (other than in Reply).

WHEREFORE, St. Cloud Associates respectfully requests that this Court enter an Order:

A. Allowing St. Cloud Associates an administrative expense priority claim(s) for (a) the current amount owing under the Lease of $85,994.61 and (ii) any additional monthly amounts that may become due and owing under the Lease from and after April 17, 2009 and each month thereafter;

B. Requiring Debtor's immediate payment of the outstanding $85,994.61 in administrative expense priority claim;

C. Requiring Debtor to immediately pay any allowed administrative expense priority claim(s) on the first of each month from and after May 1, 2009 in the monthly rental amount of $26,094.44 until possession of the Premises is returned to Landlord; and

D. Granting such other and further relief as this Court deems proper.

Respectfully submitted,

DATE: April 23, 2009    /s/ Adam M. Spence
Adam M. Spence, Esq., VSB#38524
Spence & Buckler, P.C.
100 West Pennsylvania Avenue, Suite 301
Towson, Maryland 21204
(410) 823-5003
(fax) (443) 927-8905
*Counsel for St. Cloud Associates*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2009, a copy of this Motion was served via electronic delivery (uploaded after the close of business on April 23, 2009) to the parties on the Court's CM/ECF list and by regular U.S. Mail, postage prepaid, upon the 2004 List filed with the Court with this Motion (mailed copy did not include exhibit).

                                                                /s/ Adam M. Spence
                                                                Adam M. Spence