Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :  Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION OF ADA ALICEA, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby submit their objection (the "Objection") to the Motion Of Ada Alicia, on Behalf of Herself and All Others Similarly Situated, for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code (the "Motion").  In support of the Objection, the Debtors respectfully represent:

**BACKGROUND**

**A.    The Bankruptcy Cases**

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of title 11 of the U.S. Code (the "Bankruptcy Code").

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

3. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

4. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going-out-of-business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores. The going-out-of-business sales were concluded on or about March 8, 2009.

**A.    The State Court Lawsuit.**

5. On May 23, 2007, Ada Alicea (the "Movant") commenced a class action lawsuit (the "Lawsuit") against Circuit City Stores, Inc. ("Circuit City"), one of the above-captioned debtors, in the Supreme Court of the State of New York, Bronx County (the "New York State

3

Court"), on behalf of herself and all others similarly situated, seeking damages for, among other things, the Circuit City's allegedly improper business practice of imposing "restocking fees" in connection with the return of certain merchandise.

6.  Following the filing of the Lawsuit, Circuit City removed the action to the United States District Court for the Southern District of New York. On January 22, 2008, the district court remanded the Lawsuit to the New York State Court.

7.  Following remand, on April 29, 2008, the Movant filed the First Amended Class Action Complaint. On May 20, 2008, Circuit City moved to dismiss the Lawsuit. Oral argument on the motion to dismiss was held on August 4, 2008. Thereafter, the Lawsuit was stayed due to the filing of the Debtors' chapter 11 cases.

8.  On January 26, 2009, the Movant filed a proof of claim in the Debtors' bankruptcy cases on account of Lawsuit.[2]

---

[2]  The proof of claim was not filed as a class proof of claim, nor did the Movant comply with the requirements set forth in In re

*(cont'd)*

4

9. On April 10, 2009, the Movant filed the Motion seeking relief from the automatic stay to proceed with the Lawsuit.

**OBJECTION**

10. The Movant asks this Court for relief from the automatic stay in order to enable her to proceed with the Lawsuit in New York State Court. The Debtors respectfully request that this Court deny the Motion because the Movant has failed to meet her statutory burden under section 362 of the Bankruptcy Code to establish cause to lift or modify the automatic stay. In particular, the Debtors would suffer prejudice if the stay were lifted far in excess of the prejudice to the Movant if the stay is maintained.

**I.   CAUSE DOES NOT EXIST TO LIFT THE AUTOMATIC STAY**

11. The automatic stay provided for in section 362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation, including the issuance or employment of

---

*(cont'd from previous page)*
  Computer Learning Ctrs., Inc., 344 B.R. 79 (Bankr. E.D. Va. 2006). The Debtors reserve all rights with respect thereto.

> process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . .

11 U.S.C. § 362. "The automatic stay is the most fundamental protection afforded a debtor in bankruptcy," In re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress intended the protection of the stay to have broad application. See H.R. Rep. No. 95-595. 95th Cong., a340-42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S. Rep. No. 95-989, at 49-51 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41. "The main purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions." In re Atlas Machine & Iron Works, 239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted); see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir. 1985) (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor"); In re Avis, 178 F.3d 718, 720-721 (4th Cir. 1999).

12. Pursuant to section 326(d)(1), an unsecured creditor is entitled to relief from the automatic stay only if the creditor is able to show that cause exists for such relief.  See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr. S.D.N.Y. 1992)(an unsecured creditor must "establish extraordinary circumstances" for the court to lift the stay).  The only express statutory definition of "cause" includes "the lack of adequate protection of an interest in property of such parting in interest."  11 U.S.C. § 326(d)(1).  Other circumstances constituting "cause" are determined by the courts on a "case-by-case" basis.  See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

13. The moving party carries the burden of making an "initial showing of 'cause' for relief from the stay."  In re Mazzeo, 167 F.3d 139,142 (2d Cir. 1999)(citations omitted).  See also In re Trius Corp., 47 B.R. 3, 5 (Bankr. D.S.C. 1984).  Here, the Movant has not, and indeed cannot, make the necessary initial showing that sufficient cause exists to allow relief from the automatic stay.

7

14. To determine whether "cause" exists to lift or modify the automatic stay, the Fourth Circuit has established that a bankruptcy court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116 B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization. . ."). The Robbins Court lists certain factors that should be considered in making this evaluation, including "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek

enforcement of any judgment through the bankruptcy court." <u>Robbins</u>, 964 F.2d at 345.

