Hearing Date:   April 28, 2009 at 10:00 a.m.
Objections Due:   April 21, 2009

Scott E. Blakeley, Esq. (Cal. Bar No. 141418)
Ronald A. Clifford, Esq. (Cal. Bar No. 246542)
BLAKELEY & BLAKELEY LLP
4685 MacArthur Court, Suite 421
Newport Beach, California 92660
(949) 260-0611

Richard I. Huston, Esq. (VSB No. 71097)
FULLERTON & KNOWLES, P.C.
12644 Chapel Rd., #206
Clifton, CA 20124
(703) 818-2602

Counsel to Export Development Canada

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-------------------------------------------------X
In re:                                      :    Chapter 11
                                            :
CIRCUIT CITY STORES, INC., et al.,          :    Case No. 08-35653
                                            :
        Debtors.                            :
                                            :    Jointly Administered
-------------------------------------------------X

**REPLY TO DEBTORS' PRELIMINARY OBJECTION TO MOTION FOR ALLOWANCE OF THE LATE FILED ADMINISTRATIVE EXPENSE CLAIM OF EXPORT DEVELOPMENT CANADA**

Export Development Canada ("EDC") by its undersigned counsel, replies as follows to the Debtors' Preliminary Objection to Motion for Allowance of the Late Filed Administrative Expense Claim of Export Development Canada (the "Objection"):

/ / /

/ / /

/ / /

1

**A.    No Further Discovery or Briefing Needs to be Completed Regarding EDC's Motion for this Court or the Debtors to Analyze Whether EDC's Late Filed Claim Should be Allowed**

### 1.    The Legal Standards Applicable Here Are Not in Dispute

EDC's Motion for Allowance of its Late Filed Administrative Expense Claim (the "Motion") asserts that EDC's late filed administrative expense claim under § 503(b)(9) should be allowed pursuant to two legal theories; (1) excusable neglect, and (2) cause pursuant to § 503(a).

The Motion asserts, and the Opposition affirms, that *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993) is the seminal case on the topic of excusable neglect. *See* the Motion at ¶¶ 19-31; *See* the Opposition at ¶¶ 14-17.

The Motion states that § 503(a) is also applicable in allowing EDC's late filed claim. The Opposition does not address this topic at all. No other oppositions to EDC's motion addressing this topic have been field with the Court or served on counsel for EDC. Ergo, pursuant to Local Bankruptcy Rule 9013-1, this Court may consider that any opposition as to this topic be considered waived, and EDC respectfully requests that the Court indeed consider opposition to this topic waived by any and all parties.

The legal standards for both topics listed in the Motion are not in dispute.

### 2.    The Facts are Not in Dispute

None of the facts listed in the Motion are in dispute. These are very simple facts. The Debtors have not disputed a single fact in the Opposition. Further, no other parties have filed an objection as to the validity of the facts as listed in the Motion. Because there are no disputed facts, the Motion should not only go forward, but the relief prayed

2

for in the Motion should be granted since the facts have been adequately proven up by EDC, and no opposition to the Motion on the merits or the legal authority has been filed.

### 3.     The Facts Require No Further Discovery Efforts by the Debtors

The Debtors require no further discovery efforts in relation to the Motion. The Motion is requesting that this Court allow EDC's late filed claim under the theories of excusable neglect and cause pursuant to § 503(a). By the very title of the Motion, EDC is admitting that although the § 503(b)(9) Bar Date notice was served pursuant to the Court's order, EDC's proof of claim on behalf of TechCraft was not filed prior to the expiration of the § 503(b)(9) Bar Date.

Third party discovery of TechCraft is of no use to the Debtors. As stated in the Motion, TechCraft forwarded the Bar Date Notice to EDC on December 11, 2008. *See* the Motion at ¶ 11. EDC filed the proof of claim, but after the expiration of the Bar Date.

The *Pioneer* factors for determining whether excusable neglect is present can clearly be established using the facts presented in the Motion, and proven through evidence attached as Exhibits to the Motion and the Declaration of Jo-Ann Keech-Barker filed concurrently therewith. The lack of danger of prejudice to the debtor has been well briefed in the Motion. The length of delay has been established in the Motion as thirty-three (33) days using the Debtors' own records. The reason for the delay is clearly established in the Motion. One of the reasons for the delay was the failure of counsel for the Debtors to disclose the looming Bar Date when specifically probed about a Bar Date by an EDC employee. *See* the Motion at ¶¶ 26-29. The e-mail in which this conversation took placed is attached to the Keech-Barker Declaration. Finally, whether EDC acted in

good faith can be established through the Motion and the Declaration of Jo-Ann Keech-Barker in Support.

The Debtors provided no objection to the topic of allowance of the late filed claim for cause under § 503(a). Even so, the Motion clearly establishes all the facts necessary for the Court to make a determination on that topic as well.

Simply stated, these two legal topics are easily briefed in the motion setting. All of the facts as they relate to the two topics listed in the Motion require a limited scope of facts for the Court to weigh in determining if the legal standards have been established. The overwhelming evidence put forth in the Motion provide this Court sufficient evidence to rule in favor of EDC's prayer for relief.

**B.     EDC Would Be Prejudiced Were the Court to Delay Hearing the Motion Until a Plan is Confirmed**

The Opposition states that "delaying consideration of the Motion until after confirmation of a plan would not prejudice [EDC]." *See* the Opposition at ¶ 21. The Opposition further reads that should the Motion be "granted and the claim determined to be valid, [EDC] would receive payment on its claim following the effective date of the plan…" *Id.* The Debtors incorrectly assume that it is their decision as to when § 503(b)(9) claimants in this case are paid.

Case law interpreting § 503(b)(9) is clear that it is wholly within the Court's discretion as to the timing of administrative expenses. *See In re Austin*, 1994 WL 245224 at 1 (Bankr. S.D. Ga. 1994) ("the time of payment of…administrative expenses…is entirely within the discretion of the bankruptcy court"); *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D.S.D. 1983) ("There is no restriction on the debtor's paying administrative

4

claims prior to confirmation of the plan in a Chapter 11 case…"); *In re Isis Foods, Inc.*, 27 B.R. 156, 157-58 (W.D. Mo. 1982) (Court affirmed Bankruptcy Court's order that the debtor make immediate payment on administrative expense claims).  Because administrative claimants have the ability to request, and possibly have granted, immediate payment for those expenses EDC stands to suffer harm if the Motion is not heard as scheduled due to the fact that any possibility of payment earlier than the effective date will be lost.

For the Foregoing reasons, EDC respectfully requests that the Motion be granted.

Dated:  April 24, 2009                                         FULLERTON & KNOWLES, P.C.

By: /s/Richard I. Hutson__
Richard I. Hutson, Esq.
12644 Chapel Rd., #206
Clifton, VA 20124

*-and-*

BLAKELEY & BLAKELEY LLP

Ronald A. Clifford, Esq.
Scott E. Blakeley, Esq.
1000 Quail Street, Suite 200
Newport Beach, CA 92660
(949) 260-0611

*Attorneys for Export Development Canada*

5

**Certificate of Service**

   I hereby certify that on April 24, 2009, a copy of the foregoing was filed electronic mail on the following: (i) the Core Group, which includes the Debtors, co-counsel to the Debtors, the Office of the United States Trustee, co-counsel for any committee, counsel to the agents for the Debtors' pre-petition lenders, and counsel to the agents for the Debtors' post-petition lenders; (ii) the 2002 List; and (iii) those additional parties as required by the Case Management Order (all of which are defined in the Case Management Order).

                    /s/Ronald A. Clifford__
                    Ronald A. Clifford, Esq.