Gregg M. Galardi, Esq.                  Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                 Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &         MCGUIREWOODS LLP
FLOM, LLP                               One James Center
One Rodney Square                       901 E. Cary Street
PO Box 636                              Richmond, Virginia 23219
Wilmington, Delaware 19899-0636         (804) 775-1000
(302) 651-3000

                 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
Circuit City Stores, Inc.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :    Jointly Administered
- - - - - - - - - - - - - - - x


     **DEBTORS' AMENDED PRELIMINARY OBJECTION TO MOTION FOR
     ALLOWANCE OF THE LATE FILED ADMINISTRATIVE EXPENSE CLAIM
                   OF EXPORT DEVELOPMENT CANADA**


          The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby submit this amended objection (the

---

[1]  The Debtors and the last four digits of their respective taxpayer
     identification numbers are as follows: Circuit City Stores, Inc.
     (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,

                                                          *(cont'd)*

"Objection") on a preliminary basis to the Motion For

Allowance Of The Late Filed Administrative Expense Claim

Of Export Development Canada (the "Motion") filed by

Export Development Canada (the "Movant").

## BACKGROUND

### A.    The  Bankruptcy Cases.

1.    On November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions in this

Court for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").

2.    The Debtors continue to manage and

operate their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

3.    On November 12, 2008, the Office of the

United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

_____

*(cont'd from previous page)*

Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address is 9950 Mayland Drive, Richmond, Virginia 23233.

2

creditors (the "Creditors' Committee").  To date, no

trustee or examiner has been appointed in these chapter

11 cases.

4.   On January 16, 2009, the Court authorized

the Debtors, among other things, to conduct going-out-

of-business sales at the Debtors' remaining stores

pursuant to an agency agreement (the "Agency Agreement")

between the Debtors and a joint venture, as agent (the

"Agent").  On January 17, 2009, the Agent commenced

going-out-of-business sales at the Debtors' remaining

stores pursuant to the Agency Agreement.  As of on or

about March 8, 2009, the going-out-of-business sales

concluded.

**B.   Section 503(b)(9) Bar Date.**

**(1)  Section 503(b)(9) claims bar date.**

5.   On November 12, 2008, the Court entered

the Order Establishing Bar Date for Filing Requests for

Payment of Administrative Expense Claims under

Bankruptcy Code Sections 105 and 503(b)(9) and Approving

Form, Manner, and Sufficiency of Notice of the Bar Date

Pursuant to Bankruptcy Rule 9007 (Dkt. No. 107) (the

"503(b)(9) Bar Date Order").

6.    The 503(b)(9) Bar Date Order established
December 19, 2008 (the "503(b)(9) Bar Date") as the date
by which all creditors seeking section 503(b)(9)
administrative expense treatment were required to file
their claims.

**(2)   Service of 503(b)(9) Bar Date Notice.**

7.    On November 19, 2008, the court-appointed
claims agent, Kurtzman Carson Consultants ("KCC"), filed
a Notice of the 503(b)(9) Order (the "503(b)(9) Bar Date
Notice").  See Affidavit of Service filed Nov. 25, 2008,
attaching Notice of Bar Date for Filing a Request for
Allowance of an Administrative Expense Claim Under 11
U.S.C. § 503(b)(9) and Section 503(b)(9) Claim Request
Form (Dkt. No. 358).

8.    Techcraft Manufacturing Inc. ("TechCraft")
was served with the 503(b)(9) Bar Date Notice and
attached 503(b)(9) Claim Request Form via overnight mail
on or before November 19, 2008 at P.O. Box 55811, Boston,
MA 02205-5811.  Id. at Ex. A, p. 1507.

9.    In addition, the Debtors published the
503(b)(9) Bar Date Notice in The New York Times, see
Affidavit of Publication dated November 21, 2008 (Dkt.

4

No. 549), The Wall Street Journal, see Affidavit of

Publication dated November 24, 2008 (Dkt. No. 548), and

The Richmond Times-Dispatch. See Affidavit of

Publication dated November 21, 2008 (Dkt. No. 547).

10.  Movant asserts that it provided credit

insurance to TechCraft pursuant to which TechCraft

assigned its claims against the Debtors, including its

alleged claim under Bankruptcy Code section 503(b)(9)

(the "TechCraft 503(b)(9) Claim").  Motion at ¶ 9.

Notably, the Movant does not contend that TechCraft did

not receive notice of the 503(b)(9) Bar Date or that

TechCraft could not have provided (and indeed did not

provide) information to the Movant concerning the

503(b)(9) Bar Date prior thereto.

**C.   The Motion.**

11.  By the Motion, Movant seeks an extension

of the deadline by which it must file a proof of claim

for the TechCraft 503(b)(9) Claim, such that it's late-

filed proof of claim will not be barred.  See Motion at

¶ 16.

## PRELIMINARY OBJECTION

12.   Whether evaluated under Bankruptcy Code section 503 or Bankruptcy Rule 9006, the Motion raises significant factual and legal issues that must be analyzed under the standard articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship.[2]  The Debtors submit that these factual and legal issues should not be resolved at this stage of their chapter 11 proceedings.  Indeed, without discovery and full briefing, the Debtors are unable to determine whether Movant has presented a valid basis for its request to file a proof of claim after the 503(b)(9) Bar Date.  Accordingly, the Debtors respectfully submit that the Court should delay resolution of the Motion until after the Debtors have confirmed a plan of liquidation, at which time the Court should establish reasonable and appropriate discovery and briefing schedules.

13.   In the event the Court determines that the Motion should go forward at this time, the Debtors

---

[2]   To the extent the Court determines that an alternate standard applies in evaluating Bankruptcy Code section 503, the Debtors submit that the Movant has nonetheless failed to establish "cause" under section 503 for the reasons set forth herein.

6

request that the Court establish such schedules at this

time.

## II.   MOVANT MUST SATISFY THE PIONEER STANDARD FOR EXCUSABLE NEGLECT.

14.   Bankruptcy Rule 9006(b)(1) provides that

"when an act is required or allowed to be done at or

within a specified period by these rules or by a notice

given thereunder or by order of court, the court for

cause shown may . . . on motion made after the

expiration of the specified period permit the act to be

done where the failure to act was the result of

excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).

15.   Bankruptcy Code section 503(a) provides

that "An entity may timely file a request for payment of

an administrative expense, or may tardily file such

request if permitted by the court for cause."  Although

the Bankruptcy Code does not specify what constitutes

cause under section 503(a), a number of courts

(including one court within the Fourth Circuit) have

applied the excusable neglect standard to determine

whether a request for an administrative expense may be

tardily filed "for cause."  See, e.g., In re Guillebeaux,

7

361 B.R. 87, 91 (Bankr. M.D.N.C. 2007); Delta West Oil

Co. v. Hof, 202 WL 506814, *4-*5 (E.D. La. 2002); In re

Gurley, 235 B.R. 626, 632 (Bankr. E.D. Tenn. 1999).

    16.    The Supreme Court, in Pioneer Inv. Servs.

Co. v. Brunswick Assoc. Ltd. P'Ship, established the

standard for determining whether a party's failure to

file a proof of claim by the bar date was the result of

"excusable neglect" such that the bankruptcy court may

allow the party to file a late proof of claim.  Pioneer,

507 U.S. 380, 389 (1993); see also In re Wilmoth, 2009

WL 902105 (Bankr. E.D. Va. March 5, 2009) (Huennekens,

J.) (applying Pioneer standard of excusable neglect).

    17.    "'Excusable neglect' is not easily

demonstrated, nor was it intended to be."  Thompson v.

E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir.

1996).  To determine whether neglect is excusable, a

court should evaluate all relevant circumstances

surrounding the party's failure to timely file.  Pioneer,

507 U.S. at 395; see also Huennekens v. Marx (In re

Springfield Contracting Corp.), 156 B.R. 761, 766 (Bankr.

E.D. Va. 1993).  These circumstances include "the danger

of prejudice to the debtor, the length of the delay and

8

its potential impact on judicial proceedings, the reason

for the delay, including whether it was within the

reasonable control of the movant, and whether the movant

acted in good faith." Id.  The inquiry is necessarily

factual intensive, involving an examination of the facts

and circumstances surrounding a creditor's failure to

timely file a proof of claim.  In re Cendant Corp.

Prides Litigation, 233 F.3d 188, 196 (3d Cir. 2000)

(finding that the court must consider the totality of

the circumstances in determining whether there is

excusable neglect); In re XO Communications, Inc., 301

B.R. 782, 796 (Bankr. S.D.N.Y. 2003) (citations omitted)

("[C]ourts are to look for a synergy of several

factors . . ." in evaluating excusable neglect).

18.  At this time, the Debtors do not have

sufficient factual information to determine whether the

Pioneer standard has been satisfied.  Accordingly,

discovery is necessary.

### III. RESOLUTION OF THE MOTION IS PREMATURE AND SHOULD AWAIT CONFIRMATION OF A PLAN AND FURTHER DISCOVERY.

19.  The Motion is premature because (i) the

determination of whether a proof of claim may be late-

filed should await confirmation of a plan, (ii)

discovery is required regarding the facts and

circumstances surrounding the failure to file the proof

of claim by the 503(b)(9) Bar Date, and (iii) briefing

is required in the event the Debtors believe that the

Movant did not satisfy the "excusable neglect" standard.

**A.   Resolution Of The Motion Should Await Confirmation Of A Plan.**

20.   The Debtors submit that the orderly

treatment of claims is essential for the efficient

administration of the Debtors' estates during the

liquidation process and is a key goal of the Bankruptcy

Code.  See, e.g., In re Outboard Marine Corp., 278 B.R.

778, 784 (Bankr. N.D. Ill. 2002); In re Abramson, 313

B.R. 195, 197 (Bankr. W.D. Pa. 2004).  Such orderly

treatment can best be accomplished here by postponing

resolution of Movant's request until after a plan of

liquidation has been confirmed.

21.   By postponing the Motion, the interests

of judicial economy may be promoted and the Debtors'

resources preserved because the Debtors will have a more

realistic opportunity to fully evaluate the Pioneer

factors, notably prejudice to their estates.  As this

Court is well aware, prejudice should be determined by

evaluating, among other things, the impact the late

filing may have on potential distributions to creditors

in these chapter 11 cases.  In re Cable & Wireless USA,

Inc., 338 B.R. 609, 614 (Bankr. D. Del. 2006).

22.  Moreover, delaying consideration of the

Motion until after confirmation of a plan would not

prejudice the Movant, as the Debtors agree that any time

which elapses between the filing of the Motion and the

resolution of the Motion, following confirmation, would

not be taken into account in considering the Pioneer

factor pertaining to the length of the delay.  If the

Motion is ultimately granted and the claim is determined

to be valid, the Movant would receive payment on its

claim following the effective date of the plan in

accordance with and to the extent provided by such plan,

which is consistent with the payment treatment

applicable to Bankruptcy Code section 503(b)(9)

administrative expense claims.  See In re Global Home

Products, LLC, No. 06-10340, 2006 Bankr. LEXIS 3608, at

*11 (Bankr. D. Del. Dec. 21, 2006) (noting that

distributions to administrative claimants are generally

disallowed prior to confirmation); <u>see also</u> Alan N.

Resnick, <u>The Future of Chapter 11: A Symposium</u>

<u>Cosponsored by the American College of Bankruptcy: The</u>

<u>Future of the Doctrine of Necessity and Critical Vendor</u>

<u>Payments in Chapter 11 Cases</u>, 47 B.C.L. Rev 183, 204-205

(2005) (Section 503 (b)(9) "is a rule of priority,

rather than payment." The new section does not specify

when payment will be made.).

**B.    Discovery Is Required Regarding Facts And Circumstances Surrounding The Movant's Late Filing.**

23.   At this point, the Debtors do not have

sufficient information to determine whether the Movant

is capable of satisfying the excusable neglect standard,

such that Movant's failure to timely file its TechCraft

503(b)(9) Claim should be excused.  The Debtors believe,

as set forth further below, that such a determination

will require discovery, including third party discovery

of TechCraft.

24.   In particular, discovery is needed

concerning (without limitation) (i) the danger of

prejudice to the Debtors' estates, (ii) the impact of

12

the delay on the chapter 11 cases, (iii) the reason for

the Movant's delay in filing the proof of claim, (iv)

whether the Movant acted in good faith and (v) the

Movant's alleged efforts to acquire information

regarding the 503(b)(9) Bar Date.

25.   Accordingly, upon confirmation of a plan,

the Debtors request that the Court set a reasonable and

appropriate discovery schedule to enable the Debtors to

acquire the necessary information concerning the

circumstances relevant to a determination regarding

Movant's excusable neglect.  If the Court determines

that proceeding at this time is warranted, the Debtors

request that the Court set such schedule.

**C.    Briefing Is Required In The Event The Debtors
        Determine That The Movant Did Not Satisfy The
        "Excusable Neglect" Standard.**

26.   If, after confirmation, and after

reasonable discovery, the Debtors believe that the

Movant has not demonstrated "excusable neglect," the

Debtors submit that it will be necessary to further

brief the issue for the Court.  Accordingly, the Debtors

request that the Court set an appropriate briefing

schedule to enable the parties to fully present the

13

issue to the Court.  Again, if the Court determines that

proceeding at this time is warranted, the Debtors

request that the Court set such schedule.

**RESERVATION OF RIGHTS**

27.  The Debtors reserve any and all rights

with respect to the Motion, including, without

limitation, any and all legal and equitable rights,

remedies and arguments with respect thereto.  Without

limiting the generality of the foregoing, the Debtors

reserve the right to contest any and all factual and

legal issues raised by or in the Motion or during

discovery.  Nothing herein shall be deemed a waiver of

any of Debtors' legal or equitable rights, remedies or

arguments.

14

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court sustain this Preliminary Objection and grant the Debtors such other and further relief as is just and proper.

Dated: April 26, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia    FLOM, LLP
                    Gregg M. Galardi, Esq.
                    Ian S. Fredericks, Esq.
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    (302) 651-3000

                    - and -

                    SKADDEN, ARPS, SLATE, MEAGHER &
                    FLOM, LLP
                    Chris L. Dickerson, Esq.
                    333 West Wacker Drive
                    Chicago, Illinois 60606
                    (312) 407-0700

                    - and -

                    MCGUIREWOODS LLP

                    _/s/ Douglas M. Foley_____
                    Dion W. Hayes (VSB No. 34304)
                    Douglas M. Foley (VSB No. 34364)
                    One James Center
                    901 E. Cary Street
                    Richmond, Virginia 23219
                    (804) 775-1000

                    Counsel for Debtors and Debtors
                    in Possession