| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :  Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :  1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER APPROVING PROCEDURES AUTHORIZING DESTRUCTION OF
OBSOLETE BUSINESS RECORDS**

Upon the Debtors' Motion for Order Approving Procedures Authorizing Destruction of Business Records (the "Motion");[1] and the Court having reviewed the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

    1.    The Motion is granted;

    2.    Pursuant to Bankruptcy Code section 554 and Bankruptcy Rule 6007, the Debtors are authorized to destroy the Obsolete Records in accordance with the procedures set forth below:

(a)    The Debtors are authorized to abandon and destroy the Obsolete Records; <u>provided</u> <u>however</u>, that the Debtors shall file with the Court and provide advance written notice ("Notice"), by facsimile or electronic mail, of the abandonment or destruction of the Obsolete Records to (i) counsel for the Creditors' Committee, (ii) if applicable, the landlord for the premises where the Obsolete Records are located, (iii) the Office of the United States Trustee; (iv) the Core Group, as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and

2

Administrative Procedures (the "Case Management Order"); (v) the 2002 List, as defined in the Case Management Order; (vi) Lucy L. Thomson; and (vii) Margaret M. Anderson (collectively, the "Notice Parties").

(b)       The Notice shall identify the Obsolete Records to be abandoned and destroyed, including (i) whether the Obsolete Records are hardcopy or electronic records, and (ii) a general description of the Obsolete Records and their prior generation, accumulation and maintenance by the Debtors.

(c)       The Notice Parties shall have five (5) business days (the "Notice Period") after the date the Notice is sent to object to the abandonment or destruction of the Obsolete Records.

(d)       If no written objection is filed with the Court and received by counsel to the Debtors prior to the expiration of the applicable Notice Period, the Debtors shall be authorized to abandon or destroy the Obsolete Records without further order of the Court.

(e)       If a Notice Party objects to the proposed abandonment or destruction of the Obsolete Records and such objection cannot be consensually resolved, the Debtors will not take any further steps to abandon or destroy the Obsolete Records without first obtaining the Court's approval, which approval may be obtained on an expedited basis, including through telephonic means, with advance notice to the objecting Notice Party.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        April ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –
Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


__/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

4

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                          __/s/ Douglas M. Foley____