| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
In re:                          :  Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :  Case No. 08-35653 (KRH)
et al.,                         :
                                :
              Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF STREAMBANK, LLC AS INTELLECTUAL PROPERTY DISPOSITION CONSULTANT AND ADVISOR TO DEBTORS EFFECTIVE NUNC PRO TUNC TO MARCH 23, 2009**

Upon the application (the "Application")[1] of the Debtors for an order, pursuant to Bankruptcy Code

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

sections 105(a), 327(a), 328 and 1107, authorizing them to retain Streambank, LLC ("Streambank") as real estate consultant and advisor, effective as of the Petition Date; and the Court having reviewed the Application and the Fried Affidavit; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Streambank neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Streambank is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; after due deliberation thereon and sufficient cause appearing therefore, it is hereby

        **ORDERED, ADJUDGED AND DECREED that:**

    1.   The Application is GRANTED.

    2.   In accordance with Bankruptcy Code sections 327(a) and 328, the Debtors are authorized to employ and retain Streambank effective as of the March 23, 2009 as intellectual property disposition consultant and advisor on the terms set forth in the Application

and the Retention Agreement between Streambank and Circuit City Stores, Inc. (the "Retention Agreement"), attached hereto as Exhibit 1.

3.  Streambank will be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331 and such Bankruptcy and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this court; provided, however, that any and all fees that may be earned by and become due or payable to Streambank under sections 6 and 7 of the Retention Agreement during these chapter 11 cases are hereby approved under section 328(a) and shall only be subject to review thereunder; provided, further, that the fees under sections 6 and 7 of the Retention Agreement shall be paid at the times set forth in the Retention Agreement and shall be included in the applicable quarterly and final fee applications.

4.  The Discretionary Success Fee shall only be paid with the consent of the Official Committee of Unsecured Creditors or upon further order of this Court.

    5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

    6. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: Richmond, Virginia
    April ___, 2008

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

  /s/ Douglas M. Foley__
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    I hereby certify that proposed order has been endorsed by all necessary parties.

                                 /s/ Douglas M. Foley
                                 Douglas M. Foley

## Exhibit 1

**(Retention Agreement)**



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

info@streambankllc.com  617.458.9355
www.streambankllc.com  781.651.4272

## RETENTION AGREEMENT

March 23, 2009

James A. Marcum
Vice Chairman, Acting President and CEO
Circuit City Stores, Inc.
DR3 6th Floor
9954 Mayland Drive Richmond, VA 23233

804-486-5155
jim_marcum@circuitcity.com

Re: Circuit City Retention Agreement - Intangible Asset Liquidation

Dear Mr. Marcum,

This letter agreement (the "Retention Agreement") sets forth the parties' agreement regarding the proposed engagement of Streambank, LLC ("Streambank") by Circuit City Stores, Inc. ("COMPANY") to perform certain intangible asset liquidation services after Bankruptcy Court Approval.

1. *Incorporation of Terms & Conditions by Reference.* The Terms & Conditions attached to this Retention Agreement, and all appendices, exhibits and schedules attached thereto, are hereby incorporated by reference into this Retention Agreement. Capitalized terms used in this Retention Agreement but not otherwise defined herein shall have the meanings ascribed to such terms in Appendix I to the Terms & Conditions. In the event of any inconsistency between this Retention Agreement and the Terms & Conditions or any appendix, exhibit or attachment thereto, the terms of this Retention Agreement shall control.

2. *Bankruptcy Case.* The parties acknowledge that the Company, as debtor, filed a voluntary petition for relief under Chapter 11 of the Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") on November 10, 2008, In re Circuit City Stores, Inc. (Chapter 11 Case No. 08-35653 (KRH)) along with several related debtors affiliated with the Company.

3. *COMPANY's Engagement of Streambank.* Subject to Bankruptcy Court Approval, COMPANY hereby retains Streambank as COMPANY's exclusive provider of the advertising, marketing and disposition Services set forth in Appendix II to the Terms & Conditions.

4. *Timing for Performance of Initial Services.* Notwithstanding anything herein contained to the contrary, as time is of the essence and the Assets are likely to suffer diminution of value with prolonged absence from the marketplace, Streambank has, at the Company's request, commenced, prior to Bankruptcy Court Approval, the following portion of the Services: (1) preparations for, and drafting of, the Marketability Evaluation and (2) initial marketing activities (such Services, the "Initial Services").

5. *Evaluation Fee.* Waived.

6. *Management Fee.* $50,000. The entire Management Fee shall be reimbursed out of the first $50,000 of sale proceeds from sale of the Group 2 Assets. Accordingly Commissions on Group 2 Assets will only be earned with respect to sale proceeds greater than $50,000.



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

info@streambankllc.com   617.458.9355
www.streambankllc.com    781.651.4272

7. Commissions.

(a) *Sale Transaction Commission.* COMPANY shall remit to Streambank a commission on the Gross Consideration paid in connection with any Sale Transaction, which commission is payable immediately upon COMPANY's receipt of any Gross Consideration from any IP Transferee.

(b) *Tiered Transaction Commission.* COMPANY shall remit to Streambank a commission on applicable Gross Consideration amounts paid in connection with any Sale Transaction according to the following tables:

| Group 1 Assets (Circuit City trademark portfolio and URLs scheduled as Appendix A) IF A BIDDER OTHER THAN THOSE TEN (10) IDENTIFIED IN Appendix C PARTICIPATES IN AN AUCTION FOR THE GROUP 1 ASSETS, EITHER BY BIDDING DIRECTLY FOR THE ASSETS OR BY PARTICIPATING IN ANOTHER PARTY'S BID ||
|---|---|
| Gross Consideration Amount | Commission Rate |
| $0 to the value of the current stalking horse bid as of March 27, 2009 (the "Stalking Horse Bid")** | Zero percent (0%) |
| Amounts between the Stalking Horse Bid and $[redacted] | five percent (5%) |
| Amounts above $[redacted] | One and one-quarter percent (1.25%) |

| Group 1 Assets (Circuit City trademark portfolio and URLs scheduled as Appendix A) IF NO BIDDER OTHER THAN THOSE TEN (10) IDENTIFIED IN Appendix C PARTICIPATES IN AN AUCTION FOR THE GROUP 1 ASSETS ||
|---|---|
| Gross Consideration Amount | Commission Rate |
| $0 to the Stalking Horse Bid ** | Zero percent (0%) |
| Amounts between the Stalking Horse Bid and $[redacted] | Two and one half percent (2.5%) |
| Amounts above $[redacted] | One and one-quarter percent (1.25%) |



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

info@streambankllc.com   617.458.9355
www.streambankllc.com    781.651.4272

| GROUP 2 ASSETS ||
| --- | --- |
| Gross Consideration Amount | Commission Rate |
| Amounts between $0 and $50,000 | Zero % (recoup management fee) |
| Amounts between $50,000 up to $1 million | Ten percent (10%) |
| Amounts between $1 million and $3 million | Fifteen percent (15%) |
| Amounts above $3 million | Twenty percent (20%) |

\*\* (the parties currently value the Stalking Horse Bid at $█████, however once a competing bid is accepted, whether or not it is more than $█████, it will be deemed to have exceeded the Stalking Horse Bid, thereby qualifying Streambank for the applicable Commission in the next tier. Streambank and the Debtor will, in good faith, determine the new base valuation and the difference between the winning bid and that base valuation. Once such amount is determined, the Debtor will support Streambank's application for compensation based on that agreed upon valuation. Additionally, the current Stalking Horse Bid value is based on the bid that has been negotiated by the Company. If the Company does not go forward with the current bidder, or if the current bid gets adjusted downward, the parties acknowledge that the base valuation and related tier thresholds will be adjusted accordingly.

(c) *Discretionary Success Fee.* At the conclusion of the sales of the Group 1 and Group 2 Assets, if the Company determines that the results exceeded expectations as a result of Streambank's efforts, the Company may, after consultation with the Creditors' Committee, agree to award Streambank an additional success fee in an amount to be determined. Any such fee shall be subject to Bankruptcy Court approval.

8. *Expenses.* In addition to the Commissions, COMPANY shall be responsible for the payment of Expenses in accordance with the Terms & Conditions.

*Reports.* Streambank will provide all written deliverables to COMPANY required pursuant to this Retention Agreement, including the Marketing Evaluation and the reports referenced in Section 13 of Appendix II, to James A. Marcum, or, if Mr. Marcum is unavailable, then to Daniel Ramsey.

9. Omitted.

10. *Further Assurances.* The parties to this Retention Agreement agree to execute such additional documents as may be reasonably requested and consistent with the terms hereof and such other



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

info@streambankllc.com   617.458.9355
www.streambankllc.com    781.651.4272

documents to reflect the intent of this Retention Agreement.

This Retention Agreement may be executed in counterparts and all counterparts shall constitute one and the same agreement. It is intended that this Retention Agreement take effect as an instrument under seal.

[REMAINDER OF PAGE LEFT BLANK; SIGNATURES ON FOLLOWING PAGE]



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

E info@streambankllc.com    P 617.458.9355
W www.streambankllc.com    F 781.651.4272

If this Retention Agreement meets with COMPANY's approval, please sign below indicating COMPANY's acceptance, by and on behalf of COMPANY and its affiliates, of this Retention Agreement as well as the Terms & Conditions attached hereto and incorporated by reference herein.

Kindly return a copy of the signed Retention Agreement via facsimile and the original via overnight delivery.

Sincerely,

Streambank, LLC

_____
BY:   Gabriel Fried
ITS:  Manager
      *Hereunto Duly Authorized*

Accepted and Agreed to this ___ day of April, 2009, by:

CIRCUIT CITY STORES, INC., on behalf of itself
and its debtor and debtor in possession subsidiaries

_____
James A. Marcum
Vice Chairman, Acting President and CEO



Streambank, LLC
400 Hillside Avenue, Suite 19
Needham Heights, MA 02492

info@streambankllc.com    617.458.9355
www.streambankllc.com    781.651.4272

If this Retention Agreement meets with COMPANY's approval, please sign below indicating COMPANY's acceptance, by and on behalf of COMPANY and its affiliates, of this Retention Agreement as well as the Terms & Conditions attached hereto and incorporated by reference herein.

Kindly return a copy of the signed Retention Agreement via facsimile and the original via overnight delivery.

Sincerely,

Streambank, LLC


BY:   Gabriel Fried
ITS:  Manager
      *Hereunto Duly Authorized*


Accepted and Agreed to this 15 day of April, 2009, by:

CIRCUIT CITY STORES, INC., on behalf of itself
and its debtor and debtor in possession subsidiaries

James A. Marcum
Vice Chairman, Acting President and CEO