IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., ET AL., | Case No. 08-35653 (KRH) |
| Debtors | Jointly Administered |

**MOTION FOR ENTRY OF AN ORDER GRANTING
ALLOWANCE OF AND COMPELLING PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM**

Bond-Circuit IV Delaware Business Trust ("Bond-Circuit IV"), by and though its counsel, hereby files its motion for entry of an order pursuant to 11 U.S.C. §§ 365(d), 503(b) and 507(a)(2) granting allowance and compelling payment of an administrative expense claim for unpaid real property taxes, additional rent and all other amounts due under an unexpired lease of non-residential real property that accrued from the above-captioned Debtors' ("Debtors") petition date through the lease rejection date.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Craig M. Palik, Esq. (Va. Bar No. 45728)
**McNAMEE HOSEA**
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Telephone: (301) 441-2420
Facsimile: (301) 982-9450

*Co-Counsel for Bond-Circuit IV Delaware Business Trust*

Mark B. Conlan, Esq.
Shepard A. Federgreen, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

#1404020 v1
104692-65007

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the Untied States Bankruptcy Court for the Eastern District of Virginia.

4. The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Bond-Circuit IV is the landlord and owner of the non-residential real property located at 1901 Okeechobee Boulevard, West Palm Beach, Florida 33408 (the "Property"), which was leased to Circuit City Stores, Inc. (the "Debtor") pursuant to a lease dated December 30, 1996 (the "Lease") and identified by the Debtor as Circuit City Store No. 862.

6. Pursuant to the Debtors' Notice of Rejection of Unexpired Leases and Abandonment of Personal Property filed on March 4, 2009 [Docket No. 2419] ("Rejection Notice"), the Lease was rejected effective on March 11, 2009 (the "Rejection Date").

7. Paragraph 1(a) of the Lease provides that all sums required to be paid by the tenant to Bond-Circuit IV under the Lease constitute rent.

8. Paragraph 7(a) of the Lease provides that "Tenant shall, … before interest or penalties are due thereon, pay and discharge all Taxes." The real property tax assessment for the Property for calendar year 2008 is $165,857.56 if paid by March 31, 2009 (the "Real Property Tax"). A copy of the 2008 Real Property Tax bill is attached hereto as Exhibit A. No portion of the 2008 Real Property Taxes, which are paid in arrears, has been paid by the Debtor. Calculated using the Real Estate Taxes for 2008, the Debtor owes Bond-Circuit IV Real Property Taxes for the period from the Petition Date through the Rejection Date in the pro-rated amount of $53,988.40 (i.e., 121 days x $446.185 per diem [$162,857.56 / 365]).

9. Pursuant to paragraph 4(a) of the Lease, the Debtor is required to pay rent directly to the Lender (as defined in the Lease) on the 25th day of each month. If any rent installments

are not paid timely, the Debtor is responsible for interest on the overdue payment at the Default rate (as defined in the Lease). Lease, ¶4(b). The Debtor is obligated to pay "every fine, penalty, interest and cost" which may have been incurred because of non-payment or late-payment of any amounts due under the Lease. Lease, ¶4(c).

10. As a result of the Debtor's failure to timely tender its Basic Rent payments (as defined in the Lease) directly to the Bond-Circuit IV's Lender, as required under the Lease, Bond-Circuit IV received a default notice from its Lender Capmark Finance Inc. dated December 16, 2008 demanding receipt of overdue rent, late fees and interest in the total amount of $152,483.65 ("Default Notice"). A copy of the Default Notice is attached hereto as Exhibit B. The amount sought in this request has been reduced to $32,462.05 ("Lender's Charges"), which reflects late receipt of "stub rent" for November in the amount of $39,748.10, Basic Rent for December in the amount of $56,783.00, and other credits obtained by Bond-Circuit IV from its Lender.

11. In addition to charges imposed by the Lender, Bond-Circuit IV has also incurred fees in the amount of $7,352.50 ("Trustee Charges")[1] which were incurred by the Bond-Circuit IV trustee for services rendered as a result of the Debtor's bankruptcy case. A copy of the trustee's fee statement is attached hereto as Exhibit C. Those fees are the Debtor's obligation to pay under paragraphs 4(c) and 34 of the Lease, pursuant which the Debtor is obligated to pay Bond-Circuit IV "any costs, expenses (including reasonable attorneys' fees and expenses) of any nature whatsoever and however caused.

12. Bond-Circuit IV has also incurred attorneys fees in the amount of $32,150.24 which are also the Debtor's obligation under paragraphs 4 and 34 of the Lease.[2]

---

[1] Interest at the Default Rate (as defined in the Lease) continues to accrue and will be updated and memorialized in a payoff statement upon request.

[2] Bond-Circuit IV will produce copies of its attorney fee statement upon request.

**RELIEF REQUESTED**

13. In this Court's Memorandum Opinion dated February 12, 2009 [Docket No. 2107] ("Opinion") regarding the payment of "stub rent," this Court concluded that the "accrual method" applies in the Fourth Circuit for determining the amount and priority of any "stub rent' claims, *id*. at 7-12, and that administrative expense claims must be paid when due under a lease or, if the time for performance has passed, upon the effective date of a confirmed plan of reorganization as required by section 1129(a)(9)(A) of the Bankruptcy Code. *Id*. at 9-12.

14. In *CIT Commc'ns Fin. Corp. v. Midway Airlines Corp.*, 406 F.3d 229, 235 (4th Cir. 2005), the Court of Appeals concluded that "a lessor is entitled to recover all payments due under the Lease (including rent, taxes, interest, late fees, and attorney's fees) as an administrative expense" without the need for showing of value of benefit conferred or received. *Id*. at 236. *See also* Opinion at 8-9. Therefore, it is appropriate in this case for all post-petition, pre-rejection amounts due as rent and additional rent under the Lease to be accorded administrative expense priority.

15. The Debtor remained in possession of the Property and operated its business, conducted a going-out-of business sale and enjoyed the benefits of possession from the Petition Date of November 10, 2008 through the Rejection Date of March 11, 2009. During that period of time, the Debtor became obligated to Bond-Circuit IV for the payment of rent and additional rent, including real estate taxes, indemnification costs and attorneys fees as required under the Lease. Despite its post-petition use and enjoyment of the Property during the period from the Petition Date through and including the Rejection Date, the Debtor has not fully compensated Bond-Circuit IV. In summary, Bond-Circuit IV is entitled to an allowed administrative expense claim pursuant to sections 503(b) and 507(a)(2) in the following amounts:

| Claim Description | Claim Amount |
|---|---|
| Real Property Taxes (Lease ¶7) | $53,988.40 |
| Attorneys Fees (Lease ¶¶ 4 & 34) | $32,150.24 |
| Trustee Charges (Lease ¶¶ 4 & 34) | $7,352.50 |
| Lender's Charges (Lease ¶¶ 4 & 34) | $32,462.05 |
| **TOTAL, not less than:** | **$125,963.19** |

Consistent with this Court's Opinion and applicable law utilizing the "accrual method," Bond-Circuit IV asserts that it should be allowed an administrative expense claim in the total amount of $125,963.19, all of which remains due and owing under the terms of the Lease.[3]

## WAIVER OF MEMORANDUM OF LAW

16.     Bond-Circuit IV requests that the requirement that all motions be accompanied by a separate memorandum of law be waived pursuant to local Bankruptcy rule 9013-1(G), as there are no novel issues of law presented in the motion and all applicable authority is set forth in the motion.

## NO PRIOR REQUEST

17.     No previous motion for the relief sought herein has been made to this or any other Court on behalf of Bond-Circuit IV.

18.     Each of the items listed above is required to be paid by the Debtor under the Lease provisions set forth above. Accordingly, the Debtor is required to promptly and fully perform such payment obligations pursuant to section 365(d)(3) and pay Bond-Circuit IV as an administrative expense the amounts set forth above.

---

[3] In the event that this Court's decision that the "accrual method" applies, *see* Opinion at 12, Bond-Circuit IV reserves the right to assert that it is entitled to recover the entire amount of the 2008 Real Property Taxes as an administrative expense under the "Billing Method."

**WHEREFORE**, Bond-Circuit IV respectfully requests that the court enter an order (i) allowing and authorizing the Debtors to pay Bond-Circuit IV not less than $125,963.19 as an administrative expense upon the effective date of confirmation of a plan of reorganization in this case, which amount includes: (a) Real Property Taxes in the amount of $53,988.40, (b) Attorneys Fees in the amount of $32,150.24, (c) Trustee Charges in the amount of $7,352.50, and (d) Lender Charges in the amount of $32,462.50; and (ii) granting such further relief that as the court deems may be just and equitable.

Dated:  April 30, 2009
       Greenbelt, Maryland       **McNAMEE HOSEA**

By: /s/ Craig M. Palik
    Craig M. Palik, Esq.
    (Va. Bar No. 45728)
    6411 Ivy Lane, Suite 200
    Greenbelt, MD 20770
    (301) 441-2420 (v)
    (301) 982-0450 (f)
    cpalik@mhlawyers.com

    -and-

    Mark B. Conlan, Esq.
    Shepard A. Federgreen, Esq.
    **GIBBONS P.C.**
    One Gateway Center
    Newark, NJ 07102-5310
    Telephone: (973) 596-4500
    Facsimile: (973) 596-0545

*Co-counsel for Bond-Circuit IV*
*Delaware Business Trust*

**CERTIFICATE OF SERVICE**

I certify that the foregoing Notice of Motion of Bond-Circuit IV Delaware Business Trust for Entry of an Order Granting Allowance and Compelling Payment of Administrative Expense Claim was served by first-class mail, postage prepaid on April 30, 2009, to those parties listed on the attached Service List, and to all creditors and parties included in the Court's ECF e-mail notification system.

Dated: April 30, 2009    By:/s/ Craig M. Palik
        Craig M. Palik, Esq.

#1404020 v1
104692-65007

# SERVICE LIST

| | |
|---|---|
| Douglas M. Foley, Esq.<br>**McGuire Woods, LLP**<br>One James Center<br>901 East Cary St.<br>Richmond, VA 23219<br><br>*Counsel for the Debtors* | Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br><br>*Counsel for the Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>**McGuire Woods LLP**<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br><br>*Counsel for the Debtors* | Chris L. Dickerson, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>333 West Wacker Dr.<br>Chicago, IL 60606<br><br>*Counsel for the Debtors* |
| Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>**Tavenner & Beran, P.C.**<br>20 North Eights Street, 2nd Floor<br>Richmond, Virginia 23219<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Jeffrey N. Poemrantz, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br><br>*Counsel for the Official Committee of Unsecured Creditors* |
| Robert J. Feinstein, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 36th Floor<br>New York, New York 10017-2024<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Robert B. Van Arsdale, Esq.<br>**Office of the U.S. Trustee**<br>701 E. Broad Street, Suite 4304<br>Richmond, Virginia |

#1404020 v1
104692-65007