**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| In re: <br><br> **CIRCUIT CITY STORES, INC., <u>ET</u> <u>AL</u>.,** <br><br> Debtors | Chapter 11 <br><br> Case No. 08-35653 (KRH) <br><br> Jointly Administered |

**MOTION FOR ENTRY OF AN ORDER GRANTING
ALLOWANCE OF AND COMPELLING PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM**

CC Hamburg NY Partners, LLC, as successor-in-interest to Hamburg Peripheral Limited Partnership ("CC Hamburg"), by and through its counsel, hereby files its motion for entry of an order pursuant to 11 U.S.C. §§ 365(d), 503(b) and 507(a)(2) granting allowance and compelling payment of administrative claim for unpaid "stub rent" and all other amounts due under an unexpired lease of non-residential real property that accrued from the above-captioned debtors' ("Debtors") petition date through the lease rejection date, and in support thereof respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Craig M. Palik, Esq. (Va. Bar No. 45728)
**McNAMEE HOSEA**
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Telephone: (301) 441-2420
Facsimile: (301) 982-9450

*Co-Counsel for CC Hamburg NY Partners, LLC, as successor-in-interest to Hamburg Peripheral Limited Partnership*

Mark B. Conlan, Esq.
Shepard A. Federgreen, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

**BACKGROUND**

3.	On November 10, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia.

4.	The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.	CC Hamburg is the landlord and owner of the non-residential real property located at 3701 McKinley Parkway, Hamburg, NY 14705 (the "Property"), which was leased to Circuit City Stores, Inc. (the "Debtor") pursuant to a lease dated August 28, 1996 (the "Lease")[1] and identified by the Debtor as Circuit City Store No. 3153.

6.	In relevant part, the Lease provides for payment by the Debtor of rent in the annual amount of $223,608 (or $612.6246 per diem [$223,608/365]).  Lease ¶ 5(c).  The Lease also provides that the Debtor was to pay rent "in advance on the first day of each succeeding calendar month throughout the Term."  Lease ¶ 5.

7.	Pursuant to the Debtors' Notice of Rejection of Unexpired Leases and Abandonment of Personal Property filed on March 4, 2009 [Docket No. 2419] ("Rejection Notice"),[2] the rejection of the Lease became effective on March 11, 2009 (the "Rejection Date").

8.	The Debtor owes CC Hamburg the post-petition portion of the rent due for November, 2008 ("November Stub Rent"), calculated from the Petition Date through November 30, 2008 in the amount of $12,865.12 (*i.e.*, 21 days at $612.6246 per diem).

9.	The Debtor has also failed to pay post-petition real property taxes as required by the Lease.  The Lease provides that the:

---

[1] As noted in CC Hamburg's proof of claim and amended proof of claim filed in this case, the Lease is not attached hereto due to certain confidentiality restrictions set forth in the paragraph 38 of the Lease.  A copy of the Lease will be promptly made available to the Debtors upon request.

[2] The Debtors' Rejection Notice inadvertently identified the Property address as 1020 McKinley Mall, Buffalo, NY 14219.

> Tenant shall pay when due Real Estate Taxes levied against the tax parcel or parcels comprising the Premises … directly to the taxing authority, … Real Estate Taxes shall be prorated as of the Commencement Date and the expiration or earlier termination of the Lease,…

Lease ¶ 9(b).  The real property tax assessment for the Property for calendar year 2009 is $34,565.64 if paid by April 15, 2009 (the "Real Property Tax").  A copy of the Real Property Tax bill is attached hereto as <u>Exhibit A</u>.  No portion of the post-petition, 2009 Real Property Tax has been paid by the Debtor.  The Debtor owes CC Hamburg 2009 Real Property Taxes in the pro-rated amount of $6,629.00 for the period from January 1, 2009 through the Rejection Date (*i.e.,* 70 days x $94.70 per diem [$34,565.64/365]).

10. Paragraph 36 of the Lease provides:

> f. <u>Attorneys' Fees</u>.  In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover form or to be reimbursed by the other party for the prevailing party's reasonable and actual attorneys' fees and costs through all levels of proceedings.

CC Hamburg has incurred attorneys fees in these jointly administered cases through March 31, 2009 in the amount of $21,638.04.[3]  As set forth above, the Debtor is obligated to reimburse CC Hamburg for its actual and reasonable attorneys fees under the Lease.

## RELIEF REQUESTED

11. In this Court's *Memorandum Opinion* dated February 12, 2009 (Docket No. 2107] ("Opinion"), the Court held that November Stub Rent claims under "advance leases" such as the Lease between CC Hamburg and the Debtor, shall be accorded administrative priority expense treatment under sections 503(b) and 507(a)(2) of the Bankruptcy Code.[4]  Therefore, CC

---

[3] CC Hamburg will provide copies of its attorney fee statements upon request.  CC Hamburg reserves the right to supplement its request for reimbursement of attorneys fees as necessary.

[4] In the event that this Court's decision that the "accrual method" applies is reversed on appeal, see Opinion at 12, CC Hamburg reserves the right to assert that it is entitled to recover the entire $34,565.64 amount of the 2009 Real Property Taxes as an administrative expense under the "billing method."

Hamburg submits that pursuant to this Court's Opinion, the unpaid November Stub Rent owed by the Debtor to CC Hamburg in the amount of $12,865.12 should be allowed and paid as an administrative expense claim upon the effective date of the Debtors' plan of reorganization as required by section 1129(a)(9)(A) of the Bankruptcy Code.  *See also In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002) (holding that the debtor's obligation under the lease to pay real estate taxes as additional rent accrued on a daily basis), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004).

12. In *CIT Commc'ns Fin. Corp. v. Midway Airlines Corp.*, 406 F.3d 229, 235 (4th Cir. 2005), the Court of Appeals concluded that "a lessor is entitled to recover all payments due under the Lease (including rent, taxes, interest, late fees, and attorney's fees) as an administrative expense" without the need of for showing of value of benefit conferred or received. *Id*. at 236. *See also* Opinion at 8-9.  Therefore, it is appropriate in this case for all post-petition, pre-rejection amounts due as rent and additional rent under the Lease to be accorded administrative expense priority.

13. Administrative expenses are categorized as first priority claims in bankruptcy cases pursuant to section 507(a)(2) of the Bankruptcy Code.  CC Hamburg is entitled to allowance and payment of an administrative expense claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code, in the following amounts:

| **Claim Description** | **Claim Amount** |
|---|---|
| November Stub Rent (Lease ¶ 5(c)) | $12,865.12 |
| Real Property Taxes (Lease ¶ 9(c)) | $6,629.00 |
| Attorneys Fees (Lease ¶ 36(f)) | $21,638.04 |
| **TOTAL** | **$41,132.16** |

14. Despite its post-petition use and enjoyment of the Property during the period from the Petition Date through and including the Rejection Date, the Debtor has not fully compensated CC Hamburg as required under the Lease.  Accordingly, CC Hamburg is entitled to an allowed administrative expense claim in the amounts set forth above.  Consistent with this Court's Opinion, applicable law and utilizing the accrual method, CC Hamburg asserts that it should be

allowed an administrative expense claim in the total amount of $41,132.16, all of which is due and owing under the terms of the Lease.

## WAIVER OF MEMORANDUM OF LAW

15. CC Hamburg requests that the requirement that all motions be accompanied by a separate memorandum of law be waived pursuant to local Bankruptcy Rule 9013-1(G), as there are no novel issues of law presented in the motion and all applicable authority is set forth herein.

## NO PRIOR REQUEST

16. No previous motion for the relief sought herein as been made to this or any other Court on behalf of CC Hamburg.

**WHEREFORE**, CC Hamburg respectfully requests that the court enter an order (i) allowing and authorizing the Debtors to pay CC Hamburg not less than $125,963.19 as an administrative expense upon the effective date of confirmation of a plan of reorganization in this case, which amount includes: (a) November Stub Rent in the amount of $12,865.12, (b) accrued but unpaid Real Property Taxes in the pro-rated amount of $6,629.00, and (c) attorneys fees in the amount of $21,638.04; and (ii) granting such further relief that as the Court deems may be just and equitable.

Dated: April 30, 2009
       Greenbelt, Maryland

                              **McNAMEE HOSEA**

                            By: /s/ Craig M. Palik
                                Craig M. Palik, Esq.
                                (Va. Bar No. 45728)
                                6411 Ivy Lane, Suite 200
                                Greenbelt, MD 20770
                                (301) 441-2420 (v)
                                (301) 982-9450 (f)

                                -and-

                                Mark B. Conlan, Esq.
                                Shepard A. Federgreen, Esq.
                                **GIBBONS P.C.**
                                One Gateway Center
                                Newark, NJ 07102-5310
                                Telephone: (973) 596-4500
                                Facsimile: (973) 596-0545

                                *Co-counsel for CC Hamburg N.Y.*
                                *Partners, LLC, as successor-in-interest to*
                                *Hamburg Peripheral Limited Partnership*

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion of CC Hamburg N.Y. Partners, LLC for Entry of an Order Granting Allowance and Compelling Payment of Administrative Expense Claim and was served by first-class mail, postage prepaid on April 30, 2009 to those parties listed on the attached Service List, and to all creditors and parties included in the Court's ECF e-mail notification system.

Dated: April 30, 2009                    By:/s/ Craig M. Palik
                                                            Craig M. Palik

# SERVICE LIST

| | |
|---|---|
| Douglas M. Foley, Esq.<br>**McGuire Woods, LLP**<br>One James Center<br>901 East Cary St.<br>Richmond, VA 23219<br><br>*Counsel for the Debtors* | Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br><br>*Counsel for the Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>**McGuire Woods LLP**<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br><br>*Counsel for the Debtors* | Chris L. Dickerson, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>333 West Wacker Dr.<br>Chicago, IL 60606<br><br>*Counsel for the Debtors* |
| Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>**Tavenner & Beran, P.C.**<br>20 North Eights Street, 2nd Floor<br>Richmond, Virginia 23219<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Jeffrey N. Poemrantz, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br><br>*Counsel for the Official Committee of Unsecured Creditors* |
| Robert J. Feinstein, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 36th Floor<br>New York, New York 10017-2024<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Robert B. Van Arsdale, Esq.<br>**Office of the U.S. Trustee**<br>701 E. Broad Street, Suite 4304<br>Richmond, Virginia |