Craig M. Palik [VSB No. 45728]
**MCNAMEE HOSEA ET AL.**
6411 Ivy Lane
Suite 200
Greenbelt, Maryland 20770
Telephone:  301.441.2420
Facsimile: 301.982-9450
*Counsel for Congressional North*
*Associates, Limited Partnership*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC. *et al.* | Case No. 08-35653-KRH |
| Debtors | Jointly Administered |
| | Judge Kevin R. Huennekens |

---------------------------------------------------------------

### AMENDED MOTION FOR APPROVAL OF ADMINISTRATIVE RENT CLAIM

Congressional North Associates Limited Partnership ("Congressional"), by and through its counsel, Craig M. Palik and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch P.A., hereby moves the Court for entry of an order, substantially in the form attached hereto as <u>Exhibit F</u>, approving the administrative rent claim in the amount of $62,323.04 owed to Congressional pursuant to Sections 365(d)(3) and 503(b) of Chapter 11 of Title 11 of the United States Code, and in support thereof states as follows:[1]

---

[1] Congressional is aware that the Court has previously denied Objecting Landlords request for immediate payment of the November rent administrative claim [docket no. 1347].  By this Motion, Congressional seeks approval of its Administrative Claim to be paid at the same time and to the same extent as all other administrative rent claimants.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2. Congressional is the Lessor and Landlord of certain nonresidential real property located in Rockville, Maryland (the "Leased Premises").

3. On or about November 18, 1997, Congressional entered into a non-residential lease (the "Lease") with the Debtor. A true and accurate copy of the Lease is attached hereto as Exhibit A.

4. Pursuant to the Lease, the Debtor was obligated to pay, on the first day of November 2008, base rent and other monthly charges in the amount of $67,280.19 (the "November Rent").[2]

5. On November 10, 2008 (the 'Petition Date"), the Debtor and several of its debtor affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtor remained in possession of, and enjoyed the use and occupancy of, the Leased Premises until March 10, 2009, at which time the Lease was rejected.

7. The Debtor has failed to pay the portion of the November Rent comprised of the "stub" administrative rent and other related charges due and owing under the Lease for the post-petition period commencing November 10, 2008 and ending on November 30, 2008, in the total aggregate amount of $47,096.13 (the "November Administrative Rent"). A copy of the invoice showing the breakdown of the November Administrative Rent is attached hereto as Exhibit B.

---

[2] Contemporaneous with the filing of this Motion, Congressional filed a proof of claim in the amount of $20,184.06 on account of pre-petition rent and related expenses for the period beginning November 1, 2008 and ending on November 9, 2008.

8. The Debtor is further responsible under the Lease for all attorneys' fees and costs incurred postpetition and prior to rejection plus any attorneys' fees incurred for the collection of unpaid rent as an administrative expense. Invoices for all attorneys' fees and costs incurred from November 10, 2009 to March 10, 2009, and for the preparation and filing of all claims and applications with this Court in the amount of $10,634.64, are attached hereto as. Exhibit C.

9. The Debtor, postpetiton, on or about February 25, 2009, caused damage to the outside wall of the Leased Premises by affixing a going out of business sign which was installed by drilling large masonry bolts directly into the mortar and brick. A copy of the letter dated February 27, 2009 to Debtor's counsel advising of the occurrence of the damage is attached hereto as Exhibit D. A copy of an estimate for the repair of the damage caused in the amount of $4,300.00 is attached hereto as Exhibit E.

10. Lastly, the Debtor is responsible for postpetition-prerejection water bills expected to total $292.27.[3]

**RELIEF REQUESTED**

**Postpetition "Stub Rent"**

11. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows: "The trustee shall timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [Title 11 of the Bankruptcy Code]." *See also In re Trak Auto Corp.*, 227 B.R. 655, 665 (Bankr. E.D. Va. 2002), *rev'd* on other grounds, 367 F.3d 237 (4th Cir. 2004) (explaining that post-petition rent is an administrative expense payable timely at the full contract rate).

---

[3] Congressional has not yet received the water bills for the entire postpetition period. This figure is calculated using the per diem rate of the last water bill for the Leased Premises which the Debtor was responsible under the Lease.

12. In this Court's Memorandum Opinion dated February 12, 2009 (Docket No. 2107) regarding the payment of "stub rent," this Court concluded that the "accrual method" applies in the Fourth Circuit for determining the amount and priority of any "stub rent' claims, *id*. at 7-12, and that administrative expense claims must be paid when due under a lease or, if the time for performance has passed, upon the effective date of a confirmed plan of reorganization as required by section 1129(a)(9)(A) of the Bankruptcy Code. *Id*. at 9-12.

13. Here, the Debtor's continued postpetiton use and possession of the premises during the November Administrative Rent Period is adequate for purposes of establishing Congressional's entitlement to "stub rent" as an administrative expense during the November Administrative Period. *See Trak Auto, Id.* at 665.

14. Congressional is therefore entitled to the payment of "stub rent" for the November Administrative Period as an administrative expense in the amount of $47,096.13 payable upon the effective date of a confirmed plan of reorganization and at the same time other administrative claimants are paid. *See* Exhibit B.

### Postpetition-Prerejection Attorneys' Fees and Costs

15. Section 365(d)(3) has also been held to permit a landlord to recover attorneys' fees and costs to the extent permitted under applicable state law and the terms of the lease for the reimbursement of all of the counsel fees expended to enforce its right to payment of rent, from the petition date to the date of rejection. *In re Geonex Corp.*, 258 B.R. 336 (Bankr.D. Md. 2001) citing *Three Sisters Partners LLC v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843 (4th Cir. 1999); *See also*, *CIT Commun. Fin. Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)*, 406 F.3d 229, 235 (4th Cir. N.C. 2005) (construing sections 365(d)(3) and 365(d)(10) (now re-codified as 365(d)(5)) as analogous and holding that a "lessor is entitled to recover all

payments due under the lease (including rent, taxes, interest, late fees, and attorney's fees) as an administrative expense."

16. The entitlement to payment of attorneys' fees and costs also includes attorneys' fees and costs incurred subsequent to rejection for any application made to the Bankruptcy Court for payment of attorneys' fees incurred postpetition and prerejection. *In re Geonex*, *Id.* at 341.

17. Here, the Lease provides for the payment of attorneys' fees incurred by the landlord expended in enforcement of its right to payment. *See* Lease, Exhibit A at ¶ 30.

18. Under Maryland law, the law under which the Lease is to be construed, there is nothing that prohibits Congressional from recovering its attorneys' fees expended in enforcement of its right to receive rent.

19. The total of all attorneys' fees and costs incurred by Congressional in enforcement of its right to payment for rent and therefore properly payable as an administrative expense are $10,634.64, payable upon the effective date of a confirmed plan of reorganization and/or at the same time other administrative claimants are paid. *See* Exhibit C.

**Physical Damage to Property Caused Postpetition**

20. Under Section 365(d)(3) landlords may also assert administrative expense claims for physical damage to a leased premises which actually occurred post-petition. *In re Atlantic Container Corp.*, 133 B.R. 980 (Bankr.N.D. Ill. 1991) citing *In re United Trucking Service, Inc.,* 851 F.2d 159 (6th Cir. 1988) (Only the costs of remedying damages to the Premises which actually occurred after the filing of the bankruptcy petition may be treated as administrative expenses).

21. The Debtor's postpetition installation of the going out of business sign using large bolts damaged the brick and mortar on the outside wall of the building.

22. Although the going out of business sign itself was permitted under the Court's January 16, 2009, Order Approving Agency Agreement, Store Closing Sales and Related Relief (the "Agency Order"), there can be no reading of the Agency Order that absolves the Debtor or the liquidating agent of damage caused by the installation of any sign.

23. Pursuant to Paragraph 8 of the Lease, the Debtor was prohibited from installing a going out of business sign under in the manner it did. The Debtor was also required under ¶10 of the lease to repair and maintain the leased premises. The damage to the building was not corrected upon the Debtors' surrender of possession of to Congressional.

24. Notwithstanding Section 365(d)(3), the damage caused to the Leased Premises postpetition is also properly payable as an administrative expense under Section 503(b). In order to qualify for administrative expense status under § 503(b), the claimant must demonstrate that the claim was incurred post-petition and that the claim is an actual, necessary expense of the estate. *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527 (3d.Cir. 1999).

25. The damage caused by the Debtor's installation of the going out of business sign on February 25, 2009 undoubtedly occurred postpetition. *See* Exhibit D.

26. The damage repair costs caused by the Debtor's installation of the going out of business sign on February 25, 2009 were an actual and necessary expense of the estate and unquestionably conferred a benefit upon the estate by attracting consumers to the Debtor's going out of business sale.

27. Congressional is therefore entitled to the allowance of an administrative claim for the costs of repairing the damage caused to the going out of business sign in the amount of $4,300.00 payable upon the effective date of a confirmed plan of reorganization and/or at the same time other administrative claimants are paid. *See* Exhibit E.

**Postpetition-Prerejection Water Bill**

28. Under Section 365(d)(3), the Debtor is responsible for the payment of post-petition water bills which are the debtor's responsibility under the Lease at ¶ 11. *See* Exhibit A.

29. The water bills for the leased premises are billed to Congressional, and Congressional in turn forwards these for payment to the Debtor.

30. As of the filing of this Amended Motion, the water bills for the entire post-petition period have not been received.

31. Based upon the last water bill received by Congressional, the Debtor's responsibility on a per diem basis is $2.46. Taking into account the 119 day postpetition, prerejection period from November 10, 2008 to March 10, 2009, the Debtor's total responsibility for water is $292.27.

32. Congressional is therefore entitled to the allowance of an administrative claim for the water bills in the amount of $292.27 payable upon the effective date of a confirmed plan of reorganization and/or at the same time other administrative claimants are paid. *See* Exhibit E.

**WAIVER OF MEMORANDUM OF LAW**

33. Congressional respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1(G) of the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Virginia.

**PRIOR REQUEST**

34. This Amended Motion for Approval of Administrative Rent Expense amends Congressional's prior Motion for Approval of Administrative Rent Expense filed with this Court

on January 30, 2009, Docket No. 1884. The Court did not consider or rule upon Congressional's prior Motion for Approval of Administrative Rent Expense.

## CONCLUSION

WHEREFORE, given the foregoing, Congressional respectfully requests entry of an order, substantially in the form attached hereto as Exhibit F authorizing an administrative rent claim under 11 U.S.C. §365(d)(3) and/or 503(b), as applicable, in the amount of $47,096.13 for "stub rent," $10,634.64 in attorneys' fees and costs, and $4,300.00 in postpetition damage caused to the Leased Premises to be paid upon the effective date of a confirmed plan of reorganization and/or at the same time other administrative claimants are paid; and granting such other and further relief as the Court deems just and proper.

Dated: April 30, 2009

/s/ Craig M. Palik
Craig M. Palik (VSB No. 45728)
McNamee Hosea et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Telephone: 301-441-2420
Facsimile: 301-982-9450
cpalik@mhlawyers.com
*Counsel for Congressional North Associates Limited Partnership*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2009, a true and complete copy of the foregoing Amended Motion for Approval of Administrative Claim was served by either First Class Mail, postage prepaid and/or electronic delivery to all of the parties on the attached service list in accordance with the Order entered in this case on November 13, 2008, Establishing Certain Notice, Case Management and Administrative Procedures.

Dated: April 30, 2009

/s/ Craig M. Palik
Craig M. Palik (VSB No. 45728)
McNamee Hosea et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Telephone: 301-441-2420
Facsimile: 301-982-9450
cpalik@mhlawyers.com
*Counsel for Congressional North Associates Limited Partnership*

**SERVICE LIST**

| | |
|---|---|
| Douglas M. Foley, Esq.<br>**McGuire Woods, LLP**<br>One James Center<br>901 East Cary St.<br>Richmond, VA 23219<br><br>*Counsel for the Debtors* | Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br><br>*Counsel for the Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>**McGuire Woods LLP**<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br><br>*Counsel for the Debtors* | Chris L. Dickerson, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>333 West Wacker Dr.<br>Chicago, IL 60606<br><br>*Counsel for the Debtors* |
| Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>**Tavenner & Beran, P.C.**<br>20 North Eights Street, 2nd Floor<br>Richmond, Virginia 23219<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Jeffrey N. Poemrantz, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br><br>*Counsel for the Official Committee of Unsecured Creditors* |
| Robert J. Feinstein, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 36th Floor<br>New York, New York 10017-2024<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Robert B. Van Arsdale, Esq.<br>**Office of the U.S. Trustee**<br>701 E. Broad Street, Suite 4304<br>Richmond, Virginia |