**EXHIBIT F**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

---

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC. *et al.* | Case No. 08-35653-KRH |
| Debtors. | Jointly Administered<br>Judge Kevin R. Huennekens |

---

**ORDER GRANTING AMENDED MOTION OF CONGRESSIONAL NORTH ASSOCIATES, LIMITED PARTNERSHIP FOR AN ORDER APPROVING ADMINISTRATIVE RENT CLAIM PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)**

This matter having come before the Court upon the Motion of Congressional North Associates, Limited Partnership ("Congressional") for an Order Approving Administrative Rent Claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b) (the "Motion") filed in the bankruptcy case of the above-captioned debtors and debtors in possession, the Court finds that (i) it has jurisdiction over the matters raised in the Motion, (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) proper and adequate notice of the Motion and the opportunity for a hearing thereon has been given and no other or further notice is necessary, and (iv) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due consideration upon the Motion and the arguments presented at any hearing had thereupon. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED.**

2. Congressional North Associates, Limited Partnership have an allowed administrative expense claim against the Debtors, Circuit City Stores, Inc., et al., in the amount of

$62,323.04 as an administrative rent expense upon the effective date of confirmation of a plan of reorganization in this case, which amount includes: (a) postpetition "stub rent" in the amount of $47,096.13; (b) postpetition attorneys' fees in the amount of $10,634.64; (c) the costs of repairing damage caused to the leased premises postpetition in the amount of $4,300.00; and (d) postpetition water bills in the amount of $292.27.

3. The Debtors are authorized and directed to pay to Congressional the above stated allowed administrative expense claim amounts upon the effective date of a confirmed plan of reorganization and/or at the same time other administrative claimants are paid in this case.

**ENTERED** in Richmond, Virginia, this _____ day of _____, 2009.

_____
United States Bankruptcy Judge