IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |
| _____ | |

**NOTICE OF MOTION OF RONUS MEYERLAND PLAZA, L.P. AND
JOHNSON CITY CROSSING, L.P. FOR ALLOWANCE
AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS
PURSUANT TO 11 U.S.C. § 503(b)(1) AND 11 U.S.C. § 365(d)(3)**

**PLEASE TAKE NOTICE** that on May 1, 2009, Ronus Meyerland Plaza L.P. and Johnson City Crossing L.P. filed their motion seeking allowance and payment of certain administrative claims.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)** Under Local Bankruptcy Rule 9013-1, unless a written response to the motion is filed with the Clerk of the Court and served on the moving parties, the Debtors, the trustee, and those parties as required by the Order Pursuant to the Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures (entered on November 13, 2008 at Docket No. 130) (the "Case Management Order") no later than five (5) business days before the scheduled hearing date, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you do not want the Court to approve the motion, or if you want the Court to consider your views on the motion, then you or your attorney must:

[X]  File with the Court, either electronically or at the address shown below, a written response pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive it on or before May 20, 2009 at 4:00 p.m.**

SUTHERLAND 8090673.1

       Clerk of Court
       United States Bankruptcy Court
       701 East Broad Street, Suite 4000
       Richmond, Virginia  23219

[X] Pursuant to the Case Management Order, you must also serve a copy of any written response and request for hearing by the foregoing date via electronic mail on the following:  (i) the Core Group, which includes the Debtors, co-counsel to the Debtors, the Office of the United States Trustee, co-counsel for any committee, counsel to the agents for the Debtors' prepetition lenders, and counsel to the agents for the Debtors' postpetition lenders;  (ii) the 2002 List; and (iii) those additional parties as required by the Case Management Order (all of which are defined in the Case Management Order), which can be found at www.kccllc.net/circuitcity.

[X] Attend a hearing  before the Honorable Kevin Huennekens, United States Bankruptcy Judge, **at 10:00 a.m. (Eastern Time) on May 28, 2009** at the United States Bankruptcy Court, Room 5000, 701 East Broad Street, Richmond, Virginia 23219.  **If you or your attorney do not attend the hearing, the Court may grant the relief requested in the motion.**

 If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested.

SUTHERLAND 8090673.1

Dated:  May 1, 2009  SUTHERLAND ASBILL & BRENNAN, LLP

*/s/ James J. Briody*
James J. Briody, Virginia Bar No. 32128
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 2004-2415
Telephone:  (202) 383-0100
Facsimile:  (202) 637-3593
jim.briody@sutherland.com

Attorneys for Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |
| _____ | |

**MOTION OF RONUS MEYERLAND PLAZA, L.P. AND
JOHNSON CITY CROSSING, L.P. FOR ALLOWANCE
AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS
PURSUANT TO 11 U.S.C. § 503(b)(1) AND 11 U.S.C. § 365(d)(3)**

RONUS MEYERLAND PLAZA, L.P. ("Meyerland") and JOHNSON CITY CROSSING, L.P. ("Johnson City"), by and through their undersigned counsel, hereby apply to this Court for allowance and payment of certain administrative claims pursuant to 11 U.S.C. § 503(b)(1) and 11 U.S.C. § 365(d)(3) (the "Motion"). In support of this Motion, Meyerland and Johnson City state the following:

1.  On November 10, 2008 (the "Petition Date"), Debtor Circuit City Stores, Inc. ("Debtor"), along with other related debtors, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Court authorized joint administration of the Debtors' cases (collectively "Debtors"). Debtors continue to operate as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

SUTHERLAND 8090673.1

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Sections 105(a), 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

3. From the Petition Date through March 10, 2009, Debtor operated a Circuit City store at the Johnson City Crossing Shopping Center, located on Peoples Street, in Johnson City, Tennessee, pursuant to a September 17, 1996 lease (the "Johnson City Lease") between Debtor and Johnson City. Debtor identified this location as Store # 3247. Debtor rejected this lease on March 10, 2009.

4. From the Petition Date through March 10, 2009, Debtor operated a Circuit City store at the Meyerland Plaza Shopping Center, located at the northeast intersection of Jackwood Street and Endicott Street, in the City of Houston, Texas, pursuant to a May 18, 2004 lease (the "Meyerland Lease") between Debtor and Meyerland. Debtor identified this location as Store # 3579. Debtor rejected this lease on March 10, 2009.

5. By utilizing these spaces as on-going business sites between the Petition Date and March 10, 2009, Debtor continued to profit from the sale of merchandise, thus increasing the value of the Debtors' estates. The fact that Debtor continued to utilize these leased premises post-petition is verification that the sites were a benefit to the Debtors' estates.

SUTHERLAND 8090673.1

      6.      The payments due under the above-referenced leases from the Petition Date through March 10, 2009 constitute administrative claims pursuant to 11 U.S.C. § 503(b)(1)(A).  Section 503(b) of the Bankruptcy Code provides in relevant part:

> After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after commencement of the case.

11 U.S.C. § 503(b).

      7.      In addition, Section 365(d)(3) requires the Debtors to pay all ongoing post-Petition Date rent and related charges as they become due, pending lease rejection.  Section 365(d)(3) of the Bankruptcy Code provides in relevant part:

> The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such leases is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

      8.      As this Court held in its February 12, 2009 Memorandum Opinion (Docket No. 2107), Debtors "must timely perform the obligations that arise from and after the order for relief under their Leases pursuant to § 365(d)(3), until any such Lease is assumed or rejected."  Opinion at 4.  With respect to November stub rent, the Court held that if the date for payment of November rent had not occurred

SUTHERLAND 8090673.1

as of the petition date, Debtor was obligated to pay the stub rent on the date required under the lease. *Id.* at 12. Where rent was due under the lease prior to the petition date, the time for performance is the same as for all other administrative expense claims upon confirmation of a plan. *Id.*

9. The total amount of rent and related charges owed by Debtor to Meyerland from the Petition Date through March 10, 2009 is $61,975.54, which consists of $32,687.90 of November 2008 rent, CAM charges, and water costs (from November 10 to November 30), $85.78 of December CAM charges, $127.69 of outstanding rent, CAM charges, and water in 2009 (from January 1 to March 10), $12,475.19 of 2008 real estate taxes (from November 10 to December 31), and $16,598.98 of 2009 real estate taxes (from January 1 to March 10).[1] Pursuant to this Court's February 12, 2009 Memorandum Opinion (Docket No. 2107), $12,688.66 of this amount (i.e., all amounts other than the November stub rent, CAM charges and water costs, and the 2009 real estate taxes) is due immediately as performance was required under Debtor's lease with Meyerland prior to rejection of that lease.

10. The total amount of rent and related charges owed by Debtor to Johnson City from the Petition Date through March 10, 2009 is $43,217.90, which consists of $21,727.15 of November 2008 rent and CAM charges (from November

---

[1] The 2009 real estate taxes are estimated applying the 2008 real estate tax rates.

10 to November 30, less a $73.72 CAM charge credit for November 10 to December 31), $10,046.49 of March 2009 rent and CAM charges (from March 1 to March 10), $4,910.52 of 2008 real estate taxes (from November 10 to December 31), and $6,533.74 of 2009 real estate taxes (from January 1 to March 10).[2] Pursuant to this Court's February 12, 2009 Memorandum Opinion (Docket No. 2107), $14,957.01 of this amount (i.e., all amounts other than the November stub rent and CAM charges and the 2009 real estate taxes) is due immediately as performance was required under Debtor's lease with Johnson City prior to rejection of that lease.

11.    Meyerland and Johnson City respectfully ask the Court to treat this Motion as a written memorandum of points and authorities and to waive the requirement of Local Bankruptcy Rule 9013-1(G).

WHEREFORE, Meyerland and Johnson City respectfully request that this Court enter the Order attached hereto approving the payment of $61,975.54 in administrative expenses to Meyerland and $43,217.90 in administrative expenses to Johnson City, order Debtor to immediately pay $12,688.66 to Meyerland and $14,957.01 to Johnson City in partial satisfaction of these administrative claims, and granting such other relief as this Court deems fair and just.

---

[2] The 2009 real estate taxes are estimated applying the 2008 real estate tax rates.

Dated: May 1, 2009  SUTHERLAND ASBILL & BRENNAN, LLP

*/s/ James J. Briody*
James J. Briody, Virginia Bar No. 32128
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 2004-2415
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
jim.briody@sutherland.com

Attorneys for Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

**ORDER APPROVING MOTION OF RONUS MEYERLAND PLAZA, L.P. AND JOHNSON CITY CROSSING, L.P. FOR ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(1) AND 11 U.S.C. § 365(d)(3)**

AND NOW, this ____ day of _____, 2009, having considered the *Motion of Ronus Meyerland Plaza, L.P. and Johnson City Crossing, L.P. for Allowance and Payment of Certain Administrative Claims Pursuant to 11 U.S.C. § 503(b)(1)* and *11 U.S.C. § 365(d)(3)* (the "Motion"); and it appearing that service of the Motion was proper; and after hearing and consideration of any objections to the Motion; it appears that cause exists for granting the relief requested in the Motion; it is hereby

ORDERED that the Motion is granted in full;

ORDERED that Debtor Circuit City Stores, Inc. pay the § 503(b) post-petition administrative claims to Ronus Meyerland Plaza, L.P. ("Meyerland") for $61,975.54 and to Johnson City Crossing, L.P. ("Johnson City") for $43,217.90;

ORDERED that, in partial satisfaction of these administrative claims, Debtor shall immediately pay $12,688.66 to Meyerland and $14,957.01 to Johnson City;

SUTHERLAND 8090673.1

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order; and

ORDERED that this Order shall be enforceable and effective immediately upon its entry.

_____
THE HONORABLE KEVIN HUENNEKENS
U.S. Bankruptcy Court Judge

SUTHERLAND 8090673.1

# **CERTIFICATE OF SERVICE**

That on the 1st day of May, 2009, I caused the foregoing to be (i) electronically filed with the Clerk of the Bankruptcy Court using the CM/ECF System, which causes notices of the electronic filing to be served all registered users of the CM/ECF System that have filed notices of appearance, and (ii) electronically mailed to all parties on the "Core Group Service List" and "Rule 2002 Service List" maintained on the website of the Debtors' Court-approved noticing agent in accordance with the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures.

*/s/ James J. Briody*
James J. Briody, Virginia Bar No. 32128