Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
         IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION
- - - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               : Tax ID No. (54-0493875)
              Debtors.         :
                               : Jointly Administered
- - - - - - - - - - - - - - - x
```

**MOTION OF DEBTORS FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503, AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING AND OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1]

---

[1] The Debtors and the last four digits of their respective taxpayer
*(cont'd)*

hereby move (the "Motion") this Court for entry of an order (the "Order") pursuant to sections 105 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) setting an administrative bar date and procedures for filing and objecting to administrative expense requests, and (ii) approving the form and manner of notice thereof.  In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

*(cont'd from previous page)*
identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

2

these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 503.  Such relief is warranted pursuant to Bankruptcy Rules 2002 and 9007.

## BACKGROUND

3.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining

3

567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of March 8, 2009, the going out of business sales had concluded.

## RELIEF REQUESTED

7.   By this Motion, the Debtors seek entry of an order (i) fixing June 30, 2009 at 5:00 p.m. (Pacific time) as the administrate bar date (the "Administrative Bar Date") within which certain Administrative Expense Requests (as defined herein) against the Debtors must be filed; and (ii) establishing Administrative Bar Date procedures.  In addition, this Motion seeks approval of the Debtors' proposed notice of the Administrative Bar Date (the "Administrative Bar Date Notice"), substantially in the form attached to Order as Exhibit A.

## BASIS FOR RELIEF

8.   At this stage of the Debtors' cases, the Debtors believe that establishing an Administrative Bar Date will help facilitate an orderly liquidation of

4

their estates and, ultimately, confirmation of a plan of liquidation.

9. **Definition of Administrative Expense.** For purposes of the Administrative Bar Date, the Debtors propose that the term "Administrative Expense" mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal property, accrued) from and after November 10, 2008, i.e., the Petition Date, through and including

5

**April 30, 2009** (such period between the Petition Date and April 30, 2009, the "Administrative Period").

10. The Debtors propose that a request for payment of an Administrative Expense (each an "Administrative Expense Request") be filed by on or before June 30, 2009 -- the Administrative Bar Date -- by all holders, including (without limitation) persons, entities, individuals, partnerships, corporations, estates, trusts, indenture trustees, unions and governmental units, of an Administrative Expense.

11. **Excluded Administrative Expense Holders**. Nevertheless, the Debtors request that the following holders need not file an Administrative Expense Request:

   (i) Parties that have already properly filed an Administrative Expense Request with the Court or Kurtzman Carson Consultants LLC (the "Claims Agent") that clearly sets forth that such party is asserting an Administrative Expense;

   (ii) Parties whose Administrative Expense has been previously allowed by order of the Court;

   (iii) A Debtor or Debtors holding an Administrative Expense against one or more other Debtors; and

   (iv) Professional advisors (i.e., attorneys, financial advisors,

6

>accountants, claims agents) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases.

12. The Debtors also request that any holder of a 503(b)(9) administrative claim (each a "503(b)(9) Holder"), which claim/expense was required to be filed by December 19, 2008 (the "503(b)(9) Bar Date"), pursuant to order of this Court (Docket No. 145), **not** now be permitted to file an Administrative Expense Request.  As set forth in the order establishing the 503(b)(9) Bar Date, any person or entity holding a claim/expense pursuant to Bankruptcy Code section 503(b)(9) that failed to file a claim/expense request on or before December 19, 2008, is forever barred and estopped from asserting a claim/expense pursuant to Bankruptcy Code section 503(b)(9) against the Debtors, their estates, or the property of any of them, absent further order of the Court.  **This Motion is not a request by the Debtors for an extension of such deadline**.

7

13. The Debtors propose, through the Administrative Bar Date Notice, to advise holders of potential Administrative Expenses that if they fail to file a request for payment of their Administrative Expense by the Administrative Bar Date, such holders (a) will be forever barred and estopped from asserting their Administrative Claim(s) against the Debtors and/or their estates and (b) will not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expenses.

14. **Notice of the Administrative Bar Date.** To provide ample time for (i) mailing the Administrative Bar Date Notice and (ii) allowing holders of Administrative Expenses a reasonable opportunity to prepare and file Administrative Expense Requests, the Debtors are requesting that this Court fix **June 30, 2009 at 5:00 p.m. (Pacific time)** as the Administrative Bar Date, with notices to be mailed no later than **May 15, 2009**. An **June 15, 2009** Administrative Bar Date and a **May 15, 2009** mailing date will allow a period of over

8

forty-five (45) days for holders of Administrative Expense to file Administrative Expense Requests, which is more than adequate notice of the Administrative Bar Date.

15. The Debtors intend (i) to mail the Administrative Bar Date Notice to all known and reasonably ascertainable creditors by **May 15, 2009**, and (ii) to publish a notice in a form substantially similar to the Administrative Bar Date Notice in the national edition of the Wall Street Journal, the international edition of the Financial Times, and the Richmond Times Dispatch no later than **May 15,2009**.

16. **Form of Administrative Expense Request**. The Debtors request that to be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States currency, (c) specify the Debtor against which the claimant asserts the Administrative Expense, (d) set forth with specificity the legal and factual basis for the Administrative Expense and (e) have attached to it supporting documentation upon which the claimant will rely to support the Request.

17. In addition, the Debtors request that holders of Administrative Expense be required to specifically set forth, in their Administrative Expense Request, the full name of the Debtor against whom the Administrative Claim is filed and that such holders not be permitted to aggregate Administrative Expenses against multiple Debtors in a single Request.

18. **Procedure for Filing Requests**. The Debtors request that, for any Administrative Expense Request to be validly and properly filed, a signed original of the completed Administrative Expense Request, together with accompanying documentation, be required to be delivered to the Claims Agent, at the address set forth on the Administrative Bar Date Notice so as to be received no later than 5:00 p.m., Pacific Time, on June 30, 2009. The Debtors propose that holders of Administrative Expenses be permitted to submit Administrative Expense Requests in person, by courier, hand delivery or by mail, but not by facsimile or other electronic means. Administrative Expense Requests shall be deemed filed when actually <u>received</u> by the Claims Agent. If a holder of an Administrative Expense wishes

10

to receive acknowledgment of the Debtors receipt of such creditor's Administrative Expense Request, such holder of an Administrative Expense must submit a copy of the applicable Administrative Expense Request and a self-addressed, stamped envelope.

19. **Procedures for Hearing and Objecting to Requests.**  Lastly, the Debtors further request that holders of Administrative Expense Requests file their Administrative Expense Requests with the Court appointed claims' agent, rather than with the Court.  This will enable the Debtors to orderly review and reconcile any filed Administrative Expense Requests.

20. Following the Administrative Expense Bar Date, the Debtors will begin the process of reconciling Administrative Expense Requests.  To the extent any improper Administrative Expense Requests are filed, the Debtors will object to such Administrative Expense Requests at least thirty days prior to a scheduled hearing (unless such period is shortened by order of the Court), to which the holder of such Administrative Expense Request will have an opportunity to respond.

21. The Debtors also submit that the procedures (the "Omnibus Objection Procedures") approved by this Court in the Order Establishing Omnibus Objection Procedures And Approving The Form And Manner Of Notice Of Omnibus Objections apply to Administrative Expense Requests should apply to objections to Administrative Expense Requests only to the extent such Omnibus Objection Procedures are not inconsistent with this Motion, the Order, or the Administrative Bar Date Notice. To the extent there is a conflict between the Omnibus Objection Procedures and this Motion, the Order, or the Administrative Bar Date Notice, the Motion, the Order, or Administrative Bar Date Notice, as applicable, shall control.

22. Notwithstanding the foregoing procedures, the Debtors submit that it would be inappropriate to shift any burdens of proof with respect to the Administrative Expenses. Thus, the Debtors request that this Court order that nothing in this Motion, the Order, or the Administrative Bar Date Notice should be deemed to shift the burdens of proof pertaining to Administrative Expenses.

**APPLICABLE AUTHORITY**

23.  The Debtors now seek to establish a Administrative Bar Date to determine what, if any, Administrative Expenses are (or remain) asserted against the Debtors.

24.  Bankruptcy Code section 503(a) provides that "an entity may timely file a request for payment of an administrative expense" 11 U.S.C. § 503(a) (emphasis added).  Pursuant to Bankruptcy Code section 105, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of Bankruptcy Code 503(a).  Read together, these two provisions authorize approval of a deadline to file Administrative Expense Requests.

25.  Bankruptcy Code sections 105 and 503, together with and Bankruptcy Rule 9007, permit the Court to approve the proposed administrative expense filing procedures and to approve the form, manner and sufficiency of notice of the Administrative Bar Date.  See Fed. R. Bankr. P. 9007 (authorizing the Court to order the form and manner of notice and the time within which it must given).

13

26. The Debtors submit that approval of the proposed procedures for form of, filing, and objections to Administrative Expense Requests and the form, manner and sufficiency of notice of such procedures and the Administrative Bar Date satisfy the foregoing standard.

27. Moreover, establishing an administrative bar date is a critical element for the Debtors to proceed with the orderly and efficient administration of these cases for the benefit of their estates, creditors and other parties-in-interest. The Debtors are, among other things, liquidating their remaining assets, reconciling and objecting to Administrative Expense Requests previously filed with the Court, reconciling and objecting to Bankruptcy Code section 503(b)(9) administrative claims/expense, and evaluating contracts and leases to be assumed or rejected. As these and other activities continue, the Debtors are in the early stages of drafting a plan of liquidation, which will necessarily require an analysis of Administrative Expenses. Before finalizing such a plan, the Debtors must know the full nature, extent and scope of the Administrative Expenses during the Administrative Period

asserted against the Debtors and their estates so that they can estimate distributions and the amounts required to be reserved by the terms of a plan.  Accordingly, it is in the best interests of the Debtors and their estates for the Court to grant the relief requested herein.

28. Moreover, in this instance, the Debtors have provided adequate notice of this Motion and will provide sufficient notice of the Administrative Bar Date to all potential holders of Administrative Expenses and parties-in-interest.  The Debtors will also publish notice of the Administrative Bar Date in the national edition of the Wall Street Journal, the international edition of the Financial Times, and the Richmond Times Dispatch.  Holders of Administrative Expenses against Debtors will have in excess of the twenty-day period prescribed by Bankruptcy Rule 2002(a)(7), which specifically applies to filing proofs of claims, for notice of the Administrative Bar Date.  Additionally, given the size and notoriety of these cases, holders of Administrative Expenses will have additional notice of the filing and Administrative Bar Date.

**NOTICE**

29. Notice of this Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

30. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

31. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: May 1, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession