Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - -   x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
            Debtors.            :
- - - - - - - - - - - - - - -   x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503
AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING
ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING AND
OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

          Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 503 and

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

Bankruptcy Rules 2002 and 9007 (i) setting an

administrative bar date and procedures for filing and

objecting to administrative expense requests, and

(ii) approving the form and manner of notice thereof;

and the Court having determined that the relief

requested, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Motion is GRANTED.

2.   All holders of or those wishing to assert

an Administrative Expense, including (without limitation)

persons, entities, individuals, partnerships,

corporations, estates, trusts, indenture trustees,

unions and governmental units, must file an

Administrative Expense Request on or before **5:00 p.m.

(Pacific) on June 30, 2009** -- the Administrative Bar

Date -- in accordance with the procedures set forth
below.

       3.   Notwithstanding the preceding paragraphs,
the following holders need not file an Administrative
Expense Request:

     (i)     Parties that have already properly
filed an Administrative Expense
Request with the Court or the Claim
Agent that clearly sets forth that
such party is asserting an
Administrative Expense;

    (ii)    Parties whose Administrative Expense
has been previously allowed by order
of the Court;

   (iii)    A Debtor or Debtors holding an
Administrative Expense against one
or more other Debtors; and

    (iv)    Professional advisors (i.e.,
attorneys, financial advisors,
accountants, Expenses agents)
retained by the Debtors or the
Creditors' Committee under
Bankruptcy Code sections 327, 328 or
1103 and whose Administrative
Expense is for services rendered and
reimbursement of expenses in these
Chapter 11 cases.

       4.   Any holder of a 503(b)(9) administrative
claim (each a "503(b)(9) Holder"), who was required to
file his claim/expense by December 19, 2008 (the
"503(b)(9) Bar Date"), pursuant to the order of this

3

Court, is not now permitted to file an Administrative
Expense Request.  As set forth in the order establishing
the 503(b)(9) Bar Date, any person or entity holding a
claim/expense pursuant to Bankruptcy Code section
503(b)(9) that failed to file a claim/expense request on
or before December 19, 2008, is forever barred and
estopped from asserting a claim/expense pursuant to
section 503(b)(9) against the Debtors, their estates, or
property of any of them, absent further order of the
Court.

5.   To be considered, each Administrative
Expense Request must (a) be in writing, (b) be
denominated in lawful United States Currency,
(c) specify the Debtor against which the claimant
asserts the Administrative Expense, (d) set for the with
specificity the legal and factual basis for the
Administrative Expense, and (e) have attached to it
supporting documentation upon which the claimant will
rely to support the Request.

6.   In addition, each Administrative Expense
Request must specifically set forth the full name of the
Debtor against whom the Administrative Expense is filed.

4

Administrative Expenses against multiple Debtors may <u>not</u> be aggregated in a single Request.

7.    The Debtors shall serve the Administrative Bar Date Notice substantially in the form of the notice attached hereto as Exhibit A by first class mail on or before May, 15, 2009 to all known and reasonably ascertainable creditors or holders of Administrative Expenses.

8.    The Debtors shall publish a notice in a form substantially similar to the Administrative Bar Date Notice in the national edition of the Wall Street Journal, the international edition of the Financial Times, and the Richmond Times Dispatch no later than May 15, 2009.

9.    All Administrative Expense Requests filed by mail, hand, or overnight courier shall be addressed to:

> Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

10.    An Administrative Expense Request is deemed filed only when the Administrative Expense

Request is received by the Claims Agent at the above

address.  Administrative Expense Requests submitted by

facsimile or other electronic means shall be rejected by

the Claims Agent and will not be deemed filed.

11.  Any person or entity holding or wishing

to assert Administrative Expenses against more than one

Debtor must file a separate Administrative Expense

Request in the case of each Debtor against which the

creditor believes it holds an Administrative Expense and

must identify on their Administrative Expense Request

the particular Debtor against which their Administrative

Expense is asserted and the case number of that Debtor's

bankruptcy case.  An Administrative Expense Request

listing no reference to a particular Debtor or an

Administrative Expense Request listing all of the

Debtors will be deemed filed against Circuit City Stores,

Inc., Case No. 08-35653.

12.  Any person or entity that is required,

but fails, to file an Administrative Expense Request for

its Administrative Expense in accordance with the

procedures set forth in this order on or before the

Administrative Bar Date (a) shall be forever barred,

6

estopped, and enjoined from asserting any Administrative

Expense against the Debtors and the Debtors shall be

forever discharged from any and all indebtedness or

liability with respect to such Administrative Expenses

and (b) shall not be permitted to receive payment from

the Debtors' estates or participate in any distribution

under any plan or plans of liquidation in the Debtors'

chapter 11 cases on account of such Administrative

Expenses.

13.    Nothing in this Order shall, or shall be

deemed to, prejudice the Debtors' right to object to

(i) any claim/expense, whether filed or scheduled (e.g.,

as contingent, unliquidated or disputed), and (ii) any

Administrative Expense on any ground, or to dispute, or

to assert offsets against or defenses to, any

claim/expense (Administrative or otherwise), as to

amount, liability, classification, or otherwise, and to

subsequently designate any claim/expense as disputed,

contingent or unliquidated.

14.    To the extent not inconsistent with the

Motion, this Order, or the Administrative Bar Date

Notice, the procedures (the "Omnibus Objection

Procedures") approved by this Court (and attached as
Exhibit B hereto) by the Order Establishing Omnibus
Objection Procedures And Approving The Form And Manner
Of Notice Of Omnibus Objections (D.I. 2881) shall apply
to omnibus objections to Administrative Expense Requests.
To the extent there is a conflict between the Omnibus
Objection Procedures and the Motion, this Order, or the
Administrative Bar Date Notice, the Motion, the Order,
or Administrative Bar Date Notice, as the case may be,
shall control.

15.   To the extent the Debtors object to an
Administrative Expense Request, such objection must be
filed at least thirty days prior to the proposed hearing
on such objection (unless such period is shortened by
the Court), to which the holder(s) of such
Administrative Expense Request will have an opportunity
to respond no later than five business days prior to the
hearing on such objection.

16.   Nothing in the Motion, this Order, or the
Administrative Bar Date Notice shall be construed as
shifting or deemed to shift the burdens of proof
pertaining to Administrative Expenses.

8

17.   Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of an Administrative Expense that is specifically excluded from the requirements to file an Administrative Expense Request by this Order must file an Administrative Expense Request.

18.   The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

19.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:      Richmond, Virginia
            May ___, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

      - and -

/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000
Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley___
Douglas M. Foley

**<u>EXHIBIT A</u>**

**(Form of Notice)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                            : Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        : Case No. 08-35653
et al.,                           :
                                  : Jointly Administered
            Debtors.              :
- - - - - - - - - - - - - - x

## NOTICE OF DEADLINE
## FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AND ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE EXPENSE REQUEST - PLEASE READ THE FOLLOWING CAREFULLY**

On May [_], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Administrative Bar Date Order") in the above captioned chapter 11 cases establishing **June 30, 2009 at 5:00 p.m. (Pacific Time)** as the administrative expense bar date (the "Administrative Bar Date") in the chapter 11 cases of the

above-captioned debtors and debtors in possession (collectively,
the "Debtors").[1]  Except as described below, the Administrative
Bar Date Order requires all persons or entities holding an
Administrative Expense (as defined below) first arising (or,
only in the case of unexpired leases of real and personal
property, accruing) from and after November 10, 2008 (the
"Petition Date"), through and including **April 30, 2009** (such
period between the Petition Date and April 30, 2009, the
"Administrative Period") against any of the Debtors listed on
page 4 below, to file a request for payment of such
Administrative Expense (an "Administrative Expense Request") so
that such Administrative Expense Request is received on or
before **5:00 p.m., Pacific Time, on June 30, 2009** -- the
Administrative Bar Date -- at the following address if delivered
by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE
BANKRUPTCY COURT.**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense"
shall mean, as to or against any of the Debtors (a) any right to
payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured; or
(b) any right to an equitable remedy for breach of performance
if such breach gives rise to a right to payment, whether or not
such right to an equitable remedy is reduced to judgment, fixed,
contingent, matured, unmatured, disputed, undisputed, secured or
unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or
503(b), including 503(b)(1) through (b)(8) of the Bankruptcy
Code, but excluding section 503(b)(9), and (2) first arose (or,
only in the case of unexpired leases of real and personal
property, accrued) from and after November 10, 2008, _i.e._, the

---

[1]  **The Debtors and the last four digits of their respective taxpayer
identification numbers are set forth at the end of this Notice.  The
address for each of the Debtors is 4951 Lake Brook Drive, Glen
Allen, Virginia 23060.**

2

Petition Date, through and including April 30, 2009, *i.e.*, the
Administrative Period.

### EXCLUSION OF 503(B)(9) ADMINISTRATIVE
### CLAIMANTS FROM ADMINISTRATIVE BAR DATE.

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request.  As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

### PERSONS OR ENTITIES WHO MUST FILE
### ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Administrative Bar Date Order, all
persons and entities (each as defined in the Bankruptcy Code)
holding one or more Administrative Expenses against the Debtors,
including, without limitation, any Administrative Expenses held
by the officers and directors of the Debtors no longer employed
or serving as of April 30, 2009, former employees of the Debtors
no longer employed as of April 30, 2009, indemnitees,
individuals, partnerships, corporations, estates, trusts,
indenture trustees, unions, governmental units, and non-Debtor
parties to any unexpired leases or executory contracts
(collectively the "Agreements") (individually, an "Entity" and
collectively, "Entities") with any of the Debtors who allege
that any amounts arising or accruing under any of the Agreements
from and after the Petition Date are due, owing and unpaid as of
April 30, 2009, are required to file an Administrative Expense
Request on or before the Administrative Expense Bar Date.

### PERSONS OR ENTITIES WHO NEED NOT FILE
### ADMINISTRATIVE EXPENSE REQUEST

The following Entities are not at this time required
to file an Administrative Expense Request:

1.    Entities that have already properly filed an

3

Administrative Expense Request with the Court or KCC that
clearly sets forth that such party is asserting an
Administrative Expense.

    2.    Entities whose Administrative Expense has been
previously allowed by order of the Court.

    3.    Debtors holding an Administrative Expense against
another Debtor.

    4.    Professional persons (i.e., attorneys, financial
advisors, accountants, investment bankers, real estate advisors,
"ordinary course professionals") retained by the Debtors or the
Creditors' Committee under Bankruptcy Code sections 327, 328 or
1103 and whose Administrative Expense is for services rendered
and reimbursement of expenses in these Chapter 11 cases;
provided, further, that any professional retained by court order
under Bankruptcy Code section 327, 328 or 1103 need not submit a
request for reimbursement of any expense under section 503(b)
for any period subsequent to the Petition Date until such
professional is so required under the Bankruptcy Code,
Bankruptcy Rules and orders of the Court.

### INFORMATION THAT MUST BE INCLUDED WITH
### YOUR ADMINISTRATIVE EXPENSE REQUEST

    To be considered, each Administrative Expense Request
must (a) be in writing, (b) be denominated in lawful United
States Currency, (c) specify the Debtor against which the Entity
asserts the Administrative Expense (see additional requirements
below), (d) set for the with specificity the legal and factual
basis for the Administrative Expense, and (e) have attached to
it supporting documentation upon which the claimant will rely to
support the Administrative Expense Request.

### FILING ADMINISTRATIVE EXPENSE REQUESTS
### AGAINST MULTIPLE DEBTORS

    Any Entity asserting Administrative Expenses against
more than one Debtor must file a separate Administrative Expense
with respect to each such Debtor.  All Entities must identify in
their Administrative Expense Request the particular Debtor
against which their Administrative Expense is asserted and the
case number of that Debtor's bankruptcy case.  An Administrative
Expense Request listing no reference to a particular Debtor or
an Administrative Expense Request listing all of the Debtors

4

will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

### CONSEQUENCES OF FAILURE TO FILE
### ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Expense that is required to file (but fails to file) an Administrative Expense Request in accordance with the procedures set forth herein on or before the Administrative Bar Date (a) shall be forever barred, estopped, and enjoined from asserting any Administrative Expense against the Debtors and the Debtors (shall be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense and (b) shall not be permitted to receive payment from the Debtors' estates or participate in any distribution under any plan or plans of liquidation in the Debtors' chapter 11 cases on account of such Administrative Expense.**

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of Administrative Expense Request, together with accompanying documentation, must be **delivered so as to be received** no later than 5:00 p.m., Pacific Time on [_], **2009**, at the following address by mail, hand delivery or overnight courier:

> Circuit City Stores, Inc., **et al.**
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

**Any Administrative Expense Request submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such Administrative Expense Request is submitted by the method described in the foregoing sentence. Administrative Expense Requests will be deemed filed only when actually received at the address listed above.** If you wish to receive acknowledgment of the Debtors' receipt of your Administrative Expense Request, you must also submit a copy of your Administrative Expense Request and a self-addressed, stamped envelope.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED MAY __, 2009.

**EXHIBIT B**

**(Omnibus Objection Procedures Previously Approved By
Order Of The Bankruptcy Court)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
             Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x


               **ORDER ESTABLISHING OMNIBUS OBJECTION
                PROCEDURES AND APPROVING THE FORM AND
                MANNER OF NOTICE OF OMNIBUS OBJECTIONS**

        Upon the motion (the "Motion")[1] of the above-captioned

debtors (collectively, the "Debtors") for the entry of an

order (the "Order") approving (a) procedures for filing

omnibus objections to Claims asserted in the above-captioned

---
[1]     Capitalized terms used but not otherwise defined herein shall have
the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form

and manner of the notice of objections (the "Notice of

Omnibus Objection"); and it appearing that the relief

requested in the Motion is in the best interests of the

Debtors' estates, their creditors and other parties in

interest; the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; consideration of the Motion and the

relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the

Motion having been provided to all necessary and appropriate

parties, including pursuant to the Court's Order Pursuant to

Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002

and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1

Establishing Certain Notice, Case Management, and

Administrative Procedures entered by the Court on November

13, 2008, and no further notice being necessary; and after

due deliberation and sufficient cause appearing therefor, it

is hereby **ORDERED, ADJUDGED and DECREED** that

1.    The Motion is granted in its entirety.

2.    The Debtors are authorized to file Omnibus

Objections to the Claims pursuant to the Omnibus Objection

Procedures, substantially in the form annexed hereto as

Exhibit 1, which are hereby approved in their entirety.

3.   The Notice of Omnibus Objection, substantially in

the form annexed hereto as Exhibit 2, but which may be

modified from time to time, as necessary and appropriate, to

address issues specific to particular claimants and/or

certain types of Omnibus Objections, is hereby approved as

the form by which the Debtors shall provide notice to

claimants whose Claims are the subject of the applicable

Omnibus Objection.

4.   The Debtors' claims and noticing agent, Kurtzman

Carson Consultants LLC agent is authorized to take all

actions necessary to effectuate the relief granted pursuant

to this Order in accordance with the Motion.

5.   The terms and conditions of this Order shall be

immediately effective and enforceable upon its entry.

6.   The Court retains jurisdiction with respect to all

matters arising from or related to the implementation of

this Order.

DATED:   Richmond, Virginia
         _____, 2009


         _____
         UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing order has been endorsed by or
served upon all necessary parties.


                            /s/ Douglas M. Foley


4

**EXHIBIT 1**
**OMNIBUS OBJECTION PROCEDURES**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x


        **PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

        Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections (Docket No. ___) (the "Order")[1] entered
by the Bankruptcy Court on March [__], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

_____
[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection
Procedures").

**Omnibus Objection Procedures**

1.    **Form of Omnibus Objection**.    Omnibus Objections
will be numbered consecutively, regardless of basis.

2.    **Number of Proofs of Claim per Omnibus Objection**.
The Debtors may object to no more than 500 Claims per
Omnibus Objection.

3.    **Grounds for Omnibus Objection**.    The Debtors may
object to the Claims on any grounds.

4.    **Supporting Documentation**. To the extent
appropriate, Omnibus Objections may be accompanied by an
affidavit or declaration that states that the affiant or the
declarant has reviewed the Claims included therein and
applicable supporting information and documentation provided
therewith, made reasonable efforts to research the Claim on
the Debtors' books and records and believes such
documentation does not provide prima facie evidence of the
validity and amount of such Claims.

5.    **Claims Exhibits**.    An exhibit listing the Claims
that are subject to the Omnibus Objection will be attached
to each Omnibus Objection. Each exhibit will only contain
those Claims to which there is a common basis for the
Omnibus Objection.    Claims for which there is more than one
basis for an Omnibus Objection will be referenced on each
applicable exhibit. Each exhibit will include, among other
things, the following information: (a) an alphabetized list
of the claimants whose Claims are the subject of the Omnibus
Objection; (b) the claim numbers of the Claims that are the
subject of the Omnibus Objection; (c) the grounds for the
objections that are the subject of the Omnibus Objection;
and (d) a reference to the exhibit of the Omnibus Objection
in which the ground(s) for the objection is discussed.
Where applicable, additional information may be included in
the exhibits, including: for Claims that the Debtors seek to
reclassify, the proposed classification of such claims; for
Omnibus Objections in which the Debtors seek to reduce the
amount of Claims, the proposed reduced claim amount; and for
Claims that the Debtors propose to be surviving claims where
related claims will be disallowed the surviving claim.

6.    **Omnibus Objection Notice**.  Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as <u>Exhibit 2</u>.  The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.    **Status Hearings**.  Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.  Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.  If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.    **Order if No Response**.  The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.    **Each Objection Is a Contested Matter**.  Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Requirements For All Responses To Objections

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.  If a

3

claimant whose Claim is subject to an Omnibus Objection does
not file and serve a Response in compliance with the
procedures below, the Bankruptcy Court may sustain the
Omnibus Objection with respect to such Claims without
further notice to the claimant.

    1.   **Contents**.  To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

      a.   a caption setting forth the name of the
Bankruptcy Court, the name of the Debtors,
the case number and the title of the Omnibus
Objection to which the Response is directed;

      b.   the claimant's name and an explanation for
the amount of the Claim;

      c.   a concise statement, executed by (or
identifying by name, address and telephone
number) a person with personal knowledge of
the relevant facts that support the Response,
setting forth the reasons why the Bankruptcy
Court should overrule the Omnibus Objection
as to the claimant's claim, including,
without limitation (to the extent not set
forth in its proof of claim), the specific
factual and legal bases upon which the
claimant intends to rely in support of its
Response and its underlying Claim;

      d.   a copy of or identification of any other
documentation or other evidence of the Claim,
to the extent not already included with the
Claim that the claimant presently intends to
introduce into evidence in support of its
Claim at the hearing; _provided_, _however_, that
for a Response filed in support of a Claim
arising out of a lease of real property, the
Response need not attach such lease if the
claimant indicates its willingness to provide
such documentation upon request;

e.  a declaration of a person with personal
knowledge of the relevant facts that support
the Response; and

f.  the claimant's address, telephone number and
facsimile number and/or the name, address,
telephone number and facsimile number of the
claimant's attorney and/or designated
representative to whom the attorneys for the
Debtors should serve a reply to the Response,
if any (collectively, the "Notice Address").
If a Response contains Notice Address that is
different from the name and/or address listed
on the Claim, the Notice Address will control
and will become the service address for
future service of papers with respect to all
of the claimant's Claims listed in the
Omnibus Objection (including all Claims to be
disallowed and the surviving Claims) and only
for those Claims in the Omnibus Objection.

g.  To the extent such person differs from the
person identified pursuant to subjection e,
above, the name, address, telephone number,
facsimile number, and electronic mail address
of the representative of the claimant (which
representative may be the claimant's counsel)
party with authority to reconcile, settle or
otherwise resolve the Omnibus Objection on
the claimant's behalf (the "Additional
Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the
Additional Address will not become the
service address for future service of papers.

2.  **Failure to File a Timely Response**.  If the
claimant fails to file and serve a Response on or before the
Response Deadline in substantial compliance with the
procedures set forth herein, the Debtors may present to the
Bankruptcy Court an appropriate order granting the relief
requested in the Omnibus Objection without further notice to
the claimant.

3.  **Service of the Response**.  A written Response to an
Omnibus Objection, consistent with the requirements
described herein and in the Notice, will be deemed timely

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

```
SKADDEN, ARPS, SLATE, MEAGHER  MCGUIREWOODS LLP
& FLOM, LLP                    One James Center
One Rodney Square              901 E. Cary Street
PO Box 636                     Richmond, VA 23219
Wilmington, DE 19899-0636      Attn: Dion W. Hayes
Attn: Gregg M. Galardi         Attn: Douglas M. Foley
Attn: Ian S. Fredericks

          - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson
```

        4.   **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.

**EXHIBIT 2**
**FORM OF NOTICE**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                         RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - x


                    NOTICE OF THE DEBTORS'
            [_____] OMNIBUS OBJECTION TO CLAIMS

    **PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' [_____] Omnibus Objection
to Claim (the "Omnibus Objection") with the Bankruptcy
Court.  A copy of the Omnibus Objection is attached to this
notice (this "Notice") as <u>Exhibit 1</u>.  By the Omnibus
Objection, the Debtors are seeking to disallow Claims (as
defined herein) on the ground that the Claims are:
[_____]

    **PLEASE TAKE FURTHER NOTICE THAT** on March [___], 2009,
the Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. ___) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (collectively, the "Claims") in
connection with the above-captioned chapter 11 cases (the
"Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow
claims, including your claim(s), listed below in the "Claim
to Be Disallowed" row but does not seek to alter your claim
listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | | |
| | Surviving Claim | | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY
THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE
(INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY
AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN
ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT
MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED
AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A
HEARING.**

## Critical Information for Claimants
## Choosing to File a Response to the Omnibus Objection

<u>Who Needs to File a Response</u>:  If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtors before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on [___], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

3

```
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

                    - and -

```
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson
```

        The status hearing on the Omnibus Objection will be held at **[____] a.m./p.m. prevailing Eastern Time on [_____], 2009 at:**

                United States Bankruptcy Court
                701 East Broad Street – Courtroom 5100
                Richmond, Virginia 23219

        If you file a timely Response, in accordance with the Omnibus Objection Procedures, you do not need to appear at the status hearing on the Omnibus Objection.

**Procedures for Filing a Timely Response and Information
Regarding the Hearing on the Omnibus Objection**

        **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

                a.    a caption setting forth the name of the
                      Bankruptcy Court, the name of the Debtors,
                      the case number and the title of the Omnibus
                      Objection to which the Response is directed;

4

b.   the claimant's name and an explanation for
     the amount of the Claim;

c.   a concise statement, executed by (or
     identifying by name, address and telephone
     number) a person with personal knowledge of
     the relevant facts that support the Response,
     setting forth the reasons why the Bankruptcy
     Court should overrule the Omnibus Objection
     as to the claimant's claim, including,
     without limitation (to the extent not set
     forth in its proof of claim), the specific
     factual and legal bases upon which the
     claimant intends to rely in support of its
     Response and its underlying Claim;

d.   a copy of or identification of any other
     documentation or other evidence of the Claim,
     to the extent not already included with the
     Claim that the claimant presently intends to
     introduce into evidence in support of its
     Claim at the hearing; provided, however, that
     for a Response filed in support of a Claim
     arising out of a lease of real property, the
     Response need not attach such lease if the
     claimant indicates its willingness to provide
     such documentation upon request;

e.   a declaration of a person with personal
     knowledge of the relevant facts that support
     the Response; and

f.   the claimant's address, telephone number and
     facsimile number and/or the name, address,
     telephone number and facsimile number of the
     claimant's attorney and/or designated
     representative to whom the attorneys for the
     Debtors should serve a reply to the Response,
     if any (collectively, the "Notice Address").
     If a Response contains Notice Address that is
     different from the name and/or address listed
     on the Claim, the Notice Address will control
     and will become the service address for
     future service of papers with respect to all
     of the claimant's Claims listed in the
     Omnibus Objection (including all Claims to be

5

disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

g.   To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

**Additional Information**

**Requests for Information**. You may also obtain a copy of the Omnibus Objection or related documents on the

internet, by accessing the website of the Debtors at
www.kccllc.net/circuitcity.

    **Reservation of Rights**.   Nothing in this Notice or the
Omnibus Objection constitutes a waiver of the Debtors' right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you of the Debtors.   Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date.   In such event, you will receive a
separate notice of any such objections.

Dated: March __, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_____ _____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession