# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) | Case No. 08-35653 (KRH) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Kevin R. Huennekens |

### ADMINISTRATIVE CLAIM REQUEST OF SIR BARTON, LLC
### PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(a) AND (b)

Sir Barton, LLC, by and through its undersigned attorneys, hereby files this request for allowance[1] of administrative expense obligations pursuant to 11 U.S.C. §§ 365(d)(3) and 503(a) and (b) with respect to claims arising under a nonresidential real property lease between Sir Barton, as lessor, and the above-captioned debtor (the "Debtor"), as lessee, and respectfully represents in support thereof as follows:

### BACKGROUND

1. On November 10, 2008 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtor continued in the operation of its business of management of its properties as a debtor-in-possession pursuant to Sections §§ 1107 and 1108 of the Bankruptcy Code.

3. Pursuant to a lease dated as of May 9, 2003 between Sir Barton, as lessor, and the Debtor, as lessee, as such lease has been amended from time to time (the

---

[1] Sir Barton seeks only allowance of its administrative expense claim herein, consistent with this Court's Memorandum Opinion entered on February 12, 2009 at Docket Number 2107.

"Lease"), the Debtor leases retail space at the Hamburg Place Shopping Center, located in Lexington, Kentucky (the "Shopping Center").

4. Debtor continued to occupy and use the leasehold premises at the Shopping center from the Petition Date through rejection of the lease effective March 10, 2009, but has failed to pay the following post-petition rent and other charges due under the terms of the Lease for the period from November 10, 2008 through November 30, 2008 (the "Stub Rent Period"):

| Expenses Category | Amount |
|---|---|
| Base Rent | $30,049.11 |
| Common Area Maintenance | $2,197.46 |
| Real Property Tax | $1,630.66 |
| **TOTAL** | **$33,877.23** |

5. Additionally, under the Lease, Debtor was required to pay real property taxes for the period commencing December 1, 2008 through the date of rejection, March 10, 2009, in the total amount of $7,766.00. Debtor has paid Sir Barton the sum of $2,400.99 toward such real property tax obligations, leaving the sum of $5,365.01 due.

6. Finally, as part of its move out after rejection, Debtor mistakenly sold a trash compactor which belonged to Sir Barton and has failed and refused to deliver the sales proceeds in the amount of $5,000.00 to Sir Barton after proper demand.

7. Pursuant to § 365(d)(3) of the Bankruptcy Code, the Debtor became and remains liable for the post-petition rent and related lease obligations arising under the Lease during the Stub Rent Period. Specifically, post-petition rent and common area maintenance obligations reserved under the Lease are required to be satisfied timely and in full payment to § 365(d)(3) of the Bankruptcy Code, which provides in relevant part as follows:

> (3) The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title…

8. As set forth above, the Debtor's estate is liable for the specified obligations arising under the Lease for the Stub Rent Period in the amount of $33,877.23 post-petition real property taxes other than Stub Rent Period in the amount of $25,365.01, and for the sale of assets belonging to Sir Barton in the amount of $5,000.00, for total post-petition rental obligation of $44,242.24.

9. In addition to Sir Barton's entitlement to the foregoing sum as an administrative expense claim under §365(d)(3) of the Bankruptcy Code, Sir Barton is also entitled to the allowance of such amount under § 503(b) of the Bankruptcy Code, which provides in relevant part as follows:

> After a notice and a hearing, there shall be allowed, administrative expenses, … including –
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including –

3

> (i) wages, salaries and commissions for services rendered after the commencement of the case …

10. In order to qualify for administrative expense status under §503(b), the claimant must demonstrate that the claim was incurred post-petition and that the claim is an actual, necessary expense of the estate. *In re O'Brien Environmental Energy, Inc.*, 181 F.3d (3d Cir. 1999). A lessor seeking administrative expense priority for a post-petition rent claim need not demonstrate that the "debtor's continued possession of its space is a benefit to the estate" in order to prevail on its administrative claim. *In re Trak Auto Corp.*, 277 B.R. 655, 665 (Bankr. E.D. Va. 2002), *rev'd on other grounds*, 367 F.3d 237 (4th Cir. 2004). Here, Sir Barton's post-petition claim for obligations is an appropriate administrative expense claim under § 503(b) since, among other things, the Debtor used and occupied the leasehold premises for that period.

11. It is well established that, absent evidence to the contrary, the "amount fixed by the lease is presumed to represent the reasonable value of the use and occupancy of the premises." *In re Section 20 Land Group, Ltd.*, 261 B.R. 711, 717 (Bankr. M.D. Fla. 2000) (citing *In re Litho Specialties, Inc.*, 154 B.R. 733, 740 740 (D. Minn. 1993). Accordingly, the rent and related obligations reserved under the Lease are presumptive evidence of the fair and reasonable value of the Debtor's interest in the leasehold during the post-petition period. See, *In re Silicon Valley Telecom Exchange, LLC*, 284 B.R. 700 (Bankr. N.D. Cal. 2002); *In re Sanborn Inc.*, 181 B.R. 683 (Bankr. D. Mass, 1995) (the reasonable value for the use of the premises is the lease contract rate absent evidence that the contract rate is unreasonable).

**CONCLUSION**

12. For the foregoing reasons, Sir Barton is entitled to the allowance of an administrative expense claim in the amount of $44,242.24, as reflected in the foregoing calculations.

WHEREFORE, Sir Barton respectfully requests the entry of an order pursuant to 11 U.S.C. §§ 365(d)(3) and (b) allowing as an administrative expense obligation against the Debtor's estate a claim in the amount of $44,242.24, together with such other and further relief as is just and proper.

Dated: May 4, 2009

Respectfully submitted,

 /s/ Troy N. Nichols
John P. Brice
Troy N. Nichols
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, Kentucky 40507
Telephone: (859) 233-2012
Facsimile:  (859) 259-0649
E-mail:  Lexbankruptcy@wyattfirm.com

*COUNSEL TO SIR BARTON, LLC*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 4th day of May, 2009, a copy of the foregoing Administrative Claim Request of Sir Barton, LLC, Pursuant to 11 U.S.C §§ 365(d)(3) and 503(a) and (b) was served by postage prepaid U.S. mail and/or electronic delivery to all parties listed on the attached Service List in accordance with the Order entered in this case on November 13, 2008, establishing certain notice, case management and administrative procedures.

                                                 /s/ Troy N. Nichols

30516050.1

## SERVICE LIST

| | |
|---|---|
| Douglas M. Foley, Esq.<br>**McGuire Woods, LLP**<br>One James Center<br>901 East Cary St.<br>Richmond, VA 23219<br><br>*Counsel for the Debtors* | Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636<br><br>*Counsel for the Debtors* |
| Dion W. Hayes, Esq.<br>Joseph S. Sheerin, Esq.<br>Sarah Becket Boehm, Esq.<br>**McGuire Woods LLP**<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br><br>*Counsel for the Debtors* | Chris L. Dickerson, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP**<br>333 West Wacker Dr.<br>Chicago, IL 60606<br><br>*Counsel for the Debtors* |
| Lynn L. Tavenner, Esq.<br>Paula S. Beran, Esq.<br>**Tavenner & Beran, P.C.**<br>20 North Eights Street, 2nd Floor<br>Richmond, Virginia 23219<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Jeffrey N. Poemrantz, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>10100 Santa Monica Boulevard, 11th Floor<br>Los Angeles, California 90067-4100<br><br>*Counsel for the Official Committee of Unsecured Creditors* |
| Robert J. Feinstein, Esq.<br>**Pachulski Stang Ziehl & Jones LLP**<br>780 Third Avenue, 36th Floor<br>New York, New York 10017-2024<br><br>*Counsel for the Official Committee of Unsecured Creditors* | Robert B. Van Arsdale, Esq.<br>**Office of the U.S. Trustee**<br>701 E. Broad Street, Suite 4304<br>Richmond, Virginia |