IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

- - - - - - - - - - - - - - - - - - - - - - - -x
|  |  |  |
|---|---|---|
| | : | **Chapter 11** |
| **In re:** | : | |
| **CIRCUIT CITY STORES, INC.,** | : | **Case No. 08-35653 (KRH)** |
| **et al.,** | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | **Hearing Date: June 23, 2009** |
| | : | **at 2:00 p.m. (ET)** |
| | : | **Objection Due: June 16, 2009** |

- - - - - - - - - - - - - - - - - - - - - - - -x

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A), FEDERAL RULE OF BANKRUPTCY PROCEDURE 9014, AND LOCAL BANKRUPTCY RULE 9013-1 FOR (I) ALLOWANCE OF ADMINISTRATIVE CLAIM FOR STUB RENT,  (II) ALLOWANCE AND PAYMENT OF 2008 REAL ESTATE TAXES,  AND (III) ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES AND SUPPORTING MEMORANDUM OF LAW**
**[STORE NO. 4508]**

COMES NOW Landlord, A.D.D. Holdings, L.P., a Texas limited partnership (the "Landlord"), to hereby file this motion (the "Motion") and seek entry of an order, pursuant to Sections 365(d)(3) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy

C. Thomas Ebel, Esquire – VSB #18637
William A. Gray, Esquire – VSB #46911
Lisa Taylor Hudson, Esquire – VSB #45484
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
(804) 648-1636 Telephone
(804) 783-7291 Facsimile
 *Local Counsel to Landlord, A.D.D. Holdings, L.P.*

Joseph A. Friedman, Esq.
Kane Russell Coleman & Logan PC
3700 Thanksgiving Square
1601 Elm St.
Dallas, Texas 76201-4299
(214) 777-4200 Telephone
(214) 777-4299 Facsimile
 *Counsel to Landlord, A.D.D. Holdings, L.P.*

Code"), as supplemented by Rule 9014 of the <u>Federal Rules of Bankruptcy Procedure</u> ("<u>Bankruptcy Rule</u> 9014"), and Rule 9013-1 of the <u>Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia</u> ("<u>Local Rule</u> 9013-1"), for (i) allowance of an administrative expense claim for unpaid rent from November 10, 2008, through November 30, 2008 ("Stub Rent"), (ii) allowance and payment of real estate taxes, and (iii) allowance and payment of attorneys' fees and expenses.  In support of the <u>Motion</u>, Landlord respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this <u>Motion</u> under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this <u>Motion</u> in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are <u>Bankruptcy Code</u> Sections 503(b)(1)(A) and 365(d)(3), as supplemented by <u>Bankruptcy Rule</u> 9014 and <u>Local Rule</u> 9013-1.

## BACKROUND

### A.      The Bankruptcy Case.

2.      On November 10, 2008, the debtors[1] (the "Debtors") in the above-numbered consolidated bankruptcy case (the "Bankruptcy Cases") filed voluntary petitions for relief under Chapter 11 of the <u>Bankruptcy Code</u> (the "Petition Date").

---

[1] The Debtors jointly administered in the above-styled and numbered case are Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Patapsco Designs, Inc., Sky Venture Corp., XSStuff, LLC, Courchevel, LLC, Circuit City Stores PR, LLC, Abbott Advertising Agency, Inc., Mayland MN, LLC, Orbyx Electronics, LLC, and Prahs, Inc.

3.     On November 12, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").  No trustee or examiner has been appointed in the Bankruptcy Cases.

**B.     The Lease Between Circuit City Stores, Inc. and Landlord.**

4.     Circuit City Stores, Inc. ("CCSI") entered into a lease agreement (the "Lease") with A.D.D. Holdings, L.P. as Landlord dated April 16, 2001, pursuant to which Lease, CCSI leased a retail building for its retail operations containing approximately 33,529 square feet (the "Leased Premises") at address 1313-D George Dieter Drive, El Paso, Texas (referred to as Store No. 4508), in the shopping center commonly referred to as the Las Palmas Marketplace Shopping Center (the "Shopping Center").  The Shopping Center is located at IH-10 and George Dieter Drive, El Paso, Texas.  The Lease is for non-residential real property in a shopping center as those terms are defined by the <u>Bankruptcy Code</u> and applicable law.  A true and correct copy of the Lease is attached hereto and incorporated herein by reference as **EXHIBIT A.**

5.     The Main Term[2] of the Lease expires on the first January following a term of fifteen (15) years.  In addition to the Main Term, CCSI had the option (defined as the "Renewal Option" in the Lease) to renew and extend the Lease for three (3) consecutive five- (5) year periods immediately following the Main Term. The Commencement Date of the Lease was December 5, 2001.

6.     The monthly rent for the Leased Premises under the Lease in 2008-09 was $40,262.74 ("Base Rent"), plus CAM[3] (collectively with Base Rent, the "Rent").

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Lease.

[3] As provided for in Paragraph 7 of the Lease.

### C.    The Debtors' Notice of Rejection.

7.    On or about March 4, 2009, the Debtors filed a *Notice of Rejection of Unexpired Leases and Abandonment of Personal Property* (the "Notice of Rejection") [Doc. No. 2419], whereby CCSI rejected the Lease with Landlord effective March 10, 2009, or such later date as CCSI surrendered the Leased Premises by fulfilling the Rejection Requirements, as defined in the Order authorizing Lease Rejection Procedures [Doc. No. 2242].

### RELIEF REQUESTED

8.    By this Motion, Landlord is requesting that this Court enter an order for (i) allowance of Stub Rent as an administrative expense claim pursuant to Bankruptcy Code Section 503(b)(1)(A), (ii) allowance and payment of real estate taxes pursuant to Bankruptcy Code Sections 365(d)(3) and 503(b)(1), and (iii) allowance and payment of attorneys' fees and expenses.

### BASIS FOR RELIEF REQUESTED

### A.    Allowance of Stub Rent.

9.    CCSI filed its bankruptcy petition on November 10, 2008, without paying Rent to Landlord for the month of November, 2008. This Court has held, in its *Findings of Fact and Conclusions of Law from Hearing Held December 22, 2008 on Motions to Compel Payment of Postpetition Rent* [Doc. No. 1780] (the "Stub Rent Order"), that lessors with leases with rental obligations for the month of November, 2008 that became due and payable on November 1, 2008 were "accorded administrative priority expense treatment under sections 503(b) and 507(a) of the Bankruptcy Code, and such Stub Rent claims shall be payable upon the effective date of any plan

of reorganization in these cases or at such other time as the Court may order upon further motion." Stub Rent Order, at ¶2.

10.    Other courts have reached similar results.  *See, e.g.*, *In re ZP Co. Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003) (Section 503(b)(1)(A) allows an "administrative expense claim for the 'actual, necessary costs and expenses of preserving the estate. . .' which fills the stub period gap created by § 365(d)(3)."); *In re Garden Ridge Corp.*, 323 B.R. 136, 140-43 (Bankr. D. Del. 2005) (holding that Section 503(b)(1)(A) gave rise to an administrative expense claim for post-petition rent if "the property was actually used by the debtor in the ordinary course of business.").  The *Garden Ridge* court further held that "[w]hen the debtor occupies and uses the premises, the landlord is entitled to an administrative expense claim equaling the fair market value of the premises." *Id.* (citing *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990)).  The contract rate is generally presumed to be the fair market or rental value. *In ZP Co.*, 302 B.R. at 319.

11.    Here, Rent was due and owing under the Lease "in equal monthly installments in advance on the first day of each succeeding calendar month through the Term."  Lease, at ¶4. The contract rate of Base Rent for the month of November, 2008 was $40,262.74 plus CAM in the amount of $4,191.13.  Thus, for the Stub Rent period of November 11-30, 2008, CCSI owes Landlord, Rent in the amount of $29,635.91.

12.    Pursuant to this Court's Stub Rent Order, and other authorities cited herein, Landlord should be granted an allowed administrative expense claim in the amount of $29,635.91 for Stub Rent pursuant to <u>Bankruptcy Code</u> Section 503(b)(1)(A), payable upon the

effective date of any plan of reorganization in these cases or at such other time as the Court may

order.

### B.    Allowance and Payment of 2008 Real Estate Taxes.

13.    Generally, debtors must "timely perform all the obligations of the debtor . . .

arising from and after the order for relief under any unexpired lease of non-residential real

property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."  11 U.S.C.

§ 365(d)(3); *see also In re Klein Sleep Prods.*, 78 F.3d 18 (2d Cir. 1996).  Until the unexpired

lease is assumed or rejected, a debtor must remain current on all obligations under its lease.  *See*

*In re New Almacs, Inc.*, 196 B.R. 244 (Bankr. S.D.N.Y. 1996) (stating that a debtor's "obligation

to perform in a timely manner is mandatory, not permissive").  Furthermore, courts have

consistently held that failure to comply with post-petition lease obligations on property occupied

by the debtor is an administrative expense pursuant to Section 503(b)(1) of the Bankruptcy Code.

*See, e.g., Klein Sleep*, 78 F.3d at 30; *In re Valley Media, Inc.*, 290 B.R. 73 (Bankr. D. Del. 2003);

*In re Pacific-Atlantic Trading Co.*, 27 F.3d 401 (9th Cir. 1994).

14.    Here, under the Lease, CCSI was obligated to pay 2008 real estate taxes "thirty

(30) days after [CCSI's] receipt of Landlord's statement therefore, accompanied by the tax bill on

the basis of which such statement is rendered."  Lease, at ¶ 9(b).  Landlord sent CCSI the tax bill

for 2008 via Certified Mail, along with an accompanying invoice in the amount of $60,229.87

for real estate taxes on the Leased Premises on February 4, 2009 (the "2008 Tax Invoice").  The

2008 Tax Invoice was received by CCSI on February 5, 2009.  Accordingly, CCSI was obligated

to pay real estate taxes for the Leased Premises under the Lease and due March 9, 2009 (the first

business day after Saturday, March 7, 2009).  A true and correct copy of the 2008 Tax Invoice,

with enclosures including the 2008 tax bill and the return receipt evidencing delivery on February 5, 2009, is attached hereto and incorporated herein by reference as **EXHIBIT B.**

15.    On or about March 10, 2009, Landlord received partial payment of 2008 real estate taxes from CCSI in the amount of $5,101.44 (the "Partial Tax Payment").    Landlord asserts that the Debtors' obligation to pay real estate taxes for the Leased Premises accrued post-petition under the Lease, by March 9, 2009.  Accordingly, CCSI still owes Landlord $55,128.43 in real estate taxes under the terms of the Lease.  Landlord requests an allowed administrative expense claim and payment in the amount of $55,128.43 pursuant to Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

16.    Alternatively, if this Court finds that CCSI's real estate taxes should be paid to Landlord on an accrual basis rather than under the terms of the Lease, Landlord should be paid CCSI's real estate taxes for the entire post-petition period of November 10, 2008, through the date of rejection, March 10, 2009, whereby CCSI occupied the Leased Premises post-petition. Accordingly, in the event this Court applies an accrual method as to real estate taxes, Landlord requests an allowed administrative claim and payment of $14,677.17[4] for CCSI's unpaid accrued real estate taxes on the Leased Premises for the post-petition period of November 10, 2008, through March 10, 2009, based on the 2008 tax rate.[5]

---

[4] Unpaid post-petition real estate taxes were calculated as follows:  $19,778.61 (Nov. 10, 2008 – March 10, 2009) - $5,101.44 (the Partial Tax Payment) = $14,677.17.

[5] The Landlord submits that if the Court adopts the accrual method, then use of the 2008 tax rate to estimate 2009 accruals is appropriate in light of the language of Section 365(d)(3).

**C.    Allowance and Payment of Attorneys' Fees and Expenses.**

17.    The Lease specifically permits attorney's fees and expenses in the event Landlord is successful in a legal action to enforce any provision or default under the Lease.

18.    Paragraph 34(f) of the Lease provides:

In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable and actual attorneys' fees and costs through all levels of proceeding.

19.    Prior to filing this Motion, counsel for Landlord attempted to settle and compromise the claims asserted in this Motion.  Such efforts were rejected by Circuit City and the Landlord was forced to bring this Motion to enforce its rights under the Lease and the Bankruptcy Code.    Accordingly, Landlord requests the Court to award Landlord at least $5,000.00 for the costs and expenses of filing and prosecuting this Motion pursuant to Paragraph 34(f) of the Lease.

## CONCLUSION

**WHEREFORE**, by reason of the foregoing and any argument at hearing, Landlord A.D.D. Holdings, L.P. prays for entry of the proposed order attached hereto and incorporated herein by reference as **EXHIBIT C,** thereby (i) granting Landlord an allowed administrative expense claim for Stub Rent in the amount of $29,635.91 pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, payable upon the effective date of any plan of reorganization in these cases or at such other time as the Court may order; (ii) granting Landlord an allowed administrative expense claim and prompt payment of $55,128.43 for unpaid 2008 real estate taxes that became

due and owing under the Lease on March 9, 2009, pursuant to Sections 365(d)(3) and 503(b)(1)

of the Bankruptcy Code, or in the alternative, allowance and payment of $14,677.17 in unpaid

real estate taxes for the post-petition period of November 10, 2008, through March 10, 2009, if

the Court determines an accrual calculation is appropriate; (iii) granting Landlord an allowed

administrative expense claim and prompt payment of at least $5,000.00 in attorneys' fees and

costs pursuant to Paragraph 34(f) of the Lease for bringing and prosecuting this Motion; and (iv)

granting Landlord such other and further relief as is just and proper.

**Respectfully Submitted,**

**A.D.D. HOLDINGS, L.P.,**

**By Counsel**

**/s/** William A. Gray

C. Thomas Ebel, Esq. – VSB #18637
William A. Gray, Esq. – VSB #46911
Lisa Taylor Hudson, Esq. – VSB #45484
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
Post Office Box 1998
Richmond, Virginia 23218-1998
(804) 648-1636 Telephone
(804) 783-7291 Facsimile
  *Local Counsel to A.D.D. Holdings, L.P.*

and

Joseph A. Friedman, Esq. – TX SB #07468280
Gregory M. Zarin, Esq.
Kane Russell Coleman & Logan PC
3700 Thanksgiving Square
1601 Elm St.
Dallas, Texas 76201-4299
(214) 777-4200 Telephone
(214) 777-4299 Facsimile
  *Counsel to A.D.D. Holdings, L.P.*

## EXHIBITS (AS ATTACHED SEPARATELY)

A.      Lease with Attachments

B.      2008 Tax Invoice with enclosures and copy of Return Receipt

C.      Proposed Order

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of May, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the Service List below:

/s/ William A. Gray

_____

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire                 ATTORNEYS FOR DEBTORS
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510


Dion W. Hayes, Esquire
James S. Sheerin, Esquire                 ATTORNEYS FOR DEBTORS
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219


Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC    ATTORNEYS FOR DEBTORS
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636


Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC    ATTORNEYS FOR DEBTORS
333 West Wacker Drive
Chicago, IL 60606


Robert Van Arsdale, Esquire
Assistant U.S. Trustee                    OFFICE OF THE U.S. TRUSTEE
701 East Broad Street, Suite 4304
Richmond, VA 23219


Linda K. Myers, Esquire                   SPECIAL COUNSEL FOR DEBTORS
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601

David S. Berman, Esquire                      COUNSEL FOR BANK OF AMERICA, N.A.
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108


Bruce Matson, Esquire                         COUNSEL FOR BANK OF AMERICA, N.A.
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219


Lynn L. Tavenner, Esquire                     COUNSEL FOR THE OFFICIAL
Tavenner & Beran, PLC                         COMMITTEE OF UNSECURED
20 North Eighth Street, Second Floor          CREDITORS
Richmond, Virginia 23219


Jeffrey N. Pomerantz, Esquire
Pachulski Stang Ziehl & Jones LLP             COUNSEL FOR THE CREDITORS
10100 Santa Monica Boulevard, 11th Floor      COMMITTEE
Los Angeles, CA 90067


Robert J. Feinstein, Esquire
Pachulski Stang Ziehl & Jones LLP             COUNSEL FOR CREDITORS COMMITTEE
780 Third Avenue, 26th Floor
New York, New York 10017