CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____
Benjamin B. Cummings, Jr.,
Vice President

[Note: Attach appropriate notary blocks for the State]

4 - Ex. "G"                                           263761_8 (00051/42 [11992])

EXHIBIT "H"

<span style="font-size:small">After recording return to:</span>

MEMORANDUM OF LEASE

This MEMORANDUM OF LEASE is made this _____ day of _____, 2001, between A.D.D. HOLDINGS, L.P., a Texas limited partnership (hereinafter referred to as "Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation (hereinafter referred to as "Tenant").

WITNESSETH:

Landlord and Tenant have entered into a Lease (the "Lease") dated April 16, 2001, whereby Landlord has leased to Tenant a portion of the real property (the "Property"), El Paso, El Paso County, Texas, the legal description of which Property is set forth on Exhibit "A-1" attached hereto, together with certain non-exclusive easements in, over, upon, across, under and through certain areas of the Property defined in the Lease as Landlord's Premises, and those certain rights and non-exclusive easements granted to or inuring to the benefit of Landlord under that certain (REA or OEA and other easement estates of record) recorded in Book ____, beginning at Page ____ of the real property records of El Paso County, Texas, in, over, upon, across, under and through the land described therein. The Lease contains provisions and rights appurtenant to the Property, some of which are as follows:

I. Term. The term of the Lease is for a period of fifteen (15) years, commencing on the Commencement Date (as established in the Lease based upon the substantial completion of the improvements upon the Property). Thereafter Tenant has the right under the Lease to renew and extend the term of the Lease for three (3) successive periods of five (5) years each.

II. Exclusive Use Rights. The Lease provides that Tenant shall enjoy the sole and exclusive privilege within the Property to sell, rent, service, repair or rent to own consumer, office and automotive electronics products (which include, but shall not be limited to, televisions, stereos, speakers and video recorders and players), computer hardware and software, entertainment software and entertainment media (which include, but shall not be limited to, records, game cartridges, video tapes, cassettes and compact discs), cellular and wireless telephones, telecommunication devices, and related goods, and the sale and installation of motor vehicle audio, stereo and telephone systems and technological evolutions of the foregoing (all of such items being herein collectively referred to as the "Products"), and the renting, servicing, repairing and warehousing of the Products. Tenant's Exclusive Use. So long as the Premises are used for the initial uses set forth in paragraph 18, no other tenant or occupant of the Shopping Center shall be entitled to sell or rent (or rent to own) any of the Products, subject only to rights granted any such tenants under leases and described on Exhibit "F". Notwithstanding anything contained herein to the contrary, the Incidental Sale (as hereinafter defined) of the Products in connection with the overall business of another occupant or tenant shall not be deemed a violation of the preceding sentence. As used herein, "Incidental Sale" shall mean the lesser of (i) five hundred (500) square feet, or (ii) ten percent (10%) of such occupant's or tenant's display area. In addition, the exclusive granted

1 - Ex. "H"                                                                  263761_8 (00051:42 (11992))

Tenant herein shall not apply to, bind or restrict the operation of a national video rental store as they are currently operated, such as "Blockbuster", "Video Warehouse" or "Hollywood Video", or a national book store as they are currently operated, such as "Barnes and Noble" or "Borders", or not more than one (1) national cellular telephone store, such as "AT&T" or "Sprint", or any general department store or discount department store. Landlord and Tenant hereby agree that the reference to "consumer electronics products" in the exclusive use restriction contained in this subparagraph 19(a)(v.) is not intended to exclude the sale of electronic products by retail sellers of products in other industry groups which do not compete with Tenant (by way of example, without limitation, a "Mars Music" store) or a ."Game Stop", provided such "Game Stop" shall be limited to not more than 1,500 s.f. and be located in the retail space along George Dieter Drive

III. Successors. The covenants, conditions and agreements made and entered into by the parties hereto shall be binding upon and inure to the benefits of their respective heirs, administrators, executors, representatives, successors and assigns.

IV. Incorporation of Lease. All terms and conditions of the Lease are hereby incorporated herein by reference as if fully set forth herein.

V. Conflicts with Lease. This Memorandum of Lease is solely for notice and recording purposes and shall not be construed to alter modify, expand, diminish or supplement the provisions of the Lease. In the event of any inconsistency between the provisions of this Memorandum of Lease and the provisions of the Lease, the provisions of the Lease shall govern.

IN WITNESS WHEREOF, this Memorandum of Lease has been duly executed by the parties hereto as of the day and year first above written.

LANDLORD

A.D.D. HOLDINGS, L.P.,
a Texas limited partnership

By: A.D.D. Development, L.L.C.,
it's general partner

By: _____
Artemio De La Vega,
Manager

TENANT

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____
Benjamin B. Cummings, Jr.,
Vice President

[Note: Attach appropriate notary blocks for the State]

[EL PASO, TEXAS/MEMORANDUM OF LEASE]

## EXHIBIT "I"

## COMMENCEMENT DATE AGREEMENT

This COMMENCEMENT DATE AGREEMENT, made as of this ____ day of _____, 2001, between A.D.D. HOLDINGS, L.P., a Texas limited partnership (herein called "Landlord"), and CIRCUIT CITY STORES, INC., a Virginia corporation (herein called "Tenant").

### WITNESSETH:

WHEREAS, Landlord is the owner of certain premises situated in El Paso, El Paso, County, Texas (herein called the "Premises"); and

WHEREAS, by that certain lease dated April 16, 2001 (herein called the "Lease"), Landlord leased the Premises to Tenant; and

WHEREAS, a memorandum or short form lease in respect of the Lease was recorded in the office of the Clerk of El Paso County, Texas, on the ____ day of _____, 2001, in Book _____ at Page ____; and

WHEREAS, Tenant is in possession of the Premises and the term of the Lease has commenced; and

WHEREAS, under Paragraph 25 of the Lease, Landlord and Tenant agreed to enter into an agreement setting forth certain information in respect of the Premises and the Lease;

NOW, THEREFORE, Landlord and Tenant agree as follows:

1. The term of the Lease commenced on, and the Commencement Date (as such term is defined in the Lease) was, _____, 200_. The term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to extend the term of the Lease or unless the Lease terminates earlier as provided in the Lease.

2. The date of commencement of the first "Option Period" (as such term is defined in the Lease) shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

3. The date of commencement of the second Option Period shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, ____ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

4. The date of commencement of the third Option Period shall be February 1, ____ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease

1 - Ex. "I"   263761_8 (00051/42 {11992})

shall expire on January 31, \_\_\_\_ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

5. The date of commencement of the fourth Option Period shall be February 1, \_\_\_\_ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, \_\_\_\_ unless Tenant exercises any option to further extend the term of the Lease or the Lease terminates earlier as provided in the Lease.

6. The date of commencement of the fifth Option Period shall be February 1, \_\_\_\_ if Tenant effectively exercises its option in respect thereof, and if Tenant does so, the term of the Lease shall expire on January 31, \_\_\_\_ unless the Lease terminates earlier as provided in the Lease.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed the day and year first above written.

LANDLORD

A.D.D. HOLDINGS, L.P.,
a Texas limited partnership

By:  A.D.D. Development, L.L.C.,
     it's general partner

     By: _____
         Artemio De La Vega,
         Manager

TENANT

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____
    Benjamin B. Cummings, Jr.,
    Vice President

EXHIBIT "J"

INDEMNIFICATION AGREEMENT

This INDEMNIFICATION AGREEMENT is made this _____ day of _____, 2001, between A.D.D. HOLDINGS, L.P., a Texas limited partnership (hereinafter referred to as "Landlord") and CIRCUIT CITY STORES, INC., a Virginia corporation (hereinafter referred to as "Tenant").

WITNESSETH:

Landlord and Tenant have entered into a Lease (the "Lease") dated March 8, 2001, whereby Landlord has leased to Tenant a portion of the real property located in El Paso, El Paso County, Texas (the "Shopping Center") and Tenant has constructed on such real property a store premises (the "Premises").

NOW, THEREFORE, in consideration of the payment of the Tenant Improvement Allowance as defined in the Lease and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. Tenant hereby indemnifies and agrees to hold Landlord harmless from any loss, payment, claim or expense as the result of mechanics and materialmen filing liens or otherwise making claims against Landlord's interest in the Premises and the Shopping Center. In the event that any mechanic, materialman or other claimant makes claim against the Premises or Shopping Center based upon materials or services provided under contract with Tenant, Tenant shall hold harmless and protect Landlord from any loss, payment, claim or expense related thereto.

2. Tenant reserves the right to contest in good faith the amount of any claim or lien assessed against the Premises or the Shopping Center by any of such claimants; provided, however, should the holder or holders of such claim or lien attempt to enforce their lien by foreclosure or by any other means, Tenant shall bond around, pay or remove such lien by any manner reasonably necessary to protect Landlord's interest in the Premises and the Shopping Center. This indemnity and hold harmless shall not apply to any liens or claims caused by Landlord or Landlord's agents.

1 - Ex. "J"                                                                                       263761_8 (00051/42 (11992))

EXECUTED this _____ day of _____, 2001.

        LANDLORD

        A.D.D. HOLDINGS, L.P.,
        a Texas limited partnership

        By:   A.D.D. Development, L.L.C.,
              it's general partner

              By: _____
                    Artemio De La Vega,
                    Manager

        TENANT

        CIRCUIT CITY STORES, INC.,
        a Virginia corporation

        By: _____
              Benjamin B. Cummings, Jr.,
              Vice President