UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

-----------------------------------------------------------------

In re:

CIRCUIT CITY STORES, INC., *et al.*      Case No. 08-35653-KRH
                                          Jointly Administered
                    Debtors.              Chapter 11 Proceedings

-----------------------------------------------------------------

**Objection of Concar Enterprises, Inc. to Debtors' Motion for Order
Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing
Debtors to Enter into Agreement in Connection with Sale and Assignment of
Unexpired Lease and Sublease of Nonresidential Real Leases, Subject to
Higher or Otherwise Better Bids, (B) Approving Termination Fee in
Connection Therewith, (C) Approving Sale of Lease and Sublease Free and
Clear of all Interests, and (D) Granting Related Relief**

COMES NOW Concar Enterprises, Inc. (the "Landlord"), by and through its undersigned counsel, Christian & Barton, LLP, and respectfully states as follows for its Objection to the above-referenced motion (the "Motion").

**BACKGROUND**

1.  On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

---

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone:    (804) 697-4100
Facsimile: (804) 697-4112

Counsel to Concar Enterprises, Inc.

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Circuit City Stores West Coast, Inc. ("Tenant"), as successor to Edbro California Realty Company, is party to a ground lease dated April 30, 1970 with the Landlord for the premises (the "Premises") located at 1880 South Grant Street in San Mateo, California (the "Ground Lease"), for store number 232. Circuit City Stores West Coast, Inc. subleases the Premises to TJ Maxx of CA, LLC ("Sublease") pursuant to a sublease dated July 31, 1987 (the "Sublease," together, with the "Ground Lease," the "Leases")

4. The Premises are located within a "shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On April 19, 2009, the Debtors filed the Motion seeking to establish bidding and auction procedures for the Leases and the potential assumption and assignment of the Lease and Sublease of the Premises to Merchant Equity NY, Inc. (the "Proposed Assignee").

**OBJECTION**

**A.    The Debtors' Proposed Cure Amount is Insufficient.**

6. As a condition to any assumption and assignment of the Lease, all defaults under the Lease must be cured at closing. *See* 11 U.S.C. § 365(b)(1)(A). The Debtors' proposed cure amount with respect to the Lease is $40,514.37 (Motion at ¶ 30), which is grossly insufficient. The actual cure amount exceeds the stalking horse bid of $235,000.00 by more than $200,000.00 The cure amount due under the Lease according to Landlord's books and records is

2

$445,446.74,[1] comprising $7,113.63 for November, 2008 rent, $7,113.63 for May, 2009 rent, $33,400.74 for real estate taxes for the period of July through November 2008, $369,586.00 for parking lot repairs as required by the Lease[2], $3,500.00 for deferred landscaping maintenance and repairs, plus $24,732.74 in attorneys' fees and accrued but unbilled charges, reconciliations and adjustments (the "Cure Amount"). The Cure Amount is subject to modification for, among other things, any accrued but unbilled charges,[3] including any year-end adjustments and additional attorneys' fees incurred subsequent to the filing of this Objection. The Cure Amount must be paid as a condition of assumption and assignment pursuant to Section 365(b)(1)(A).

7. In conjunction with the obligation of the Debtors to cure defaults upon assumption of the Lease, the Debtors must compensate Landlord for any actual pecuniary loss, including attorneys' fees, resulting from a lease default. *See* 11 U.S.C. § 365(b)(1)(B). Attorneys' fees under the Lease are compensable. *See, LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *Andrew v. KMR Corp.,* 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 752-754 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Village, Inc.,* 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986). Accordingly, Landlord is entitled to attorneys' fees in the amount of $24,732.74, together with any additional attorneys' fees it incurs subsequent to the filing of this Objection, in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

---

[1] An Itemization of the Cure Amount exclusive of accrued but unbilled charges is annexed hereto as Exhibit A.
[2] An estimate obtained by Circuit City of the cost of repairs to the parking lot is annexed hereto as Exhibit B.
[3] For example, Landlord just became aware that the Debtors are in violation of San Mateo City Codes and has incurred certain fines in the amount of $218.00 and will continue to incur fines for same. Furthermore, the City of San Mateo has sent its Department of Public Works employers to clean up debris left by the Debtors and incurred charges in the amount of $1,090.00 for same. Additional information about these costs will be provided when Landlord obtains such information.

**B.     The Debtors Have Not Provided Sufficient Information to Assess Adequate Assurance of Future Performance by the Proposed Assignee.**

8.     Bankruptcy Code Section 365(b)(1) provides as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A)    cures, or provides adequate assurance that the trustee will promptly cure, such default. . .

(B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)    provides adequate assurance of future performance under such contract or lease.

9.     Bankruptcy Code Section 365(f)(2) provides as follows:

(f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if –

(A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

10.    Bankruptcy Code Section 365(b)(3) defines adequate assurance of future performance as follows:

(3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and

4

   operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

   (B) that any percentage rent due under such lease will not decline substantially;

   (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

   (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. Section 365(b)(3).

  11. Congress amended Bankruptcy Code Section 365(b)(3) in 1984 as part of the "Shopping Center Amendments" in an effort to protect shopping center lessors. A debtor must provide adequate assurance that a proposed assignee has a financial condition and operating performance similar to that of the debtor-tenant at the time the lease was entered into. *See* 130 Cong. Rec. S-8895 (June 29, 1994). Furthermore Section 365(b)(3) of the Bankruptcy Code specifically provides that, for purposes of Section 365(f), adequate assurance of future performance with regard to a lease of real property in a shopping center includes adequate assurance "of the source of rent and other consideration due under the lease." 11 U.S.C. § 365(b)(3)(A) (West 2008). The Debtors have the burden of proving that adequate assurance of the future performance exists.

  12. As adequate assurance of future performance by the Proposed Assignee, the Debtors assert that the Proposed Assignee has provided the Debtors with its 2007 federal tax return, which has been forwarded to Landlord. Motion at ¶ 15. This statement is incorrect. Landlord has never received any tax returns of the Proposed Assignee from the either Debtors or

5

the Proposed Assignee. Furthermore, even if it had received such information, Landlord asserts that a single year's tax return is insufficient to satisfy the Debtors' burden of adequate assurance of further performance. Debtors must provide Landlord with information sufficient to assess any proposed assignee's operating experience and financial capability going forward under the Lease in order to comply with the requirements of Sections 365(b)(3) and (f)(2). Such information should include, at a minimum, audited and unaudited financial statements, including income and expense statements and balance sheets for the past three years, complete tax returns for at least the past three years, information regarding current management, and the proposed assignee's operating history.

13.     Landlord also objects to the proposed procedures set forth in the Motion in that they provide Landlord with insufficient time to review the adequate assurance information of any proposed assignee. The Motion states that the Debtors' propose to provide Landlord with adequate assurance information upon receipt of a bid deemed to be a "Qualified Bid" by the Debtors, without providing more specificity. Qualified Bids are due on or before May 6, 2009. Presumably, the Landlord will have to object at or prior to the Sale Hearing on May 13, 2009. Motion at ¶¶ 22-25. These procedures do not provide Landlord with sufficient time to assess the adequate assurance information, nor do the procedures provide Landlord with due process. Landlord should be provided with the necessary adequate assurance information with any notice of potential assignee at least ten (10) days prior to the deadline to object to any proposed assumption and assignment of the Leases. Landlord requires this time to review such information, conduct expedited discovery if appropriate, and object to any proposed assumption and assignment of the Leases.

6

C.  **Accrued But Unbilled Charges, Adjustments and Reconciliations**

14. The Debtors must ensure that all accrued, but unbilled charges, including year-end adjustments and reconciliations, if any, are paid in accordance with the terms of the Lease and that any assignee of the Lease expressly assume all such obligations upon any assignment of the Lease. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See*, 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2).

## JOINDER

15. The Landlord joins in the objections filed by other landlords to entry of an order approving the proposed bidding procedures and rejection procedures to the extent they are not inconsistent with this Objection.

## WAIVER OF MEMORANDUM OF LAW

16. The legal authority supporting the relief requested by this Objection has been cited herein. Accordingly, the Landlord respectfully requests that the Court waive the requirement of Local Rule 9013-1(G) that it file a separate memorandum of law for this District.

**WHEREFORE**, Concar Enterprises, Inc. respectfully requests that this Court deny the Motion and grant the Landlord any other and further relief this Court may deem proper and just.

Dated: May 6, 2009                  **CHRISTIAN & BARTON, LLP**

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel to Concar Enterprises, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller

946289