IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| **Circuit City Stores, Inc.**, *et al.*, : | Case No. 08-35653 (KRH) |
| : | |
| **Debtors.** : | |

**LIMITED OBJECTION AND DEMAND FOR
ADEQUATE PROTECTION OF T.J. MAXX OF CA, LLC
REGARDING DEBTORS' MOTION FOR ORDER AUTHORIZING
<u>SALE OF NONRESIDENTIAL REAL PROPERTY LEASE AND SUBLEASE</u>**
(Prime Loc. No. 232)

COMES NOW **T. J. Maxx of CA, LLC**, a Delaware limited liability company ("TJM"), by and through its counsel, and respectfully submits this limited objection and demand for adequate protection (the "Limited Objection") to *Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing Debtors to Enter into Agreement in Connection with Sale and Assignment of Unexpired Lease and Sublease of Nonresidential Real Leases, Subject to Higher or Otherwise Better Bids, (B) Approving Termination Fee in Connection Therewith, (C) Approving Sale of Lease and Sublease Free and Clear of All Interests, and (D) Granting Related Relief* (the "Sale Motion") filed by Circuit City Stores, Inc.

---

Lisa Taylor Hudson, Esquire – VSB #45484
C. Thomas Ebel, Esquire – VSB #18637
William A. Gray, Esquire – VSB #46911
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(Post Office Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax:      (804) 783-7291
  *Local Counsel for T. J. Maxx of CA, LLC*
-and-

Steven T. Hoort, Esquire
Heather J. Zelevinsky, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7470
Fax:  (617) 235-0054
  *Counsel for T. J. Maxx of CA, LLC*

and its affiliated debtors in possession (collectively, the "Debtors") with respect to TJM's sublease at South Grant Plaza; 1880 South Grant Street; San Mateo, California, also known as Circuit City Store Location No. 232.

## FACTUAL BACKGROUND

1.  Pursuant to a lease dated December 29, 1986 (as amended or extended, the "Overlease"), Circuit City Stores, Inc., or one of its successors, leases retail space at South Grant Plaza; 1880 South Grant Street; San Mateo, California (the "Property"). The Debtors are in possession of a portion of the Property where they operate (or formerly operated) a retail store known as Circuit City Store Location No. 232 (the "San Mateo Circuit City Store"). According to the Debtors' schedules, the term of the Overlease expires on October 31, 2015.

2.  Pursuant to a sublease dated July 31, 1987 (as amended or extended, the "TJM Sublease"), TJM subleases from the Debtors approximately 24,077 square feet of retail space (the "San Mateo Property") on the Property. The TJM Sublease was assigned to TJM by The TJX Companies, Inc. pursuant to an Assignment and Assumption Agreement dated January 30, 1998 (the "Assignment Agreement"). TJM is in possession of the San Mateo Property, where it currently operates a retail store under the name T.J. Maxx, adjacent to the San Mateo Circuit City Store. The term of the TJM Sublease expires on October 31, 2015. Copies of the TJM Sublease, the Memorandum of Lease for the TJM Sublease, and the Assignment Agreement are attached to and incorporated within TJM's *Objection and Demand for Adequate Protection of T.J. Maxx of CA, LLC Regarding Debtors' Motion for Orders Pursuant to Bankruptcy Code Sections 105, 363, and 365 (I)(A) Approving Procedures in Connection with Sale of All or Substantially All of the Business or Additional Post-Petition Financing for the Business, (B) Authorizing Debtors to Enter into Stalking Horse or Financing Agreements in Connection with*

*Going Concern Transactions or Stalking Horse Agreements in Connection with Store Closing and Miscellaneous Asset Sales, (C) Approving the Payment of Termination Fees in Connection Therewith, and (D) Setting Auction and Hearing Dates, (II) Approving Sale of Debtors' Assets Free and Clear of All Interests and (III) Granting Related Relief* (the "Sale Objection") [Docket No. 1586], which is incorporated herein by reference to the extent applicable.

3. Neither the Overlease nor the Sublease have been assumed or rejected.

**PROCEDURAL HISTORY**

4. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the *United States Code* (the "*Bankruptcy Code*"). The Debtors continue to manage their property as debtors in possession pursuant to Sections 1107 and 108 of the *Bankruptcy Code*.

5. On December 10, 2008, this Court entered an *Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 882], establishing the deadline for the Debtors to assume or reject unexpired leases on nonresidential real property by the earlier of June 8, 2009, and the date of the entry of an order confirming a plan of reorganization (the "365(d)(4) Deadline").[1]

6. On February 19, 2009, this Court entered an *Order Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* [Docket No. 2242], and on February 27,

3

2009, this Court entered a *Supplemental Order Under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline in Connection with Bidding and Auction Procedures for Sale of Certain Unexpired Nonresidential Real Property Leases* [Docket No. 2346] (together, the "Bid Procedures Order"). The Bid Procedures Order, as amended or supplemented, established March 3, 2009, as the bid deadline for "March Leases" and established March 31, 2009, as the date on which "March Leases" would be deemed rejected if (i) no bids were submitted or (ii) the Debtors had not already served a rejection notice and surrendered the premises.

7. Multiple bids were received on the Overlease at the auction but the Overlease was nonetheless withdrawn from the auction process. On March 10, 2009, the Debtors posted on the noticing agent's website a Results of Lease Auction, which indicated that the Property was withdrawn from the original auction.

8. On March 30, 2009, this Court entered an *Order Pursuant to Bankruptcy Code Sections 105 and 365 Modifying Order Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures Authorizing of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Personal Property* [Docket No. 2855] (the "Marketing Extension Order"), which granted the Debtors additional time to market certain leases beyond March 31, 2009, and permitted the Debtors to establish new bid deadlines and auction dates for certain leases.

9. On April 19, 2009, the Debtors filed the Sale Motion, which contemplates a sale of the Debtors' interest in the Overlease and the TJM Sublease to an entity called Merchant

---

[1] The 365(d)(4) Deadline presumably only applies to leases under which the Debtors act as lessee.

4

Equity NY, Inc. ("Merchant Equity") for $235,000.00, subject to higher or otherwise better bids.

## BASIS FOR OBJECTION, ARGUMENT, AND AUTHORITY

10. Although the Sale Motion contemplates the prospective buyer would acquire both the Overlease and the TJM Sublease on an "as is" basis, the Sale Motion also states that the sale would be "free and clear" of other claims, interests, liens, and encumbrances. It is unclear and ambiguous as to what this means. TJM therefore objects to the Sale Motion to the extent the Debtors intend to sell the Overlease "free and clear" of the TJM Sublease or TJM's interest as subtenant of the San Mateo Property.

11. Section 365(f)(2)(B) permits a debtor-in-possession to assign an executory contract or unexpired lease only if adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease. In this context, no information has been provided regarding the ability of the prospective buyer, Merchant Equity, to perform obligations as landlord for the TJM Sublease and obligations as tenant for the Overlease. In fact, the entire response provided to TJM by the Debtors' agent, DJM Realty Services, LLC, regarding Merchant Equity's background and general business stated as follows:

> "I am not at liberty to disclose any information about the bidder."

At present, TJM has no idea if Merchant Equity is a retailer, has any experience in managing a building in which retail operations are conducted, or has the financial wherewithal to perform all obligations under the TJM Sublease and the Overlease. Further, Merchant Equity has not provided any indication regarding its intended use (or lack thereof) of the Property.

12. As purportedly adequate assurance of future performance, the Sale Motion states only that Merchant Equity has provided the Debtors with a copy of federal tax returns for 2007,

5

and that the TJM Sublease results in positive cashflow. Even if the Court finds that Merchant Equity's 2007 federal tax return provides evidence that Merchant Equity has the financial wherewithal to acquire the Overlease and TJM Sublease, such information does not provide adequate assurance that Merchant Equity can perform the Debtors' other obligations under the TJM Sublease, including, *inter alia*: the obligation to maintain in good repair and condition certain areas of the Shopping Center (as defined in the TJM Sublease), including, but not limited to, the parking areas, roadways, driveways, entrances, aisles, common facilities, public conveniences and amenities, sidewalks, walkways, malls, landscaped areas, public restrooms, fire corridors, utility and sewer lines and systems for common use, fire protection and sprinkler alarm systems; the obligation to provide security and lighting for the Common Areas (as defined in the TJM Sublease); the obligation to keep the Common Areas free from refuse and obstruction; the obligation to maintain comprehensive general public liability insurance for the Common Areas, casualty insurance on the building of which the Demised Premises (as defined in the TJM Sublease) are a part, and rent insurance; the obligation to indemnify TJM for expenses and liabilities, including attorneys' fees, resulting from any accident or injury occurring in or on the Shopping Center other than the Demised Premises; the obligation to pay, in the first instance, all real property taxes; and the obligation under the TJM Sublease to perform all of the Debtors' obligations under the Overlease.

13.     TJM in addition reasserts and incorporates by reference the bases of its *Limited Objection to Debtors' Motion for Orders Under Bankruptcy Code Sections 105, 363, and 365 (I) Approving Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases, (II) Setting Sale Hearing Dates and (III) Authorizing and Approving (A) Sale of Certain Unexpired Nonresidential Real Property Leases Free and Clear of All Interests (B) Assumption*

6

*and Assignment of Certain Unexpired Nonresidential Real Property Leases and (C) Lease Rejection Procedures* (the "First Limited Objection") [Docket No. 2058], and the *Objection and Demand for Adequate Protection of T.J. Maxx of CA, LLC Regarding Debtors' Motion to Modify Bidding and Auction Procedures for Sale of Unexpired Nonresidential Real Property Leases* (the "Bidding Procedures Objection") [Docket No. 2777], which were never heard or ruled upon by this Court.

14. TJM repeats its demand for adequate protection pursuant to Section 363(e) of the *Bankruptcy Code*, insofar as the Debtors impair or purport to impair TJM's possessory interest in the San Mateo Property.

15. TJM continues to expressly reserve the right to elect to remain in possession of the San Mateo Property, as permitted under Section 365(h) of the *Bankruptcy Code*, insofar as the Debtors reject or purport to reject the TJM Sublease and/or the Overlease.

## WAIVER OF MEMORANDUM OF LAW

16. Pursuant to *Local Bankruptcy Rule* 9013-1(G), TJM respectfully requests that the Court waive the requirement for a separate memorandum of law on the basis that either this Limited Objection contains no novel issues of law and/or that the applicable legal authority is already set forth herein in this Limited Objection.

## PRIOR REQUEST

17. TJM previously sought the relief requested herein in TJM's Sale Objection, First Limited Objection, and Bidding Procedures Objection, as referenced within this Limited Objection above.

**WHEREFORE,** by reason of the foregoing and/or further arguments made at any hearing hereon, TJM, by counsel, respectfully requests that (a)(i) any order granting the Sale

Motion be modified pursuant to the terms of this Limited Objection, or (ii) the Sale Motion be denied in its entirety; and (b) TJM be granted such other and further relief as the Court may deem just and proper.

**Respectfully Submitted,**

**T.J. MAXX OF CA, LLC**

**By Counsel**

/s/ Lisa Taylor Hudson
Lisa Taylor Hudson, Esquire – VSB #45484
C. Thomas Ebel, Esquire – VSB #18637
William A. Gray, Esquire – VSB #46911
Sands, Anderson, Marks & Miller, P.C.
801 East Main Street, Suite 1800
(P.O. Box 1998)
Richmond, Virginia 23219 (23218-1998)
Phone:  (804) 648-1636
Fax: (804) 783-7291
*Local Counsel for T. J. Maxx of CA, LLC*

-and-

Steven T. Hoort, Esquire
Heather J. Zelevinsky, Esquire
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
Phone: (617) 951-7470
Fax:  (617) 235-0054
*Counsel for T. J. Maxx of CA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and was mailed, by U.S. Mail, first class, postage prepaid, to all persons on the Service List below:

## SERVICE LIST

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods, LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
*Counsel for Debtors*

David W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL 60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*U.S. Trustee's Office*

Linda K. Myers, Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, Illinois 60601
*Special Counsel for Debtors*

David S. Berman, Esquire
Riemer & Braunstein, LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A.*

Bruce Matson, Esquire
LeClair Ryan
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
*Counsel for Bank of America, N.A.*

| | |
|---|---|
| Lynn L. Tavenner, Esquire<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, Virginia 23219<br>*Local Counsel for the Official Committee of Unsecured Creditors* | Jeffrey N. Pomerantz, Esquire<br>Pachulski Stang Ziehl & Jones, LLP<br>10100 Santa Monica Boulevard, 11th Fl<br>Los Angeles, CA 90067<br>*Counsel for the Official Committee of Unsecured Creditors* |
| Robert J. Feinstein, Esquire<br>Pachulski Stang Ziehl & Jones, LLP<br>780 Third Avenue, 26th Floor<br>New York, NY 10017<br>*Counsel for the Official Committee of Unsecured Creditors* | |

      /s/ Lisa Taylor Hudson