UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | CASE NO. 08-35653 (KRH) |
| | ) | |
| Circuit City Stores, Inc., *et al.* | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | CHAPTER 11 |
| | ) | |

**AMENDED REQUEST FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM**

Myrtle Beach Farms Company, Inc. (hereafter "MBF"), by and through its undersigned counsel, hereby submits this amended request for allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 365(d)(3) and 503(b)(1), relating to the post-petition use and occupancy of Landlord's non-residential property located at 550 Seaboard Street in Myrtle Beach, South Carolina, and in support thereof, respectfully states as follows:

1. On November 10, 2008 (the "Petition Date") the Debtors filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108[1].

---

[1] All further references to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4104
Facsimile: (804) 697-6104

Local Counsel for Myrtle Beach Farms Company, Inc.

2. MBF is the owner of certain real property known as 550 Seaboard Street ("Seaboard") located in Myrtle Beach, South Carolina.

3. Pursuant to a Lease and Memorandum of Lease dated November 11, 1999 (the "Seaboard Lease") between MBF, as lessor and Circuit City Stores, Inc. ("Circuit City") as lessee, Circuit City leases certain retail space at Seaboard. The ASC leasehold premises are referenced as **Store # 3246** by the Debtors (the "**Property**").

4. Pursuant to the Seaboard Lease, the Debtors are required to pay minimum rent, in addition to percentage rent, insurance, common area maintenance charges ("**CAM**"), property taxes and other charges (collectively, the "**Rent**"). A copy of the Memorandum of Lease and a Lease Synopsis reflecting the current Rent due for each month of the Lease for the first eleven years of the lease term is attached as Exhibits "A" and "B" respectively. A copy of the Lease will be provided upon request to counsel for Landlord.

5. Debtors occupied and used the Property covered by the Lease from the Petition Date until March 10, 2009, at which time the Debtors surrendered possession of the Property (the "**Lease Rejection Date**").

6. Between the Petition Date and the Lease Rejection Date, the Debtors were obligated to the Landlord for Rent under the Lease for the use and occupancy of the Property. During the before-described pre-rejection period, Debtors did not make full payment to Landlord, but used, occupied, and generated revenue for the benefit of the estate from the use and occupancy of the Property.

7. Landlord requests allowance and payment of $42,147.47 (the "§ 365(d)(3) Amount") pursuant to § 365(d)(3) notwithstanding the 'actual necessary costs' requirement of § 503(b)(1). *See* this Court's opinion in *In re Circuit City Stores, Inc.*, 2009 Bankr. LEXIS 672

2

(Bankr. E.D. Va. Feb. 12, 2009). A copy of the Landlord's Statement itemizing the amounts due is attached hereto as Exhibit "C".

8. In the alternative, Landlord requests allowance and payment of $42,147.47 pursuant to §§ 503(b)(1) and 507(c)(2) (the "**Administrative Claim Amount**") for the expenses of preserving the property and for the benefits inuring to the estate from its use and occupancy of the Property while Debtor liquidated its inventory and equipment on the Property and attempted to sell its interest in the Lease in the period between the Petition Date and the Lease Rejection Date. A copy of the Landlord's Statement itemizing the amounts due is attached hereto as Exhibit "C".

9. The Landlord requests that the § 365(d)(3) Amount or, in the alternative, the Administrative Claim Amount, be paid promptly by Debtor, or alternatively, Landlord asserts that it is entitled to, and should be provided, adequate assurances of payment of the § 365(d)(3) Amount or, in the alternative, the Administrative Claim Amount on the same or similar terms obtained by other administrative expense claimants, including all professional persons, under any plan of reorganization hereafter confirmed.

10. This amended request is being filed because the original request as filed did not have attached Exhibit C thereto.

WHEREFORE, Landlord respectfully prays for relief consistent with the foregoing, and for such other and further relief as may be just and equitable.

MYRTLE BEACH FARMS COMPANY, INC.

By: /s/ Augustus C. Epps, Jr.
      Local Counsel

4

Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
Jennifer M. McLemore, Esquire (VSB 47164)
Noelle M. James, Esquire (VSB 76001)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4104
Facsimile:  (804) 697-6104
E-mail:  aepps@cblaw.com


Betsy Johnson Burn, Esquire
Federal Bar No. 7574
1320 Main Street, 17th Floor
Post Office Box 11070
Columbia, SC 29211-1070
Telephone: (803) 799-2000
E-Mail: betsy.burn@nelsonmullins.com

Counsel for Myrtle Beach Farms Company, Inc.


## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of May, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.


                                         /s/ Augustus C. Epps, Jr.
                                         Augustus C. Epps, Jr.


943592v2