**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **CIRCUIT CITY STORES, INC.,** *et. al.,* | Case No. 08-35653-KRH |
| Debtors. | Jointly Administered |

**APPLICATION OF INFOGAIN CORPORATION FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM**

COMES NOW INFOGAIN CORPORATION ("Infogain"), by its undersigned counsel, and in support of its Application for Allowance and Payment of Administrative Expense Priority Claim, respectfully represents as follows:

1.    Debtor Circuit City Stores, Inc. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 10, 2008 ("Petition Date"). No bar date has been established for administrative claims at this time.[1]

2.    Pursuant to a Master Services Agreement ("MSA") dated as of August 27, 2007, Infogain and the Debtor entered into a contractual relationship whereby Infogain would provide services to the Debtor and the Debtor was obligated to pay Infogain for those services. A true and correct copy of the MSA is attached to the Declaration of Dean C. Wohlwend filed concurrently herewith as Exhibit "A" and is incorporated herein by reference (the "Wohlwend Declaration"). Each project would be agreed to and defined in writing by its own Statement of Work ("SOW"). The MSA and each SOW constitute a separate agreement between the Debtor and Infogain. (See MSA preamble.)

---

[1] The Court has set a bar date solely for administrative expense claims arising under 11 U.S.C. § 503(b)(9), which is inapplicable to Infogain's claim.

3. Section 8 of the MSA addresses termination of the MSA. Either party can terminate on 30 days written notice under Paragraph 8.1. The effective date of termination (the "Termination Date") is defined as 30 days after written notice of termination is given. Paragraph 8.2 of the MSA provides that if any SOWs remained in effect for a period of time beyond the Termination Date, then the MSA is automatically extended through the last day that the SOW remains in effect.

4. A total of seven (7) different SOWs were executed by the Debtor and Infogain at various dates between August 27, 2007 and November 22, 2008. True and correct copies of the SOWs are attached as Exhibits "B" through "H" respectively to the Wohlwend Declaration and are incorporated herein by reference. At all times, Infogain has rendered the services required of it pursuant to the MSA and each of the SOWs.

5. At the time the Debtor filed the voluntary petition, there was an outstanding obligation owed to Infogain by the Debtor in the sum of $601,892.60 based upon invoices for pre-petition services rendered to the Debtor. Infogain has filed an Amended Proof of Claim for said amounts, together with its damages for rejection of executory contracts in the total amount of $1,574,579.58.[2] The Amended Proof of Claim also describes the amounts requested herein as being entitled to an administrative claim in the additional sum of $683,013.02 as described below.

6. At the time the Debtor filed for chapter 11, three of the SOWs were still in effect. SOW Nos. 5, 6 and 7 each had an estimated ending date of April 30, 2009. At the Debtor's request, Infogain continued to render services to the Debtor as required under SOW Nos. 5, 6, and 7 following the Petition Date ("Post-petition Services"). The following invoices have been

---

[2] Infogain timely filed its original Proof of Claim on January 28, 2009.

2

issued to the Debtor in connection with Post-petition Services provided by Infogain pursuant to the MSA and SOW Nos. 5, 6 and 7 as follows:

| Post-Petition Services Invoices | | | | |
|---|---|---|---|---|
| Date of Invoice | Invoice # | SOW # | Dates Services Were Rendered | Outstanding Amount Invoice |
| 12-3-08 | 019753 | 6 | 11-16-08 to 11-30-08 | $67,200.00 |
| 12-3-08 | 019754 | 5 | 11-16-08 to 11-30-08 | $24,990.00 |
| 12-3-08 | 019755 | 7 | 11-16-08 to 11-30-08 | $97,320.00 |
| 12-11-08 | 019615 | 7 | 11-17-08 to 12-17-08 | $714.10 |
| 1-7-09 | 019700 | 4 | 12-8-08 to 12-14-08 | $1,280.95 |
| 1-9-09 | 019713 | 6 | 12-7-08 to 12-31-08 | $109,765.00 |
| 1-9-09 | 019714 | 7 | 12-7-08 to 12-31-08 | $159,045.00 |
| 1-9-09 | 019715 | 5 | 12-7-08 to 12-31-08 | $37,575.00 |
| 1-15-09 | 019747 | 7 | 12-20-08 | $440.00 |
| 1-22-09 | 019763 | 6 | 1-4-09 to 1-18-09 | $61,845.00 |
| 1-22-09 | 019764 | 5 | 11-17-08 to 1-16-09 | $4,993.24 |
| 1-22-09 | 019766 | 7 | 1-4-09 to 1-18-09 | $80,040.00 |
| 1-22-09 | 019767 | 7 | 12-8-08 to 1-15-09 | $1,491.28 |
| 1-22-09 | 019771 | 5 | 1-11-09 to 1-18-09 | $22,350.00 |
| 1-22-09 | 019773 | 6 | 1-22-09 (30 day termination period) | $96,000.00 |
| 1-22-09 | 019774 | 5 | 1-22-09 (30 day termination period) | $42,400.00 |
| 1-22-09 | 019775 | 7 | 1-22-09 (30 day termination period) | $140,000.00 |
| 1-22-09 | 019776 | 6 | 1-22-09 (30 day termination period -lease breakage, relocation costs) | $14,732.00 |
| 1-22-09 | 019777 | 5 | 1-22-09 (30 day termination period -lease breakage, relocation costs) | $4,734.00 |

3

| Post-Petition Services Invoices | | | | |
|---|---|---|---|---|
| 1-22-09 | 019778 | 7 | 1-22-09  (30 day termination period -lease breakage,  relocation costs) | $6,343.00 |
| 1-22-09 | 019779 | 7 | 11-30-08 | $640.00 |
| 1-22-09 | 019780 | 7 | 1-4-09 to 1-18-09 | $10,545.00 |
| 1-22-09 | 019781 | 5 | 1-4-09 | $1,125.00 |
| 1-26-09 | 019784 | 5 | 1-12-09 | $300.40 |
| Subtotal | | | | $985,868.97 |
| Less: Credit Memo issued 1-8-09 | 019704 | 7 | 12-31-08 | $-1,760.00 |
| Less: Partial payment received 4-7-09 | | | | $-301,095.95 |
| TOTAL ADMINISTRATIVE CLAIM | | | | $683,013.02 |

True and correct copies of each of the outstanding invoices for post-petition services identified above, together with the partial payment received from the Debtor on April 7, 2009, are attached collectively to the Wohlwend Declaration as Exhibit "I" and are incorporated herein by reference.  The obligations represented by the invoices attached as Exhibit "I" to the Wolhwend Declaration constitute an administrative priority claim owed by the Debtor to Infogain pursuant to 11 U.S.C. §503(b) and §507(a)(2).  To the extent that any of these invoices are not allowed as an administrative expense, Infogain reserves the right to further amend its Proof of Claim to reclassify such invoices as part of Infogain's unsecured, non-priority claim.

7. The Debtor advised Infogain by email dated January 16, 2009 that the Debtor was terminating the MSA and outstanding SOWs effective immediately as a result of the Debtor's decision on January 16, 2009 to begin a complete liquidation of its assets.  A true and correct copy of the email from Pat O'Reilly, Director of IT at the Debtor is attached as Exhibit "J" to the Wohlwend Declaration and is incorporated herein by reference.

4

8. Notwithstanding the notice of termination given by the Debtor to Infogain on January 16, 2009, Infogain was entitled to thirty (30) days notice of termination pursuant to the MSA. The effective date of the notice of termination is therefore thirty (30) days after such notice was given, or February 15, 2009. Infogain is entitled to a further administrative claim, according to proof, for the expenses of termination which Infogain incurred as a result of the Debtor's notice, including but not limited to the cost of recalling Infogain's personnel (i.e. travel related expenses and breaking of leases), as well as the amounts that would have been invoiced by Infogain to the Debtor during the 30 day period following the notice of termination.

9. All executory contracts between the Debtor and Infogain were eventually rejected by the Debtor effective March 20, 2009 pursuant to the ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS entered on March 31, 2009, a true and correct copy of which is attached as Exhibit "K" to the Wolhwend Declaration and is incorporated herein by reference.

10. Allowable administrative expenses under 11 U.S.C. §503(b)(1)(A) include the actual and necessary costs and expenses of preserving the Bankruptcy Estate. Infogain believes that the Debtor's continued utilization of Infogain's services post-petition preserved assets of this Estate. The Post-petition Services were rendered specifically at the request of the Debtor and provided a benefit to this Estate. See, Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enterprises. Inc.), 180 F. 3d 149, 157 (4th Cir. 1999). Accordingly, Infogain is entitled to an allowable administrative expense claim pursuant to 11 U.S.C. §503(b), which is entitled to priority under 11 U.S.C. §507(a)(2).

11. Because this motion presents no novel issues of law and the authorities relied upon are set forth herein, Infogain respectfully contends that no separate memorandum is necessary pursuant to Local Rule 9013-1(G).

Wherefore, Infogain prays that this Court enter an order substantially in the form attached hereto: (a) allowing Infogain an administrative claim pursuant to 11 U.S.C. §503(b)(1)(A) in the amount of $683,013.02, which claim is entitled to administrative priority pursuant to 11 U.S.C. §507(a)(2); and, (b) for such other and further relief as the Court deems just and proper.

Dated: May 7, 2009                                  INFOGAIN CORPORATION

                                                   By Counsel


 /s/ Valerie P. Morrison
Valerie P. Morrison, Va. Bar No. 24565
Dylan G. Trache, Va. Bar No. 45939
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22102
Telephone: 703-905-2826
Facsimile: 703-905-2820
Email: vmorrison@wileyrein.com
          dtrache@wileyrein.com


Julie H. Rome-Banks, Esq.
BINDER & MALTER LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: 408-295-1700
Facsimile: 408-295-1531
email: julie@bindermalter.com

Attorneys for Infogain Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of May 2009, a copy of the foregoing Application was sent by electronic mail or by first class mail, postage prepaid, to the Core Group service list and the 2002 List in compliance with the Order establishing Notice, Case Management and Administrative Procedures.


                                                        /s/ Valerie P. Morrison
                                                    Valerie P. Morrison

12988426.3