UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| In re | Chapter 11 |
|---|---|
| CIRCUIT CITY STORES, INC., *et. al.*, | Case No. 08-35653-KRH |
| Debtors. | Jointly Administered |

DECLARATION OF DEAN C. WOHLWEND IN SUPPORT OF
APPLICATION OF INFOGAIN CORPORATION FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM

I, Dean C. Wohlwend, hereby declare:

1. I am the Vice President of Finance and CFO of creditor Infogain Corporation ("Infogain"), a creditor in the above entitled case and I am authorized to make this Declaration in support of the APPLICATION OF INFOGAIN CORPORATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM ("Motion").

2. I am over the age of 18 years and have personal knowledge of the matters contained in this Declaration, except as to those matters alleged upon information and belief and as to those matters I believe them to be true. If called upon as a witness, I could and would competently testify as follows.

3. In my capacity as Vice President of Finance and CFO of Infogain, I have access to, and I am familiar with, the books and records kept by Infogain regarding Debtor Circuit City Stores, Inc. ("Debtor"). These books and records have been generated, recorded and compiled in the ordinary course of business of Infogain. Further, these documents were prepared at the time, or near the time, that the information was received or the events and transactions actually took place. It is the standard operating procedure of Infogain to preserve these documents in a place

of safekeeping on its business premises. I have personal access to these books and records and their continued safekeeping is maintained under my direction and supervision.

4.  The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on November 10, 2008. No bar date has been established for administrative claims at this time, other than for claims arising under 11 U.S.C. § 503(b)(9), which is inapplicable to Infogain's administrative claim.

5.  Pursuant to a Master Services Agreement ("MSA") dated as of August 27, 2007, Infogain and the Debtor entered into a contractual relationship whereby Infogain would provide services to the Debtor and the Debtor was obligated to pay Infogain for those services. A true and correct copy of the MSA is attached hereto as Exhibit "A" and is incorporated herein by reference. Each project would be agreed and defined in writing by its own Statement of Work ("SOW"). The MSA and each SOW constitute a separate agreement between the Debtor and Infogain. (See MSA preamble.)

6.  Section 8 of the MSA addresses termination of the MSA. Either party can terminate on 30 days written notice under Paragraph 8.1. The effective date of termination (the "Termination Date") is defined as 30 days after written notice of termination is given. Paragraph 8.2 of the MSA provides that if any SOWs remained in effect for a period of time beyond the Termination Date, then the MSA is automatically extended through the last day that the SOW remains in effect.

7.  A total of seven (7) different SOW's were executed by the Debtor and Infogain at various dates between August 27, 2007 and November 1, 2008. True and correct copies of the SOWs are attached hereto as Exhibits "B" through "H" respectively and are incorporated herein

by reference. At all times, Infogain has rendered the services required of it pursuant to the MSA and each of the SOWs.

8. At the time the Debtor filed the voluntary petition, there was an outstanding obligation owed to Infogain by the Debtor in the sum of $601,892.60 based upon invoices for pre-petition services rendered to the Debtor. Infogain has filed an Amended Proof of Claim for said amounts, together with its damages for rejection of executory contracts in the total amount of $1,574,579.58.[1] Said Amended Proof of Claim also describes the amounts requested herein as being entitled to an administrative expense claim in the additional sum of $683,013.02 as described below.

9. At the time the Debtor filed bankruptcy, three of the SOWs were still in effect. SOW Nos. 5, 6 and 7 each had an estimated ending date of April 30, 2009. At the Debtor's request, Infogain continued to render services to the Debtor as required under SOW Nos. 5, 6, and 7 following the filing of bankruptcy. The following invoices have been issued to the Debtor in connection with post-petition services provided by Infogain pursuant to the MSA and SOW Nos. 5, 6 and 7 as follows:

| Post-Petition Services Invoices | | | | |
| --- | --- | --- | --- | --- |
| Date of Invoice | Invoice # | SOW # | Dates Services Were Rendered | Outstanding Amount Invoice |
| 12-3-08 | 019753 | 6 | 11-16-08 to 11-30-08 | $67,200.00 |
| 12-3-08 | 019754 | 5 | 11-16-08 to 11-30-08 | $24,990.00 |
| 12-3-08 | 019755 | 7 | 11-16-08 to 11-30-08 | $97,320.00 |
| 12-11-08 | 019615 | 7 | 11-17-08 to 12-17-08 | $714.10 |
| 1-7-09 | 019700 | 4 | 12-8-08 to 12-14-08 | $1,280.95 |
| 1-9-09 | 019713 | 6 | 12-7-08 to 12-31-08 | $109,765.00 |

---

[1] Infogain previously filed an original Proof of Claim on January 28, 2009.

3

| Post-Petition Services Invoices | | | | |
|---|---|---|---|---|
| 1-9-09 | 019714 | 7 | 12-7-08 to 12-31-08 | $159,045.00 |
| 1-9-09 | 019715 | 5 | 12-7-08 to 12-31-08 | $37,575.00 |
| 1-15-09 | 019747 | 7 | 12-20-08 | $440.00 |
| 1-22-09 | 019763 | 6 | 1-4-09 to 1-18-09 | $61,845.00 |
| 1-22-09 | 019764 | 5 | 11-17-08 to 1-16-09 | $4,993.24 |
| 1-22-09 | 019766 | 7 | 1-4-09 to 1-18-09 | $80,040.00 |
| 1-22-09 | 019767 | 7 | 12-8-08 to 1-15-09 | $1,491.28 |
| 1-22-09 | 019771 | 5 | 1-11-09 to 1-18-09 | $22,350.00 |
| 1-22-09 | 019773 | 6 | 1-22-09 (30 day termination period) | $96,000.00 |
| 1-22-09 | 019774 | 5 | 1-22-09 (30 day termination period) | $42,400.00 |
| 1-22-09 | 019775 | 7 | 1-22-09 (30 day termination period) | $140,000.00 |
| 1-22-09 | 019776 | 6 | 1-22-09 (30 day termination period -lease breakage, relocation costs) | $14,732.00 |
| 1-22-09 | 019777 | 5 | 1-22-09 (30 day termination period -lease breakage, relocation costs) | $4,734.00 |
| 1-22-09 | 019778 | 7 | 1-22-09 (30 day termination period -lease breakage, relocation costs) | $6,343.00 |
| 1-22-09 | 019779 | 7 | 11-30-08 | $640.00 |
| 1-22-09 | 019780 | 7 | 1-4-09 to 1-18-09 | $10,545.00 |
| 1-22-09 | 019781 | 5 | 1-4-09 | $1,125.00 |
| 1-26-09 | 019784 | 5 | 1-12-09 | $300.40 |
| Subtotal | | | | $985,868.97 |
| Less: Credit Memo issued 1-8-09 | 019704 | 7 | 12-31-08 | $-1,760.00 |
| Less: Partial payment received 4-7-09 | | | | $-301,095.95 |
| TOTAL ADMINISTRATIVE CLAIM | | | | $683,013.02 |

4

True and correct copies of each of the outstanding invoices for post-petition services identified above, together with the partial payment received from the Debtor on April 7, 2009, are attached hereto collectively as Exhibit "I" and are incorporated herein by reference.  The obligations represented by the invoices attached hereto as Exhibit "I" constitute an administrative priority claim owed by the Debtor to Infogain pursuant to 11 U.S.C. §503(b) and §507(a)(2).  To the extent that any of these invoices are not allowed as an administrative expense, Infogain reserves the right to further amend its Proof of Claim to reclassify such invoices as part of Infogain's unsecured, non-priority claim.

10. The Debtor advised Infogain by email dated January 16, 2009 that the Debtor was terminating the MSA and outstanding SOWs effective immediately as a result of the Debtor's decision on January 16, 2009 to begin a complete liquidation of its assets.  A true and correct copy of the email from Pat O'Reilly, Director of IT at the Debtor is attached hereto as Exhibit "J" and is incorporated herein by reference.

11. Notwithstanding the notice of termination given by the Debtor to Infogain on January 16, 2009, Infogain was entitled to thirty (30) days notice of termination pursuant to the MSA.  The effective date of the notice of termination is therefore thirty (30) days after such notice was given, or February 15, 2009.  Infogain is entitled to a further administrative claim, according to proof, for the expenses of termination which Infogain incurred as a result of the Debtor's notice, including but not limited to the cost of recalling Infogain's personnel (i.e. travel related expenses and breaking of leases), as well as the amounts that would have been invoiced by Infogain to the Debtor during the 30 day period following the notice of termination.  These amounts are included in the list of invoices in paragraph 9 of this Declaration.

12. All executory contracts between the Debtor and Infogain were eventually rejected by the Debtor effective March 20, 2009 pursuant to the ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS entered on March 31, 2009, a true and correct copy of which is attached hereto as Exhibit "K" and is incorporated herein by reference.

Executed on May 7, 2009 at Los Gatos, Santa Clara County, California. I declare under penalty of perjury that the foregoing is true and correct.

Dean C. Wohlwend

Valerie P. Morrison, Esq.
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22102
Telephone: 703-905-2826
Facsimile: 703-905-2820
Email: vmorrison@wileyrein.com

Julie H. Rome-Banks, Esq.
BINDER & MALTER LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: 408-295-1700
Facsimile: 408-295-1531
email: julie@bindermalter.com

Attorneys for Infogain Corporation