Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
:
In re:                                    :    Chapter 11
:
CIRCUIT CITY STORES, INC.,                :    Case No. 08-35653 (KRH)
et al.,                                   :
:
        Debtors.                          :    Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER APPROVING STIPULATION BY AND AMONG THE DEBTORS AND TOMTOM, INC. PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND BANKRUPTCY RULE 9019**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order") approving the proposed Stipulation and Agreement (the "Stipulation") between the Debtors and TomTom, Inc. ("TomTom" and together with the Debtors, the "Parties"), substantially in the form attached as <u>Exhibit A</u> to the Order.[2]  In support of the Motion, the Debtors respectfully represent:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[2] Unless otherwise indicated, capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation.

core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going-out-of-business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going-out-of-business sales were concluded on or about March 8, 2009.

## RELIEF REQUESTED

7.   By this Motion, the Debtors request that the Court approve the Stipulation under Bankruptcy Code section 105 and Bankruptcy Rule 9019 and grant such other and further relief as is just and proper.

## BASIS FOR RELIEF

**A.   The Debtors and TomTom.**

8.   Prior to the going-out-of-business sales, Circuit City Stores, Inc. ("Circuit City") and TomTom had a long-standing business relationship whereby Circuit City purchased merchandise from TomTom.  At various times throughout their working relationship, TomTom offered incentives to its customers, including Circuit City, for merchandise purchases.

9. Most recently, in the fall of 2008, TomTom introduced its 2008 "GiveGive" Holiday Promotion (the "Give Give Promotion") pursuant to which retailers who opted to participate would receive post-petition credits for sales of certain models of TomTom devices.

10. TomTom and Circuit City were also parties to that certain letter agreement dated October 17, 2008 (the "Letter Agreement"). Pursuant to the Letter Agreement, Circuit City purchased certain Model 125 GPS units (the "Model 125s") from TomTom.

11. In addition, TomTom and Circuit City were parties to other agreements, not relating to the Model 125s, pursuant to which Circuit City earned certain credits.

**B.   The TomTom Motion.**

12. On December 17, 2008, TomTom filed its Motion for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the Debtors (the "TomTom Motion"), seeking relief from the automatic stay to offset or recoup the credits earned through the Give Give Promotion against its claims.

13. On January 12, 2009, the Debtors filed their objection to the TomTom Motion (the "Objection," Docket No. 1475), opposing the relief sought in the motion on several grounds. Among other things, the Debtors asserted that TomTom was the recipient of certain pre-petition transfers which may be avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Preferential Transfers"). On January 14, 2009, TomTom filed its reply to the Objection (Docket No. 1529).

**C.   The Initial Stipulation**

14. During the previous months, the Debtors and TomTom have been working together to resolve certain of their disputes. As a result, on April 14, 2009, the Debtors and TomTom entered into the Stipulation Partially Resolving Motion of TomTom, Inc. for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the Debtors (the "Initial Stipulation"), whereby the parties partially resolved certain of the issues raised in the Motion and the Objection. The Initial Stipulation was approved by the Court on April 17, 2009.

15. Pursuant to the Initial Stipulation, the Debtors and TomTom agreed to the amounts of TomTom's administrative claims. In particular, the Parties agreed that TomTom is entitled to (i) an administrative expense claim pursuant to Bankruptcy Code section 503(b)((9) against Circuit City's estate in the amount of $7,339,636.44 (the "TomTom 503(b)(9) Claim") for the delivery of Model 125s to Circuit City within 20 days prior to the Petition Date, and (ii) an administrative expense claim pursuant to Bankruptcy Code section 503(b)(1) against Circuit City's estate in the amount of $1,072,893.12 (the "TomTom 503(b)(1)(A) Claim" and together with the TomTom 503(b)(9) Claim, the "TomTom Administrative Expense Claims") for the delivery of Model 125s to Circuit City on the Petition Date.

16. The Parties further agreed that Circuit City has earned post-petition credits in its favor in the amount of $3,350,000.00 (the "Credits").

17. In addition, the Debtors asserted that the amount of the Alleged Preferential Transfers totaled not less than $144,476.00.

18. Finally, TomTom reserved its right to assert that any or all of its claims were subject to recoupment and the Debtors reserved their rights with respect thereto; provided, however, that TomTom agreed to not unilaterally exercise its recoupment rights, if any, absent further order of the Court or by agreement of the Parties.

19. Since approval of the Initial Stipulation, in order to avoid the time, expense and uncertainty associated with litigating the TomTom Motion and the Objection, the Parties have settled their differences and entered into the Stipulation resolving the TomTom Motion and related issues.

**TERMS OF STIPULATION**

20. The complete terms of the Parties' agreement are set forth in the Stipulation and the attachments thereto. The material terms of the Stipulation are set forth below.[3]

    (a) The TomTom 503(b)(1)(A) Claim is allowed.

---

[3] To the extent that any description of the stipulation contained herein conflicts with the terms of the Stipulation, the Stipulation shall control.

(b) The TomTom 503(b)(9) Claim is allowed.

(c) The automatic stay provisions of Bankruptcy Code section 362 are modified as follows: TomTom shall offset/setoff the Credits against the full amount of the TomTom 503(b)(1)(A) Claim, which will result in remaining amounts of (i) the TomTom 503(b)(1)(A) Claim equal to $0.00 and (ii) the Credits equal to $2,277,106.88 (the "Remaining Credits").

(d) The automatic stay provisions of Bankruptcy Code section 362 are further modified as follows:  TomTom shall offset/setoff the Remaining Credits against the TomTom 503(b)(9) Claim, which will result in remaining amounts of (i) the TomTom 503(b)(9) Claim equal to $5,062,529.56 (the "Remaining TomTom 503(b)(9) Claim") and (ii) the Credits equal to $0.00.

(e) On account of the Alleged Preferential Transfers, TomTom shall further offset/setoff $50,000 against the Remaining TomTom 503(b)(9) Claim, which will result in a remaining amount of the Remaining TomTom 503(b)(9) Claim equal to $5,012,529.56 (the "Allowed TomTom 503(b)(9) Claim").

(f) The Allowed TomTom 503(b)(9) Claim shall be paid in accordance with a confirmed plan of liquidation in the Debtors' cases or such earlier or later time as the Court may fix.

(g) The Debtors and their estates waive and release any and all causes of action they may have against TomTom arising under Bankruptcy Code sections 502(d), 544, 545, 547, 548, 549 and 550 (the "Avoidance Actions").

(h) Except for the Avoidance Actions, the Debtors reserve any and all legal and equitable rights, remedies, defenses, actions and arguments with respect to any claims asserted by TomTom

       (other than the TomTom Administrative Expense Claims).  For the avoidance of doubt, nothing in the Stipulation shall be deemed to effect or resolve any issues relating to TomTom's alleged pre-petition general unsecured claims, or to effect, impair, waive, or relinquish the Debtors' rights (other than the Debtors' rights pertaining to Avoidance Actions) with respect thereto or any alleged pre-petition credits.

  (i)   Except to the extent expressly set forth herein, the automatic stay provisions of Bankruptcy Code section 362 shall remain in full force and effect.

## APPLICABLE AUTHORITY

21.  The Stipulation represents a fair and reasonable compromise and settlement of disputed issues and claims among the Debtors and TomTom.  Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement."  Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  See In re Bond, 1994 U.S. App. Lexis 1282, *9-*14 (4th Cir. 1994)("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy'."); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).  Various courts have endorsed the use of

Bankruptcy Rule 9019.  See, e.g., Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996).

    22.  The standards by which a Court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

    (a)  the probability of success in litigation;

    (b)  the difficulty in collecting any judgment that may be obtained;

    (c)  the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

    (d)  the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997); United States ex. Rel. Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 152 (D. Md. 2001).

    23.  The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the

case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor and should defer to the debtor so long as there is a reasonable business justification. See In re Martin, 91 F.3d at 395; In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000). The court should exercise its discretion "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., Inc., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); Nellis v. Shugrue, 165 B.R. 115, 23 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above.").

        24.  Here, approval of the Stipulation is warranted. Although the Debtors believe that they would likely be successful in litigation with TomTom, with all litigation there are risks. In particular, the Debtors were pursuing, among other arguments, a defense to the

TomTom Motion under Bankruptcy Code section 502(d). While the Debtors believe their interpretation of section 502(d) to be correct, they cannot be certain this Court would agree. Moreover, the Debtors have conducted an analysis of the Alleged Preferential Transfers and determined that TomTom may have defenses to significant portions of the Alleged Preferential Transfers. Thus, even if the Debtors were successful, it is unlikely the Debtors would succeed on all issues.

25. Furthermore, even if the Debtors were ultimately successful in asserting some or all of their arguments, they would likely prevail only after significant additional litigation. Indeed, the Initial Stipulation established a briefing schedule that envisioned beginning a lengthy and costly litigation process.

26. Thus, the Debtors believe that the Stipulation will enable the parties to beneficially reconcile their current disputes with TomTom without instituting complex litigation proceedings, thereby avoiding the attendant costs, delays and uncertainty of litigation over any disputed issues that arise in

conjunction with TomTom's setoff and recoupment claims and the Alleged Preferential Transfers.

27.  Based on the foregoing, the Debtors submit that the proposed Stipulation is beneficial to their estates and their creditors and that the Court should authorize the Debtors to enter into the Stipulation allowing the TomTom Administrative Expense Payments, to the extent provided therein, and resolving related matters.  Moreover, the Stipulation represents a compromise that is fair and equitable, falls well within the range of reasonableness, and satisfies the standards for approval under applicable law.

28.  Accordingly, for the reasons detailed herein, approval of the Settlement is warranted under Bankruptcy Rule 9019.

29.  Finally, Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  As noted above, approval of the relief requested herein furthers the Debtors' efforts to minimize the risk of litigation and to resolve claims in

a manner that benefits the Debtors and is fair and equitable to other parties in interest.

30. Accordingly, granting the relief requested herein is justified under Bankruptcy Code section 105.

### NOTICE

31. Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130). The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

32. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

33. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court approve the Stipulation and grant the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 8, 2009  
     Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and -

MCGUIREWOODS LLP

__/s/ Douglas M. Foley_____  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession