UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | Chapter 11 |
| Debtors. ) | (Jointly Administered) |

### MOTION OF KENTUCKY OAKS MALL COMPANY
### FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

Kentucky Oaks Mall Company ("Kentucky Oaks"), an Ohio Limited Partnership, by counsel, hereby moves this Court (the "Motion") to enter an Order, pursuant to Sections 365(d)(3) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), for the (i) allowance of an administrative expense claim for rent-related charges from November 10, 2008 through November 30, 2008 ("Stub Rent"); (ii) allowance and payment of an administrative expense claim for additional, post-petition rent-related charges; and (iii) allowance and payment of an administrative expense claim of attorney's fees and costs. In support of its Motion, Kentucky Oaks respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2) and 1334.

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Kentucky Oaks Mall Company*

3. Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On or about May 16, 1998, Kentucky Oaks entered into a lease (the "Lease") with Circuit City Stores, Inc. (Debtor) for a portion of that certain real property of which Kentucky Oaks is the owner, commonly known as Unit No. 982, Kentucky Oaks Mall, Paducah, Kentucky, with an initial term of twenty years. A true and correct copy of the Lease is attached hereto as **Exhibit A** and is incorporated herein by reference.[1]

5. Clause 9 of the Lease provides for the payment of real estate and business and occupation taxes.

6. Clause 28(a) of the Lease provides that unpaid leasehold charges due pursuant to the Lease shall bear interest at the rate of four percent plus the "Prime Rate" *per annum*.

7. On or about November 10, 2008, Debtor commenced a case under Chapter 11 of the Bankruptcy Code in this Court.

8. By order of the Court dated December 11, 2008 [Doc. No. 896], the Debtor rejected the Lease, which rejection became effective on December 31, 2008.

9. Debtor failed to pay certain rental charges due and payable during the post-petition period. As further described herein, the Debtor owes Kentucky Oaks the total sum of $2,793.14 for monthly rental charges accrued during the post-petition time period of November 10, 2008 through December 30, 2008.

---

[1] Only the CM/ECF filed copy and the copy served on Debtor's counsel include the full Exhibits; however, Exhibits will be provided upon request, or can be obtained by accessing this Motion on the CM/ECF docket in the above-referenced matter.

**RELIEF REQUESTED**

10. By this Motion, Kentucky Oaks requests that the Court enter an order for (i) allowance of Stub Rent as an administrative expense claim; (ii) allowance and payment of an administrative expense claim for additional, post-petition rent-related charges under Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code; and (iii) allowance and payment of an administrative expense claim for attorney's fees and costs pursuant to the provisions of the Lease.

A. **Allowance of Stub Rent as an Administrative Expense Claim**

11. The Debtor filed its bankruptcy petition on November 10, 2008, but failed to pay rent and related charges to Kentucky Oaks for the entire month. In its *Memorandum Opinion* dated February 12, 2009 (the "Stub Rent Opinion") [Doc. No. 2107], the Court held that lessors holding leases that required the Debtor to pay its November 2008 rental obligations on November 1, 2008 were:

> . . . accorded administrative priority expense treatment under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and such Stub Rent claims shall be payable upon the effective date of any plan of reorganization in these cases, or at such time as the Court may order upon further motion.

See Stub Rent Opinion, pg. 14.

12. Here, for the month of November, rent-related charges accrued, *i.e.*, business and occupation taxes in the amount of $1.18, annual real estate taxes in the amount of $1,034.46 and service charges of $275.27. Thus, the Debtor owes Kentucky Oaks Stub Rent in the amount of $1,310.91 for the period of November 10-30, 2008. Kentucky Oaks' accounting statement for the Stub Rent period is attached hereto as **Exhibit B.**

13. Pursuant to the Stub Rent Opinion, Kentucky Oaks is entitled to an administrative expense claim in the amount of $1,310.91 for Stub Rent payable on the effective date of the confirmed Chapter 11 plan of the Debtor or on such other date as ordered by the Court.[2]

### B. Allowance and Payment of Additional, Post-Petition Rent and Related Charges

14. Generally, debtors "must timely perform" all of their obligations "arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." See 11 U.S.C. § 365(d)(3).

15. Furthermore, it is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the landlord being adequately compensated for the burden of ownership borne by the landlord. See e.g., In re Trak Auto Corp., 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) (noting that landlord cannot be forced to become involuntary creditors of a debtor), aff'd 288 B.R. 114 (E.D. Va 2003), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

16. To that end, courts have held that a debtor's failure to pay its post-petition rent, taxes, and other charges to the lessor results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. See In re Midway Airlines Corp., 406 F. 3d 229, 235-37 (4th Cir. 2005); see also, In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832, 836 (Bankr. S.D.N.Y. 1996) ("the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to [landlords as a]. . .class of involuntary claimant[s]").

17. Moreover, Section 503(b) of the Bankruptcy Code permits lessors to obtain administrative expense claims for post-petition charges for rent, taxes, CAM and other rental

---

[2] In light of the fact that certain landlords have appealed the Court's decision with respect to the payment of Stub Rent, Kentucky Oaks reserves the right to take the position that the Debtor should immediately pay the Stub Rent pursuant to Section 365(d)(3) of the Bankruptcy Code.

4

fees, in that such charges are "actual, necessary costs and expenses of preserving the estate." See 11 U.S.C. § 503(b)(1)(A); see also, In re Garden Ridge Corp., 323 B.R. 136, 140-43 (Bankr. D. Del. 2005) (holding that where a lessee-debtor occupies and uses the leased premises, a lessor is entitled to an administrative claim equaling the fair market value of such premises under Section 503(b)(1)(A)) (internal citations omitted); see also, In re ZB Company Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003) ("Absent evidence to the contrary, the contract rate is presumed to be the fair rental value.").

18.  Here, the Debtor has failed to pay certain of its monthly rent-related charges,[3] including business and occupation taxes and real estate taxes to Kentucky Oaks for the time period of December 1-30, 2008. Accordingly, Kentucky Oaks requests allowance and payment of its administrative rent claim in the amount of $1,482.23 pursuant to Sections 365(d)(3) and §503(b)(1) of the Bankruptcy Code.

C.  **Allowance and Payment of Attorney's Fees and Costs**

19.  The Lease expressly allows recovery by Kentucky Oaks of its attorney's fees and costs against the Debtor in the event that Kentucky Oaks prevails in a legal action or proceeding in connection with the Lease. Clause 34(f) of the Lease provides, in pertinent part:

> In the event either party shall be required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover from or to be reimbursed by the other party for the prevailing party's reasonable and actual attorney's fees and costs through all levels of proceedings.

See Exhibit A.

---

[3] These monthly rent obligations and related charges are pro-rated amounts, as evidenced by Kentucky Oaks' accounting statement for the time period of December 1, 2008 through December 30, 2008, attached hereto as **Exhibit C**.

20. Accordingly, Kentucky Oaks requests that the Court award Kentucky Oaks its attorney's fees in an amount to be proven at the hearing on this Motion and in accordance with clause 34(f) of the parties' Lease.

### **REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)**

21. Kentucky Oaks respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

### **CONCLUSION**

WHEREFORE, for the above-stated reasons, Kentucky Oaks requests that this Honorable Court enter an Order granting Kentucky Oaks: (i) an allowed administrative claim for Stub Rent in the amount of $1,310.91 in accordance with this Court's Stub Rent Opinion; (ii) an allowed administrative expense claim directing prompt payment of $1,482.23 for unpaid, post-petition rent-related charges that became due and owing during the time period of December 1, 2008 through December 30, 2008; (iii) an allowed administrative expense claim directing prompt payment of Kentucky Oaks's incurred attorney's fees and costs in an amount to be proven at the hearing on this Motion; and (v) any other and further relief that this Court deems just and proper.

Dated: May 8, 2009                                    KENTUCKY OAKS MALL COMPANY

                                                      By:  /s/ Sheila deLa Cruz
                                                                Counsel

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
The Edgeworth Building
2100 East Cary Street

Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for Kentucky Oaks Mall Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Sheila deLa Cruz<br>
Sheila deLa Cruz

#2546145v1