Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - -   x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
            Debtors.            :
- - - - - - - - - - - - - - -   x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503
AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING
ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING
AND OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

          Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 503 and

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

Bankruptcy Rules 2002 and 9007 (i) setting an

administrative bar date and procedures for filing and

objecting to administrative expense requests, and

(ii) approving the form and manner of notice thereof;

and the Court having determined that the relief

requested, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.

2.    All holders of or those wishing to assert

an Administrative Expense, including (without limitation)

persons, entities, individuals, partnerships,

corporations, estates, trusts, indenture trustees,

unions and governmental units, must file an

Administrative Expense Request on or before **5:00 p.m.**

**(Pacific) on June 30, 2009** -- the Administrative Bar

Date -- in accordance with the procedures set forth below.

       3.   Notwithstanding the preceding paragraphs, the following holders need not file an Administrative Expense Request:

    (i)      Parties that have already properly filed an Administrative Expense Request with the Court or the Claim Agent that clearly sets forth that such party is asserting an Administrative Expense;

    (ii)     Parties whose Administrative Expense has been previously allowed by order of the Court;

   (iii)     A Debtor or Debtors holding an Administrative Expense against one or more other Debtors; and

    (iv)     Professional advisors (*i.e.*, attorneys, financial advisors, accountants, Expenses agents) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases.

       4.   Any holder of a 503(b)(9) administrative claim (each a "503(b)(9) Holder"), who was required to file his claim/expense by December 19, 2008 (the "503(b)(9) Bar Date"), pursuant to the order of this

Court, is not now permitted to file an Administrative
Expense Request.  As set forth in the order establishing
the 503(b)(9) Bar Date, any person or entity holding a
claim/expense pursuant to Bankruptcy Code section
503(b)(9) that failed to file a claim/expense request on
or before December 19, 2008, is forever barred and
estopped from asserting a claim/expense pursuant to
section 503(b)(9) against the Debtors, their estates, or
property of any of them, absent further order of the
Court.

　　　　5.　　To be considered, each Administrative
Expense Request must (a) be in writing, (b) be
denominated in lawful United States Currency,
(c) specify the Debtor against which the claimant
asserts the Administrative Expense, (d) set for the with
specificity the legal and factual basis for the
Administrative Expense, and (e) have attached to it
supporting documentation upon which the claimant will
rely to support the Request.

　　　　6.　　In addition, each Administrative Expense
Request must specifically set forth the full name of the
Debtor against whom the Administrative Expense is filed.

Administrative Expenses against multiple Debtors may <u>not</u>
be aggregated in a single Request.

7.    The Debtors shall serve the
Administrative Bar Date Notice substantially in the form
of the notice attached hereto as <u>Exhibit A</u> by first
class mail on or before five (5) business days from the
date of entry of this order to all known and reasonably
ascertainable creditors or holders of Administrative
Expenses.

8.    The Debtors shall publish a notice in a
form substantially similar to the Administrative Bar
Date Notice in the national edition of the Wall Street
Journal, the international edition of the Financial
Times, and the Richmond Times Dispatch no later than
five (5) business days from the date of entry of this
order.

9.    All Administrative Expense Requests filed
by mail, hand, or overnight courier shall be addressed
to:

> Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

10.   An Administrative Expense Request is deemed filed only when the Administrative Expense Request is received by the Claims Agent at the above address.   Administrative Expense Requests submitted by facsimile or other electronic means shall be rejected by the Claims Agent and will not be deemed filed.

11.   Any person or entity holding or wishing to assert Administrative Expenses against more than one Debtor must file a separate Administrative Expense Request in the case of each Debtor against which the creditor believes it holds an Administrative Expense and must identify on their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case.   An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

12.   Any person or entity that is required, but fails, to file an Administrative Expense Request for

its Administrative Expense in accordance with the
procedures set forth in this order on or before the
Administrative Bar Date (a) shall be forever barred,
estopped, and enjoined from asserting any Administrative
Expense against the Debtors and the Debtors shall be
forever discharged from any and all indebtedness or
liability with respect to such Administrative Expenses
and (b) shall not be permitted to receive payment from
the Debtors' estates or participate in any distribution
under any plan or plans of liquidation in the Debtors'
chapter 11 cases on account of such Administrative
Expenses.

13.   Nothing in this Order shall, or shall be
deemed to, prejudice the Debtors' right to object to
(i) any claim/expense, whether filed or scheduled (e.g.,
as contingent, unliquidated or disputed), and (ii) any
Administrative Expense on any ground, or to dispute, or
to assert offsets against or defenses to, any
claim/expense (Administrative or otherwise), as to
amount, liability, classification, or otherwise, and to
subsequently designate any claim/expense as disputed,
contingent or unliquidated.

14.  To the extent not inconsistent with the
Motion, this Order, or the Administrative Bar Date
Notice, the procedures (the "Omnibus Objection
Procedures") approved by this Court (and attached as
Exhibit B hereto) by the Order Establishing Omnibus
Objection Procedures And Approving The Form And Manner
Of Notice Of Omnibus Objections (D.I. 2881) shall apply
to omnibus objections to Administrative Expense Requests.
To the extent there is a conflict between the Omnibus
Objection Procedures and the Motion, this Order, or the
Administrative Bar Date Notice, the Motion, the Order,
or Administrative Bar Date Notice, as the case may be,
shall control.

15.  To the extent the Debtors object to an
Administrative Expense Request, such objection must be
filed at least thirty (30) days prior to the proposed
hearing on such objection (unless such period is
shortened by the Court), to which the holder(s) of such
Administrative Expense Request will have an opportunity
to respond no later than five (5) business days prior to
the hearing on such objection.

16.   Nothing in the Motion, this Order, or the Administrative Bar Date Notice shall be construed as shifting or deemed to shift the burdens of proof pertaining to Administrative Expenses.

17.   Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of an Administrative Expense that is specifically excluded from the requirements to file an Administrative Expense Request by this Order must file an Administrative Expense Request.

18.   The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

19.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

20.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:      Richmond, Virginia
            May 14, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley____
                        Douglas M. Foley

## EXHIBIT A

**(Form of Notice)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                       : Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   : Case No. 08-35653
et al.,                      :
                             : Jointly Administered
            Debtors.         :
- - - - - - - - - - - - - - - x

                  NOTICE OF DEADLINE
         FOR FILING ADMINISTRATIVE EXPENSE REQUESTS


TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:

PLEASE TAKE NOTICE OF THE FOLLOWING:

      THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU
HAVE AND ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE
    EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY

            On May [_], 2009, the United States Bankruptcy Court
for the Eastern District of Virginia (the "Bankruptcy Court")
entered an order (the "Administrative Bar Date Order") in the
above captioned chapter 11 cases establishing **June 30, 2009 at
5:00 p.m. (Pacific Time)** as the administrative expense bar date
(the "Administrative Bar Date") in the chapter 11 cases of the

above-captioned debtors and debtors in possession (collectively,
the "Debtors").[1]  Except as described below, the Administrative
Bar Date Order requires all persons or entities holding an
Administrative Expense (as defined below) first arising (or,
only in the case of unexpired leases of real and personal
property, accruing) from and after November 10, 2008 (the
"Petition Date"), through and including **April 30, 2009** (such
period between the Petition Date and April 30, 2009, the
"Administrative Period") against any of the Debtors listed on
page 4 below, to file a request for payment of such
Administrative Expense (an "Administrative Expense Request") so
that such Administrative Expense Request is received on or
before **5:00 p.m., Pacific Time, on June 30, 2009** -- the
Administrative Bar Date -- at the following address if delivered
by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE**
**BANKRUPTCY COURT.**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense"
shall mean, as to or against any of the Debtors (a) any right to
payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured,
disputed, undisputed, legal, equitable, secured or unsecured; or
(b) any right to an equitable remedy for breach of performance
if such breach gives rise to a right to payment, whether or not
such right to an equitable remedy is reduced to judgment, fixed,
contingent, matured, unmatured, disputed, undisputed, secured or
unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or
503(b), including 503(b)(1) through (b)(8) of the Bankruptcy
Code, but excluding section 503(b)(9), and (2) first arose (or,
only in the case of unexpired leases of real and personal

---

[1] **The Debtors and the last four digits of their respective taxpayer**
**identification numbers are set forth at the end of this Notice.  The**
**address for each of the Debtors was 9950 Mayland Drive, Richmond,**
**Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen,**
**Virginia 23060.**

property, accrued) from and after November 10, 2008, _i.e._, the
Petition Date, through and including April 30, 2009, _i.e._, the
Administrative Period.

## EXCLUSION OF 503(B)(9) ADMINISTRATIVE
## CLAIMANTS FROM ADMINISTRATIVE BAR DATE.

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request.  As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

## PERSONS OR ENTITIES WHO MUST FILE
## ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Administrative Bar Date Order, all
persons and entities (each as defined in the Bankruptcy Code)
holding one or more Administrative Expenses against the Debtors,
including, without limitation, any Administrative Expenses held
by the officers and directors of the Debtors no longer employed
or serving as of April 30, 2009, former employees of the Debtors
no longer employed as of April 30, 2009, indemnitees,
individuals, partnerships, corporations, estates, trusts,
indenture trustees, unions, governmental units, and non-Debtor
parties to any unexpired leases or executory contracts
(collectively the "Agreements") (individually, an "Entity" and
collectively, "Entities") with any of the Debtors who allege
that any amounts arising or accruing under any of the Agreements
from and after the Petition Date are due, owing and unpaid as of
April 30, 2009, are required to file an Administrative Expense
Request on or before the Administrative Expense Bar Date.

## PERSONS OR ENTITIES WHO NEED NOT FILE
## ADMINISTRATIVE EXPENSE REQUEST

The following Entities are _not_ at this time required
to file an Administrative Expense Request:

3

1.    Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.

2.    Entities whose Administrative Expense has been previously allowed by order of the Court.

3.    Debtors holding an Administrative Expense against another Debtor.

4.    Professional persons (*i.e.*, attorneys, financial advisors, accountants, investment bankers, real estate advisors, "ordinary course professionals") retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases; <u>provided</u>, <u>further</u>, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

### INFORMATION THAT <u>MUST</u> BE INCLUDED WITH YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set for the with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

### FILING ADMINISTRATIVE EXPENSE REQUESTS AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor.  All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case.  An Administrative Expense Request listing no reference to a particular Debtor or

4

an Administrative Expense Request listing all of the Debtors
will be deemed filed against Circuit City Stores, Inc., Case No.
08-35653.

**CONSEQUENCES OF FAILURE TO FILE
ADMINISTRATIVE EXPENSE REQUESTS**

**Any holder of an Administrative Expense that is
required to file (but fails to file) an Administrative Expense
Request in accordance with the procedures set forth herein on or
before the Administrative Bar Date (a) shall be forever barred,
estopped, and enjoined from asserting any Administrative Expense
against the Debtors and the Debtors (shall be forever discharged
from any and all indebtedness or liability with respect to such
Administrative Expense and (b) shall not be permitted to receive
payment from the Debtors' estates or participate in any
distribution under any plan or plans of liquidation in the
Debtors' chapter 11 cases on account of such Administrative
Expense.**

**TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS**

A signed original of Administrative Expense Request,
together with accompanying documentation, must be **delivered so
as to be received** no later than **5:00 p.m., Pacific Time on or
before June 30, 2009**, at the following address by mail, hand
delivery or overnight courier:

> **Circuit City Stores, Inc., _et al._
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or
other electronic means will not be accepted and will not be
deemed filed until such Administrative Expense Request is
submitted by the method described in the foregoing sentence.
Administrative Expense Requests will be deemed filed only when
actually received at the address listed above.** If you wish to
receive acknowledgment of the Debtors' receipt of your
Administrative Expense Request, you must also submit a copy of
your Administrative Expense Request and a self-addressed,
stamped envelope.

5

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED MAY __, 2009.

6

**EXHIBIT B**

**(Omnibus Objection Procedures Previously Approved By
Order Of The Bankruptcy Court)**

Gregg M. Galardi, Esq.            Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                         One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, Virginia 23219
Wilmington, Delaware 19899-0636   (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :  Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER ESTABLISHING OMNIBUS OBJECTION
PROCEDURES AND APPROVING THE FORM AND
MANNER OF NOTICE OF OMNIBUS OBJECTIONS**

Upon the motion (the "Motion")[1] of the above-captioned

debtors (collectively, the "Debtors") for the entry of an

order (the "Order") approving (a) procedures for filing

omnibus objections to Claims asserted in the above-captioned

---

[1]    Capitalized terms used but not otherwise defined herein shall have
the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form
and manner of the notice of objections (the "Notice of
Omnibus Objection"); and it appearing that the relief
requested in the Motion is in the best interests of the
Debtors' estates, their creditors and other parties in
interest; the Court having jurisdiction to consider the
Motion and the relief requested therein pursuant to 28
U.S.C. §§ 157 and 1334; consideration of the Motion and the
relief requested therein being a core proceeding pursuant to
28 U.S.C. § 157(b); venue being proper before the Court
pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the
Motion having been provided to all necessary and appropriate
parties, including pursuant to the Court's Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002
and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management, and
Administrative Procedures entered by the Court on November
13, 2008, and no further notice being necessary; and after
due deliberation and sufficient cause appearing therefor, it
is hereby **ORDERED, ADJUDGED and DECREED** that

    1.    The Motion is granted in its entirety.

    2.    The Debtors are authorized to file Omnibus
Objections to the Claims pursuant to the Omnibus Objection

Procedures, substantially in the form annexed hereto as
Exhibit 1, which are hereby approved in their entirety.

    3.    The Notice of Omnibus Objection, substantially in
the form annexed hereto as Exhibit 2, but which may be
modified from time to time, as necessary and appropriate, to
address issues specific to particular claimants and/or
certain types of Omnibus Objections, is hereby approved as
the form by which the Debtors shall provide notice to
claimants whose Claims are the subject of the applicable
Omnibus Objection.

    4.    The Debtors' claims and noticing agent, Kurtzman
Carson Consultants LLC agent is authorized to take all
actions necessary to effectuate the relief granted pursuant
to this Order in accordance with the Motion.

    5.    The terms and conditions of this Order shall be
immediately effective and enforceable upon its entry.

    6.    The Court retains jurisdiction with respect to all
matters arising from or related to the implementation of
this Order.

DATED:    Richmond, Virginia
          _____, 2009


                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing order has been endorsed by or
served upon all necessary parties.


                            /s/ Douglas M. Foley

**EXHIBIT 1**
**OMNIBUS OBJECTION PROCEDURES**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x


**PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

Pursuant to the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ____) (the "Order")[1] entered by the Bankruptcy Court on March [__], 2009, the Bankruptcy Court approved these procedures for filing omnibus objections to proofs of claims and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection
Procedures").

### Omnibus Objection Procedures

1.    **Form of Omnibus Objection**.    Omnibus Objections
will be numbered consecutively, regardless of basis.

2.    **Number of Proofs of Claim per Omnibus Objection**.
The Debtors may object to no more than 500 Claims per
Omnibus Objection.

3.    **Grounds for Omnibus Objection**.    The Debtors may
object to the Claims on any grounds.

4.    **Supporting Documentation**. To the extent
appropriate, Omnibus Objections may be accompanied by an
affidavit or declaration that states that the affiant or the
declarant has reviewed the Claims included therein and
applicable supporting information and documentation provided
therewith, made reasonable efforts to research the Claim on
the Debtors' books and records and believes such
documentation does not provide _prima facie_ evidence of the
validity and amount of such Claims.

5.    **Claims Exhibits**.    An exhibit listing the Claims
that are subject to the Omnibus Objection will be attached
to each Omnibus Objection. Each exhibit will only contain
those Claims to which there is a common basis for the
Omnibus Objection.    Claims for which there is more than one
basis for an Omnibus Objection will be referenced on each
applicable exhibit. Each exhibit will include, among other
things, the following information: (a) an alphabetized list
of the claimants whose Claims are the subject of the Omnibus
Objection; (b) the claim numbers of the Claims that are the
subject of the Omnibus Objection; (c) the grounds for the
objections that are the subject of the Omnibus Objection;
and (d) a reference to the exhibit of the Omnibus Objection
in which the ground(s) for the objection is discussed.
Where applicable, additional information may be included in
the exhibits, including: for Claims that the Debtors seek to
reclassify, the proposed classification of such claims; for
Omnibus Objections in which the Debtors seek to reduce the
amount of Claims, the proposed reduced claim amount; and for
Claims that the Debtors propose to be surviving claims where
related claims will be disallowed the surviving claim.

6.    **Omnibus Objection Notice**.  Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as Exhibit 2.  The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.    **Status Hearings**.  Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.  Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.  If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.    **Order if No Response**.  The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.    **Each Objection Is a Contested Matter**.  Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

**Requirements For All Responses To Objections**

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.  If a

claimant whose Claim is subject to an Omnibus Objection does
not file and serve a Response in compliance with the
procedures below, the Bankruptcy Court may sustain the
Omnibus Objection with respect to such Claims without
further notice to the claimant.

    1.  **Contents**.  To facilitate a speedy and non-judicial
resolution of a Claim subject to an Omnibus Objection, any
claimant filing a Response shall use its best efforts to
include the following (at a minimum) in its filed Response,
to the extent such materials are not attached to its proof
of claim:

        a.  a caption setting forth the name of the
Bankruptcy Court, the name of the Debtors,
the case number and the title of the Omnibus
Objection to which the Response is directed;

        b.  the claimant's name and an explanation for
the amount of the Claim;

        c.  a concise statement, executed by (or
identifying by name, address and telephone
number) a person with personal knowledge of
the relevant facts that support the Response,
setting forth the reasons why the Bankruptcy
Court should overrule the Omnibus Objection
as to the claimant's claim, including,
without limitation (to the extent not set
forth in its proof of claim), the specific
factual and legal bases upon which the
claimant intends to rely in support of its
Response and its underlying Claim;

        d.  a copy of or identification of any other
documentation or other evidence of the Claim,
to the extent not already included with the
Claim that the claimant presently intends to
introduce into evidence in support of its
Claim at the hearing; provided, however, that
for a Response filed in support of a Claim
arising out of a lease of real property, the
Response need not attach such lease if the
claimant indicates its willingness to provide
such documentation upon request;

e.   a declaration of a person with personal
     knowledge of the relevant facts that support
     the Response; and

f.   the claimant's address, telephone number and
     facsimile number and/or the name, address,
     telephone number and facsimile number of the
     claimant's attorney and/or designated
     representative to whom the attorneys for the
     Debtors should serve a reply to the Response,
     if any (collectively, the "Notice Address").
     If a Response contains Notice Address that is
     different from the name and/or address listed
     on the Claim, the Notice Address will control
     and will become the service address for
     future service of papers with respect to all
     of the claimant's Claims listed in the
     Omnibus Objection (including all Claims to be
     disallowed and the surviving Claims) and only
     for those Claims in the Omnibus Objection.

g.   To the extent such person differs from the
     person identified pursuant to subjection e,
     above, the name, address, telephone number,
     facsimile number, and electronic mail address
     of the representative of the claimant (which
     representative may be the claimant's counsel)
     party with authority to reconcile, settle or
     otherwise resolve the Omnibus Objection on
     the claimant's behalf (the "Additional
     Addresses").  Unless the Additional Addresses
     are the same as the Notice Addresses, the
     Additional Address will not become the
     service address for future service of papers.

2.   **Failure to File a Timely Response**.  If the
claimant fails to file and serve a Response on or before the
Response Deadline in substantial compliance with the
procedures set forth herein, the Debtors may present to the
Bankruptcy Court an appropriate order granting the relief
requested in the Omnibus Objection without further notice to
the claimant.

3.   **Service of the Response**.  A written Response to an
Omnibus Objection, consistent with the requirements
described herein and in the Notice, will be deemed timely

5

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks

                - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson


     4.   **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.

**EXHIBIT 2**
**FORM OF NOTICE**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x


**NOTICE OF THE DEBTORS'
[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' [_____] Omnibus Objection
to Claim (the "Omnibus Objection") with the Bankruptcy
Court.  A copy of the Omnibus Objection is attached to this
notice (this "Notice") as Exhibit 1.  By the Omnibus
Objection, the Debtors are seeking to disallow Claims (as
defined herein) on the ground that the Claims are:
[_____]

**PLEASE TAKE FURTHER NOTICE THAT** on March [___], 2009,
the Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ____) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow claims, including your claim(s), listed below in the "Claim to Be Disallowed" row but does not seek to alter your claim listed below in the "Surviving Claim" row.

| TO: | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | |
| | Surviving Claim | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**Critical Information for Claimants**</u>
<u>**Choosing to File a Response to the Omnibus Objection**</u>

<u>Who Needs to File a Response</u>:  If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtors before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on [___], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED <u>AND</u> RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually** **received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

```
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

```
            - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson
```

The status hearing on the Omnibus Objection will be held at **[____] a.m./p.m. prevailing Eastern Time on [_____], 2009 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5100
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Omnibus Objection Procedures, you do not need to appear at the status hearing on the Omnibus Objection.

**Procedures for Filing a Timely Response and Information Regarding the Hearing on the Omnibus Objection**

**Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

4

b.    the claimant's name and an explanation for the amount of the Claim;

c.    a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Omnibus Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.    a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.    a declaration of a person with personal knowledge of the relevant facts that support the Response; and

f.    the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be

disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

g.    To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

**Additional Information**. To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

**Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

## Additional Information

**Requests for Information**. You may also obtain a copy of the Omnibus Objection or related documents on the

6

internet, by accessing the website of the Debtors at
www.kccllc.net/circuitcity.

   **Reservation of Rights**.   Nothing in this Notice or the
Omnibus Objection constitutes a waiver of the Debtors' right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you of the Debtors.   Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date.   In such event, you will receive a
separate notice of any such objections.

```
Dated: March __, 2009          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia      FLOM, LLP
                               Gregg M. Galardi, Esq.
                               Ian S. Fredericks, Esq.
                               P.O. Box 636
                               Wilmington, Delaware 19899-0636
                               (302) 651-3000

                                       - and -

                               SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM, LLP
                               Chris L. Dickerson, Esq.
                               333 West Wacker Drive
                               Chicago, Illinois 60606
                               (312) 407-0700

                                       - and -

                               MCGUIREWOODS LLP


                               _____ _____
                               Dion W. Hayes (VSB No. 34304)
                               Douglas M. Foley (VSB No. 34364)
                               One James Center
                               901 E. Cary Street
                               Richmond, Virginia 23219
                               (804) 775-1000

                               Counsel for Debtors and Debtors
                               in Possession
```