Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - -   x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
            Debtors.            :
- - - - - - - - - - - - - - -   x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 503
AND BANKRUPTCY RULES 2002 AND 9007 (I) SETTING
ADMINISTRATIVE BAR DATE AND PROCEDURES FOR FILING AND
OBJECTING TO ADMINISTRATIVE EXPENSE REQUESTS AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

          Upon the motion (the "Motion"),[1] of the Debtors

for an order pursuant to Bankruptcy Code 105 and 503 and

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

Bankruptcy Rules 2002 and 9007 (i) setting an

administrative bar date and procedures for filing and

objecting to administrative expense requests, and

(ii) approving the form and manner of notice thereof;

and the Court having determined that the relief

requested, their estates, their creditors, and other

parties in interest; and it appearing that proper and

adequate notice of the Motion has been given and that no

other or further notice is necessary; and upon the

record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is

hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

        1.    The Motion is GRANTED.

        2.    All holders of or those wishing to assert

an Administrative Expense, including (without limitation)

persons, entities, individuals, partnerships,

corporations, estates, trusts, indenture trustees,

unions and governmental units, must file an

Administrative Expense Request on or before **5:00 p.m.**

**(Pacific) on June 30, 2009** -- the Administrative Bar

2

Date -- in accordance with the procedures set forth below.

3.    Notwithstanding the preceding paragraphs, the following holders need not file an Administrative Expense Request:

(i)     Parties that have already properly filed an Administrative Expense Request with the Court or the Claim Agent that clearly sets forth that such party is asserting an Administrative Expense;

(ii)    Parties whose Administrative Expense has been previously allowed by order of the Court;

(iii)   A Debtor or Debtors holding an Administrative Expense against one or more other Debtors; and

(iv)    Professional advisors (i.e., attorneys, financial advisors, accountants, Expenses agents) retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases.

4.    Any holder of a 503(b)(9) administrative claim (each a "503(b)(9) Holder"), who was required to file his claim/expense by December 19, 2008 (the "503(b)(9) Bar Date"), pursuant to the order of this

Court, is not now permitted to file an Administrative

Expense Request.  As set forth in the order establishing

the 503(b)(9) Bar Date, any person or entity holding a

claim/expense pursuant to Bankruptcy Code section

503(b)(9) that failed to file a claim/expense request on

or before December 19, 2008, is forever barred and

estopped from asserting a claim/expense pursuant to

section 503(b)(9) against the Debtors, their estates, or

property of any of them, absent further order of the

Court.

5.   To be considered, each Administrative

Expense Request must (a) be in writing, (b) be

denominated in lawful United States Currency,

(c) specify the Debtor against which the claimant

asserts the Administrative Expense, (d) set for the with

specificity the legal and factual basis for the

Administrative Expense, and (e) have attached to it

supporting documentation upon which the claimant will

rely to support the Request.

6.   In addition, each Administrative Expense

Request must specifically set forth the full name of the

Debtor against whom the Administrative Expense is filed.

4

Administrative Expenses against multiple Debtors may <u>not</u>
be aggregated in a single Request.

     7.   The Debtors shall serve the
Administrative Bar Date Notice substantially in the form
of the notice attached hereto as <u>Exhibit A</u> by first
class mail on or before five (5) business days from the
date of entry of this order to all known and reasonably
ascertainable creditors or holders of Administrative
Expenses.

     8.   The Debtors shall publish a notice in a
form substantially similar to the Administrative Bar
Date Notice in the national edition of the Wall Street
Journal, the international edition of the Financial
Times, and the Richmond Times Dispatch no later than
five (5) business days from the date of entry of this
order.

     9.   All Administrative Expense Requests filed
by mail, hand, or overnight courier shall be addressed
to:

          Circuit City Stores, Inc., et al.
          Claims Processing Dept.
          Kurtzman Carson Consultants LLC
          2335 Alaska Avenue
          El Segundo, CA  90245

10. An Administrative Expense Request is deemed filed only when the Administrative Expense Request is received by the Claims Agent at the above address. Administrative Expense Requests submitted by facsimile or other electronic means shall be rejected by the Claims Agent and will not be deemed filed.

11. Any person or entity holding or wishing to assert Administrative Expenses against more than one Debtor must file a separate Administrative Expense Request in the case of each Debtor against which the creditor believes it holds an Administrative Expense and must identify on their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case. An Administrative Expense Request listing no reference to a particular Debtor or an Administrative Expense Request listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

12. Any person or entity that is required, but fails, to file an Administrative Expense Request for

its Administrative Expense in accordance with the
procedures set forth in this order on or before the
Administrative Bar Date (a) shall be forever barred,
estopped, and enjoined from asserting any Administrative
Expense against the Debtors and the Debtors shall be
forever discharged from any and all indebtedness or
liability with respect to such Administrative Expenses
and (b) shall not be permitted to receive payment from
the Debtors' estates or participate in any distribution
under any plan or plans of liquidation in the Debtors'
chapter 11 cases on account of such Administrative
Expenses.

13.   Nothing in this Order shall, or shall be
deemed to, prejudice the Debtors' right to object to
(i) any claim/expense, whether filed or scheduled (e.g.,
as contingent, unliquidated or disputed), and (ii) any
Administrative Expense on any ground, or to dispute, or
to assert offsets against or defenses to, any
claim/expense (Administrative or otherwise), as to
amount, liability, classification, or otherwise, and to
subsequently designate any claim/expense as disputed,
contingent or unliquidated.

14.   To the extent not inconsistent with the
Motion, this Order, or the Administrative Bar Date
Notice, the procedures (the "Omnibus Objection
Procedures") approved by this Court (and attached as
Exhibit B hereto) by the Order Establishing Omnibus
Objection Procedures And Approving The Form And Manner
Of Notice Of Omnibus Objections (D.I. 2881) shall apply
to omnibus objections to Administrative Expense Requests.
To the extent there is a conflict between the Omnibus
Objection Procedures and the Motion, this Order, or the
Administrative Bar Date Notice, the Motion, the Order,
or Administrative Bar Date Notice, as the case may be,
shall control.

15.   To the extent the Debtors object to an
Administrative Expense Request, such objection must be
filed at least thirty (30) days prior to the proposed
hearing on such objection (unless such period is
shortened by the Court), to which the holder(s) of such
Administrative Expense Request will have an opportunity
to respond no later than five (5) business days prior to
the hearing on such objection.

16.   Nothing in the Motion, this Order, or the Administrative Bar Date Notice shall be construed as shifting or deemed to shift the burdens of proof pertaining to Administrative Expenses.

17.   Nothing contained herein shall limit, abridge, or otherwise affect the Debtors' right to request that the Court fix a date by which the holder of an Administrative Expense that is specifically excluded from the requirements to file an Administrative Expense Request by this Order must file an Administrative Expense Request.

18.   The Debtors are authorized to take such steps and do such things as they deem to be reasonably necessary to fulfill the notice requirements established by this Order, including the expenditure of all sums reasonably necessary to implement the provisions of this Order.

19.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

20.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:     Richmond, Virginia
           May 14, 2009

May 14 2009                 /s/ Kevin Huennekens
                           _____
                           UNITED STATES BANKRUPTCY JUDGE


Entered on Docket: May 15 2009

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                          /s/ Douglas M. Foley____
                          Douglas M. Foley

**EXHIBIT A**

**(Form of Notice)**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,  MCGUIREWOODS LLP
LLP                                    One James Center
One Rodney Square                      901 E. Cary Street
PO Box 636                             Richmond, Virginia 23219
Wilmington, Delaware 19899-0636        (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION
- - - - - - - - - - - - - - x
In re:                      : Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  : Case No. 08-35653
et al.,                     :
                            : Jointly Administered
          Debtors.          :
- - - - - - - - - - - - - - x

                    NOTICE OF DEADLINE
           FOR FILING ADMINISTRATIVE EXPENSE REQUESTS


**TO POTENTIAL HOLDERS OF ADMINISTRATIVE EXPENSES:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

        **THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU
HAVE AND ADMINISTRATIVE EXPENSE OR MUST FILE AN ADMINISTRATIVE
EXPENSE REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

        On May [_], 2009, the United States Bankruptcy Court
for the Eastern District of Virginia (the "Bankruptcy Court")
entered an order (the "Administrative Bar Date Order") in the
above captioned chapter 11 cases establishing **June 30, 2009 at
5:00 p.m. (Pacific Time)** as the administrative expense bar date
(the "Administrative Bar Date") in the chapter 11 cases of the

above-captioned debtors and debtors in possession (collectively, the "Debtors").[1]  Except as described below, the Administrative Bar Date Order requires all persons or entities holding an Administrative Expense (as defined below) first arising (or, only in the case of unexpired leases of real and personal property, accruing) from and after November 10, 2008 (the "Petition Date"), through and including **April 30, 2009** (such period between the Petition Date and April 30, 2009, the "Administrative Period") against any of the Debtors listed on page 4 below, to file a request for payment of such Administrative Expense (an "Administrative Expense Request") so that such Administrative Expense Request is received on or before **5:00 p.m., Pacific Time, on June 30, 2009** -- the Administrative Bar Date -- at the following address if delivered by mail, hand delivery or overnight courier:

> **Circuit City Stores, Inc., et al.**
> **Claims Processing Dept.**
> **Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA  90245**

**DO NOT FILE YOUR ADMINISTRATIVE EXPENSE REQUEST WITH THE BANKRUPTCY COURT.**

### DEFINITION OF ADMINISTRATIVE EXPENSE

For purposes of this Notice, "Administrative Expense" shall mean, as to or against any of the Debtors (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (1) satisfies sections 365(d)(3), 365(d)(5), or 503(b), including 503(b)(1) through (b)(8) of the Bankruptcy Code, but excluding section 503(b)(9), and (2) first arose (or, only in the case of unexpired leases of real and personal

---

[1]  **The Debtors and the last four digits of their respective taxpayer identification numbers are set forth at the end of this Notice.  The address for each of the Debtors was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.**

property, accrued) from and after November 10, 2008, <u>i.e.</u>, the
Petition Date, through and including April 30, 2009, <u>i.e.</u>, the
Administrative Period.

## EXCLUSION OF 503(B)(9) ADMINISTRATIVE
## CLAIMANTS FROM ADMINISTRATIVE BAR DATE.

Any holder of a 503(b)(9) administrative claim/expense
(each a "503(b)(9) Holder"), which claim/expense was required to
be filed by December 19, 2009 (the "503(b)(9) Bar Date"),
pursuant to order of this Court, is **not** now permitted to file an
Administrative Expense Request.  As set forth in the order
establishing the 503(b)(9) Bar Date, any person or entity holding
a claim/expense pursuant to Bankruptcy Code section 503(b)(9)
that failed to file a claim/expense request on or before December
19, 2008, is forever barred and estopped from asserting a
claim/expense pursuant to Bankruptcy Code section 503(b)(9)
against the Debtors, their estates, or the property of any of
them, absent further order of the Court.

## PERSONS OR ENTITIES WHO <u>MUST</u> FILE
## ADMINISTRATIVE EXPENSE REQUESTS

Pursuant to the Administrative Bar Date Order, all
persons and entities (each as defined in the Bankruptcy Code)
holding one or more Administrative Expenses against the Debtors,
including, without limitation, any Administrative Expenses held
by the officers and directors of the Debtors no longer employed
or serving as of April 30, 2009, former employees of the Debtors
no longer employed as of April 30, 2009, indemnitees,
individuals, partnerships, corporations, estates, trusts,
indenture trustees, unions, governmental units, and non-Debtor
parties to any unexpired leases or executory contracts
(collectively the "Agreements") (individually, an "Entity" and
collectively, "Entities") with any of the Debtors who allege
that any amounts arising or accruing under any of the Agreements
from and after the Petition Date are due, owing and unpaid as of
April 30, 2009, are required to file an Administrative Expense
Request on or before the Administrative Expense Bar Date.

## PERSONS OR ENTITIES WHO <u>NEED NOT</u> FILE
## ADMINISTRATIVE EXPENSE REQUEST

The following Entities are <u>not</u> at this time required
to file an Administrative Expense Request:

3

1.    Entities that have already properly filed an Administrative Expense Request with the Court or KCC that clearly sets forth that such party is asserting an Administrative Expense.

2.    Entities whose Administrative Expense has been previously allowed by order of the Court.

3.    Debtors holding an Administrative Expense against another Debtor.

4.    Professional persons (_i.e._, attorneys, financial advisors, accountants, investment bankers, real estate advisors, "ordinary course professionals") retained by the Debtors or the Creditors' Committee under Bankruptcy Code sections 327, 328 or 1103 and whose Administrative Expense is for services rendered and reimbursement of expenses in these Chapter 11 cases; _provided_, _further_, that any professional retained by court order under Bankruptcy Code section 327, 328 or 1103 need not submit a request for reimbursement of any expense under section 503(b) for any period subsequent to the Petition Date until such professional is so required under the Bankruptcy Code, Bankruptcy Rules and orders of the Court.

### INFORMATION THAT __MUST__ BE INCLUDED WITH YOUR ADMINISTRATIVE EXPENSE REQUEST

To be considered, each Administrative Expense Request must (a) be in writing, (b) be denominated in lawful United States Currency, (c) specify the Debtor against which the Entity asserts the Administrative Expense (see additional requirements below), (d) set for the with specificity the legal and factual basis for the Administrative Expense, and (e) have attached to it supporting documentation upon which the claimant will rely to support the Administrative Expense Request.

### FILING ADMINISTRATIVE EXPENSE REQUESTS AGAINST MULTIPLE DEBTORS

Any Entity asserting Administrative Expenses against more than one Debtor must file a separate Administrative Expense with respect to each such Debtor.  All Entities must identify in their Administrative Expense Request the particular Debtor against which their Administrative Expense is asserted and the case number of that Debtor's bankruptcy case.  An Administrative Expense Request listing no reference to a particular Debtor or

4

an Administrative Expense Request listing all of the Debtors
will be deemed filed against Circuit City Stores, Inc., Case No.
08-35653.

## CONSEQUENCES OF FAILURE TO FILE
## ADMINISTRATIVE EXPENSE REQUESTS

**Any holder of an Administrative Expense that is
required to file (but fails to file) an Administrative Expense
Request in accordance with the procedures set forth herein on or
before the Administrative Bar Date (a) shall be forever barred,
estopped, and enjoined from asserting any Administrative Expense
against the Debtors and the Debtors (shall be forever discharged
from any and all indebtedness or liability with respect to such
Administrative Expense and (b) shall not be permitted to receive
payment from the Debtors' estates or participate in any
distribution under any plan or plans of liquidation in the
Debtors' chapter 11 cases on account of such Administrative
Expense.**

## TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE REQUESTS

A signed original of Administrative Expense Request,
together with accompanying documentation, must be **delivered so
as to be received** no later than **5:00 p.m., Pacific Time on or
before June 30, 2009**, at the following address by mail, hand
delivery or overnight courier:

        **Circuit City Stores, Inc., et al.
Claims Processing Dept.
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA  90245**

**Any Administrative Expense Request submitted by facsimile or
other electronic means will not be accepted and will not be
deemed filed until such Administrative Expense Request is
submitted by the method described in the foregoing sentence.
Administrative Expense Requests will be deemed filed only when
actually received at the address listed above.** If you wish to
receive acknowledgment of the Debtors' receipt of your
Administrative Expense Request, you must also submit a copy of
your Administrative Expense Request and a self-addressed,
stamped envelope.

**ADDITIONAL INFORMATION**

If you require additional information regarding the filing of an Administrative Expense Request, you may contact the Debtors in writing, through their counsel, at the address listed above.  You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time.

**RESERVATION OF RIGHTS**

The Debtors reserve the right to: object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Expense on any ground, or to dispute, or to assert offsets against or defenses to, any claim or Administrative Expense, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

PLEASE REFER TO THE ADMINISTRATIVE BAR DATE ORDER FOR OBJECTION PROCEDURES APPROVED BY THE BANKRUPTCY COURT APPLICABLE TO ADMINISTRATIVE EXPENSE REQUEST

**DEBTORS AND DEBTORS IN POSSESSION AND THE LAST FOUR DIGITS OF THEIR RESPECTIVE TAXPAYER IDENTIFICATION NUMBERS**

Circuit City Stores, Inc. (3875)
Abbott Advertising Agency, Inc. (4659)
Circuit City Stores West Coast, Inc. (0785)
CC Distribution Company of Virginia, Inc. (2821)
Circuit City Properties, LLC (3353)
Patapsco Designs, Inc. (6796)
Ventoux International, Inc. (1838)
Sky Venture Corporation (0311)
PRAHS, INC. (n/a)
XSStuff, LLC (9263)
Kinzer Technology, LLC (2157)
Circuit City Purchasing Company, LLC (5170)
Orbyx Electronics, LLC (3360)
InterTAN, Inc. (0875)
CC Aviation, LLC (0841)
Courchevel, LLC (n/a)
Circuit City Stores PR, LLC (5512)
Mayland MN, LLC (6116)

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA DATED MAY __, 2009.

6

## **EXHIBIT B**

**(Omnibus Objection Procedures Previously Approved By
Order Of The Bankruptcy Court)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER ESTABLISHING OMNIBUS OBJECTION
PROCEDURES AND APPROVING THE FORM AND
MANNER OF NOTICE OF OMNIBUS OBJECTIONS**

Upon the motion (the "Motion")[1] of the above-captioned

debtors (collectively, the "Debtors") for the entry of an

order (the "Order") approving (a) procedures for filing

omnibus objections to Claims asserted in the above-captioned

---

[1]    Capitalized terms used but not otherwise defined herein shall have
the meanings set forth in the Motion.

cases (the "Omnibus Objection Procedures") and (b) the form
and manner of the notice of objections (the "Notice of
Omnibus Objection"); and it appearing that the relief
requested in the Motion is in the best interests of the
Debtors' estates, their creditors and other parties in
interest; the Court having jurisdiction to consider the
Motion and the relief requested therein pursuant to 28
U.S.C. §§ 157 and 1334; consideration of the Motion and the
relief requested therein being a core proceeding pursuant to
28 U.S.C. § 157(b); venue being proper before the Court
pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the
Motion having been provided to all necessary and appropriate
parties, including pursuant to the Court's Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002
and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management, and
Administrative Procedures entered by the Court on November
13, 2008, and no further notice being necessary; and after
due deliberation and sufficient cause appearing therefor, it
is hereby **ORDERED, ADJUDGED and DECREED** that

    1.    The Motion is granted in its entirety.

    2.    The Debtors are authorized to file Omnibus
Objections to the Claims pursuant to the Omnibus Objection

Procedures, substantially in the form annexed hereto as Exhibit 1, which are hereby approved in their entirety.

3.    The Notice of Omnibus Objection, substantially in the form annexed hereto as Exhibit 2, but which may be modified from time to time, as necessary and appropriate, to address issues specific to particular claimants and/or certain types of Omnibus Objections, is hereby approved as the form by which the Debtors shall provide notice to claimants whose Claims are the subject of the applicable Omnibus Objection.

4.    The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC agent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:    Richmond, Virginia
          May 14 2009          , 2009


                              /s/ Kevin Huennekens
                              UNITED STATES BANKRUPTCY JUDGE

                              Entered on Docket: May 15 2009

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

 /S/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby
certify that the foregoing order has been endorsed by or
served upon all necessary parties.

                    /s/ Douglas M. Foley

4

**EXHIBIT 1**
**OMNIBUS OBJECTION PROCEDURES**

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x


        **PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

        Pursuant to the Order Establishing Omnibus Objection
Procedures and Approving the Form and Manner of the Notice
of Omnibus Objections (Docket No. ___) (the "Order")[1] entered
by the Bankruptcy Court on March [__], 2009, the Bankruptcy
Court approved these procedures for filing omnibus
objections to proofs of claims and requests for allowance
and payment of administrative expenses and/or cure claims
(collectively, the "Claims") in connection with the above-

_____

[1] Capitalized terms used but not otherwise defined herein shall have the
meanings set forth in the Order.

captioned chapter 11 cases (the "Omnibus Objection
Procedures").

**Omnibus Objection Procedures**

1.    **Form of Omnibus Objection**.  Omnibus Objections
will be numbered consecutively, regardless of basis.

2.    **Number of Proofs of Claim per Omnibus Objection**.
The Debtors may object to no more than 500 Claims per
Omnibus Objection.

3.    **Grounds for Omnibus Objection**.  The Debtors may
object to the Claims on any grounds.

4.    **Supporting Documentation**. To the extent
appropriate, Omnibus Objections may be accompanied by an
affidavit or declaration that states that the affiant or the
declarant has reviewed the Claims included therein and
applicable supporting information and documentation provided
therewith, made reasonable efforts to research the Claim on
the Debtors' books and records and believes such
documentation does not provide prima facie evidence of the
validity and amount of such Claims.

5.    **Claims Exhibits**.  An exhibit listing the Claims
that are subject to the Omnibus Objection will be attached
to each Omnibus Objection. Each exhibit will only contain
those Claims to which there is a common basis for the
Omnibus Objection.  Claims for which there is more than one
basis for an Omnibus Objection will be referenced on each
applicable exhibit. Each exhibit will include, among other
things, the following information: (a) an alphabetized list
of the claimants whose Claims are the subject of the Omnibus
Objection; (b) the claim numbers of the Claims that are the
subject of the Omnibus Objection; (c) the grounds for the
objections that are the subject of the Omnibus Objection;
and (d) a reference to the exhibit of the Omnibus Objection
in which the ground(s) for the objection is discussed.
Where applicable, additional information may be included in
the exhibits, including: for Claims that the Debtors seek to
reclassify, the proposed classification of such claims; for
Omnibus Objections in which the Debtors seek to reduce the
amount of Claims, the proposed reduced claim amount; and for
Claims that the Debtors propose to be surviving claims where
related claims will be disallowed the surviving claim.

6.    **Omnibus Objection Notice**.  Each Omnibus Objection
will be accompanied by a notice of such Omnibus Objection
(each, a "Notice") in substantially the form attached to the
Order as <u>Exhibit 2</u>.  The Notice will, among other things:
(a) describe the basic nature of the Omnibus Objection; (b)
inform claimants that their rights may be affected by the
Omnibus Objection and encourage them to read the Omnibus
Objection carefully; (c) identify a response date and
describe the procedures for filing a written response (each,
a "Response") to the Omnibus Objection; (d) identify a
hearing date, if applicable, and related procedures; and (e)
describe how Claims, the Omnibus Objection and other
pleadings in the chapter 11 cases may be obtained. Although
the Notice generally will be in the form attached hereto, it
may be tailored specifically to address particular claimants
or types of Omnibus Objections.

7.    **Status Hearings**.  Status hearings for all Claims
for which timely responses are filed will be held on
scheduled omnibus hearing dates.  Unless otherwise notified,
no claimants will need to appear at the status hearings on
the Omnibus Objections.  If an evidentiary hearing is
necessary, claimants will be provided a separate notice of
hearing.

8.    **Order if No Response**.  The Debtors may submit an
order to the Bankruptcy Court sustaining each Omnibus
Objection to Claims for which the Debtors did not receive a
timely Response without further notice to such claimants.
The Debtors may submit an order for Claims in an Omnibus
Objection to which no response is filed, even if there are
Responses to certain Claims objected to in such Omnibus
Objection.

9.    **Each Objection Is a Contested Matter**.  Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Requirements For All Responses To Objections

Parties who disagree with the request sought in an
Omnibus Objection are required to file a Response in
accordance with the procedures set forth herein.  If a

claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Bankruptcy Court may sustain the Omnibus Objection with respect to such Claims without further notice to the claimant.

    1.  **Contents**.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

        a.  a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

        b.  the claimant's name and an explanation for the amount of the Claim;

        c.  a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Omnibus Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

        d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

    e.   a declaration of a person with personal knowledge of the relevant facts that support the Response; and

    f.   the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Omnibus Objection (including all Claims to be disallowed and the surviving Claims) and only for those Claims in the Omnibus Objection.

    g.   To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

    2.   **Failure to File a Timely Response**. If the claimant fails to file and serve a Response on or before the Response Deadline in substantial compliance with the procedures set forth herein, the Debtors may present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection without further notice to the claimant.

    3.   **Service of the Response**. A written Response to an Omnibus Objection, consistent with the requirements described herein and in the Notice, will be deemed timely

filed only if the Response is actually received by the
Bankruptcy Court on or before the Response Deadline.  A
written Response to an Omnibus Objection, consistent with
the requirements described herein and in the Notice, will be
deemed timely served only if filed in the office of the
clerk of the Bankruptcy Court on or before the Response
Deadline (which deadline will be clearly set forth in the
Notice).  If a Response is filed electronically through the
Bankruptcy Court's CM/ECF system, no other service on the
Debtors shall be necessary.  If the Response it not filed
electronically, the Response must be actually received on or
before the Response Deadline by the following parties:

```
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

                - and -

```
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL 60606
Attn:  Chris L. Dickerson
```

     4.   **Reservation of Rights**.  Nothing in the Notice or
the Omnibus Objection will constitute a waiver of the right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against the claimant of the Debtors.
Unless the Bankruptcy Court allows a Claim or specifically
orders otherwise, the Debtors have the right to object on
any grounds to the Claims (or to any other Claims or causes
of action filed by a claimant or that have been scheduled by
the Debtors) at a later date.  In such event, the respective
claimant will receive a separate notice of any such
objections.

**EXHIBIT 2**
**FORM OF NOTICE**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &   MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x


**NOTICE OF THE DEBTORS'
[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' [_____] Omnibus Objection
to Claim (the "Omnibus Objection") with the Bankruptcy
Court.  A copy of the Omnibus Objection is attached to this
notice (this "Notice") as <u>Exhibit 1</u>.  By the Omnibus
Objection, the Debtors are seeking to disallow Claims (as
defined herein) on the ground that the Claims are:
[_____]

**PLEASE TAKE FURTHER NOTICE THAT** on March [___], 2009,
the Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. ___) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (collectively, the "Claims") in
connection with the above-captioned chapter 11 cases (the
"Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow
claims, including your claim(s), listed below in the "Claim
to Be Disallowed" row but does not seek to alter your claim
listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | | | |
| | Surviving Claim | | | |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY
THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE
(INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY
AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN
ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT
MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED
AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A
HEARING.**

### Critical Information for Claimants
### Choosing to File a Response to the Omnibus Objection

Who Needs to File a Response:  If you oppose the disallowance of your claim(s) listed above and if you are unable to resolve the Omnibus Objection with the Debtors before the deadline to object, then you must file and serve a written response (the "Response") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the disallowance of your claim(s) listed above, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

Response Deadline: The Response Deadline is **4:00 p.m. (Eastern Time) on [___], 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

> Clerk of the Bankruptcy Court
> United States Bankruptcy Court
> 701 East Broad Street – Room 4000
> Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

```
SKADDEN, ARPS, SLATE, MEAGHER   MCGUIREWOODS LLP
& FLOM, LLP                     One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, VA 23219
Wilmington, DE 19899-0636       Attn: Dion W. Hayes
Attn: Gregg M. Galardi          Attn: Douglas M. Foley
Attn: Ian S. Fredericks
```

```
            - and –
```

```
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson
```

The status hearing on the Omnibus Objection will be held at **[___] a.m./p.m. prevailing Eastern Time on [_____], 2009 at:**

> United States Bankruptcy Court
> 701 East Broad Street – Courtroom 5100
> Richmond, Virginia 23219

If you file a timely Response, in accordance with the Omnibus Objection Procedures, you do <u>not</u> need to appear at the status hearing on the Omnibus Objection.

### <u>Procedures for Filing a Timely Response and Information Regarding the Hearing on the Omnibus Objection</u>

<u>Contents</u>.  To facilitate a speedy and non-judicial resolution of a Claim subject to an Omnibus Objection, any claimant filing a Response shall use its best efforts to include the following (at a minimum) in its filed Response, to the extent such materials are not attached to its proof of claim:

> a.   a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, the case number and the title of the Omnibus Objection to which the Response is directed;

4

b.   the claimant's name and an explanation for
     the amount of the Claim;

c.   a concise statement, executed by (or
     identifying by name, address and telephone
     number) a person with personal knowledge of
     the relevant facts that support the Response,
     setting forth the reasons why the Bankruptcy
     Court should overrule the Omnibus Objection
     as to the claimant's claim, including,
     without limitation (to the extent not set
     forth in its proof of claim), the specific
     factual and legal bases upon which the
     claimant intends to rely in support of its
     Response and its underlying Claim;

d.   a copy of or identification of any other
     documentation or other evidence of the Claim,
     to the extent not already included with the
     Claim that the claimant presently intends to
     introduce into evidence in support of its
     Claim at the hearing; provided, however, that
     for a Response filed in support of a Claim
     arising out of a lease of real property, the
     Response need not attach such lease if the
     claimant indicates its willingness to provide
     such documentation upon request;

e.   a declaration of a person with personal
     knowledge of the relevant facts that support
     the Response; and

f.   the claimant's address, telephone number and
     facsimile number and/or the name, address,
     telephone number and facsimile number of the
     claimant's attorney and/or designated
     representative to whom the attorneys for the
     Debtors should serve a reply to the Response,
     if any (collectively, the "Notice Address").
     If a Response contains Notice Address that is
     different from the name and/or address listed
     on the Claim, the Notice Address will control
     and will become the service address for
     future service of papers with respect to all
     of the claimant's Claims listed in the
     Omnibus Objection (including all Claims to be

disallowed and the surviving Claims) and only
for those Claims in the Omnibus Objection.

g.   To the extent such person differs from the
person identified pursuant to subjection e,
above, the name, address, telephone number,
facsimile number, and electronic mail address
of the representative of the claimant (which
representative may be the claimant's counsel)
party with authority to reconcile, settle or
otherwise resolve the Omnibus Objection on
the claimant's behalf (the "Additional
Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the
Additional Address will not become the
service address for future service of papers.

**Additional Information**.  To facilitate a resolution of
the Omnibus Objection, your Response should also include the
name, address, telephone number and facsimile number of the
party with authority to reconcile, settle or otherwise
resolve the Omnibus Objection on the claimant's behalf (the
"Additional Addresses").  Unless the Additional Addresses
are the same as the Notice Addresses, the Additional
Addresses will <u>not</u> become the service address for future
service of papers.

**Failure to File Your Timely Response**.  If you fail to
file and serve your Response on or before the Response
Deadline in compliance with the procedures set forth in this
Notice, the Debtors will present to the Bankruptcy Court an
appropriate order granting the relief requested in the
Omnibus Objection <u>without further notice</u> to you.

**Each Objection Is a Contested Matter**. Each Claim
subject to an Omnibus Objection and the Response thereto
shall constitute a separate contested matter as contemplated
by Bankruptcy Rule 9014, and any order entered by the
Bankruptcy Court will be deemed a separate order with
respect to such claim.

## Additional Information

**Requests for Information**.  You may also obtain a copy
of the Omnibus Objection or related documents on the

6

internet, by accessing the website of the Debtors at
www.kccllc.net/circuitcity.

    **Reservation of Rights**.    Nothing in this Notice or the
Omnibus Objection constitutes a waiver of the Debtors' right
to assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you of the Debtors.    Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date.    In such event, you will receive a
separate notice of any such objections.

Dated: March __, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
     Richmond, Virginia   FLOM, LLP
     Gregg M. Galardi, Esq.
     Ian S. Fredericks, Esq.
     P.O. Box 636
     Wilmington, Delaware 19899-0636
     (302) 651-3000

          - and -

     SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP
     Chris L. Dickerson, Esq.
     333 West Wacker Drive
     Chicago, Illinois 60606
     (312) 407-0700

          - and -

     MCGUIREWOODS LLP

     _____ _____
     Dion W. Hayes (VSB No. 34304)
     Douglas M. Foley (VSB No. 34364)
     One James Center
     901 E. Cary Street
     Richmond, Virginia 23219
     (804) 775-1000

     Counsel for Debtors and Debtors
     in Possession

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: frenchs           Page 1 of 1            Date Rcvd: May 15, 2009
Case: 08-35653                Form ID: pdforder       Total Served: 1

The following entities were served by first class mail on May 17, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636

The following entities were served by electronic transmission.
NONE.                                                                                        TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 17, 2009                      Signature:  _Joseph Speetjens_