Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' SIXTH OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject certain executory contracts as set forth on the attached <u>Exhibit A</u>, including any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto (collectively, the "Contracts"), and any guaranties thereof, as of the Rejection Date (as defined herein).  In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

3

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales (the "GOB Sales") at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced the GOB Sales pursuant to the Agency Agreement at the Debtors' remaining stores. The GOB Sales were concluded on or about March 8, 2009.

**RELIEF REQUESTED**

7. By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Contracts as of the Rejection Date (as defined below).

8. The Debtors are currently performing their review and evaluation of other executory contracts that are not the subject of this Motion. As this process continues, the Debtors may identify additional executory contracts to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts. This

Motion should not be construed as a determination that any executory contracts not listed herein are to be assumed or rejected.

**BASIS FOR RELIEF**

9.   In an effort to avoid any future potential postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Contracts.

10.  The Contracts are comprised of services agreements and license agreements which, in light of the liquidation and the wind down of the Debtors' businesses, the Debtors no longer require.  The Debtors have analyzed each of the Contracts to determine the appropriate date of rejection.  The Debtors have concluded that, in order to minimize unnecessary potential costs to the estate, the Contracts should be rejected as of the rejection date listed on <u>Exhibit A</u> for each Contract (the "Rejection Date").

11.  Each of the Contracts is listed on <u>Exhibit A</u>, along with the name of the Contract counterparty, the Contract type, the effective date of

the Contract, where known, and the proposed Rejection Date.

12. Through the rejection of the Contracts, the Debtors will be relieved from performing and paying fees and other associated costs. Thus, by rejecting the Contracts on the applicable Rejection Date, the Debtors will avoid incurring any additional unnecessary administrative expenses for services that provide minimal, if any, tangible benefit to the Debtors' estates and that the Debtors have determined to be unnecessary. Based on this analysis, the Debtors have determined that the Contracts provide no value to the Debtors' estates.

13. Accordingly, the Debtors believe that rejection of the Contracts as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

14. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's determination

to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

15.  Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

7

16.  The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing.  See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp., 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

17.  As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Contracts.  The Contracts are financially burdensome and unnecessary to the Debtors' estates.  Moreover, as of the applicable Rejection Date, each of the Contracts provides or will provide no economic benefit to the Debtors, nor are such Contracts a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Contracts as of the Rejection Date reflects the sound exercise of the Debtors' business judgment.

18.  In summary, the Debtors believe that the proposed rejection of the Contracts is tailored to minimize administrative expense, maximize distributions

to creditors in these chapter 11 cases, and limit the performance and other costs of Contract counterparties. In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Contracts.

19.  This Court has authorized similar relief throughout these chapter 11 cases.  See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (Bankr. E.D. Va.) (Docket Nos. 1260, 1280, 1706, 2907, 2935, 3078, 3219); see also In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

**NOTICE**

20.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures (Docket No. 130) and to all counterparties to the Contracts. The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

21.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

22.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 18, 2009
      Richmond, Virginia

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

    - and -

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

    - and -

    MCGUIREWOODS LLP

    __/s/ Douglas M. Foley_____
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors in Possession

**EXHIBIT A**

**(Executory Contracts)**

**EXHIBIT A**
Contracts

| Contract Counterparty | Contract Type | Contract Description [1] | Contract Effective Date | Rejection Date | Address |
|---|---|---|---|---|---|
| Aspect Loss Prevention LLC | License Agreement | Software License Agreement and all amendments and addenda thereto | 4/23/03 | 5/18/09 | 5735 Old Shakopee Road West #100, Bloomington, MN  55437 |
| AT Systems, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 2690 Lance Dr., Dayton, OH  45409 |
| Brink's, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 1801 Bayberry Ct., Richmond, VA 23226 |
| Ceridian Corporation | License Agreement | Software License and Maintenance Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 10401 Linn Station Rd., Louisville, KY 40223 |
| Ceridian Corporation | Services Agreement | Agreement for Time and Attendance Products and Services and all change orders, amendments and addenda thereto | 5/1/08 | 5/18/09 | 10401 Linn Station Rd., Louisville, KY 40223 |
| CustomerSat, Inc. | Services Agreement | Master Services Agreement and all Statements of Work, amendments and addenda thereto | unknown | 5/18/09 | 500 Ellis Street, Mountain View, CA 94043-2206 |
| Ease, Inc. | License Agreement | Software License Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 27405 Puerta Real, #380, Mission Viejo, CA  92691 |
| Garda CL Atlantic, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | 4/1/08 | 5/18/09 | 4200 Governor Printz Blvd., Wilmington, DE  19802 |
| Granite City Armored Car, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 1026 13th Ave. North, Industrial Park, Sauk Rapids, MN  56379 |
| Hewlett-Packard Company f.k.a. Mercury Interactive Corporation | License Agreement | Mercury Interactive Corporation Software License Agreement and all amendments and addenda thereto | 6/30/97 | 5/18/09 | 3000 Hanover Street, Palo Alto, CA 94304-1185 |
| Loomis Armored US, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 2500 CityWest Blvd., Ste 900, Houston, TX  77042 |
| Planview, Inc. | Licencse Agreement | Software License Agreement and all schedules, amendments and addenda thereto | 8/31/04 | 5/18/09 | 8300 North Mopac #100, Austin, Texas 78759 |
| Planview, Inc. | Services Agreement | Master Services Agreement and all Statements of Work, amendments and addenda thereto | 8/31/04 | 5/18/09 | 8300 North Mopac #100, Austin, Texas 78759 |
| Rochester Armored Car Company, Inc. | Services Agreement | Armored Car Services Agreement and all amendments and addenda thereto | unknown | 5/18/09 | 3937 Leavenworth, Omaha, NE  68105 |

[1] Contracts include any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto.

**EXHIBIT A**
**Contracts**

| Contract Counterparty | Contract Type | Contract Description [1] | Contract Effective Date | Rejection Date | Address |
|---|---|---|---|---|---|
| SAS Institute Inc. | License Agreement | Master License agreement for Institute Software and all schedules, supplements, amendments and addenda thereto | 6/10/04 | 5/18/09 | 100 SAS Campus Drive, Cary, NC 27513 |

---

[1] Contracts include any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto.