Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - -x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653-KRH
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - -x
```

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL PROPERTY**

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order pursuant to sections 105, 363 and 365 of title 11 of the United

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (A) authorizing the Debtors to enter into an agreement with the Landlord (as defined below) as Purchaser for Sale of the Debtors' Leases (B) approving the Termination Fee in connection therewith, (C) approving the Sale and Assignment of the Leases free and clear of all interests and (D) granting related relief; and the Court having entered the Order under Bankruptcy Code Sections 105, 363, and 365 Approving Amended Bid Deadline In Connection With Bidding And Auction Procedures For Sale Of Unexpired Nonresidential Real Property Leases (the "Modified Lease Procedures Order"), which granted the Debtors additional time to market the Leases beyond the March 31, 2009 automatic rejection date established in the Lease Procedures Order and authorized the Debtors to establish new bid deadlines and auction dates for the Leases; and upon the record of the auction conducted on May 11, 2009 (the "Auction") and the hearing held on May 13, 2009 (the "Sale Hearing"); and after due deliberation thereon, and

2

sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

    B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

    C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

    D.    The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

    E.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3

F. A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Concar Enterprises, Inc. as landlord (the "Landlord") for the ground lease related to store number 232 located at 1880 South Grant Street, San Mateo, California (the "Premises") (together with any and all related lease documents associated therewith (the "Lease") and TJ Maxx CA, LLC, as sublessee (the "Sublessee"), under the sublease (together with any and all related sublease documents and sub-subleases associated therewith, if any, the "Sublease" and together with the Lease, the "Leases").

G. The Debtors and their professionals marketed the Leases and conducted a sale process as set forth in and in accordance with the Motion. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Leases.

H. After an auction held on May 11, 2009, the Debtors determined in their business judgment, that

4

the highest and best Qualified Bid was that of the Assignee (as defined herein).

I.   The Assignment Agreement (as defined herein) and the sale of the Leases was negotiated and has been and is undertaken by the Debtors and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of section 363(m) of the Bankruptcy Code.

J.   Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

K.   The Total Consideration (as defined herein) provided by the Assignee for the Leases is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent

5

value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Leases.

L. The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Leases.

M. The assumption, assignment, and sale of the Leases to Concar Enterprises, Inc. (the "Assignee") under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

N. The Cure Amount (as defined herein) is deemed the entire cure obligation due and owing on the Lease under section 365 of the Bankruptcy Code and there is no cure obligation with respect to the Sublease.

O. Upon payment of the Purchase Price and application of the Cure Amount against the Total Consideration, there are no outstanding defaults of the Debtors and their estates under the Leases.

P. Upon the assignment of the Leases and payment of the Purchase Price, the Leases shall be

6

deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Leases.

  Q. Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

  1. The Motion is granted as set forth herein.

  2. All objections with regard to the relief sought in the Motion as it pertains to the Leases, that have not been withdrawn, waived, or settled, are overruled on the merits.

  3. Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Leases and to assign the Leases to the Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

7

4. Under Bankruptcy Code section 363, the Debtors are authorized to sell the Leases to the Assignee.

5. The Debtors are authorized to execute the Sale, Assumption and Assignment Agreement, in substantially the form attached hereto as <u>Exhibit A</u> (the "Assignment Agreement").

6. The assignment of the Leases contemplated hereunder shall be deemed effective on May 13, 2009 (the "Effective Date").

7. Upon the occurrence of the Effective Date and payment of the Purchase Price, subject to the provisions of this Order, the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Leases due, accruing, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant (and sublandlord) thereunder.

8. On or before May 15, 2009, the Assignee shall pay to the Debtors, in cash or otherwise immediately available funds, $445,446.74 (the "Total Consideration"), less (i) $145,446.74 (the "Cure

Case 08-35653-KRH    Doc 3378    Filed 05/19/09    Entered 05/19/09 12:15:36    Desc Main
Document    Page 9 of 19


Amount") and (ii) $15,630.52 (the "Sublease Rent") representing rents that the Debtors received from the Sublessee attributable to the period subsequent to May 13, 2009, plus $573.68 (the "Rent Credit") representing a credit for rent the Debtors paid Assignee attributable to the period subsequent to May 13, 2009, for a total purchase price in the amount of $284,943.16 (the "Purchase Price");

9. Upon the Effective Date and payment of the Purchase Price, neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Leases for any defaults or monetary obligations of the Debtors thereunder.

10. Upon the entry of this Order, (i) all defaults of the Debtors under the Leases through the Effective Date shall be deemed cured, (ii) no other amounts will be owed by Debtors or their estates with respect to the Leases, (iii) except as provided in paragraph no. 13, no amounts will be owed by the Assignee with respect to the Leases for obligations relating or attributable to the period prior to the

Effective Date, (iv) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors or their estates that any additional amounts are due or defaults exist under the Leases, and (v) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates, and, except as provided in paragraph no. 13, the Assignee, that any additional amounts are due or defaults exist under the Leases that arose or accrued, relate to or are attributable to the period prior to the Effective Date.

11. The Assignee takes the Leases "as is," except the Leases shall be free and clear of any interests as provided in Section 18 below.

12. Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Leases, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Leases, the Debtors may assign the Leases to the Assignee.

13. Upon the Effective Date, subject to the provisions of this Order, the Assignee shall assume all

10

obligations under the Leases attributable to, or arising or accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14. Upon the occurrence of the Effective Date and payment of the Purchase Price, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15. Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Leases.

16. Upon the assignment to the Assignee, the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

17. To the extent that any of the Debtors acts as a guarantor of the Leases (a "Debtor-Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Leases after the Effective Date.

11

18. Pursuant to Bankruptcy Code section 363(f), the sale and corresponding assumption and assignment of the Leases authorized hereunder shall be free and clear of all Interests, with all such Interests attaching only to the Purchase Price paid under the Assignment Agreement for the Leases and the related premises on which such Interests had been attached previously, in the same order and priority, and with the same validity and enforceability, as same may have had prior to the sale, assumption and assignment of the Leases, subject to any and all available defenses. Notwithstanding the generality of the foregoing, the sale is not free and clear of the Sublessee's rights and obligations under the Sublease and is not free and clear of any agreements between Landlord and Sublessee, including any non-disturbance, recognition or similar agreement.  Notwithstanding anything to the contrary in this Order, the rights and obligations of the parties under that certain Non-Disturbance and Attornment Agreement between Landlord and Sublessee are preserved and shall remain in full force and effect.

12

19. Any mechanic's lien filed against the Debtors with respect to the premises associated with the Leases is hereby released, discharged, and terminated, without further order of this Court, and the Assignee, the Landlord, and/or the Subtenant are hereby authorized to file, register, or otherwise record a certified copy of this Order and each and every federal, state, and local governmental agency or department is hereby directed to accept a certified copy of this Order as conclusive evidence of the release, discharge, and termination of any mechanic's lien filed against the Debtors with respect to the premises associated with the Leases and shall remove such mechanic's lien from record. Any interest released, discharged and/or terminated under this paragraph shall attach solely to the Purchase Price paid under the Assignment Agreement for the Leases, subject to any and all available defenses.

20. Except for the rights and obligations under the Assignment Agreement and this Order, all parties to the Lease and Sublease are forever barred from raising or asserting against any of the Debtors,

13

any default or breach under, or any claim or pecuniary loss arising under or related to the Leases, arising, accruing or incurred prior to the Effective Date.

21. Any obligations arising under the Leases which arise, accrue, are incurred or relate to periods on or subsequent to the Effective Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Assignee (or Sublessee, as the case may be), and no party (including the Assignee and Sublessee) shall have a claim against the Debtors or their estates for such obligations.

22. The Landlord, the Sublessee, and any governmental agency shall accept and honor the assignment of the Leases to the Assignee in accordance with the Assignment Agreement and this Order.

23. The Landlord and the Sublessee shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Assignee, and shall not charge the Assignee for, any instruments, applications, consents, or other documents which may be required by any public or quasi-public authority or other party or

14

entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, installation of signage, opening and operating of the premises associated with the Leases.

24. Pursuant to Bankruptcy Code section 554, the Debtors are authorized to abandon any and all improvements, furniture, fixtures, equipment, inventory and/or any other personal property ("Abandoned Property") located on the Premises, and such Abandoned Property is deemed abandoned on the Effective Date to the Assignee free and clear or all liens, claims and other interests.  The Assignee may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

25. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

26. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

27. To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

28. The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Leases consistent with this Order.

29. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order or the assumption and assignment of the Lease and Sublease.

Dated: Richmond, Virginia
       May 13, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

17

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                        /s/ Douglas M. Foley
                        Douglas M. Foley

753265.07-Chicago Server 2A        MSW - Draft May 15, 2009 - 2:11 PM

**EXHIBIT A**

**ASSIGNMENT AGREEMENT_**