## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of **May 15, 2009**, by and among **CONCAR ENTERPRISES, INC.** ("**Assignee**"), on the one hand, and **CIRCUIT CITY STORES WEST COAST, INC.,** a California corporation ("**Assignor**"), on the other hand.

### RECITALS:

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on May 15, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving, effective May 13, 2009, the sale, assumption, and assignment of (i) that certain Ground Lease dated April 1, 1970 between Assignee, as landlord, and Assignor, as successor-in-interest to EDBRO California Realty Company, Inc., as tenant (the "Ground Lease"), and (ii) that certain Lease dated July 31, 1987 between Assignor, as landlord, and TJ Maxx of CA, LLC, as tenant (the "Sublease"), both for the premises located at 1880 South Grant Street in San Mateo, California (as the same may have been amended, assigned, supplemented or extended from time to time collectively, the "**Leases**");

**WHEREAS**, Assignee was the highest or otherwise best bidder at an auction for Assignor's interests in the Leases and has requested that Assignor assign and sell the Leases to the Assignee; and

**WHEREAS**, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby, and (ii) Assignor desires to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Leases and the estates created thereby, subject to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, Assignor and Assignee hereby agree as follows:

1. <u>Effective Date</u>.  The Effective Date of this Agreement shall be May 13, 2009.

2. <u>Assignment of Leases</u>.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby, free and clear of any encumbrances, leases, possessory interests or other matters arising by or through Assignor, excepting only those matters of record and affecting the fee interests in the premises leased under the Ground Lease.

3. <u>Purchase Price</u>.  In consideration thereof, on May 15, 2009, Assignee shall pay to Assignor the sum of $445,446.74, less (i) the agreed cure in the amount of $145,446.74 and (ii) less the amount of $15,630.52 on account of subrents collected by Assignee attributable to the period after the Effective Date, plus the amount of $573.68 on account of rent previously paid by Assignor to Assignee attributable to the period subsequent to the Effective Date, for a purchase price in the amount of $284,943.16 (the "Purchase Price").

1

4.  <u>Assumption of Sublease Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Sublease.

5.  <u>Release of Claims</u>.  Except for Assignor's obligations under this Agreement, Assignee does hereby waive and release any and all claims it may have as Landlord under the Ground Lease against Assignor, including claims under Bankruptcy Code sections 365, 502 and 503, and including all year end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive assignment of the Ground Lease.

6.  <u>Representations and Warranties</u>.  Assignee hereby acknowledges and agrees that except as set forth in this Agreement, the Leases transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Leases will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Leases.

7.  <u>Notices</u>. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
PO Box 5695
Glen Allen, VA  23058

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

Concar Enterprises, Inc.
Attn: Wm. Jeffrey Atkinson
1700 S El Camino Real, Ste. 407
San Mateo, CA 94402

8.  <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of Assignor and Assignee with respect to the matters contemplated by the Order and this Agreement.

9.  <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

10.  <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent therewith, the

internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

        11.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the parties hereto, all of which together shall constitute one and the same instrument.

        12.    <u>Memorandum of Assignment</u>.  At Assignee's request and expense, Assignor shall execute a memorandum of this assignment in form to be recorded in the Official Records of San Mateo County, which memorandum shall be for notice purposes only, and shall not affect the terms of this Agreement or the Order.

*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____
Name:
Title:

**CONCAR ENTERPRISES, INC.**

By:_____
Name:
Title:

4