**Exhibit C**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

Debtor against which claim is asserted: (Check only one box below)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ [illegible] MN, LLC (Case No. 08-35666)
- ☐ [illegible] Designs, Inc. (Case No. 08-35667)
- ☐ Sky [illegible] Corporation (Case No. 08-35668)
- ☐ X[illegible], LLC (Case No. 08-35669)
- ☐ [illegible], INC. (Case No. 08-35670)

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Mitsubishi Digital Electronics America, Inc.

**Name and address where notices should be sent:**
James A. Pardo, Jr.
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309-3521
Telephone number: 404-572-4600

**Name and address where payment should be sent (if different from above):**
Mitsubishi Digital Electronics America, Inc.
Attn: Brian Atteberry, Senior Manager, Credit
9351 Jeronimo Road
Irvine, CA 92618-1904
Telephone number: 949-465-6079

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 7194
(if known)

Filed on: 01/28/09

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $15,258,077.65

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See attached
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 5777, 2236, 2236

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe: Right of setoff
Value of Property: $3,110,267.24   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: Setoff

Amount of Secured Claim: $3,110,267.24   Amount Unsecured: $12,147,810.41

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: See attached

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_2_).

Amount entitled to priority:
$4,965,976.18

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 4/14/0[9]

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature] Brian Atteberry Senior Manager Credit

FOR COURT USE ONLY
RECEIVED
APR 17 2009

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re Circuit City Stores, Inc., et al.
Case No. 08-35653
Eastern District of Virginia

## ATTACHMENT TO MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC. AMENDED PROOF OF CLAIM

The following constitutes a brief summary of the prepetition claims held by Mitsubishi Digital Electronics America, Inc. ("Mitsubishi") against Circuit City Stores, Inc.(the "Debtor").

Prior to November 10, 2008 (the "Petition Date"), (a) Mitsubishi sold to the Debtor on credit certain goods, including televisions and audio-visual projectors, (b) Mitsubishi sold to the Debtor on credit certain replacement parts, including parts that were covered either by Mitsubishi's limited one-year manufacturer's warranty or by extended warranties that the Debtor sold to consumers, (c) the Debtor provided labor to Mitsubishi under Mitsubishi's limited one-year manufacturer's warranty, and (d) Mitsubishi and the Debtor engaged in various other transactions, all of which related directly or indirectly to the foregoing. Solely for internal purposes, Mitsubishi accounted for these transactions in three separate accounts: a television account ("TV Account"), a projector account ("PVS Account"), and a service parts account ("SP Account").

As of the Petition Date, the Debtor owed to Mitsubishi a total of $15,258,077.65. Such amount consists of the following component parts:

### Prepetition Amounts Due to Mitsubishi

| | | |
|---|---|---|
| **TV Account** | | |
| Total Invoice Amount | | $14,572,980.49 |
| Vendor Compliance | | $117.06 |
| | Total TV Account Amt. Owed | $14,573,097.55 |
| | | |
| **PVS Account** | | |
| Total Invoice Amount | | $553,357.00 |
| Pricing on Product Returns | | $554.15 |
| | Total PVS Account Amt. Owed | $553,911.15 |
| | | |
| **SP Account** | | |
| Short Payments | | $15,242.93 |
| Stop Payment on Check | | $17,090.81 |
| Duplicate Deductions by Debtors | | $3,017.50 |
| Warranty Parts Debits | | $11.15 |
| Parts Invoices | | $95,706.56 |
| | Total SP Account Amt. Owed | $131,068.95 |
| | | |
| **Total Prepetition Credits Due to Mitsubishi** | | **$15,258,077.65** |

As of the Petition Date, Mitsubishi owed to the Debtor various credits totaling $3,110,267.24. Such amount consists of the following component parts:

## Prepetition Credits Due to the Debtor

TV Account
| | |
|---|---:|
| Product Returns | $1,749,966.00 |
| Market Development Funds Credits | $193,949.52 |
| Field Training Credits | $100,000.00 |
| Pricing on Product Returns | $1,416.63 |
| Total TV Account Credits Due | $2,045,332.15 |

PVS Account
| | |
|---|---:|
| Product Returns | $9,705.92 |
| Stopped Shipments | $14,621.60 |
| Total PVS Account Credits Due | $24,327.52 |

SP Account
| | |
|---|---:|
| Freight | $418.99 |
| Unapplied Cash | $533.90 |
| Warranty Parts Credits | $46,245.65 |
| Warranty Labor Credits | $14,860.00 |
| Parts Credit | $16,449.03 |
| Core Credits (returned defective parts) | $53,625.00 |
| Total SP Account Credits Due | $132,132.57 |

Other Credits
| | |
|---|---:|
| Rebate Credit October 16, 2008 - November 2, 2008 | $94,984.00 |
| Rebate Credit October 16, 2008 - November 2, 2008 | $14,049.00 |
| Labor Day Rebate Credit | $24,304.00 |
| Price Protection Credits (price move 11/3/08) | $179,180.00 |
| Black Friday Promotion Credits | $127,600.00 |
| Environs Placement Credit | $55,000.00 |
| Display Allowance Credit | $0.00* |
| Market Development October Accrual | $413,358.00 |
| Total Other Credits Due | $908,475.00 |

**Total Prepetition Credits Due to the Debtor**     **$3,110,267.24**

---

* The Debtor and Mitsubishi are parties to an agreement dated March 1, 2008, under which the Debtor could earn display allowance credits for displaying certain Mitsubishi products in its stores. The Debtor has made a demand upon Mitsubishi, seeking $817,655.95 in display allowance credits. Mitsubishi is unaware of any display allowance credits due to the Debtor. To the extent that display allowance credits are determined to be due and owing from Mitsubishi to the Debtor, such credits would be prepetition in nature and increase the amount of Mitsubishi's unexercised right of setoff or recoupment. For example, in the event a reconciliation shows that Mitsubishi owes the Debtor $817,655.95 for display allowance credits, Mitsubishi would have a total claim against the Debtor equal to $15,258,007.65, of which $3,927,923.19 would be a secured claim and $11,330,084.46 would be an unsecured claim. The total amount of Mitsubishi's non-priority general unsecured claim would be $6,364,108.28.

2

Mitsubishi has a secured claim against the Debtor and its bankruptcy estate to the extent of Mitsubishi's unexercised right to set off such credits against the amounts owed by the Debtor to Mitsubishi. Alternatively, Mitsubishi has a right of recoupment with regard to such credits.

Mitsubishi's total claim against the Debtor and its bankruptcy estate as of the Petition Date is $15,258,077.65, of which $3,110,267.24 is a secured claim and $12,147,810.41 is an unsecured claim.

Mitsubishi previously and timely filed a Proof of Section 503(b)(9) Claim for goods that the Debtor received from Mitsubishi within the twenty (20) days prior to the Petition Date, which amount constitutes an administrative expense priority claim under 11 U.S.C. § 507(a)(2). The total amount of Mitsubishi's Sections 503(b)(9) and 507(a)(2) administrative expense priority claim is $4,965,976.18.

The total amount of Mitsubishi's non-priority general unsecured claim is $7,181,834.23.

The documentation supporting and evidencing the claim, including the underlying invoices, are voluminous and are not attached to this Proof of Claim. Mitsubishi will provide copies of those documents to any creditor or party in interest upon reasonable request. Mitsubishi reserves its right to amend or supplement this Proof of Claim in all respects, including, without limitation, to add additional documentation and information supporting this claim.

**Exhibit D**

Philip C. Baxa (VSB No. 22977)
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
Phil.baxa@mercertrigiani.com

-and-

KING & SPALDING LLP
James A. Pardo, Jr.
Georgia Bar No. 561206
jpardo@kslaw.com
Thaddeus D. Wilson
Georgia Bar No. 596008
thadwilson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia  30309-3521
Telephone:          (404) 572-4600
Facsimile:          (404) 572-5129

*Counsel for Mitsubishi Digital Electronics America, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
CIRCUIT CITY STORES, INC., et al.,                  :    Case No. 08-35653
                                                    :
Debtors.                                            :    Jointly Administered
                                                    :
------------------------------------------------------X

## DECLARATION OF BRIAN ATTEBERRY, SENIOR MANAGER, CREDIT, A/V DIVISION OF MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.

I, Brian Atteberry, Senior Manager, Credit, A/V Division of Mitsubishi Digital Electronics America, Inc., hereby declare as follows:

1.     I have reviewed Mitsubishi Digital Electronics America Inc.'s Response to Debtor's Fourth Omnibus Objection to Certain Duplicative Claims (the "Response").

2.     I am personally aware of the information set forth in the Response.

3. The Response is true and correct to the best of my information and belief.

Date: May 19, 2009.

_[signature]_

Brian Atteberry, Senior Manager, Credit, A/V Division of Mitsubishi Digital Electronics America, Inc.