**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DISTRICT**

IN RE:

| | | |
|---|---|---|
| CIRCUIT CITY STORES, INC., et. al. | ) ) ) ) ) ) | CASE NO. 08-35653-KRH CHAPTER 11 JOINTLY ADMINISTERED |
| Debtors. | ) | |

**MOTION TO RECONSIDER**

The United States of America, on behalf of its Internal Revenue Service, by and through undersigned counsel, hereby moves this Court to reconsider its Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests entered May 15, 2009. A memorandum in support of this motion is filed concurrently herewith and incorporated herein by reference.

        Respectfully submitted,

        DANA J. BOENTE
        Acting United States Attorney


    By:  /s/ Richard F. Stein
        Richard F. Stein
        Special Assistant United States Attorney

Richard F. Stein
Special Assistant United States Attorney
D.C. Bar No. 931105
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA 23219-2430
Tel. No. (804) 916-3945

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DISTRICT**

IN RE:

| | | |
|---|---|---|
| CIRCUIT CITY STORES, INC., et. al. | ) ) ) ) ) | CASE NO. 08-35653-KRH <br> CHAPTER 11 <br> JOINTLY ADMINISTERED |
| Debtors. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO RECONSIDER</u>**

The United States of America, on behalf of the Internal Revenue Service, a creditor herein, by and through undersigned counsel, hereby submits this Memorandum in support of its motion to reconsider.

**BACKGROUND**

On November 10, 2008, the Debtors filed these Chapter 11 proceedings.

On May 1, 2009, the debtors filed a Motion Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests, setting May 13, 2009 as the hearing date on its motion.

Richard F. Stein
Special Assistant United States Attorney
D.C. Bar No. 931105
Eastern District of Virginia
600 East Main Street, Suite 1601
Richmond, VA  23219-2430
Tel. No. (804) 916-3945

-2-

By Order dated May 15, 2009, the Court granted debtors' Motion and set June 30, 2009, as the last date for filing administrative claims.

**ARGUMENT**

Fed. R. Bankr. Pro. 9023 incorporates Fed. R. Civ. Pro. 59, which provides a mechanism for granting new trials and for amending judgments.  There are three major grounds justifying reconsideration pursuant to Rule 59: (i) to accommodate an intervening change in controlling law; (ii) to account for new evidence not available at trial; and (iii) to correct a clear error or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  The United States bases it's motion upon the final standard:  to correct a clear error or prevent manifest injustice.  The United States recognizes that courts seldom revisit matters upon which they have already ruled. Religious Technology Center v. Lerma, 908 F. Supp. 1353 (E.D. Va. 1995).  However, motions for reconsider serve a valuable function in those limited situations in which they are appropriate. Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983).

Pursuant to Fed. R. Civ. Pro. 609b)(1), as incorporated by Fed. R. Bankr. Pro. 9024, the court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence,

-3-

surprise, excusable neglect, "or any other reason justifying relief from the operation of the judgment."  Relief granted under Fed. R. Civ. Pro. 609b) is intended to prevent what would otherwise be a miscarriage of justice.  See  Dowell v. State Farm & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).  In setting aside a default judgment the Court of Appeals for the Fourth Circuit has established three thresholds that must be met: (1) whether the motion is timely; (2) whether the responding party will suffer unfair prejudice if the default judgment is set aside; and (3) whether the claim is meritorious. See Heyman v. M.L. Marketing Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997).  The factors essential balance the relative prejudice to the parties, the good faith of the movant and the reasons for the error.

In the case at hand, the facts warrant reconsideration under the standards of either Rule 59 or 60.  The United States acknowledges that it failed to timely file an objection to the debtors' motion.  The remainder of the facts weigh in favor of reconsideration.  To the extent that the debtors or their estates owe, or will owe the Internal Revenue Service (Service) any administrative tax liabilities and have not reported those liabilities, it will be impossible for the Service to comply

-4-

with the June 30, 2009 bar date.  The United States objects to any restriction on the filing of administrative claims and the payment of administrative tax liabilities which should be paid in the ordinary course of business.  *See* 28 U.S.C. § 960. Furthermore, this provision, as applied to the United States, violates 11 U.S.C. §503(b)(1)(D).  Section 503(b)(1)(D) states as follows:

> [N]otwithstanding the requirements of subsection (a) [which requires a timely filed request for payment], a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) or (C), as a condition of its being an allowed administrative expense.

*See also* In re Dawes, 382 B.R. 509 (Bankr. D. Kan. 2008).  The debtors' Motion and the Order ignore the plain language of the Bankruptcy Code which exempts governmental units from the onerous requirements of administrative tax claim bar deadlines.

Finally, the administrative bar date provisions of the Order, insofar as it applies to the Service, conflict with the provisions of 11 U.S.C. §505.  Under §505 a trustee (debtor in possession) may file a tax return for taxes incurred in the administration of the estate accompanied by a request for a determination by the taxing authority and obtain a discharge from liability for the tax by paying the reported tax unless the

-5-

taxing authority selects the return for audit within a certain time period.  In re Shin, 306 B.R. 397, 408 (Bankr. D.C. 2004). The Order "thrusts" on the taxing authority the obligation to file a request for payment within a set time period whether or not a return has been filed, or the tax has been paid.  Clearly, the administrative bar date provisions of the Order, insofar as it applies to the Service, conflict with the scheme that Congress set forth for determining and discharging administrative tax liabilities.

The administrative tax claim bar date provisions, insofar as it applies to the Service, violate 11 U.S.C. §§503(d)(1) and 1123(b)(6) and 28 U.S.C. §960, and the United States objects thereto.

**CONCLUSION**

For the foregoing reasons, the United States asserts that its Motion should be granted and that the Court reconsider whether the Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Requests, insofar as it applies to the United States of America, Internal Revenue in light of its

-6-

failure to meet the mandatory requirements set forth in the Bankruptcy Code.

        Respectfully submitted,

        DANA J. BOENTE
        Acting United States Attorney


By: /s/ Richard F. Stein
    Richard F. Stein
    Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2009, a true and accurate copy of the foregoing MOTION TO RECONSIDER and MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER were electronically filed with the Clerk of the Court using the CM/ECF system, which will thereby cause the above to be electronically served on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons on the attached Service List.

> Daniel F. Blanks, Esq.
> Douglas M. Foley, Esq.
> McGuire Woods LLP
> 9000 World Trade Center
> 101 W. Main Street
> Norfolk, Virginia 23510
>
> Dion W. Hayes, Esq.
> Joseph S. Sheerin, Esq.
> Sarah Becket Boehm, Esq.
> McGuire Woods LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia  23219
>
> Greg M. Galardi, Esq.
> Ian S. Fredericks, Esq.
> Skadden, Arps, Slate, Meagher & Flom, LLP
> One Rodney Square
> P.O. Box 636
> Wilmington, Delaware  19899-0636
>
> Chris L. Dickerson, Esq.
> Skadden, Arps, Slate, Meagher & Flom, LLP
> 333 West Wacker Drive
> Chicago, Illinois  60606

```
Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia  23219

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA  90067-4100

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York  10017-2024

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, Virginia  23219

Bruce H. Besanko
9950 Mayland Drive
Richmond, VA 23233
```

/s/ Richard F. Stein
Richard F. Stein
Special Assistant United States Attorney