| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         : Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     : Case No. 08-35653
et al.,                        :
                               :
          Debtors.             : Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' SECOND MOTION FOR AN ORDER UNDER
11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9006(b)
FURTHER EXTENDING THE TIME PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS PURSUANT TO
28 U.S.C. § 1452 AND FED. R. BANKR. P. 9027**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Second Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) further extending the time period within which the Debtors may remove pending proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  In support of the Second Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction to consider the Second Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

these cases and the Second Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested here are Bankruptcy Code section 105(a) and Bankruptcy Rules 9006 and 9027.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

5. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced go-

3

ing out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded.

### RELIEF REQUESTED

6.  Pursuant to Bankruptcy Rule 9027(a)(2), the period during which the Debtors may remove actions, if any, pursuant to 28 U.S.C. § 1452 (the "Removal Period") expires on the later of June 8, 2009 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.  By this Second Motion, the Debtors request the entry of an order pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b) further extending the Removal Period with respect to any actions pending on the Petition Date through the later of (a) October 6, 2009 or (b) 30 days after entry of an order terminating the automatic stay with respect to any particular action sought to be removed.

### APPLICABLE AUTHORITY

7.  28 U.S.C. § 1452 governs the removal of pending civil actions.  Section 1452(a) provides:

4

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). The current deadline for the Debtors to remove an action is June 8, 2009.

8. It is well settled that this Court is authorized to expand the removal period as requested herein. See Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D.W.V. 2000) ("Rule 9006 provides authority to enlarge the thirty-day time period for removing actions"); Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908, 910 (Bankr. N.D. Ill. 1982) (the 30 day time limit for removal "is subject to enlargement in the court's discretion"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) ("the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty day period, pursuant to Bankr. R. 9006(b)(1)"); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Electric Construction

5

Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); Stamm v. Rapco Foam, Inc., 21 B.R. 715, 718 (Bankr. W.D. Pa. 1982) (court may enlarge the time limit for the filing of an application for removal in appropriate circumstances)

9.  The Debtors are parties to numerous judicial and administrative proceedings currently pending in various courts and administrative agencies (collectively, the "Actions").  The Actions involve a variety of claims, some of which are complex.  Specifically, the Actions include, among others, discrimination, workers' compensation, and product liability claims.  Because of the number of Actions involved and the variety of claims, the Debtors require additional time to determine which, if any, of the Actions should be removed and, if appropriate, transferred to this district.

10. In addition, since the Debtors announced their liquidation on January 16, 2009, the Debtors have been focused on, among other matters, executing on a wind-down plan with the dual goal of winding down as expeditiously as possible and maximizing value for the

benefit of their estates.  These efforts, included (without limitation) closing and vacating approximately 600 retail stores, distribution, service and call centers, and corporate headquarters, marketing and selling or otherwise realizing value from their various assets, reviewing, reconciling and objecting to administrative, priority, and unsecured claims, investigating causes of action against third parties, documenting and seeking collection of obligations owed to the Debtors' estates under existing agreements, and otherwise winding down their remaining affairs.

11.  In light of the foregoing, the Debtors submit that the requested extension of time is in the best interests of their estates and creditors because it will afford the Debtors a sufficient opportunity to make fully informed decisions concerning whether the Actions may and should be removed, thereby protecting the Debtors' valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452.

12.  The Debtors' adversaries will not be prejudiced by such an extension because such adversaries may not prosecute the Actions absent relief from the

7

automatic stay.  Furthermore, nothing herein will prejudice any party to a proceeding that the Debtors seek to remove from pursuing remand pursuant to 28 U.S.C. § 1452(b).  Accordingly, the proposed extension requested herein will not adversely affect the rights of other parties to the Actions.

### NOTICE

13.  Notice of this Second Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002, the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")), the Debtors' adversaries in the Actions.  The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

14.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Second Motion and all applicable authority

8

is set forth in the Second Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto, extending the Removal Period through the later of (a) October 6, 2009 or (b) 30 days after entry

of an order terminating the automatic stay with respect to any particular action sought to be removed, and granting such other relief as is just and proper.

Dated: May 28, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                                      Gregg M. Galardi, Esq.
                                      Ian S. Fredericks, Esq.
                                      P.O. Box 636
                                      Wilmington, Delaware 19899-0636
                                      (302) 651-3000

                                                  - and -

                                      SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM, LLP
                                      Chris L. Dickerson, Esq.
                                      333 West Wacker Drive
                                      Chicago, Illinois 60606
                                      (312) 407-0700

                                                - and -

                                      MCGUIREWOODS LLP


                                      __/s/ Douglas M. Foley _____
                                      Dion W. Hayes (VSB No. 34304)
                                      Douglas M. Foley (VSB No. 34364)
                                      One James Center
                                      901 E. Cary Street
                                      Richmond, Virginia 23219
                                      (804) 775-1000

                                      Counsel for Debtors and Debtors
                                      in Possession