Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000


          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653-KRH
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

      **ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL**
      **UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL**
                           **PROPERTY**

          Upon consideration of the motion (the

"Motion")[1] of the Debtors for an order pursuant to

sections 105, 363 and 365 of title 11 of the United

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Motion.

States Code (the "Bankruptcy Code") and Rules 2002, 6004

and 6006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for entry of an order

(A) authorizing the Debtors to enter into an agreement

with the Purchaser for Sale of the Debtors' Lease,

subject to higher or otherwise better proposals,

(B) approving the Termination Fee in connection

therewith, (C) approving the Sale and Assignment of the

Lease free and clear of all interests and (D) granting

related relief; and the Court having entered the Order

under Bankruptcy Code Sections 105, 363, and 365

Approving Amended Bid Deadline In Connection With

Bidding And Auction Procedures For Sale Of Unexpired

Nonresidential Real Property Lease (the "Modified Lease

Procedures Order"), which granted the Debtors additional

time to market the Lease (as defined herein) beyond the

March 31, 2009 automatic rejection date established in

the Lease Procedures Order and authorized the Debtors to

establish new bid deadlines and auction dates for the

Lease; and upon the record of the auction conducted on

June 3, 2009 (the "Auction") and the hearing held on

June 3, 2009 (the "Sale Hearing"); and after due

deliberation thereon, and sufficient cause appearing

therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and

determine the Motion and to grant the relief requested

in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and

1334(b).

B.    Venue of these cases and the Motion in

this district is proper under 28 U.S.C. §§ 1408 and

1409.  This is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief

requested in the Motion are Bankruptcy Code sections

105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006,

and 9014.

D.    The notice of the Motion, the Auction,

and the Sale Hearing given by the Debtors constitutes

due and sufficient notice thereof.

---

[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

E.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Lease.

F.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including SEA Properties I, LLC as landlord (the "Landlord") for the ground lease related to store number 805 located at 1321 Huguenot Road, Midlothian, Virginia (together with any and all related lease documents and subleases associated therewith, the "Lease").

G.    The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

H.    After an Auction held on June 3, 2009, the Debtors determined in their business judgment, that the highest and best Qualified Bid was that of the Assignee (as defined herein).

4

I.   The Assignment Agreement (as defined herein) and the sale of the Lease was negotiated and has been and is undertaken by the Debtors and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

J.   Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

K.   The Total Consideration (as defined herein) provided by the Assignee for the Lease is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state,

754860.01-Chicago Server 2A                    MSW - Draft May 21, 2009 - 5:32 PM

territory or possession, or the District of Columbia, for the Lease.

L.   The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

M.   The assumption, assignment, and sale of the Lease to Creative Realty Management LLC (the "Assignee") under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

N.   Pursuant to sections 365(b)(1)(C), 365(f)(2)(B) and, if applicable, 365(b)(3), the Debtors and the Assignee have demonstrated adequate assurance of future performance by the Assignee under the Lease.

O.   The Cure Amount is deemed the entire cure obligation due and owing on the Lease under section 365 of the Bankruptcy Code.

P.   Upon the payment of the Cure Amount, there are no outstanding defaults of the Debtors and their estates under the Lease.

Q.   Upon the assignment to the Assignee, the Lease shall be deemed valid and binding, in full force

and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease.

R.   Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is granted as set forth herein.

2.   All objections with regard to the relief sought in the Motion as it pertains to the Lease, that have not been withdrawn, waived, or settled, are overruled on the merits.

3.   Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Lease and to assign the Lease to the Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

---

[3]   Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

754860.01-Chicago Server 2A                                    MSW - Draft May 21, 2009 - 5:32 PM

4.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Lease to the Assignee.

5.    The Debtors are authorized to execute the Sale, Assumption and Assignment Agreement, in substantially the form attached hereto as <u>Exhibit A</u> (the "Assignment Agreement").

6.    The consummation of the transactions with respect to the Lease contemplated hereunder shall take place on June 4, 2009.

7.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Lease due, accruing, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant thereunder.

8.    On the Effective Date, the Assignee shall pay to the Debtors, in cash or otherwise immediately available funds, $175,000.00 (the "Total Consideration"), less $26,250.00 that has been deposited in escrow.

8

9.    Upon the Effective Date, neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Lease for any defaults or monetary obligations thereunder, except that the Debtors shall be liable for the following: within five (5) business days after the Effective Date, Debtors shall pay to the Landlord the "Cure Amount" for the Lease, which amount totals $48,946.85.

10.    Upon the entry of this Order, (i) all defaults under the Lease through the Effective Date shall be deemed cured, (ii) no other amounts will be owed by Debtors or their estates with respect to the Lease, (iii) no amounts will be owed by the Assignee with respect to the Lease for obligations relating or attributable to the period prior to the Effective Date, (iv) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors or their estates that any additional amounts are due or defaults exist under the Lease, and (v) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors,

their estates, and the Assignee that any additional amounts are due or defaults exist under the Lease that arose or accrued, relate to or are attributable to the period prior to the Effective Date.

11.   The Assignee takes the Lease "as is."

12.   Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Lease, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Lease, the Debtors may assign the Lease to the Assignee.

13.   Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall assume all obligations under the Lease attributable to, or arising or accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.   Upon the occurrence of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.   Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the

10

Debtors and their estates shall have no further liability under the Lease.

16.   Upon the assignment to the Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

17.   To the extent that any of the Debtors acts as a guarantor of the Lease (a "Debtor-Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Lease after the Effective Date.

18.   Pursuant to Bankruptcy Code section 363(f), the sale and corresponding assumption and assignment of the Lease authorized hereunder shall be free and clear of all Interests, with all such Interests attaching only to the amount paid under the Assignment Agreement for the Lease and the related premises on which such Interests had been attached previously, in the same order and priority, and with the same validity and enforceability, as same may have had prior to the sale, assumption and assignment of the Lease, subject to any and all available defenses.

11

19.   Any mechanic's lien filed against the
Debtors with respect to the premises associated with the
Lease is hereby released, discharged, and terminated,
and the Assignee, the Landlord, and/or the Subtenant are
hereby authorized to file, register, or otherwise record
a certified copy of this Order and each and every
federal, state, and local governmental agency or
department is hereby directed to accept a certified copy
of this Order as conclusive evidence of the release,
discharge, and termination of any mechanic's lien filed
against the Debtors with respect to the premises
associated with the Lease and shall remove such
mechanic's lien from record.   Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such interest had previously attached, subject to
any and all available defenses.

20.   Except for the Debtors with respect to
their rights under the Assignment Agreement and this
Order, all parties to the Lease and Sublease, and to any
other agreements relating to the Lease, other than the

Assignment Agreement, are forever barred from raising or asserting against the Assignee any default or breach under, or any claim or pecuniary loss arising under or related to the Lease or such other agreements, arising, accruing or incurred prior to the Effective Date.

21.   Except for (i) the Debtors with respect to their rights under the Assignment Agreement and this Order and (ii) the Landlord with respect to payment of the Cure Amount, all parties to the Lease, and to any other agreements relating to the Lease, other than the Assignment Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Lease or such other agreements.

22.   Any obligations arising under the Lease which arise, accrue, are incurred or relate to periods on or subsequent to the Effective Date, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Assignee, and no party (including the Assignee) shall

have a claim against the Debtors or their estates for
such obligations.

23.    The Landlord, the Sublessee, and any
governmental agency shall accept and honor the
assignment of the Lease to the Assignee in accordance
with the Assignment Agreement and this Order.

24.    The Landlord and the Sublessee shall
cooperate and expeditiously execute and deliver, upon
the reasonable requests of the Assignee, and shall not
charge the Assignee for, any instruments, applications,
consents, or other documents which may be required by
any public or quasi-public authority or other party or
entity, for the purpose of obtaining any permits,
approvals or other necessary documents required for the
alteration, installation of signage, opening and
operating of the premises associated with the Lease.

25.    Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
Debtor-owned improvements, furniture, fixtures,
equipment, inventory and/or any other personal property
("Abandoned Property") located on the Premises, and such
Abandoned Property is deemed abandoned on the Effective

Date to the Assignee free and clear or all liens, claims
and other interests.  The Assignee may, in its sole
discretion and without further notice, use, transfer or
dispose of such Abandoned Property without liability to
the Debtors or any third parties claiming an interest in
such Abandoned Property.

26.   This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rules 6004(h) or 6006(d).

27.   The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

28.   To the extent that any provisions in the
Assignment Agreement conflict with this Order, the Order
shall govern.

29.   The Debtors and their estates are
authorized to take all actions and execute all documents
necessary or appropriate to effectuate the assumption
and assignment of the Lease consistent with this Order.

30.    This Court shall retain jurisdiction to
hear and determine all matters arising from or related
to this Order or the assumption and assignment of the
Lease and Sublease.

Dated:  Richmond, Virginia
        June 3, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

16

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

17

## EXHIBIT A

### ASSIGNMENT AGREEMENT

## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made by and among **CREATIVE REALTY MANAGEMENT LLC** ("**Assignee**"), on the one hand, and **CIRCUIT CITY STORES, INC.**, a Virginia corporation ("**Assignor**"), on the other hand. Assignee and Assignor are collectively referred to herein as the "Parties".

## RECITALS:

**WHEREAS**, on November 10, 2009, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on June 3, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the sale, assumption, and assignment of the lease dated June 15, 1995 between Southeastern Associates, Inc., as landlord, and Assignor, as tenant, for the premises located at 1321 Huguenot Road, Midlothian, Virginia (as amended and assigned from time to time, the "**Lease**"); and

**WHEREAS**, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Lease and the estate created thereby, and (ii) Assignor is willing to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Lease and the estate created thereby, subject to the terms and conditions of this Sale, Assumption and Assignment Agreement.

**NOW, THEREFORE**, in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.     Effective Date.   The Effective Date of this Agreement shall be June 4, 2009.

2.     Assignment of Lease.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Lease. In consideration thereof, on the Effective Date, Assignee shall pay to Assignor the sum of $175,000.00.

3.     Assumption of Obligations.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Lease and the Order.

4.     Representations and Warranties.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Lease.

5.    <u>Indemnification</u>.    Assignee hereby agrees to indemnify, protect, defend and hold Assignor harmless from and against all claims, damages, losses, costs and expenses (including attorneys' fees) arising in connection with the Lease and relating to the period on or after the Effective Date.

6.    <u>Bid Protection</u>.    Assignor agrees to pay Assignee a break-up fee of $40,000.00 (the "Break-Up Fee") and if, and only if (i) Assignee is not in breach of or default under this Agreement, (ii) the Agreement is not conditioned on conducting any further, or completing, due diligence and (iii) Assignor consummates an assignment or other transfer of the Leases with a higher or otherwise better bidder following an auction. In the event the Assignee is not the highest or otherwise best bidder, but is the next highest or otherwise best bidder, the Assignee agrees to keep this proposal open until the closing of a transaction with the highest or otherwise best bidder and close with the Assignor if the Assignor does not close with such higher or otherwise better bidder.

7.    <u>Notices</u>.    Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
4951 Lake Brook Drive
Glen Allen, VA 23060

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

Creative Realty Management LLC

With a copy to:

[_____]

8.    <u>Entire Agreement</u>.    This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

9.    <u>Parties Bound</u>.    This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

10.    <u>Applicable Law</u>.    This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

747345.02-Chicago Server 2A                                                    MSW - Draft April 14, 2009 - 5:17 PM

11.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

3

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____
Name:
Title:

**CREATIVE REALTY MANAGEMENT LLC**

By: _____
Name: JOHN B MANNIX
Title: MANAGING PARTNER