Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105, AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER SETTING AN EXPEDITED HEARING**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City
*(cont'd)*

1

move the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for June 3, 2009 at 2:00 p.m. on Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 363 And 365 (A) Authorizing Debtors To Enter Into Agreement In Connection With Sale And Assignment Of Unexpired Lease Of Nonresidential Real Property, Subject To Higher Or Otherwise Better Bids, (B) Approving Termination Fee In Connection Therewith, (C) Approving Sale Of Lease Free And Clear Of All Interests, And (D) Granting Related Relief (the "Lease Sale Motion") and Debtors' Motion for Order Shortening Notice and Limiting Notice of the Lease Sale  Motion (collectively, the "Lease Sale

---

*(cont'd from previous page)*
  Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
  International, Inc. (1838), Circuit City Purchasing Company, LLC
  (5170), CC Aviation, LLC (0841), CC Distribution Company of
  Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
  Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
  (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
  Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
  Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
  City Stores PR, LLC (5512).  The address for Circuit City Stores
  West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
  Colorado 80031.  For all other Debtors, the address is 9950
  Mayland Drive, Richmond, Virginia 23233.

2

Motions"). In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

## BACKGROUND

**A.    The Bankruptcy Cases**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded.

**B.   The Lease Procedures Order**

7.      On February 19, 2009, the Court approved procedures for the sale or rejection of the Debtors' real property leases for the Debtors remaining retail stores and certain other locations (D.I. 2242, the "Lease Procedures Order"). The Lease Procedures Order authorized the Debtors to solicit bids and conduct auctions with respect to the Debtors' real property

4

leases. The Lease Procedures Order further provided procedures whereby the Debtors may reject those real property leases for which the Debtors do not receive bids or that the Debtors otherwise wish to reject by providing seven-days written notice to the landlord (the "Rejection Notice"), without further hearing.

8. On March 30, 2009, the Court approved modifications to the Lease Procedures Order (D.I. 2855, the "Modified Lease Procedures Order"), granting the Debtors additional time to market the certain of the Debtors' leases, including the Lease that is the subject of this Motion, beyond the March 31, 2009 automatic rejection date established in the Lease Procedures Order. The Modified Lease Procedures Order also authorizes the Debtors to establish new bid deadlines and auction dates for these same leases.

**C.    The Lease.**

9. Circuit City Stores, Inc. ("Tenant"), is party to a ground lease dated June 15, 1995 with SEA Properties I, LLC ("Landlord") for the premises (the "Premises") located at 1321 Huguenot Road, Midlothian, Virginia (the "Lease").

**RELIEF REQUESTED**

10. On May 28, 2009, the Debtors filed the Lease Sale Motions. By this Motion, the Debtors seek this Court's entry of an order setting an expedited hearing on the Lease Sale Motions for the scheduled hearing on Wednesday, June 3, 2009 at 2:00 p.m. (the "Expedited Hearing").

**BASIS FOR RELIEF**

11. The Debtors two-hundred ten (210) day deadline under section 365(d)(4) to assume or reject the Lease expires on June 8, 2009. As set forth in the Lease Sale Motion, the Debtors are requesting to sell a certain Lease, which will result in additional value to the estate. Accordingly, the Debtors are requesting an expedited hearing be held on June 3, 2009 on the Lease Sale Motion.

12. Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein. Attached hereto as Exhibit B is the certification required under Local Rule 9013-1(N).

13. Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited

hearings. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

### NOTICE

14. Notice of this Motion is being provided in accordance with the Case Management Order entered on November 13, 2008 (Docket No. 130). The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

15. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: May 28, 2009        SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia  FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

<u>/s/ Douglas M. Foley         .</u>
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

8

**EXHIBIT A**

Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Lease Sale Motion; and the Court having reviewed the Motion and the Lease Sale Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.   The Motion is GRANTED.

2.   A hearing will be held on June 3, 2009 at 2:00 p.m., prevailing Eastern Time, to hear and consider the Lease Sale Motion.

3.   Adequate notice of the relief sought in the Motion has been given and no further notice is required.

        4.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia

      _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                           /s/ Douglas M. Foley
                                           Douglas M. Foley

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
             Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.  I am a member of the Bar of this Court, and I have carefully examined these matters and there is a true necessity for an emergency hearing.

    2.  The necessity for this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.

2

3. Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

/s/ Douglas M. Foley  
Douglas M. Foley

\9184448.1