UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.* | ) | Case No.: 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection of SEA Properties I, LLC to Debtors' Motion for Order
Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing
Debtors to Enter into Agreement in Connection with Sale and Assignment of
Unexpired Lease of Nonresidential Real Property, Subject to
Higher or Otherwise Better Bids, (B) Approving Termination Fee in
Connection Therewith, (C) Approving Sale of Lease and Sublease Free and
Clear of all Interests, and (D) Granting Related Relief

COMES NOW SEA Properties I, LLC ("Landlord"), by and through its counsel, Clement & Wheatley, and respectfully states as follows for its Objection to the above-referenced motion (the "Motion").

BACKGROUND

1. On November 10, 2008 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Circuit City Stores, Inc. ("Tenant"), is party to a ground lease dated June 15, 1995 with Landlord for the premises (the "Premises") located at 1321 Huguenot Road, Midlothian, Virginia (the "Lease").

---

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB 13254) | Darren W. Bentley, Esquire (VSB 48092) |
| Michael D. Mueller, Esquire (VSB 38216) | Clement & Wheatley |
| Jennifer M. McLemore, Esquire (VSB 47164) | 549 Main Street |
| Noelle M. James, Esquire (VSB 76001) | Danville, Virginia 24541 |
| CHRISTIAN & BARTON, LLP | Telephone:  (434) 793-8200 |
| 909 East Main Street, Suite 1200 | Telephone:  (434) 231-5800 |
| Richmond, Virginia 23219 | |
| Telephone:  (804) 697-4100 | |
| Local Counsel SEA Properties, I, LLC | Counsel for SEA Properties I, LLC |

4. On March 12, 2009, Landlord filed an objection to the Proposed Cure Amount (D.I. 2541). Landlord's Objection to the Proposed Cure Amount was adjourned at the hearing held on May 28, 2009 to June 23, 2009.

5. On May 28, 2009, the Debtors filed the Motion seeking to establish bidding and auction procedures for the Lease and the potential assumption and assignment of the Lease of the Premises to Creative Realty Management LLC (the "Proposed Assignee").

## OBJECTION

**A. The Debtors Have Not Provided Sufficient Information to Assess Adequate Assurance of Future Performance by the Proposed Assignee.**

6. Bankruptcy Code Section 365(b)(1) provides as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

7. Bankruptcy Code Section 365(f)(2) provides as follows:

> (f)(2) The trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> > (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
> >
> > (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

8. As adequate assurance of future performance by the Proposed Assignee, the Debtors assert that the Proposed Assignee has provided the Debtors with its tax returns for the years 2007 and 2008 federal tax returns, which have been forwarded to Landlord. Motion at ¶ 14. However, neither tax

return was executed or filed by the Proposed Assignee. Furthermore, even if the tax returns were executed, Landlord asserts that these tax returns are insufficient to satisfy the Debtors' burden of adequate assurance of further performance. Debtor has not provided minimum Adequate Assurance Information as contemplated by the Bidding Procedures as purportedly modified by Debtor's Motion dated May 28, 2009 (D.I. 3482). Motion at ¶ 27(c).

9. Debtors must provide Landlord with information sufficient to assess any proposed assignee's operating experience and financial capability going forward under the Lease in order to comply with the requirements of Sections 365(b)(1) and (f)(2). Such information should include, at minimum, audited and unaudited financial statements, information regarding current management, and the proposed assignee's operating history.

10. Landlord also objects to the proposed procedures set forth in the Motion in that they provide Landlord with insufficient time to review the adequate assurance information of any proposed assignee. The Motion states that the Debtors' propose to provide Landlord with adequate assurance information upon receipt of a bid deemed to be a "Qualified Bid" by the Debtors, without providing more specificity. Qualified Bids are due on or before June 2, 2009. Presumably, the Landlord will have to object at or prior to the Sale Hearing on June 3, 2009. Motion at ¶¶ 21-24. These procedures do not provide Landlord with sufficient time to assess the adequate assurance information, nor do the procedures provide Landlord with due process. Landlord should be provided with the necessary Adequate Assurance Information with any notice of potential assignee at least ten (10) days prior to the deadline to object to any proposed assumption and assignment of the Leases. Landlord requires this time to review such information, conduct expedited discovery if appropriate, and object to any proposed assumption and assignment of the Leases.

**B.     The Debtors' Proposed Cure Amount is Insufficient.**

11.     As a condition to any assumption and assignment of the Lease, all defaults under the Lease must be cured at closing. *See* 11 U.S.C. § 365(b)(1)(A). The Debtors' proposed cure amount with respect to the Lease is $48,946.85 (Motion at ¶ 30), which is grossly insufficient. The cure amount due under the Lease according to Landlord's books and records is $110,626.46, comprising of pre-petition rent of $29,518.00, Stub Rent of $21,671.90, post-petition rent of $29,972.53, plus $29,464.03 in attorneys' fees and accrued but unbilled charges, reconciliations and adjustments (the "Cure Amount"). A copy of the Cure Amount schedule is attached hereto as Exhibit A. The Cure Amount is subject to modification for, among other things, any accrued but unbilled charges, including any year-end adjustments and additional attorneys' fees incurred subsequent to the filing of this Objection. The Cure Amount must be paid as a condition of assumption and assignment pursuant to Section 365(b)(1)(A).

12.     In conjunction with the obligation of the Debtors to cure defaults upon assumption of the Lease, the Debtors must compensate Landlord for any actual pecuniary loss, including attorneys' fees, resulting from a lease default. *See* 11 U.S.C. § 365(b)(1)(B). Attorneys' fees under the Lease are compensable. *See, LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *Andrew v. KMR Corp.,* 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 752-754 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Village, Inc.,* 57 B.R. 319, 321 (Bankr. S.D.N.Y. 1986). Accordingly, Landlord is entitled to attorneys' fees in the amount of $29,464.03, together with any additional attorneys' fees it incurs subsequent to the filing of this Objection, in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

C.   *Accrued But Unbilled Charges, Adjustments and Reconciliations*

13.   The Debtors must ensure that all accrued, but unbilled charges, including yearend adjustments and reconciliations, if any, are paid in accordance with the terms of the Lease and that any assignee of the Lease expressly assume all such obligations upon any assignment of the Lease. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See*, 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2).

D.   *The Proposed Termination Fee is Exorbitant*.

14.   The Debtors also seek Court approval of a "Termination Fee" in the amount of $40,000.00, which is approximately twenty-three percent (23%) of the purchase price of $175,000.00. Such an exorbitant Termination Fee results in an artificially inflated Initial Minimum Overbid and could chill bidding.

15.   Well-settled case law establishes that courts should consider three factors in determining whether to approve bid protections, including break-up or termination fees:

  (a)   whether the relationship of the parties is tainted by self-dealing or manipulation;

  (b)   whether the protections hamper, rather than encourage, bidding; and

  (c)   whether the amount of the fee is unreasonable in relation to the proposed transaction price.

*Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.),* 147 B.R. 650, 657 (S.D.N.Y. 1992)

16.   The proposed "Termination Fee" in the amount of $40,000.00 is violative of the second and third factors. The proposed Termination Fee results in an Initial Minimum Overbid of $230,000.00, or thirty-one percent (31%) or $55,000.00 more than the proposed purchase price of $175,000.00, which will hamper, not encourage, bidding. Moreover, the proposed

5

Termination Fee of $40,000.00 is excessive in light of the proposed purchase price of $175,000.00.  *See, e.g., In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527, 536 (3d Cir. 1999) (noting that a combined break-up fee and expense reimbursement totaling approximately 4% to 5% of purchase price was "within the range of fees approved by some courts"); *In re Chesapeake Corp., et al.,* Case No. 08-36642-DOT (Bankr. E.D. Va.Jan. 20, 2009)(Santoro, J.)(approving a 4.6% break-up fee and expense reimbursement); *In re Ameriserve Food Distribution, Inc.*, Case No. 00-00358-PJW (Bankr. D. Del. Jan. 31, 2000) (allowing a 3.6% break-up fee); *In re HHL Financial Servs., Inc.*, Case No. 97-398-SLR (D.Del. March. 31, 1997)(approving break-up fees from 5.5% to 5.9%).

### JOINDER

17.    The Landlord joins in the objections filed by other landlords to entry of an order approving the proposed bidding procedures and rejection procedures to the extent they are not inconsistent with this Objection.

### WAIVER OF MEMORANDUM OF LAW

18.    The legal authority supporting the relief requested by this Objection has been cited herein.  Accordingly, the Landlord respectfully requests that the Court waive the requirement of Local Rule 9013-1(G) that it file a separate memorandum of law for this District.

WHEREFORE, SEA Properties I, LLC respectfully requests that this Court deny the Motion and grant the Landlord any other and further relief this Court may deem proper and just.

Dated: June 2, 2009

SEA PROPERTIES I, LLC

By Counsel

/s/ Michael D. Mueller
Augustus C. Epps, Jr., Esquire (VSB 13254)
Michael D. Mueller, Esquire (VSB 38216)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
Local Counsel for SEA Properties I, LLC

and

Darren W. Bentley, Esquire (VSB 48092)
CLEMENT & WHEATLEY
549 Main Street
Danville, Virginia 24541
Telephone: (434) 793-8200
Facsimile: (434) 793-8436
Counsel for SEA Properties I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Michael D. Mueller
Michael D. Mueller

7