Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

     **ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363, 365 AND
     503 AND BANKRUPTCY RULES 2002, 6004 AND 6006 AUTHORIZING
     AND APPROVING THE SALE BY SELLER OF CERTAIN REAL
     PROPERTY LOCATED IN BALTIMORE, MARYLAND AND THE
     ASSUMPTION, ASSIGNMENT AND SALE BY SELLER OF CERTAIN
     UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY FREE
     AND CLEAR OF LIENS AND INTERESTS**

          Upon the motion (the "Motion")[1] of Circuit City

---

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Motion.

Stores, Inc. (the "Seller," and collectively with the debtors and debtors in possession in the above-captioned jointly administered cases, the "Debtors") for orders pursuant to Bankruptcy Code sections 105, 363, 365 and 503 and Bankruptcy Rules 2002, 6004 and 6004 (A) authorizing the Seller to enter into an agreement with the Purchaser for Sale of the Property, subject to higher or otherwise better proposals, (B) approving the Termination Fee in connection therewith, (C) approving the Sale and of the Property free and clear of all interests; (D) approving Assignment of the Leases associated with the Property free and clear of all Liens and (E) granting related relief; and upon the record of the auction conducted on June 22, 2009 (the "Auction") and the hearing held on June 23, 2009 (the "Sale Hearing"); and after due deliberation thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365 and 503 and Bankruptcy Rules 2002, 6004, 6006 and 9014.

D.    The notice of the Motion, the Auction, and the Sale Hearing given by the Seller constitutes due and sufficient notice thereof.

E.    The Bidding Procedures are reasonable and appropriate and represent the best method for

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

maximizing the realizable value of the Property and the Leases.

F.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including NTW Incorporated and Boat America Corporation as Tenants.

G.    The Seller and its professionals marketed the Property and the Leases and conducted a sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Property and the Leases.

H.    The Seller has demonstrated good, sufficient, and sound business purpose and justification for the Sale and Assignment because, among other things, the Seller and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Property and Leases and determined that (a) the terms and conditions set forth

in the Agreement, (b) the transfer to the Purchaser of
the Property and Leases pursuant thereto and (c) the
purchase price agreed to by the Purchaser, $4.65 million
is fair and reasonable and constitutes the highest or
otherwise best value obtainable for the Property and the
Leases.

I.    The Seller has full power and authority
to execute the agreement submitted by the Purchaser, a
copy of which is annexed hereto as Exhibit A (the
"Agreement") and all other applicable documents
contemplated thereby.  The transfer and conveyance of
the Property by the Seller have been duly and validly
authorized by all necessary action of the Seller.  The
Seller has all of the power and authority necessary to
consummate the transactions contemplated by the
Agreement and has taken all action necessary to
authorize and approve the Agreement and to consummate
the transactions contemplated thereby.  No consents or
approvals, other than those expressly provided for in
the Agreement, are required for the Seller to consummate
such transactions.

J.   The Agreement and the sale of the
Property and assignment of the Leases was negotiated and
has been and is undertaken by the Seller and the
Purchaser at arms' length without collusion or fraud,
and in good faith within the meaning of Sections 363(m)
of the Bankruptcy Code.  As a result of the foregoing,
the Seller and the Purchaser are entitled to the
protections of Section 363(m) of the Bankruptcy Code.

K.   Neither the Seller nor the Purchaser
engaged in any conduct that would cause or permit the
Agreement or the consummation of the Sale or Assignment
to be avoided, or costs or damages to be imposed, under
Section 363(n) of the Bankruptcy Code.

L.   The consideration provided by the
Purchaser for the Property and the Leases is the highest
and best offer received by the Seller, and the
consideration constitutes (a) reasonably equivalent
value under the Bankruptcy Code and Uniform Fraudulent
Transfer Act, (b) fair consideration under the Uniform
Fraudulent Conveyance Act, and (c) reasonably equivalent
value, fair consideration and fair value under any other
applicable laws of the United States, any state,

territory or possession, or the District of Columbia, for the Property and the Leases.

M.    The Sale and Assignment must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.    The transfer of the Property and the Leases to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property and the Leases free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) and any monetary amounts which are secured by any lien (collectively, the "Liens"), except for those items defined in the Agreement(and which are referred to hereinafter) as the "Permitted Encumbrances".

O.    If the Sale of the Property and
Assignment of the Leases by the Seller were not free and
clear of any Liens, except for the Permitted
Encumbrances, as set forth in the Agreement and this
Sale Order, or if the Purchaser would, or in the future
could, be liable for any of the Liens, the Purchaser
would not have entered into the Agreement and would not
consummate the Sale and Assignment contemplated by the
Agreement, thus adversely affecting the Seller, its
estate, and its stakeholders.

P.    The Seller may sell its interest in the
Property and the Leases free and clear of all Liens
(except the Permitted Encumbrances) because, in each
case, one or more of the standards set forth in
Bankruptcy Code sections 363(f)(1)-(5) has been
satisfied.  All holders of Liens who did not object or
withdrew their objections to the Sale and Assignment are
deemed to have consented to the Sale and Assignment
pursuant to 11 U.S.C. § 363(f)(2) and all holders of
Liens are adequately protected by having their Liens, if
any, attach to the cash proceeds of the Sale and
Assignment ultimately attributable to the property

against or in which they claim an interest with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale and Assignment.

Q.   Pursuant to sections 365(b)(1)(C), 365(f)(2)(B) and, if applicable, 365(b)(3), the Seller and the Purchaser have demonstrated adequate assurance of future performance by the Purchaser under the Leases.

R.   There is no cure obligation due and owing on the Leases under section 365 of the Bankruptcy Code.

S.   There are no outstanding defaults of the Debtors and their estates under the Leases.

T.   Upon the assignment to the Purchaser, the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Leases.

U.    Based on the foregoing findings of fact
and conclusions of law,[3]

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    Any and all objections to the Motion not
waived, withdrawn, settled, adjourned or otherwise
resolved herein are hereby overruled on the merits and
denied with prejudice.

**A.    Approval Of The Agreement.**

3.    Pursuant to Bankruptcy Code section
363(b), the Agreement and all of the terms and
conditions thereof are hereby approved.

4.    Pursuant to Bankruptcy Code section
363(b), the Seller is authorized and directed, to
perform its obligations under the Agreement and comply
with the terms thereof and consummate the Sale and
Assignment in accordance with and subject to the terms
and conditions of the Agreement.

---

[3]   Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

5.   The Seller is authorized, but not
directed, to execute and deliver, and empowered to
perform under, consummate, and implement, the Agreement,
together with all additional instruments and documents
as may be reasonably necessary or desirable to implement
the Agreement, and to take all further actions as may be
requested by the Purchaser for the purpose of assigning,
transferring, granting, conveying, and conferring to the
Purchaser or reducing to possession the Property and the
Leases as contemplated by the Agreement.

6.   This Sale Order and the Agreement shall
be binding in all respects upon the Seller, all
stakeholders (whether known or unknown) of the Seller,
all affiliates and subsidiaries of the Seller, and any
subsequent trustees appointed in the Seller's chapter 11
case or upon a conversion to chapter 7 under the
Bankruptcy Code.  To the extent that any provision of
this Sale Order is inconsistent with the terms of the
Agreement, this Sale Order shall govern.

7.   The Agreement and any related agreements,
documents, or other instruments may be modified, amended,
or supplemented by the parties thereto, in a writing

signed by such parties, and in accordance with the terms
thereof, without further order of the Court; _provided_
that any such modification, amendment, or supplement is
disclosed to the Creditors' Committee and does not have
a material adverse effect on the Seller's estate, in the
good faith business judgment of the Seller.

**B.    Sale And Transfer Of The Property.**

8.    Pursuant to Bankruptcy Code sections
363(b) and 363(f), upon the consummation of the
Agreement, the Seller's right, title, and interest in
the Property shall be transferred to the Successful
Bidder free and clear of all Liens except the Permitted
Encumbrances, with all such Liens to attach to the cash
proceeds of the Sale in the order of their priority,
with the same validity, force, and effect which they had
as against the Property immediately before such transfer,
subject to any claims and defenses the Seller may
possess with respect thereto.

9.    If any person or entity which has filed
financing statements, mortgages, mechanic's liens, _lis_
_pendens_, or other documents or agreements evidencing
Liens on or against the Property shall not have

delivered to the Seller prior to the Closing of the Sale,
in proper form for filing and executed by the
appropriate parties, termination statements, instruments
of satisfaction, releases of all Liens that the person
or entity has with respect to the Property, or otherwise,
then (a) the Seller is hereby authorized to execute and
file such statements, instruments, releases, and other
documents on behalf of the person or entity with respect
to the Property and (b) the Purchaser is hereby
authorized to file, register, or otherwise record a
certified copy of this Sale Order, which, once filed,
registered, or otherwise recorded, shall constitute
conclusive evidence of the release of all Liens on or
against the Property of any kind or nature whatsoever
except for the Permitted Encumbrances.

          10.  This Sale Order (a) shall be effective as
a determination that, upon the Closing of the Sale, all
Liens of any kind or nature whatsoever existing as to
the Seller or the Property prior to the Closing of the
Sale, except for the Permitted Encumbrances, have been
unconditionally released, discharged, and terminated
(other than any surviving obligations), and that the

conveyances described herein have been effected and (b)
shall be binding upon and shall govern the acts of all
entities including, without limitation, all filing
agents, filing officers, title agents, title companies,
recorders of mortgages, recorders of deeds, registrars
of deeds, administrative agencies, governmental
departments, secretaries of state, federal, state, and
local officials, and all other persons and entities who
may be required by operation of law, the duties of their
office, or contract, to accept, file, register, or
otherwise record or release any documents or instruments,
or who may be required to report or insure any title or
state of title in or to any of the Property.

11.  All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)

arising under or out of, in connection with, or in any way relating to the Property prior to the Closing of the Sale, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Property, such persons' or entities' Liens.  Nothing in this Sale Order or the Agreement releases or nullifies any liability to a governmental agency under any environmental laws and regulations that any entity would be subject to as owner or operator of any Property after the date of entry of this Sale Order.  Nothing in this Sale Order or the Agreement bars, estops, or enjoins any governmental agency from asserting or enforcing, outside the Court, any liability described in the preceding sentence.  Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Purchaser for days of violation of environmental laws and regulations prior to Closing.

**C.    Assumption, Assignment and Sale of the Leases.**

12.    Under section 365 of the Bankruptcy Code, the Seller is authorized to assume the Leases and to assign the Leases to the Purchaser, which assignment shall take place on Closing.

13.    Under Bankruptcy Code section 363, the Seller is authorized to sell the Leases to the Purchasers.

14.    The Debtors are authorized to execute the assignment agreements, in substantially the form attached as <u>Exhibit B</u> to the Agreement (the "Assignment Agreements").

15.    Upon Closing, subject to the provisions of this Order, the Purchaser shall succeed to the entirety of Sellers' rights and obligations in the Leases due, accruing, arising or attributable to the time period occurring on or after Closing and shall have the rights of the landlord thereunder.

16.    Upon Closing, neither the Purchaser, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Leases for any defaults or monetary obligations thereunder.

17.   Upon the entry of this Sale Order,
(i) all defaults under the Leases through Closing shall
be deemed cured, (ii) no other amounts will be owed by
Debtors or their estates with respect to the Leases,
(iii) no amounts will be owed by the Purchaser with
respect to the Leases for obligations relating or
attributable to the period prior to Closing, (iv) any
and all persons or entities shall be forever barred and
estopped from asserting a claim against the Debtors or
their estates that any additional amounts are due or
defaults exist under the Leases, and (v) any and all
persons or entities shall be forever barred and estopped
from asserting a claim against the Debtors, their
estates, and the Purchaser that any additional amounts
are due or defaults exist under the Leases that arose or
accrued, relate to or are attributable to the period
prior to Closing.

18.   The Purchaser takes the Leases "as is."

19.   Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Leases, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the

assignment of the Leases, the Seller may assign the
Leases to the Purchaser.

20.   Upon Closing, subject to the provisions
of this Sale Order, the Purchaser shall assume all
obligations under the Leases attributable to, or arising
or accruing during, the time period occurring on or
after Closing or related to the period subsequent to
Closing.

21.   Upon the Assignment authorized herein,
and under section 365(k) of the Bankruptcy Code, the
Debtors and their estates shall have no further
liability under the Leases.

22.   Upon the Assignment to the Purchaser, the
Leases shall be deemed valid and binding, in full force
and effect in accordance with their terms, subject to
the provisions of this Sale Order.

23.   To the extent that any of the Debtors
acts as a guarantor of the Leases (a "Debtor-Guarantor"),
the Debtor-Guarantor(s) shall have no obligations with
respect to the Leases after the Closing.

24.   Pursuant to Bankruptcy Code section
363(f), the sale and corresponding assumption and

assignment of the Leases authorized hereunder shall be

free and clear of all Interests, with all such Interests

attaching only to the amount paid under the Agreement

for the Leases and the related premises on which such

Interests had been attached previously, in the same

order and priority, and with the same validity and

enforceability, as same may have had prior to the sale,

assumption and assignment of the Leases, subject to any

and all available defenses.

25.   Any mechanic's lien filed against the

Seller with respect to the premises associated with the

Leases is hereby released, discharged, and terminated,

and the Purchaser is hereby authorized to file, register,

or otherwise record a certified copy of this Sale Order

and each and every federal, state, and local

governmental agency or department is hereby directed to

accept a certified copy of this Sale Order as conclusive

evidence of the release, discharge, and termination of

any mechanic's lien filed against the Seller with

respect to the premises associated with the Leases and

shall remove such mechanic's lien from record.   Any

interest released, discharged and/or terminated under

this paragraph shall attach solely to the amount paid
under the Agreement for the Leases and the related
premises on which such interest had previously attached,
subject to any and all available defenses.

26.   Except for the Seller with respect to
their rights under the Agreement and this Sale Order,
all parties to the Leases, and to any other agreements
relating to the Leases, other than the Agreement, are
forever barred from raising or asserting against the
Purchaser any default or breach under, or any claim or
pecuniary loss arising under or related to the Leases or
such other agreements, arising, accruing or incurred
prior to Closing.

27.   Except for (i) the Seller with respect to
its rights under the Agreement and this Order, all
parties to the Leases, and to any other agreements
relating to the Leases, other than the Agreement, are
forever barred from raising or asserting against the
Debtors or their estates any default or breach under, or
any claim or pecuniary loss, arising under or related to,
the Leases or such other agreements.

28.   Any obligations arising under the Leases
which arise, accrue, are incurred or relate to periods
on or subsequent to Closing, including but not limited
to any tax, utility, common area charges or insurance
payments, shall be the obligation of the Purchaser, and
no party (including the Purchaser) shall have a claim
against the Debtors or their estates for such
obligations.

29.   The Tenants and any governmental agency
shall accept and honor the assignment of the Leases to
the Purchaser in accordance with the Agreement and this
Sale Order.

30.   The Tenants shall cooperate and
expeditiously execute and deliver, upon the reasonable
requests of the Purchaser, and shall not charge the
Purchaser for, any instruments, applications, consents,
or other documents which may be required by any public
or quasi-public authority or other party or entity, for
the purpose of obtaining any permits, approvals or other
necessary documents required for the alteration,
installation of signage, opening and operating of the
premises associated with the Leases.

**D.   Additional Provisions**

31.   The consideration provided by the
Purchaser for the Property and the Leases under the
Agreement is hereby deemed to constitute reasonably
equivalent value and fair consideration under the
Bankruptcy Code, the Uniform Fraudulent Conveyance Act,
the Uniform Fraudulent Transfer Act, and under the laws
of the United States, and any state, territory, or
possession thereof, or the District of Columbia.

32.   The consideration provided by the
Purchaser for the Property and the Leases under the
Agreement is fair and reasonable and the Sale and
Assignment may not be avoided under section 363(n) of
the Bankruptcy Code.

33.   Upon the Closing, this Sale Order shall
be construed as and shall constitute for any and all
purposes a full and complete general assignment,
conveyance, and transfer of all the Property or a bill
of sale transferring good and marketable title in to the
Purchaser pursuant to the terms of the Agreement.

34.   The transactions contemplated by the
Agreement are undertaken by the Seller and the Purchaser

at arm's-length, without collusion and in good faith, as

that term is used in section 363(m) of the Bankruptcy

Code, and accordingly, the reversal or modification on

appeal of the authorization provided herein to

consummate the sale of the Property and assignment of

the Leases shall not affect the validity of the Sale and

Assignment to the Purchaser, unless such authorization

is duly stayed pending such appeal.  The Purchaser is a

purchaser in good faith, within the meaning of section

363(m) of the Bankruptcy Code, of the Property and the

Leases, and is, and shall be, entitled to all of the

protections afforded by such section and in accordance

therewith.

35.  The failure specifically to include or to

reference any particular provision of the Agreement in

this Sale Order shall not diminish or impair the

effectiveness of such provision, it being the intent of

the Court that the Agreement be authorized and approved

in its entirety.

36.  If the Purchaser fails to close on the

purchase of the Property in accordance with the terms of

the Agreement due to no fault of and Seller is not in

default of its obligations under such Agreement, then
Seller's counsel shall file with the Court and serve
upon the Purchaser,  the Alternate Bidder and their
counsel, a notice of such default, which shall include a
copy of the Alternate Bidder's agreement upon which the
Seller will then close, in which case (i) Seller shall
be deemed authorized to close on the sale of the
Property and assignment of the Leases with the Alternate
Bidder on ten (10) days' advance written notice to the
Alternate Bidder, and (ii) the Alternate Bidder shall be
afforded all of the protections originally afforded to
the Purchaser under this Sale Order and the findings
herein as to adequacy and fairness of consideration paid
and good faith shall be deemed to apply to the Alternate
Bidder, its Alternate Bid, and its purchase and sale
agreement with the Seller, without the necessity of
further order of this Court.

        37.  All deposits submitted to the Seller for
the Property and the Leases shall be returned to the
bidder that submitted it no later than (i) two business
days after the closing of the sale with the Purchaser
(or the Alternate Bidder, as the case may be) except in

the case of a bidder who closed on the sale of the

Property or who was required to close in accordance with

the terms of this Sale Order but failed to do so in

breach of its contractual obligations through no fault

of the Seller.

38.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

39.   This Court retains exclusive jurisdiction

to interpret, construe, enforce, and implement the terms

and provisions of this Sale Order, the Agreement, all

amendments thereto, any waivers and consents thereunder,

and of each of the agreements executed in connection

therewith in all respects, including, but not limited to,

retaining jurisdiction to (a) compel delivery of the

Property and the Leases to the Purchaser, (b) compel

delivery of the purchase price or performance of other

obligations owed to the Seller pursuant to the Agreement,

(c) resolve any disputes arising under or related to the

Agreement, the Alternate Bid, and any deposit delivered

to Seller by a bidder for the Property and the Leases,

(d) interpret, implement, and enforce the provisions of

this Sale Order, and (e) protect the Purchaser against

any Lien against the Seller or the Property or the

Leases of any kind or nature whatsoever, except for

Permitted Encumbrances, which Liens, valid and timely

perfected, shall attach to the proceeds of the Sale.

Dated:  Richmond, Virginia
        June __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

**Exhibit A**

**(Agreement)**