## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DIVISION OF VIRGINIA
## RICHMOND DIVISION

-------------------------------------------------------------------

**In Re:**                                                        **Chapter 11**

**CIRCUIT CITY STORES, INC.,** *et al.,*                          **Case No. 08-35653 (KRH)**

                    Debtor.                                       Jointly Administered

-------------------------------------------------------------------

**LIMITED OBJECTION OF SIMON PROPERTY GROUP, INC.  TO DEBTORS'
MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363,
AND 365 (A) AUTHORIZING DEBTORS TO ENTER INTO AGREEMENT IN
CONNECTION WITH SALE AND ASSIGNMENT OF UNEXPIRED LEASE AND
SUBLEASE OF NONRESIDENTIAL REAL PROPERTY, SUBJECT TO HIGHER OR
OTHERWISE BETTER BIDS, (B) APPROVING TERMINATION FEE IN
CONNECTION THEREWITH, (C) APPROVING SALE OF LEASE AND SUBLEASE
FREE AND CLEAR OF ALL INTERESTS, AND (D) GRANTING RELATED RELIEF**

Comes Now Simon Property Group, Inc., and its related entities as Landlord, ("Simon"),
through its undersigned counsel, and hereby files its limited objection to Debtors' Motion For
Order Pursuant To Bankruptcy Code Sections 105, 363, and 365 (A) Authorizing Debtors To
Enter Into Agreement In Connection With Sale and Assignment Of Unexpired Lease and
Sublease Of Nonresidential Real Property, Subject To Higher Or Otherwise Better Bids, (B)
Approving Termination Fee In Connection Therewith, (C) Approving Sale Of Lease and
Sublease Free and Clear Of All Interests, and (D) Granting Related Relief (the "Motion").  In
support of the same, Simon states as follows:

1.  On or about November 10, 2008, (the "Petition Date"), the Debtor filed its
voluntary petition for relief under chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code"). Since the Petition Date the Debtors have remained in possession of their
respective properties and continue to manage their businesses as debtors-in-possession pursuant
to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The Debtor is the ground lessee under a lease with Simon for Bloomingdale Court
in Bloomingdale, Illinois (the "Lease").

3. The Motion seeks an order authorizing the Debtor to enter into an agreement in connection with the sale of the Lease, subject to higher or otherwise better proposals, to Creative Realty Management, LLC (the "Purchaser").

The Debtors proposed cure amount listed in the Motion inaccurately reflects the default amounts due under the Lease. Simon is asserting the amounts required to cure the Lease is $170,047.35. See Exhibit "A", ("Cure Schedule") attached hereto for an accurate detailing of the amount Simon is asserting is currently due and payable under the Lease.

4. Simon also objects in part to the Sale, Assumption, and Assignment Agreement (the "Agreement"); Simon, in particular, specifically objects as to the omission within the Agreement of any language obligating the prevailing bidder to take the Lease subject to charges accrued as of this date, but not yet billed, including, but not limited to, common area maintenance, real estate taxes, overage rent, percent rent, and utilities.

5. Simon does not object to the Lease being assumed and assigned to the Purchaser, except as noted in Paragraph 5 and 6 herein, but rather disagrees with the cure amounts set forth in the Motion.

6. In the 1984 Amendment to the Bankruptcy Code, congress added Section 365(b)(3)(A-D), which specifically defines, adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance as follows:

11 USC § 365 (b)(3)(A-D)

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C)    that assumption or assignment of such lease is subject to all
the provisions thereof, including (but not limited to)
provisions such as a radius, location, use, or exclusivity
provision, and will not breach any such provision contained
in any other lease, financing agreement, or master
agreement relating to such shopping center; and

(D)    that assumption or assignment of such lease will not disrupt
any tenant mix or balance in such shopping center..

7.   Simon specifically objects to any subdivision of the premises or multi-purpose use
of the premises as to do so  would disrupt the tenant mix and balance of the shopping center as
provided in Subsection (D) above, as such, Simon requests that the Purchaser provide
information regarding its intent for the use of the premises.

WHEREFORE, Simon objects to a) the cure amount for the Lease, and requests that the
Court enter an Order approving the cure amounts listed in Exhibit "A" (attached hereto and
incorporated herein by reference), b) the omission of language requiring the Purchaser to pay
accrued charges pursuant to Paragraph 6, and c) requests further adequate assurance related to the
Purchase pursuant to Paragraph 7, and for all further relief that is just and proper.

Dated:   June 2, 2009

   /s/ Mitchell B. Weitzman, Esq.
Mitchell B. Weitzman, VA Bar 28434
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard,  Suite 700
Arlington, Virginia  22201
(703) 525-4000
(703) 525-2207 (Fax)
MWeitzman@beankinney.com

Ronald M. Tucker, Esq., Attorney for
Simon Property Group, L.P. and its related entities
Indiana Bar #11428-49
(317) 263-2346
(317) 263-7901 (FAX)
e-mail address:  rtucker@simon.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 2nd day of June 2009, upon the following parties via regular United State mail, postage prepaid, facsimile, e-mail, and/or ECF Noticing to the following parties:

Robert B. Van Arsdale
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Daniel F. Blanks
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Dion W. Hayes
McGuireWoods LLP
One James Center, 901 E. Cary St.
Richmond, VA 23219

Douglas M. Foley
McGuireWoods LLP
9000 World Trade Center, 101 W. Main St.
Norfolk, VA 23510

Gregg M. Galardi
Skadden Arps Slate Meagher
& Flom LLP, One Rodney Sq.
PO Box 636
Wilmington, DE 19899

Ian S. Fredericks
Skadden Arps Slate Meagher
& Flom LLP, One Rodney Sq.
PO Box 636
Wilmington, DE 19899

Joseph S. Sheerin
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Sarah Beckett Boehm
McGuireWoods LLP
One James Center
901 East Cary St.
Richmond, VA 23219

Alan J. Kornfeld
Brad R. Godshall
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica blvd, 11th Floor
Los Angeles, CA 90067-4100

Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

John D. Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 9411-4500

Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave. 36th Floor
New York, NY 10017

/s/ Mitchell B. Weitzman
Mitchell B. Weitzman, VA Bar 28434
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard,  Suite 700
Arlington, Virginia  22201
(703) 525-4000
(703) 525-2207 (Fax)
MWeitzman@beankinney.com

Tenant      CIRCI/   Circuit City Stores, Inc.
Project     0313     Bloomingdale Court
Lease       CIRCI/   Circuit City

*** ALL Charges ***

From 1/01/87        To 6/02/09

| Date | Document | Description | Amount | Outstanding |
|---|---|---|---|---|
| 10/16/2008 | R 4495611 002 | 2008 Y/E Tax Adjustment | $ 51,804.13 | $ 27,535.02 |
| 11/1/2008 | R 4497455 001 | Ground Rent | $ 10,833.33 | $ 7,583.33 |
| 11/11/2008 | G 1296914 001 | PRE PETITION DOF 11/10/08 | $ 18,791.24 | $ 18,791.24 |
| 4/23/2009 | R 4735987 002 | Year End CAM Adjustment | $ 85,393.05 | $ 85,393.05 |
| 4/23/2009 | R 4735987 004 | Year End CAM Adjustment | $ 12,994.72 | $ 12,994.72 |
| 5/1/2009 | R 4707306 001 | Ground Rent | $ 10,833.33 | $ 5,416.66 |
| 6/1/2009 | R 4741231 001 | Ground Rent | $ 10,833.33 | $ 10,833.33 |
| | | Legal fees | $ 1,500.00 | $ 1,500.00 |
| | | | $ 202,983.13 | $ 170,047.35 |

EXHIBIT "A"