Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND
BANKRUPTCY RULE 9019 APPROVING STIPULATION BY AND AMONG
THE DEBTORS AND TOMTOM, INC.**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019 approving the

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

proposed Stipulation and Agreement (the "Stipulation") between the Debtors and TomTom, Inc. ("TomTom"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105, the Debtors' decision to enter into the Stipulation is reasonable and appropriate under the circumstances, satisfies the applicable standards, and is approved in all respects.

3. Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105, the Stipulation attached hereto as <u>Exhibit A</u> is approved in all respects.

       4.    The Debtors are hereby authorized to enter into the Stipulation and to take all actions reasonably appropriate or necessary to implement its terms without further Court order, including (without limitation) execution of all documentation necessary or appropriate to implement the Stipulation.

       5.    The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

       6.    This Court retains jurisdiction to hear and determine all matters arising from or related to the Stipulation and this Order.

Dated:  Richmond, Virginia
       June ___, 2009

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

   - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

   - and -

/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                          /s/ Douglas M. Foley___
                                          Douglas M. Foley

**EXHIBIT A**

**(Stipulation)**

```
            UNITED STATES BANKRUPTCY COURT
             EASTERN DISTRICT OF VIRGINIA
                  RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**STIPULATION BY AND AMONG THE DEBTORS AND TOMTOM, INC. RESOLVING MOTION OF TOMTOM, INC., FOR AN ORDER UNDER SECTIONS 105, 362, AND 363 MODIFYING THE AUTOMATIC STAY TO PERMIT THE EXERCISE OF SETOFF AND/OR <u>RECOUPMENT RIGHTS AGAINST THE DEBTORS</u>**

This stipulation and agreement (the "Stipulation") is made this 28th day of April, 2009 by and between the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] and TomTom, Inc.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

("TomTom").  The Debtors and TomTom are collectively referred to herein as the "Parties".

WHEREAS, the Debtors filed voluntary petitions (the "Petitions") on  November 10, 2008 (the "Petition Date"), seeking relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code");

WHEREAS, on November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee");

WHEREAS, to date, no trustee or examiner has been appointed in these chapter 11 cases;

WHEREAS, TomTom and Circuit City Stores, Inc., one of the above-captioned Debtors ("Circuit City"), were parties to that certain letter agreement dated October 17, 2008 (the "Letter Agreement").  Pursuant to the Letter Agreement, purchased certain TomTom Model 125 GPS units (the "Model 125s");

WHEREAS, Circuit City was a participant in the TomTom Model 125 sell-though credit program (the "Give

2

Give Promotion"). Pursuant to the Give Give Promotion, Circuit City earned certain post-petition credits;

WHEREAS, TomTom and Circuit City were also parties to other agreements, not relating to the Model 125s, pursuant to which Circuit City earned certain credits;

WHEREAS, prior to the Petition Date, TomTom was the recipient of certain transfers from the Debtors totaling not less than $144,476, which the Debtors allege may be avoidable under chapter 5 of the Bankruptcy Code (the "Alleged Preferential Transfers");

WHEREAS, on or about December 17, 2008, TomTom filed its Motion for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise of Setoff and/or Recoupment Rights against the Debtors (the "Motion");

WHEREAS, on or about January 12, 2009, the Debtors filed their objection (the "Objection") to TomTom's Motion;

WHEREAS, on April 14, 2009, the Parties entered into the Stipulation Partially Resolving Motion of TomTom, Inc. for an Order Under Sections 105, 362, and 363 Modifying the Automatic Stay to Permit the Exercise

3

of Setoff and/or Recoupment Rights against the Debtors (the "Initial Stipulation"), which was approved by the Court on April 17, 2009;

WHEREAS, pursuant to the Initial Stipulation, the Parties agreed that TomTom is entitled to (i) an administrative expense claim pursuant to Bankruptcy Code section 503(b)((9) against Circuit City's estate in the amount of $7,339,636.44 (the "TomTom 503(b)(9) Claim") for the delivery of Model 125s to Circuit City within 20 days prior to the Petition Date, and (ii) an administrative expense claim pursuant to Bankruptcy Code section 503(b)(1) against Circuit City's estate in the amount of $1,072,893.12 (the "TomTom 503(b)(1)(A) Claim" and together with the TomTom 503(b)(9) Claim, the "TomTom Administrative Expense Claims") for the delivery of Model 125s to Circuit City on the Petition Date;

WHEREAS, pursuant to the Initial Stipulation, the Parties further agreed that Circuit City has earned post-petition credits in its favor in the amount of $3,350,000.00 (the "Credits");

WHEREAS, pursuant to the Initial Stipulation, the TomTom reserved its right to assert that any or all of

4

its claims are subject to recoupment and the Debtors reserved their rights with respect thereto; provided, however, that TomTom agreed to not unilaterally exercise its recoupment rights, if any, absent further order of the Court or by agreement of the Parties; and

WHEREAS, the Parties hereto have settled their differences and, intending to be legally bound, hereby enter into this Stipulation resolving the Motion and related issues.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE PARTIES HERETO, BY THEIR RESPECTIVE COUNSEL, AS FOLLOWS:

1. The TomTom 503(b)(1)(A) Claim is hereby allowed.

2. The TomTom 503(b)(9) Claim is hereby allowed.

3. The automatic stay provisions of Bankruptcy Code section 362 are modified as follows: TomTom shall offset/setoff the Credits against the full amount of the TomTom 503(b)(1)(A) Claim, which will result in remaining amounts of (i) the TomTom 503(b)(1)(A) Claim equal to $0.00 and (ii) the Credits equal to $2,277,106.88 (the "Remaining Credits").

4. The automatic stay provisions of Bankruptcy Code section 362 are further modified as follows: TomTom shall offset/setoff the Remaining Credits against the TomTom 503(b)(9) Claim, which will result in remaining amounts of (i) the TomTom 503(b)(9) Claim equal to $5,062,529.56 (the "Remaining TomTom 503(b)(9) Claim") and (ii) the Credits equal to $0.00.

5. On account of the Alleged Preferential Transfers, TomTom shall further offset/setoff $50,000 against the Remaining TomTom 503(b)(9) Claim, which will result in a remaining amount of the Remaining TomTom 503(b)(9) Claim equal to $5,012,529.56 (the "Allowed TomTom 503(b)(9) Claim").

6. The Allowed TomTom 503(b)(9) Claim shall be paid in accordance with a confirmed plan of liquidation in the Debtors' cases or such earlier or later time as the Court may fix.

7. The Debtors and their estates hereby waive and release any and all causes of action they may have against TomTom arising under Bankruptcy Code sections 502(d), 544, 545, 547, 548, 549 and 550 (the "Avoidance Actions").

8. Except for the Avoidance Actions, the Debtors reserve any and all legal and equitable rights, remedies, defenses, actions and arguments with respect to any claims asserted by TomTom (other than the TomTom Administrative Expense Claims). For the avoidance of doubt, nothing herein shall be deemed to effect or resolve any issues relating to TomTom's alleged pre-petition general unsecured claims, or to effect, impair, waive, or relinquish the Debtors' rights (other than the Debtors' rights pertaining to Avoidance Actions) with respect thereto or any alleged pre-petition credits.

9. Except to the extent expressly set forth herein, the automatic stay provisions of Bankruptcy Code section 362 shall remain in full force and effect.

10. In the event there is a conflict between the terms of any order approving this Stipulation and the any order approving this Stipulation, this Stipulation shall control.

11. This Stipulation is the entire agreement between the Parties in respect of the subject matter hereof and shall not be modified, altered, amended, or

vacated without the prior written consent of the Parties hereto.

12. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

13. This Stipulation may be executed in counterparts, each of which when so executed and delivered shall be an original, but all of which together shall constitute one and the same document.

14. The Court shall retain jurisdiction over all matters or disputes arising from or related to this Stipulation.

Dated: April 28, 2009
       Richmond, Virginia

    MCGUIREWOODS LLP

    /s/ Douglas M. Foley\_\_\_
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    and

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

    and

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Chris L. Dickerson, Esq.
    333 West Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

    *Counsel for Debtors and Debtors in Possession*

Dated: New York, New York
April 28, 2009

    NIXON PEABODY LLP

    /s/ Louis E. Dolan, Jr.
    Louis E. Dolan, Jr. (Bar # 34437)
    401 9th Street NW, Suite 900
    Washington, DC 20004-2128
    Tel.: (202) 585-8818
    Email: ldolan@nixonpeabody.com

    and

    Dennis J. Drebsky
    Christopher M. Desiderio
    (admitted *pro hac vice*)
    437 Madison Avenue
    New York, New York  10022
    Tel.:  (212) 940-3000
    Email: cdesiderio@nixonpeabody.com

    *Counsel for TomTom, Inc.*