Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653-KRH
et al.,                       :
                              :
              Debtors.        :    Jointly Administered
- - - - - - - - - - - - - - - x

       ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
        UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

        Upon consideration of the motion (the

"Motion")[1] of the Debtors for an order pursuant to

sections 105, 363 and 365 of title 11 of the United

States Code (the "Bankruptcy Code") and Rules 2002, 6004

---

[1]    Capitalized terms not otherwise defined herein shall have the
       meanings ascribed to them in the Motion.

and 6006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for entry of an order

(A) authorizing the Debtors to enter into an agreement

with the Purchaser for Sale of the Debtors' Lease,

subject to higher or otherwise better proposals,

(B) approving the Termination Fee in connection

therewith, (C) approving the Sale and Assignment of the

Lease free and clear of all interests and (D) granting

related relief; and the Court having entered the Order

under Bankruptcy Code Sections 105, 363, and 365

Approving Amended Bid Deadline In Connection With

Bidding And Auction Procedures For Sale Of Unexpired

Nonresidential Real Property Lease (the "Modified Lease

Procedures Order"), which granted the Debtors additional

time to market the Lease (as defined herein) beyond the

March 31, 2009 automatic rejection date established in

the Lease Procedures Order and authorized the Debtors to

establish new bid deadlines and auction dates for the

Lease; and upon the record of the auction conducted on

June 3, 2009 (the "Auction") and the hearing held on

June 3, 2009 (the "Sale Hearing"); and after due

deliberation thereon, and sufficient cause appearing

2

therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.    The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Lease.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

F.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including SEA Properties I, LLC as landlord (the "Landlord") for the ground lease dated June 15, 1995 located at 1321 Huguenot Road, Midlothian, Virginia (the "Premises") (together with any and all related lease documents associated therewith, the "Lease").

G.   The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

H.   After an Auction held on June 3, 2009, the Debtors determined in their business judgment, that the highest and best Qualified Bid was that of the Landlord.

I.   The Assignment Agreement (as defined herein) and the sale of the Lease was negotiated and has been and is undertaken by the Debtors and the Landlord

4

at arms' length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtors and the Landlord are entitled to the protections of Section 363(m) of the Bankruptcy Code.

J.   Neither the Debtors nor the Landlord engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

K.   The Total Consideration (as defined herein) provided by the Landlord for the Lease is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

L.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Lease.

M.    The assumption, assignment, and sale of the Lease to Landlord under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

N.    The Cure Amount (as defined herein) is deemed the entire cure obligation due and owing on the Lease under section 365 of the Bankruptcy Code.

O.    Upon application of the Cure Amount to the Total Consideration, there are no outstanding defaults of the Debtors and their estates under the Lease.

P.    Upon the assignment of the Lease and payment of the Total Consideration to the Landlord, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease.

6

Q.    Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

2.    The objection of the Landlord has, at the request of the Debtors and the Landlord, been withdrawn.

3.    All objections with regard to the relief sought in the Motion as it pertains to the Lease, that have not been withdrawn, waived, or settled, are overruled on the merits.

4.    Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Lease and to assign the Lease to the Landlord, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

5.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Lease to the Landlord.

---

[3]    Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

6.    The Debtors are authorized to execute the
Sale, Assumption and Assignment Agreement, in
substantially the form attached hereto as <u>Exhibit A</u> (the
"Assignment Agreement").

7.    The consummation of the transactions with
respect to the Lease contemplated hereunder shall take
place on June 4, 2009, the Effective Date.

8.    Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Landlord shall succeed to the entirety of Debtors'
rights and obligations in the Lease due, accruing,
arising or attributable to the time period occurring on
or after the Effective Date and shall have the rights of
the tenant thereunder.

9.    Upon the Effective Date, subject to the
satisfaction of the obligations in paragraph 10 below,
neither the Landlord, the Debtors, nor the Debtors'
estates shall have liability for cure claims of, from,
or related to the Lease for any defaults or monetary
obligations.  As of the Effective Date, the Landlord
shall be deemed to have waived, released and forever
discharged any and all claims it may have against the

8

Debtors, including claims under Bankruptcy Code sections
365, 502 and 503, and including all year end adjustments
for 2009 and all prior years and any obligations or
liabilities that would otherwise survive assignment of
the Lease.

10.   The Landlord shall be deemed to "credit
bid" the Cure Amount, which amount totals $90,000.  In
addition, the Landlord shall pay to the Debtors $140,000
in cash or otherwise immediately available funds within
five (5) business days after the Effective Date
(together, with the Cure Amount, the "Total
Consideration").

11.   Upon the entry of this Order, (i) all
defaults under the Lease through the Effective Date
shall be deemed cured, (ii) no other amounts will be
owed by Debtors or their estates with respect to the
Lease, (iii) no amounts will be owed by the Landlord
with respect to the Lease for obligations relating or
attributable to the period prior to the Effective Date,
(iv) any and all persons or entities shall be forever
barred and estopped from asserting a claim against the
Debtors or their estates that any additional amounts are

due or defaults exist under the Lease, and (v) any and
all persons or entities shall be forever barred and
estopped from asserting a claim against the Debtors,
their estates, and the Landlord that any additional
amounts are due or defaults exist under the Lease that
arose or accrued, relate to or are attributable to the
period prior to the Effective Date.

12.   The Landlord takes the Lease "as is,"
except the Lease shall be free and clear of any
interests as provided in sections 19 and 20 below.

13.   Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Lease, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the
assignment of the Lease, the Debtors may assign the
Lease to the Landlord.

14.   Upon the occurrence of the Effective
Date, subject to the provisions of this Order, the
Landlord shall assume all obligations under the Lease
attributable to, or arising or accruing during, the time
period occurring on or after the Effective Date or
related to the period subsequent to the Effective Date.

10

15.    Upon the occurrence of the Effective
Date, the Landlord shall be entitled to the protections
of section 363(m) of the Bankruptcy Code.

16.    Upon the assignment authorized herein,
and under section 365(k) of the Bankruptcy Code, the
Debtors and their estates shall have no further
liability under the Lease.

17.    Upon the assignment to the Landlord, the
Lease shall be deemed valid and binding, in full force
and effect in accordance with its terms, subject to the
provisions of this Order.

18.    To the extent that any of the Debtors
acts as a guarantor of the Lease (a "Debtor-Guarantor"),
the Debtor-Guarantor(s) shall have no obligations with
respect to the Lease after the Effective Date.

19.    Pursuant to Bankruptcy Code section
363(f), the sale and corresponding assumption and
assignment of the Lease authorized hereunder shall be
free and clear of all Interests, with all such Interests
attaching only to the amount paid under the Assignment
Agreement for the Lease and the related premises on
which such Interests had been attached previously, in

11

the same order and priority, and with the same validity

and enforceability, as same may have had prior to the

sale, assumption and assignment of the Lease, subject to

any and all available defenses.

20. Any mechanic's lien filed against the

Debtors with respect to the premises associated with the

Lease is hereby released, discharged, and terminated,

and the Landlord and/or the Landlord are hereby

authorized to file, register, or otherwise record a

certified copy of this Order and each and every federal,

state, and local governmental agency or department is

hereby directed to accept a certified copy of this Order

as conclusive evidence of the release, discharge, and

termination of any mechanic's lien filed against the

Debtors with respect to the premises associated with the

Lease and shall remove such mechanic's lien from record.

Any interest released, discharged and/or terminated

under this paragraph shall attach solely to the amount

paid under the Assignment Agreement for the Lease,

subject to any and all available defenses.

21. Except for the Debtors with respect to

their rights under the Assignment Agreement and this

Order all parties to the Lease, and to any other
agreements relating to the Lease, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Landlord any default or breach
under, or any claim or pecuniary loss arising under or
related to the Lease or such other agreements, arising,
accruing or incurred prior to the Effective Date.

22.  Any obligations arising under the Lease
which arise, accrue, are incurred or relate to periods
on or subsequent to the Effective Date, including but
not limited to any tax, utility, common area charges or
insurance payments, shall be the obligation of the
Landlord, and no party (including the Landlord) shall
have a claim against the Debtors or their estates for
such obligations.

23.  The Landlord and any governmental agency
shall accept and honor the assignment of the Lease to
the Landlord in accordance with the Assignment Agreement
and this Order.

24.  Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
improvements, furniture, fixtures, equipment, inventory

13

and/or any other personal property ("Abandoned
Property") located on the Premises, and such Abandoned
Property is deemed abandoned on the Effective Date to
the Landlord free and clear or all liens, claims and
other interests.  The Landlord may, in its sole
discretion and without further notice, use, transfer or
dispose of such Abandoned Property without liability to
the Debtors or any third parties claiming an interest in
such Abandoned Property.

25.  This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rules 6004(h) or 6006(d).

26.  The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

27.  To the extent that any provisions in the
Assignment Agreement conflict with this Order, the Order
shall govern.

28.  The Debtors and their estates are
authorized to take all actions and execute all documents
necessary or appropriate to effectuate the assumption
and assignment of the Lease consistent with this Order.

14

29.   This Court shall retain jurisdiction to
hear and determine all matters arising from or related
to this Order or the assumption and assignment of the
Lease.

Dated:   Richmond, Virginia
         June 3, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket
6/3/09

16

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                /s/ Douglas M. Foley
                Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT (this "Agreement") is made as of June 3, 2009, by and among SEA PROPERTIES I, LLC ("Assignee"), on the one hand, and CIRCUIT CITY STORES, INC., a Virginia corporation ("Assignor"), on the other hand.

### RECITALS:

WHEREAS, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on June 3, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Order") approving, effective June 4, 2009, the sale, assumption, and assignment of (i) that certain Ground Lease dated June 15, 1995 between Assignee, as landlord, and Assignor, as tenant (the "Ground Lease"), for the premises located at 1321 Huguenot Road, Midlothian, Virginia (as the same may have been amended, assigned, supplemented or extended from time to time collectively, the "Lease");

WHEREAS, Assignee was the highest or otherwise best bidder at an auction for Assignor's interests in the Lease and has requested that Assignor assign and sell the Lease to the Assignee; and

WHEREAS, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Lease and the estate created thereby, and (ii) Assignor desires to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Lease and the estate created thereby, subject to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, Assignor and Assignee hereby agree as follows:

1.    Effective Date. The Effective Date of this Agreement shall be June 4, 2009.

2.    Assignment of Lease. As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Lease and the estate created thereby, free and clear of any encumbrances, leases, possessory interests or other matters arising by or through Assignor, excepting only those matters of record and affecting the fee interests in the premises leased under the Ground Lease.

3.    Purchase Price. In consideration thereof, within five (5) business days hereof, Assignee shall pay to Assignor the sum of $230,000.00, less the agreed cure in the amount of $90,000.00 for a purchase price in the amount of $140,000.00 (the "Purchase Price").

4.    Release of Claims. Except for Assignor's obligations under this Agreement, Assignee does hereby waive and release any and all claims it may have as Landlord against Assignor, including claims under Bankruptcy Code sections 365, 502 and 503, and including all year end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive assignment of the Lease.

1

5.      Representations and Warranties.   Assignee hereby acknowledges and agrees that except as set forth in this Agreement, the Lease transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Lease.

6.      Notices.   Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
PO Box 5695
Glen Allen, VA  23058

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

SEA Properties I, LLC
Attn: Darren W. Bentley, Esquire
Clement & Wheatley
P.O. Box 8200
Danville, VA 24543

7.      Entire Agreement.   This Agreement and the Order sets forth the entire agreement and understanding of Assignor and Assignee with respect to the matters contemplated by the Order and this Agreement.

8.      Parties Bound.   This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

9.      Applicable Law.   This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent therewith, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

10.     Counterparts.   This Agreement may be executed in one or more counterparts for the convenience of the parties hereto, all of which together shall constitute one and the same instrument.

11.     Memorandum of Assignment.   At Assignee's request and expense, Assignor shall execute a memorandum of this assignment in form to be recorded in the Official Records of Chesterfield

2

County, which memorandum shall be for notice purposes only, and shall not affect the terms of this Agreement or the Order.

*[SIGNATURE PAGE FOLLOWS]*

3

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession

By: _____
Name:
Title:


SEA PROPERTIES I, LLC

By: _____
Name: Howard J. Burnette
Title: Pres.

4

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1          Date Rcvd: Jun 03, 2009
Case: 08-35653               Form ID: pdforder        Total Served: 1

The following entities were served by first class mail on Jun 05, 2009.
aty         +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
             Wilmington, DE 19899-0636

The following entities were served by electronic transmission.
NONE.                                                                       TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 05, 2009**                    **Signature:**    _Joseph Speetjens_