RICHMOND DIVISION

JUN 1 0 2009

CLERK
U.S. BANKRUPTCY COURT

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

CIRCUIT CITY STORES, INC.,

Et al.,

Debtors.

Chapter 11

Case No. 08-35653 (KRH)

Jointly Administered

RESPONSE TO DEBTORS' FIFTH OMNIBUS OBJECTION TO
CERTAIN MISCLASSIFIED NON-GOOD 503(B) (9) CLAIMS

My name is Joseph Nolty. I have personal knowledge of the claim
filed by Magnus Magnusson pursuant to Section 503(b) (9) in
December 2008.

1.    Magnus Magnusson provided goods to Circuit City in 2008 and
properly and timely filed a Section 503(b) (9) claim in
December of 2008 for the amount of $86,268.33.

2.    A copy of invoices and documentation to justify his claim was
included and forwarded with the proof of claim form.

3.    His claim has been assigned claim number 760.

4.    I have personal knowledge of Mr. Magnusson's claim, and all
its documentation and the filing of proof of claim. I have
reviewed the Omnibus Objection on behalf of Mr. Magnusson
and have his authority to respond.

5.    The Omnibus Objection sets forth conclusory statements non-
specific to Mr. Magnusson's claims. I have been informed that
the law states that the burden is on the objecting party to
provide sufficient admissible evidence to rebut the validity of a
properly filed claim. (See the case of Carey v Ernst, 333 BR
666, 672 (S.D.N.Y 2005))

6.   I have also been informed that the law also says that merely objecting to a properly filed claim, without more, is insufficient to negate the validity of the claims. (See the case of In re King, 305 BR 152, 164 (Bankr. D.N.Y. 2004)

7.   The Objection does not set forth any evidence to rebut Mr. Magnusson's claim. In fact, in paragraph 31, it states that "Courts have concluded that the following categories of the Non-Goods Claims constitute something other than 'goods". It then lists utility services, advertising services, professional, consulting, and legal services, freight charges and litigation claims.

8.   It continues in paragraph 32 with another "laundry list" including employee claims for wages and benefits, taxes, customer claims and rental obligations.

9.   There is nothing in the Omnibus Objection that relates to the goods Mr. Magnusson provided to Circuit City, as evidenced by the documentation previously submitted.

10.  I respectfully request that this Honorable Court deny the Omnibus Objection as to Mr. Magnusson's claim. In the alternative, I request that the Court schedule a hearing at which time I or Mr. Magnusson personally may fully respond to this objection and prove the validity of his claim.

11.  I am Mr. Magnusson's designated representative to whom the attorneys for the debtors should serve a reply to this response, if any. I am also the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on Mr. Magnusson's my behalf. My address is 45-53 Auburndale Lane, Flushing, NY 11358. My phone number is 718-321-9773.

Respectfully Submitted,

Joseph Nolty