Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

                  - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    1Case No. 08-35653-KRH
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

        **ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL**
        **UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL**
                            **PROPERTY**

        Upon consideration of the motion (the

"Motion")[1] of the Debtors for an order pursuant to

sections 105, 363 and 365 of title 11 of the United

---

[1]    Capitalized terms not otherwise defined herein shall have the
       meanings ascribed to them in the Motion.

States Code (the "Bankruptcy Code") and Rules 2002, 6004

and 6006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for entry of an order

(A) authorizing the Debtors to enter into an agreement

with the Purchaser for Sale of the Debtors' Leases,

subject to higher or otherwise better proposals,

(B) approving the Termination Fee in connection

therewith, (C) approving the Sale and Assignment of the

Leases free and clear of all interests and (D) granting

related relief; and the Court having entered the Order

under Bankruptcy Code Sections 105, 363, and 365

Approving Amended Bid Deadline In Connection With

Bidding And Auction Procedures For Sale Of Unexpired

Nonresidential Real Property Leases (the "Modified Lease

Procedures Order"), which granted the Debtors additional

time to market the Leases (as defined herein) beyond the

March 31, 2009 automatic rejection date established in

the Lease Procedures Order and authorized the Debtors to

establish new bid deadlines and auction dates for the

Lease; and upon the record of the hearing held on June

9, 2009 (the "Sale Hearing"); and after due deliberation

thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.    Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.    The notice of the Motion and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.    The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Lease.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

F.   A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Simon Property Group (Illinois) LP as landlord (the "Landlord") for the ground lease related to store number 3125 located at 340 West Army Trail Road in Bloomingdale, Illinois (together with any and all related lease documents and subleases associated therewith, the "Lease") and Dollar Tree Stores, Inc. (the "Sublessee"), under the sublease (together with any and all related sublease documents and sub-subleases associated therewith, if any, the "Sublease" and together with the Lease, the "Leases").

G.   The Debtors and their professionals marketed the Leases and conducted a sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Leases.

H.   After reviewing the proposal of the Assignee (as defined herein), the Debtors determined in

their business judgment, that the highest and best offer was that of the Assignee.

I.    The Assignment Agreement (as defined herein) and the sale of the Leases was negotiated and has been and is undertaken by the Debtors and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

J.    Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

K.    The Total Consideration (as defined herein) provided by the Assignee for the Leases is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent

value, fair consideration and fair value under any other
applicable laws of the United States, any state,
territory or possession, or the District of Columbia,
for the Leases.

L.   The Debtors have demonstrated good,
sufficient, and sound business purpose and justification
for the assumption, assignment, and sale of the Leases.

M.   The assumption, assignment, and sale of
the Leases to Creative Realty Management LLC. (the
"Assignee") under sections 105, 363, and 365 of the
Bankruptcy Code is in the best interests of the Debtors,
their estates, and their creditors.

N.   Pursuant to sections 365(b)(1)(C), 365(f)
(2)(B) and, if applicable, 365(b)(3), the Debtors and
the Assignee have demonstrated adequate assurance of
future performance by the Assignee under the Leases.

O.   The Cure Amount is deemed the entire cure
obligation due and owing as of the date of the hearing,
on the Lease under section 365 of the Bankruptcy Code
and there is no cure obligation with respect to the
Sublease.

P.    Upon the payment of the Cure Amount, there are no outstanding defaults of the Debtors and their estates under the Leases.

Q.    Upon the assignment to the Assignee, the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Leases. Notwithstanding the foregoing, (1) the Subtenant shall not be deemed to have waived and shall be permitted to enforce its right subject to obtaining relief from the automatic stay or other injunction, to indemnification as to third party claims, whenever asserted, but only to the extent that such third party claims are covered by insurance policies maintained by the Debtors and will not subject the Debtors to any liability or defense costs or expenses, including, without limitation, attorneys' fees and expenses, and (2) any party shall not be deemed to have waived any rights it may have against Landlord or its insurance carrier by reason of

any third party tort claim (collectively, the "Reserved Claims").

R.    Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

2.    All objections with regard to the relief sought in the Motion as it pertains to the Leases, that have not been withdrawn, waived, or settled, are overruled on the merits.

3.    Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Leases and to assign the Leases to the Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

4.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Leases to the Assignee.

5.    The Debtors are authorized to execute the Sale, Assumption and Assignment Agreement, in

---

[3]    Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

substantially the form attached hereto as <u>Exhibit A</u> (the "Assignment Agreement").

6.    The consummation of the transactions with respect to the Leases and the Assignment Agreement shall be effective as of June 9, 2009 (the "Effective Date").

7.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Leases due, accruing, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant (and sublandlord) thereunder.

8.    On the Effective Date, the Assignee shall pay to the Debtors, in cash or otherwise immediately available funds, $175,000.00 (the "Total Consideration").

9.    Upon the Effective Date, and subject to the provisions of Paragraph 10 below, neither the Assignee, the Debtors, nor the Debtors' estates shall have liability for cure claims of, from, or related to the Lease for any defaults or monetary obligations thereunder, except that Debtors shall be liable for the following: (a) within five (5) business days after the

9

Effective Date Debtors shall pay to the Landlord the

"Undisputed Cure Amount" for the Lease, which amount

totals $147,969.30; and (b) within five (5) business

days after the Effective Date, Debtors shall deposit

into an escrow account with a third party agent a

"Disputed Cure Amount" of [      ], which Disputed Cure

Amount shall be held in escrow until the earlier of (i)

the date the Debtors and the Landlord agree in writing

or (ii) a final nonappealable order is entered by the

Court (together, the Undisputed Cure Amount and Disputed

Cure Amount shall mean and be referred to as the "Cure

Amount").  For the avoidance of doubt, if the Disputed

Cure Amount is $0.00, the Debtors shall have no

obligation to establish an escrow.  The Debtors and the

Landlord shall undertake good faith negotiations to

resolve disagreements regarding the Disputed Cure

Amount.  Should the Debtors and the Landlord fail to

reach agreement, the Court will hold an evidentiary

hearing on June 23, 2009 or such earlier date as the

parties may agree, subject to the Court's availability.

   10. Upon the entry of this Order, (i) all

defaults under the Leases through the Effective Date

shall be deemed cured, (ii) no other amounts will be owed by Debtors or their estates with respect to the Leases; provided, however, that the foregoing is without prejudice to the Landlord filing a timely administrative expense request for accrued but unbilled 2009 real property taxes or common area maintenance charges that may be due under the Lease, prorated through the period prior to the Effective Date; (iii) no amounts will be owed by the Assignee with respect to the Leases for obligations relating or attributable to the period prior to the Effective Date, (iv) except as herein specifically noted, any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors or their estates that any additional amounts are due or defaults exist under the Leases.  Notwithstanding the foregoing, nothing herein shall be deemed to waive the requirement of Assignee to reimburse Landlord, pursuant to the terms of the Lease, for its portion of real estate taxes and/or common area costs which accrue following the Effective Date.

11.    The Assignee takes the Leases "as is."

12.    Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Leases, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Leases, the Debtors may assign the Leases to the Assignee.

13.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall assume all obligations under the Leases attributable to, or arising or accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.    Upon the occurrence of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.    Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Leases.

16.    Upon the assignment to the Assignee, the Leases shall be deemed valid and binding, in full force

and effect in accordance with their terms, subject to
the provisions of this Order.

17.   To the extent that any of the Debtors
acts as a guarantor of the Leases (a "Debtor-
Guarantor"), the Debtor-Guarantor(s) shall have no
obligations with respect to the Leases after the
Effective Date.

18.   Pursuant to Bankruptcy Code section
363(f), the sale and corresponding assumption and
assignment of the Leases authorized hereunder shall be
free and clear of all Interests, with all such Interests
attaching only to the amount paid under the Assignment
Agreement for the Leases and the related premises on
which such Interests had been attached previously, in
the same order and priority, and with the same validity
and enforceability, as same may have had prior to the
sale, assumption and assignment of the Leases, subject
to any and all available defenses.

19.   Any mechanic's lien filed against the
Debtors with respect to the premises associated with the
Leases is hereby released, discharged, and terminated,
and the Assignee, the Landlord, and/or the Subtenant are

hereby authorized to file, register, or otherwise record
a certified copy of this Order and each and every
federal, state, and local governmental agency or
department is hereby directed to accept a certified copy
of this Order as conclusive evidence of the release,
discharge, and termination of any mechanic's lien filed
against the Debtors with respect to the premises
associated with the Leases and shall remove such
mechanic's lien from record.  Any interest released,
discharged and/or terminated under this paragraph shall
attach solely to the amount paid under the Assignment
Agreement for the Leases and the related premises on
which such interest had previously attached, subject to
any and all available defenses.

    20.  Except for the Debtors with respect to
their rights under the Assignment Agreement and this
Order, all parties to the Lease and Sublease, and to any
other agreements relating to the Leases, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Assignee any default or breach
under, or any claim (except for those claims
specifically allowed under paragraph 10) or pecuniary

14

loss arising under or related to the Leases or such
other agreements, arising, accruing or incurred prior to
the Effective Date.

21.    Except for (i) the Debtors with respect
to their rights under the Assignment Agreement and this
Order and (ii) the Landlord with respect to payment of
the Cure Amount and the resolution of any administrative
expense request the Landlord may file as permitted by
paragraph 10 of this Order, all parties to the Leases,
and to any other agreements relating to the Leases,
other than the Assignment Agreement, are forever barred
from raising or asserting against the Debtors or their
estates any default or breach under, or any claim  or
pecuniary loss, arising under or related to, the Leases
or such other agreements.  Notwithstanding the
foregoing, the Subtenant shall not be deemed to have
waived and shall be permitted to enforce its right
subject to obtaining relief from the automatic stay or
other injunction to the indemnification as to the
Reserved Claims.

22.    Any obligations arising under the Leases
which arise, accrue, are incurred or relate to periods

on or subsequent to the Effective Date, including but
not limited to any tax, utility, common area charges or
insurance payments, shall be the obligation of the
Assignee, and no party (including the Assignee) shall
have a claim against the Debtors or their estates for
such obligations.

23.    The Landlord, the Subtenant, and any
governmental agency shall accept and honor the
assignment of the Leases to the Assignee in accordance
with the Assignment Agreement and this Order.

24.    The Landlord and the Sublessee shall
cooperate and expeditiously execute and deliver, upon
the reasonable requests of the Assignee, and shall not
charge the Assignee for, any instruments, applications,
consents, or other documents which may be required by
any public or quasi-public authority or other party or
entity, for the purpose of obtaining any permits,
approvals or other necessary documents required for the
alteration, installation of signage, opening and
operating of the premises associated with the Leases.

25.    The Landlord shall execute an estoppel,
in substantially the form attached hereto as Exhibit B,

in accordance with the timeline and conditions of the
Lease.

26.    The Sublessee shall execute an estoppel,
in substantially the form attached hereto as Exhibit C.

27.    Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
Debtor-owned improvements, furniture, fixtures,
equipment, inventory and/or any other personal property
("Abandoned Property") located on the Premises, and such
Abandoned Property is deemed abandoned on the Effective
Date to the Assignee free and clear or all liens, claims
and other interests.  The Assignee may, in its sole
discretion and without further notice, use, transfer or
dispose of such Abandoned Property without liability to
the Debtors or any third parties claiming an interest in
such Abandoned Property.

28.  This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rules 6004(h) or 6006(d).

17

29.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

30.    To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

31.    The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Leases consistent with this Order.

32.   This Court shall retain jurisdiction to
hear and determine all matters arising from or related
to this Order or the assumption and assignment of the
Lease and Sublease.

Dated:  Richmond, Virginia
        June 10, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                  /s/ Douglas M. Foley___
                  Douglas M. Foley

## <u>EXHIBIT A</u>

**ASSIGNMENT AGREEMENT_**

## **EXHIBIT B**

**(Landlord Estoppel)**

## EXHIBIT C

**(Sublessee Estoppel)**