# Exhibit A

## SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT

THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT (this "**Agreement**") is made as of [___], 2009, by and among **CREATIVE REALTY MANAGEMENT LLC**. ("**Assignee**"), on the one hand, and **CIRCUIT CITY STORES, INC.**, a Virginia corporation ("**Assignor**"), on the other hand.

### RECITALS:

WHEREAS, on November 10, 2009, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, on June 3, 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the sale, assumption, and assignment of (i) that certain Lease dated September 19, 1986 between Simon Property Group (Illinois), L.P., as successor in interest to C.Y.A., Inc., as landlord, and Assignor, as successor in interest to Service Merchandise Company, Inc., as tenant, covering certain premises located at Bloomingdale Court Shopping Center, 340 W. Army Trail Road, Bloomingdale, Illinois (the "**Leased Premises**") and (ii) that certain Sublease dated January [undated], 2004 between Assignor, as sublandlord, and Dollar Tree Stores, Inc., as subtenant, covering a portion of the Leased Premises (as such Lease and Sublease may have been amended, assigned, supplemented or extended from time to time collectively, the "**Leases**"); and

WHEREAS, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby, and (ii) Assignor is willing to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Leases and the estates created thereby, subject to the terms and conditions of this Sale, Assumption and Assignment Agreement.

NOW, THEREFORE, in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, Assignor and Assignee hereby agree as follows:

1. <u>Effective Date</u>. The Effective Date of this Agreement shall be June 4, 2009.

2. <u>Assignment of Lease</u>. As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby. In consideration thereof, on the Effective Date, Assignee shall pay to Assignor the sum of $175,000.00, less $26,250.00 which Assignee has placed in escrow for the benefit of Assignor.

3. <u>Assumption of Obligations</u>. Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Leases and the Order.

4. <u>Representations and Warranties</u>. Assignee hereby acknowledges and agrees the Leases are transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Leases will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Leases.

1

5. <u>Indemnification</u>. Assignee hereby agrees to indemnify, protect, defend and hold Assignor harmless from and against all claims, damages, losses, costs and expenses (including attorneys' fees) arising in connection with the Leases and relating to the period on or after the Effective Date.

6. <u>Bid Protection</u>. Assignor agrees to pay Assignee a break-up fee of $40,000.00 (the "Break-Up Fee") and if, and only if (i) Assignee is not in breach of or default under this Agreement, (ii) the Agreement is not conditioned on conducting any further, or completing, due diligence and (iii) Assignor consummates an assignment or other transfer of the Leases with a higher or otherwise better bidder following an auction. In the event the Assignee is not the highest or otherwise best bidder, but is the next highest or otherwise best bidder, the Assignee agrees to keep this proposal open until the closing of a transaction with the highest or otherwise best bidder and close with the Assignor if the Assignor does not close with such higher or otherwise better bidder.

7. <u>Notices</u>. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
4951 Lake Brook Drive
Glen Allen, VA 23060

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

Creative Realty Management LLC

8. <u>Entire Agreement</u>. This Agreement and the Order sets forth the entire agreement and understanding of Assignor and Assignee with respect to the matters contemplated by the Order and this Agreement.

9. <u>Parties Bound</u>. This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

10. <u>Applicable Law</u>. This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

11. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts for the convenience of the parties hereto, all of which together shall constitute one and the same instrument.

Exhibit(s)    Page 4 of 15

*[SIGNATURE PAGE FOLLOWS]*

754841.02-Chicago Server 2A                                                          MSW - Draft May 28, 2009 - 2:01 PM

     **IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____
Name:
Title:

**CREATIVE REALTY MANAGEMENT LLC**

By: _*[signature]*_
Name: JOHN B MANNIX
Title: MANAGING PARTNER

# Exhibit B

June 10, 2009

Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, Virginia 23060-9279


      Re:      <u>Bloomingdale, Illinois Lease</u>

Dear Sirs:

      Reference is hereby made to that certain Lease dated as of September 19, 1986, a copy of which is attached hereto as <u>Exhibit A</u> (such lease, as amended or otherwise affected by the documents set forth in paragraph 1 below, the "<u>Lease</u>") between Simon Property Group (Illinois) LP. (successor to C.Y.A., Inc.), as landlord ("<u>Landlord</u>") and Circuit City Stores, Inc. (successor to Service Merchandise Company, Inc.), as tenant ("<u>Tenant</u>") for a certain parcel of land located at 340 West Army Road in Bloomingdale, Illinois (the "<u>Premises</u>").

      Landlord understands that Tenant filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code on November 10, 2008 and that on June 10, 2009, the United States Bankruptcy Court entered an order approving the sale, assumption and assignment of the Lease.

      Landlord is the landlord under the Lease and Landlord owns the Premises in fee. With respect to the Lease, Landlord hereby certifies to Tenant and to its successors and assigns that

      1.      the Lease is valid, in existence and in full force and effect and has not been amended, modified, or supplemented except as follows:

      (a)      Memorandum of Lease dated May 8, 1987,

      (b)      Letter Agreement dated May 13, 1988,

      (c)      Letter Agreement dated July 25, 1988,

      (d)      Agreement Setting Lease Term dated August 1, 1989,

      (e)      Corrective Memorandum of Lease dated April 2, 1990,

      (f)      Amendment to Lease dated October 17, 1990, and

      (g)      Estoppel Certificate dated June 7, 2002.

2. the commencement date of the Lease was March 18, 1989 and the date of the expiration of the Lease will be February 28, 2010.

3. Tenant has the right and option to extend the term of the Lease for ten successive periods of five years each.

4. as of the date hereof, there is no default by Landlord or, to the best of the Landlord's knowledge except that Tenant owes prorated June, 2009 rents under the Lease which will be resolved upon entry of an order by the Bankruptcy Court approving the assignment of the Lease and the occurrence of the Effective Date of the assignment to the Assignee, by Tenant under the Lease and no event has occurred and is continuing which would constitute a default or violation of the Lease by Landlord or, to the best of the Landlord's knowledge, by Tenant with the giving of notice or the passage of time or both.

5. Rent:

(i) The current rent payable under the terms of the Lease is $129,999.96 per annum, payable in monthly installments.

(ii) Upon the Effective Date of the assignment of the Lease to the Assignee, the rent payable under the terms of the Lease will have been paid through June 9, 2009.

6. With the exception of Landlord's mortgagee, Landlord has not assigned its rights under the Lease except as indicated in the first paragraph of this Estoppel Certificate.

7. There are no current actions, whether voluntary or otherwise, pending against Landlord under any insolvency, bankruptcy or other debtor relief laws of the United States.

[Signature Page Follows]

The undersigned has executed and delivered this Estoppel Certificate on this ____ day of _____, 2009.


LANDLORD:


SIMON PROPERTY GROUP (ILLINOIS) LP, an Illinois limited partnership
By: CHARLES MALL COMPANY LMITED PARTNERSHIP, a Maryland limited partnership, its general partner
By: SIMON PROPERTY GROUP (DELAWARE), INC., a Delaware corporation, its general partner


By: _____
Name: _____
Title: _____


_____
By:

**Error! Unknown document property name.**
754899.03-Chicago Server 2A

MSW - Draft June 10, 2009 - 9:28 AM

# EXHIBIT A

(the Lease).

# Exhibit C

June 9, 2009

Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, Virginia 23060-9279

Re:   Bloomingdale, Illinois Sublease

Dear Sirs:

Reference is hereby made to that certain Sublease dated as of January, 2004, a copy of which is attached hereto as Exhibit A (such sublease, as amended or otherwise affected by the documents set forth in paragraph 1 below, the "Sublease") between Circuit City Stores, Inc., as sublandlord ("Sublandlord") and Dollar Tree Stores, Inc., as subtenant ("Subtenant") for the premises located at 340 West Army Road in Bloomingdale, Illinois (the "Premises").

Subtenant understands that Sublandlord filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code on November 10, 2008 and that on June 3, 2009, the United States Bankruptcy Court entered an order approving the sale, assumption and assignment of the Lease.

With respect to the Sublease, Subtenant hereby certifies to Sublandlord and to Sublandlord's successors and assigns and Sublandlord certifies to its successors and assigns that

1.   the Sublease is valid, in existence and in full force and effect and has not been amended, modified, or supplemented.

2.   the commencement date of the Sublease was January 2004 and the date of the expiration of the Sublease will be February 28, 2015, provided that Sublandlord extends the term of the Prime Lease.

3.   Subtenant has the option to extend the term of the Sublease for ten consecutive five year periods, conditioned upon Sublandlord's extension of the Prime Lease (as defined in the Sublease). As of the date herein, Subtenant has exercised its rights to renew the terms of the Sublease for an additional five (5) year term.

4   as of the date hereof, to the best knowledge of Subtenant and Sublandlord, there is no default by Subtenant or by Sublandlord under the Sublease, and to the best knowledge of Subtenant and Sublandlord, no event has occurred or is continuing which would constitute a default or violate the Sublease by Subtenant or by Sublandlord, with the giving of notice or the passage of time or both.

754900.02-Chicago Server 2A - MSW



5. Rent:

(i) The current Base Rent (as defined in the Sublease) payable under the terms of the Sublease is $109,205.25 per annum, payable in monthly installments.

(ii) The Base Rent and Additional Rent (as defined in the Sublease) payable under the terms of the Sublease have been paid through June 3, 2009.

(iii) Sublandlord has not agreed to any free rent period.

6. Subtenant has not assigned its rights under the Sublease or further subleased any portion of the Premises.

7. There are no current actions, whether voluntary or otherwise, pending against Subtenant under any insolvency, bankruptcy or other debtor relief laws of the United States.

8. The Premises consists of approximately 14,091 square feet of ground floor space in the shopping center.

9. Subtenant has not been granted any rent abatements or concessions for the term of the Sublease, except as set forth in the Sublease, and Subtenant is not owed any money by Sublandlord which can be offset or otherwise deducted from the rent due under the Sublease.

[Signature Page Follows]

754900.02-Chicago Server 2A - MSW



The undersigned has executed and delivered this Estoppel Certificate on this 3rd day of June, 2009.

SUBTENANT:

DOLLAR TREE STORES, INC.

By: _____John L. Cote_____ 6-9-09
    John L. Cote
    Vice President
    Corporate Counsel

SUBLANDLORD:

CIRCUIT CITY STORES, INC.

By: _____



754900.02-Chicago Server 2A - MSW

# EXHIBIT A

(Sublease)



754900.02-Chicago Server 2A - MSW