IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., ET AL., ) | Case No. 08-35653 |
| ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |
| _____ ) | |

MOTION OF TOWNE SQUARE PLAZA TO ALLOW THE FILING OF
(1) AMENDED PROOF OF CLAIM AND (2) LATE PROOF OF CLAIM

Towne Square Plaza, c/o Grubb & Ellis Management Services (the "Movant"), by counsel, hereby moves this Honorable Court to allow the filing of (1) an Amended Proof of Claim, and (2) a late Proof of Claim, and in support of such Motion, respectfully states as follows:

I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion and this matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Robert S. Westermann, VSB No. 43294
Hirschler Fleischer, P.C.
2100 East Cary Street
The Edgeworth Building
Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Counsel for Towne Square Plaza
c/o Grubb & Ellis Management Services

Peter E. Meltzer, Esq.
Law Offices of Peter E. Meltzer & Associates, P.C.
1530 Locust Street, Suite L
Philadelphia, Pennsylvania 19102
Telephone: (215) 545-3300
Counsel for Towne Square Plaza
c/o Grubb & Ellis Management Services

## II.  GENERAL FACTUAL BACKGROUND

3. Movant is the owner of real property located at 465 Berlin Cross Keys Road, Towne Square Plaza Shopping Center, Sicklerville, NJ 08081; Store No. 04143 (the "Property").

4. Circuit City Stores, Inc. et al. (the "Debtors") leased the Property from Movant pursuant to a Lease Agreement (the "Lease").

5. The Debtors filed their Chapter 11 cases with this Court on November 20, 2008 (the "Petition Date").

6. On December 11, 2008, a bar date was established of January 30, 2009.

7. The monthly amount due under the Lease is $45,370.92, consisting of $39,069.04 in base rent and $6,301.88 in common area charges.

## III.  FACTS AND ARGUMENT REGARDING MOTION TO ALLOW AMENDED PROOF OF CLAIM

8. On or about December 4, 2008, Movant filed a Proof of Claim which was assigned Claim No. 573 by the Debtors' Claims Agent, Kurtzman Carson Consultants, LLC (the "Original Proof of Claim"). The Original Proof of Claim was in the amount of $90,739.25 and represented rent and common area charges due for November and December, 2008.

9. The Original Proof of Claim prepared and filed by Movant utilized the Section 503(b)(9) claim form relating to goods received by the Debtors within the 20 day period before commencement of the bankruptcy cases, and thus was not the correct proof of claim form that should have been used.

10. Upon information and belief, the post-petition rents for December, 2008 through March, 2009 have been paid by the Debtors. However, the post-petition rent for

2

November, 2008 remains unpaid.

11.     Under Bankruptcy Rule 9006(b)(1), a Bankruptcy Court has discretion to enlarge time to permit the act to be done where the failure was as a result of excusable neglect.

12.     Amendments to timely filed proofs of claim are allowed after the bar date "where the purpose is to cure a defect in the claim as originally filed." In re J.S. II, LLC, 389 B.R. 563, 566 (Bankr. N.D. Ill. 2008); In re Enron Corp., 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003).

13.     The courts employ a two-part test to determine whether a claim amended after the bar date is a proper amendment or a completely new claim. The first prong is met when the purported amended claim "relates" back to the original claim under Federal Rule of Bankruptcy Procedure 7015(c), while the second prong relies on equitable considerations determined by the court. See, e.g., In re Plunkett, 82 F.3d 738, 740-41 (7th Cir.1996); Enron Corp., supra, 298 B.R. at 520-21 (Bankr. S.D.N.Y. 2003); In re Marineland Ocean Resorts, Inc., 242 B.R. 748, 753-56 (Bankr. M.D. Fla. 1999).

14.     Addressing the first prong, Rule 7015 applies Federal Rule of Civil Procedure 15 to adversary proceedings. Although a claims proceeding is not explicitly an adversary proceeding, Rule 9014 extends Rule 7015 to contested matters, including claim disputes. In re J.S. II, LLC, supra, 389 B.R. at 567.

15.     Under the first prong, a claim may be properly amended after the bar date if it "arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original claim." In re J.S. II, LLC, 389 B.R. 563, 566 (Bankr. N.D. Ill. 2008), quoting Matter of Unroe, 937 F. 22d 346, 349 (7th Cir. 1991).

16.     In this case, the amended claim obviously arises out of the same conduct,

3

transaction, or occurrence set out in the Original Proof of Claim, namely the Lease Agreement itself. Therefore, Movant submits that this prong of the test is satisfied.

17. The equitable considerations involve whether there has been a showing of excusable neglect. In Pioneer Investment Services Co. v. Brunswick Associates, L.P., 507 U.S. 380, 399, 113 S.Ct. 1489, 1500, 123 L.Ed.2d 74 (1993), a creditor had missed the filing date for filing a proof of claim in a chapter 11 case. The Supreme Court affirmed the ruling of the Sixth Circuit that a case for excusable neglect had been established, holding that "excusable neglect" is "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," (507 U.S. at 391, 113 S.Ct. at 1496), but also extends to inadvertence, mistake, or carelessness.

18. The Supreme Court noted, "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" ... is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant." The Court then went on to hold:

> "With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

19. In this case, Movant's Proof of Claim No. 573, the Original Proof of Claim, was timely filed. It simply utilized the wrong proof of claim form, which was a good faith error on the part of Movant. If the Original Proof of Claim filed were in the proper form and if allowed, Movant would have an administrative claim under Section 503(b)(1) of the Bankruptcy Code, not Section 503(b)(9) of the Bankruptcy Code.

4

20. Based on the facts of this Motion and the factors outlined above, it is respectfully submitted that Movant has demonstrated excusable neglect so as to allow the filing of an amended claim. The amended claim would clearly relate back to the Original Proof of Claim No. 573. In addition, given that the December, 2008 post-petition rent was later paid anyway, the Original Proof of Claim became inaccurate anyway.

WHEREFORE, for all of the foregoing reasons, Movant respectfully requests that the Original Proof of Claim, Claim No. 573, be allowed to be amended in the form attached hereto as Exhibit A.

### IV. FACTS AND ARGUMENT REGARDING MOTION TO ALLOW LATE PROOF OF CLAIM

21. On or about March 3, 2009, the Debtors apparently sent a Notice of Rejection of Unexpired Leases which had been filed on or about the same date and was docketed at No. 2408 (the "Notice").

22. Pursuant to the Notice, one of the leases being rejected was the Lease with Movant.

23. The Notice provided that the effective date of the lease rejections was March 10, 2009, and that parties had until April 30, 2009 by which to file a claim for rejection damages.

24. Under Section 502(b)(6) of the Bankruptcy Code, Movant was entitled to but did not claim rejection damages owed under the Lease, equal to the greater of one year or 15%, not to include three years, of the remaining term of the Lease, not to exceed 3 years, following the earlier of the filing date and the date on which the lessor repossessed or the lessee surrendered the leased property.

25. The Lease in question expires in 2013. Accordingly, under the above formula,

the rejection damages would be equal to one year's total rent, or $544,451.04.

26. The Affidavit of Service filed in connection with the Notice (the "Affidavit"; see Docket No. 2780) states that a copy of the Notice was being sent by electronic mail and facsimile to the parties on the service list attached to the Affidavit as Exhibit "E". Movant's name is listed on Exhibit E as having received a faxed copy of the Notice.

27. Based on the parties listed on Exhibit E attached to the Notice, it appears that some parties in interest received e-mail notification only and the others received fax notification only, since each party in interest has an e-mail address by their name or a fax number, but not both.

28. Based on Exhibit E attached to the Affidavit, the Notice was purportedly faxed to Grubb and Ellis Management Services at 213-488-0819. See Exhibit B attached hereto. However, Movant did not receive the fax. Movant's counsel has repeatedly requested evidence from the Debtors of successful transmission of the fax, but it has not been forthcoming. In addition, it does not appear that the Notice was ever attempted to be sent by regular mail or e-mail to Movant.

29. Under Bankruptcy Rule 9006(b)(1), a Bankruptcy Court has discretion to enlarge time to permit the act to be done where the failure was as a result of excusable neglect.

30. Courts allow the filing of late claims in a Chapter 11 case where they do not receive notice of a filing deadline. See, e.g., In re San Miguel Sandoval, 327 B.R. 493 (1st Cir.BAP (P.R.) 2005); In re Collier, 307 B.R. 20, 25 (Bankr. D. Mass. 2004); U.S. v. Cardinal Mine Supply, 916 F.2d 1087, 1089-92 (6th Cir. 1990); In re Cmehil, 43 B.R. 404 (Bankr. D. Ohio 1984); In re Intaco Puerto Rico, Inc., 494 F.2d 94 (1st Cir. 1974); In re Harbor Tank Storage Co., 385 F.2d 111 (3rd Cir. 1967); In re Pine Associates, Inc., 35 B.R. 49 (Bankr. D.

Conn. 1983); City of New York v. New York, N.H. & H.R.R., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

31. Based on the foregoing, if the Debtors cannot demonstrate that Movant received the fax containing the Notice, then Movant had no way of being aware of the April 30, 2009 claims deadline for rejection damages claims. In addition, that deadline passed only one month ago, and Movant only recently became aware of this deadline in the first place in mid-May.

32. In addition, even if it is assumed for argument's sake that the Debtors are able to produce evidence that the fax was successfully transmitted to Movant, the unsecured claim for rejection damages should be allowed anyway. Movant does not have any records of having received the fax. Upon finding out about the April 30 deadline, Movant required time to investigate what had transpired in this case and to reach out to both the Debtors and the personnel at Kurtzman Carson Consultants (the Court-appointed claims and noticing agent) to find out whether or not there was evidence of Notice having been sent out on or about March 3. (Indeed, when Movant first contacted counsel regarding this matter, it was not even aware of the Notice at all but was merely attempting to address the issue of the use of the wrong Proof of Claim form as discussed above.)

33. In the Pioneer case, supra, the Supreme Court resolved a conflict among the Circuit Courts by adopting the more liberal approach of certain of those Circuits in determining whether excusable neglect exists.

34. Courts have applied Pioneer to allow late claims on a number of occasions, especially where no prejudice to the debtor has been shown to exist. See, e.g., In re Any Mountain, Inc., 2007 WL 622198 (Bankr. N.D.Cal. 2007) (in which the Court noted that "prejudice is not established just because a creditor's dividend will be reduced to the amount

7

it would have received if a late action had been timely"); In re Wrenn Associates, Inc., 2005 WL 3369272 (Bankr. D.N.H. 2005); West Delta Oil Co. v. Fenasci, 2004 WL 1770110 (E.D. La. 2004) (claim filed after five month's delay and plan confirmation); In re McKissick, 298 B.R. 535 (Bankr. W.D. Pa. 2003); In re Spring Ford Industries, Inc., 2003 WL 21494002 (Bankr. E.D. Pa. 2003) (terming prejudice "probably the most important factor"); In re Eagle Bus Manufacturing, 62 F. 3d 730 (5th Cir. 1995) (claims filed 6 to 8 months late).

35.     In the present case, all of the factors laid out by the Supreme Court in Pioneer weigh in favor of allowing the late claim, even assuming for argument that Movant received it in the first place. There is no danger of prejudice to the Debtors, the length of the delay has been brief, it would have little if any potential significant impact on these judicial proceedings, and the Movant has acted in good faith.

36.     In this case, the Debtors have not proposed a plan, nor solicited one for approval.

37.     Moreover, a delay of a matter of weeks is not so egregious under the facts of this case so as to tip the balance of the equities against allowing Movant to file a late claim. Movant acted promptly to contact counsel once it first learned that the Notice had been filed. (Indeed, as noted above, when Movant first contacted counsel, it was not even aware of the Notice regarding the rejection damages. It was merely aware of a Motion which had been filed on May 12 regarding an Objection to Certain Misclassified Claims.)

38.     Pursuant to Local Rule 9013-1(G)(1), Movant hereby elects to combine its memorandum of points and authorities with this Motion.

WHEREFORE, for all of the foregoing reasons, Movant respectfully requests that it be allowed to file a late proof of claim for rejection damages in the form attached hereto as Exhibit C.

## V. RELIEF REQUESTED

For all of the foregoing reasons, Towne Square Plaza respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit D, that (1) allows the amended proof of claim in the form attached hereto as Exhibit A, (2) allows the late proof of claim in the form attached hereto as Exhibit C, and (3) grants the Movant such other and further relief as may be appropriate and just.

Date: June 10, 2009

TOWNE SQUARE PLAZA
C/O GRUBB & ELLIS MANAGEMENT SERVICES

By:  /s/  Robert S. Westermann
          Counsel

Robert S. Westermann, VSB No. 43294
HIRSCHLER FLEISCHER, P.C.
2100 East Cary Street
The Edgeworth Building
Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hf-law.com

Peter E. Meltzer, Esq.
LAW OFFICES OF PETER E. MELTZER
& ASSOCIATES, P.C.
1530 Locust Street, Suite L
Philadelphia, Pennsylvania 19102
Telephone: (215) 545-3300
Email: pmeltzer@meltzerlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2009, a true and complete copy of the foregoing Motion with all Exhibits was filed and served electronically using the Bankruptcy Court's ECF System and was sent by first class mail, postage prepaid, to the parties below at the addresses indicated:

Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Counsel for the Debtors

Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware 19899
Counsel for the Debtors

Robert J. Feinstein, Esq.
Pachulski, Stang, Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Counsel for the Official Committee of Unsecured Creditors

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Counsel for the Official Committee of Unsecured Creditors

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

                                                      /s/ Robert S. Westermann