Gregg M. Galardi, Esq.    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP    One James Center
One Rodney Square    901 E. Cary Street
PO Box 636    Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:    :  Chapter 11
    :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653-KRH
et al.,    :
    :
    Debtors.  :  Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL
PROPERTY**

Upon consideration of the motion (the

"Motion")[1] of the Debtors for an order pursuant to

sections 105, 363 and 365 of title 11 of the United

---

[1]  Capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Motion.

States Code (the "Bankruptcy Code") and Rules 2002, 6004

and 6006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for entry of an order

(A) authorizing the Debtors to enter into an agreement

with the Purchaser for Sale of the Debtors' Leases,

subject to higher or otherwise better proposals,

(B) approving the Termination Fee in connection

therewith, (C) approving the Sale and Assignment of the

Leases free and clear of all interests and (D) granting

related relief; and the Court having entered the Order

under Bankruptcy Code Sections 105, 363, and 365

Approving Amended Bid Deadline In Connection With

Bidding And Auction Procedures For Sale Of Unexpired

Nonresidential Real Property Leases (the "Modified Lease

Procedures Order"), which granted the Debtors additional

time to market the Leases (as defined herein) beyond the

March 31, 2009 automatic rejection date established in

the Lease Procedures Order and authorized the Debtors to

establish new bid deadlines and auction dates for the

Leases; and upon the record of the hearing held on June

3, 2009 (the "Sale Hearing"); and after due deliberation

thereon, and sufficient cause appearing therefor,

2

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.   The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

D.   The notice of the Motion, the Auction, and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

E.   The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Leases.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3

F.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including St. Cloud Associates, as landlord (the "Landlord") for the ground lease related to store number 3140 located at 3316 Division Street, St. Cloud, Minnesota (together with any and all related lease documents and subleases associated therewith, the "Prime Lease") and TVI, Inc. and Consolidated Stores Corporation (individually and collectively, the "Subtenants"), under the subleases (together with any and all related sublease documents and sub-subleases associated therewith, if any, the "Subleases" and together with the Prime Lease, the "Leases").

G.    The Debtors and their professionals marketed the Leases and conducted a sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Leases.

H.    The Assignment Agreement (as defined herein) and the sale of the Leases was negotiated and has been and is undertaken by the Debtors and the Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors and the Assignee are entitled to the protections of Section 363(m) of the Bankruptcy Code.

I.    Neither the Debtors nor the Assignee engaged in any conduct that would cause or permit the Assignment Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

J.    The Total Consideration (as defined herein) provided by the Assignee for the Leases is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state,

5

territory or possession, or the District of Columbia, for the Leases.

K.    The Total Consideration (as defined in the Assignment Agreement) provided by the Assignee for the Leases is the highest and best offer received by the Debtors, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Leases.

L.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment, and sale of the Leases.

M.    The assumption, assignment, and sale of the Leases to St. Cloud Associates (the "Assignee") under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

N.    Pursuant to sections 365(b)(1)(C),
365(f)(2)(B) and, if applicable, 365(b)(3), the Debtors
and the Assignee have demonstrated adequate assurance of
future performance by the Assignee under the Leases.

O.    Upon the assignment to the Assignee, the
Leases shall be deemed valid and binding, in full force
and effect in accordance with their terms, subject to
the provisions of this Order and, pursuant to section
365(k) of the Bankruptcy Code, the Debtors and their
estates shall be relieved from any further liability
thereunder, including for any breach of the Leases.

P.    Based on the foregoing findings of fact
and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND
DECREED THAT:**

1.    The Motion is granted as set forth
herein.

2.    All objections with regard to the relief
sought in the Motion as it pertains to the Leases, that
have not been withdrawn, waived, or settled, are
overruled on the merits.

---

[3]    Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

3.    Under section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Leases and to assign the Leases to the Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

4.    Under Bankruptcy Code section 363, the Debtors are authorized to sell the Leases to the Assignee.

5.    The Debtors are authorized to execute the Sale, Assumption and Assignment Agreement, in substantially the form attached hereto as Exhibit A (the "Assignment Agreement") and upon execution will be binding between the parties as of the Effective Date.

6.    The consummation of the transactions with respect to the Leases contemplated hereunder shall take place on May 31, 2009 (the "Effective Date").

7.    Upon the occurrence of the Effective Date, subject to the provisions of this Order, in exchange for the Total Consideration (as defined in the Assignment Agreement), the Assignee shall succeed to the entirety of Debtors' rights and obligations in the Leases due, accruing, arising or attributable to the

8

time period occurring on or after the Effective Date and
shall have the rights of the tenant (and sublandlord)
thereunder.

8.   Upon the Effective Date, neither the
Assignee, the Debtors, nor the Debtors' estates shall
have liability for cure claims of, from, or related to
the Leases for any defaults or monetary obligations
thereunder, except for the Tax Payment.

9.   As of the Effective Date, the Assignee
shall be deemed to have waived, released and forever
discharged any and all claims it may have against the
Debtors, including claims under Bankruptcy Code sections
365, 502 and 503, and including all year end adjustments
for 2009 and all prior years and any obligations or
liabilities that would otherwise survive assignment of
the Leases.

10.   Upon the entry of this Order, (i) all
defaults by the Debtors under the Leases through the
Effective Date shall be deemed cured, (ii) no other
amounts will be owed by Debtors or their estates with
respect to the Leases, (iii) no amounts will be owed by
the Assignee with respect to the Leases for obligations

9

relating or attributable to the period prior to the
Effective Date, (iv) any and all persons or entities
shall be forever barred and estopped from asserting a
claim against the Debtors or their estates that any
additional amounts are due or defaults exist under the
Leases, and (v) any and all persons or entities shall be
forever barred and estopped from asserting a claim
against the Debtors, their estates, and the Assignee
that any additional amounts are due or defaults exist
under the Leases that arose or accrued, relate to or are
attributable to the period prior to the Effective Date.
Notwithstanding any language in this paragraph to the
contrary, this paragraph shall not be deemed as a
release of any obligations owing at any time or of any
default by any of the Subtenants under the terms of any
of the Subleases.

    11.   The Assignee takes the Leases "as is."

    12.   Pursuant to section 365(f) of the
Bankruptcy Code, notwithstanding any provision to the
contrary in the Leases, or in applicable nonbankruptcy
law, that prohibits, restricts, or conditions the

assignment of the Leases, the Debtors may assign the Leases to the Assignee.

13.   Upon the occurrence of the Effective Date, subject to the provisions of this Order, the Assignee shall assume all obligations of the Debtors under the Leases attributable to, or arising or accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.   Upon the occurrence of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.   Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Leases.

16.   Upon the assignment to the Assignee, the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

17.   To the extent that any of the Debtors acts as a guarantor of the Leases (a "Debtor-

Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Leases after the Effective Date.

18.    Pursuant to Bankruptcy Code section 363(f), the sale and corresponding assumption and assignment of the Leases authorized hereunder shall be free and clear of all Interests, with all such Interests attaching only to the amount paid under the Assignment Agreement for the Leases and the related premises on which such Interests had been attached previously, in the same order and priority, and with the same validity and enforceability, as same may have had prior to the sale, assumption and assignment of the Leases, subject to any and all available defenses.

19.    Any mechanic's lien filed against the Debtors with respect to the premises associated with the Leases is hereby released, discharged, and terminated, and the Assignee, the Landlord, and/or the Subtenants are hereby authorized to file, register, or otherwise record a certified copy of this Order and each and every federal, state, and local governmental agency or department is hereby directed to accept a certified copy

12

of this Order as conclusive evidence of the release, discharge, and termination of any mechanic's lien filed against the Debtors with respect to the premises associated with the Leases and shall remove such mechanic's lien from record. Any interest released, discharged and/or terminated under this paragraph shall attach solely to the amount paid under the Assignment Agreement for the Leases and the related premises on which such interest had previously attached, subject to any and all available defenses.

20. Except for the Debtors with respect to their rights under the Assignment Agreement and this Order, all parties to the Prime Lease and Subleases, and to any other agreements relating to the Leases, other than the Assignment Agreement, are forever barred from raising or asserting against the Assignee any default or breach under, or any claim or pecuniary loss arising under or related to the Leases or such other agreements, arising, accruing or incurred prior to the Effective Date.

21. Except for the Debtors with respect to their rights under the Assignment Agreement and this

13

Order, all parties to the Leases, and to any other
agreements relating to the Leases, other than the
Assignment Agreement, are forever barred from raising or
asserting against the Debtors or their estates any
default or breach under, or any claim or pecuniary loss,
arising under or related to, the Leases or such other
agreements.

22.   Any obligations arising under the Leases
which arise, accrue, are incurred or relate to periods
on or subsequent to the Effective Date, including but
not limited to any tax, utility, common area charges or
insurance payments, shall be the obligation of the
Assignee or the Subtenants, as appropriate, and no party
(including the Assignee) shall have a claim against the
Debtors or their estates for such obligations.

23.   The Landlord, the Subtenants, and any
governmental agency shall accept and honor the
assignment of the Leases to the Assignee in accordance
with the Assignment Agreement and this Order.

24.   The Landlord and the Subtenants shall
cooperate and expeditiously execute and deliver, upon
the reasonable requests of the Assignee, and shall not

14

charge the Assignee for, any instruments, applications,
consents, or other documents which may be required by
any public or quasi-public authority or other party or
entity, for the purpose of obtaining any permits,
approvals or other necessary documents required for the
alteration, installation of signage, opening and
operating of the premises associated with the Leases.

25.   Pursuant to Bankruptcy Code section 554,
the Debtors are authorized to abandon any and all
Debtor-owned improvements, furniture, fixtures,
equipment, inventory and/or any other personal property
("Abandoned Property") located on the Premises, and such
Abandoned Property is deemed abandoned on the Effective
Date to the Assignee free and clear or all liens, claims
and other interests.  The Assignee may, in its sole
discretion and without further notice, use, transfer or
dispose of such Abandoned Property without liability to
the Debtors or any third parties claiming an interest in
such Abandoned Property.

26.   This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rules 6004(h) or 6006(d).

15

27.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

28.   To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

29.   The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Leases consistent with this Order.

30.    This Court shall retain jurisdiction to
hear and determine all matters arising from or related
to this Order or the assumption and assignment of the
Prime Lease and Subleases.

Dated:  Richmond, Virginia
         _____, 2009

Jun 8 2009

                    /s/ Kevin Huennekens
                    UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  6/8/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                /s/ Douglas M. Foley____
                Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

<u>SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT</u>

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of **May 28, 2009**  by and among **ST. CLOUD ASSOCIATES** a Pennsylvania limited partnership ("**Assignee**"), on the one hand, and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Assignor**"), on the other hand.

<u>RECITALS:</u>

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, the parties to this Agreement anticipate filing a Motion with the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") seeking an order (the "**Order**") approving the sale, assumption, and assignment of (i) that certain lease dated November 2, 1993 between St. Cloud Associates, as landlord, and Assignor, as tenant; (ii) that certain lease dated February 21, 1997 between Assignor, as sublessor, and TVI, Inc., as sublessee; and (iii) that certain lease dated March 2, 2000 between Assignor, as sublessor and Consolidated Stores Corporation d/b/a Big Lots, as sublessee, all for portions of the premises generally known as 3316 Division Street, St. Cloud, Minnesota (as the same may have been amended, assigned, supplemented or extended from time to time, collectively the "**Leases**"); and

**WHEREAS**, (i) Assignee desires that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby, and (ii) Assignor desires to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Leases and the estates created thereby, subject to the terms and conditions of this Agreement;

**NOW, THEREFORE,** subject to the entry of the Order and in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Assignor and Assignee hereby agree as follows:

1.     <u>Effective Date</u>.  The Effective Date of this Agreement shall be May 31, 2009.

2.     <u>Assignment of Leases</u>.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Leases and the estates created thereby in exchange for the Total Consideration.

3.     <u>Assumption of Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, or that relate to the period on or after the Effective Date under the Leases and the Order.

4.     <u>Release of Claims</u>.  Assignee does hereby waive and release any and all claims it may have against Assignor, including claims under Bankruptcy Code sections 365, 502 and 503, and including all year end adjustments for 2009 and all prior years and any obligations or liabilities that would otherwise survive assignment of the Leases (collectively, the "Total Consideration").

1

5.       Representations and Warranties.  Assignee hereby acknowledges and agrees the Leases are transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Leases will be delivered AS IS, WHERE IS on the Effective Date, notwithstanding any contrary provision of the Leases.

6.       Notices. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

If to Assignor:

Circuit City Stores, Inc.
Attn: Director of Real Estate
P.O. Box 5695
Glen Allen, VA  23058

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi, Ian S. Fredericks, Chris L. Dickerson and T. Kellan Grant
One Rodney Square
Wilmington, DE 19889

If to Assignee:

St. Cloud Associates
c/o Brad Begeleman, Esq.
Brandywine Construction and Management, Inc.
1521 Locust Street, Suite 400
Philadelphia, PA  19102

with a copy to:

Adam M. Spence, Esq.
Law Offices of Spence & Buckler, P.C.
P.O. Box 20369
Baltimore, MD 21284

7.       Entire Agreement.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

8.       Parties Bound.  This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

9.       Applicable Law.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of Virginia without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

2

10.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

11.    <u>Continuing Receipts</u>.    Assignor agrees to forward promptly following receipt any sums received on account of the Leases for obligations on or after the Effective Date.  This obligation includes, without limitation, any rents received by the Debtors on account of the Leases.  Assignee agrees that promptly following entry of the Order, Assignee shall notify each of the sublessees under the Leases in writing of the address to which future rents and other sums due and payable under the Leases shall be paid.

12.    <u>Payments to Assignee</u>.  Any payments to be made hereunder to the Assignee shall be made via wire transfer to:

The Bancorp Bank
405 Silverside Road, #105
Wilmington, DE  19809
ABA #031101114

St Cloud Associates
Account #004-2-003200

13.    <u>Facsimile Signatures</u>.  This Agreement may be executed by facsimile, and such facsimile signature shall be treated as an original signature hereunder

*[SIGNATURE PAGE FOLLOWS]*

3

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor and Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____/s/ Michelle O. Mosier_____
Name: Michelle O. Mosier
Title:  Vice President and Controller


**ST. CLOUD ASSOCIATES, as Assignee and as Lessor**


By: _/s/ Ronald Reichman_____
Name: Ronald Reichman
Title:  General Partner

4

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1          Date Rcvd: Jun 08, 2009
Case: 08-35653               Form ID: pdforder         Total Noticed: 1

The following entities were noticed by first class mail on Jun 10, 2009.
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,    PO Box 636,
              Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 10, 2009**                    **Signature:**    _Joseph Speetjens_