IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| CIRCUIT CITY STORES, INC., ET AL., | ) Case No. 08-35653 |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

### RESPONSE OF TOWNE SQUARE PLAZA TO DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED NON-GOODS 503(B)(9) CLAIMS

Towne Square Plaza, c/o Grubb & Ellis Management Services (the "Claimant"), by counsel, hereby respectfully submits its Response to the Debtors' Sixth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims as follows:

I.    **FACTUAL BACKGROUND**

1. Claimant is the owner of real property located at 465 Berlin Cross Keys Road, Towne Square Plaza Shopping Center, Sicklerville, NJ 08081; Store No. 04143 (the "Property").

2. Circuit City Stores, Inc., et al. (the "Debtors") leased the Property from Claimant pursuant to a Lease Agreement (the "Lease").

3. The Debtors filed their Chapter 11 cases on November 20, 2008.

4. On December 11, 2008, a bar date was established of January 30, 2009.

Robert S. Westermann, VSB No. 43294
Hirschler Fleischer, P.C.
2100 East Cary Street
The Edgeworth Building
Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Counsel for Towne Square Plaza
c/o Grubb & Ellis Management Services

Peter E. Meltzer, Esq.
Law Offices of Peter E. Meltzer & Associates, P.C.
1530 Locust Street, Suite L
Philadelphia, Pennsylvania 19102
Telephone: (215) 545-3300
Counsel for Towne Square Plaza
c/o Grubb & Ellis Management Services

5.  The monthly amount due under the Lease is $45,370.92, consisting of $39,069.04 in base rent and $6,301.88 in common area charges.

## II.  CLAIM FILED BY CLAIMANT

6.  On or about December 4, 2008, Claimant timely filed a Proof of Claim which was assigned Claim No. 573 by the Debtors' Claims Agent, Kurtzman Carson Consultants, LLC (the "Proof of Claim"). The Proof of Claim was in the amount of $90,739.25 representing rent and common area charges due for November and December, 2008.

7.  The Proof of Claim prepared and filed by Claimant was the Section 503(b)(9) claim form relating to goods received by the Debtors within the 20-day period before the commencement of the cases and thus was not the correct proof of claim form to be utilized.

8.  Upon information and belief, the post-petition rents for December, 2008 through March, 2009 have been paid. However, the post-petition rent for November, 2008 remains unpaid.

## III.  RESPONSE TO CLAIM OBJECTION

9.  In this case, Claimant's Proof of Claim No. 573 was timely filed. It simply utilized the wrong Proof of Claim form, which was a good faith error. If the Claim filed were in the proper form and if allowed, Claimant would have an administrative claim under Section 503(b)(1) of the Bankruptcy Code, not Section 503(b)(9).

10. On June 10, 2009, Claimant filed a separate Motion to Allow Filing of (1) Amended Proof of Claim and (2) Late Proof of Claim (the "Motion"), Docket # 3582. Included as part of the Motion is a request that the timely filed Proof of Claim be amended so as to allow the filing of an amended claim which is in the correct amount (because the December, 2008 rent was subsequently paid) and which utilizes the correct proof of claim form. (The request in the Motion to allow the filing of a late rejection damages claim relates

to a separate issue which is not related hereto.) The contents of the Motion (together with the Exhibits attached thereto, which include the proposed amended Proof of Claim and the Lease Agreement to which it relates) are incorporated herein by reference. A hearing on the Motion has been noticed for July 6, 2009, at 2:00 p.m.

11. Claimant requests that the hearing on this Response, currently scheduled for June 23, 2009, be continued to July 6, 2009 when the hearing on the Motion takes place.

WHEREFORE, for all of the foregoing reasons and for the reasons set forth in the Motion, Claimant respectfully requests that the Sixth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims be denied as to Claim No. 573, and that the Court enter an appropriate order to that effect substantially in the form attached hereto as Exhibit A.

Date: June 11, 2009               TOWNE SQUARE PLAZA
                                  C/O GRUBB & ELLIS MANAGEMENT SERVICES

                                  By:   /s/  Robert S. Westermann
                                                Counsel

Robert S. Westermann, VSB No. 43294      Peter E. Meltzer, Esq.
HIRSCHLER FLEISCHER, P.C.                LAW OFFICES OF PETER E. MELTZER
2100 East Cary Street                    & ASSOCIATES, P.C.
The Edgeworth Building                   1530 Locust Street, Suite L
Richmond, Virginia 23223                 Philadelphia, Pennsylvania 19102
Telephone: (804) 771-9500                Telephone: (215) 545-3300
Facsimile: (804) 644-0957                Email: pmeltzer@meltzerlaw.net
Email: rwestermann@hf-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2009, a true and complete copy of the foregoing Response was filed and served electronically using the Bankruptcy Court's ECF System and was sent by first class mail, postage prepaid, to the parties below at the addresses indicated:

Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Counsel for the Debtors

Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware 19899
Counsel for the Debtors

Robert J. Feinstein, Esq.
Pachulski, Stang, Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Counsel for the Official Committee of Unsecured Creditors

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Counsel for the Official Committee of Unsecured Creditors

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

                                                      /s/ Robert S. Westermann