UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SCHIMENTI CONSTRUCTION COMPANY, LLC'S MOTION FOR EXAMINATION AND ORDER DIRECTING DEBTOR, CIRCUIT CITY STORES, INC., TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 2004 AND MEMORANDUM IN SUPPORT THEREOF**

Creditor, Schimenti Construction Company, LLC ("Movant" or "Schimenti Construction"), by counsel, respectfully moves the Court to issue an Order directing the Debtor, Circuit City Stores, Inc. ("Debtor" or "Circuit City"), to appear for examination and produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, Schimenti Construction represents as follows:

**Background**

1.     On November 10, 2009, the Debtor filed a voluntary petition seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.     Schimenti Construction has a claim that is partially secured and unsecured against the Debtor arising from two contractual agreements for the construction and fit-out of Debtor's stores located at 1200 Route 22 East, North Plainfield, New Jersey (the "North Plainfield Store") and at 5th Avenue, New York, New York (the "New York Store") respectively.

3.     Prior to executing the construction contracts referenced above, the Debtor entered into non residential lease agreements with N Plainfield VF, LLC ("N Plainfield VF") for the

premises on which the North Plainfield Store is located and with Green 521 Fifth Avenue, LLC

("Green 521") for the premises on which the New York Store is located.

    4.    The Debtor has rejected both lease agreements.

**Argument**

    5.    Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that "[u]pon

motion of any party in interest, the Court may order the examination of any entity." Fed. R.

Bankr. P. 2004. The scope of the examination is broad, including inquiry into the "acts, conduct,

or property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate." Id.

    6.    This Court, among others, has "long held that the scope of an examination under

Bankruptcy Rule 2004 is extremely wide; some going as far as saying that 2004 allows fishing

expeditions." In re Nucletron Manufacturing Corp., No. 93-34486S, 1994 WL 16191611

(Bankr.E.D.Va. 1994)(emphasis added); see also In re Kipp, 86 B.R. 490, 491 (Bankr.W.D.Tex.

1988)(noting that Rule 2004 "authorizes examination of any entity and the scope of such

examination is virtually unlimited, [and] [a]s many courts have noted, the Rule allows an

unrestricted fishing expedition."); In re Cliffe, 97 F. 540 (E.D.Pa. 1899) (former provision of this

title "did not in any way limit the right . . . to examine any competent witness concerning the

acts, conduct, or property of the bankrupt"); In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr

D. Mass 1983))(same).

    7.    Examination of the Debtor is necessary for Schimenti Construction to determine

whether the lease agreements for the North Plainfield Store and/or New York Store or any other

agreements by and between the Debtor and any other party, including any lenders, provided for

allowances or credits for the work performed by Schimenti Construction; and to determine

whether the Debtor, pursuant to applicable law and/or contract, properly segregated trust funds

held for the benefit of Schimenti Construction and its subcontractors and suppliers.

8.      In order to have the examination proceed efficiently, it is necessary that the Debtor, as

soon as practicable before the examination, and pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure, produce the documents described in **Exhibit A** hereto.

**Relief Requested**

9.      The Creditor proposes to conduct the examination of Debtor pursuant to Rule 2004 of

the Federal Rules of Bankruptcy Procedure at the offices of LeClair Ryan at 951 East Byrd

Street, Richmond, Virginia on **June 30, 2009** at 10:00 a.m.  The examination shall be continued

from day to day, excluding weekends and holidays, if not completed on that date.

**WHEREFORE**, Creditor, Schimenti Construction, respectfully requests that the Court

issue an Order substantially in the form attached hereto as Exhibit B:

1.      Directing Circuit City Stores, Inc. to designate a representative(s) or other designee(s)

to appear for examination, as set forth above, pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure to testify regarding Debtor's relationships with Schimenti Construction

and the landlords for the North Plainfield Store and New York Store and the Debtor's leasing,

financing, design, construction and operation of the North Plainfield Store and New York Store.

2.      Directing Debtor to produce at the offices of LeClair Ryan at Riverfront Plaza, East

Tower, 951 East Byrd Street, Richmond, Virginia, no later than the close of business on June 22

2009 all documents described in **Exhibit A** attached hereto pursuant to Rule 2004 of the Federal

Rules of Bankruptcy Procedure.

SCHIMENTI CONSTRUCTION
COMPANY, LLC

/s/  Christopher L. Perkins
Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of June 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons appearing below:

Daniel F. Blanks, Esquire
Douglas M. Foley, Esquire
McGuire Woods LLP
9000 World Trade Center
101 W. Main Street
Norfolk, VA  23510
*Counsel for Debtors*

Dion W. Hayes, Esquire
James S. Sheerin, Esquire
Sarah Beckett Boehm, Esquire
McGuire Woods LLP
Ones James Center
901 E. Cary Street
Richmond, VA  23219
*Counsel for Debtors*

Gregg M. Galardi, Esquire
Skadden Arps Slate Meagher & Flom, LLC
One Rodney Square
Post Office Box 636
Wilmington, Delaware  19899-0636
*Counsel for Debtors*

Chris L. Dickerson, Esquire
Skadden Arps Slate Meagher & Flom, LLC
333 West Wacker Drive
Chicago, IL  60606
*Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219
*Office of the U.S. Trustee*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia   23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Strang Ziehl & Jones LLP
780 Third Aenue, 26th Floor
New York, New York  10017
*Counsel for the Creditors Committee*

/s/  Christopher L. Perkins

# EXHIBIT A

# GENERAL INSTRUCTIONS

A.    The term "document" includes, but is not limited to, all letters, correspondence, writings, financial statements, rent rolls, operating reports, bank statements, bank reconciliations, receipts, invoices, canceled checks, check registers, cash receipts, leases, deeds of trust, mortgages, contracts, appraiser reports, purchase or sale agreements, proposals, and any other data compilation from which information may be obtained in the actual or constructive control or custody of the Debtor.

B.    The phrase "relating to" means consisting of, referring to, reflecting, or being legally, logically, or factually connected in any way with the subject matter.

C.    The terms "Debtor" or "Circuit City" mean Circuit City Stores, Inc.

D.    The term "N Plainfield VF" refers to Creditor, North Plainfield VF, LLC and any and all parent or subsidiary entities and all of its members, employees or other representatives.

E.    The term "Green 521" refers to Creditor, Green 521 Fifth Avenue, LLC and any and all parent or subsidiary entities and all of its members, employees or other representatives.

F.    The term "North Plainfield Store" refers to the Circuit City Store located at 1200 Route 22 East, North Plainfield, New Jersey.

G.    The term "New York Store" refers to the Circuit City Store located at at 5th Avenue, New York, New York.

H.    The term "Estate" means the bankruptcy estate of the Debtor in accordance with 11 U.S.C. § 541.

## <u>DOCUMENTS TO PRODUCE</u>

The documents to be produced include all of the following:

1.      Any and all documents, transmittals, correspondence, e-mail messages, or other records of communication between or among you and any person or entity concerning, referring or relating to the financing, leasing, design construction and/or operation of the North Plainfield Store.

2.      Any and all documents, transmittals, correspondence, e-mail messages, or other records of communication between or among you and any person or entity concerning, referring or relating to the financing, leasing, design, construction and/or operation of the New York Store.

3.      Any and all progress reports, job reports, field observation reports or minutes of meetings concerning, referring or relating to the design and construction of the North Plainfield Store.

4.      Any and all progress reports, job reports, field observation reports or minutes of meetings concerning, referring or relating to the design and construction of the New York Store.

5.      Any and all of Circuit City's interoffice correspondence, memoranda, documents, sketches, records of communications or email messages concerning, referring or relating to the North Plainfield Store.

6.      Any and all of Circuit City's interoffice correspondence, memoranda, documents, sketches, records of communications or email messages concerning, referring or relating to the New York Store.

7.      Any and all requests or applications for payment submitted by Schimenti Construction to Circuit City in connection with the North Plainfield Store.

8.      Any and all requests or applications for payment submitted by Schimenti Construction to Circuit City in connection with the New York Store.

9.    Any and all documents reflecting Circuit City's review, modification or approval of said request or applications for payment submitted by Schimenti Construction with respect to the North Plainfield Store and New York Store.

10.    Any and all plans, specifications, cost estimates, design narratives, design calculations (both by hand or by computer), addenda, sketches, drawings, general conditions, or contract documents by and between Circuit City and Schimenti Construction or by and between Circuit City and North Plainfield concerning, referring or relating to the North Plainfield Store.

11.    Any and all plans, specifications, cost estimates, design narratives, design calculations (both by hand or by computer), addenda, sketches, drawings, general conditions, or contract documents by and between Circuit City and Schimenti Construction or by and between Circuit City and Green 521 concerning, referring or relating to the New York Store.

12.    Any and all change orders, invoices, purchase orders, estimates, records of payment, or other documents concerning, referring or relating to the North Plainfield Store.

13.    Any and all change orders, invoices, purchase orders, estimates, records of payment, or other documents concerning, referring or relating to the New York Store.

14.    Copies of all checks issued by Circuit City to Schimenti Construction or North Plainfield VF in connection with the North Plainfield Store.

15.    Copies of all checks issued by Circuit City to Schimenti Construction or Green 521 in connection with the New York Store.

16.    Any and all documents relating to or evidencing any monies borrowed by Circuit City with respect to the North Plainfield Store or New York Store.

17.    Any and all documents relating to Debtor's liabilities to N Plainfield VF.

18.    Any and all documents relating to Debtor's liabilities to Green 521.

19.    Any and all documents relating to Debtor's liabilities to Schimenti Construction.

20.    Any and all agreements by and between Debtor and N Plainfield VF including all exhibits and/or amendments thereto.

21.    Any and all agreements by and between Debtor and Green 521 including all exhibits and/or amendments thereto.

22.    Any and all documents relating to any claims by N Plainfield VF against the Debtor.

23.    Any and all documents relating to any claims by Green 521 against the Debtor.

24.    Any and all accounting records, including job cost reports, relating to the costs associated with leasing, designing and constructing the North Plainfield Store.

25.    Any and all accounting records, including job cost reports, relating to the costs associated with leasing, designing and constructing the New York Store.

26.    Any and all documents, including without limitation accounting records and reports, reflecting allowances or other monies paid or reserved for the construction or fit out of the North Plainfield Store.

27.    Any and all documents, including without limitation accounting records and reports, reflecting allowances or other monies paid or reserved for the construction or fit out of the New York Store.

28.    Any and all documents identifying the employees, members or other representatives of Circuit City that communicated with North Plainfield VF and/or Schimenti Construction regarding the leasing, design and construction of the North Plainfield Store.

29.    Any and all documents identifying the employees, members or other representatives of Circuit City that communicated with North Plainfield VF and/or Schimenti Construction regarding the leasing, design and construction of the North Plainfield Store.

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., <u>et al.</u>, | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER RE: MOTION FOR EXAMINATION AND ORDER DIRECTING
DEBTOR, CIRCUIT CITY STORES, INC., TO PRODUCE DOCUMENTS
PURSUANT TOFEDERAL RULE OF BANKRUPTCY PROCEDURE RULE 2004**

Upon review of the Motion brought by Schimenti Construction Company, LLC ("Schimenti Construction") for an Order: (a) directing Circuit City Stores, Inc. to appear for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; and (b) directing Circuit City Stores, Inc. to produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1.      That the Motion is approved; and

2.      That Circuit City Stores, Inc. is to produce a representative(s) or other designee(s) to testify regarding Debtor's relationships with Schimenti Construction and the landlords for the North Plainfield Store and New York Store and the Debtor's leasing, financing, design, construction and operation of the North Plainfield Store and New York Store and such related topics.  Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, as requested in the Motion, the examination shall take place and said representative(s) or other designee(s) of Circuit City Stores, Inc. is directed to appear at the office of Creditor's counsel, LeClairRyan

located at 951 East Byrd Street, Richmond, Virginia beginning at **10:00 a.m. on June 30, 2009**,

or such other time as mutually agreed upon by Schimenti Construction and Circuit City Stores,

Inc., and continued from day to day, excluding weekends and holidays, until completed; and

      3.    That Circuit City Stores, Inc. is required to produce for examination and copying by

counsel for Creditor, Schimenti Construction Company, LLC, pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure at the offices of LeClairRyan located at 951 East Byrd

Street, Richmond, Virginia, no later than the close of business on **June 22, 2009**, the originals or

true and correct copies of all documents which are described in **<u>Exhibit A</u>** to Creditor's Motion.


Date: _____          _____
                                        _____

                                                United States Bankruptcy Judge



We ask for this:


/s/_____
Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686