**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 23 2009 at 11:00 a.m. (ET)**<br>**Obj. Due: July 6, 2009 at 4:00 p.m. (ET)** |

**SECOND INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT
AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD BEGINNING
<u>FEBRUARY 1, 2009 THROUGH APRIL 30, 2009</u>**

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | December 22, 2008 *Nunc Pro Tunc* to November 10, 2008 |
| Period for which Compensation and Expense Reimbursement is sought: | February 1, 2009 through April 30, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 33,894.50 |
| Amount of Expense reimbursement sought as actual, reasonable and necessary | $   0.00 |

This is an: _____ Monthly ____X____ Interim _____ Final Application

The total time expended in connection with the preparation of this fee application is approximately 5.0 hours and the corresponding compensation requested is approximately $700.00

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., <u>et al.</u>,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 23, 2009 at 11:00 a.m. (ET)**<br>**Obj. Due: July 6, 2009 at 4:00 p.m. (ET)** |

## SECOND INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING <u>FEBRUARY 1, 2009 THROUGH APRIL 30, 2009</u>

### INDEX

EXHIBIT A          Summary of Hours and Standard Fees Incurred by Professional

EXHIBIT B          Summary of Hours and Standard Fees Incurred by Category

EXHIBIT C          Summary of Out of Pocket Expenses

EXHIBIT C1         Detail of Out of Pocket Expenses

EXHIBIT D1-D5      Complete Accounting of Time Expended by Day by Professional by Category

EXHIBIT E          Copy of the KPMG Retention Order

EXHIBIT F          Copy of the KPMG Certification

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 23, 2009 at 11:00 a.m. (ET)**<br>**Obj. Due: July 6, 2009 at 4:00 p.m. (ET)** |

### SECOND INTERIM FEE APPLICATION OF KPMG LLP AS INDEPENDENT AUDITORS AND TAX CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD BEGINNING FEBRUARY 1, 2009 THROUGH APRIL 30, 2009

KPMG LLP, ("KPMG") as auditors and tax consultants to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") files this Second Interim Fee Application (the "Application"), pursuant to section 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 issued by the Executive Office for the United States Trustee (the "U.S. Trustee Guidelines"), and this Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 9, 2008 (the "Interim Compensation Order") (Docket No. 830), for the allowance of interim compensation for professional services performed by KPMG and reimbursement for actual and necessary expenses incurred for

the period beginning February 1, 2009 through April 30, 2009 (the "Compensation Period"), in the amount of $33,894.50 (the "Compensation Amount"), and respectfully represents:

**Background**

1.      On November 10, 2008 ('the Petition Date), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

2.      On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.

**Relief Requested**

3.      By this Court's Order, dated December 23, 2008, (the "Retention Order") the Debtors were authorized to retain KPMG as independent auditors and tax consultants effective as of the Petition Date.  The Retention Order authorized the Debtors to compensate KPMG in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such

other procedures as were fixed by order of the Court. A copy of the Retention Order is
attached hereto as Exhibit E.

## Summary of Application

4.      By this Application, and in accordance with the Interim
Compensation Order, KPMG requests allowance of compensation for services rendered
and actual and necessary expenses incurred in these cases for the period beginning
February 1, 2009 through April 30, 2009, and in connection therewith, requests
allowance of compensation in the amount of $33,894.50 for professional fees and
reimbursement of $0.00 for necessary and actual out-of-pocket expenses. KPMG's
request for compensation is broken down as follows:

| | | Requested | | Payments Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| Period Covered | Hours | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 2/1/2009 To 2/28/2009 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/1/2009 To 3/31/2009 | 0.0 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4/1/2009 To 4/30/2009 | 106.3 | $33,894.50 | $0.00 | $0.00 | $0.00 | $33,894.50 | $0.00 |
| **Grand Total** | **106.3** | **$33,894.50** | **$0.00** | **$0.00** | **$0.00** | **$33,894.50** | **$0.00** |

## Summary of Services During the Compensation Period

5.      This Application is KPMG's Second Interim Fee Application for
compensation and expense reimbursement filed in these cases. During the

Compensation Period, KPMG provided professional services to the Debtors in their efforts to navigate their business through the chapter 11 process.

6.      Set forth below is a summary of the services KPMG rendered to the Debtors during the Compensation Period as authorized by the Retention Order.

**Tax Consulting Services**

i.      Assisting with ongoing IRS examination issues, specifically focusing on refund claims, sale-leaseback claim, rebates & rewards;

ii.     General tax consulting on an as needed basis for general questions as well as answering questions associated with restructuring of NNIL, Circuit City Stores Puerto Rico LLC and InterTAN Canada Limited;

iii.    Proposed assistance with bankruptcy-related tax consulting services; and

iv.     Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time.

**Fee Statement and Fee Application Preparation**

i.      The billing procedures required by the U.S. Trustee Guidelines differ from KPMG's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in these cases have required effort to inform the timekeepers of their responsibilities, gather and review the detailed time entries and expenses and preparation of this Application.  Such activities included compiling and reviewing detailed time entries, compiling and reviewing detailed expenses incurred, preparing detailed and summary schedules of fees and expenses incurred, and drafting the narratives and schedules included in this Application.

7.      A summary of the hours and fees incurred by professional and category is annexed hereto as Exhibit A and Exhibit B, respectively, and described in

6

detail in the time records annexed hereto as Exhibits D1 – D5.   KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these chapter 11 cases and such records are maintained in the ordinary course of business.

8.     The fees applied for herein are based on the usual and customary fees KPMG charges to tax and audit clients and are commensurate with the usual and customary rates charged for services performed.

9.     During the Compensation Period, KPMG invoiced the Debtors for time expended by professionals related to Incremental Procedures due to bankruptcy based on hourly rates ranging from $138.00 to $613.00 per hour for a total of $33,894.50.   The rates reflected on this Application relating to the Incremental Procedures services represent a discount of approximately 30% to 45% of KPMG's standard rates.   Of the aggregate time expended, 8.0 hours were expended by partners and managing directors, 46.9 hours were expended by senior managers and managers and 51.4 hours were expended by senior associates and associates.   KPMG's blended hourly rate for services provided during the Compensation Period is $318.86.

10.     KPMG respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors in these cases to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in these chapter 11 cases.

11.     The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of these cases.  In rendering these services, KPMG has made every effort to maximize the benefit to the Debtors' estates, to work efficiently with the other professionals employed in these cases, and to leverage staff appropriately in order to minimize duplication of effort.

12.     During the Compensation Period, KPMG provided a focused range of professional services as requested by the Debtors.  KPMG respectfully submits that these services: (a) were necessary and beneficial to the successful and prompt administration of these cases; and (b) have been provided in a cost efficient manner.

**Summary of Actual and Necessary Expenses During the Compensation Period**

13.     As set forth on Exhibit C and C1, KPMG is not currently aware of any amounts owed for reimbursement of expenses during the Compensation Period.

**Reservation**

14.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.  Furthermore, KPMG reserves the right to seek final approval of the fees and expenses requested herein.

8

## **Conclusion**

15.    WHEREFORE, subject to the terms of the Interim Compensation

Order, KPMG respectfully requests that the Court approve the interim compensation of

$33,894.50 as compensation for professional services rendered during the

Compensation Period.


Respectfully submitted,

KPMG LLP (US)



*Christos M. Xystros*

_____                           June 15, 2009
Christos M. Xystros
Partner
KPMG  LLP
Dominion Tower
999 Waterside Dr
Norfolk, VA 23510-3310

Respectfully submitted by,

Dated: June 15, 2009        SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia   FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-0636
                            (302) 651-3000

                                   - and -

                            SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP
                            Chris L. Dickerson, Esq.
                            333 West Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                                   - and -

                            MCGUIREWOODS LLP

                            /s/ Douglas M. Foley          .
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession

**EXHIBIT A**
Circuit City Stores, Inc.
Summary Of Hours and Standard Fees Incurred By Professional
February 1, 2009 through April 30, 2009

| Professional | Position | Current Hours Billed | Hourly Rate | | Fees Billed |
|---|---|---|---|---|---|
| Conjura,Carol | Tax Partner | 7.0 | $ | 613 | $ | 4,287.50 |
| Croston,Paul William | Tax Partner | 1.0 | $ | 508 | $ | 507.50 |
| Gibbs,Paul Kevin | Tax Senior Manager | 40.5 | $ | 490 | $ | 19,845.00 |
| Degnan,Daniel J | Tax Manager | 0.6 | $ | 455 | $ | 273.00 |
| Sellers,Monica | Forensic Manager | 5.8 | $ | 330 | $ | 1,914.00 |
| Tatum,Pamela Renea | Forensic Associate | 51.4 | $ | 138 | $ | 7,067.50 |

**Total Hours and Fees at Discounted Rate**          **106.3**                    **$      33,894.50**

**Subtotal of Fees**                                                                  **$      33,894.50**
Out of Pocket Expenses                                                          $              -
**Net Requested Fees & Out of Pocket Expenses**                      **$      33,894.50**

**EXHIBIT B**

Circuit City Stores, Inc.
Summary of Hours and Standard Fees Incurred by Category
February 1, 2009 through April 30, 2009

| Category | Exhibit | Hours | Fees | |
|---|---|---|---|---|
| Audit 09 - Integrated Audit | D1 | - | $ | - |
| Tax Consulting - Restructuring | D2 | 49.1 | $ | 24,913.00 |
| FY09 Special Audit Related Services | D3 | - | $ | - |
| Employment/Fee Applications | D4 | 57.2 | $ | 8,981.50 |
| Audit 2/28/08-Retirement Plan | D5 | - | $ | - |
| **Total** | | **106.3** | **$** | **33,894.50** |

EXHIBIT C

Circuit City Stores, Inc.

Summary of Out of Pocket Expenses

February 1, 2009 through April 30, 2009

| Category | Amount |
|---|---|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | - |
| **Total** | **$ -** |

EXHIBIT C1

Circuit City Stores, Inc.
Detail of Out of Pocket Expenses
February 1, 2009 through April 30, 2009

| Name | Date | Description | Amount |
|------|------|-------------|--------|
| | | Air Fare Subtotal | $          - |
| | | Lodging Subtotal | $          - |
| | | Meals Subtotal | $          - |
| | | Ground Transportation Subtotal | $          - |
| | | Miscellaneous Subtotal | $          - |
| | | Total Out of Pocket Expenses | $          - |

EXHIBIT H

Circuit City Stores, Inc.
Audit 09 - Integrated Audit
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | **Audit 09 - Integrated Audit Services Monthly Installment** | **0.0** | $    - |

EXHIBIT D2

Circuit City Stores, Inc.
Tax Consulting - Restructuring
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Gibbs,Paul Kevin | 13-Mar-09 | Conference call with J. McDonald (CCS), G. Ridgeway (CCS) discussing technical areas to address in TAM (Technical Advice Memorandum). | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 16-Mar-09 | Research and drafting of Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 4.0 | $ 490.00 | $ 1,960.00 |
| Gibbs,Paul Kevin | 17-Mar-09 | Research and drafting of Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 2.9 | $ 490.00 | $ 1,421.00 |
| Gibbs,Paul Kevin | 17-Mar-09 | Continue drafting of Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 1.6 | $ 490.00 | $ 784.00 |
| Gibbs,Paul Kevin | 18-Mar-09 | Research and drafting of Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 27-Mar-09 | Review IRS authorities factual write-up and analyze technical arguments and suggest revisions. | 1.5 | $ 490.00 | $ 735.00 |
| Conjura,Carol | 30-Mar-09 | Conference call with J. McDonald (CCS), G. Ridgeway (CCS) discussing the facts for the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 1.0 | $ 612.50 | $ 612.50 |
| Gibbs,Paul Kevin | 30-Mar-09 | Review IRS authorities and analyze technical arguments. | 3.0 | $ 490.00 | $ 1,470.00 |
| Gibbs,Paul Kevin | 31-Mar-09 | Conference call with C. Conjura (KPMG) P. Croston (KPMG), J. McDonald (CCS), Gail Ridgeway (CCS) discussing the facts for the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 1.0 | $ 490.00 | $ 490.00 |
| Croston,Paul William | 31-Mar-09 | Conference call with C. Conjura (KPMG), P. Gibbs (KPMG), J. McDonald (CCS), Gail Ridgeway (CCS) discussing the facts for the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 1.0 | $ 507.50 | $ 507.50 |

EXHIBIT D2

Circuit City Stores, Inc.
Tax Consulting - Restructuring
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Conjura,Carol | 31-Mar-09 | Conference call with P. Croston (KPMG), P. Gibbs (KPMG), J. McDonald (CCS), Gail Ridgeway (CCS) discussing the facts for the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim that is currently being discussed with the Internal Revenue Service. | 1.0 | $ 612.50 | $ 612.50 |
| Gibbs,Paul Kevin | 03-Apr-09 | Review procedural requirements under Rev. Proc. 2009-2 as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 0.5 | $ 490.00 | $ 245.00 |
| Gibbs,Paul Kevin | 03-Apr-09 | Review and revise IRS write-up as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 1.5 | $ 490.00 | $ 735.00 |
| Gibbs,Paul Kevin | 03-Apr-09 | Research additional technical authorities cited by the IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 06-Apr-09 | Research additional technical authorities cited by the IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 3.1 | $ 490.00 | $ 1,519.00 |
| Gibbs,Paul Kevin | 06-Apr-09 | Continue to research additional technical authorities cited by the IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 1.4 | $ 490.00 | $ 686.00 |
| Gibbs,Paul Kevin | 07-Apr-09 | Research additional technical authorities cited by the IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 3.9 | $ 490.00 | $ 1,911.00 |
| Gibbs,Paul Kevin | 07-Apr-09 | Continue to research additional technical authorities cited by the IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 1.1 | $ 490.00 | $ 539.00 |
| Conjura,Carol | 08-Apr-09 | Review of IRS Form 8886 Reportable Transaction Disclosure Statement and discussion of Technical Advice Memorandum approach for sale leaseback transactions. | 3.0 | $ 612.50 | $ 1,837.50 |
| Gibbs,Paul Kevin | 08-Apr-09 | Research additional technical authorities and draft Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM"). | 4.0 | $ 490.00 | $ 1,960.00 |

EXHIBIT D2

Circuit City Stores, Inc.
Tax Consulting - Restructuring
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Gibbs,Paul Kevin | 09-Apr-09 | Research additional technical authorities and draft supplemental submission to the Technical Advice Memorandum ("TAM"). | 1.5 | $ 490.00 | $ 735.00 |
| Gibbs,Paul Kevin | 09-Apr-09 | Address partner review comments regarding the Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM"). | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 09-Apr-09 | Address additional review comments regarding the Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM"). | 1.0 | $ 490.00 | $ 490.00 |
| Gibbs,Paul Kevin | 09-Apr-09 | Make initial final revisions to the Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM") and send to client. | 0.5 | $ 490.00 | $ 245.00 |
| Gibbs,Paul Kevin | 13-Apr-09 | Conference call with C. Conjura (KPMG), J. McDonald (CCS), G. Ridgeway (CCS) discussing client comments regarding Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM"). | 1.5 | $ 490.00 | $ 735.00 |
| Gibbs,Paul Kevin | 14-Apr-09 | Make additional revisions and edits regarding the Circuit City Stores' supplemental submission to the Technical Advice Memorandum ("TAM"). | 1.5 | $ 490.00 | $ 735.00 |
| Degnan,Daniel J | 15-Apr-09 | Review technical advice memorandum prepared by P. Gibbs and C. Conjura (both KPMG). | 0.6 | $ 455.00 | $ 273.00 |
| Gibbs,Paul Kevin | 15-Apr-09 | Prepare deletions statement listing the desired deletions, which is required to be attached to the submission by Rev. Proc. 2009-2. | 1.0 | $ 490.00 | $ 490.00 |
| Conjura,Carol | 17-Apr-09 | Review responses to questions on bankruptcy impact from IRS as it relates to the Technical Advice Memorandum ("TAM") related to the Sale-Leaseback claim. | 2.0 | $ 612.50 | $ 1,225.00 |
| **Tax Consulting - Restructuring Total** | | | **49.1** | | **$ 24,913.00** |

EXHIBIT D3

Circuit City Stores, Inc.
FY09 Special Audit Related Services
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | **FY09 Special Audit Related Services Total** | **0.0** | | **$      -** |

Circuit City Stores, Inc.
Employment/Fee Applications
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 02-Feb-09 | Review January time and expense details for Circuit City. | 3.9 | $ 137.50 | $ 536.25 |
| Tatum,Pamela Renea | 02-Feb-09 | Continue to review January time and expense details for Circuit City. | 2.1 | $ 137.50 | $ 288.75 |
| Tatum,Pamela Renea | 03-Feb-09 | Review January time and expense details for Circuit City. | 3.0 | $ 137.50 | $ 412.50 |
| Tatum,Pamela Renea | 04-Feb-09 | Prepare a draft invoice for the January time and expense to present to management. | 2.0 | $ 137.50 | $ 275.00 |
| Tatum,Pamela Renea | 05-Feb-09 | Prepare the Circuit City January time details for the manager and attorney's review. | 1.5 | $ 137.50 | $ 206.25 |
| Sellers,Monica | 06-Feb-09 | Review Circuit City detail and provide revisions and comments prior to finalization. | 1.2 | $ 330.00 | $ 396.00 |
| Tatum,Pamela Renea | 06-Feb-09 | Prepare the delimited file for November and December monthly fee statements as requested by the United States TrUnited States Trusteeee. | 2.7 | $ 137.50 | $ 371.25 |
| Sellers,Monica | 09-Feb-09 | Review time detail and provide for inclusion into fee statement. | 0.5 | $ 330.00 | $ 165.00 |
| Tatum,Pamela Renea | 09-Feb-09 | Revise the Circuit City January fee statement with comments from the manager and attorney's review. | 2.9 | $ 137.50 | $ 398.75 |
| Tatum,Pamela Renea | 09-Feb-09 | Prepare the final draft January fee statement for review. | 2.1 | $ 137.50 | $ 288.75 |
| Tatum,Pamela Renea | 10-Feb-09 | Revise the January fee statement. | 0.5 | $ 137.50 | $ 68.75 |
| Sellers,Monica | 10-Feb-09 | Respond to emails and research regarding billings. | 0.4 | $ 330.00 | $ 132.00 |
| Sellers,Monica | 10-Feb-09 | Conference call with S. Carlin, C. Xystros, J. McMahon and P. Tatum (all KPMG) regarding January fee statement billings and go-forward procedures. | 0.6 | $ 330.00 | $ 198.00 |
| Tatum,Pamela Renea | 10-Feb-09 | Conference call with S. Carlin, C. Xystros, J. McMahon and P. Tatum (all KPMG) regarding January fee statement billings and go-forward procedures. | 0.6 | $ 137.50 | $ 82.50 |
| Sellers,Monica | 10-Feb-09 | Review fee statement and provide comments and revisions. | 0.4 | $ 330.00 | $ 132.00 |
| Tatum,Pamela Renea | 11-Feb-09 | Revise the January fee statement based on managers comments. | 0.6 | $ 137.50 | $ 82.50 |
| Tatum,Pamela Renea | 11-Feb-09 | Send the November and December delimited files to the United States Trustee as requested. | 0.3 | $ 137.50 | $ 41.25 |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Tatum,Pamela Renea | 12-Feb-09 | Consult with manager on January invoice and second supplemental invoice for remaining unbilled fees. | 0.7 | $ 137.50 | $ 96.25 |
| Tatum,Pamela Renea | 12-Feb-09 | Conference call with S. Carlin, C. Xystros, J. McMahon and P. Tatum (all KPMG) regarding January fee statement and go-forward procedures. | 0.5 | $ 137.50 | $ 68.75 |
| Sellers,Monica | 23-Feb-09 | Conference call with S. Carlin, C. Xystros, J. McMahon and P. Tatum (all KPMG) regarding January fee statement and go-forward procedures. | 0.5 | $ 330.00 | $ 165.00 |
| Sellers,Monica | 23-Feb-09 | Review revised fee statement and provide revisions. | 0.2 | $ 330.00 | $ 66.00 |
| Sellers,Monica | 25-Feb-09 | Review and revise draft fee statement. | 0.1 | $ 330.00 | $ 33.00 |
| Tatum,Pamela Renea | 25-Feb-09 | Prepare the draft statement and provide documents to Steve Carlin regarding the unpaid amounts related to the Integrated Audit. | 1.3 | $ 137.50 | $ 178.75 |
| Sellers,Monica | 26-Feb-09 | Continue to review and revise draft fee statement and provide comments prior to finalization. | 0.2 | $ 330.00 | $ 66.00 |
| Tatum,Pamela Renea | 26-Feb-09 | Review the December and January K&S invoice and process for payment through OGC. | 0.6 | $ 137.50 | $ 82.50 |
| Tatum,Pamela Renea | 26-Feb-09 | Finalize the January 2009 fee statement for Circuit City and send to the attorney to serve. | 1.2 | $ 137.50 | $ 165.00 |
| Tatum,Pamela Renea | 26-Feb-09 | Finalize the January 2009 delimited Circuit City file for the United States Trustee. | 1.1 | $ 137.50 | $ 151.25 |
| Tatum,Pamela Renea | 03-Mar-09 | Prepare the 1st interim fee application for the period of November 10, 2008 through January 21, 2009. | 4.0 | $ 137.50 | $ 550.00 |
| Tatum,Pamela Renea | 03-Mar-09 | Continue to prepare the 1st interim fee application for the period of November 10, 2008 through January 21, 2009. | 4.0 | $ 137.50 | $ 550.00 |
| Tatum,Pamela Renea | 04-Mar-09 | Prepare the First Interim fee application Narrative for the period of November 10, 2008 through January 21, 2009. | 2.9 | $ 137.50 | $ 398.75 |
| Tatum,Pamela Renea | 04-Mar-09 | Prepare the FY09 Integrated Audit unbilled fees letter. | 2.6 | $ 137.50 | $ 357.50 |
| Sellers,Monica | 05-Mar-09 | Review draft interim fee application and narrative and provide initial comments and revisions. | 0.8 | $ 330.00 | $ 264.00 |
| Tatum,Pamela Renea | 05-Mar-09 | Draft narrative, excel files and PDF's related to the first interim fee application and provide to the manager for review. | 3.3 | $ 137.50 | $ 453.75 |

EXHIBIT D4

Circuit City Stores, Inc.
Employment/Fee Applications
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| Sellers,Monica | 06-Mar-09 | Review email regarding additional work and discuss with P. Tatum (KPMG). | 0.3 | $ 330.00 | $ 99.00 |
| Tatum,Pamela Renea | 06-Mar-09 | Revise draft narrative, excel files and PDF's related to the first interim fee application based on the manager review. | 2.9 | $ 137.50 | $ 398.75 |
| Sellers,Monica | 09-Mar-09 | Review narrative and excel file for interim and reply with comments. | 0.2 | $ 330.00 | $ 66.00 |
| Sellers,Monica | 12-Mar-09 | Review interim fee application documents and provide comments. | 0.4 | $ 330.00 | $ 132.00 |
| Tatum,Pamela Renea | 16-Mar-09 | Finalize the First Interim application for the period of November 10, 2008 through January 31, 2009. | 2.9 | $ 137.50 | $ 398.75 |
| Tatum,Pamela Renea | 18-Mar-09 | Provide January delimited file to the United States Trustee. | 0.4 | $ 137.50 | $ 55.00 |
| Tatum,Pamela Renea | 20-Apr-09 | Prepare First Interim Invoice request since Order has been entered and approved. | 0.8 | $ 137.50 | $ 110.00 |
| **Employment/Fee Applications Total** | | | **57.2** | | **$ 8,981.50** |

**EXHIBIT D5**

Circuit City Stores, Inc.
Audit 2/28/08-Retirement Plan
February 1, 2009 through April 30, 2009

| Name | Date | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | **Audit 2/28/08-Retirement Plan Total** | 0.0 | $0.00 |

EXHIBIT E

KPMG Retention Order

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

                   - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION
- - - - - - - - - - - - - - X
In re:                            :    Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :    1Case No. 08-35653 (KRH)
et al.,                           :
                                  :
              Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

                 **ORDER AUTHORIZING THE DEBTORS**
           **TO RETAIN AND EMPLOY KPMG LLP AS AUDITORS**
         **AND TAX CONSULTANTS EFFECTIVE AS OF THE PETITION DATE**

        Upon the application (the "Application") of the

above-captioned debtors  ("Debtors"), for the entry of

an order pursuant to sections 327(a) and 328(a) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "Bankruptcy Code"), Rule 2014(a) of the Federal



0835653081224000000000006

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")
and Rule 2014-1 of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy
Court for the Eastern District of Virginia (the "<u>Local
Rules</u>"), authorizing them to employ and retain KPMG LLP
("<u>KPMG</u>") as auditors and tax consultants to the Debtors
in the above-captioned chapter 11 cases effective as of
the Petition Date;[1] and upon the Declaration of Christos
M. Xystros, a CPA and partner at KPMG (the
"<u>Declaration</u>") in support thereof; and the Court being
satisfied based on the representations made in the
Application and in the Declaration that KPMG does not
hold or represent an interest adverse to the Debtors'
estates, that they are disinterested persons as that
term is defined under section 101(14) of the Bankruptcy
Code, as modified by section 1107(b) of the Bankruptcy
Code, and that their employment is necessary and in the
best interests of the Debtors' estates; the terms of the
Engagement Letters are reasonable terms for the purposes
of section 328(a) of the Bankruptcy Code; and
consideration of the Application and the relief

---

[1]  Capitalized terms not otherwise defined herein shall have
the definitions ascribed to them in the Application.

requested therein being a core proceeding pursuant to 28
U.S.C. § 157(b); and venue being proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due
and proper notice of the Application having been
provided; and it appearing that no other or further
notice need be provided; and after due deliberation and
sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED that**:

1.    The Application is granted as modified
herein.

2.    In accordance with sections 327(a) and
328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and
Local Rule 2014-1, the Debtors are authorized to employ
and retain KPMG as auditors and tax consultants to the
Debtors on the terms set forth in the Application and
the Engagement Letters, as modified by this Order.

3.    KPMG shall be compensated in accordance
with the procedures set forth in Bankruptcy Code
sections 330 and 331 and such Bankruptcy and Local Rules
as may then be applicable, from time to time, and such
procedures as may be fixed by order of this Court..

4.    The terms and conditions of the

Engagement Letters, as modified by this Order, are approved.

5.      To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Bankruptcy Court and serve such engagement letter(s) upon the United States Trustee for the Eastern District of Virginia, counsel to the Debtors', Local Restructuring counsel to the Debtors', and counsel to the Official Committee of Unsecured Creditors. To the extent any of such parties' object, within 10 days of such new engagement letters being served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court.  All additional services will be subject to the provisions of this Order.

6.      The following terms apply during the pendency of the Debtors' Chapter 11 Cases:

> (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Engagement Letters and the Application, unless such services and indemnification therefore are approved by the Court; provided, that to

the extent additional engagement letters
are filed with the Court and no parties
object to such engagement letters in
accordance with the procedures described
in the immediately preceding Ordered
paragraph, such engagement letters shall
be deemed approved by the Court;

(b) The Debtors shall have no obligation to
indemnify KPMG, or provide contribution
or reimbursement to KPMG, for any claim
or expense that is either:
(i) judicially determined (the
determination having become final) to
have arisen from KPMG's bad faith, self-
dealing, breach of fiduciary duty (if any
such duty exists), gross negligence or
willful misconduct; or (ii) judicially
determined (the determination having
become final), based on a breach of
KPMG's contractual obligations to the
Debtor; or (iii) settled prior to a
judicial determination as to the
exclusions set forth in clauses (i) and
(ii) immediately above, but determined by
the Court, after notice and a hearing to
be a claim or expense for which KPMG
should not receive indemnity,
contribution or reimbursement under the
terms of KPMG's retention by the Debtors
pursuant to the terms of the Engagement
Letters and Application, as modified by
this Order; and

(c) If, before the earlier of: (i) the entry of
an order confirming a chapter 11 plan in
this case (that order having become a
final order no longer subject to appeal);
and (ii) the entry of an order closing
these chapter 11 cases, KPMG believes
that it is entitled to the payment of any
amounts by the Debtors on account of the
Debtors' indemnification, contribution

and/or reimbursement obligations under
the Engagement Letters (as modified by
this Order) and Application, including
without limitation the advancement of
defense costs, KPMG must file an
application therefore in this Court, and
the Debtors may not pay any such amounts
to KPMG before the entry of an order by
this Court approving the payment.  This
subparagraph (c) is intended only to
specify the period of time under which
the Court shall have jurisdiction over
any request for fees and expenses by KPMG
for indemnification, contribution or
reimbursement, and not a provision
limiting the duration of the Debtors'
obligation to indemnify KPMG.  All
parties in interest shall retain the
right to object to any demand by KPMG for
indemnification, contribution or
reimbursement; and it is further

7.   The Debtors shall comply with the notice
requirement set forth in paragraph 4(c) of KPMG's
Standard Terms and Conditions for Advisory and Tax
Services (the "Standard Terms and Conditions"),
including providing the written notice required prior to
disseminating or advancing any of KPMG's advice,
recommendations, information, or work product to third
parties.

8.   During the pendency of the Chapter 11
Cases, paragraph 6 of the Standard Terms and Conditions
is deleted.

9.     Notwithstanding anything in the
Application or the Engagement Letters to the contrary,
during the pendency of the Chapter 11 Cases, this Court
retains exclusive jurisdiction over all matters arising
out of and/or pertaining to KPMG's engagement until such
jurisdiction is relinquished.

10.     The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

11.     This Court shall retain jurisdiction with
respect to all matters arising or related to the
implementation of this Order.


Dated:   Richmond, Virginia
          Dec 23 2008          , 2008


                    /s/ Kevin Huennekens
                    UNITED STATES BANKRUPTCY JUDGE


           Entered on Docket:  12/24/08

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

       - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

       - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

       I hereby certify that proposed order has been
endorsed by or served upon all necessary parties.

                              /s/ Douglas M. Foley

# Exhibit F

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CIRCUIT CITY STORES, INC., et al.,** | **Case No. 08-35653 (KRH)** |
| **Debtors.** | **(Jointly Administered)**<br>**Hrg. Date: July 23, 2009 at 11:00 a.m. (ET)**<br>**Obj. Due: July 6, 2009 at 4:00 p.m. (ET)** |

## DECLARATION PURSUANT TO RULE 2016-1 OF THE
## LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE
## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

I, Christos M. Xystros, being duly sworn, deposes and says:

1.     I am a Certified Public Accountant and a partner of KPMG LLP ("KPMG"), a professional services firm.

2.     By Order dated December 23, 2008, KPMG was retained as independent auditors and tax consultants of the above captioned debtors (the "Debtors").  I submit this Declaration in conjunction with KPMG's second interim fee application for compensation and allowance of expenses for the period February 1, 2009 through April 30, 2009 (the "Application").

3.     I have personally performed some of the services rendered by KPMG to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the professionals of KPMG.

4.     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for

the Eastern District of Virginia, and submit that the Application substantially complies with such

Rule.

        I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2009.

_____
Christos M. Xystros