IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., ET AL., | ) | Case No. 08-35653 |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

RESPONSE OF VECTOR SECURITY, INC. TO
DEBTORS' FIFTH OMNIBUS OBJECTION TO
CERTAIN MISCLASSIFIED NON-GOODS 503(b)(9) CLAIMS

Vector Security, Inc. (hereinafter "Vector"), by counsel, a creditor in the above-captioned Chapter 11 cases, hereby respectfully submits its Response to the Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims (hereinafter, the "Debtors' Objection"):

I. **CLAIM BACKGROUND**

1. Vector has timely filed a proof of claim, No. 1148, in the total amount of $300,529.80, accompanied by documentation, including purchase orders and invoices, all of which is hereby incorporated by reference as if fully set forth herein. The claim is for security equipment delivered and installed to numerous Circuit City locations, as is more specifically detailed in the proof of claim.

Robert S. Westermann, VSB No. 43294
Hirschler Fleischer, P.C.
2100 East Cary Street
The Edgeworth Building
Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
Counsel for Vector Security, Inc.

Ronald D. Morelli, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-4351
Facsimile: (412) 263-4228
Counsel for Vector Security, Inc.

2.  Vector's Proof of Claim, No. 1148, was filed as a priority claim under Section 503(b)(9) of the Bankruptcy Code, and the Debtors' Objection asserts that Vector's claim is not for the value of goods received by the Debtors within the 20-day period before the commencement of the Debtors' bankruptcy cases on November 10, 2008, as required by Section 503(b)(9).

## II.  RESPONSE TO DEBTORS' CLAIM OBJECTION

3.  Vector has reviewed its Proof of Claim No. 1148, and has determined that some of the components of that claim may not meet the requirements of Section 503(b)(9), while portions of the claim remain entitled to priority under Section 503(b)(9) as representing the value of "goods" received by the Debtors within the 20-day period before the commencement of these bankruptcy proceedings (or on or after October 21, 2008). Consequently, Vector opposes the reclassification of its claim to the extent that the requirements of Section 503(b)(9) are met.

4.  Attached hereto as **Exhibit A** is Vector's recalculation of the portion of its claim that represents the value of goods delivered to the Debtors on or after October 21, 2008, so as to be entitled to priority under Section 503(b)(9) of the Bankruptcy Code. Such recalculation is based upon the following information and assumptions, which are fair and reasonable assumptions, to the best of Vector's knowledge, information, and belief. Vector reserves the right to supplement this Response with additional documentation and information, as may be appropriate:[1]

   a.  Vector has excluded, from its revised priority calculation, the portion of its claim designated in its claim as for "Service," totaling $4,823.04.
   b.  Vector has excluded, from its revised priority calculation, amounts due for jobs for which, according to Vector's records, the completion date was prior to October 21, 2008.

---

[1] A sworn declaration verifying the facts set forth in this Response is attached hereto as **Exhibit B**.

-2-

c.  Vector claims entitlement to priority, under Section 503(b)(9), for the three jobs listed on **Exhibit A** that were, according to Vector's records, completed after October 21, 2008 and before the bankruptcy filing date of November 10, 2008. Such contracts were for the delivery and installation of goods, i.e., security equipment to the Debtors. The records for each job are too voluminous for attachment to this Response, although Vector reserves the right to supplement this Response with additional documentation as may be required. However, Vector also bases its revised calculations on the following reasonable assumptions:

(1)  Based upon Vector's extensive experience with the delivery and installation of security equipment, in jobs similar to those performed for the Debtors, approximately 42% of the total cost of each job represents the cost of the equipment to be installed, exclusive of labor and other job-related expenses. Therefore, on **Exhibit A**, Vector has based its revised priority calculation on only 42% of the total unpaid invoice amount for these three jobs.

(2)  The start and completion dates for the three jobs, together with the estimated total working days to complete each job, according to Vector's records, are set forth in **Exhibit A**.

(3)  Based upon Vector's extensive experience with the delivery and installation of security equipment, in jobs similar to those performed for the Debtors, the initial portion of each job represents site preparation prior to the delivery of equipment, and for the three jobs at issue, the number of working days devoted to such preliminary work is set forth in **Exhibit A** as "Prewire Time." Furthermore, when the equipment installation portion of each job commences, it is a reasonable estimate that the actual delivery of equipment to the job site may be pro-rated among the remaining days of the job.

(4)  Vector's revised priority calculation, as set forth in **Exhibit A**, represents (a) only the portion of the total unpaid invoice amount attributable to the cost of equipment delivered to the Debtors and (b) a pro-rated portion of the equipment cost for the working days of installation occurring on or after October 21, 2008 and prior to the bankruptcy filing date on November 10, 2008.

5.  Based upon the information and assumptions set forth above, and upon the calculations set forth at **Exhibit A**, Vector respectfully submits that the portion of its claim that represents the value of goods delivered to the Debtors within the 20-day period prior to the commencement of these bankruptcy proceedings totals $17,477.63, and, accordingly, Vector opposes reclassification of its entire claim and requests that its claim be afforded priority, pursuant to Section 503(b)(9), in the amended amount set forth herein or as the Court may determine after notice and hearing.

6.    Nothing herein shall be deemed a waiver by Vector as to the total amount of its proof of claim as set forth in Claim No. 1148.

7.    Person to contact to reconcile, settle, or otherwise resolve the Response to the Debtors' Objection on behalf of Vector:

Ronald D. Morelli, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
38th Floor, One Oxford Centre
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-4351
Facsimile: (412) 263-4228

### III.    CONCLUSION

WHEREFORE, for the reasons set forth above, it is respectfully requested that the Court (1) deny the relief requested in the Debtors' Objection as set forth therein, (2) allow Vector's claim as a priority claim under Section 503(b)(9) of the Bankruptcy Code in a modified amount determined as set forth above, and (3) grant Vector such other and further relief as may be appropriate and just.

Date: June 15, 2009            VECTOR SECURITY, INC.

By:    /s/   Robert S. Westermann
           Counsel

| | |
|---|---|
| Robert S. Westermann, VSB No. 43294 | Ronald D. Morelli, Esq. |
| HIRSCHLER FLEISCHER, P.C. | PIETRAGALLO GORDON ALFANO |
| 2100 East Cary Street | BOSICK & RASPANTI, LLP |
| The Edgeworth Building | 38th Floor, One Oxford Centre |
| Richmond, Virginia 23223 | Pittsburgh, Pennsylvania 15219 |
| Telephone: (804) 771-9500 | Telephone: (412) 263-4351 |
| Facsimile: (804) 644-0957 | Facsimile: (412) 263-4228 |
| Email: rwestermann@hf-law.com | Email: RDM@Pietragallo.com |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, a true and complete copy of the foregoing Response was filed and served electronically using the Bankruptcy Court's ECF System and was sent by first class mail, postage prepaid, to the parties below at the addresses indicated:

Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Counsel for the Debtors

Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, Delaware 19899
Counsel for the Debtors

Robert J. Feinstein, Esq.
Pachulski, Stang, Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Counsel for the Official Committee of Unsecured Creditors

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Counsel for the Official Committee of Unsecured Creditors

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

                                                      /s/ Robert S. Westermann