Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**SECOND INTERIM APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF MCGUIREWOODS LLP,
CO-COUNSEL TO THE DEBTORS, FOR SERVICES
RENDERED FROM FEBRUARY 1, 2009 THROUGH APRIL 30, 2009**

McGuireWoods LLP ("MW"), in its capacity as co-counsel

to the debtors and debtors in possession in the above-

captioned jointly administered cases (collectively, the

"Debtors"),[1] submits the following as its Second Interim

Application for Compensation and Reimbursement of Expenses

for Services Rendered from February 1, 2009 through April

30, 2009 (the "Application") pursuant to 11 U.S.C. §§ 330,

331 and 503(b) and Federal Rule of Bankruptcy Procedure

2016.  MW certifies that the Debtors have received a copy of

this Application, but have not completed their review.  In

addition, MW certifies that a copy of this Application has

been served on the Office of the United States Trustee and

counsel for the Official Committee of Unsecured Creditors.

For its Application, MW seeks the entry of an order,

substantially in the form attached hereto as <u>Exhibit A</u>,

granting interim approval of compensation in the amount of

$706,661.50 and reimbursement of expenses in the amount of

$9,794.66 for services rendered by MW from February 1, 2009

through April 30, 2009 (the "Application Period").  In

---

[1]     The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,
Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

support of the Application, MW respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The bases for the relief requested herein are sections 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2016.

## BACKGROUND

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Committee").   To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent.  On January 17, 2009, the agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

**MCGUIREWOODS LLP'S EMPLOYMENT**

7.    On November 18, 2008, MW filed an Application to Employ and Retain McGuireWoods LLP as Counsel for the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 329 (Docket No. 191) (the "Employment Application").

8.    On December 8, 2008, the Court entered an order authorizing the employment of MW as counsel to the Debtors (Docket No. 791) (the "Employment Order").

9.    By this Application, MW is seeking, inter alia, interim approval of its compensation and reimbursement of expenses pursuant to the Employment Order and pursuant to

4

sections 330, 331 and 503(b) of the Bankruptcy Code for the
period of February 1, 200 through April 30, 2009.

10.  MW charges legal fees on an hourly basis at its
attorneys' and paraprofessionals' hourly rates, which rates
are set in accordance with the attorney's or
paraprofessional's seniority and experience and are adjusted
from time to time.  MW also charges the Debtors for its
actual out-of-pocket expenses incurred including, but not
limited to, photocopying, long distance telephone calls,
messenger services, computer research, travel expenses,
overnight mail and court fees.  MW's fee structure and
expense reimbursement policies were disclosed in MW's
Employment Application, to which no party objected and this
Court approved.  See Docket Nos. 191, 791.

11.  The names of all MW attorneys and
paraprofessionals who have worked on this matter and their
respective hourly rates are set forth on Exhibit B hereto.

12.  MW currently holds a retainer from the Debtors in
the amount of $348,568.07.

13.  To the best of MW's knowledge, and upon
information and belief, the Debtors have paid or will pay
undisputed postpetition operating expenses in the ordinary
course.

5

14.  To the best of MW's knowledge, and upon information and belief, the Debtors have sufficient funds on hand to pay the compensation and reimbursement of expenses requested herein.

15.  To the best of MW's knowledge, and upon information and belief, the Debtors have filed with the United States Trustee all monthly operating reports presently due, and have paid all quarterly fees to the United States Trustee that are presently due.

### FEE PROCEDURES AND MONTHLY FEE STATEMENTS

16.  On December 9, 2008, this Court entered an Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (Docket No. 830) (the "Interim Compensation Order"), which approved the interim compensation procedures attached thereto (the "Interim Compensation Procedures").  Pursuant to paragraph (d) of the Interim Compensation Procedures, interim applications for compensation and reimbursement of expenses must be filed on or before June 15, 2009.  Moreover, in accordance with paragraphs (a) and (d) of the Interim Compensation Procedures, MW will serve a copy of this Application upon the Notice Parties (as defined therein).  Moreover, notice

of the Application will be served on the parties as required
by the Case Management Order (Docket No. 130).

17.   Pursuant to the Interim Compensation Procedures,
approximately on or after the tenth (10th) day of each month
following the month for which compensation was sought, MW
submitted a monthly statement to the Notice Parties (as
defined in the Interim Compensation Procedures).  The
parties had twenty (20) days to review any such statement.
If there were no objections, at the expiration of the twenty
(20) day period, the Debtors were ordered to promptly pay
eighty-five percent (85%) of the fees and one hundred
percent (100%) of the expenses identified in each monthly
statement.  MW submitted monthly statements for each month
during the Application Period and no objections were
received.  Accordingly, MW has been paid approximately 85%
of its total requested fees and approximately 100% of its
expenses during the Application Period.  A chart summarizing
these payments and the monthly statements is attached hereto
as Exhibit C.

## REQUESTED FEES AND REIMBURSEMENT OF EXPENSES

18.   MW has played an important role in advising the
Debtors and handling the day to day administration of the
Debtors' chapter 11 cases.  As a result of its efforts

during the Application Period, MW now seeks interim

allowance of $706,661.50 in fees calculated at the

applicable guideline hourly billing rates of the firm's

personnel who have worked on the cases, and $9,794.66 in

expenses actually and necessarily incurred by MW while

providing services to the Debtors during the Application

Period.

19.   In staffing this case, in budgeting and incurring

charges and disbursements, and in preparing and submitting

this Application, MW has been mindful of the need to be

efficient while providing full and vigorous representation

to the Debtors.  MW also has been especially cognizant of

the standards established by this Court for compensation of

professionals and reimbursement of charges and

disbursements.  As described in detail herein, MW believes

that the requests made in this Application comply with this

Court's standards in the context of the unique circumstances

surrounding these large and complex chapter 11 cases.

**SUMMARY OF SERVICES PROVIDED DURING THE APPLICATION PERIOD**

**A.   General Case Administration.**

20.   <u>Description</u>.  MW assisted with, <u>inter alia</u>, the

review, analysis and preparation of correspondence,

documents, pleadings and notices; handled the day to day

administration of the Debtors' chapter 11 cases; prepared

and maintained a case calendar, hearing planners and omnibus

hearing agendas used by the Debtors and their professionals

in these chapter 11 cases; prepared for and participated in

all court hearings in these chapter 11 cases; regularly

participated in meetings and telephone conferences with

officers and employees of the Debtors and the Debtors'

financial and other advisors regarding the foregoing as well

as other operational, organizational and strategic issues

arising in the cases; regularly participated in meetings and

telephone conferences with professionals for the Committee,

creditors and other parties in interest regarding the

foregoing and various other issues arising in these cases;

assisted the Debtors with the service of relevant documents

on appropriate parties, and the organization of information

and document requests from various parties; handled issues

relating to electronic case filing; regularly communicated

with the Clerk's office, Chambers and the U.S. Trustee's

office regarding various case administration issues; handled

the internal coordination of motions, responses, objections

and other related matters; coordinated the establishment and

maintenance of a MW's telephone hotline to assist in

responding to the numerous inquiries from creditors and

other parties in interest that these cases have generated;
and researched responses to each message and otherwise
responded to all inquiries tendered through the hotline.

21. <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors in the
administration and prosecution of these complex chapter 11
cases.

22. <u>Status</u>.  These and other general case
administration matters will continue until the chapter 11
cases are closed.

23. <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 816.6 hours during the Application Period for a
total of $270,406.00.  The complete narrative, time detail
of the hours incurred and the value of the matter by
professional is attached hereto as <u>Exhibit E</u>.

**B.   Restructuring and General Strategy.**

24. <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>, the
resolution of various issues and the development of various
strategies regarding the Debtors' chapter 11 cases; analyzed
issues and strategy regarding the Debtors' sale procedures,
auction and liquidation; reviewed, drafted and handled the
filing of pleadings regarding the foregoing; handled

inquiries regarding the sale of assets; and participated in meetings and telephone conferences with the Debtors and their professionals regarding the foregoing.

25. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors in the administration and prosecution of these complex chapter 11 cases.

26. <u>Status</u>.  These matters will continue as the need arises.

27. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 60.9 hours during the Application Period for a total of $27,295.00.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**C.    Communications Matters.**

28. MW assisted with, <u>inter</u> <u>alia</u>, communications with the media and other parties regarding various issues and the development of various strategies regarding congressional hearings and testimonies and the Debtors' chapter 11 cases and related issues.

29. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors in the

administration and prosecution of these complex chapter 11 cases.

30.  Status.  These matters will continue as the need arises.

31.  Hours Spent and Compensation Requested.  In connection with the foregoing matters, MW's professionals expended 4.3 hours during the Application Period for a total of $2,365.00.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as Exhibit E.

**D.   Corporate Governance.**

32.  Description.  MW assisted with, inter alia, the analysis of board policies and director correspondence; participated in board committee meetings; and prepared board minutes.

33.  Necessity and Benefit to the Estates.  These services were necessary to assist the Debtors with corporate governance issues that arose as a result of the filing of the chapter 11 cases.

34.  Status.  These matters will continue as the need arises.

35.  Hours Spent and Compensation Requested.  In connection with the foregoing matters, MW's professionals

expended 3.8 hours during the Application Period for a total
of $2,982.50.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**E.    Schedules and SOFAS.**

36.  <u>Description</u>.  MW assisted the Debtors and their
professionals with, <u>inter alia</u>, the preparation of and
filing of certain amendments to and notices regarding the
Debtors' Schedules of Assets and Liabilities and the
Debtors' Statements of Financial Affairs.

37.  <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors with
compliance with the Bankruptcy Code, local bankruptcy rules
and the United States Trustee's guidelines.

38.  <u>Status</u>.  These matters are substantially
concluded, however, they will continue as the need arises.

39.  <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 1.6 hours during the Application Period for a total
of $720.00.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**F.   Monthly Operating Reports.**

40.   Description.  MW assisted the Debtors and their
professionals with, inter alia, the preparation of and
filing of the Debtors' Monthly Operating Reports.

41.   Necessity and Benefit to the Estates.  These
services were necessary to assist the Debtors with
compliance with the Bankruptcy Code, local bankruptcy rules
and the United States Trustee's guidelines.

42.   Status.  These matters will continue as the need
arises.

43.   Hours Spent and Compensation Requested.  In
connection with the foregoing matters, MW's professionals
expended 2.2 hours during the Application Period for a total
of $862.50.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**G.   Professional Retention/Fee Applications.**

44.   Description.  Pursuant to the requirements of the
Interim Compensation Order, MW has prepared detailed monthly
fee statements for distribution to the Notice Parties and
handled inquires from all of the professionals regarding
monthly fee statements.  Moreover, MW assisted with, inter
alia, various issues pertaining to the retention and payment

of various professionals employed by the Debtors and the
Committee in connection with the Debtors' bankruptcy cases,
including bankruptcy counsel, special counsel, accountants,
financial advisors and ordinary course professionals;
reviewed, analyzed, drafted and filed various employment
applications on behalf of the Debtors; reviewed and analyzed
various employment applications filed by the Committee;
coordinated the employment of ordinary course professionals
and filed affidavits on behalf of ordinary course
professionals according to the procedures established by
this Court; and communicated with the Office of the United
States Trustee regarding the foregoing.

45.  <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to comply with the Bankruptcy Code,
the Interim Compensation Order and the United States
Trustee's guidelines.  Additionally, access to qualified
professionals is critical to the Debtors' chapter 11 cases.

46.  <u>Status</u>.  These matters will continue as the need
arises.

47.  <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 49 hours during the Application Period for a total
of $21,785.00.  The complete narrative, time detail of the

hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**H.   Automatic Stay.**

48.   Description.  MW assisted with, inter alia, the
review, analysis and preparation of correspondence,
documents, pleadings and notices relating to motions for
relief from the automatic stay; negotiated settlements with
various parties seeking to lift the automatic stay;
reviewed, analyzed and drafted pleadings for various
ordinary course professionals regarding the filing of
suggestions in bankruptcy in litigation in which the Debtors
and/or their current and/or former employees are parties;
drafted correspondence and participated in meetings and
telephone conferences regarding violations of the automatic
stay; and conducted research regarding various issues
related to automatic stay matters.

49.   Necessity and Benefit to the Estates.  These
services were necessary to assist the Debtors in enforcing
the automatic stay, reducing the administrative burden on
the Debtors' management and reducing expenses incurred by
the Debtors' bankruptcy estates by resolving potential
automatic stay related matters.

50. <u>Status</u>.  These and other automatic stay related matters will continue until a chapter 11 plan is confirmed.

51. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 105.6 hours during the Application Period for a total of $41,898.50.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**I.   Credit Cards.**

52. <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>, the analysis of issues related to the Debtors' credit card provider; and participated in telephone conferences with the Debtors and their professionals regarding the foregoing.

53. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors with issues pertaining to the Debtors' credit card provider.

54. <u>Status</u>.  These matters are substantially concluded, however, they will continue as the need arises.

55. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 4 hours during the Application Period for a total of $2,200.00.  The complete narrative, time detail of the

hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**J.    Employment and Compensation.**

56.    Description.   MW assisted with, inter alia, the
review and analysis of pleadings regarding management
incentive plan, executive compensation, and workers'
compensation.

57.    Necessity and Benefit to the Estates.   These
services were necessary to assist the Debtors with issues
pertaining to various employee related matters.

58.    Status.   These and other employee related matters
will continue as the need arises.

59.    Hours Spent and Compensation Requested.   In
connection with the foregoing matters, MW's professionals
expended 8.8 hours during the Application Period for a total
of $4,840.00.   The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**K.    Labor/Retiree Matters.**

60.    Description.   MW assisted with, inter alia, the
review and analysis of issues regarding retiree matters and
communications with Department of Labor regarding paychecks.

61.  <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors to comply with
requirements of Department of Labor.

62.  <u>Status</u>.  These and other labor and retiree matters
will continue as the need arises

63.  <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 0.5 hours during the Application Period for a total
of $275.00.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as <u>Exhibit E</u>.

**L.   Executory Contracts.**

64.  <u>Description</u>.  MW assisted with, <u>inter alia</u>, the
review and analysis of various executory contracts and the
development of various strategies regarding the possible
assumption, assumption and assignment, or rejection of
certain executory contracts; researched, drafted, reviewed
and analyzed pleadings regarding (i) the extension of time
to assume or reject executory contracts, (ii) the assumption
and rejection of certain executory contracts, (iii) motions
to compel the assumption and rejection of certain executory
contracts, and (iv) motions for adequate protection;
negotiated matters related to the assumption and rejection

19

of certain executory contracts; and regularly participated in meetings and telephone conferences with the Debtors, their professionals and opposing counsel regarding the foregoing.

65.  <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors in developing and implementing a strategy for assuming and rejecting various executory contracts.

66.  <u>Status</u>.  These matters will continue as the need arises.

67.  <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 44 hours during the Application Period for a total of $19,910.00.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E.</u>

**M.    Litigation.**

68.  <u>Description</u>.  MW historically represented the Debtors in various litigation matters and in connection therewith, prepared suggestions in bankruptcy and handled inquires regarding the bankruptcy filing.  MW also assisted with, <u>inter alia</u>, the strategy and negotiations regarding responding to third party subpoenas; continued prosecution

of litigation matters in which the Debtors are plaintiffs, and other litigation that could affect the Debtors and/or their current and/or former employees; and strategies analyses regarding adversary proceedings and prepared and filed pleadings and researched issues regarding the foregoing.

69. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors with various litigation matters.

70. <u>Status</u>.  These matters will continue as the need arises.

71. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 71.3 hours during the Application Period for a total of $24,800.00.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**N.    Avoidance Actions.**

72. <u>Description</u>.  MW assisted with, <u>inter alia</u>, the review and analysis of possible avoidance and preference and the development of various strategies regarding the foregoing.

73.  <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors in developing
and implementing strategies for avoidance and preference
actions.

74.  <u>Status</u>.  These matters will continue as the need
arises.

75.  <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 3.6 hours during the Application Period for a total
of $1,462.50.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as <u>Exhibit E</u>.

**O.   Vendor Matters.**

76.  <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>,
developing and implementing strategies for handling vendor
related issues; reviewed, analyzed and responded to
correspondence received from various vendors and their
counsel; researched, reviewed, analyzed and drafted
pleadings regarding vendors; reviewed and analyzed various
vendor related contracts and negotiated with vendors and
their counsel to resolve various vendor related issues; and
participated in meetings and telephone conferences with the

Debtors, the Debtors' professionals and counsel for various
vendors regarding the foregoing.

77. <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors in developing
and implementing a strategy for resolving various vendor
related issues.

78. <u>Status</u>.  These matters will continue as the need
arises.

79. <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 63.1 hours during the Application Period for a
total of $34,337.50.  The complete narrative, time detail of
the hours incurred and the value of the matter by
professional is attached hereto as <u>Exhibit E</u>.

**P.    Real Estate.**

80. <u>Description</u>.  MW historically represented the
Debtors on various real estate matters and continue to
handle the review, negotiation and drafting of various
leases and agreements related thereto.  MW also assisted
with, <u>inter alia</u>, the review, analysis and drafting of
correspondence, documents and pleadings regarding real
property leases and stub rent issues; reviewed and analyzed
real property leases and rent default notices; researched

23

and analyzed various matters regarding real property leases;
drafted and filed multiple pleadings and notices regarding
the sale of leases and procedures regarding the foregoing;
analyzed and researched multiple issues regarding the
rejection and assumption and assignment of leases; and
participated in meetings and telephone conferences with the
Debtors and their professionals, landlords and their
counsel, and other parties in interest regarding the
foregoing.

81.   <u>Necessity and Benefit to the Estates</u>.   These
services were necessary to assist the Debtors in various
real estate and related matters.

82.   <u>Status</u>.   These matters will continue as the need
arises.

83.   <u>Hours Spent and Compensation Requested</u>.   In
connection with the foregoing matters, MW's professionals
expended 253.1 hours during the Application Period for a
total of $111,941.50.   The complete narrative, time detail
of the hours incurred and the value of the matter by
professional is attached hereto as <u>Exhibit E</u>.

**Q.   Financing.**

84.   <u>Description</u>.   MW assisted with, <u>inter</u> <u>alia</u>, the
review, analysis, drafting and filing of various debtor in

possession financing pleadings; and participated in telephone conferences with the Debtors and their professionals regarding the foregoing and related matters.

85.    <u>Necessity and Benefit to the Estates</u>.  These services were necessary to comply with the Debtors' debtor in possession financing agreement.

86.    <u>Status</u>.  These matters are substantially concluded, however, they will continue as the need arises.

87.    <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 12.9 hours during the Application Period for a total of $6,270.00.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**R.    Reclamation Matters.**

88.    <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>, implementing the procedures for receiving, reviewing, analyzing, responding to, and resolving reclamation demands; reviewed, analyzed and responded to numerous claimants' communications; and participated in telephone conferences with the Debtors, their professionals and reclamation claimants and their counsel regarding the foregoing.

89.  <u>Necessity and Benefit to the Estates</u>.  These
services were necessary to assist the Debtors regarding
their legal obligations under the reclamation procedures
approved by this Court and in resolving various reclamation
claims.

90.  <u>Status</u>.  These matters are substantially
concluded, however, they will continue as the need arises.

91.  <u>Hours Spent and Compensation Requested</u>.  In
connection with the foregoing matters, MW's professionals
expended 0.7 hours during the Application Period for a total
of $385.00.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as <u>Exhibit E</u>.

**S.    Utilities Matters.**

92.  <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>,
implementing the procedures for receiving, reviewing,
analyzing, responding to, and resolving utility requests for
adequate assurances; reviewed, analyzed and responded to
numerous utilities' communications; handled issues related
to various utilities' appeals; and communicated with the
Debtors, their professionals and counsel for various
utilities regarding the foregoing.

93. <u>Necessity and Benefit to the Estates</u>.  These services assisted the Debtors in implementing the strategies for resolving various utility demands and minimizing disruptions to the Debtors' business operations.

94. <u>Status</u>.  These matters are substantially concluded, however, they will continue as the need arises.

95. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 8.8 hours during the Application Period for a total of $3,647.50.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**T.    Insurance Matters.**

96. <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>, the review and analysis of various workers compensation, general liability, and other insurance policy related issues; researched issues regarding the foregoing; and developed strategies regarding postpetition insurance obligations.

97. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to ensure that the Debtors were in compliance with their insurance obligations.

98. <u>Status</u>.  These matters will continue as the need arises.

99.  Hours Spent and Compensation Requested.  In connection with the foregoing matters, MW's professionals expended 12 hours during the Application Period for a total of $5,187.50.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as Exhibit E.

**U.    Tax Matters.**

100. Description.  MW historically represented the Debtors in connection with various tax matters, including an IRS audit, tax audit appeals and related tax matters, which are ongoing.  MW also assisted with, inter alia, research and analysis regarding strategies and authority to pay certain taxes under first day orders; reviewed, analyzed and prepared correspondence, documents and pleadings regarding various tax matters; participated in the analysis and researched issues regarding the Debtors' strategies regarding overall tax procedures and protocols for tax issues that impact the Debtors' estates; and participated in meetings and telephone conferences with the Debtors and various taxing authorities regarding the foregoing.

101. Necessity and Benefit to the Estates.  These services were necessary to assist the Debtors in connection with resolving tax related issues.

102. <u>Status</u>.   These matters will continue as the need arises.

103. <u>Hours Spent and Compensation Requested</u>.   In connection with the foregoing matters, MW's professionals expended 47.1 hours during the Application Period for a total of $19,799.50.   The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**V.   Claims Administration.**

104. <u>Description</u>.   MW assisted with, <u>inter</u> <u>alia</u>, the review and analysis of and responses to numerous claimants' communications; developed a strategy for handling 503(b)(9) claims objections; drafted and filed pleadings regarding omnibus claim objections procedures and research regarding the foregoing; drafted and filed multiple omnibus objections to claims and reviewed and analyzed claims regarding the foregoing; participated in multiple telephone conferences and meetings with Debtors and their professionals regarding the foregoing; reviewed and analyzed potential claims issues; participated in telephone conferences with counsel regarding the filing of proofs of claim.

105. <u>Necessity and Benefit to the Estates</u>.   These services were necessary to assist the Debtors in developing

and implementing a claims resolution strategy and responding to claimants regarding claims related issues.

106. <u>Status</u>.  These matters will continue as the need arises.

107. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 157.1 hours during the Application Period for a total of $68,262.50.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**W.    Disclosure Statement and Plan.**

108. <u>Description</u>.  MW assisted with the, <u>inter</u> <u>alia</u>, analyses and strategies regarding the drafting of the plan of liquidation and disclosure statement and communications with Debtors and other professionals regarding the foregoing.

109. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors in developing a plan of liquidation and disclosure statement.

110. <u>Status</u>.  These matters will continue as the need arises.

111. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals

expended 1.3 hours during the Application Period for a total
of $585.00.  The complete narrative, time detail of the
hours incurred and the value of the matter by professional
is attached hereto as Exhibit E.

**X.    Employee Benefits/Pensions.**

112. Description.  MW historically represented the
Debtors in connection with various employee benefit and
pension matters, which are ongoing.  MW also assisted with,
inter alia, the review and analysis of compensation and
benefit compliance; handled issues regarding reportable
events to the Pension Benefit Guaranty Corporation; and
participated in meetings and telephone conferences with the
Debtors and their professionals regarding the foregoing.

113. Necessity and Benefit to the Estates.  These
services were necessary to assist the Debtors with various
employee benefit and pension matters.

114. Status.  These matters will continue as the need
arises.

115. Hours Spent and Compensation Requested.  In
connection with the foregoing matters, MW's professionals
expended 10.7 hours during the Application Period for a
total of $3,214.00.  The complete narrative, time detail of

the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**Y.   Intellectual Property Matters.**

116. <u>Description</u>.  MW has historically represented the Debtors in connection with various trademark and intellectual property matters, including, <u>inter alia</u>, filing applications for various marks; defending oppositions to various marks; and participating in meetings and telephone conferences with the Debtors and their professionals regarding the foregoing.  In addition, MW assisted the Debtors and their professionals in drafting and filing pleadings regarding the sale of certain intellectual property assets, analyzed and developed strategies regarding the sale and marketing of certain intellectual property assets, and participating in meetings and telephone conferences with the Debtors and their professionals regarding the foregoing.

117. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors with various intellectual property matters, and to realize over $17 million from the sale of their intellectual property assets.

118. <u>Status</u>.  These matters will continue as the need arises.

119. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 23.3 hours during the Application Period for a total of $5,934.50.  The complete narrative, time detail of the hours incurred and the value of the matter by professional is attached hereto as <u>Exhibit E</u>.

**Z.   Asset Sales**

120. <u>Description</u>.  MW assisted with, <u>inter</u> <u>alia</u>, drafting and filing multiple pleadings regarding the sale and auction of assets, analyzed and developed strategies regarding the marketing, auction, and sale of assets, and participated in multiple meetings and telephone conferences with the Debtors, their professionals, bidders, and other parties regarding the foregoing.

121. <u>Necessity and Benefit to the Estates</u>.  These services were necessary to assist the Debtors in the sale and disposition of their assets.

122. <u>Status</u>.  These matters will continue as the need arises.

123. <u>Hours Spent and Compensation Requested</u>.  In connection with the foregoing matters, MW's professionals expended 51.3 hours during the Application Period for a total of $25,295.00.  The complete narrative, time detail of

the hours incurred and the value of the matter by
professional is attached hereto as <u>Exhibit E</u>.

<b><u>APPLICABLE LEGAL STANDARD</u></b>

124. The Bankruptcy Code sets forth the legal standards
for awarding compensation to professionals employed by the
debtor.  The format for fee applications is set forth in the
U.S. Trustee's Guidelines for Reviewing Applications for
Compensation and Reimbursement of Expenses Filed under
section 330 of the Bankruptcy Code (the "Guidelines").

125. Under section 330 of the Bankruptcy Code, the
Court may award counsel to the Debtors reasonable
compensation for actual, necessary services rendered by such
attorneys and paraprofessionals employed by such attorneys
based on the nature, extent and value of the services
rendered, time spent on such services and the cost of
comparable services other than in a bankruptcy case.
Furthermore, the Court may award reimbursement for actual,
necessary expenses.

126. The expenses incurred by MW, as set forth herein,
are reasonable and necessary charges for items including,
but not limited to, photocopying, long distance telephone
calls, messenger services, computer research, travel
expenses, overnight mail and court fees.  Photocopy charges

are assessed at ten cents ($.10) per page, which MW believes to be competitive for professional firms in this geographic area.  Some larger copy and mailing projects may have been performed at an outside copy center at a lower per page rate.  In all cases, MW has passed through the costs of the outsourced copy or mailing projects to the estate without markup.  MW incurred messenger service charges when such delivery was more economical or when prompt delivery was necessary in a given circumstance.

127. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  These lodestar factors were adopted by the Fourth Circuit in Barber v. Kimbrells, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978), and in Anderson v. Morris, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit held that the district court should employ the lodestar approach, and then adjust the fee on the basis of the remaining Johnson factors in the case.  The following are the Johnson factors:

(a)  the time and labor required;

(b)  the novelty and difficulty of the questions;

(c)  the skill requisite to perform the legal service properly;

(d)  the preclusion of other employment by the attorney due to acceptance of the case;

(e)  the customary fee;

(f)  whether the fee is fixed or contingent;

(g)  time limitations imposed by the client or the circumstances;

(h)  the amount involved and the results obtained;

(i)  the experience, reputation and ability of the attorneys;

(j)  the "undesirability" of the case;

(k)  the nature and length of the professional relationship with the client; and

(l)  awards in similar cases.

Johnson, 488 F.2d at 717-719; Barber, 577 F.2d at 226, n.28; Anderson, 658 F.2d at 248, n.2.

128. MW believes that the services rendered to the Debtors and the out-of-pocket expenses incurred therewith were both necessary and reasonable in view of the Debtors' obligations in these cases, and the size and complexity of these cases.

129. Moreover, MW has worked closely with the Debtors'
other professionals to be very efficient and avoid the
duplication of services in these chapter 11 cases.

130. MW is the largest law firm in the Commonwealth of
Virginia and among the largest law firms in the country, and
has substantial expertise in bankruptcy, business law,
commercial litigation and other substantive areas, which has
allowed MW to effectively and efficiently address issues
arising in a national bankruptcy case.  Further, the rates
charged by MW are significantly less than rates charged by
other law firms in comparable national chapter 11 cases and
MW's rates are consistent with rates charged to other
clients in non bankruptcy matters.[2]  MW has efficiently
assisted the Debtors by employing a streamlined case
management structure that generally consists of a core team
with various other attorneys and paraprofessionals assigned
to other discrete tasks to avoid the performance of
duplicative or unnecessary work.  MW believes the fees
requested herein satisfy the Johnson factors as set forth
above.

---

[2]      Dion W. Hayes and Douglas M. Foley are both board certified by the
American Board of Certification as specialists in the field of Business
Bankruptcy Law.  See 11 U.S.C. § 330(a)(3)(E).

## SUMMARY OF EXHIBITS

131. A proposed order approving the Application is attached hereto as Exhibit A.

132. Attached hereto as Exhibit B is a list of all attorneys and paraprofessionals who have worked on these cases, by name, year of admission (where applicable), hourly rate, hours expended on these cases, and total fees incurred.

133. Pursuant to the Interim Compensation Order, MW has received approximately eighty-five percent (85%) of its monthly fees and approximately one hundred percent (100%) of its monthly disbursements for services rendered in February 2009 and March 2009. MW has not received any of its monthly fees or expenses for April 2009. In total, MW has received $417,710.40 in fees and $15,238.10 in disbursements during the Application Period. See Exhibit C attached hereto for a statement of those payments.

134. A summary of all actual and necessary expense disbursements is attached hereto as Exhibit D.

135. A chronological itemization of time categorized by task performed is attached hereto as Exhibit E. MW has made every effort to place all time entries in the proper service category; however, it should be noted that in some

circumstances an entry could have been properly placed in more than one of the service categories.  In such circumstances, MW has used its best efforts to place the time entry in the service category that represents the primary purpose of the services rendered.  Time entries do not appear in more than one service category.

### NOTICE

136. Pursuant to the Interim Compensation Order, MW has served copies of the Application on the Notice Parties (as defined therein).  In addition, MW has served notice of the hearing on the Application on the parties required by the Case Management Order.  MW submits that no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

137. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Application, the Debtors request that this Court waive the requirement that all motions be accompanied by a written memorandum of law.

## NO PRIOR REQUEST

138. No prior request for the relief sought herein has been made to this Court in these bankruptcy cases.  This is MW's second interim application for compensation and reimbursement of expenses.

WHEREFORE, MW respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) approving the compensation and reimbursement of expenses requested herein on an interim basis, (ii) authorizing and directing the Debtors to pay such amounts, and (iii) granting MW such other and further relief as is just and proper.

Dated: June 15, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____.
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## EXHIBIT A

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - X
```

**ORDER GRANTING SECOND INTERIM APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF MCGUIREWOODS LLP,
CO-COUNSEL TO THE DEBTORS, FOR SERVICES
RENDERED FROM FEBRUARY 1, 2009 THROUGH APRIL 30, 2009**

Upon consideration of the Second Interim Application

for Compensation and Reimbursement of Expenses of

McGuireWoods LLP, Co-counsel to the Debtors, for Services

Rendered from February 1, 2009 through April 30, 2009 (the

"Application"); and the Court having reviewed the
Application and the Court having determined that the relief
requested in the Application is necessary and appropriate;
and it appearing that proper and adequate notice of the
Application has been given and that no other or further
notice is necessary; and upon the record herein; and after
due deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Application meets the requirements of the
Bankruptcy Code and the compensation and reimbursement of
expenses sought in the Application is both fair and
reasonable.

2.    The Application is hereby approved in its
entirety, and compensation for the Application Period in the
total amount of $706,661.50 is hereby approved, and the
Debtors are hereby authorized and directed to pay
McGuireWoods LLP the unpaid portion of such compensation.

3.    The reimbursement of expenses for the Application
Period in the total amount of $23,294.66 is hereby approved,
and the Debtors are hereby authorized and directed to pay
McGuireWoods LLP any unpaid portion of such reimbursements.

4.   This Court will retain jurisdiction with respect
to any dispute concerning the relief granted hereunder.

Dated:  Richmond, Virginia
_____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

\9361615.2