Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Facsimile: (860) 275-8299

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE OF SCHIMENTI CONSTRUCTION COMPANY, LLC
TO DEBTORS' FIFTH OMNIBUS OBJECTION TO
<u>CERTAIN MISCLASSIFIED NON-GOODS 503(B)(9) CLAIMS</u>**

Schimenti Construction Company, LLC ("Schimenti Construction"), by and through its undersigned counsel, hereby responds to the Debtors' Fifth Omnibus Objection to Certain Misclassified Non-Goods 503(b)(9) Claims, filed by the debtors and debtors in possession (collectively, the "Debtors") in which the Debtors request that the Court reclassify Schimenti Construction's administrative priority claims under Section 503(b)(9) of Title 11 of the United States Code (the "Bankruptcy Code") as general unsecured, non-priority claims, and in support here of states:

## INTRODUCTION

1. The claimant is Schimenti Construction Company, LLC of 650 Danbury Road, Ridgefield, Connecticut 06877.

2. Schimenti Construction is a contractor specializing in the construction and remodeling of all types of stores for the retail chain industry. In such capacity, and in the ordinary course of its business, Schimenti Construction furnishes labor, materials and equipment to companies, like the Debtors, that are engaged in the selling of consumer products throughout the United States and beyond.

3. In turn, the Debtors—in the ordinary course of their business—designed, constructed, opened, renovated, and refurbished retail stores. Indeed, one need not look further than the Debtors' bankruptcy docket and claims register in this case for evidence that Debtors' were in the business of ensuring that their retail environments enhanced retail sales. The Debtors have an entire real estate department within their corporate hierarchy dedicated and engaged in renewing or renegotiating current and new leases, renovating existing stores and designing and constructing new stores.

4. On or about December 19, 2008, Schimenti Construction filed a Section 503(b)(9) Claim in the amount of **$47,682.22** for materials and goods delivered and furnished to Circuit City Stores, Inc. in the ordinary course of its business within twenty (20) days of the Petition Date (the "Schimenti Claim").

5. By its Fifth Omnibus Objection to Certain Misclassified 503(b)(9) Claims (the "Omnibus Objection"), the Debtors seek a blanket ruling from the Court that all claims that the

Debtors have decided do not—on their face—fit within an extraordinarily narrow conception of the term "goods," should be reclassified as general unsecured, non-priority claims. The Omnibus Objection implicates the Schimenti Claim.

6. The Omnibus Objection, as it pertains to the Schimenti Claim, must be denied. As argued more fully below, the factual background of the Schimenti Claim and a review of the relevant case law reveals that Schimenti Construction easily establishes that the Schimenti Claim is entitled to administrative expense priority status under Section 503(b)(9).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(B) and (O).

8. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

9. On November 10, 2008 (the "Petition Date"), the Debtors initiated this Chapter 11 case by filing a voluntary petition for relief under the Bankruptcy Code.

10. The Debtors maintain that they are debtors-in-possession and continue to operate their business pursuant to 11 U.S.C. §§ 1107 and 1108.

11. Prior to the Petition Date, a crucial component of the Debtors' business included the design, construction, opening, renovation and refurbishment of retail electronic stores throughout the United States. By way of example only, Debtors had an entire real estate / construction department within its corporate hierarchy dedicated to such tasks. Within that department, Debtors employed at least one "Construction Contract Specialist" who appears to

3

have been charted with negotiating and monitoring Circuit City's construction agreements. Debtors also employed at least one "Director of Construction" and "Vice President of Construction." Debtors also had at least one form Agreement Between Owner and Contractor which Debtors required their contractors to execute which appears to have been periodically revised and updated by the Debtors. Debtors also had several other form documents utilized in the normal course of their business in renovating and constructing stores.

12. Prior to the Petition Date, Schimenti Construction provided and furnished goods and materials in the amount of $47,682.22 to Circuit City Stores, Inc., in the ordinary course of the business of Schimenti Construction and the Debtors, which goods and materials are reflected in the Schimenti Claim.

## LEGAL ARGUMENT

13. Pursuant to §§ 503(b)(9) of the Bankruptcy Code, Schimenti Construction is entitled to an allowance of its claim as an administrative expense priority claim. Pursuant to § 503(b)(9), claims for the value of goods received by the Debtor in the ordinary course of its business during the twenty (20) day period prior to the Petition Date are entitled to administrative expense status. 11 U.S.C. § 503(b)(9).

14. Bankruptcy Code § 503(b)(9) provides as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under Section 502(f) of this title, including … (9) the value of any goods received by the debtor within 20 days before the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of business.

4

15. In their Omnibus Objection, the Debtors do not dispute that they received value from Schimenti Construction within twenty (20) days of the Petition Date; nor do they dispute that the transactions involving Schimenti Construction occurred in the ordinary course of the Debtors' business.

16. The *sole* grounds for the objection is the Debtors' assertion that Schimenti Construction's administrative expense claim is not entitled to priority because it does not involve the sale of "goods" to the Debtors.

17. The Debtors argue generally that the transactions with Schimenti Construction—and others—are "Non-Goods" claims for services such as installation, construction and maintenance.

18. In doing so, the Debtors seek to draw a sharp distinction between "goods" as used in Section 503(b)(9) and services and encourage the Bankruptcy Court to construe Section 503(b)(9) narrowly.

19. The term "goods" is not defined in the Bankruptcy Code. Courts in the Fourth Circuit have also yet to interpret the term as used in Section 503(b)(9).

20. Accordingly, the Debtors cite to various cases from other jurisdictions that they claim support their argument that the type of transactions that form the basis for Schimenti Construction's administrative expense claim are not entitled to priority under Section 503(b)(9) because they do not fit into the definition of "goods" set forth in the Uniform Commercial Code ("UCC").

21. Each of the cases cited by the Debtors involves markedly different factual circumstances than the Schimenti Construction Claim, however. The Debtors cite to the following categories of cases:

    a) Claims involving utility services (*see In re Samaritan Alliance, LLC*, 2008 Bankr. LEXIS 1830 (Bankr. E.D. Ky. 2008) (holding that a utility company supplies a service and not goods under Section 503(b)(9)));

    b) Claims involving advertising services (*see In re Deer*, 2007 Bankr. S.D. Miss. June 14, 2007) (holding that the sale of advertising is not a "good" under the UCC));

    c) Claims involving professional services, including consulting services, legal services and IT services (*see R.J. Longo Constr. Co., Inc. v. Transit America, Inc.*, 921 F. Supp. 1295 (D.N.J. 1996) (holding that the UCC does not apply to fees for professional services); *Snyder v. ISC Alloys, Ltd.*, 772 F. Supp. 244 (W.D. Pa. 1991) (same));

    d) Claims involving freight charges (*see In re CFLC, Inc.*, 166 F.3d 1012 (9th Cir. 1999) (holding that a contract for shipping did not involve the sale of "goods" under the UCC));

    e) Litigation claims (*see U.S. Test, Inc. v. NDE Environ. Corp.*, 196 F.3d 1376 (Fed. Cir. 1999) (holding that commercial tort claims are not goods under the UCC).

22. The distinctions between each of these categories of claims and the Schimenti Construction Claim is obvious. Not one of the transactions described in any of the categories of cases above involved the buyer (or debtor in the bankruptcy context) being left with any tangible materials at the conclusion of the transaction. In contrast, as a result of the goods and materials received by the Debtors from Schimenti Construction within twenty (20) days of the Petition Date, the Debtors held tangible goods and materials of substantial value that allowed the Debtors to operate their business.

23. Black's Law Dictionary (8th ed. 2004) defines "goods" as follows: "Tangible or moveable personal property other than money; especially, articles of trade or items of merchandise."

24. It is clear that the Debtors cannot argue that the transactions with Schimenti Construction in the twenty (20) days prior to the Petition Date did not substantially involve the purchase and sale of tangible personal property. The Debtors were left with substantial value for the goods and materials delivered and installed during the construction and fit-out process of their new stores. Moreover, the Debtors own Purchase Order to Schimenti Construction describes the materials and goods furnished purchased from Schimenti Construction as "GOODS." A copy of this Purchase Order is attached as Exhibit A to Schimenti Construction's Section 503(b)(9) Claim Request Form. Any argument that the Schimenti Claim is purely one for services and not goods is mistaken.

25. In *In re Plastech Engineered Products, Inc.*, 397 B.R. 828 (E.D. Mich. 2008), the bankruptcy court addressed factual circumstances far more analogous to Schimenti Construction Claim in finding that the claimant's were entitled to priority for their claims under Section 503(b)(9).

26. There, the bankruptcy court addressed an administrative expense claim under Section 503(b)(9) by American Turf Care, which contracted with the debtor to plow snow, apply salt and apply de-icer for the debtor. The contract involved both the removal of snow and the sale of chloride and salt, all at American Turf Care's discretion. *See id.* at 832. The bankruptcy court held that, while certain aspects of American Turf Care's claim did involve the rendering of

7

services, it was also clear that the debtor received goods in the form of the materials used by American Turf Care to render such services. Accordingly, the court denied the debtor's objection to American Turf Care's Section 503(b)(9) claim as to the non-services aspect of the claim. *See id.* at 838.

27. Apparently realizing that mixed transactions of goods and services are at issue, the Debtors attempt to argue that the Bankruptcy Court should apply the "predominant purpose" test to determine whether a transaction that, in part, involves goods should be reclassified as a general unsecured claim because the transaction predominantly involved the rendering of services.

28. The case law does not support the Debtors' use of the predominant purpose test.

29. In *In re Plastech*, the bankruptcy court categorically rejected the applicability of the predominant purpose test in analyzing whether a claim gets 503(b)(9) status, stating:

> The Court agrees that it may be difficult in many cases to separate the components of a contract that represents the value of services from the components of the contract that represent the value of goods. But that is the directive of § 503(b)(9). There is nothing in § 503(b)(9) that somehow disqualifies a § 503(b)(9) claim just because the contract pursuant to which the goods were sold also provides for the sale of services. **The Court agrees that the adoption of a predominant purpose test might in some instances eliminate fact intensive evidentiary hearings. But efficiency considerations do not trump the plain language of the statute.**

*In re Plastech*, 397 B.R. at 838 (emphasis added).

30. Here, the Debtors offer no persuasive authority for the imposition of a predominate purpose test in determining priority under Section 503(b)(9). Indeed, in urging the utilization of the predominant purpose test, the Debtors rely on superficial analogies based upon

8

inapposite case law that focus on whether a transaction is for the sale of goods such that the UCC should govern the transaction. This analysis was rejected by the bankruptcy court in *In re Plastech*. "There is nothing in § 503(b)(9) that dictates the use of a 'winner take all' approach." *Id.* at 837. Instead, the Court must analyze the claim to determine the value of the goods delivered. That is the sole question of relevance under Section 503(b)(9). *See id.* ("The only relevant determination under § 503(b)(9) is the value of the 'goods' that were delivered, irrespective of whether the contract also called for the delivery and sale of services.").

31. Nonetheless, if the predominate purpose test was applied in the instant case, Circuit City's transactions with Schimenti Construction should be viewed as predominantly involving the purchase and sale of materials and goods – not services. Indeed, Schimenti Construction, through its subcontractors and suppliers, furnished and provided all of the materials and goods necessary for the construction and renovation of the two stores at issue.

32. Because Schimenti Construction provided materials and goods of value to the Debtors in the twenty (20) days preceding the Petition Date, it is entitled to administrative priority for its claim pursuant to Section 503(b)(9).

**WHEREFORE**, the Debtors' Omnibus Objection should be denied and Schimenti Construction should receive immediate payment for its administrative expense claim arising from the value of goods delivered to the Debtors in the twenty (20) days preceding the Petition Date.

                                              SCHIMENTI CONSTRUCTION
                                              COMPANY, LLC


                                              /s/  Christopher L. Perkins

Peter E. Strniste, Jr., *Admitted Pro Hac Vice*
Patrick Birney, *Admitted Pro Hac Vice*
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8339
Fax: (860) 275-8299
pstrniste@rc.com
pbirney@rc.com

Christopher L. Perkins (VSB No. 41783)
LeClairRyan, A Professional Corporation
951 E. Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219
Telephone: (804) 783-7550
Facsimile:  (804) 783-7686
christoper.perkins@leclairryan.com

10

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 15th day of June 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to all persons appearing below:

    Daniel F. Blanks, Esquire
    Douglas M. Foley, Esquire
    McGuire Woods LLP
    9000 World Trade Center
    101 W. Main Street
    Norfolk, VA  23510
    *Counsel for Debtors*

    Dion W. Hayes, Esquire
    James S. Sheerin, Esquire
    Sarah Beckett Boehm, Esquire
    McGuire Woods LLP
    Ones James Center
    901 E. Cary Street
    Richmond, VA  23219
    *Counsel for Debtors*

    Gregg M. Galardi, Esquire
    Skadden Arps Slate Meagher & Flom, LLC
    One Rodney Square
    Post Office Box 636
    Wilmington, Delaware  19899-0636
    *Counsel for Debtors*

    Chris L. Dickerson, Esquire
    Skadden Arps Slate Meagher & Flom, LLC
    333 West Wacker Drive
    Chicago, IL  60606
    *Counsel for Debtors*

Robert Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219
*Office of the U.S. Trustee*

Lynn L. Tavenner, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia   23219
*Counsel for the Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esquire
Pachulski Strang Ziehl & Jones LLP
780 Third Avenue, 26th Floor
New York, New York  10017
*Counsel for the Creditors Committee*

/s/  Christopher L. Perkins