Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Co-Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Case No. 08-35653 (KRH) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## SECOND INTERIM FEE APPLICATION OF KIRKLAND & ELLIS LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM FEBRUARY 1, 2009 THROUGH APRIL 30, 2009

Kirkland & Ellis LLP ("K&E"), special counsel for the debtors in the above-captioned

chapter 11 cases (the "Debtors"), hereby applies for the entry of an order, substantially in the form of

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**Exhibit A** (the "Order"), for interim allowance of compensation for services rendered in the amount of $60,952.00 and reimbursement of actual and necessary expenses in the amount of $1,572.39 incurred by K&E from February 1, 2009 through April 30, 2009 (the "Second Interim Fee Period"), pursuant to sections 330, 331 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), the Retention Order (as defined below), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under section 330 of the Bankruptcy Code (the "Trustee Guidelines") and the *Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation* [Docket No. 830] (the "Interim Compensation Order").  In support of the Second Interim Fee Application, K&E respectfully states as follows:

### Background

1.      On November 10, 2008 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  On November 10, 2008, the Court entered an order jointly administering the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On November 12, 2008, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").  The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

2.      As of the Petition Date, Circuit City, based in Richmond, Virginia, was a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sold, among other things: televisions, home theater systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.  Circuit City also maintained two websites that provided for various services, including: online product sales, product information, customer service, and investor information.  Circuit City also operated a phone-order call center to conduct telephone product sales and customer services.

3.      Despite high revenues, the Debtors suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance prior to the Petition Date and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the Debtors' chapter 11 filings were due to an erosion of vendor confidence, decreased liquidity, and the global economic crisis.

4.      Throughout the Chapter 11 Cases, the Debtors continued to implement restructuring initiatives commenced before the Petition Date.  Essential to that objective was the obtaining of adequate postpetition financing.  However, on January 12, 2009, the Court entered an order authorizing the Debtors, to conduct auctions for a sale or sales of the Debtors' businesses as a going concern or on a liquidation basis [Docket No. 1460].  At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC, Hudson Capital Partners, LLC, SB Capital Group, LLC and Tiger Capital Group, LLC (collectively, the "Agent").  On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining stores pursuant to an agency

3

agreement (the "Agency Agreement").  On January 17, 2009, the Agent commenced the going out of

business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  As of on or

about March 8, 2009, the going out of business sales concluded.

### Retention and Continuing Disinterestedness of K&E

5.      On December 18, 2008, the Debtors were authorized to retain K&E as special

counsel, effective as of the Petition Date, pursuant to the *Corrected Order Authorizing the*

*Employment and Retention of Kirkland & Ellis LLP as Special Counsel for the Debtors and Debtors*

*in Possession Effective as of  the Petition Date* [Docket No. 1091] (the "Retention Order").  The

Retention Order authorized the Debtors to compensate K&E at its hourly rates charged for services

of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred,

subject to approval by the Court as set forth therein and in accordance with the Interim

Compensation Order.  The Retention Order is attached hereto as **Exhibit B**.

6.      As disclosed in the *Declaration of Anup Sathy, P.C. in Support of the Application for*

*Entry of an Order Authorizing the Employment and Retention of Kirkland & Ellis LLP as Special*

*Counsel for the Debtors and Debtors in Possession Effective as of Petition Date* (the "Declaration"),

filed on November 18, 2008 [Docket No. 192], K&E does not hold or represent any interest adverse

to the Debtors' estates with respect to any matters on which K&E was sought to be retained by the

Debtors.  K&E may have in the past represented, may currently represent and likely in the future will

represent parties in interest in connection with matters unrelated to the matters for which K&E was

retained in theses Chapter 11 Cases.  K&E has disclosed its connections to parties in interest that it

has been able to ascertain using its reasonable efforts as set forth in the Declaration.

7.      K&E performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other entity.  K&E has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the Chapter 11 Cases.

8.      Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E or (b) any compensation that another person or party has received or may receive.

## Previous Interim Fee Application

9.      On March 17, 2009, K&E filed the *First Interim Fee Application of Kirkland & Ellis LLP for Compensation and Reimbursement of Expenses for Services Rendered As Special Counsel for the Debtors and Debtors in Possession for the Period November 10, 2008 Through January 31, 2009* [Docket No. 2623] (the "First Interim Fee Application").  In the First Interim Fee Application, K&E sought compensation in the amount of $279,046.00 and reimbursement of actual and necessary expenses in the amount of $7,492.29.  On April 16, 2009, the Court entered an order approving the First Interim Fee Application and awarding 100% of the fees and expenses for the First Interim Fee Application [Docket No. 3082].

## Monthly Fee Statements for the Second Interim Fee Period

10.      In accordance with the Interim Compensation Order, K&E served the following monthly fee statements (each, a "Monthly Fee Statement") covering the Second Interim Fee

Period on the Debtors, co-counsel to the Debtors, the United States Trustee, and counsel to the

Committee:

      a.      Monthly Fee Statement for the period from February 1, 2009 through
February 28, 2009 (the "February Fee Statement");

      b.      Monthly Fee Statement for the period from March 1, 2009 through
March 31, 2009 (the "March Fee Statement"); and

      c.      Monthly Fee Statement for the period from April 1, 2009 through April 30,
2009 (the "April Fee Statement").

      11.      As of the date of this Second Interim Fee Application, K&E has received $44,184.42

from the Debtors for fees and expenses incurred by K&E during the Second Interim Fee Period.

This represents eighty-five percent (85%) of fees and one hundred percent (100%) of expenses

included in the February and March Fee Statements.  As of the date of this Second Interim Fee

Application, K&E has not received payment for the April Fee Statement.

**Reasonable and Necessary Services Rendered by K&E**

      12.      The foregoing professional services rendered by K&E on behalf of the Debtors and

their estates during the Second Interim Fee Period were reasonable, necessary and appropriate to the

administration of these Chapter 11 Cases and related matters.

      13.      The great majority of the services performed by partners and associates of K&E were

rendered by K&E's corporate and restructuring groups.  K&E has prominent practices in these areas

and enjoys a national and international reputation for its expertise in secured lending and financial

reorganizations and restructurings of troubled companies.  K&E has previously rendered services to

the Debtors related to their various financings, thus K&E was uniquely and appropriately situated to

advise the Debtors with respect to financing matters.  K&E has brought to these Chapter 11 Cases a

particularly high level of expertise, which inured to the benefit of the Debtors, their estates and all parties in interest.

14.    During the Second Interim Fee Period, K&E advised and assisted the Debtors as special counsel on modification and amendment of debtor in possession ("DIP") financing and other financing matters related thereto.  As set forth in detail in **Exhibit D** of this Second Interim Fee Application, K&E partners, associates and paraprofessionals of K&E's corporate and restructuring groups expended substantial time, energy and resources in rendering professional services on behalf of the Debtors and their estates.

15.    During the Second Interim Fee Period, K&E's hourly billing rates for attorneys ranged from $320.00 to $890.00.  Allowance of compensation in the amount requested would result in an average hourly billing rate for attorneys of approximately $598.12 (based on 88.70 recorded attorney hours at K&E's regular billing rates in effect at the time of the performance of services). The hourly rates and corresponding rate structure utilized by K&E in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure predominantly used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and rate structure reflect that such particular matters are typically national in scope and typically involve great complexity, high stakes and severe time pressures.  K&E's hourly rates are set at a level designed to fairly compensate K&E for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to

periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

16.    The attached **Exhibit C** provides a summary statement of the number of hours of service rendered by each attorney and paraprofessional and the hourly rate of each individual for services performed during the Second Interim Fee Period.

17.    The attached **Exhibit D** includes a summary of legal fees for services rendered and expenses incurred during the Second Interim Fee Period.  In addition, **Exhibit D-1** through **Exhibit D-3** set forth the Monthly Fee Statements, which: (a) identify the attorneys and paraprofessionals who rendered services; (b) include a description of each activity or service that each individual performed and (c) state the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services during the Second Interim Fee Period.[2]

18.    Section 330(a)(3) of the Bankruptcy Code sets forth six factors to be considered by the Court to determine the compensation that may be allowed to K&E on account of services rendered to the Debtors' estates: (a) the time spent on such services; (b) the rates charged for such services; (c) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, the Chapter 11 Cases; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed; (e) whether K&E has demonstrated skill and experience in the bankruptcy field and (f) whether K&E's compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under

---

[2]    **Exhibit D-1** sets forth the February Fee Statement.  **Exhibit D-2** sets forth the March Fee Statement.  **Exhibit D-3** sets forth the April Fee Statement.  Each of the Monthly Fee Statements attached hereto as **Exhibit D-1** through **Exhibit D-3** were served pursuant to the Interim Compensation Order without objection as of the date hereof.

the Bankruptcy Code.  See 11 U.S.C. § 330(a)(3); In re Robinson, 368 B.R. 492, 498 n.3 (Bankr.

E.D. Va. 2007).

19.    In reaching this determination, courts within this circuit utilize the "lodestar" method.

Under this method, "various factors are applied to determine the attorney's reasonable rate and the

reasonable number of hours.  After application of these factors, the product of reasonable hours and

a reasonable rate constitutes the lodestar figure." In re Rothchild's Jewelers, Inc., 337 B.R. 561, 568

(Bankr. E.D. Va. 2004) (Tice, J.).  The Fourth Circuit has endorsed the use of the twelve factors set

forth in the Fifth Circuit's opinion in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-

19 (5th Cir. 1974), when determining the reasonableness of fees under the lodestar method.  See

Daly v. Hill, 790 F. 2d 1071, 1077 (4th Cir. 1986) (holding the Johnson factors should be considered

in determining the lodestar figure, but not used to enhance or decrease fee awards once the lodestar

figure is determined).  These twelve factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal
> services rendered; (4) the attorney's opportunity costs in pressing the
> instant cases; (5) the customary fee for like work; (6) the attorney's
> expectations at the outset of the cases; (7) the time limitations
> imposed by the client or circumstances; (8) the amount in controversy
> and the results obtained; (9) the experience, reputation and ability of
> the attorney; (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and length of the
> professional relationship between attorney and client; and (12)
> attorneys' fees awards in similar cases.

See also Boleman Law Firm, P.C. v. United States Tr., 355 B.R. 548, 553 (E.D. Va. 2006) (applying

the twelve factors as listed above); accord In re Vernon-Williams, 377 B.R. 156, 184 (Bankr. E.D.

Va. 2007) (same); In re Tobacco Row Phase 1A Dev., L.P., 338 B.R. 684, 696 n.5 (Bankr. E.D. Va.

2005) (Tice, J.) (same); Rothchild's Jewelers, 337 B.R. at 568 n.4 (same).

20.     Additionally, Attorneys' fees may be entitled to administrative priority pursuant to section 503(b) of the Bankruptcy Code where an attorney has provided a benefit to a debtor's estate. See 11 U.S.C. § 503(b)(1)(A)(i).

**Summary of Reasonable and Necessary Services Rendered by K&E**

21.     The professional services that K&E rendered during these Chapter 11 Cases include: (i) determining their financing requirements, (ii) analyzing the Debtors' capital structure and asset base to determine which assets where unencumbered or otherwise appropriate sources of collateral for the financing; (iii) negotiating and documenting the terms of the DIP agreement; (iv) responding to objections to the financing; (v) negotiating and preparing all documents and schedules required for closing of each financing; and (vi) coordinating the closing of the facility. During the Second Interim Fee Period, K&E professionals attended to matters substantially related to modifications and amendments to the Debtors' DIP facility necessitated by the liquidation of the Debtors' businesses. The modifications and amendments to the DIP facility required substantial outlays of time, resources and energy by K&E.

**Actual and Necessary Expenses**

22.     Attached hereto as **Exhibit E** is a summary of the expenses incurred during the Second Interim Fee Period for which reimbursement is sought. In addition, **Exhibit E-1** through **Exhibit E-3** attached hereto provides summaries of and invoices for expenses incurred during the Second Interim Fee Period for which reimbursement is sought (each a "Disbursement Summary").[3]

---

[3]    **Exhibit E-1** sets forth the Disbursement Summary for the February fee statement. **Exhibit E-2** sets forth the Disbursement Summary for the March fee statement. **Exhibit E-3** sets forth the Disbursement Summary for the April fee statement. Each of the Disbursement Summaries attached hereto as **Exhibit E-1** through **Exhibit E-3** were served pursuant to the Interim Compensation Order without objection as of the date hereof.

Including disbursements incurred by K&E during the Second Interim Fee Period, these disbursements comprise the requested sum for K&E's out-of-pocket expenses, totaling $1,572.39.

23.     It is K&E's policy to charge its clients in all areas of practice the amounts incurred by K&E for identifiable, non-overhead expenses incurred in connection with the representation of the relevant client that would not have been incurred except for representation of that particular client. Examples of such expenses are postage, overnight mail, courier delivery, computer-assisted legal research, photocopying, printing, airfare and lodging. K&E charges $0.10 per page for duplication. K&E has negotiated a discounted rate for Westlaw computer-assisted legal research, which is approximately $125 per hour of online use of standard Westlaw databases.

## Representations

24.     This is K&E's Second Interim Fee Application. Although every effort has been made to include all fees and expenses from the Second Interim Fee Period in this Second Interim Fee Application, some fees and expenses might not be included due to delays caused by accounting and processing procedures. K&E reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

25.     The total time spent by K&E during the period covered by this Second Interim Fee Application was 125.80 hours, including 88.70 attorney hours and 37.10 paraprofessional hours, which represents fees of $60,952.00. The average hourly rate for the services rendered is $484.52. The average hourly rate for time spent by attorneys is $598.12. K&E has incurred out-of-pocket expenses in the amount of $1,572.39 and requests reimbursement thereof. A summary of out-of-pocket expenses and an itemized list of each disbursement made are attached within **Exhibit E**.

26.     In summary, by this Second Interim Fee Application, K&E requests allowance and payment on a interim basis of any outstanding amounts of fees and expenses in the total amount of $62,524.39 consisting of: (a) $60,952.00 for the actual, reasonable, and necessary professional services rendered by K&E on behalf of the Debtors (representing one hundred percent (100%) of fees for services rendered during the Second Interim Fee Period, including the fifteen percent (15%) of fees previously held back during the Second Interim Fee Period pursuant to the Interim Compensation Order); and (b) $1,572.39 for actual and necessary costs and expenses.

### Notice

27.     Notice of this Second Interim Fee Application has been given to Core Group, the Notice Parties (as defined in the Interim Compensation Order) and the 2002 List.[4]  In light of the nature of the relief requested, K&E respectfully submits that no further notice is required.

### Waiver of Memorandum of Law

28.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this Application and all applicable authority is set forth in the Application, K&E requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### No Prior Request

29.     No prior application for the relief requested herein has been made to this or any other court.

---

[4] Capitalized terms used in this paragraph 27 but not otherwise defined herein shall have the meanings set forth in the Notice, Case Management and Administrative Procedures established by the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 130] entered on November 13, 2008.

WHEREFORE, for the reasons set forth herein, K&E respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) allowing on an interim basis K&E an administrative expense claim for compensation and reimbursement of its fees and expenses incurred during the Second Interim Fee Period, (b) authorizing and directing the Debtors to pay such amounts on a interim basis and (c) granting such other and further relief as is just and proper.

Richmond, Virginia
Dated: June 15, 2009

/s/ Linda K. Myers
Linda K. Myers, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:     (312) 862-2000

Facsimile:     (312) 862-2200

Special Counsel to the Debtors and Debtors in
Possession

Submitted by:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

-and-

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession

**EXHIBIT A**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Co-Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., et al.,[1] | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**ORDER APPROVING SECOND INTERIM FEE APPLICATION OF
KIRKLAND & ELLIS LLP FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED AS SPECIAL COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
FEBRUARY 1, 2009 THROUGH APRIL 30, 2009**

Upon the second interim fee application (the "Second Interim Fee Application")[2] of Kirkland & Ellis LLP ("K&E") for compensation and reimbursement of expenses for services rendered as special counsel for the debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors") for the period from February 1, 2009 through April 30, 2009 (the "Second Interim Fee Period"); it appearing that the relief requested in the Second Interim Fee Application is in the best interest of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Second Interim Fee Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Second Interim Fee Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Second Interim Fee Application having been provided to all necessary and appropriate parties, including pursuant to the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 130], the Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation [Docket No. 830] (the "Interim Compensation Order") and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED:**

1.      The Second Interim Fee Application is granted in its entirety on an interim basis.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Second Interim Fee Application.

K&E 14767452.

2.      The Court allows on an interim basis an administrative expense claim for K&E in the

amount of $60,952.00 for professional services rendered and $1,572.39 for actual and necessary

expenses incurred during the Second Interim Fee Period.

3.      The Debtors are authorized and directed to pay on an interim basis the outstanding

amounts related to the amounts set forth in paragraph 2 hereof representing one hundred percent

(100%) of the unpaid fees and one hundred percent (100%) of actual and necessary expenses for the

Second Interim Fee Period, including the fifteen percent (15%) of fees previously held back pursuant

to the Interim Compensation Order.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Second Interim Fee Application.

5.      The terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the

implementation of this Order.

_____, 2009            _____

                                                              United States Bankruptcy Judge

3

K&E 14767452.

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

  /s/ Douglas M. Foley  
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in
Possession


## <u>CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)</u>

  Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

        /s/ Douglas M. Foley  
        Douglas M. Foley

**EXHIBIT B**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., *et al.*,[1] | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### CORRECTED ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKLAND & ELLIS LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *EFFECTIVE AS OF* THE PETITION DATE

Upon the application (the "Application") of the above captioned debtors (collectively, the

"Debtors") for the entry of an order authorizing the Debtors to employ and retain Kirkland &

---

[1]    The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

Ellis LLP ("K&E") as special counsel effective as of the date the Debtors filed their chapter 11
petitions, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the
"Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the
United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy
Rules"); and the Court having jurisdiction to consider the Application and the relief requested
therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the
relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the
Application, the Declaration of Anup Sathy, P.C., a partner at K&E (the "Sathy Declaration"),
the Court being satisfied based on the representations made in the Application and the Sathy
Declaration that K&E does not hold or represent an interest adverse to the Debtors' estates with
respect to the matters on which it is to be employed, as required by section 327(e) of the
Bankruptcy Code; and it appearing to the Court that the relief requested is in the best interests of
the Debtors' estates, their creditors, and other parties in interest; and good, adequate, and
sufficient cause has been shown to justify the immediate entry of this order; and after due
deliberation and sufficient cause appearing therefor, it is ORDERED that:

1.    The Debtors are authorized to employ and retain K&E as special counsel *effective
as of* the Petition Date in accordance with the terms and conditions set forth in that certain
engagement letter annexed hereto as <u>Exhibit 1</u> (the "Engagement Letter"), as modified by this
Order.

2.      K&E is authorized to render professional services to the Debtors as described in

the Engagement Letter with respect to the Debtors' efforts to secure financing, issues related to

the use of cash collateral and all other financing matters to the extent requested by the Debtors.

3.      K&E shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, guidelines established by the Office of the U.S. Trustee and any other applicable

procedures and orders of the Court.

4.      K&E is authorized to offset prepetition fees and expenses against its retainer as

contemplated by the Engagement Letter.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this order in accordance with the Application.

6.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____


_____
**Honorable Kevin R. Huennekens**
**United States Bankruptcy Judge**

3

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession

## <u>LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION</u>

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                         /s/ Douglas M. Foley_____
                         Douglas M. Foley

**Exhibit 1**

**(Engagement Letter)**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Linda K. Myers, P.C.
To Call Writer Directly:
(312) 861-2322
asathy@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

September 15, 2008

**PRIVILEGED & CONFIDENTIAL**
**FOR ADDRESSEE'S EYES ONLY**

<u>**VIA E-MAIL**</u>

Mr. Reginald D. Hedgebeth
Circuit City Stores, Inc.
9950 Maryland Dr.
Richmond, VA 23233-1464

Re:   **Retention to Provide Legal Services**

Dear Mr. Hedgebeth:

We are very pleased that you have asked us to represent Circuit City Stores, Inc. and its subsidiaries and affiliates (collectively, "you," "your" or the "Company" ) in connection with its financing efforts and related matters.  Please note, the Firm's representation is only of the Company; the Firm does not and will not represent any shareholder, director, officer, partner, or joint venturer of the Company.

**General Terms.**  This retention letter (the "Agreement") sets forth the terms of your retention of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively "K&E LLP" or the "Firm") to provide legal services and constitutes an agreement between us.  The Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters, except where we otherwise agree in writing (*e.g.*, by signing a different retention letter).

**Personnel.**  I will be primarily responsible for this engagement.  Other attorneys and legal assistants also will perform services during the course of this engagement.  We will involve such other lawyers and legal assistants in K&E LLP to the extent that your needs make such involvement desirable and acceptable to you.

**Fees.**  The Firm will bill the Company for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments otherwise required by a court). We reserve the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of the Company.

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Washington, D.C.

K&E 13171327 6

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 2

Although we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses.** Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges. By executing this Agreement below, you agree to pay for all charges in accordance with the K&E LLP's schedule of charges, a copy of which is attached hereto at Schedule 1, as revised from time to time.

**Billing Procedures.** Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due upon receipt. We may adjust our billing cycle upon agreement with you. You may have the billing statement in any reasonable format you choose, but we will select an initial format for the statement unless you otherwise request in writing. Depending on the circumstances, however, estimated or summary bills may be provided during certain billing cycles, with supporting time descriptions and expense summaries to follow thereafter.

**Retainer.** The Company will provide to the Firm, a "classic retainer" in the amount of US $100,000. As such, the classic retainer will be earned by the Firm upon receipt. The initial amount of the classic retainer was set to approximate our estimate of fees and expenses expected to be accrued and unpaid by the Company between payment cycles. The Firm's estimate of expected fees and expenses may change based upon actual or expected fees and expenses incurred or expected to be incurred, as applicable. Further, the Company agrees to replenish the classic retainer upon receiving invoices from the Firm so that the classic retainer amount remains at or above the Firm's estimated fees and expenses expected to be accrued and unpaid by the Company between payment cycles.

The classic retainer will be placed into K&E LLP's general cash account, will not be held in a separate account on your behalf, and you will not receive any interest on these monies. You have no interest in the classic retainer. This amount does not constitute a security deposit.

**Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Our representation will end at the earliest of (a) your termination of our representation, (b) our withdrawal, and (c) the substantial completion of our substantive work.

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 3

We normally do not withdraw from a representation unless the client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for us to continue to represent the client, or unless other just cause exists. If permission for withdrawal is required by a court, we shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which we had been retained.

**Cell Phone and E-Mail Communication.** K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you do not wish K&E LLP to discuss privileged matters on cell telephones with you or your professionals or agents.

K&E LLP hereby informs you and you hereby acknowledge that K&E LLP's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that you must inform K&E LLP if you wish to institute a system to encode all e-mail between K&E LLP and you or your professionals or agents.

**File Retention.** All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. It is not administratively feasible for us to advise you of the closing of a matter or the disposal of records. We recommend, therefore, that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest.** As is customary for a law firm of our size, you currently have relationships with numerous business entities that K&E LLP has represented or currently represents in matters that may or may not be related to you.

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 4

    In undertaking our representation of the Company, we want to be fair not only to its interests but also to those of our other clients. Because the Company is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of our other clients, the possibility exists that one of our current or future clients may take positions adverse to the Company (including litigation or other dispute resolution mechanisms) in a matter in which K&E LLP may be retained. In particular, as you know, K&E currently represents Golden Gate Capital in its efforts to provide financing to and/or otherwise engage in certain one or more investment, recapitalization or acquisition transactions involving the Company (collectively, the "Golden Gate Matter"). In the event a present conflict of interest exists between the Company and our other clients or in the event one arises in the future, the Company agrees to waive any such conflict of interest or other objection that would preclude our representation of another client (a) in other current or future matters unrelated to this representation of the Company, and (b) whether before, during or after a Restructuring Case(s) (described below), in other matters related to the Company, including with respect to any Golden Gate Matter, as to which any such conflict or objection is hereby waived by the Company; provided that for the duration of this engagement, K&E LLP will not otherwise represent any other client's interest in any transaction or litigation that is directly adverse to the Company with respect to this engagement without your prior consent. As discussed, we will institute a formal screening protocol with respect to the Golden Gate Matter. The Company also agrees that our representation is solely of the Company and that no member or other entity or person related to it (such as directors, officers or employees) has the status of a client for conflict of interest purposes.

    **Restructuring Cases.** If it becomes necessary for you to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code, our ongoing employment by you will be subject to the approval of the court with jurisdiction over the petition. If necessary, K&E LLP will take steps necessary to prepare the disclosure materials required in connection with K&E LLP's retention as lead restructuring counsel.

    If necessary, we will prepare a preliminary draft of a schedule describing K&E LLP's relationships with certain interested parties (the "Disclosure Schedule"). We will give you a draft of the Disclosure Schedule once it is available. Although K&E LLP believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in your application to the court to retain K&E LLP.

    If actual conflicts of interest arise in the Company's Restructuring Cases, the Company will be required to use separate conflicts counsel in those matters, and the Firm will not participate in those matters for the Company but will be permitted to represent Golden Gate Capital if the conflict is related to the Golden Gate Matter.

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 5

**No Guarantee of Success.** It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statement by our staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information.** In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters, and may indicate generally the results achieved.

**Reimbursement of Expenses.** You agree promptly to reimburse us for all fees and expenses, including the amount of K&E LLP's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas, and preparing for and testifying at depositions and trials.

**LLP.** Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous.** This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

# KIRKLAND & ELLIS LLP

September 15, 2008
Page 6

    We are not advising you with respect to this Agreement because we would have a conflict of interest in doing so.  If you wish advice, you should consult independent counsel of your choice.

    Please confirm your agreement with the arrangements described in this letter by signing below and returning it to me via fax:  312-861-2200.

                    Very truly yours,

                    KIRKLAND & ELLIS LLP

                    By  _Linda K. Myers_
                        Printed Name:  Linda K. Myers, P.C.
                        Title: Partner


    Agreed to and accepted as of this  17th  day of September, 2008.

                    CIRCUIT CITY STORES, INC.

                    By: _____
                        Printed Name: Reginald D. Hedgebeth
                        Title:  Senior VP, General Counsel and
                        Secretary

Schedule I

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 1/1/08*

The following outlines Kirkland & Ellis's ("K&E's") policies and standard charges for various services performed by the Firm and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house Firm personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances, it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor.

- **Duplicating, Reprographics and Printing:** The following list details the Firm's charges for duplicating, reprographics and printing services:

  - Black and White Copy or Print (all sizes of paper):

    - $0.10 per impression for all U.S. offices except New York
    - $0.15 per impression in New York
    - €0.10 per impression in Munich
    - £0.10 per impression in London
    - HK$0.75 per impression in Hong Kong

  - Color Copy or Print (all sizes of paper):

    - $0.50 per impression

  - Scanned Images:

    - $0.15 per page for black and white or color scans

  - Other Services:

    - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
    - Binding - $0.70 per binding
    - Labels and Tabs - $0.03 - $0.10 per item based on service
    - Black and White or Color Transparency - $0.15 or $0.65 per page

If services are provided beyond those outlined above, pricing will be based on the Firm's approximate cost and/or comparable market pricing.

- **Secretarial and Word Processing:** Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- 1 -

- **Overtime Charges:** Secretarial and word processing overtime costs are not passed on to clients unless either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates the overtime and such work could not have been done during normal working hours. Costs for related overtime meals and transportation are charged to the client only under the same conditions and subject to any applicable regulations or guidelines.

- **Travel Expenses:** We charge clients only our out-of-pocket costs for travel expenses including associated travel agency fees. We charge only coach fares (business class for international flights) unless the client has approved first-class or an upgrade. K&E personnel are instructed to incur only reasonable airfare, hotel and meal expenses. K&E negotiates, uses, and passes along volume discount hotel and air rates whenever possible and practical. Volume discounts exclude certain immaterial retrospective rebates for which it is not practical to allocate to specific travel.

- **Communication Expenses:** We do not charge clients for telephone calls or faxes made from K&E's offices with the exception of third-party conference calls and videoconferences. Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage:** We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail and FedEx), and U.S. postage for materials mailed on the client's behalf. K&E negotiates, uses, and passes along volume discount rates whenever possible.

- **Messengers:** We charge clients for the actual cost of a third party vendor messenger. Where a K&E in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Computerized Research Services:** Client charges are limited to K&E's actual third-party costs and do not include any surcharges for related overhead. K&E negotiates, uses, and passes along volume discount rates whenever possible. As discounts are customarily based on overall volume: the amount of the discount may vary from month to month.

- **Off-Site Legal Files Storage:** Clients are not charged for off-site storage of files unless the storage charge is specifically approved in advance.

- **Electronic Data Storage:** The Firm does not routinely charge clients for costs to store electronic data and files related to cases on the Firm's systems. However, the Firm will charge for any third-party data storage costs for those cases where the Firm, in consultation with the client, concludes that the size of the matter or need for long-term data storage requires a third-party service provider to provide economical data storage.

- **Document Procurement:** Our standard client charge for document retrieval when a K&E library employee obtains a document from an outside source is $25 per document. There is

-2-

no client charge for retrieving documents from K&E libraries in other cities or from other collections when the document is part of the K&E collection but unavailable.

- **Calendar Court Services:** Our standard charge is $25 for a court filing and other court services or transactions.

- **Library and Business/Industry Research Services:** Research specialists perform computerized research services at the request of attorneys, and clients are charged per hour for these services.

- **Supplies:** There is no client charge for standard office supplies. Clients are charged only for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then only at K&E's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers:** If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be requested to retain and pay these individuals directly unless specific billing arrangements are agreed between the Firm and client.

  The Firm's International offices may use contract attorneys and contract non-attorney billers to supplement staffing needs. Clients will be charged per hour for these billers, if they are utilized on a client engagement.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants:** If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between the Firm and client.

- **Third Party Expenditures:** Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.

**EXHIBIT C**

**Summary of Hours Billed by Attorneys for the Second Interim Fee Period**

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Erin Broderick | Associate | 2008 | Restructuring | $365.00 | 10.20 | $3,723.00 |
| Laura Franzon | Associate | 2003 | Restructuring | $610.00 | 3.60 | $2,196.00 |
| Shelia Kang | Associate | 2008 | Corporate | $320.00 | 0.70 | $224.00 |
| Michelle Kilkenney | Partner | 2002 | Corporate | $560.00 | 13.80 | $7,728.00 |
| Mercedes McFarland | Associate | 2005 | Corporate | $470.00 | 34.70 | $16,309.00 |
| Linda K. Myers, P.C. | Partner | 1990 | Corporate | $890.00 | 25.70 | $22,873.00 |
| **Totals for Attorneys** | | | | | **88.70** | **$53,053.00** |

### Summary of Hours Billed by Paraprofessionals for the Second Interim Fee Period

| Name of Paraprofessional Person | Position with the Applicant | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Maureen McCarthy | Legal Assistant | Restructuring | $235.00 | 26.60 | $6,251.00 |
| Thomas N. Nelson, Jr. | Technology Services | Litigation | $210.00 | 0.50 | $105.00 |
| Jane Penley | Project Assistant | Restructuring | $150.00 | 0.60 | $90.00 |
| Carrie Sroka | Project Assistant | Restructuring | $150.00 | 0.80 | $120.00 |
| Peter Stach | Project Assistant | Restructuring | $155.00 | 3.50 | $542.50 |
| Carrie L. Wildfong | Project Assistant | Restructuring | $155.00 | 5.10 | $790.50 |
| **Totals for Paraprofessionals** | | | | **37.10** | **$7,899.00** |

| Total Fees for Attorneys and Paraprofessionals for Second Interim Fee Period | $60,952.00 |
|---|---|

K&E 14767452.

**EXHIBIT D**

**Summary of Legal Fees and Expenses for the Second Interim Fee Period**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 2 | Financing | 125.80 | $60,952.00 | $1,572.39 | $62,524.39 |
| **Totals** | | **125.80** | **$60,952.00** | **$1,572.39** | **$62,524.39** |

**EXHIBIT D-1**

**Summary of Legal Fees and Expenses for February 1, 2009 through February 28, 2009**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 2 | Financing | 84.20 | $42,798.50 | $1,244.19 | $44,042.69 |
| **Total** | | **84.20** | **$42,798.50** | **$1,244.19** | **$44,042.69** |

**Fee Invoices for the Period February 1, 2009 through February 28, 2009**

**EXHIBIT D-2**

**Summary of Legal Fees and Expenses for March 1, 2009 through March 31, 2009**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 2 | Financing | 22.60 | $7,414.50 | $259.17 | $7,673.67 |
| **Total** | | **22.60** | **$7,414.50** | **$259.17** | **$7,673.67** |

K&E 14767452.

**Fee Invoices for the Period March 1, 2009 through March 31, 2009**

**EXHIBIT D-3**

**Summary of Legal Fees and Expenses for April 1, 2009 through April 30, 2009**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 2 | Financing | 19.00 | $10,739.00 | $69.03 | $10,808.03 |
| **Total** | | **19.00** | **$10,739.00** | **$69.03** | **$10,808.03** |

**Fee Invoices for the Period April 1, 2009 through April 30, 2009**

**EXHIBIT E**

**Disbursements Summary
for the Second Interim Fee Period**

| Disbursements | Amount |
|---|---|
| CD-ROM Duplicates | $63.00 |
| Computer Database Research | $39.44 |
| Outside Messenger Services | $28.00 |
| Overnight Delivery | $124.31 |
| Overtime Transportation | $5.85 |
| Scanned Images | $831.45 |
| Secretarial Overtime | $8.89 |
| Standard Copies or Prints | $296.70 |
| Standard Prints | $47.50 |
| Third Party Telephone Charges | $127.25 |
| **Total** | **$1,572.39** |

**EXHIBIT E-1**

**Disbursement Summary**
**for the Period February 1, 2009 through February 28, 2009**

| Disbursements | Amount |
|---|---|
| Third Party Telephone Charges | $53.40 |
| Standard Copies or Prints | $169.40 |
| Scanned Images | $824.25 |
| CD-ROM Duplicates | $63.00 |
| Overnight Delivery | $68.77 |
| Outside Messenger Services | $28.00 |
| Computer Database Research | $28.48 |
| Secretarial Overtime | $8.89 |
| **Total** | **$1,244.19** |

K&E 14767452.

**Expense Invoices for the Period February 1, 2009 through February 28, 2009**

**EXHIBIT E-2**

**Disbursement Summary**
**for the Period March 1, 2009 through March 31, 2009**

| Disbursements | Amount |
|---|---|
| Third Party Telephone Charges | $70.23 |
| Standard Copies or Prints | $126.50 |
| Scanned Images | $6.90 |
| Overnight Delivery | $55.54 |
| **Total** | **$259.17** |

**Expense Invoices for the Period March 1, 2009 through March 31, 2009**

**EXHIBIT E-3**

**Disbursement Summary**
**for the Period April 1, 2009 through April 30, 2009**

| Disbursements | Amount |
|---|---|
| Third Party Telephone Charges | $3.62 |
| Standard Copies or Prints | $0.80 |
| Scanned Images | $0.30 |
| Standard Prints | $47.50 |
| Computer Database Research | $10.96 |
| Overtime Transportation | $5.85 |
| **Total** | **$69.03** |

**Expense Invoices for the April 1, 2009 through April 30, 2009**