# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08- 35653
et al.,                       :   (KRH)
                              :
            Debtors.          :
- - - - - - - - - - - - - - - x   Jointly Administered

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

Upon the **Application for Order under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a), Authorizing the Employment and Retention of Rothschild Inc. ("Rothschild") as Investment Banker and Financial Advisors to the Debtors Nunc Pro Tunc to the Petition Date** (the "Application")[1]; and upon consideration of the Application and all pleadings related thereto, including the Augustine Affidavit, and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this matter is a core proceeding

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.



within the meaning of 28 U.S.C. § 157(b)(2), and (iii) notice of the Application was due and proper under the circumstances; and it appearing that Rothschild neither holds nor represents any interest adverse to the Debtors or their estates and it further appearing that Rothschild is a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

1. ORDERED, that the Application is granted.

2. ORDERED, that Rothschild be retained and employed as investment banker and financial advisor to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on the terms set forth in the Engagement Letter (as modified hereby) <u>nunc pro tunc</u> to the Petition Date, and that Rothschild's compensation shall be subject to the standard of review provided for in Section 328(a) of the Bankruptcy Code, and not subject to the standard of review under Section 330 of the Bankruptcy Code.

3. ORDERED, that Rothschild shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, and such procedures as may be fixed by order of this Court; provided that the fee applications filed by Rothschild shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

4. ORDERED, that in addition to compensation for professional services rendered by Rothschild, pursuant to the terms of the Engagement Letter (as modified hereby), Rothschild is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the fees, disbursements and other charges of Rothschild's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise).

5. ORDERED, that the indemnification provisions included in the Engagement Letter, including

Exhibit A thereto, are approved to the extent provided in this Order.

6. ORDERED, that in the event that Rothschild seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification provisions of the Engagement Letter, if this Court approves the request per the prior paragraph, the invoices and supporting time records from such attorneys shall be included in Rothschild's subsequent reimbursement applications (both interim and final), without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code.

7. ORDERED, that Section 1 of the Engagement Letter is hereby amended by adding the following sentence to the conclusion of the definition of "Recapitalization Transaction":

> "For the avoidance of doubt, a Liquidation (as defined below) shall not constitute a Recapitalization Transaction."

8. ORDERED, that Section 1 of the Engagement Letter is hereby amended by amending and restating the definition of "Liquidation" in its entirety as follows:

> "As used herein, the term "Liquidation" shall mean any piecemeal liquidation of all or substantially all of the Company's assets, other

than through one or more M&A Transactions, whether pursuant to Chapter 7 or Chapter 11 of the Bankruptcy Code or otherwise. For the avoidance of doubt, the sale of one or more operating stores (or leases therefor) sold together with the inventory of such store(s) to a single buyer pursuant to transaction documents from which it is reasonably evident that such buyer intends to utilize at least a material portion of such stores as a going concern shall constitute an M&A Transaction and not a Liquidation. In the event there is a dispute whether a sale constitutes an M&A Transaction, the dispute shall be resolved by the Bankruptcy Court, unless the parties to the dispute reach a consensual resolution."

    9.    ORDERED, that Section 4(c) of the Engagement letter is hereby amended by amending and restating the second sentence thereof in its entirety to read as follows:

> "Notwithstanding the above, a New Capital Fee shall not be earned with respect to (i) any DIP financing where Bank of America has acted as lead agent (including the Company's debtor in possession financing facility proposed as of the date hereof) or (ii) the portion of any exit financing provided by the Company's existing DIP lenders."

    10.    ORDERED, that Section 4(d) of the Engagement letter is hereby amended by amending and restating the first sentence thereof in its entirety to read as follows:

> "A recapitalization fee (the "Recapitalization Fee") of $5.0 million, payable in cash upon the earlier of (i) the confirmation and

effectiveness of a Plan with respect to a majority of the assets of the Company, or (ii) the closing of another Recapitalization Transaction with respect to a majority of the assets of the Company. For the avoidance of doubt, the sale of the Company's outstanding secured indebtedness by the current holders of such indebtedness shall not trigger the Recapitalization Fee. In the event the Company pursues a Liquidation, a minimum fee (the "Minimum Recap Fee") equal to $2 million; provided that Rothschild shall not be entitled to the Minimum Recap Fee (x) to the extent the payment of such fee would render the Company unable to pay all claims entitled to administrative priority pursuant to Section 503(b) of the Bankruptcy Code, or (y) if Rothschild has been paid M&A Fees aggregating more than $5 million. For the avoidance of doubt, Rothschild may earn both the Minimum Recap Fee and M&A Fees pursuant to Section 4(e) hereof; provided that such fees may not aggregate more than $5 million."

11. ORDERED, that Section 4(e) of the Engagement letter is hereby amended and restated in its entirety to read as follows:

"An M&A fee (the "M&A Fee") equal to (i) for an M&A Transaction with respect to all or substantially all of the assets of the Company, the greater of $5 million or 1.0% of the Aggregate Consideration (as defined below) received in connection with such M&A Transaction or (ii) for any other M&A Transaction, the fee specified below:

### M&A Fee Schedule
(Dollars In Millions)

| Aggregate Consideration | M&A Fee Percentage[2] |
|---|---|
| $50.0 | 2.50% |
| $100.0 | 2.00% |
| $200.0 | 1.75% |
| $300.0 | 1.50% |
| $400.0 | 1.25% |
| $500.0 | 1.00% |

Notwithstanding the foregoing, (a) in no event shall the M&A Fee (excluding any InterTAN M&A Fee (as defined below)), exceed $8.0 million, (b) in the event that the Company consummates a M&A Transaction solely involving InterTAN, the M&A Fee payable at closing to Rothschild in connection with such M&A Transaction shall equal the greater of $1.5 million or 1.0% of the Aggregate Consideration received in connection with such M&A Transaction (the "InterTAN M&A Fee") and (c) in the event Rothschild receives the M&A Fee contemplated by clause (i) above, Rothschild shall be entitled to an M&A Fee of 1% of the Aggregate Consideration of any subsequent M&A Transactions. Each M&A Fee shall be payable at the closing of the applicable M&A Transaction."

For purposes hereof, the term "Aggregate Consideration" shall mean the total amount of all cash plus the total value (as determined

---

[2] Percentages rounded to two decimal places. The applicable M&A Fee percentage for Aggregate Consideration value amounts which fall between the amounts listed above shall be calculated based on a straight line interpolation of the percentages in the M&A Fee Schedule. For Aggregate Consideration value amounts which fall below or above the amounts listed, the applicable M&A Fee percentage shall be agreed upon by Rothschild, the professionals retained by the Official Committee of Unsecured Creditors appointed in these cases (the "Committee Professionals"), and the Company in good faith consistent with the fee schedule.

pursuant hereto) of all securities, contractual arrangements (including, without limitation, any put or call agreements but excluding any leases assumed by the purchaser) and other consideration, including, without limitation, any contingent or earned consideration, paid or payable, directly or indirectly, in connection with an M&A Transaction (including, without limitation, amounts paid (i) pursuant to covenants not to compete, employment contracts, employee benefit plans, management fees or other similar arrangements, and (ii) to holders of any warrants, stock purchase rights or convertible securities of the Company and to holders of any options or stock appreciation rights issued by the Company, whether or not vested). Aggregate Consideration shall also include the amount of any short-term liabilities (including, without limitation, any trade or ordinary course liabilities) and any long-term liabilities of the Company (including, without limitation, the principal amount of any indebtedness for borrowed money and capitalized leases and the full amount of any off-balance sheet financings) (x) repaid, defeased or retired, directly or indirectly, in connection with or in anticipation of an M&A Transaction or (y) existing on the Company's balance sheet at the time of an M&A Transaction (if such M&A Transaction takes the form of a merger, consolidation or a sale of stock or partnership interests) or assumed in connection with an M&A Transaction (if such M&A Transaction takes the form of a sale of assets). For purposes of calculating the amount of revolving credit debt in the preceding sentence, the arithmetic mean of the amount of revolving credit debt outstanding on the last day of each month during the 12 months preceding the closing of the M&A Transaction will be used. In the event such M&A Transaction takes the form of a sale of assets, Aggregate Consideration shall not include the value of any current assets not

purchased.  In the event such M&A Transaction takes the form of a recapitalization, restructuring, spin-off, split-off or similar transaction, Aggregate Consideration shall include the fair market value of (i) the equity securities of the Company retained by the Company's security holders following such M&A Transaction and (ii) any securities received by the Company's security holders in exchange for or in respect of securities of the Company following such M&A Transaction (all securities received by such security holders being deemed to have been paid to such security holders in such M&A Transaction).  The value of securities that are freely tradable in an established public market will be determined on the basis of the last market closing price prior to the consummation of an M&A Transaction.  The value of securities that are not freely tradable or have no established public market, or if the consideration consists of property other than securities, the value of such property shall be the fair market value thereof as determined in good faith by the Company, the Committee Professionals and Rothschild, or by an arbitrator if the Company, the Committee Professionals and Rothschild cannot agree on the valuation of non-marketable securities.  In addition, the value of all debt securities shall be the fair market value thereof *under reasonable market conditions*[3], as determined in good faith by the Company, the Committee Professionals and Rothschild, or by an arbitrator if the Company, the Committee Professionals and Rothschild cannot agree on the valuation of such securities." If the consideration to be paid is computed in any foreign currency, the value of such foreign currency shall, for purposes hereof, be converted into U.S. dollars at the prevailing exchange rate on the date or dates on which

---

[3]   For the avoidance of doubt, the market conditions as of the date hereof shall not be determinative of "reasonable market conditions" for purposes of this definition.

such consideration is payable. Aggregate Consideration shall also include the face amount of any liabilities tendered as purchase price in connection with any credit bid."

12. ORDERED, that Section 4(f) of the Engagement Letter and all references to the "Liquidation Fee" are hereby deleted.

13. ORDERED, that Section 5 of the Engagement letter is hereby amended by amending and restating the first sentence thereof in its entirety as follows:

To the extent not otherwise credited hereunder, Rothschild shall credit (a) 50% of the Monthly Fees paid under Section 4(b) in excess of $600,000 in the aggregate (the "Monthly Fee Credit") against the Recapitalization Fee, Minimum Recap Fee, M&A Fee (other than the InterTAN M&A Fee) or New Capital Fee; and (b) 50% of any New Capital Fees paid under Section 4(c) (the "New Capital Fee Credit") against the Recapitalization Fee or M&A Fee (other than the InterTAN M&A Fee).

14. ORDERED, that Exhibit A to the Engagement Letter is hereby amended by deleting therefrom the last sentence of the first paragraph.

15. ORDERED, that Exhibit A to the Engagement Letter is hereby amended by inserting "twice" before "the amount of fees" in the first sentence of the fourth paragraph thereof.

16. ORDERED, to the extent this Order is inconsistent with any prior order or pleading with

respect to the Application in these cases or the Engagement Letter (as modified hereby), the terms of this Order shall govern.

17. ORDERED, that the relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

18. ORDERED, that Rothschild shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

19. ORDERED, that notwithstanding any provision to the contrary in the Application or the Engagement Letter the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  Richmond, Virginia
        January ____, 2009
   Jan 9 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 1/9/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

SEEN AND NO OBJECTION:

/s/ Robert B. Van Arsdale (with permission per
electronic mail dated 1/8/09)
Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond VA  23219
(804) 771-2327

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

I hereby certify that proposed order has been endorsed by all necessary parties.

/s/ Douglas M. Foley