IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED JUN 1 5 2009
CLERK
U.S. BANKRUPTCY COURT

In re:

CIRCUIT CITY STORES, INC.,
Et al.,

          Debtors.

Chapter 11

Case No. 08-35653

Jointly Administered

## RESPONSE TO DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN MISCLASSIFIED NON-GOODS 503(B) (9)

1. The claimant is Performance Printing Corporation. The claim is for $105,123.80 covering gift cards manufactured by Performance and sold to Circuit City.

2. The following are the reasons why the Bankruptcy Court should not sustain the Omnibus Objection as to the claim:

Based on Debtor's contention that a valid claim must relate to "goods" rather than "services" delivered during the applicable period. The claim of Performance relates to goods and not to services.

Each purchase order from the Debtor specified a quantity of gift cards and the unit price for each card produced by Performance. In addition to issuing a purchase order, the Debtor supplied the necessary artwork and data to be used in manufacturing the cards.

Performance manufactured the cards in the following manner. Large sheets of plastic and paper, labels and magnetic striping materials were purchased. The plastic sheets were printed with the artwork, and magnetic stripes were added to the printed sheets. The sheets were then cut into cards, and the data was printed on the cards and encoded on the mag stripes.

The paper sheets were printed with the artwork and cut into carriers.

Page 1

The cards were attached to the carriers for the final product, placed in boxes and shipped to the Debtor. The debtor was charged for each final product at the rate specified in the purchase order.

The Objection states in paragraph 25 that

> "The UCC defines "goods", in pertinent part, as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale…"

The Objection states in paragraph 28 that

> ""goods" are something that is "moveable"…"

The cards made by Performance and sold to the Debtor where movable at the time they were delivered to the Debtor.

The Objection states in paragraph 35 that

> "…courts look to the predominant purpose of the transaction; that is "whether the contract primarily concerns the furnishing of goods or the rendering of services.""

The Debtor agreed to pay for each unit of product produced and delivered by Performance. No payment was required with respect to any service to be rendered by Performance.

The Objection states in paragraph 36 that

> "…courts consider the following factors: "(1) the language of the contract, (2) the nature of the business of the supplier, and (3) the intrinsic worth of the materials.""

The Debtor and Performance were parties to a Master Dealer Agreement which provided, in paragraph 1 that "Vendor [Performance] agrees to provide and Circuit City agrees to utilize, the professional services of Vendor to produce the Circuit City gift cards and custom designed packaging (the "Products") for sale to Circuit City." This language simply indicates that Performance is to do the work of manufacturing the products being sold, and it does not indicate that services rather than products are being sold. Not only did Performance do the work, but it also supplied the required materials to manufacture the goods. Performance is not in the business of selling services but is in the business of selling goods. The

    intrinsic worth of the materials is in their value as movable goods in the form of gift cards.

    The cards sold by Performance to the Debtor in no way resemble *any* of the examples of non-goods cited by Debtor in paragraph 37: "…installation of equipment; the construction and maintenance of buildings; and the shipment of products to Debtors for resale in Debtors' retail stores." (The latter refers only to the service of shipping goods, as opposed to manufacturing goods.)

3. The undersigned, John T. White, having personal knowledge for the relevant facts that support this response, hereby declares that the foregoing is true and correct.
4. Information about claimant:
   John T. White, President
   Performance Printing Corporation
   2929 Stemmons
   Dallas, Texas 75247
   214-665-1000 (Phone)
   214-665-1099 (Facsimile)
5. Person with authority to resolve the Objection:
   John T. White, President
   Performance Printing Corporation
   2929 Stemmons
   Dallas, Texas 75247
   214-665-1000 (Phone)
   214-665-1099 (Facsimile)
6. Notice has been served on the following:
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
   Gregg M. Galardi, Esq.
   Ian S. Fredericks, Esq.
   P.O. Box 636
   Wilmington Delaware 19899-0636
   (302)651-3000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

Chris L. Dickerson, Esq.

333 West Wacker Drive

Chicago, Illinois 60606

(312)407-0700

MCGUIREWOODS LLP

Dion W. Hayes

Douglas M. Foley

One James Center

901 E. Cary Street

Richmond, Virginia 23219

(804) 775-1000

Counsel for Debtors and Debtors in Possession

Respectfully submitted:

PERFORMANCE PRINTING CORPORATION

By _____

John T. White, President