R. Scott Alsterda (*pro hac vice pending*)
Theodore E. Harman *(pro hac vice pending)*
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
Telephone: (312) 977-9253
Facsimile: (312) 977-4405

-and-

Christopher L. Perkins (Va. Bar No. 41783)
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2294

*Counsel for Nina Winston, Administrator*
*of the Estate of David Winston*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| NINA WINSTON, Administrator of the | ) | |
| Estate of DAVID WINSTON, deceased, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes Nina Winston, Administrator of the Estate of David Winston, deceased ("Mrs. Winston"), by counsel, and for her Motion for Relief from Automatic Stay imposed under 11 U.S.C. §362, states as follows:

## **Background**

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1334(b) and 11 U.S.C. §362(d).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On May 22, 2007, Mrs. Winston filed a Complaint in the United States District Court for the District of Colorado (the "District Court Action") against the Debtor as well as Martinair, Inc. ("Martinair") and Cessna Aircraft Company ("Cessna") arising out of the death of Ms. Winston's husband David Winston ("Mr. Winston"). A copy of the Complaint in the District Court Action is attached hereto as **Exhibit A**.

4. Mr. Winston was employed by IBM and acting as consultant to the Debtor.

5. On February 16, 2005, in connection with providing consulting services, Mr. Winston was a passenger on a Cessna Citation 560 airplane, Registration No. N 500AT ("Cessna Citation"), manufactured by Cessna and owned by the Debtor on a flight from Richmond, Virginia to Santa Ana, California. The Debtor hired Martinair to pilot the Cessna Citation on the flight.

6. On February 16, 2005, while attempting to land in Pueblo, Colorado for refueling the Cessna Citation crashed and Mr. Winston was killed.

7. In the District Court Action, Ms. Winston alleges that the Debtor was negligent with respect to the operation of the Cessna Citation on the flight.

8.     The Debtor filed its Petition in this case on November 10, 2008 and the District Court Action has been stayed since that time.

9.     Prior to November 10, 2008, the parties in the District Court Action had completed all party depositions and other oral fact discovery. Mrs. Winston's experts have been disclosed and deposed and the parties were completing the disclosure and deposition of the defendants' experts.

10.    The Debtor is an insured under an insurance policy providing $150 million in liability coverage for bodily injury, including death, resulting from bodily injury with respect to the Cessna Citation (the "Liability Policy"). The Liability Policy does not have a self insured retention or deductible. Mrs. Winston understands and believes that all of the Debtors' attorneys' fees and litigation expenses in the District Court Action were being paid pursuant to an insurance policy held by Martinair.

## Argument

11.    11 U.S.C. § 362(d)(1) permits parties in interest to seek relief from the automatic stay "for cause." The term "cause" is not defined and courts determine whether cause exists for relief from the automatic stay on a case by case basis. *In re Meredith*, 337 B.R. 574, 577 (Bankr. E.D.Va. 2005). Courts make this determination by balancing the "potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id.*

12.    Here, Mrs. Winston is seeking relief from the stay for purposes of pursuing the District Court Action against the non-Debtor parties and against the Debtor, but only to the extent of the coverage provided by the Liability Policy.

3

13. It has long been recognized that "where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since the hardship to the debtor is likely to be outweighed by the hardship to the plaintiff." 2 *Collier on Bankruptcy*, ¶ 362.08 [3] (15th ed. 1985).

14. Among the widely-recognized factors that may be relevant to whether a stay should be lifted so litigation can continue in another forum are:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (11) whether the parties are ready for trial in the other proceeding; and
>
> (12) impact of the stay on the parties and the balance of harms.

*In re Deep,* 279 B.R. 653, 657 (N.D.N.Y. 2002). All twelve factors may not be relevant in a given case. *Id*.

15. In this case, the relevant factors weigh in favor of granting Mrs. Winston relief from the automatic stay.  The District Court Action has advanced substantially and was set for a June 2009 trial prior to the filing of this case.  Allowing Mrs. Winston's claims to proceed in the District Court Action would permit the resolution of the issues concerning the Debtor's liability for the crash with little or no interference with the bankruptcy case.  The Debtor is not paying the fees and expenses associated with the defense of the District Court Action and third parties, Martinair and Cessna, are involved.[1]  Mrs. Winston is seeking relief only against the Liability Policy and there is no suggestion that other creditors will be making claims against the Liability Policy such that they could be prejudiced by allowing relief from the stay.  Mrs. Winston, on the other hand, will be prejudiced if the claims in the District Court Action continue to be stayed.

16. The purpose of the automatic stay is to "prevent a prejudicial dissipation of the debtor's assets" and it was "never intended to preclude a determination of tort liability and the attendant damages." *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984).  Under the circumstances present in this case, Mrs. Winston should be granted relief from the automatic stay in order to pursue the District Court Action and recover any damages attributable to the Debtor from the Liability Policy.

---

[1] Moreover, even if the Debtor is required to participate in the defense that would not be determinative of prejudice. *In re Fernstrom Storage and Van Co.*, 100 B.R. 1017, 1024 (N.D. Ill. 1989).

5

WHEREFORE, Movant Nina Winston, as Administrator of the Estate of David Winston, deceased, respectfully requests that this court modify the automatic stay to allow Mrs. Winston to continue to pursue her claims against Debtor in the District Court Action and to recover against any insurance coverage available to the Debtor including the Liability Policy.

DATED:   June 16, 2009.

Respectfully submitted,

/s/ Christopher L. Perkins
Movant

R. Scott Alsterda  (*pro hac vice pending*)
Theodore E. Harman  (*pro hac vice pending*)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois  60602
Telephone: 312.977.4400
Facsimile: 312.977.4405

Christopher L. Perkins (Va. Bar No.41783)
LECLAIR RYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia  23219
Telephone: (804) 783-7550
Facsimile: (804) 783-7686
christopher.perkins@leclairryan.com

*Counsel for Nina Winston, Administrator of the Estate of David Winston, Deceased*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June 2009, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, including all persons appearing below:

>Daniel F. Blanks, Esquire
>Douglas M. Foley, Esquire
>McGuire Woods LLP
>9000 World Trade Center
>101 W. Main Street
>Norfolk, VA  23510
>*Counsel for Debtors*
>
>Gregg M. Galardi, Esquire
>Skadden Arps Slate Meagher & Flom, LLC
>One Rodney Square
>Post Office Box 636
>Wilmington, Delaware  19899-0636
>*Counsel for Debtors*
>
>Robert Van Arsdale, Esquire
>Assistant U.S. Trustee
>Office of the U.S. Trustee
>701 East Broad Street, Suite 4304
>Richmond, VA  23219
>*Office of the U.S. Trustee*

>/s/  Christopher L. Perkins

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Circuit City Stores, Inc., et al., | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| NINA WINSTON, Administrator of the | ) | |
| Estate of DAVID WINSTON, deceased, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

This matter came before the Court upon the Motion for Relief From Automatic Stay (the "Motion") filed on behalf of Nina Winston, Administrator of the Estate of David Winston, Deceased, by Christopher L. Perkins. After review of the Motion and statements therein, the Court finds that (i) adequate notice of the Motion has been provided; (ii) jurisdiction and venue are proper; (iii) this is a core proceeding; and (iv) good cause, as set forth in the Motion exists to grant the Motion and requested relief. For good cause shown, it is therefore

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that the Stay shall be modified to permit Nina Winston, Administrator of the Estate of David Winston, Deceased, to proceed with her claims

against Debtor and other defendants in Civil Action No. 1:07-CV-01087-REB-CBS pending the United States District Court for the District of Colorado with her recovery from Debtor limited to the proceeds of any insurance coverage available to the Debtor.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

Christopher L. Perkins (Va. Bar No. 41783)
LECLAIR RYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia  23219
(804) 783-7550
(804) 783-7686 – Fax
*Counsel for Nina Winston, Administrator of the Estate of David Winston, Deceased*

## LOCAL RULE 9022-1 CERTIFICATION

**I HEREBY CERTIFY** that the foregoing has been either endorsed by or served upon all necessary parties.

Christopher L. Perkins