IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-cv-01087-REB-CBS

NINA WINSTON, Administrator of the Estate of
DAVID WINSTON, deceased,

    Plaintiff,

v.

CIRCUIT CITY STORES, INC., a corporation;
MARTINAIR, INC., a corporation;
CESSNA AIRCRAFT COMPANY, a corporation,

    Defendants.

## PLAINTIFF'S COMPLAINT

Plaintiff, NINA WINSTON, Administrator of the Estate of DAVID WINSTON, deceased, by and through counsel, complaining of Defendants, CIRCUIT CITY STORES, INC., a corporation, MARTINAIR, INC., a corporation, and CESSNA AIRCRAFT COMPANY, a corporation, jointly and severally, states as follows:

### PARTIES

1. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, and a resident of Chicago, Illinois.

2. At the time of his death, decedent, DAVID WINSTON, was a resident of Chicago, Illinois, and married to NINA WINSTON.

3. CIRCUIT CITY STORES, INC. ("CIRCUIT CITY") is a Virginia corporation with its principal place of business in Richmond, Virginia.

4. MARTINAIR, INC. ("MARTINAIR") is a Virginia corporation with its principal place of business in Richmond, Mayland.

5. CESSNA AIRCRAFT COMPANY ("CESSNA") is a Kansas corporation with its principal place of business in Wichita, Kansas.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper before this court pursuant to 28 U.S.C. § 1332(a) because there exists diversity of citizenship, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

8. On February 16, 2005, decedent, David Winston, was a passenger aboard a Cessna Citation 560 airplane, Registration No. N500AT ("Cessna Citation"), on a flight from Richmond, Virginia to Santa Ana, California.

9. On February 16, 2005, the aforesaid Cessna Citation crashed while attempting a planned landing and refueling at Pueblo Memorial Airport, Pueblo County, Colorado.

10. On February 16, 2005, decedent, David Winston, was a consultant hired by Defendant, CIRCUIT CITY, through decedent's employer, IBM, in Chicago, Illinois.

11. On and before February 16, 2005, the aforesaid Cessna Citation was owned, managed, maintained, controlled, operated and piloted by Defendant, CIRCUIT CITY.

12. On February 16, 2005, Defendant, MARTINAIR, was engaged in the business of providing pilots-for-hire for aircraft carrying passengers in interstate commerce.

2

13. On February 16, 2005, Defendant, MARTINAIR, by and through it employees and/or agents, and pursuant to its contract with Defendant, CIRCUIT CITY, managed, maintained, controlled, operated, and piloted the aforesaid Cessna Citation.

14. On and before February 16, 2005, the aforesaid Cessna Citation was designed, manufactured, distributed, sold and placed into the stream of commerce by Defendant, CESSNA.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH - AIRPLANE NEGLIGENCE - CIRCUIT CITY

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, CIRCUIT CITY, through its employees and/or agents piloted the Cessna Citation into an attempted landing at Pueblo Memorial Airport, Pueblo County, Colorado.

16. On February 16, 2005, the landing maneuver at Pueblo Memorial Airport failed, and the Cessna Citation crashed.

17. On and before February 16, 2005, CIRCUIT CITY was negligent in one or more of the following respects:

    a. Failed to execute a proper landing maneuver;

    b. Failed to maintain sufficient airspeed that would have prevented the crash;

    c. Failed to maintain a sufficient altitude that would have prevented the crash;

    d. Failed to adequately monitor the altitude and airspeed of the Cessna while in a landing approach;

3

  e. Attempted a landing maneuver in weather conditions that did not allow for a safe landing;

  f. Failed to adequately monitor existing icing conditions;

  g. Failed to adequately monitor existing weather conditions prior to and during the landing maneuver;

  h. Failed to properly maintain, inspect and/or control the aforesaid aircraft.

18. As a proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiff's decedent, DAVID WINSTON, suffered injuries resulting in his death on February 16, 2005.

19. DAVID WINSTON left surviving him his wife, NINA WINSTON, and all recognized heirs of law, all of whom have sustained damages of a personal, pecuniary, and permanent nature as a result of the wrongful death of DAVID WINSTON.

20. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division, and she brings this cause of action pursuant to 740 Illinois Compiled Statute 180/1 *et seq.*, commonly known as the Illinois Wrongful Death Act.

## SECOND CAUSE OF ACTION

### SURVIVAL ACTION - AIRPLANE NEGLIGENCE - CIRCUIT CITY

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, CIRCUIT CITY, through its employees and/or agents piloted the Cessna Citation into an attempted landing at Pueblo Memorial Airport, Pueblo County, Colorado.

4

16. On February 16, 2005, the landing maneuver at Pueblo Memorial Airport failed, and the Cessna Citation crashed.

17. On and before February 16, 2005, CIRCUIT CITY was negligent in one or more of the following respects:

 a. Failed to execute a proper landing maneuver;

 b. Failed to maintain sufficient airspeed that would have prevented the crash;

 c. Failed to maintain a sufficient altitude that would have prevented the crash;

 d. Failed to adequately monitor the altitude and airspeed of the Cessna while in a landing approach;

 e. Attempted a landing maneuver in weather conditions that did not allow for a safe landing;

 f. Failed to adequately monitor existing icing conditions;

 g. Failed to adequately monitor existing weather conditions prior to and during the landing maneuver;

 h. Failed to properly maintain, inspect and/or control the aforesaid aircraft.

18. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Plaintiff's decedent, DAVID WINSTON, suffered personal and pecuniary damages, including conscious pain and suffering prior to his death on February 16, 2005, and had he survived, he would have been entitled to bring a cause of action for such personal and pecuniary damages, and such action has survived him.

19. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division,

5

and she brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Illinois Survival Act.

### THIRD CAUSE OF ACTION

### WRONGFUL DEATH - AIRPLANE NEGLIGENCE - MARTINAIR

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, Defendant, MARTINAIR, through its employees and/or agents piloted the Cessna Citation into an attempted landing at Pueblo Memorial Airport, Pueblo County, Colorado.

16. On February 16, 2005, the landing maneuver at Pueblo Memorial Airport failed, and the Cessna Citation crashed.

17. On and before February 16, 2005, MARTINAIR was negligent in one or more of the following respects:

    a. Failed to execute a proper landing maneuver;

    b. Failed to maintain sufficient airspeed that would have prevented the crash;

    c. Failed to maintain a sufficient altitude that would have prevented the crash;

    d. Failed to adequately monitor the altitude and airspeed of the Cessna while in a landing approach;

    e. Attempted a landing maneuver in weather conditions that did not allow for a safe landing;

    f. Failed to adequately monitor existing icing conditions;

6

g.  Failed to adequately monitor existing weather conditions prior to and during the landing maneuver;

h.  Failed to properly maintain, inspect and/or control the aforesaid aircraft;

i.  Failed to properly inspect the aircraft;

j.  Failed to properly monitor prevailing weather conditions.

18. As a proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiff's decedent, DAVID WINSTON, suffered injuries resulting in his death on February 16, 2005.

19. DAVID WINSTON left surviving him his wife, NINA WINSTON, and all recognized heirs of law, all of whom have sustained damages of a personal, pecuniary, and permanent nature as a result of the wrongful death of DAVID WINSTON.

20. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division, and she brings this cause of action pursuant to 740 Illinois Compiled Statute 180/1 *et seq.*, commonly known as the Illinois Wrongful Death Act.

## FOURTH CAUSE OF ACTION

### SURVIVAL ACTION - AIRPLANE NEGLIGENCE - MARTINAIR

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, Defendant, MARTINAIR, through its employees and/or agents piloted the Cessna Citation into an attempted landing at Pueblo Memorial Airport, Pueblo County, Colorado.

7

16. On February 16, 2005, the landing maneuver at Pueblo Memorial Airport failed, and the Cessna Citation crashed.

17. On and before February 16, 2005, MARTINAIR was negligent in one or more of the following respects:

   a. Failed to execute a proper landing maneuver;

   b. Failed to maintain sufficient airspeed that would have prevented the crash;

   c. Failed to maintain a sufficient altitude that would have prevented the crash;

   d. Failed to adequately monitor the altitude and airspeed of the Cessna while in a landing approach;

   e. Attempted a landing maneuver in weather conditions that did not allow for a safe landing;

   f. Failed to adequately monitor existing icing conditions;

   g. Failed to adequately monitor existing weather conditions prior to and during the landing maneuver;

   h. Failed to properly maintain, inspect and/or control the aforesaid aircraft;

   i. Failed to properly inspect the aircraft;

   j. Failed to properly monitor prevailing weather conditions.

18. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Plaintiff's decedent, DAVID WINSTON, suffered personal and pecuniary damages, including conscious pain and suffering prior to his death on February 16, 2005, and had he survived, he would have been entitled to bring a cause of action for such personal and pecuniary damages, and such action has survived him.

19. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division, and she brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Illinois Survival Act.

### FIFTH CAUSE OF ACTION

### WRONGFUL DEATH - AIRPLANE PRODUCT LIABILITY - CESSNA

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, the Cessna Citation, through its crew, attempted a landing at Pueblo Memorial Airport, Pueblo County, Colorado.

16. On February 16, 2005, the landing maneuver failed, and the Cessna crashed.

17. On February 16, 2005, and at the time the Cessna Citation left control, the Cessna Citation was in an unreasonably dangerous condition in one or more of the following respects:

   a. Was designed, manufactured, distributed and sold with a deicing system which did not allow it to adequately shed ice accumulating on the aircraft;

   b. Was designed, manufactured, distributed and sold without adequate warnings as to the unsafe accumulation of ice on the aircraft;

   c. Was designed, manufactured, distributed and sold without the ability to adequately deice and cover a sufficient surface area of the wings to provide the aircraft with protection from unsafe ice accumulating on its surfaces;

   d. Was designed, manufactured, distributed and sold with a deicing system without proper and adequate instructions regarding its operation;

   e. Was designed, manufactured, distributed and sold with a deicing system without proper or adequate integration with other systems on the aircraft that were supposed to provide deicing protection;

9

  f. Was designed, manufactured, distributed and sold in such a manner that allowed unreasonably large pieces of ice to be shed into other aircraft components;

  g. Was designed, manufactured, distributed and sold without adequate engineering coordination;

  h. Was designed, manufactured, distributed and sold without proper or adequate aircraft manuals;

  i. Was designed, manufactured, distributed and sold with an engine configuration that was unsafe in flight conditions that were reasonably foreseeable;

  j. Was designed, manufactured, distributed and sold with systems that did not properly or adequately warn operating pilots of dangerous flight configuration conditions;

  k. Was designed, manufactured, distributed and sold with an inadequate stall warning system;

  l. Was designed, manufactured, distributed and sold without adequate or proper instruction, warning or advisories as to safe landing approach speeds in icing conditions.

18. Plaintiff's decedent, DAVID WINSTON, suffered injuries resulting in his death on February 16, 2005.

19. DAVID WINSTON left surviving him his wife, NINA WINSTON, and all recognized heirs of law, all of whom have sustained damages of a personal, pecuniary, and permanent nature as a result of the wrongful death of DAVID WINSTON.

20. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division, and she brings this cause of action pursuant to 740 Illinois Compiled Statute 180/1 *et seq.*, commonly known as the Illinois Wrongful Death Act.

## SIXTH CAUSE OF ACTION

## SURVIVAL ACTION - AIRPLANE PRODUCT LIABILITY - CESSNA

1-14. Plaintiff incorporates and alleges by reference paragraphs 1 through 14 as though specifically and fully set forth herein.

15. On February 16, 2005, the Cessna Citation, through its crew, attempted a landing at Pueblo Memorial Airport, Pueblo County, Colorado.

16. On February 16, 2005, the landing maneuver failed, and the Cessna crashed.

17. On February 16, 2005, and at the time the Cessna Citation left control, the Cessna Citation was in an unreasonably dangerous condition in one or more of the following respects:

    a.    Was designed, manufactured, distributed and sold with a deicing system which did not allow it to adequately shed ice accumulating on the aircraft;

    b.    Was designed, manufactured, distributed and sold without adequate warnings as to the unsafe accumulation of ice on the aircraft;

    c.    Was designed, manufactured, distributed and sold without the ability to adequately deice and cover a sufficient surface area of the wings to provide the aircraft with protection from unsafe ice accumulating on its surfaces;

    d.    Was designed, manufactured, distributed and sold with a deicing system without proper and adequate instructions regarding its operation;

    e.    Was designed, manufactured, distributed and sold with a deicing system without proper or adequate integration with other systems on the aircraft that were supposed to provide deicing protection;

    f.    Was designed, manufactured, distributed and sold in such a manner that allowed unreasonably large pieces of ice to be shed into other aircraft components;

11

g. Was designed, manufactured, distributed and sold without adequate engineering coordination;

h. Was designed, manufactured, distributed and sold without proper or adequate aircraft manuals;

i. Was designed, manufactured, distributed and sold with an engine configuration that was unsafe in flight conditions that were reasonably foreseeable;

j. Was designed, manufactured, distributed and sold with systems that did not properly or adequately warn operating pilots of dangerous flight configuration conditions;

k. Was designed, manufactured, distributed and sold with an inadequate stall warning system;

l. Was designed, manufactured, distributed and sold without adequate or proper instruction, warning or advisories as to safe landing approach speeds in icing conditions.

18. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Plaintiffs decedent, DAVID WINSTON, suffered personal and pecuniary damages, including conscious pain and suffering prior to his death on February 16, 2005, and had he survived, he would have been entitled to bring a cause of action for such personal and pecuniary damages, and such action has survived him.

19. NINA WINSTON is the duly appointed Administrator of the Estate of DAVID WINSTON, deceased, by order of the Circuit Court of Cook County, Illinois, Probate Division, and she brings this cause of action pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Illinois Survival Act.

## CLAIM FOR RELIEF

WHEREFORE Plaintiff, NINA WINSTON, Administrator of the Estate of DAVID WINSTON, demands judgment against Defendants, CIRCUIT CITY STORES, INC., a corporation, MARTINAIR, INC., a corporation, and CESSNA AIRCRAFT COMPANY, a corporation, joint and severally, for a sum in excess of seventy-five thousand dollars ($75,000.00), plus interest and costs, and for other such relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted this 22nd day of May, 2007.

>   s/Michael K. Demetrio
>   Thomas A. Demetrio
>   Michael K. Demetrio
>   Daniel S. Kirschner
>   CORBOY & DEMETRIO, P.C.
>   33 North Dearborn Street, 21st Floor
>   Chicago, Illinois 60602
>   Telephone: (312) 346-3191
>   Facsimile: (312) 346-5562
>   e-mail:    TAD@corboydemetrio.com
>              MKD@corboydemetrio.com
>              DSK@corboydemetrio.com
>   **Attorneys for Plaintiff**