IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No.  Case No. 08-35653-KRH |
| | ) | |
| CIRCUIT CITY STORES, INC., et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

RESPONSE OF UNITED STATES CUSTOMS AND BORDER PROTECTION
TO NINTH OMNIBUS OBJECTION TO CERTAIN
(I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS

The United States Customs and Border Protection ("CBP"), an agency of the Department of Homeland Security, by counsel, responds to the "Debtors' Ninth Omnibus Objection to Certain (i) Late Claims and (ii) Late 503(b)(9) Claims" filed June 3, 2009 (Docket No. 3509) as follows:

INTRODUCTION

On June 3, 2009, the debtors and debtors in possession in the above-captioned, jointly administered cases ("debtors") filed their "Debtors' Ninth Omnibus Objection to Certain (i) Late Claims and (ii) Late 503(b)(9) Claims" ("Objection").  As it relates to the claim of the U.S. Customs and Border Protection, the debtors' Objection seeks "disallowance of certain . . . claims filed by *non-governmental entities* that were filed *after the General Bar Date* and listed on Exhibit C."  See Objection, p. 6, ¶ 14 (emphasis added).  The claim of U.S. Customs and Border Protection is listed on Exhibit B as a "late claim[ ] to be disallowed" and cross-referenced to Exhibit C, which shows a claim filing date of May 6, 2009.

Robert P. McIntosh
Assistant United States Attorney
1800 Main Street Centre
600 East Main Street
Richmond, Virginia  23219
Tel. No. (804) 819-5400
Counsel for United States

The grounds on which the Objection asserts that the various claims were "late" is set forth in paragraph 10 of the Objection where its states that claims of *non-governmental* entities were to be filed pursuant to the General Bar Date no later than January 30, 2009.  (The Objection accurately notes that the deadline for the filing of claims by "governmental units" was May 11, 2009.)  For the reasons set forth below, the Objection (as it relates to CBP) must be denied because the claim was timely filed.

## ARGUMENT

THE PROOF OF CLAIM FILED BY CBP, A GOVERNMENTAL UNIT, WAS TIMELY FILED ON MAY 6, 2009.

The debtors' Objection to CBP's claim appears to be based on the mistaken belief that the United States Customs and Border Protection is not a governmental unit.  Pursuant to the "Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3) and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (ii) Approving Form and Manner of Notice Thereof" dated December 10, 2008 and entered December 11, 2008 ("December 11, 2008 Order"):

> any governmental units (as defined in 11 U.S.C. § 101(27)) that are creditors holding or wishing to assert "claims" (as defined in 11 U.S.C. § 101(5)) arising before the Petition Date against any of the Debtors are required to file, on or before 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date") a separate, completed, and executed proof of claim form . . . in accordance with the procedures set forth [herein].

December 11, 2008 Order, ¶ 3.  The Order further provides that proofs of claim shall be addressed to Kurtzman Carson Consultants LLC ("Claims Agent"), and deemed filed when actually received by the Claims Agent.  Id., ¶¶ 9-10.

CBP filed its proof of claim in the amount of $1,819.11 (consisting of a secured claim in the amount of $67.15, and a priority claim in the amount of $1,751.96 plus various unliquidated/contingent amounts). The proof of claim was stamped "received May 06, 2009" and is acknowledged by the debtors in their Objection to have been filed on "05/06/2009". See Exhibit C attached to the Objection (Docket No. 3509 at page 75 of 81).

The Bankruptcy Code defines a "governmental unit," in relevant part, as a "department, agency, or instrumentality of the United States." 11 U.S.C. § 101(27). The United States Customs and Border Protection plainly is a "governmental unit" within the meaning of Section 101(27). See, e.g., Castro v. United States, 560 F.3d 381, 390 (5th Cir. 2009) ("The Bureau of Customs and Border Protection, is an agency of the Department of Homeland Security, and is specifically included as a defined agency subject to the Immigration and Nationality Act of 1953") (citing 8 U.S.C. § 1101 et seq. and 8 C.F.R. § 1.1); Tabbaa v. Chertoff, 509 F.3d 89, 92-93 (2nd Cir. 2007) ("After the passage of the Homeland Security Act of 2002, the agencies principally responsible for policing the U.S. border–the Customs Service, the Border Patrol, and the inspection division of the Immigration and Naturalization Service–were for the first time brought under a single umbrella: the newly-created Department of Homeland Security. . . . After being consolidated within the Department of Homeland Security, the border agencies, which were renamed the U.S. Bureau of Customs and Border Protection, continued to be responsible for enforcing U.S. immigration laws, administering U.S. customs laws, and '[s]ecuring the borders.'") (citations omitted); Kaur v. Chertoff, 489 F. Supp. 2d 52, 55 n.5 (D.D.C. 2007) (United States Customs and Border Protection is an agency within the Department of Homeland Security).

CONCLUSION

Because CBP plainly is a "governmental unit" and because it undisputedly filed its proof of claim on May 6, 2009–before the May 11, 2009 Governmental Bar Date–its claim was timely filed. Because the debtors' sole basis for requesting that CBP's claim be disallowed is the erroneous contention that it was filed "late," the Objection should be overruled, and CBP's claim allowed in full.

DATED this __17__ day of June, 2009.

                                      Respectfully submitted,

                                      DANA J. BOENTE
                                      ACTING UNITED STATES ATTORNEY

                          By:   /s/Robert P. McIntosh
                                Robert P. McIntosh
                                Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2009, a true and correct copy of the foregoing RESPONSE OF UNITED STATES CUSTOMS AND BORDER PROTECTION TO NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS was electronically filed with the Clerk of the Court using the CM/ECF system, which will thereby cause the above to be electronically served on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to the foregoing Motion and Memorandum to the following:

>Daniel F. Blanks, Esq.
>Douglas M. Foley, Esq.
>McGuire Woods LLP
>9000 World Trade Center
>101 W. Main Street
>Norfolk, Virginia 23510
>*Counsel for Debtor*
>
>Dion W. Hayes, Esq.
>Joseph S. Sheerin, Esq.
>Sarah Becket Boehm, Esq.
>McGuire Woods LLP
>One James Center
>901 East Cary Street
>Richmond, Virginia 23219
>*Counsel for Debtor*
>
>Greg M. Galardi, Esq.
>Ian S. Fredericks, Esq.
>Skadden, Arps, Slate, Meagher & Flom, LLP
>One Rodney Square
>P.O. Box 636 Wilmington, Delaware 19899-0636
>*Counsel for Debtor*
>
>Chris L. Dickerson, Esq.
>Skadden, Arps, Slate, Meagher & Flom, LLP
>333 West Wacker Drive
>Chicago, Illinois 60606

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
*Co-counsel for Official Committee of Unsecured Creditors*

Jeffrey N. Pomerantz, Esq.
Brad R. Godshall, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
*Counsel for Official Committee of Unsecured Creditors*

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York 10017-2024
*Counsel for Official Committee of Unsecured Creditors*

Robert B. Van Arsdale, Esq.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, Virginia 23219
*Counsel for U.S. Trustee*

Bruce H. Besanko
9950 Mayland Drive
Richmond, VA 23233


   /s/Robert P. McIntosh
Robert P. McIntosh
Assistant U.S. Attorney