Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
           Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ORDER (I) PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9020 (A) FINDING CREATIVE REALTY MANAGEMENT LLC IN CIVIL CONTEMPT AND (B) COMPELLING COMPLIANCE WITH ORDER AND IMPOSING SANCTIONS FOR VIOLATIONS THEREOF, OR (II) GRANTING THE DEBTORS RELIEF UNDER FED. R. BANKR. P. 9024 AND FED. R. CIV. P. 60 FROM ORDER ASSUMING, ASSIGNING, AND SELLING CERTAIN LEASES TO CREATIVE REALTY MANAGEMENT LLC**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of

an order (I) pursuant to section 105 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 9020

and 9024 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") (A) finding Creative Realty

Management LLC (the "Assignee") in civil contempt and (B)

compelling the Assignee to comply with the Order

Authorizing Debtors to Assume, Assign and Sell Unexpired

Lease and Sublease of Non-Residential Real Property

entered on June 10, 2009 (the "Assignment Order"), a copy

of which is annexed as Exhibit 1, and imposing sanctions

against Assignee for violating the Assignment Order, or

(II) granting the Debtors relief from the Assignment

Order by vacating such order pursuant to Rule 60 of the

---

[1]     The Debtors and the last four digits of their respective
        taxpayer identification numbers are as follows: Circuit City
        Stores, Inc. (3875), Circuit City Stores West Coast, Inc.
        (0785), InterTAN, Inc. (0875), Ventoux International, Inc.
        (1838), Circuit City Purchasing Company, LLC (5170), CC
        Aviation, LLC (0841), CC Distribution Company of Virginia,
        Inc. (2821), Circuit City Properties, LLC (3353), Kinzer
        Technology, LLC (2157), Abbott Advertising Agency, Inc.
        (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp.
        (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC
        (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360),
        and Circuit City Stores PR, LLC (5512).  The address for
        Circuit City Stores West Coast, Inc. is 9250 Sheridan
        Boulevard, Westminster, Colorado 80031.  For all other
        Debtors, the address was 9950 Mayland Drive, Richmond,
        Virginia 23233 and currently is 4951 Lake Brook Drive, Glen
        Allen, VA 23060.

Federal Rules of Civil Procedure (the "Federal Rules"),
made applicable by Bankruptcy Rule 9024.  In support of
the Motion, the Debtors respectfully state as follows:

### PRELIMINARY STATEMENT

1.     As this Court will recall, on June 9,
2009, this Court held a contested hearing (the "Hearing")
concerning the assumption and assignment of the Leases
(as defined herein) to the Assignee, and, on June 10,
2009, the Court entered the Assignment Order.
Notwithstanding the Debtors' repeated communications
concerning closing, i.e., wiring $175,000, on June 11,
2009, the Assignee alleged that the Debtors had breached
the Assignment Agreement (as defined herein), stated it
would not close, and refused to wire $175,000 to the
Debtors.

2.     Since then, the Debtors have attempted in
good faith to work with the Assignee and the Landlord to
resolve any issues, but have been unsuccessful.  The
Assignee's continued refusal to comply with the
Assignment Order constitutes a blatant disregard of this
Court's order.

3.    To cease this unlawful act, to deter
future violations, and to compensate the Debtors for the
harm caused thereby, the Debtors respectfully request
this Court enter an order compelling the Assignee to
comply with the Assignment Order, holding the Assignee in
civil contempt, and imposing appropriate sanctions.

4.    In the event the Court is not inclined to
compel the Assignee to comply with the Assignment Order,
the Debtors respectfully request that the Court vacate
the Assignment Order, which will have the effect of
deeming the Lease (as defined herein) (and consequently,
the Sublease (as defined herein)) rejected as of June 8,
2009.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction to consider
this Motion under 28 U.S.C. §§ 157 and 1334.  This is a
core proceeding under 28 U.S.C. § 157(b).  Venue of these
cases and this Motion in this District is proper under 28
U.S.C. §§ 1408 and 1409.

6.    The statutory and legal predicates for
the relief requested herein are Bankruptcy Code section

105 and Bankruptcy Rules 9020 and 9024 and Federal Rule
60(b).

**BACKGROUND**

**A.   The Bankruptcy Cases.**

7.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy Code.

8.    The Debtors continue to manage and
operate their businesses as debtors in possession
pursuant to Bankruptcy Code sections 1107 and 1108.

9.    On November 12, 2008, the Office of the
United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee").  To date, no
trustee or examiner has been appointed in these chapter
11 cases.

10.    On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores
pursuant to an agency agreement (the "Agency Agreement")
between the Debtors and a joint venture, as agent (the
"Agent").  On January 17, 2009, the Agent commenced going

5

out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded.

**B.    The Leases.**

11.   Circuit City Stores, Inc. ("Circuit City"), as successor in interest to Service Merchandise Company, Inc., and Simon Property Group (Illinois) LP, as successor in interest to C.Y.A., Inc., are parties to a lease agreement dated September 19, 1986, for premises located at 340 West Army Trail Road (the "Premises") in Bloomingdale, Illinois (the "Lease").  Pursuant to a sublease with Dollar Tree Stores, Inc. (the "Sublease", together, with the Ground Lease, the "Leases"), Circuit City subleases a portion of the Premises to Dollar Tree Store, Inc. ("Sublessee").

**C.    The Sale Motion.**

12.   The Debtors, along with their real estate advisor, DJM Realty, LLC ("DJM"), marketed the Debtors' numerous leases of nonresidential real property to prospective buyers, including the Leases.  Following an extensive marketing process, the Debtors received one bid from the Assignee and determined that such bid submitted

was the highest or otherwise best proposal for the

Leases.   The Assignee's bid was memorialized in the form

of an assumption, assignment and sale agreement (the

"Assignment Agreement") and specifically provided that

the Assignee agreed to unconditionally pay $175,000.00 to

the Debtors upon closing the Sale.[2]   Thus, the Debtors

elected to proceed with the assumption and assignment of

the Leases to the Assignee pursuant to the Assignment

Agreement.

13.   To that end, on May 2, 2009, the Debtors

filed the Debtors' Motion for Order Pursuant to

Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing

Debtors to Enter into Agreement in Connection with Sale

and Assignment of Unexpired Lease and Sublease of

Nonresidential Real Property, Subject to Higher or

Otherwise Better Bids, (B) Approving Termination Fee in

Connection Therewith, (C) Approving Sale of Lease and

Sublease Free and Clear of All Interests, and (D)

Granting Related Relief (the "Sale Motion").

---

[2]   Pursuant to the Assignment Agreement, $26,250.00 of the sale
price was to be deposited in escrow and the balance to be paid upon
closing.   However, no deposit was ever put in escrow, so the total
amount, $175,000 continues to be due and owing from the Assignee.

7

14.   Pursuant to the Sale Motion, and to ensure the Debtors received the highest or otherwise best offer for the Leases, the Debtors solicited alternate proposals for the Leases.  However, no other proposals were received.

**D.   The Landlord's Objections And The Sublessee's Informal Response.**

15.   Prior to the deadline to object to the Sale Motion Simon Properties, Inc. (the "Landlord") filed its objection (the "Landlord Objection").  The Landlord Objection challenged the cure amount under and objected to the Sale Motion to the extent the tenant mix would be affected in contravention to § 365(b)(3)(D) of the Bankruptcy Code.

16.   Additionally, the Sublessee requested certain changes to the Assignment and exhibits.  The Debtors consensually resolved the Sublessee's concerns with certain minor modifications, none of which adversely affected the Assignee.

**E.   The Sale Hearing And The Closing.**

17.   On June 9, 2009, the Court held a contested hearing on the Sale Motion and the Landlord

8

Objection.  At the conclusion of the Sale Hearing, the

Landlord Objection was overruled and the Sale Motion was

approved. The Assignment Order was entered on June 10,

2009.

18.    Pursuant to the Assignment Order, the

"Effective Date" of the assumption, assignment, and sale

of the Leases was June 9, 2009 and the Assignee was

obligated to closing immediately under the Assignment

Agreement.  See Assignment Order ¶ 8; Assignment

Agreement ¶ 2.  Additionally, pursuant to the Assignment

Order, the Debtors were obligated to pay the undisputed

cure amount totaling $147,969.30 (the "Cure Amount").

19.    Immediately after the entry of the

Assignment Order, the Debtors contacted the Assignee with

wire instructions for purchase price of the Lease in

order to close.  The Assignee did not respond.

20.    The following day, on June 11, 2009, the

Debtors again emailed requesting payment.  In response,

the Assignee notified the Debtors by email (the "June 11

Email") that (i) the Assignee had advised the Debtors'

professionals on June 10, 2009, that the Assignment

Agreement and the Assignment Order were not acceptable,

and (ii) the Assignee contended that the Debtors were in

breach of the Assignment Agreement and the Termination

Fee (as defined therein) was due.   See June 11 Email.   A

copy of the June 11 Email is annexed as Exhibit 2.

21.   Specifically, the June 11 Email provided

as follows:

> Skadden was informed yesterday that the changes
> to the Assignment and Order were not acceptable
> to us and that the signature page attached from
> a previous Assignment was not valid. We do not
> know why they were submitted to the court
> despite these objections.  Additionally, we do
> not have an estoppel from the Landlord as was
> outlined in our offer and listed as an exhibit
> under the initial Order. Our position is that
> the Debtor has not performed and the break up
> fee is now due. Thank you.

June 11 Email.

22.   Contrary to the statements in the June 11

Email, the Assignment Agreement was the agreement

originally executed by the Assignee and annexed to and

filed with the Sale Motion.   In addition, counsel to the

Debtors was never informed that there were problems with

the proposed form of order.   Moreover, the changes to the

Assignment Order were made to correct factual

inaccuracies concerning payment of the deposit, which had

not been made, adjust the effective date to the date on

which this Court issued its ruling, and address
clarifications requested by the Landlord and Sublessee,
none of which adversely affected the Assignee.

## RELIEF REQUESTED

23.    By this Motion, the Debtors hereby
request that this Court enter an order finding the
Assignee in civil contempt, compelling the Assignee to
comply with the Assignment Order, and imposing sanctions
against Assignee for its willful disregard thereof.    In
the event the Court does not compel compliance with the
Assignment Order, the Debtors request that the Court
vacate the Assignment Order under Federal Rule 60(b),
made applicable by Bankruptcy Rule 9024.

## BASIS FOR RELIEF

24.    Under the Assignment Order, the Assignee
was obligated to pay the Debtors $175,000 in immediately
available funds on the June 10, 2009.    In turn, the
Debtors were obligated to remit payment of the Cure
Amount.

25.    As set forth herein, the Assignee has
repeatedly refused to close since June 11, 2009 and has

left the Debtors with no choice other than to seek relief

from this Court.

**APPLICABLE AUTHORITY**

I.    **BECAUSE THE ASSIGNEE REFUSED TO CLOSE AND VIOLATED
      THE ASSIGNMENT ORDER, THE ASSIGNEE SHOULD BE HELD
      IN CIVIL CONTEMPT.**

        26.    Bankruptcy Code section 105(a)

"authorizes a bankruptcy court to hold a party in civil

contempt for failing to comply with a previous order."

Cherry v. Arendall (In re Cherry), 247 B.R. 176, 186-87

(Bankr. E.D. Va. 2000) (citing Burd v. Walters (In re

Walters), 868 F.2d 665 (4th Cir. 1989)).  Moreover,

bankruptcy courts have inherent power to sanction

contemptuous conduct to define the rights the courts have

created.  Burd v. Walters (In re Walters), 868 F.2d 665,

670 (4th Cir. 1989) ("If Congress can constitutionally

create legal presumptions, assign burdens of proof and

prescribe legal remedies for Article I courts, it seems

to follow that it can constitutionally grant them the

power to enforce their lawful orders through civil

contempt."); Colonial Williamsburg Foundation v.

Kittinger Co., 792 F. Supp. 1397, 1405 (E.D. Va. 1992)

(stating that it is a long-recognized principle that the

courts have inherent ability to protect and enforce their
orders).   Thus, violations of bankruptcy court orders are
punishable by civil contempt.   Id.

      27.   To establish civil contempt, this Court
must find: "(1) the existence of a valid decree of which
the alleged contemnor had actual or constructive
knowledge;  (2) [t]hat the decree was in the movant's
'favor';  (3) [t]hat the alleged contemnor by its conduct
violated the terms of the decree, and had knowledge (at
least constructive knowledge) of such violations;  and
(4) . . . that [the] movant suffered harm as a result."
Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir.
2000) (citation omitted).   Moreover, "[i]n a civil
contempt proceeding, the state of mind with which the
contemnor violated a court order is irrelevant and
therefore good faith, or the absence of an intent to
violate the order, is no defense."   Cherry, 247 B.R. at
187 (citation omitted).   These elements must be shown by
clear and convincing evidence.   Ashcraft, 218 F.3d at
301.

      28.   Here, as discussed below, the standard
has been met.   First, the Assignment Order constitutes a

13

valid decree of this Court and the Assignee had actual knowledge of the Assignment Order when it refused to close.

29.    Second, the Assignment Order was entered in the Debtors' favor.  Specifically, the Assignment Order approved the assumption, assignment and sale of the Leases to the Assignee in exchange for payment of $175,000.

30.    Third, by refusing to close under Assignment Agreement, the Assignee knowingly violated (and continues to violate) the Assignment Order. Indeed, shortly after the Assignment Order was entered on June 10, 2009, the Debtors forwarded an email to the Assignee that included the Court's electronic notification that the Assignment Order had been docketed.  Moreover, in the June 11 Email, the Assignee acknowledged that the Assignment Order had been entered.  See June 11 Email (responding to email forwarding Assignment Order).

31.    Fourth, and finally, the Debtors have been harmed, and continue to suffer harm, as a result of the Assignee's blatant disregard and violation of the Assignment Order.  Specifically, because of Assignee's

actions, the Debtors are not receiving their bargained

for benefit of $175,000.  Moreover, even without

receiving the bargained for sales price of the Leases,

the Debtors are still required to pay the Cure Amount.

32.    In addition to such pecuniary harm, the

Assignee's actions are causing the Debtors to incur

significant costs and expenses (including attorneys'

fees).

33.    Consequently, the Assignee should be held

in civil contempt.

**II.  THE ASSIGNEE SHOULD BE COMPELLED TO COMPLY WITH THE ASSIGNMENT ORDER AND IMPOSE SANCTIONS.**

34.  Under Bankruptcy Code section 105, in contempt proceedings, courts have consistently concluded that bankruptcy courts may issue orders designed to "coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  Cherry, 247 B.R. at 187 (citing United States v. United Mine Workers, 330 U.S. 258, 303 (1947)).

35.  More specifically, there is no question that courts have the ability to enforce their own orders. Spallone v. U.S., 493 U.S. 265, 276 (1990) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt.").  Additionally, courts may issue appropriate sanctions, including (without limitation) actual and punitive damages, interest, and attorneys' fees, in favor of the moving party.  See Better Homes of Virginia, Inc. v. Budget Service Company, 52 B.R. 426, 431-32 (E.D. Va. 1985) (holding creditor in civil contempt and granting debtors actual damages, punitive damages and attorneys' fees); see also In re Gentry, 275 B.R. 747, 753 (Bankr. W.D. Va.

16

2001) (granting civil contempt motion and ordering
payment pursuant to original order plus interest on that
amount and attorneys' fees incurred); In re Computer
Dynamics, Inc., 253 B.R. 693, 698-99 (E.D. Va. 2000)
("Courts have broad discretion in selecting appropriate
contempt sanctions" and "bankruptcy courts . . . can take
any action or make any determination necessary or
appropriate to enforce or implement court orders.").

        36.    In light of the Assignee's actions, this
Court has the authority to compel the Assignee to comply
with the Assignment Order and impose appropriate
sanctions and should exercise such authority.  In the
event the Court does not compel the Assignee to comply
with the Assignment Order, the Debtors nonetheless
request appropriate sanctions in addition to relief under
Federal Rule 60(b).

**III. IF THE COURT DOES NOT COMPEL COMPLIANCE WITH ITS
     ORDER, THE COURT SHOULD GRANT THE DEBTORS RELIEF
     FROM THE ASSIGNMENT ORDER UNDER FEDERAL RULE
     60(B)(2), (3), OR (6).**

        37.  Federal Rule 60(b), made applicable under
Bankruptcy Rule 9024, provides that

        (b) On motion and just terms, the court may
        relieve a party or its legal representative from

17

a final judgment, order or proceeding for the
following reasons:
. . .
      (2) newly discovered evidence that, with
      reasonable diligence, could not have been
      discovered in time to move for a new trial
      under Rule 59(b);

      (3) fraud . . ., misrepresentation, or
      misconduct by the opposing party;
      . . .
      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2), (3), (6).

      38.   Courts in this District have applied a

two-part analysis under Federal Rule 60(b).  <u>See</u> <u>Parker</u>

<u>v. North Carolina Agric. Fin. Auth.</u>, 341 B.R. 547, 552-53

(E.D. Va. 2006)(citing <u>Dowell v. State Farm Fire & Cas.</u>

<u>Ins. Co.</u>, 993 F.2d 46, 48 (4th Cir. 1993)).  First, this

Court should apply a threshold standard, requiring the

movant to establish that:  (1) the motion is timely, (2)

the movant has a meritorious claim, (3) the opposing

party will not be unfairly prejudiced by having the

judgment set aside and (4) that "exceptional

circumstances" exist.  <u>Id.</u>  Second, this Court should

determine whether relief is warranted under one of the

subsections of Federal Rule 60(b).  <u>Id.</u>

## A.    The Threshold Showings Have Been Met.

39.   First, because this Motion was filed within one week after the Assignment Order was entered, there can be no reasonable dispute that this Motion is timely.  See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)(finding motion timely where filed within 15 days of date party learned of judgment).

40.   Second, the Debtors have a meritorious claim against the Assignee.  As set forth above, the Assignee entered into the Assignment Agreement pursuant to which the Assignee is required to pay the consideration provided for under the Assignment Order and Assignment Agreement.

41.   Third, the Assignee will not be unfairly prejudiced by having the Assignment Order vacated.  The Assignee has already refused to comply with its obligations under the Assignment Order and accordingly, will not be unfairly prejudiced should that Order be set aside.  Moreover, the Landlord will not be prejudiced because the Landlord originally contested the assumption, assignment and sale by opposing the Sale Motion.  On the other hand, the Debtors will be significantly prejudiced

if the Assignment Order is not vacated, as the Debtors
will be required to pay the Cure Amount to the Landlord,
but will not receive anything from the Assignee.

42.   Fourth, and finally, exceptional
circumstances exist.  As set forth above, the Debtors
submitted the Assignment Order to the Court for entry in
good faith and with a reasonable expectation that the
Assignee would comply therewith.  Only after entry of the
Assignment Order did the Assignee refuse to comply with
the terms of the Assignment Order.  Absent relief from
the Assignment Order, the Debtors will nonetheless be
required to pay the Cure Amount, but will receive nothing
in exchange from the Assignee.  Given the Assignee's
improper and misleading actions and the resulting
prejudice to the Debtors, there are sufficiently
exceptional circumstances to warrant relief from the
Assignment Order.

**N.    Relief Is Warranted Under Federal Rule
         60(b)(2), (3) or (6).**

43.   Because the four threshold requirements
are met, the Court may grant relief from the Assignment
Order for any of the reasons enumerated in Federal Rule

60(b).  See Parker, 341 B.R. at 553.  Here, the Court may grant the requested relief based upon Federal Rule 60(b)(2), (3) or (6).  In particular, the Debtors believe that the Order should be vacated due to (1) newly discovered evidence of the Assignee's intent not to close under the Assignment Agreement, (2) the Assignee's misrepresentation regarding its intent to proceed with the sale of the Leases absent higher or better bids, and (3) for the additional reasons set forth herein, including the prejudice and inequity that would result to the Debtors and their estates if the Assignment Order is not vacated.

44.  Accordingly, the Debtors submit that relief from the Assignment Order is warranted under Federal Rule 60(b)(2), (3) or (6).

## NOTICE

45.  Notice of this Motion has been provided to those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the

"Case Management Order").  The Debtors submit that, under

the circumstances, no other or further notice need be

given.

## WAIVER OF MEMORANDUM OF LAW

46.    Pursuant to Local Bankruptcy Rule 9013-

1(G), and because there are no novel issues of law

presented in the Motion, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

## NO PRIOR REQUEST

47.    No previous request for the relief

requested herein has been made to this Court in these

bankruptcy cases.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 17, 2009          SKADDEN, ARPS, SLATE, MEAGHER
       Richmond, Virginia     & FLOM, LLP

                              /s/ Ian S. Fredericks_____
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-
                              0636 (302) 651-3000

                              - and -

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM, LLP
                              Chris L. Dickerson, Esq.
                              333 West Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                              - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley     .
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB
                              No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000
                              Counsel for Debtors and
                              Debtors in Possession

23

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER       MCGUIREWOODS LLP
& FLOM, LLP                         One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-         (804) 775-1000
0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER GRANTING MOTION OF THE DEBTORS FOR ORDER (I)
PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9020 (A)
FINDING CREATIVE REALTY MANAGEMENT LLC IN CIVIL CONTEMPT
AND (B) COMPELLING COMPLIANCE WITH ORDER AND IMPOSING
SANCTIONS FOR VIOLATIONS THEREOF, OR (II) GRANTING THE
DEBTORS RELIEF UNDER FED. R. BANKR. P. 9024 AND FED. R.
CIV. P. 60 FROM ORDER ASSUMING, ASSIGNING, AND SELLING
CERTAIN LEASES TO CREATIVE REALTY MANAGEMENT, LLC**

1

Upon consideration of the motion (the "Motion")[1] of the Debtors for entry of an order (I) pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (A) compelling the Creative Realty Management LLC (the "Assignee") to comply with the Order Authorizing Debtors to Assume, Assign and Sell Unexpired Lease and Sublease of Non-Residential Real Property entered on June 10, 2009 (the "Assignment Order") and (B) finding the Assignee in civil contempt and imposing sanctions against Assignee for violating the Assignment Order, or (II) granting the Debtors relief from the Assignment Order by vacating such order pursuant to Rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Bankruptcy Rule 9024; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b); (iii)(a) the Assignment Order is a valid decree of which the Assignee

---

[1]    Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

had actual and constructive knowledge, (b) Assignment
Order was entered in the Debtors' favor, (c) the Assignee
violated the terms of the Assignment Order by, among
other things, refusing to close, and had actual knowledge
(and constructive knowledge) of such violation; and (d)
the Debtors suffered harm as a result of Assignee's
conduct; (iv) the relief requested in the Motion is in
the best interest of the Debtors, their estates, and
their creditors; (v) proper and adequate notice of the
Motion and the hearing thereon has been given and no
other or further notice is necessary; and (vi) upon
consideration of the Motion and all of the proceedings,
including the hearing held on June 23, 2009 (the
"Hearing"), had before the Court in connection therewith,
good and sufficient cause exists for granting of the
relief requested in the Motion; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is GRANTED.

2.    Creative Management Realty, LLC is
adjudged in civil contempt for violation of the
Assignment Order.

3

3.     Creative Management Realty, LLC shall comply with all aspects of the Assignment Order, including (without limitation) by wiring $175,000 to the Debtors immediately.

4.     Creative Management Realty, LLC shall pay to the Debtors compensatory sanctions in the amount of all of the Debtors' losses associated with the Leases since entry of the Assignment Order, including (without limitation) attorneys' fees, costs and interest, and other damages as and to the extent set forth on the record at the Hearing.

5.     The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

6.    This Court shall retain jurisdiction with

respect to all matters arising from or related to this

Order.

Dated:  Richmond, Virginia
        June _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____

583545-Wilmington Server 1A - MSW