Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &           MCGUIREWOODS LLP
FLOM, LLP                                 One James Center
One Rodney Square                         901 E. Cary Street
PO Box 636                                Richmond, Virginia 23219
Wilmington, Delaware 19899-0636           (804) 775-1000
(302) 651-3000

         - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
           Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

**EMERGENCY MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105, FED. R. BANKR. P. 7062 AND 9014, AND FED. R. CIV. P. 62(B) FOR A STAY EFFECTIVE AS OF JUNE 11, 2009 AND PENDING DISPOSITION OF MOTION OF THE DEBTORS FOR ORDER (I) PURSUANT TO 11 U.S.C. § 105, FED. R. BANKR. P. 9020 (A) FINDING CREATIVE REALTY MANAGEMENT LLC IN CIVIL CONTEMPT AND (B) COMPELLING COMPLIANCE WITH ORDER AND IMPOSING SANCTIONS FOR VIOLATIONS THEREOF, OR (II) GRANTING THE DEBTORS RELIEF UNDER FED. R. BANKR. P. 9024 AND FED. R. CIV. P. 60 FROM ORDER ASSUMING, ASSIGNING, AND SELLING CERTAIN LEASES TO CREATIVE REALTY MANAGEMENT LLC**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby move (the "Stay Motion") this Court, pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"), Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 62(b) of the Federal Rules of Civil Procedure (the "Federal Rules") for entry of an order (the "Stay Order") staying the Order Authorizing Debtors to Assume, Assign and Sell Unexpired Lease and Sublease of Non-Residential Real Property entered on June 10, 2009 (the "Assignment Order") effective as of June 11, 2009, and pending final disposition of the Motion of the Debtors to (I)(A) Compel Compliance with the Assignment

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

Order; (B) for Civil Contempt; and (C) for Sanctions Against Creative Realty Management LLC Pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedures 9020 or (II) Relief from the Order Assuming and Assigning Leases to Creative Realty Management LLC (the "Rule 60 Motion") filed contemporaneously herewith.

**PRELIMINARY STATEMENT**

1. As this Court will recall, on June 9, 2009, this Court held a contested hearing (the "Hearing") concerning the assumption and assignment of the Leases (as defined herein) to the Assignee, and, on June 10, 2009, the Court entered the Assignment Order. Notwithstanding the Debtors' repeated communications concerning closing, i.e., wiring $175,000 to the Debtors, on June 11, 2009, the Assignee alleged that the Debtors had breached the Assignment Agreement (as defined herein), stated it would not close, and refused to wire $175,000.

2. Since then, the Debtors have attempted in good faith to work with the Assignee and the Landlord to resolve any issues, but have been unsuccessful. To avoid immediate potentially irreparable harm to the Debtors and

3

their estates, the Debtors request that this Court stay the Assignment Order effective as of June 11, 2009 -- the date on which the Assignee first advised the Debtors that the Assignee would not comply with the Assignment Order -- and pending disposition of the Rule 60 Motion.

### JURISDICTION AND VENUE

3.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.   The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 105, Bankruptcy Rules 9014 and 7062 and Federal Rule 62.

### BACKGROUND

**A.   The Bankruptcy Cases.**

5.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

6.   The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4

7. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

8. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores. As of on or about March 8, 2009, the going out of business sales concluded.

**B.  The Leases.**

9. Circuit City Stores, Inc. ("Circuit City"), as successor in interest to Service Merchandise Company, Inc., and Simon Property Group (Illinois) LP, as successor in interest to C.Y.A., Inc., are parties to a lease agreement dated September 19, 1986, for premises located at 340 West Army Trail Road (the "Premises") in

Bloomingdale, Illinois (the "Lease").  Pursuant to a sublease with Dollar Tree Stores, Inc. (the "Sublease", together, with the Ground Lease, the "Leases"), Circuit City subleases a portion of the Premises to Dollar Tree Store, Inc. ("Sublessee").

**C.    The Sale Motion.**

10.    The Debtors, along with their real estate advisor, DJM Realty, LLC ("DJM"), marketed the Debtors' numerous leases of nonresidential real property to prospective buyers, including the Leases.  Following an extensive marketing process, the Debtors received one bid from the Assignee and determined that such bid submitted was the highest or otherwise best proposal for the Leases. The Assignee's bid was memorialized in the form of an assumption, assignment and sale agreement (the "Assignment Agreement") and specifically provided that the Assignee agreed to unconditionally pay $175,000.00 to the Debtors upon closing the Sale.[2]  Thus, the Debtors

---

[2]   Pursuant to the Assignment Agreement, $26,250.00 of the sale price was to be deposited in escrow and the balance to be paid upon closing.  However, no deposit was ever put in escrow, so the total amount, $175,000 continues to be due and owing from the Assignee.

6

elected to proceed with the assumption and assignment of the Leases to the Assignee pursuant to the Assignment Agreement.

11. To that end, on May 2, 2009, the Debtors filed the Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing Debtors to Enter into Agreement in Connection with Sale and Assignment of Unexpired Lease and Sublease of Nonresidential Real Property, Subject to Higher or Otherwise Better Bids, (B) Approving Termination Fee in Connection Therewith, (C) Approving Sale of Lease and Sublease Free and Clear of All Interests, and (D) Granting Related Relief (the "Sale Motion").

12. Pursuant to the Sale Motion, and to ensure the Debtors received the highest or otherwise best offer for the Leases, the Debtors solicited alternate proposals for the Leases. However, no other proposals were received.

**D.    The Landlord's Objections And The Sublessee's Informal Response.**

13. Prior to the deadline to object to the Sale Motion Simon Properties, Inc. (the "Landlord") filed

its objection (the "Landlord Objection"). The Landlord Objection challenged the cure amount under and objected to the Sale Motion to the extent the tenant mix would be affected in contravention to § 365(b)(3)(D) of the Bankruptcy Code.

14. Additionally, the Sublessee requested certain changes to the Assignment and exhibits. The Debtors consensually resolved the Sublessee's concerns with certain minor modifications, none of which adversely affected the Assignee.

**E.   The Sale Hearing And The Closing.**

15. On June 9, 2009, the Court held a contested hearing on the Sale Motion and the Landlord Objection. At the conclusion of the Sale Hearing, the Landlord Objection was overruled and the Sale Motion was approved. The Assignment Order was entered on June 10, 2009.

16. Pursuant to the Assignment Order, the "Effective Date" of the assumption, assignment, and sale of the Leases was June 9, 2009 and the Assignee was obligated to closing immediately under the Assignment Agreement. See Assignment Order ¶ 8; Assignment

8

Agreement ¶ 2. Additionally, pursuant to the Assignment Order, the Debtors were obligated to pay the undisputed cure amount totaling $147,969.30 (the "Cure Amount").

17. Immediately after the entry of the Assignment Order, the Debtors contacted the Assignee with wire instructions for purchase price of the Lease in order to close. The Assignee did not respond.

18. The following day, on June 11, 2009, the Debtors again emailed requesting payment. In response, the Assignee notified the Debtors by email (the "June 11 Email") that (i) the Assignee had advised the Debtors' professionals on June 10, 2009, that the Assignment Agreement and the Assignment Order were not acceptable, and (ii) the Assignee contended that the Debtors were in breach of the Assignment Agreement and the Termination Fee (as defined therein) was due. See June 11 Email.

19. Specifically, the June 11 Email provided as follows:

> Skadden was informed yesterday that the changes to the Assignment and Order were not acceptable to us and that the signature page attached from a previous Assignment was not valid. We do not know why they were submitted to the court despite these objections. Additionally, we do not have an estoppel from the Landlord as was

9

>       outlined in our offer and listed as an exhibit
>       under the initial Order. Our position is that
>       the Debtor has not performed and the break up
>       fee is now due. Thank you.

June 11 Email.

      20.  Contrary to the statements in the June 11 Email, the Assignment Agreement was the agreement originally executed by the Assignee and annexed to and filed with the Sale Motion.  In addition, counsel to the Debtors was never informed that there were problems with the proposed form of order.  Moreover, the changes to the Assignment Order were made to correct factual inaccuracies concerning payment of the deposit, which had not been made, adjust the effective date to the date on which this Court issued its ruling, and address clarifications requested by the Landlord and Sublessee, none of which adversely affected the Assignee.

## RELIEF REQUESTED

      21. By this Motion, the Debtors respectfully request entry of the Stay Order staying the Assignment Order effective as of June 11, 2009, and pending final disposition of the Rule 60 Motion.

10

**BASIS FOR RELIEF**

22.  Under the Assignment Order, the Assignee was obligated to pay the Debtors $175,000 in immediately available funds on the June 10, 2009.  In turn, the Debtors were obligated to remit payment of the Cure Amount.

23.  As set forth above, the Assignee has refused to close, which resulted in the filing of the Rule 60 Motion.  The Debtors submit that entry of the Stay Order is necessary to prevent immediate and irreparable harm to the Debtors pending resolution of the Rule 60 Motion.

**APPLICABLE AUTHORITY**

24.  Bankruptcy Code section 105(a) provides, in pertinent part, that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Federal Rule 62(b) provides that, "the court may stay the execution of a judgment . . . pending disposition of any of the following motions: . . . (4) [a motion] under Rule 60, for relief from a judgment or order."  Fed. R. Civ. P. 62(b).  The decision whether or

11

not to grant a stay under Bankruptcy Rule 7062 and Federal Rule 62 is within the court's sound discretion. See Brinn v. Tidewater Transp. Dist. Comm'n., 113 F. Supp. 2d 935, 940 (E.D. Va. 2000); see also Fed. R. Bankr. P. 9014 Advisory Committee's Note ("Although Rule 7062 will not apply automatically in contested matters [under Bankruptcy Rule 9014], the amended rule permits the court, in its discretion, to order that Rule 7062 apply in a particular matter . . .").

25.  Here, the Rule 60 Motion is, in part, a motion under Federal Rule 60 for relief from an order -- the Assignment Order.  By entering the Stay Order, this Court will preserve the status quo pending disposition of the Rule 60 Motion.  Moreover, based on the facts and circumstances underlying the Rule 60 Motion, there is a substantial likelihood that Debtors will prevail on the merits.

26.  Accordingly, the Debtors request that the Court stay the effectiveness of the Assignment Order pending final disposition of the Rule 60 Motion.

**NOTICE**

27. Notice of this Motion has been provided to those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order"). The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

28. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion, the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR REQUEST**

29. No previous request for the relief requested herein has been made to this Court in these bankruptcy cases.

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 17, 2009  
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

/s/ Ian S. Fredericks_____  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636 (302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700

- and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley     .  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

14

583516-Wilmington Server 1A - MSW

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

           - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
           IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO 11 U.S.C. § 105, FED. R. BANKR. P. 7062 AND 9014, AND FED. R. CIV. P. 62(B) FOR A STAY EFFECTIVE AS OF JUNE 11, 2009 AND PENDING DISPOSITION OF MOTION OF THE DEBTORS FOR ORDER (I) PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9020 (A) FINDING CREATIVE REALTY MANAGEMENT LLC IN CIVIL CONTEMPT AND (B) COMPELLING COMPLIANCE WITH ORDER AND IMPOSING SANCTIONS FOR VIOLATIONS THEREOF, OR (II) GRATING THE DEBTORS RELIEF UNDER FED. R. BANKR. P. 9024 AND FED. R. CIV. P. 60 FROM ORDER ASSUMING, ASSIGNING AND SELLING CERTAIN LEASES TO CREATIVE REALTY MANAGEMENT LLC**

Upon consideration of the motion (the "Stay Motion")[1] of the Debtors for entry of an order, pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"), Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 62(b) of the Federal Rules of Civil Procedure (the "Federal Rules") for entry of an order (the "Stay Order") staying the Order Authorizing Debtors to Assume, Assign and Sell Unexpired Lease and Sublease of Non-Residential Real Property entered on June 10, 2009 (the "Assignment Order") effective as of June 11, 2009, and pending disposition of the Motion of the Debtors For an Order (I) Pursuant To 11 U.S.C. § 105 And Fed. R. Bankr. P. 9020 (A) Finding Creative Realty Management LLC In Civil Contempt And (B) Compelling Compliance With Order And Imposing Sanctions For Violations Thereof, Or (II) Grating The Debtors Relief Under Fed. R. Bankr. P. 9024 And Fed. R. Civ. P. 60 From Order Assuming, Assigning And Selling Certain Leases To Creative Realty Management LLC(the "Rule 60 Motion"); and the Court having reviewed

---

[1] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Stay Motion.

2

the Stay Motion; and the Court having determined that the relief requested in the Stay Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED that**:

1. The Stay Motion is GRANTED.

2. The Assignment Order is stayed effective as of June 11, 2009, and pending final disposition of the Rule 60 Motion.

3. The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

3

        4.    This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  Richmond, Virginia
       June __, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

4

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____

5

583546-Wilmington Server 1A - MSW