Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

- and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER &  
FLOM, LLP  
333 West Wacker Drive  
Chicago, Illinois 60606  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

- - - - - - - - - - - - - - - x
::
In re: : Chapter 11
:
CIRCUIT CITY STORES, INC., : Case No. 08-35653
et al., :
:
Debtors. : Jointly Administered
- - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105,
AND LOCAL BANKRUPTCY RULE 9013-1(M) FOR AN ORDER
SETTING AN EXPEDITED HEARING**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
*(cont'd)*

1

move the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), setting an expedited hearing for June 23, 2009 at 2:00 p.m. on the Motion of the Debtors for Order (I) Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9020 (A) Finding Creative Realty Management LLC in Civil Contempt and (B) Compelling Compliance with Order and Imposing Sanctions for Violations Thereof, or (II) Granting the Debtors Relief Under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60 From Order Assuming, Assigning, and Selling Certain Leases to Creative Realty Management LLC (the "Contempt Motion") and the Emergency Motion of the Debtors Pursuant to Bankruptcy Code § 105, Fed. R. Bankr. P. 7062 and 9014,

---

*(cont'd from previous page)*
Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

and Fed R. Civ. P. 62(b) for a Stay Effective as of June 11, 2009 and Pending Disposition of Motion of the Debtors For Order (I) Pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 9020 (A) Finding Creative Realty Management LLC in Civil Contempt and (B) Compelling Compliance with Order and Imposing Sanctions for Violations Thereof, or (II) Granting the Debtors Relief Under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60 from Order Assuming, Assigning, and Selling Certain Leases to Creative Realty Management LLC (the "Stay Motion").  In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Local Bankruptcy Rule 9013-1(M) and (N).

**BACKGROUND**

**A.    The Bankruptcy Cases.**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or

about March 8, 2009, the going out of business sales concluded.

**B.   The Leases.**

7.   Circuit City Stores, Inc. ("Circuit City"), as successor in interest to Service Merchandise Company, Inc., and Simon Property Group (Illinois) LP, as successor in interest to C.Y.A., Inc., are parties to a lease agreement dated September 19, 1986, for premises located at 340 West Army Trail Road (the "Premises") in Bloomingdale, Illinois (the "Lease").  Pursuant to a sublease with Dollar Tree Stores, Inc. (the "Sublease", together, with the Ground Lease, the "Leases"), Circuit City subleases a portion of the Premises to Dollar Tree Store, Inc. ("Sublessee").

**C.   The Sale Motion.**

8.   The Debtors, along with their real estate advisor, DJM Realty, LLC ("DJM"), marketed the Debtors' numerous leases of nonresidential real property to prospective buyers, including the Leases.  Following an extensive marketing process, the Debtors received one bid from the Assignee and determined that such bid submitted was the highest or otherwise best proposal for

5

the Leases.  The Assignee's bid was memorialized in the form of an assumption, assignment and sale agreement (the "Assignment Agreement") and specifically provided that the Assignee agreed to unconditionally pay $175,000.00 to the Debtors upon closing the Sale.[2]  Thus, the Debtors elected to proceed with the assumption and assignment of the Leases to the Assignee pursuant to the Assignment Agreement.

       9.    To that end, on May 2, 2009, the Debtors filed the Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 363 and 365 (A) Authorizing Debtors to Enter into Agreement in Connection with Sale and Assignment of Unexpired Lease and Sublease of Nonresidential Real Property, Subject to Higher or Otherwise Better Bids, (B) Approving Termination Fee in Connection Therewith, (C) Approving Sale of Lease and Sublease Free and Clear of All

---

[2] Pursuant to the Assignment Agreement, $26,250.00 of the sale price was to be deposited in escrow and the balance to be paid upon closing.  However, no deposit was ever put in escrow, so the total amount, $175,000 continues to be due and owing from the Assignee.

6

Interests, and (D) Granting Related Relief (the "Sale Motion").

10. Pursuant to the Sale Motion, and to ensure the Debtors received the highest or otherwise best offer for the Leases, the Debtors solicited alternate proposals for the Leases. However, no other proposals were received.

**D. The Landlord's Objection And the Sublessee's Informal Response**

11. Prior to the deadline to object to the Sale Motion Simon Properties, Inc. (the "Landlord") filed its objection (the "Landlord Objection"). The Landlord Objection challenged the cure amount under and objected to the Sale Motion to the extent the tenant mix would be affected in contravention to § 365(b)(3)(D) of the Bankruptcy Code.

12. Additionally, the Sublessee requested certain changes to the Assignment and exhibits. The Debtors consensually resolved the Sublessee's concerns with certain minor modifications, none of which adversely affected the Assignee.

7

**E.    The Sale Hearing And The Closing.**

13.    On June 9, 2009, the Court held a contested hearing on the Sale Motion and the Landlord Objection.  At the conclusion of the Sale Hearing, the Landlord Objection was overruled and the Sale Motion was approved. The Assignment Order was entered on June 10, 2009.

14.    Pursuant to the Assignment Order, the "Effective Date" of the assumption, assignment, and sale of the Leases was June 9, 2009 and the Assignee was obligated to closing immediately under the Assignment Agreement.  See Assignment Order ¶ 8; Assignment Agreement ¶ 2.  Additionally, pursuant to the Assignment Order, the Debtors were obligated to pay the undisputed cure amount totaling $147,969.30 (the "Cure Amount").

15.    Immediately after the entry of the Assignment Order, the Debtors contacted the Assignee with wire instructions for purchase price of the Lease in order to close.  The Assignee did not respond.

16.    The following day, on June 11, 2009, the Debtors again emailed requesting payment.  In response, the Assignee notified the Debtors by email (the "June 11

8

Email") that (i) the Assignee had advised the Debtors' professionals on June 10, 2009, that the Assignment Agreement and the Assignment Order were not acceptable, and (ii) the Assignee contended that the Debtors were in breach of the Assignment Agreement and the Termination Fee (as defined therein) was due.

17. Specifically, the June 11 Email provided as follows:

> Skadden was informed yesterday that the changes to the Assignment and Order were not acceptable to us and that the signature page attached from a previous Assignment was not valid. We do not know why they were submitted to the court despite these objections. Additionally, we do not have an estoppel from the Landlord as was outlined in our offer and listed as an exhibit under the initial Order. Our position is that the Debtor has not performed and the break up fee is now due. Thank you.

18. Contrary to the statements in the June 11 Email, the Assignment Agreement was the agreement originally executed by the Assignee and annexed to and filed with the Sale Motion. In addition, counsel to the Debtors was never informed that there were problems with the proposed form of order. Moreover, the changes to the Assignment Order were made to correct factual inaccuracies concerning payment of the deposit, which

9

had not been made, adjust the effective date to the date on which this Court issued its ruling, and address clarifications requested by the Landlord and Sublessee, none of which adversely affected the Assignee.

19. Since June 11, 2009, the Debtors and the Assignee have been in discussions regarding the need for Court intervention absent a consensual resolution to this matter. Specifically, there have been discussions that a hearing date on any Court intervention must occur no later than June 23, 2009.

**RELIEF REQUESTED**

20. On June 17, 2009, the Debtors filed the Contempt Motion and the Stay Motion. By this Motion, the Debtors seek this Court's entry of an order setting an expedited hearing on the Contempt Motion and the Stay Motion for the scheduled hearing on Monday, June 23, 2009 at 2:00 p.m. (the "Expedited Hearing").

**BASIS FOR RELIEF**

21. The Court entered the Sale Order on June 10, 2009 approving the assumption, assignment, and sale of the Leases. By refusing to close the Sale, the Assignees are depriving the Debtors of their bargained

10

for benefit of the sales price in the amount of $175,000.00.  The Assignee's repudiation and continued contempt for the Sale Order is diverting the time and resources of the Debtors' management and professionals away from administering the Debtors' estates to focusing on this matter.  Moreover, even without receiving the bargained for sales price of the Leases, the Debtors are still required to pay the cure amounts set forth in the Sales Order in the amount of $147,969.30.  Accordingly, the Debtors are requesting an expedited hearing be held on June 23, 2009 on the Contempt Motion and the Stay Motion.

22.    Local Bankruptcy Rule 9013-1 allows the setting of a hearing on an expedited basis as requested herein.  Attached hereto as <u>Exhibit B</u> is the certification required under Local Rule 9013-1(N).

23.    Additionally, section 105(a) of the Bankruptcy Code provides this Court with the power to set expedited hearings.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

**NOTICE**

24.  Notice of this Motion is being provided in accordance with the Case Management Order entered on November 13, 2008 (Docket No. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

**WAIVER OF MEMORANDUM OF LAW**

25.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

**NO PRIOR REQUEST**

26.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: June 17, 2009         SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia    FLOM, LLP

                             /s/ Ian S. Fredericks_____
                             Gregg M. Galardi, Esq.
                             Ian S. Fredericks, Esq.
                             P.O. Box 636
                             Wilmington, Delaware 19899-0636
                             (302) 651-3000

                                    - and -

                             SKADDEN, ARPS, SLATE, MEAGHER &
                             FLOM, LLP
                             Chris L. Dickerson, Esq.
                             333 West Wacker Drive
                             Chicago, Illinois 60606
                             (312) 407-0700

                                    - and -

                             MCGUIREWOODS LLP

                             /s/ Douglas M. Foley_____
                             Dion W. Hayes (VSB No. 34304)
                             Douglas M. Foley (VSB No. 34364)
                             One James Center
                             901 E. Cary Street
                             Richmond, Virginia 23219
                             (804) 775-1000

                             Counsel for Debtors and Debtors
                             in Possession

**EXHIBIT A**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
         IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER SETTING AN EXPEDITED HEARING**

Upon the motion (the "Motion")[1] of the Debtors for an order, pursuant to Bankruptcy Code section 105 and Rule 9013-1(M) and (N) of the Local Bankruptcy Rules for

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), requesting an expedited hearing on the Contempt Motion; and the Court having reviewed the Motion, the Contempt Motion, and the Stay Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED.

2. A hearing will be held on June 23, 2009 at 2:00 p.m., prevailing Eastern Time, to hear and consider the Contempt Motion and the Stay Motion.

3. Adequate notice of the relief sought in the Motion has been given and no further notice is required.

          4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   Richmond, Virginia

        June __, 2009

---

UNITED STATES BANKRUPTCY JUDGE

3

```
WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -



_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession
```

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

_____
Douglas M. Foley

4

**EXHIBIT B**

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & | MCGUIREWOODS LLP |
| FLOM, LLP | One James Center |
| One Rodney Square | 901 E. Cary Street |
| PO Box 636 | Richmond, Virginia 23219 |
| Wilmington, Delaware 19899-0636 | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**CERTIFICATION FOR EXPEDITED HEARING**

The above-captioned debtors (collectively, the "Debtors") contemporaneously herewith are filing, the Motion of the Debtors, Pursuant to 11 U.S.C. § 105 and Local Bankruptcy Rule 9013-1(M), for an Order Setting an

1

Expedited Hearing (the "Motion to Expedite").[1]  In support thereof, and as required by Rule 9013-1(N) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the undersigned counsel for the Debtors certify as follows:

    1.   I am a member of the Bar of this Court, and I have carefully examined these matters and there is a true necessity for an emergency hearing.

    2.   The necessity for this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by the circumstances of the Debtors' chapter 11 cases.

    3.   Based upon the nature of the matters and the relief requested in the Motion to Expedite, no *bona fide* effort to resolve these matters without a hearing is possible.

                                   /s/ Douglas M. Foley
                                   Douglas M. Foley

\9400136.3

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Expedite.