| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

```
            IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

- - - - - - - - - - - - - - - -x
In re:                          :   Chapter 11
                                :
Circuit City Stores, Inc.,      :   Case No. 08-35653(KRH)
et al.,                         :
                                :
              Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - -x
```

**DEBTORS' SUPPLEMENTAL OBJECTION TO AMENDED MOTION, REPLY AND SUPPORTING MEMORANDUM OF POLARIS CIRCUIT CITY, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors"),[1] hereby submit this supplemental

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc.
*(cont'd)*

objection (the "Supplemental Objection") to the Amended Motion, Reply and Supporting Memorandum of Polaris Circuit City, LLC for Allowance of an Administrative Expense Claim and Granting Related Relief. In support of this Supplemental Objection, the Debtors respectfully state as follows:

## BACKGROUND

1. Polaris Circuit City, LLC ("Polaris") and Circuit City Stores, Inc. ("Circuit City") are parties to a lease agreement dated June 15, 2004, for premises located at 8655-8671 Lyra Drive (the "Premises") in Columbus, Ohio (the "Lease," annexed as Exhibit A). By the Debtors' Notice of Rejection of Unexpired Leases and Abandonment of Personal Property (D.I. 2408) filed on

---

*(cont'd from previous page)*
(3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

March 3, 2009, the Lease was rejected effective as of March 10, 2009 (the "Rejection Date").

2.  On December 3, 2008, Polaris filed a Motion and Supporting Memorandum for an Order (A) Compelling Debtor to Immediately Pay Administrative Rent Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), and (B) Granting Related Relief (the "First Motion"; D.I. 647).

3.  At the hearing held on December 22, 2008, the Court denied the First Motion and numerous other motions to compel immediate payment of stub rent (the "Stub Rent Ruling").  See December 22, 2008 Transcript, at pp. 82-83.

4.  Certain lessors then filed a Motion for Rehearing and/or Reconsideration of the Stub Rent Ruling (the "Reconsideration Motion"; D.I. 1347).  On January 7, 2009, Polaris filed a joinder to the Reconsideration Motion (the "Joinder"; D.I. 1392).  The Court denied the Reconsideration Motion on January 16, 2009.  See D.I. 1650.

5.  On February 11, 2009, Polaris filed another motion requesting the same relief as in the First

Motion and, additionally, an order compelling payment of post-petition real estate taxes (the "Second Motion"; D.I. 2017, together, with the First Motion and the Joinder, the "Stub Rent Motions").

6. On February 26, 2009, the Debtors filed an objection to the Stub Rent Motions (the "Initial Objection"; D.I. 2332).

7. Finally, on April 14, 2009, Polaris filed this Amended Motion. Polaris and the Debtors have agreed that the arguments set forth in the Initial Objection apply in their entirety to the Amended Motion. Thus, the Debtors have not repeated such arguments in this Supplemental Objection, but incorporate such arguments by reference as if fully set forth herein.

**SUPPLEMENTAL OBJECTION**

8. By the Amended Motion, notably, Polaris is no longer seeking immediate payment of any amounts.[2] Rather, Polaris requests <u>allowance</u> of an administrative expense claim for (i) stub rent; (ii) real estate taxes

---

[2] The Debtors reserve the right to object to any additional request, including (without limitation) a request for immediate payment of any amounts allegedly due under the Lease or otherwise. Nothing herein shall be construed as a waiver of such right.

4

from the Petition Date through the Rejection Date (the "Taxes"); and (iii) Polaris's reasonable and actual attorneys' fees and costs incurred in connection with the Debtors' chapter 11 cases (the "Attorney's Fees"). The Debtors object, in part, to Polaris's request.

9. Based on this Court's Memorandum Opinion, the Debtors have no objection to Polaris's request for an allowed administrative expense claim for (i) stub rent in the amount of $38,861.20,[3] and (ii) the portion of the Taxes that accrued from the Petition Date through December 31, 2008 (the "2008 Taxes") in the amount of $10,666.53. However, the Court should allow such claims without prejudice to the Debtors' right to assert avoidance claims against the Polaris.[4]

10. By this Supplemental Objection (and to the extent applicable, the Initial Objection), the Debtors

---

[3] As stated in the Amended Motion, ¶ 6, this amount includes both base rent and CAM accruing from the Petition Date through November 30, 2008.

[4] There is some authority for the proposition that "if a claim is allowed there is no longer a voidable transfer from the claimant." See In re LaRoche Indus., Inc., 284 B.R. 406, 408 (Bankr. D. Del. 2002). Thus, if the Court allows any of the Polaris's administrative expense claims, such allowance should be without prejudice to the Debtors' right to assert that the
*(cont'd)*

object to the remaining relief Polaris requests. Specifically, the Debtors object to allowance of administrative expense claims on account of (i) the portion of the Taxes that accrued from January 1, 2009 through the Rejection Date (the "2009 Taxes") because the 2009 Taxes are not "actual" expenses as required under Bankruptcy Code section 503(b), and (ii) the Attorney's Fees because neither the Bankruptcy Code, applicable non-bankruptcy law, nor the Lease support Polaris's request.

**APPLICABLE AUTHORITY**

**I.  POLARIS IS NOT ENTITLED TO AN ALLOWED ADMINISTRATIVE EXPENSE CLAIM FOR THE 2009 TAXES BECAUSE THE 2009 TAXES ARE NOT ACTUAL EXPENSES UNDER SECTION 503(B)(1).**

11. The Debtors acknowledge that, by the Amended Motion, Polaris has submitted a timely Administrative Expense Request[5] for the 2009 Taxes

---

*(cont'd from previous page)*
Polaris was the recipient of a voidable transfer, such as a preference.

[5] Administrative Expense Request has the meaning set forth in the Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Request and (II) Approving Form and Manner of Notice Thereof ("Administrative Bar Date Order" D.I. 3354).

6

pursuant to Administrative Bar Date Order.  However, the Debtors and Polaris disagree over whether such Request should be unliquidated.

12. As set forth more fully in the Initial Objection, because Polaris has not demonstrated that the 2009 Taxes are "actual" expense, Polaris is not entitled to allowance as an administrative expense claim under section 503(b)(1).  See Initial Objection, Section (II)(B)(2).  Accordingly, the Court should deny Polaris's request for allowance of an administrative expense claim in a liquidated amount and, instead, should only allow a claim for 2009 Taxes in an unliquidated amount.

## II. POLARIS'S REQUEST FOR ATTORNEY'S FEES SHOULD BE DENIED.

13. As stated in the Initial Objection, Polaris's request for an administrative expense claim on account of the Attorney's Fees should be denied because attorneys' fees are not "timely obligations" entitled to payment as administrative expense claims under section 365(d)(3), nor are they allowed under sections 506(b) or 503(b)(4).  See Initial Objection, Sections II(A), (B), (C).  Moreover, as discussed below, Polaris is not

entitled to the Attorney's Fees under applicable non-bankruptcy law[6] or the Lease.

14. In the Initial Objection, the Debtors explained that the Lease, in section 34(f), provides that Polaris is entitled to attorneys' fees only if (i) Polaris is "required to commence or defend any action or proceeding against any other party by reason of any breach or claimed breach" of the Lease and it is "the prevailing party in such action." Initial Objection, Section (III)(D).

15. Although the Initial Objection addressed the Attorney's Fees request, at the time, Polaris had not submitted any evidentiary support for its Attorney's Fees request. In the Amended Motion, however, Polaris submitted invoices (the "Invoices") supporting such request, copies of which are annexed as Exhibit B. Thus, assuming, arguendo, attorneys' fees are allowable under the Bankruptcy Code, the Debtors can now demonstrate conclusively that Polaris is not entitled to an administrative expense claim on account of the Attorney's

---

[6] Pursuant to section 34(j) of the Lease, the Lease is governed by Ohio law.

8

Fees under applicable non-bankruptcy law nor under the Lease.

16. The Invoices reflect attorney charges related to the following services: (i) reviewing general bankruptcy matters; (ii) reviewing the docket, including motions of other landlords and motions of the Debtors' that do not implicate Polaris; (iii) filing a notice of appearance; (iv) drafting a proof of claim; (v) drafting and filing the Stub Rent Motions, all of which demanded immediate payment of stub rent, and (vi) drafting and filing the Amended Motion. Although the Debtors believe that none of the foregoing services satisfy the Lease provision because no "action" was commenced or defended, there can be no reasonable dispute that the services described in romanettes (i)-(iv) did not relate to "commenc[ing] or defend[ing] any action or proceeding[,]" which is required by the Lease. Lease, § 34(f); see In re Cukierman, 265 F.3d 846, 852 (9th Cir. 2001)(denying attorney's fees because no action had been brought and no judgment had been entered determining who was the prevailing party, both of which were pre-conditions under

the lease).  Thus, Polaris's request for the Attorney's Fees on account of such services should be denied.

17.  Assuming, <u>arguendo</u>, services related to drafting and filing the Stub Rent Motions and the Amended Motion were performed in connection with commencing or defending an "action," they are nonetheless not compensable because there was no "breach" of the Lease. Specifically, although the Debtors did not pay rent that came due on November 1, 2008, the Lease expressly provided for a grace period of ten (10) days after Polaris notified the Debtors that the rent was overdue, which ended, at the earliest, on November 11, 2009. Lease, § 27(a).[7]  Because the grace period had not run as of the Petition Date and the Debtors were prohibited from making payments on account pre-petition rent as a result of their bankruptcy filings, the Debtors were not in breach of the Lease as of the Petition Date or at anytime thereafter.  Consequently, Polaris is not entitled to Attorney's Fees.  <u>See</u>, <u>e.g.</u>, <u>In re J.W. Fortune, Inc.</u>, 1999 WL 95529 at *6 (4th Cir. Feb. 17, 1999) (holding

---

[7]  The Debtors are not aware of and Polaris has not provided a copy of a notice under Lease section 27(a).

10

that a landlord can recover attorneys' fees only when the fees were incurred "because of a <u>proven</u> default by [the debtor]." (emphasis added)); <u>Rickets v. Kontras</u>, 1985 WL 9935 at *5 (Ohio App. Ct. Mar. 28, 1985) (refusing to invoke the attorneys' fees provision of lease because there was no breach of or default under the lease).

18.   Again, assuming, <u>arguendo</u>, an action had been commenced and the Debtors were in breach of the Lease, the Landlord would still need to establish that it was the "prevailing party". <u>See</u> Lease § 34(f).  Ohio courts have interpreted the terms "prevailing party" as "one in whose favor the decision or verdict is rendered and judgment is entered." <u>Keal v. Day</u>, 840 N.E.2d 1139, 1141 (Ohio App. Ct. 2005).  Thus, consensual relief has been held to not satisfy the standard; rather the party must prevail pursuant to entry of judgment by the court. <u>See</u> <u>Berman v. Dominion Management Co.</u>, 859 N.Y.S.2d 407, 408 (N.Y. App. Div. 2008) (denying attorneys' fees where party entered stipulations to resolve certain claims and abandoned certain other claims); <u>Powers v. Rockford Stop-N-Go, Inc.</u>, 761 N.E.2d 237, 241 (Ill. App. Ct. 2001) (stating that attorneys' fees are awarded only when the

claimant can demonstrate the other party was "compelled by the trial court to obey a condition of the lease").

19. Interpreting prevailing party provisions from various states, bankruptcy and district courts throughout the country have declined to order payment of attorneys' fees in similar circumstances. See, e.g., In re Crown Books Corporation, 269 B.R. 12, 16 (Bankr. D. Del. 2001) (finding attorneys' fees were not allowable under lease providing fees for the "successful party" because none of the relief sought by landlord was granted); In re Parker, 269 B.R. 522, 531 (D. Vt. 2001) (denying recovery of attorneys' fees under lease because landlord did not prevail on the merits); In re McCrory Corp., 210 B.R. 934, 940 n. 5 (S.D.N.Y. 1997) (refusing to consider attorneys' fees because requesting party had not prevailed and thus were "not even arguably entitled to attorneys' fees under the lease").  Ohio courts have reached the same conclusion. See, e.g., Rickets, 1985 WL 9935 at *5 (refusing to consider request for attorney's fees where claimant did not prove other party was in default under the lease).

20. Polaris has not prevailed on the Stub Rent Motions and, for the reasons set forth herein, should not prevail on the Amended Motion. And, although the Debtors do not object to certain relief requested by Polaris (and attempted to resolve the Amended Motion in total by, among other things, granting Polaris such relief), Polaris has not "prevailed" even in this regard; rather, the parties have reached a consensual agreement.

21. Accordingly, Polaris's request for an allowed administrative expense claim for the Attorney's Fees should be denied.[8]

22. If the Court concludes that Polaris is entitled to the Attorney's Fees, the parties have agreed that issues related to reasonableness of such fees will be addressed at a later date.

---

[8] To the extent Polaris is seeking an administrative expense claim for attorney's fees related to litigating over the payment of attorney's fees, such request should also be denied. See, e.g., In re 2495 Broadway Supermarket, Inc., 97 B.R. 765, 767 (Bankr. S.D.N.Y. 1989) (holding time spent litigating over attorney's fees is not compensable).

13

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) sustain the Initial and Supplemental Objections, (ii) deny the Amended Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: June 19, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

14

**EXHIBIT A**

**(Lease)**

**EXHIBIT B**

**(Invoices)**