Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
Circuit City Stores, Inc.,      :    Case No. 08-35653(KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' OBJECTION TO MOTION AND SUPPORTING MEMORANDUM OF ADVANCE REAL ESTATE MANAGEMENT, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors"),[1] hereby submit this objection (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, *(cont'd)*

"Objection") to the Motion and Supporting Memorandum of

Advance Real Estate Management, LLC ("Advance") for

Allowance of Administrative Expense Claim and Granting

Related Relief (D.I. 3137) (the "Motion").  In support of

the Objection, the Debtors respectfully state as follows:

**BACKGROUND**

**A.    The Bankruptcy Cases.**

1.    On November 10, 2008 (the "Petition Date"),

the Debtors filed voluntary petitions in this Court for

relief under chapter 11 of the Bankruptcy Code.

2.    On January 12, 2009, the Court entered an

order authorizing the Debtors to conduct auctions for a

sale or sales of the Debtors' businesses as a going

concern or for liquidation (D.I. 1460).

---

*(cont'd from previous page)*
Inc. (0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address was 9950 Mayland Drive, Richmond, Virginia 23233 and
currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

3.     At the conclusion of the auction, the
Debtors determined that the highest and otherwise best
bid was that of Great American Group WF, LLC, Hudson
Capital Partners, LLC, SB Capital Group, LLC, and Tiger
Capital Group, LLC (collectively, the "Agent").   On
January 16, 2009, the Court approved the Agent's bid and
authorized the Debtors to conduct going out of business
sales at the Debtors' remaining stores (D.I. 1634).   The
Agent commenced going out of business sales at the
Debtors' remaining stores on January 17, 2009.

**B.     The Lease.**

4.     Circuit City Stores, Inc. ("Circuit City")
and Advance Real Estate Management, LLC ("Advance"), as
successor in interest to Rubloff McHenry East, LLC, and
are parties to a lease agreement dated May 23, 2001, for
premises located at 2226 North Richmond Road (the
"Premises") in McHenry, Illinois (the "Lease", a copy of
which is annexed as Exhibit A.   On March 4, 2009, the
Debtors' filed their Notice of Rejection of Unexpired
Leases and Abandonment of Personal Property (D.I. 2419),
pursuant to which the Lease was rejected effective as of
March 11, 2009 (the "Rejection Date").

**OBJECTION**

5.    By the Motion, Advance requests <u>allowance</u>,

as opposed to allowance and immediate payment,[2] of an

administrative expense claim for (i) stub rent; (ii) real

estate taxes that accrued from the Petition Date through

the Rejection Date (the "Taxes"); and (iii) Advance's

reasonable and actual attorney's fees and costs incurred

in connection with the Debtors' chapter 11 cases (the

"Attorney's Fees").  The Debtors object, in part, to

Advance's requests.

6.    Based on this Court's Memorandum Opinion,

the Debtors have no objection to Advance's request for an

allowed administrative expense claim for (i) stub rent in

the amount of $31,176.81[3] and (ii) the portion of the

Taxes that accrued from the Petition Date through

December 31, 2008 (the "2008 Taxes") in the amount of

$13,355.82.  However, the Court should allow such claims

---

[2]    The Debtors reserve the right to object to any additional request,
including (without limitation) a request for immediate payment of
any amounts allegedly due under the Lease or otherwise.  Nothing
herein shall be construed as a waiver of such right.

[3]    As stated in the Motion, ¶ 6, this amount includes both base rent
and CAM accruing from the Petition Date through November 30, 2008.

without prejudice to the Debtors' right to assert

avoidance claims against Advance.[4]

7.   By this Objection, the Debtors object the

remaining relief Advance requests.  Specifically, the

Debtors object to allowance of administrative expense

claims on account of (i) the portion of the Taxes that

accrued from January 1, 2009 through the Rejection Date

(the "2009 Taxes") because such Taxes not "actual"

expenses as required under Bankruptcy Code section 503(b),

and (ii) the Attorney's Fees because neither the

Bankruptcy Code, applicable non-bankruptcy law, nor the

Lease support Advance's request.

### APPLICABLE AUTHORITY

**I.   ADVANCE IS NOT ENTITLED TO AN ALLOWED ADMINISTRATIVE
      EXPENSE CLAIM FOR THE 2009 TAXES UNDER BANKRUPTCY
      CODE SECTION 503(B)(1).**

8.   The Debtors acknowledge that, by the

Motion, Advance has submitted a timely Administrative

---

[4]  There is some authority for the proposition that "if a claim is
     allowed there is no longer a voidable transfer from the
     claimant."  See In re LaRoche Indus., Inc., 284 B.R. 406, 408
     (Bankr. D. Del. 2002).  Thus, if the Court allows any of the
     Advance's administrative expense claims, such allowance should be
     without prejudice to the Debtors' right to assert that the
     Advance was the recipient of a voidable transfer, such as a
     preference.

Expense Request[5] for the 2009 Taxes pursuant to Administrative Bar Date Order.  However, the Debtors and Advance disagree over whether such Request should be unliquidated.

9.   In the Motion, Advance argues that it is entitled to a liquidated allowed administrative expense claim under the Lease on account of the 2009 Taxes even though Advance has not been billed by the applicable taxing authority for such taxes.  In support, Advance argues that, pursuant to Lease section 9, Advance submitted a bill to the Debtors for the 2009 Taxes, which bill was based on the government tax bill for 2008. Lease section 9 provides, in pertinent part, as follows:

> [a]t such intervals as Landlord is required by the taxing authority or by its lender . . . to pay the Real Estate Taxes, Tenant shall pay Tenant's Pro Rata Share of Real Estate Taxes . . . .

.    .     .

---

[5]   Administrative Expense Request has the meaning set forth in the Order Pursuant to Bankruptcy Code Sections 105 and 503 and Bankruptcy Rules 2002 and 9007 (I) Setting Administrative Bar Date and Procedures for Filing and Objecting to Administrative Expense Request and (II) Approving Form and Manner of Notice Thereof ("Administrative Bar Date Order"l D.I. 3354).

> Tenant shall pay Tenant's Pro Rata Share of
> Real Estate Taxes within thirty (30) days after
> Tenant's receipt of Landlord's statement
> therefor, accompanied by the tax bill on the
> basis of which such statement is rendered
> (which may be the prior year's tax bill if the
> current year's tax statement is not yet
> received by Landlord, to be adjusted when
> actual taxes for that year are known).

Lease, § 9(b). However, the Debtors submit that this
provision of the Lease is inapposite to Advance's request
because Advance cannot satisfy its burden under
Bankruptcy Code section 503(b)(1).

　　　　10. Section 503(b)(1) provides administrative
expense claims are limited to "the actual, necessary
costs and expenses of preserving the estate." 11 U.S.C.
§ 503(b)(1)(A). The movant bears the burden of proving
that its claim is entitled to administrative priority
under Bankruptcy Code section 503. See, e.g., In re
Merry-Go-Round Enterprises v. Simon Debartolo Group, 180
F.3d 149, 157 (4th Cir. 1999) (holding that the creditor
"has the burden of proving that its administrative
claim . . . is an actual and necessary expense"); Ford
Motor Credit Co., 35 F.3d at 866 (same). Moreover,
"[a]dministrative expenses are narrowly construed because
they run counter to the central premise of bankruptcy

distributions which is a pro rata distribution among all creditors." In re Computer Learning Ctrs., Inc., 298 B.R. 569, 577 (Bankr. E.D. Va. 2003).

11.  For an expense to be granted administrative priority under Bankruptcy Code section 503(b), the movant must demonstrate, among other things, that the expense was an "actual" expense of the estate and that payment of the expense is necessary to preserve the Debtors' estate.  See 11 U.S.C. § 503(b)(1)(A); Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994) ("The modifiers 'actual' and 'necessary' must be observed with scrupulous care[.]") (citation omitted)).

12.  Advance has failed to satisfy its burden because the 2009 Taxes are not "actual" expenses. Specifically, Advance has presented a bill for 2009 Taxes based on the 2008 tax year.  See Motion at ¶ 8 (requesting allowance of an administrative expense claim in the amount of $18,381.74 for the 2009 Taxes as calculated in revised Exhibit 3 to the Motion).  Moreover, upon information and belief, Advance has not been billed by the applicable taxing authority for any taxes associated with the 2009 tax year.  Based on these facts,

the 2009 Taxes are not "actual" expenses.  See Trak Auto,
277 B.R. at 664 (stating that an amount claimed as an
administrative expense "must be for an actual expense and
cannot be based on an estimate"); see also, In re HNRC
Dissolution Co., 371 B.R. 210, 225 (E.D. Ky. 2007), aff'd
536 F.3d 683 (6th Cir. 2008) (finding that prospective
expenses are not "actual" because they are "not yet
realized"); In re Federated Dept. Stores, Inc., 270 F.3d
994, 1001 (6th Cir. 2001) ("[A] tax is incurred when it
accrues and becomes a fixed liability.").

        13.  Consequently, the Court should deny
Advance's request for allowance of an administrative
expense claim for the 2009 Taxes.

**II.  ADVANCE'S REQUEST FOR ATTORNEY'S FEES SHOULD BE
     DENIED.**

        **A.  The Attorney's Fees Are Not A "Timely
             Obligation" Entitled to Payment Under
             365(d)(3).**

        14.  The Attorney's Fees should be denied
because attorneys' fees are not "timely obligations"
entitled to payment as administrative expense claims
under Section 365(d)(3).  As further discussed below,
post-petition attorneys' fees may only be allowed under

9

two sections of the Bankruptcy Code -- sections 506(b)

and 503(b)(4).

15.   This view, consistent with Congressional

intent of 11 U.S.C. § 365(d)(3), was expressed by the

court in In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832

(Bankr. S.D.N.Y. 1996).   In that case, the court denied a

request for attorney's fees as an administrative expense

under section 365(d)(3), reasoning as follows:

> Given the fact that section 365(d)(3)
> mandates a departure from the normal
> priority of claims, it should be strictly
> construed. While the statutory obligation
> of "timely" performance is unambiguous with
> respect to rent, the obligation with
> respect to counsel Attorney's Fees is not.
> The language employed in section 365(d)(3)
> suggests a Congressional purpose to grant
> landlords a preferred position with respect
> to those obligations arising under the
> lease in a contractually determined time
> frame.   Thus, the statute refers in the
> first sentence to 'all the obligations . . .
> arising from and after the order for
> relief . . . until such lease is assumed or
> rejected'.   This articulation makes sense
> in the context of the rent obligation; it
> does not with respect to an obligation to
> pay attorneys' Attorney's Fees, which may
> fortuitously arise before or after the time
> period in question.   Similarly, the statute
> says the trustee "shall timely perform",
> using an adverb which is contractually
> meaningful as to rent, but not as to
> attorneys' Attorney's Fees. The legislative

history provides further support for this
interpretation . . . ."

In re Pudgie's Dev. Of NY, Inc., 202 B.R. at 837.

16.   The Pudgie's court's reasoning with
respect to section 365(d)(3) squares with Congressional
intent to "grant landlords a preferred position with
respect to those obligations arising under the lease in a
contractually determined time frame."  Id.  Allowing
attorneys' fees claims under the same pretext stretches
that intent beyond meaning.  Consequently, the Court
should deny the Advance's request for an administrative
expense claim for the Attorney's Fees.

**B.   Statutory Authority Does Not Support
       Allowance Of The Attorney's Fees.**

17.   Additionally, Advance's request for
allowance of an administrative expense claim on account
of the Attorney's Fees should be denied because it is not
made pursuant to either section 506(b) or section
503(b)(4) of the Bankruptcy Code.

18.   Congress has expressly provided creditors
and other entities with the right to be reimbursed
reasonable attorneys' fees for post-petition services in
two sections of the Bankruptcy Code.  The first such

instance is specified in section 506(b), pursuant to
which a creditor holding an oversecured claim may receive
"reasonable attorney's fees, costs or charges provided
for under the agreement or State statue under which such
[oversecured] claim arose."  11 U.S.C. § 506(b).  The
second instance is section 503(b)(4), pursuant to which
the Court is directed to allow an administrative expense
for "reasonable compensation for professional services
rendered by an attorney . . .", but which limits such an
expense only to those "entit[ies] whose expense is
allowable under subparagraph (A), (B), (C), (D), or (E)
of" 503(b)(3).  See 11 U.S.C. § 503(b)(4).

19.  By expressly limiting the payment of post-
petition attorneys' fees to those entities satisfying the
requirements of sections 506(b) and 503(b)(4), Congress
is presumed to have excluded the awarding of post-
petition attorneys' fees under any other section of the
Bankruptcy Code based on the principle of statutory
construction of *expressio unius est exclusio alterius*.
See In re Electric Mach. Enters., 371 B.R. 549, 550
(Bankr. M.D. Fla. 2007) (recognizing that "a number of
courts have focused on the plain language of section

506(b) and applied the legal maxim[] of *expressio unius est exclusio alterius* to hold that unsecured creditors are not entitled to post-petition attorney's fees and costs")(emphasis in original); <u>Bronze Group, Ltd. v. Sender (In re Hedged-Investments Assocs., Inc.)</u>, 293 B.R. 523, 526 (D. Colo. 2003) (analyzing undersecured creditor's claim for postpetition attorney's fees and noting that the language of section 506(b) "demonstrates Congressional intent to disallow the recovery of post-petition attorney's fees and costs by creditors whose claims are not oversecured").

20.    Therefore, under well established principles of statutory construction, because Advance's Attorney's Fees claim is not based on section 506(b) or 503(b)(4), it cannot be allowed as an administrative expense.

### C.    Advance Is Not Entitled To The Attorney's Fees Under The Lease Or Applicable Non-Bankruptcy Law.[6]

21.    Assuming, <u>arguendo</u>, attorneys' fees are allowable under the Bankruptcy Code, Advance is not

---

[6]    Pursuant to section 34(j) of the Lease, the Lease is governed by Illinois law.

entitled to an administrative expense claim of account of

the Attorney's Fees under the Lease or applicable non-

bankruptcy law.   The Lease provides, in pertinent part,

as follows:

> In the event either party shall be required to
> commence or defend any action or proceeding
> against any other party by reason of any breach
> or claimed breach of any provision of this
> Lease, . . . the prevailing party in such
> action or proceeding shall be entitled to
> recover from or to be reimbursed by the other
> party for the prevailing party's reasonable and
> actual attorneys' fees and costs through all
> levels of proceedings.

Lease, § 34(f).  Accordingly, to be entitled to the

Attorney's Fees under the Lease, Advance must show (i) it

was required to commence or defend an action because of a

breach or claimed breach of the lease and (ii) it was the

prevailing party.

22.   Advance presumably contends that it

satisfied the Lease provision.  In support, Advance

provided invoices (the "Invoices") for the Attorney's

Fees, copies of which are annexed as Exhibit B.  The

Invoices reflect attorney charges related to the

following services:  (i) gathering and reviewing unnamed

documents; (ii) preparing a notice of appearance;

14

(iii) reviewing the docket; (iv) drafting and filing the
Motion; and (v) correspondence regarding the status of
the Motion.

23.    Although the Debtors believe that none of
the foregoing services satisfy the Lease provision
because no "action" or "proceeding" was commenced or
defended, there can be no reasonable dispute that the
services described in romanettes (i)-(iii) do not relate
to "commenc[ing] or defend[ing] any action or
proceeding[,]" which is required by the Lease.  Lease
§ 34(f); see In re Cukierman, 265 F.3d 846, 852 (9th Cir.
2001) (denying attorney's fees because no action had been
brought and no judgment had been entered determining who
was the prevailing party, both of which were pre-
conditions under the lease).  Thus, Advance's request for
Attorney's Fees on behalf of such services should be
denied.

24.    Assuming, arguendo, services related to
the Motion were performed in connection with commencing
or defending an "action" or "proceeding", they are
nonetheless not compensable because, as discussed below,
there was no "breach" of the Lease.

15

25.    Advance may attempt to argue that the
Debtors breached the Lease by failing to pay November
rent.  However, although the Debtors did not pay rent
that came due on November 1, 2008, the Lease expressly
provided for a grace period of ten (10) days after
Advance notified the Debtors that the rent was overdue,
which ended, at the earliest, on November 11, 2009.
Lease, § 27(a).[7]  Because the grace period had not run as
of the Petition Date and the Debtors were prohibited from
making payments on account pre-petition rent as a result
of their bankruptcy filings, by failing to pay stub rent,
the Debtors were not in breach of the Lease as of the
Petition Date or at anytime thereafter.  Moreover, the
Debtors have made payment for all obligations under the
Lease, including real estate taxes, that accrued and
became due under the Lease between the Petition Date and
the Rejection Date; Advance does not contend otherwise.
Consequently, there has been no breach of the Lease and
Advance is not entitled to Attorney's Fees.  See, e.g.,
In re J.W. Fortune, Inc., 1999 WL 95529 at *6 (4th Cir.

---

[7]    The Debtors are not aware of and Advance has not provided a copy
of a notice under Lease section 27(a).

16

Feb. 17, 1999) (holding that a landlord can recover

attorneys' fees only when the fees were incurred "because

of a _proven_ default by [the debtor]." (emphasis added));

_Rickets v. Kontras_, 1985 WL 9935 at *5 (Ohio App. Ct. Mar.

28, 1985) (refusing to invoke the attorneys' fees

provision of lease because there was no breach of or

default under the lease).

     26.   Again, assuming, _arguendo_, an action had

been commenced and the Debtors were in breach of the

Lease, Advance would still need to establish that it was

the "prevailing party".   _See_ Lease § 34(f).   Illinois

courts have held that to be a "prevailing party," the

party must prevail on its "most significant claim."

_Raffel v. Medallion Kitchens of Minnesota, Inc._, 139 F.3d

1142, 1147 (7th Cir. 1998) (interpreting Illinois law)

(denying attorney's fees where the case was "essentially

a draw"); _see_ _also_ _Peleton, Inc. v. McGivern's, Inc._, 873

N.E.2d 989, 993 (Ill. App. Ct. 2007) ("a prevailing party,

for purposes of awarding attorney fees, is one that is

successful on a significant issue and achieves some

benefit in bringing suit" (internal quotations omitted)).

Moreover, consensual relief has been held to not satisfy

the standard; rather, the party must demonstrate that the other party was "compelled by the trial court to obey a condition of the lease." Powers v. Rockford Stop-N-Go, Inc., 761 N.E.2d 237, 241 (Ill. App. Ct. 2001).

27. Interpreting prevailing party provisions from various states, bankruptcy and district courts throughout the country have declined to order payment of attorneys' fees in similar circumstances. See, e.g., In re Crown Books Corporation, 269 B.R. 12, 16 (Bankr. D. Del. 2001) (finding attorney's fees were not allowable under lease providing attorneys' fees for the "successful party" where none of the relief sought by landlord was granted); In re Parker, 269 B.R. 522, 531 (D. Vt. 2001) (denying recovery of attorney's fees under lease where landlord did not prevail on the merits); In re McCrory Corp., 210 B.R. 934, 940 n. 5 (S.D.N.Y. 1997) (refusing to consider attorney's fees where party had not prevailed and thus were "not even arguably entitled to attorney's fees under the lease"). Illinois courts have reached the same conclusions. See, e.g., Raffel, 139 F.3d at 1147 (denying attorney's fees where case was a draw; Powers, 761 N.E.2d at 240 (ruling landlord not entitled to

18

attorneys' fees where landlord "did not prevail on a significant issue" and both parties won and lost certain claims such that neither was a prevailing party).

28.    For the reasons set forth in this Objection, Advance should not prevail as to allowance of an administrative claim on account of the 2009 Taxes. And, although the Debtors do not object to certain relief requested by Advance (and attempted to resolve the Motion in total by, among other things, granting Advance such relief), Advance has not "prevailed" even in this regard; rather, the parties have reached a consensual agreement.

29.    Accordingly, Advance's request for the Attorney's Fees should be denied.[8]

30.    If the Court concludes that Advance is entitled to the Attorney's Fees, the parties have agreed that issues related to reasonableness of such fees will be addressed at a later date.

---

[8]    To the extent Advance is seeking an administrative expense claim for attorney's fees related to litigating over the payment of attorney's fees, such request should also be denied.  See, e.g., In re 2495 Broadway Supermarket, Inc., 97 B.R. 765, 767 (Bankr. S.D.N.Y. 1989) (holding time spent litigating over attorney's fees is not compensable).

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) sustain this Objection, (ii) deny the Motion and (iii) grant the Debtors such other and further relief as is just and proper.

Dated: June 19, 2009
       Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

## EXHIBIT A

**(Lease)**

**<u>EXHIBIT B</u>**

**(Invoices)**