IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---------------------------------------------------------------x
In re:                                                         :    Chapter 11
                                                               :
CIRCUIT CITY STORES, INC., et al.,                             :    Case No. 08-35653-KRH
                                                               :
                                                               :    Jointly Administered
                              Debtors.                         :
---------------------------------------------------------------x

### RESPONSE OF CATELLUS OPERATING LIMITED PARTNERSHIP TO DEBTORS' TENTH OMNIBUS OBJECTION TO CERTAIN DUPLICATE CLAIMS
**(Claim No. 7933)**

This response is filed by Catellus Operating Limited Partnership, a Delaware limited partnership ("Catellus") to the Debtors' Tenth Omnibus Objection to Certain Duplicate Claims (the "Objection"). In the Objection, the Debtors assert that Catellus' Claim No. 7933 filed in the amount of $1,903,434.65 is a duplicate of Catellus' Claim No. 7957 in the same amount.

Catellus disputes this Objection on the grounds that Claim No. 7957 filed in the Circuit City Stores West Coast, Inc. case (Case No. 08-35654) is based on the rejection of a nonresidential lease between Catellus and Circuit City Stores West Coast, Inc., as set forth in detail in Claim No. 7957. Claim No. 7933 filed by Catellus against Circuit City Stores, Inc. (Case No. 08-35653) is based on a guaranty by Circuit City Stores, Inc. of the obligations of Circuit City Stores West Coast, Inc. under the above-referenced nonresidential lease with Catellus.

---

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-4112

Counsel for the Catellus Operating Limited Partnership

Attached hereto as <u>Exhibit "A"</u> is a true copy of the original Lease Guaranty (the "Guaranty") dated December 5, 2003 by Circuit City Stores, Inc., a Virginia corporation to Catellus Development Corporation, a Delaware corporation, which is the predecessor entity of Catellus.  Attached hereto as <u>Exhibit "B"</u> is the Second Amendment and Ratification of the Lease (the "Amendment") between Catellus, the successor by merger to Catellus Development Corporation, and Circuit City Stores West Coast, Inc., the tenant under the nonresidential lease agreement.  The Amendment was also executed by Circuit City Stores, Inc. and under the Agreement, Circuit City Stores, Inc. ratified the Guaranty to Catellus as successor in interest to Catellus Development Corporation.

These documents demonstrate that the obligation of Circuit City Stores, Inc. to Catellus under the Guaranty and Amendment as set forth in Claim No. 7933 is a separate contractual obligation from the obligation of Circuit City Stores West Coast, Inc. under the lease agreement as set forth in Claim No. 7957.

Based thereon, Catellus requests that the court deny the Debtors' objection to Catellus' Claim No. 7933 as a duplicate claim.

Dated:  June 23, 2009                              CHRISTIAN & BARTON, LLP

/s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
909 East Main Street, Suite 1200
Richmond, VA 23219
Tel: 804-697-4100
Fax: 804-697-4112

Counsel for Catellus Operating Limited Partnership

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

/s/ Jennifer M. McLemore
Jennifer M. McLemore

# EXHIBIT A

## LEASE GUARANTY

Reference is hereby made to a Lease dated December 5, 2003 by and between CATELLUS DEVELOPMENT CORPORATION, a Delaware corporation (herein called "Landlord") and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (herein called "Tenant") (the "Lease").

In consideration of Landlord's agreement to lease the premises described in the Lease to Tenant on the terms and conditions set forth in the Lease, Circuit City Stores, Inc., a Virginia corporation ("Guarantor"), the sole shareholder of Tenant, hereby guarantees the full and timely performance by Tenant of its obligations under the Lease.

Notwithstanding anything set forth herein to the contrary:

1. Following a sublease or assignment in accordance with Paragraph 14 of the Lease, Landlord shall give Guarantor prompt written notice at the address set forth below of any failure by Tenant to perform its obligations under the Lease. Guarantor acknowledges and agrees that a sublease or assignment by Tenant shall not relieve Guarantor of Guarantor's obligations under this Guaranty. Failure to provide such notice to Guarantor of a default under the Lease by Tenant shall not relieve Guarantor of its obligation hereunder, provided that Guarantor shall be afforded an additional reasonable period of time (but in no event more than thirty (30) days following the date on which notice was received by Guarantor; provided that, if such default cannot with due diligence be wholly cured within such thirty (30) day period, Guarantor shall have such longer period as is reasonably necessary to cure the default, so long as Guarantor proceeds promptly to commence the cure of same within such thirty (30) day period and diligently prosecutes the cure to completion) to cure the applicable default.

2. The following shall be conditions of Guarantor's obligations hereunder: (i) all notices required to be given to Tenant in respect of the failure or breach by Tenant at issue have been given or waived in writing by Tenant and Guarantor, and (ii) any grace

period in respect of such obligation by Tenant has expired or been waived in writing by Tenant and Guarantor.

3. Following an assignment of all of Tenant's right, title and interest in the Lease in accordance with Paragraph 14 of the Lease to any party that is not an Affiliate of Guarantor (defined below), no material alteration, modification or amendment of the Lease, either by agreement or course of conduct, nor any extension or renewal of the Lease (collectively, "Alteration"), shall be binding upon Guarantor if such Alteration would enlarge, increase or otherwise negatively impact Guarantor's obligations hereunder in any material manner, without Guarantor's written consent thereto, which consent may be withheld in Guarantor's sole and absolute discretion. For purposes hereof, an "Affiliate of Guarantor" shall mean any party or entity, directly or indirectly, controlled by, controlling or under common control with Guarantor.

To the extent not inconsistent with the foregoing, Guarantor further agrees as follows:

(a) Landlord shall have the right to proceed against Guarantor hereunder following any breach or default by Tenant without first proceeding against Tenant. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Sections 2810 and 2845 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction. Subject to the other provisions of this Guaranty, Guarantor hereby waives any and all benefits of the provisions of Sections 2819, 2822, 2849 and 2850 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction.

(b) In the event any action be brought against the undersigned by the beneficiaries of this Guaranty to enforce this Guaranty, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorneys' fee which shall be fixed by the court.

(c) Neither Guarantor's obligations hereunder nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by the impairment, modification, change, release or limitation of the

liability of the Tenant under the Lease, or its estate in bankruptcy or any remedy for the enforcement thereof, resulting from the operation of any present or future provision of any federal or state bankruptcy or insolvency law or any statute, or from the decision of any court. In the event any payment by Tenant to Landlord is held to constitute a preference, fraudulent conveyance or otherwise required to be returned by Landlord, such payment by Tenant to Landlord shall not in any way diminish Guarantor's obligations hereunder and this Guaranty shall continue to be effective. Until all the Tenant's obligations under the Lease are fully performed, Guarantor: (i) shall have no right of subrogation, contribution or reimbursement against the Tenant by reason of any payments or acts of performance by Guarantor under this Guaranty; (ii) subordinates any liability or indebtedness of the Tenant now or hereafter held by Guarantor to the obligations of the Tenant under, arising out of or related to the Lease or Tenant's use of the Premises; and (iii) acknowledges that the actions of Landlord may affect or eliminate any rights of subrogation, contribution or reimbursement of Guarantor as against Tenant without any liability or recourse against Landlord. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Section 2848 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction until such time that the Guarantor's obligations under this Guaranty are satisfied in full.

(d) Landlord may assign this Guaranty to any successor in interest as the landlord under the Lease. This Guaranty shall extend to and be binding upon Guarantor's legal heirs and representatives, and successors and assigns, including, but not limited to, trustees in bankruptcy and Guarantor's estate.

(e) Guarantor agrees that all questions, actions and disputes with respect to this Guaranty or the performance or enforcement thereof shall be governed by, and decided in accordance with, the laws of the State of California.

(f) Guarantor represents and warrants to Landlord that this Guaranty has been duly executed and delivered to Landlord by Guarantor.

(g)  Any notice, request, demand, instruction or other communication to be given to any party hereunder shall be in writing and (a) personally served, (b) sent by registered or certified mail, return receipt requested or (c) sent by nationally recognized overnight courier. Notices to Landlord shall be delivered to Landlord's address set forth in the Lease. Landlord, at its election, may provide an additional notice to Guarantor. Notices to Guarantor shall be delivered to the address provided under Guarantor's signature below.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed by its duly authorized officer as of this 5th day of Dec., 2003.

CIRCUIT CITY STORES, INC.,
a Virginia corporation

By: _____

Name: Thomas C. Nolan

Title: Vice President

Address:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Corporate Secretary

with a copy to:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Vice President, Real Estate

# EXHIBIT B

## SECOND AMENDMENT AND RATIFICATION OF LEASE

THIS SECOND AMENDMENT AND RATIFICATION OF LEASE ("**Amendment**") is entered into effective as of December 5, 2003, by and between CATELLUS OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership ("**COLP**") (successor by merger to Catellus Development Corporation, a Delaware corporation ["**CDC**"]), and CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("**Tenant**").

### R E C I T A L S :

A.   CDC and Tenant are parties to that certain Lease (the "**Original Lease**") dated December 5, 2003, pursuant to which CDC leased to Tenant certain "Premises" as described in the Original Lease. The Premises are located within a project commonly known as Pacific Commons Shopping Center, located in the City of Fremont, State of California. The Original Lease was amended by that certain Lease Amendment No. 1 ("**First Amendment**") entered into as of December 5, 2003. The Original Lease and First Amendment are referred to herein collectively as the "**Lease**."

B.   Prior to the execution of the Lease, CDC was legally merged into COLP, and COLP, rather than CDC, should have executed the Lease. The parties hereto desire to amend, affirm and ratify the Lease, as if COLP had executed the Lease at its inception.

### A G R E E M E N T :

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, COLP and Tenant hereby agree as follows:

1.   Incorporation. The Lease, including all exhibits and schedules attached thereto, is incorporated into this Amendment by this reference.

2.   Amendment, Affirmation and Ratification. The parties acknowledge and agree that all references in the Lease to CDC as "Landlord," are deleted and replaced with COLP. COLP and Tenant hereby affirm and ratify all of the provisions of the Lease (including all addenda and exhibits attached thereto and the First Amendment), as if COLP (rather than CDC) had executed the Lease at its inception.

3.   Miscellaneous.

   a. Effect of Amendment. Except to the extent set forth herein, the terms and provisions of the Lease shall remain unmodified and in full force and effect. In the event of conflict between the terms of the Lease and the terms of this Amendment, the terms of this Amendment shall prevail.

   b. Entire Agreement. This Amendment, together with the Lease, embodies the entire understanding between COLP and Tenant with respect to its subject matter and can be changed only by an instrument in writing signed by COLP and Tenant.

690006.02/OC
C1572-034/3-1-04/jss/lry

    c. <u>Corporate Authority</u>. Each individual executing this Amendment on behalf of COLP and Tenant represents that he or she is duly authorized to execute and deliver this Amendment for such entity.

    d. <u>Counterparts</u>. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same Amendment. Delivery of an executed counterpart of this Amendment by telefacsimile shall be equally as effective as delivery of an original executed counterpart. Any party delivering an executed counterpart of this Amendment by telefacsimile shall also deliver an original executed counterpart of this Amendment, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability and binding effect of this Amendment. Signature and acknowledgment pages may be detached from the counterparts and attached to a single copy of this Amendment to physically form one (1) executed document.

  IN WITNESS WHEREOF, the parties have executed this Amendment as of the date first set forth above.

"COLP":            CATELLUS OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership (as successor by merger to Catellus Development Corporation, a Delaware corporation)

                By: Catellus Commercial Development Corporation, a Delaware corporation, its agent

                By: _____
                Dan Marcus
                Senior Vice President, Development

"TENANT":           CIRCUIT CITY STORES WEST COAST, INC., a California corporation

                By: _____
                Print Name: Thomas C. Nolan
                Its: Vice-President Real Estate

690006.02/OC
C1572-034/3-1-04/jss/lry       -2-

## CONSENT OF GUARANTOR

The undersigned, CIRCUIT CITY STORES, INC., a Virginia corporation ("**Guarantor**"), hereby consents to and agrees to the terms and conditions of the attached Second Amendment and Ratification of Lease ("**Amendment**"). Guarantor acknowledges and agrees further that (i) the Lease Guaranty delivered by Guarantor in favor of CDC as "Landlord," in connection with the Lease, is hereby ratified and affirmed with respect to COLP as "Landlord," and (ii) that the Lease Guaranty shall remain in full force and effect and shall not be modified, limited or impaired by reason of the execution of the Amendment.

"GUARANTOR":

CIRCUIT CITY STORES, INC., a Virginia corporation

By: _____
Name: Thomas C. Nolan
Its: Vice-President Real Estate

690006.02/OC
C1572-034/3-1-04/jss/lry