UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CIRCUIT CITY STORES, INC., et al., ) | Case No. 08-35653-KRH |
| ) | Chapter 11 |
| Debtors. ) | (Jointly Administered) |

## MOTION OF M & M BERMAN ENTERPRISES
## FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

M & M Berman Enterprises ("MMBE"), by counsel, hereby moves this Court (the "Motion") to enter an Order, pursuant to Sections 365(d)(3) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), for the (i) allowance of an administrative expense claim for real estate taxes incurred post-petition; and (ii) allowance and payment of an administrative expense claim of attorney's fees and costs. In support of its Motion, MMBE respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2) and 1334.

3. Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for M & M Berman Enterprises*

## BACKGROUND

4. On or about February 24, 1995, Circuit City Stores, Inc. (the "Debtor"), entered into a lease, as assigned (the "Lubbock Lease"), with MMBE for real property located at 6701 Slide Street, Lubbock, Texas, 79424 (the "Lubbock Space"), of which MMBE is the owner. A true and correct copy of the Lease is attached hereto as **Exhibit A** and is incorporated herein by reference.

5. On or about February 24, 1995, the Debtor also entered into a lease, as assigned (the "Tyler Lease"), with MMBE for real property located at 4910 S. Broadway Ave., Tyler, Texas, 75603 (the "Tyler Space"), of which MMBE is the owner. A true and correct copy of the Tyler Lease is attached hereto as **Exhibit B** and is incorporated herein by reference.

6. Clause 7 in both the Lubbock Lease and the Tyler Lease (collectively, "the Leases") provides for the payment of real estate taxes by the Debtor.

7. On or about November 10, 2008, the Debtor commenced a case under Chapter 11 of the Bankruptcy Code in this Court.

8. By various orders of the Court, the Debtor rejected the Lubbock Lease (Doc. No. 2408) and the Tyler Lease (Doc. No. 2434), which rejections became effective on March 10, 2009, and March 12, 2009, respectively (collectively, the "Lease Rejection Dates").

9. On May 15, 2009, the Court entered an order setting an administrative claim bar date of June 30, 2009 at 5:00 p.m. (Pacific) (the "Bar Date").

10. The Debtor has failed to pay for real estate taxes that have become due and payable during the time period beginning on the Petition Date and through the Lease Rejection Dates (the "Administrative Claim Period"). As further described herein, the Debtor owes MMBE the total sum of no less than $10,528.44 for real estate taxes that accrued in 2008, and an

additional amount for real estate taxes that accrued between January 1, 2009 and the Lease Rejection Dates.

### RELIEF REQUESTED

11.     By this Motion, MMBE requests that the Court enter an order for (i) allowance and payment of administrative expense claims for post-petition, real estate taxes that have become due and payable under Sections 365(d)(3) and 503(b)(1) of the Bankruptcy Code; and (ii) allowance and payment of administrative expense claims for attorney's fees and costs pursuant to the provisions of the Leases.

**A.     Allowance and Payment of Post-Petition Real Estate Taxes**

12.     Generally, debtors "must timely perform" all of their obligations "arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." See 11 U.S.C. § 365(d)(3).

13.     Furthermore, it is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the landlord being adequately compensated for the burden of ownership borne by the landlord. See e.g., In re Trak Auto Corp., 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) (noting that landlord cannot be forced to become involuntary creditors of a debtor), aff'd 288 B.R. 114 (E.D. Va 2003), rev'd on other grounds, 367 F.3d 237 (4th Cir. 2004).

14.     To that end, courts have held that a debtor's failure to pay its post-petition rent, taxes, and other charges to the lessor results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. See In re Midway Airlines Corp., 406 F. 3d 229, 235-37 (4th Cir. 2005); see also, In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832, 836

(Bankr. S.D.N.Y. 1996) ("the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to [landlords as a]. . .class of involuntary claimant[s]").

15.   Moreover, Section 503(b) of the Bankruptcy Code permits lessors to obtain administrative expense claims for post-petition charges for rent, taxes, CAM and other rental fees, in that such charges are "actual, necessary costs and expenses of preserving the estate." See 11 U.S.C. § 503(b)(1)(A); see also, In re Garden Ridge Corp., 323 B.R. 136, 140-43 (Bankr. D. Del. 2005) (holding that where a lessee-debtor occupies and uses the leased premises, a lessor is entitled to an administrative claim equaling the fair market value of such premises under Section 503(b)(1)(A)) (internal citations omitted); see also, In re ZB Company Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003) ("Absent evidence to the contrary, the contract rate is presumed to be the fair rental value.").

16.   Here, the Debtor has failed to pay the following sums of accrued real estate taxes to MMBE for the pro-rated time period of November 10, 2008 through December 30, 2008:

**2008 Real Estate Taxes**

| | |
|---|---|
| **Lubbock Lease:** | $6,258.20 |
| **Tyler Lease:** | $4,270.24 |
| **TOTAL:** | **$10,528.44**[1] |

17.   For these reasons, MMBE requests allowance and payment of its administrative expense claim for post-petition, real estate taxes owed by the Debtor in the total amount of no less than $10,528.44 pursuant to Sections 365(d)(3) and §503(b)(1) of the Bankruptcy Code.

18.   In addition, MMBE expressly reserves its right to amend the amount of this administrative expense claim to reflect reconciliation of taxes and other charges, including 2009

---

[1] True and copies of the 2008 Tax Statements for the Lubbock Space and the Tyler Space are attached hereto as **Exhibits C** and **D**, respectively, and are incorporated herein by reference.

4

real estate taxes, that arose during the Administrative Claim Period, but that are billed in arrears after the Bar Date.

### C.    Allowance and Payment of Attorney's Fees and Costs

19.    The Leases expressly allow recovery by MMBE of its attorney's fees and costs against the Debtor in the event that MMBE prevails in a legal action or proceeding in connection with the Lease. Clause 43 contained in each of the Leases provides, in pertinent part:

> In the event that either party to this Lease shall be required to commence or defend any action or proceeding against any other party to this Lease by reason of any breach or claimed breach of any provision of this Lease, to commence or defend any action or proceeding in any way connected with this Lease or to seek a judicial declaration of rights under this Lease, the party prevailing in such action or proceeding shall be entitled to recover from or be reimbursed by the other party for the prevailing party's reasonable and actual attorney's fees and costs through all levels of proceedings.

See Exhibits A and B.

20.    MMBE has incurred attorney's fees and expenses in enforcing its rights under the Lease and such legal fees and expenses continue to accrue. Thus, MMBE requests allowance and payment of its attorney's fees (in an amount to be proven at the hearing) pursuant to clause 43 of the respective Leases and § 365(d)(3) notwithstanding the 'actual necessary costs' requirement of § 503(b)(1). See this Court's Memorandum Opinion dated February 12, 2009. (Doc. No. 2107).

### REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)

21.    MMBE respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

## CONCLUSION

WHEREFORE, for the above-stated reasons, MMBE requests that this Honorable Court enter an Order granting MMBE: (i) an allowed administrative expense claim directing prompt payment of $10,528.44 for unpaid, post-petition real estate taxes that became due and owing during the Administrative Claim Period, expressly reserving MMBE's right to amend the amount of the administrative expense claim to reflect reconciliation of taxes and other charges, including 2009 real estate taxes, that arose during the Administrative Claim Period, but that are billed in arrears after the Bar Date; (ii) an allowed administrative expense claim directing prompt payment of MMBE's incurred attorney's fees and costs in an amount to be proven at the hearing on this Motion; and (iii) any other and further relief that this Court deems just and proper.

Dated: June 24, 2009

M & M BERMAN ENTERPRISES

By: __/s/ Michael P. Falzone__
Counsel

Michael P. Falzone (VSB No. 22324)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, VA 23218-0500
(804) 771-9500
(804) 644-0957 (fax)

*Counsel for M & M Berman Enterprises*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2009, I caused a copy of the foregoing to be served by electronic means on the "2002" and "Core" lists and through the ECF system.

__/s/ Michael P. Falzone__
Michael P. Falzone

#2546145v2