IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC, *et al.* | ) | Case No. 08-35653 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**RESPONSE OF PLAZA LAS AMERICAS, INC.
TO DEBTORS' TENTH OMNIBUS OBJECTION
TO CERTAIN DUPLICATE CLAIMS**

Plaza Las Americas, Inc. ("Landlord"), by and through undersigned counsel, files this Response to Debtor' Tenth Omnibus Objection to Certain Duplicate Claims (the "Objection") and, in support thereof, states the following:

1.      Landlord as landlord and Circuit City Stores PR, LLC ("Tenant") as tenant entered into that certain Lease dated August 15, 2007 (the "Lease"), pursuant to which Landlord leased retail space to Tenant in Ponce, Puerto Rico. The Tenant rejected the Lease effective March 12, 2009, by a Notice of Rejection dated March 5, 2009, pursuant to the procedures approved by this Court. As provided in the Notice, Landlord was given until April 30, 2009, to file a proof of claim for damages arising from the rejection of or relating to the Lease.

2.      The terms of the Lease required Tenant to cause Circuit City Stores, Inc. ("Guarantor") to guaranty Tenant's performance of its obligations under the Lease. Accordingly, Guarantor executed that certain Guaranty dated as of July 25, 2007 (the "Guaranty") to and for the

---

Richard E. Lear (VSB # 25361)
Holland & Knight LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
(202) 457-7049
Counsel to Plaza Las Americas, Inc.

benefit of Landlord under which Guarantor agreed to absolutely, unconditionally and irrevocably guarantee to Landlord, among other things, the full and prompt payment when due of any and all rentals, debts and obligations of Tenant under the Lease.

3. On April 28, 2009, Landlord filed a proof of claim (Claim Number 12430) in the amount of $2,493,671.54 under the Lease in Tenant's bankruptcy case, case no. 08-35660, for Landlord's damages arising as a result of Tenant's rejection of the Lease. As stated in the proof of claim, the basis for Landlord's claim filed in Tenant's chapter 11 case is Tenant's obligations under the Lease. The calculation of Landlord's claim against Tenant is attached is Exhibit "A" to the proof of claim filed in Tenant's case, and a copy of the Lease is also attached to the proof of claim.

4. On April 28, 2009, Landlord filed a proof of claim (Claim Number 12428) in the amount of $2,493,671.54 under the Guaranty in Guarantor's bankruptcy case, case no. 08-35635. As stated in the proof of claim, the basis for Landlord's claim filed in Guarantor's chapter 11 case is Guarantor's obligation under the Guaranty. The calculation of Landlord's claim against Guarantor is attached as Exhibit "A" to the proof of claim filed in Guarantor's case, and a copy of the Guaranty is also attached to the proof of claim. The claim against Guarantor is in the identical amount as the claim against Tenant because of the application of the section 502(b)(6) cap in both Tenant's and Guarantor's chapter 11 cases.

5. In the Objection, the Debtors seek the disallowance of Claim Number 12428 filed in Guarantor's bankruptcy case based on Debtors' allegation that Claim Number 12428 is duplicative of Claim Number 12430 filed in Tenant's bankruptcy case. Debtors' Objection does not take into account, however, that each claim has an independent legal basis – Claim Number 12428 filed in Guarantor's case is based on Guarantor's obligations under the Guaranty and Claim Number 12430 filed in Tenant's case is based on Tenant's obligations under the Lease.

6. Landlord would agree, however, that it is not entitled to receive more than $2,493,671.54 in total distributions out of Tenant's and Guarantor's chapter 11 cases in connection with its claims arising out of or related to Tenant's rejection of the Lease. So, in the unlikely event that the total distributions to unsecured creditors under Tenant's and Guarantor's confirmed plans were to result in Landlord receiving more than $2,493,671.54 as a result of or related to Tenant's rejection of the Lease, Landlord would agree that the proofs of claim are duplicative, but only to such extent. Because Debtors have not alleged, and likely can not allege, that Landlord's claims would receive such treatment as a result of its filing a proof of claim under the Lease in Tenant's case and its filing a proof of claim under the Guaranty in Guarantor's case, Debtor's objection to the allowance of Claim Number 12428 as being duplicative of Claim Number 12430 should be denied.

WHEREFORE the reasons stated herein, Plaza Las Americas, Inc. respectfully requests that this Court deny Debtors' objection to the allowance of Claim Number 12428 contained in Debtors' Tenth Omnibus Objection to Certain Duplicate Claims and grant such other and further relief to Plaza Las Americas, Inc. as this Court deems just and proper.

Dated: June 25, 2009                    Respectfully submitted,

/s/ Richard E. Lear
Richard E. Lear (VSB # 25361)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., NW
Suite 100
Washington, D.C. 20006-6801
(202) 955-3000

Attorney for Plaza Las Americas, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was mailed by U.S. first class mail, postage prepaid, this 25th day of June, 2009, to the following:

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
*Assistant United States Trustee*

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
*Counsel for the Debtors*

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
*Counsel for the Debtors*

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606
*Counsel for the Debtors*

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street
Second Floor
Richmond, VA 23219
*Counsel for the Creditors' Committee*

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor
New York, NY 10017
*Counsel for the Creditors' Committee*

and that the foregoing Response was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice.

                                                  /s/Richard E. Lear
                                                     Richard E. Lear

# 6397421_v2