Rodney F. Page (Va. Bar No. 12402)
Bryan Cave LLP
1155 F Street, NW
Washington, D.C. 20004
Telephone: (202) 508-6002
Facsimile: (202) 508-6200
Email: rpage@bryancave.com
*Counsel for Wells Fargo Bank, N.A.*
*And Bank of America, N.A.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CIRCUIT CITY STORES, INC., et al.,** | ) | **Case No. 08-35653 (KRH)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| _____ | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A., SUCCESSOR-BY-MERGER TO WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C1-CTL, AND BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF GMAC COMMERCIAL MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C2,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CIRCUIT CITY STORES, INC.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

348235.2

**Hearing Date:  July 29, 2009**
**Objection Deadline: July 11, 2009**

**NOTICE OF AND MOTION AND SUPPORTING MEMORANDUM OF WELLS FARGO BANK, N.A., SUCCESSOR-BY-MERGER TO WELLS FARGO BANK MINNESOTA, N.A., IN ITS CAPACITY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C1-CTL, AND BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF GMAC COMMERCIAL MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C2, FOR THE ENTRY OF AN ORDER DETERMINING THAT THE AUTOMATIC STAY IS INAPPLICABLE TO THE COMMENCEMENT AND PROSECUTION OF CERTAIN MORTGAGE FORECLOSURE ACTIONS OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362(d)(2)**

Wells Fargo Bank, N.A., successor-by-merger to Wells Fargo Bank Minnesota, N.A., in its capacity as Trustee for the Registered Holders of Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1998-C1-CTL, and Bank of America, National Association, successor by merger to LaSalle Bank, National Association, as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 1998-C2, have filed the attached Motion and Supporting Memorandum for the Entry of an Order Determining that the Automatic Stay is Inapplicable to the Commencement and Prosecution of Certain Mortgage Foreclosure Actions or, in the Alternative, for Relief from the Automatic Stay Pursuant to § 362(d)(2) (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then within fifteen (15) days from the date of service of this motion, you or your attorney must file a written response explaining your position with the Court at the following address:

> Clerk of Court
> U.S. Bankruptcy Court
> Eastern District of Virginia
> 701 E. Broad Street
> Richmond, VA 23219

If you mail your response to the Court for filing, you should mail it early enough that the Court will receive it on or before the expiration of the fifteen day period.

348235.2                                           2

You must also mail a copy to:

Rodney F. Page
Bryan Cave LLP
1155 F Street, N.W.
Washington, DC 20004
Telephone: (202) 508-6000
Facsimile:  (202) 508-6200

You <u>must</u> attend the hearing before the Honorable Kevin R. Huennekens, United States Bankruptcy Judge, schedule to be held on **July 29, 2009, at 9:30 a.m.** in Courtroom 5000, United States Bankruptcy Court, U.S. Courthouse, 701 E. Broad Street, Richmond, Virginia.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sough in the Motion and may enter an Order granting that relief.**

**MOTION AND SUPPORTING MEMORANDUM OF WELLS FARGO BANK, N.A., SUCCESSOR-BY-MERGER TO WELLS FARGO BANK MINNESOTA, N.A., IN ITS CAPACITY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C1-CTL, AND BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF GMAC COMMERCIAL MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1998-C2, FOR THE ENTRY OF AN ORDER DETERMINING THAT THE AUTOMATIC STAY IS INAPPLICABLE TO THE COMMENCEMENT AND PROSECUTION OF CERTAIN MORTGAGE FORECLOSURE ACTIONS OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO § 362(d)(2)**

Wells Fargo Bank, N.A., successor-by-merger to Wells Fargo Bank Minnesota, N.A., in its capacity as Trustee for the Registered Holders of Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1998-C1-CTL ("Wells Fargo"), and Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 1998-C2 ("Bank of America") (collectively, the "Trustees"), move this Court for the entry of an Order determining that the automatic stay is inapplicable to the commencement and prosecution of certain mortgage foreclosure actions or, in the alternative, granting relief from the automatic stay pursuant to § 362(d)(2) of Title 11 of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code") to name Circuit City Stores, Inc. as a defendant in (i) a mortgage foreclosure action involving property located in Wichita, Kansas and (ii) a mortgage foreclosure action involving property located in Vestal, New York that Circuit City Stores, Inc. once leased from the Trustees' mortgagors and for such other relief as more specifically described herein (the "Motion"). The Trustees state the following in support of their Motion:

## PRELIMINARY STATEMENT

The Trustees seek to commence and prosecute mortgage foreclosure actions in their capacity as mortgagees with respect to certain real property located in Wichita, Kansas and in Vestal, New York on which the Trustees each hold a mortgage of record. The mortgagors and owners of the properties at issue are <u>not</u> one of the above-referenced debtors. Rather, the mortgagors and owners of the properties once leased the mortgaged properties to debtor Circuit City Stores, Inc.  By Docket No. 81 (Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554 and Fed. R. Bankr. P. 6006 Authorizing Rejection of Unauthorized Leases of Nonresidential Real Property and Abandonment of Personal Property Effective as of the Petition Date), this Court approved Circuit City Stores, Inc.'s rejection of both these leases (the Kansas lease and the New York lease).

The Trustees are entitled to exercise their rights and remedies against the mortgagors including, without limitation, to commence and prosecute a mortgage foreclosure action in Kansas state court and in New York state court, respectively, with respect to the properties. The Kansas law governing the proposed mortgage foreclosure action requires that Wells Fargo provide statutory notice to Circuit City Stores, Inc. of the foreclosure action and name Circuit City Stores, Inc. as a defendant in the foreclosure action, so that its leasehold interest in the property is officially foreclosed for purposes of the real estate record.  Article 13 of the New York Law requires Bank of America to name and serve Circuit City Stores, Inc. as a necessary party defendant in its mortgage foreclosure action so that Circuit City's former leasehold interest is formally terminated and the extant the memorandum of its lease is extinguished of record.

The Trustees file this Motion in an abundance of caution.  As these leases have already been rejected, and the premises vacated by Circuit City Stores, Inc., the Trustees do not seek to

348235.2                                5

take any action against property of any of the Debtors' estates, and therefore believe that the automatic stay does not apply in this instance. However, to the extent this Court finds that the automatic stay applies to the proposed actions described herein, the Trustees request that the Court afford it relief from the automatic stay to proceed.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### BASES FOR RELIEF

2.      The statutory basis for the relief requested herein is § 362(d)(2) of the Bankruptcy Code.

### BACKGROUND

3.      On November 10, 2008 (the "Petition Date"), Circuit City Stores, Inc., together with certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

**The Kansas Action**

4.      Prior to the Petition Date, on March 31, 1997, CC-Investors 1997-2 (the "Kansas Borrower") executed and delivered to Wells Fargo's predecessor-in-interest that certain Mortgage, Security Agreement and Assignment of Leases and Rents (the "Kansas Mortgage") to secure the Kansas Borrower's repayment obligations under a Mortgage Note executed by the Kansas Borrower and payable to Wells Fargo's predecessor-in-interest (the "Kansas Note").

5. The Mortgage is secured by certain nonresidential real property located in Wichita, Kansas, as more particularly described in the Kansas Mortgage (the "Wichita Property").

6. The Kansas Mortgage was duly recorded with the Sedgwick County, Kansas Register of Deeds on Film 1685, Page 2307.

7. Pursuant to a Lease Agreement dated March 31, 1997 (the "Lease"), the Kansas Borrower leased the Kansas Property to Circuit City Stores, Inc. ("Tenant"). A Memorandum of Lease (the "Memorandum of Wichita Lease") was recorded on Film 1685, Page 2294, in the Sedgwick County, Kansas Register of Deeds.

8. The Kansas Borrower then executed and delivered to Wells Fargo's predecessor-in-interest an Assignment of Lease and Rents dated March 31, 1997 (the "Kansas Assignment of Leases") to further secure the Kansas Borrower's repayment obligations under the Kansas Note. The Kansas Assignment of Leases was recorded with the Sedgwick County, Kansas Register of Deeds on Film 1685, Page 2360.

9. On or about March 31, 1997, Wells Fargo's predecessor-in-interest assigned the Kansas Mortgage to its affiliate, as evidenced by an Assignment recorded on Film 1685, Page 2376 in the Sedgwick County, Kansas Register of Deeds.

10. The Kansas Note, the Kansas Mortgage, the Kansas Assignment of Leases, and all other documents and instruments securing or evidencing the Kansas loan to the Kansas Borrower are collectively referred to as the "Kansas Loan Documents."

11. Through a series of transactions and assignments, Wells Fargo is the current holder of the Kansas Loan Documents, including all of the mortgagee's interests in the Wichita Lease.

**The New York Action**

12. Prior to the Petition Date, on November 27, 1996, WEC 96D Vestal Investment Trust (the "New York Borrower") executed and delivered to Bank of America's predecessor-in-interest that certain Mortgage, Security Agreement and Fixture Financing Statement (the "New York Mortgage") to secure the New York Borrower's repayment obligations under a Promissory Note executed by the New York Borrower and payable to Bank of America's predecessor-in-interest (the "New York Note").

13. The New York Mortgage is secured by certain nonresidential real property located in Vestal, New York, as more particularly described in the New York Mortgage.

14. The New York Mortgage was duly recorded in the Broome County, New York Clerk's Office on December 18, 1996 at Liber 2433, page 1.

15. Pursuant to a Lease dated November 27, 1996, the New York Borrower leased the Vestal Property to Tenant. A Memorandum of Lease (the "Memorandum of Vestal Lease") was recorded on December 18, 1996 in Liber 1874, page 909 in the Broome County, New York Clerk's Office.

16. The New York Borrower also executed and delivered to Bank of America's predecessor-in-interest an Assignment of Leases and Rents dated November 27, 1996 (the "New York Assignment of Leases") to further secure the New York Borrower's repayment obligations under the New York Note. The New York Assignment of Leases was recorded in the Broome County, New York Clerk's Office on December 18, 1996 at Liber 1874, page 887.

17. Tenant and Bank of America's predecessor-in-interest executed and delivered to Bank of America's predecessor-in-interest a Subordination, Non Disturbance and Attornment Agreement which was recorded in the Broome County, New York Clerk's Office on December 18, 1996 in Liber 1874, page 897.

18. On or about November 1, 1998 Bank of America's predecessor-in-interest assigned the New York Mortgage to LaSalle National Association, as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 1998-C2 which Assignment was recorded on May 6, 1999 in the Office of the Clerk of Broome County in Liber 2555, page 152.

19. On or about April 22, 1999, LaSalle National Association merged with and into LaSalle National Bank.  On or about October 17, 2008, LaSalle National Bank Association merged into and under the charter and title of Bank of America, National Association.  Bank of America is now the holder of the New York Note, the New York Mortgage, the New York Assignment of Leases, and the other New York Loan Documents.

**Debtor Has Rejected the Leases**

20. As of the date of this Motion, Tenant has rejected the Leases [Docket No. 81].

21. The Trustees are presently entitled to exercise all of its rights and remedies against the Kansas Borrower and the New York Borrower under their respective Loan Documents and the applicable law including, without limitation, to commence and complete a judicial mortgage foreclosure proceeding with respect to the mortgages on the properties (the "Foreclosure Actions").  *See* K.S.A. 60-1007 and 60-1009.

22. The laws of the State of Kansas require that Wells Fargo provide Tenant with statutory notice of the Foreclosure because the Memorandum of Wichita Lease appears on the

real estate record against the Wichita Property. Kansas law also requires that Tenant be named as a defendant in the Foreclosure Action such that the Foreclosure Action will, for purposes of the real estate record, officially foreclose the leasehold interest that Tenant had prior to the rejection of the Lease. [Docket No. 81].

23. The laws of the State of New York require Bank of America to include Tenant as a necessary defendant in its Foreclosure Action because the Memorandum of New York Lease and other documents remain of record against the Vestal Property.

**RELIEF REQUESTED**

24. The Trustees submit that in light of Debtors' rejection of the Leases, the automatic stay of § 362(a) of the Bankruptcy Code does not operate to prevent the Trustees from notifying Tenant of the commencement of the Foreclosure Actions and naming Tenant as a defendant in those actions. Accordingly, the Trustees seek the entry of an Order declaring the automatic stay inapplicable to the commencement and completion of any Foreclosure Remedies (as defined below).

25. However, in the alternative, and only to the extent that the Court finds the automatic stay <u>does</u> prevent the Trustees from notifying Tenant of the Foreclosure Actions and naming Tenant as a defendant in the Foreclosure Actions, the Trustees request the entry of an Order (i) granting relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code to permit the Trustees (a) notify Tenant of the Foreclosure Actions; (b) name Tenant as a defendant in the Foreclosure Actions solely to obtain a formal foreclosure and termination of record of the leasehold interest that Tenant has rejected with this Court's approval; (c) notify Tenant of any postponement or adjournment of the Foreclosure Action, if Tenant is entitled to such notice under applicable law; (d) respond to and defend itself to the extent Tenant or any

other party challenges the Foreclosure Action; and (e) take any other action required under the Loan Documents or applicable law to effectuate foreclosure on the Kansas Mortgage or the New York City Mortgage or which is otherwise reasonably related to any of the foregoing (collectively, the "Foreclosure Remedies"); (ii) directing counsel for Tenant in the above captioned bankruptcy proceeding to accept service of the statutory notice as well as any petition, summons, or other pleading or notice required in connection with any of the Foreclosure Remedies; and (iii) granting such other and further relief as this Court deems just and proper.

## ARGUMENT

### A. The Automatic Stay Is Inapplicable To The Commencement And Prosecution Of Any Foreclosure Action

26. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of any act to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

27. Because Tenant has rejected the Leases covering the subject properties, its leasehold is not property of the estate and the Trustees do not need relief from the automatic stay to commence and prosecute the Foreclosure Actions or to otherwise exercise the Foreclosure Remedies. *See In re Juneau's Builders Ctr., Inc.*, 57 B.R. 254 (Bankr. M.D. La. 1986) (finding that secured creditor's action in foreclosure against mortgage on property leased by debtor but owned by nondebtors was not an action against the debtor or any property of the debtor's estate and thus did not result in violation of automatic stay).

28. Notifying Tenant of the Foreclosure does not constitute "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Rather, the Trustees seek to notify Tenant of the Foreclosure Actions because notice is required by applicable law as a result of the Lease

appearing of record against the Wichita Property through the Memorandum of Kansas Lease. Similarly, Tenant must be named as a defendant because the Memorandum of New York Lease appears of record against the New York Property.

29. Given its rejection of the Leases [Docket 81], Tenant has no cognizable property interest that would be implicated or affected by the Foreclosure Action or any of the other Foreclosure Remedies.

30. Accordingly, the Trustees request the entry of an Order determining that the automatic stay is inapplicable to the commencement and prosecution of any Foreclosure and the exercise of any of the other Foreclosure Remedies.

**B.  To The Extent The Automatic Stay Applies, the Trustees Should Be Granted Relief Pursuant To 11 U.S.C. § 362(D)(2) Because Tenant Has Rejected the Leases, Does Not Have Any Equity Interest In The Properties, And The Properties Are Not Necessary For An Effective Reorganization**

31. Section 362(d)(2) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(2).

32. The automatic stay, if and to the extent applicable, should be terminated pursuant to § 362(d)(2) of the Bankruptcy Code because Tenant is liquidating and has rejected the Leases [Docket 81].

33. Courts have interpreted § 362(d)(2) to mean that a debtor must make "not merely a showing that, if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375, 376 (1988) (citations omitted and emphasis in original).

34. The Debtors' bankruptcy cases are proceeding to liquidation. The Properties cannot be necessary to an effective reorganization because Tenant has rejected the Lease and Tenant is not reorganizing. *See In re Moore*, 5 B.R. 449 (Bankr. D. Md. 1980) ("Since the debtors are in liquidation, the question of whether the property is necessary for their reorganization is inapplicable.").

## NOTICE

35. Notice of this Motion will be given to (i) the Debtors; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division; and (iv) counsel to the Official Committee of Unsecured Creditors. The Trustees submit that no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

36. The Trustees respectfully request that the Court treat the Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities, as described in Rule 9013-1(G) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia.

## NO PRIOR REQUEST

37. No previous motion for the relief sought herein has been made to the Court or any other court.

WHEREFORE, the Trustees respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A** determining that the automatic stay is inapplicable to any notification to Tenant of the commencement and completion of any Foreclosure Actions or the exercise of any Foreclosure Remedies or, in the alternative, and only to the extent that the Court finds the automatic stay does prevent the Trustees from notifying the Tenant of the commencement and completion of any Foreclosure Actions, the Trustees respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit B** (i) granting relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code to permit the Trustees to (a) notify Tenant of the Foreclosure; (b) name Tenant as a defendant in the Foreclosure solely to obtain a formal foreclosure of the leasehold interest that Tenant has rejected with this Court's approval; (c) notify Tenant of any postponement or adjournment of the Foreclosure to the extent required by applicable law; (d) respond to and defend itself to the extent Tenant or any other party challenges the Foreclosure Actions; and (e) take any other action required under the Loan Documents or applicable law to effectuate foreclosure on the mortgages or which is otherwise reasonably related to any of the foregoing; (ii) directing counsel for Tenant in the above captioned bankruptcy proceeding to accept service of the statutory notice as well as any petition, summons, complaint, notice of sale or other pleading or notice required in

connection with any of the Foreclosure Remedies; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  June 26, 2009                    Respectfully submitted,

                **BRYAN CAVE LLP**

                By: /s/ Rodney F. Page
                Rodney F. Page (Va. Bar No. 12402)
                Bryan Cave LLP
                1155 F Street, NW
                Washington, D.C. 20004
                Telephone: (202) 508-6002
                Facsimile: (202) 508-6200
                Email: rpage@bryancave.com

*Counsel for Wells Fargo Bank, N.A. and Bank of America, N.A.*

## CERTIFICATE OF SERVICE

     I, Rodney F. Page, certify that I am not less than 18 years of age, and that on the date set forth below, a true and accurate copy of the foregoing Notice of and Motion and Supporting Memorandum of Wells Fargo Bank, N.A., successor-by-merger to Wells Fargo Bank Minnesota, N.A., in its capacity as Trustee for the Registered Holders of Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1998-C1-CTL, and Bank of America, N.A., successor by merger to LaSalle Bank, N.A., as Trustee for the Registered Holders of GMAC Commercial Mortgage Securities, Inc. Mortgage Pass-Through Certificates, Series 1998-C2, for the Entry of an Order Determining that the Automatic Stay is Inapplicable to the Commencement and Prosecution of a Certain Mortgage Foreclosure Action or, in the Alternative, Granting Relief from the Automatic Stay Pursuant to § 362(D)(2) was personally filed with the Clerk of the Bankruptcy Court for the Easter District of Virginia, Richmond Division, and was mailed, by U.S. mail, first class, postage prepaid, to all persons on the attached Service List.

Dated: June 26, 2009

/s/ Rodney F. Page
Rodney F. Page (Va. Bar No. 12402)
Bryan Cave LLP
1155 F Street, NW
Washington, D.C. 20004
Telephone: (202) 508-6002
Facsimile: (202) 508-6200
Email: rpage@bryancave.com

*Counsel for Wells Fargo Bank, N.A. and Bank of America, N.A.*

# SERVICE LIST

| | |
|---|---|
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, Virginia 23233<br>Attn: Reginald D. Hedgebeth<br>*Debtor* | Chris L. Dickerson, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>33 West Wacker Drive<br>Chicago, IL 60606<br>*Counsel for Debtor* |
| Circuit City Stores, Inc.<br>9950 Mayland Dr.<br>Richmond, Virginia 23233<br>Attn: Daniel W. Ramsey<br>*Debtor* | Linda K. Myers, Esq.<br>Kirkland & Ellis LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601<br>*Special Counsel for Debtor* |
| Daniel F. Blanks, Esq.<br>Douglas M. Foley, Esq.<br>McGuire Woods LLP<br>9000 World Trade Center<br>101 W. Main Street<br>Norfolk, VA 23510<br>*Counsel for Debtor* | Robert Van Arsdale, Esq.<br>Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>701 E. Broad Street, Suite 4303<br>Richmond, VA 23219 |
| Dion W. Hayes, Esq.<br>James S. Sheerin, Esq.<br>Sarah Beckett Boehm, Esq.<br>McGuire Woods LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, VA 23219<br>*Counsel for Debtor* | Linda V. Tavenner, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street<br>Second Floor<br>Richmond, VA 23219<br>*Counsel for the Official Committee of Unsecured Creditors* |
| Gregg M. Galardi, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O.Box 636<br>Wilmington, DE 19899-0636<br>*Counsel for Debtor* | Robert J. Feinsten, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue, 26th Floor<br>New York, NY 10017<br>*Counsel for the Official Committee of Unsecured Creditors* |