John G. McJunkin, Esquire
J. David Folds, Esquire
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7312
Facsimile: (202) 496-7094

Attorneys for SimpleTech by Hitachi Global Storage
Technologies, f/k/a "SimpleTech, a Fabrik Company"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| | * | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | Case No. 08-35653 (KRH) |
| | * | |
| Debtors. | * | (Jointly Administered) |

\* \* \* \* \* \* \* \* \* \* \* \*

**SIMPLETECH BY HITACHI GLOBAL STORAGE TECHNOLOGIES'
RESPONSE TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN
(I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS (D.I. 3509)**

SimpleTech by Hitachi Global Storage Technologies, formerly known as "SimpleTech, a Fabrik Company" ("SimpleTech"), respectfully submits the following response to the Debtors' Ninth Omnibus Objection to (I) Late Claims and (II) Late 503(b)(9) Claims ("the Objection"), and in further support, states as follows:

**I.    FACTS**

1.    On or about November 26, 2008, SimpleTech submitted a claim to the Debtors, the Debtors' attorneys, and Kurtzman Carson Consultants ("the Claims Agent"). The claim is in the form of a letter and asserts a section 503(b)(9) claim estimated to be in the amount of $224,330.32. Specifically, the claim provides:

1

> Without a waiver of any and all rights, claims, or demands that SimpleTech may have, SimpleTech does intend to assert an administrative claim pursuant to 11 U.S.C. § 503(b)(9). The amount of SimpleTech's section 503(b)(9) administrative claim is presently estimated to be $224,330.32. SimpleTech reserves all rights to amend such claim amount.

Several invoices are attached to the letter to document the basis of the claim. A copy of the claim, which is hereinafter referred to as "the Original Claim," is attached hereto as Exhibit "1."

2. On or about March 3, 2009, SimpleTech submitted an amended claim to the Claims Agent ("the Amended Claim"). The Amended Claim clearly states that it supplements the Original Claim. The claim is in the amount of $224,330.32, the same amount asserted in the Original Claim. A copy of the Amended Claim is attached hereto as Exhibit "2." The Amended Claim is identified on the Claims Agent's docket as Claim No. 11495.

3. In the Objection, the Debtors objects to Claim No. 11495 as being late-filed.

4. SimpleTech contends that the claim which is the subject of the Debtors' objection (the Amended Claim) is not late filed but, rather, an amendment to the timely-submitted Original Claim.

## II.  MEMORANDUM AND POINTS OF AUTHORITY

### A.  A Claim Need Not Be Presented on a Formal Proof of Claim Form.

The Original Claim identifies the amount and basis of SimpleTech's § 503(b)(9) claim, specifies SimpleTech's intention to assert a § 503(b)(9) claim, and contains sufficient information to convey SimpleTech's claim. The Original Claim was not presented on a formal proof of claim form. Courts, however, have generally accepted claims that are not presented on the standard form, and allowed claimants to amend claims not presented on the standard form, as long as the claims sufficiently inform the relevant parties that a claim is being asserted against the estate. *See Fyne v. Atlas Supply Co.,* 245 F.2d 107, 108 (4th Cir. 1957), *Dabney v. Addison*,

2

65 B.R. 348, 352 (E.D.Va. 1985)., *In re Arnold Stern*, 70 B.R. 472, 476 (Bankr. E.D. Penn. 1987); *In re Lawrence J. Butterworth*, 50 B.R. 320, 323 (W.D. Mich. 1984). The Original Claim does that. The Original Claim clearly advises the Debtors that SimpleTech will assert a claim pursuant to § 503(b)(9).

### B. The Original Claim is an Informal Claim and the Amended Claim Relates Back to the Date of the Original Claim Was Filed.

The informal proof of claim doctrine is intended to resolve any problems with form over substance. The Fourth Circuit recognizes the principle of informal proofs of claim:

> In the Fourth Circuit, the guiding principle for determining whether a claim qualifies as an informal proof of claim is that there must be sufficient notice of the claim given during the course of the bankruptcy proceeding. See *Davis v. Columbia Constr. Co., Inc. (In re Davis)*, 936 F.2d 771, 775 (4th Cir. 1991) (citing *Fyne v. Atlas Supply Co.,* 245 F.2d 107 (4th Cir.1957)). Stated differently, the creditor must affirmatively act to alert other parties to the presence of its claim. See *Davis*, 936 F.2d at 776. An informal proof of claim may exist where there is no prior written filing with the court, and whether a document or an action will be treated as an informal proof of claim depends upon the substance of the document or action and the particular circumstances of the case. See *Davis*, 936 F.2d at 775; *In re Graves*, 2001 WL 1699649, at *3 (Bankr.M.D.N.C.).

*In re Elleco, Inc.*, 295 B.R. 797, 800 (Bankr. D.S.C. 2002).

Here, the Original Claim was submitted prior to the bar date established for § 503(b)(9) claims and the basis and amount of the claim were clearly identified. The amount and basis of the Amended Claim were identical to those asserted in the Original Claim. There can be no dispute that the Debtors were on notice of SimpleTech's claim.

> The Fourth Circuit has adopted a liberal view toward finding an informal proof of claim where, if there is anything in the bankruptcy case's record that *establishes a claim*, the informal proof of claim may be amended when substantial justice will be done by allowing the amendment.

3

*In re Elleco, Inc.*, 295 B.R. 797, 800 (Bankr. D.S.C. 2002) (citing *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir. 1957)) (emphasis in original).

An informal proof of claim exists when the document relied upon by the creditor states a demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable. *See In re Charter Co.*, 876 F.2d 861, 864 (5th Cir. 1989); *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1381 (9th Cir. 1989); *In re Hall*, 218 B.R. 275, 277 (Bankr. D.R.I. 1998); *In re Anchor Resources Corp.*, 139 B.R. 954, 957 (D. Colo.1992). The most stringent test set by some courts requires that an informal proof of claim (1) be in writing; (2) contain a demand by the creditor on the estate; (3) express an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court; and (5) and that the facts of the case make allowance of the claim equitable. *See, e.g., In re Nikoloutsos*, 199 F.3d 233, 236 (5th Cir. 2000). In this case, SimpleTech's Original Claim meets the requirements of this most stringent test. The claim was in writing and was delivered to the Debtors, the Debtors' counsel, **and** the Claims Agent prior to the bar date. The Original Claim made a demand on the estate and expressed an intent to hold the Debtors liable for the debt. The Original Claim was delivered to the Claims Agent,[1] consistent with the procedures established by the Court, and no inequities will result to the estate as a result of the Original Claim. The Court has discretion to consider equitable factors such as any potential adverse impact on the debtor, the trustee, other creditors, or the public. There will be no prejudice to the Debtors in this case. The Debtors received notice of this claim before the claims bar date, and the Debtors are still in the claims objection process. No plan has been proposed by the Debtors and it will suffer no prejudice if the claim is allowed.

---

[1] The Original Claim was also delivered to the Debtors and the Debtors' attorneys.

4

In sum, the essence of an informal claim is that the debtor-in-possession has notice of the claim or reasonably should know of its existence.  The Original Claim contained explicit language evidencing a claim against the Debtors and was followed by the Amended Claim.  The amount of SimpleTech's claim did not vary from the Original Claim nor did the basis for the claim.  Accordingly, the Original Claim should be treated as an informal claim with the Amended Claim serving to further formalize the claim.

### III.  CONCLUSION

In accordance with the foregoing, SimpleTech requests that the Debtors' objection to SimpleTech's Claim No. 11495 be overruled and that the Court allow Claim No. 11495 as filed.

Dated:  June 26, 2009

/s/ John G. McJunkin
John G. McJunkin  (VSB No. 31011)
J. David Folds (VSB No. 44068)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC 20006-1108
Telephone:  (202) 496-7312
Facsimile:  (202) 496-7094

AND

Lei Lei Wang Ekvall (Pro hac admission pending)
Weiland, Golden, Smiley, Wang Ekvall
 & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA  92626
Telephone:  (714) 966-1000
Facsimile:  (714) 966-1002

Attorneys for SimpleTech by Hitachi Global Storage Technologies, f/k/a "SimpleTech, a Fabrik Company"

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2009, a true and correct copy of the foregoing Response to Debtors' Ninth Omnibus Objection to Certain (I) Late Claims and (II) Late 503(b)(9) Claims was served on the following and all persons receiving electronic notice in these cases, including the following:

Robert B. Van Arsdale
Office of the United States Trustee
701 East Broad St., Suite 4304
Richmond, Virginia 23219
*Assistant United States Trustee*

David S. Berman
Riemer & Braunstein LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
*Counsel for Bank of America, N.A., as Agent*

Dion W. Hayes
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
*Counsel for the Debtors*

Greg M. Galardi
Ian S. Fredericks
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
*Counsel for the Debtors*

/s/ John G. McJunkin

1

DC:50630486.2

John G. McJunkin, Esquire (Va. Bar No. 31011)
J. David Folds, Esquire
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7312
Facsimile: (202) 496-7094

Attorneys for SimpleTech by Hitachi Global Storage
Technologies, f/k/a SimpleTech, a Fabrik Company

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| In re: | * | **Chapter 11** |
| | * | |
| **CIRCUIT CITY STORES, INC.,** *et al.*, | * | **Case No. 08-35653 (KRH)** |
| | * | |
| Debtors. | * | **(Joint Administration Pending)** |
| * * * * * * * | * * * * * | |

**ORDER**

UPON CONSIDERATION of SimpleTech by Hitachi Global Storage Technologies' Response to Debtors' Ninth Omnibus Objection to Certain (I) Late Claims and (II) Late 503(b)(9) Claims (the "Objection"), it is hereby ORDERED as follows:

1. The Objection to Claim No. 11495 is overruled; and

2. Claim No. 11495 is allowed as filed.

ENTERED: _____

_____
UNITED STATES BANKRUPTCY JUDGE

1

DC:50630486.2