Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   1Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363, 365 AND 503
AND BANKRUPTCY RULES 2002, 6004 AND 6006 AUTHORIZING AND
APPROVING THE SALE BY SELLER OF CERTAIN REAL PROPERTY
LOCATED IN BALTIMORE, MARYLAND AND THE ASSUMPTION,
ASSIGNMENT AND SALE BY SELLER OF CERTAIN UNEXPIRED LEASES
OF NON-RESIDENTIAL REAL PROPERTY FREE AND CLEAR OF LIENS
AND INTERESTS**

        Upon the motion (the "Motion")[1] of Circuit City

Stores, Inc. (the "Seller," and collectively with the

_____

[1]     Capitalized terms not otherwise defined herein shall have the
        meanings ascribed to such terms in the Motion.

CENTRAL\31239502.2

debtors and debtors in possession in the above-captioned
jointly administered cases, the "Debtors") for orders
pursuant to Bankruptcy Code sections 105, 363, 365 and
503 and Bankruptcy Rules 2002, 6004 and 6006
(A) authorizing the Seller to enter into an agreement
with the Purchaser for Sale of the Property, subject to
higher or otherwise better proposals, (B) approving the
Termination Fee in connection therewith, (C) approving
the Sale and of the Property free and clear of all
interests; (D) approving Assignment of the Leases
associated with the Property free and clear of all Liens
and (E) granting related relief; and upon the record of
the hearing held on June 23, 2009 (the "Sale Hearing");
and after due deliberation thereon, and sufficient cause
appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.    The Court has jurisdiction to hear and
determine the Motion and to grant the relief requested
in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and
1334(b).

_____
[2]    Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

CENTRAL\31239502.2

B.     Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and
1409.  This is a core proceeding within the meaning of
28 U.S.C. § 157(b)(2).

C.     The statutory predicates for the relief
requested in the Motion are Bankruptcy Code sections
105, 363, 365 and 503 and Bankruptcy Rules 2002, 6004,
6006 and 9014.

D.     The notice of the Motion and the Sale
Hearing given by the Seller constitutes due and
sufficient notice thereof.

E.     The Bidding Procedures are reasonable
and appropriate and represent the best method for
maximizing the realizable value of the Property and the
Leases.

F.     A reasonable opportunity to object or
be heard regarding the relief in this Order has been
afforded to all interested persons and entities,
including NTW Incorporated and West Marine Products,
Inc. ("West Marine") as Tenants.

G.     The Seller and its professionals
marketed the Property and the Leases and conducted a

sale process as set forth in and in accordance with the Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Property and the Leases.

H.     The Seller has demonstrated good, sufficient, and sound business purpose and justification for the Sale and Assignment because, among other things, the Seller and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Property and Leases and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to the Purchaser of the Property and Leases pursuant thereto and (c) the purchase price agreed to by the Purchaser, $4.65 million is fair and reasonable and constitutes the highest or otherwise best value obtainable for the Property and the Leases.

I.     The Seller has full power and authority to execute the agreement submitted by the Purchaser, a copy of which is annexed hereto as <u>Exhibit A</u> (the

"Agreement") and all other applicable documents contemplated thereby. The transfer and conveyance of the Property by the Seller have been duly and validly authorized by all necessary action of the Seller. The Seller has all of the power and authority necessary to consummate the transactions contemplated by the Agreement and has taken all action necessary to authorize and approve the Agreement and to consummate the transactions contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Seller to consummate such transactions.

J.     The Agreement and the sale of the Property and assignment of the Leases was negotiated and has been and is undertaken by the Seller and the Purchaser at arms' length without collusion or fraud, and in good faith within the meaning of Sections 363(m) of the Bankruptcy Code. As a result of the foregoing, the Seller and the Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code.

K.     Neither the Seller nor the Purchaser engaged in any conduct that would cause or permit the

CENTRAL\31239502.2

Agreement or the consummation of the Sale or Assignment to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

L.     The consideration provided by the Purchaser for the Property and the Leases is the highest and best offer received by the Seller, and the consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Property and the Leases.

M.     The Sale and Assignment must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.     The transfer of the Property and the Leases to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property and the Leases free and clear of any lien

CENTRAL\31239502.2

(including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) and any monetary amounts which are secured by any lien (collectively, the "Liens"), except for those items defined in the Agreement(and which are referred to hereinafter) as the "Permitted Encumbrances".

O.     If the Sale of the Property and Assignment of the Leases by the Seller were not free and clear of any Liens, except for the Permitted Encumbrances, as set forth in the Agreement and this Sale Order, or if the Purchaser would, or in the future could, be liable for any of the Liens, the Purchaser would not have entered into the Agreement and would not consummate the Sale and Assignment contemplated by the Agreement, thus adversely affecting the Seller, its estate, and its stakeholders.

P.    The Seller may sell its interest in the Property and the Leases free and clear of all Liens (except the Permitted Encumbrances) because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied.  All holders of Liens who did not object or withdrew their objections to the Sale and Assignment are deemed to have consented to the Sale and Assignment pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are adequately protected by having their Liens, if any, attach to the cash proceeds of the Sale and Assignment ultimately attributable to the property against or in which they claim an interest with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale and Assignment.

Q.    Pursuant to sections 365(b)(1)(C), 365(f)(2)(B) and, if applicable, 365(b)(3), the Seller and the Purchaser have demonstrated adequate assurance of future performance by the Purchaser under the Leases.

R.     There is no cure obligation due and owing on the Leases under section 365 of the Bankruptcy Code.

S.     There are no outstanding defaults of the Debtors and their estates under the Leases.

T.     Upon the assignment to the Purchaser, the Leases shall be deemed valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Leases.

U.     Based on the foregoing findings of fact and conclusions of law,[3]

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled on the merits and denied with prejudice.

---

[3]     Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

CENTRAL\31239502.2

**A.    Approval Of The Agreement.**

       3.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

       4.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized and directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale and Assignment in accordance with and subject to the terms and conditions of the Agreement.

       5.    The Seller is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property and the Leases as contemplated by the Agreement.

       6.    This Sale Order and the Agreement shall be binding in all respects upon the Seller, all

stakeholders (whether known or unknown) of the Seller,

all affiliates and subsidiaries of the Seller, and any

subsequent trustees appointed in the Seller's chapter 11

case or upon a conversion to chapter 7 under the

Bankruptcy Code.   To the extent that any provision of

this Sale Order is inconsistent with the terms of the

Agreement, this Sale Order shall govern.

7.   The Agreement and any related agreements,

documents, or other instruments may be modified,

amended, or supplemented by the parties thereto, in a

writing signed by such parties, and in accordance with

the terms thereof, without further order of the Court;

provided that any such modification, amendment, or

supplement is disclosed to the Creditors' Committee and

does not have a material adverse effect on the Seller's

estate, in the good faith business judgment of the

Seller.

**B.    Sale And Transfer Of The Property.**

8.   Pursuant to Bankruptcy Code sections

363(b) and 363(f), upon the consummation of the

Agreement, the Seller's right, title, and interest in

the Property shall be transferred to the Successful

Bidder free and clear of all Liens except the Permitted
Encumbrances, with all such Liens to attach to the cash
proceeds of the Sale in the order of their priority,
with the same validity, force, and effect which they had
as against the Property immediately before such
transfer, subject to any claims and defenses the Seller
may possess with respect thereto.

9.    If any person or entity which has filed
financing statements, mortgages, mechanic's liens, <u>lis
pendens</u>, or other documents or agreements evidencing
Liens on or against the Property shall not have
delivered to the Seller prior to the Closing of the
Sale, in proper form for filing and executed by the
appropriate parties, termination statements, instruments
of satisfaction, releases of all Liens that the person
or entity has with respect to the Property, or
otherwise, then (a) the Seller is hereby authorized to
execute and file such statements, instruments, releases,
and other documents on behalf of the person or entity
with respect to the Property and (b) the Purchaser is
hereby authorized to file, register, or otherwise record
a certified copy of this Sale Order, which, once filed,

registered, or otherwise recorded, shall constitute
conclusive evidence of the release of all Liens on or
against the Property of any kind or nature whatsoever
except for the Permitted Encumbrances.

10.   This Sale Order (a) shall be effective as
a determination that, upon the Closing of the Sale, all
Liens of any kind or nature whatsoever existing as to
the Seller or the Property prior to the Closing of the
Sale, except for the Permitted Encumbrances, have been
unconditionally released, discharged, and terminated
(other than any surviving obligations), and that the
conveyances described herein have been effected and (b)
shall be binding upon and shall govern the acts of all
entities including, without limitation, all filing
agents, filing officers, title agents, title companies,
recorders of mortgages, recorders of deeds, registrars
of deeds, administrative agencies, governmental
departments, secretaries of state, federal, state, and
local officials, and all other persons and entities who
may be required by operation of law, the duties of their
office, or contract, to accept, file, register, or
otherwise record or release any documents or

instruments, or who may be required to report or insure
any title or state of title in or to any of the Property.

11.  All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,
hereby are forever barred, estopped, and permanently
enjoined from asserting against the Purchaser, its
successors or assigns, its property, or the Property,
such persons' or entities' Liens.  Nothing in this Sale
Order or the Agreement releases or nullifies any
liability to a governmental agency under any
environmental laws and regulations that any entity would
be subject to as owner or operator of any Property after

the date of entry of this Sale Order.  Nothing in this
Sale Order or the Agreement bars, estops, or enjoins any
governmental agency from asserting or enforcing, outside
the Court, any liability described in the preceding
sentence.  Notwithstanding the above, nothing herein
shall be construed to permit a governmental agency to
obtain penalties from the Purchaser for days of
violation of environmental laws and regulations prior to
Closing.

**C.    Assumption, Assignment and Sale of the Leases.**

12.  Under section 365 of the Bankruptcy Code,
the Seller is authorized to assume the Leases and to
assign the Leases to the Purchaser, which assignment
shall take place on Closing.

13.  Under Bankruptcy Code section 363, the
Seller is authorized to sell the Leases to the
Purchasers.

14.  The Debtors are authorized to execute the
assignment agreements, in substantially the form
attached as <u>Exhibit B</u> to the Agreement (the "Assignment
Agreements").

15.   Notwithstanding any term or provision of
this Order to the contrary: (a) the Seller shall fulfill
its obligations under the Lease with respect to
calculating the amount of the Refund (as that term is
defined in West Marine's limited objection to the Motion
(Docket No. 3648)) or the amount West Marine owes to
Seller, as the case may be, for the 2008 period, and
the indebted party shall pay to the other party
the amount determined to be owed, in each case within
thirty (30) days of the date of entry of this Order and
in accordance with the terms of the Lease; and (b) the
Purchaser shall similarly fulfill its obligations under
the Lease with respect to calculating the amounts due by
and between the parties for the 2009 period (and
subsequent periods, if applicable) and West Marine shall
pay Purchaser or Purchaser shall credit West Marine's
account, as the case may be, in accordance with the
terms of the Lease.

16.   Upon Closing, subject to the provisions
of this Order, the Purchaser shall succeed to the
entirety of Sellers' rights and obligations in the
Leases due, accruing, arising or attributable to the

time period occurring on or after Closing and shall have
the rights of the landlord thereunder.

17.  Upon Closing, neither the Purchaser, the
Debtors, nor the Debtors' estates shall have liability
for cure claims of, from, or related to the Leases for
any defaults or monetary obligations thereunder.

18.  Upon the entry of this Sale Order,
(i) all defaults under the Leases through Closing shall
be deemed cured, (ii) no other amounts will be owed by
Debtors or their estates with respect to the Leases,
(iii) no amounts will be owed by the Purchaser with
respect to the Leases for obligations relating or
attributable to the period prior to Closing, (iv) any
and all persons or entities shall be forever barred and
estopped from asserting a claim against the Debtors or
their estates that any additional amounts are due or
defaults exist under the Leases, and (v) any and all
persons or entities shall be forever barred and estopped
from asserting a claim against the Debtors, their
estates, and the Purchaser that any additional amounts
are due or defaults exist under the Leases that arose or

accrued, relate to or are attributable to the period prior to Closing.

19.    The Purchaser takes the Leases "as is."

20.    Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Leases, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Leases, the Seller may assign the Leases to the Purchaser.

21.    Upon Closing, subject to the provisions of this Sale Order, the Purchaser shall assume all obligations under the Leases attributable to, or arising or accruing during, the time period occurring on or after Closing or related to the period subsequent to Closing.

22.    Upon the Assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Leases.

23.    Upon the Assignment to the Purchaser, the Leases shall be deemed valid and binding, in full force

and effect in accordance with their terms, subject to
the provisions of this Sale Order.

24.  To the extent that any of the Debtors
acts as a guarantor of the Leases (a "Debtor-
Guarantor"), the Debtor-Guarantor(s) shall have no
obligations with respect to the Leases after the Closing.

25.  Pursuant to Bankruptcy Code section
363(f), the sale and corresponding assumption and
assignment of the Leases authorized hereunder shall be
free and clear of all Interests, with all such Interests
attaching only to the amount paid under the Agreement
for the Leases and the related premises on which such
Interests had been attached previously, in the same
order and priority, and with the same validity and
enforceability, as same may have had prior to the sale,
assumption and assignment of the Leases, subject to any
and all available defenses.

26.  Any mechanic's lien filed against the
Seller with respect to the premises associated with the
Leases is hereby released, discharged, and terminated,
and the Purchaser is hereby authorized to file,
register, or otherwise record a certified copy of this

Sale Order and each and every federal, state, and local
governmental agency or department is hereby directed to
accept a certified copy of this Sale Order as conclusive
evidence of the release, discharge, and termination of
any mechanic's lien filed against the Seller with
respect to the premises associated with the Leases and
shall remove such mechanic's lien from record.  Any
interest released, discharged and/or terminated under
this paragraph shall attach solely to the amount paid
under the Agreement for the Leases and the related
premises on which such interest had previously attached,
subject to any and all available defenses.

27.  Except for the Seller with respect to
their rights under the Agreement and this Sale Order,
all parties to the Leases, and to any other agreements
relating to the Leases, other than the Agreement, are
forever barred from raising or asserting against the
Purchaser any default or breach under, or any claim or
pecuniary loss arising under or related to the Leases or
such other agreements, arising, accruing or incurred
prior to Closing.

28. Except for (i) the Seller with respect to its rights under the Agreement and this Order, all parties to the Leases, and to any other agreements relating to the Leases, other than the Agreement, are forever barred from raising or asserting against the Debtors or their estates any default or breach under, or any claim or pecuniary loss, arising under or related to, the Leases or such other agreements.

29. Any obligations arising under the Leases which arise, accrue, are incurred or relate to periods on or subsequent to Closing, including but not limited to any tax, utility, common area charges or insurance payments, shall be the obligation of the Purchaser, and no party (including the Purchaser) shall have a claim against the Debtors or their estates for such obligations.

30. The Tenants and any governmental agency shall accept and honor the assignment of the Leases to the Purchaser in accordance with the Agreement and this Sale Order.

31. The Tenants shall cooperate and expeditiously execute and deliver, upon the reasonable

requests of the Purchaser, and shall not charge the
Purchaser for, any instruments, applications, consents,
or other documents which may be required by any public
or quasi-public authority or other party or entity, for
the purpose of obtaining any permits, approvals or other
necessary documents required for the alteration,
installation of signage, opening and operating of the
premises associated with the Leases.

**D.    Additional Provisions**

32.   The consideration provided by the
Purchaser for the Property and the Leases under the
Agreement is hereby deemed to constitute reasonably
equivalent value and fair consideration under the
Bankruptcy Code, the Uniform Fraudulent Conveyance Act,
the Uniform Fraudulent Transfer Act, and under the laws
of the United States, and any state, territory, or
possession thereof, or the District of Columbia.

33.   The consideration provided by the
Purchaser for the Property and the Leases under the
Agreement is fair and reasonable and the Sale and
Assignment may not be avoided under section 363(n) of
the Bankruptcy Code.

CENTRAL\31239502.2

34.   Upon the Closing, this Sale Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all the Property or a bill of sale transferring good and marketable title in to the Purchaser pursuant to the terms of the Agreement.

35.   The transactions contemplated by the Agreement are undertaken by the Seller and the Purchaser at arm's-length, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Property and assignment of the Leases shall not affect the validity of the Sale and Assignment to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith, within the meaning of section 363(m) of the Bankruptcy Code, of the Property and the Leases, and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

36.    The failure specifically to include or to reference any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

37.    If the Purchaser fails to close on the purchase of the Property in accordance with the terms of the Agreement due to no fault of and Seller is not in default of its obligations under such Agreement, then Seller's counsel shall file with the Court and serve upon the Purchaser,  the Alternate Bidder and their counsel, a notice of such default, which shall include a copy of the Alternate Bidder's agreement upon which the Seller will then close, in which case (i) Seller shall be deemed authorized to close on the sale of the Property and assignment of the Leases with the Alternate Bidder on ten (10) days' advance written notice to the Alternate Bidder, and (ii) the Alternate Bidder shall be afforded all of the protections originally afforded to the Purchaser under this Sale Order and the findings herein as to adequacy and fairness of consideration paid

and good faith shall be deemed to apply to the Alternate

Bidder, its Alternate Bid, and its purchase and sale

agreement with the Seller, without the necessity of

further order of this Court.

38.  All deposits submitted to the Seller for

the Property and the Leases shall be returned to the

bidder that submitted it no later than (i) two business

days after the closing of the sale with the Purchaser

(or the Alternate Bidder, as the case may be) except in

the case of a bidder who closed on the sale of the

Property or who was required to close in accordance with

the terms of this Sale Order but failed to do so in

breach of its contractual obligations through no fault

of the Seller.

39.  The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

40.  This Court retains exclusive jurisdiction

to interpret, construe, enforce, and implement the terms

and provisions of this Sale Order, the Agreement, all

amendments thereto, any waivers and consents thereunder,

and of each of the agreements executed in connection

therewith in all respects, including, but not limited

to, retaining jurisdiction to (a) compel delivery of the

Property and the Leases to the Purchaser, (b) compel

delivery of the purchase price or performance of other

obligations owed to the Seller pursuant to the

Agreement, (c) resolve any disputes arising under or

related to the Agreement, the Alternate Bid, and any

deposit delivered to Seller by a bidder for the Property

and the Leases, (d) interpret, implement, and enforce

the provisions of this Sale Order, and (e) protect the

Purchaser against any Lien against the Seller or the

Property or the Leases of any kind or nature whatsoever,

except for Permitted Encumbrances, which Liens, valid

and timely perfected, shall attach to the proceeds of

the Sale.

Dated:  Richmond, Virginia
        June 23, 2009

Jun 24 2009                    /s/ Kevin R. Huennekens
                               _____
                               UNITED STATES BANKRUPTCY JUDGE
WE ASK FOR THIS:
                               Entered on Docket:  6/25/09
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636

CENTRAL\31239502.2

(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                /s/ Douglas M. Foley

**Exhibit A**

**(Agreement)**

28

# CERTIFICATE OF NOTICE

```
District/off: 0422-7          User: jafarbayj          Page 1 of 1          Date Rcvd: Jun 25, 2009
Case: 08-35653               Form ID: pdforder         Total Noticed: 1

The following entities were noticed by first class mail on Jun 27, 2009.
aty          +Gregg M. Galardi,    Skadden Arps Slate Meagher,    & Flom LLP, One Rodney Sq.,    PO Box 636,
              Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 27, 2009**                    **Signature:**    _Joseph Speetjens_