Darrell W. Clark, Bar No. 43943
Tracey M. Ohm, Bar No. 77150
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC  20036-3816
dclark@stinson.com
tohm@stinson.com
Tel. (202) 785-9100
Fax (202) 785-9163 (fax)
*Attorneys for Waste Management, Inc.*

### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re | Case No. 08-35653 (KRH) |
| | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | |
| Debtors. | Jointly Administered |

### WASTE MANAGEMENT, INC.'S RESPONSE TO DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN LATE CLAIMS
**(Claim Nos. 10927 and 11268)**

Creditor Waste Management, Inc. ("Waste Management") respectfully submits its Response to Debtors' Eighth Omnibus Objection to Certain Late Claims. In support of its response, Waste Management states as follows:

1. On or about June 3, 2009, Debtor Circuit City Stores, Inc., and certain of its direct and indirect subsidiaries (collectively "Debtors") filed their Eighth Omnibus Objection to the Allowance of Certain Late Claims. [Docket Entry No. 3507].

2. The claims to which the Debtors objected included two proofs of claim filed by Waste Management, Claim Nos. 10927 and 11267. As is explained below and in the declaration of Jacquolyn E. Hatfield-Mills, Senior Bankruptcy Paralegal for Waste Management, the two claims are identical. The declaration of Ms. Hatfield-Mills is attached hereto as Exhibit A.

3. Waste Management provided services to the Debtors prior to November 10, 2008. Hatfield-Mills Decl. at ¶ 3.

4. As of the bankruptcy petition date, the Debtors owed Waste Management $27,545.97 for those pre-petition services. Hatfield-Mills Decl. at ¶ 4.

5. The invoices that Waste Management sends to the Debtors for services provided include directions to send all correspondence related to bankruptcy filings to Waste Management at an address in Phoenix, AZ. Hatfield-Mills Decl. at ¶ 5.

6. The notice for the deadline to file proofs of claim against Circuit City was not sent to the bankruptcy notice address included on the invoices sent to Circuit City. Hatfield-Mills Decl. at ¶ 6. Instead the notice was sent to a payment lockbox. *Id.*

7. There was a relatively short period of time between the date of the Notice, December 12, 2008, and the deadline for filing proofs of claim, January 30, 2009.

8. When correspondence, such as bankruptcy notices, is sent to a payment lockbox, there is a delay before the Waste Management bankruptcy department receives the notice. Hatfield-Mills Decl. at ¶ 7.

9. Ms. Hatfield-Mills promptly prepared a proof of claim for Waste Management as soon as she received the proof of claim notice for the Debtors. Hatfield-Mills Decl. at ¶ 8.

10. As directed in the Notice, Ms. Hatfield-Mills mailed the proof of claim to: Circuit City Stores, Inc., et al., Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. *Id.*

11. Ms. Hatfield-Mills wanted to ensure that the proof of claim for Waste Management was received, so she requested a file-stamped copy of the proof of claim. Hatfield-Mills Decl. at ¶ 8. When she did not receive the file-stamped copy after several days, she sent another copy of the proof of claim to the same address. *Id*.

12. Claim 11267 is a duplicate of Claim 10927. *Id.* The full amount of Waste Management's claim is $27,545.97. Hatfield-Mills Decl. at ¶ 4.

13. Any late filing of the claim submitted by Waste Management was the result of excusable neglect and the claim should be deemed as timely filed. The combination of the short period of time between the notice and proof of claim deadline and the Debtors' failure to comply with the bankruptcy notice directions on the Waste Management invoices contributed to the situation and further supports allowance of Waste Management's claim. The excusable neglect standard under Fed. R. Bankr. P. 9006(b)(1) applies to late-filed proofs of claim. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'Ship, et al.,* 507 U.S. 380, 382 (1993).

14. In addition to filing this response, Waste Management is preparing to file a motion ("Motion") with the Court seeking to have the claim deemed timely filed under Fed. R. Bankr. P. 9006.

15. Waste Management respectfully requests that the Court defer consideration of the Debtors' objection until the Court has reviewed and considered the Motion.

16. Any reply to this response may be served on the undersigned. In addition, any attempts to reconcile, settle or otherwise resolve the objection to Waste Management's claim should be directed to the undersigned.

3

WHEREFORE Waste Management, Inc., respectfully requests that the Court:

a. overrule Debtors' objection to Claim No. 10927;

b. alternatively, defer consideration until the Court considers the Motion; and

c. enter such other and further relief as is deemed just, appropriate and equitable.

Dated: June 29, 2009                              Respectfully Submitted,

/s/ Darrell W. Clark
Darrell W. Clark, Bar No. 43943
Tracey M. Ohm, Bar No. 77150
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C.  20036
dclark@stinson.com
tohm@stinson.com
Tel. (202) 785-9100
Fax (202) 785-9163 (fax)
*Counsel for Waste Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2009, Waste Management, Inc.'s Response to Debtors' Eighth Omnibus Objection to Certain Late Claims was filed electronically via the Court's ECF system, thus satisfying the service requirements on the Debtors as set forth in the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections.

/s/ Darrell W. Clark
Darrell W. Clark

4