UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION OF SLAM BRANDS, INC. FOR ORDER DIRECTING
DEBTORS TO PAY ADMINISTRATIVE EXPENSES PURSUANT TO
11 U.S.C. §§ 503(b) AND 507(a) AND REQUEST FOR RELATED RELIEF**

Slam Brands, Inc. ("Slam Brands"), by its counsel, Gregory Kaplan, PLC and Graham & Dunn PC, hereby moves for the entry of an order directing Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors (collectively, the "Debtors") to pay immediately, as administrative expenses pursuant to 11 U.S.C. §§ 503(b) and 507(a), $334,417.60 due on account of post-petition goods provided by Slam Brands to (or on behalf of) Circuit City under four purchase orders (described in more detail below), issued by Circuit City to Slam Brands.

**PRELIMINARY STATEMENT**

The Debtors have failed to pay Slam Brands for goods provided to Circuit City during the post-petition period under four purchase orders issued by Circuit City. Circuit City issued these purchase orders pursuant to a Master Dealer Agreement and Product Addenda (described in more detail below). Slam Brands' right to payment under each of these agreements and purchase orders arose out of a post-petition transaction with the Debtors as Slam Brands continued to provide goods after the Petition Date (defined below) on an unsecured basis. In support of this

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, Virginia 23218-2470
Phone:    (804) 423-7921
Facsimile: (804) 230-0024

*Co-Counsel to Slam Brands, Inc.*

Mark D. Northrup (Not Admitted in Va.)
Brad A. Goergen (Not Admitted in Va.)
GRAHAM & DUNN, PC
Pier 70 ~ 2801 Alaskan Way Suite 300
Seattle, Washington 98121-1128
Telephone:  (206) 624-8300
Facsimile:  (206) 340-9599

Motion, Slam Brands submits the declaration of its Chief Financial Officer, Judy M. Sorenson, attached hereto as Exhibit A. In further support of this Motion, Slam Brands respectfully states as follows:

## BACKGROUND

### A.    The Bankruptcy Cases.

The Debtors commenced these cases on November 10, 2008 (the "Petition Date"), by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### B.    Slam Brands.

Slam Brands designs and imports audio/visual furniture. Sorenson Decl., ¶ 3. Slam Brands provides its products, along with distribution options and after-market support, to various retailers. Id. For businesses like Circuit City, Slam Brands offers products under its own brands as well as under store brands. Id. Slam Brands provided Circuit City with goods under the Circuit City brand "Verge," as well as under Slam Brands' own brand. Id. at ¶ 11.

### C.    The Master Dealer Agreement, Product Addenda, Purchase Orders, and Invoices.

In March and October of 2008, Slam Brands and Circuit City Stores, Inc. ("Circuit City") negotiated agreements whereby Slam Brands would provide certain audio/visual furniture to Circuit City for retail sale. Id. at ¶ 4. These agreements were memorialized in Product Addenda between Slam Brands and Circuit City, dated March 1, 2008, and October 16, 2008 (the "Product Addenda"). Id. at Exs. 1 and 2. The Product Addenda supplemented a Master Dealer Agreement between Slam Brands and Circuit City, dated March 1, 2008 (the "Master Dealer

2

Agreement"). Id. at Ex. 3. (The Master Dealer Agreement, Product Addenda, purchase orders, invoices, and proof of delivery, see Id. at Exs. 1–7, are collectively referred to herein as the "Sale Documents").

On and after the Petition Date, the Debtors continued to request and accept, and Slam Brands continued to provide, goods under the Sale Documents. The Debtors have not, however, paid Slam Brands for these goods. Id. at ¶ 12. Specifically, between November 7, 2008, and December 12, 2008, Circuit City issued four purchase orders to Slam Brands for Verge and Slam Brands products. These purchase orders were made under the Product Addenda, and their key terms are as follows:

| PO Date  | PO No.  | Amount       | Invoice No. | Invoice Date |
|----------|---------|--------------|-------------|--------------|
| 11/7/08  | 2187613 | $78,368.00   | 14354       | 12/29/08     |
| 12/11/08 | 2226766 | $58,655.36   | 14524       | 12/29/08     |
| 12/12/08 | 2227394 | $89,224.12   | 14546       | 12/31/08     |
| 12/12/08 | 2227393 | $113,778.28  | 14961       | 1/15/09      |
|          | TOTAL:  | $340,025.76  |             |              |

Id. at ¶¶ 6–9; Ex. 8. Pursuant to the Product Addenda, Circuit City is entitled to a payment discount in the amount of $5,608.17. After deducting the payment discount, Circuit City owes Slam Brands $334,417.60 on account of post-petition goods purchased by Circuit City.

## ARGUMENT

**A.    Section 503(b) of the Bankruptcy Code.**

Section 503 of the Bankruptcy Code provides, in relevant part, that:

3

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A). Together, Sections 507(a) and 503(b) "afford[] first priority to administrative expenses 'to encourage the provision of goods and services to the estate, and to compensate those who expend new resources attempting to rehabilitate the estate.'" Bonapfel v. Nalley Motor Trucks (In re Carpet Ctr. Leasing Co.), 991 F.2d 682, 685 (11th Cir. 1993) (internal citation omitted).

"For a claim to qualify as an administrative expense, (1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.), 64 F.3d 141, 145 n.2 (4th Cir. 1995) (citations omitted); see also Devan v. Simon DeBartolo Group, L.P. (In re Merry-Go-Round Enters., Inc.), 180 F.3d 149, 157 (4th Cir. 1999) ("[T]est to determine actual expense is whether the claim arose out of a post-petition transaction" and "test to determine necessary expense is whether [the creditor's] consideration supporting its right to payment was 'supplied to and beneficial to' [the bankruptcy estate]").

"That which is actually utilized by a Trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate [under § 503(b)] and should be accorded the priority of an administrative expense." Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 867 (4th Cir. 1994) (quoting Broadcast Corp. v. Broadfoot (In re Subscription Television), 789 F.2d 1530, 1532 (11th Cir. 1986)). Indeed, "[i]f the debtor-in-possession elects to continue to receive

4

benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor-in-possession is obligated to pay for the reasonable value of those services." NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) (noting that the reasonable value of those services often is the amount specified in the applicable contract).

Additionally, and perhaps most importantly, unsecured credit incurred in the ordinary course of business is deemed to be an administrative expense by operation of law. "If the trustee is authorized to operate the business of the debtor . . . the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(a); see also In re S. Soya Corp., 251 B.R. 302, 307–08 (Bankr. D.S.C. 2000) (reasoning that a creditor could qualify for administrative expense priority under § 364 and separately under § 503); 4 COLLIER ON BANKRUPTCY ¶ 503.06[5][b] (Lawrence P. King ed., 15th ed. rev., 2000).

B.  **The Goods Provided by Slam Brands to Circuit City Should Be Treated As Administrative Expenses.**

All of the goods delivered to Circuit City by Slam Brands arise from post-petition transactions with the estate, and were beneficial to the operation and preservation of the estate. Three of the four purchase orders created by Circuit City are dated after the Petition Date, and Slam Brands did not process the one purchase order created prepetition until well after the Petition Date. Thus, Circuit City engaged in post-petition transactions, on an unsecured credit basis, with Slam Brands. This satisfies the first requirement for administrative expense priority.

The goods provided to Circuit City by Slam Brands were also beneficial to the operation and preservation of the estate. Over the first several months of this case, the Debtors attempted to maintain their going-concern value. The ostensible purpose for this tactic was to fetch a

higher price from a sale of all, or substantially all, of the Debtors' assets. The goods provided to Circuit City by Slam Brands were all provided during this early phase of this case. As a result, Slam Brand's goods were critical to the operation and preservation of the estate. This satisfies the second requirement for administrative expense priority.

Finally, Slam Brands dealt with Circuit City on an unsecured credit basis, despite the Debtors' bankruptcy filing. Sorenson Decl., ¶ 6. These transactions were the sort commonly undertaken by retailers like Circuit City and consistent with the expectations of Circuit City's creditors as to the type of credit Circuit City was incurring. This is exactly the type of conduct encouraged by 11 U.S.C. § 364(a). Having dealt with Circuit City on an unsecured credit basis in the ordinary course of business, the Bankruptcy Code entitles Slam Brands' post-petition claim to administrative expense priority.

## RESERVATION OF RIGHTS

Slam Brands expressly reserves any and all of its rights under the Sale Documents, all other agreements between the parties, and applicable law. Nothing contained herein shall operate as a waiver of any of Slam Brands' claims, rights, or remedies.

## NO PRIOR REQUEST

Slam Brands has not made a previous application for the relief requested herein to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

Slam Brands respectfully requests that the Court treat this Motion as a written memorandum of points and authorities and waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as required by Local

Bankruptcy Rule 9013-1(G).  Slam Brands reserves the right to file a brief in reply to any objection to this Motion.

## NOTICE

Notice of this Motion will be given to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division; (iii) Counsel for the Official Committee of Unsecured Creditors; and (iv) all parties that have requested notice of papers with the Court's CM/ECF Noticing System pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  Slam Brands submits that no other or further notice of this Motion is required.

**WHEREFORE**, Slam Brands respectfully requests that this Court enter an order: (a) directing the Debtors to pay immediately the amounts due on account of post-petition goods provided to the Debtors under the Sale Documents, totaling $334,417.60, as administrative expenses pursuant to 11 U.S.C. §§ 503(b) and 507(a); and (b) granting Slam Brands such other and further relief as the Court deems just and proper.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

Dated: June 29, 2009               Respectfully submitted,

/s/ Troy Savenko
Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA  23218-2470
Telephone:    (804) 423-7921
Facsimile:     (804) 230-0024

- and -

GRAHAM & DUNN PC
Mark D. Northrup (Not Admitted in Va.)
Brad A. Goergen (Not Admitted in Va.)
Pier 70 ~ 2801 Alaskan Way Suite 300
Seattle, Washington 98121-1128
Telephone:    (206) 624-8300
Facsimile:     (206) 340-9599

*Co-Counsel to Slam Brands, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2009, I caused a copy of the foregoing to be served upon all parties on the Primary Service List as defined by the "Case Management" Order entered by the Court in the above-captioned case on November 13, 2008 via the Court's CM/ECF Noticing System, electronic mail, or U.S. Mail, postage pre-paid.

/s/ Troy Savenko