## PRODUCT ADDENDUM
(Domestic Orders)

THIS PRODUCT ADDENDUM is entered into as of March 1, 2008 (the "Effective Date") by and between **CIRCUIT CITY STORES, INC.**, and its affiliates and subsidiaries ("Circuit City"), and **SLAM BRANDS, INC.** ("Vendor"), pursuant to the Master Dealer Agreement between Circuit City and Vendor dated March 1, 2008 (the "Master Agreement") to set forth certain terms of sale to Circuit City by Vendor of the Products referenced in the attached Product Exhibit. Capitalized terms not otherwise defined in this Product Addendum will have the meanings set forth in the Master Agreement.

1. **PRICE AND PAYMENT TERMS.**

    1.1. The Products subject to this Product Addendum are set forth on the attached Product Exhibit. The parties may add additional Products to this Product Addendum by amending the Product Exhibit. The price for the Products sold under this Product Addendum also is set forth on the Product Exhibit. Except as otherwise stated herein, the price for all Products purchased hereunder shall be the price in effect at the time of the receipt of the Products at a Circuit City location.

    1.2. Any listing of suggested retail prices is for point of reference only. This is not an agreement to sell the Products at a certain price, and Circuit City reserves the right, in its sole discretion, to establish the price at which it will sell the Products.

    1.3. Payment terms are Net 60 Days, Receipt of Goods. Payment will be made in U.S. dollars.

2. **FREIGHT.** Unless otherwise set forth by Circuit City in a Purchase Order, freight will be FOB Destination, Freight Prepaid by Vendor. The FOB Destination point will be set forth in the applicable Purchase Order. Vendor will reimburse Circuit City for charges incurred by Circuit City associated with shipments not in accordance with the terms stated herein.

3. **WARRANTIES.**

    3.1 Vendor represents and warrants good and marketable title to the Products free of any lien or encumbrance. Additionally, Vendor represents and warrants that (i) it is the owner or valid licensee of any and all intellectual property or other proprietary rights pertaining to the Products, Product images, and Vendor's and Product trademarks and/or trade names; and (ii) it has the full and sufficient right, power and authority to sell the Products to Circuit City and grant the rights and licenses granted under the Master Agreement and this Product Addendum. Vendor further represents and warrants that the Products, Product images, and Vendor's and Product trademarks and/or trade names do not and will not (i) infringe, misappropriate or otherwise violate any United States patent, copyright, trademark, trade secret or other United States proprietary right of any third party; or (ii) violate any other rights of third parties.

    3.2 Vendor agrees to comply in all respects with the Magnuson-Moss Warranty Act [15 U.S.C. Sections 2301 et seq.] and the regulations issued thereunder, as the same may be amended from time to time. Prior to the initial delivery of each Product purchased under this Product Addendum, Vendor agrees to deliver to Circuit City at least one copy of all written warranty documents covering each Product. In the event a Product is not covered by a written warranty, Vendor agrees to deliver to Circuit City a written statement that Vendor offers no such

1

warranty for that specified Product. In the event any existing Product warranty is amended, updated or modified, Vendor agrees to deliver to Circuit City at least one copy of any amended, updated or modified warranty document within a reasonable time prior to the effective date of the change. Forwarding information and preferred electronic formats are specified in the Vendor Operating Guidelines.

4.  **PRICE INCREASE TIMING.** Except as otherwise stated herein, the price for all Products purchased hereunder shall be the lower of (i) the price in effect at the time of the actual receipt of the Products at a Circuit City location or (ii) the lowest price in effect during the shipment or receipt window (as applicable) as set forth in Circuit City's Purchase Order.

5.  **PRICE PROTECTION.** In the event that Vendor lowers its price for the Products, price protection will be provided to Circuit City for all Products in inventory or in transit to Circuit City at the time of the price reduction. Price protection for Products in inventory will be taken as a reduction of Circuit City's account balance with Vendor, calculated based on the difference between the original invoice price paid by Circuit City and the lowest price announced by Vendor. Price protection for Products in transit will be taken at the time payment is due on the Vendor's original invoice, calculated based on the difference between the original invoice price and lowest price announced by Vendor while the Product was in transit. In the event price protection for Products in inventory creates a debit balance, such amounts will be payable via check within thirty (30) days of demand from Circuit City.

6.  **FUNDING ALLOWANCES.**

    6.1.  Marketing Development Funds. During the term of this Product Addendum, Vendor will provide Circuit City with marketing development funds ("MDF") equal to two and one-half percent (2.5%) of the gross invoice cost of all Products purchased hereunder by Circuit City. MDF shall be deducted from the gross amount payable by Circuit City under Vendor's invoice ("DFI") (i.e. calculated prior to any other deductions from invoice taken hereunder). As this is an earned allowance, the MDF will not be repaid upon return of any Products hereunder.

    6.2.  Volume Purchase Rebate. Vendor will provide Circuit City with a volume purchase rebate ("Volume Purchase Rebate") in an amount equal to one half of one percent (0.5%) of the aggregate gross invoice cost (i.e. calculated prior to any deductions from invoice taken hereunder) of (i) all Products purchased by Circuit City under this Product Addendum and (ii) all products purchased by Circuit City from Vendor under any other written agreement between Vendor and Circuit City which references this Section 6.2 ("Aggregate Gross Cost") provided that such Aggregate Gross Cost equals or exceeds Eight Million Dollars ($8,000,000) during the term of this Product Addendum. The Volume Purchase Rebate will be cumulative over the term of this Product Addendum; and Circuit City will provide Vendor on a quarterly basis with an estimate of the then-current Aggregate Gross Cost, which estimate will be for Vendor's informational purposes only. The Volume Purchase Rebate will be paid to Circuit City by chargeback issued as of February 28, 2009, which chargeback will be supported by aggregate purchase data as reasonably agreed by Circuit City and Vendor. In the event the Volume Purchase Rebate creates a debit balance, such amounts will be payable via check within thirty (30) days of demand from Circuit City.

    6.3  Display Allowance. During the term of this Product Addendum, Vendor and Circuit City will mutually agree on a reasonable number of Products to be used as display units in Circuit City retail store locations, based on Circuit City's Planogram sets ("Display Products"). Vendor will provide Circuit City with a display allowance ("Display Allowance") equal to fifty

percent (50%) of the gross invoice cost of all Display Products. The Display Allowance will be paid to Circuit City by chargeback issued on or after February 28, 2009, and the Display Allowance will be deducted from amounts owed by Circuit City to Vendor. In the event the Display Allowance creates a debit balance, such amounts will be payable by Vendor to Circuit City via check within thirty (30) days of demand from Circuit City. As this is an earned allowance, the Display Allowance will not be repaid upon return of Products hereunder. Circuit City reserves the right, in its sole discretion, to sell the Display Products then in its inventory as "open box" at the end of model life or upon termination of this Product Addendum for any reason, and Circuit City shall establish the price at which it will sell the Display Products at its sole discretion.

7. **ALLOCATION OF ORDERED PRODUCT.** In the event that Vendor's inventories are insufficient to fill orders received from all of its customers at the time of receipt of Circuit City's Purchase Order, Vendor will notify Circuit City immediately and will ratably allocate Products among its customers. In the event Circuit City elects not to cancel its Purchase Order or any portion of its Purchase Order following such notice (but prior to shipment of the Products as described in this Section), Circuit City will be entitled to require that Vendor ship available quantities to such locations as Circuit City may direct. As soon as practicable and upon prior notice to Circuit City, Vendor will ship on-order or back-order (without the requirement of placement or maintenance of multiple Purchase Orders with first in priority) Products to Circuit City at the lower of (i) the price in effect as of the date of the Purchase Order relative to each such Product or (ii) the price on the date of receipt of each such Product. Cancellation or consolidation of older Purchase Orders as requested or allowed by Circuit City will not result in the loss of priority for shipment and receipt of the Product.

8. **RETURNS OF NONCONFORMING PRODUCTS; PRODUCT RECALLS.** In addition to any other rights it may have at law or in equity, Circuit City may refuse and/or return, at Vendor's expense, any Products which are (i) goods that are nonconforming with the applicable Purchase Order or that are shipped contrary to or not in accordance with the terms of the Purchase Order or any other instruction provided by Circuit City, (ii) shipped in excess of or not covered by the Purchase Order, or (iii) not shipped in standard packaging or containers (collectively, "Refused Products"). Circuit City also has the right to refuse and/or return, at Vendor's expense, any Products subject to a Product recall ("Recalled Products"). If Circuit City has made payment to Vendor for the Refused Products or Recalled Products, then, at Circuit City's option, Vendor will credit or refund such payments to Circuit City promptly upon Vendor's receipt of the Refused Products or Recalled Products, or Circuit City's notice of refusal, whichever occurs first. In the event a refusal or return of Refused Products or Recalled Products creates a debit balance, such amounts will be payable via check within thirty (30) days of demand from Circuit City.

9. **RETURN ALLOWANCE.** In lieu of accepting Products returned to Circuit City under its customer return policies as they may exist from time to time, Vendor agrees to provide Circuit City with a return allowance equal to two percent (2%) of the gross purchase price of all Products purchased hereunder by Circuit City ("Return Allowance"). The Return Allowance shall be deducted from the amount payable by Circuit City under Vendor's invoice ("DFI") (i.e. calculated prior to any other deductions from invoice taken hereunder). As this is an earned allowance, this amount will not be repaid upon return of any Products hereunder.

10. **STOCK BALANCING.** Vendor will consider in good faith any requests by Circuit City from time to time during the term of this Product Addendum to return any overstock of product for 100% of the invoice cost paid ("Stock Balancing Returns"). Any Stock Balancing Returns

approved by Vendor will be taken as a reduction of Circuit City's account balance with Vendor. In the event Stock Balancing Returns result in a debit balance, such amounts will be payable via check within thirty (30) days of demand from Circuit City.

11. **PROCEDURES FOR RETURNS.** All Products returned to Vendor for any reason in accordance with this Product Addendum (collectively, "Returned Products") will be returned in accordance with the procedures established by Circuit City from time to time, including but not limited to procedures for resolution of discrepancies in Product quantity and models. All Returned Products shall be at Vendor's expense. No return authorizations will be required; however, Vendor will, upon request by Circuit City, provide a blanket authorization for the same. Without limiting the generality of the foregoing, Returned Products will be packed by Circuit City to avoid damage in transit, but the Returned Products' original packaging is not required. No deduction or credit memo will be taken by Vendor for any missing parts. In the event the return of any Returned Products creates a debit balance, such amounts will be payable via check within thirty (30) days of demand from Circuit City.

12. **TERM AND TERMINATION.**

12.1. The term of this Product Addendum will commence on the Effective Date and will continue until February 28, 2009. Notwithstanding the foregoing, this Product Addendum may be terminated with or without cause by either party without liability or obligation upon not less than sixty (60) days' written notice to the other party. Additionally, this Product Addendum will terminate automatically upon the termination of the Master Agreement.

12.2. Upon termination of this Product Addendum for any reason, at Circuit City's election, Vendor will purchase from Circuit City, and Circuit City will sell and deliver to Vendor at Vendor's expense, all Products purchased hereunder then in Circuit City's inventory at the same price as Circuit City paid for such Products.

13. **NOTICES.** Any notice required or permitted under this Product Addendum and not otherwise addressed pursuant to specific instructions provided herein shall be given pursuant to the instructions for giving notices set forth in the Master Agreement.

14. **MISCELLANEOUS.** This Product Addendum may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together shall constitute one and the same instrument. For purposes of calculating the date on which any obligation is required or performance is due hereunder, in the event that a day expressed as a date certain, or the last day of any time period expressed as a certain number of days, would otherwise fall on a Saturday, a Sunday or any other day recognized as a public holiday by the Federal government of the United States (a "Non-Business Day"), such date of obligation or time period will be extended such that it will occur or end on the next occurring day that is not a Non-Business Day. All provisions of this Product Addendum which by their nature should survive the expiration or termination of this Product Addendum shall survive such expiration or termination. Facsimile signatures shall be binding upon receipt, and the parties agree to exchange original signature pages as soon as reasonably possible after facsimile transmission.

[Signatures appear on the following page.]

IN WITNESS WHEREOF, the parties have caused this Product Addendum to be executed as of the date and year first above written.

| Circuit City: | Vendor: |
|---|---|
| CIRCUIT CITY STORES, INC. | SLAM BRANDS, INC. |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _President_ |
| Date: _____ | Date: _11/5/08_ |

5

CC LD Ref. #2924

## PRODUCT EXHIBIT

| PRODUCT MODEL NUMBER | PRODUCT DESCRIPTION | INVOICE PRICE (US$) |
|---|---|---|
| 221053 | 60" Metal and Glass | $ 79.09* |
| 222258 | 58" Metal and Glass | $ 97.07 |
| 222283 | 47" Metal and Glass | $ 44.55** |
| 222314 | 32" Metal and Glass | $ 84.39 |

* Effective October 1, 2008, price will increase to $84.09

** Effective October 1, 2008, price will increase to $49.55