DAVID L. POLLACK (PA 15694)
JEFFREY MEYERS (PA 23760)
JESSE N. SILVERMAN (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
51st Fl - Mellon Bank Center
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone: (215) 864-8325
Facsimile: (215) 864-9473

and

IAN S. LANDSBERG
LANDSBERG MARGULIES LLP
16030 Ventura Blvd., Ste. 470
Encino, California  91436
818.933.0033  Direct Telephone
818.849.3598  Direct Fax

Counsel for Eagleridge Associates, L.L.C. and Torrance
Town Center Associates, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

--------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **CIRCUIT CITY STORES, INC. *et al.*.** | : | **Case No. 08-35653-KRH** |
| | : | |
| Debtors. | : | **Jointly Administered** |

--------------------------------------------------------x

**OBJECTION OF EAGLERIDGE ASSOCIATES, L.L.C. AND TORRANCE**
**TOWN CENTER ASSOCIATES, LLC TO DEBTORS' TENTH**
<u>**OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS**</u>

DMEAST #11582231 v1

TO THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE:

Eagleridge Associates, L.L.C. ("Eagleridge") and Torrance Town Center Associates, LLC ("Torrance") by their undersigned attorneys, hereby make this Objection to Debtor's Tenth Omnibus Objection to Certain Duplicative Claims (the "Motion") and in support thereof aver:

1.  Eagleridge and Torrance are the owners or agents for the owners of certain shopping centers in which Debtors operated retail stores pursuant to written leases (the "Leases") which are affected by the relief sought by the Motion. Eagleridge and Torrance are hereinafter collectively referred to as "Objecting Landlords".

### Eagleridge

2.  Eagleridge has filed the following claims in this bankruptcy case (collectively the "Eagleridge Claims"):

    (a) Two administrative claims in the amounts of $31,573.67 and $31,062.06 against the bankruptcy estates of Circuit City Stores West Coast, Inc. ("CC-WC") and Circuit City Stores, Inc. ("CCS"); and

    (b) An unsecured claim in the amount of $252,372.13 against the bankruptcy estates of CC-WC and CCS.

3.  The Eagleridge Claims arise out of that certain Lease Agreement dated as of July 22, 1996 by and between Portal Drive Associates, L.L.C., as landlord, and Circuit City Stores West Coast, Inc., as tenant (as subsequently modified or amended, the "Eagelridge Lease"). The tenant's obligations under the Eagleridge Lease are guaranteed by CCS pursuant to that certain Guaranty Agreement dated on or about August 20, 1996 (the "Guaranty"). All of the original landlord's rights and interests under the Eagleridge Lease and Guaranty were subsequently assigned to Eagleridge on or about September 17, 1996.

4. The Eagleridge Claims are therefore not duplicative and should not be expunged or disallowed, as they represent different amounts owed by two different debtors to Eagleridge under the Eagleridge Lease and Guaranty.

### Torrance

5. Torrance has filed the following claims in this bankruptcy case (collectively the "Torrance Claims"):

(a) An administrative claim in the amount of $84,726.00 against the bankruptcy estates of CC-WC and CCS; and

(b) An unsecured claim in the amount of $757,985.00, against the bankruptcy estates of CC-WC and CCS.

6. The Torrance Claims arise out of that certain Lease made as of March 29, 1991, by and between Airport Plaza Associates II, as landlord and Circuit City Stores, Inc., as tenant (as subsequently modified or amended, the "Torrance Lease"). Pursuant to that certain Assignment and Assumption of Lease dated as of May 1, 1994, by and between Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. (the "Assignment"), CCS assigned all of its right, title and interest under the Torrance Lease to CC-WC. The Assignment expressly provides that CCS shall not be released from its obligations under the Torrance Lease and shall remain primarily liable for their performance.

7. The Torrance Claims are therefore not duplicative and should not be expunged or disallowed, as they represent different amounts owed by two different debtors to Torrance under the Torrance Lease.

**WHEREFORE,** Objecting Landlords respectfully request that their claims not be disallowed or expunged in accordance with the foregoing objections, and such other and further relief as may be just and required under all of the circumstances.

3

June 29, 2009

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

**BY:        /s/ Jesse N. Silverman**
**DAVID L. POLLACK (PA 15694)**
**JEFFREY MEYERS (PA 23760)**
**JESSE N. SILVERMAN (VA 46456)**
**51st Fl - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**Telephone: (215) 864-8325**
**Facsimile: (215) 864-9473**

*Attorneys for Eagleridge Associates, L.L.C.  and*
*Torrance Town Center Associates, LLC*

4

## **CERTIFICATE OF SERVICE**

I, hereby certify that on the 29th day of June, 2009 a true and accurate copy of the foregoing Objection to Debtors' Tenth Omnibus Objection to Certain Duplicative Claims was electronically filed with the Court, which causes notices of electronic filing to be served on all registered users of the ECF system that have filed notices of appearance in this case.

/s/     Jesse N. Silverman
            Counsel

DMEAST #11582231 v1