Kevin A. Lake, Esquire (VSB#34286)
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

**UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**RESPONSE OF BELKIN INTERNATIONAL, INC. TO:  (1) DEBTORS' NINTH
OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B)(9)
CLAIMS; AND (2) DEBTOR'S TENTH OMNIBUS OBJECTION TO CERTAIN
DUPLICATIVE CLAIMS; AND MEMORANDUM IN SUPPORT THEREOF**

*RESPONSE TO NINTH OMNIBUS OBJECTION*

Creditor Belkin International, Inc. ("Belkin") hereby responds to the Debtors' Ninth

Omnibus Objection to Certain (I) Late Claims and (II) Late 503(B)(9) Claims, as follows:

**I.**

**INTRODUCTION**

1.      Belkin is a global manufacturer and supplier of computer hardware and peripheral devices.  For over eight years, Belkin has sold goods to Debtor Circuit City Stores, Inc. ("Circuit City") on a regular basis.  Declaration of Johnnie Beach ("Beach Decl."), ¶ 6.

2.      On December 11, 2008, this Court entered an Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3) and 9007 (i) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (ii) Approving Form and Manner of Notice Thereof ("Order").  As it relates to Belkin, the pertinent Bar Date was listed in the Order as January 30, 2009, at 5:00 p.m. PST.

3.      On February 25, 2009, Johnnie Beach, the Credit Manager of Belkin, filed and served a Proof of Claim ("POC") for goods sold to Circuit City in the amount of $2,305,884.73.  Beach Decl., ¶ 3; Ex. "A."  Belkin's claim was assigned Claim Number 11608.

4.      Prior to the filing of the POC, Ms. Beach had not received any notice regarding the Bar Date and therefore presumed that such a date had not been set.  Beach Decl., ¶ 3.  Ms. Beach was not aware of the actual Bar Date until she checked the docket online.  *Id*.

5.      Furthermore, Chris Flower, the General Counsel for Belkin, did not receive any notice regarding a Bar Date.  Declaration of Chris Flower ("Flower Decl."), ¶ 2.  As General Counsel, Mr. Flower is forwarded all notices of a legal nature.  *Id*.  However, Mr. Flower received no notices or documentation regarding the instant bankruptcy until February 11, 2009.  That document related to the sale of assets and made no mention of the Bar Date.  *Id*. at ¶ 3.

6.      Belkin is a global company with over 1,500 employees.  Unless notices are addressed to the proper employee or department, it is very easy for items to become lost in transit.  Beach Decl., ¶ 5.

7.      The Debtors' Proof of Service relating to the Bar Date Notice indicates that it was

not specifically addressed to any department within Belkin.  Most likely it was lost in the mail.

What is known for certain is the following:  neither the Credit Manager nor the General Counsel

received it.  The Debtors should have addressed their notices to one of these two persons.  In

fact, the Credit Manager has been delivering monthly invoices to Circuit City for over eight

years.  Thus, the Debtors could have easily addressed their notices to her or to her department's

attention.

## II.

## THIS COURT HAS DISCRETION TO ALLOW BELKIN'S CLAIM BASED ON "EXCUSABLE NEGLECT"

Belkin does not dispute that it was late in filing its POC.  However, the law disallowing

late claims is not as draconian as Debtors' Ninth Omnibus Objection makes it appear.  Federal

Rules of Bankruptcy Procedure, Rule 9006(b)(1) empowers a bankruptcy court to permit a late

filing if the movant's failure to comply with an earlier deadline "was the result of excusable

neglect."  In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380

(1993), the Supreme Court enumerated the following four factors to determine what constitutes

excusable neglect:  (1) the danger of prejudice to the debtor; (2) the length of the delay and its

potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id*.

at 395.  Applying these factors, the Court concluded that an attorney's inadvertent failure to file a

proof of claim within the deadline set by the court can constitute excusable neglect.  *Id*. at 383.

Here, all four factors weigh heavily in favor of denying Debtors' Ninth Omnibus

Objection and allowing Belkin's claim in full.  First, Debtors have not and will not suffer any

prejudice as a result of Belkin's claim.  Debtors were well aware of the claim based on the

monthly invoices that Ms. Beach sent to Circuit City.  Beach Decl., ¶ 7; Ex. "B."  Moreover,

Debtors listed Belkin's claim in their bankruptcy schedules.[1]  *See Greyhound Lines, Inc. v.*

*Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir.1995) (finding no prejudice to

debtor since the "plan was negotiated and approved after [the debtor] had notice of claims"); *In*

*re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 128 (1999) (finding no prejudice where it

was undisputed that debtors were aware of creditor's claim).

Next, the length of the delay is minimal, as the POC was filed only twenty-six (26) days

late.  For a "Mega Case" such as this one, a delay of this length will have little or no impact at

this point in the proceedings.  *See In re Infiltrator Sys., Inc.*, 241 B.R. 278, 281 (Bankr.D.Conn.

1999) (where debtor had not yet filed a plan and was still engaged in assessing the validity and

amounts of the timely filed claims, impact upon administration of the case of allowing late claim

is not significant).

Third, the reason for the delay is both simple and excusable.  Neither Ms. Beach, as the

party responsible for filing claims on behalf of Belkin, nor Mr. Flower, as General Counsel,

received any notice of the Bar Date.  Beach Decl., ¶ 3; Flower Decl., ¶ 2.  The Proof of Service

indicates that notice was sent to two Belkin addresses but does not indicate to which specific

department, if any, the notice was sent.  With a worldwide company as large as Belkin, it is not

unreasonable for notices to get lost if they are not addressed to the appropriate employee or

department.  Furthermore, Circuit City was aware of Ms. Beach's title and department and could

have easily addressed its notices to her or to her department's attention.  Beach Decl., ¶ 6.

---

[1] Belkin's claim is listed in the amount of $2,009,248.91 and categorized as "Disputed" and "Unliquidated."  *See* Schedule F – Creditors Holding Unsecured Nonpriority Claims, p. 702.

Finally, in no sense can Belkin's conduct be described as bad faith.  This is not a situation where an employee responsible for receiving notices and filing claims was aware of the Bar Date and consciously disregarded it.  Rather, as shown by the Declarations of Ms. Beach and Mr. Flower, the appropriate parties did not receive notice of the Bar Date.

### III.

### CONCLUSION

Based on the foregoing, the lack of any prejudice to the Debtors or to the interests of efficient judicial administration, combined with the good faith of Belkin, weigh strongly in favor of this Court allowing Belkin's claim in full.

WHEREFORE, Belkin International, Inc. respectfully requests a hearing on the Debtor's Ninth Omnibus Objection and this Response, an entry of an Order denying the Debtors' Ninth Omnibus Objection with respect to Belkin's Claim Number 11608, and such other and further relief as the Court deems proper.

### *RESPONSE TO TENTH OMNIBUS OBJECTION*

Creditor Belkin International, Inc. ("Belkin") hereby responds to the Debtors' Tenth Omnibus Objection to Certain Duplicative Claims, as follows:

8.      Each of the foregoing allegations/responses are, in their entirety, repeated, re-alleged and incorporated herein.

8446Response_9thOmnibusObjection.doc                    5

9.      On February 25, 2009, Johnnie Beach, the Credit Manager of Belkin, filed and

served a Proof of Claim ("POC") for goods sold to Circuit City in the amount of $2,305,884.73.[2]

Beach Decl., ¶ 3; Ex. "A."  Belkin's claim was assigned Claim Number 11608.

10.      Ms. Beach prepared and filed only one Proof of Claim.  Beach Decl., ¶ 4.  Belkin

has not made any additional claims other than the one set forth in Claim Number 11608.

WHEREFORE, Belkin International, Inc. respectfully requests an entry of an Order

denying the Debtors' Tenth Omnibus Objection with respect to Belkin's Claim Number 11608,

and such other and further relief as the Court deems proper.


Respectfully Submitted,


Dated:  June 29, 2009                    **VANDEVENTER BLACK LLP**


/s/ Kevin A. Lake
Kevin A. Lake
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com


*Local Counsel for Belkin International, Inc.*

---

[2] The tardiness of Belkin's claim is addressed above, in its Response to Debtors' Ninth
Omnibus Objection to Certain (I) Late Claims and (II) Late 503(B)(9) Claims.   This response
has been docketed twice, in identical form, so as to relate it to the Ninth Omnibus Objection and
the Tenth Omnibus Objection. All exhibits referenced herein are attached to the copy of Belkin's
Response docketed and related to the Ninth Omnibus Objection.  All such exhibits attached to
the copy docketed and related to the Ninth Omnibus Objection are incorporated in the copy
docketed and related to the Tenth Omnibus Objection by reference.

|  | **EPPORT, RICHMAN & ROBBINS, LLP**<br><br><br>Stephen N. Richman, Esquire<br>EPPORT, RICHMAN & ROBBINS LLP<br>1875 Century Park East, Suite 800<br>Los Angeles, CA 90067<br>Tel:  310.785.0885<br>Fax:  310.785.0787<br>srichman@ERlaw.com |
|---|---|
|  | *Counsel for Belkin International, Inc.   (pro hac vice motion pending)* |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Response to Debtor's Ninth and Tenth Omnibus Objections to Claims to all parties receiving notice via ECF on June 29, 2009.

           /s/  Kevin A. Lake
           Kevin A. Lake

N:\WP\klake\User Data\Kevin\BANKRUPT\CLIENTS\CircuitCityChapter11\Belkin\dox received from lead counsel for filing 6.29\FINALVERSION--
Response29th&10thOmnibusObjections.doc