Hearing Date: July 6, 2009 at 2:00 p.m.

Objection Deadline: June 29, 2009

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al,. | ) | Case No. 08-35653-KRH |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

## RESPONSE OF OKLAHOMA GAS AND ELECTRIC COMPANY
## TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN
## (I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS

Oklahoma Gas and Electric Company, also known as OG&E Electrical Services ("OG&E"), respectfully submits its response to the Debtors' Ninth Omnibus Objection to Certain (I) Late Claims and (II) Late 503(B)(9) Claims and requests the Court enter an Order declaring OG&E's March 3, 2009 unsecured general Proof of Claim timely filed. In the alternative, OG&E respectfully requests the Court enter an Order permitting OG&E to file a second unsecured general proof of claim out of time. OG&E would show the Court as follows:

1. OG&E Electric Services ("OG&E") is a regulated electric utility serving approximately 735,000 customers in a 30,000 square mile service area in Oklahoma and western Arkansas.

2. At all relevant times, Circuit City Stores, Inc., et al. ("Debtors") owned and operated a number of retail stores throughout the United States, including one in Fort Smith, Arkansas and eight (8) in Oklahoma. OG&E was the electrical provider to the Fort Smith and Oklahoma retail stores.

Document      Page 2 of 10

3. Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on November 10, 2008.

4. It appeared that on December 10, 2008, the Court entered an Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3) and 9007(I) Setting the General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (the "General Claims Bar Date Order"). *See* Dkt. No. 890.

5. Pursuant to the General Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the debtors by non-governmental entities was 5:00 p.m. (Pacific) on January 30, 2009 ("Bar Date").

6. It further appears that Kurtzman Carson Consultants LLC executed an Affidavit of Service on December 24, 2008 stating that, *inter alia*, it had served the Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form (Docket No. 966) and Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (Docket No. 967) on OG&E via first class mail on December 17, 2008. *See* Dkt. No. 1314.

7. However, OG&E did not receive the Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form purportedly served on December 17, 2008. In fact, *OG&E never received the Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form or the General Claims Bar Date Order.* See Affidavit of Abbey Campbell, attached hereto as Exhibit 1.

8. Not having received notice of the General Claims Bar Date Order, OG&E filed its Proof of Claim on March 3, 2009.

9. OG&E's failure to receive notice of the January 30, 2009 General Claims ar Date requires OG&E be permitted to file its proof of claim out-of-time.

## ARGUMENT AND AUTHORITIES

Bankruptcy Rule 9006 (b)(1) provides that when an act "is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Accordingly, OG&E respectfully requests the Court enter an Order declaring OG&E's March 3, 2009 Proof of Claim timely filed. In the alternative, OG&E respectfully requests the Court enter an Order permitting OG&E to file a second proof of claim.

**I.    OG&E IS ENTITLED TO FILE ITS PROOF OF CLAIM UNDER THE DUE PROCESS CLAUSE.**

Under the Due Process Clause, OG&E's March 3 general unsecured Proof of Claim must be deemed timely filed or OG&E must be permitted to file its general unsecured proof of claim for unpaid pre-petition electrical service out of time. As a known or reasonably ascertainable creditor, OG&E was entitled, as a matter of due process, to actual notice of the Bar Date. In *Greyhound Lines, Inc. v. Rogers (In re: Eagle Bus Mfg., Inc.)*, 62 F.3rd 730, 735 (5th Cir. 1995), the Court stated:

> A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice.... Due process requires notice that is reasonably calculated to reach all interested parties conveys all of the required information, and permits a reasonable time for response.... A claimant may therefore file a late proof of claim if he can show that failure to allow the filing would be violative of due process.

*Greyhound Lines*, 62 F.3d at 735 *quoting Oppenheim, Allep, Dixon & Co. v. Bullock (In re: Robintech, Inc.)*, 863 F.2d 393, 396 (6th Cir. 1989).

A Chapter 11 debtor violates a known creditor's due process rights, under the Fifth Amendment to the United States Constitution, by failing to give timely notice of the claims bar date. *In re: Pettibone Corporation*, 162 B.R. 791, 806 (Bkrtcy. N.D. Ill. 1994). As stated in *In re: CRC*

*Wireline, Inc.*, 103 B.R. 804, 807 (Bkrtcy. N.D. Tex. 1989):

> [U]nder constitutional due process requirements, a known creditor must receive actual notice of a Bar Date in order for such creditor's claims to be forever barred. A failure to allow a known creditor to file a Proof of Claim, wherein such creditor had not received actual notice of the Bar Date, results in the Debtor "reaping the benefits of its negligence to the detriment of the [creditor], a clearly inequitable result."

*quoting In re: Lester Witte & Co.*, 52 B.R. 436, 438 (N.D. Ill. 1984).

Moreover, imputed or general knowledge of Debtors' bankruptcy is irrelevant, as notice of the Bar Date is required. *See Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir. 1984) (holding that although defendant's attorney had general knowledge of the bankruptcy he was denied due process because he had never been given any formal notice regarding, *inter alia*, the manner in which to file a claim).

In this instance, OG&E was denied notice of the Bar Date. Although Kurtzman Carson Consultants LLC executed an Affidavit of Service on December 24, 2008 stating that, *inter alia*, it had served the Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form and Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates on OG&E via first class mail on December 17, 2008, OG&E has no record of ever receiving any such notice. *See* Affidavit of Abbey Campbell, attached hereto as Exhibit 1.

Accordingly, having been denied the notice required under due process, OG&E must be allowed to file its proof of claim out of time. *See also In the Matter of Harbor Tank Storage Co., Inc.*, 385 F. 2d 111, 114 (3rd Cir. 1967) ("[U]nder the circumstances, Murray Oil had an absolute right to file and prove its claim in the proceeding, despite the fact that the bar date had passed and the plan was confirmed. The rejection of Murray Oil's petition in the face of the inexplicable failure of the trustee to give Murray Oil any of the various notices required by Chapter X [of the former Bankruptcy Act] - despite the trustee's actual knowledge of Murray Oil's unsatisfied, meritorious

00401583.DOC                                                         4

claim - constitutes a denial of due process").

## II. EVEN IF OG&E'S DUE PROCESS RIGHTS HAD NOT BEEN VIOLATED, OG&E WOULD BE ENTITLED TO FILE ITS PROOF OF CLAIM OUT-OF-TIME UNDER THE "EXCUSABLE NEGLECT" STANDARD OF BANKRUPTCY RULE 9006(B).

Since OG&E's right to file its proof of claim is clear as a matter of due process, OG&E need not undertake an "excusable neglect" analysis under Bankruptcy Rule 9006(b). *See Greyhound Lines,* 63 F.3rd at 735-736. However, OG&E's failure to file its general unsecured proof of claim, prior to a Bar Date of which it had no notice, clearly satisfies the excusable neglect standard of Bankruptcy Rule 9006(b).

Among the relevant factors in making a determination as to "excusable neglect" are the danger of prejudice to the debtor; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *See Greyhound Lines,* 63 F.3rd at 737.

The length of the delay in this instance is only one month (some twenty-two days): from the January 30, 2009 General Claims Bar Date to OG&E's filing of its March 3 general unsecured Proof of Claim. OG&E is unaware of any ground for concluding that the late filing of OG&E's claim would have a significant untoward impact on the case, such as to justify barring OG&E's participation in any distribution to creditors. Additionally, OG&E never received notice of the Bar Date. *See* Affidavit of Abbey Campbell, attached hereto as Exhibit 1. Finally, OG&E submits that it has not acted in bad faith.

In any event, where a creditor's failure to timely file a proof of claim is due to the Debtors' failure to afford it notice of the claim bar date, leave to file out-of-time is warranted. *See Pioneer Investment Serv. Co. v. Brunswick Associates, Ltd.,* 507 U.S. 380, 395 (1993) ("Had respondents here been prevented from complying with the bar date by an act of God or some other circumstance

beyond their control, the Bankruptcy Court plainly would have been permitted to find 'excusable neglect'"). *See also In re: AMWC, Inc.,* 109 B.R. 210, 212-213 (Bkrtcy. N.D. Tex. 1989) ("'Excusable neglect' has been defined by the Eleventh Circuit as 'the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.... Clearly, a creditor who receives no notice of a bar date can receive permission from a Bankruptcy Court to file a late proof of claim").

Accordingly, OG&E respectfully requests the Court enter an Order declaring OG&E's March 3 general unsecured Proof of Claim timely filed. In the alternative, OG&E respectfully requests the Court enter an Order permitting OG&E to file a second general unsecured proof of claim out of time.

## CONCLUSION

WHEREFORE, OG&E respectfully requests the Court enter an Order declaring OG&E's March 3, 2009 Proof of Claim timely filed. In the alternative, OG&E respectfully requests the Court enter an Order permitting OG&E to file a second proof of claim.

Respectfully submitted,

By: *Abbey Campbell*
Abbey Campbell
Bankruptcy Clerk
OG&E Electrical Services
3220 South High Street
Oklahoma City, OK 73129
Telephone: (405) 619-6521
campbeal@oge.com

00401583.DOC                                6

## CERTIFICATE OF MAILING

I hereby certify that on the 29th day of June, 2009, I transmitted a true and correct copy of the foregoing document, to the Clerk of the Court by hand delivery and by facsimile to the following:

Skadden, Arps, Slate, Meagher & Flor, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks
Facsimile: 888.329.3792
Telephone: 302.651.3150


Skadden, Arps, Slate, Meagher & Flor, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson
Facsimile: 312.407.8680
Telephone: 312.407.0786

McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley
Facsimile: 804.698.2078
Facsimile: 757.640.3957
Telephone: 804.775.1144
Telephone: 757.640.3715

By: /s/ Abbey Campbell
Abbey Campbell

# EXHIBIT 1

Hearing Date: July 6, 2009 at 2:00 p.m.

Objection Deadline: June 29, 2009

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al,. | ) | Case No. 08-35653-KRH |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**AFFIDAVIT OF ABBEY CAMPBELL IN SUPPORT OF OG&E'S RESPONSE OF
OKLAHOMA GAS AND ELECTRIC COMPANY
TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN
(I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS**

| | |
|---|---|
| STATE OF OKLAHOMA | ) |
| | ) ss. |
| COUNTY OF OKLAHOMA | ) |

I, Abbey Campbell, of legal age, being first duly sworn upon my oath, do state and aver the following:

1.  I am the Bankruptcy Clerk for OG&E Electrical Services, also known as Oklahoma Gas and Electric Company ("OG&E"). I have served in that capacity for 4 years. I have been employed by OG&E for a total of 7 years. My office is at 3220 South High Street, Oklahoma City, Oklahoma 73129. I have personal knowledge of the matters set forth herein.

2.  OG&E's records within my control, and prepared and maintained under my supervision reflect that Debtors Circuit City Stores, Inc. et al are indebted to OG&E in the sum of $9,862.44 (excluding the administrative claim filed December 19, 2008) as of June 26, 2009. None of that sum has been paid.

3.  The amount owed relates to electrical services provided by OG&E to Debtors at nine (9) locations in Oklahoma and Arkansas:

   (1)   1901 Cooper Drive, Ardmore, Oklahoma (Account No. 455090-1);

(2) 13730 N. Pennsylvania Avenue, Oklahoma City, Oklahoma (Account No. 127233542-1);

(3) 1620 24th Avenue NW, Norman, Oklahoma (Account No. 128118300-2);

(4) 1901 Cooper Drive, Ardmore, Oklahoma (Account No. 455151-1);

(5) 221 SE 74th, Oklahoma City, Oklahoma (Account No. 698635-0);

(6) 1409 W I-240 Service Road, Oklahoma City, Oklahoma (Account No. 127828464-9);

(7) 3625 NW Expressway, Oklahoma City, Oklahoma (Account No. 1157149-4);

(8) 1157 NW Expressway APT HSE, Oklahoma City, Oklahoma (Account No. 1157168-4); and

(9) 7601 Rogers Avenue, Fort Smith, Arkansas (Account No. 145250-7).

4. OG&E did not receive the Notice of Deadline for Filing Proofs of Claim and Proof of Claim Form (attached hereto as Exhibit 1-A) and Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Fixing of Certain Dates (attached hereto as Exhibit 1-B).

5. Because OG&E did not receive the foregoing documents, OG&E first learned that a general Claim Bar Date had been set in this case on or shortly after June 10, 2009 when I received Debtors' Ninth Omnibus Objection to Certain (I) Late Claims and (II) Late 503(B)(9) Claims.

6. OG&E's procedure is to prepare and file an unsecured proof of claim upon receipt of notice that a general unsecured claim bar date has been set. Not having received any such notice in connection with this case, OG&E did not file its Proof of Claim with Kurtzman Carson until March 3, 2009.

FURTHER AFFIANT SAYETH NOT.

ABBEY CAMPBELL

Subscribed and sworn to before me this 24 day of June, 2009.

Notary Public

My Commission Expires: 8-10-09
My Commission No. 05007380