UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION OF AMREIT, A TEXAS REAL ESTATE INVESTMENT
TRUST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

AmREIT, a Texas Real Estate Investment Trust ("AmREIT"), by and through its counsel, Gregory Kaplan, PLC, hereby moves this Court (the "Motion") for entry of an Order, pursuant to 11 U.S.C. §§ 365(d)(3), 503(b), and 507(a)(2), allowing an administrative expense claim for: (i) post-petition, pre-rejection rent from November 10, 2008 through November 30, 2008; (ii) post-petition, pre-rejection taxes and owner association fees; and (iii) attorney's fees and costs. In support of this Motion, AmREIT respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2) and 1334.

3. Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Troy Savenko (Va. Bar No. 44516)
Leslie A. Skiba (Va. Bar No. 48783)
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
Post Office Box 2470
Richmond, VA  23218-2470
Telephone:(804) 423-7921
Facsimile: (804) 230-0024

*Counsel to AmREIT, a Texas Real Estate Investment Trust*

## BACKGROUND

4. On or about April 24, 1997, The Woodlands Corporation entered into a ground lease (the "Lease") with Circuit City Stores, Inc. (the "Debtor") for a portion of that certain real property commonly known as The Woodlands Mall in Montgomery County, Texas (the "Property"). AmREIT is the successor-in-interest to The Woodlands Corporation as owner of the Property and Landlord under the Lease. A true and correct copy of the Lease is attached hereto as Exhibit A and is incorporated herein by reference.[1]

5. On November 10, 2008, the Debtor commenced a case under Chapter 11 of the Bankruptcy Code in this Court (the "Petition Date").

6. Pursuant to that certain Notice of Rejection of Unexpired Leases and Abandonment of Personal Property dated March 6, 2009 [Docket No. 2463], the Debtor rejected the Lease effective as of March 13, 2009 (the "Rejection Date").

## RELIEF REQUESTED

By this Motion, AmREIT requests that the Court enter an order allowing an administrative claim for: (i) post-petition, pre-rejection rent from November 10, 2008 through November 30, 2008; (ii) post-petition, pre-rejection taxes and owner association fees; and (iii) attorney's fees and costs pursuant to the provisions of the Lease.

### A. **Allowance of Stub Rent as an Administrative Expense Claim.**

The Debtor filed its bankruptcy petition on November 10, 2008, but failed to pay rent and related charges to AmREIT for the entire month. In its Memorandum Opinion dated February 12, 2009 (the "Stub Rent Opinion") [Docket No. 2107], this Court held that lessors holding leases

---

[1] All Exhibits will be served electronically. Any party may request a copy from the undersigned counsel.

2

that required the Debtor to pay its November 2008 rental obligations on November 1, 2008 were "... accorded administrative priority expense treatment under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and such Stub Rent claims shall be payable upon the effective date of any plan of reorganization in these cases, or at such time as the Court may order upon further motion." Stub Rent Opinion, p. 14. The Court further opined that Stub Rent claims shall be determined using the "accrual method" and that the Court will apply this methodology for all leases notwithstanding whether the lessor filed a motion. Id., at 12.

Pursuant to Paragraph 6 of the Lease, the Debtor is required to pay Base Rent in advance on the first day of each succeeding calendar month. The Debtor failed to pay Base Rent on November 1, 2008, yet occupied the Property for twenty-one (21) days in November incurring a post-petition Base Rent obligation of $12,324.41, which amount remains due and owing (the "AmREIT Stub Rent").

Therefore, pursuant to the Stub Rent Opinion, AmREIT is entitled to an administrative expense claim in the amount of $12,324.41 for the AmREIT Stub Rent.[2]

**B.    Allowance and Payment of Additional, Post-Petition Rent and Related Charges.**

Generally, debtors "must timely perform" all of their obligations "arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(l)." See 11 U.S.C. § 365(d)(3).

Furthermore, it is well established that a landlord of nonresidential real property is not to be forced to contribute its real property for the benefit of the bankruptcy estate without the

---

[2] AmREIT reserves the right to seek immediate payment of the AmREIT Stub Rent and any other claims asserted herein pending the result of the appeal of the Stub Rent Opinion.

3

landlord being adequately compensated for the burden of ownership borne by the landlord. See In re Trak Auto Corp., 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) (noting that landlord cannot be forced to become involuntary creditors of a debtor), aff'd 288 B.R. 114 (E.D. Va. 2003), rev'd on other grounds, 367 F.3d 237 (4thCir. 2004).

To that end, courts have held that a debtor's failure to pay its post-petition rent, taxes, and other charges to the lessor results in an administrative expense priority claim for the full amount of such charges as provided for in the lease. See In re Midway Airlines Corp., 406 F. 3d 229,235-37 (4th Cir. 2005). Moreover, it is not necessary for a lessor under a non-residential, real property lease to demonstrate that such charges are "actual and necessary" to the estate. Stub Rent Opinion, p. 15, quoting In re Midway Airlines Corp., 406 F.3d at 237 ("Specifically, the court explained that 'when a lessor seeks an administrative expense for 'all of the obligations' due under a lease, the 'notwithstanding § 503(b)(1)' proviso . . . relieves the lessor from proceeding under § 503(b)(1)(A), which would limit the recovery to an amount representing only the actual and necessary use by the estate'").

Pursuant to Paragraph 10(b) of the Lease, the Debtor is required to pay all "Impositions" (as defined in Paragraph 10(a) of the Lease) as additional rent. Among other Impositions, the Debtor is required to pay (i) ad valorem taxes (the "Taxes") and (ii) assessments made pursuant to the terms of the Declaration and/or the Declaration of Covenants and Restrictions of the Woodlands Commercial Owners Association (the "WCOA").

On January 13, 2009, the WCOA issued the "Assessment Statement" attached hereto as Exhibit B (the "WCOA Assessment"). "Assessment Fees" are due annually on January 1st and are paid in advance. The total "Assessment Fee" due for 2009 was $6,907.14. The Debtor

4

occupied the Property for seventy-two (72) days in 2009. Thus, the Debtor owes $1,202.72 for its pro rata share of the WCOA Assessment, as reflected in the chart below.

The Debtor is further required to reimburse AmREIT for its post-petition, pre-rejection share of the following Taxes:[3]

|  | **Total Due** | **Per Diem** | **Pro Rata Amt. (52 Days)** |
|---|---|---|---|
| **2008 Land Tax (Montgomery County)** | $49,055.56 | $134.40 | $6,988.74 |
| **2008 Land Tax (Woodlands Metro Center MUD)** | $3,861.52 | $10.58 | $550.13 |
| **2008 Improvement Tax (Woodlands Metro Center MUD)** | $2,333.14 | $6.39 | $332.39 |
| **2008 Improvement Tax (Montgomery County)** | $29,639.52 | $81.20 | $4,222.62 |
|  |  | $232.57 | $12,093.88 |

|  | **Total Due** | **Per Diem** | **Pro Rata Amt. (72 Days)** |
|---|---|---|---|
| **2009 WCOA Assessment** | $6,097.14 | $16.70 | $1,202.72 |
| **2009 Land Tax (Montgomery County) (Estimated)[4]** | $49,055.56 | $134.40 | $6,988.74 |
| **2009 Land Tax (Woodlands Metro Center MUD) (Estimated)** | $3,861.52 | $10.58 | $550.13 |
| **2009 Improvement Tax (Woodlands Metro Center MUD) (Estimated)** | $2,333.14 | $6.39 | $332.39 |
| **2009 Improvement Tax (Montgomery County) (Estimated)** | $29,639.52 | $81.20 | $4,222.62 |
|  |  | $249.28 | $13,296.60 |

**Total Post-Petition Taxes and Assessments Due**     **$25,390.49**

The Debtor has failed to pay the Taxes and WCOA Assessment for the entire post-petition use of the Property through and including the Rejection Date. Accordingly, AmREIT requests allowance of its administrative claim for reimbursement of the Taxes and WCOA Assessment in the total amount of $25,390.49.

### C.     Allowance and Payment of Attorney's Fees and Costs.

In addition to the aforementioned post-petition Lease obligations, the Debtor is also required to reimburse AmREIT for its attorney's fees and costs. Stub Rent Opinion, p. 15, quoting In re Midway Airlines Corp., 406 F.3d at 235 ("[A] lessor is entitled to recover all

---

[3] True and correct copies of the 2008 tax statements are attached hereto as Exhibits C1, C2, C3 and C4.
[4] The 2009 tax assessments will not be issued until later in the year. The estimated amounts have been determined using the 2008 tax rates and land/improvement values.

5

payments due under the lease (including rent, taxes, interest, late fees, and attorney's fees) as an administrative expense"). Pursuant to Paragraph 33(c) of the Lease, the Debtor is also required to reimburse AmREIT for all "such reasonable and actual expenses as Landlord may incur in recovering the possession of the Premises … and all other reasonable and actual expenses … incurred by Landlord in exercising any remedy provided herein or as a result of any Event of Default by Tenant hereunder (<u>including without limitation attorney's fees</u>) …." Lease, ¶33(c) (emphasis added).

As of June 30, 2009, AmREIT has incurred approximately $13,300.00 in legal fees. AmREIT will continue to incur fees until this Motion is resolved and reserves the right to amend its claim for attorney's fees as necessary. Accordingly, AmREIT requests that the Court award AmREIT its attorney's fees in an amount to be proven at the hearing on this Motion.

## REQUEST FOR WAIVER OF LOCAL RULE 9013-1(G)

AmREIT respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

## CONCLUSION

WHEREFORE, AmREIT respectfully requests that this Court enter an Order granting AmREIT an allowed administrative expense claim for: (i) post-petition, pre-rejection rent from November 10, 2008 through November 30, 2008 in the amount of $12,324.41; (ii) post-petition, pre-rejection taxes and owner association fees in the total amount of $25,390.49; and (iii) attorney's fees and costs in an amount to be proven at the hearing on this Motion, but not less than $13,300.00; and (v) any other and further relief that this Court deems just and proper.

Dated: June 30, 2009                    Respectfully Submitted,

                                        /s/ Troy Savenko
                                        Troy Savenko (Va. Bar No. 44516)
                                        Leslie A. Skiba (Va. Bar No. 48783)
                                        GREGORY KAPLAN, PLC
                                        7 East Second Street (23224-4253)
                                        Post Office Box 2470
                                        Richmond, VA   23218-2470
                                        Telephone:    (804) 423-7921
                                        Facsimile:    (804) 230-0024

                                        *Counsel for AmREIT, a Texas Real Estate Investment Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2009, I caused a copy of the foregoing to be served upon all parties on the Primary Service List as defined by the "Case Management" Order entered by the Court in the above-captioned case on November 13, 2008 via the Court's CM/ECF Noticing System, electronic mail, or U.S. Mail, postage pre-paid.

                                        /s/ Troy Savenko