**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
CIRCUIT CITY STORES, INC., et al..                      :    Case No. 08-35653-KRH
                                                        :
               Debtors.                                 :    Jointly Administered
                                                        :    Judge Kevin R. Huennekens
------------------------------------------------------- x

**GALLERIA PLAZA, LTD.'S APPLICATION FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Galleria Plaza, Ltd. ("**Galleria**") by and through its undersigned counsel, hereby submits this Application for Payment of Administrative Expense Claim (the "**Application**"), and in support thereof would show the Court as follows:

**BACKGROUND**

1.  On June 7, 1995 Galleria and Circuit City Stores, Inc. ("**Debtor**") entered into a lease (the "**Lease**") whereby certain non-residential real property located at 13838 Dallas Parkway, Dallas, Texas (the "**Premises**") was leased from Galleria to Debtor. A true and correct copy of the Lease is attached hereto as **Exhibit A**. Debtor, in turn, decided to enter into that certain sublease agreement on April 1, 2007 (the "**Dick's Sublease**") whereby it would sublet a portion of the Premises to Dick's Sporting Goods, Inc. ("**Dick's**"). Debtor further decided to enter into that certain sublease agreement on January 9, 1997 (the "**Lakeshore Sublease**")

Henry (Toby) P. Long III [VSB # 75134]                  Lynnette R. Warman [Texas Bar No. 20867940]
Thomas N. Jamerson [VSB # 75035]                        Cameron W. Kinvig [Texas Bar No. 24055780]
**HUNTON & WILLIAMS LLP**                               **HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower                            1445 Ross Avenue, Suite 3700
951 East Byrd Street                                    Dallas, TX  75202
Richmond, VA  23219-4074                                Telephone:  (214) 468-3393
Telephone:  (804) 788-8200                              Facsimile:  (214) 740-7151
Telecopier:  (804) 788-8218

*Attorneys for Parker Central Plaza, Ltd.*
73935.000003 EMF_US 27721959v1

whereby it would sublet the remainder of the Premises to Lakeshore Learning Materials, a general partnership, d/b/a Lakeshore Learning Store ("**Lakeshore**").

2. Pursuant to both the Dick's Sublease and the Lakeshore Sublease, monthly rent became due and payable in advance on the first day of each calendar month. Under the Dick's Sublease, Dick's was to pay Debtor $69,193.23 in monthly rent and CAM charges, and $18,293.67 in pro-rata property taxes, for a monthly total of approximately $87,486.90. Under the Lakeshore Sublease, Lakeshore was to pay Debtor $21,399.25 in monthly rent and CAM charges, along with $5,500 in pro-rata property taxes, for a monthly total of approximately $26,899.25. Debtor's course of dealing was to remit monthly rent and CAM charge payments under the Lease to Galleria, but to hold the pro-rata property tax payments received from Dick's and Lakeshore in trust until Galleria invoiced Debtor for yearly payment of those taxes. The amount of pro-rata taxes remitted on a monthly basis by Lakeshore and Dick's was less than the full amount of the property taxes due and payable for the Premises. Debtor was responsible to make up for any shortfall in the taxes it collected from Dick's and Lakeshore when it remitted payment for the yearly property tax invoice submitted by Galleria.

3. Debtor filed for bankruptcy protection on November 10, 2008 (the "**Petition Date**"), and filed a motion seeking to reject the Lease and the Dick's and Lakeshore Subleases as of the Petition Date. *See* Debtor's Motion for Order Authorizing Rejection of Unexpired Leases of Nonresidential Real Property (the "**Motion to Reject**"), at Docket # 21. While the Court granted the Motion to Reject on an interim basis on the Petition Date, it allowed parties-in-interest to object to such relief becoming final if an objection was filed no later than November 20, 2008. *See* Order Granting Motion to Reject, at Docket No. 81.

4.      As of the Petition Date, upon information and belief, Debtor held approximately $201,230.37 in pro-rata 2008 real estate taxes paid by Dick's, approximately $60,500.00 in pro-rata 2008 real estate taxes paid by Lakeshore, and owed Galleria an additional $5,158.30 in pre-petition deficiency tax payments over and above the taxes collected from Dick's and Lakeshore (together, the "**Unremitted Taxes**").  Under the terms of the Lease, Debtor also owed Galleria an additional $38,839.33 in post-petition 2008 taxes for the Premises (the "**Unpaid Taxes**").  As of the Petition Date Debtor also held approximately $69,193.23 in monthly rent and CAM charges paid by Dick's for November, 2008, and $21,399.25 in monthly rent and CAM charges paid by Lakeshore for November, 2008, (the "**November Rent**").

5.      Recognizing that its interests could be prejudiced by rejection of the Lease and the Dick's Sublease, Dick's filed its Limited Objection to the Order Granting Motion to Reject on November 20, 2008, at Docket No. 275 (hereinafter referenced as the "**Dick's Objection**"). Galleria filed a joinder, an amended joinder, and a second amended joinder to the same at Docket Nos. 719, 927, and 2657 respectively (together, referenced herein as the "**Galleria Joinder**"). Upon information and belief, the Dick's Objection and the Galleria Joinder have not yet been heard, and so the Lease and the Dick's and Lakeshore Subleases remain in full force and effect.

6.      Property taxes for the 2008 tax year were due and payable by Debtor under the terms of the Lease no later than January 15, 2009, because Galleria was required to pay the same to the taxing authority no later than January 31, 2009.  Debtor has refused to turn over to Galleria the Unremitted Taxes, the Unpaid Taxes, and the November Rent it collected from Dick's and Lakeshore, causing great prejudice to Galleria, Dick's, and Lakeshore.  Debtor holds both the Unremitted Taxes and the November Rent in constructive trust for Dick's and Lakeshore, and its failure to pay these funds to Galleria on a post-petition basis equals a conversion of those funds.

While the automatic stay does grant Debtor relief from certain obligations, it does not give Debtor the wholesale ability to convert funds on a post-petition basis. Debtor owes Galleria the full amount of the Unremitted Taxes and the November Rent on a post-petition basis, and Galleria is entitled to full and immediate payment of the same as an administrative expense priority claim. Any other result would be inequitable, and would be a tacit approval of Debtor's bad acts.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

8. By this Application, Galleria requests that the Court enter an order substantially in the form attached hereto, allowing Galleria an administrative expense claim in the full amount of the Unremitted Taxes, the Unpaid Taxes, and the November Rent, and directing the Debtor to pay that amount to Galleria within ten (10) days from the entry of such order.

## BASIS FOR RELIEF AND MEMORANDUM OF LAW

9. Under Section 503(b) of the Bankruptcy Code, a creditor is allowed an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate . . ." The Bankruptcy Code and the Fourth Circuit both require that the Tenant promptly pay all post-petition obligations for the properties it leases. Section 365(d)(3) of the Bankruptcy Code requires that "the trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease . . . until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

10. Instead of being disadvantaged by a lessee's bankruptcy filing, and subsequent failure to pay post-petition rent, taxes, and insurance, a lessor is entitled to an administrative expense priority claim for the **full amount of rent, taxes, and insurance provided for by the lease**, that remains unpaid on a post-petition basis. *See In re Midway Airlines Corp.*, 406 F.3d 229, 235-37 (4th Cir. 2005); *In re Pudgie's Dev. Of NY, Inc.*, 202 B.R. 832. 836 (Bankr. S.D.N.Y. 1996) ("the provisions of §§ 365(b)(1) and 365(d)(3) unambiguously grant priority status to [landlords as a] . . . class of involuntary claimant[s]"); *see also* 11 U.S.C. § 502(b)(1)(B) (stating that property taxes are "actual, necessary costs and expenses of preserving the estate," and therefore qualify as administrative expense claims). Section 365(d)(3) not only fixes "the amount to be paid by debtor-tenants pending assumption or rejection of the lease at the amount provided in the lease," but it also requires that "these payments [must] be paid at the time required in the lease." *In re Child World, Inc.*, 161 B.R. 571, 575 (S.D.N.Y. 1993); *see also In re Fin. News Network, Inc.*, 149 B.R. 348, 352 n.4 (Bankr. S.D.N.Y. 1993).

11. Here, neither the Unremitted Taxes, nor the November Rent that are held by Debtor belong to the Debtor or its estate. Instead, these funds, totaling well over $300,000.00, have been paid by Dick's and Lakeshore, are held in constructive trust by Debtor for payment to Galleria, and must be remitted to Galleria at the earliest possible time. *Leach v. Conner*, No. 13-01-468-CV, 2003 Tex. App. LEXIS 10173, at *22-*27 (Tex. Civ. App.—Corpus Christi Dec. 4, 2003, no pet.) (holding that rent paid by tenant to purchaser of property, who was subject to divestment by original owner's statutory right to redemption, was held in constructive trust by purchaser and must be paid following original owner exercising redemption right). Anything short of immediate post-petition payment of the Unremitted Taxes and the November Rent equates to criminal conversion on the part of Debtor. *Id*. at *16-*20 (holding that purchaser of

property converted rent collected from tenant by wrongfully refusing to turn same over to owner following owner's exercise of redemption right); *United States v. Herring*, 72 Fed. Appx. 57, 62 at n. 3 (5th Cir. 2003) (criminal conversion is defined as "the wrongful taking of money or property belonging to someone else with the intent to deprive the owner of its use or benefit either temporarily or permanently").

12. The Unremitted Taxes, the Unpaid Taxes, and the November Rent are all due and payable by Debtor on a post-petition basis under the terms of the Lease, because the Lease has not yet been rejected, and because the Unremitted Taxes and the November Rent have already been remitted to Debtor, and are being held in trust for payment to Galleria. The Debtor's obligation as a constructive trustee to remit these funds did not evaporate or otherwise disappear with the filing of its bankruptcy petition. If anything, its post-petition obligation to turn over the Unremitted Taxes and the November Rent increased because it began to operate under the watchful eye of this Court, and therefore cannot continue its wrongful conversion of those funds. Because Debtor had a duty to disgorge the Unremitted Taxes, the Unpaid Taxes, and the November Rent to Galleria on a post-petition basis, and did not do so, the full amount of each obligation must be allowed by this Court as an administrative expense priority claim that is immediately payable. If these funds are not recognized as a post-petition obligation, and immediately paid as an administrative expense claim, Debtor will reap an enormous and undeserved windfall, and Dick's and Lakeshore, which are innocent parties to Debtor's wrongdoing, will be forced to pay double their fair share.

## NOTICE AND NO PRIOR REQUEST

13. The relief requested by the Application has not been previously requested in this, or any other court. Notice of this Application has been provided to (i) Counsel to the Debtor; (ii)

73935.000003 EMF_US 27721959v1

the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, and (iii) all parties requesting such notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Landlord submits that no further notice of this Application is required.

WHEREFORE, PREMISES CONSIDERED, Galleria requests that the Court enter an order (i) granting Galleria an administrative expense priority claim for the full amount of the Unremitted Taxes, the Unpaid Taxes, and the November Rent, (ii) compelling the Debtor to pay the Unremitted Taxes, the Unpaid Taxes, and the November Rent due and owing under the Lease, within ten (10) days of the entry of such order, and (iii) granting it such other and further relief to which it may be justly entitled.[1]

Dated this 30th day of June, 2009.

Respectfully submitted,

*/s/ Thomas N. Jamerson*
Henry (Toby) P. Long III [VSB # 75134]
Thomas N. Jamerson [VSB # 75035]
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

Lynnette R. Warman [Texas Bar No. 20867940]
Cameron W. Kinvig [Texas Bar No. 24055780]
**HUNTON & WILLIAMS LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX  75202
Telephone:  (214) 468-3393
Facsimile:  (214) 740-7151

**ATTORNEYS FOR GALLERIA PLAZA, LTD.**

---

[1] Galleria is still in the process of assessing all amounts owed by Debtor under the terms of the Lease, and hereby expressly reserves its right to amend this Application, for any reason, in the future.

## **CERTIFICATE OF SERVICE**

       I certify that on the 30th day of June, 2009, I caused Galleria Plaza, Ltd.'s Application to be served upon the parties on the Court's ECF service list via the Court's electronic case filing system. To the extent that a party requesting notice does not receive the same via the Court's electronic case filing system, service will be conducted on that party via United States Mail, First Class, and/or by facsimile or e-mail no later than the next business day following the filing of this Application.

                                                *Lynnette R. Warman*
                                                Lynnette R. Warman