FILED

2009 JUN 29 PM 2:30

RICHMOND DIVISION

Gilbert D. Sigala, Esq.   (State Bar No. 109905)
LAW OFFICES OF GILBERT D. SIGALA
1818 W. Beverly Blvd., Suite 206
Montebello, CA 90640
Phone Number:         (323) 726-2150
Facsimile Number:    (323) 726-9183

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:  ) Chapter 11
  )
CIRCUIT CITY STORES, INC., et al.,  ) Case No. 08-35653 (KRA)
  )
  ) Jointly administered
Debtors.  )
  ) REPLY TO DEBTORS' NINTH
  ) OMNIBUS OBJECTION TO CERTAIN
  ) (I) LATE CLAIMS AND (II) LATE
  ) 503(B) (9) CLAIMS; DECLARATIONS
  ) OF GILBERT D. SIGALA and
  ) ARMIDA ADDESSI
  )

Claimant John Batioff hereby makes the following opposition in response to debtors' ninth omnibus objection to certain (I) late claims and (II) late 503 (B) (9) claims.

1. Claimant John Batioff has a claim for $275,000.00 based upon injuries sustained on December 18, 2007 in a fall due to dangerous condition that existed in form of a mat covering the threshold of the entrance to the Circuit City Store which caused Mr. Batioff to fall and sustain personal injuries. Attached as **Exhibit "1"** are medical billing which document severe cervical injury to Mr. Batioff requiring recommended surgical intervention as recommended by neurosurgeon Michael Sukoff, M.D. in his report of April 9, 2008.

2. As further set forth in the declaration of claimant's counsel, claimant should not be subject to the omnibus objection since claimant's claim was pending and listed in a printout of claims

1 of 8

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B) (9) CLAIMS; DECLARATIONS OF GILBERT D. SIGALA and ARMIDA ADDESSI

existing before the deadline, since, the adjusters of the claim for Circuit City never notified plaintiffs counsel that deadlines for claims were imminent, since it was not reasonable time and or adequate remedy to allow a late claim if in fact one was necessary, since counsel did not receive notice of the deadline from any representative of Circuit City Stores, Inc. for filing a proof of claim, and since excusable neglect should allow the claim to be considered.

Dated: June 26, 2009                        LAW OFFICES OF GILBERT D. SIGALA

                                            _____
                                            Gilbert D. Sigala, Esq.

2 of 2

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B)(9) CLAIMS. DECLARATIONS OF GILBERT D. SIGALA and ARMIDA ADDESSI

## DECLARATION OF GILBERT D. SIGALA

I, Gilbert D. Sigala declare as follows:

1. I am an attorney licensed to practice before all Courts of the State of California and Central District of U.S. District Court, and I am the attorney of record for the creditor, John Batioff.

2. Except as otherwise stated, all information set for the in this declaration is based upon personal knowledge and if called upon to testify, I could and would competently testify thereto.

3. This case arises out of the contention that Circuit City Stores located in Fullerton, CA allowed a dangerous condition to exist on its premises in the form of a mat covering the threshold of the entrance to the store which caused Mr. Batioff to fall and sustain personal injuries. Attached as **Exhibit "1"** are medical reports, billings, and demand letter which document severe cervical injury to Mr. Batioff requiring recommended surgical intervention as recommended by neurosurgeon Michael Sukoff, M.D. in his report of April 9, 2008.

4. I submitted a demand package for payment on the personal injury claim to Circuit City adjusters on June 24, 2008 **Exhibit "1"** and thereafter had periodic contact with them regarding the claim. At no time was I ever advised by any representative that Circuit City was filing Bankruptcy or that a separate claim or proof of claim needed to be filed.

5. At no time did I ever receive written notification from any attorneys or agents of Circuit City nor did I read in any periodical in the Los Angeles area that a bankruptcy filing had been made by Circuit City and that a claim needed to be file with the bankruptcy court in order for my client's claim for injuries to be considered and/or paid.

6. Having received neither reply nor any written notice from Circuit City or any other source my staff searched the internet in March 2009 and observed that a claim was in fact listed in this Bankruptcy case but did not indicate a liquidated amount. Armida Addessi of my office was directed to and thereafter, contacted Kurtzman, Carson Consultants LLC and was advised that the claim was protected and that we could submit additional documentation to augment the claim and state the liquidated amount. A proof of claim was then mailed on March 31, 2009 setting forth the dollar amount of $275,000.00.

7. I have additionally submitted a Claim for Administrative Expenses on June 1, 2009.

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B) (9) CLAIMS;
DECLARATIONS OF GILBERT D. SIGALA and ARMIDA ADDESSI

8. It is my belief that the claim for Mr. Batioff should be excluded from the omnibus motion since Circuit City was aware and had the claim on file before any purported deadline. It is also my belief that by virtue of these representations Circuit City should be estopped and/or has waived any defenses. It also appears that the number of omnibus objections here is in excess of the number by the Bankruptcy code and/or local rules.

9. In the event the court finds there has not been substantial compliance and/or that grounds for estoppel exists, I believe the proof of claim should be considered due to excusable neglect. As stated in paragraphs 4-6 above, Circuit City was put on notice of a pending claim in June 2004 and I in good faith believed I had adequately protected my clients interests through the actions taken as described. It is my belief that the delay in this case was short and since substantial closure in the court administration has not been made in this bankruptcy and there is not been inordinate prejudice suffered by debtor. Also, Mr. Batioff has been represented and relied on counsel throughout these action and should not be penalized by counsel's actions. Finally, the objections of Circuit City should be disallowed since the time period for filling claims was inordinately short, any notices related thereto were not well circulated and I never received any written notices of deadlines from any representative at Circuit City.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2009            LAW OFFICES OF GILBERT D. SIGALA

_____
Gilbert D. Sigala

## DECLARATION OF ARMIDA ADDESSI

I, Armida Addessi declare as follows:

1. I am an assistant of the Law Offices of Gilbert D. Sigala.

2. Except as otherwise stated, all information set forth in this declaration is based upon personal knowledge and if called upon to testify, I could and would competently testify thereto.

3. On February 20, 2009 I looked up the website for Kurtman Carson Consultants and found claimant's name John Batioff on the list. I then called and left a message with the Law Offices of Kurtzman Carson Consultants.

4. Then later spoke to an attorney named David. He advised me that Mr. Batioff's claim was already filed in the system and that I should go ahead and file a proof of claim to state the amount as that information was missing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 26, 2009

_/s/ Armida Addessi_
Armida Addessi

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B) (9) CLAIMS;
DECLARATIONS OF GILBERT D. SIGALA and ARMIDA ADDESSI

**EXHIBIT "1"**

Case 08-35653-KRH    Doc 3901    Filed 06/29/09    Entered 07/01/09 16:43:38    Desc Main
Document      Page 6 of 13

# Law Offices of Gilbert D. Sigala

1818 W. Beverly Blvd., Suite 206
Montebello, CA 90640
(323) 726-2150
Fax (323) 726-9183

June 24, 2008

Lisa Griffith
Specialty Risk Services
P.O. Box 799
Marlton, NJ 08053

    RE:    Our Client(s)    :  John Batioff
           Your Insured    :  Circuit City
           Your Claim No.:  YLB46588L
           Date of Loss    :  12/18/07

Dear Ms. Griffith:

    As you know the undersigned represents the interest of John Batioff in the above referenced matter. We have now received the medical specials and are in a position to make demand for settlement of this claim without further need for litigation. To that end, enclosed please find the following medical specials

        O'Connor Chiropractic, Inc. . . . . . . . . . . . . . . . . . . . . $1,087.50
        Advanced Professional Imaging Medical Group . . . $1,760.00
        Michael H. Sukuoff, M.D. . . . . . . . . . . . . . . . . . . . . . $1,200.00
                                                           $4,047.50

    As you know it is our position that your principal is one hundred percent at fault for this accident. The facts reveal that on December 18, 2007, my client was walking into a store when his foot got caught on an improperly positioned doormant that was lying half-way over the metal threshold causing him to fall forward landing on his knee causing the injuries described below.

    Due to continuing symptomatology, Mr. Batioff presented himself to O'Connor Chiropractic on December 21, 2007 complaining of neck, right arm, lower back and hip pain with weakness in both legs. He was placed on a course of physical therapy which consisted of multiple modalities and was periodically re-evaluated. He continued on this regimen until January 25, 2008.

    Because of neurologic involvement, Mr. Batioff was referred to Michael Sukuff for an orthopedic neurological examination. He was examined on January 2, 2008 and an MRI was

Page Two
06/24/08
Claim No.: YLB46588L

recommended. On January 9, 2008 an MRI was conducted at Advanced Professional Imaging Medical Group which revealed the following:

1. the C3-C4 disc level show a 3 to 4 mm. Posterior disc protrusion present. Disc dessication is present. Stenosis is noted in the anteroposterior and lateral recess diameter
2. The C4-C5 disc level shows a 3 mm. Posterior disc protrusion present. Disc dessication is present. Hypertrophic facet changes are noted anteriorly. Relative stenosis is noted in the anteroposterior and laeral recess diameter.
3. The C5-C6 disc level shows a 2 to 3 mm. Central disc protrusion present. Disc dessication is present. Relative lateral recess narrowing is present.
4. The C6-C7 disc level shows a 3 mm. Central disc protrusion present. Disc dessication is present. Spondylosis is present.

*Mr Batioff returned to Dr. Sukoff for re-evaluation on April 9, 2007 with complaints of* persistent neck pain and numbness of the right upper extremity radiating in a C-5-C6 fashion which is a progression of stensis and spinal compromise which was asymptomatic before the accident. *Dr. Sukoff recommended surgery to correct this delicate problem in the neck.*

In his supplemental report of June 14, 2008, Dr. Sukoff notes: the intensity of the disc bulges-herniations, particularly at C5-C6, are suggestive of an acute-subacute injury. The degenerative changes preexisted Mr. Batioff's fall, which not only aggravated them causing a symptoms complex but there is ample evidence that disc protrusion/herniation occurred. This is further substantiated by significant spinal cord effacement and an area of hyper-intensity at C5.

At this time our office is willing to settle this matter in the amount of $275,000.00. Please contact me to discuss your posture towards an amicable resolution of this claim. Thank you for your anticipated prompt attention and cooperation in this matter.

Thank you for your anticipated prompt attention and cooperation in this matter.

Sincerely,

Gilbert D. Sigala

GDS:pr
enclosure

# Michael H. Sukoff, M.D. F.A.C.S.
IME, AME, QME
Diplomate American Board of Neurological Surgery

Clinical Address:
1511 W. Holt Blvd., # D13
Ontario, CA 91762

PH: 909-635-3435
FX: 909-635-3434

April 9, 2008

Attorney
Gilbert Sigala
1818 West Beverly Boulevard
Montebello, CA 90640
Tel: 323-726-2150
Fax: 323-726-9183

RE:                JOHN BATIOFF
DOI:               12/08/2007
EVALUATION DATE:   04/09/2008

## NEUROSURGICAL RE-EVALUATION

Mr. John Batioff is 52 years of age and right-handed.

He sustained multi body part injuries, primarily to his neck as a result of a fall on 12/08/2007 while entering a store.

Mr. Batioff developed a cervical syndrome.

### PRESENT COMPLAINTS:

On today's date, April 9th, he has shown improvement on therapy. There is persistent neck pain with particularly at-night numbness of his right upper extremity radiating in a C5-C6 fashion.

### NEUROSURGICAL EXAMINATION:

Neurosurgical examination reveals an alert and lucid patient. Mr. Batioff has a left footdrop from prior injury and uses a cane.

---

Clinical Address:
999 N. Tustin Ave., Suite 13, Santa Ana, CA 92705
11780 Central Ave., Suite 205, Chino, CA 91710
1511 W. Holt Blvd., Suite D13, Ontario, CA 91762
18800 Amar Rd., Ste. D-1, Walnut, CA 91789

RE: JOHN BATIOFF
Date: 04/09/2008
Page: 2 of 2

Examination reveals full range of motion of the neck with approximately 15% limitation in extension and otherwise normal.

There is no evidence of hyperreflexia and no pathological signs or ankle clonus.

There is no weakness other than for his left footdrop.

## REVIEW OF NEUROIMAGING STUDIES:

Cervical MRI performed in 01/09/2008 reveals significant stenosis at C5-C6 with evidence of cord effacement and on one sagittal study an area of hyper intensity.

These are on the T2 images more suggestive of disc hernia than disc osteophyte complex. There are lesser changes above and below C5-C6.

## DIAGNOSTIC IMPRESSIONS:

Cervical stenosis - severe.

## TREATMENT AND DISCUSSION RECOMMENDATIONS:

Mr. Batioff has responded to non-operative care. His future however is likely progression of the stenosis with significant neural compromise, including spinal cord. Mr. Batioff does not exhibit a myelopathy at this time but he will require re-evaluation by a specialist in neurosurgery at least twice a year with imaging studies. He has a condition that is surgical and indeed is surgical now. If Mr. Batioff had more pain and abnormal findings on exam he likely would opt to have an operation on his cervical spine.

The patient is in jeopardy, should he get into accident, of having severe spinal cord damage and therefore, he does present with surgical indications now. I have explained this to him and will be available to see him as per his decisions.

MICHAEL H. SUROFF, M.D.
Neurosurgeon

MHS/vm/sp

JOB: 20080409221452

**EXHIBIT "2"**

Creditor Data--BATIOFF, JOHN        888-830-4650              Page 1 of 1

## Creditor Data

| Creditor Name: BATIOFF, JOHN  Creditor Notice Name: | Date Claim Filed:  KCC Claim #:  Amend/Replace? No |
|---|---|
| Debtor Name: Circuit City Stores West Coast, Inc.  Case Number: 08-35654 | |
| Claim Nature: General Unsecured  Amount of Claim: | Creditor Info Altered? N |
| Schedule: F  Schedule Amt: $0.00  *This claim has been scheduled as Contingent, Unliquidated and Disputed.* | |

http://www.kccllc.net/Creditor/CreditorData.asp?CID=15110624&R=MainClaim&SS=Y...  2/20/2009

PROOF OF SERVICE
STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I, Patricia Ricoy, I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within entitled action; my business address is 1818 W. Beverly Blvd., Suite 206, Montebello, California 90640.

On June 26, 2009, I served the foregoing documents described as:

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B) (9) CLAIMS; DECLARATIONS OF GILBERT D. SIGALA AND ARMIDA ADDESSI

on all interested parties in this action.

[ ] by personal service [ ] by facsimile [X] by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States post office mail box at Montebello, California, addressed as follows:

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

Dion W. Hayes
Douglas M. Foley
One James Center
901 E. Cary Street
Richmond, Virginia 23219

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 26, 2009, at Montebello, California.

PATRICIA RICOY
7 of 8

REPLY TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN (I) LATE CLAIMS AND (II) LATE 503(B) (9) CLAIMS;
DECLARATIONS OF GILBERT D. SIGALA and ARMIDA ADDESSI