June 29, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia

Clerk of the Bankruptcy Court:

This document serves as an official response to The Omnibus Objection for the following case:

Case number        08-35653 (KRH)
Claim numbers      11102, 11103, 11104, 11105, 11106, 11107

The Omnibus Objection, Debtor is seeking to disallow certain claims on the grounds that claims were filed after the applicable bar date.

Specifically, The Omnibus Objection seeks to disallow claims:

Dirley L. Ball        Claim Numbers:  11102, 11103, 11104, 11105, 11106, 11107
14029 Rockbasket Place
Chester, Virginia 23636

Claimant:

Dirley L. Ball
14029 Rockbasket Place
Chester, Virginia 23836
Phone (804) 530-3263
Fax (804) 530-1209
Cell (804) 380-6675

Claim amounts are as follows:
Cash Retention Award        $40,000
Cash Retention Award        $40,000
Annual Incentive Award      $45,625

Restricted Stock      13,650 shares
Stock Options          5,000 shares

Personal Injury Settlement – Worker's Compensation Claim

The Bankruptcy Court should not sustain The Omnibus Objection. The claims were received on or before the applicable bar date.

The packet was sent to the following address:

Kurtzman, Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245

The package was sent over night next day delivery and was delivered no later than 12:00 noon on January 30, 2009 in accordance with the filing procedures.

A copy of the information pertaining to the delivery of the packet is attached.

This can be verified by the Post Office Associate who initialed the over night express mail receipt. The initials are (AW).

The following is the contact information for the claimant which is consistent with the original claim that was filed:

Dirley L. Ball
14029 Rockbasket Place
Chester, Virginia 23836
Phone (804) 530-3263
Fax (804) 530-1209
Cell (804) 380-6675

ADDITIONAL INFORMATION:

The following is the party with authority to reconcile, settle, or otherwise resolve The Omnibus Objection on the claimant's behalf.

Dirley L. Ball
14029 Rockbasket Place
Chester, Virginia 23836
Phone (804) 530-3263
Fax (804) 530-1209
Cell (804) 380-6675

I will be representing myself due to my being unemployed and financially unable to retain an attorney.

Thank You,

Dirley L. Ball

10054574 , Ball , Dirley L.
N/A, 9/29/2008, CASH



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

October 9, 2008

Dirley L. Ball
14029 Rockbasket Place
Chester, VA  23836

Dear Dirley L.:

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a long-term cash incentive award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain associates who are key to our turnaround efforts and long term success of Circuit City Stores, Inc. (the "Company").  To accept this Award, please sign this letter, and fax it as instructed in Section 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Target Cash Incentive Award, Maximum Cash Incentive Award, and Award Date are as follows:

| | |
|---|---|
| Target Cash Incentive Award: | $40,000 |
| Maximum Cash Incentive Award: | $80,000 |
| Award Date: | September 29, 2008 |

This Award is based on performance of the Company over time and the amount that you can earn at each Vest Date under the Award is subject to meeting the Performance Conditions as outlined below. For purposes of the Performance Conditions, the following definitions apply:

Minimum Availability:  maintaining excess availability under all of the Company's existing or future credit facilities in effect as of February 28, 2009, as such existing or future credit facilities may be amended, modified, superseded or supplemented, through February 28, 2009; and

Closing Stock Price:  closing stock price as reported by the exchange or market on which the Company's common stock generally has the greatest trading volume.

The schedule of Vest Dates, the corresponding target amounts and Performance Conditions for each date are as follows:

| | |
|---|---|
| 1st Vest Date: | July 1, 2009 |
| Targeted Amount Vesting: | $13,333 |
| Performance Condition: | Minimum Availability |

- 1 -

2nd Vest Date:                          January 1, 2010
Targeted Amount Vesting:                $13,333
Performance Condition:                  Total shareholder return based on the following
                                        stock prices:

| Closing Stock Price on Dec. 31, 2009 | % Payout of Targeted Amount Vesting |
|---|---|
| less than $3.00 | 0% |
| $3.00–$3.99 | 75% |
| $4.00–$4.99 | 100% |
| $5.00–$5.99 | 125% |
| $6.00–$6.99 | 175% |
| $7.00–$7.99 | 200% |
| $8.00–$8.99 | 225% |
| $9.00 or greater | 250% |

3rd Vest Date:                          July 1, 2010
Targeted Amount Vesting:                $13,333
Performance Condition:                  Total shareholder return based on the following
                                        stock prices:

| Closing Stock Price on Vest Date | % Payout of Targeted Amount Vesting |
|---|---|
| less than $4.00 | 0% |
| $4.00–$4.99 | 75% |
| $5.00–$5.99 | 100% |
| $6.00–$6.99 | 125% |
| $7.00–$7.99 | 175% |
| $8.00–$8.99 | 200% |
| $9.00–$9.99 | 225% |
| $10.00 or greater | 250% |

If on the specified Vest Date no amount is earned or an amount less than the Targeted Amount is earned, the unearned portion of the Targeted Cash Incentive Amount for that Vest Date will roll-forward to the next Vest Date and may be earned if the minimum Performance Condition for the next Vest Date is achieved. Any amounts that are rolled forward to the next Vest Date are not eligible for more than a Target (100%) payout.

For purposes of the vesting and forfeiture requirements that follow, your employment with the "Company" includes your employment with Circuit City Stores, Inc. or with a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to each of the above Vest Dates is contingent on (i) your agreeing to the terms of this Award by signing and faxing this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vest Date. If you satisfy these

- 2 -

requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vest Date.  In the event that you are on a leave of absence on the Vest Date, the portion of your Award that would have vested on that date will not vest until you return to active full-time employment with the Company and will then be paid within 75 days after your return.

Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be

If your employment with the Company terminates on or before a Vest Date because of death or permanent disability, then the portion of your Target Cash Incentive Award that is scheduled to vest on a future Vest Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and will be paid out in a lump sum cash payment within 75 days after your death or disability.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**.  The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**.  If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then any unvested portion of your outstanding Target Cash Incentive Award will vest as of such date and will be paid to you in a lump sum cash payment within 75 days thereafter.  For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference, and made a part of this Award letter.

The following provides a brief summary of the definition of Change of Control under the 2003 Stock Plan.  This is intended only as a summary, and any determination of whether a Change of Control has actually occurred will be subject to the full definition set forth in the 2003 Stock Plan.  In general, a Change of Control will occur upon any of the following events:  (i) a third party acquires 35% of the Company's outstanding stock; (ii) the incumbent members of the Company's Board of Directors cease to be a majority of the Board (for this purpose, "incumbent members" includes directors whose election was approved by a majority of the Board); (iii) a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company; or (iv) the consummation of a plan of complete liquidation or dissolution of the Company.

3. **Withholding Taxes**.  On the Vest Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**.  The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder.

b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts, for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**.  In order for your Award to become effective, you must accept it by signing this letter and faxing the entire letter as soon as possible, but in no event later than November 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Dirley L. Ball

Printed Name

10/17/08

Date

- 4 -

10054574,Ball,Dirley L
N/A, 1/1/2008, Cash



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008

Dirley L Ball
1804 Cambridge Drive
Richmond, VA  232380000

Dear Dirley L:

    Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success.  To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

|  |  |
|---|---|
| Total Cash Retention Award: | $40,000 |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

    For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

    Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date.  If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date.  Your right to this Award is not contingent on corporate or individual performance.

    Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited.  For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**.  The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**.  If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter.  Generally, a Change of Control will be deemed to occur upon any of the following events:  (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**.  On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**.  The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

- 2 -

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

   5. **Miscellaneous**.

   a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

   b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

   c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

   6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

   Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

Associate Signature

Printed Name

1/16/08
Date



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

June 18, 2008


Dirley Ball
14029 Rockbasket Place
Chester, VA  23836

**Subject:  Restricted Stock Vesting**

Dear Dirley:

Congratulations!  The time is near for your restricted stock award to vest.  In appreciation of your commitment to Circuit City, you were granted 8,250 restricted stock shares on 6/21/2005. We are pleased to inform you that 4,125 of your restricted stock shares will vest on 7/1/2008.

In order for these shares to be released to you, we must satisfy tax withholding requirements. **Shares will automatically be withheld to cover the tax liability**.  You will then receive any remaining shares in your Smith Barney brokerage account after the tax liability has been satisfied.  Once the net shares are released, you may choose to hold the shares in your account at Smith Barney, transfer the shares to another personal brokerage account or sell the shares.

**To view your stock account:**
- Go to www.benefitaccess.com
- Enter your User Name and Password (If you have lost or misplaced your User Name or Password, go to Forgot User Name / Password to request one to be sent to you)
- If you have other types of awards (i.e. options) you will need to select "Restricted Stock Plan", click on "Go To", "Plan Home" and then "View Your Account".  If you only have restricted stock awards you will immediately see a link to "View Your Account"
- You should see your award in the listing along with any other restricted stock grants that you may have.

**Note:** If you do not have Internet access, call Smith Barney at (800) 367-4777.

**Certify IRS Forms W-9 or W8BEN**
The U.S. Internal Revenue Service (IRS) requires that Smith Barney obtain a Form W-9 (for U.S. citizens) or W-8BEN (for non-U.S. citizens) from you **before your released restricted shares are able to be sold**. You can find instructions on how to certify both the W-9 and the W-8 on the Benefit Access web site, under Forms Library.  If you do not certify your W-9 or W-8BEN, 28% backup Federal tax will be withheld from the gross proceeds of your sale.

Enclosed please find some more general information that will help you better understand your restricted stock award.


Sincerely,

Circuit City Total Rewards

10054574, Ball, Dirley L
N/A, 1/1/2008, PSU



Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008

Dirley L Ball
1804 Cambridge Drive
Richmond, VA  232380000

Dear Dirley L:

Circuit City Stores, Inc. (the "Company") would like to support our director-level associates through a "phantom stock" award program that provides an incentive to work for the Company's long-term success.  A phantom stock award generally consists of units, each with a value equivalent to one share of a company's stock, which is paid out at the end of a specified time period.

I am pleased to inform you that, effective January 1, 2008, you have been awarded the following phantom stock units, each with a value equal to one share of Circuit City Common Stock, which will be payable in cash upon vesting:

Number of Units: 9,525

Your award is subject to the conditions set forth in this letter and to your signing and returning the enclosed copy of this letter as instructed further below.

This long-term incentive is a three-year program, with vesting at the end of each of the first, second, and third years.  If you remain continuously employed by the Company in a full-time active position from January 1, 2008 through and including:

- January 1, 2009, you will be 33.3% vested in your award and entitled to an initial cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2008;

- January 1, 2010, you will be 66.6% vested in your award and entitled to a second cash payment equal to 33.3% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2009;

- January 1, 2011, you will be 100% vested in your award and entitled to a third cash payment equal to 33.4% of the total units awarded hereunder multiplied by the closing share price of Circuit City Common Stock on December 31, 2010.

*Units that vest will be paid out in cash following the end of the corresponding vesting period.  The vesting of all or part of a phantom stock award is a taxable event.  Accordingly, upon distribution of each payment, the Company will withhold applicable federal, state, and local taxes from this payment.*

If your active employment with the Company is terminated <u>for any reason</u> on or before a vesting date, or if you move to a part-time position on or before the vesting date, then the portion of your award that has not yet vested will be forfeited immediately upon the termination of your employment or upon your change to part-time status.

In the event of a stock split or combination of shares, or other such change in the Company's capital stock, without the receipt of consideration by the Company, the number of phantom stock units awarded hereunder will be adjusted accordingly.

If you remain continuously employed in a full-time active position with the Company through and *including the date on which a "Change of Control" of the Company occurs, then any portion of* your award that has not yet vested will vest as of such Change of Control date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

Nothing in this letter confers any right to continued employment with the Company or affects the Company's right to terminate your employment at any time, with or without notice, and with or without cause.

You may not sell, give away or otherwise transfer any of your units. Additionally, phantom stock units are not actual shares of stock and do not confer on you any rights as a shareholder of the Company. Consequently, you will not have the right to vote or receive dividends on the units.

In order for your award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008, to **757-299-8412**. Your signature will also constitute your agreement to the terms and conditions contained in this letter.

With this award, we express our confidence in your ability to help shape a Circuit City that will benefit our associates, our customers, and our shareholders for years to come.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

_____
Date

Dirley Ball
Employee ID# 10054574
1/28/2009

Basis for claim employment services

| | | |
|---|---|---|
| 1/1/08 | Cash Retention Award | $40,000.00 |
| 9/29/08 | Cash Retention Award | $40,000.00 |
| Fy 09 (2008) | Annual incentive Award | $45,625.00 |

Restricted Stock Awards             Unknown
1/1/08        9525 shares
                  4125 shares
Total         13,650 shares

Stock Options Awarded             Unknown
1/10/05      5000 shares

Basis for claim personal injury/worker's compensation

| | | |
|---|---|---|
| 12/2005 | Personal Injury | Unknown |

***Additional information provided upon request***

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:  (Check only one box below:)**

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property):<br><br>BALL, DIRLEY L | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**  NameID: 4964395     PackID: 343468<br><br>BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER VA 23836<br><br>Telephone number:<br>804-530-3263 | **Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| **Name and address where payment should be sent** (if different from above):<br><br><br>Telephone number:<br>804-530-3263 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**  $ See Attached  40,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Employment Services
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 3875

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $_____   **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**
if any: $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 10,950

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| | |
|---|---|
| **Date:** 1/28/09 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Dirley L. Ball* | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10166980

08356530812180741241 82121

**B 10 (Official Form 10) (12/07)**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted : (Check only one box below:)**

- ☑ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**

**BALL, DIRLEY L**

- ☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

NameID: 4964397     PackID: 343470

BALL, DIRLEY L
14029 ROCKBASKET PLACE
CHESTER VA 23836

Telephone number: *804-530-3263*

**Court Claim Number:**_____
*(If known)*

Filed on:_____

**Name and address where payment should be sent (if different from above):**

Telephone number:

- ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ *See Attached 45,625*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

- ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *employment services*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** *3875*

**3a.** Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property: $**_____ **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $**_____ **Basis for perfection:**_____

**Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ *10,950*

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date:** *1/28/09*

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Dirley L. Ball*

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10166157

0835653081218074124182123

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:** (Check only one box below:)

☑ Circuit City Stores, Inc. (Case No. 08-35653)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, LLC (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

*NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>**BALL, DIRLEY L** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:   NameID: 4964396   PackID: 343469<br><br>**BALL, DIRLEY L**<br>**14029 ROCKBASKET PLACE**<br>**CHESTER VA 23836**<br><br>Telephone number:<br>804-530-3263 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:<br>804-530-3263 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $ _See Attached_ 40,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _employment services_
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _3875_

   **3a.** Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____  **Basis for perfection:**_____

**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 10,950

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| **Date:**<br>1/28/09 | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Dirley L. Ball* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10168272

0835653081218074124182122

The Debtor has listed your claim as Contingent and Unliquidated on Schedule F as a General Unsecured claim. If you believe that you have a claim against the Debtor you are required to complete and return this form.

**B 10 (Official Form 10) (12/07)**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only **one** box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland, MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**BALL, DIRLEY L** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>      **NameID: 4964399**    **PackID: 343472**<br><br>BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER VA 23836<br>          Telephone number: *804-530-3263* | **Court Claim Number:** _____<br>   *(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br>          Telephone number: *804-530-3263* | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $ *see Attached personal injury workers comp!*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *PERSONAL INJURY / WORKERS COMPENSATION*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** *3875*

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ *10,950*

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| | | |
|---|---|---|
| **Date:**<br>*1/28/09* | Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Dirley L. Ball* | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10167478

0835653081218074124182125

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:** (Check only one box below:)

☑ Circuit City Stores, Inc. (Case No. 08-35653)
☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
☐ InterTAN, Inc. (Case No. 08-35655)
☐ Ventoux International, Inc. (Case No. 08-35656)
☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
☐ CC Aviation, LLC (Case No. 08-35658)

☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
☐ Circuit City Stores PR, LLC (Case No. 08-35660)
☐ Circuit City Properties, LLC (Case No. 08-35661)
☐ Orbyx Electronics, LLC (Case No. 08-35662)
☐ Kinzer Technology, LLC (Case No. 08-35663)
☐ Courchevel, LLC (Case No. 08-35664)

☐ Abbott Advertising, Inc. (Case No. 08-35665)
☐ Mayland MN, Inc. (Case No. 08-35666)
☐ Patapsco Designs, Inc. (Case No. 08-35667)
☐ Sky Venture Corporation (Case No. 08-35668)
☐ XSStuff, LLC (Case No. 08-35669)
☐ PRAHS, INC. (Case No. 08-35670)

*NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property):<br><br>**BALL, DIRLEY L** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**<br><br>NameID: 4964400    PackID: 343474<br><br>BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER VA 23836<br><br>Telephone number:<br>*804-530-3263* | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| **Name and address where payment should be sent** (if different from above):<br><br><br>Telephone number:<br>*804-530-3263* | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $ *See Attached Stock*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** *employment services*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** *3875*

   **3a. Debtor may have scheduled account as:**_____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate**____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____    **Basis for perfection:**_____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( ).

**Amount entitled to priority:**

$ *10,950*

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| **Date:**<br>*1/28/09* | **Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Dirley L. Ball* | **FOR COURT USE ONLY** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10066584

0835653081218074124182126

Dirley Ball
Employee ID# 10054574
1/28/2009

<u>Basis for claim employment services</u>

| | | |
|---|---|---|
| 1/1/08 | Cash Retention Award | $40,000.00 |
| 9/29/08 | Cash Retention Award | $40,000.00 |
| Fy 09 (2008) | Annual incentive Award | $45,625.00 |

Restricted Stock Awards          Unknown
1/1/08        9525 shares
              4125 shares
Total         13,650 shares

Stock Options Awarded          Unknown
1/10/05        5000 shares

<u>Basis for claim personal injury/worker's compensation</u>

| | | |
|---|---|---|
| 12/2005 | Personal Injury | Unknown |

***Additional information provided upon request***

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                   :
                          :
            Debtors.      :   Jointly Administered
- - - - - - - - - - - - - x

**NOTICE OF DEBTORS' EIGHTH OMNIBUS
OBJECTION TO CERTAIN LATE CLAIMS**

   **PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' Eighth Omnibus Objection
to Certain Late Claims (the "Omnibus Objection") with the
Bankruptcy Court.  A copy of the Omnibus Objection is
attached to this notice (this "Notice").  By the Omnibus
Objection, the Debtors are seeking to disallow certain
claims on the ground that the claims were filed after the
applicable bar date.

   **PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the
Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (individually, a "Claim" and collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow Claims, including your Claim(s), listed below

| TO: | Claim Number | Asserted Claim Amount |
|---|---|---|
| BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER, VA 23836 | 11102 | UNLIQUIDATED |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OMNIBUS OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN THIRTY (30) DAYS OF THE SERVICE OF THE OMNIBUS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OMNIBUS OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (individually, a "Claim" and collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow Claims, including your Claim(s), listed below

| TO: | Claim Number | Asserted Claim Amount |
|---|---|---|
| BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER, VA 23836 | 11106 | UNLIQUIDATED |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OMNIBUS OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN THIRTY (30) DAYS OF THE SERVICE OF THE OMNIBUS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OMNIBUS OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. 2881) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (individually, a "Claim" and
collectively, the "Claims") in connection with the above-
captioned chapter 11 cases (the "Omnibus Objection
Procedures").

    Specifically, the Omnibus Objection seeks to disallow
Claims, including your Claim(s), listed below

| TO: | Claim Number | Asserted Claim Amount |
|---|---|---|
| BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER, VA 23836 | 11105 | UNLIQUIDATED |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OMNIBUS OBJECTION.   YOUR RIGHTS MAY BE
AFFECTED BY THE OBJECTION.   THEREFORE, YOU SHOULD READ THIS
NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER
ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.
IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN THIRTY (30) DAYS OF THE SERVICE OF THE OMNIBUS
OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT
THE OMNIBUS OBJECTION CONCEDED AND ENTER AN ORDER GRANTING
THE RELIEF REQUESTED WITHOUT A HEARING.**

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. 2881) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (individually, a "Claim" and
collectively, the "Claims") in connection with the above-
captioned chapter 11 cases (the "Omnibus Objection
Procedures").

Specifically, the Omnibus Objection seeks to disallow
Claims, including your Claim(s), listed below

| TO: | Claim Number | Asserted Claim Amount |
|---|---|---|
| BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER, VA 23836 | 11104 | $34,675.00 |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OMNIBUS OBJECTION.  YOUR RIGHTS MAY BE
AFFECTED BY THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS
NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER
ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.
IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN THIRTY (30) DAYS OF THE SERVICE OF THE OMNIBUS
OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT
THE OMNIBUS OBJECTION CONCEDED AND ENTER AN ORDER GRANTING
THE RELIEF REQUESTED WITHOUT A HEARING.**

Objection Procedures and Approving the Form and Manner of
the Notice of Omnibus Objections (Docket No. 2881) (the
"Order"), by which the Bankruptcy Court approved procedures
for filing omnibus objections to proofs of claim and
requests for allowance and payment of administrative
expenses and/or cure claims (individually, a "Claim" and
collectively, the "Claims") in connection with the above-
captioned chapter 11 cases (the "Omnibus Objection
Procedures").

Specifically, the Omnibus Objection seeks to disallow
Claims, including your Claim(s), listed below

| TO: | Claim Number | Asserted Claim Amount |
|-----|-------------|----------------------|
| BALL, DIRLEY L<br>14029 ROCKBASKET PLACE<br>CHESTER, VA 23836 | 11103 | $29,050.00 |

YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF
CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF
THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE
SUBJECT TO THE OMNIBUS OBJECTION.  YOUR RIGHTS MAY BE
AFFECTED BY THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS
NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER
ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.
IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF
THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A
WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH
THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY
WITHIN THIRTY (30) DAYS OF THE SERVICE OF THE OMNIBUS
OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT
THE OMNIBUS OBJECTION CONCEDED AND ENTER AN ORDER GRANTING
THE RELIEF REQUESTED WITHOUT A HEARING.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - x
In re:                          : Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      : Case No. 08-35653
et al.,                         :
                                : Jointly Administered
            Debtors.            :
- - - - - - - - - - - - x

### NOTICE OF DEADLINE
### FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time,** on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.



FROM: (PLEASE PRINT)
Dooley L. Ball
14029 Rockbasket Place
Chester, VA 23836

TO: (PLEASE PRINT)
Kurtzman Carson
Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

$17.50

$17.50

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®
Post Office To Addressee

Customer Copy
Label 11-B, March 2004

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

GLEN ALLEN MAIN POST OFFICE
GLEN ALLEN, Virginia
230609998
5176530260 -0094
01/29/2009   (800)275-8777   04:04:10 PM

Sales Receipt
Product          Sale Unit      Final
Description       Qty  Price     Price

EL SEGUNDO CA 90245              $17.50
Zone-8 Express Mail
PO-Add Flat Rate
2.70 oz.
Label #:
     EH044860272US
Next Day Noon  / Normal Delivery
                            ========
Issue PVI:                    $17.50

Total:                        $17.50

Paid by:
AMEX                          $17.50
   Account #:      XXXXXXXXXXXXX2005
   Approval #:     185151
   Transaction #:  24
23 903420164 4454705369

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000604117118
Clerk: 11

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
*******************************************
*******************************************
   HELP US SERVE YOU BETTER

  Go to: http://gx.gallup.com/pos

   TELL US ABOUT YOUR RECENT
       POSTAL EXPERIENCE

     YOUR OPINION COUNTS
*******************************************
*******************************************


          Customer Copy