Satchidananda Mims a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") in pro se



RICHMOND DIVISION

FILED JUN 2 9 2009

CLERK
U.S. BANKRUPTCY COURT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## -RICHMOND JURISDICTION-

In re:

CIRCUIT CITY STORES, INC., et. al.,

Debtors.

Chapter 11

Case No.: 08-35653 (KRH)

Jointly Administered

**CREDITOR SATCHI MIMS RESPONSE MEMORANDUM OF POINTS AND AUTHORITES IN OPPOSITION TO DEBTORS' TENTH OMNIBUS OBJECTION TO CREDITOR'S PROOF OF CLAIM**

## INTRODUCTION

Satchidananda Mims a.k.a. Satchi Mims. ("Creditor") hereby request the United States Bankruptcy Court for an order allowing claims against Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the, Debtors") to stand the Debtors Tenth Omnibus Objection to proof of claims, on the grounds that claims are not duplicated and are allowable pursuant to Bankruptcy Code 11 U.S.C.A. § 502(b) (1-9) and there are sufficient facts to grant Creditor protection of equitable estoppel.

## RELEVANT FACTS

On November 10, 2008 (the, "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

As a result of Debtors bankruptcy filing, the pending litigation with Debtor Circuit City Stores, Inc. in Superior Court of California the County of Alameda Case no. RG08399323 was automatically stayed and Satchi Mims ("Creditor") could not add Circuit City Stores West Coast, Inc. as a defendant in the pending litigation. Both Circuit City Stores, Inc. and Circuit City Stores

West Coast, Inc. ("Debtor(s)") are liable for damages in the pending state court litigation and claims against both Debtors should be allowed.

On or about September 07, 2005 Creditor purchased a Toshiba Satellite Computer from Debtors and entered into the 'City Advantage Protection Plan' insurance service agreement; in which Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("Debtors") promised to repair any defects to the computer and if any defects couldn't be repaired, the computer would be replaced or costs for its purchase price refunded. Approximately forty five days after the computer was purchased, it began to have defect problems. Creditor went back to the Circuit City Store located in Emeryville California, where the computer was purchased and reported the problems with the computer, requested a replacement and employees refused to take the computer back or take any insurance action and referred Creditor to the manufacture Toshiba's warranty. Creditor contacted Toshiba and they were unable to successfully repair the computer several times. Creditor has requested computer repair and replacement from ("Debtors") Circuit City Stores, Inc. numerous times, some on the following dates: April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 06, 2007, and June 24, 2008…etc. Each time Debtor has attempted to repair the defects of the computer, Debtor has been unsuccessful. The computer is still defective, the F10 and F11 keys come on by themselves when the computer is moved causing the computer to become inoperable. Additionally the computer screen still has problems during computer load up, sometimes screen background appears flickering white causing computer to become inoperable, and the AC adapter was returned to Creditor cracked after the June 24, 2008 attempted repair. Creditor contacted Debtor in writing on or about June 24, 2008 requesting for the computer to be replaced or refunded under the term of their agreement. Debtors has since failed and refused to issue a replacement computer or refund to Creditor. As a result of over two years of filing insurance claims through Circuit City Stores Inc., and Debtors not fulfilling its promise to replace Creditors computer or refund Creditors money in an amount equal to purchase price, the Creditor filed a lawsuit.

On July 21, 2008 Creditor filed a complaint seeking damages for Breach of Contract, Breach of the covenant of good faith and fair dealing of an insurance contract, Breach of Warranty merchantable, Breach of Warranty fitness and Fraud. Although the complaint involves in part a contract dispute between Debtors and Creditor, the basic premise of the complaint filed in Superior court is the alleged Fraud. Debtors were functioning as insurer of Creditor's Toshiba Laptop Computer ("property") and made false promises in its advertisements and contracts.

Based on Debtors actions, it could be concluded Debtors had no intention on fulfilling its promise. For example, Debtors made the promise in their written agreements and advertisement to replace the computer, or refund money, if the computer couldn't be repaired by Debtor. Debtor attempted to repair the computer more than 13 times and was unsuccessful. Debtor actions alone are enough to establish fraud within California. California law defines the actions of Debtor as being deceit. A deceit is a promise made without any intention of performing it (*Civ. Code § 1710(4)*); See *Locke v. Warner Bros., Inc. (1997)* 57 Cal. App. 4th 354, 66 Cal. Rptr. 2d. See Exhibit 1 complaint attached and made a part hereof. For that reason, a significant amount of the debt owed to Creditor is non-dischargeable debt pursuant *11 U.S.C §§ 523(a) (2)* and *523(a) (3)*. Debtors filing chapter 11 Bankruptcy is further proof that Debtors had no intention on fulfilling its promise and obligations owed to Creditor. Additionally Both Debtors continue to be obligated by the insurance contract to indemnify Creditor's computer until September 2009.

Therefore allowance of the two separate claims filed against Circuit City Stores, Inc. and Circuit City West Coast Stores ("Debtors") is reasonable, and neither claim is a duplicate of the other.

## ARGUMENT

The Tenth Omnibus objection as to Creditor Satchidananda Mims a.k.a. Satchi Mims filed proofs of claims should be overruled for the following reasons:

### A. Debtor's violated Rule 3007

1. Debtors violated Federal Rule of Bankruptcy procedure 3007. Rule 3007 states is relevant part: "(e) Requirements for Omnibus Objection An omnibus objection shall: ... (6) contain objections to no more than 100 claims." The Debtors filed an Omnibus objection to 229 claims, a number far greater than is allowed by the Federal Rules of the Bankruptcy court. Therefore objection to Creditor's claim(s) should be overruled and Creditor claim against Circuit City Stores West Coast, Inc. should be allowed.

### B. Creditor's Proof of Claims Are Not Duplicated

1. A Claimant is entitled to recoveries for a single liability against a single debtor, and it is entitled to a single satisfaction, if at all any particular claim of liability exists against a debtor. In this particular case liability exists, because Creditor filed two separate proof of claims based

on evidence and pending California State litigation for each of the Debtors as affirmed above. By defining,"claim" broadly in the Bankruptcy Code as any "right to payment" or as any "right to an equitable remedy," Congress has adopted the broadest possible definition of "debt." Debt as the term is used in the Bankruptcy Code is nothing more, nor less than enforceable obligation. See *11 U.S.C.A. §§ 101(5), 101(12); (2002) In re Gorchev*, 275 B.R. 154. Only parties such as Satchi Mims ("Creditor") that hold "rights to payment" against an estate, hold valid bankruptcy claims. See *11 U.S.C.A. § 101(5) (A)*. Creditor filed one proof of claim in relation to ("Debtor") Circuit City Stores, Inc. and another proof of claim in relation to ("Debtor") Circuit City Stores West Coast, Inc. Each proof of claim is separate although liability comes from facts alleged in the same lawsuit. Once creditor has filed a valid proof of claim, burden of production shifts to debtor to rebut claim's prima facie validity. See *Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.* Stating that claims are duplicated doesn't rebut the prima facie evidence presented by the proof of claims. Also, when a creditor has pending state court litigation as the Creditor does in this case, without a judgment and claims exist such as fraud, creditor has a valid claim. See, *(2002) In re Garzoni*, 35 Fed.Appx. 182. Therefore the two proofs of claims submitted by Creditor are valid and not duplicates of one another and the claim against Circuit City Stores West Coast, Inc. should be allowed.

### C. Equitable Estoppel

1. Satchidananda Mims a.k.a. Satchi Mims ("Creditor") hereby invokes the defense theory of equitable estoppel. As stated in Exhibit 4, the Debtors filed bankruptcy collectively on November 10, 2008 and sometime thereafter issued Notice of commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and fixing of certain dates to Creditors. In addition, Debtor's stated in relevant part, paragraph Joint Administration of Cases, "… consolidating the cases for procedural purposes only under Case No. 08-35653." Which implies that any claim filed will be against the individual Debtor listed on the proof of claim. Also see the address differences between the Debtors. Circuit City Stores, Inc. has an address in Richmond, Virginia and Circuit City Stores West Coast, Inc. has an address in boulevard, Westminster.

On or about December 2008 Debtor's issued two proofs of claim forms to ("Creditor") Satchi Mims, which were completed by Creditor and filed in Bankruptcy Court. See Exhibit 4. Look carefully at the two proof of claim forms, on the bottom half of the forms the Master codes and scan codes identify that the form numbers issued to Creditor are different. Debtor's actions imply that both Debtor's are liable for Creditor's claims. If Debtors were not liable in some

capacity, they wouldn't have issued their own version of proof of claim forms to be filed in court by Creditor. Debtor's actions are inconsistent, because they imply liability to Creditor or claimant, and on the other hand file and Omnibus Objection to Creditor Satchidananda Mims a.k.a. Satchi Mims proof of claims. If a chapter 11 debtor's bad conduct has adversely affected a creditor who acted in reliance, the creditor may raise estoppel as a defense, even if the debtor's plan reserves the right to object to claims. Also, if the facts are such that debtor's failure to disclose a claim against a creditor or an objection to a creditor's claim misleads and damages the creditor, such creditor may invoke the theory of estoppel. See Bankr.Code, 11 U.S.C.A. §1123(b)(3)(B). If equitable estoppel is not granted against Debtors, Creditor will be irreparably harmed by losing ability to claim damages against Debtor Circuit City Stores West Coast, Inc. Therefore Creditor request that this court issue preclusion to Debtor's from denying the truth of the facts regarding the two claim forms issued to Creditor by Debtors, and the currently filed proof of claims forms which has, in contemplation of law, become established by the actions of Debtors.

### D. Lack of Evidence

1. On or about January 27, 2009 Creditor filed a Motion for Relief from the Automatic Stay put into place when Debtors filed bankruptcy to continue pending California State Court Litigation, with Exhibits 1-4 attached describing the litigation; reference (Docket # 1822). A copy of Exhibits 1 to 4 are attached to this response and made here apart of. Exhibits 1 through 4 provide evidence of Debtors liabilities and support the Creditors filed proof of claims against Debtors. A claim may be disallowed, not for just any reason, but only for one of the reasons enumerated by Congress; bankruptcy court has no discretion in this regard and cannot disallow claim for reasons beyond those stated in statute. See Bankr. Code, *11 U.S.C.A. §502(b) (1-9)*. Nine grounds listed in bankruptcy statue for disallowing proof of claim are the nine exclusive grounds available to properly underpin an objection to proof of claim. See *(2008) In re Herron*, 381 B.R. 184. Debtors indicate there is duplication of claims but provides no evidence. A properly executed and filed proof of claim constitutes prima facie evidence of validity and amount of claim, and burden is on party objection to proof of claim to present sufficient evidence to overcome this prima facie evidence. See Fed. Rules Bankr. Proc.Rule 3001(f), 11 U.S.C.A.; (2006) In re Welty, 335 B.R. 84. Therefore, Debtors objection to Creditor's proofs of claims should be overruled.

## **CONCLUSION**

For the foregoing reasons ("Creditor") Satchidananda Mims a.k.a. Satchi Mims request that the Tenth Omnibus objection to proof of claim against ("Debtor") Circuit City Stores West Coast, Inc. be overruled.

Dated this 24th day of June, 2009

_____
Satchi Mims a.k.a.
Satchidananda Mims

SATCHIDANANDA MIMS
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor(s).

Case No.: 08-35653-KRH

Chapter 11

[Jointly Administered]

*DELARATION IN SUPPORT OF CREDITOR RESPONSE TO DEBTOR'S TENTH OMNIBUS OBJECTION TO CLAIMS*

**DATE**: July 6, 2009
**TIME**: 2:00 P.M. (ET)
**DEPT**: Room 5000
**JUDGE**: Honorable Kevin R. Huennekens

## DECLARATION OF SATCHI MIMS

I, Satchidananda Mims a.k.a. Satchi Mims, declare under penalty of perjury:

1. I am a Creditor in the above action and the Plaintiff in the case of Mims v. Circuit City Stores, Inc. (Case no. RG08399323) currently pending in the Superior Court of the County Alameda in the State of California and I am acting as my own attorney.

2. On or about December 20, 2008, I received Debtor's notice of deadline for filing proof of claim and notice Notice of commencement of Chapter 11 bankruptcy cases. Sometime thereafter I filed two claims in Bankruptcy Court. Both proofs of claims forms completed were given to me by Debtors, for claims against Circuit City Stores West Coast, Inc. and Circuit City Stores, Inc.

1

3. Relief from the Debtor's Tenth Omnibus Objection is necessary for me to continue the pursuit of clam against Debtors complete Circuit City Stores, Inc. and add Circuit City Stores, West Coast Inc. as and Circuit City Stores, Inc. ("the, Debtors").

4. On or about June 10, 2009, I received a copy of Debtor's Tenth Omnibus Objection to claims by mail. Debtor's indicated the deadline for filing and serving a response to the objection as June 29, 2009. On their Objection notice page 2 Debtors state the following in relevant part,:"pursuant to Rule 3007-1 of the local rules of the United States Bankruptcy Court For the Eastern District of Virginia and the Omnibus Objection procedures, unless a written Response and a request for a hearing are filed with the clerk of the court and served on the objection party within 30 days of the service of this objection, the court may deem any opposition waived..." Accordingly I haven't been given the proper 30 day notice to respond to Debtor's objection and the court should not subject me to waiving a right to respond, if response is received by the court of Debtors later than June 29, 2009.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: January 24, 2009

SATCHIDANANDA MIMS
a.k.a. Satchi Mims
("Creditor") in pro se

SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re:<br>CIRCUIT CITY STORES, INC., et al.<br>Debtor(s). | Case No.: 08-35653-KRH<br><br>Chapter 11<br><br>**[PROPOSED ORDER]**<br><br>**DATE**: July 6, 2009<br>**TIME**: 2:00P.M. (ET)<br>**DEPT**: Room 5000<br>**JUDGE**: Honorable Kevin R. Huennekens |

## ORDER OVERULING DEBTORS' TENTH OMNIBUS OBJECTION TO CERTAIN DUPLICATE CLAIMS

THIS MATTER having come before the Court on the Debtors' Tenth Omnibus Objection to Certain Duplicate Claims ("the, Objection"), it appears that good cause does not exist to grant Debtors' motion as to Satchidananda Mims a.k.a. Satchi Mims ("the, Creditor"). Due and proper notice of the Motion was not made on Claimant ("the, Creditor"); and the Court having held a hearing (the, "Hearing") on the Motion on July 6, 2009; [and the above-captioned debtor (the "Debtors'") having ask for the relief requested in the Motion (the "Objection");] [and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore[; and for the reasons stated by the Court on the record of the Hearing], it is hereby

ORDERED that the Motion is denied as to Claimant Satchi Mims as provided herein; and it is further

ORDERED the two proof of claim forms filed by claimant; in respect to ("Debtors") CIRCUIT CITY STORES, INC. and CIRCUIT CITY STORES, WEST COAST, INC. are valid and provide sufficient prima facie evidence to survive Debtors' Tenth Omnibus Objection to Certain Duplicate Claims.

Dated: July __, 2009
      Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

SATCHIDANANDA MIMS A.K.A. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345
("Creditor") In Pro Se

**CERTIFICATION OF ENDORDSEMENT UNDER LOCAL RULE 9022-1(C)**
      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

SATCHIDANANDA MIMS
A.K.A. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345
("Creditor") In Pro Se

# EXHIBIT
# 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
SATCHIDANANDA MIMS aka SATCHI MIMS
P.O. BOX 19304
OAKLAND, CA 94619

TELEPHONE NO.: 510 530-6345          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*  Plaintiff in Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**

STREET ADDRESS:  600 WASHINGTON STREET

ALAMEDA COUNTY SUPERIOR C...

MAILING ADDRESS:  SAME AS ABOVE          1225 FALLON STREET

CITY AND ZIP CODE:  OAKLAND, 94610          OAKLAND CA 94612-4280

BRANCH NAME:  LIMITED JURSIDICTION

```
"6609011"
```

**F I L E D**
ALAMEDA COUNTY

... 9, 2008

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

PLAINTIFF:  SATCHIDANANDA MIMS aka SATCHI MIMS

DEFENDANT:  CIRCUIT CITY STORES, INC.

[✓] DOES 1 TO 5

| **CONTRACT** | |
|---|---|
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

**Jurisdiction** *(check all that apply):*
[✓] ACTION IS A LIMITED CIVIL CASE
   Amount demanded    [✓] does not exceed $10,000
        [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:

RG08399323

1. **Plaintiff\*** *(name or names):*
SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges causes of action against defendant\* *(name or names):*
CIRCUIT CITY STORES, INC., DOES 1 TO 5

2. This pleading, including attachments and exhibits, consists of the following number of pages:  59

3. a. Each plaintiff named above is a competent adult
   [ ] except plaintiff *(name):*
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity *(describe):*
     (3) [ ] other *(specify):*

  b. [ ] Plaintiff *(name):*
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

    b. [ ] has complied with all licensing requirements as a licensed *(specify):*
  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   [✓] except defendant *(name):*  Circuit City Stores,Inc    [ ] except defendant *(name):*
     (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
     (2) [✓] a corporation                  (2) [ ] a corporation
     (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

     (4) [ ] a public entity *(describe):*        (4) [ ] a public entity *(describe):*

     (5) [ ] other *(specify):*           (5) [ ] other *(specify):*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

59

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

**4.** *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☑ Plaintiff is required to comply with a claims statute, **and**

    a. ☑ has complied with applicable claims statutes, or

    b. ☐ is excused from complying because *(specify):*

**6.** ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

    a. ☑ a defendant entered into the contract here.

    b. ☐ a defendant lived here when the contract was entered into.

    c. ☐ a defendant lives here now.

    d. ☑ the contract was to be performed here.

    e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☑ Breach of Contract

    ☐ Common Counts

    ☑ Other *(specify):*

    Breach of the covenant of good faith, Breach of Warranty fitness and merchantability, Fraud

**9.** ☑ Other allegations:

    See attachment 9a.

**10. Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☑ damages of: $ 9,500.00

    b. ☐ interest on the damages

        (1) ☐ according to proof

        (2) ☐ at the rate of *(specify):*     percent per year from *(date):*

    c. ☑ attorney's fees

        (1) ☐ of: $

        (2) ☐ according to proof.

    d. ☑ other *(specify):*

    Emotional, Exemplary and Punitive damages

**11.** ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

    All Paragraphs

Date: July 21, 2008

SATCHIDANANDA MIMS aka Satchi Mims

    (TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

SHORT TITLE: **MIMS V. CIRCUIT CITY STORES, INC.**

CASE NUMBER:

***ATTACHMENT*** *(Number):* __9.a__

Page __3__ of ____

*(This Attachment may be used with any Judicial Council form.)*

*(Add pages as required)*

Plaintiff: Satchidananda Mims aka Satchi Mims hereby demands a jury trial.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT**
**to Judicial Council Form**

Cal. Rules of Court, rule 982
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

## FIRST _____ CAUSE OF ACTION—Breach of Contract
_(number)_

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name):_ SATCHIDANANDA MIMS aka Satchi Mims

alleges that on or about _(date):_ September 07, 2005

a ☑ written ☐ oral ☐ other _(specify):_

agreement was made between _(name parties to agreement):_
Satchi Mims and Circuit City Stores, Inc.

☑ A copy of the agreement is attached as Exhibit A, or

☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows _(specify):_

BC-2. On or about _(dates):_ November 10, 2005 and various times thereafter
defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts
_(specify):_

BC-3. _Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing._

BC-4. _Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement_
☐ as stated in Attachment BC-4 ☑ as follows _(specify):_
As a proximate result of defendant's breach of the agreement, plaintiff has been damaged in the sum of $2000.00, the amount plaintiff paid to defendant for the laptop computer and laptop repair services during, September 2005 through September 2009.

BC-5. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6. ☑ Other:
Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 1 through 11 as if fully set fourth in this matter.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SHORT TITLE:
MIMS V. CIRCUIT CITY, INC.

CASE NUMBER:

ATTACHMENT (Number): BC-2      Page 5 of _____

*(This Attachment may be used with any Judicial Council form.)*      *(Add pages as required)*

On or about September 7, 2005 plaintiff entered into written agreement with defendant Circuit City Stores, Inc.. A copy of the original agreement is attached as Exhibit A as section one and a updated copy of the Circuit City Advantage Plan, which plaintiff received on or about December 10, 2007, labeled Exhibit A section two and made a part hereof.

On or about November 10, 2005 and various times thereafter defendant Circuit City Stores, Inc. breached the contract as follows:

Defendants failed and neglected to perform in accordance with the agreement terms therein, in that defendants repaired: the TOS M45S265 laptop's: screen, circuit motherboard, power button, key board, F10 and F11 keys malfunction....etc., and its accessories multiple times, in a careless and un-workmanlike manner, and used such inferior, defective and unsuitable parts that the repairs made to the laptop was wholly inadequate for the normal and efficient operation of plaintiff, and has continuously ceased to function correctly, shortly after each repair.

Additionally Defendant breached the agreement by performing benefits under the contract in a generally incompetent and unsatisfactory manner by attempting to repair the laptop defects more than 13 times and failing to correct defects each time. Particularly on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 Plaintiff received an email from defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008. The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate any action was taken in regards to the F10 or F11 keys or screen in the lower part of the worksheet listed as notes, says technician re-soldered the DVD Drive connecter and cleaned the volume knob restored the operating system. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving computer back. Plaintiff has attempted to use the computer and the defects still exist. See Exhibit C attached, it shows correspondence between plaintiff and defendant regarding above described specific repairs and computer defects.

Furthermore, defendant breached the contract by not following specific provisions in the contract. The contract, states in relevant part: "City Advantage protection plan is not just protection, but as far beyond manufacture's warranty, including: Replacement if we can't fix it..... If a defect is found, your product will be repaired or replaced......" Additionally, see Exhibit A section two, the contract under section 10 titled No lemon Guarantee, states in relevant part: "B. Computer Products: If your product or any component of your product is repaired three times and it fails a fourth time due to the same problem........., We will replaced the Product or component under our no lemon guarantee.....". Defendant breached the contract by failing to make adequate repair to cure computer defects, and after making over 13 unsuccessful attempts to repair reoccurring defects of the computer, refuses to issue a replacement computer or refund. Moreover the product has failed more than four times and defendant has tried to repair the product more than four times due to the same problem and failed, the product is defective.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT**
**to Judicial Council Form**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

SECOND _____ **CAUSE OF ACTION—Intentional Tort** Page ___6___

(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that defendant *(name)*: CIRCUIT CITY STORES, INC.

[✓] Does 1_____ to 5_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: November 10, 2005
at *(place)*: Circuit City Stores, Inc., Emeryville, CA

*(description of reasons for liability)*:

For Breach of Implied Covenant of Good Faith and Fair Dealing

20. Plaintiff repeats and re-alleges the allegations set fourth in paragraphs BC-1 through BC-6 as if fully set fourth in this matter.

21. Defendant is, and at all times herein mentioned, was a Corporation organized and existing under the laws of the State of California with principle offices located at 5795 Christie Ave Emeryville, California herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

22. Defendant owes a duty of good faith and fair dealing to plaintiff, because the defendant sold the City advantage Protection Plan computer service repair and replacement, insurance to plaintiff, defendant has benefited from the premiums paid by plaintiff and the other income derived from the sale of the insurance policy to plaintiff and has administered processed and coordinated claims made by plaintiff; and while soliciting insurance business from plaintiff and handling claims filed by plaintiff, the defendant made representations concerning the characteristics and benefits of the insurance policies that plaintiff ultimately purchased. The defendant also widely advertised the characteristics and benefits of the City advantage Protection Plan computer service repair and replacement insurance that plaintiff ultimately purchased.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

23. By virtue of the special relationship that was created when it sold the City advantage Protection Plan computer service repair and replacement insurance policy to plaintiff and established intercompany pooling arrangements and means of common management and control within the defendants organization with respect to its insurance business, and implicit in its insurance contracts, the Circuit City Stores, Inc. owes a duty of good faith and fair dealing to plaintiff. In light of these duties to plaintiff, the Circuit City Stores, Inc. is barred from, in any way, attempting to damage the interests of its policyholder, Satchi Mims, or to profit at the expense of plaintiff.

24. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

25. At all times mentioned in this complaint, plaintiff was the owner of a certain laptop computer, Toshiba Satellite Model # M45S265 Serial# 75095029Q referred to below as computer.

26. On or about September 07, 2005, in consideration of the payment of biyearly premium of $ 243.00, made by Circuit City Stores, Inc. defendant, by its duly authorized agents, executed and delivered to plaintiff in Oakland, Alameda County, State of California, its policy of insurance bearing number 85 6512453, referred to below as "the policy." The policy by its terms was effective from September 07, 2005, to September 07, 2007. The policy was renewed and effective from September 08, 2007 to September 08, 2009. The additions or changes to the renewed policy weren't known or received by plaintiff until the policy was paid in full, and received by plaintiff on or about December 10, 2007. A copy of the agreement is attached as Exhibit A, labeled section one and a copy of the Circuit City Advantage Plan updates or additions and amendments, is labeled as section two and made a part hereof.

27. The policy at all times mentioned in this complaint provided the following coverage:

Coverage (A) computer repair and replacement. To repair or replace, and pay all reasonable expenses incurred from service or repair to notebook computer, hereinafter called loss, caused by defect, accidental damage and damage caused by the normal operation and use of the computer."

28. On or about April 14, 2006, while the policy was in full in full force and effect, the computer malfunctioned and displayed the following defects: malfunctioning screen, malfunctioning key board, F10 and F11 keys came on automatically when screen was moved and caused keyboard to become inoperable. Plaintiff notified defendant of loss, opened incident claim number G9443001, returned the computer to defendant and on April 24, 2006 defendant returned the computer to plaintiff indicating defendant canceled repairs for the computer.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___7___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

American Legalnet, Inc. [ www.USCourtForms.com ]

Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

29. Plaintiff gave defendant notice of loss, and has otherwise performed all the terms and conditions of the policy on his part to be performed.

30. On or about April 24, 2006, defendant denied plaintiff's claim, by canceling requested repairs. Defendant has continuously denied plaintiff's claims for loss by failing to repair defects found in the product various times, and refusing to issue a replacement computer or refund, as stated in the terms of the agreement. Plaintiff has continuously reported loss to defendant, and defendant has opened over 13 claims regarding computer defects. A few of the claims plaintiff filed dealing with defect issues are listed as follows: 9632790, 982820, 9927248, 11541372... etc. The computer defects have not been properly repaired and defendant refuses to issue replacement or refund. In addition plaintiff contacted defendant in writing on June 24, 2008, requesting a new computer or refund. Defendant responded, by letter dated July 1, 2008, from Marty M., Customer Support Coordinator, directing plaintiff to call their management line to request a computer exchange under their no lemon guarantee. On or about July 07, 2008 Plaintiff followed the instructions indicated in received letter and called defendant, and a customer service representative named Allen indicated that the Case #1896800 doesn't exist. Then Allen indicated that he couldn't do anything about replacement because computer was in the process of being repaired. He issued a new case # 11748796 and told plaintiff if your computer has problems call me and problems will be resolved. Allen called plaintiff on or about July 9, 2008 and asked about the status of repair, plaintiff told Allen that the defects were not adequately repaired, same issues or defects reported, keep reoccurring. Allen told plaintiff he would call plaintiff in the near future, to see if computer is still having defect problems. Moreover on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 plaintiff received an email from defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008. The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate that any action was taken in regards to ti. or F11 keys or screen, in the lower part of the worksheet, listed under notes, it states the technician re-soldered the DVD Drive connecter and cleaned the volume knob and restored the operating system software. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving computer back. Correspondences between plaintiff and defendant is attached as Exhibit C and made a part hereof. Defendant failed and refused, and continues to fail and refuse, to adequately repair or provide plaintiff with a suitable replacement computer whose value is equal to that of the computer, or issue refund in the sum of $2000.00.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 8

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

American LegalNet, Inc. | www.USCourtForms.com

1 Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2 31. During the course of soliciting plaintiff's insurance patronage, and while administering plaintiff's
3 insurance, the Circuit City Stores, Inc. organization and its agents made representations to plaintiff, including:

4 A. Representations that the City advantage Plan coverage insurance policy sold by defendant would provide plaintiff with coverage of claims regarding the computer, and if defects cannot be repaired, the
5 product would be replaced or a refund will be issued.

6 B. Representations in its advertising aimed at patrons like plaintiff that its City advantage Plan coverage insurance policy sold by defendant would provide plaintiff with coverage of claims regarding the
7 computer, and if defects cannot be repaired, the product would be replaced or a refund will be issued.

8
32. In addition to the misrepresentations made by Circuit City Stores, Inc. described above, that
9 organization has failed to handle properly plaintiff's claims and requests for repair, a replacement computer or refund. Among other things, the defendant has failed to acknowledge or respond to pertinent
10 communications with reasonable promptness, failed to adopt and implement reasonable standards for prompt investigation of claims, wrongfully denied plaintiffs request on the claim without conducting a
11 reasonable investigation, failed to affirm or deny coverage of plaintiff's claims within a reasonable time,
12 failed to provide promptly to plaintiff a reasonable explanation of the basis for rejection of claims.

13 33. Also, in its scheme to harm its insured, Satchi Mims, and to benefit from it, the defendant placed one sided clauses in their written agreement in conflict with California public policy and law. Particularly
14 provision 14. Mandatory Arbitration. The mandatory arbitration clause is in conflict with public policy
15 and state law, because California Code of Civil Procedure section 631 doesn't allow for jury trial to be waived before litigation. In addition, clauses 15 and 18, which indicate that the contract shall be
16 interpreted and enforced in accordance with the laws of Commonwealth Virginia. Plaintiff lives in California and defendant does business in California, and the contract was created in California, therefore
17 California courts have jurisdiction over issues regarding their agreement. It would be unconscionable for
18 the court to allow defendant, to circumvent California law and use Virginia law in interpreting the contract, because the law is probably more to the benefit of defendant. Therefore, an actual controversy
19 exist between plaintiff and defendant as to whether or not defendant can circumvent California Law and use a one sided contract to force plaintiff to give up right to a jury trial although not authorized by law and
20 bound plaintiff to Virginia law although neither party is in the state Virginia.

21 To protect its rights and interests, Plaintiff requires this court determine and declare that the Defendant Circuit City Stores Inc., is subject to statutory limitations of pertinent California law, nullify the contract
22 clauses requiring mandatory arbitration in conflict with California law, and declare that Defendant is liable
23 to indemnify Plaintiff's computer either by giving Plaintiff a replacement computer whose value is equal to the computer at the time it was purchased or issue refund.

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27 
| This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___9___ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

[American LegalNet, Inc. | www.USCourtForms.com]

Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

34. The misrepresentations, the wrongful handling of plaintiff's claims, and the wrongful scheme to prevent plaintiff from receiving benefits, by continuously trying to repair defects that can't be repaired instead of issuing a replacement or refund, all as described in paragraphs 1-33 above, constitute unfair or deceptive acts or practices under and violations of sections 790, 790.02, 790.03, rules adopted by the State Board of Insurance pursuant to the California Insurance Code, including Section 1770 of the California Civil Code and sections17200, 17201, 17202, 17203, 17206 of the California Business & Professions Code. Specifically, the Circuit City Stores, Inc. organization has engaged in unfair or deceptive acts or practices by: (a) Misrepresenting the terms of insurance policies it offered for sale; (b) Falsely advertising the terms of insurance policies it offered for sale; (c) Representing that its insurance policies and services had characteristics and benefits which they did not have; (d) Advertising insurance policies and services with intent not to sell them as advertised; (e) Representing that environmental impairment liability insurance polices sold by it conferred or involved rights, remedies, or obligations which they did not have or involve; (f) Misrepresenting pertinent facts or policy provisions relating to insurance coverage; (g) Engaging in wrongful claims handling and unfair claim settlement practices; (h) Breaching the duties of good faith and fair dealing it owes to its insured, Satchi Mims and (i) Engaging in practices that are deceptive and unfair under sections 17200, 17201, 17202, 17203, 17206 of the California Business & Professions Code and section 1770 of the Civil Code.

35. By entering into the above described scheme and taking the actions described above, the defendant has breached its duty of good faith and fair dealing.

36. As a result of such breaches of good faith and fair dealing, and such egregious bad faith conduct, plaintiff has suffered, and is continuing to suffer, serious actual and potential harm, and by this suit hopes to recover from such harm.

37. Circuit City Stores, Inc. organization has committed its bad faith conduct in violation of the law public policy intentionally, maliciously, with furtive design and ill will towards Satchi Mims or with conscious indifference towards and reckless disregard for plaintiff's rights and interests, and for this conduct plaintiff seeks emotional, punitive and exemplary damages.

38. As a proximate result of defendant breach of the covenant of good faith and fair dealing as herein alleged, plaintiff seeks general damages in an amount to be determined by proof at trial.

39. As a further proximate result of defendant breach of the covenant of good faith and fair dealing as herein alleged, plaintiff seeks punitive damages in an amount to be determined by proof at trial.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 10

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. [www.USCourtForms.com]

__THIRD__       **CAUSE OF ACTION—Breach of Warranty (Merchantability)**    Page 11
    (number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

BWM-1.  Plaintiff (name): SATCHIDANANDA MIMS AKA SATCHI MIMS

    alleges that on or about (date): SEPTEMBER 07, 2005
    defendant(s) (seller): CIRCUIT CITY STORES, INC.

    sold plaintiff (quantity and description of goods): one (TOS/M45S265) LAPTOP COMPUTER

    at retail and plaintiff brought such goods from defendant(s) for a price of (amount): $ 1730.00
    ☒ A true copy of a memorandum or contract regarding this sale is attached to this Cause of Action as Exhibit BWM-1.

BWM-2.  ☒ On or about (date):
    defendant(s) (manufacturer): Does 1-5

    manufactured such goods for the purpose of their eventual sale to retail buyers.

BWM-3.  ☒ On or about (date):
    defendant(s) (distributor): Does 1-5

    acquired such goods from defendant(s) manufacturer and distributed them to defendant(s) seller for eventual retail
    sale to consumers.

BWM-4.  ☒ In the process, defendants (name): TOSHIBA

    appended to such goods a written warranty which is attached to this Cause of Action as Exhibit BWM-4.

BWM-5.  Such retail sale to plaintiff was accompanied separately and individually by the implied warranty that such goods
    were merchantable by defendant(s) (name): CIRCUIT CITY STORES, INC. & Does 1-5

**CAUSE OF ACTION—Breach of Warranty (Merchantability)**          Page 12

BWM-6.   Defendant(s) breached their respective warranties implied in the sale in that (describe):   Are stated in Attachment
BWM-6.

As a result of the breach by defendant(s), plaintiff did not receive merchantable goods as impliedly warranted by
defendant(s).

BWM-7.   Plaintiff discovered such breach of warranty on or about (date):   October 28, 2005
a. ☒ On or about (date):   October 28, 2005 and various times thereafter.
plaintiff notified defendant(s) (name):   CIRCUIT CITY STORES, INC.

b. ☐ By letter, a true copy of which is attached to this Cause of Action as Exhibit BWM-7.
c. ☒ Other (describe):   In person, and by telephone on or about October 28, 2005, By telephone on the
following dates: July 23,2007, August 22, 2007, September 6, 2007, June 10, 2008. By letter on June 24,
2008 a true copy which is attached as Exhibit C.  Also see attachment BWM-7.

BWM-8.   As a legal result of such breach of the warranty of merchantability by defendant(s), plaintiff has been damaged in the
amount $ 2000.00

BWM-9.   Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 20 through 39  as if fully
set fourth in this matter.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

**ATTACHMENT** *(Number):* BWM-6      **Page** 13 **of** _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

The screen malfunctions occasionally during load up. Sometimes the screen loads up and flicks a white background, when this occurs the keyboard will not function, it becomes inoperable.

The keyboard malfunctions frequently, the F10 and F11 keys turn on automatically when the screen or computer is moved, or when computer is held at a 45 degree angle. When F10 and F11 keys turn on turn on the keyboard types numbers only instead of letters and becomes inoperable.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: <br> MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number)*: BWM-7     **Page** 14 **of** _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

1. Plaintiff bought the computer primarily for personal, family, or household purposes. The computer is a new consumer good as that term is defined in Civ. Code § 1791(a).

2. Plaintiff delivered the computer to defendant's repair facility and notified defendant of the nonconformity in writing, with full particulars for the purposes of service, a true copy of that notice is attached as Exhibit C and incorporated by reference. Defendant made a reasonable number of attempts on account of the same nonconformity to service or repairs the computer, to conform to the express warranty. Those attempts were unsuccessful, in that the computer still has the following defects: malfunctioning screen, when computer is loading up sometimes screen shows white background, when this occurs keyboard becomes inoperable, malfunctioning key board, the F10 and F11 keys periodically come on automatically when screen is moved and causes keyboard to become inoperable and wireless internal modem has problems connecting to internet connections. In addition sometimes when the system loads up an error comes up stating there is a hardware issue prompting the restart of the computer. The dates and duration of the attempts at service or repair are as follows:

| Months | Year | Days |
|---|---|---|
| April 11-14, | 2006 | 04 days |
| April 14-24, | 2006 | 10 days |
| July 23-August 03, | 2007 | 10 days |
| August 22-30, | 2007 | 08 days |
| September 6-17, | 2007 | 11 days |
| June 24-Jul 03, | 2008 | 08 days |

3. After the unsuccessful attempts at repair, plaintiff demanded that defendant replace the computer or reimburse plaintiff in an amount equal to the purchase price paid less an amount directly attributable to plaintiff's use of the goods prior to the time plaintiff discovered the nonconformity. Defendant Circuit City Stores, Inc. has failed and refused, and continues to fail and refuse, to make replacement or reimbursement. As a result of defendant's breach of warranty, plaintiff has been damaged in the amount of $ 2000.00.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1