**EXHIBIT D**

(Sale Approval Order)

Gregg M. Galardi, Esq.      Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.     Douglas   M.   Foley   (VSB
SKADDEN,    ARPS,    SLATE,  No. 34364)
MEAGHER & FLOM, LLP          MCGUIREWOODS LLP
One Rodney Square            One James Center
PO Box 636                   901 E. Cary Street
Wilmington,       Delaware   Richmond, Virginia 23219
19899-0636                   (804) 775-1000
(302) 651-3000

             - and -

Chris L. Dickerson, Esq.
SKADDEN,    ARPS,    SLATE,
MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,:   Case No. 08-35653 (KRH)
et al.,                      :
                             :
           Debtors.     :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND
BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE OF CERTAIN
REAL PROPERTY LOCATED IN MORENO VALLEY, CALIFORNIA FREE
AND CLEAR OF LIENS AND INTERESTS**

Upon the motion (the "Motion")[1] of Circuit City
Stores West Coast, Inc. (the "Seller," and collectively
with the debtors and debtors in possession in the above-
captioned jointly administered cases, the "Debtors") for
orders pursuant to Bankruptcy Code sections 105 and 363
and Bankruptcy Rules 2002 and 6004 (I)(a) approving
Bidding Procedures for the Sale of the certain real
property of the Seller located at 12530 Day Street in
Moreno Valley, California, including all vested signage
rights of the Seller in connection with such real
property and the building located thereon (including,
without limitation, rights to signage granted to the
Seller pursuant to that certain Development Agreement
dated as of October 24, 2003 by and between Gateway
Company, L.C. and Seller) (the "Property"),
(b) authorizing the Sellers to enter into the Purchase
and Sale Agreement (as amended, the "Agreement"), a copy
of which is attached hereto as Exhibit 1, dated as of
May 15, 2009 by and among the Seller and 99¢ Only Stores
(the "Purchaser"), (c) approving the Expense

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

2

Reimbursement in connection therewith, and

(d) scheduling Auction and Sale Hearing dates;

(II) approving the Sale of the Property free and clear

of all liens and interests; and (III) granting related

relief; and the Court having entered its Order

(I) Approving Bidding Procedures, (II) Authorizing

Seller to Enter Into Agreement, (III) Approving Expense

Reimbursement, and (IV) Setting Auction And Sale Hearing

Dates on July 23, 2009  (the "Bidding Procedures Order")

(Docket No.____); and the Sale Hearing having been held

on August 27, 2009, at which time all interested parties

were offered an opportunity to be heard with respect to

the Motion; and the Court having reviewed the Motion;

and the Court having determined that the relief

requested in the Motion is in the best interests of the

Seller, its estate, its creditors and other parties in

interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or

further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction over the
Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this
matter is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(A).

B.   Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and
1409.

C.   As evidenced by the affidavits of service
previously filed with the Court, and based on the
representations of counsel at the Sale Hearing,
(i) proper, timely, adequate, and sufficient notice of
the Motion, the Sale Hearing, the Sale, the Bid
Deadline, and the Auction as approved herein has been
provided in accordance with Bankruptcy Code sections
102(l) and 363 and Bankruptcy Rules 2002 and 6004,
(ii) such notice was good, sufficient, and appropriate
under the circumstances and (iii) no other or further
notice of the Motion, the Sale Hearing, the Sale, the

---

[2] Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

Bid Deadline and the Auction is necessary or shall be
required.

D.    As demonstrated by (i) the testimony and
other evidence proffered or adduced at the Sale Hearing
and (ii) the representations of counsel made on the
record at the Sale Hearing, the Seller has marketed the
Property and conducted the sale process in compliance
with the Bidding Procedures Order.

E.    The Seller has full power and authority
to execute the Agreement and all other applicable
documents contemplated thereby.  The transfer and
conveyance of the Property by the Seller have been duly
and validly authorized by all necessary action of the
Seller. The Seller has all of the power and authority
necessary to consummate the transactions contemplated by
the Agreement and has taken all action necessary to
authorize and approve the Agreement and to consummate
the transactions contemplated thereby.  No consents or
approvals, other than those expressly provided for in
the Agreement, are required for the Seller to consummate
such transactions.

F.    The Seller has demonstrated good, sufficient, and sound business purpose and justification for the Sale because, among other things, the Seller and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to the Purchaser of the Property pursuant thereto and (c) the Purchase Price agreed to as reflected in the Agreement are all fair and reasonable and together constitute the highest or otherwise best value obtainable for the Property.

G.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (a) those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order"), (b) all entities

known to have expressed an interest in a transaction

regarding the Property during the past three (3) months;

(c) all entities known to have an interest in any of the

Property; and (d) all federal, state, and local

regulatory or taxing authorities or recording offices

that have a reasonably known interest in the relief

requested through the Motion.

H.    The Purchaser is not an "insider" of any

of the Debtors as that term is defined in 11 U.S.C. §

101(31).

I.    This Sale Approval Order and the

consummation of the contemplated transactions are

supported by good business reasons, and will serve the

best interests of the Seller, its estate and creditors

by maximizing the value to be obtained from the

Property.

J.    The Agreement was negotiated, proposed,

and entered into by the Seller and the Purchaser without

collusion, in good faith, and from arm's-length

bargaining positions.  Neither the Seller nor the

Purchaser has engaged in any conduct that would cause or

permit the Sale to be avoidable under Bankruptcy Code
section 363(n).

K.    The Purchaser is a good faith purchaser
under Bankruptcy Code section 363(m) and, as such, is
entitled to all of the protections afforded thereby.
The Purchaser will be acting in good faith within the
meaning of Bankruptcy Code section 363(m) in closing the
transactions contemplated by the Agreement at all times
after the entry of this Sale Approval Order.

L.    The consideration provided by the
Purchaser for the Property pursuant to the Agreement (i)
is fair and reasonable, (ii) is the highest or otherwise
best offer for the Property, (iii) will provide a
greater recovery for the Seller's stakeholders than
would be provided by any other practical available
alternative and (iv) constitutes reasonably equivalent
value and fair consideration under the Bankruptcy Code
and under the laws of the United States, any state,
territory, or possession thereof, or the District of
Columbia.

M.   The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.   The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property.  The Property would be sold free and clear of free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) and any monetary amounts which are secured by any lien (collectively, the "Liens"), except for (i) liens for real property taxes that are not yet due and payable, (ii) zoning ordinances, building codes and other land use laws and applicable governmental regulations, (iii) all covenants, agreements, conditions, easements, restrictions and rights, whether

of record or otherwise (excluding, however, mortgages,
deeds of trust, mechanics liens, tax liens, judgment
liens, any other liens securing monetary amounts,
leases, licenses, any other similar agreements conveying
possessory rights (other than easements and similar
rights), purchase option rights, rights of first refusal
and any other similar rights of purchase), and (iv) any
and all matters that would be shown by a physical
inspection of the Property (collectively, the "Permitted
Encumbrances").

    O.    If the Sale of the Property by the Seller
were not free and clear of any Liens, except for the
Permitted Encumbrances, as set forth in the Agreement
and this Sale Approval Order, or if the Purchaser would,
or in the future could, be liable for any of the Liens,
the Purchaser would not have entered into the Agreement
and would not consummate the Sale contemplated by the
Agreement, thus adversely affecting the Seller, its
estate, and its stakeholders.

    P.    The Seller may sell its interest in the
Property free and clear of all Liens (except the
Permitted Encumbrances) because, in each case, one or

more of the standards set forth in Bankruptcy Code

sections 363(f)(1)-(5) has been satisfied.  All holders

of Liens who did not object or withdrew their objections

to the Sale are deemed to have consented to the Sale

pursuant to 11 U.S.C. § 363(f)(2) and all holders of

Liens are adequately protected by having their Liens, if

any, attach to the cash proceeds of the Sale ultimately

attributable to the property against or in which they

claim an interest with the same priority, validity,

force, and effect as they attached to such property

immediately before the closing of the Sale.

        Q.    Approval of the Agreement and

consummation of the Sale of the Property at this time

are in the best interests of the Seller, its estate, its

stakeholders and other parties in interest; and it is

therefore

                    **ORDERED, ADJUDGED AND DECREED THAT:**

        1.    The Motion is GRANTED.  Any and all

objections to the Motion not waived, withdrawn, settled,

adjourned or otherwise resolved herein are hereby

overruled and denied with prejudice.

11

**A.    Approval Of The Agreement.**

2.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized, but not directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.    The Seller is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property as contemplated by the Agreement.

5.    This Sale Approval Order and the Agreement shall be binding in all respects upon all

stakeholders (whether known or unknown) of the Seller,
all affiliates and subsidiaries of the Seller, and any
subsequent trustees appointed in the Seller's chapter 11
case or upon a conversion to chapter 7 under the
Bankruptcy Code.  To the extent that any provision of
this Sale Approval Order is inconsistent with the terms
of the Agreement, this Sale Approval Order shall govern.

6.    The Agreement and any related agreements,
documents, or other instruments may be modified,
amended, or supplemented by the parties thereto, in a
writing signed by such parties, and in accordance with
the terms thereof, without further order of the Court;
provided that any such modification, amendment, or
supplement is disclosed to the Creditors' Committee and
does not have a material adverse effect on the Seller's
estate, in the good faith business judgment of the
Seller.

**B.    Sale And Transfer Of The Property.**

7.    Pursuant to Bankruptcy Code sections
363(b) and 363(f), upon the consummation of the
Agreement, the Seller's right, title, and interest in
the Property shall be transferred to the Purchaser free

13

and clear of all Liens except the Permitted

Encumbrances, with all such Liens to attach to the cash

proceeds of the Sale in the order of their priority,

with the same validity, force, and effect which they had

as against the Property immediately before such

transfer, subject to any claims and defenses the Seller

may possess with respect thereto.

8.   If any person or entity which has filed

financing statements, mortgages, mechanic's liens, lis

pendens, or other documents or agreements evidencing

Liens on or against the Property shall not have

delivered to the Seller prior to the Closing of the

Sale, in proper form for filing and executed by the

appropriate parties, termination statements, instruments

of satisfaction, releases of all Liens that the person

or entity has with respect to the Property, or

otherwise, then (a) the Seller is hereby authorized to

execute and file such statements, instruments, releases,

and other documents on behalf of the person or entity

with respect to the Property and (b) the Purchaser is

hereby authorized to file, register, or otherwise record

a certified copy of this Sale Approval Order, which,

once filed, registered, or otherwise recorded, shall

constitute conclusive evidence of the release of all

Liens on or against the Property of any kind or nature

whatsoever except for the Permitted Encumbrances.

9.    This Sale Approval Order (a) shall be

effective as a determination that, upon the Closing of

the Sale, all Liens of any kind or nature whatsoever

existing as to the Seller or the Property prior to the

Closing of the Sale, except for the Permitted

Encumbrances, have been unconditionally released,

discharged, and terminated (other than any surviving

obligations), and that the conveyances described herein

have been effected and (b) shall be binding upon and

shall govern the acts of all entities including, without

limitation, all filing agents, filing officers, title

agents, title companies, recorders of mortgages,

recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of

state, federal, state, and local officials, and all

other persons and entities who may be required by

operation of law, the duties of their office, or

contract, to accept, file, register, or otherwise record

or release any documents or instruments, or who may be
required to report or insure any title or state of title
in or to any of the Property.

10.   All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,
hereby are forever barred, estopped, and permanently
enjoined from asserting against the Purchaser, its
successors or assigns, its property, or the Property,
such persons' or entities' Liens.  Nothing in this Sale
Approval Order or the Agreement releases or nullifies
any liability to a governmental agency under any
environmental laws and regulations that any entity would

be subject to as owner or operator of any Property after
the date of entry of this Sale Approval Order.  Nothing
in this Sale Approval Order or the Agreement bars,
estops, or enjoins any governmental agency from
asserting or enforcing, outside the Court, any liability
described in the preceding sentence.  Notwithstanding
the above, nothing herein shall be construed to permit a
governmental agency to obtain penalties from the
Purchaser for days of violation of environmental laws
and regulations prior to Closing.

**C.   Additional Provisions**

11.  The consideration provided by the
Purchaser for the Property under the Agreement is hereby
deemed to constitute reasonably equivalent value and
fair consideration under the Bankruptcy Code, the
Uniform Fraudulent Conveyance Act, the Uniform
Fraudulent Transfer Act, and under the laws of the
United States, and any state, territory, or possession
thereof, or the District of Columbia.

12.  Upon the Closing of the Sale, this Sale
Approval Order shall be construed as and shall
constitute for any and all purposes a full and complete

general assignment, conveyance, and transfer of all the
Property or a bill of sale transferring good and
marketable title in the Property to the Purchaser
pursuant to the terms of the Agreement.

13.   The transactions contemplated by the
Agreement are undertaken by the Seller and the Purchaser
at arm's-length, without collusion and in good faith, as
that term is used in section 363(m) of the Bankruptcy
Code, and accordingly, the reversal or modification on
appeal of the authorization provided herein to
consummate the sale of the Property shall not affect the
validity of the Sale to the Purchaser, unless such
authorization is duly stayed pending such appeal.  The
Purchaser is a purchaser in good faith, within the
meaning of section 363(m) of the Bankruptcy Code, of the
Property, and is, and shall be, entitled to all of the
protections afforded by such section and in accordance
therewith.

14.   The consideration provided by the
Purchaser for the Property under the Agreement is fair
and reasonable and the Sale may not be avoided under
section 363(n) of the Bankruptcy Code.

15.   The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

16.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17.   This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Seller pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, (d) interpret, implement, and enforce the provisions of this Sale Approval Order, and

(e) protect the Purchaser against any Lien against the

Seller or the Property of any kind or nature whatsoever,

except for Permitted Encumbrances, which Liens, valid

and timely perfected, shall attach to the proceeds of

the Sale.

Dated:  Richmond, Virginia

        August 27, 2009


           _____

           UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**


        Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.


                        /s/ Douglas M. Foley


                        21

**Exhibit 1**


**(Agreement)**