## Exhibit A

## CONSENT TO SUBLEASE AND AMENDMENT OF LEASE

THIS AGREEMENT, made and entered into as of the 14th day of July, 1989, by and between INVESTORS FIRST STAGED EQUITY, L.P., a California limited partnership ("LANDLORD"), and THE JOHN BREUNER COMPANY, a California corporation ("TENANT").

## W I T N E S S E T H :

WHEREAS, by lease dated March 3, 1970, (the "Lease"), Crocker Land Company, a California corporation and LANDLORD's predecessor in interest ("Crocker"), leased to Tenant the improved real property commonly known as 301 Serramonte Plaza, Daly City, California 94015, and more particularly described in Exhibit A attached hereto and hereby made a part hereof;

WHEREAS, the parties desire to amend and supplement the Lease in certain respects and to provide for LANDLORD's consent to the sublease of a portion of the demised premises to CIRCUIT CITY STORES, INC., a Virginia corporation ("SUBLESSEE").

NOW, THEREFORE, the consideration and mutual covenants herein contained the parties agree as follows:

1. <u>Term</u>. The parties agree that, for purposes of paragraph 28 of the Lease, the term of the Lease commenced on November 11, 1970.

2. <u>Rent</u>.

a. Effective on the Rent Commencement Date specified in the Sublease, the basic annual rental payable by TENANT under

1



EXHIBIT

B

the Lease shall be (i) TWO DOLLARS AND SIX CENTS ($2.06) per square foot of rentable space, which the parties agree is 120,000 square feet, plus (ii) one-half (1/2) of the total consideration (for both the existing building and the new building, as described in the Sublease) received by TENANT from SUBLESSEE in excess of TWO DOLLARS AND SIX CENTS per square foot of existing ground floor space (exclusive of the new building) to be leased by SUBLESSEE less:

(i) All costs paid by TENANT for tenant improvements relating to the subleased premises, including but not limited to demising walls to separate the subleased premises from the remainder of the space demised to TENANT;

(ii) Real estate commissions paid by Tenant in respect of the sublease;

(iii) Legal expenses paid by Tenant in respect of the sublease; and

(iv) Additional rent paid to TENANT by SUBLESSEE applicable to maintenance, insurance of property and common area liability insurance, and taxes already paid or to be paid to LANDLORD by Tenant under the Lease.

b. The permitted deductions from the total consideration received by TENANT from SUBLESSEE specified in clauses (i), (ii) and (iii) above shall be reduced by the amount of the legal expenses incurred by LANDLORD in respect of the said sublease and the real estate consulting fees of Northwest Asset Management Co., Inc. not to exceed FORTY-ONE THOUSAND THREE HUNDRED SIXTY DOLLARS ($41,360.00), and except as hereinafter set

2



forth, the balance shall be amortized over a period of forty-eight (48) months, commencing on the rent commencement date specified in the Sublease. As to each of the three succeeding five year renewal options under the Sublease, any real estate commission paid by TENANT in respect of the Sublease in accordance with Exhibit "C" attached hereto, will be amortized out of the rent paid under the Sublease over the respective periods of twenty-four (24) months immediately following payment of such real estate commissions.

     c.   Paragraph (b) of Exhibit B to the Lease is hereby amended to read as follows:

> "As additional rental, Lessee shall pay Lessor annually within thirty (30) days after the end of each lease year a percentage rent equal to the amount by which Lessee's gross sales, (as hereinafter defined) exceed $10,000,000 annually for each lease year, multiplied by the percentage rent rate, the aggregate being computed as follows:
>
> (1)   No percent (0%) of gross sales during such lease year up to but not in excess of $10,000,000.00 of gross sales; plus
>
> (2)   One and one-half percent (1-1/2%) of gross sales during such lease year in excess of $10,000,000.00 of gross sales."
>
> Notwithstanding the foregoing, or any definition of gross sales contained in the Lease, it is expressly agreed that TENANT shall pay percentage rent only on sales directly by TENANT, and that SUBLESSEE's sales shall be expressly excluded from any definition of gross sales under the lease."



d. Basic rental shall be paid in equal monthly installments in advance on the first day of each and every month during the Lease term.

3. <u>Consent to Sublease</u>. LANDLORD hereby consents to the sublease of a portion of the demised premises, which portion consists of approximately 41,360 square feet (including mezzanine space), as more specifically delineated on the floor plan attached hereto as Exhibit "B", which portion includes approximately 8,100 square feet of new building area (including mezzanine space) to be constructed by SUBLESSEE in accordance with the approval of LANDLORD hereinafter contained in paragraph 7. LANDLORD acknowledges that it has received a copy of said sublease dated July 14, 1989, and has reviewed the same, and that its consent herein contained is based on such review. As expressed in the sublease, LANDLORD's consent to the sublease does not constitute a consent to permit SUBLESSEE to continue to occupy the premises demised by the Sublease in the event TENANT does not exercise its option to extend the term of the lease.

4. <u>Estoppel</u>. Each party agrees that, as of the date hereof, the other party has performed all of the obligations to be performed by it under the Lease and that no event has occurred which, with the giving of notice, or the passage of time, or both, would constitute a default under the Lease.

5. <u>Common Area Maintenance</u>. Notwithstanding any provision of the Lease to the contrary, LANDLORD, at its election, shall have the right to perform and charge TENANT for its proportionate share of the common area maintenance costs of the Serramonte

4



Plaza Center, including, without limitation, the cost of parking lot striping, sweeping and asphalt repair and resurfacing, the cost of landscape maintenance and the cost of repair or replacement of electrolier lights in the common area; provided, however, that the cost of such work shall not exceed that prevailing in other "Class A" strip shopping centers, and provided further that with respect to the calendar year 1990 common area maintenance costs will not exceed TWELVE THOUSAND FORTY-FIVE DOLLARS AND NINETY-TWO CENTS ($12,045.92). TENANT acknowledges and agrees that Common Area maintenance costs shall include a ten percent (10%) administrative services charge.

6. <u>Approval of Site Plan and Improvements</u>. LANDLORD hereby approves the site plan and plans and specifications relating to the improvements to be made to the subleased space previously submitted to LANDLORD; provided, however, that such approval shall not impose any obligations on LANDLORD to ascertain that the improvements comply with applicable laws, rules and regulations.

7. <u>Right to Cure Defaults</u>. LANDLORD agrees to give CIRCUIT CITY written notice of any default by TENANT under the Lease and the right to cure default by TENANT under the Lease, capable of being cured by CIRCUIT CITY, within the time and in the manner provided by the Lease.



8.   **Ratification**.  As amended hereby, the Lease is ratified and confirmed in all respects.


IN WITNESS WHEREOF, the undersigned have executed this instrument on the date set forth opposite their respective signatures.


Dated:

**LANDLORD:**

INVESTORS FIRST STAGED EQUITY, L.P.
a California limited partnership

By:  VMS REALTY SERVICES
     Its, duly authorized agent

By: *Northwest Asset Management Co., Inc.*
    *its duly authorized agent*

By: _____
W. GARDNER COMBS
   Title: *President*


**TENANT:**

Dated:

THE JOHN BREUNER COMPANY,
a California corporation

By: _____
    *VICE PRESIDENT*


156LPBW

**Exhibit B to**
**Second Amendment of Lease and Amendment of Sublease;**
**Consent to Sublease and Attornment**
**and Non-Disturbance Agreement**

Copy of Lease and all Amendments

# **Breuners**

*Home Furnishings Since 1856*

November 3, 1993

Ms. Ann Marie Pettengell
Property Manager
Circuit City
9950 Mayland Drive
Richmond, VA 23233-1464

Reference:    Circuit City Location #253
              Daly City, CA

Dear Ms. Pettengell:

Enclosed is a copy of Susan E. Rogers' March 3, 1990 letter which
sets forth September 12, 1989 as the date Breuners delivered
possession of the subleased premises to Circuit City.

Article 4. <u>Term</u>. states "The base term of this Sublease shall
commence, and Lessor shall deliver possession of the premises to
Lessee not later than September 5, 1989 (the "Term Commencement
Date") and shall end on November 10, 1998."

Article 5(b) states "...Lessee's obligation to pay rent shall
commence on the earlier of the date Lessee opens for business to the
public or one hundred eighty (180) days following the Term
Commencement Date (the "Rent Commencement Date").

Susan E. Rogers' March 3, 1990 letter also sets forth the Rent
Commencement Date of March 10, 1990, which by definition in Article
5(b) is 180 days following the Term Commencement Date.

Breuners accepted and continues to accept the dates set forth in Ms.
Rogers' March 3, 1990 letter.  Breuners is predicating the rent
adjustment, which as set forth in Article 5(c) states "The annual
minimum fixed rent set forth in paragraph 5(b) hereof shall be the
base rent for the first four (4) years of the sublease term."

Give a Term Commencement Date of September 12, 1989, the fifth year
of your sublease commenced on September 12, 1993 and hence the rental
adjustment is due.

Should you not agree with this analysis please phone me.

Very truly yours,

Peter M. Meier
Director - Real Estate

PMM:cld
\ccity

CORPORATE OFFICE: 3250 BUSKIRK AVENUE, PLEASANT HILL, CA 94523-4395 • (510) 906-4700
Richmond • Stockton • Vallejo • San Carlos • Fresno • Campbell • Mountain View • Pleasanton • Pleasant Hill • Daly City • Reno • Sacramento • Santa Rosa • Modesto • Fremont • Las Vegas

File

# **Breuners**

*Home Furnishings Since 1856*

September 30, 1993

Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23230

**Attention:  Real Estate Administrator**

**RE:  Circuit City Store #253, Daly City, CA**

Dear Administrator:

According to Article 5c of the Sublease Agreement the annual minimum fixed rent for the above referenced premises is to adjust on September 12, 1993 by the following calculation:

$$\$22,657.50 \times 1.12 = \$25,376.00$$

Therefore, beginning October 1, 1993 please adjust your payment to reflect the new minimum monthly rent of $\underline{\$25,376.00}$ which will continue unchanged through September 12, 1993.

Please also send the pro-rated 9/12/93 - 9/30/93 rent for September, 1993.

$$\$2,718.90 \div 30 = \$90.63 \text{ day}$$
$$90.63 \times 18 \text{ days} = \$1,631.34$$

In addition to the above we would like to call to your attention our June 9, [...]
Estate Taxe[s]

Thank you f[or]

Very truly [yours]

Peter M. Me[i]
Director - [R]

PMM:cld
Enclosures
\CCTYINV
Via Certifie[d]

CORPORATE O[FFICE]

[...]hmond • Stockton • Vallejo • San Carlos • Fresno • [...]  [...] Las Vegas

**SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.    2. ☐ Restricted Delivery
(Extra charge)    (Extra charge)

| 3. Article Addressed to: | 4. Article Number |
| --- | --- |
| Circuit City Stores Inc<br>9950 Mayland Dr<br>Richmond, VA 23230<br>attn Real Estate Admin | P138 330 750 |
| | **Type of Service:**<br>☐ Registered   ☐ Insured<br>☑ Certified   ☐ COD<br>☐ Express Mail   ☑ Return Receipt<br>for Merchandise |
| | Always obtain signature of addressee<br>or agent and DATE DELIVERED. |
| 5. Signature — Addressee<br>X | 8. Addressee's Address (ONLY if requested and fee paid) |
| 6. Signature — Agent<br>X   *Mira Klug* | |
| 7. Date of Delivery  10-6-93 | |

PS Form 3811, Apr. 1989    ☆U.S. GPO 1989 238-815    DOMESTIC RETURN RECEIPT

November 4, 1998


Mr. Thomas Nelson
Senior Vice President- Development & Administration
Gart Sports Company
1000 Broadway
Denver, CO  80203


Re:    Sportmart store # 69
       Serramonte Plaza Daly City, CA

Dear Tom:

Enclosed for Sportmart to pay is the original copy of the 1998-1999 real estate bill for
Phase 1 of Serramonte Plaza.  Phase 1 is the Circuit City, Sportmart and Office Depot
portion of Serramonte Plaza.

Pursuant to Sportmarts obligations under section 9 (d) of the sublease, at Sublanlord's
option Sportmart is obligated to pay the real estate taxes obligation for the entire property
(a "Master Premises Obligation Cost") and to bill Circuit City for their share.

Please provide documentation to Daly City Lease Partners, L. P.evidencing that the 1998-
1999 real estate taxes have been paid timely.

This is one example of the Master Premises obiligations that was delegated to Sportmart
in the sublease agreement.  As we discussed in our meeting at Daly City, we are willing to
work with Sportmart to amend the sublease to transfer the Master Premises Obligations to
Daly City Lease Partners, but we will first need to conclude an agreement on current
outstanding issues , which we addressed in our meeting and  my  September 16,1998 letter
to you . Another Master Premises obligation, for which a condition of default exists under
the Sportmart sublease, are the strucural repairs to roof beams that have not yet been
completed.

I am still awaiting your response to my September 16, 1998 letter.

Thank you for your attention to these matters.

Yours truly,



Peter Meier

C: Dennis Wong



EXHIBIT

## SUBLEASE

THIS SUBLEASE (this "Sublease") is made and entered into as
of the _9th_ day of November, 1993 by and between
**SPORTMART, INC.**, a Delaware corporation (hereinafter called
"Subtenant"), and **THE JOHN BREUNER COMPANY**, a California
corporation (hereinafter called "Sublandlord").

## Recitals:

A.  By that certain Lease dated March 3, 1970, amended by a
certain Consent to Sublease and Amendment of Lease ("Amendment to
Prime Lease") dated as of July 14, 1989, copies of which are
attached hereto as <u>Exhibit A</u> and by this reference made a part
hereof (said lease and the Amendment to Prime Lease hereinafter
collectively called the "Prime Lease"), Crocker Land Company, a
California corporation ("Crocker"), leased to Sublandlord a total
of approximately 120,000 square feet of ground floor and
mezzanine space as depicted on <u>Exhibit C</u> (hereinafter called the
"Master Premises"), being a portion of the shopping center
commonly known as Serramonte Plaza, located at Gellert Boulevard
& Serramonte Boulevard in Daly City, California and legally
described on <u>Exhibit B</u> attached hereto (the "Shopping Center").
The initial term of the Prime Lease commenced on November 11,
1970 and will expire on November 10, 1998.  Sublandlord has
options ("Prime Lease Options") to extend the term for three (3)
successive additional periods of five (5) years each, which, if
exercised in full, would extend the expiration date of the Prime
Lease to November 10, 2013.

B.  Crocker's successor in interest and the current landlord
under the Prime Lease is Serramonte Plaza L.P., a California
limited partnership (hereinafter, together with its successors
and assigns, called "Landlord").

C.  A portion of the Master Premises ("Circuit City
Premises"), as depicted on <u>Exhibit C</u>, has been subleased to
Circuit City Stores, Inc. (that company, or its successor
occupants of the Circuit City Premises, referred to as "Circuit
City") by Sublease dated June, 1989 ("Circuit City Sublease").

D.  Subject to the consent of Landlord, Subtenant desires to
sublease from Sublandlord and Sublandlord desires to sublease to
Subtenant the remainder of the Master Premises (hereinafter
called the "Subpremises"), containing approximately 77,500 square
feet (subject to remeasurement as provided in Paragraph 4(a)(i)
below) and depicted on <u>Exhibit C</u> attached hereto and made a part
hereof, all upon the terms and subject to the conditions and
provisions hereinafter set forth.

lines to the building; and (iv) all costs, to the extent not
reimbursed by insurance, to repair or reconstruct the building
after casualty, as required under Paragraph 26 of the Prime
Lease.

(d)   <u>Taxes and Insurance</u>.  At Sublandlord's option,
Subtenant shall also (i) pay the real estate taxes which are
otherwise the responsibility of Sublandlord under subparagraph
6(a)(i) above and Paragraph 29 of the Prime Lease, and (ii)
obtain, maintain and pay the premiums for the insurance policies
to be maintained by Sublandlord under subparagraph 6(a)(ii) above
and Paragraph 30 of the Prime Lease.  The costs incurred and
funds expended in connection with the foregoing (including
reasonable costs and fees expended in protesting any taxes) are
Master Premises Obligations Costs.

(e)   <u>Payment of Master Premises Obligations Costs</u>.
Subtenant shall be responsible for its pro rata share of the
Master Premises Obligations Costs incurred from time to time, and
Circuit City shall be responsible for the balance (its pro rata
share) of such Master Premises Obligations Costs.  Circuit City
shall pay to Subtenant Circuit City's share of the Master
Premises Obligations Costs within thirty (30) days after receipt
of Subtenant's invoice therefor.  If Circuit City fails to make
such payment within ninety (90) days after receipt of Subtenant's
invoice, Subtenant may then invoice Sublandlord for such amount
with interest from the date payment was due from Circuit City.
If Sublandlord fails to pay such amount within thirty (30) days
after receipt of Subtenant's invoice, Subtenant may deduct such
amount, with interest as provided herein, from the next
installment or installments of rent accruing hereunder.
Sublandlord shall cooperate with Subtenant in directing Circuit
City to pay its share of Master Premises Obligations Costs
directly to Subtenant.

10.   <u>Alterations</u>.  Subtenant may, at its expense, make
additions and alterations to the improvements constituting the
Subpremises, provided that (i) if so required under the Prime
Lease (but unless Landlord and Subtenant have agreed otherwise),
Subtenant shall have first obtained the approval of Landlord, and
(ii) such work shall be expeditiously completed in a good and
workmanlike manner and in compliance with all applicable legal
requirements, the requirements of all insurance policies required
to be maintained hereunder and any other requirements under the
Prime Lease.  All such additions and alterations shall be and
remain part of the realty and the property of Landlord, and shall
be deemed part of the Subpremises and shall be subject to this
Sublease.  Subtenant may place upon the Property any inventory,
trade fixtures, machinery or equipment belonging to Subtenant or
third parties and may remove the same at any time during the term
of this Sublease, provided that Subtenant shall repair any damage
to the Subpremises caused by such removal.  There shall be no
adjustment of Minimum Rent hereunder resulting from any Subtenant
alterations, additions or improvements, nor shall there be any
further remeasurement of the Subpremises.

LEASE

PARTIES:

1.  This Lease, made in duplicate at San Francisco, California,
the _3rd_ day of _March_, 19 _70_, by and between CROCKER
LAND COMPANY, a California corporation, hereafter called Lessor,
and JOHN BREUNER COMPANY, a California corporation, hereafter
called Lessee.

W I T N E S S E T H

PREMISES:

2.  In consideration of the rent reserved and of the covenants
to be performed by Lessee, Lessor hereby leases to Lessee and
Lessee hereby hires from Lessor the premises situated in the City
of Daly City, County of San Mateo, State of California, as described
in Exhibit A attached hereto.

TERM:

3.  (a)  The term of this lease shall be for a period of twenty
eight (28) years, commencing as in Section 28 herein provided, un-
less sooner terminated under the terms and conditions of this lease.

(b)  So long as Lessee is not in default under the terms
and provisions of this lease to be observed or performed by Lessee,
then Lessee shall have an option to extend this lease for three
successive additional periods of five (5) years each on the same
terms and conditions contained herein, so far as applicable, pro-
vided, however, that Lessee shall not be entitled to any further
extension of the lease beyond said three extensions.  To exercise

Orders 1 through 10 thereto and changes specified in letter of
Haver, Nunn & Jensen, Architects, dated February 24, 1970, com-
prising part of Exhibit C. All the foregoing documents are by
reference incorporated herein and made a part hereof.

COMMENCEMENT OF TERM:

28. The term hereof shall commence on the date on which
Lessor delivers to Lessee a sum of money equal in amount to the
sum of those items included in paragraphs (a) 2. and (a) 4. of
Exhibit B. Said delivery of money must be within ten (10) days
after Lessee delivers to Lessor an architect's or engineer's cer-
tificate that the new building has been completed as provided
herein.

TAXES:

29. In addition to all other payments herein provided to
be made by Lessee and as additional rental hereunder, Lessee
agrees to pay before delinquency all real property taxes
and assessments which have become or may become a



-13 A-

lien upon the demised premises (or are otherwise imposed or
assessed on the demised premises) or any portion thereof or upon
improvements thereon or improvements added thereto during the term
of this lease.  In addition to rental and other charges to be paid
by Lessee hereunder, Lessee agrees that if at any time during the
term hereof, under the laws of California or any political sub-
division thereof, a tax or excise on rents or other tax (except
income tax), however described, shall be levied or assessed by Cali-
fornia or said political subdivision against Lessor on account of the
rental expressly reserved hereunder, Lessee shall reimburse to Lessor,
upon demand, any and all such tax or excise on rents or other taxes.
If Lessee fails to pay such taxes, in addition to all other remedies
Lessor has hereunder, Lessor shall have the right to pay any or all
of such taxes and to recover reimbursement therefor from Lessee.
Taxes for the year in which this lease commences and for the year in
which it terminates shall be equitably prorated.  Should the amount
of taxes on real property payable by Lessee as hereinabove pro-
vided and applying only to the real property provided by Lessor
(as established in Exhibit B, paragraph (a) 1. and (a) 2.), exceed
$63,600 annually, then Lessee may request reimbursement from Lessor
for said excess; provided, however, that said reimbursement shall
only be payable from Lessor from percentage rents already paid to
Lessor by Lessee during the prior lease year only, and, further,
provided that percentage rents received by Lessor from gross sales
(as defined in Exhibit B) of less than $7,000,000 shall be exempt
from this reimbursement provision.

-14-

30.  Lessee shall keep the demised premises insured against loss or damage by fire, with extended coverage, to the extent of 100% of the replacement value of the improvements on said premises (including any improvements made during the term hereof).  Lessee shall pay the premium of such insurance from time to time, as and when such premiums shall become due.

The insurance hereunder shall be payable to Lessor and Lessee as their interest may appear, in companies and with provisions satisfactory to Lessor; and Lessor shall be entitled to duplicate policies and to ten (10) days' advance written notice of the cancellation of any insurance coverage.  In the event that Lessee shall fail to obtain such insurance or to keep the same in full force and effect, Lessor may procure the same, and Lessee shall upon demand reimburse Lessor for the premiums thereon.

Lessee agrees that if Lessor encumbers or has encumbered the demised premises to a lender by Deed of Trust, mortgage or other security device, at Lessor's discretion loss shall be made payable to such lender.  Lessor agrees that monies, to the extent of insurance proceeds received by either Lessor or such lender under a policy of insurance described by this section, will be disbursed in installments to Lessee or to Lessee's building contractor according to the progress of the work of repairing or rebuilding the demised premises under Section 26.  Lessee agrees that in the event Lessor exercises its right under Section 26 hereof to terminate this lease due to damage or destruction to the premises occurring during the last three years of the lease term, the insurance proceeds payable under the policy or policies of insurance covered by this section shall be paid to Lessor.

GENERAL PLANNING STANDARDS:

31.  (a)  No building or structure of any kind, including but

## JOHN BREUNER COMPANY
## LEASED PROPERTY

STORE: Circuit City        Daly City        3560¢ Existing Mezz
                                            6304 New Mezz

                    29,700¢ Existing Ground Floor
                    7,470¢ New                    4,190 Mezz
DESCRIPTION: Sublease 41,360¢ ─────────────
                    37,170 Ground Floor        Serramonte

LOCATION: Gellert Blvd.

Master Lessor: Serramonte Plaza L.P.
VMS Realty Partners
8700 W Bryn Mawr Ave.
Chicago, IL 60631
Attn: Greg Smith
312-399-8864

Sub
LESSOR: Breuners

ADDRESS:

PHONE:        LEASE COMMENCEMENT DATE: 9/12/89
                                        9/12/93

LEASE EXPIRATION: 11/10/98

LEASE YEAR: 3/1 - 2/28 For % Rent Purposes        Next Rent Adjustment 9/12/97

                                        DATE EXERCISED:

OPTIONS: 3 - 5 YRS
    DATE OPTION NOTICE REQUIRED

1ST: 11/11/98 - 11/10/2003  *28,421
2ND: 11/11/2003 - 11/10/2008
3RD: 11/11/2008 - 11/10/2013
4TH:

RENT BASIS: MINIMUM RENT 9/12/89 - 9/11/93 $22,657.50 Mo/$274,890 Annual 4 *
        9/12/93 - 9/11/97 $25,376.40 Mo/$304,516 Annual Rent ↑ 12% every 4 years
                                        9/11/98 28,421.56    9/11/02 31,832.16
% RENT 1% > 30 MM BKpt Adjusts w/min Rent    Lease Year % Rent    March - Feb

GROSS SALES REPORTS DUE: Quarterly July 15, Oct 15, Jan 15, April 15
                        Annual Report Due April 30

AMENDMENTS: DATED:

                            SUBLESSEE
SUBLEASES: DATED:           RENT TO LESSOR:

    RENT TO BREUNERS:

9/12/97  341,059.92    381,984
9/12/01  427,823.05
9/12/05  499,161.82

Breuners shall Notify Circuit City of its intent to exercise each
option to extend the Master Lease Not more than 25 Nor less than 24 Months
prior to the end of the current term thereof.

\FORMTOOL\LSDPROP

Delivery Date 9/12/89
Rent Commencement 180 days 3/10/90
* Rent Basis  29,700¢ Existing ground floor  x .70 = $20,790
            + New ground floor  x .25 = $1,867.50
                                        $22,657.50

EXHIBIT
D

**Daly City Lease Partners, LLC**
**Prime Lease**

**ADDRESS:** **303 Gellert Blvd., Daly City, CA**          Land Area:
Building Area: 120,000 sq ft.                              Lease premises: 37,170 sq ft

**LESSEE INFO:**                                                          755 - 0101
  Company's Name:   Circuit City Stores, Inc.          Telephone:   (650) 301-9000
  Address:          303 Gellert Blvd.                  Fax:
                    Daly City, CA 94015

  Contact Person:   Mr. Rob Quillin, Store Manager

  *Notice Address*:  Circuit City Stores, Inc.          Telephone:   (804) 527-4000
                    9950 Maryland Drive               Fax:         (804) 527-4186
                    Richmond, VA 23233-1464
                                                      *Risk Mgmt → 4/87*
  Contact Person:   Benjamin B. Cummings, Jr., VP of Real Estate
                    Maureen Bero, Property Administrator

Method of Delivery: Personally delivered, facsimile, or US Mail registered or certified, postage prepaid,
return receipt requested

Lease Expiration Date: 11/10/98          Lease Commencement Date:   09/12/89
Initial Term: 9 years                    Rent Commencement Date:

Options: 3
Date Option Notice Required:  Not more than twenty-five (25) months nor less than twenty-four (24) months
prior to the end of the current term thereof.

                                         Date Option Exercised: LEASE
                                              10/07/96   Extends to  2/10/03
1st Option:   5 years                                                    08
2nd Option:   5 years                                                 2...../13
3rd Option:   5 years

Insurer:  Federal Insurance Company      Coverage:  General Liability
          Travelers Indemnity Co. of IL  Policy Pd: 10/01/97 - 10/01/98

**RENT INFO :**                                                           % Rent
                                                                          Bk pmt

| Term | Amount/Month | Amount/Year | Amount/Sq Ft/Year | |
|------|--------------|-------------|-------------------|---|
| 09/12/89-09/11/93 | $22,657.50 | $271,890.00 | $0.70 & $0.25 | 30,000 sn |
| 09/12/93-09/11/97 | $25,376.40 | $304,516.80 | 12% increase | 33,600,000 |
| 09/12/97-09/11/01 | $28,421.57 | $341,058.82 | 12% increase | 37,632,000 |
| 09/12/01-09/11/05 | $31,832.16 | $381,985.88 | 12% increase | 42,147,640 |

**OPERATING COSTS:**

| | Total Annual | Pro Rata Share | Payable |
|---|---|---|---|
| Percentage Rent | Varies | 1% Breakpt 30 MM | Quarterly |
| CAM | Varies | 29% | Monthly |
| Insurance | Varies | 29% | Monthly |
| R.E. Taxes | Varies | 29% | Monthly |
| Mgmt Fee | Varies | 10% | Monthly |

**Percentage Rent:** 1%>30 MM; Breakpoint shall be adjusted simultaneously with the adjustment of annual
fixed minimum rental and by the same percentage. % rent shall be determined and payable quarterly on the
45th day following the close of each full lease year quarter during the term of this Sublease.

**Late Charge**: ?

Location #253
303 Gellert Blvd.
Daly City, CA

*Xtra Copy*

## ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE ("Assignment") is made as of May 1, 1994, by and between CIRCUIT CITY STORES, INC., a Virginia corporation ("Assignor"); and CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("Assignee").

### RECITALS:

A.    Assignor is the lessee under that certain lease or sublease described in Exhibit A attached hereto (as now or hereafter amended, "the Lease") for the premises described in the Lease (the "Leased Premises").

B.    Assignee is a wholly-owned subsidiary of Assignor.

C.    Assignor desires to assign its right, title and interest in the Lease to Assignee, and Assignee desires to accept such assignment and assume the performance of all of Assignor's obligations under the Lease on the terms set forth herein.

### AGREEMENTS:

NOW, THEREFORE, it is mutually agreed among the parties as follows:

1.    As of the date hereof, Assignor assigns, transfers, sells and conveys to Assignee (a) all of Assignor's right, title, interest and estate in and to the Lease and (b) all of Assignor's other rights, title and interest with respect to the Leased

Premises, including without limitation, all licenses, rights, permits, warranties and entitlements applicable to the Leased Premises.

2.    As of the date hereof, Assignee accepts said assignment and expressly assumes the payment and performance of all of Assignor's obligations under the Lease arising from and after the date hereof.

3.    Notwithstanding anything to the contrary contained herein, Assignor shall not be released from the performance of the lessee's obligations under the Lease, and Assignor shall remain primarily liable for said performance, including without limitation, the payment of all rent and the performance of all of the lessee's other obligations throughout the remainder of the term of the Lease.

4.    Assignor warrants that it has good and marketable leasehold title to, and lawful possession of, the Leased Premises pursuant to the Lease.  Assignor shall indemnify, defend and hold harmless Assignee from and against any loss, damage, claim, cost or expense (including reasonable attorneys' fees and litigation expenses) incurred or suffered by, or asserted against, Assignee as a result of a breach by Assignor of the foregoing warranty of title contained herein.

5.    This Assignment shall be binding upon and inure to the benefit of the parties hereto, their respective successors and assigns.

2

**WITNESS the following signatures.**

ASSIGNOR:

CIRCUIT CITY STORES, INC.

By: _P Dunn_____

Title: _Treasurer_____


ASSIGNEE:

CIRCUIT CITY STORES WEST
COAST, INC.

By: _P Dunn_____

Title: _Treasurer + CFO_____

3

# EXHIBIT A

The lease dated July 14, 1989 for the following premises between
The John Breuner Company and Circuit City Stores, Inc. as now or
hereafter amended:

Location #253
303 Gellert Blvd.
Daly City, CA

Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233-1464
T 804.527.4000

November 7, 2006
VIA DHL OVERNIGHT

ATTN: Lauren Marcogliese
Daly City Lease Partners I, L.P. (Sublease Lessor)
c/o SPI Holdings, Inc.
650 California Street, Suite 1288
San Francisco, CA  94108

ATTN: Lauren Marcogliese
Daly City Partners I, L.P.  (Master Lessor)
c/o SPI Holdings, Inc.
650 California Street, Suite 1288
San Francisco, CA  94108

Re:     Circuit City Store #00253
        Serramonte Plaza
        303 Gellert Boulevard
        Daly City, California  94015-2613

Dear Ms. Marcogliese:

Daly City Lease Partners I, L.P. ("Lessor") and Circuit City Stores West Coast, Inc. ("Lessee") through their respective predecessors-in-interest entered into the following Sublease:  Sublease dated July 14, 1989 originally between The John Breuner Company as Lessor and Circuit City Stores, Inc. as Lessee for the above referenced Subleased Premises.  The Sublease as it has been amended, supplemented and assigned is referred to herein as the "Sublease."

Under section 4 of the Sublease, Lessee has the option to renew and extend the term of the Sublease for three (3) successive option periods of five (5) years each.  Notice is hereby given to you of the exercise by Lessee of its option to renew and extend the Sublease for the third option period to expire on November 10, 2013.

Please acknowledge receipt of this letter by signing and returning to the undersigned a copy of this letter.  However, we intend that our exercise of this option shall be effective whether or not you sign and return the enclosed copy of this letter.

Very truly yours,

Tom Maroney

Tom Maroney
Manager, Real Estate Dispositions

TM/sas

EXHIBIT

E

ATTN:  LAUREN MARCOGLIESE
NOVEMBER 7, 2006
PAGE 2


cc:     Danny Clark
        Doug Yost
        Darren Grill
        John Mulleady
        Denise Coover
        Janet Gibbs
        Preston Flowers
        Marice Garcia-Little




RECEIPT IS ACKNOWLEDGED THIS _10_ DAY OF _November_____, 2006.

BY: _____

TITLE: _Property Manager_____

# CALIFORNIA PRELIMINARY 20-DAY NOTICE

(In accordance with Civil Code Sections 3097 and 3098)

## PRIVATE WORKS PROJECTS

**TO: CONSTRUCTION LENDER (Or Reputed If Any)**

Name: _____

Street: _____

City, State, Zip: _____

**TO: ☒ OWNER OR REPUTED OWNER**

Name:   Daly City Partners 1 LP, c/o SPI Holdings LLC

Street:   650 California St #1288

City, State, Zip:   San Francisco, CA 94108

**TO: ORIGINAL CONTRACTOR (Or Reputed Contractor)**

Name: _____

Street: _____

City, State, Zip: _____

**TO: OTHER (If any):**

Name:   Circuit City Stores, Inc.

Street:   9954 Mayland Dr

City, State, Zip:   Richmond, VA 23233

General description of the labor, service, equipment, or materials furnished, or to be furnished, and an estimate of the total price:

Painting

_____

_____

_____

$  28,021.00

**NAME AND ADDRESS OF CLAIMANT GIVING THIS NOTICE:**

Name:   Gordon Painting Co., Inc.

Street:   13755 Stockton Ave.

City, State, Zip:   Chino, CA 91710

**NAME OF PERSON OR FIRM THAT CONTRACTED TO PURCHASE THE LABOR, SERVICE, EQUIPMENT, OR MATERIALS:**

Circuit City - Doug Duvall

**DESCRIPTION OF JOB SITE SUFFICIENT FOR IDENTIFICATION**

Circuit City #253

303 Gellert Blvd

Daly City, CA

## NOTICE TO PROPERTY OWNER

If bills are not paid in full for the labor, services, equipment, or materials furnished or to be furnished, a mechanic's lien leading to the loss, through court foreclosure proceedings, of all or part of your property being so improved may be placed against the property even though you have paid your contractor in full. You may wish to protect yourself against this consequence by (1) requiring your contractor to furnish a signed release by the person or firm giving you this notice before making payment to your contractor, (2) any other method or device that is appropriate under the circumstances. Other than residential homeowners of dwellings containing fewer than five units, private project owners must notify the original contractor and any lien claimant who has provided the owner with a preliminary 20-day lien notice in accordance with Section 3097 of the Civil Code that a notice of completion or notice of cessation has been recorded within 10 days of its recordation. Notice shall be by registered mail, certified mail, or first-class mail, evidenced by a certificate of mailing. Failure to notify will extend the deadlines to record a lien.

**PROOF OF SERVICE AFFIDAVIT:** The undersigned served copies of this Preliminary Notice by first class registered or certified mail, postage prepaid, on the persons and at the addresses shown above on:

Date: __11/12/08__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: __11/12/08__    Signature _____

EXHIBIT

F

RECORDING REQUESTED BY
NORMAN A. FILER

WHEN RECORDED MAIL TO

LAW OFFICES OF NORMAN A. FILER
500 N. State College Blvd., Suite 1270
Orange, CA 92868

)
**2008-128025 CONF**
09:39am 11/24/08 MLL  Fee: 15.00
Count of pages 2
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

* 2 0 0 8 0 1 2 8 0 2 5 A R *

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

MECHANIC'S LIEN

**EXHIBIT**

G

RECORDING REQUESTED BY
NORMAN A. FILER

WHEN RECORDED MAIL TO

NORMAN A. FILER, ESQ.
LAW OFFICES OF NORMAN A. FILER
500 N. STATE COLLEGE BLVD.
SUITE 1270
ORANGE, CA 92868

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# Mechanics' Lien
## (Claim of Lien)
(To be recorded in the county recorder's office in the county in which the property is located.)

NOTICE IS HEREBY GIVEN: That GORDON PAINTING CO., INC.                                    as
claimant claims a lien for labor, service, equipment, or materials under Section 3082 et Seq. of the Civil Code of the State of
California, upon the premises hereinafter described, and upon every estate or interest in such structures, improvements and
premises held by any party holding any estate therein.

Said labor, service, equipment or materials were furnished for the construction of those certain buildings, improvements, or
structures, now upon that certain parcel of land situated in the County of SAN MATEO                    State of California,
said land described as follows:

STREET ADDRESS: 303 GELLERT BLVD., DALY CITY, CA 94015

LEGAL DESCRIPTION: (CIRCUIT CITY STORE NO. 253)

Said lien is claimed for the following labor, services, equipment or materials: (describe labor, services, equipment, or materials
in detail) PAINTING

Amount due after deducting all just credits and offsets...$ 28,021.00

The name of the person or company by whom claimant was employed or to whom claimant furnished labor, services,
equipment, or materials is: CIRCUIT CITY STORES, INC.

| That | DALY CITY PARTNERS 1 LP<br>C/O SPI HOLDINGS, LLC | 650 CALIFORNIA STREET, #1288<br>SAN FRANCISCO, CA 94108 |
|---|---|---|

is/are the reputed owner(s) of said building and/or premises, or some interest therein.

Date: 11/18/2008                    Name of Claimant: GORDON PAINTING CO., INC.

By: _____

NORMAN A. FILER, ATTORNEY

## VERIFICATION

I, the undersigned, state: I am the ATTORNEY                    of the claimant named in the foregoing mechanics' lien;
I have read said claim of mechanics' lien and know the contents thereof, and I certify that the same is true of my own knowledge.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 11/18/2008        , at ORANGE        State of CALIFORNIA

**Peter Meier**

| | |
|---|---|
| **From:** | Norman Filer [norman_filer@hotmail.com] |
| **Sent:** | Friday, February 06, 2009 9:32 AM |
| **To:** | pmeier@spiholdings.com |
| **Subject:** | RE: Daly City Mechanics Lien |

Thank you. I will forward a copy of the Release of Mechanic's Lien for your review.

Norm Filer

Norman A. Filer
LAW OFFICES OF NORMAN A. FILER
500 N. State College Blvd., Ste. 1270
Orange, CA 92868
Tel (714) 634-1717 Fax (714) 634-2855

From: pmeier@spiholdings.com
To: norman_filer@hotmail.com; don@gordonpainting.com
Subject: RE: Daly City Mechanics Lien
Date: Fri, 6 Feb 2009 09:29:34 -0800

Hi Norm:
We will be able to forward a cashier's check, that is not a problem.
Sorry to have missed your call this am, I have been tied up on a long call.

PM

Peter Meier
SPI Holdings, LLC
650 California St, Suite 1288
San Francisco, CA 94108
Tel: (415) 273-0382
Fax: (415) 391-9142
Email: pmeier@spiholdings.com

**From:** Norman Filer [mailto:norman_filer@hotmail.com]
**Sent:** Friday, February 06, 2009 9:21 AM
**To:** don@gordonpainting.com; pmeier@spiholdings.com
**Subject:** RE: Daly City Mechanics Lien



Don:

Peter Meier and I have not yet spoken. I telephoned him yesterday and he called me back
yesteday. I left a message for him this morning.

Mr. Meier, the reason for my call was to discuss my need for a cashier's check so that I can safely

hold the check "in trust" without forwarding it to Don for deposit while I record the Release of Mechanic's Lien. Hopefully this is understandable and is agreeable. Please let me know.

Norm Filer


Norman A. Filer
LAW OFFICES OF NORMAN A. FILER
500 N. State College Blvd., Ste. 1270
Orange, CA 92868
Tel (714) 634-1717 Fax (714) 634-2855




Subject: RE: Daly City Mechanics Lien
Date: Thu, 5 Feb 2009 15:20:39 -0800
From: Don@gordonpainting.com
To: pmeier@spiholdings.com
CC: NORMAN_FILER@HOTMAIL.COM

Pete

Norm Filer was going to call you this morning to discuss getting a cashiers check in lieu of a company check. I was just wondering if you two spoke today?

Don Guber


**From:** Peter Meier [mailto:pmeier@spiholdings.com]
**Sent:** Wednesday, February 04, 2009 4:47 PM
**To:** Don
**Subject:** Daly City Mechanics Lien

Hi Don:
Following up on our phone call today. We both agreed to settle the Mechanics Lien for the total sum of $17,438.00. The steps for settling the matter will be the following:

1. You will complete the documentation required to be recorded at the San Mateo County Recorders Office to completely release and remove the mechanics lien from the property.
2. When you have the lien release document completed you will email/fax a copy to our office for review.
3. Upon our acceptance of the release documentation, we will forward to your attorney Norm Filer our check payable to Gordon Painting in the amount of $17,438.00 with instructions to Norm to hold the check at his office until the Mechanics Lien release documents have been recorded at the San Mateo County Recorders Office with confirmed copies forwarded to us.
4. Upon confirmation that the lien release documents have been recorded, Norm will release the check to Gordon Painting.


I believe that correctly summarizes our agreement. Please let me know if I incorrectly stated anything or left something out.

We appreciate being able to resolve the matter with you and we will work to get this wrapped up ASAP.

Yours truly

Peter Meier
SPI Holdings, LLC
650 California St, Suite 1288
San Francisco, CA 94108
Tel: (415) 273-0382
Fax: (415) 391-9142
Email: pmeier@spiholdings.com

Windows Live™: E-mail. Chat. Share. Get more ways to connect. See how it works.

Windows Live™: E-mail. Chat. Share. Get more ways to connect. Check it out.

**Bank of America**

**Cashier's Check**     No. **9523000748**

Bank of America, N.A.
San Antonio, Texas
318/0005583   NBKM27G

30-1/1140

Global Product Solutions RE

DATE
02/12/2009 12:42:07 PM

**PAY**

BANK OF AMERICA   SEVEN ONE 1743 FOUR 800 THREE EIGHT CTSCTS

******$17,438.00**

To The
Order Of    GORDON PAINTING COMPANY, INC.
PAINTING OF CIRCUIT CITY STORES, INC.

Void Over $ 17,438.00

_Sally Baca_
**AUTHORIZED SIGNATURE**

Remitter:    SPI HOLDINGS, LLC

⑆9523000748⑆ ⑈121000358⑈ 139728507 5⑈

■ THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK.    ■     HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS.

## SPI
## Check Request Form

Request Date:            2/11/09

Requested By:            P Meier

Date Check Needed:       2/12/09

Check Amount:            $17,438.00

Pay From:                DC I

Pay To:          Bank of America

Address:

Purpose:         To Obtain Cashiers Check for Gordon Painting
                 Company, Inc to release Circuit City Mechanics Lien
                 Against DC I

Code:

Invoice  is: <u>attached</u>, will, will not, follow (underline one)

Authorized by:

2009-019462 CONF
10:34am 02/24/09 MR  Fee: 15.00
Count of pages 3
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder

* 2 0 0 9 0 0 1 9 4 6 2 A R *

RECORDING REQUESTED BY
NORMAN A. FILER
**WHEN RECORDED MAIL TO**

LAW OFFICES OF NORMAN A. FILER
500 N. STATE COLLEGE BLVD.
SUITE 1270
ORANGE, CA 92868

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## RELEASE OF MECHANIC'S LIEN

The Mechanic's Lien claimed by Gordon Painting Company, Inc. against Circuit City Stores, Inc. and Daly City Partners 1 LP, claiming a lien upon that certain real property located in the County of San Mateo, State of California, and described as follows: 303 Gellert Blvd., Daly City, CA 94015 ; also known as "Circuit City Store No. 253", which is dated November 18, 2008 and recorded as Document No. 2008-128025 on November 24, 2008, Official Records of San Mateo County, State of California, is hereby released.

GORDON PAINTING COMPANY, INC.

Dated: February 6, 2009

BY: _____
NORMAN A. FILER, Attorney

## ACKNOWLEDGMENT

State of California                    )
County of Orange                    )

On  FEBRUARY 6, 2009  , before me, JANET LEE, Notary Public, personally appeared NORMAN A. FILER, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JANET LEE
Commission # 1816046
Notary Public - California
Orange County
My Comm. Expires Oct 5, 2012

Signature _____                    (Seal)

01/19/2009 16:07 FAX 3038642102          SPORTS AUTHORITY                    ☑004
   01/16/2009 12:24 FAX                                                      ☑001



# SPORTS AUTHORITY

1050 W. HAMPDEN AVE
ENGLEWOOD, CO 80110
720-475-2812 fax 303-830-1035

Invoice No.        60

## *INVOICE*

| Customer | | Date | 11/14/2008 |
|---|---|---|---|
| Name | **CIRCUIT CITY STORES, INC** | | |
| | **ATTN: TAX DEPT - DR III, 6TH FLOOR** | Order no. | |
| Address | **9954 MAYLAND DRIVE** | Rep | |
| City | RICHMOND          State VA    ZIP 23233 | FOB | |
| Phone | 804-527-4000 | | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | **2008-2009 REAL ESTATE TAX** | $189,498.08 | |
| | **CIRCUIT CITY PRO RATA SHARE** | 29.00% | |
| 1 | | $54,954.44 | $54,954.44 |
| | | | |

**PLEASE REMIT PAYMENT TO:**
SPORTS AUTHORITY
ATTN: REAL ESTATE ACCOUNTING
1050 W HAMPDEN AVE
ENGLEWOOD, CO 80110

| | | SubTotal | $54,954.44 |
|---|---|---|---|
| | | Shipping & Handling | |
| | | Taxes | |
| | | **TOTAL** | $54,954.44 |

**Payment Details**
○  Cash
◉  Check
○  Credit Card

Name _____
CC # _____
       Expires _____

Office Use Only

**EXHIBIT**
~~tabbies~~
I

01/19/2009 16:08 FAX 3038642102          SPORTS AUTHORITY                    ☑005
     01/16/2009 12:24 FAX                                                    ☑002

CIRCUIT CITY
DALY CITY
2008/2009 REAL ESTATE TAX


| | |
|---|---|
| 2008/2009 REAL ESTATE TAX | $189,498.08 |
| MULTIPLIED BY CIRCUIT CITY'S PRO RATA SHARE | 29.00% |
| TOTAL DUE | $54,954.44 |

01/19/2009 16:08 FAX 3038642102          SPORTS AUTHORITY                    ☒006
01/19/2009 12:24 FAX                                                          ☒003



# SPI HOLDINGS, LLC

November 4, 2008

Narcy Jackson
The Sports Authority
1050 West Hampden Avenue
Englewood, CO 80110

RE:    301 Serramonte Plaza, Daly City, CA
       2008-2009 Secured Property Tax Bill

Dear Mr. Jackson:

Please find enclosed the 2008-2009 Secured Tax Bills for the above referenced property. The first installment is due on or before **December 10, 2008**. The second installment is due on or before **April 10, 2009**. Please send proof of payment to our office.

Thank you for your attention to this matter. Should you have any questions, please call (415) 273-0397.

Sincerely,

Lori Mallari

Encl.

o-2009

FOR FISCAL YEAR BEGINNING JULY 1, 2008 AND ENDING JUNE 30, 2009          **2008-2009**

PARCEL NUMBER        TRA TAX AREA        BILL NUMBER
091-541-340          05-036        Bill# 381854 356695

| ASSESSED INFORMATION | AMOUNT |
|---|---|
| Land | 9,444,384 |
| Improvements | 7,586,140 |
| Fixtures | 0 |
| Personal Property | 0 |
| Full Cash | 17,030,524 |
| Exemption | 0 |
| Value After Exemption | 17,030,524 |

LEGAL DESCRIPTION
5.83 AC MOL BEING PTN OF LOT 1 BLK 58 SE
RRAMONTE UNIT NO 13 RSM 72/1-2

SITUS:
301 SERRAMONTE PLZ DALY CITY

DALY CITY PARTNERS LLE
C/O SPI MANAGEMENT, INC
650 CALIFORNIA ST,STE 1288
SAN FRANCISCO, CA 94108

| TAXING AGENCY | RATE | AMOUNT |
|---|---|---|
| GENERAL TAX RATE | 1.0000 | 170305.24 |
| JEFFERSON EL BD S | .0354 | 6028.81 |
| JEFFERSON HI BD # | .0333 | 5671.16 |
| SM JR COLLEGE BD | .0165 | 2810.03 |
| GENERAL TAX TOT | 1.0852 | 184815.24 |
| FedCA&NPDES Storm Fee | (650)599-1417 | 170.18 |
| Jefferson UHSD Maint | (800)273-5167 | 50.00 |
| SMC Mosq Abatement Assmnt | (800)273-5167 | 231.98 |
| CA Storm Fee-Local | (650)991-8084 | 904.88 |
| HSMCSD SEWER FEE | (650)991-8084 | 3325.80 |
| Tax Payable | | 189498.08 |

| **1** | DUE NOVEMBER 1, 2008 AFTER DECEMBER 10 2008, ADD 10% PENALTY TO YOUR PAYMENT | **2** | DUE FEBRUARY 1 2009 AFTER APRIL 10 2009, ADD 10% PENALTY + $40.00 COST TO YOUR PAYMENT |
|---|---|---|---|
| | 94,749.04 | | 94,749.04 |

■ Pay Online at www.sanmateocountytaxcollector.org

---

Detach this stub and return with your payment

WRITE YOUR PARCEL NUMBER
ON YOUR CHECK AND USE
AN ENCLOSED ENVELOPE

IF PROPERTY HAS BEEN SOLD
PLEASE FORWARD THIS
BILL TO THE NEW OWNER

SECOND INSTALLMENT PAYMENT
CANNOT BE ACCEPTED UNLESS
FIRST INSTALLMENT IS PAID

MARK YOUR CALENDAR -
NO REMINDER NOTICES WILL BE MAILED

PARCEL NUMBER
091-541-340
09/03/08

ASSESSED TO:

DALY CITY PARTNERS LLE
C/O SPI MANAGEMENT, INC
650 CALIFORNIA ST,STE 1288
SAN FRANCISCO, CA 94108

**P A Y**  DUE FEB. 1, 2009
$                        **94,749.04**
AFTER APRIL 10, 2009
ADD
10% PENALTY
AND $40.00 COST
TO YOUR PAYMENT

MAKE CHECKS
PAYABLE AND
MAIL TO:
LEE BUFFINGTON, TAX COLLECTOR
SAN MATEO COUNTY
555 COUNTY CENTER, 1st floor
REDWOOD CITY, CA 94063

121192008381854091541340000002009041000009474904000104263947

PARCEL NUMBER
091-541-340
09/03/08

ASSESSED TO:

DALY CITY PARTNERS LLE
C/O SPI MANAGEMENT, INC
650 CALIFORNIA ST,STE 1288
SAN FRANCISCO, CA 94108

**BOTH**
189,498.08

**P A Y**  DUE NOV. 1, 2008
$                        **94,749.04**
AFTER DEC. 10, 2008
ADD
10% PENALTY
TO YOUR PAYMENT

MAKE CHECKS
PAYABLE
AND
MAIL TO
LEE BUFFINGTON, TAX COLLECTOR
SAN MATEO COUNTY
555 COUNTY CENTER, 1st floor
REDWOOD CITY, CA 94063

01/19/2009 16:06 FAX 3038642102                    SPORTS AUTHORITY                                    ☑001

# SPORTS AUTHORITY®

**VIA FEDEX & VIA FACSIMILE: 415-391-9142**

January 19, 2009

Daly City Partners 1, LP c/o SPI Management Inc
650 California Street, Suite 1288
San Francisco, California 94108
Attn: Legal Department

RE:   Sublease Agreement, dated as of November 9, 1993, by and between Daly City Lease
      Partners I, L.P., a California limited partnership, as successor in interest to The John
      Breuner Company ("Sublandlord"), and TSA Stores, Inc., a Delaware corporation,
      successor in interest to Sportmart, Inc. ("Subtenant"), regarding an approximately
      78,237 square foot space (the "Premises") located at 301 Gellert Blvd., in the City of
      Daly, County of San Mateo, State of California in the Serramonte Plaza Shopping
      Center.

Dear Sir or Madam:

Capitalized terms used, but not defined, herein shall have the meaning(s) ascribed to them in
the Sublease.

Pursuant to Section 9(e) of the Sublease, Subtenant may invoice Sublandlord if Circuit City
fails to make Additional Rent payments. Attached please find an invoice for 2008-2009 1st
half of real estate taxes, which was submitted to Circuit City on November 14, 2008. To date
they have failed to remit payment. If payment is not received by Subtenant, Section 9(e)
allows for Subtenant to abate such amounts from Rent.

In the event Landlord does not respond in a timely manner, Tenant, in reliance upon the
terms and conditions of the Lease, will hold Landlord responsible for costs and expenses
incurred by Tenant in connection with such matters.

Be further advised that Tenant reserves all rights and remedies available to it under the
Lease, at law, or in equity with respect to the existing damages and any damages or losses
that may be ascertained or that may occur in the future with respect to this matter.

Please send payment to:

              TSA Stores, Inc.
              1050 West Hampden Avenue
              Englewood, CO 80110
              Attn: Melisa Castro-Herrmann – Property Manager

1050 WEST HAMPDEN AVENUE,
ENGLEWOOD, COLORADO 80110                                303-200-5050 TEL
                                                         303-864-2967 FAX
                                                         SPORTSAUTHORITY.COM

                                                  ┌──────────────────┐
                                                  │     EXHIBIT      │
                                                  │        J         │
                                                  └──────────────────┘

01/19/2009 16:06 FAX 3038642102   SPORTS AUTHORITY   ☑002

Respectfully,

TSA Stores Inc.

Melisa Castro-Herrmann
Property Manager
Phone: 720-475-2755
E-Fax: 720-475-4755
mcastroherrmann@thesportsauthority.com


Cc:   Johanna Griff – TSA
      Margaret Dormish – TSA
      Cynthia Cashman – TSA
      Lease File

01/19/2009  16:07  FAX 3038842102           SPORTS AUTHORITY                                    ☑003

# SPORTS AUTHORITY

**SPORTS AUTHORITY**
1050 W. HAMPDEN AVE
ENGLEWOOD, CO  80110
720-475-2812 fax 303-830-1035

Invoice No.                    60

## — INVOICE —

| Customer | |
|---|---|
| Name | **DALY CITY PARTNERS** |
| Address | 650 CALIFORNIA STREET - SUITE 1288 |
| City | SAN FRANCISCO       State CA     ZIP 94108 |
| Phone | |

| | |
|---|---|
| Date | 1/16/2009 |
| Order no. | |
| Rep | |
| FOB | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 1 | **2008-2009 REAL ESTATE TAX** **CIRCUIT CITY PRO RATA SHARE** **2008-2009 1ST HALF RET OWED** Sports Authority is demanding payment in accordance with our lease under "Master Premises Obligation Costs" | $189,498.08 29.00% $54,954.44 | $54,954.44 |

**PLEASE REMIT PAYMENT TO:**
SPORTS AUTHORITY
ATTN: REAL ESTATE ACCOUNTING
1050 W HAMPDEN AVE
ENGLEWOOD, CO 80110

| | | |
|---|---|---|
| **Payment Details** | SubTotal | $54,954.44 |
| ○ Cash | Shipping & Handling | |
| ● Check | Taxes | |
| ○ Credit Card | | |
| Name | **TOTAL** | $54,954.44 |
| CC # | | |
| Expires | Office Use Only | |



# SPI Property Management Corp.

Via Certified Mail

February 13, 2009

Real Estate Department
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233

RE:    Circuit City Store #253 – Daly City, CA
2008 CAM Reconciliation

Dear Sir/Madam:

Pursuant to the Lease, attached is the 2008 operating expenses reconciliation for the above
referenced store.  The actual operating expenses for 2008 were more than the monthly estimated
operating expenses paid by Tenant.  There is currently a balance due of **$8,277.69**.  Please note
that this includes November 2008 Additional Rent of $3,557.00.

Please remit payment of **$8,277.69** within the time frame as specified in the Lease.

Should you have any questions, please contact me at (415) 273-0397.

Sincerely,

Lori Mallari
SPI Property Management Corp

Encl.

Cc:  Lauren Marcogliese



650 California Street, Suite 1266    San Francisco, CA 94108    Tel: 415/288-7900    Fax: 415/391-9142

*Circuit City Store #253*
*2008 Yearend CAM Reconciliation*

| | Total Expenses | Tenant's Proration | Tenant's Share |
|---|---|---|---|
| Parking Lot Lights | $ 6,336.91 | 29.00% | $ 1,837.70 |
| Parking Lot Sweeping | $ 23,880.00 | 29.00% | $ 6,925.20 |
| Parking Control Service | $ 12,424.87 | 29.00% | $ 3,603.21 |
| Building Security | $ 14,301.67 | 29.00% | $ 4,147.48 |
| Landscaping | $ 14,312.66 | 29.00% | $ 4,150.67 |
| Maintenance | $ 14,288.37 | 29.00% | $ 4,143.63 |
| Roof Repairs | $ - | 29.00% | $ - |
| Janitorial/Cleaning | $ 16,010.76 | 29.00% | $ 4,643.12 |
| Fire Sprinkler | $ 8,879.00 | 29.00% | $ 2,574.91 |
| Electricity | $ 15,266.28 | 29.00% | $ 4,427.22 |
| Water | $ 5,283.03 | 29.00% | $ 1,532.08 |
| Garbage | $ 9,649.86 | 29.00% | $ 2,798.46 |
| Permit/Fees | $ 1,897.20 | 29.00% | $ 550.19 |
| Pylon/Sign Maint | $ 2,970.00 | 29.00% | $ 861.30 |
| TOTAL CAM EXPENSES | $ 145,500.61 | | $ 42,195.18 |
| | | | |
| Roof Repairs - Circuit City Only | $ 900.00 | 100.00% | $ 900.00 |
| | | | |
| TOTAL CAM EXPENSES | $ 146,400.61 | | $ 43,095.18 |
| | | | |
| Mgmt Fee* | $ 43,095.18 | 10.00% | $ 4,309.52 |

| | |
|---|---|
| Total Expenses Billable to Tenant | $ 47,404.69 |
| Total Reimbursement from Tenant | $ (39,127.00) |
| Total Due from (to) Tenant | $ 8,277.69 |

*MGMT FEE: 10% of Tenant's share of CAM

**Circuit City Store #253**
**Yearend 2008 JE**
**Operating Reconciliation**

| | | |
|---|---|---|
| CAM | $ | 38,808.00 |
| MGMT FEE | $ | 3,876.00 |
| 08 Balance Due | $ | (3,557.00) |
| | $ | 39,127.00 *Paid* |

**Batch #659**

| | | | DB | CR |
|---|---|---|---|---|
| 1500-000 | AR | | $  4,720.69 | $      - |
| 4500-010 | CAM | | $      - | $  4,287.18 |
| 4500-040 | MGMT FEE | | $      - | $    433.52 |
| | | | $  4,720.69 | $  4,720.69 |