Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

          – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession



RICHMOND DIVISION

F I L E D   JUN 3 0 2009   F I L E D

CLERK
U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :    Jointly Administered
```

CLAIM: 3995                      CASE: 08-35653

GIBSON, THOMAS
66 ATHENS ST
SAN FRANCISCO, CA 94112

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

To whom it may concern.

I Thomas N. Gibson do hereby file a claim against Circuit City Stores Inc. Case No 08-35653 in the sum of $250,000.00 for the purpose of compensation for injuries I received while working at the San Mateo store #0232 as a warehouse person. I am submitting dole of my injury reports as exhibit #1 I am also sending copies the treating doctors report, MRI clinical findings and spinal findings from Kaiser Hospitals as exhibit 2. I am also sending the two workers compensation appeals boards stipulations.

I am also asking for compensation from Circuit City for all the labor violations used on me. Such as no break, no lunch. Being told by new managers that they were sent to that store to terminate me. No light duty being made available to me.

I feel that I ame only asking for what Circuit city owes me. I am asking for consideration of the money I can no longer earn also the pain I will be in for the rest of my life.

Sincerely
Thomas N. Gibson

1976

State of California

**EMPLOYER'S REPORT OF OCCUPATIONAL INJURY OR ILLNESS**

Please complete in triplicate (type, if possible). Mail two copies to:

c/o HELMSMAN MGMT SVCS, INC
333 CITY BLVD. WEST #300
ORANGE, CA 92668

**CONFIDENTIAL**

Carrier Claim No.   WC603-128465

OSHA Case No.

☐ Fatality

NOTICE.  California law requires employers to report within five days of knowledge every occupational injury or illness which results in lost time beyond the date of the incident OR requires medical treatment beyond first aid.  If an employee subsequently dies as a result of a previously reported injury or illness, the employer must file within five days of knowledge an amended report indicating death.  In addition, every serious injury, illness, or death must be reported immediately by telephone or telegraph to the nearest office of the California Division of Occupational Safety and Health.

| EMPLOYER | | |
|---|---|---|
| 1. FIRM NAME CIRCUIT CITY STORES, INC. | 1A. POLICY NUMBER WC1-151-074390-012 | DO NOT USE THIS COLUMN |
| 2. MAILING ADDRESS (Number and Street, City, Zip) 1880 SOUTH GRANT STREET SAN MATEO, CA 94402 | 2A. PHONE NUMBER (415)578-1600 | Case No. |
| 3. LOCATION, IF DIFFERENT FROM MAILING ADDRESS (Number and Street, City, Zip) | 3A. LOCATION CODE 0232 | Ownership |
| 4. NATURE OF BUSINESS; e.g., painting contractor, wholesale grocer, sawmill, hotel, etc. RETAIL | 5. STATE UNEMPLOYMENT INSURANCE ACCT. NO. 86-0493075 | Industry |
| 6. TYPE OF EMPLOYER ☒ PRIVATE ☐ STATE ☐ CITY ☐ COUNTY ☐ SCHOOL DIST ☐ OTHER GOVERNMENT - SPECIFY | | Occupation |

| EMPLOYEE | | |
|---|---|---|
| 7. EMPLOYEE NAME GIBSON, THOMAS H | 8. SOCIAL SECURITY NUMBER 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 | 9. DATE OF BIRTH (mm dd yr) 11/14/1943 | Sex |
| 10. HOME ADDRESS (Number and Street, City, Zip) 166 ATHENS STREET SAN FRANCISCO, CA 94112 | 10A. PHONE NUMBER (415)584-7658 | Age |
| 11. SEX ☒ MALE ☐ FEMALE | 12. OCCUPATION (Regular job title - NO initials, abbreviations or numbers) WAREHOUSE WORK | 13. DATE OF HIRE (mm dd yr) 10/27/1987 | Daily hours |
| 14. EMPLOYEE USUALLY WORKS 8 hrs per day 5 per week 40 total weekly hours ☐ part-time ☒ full-time | 14A. EMPLOYMENT STATUS (Check appropriate column at time of injury) | Days per week |
| 15. GROSS WAGES SALARY $ 551.20 per WK | 16. OTHER PAYMENTS NOT REPORTED AS WAGES SALARY (e.g., tips, room, board, bonuses, etc.) ☐ YES $ ☒ NO | Weekly hours |

| INJURY OR ILLNESS | | |
|---|---|---|
| 17. DATE OF INJURY OR ONSET OF ILLNESS (mm dd yr) 08/03/1995 | 18. TIME INJURY ILLNESS OCCURRED 09:30 AM ☐ PM | 19. TIME EMPLOYEE BEGAN WORK 06:00 AM ☐ PM | 20. IF EMPLOYEE DIED, DATE OF DEATH (mm dd yr) | Weekly wage |
| 21. UNABLE TO WORK FOR AT LEAST ONE FULL DAY AFTER DATE OF INJURY? ☐ YES ☒ NO | 22. DATE LAST WORKED (mm dd yr) 8/20 | 23. DATE RETURNED TO WORK (mm dd yr) 8/28/95 mod | 24. IF STILL OFF WORK, CHECK THIS BOX ☐ | Daily |
| 25. PAID FULL WAGES FOR DAY OF INJURY OR LAST DAY WORKED? ☒ YES ☐ NO | 26. SALARY BEING CONTINUED? ☐ YES ☒ NO | 27. DATE OF EMPLOYER'S KNOWLEDGE OF INJURY ILLNESS (mm dd yr) 08/03/1995 | 28. DATE EMPLOYEE WAS PROVIDED EMPLOYEE CLAIM FORM (mm dd yr) 08/03/1995 | Nature of injury |
| 29. SPECIFIC INJURY ILLNESS AND PART OF BODY AFFECTED. MEDICAL DIAGNOSIS, if available, e.g., second degree burns on right arm, tendonitis of left elbow, lead poisoning STRAIN TO THE RIGHT SHOULDER | | Part of body |
| 30. LOCATION WHERE EVENT OR EXPOSURE OCCURRED (Number, Street, City) 1880 SOUTH GRANT STREET SAN MATEO, CA 94402 | 30A. COUNTY SAN MATEO | 30B. ON EMPLOYER'S PREMISES? ☒ YES ☐ NO | Source |
| 31. DEPARTMENT WHERE EVENT OR EXPOSURE OCCURRED, e.g., shipping department, machine shop WAREHOUSE | 32. OTHER WORKERS INJURED IN THIS EVENT? ☐ YES ☒ NO | Event |
| 33. EQUIPMENT, MATERIALS AND CHEMICALS THE EMPLOYEE WAS USING WHEN THE EVENT OR EXPOSURE OCCURRED, e.g., acetylene, welding torch, farm tractor, scaffold BOXES OF PRODUCE | | Sec. Source |
| 34. SPECIFIC ACTIVITY THE EMPLOYEE WAS PERFORMING WHEN THE EVENT OR EXPOSURE OCCURRED, e.g., welding seams of metal forms, loading boxes onto truck UNLOADING THE TRUCK | | Extent of injury |
| 35. HOW INJURY ILLNESS OCCURRED. DESCRIBE SEQUENCE OF EVENTS, SPECIFY OBJECT OR EXPOSURE WHICH DIRECTLY PRODUCED THE INJURY ILLNESS, e.g., worker stepped back to inspect work and slipped on scrap material. As he fell, he brushed against hot pipe, and burned right hand.  USE SEPARATE SHEET IF NECESSARY. THE EMP. WAS UNLOADING THE TRUCK AND AS THE EMP. WAS PULLING A BOX DOWN HE INJURED HIS RIGHT SHOULDER. | | |
| 36. NAME AND ADDRESS OF PHYSICIAN (Number and Street, City, Zip) HARBOR MEDICAL CENTER 1261 EAST HILLSDALE BLVD. FOSTER CA 94404 | 36A. PHONE NUMBER | |
| 37. IF HOSPITALIZED AS AN INPATIENT, NAME AND ADDRESS OF HOSPITAL (Number and Street, City, Zip) | 37A. PHONE NUMBER | |

WITNESSES (NAME & PHONE #)
WATSON, JOE
(415) 578-1600

| Completed by (Type or Print) GRANT, TRAVIS | Signature | Title OPER. MANAGER | Date 08/31/1995 |
|---|---|---|---|

FORM 5020 (REV. 6) 1992

**FILING OF THIS REPORT IS NOT AN ADMISSION OF LIABILITY**

2 of 6

**DEPT. of California**

Please complete in triplicate (type if possible). Mail two copies to:

CIRCUIT CITY STORES, INC.
c/o HELMSMAN MGMT SVCS, INC.
333 CITY BLVD WEST #300
ORANGE, CA 92668

DWC-1

**EMPLOYER'S REPORT OF OCCUPATIONAL INJURY OR ILLNESS**

We MUS Original

OSHA Case No.

☐ Fatality

Carrier Claim No. WC603-163993

NOTICE: California law requires employers to report within five days of knowledge every occupational injury or illness which results in lost time beyond the date of the incident OR requires medical treatment beyond first aid. If an employee subsequently dies as a result of a previously reported injury or illness, the employer must file within five days of knowledge an amended report indicating death. In addition, every serious injury/illness, or death must be reported immediately by telephone or telegraph to the nearest office of the California Division of Occupational Safety and Health.

| EMPLOYER | | |
|---|---|---|
| 1. FIRM NAME CIRCUIT CITY STORES, INC. | 1A. POLICY NUMBER | DO NOT USE THIS COLUMN |
| 2. MAILING ADDRESS (Number and Street, City, Zip) 9950 MAYLAND DRIVE RICHMOND VA 23233 | 2A. PHONE NUMBER (415) 378-1400 | Case No. |
| 3. LOCATION IF DIFFERENT FROM MAILING ADDRESS (Number and Street, City, Zip) | 3B. LOCATION CODE ABELL | Ownership |
| 4. NATURE OF BUSINESS e.g., painting contractor, wholesale grocer, sawmill, hotel, etc. RETAIL | 5. STATE UNEMPLOYMENT INSURANCE ACCT. NO 54-0493875 | Industry |
| 6. TYPE OF EMPLOYER ☒ PRIVATE ☐ STATE ☐ CITY ☐ COUNTY ☐ SCHOOL DIST ☐ OTHER GOVERNMENT - SPECIFY ___ | | Occupation |

| EMPLOYEE | | |
|---|---|---|
| 7. EMPLOYEE NAME GIBSON, THOMAS W | 8. SOCIAL SECURITY NUMBER 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 | 9. DATE OF BIRTH (mo da yr) 11/16/1943 | Sex |
| 10. HOME ADDRESS (Number and Street, City, Zip) 66 ATHENS STREET SAN FRANCISCO CA 94112 | 10A. PHONE NUMBER (415) 584-7450 | Age |
| 11. SEX ☒ MALE ☐ FEMALE | 12. OCCUPATION (Regular job title - NO next t. descriptions or numbers) WAREHOUSE MAN | 13. DATE OF HIRE (mo da yr) 10/26/1987 | Daily hours |
| 14. EMP. DATE USUALLY WORKS hours 8 per day 5 days per week 40 count't days | 14A. EMPLOYEE'S STATUS (Check applicable class. all lines of injury) ☒ regular ☐ part time ☐ seasonal | 14B. Under whose direction of your (spelling own) wages received | Days per week |
| 15. GROSS WAGES/SALARY $ 573.20 per WK | 16. OTHER PAYMENTS NOT REPORTED AS WAGES/SALARY (tips, meals, lodging, overtime, bonuses, etc.) ☐ YES $ ___ ☒ NO | | Weekly hours |
| 17. DATE OF INJURY OR DATE OF ILLNESS (mo da yr) 09/30/1995 | 18. TIME INJURY/ILLNESS OCCURRED am 12:00 pm | 19. TIME EMPLOYEE BEGAN WORK ___ am ___ pm | 20. IF EMPLOYEE DIED, DATE OF DEATH (mo da yr) | Weekly wage |
| 21. UNABLE TO WORK FOR A FULL DAY AFTER DATE OF INJURY? ☐ YES ☒ NO | 22. DATE LAST WORKED (mo da yr) No Lost Time | 23. DATE RETURNED TO WORK (mo da yr) | | County |
| 24. PAID FULL WAGES FOR DAY OF INJURY OR LAST DAY WORKED? ☒ YES ☐ NO | 25. SALARY BEING CONTINUED? ☒ YES ☐ NO | 26. DATE OF EMPLOYER'S KNOWLEDGE/NOTICE OF INJURY/ILLNESS 12/27/1996 | 27. DATE EMPLOYER WAS PROVIDED EMPLOYEE CLAIM FORM (mo da yr) 12/27/1996 | Nature of Injury |

| INJURY OR ILLNESS | | |
|---|---|---|
| 28. SPECIFIC INJURY/ILLNESS AND PART OF BODY AFFECTED, MEDICAL DIAGNOSIS, if available, e.g. second degree burns on right arm, fracture of left ankle, lead poisoning. PAIN IN LEFT ARM, SHOULDER AND ELBOW | | Part of body |
| 29. LOCATION WHERE EVENT OR EXPOSURE OCCURRED (Number, Street, Zip) 1880 SOUTH GRANT SAN MATEO, CA 94402 | 30A. COUNTY SAN MATEO | 30B. ON EMPLOYER'S PREMISES? ☒ YES ☐ NO | Source |
| 31. DEPARTMENT WHERE EVENT OR EXPOSURE OCCURRED, e.g. shipping department, machine shop. WAREHOUSE | | 32. OTHER WORKERS INJURED ALL IN THIS EVENT? ☐ YES ☒ NO | Event |
| 33. EQUIPMENT, MATERIALS AND CHEMICALS THE EMPLOYEE WAS USING WHEN THE EVENT OR EXPOSURE OCCURRED, e.g. carrying box, working bench, from ladder, scissors. REPT MOTION | | | Sec. Source |
| 34. SPECIFIC ACTIVITY THE EMPLOYEE WAS PERFORMING WHEN THE EVENT OR EXPOSURE OCCURRED, e.g. standing beside of metal forms, loading boxes onto truck WAREHOUSE WORKER | | | Extent of injury |
| 35. HOW INJURY/ILLNESS OCCURRED. DESCRIBE SEQUENCE OF EVENTS. SPECIFY OBJECT OR EXPOSURE WHICH DIRECTLY PRODUCED THE INJURY/ILLNESS, e.g. worker stepped back to inspect work then slipped on scrap material, as he fell, he brushed against hot weld and burned right hand. USE SEPARATE SHEET IF NECESSARY. EMPLOYEE HAS ACCUMULATIVE TRAUMA FROM DOING REGULAR JOB DUTIES. | | | |
| 36. NAME AND ADDRESS OF PHYSICIAN (Number and Street, City, Zip) DIESENDORF, DR 415-347-0500 | | 36A. PHONE NUMBER | |
| 37. IF HOSPITALIZED AS AN INPATIENT, NAME AND ADDRESS OF HOSPITAL (Number and Street, City, Zip) | | 37A. PHONE NUMBER | |

| Completed by (Type & Print) ABELL, MELISSA | Signature | Title CLAIMS ANALYST | Date 03/21/1997 |

FILING OF THIS REPORT IS NOT AN ADMISSION OF LIABILITY

JULY 16, 1996

CONFIDENTIAL

This will acknowledge receipt of the Employer's First Notice of Injury. Please review the information provided to ensure accuracy. The claim number shown below should be used on all future correspondence and inquiries.

| CASE MANAGER DEBI BRUCE | | PHONE NUMBER (510)945-4316 | | |
|---|---|---|---|---|
| CLAIM NUMBER 158 CB D5S2147 P | ASSIGNED BY SANDY STAUFFER | CUSTOMER SERVICE REP. TAP | NOTICE RECEIVED VIA TELE | BENEFIT STATE CA |

### EMPLOYER INFORMATION

| EMPLOYER'S NAME AND ADDRESS | RISK LOCATION | LOSS LOCATION |
|---|---|---|
| CIRCUIT CITY 1880 S GRANT ST SAN MATEO CA 94402-2648 | 1880 S GRANT ST SAN MATEO CA 94402-2648 LOCATION CODE: WS0232 | 1880 S GRANT ST SAN MATEO CA 94402-2648 POLICY TCSCSSC 240T0305 |
| PARENT COMPANY NAME CIRCUIT CITY STORES, INC | SUBSIDIARY NAME CIRCUIT CITY | NATURE OF BUSINESS RETAIL ELECTRONICS STORES |

### EMPLOYEE INFORMATION

| EMPLOYEE'S NAME AND ADDRESS THOMAS GIBSON 66 ATHENS ST. SAN FRANCISCO CA 94112 PHONE (415)584-7450 | SOCIAL SECURITY NUMBER 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 | GENDER (M OR F) M | DATE OF BIRTH 11/14/43 |
|---|---|---|---|
| | MARITAL STATUS MARRIED | NUMBER OF DEPENDENTS 0 | AGE |

### ACCIDENT / INCIDENT INFORMATION

| DATE OF INJURY 07/01/96 | TIME OF ACCIDENT | DATE REPORTED TO EMPLOYER 07/01/96 | DATE NOTICE REPORTED 07/16/96 | TIME NOTICE RECEIVED 03:53 PM | ACCIDENT ON EMPLOYER PREMISES? YES | COMPANY-SPONSORED EVENT? NO |
|---|---|---|---|---|---|---|
| LAST DATE WORKED | WAS EMPLOYEE PAID FOR DATE OF INJURY? | | IS SALARY BEING CONTINUED? | | LAST DATE EMPLOYEE WAS PAID | |
| EMPLOYEE BACK TO WORK? YES | IF YES, DATE RETURNED TO WORK 07/01/96 | DATE DISABILITY BEGAN | DATE DISABILITY ENDED | | FATAL? NO | IF YES, DATE OF DEATH |

DESCRIPTION OF ACCIDENT
REPETITIVE USE OF ARM WHILE WORKING IN WAREHOUSE CAUSED TENNIS ELBOW.

CONTRIBUTING FACTORS

EQUIPMENT, MATERIAL(S) OR SUBSTANCE(S) INVOLVED           SAFEGUARDS PROVIDED?   SAFEGUARDS IN USE?   WHAT SAFEGUARDS?

WITNESS INFORMATION
NAME (FIRST, M, LAST)                ADDRESS                                   PHONE NUMBER

7/22 ←W₃ req.

OTHER PARTIES INVOLVED
NAME (FIRST, MI, LAST)           ADDRESS                                   PHONE NUMBER

NOVEMBER 8, 1996

CONFIDENTIAL

This will acknowledge receipt of the Employer's First Notice of Injury. Please review the information provided to ensure accuracy. The claim number shown below should be used on all future correspondence and inquiries.

| CASE MANAGER CARLENE M HENDRICSON | | PHONE NUMBER (510)945-4308 | | |
|---|---|---|---|---|
| CLAIM NUMBER 158 CM D5S7537 M | ASSIGNED BY CARLENE M HENDRICSON | CUSTOMER SERVICE REP. CR | NOTICE RECEIVED VIA TELE | BENEFIT STATE CA |

### EMPLOYER INFORMATION

| EMPLOYER'S NAME AND ADDRESS | RISK LOCATION | LOSS LOCATION |
|---|---|---|
| CIRCUIT CITY 1880 S GRANT ST SAN MATEO CA 94402-2648 | 1880 S GRANT ST SAN MATEO CA 94402-2648 LOCATION CODE: WS0232 | 1880 S GRANT ST SAN MATEO CA 94402-2648 POLICY TCSCSSC 240T0305 |
| PARENT COMPANY NAME CIRCUIT CITY STORES, INC | SUBSIDIARY NAME CIRCUIT CITY | NATURE OF BUSINESS RETAIL ELECTRONICS STORES |

### EMPLOYEE INFORMATION

| EMPLOYEE'S NAME AND ADDRESS THOMAS GIBSON 66 ATHENS SAN FRANCISCO CA 94112 PHONE: (415)584-7450 | SOCIAL SECURITY NUMBER 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 | GENDER (M OR F) M | DATE OF BIRTH 11/14/43 |
|---|---|---|---|
| | MARITAL STATUS MARRIED | NUMBER OF DEPENDENTS 0 | AGE |

### ACCIDENT / INCIDENT INFORMATION

| DATE OF INJURY 10/01/96 | TIME OF ACCIDENT 04:45 PM | DATE REPORTED TO EMPLOYER 10/31/96 | DATE NOTICE REPORTED 11/07/96 | TIME NOTICE RECEIVED 06:44 PM | ACCIDENT ON EMPLOYER PREMISES? YES | COMPANY-SPONSORED EVENT? NO |
|---|---|---|---|---|---|---|
| LAST DATE WORKED | WAS EMPLOYEE PAID FOR DATE OF INJURY? | IS SALARY BEING CONTINUED? | | LAST DATE EMPLOYEE WAS PAID | | |
| EMPLOYEE BACK TO WORK? YES | IF YES, DATE RETURNED TO WORK 10/01/96 | DATE DISABILITY BEGAN | DATE DISABILITY ENDED | FATAL? NO | IF YES, DATE OF DEATH | |

DESCRIPTION OF ACCIDENT
ASSOCIATE EXPERIENCED LEFT SHOULDER AND ARM PAIN WHILE  WORKING.

CONTRIBUTING FACTORS

| EQUIPMENT, MATERIAL(S) OR SUBSTANCE(S) INVOLVED | SAFEGUARDS PROVIDED? | SAFEGUARDS IN USE? | WHAT SAFEGUARDS? |
|---|---|---|---|
| | | | |

WITNESS INFORMATION
NAME (FIRST, MI, LAST)    ADDRESS    PHONE NUMBER

OTHER PARTIES INVOLVED
NAME (FIRST, MI, LAST)    ADDRESS    1261 E. HILLSDALE BL. 82  FOSTER CITY CA 94404    PHONE NUMBER

O-22270  H0-02  PRINTED IN U.S.A.    F3182E2580313000030

A4 -> A4

DWC-1
5 of 6

CONSTITUTION STATE SERVICE COMPANY

**CONFIDENTIAL**          MARCH 14, 1997

RECEIVED

MAR 2 1 1997

RISK MGMT.

This will acknowledge receipt of the Employer's First Notice of Injury. Please review the information provided to ensure accuracy. The claim number shown below should be used on all future correspondence and inquiries.

CASE MANAGER **GAIL A MESECAR**          PHONE NUMBER **(510)945-4244**

| CLAIM NUMBER | ASSIGNED BY | | CUSTOMER SERVICE REP. | NOTICE RECEIVED VIA | BENEFIT STATE |
|---|---|---|---|---|---|
| 158 CB D2W3212 E | ANNE FORD | | KA | TELE | CA |

## EMPLOYER INFORMATION

| EMPLOYER'S NAME AND ADDRESS | RISK LOCATION | LOSS LOCATION |
|---|---|---|
| CIRCUIT CITY | **1880 S GRANT ST** | **1880 S GRANT ST** |
| 1880 S GRANT ST | **SAN MATEO CA 94402-2648** | **SAN MATEO CA 94402-2648** |
| SAN MATEO CA 94402-2648 | | POLICY |
| | LOCATION CODE- WS0232 | TCSCSSC 240T0305 |
| PARENT COMPANY NAME | SUBSIDIARY NAME | NATURE OF BUSINESS |
| CIRCUIT CITY STORES, INC | CIRCUIT CITY | RETAIL ELECTRONICS STORES |

## EMPLOYEE INFORMATION

| EMPLOYEE'S NAME AND ADDRESS | SOCIAL SECURITY NUMBER | GENDER (M OR F) | DATE OF BIRTH |
|---|---|---|---|
| THOMAS H GIBSON | 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 | M | 11/14/43 |
| 66 ATHENS STREET | | | |
| SAN FRANCISCO CA 94112 | MARITAL STATUS | NUMBER OF DEPENDENTS | AGE |
| PHONE: (415)337-0629 | MARRIED | 0 | |

## ACCIDENT / INCIDENT INFORMATION

| DATE OF INJURY | TIME OF ACCIDENT | DATE REPORTED TO EMPLOYER | DATE NOTICE REPORTED | TIME NOTICE RECEIVED | ACCIDENT ON EMPLOYER PREMISES? | COMPANY-SPONSORED EVENT? |
|---|---|---|---|---|---|---|
| 12/04/96 | | 12/04/96 | 03/13/97 | 06:42 PM | YES | NO |

| LAST DATE WORKED | WAS EMPLOYEE PAID FOR DATE OF INJURY? | IS SALARY BEING CONTINUED? | | LAST DATE EMPLOYEE WAS PAID |
|---|---|---|---|---|
| | | | | |

| EMPLOYEE BACK TO WORK? | IF YES, DATE RETURNED TO WORK | DATE DISABILITY BEGAN | DATE DISABILITY ENDED | FATAL? | IF YES, DATE OF DEATH |
|---|---|---|---|---|---|
| YES | 12/04/96 | | | NO | |

DESCRIPTION OF ACCIDENT
**EMPLOYEE HURT LEFT HIP MOVING MERCHANDISE.**

CONTRIBUTING FACTORS
N

| EQUIPMENT, MATERIAL(S) OR SUBSTANCE(S) INVOLVED | | SAFEGUARDS PROVIDED? | SAFEGUARDS IN USE? | WHAT SAFEGUARDS? |
|---|---|---|---|---|
| LIFTING ITEMS | | YES | | BACK SUPPORT |

WITNESS INFORMATION
NAME (FIRST, MI, LAST)          ADDRESS          PHONE NUMBER

3/25 Sheila Jordan — will get signed —
need to me

OTHER PARTIES INVOLVED
NAME (FIRST, MI, LAST)          ADDRESS          PHONE NUMBER

C-22970  R1D-98  PRINTED IN U.S.A.          F3162E23970T0300011

A4 -> A4

6 of 6

**CONSTITUTION STATE SERVICE COMPANY**

APRIL 7, 1998

**This will acknowledge receipt of the Employer's First Notice of Injury. Please review the information provided to ensure accuracy. The claim number shown below should be used on all future correspondence and inquiries.**

OFFICE PHONE NUMBER  (510)945-4000

| CLAIM NUMBER | ASSIGNED BY | | CUSTOMER SERVICE REP. | NOTICE RECEIVED VIA | BENEFIT STATE |
|---|---|---|---|---|---|
| 158   BPH5688 J | DAWN S BASS | | LH | TELE | CA |

## EMPLOYER INFORMATION

| EMPLOYER'S NAME AND ADDRESS | RISK LOCATION | LOSS LOCATION |
|---|---|---|
| CIRCUIT CITY | 1880 S GRANT ST | 1880 S GRANT ST |
| 1880 S GRANT ST | SAN MATEO CA 94402-2648 | SAN MATEO CA 94402-2648 |
| SAN MATEO CA 94402-2648 | LOCATION CODE: WS0232 | POLICY<br>TCSCSSC 240T0305 |

| PARENT COMPANY NAME | SUBSIDIARY NAME | NATURE OF BUSINESS |
|---|---|---|
| CIRCUIT CITY STORES, INC | CIRCUIT CITY | RETAIL ELECTRONICS STORES |

## EMPLOYEE INFORMATION

| EMPLOYEE'S NAME AND ADDRESS | SOCIAL SECURITY NUMBER | GENDER (M OR F) | DATE OF BIRTH |
|---|---|---|---|
| THOMAS H GIBSON<br>66 ATHENS<br>SAN FRANCISCO CA 94112<br>PHONE: (415)584-7450 | 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 | M | 11/14/43 |
| | MARITAL STATUS<br>SINGLE *MARRIED* | NUMBER OF DEPENDENTS<br>0 | AGE |

## ACCIDENT / INCIDENT INFORMATION

| DATE OF INJURY | TIME OF ACCIDENT | DATE REPORTED TO EMPLOYER | DATE NOTICE REPORTED | TIME NOTICE RECEIVED | ACCIDENT ON EMPLOYER PREMISES? | COMPANY-SPONSORED EVENT? |
|---|---|---|---|---|---|---|
| 03/12/97 | | 04/06/98 | 04/06/98 | 05:57 PM | YES | NO |

| LAST DATE WORKED | WAS EMPLOYEE PAID FOR DATE OF INJURY? | IS SALARY BEING CONTINUED? | LAST DATE EMPLOYEE WAS PAID |
|---|---|---|---|
| | | | |

| EMPLOYEE BACK TO WORK? | IF YES, DATE RETURNED TO WORK | DATE DISABILITY BEGAN | DATE DISABILITY ENDED | FATAL? | IF YES, DATE OF DEATH |
|---|---|---|---|---|---|
| YES | | | | NO | |

DESCRIPTION OF ACCIDENT

EE HAD HURT HIS BACK AND KNEES PREVIOUSLY AND THE  PROBLEM IS FLARING UP AGAIN.

CONTRIBUTING FACTORS

N

| EQUIPMENT, MATERIAL(S) OR SUBSTANCE(S) INVOLVED | SAFEGUARDS PROVIDED? | SAFEGUARDS IN USE? | WHAT SAFEGUARDS? |
|---|---|---|---|
| | NO | NO | |

WITNESS INFORMATION

| NAME (FIRST, MI, LAST) | ADDRESS | PHONE NUMBER |
|---|---|---|
| | | |

OTHER PARTIES INVOLVED

| NAME (FIRST, MI, LAST) | ADDRESS | PHONE NUMBER |
|---|---|---|
| | | |

**\*NEW LOCATION\***                    Peter J. Mandell, M.D.

See Below:                                              A PROFESSIONAL CORPORATION
                                                        Orthopedist

November 29, 2000

Moira L. Stagliano, Esq.
SCHMIT LAW OFFICE
456 Eighth Street
Oakland, CA  94607

### TREATING PHYSICIAN PERMANENT AND STATIONARY REPORT

                    Re:     Thomas GIBSON
              WCAB No.:     SFO 0402089, et al.
              Claim No.:    158 CB D2W4967 J

Ladies and/or Gentlemen:

Mr. Thomas Gibson was seen in my office today.

In conjunction with this examination I reviewed my medical file.  No
additional medical records were available for review.

### HISTORY OF INJURY:

It will be recalled that Mr. Gibson worked for Circuit City as a
warehouseman.  He did have specific injuries to his lower back in
December of 1996.  He also had an injury to his LEFT knee in March
of 1997.  Subsequently he saw Dr. Grove.  He underwent surgery on
his LEFT knee in about November of 1997.  Mr. Gibson understands
that a cartilage tear was treated at that time.  Mr. Gibson got some
relief for awhile.  He was off work for a while and then went back to
work, but he had recurring problems.

I started seeing Mr. Gibson in December of 1998.  At that time, we
tried him on physical therapy and medicine.  Mr. Gibson tried to keep
working.  Eventually he went off work in about March of 1999.  He
hasn't worked since.

3
llins Road

rlingame
ifornia
10-2301

)ne (650)
-BONE (2663)
X (650)
-2777

**Re: *Thomas GIBSON***
***November 29, 2000***                                    ***Page 2 of 7***

### HISTORY OF INJURY (Cont'd):

Currently he is taking Neurontin from Dr. Slucky.

### CURRENT COMPLAINTS:

He has almost constant lower back pain. The pain is mostly in the
LEFT lower back. Sometimes the low back pops. The pain radiates
down both lower extremities, LEFT greater than RIGHT. The pain
goes down the posterior thigh to just above the LEFT knee. He has
numbness and tingling across the top of his LEFT foot. He hasn't
noticed any weakness in the leg.

He has constant LEFT knee pain. The LEFT knee back-knees a lot.
He limps all the time. He doesn't use a cane anymore because that
hurts his shoulder. He can't run or do any sports. He can't really
squat or kneel. Just last Saturday he was fixing a flat tire. When he
got up, his RIGHT knee started hurting. He has trouble going up and
down stairs because of his knees.

He also has tingling in the LEFT upper extremity (he went to Kaiser
about that, and they found out that he has degeneration in his neck).
His RIGHT shoulder is bothering him since it got cold again.

He was asked multiple times; he recalls no other symptoms except as
listed above.

### INTERVAL PAST HISTORY:

Current medications include Neurontin, Paxil, and nortriptyline.
Since I started seeing him in December of 1998, he has had no
surgeries or hospitalizations.

### LUMBAR SPINE:

Stated ht: 5'8"          Stated wt: 170 lbs.          Stated Age: 57

The patient states he is LEFT-handed.

The patient stands in good posture without trunk list. The physiologic
lumbar lordosis is well preserved.

*Re: Thomas GIBSON*
*November 29, 2000*                                              **Page 3 of 7**

## LUMBAR SPINE (Cont'd):

The patient wears no brace, corset or collar. There are no scars noted.

There is no paravertebral muscle spasm and no local tenderness over the spines, paraspinal muscles, sacroiliac joints, or sacrosciatic notches. The following ranges of active lumbar spinal motion are demonstrated by the patient:

Forward flexion:                    Fingertips fail floor by 6 inches. The lumbar curve reverses.

Hyperextension:                     33% of normal.

Lateral flexion to the right:       90% of normal.

Lateral flexion to the left:        90% of normal.

When the patient is asked to cough, no increased pain is noted. The percussion and jarring tests are negative. Straight-leg raising is 90/90 degrees bilaterally in the seated position and 70/80 degrees (Right/Left) in the recumbent position. The Lasegue and Bowstring tests are negative.

### NEUROLOGICAL EXAMINATION:

Reflexes:

The reflexes of the quadriceps (knees) are 2 on the RIGHT and 1 on the LEFT.

The reflexes of the gastrosoleus (ankles) muscle are 1 on the RIGHT and 2 on the LEFT.

Motor Power:

There are no fasciculations or atrophy and no motor weakness of the toe dorsiflexors or peronei.

Sensory:

There is no sensory loss to pinpoint in the lower extremities in a nerve root pattern.

**Re: Thomas GIBSON**
**November 29, 2000**                                **Page 4 of 7**

### LOWER EXTREMITY EXAMINATION:

The comparative circumferential measurements of the lower extremities are as follows:

|                              | RIGHT   | LEFT           |
|------------------------------|---------|----------------|
| Thighs, 6" above patella:    | 20-1/8  | 19-3/4 inches  |
| Calf, maximum girth:         | 14-3/8  | 14-3/8 inches  |
| Knees:                       |         |                |
| Mid-patella:                 | 15-3/4  | 15-1/4 inches  |

The patient walks with a limp on the RIGHT. The patient removes a hinged custom knee brace from the LEFT knee for the examination. There are no palpable or visible deformities of the hips noted. There is no tenderness about the anterior capsule or trochanters. Patrick and Trendelenburg tests are negative. Hip range of motion is as follows:

|                    |         | NORMAL        |
|--------------------|---------|---------------|
| Extension:         | 30/30   | (30 degrees)  |
| Flexion:           | 110/110 | (110 degrees) |
| Internal rotation: | 35/35   | (35 degrees)  |
| External rotation: | 50/50   | (50 degrees)  |
| Abduction:         | 50/50   | (50 degrees)  |
| Adduction:         | 30/30   | (30 degrees)  |

There is good gluteal strength.

### KNEES:

There are no palpable or visible deformities of the knees noted. Squatting is 50% of normal with RIGHT knee pain. The kneeling maneuver is well performed. Hopping is painful on the RIGHT. There is 2+ knee fluid on the RIGHT. The patellae are not ballotable. There are LEFT knee scars. There is no knee tenderness. Ligament stability is within normal limits. Pivot shift test is normal. McMurray's and

*Re: Thomas GIBSON*
*November 29, 2000*                                    *Page 5 of 7*

### KNEES (Cont'd):

Apley's tests are negative.  There are no popliteal masses.  There is no retropatellar crepitus.  There is no knee pain.  Active knee range of motion is as follows:

|              |          | NORMAL         |
|--------------|----------|----------------|
| Extension:   | 0/-10    | (0 degrees)    |
| Flexion:     | 110/140  | (135 degrees)  |

### LEGS-ANKLES-FEET:

There are no visible or palpable deformities noted.  There is no ankle fluid.  There is no ankle swelling.  There is no tenderness about the ankle capsule, malleoli, collateral ligaments, or sinus tarsi.  Ligament stability is within normal limits.  Range of motion is as follows:

|                  |        | NORMAL        |
|------------------|--------|---------------|
| Dorsiflexion:    | 15/15  | (15 degrees)  |
| Plantarflexion:  | 50/50  | (50 degrees)  |
| Inversion:       | 35/35  | (35 degrees)  |
| Eversion:        | 20/20  | (20 degrees)  |

### VASCULAR EXAMINATION:

Dorsalis pedis pulsations are intact on the LEFT.  Posterior tibial pulsations are intact on the RIGHT.  There is no elevation pallor, trophic changes, varices, edema, or dependent rubor.

### X-RAYS:

None were submitted or ordered.

### DISCUSSION:

Mr. Gibson's condition is now permanent, stationary, and ratable.  He has a chronic lumbar sprain with lower extremity radiculopathy.  This probably relates to cumulative trauma on his job as a warehouseman.

**Re: Thomas GIBSON**
**November 29, 2000**                                          **Page 6 of 7**

### DISCUSSION (Cont'd):

The "specific" injuries are probably well documented cases of
cumulative trauma. Factors of disability for the low back include:

    1.    Restrictions of spinal motion.

    2.    Restrictions of straight-leg raising.

    3.    Some depression of the LEFT knee jerk and RIGHT ankle
        jerk.

    4.    Subjective complaints as stated.

I would characterize his **spinal subjective complaints** as **constant
and slight**, becoming **frequent slight to moderate**. For the **spine
alone**, I would preclude him from **heavy lifting**.

From time to time he will have need of additional treatment, such as
analgesic medication and physical therapy. Appropriate provision
should be made for that.

For his **lower extremities**, his condition is also permanent,
stationary, and ratable. His diagnosis is chronic knee sprains and the
residuals of a LEFT knee arthroscopy (and probable meniscectomy).
Factors of disability there include:

    1.    Restrictions of knee motion.

    2.    Subjective complaints as stated.

I would characterize his **lower extremity subjective complaints** as
**constant slight to moderate.** For the **lower extremities alone**, I
would preclude him from **heavy lifting, climbing, walking over
uneven ground, squatting, kneeling, crouching, crawling,
pivoting, and other activities involving comparable physical
effort.** His lower extremity problems also related to cumulative
trauma.

From time to time he will have need of additional treatment for his
lower extremities, such as analgesic medication, physical therapy, or
even more surgery, and provision should be made for that.

*Re:  Thomas GIBSON*
*November 29, 2000*                                        *Page 7 of 7*

### DISCUSSION (Cont'd):

He cannot return to his former job.  He is a Qualified Injured Worker.

Very truly yours,

Peter J. Mandell, M.D.

PJM/ae

cc:   CONSTITUTION STATE SERVICE COMPANY
      ATTN:  Lillian Peacock, Claims
      P.O. Box 8112
      Walnut Creek, CA  94596-8112

      Fred L. Kurlander, Esq.
      KURLANDER & BURTON
      703 Market Street, #1600
      San Francisco, CA  94103

# SFMRC

*MRI • OPEN MRI • PET*

**PATIENT:   GIBSON, THOMAS**

**REFERRED BY:   MARVIN  LIPTON, MD**          **DOB:  11/14/1943**

**EXAM:   MR RIGHT SHOULDER WITHOUT
CONTRAST**          **EXAM DATE:  06/05/2006**

**CLINICAL DATA:** History of shoulder pain.

**TECHNIQUE:** Gradient echo axial, fast spin echo T2 axial, coronal T1 and fast spin echo T2 fat saturation, and sagittal fast spin echo T2 images were performed in a high field magnet.  Exam is somewhat limited due to patient motion.

**COMPARISON STUDY:** None.

---

**IMPRESSION:**

1.  MODERATE TO SEVERE  ROTATOR CUFF TENDINOSIS WITH SUBACROMIAL/SUBDELTOID BURSITIS, BUT NO EVIDENCE FOR A FULL-THICKNESS TEAR OR RETRACTION. TERES MINOR MUSCLE ATROPHY IS SEEN.

2.  SLAP LESION EXTENDS TO, BUT IS NOT AVULSED BY, THE BICEPS ANCHOR AND IS ASSOCIATED WITH POSTEROSUPERIOR PARALABRAL CYST EXTENDING TO THE SPINOGLENOID AND SUPRASCAPULAR NOTCH REGIONS.

3.  GLENOHUMERAL DEGENERATIVE CHANGE.

4.  SEVERE ACROMIOCLAVICULAR JOINT DEGENERATIVE CHANGE WITH DOWNSLOPING ACROMION AND POSTSURGICAL CHANGES.

5.  SUBSCAPULARIS TENDINOSIS IS PRESENT.

---

**FINDINGS:**

**OSSEOUS ACROMIAL OUTLET:** A Type I acromion is noted with mild lateral downsloping and severe acromioclavicular joint degenerative change consistent of marrow edema, joint effusion, capsular hypertrophy and degenerative spurring. Postsurgical changes are seen as well.

Please be advised that if a signature is not affixed to this document, via manual or electronic document authentication, the information contained herein should be considered preliminary in nature, still subject to change, and should not be relied upon.

# SFMRC

*MRI • OPEN MRI • PET*

**PATIENT:**   **GIBSON, THOMAS**

**REFERRED BY:**   **MARVIN LIPTON, MD**              **DOB:  11/14/1943**

**EXAM:**   **MR RIGHT SHOULDER WITHOUT**              **EXAM DATE:  06/05/2006**
                **CONTRAST**

ROTATOR CUFF: Moderate to severe tendinosis is appreciated without evidence for tear, retraction or atrophy. Subacromial/subdeltoid bursitis is present. Teres minor atrophy is present.

LABRAL AND CAPSULAR STRUCTURES: The superior labrum is abnormal in signal intensity and configuration, extending to, but not avulsing, the biceps anchor with an associated posterosuperior paralabral cyst measuring approximately 5 mm. The paralabral cyst likely extends to the suprascapular notch and spinoglenoid notch on coronal image 6 with component there measuring closer to 8 mm.

OSSEOUS STRUCTURES: The glenohumeral degenerative spurring is seen and osseous cystic resorptive change is seen, presumably on a degenerative basis, posterolaterally.

BICEPS TENDON ANCHOR: Involved by SLAP lesion but not avulsed. Biceps tenosynovitis is present. The biceps tendon is seen in the bicipital groove. Subscapularis tendinosis is seen as well.

MISCELLANEOUS: Subacromial/subdeltoid bursitis is seen. Paralabral cyst likely extends to the suprascapular notch and spinoglenoid notch regions.

Thank you for referring this patient to SFMRC.

Sonja Moelleken, M.D.
SM/ln
D: 06/06/2006 09:45:53/T: 06/06/2006 10:51:19
Doc ID: 1576526/Voice ID: 1503976/4945550

Document authenticated by Sonja Moelleken, M.D., on 06/06/2006 11:18:02 PT

Please be advised that if a signature is not affixed to this document, via manual or electronic document authentication, the information contained herein should be considered preliminary in nature, still subject to change, and should not be relied upon.



**PATIENT:   GIBSON, THOMAS**

**REFERRED BY:  MANDELL, PETER**                          **DOB: 11/14/43**

**EXAM:  MRI LUMBAR SPINE**                              **EXAM DATE: 7/19/99**

**CLINICAL DATA:** Low back pain off and on.  Both hips are numb and lower left leg is numb.  Slip at work in 12/97.

**MRI TECHNIQUE:** Three sequences were performed:  T1 weighted sagittal, T2 weighted sagittal, proton density and T2 weighted axial sequences.

[Please note:  If surgical therapy is contemplated, comparison with plain films for accurate vertebral body level count is recommended, as MRI is unable to accurately count vertebral body levels.  In this study, the inferiormost complete intervertebral disc space is referred to as the L5-S1 level.]

**COMPARISON STUDY:** None.

---

**IMPRESSION:**

1.   FINDINGS CONSISTENT WITH EITHER LEFT FAR LATERAL DISC HERNIATION CAUSING FOCAL SWELLING OF THE EXITED LEFT L4 NERVE AT THE L4-5 LEVEL VERSUS FORAMINAL NEUROMA.  WE COULD CONSIDER ADMINISTERING GADOLINIUM TO THE PATIENT FOR FURTHER SPECIFICITY TO DETERMINE WHETHER THIS REPRESENTS A DISC HERNIATION OR A NEUROMA.

2.   MILD DISC BULGE AT L3-4 LEADING TO MILD CENTRAL STENOSIS.

3.   DEGENERATIVE CHANGES OF THE FACETS, L4-5 AND L5-S1.

---

**FINDINGS:**

Vertebral body alignment is within normal limits.  A small Schmorl's node deforms the inferior end plate of T11.  No evidence of acute vertebral body trauma.  There are mild changes of spondylosis anteriorly at the L2-3 level and L4-5 level, consisting of mild anterior disc bulging and minimal osteophyte formation.  The conus medullaris is normal in size, shape, signal intensity and position terminating at the T12-L1 level.

(CONTINUED)

San Francisco Magnetic Resonance Center, Inc., 3333 California Street,  Suite 105,  San Francisco,  CA  94118
TEL (415) 563-3133 • FAX (415) 563-1506



PATIENT:   GIBSON, THOMAS

REFERRED BY:  MANDELL, PETER                                    DOB:  11/14/43

EXAM:  MRI LUMBAR SPINE                                         EXAM DATE:  7/19/99

### (CONTINUED - PAGE 2)

Findings at specific levels:

T12-L1 through L2-3:  No disc or nerve abnormality is identified.  Disc height and hydration
is preserved.  I see no evidence of bulge or protrusion.  The nerves exit the foramina normally.
No evidence of central canal, lateral recess or foraminal stenosis is seen.

L3-4:  No evidence of disc dehydration or disc space narrowing, but there is a minimal disc
bulge present leading to minimal effacement of the anterior thecal sac.

L4-5:  There is asymmetry in the region of the exited L4 nerve roots bilaterally, seen best on
image 31, sheet 3, and also on sagittal image 2, sheet 1.  There is either a small lateral dissect
herniation with resultant swelling of the nerve root or focal swelling, perhaps a neuroma on the
left side.  This is superimposed upon a mild disc bulge leading to mild central stenosis.  Mild
facet degenerative changes are present.  The right foramen is patent.

L5-S1:  Moderate disc deterioration.  No evidence of disc bulge or herniation.  There are mild
degenerative changes of the facets.

Thank you for referring this patient to SFMRC.

PHILLIP TIRMAN, M.D.

HW
d: 7/19/99
t: 7/19/99

```
| PATIENT    | PROVIDER   | CATEGORY  | VIEW       | FR DATE        | TO DATE
| 00977630   | _____ | RADIOLOGY | REPORT___  | __ / __ / __   | __ / __ / __
'_____'_____'_____'_____'_____'_____
```

Patient   1 of   1                Personal Physician : PETER A REMEDIOS,MD      SI
GIBSON,THOMAS                   57/M Radiology Report              Exam   1 of
                                                                   Page   1 of

SPINE CERVICAL 4+ VIEWS
Ordered By: REMEDIOS, PETER MD on 07/11/2000 10:11 at SFO OUTPATIENT
Performed In: SFO - Read By: FOO, GEORGE MD

        ** HISTORY **:
        Degenerative joint disease.

        ** FINDINGS **:
        Alignment appears normal. The C5-6 and C6-7 disc spaces are
        moderately severely narrowed. There is almost 50% bilateral
        encroachment at these two levels, slightly more severe at the C5-6
        level.


                                    G W FOO M.D.


RAD.REP                                          SFOP2R   11/08/00 11:19



Date: 11/08/2000 Time: 11:19:34 AM

# WORKERS' COMPENSATION APPEALS BOARD

## STATE OF CALIFORNIA

|  |  |
|---|---|
| Thomas Gibson | **Case No.** SFO 0401189; 0401188; 0407360; 0407361; 0407362; 0402089 |
| *Applicant* |  |
| vs. | **Stipulations** |
| Circuit City, Constction Stoler Service Co. | **with Request** |
|  | **for Award** |
| *Defendants* |  |

The parties hereto stipulate to the issuance of an Award and/or Order, based upon the following facts, and waive the requirements of Labor Code Section 5313:

1. Thomas Gibson _____, born 11/14/43 _____, while
   (Employee)

employed within the State of California as warehouse man ____ on 5/3/95;7/1/96;10/1/96;12/10/9
(Occupation)                    (Date of injury)
G- 01/2/96, ОСТ ТО 3-12-9=

by Circuit City _____ whose compensation insurance carrier was
(Employer)
Constction Stoler Service Co.                                          uppar, bilateral
PSI, CSI _____ sustained injury arising out of and in the course of employment bilateral lower
(Parts of body injured)
extremities, back, lower extremities, shoulders.

2. The injury caused temporary disability for the period broken periods

through _____ for which indemnity is payable at $ 404.64 ____ per

week, less credit for such payments previously made. There are no claims for unpaid temporary
disability.                    62½

3. The injury caused permanent disability of _____ %, for which indemnity is payable at $ 170
62262.50
per week beginning August, 2009 ____, in the sum of $ _____, less credit for such

payments previously made.

An informal rating  has not  been previously issued.
(Select one)

4. There is _____ need for medical treatment to cure or relieve from the effects of said injury.
(Select one)

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF INDUSTRIAL ACCIDENTS
90 90634
WCAB-3

# WORKERS' COMPENSATION APPEALS BOARD

### STATE OF CALIFORNIA

5. Medical-legal expenses are payable by defendant as follows: Paid, adjusted or litigated by defendant.

6. Applicant's attorney request a fee of $ ~~$8,000.00~~ *9350.00* TO BE COMMUTED FROM FAR END OF AWARD.

7. Liens against compensation are payable as follows: Paid, adjusted or litigated by defendant.

8. Other stipulations: Interest is included if all sums due under Award are paid within 25 days of date of service of Award. Parties agree Stipulation resolves all claims for penalties under Labor Code Section 5814, 5814.5 and 4650, or any other Labor Code Section arising from date of injury through date of receipt of Award.

*THE PERMANENT DISABILITY PAID HEREIN IS FOR LIFETIME DISABILITY AND SHOULD BE PRORATED OVER THE LIFE EXPECTANCY OF THE APPLICANT, WHICH IS 25.53 YEARS. OF THE FOREGOING PERMANENT DISABILITY $2240.00 WAS PAID FOR THE PERIOD OF 6-1-96 TO 12-3-96, AND $140 AND $12,501.28 PD @ AT 158/WEEK FROM 11-4-99 to 3-25-01. $9300.00 OF THE DISABILITY IS PAID FOR ATTORNEY FEES.*

*3-29-01*
Dated

X *Thomas N Nelson*
Applicant
Thomas Gibson
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
Social Security Number of Applicant
66 Athens Street
San Francisco, CA  94112
Address of Applicant

Attorney for Applicant
Mr. Fred L. Kurlander, Esq.
703 Market St., Suite 1600
Address of Attorney for Applicant
San Francisco, CA  94103
DWC WCAB FORM 3 (REV. 9-90)

Address of Employer
P.O. Box 8112
Walnut Creek, CA  94596
Address of Insurance Company

*Moira L. Stagliano*
Attorney or Authorized Representative for Defendant
Moira L. Stagliano, Esq.
456 8th Street
Address of Attorney or Authorized Representative
Oakland, CA  94607

(Page 2)

# WORKERS' COMPENSATION APPEALS BOARD

## STATE OF CALIFORNIA

# A W A R D

AWARD IS MADE in favor of   Thomas Gibson _____ against

Circuit City Stores _____ of:

(A)   Temporary disability indemnity in accordance with paragraph 2 above,

(B)   Permanent disability indemnity in accordance with paragraph 3 above,

Less the sum of $ *9300.00*   payable to applicant's attorney as the reasonable value of services rendered, *to be commuted from the far end of the award.*

Less liens in accordance with Paragraph 7 above.

(C)   Further medical treatment in accordance with Paragraph 4 above,

(D)   Reimbursement for medical-legal expenses in accordance with Paragraph 5 above,

(E)

_____                    _____
*March 29, 2001*                                                              WORKERS' COMPENSATION APPEALS BOARD
Dated:                                                                                 Workers' Compensation Judge

Notice to: *Moira Stagliano, DJ*

Pursuant to rule 10500, you are designated to serve the attached document(s) on all parties shown on the Official Address Record along with proof of service.  You shall maintain proof of service, which shall not be filed with the WCAB unless a dispute arises regarding service of the document.

By_____    On: *3/29/01*
      **(Signature)**

DIA WCAB Form 3 (REV. 9-80)                                    DEPARTMENT OF INDUSTRIAL RELATIONS
                                                                                  DIVISION OF INDUSTRIAL ACCIDENTS

WORKERS' COMPENSATION APPEALS BOARD
STATE OF CALIFORNIA

THOMAS GIBSON,                          )      CASE NOS.    SFO 401188
                                        )      SFO 401189, SFO 407361
                    Applicant,          )      SFO 407362
                                        )
         vs.                            )      MINUTES OF HEARING
                                        )
CIRCUIT CITY, adjusted by               )
HELMSMAN MANAGEMENT SERVICE INC.,       )
                                        )      ┌─────────────────┐
                    Defendants.         )      │    FILED        │
                                        )      │   9-21-05       │
                                               │      DATE       │
                                               │    P. S.        │
                                               │       BY        │
                                               └─────────────────┘

                        - - -

PLACE and TIME:   San Francisco - September 20, 2005 - 8:30 a.m.

JUDGE:            SUSAN V. HAMILTON
REPORTER:         Peggy Scavone

APPEARANCES:      Applicant present, represented by Law Offices of
                  Kurlander & Burton; Fred L. Kurlander, Esq.
                  appearing.

                  Defendant St. Paul Traveler's represented by Neal
                  A. Summers, Hearing Representative.

                  EXPEDITED HEARING - NO TESTIMONY TAKEN

JUDGE:            I will note that the underlying Board files which
                  date back quite a few years have, unfortunately,
                  been destroyed.   Mr. Summers has clarified that
his client, St. Paul Traveler's, is the responsible Defendant in
these cases which were resolved some years ago by a stipulated award
that entitled Applicant to further medical treatment.   We had off
record discussions concerning foremost the fact that the Board
files, unfortunately, were destroyed some years ago and not
available for my review.

                  (NOTE:  Minutes continue on following pages.)

DISPOSITION:      Mr. Kurlander has 30 days to submit Points and
                  Authorities and documentation in support of his
                  request, and Mr. Summers has 20 days thereafter to
                  respond at which point the issue of an attorney's
                  fee will be submitted for decision.

SERVED BY MAIL ON PERSONS SHOWN
ON THE OFFICIAL ADDRESS RECORD
Date: 9-22-05  By: Peggy Scavone

SFO 401188, et al.   GIBSON   SEPTEMBER 20, 2005   PAGE 2


Second, that the Board file that has been reconstructed is
inadequate in that it does not have the original AME report from
Dr. Lipton nor all of the current reports of the treating physician
and the utilization review physicians.

The dispute does appear to be chiropractic treatment that was
prescribed that was then subjected to a utilization review process.
And based upon that utilization review, Defendant denied the
treatment.

Mr. Summers has pointed out that Applicant was treating with
Dr. Zinner, a chiropractor, and has also treated with Dr. Mandell.
Treatment is no longer active with Dr. Zinner.

Counsel were able to reach a resolution of some of the disputed
issues.  They have agreed that Dr. Mandell remains the treating
physician, and Defendant has agreed to authorize Applicant to be
seen by the chiropractor in Dr. Mandell's office for that
chiropractor to formulate a recommended treatment plan.  Further,
the parties have agreed to go to Dr. Lipton as the AME.  Dr. Lipton
will help address medical treatment issues.

This case is beyond the time period within which a Petition to
Reopen could be filed.  So what remains outstanding are medical
treatment issues.  I'm satisfied that the plan presented is a very
intelligent agreement that will help lead to a resolution of the
disputed issues.

Mr. Kurlander has requested an attorney's fee for his services in
assisting Mr. Gibson with enforcement of the outstanding medical
award.  He makes that request under Labor Code Section 4607.  In off
record discussions, I advised the parties that I did not feel that I
had sufficient information to determine such issue.  In my
understanding of Labor Code Section 4607 and the case law that have
further interpreted that section, I will need to determine whether
or not Defendant's conduct was such that it could be the equivalent
of a petition to terminate medical treatment.  I understand that
there was a utilization review process, and I will need to determine
the chronology of medical treatment requests and response thereto in
order to determine whether an attorney's fee at the expense of
Defendant would be appropriate in this case.

SFO 401188, et al.   GIBSON   SEPTEMBER 20, 2005   PAGE 3

I do acknowledge that Mr. Kurlander has had to assume this
responsibility, and that the work required is somewhat more than in
simply representing the Applicant in a current case.  The Board
files are not available for his review, and he has had to obtain
whatever information he needed from his own archived files and from
other information provided by Defendant.

I will allow Mr. Kurlander an opportunity to submit in writing his
request for an attorney's fee, and I will provide Mr. Summers with
an opportunity to respond.  And, otherwise, all other disputed
issues are the product of an amicable at least interpreted
resolution.  So those issues will remain off calendar.

SUSAN V. HAMILTON
WORKERS' COMPENSATION JUDGE

SVH/ps