IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Jointly Administered |
| ) | Chapter 11 |
| Debtors. ) | Hon. Kevin R. Huennekens |
| ) | |

**RESPONSE OF IMATION ENTERPRISES CORP., ON BEHALF OF ITSELF AND ITS AFFILIATES, TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

Imation Enterprises Corp., on behalf of itself and its affiliates ("Imation"), by its undersigned counsel, hereby files this response to the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (the "Nineteenth Omnibus Claim Objection"), and in support thereof, states as follows:

**BACKGROUND**

1.     Imation and Circuit City Stores, Inc. (the "Debtor") are parties to a Consignment Agreement, under which the Debtor is the authorized consignee of products delivered on consignment by Imation, as consignor.

2.     Imation has a first-priority security interest in certain of the consigned products (the "Consigned Products"), which it perfected by filing a UCC-1 Financing Statement on October 17, 2008, and by delivering Notices of Consignment Interest.

3.     On January 30, 2009, Imation timely filed a secured proof of claim against the Debtor in the amount of $180,169.31, asserting amounts owed under the Consignment

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel: (804) 697-2000  Fax: (804) 697-2100
Counsel for Imation Enterprises Corp.

Agreement for Consigned Products (the "Consignment Claim"). The Consignment Claim was assigned claim number 9627.[1]

4. On June 22, 2009, the Debtors filed the Nineteenth Omnibus Claim Objection, by which they objected to the Consignment Claim, seeking its reclassification from a secured claim to a general unsecured, non-priority claim.

## DISCUSSION

5. Under Bankruptcy Rule 3001(f), a properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim" and is deemed allowed unless objected to by a party in interest. *See* Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a).

6. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly-filed claim. *See In re Fleming*, No. 08-30200, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted).

7. Moreover, "the mere filing of an objection does not satisfy this requirement." *Id.* (citation omitted); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (stating that a properly-filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

---

[1] Imation also has timely filed the following claims against the Debtor (collectively, the "Imation Claims"): A Section 503(b)(9) claim (Claim No. 1240); a general unsecured claim (Claim No. 9486); and an administrative expense claim (no claim number has been assigned yet). The Imation Claims are not the subject of the Nineteenth Omnibus Claim Objection.

2

8.      If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *In re Harford Sands Inc.*, 372 F.3d at 461-62.

9.      Imation properly filed the Consignment Claim as a secured claim.  To evidence the perfection of its security interest in the Consigned Products, Imation attached the UCC-1 Financing Statement and Notices of Consignment Interest to the Consignment Claim.[2] Therefore, Imation has established a prima facie secured claim.  *See In re Radnor Holdings Corp.*, 353 B.R. 820, 846 (Bankr. D. Del. 2006) ("Once a secured creditor shows its properly filed financing statements, it has established a *prima facie* secured claim); *In re Britt*, 199 B.R. 1000, 1012 (Bankr. N.D. Ala. 1996) (noting that "[t]he *prima facie* effect articulated in 3001(f) also applies to the secured status of [a] claim").  Accordingly, the burden has shifted to the Debtors to produce sufficient evidence to overcome the prima facie validity of the Consignment Claim.

10.     Here, however, the Debtors have failed to present *any* evidence, much less sufficient evidence, to defeat the prima facie validity of the Consignment Claim.  As the basis for their objection to the Consignment Claim, the Debtors have stated only that the "Misclassified Claims [which include the Consignment Claim] are asserted with incorrect classifications and should be reclassified to general unsecured, non-priority claims," (Nineteenth Omnibus Claim Objection, ¶ 11), but have not explained *why* the Consignment Claim should be reclassified as a general unsecured claim.

---

2      Because the Consignment Agreement granting Imation's security interest contains confidential information and already is in the Debtors' possession, Imation did not attach the Consignment Agreement to the Consignment Claim.

3

11. Accordingly, the Debtors have failed to carry their burden to overcome the prima facie validity of the Consignment Claim, and the Nineteenth Omnibus Objection must be overruled as it pertains to the Consignment Claim.[3]

12. Pursuant to the Omnibus Objection Procedures, Michael L. Morin, Esq. is a "person with personal knowledge of the relevant facts that support the Response," and has provided a declaration in support of this Response, which is attached hereto.

13. Imation requests that the Debtors serve any reply to this Response, and any subsequent claim objections respecting the Consignment Claim and the Imation Claims, on both of the following (each of whom also has authority to reconcile, settle or otherwise resolve the Nineteenth Omnibus Claim Objection as it pertains to the Consignment Claim on behalf of Imation):

> Imation Enterprises Corp.
> c/o Mike Morin, Esq.
> Imation Corp. Legal Affairs
> 1 Imation Way
> Building 304-1A-01
> Oakdale, MN  55128
> Telephone:  (651) 704-7523
> Facsimile:  (651) 704-5951
>
> and
>
> Monica Clark, Esq.
> Dorsey & Whitney LLP
> 50 South Sixth Street, Suite 1500
> Minneapolis, MN  55402-1498
> Telephone: (612) 340-2600
> Facsimile:  (612) 340-2868

---

[3] Even were this Court to determine that the Debtors have, through their mere objection, overcome the prima facie validity of the Consignment Claim, Imation has established, by a preponderance of the evidence, the validity of the Consignment Claim as a secured claim, by attaching the UCC-1 Financing Statement and Notices of Consignment Interest, which evidence its security interest in the Consigned Products, to the Consignment Claim.

4

WHEREFORE, for the foregoing reasons and for such other reasons which may be presented at any hearing on the Nineteenth Omnibus Claim Objection or in any supplemental responses filed by Imation, the Debtors have failed to satisfy their burden to produce sufficient evidence to defeat the prima face validity of the Consignment Claim.  Accordingly, Imation respectfully requests that the Court enter an order overruling the Nineteenth Omnibus Claim Objection as it pertains to the Consignment Claim, and granting such other relief as the Court deems appropriate.

Dated:  July 9, 2009

          IMATION ENTERPRISES CORP.,
          On behalf of itself and its affiliates


          By: /s/ Jennifer J. West
              Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100

Monica Clark, Esquire
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Counsel for Imation Enterprises Corp., on behalf of itself and its affiliates*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Response was served by U.S. Mail, First Class, postage prepaid or electronic means on this the 9th day of July, 2009 to the following constituting all necessary parties:

Daniel F. Blanks
Douglas M. Foley
McGuireWoods LLP
9000 World Trade Center,
101 W. Main Street
Norfolk, VA 23510

Dion W. Hayes
Joseph S. Sheerin
Sarah Beckett Boehm
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Gregg Galardi
Ian S. Fredericks
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, DE 19899

Brad R. Godshall
Jeffrey N. Pomerantz
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067

John D. Fiero
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

Lynn L. Tavenner
Paula S. Beran
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Floor
Richmond, VA 23219

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Ave., 36th Floor
New York, NY 10017

/s/ Jennifer J. West