UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                  )
                                        )
                                        )
CIRCUIT CITY STORES, INC.               )    Chapter 11
                                        )    CASE NO. 08-35653-KRH
                                        )
                                        )
                                        )
Debtor.                                 )
                                        )

**<u>CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS'</u>**

**<u>NINETEENTH OMNIBUS OBJECTION TO CLAIMS [RECLASSIFICATION OF</u>**

**<u>CERTAIN MISCLASSIFIED CLAIMS TO UNSECURED, NON-PRIORITY CLAIMS]</u>**

COMES NOW, Creditor Jack Hernandez, through its undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Nineteenth Objection to Claims [Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims] [Docket No. 3703] and states as follows:

**Argument**

1.  The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.

2.  On April 17, 2008, Creditor Hernandez filed his lawsuit on behalf of himself and all other sales managers employed by Debtors seeking overtime compensation, compensation for missed meal and rest breaks, waiting time penalties and attorneys' fees under California law. The class action-styled case, which is entitled *Hernandez v. Circuit City, Inc.*, is filed in the San Diego Superior Court, Case No. 37-2008-

00082173. Creditor Hernandez seeks to represent all California-based salaried sales managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks.

3. California Labor Code section 203 provides "waiting time penalties" for employees who are not paid all wages due and owing at the time of the termination of their employment. This code section provides in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [specified statutes], any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until an action therefore is commenced; but the wages shall not continue for more than 30 days. Lab. Code § 203

4. On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Hernandez - through its counsel - filed a timely creditor claim with the bankruptcy administrator, Kurtzman Carson Consultants.

5. On or about June 22, 2009, Debtors filed their Nineteenth Omnibus Objection to Claims [Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims]. In its Objection, the Debtors' object to the following claim filed by Creditor Hernandez:

<u>Claim No.</u>: 6045    <u>Claim Amount</u>: $23,940,292.00

6. With its Objection, Debtors seek to reclassify Creditor Hernandez's claim from "Priority" to "General Unsecured."

7. Creditor Hernandez objects to this action because this claim was properly filed as "Priority" under U.S.C. section 507(a)(4), which provides for the payment of wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the Debtors' business, whichever is earlier.

8. To the extent that Plaintiff and the putative class worked for Debtors 180 days prior to the Petition Date and were not paid all wages due and owing, Creditor Hernandez's claim is properly classified as "Priority."

9. Debtors are in exclusive possession of the information necessary for Creditor Hernandez to value its claim in any more detail. Specifically, Debtors hold the payroll,

employment and time records, including the pay rates and number of weeks worked by Creditor Hernandez and the putative class 180 days prior to November 10, 2008 (the Petition Date).

10. On July 2, 2009, counsel for the parties met and conferred regarding Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims). At that time, the Debtors agreed to adjourn their objection as to Creditor Hernandez's claim upon the filing of a Preliminary Response.

11. An email from Debtors' counsel reflecting the parties' agreement is marked and attached to the Declaration of Matthew Righetti filed here with as Exhibit 1.

12. Further, since Debtors' filing of its voluntary petition, the trial court proceedings of Creditor Hernandez have been stayed under Code of Civil Procedure section 916 and also pursuant to the federal bankruptcy law "automatic stay" rules.

13. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery against Debtors that would be necessary to evaluate Creditor Hernandez's claim with more particularity.

14. In an effort to obtain relief from the automatic stay so the trial court litigation can proceed, counsel for Creditor Hernandez has met and conferred with Debtors' counsel.

15. Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Hernandez that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

16. The parties' relevant meet and confer correspondence is marked and attached to the Declaration of Matthew Righetti filed here with as Exhibit 2.

///

17. Based on the foregoing, Debtors' Objection, which seeks to modify the claims of Creditor Hernandez and the putative class, is improper.

Respectfully submitted,

Dated: July 8, 2009

Righetti Law Firm, P.C.

_____
Matthew Righetti
Attorney for Creditor, Jack Hernandez

# DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS [RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO UNSECURED, NON-PRIORITY CLAIMS]

I, Matthew Righetti, do hereby declare as follows:

1. I am over the age of 18 years old and competent to testify. I have personal knowledge of the facts contained in this Declaration, and they are true and correct to the best of my knowledge and belief.

2. I am counsel for Creditor Jack Hernandez. This Declaration is in support of Creditor Hernandez's Response to Debtors' Nineteenth Omnibus Objection to Claims [Reclassification of Certain Misclassified Claims to Unsecured, Non-Priority Claims].

3. Marked and attached hereto as Exhibit 1 is an email from Debtors' counsel reflecting the parties' agreement regarding Debtors agreement to adjourn their objection as to Creditor Hernandez's claim upon the filing of a Preliminary Response.

4. Debtors' counsel has informed me that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed me that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

5. Marked and attached hereto as Exhibit 2 is the parties' relevant meet and confer correspondence.

///

6.      On behalf of Creditor Hernandez, I hereby reserve all rights to supplement this Response at a later date, to the extent so necessary.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8 day of July 2009, at San Francisco, California.

_____
Matthew Righetti

# EXHIBIT 1

Case 08-35653-KRH    Doc 4027    Filed 07/09/09    Entered 07/09/09 15:01:54    Desc Main

**From:** Baker, Sarah K [mailto:Sarah.Baker@skadden.com]
**Sent:** Thursday, July 02, 2009 10:30 AM
**To:** Matt Righetti
**Subject:** In re: Circuit City Stores, Inc. (Case No. 08-35653)(EDVA)

Dear Mr. Righetti:

Pursuant to our telephone conversation this morning, with respect to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (Docket No. 3703), the Debtors will agree to adjourn their objection as to your clients upon the filing of a Preliminary Response. The Preliminary Response should include: Creditor's Name and Contact Information, Counsel's Contact Information, Claim No(s)., and a Summary of the Creditor's Objection.

Please contact me if you have any questions.

**Sarah K. Baker**
**Associate**
**Corporate Restructuring**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0633 | F: 312.827.9467**
sarah.baker@skadden.com

Skadden

----------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*******************************************************
================================================================
===================

**EXHIBIT 2**

# RIGHETTI LAW FIRM
―― A PROFESSIONAL CORPORATION ――

March 5, 2009

*Via facsimile and regular mail*

**Gregg M. Flom**
**Ian S. Galardi**
**Ian S. Fredericks**
Skadden, Arps, Slate Meagher, & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899
Facsimile: (302) 651-3001

**Dion W. Hayes**
**Douglas M. Foley**
Mc Guirewoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Facsimile: (804) 775-1061

**Chris L. Dickerson**
Skadden, Arps, Slate Meagher, & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Facsimile: (312) 407-0411

**Meredith R. Edelman**
Skadden, Arps, Slate Meagher, & Flom, LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Facsimile: (213) 687-5600

*Re:*   **Gentry v. Circuit City Stores, Inc., County of Los Angeles**
**Hernandez v. Circuit City Stores, Inc., County of San Diego**
**Card v. Circuit City Stores, Inc., County of San Diego**
**Skaf v. Circuit City Stores, Inc., County of Los Angeles**

Counsel,

Please accept this letter as a meet and confer effort to determine whether we can agree on a method for reducing the above referenced claims to judgment. The claims were all filed in California Superior Court by California employees (seeking certification

March 5, 2009
Page 2 of 2
Letter re Circuit City Cases

of defined classes limited to California employees) under California law. Most, if not all, witnesses and documentary evidence should be located in California.

It is thus our inclination to believe that a bankruptcy court in Virginia would not be favorably inclined to handle litigation of these claims. Rather, we expect it would be beneficial to both the judicial system and the parties if we bring these claims to judgment in their California home courts. Upon entry of judgment we would then return to the bankruptcy court for further disposition.

Please let us know whether you agree with the above strategy. If not, then please let me know what alternative means you envision for the parties to move these cases to judgment.

Very truly yours,

RIGHETTI LAW FIRM, P.C.

Matthew Righetti

# RIGHETTI LAW FIRM
—— A PROFESSIONAL CORPORATION ——

March 16, 2009

*Via facsimile and regular mail*

**Gregg M. Flom**
**Ian S. Galardi**
**Ian S. Fredericks**
Skadden, Arps, Slate Meagher, & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899
Facsimile: (302) 651-3001

**Dion W. Hayes**
**Douglas M. Foley**
Mc Guirewoods, LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Facsimile: (804) 775-1061

**Chris L. Dickerson**
Skadden, Arps, Slate Meagher, & Flom, LLP
333 West Wacker Drive
Chicago, Illinois 60606
Facsimile: (312) 407-0411

**Meredith R. Edelman**
Skadden, Arps, Slate Meagher, & Flom, LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Facsimile: (213) 687-5600

> ***Re:*** **Gentry v. Circuit City Stores, Inc., County of Los Angeles**
> **Hernandez v. Circuit City Stores, Inc., County of San Diego**
> **Card v. Circuit City Stores, Inc., County of San Diego**
> **Skaf v. Circuit City Stores, Inc., County of Los Angeles**

Counsel,

    I write in a second attempt to meet and confer to determine whether we can agree on a method for reducing the above-referenced claims to judgment. This letter has become necessary because we have not received a response to my letter of March 5, 2009, which is attached hereto.

As set forth in my letter of March 5, 2009, it is my inclination that a bankruptcy court in Virginia would not be favorably inclined to handle litigation of these claims. Rather, we expect it would be beneficial to both the judicial system and the parties if we bring these claims to judgment in their California home courts because the claims were all filed in California Superior Court by California employees (seeking certification of defined classes limited to California employees) under California law.

Please let us know by Friday, March 20, 2009, whether you agree with the above strategy. If we cannot resolve the matter through the meet and confer process, then we intend to file a motion with the bankruptcy court.

Very truly yours,

RIGHETTI LAW FIRM, P.C.

Matthew Righetti

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re:                                                   :
                                                         :       Chapter 11
CIRCUIT CITY STORES, INC., et al.                        :       Case No. 08-35654
                                                         :
           Debtors                                       :       Jointly Administered with
                                                         :       Case No. 08-35653
---------------------------------------------------------x

## PROOF OF SERVICE

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Law Firm, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Wednesday, July 08, 2009 I served the foregoing document described as:

- **CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS [RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO UNSECURED, NON-PRIORITY CLAIMS]; DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF CREDITOR JACK HERNANDEZ'S PRELIMINARY RESPONSE TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS [RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO UNSECURED, NON-PRIORITY CLAIMS]**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

Rex Darrell Berry
BERRY & BLOCK, LLP
2150 River Plaza Dr. Ste. 415
Sacramento, CA 95833
Fax: 916-564-2024
RBerry@berryblock.com

///

```
 1 | Ellen Lake
   | LAW OFFICES OF ELLEN LAKE
 2 | 4230 Lakeshore Ave.
   | Oakland, CA 94610
 3 |
   | Kelly L. Hensley
 4 | SHEPPARD, MULLIN, RICHTER AND HAMPTON
   | 333 S. Hope Street, 48th Floor
 5 | Los Angeles, CA 90017
 6 |
   | David R. Markham
 7 | R. Craig Clark
   | James M. Treglio
 8 | CLARK & MARKHAM, LLP
   | 600 B Street, Suite 2130
 9 | San Diego, CA 92101
10 |
11 | Kristin Major
   | Meredith Edelman
12 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   | 300 South Grand Avenue
13 | Los Angeles, CA 90071
14 | Fax: (213) 687-5600
15 | Circuit City Stores, Inc., et al.
   | Claims Processing Department
16 | KURTZMAN CARSON CONSULTANTS LLC
   | 2335 Alaska Avenue
17 | El Segundo, CA 90245
18 |
   | ( X )   VIA U.S. MAIL:
19 |        I am readily familiar with the firm's practice of collection and processing of
   |        correspondence for mailing. Under that practice such envelopes would be deposited with
20 |        the U.S. postal service on Wednesday, July 08, 2009 with postage thereon fully prepaid,
   |        at San Francisco, California.
21 |
22 |
   | ///
23 |
24 |
25 |
26 |
27 |
28 |
```

1  Gregg M. Galardi
   Ian S. Fredericks
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
   One Rodney Square
3  PO Box 636
   Wilmington, DE 19899
4
5  Chris Dickerson
   SKADDEN, ARPS, SLATE, MEAGHER, & FLOM, LLP
6  333 West Wacker Dr.
   Chicago, IL 60606
7
8  Dion W. Hayes
   Douglas Foley
9  MCGUIREWOODS LLP
   One James Center
10 901 E. Cary Street
   Richmond, VA 23219
11
12 (X)    **VIA OVERNIGHT MAIL:**
   VIA: By delivering such documents to an overnight mail service or an authorized courier in an
13 envelope or package designated by the express service courier addressed to the persons on whom
   it is to be served.
14
15     I declare under penalty of perjury under the laws of the State of California that the above
   is true and correct and was executed on Wednesday, July 08, 2009, at San Francisco, California.
16
17                                                          [signature]
18                                                          Jenna Peterson

19
20
21
22
23
24
25
26
27
28

---
3
PROOF OF SERVICE