Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER    MCGUIREWOODS LLP
& FLOM, LLP                      One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-     (804) 775-1000
0636
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - - x

**CONSENT ORDER (1) RESOLVING MOTION OF THE DEBTORS FOR ORDER (I) PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9020 (A) FINDING CREATIVE REALTY MANAGEMENT LLC IN CIVIL CONTEMPT AND (B) COMPELLING COMPLIANCE WITH ORDER AND IMPOSING SANCTIONS FOR VIOLATIONS THEREOF, OR (II) GRANTING THE DEBTORS RELIEF UNDER FED. R. BANKR. P. 9024 AND FED. R. CIV. P. 60 FROM ORDER ASSUMING, ASSIGNING, AND SELLING CERTAIN LEASES TO CREATIVE REALTY MANAGEMENT, LLC (D.I. 3664) AND (2) AMENDING ORDER AUTHORIZING DEBTORS TO ASSUME, ASSIGN AND SELL UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL PROPERTY (D.I. 3575)**

Upon consideration of the motion (D.I. 3664;

the "Motion") of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for entry of

an order (I) pursuant to section 105 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 9020

of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") (A) compelling the Creative Realty

Management LLC (the "Assignee") to comply with the Order

Authorizing Debtors to Assume, Assign and Sell Unexpired

Lease and Sublease of Non-Residential Real Property

entered on June 10, 2009 (D.I. 3575; the "Assignment

Order")[1] and (B) finding the Assignee in civil contempt

and imposing sanctions against Assignee for violating the

Assignment Order, or (II) granting the Debtors relief

from the Assignment Order by vacating such order pursuant

to Rule 60 of the Federal Rules of Civil Procedure (the

"Federal Rules"), made applicable under Bankruptcy Rule

9024; and the Court finding that (i) it has jurisdiction

over the matters raised in the Motion pursuant to 28

U.S.C. §§ 157 and 1334; (ii) this is a core proceeding

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Assignment Order.

2

under 28 U.S.C. § 157(b); (iii) the relief requested in
the Motion (to the extent agreed upon herein) is in the
best interest of the Debtors, their estates, and their
creditors; (iv) proper and adequate notice of the Motion
and the hearing thereon has been given and no other or
further notice is necessary; (v) and the parties have
reached a consensual resolution of the Motion; and (vi)
upon consideration of the Motion and all of the
proceedings, including the hearing held on June 23, 2009
(the "Hearing"), had before the Court in connection
therewith, good and sufficient cause exists for granting
of the relief requested in the Motion (to the extent
agreed upon herein); it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.    The Motion is RESOLVED as and to the
extent set forth herein.

2.    The Sublessee's oral objection is
OVERRULED.

3.    Without further action by the Debtors,
the Assignee, or any other party, the Debtors are deemed
to have exercised their option to extend the term of the
Lease through and including February 28, 2015.

4.      Based on the letter annexed hereto as

Exhibit A, the Court finds that the Sublessee has

exercised its option to extend the term under the

Sublease through and including February 28, 2015.

5.      The Assignment Order is amended and

modified as follows:

> (a) the Effective Date shall be July 31, 2009.
>
> (b) the estoppel to be executed by the Landlord and attached to the Assignment Order as Exhibit B shall be stricken in its entirety and replaced with the estoppel annexed hereto as Exhibit B (the "Landlord Estoppel").
>
> (c) the Undisputed Cure Amount shall be $144,719.30 and the Disputed Cure Amount shall be $0.00.
>
> (d) On or before July 31, 2009, the Assignee shall pay the Total Consideration in the following amounts via wire transfer to the following parties:
>
> (i)  $144,719.30 to the Landlord on account of the Undisputed Cure Amount, which shall be deemed to have satisfied the Debtors obligations under paragraph 9 of the Assignment Order.  Such amount shall be wired to the following:

| | |
|---|---|
| Account Name: | SPG LP Clearing |
| ABA/Routing #: | 074-000-065 |

4

Account #:     698-309-854

Bank:          National City Bank,
               Indianapolis, IN

Include the following information:

a.   Tenant name

b.   Entity

c.   Notify Wes Novak at SPG Treasury
     Management at  (317) 685-7316 (The
     tenant needs to convey this info to
     their bank to include on the wire)

   and

   (ii) $30,280.70 to the Debtors on
   account of the Assignee's obligations
   under paragraph 8 of the Assignment
   Order. Such amount shall be wired to
   the following:

Account
Name:          Circuit City Stores, Inc.

ABA/Routing
#:             051400549

Account #:     2055275431509

Bank:          Wachovia Bank
               10401 Deerwood Park Blvd,
               Building 1
               Jacksonville, FL  32256

6.    Within two business days after receipt of

the Undisputed Cure Amount, the Landlord shall deliver a

fully-executed copy of the Landlord Estoppel to the

5

Assignee by Fedex or other overnight delivery service at

the following address:

>    Daniel Daniluk
>    Daniel Daniluk, LLC
>    1129 Niles-Cortland Road, SE
>    Warren, OH 44484

7.    The Landlord, the Assignee, the Sublessee

hereby agree to engage in non-binding good faith

negotiations concerning a standard industry subtenant

recognition agreement for the Sublessee.  The Landlord

and the Assignee hereby agree to engage in non-binding

good faith negotiations concerning a standard industry

subtenant recognition agreement for any other subtenant,

if any.

8.    The requirement under Local Rule 9013-1(G)

of the Local Rules for the United States Bankruptcy Court

for the Eastern District of Virginia to file a memorandum

of law in connection with the Motion is hereby waived.

            9.     This Court shall retain jurisdiction with

respect to all matters arising from or related to this

Order.

Dated:   Richmond, Virginia
         July _____, 2009


         _____
         UNITED STATES BANKRUPTCY JUDGE

CONSENTED AND AGREED TO BY:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

_/s/ Christopher L. Perkins_____
Bruce H. Matson (Va. Bar No. 29874)
Christopher L. Perkins (Va. Bar No. 41783)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2294

Counsel for Creative Realty Management, LLC


_/s/ Ronald Tucker_____
Ronald Tucker, Esquire
SIMON PROPERTY GROUP
225 W. Washington Street
Indianapolis, IN  46204
PH: (317) 685-7325
FAX: (317) 263-7901


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley



DOLLAR TREE STORES, INC.      Direct Dial No.  757-321-5927
Fax No.  757-321-5220

June 2, 2009

VIA Facsimile: 804-527-4186
VIA UPS – Ground Delivery: 804-527-4000

Circuit City Stores, Inc.
Attention: Lease Administration
9950 Maryland Drive
Richmond, VA 23233-1464

Re:     Dollar Tree Stores, Inc. **#2807**
        **Bloomingdale Court Shopping Center**
        **Bloomingdale, Illinois**

Dear Sir or Madam:

Please refer to the sublease dated February 17, 2004, between your Company and Dollar Tree Stores, Inc., located in Bloomingdale Court Shopping Center, in the city of Bloomingdale, state of Illinois.

We are exercising our **renewal option** under this Lease for a period of five (5) year to expire on February 28, 2015.  All other terms and conditions of the Lease shall remain in full force and effect, except rent shall increase as set forth in the Lease. If you are not the correct person to receive this letter, please call Julie Wood, Supervisor of Lease Administration (757-321-5473).

It has been a pleasure working with your Company and we look forward to several more prosperous years together.

Very truly yours,

DOLLAR TREE STORES, INC.

Christopher H. Williams
Vice President of Portfolio Management
CHW/DMW/bld

E-mail:       Russ Hire, Real Estate Manager
              Tim Riddick, Portfolio Manager

cc:           File
              Scan

CORPORATE HEADQUARTERS
500 Volvo Parkway   Chesapeake, Virginia 23320   Tel 757-321-5000  Fax 757-321-5292   www.dollartree.com

W:\Corporate\RealEstate\Lease Administration\Completed Documents - 2009\Option Letters 2009\#2807 Bloomingdale Court Shp Ctr_Bloomindale, IL_rnwl opt_dmw.doc

July 31, 2009

Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, Virginia 23060-9279

Creative Realty Management, LLC
c/o John Mannix
200 Park Avenue South, Suite 1618
New York, NY 10003

      Re:    Bloomingdale, Illinois Lease

Dear Sirs:

Reference is hereby made to that certain Lease dated as of September 19, 1986, a copy of which is attached hereto as Exhibit A (such lease, as amended or otherwise affected by the documents set forth in paragraph 1 below, the "Lease") between Simon Property Group (Illinois) LP. (successor to C.Y.A., Inc.), as landlord ("Landlord") and Circuit City Stores, Inc. (successor to Service Merchandise Company, Inc.), as tenant ("Tenant") for a certain parcel of land located at 340 West Army Road in Bloomingdale, Illinois (the "Premises").

Landlord understands that Tenant filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code on November 10, 2008 and that on June 9, 2009, the United States Bankruptcy Court entered an order approving the sale, assumption and assignment of the Lease.

Landlord is the landlord under the Lease and Landlord owns the Premises in fee. With respect to the Lease, Landlord hereby certifies to Tenant and to its successors and assigns that

1.    the Lease is valid, in existence and in full force and effect and has not been amended, modified, or supplemented except as follows:

(a)    Memorandum of Lease dated May 8, 1987,

(b)    Letter Agreement dated May 13, 1988,

(c)    Letter Agreement dated July 25, 1988,

(d)    Agreement Setting Lease Term dated August 1, 1989,

(e)    Corrective Memorandum of Lease dated April 2, 1990,

**Error! Unknown document property name.**
754899.02-Chicago Server 2A - MSW
762168-Chicago Server 2A - MSW

(f)      Amendment to Lease dated October 17, 1990,

(g)      Estoppel Certificate dated August 31, 1999,

(h)      Estoppel Certificate dated June 5, 2002,

(i)      Letter Amendment dated June 29, 2005 regarding Dick's Sporting Goods, and

(j)      Waiver Letter dated August 1, 2005 regarding Cost Plus, Inc.

2.      the commencement date of the Lease was March 18, 1989 and the date of the expiration of the Lease will be February 28, 2015.

3.      Tenant has the right and option to extend the term of the Lease for ten successive periods of five years each.

4.      as of the date hereof, there is no default by Landlord or, to the best of the Landlord's knowledge, by Tenant under the Lease, and no other event has occurred and is continuing which would constitute a default or violation of the Lease by Landlord or, to the best of Landlord's knowledge, by Tenant with the giving of notice or the passage of time or both.

5.      Rent:

(i)      The current rent payable under the terms of the Lease is $130,000.00 per annum, payable in monthly installments.

(ii)      The rent payable under the terms of the Lease has been paid through July 2009.

6.      With the exception of Landlord's mortgagee, Landlord has not assigned its rights under the Lease except as indicated in the first paragraph of this Estoppel Certificate.

7.      There are no current actions, whether voluntary or otherwise, pending against Landlord under any insolvency, bankruptcy or other debtor relief laws of the United States.

8.      Landlord confirms that there is no prohibition against subdividing the Premises.

[Signature Page Follows]

The undersigned has executed and delivered this Estoppel Certificate on this 31at day of July, 2009.

LANDLORD:

SIMON PROPERTY GROUP (ILLINOIS) LP, an Illinois limited partnership
By:     CHARLES MALL COMPANY LMITED PARTNERSHIP, a Maryland limited partnership, its general partner
By:     SIMON PROPERTY GROUP (DELAWARE), INC., a Delaware corporation, its general partner

By:     _____
Name:   _____
Title:  _____

**Error! Unknown document property name.**
754899.02-Chicago Server 2A - MSW

# EXHIBIT A

(the Lease).