Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

          - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
         Debtors.             :   Jointly Administered
- - - - - - - - - - - - - - - x

**DEBTORS' SEVENTH OMNIBUS MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND
BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS**

The debtors and debtors in possession in the

above-captioned jointly administered cases (collectively,

the "Debtors")[1] hereby move (the "Motion") for entry of an order, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject certain executory contracts as set forth on the attached <u>Exhibit A</u>, including any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto (collectively, the "Contracts"), and any guaranties thereof, as of the Rejection Date (as defined herein).  In support of the Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006.

**BACKGROUND**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales (the "GOB Sales") at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced the GOB Sales pursuant to the Agency Agreement at the Debtors' remaining stores. The GOB Sales were concluded on or about March 8, 2009.

## RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006 authorizing the Debtors to reject the Contracts as of the Rejection Date (as defined below).

8. The Debtors are currently performing their review and evaluation of other executory contracts that are not the subject of this Motion. As this process continues, the Debtors may identify additional executory contracts to be assumed or rejected. Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts. This

Motion should not be construed as a determination that any executory contracts not listed herein are to be assumed or rejected.

## BASIS FOR RELIEF

9.    In an effort to avoid any future potential postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors hereby move to reject the Contracts.

10.   The Contracts are comprised of services agreements which, in light of the liquidation and the wind down of the Debtors' businesses, the Debtors no longer require.  The Debtors have analyzed each of the Contracts to determine the appropriate date of rejection.  The Debtors have concluded that, in order to minimize unnecessary potential costs to the estate, the Contracts should be rejected as of the rejection date listed on Exhibit A for each Contract (the "Rejection Date").

11.   Each of the Contracts is listed on Exhibit A, along with the name of the Contract counterparty, the Contract type, the effective date of the Contract, where known, and the proposed Rejection Date.

12.  Through the rejection of the Contracts, the Debtors will be relieved from performing and paying fees and other associated costs.  Thus, by rejecting the Contracts on the applicable Rejection Date, the Debtors will avoid incurring any additional unnecessary administrative expenses for services that provide minimal, if any, tangible benefit to the Debtors' estates and that the Debtors have determined to be unnecessary.  Based on this analysis, the Debtors have determined that the Contracts provide no value to the Debtors' estates.

13.  Accordingly, the Debtors believe that rejection of the Contracts as of the Rejection Date is in the best interests of their estates, their creditors, and other parties in interest.

**APPLICABLE AUTHORITY**

14.  Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  A debtor's determination to reject an executory contract is governed by the "business judgment" standard.  See Lubrizol Enterprises,

Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046-47 (4th Cir. 1985), cert. denied sub nom., Lubrizol Enters., Inc. v. Canfield, 475 U.S. 1057 (1986); In re Extraction Technologies of VA, L.L.C., 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

15. Once the Debtors articulate a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

16. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. See Comm. Of Asbestos-

<u>Related Litigants and/or Creditors v. Johns-Manville Corp.</u>, 60 B.R. 612, 615 16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

17.  As set forth above, the Debtors have satisfied the "business judgment" standard for rejecting the Contracts.  The Contracts are financially burdensome and unnecessary to the Debtors' estates.  Moreover, as of the applicable Rejection Date, each of the Contracts provides or will provide no economic benefit to the Debtors, nor are such Contracts a source of potential value for the Debtors' estates and creditors.  Accordingly, rejection of the Contracts as of the Rejection Date reflects the sound exercise of the Debtors' business judgment.

18.  In summary, the Debtors believe that the proposed rejection of the Contracts is tailored to minimize administrative expense, maximize distributions to creditors in these chapter 11 cases, and limit the performance and other costs of Contract counterparties.

In the exercise of their sound business judgment, the Debtors thus seek authority to reject the Contracts.

19.  This Court has authorized similar relief throughout these chapter 11 cases.  See, e.g., In re Circuit City Stores, Inc., Case No. 08-35653 (Bankr. E.D. Va.) (Docket Nos. 1260, 1280, 1706, 2907, 2935, 3078, 3219); see also In re Movie Gallery, Inc., et al., Case No. 07-33849 (Bankr. E.D. Va. Oct. 17, 2007); In re Storehouse, Inc., Case No. 06-11144 (Bankr. E.D. Va. Nov. 21, 2006); In re Rowe Furniture, Inc., Case No. 06-11143 (Bankr. E.D. Va. Nov. 21, 2006); In re The Rowe Cos., Case No. 06-11142 (Bankr. E.D. Va. Nov. 21, 2006); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002).

**NOTICE**

20.  Notice of this Motion has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130) and to all counterparties to the Contracts.

The Debtors submit that, under the circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

21. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

### NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form of the Proposed Order annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: July 13, 2009
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and
Debtors in Possession

11

**EXHIBIT A**

**(Executory Contracts)**

**EXHIBIT A**
**Contracts**

| Contract Counterparty | Contract Type | Contract Description [1] | Contract Effective Date | Rejection Date | Address |
|---|---|---|---|---|---|
| Omniture, Inc. | Service Order | Master Terms and Ordering Document | 6/1/08 | 7/23/08 | 550 East Timpanagos Circle, Orem, UT 84097, Attn: Ehren Hozumi |
| Direct Energy Business Services, Inc., f/k/a Strategic Energy, LLC | Service Agreement | PowerSupply Coordination Service Agreement | 3/27/07 | 7/23/07 | Two Gateway Center, Pittsburgh, PA 15222, Attn: Director of Risk Management, Attn: Legal Department |
| Direct Energy Business Services, Inc., f/k/a Strategic Energy, LLC | Service Agreement | PowerSupply Coordination Service Agreement | 3/17/06 | 7/23/07 | Two Gateway Center, Pittsburgh, PA 15222, Attn: Director of Risk Management, Attn: Legal Department |

---

[1] Contracts include any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto.

```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

         - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 365(a) AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, under Bankruptcy Code sections 105(a) and 365(a) and Bankruptcy Rule 6006, authorizing

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Debtors to reject certain executory contracts as set forth on the attached Exhibit A, including any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto (collectively, the "Contracts"), and any guaranties thereof, as of the rejection date specified in Exhibit A for each Contract (the "Rejection Date"); and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED, AND DECREED that:**

    1.   The Motion is GRANTED.

    2.   The Contracts and any guaranties thereof are hereby rejected as of the applicable Rejection Date. Nothing in this paragraph 2 shall preclude a

counterparty from seeking rejection damages against a guarantor of a rejected guaranty, in addition to such counterparty's right to seek rejection damages under the Bankruptcy Code.

       3.    Each counterparty to a Contract or any guaranty thereof shall have until thirty (30) days from the date this Order is entered on the docket to file a proof of claim on account of any and all claims (as defined in the Bankruptcy Code) arising from or related to rejection of its Contract or guaranty.

       4.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

       5.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated:  Richmond, Virginia
        _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ Douglas M. Foley
                                        Douglas M. Foley

**EXHIBIT A**

**(Executory Contracts)**

**EXHIBIT A**
**Contracts**

| Contract Counterparty | Contract Type | Contract Description [1] | Contract Effective Date | Rejection Date | Address |
|---|---|---|---|---|---|
| Omniture, Inc. | Service Order | Master Terms and Ordering Document | 6/1/08 | 7/23/08 | 550 East Timpanagos Circle, Orem, UT 84097, Attn: Ehren Hozumi |
| Direct Energy Business Services, Inc., f/k/a Strategic Energy, LLC | Service Agreement | PowerSupply Coordination Service Agreement | 3/27/07 | 7/23/07 | Two Gateway Center, Pittsburgh, PA 15222, Attn: Director of Risk Management, Attn: Legal Department |
| Direct Energy Business Services, Inc., f/k/a Strategic Energy, LLC | Service Agreement | PowerSupply Coordination Service Agreement | 3/17/06 | 7/23/07 | Two Gateway Center, Pittsburgh, PA 15222, Attn: Director of Risk Management, Attn: Legal Department |

[1] Contracts include any amendments or modifications thereto and any and all schedules, supplements, addenda, statements of work or similar attachments thereto.