Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000



RICHMOND DIVISION
FILED JUL 1 3 2009
CLERK
U.S. BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

----------------x
In re:                            :   Chapter 11
                                  :
CIRCUIT CITY STORES, INC.,        :   Case No. 08-35653 (KRH)
et al.,                           :
                                  :
              Debtors.            :   Jointly Administered
----------------x

**NOTICE OF THE DEBTORS' SIXTEENTH OMNIBUS
OBJECTION TO CLAIMS (RECLASSIFICATION OF
CLAIMS FILED BY EQUITY HOLDERS TO INTERESTS)**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' Sixteenth Omnibus Objection to Claims (Reclassification of Claims Filed by Equity Holders to Interests) (the "Objection") with the Bankruptcy Court. A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the

*[Handwritten annotation:]* I object to their objection! I would like to get my $4964.98 back. 1874.08

Benjamin R. Knighton III
7-11-09

"Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow and/or modify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO: | Claim Number | Claim Amount | Claim Classification As Filed | Claim Classification As Modified |
|---|---|---|---|---|
| Knighton, Mr Benjamin R 28631 N James Madison Hwy New Canton, VA 23123 | 2928 | $2,000.00 | Equity *434-390 8420 cell* | Interests |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. ON JULY 16, 2009</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

# DAVENPORT & COMPANY LLC

## PORTFOLIO HOLDINGS

Account Name:
Investment Executive: BENJAMIN R KNIGHTON III
Statement Period: B. WATSON/K. NEWMAN
JAN 01 2009 - MAR 31 2009

Number:
Telephone:
Page:

Please be advised that estimated income and current yields represented on this statement for portfolio holdings with significant market loss or income r invalid. These calculations are based on the rate of the last income payment and do not reflect future changes in rates. Also note that where possible and original cost of fixed income instruments is reflected. Please contact your Investment Executive with questions.

| Quantity | Description | Symbol/CUSIP | Adjusted Cost*<br>Original Cost | Market Price | Market Value | % of Assets | Unrealized Gain (Loss) | Es |
|---|---|---|---|---|---|---|---|---|
| | **COMMON STOCK** | | | | | | | |
| | **CONSUMER DISCRETIONARY** | | | | | | | |
| 442 | CIRCUIT CITY STORES INC | CCTYQ | 1,967.78<br>1,967.78 | 0.0075 | 3.31<br>3.31 | 0.17%<br>0.18% | (1,964.47)<br>(1,964.47) | |
| | TOTAL CONSUMER DISCRETIONARY | | | | | | | |

PLEASE RETAIN FOR YOUR RECORDS

INVESTMENT EXECUTIVE: KAREN NEWMAN                                              FV80

# DAVENPORT
## & COMPANY LLC
Post Office Box 85678
Richmond VA 23285-5678
Est. 1863 • Member: NYSE • SIPC  www.investdavenport.com

105 NORTH MAIN STREET
FARMVILLE VA 23901

LOCAL TELEPHONE:    434-392-9813
TOLL-FREE:          800-431-3670
E-MAIL:             knewman@investdavenport.com

| ACCOUNT NUMBER | TYPE | TRADE DATE | SETTLEMENT DATE | TRADE TYPE |
|---|---|---|---|---|
| 12615985 | CASH | 01/08/2008 | 01/11/2008 | OVER THE COUNTER-AGENCY |

BENJAMIN R KNIGHTON III
28631 NORTH JAMES MADISON HWY
NEW CANTON VA  23123-2132

| B/S | QUANTITY | SYMBOL | CUSIP | DESCRIPTION |
|---|---|---|---|---|
| BUY | 442 | CC | 172737108 | CIRCUIT CITY STORES-<br>CIRCUIT CITY GROUP INC |

PRICE
4.24

| PRINCIPAL | INTEREST | COMMISSION | TRANSACTION FEE | NET AMOUNT |
|---|---|---|---|---|
| 1,874.08 | 0.00 | 93.70 | 0.00 | 1,967.78 |

### SPECIAL NOTES
UNSOLICITED

In accordance with your instructions Davenport & Company LLC (Davenport) is pleased to confirm the above transaction for your account and risk subject to terms listed below. It is agreed between Davenport, broker, and its customer, as a condition upon which the latter's account is accepted that:
1. All transactions are subject to the rules and customs of the national or regional exchange and their clearing houses and/or NASD, the Securities and Exchange Commission, and the Federal Reserve Board.
2. All securities, options, commodities, and contracts for commodities at any time held by the broker for the customer are pledged for any indebtedness at any time due and the broker may, without further notice and at its discretion repledge, loan, or otherwise dispose of any such property, whether commingled or not with other property, without reference to the amount due from the customer and without regard to whether or not it has in its possession or subject to its control other property of a like kind and amount.
3. The broker may, without further notice to the customer and at its discretion, whenever it shall deem the customer's margin insufficient, close out any margin transactions by the purchase or sale of any securities, options, commodities, or contracts for commodities in the account; and the customer in consideration of the broker's accepting the account expressly waives demand for more margin and notice of such intention to close out the account.
4. The time of execution and name of party from whom bought or to whom sold will be furnished upon written request.
5. Should payment for purchases or delivery of sold securities be delayed beyond the indicated settlement date we reserve the right, at our option, without further notice, to sell out purchased securities or buy in sold securities and hold you liable for any loss thereby incurred or to cancel this transaction.
6. Immediate notification is required if this transaction is not entirely in accordance with your understanding or is in error.
7. If required, this transaction is being reported to the Internal Revenue Service pursuant to The Tax Equity and Fiscal Responsibility Act of 1982.
8. If this transaction involves a collateralized mortgage obligation (CMO) or other asset backed security that is subject continuously to prepayment, the actual yield of such security may vary according to the rate at which the underlying receivables or other financial assets are prepaid; additional information concerning the factors that affect yield will be furnished upon written request.
9. If this transaction involves a zero coupon bond which is callable and available in bearer form, there will be no periodic payments and the security may be callable below maturity value without prior notice by mail to holder.
10. If this transaction involves a security which has a make whole call provision, the borrower is allowed to prepay the remaining bond debt early at a redemption price which is described in the bond indenture.
11. If this transaction involves a callable common stock, you may contact Davenport for more information concerning the security.
12. Any callable investment including certificates of deposit may be called at the sole discretion of the issuer on or after the call date. The principal value of certificates of deposit are subject to interest rate fluctuations so that the principal amount, if sold prior to maturity, may be worth more or less than your original investment.
13. Your order may have been aggregated with other client orders and may have been executed in more than one transaction. Your price may be an average of the price achieved in executing those aggregated orders. Details available upon request.
14. Mutual funds owned in this account may be held in a separate account at the fund in the name of Davenport for the exclusive benefit of this account. All communications with the fund company regarding these securities must be done through Davenport.
15. Unless otherwise instructed by you, Davenport will use its usual and customary method for establishing the cost basis for security sales in your account. This method generally assigns the highest available cost basis to a security sale, as opposed to the "first-in, first-out" (FIFO) method.
16. You may be eligible for breakpoint discounts based on the size of your purchase, current holdings or future purchases of open-end mutual funds. The sales charge you paid may differ slightly from the Prospectus disclosed rate due to rounding calculations. Please refer to the Prospectus, Statement of Additional Information or contact your Investment Executive for further information.
17. The Transaction Fee listed above reflects the fee charged to Davenport by the national securities exchange or association on which your transaction was executed. It is customary for brokerage firms to pass this fee to their customers. The amount is based on a formula proscribed by Section 31 of the Securities Exchange Act of 1934.
18. If this transaction was executed in a principal capacity, the price that you paid or received may have included a payment to Davenport for its services and will be noted as a mark-up or mark-down next to the price. Any amount noted as a commission for a principal trade is deemed a "Commission Equivalent" pursuant to SEC Rule 10b-10.

The following abbreviations may appear in the security description.
AMT-Subject to Alternative Minimum Tax
ETM-Escrowed to Maturity        LOC-Letter of Credit
NC-Non-Callable                 C-Callable
PRERE-Pre-refunded to Maturity  OID-Original Issue Discount
BEO-Book Entry Only
NRSRO-nationally recognized statistical rating organization, rating information is based on good faith inquiry of selected sources.

Order # 087583291  Control # 0080255I NSCC Control #    Mutual Fund Confirm #    FORM ID-CONFIRM rev 07/07
                                                                                  I TAG # 00800010036