## GUARANTY OF LEASE

Reference is hereby made to a Lease dated April ~~May~~ 3, 2004 by and between BATAVIA HOLDINGS, L.L.C., a Washington limited liability company (herein called "Landlord") and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (herein called "Tenant") (the "Lease").

In consideration of Landlord's agreement to lease the premises described in the Lease to Tenant on the terms and conditions set forth in the Lease, Circuit City Stores, Inc., a Virginia corporation ("Guarantor"), the sole shareholder of Tenant, hereby guarantees the full and timely performance by Tenant of its obligations under the Lease.

Notwithstanding anything set forth herein to the contrary:

1. Following a sublease or assignment in accordance with Paragraph 14 of the Lease, Landlord shall give Guarantor prompt written notice at the address set forth below of any failure by Tenant to perform its obligations under the Lease. Guarantor acknowledges and agrees that a sublease or assignment by Tenant shall not relieve Guarantor of Guarantor's obligations under this Guaranty. Failure to provide such notice to Guarantor of a default under the Lease by Tenant shall not relieve Guarantor of its obligation hereunder, provided that Guarantor shall be afforded an additional reasonable period of time (but in no event more than thirty (30) days following the date on which notice was received by Guarantor; provided that, if such default cannot with due diligence be wholly cured within such thirty (30) day period, Guarantor shall have such longer period as is reasonably necessary to cure the default, so long as Guarantor proceeds promptly to commence the cure of same within such thirty (30) day period and diligently prosecutes the cure to completion) to cure the applicable default.

2. The following shall be conditions of Guarantor's obligations hereunder: (i) all notices required to be given to Tenant in respect of the failure or breach by Tenant at issue have been given or waived in writing by Tenant and Guarantor, and (ii) any grace period in respect of such obligation by Tenant has expired or been waived in writing by Tenant and Guarantor.

3.  Following an assignment of all of Tenant's right, title and interest in the Lease in accordance with Paragraph 14 of the Lease to any party that is not an Affiliate of Guarantor (defined below), no material alteration, modification or amendment of the Lease, either by agreement or course of conduct, nor any extension or renewal of the Lease (collectively, "Alteration"), shall be binding upon Guarantor if such Alteration would enlarge, increase or otherwise negatively impact Guarantor's obligations hereunder in any material manner, without Guarantor's written consent thereto, which consent may be withheld in Guarantor's sole and absolute discretion. For purposes hereof, an "Affiliate of Guarantor" shall mean any party or entity, directly or indirectly, controlled by, controlling or under common control with Guarantor.

To the extent not inconsistent with the foregoing, Guarantor further agrees as follows:

(a)  Landlord shall have the right to proceed against Guarantor hereunder following any breach or default by Tenant without first proceeding against Tenant. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Sections 2810 and 2845 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction. Subject to the other provisions of this Guaranty, Guarantor hereby waives any and all benefits of the provisions of Sections 2819, 2822, 2849 and 2850 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction.

(b)  In the event any action be brought against the undersigned by the beneficiaries of this Guaranty to enforce this Guaranty, the unsuccessful party in such action shall pay to the prevailing party therein a reasonable attorneys' fee which shall be fixed by the court.

(c)  Neither Guarantor's obligations hereunder nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by the impairment, modification, change, release or limitation of the liability of the Tenant under the Lease, or its estate in bankruptcy or any remedy for the enforcement thereof, resulting from the operation of any present or future provision of any federal or state bankruptcy or insolvency law or any statute, or from the decision of any court. In the event any payment by Tenant to Landlord is held to constitute a

preference, fraudulent conveyance or otherwise required to be returned by Landlord, such payment by Tenant to Landlord shall not in any way diminish Guarantor's obligations hereunder and this Guaranty shall continue to be effective. Until all the Tenant's obligations under the Lease are fully performed, Guarantor: (i) shall have no right of subrogation, contribution or reimbursement against the Tenant by reason of any payments or acts of performance by Guarantor under this Guaranty; (ii) subordinates any liability or indebtedness of the Tenant now or hereafter held by Guarantor to the obligations of the Tenant under, arising out of or related to the Lease or Tenant's use of the Premises; and (iii) acknowledges that the actions of Landlord may affect or eliminate any rights of subrogation, contribution or reimbursement of Guarantor as against Tenant without any liability or recourse against Landlord. Without limiting the generality of the foregoing, Guarantor hereby waives any and all benefits of the provisions of Section 2848 of the California Civil Code and any similar or analogous statutes of California or any other jurisdiction until such time that the Guarantor's obligations under this Guaranty are satisfied in full.

(d)     Landlord may assign this Guaranty to any successor in interest as the landlord under the Lease. This Guaranty shall extend to and be binding upon Guarantor's legal heirs and representatives, and successors and assigns, including, but not limited to, trustees in bankruptcy and Guarantor's estate.

(e)     Guarantor agrees that all questions, actions and disputes with respect to this Guaranty or the performance or enforcement thereof shall be governed by, and decided in accordance with, the laws of the State of California.

(f)     Guarantor represents and warrants to Landlord that this Guaranty has been duly executed and delivered to Landlord by Guarantor.

(g)     Any notice, request, demand, instruction or other communication to be given to any party hereunder shall be in writing and (a) personally served, (b) sent by registered or certified mail, return receipt requested or (c) sent by nationally recognized overnight courier. Notices to Landlord shall be delivered to Landlord's address set forth in the Lease. Landlord, at its election, may provide an additional notice to Guarantor. Notices to Guarantor shall be delivered to the address provided under Guarantor's signature below.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed by its duly authorized officer as of this ___ day of April, 2004.

CIRCUIT CITY STORES, INC.,

a Virginia corporation

By: *[signature]*

Name: Thomas C. Nolan

Title: Vice President

Address:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Corporate Secretary

with a copy to:

Circuit City Stores, Inc.
Deep Run I
9950 Mayland Drive
Richmond, Virginia 23233
Attention: Vice President, Real Estate