Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
                              :   Jointly Administered
        Debtors.             X
- - - - - - - - - - - - - -

**MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 363 (I) AUTHORIZING CIRCUIT CITY STORES, INC. TO ENTER INTO AGREEMENT MODIFYING CONTRACT WITH AAC CROSS COUNTY MALL, LLC AND (II) AUTHORIZING SALE, ASSIGNMENT, AND ASSUMPTION OF THE LEASE**

Circuit City Stores, Inc.("Circuit City" or the "Movants") and its affiliated debtors and debtors in possession in the above-captioned jointly administered cases (the "Debtors")[1] hereby move (the "Motion"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing Circuit City to enter into agreements amending a prior agreement with AAC Cross County Mall, LLC (the "Landlord") at Circuit City's Store no. 3699, Yonkers Superstore, and for the sale, assumption and assignment of the Lease to the Assignee (defined below).  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 363 and Bankruptcy Rule 6004.

**BACKGROUND**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors continue as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

3

6.   On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").   On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.   On or about March 8, 2009, the going out of business sales concluded.

## RELIEF REQUESTED

7.   By this Motion, the Debtors seek entry of an order, substantially in the form annexed hereto (the "Order"), authorizing, but not requiring, Circuit City to enter into two (2) agreements with the Landlord (i) an amendment to a post-petition agreement between Circuit City and the Landlord dated March 23, 2009 (the "Amendment") and (ii) a Sale, Assumption and Assignment Agreement(the "Assignment Agreement," and together with the  Amendment, collectively, the "Agreements") with the Landlord and its assignee, Century 21 79th Street LLC, a Delaware limited liability company (the "Assignee"), and to comply with its obligations thereunder.

## BASIS FOR RELIEF

8.    On September 27, 1996, the Landlord's predecessor in interest, as landlord, and Circuit City, as tenant, entered into a lease agreement (the "Lease") for the premises located at Circuit City's store no. 3699, Yonkers Superstore (the "Premises").

9.    On February 19, 2009, the Court approved the Debtor's motion (the "Lease Procedures Motion") to establish procedures for the sale or rejection of the Debtors' real property leases for the Debtors remaining retail stores and certain other locations (D.I. 2242, the "Lease Procedures Order").  The Lease Procedures Order authorized the Debtors to solicit bids and conduct auctions with respect to the Debtors' real property leases.

10.    In accordance with the Lease Procedures Order, the Debtors marketed the Lease, and on March 3, 2009, the Landlord submitted the sole bid relating to the Lease in consideration for waiver of the Landlord's pre-petition and rejection damages claims (together, the "Pre-petition Claims").

11.  On March 13, 2009, Circuit City and the Landlord entered into an Agreement, whereby Circuit City surrendered possession of the Premises to the Landlord on March 31, 2009(the "Prior Agreement") and the Landlord agreed to waive the Pre-petition Claims

12.  On March 23, 2009, this Court entered an order approving the Prior Agreement (D.I. 2741; the "Prior Agreement Order").

**B.    Events Occurring After Execution of Prior Agreement.**

13.  Since the Order was entered, Assignee approached the Landlord and offered to acquire the Lease from the Landlord.  Thereafter, the Landlord agreed with Circuit City to modify the Prior Agreement to allow Circuit City to assign the Lease to Assignee in consideration for a complete waiver of the Landlord's administrative claims, which the Landlord asserts exceeds $141,289 (the "Administrative Claim").

14.  To memorialize the modification of the Prior Agreement and effectuate the sale, assumption, and assignment of the Lease to Assignee, the Landlord and Circuit City have agreed to enter into the Amendment, attached hereto as Exhibit A to the Order, and the As-

signment Agreement, attached to the Amendment as Exhibit
1.

15.   The significant terms of the Amendment
are as follows:

(a) Effective Date.   The Effective Date
of the Agreement shall be March 23, 2009 (the "Effective
Date").

(b) Reinstatement of Lease.   As of the
Effective Date, the Landlord and Circuit City agree that
the Lease is in full force and effect and the termina-
tion of the Lease pursuant to the Prior Agreement is
hereby null and void.

(c) Assignment and Assumption of Obliga-
tions.   Pursuant to that certain Sale, Assumption and
Assignment Agreement executed contemporaneously herewith
and attached to the Amendment as Exhibit 1, the Lease is
assigned to Assignee, as of the Effective Date.

16.   The significant terms of the Assignment
Agreement are as follows:

(a) Effective Date.   The Effective
Date of the Agreement shall be March 23, 2009 (the
"Effective Date").

7

(b) <u>Assignment of Lease</u>.  As of the
Effective Date, Circuit City transfers, assigns and
sets over to Assignee, all of Circuit City's right,
title and interest in and to the Lease.

(c) <u>Assumption of Obligations</u>.  As-
signee assumes and agrees to observe, perform, ful-
fill and discharge, all of Assignor's duties, obli-
gations, and liabilities that accrue, that are at-
tributable, or that relate to the period on or af-
ter the Effective Date under the Lease and the Or-
der.

(d) <u>Landlord's Consent</u>. The Landlord
consents to the Assignment of the lease to Assignee.

(e) <u>Release of Claims</u>.  The Landlord
waives and releases any and pre- and post-petition
claims, including (without limitation) administra-
tive expense claims, against Circuit City, includ-
ing (without limitation) claims under Bankruptcy
Code sections 365, 502 and 503 and including (with-
out limitation) all year end adjustments for 2009
and all prior years, and any obligations or li-

abilities that could otherwise survive assignment of the Lease.

17.   In light of the foregoing, Circuit City has determined, in its business judgment, that entry into the Agreements is in the best interests of the Debtors and their estates.

18.   Accordingly, Circuit City is requesting: the authority to enter into and perform under the Agreements and sell, assume and assign the Lease to Assignee.

## APPLICABLE AUTHORITY

19.   Bankruptcy Code section 363(b)(1) authorizes a trustee to "use, sell, or lease" property of the estate with the Court's approval.   11 U.S.C. § 363(b)(1).   Assets of the Debtors may be sold outside of the ordinary course of business, pursuant to Bankruptcy Code section 363(b)(1), if a sound business purpose exists for doing so.   In re WBQ P'ship, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)(citing Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986)); see also In re W.A. Mallory Co., Inc., 214 B.R. 834, 836 (Bankr. E.D. Va. 1997).

20.   To satisfy the "sound business purpose test," the debtor must demonstrate that (1) a sound business reason or emergency justifies a pre-confirmation sale; (2) the sale was proposed in good faith; (3) the purchase price is fair and reasonable; and (4) adequate and reasonable notice of the sale has been provided.  In re WBQ P'ship, 189 B.R. at 102.

21.   Approval of the Agreements is appropriate in order to facilitate an expedient and orderly liquidation of the Debtors' assets for the benefit of the Debtors' estates and all of their stakeholders.  The Agreements will enable the Debtors to realize a substantial pecuniary gain for the benefit of their creditors and other parties in interest.  Specifically, the Landlord has waived any and all claims, including the Administrative  Claim.  Thus, there is a more than sufficient business justification for entry into the Agreements.

22.  Based on the foregoing, the Debtors submit that modifying the Prior Agreement between Circuit City and the Landlord, as set forth in the Amendment and selling and assigning the Lease to Assignee, as set forth in the Assignment Agreement, are beneficial to

10

their estates and their creditors and that the Court should authorize Circuit City to enter into the Agreements.  Accordingly, granting the relief requested herein is justified under Bankruptcy Code section 363.

## NOTICE

23.  Notice of this Motion has been provided to those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130).  The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

24.  Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Movants request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

11

25.   No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

```
Dated: July 14, 2009          SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                     - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                     - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley_____
                              Dion W. Hayes (VSB No. 34304)
                              Douglas M. Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
```

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC., et:    Case No. 08-35653-KRH
al.,                          :
                              :
          Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO (I) ENTER INTO AN AGREEMENT
MODIFYING PRIOR AGREEMENT AND TO (II) ASSUME, ASSIGN AND SELL
  UNEXPIRED LEASE FOR DEBTORS' STORE NO. 3699, YONKERS
                      SUPERSTORE**

          Upon consideration of the motion (the "Motion")[1]

of the Debtors for an order pursuant to sections 105, 363

and 365 of title 11 of the United States Code (the "Bankruptcy

_____
1  Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to them in the Motion.

Code") and Rules 2002, 6004 and 6006 of the Federal Rules
of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry
of an order (A) authorizing the Debtors to enter into an
agreement with the Landlord modifying that prior agreement
(the "Prior Agreement") between AAC Cross County Mall, LLC
(the "Landlord") and Debtor and(B) approving the sale,
assumption and assignment of the Lease pursuant to(A) the
Amendment to Prior Agreement with Landlord, attached hereto
as <u>Exhibit A</u> (the "Amendment") and (B) the Sale, Assumption,
and Assignment Agreement with Century 21 79th Street LLC
("Assignee") and Landlord, attached as <u>Exhibit 1</u> to the
Amendment (the "Assignment Agreement" and together with the
Amendment, collectively, the "Agreements"); and the Court
having entered the Lease Procedures Order, which approved
the Lease Procedures Motion wherein the Debtors set forth
the factual and legal bases for the sale, assumption, and
assignment of the Lease; and the Court having considered the
Motion and the Lease and after due deliberation thereon, and
sufficient cause appearing therefore.

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**[2]

A.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

C.    The notice of the Motion and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

D.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Landlord for the lease dated September 27, 1996 located at Circuit City Store no. 3699, Yonkers Superstore (the "Premises") (together with any and all related lease documents associated therewith, the "Lease").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.    The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Lease Procedures Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

F.    The Agreements and the sale of the Lease was negotiated and has been and is undertaken by the Debtors, Landlord and Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors, Assignee and Landlord are entitled to the protections of Section 363(m) of the Bankruptcy Code.

G.    Neither the Debtors, the Assignee, nor the Landlord engaged in any conduct that would cause or permit the Agreements or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

H.    The Total Consideration (as defined herein) provided in connection with the assignment of the Lease is the highest and best offer received by the Debtors, and the

4

consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

I.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment and sale of the Lease.

J.    The assumption, assignment and sale of the Lease to Assignee under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

K.    "Total Consideration" means and constitutes a complete release and waiver of any and all pre- and post-petition claims, including (without limitation) administrative expense claims, against Circuit City, including (without limitation) claims under Bankruptcy Code section 365, 502, and 503 and including (without limitation) all year end adjustments for 2009 and all prior years, and

any obligations or liabilities that could otherwise survive assignment of the Lease.

      L.   Upon application of the Total Consideration, there are no outstanding defaults of the Debtors and their estates under the Lease and all defaults under the Lease are deemed cured for all purposes under Bankruptcy Code section 365.

      M.   Upon the assignment of the Lease, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease.

Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

      1.   The Motion is GRANTED.

      2.   All objections to the Motion that have not been withdrawn, waived, or settled, are overruled on the merits.

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

3.   Under section 365 of the Bankruptcy Code, the Debtors are authorized, but not directed, to assume the Lease and to assign the Lease to Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

4.   Under Bankruptcy Code section 363, the Debtors are authorized, but not directed, to sell the Lease to Assignee.

5.   The Debtors are authorized to execute the Agreements.

6.   The consummation of the transactions with respect to the Leases contemplated hereunder shall be effective upon execution of the Agreements, at which point such transactions shall be deemed to have occurred as of March 23, 2009(the "Effective Date").

7.   Upon the entry of this Order,(i) Assignee shall succeed to the entirety of Debtors' rights and obligations in the Lease due, accruing, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant thereunder; (ii) the Lease shall be deemed to have continued

in full force and effect at all times from and after the
Effective Date.

8.    As of the Effective Date, subject to the
satisfaction of the obligations in paragraph 10 below,
neither the Landlord, the Debtors, nor the Debtors' estates
shall have liability for cure claims of, from, or related
to the Lease for any defaults or monetary obligations.  As
of the Effective Date, the Landlord shall be deemed to have
waived, released and forever discharged any and all pre- and
post-petition claims, including (without limitation)
administrative expense claims, against Circuit City,
including (without limitation) claims under Bankruptcy Code
sections 365, 502 and 503 and including (without limitation)
all year end adjustments for 2009 and all prior years, and
any obligations or liabilities that could otherwise survive
assignment of the Lease.

9.    In consideration for the assignment of the
Lease, the Debtors will receive a waiver and release of the
Total Consideration.

10.    Upon the entry of this Order, (i) all
defaults under the Lease through the Effective Date shall
be deemed cured, (ii) no other amounts will be owed by Debtors

8

or their estates with respect to the Lease, (iii) no amounts
will be owed by the Landlord with respect to the Lease for
obligations relating or attributable to the period prior to
the Effective Date, (iv) any and all persons or entities
shall be forever barred and estopped from asserting a claim
against the Debtors or their estates that any additional
amounts are due or defaults exist under the Lease, and (v)
any and all persons or entities shall be forever barred and
estopped from asserting a claim against the Debtors, their
estates, and the Landlord that any additional amounts are
due or defaults exist under the Lease that arose or accrued,
relate to or are attributable to the period prior to the
Effective Date.

11.   Assignee takes the Lease "as is where is."

12.   Pursuant to section 365(f) of the Bankruptcy
Code, notwithstanding any provision to the contrary in the
Lease, or in applicable nonbankruptcy law, that prohibits,
restricts, or conditions the assignment of the Lease, the
Debtors may assign the Lease to the Assignee.

13.   As of the Effective Date, subject to the
provisions of this Order, Assignee shall assume all
obligations under the Lease attributable to, or arising or

9

accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.    As of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.    Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Lease.

16.    Upon the assignment to Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order.

17.    To the extent that any of the Debtors acts as a guarantor of the Lease (a "Debtor-Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Lease after the Effective Date.

18.    Pursuant to Bankruptcy Code section 363(f), the sale and corresponding assumption and assignment of the Lease to the Assignee as authorized hereunder shall be free and clear of all claims and interests of any kind or nature,

10

with all such claims and interests attaching only to the
Total Consideration received in connection with the
assignment and assumption of the Lease, in the same order
and priority, and with the same validity and enforceability,
as same may have had prior to the sale, assumption and
assignment of the Lease, subject to any and all available
defenses.

19. Any mechanic's lien filed against the
Debtors with respect to the premises associated with the
Lease is hereby released, discharged, and terminated, and
the Assignee and/or the Landlord are hereby authorized to
file, register, or otherwise record a certified copy of this
Order and each and every federal, state, and local
governmental agency or department is hereby directed to
accept a certified copy of this Order as conclusive evidence
of the release, discharge, and termination of any mechanic's
lien filed against the Debtors with respect to the premises
associated with the Lease and shall remove such mechanic's
lien from record.

20. Except for the Debtors with respect to their
rights under the Amendment, the Assignment Agreement, this
Order, and any other agreements relating to the Lease, other

11

than the Assignment Agreement, all parties to the Lease are
forever barred from raising or asserting against the
Landlord or Assignee any default or breach under, or any
claim or pecuniary loss arising under or related to the Lease
or such other agreements, arising, accruing or incurred
prior to the Effective Date.

21.   Any obligations arising under the Lease that
arise, accrue, are incurred or relate to periods on or
subsequent to the Effective Date, including but not limited
to any tax, utility, common area charges or insurance
payments, shall be the obligation of the Assignee, and no
party (including the Landlord) shall have a claim against
the Debtors or their estates for such obligations.

22.   The Landlord and any governmental agency
shall accept and honor the assignment of the Lease to
Assignee in accordance with the Assignment Agreement and
this Order.

23.   Pursuant to Bankruptcy Code section 554, the
Debtors are authorized to abandon any and all improvements,
furniture, fixtures, equipment, inventory and/or any other
personal property ("Abandoned Property") located on the
Premises, and such Abandoned Property is deemed abandoned

12

on the Effective Date to the Landlord free and clear or all
liens, claims and other interests.  The Landlord may, in its
sole discretion and without further notice, use, transfer
or dispose of such Abandoned Property without liability to
the Debtors or any third parties claiming an interest in such
Abandoned Property.

24.   This Order shall be effective and
enforceable immediately upon entry and shall not be stayed
pursuant to Rules 6004(h) or 6006(d).

25.   The requirement under Local Bankruptcy Rule
9013-1(G) to file a memorandum of law in connection with the
Motion is hereby waived.

26.   To the extent that any provisions in the
Assignment Agreement conflict with this Order, the Order
shall govern.

27.   The Debtors and their estates are authorized
to take all actions and execute all documents necessary or
appropriate to effectuate the assumption and assignment of
the Lease consistent with this Order.

28.   This Court shall retain jurisdiction to hear
and determine all matters directly involving the Debtors and

arising from or related to this Order or the assumption and

assignment of the Lease.

Dated:  Richmond, Virginia
        _____, 2009


        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

14

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

              /s/ Douglas M. Foley___
              Douglas M. Foley

# EXHIBIT A

## ASSIGNMENT AGREEMENT

## AMENDMENT TO TERMINATION AGREEMENT

**THIS AMENDMENT TO TERMINATION AGREEMENT** (this "**Agreement**") is made as of the Effective Date (as defined below) by and between **AAC CROSS COUNTY MALL, LLC**, a ____ limited liability company ("**Landlord**") and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Tenant**").

## RECITALS:

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on March 13, 2009, Tenant and Landlord entered in that certain Lease Termination Agreement (the "**Lease Termination Agreement**") whereby that certain Lease dated September 27, 1996, between Landlord's predecessor in interest and Tenant, for the premises located at Assignor's store no. 3699, Yonkers Superstore (as amended and assigned from time to time, the "**Lease**") was terminated as of March 31, 2009; and

**WHEREAS**, Landlord and Tenant wish to amend the Lease Termination Agreement on the terms and conditions set forth herein.

**WHEREAS**, on July __, 2009, the United States Bankruptcy Court for the Eastern District of Virginia, (the "**Bankruptcy Court**") entered an order (the "**Order**") approving, among other things, entry into this Agreement, as well as the sale, assumption and assignment of the Lease; and

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.      Effective Date.  The Effective Date of this Agreement shall be March 23, 2009 (the "Effective Date").

2.      Reinstatement of Lease.  As of the Effective Date, Landlord and Tenant agree that the Lease is in full force and effect and the termination of the Lease pursuant to the Lease Termination Agreement is hereby null and void.

3.      Assignment and Assumption of Obligations.  Pursuant to that certain Sale, Assumption and Assignment Agreement executed contemporaneously herewith and attached hereto as Exhibit 1, the Lease, as reinstated pursuant to Section 2 above, is assigned to and assumed by Century 21 79th Street LLC, as of the Effective Date.

4.      Notices. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

**If to Tenant:**

Circuit City Stores, Inc.
Attn: Director of Real Estate

with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi and Ian S. Fredericks
One Rodney Square
Wilmington, DE 19801

**If to Landlord:**

Ashkenazy Acquisition Corporation
Attn: David G. Cherna, General Counsel
433 Fifth Avenue, 2nd Floor
New York, New York 10016
Tel: (646) 214-0264
Fax: (212) 213-5713

with a copy to:

Kelley Drye & Warren LLP
Attn: Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573/Direct Dial
(212) 808-7897/Fax

5.    <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated herein.

6.    <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Landlord and Tenant and their respective successors and assigns.

7.    <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of New York without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Landlord and Tenant.

8.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Landlord and Tenant as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____

Name:

Title:

**AAC CROSS COUNTY MALL, LLC**

By:_____

Name:

Title:

<u>EXHIBIT 1</u>

[Sale, Assumption and Assignment Agreement to be attached]

## SALE, ASSUMPTION AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of the Effective Date (as defined below) by and between **AAC CROSS COUNTY MALL, LLC,** a ____ limited liability company ("**Landlord**"), **CENTURY 21 79th STREET LLC,** a Delaware limited liability company ("**Assignee**") and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Assignor**").

## RECITALS:

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on July [___], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving, among other things, the sale, assumption and assignment of the Lease (as defined herein); and

**WHEREAS**, (i) Landlord, Assignor and Assignee desire that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the lease dated September 27, 1996, between Landlord's predecessor in interest, as landlord and, Assignor, as tenant, for the premises located at Assignor's store no. 3699, Yonkers Superstore (as amended and assigned from time to time, the "**Lease**"), and (ii) Assignor is willing to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Lease, subject to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.      <u>Effective Date</u>.  The Effective Date of this Agreement shall be March 23, 2009 (the "<u>Effective Date</u>").

2.      <u>Assignment of Lease</u>.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Lease.

3.      <u>Assumption of Obligations</u>.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, that are attributable to, or that relate to the period on or after the Effective Date under the Lease and the Order.

4.     <u>Landlord's Consent</u>.   Landlord consents, subject to the terms set forth herein, to the Assignment and Assumption effected by Sections 2 and 3 above.

5.     <u>Release of Claims</u>.  Landlord waives and releases any and all pre- and post-petition claims, including (without limitation) administrative expense claims, against Assignor, including (without limitation) administrative expense claims, against Assignor, including (without limitation) claims under Bankruptcy Code sections 365, 502 and 503 and including (without limitation) all year end adjustments for 2009 and all prior years and any obligations or liabilities that could otherwise survive assignment of the Lease.

6.     <u>Representations and Warranties</u>.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS, notwithstanding any contrary provision of the Lease; notwithstanding anything to the contrary herein or in the Order, the Assignor shall have no liability to the Assignee for any claims or obligations associated with the Lease or the premises covered by the Lease for the period on or after the Effective Date.

7.     <u>Notices</u>. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

**If to Assignor:**

Circuit City Stores, Inc.
Attn: Director of Real Estate


with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi and Ian S. Fredericks
One Rodney Square
Wilmington, DE 19801

**If to Assignee:**

Century 21 79th Street LLC
c/o Century Twenty One Department Stores
22 Cortland Street
New York, NY 10038


with a copy to:

Katsky Korins LLP

Attn: Steven H. Newman
605 Third Avenue
New York, New York 10158
Tel.  (212)716-3235
Fax. (212)953-6899

**If to Landlord:**

Ashkenazy Acquisition Corporation
Attn: David G. Cherna, General Counsel
433 Fifth Avenue, 2nd Floor
New York, New York 10016
Tel: (646) 214-0264
Fax: (212) 213-5713

with a copy to:

Kelley Drye & Warren LLP
Attn: Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573/Direct Dial
(212) 808-7897/Fax

8.    <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

9.    <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

10.    <u>Applicable Law</u>.    This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of New York without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

11.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor, the Landlord and the Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____

Name:

Title:

**CENTURY 21 79TH STREET LLC**

By:_____

Name:

Title:

**AAC CROSS COUNTY MALL, LLC**

By:_____

Name:

Title: