# EXHIBIT B



LEXSEE

IN RE LAUGHTER, INC., Debtor. GEORGE W. NEAL, TRUSTEE, Plaintiff, v.
GOLDEN KNIGHTS, INC., Defendant.

CASE NO. 93-41808-B, Chapter 7, APN. NO. 95-4022-B

UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
VIRGINIA, NEWPORT NEWS DIVISION

*1995 Bankr. LEXIS 2163*

October 13, 1995, Decided

**DISPOSITION:** [*1] Trustee entitled to turnover of the inventory and personalty left behind when the debtor vacated the hotel. Trustee had a judgment against Golden Knights in the amount of $ 7,305.00.

**COUNSEL:** For Plaintiff: RICHARD W. HUDGINS, NEWPORT NEWS, VA.

For Defendant: CLARA P. SWANSON, NEWPORT NEWS, VA.

**JUDGES:** DAVID H. ADAMS, U.S. Bankruptcy Court Judge.

**OPINION BY:** DAVID H. ADAMS

**OPINION**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on a complaint for turnover of property of the estate by the trustee against Golden Knights, Inc. At the conclusion of the trial, the Court made several preliminary findings of fact and conclusions of law. Those findings and conclusions are hereby incorporated in this opinion.

## FINDINGS OF FACT

The debtor operated a restaurant located in the Ramada Inn, West in Williamsburg, Virginia. Part of the restaurant was called "The Comedy Club," and was used to entertain customers, including those staying in the hotel. As part of the operating arrangements, meals and tickets for entertainment in the restaurant were often included in room packages for the hotel. The debtor billed the hotel for its services and the hotel remitted payments accordingly.

Golden [*2] Knights, Inc. became the owner of the hotel on June 19, 1992 and began to negotiate a lease and the apportionment of utility expenses with the debtor. Although a written lease was never executed, the evidence established that the parties orally agreed that the debtor would pay $ 2,250.00 per month. This finding is supported by the uncontroverted testimony that the debtor paid rent for two months at the rate of $ 2,250.00 per month and Golden Knights' admission that the debtor owed $ 20,250.00 for rent of nine months. However, the evidence also established that the debtor and Golden Knights never agreed on any apportionment of utility expenses. Testimony from both parties indicated that negotiations regarding the apportionment of utility costs were ongoing but the parties failed to agree on the terms for the utility charges to be borne by the debtor. Therefore, Golden Knights has a potential claim only for the agreed rent.

In April of 1993, Golden Knights discovered that the debtor had defaulted on its rent obligations for several months. When the debtor failed to cure the default, Golden Knights seized the debtor's cash receipts for Memorial Day weekend. [1] On June 7, 1993, the debtor

[*3] vacated the premises, leaving behind inventory and other personal property worth $ 7,305.00. [2]

1   We received evidence that Golden Knights seized the debtor's cash receipts for Memorial Day weekend. The amount of the cash receipts totalled $ 4,225.65. Of this amount, Golden Knights paid $ 3,715.39 in wages to the debtor's employees. Golden Knights applied the remaining $ 510.26 to utility bills. At the end of the trial, we preliminarily found that this seizure was a preference and was avoidable to the extent of $ 510.26. However, after reviewing the matter we will not consider this seizure in our decision because the trustee failed to include this transfer in his complaint.

2   This amount is based on the trustee's inventory schedule of the premises on June 7, 1993. We accept this value because Golden Knights failed to object to the admission of the trustee's schedule and because the evidence presented by Golden Knights to rebut any valuation lacked any indication of the value of the items left behind by the debtor.

[*4] On August 27, 1993, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. The trustee filed this complaint seeking turnover of the inventory and personal property left behind when the debtor vacated the hotel. In the alternative, the trustee seeks to avoid Golden's Knights' acquisition of the inventory and other items as a preferential transfer of assets of the estate. The trustee also asserts a claim of $ 14,207.13 for pre-petition services furnished to Golden Knights bringing the total claim against Golden Knights to $ 21,512.13. [3] Although Golden Knights was scheduled as a creditor, it failed to file a proof of claim and it also did not assert a claim for setoff either by way of a counterclaim or an affirmative defense.

3   At trial, we found that the trustee's total recovery was $ 22,022.39. However, this amount erroneously included $ 510.26 attributable to the seizure of the debtor's 1993 Memorial Day weekend cash receipts. Since we conclude that the trustee is not entitled to the $ 510.26, we adjust the total recovery to $ 21,512.13.

[*5] DISCUSSION

A. TURNOVER OF PROPERTY OF THE ESTATE

The trustee's complaint in the instant case is grounded upon a claim under *11 U.S.C. § 542*. [4] With exceptions not pertinent here, *§ 542(a)* requires anyone holding property of the estate to account for and to deliver such property to the trustee. *Section 542(b)* requires any entity owing a debt to the debtor to pay such debt to the trustee and is limited to the extent that such debt may be offset under *§ 553* against a claim owed by the debtor. This limitation does not apply to *§ 542(a)*.

4   Section 542 in pertinent part provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under *section 553* of this title against a claim against the debtor.

*11 U.S.C. § 542 (1995)*.

[*6] We first conclude that the trustee is entitled to turnover of the inventory and other personal property under *§ 542(a)*. The parties do not dispute that these items belong to the bankruptcy estate. Nor is it disputed that the trustee is entitled to turnover. The only question is whether Golden Knights can assert a setoff against this debt. We hold that Golden Knights cannot assert a setoff against this portion of the trustee's complaint because the setoff limitation in a complaint for turnover under *§ 542(b)* does not apply to proceedings under *§ 542(a)*. Therefore, the trustee is entitled to turnover of these items or a judgment for the value of such property of $ 7,305.00. [5]

5   Since the trustee is entitled to recover under *§ 542(a)*, we need not decide his *§ 547* claim. However, if we did consider it, any preferential

1995 Bankr. LEXIS 2163, *6

transfer would have been subject to Golden Knights' right to a setoff. *Durham v. SMI Industries Corp.*, 882 F.2d 881 (4th Cir. 1989); *Lee v. Schweiker*, 739 F.2d 870 (3rd Cir. 1984).

[*7] We next address whether the trustee is entitled to his claim of $ 14,207.13 for the pre-petition services furnished by the debtor to Golden Knights. Since the $ 14,207.13 was a matured debt owed to the estate, this portion of the trustee's complaint falls under § 542(b). However, we must determine whether Golden Knights may setoff this debt owed to the debtor against the $ 20,250 in back rent that the debtor owes to Golden Knights, since § 542(b) is limited by § 553.

B. SETOFF

The right of offset is provided in *11 U.S.C. § 553.* [6] To exercise the right of setoff, the entity claiming the right must show (1) a mutuality of debts under non-bankruptcy law; (2) that both the mutual claim of the creditor and debt of the debtor were incurred pre-petition; (3) that the debts were due in the same rights and capacities; and (4) that its claim is not disallowed under any section of the Code. 4 *Collier On Bankruptcy* PP553.01, 553.08 (15th Ed. 1995); *See Thompson v. Board of Trustees of the Fairfax County Police Officers Retirement System (In re Thompson)*, 182 B.R. 140 (Bankr.E.D.Va. 1995), *In re Scott*, 142 B.R. 126 (Bankr.E.D.Va. 1992); [*8] *Blanton v. Prudential-Bache Securities, Inc. (In re Blanton)*, 105 B.R. 321 (Bankr.E.D.Va. 1989); *In re Conti*, 50 B.R. 142 (Bankr.E.D.Va. 1985); and *Virginia Block Co. v. Virginia Mutual Insurance Agency, Inc. (In re Virginia Block Co.)*, 16 B.R. 771 (Bankr.E.D.Va. 1982). Mutuality means something must be "owed" by both sides. *Ivanhoe Building & Loan Association*, 295 U.S. 243, 55 S. Ct. 685, 79 L. Ed. 1419 (1935). The right of setoff may arise contractually or under state law. *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155, 157 (4th Cir. 1994). The party asserting the setoff has the burden of proof. *Pester Refining Co. v. Mapco Gas Products, Inc., (In re Pester Refining Co.)*, 845 F.2d 1476, 1486 (8th Cir. 1988).

    6  Section § 553 states:

        (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that -

            (1) the claim of such creditor against the debtor is disallowed;

            (2) such claim was transferred, by an entity other than the debtor, to such creditor -

                (A) after the commencement of the case; or

                (B) (i) after 90 days before the date of the filing of the petition; and

                (ii) while the debtor was insolvent; or

            (3) the debt owed to the debtor by such creditor was incurred by such creditor-
                (A) after 90 days before the date of the filing of the petition:

                (B) while the debtor was insolvent: and

                (C) for the purpose of obtaining a right of setoff against the debtor.

    *11 U.S.C. § 553(a) (1995).*

[*9] In the case at bar, mutuality is not an issue since both parties owed pre-petition debts to each other

and the debts are held in the same right and capacity. In addition, Virginia law recognizes the right of setoff under these circumstances. *See 16 MICHIE'S JURISPRUDENCE Setoff, Recoupment and Counterclaim (1987).* Finally, nothing in the Code specifically disallows Golden Knights' claim. However, although the debtor may have a valid claim to a setoff, this right may also be waived. *Cumberland Glass Manufacturing v. De Witt & Co., 237 U.S. 447, 59 L. Ed. 1042, 35 S. Ct. 636 (1915); See 4 Collier on Bankruptcy* p.553-42, P553.07. Accordingly, we must examine whether Golden Knights has waived its right to a setoff as the trustee contends.

C. PROOF OF CLAIM & SETOFF

The trustee contends that Golden Knights waived its right to assert the claim of setoff because it failed to file a proof of claim for the unpaid rent. [7] The issue of whether the filing of a proof of claim is a prerequisite to assert a setoff has produced two lines of cases.

> 7  On a preliminary basis, we overruled the trustee's objection and allowed Golden Knights to present evidence relative to its right of setoff. At the conclusion of Golden Knights' case, we took this matter under advisement.

[*10] The majority of the courts do not require the creditor to file a proof of claim as a prerequisite to assert a setoff. *Davidovich v. Welton (In re Davidovich), 901 F.2d 1533 (10th Cir. 1990); Turner v. United States (In re G.S. Omni Corporation), 835 F.2d 1317 (10th Cir. 1987); Calderone v. Mancino, 166 B.R. 825 (Bankr.W.D.Pa. 1994); Burton v. United States (In re Selma Apparel Corporation), 155 B.R. 241 (Bankr.S.D.Ala. 1992); Suncrete Corp. v. Glusman (In re Suncrete Corp.), 100 B.R. 102 (Bankr.M.D.Fla. 1989); Lipshie v. Cablevision of Brookline (In re Geauga Trenching Corp.), 102 B.R. 304 (Bankr.E.D.N.Y. 1989); Fisher v. Outlet Co., (In re Denby Stores, Inc.), 86 B.R. 768 (Bankr.S.D.N.Y. 1988); In re Sutton Investments, Inc., 53 B.R. 226 (Bankr.W.D.La. 1985); Ford v. Darracott (In re Ford), 35 B.R. 277 (Bankr.N.D.Ga. 1983)* and *Waldschmidt v. Columbia Gulf Transmission Company (In re Fulghum Construction Corporation), 23 B.R. 147 (Bankr.M.D.Tenn. 1982),* vacated on other grounds, *706 F.2d 171 (6th Cir. 1983).* [*11] These cases, like the case at bar, involved turnover proceedings in which the plaintiff argued that the creditor was barred from asserting a setoff defense because it failed to timely file a proof of claim. These courts observed that § 553(a)(1) provides that a creditor otherwise entitled to setoff under § 553(a) may not set off its claim against the debtor to the extent its claim "is disallowed other than under § 502(b)(3) of this title." Section 553 does not contain a requirement that a creditor seeking to exercise a setoff must first file a proof of claim. Neither is such a prerequisite contained in § 542 - the turnover provision of the Code under which the trustee or debtor proceeded in these cases. The circumstances that lead to the disallowance of a claim are set forth in § 502 and none of these circumstances deal with the failure to file a proof of claim. [8] Thus, these courts conclude that failure to file a proof of claim is not a bar to assert a right of setoff.

> 8  To the extent that § 502 contemplates the filing of a proof of claim before a party files an objection, § 501 provides that the debtor or trustee may file a proof of claim on behalf of a creditor who has not timely filed. Since the trustee did not initiate an attack on the creditor's claim (by filing a proof of claim on Golden Knights' behalf and then objecting to the claim), the claim has not been disallowed.

[*12] A minority of the courts require the creditor to timely file a proof of claim as a prerequisite to exercising a right of setoff. *In re L.P. Britton, 83 B.R. 914 (Bankr.E.D.N.C. 1988)* and *Bank of Dixie v. King (In re Honeycutt Grain Company, Inc.), 41 B.R. 678 (Bankr.W.D.La. 1984); See Tavormina v. ITT Commercial Finance Corp. (In re Aquasport, Inc.), 115 B.R. 720 (Bankr.S.D.Fla. 1990),* (implying that creditor must file a proof of claim to assert setoff), affirmed *155 B.R. 245 (S.D.Fla. 1992),* affirmed without opinion, *985 F.2d 579 (11th Cir. 1993); In re Butler, 61 B.R. 790 (Bankr.S.D.Fla. 1986),* (implying that creditor must file a proof of claim to assert setoff). These courts rely upon the interplay of §§ 506 and 553. These courts reason that § 506 invests the holder of a claim for a setoff with the status of a secured creditor. [9] These courts hold also that a secured creditor who does not timely file a proof of claim loses its lien because the claim will be disallowed. Therefore a creditor with rights to a setoff must timely file a proof of claim or the setoff is lost. We respectfully [*13] disagree.

> 9  The holder of a right of setoff is considered a secured creditor under § 506(a), which states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under *section 553* of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

*11 U.S.C. § 506(a) (1994).*

Although we agree that *§ 506* elevates a creditor with a right of setoff to secured status, [*14] we disagree that the creditor has to file a proof of claim to retain its claim. To the extent of the amount of the claim subject to setoff, the holder of the setoff is in the same position as a secured creditor. *See Thompson at 154.* To the extent that it has a secured claim, the holder of a right of setoff - like a holder of a secured claim - does not have to file a proof of claim to retain its claim. If any portion of the creditor's setoff amount is rendered unsecured, then the creditor must file a proof of claim for that portion to share in the *distribution* of the estate. Otherwise, the creditor loses any right to a potential distribution relative to this unsecured portion of its setoff claim.

We think the filing of a proof of claim is not a prerequisite to assert a setoff. The underlying reasoning for this conclusion was analyzed and well-addressed by the Tenth Circuit in *G.S. Omni.* [10] The court noted that key to understanding the role of setoffs in the bankruptcy context is to recognize the fundamental distinction between setoffs and claims requesting a distribution from the liquidation of an estate. In other words, seeking to exercise a right to a setoff as a defense [*15] to a turnover action differs from seeking a distribution from the liquidation of the estate. *835 F.2d at 1318-1319.* The court stated:

> While a creditor who wishes to participate in the distribution of an estate is required to file a proof of claim, and while that participation can be denied by the disallowance of the claim, the underlying debt continues to exist . . . Accordingly, we reason that although a creditor may be prevented from participating in the distribution of the estate, the debt has viability until it is discharged. . . Making the right to assert the attribute of setoff dependent upon the filing of the proof of claim is an intrusion into the creditor's rights which is not contemplated in the Bankruptcy Code.

*Id.*

[10] The court in this case held that a creditor need not file a proof of claim as prerequisite right of setoff until the discharge is ordered. This case was later clarified in *Davidovich v. Welton (In re Davidovich), 901 F.2d 1533 (10th Cir. 1990)*, in which the court held that a right to setoff can be asserted even after discharge, notwithstanding the failure to file a proof of claim.

[*16] We adopt this reasoning. Failure to file a proof of claim, which often results in disallowance of a claim for purposes of voting or distribution, does not defeat the creditor's right to assert setoff as a defense in an action by the trustee for the recovery of money from the creditor. *Davidovich v. Welton (In re Davidovich), 901 F.2d 1533 (10th Cir. 1990); 835 F.2d at 1319; Stratton v. Equitable Bank, 104 B.R. 713, 735 (D. Md. 1989),* affirmed by unpublished opinion, *912 F.2d 464 (4th Cir. 1990);* Therefore, Golden Knights may assert a setoff notwithstanding its failure to file a proof of claim.

D. COUNTERCLAIM & SETOFF

The trustee also contends that Golden Knights waived its right to a setoff because Golden Knights failed to file a counterclaim. We disagree.

The right of setoff under *§ 553* is permissive, not mandatory. *Cohen v. Savings Building & Loan Co., (In*

re *Bevill, Bresler & Schulman Asset Management Corp.), 896 F.2d 54 (3rd. Cir 1990)* and 4 *Collier On Bankruptcy*, p. 553-13, P553.02 (15th Ed. 1995); *See Goldstein v. McLean Bank (In re Johnson), 552 F.2d 1072, 1078 (4th Cir. 1977)*. [*17] A setoff is a counterclaim arising from an independent claim that a defendant has against the plaintiff. *Federal Deposit Insurance Corp. v. Marine Midland Realty Credit Corp., 17 F.3d 715 (4th Cir. 1994)* and *First National Bank of Louisville v. Master Auto Service Corporation, 693 F.2d 308, 310 (4th Cir. 1982)*. The independent nature of a setoff is plainly recognized in *Rule 13(b) of the Federal Rules of Civil Procedure*, which allows for the assertion of a setoff as a permissive counterclaim. Unlike compulsory counterclaims, failure to plea a setoff as a counterclaim does not defeat the right of action upon which it is based. *In re Monongahela Rye Liquors, Inc., 141 F.2d 864, 869 (3rd Cir. 1944)*. Therefore, Golden Knights' failure to file a counterclaim for the setoff does not waive its right to a setoff.

Furthermore, the trustee's position is contrary to *Rule 7013 of the Federal Rules of Bankruptcy Procedures*. Under *Rule 7013*, a party sued by a trustee need not state as a counterclaim any claim that the party has against the estate unless the claim arose post-petition. [11] Since Golden Knight's claim did not arise post-petition, [*18] Golden Knights need not file a counterclaim to assert a setoff pursuant to *Rule 7013*.

11 *Rule 7013* states:

> Rule 13 F.R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief . . .

*Fed. R. Bankr. P. 7013*.

E. AFFIRMATIVE DEFENSE & SETOFF

The trustee also argues that Golden Knights waived its right to a setoff because Golden Knights failed to timely raise it as an affirmative defense in its answer to the trustee's complaint. [12] This issue is problematic because different Fourth Circuit panels diverge on whether a setoff is an affirmative defense or a counterclaim. The distinction is crucial because if the setoff is an affirmative defense, then Golden Knights' failure to assert it in its answer would bar the setoff. *Durham v. SMI Industries Corp., 882 F.2d 881, 883 (4th Cir. 1989)*. [*19] In contrast, if the setoff is a counterclaim, then failure to assert it in the answer does not bar Golden Knights from asserting the right of setoff. *See Federal Deposit Insurance Corp. v. Marine Midland Realty Credit Corp., 17 F.3d 715 (4th Cir. 1994)* and *Master Auto Service Corporation at 310*.

12 The trustee's argument is grounded in *Rule 8(c) of the Federal Rules of Civil Procedure*, which states:

> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense . .

*Fed. R. Civ. P. 8(c)*.

> Generally, an affirmative defense must be pleaded or the defense is waived.

The circuit panel [*20] in *Durham* held that a setoff is an affirmative defense that must be pled and proven by the party asserting it. Citing *First National Bank of Louisville v. Hurricane Elkhorn Coal Corporation II, 763 F.2d 188, 190 (6th Cir. 1985)*, the court concluded, without further reasoning, that a setoff was an affirmative defense. *Hurricane Elkhorn Coal*, however, also lacked any reasoning for its conclusion. Instead, it cited *Lyric Piano Co. v. Purvis, 194 Ky. 826, 241 S.W. 69 (Ky. 1922)*.

In *Purvis*, the plaintiff sought damages for breach of contract and the defendant sought to setoff the plaintiff's damages with a claim for an unrelated tort committed by

a representative of the plaintiff. The defendant asserted the setoff in her answer and counterclaim. The issue was whether in a suit on a contract, a defendant can present in a counterclaim the setoff of an unliquidated claim for damages arising out of an independent tort, which was not a part of the transaction out of which the original suit arose. *241 S.W. at 70*. After further review, we find this case unpersuasive.

First, this case was about counterclaims and not affirmative defenses. [*21] Nothing in the opinion can fairly be constructed to conclude that a setoff is an affirmative defense.

Second, *Purvis* relied on Kentucky's statutory definition of counterclaims, which does not parallel with the Federal Rules of Civil Procedure under which the instant case is controlled. A counterclaim under Kentucky law, the court noted, is a cause of action in favor of a defendant against a plaintiff that arises out of the contract or transaction, stated in the petition of the foundation of the plaintiff's claim or which is connected with the subject of the action. *241 S.W. at 70*. This definition is similar to *Rule 13(a) of the Federal Rules of Civil Procedure* regarding compulsory counterclaims in that a defendant must assert a counterclaim for claims arising out of the same transaction or occurrence. [13] Under *Rule 13(b)*, however, a counterclaim may also be asserted for claims against the plaintiff not arising out of the same transaction or occurrence. [14]

---

13  *Rule 13(a)* states:

> (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction . . .

*Fed. R. Civ. P 13(a)*.
[*22]
14  *Rule 13(b)* states:

> Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

*Fed. R. Civ. P. 13(b)*.

---

Third, *Purvis* relied upon Kentucky's statutory definition of setoffs. The court, referring to a Kentucky statute, noted that a setoff is a cause of action arising upon a contract, judgment, or award in favor of the defendant against the plaintiff and cannot be pleaded in an action upon a contract, judgment, or award. *241 S.W. at 70*. This definition does not comport with the Bankruptcy Code because the Code allows claims for setoffs regardless of whether it is contingent or unliquidated and as long as the claim is "mutual" under non-bankruptcy law. 4 *Collier on Bankruptcy* p.553-6, P553.01 (15th Ed. 1995).

Accordingly, we conclude that *Purvis* is not controlling on the issue of whether a setoff is a counterclaim or an affirmative defense. To the extent that the Sixth Circuit in *Hurricane Elkhorn* [*23] *Coal* relied upon *Purvis*, we find its conclusion that a setoff is an affirmative defense unpersuasive. To the extent that the Fourth Circuit in *Durham* relied upon *Hurricane Elkhorn Coal* in holding that a setoff is an affirmative defense, we conclude that *Durham* does not control the outcome in the instant case.

We are of the opinion that the decisions in *Marine Midland Realty Credit* and *Master Auto Service* control the instant case. Although these cases do not set forth their reasoning, we can reach the same conclusion. As stated before, setoffs, like permissive counterclaims, are permissive in nature because they arise independent of the immediate cause of action. This characteristic distinguishes them from affirmative defenses, which do not exist independent of the immediate cause of action. Since they are permissive, they may be asserted outside the plaintiff's case. It necessarily follows that they are in fact permissive counterclaims and not affirmative defenses.

We also note that the majority of the courts supports our position that a setoff is a counterclaim. *See Chapes, Ltd. v. Anderson (In re Scaife), 825 F.2d 357, 362 (11th*

*Cir. 1987),* [*24] (setoff is a counterclaim); *Cianchette v. Bank of New England (In re BWL Inc.), 123 B.R. 675, 685 (D.Me. 1991),* (courts ordinarily define and treat offsets as counterclaims); *Jannotta v. Kirkwood, 702 F. Supp. 165, 167 (N.D.Ill. 1988),* (setoff was an independent claim and had to be pled as a counterclaim, rather than as an affirmative defense); *Federal Deposit Insurance Corp. v. Corning Savings & Loan Association, 696 F. Supp. 1245, 1248 (E.D.Ark. 1988),* (setoff is a counterclaim); *Middletown Plaza Associates v. Dora Dale of Middletown, Inc., 621 F. Supp. 1163, 1165 (D.Conn. 1985),* (in general, setoffs are to be pleaded as counterclaims rather than affirmative defenses); *Federal Deposit Insurance Company v. Corning Savings & Loan Association, 696 F. Supp. 1245, 1248 (E.D.Ark. 1988),* (setoff is a counterclaim); *Zerodec Megacorp, Inc. v. Terstep of Texas, Inc., 60 B.R. 884, 886 (E.D.Pa. 1985),* (setoff is a permissive counterclaim); *Steinberg v. St.Paul Mercury Insurance Co., 108 F.R.D. 355, 359 (S.D.Ga. 1985),* (setoff is a counterclaim and not affirmative defenses); *Texas Trust Savings Bank v. Nasr (In re Nasr), 120 B.R. 855, 857 (Bankr.S.D.Tex. 1990),* [*25] (defendant is not compelled to use setoff as a defense and does not waive his right to setoff by declining to use it defensively); *Brock v. Career Consultants, Inc. (In re Career Consultants, Inc.), 84 B.R. 419, 426 (Bankr.E.D.Va. 1988); Massey-Ferguson, Inc. v. Central Equipment & Service Co., Inc (In re Central Equipment & Service Co., Inc.), 61 B.R. 986, 988 (Bankr.N.D.Ga. 1986),* (stay lifted to allow setoff counterclaim); However, we also note that a minority of the courts have held that a setoff is an affirmative defense. *Joseph V. Edeskuty & Associates v. Jacksonville Kraft Paper Co., Inc., 702 F. Supp. 741, 749 (D.Minn. 1988),* (setoff required in answer); *Worster Motor Lines, Inc. v. Lombardo, 531 F. Supp. 106, 110 (W.D.Pa. 1982),* (setoff is an affirmative defense that is waived by failure to plead); *Aquasport, Inc. at 722,* (setoff is an affirmative defense); *Whitman v. Seedtec International, Inc. (In re Whitman), 38 B.R. 395, 398 (Bankr.N.D. 1984),* (creditor properly asserted right to setoff in answer to complaint for turnover). Considering the number of courts agreeing with our analysis, [*26] we reaffirm our conclusion that a setoff is a counterclaim and not an affirmative defense.

Our position is also supported by the Fourth Circuit's earlier decision in *Goldstein v. McLean Bank (In re Johnson), 552 F.2d 1072 (4th Cir. 1977).* In *Johnson,* a creditor sought to setoff a claim against the bankruptcy estate. The receiver argued that the creditor could not assert the setoff because there was no defense to the debt itself. The court, in rejecting this argument, said that a setoff:

> embodies a counterdemand based on some transaction entirely extrinsic to the plaintiff's cause of action; and as such it constitutes a defense only in the practical sense that it operates to reduce the remedy rather than the debt.

*Id at 1078.*

When affirmative defenses are asserted, they act to avoid or to reduce the underlying debt. The key, as *Johnson* recognized, is that an affirmative defense attacks the debt itself while setoffs, in contrast, do not attack the underlying debt. Instead, a setoff is asserted to reduce the remedy. In the instant case, Golden Knights merely seeks to reduce the remedy sought by the debtor; i.e. the turnover [*27] of the debtor's assets or in the alternative their value. Accordingly, we conclude that Golden Knights' failure to assert the right of setoff in its answer does not bar its right to exercise a setoff.

F. LIMITATION ON SETOFF

Although Golden Knights may assert a setoff against the trustee's claim, it may not recover an affirmative recovery against the estate. *Calderone v. Mancino (In re Calderone), 166 B.R. 825 (Bankr.W.D.Pa. 1994); Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.), 154 B.R. 581 (C.D.Utah 1993); Stratton at 735; Bernstein v. IDT Corporation, 76 B.R. 275 (S.D.N.Y. 1987).* A setoff raised as a defense only reduces, or extinguishes, the amount sought by the trustee and does not seek distribution from the estate. *154 B.R. at 589.* However, if the setoff is used to seek an affirmative recovery, the creditor must file a proof of claim for the affirmative amount because it seeks a distribution from the estate. As previously pointed out, Golden Knights did not file a proof of claim for the rents due from the debtor and now seeks an affirmative recovery of $ 6,042.87 from the estate. Therefore, although [*28] the debtor may owe Golden Knights $ 20,250.00 for the past due rent, Golden Knights may only assert a setoff for $ 14,207.13, the amount of the pre-petition services furnished to Golden Knights by the debtor, thereby extinguishing that claim of the trustee.

CONCLUSION

Case 08-35653-KRH    Doc 4092-2    Filed 07/15/09    Entered 07/15/09 10:51:20    Desc Exhibit(s) Exhibit B    Page 10 of 10

The trustee is entitled to turnover of the inventory and personalty left behind when the debtor vacated the hotel. Golden Knights may turnover these items to the trustee for liquidation. If Golden Knights is unable to turnover these items, then a judgment for $ 7,305.00 will be entered in favor of the trustee. Regarding the $ 14,207.13 claim for services rendered against Golden Knights, that amount will be offset so as to preclude any judgment for the trustee.

ORDER

For the reasons set forth above, the trustee shall have a judgment against Golden Knights in the amount of $ 7,305.00, which may be satisfied by Golden Knights delivering the debtor's inventory and personalty to the trustee within 10 days of the entry of this Order.

The Clerk shall deliver copies of this opinion and order to counsel of record.

IT IS SO ORDERED.

ENTERED: OCT 13 1995

DAVID H. ADAMS

U.S. Bankruptcy Court Judge