Darrell W. Clark, Bar No. 43943
Tracey M. Ohm, Bar No. 77150
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC  20036-3816
dclark@stinson.com
tohm@stinson.com
Tel. (202) 785-9100
Fax (202) 785-9163 (fax)
*Attorneys for Waste Management, Inc.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| In re | ) | Case No. 08-35653 (KRH) |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objections Due: August 20, 2009** |
| | ) | **Hearing Date: August 27, 2009** |
| | ) | **Hearing Time: 11:00 a.m.** |

### WASTE MANAGEMENT, INC.'S MOTION
### TO DEEM PROOF OF CLAIM TIMELY FILED
### (Claim No. 10927)

TO THE HONORABLE KEVIN R. HUENNEKENS, BANKRUPTCY JUDGE:

Waste Management, Inc. ("Waste Management"), by and through its undersigned attorneys, respectfully submits its Motion to Deem Proof of Claim Timely Filed.  In support of its motion, Waste Management states as follows:

### SUMMARY OF ARGUMENT

Claim No. 10927 filed by Waste Management (the "Claim") should be deemed timely filed pursuant to Federal Rule of Bankruptcy Procedure 9006 because Waste Management's

failure to timely file the Claim was the result of excusable neglect. In particular, the invoices sent to Circuit City Stores, Inc., by Waste Management provided information directing all bankruptcy notices to a specific address where they could be timely processed by appropriate personnel. Circuit City Stores, Inc., *et al.* (the "Debtors") did not send the notice of the claim deadline to the bankruptcy notice address, and sent it instead to a payment lockbox. This resulted in a delay of receipt of the notice by the Waste Management bankruptcy department. Once the notice was received, Waste Management employees worked diligently to complete the Claim and submit it to Kurtzman Carson Consultants (the "Claims Agent"), where it was filed just five days after the deadline. Considering all the facts and circumstances surrounding the filing of the Claim, excusable neglect exists as to justify deeming the Claim as timely filed. In support of this motion, the declaration of Jacquolyn E. Hatfield-Mills, Senior Bankruptcy Paralegal for Waste Management, is attached hereto as Exhibit A.

**FACTS**

1. Waste Management provided services to the Debtors prior to November 10, 2008, the date when the Debtors filed their voluntary petitions under Chapter 11 of 11 U.S.C. §§ 101 - 1532. Hatfield-Mills Decl. at ¶ 3.

2. As of the November 10, 2008 bankruptcy petition date, the Debtors owed Waste Management $27,545.97 for those pre-petition services. Hatfield-Mills Decl. at ¶ 4.

2

3. The invoices that Waste Management sends to the Debtors for services provided include directions to send all correspondence related to bankruptcy filings to Waste Management at an address in Phoenix, AZ. Hatfield-Mills Decl. at ¶ 5.

4. The notice for the deadline to file proofs of claim against Circuit City was not sent to the bankruptcy notice address included on the invoices sent to Circuit City. Hatfield-Mills Decl. at ¶ 6. Instead the notice was sent to a payment lockbox. *Id.*

5. There was a relatively short period of time between the date of the Notice, December 12, 2008, and the deadline for filing proofs of claim, January 30, 2009.

6. When correspondence, such as a bankruptcy notice, is sent to a payment lockbox, there is a delay before the Waste Management bankruptcy department receives the notice. Hatfield-Mills Decl. at ¶ 7.

7. Ms. Hatfield-Mills promptly prepared a proof of claim for Waste Management as soon as she received the proof of claim notice for the Debtors. Hatfield-Mills Decl. at ¶ 8.

8. As directed in the Notice, Ms. Hatfield-Mills mailed the proof of claim to the Claims Agent at: Circuit City Stores, Inc., *et al.*, Claims Processing Dept., Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. *Id.*

9. Ms. Hatfield-Mills wanted to ensure that the proof of claim for Waste Management was received, so she requested a file-stamped copy of the proof of claim. Hatfield-Mills Decl. at ¶ 8. When she did not receive the file-stamped copy after several days, she sent another copy of the proof of claim to the same address. *Id.*

3

10. On or about June 3, 2009, Debtors filed their Eighth Omnibus Objection to the Allowance of Certain Late Claims. [Docket Entry No. 3507].

11. Included among the claims to which the Debtors objected were the two proofs of claim filed by Waste Management, Claim Nos. 10927, marked as filed February 4, 2009, and 11267, marked as filed February 9, 2009. Claim 11267 is a duplicate of Claim 10927. The full amount of Waste Management's claim is $27,545.97. Hatfield-Mills Decl. at ¶ 4.

12. In addition to filing a response to the Debtors' Eighth Omnibus Objection [Docket Entry No. 3834], Waste Management submits this motion seeking to have Claim 10927 deemed timely filed.

**ARGUMENT**

**I.    Under Federal Rule of Bankruptcy Procedure 9006 Waste Management's Proof of Claim Should Be Deemed Timely Filed Because Any Delay in Filing Was the Result of Excusable Neglect.**

13. Federal Rule of Bankruptcy Procedure 9006(b)(1) provides as follows:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder, or by order of court, the court for cause shown, may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Because Waste Management admittedly brings this motion after the time period for filing proofs of claim expired, Waste Management must (and can) present evidence that its failure to timely act was the result of excusable neglect.

4

14. The excusable neglect standard under Rule 9006(b)(1) applies to late-filed proofs of claim. See *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'Ship,* et al., 507 U.S. 380, 382 (1993) (applying Rule 9006(b)(1) standard to late-filed proof of claim). The factors set forth in *Pioneer Investment* serve as the guideposts for courts to use when determining whether excusable neglect caused a late filing. See *Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70 (4th Cir. Va. 1995) (explaining that the *Pioneer Investment* factors determine whether excusable neglect exists under Rule 9006(b)(1)).

15. Under the *Pioneer Investment* analysis, two prongs must be considered. The first is to evaluate whether the late-filed claim was the result of neglect. The Court in *Pioneer Investment* defined neglect as "inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Investment*, 507 U.S. at 388. If the court finds the late filing to be the result of neglect, the second prong evaluates whether that neglect was excusable.

16. The determination of whether neglect was excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *SPR Corp.*, 45 F.3d at 72 (quoting *Pioneer Investment*, 507 U.S. at 395). Some of the factors considered include the following: "(1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id*.

5

### A. Waste Management's Late-Filed Claim Was the Result of Neglect.

17. Waste Management's failure to timely file the Claim was the result of inadvertence and mistake. The Debtors sent the notice to a payment lockbox and there was a delay before the notice was transferred to Waste Management's bankruptcy department. Hatfield-Mills Decl. at ¶¶ 6-7. Although Waste Management's bankruptcy department worked diligently to prepare and submit the Claim after receiving the notice, the Claim was not filed until five days after the deadline. Hatfield-Mills Decl. at ¶ 8.

18. Under *Pioneer Investment*, these facts establish that Waste Management's late filing was the result of neglect.

### B. Waste Management's Neglect in Filing the Claim Was Excusable.

#### i. Waste Management acted in good faith.

19. No evidence exists to suggest that Waste Management acted in anything but good faith. Waste Management diligently worked to prepare the Claim from the time the bankruptcy department received it. Hatfield-Mills Decl. at ¶ 8. Due to the fact that the notice was not delivered to the bankruptcy department, its receipt by those employees who knew how to respond to it was delayed, and Waste Management simply did not file the Claim in time. Waste Management's conduct in preparing the Claim was not the result of bad faith.

#### ii. No prejudice will result to Debtor if the Claim is deemed timely filed.

20. Considering the over $1.9 billion in claims on Circuit City Stores, Inc.'s schedules alone, the $27,545.97 amount of the Claim is minimal. Deeming the Claim as timely filed will not likely impact distribution to creditors in the event the Court eventually confirms a

6

plan of liquidation. The Debtors have yet to file a plan of liquidation, and recently filed a motion asking to extend the exclusivity period through July 31, 2009 [Docket Entry No. 3943].

21. The types of prejudice to debtors that might otherwise suggest neglect to be inexcusable include delaying filing of a proof of claim until after the plan had been negotiated and confirmed, and tardily filing substantial proofs of claim that if treated as timely would alter the economic considerations which underpin the plan of reorganization. *See In re Alexander's, Inc.,* 176 B.R. 715, 722 (Bankr. S.D.N.Y. 1995).

22. Instead, courts have found no prejudice to result to the debtor if an untimely claim is deemed timely under circumstances similar to the present case. In *Eagle Bus Mfg.*, the Fifth Circuit concluded that permitting late-filed claims would not prejudice the debtor in part because the claims were filed prior to the negotiation and confirmation of the debtor's reorganization plan. *Eagle Bus Mfg.*, 62 F.3d at 737. Moreover, the Fifth Circuit found that the debtor had failed to show that the size of the late-filed claims were so vast that they would disrupt the distribution of assets to the creditors. *Id.* at 738. These same facts are present in this case and should counsel toward a similar conclusion. No prejudice to the Debtors will result if Waste Management's Claim is deemed timely filed.

**iii.   Waste Management did not delay filing the Claim for an inordinately long period of time.**

23. Here, Waste Management's actions did not give rise to a long period of delay in filing the Claim. Instead, The Claims Agent logged in Waste Management's Claim just five days after the deadline. Hence, there is only a small amount of delay.

7

**iv.      Waste Management's reason for delay is understandable given the delivery of the notice.**

24.   Finally, the reason for Waste Management's delay – the lag in transfer of the notice from lockbox to bankruptcy department – is sufficient to show Waste Management's neglect is excusable.

25.   As mentioned above, the analysis of whether neglect is excusable is a flexible one, rooted in equity and designed to consider all relevant facts and circumstances. *Pioneer Investment*, 507 U.S. at 391. Reasons for delay need not be limited to those outside of the claimant's control. *Id.*

26.   In this case, Waste Management made a good faith effort to comply with the rules. Waste Management was aware of the potential for delay in the delivery of correspondence sent to a payment lockbox. Hatfield-Mills Decl. at ¶ 7. It included a bankruptcy notice address on its invoices so it could promptly respond to such notices. *See* Hatfield-Mills Decl. at ¶ 5. Ms. Hatfield-Mills promptly prepared and sent the Claim after the notice was received by the bankruptcy department. Hatfield-Mills Decl. at ¶ 8.

27.   There is no sinister or malicious reason for the delay. Due to the delivery of the notice to the payment lockbox and subsequent lag in receipt of the notice by Waste Management's bankruptcy department, the Claim was simply not filed in time.

8

## CONCLUSION

28.   Considering all the facts and circumstances detailed above, the equities strongly support deeming the Claim as timely filed under the excusable neglect standard in Rule 9006. Waste Management did not timely file the Claim because of neglect, but such neglect is excusable in light of Waste Management 's good faith actions, the lack of prejudice to the Debtors, the short length of delay, and the justifiable reasons for delay in filing.

WHEREFORE, Waste Management, Inc. respectfully requests that the Court enter an Order:

a.   deeming Claim No. 10927 to be timely filed;

b.   allowing Claim No. 10927 to be paid with other allowed, unsecured claims in this matter; and

c.   granting such other and further relief as this Court may deem just, equitable and proper.

Dated: July 15, 2009                            Respectfully Submitted,

/s/ Tracey M. Ohm
Darrell W. Clark, Bar No. 43943
Tracey M. Ohm, Bar No. 77150
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C.  20036
dclark@stinson.com
tohm@stinson.com
Tel. (202) 785-9100
Fax (202) 785-9163 (fax)
*Counsel for Waste Management, Inc.*

DB04/837742.0002/1601416.1 DD02

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of July, 2009, Waste Management, Inc.'s Motion to Deem Proof of Claim Timely Filed was delivered by electronic means to all parties who receive notice in this case pursuant to the Court's CM/ECF system and/or by electronic mail to the following pursuant to the *Order Establishing Certain Notice, Case Management and Administrative Procedures* entered in this case.

      circuitcityservice@mcguirewoods.com
      project.circuitcity@skadden.com

      /s/ Tracey M. Ohm
      Tracey M. Ohm

10