IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., ) | Jointly Administered |
| ) | Chapter 11 |
| Debtors. ) | Hon. Kevin R. Huennekens |
| ) | |

**RESPONSE OF JAMES LUBARY TO DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CLAIMS FILED BY EQUITY HOLDERS TO INTERESTS) AND REQUEST FOR HEARING**

James Lubary ("Lubary"), by his undersigned counsel, hereby files this response to the Debtors' Sixteenth Omnibus Objection to Claims (Reclassification of Claims Filed by Equity Holders to Interests) (the "Sixteenth Omnibus Claim Objection"), and in support thereof, states as follows:

**BACKGROUND**

1. Lubary and Circuit City Stores, Inc. (the "Debtor") are parties to a Cash Retention Award Letter dated January 3, 2008, under which the Debtor offered to pay a cash retention award to Lubary to "reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success."

2. Pursuant to the Cash Retention Award Letter (the "Letter") Lubary was entitled to payment of $125,000.00 (the "Award") to be vested according to the Letter.

3. Pursuant to the terms of the Letter, vesting restrictions lapsed upon the "consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company."

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
Counsel for James Lubary

4. Lubary and the Debtor are also parties to a Turnaround Incentive Program dated September 30, 2008, under which Lubary was entitled to certain cash incentives based upon various individual and team goals measured by Lubary's salary.

5. Pursuant to the Incentive Program, Lubary was entitled to a cash payout of $106,827.00 (the "Incentive").

## DISCUSSION

6. Under Bankruptcy Rule 3001(f), a properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim" and is deemed allowed unless objected to by a party in interest. *See* Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a).

7. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly-filed claim. *See In re Fleming*, No. 08-30200, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted).

8. Moreover, "the mere filing of an objection does not satisfy this requirement." *Id.* (citation omitted); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (stating that a properly-filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

9. If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *In re Harford Sands Inc.*, 372 F.3d at 461-62.

10. Lubary timely filed two proofs of claim representing the Award and the Incentive. These were designated as claim numbers 9602 and 9506, respectively. These claims are attached hereto as Exhibits 1 and 2.

11. The Debtor filed objections to these claims requesting reclassification of each as proofs of interest pursuant to 11 U.S.C. 501(a), but provided no evidence for such reclassification.

12. Section 501(a) of the Bankruptcy Code states that an equity security holder may file a proof of interest.

13. Section 101(16) of the Bankruptcy Code defines an "equity security" as a share in a corporation.

14. Both the Award and the Incentive represent cash claims rather than interests in the Debtor's shares.

15. Accordingly, reclassification would be improper and the Sixteenth Omnibus Objection must be overruled as it pertains to the Award and the Incentive.

16. Pursuant to the Omnibus Objection Procedures, James Lubary is a "person with personal knowledge of the relevant facts that support the Response," and has previously provided a statement in support of this Response, which is attached hereto as Exhibit 3.

17. Lubary requests that the Debtor serve any reply to this Response, and any subsequent claim objections respecting the Award or the Incentive, on the following

Spotts Fain PC
c/o Erin E. Kessel

P.O. Box 1555
Richmond, VA 23218-1555

WHEREFORE, for the foregoing reasons and for such other reasons which may be presented at any hearing on the Sixteenth Omnibus Claim Objection or in any supplemental responses filed by Lubary, the Debtors have failed to satisfy their burden to produce sufficient evidence to defeat the prima face validity of the Award and Incentive Claims.  Accordingly, Lubary respectfully requests a hearing on the matter, that the Court enter an order overruling the Sixteenth Omnibus Claim Objection as it pertains to these claims, and granting such other relief as the Court deems appropriate.

Dated:  July 15, 2009

JAMES LUBARY

By: /s/ Erin E. Kessel
Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100

*Counsel for James Lubary*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Response was served by electronic means on this the 15th day of July, 2009 to the following constituting all necessary parties:

Dion W. Hayes
Douglas Foley
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Gregg Galardi
Ian S. Fredericks
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, DE 19899

Chris L. Dickerson
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

                                            /s/ Erin E. Kessel