Jul-14-09    20:43    From-FedEx Kinko LB                                                                T-700    P.003    F-486

form.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |

Debtor against which claim is asserted :   (Check only one box below:)

✓ Circuit City Stores, Inc. (Case No. 08-35653)      CC Distribution Company of Virginia, Inc. (Case No. 08-35659)     Abbott Advertising, Inc. (Case No. 08-35665)
  Circuit City Stores West Coast, Inc. (Case No. 08-35654)   Circuit City Stores PR, LLC (Case No. 08-35660)     Mayland MN, LLC (Case No. 08-35666)
  InterTAN, Inc. (Case No. 08-35655)                         Circuit City Properties, LLC (Case No. 08-35661)    Patapsco Designs, Inc. (Case No. 08-35667)
  Ventoux International, Inc. (Case No. 08-35656)            Orbyx Electronics, LLC (Case No. 08-35662)          Sky Venture Corporation (Case No. 08-35668)
  Circuit City Purchasing Company, LLC (Case No. 08-35657)   Kinzer Technology, LLC (Case No. 08-35663)          XSStuff, LLC (Case No. 08-35669)
  CC Aviation, LLC (Case No. 08-35658)                       Courchevel, LLC (Case No. 08-35664)                 PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**LUBARY, JAMES**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

LUBARY, JAMES
3161 DRUID LANE
LOS ALAMITOS CA 90720

Telephone number: 562-682-0297

Court Claim Number: 9602
(If known)

Filed on: 1/30/2009

Name and address where payment should be sent (if different from above):

COPY

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:     $ **$125,000**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Compensation for services pursuant to Award Letter Agreement between Circuit City
(See instruction #2 on reverse side) Stores, Inc. and James Lubary dated as of January 3, 2008 (attached).

3. Last four digits of any number by which creditor identifies debtor: _SS# 5376_

    3a.  Debtor may have scheduled account as:_____
         (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:     Real Estate        Motor Vehicle        Other
   Describe:

   Value of Property: $_____    Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____         Basis for perfection: _____

   Amount of Secured Claim: $_____         Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 1/28/09

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

FORMER REGIONAL VP, CIRCUIT CITY STORES, INC.

FOR COURT USE ONLY

RECEIVED
JAN 3 0 2009
KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Jul-14-08　20:43　　From-FedEx Kinko LB　　　　　　　　　　　　　　　　　　T-700　P.004　F-486

## Exhibit A
### Award Agreement between Circuit City Stores, Inc. and James Lubary dated as of January 3, 2008

See attached.

10316749,Lubary,James
N/A, 1/1/2008, Cash



January 3, 2008

James Lubary
5335 E Conant Street
Long Beach, CA 908080000

Dear James:

    Congratulations! The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter. The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success. To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

    Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| | |
|---|---|
| Total Cash Retention Award: | $125,000  (b) |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
|---|---|
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

    For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

    Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date. If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date. Your right to this Award is not contingent on corporate or individual performance.

    Forfeiture. If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

- 1 -

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

-2-

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

5. **Miscellaneous**.

   a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

   b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

   c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

Your signature will also constitute your agreement to the terms and conditions contained in this letter.

Sincerely,

Eric A. Jonas, Jr.
Senior Vice President
Human Resources

ACCEPTED:

_____
Associate Signature

_____
Printed Name

_____
Date

- 3 -

**Exhibit B**

**Summary of Award Letter Agreement**

Pursuant to that certain Award Letter, dated as of January 3, 2008 (the "Award Letter") from Eric A. Jonas Jr., Senior Vice President of Circuit City Stores, Inc., a copy of which is attached hereto as Exhibit A, James Lubary is entitled to the payment of $125,000 as a "special cash retention award." This award is fully vested pursuant to paragraph 2 of the Award Letter which provides for 100% vesting in the event of a "Change of Control" which includes a "consummation of a plan of complete liquidation, dissolution, or sale of substantially all of the assets of the Company."

This claim was listed in Schedule F by Circuit City Stores West Coast, Inc.; however, we believe the claim properly lies with Circuit City Stores, Inc. and have filed the claim against both debtors.