IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | | |
|---|---|---|---|
| IN RE:  CIRCUIT CITY STORES, INC., | : | Chapter 11 | |
| *et al.*, | : | | |
| | : | Case No. 08-35653 (KRH) | |
| Debtors | : | | |
| | : | (Jointly Administered) | |

LAUREL PLUMBING, INC.'S RESPONSE IN OPPOSITION TO
DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION OF CERTAIN MISCLASSIFIED
CLAIMS TO UNSECURED, NON-PRIORITY CLAIMS)

Laurel Plumbing, Inc. ("Laurel Plumbing"), by and through its counsel, hereby submits this *Response In Opposition To Debtors' Nineteenth Omnibus Objection to Claims (Reclassification Of Certain Misclassified Claims To Unsecured, Non-Priority Claims)* and, in support thereof, states as follows.

## BACKGROUND

1. On November 10, 2009 (the "Petition Date"), Circuit City Stores, Inc. ("Circuit City"), and certain affiliated entities (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Prior to the Petition Date, Laurel Plumbing entered into a contract to provide general contracting and plumbing services in connection with the construction of a Circuit City store designated as Circuit City #4142, which is located at 301 Rt. 70 W, Marlton, NJ 08053 (the "Marlton Store").

---

Augustus C. Epps, Jr. (VSB #13254)
Jennifer M. McLemore (VSB #47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4104
Facsimile:  (804) 697-6104

Counsel to Laurel Plumbing, Inc.

3. Laurel Plumbing did not receive payment for the goods and services that it provided in connection with the Marlton Store. Accordingly, Laurel Plumbing filed a Construction Lien Claim with respect to the work performed on the Marlton Store pursuant to the New Jersey Construction Lien Law (the "Construction Lien Law") in the amount of $47,700.00 (the "Construction Lien").

4. To date, Laurel Plumbing has not received payment for goods and services provided in connection with the Marlton Store.

5. On January 23, 2009, Laurel Plumbing filed a Proof of Claim (the "Claim") asserting a secured claim against Circuit City based upon Laurel Plumbing's secured interest in the Marlton Store created by, and arising under, the Construction Lien.[1]

6. On June 22, 2009, the Debtors filed their *Nineteenth Omnibus Objection To Claims (Reclassification Of Certain Misclassified Claims To Unsecured, Non-Priority Claims)* (the "Objection"). In the Objection, the Debtors asserts without explanation or amplification that the Claim should be reclassified as a general unsecured claim.

## ARGUMENT

7. The Objection fails to assert a valid basis for disallowance or reclassification of the Claim and must be overruled because Debtors have failed to: (a) overcome the presumption that the Claim is valid; and (b) state a factually or legally supportable objection that would justify the disallowance or reclassification of the Claim.

8. Debtors conclusory statement that the Claim should be reclassified according to its records is a legally insufficient basis for objecting to a claim under section 502(b).

---

[1] The underlying contract and Construction Lien were attached to the Claim as Exhibits A and B respectively. Laurel Plumbing will provide additional copies of those documents to the Debtors upon request.

2

9. Initially, the Debtors have failed to overcome the statutory presumption that the Claim is valid and secured.  It is well-settled that a creditor's properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Rule 3001(f) of the Federal Rules of Bankruptcy Procedure.   Once a proof of claim has been properly executed and filed "it is a debtor who bears the initial burden of going forward to produce evidence sufficient to negate the *prima facie* validity of the filed []." *In re Desert Village Ltd. P'ship*, 321 B.R. 443, 446 (Bankr. N.D. Ohio 2004) (emphasis added) (citing *Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003).

10. Accordingly, a party objecting to a claim must present **affirmative** evidence to overcome the presumption of validity.  *See In re Allegheny International, Inc.,* 954 F.2d 167, 176 (3d Cir. 1992) (burden shifts to objector to produce sufficient evidence to negate the *prima facie* validity of the filed claim); *In re Sterling Packaging Corp.*, 265 B.R. 701 (Bankr. W.D. Pa. 2001); *In re Planet Hollywood International,* 274 B.R. 391, 394 (D.Del. 2001).  "[A] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of proof of claim [and] [t]his evidence must be a probative force equal to that of the creditor's proof of claim." *In re Hinkley,* 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986)*, aff'd.*, 89 B.R. 608, *aff'd.*, 879 F.2d 859; s*ee also In re Lewis,* 80 B.R. 39, 40 (E.D. Pa. 1987); *citing* 3 *Collier on Bankruptcy,* ¶ 502.02 at 502-22.  "[T]o overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000).  Only when "the debtor has met that burden, the burden of going forward shifts back to the creditor, and the creditor bears the ultimate burden of persuasion." *In re Morton*, 298 B.R. at 307.

11. The Objection is legally insufficient because it offers **no evidence** to support the Debtors' contention that the Claim should be reclassified and cannot overcome the presumption that the Claim is valid. The Debtors' mere formal objection, or such boilerplate, categorical reasons, without more, will not defeat claims that constitute evidence of their *prima facie* validity. *In re Garner,* 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000); *In re Circle J Dairy, Inc.,* 112 B.R. 297, 299 (Bankr. W. D. Ark. 1990). Consequently, the Debtors have failed to overcome the *prima facie* validity of the Claim. Accordingly, the Objection should be overruled.

12. Indeed, the Debtors have not challenged, nor can they challenge, that the Claim is a validly perfected construction lien claim under the Construction Lien Law. Nor have the Debtors alleged that the amount of the Claim is inaccurate.

13. Indeed, the applicable provisions of the Construction Lien Law demonstrate that the Claim is secured:

> Any contractor, subcontractor or supplier who provides work, services, material or equipment pursuant to a contract, shall be entitled to a lien for the value of the work or services performed, or materials or equipment furnished in accordance with the contract and based upon the contract price, subject to the provisions of sections 9 and 10 of this act. The lien shall attach to the interest of the owner in real property. If a tenant contracts for improvement of real property and the contract for improvement has not been authorized in writing by the owner of fee simple interest in the improved real property, the lien shall attach only to the leasehold interest of the tenant.

N.J.S.A. §2A:44A-3.

14. Accordingly, the Claim should be deemed an allowed secured claim against the Debtors' estates and the Objection should be overruled.

WHEREFORE, Laurel Plumbing, Inc. respectfully requests the entry of an Order overruling the Objection and allowing the Claim as a secured claim in the amount of $47,700.

                LAUREL PLUMBING, INC.

                By:  /s/ Augustus C. Epps, Jr.
                    Augustus C. Epps, Jr., counsel

John C. Kilgannon
Attorney I.D. No. 82263
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania  19103
(215) 751-1943
jck@stevenslee.com

and

Augustus C. Epps, Jr. (VSB #13254)
Jennifer M. McLemore (VSB #47164)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4104
Facsimile:  (804) 697-6104

Counsel for Laurel Plumbing, Inc.

5

# **CERTIFICATE**

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* enter on November 13, 2008 [Docket No. 130], I hereby certify that on the 16th day of July, 2009 the foregoing pleading was served upon the following parties via electronic mail or via first class mail, postage prepaid:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington DE  19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL  60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing pleading was filed with the Court via the Clerk's CM/ECF electronic filing system on July 16, 2009.

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.

967081v1