IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 3703 |

**RESPONSE OF INLAND US MANAGEMENT, LLC AND INLAND
CONTINENTAL PROPERTY MANAGEMENT CORPORATION TO
DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS
(RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO
<u>GENERAL UNSECURED, NON-PRIORITY CLAIMS</u>)**

Inland US Management, LLC ("Inland US") and Inland Continental Property Management Corporation ("Inland Continental," and together with Inland US, collectively hereinafter referred to as "Inland"), by and through their undersigned counsel, hereby respond to *Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* (D.I. 3703) ("Objection"), and in support thereof, respectfully state as follows:

<u>BACKGROUND</u>

1. On November 10, 2008 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

---

Michael D. Mueller (VSB 38216)
Augustus C. Epps, Jr. (VSB 13254)
Jennifer M. McLemore (VSB 47164)
Noelle M. James (VSB 76001)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Telephone: (804) 697-4100

Counsel for Inland US Management LLC and
Inland Continental Property Management

Karen C. Bifferato, Esquire
Kelly M. Conlan, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Counsel for Inland US Management LLC and
Inland Continental Property Management

2. Inland US is the managing agent for landlords for who are parties to certain leases of non-residential real property with Debtor Circuit City Stores, Inc. for premises located in (i) the Darien Towne Center Shopping Center in Darien, IL ("Darien Lease"); and (ii) the Gerry Centennial Plaza Shopping Center in Oswego, IL ("Oswego Lease").  Inland Continental is the managing agent for a landlord who is a party to a certain lease of non-residential real property with Debtor Circuit City Stores, Inc. for premises located in Memorial Square Shopping Center in Oklahoma City, Oklahoma ("Oklahoma City Lease," and collectively with the Darien Lease and the Oswego Lease, hereinafter referred to as the "Leases").

3. The Debtors rejected the Darien Lease effective as of November 15, 2008, the Oswego Lease effective as of December 31, 2008, and the Oklahoma City Lease effective as of February 24, 2009.

4. On January 30, 2009, Inland timely filed three (3) proofs of claim against Debtor Circuit City Stores, Inc. as tenant.  Inland US filed (i) claim no. 10024 for $46,768.21 in unpaid pre-petition obligations and $482,235.88 in rejection damages arising under the Darien Lease ("Darien Proof of Claim"); and (ii) claim no. 9722 for $18,447.50 in unpaid pre-petition obligations and $434,136.99 in rejection damages arising under the Oswego Lease ("Oswego Proof of Claim").  Inland Continental filed claim no. 10020 for $71,264.80 in unpaid pre-petition obligations arising under the Oklahoma City Lease[1] ("Oklahoma City Proof of Claim," and collectively with the Darien Proof of Claim and the Oswego Proof of Claim, hereinafter referred to as the "Proofs of Claim").

5. In the Proofs of Claim, Inland asserted that a portion of each Proof of Claim was secured "to the extent [Inland] has a right to setoff with respect pre-petition credits it may owe

---

[1] At the time of the bar date, January 30, 2009, the Oklahoma City Lease had not yet been rejected, and so rejection damages were not included in the Oklahoma City Proof of Claim.

2

Debtor under the Lease against the pre-petition claims that it is owed under the Lease." *See Exhibit A to Proofs of Claim.*

6. On June 23, 2009, the Debtors filed the Objection. In the Objection, the Debtors seek to reclassify the entire amount of each Proof of Claim from a secured claim to a general unsecured, non-priority claim.

## INLAND'S RESPONSE TO THE OBJECTION

7. Inland objects to the Debtors' request to reclassify the entire amount of each Proof of Claim from a secured claim to a general unsecured, non-priority claim. Instead, a portion of each Proof of Claim should remain classified as secured due to Inland's right of setoff with respect to pre-petition credits it may owe the Debtors, as more specifically set forth below, against the pre-petition claims the Debtors owe Inland under the Leases.

A.  THE DARIEN LEASE

8. With respect to the Darien Lease, Inland may owe the Debtors a pre-petition credit of $6,473.29 for the pre-petition portion of a 2008 real estate tax ("RET") reconciliation. Therefore, Inland has a secured claim against the Debtors in the amount of $6,473.29, and an unsecured non-priority claim in the amount of $522,530.80. Accordingly, any order that is entered that grants the Objection should provide that the Darien Proof of Claim is reclassified such that $6,473.29 of the Darien Proof of Claim is a secured claim, and $522,530.80 of the Darien Proof of Claim is a general unsecured claim.

B.  THE OSWEGO LEASE

9. With respect to the Oswego Lease, Inland may owe the Debtors a pre-petition credit of $18,300.47 for (i) 2007 RET and common area maintenance ("CAM") reconciliations and revisions, and (ii) the pre-petition portion of 2008 RET and CAM reconciliations and

3

revisions. Therefore, Inland has a secured claim against the Debtors in the amount of $18,300.47, and an unsecured non-priority claim in the amount of $434,284.02. Accordingly, any order that is entered that grants the Objection should provide that the Oswego Proof of Claim is reclassified such that $18,300.47 of the Oswego Proof of Claim is a secured claim, and $434,284.02 of the Oswego Proof of Claim is a general unsecured claim.

C.      THE OKLAHOMA CITY LEASE

10.     On April 2, 2009, Inland Continental timely amended the Oklahoma City Proof of Claim to include damages resulting from the February 24, 2009, rejection of the Oklahoma City Lease ("Amended Oklahoma City Proof of Claim"). The Amended Oklahoma City Proof of Claim is for $1,103,676.32 and was assigned claim no. 12079. Accordingly, Inland does not object if the Oklahoma City Proof of Claim is disallowed as long as the Debtors and any successors will agree that they cannot object to the Amended Oklahoma City Proof of Claim on the grounds that is was not timely filed.

11.     Regardless, Inland may owe the Debtors a pre-petition credit of $7,101.00 for the pre-petition portion of a 2008 CAM reconciliation. Therefore, Inland has a secured claim against the Debtors in the amount of $7,101.00, and an unsecured non-priority claim in the amount of $1,096,575.32. Accordingly, in order for all parties to avoid incurring further unnecessary time and costs, any order that is entered that grants the Objection should provide that : (a) the Oklahoma City Proof of Claim is disallowed, (b) the Debtors and any and all successors-in-interest may not object to the Amended Oklahoma City Proof of Claim on the grounds that it was not timely filed or that it is classified improperly, and (c) the Amended Oklahoma City Proof of Claim is reclassified such that $7,101.00 of the Amended Oklahoma City Proof of Claim

4

is classified as a secured claim, and $1,096,575.32 of the Amended Oklahoma City Proof of Claim is classified as a general unsecured claim.

12. For all of the foregoing reasons, based on Inland's right to setoff, any order that is entered granting the Objection should be modified so as to clearly reflect that certain portions of the Proofs of Claim and the Amended Oklahoma City Proof of Claim are secured claims in the above-mentioned amounts, and that the remaining portions are general unsecured claims.

WHEREFORE, Inland respectfully requests that the Court enter an order that is consistent with the foregoing concerns raised by Inland, and that grants Inland such further and additional relief as the Court may deem just and proper.

Dated: July 16, 2009                CHRISTIAN & BARTON, LLP


By:    /s/ Michael D. Mueller
       Michael D. Mueller (VSB 38216)
       Augustus C. Epps, Jr. (VSB 13254)
       Jennifer M. McLemore (VSB 47164)
       Noelle M. James (VSB 76001)
       909 East Main Street, Suite 1200
       Richmond, Virginia 23219
       Telephone: (804) 697-4100
       Facsimile: (804) 697-4112

              -and-

       Karen C. Bifferato (No. 3279)
       Kelly M. Conlan (No. 4786)
       CONNOLLY BOVE LODGE & HUTZ LLP
       The Nemours Building
       1007 N. Orange Street
       P.O. Box 2207
       Wilmington, Delaware 19899
       (302) 658-9141
       *Attorneys for Inland US Management, LLC and Inland Continental Property Management Corporation*

# **CERTIFICATE**

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* enter on November 13, 2008 [Docket No. 130], I hereby certify that on the 16th day of July, 2009 the foregoing pleading was served upon the following parties via electronic mail or via first class mail, postage prepaid:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington DE  19899-0636
Attn: Gregg M. Galardi
Attn: Jan S. Fredericks

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL  60606
Attn: Chris L. Dickerson

I further certify that the original of the foregoing pleading was filed with the Court via the Clerk's CM/ECF electronic filing system on July 16, 2009.


/s/ Michael D. Mueller
Michael D. Mueller

967201

6