Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :    Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :    Case No. 08-35653 (KRH)
et al.,                      :
                             :
              Debtors.       :    Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105 AND 363,
AND FED. R. BANKR. P. 2002, 9006, AND 9019 AUTHORIZING THE
ESTABLISHMENT OF PROCEDURES TO SETTLE CERTAIN PRE-PETITION
AND POST-PETITION CLAIMS AND CAUSES OF ACTION WITHOUT
FURTHER COURT APPROVAL**

The above-captioned debtors and debtors in possession in the above-captioned jointly administered cases (the "Debtors")[1] hereby move (the "Motion"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action, all as more fully set forth herein, without further Court approval.  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002, 9006, and 9019.

**BACKGROUND**

3.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.    The Debtors have continued debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

3

6.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  As of on or about March 8, 2009, the going out of business sales concluded.

## RELIEF REQUESTED

7.    By this Motion, the Debtors seek entry of an order in the form attached hereto (the "Settlement Procedures Order") authorizing and approving the procedures outlined below to allow the Debtors to compromise and settle pre-petition and post-petition (1) proofs of claim and administrative expense claim requests, and (2) existing, pending, threatened or contemplated claims, litigation, and causes of action of the Debtors against third parties in these chapter 11 cases without further court approval (collectively, the "Settlement Procedures").

**BASIS FOR RELIEF**

8.   Prior to the commencement of these cases,
the Debtors maintained, in the ordinary course of busi-
ness, books and records (the "Books and Records") that
reflected, among other things, the Debtors' liabilities
and the amounts thereof owed to their creditors.  Based
on the Debtors' Books and Records, the Debtors assembled
and filed with the Court their Schedules of Assets and
Liabilities and Statements of Financial Affairs on De-
cember 19, 2008 (Docket Nos. 10-16 and 1130-1131), and
their Amendment to Schedules of Assets and Liabilities
(Docket No. 2231) on February 18, 2009 (collectively,
the "Schedules and Statements").

9.   By orders entered on December 11, 2008
and May 15, 2009 (the "Bar Date Orders"), this Court set
(a) January 30, 2009 at 5:00 p.m. (prevailing Pacific
time) as the deadline by which proofs of claim were re-
quired to be filed by non-governmental units against the
Debtors (D.I. 890), (b) May 11, 2009 at 5:00 p.m. (pre-
vailing Pacific time) as the deadline by which govern-
mental units were required to file proofs of claim
against the Debtors (D.I. 890), and (c) June 30, 2009 at

5:00 p.m. (prevailing Pacific time) as the deadline by
which administrative expense claims were required to be
filed against the Debtors (D.I. 3354) (collectively, the
"Bar Dates").

**A.    The Disputed Claims and Cause of Action and Receiv-
ables Claims.**

10.   In accordance with the Bar Date Orders,
written notice of the Bar Dates was mailed to, among
others, all creditors listed on the Schedules and State-
ments.  As of the date of this Motion, in excess of
13,000 proofs of claim and numerous administrative ex-
pense claim requests (collectively, the "Disputed
Claims") have been filed by various parties (each a
"Claimant") against the Debtors.  The Debtors are cur-
rently in the process of reviewing and reconciling such
claims against their Books and Records and Schedules and
Statements.

11.   The Debtors are also engaged in the proc-
ess of analyzing claims and causes of action against and
other disputes with third parties, as well as reviewing,
reconciling, and collecting receivables (the "Cause of
Action and Receivable Claims" and together with the Dis-

puted Claims, the "Settlement Claims").  Such Cause of

Action and Receivable Claims include, without limitation,

potential avoidance actions existing under Chapter 5 of

the Bankruptcy Code, contract disputes, and credits,

chargebacks, and other accounts receivable arising and

accruing pre- and post-petition.

12.  Before the commencement of these cases,

the Debtors, in the ordinary course of their businesses,

with the assistance of in-house and outside counsel, in-

vestigated, evaluated, and attempted to resolve disputes

similar in nature to the Settlement Claims.  Depending

upon the fact specific circumstances and the inherent

risks involved in litigating the various claims, the

Debtors, in the exercise of their business judgment,

made appropriate offers to settle such claims.  The

Debtors seek authority to implement similar procedures

to compromise and settle the Settlement Claims through-

out the remainder of these cases.

13.  Absent the relief requested in this Mo-

tion, the Debtors would be required to seek Court ap-

proval to settle and compromise each individual Settle-

ment Claim.  The Debtors contend that filing individual

pleadings, sending notice of each proposed settlement to every creditor and interested party entitled to receive notice in these cases, and holding individual hearings would be an expensive, cumbersome, and highly inefficient way to resolve the Settlement Claims.

14.   Accordingly, the Debtors propose to implement certain guidelines and Settlement Procedures with respect to the compromise and settlement of the Disputed Claims asserted against the Debtors and the Cause of Action and Receivable Claims asserted by the Debtors against third parties (each a "Settlement").  If such Settlement Procedures are authorized, the Debtors' bankruptcy estates will be spared significant expense and delay attendant to resolving such Settlement Claims. Moreover, the Settlement Procedures will preserve an oversight function for key parties in interest to monitor and receive notice of any settlement of a Disputed Claim reached between a Claimant and the Debtors and a Cause of Action and Receivable Claim settlement reached between the Debtors and a third party.

**B.    The Notice Procedures.[2]**

15.   As described more fully herein, the Debt-
ors seek to implement limited notice procedures and a
tiered settlement process with regard to the Disputed
Claims filed in the Debtors' bankruptcy cases, as well
as the Cause of Action and Receivable Claims of the
Debtors against third parties.

16.   The tiered settlement process is based
upon (i) a mutually agreed upon settlement amount and
(ii) the difference between the Debtors' reasonable es-
timate of a Settlement Claim (after commercially reason-
able due diligence and investigation by the Debtors and
their advisors) and the settlement amount.

17.   The Debtors propose the following notice
procedures (the "Notice Procedures"), applicable to all
Settlement Claims, to provide key parties in interest
with notice of each proposed Settlement.[3]

---

[2]   This section of the Motion is intended as a summary of the Notice
      Procedures set forth in the Order.  Parties are strongly encour-
      aged to review the Order in its entirety.  In the event there is
      a discrepancy between the Motion and the Order, the Order shall
      control in all respects.

[3]   In the event there is an inconsistency between the Motion and
      this Order, the Order shall control.

(a)    The Debtors will give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (as defined in the Case Management Order) (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Committee of Unsecured Creditors on or before

the expiration of the applicable No-
tice.  If the Debtors are compromis-
ing more than one Disputed Claim
and/or Cause of Action and Receivable
Claim, the Tier II Notice Period
shall apply to such Settlement.  If
no objection or written request is
filed and served upon counsel for the
Debtors and counsel for the Committee
of Unsecured Creditors or counsel to
the Debtors and counsel for the Com-
mittee of Unsecured Creditors do not
receive a written request for addi-
tional information and/or additional
time prior to the expiration of the
applicable Notice Period, the Debtors
shall be authorized to enter into and
consummate the Settlement Agreement
without further order of the Court or
any other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors
for additional information or addi-
tional time to evaluate the proposed
Settlement, only such Notice Party
shall have the later of (i) an addi-
tional five (5) days to object to the
proposed Settlement or (ii) in the
case of a request for additional in-
formation, three days after receipt
by the Notice Party of the additional
information requested.  Each Notice
Party may only make one request for
additional time per Settlement Agree-
ment, unless otherwise agreed to by
the Debtors in their sole discretion.

(e)    If a Notice Party objects to the pro-
posed Settlement within the defined
Notice Period for that particular
Tier of Disputed Claim or Cause of
Action and Receivable Claim, (or the

11

additional period in the case of a
Notice Party that has timely re-
quested additional time or informa-
tion to evaluate the proposed Settle-
ment) (the "Objection Deadline") and
the Debtors and such objecting Notice
Party are unable to reach a consen-
sual resolution, the Debtors will not
take any further action to consummate
the proposed settlement without first
obtaining Court approval for that
specific Settlement.  The Debtors are
authorized to schedule the Settlement
for a hearing at the next scheduled
omnibus hearing following the Objec-
tion Deadline (or any subsequent
hearing) without filing a separate
motion or other pleading.

(f)     If the Objection Deadline has passed
and no objection has been filed with
the Court or request for additional
time or information has been received
by the Debtors, the Debtors are au-
thorized, but not directed, to file a
"Certificate of No Objection" with
the Court; provided, further, that
each such Certificate shall set forth
a statement that no objection was
filed or received (or if any objec-
tion was filed or received, such ob-
jection has been resolved) and no re-
quest for additional time or informa-
tion was received or, if such request
was received, the additional period
of review has expired.

(g)     An objection will be considered prop-
erly filed and served only if it is
filed with the Court, and actually
received by the following parties on
or before the Objection Deadline: (i)
Clerk of the Bankruptcy Court, United

States Bankruptcy Court, 701 East
Broad Street – Room 4000, Richmond,
VA  23219, (ii) the attorneys for the
Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney
Square, P.O. Box 636, Wilmington, DE
19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S.
Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center,
901 E. Cary Street, Richmond, VA
23219, Attn: Douglas M. Foley
(dfoley@mcguirewoods.com) and Daniel
F. Blanks (dblanks@mcguirewoods.com),
and (iii)(a) Pachulski Stang Ziehl &
Jones LLP, 10100 Santa Monica Blvd.,
11th Floor, Los Angeles, California
90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780
Third Avenue, 36th Floor, New York,
NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the No-
tice Procedures shall be calculated
in accordance with Bankruptcy Rule
9006.

18.   The Notice Procedures are designed to af-
ford parties a reasonable period of time to review a
Settlement and do not materially alter the notice re-
quirements provided for in Bankruptcy Rule 2002.  Spe-
cifically, Bankruptcy Rule 2002 provides for 20 days no-
tice of a settlement or compromise.  Fed. R. Bankr. P.
2002(a)(3).

19.   Under the Notice Procedures, for Tier I
Disputed Claims and Cause of Action and Receivable
Claims, parties in interest will have up to 10 days to
review a Settlement, assuming the party makes a request
for an additional five days.   Under the Case Management
Order, a party would typically have thirteen days to ob-
ject.   See Case Management Order, at (D.I. 130) (provid-
ing for an objection deadline of five (5) business day,
i.e., seven calendar days, prior to the hearing for any
motion filed 20 or more days prior to the hearing).
Thus, the applicable period within which a party may ob-
ject to a Settlement will only be shortened by three
days under the Notice Procedures.

20.   On the other hand, for Tier II Disputed
Claims and Cause of Action and Receivable Claims, par-
ties in interest will have up to 15 days to review a
Settlement, assuming the party makes a request for an
additional five days.   Thus, under the Notice Procedures,
the applicable period within which a party may object to
a Settlement will actually be two days longer than pro-
vided for under the Case Management Order.

14

21.   While providing party's with materially
the same notice in respect of Tier I Settlement Claims
and more notice in respect of Tier II Settlement Claims,
the Notice Procedures provide the Debtors and their es-
tates with significant cost savings benefits by obviat-
ing the need for a separate motion for each Settlement
and service on all creditors.

22.   Accordingly, the Notice Procedures are
reasonable and should be approved.

**C.    The Settlement Claims' Settlement Procedures.[4]**

23.   Subject to the Notice Procedures outlined
above, the Debtors propose the following tiered Settle-
ment Procedures applicable to Disputed Claims:

(a)   <u>Tier I</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute
and consummate written Settlement
Agreements with the Claimants that
will be binding on the Debtors and
their estates without further action
by this Court.  The Debtors may, in
full settlement of such Disputed
Claims, grant any Claimant an allowed
claim of an agreed upon priority or

---

[4]   This section of the Motion is intended as a summary of the Dis-
puted Claims' Settlement Procedures set forth in the Order.  Par-
ties are strongly encouraged to review the Order in its entirety.
In the event there is a discrepancy between the Motion and the
Order, the Order shall control in all respects.

administrative expense claim, as ap-
plicable, in an amount not to exceed
$500,000.

(b) <u>Tier II</u> With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute
and consummate written Settlement
Agreements with the Claimants that
will be binding on the Debtors and
their estates without further action
by this Court.  The Debtors may, in
full settlement of such Disputed
Claims, grant any Claimant an allowed
claim (priority or non-priority, as
the case may be) or administrative
expense claim, as applicable, in an
amount greater than $500,000.

24.  To memorialize such Settlements, the

Debtors have prepared a form Settlement Agreement in the

substantially the form attached as <u>Exhibit A</u> to the Set-

tlement Procedures Order.  Pursuant to the Settlement

Procedures Order, the Debtors would be authorized, but

not directed, to utilize such Settlement Agreement for

purposes of resolving Disputed Claims.

25.  Additionally, the Debtors will provide

written notice to Kurtzman Carson Consultants LLC

("KCC"), the Debtors' authorized claims and noticing

agent, with respect to any proofs of claim that are set-

tled pursuant to these Settlement Procedures.  If appli-

cable, KCC would be authorized and directed to amend the

claims register accordingly without further order of the

Court.

**D.   The Cause of Action and Receivables Claims' Settlement Procedures.**[5]

     26.   Subject to the Notice Procedures described above, the Debtors propose the following tiered Settlement Procedures applicable to the Cause of Action and Receivable Claims:

> (a)   <u>Tier I</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value (i) equal to or greater than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount and (ii) equal to or less than $1,000,000.

---

[5]   This section of the Motion is intended as a summary of the Cause of Action and Receivables Claims' Settlement Procedures set forth in the Order.  Parties are strongly encouraged to review the Order in its entirety.  In the event there is a discrepancy between the Motion and the Order, the Order shall control in all respects.

    (b)    <u>Tier II</u> With respect to pre- and post-petition Cause of Action and Receivable Claims, the Debtors, in their sole discretion, may negotiate, execute and consummate written Settlement Agreements with third parties that will be binding on the Debtors and their estates without further action by this Court.  The Debtors may, in full settlement of such Cause of Action and Receivable Claims, compromise or settle a Cause of Action and Receivable Claim resulting in a cash payment to the Debtors' estates of a value equal to (i) more than $1,000,000 or (ii) less than seventy-five percent (75%) of the Debtors' original reasonable estimate of the Cause of Action and Receivable Claim amount.

27.   To memorialize such Settlements, the Debtors have prepared a form Settlement Agreement in the substantially the form attached as <u>Exhibit A</u> to the Settlement Procedures Order.  Pursuant to the Settlement Procedures Order, the Debtors would be authorized, but not directed, to utilize such Settlement Agreement for purposes of resolving Cause of Action and Receivable Claims.

**E.    Creditors' Committee Reporting.**

28.   To ensure the Creditors' Committee is involved in the process of resolving Disputed Claims and

Cause of Action and Receivable Claims, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors will provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates will include, without limitation, non-privileged information mutually agreed to among the parties' advisors. Additionally, once the Debtors reach an agreement in principle with a third party, the Debtors will share the material terms of the Settlement with the Creditors' Committee's advisors. All information shared with the Creditors' Committee's advisors would be deemed shared subject to the existing confidentiality agreement with the Debtors.

29. In light of the foregoing, the Debtors believe that the proposed Settlement Procedures would maximize efficiency and value with regard to the Debtors' settlement of disputes, would better enable the Debtors to administer their estates, and are fair and reasonable under the circumstances. Accordingly, the Debtors submit that implementation of the Settlement Procedures is in the best interests of their estates, their creditors, and other parties-in-interest.

### APPLICABLE AUTHORITY

**I.   THE NOTICE AND SETTLEMENT PROCEDURES ARE FAIR AND REASONABLE UNDER THE CIRCUMSTANCES.**

      30.   In evaluating whether to approve the Settlement Procedures, this Court's analysis is guided by Bankruptcy Code sections 105 and 363, as well as Bankruptcy Rule 9019(b).  Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under Bankruptcy Code section 363, a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business.  <u>See</u> 11 U.S.C. § 363.  In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must articulate a valid business justification for the requested use.  <u>See</u> <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985).

      31.   Pursuant to Bankruptcy Rule 9019(b), the Court is empowered to approve procedures for the settlement of classes of controversy by a debtor-in-possession.

Specifically, a Court "[a]fter a hearing . . . the court
may fix a class or classes of controversies and author-
ize the trustee to compromise or settle controversies
within such class or classes without further hearing or
notice." Fed. R. Bankr. P. 9019(b). The rule merely
requires that the proposed procedures be reasonable. In
re Check Reporting Service, Inc., 137 B.R. 653 (Bankr.
W.D. Mich. 1992).

    32.  Here, these standards have been satisfied
because the Settlement Procedures are reasonable and ap-
propriate based on the size and complexity of the Debt-
ors' Chapter 11 cases and types of disputes the Debtors'
seek to resolve. The Debtors' proposed Settlement Pro-
cedures will streamline the claims' resolution process
and collection of amounts owed to the Debtors and their
estates, thereby eliminating unnecessary expenditures of
time and money with respect to the Settlement Claims.

    33.  Moreover, approval of the Settlement Pro-
cedures is in the best interest of the Debtors and their
estates, and will not unduly prejudice the rights of
creditors or other parties in interest. As set forth
above, the Notice Procedures do not materially alter the

deadline by which a party in interest would be required
to object to a Settlement.  Moreover, seeking separate
court approval to resolve numerous disputes that may
arise in the context of the size Debtors' cases would be
unduly burdensome on the Court and an unnecessary drain
on the time and other resources of the Debtors and their
professionals.  In a case of this size and complexity,
the expense of seeking Court approval for every Settle-
ment might significantly reduce the benefits otherwise
incident to many of the proposed Settlements.  Thus, for
the sake of both judicial efficiency and maximizing the
Debtors' estates, implementation of the Settlement Pro-
cedures should be permitted.

        34.  Additionally, the Debtors submit that,
pursuant to Bankruptcy Rule 2002(a)(3) and 9006, the
cause exists to limit notice, as described above, of any
Settlement entered into pursuant to the Settlement Pro-
cedures described herein.  Limiting notice will enable
the Debtors to promptly and efficiently enter into the
Settlements contemplated by this Motion without unneces-
sary costs and expense to the Debtors' estates.  More-
over, the rights of parties to object to any Settlement

are not materially different in the context of Tier I
Settlement Claims and are more beneficial in the context
of Tier II Settlement Claims.

35.   Based on the foregoing, the Debtors sub-
mit that the request for approval of the Settlement Pro-
cedures is necessary and appropriate, is in the best in-
terests of the Debtors, their estates and their credi-
tors, and therefore should be granted in all respects.

## II. ALL SETTLEMENTS ENTERED INTO PURSUANT TO THE NOTICE AND SETTLEMENT PROCEDURES SHOULD BE APPROVED UNDER BANKRUPTCY CODE SECTION 105 AND BANKRUPTCY RULE 9019.

36.   As noted above, Bankruptcy Code section
105 provides in pertinent part that "[t]he court may is-
sue any order, process, or judgment that is necessary or
appropriate to carry out the provisions of this title."
11 U.S.C. § 105(a).  In turn, Bankruptcy Rule 9019 pro-
vides that the Court "may approve a compromise or set-
tlement."  Compromises are tools for expediting the ad-
ministration of the case and reducing administrative
costs and are favored in bankruptcy.  See In re Bond,
1994 U.S. App. Lexis 1282, *9-*14 (4th Cir. 1994)("To
minimize litigation and expedite the administration of a

23

bankruptcy estate, 'compromises are favored in bank-
ruptcy'."); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir.
2000); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).
Various courts have endorsed the use of Bankruptcy Rule
9019.  See, e.g., Bartel v. Bar Harbour Airways, Inc.,
196 B.R. 268 (S.D.N.Y. 1996).

     37.   The standards by which a debtor should
guide its decision whether to enter into a settlement
and by which Court should evaluate a settlement are well
established.   In addition to considering the proposed
terms of the settlement, the following factors are rele-
vant:

     (a)  the probability of success in litigation;

     (b)  the difficulty in collecting any judgment that
         may be obtained;

     (c)  the complexity of the litigation involved, and
         the expense inconvenience and delay necessar-
         ily attendant to it; and

     (d)  the interest of creditors and stockholders and
         a proper deference to their reasonable views
         of the settlement.

See Protective Comm. for Indep. Stockholders of TMT
Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245
(1968); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997);

<u>United States ex. Rel. Rahman v. Oncology Assoc., P.C.</u>,
269 B.R. 139, 152 (D. Md. 2001).

        38.    The decision to approve a settlement or
compromise is within the discretion of the Court and is
warranted where the settlement is found to be reasonable
and fair in light of the particular circumstances of the
case.  <u>See</u> <u>TMT Trailer Ferry</u>, 390 U.S. at 424-25.  The
settlement need not be the best that the debtor could
have achieved, but need only fall "within the reasonable
range of litigation possibilities."  <u>In re Telesphere
Communications, Inc.</u>, 179 B.R. 544, 553 (Bankr. N.D. Ill.
1994).  In making its determination, a court should not
substitute its own judgment for that of the debtor and
should defer to the debtor so long as there is a reason-
able business justification.  <u>See</u> <u>In re Martin</u>, 91 F.3d
at 395; <u>In re Jasmine, Ltd.</u>, 258 B.R. 119, 123 (D.N.J.
2000).  The court should exercise its discretion "in
light of the general public policy favoring settle-
ments."  <u>In re Hibbard Brown & Co., Inc.</u>, 217 B.R. 41,
46 (Bankr. S.D.N.Y. 1998); <u>Nellis v. Shugrue</u>, 165 B.R.
115, 23 (S.D.N.Y. 1994) ("the general rule [is] that

settlements are favored and, in fact, encouraged by the
approval process outlined above").

39.   Like all settlements proposed by the
Debtors in these cases to date, the Debtors will evalu-
ate any Settlements based on the foregoing standard and
will only enter into a Settlement after giving due con-
sideration to the factors set forth in TMT Trailer Ferry
and other relevant cases.  Specifically, the Debtors
will consider:  (i) the reasonableness the Settlement as
a whole; (ii) the probability of success if the Settle-
ment Claim(s) were to be litigated, arbitrated or other-
wise resolved through disputed means; (iii) the complex-
ity, expense and likely duration of any litigation, ar-
bitration or dispute resolution process; (iv) the like-
lihood of collecting any judgment if the Debtors' pro-
ceeded with litigation; (v) the fairness of the Settle-
ment with regards to the Debtors' estates, creditors,
and other parties in interest; and (vi) other factors
relevant in assessing the utility of a proposed Settle-
ment.  Only after giving due consideration to the fore-
going will the Debtors enter into a Settlement Agreement.

40.   In light of the foregoing, subject only to the Notice Procedures, the Debtors submit that all Settlements should be approved under Bankruptcy Code section 105 and Bankruptcy Rule 9019.

41.   Courts, including those in this district, have granted similar relief to debtors in possession in other large and complex chapter 11 cases.  See, e.g., In re LandAmerica Financial Group, Inc., et al., Case No. 08-35994 (KRH)(Bankr. E.D. Va. May 21, 2009) (granting Debtors' proposed tiered settlement and notice procedures); In re Frontier Airlines Holdings, Inc. et. al., Case No. 08-11298 (RDD) (Bankr. S.D.N.Y.); In re Ampex Corporation, et. al., Case No. 08-11094 (AJG) (Bankr. S.D.N.Y.); In re Adelphia Communications Corporation, et. al., Case No. 02-41729 (REG) (Bankr. S.D.N.Y.); In re Worldcom, et al., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y.).

## NOTICE

42.   Notice of this Motion has been provided to those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules

2002-1 and 9013-1 Establishing Certain Notice, Case Man-
agement, and Administrative Procedures (D.I. 130; the
"Case Management Order").  The Debtors submit that, un-
der the circumstances, no other or further notice need
be given.

**WAIVER OF MEMORANDUM OF LAW**

43.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law pre-
sented in the Motion and all applicable authority is set
forth in the Motion, the Movants request that the re-
quirement that all motions be accompanied by a separate
memorandum of law be waived.

**NO PRIOR REQUEST**

44.   No previous request for the relief sought
herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Settlement Procedures Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 16, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

           - and -

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

           - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                              :
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
          Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER
COURT APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the establishment of procedures to settle certain pre-petition and post-petition claims and causes of action without further court approval; and the Court having reviewed the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.   Based on the affidavits of service filed, due, proper and adequate notice of the Motion has been given in accordance with the Case Management Order and that no other or further notice is necessary;

2.   The Notice Procedures are fair, reasonable, and appropriate.

---

[1]   Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

2

3.    The Settlement Procedures are fair reasonable, and appropriate.

4.    The Notice and Settlement Procedures were proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.    The Debtors shall provide key parties in interest with notice of each proposed Settlement.  The Notice Procedures are as follows:

(a)    The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)    The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)    The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for

4

both <u>Tier I</u> Disputed Claims and <u>Tier I</u> Cause
of Action and Receivable Claims or (ii) ten
(10) days for both <u>Tier II</u> Disputed Claims
and <u>Tier II</u> Cause of Action and Receivable
Claims (each an individual "Notice Period")
and serve such objection or request on
counsel to the Debtors and counsel for the
Creditors' Committee on or before the
expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of

5

Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,
the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the Debtors,
the Debtors are authorized, but not directed,
to file a "Certificate of No Objection" with
the Court; provided, further, that each such
Certificate shall set forth a statement that
no objection was filed or received (or if
any objection was filed or received, such
objection has been resolved) and no request
for additional time or information was
received or, if such request was received,
the additional period of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.

6

Box 636, Wilmington, DE 19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA 23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)
and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and

consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may
be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without

8

further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than
seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.  To memorialize the Settlements, the

Debtors are authorized in their sole discretion, but not

directed, to enter into Settlement Agreements

substantially in the form of Exhibit A attached hereto;

provided, further, that the material terms of each

Settlement Agreement may vary depending upon the

specific facts and circumstances of each Settlement and

nothing herein or therein shall be construed as

impairing the Debtors' ability to tailor the form of the

Settlement Agreement to each specific Settlement.

14.  The Debtors are authorized, but not

directed, to resolve all of the Disputed Claims and

Cause of Action and Receivable Claims of a single party

in a single Settlement Agreement.

15.  The Debtors shall provide written notice

to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'

authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; provided, further, that, if applicable, KCC
is authorized and directed to amend the claims register
accordingly without further order of the Court.

        16.   Following entry of this Order, unless
otherwise agreed to between the Debtors and the
Creditors' Committee, the Debtors' advisors shall
provide weekly updates concerning ongoing settlement
discussions to the Creditors' Committee's advisors.
These updates shall include, without limitation, non-
privileged information mutually agreed to among the
parties' advisors.  Once the Debtors reach an agreement
in principle with a third party, the Debtors shall share
the material terms of the Settlement with the Creditors'
Committee's advisors.  All information shared with the
Creditors' Committee's advisors shall be deemed shared
subject to the existing confidentiality agreement with
the Debtors.

        17.   Assuming no objection has been filed by
the applicable Objection Deadline, immediately after the
expiration of the Notice Period (or, in the case of a

filed objection that has been resolved, upon filing of a
Certificate of No Objection) the Settlement Agreement
shall be deemed to be a final order of this Court for
all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency
between the Motion and this Order, this Order shall
control.

19.   The requirement under Local Rule 9013-1(G)
of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

20.   This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        July __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                  /s/ Douglas M. Foley
                  Douglas M. Foley

13

## EXHIBIT A

**(Disputed Claim Settlement and Cause of Action and
Receivable Claim Settlement Agreement)**

Gregg M. Galardi, Esq.           Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.          Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                        One James Center
One Rodney Square                901 E. Cary Street
PO Box 636                       Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
          Debtors.              :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND [THE CLAIMANT] RESOLVING [INSERT DESCRIPTION
OF DISPUTED CLAIM(S) OR CAUSES OF ACTION AND RECEIVABLE
CLAIM(S)]**

          This settlement agreement and stipulation

(this "Agreement") is entered into by and among the

above-captioned debtors and debtors in possession (the

"Debtors"), on the one hand, and [_] (the "Claimant" and

together with the Debtors, the "Parties" and each of

which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors each filed a voluntary petition in

the United States Bankruptcy Court for the Eastern

District of Virginia (the "Court") under chapter 11 of

title 11 of the United States Code (the "Bankruptcy

Code"); and

WHEREAS, the Debtors have continued as debtors

in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code; and

WHEREAS, on November 12, 2008, the Office of

the United States Trustee for the Eastern District of

Virginia appointed a statutory committee of unsecured

creditors (the "Creditors' Committee").

WHEREAS, to date, no trustee or examiner has

been appointed in these chapter 11 cases.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to conduct

going out of business sales at the Debtors' remaining

567 stores pursuant to an agency agreement (the "Agency

Agreement") between the Debtors and a joint venture, as
agent (the "Agent").  On January 17, 2009, the Agent
commenced going out of business sales pursuant to the
Agency Agreement at the Debtors remaining stores.  As of
on or about March 8, 2009, the going out of business
sales concluded.

WHEREAS, the Debtors are authorized under the
Court's [_] dated [_____], 2009 (D.I. [_]; the
"Settlement Procedures Order")[1] to enter into this
Agreement, subject to the Notice Procedures; and

### SETTLEMENT BACKGROUND

WHEREAS, [_]

WHEREAS, the parties wish to resolve the [_]
in its entirety by this Agreement;

NOW THEREFORE, subject to and in accordance
with the Settlement Procedures Order, for good and
valuable consideration the receipt and sufficiency of
which is hereby acknowledged, the Parties hereby
STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    [TERMS OF SETTLEMENT].

---

[1]   All capitalized terms not otherwise defined herein shall have the
      meaning ascribed to such terms in the Settlement Procedures Order.

3

2.    Nothing contained herein shall be deemed
an admission of liability on the part of the Debtors or
[_] with respect to the Settlement Claim.

3.    Neither this Agreement, nor any statement
made or action taken in connection with the negotiation
of this Agreement, shall be offered or received in
evidence or in any way referred to in any legal action
or administrative proceeding among or between the
parties hereto, other than as may be necessary (a) to
obtain approval of and to enforce this Settlement
Agreement or (b) to seek damages or injunctive relief in
connection therewith.

4.    Each of the parties hereto shall execute
and deliver any and all additional papers, documents and
other assurances, and shall do any and all acts and
things reasonably necessary or appropriate in
conjunction with the performance of their respective
obligations hereunder.

5.    No provision of this Settlement Agreement
is intended to confer any rights, benefits, remedies,
obligations or liabilities hereunder upon any person

4

other than the parties hereto and their respective

successors.

6.   This Agreement shall be governed by and

construed in accordance with the internal laws of the

State of Virginia without regard to any choice of law

provisions.

7.   This Agreement may be signed in

counterpart originals and delivered by facsimile or

email, which, when fully executed, shall constitute a

single original.

8.   This Agreement constitutes the entire

agreement and understanding of the parties regarding the

Agreement and the subject matter thereof.

9.   The United States Bankruptcy Court for

the Eastern District of Virginia shall retain exclusive

jurisdiction (and the parties consent to such retention

of jurisdiction) with respect to any disputes arising

from or related to, or other actions to interpret,

administer or enforce the terms and provisions of, this

Agreement.

10.   Each person or entity who executes this

Settlement Agreement on behalf of another person or

entity represents and warrants that he, she, or it is
duly authorized to execute this Agreement on behalf of
such person or entity, has the requisite authority to
bind such person or entity, and such person or entity
has full knowledge of and has consented to this
Agreement.  The representations and warrantys set forth
in this paragraph shall survive execution of this
Agreement.

     11.  This Agreement is effective upon the
later of (i) execution by both parties and (ii) the
expiration of the applicable Notice Period.

     12.  This Agreement shall not be modified,
altered, amended or vacated without the written consent
of all parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, this Agreement is hereby

executed as of the later of the dates set forth below.

ACCEPTED AND AGREED TO BY:

Dated: [Date]                    Dated: [Date]


By:_____        By:_____
[CLAIMANT]                      [DEBTOR]
[Address]                       [Address]
[Address]                       [Address]
[Address]                       [Address]

7