UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | Jointly Administered |
| Debtors. | ) | |

**RESPONSE OF PLANTRONICS, INC. TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

Plantronics, Inc. ("Plantronics") hereby files its response (the "Response") to the Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (the "Objection"). In support of its Response, Plantronics states as follows:

**BACKGROUND**

1. On November 10, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

---

Christopher L. Perkins (Va. Bar No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Post Office Box 2499
Richmond, Virginia 23218
(804) 783-7550
(804) 783-7686 (facsimile)

Lawrence Schwab, Esq.
Thomas M. Gaa, Esq.
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, California 94306
(650) 857-9500

    Counsel for Plantronics, Inc.

2. As of the Petition Date, the Debtors were indebted to Plantronics in the amount of not less than $80,453.62 for goods Plantronics delivered to the Debtors (the "Prepetition Goods").

3. On the Petition Date, Plantronics demanded, in writing (the "Reclamation Demand"), reclamation of $20,062.40 of the Prepetition Goods that the Debtors received from Plantronics (the "Reclamation Goods").

4. After the Petition Date, the Debtors received not less than $296,365.00 in goods from Plantronics (the "Administrative Goods").

5. On January 16, 2009, Plantronics timely filed a proof of claim against the Debtors that was assigned claim number 5096 ("Claim No. 5096") by the Debtors' Court-approved claims agent.

6. In Claim No. 5096, Plantronics properly asserts that the part of its claim that relates to the Reclamation Goods ($20,062.40) is a secured claim, as a result of the Reclamation Demand. As for the remaining parts of Claim No. 5096, Plantronics properly asserts (a) an administrative claim (the "Administrative Claim") for the Administrative Goods ($296,365.00), and (b) a general unsecured, non-priority claim for the balance of the Prepetition Goods ($60,391.22).

7. On June 22, 2009, the Debtors filed the Objection, which included an objection to Claim No. 5096. In the Objection, the Debtors ask this Court to reclassify the secured Reclamation Goods portion of Claim No. 5096 because based on the Debtors' review of their books and records, the Debtors believe that the secured Reclamation Goods portion of Claim No. 5096 has been "asserted with incorrect classifications and should be reclassified" to a general unsecured, non-priority claim. Objection, ¶ 11.

**RESPONSE**

8.  Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a party-in-interest objects. 11 U.S.C. § 502(a). A proof of claim also operates as *prima facie* evidence of such claim. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess., at 62 (1978); see also Fed. R. Bankr.P. 3001(f).

9.  The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. Claim No. 5096 satisfies the *prima facie* validity requirement.

10. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the *prima facie* validity of the proof of claim by refuting at least one of the essential allegations of the claim. Only after the objecting party produces evidence equal in probative force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. See In re Alegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). See also Brown v. IRS (In re Brown), 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); In re Hemingway Transp., Inc., 993 F.2d 915 (1st Cir. 1993) (an objection to a claim does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence); Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("a properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party-in-interest. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of

claim") (citations omitted).

11.  Claim No. 5096 is supported, *inter alia*, by an attached spreadsheet identifying each transaction number, invoice date, due date, reference number and amount due, as well as a true and correct copy of the Reclamation Demand.  Merely alleging that some portion of Claim No. 5096 is misclassified, without explanation, analysis or detailed facts is not sufficient to defeat the *prima facie* validity of the Claim No. 5096.  See Objection, ¶ 11.

12.  Because the Debtors have failed to produce any evidence, let alone "evidence equal in probative force to that underlying the proof of claim," the Debtors' objection to Claim No. 5096 should be overruled.  Fullmer, 962 F.2d at 1466.

13.  Other than the unsupported and self-serving statements of the Debtors in the Objection, the Debtors have produced no evidence to support their request in the Objection that Claim No. 5096 should be reclassified.  Accordingly, the Debtors' request to reclassify Claim No. 5096 should be denied.

## RESERVATION OF RIGHTS

14.  Plantronics reserves its rights to supplement this Response in advance of any final hearing on the Objection with additional facts, law and the declaration of a person with personal knowledge of the relevant facts that supports the Response, in accordance with the Order Establishing Omnibus Objection Procedures (Docket No. 2881).

15.  Nothing in the Objection appears to indicate that the Debtors are objecting (at this time) to Plantronics' Administrative Claim.  Any Court order that enters on the Objection with respect to Claim No. 5096 should not impact Plantronics' Administrative Claim.

WHEREFORE, Plantronics, Inc. respectfully requests that the Court enter an order (i) denying the Objection as it relates to Claim No. 5096, (ii) reserving Plantronics' rights in accordance with this Response, and (iii) granting such further and other relief as the Court deems just and proper.

PLANTRONICS, INC.

/s/ Christopher L. Perkins
Counsel

Christopher L. Perkins (Va. Bar No. 41783)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Post Office Box 2499
Richmond, Virginia 23218
(804) 783-7550
(804) 783-7686 (facsimile)

Lawrence Schwab, Esc.
Thomas M. Gaa, Esc.
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, California 94306
(650) 857-9500

Counsel for Plantronics, Inc.

## CERTIFICATE OF SERVICE

Pursuant to the *Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management and Administrative Procedures* entered on November 13, 2008 [Docket No. 130], I hereby certify that on this 16th day of July, 2009 the foregoing Response was served upon the following parties via electronic mail.

    Skadden, Arps, Slate, Meagher & Flom, LLP
    One Rodney Square
    P.O. Box 636
    Wilmington, DE 19899-0636
    Attn:  Gregg M. Galardi
    Attn:  Jan S. Fredericks

    McGuireWoods LLP
    One James Center
    901 E. Cary Street
    Richmond, VA 23219
    Attn:  Dion W. Hayes
    Attn:  Douglas M. Foley

    Skadden, Arps, Slate, Meagher & Flom, LLP
    333 West Wacker Drive
    Chicago, IL 60606
    Attn:  Chris L. Dickerson

I further certify that the original of the foregoing Response was filed with the Court via the Clerk's CM/ECF electronic filing system on July 16, 2009.

                                            /s/ Christopher L. Perkins
                                            Counsel