UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CIRCUIT CITY STORES, INC.** | ) Case No. 08-035653 |
| | ) Chapter 11 |
| Debtor. | ) Judge Kevin R. Huennekens |

**RESPONSE OF THE PARKES COMPANIES, INC. TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

Comes now The Parkes Companies, Inc. (hereinafter "Parkes"), by and through counsel, hereby files this response to the Debtor's Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims) (the "Nineteenth Omnibus Claim Objection"), and in support thereof states as follows:

## BACKGROUND

1. On or about August 31, 2008, Circuit City Stores, Inc. ("Circuit City") entered into a contract with Parkes for the construction of a facility known as "Circuit City Crossings on Spring Hill" (the "Project"), for a contract price of $1,178,169.00.

2. Parkes performed in accordance with the contract, completing the facility for which Circuit City contracted.

3. Despite repeated requests for payment, Parkes has yet to be paid in full for the materials and/or labor provided in the construction of the Project. The remaining outstanding balance owed Parkes is $35,107.00.

4. On or about November 11, 2008, Circuit City properly filed its Notice of Mechanic's and Materialman's lien against the property and Circuit City's leasehold interest in the property.

259339.1

5. On or about January 8, 2009, Parkes timely filed a secured proof of claim against Circuit City in the amount of $35,107.00, asserting the amounts owed pursuant to the aforementioned lien and contract between Circuit City and Parkes (the "Claim").

6. On June 22, 2009, the Debtors filed the Nineteenth Omnibus Claim Objection, by which they objected to the Claim, seeking its reclassification from a secured claim to a general unsecured, non-priority claim.

## DISCUSSION

7. Under Bankruptcy Rule 3001(f), a properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim" and is deemed allowed unless objected to by a party in interest. *See* Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a).

8. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly-filed claim. *See In re Fleming,* No. 08-30200, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted).

9. Moreover, "the mere filing of an objection does not satisfy this requirement." *Id.* (citation omitted); *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991) (stating that a properly-filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

10. If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *In*

*re Harford Sands Inc.*, 372 F.3d at 461-62. The Claim is secured by a properly filed Mechanic's and Materialman's lien. A true and accurate copy of the notice of lien is attached hereto as ***Exhibit A***. Pursuant to 11 U.S.C. § 506(a)(1), the Claim is properly secured by a lien on property in which the estate of Circuit City has an interest; and Parkes' Claim is secured to the extent of the value of Circuit City's interest in such property. Accordingly, the burden has shifted to the Debtors to produce sufficient evidence to overcome the prima facie validity of the Claim.

11.     Here, however, Circuit City has failed to present any evidence, much less sufficient evidence, to defeat the prima facie validity of Parkes' Claim. As the basis for their objection to Parkes' Claim, Circuit City has stated only that the "Misclassified Claims [which include the Claim] are asserted with incorrect classifications and should be reclassified to general unsecured, non-priority claims," (Nineteenth Omnibus Claim Objection, ¶ 11), but have not explained why Parkes' Claim should be reclassified as a general unsecured claim.

12.     Accordingly, the Debtors have failed to carry their burden to overcome the prima facie validity of the Claim, and the Nineteenth Omnibus Objection must be overruled as it pertains to the Claim.

13.     Pursuant to the Omnibus Objection Procedures, James Wilson is a "person with personal knowledge of the relevant facts that support the Response," and has provided a declaration in support of this Response, which is attached hereto.

## NOTICE ADDRESS

14.     Attorneys for the Debtors should serve a reply to the Response, if any, the counsel below:

3

259339.1

Ann E. Schmitt, VSB No. 22030
CULBERT SCHMITT, PLLC
30C Catoctin Circle, SE
Leesburg, Virginia 20175
703-737-6377 telephone
703-737-6370 facsimile
aschmitt@culbert-schmit.com

and

H. Brent Patrick, BPR No. 19532
Craig N. Mangum, BPR No. 27398
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, TN 37201
(615) 742-8580 telephone
(615) 742-8556 facsimile
bpatrick@smithcashion.com

WHEREFORE, for the foregoing reasons and for such other reasons which may be presented at any hearing on the Nineteenth Omnibus Claim Objection or in any supplemental responses filed by Parkes, Circuit City has failed to satisfy its burden to produce sufficient evidence to defeat the prima face validity of Parkes' Claim. Accordingly, Parkes respectfully requests that the Court enter an order overruling the Nineteenth Omnibus Claim Objection as it pertains to Parkes' Claim, and granting such other relief as the Court deems appropriate.

Dated July 16, 2009.

Respectfully submitted,

*/s/ Ann E. Schmitt*
Ann E. Schmitt, VSB No. 22030
CULBERT SCHMITT,
30C Catoctin Circle, SE
Leesburg, VA 20175
703-737-6377 telephone
703-737-6370 facsimile
aschmitt@culbert-schmit.com

4

259339.1

H. Brent Patrick, BPR No. 19532
Craig N. Mangum, BPR No. 27398
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, TN 37201
(615) 742-8580 telephone
(615) 742-8556 facsimile
bpatrick@smithcashion.com
*Attorneys for The Parkes Companies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by first class, U.S. Mail, postage prepaid or electronic means to the Office of the U.S. Trustee, 600 E. Main Street, Suite 301, Richmond, VA 23219 on this the 16 day of July, 2009.

*/s/ Ann E. Schmitt*

5

259339.1