**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | | |
|---|---|---|
| IN RE: | * | CASE NO.:    **08-35653-KRH** |
| CIRCUIT CITY STORES, INC., *et al.*, | * | (CHAPTER 11) |
| DEBTORS. | * | (JOINTLY ADMINISTERED) |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF TOSHIBA AMERICA INFORMATION SYSTEMS, INC. TO DEBTORS'
NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION
OF CERTAIN MISCLASSIFIED CLAIMS TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)**

Toshiba America Information Systems, Inc. ("TAIS"), by its attorneys, files this response to the *Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* [Docket No. 3703] (the "Objection"), and states:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a contested matter under Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and is a core proceeding under 28 U.S.C. § 157(b).

2. The Debtors commenced this bankruptcy case on November 10, 2008 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America Information Systems, Inc.*

95801.doc

3. TAIS timely filed a proof of claim in the amount of $14,400,858.33, asserting a claim entitled to treatment as an administrative priority (the "Claim"). The Claim was assigned claim number 9391.

4. In their Objection, the Debtors assert that the Claim is misclassified, and seek to reclassify the Claim in its entirety as a general unsecured, non-priority claim.

5. Under Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim, and is deemed allowed unless objected to by a party in interest. FED. R. BANKR. P. 3001(f); 11 U.S.C. § 502(a).

6. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly filed claim. Id. at 640 (citations omitted). See also In re Fleming, No. 08-30200-KRH, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted).

7. Simply filing an objection to the proof of claim does not satisfy the objecting party's burden. Id. (citing C-4 Media Cable S., L.P. v. Reds T.V. and Cable, Inc. (In re C-4 Media Cable S. L.P.), 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). See also Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991) (holding that a properly filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

8. If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." Harford Sands, 372 F.3d at 461-62 (citation omitted).

9. TAIS recently amended its Claim to more properly characterize its claim under § 503(b)(9) of the Bankruptcy Code. A copy of the amended Claim, without supporting documentation due to its size, is attached hereto as Exhibit 1 and incorporated herein by reference.

10. While the Claim, originally and as amended, is adequately supported, Debtors' Objection is not. The Debtors have neither presented evidence supporting their objection to the Claim nor explained the basis for reclassification of the Claim. Instead, they simply make the conclusory statement that "the Misclassified Claims are asserted with incorrect classifications and should be reclassified to general unsecured, non-priority claims." (Objection ¶ 11). Such a statement hardly satisfies the Debtors' burden.

11. Accordingly, TAIS has properly characterized its Claim. The Debtors, on the other hand, have failed to carry their burden to overcome the facial validity of the Claim. Therefore, the Objection must be overruled as to the Claim, as amended.

12. TAIS respectfully requests that the Court treat this Response as a written memorandum of points and authorities or waive any requirement that this Response be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(H).

WHEREFORE, Toshiba America Information Systems, Inc. respectfully requests that this Court:

    A. Overrule the Debtors' Objection; and

B.    Provide such other and further relief as the Court determines to be necessary.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Owings Mills, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Toshiba America
 Information Systems, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July, 2009, a copy of the foregoing, along with attached exhibit, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg