**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| In re: | * | |
| **CIRCUIT CITY STORES, INC., <u>et al.</u>,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| Debtors, | * | (Jointly Administered) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>RESPONSE OF (I) ALLIANCE ENTERTAINMENT LLC, NOW KNOWN AS SOURCE INTERLINK DISTRIBUTION, LLC; AND (II) SOURCE INTERLINK MEDIA, LLC TO DEBTORS' TWENTIETH, TWENTY-SECOND AND TWENTY-THRID OMNIBUS OBJECTIONS TO CLAIMS</u>

Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, ("Alliance") and Source Interlink Media, LLC ("SIM") (Alliance and SIM shall collectively be referred to as "Source"), hereby submit this Response to the Debtors' Twentieth, Twenty-Second and Twenty-Third Omnibus Objections to Certain Claims (the "Response"), and in support thereof, state:

### <u>Background</u>

1. Alliance and Circuit City Stores, Inc. ("Circuit City") are parties to a Retail Product Services and Supply Agreement, dated June 15, 2007, as amended by Amendment No.

Bradford F. Englander, VSB# 36221
Brian M. Nestor, VSB# 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)
benglander@wtplaw.com

*Counsel for Alliance Entertainment LLC,*
*now known as Source Interlink Distribution, LLC, and*
*Source Interlink Media, LLC*

1, dated April 29, 2008, and Amendment No. 2, dated September 15, 2008 (collectively, with exhibits and schedules, the "Alliance Agreement").[1] Under the Alliance Agreement, Alliance sells or provides supply chain services to Circuit City with respect to compact discs ("CDs"); digital video discs ("DVDs") and video games ("Gaming").

2. SIM and Circuit City are parties to an agreement dated July, 2006 (the "SIM Agreement"). Under the SIM Agreement, SIM sells books and magazines (the "Books" and "Magazines" to Circuit City (collectively, the CDs, DVDs, and Gaming products and Books and Magazines are referred to herein as the "Goods").

3. Prior to the Petition Date (defined below), Alliance and SIM delivered Goods and provided services to the Debtors for which no payment was made by the Debtors (the "Source Claims"). These Goods and services were provided with respect to the Debtors' nationwide fleet of stores, depending on inventory levels and demand at a particular location.

4. Debtor Circuit City and its related entities (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2009 ("Petition Date").

5. On November 12, 2008, this Court entered its Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

6. Pursuant to the 503(b)(9) Bar Date Order, the Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and the

---

[1] By Consent Order entered January 23, 2009, the Debtors and Source agreed, and the Court ordered, that the Alliance and SIM Agreements, exhibits and contents thereof would be held and maintained in confidence under seal. A copy of the agreements can be provided upon request, subject to the Consent Order referenced herein.

2

503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was December 19, 2008 (the "503(b)(9) Bar Date").

7. On December 10, 2009, the Court entered its Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

8. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. §105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). This Court also approved the form and manner of the General Bar Date notice ("General Bar Date Notice"), which was attached to the Claims Bar Date Order.

9. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10. Prior to filings its claims against the various Debtor entities, counsel for Source informally requested information from counsel for the Debtors with respect to the various Debtors' stores and corresponding Debtors' bankruptcy cases. The basis for the requests was to ensure that claims were filed in the appropriate bankruptcy cases. Source has not yet received the requested information.

11. Source complied with the Court's 503(b)(9) Bar Date Order and Claims Bar Date Order with respect to timing and filing requirements for asserting its claims against the various Debtors entities. Source filed the following claims against the Debtors:[2]

    a. "Alliance 503(b)(9) Claim" filed on December 17, 2008 as follows: (i) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City PR, LLC; (ii) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (iii) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

    b. "SIM 503(b)(9) Claim" filed on December 17, 2008 as follows: (i) $360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (ii) $360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

---

[2] The General Bar Date Notice stated:

    [a] creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

Source filed the Alliance Unsecured Claim, Alliance Secured Claim and SIM Unsecured Claim without the voluminous spreadsheets and CD-ROM attachments. Upon the request of a representative of the Debtors, the support was delivered in June.

4

  c. "Alliance Unsecured Claim" filed on January 30, 2009 as follows: (i)$10,996,107 for unpaid goods and services against Circuit City PR, LLC; (ii) $10,996,107 for unpaid goods and services against Circuit City Stores West Coast, Inc.; and (iii) $11,646,519.00 for goods, services and other contractual/indemnity claims against Circuit City Stores, Inc.;

  d. "Alliance Secured Claim" filed on January 30, 2009 as follows: (i)$1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores West Coast, Inc.; and (ii) $1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores, Inc.; and

  e. SIM Unsecured Claim filed on January 30, 2009 as follows: (i) $875,724.31 for unpaid goods and services provided against Circuit City Stores West Coast, Inc.; and (ii) $875,724.31 for unpaid goods and services provided against Circuit City Stores, Inc.

### The Objections

12. On June 4, 2009, the Debtors filed their Tenth Omnibus Objection to Certain Duplicative Claims (the "Tenth Objection"). As set forth in the Tenth Objection, the Debtors seek the disallowance of certain duplicate claims, including alleged duplicative claims relating to the Alliance Unsecured Claim, the Alliance Secured Claim and the SIM Unsecured Claim.[3] Moreover, the Debtors provide that the claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

---

[3] On June 29, 2009, Alliance and SIM filed their Response of (I) Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and (II) Source Interlink Media, LLC to Debtors' Tenth Omnibus Objections to Claims.

13. On June 23, 2009, the Debtors filed their Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims filed as 503(b)(9) Claims for Goods Received by the Debtors not within Twenty Days of the Commencement of the Cases) (the "Twentieth Objection").  As set forth in the Twentieth Objection, the Debtors seek to reclassify a portion of the Alliance 503(b)(9) Claim to an unsecured claim on the basis that some of the goods delivered by Alliance were received by the Debtors outside of the 20 day period prior to the Petition Date, as more fully set forth in Exhibit A to this Response.  Moreover, the Debtors provide that the claims that are the subject of this Objection may be the subject to additional subsequently filed objections.

14. On June 23, 2009, the Debtors filed their Twenty-Second Omnibus Objection to Claims (Disallowance of Certain Claims Filed Against the Wrong Debtor)(the "Twenty-Second Objection").  As set forth in the Twenty-Second Objection, the Debtors seek to disallow claims relating to the Alliance 503(b)(9) Claim and the Alliance Secured Claim on the basis that they were asserted against the wrong debtor and were filed in two (2) or more proofs of claim against the same Debtor, in the same amount, asserting the same liability, based upon the same underlying basis and claim, and asserting the same classification, as more fully set forth in Exhibit B to this Response.

15. On June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)(the "Twenty-Third Objection"). As set forth in the Twenty-Third Objection, the Debtors seek to disallow claims relating to the SIM 503(b)(9) Claim on the apparent basis that the SIM 503(b)(9) Claim and the SIM Unsecured Claim, include amounts that overlap and therefore any duplication in amounts asserted should be disallowed, as more fully set forth in Exhibit C to this Response.

6

16. The Debtors allege that they have reviewed and reconciled the alleged debt obligations as to the proper Debtor entity and asserted amounts. With respect to the Twentieth Objection, the alleged basis for the objection is basically that the Debtors could not reconcile the claims to its books and records. With respect to the Twenty-Second and Twenty-Third Objections, the alleged grounds for the objections are that either the amounts asserted have not been reconciled to the Debtors books and records or the claims are set forth in another proof of claim (or administrative priority claim) filed by Source.

**Argument**

17. Source does not intend to have multiple recoveries for the same Goods. However, without a complete reconciliation of the 503(b)(9) claims, secured claims and unsecured claims between Source and the Debtors and more information with respect to the ownership and operation of each of the Debtors' stores and the corresponding dollar value and timing of Goods and services provided by Source to each store, the Debtors' objections are, at best, premature.

18. With respect to the Twenty-Second and Twenty-Third Objections, while Source and the Debtors are parties to the Alliance and SIM Agreements, and certain contract damages claims exist, to the extent that Goods and services were provided to a store owned by a respective Debtor entity other than Circuit City (i.e., Circuit City Stores West Coast, Inc. ("Circuit City West"), damages under additional legal and equitable theories of reliance, unjust enrichment, quantum meruit and the like exist against the owner of the stores who benefited from the delivery of the respective Goods and provision of services.

19. With respect to the Twentieth and Twenty-Third Objections, a reconciliation of the timing of the receipt of Goods must occur before any determination could be made with respect to a reclassification, reduction and/or consolidation of claims.

20. Source has provided sufficient support to meet its burden with respect to the allowance of its claims.  The Debtors have merely provided tables that incorporate claim numbers and amounts that appear to be similar or provide receipt dates that appear to be outside of an applicable twenty day period prior to the Petition Date.  However, as mentioned above, the Debtors' provision of concrete facts backing up their assertions, and a conclusion of the account reconciliation process, the claims filed by Source should be allowed in each of the respective cases and amounts.  Moreover, with respect to any claim of duplication or redundancy, Source is entitled to recover against any Debtor entity to the extent it received or benefited from the delivery of Goods or provision of services from Source.

21. To establish an objection to a claim, both liability and specific amount must be proven. Source bears the initial burden of proof relative to the Debtors' liability to Source.

22. Source submitted sufficient support to the Debtors.  The supporting documentation provided by Source provided evidence establishing the timing and the amount of the claims, and attached sufficient declarations or other verifications in support of or authentication of the amounts claimed.

23. To the extent that Source has contractual damage claims against Circuit City and an unjust enrichment claim against Circuit City West, different grounds exist for liability and completely different entities are liable to Source.  Moreover, to the extent that the objections are based on receipt dates, more proof must be provided and the claim and objection must be reconciled.  While counsel for the Debtor has notified Source at various stages of the Debtors'

attempted reconciliation of the Source Claims, the process is still on-going. This reconciliation and fact gathering must be completed, prior to any determination with respect to the disallowance of the Source Claims.

24. The claims filed by Source and supporting documentation provided with respect to such claims provided evidence authenticating and establishing the timing, amounts and basis of the claims. Thus, without a complete reconciliation of the Source Claims, any objection is premature. The Twentieth, Twenty-Second and Twenty-Third Omnibus Objections should be overruled.

### Request for Hearing

25. Pursuant to Local Bankruptcy Rule 3007-1(B), Source requests that the Court grant it a hearing on its Response to the Debtor's Twentieth, Twenty-Second and Twenty-Third Omnibus Objections to Claims on a date and time to be set by this Court consistent with the Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections or as soon thereafter as it may be heard.

Wherefore, Source prays that this Court enter an order: (a) overruling the Twentieth, Twenty-Second and Twenty-Third Objections; (b) allowing the Source Claims in amounts and against the Debtor entities as filed; and (c) for such other and further relief as the Court deems just and proper.

Dated:  July 16, 2009                                    Respectfully submitted,


                                  /s/ Bradford F. Englander
                                  Bradford F. Englander
                                  Virginia Bar No. 36221
                                  Brian M. Nestor
                                  Virginia Bar No. 77133
                                  Whiteford, Taylor & Preston LLP
                                  3190 Fairview Park Drive, Suite 300
                                  Falls Church, Virginia 22042
                                  (703) 280-9081 (tel)
                                  (703) 280-3370 (fax)
                                  benglander@wtplaw.com


                                  Counsel for Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC

**Exhibit A**
Twentieth Omnibus Objection

| CLAIM TO BE MODIFIED: | MODIFIED CLAIM: |
|---|---|
| Claim No: 1442   Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 1/30/2009<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim   Amount: $4,010,658.44 | Claim No: 1442   Debtor: Circuit City Stores, Inc. (08-35653)<br><br>Filed: 1/30/2009<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim   Amount: $3,720,569.76<br>Unsecured Balance   Amount: $290,088.68<br>Modified Total:   $4,010,658.44 |

**Exhibit B**
Twenty-Second Omnibus Objection

| CLAIM TO BE DISALLOWED: | | SURVIVING CLAIM: | |
|---|---|---|---|
| Claim No: 9833<br><br>Filed: 1/30/2009<br>Creditor: Alliance Entertainment, LLC<br><br>Status: Secured | Debtor: Circuit City Stores PR, LLC (08-35660)<br><br><br><br>Amount: $1,028,153.34 | Claim No: 8960<br><br>Filed: 1/30/2009<br>Creditor: Alliance Entertainment, LLC<br><br>Status: Secured<br>      Unsecured | Debtor: Circuit City Stores, Inc. (08-35653)<br><br><br><br>Amount: $1,028,153.34<br>Amount: UNL |
| Claim No: 1202<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim | Debtor: Circuit City Stores PR, LLC (08-35660)<br><br><br><br>Amount: $4,010,658.44 | Claim No: 1442<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim<br>      Unsecured | Debtor: Circuit City Stores, Inc. (08-35653)<br><br><br><br>Amount: $4,010,658.44<br>Amount: UNL |
| Claim No: 928<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim | Debtor: Circuit City Stores West Coast, Inc. (08-35660)<br><br><br><br>Amount: $4,010,658.44 | Claim No: 1442<br><br>Filed: 12/17/2008<br>Creditor: Alliance Entertainment, LLC<br><br>Status: 503(b)(9) Claim<br>      Unsecured | Debtor: Circuit City Stores, Inc. (08-35653)<br><br><br><br>Amount: $4,010,658.44<br>Amount: UNL |

**Exhibit C**
Twenty-Third Omnibus Objection

| CLAIM TO BE DISALLOWED: | MODIFIED CLAIM: |
|---|---|
| Claim No: 9637  Debtor: Circuit City Stores, Inc. (08-35653)  Filed: 1/30/2009  Creditor: Source Interlink Media, LLC  Status: Unsecured   Amount: $875,724.31 | Claim No: 9637  Debtor: Circuit City Stores, Inc. (08-35653)  Filed: 1/30/2009  Creditor: Source Interlink Media, LLC  Status: Unsecured   Amount: $521,031.31 |
| Claim No: 1345  Debtor: Circuit City Stores, Inc. (08-35653)  Filed: 12/17/2008  Creditor: Source Interlink Media, LLC  Status: 503(b)(9) Claim   Amount: $360,345.31 | Claim No: 1345  Debtor: Circuit City Stores, Inc. (08-35653)  Filed: 12/17/2008  Creditor: Source Interlink Media, LLC  Status: 503(b)(9) Claim   Amount: $360,345.31 |

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response was mailed by overnight delivery and electronic mail, this 16th day of July, 2009, to the following:

Greg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Counsel for the Debtors
gregg.galardi@skadden.com
ian.fredericks@skadden.com

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Counsel for the Debtors
dfoley@mcguirewoods.com
dhayes@mcguirewoods.com

Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
36th Floor New York, NY 10017
Counsel for the Creditors' Committee Case
rfeinstein@pszjlaw.com

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606
Counsel for the Debtors
chris.dickerson@skadden.com

Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street Second Floor
Richmond, VA 23219
Counsel for the Creditors' Committee
ltavenner@tb-lawfirm.com

Robert B. Van Arsdale, Esq.
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Robert.B.Van.Arsdale@usdoj.gov

and that the foregoing Response was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

                                            /s/Brian M. Nestor
                                            Brian M. Nestor