## SIGN EASEMENT AGREEMENT

Lowe's Store Number:  1574
Lowe's Store Location:  Moreno Valley, CA
Circuit City Store Number: 249

This **SIGN EASEMENT AGREEMENT** ("Agreement") is entered into this _____ day of _____, 2005 (the "Commencement Date"), by and between LOWE'S HIW, INC., a Washington corporation (hereinafter referred to as "Lowe's"), and CIRCUIT CITY STORES WEST COAST, INC., a California corporation (hereinafter referred to as "Circuit City").

## RECITALS:

1.     Lowe's is the fee simple owner of certain real property in the City of Moreno Valley, County of Riverside, State of California, which property is more particularly described on **Exhibit A** attached hereto and made a part hereof for all purposes (the "Lowe's Property");

2.     Circuit City is the owner of certain real property in the City of Moreno Valley, County of Riverside, State of California, which property is described on **Exhibit B** attached hereto and made a part hereof for all purposes (the "Circuit City Property");

3.     Lowe's is the owner of a monument sign (the "Monument Sign") as shown on **Exhibit C** attached hereto and made a part hereof for all purposes (the "Site Plan"); and

4.     Lowe's and Circuit City enter into this Agreement for the purpose of setting forth the terms, conditions and provisions for an easement granted by Lowe's to Circuit City for the placement or affixation of a sign panel ("Sign Panel"), with specifications as shown on **Exhibit D** attached hereto and made a part hereof for all purposes, on the Monument Sign.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## STATEMENT OF AGREEMENT

1.     **Sign Panel Easement.**

Lowe's hereby grants and conveys to Circuit City, for Circuit City's use, an easement for the right and privilege to place or affix a Sign Panel (both sides) to the Monument Sign to be located in the position specified for such Sign Panel on **Exhibit D**.  The foregoing easement grant shall include reasonable access over, across, and upon Lowe's Property to permit such Sign Panel to be installed, replaced, maintained and operated.

2.    **Encumbrance Fee.**

Circuit City shall pay to Lowe's a one-time encumbrance fee of Five Thousand Dollars ($5,000.00).

3.    **Use of Pylon Sign and Sign Panel.**

The design and size of the Sign Panel located on the Monument Sign shall be as set forth on **Exhibit D**.  Any changes or additions to the plans and specifications of the Sign Panel shall require Lowe's prior written consent, which consent shall not be unreasonably withheld or delayed.  The Sign Panel of Circuit City shall comply with all applicable laws, regulations, and ordinances, including appropriate sign control and zoning ordinances of the applicable governmental authorities.

Circuit City shall have the right to attach and maintain, on the Monument Sign, a Sign Panel displaying the name of an occupant conducting business on the Circuit City Property subject to and conditioned upon the following:

a.    the Sign Panel size shall be smaller than that of Lowe's, and shall at all times remain placed under the Lowe's signage;

b.    attachment and installation of the Sign Panel shall not diminish the size of the Lowe's signage on the Monument Sign;

c.    Circuit City shall separately meter and pay for all electricity and utility charges for illumination of Circuit City's Sign Panel if required by Lowe's;

d.    the Sign Panel shall not be used at any time for the display of signs that advertise or identify a nightclub, bar, lounge, massage parlor, modeling studio, adult entertainment facility, adult bookstore or other establishment selling or exhibiting pornographic material, a gambling establishment, or any other similarly objectionable establishments; and

e.    the Sign Panel shall not be used at any time for the display of signs that advertise or identify a retail home improvement or home improvement service type business without the express written consent of Lowe's.

4.    **Construction and Maintenance of Sign Panel.**

Circuit City, at it sole cost and expense, shall (a) obtain all governmental approvals for the attachment and installation of the Sign Panel and deliver such copies of all approvals to Lowe's prior to the attachment and installation, (b) provide the necessary utility lines, if needed, to the Sign Panel; (c) maintain the Sign Panel in good repair and condition at all times, and shall promptly, not to exceed ten (10) days from notice of Lowe's, repair damage to the Sign Panel, the Monument Sign or any sign panels installed thereon, caused by Circuit City or Circuit City's contractors, agents, employees, licensees or invitees.

5.    **Maintenance of Pylon Sign.**

Lowe's shall maintain the Monument Sign and all related improvements related to the Monument Sign in good condition and state of repair, including the replacement of landscaping, if any.  Any and all work involving the Monument Sign shall be performed in compliance with all applicable laws, regulations and ordinances, including appropriate sign control and zoning ordinances of the applicable governmental authorities.

Circuit City shall pay Lowe's an annual maintenance fee (the "Maintenance Fee") of One Thousand Dollars ($1,000.00), such Maintenance Fee to be inflated every year by three (3%) percent. Payment of the Maintenance Fee shall commence upon execution of this Agreement and shall be paid on January 1 of each year thereafter.  Should it be a partial year at the beginning of the term of this Agreement, the Maintenance Fee for such partial year shall be prorated upon a daily basis based upon a three hundred and sixty-five (365) day calendar year. Should this Agreement be terminated, Lowe's agrees to refund to Circuit City the Maintenance Fee for the remainder of the then current year, calculated by prorating upon a daily basis based upon a three hundred and sixty-five (365) day calendar year. Circuit City shall pay the Maintenance Fee without billing or notice by Lowe's. If the Maintenance Fee is not timely paid, then the overdue amount shall earn interest at a rate that is the lesser of (a) twelve (12%) percent per annum and (b) the maximum rate allowed by applicable law on any unpaid amounts as of thirty (30) days after the due date. If Circuit City fails to pay Lowe's all amounts due, including interest accrued, by the later of (a) ninety (90) days after the payment due date of January 1 or (b) thirty (30) days after notice from Lowe's of an intent to file a lien, Lowe's shall have a lien on the Circuit City Property for such amount. Circuit City confirms that the Maintenance Fee is not based on the actual costs of maintenance by Lowe's and accordingly there shall be no right of audit or entitlement to supporting documentation relating to actual maintenance costs.

6.    **Insurance.**

Prior to commencing any construction activities on the Lowe's Property, Circuit City or Circuit City's contractor, as the case may be, shall obtain or require its contractor to obtain and thereafter maintain so long as such construction activity is occurring, at least the minimum insurance coverages set forth below:

    a.    Commercial General Liability

        i.    $2,000,000 minimum limit per occurrence / $5,000,000 general aggregate (can include umbrella liability limits);  $5,000,000 Products and Completed Operations aggregate

    b.    Automobile Liability

        i.    Any Automobile
        ii.    $2,000,000 minimum Combined Single Limit (which can include umbrella liability limits)

    c.       Workers' Compensation and Employer's Liability

             i.     Statutory Workers' Compensation Coverage
             ii.    All State Endorsement
             iii.   Employer's Liability Limit: $100,000 each employee for disease; $100,000 policy limit for disease; $100,000 bodily injury per accident

    d.       Circuit City shall also abide by the following requirements:

             i.     Lowe's shall be named as an additional insured and the "Additional Insured" language must comply as follows: "Lowe's Companies, Inc. and any and all subsidiaries are named as an additional insured as respect to Commercial General Liability and Automobile Liability.  A waiver of subrogation shall be provided to Lowe's and any subsidiary as respect to Commercial General Liability and Automobile Liability."
             ii.    The policies must be written on an occurrence form.
             iii.   Commercial General Liability and Automobile Liability shall be endorsed to state that coverage is primary over any other available insurance coverages.
             iv.   30 days written notice of cancellation, notice of non-renewal or material changes in coverage.
             v.    Insurance must be written by an insurance company with a minimum rating of Best's A-, VIII or its equivalent, satisfactory to Lowe's and duly incorporated in the United States of America.
             vi.   Most current ISO (Insurance Services Office, Inc.) form for all coverages.
             vii.  Original Certificate of Insurance (Accord form) to be delivered to Lowe's prior to commencement of any work and/or service.
             viii. It is the responsibility of Circuit City to ensure that Lowe's always has a current Certificate of Insurance for all lines of coverage.

7.    **Indemnification.**

    Circuit City agrees to indemnify, defend, and save harmless Lowe's and its parent, subsidiary and/or affiliate companies and their officers, partners, directors, shareholders, employees, agents, tenants, and sub-tenants from and against any and all claims, liabilities, penalties, forfeitures, losses and/or expenses, attorneys' fees, consultant fees and expert fees, judgments, administrative rulings or orders, fines, costs for death of or injury to any person or damage to any property whatsoever, arising out of the installation, operation, or maintenance of the Sign Panel by Circuit City or Circuit City's contractors, agents, employees, licensees or invitees or from any breach by Circuit City under this Agreement.

8.    **Default and Remedies.**

In the event of a breach or threatened breach of this Agreement, only Lowe's or Circuit City shall be entitled to institute proceedings for full and adequate relief from the consequences of said breach or threatened breach. If Lowe's or Circuit City (the "Defaulting Party") shall fail to comply with any term, provision or covenant of this Agreement and shall not cure such failure within thirty (30) days after receipt of written notice (or if the default is of such character as to require more than thirty (30) days to cure and the Defaulting Party shall fail to commence to cure the same within such period or shall fail to use reasonable diligence in curing such default thereafter) from the other party (the "Non-Defaulting Party") to the Defaulting Party of such failure, the Non-Defaulting Party shall have the option of pursuing any remedy it may have at law or in equity, including without limitation specific performance or injunctive relief from a court of competent jurisdiction, or any other remedy permitted under this Agreement. In the event that a breach of this Agreement results in litigation, the non-prevailing party shall pay the reasonable attorneys' fees of the prevailing party.

9.    **Right to Cure.**

With respect to a default under Paragraph 8 above, the Non-Defaulting Party shall have the right, but not the obligation, to cure such default by the payment of money or the performance of some other action for the account of and at the expense of the Defaulting Party; provided, however, that in the event the default shall constitute an emergency condition involving an immediate and imminent threat of substantial injury or harm to persons or property, the Non-Defaulting Party, acting in good faith, shall have the right to cure such default upon such advance notice as is reasonably possible under the circumstances, or, if necessary due to such emergency, without advance notice, so long as notice is given as soon as possible thereafter. To effectuate any such cure, the Non-Defaulting Party shall have the right to enter upon the property of the Defaulting Party (but not into any building on the property) to perform any necessary work or furnish any necessary materials or services to cure the default of the Defaulting Party. Each party shall be responsible for the non-performance or default of its occupants, tenants, and subtenants. In the event any Non-Defaulting Party shall cure a default, the Defaulting Party shall reimburse the Non-Defaulting Party for all costs and expenses incurred in connection with such curative action, including reasonable attorneys' fees, plus interest at the rate that is the lesser of (a) twelve (12%) percent per annum and (b) the maximum rate allowed by applicable law, within ten (10) business days of receipt of demand, together with reasonable documentation supporting the expenditures made.

10.    **Liens.**

In the event any mechanic's lien is recorded against the Lowe's Property as a result of services performed or materials furnished for the use of Circuit City, Circuit City agrees to cause such lien to be discharged within fifteen (15) days after the entry of a final judgment (after all appeals) for the foreclosure of such lien. Notwithstanding the foregoing, upon request of Lowe's, Circuit City agrees to promptly cause such lien to be released and discharged of record, either by paying the indebtedness which gave rise to such lien or by posting bond or other security as shall be required by law to obtain such release and discharge. Nothing herein shall prevent Circuit City from contesting the validity thereof in any manner Circuit City chooses so long as such contest is pursued with reasonable diligence. In the event such contest is

5

determined adversely (allowing for appeal to the highest appellate court), Circuit City shall promptly pay in full the required amount, together with any interest, penalties, costs, or other charges necessary to release such lien of record.  Circuit City agrees to defend, protect, indemnify and hold harmless Lowe's and the Lowe's Property from and against all claims and demands, including any action or proceeding brought thereon, and all costs, losses, expenses and liabilities of any kind relating thereto, including reasonable attorneys' fees and cost of suit, arising out of or resulting from such lien.

11.   **Waivers; Remedies Cumulative.**

No delay or omission by a party hereto in exercising any right or power accruing upon any noncompliance or failure of performance by the other party under the provisions of this Agreement shall impair any such right or power or be construed to be a waiver thereof.  The failure herein to specify a right, power or remedy accruing upon any non-compliance or failure of performance by either of the parties hereto shall not be construed to be a waiver thereof or an impairment of the rights of the party thereby aggrieved to all remedies then available to it at law or in equity by reason of such non-compliance or failure of performance.  A waiver by a party hereto of any of the covenants, conditions or agreements hereof to be performed by the other party shall not be construed to be a waiver of any succeeding breach thereof of any other covenant, condition, or agreement herein contained.

12.   **Termination.**

This Agreement shall commence on the Commencement Date.  The Agreement shall terminate upon the happening of the following:

a.   written agreement of the parties
b.   upon the date that is six (6) months following the day that Circuit City ceases to operate a business on the Circuit City Property
c.   upon Circuit City's default and Circuit City's failure to cure such default
d.   Lowe's removes the Monument Sign from the Lowe's Property

13.   **Removal.**

Within thirty (30) days following the termination of this Agreement, Circuit City, at its sole cost and expense, shall remove the Sign Panel and replace the panel with a blank Sign Panel, and repair and restore any damage caused by its attachment, installation, or removal.  In the event, Circuit City does not remove the Sign Panel within said thirty (30) days, Lowe's shall cause the Sign Panel to be removed and receive reimbursement from Circuit City for the reasonable costs and expense thereof within thirty (30) days upon demand.

14.   **Notices.**

Any notice required or permitted to be given under this Agreement shall be in writing and deemed to be given upon deposit in the U.S. Mail as certified mail, return receipt requested, postage prepaid and addressed to the party being notified at the address herein recited

(or at such other addresses which any party may designate for itself from time to time hereafter by written notice to the other party).

| | |
|---|---|
| Lowe's: | Lowe's HIW, Inc. |
| | P.O. Box 1111 |
| | (268 East, North Wilkesboro, North Carolina 28659) |
| | North Wilkesboro, North Carolina 28656 |
| | Attention: Property Management (REO) |

| | |
|---|---|
| Copy to: | Lowe's HIW, Inc. |
| | P.O. Box 1111 |
| | (268 East, North Wilkesboro, North Carolina 28659) |
| | North Wilkesboro, North Carolina 28656 |
| | Attention: Legal Department (REO) |

| | |
|---|---|
| Circuit City: | Circuit City Stores West Coast, Inc. |
| | 9950 Mayland Drive |
| | Richmond, VA 23233 |
| | Attention: Real Estate Department |
| | Janet Gibbs, Lease Administration |

15. **Binding Effect.**

The benefit of the easement granted herein shall be appurtenant to the Circuit City Property, shall run with the land, and the covenants, agreements, terms, provisions, and conditions of this Agreement shall benefit and bind the owner of such property and its successors in interest. The burden of the easement created in this Agreement shall be appurtenant to the Lowe's Property, shall run with the land, and the covenants, agreements, terms, provisions, and conditions of this Agreement shall benefit and bind the owner of such property and its successors in interest.. This Agreement is not intended to supersede, modify, amend or otherwise change the provisions of any prior instrument affecting the land burdened hereby.

16. **Construction.**

This Agreement shall be governed and construed in accordance with the laws of the State of California.

17. **No Partners; No Rights; Non-Dedication.**

Nothing contained in this Agreement shall be construed to make Lowe's and Circuit City partners or joint venturers or render either party liable for the debts of the other.

The Lowe's Property and the Monument Sign shall be deemed the property of Lowe's for all purposes. The rights and easements contained herein are strictly for the benefit of Circuit City and shall not be construed to confer any right of access to any other person or entity. No other person or entity, including Circuit City, shall have the right to place any sign panels on the Monument Sign, except as may be permitted herein or under the terms of any separate license agreement or easement agreement that may be entered into by Lowe's.

This Agreement is not intended to be a gift or dedication of any portion of the Lowe's Property or the Monument Sign to the general public or for any public purpose.

18.    **Headings and Interpretation.**

The paragraph headings in this Agreement are for convenience only, and shall in no way define or limit the scope or content of this Agreement, and shall not be considered in any construction or interpretation of this Agreement or any part thereof.  Whenever required by the context of this Agreement, the singular includes the plural and the plural includes the singular.

19.    **Severability.**

If any covenant, condition, provision, term, or agreement of this Agreement is, to any extent, held invalid or unenforceable, the remaining portion thereof and all other covenants, conditions, provisions, terms, and agreements of this Agreement, will not be affected by such holding, and will remain valid and in force to the fullest extent permitted by law.

20.    **Condemnation.**

In the event that the easement, or any portion thereof, is taken under the power of eminent domain, any award for such a taking or damages paid as a result of the taking shall be the sole and exclusive property of Lowe's.  Circuit City agrees to execute any instrument of assignment as may be required by Lowe's for the recovery of damages and agrees to turn over to Lowe's any damage proceeds that may be recovered for the taking of the easement, or any portion thereof, but Circuit City may recover for itself damages, if any, for its interest in the easement; provided the award to Lowe's is not reduced thereby.

21.    **No Representation of Title.**

Circuit City accepts the grant of easement by Lowe's under this Agreement subject to all covenants, restrictions and other matters of record.  Lowe's makes absolutely no warranties of title whatsoever and shall not be obligated to defend the title to the property over which the easement is located.

22.    **Amendments.**

This Agreement may be modified, amended, or cancelled only by a written instrument executed by all parties hereto at the time of such modification, amendment, or cancellation and properly recorded in the Official Public Records of Riverside County, in the State of California.

23.    **Assignment.**

Circuit City shall not have the right to assign, sublet or license to any other person or entity the use of the easement and, in particular, the Sign Panel or its rights granted under this Agreement and shall not permit or suffer any other person or entity to use the easement or, in

particular, the Sign Panel, except as permitted under the terms of this Agreement, without the prior written consent of Lowe's.

24.    **Counterparts.**

This Agreement may be executed, acknowledged and delivered in any number of counterparts and each such counterpart shall constitute an original, but together such counterparts shall constitute only one instrument. The signatures to this Agreement may be executed and notarized on separate pages, and when attached to this Agreement shall constitute one (1) complete document.

25.    **Warranty.**

Each of the parties to this Agreement hereby warrant and represent to each other that it is authorized and empowered to execute this Agreement in the capacity indicated.

26.    **Survival.**

The termination of this Agreement shall not relieve either party from its respective obligations accruing prior to the termination.

27.    **Entire Agreement.**

This Agreement, including the recitals hereinabove and the exhibits attached hereto, contain the entire agreement and understanding between the parties concerning the easement provided for herein and supersede all prior agreements, terms, understandings, conditions, representations, and warranties, whether written or verbal, made prior to the date hereof in regard thereto.

(The remainder of this page is intentionally left blank. The signature pages follow.)

SIGNATURE PAGE
FOR
SIGN EASEMENT AGREEMENT
BY AND BETWEEN
LOWE'S HIW, INC. AND CIRCUIT CITY STORES WEST COAST, INC.


IN WITNESS WHEREOF, the parties hereto have signed and sealed this Agreement as of the day and year first shown above.

Lowe's:

LOWE'S HIW, INC.,
a Washington corporation

By: _David E Shelton_____

David E. Shelton
Senior Vice President



STATE OF NORTH CAROLINA            )
                                   ) ss
COUNTY OF WILKES                   )


The foregoing instrument was acknowledged before me this _8_ day of _July_____, 2005, by David E. Shelton, Senior Vice President of LOWE'S HIW, INC., a Washington corporation, on behalf of said corporation.

"OFFICIAL SEAL"
Notary Public, North Carolina
County of Wilkes
Melissa Richardson
My Commission Expires 2/20/2007

_Melina Richardson_____
Notary Public in and for the State of North Carolina

SIGNATURE PAGE
FOR
SIGN EASEMENT AGREEMENT
BY AND BETWEEN
LOWE'S HIW, INC. AND CIRCUIT CITY STORES WEST COAST, INC.


IN WITNESS WHEREOF, the parties hereto have signed and sealed this Agreement as of the day and year first shown above.

Circuit City:

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

By: _~Michael E. Foss_

Michael E. Foss
Chairman and Chief Operating Officer
Financial


STATE OF _Virginia_ )
) ss
COUNTY OF _Henrico_ )


The foregoing instrument was acknowledged before me this _18_ day of _July_, 2005, by _Michael E. Foss_ _Chairman and Chief Financial Office_ of _Circuit City Stores west coast, Inc._ _a California corporation_, on behalf of said _corporation_.

_Kathleen S. Jimerson_
Notary Public in and for the State of _Virginia_


My Commission Expires February 29, 2008

11

# EXHIBIT A

## Legal Description of the Lowe's Property

## LEGAL DESCRIPTION OF LOWE'S PARCEL

Parcel 1 of Parcel Map Number 30278, as shown by map on file in Book 200 of Parcel Maps at pages 59 through 62 inclusive thereof, Records of Riverside County, California, located in the City of Moreno Valley, County of Riverside, California.

Together with any and all improvements and personal property currently located thereon, and including all rights and privileges, advantages, and appurtenances belonging or in anywise appertaining thereto, subject to all matters, liens and encumbrances of record; and

Subject to, and together with, all of the easements, covenants and restrictions set forth in that certain Declaration of Covenants, Conditions, Restrictions and Reciprocal Rights dated 1-30-2002 and recorded concurrently herewith in the Official Records of Riverside County, California, all of which are incorporated herein by this reference.

IR01:223274.17                                           1



2002-059049
01/31/2002 08:00A
45 of 53

## EXHIBIT B

**Legal Description of the Circuit City Property**

## LEGAL DESCRIPTION

PARCEL A OF LOT LINE ADJUSTMENT NO. 933, AS EVIDENCED BY A LOT LINE ADJUSTMENT RECORDED OCTOBER 14, 2003 AS INSTRUMENT NO. 2003-805311 OF OFFICIAL RECORDS, BEING THAT PORTION OF PARCELS 4, 5, AND 6 OF PARCEL MAP NO. 30278, AS SHOWN BY PARCEL MAP ON FILE IN BOOK 200 PAGES 59 THROUGH 62 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

PARCELS 4, 5, AND 6 OF PARCEL MAP NO. 30278 AS SHOWN BY MAP ON FILE IN BOOK 200 OF PARCEL MAPS AT PAGES 59 THROUGH 62, INCLUSIVE THEREOF, RECORDS OF RIVERSIDE COUNTY CALIFORNIA;

EXCEPTING THEREFROM, THE NORTHERLY 29.75 FEET OF THE WESTERLY 168.56 FEET OF SAID PARCEL 6.

SAID PARCEL CONTAINS 3.53 ACRES.

APN: 291-590-004-4 and 291-590-005-5 and 291-590-006-6

# **EXHIBIT C**

**Site Plan**

07/02/2003   17:58   FRI   UDA → 12139963350                    NO.600   D28



# REVISED SITE PLAN - Scheme 'A'

# TOWNGATE CROSSINGS
## MORENO VALLEY, CALIFORNIA

7/2/03

## **EXHIBIT D**

**Design of Sign Panel**



5'-2"

2'-3/8"

1'-10"

61/4"    2-1/2"    61/4"

## PYLON TENANT SIGN

SCALE 1" = 1'-0"

SIGN #1 & 2 - OPTION B
ALUMINUM PANELS WITH ROUTED OUT COPY BACKED UP WITH WHITE ACRYLIC
& MOVED VINYL OVERLAY. PANEL PAINTED BENJAMIN MOORE 1059.



SIGN #1 - OPTION B



| | |
|---|---|
| LOCATION: Moreno Valley, CA | |
| | FILE: Moreno Valley Pylons | PAGE: 1 of 1 |
| | DATE: 05/24/05 | SCALE: as noted |
| | DRAWN BY: | DIRECTOR: |

