DAVID M. STERN (CA State Bar No. 67697),
MICHAEL L. TUCHIN (CA State Bar No. 150375), and
KORIN A. AVELINO (CA State Bar No. 260363)
KLEE, TUCHIN, BOGDANOFF & STERN LLP[1]
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

           -and-

SUSAN R. PODOLSKY (VA State Bar No. 27891)
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314
Telephone:     (571) 366-1702

Counsel for Claimant (Claim Nos. 1009, 9681)
PARAMOUNT HOME ENTERTAINMENT INC.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re | Case No.: 08-35653-KRH |
| | (Jointly Administered) |
| CIRCUIT CITY STORES, INC., *et al.*, | |
| | Chapter 11 |
| Debtors.[2] | |

## RESPONSE OF PARAMOUNT HOME ENTERTAINMENT INC.
## TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS
## (RECLASSIFICATION OF CERTAIN MISCLASSIFIED CLAIMS
## TO GENERAL UNSECURED, NON-PRIORITY CLAIMS)

---

[1]   Applications for admission *pro hac vice* for Messrs. Stern and Tuchin and Ms. Avelino are being submitted concurrently.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

# I.
# BACKGROUND

1.     On November 10, 2008 (the "Petition Date"), the debtors in the above-caterptioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in this Court.

2.     On November 12, 2008, the Court entered the *Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007* [Docket No. 107] (the "503(b)(9) Bar Date Order") setting December 19, 2008 as the deadline to file claims under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Bar Date").

3.     On November 13, 2008, the Court entered the *Order Under Bankruptcy Code Sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) (I) Granting Administrative Expense Status to Obligations from Postpetition Delivery of Goods; (II) Authorizing Payment of Expenses in the Ordinary Course of Business; (III) Authorizing Debtors to Return Goods; and (IV) Establishing Procedures for Reclamation Demands* [Docket No. 133] (the "Reclamation Procedures Order") establishing the process for filing reclamation demands and approving the Debtors' procedures for handling such demands.

4.     On December 10, 2008, the Court entered the *Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof* [Docket No. 890] (the "General Bar Date Order") setting January 30, 2009 as the deadline to file proofs of claim (the "General Bar Date").

5.     In the ordinary course of business, prior to the Petition Date, Paramount Home Entertainment Inc. ("Paramount") regularly received orders from and shipped

products to the Debtors.  Because of this regular business practice, on the Petition Date, the Debtors had received many products from Paramount for which they had not yet paid, resulting in a substantial prepetition debt owing to Paramount.

6.    On November 12, 2008, in compliance with the Reclamation Procedures Order, Paramount diligently served its *Demand for Reclamation of Goods by Paramount Home Entertainment* (the "Reclamation Demand"), attached hereto as Exhibit 1.  In the Reclamation Demand, Paramount demanded the return of the products delivered to and accepted by the Debtors while insolvent in the ordinary course of business within the 45-day period preceding the Petition Date, which products had a total value of $11,600,840.04.[3]  The Reclamation Demand was never responded to by the Debtors and the products were never returned.

7.    On December 19, 2008, Paramount filed its claim arising under section 503(b)(9) of the Bankruptcy Code, Claim No. 1009, asserting a priority claim in the amount of $3,201,013.37 (the "503(b)(9) Claim"), attached hereto as Exhibit 2.[4]  The 503(b)(9) Claim was filed in advance of the 503(b)(9) Bar Date and in compliance with the 503(b)(9) Bar Date Order.

8.    On January 30, 2009, Paramount filed its general prepetition claim, Claim No. 9681, asserting a claim in the amount of $16,497,463.67 (the "General Claim"), attached hereto as Exhibit 3.  The General Claim was filed in advance of the General Bar Date and in compliance with the General Bar Date Order.  Because the Reclamation Demand had not been responded to by the Debtors and the 503(b)(9) Claim had neither been objected to nor paid, Paramount included its administrative priority claim in the

---

[3]    When served on November 12, 2008, the Reclamation Demand included invoices and other supporting documentation, which clearly substantiate Paramount's valid reclamation right to goods with a value of $11,600,840.04.  Due to the voluminous nature of those documents, Paramount has not attached them to this response.  However, upon request, the supporting documentation is available.

[4]    When filed and served on December 19, 2008, the 503(b)(9) Claim included supporting documentation, which satisfied the Court's requirements for establishing a valid 503(b)(9) claim. Again, because these documents are voluminous, they are not included, but available upon request.

amount of $14,801,853.41 in the General Claim, the right to which had previously been asserted in the Reclamation Demand and/or the 503(b)(9) Claim.

9.      From January 17, 2009 through March 8, 2009, the Debtors held Court-approved going-out-of-business sales.  *See, e.g., Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases)* [Docket No. 3704], ¶ 9.  As the Debtors have represented in their pleadings that the going-out-of-business sales are complete, Paramount believes that the products subject to its Reclamation Demand were sold by the Debtors during this post-petition period.  Further, Paramount believes that sufficient funds were generated by the sales to satisfy the Debtors' secured lenders with proceeds remaining for distribution to unsecured creditors.

10.      On June 22, 2009, the Debtors filed the *Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* [Docket No. 3703] (the "Objection").  In the Objection, the Debtors seek reclassification of certain claims asserting priority to general unsecured, non-priority claims, giving as their only explanation for the proposed reclassification that, according to their books and records, the claims are "asserted with incorrect classifications."  *See* Objection, ¶ 11.  Among the claims the Debtors wish to reclassify in the Objection is Paramount's General Claim.  Specifically, the Debtors seek to reclassify the amount to which Paramount asserted the right to priority in the General Claim (*i.e.*, $14,801,853.41) as a general unsecured, non-priority claim.

11.      Upon further review, Paramount realized that it inadvertently miscalculated the amount for which it is entitled to priority in the General Claim, by adding the amount to which it was entitled under Bankruptcy Code section 503(b)(9) (*i.e.,* $3,201,013.37)[5]

---

[5]      Paramount since has agreed with the Debtors that the correct amount of the 503(b)(9) Claim is $3,133,634.57.  *See* note 6 and accompanying text.

to the amount asserted in the Reclamation Demand (*i.e.,* $11,600,840.04).  Because the amount asserted in the Reclamation Demand is inclusive of the amount entitled to priority under section 503(b)(9), Paramount wishes to amend the total amount of its claim entitled to administrative priority to $11,600,840.04.  For purposes of clarity, Paramount asserts that its claims should be classified as follows:

     a.    an administrative priority claim arising under Bankruptcy Code section 503(b)(9) in the amount of $3,133,634.57;[6]

     b.    an administrative priority claim arising from Paramount's valid right of reclamation in the amount of $11,600,840.04 (which amount is inclusive of the section 503(b)(9) priority amount of $3,133,634.57); and

     c.    a general unsecured, non-priority claim in the amount of $4,896,623.63.

Therefore, Paramount's total claim is $16,497,463.67.

12.    In this response, Paramount opposes the Objection to the extent that it seeks to reclassify the administrative priority claim, resulting from its valid reclamation right, in the amount of $11,600,840.04,[7] to a general unsecured claim and respectfully states as follows.

## II.
## PARAMOUNT IS ENTITLED TO AN ADMINISTRATIVE EXPENSE CLAIM IN THE AMOUNT OF $11,600,840.04

13.    Paramount satisfied the requirements of Bankruptcy Code section 546(c) and, therefore, established a valid right of reclamation, which it properly asserted in its

---

[6]    On June 23, 2009, the Debtors filed the *Debtors' Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims Filed as 503(b)(9) Claims for Goods Received by the Debtors Not Within Twenty Days of the Commencement of the Cases)* [Docket No. 3704] (the "503(b)(9) Objection").  In the 503(b)(9) Objection, the Debtors have sought to reclassify $67,378.80 of Paramount's 503(b)(9) Claim as a general unsecured, non-priority claim.  Paramount agrees that this amount is not properly classified as a claim arising under section 503(b)(9) and the claim amount set forth herein reflects that re-computation.  For the purposes of clarity, Paramount has responded to the 503(b)(9) objection in a separate, concurrently-filed response.

[7]    To the extent the Debtors seek to reclassify any claim amount in excess of $11,600,840.04 to a general unsecured, non-priority claim, Paramount does not object at this time.

proof of claim. That proof of claim is *prima facie* valid. Fed. R. Bankr. P. 3001(f); *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.),* 372 F.3d 637, 640 (4th Cir. 2004); *In re Deangelis Tangibles, Inc.*, 238 B.R. 96, 98 (Bankr. M.D. Pa. 1999) ("At least one court has assumed, for argument purposes, that the presumption of validity includes a presumption of priority when the claim is marked priority . . . This approach seems reasonable and logical.").

14.    As detailed above, on November 12, 2008, only two days after the Petition Date, Paramount served the Reclamation Demand in accordance with the Reclamation Procedures Order, demanding the return of the products delivered to and accepted by the Debtors while insolvent in the ordinary course of business within the 45-day period preceding the Petition Date. The products subject to the Reclamation Demand had a total value of $11,600,840.04. The Debtors neither responded to the Reclamation Demand nor returned Paramount's goods. Through the Objection, yet notably without any explanation or evidence, the Debtors effectively seek an order of the Court denying Paramount's valid right of reclamation.[8] Paramount complied with the Court's requirements to establish its right of reclamation and, as the Debtors sold those goods post-petition after receipt of the Reclamation Demand, Paramount should be granted an administrative expense claim in the amount of $11,600,840.04. In addition, $3,133,634.57 of the $11,600,840.04 reclamation claim is entitled to administrative priority under Bankruptcy Code section 503(b)(9), as $3,133,634.57 arises from goods received by the Debtors in the 20-day period preceding the Petition Date. Therefore, Paramount opposes the Objection to the extent that it seeks reclassification of $11,600,840.04 to general unsecured, non-priority status.

15.    As the Sixth Circuit Court of Appeals made clear in *Phar-Mor, Inc. v.*

---

[8]    Presumably, the Debtors seek to reclassify the claim arising from Paramount's reclamation right on the basis of the so-called prior lien defense, which is discussed in detail below. To the extent that the Debtors object and seek to reclassify on any other grounds, Paramount reserves the right to respond to such objection at a later time.

Document      Page 7 of 29

*McKesson Corp. (In re Phar-Mor, Inc.)*, 534 F.3d 502, 508 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2053 (Apr. 27, 2009), the existence of a prior secured lien on the goods subject to a creditor's reclamation demand does not defeat a valid right of reclamation.  In *Phar-Mor*, under circumstances similar to those in the present case, after filing for bankruptcy the Debtor closed stores and conducted going-out-of-business sales, culminating in a liquidation, including the sale of the reclaiming vendor's goods and generating sufficient funds to pay off the secured lender, the reclaiming vendor was granted an administrative expense priority claim in the amount of its goods.  *Id.* at 504-08.  The court rejected the contention that "when the goods subject to reclamation are sold to satisfy a secured creditor's superior claim, the goods subject to reclamation are gone and the vendor's right to a priority claim is gone with them." *Id.* at 507.  For this reason, the Sixth Circuit Court of Appeals refused to apply the so-called prior lien defense.  *Id.*

16.     The most recent court to consider the issue within the Fourth Circuit is in agreement.  In *In re Georgetown Steel Co.*, 318 B.R. 340, 346-52 (Bankr. D. S.C. 2004), another case in which a liquidating chapter 11 asset sale (including the sale of the reclaiming creditors' goods) fully satisfied the senior lienholders and left funds available for distribution, the reclaiming creditors were granted administrative expense claims in the amount of the goods subject to their valid reclamation rights.  The court in *Georgetown Steel* was not persuaded by the prior lien defense, holding that the reclamation claims satisfied the statutory requirement that they be "subject to" the prior secured right by holding a place second in priority, and need not be extinguished by those prior rights.[9]  *Id.* at 346-48; *see also Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842, 845 (8th Cir. 1992) (holding that in priority terms,

---

[9]    This interpretation of "subject to" is in accord with the application of similar language in the Uniform Commercial Code ( "UCC") § 2-702.  UCC § 2-702 states that the seller's right to reclaim is "subject to the rights of a buyer in ordinary course or other good faith purchaser . . .".  *See* UCC § 2-702(3).  Courts have interpreted this to mean that the reclaiming seller is subordinated to, rather than extinguished by, the senior secured lienholder.  *See, e.g., In re Child World, Inc.*, 145 B.R. 5, 8 (Bankr. S.D.N.Y. 1992).

reclamation creditors stand behind the insolvent buyer's secured creditors, but ahead of the buyer's general unsecured creditors).  Further, because it was the debtor that had established procedures and a timeline encouraging the reclamation creditors to forego any additional action with respect to their reclamation demands until after the liquidation was complete, the reclamation creditors could not be prejudiced by their inability to trace the proceeds of their goods.  *Georgetown Steel*, 318 B.R. at 349-50.

17.    The right of reclamation under the UCC, as recognized by section 546(c) of the Bankruptcy Code,[10] is an equitable right.  The official comment to the UCC as adopted in Virginia states that the seller's right to reclaim from an insolvent buyer "takes as its base line the proposition that any receipt of goods on credit by an insolvent buyer amounts to a tacit business misrepresentation of solvency and therefore is fraudulent as against the particular seller."  *See* Va. Code Ann. § 8.2-702 (2009).  By allowing a debtor, after taking goods on credit in this fraudulent manner and then selling the goods after a valid reclamation demand was made, to reduce the reclamation claimant to the status of a general unsecured creditor, the court would be, in effect, facilitating the debtor's deemed fraud.[11]  Further, the general unsecured creditors should not "benefit at the expense of one whose assets come into a bankrupt's possession under conditions which warrant rescission."  *Phar-Mor*, 534 F.2d at 506-07 (internal quotation marks and citations omitted).  The equitable right granted to the reclamation claimant as the victim of the debtor's fraud cannot be stripped without some form of replacement protection.  In granting administrative expense claims to reclamation claimants who could no longer

---

[10]    Section 546(c) of the Bankruptcy Code no longer explicitly references the state law right to reclamation.  *See* 11 U.S.C. § 546(c).  However, whether the revised section 546(c) is intended to recognize the state law right or create a new federal right of reclamation, courts should turn to state law for guidance.  *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 740 (1979) (holding that state law should be adopted as the federal rule until Congress makes explicit the contours of the federal rule); *United States v. Stump Home Specialties Mfg., Inc.*, 905 F.2d 1117, 1119 (7th Cir. 1990) (explaining the need for incorporating state commercial law principles into federal law).

[11]    At least one court has referred to this type of conduct on the part of the debtor as conversion, which could warrant a money damages award.  *See In re Western Farmers Ass'n.*, 6 B.R. 432, 435 (Bankr. D. Wash. 1980).

regain possession of their goods, cases such as *Phar-Mor* and *Georgetown Steel*, have recognized that the equitable policies behind reclamation do not allow reclamation creditors to be relegated to the status of general unsecured creditors.  *See also In re Bosler Supply Group*, 74 B.R. 250, 254-55 (N.D. Ill. 1987); *In re Marko Elecs., Inc.*, 145 B.R. 25, 28-29 (Bankr. N.D. Ohio 1992); *In re Sunstate Dairy & Food Prods. Co.*, 145 B.R. 341, 345-46 (Bankr. M.D. Fla. 1992).

18.    The approach to reclamation rights taken in *Phar-Mor* and *Georgetown Steel* is not only the equitable approach, but is also clearly more consistent with the language and history of section 546(c) than the prior lien defense espoused in the leading contrary case, *In re Dana Corp.*, 367 B.R. 409 (Bankr. S.D.N.Y. 2007).  In *Dana Corp.*, the court took the position that "if the value of any given reclaiming supplier's goods does not exceed the amount of debt secured by the prior lien, that reclamation claim is valueless." *Dana Corp.*, 367 B.R. at 419.  This approach effectively renders the right of reclamation meaningless and reads section 546(c) out of the Bankruptcy Code.  *See* Deborah L. Thorne, *Last in Line: The Courts Begin to Speak: Deciphering 546(c)*, 26-3 Am. Bankr. Inst. J. 38 (Apr. 2007) (noting that after *Dana Corp.*, "the remedy, which was intended to be a significant protection of sellers of goods from an insolvent buyer, in practice has become the most illusory of remedies"); Lisa Gretchko, *Seller Beware! Is your Reclamation Claim as Strong as you Think it Is?*, 22-2 Am. Bankr. Inst. J. 20, 50 (Mar. 2003) (noting that a court applying the prior lien defense rationale is being "insensitive to the reality that inventory is often liquidated first and the proceeds paid to the secured creditor, and ignores the protection" that the UCC and Bankruptcy Code afford reclaiming creditors).

19.    Congress cannot have intended to enact a meaningless reclamation, particularly when it passed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which greatly expanded the rights of trade creditors, and, in particular, improved the rights of reclamation claimants.  Under BAPCPA, Congress,

*inter alia*, added Bankruptcy Code section 503(b)(9), which grants an administrative expense priority claim for the value of goods received by the debtor within the 20-day period preceding the bankruptcy filing; expanded the look-back period before bankruptcy during which goods may be subject to reclamation from ten days to forty-five days; and enlarged the grace period, which gives the seller additional time after a bankruptcy filing to file its notice of reclamation, from ten days to twenty days.  It is illogical to conclude that the same Congress that enhanced the protections afforded to reclamation claimants under the Bankruptcy Code, would intend to render the expanded reclamation right useless.  It is also contrary to the normal rules of statutory construction and respect for "nondiscriminatory state laws" including specifically the UCC, as recognized by, *inter alia*, the Supreme Court's decision in *Kimbell Foods*.  440 U.S. at 740.

### III.
### OTHER MATTERS

20.     Under the *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* [Docket No. 2881] (the "Omnibus Objection Procedures Order"), a response to an objection is required to contain certain information as follows:

a.      Identification of Persons with Knowledge of Facts Relevant to the Response.     As the Objection seeks solely to reclassify $11,600,840.04 of Paramount's General Claim apparently on the basis of a legal theory, *see* note 8, Paramount cannot identify a person with knowledge of relevant facts.  Of course, if the Debtors contend that the amount to which Paramount holds a valid right of reclamation or priority claim under section 503(b)(9) is otherwise improper – for example, if the Debtors contend that the goods were not delivered or were defective – Paramount will supply one or more witnesses to substantiate its claim.

b.      Copies of Documentation.  For the same reasons set forth in the prior paragraph, no further documentation, beyond that attached to the Reclamation Demand and 503(b)(9) Claim, *see* notes 3 and 4, is required at this time.

      c.     <u>Declaration of Person with Knowledge of Relevant Facts.</u>  For the reasons set forth above, no declaration need be (or rationally could be) submitted at this time.  Upon notice of any facts in dispute, Paramount will provide a declaration of a person with knowledge of such facts.

      d.     <u>Claimant's Address for Future Notices.</u>  Future notices should be sent to both counsel who have signed this pleading.

# IV.
## CONCLUSION

21.    Under the authority discussed above, including the only Court of Appeals and the most recent bankruptcy court within the Fourth Circuit to weigh in on the issue, as well as in consideration of equitable and practical principles of statutory construction, the prior lien defense should not apply and Paramount should be allowed an administrative expense claim in the amount of $11,600,840.04.[12] Included in that amount is $3,133,634.57, to which Paramount is entitled to an administrative expense claim on an additional basis: Bankruptcy Code section 503(b)(9).  To the extent that the Objection attempts to reclassify $11,600,840.04 of the General Claim as a general unsecured, non-priority claim, it should be overruled.

                     Respectfully submitted,

DATED:  July 15, 2009            SUSAN R. PODOLSKY

                     By: *Susan Podolsky*

                     Susan R. Podolsky (VA State Bar No. 27891)
                     1800 Diagonal Road, Suite 600
                     Alexandria, Virginia  22314
                     Telephone: (571) 366-1702
                     Email: susanpodolsky@verizon.net

---

[12]  Paramount recognizes that the Debtors may assert additional defenses and will address those if, as and when asserted.

KLEE, TUCHIN, BOGDANOFF & STERN LLP


By: _____

    David M. Stern
    1999 Avenue of the Stars, 39th Floor
    Los Angeles, CA 90067
    Tel: (310) 407-4000
    Email: dstern@ktbslaw.com

Counsel for PARAMOUNT HOME
ENTERTAINMENT INC.

# CERTIFICATE OF SERVICE

I, David M. Stern, hereby certify that a true and correct copy of the foregoing *Response of Paramount Home Entertainment Inc. to Debtors' Nineteenth Omnibus Objection to Claims (Reclassification of Certain Misclassified Claims to General Unsecured, Non-Priority Claims)* has been served upon the parties listed below via overnight courier and electronic mail on this 15th day of July, 2009.

/s/      *David M. Stern*
David M. Stern (dstern@ktbslaw.com)

**Debtors' Counsel**
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE  19899-0636
Attn: Gregg M. Galardi
Attn : Ian S. Fredericks

 -- and --

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
Wilmington, DE  19899
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, IL  60606
Attn: Chris L. Dickerson

MCGUIRE WOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

## **Exhibit 1**

MICHAEL L. TUCHIN (State Bar No. 150375),
DAVID A. FIDLER (State Bar No. 195648), and
COURTNEY E. POZMANTIER (State Bar No. 242103), Attorneys With
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:     (310) 407-4000
Facsimile:     (310) 407-9090

Counsel for Claimant
PARAMOUNT HOME ENTERTAINMENT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re | Case No.:  08-35653-KRH |
| | (Joint Administration Pending) |
| CIRCUIT CITY STORES, INC., *et al.*, | |
| | Chapter 11 |
| Debtors.[1] | |

## DEMAND FOR RECLAMATION OF GOODS BY
## PARAMOUNT HOME ENTERTAINMENT

To:     Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux

International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC

Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer

Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

Corp., Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC (together, the "Debtors" and individually, a "Debtor").

PLEASE TAKE NOTICE that pursuant to Bankruptcy Code section 546(c), 11 U.S.C. 546(c), California Commercial Code § 2702, Uniform Commercial Code § 2-702, and comparable provisions affording rights of reclamation under other applicable state law, and by reason of the insolvency of each of the Debtors, Paramount Home Entertainment ("Paramount") hereby demands from each Debtor immediate return (reclamation) of all products shipped and delivered to and accepted by that Debtor pursuant to the invoices and other documents listed on the invoice detail ("Invoice Detail"), which is attached hereto as Exhibit 1. The total amount described on the Invoice Detail is $11,600,840.04, though the Invoice Detail may include products that are not subject to reclamation. Unless each of the Debtors returns said products immediately, Paramount asserts its rights under 11 U.S.C. 546(c).

PLEASE TAKE FURTHER NOTICE that Paramount asserts an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of the goods Paramount provided to the Debtors within the twenty (20) days immediately prior to the date the Debtors filed their chapter 11 petitions (the "503(b)(9) Claim"). Paramount reserves all rights with respect to the 503(b)(9) Claim, and is still working to determine the amount of the 503(b)(9) Claim.

The invoices and/or other documents described on the Invoice Detail are voluminous and are only being served on the Debtors and their counsel. They are available upon written request to the undersigned.

DATED: November 10, 2008                    KLEE, TUCHIN, BOGDANOFF & STERN LLP


                                   By: _____
                                         Courtney E. Pozmantier, Esq.
                                         Counsel for Claimant PARAMOUNT HOME
                                         ENTERTAINMENT

1    **PROOF OF SERVICE**

2        I declare that I am over eighteen years of age and that I am not a party to this action.

3    My business address is 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles,

4    California 90067-6049.

5        On November 11, 2008, I served a true and correct copy of the following document

6    on the parties indicated on the attached list by using the method indicated below:

7    **DEMAND FOR RECLAMATION OF GOODS BY PARAMOUNT HOME**

8    **ENTERTAINMENT**

9    ☐   **By First-Class Mail**: I am readily familiar with the business practice of collection
and processing of correspondence for mailing with the United States Postal Service. I

10   know that the document(s) listed above was deposited with the United States Postal
Service on the same day this declaration was executed in the ordinary course of

11   business. I know that the above-referenced document(s) were placed into the
envelopes, the envelopes were sealed and addressed as set forth on the attached list

12   and, with postage thereon fully prepaid, the envelopes were placed for collection and
mailing on this date, following ordinary business practices, in the United States mail

13   at Los Angeles, California.

14   ☐   **By Personal Service**: I caused such envelopes to be delivered by hand to the
addresses indicated on the attached list.

15

16   ☒   **By Overnight Courier**: I caused the above-referenced document to be delivered by
overnight courier service for delivery as indicated on the attached list.

17   ☐   **By Facsimile Machine**: I personally caused the above-referenced document(s) to be
transmitted to the person(s) and at the telecopy number(s) indicated on the attached

18   list. I confirmed that the intended recipient received the transmission either:

19       ☐   By reviewing the transmission report(s) that the facsimile machine generated;
or

20

21       ☐   By contacting the recipient(s) by telephone at the telephone number(s) number
indicated on the attached list.

22       I declare that I am employed in the office of a member of the bar of this Court at

23   whose direction the service was made and that this declaration was executed at Los Angeles,

24   California on November 11, 2008.

25       I declare under penalty of perjury that the foregoing is true and correct.

26

27   _____
Judy A. Kaczmarek

28

109655.1

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

1  Circuit City Stores, Inc., *et al.*
   Claims Processing
2  c/o Kurtzman Carson Consultants LLC
   2335 Alaska Avenue
3  El Segundo, CA  90245

4
   Circuit City Stores, Inc.
5  Attn:  Reginald D. Hedgebeth
   9950 Mayland Drive
6  Richmond, VA  23233

7
   Circuit City Stores, Inc.
8  Attn:  Daniel W. Ramsey
   9950 Mayland Drive
9  Richmond, VA  23233

10
   Skadden, Arps, Slate, Meagher & Flom LLP
11 Attn:  Sarah Baker, Esq.
   333 West Wacker Drive
12 Chicago, IL  60606

13
   McGuireWoods LLP
14 Attn:  Sarah B. Boehm, Esq.
   One James Center
   901 E. Cary Street
15 Richmond, VA  23219
16
17
18
19
20
21
22
23
24
25
26
27
28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE: (310) 407-4000

**<u>Exhibit 2</u>**

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division



**DEADLINE FOR FILING 503(b)(9) CLAIMS**
5:00 P.M. Pacific Time
December 19, 2008

### Section 503(b)(9) Claim Request Form

| Circuit City Stores, Inc., *et al.*, Claims Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., *et al.* Case Nos. 08-35653 through 08-35670 Chapter 11 Jointly Administered |
|---|---|

**NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see Docket No. 107), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon Circuit City Stores, Inc., *et al.*, Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 by **December 19, 2008**, the Bar Date for Section 503(b)(9) claims in the above-referenced cases. The form may be submitted in person or by regular mail, overnight mail, or hand delivery. Facsimile, email or electronic submissions will not be accepted. Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.

| Name and Address of Creditor: *(The person or other entity to whom the debtor owes money or property)* | | Debtor against which claim is asserted : (Check one box below:) |
|---|---|---|
| Paramount Home Entertainment<br><br>Attn: Andi Marygold<br><br>5555 Melrose Avenue<br><br>Hollywood, CA 90038-3197<br><br>Telephone: (323)956-5489<br>Fax: (323)862-1183 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☒ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s) **See Attachment 2** | ☒ Circuit City Stores, Inc. (Tax I.D. No. 54-0493875)<br>☐ Abbott Advertising, Inc. (Tax I.D. No. 54-1624659)<br>☐ Circuit City Stores West Coast, Inc. (Tax I.D. No. 95-4460785)<br>☐ CC Distribution Company of Virginia, Inc. (Tax I.D. No. 54-1712821)<br>☐ Circuit City Properties, LLC (Tax I.D. No. 54-0793353)<br>☐ Patapsco Designs, Inc. (Tax I.D. No. 52-1086796)<br>☐ Ventoux International, Inc. (Tax I.D. No. 20-1071838)<br>☐ Sky Venture Corporation (Tax I.D. No. 54-1760311) |
| Name and address where notices should be sent (if different from above) Klee, Tuchin, Bogdanoff & Stern, LLP<br><br>Attn: Michael L. Tuchin<br><br>1999 Avenue of the Stars, 39th Floor<br><br>Los Angeles, CA 90067<br><br>Telephone: (310)407-4000<br>Fax: (310)407-9090 | ☐ Check box if you have transferred any of your claim to any third party. If so please list name of transferee:<br><br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case. | ☐ Prahs, Inc. (n/a)<br>☐ XS Stuff, LLC (Tax I.D. No. 54-2029263)<br>☐ Kinzer Technology, LLC (Tax I.D. No. 54-2022157)<br>☐ Circuit City Purchasing Company, LLC (Tax I.D. No. 20-0995170)<br>☐ Orbyx Electronics, LLC (Tax I.D. No. 20-1203360)<br>☐ InterTAN, Inc. (Tax I.D. No. 75-2130875)<br>☐ CC Aviation, LLC (Tax I.D. No. 20-5290841)<br>☐ Courchevel, LLC (n/a)<br>☐ Circuit City Stores PR, LLC (Tax I.D. No. 66-0695512)<br>☐ Mayland MN, LLC (Tax I.D. No. 20-0896116) |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: See Attachment 1 | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____ |
|---|---|

**1. BASIS FOR CLAIM:** Goods received by the Debtor within 20 days before the date of commencement of the case.   Value of Goods: $ 3,201,013.37[1]

**2. DATE OF SHIPMENT:** See Attachment 1 METHOD OF SHIPMENT: See Attachment 1   DATE OF RECEIPT: See Attachment 1
NAME OF CARRIER: See Attachment 1   PLACE OF DELIVERY: See Attachment 1

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM:** $ 3,201,013.37
☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**4. BRIEF DESCRIPTION OF CLAIM:** Goods received by the Debtor within 20 days before commencement of the case.
Describe goods sold: Pre-recorded DVD and Blu Ray Discs.
*Attach support for your claim.*

**5. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Attachments must be printed on 8-1/2" by 11" paper.

**7. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim request form, enclose a stamped, self-addressed envelope and copy of this claim request form.

**8. ORDINARY COURSE CERTIFICATION:** By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required by 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FOR COURT USE ONLY**

RECEIVED
DEC 19 2008
KURTZMAN CARSON CONSULTANTS

| Date<br>12/18/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>*Andi Marygold*  Andi Marygold   S.V.P. National Credit Paramount Home Ent |
|---|---|

[1] Claimant asserts that the value of the goods is equal to the invoice price.

**Exhibit 3**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:** (Check only **one** box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: *This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Paramount Home Entertainment

**Name and address where notices should be sent:**
Paramount Home Entertainment

Andi Marygold

5555 Melrose Ave.          Telephone number: (323)956-5489

Hollywood, CA 90038

**Name and address where payment should be sent** (if different from above):

same as above

Telephone number: same as above

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $ 16,497,463.67 [1]

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** goods sold to debtor
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**   0449

3a. Debtor may have scheduled account as: Paramount Home Video
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. Claimant reserves its rights of recoupment and/or setoff.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $_____   **Annual Interest Rate** ____ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*) See Attachment 1

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( 2 ).

**Amount entitled to priority:**

$ 14,801,853.41 [2]

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date:** 1/29/09

**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*andi marygold   S.V.P. National Credit*

FOR COURT USE ONLY

RECEIVED

JAN 3 0 2009

KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

[1] Claimant has filed a Reclamation Demand and a claim under section 503(b)(9). Those amounts have been included herein in an abundance of caution. Claimant reserves all of its rights with respect to its Reclamation Demand and claim under section 503(b)(9). See Attachment 2.

[2] This amount was asserted as a Reclamation Demand and a claim under section 503(b)(9).

# Attachment 1

The documents supporting this claim are not included because they are extremely voluminous. A summary would be thousands of pages long. They are available upon request.

# Attachment 2

## Reclamation Demand and 503(b)(9) Claim

The Reclamation Demand and 503(b)(9) Claim are submitted without the exhibit and attachments thereto because they are extremely voluminous.  The exhibit and attachments are available upon request.

MICHAEL L. TUCHIN (State Bar No. 150375),
DAVID A. FIDLER (State Bar No. 195648), and
COURTNEY E. POZMANTIER (State Bar No. 242103), Attorneys With
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:    (310) 407-4000
Facsimile:    (310) 407-9090

Counsel for Claimant
PARAMOUNT HOME ENTERTAINMENT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

In re

CIRCUIT CITY STORES, INC., *et al.*,

                    Debtors.[1]

Case No.:  08-35653-KRH
(Joint Administration Pending)

Chapter 11

---

## DEMAND FOR RECLAMATION OF GOODS BY
## PARAMOUNT HOME ENTERTAINMENT

---

To:    Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc., Ventoux
International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC
Distribution Company of Virginia, Inc., Circuit City Properties, LLC, Kinzer
Technology, LLC, Abbott Advertising Agency, Inc., Patapsco Designs, Inc., Sky Venture

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation,
LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.
(6796), Sky Venture Corp. (0311), Prahs, Inc. (n/a), XSStuff, LLC (9263), Mayland MN, LLC
(6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC
(5512).

109587.1

Corp., Prahs, Inc., XSStuff, LLC, Mayland MN, LLC, Courchevel, LLC, Orbyx Electronics, LLC, and Circuit City Stores PR, LLC (together, the "Debtors" and individually, a "Debtor").

PLEASE TAKE NOTICE that pursuant to Bankruptcy Code section 546(c), 11 U.S.C. 546(c), California Commercial Code § 2702, Uniform Commercial Code § 2-702, and comparable provisions affording rights of reclamation under other applicable state law, and by reason of the insolvency of each of the Debtors, Paramount Home Entertainment ("Paramount") hereby demands from each Debtor immediate return (reclamation) of all products shipped and delivered to and accepted by that Debtor pursuant to the invoices and other documents listed on the invoice detail ("Invoice Detail"), which is attached hereto as Exhibit 1. The total amount described on the Invoice Detail is $11,600,840.04, though the Invoice Detail may include products that are not subject to reclamation. Unless each of the Debtors returns said products immediately, Paramount asserts its rights under 11 U.S.C. 546(c).

PLEASE TAKE FURTHER NOTICE that Paramount asserts an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of the goods Paramount provided to the Debtors within the twenty (20) days immediately prior to the date the Debtors filed their chapter 11 petitions (the "503(b)(9) Claim"). Paramount reserves all rights with respect to the 503(b)(9) Claim, and is still working to determine the amount of the 503(b)(9) Claim.

The invoices and/or other documents described on the Invoice Detail are voluminous and are only being served on the Debtors and their counsel. They are available upon written request to the undersigned.

DATED: November 10, 2008

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____

Courtney E. Bozmantier, Esq.
Counsel for Claimant PARAMOUNT HOME
ENTERTAINMENT

## PROOF OF SERVICE

I declare that I am over eighteen years of age and that I am not a party to this action. My business address is 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-6049.

On November 11, 2008, I served a true and correct copy of the following document on the parties indicated on the attached list by using the method indicated below:

### DEMAND FOR RECLAMATION OF GOODS BY PARAMOUNT HOME ENTERTAINMENT

☐ **By First-Class Mail:** I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the document(s) listed above was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the above-referenced document(s) were placed into the envelopes, the envelopes were sealed and addressed as set forth on the attached list and, with postage thereon fully prepaid, the envelopes were placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

☐ **By Personal Service:** I caused such envelopes to be delivered by hand to the addresses indicated on the attached list.

☒ **By Overnight Courier:** I caused the above-referenced document to be delivered by overnight courier service for delivery as indicated on the attached list.

☐ **By Facsimile Machine:** I personally caused the above-referenced document(s) to be transmitted to the person(s) and at the telecopy number(s) indicated on the attached list. I confirmed that the intended recipient received the transmission either:

    ☐ By reviewing the transmission report(s) that the facsimile machine generated; or

    ☐ By contacting the recipient(s) by telephone at the telephone number(s) number indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this declaration was executed at Los Angeles, California on November 11, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Judy A. Kaczmarek

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6049
TELEPHONE (310) 407-4000

109655.1

1    Circuit City Stores, Inc., *et al.*
     Claims Processing
2    c/o Kurtzman Carson Consultants LLC
     2335 Alaska Avenue
3    El Segundo, CA  90245

4
     Circuit City Stores, Inc.
5    Attn:  Reginald D. Hedgebeth
     9950 Mayland Drive
6    Richmond, VA  23233

7
     Circuit City Stores, Inc.
8    Attn:  Daniel W. Ramsey
     9950 Mayland Drive
9    Richmond, VA  23233

10
     Skadden, Arps, Slate, Meagher & Flom LLP
11   Attn:  Sarah Baker, Esq.
     333 West Wacker Drive
12   Chicago, IL  60606

13
     McGuireWoods LLP
14   Attn:  Sarah B. Boehm, Esq.
     One James Center
15   901 E. Cary Street
     Richmond, VA  23219
16

17

18

19

20

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, 39TH FLOOR
LOS ANGELES, CALIFORNIA, 90067-6049
TELEPHONE: (310) 407-4000

109655.1



United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

**DEADLINE FOR FILING 503(b)(9) CLAIMS**
5:00 P.M. Pacific Time
December 19, 2008

## Section 503(b)(9) Claim Request Form

| Circuit City Stores, Inc., et al., Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 | Circuit City Stores, Inc., et al.<br>Case Nos. 08-35653 through 08-35670<br>Chapter 11 Jointly Administered |
|---|---|

**NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases (see Docket No. 107), to have claims allowed as administrative expense under 11 U.S.C. § 503(b)(9), this form must be served upon Circuit City Stores, Inc., et al., Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 by **December 19, 2008**, the Bar Date for Section 503(b)(9) claims in the above-referenced cases. The form may be submitted in person or by regular mail, overnight mail, or hand delivery. Facsimile, email or electronic submissions will not be accepted. Requests shall be deemed filed when actually received by Kurtzman Carson Consultants LLC.

| Name and Address of Creditor: *(The person or other entity to whom the debtor owes money or property)*<br><br>Paramount Home Entertainment<br>Attn: Andi Marygold<br>5555 Melrose Avenue<br>Hollywood, CA 90038-3197<br><br>Telephone: (323)956-5489<br>Fax: (323)862-1183 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☒ Check box if you have made any demand(s) to reclaim goods sold to the debtor under 11 U.S.C. § 546(c). (attach copies of any such demand(s)) See Attachment 2 | Debtor against which claim is asserted : (Check one box below:)<br><br>☒ Circuit City Stores, Inc. (Tax I.D. No. 54-0493875)<br>☐ Abbott Advertising, Inc. (Tax I.D. No. 54-1624659)<br>☐ Circuit City Stores West Coast, Inc. (Tax I.D. No. 95-4460785)<br>☐ CC Distribution Company of Virginia, Inc. (Tax I.D. No. 54-1712821)<br>☐ Circuit City Properties, LLC (Tax I.D. No. 54-0793353)<br>☐ Patapsco Designs, Inc. (Tax I.D. No. 52-1086796)<br>☐ Ventoux International, Inc. (Tax I.D. No. 20-1071838)<br>☐ Sky Venture Corporation (Tax I.D. No. 54-1760311)<br>☐ Prahs, Inc. (n/a) |
|---|---|---|
| Name and address where notices should be sent (if different from above) Klee, Tuchin, Bogdanoff & Stern, LLP<br>Attn: Michael L. Tuchin<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA 90067<br><br>Telephone: (310)407-4000<br>Fax: (310)407-9090 | ☐ Check box if you have transferred any of your claim to any third party. If so please list name of transferee:<br><br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case. | ☐ XS Stuff, LLC (Tax I.D. No. 54-2029263)<br>☐ Kinzer Technology, LLC (Tax I.D. No. 54-2022157)<br>☐ Circuit City Purchasing Company, LLC (Tax I.D. No. 20-0995170)<br>☐ Orbyx Electronics, LLC (Tax I.D. No. 20-1203360)<br>☐ InterTAN, Inc. (Tax I.D. No. 75-2130875)<br>☐ CC Aviation, LLC (Tax I.D. No. 20-5290841)<br>☐ Courchevel, LLC (n/a)<br>☐ Circuit City Stores PR, LLC (Tax I.D. No. 66-0695512)<br>☐ Mayland MN, LLC (Tax I.D. No. 20-0896116) |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: See Attachment 1 | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ |
|---|---|

**1. BASIS FOR CLAIM:** Goods received by the Debtor within 20 before the date of commencement of the case.   Value of Goods: $ 3,201,013.37 [1]

**2. DATE OF SHIPMENT:** See Attachment 1 METHOD OF SHIPMENT: See Attachment 1   DATE OF RECEIPT: See Attachment 1
NAME OF CARRIER: See Attachment 1   PLACE OF DELIVERY: See Attachment 1

**3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM:** $ 3,201,013.37
☐ Check the box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**4. BRIEF DESCRIPTION OF CLAIM:** Goods received by the Debtor within 20 days before commencement of the case.
Describe goods sold: Pre-recorded DVD and Blu Ray Discs.
*Attach support for your claim.*

**5. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**6. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, or contracts. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Attachments must be printed on 8-1/2" by 11" paper.

**7. DATE-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this claim request form.

**8. ORDINARY COURSE CERTIFICATION:** By signing this claim request form, you are certifying that the goods for which payment is sought hereby, were sold to the debtor in the ordinary course of the debtor's business as required by 11 U.S.C. § 503(b)(9).

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FOR COURT USE ONLY**

**RECEIVED**
**DEC 19 2008**
**KURTZMAN CARSON CONSULTANTS**

| Date<br>12/18/08 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>*Andi Marygold* Andi Marygold   S.V.P. National Credit Paramount Home Ent |
|---|---|

[1] Claimant asserts that the value of the goods is equal to the invoice price.