Jesse N. Silverman, Esquire (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8127
Facsimile: (215) 864-9035

-and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516

Attorneys for Bear Valley Road Partners, LLC, Laguna Gateway Phase 2,
 LP, Manteca Stadium Park, L.P., OTR-Clairemont Square,
and Point West Plaza II Investors

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re<br><br>CIRCUIT CITY STORES, INC., et al.<br><br>Debtors. | Case No. 08-35653-KRH<br>Chapter 11<br><br>(Jointly Administered)<br><br>**Status Conference Date: July 23, 2009 @ 11:00 a.m. ET** |

**RESPONSE OF BEAR VALLEY ROAD PARTNERS, LLC, LAGUNA GATEWAY
PHASE 2, LP, MANTECA STADIUM PARK, L.P., OTR-CLAIREMONT
SQUARE AND POINT WEST PLAZA II INVESTORS TO DEBTORS' TWENTY-
SECOND OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE
OF CERTAIN CLAIMS FILED AGAINST THE WRONG DEBTOR)**

Bear Valley Road Partners, LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., OTR-Clairemont Square, and Point West Plaza II Investors, former lessors of Debtors at various shopping center locations and claimants herein (the "Responding Landlords"), by and through their undersigned counsel, hereby object to the *Debtors' Twenty-Second Omnibus Objection To Claims (Disallowance of Certain Filed Against the Wrong Debtor)* [Docket No.

3710] (the "Twenty-Second Claim Objection").  As discussed below, the Twenty-Second Claim Objection, asserting that Responding Landlords filed two proofs of claims against two different debtors, and there is "no possible liability" against Circuit City Stores West Coast, Inc.  As discussed below, the proofs of claim of Responding Landlords against Circuit City Stores West Coast, Inc. are based on the plain fact that Circuit City Stores West Coast, Inc. is either the named tenant under the lease or the lease was expressly assigned to Circuit City Stores West Coast, Inc.  The facts supporting such liability are plainly set forth in the respective proofs of claim and supporting documentation.  Accordingly, the Twenty-Second Claim Objection is totally and completely without merit.

## BACKGROUND

1.     Circuit City Stores, Inc., and its affiliated co-debtors (the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on November 10, 2008.  The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.     Responding Landlords are each former lessors of Debtors with respect to now-rejected retail leases as follows: (1) Bear Valley Road Partners, LLC, Debtors' Store No. 450, 12133 Mall Boulevard, Victorville, California (lease rejected effective March 10, 2009); (2) Laguna Gateway Phase 2 LP, Debtors' Store No. 250, Laguna Gateway Shopping Center, Elk Grove, California (rejected effective March 10, 2009); (3) Manteca Stadium Park L.P., Debtors' Store No. 4131, Manteca Stadium Center, Manteca, California (rejected effective March 12, 2009); (4) OTR-Clairemont Square, Debtors' Store No. 443, Clairemont Town Square, San Diego, California (rejected effective March 10, 2009); and (5) Point West Plaza II Investors, Debtors' Store No. 6253, Point West Plaza, Sacramento, California (rejected effective November 10, 2008).

Error,

3. On April 1, 2009, this Court entered an *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections* [Docket No. 2881] (the "Omnibus Objection Procedures Order").[1]

4. On January 27, 2009, Point West Plaza II Investors filed Proofs of Claim against both Circuit City Stores, Inc., the debtor in Case No. 08-35653-KRH, and its subsidiary Circuit City Stores West Coast, Inc., the debtor in Case No. 08-35654-KRH. On April 30, 2009, each of the remaining Responding Landlords filed proofs of claims in each of these two Chapter 11 cases.

5. On June 23, 2009, the Debtors filed their Twenty-Second Claim Objection, asserting that Debtors have reviewed the claims of Responding Landlords and Debtors' books and records. As a result of this process, Debtors assert, in conclusory fashion, that "the Debtors have solely identified any potential liability as to the only potential Debtor entity." (Twenty-Second Claim Objection at ¶16). Accordingly, Debtors object to claims of Responding Landlords filed against Circuit City Stores West Coast, Inc., as identified in Exhibit C to the Twenty-Second Claim Objection, because they are "against the wrong Debtor" and Circuit City Stores West Coast, Inc. "has no possible liability on account of such claim." (Twenty-Second Claim Objection at ¶17.)

6. As set forth in the Twenty-Second Objection, the Debtors seek the disallowance of the following claims of Responding Landlords filed against Circuit City Stores West Coast, Inc. ("Claim To Be Disallowed" as identified in Exhibit C) in favor of claims against Circuit City Stores, Inc.

---

[1] Debtors previously stipulated that Responding Landlords need not submit declarations and other evidence in connection with their response to the Twenty-Second Claim Objection, as may otherwise be provided by the Omnibus Objection Procedures Order.

3

**Error,**

| **Claim Debtor Asserts Should Be Disallowed** | **Claim Debtor Asserts is Surviving Claim** |
|---|---|
| Claim No. 12651<br>Debtor: Circuit City Stores West Coast, Inc.<br>Creditor: Bear Valley Road Partners LLC<br>Amount: $1,004,946.84 (including $36,335.39 administrative) | Claim No. 12653<br>Debtor: Circuit City Stores, Inc.<br>Creditor: Bear Valley Road Partners LLC<br>Amount: $1,004,946.84 |
| Claim No. 12918<br>Debtor: Circuit City Stores West Coast, Inc.<br>Creditor: Laguna Gateway Phase 2 LP<br>Amount: $1,201,356.10 (including $58,908.69 administrative) | Claim No. 12917<br>Debtor: Circuit City Stores, Inc. West Coast, Inc.<br>Creditor: Laguna Gateway Phase 2 LP<br>Amount: $1,201,356.10 |
| Claim No. 12659<br>Debtor: Circuit City Stores West Coast, Inc.<br>Creditor: Manteca Stadium Park L.P.<br>Amount: $739,804.04 (including $52,683.77 administrative) | Claim No. 12662<br>Debtor: Circuit City Stores, Inc.<br>Creditor: Manteca Stadium Park L.P.<br>Amount: $739,804.04 |
| Claim No. 12650<br>Debtor: Circuit City Stores West Coast, Inc.<br>Creditor: OTR Clairemont Square<br>Amount: $627,309.41 (including $40,641.08 administrative) | Claim No. 12649<br>Debtor: Circuit City Stores, Inc.<br>Creditor: OTR Clairemont Square<br>Amount: $627,309.41 |
| Claim No. 6588<br>Debtor: Circuit City Stores West Coast, Inc.<br>Creditor: Point West Plaza II Investors<br>Amount: $126,932.68 | Claim No. 6266<br>Debtor: Circuit City Stores, Inc.<br>Creditor: Point West Plaza II Investors<br>Amount: $126,932.68 |

7.     In addition, the Debtors assert that the claims that are the subject of the Twenty-Second Objection may be subject to additional subsequently filed objections.

**THERE IS NO LEGAL OR FACTUAL BASIS FOR DEBTORS' OBJECTIONS
TO THE CLAIMS OF RESPONDING LANDLORDS**

8.     Pursuant to 11 U.S.C. § 502(a), a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) explicitly states, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie

4

evidence of the validity and the amount of the claim."  Under this rule, a claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case.  See, e.g., In re Harford Sands, Inc., 372 F.3d 637, 640 (4th Cir. 2004);  In re Jobs.com, Inc., 283 B.R. 209, 213 (Bankr. N.D. Tex. 2002);  In re Inter-Island Vessel Company, Inc., 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

9. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings.  The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid.  Each of the claims of Responding Landlords provides sufficient information (i.e., identification of underlying lease and, where applicable, guaranty or assignment, a summary of damages claimed, etc.) to more than satisfy the prima facie validity requirement.

10. The burden of proof then shifts to the Debtors to produce sufficient evidence to negate the prima facie validity of the claim.  In re Harford Sands, Inc., supra, 372 F.3d at 640; In re Michigan-Wisconsin Transportation Co., 161 B.R. 628, 635-636 (Bankr. W.D. Mich. 1993) ("[A] party objecting to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim.").  Only after an objecting party produces evidence equal in probative force to the prima facie claim does the burden generally revert to the claimant to prove the validity of its claim by a preponderance of the evidence.  In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992); Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim in prima facie evidence of the validity and amount of the claim.  []  To overcome this prima facie evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.").  Thus, unless the objecting party introduces evidence as to the invalidity of the claim or the excessiveness of the amount, the claimant need offer no further proof of the merits of the claim.

11. Debtors have provided, and cannot provide, evidence to meet their burden with respect to the objections to Responding Landlords' proofs of claim against Circuit City Stores West Coast, Inc.  As discussed below, each of Debtors' leases with Responding Landlords was

**Error,**

either (1) directly with Circuit City Stores West Coast, Inc. as the named tenant or (2) was initially entered into by Circuit City Stores, Inc., as tenant, but was assigned to Circuit City Stores West Coast, Inc. written Assignment and Assumption of Lease effective May 1, 1994.

Even though these facts are plainly set forth in the proofs of claims of Responding Landlords and supporting documentation attached, Debtors remarkably conclude, with no evidentiary support, that Circuit City Stores West Coast, Inc. "has no possible liability" on account of such claims. (Twenty-Second Claim Objection at ¶17.) There is simply no factual or legal basis to assert that claims filed against Circuit City Stores West Coast, Inc. should be disallowed because they are "filed against the wrong debtor."

(a)     <u>Bear Valley Road Partners LLC</u>:  Debtors' Twenty-Second Claim Objection asserts that the landlord's proof of claim against Circuit City Stores West Coast, Inc. (Claim No. 12651) should be disallowed in favor of the landlord's claim against Circuit City Stores, Inc. (Claim No. 12653).  As asserted in the Proof of Claim, Circuit City Stores West Coast, Inc. is the <u>named tenant</u> under the subject lease and Circuit City Stores, Inc. is the guarantor by guaranty executed concurrently with the lease.  A copy of the January 30, 2003 Lease naming Circuit City Stores West Coast, Inc. as tenant is attached to Claim No. 12651.  There is simply no basis for the objection that Claim No. 12651 was "filed against the wrong debtor" and Claim No. 12651 is plainly proper.

(b)     <u>Laguna Gateway Phase 2, L.P.</u>:  The Debtors' Twenty-Second Claim Objection asserts that the landlord's claim against Circuit City Stores West Coast, Inc. (Claim No. 12918) should be disallowed in favor of the landlord's claim against Circuit City Stores, Inc. (Claim No. 12917).  As with Bear Valley Road Partners LLC, Circuit City Stores West Coast, Inc. is the <u>named tenant</u> under the named tenant under the June 8, 2004 Lease attached to the landlord's proof of claim and there is thus no basis to assert that Claim No. 12918 was "filed against the wrong debtor." The lease was guaranteed by parent Circuit City Stores, Inc. by written guaranty executed concurrently with the lease, as set forth in Claim No. 12917.

6

Error,

(c)  <u>Manteca Stadium Park, L.P.</u>:  The Twenty-Second Objection asserts that the landlord's claim against Circuit City Stores West Coast, Inc. (Claim No. 12659) should be disallowed in favor of the landlord's claim against Circuit City Stores, Inc. (Claim No. 12662). Like Laguna Gateway and Bear Valley, discussed above, Circuit City Stores West Coast, Inc. is the <u>named tenant</u> under the subject lease and Circuit City Stores, Inc. is the guarantor by guaranty executed concurrently with the lease. There is thus no basis for the objection that Claim No. 12659 was "filed against the wrong debtor."

(d)  <u>OTR-Clairemont Square</u>:  The Twenty-Second Objection asserts that the landlord's claim against Circuit City Stores West Coast, Inc. (Claim No. 12650) should be disallowed in favor of the landlord's claim against Circuit City Stores, Inc. (Claim No. 12649). While the lease was executed by Circuit City Stores, Inc., as tenant, as described in the proofs of claim, the lease was assigned to Circuit City Stores West Coast, Inc. by written Assignment and Assumption of Lease dated as of May 1, 1994, providing that assignor (Circuit City Stores, Inc.) "shall not be released from the performance of lessee's obligations under the Lease."  , as assignor, was not released from the obligations under the lease.  In light of the assignment, described in the landlord's proof of claim, there is no basis to assert that Claim No. 12650 was "filed against the wrong debtor."

(e)  <u>Point West Plaza II Investors</u>:  The Twenty-Second Objection asserts that the landlord's claim against Circuit City Stores West Coast, Inc. (Claim No. 6588) should be disallowed in favor of the landlord's claim against Circuit City Stores, Inc. (Claim No. 6266). Like OTR-Clairemont Square, and as described in landlord's proof of claim, the original tenant under the March 30, 1988 lease was Circuit City Stores, Inc. but the lease was assigned to Circuit City Stores West Coast, Inc. effective May 1, 1994.  Under the terms of the assignment, Circuit City Stores, Inc. was not released from performance of obligations under the lease.  There is thus no basis to assert that Claim No. 6588 was "filed against the wrong debtor."

13.  The Twenty-Second Claim Objection fails to provide, or even suggest the existence of, evidence to support the disallowance of any of the claims of Responding Landlords

7

**Error,**

on the grounds that "the amounts and basis of the Claims are against the wrong Debtor(s)." (Twenty-Second Claim Objection at ¶17.)  As a result, the Court may, and should, summarily overrule such objection.  In re Garner, 246 B.R. 617, 623 (9th Cir. BAP 2000).

### RESERVATION OF RIGHTS

Should Debtors seek to modify the relief sought by the Twenty-Second Claim Objection, the Responding Landlords reserve the right to make such other and further arguments and submit such evidence as may be appropriate.

### REQUEST FOR HEARING

Pursuant to Local Bankruptcy Rule 3007-1(B), Responding Landlords request that the Court grant a hearing on their Response to Debtors' Twenty-Second Claim Objection on a date and time to be set by this Court consistent with the Court's Omnibus Objection Procedures Order or agreement of the parties.

Dated: July 20, 2009                Respectfully submitted,

/s/  *Jesse N. Silverman*
    Jesse N. Silverman, Esquire (VA 46456)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8127
Facsimile: (215) 864-9035
E-mail: silvermanj@ballardspahr.com

   -and-

Ivan M. Gold, Esquire
ALLEN MATKINS LECK GAMBLE MALLORY
 & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 273-7431
Facsimile: (415) 837-1516
Email: igold@allenmatkins.com

Attorneys for Bear Valley Road Partners, LLC, Laguna Gateway Phase 2, LP, Manteca Stadium Park, L.P., OTR-Clairemont Square and Point West Plaza II Investors

**Error,**