Gregg M. Galardi, Esq.               Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.              Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &      MCGUIREWOODS LLP
FLOM, LLP                            One James Center
One Rodney Square                    901 E. Cary Street
PO Box 636                           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636      (804) 775-1000
(302) 651-3000

                    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - - - x
In re:                           :   Chapter 11
                                 :
CIRCUIT CITY STORES, INC.,       :   Case No. 08-35653 (KRH)
et al.,                          :
                                 :
              Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 503
AND BANKRUPTCY RULES 2002 AND 6004 (I) APPROVING BIDDING
PROCEDURES FOR SALE OF CERTAIN REAL PROPERTY LOCATED IN
MORENO VALLEY, CALIFORNIA, (II) AUTHORIZING SELLERS TO
ENTER INTO AGREEMENT IN CONNECTION THEREWITH,
(III) APPROVING EXPENSE REIMBURSEMENT IN CONNECTION
THEREWITH AND (IV) SETTING AUCTION AND SALE HEARING
DATES**

            Upon the motion (the "Motion")[1] of Circuit City

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

Stores West Coast, Inc. (the "Seller," and collectively with the debtors and debtors in possession in the above-captioned jointly administered cases, the "Debtors") for orders pursuant to Bankruptcy Code sections 105, 363 and 365 and Bankruptcy Rules 2002 and 6004 (I)(a) approving the Bidding Procedures for the Sale of certain real property of the Seller located at 12530 Day Street in Moreno Valley, California, including all vested signage rights of the Seller in connection with such real property and the building located thereon (including, without limitation rights to signage granted to the Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and among Gateway Company, L.C. and Seller) (the "Property"), (b) authorizing the Sellers to enter into the Purchase and Sale Agreement (as amended, the "Agreement"), dated as of May 15, 2009 by and between the Seller and 99¢ Only Stores (the "Purchaser"), (c) approving the Expense Reimbursement (as defined herein) in connection therewith, and
(d) scheduling Auction and Sale Hearing dates;
(II) approving the Sale of the Property free and clear of all interests; and (III) granting related relief; and

2

the Court having reviewed the Motion; and the Court hav-
ing determined that the relief requested in the Motion
with respect to the Bidding Procedures is in the best
interests of the Seller, its estate, its creditors, and
other parties in interest; and it appearing that proper
and adequate notice of the Motion has been given and
that no other or further notice is necessary; and upon
the record herein; and after due deliberation thereon;
and good and sufficient cause appearing therefor, it is
hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction over the Mo-
tion pursuant to 28 U.S.C. §§ 157 and 1334, and this
matter is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(A).

B.   Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.   The statutory and legal predicates for
the relief requested in the Motion are Bankruptcy Code

---

2 Findings of fact shall be construed as conclusions of law and
  conclusions of law shall be construed as findings of fact when
  appropriate. See Fed. R. Bankr. P. 7052.

3

sections 105, 363 and 503 and Bankruptcy Rules 2002 and
6004

       D.    Good and sufficient notice of the relief
sought in the Motion has been given and no further no-
tice is required.  A reasonable opportunity to object or
be heard regarding the relief requested in the Motion
(including, without limitation, with respect to the pro-
posed Bidding Procedures and Expense Reimbursement) has
been afforded to those parties entitled to notice under
the Order Pursuant to Bankruptcy Code Sections 102 and
105, Bankruptcy Rules 2002 and 9007, and Local Bank-
ruptcy Rules 2002-1 and 9013-1 Establishing Certain No-
tice, Case Management, and Administrative Procedures
(D.I. 130; the "Case Management Order"), as well as
(a) all entities known to have expressed an interest in
a transaction regarding the Property during the past
three (3) months; (b) all entities known to have an in-
terest in any of the Property; and (c) all federal,
state, and local regulatory or taxing authorities or re-
cording offices that have a reasonably known interest in
the relief requested through the Motion.

4

E.   The Seller's proposed notice of the Bidding Procedures, the Auction and the Sale Hearing, as set forth in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

F.   The Bidding Procedures are fair, reasonable, and appropriate and represent the best method for maximizing the realizable value of the Property.

G.   The Seller has demonstrated a compelling and sound business justification for authorizing the Sale of the Property, entry into the Agreement as a stalking horse agreement and the payment of the Expense Reimbursement under the circumstances, timing, and procedures set forth herein and in the Motion.

H.   Entry into the Agreement is in the best interest of the Seller and the Seller's estate and creditors.  The Agreement will enable the Seller to secure an adequate floor for the Auction and will provide a clear benefit to the Seller's estates.

5

I.   The Expense Reimbursement is fair and reasonable and provides a benefit to the Seller's estate and creditors.

J.   The Seller's payment of the Expense Reimbursement under the conditions set forth in the Motion and the Agreement is (a) an actual and necessary cost of preserving the Seller's estate, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Seller's estate and creditors and all parties in interest herein, (c) reasonable and appropriate and (d) necessary to ensure that the Purchaser will continue to pursue the proposed Agreement to undertake the Sale of the Property.

K.   The entry of this Order is in the best interests of the Seller and its estate, creditors, and interest holders and all other parties in interest herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Bidding Procedures, as set forth on Exhibit A attached hereto and incorporated herein by reference as if fully set forth herein, are hereby approved and shall govern all proceedings relating to the

Agreement, any subsequent bids for the Property and the Auction, if applicable.

2.   The Seller may: (a) determine, in its business judgment, which Qualified Bid is the highest or otherwise best offer and (b) reject at any time, before entry of an order of the Court approving a Qualified Bid, any bid (other than the Purchaser's bid) which, in the Seller's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or applicable law or (iii) contrary to the best interests of the Seller, its estate or its stakeholders.  The Seller is authorized (x) to terminate the Bidding Process or the Auction at any time if it determines, in its business judgment, that the Bidding Process will not maximize the value of the Property to be realized by the Seller's estate and (y) seek Court approval of the Agreement with Purchaser.

3.   Subject to the Bidding Procedures and approval of the Sale at the Sale Hearing, the Sellers are authorized to enter into the Agreement attached hereto as Exhibit B.  The Agreement will serve as the stalking horse agreement.

4.     The Sellers are further authorized to re-
imburse the Purchaser for its reasonable out-of-pocket
third-party due diligence expenses and reasonable attor-
neys' fees and costs incurred in connection with the
Agreement, in an amount not to exceed $35,000 in the ag-
gregate (the "Expense Reimbursement") if the Purchaser
is not permitted to purchase the Property pursuant to
the sale process outlined in the Motion.

5.     A hearing (the "Sale Hearing") at which
the Seller may seek approval of the Successful Bid shall
be held in this Court on **August 27, 2009 at 11:00 a.m.**
**(Eastern)** at which time the Court shall consider the
sale aspect of the Motion.  The Sale Hearing, or any
portion thereof, may be adjourned by the Debtors from
time to time without further notice to creditors or par-
ties in interest other than an announcement of the ad-
journment in open court or on the Court's calendar on
the date scheduled for the Sale Hearing or any adjourned
date.

6.     Objections to the Sale, if any, shall be
filed and served no later than 4:00 p.m. (Eastern) on
August 21, 2009 (the "Objection Deadline").

8

7.   The failure of any objecting person or entity to timely file its objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale, the Auction, or the Seller's consummation and performance of the Agreement or a purchase agreement with the Successful Bidder (including, in either case, the transfer of the Property free and clear of liens), if authorized by the Court.

8.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9.   This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:   Richmond, Virginia
         July ____, 2009
         Jul 27 2009

/s/ Kevin Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on docket: 7/28/09

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                    /s/ Douglas M. Foley