**Exhibit 1**

**(Agreement)**

**FIRST AMENDMENT
TO
PURCHASE AND SALE AGREEMENT**

THIS FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "Amendment") is made and entered into as of June 30, 2009, by and between CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("Seller"), and 99¢ Only Stores, a California corporation ("Purchaser"), with reference to the following recitals:

**RECITALS**

A.    Seller and Purchaser are parties to that certain Purchase and Sale Agreement dated as of May 15, 2009 (the "Purchase Agreement").

B.    The parties hereby acknowledge receipt of written waiver by Purchaser of its termination rights under Sections 4.2 and 4.3 on June 26, 2009, and the transfer of the additional deposit to the Escrow Agent on June 29, 2009, in accordance with Section 3.1 of the Purchase Agreement.

C.    Seller and Purchaser now desire to enter into this Amendment to amend the Purchase Agreement as herein provided.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Seller and Purchaser agree as follows:

**AMENDMENT**

1.    AMENDMENT.

1.1    Property.  The first sentence of Section 1.1 of the Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"Subject to the terms and conditions of this Agreement, Seller hereby agrees to sell and convey to Purchaser, and Purchaser hereby agrees to purchase from Seller, all of the Seller's right, title and interest in and to the property located at 12530 Day Street, Moreno Valley, California, comprising approximately 3.53 acres, and being more particularly described on Exhibit A attached hereto and made a part hereof, together with (i) all the rights and appurtenances pertaining to such land, (ii) all buildings (including a building containing approximately 33,970 square feet), structures, and other improvements on said land, (iii) electrical, mechanical, air conditioning and other fixtures attached thereto, (iv) to the extent included in the Sale Order entered by the Bankruptcy Court, all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller, (v) to the extent assignable, plans, specifications, permits, reports, development rights, and title insurance pertaining to such land; and (vi) all other personal property situated on such land or in such buildings on the Closing Date (herein collectively called the "Property"); provided, however, the Property shall not include any lifts or racking located in the buildings, if any (the "Excluded FF&E"), which shall be excluded from the sale."

1.2    Sale Order.  The form of Sale Order attached to the Purchase Agreement as Exhibit E is hereby deleted in its entirety and replaced with the form of Sale Order attached hereto as Schedule 1.  Without otherwise modifying the terms of Section 6.5(a) of the Purchase Agreement, Seller and Purchaser agree that the

Store #0317 - Moreno Valley

06/30/09

First Amendment to PSA

Sale Order shall be deemed to be substantially similar to the form attached hereto even if it does not contain the phrase "all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller" as part of the "Property" conveyed pursuant to the Sale Order.

      1.3    Filing a Sale Motion. The second sentence of Section 9.2 of the Purchase Agreement is hereby amended to provide that on or before the end of business on July 2, 2009, Seller, at its sole cost and expense, will file the Sale Motion with the Bankruptcy Court.

2.    CAPITALIZED TERMS. Capitalized terms used in this Amendment but not otherwise defined or modified herein shall have the meaning ascribed to such terms in the Purchase Agreement.

3.    REMAINING TERMS OF THE PURCHASE AGREEMENT REMAIN IN EFFECT: Except to the extent modified by this Amendment, the Purchase Agreement is in full force and effect. To the extent of any inconsistency between this Amendment and the Purchase Agreement, the terms and conditions of this Amendment shall control.

4.    FACSIMILE COUNTERPARTS. This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument. The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

      IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

SELLER                             PURCHASER

CIRCUIT CITY STORES WEST COAST, INC.,    99¢ ONLY STORES,
a California corporation                  a California corporation

By:_____      By:_____
Name:_____    Name:_____
Title:_____     Title:_____

Sale Order shall be deemed to be substantially similar to the form attached hereto even if it does not contain the phrase "all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller" as part of the "Property" conveyed pursuant to the Sale Order.

     1.3    <u>Filing a Sale Motion</u>. The second sentence of Section 9.2 of the Purchase Agreement is hereby amended to provide that on or before the end of business on July 2, 2009, Seller, at its sole cost and expense, will file the Sale Motion with the Bankruptcy Court.

2.    <u>CAPITALIZED TERMS</u>. Capitalized terms used in this Amendment but not otherwise defined or modified herein shall have the meaning ascribed to such terms in the Purchase Agreement.

3.    <u>REMAINING TERMS OF THE PURCHASE AGREEMENT REMAIN IN EFFECT</u>. Except to the extent modified by this Amendment, the Purchase Agreement is in full force and effect. To the extent of any inconsistency between this Amendment and the Purchase Agreement, the terms and conditions of this Amendment shall control.

4.    <u>FACSIMILE COUNTERPARTS</u>. This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument. The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

    IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

SELLER

PURCHASER

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

99¢ ONLY STORES,
a California corporation

By: *Michell Mosier*
Name: *Michelle Mosier*
Title: *VP & Controller*

By: _____
Name: *Jeff Gold*
Title: *President & COO*

## SCHEDULE 1

### FORM OF SALE ORDER

[SEE ATTACHED]



Gregg M. Galardi, Esq.

Ian S. Fredericks, Esq.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP

One Rodney Square

PO Box 636

Wilmington, Delaware
19899-0636

(302) 651-3000


Dion W. Hayes (VSB No. 34304)

Douglas M. Foley (VSB
No. 34364)

MCGUIREWOODS LLP

One James Center

901 E. Cary Street

Richmond, Virginia 23219

(804) 775-1000

- and -

Chris L. Dickerson, Esq.

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP

155 North Wacker Drive

Chicago, Illinois 60606

(312) 407-0700

Counsel to the Debtors and

Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

```
- - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,:        Case No. 08-35653 (KRH)
et al.,
                              :
                              :
            Debtors.
                              :    Jointly Administered
- - - - - - - - - - - - -
                              x
```

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE OF CERTAIN REAL PROPERTY LOCATED IN MORENO VALLEY, CALIFORNIA FREE AND CLEAR OF LIENS AND INTERESTS

Upon the motion (the "Motion")[1] of Circuit City
Stores West Coast, Inc. (the "Seller," and collectively
with the debtors and debtors in possession in the above-
captioned jointly administered cases, the "Debtors") for
orders pursuant to Bankruptcy Code sections 105 and 363
and Bankruptcy Rules 2002 and 6004 (I)(a) approving
Bidding Procedures for the Sale of the certain real
property of the Seller located at 12530 Day Street in

---

[1] Capitalized terms not otherwise defined herein shall
have the meanings ascribed to such terms in the
Motion.

2

Moreno Valley, California, including all vested signage
rights of the Seller in connection with such real
property and the building located thereon (including,
without limitation, rights to signage granted to the
Seller pursuant to that certain Development Agreement
dated as of October 24, 2003 by and between Gateway
Company, L.C. and Seller) (the "Property"),
(b) authorizing the Sellers to enter into the Purchase
and Sale Agreement (as amended, the "Agreement"), a copy
of which is attached hereto as Exhibit 1, dated as of
May 15, 2009 by and among the Seller and 99¢ Only Stores
(the "Purchaser"), (c) approving the Expense
Reimbursement in connection therewith, and
(d) scheduling Auction and Sale Hearing dates;
(II) approving the Sale of the Property free and clear
of all liens and interests; and (III) granting related
relief; and the Court having entered its Order
(I) Approving Bidding Procedures, (II) Authorizing
Seller to Enter Into Agreement, (III) Approving Expense
Reimbursement, and (IV) Setting Auction And Sale Hearing
Dates on July 23, 2009  (the "Bidding Procedures Order")
(Docket No.___); and the Sale Hearing having been held

3

on August 27, 2009, at which time all interested parties

were offered an opportunity to be heard with respect to

the Motion; and the Court having reviewed the Motion;

and the Court having determined that the relief

requested in the Motion is in the best interests of the

Seller, its estate, its creditors and other parties in

interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or

further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:** [2]

A.    The Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this

matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A).

B.    Venue of these cases and the Motion in

this district is proper under 28 U.S.C. §§ 1408 and

1409.

---

[2] Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate. See Fed. R. Bankr. P. 7052.

4

752142.01-Chicago Server 2A
915096.2 – 80079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, and the Auction as approved herein has been provided in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002 and 6004, (ii) such notice was good, sufficient, and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline and the Auction is necessary or shall be required.

D.    As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Seller has marketed the Property and conducted the sale process in compliance with the Bidding Procedures Order.

E.    The Seller has full power and authority to execute the Agreement and all other applicable documents contemplated thereby.  The transfer and

5

752142.01-Chicago Server 2A
91509%.2 – 89029.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

conveyance of the Property by the Seller have been duly
and validly authorized by all necessary action of the
Seller. The Seller has all of the power and authority
necessary to consummate the transactions contemplated by
the Agreement and has taken all action necessary to
authorize and approve the Agreement and to consummate
the transactions contemplated thereby.  No consents or
approvals, other than those expressly provided for in
the Agreement, are required for the Seller to consummate
such transactions.

      F.    The Seller has demonstrated good,
sufficient, and sound business purpose and justification
for the Sale because, among other things, the Seller and
its advisors diligently and in good faith analyzed all
other available options in connection with the
disposition of the Property and determined that (a) the
terms and conditions set forth in the Agreement, (b) the
transfer to the Purchaser of the Property pursuant
thereto and (c) the Purchase Price agreed to as
reflected in the Agreement are all fair and reasonable
and together constitute the highest or otherwise best
value obtainable for the Property.

6

752142.01-Chicago Server 2A
915096.2 - 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

G.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (a) those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order"), (b) all entities known to have expressed an interest in a transaction regarding the Property during the past three (3) months; (c) all entities known to have an interest in any of the Property; and (d) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested through the Motion.

H.    The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

I.    This Sale Approval Order and the consummation of the contemplated transactions are

7

752142.01-Chicago Server 2A
915096 2 -- 89079 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11.32 AM

First Amendment to PSA

supported by good business reasons, and will serve the
best interests of the Seller, its estate and creditors
by maximizing the value to be obtained from the
Property.

J.   The Agreement was negotiated, proposed,
and entered into by the Seller and the Purchaser without
collusion, in good faith, and from arm's-length
bargaining positions.  Neither the Seller nor the
Purchaser has engaged in any conduct that would cause or
permit the Sale to be avoidable under Bankruptcy Code
section 363(n).

K.   The Purchaser is a good faith purchaser
under Bankruptcy Code section 363(m) and, as such, is
entitled to all of the protections afforded thereby.
The Purchaser will be acting in good faith within the
meaning of Bankruptcy Code section 363(m) in closing the
transactions contemplated by the Agreement at all times
after the entry of this Sale Approval Order.

L.   The consideration provided by the
Purchaser for the Property pursuant to the Agreement (i)
is fair and reasonable, (ii) is the highest or otherwise
best offer for the Property, (iii) will provide a

8

752142.01-Chicago Server 2A
915096.2 – 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

greater recovery for the Seller's stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

M.    The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.    The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property.  The Property would be sold free and clear of free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of

9

752142.01-Chicago Server 2A
915096.3 -- 89079.082

Store #0317 - Morena Valley

06/30/09

MSW - Draft May 6, 2009 - 11 32 AM

First Amendment to PSA

any jurisdiction) and any monetary amounts which are
secured by any lien (collectively, the "Liens"), except
for (i) liens for real property taxes that are not yet
due and payable, (ii) zoning ordinances, building codes
and other land use laws and applicable governmental
regulations, (iii) all covenants, agreements,
conditions, easements, restrictions and rights, whether
of record or otherwise (excluding, however, mortgages,
deeds of trust, mechanics liens, tax liens, judgment
liens, any other liens securing monetary amounts,
leases, licenses, any other similar agreements conveying
possessory rights (other than easements and similar
rights), purchase option rights, rights of first refusal
and any other similar rights of purchase), and (iv) any
and all matters that would be shown by a physical
inspection of the Property (collectively, the "Permitted
Encumbrances").

    O.    If the Sale of the Property by the Seller
were not free and clear of any Liens, except for the
Permitted Encumbrances, as set forth in the Agreement
and this Sale Approval Order, or if the Purchaser would,
or in the future could, be liable for any of the Liens,

10

752142.01-Chicago Server 2A
015066.2 -- 89079 083

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

the Purchaser would not have entered into the Agreement and would not consummate the Sale contemplated by the Agreement, thus adversely affecting the Seller, its estate, and its stakeholders.

P.   The Seller may sell its interest in the Property free and clear of all Liens (except the Permitted Encumbrances) because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. All holders of Liens who did not object or withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are adequately protected by having their Liens, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

Q.   Approval of the Agreement and consummation of the Sale of the Property at this time are in the best interests of the Seller, its estate, its

11

752142.01-Chicago Server 2A
915096.2 -- 89079.083

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

stakeholders and other parties in interest; and it is
therefore

### ORDERED, ADJUDGED AND DECREED THAT:

1.     The Motion is GRANTED.  Any and all
objections to the Motion not waived, withdrawn, settled,
adjourned or otherwise resolved herein are hereby
overruled and denied with prejudice.

### A.     Approval Of The Agreement.

2.     Pursuant to Bankruptcy Code section
363(b), the Agreement and all of the terms and
conditions thereof are hereby approved.

3.     Pursuant to Bankruptcy Code section
363(b), the Seller is authorized, but not directed, to
perform its obligations under the Agreement and comply
with the terms thereof and consummate the Sale in
accordance with and subject to the terms and conditions
of the Agreement.

4.     The Seller is authorized, but not
directed, to execute and deliver, and empowered to
perform under, consummate, and implement, the Agreement,
together with all additional instruments and documents
as may be reasonably necessary or desirable to implement

12

the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property as contemplated by the Agreement.

5.    This Sale Approval Order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Seller, all affiliates and subsidiaries of the Seller, and any subsequent trustees appointed in the Seller's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code.  To the extent that any provision of this Sale Approval Order is inconsistent with the terms of the Agreement, this Sale Approval Order shall govern.

6.    The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court; provided that any such modification, amendment, or supplement is disclosed to the Creditors' Committee and does not have a material adverse effect on the Seller's

13

752142.01-Chicago Server 2A
915096 2 -- 89079 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

estate, in the good faith business judgment of the
Seller.

**B.   Sale And Transfer Of The Property.**

7.   Pursuant to Bankruptcy Code sections
363(b) and 363(f), upon the consummation of the
Agreement, the Seller's right, title, and interest in
the Property shall be transferred to the Purchaser free
and clear of all Liens except the Permitted
Encumbrances, with all such Liens to attach to the cash
proceeds of the Sale in the order of their priority,
with the same validity, force, and effect which they had
as against the Property immediately before such
transfer, subject to any claims and defenses the Seller
may possess with respect thereto.

8.   If any person or entity which has filed
financing statements, mortgages, mechanic's liens, lis
pendens, or other documents or agreements evidencing
Liens on or against the Property shall not have
delivered to the Seller prior to the Closing of the
Sale, in proper form for filing and executed by the
appropriate parties, termination statements, instruments
of satisfaction, releases of all Liens that the person

14

752142.01-Chicago Server 2A
919096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

or entity has with respect to the Property, or
otherwise, then (a) the Seller is hereby authorized to
execute and file such statements, instruments, releases,
and other documents on behalf of the person or entity
with respect to the Property and (b) the Purchaser is
hereby authorized to file, register, or otherwise record
a certified copy of this Sale Approval Order, which,
once filed, registered, or otherwise recorded, shall
constitute conclusive evidence of the release of all
Liens on or against the Property of any kind or nature
whatsoever except for the Permitted Encumbrances.

   9.   This Sale Approval Order (a) shall be
effective as a determination that, upon the Closing of
the Sale, all Liens of any kind or nature whatsoever
existing as to the Seller or the Property prior to the
Closing of the Sale, except for the Permitted
Encumbrances, have been unconditionally released,
discharged, and terminated (other than any surviving
obligations), and that the conveyances described herein
have been effected and (b) shall be binding upon and
shall govern the acts of all entities including, without
limitation, all filing agents, filing officers, title

15

752142.01-Chicago Server 3A
915096.2 - 89079.082
Store #0317 - Moreno Valley
06/30/09

MSW - Draft May 6, 2009 - 11:32 AM
First Amendment to PSA

agents, title companies, recorders of mortgages,
recorders of deeds, registrars of deeds, administrative
agencies, governmental departments, secretaries of
state, federal, state, and local officials, and all
other persons and entities who may be required by
operation of law, the duties of their office, or
contract, to accept, file, register, or otherwise record
or release any documents or instruments, or who may be
required to report or insure any title or state of title
in or to any of the Property.

10.    All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,

16



752142.01-Chicago Server 2A
915096 2 -- 89079 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Property, such persons' or entities' Liens. Nothing in this Sale Approval Order or the Agreement releases or nullifies any liability to a governmental agency under any environmental laws and regulations that any entity would be subject to as owner or operator of any Property after the date of entry of this Sale Approval Order. Nothing in this Sale Approval Order or the Agreement bars, estops, or enjoins any governmental agency from asserting or enforcing, outside the Court, any liability described in the preceding sentence. Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Purchaser for days of violation of environmental laws and regulations prior to Closing.

**C.    Additional Provisions**

11. The consideration provided by the Purchaser for the Property under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the

17

752142.91-Chicago Server 2A
915096.2 -- 89079 082

Store #0317 - Moreno Valley

08/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Uniform Fraudulent Conveyance Act, the Uniform
Fraudulent Transfer Act, and under the laws of the
United States, and any state, territory, or possession
thereof, or the District of Columbia.

12.   Upon the Closing of the Sale, this Sale
Approval Order shall be construed as and shall
constitute for any and all purposes a full and complete
general assignment, conveyance, and transfer of all the
Property or a bill of sale transferring good and
marketable title in the Property to the Purchaser
pursuant to the terms of the Agreement.

13.   The transactions contemplated by the
Agreement are undertaken by the Seller and the Purchaser
at arm's-length, without collusion and in good faith, as
that term is used in section 363(m) of the Bankruptcy
Code, and accordingly, the reversal or modification on
appeal of the authorization provided herein to
consummate the sale of the Property shall not affect the
validity of the Sale to the Purchaser, unless such
authorization is duly stayed pending such appeal.   The
Purchaser is a purchaser in good faith, within the
meaning of section 363(m) of the Bankruptcy Code, of the

16

752142.01-Chicago Server 2A
915096.2 — 89079.082

Store #0317 - Moreno Valley
08/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Property, and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

14.   The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

15.   The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

16.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17.   This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects,



19

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

including, but not limited to, retaining jurisdiction to
(a) compel delivery of the Property to the Purchaser,
(b) compel delivery of the purchase price or performance
of other obligations owed to the Seller pursuant to the
Agreement, (c) resolve any disputes arising under or
related to the Agreement, (d) interpret, implement, and
enforce the provisions of this Sale Approval Order, and
(e) protect the Purchaser against any Lien against the
Seller or the Property of any kind or nature whatsoever,
except for Permitted Encumbrances, which Liens, valid
and timely perfected, shall attach to the proceeds of
the Sale.

Dated:   Richmond, Virginia
         August 27, 2009

_____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

20

752142 01-Chicago Server 2A
915096 2 -- 89079.083

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Gregg M. Galardi, Esq.

Ian S. Fredericks, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

One Rodney Square

PO Box 636

Wilmington, Delaware 19899-0636

(302) 651-3000


     - and -


Chris L. Dickerson, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

155 North Wacker Drive

Chicago, Illinois 60606

(312) 407-0700


     - and -


/s/ Douglas M. Foley

Dion W. Hayes (VSB No. 34304)

Douglas M. Foley (VSB No. 34364)

MCGUIREWOODS LLP

One James Center

752142.01-Chicago Server 2A
919096.2 - 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

901 E. Cary Street

Richmond, Virginia 23219

(804) 775-1000


Counsel to the Debtors and Debtors in Possession


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)


Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


/s/ Douglas M. Foley

22



752142.01-Chicago Server 2A
915086.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

**Exhibit 1**


**(Agreement)**


915096.2 – 89039.082

