Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. 08-35653-KRH |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**STIPULATION AND AGREED ORDER REGARDING SALEM LEASE**

This Stipulation and Agreed Order is made and entered into this 23rd of July 2009, by and between the within debtor, Circuit City Stores, Inc. ("Circuit City" or "Debtor") and Salem Rockingham LLC ("Salem Rockingham"), each acting by and through its respective counsel.

ID # 590607v01/10848-30/ 07.23.2009

## Recitals

1. Salem Rockingham is the successor in interest to Salem Farm Realty Trust ("Salem").

2. Salem entered into a sale/leaseback transaction with Circuit City pursuant to (a) a Purchase and Sale Agreement dated July 28, 1992, as amended by an Amendment to Purchase and Sale Agreement dated September 22, 1992 ("Amended P&S"), and (b) an Agreement of Lease dated September 24, 1992 ("1992 Lease").  Pursuant to these documents, (i) Salem sold real estate located at 428 South Broadway, Salem, New Hampshire ("Property") to Circuit City, subject to the right to repurchase a portion of the property described in the Amended P&S as the "Salem Premises" for the sum of $1.00 upon and subject to the terms and conditions set forth in the Amended P&S, and (ii) Circuit City agreed to lease a portion of the Property from Salem (the "Salem Leased Property") for a period of 10 years, with the right to extend the term for 9 additional periods of ten years each, subject to all of the terms and conditions set forth in the 1992 Lease.  The 1992 Lease is identified by Circuit City as Lease No. 6127.

3. The boundaries of the "Salem Premises" are described generally in the Amended P&S but were subject to change and

final determination based upon the requirements of the Town of Salem Zoning Ordinance, Subdivision Regulations, Site Plan Regulations, and other applicable governmental laws, rules and regulations.  As finally configured, the "Salem Premises" are referred to as the "Excess Property".

4. In 1993, Circuit City entered into a sale/leaseback transaction whereby Circuit City conveyed the Property to Circuit City Investors #5 – Salem Limited Partnership ("Investors") via special warranty deed.  The lease between Circuit City, as tenant, and Investors, as landlord is identified by the Debtor as Lease No. 4120 and is referred to herein as the "1993 Lease."

5. Upon Circuit City's conveyance of the Property to Investors, Circuit City's interest in the 1992 Lease was transferred to Investors, as the owner of the fee, by operation of law.

6. Investors did not give any consideration for the Excess Property and pursuant to Article 37 of the 1993 Lease, the parties entered into an Escrow Agreement dated as of June 30, 1993, pursuant to which Investors agreed to reconvey the Excess Property to Circuit City upon the terms and conditions set forth therein.

7. In 1995, Investors conveyed the Property and assigned the 1993 Lease to Circuit N.H. Corp. ("Circuit NH"). Circuit NH is bound by the documents in its chain of title to convey the Excess Property to Circuit City so that Circuit City can reconvey the Excess Property to Salem.

8. The subdivision plan for the Property was approved in 2008, at which time Salem Rockingham's right to the Excess Property ripened and Circuit City's executory obligation to reconvey the Excess Property became a present duty. Circuit City, Salem, and Circuit NH had been conducting three-way negotiations to finalize the terms of a Reciprocal Easement Agreement ("REA") as well as other closing documents even before the subdivision was finalized. However, before the closing could occur, Circuit City filed for bankruptcy.

9. On March 5, 2009, Circuit City rejected the 1993 Lease. Upon rejection, Circuit City ceased to have any interest in the Property, other than its extant rights, if any, with regards to the 1992 sale/lease-back transaction, i.e. its role as a nominal party for the purpose of conveying the Excess Property to Salem and entering into an REA.

10. Circuit City's rights relative to the 1992 sale/lease-back transaction add no value to the Bankruptcy Estate.

Moreover, to the extent that Circuit City retains any interest in the Excess Property, that interest has little to no value as the Excess Property is substantially encumbered by (1) the 1992 Lease, which will not terminate until 2082 and sets the rent at a mere $100/year; and (2) a mortgage by Circuit NH that the lender, Principal Life Insurance Company, assigned to GA Salem LLC on March 26, 2009. The mortgage is and has been in default and Principal Life Insurance Company sought and received leave to foreclose its mortgage by this Court on February 26, 2009. See Stipulation and Order Granting Principal Life Insurance Company Relief from the Automatic Stay, entered February 27, 2009 [Docket No. 2341].

11. Salem Rockingham submitted a proof of claim for $2,033,495.88, which consists of the following:

   a. $3,395.88 – Amount due under a letter agreement, dated September 2004, in which the Circuit City agreed to share the payment of fees of Proskauer Rose LLP in connection with the subdivision of the Property;

   b. $5,000 – Funds held in escrow to be paid to Salem upon receipt of a "close out" letter from the State of New Hampshire regarding removal of an underground storage tank in connection with the 1992 sale/leaseback;

    c. $25,100 – Expenses to subdivide the Property, including engineering and legal fees incurred by Salem, but to be paid by Circuit City.

    d. $2,000,000– Damages arising from Circuit City's rejection of the 1992 Lease (assuming that it is deemed a sublease).

The foregoing are hereinafter referred to as the "<u>Salem Rockingham Claims</u>."  Circuit City has disputed certain portions of the Salem Rockingham claim.

## **Agreement**

Subject to approval by this Court, Circuit City and Salem Rockingham agree as set forth below.

1. Salem Rockingham waives the Salem Rockingham Claims.

2. Circuit City agrees to execute and deliver a quitclaim deed of all of its rights, title and interests, if any, in the Excess Property and under the 1992 sale/leaseback transaction in the form attached hereto as Exhibit A.

3. Circuit City stipulates that it (a) does not have any interest in the 1992 Lease; (b) that the 1992 Lease is not an asset of the Bankruptcy Estate; and (c) if and to the extent that the 1992 Lease is determined to be a sublease, Salem Rockingham has fully reserved its rights under Section 365(h) of the Bankruptcy Code.

ID # 590607v01/10848-30/ 07.23.2009

4. Circuit City agrees that this proposal is in the best interest of the Circuit City bankruptcy estate:

   a. Settlement will quickly and efficiently resolve the Salem Rockingham Claims against Circuit City, which otherwise would necessitate costly and lengthy litigation;

   b. The bankruptcy estate will be relieved of a potential claim of more than $2,000,000 claim and the costs and expenses of resolving this claim;

   c. Execution of the quitclaim deed will not require any material outlay of resources by Circuit City and will avoid Circuit City's direct or indirect involvement in any subsequent litigation by Salem Rockingham against Investors and/or Circuit NH.

5. Salem Rockingham and Circuit City stipulate and agree that such authorization and approval as Circuit City may require to effectuate this transaction shall be deemed to have been granted upon entry of this Stipulation and Agreed Order.

**[Intentionally left blank]**

| | |
|---|---|
| POSTERNAK BLANKSTEIN & LUND LLP<br>*Attorneys for Salem Rockingham LLC*<br><br>POSTERNAK BLANKSTEIN & LUND LLP<br><br>By:  /s/ Laura A. Otenti  <br>Robert Somma, Esquire<br>Laura A. Otenti, Esquire<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199<br>lotenti@pbl.com<br>Telephone:  (617) 973-6100 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>*Counsel for Debtors and Debtors in Possession*<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esquire<br>Ian S. Fredericks, Esquire<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Telephone:  (302) 651-3000<br><br>and<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esquire<br>155 North Wacker Drive<br>Chicago, IL 60606<br>Telephone:  (312) 407-0700<br><br>and<br><br>By:  /s/ Douglas M. Foley  <br>MCGUIREWOODS LLP<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Carey Street<br>Richmond, A 23219<br>Telephone:  (804) 775-1000 |

July _____, 2009

IT IS SO ORDERED this __ day of _____2009.

/s/_____
The Honorable Kevin R. Huennekens
United States Bankruptcy Judge

ID # 590607v01/10848-30/ 07.23.2009

**CERTIFICATE OF SERVICE**

    IT IS CERTIFIED that the foregoing document was filed this 13th day of July, 2009 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                    /s/ Douglas M. Foley

# EXHIBIT A

**TO STIPULATION AND AGREED ORDER REGARDING SALEM LEASE**

ID # 590607v01/10848-30/ 07.23.2009

**Return to:**
Kathleen N. Sullivan
Wadleigh, Starr & Peters, P.L.L.C.
95 Market Street
Manchester, NH 03101

**DEED**

Circuit City Stores, Inc., a Virginia corporation, having an address of 4951 Lake Brook Drive, Suite 500 Glen Allen, VA 23060-9279 (the "Grantor"), for consideration paid, grants to Salem Rockingham, LLC, a New Hampshire limited liability company with a principal place of business at 25 Orchard View Drive, Londonderry, New Hampshire 03053 (the "Grantee"), without covenants:

(9872) All of the rights, titles and interest, if any, of the Grantor in the following: A certain tract or parcel of land located in the Town of Salem, Rockingham County, New Hampshire, more particularly bounded and described in Exhibit A attached hereto and made a part hereof, together with any and all improvements thereon located, and any and all rights and appurtenances thereto.

(9873) All of the rights, titles, and interest of the Grantor as the Lessor under the terms of a lease dated September 24, 1992, by and between the Grantor and Salem Farm Realty Trust.

Minimum transfer taxes are due on this transaction, as no consideration was paid, pursuant to a contract dated July 22, 1986, between the Grantor and Salem Farm Realty Trust, which provided that a portion of the land conveyed to the Grantor by Salem Farm Realty Trust would be reconveyed to Salem Farm Realty Trust at such time as subdivision approval was obtained from the Town of Salem, New Hampshire. The Grantee is the holder of the rights of Salem Farm Realty Trust; see Assignment dated May 26, 2004 recorded in said Registry at Book 4298, Page 2908.

EXECUTED this _____ day of _____, 2009.

```
                                        Circuit City Stores, Inc.

                                        By:_____
__
Witness            _____,
_____          its duly authorized
                                        _____
```

ID # 590607v01/10848-30/ 07.23.2009

STATE OF _____
COUNTY OF _____

    The foregoing instrument was acknowledged before me, the undersigned officer, this ____ day of _____, 2009, by _____, _____ of Circuit City Stores, Inc., a Virginia corporation, on behalf of the corporation.

___

                                            _____
                                            Notary Public
                                            My Commission Expires:

**EXHIBIT A**
**LEGAL DESCRIPTION**

PARCEL OF LAND LOCATED IN
SALEM, ROCKINGHAM COUNTY, NEW HAMPSHIRE

A certain tract or parcel of land, shown as "Parcel 'A', Portion Of SPM143, Lot 192 To Be
Consolidated With A Portion Of SPM143, Lot 193 & SPM143, Lot 194, 77,867 Sq. Ft., 1.787 Ac.
+/-," as shown on a plan of land entitled "Lot Consolidation and Subdivision Plan prepared for
Salem Rockingham, LLC," by MHF Design Consultants, Inc., dated March 23, 2007, revised
through April 22, 2008, recorded in the Rockingham County Registry of Deeds as Plan D-35781,
with any improvements thereon located or appurtenant thereto, being more particularly bounded and described as follows:

Beginning at an iron pipe found on the southerly side of Cuomo Drive as shown on said plan;
thence

1. North 79° 52' 26" East a distance of 179.10 feet along said Cuomo Drive to an R&R
spike found; thence

2. Turning and running South 29° 37' 43" East a distance of 110.00 feet along SPM 143,
Lot 195 as shown on said plan to a point; thence

3. Continuing South 29° 37' 43" East a distance of 228.00 feet along a Lot Line To Be
Eliminated as shown on said plan to a point; thence

4. Turning and running North 64° 16' 35" East a distance of 124.20 feet along a Lot Line
To Be Eliminated as shown on said plan to a point; thence

5. Turning and running South 29° 37' 43" East a distance of 74.56 feet along a Proposed
Lot Line as shown on said plan to a point; thence

6. Turning and running South 60° 22' 17" West a distance of 219.02 feet along a
Proposed Lot Line as shown on said plan to a point; thence

7. Turning and running North 29° 37' 34" West a distance of 292.43 feet along a

ID # 590607v01/10848-30/ 07.23.2009

Proposed Lot Line as shown on said plan to a point; thence

8. Turning and running South 60° 22' 17" West a distance of 22.74 feet to a point;
thence

9. Turning and running North 29° 11' 14" West a distance of 170.76 feet along land of
Boston & Maine Railroad to an iron pipe found; thence

10. North 06° 39' 13" West a distance of 16.87 feet to the point of beginning.
Also conveying all Grantor's rights in a Lease between Salem Farm Realty Trust as Tenant
and Grantor as Landlord, dated September 24, 1992.
Meaning and intending to convey a portion of the premises described in the deed of Salem
Farm Realty Trust to Grantor, dated September 23, 1992, recorded at said Registry at Book 2945, Page 921.