UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. **08-35653** |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| Ashley Isaac, *pro se*, ON BEHALF OF HERSELF | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| CIRCUIT CITY STORES, INC., | ) |
| | ) |
| Respondent. | ) |

RICHMOND DIVISION
FILED AUG 5 2009 FILED
CLERK
U.S. BANKRUPTCY COURT

**MOTION OF ASHLEY ISAAC, PRO SE,, FOR RELIEF FROM THE
AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Ashley Isaac, *pro se*, (and "Movant"), by and through undersigned counsel, hereby files her motion from the Relief Of The Automatic Stay Under Section 362 Of The United States Bankruptcy Code (the "Motion") to pursue a Federal court action pending in the Federal Court of the State of Alabama, Jefferson County. In support of her Motion, Movant states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this proceeding pursuant to 28 U.S.C. § 1334(a) and 11 U.S.C. § 362(d).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3. On November 10, 2008 (the "Petition Date"). Circuit City Store, Inc. ("Debtor")

commenced this action in the United States Bankruptcy Court for the Eastern District of Virginia by filing its voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

4. On May 13th, 2009, Movant commenced a civil action styled <u>Ashley Isaac vs. Circuit City Stores, Inc.</u>, Civil action no. 2:9-CV-942-WMA, and Amended the complaint on June 19,2009, in the United States Federal Court of the State of Alabama, Jefferson County on behalf of herself. Movant's Complaint seeks relief for Debtor's unlawful employment practices by submitting Ms. Isaac to unwanted sexual advances and when Ms. Isaac reported the harassment to Circuit City Stores, Inc. the harassment continued Ms. Isaac then filed a complaint with the United States Equal Employment Opportunity Commission. After filing a complaint with the E.E.O.C. Ms. Isaac was subject to retaliation by Circuit City Stores, Inc. A true an exact copy of the Complaint is attached hereto as <u>Exhibit A</u> and <u>Exhibit B.</u> Movant's Complaint alleges violations of the Civil Rights Act Title VII of 1964: 42 U.S.C. §5891, 42 U.S.C.§ 2000e-12(b), 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 asserts Federal law claims under the United States Code for harassment and unlawful employment practices.

6. Debtor was a publicly traded corporation duly organized and existing under the laws of the Commonwealth of Virginia with a principal place of business in Richmond, Virginia. Debtor is authorized to conduct business in the state of Alabama and did business in Alabama. Circuit City owned and operated a chain of retail stores and on-line marketplace offering consumer electronics, home-office products, software and related services.

7. In the Circuit City Associate Handbook, harassment is defined as " Discriminatory or unwelcome behavior based on race, color, age, religion, gender, sexual orientation, national

origin, creed, disability, or any other protected characteristic that interferes with an individuals work performance or creates an intimidating, disrespectful, hostile, or offensive work environment."

8. Also in the Circuit City Associate Handbook, under the EEO and Discrimination clause states that "Associates are encouraged to discuss and resolve all work-related problems or issues with their direct supervisor or manager first. If this is not possible, or if the associate's concerns have not been resolved through his or her direct line of supervision, Associates are encouraged to take their concerns, issues, or suggestions to their next level manager or Human Resources Representative."

9. Ms. Isaac reported that she was being harassed by the Technology Supervisor to the Operations and Store Manager. Although several incidents of the harassment were reported it the unwelcome actions continued despite Ms. Isaac's requests for them to stop.

10. Circuit City Stores, Inc. failed to follow their own Equal Employment Opportunity and Discrimination policy as well as Federal law, and discriminated against Ms. Isaac. In February 2008 the Technology Supervisor began to hug, kiss, and on one occasion pulled her onto his lap. When Ms. Isaac told Mr. Gulley to stop this behavior, he would stop for short periods and start over again. She then reported the incidents to upper management, who granted her request for an immediate transfer within the store. Instead of all offensive behavior against Ms. Isaac stopping she was subjected to intimidation, by the Technology Supervisor following her around the facility and in her new department, sometimes on his day off.

11. After Ms. Isaac filed a complaint with the Equal Employment Opportunity Commission upper management within the store began to retaliate against her. She was subject to the most unlikable position in the store, she was told to work with the Technology Supervisor, by the two individuals who she had reported the initial harassment to, and intimidation by the same

*individuals as stated in the plaintiffs complaint:* Exhibit A and Exhibit B

## RELIEF FROM THE AUTOMATIC STAY IS WARRANTED

12. By this Motion, Movant (Ashley Isaac, *pro se*) requests relief from the automatic stay to proceed with the Alabama Federal Court Action through trial and judgment. In order for Movant's claims to be liquidated, the pending lawsuit must be resolved.

13. Relief from the automatic stay is warranted under 11 U.S.C. § 362(d), which provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause . . . .

Id. Although the Bankruptcy Code does not define "cause" for purposes of Section 362(d), the United States Court of Appeals for the Fourth Circuit has held that "the court must balance the potential prejudice to the debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992); see also In re Ewald, 298 B.R. 76, 80 (Bankr. E.D. Va. 2002).

## NOTICE

14. In pursuant of Alabama State Bankruptcy Rule 4001-1 **(a) Motion.** Motions for relief from the automatic stay imposed by 11 U.S.C. § 362 or

from the co-debtor stay imposed by 11 U.S.C. § 1301 are contested matters governed by Rule 9014 of the Bankruptcy Rules. The following describes the procedures for such motions for relief in all the divisions of the Court: **(b) Notice, Service of Motion and Hearing.** Upon the filing of such a motion, the preliminary hearing shall be consolidated with the final hearing unless the Court orders otherwise. The Clerk shall prepare a notice of such hearing, and the Clerk, or some

other person as the Court may direct, shall transmit a copy of the notice to (1) the movant, (2) the debtor or the debtor in possession, (3) the Trustee, (4) the Bankruptcy Administrator (only when the Bankruptcy Administrator is an interested party), (5) any committee appointed in the case, or if no committee is appointed and it is a Chapter 9 or 11 case, then on all creditors, and (6) any other entity as the Court may direct. The movant shall serve a copy of the motion on all of the aforesaid parties entitled to a copy and shall include in the motion an appropriate certificate of service. The hearing is a final evidentiary hearing, and parties are to be prepared for trial.

15. Notice of this motion will be served upon counsel for the Debtor, the United States Trustee, counsel for the Official Committee of Unsecured Creditors.

16. Movant respectfully asks that the Preliminary Hearing and Final Hearing on this matter be consolidated and heard on the scheduled Omnibus Hearing Date of August 27, 2009 11:00 a.m. ET.

## NO PRIOR REQUEST

17. No previous application for the relief requested herein has been made by Movant to this Court.

## PRAYERS CLAIMS FOR RELIEF

**WHEREFORE**, for the foregoing reasons and for cause shown, Movant respectfully requests that the Court grant the Movant's Motion modifying the automatic stay of Section 362 of the Bankruptcy Code in such a manner as to allow the Movant to proceed to trial and judgment in the Alabama Federal Court Action; and granting such other relief as this Court deems just and proper.

Date August  04  2009

Respectfully Submitted,

_____
Ashley Isaac, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document has been delivered to the following party(s) by certified United States Mail, properly addressed, postage pre-paid.

**OF COUNSEL:**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Ashley Isaac, *pro se*

# EXHIBIT A

FILED
09 MAY 13 PM 3:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Ashley Isaac | ) | |
| Plaintiff, | ) | CV-09-AR-0942-S |
| Vs. | ) | |
| | ) | |
| Circuit City Stores, Inc. et al, | ) COMPLAINT FOR DAMAGES, | |
| a Virginia corporation, | ) AND INJUNCTIVE RELIEF- VIOLATION | |
| | ) of Civil Rights Act Title VII of 1964 [42 U.S.C. | |
| Jeffrey B. Gulley, Jr., | ) §5891] | |
| Saed M. El-amin, | ) | |
| Amanda Nickel- Compton, | ) | |
| John Doe(1), | ) | |
| John Doe(2), | ) | |
| | ) | |
| Defendant(s), (et, al) | ) | |

The Plaintiff Ashley Isaac for her complaint alleges as follows:

1. The Plaintiff brings this action pursuant 42 U.S.C. § 5891 to obtain actual monetary damages, treble damages or other relief for the Defendant(s) violations of the Civil Rights Act of 1964.

### JURISDICTION, AND VENUE

2. This Court has original jurisdiction of the causes of action herein which are brought under the 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII of the Civil Rights Act.

3. All events which gave rise to the complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, Venue is proper in this district under 42

U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII of the Civil Rights Act.

## DEFENDANTS

4. Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia 23233 and transacted business in this district.

5. Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

6. Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

7. Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

8. John Doe(1) was a District Human Resources Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

9. John Doe(2) was a District Human Resources Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

## FIRST CAUSE OF ACTION

(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

10. Plaintiff refers to the allegations of this complaint, and incorporates the same herein by this reference as though set forth in full.

11. In the course of their business each defendant failed to comply with the requirements in 42

U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3

12. Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon numerous occasions after conversing with management.

13. Plaintiff reported harassment to both the Operations Manager and Store Director and requested that all harassment stop immediately or the Plaintiff be transferred to another store or department.

14. Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.

15. Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued harassment and retaliation for filing a claim with the U.S. Equal Employment Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.

16. Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her, a violation of 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

17. Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her hours. Mr. El-amin

would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

18. Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C. 2000e-3.

19. John Doe(1) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

20. John Doe(2) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b), and 42 U.S.C. 2000e-3.

### PRAYERS CLAIMS FOR RELIEF

#### First Claim

Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1. The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by

following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

## SECOND CLAIM

Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2. The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with Circuit City Stores, Inc, by allowing the harassment to continue after a formal complaint was filed including making offensive comments while the Plaintiff was present. The defendant(s) also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Also by instructing the Plaintiff to work in the Technology department with the defendant(s) after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her. by snickering while the Plaintiff reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

## THIRD CLAIM

Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3. The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

### Fourth Claim

Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4. Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1. Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;

2. Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.

3. Award court cost for suit.

4. Award plaintiff addition relief as this Court may deems just and proper.

Date May 13th 2009

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075

# EXHIBIT B

FILED
2009 Jun-22 AM 09:
U.S. DISTRICT COU
N.D. OF ALABAI

FILED
09 JUN 19 PM 2:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Ashley Isaac<br>　　　　Plaintiff,<br>Vs.<br><br>Circuit City Stores, Inc. et al,<br>　　a Virginia corporation,<br><br>Jeffrey B. Gulley, Jr.,<br>Saed M. El-amin,<br>Amanda Nickel- Compton,<br>John/ Jane Doe(s)(6)<br><br>　　　　Defendant(s), | Class Action No. 2:09-CV-942-WMA<br><br><br>COMPLAINT FOR DAMAGES,<br>- VIOLATION<br>of <u>Civil Rights Act Title VII of 1964</u> [42 U.S.C.<br>§5891]<br><br><br>AMENDED AND SUPPLEMENTED<br>COMPLAINT |

## JURISDICTION, AND VENUE

1. This Court has original jurisdiction of the causes of action herein which are brought under the 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII of the Civil Rights Act.

2. All events which gave rise to the complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, Venue is proper in this district under 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII of the Civil Rights Act.

## DEFENDANTS

3. Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia 23233 and transacted business in this district.

4. Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

5. Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

6. Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

7. John Doe(s)

## FIRST CAUSE OF ACTION
(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

8. Plaintiff refers to the allegations of this complaint, and incorporates the same herein by this reference as though set forth in full.
9. In the course of their business each defendant failed to comply with the requirements in 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3
10. Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon numerous occasions after conversing with management.
11. Plaintiff reported harassment to both the Operations Manager and Store Director and requested that all harassment stop immediately or the Plaintiff be transferred to another store or department.
12. Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.
13. Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued harassment and retaliation for filing a claim with the U.S. Equal Employment Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.
14. Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her, a violation of 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.
15. Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.
16. Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C. 2000e-3.
17. John Doe(s)1-6 caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

## PRAYERS CLAIMS FOR RELIEF

### FIRST CLAIM
Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1. The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### SECOND CLAIM
Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2. The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with Circuit City Stores, Inc., by allowing the harassment to continue after a formal complaint was filed including making offensive comments while the Plaintiff was present. The defendant(s) also retaliated against the Plaintiff for filing a formal complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Also by instructing the Plaintiff to work in the Technology department with the defendant(s) after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her. by snickering while the Plaintiff reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

### THIRD CLAIM
Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3. The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

### Fourth Claim
### Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4. Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1. Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;
2. Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.
3. Award court cost for suit.
4. Award plaintiff addition relief as this Court may deems just and proper.

Date June 19 2009

Respectfully Submitted,

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075