**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CIRCUIT CITY STORES, INC., <u>et al.</u>,[1] | ) | Case No. 08-35653 (KRH) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**APPLICATION TO EXPAND THE SCOPE OF EMPLOYMENT AND
RETENTION OF ERNST & YOUNG LLP TO INCLUDE FURTHER TAX
ADVISORY SERVICES, EFFECTIVE AS OF MARCH 11, 2009**

The Debtors file this second supplemental application (the "<u>Supplemental Application</u>") for entry of an order,[2] expanding the scope of employment and retention of Ernst & Young LLP ("<u>E&Y LLP</u>") to include further tax advisory services, effective as of March 11, 2009. In support of this Supplemental Application, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Supplemental Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Supplemental Application in this District is proper under to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

[2] A copy of the proposed order (the "<u>Order</u>") is attached hereto as <u>Exhibit A</u>.

3. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

4. On November 10, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 18, 2008, the Debtors filed their Application for Order Under Bankruptcy Code Sections 105(a), 327(a), 328 and 1107 and Bankruptcy Rule 2014(a), Authorizing the Employment and Retention of Ernst & Young LLP as Accounting and Tax Consultants to the Debtors Effective as of the Petition Date (the "Original Application"), as well as the Affidavit of Charles F. Phillips III in support of the Original Application (the "Original Affidavit").

6. On December 5, 2008, this Court entered an order approving the Original Application (Docket No. 693) (the "Original Retention Order"). Specifically, the Original Retention Order approved the retention of E&Y LLP to provide the Debtors with accounting and tax advisory services during these cases. The Original Retention Order approved E&Y LLP's provision of various tax services pursuant to certain statements of work submitted with the Original Affidavit, including assistance with managing state and local tax claims that may be filed and other tax or financial consulting services as requested by the Debtors pursuant to

statement of work #7 ("SOW #7").  A copy of the Original Retention Order is attached as Exhibit B to this Supplemental Application.

7. On December 12, 2008, the Debtors filed their Application to Expand the Scope of Employment and Retention of Ernst & Young LLP to Include Additional Tax Advisory Services, Effective as of November 10, 2008 (the "First Supplemental Application"), as well as the Supplemental Affidavit of Charles F. Phillips in support of the First Supplemental Application (the "First Supplemental Affidavit").

8. On December 24, 2008, this Court entered an order approving the First Supplemental Application (Docket No. 1277) (the "First Supplemental Retention Order"). Specifically, the Original Retention Order approved the retention of E&Y LLP to provide the Debtors with loaned staff services pursuant to statement of work #9 submitted with the First Supplemental Affidavit ("SOW #9").  A copy of the First Supplemental Retention Order is also included in Exhibit B to this Supplemental Application.

9. In support of this Supplemental Application, the Debtors have filed a second supplemental affidavit of Charles F. Phillips III (the "Supplemental Affidavit", and together with First Supplemental Affidavit and the Original Affidavit, the "Affidavits"), which is attached as Exhibit C to this Supplemental Application.

## RELIEF REQUESTED

10. By this Supplemental Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, expanding the scope of the employment and retention of E&Y LLP in providing additional tax advisory services (the "Additional Tax Services"), effective as of March 11, 2009, upon the terms and conditions contained in the engagement letter dated November 10, 2008 (the "Tax

3

Services Agreement"), which was filed with the Original Application and approved by the Original Retention Order, and the additional statements of work numbered 10 through 15 under the Tax Services Agreement (each such statement of work, as numbered, an "SOW" and, collectively, the "SOWs"). The SOWs are attached to the Supplemental Affidavit as Exhibit 1 thereto and incorporated by reference herein.

## SCOPE OF THE SERVICES

11.  Pursuant to SOW #10, E&Y LLP will assist the Debtors with property tax valuation and assessment issues to attempt to maximize the Debtors' 2009 tax savings if possible (the "Property Tax Services"). Pursuant to SOW # 11, E&Y LLP will assist the Debtors with tax audits by the Puerto Rico Treasury Department, again with a focus towards maximizing tax savings (the "Puerto Rico Treasury Audit Services"). Although the Debtors and E&Y LLP agree that the Property Tax Services and Puerto Rico Treasury Audit Services fall within the broad scope of services previously approved under SOW #7 pursuant to the Original Retention Order, the Debtors and E&Y LLP sought to have further clarity with respect to the services involved. Therefore, the Debtors and E&Y LLP have set forth the scope of the Property Tax Services and Puerto Rico Treasury Audit Services in detail in SOW #10 and SOW #11, which were recently executed by the Debtors.

12.  Under SOW #12, E&Y LLP will provide tax return preparation services to the Debtors related to their affiliate Circuit City Stores Puerto Rico LLC, including corporate income tax return, estimated declaration, annual payment voucher and personal property tax return services.

13.  Under SOW #13, E&Y LLP will provide property tax litigation support services to assist the Debtors in potential court proceedings regarding their property taxes. E&Y LLP

4

will also, pursuant to SOW #14, provide IRS account review services (the "IRS Account Review Services") to the Debtors to identify and assist with securing possible tax recoveries for the Debtors. Finally, pursuant to SOW #15, E&Y LLP will provide continuing loan staff services to the Debtors through January 31, 2010, as the prior SOW #9 for loan staff services (approved by the First Supplemental Retention Order) provided for such services only until May 1, 2009.

## COMPENSATION

14. Fees for the Additional Tax Services under the SOWs will be based on E&Y LLP's applicable hourly rates for such services, which are as follows:

SOW ##10-14

| Professional | Rates Per Hour Range |
| --- | --- |
| Partner | $650-$900 |
| Executive Director | $550-$725 |
| Senior Manager | $550-$700 |
| Manager | $450-$575 |
| Senior | $275-$475 |
| Staff | $120-$275 |

*Note:* The hourly rates above are the same as those previously approved for tax services pursuant to the Original Retention Order.

SOW #15

| Professional | Rates Per Hour Range |
| --- | --- |
| Senior | $275-475 |

5

| Staff | $120-275 |
|---|---|

*Note:* The hourly rates above are the same as those previously approved for loaned staff services pursuant to the First Supplemental Retention Order.

15. E&Y LLP will seek reimbursement for reasonable and necessary expenses incurred in connection with the Additional Tax Services, including without limitation travel, meals, accommodations, telephone, photocopying, messenger services and other expenses incurred in providing the services, which expenses will be included in the total amount billed.

16. The terms and conditions of the SOWs were negotiated by the Debtors and E&Y LLP at arm's length and in good faith.

17. All compensation and expenses will continue to be sought in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. E&Y LLP will continue to file interim and final applications for payment of fees and expenses with the Court as may be necessary. Any such interim and final applications shall continue to set forth in reasonable detail the services performed, the professional persons providing such services and the time spent. E&Y LLP will continue to maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned services.

## DISINTERESTEDNESS

18. Except as otherwise disclosed in the Affidavits, E&Y LLP is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy code in that E&Y LLP:

(a)   is not a creditor, an equity security holder, or an insider of the Debtors;

(b)   is not a and was not within two years before the date of filing of the petition, a director, officer or employer of the Debtors; and

6

 (c)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

## **BASIS FOR RELIEF**

19. The Additional Tax Services are necessary to the Debtors' fulfillment of their duties and to maximize the value of the estates under applicable federal regulations, as promulgated by state and federal taxing authorities.  E&Y LLP has specific and extensive expertise in the areas covered by the SOWs.  The Debtors require E&Y LLP's services in connection with complying with these regulations and seeking potential value through tax work under the SOWs.

20. The Additional Tax Services will not duplicate the services that other professionals have been and will be providing the Debtors in these cases.  The Debtors, E&Y LLP, and the Debtors' other professionals will work together to assure that there is no duplication of services among the professionals in these cases.

21. At the Debtors' request due to the Debtors' need for the Additional Tax Services, E&Y LLP commenced performing the Property Tax Services and Puerto Rico Treasury Audit Services on March 11, 2009, and the IRS Account Review Services on May 11, 2009, prior to the filing of this Supplemental Application.  The other Additional Tax Services have not begun yet.  Therefore, the Debtors seek the approval of this Supplemental Application effective as of March 11, 2009.

## **NOTICE**

22. Notice of this Application has been provided to those parties entitled to notice under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures (D.I. 136). The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

23. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtors request that the requirement that all applications be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached as Exhibit A, (i) authorizing the Debtors to expand the scope of employment and retention of Ernst & Young LLP as requested herein on the terms of the SOWs; and (ii) granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: August 7, 2009<br>Richmond, Virginia | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>P.O. Box 636<br>Wilmington, Delaware 19899-0636 (302) 651-3000<br><br>- and –<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP<br>Chris L. Dickerson, Esq.<br>155 North Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br><br>- and –<br><br>MCGUIREWOODS LLP<br><br>/s/ Douglas M. Foley_____<br>Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000<br><br>Counsel for Debtors and Debtors in Possession |

9