15.   As set forth below, Movant has failed to establish the second and third <u>Robbins</u> factors.  However, even assuming such factors were satisfied, Movant ignores the critical overall consideration -- the balance of prejudice, which, as discussed below, overwhelmingly weighs in favor of denying Movant's request.

**A.   Movant Has Failed to Establish Cause Under 11 U.S.C. § 362(d)(1)**

16.   The Movant submits the following three arguments in support of its allegation that "cause" exists under 362(d)(1) of the Bankruptcy Code: (i) the issues in the lawsuit are claims based entirely upon New York state law; (ii) modifying the stay will promote judicial economy and (iii) the Movant will seek enforcement of any judgment in the Lawsuit through the Bankruptcy Court.  Motion at ¶¶ 24-26.

17.   With respect to the first argument, while the Lawsuit involves state law, that fact is not a sufficient basis for lifting the stay.  <u>See</u>, <u>e.g.</u>, <u>In re</u>

9

Hogan, 2004 WL 3510112 at *2 (M.D.N.C. 2004)(noting that "it does not follow automatically that relief from the stay must be granted because a claim pending in state court involves state law"); In re WorldCom, Inc., 2006 WL 2255071 at *10 (Bankr. S.D.N.Y. 2006)(denying motion to lift stay to pursue matter based exclusively on state law, noting that bankruptcy courts are often called upon to apply state laws).

      18.  With respect to the second argument, contrary to Movant's assertion, considerations of judicial economy favor maintaining the stay.  This would allow the Lawsuit to be resolved in one court -- this Court, rather than two, thus preserving judicial resources.  This is especially so here, as the Lawsuit is in its early stages.  See In re Collins, 118 B.R. at 38 (finding that "The cause of 'judicial economy and expeditious and economical determination of litigation for the parties' will be best served if the motion is denied and the parties litigate in the bankruptcy court" particularly where the case is in its pre-trial stages); In re SCO Group, 395 B.R. 852, 858 (Bankr. D. Del. 2007)(lifting stay where parties had already completed

extensive trial preparation such that trial preparation would not be burdensome to the debtors).

19.  Similarly, with respect to the third argument, while Movant may seek enforcement of the judgment in the Bankruptcy Court, the parties are a long way from a judgment.  The Lawsuit is in its pretrial stages and, as discussed below, the litigation process would cause significant interference with the Debtors' chapter 11 cases.  See In re Collins, 118 B.R. at 38.  Thus, requiring the Movant to seek enforcement of any judgment in the Bankruptcy Court would do little to protect the Debtors' estates. See Robbins, 964 F.2d at 345 (citing factor as "whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court" (emphasis added)).

20.  Accordingly, Movant has failed to establish cause.  However, assuming, arguendo, Movant's arguments are sufficient to constitute a prima facie showing of cause under 362(d)(1) of the Bankruptcy Code, the Motion should be denied because the prejudice to the Debtors overwhelmingly outweighs any prejudice to Movant.

11

### B. Permitting the Class Action Lawsuit to Proceed Would Cause Prejudice to the Debtors and the Estates

21. The "key to determining whether to permit an action to proceed in another tribunal" is whether that case will cause "interference with the pending bankruptcy case." In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y. 1980). Even participation in preliminary proceedings can be disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the administration of the estate, no matter how small, through the continuance of a preliminary skirmish in a suit outside the Bankruptcy Court is prohibited. In short, the Debtor should not be required to devote energy to this collateral matter at this juncture. . . . This Court will not allow Plaintiffs to chip away piecemeal at the Debtor's automatic stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose of requiring the debtor to produce customer list in class certification proceeding); see In re Northwest Airlines Corp., 2006 WL 687163 (Bankr. S.D.N.Y. 2006)(finding as "critical factor" requiring denial of request to lift stay the fact that the class action

12

lawsuit would "unduly interfere with the Debtors' bankruptcy proceedings"); In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("[E]ven slight interference with the administration may be enough to preclude relief."); see also In re Collins, 118 B.R. 35, 38 (Bankr. D. Md. 1990).

22.    At the outset, it should be noted that the Movant's Motion is inconsistent with the fundamental purpose of the automatic stay.  See A.H. Robins Co., 788 F.2d at 998 (stating that a key purpose of section 362 is "to provide the debtor and its executives with a reasonable respite from the protracted litigation. . ."); In re Park Place Associates, 118 B.R. 613, 617 (Bankr. N.D. Ill. 1990)("It is axiomatic that a primary purpose of the automatic stay is to give the debtor some 'breathing space' from its creditors.").

23.    The Movant nevertheless argues that the stay should be lifted so that the Movant can proceed with the Lawsuit.  In support, Movant asserts that such relief "will not interfere with the Debtor's bankruptcy."  Motion at ¶ 25.  This conclusory statement is insufficient, In re Texaco Inc., 81 B.R. 820, 829

13

(Bankr. S.D.N.Y. 1988), and, as discussed below, inaccurate.

24. To the contrary, the Debtors and their estates would be materially prejudiced if the automatic stay were modified to permit the Lawsuit to proceed at this point in these chapter 11 cases because litigating the Lawsuit would expose them to significant financial commitments and litigation costs in addition to the potential liability in the Lawsuit.  The Debtors' limited management and employees are already taxed with the responsibility of managing and responding to inquiries from the Debtors' many creditors, vendors, former employees, and other parties in interest regarding these chapter 11 cases, as well as winding down the Debtors remaining affairs in an orderly, efficient and cost-effective manner.  Proceeding with the Lawsuit at this time would distract the Debtors from these important tasks, which could cause immediate and irreparable harm to the Debtors other creditors and their estates.

25. Accordingly, the Debtors will suffer significant prejudice if the Motion were granted.  See

In re United States Brass Corp., 173 B.R. 1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the hardships in lifting the stay, the most important factor is the effect of such litigation on the administration of the estate; even slight interference with the administration may be enough to preclude relief.").

**C. The Movant Would Suffer Little, If Any, Hardship If The Automatic Stay Is Retained**

26. In contrast, the Movant has not shown that the Movant would be prejudiced if the Motion is denied.

27. Such a denial would only continue the status quo, and the Movant would only face the ordinary delay that all creditors face in complex chapter 11 cases. Creditor delay is inherent in the bankruptcy process, and is an unavoidable – and intended – consequence of the automatic stay. See In re Comdisco, Inc., 271 B.R. 273, 279 (Bankr. N.D.Ill. 2002)("The automatic stay almost always delays litigants. That, after all, is its purpose, and the reason they call it a 'stay.'").

28. Furthermore, the Lawsuit is still in the pretrial stages. The First Amended Class Action Complaint was filed approximately 12 months ago. Thereafter, the Debtors moved to dismiss the Lawsuit. The New York State Court has not yet issued its ruling on the motion to dismiss and, on information and belief, discovery has not been initiated. It is not likely, then, that the stay would have any effect on the timing of the disposition of the Lawsuit.

29. Moreover, on January 26, 2009, the Movant filed a proof of claim against the Debtors asserting a claim in the amount of $5 million for damages sought in the Lawsuit. Pursuant to Rule 3001(f) of the Bankruptcy Rules, a valid, properly submitted proof of claim is considered <u>prima facie</u> evidence of the validity of the claim and amount until objected to by the Debtors or another proper party in interest. If the Debtors object to this claim, the claim will be litigated in the claims resolution process, together with claims of other similarly situated creditors. Thus, the Movant will not be prejudiced because the subject matter of the lawsuit

will be litigated through the claims' reconciliation process.

30. Accordingly, it is in the best interests of both parties for the automatic stay to remain.

## II. THE PRELIMINARY HEARING AND FINAL HEARING SHOULD NOT BE CONSOLIDATED

31. Movant further requests, pursuant to rule 9014-1(B) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), that the preliminary and final hearings on the Motion be consolidated. Motion at ¶ 28.

32. However, Local Rule 2014-1(B) applies only "where the hearing has been set on at least thirty days notice." Here, the Motion was filed on April 10, 2009 – only four days before the April 14 hearing at which Movant had originally suggested the Motion be heard and only 18 days before April 28 hearing to which the Motion has been adjourned. Accordingly, Local Rule 2014-1(B) is inapposite.

33. Instead, the determination as to whether a hearing is preliminary or final is left to the Court

17

under Bankruptcy Code section 362(e)(1).  11 U.S.C. § 362(e)(1) ("A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section.")

34.  Accordingly, the Debtors request that the hearing on April 28, 2009 be deemed a preliminary hearing and that, to the extent necessary, the Court schedule a final hearing on the Motion for a subsequent hearing.  Because there is a reasonable likelihood that the Debtors will prevail, as set forth above, the automatic stay should be continued pending the final hearing.  See 11 U.S.C. § 362(e)(1).

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the relief requested in the Motion.

Dated: April 24, 2009
      Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP


__/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession