IN THE UNITED SATATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED AUG 7 2009
CLERK U.S. BANKRUPTCY COURT

Re: )
CIRCUIT CITY STORES, INC., ) Chapter 11
Et al., ) Case No. 08-35653 (KRH)
)
Debtors. ) Jointly Administered
)
)

## JACKSON COUNTY'S RESPONSE TO DEBTORS TWENTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS (DISALLOWANCE OF CERTAIN TAX CLAIMS FOR NO TAX LIABILITY)

Whereas Circuit City Stores Inc owned equipment located in Jackson County as of the assessment date of January 1st, 2008, said equipment is taxable for the 2008-09 tax year, per Oregon Revised Statute 308.215(2)(a). Tax is based on the assessed value for the equipment listed by Circuit City Stores Inc as in their possession on the Jackson County Confidential Personal Property Return filed by Circuit City Stores Inc on February 28, 2008. Jackson County asserts that the claim filed in the amount of $4712.33 is a valid claim for tax that was calculated based on the equipment list provided by Circuit City Stores Inc. Jackson County request that the Bankruptcy Court overrule the Objection to the claim filed by Circuit City Stores Inc, and require payment in full of the claim of $4712.33 filed by Jackson County.

Dated: July 31, 2009
Jackson County Oregon

Jackson County:
Theresa Spradling Deputy Tax Collector
PO Box 1569
Medford OR 97501
Tel:    541-774-6532
Fax:   541-774-6738

**308.215 Contents of assessment roll; rules.** The assessor shall prepare the assessment roll in the following form:

(1) Real property shall be listed in sequence by account number or by code area and account numbers. For each parcel of real property, the assessor shall set down in the assessment roll according to the best information the assessor can obtain:

(a) The name of the owner or owners and, if the assessor or tax collector is instructed in writing by the owner or owners to send statements and notices relating to taxation to an agent or representative, the name of such agent or representative.

(b) A description as required by ORS 308.240 with its code area and account numbers.

(c) The property class, in accordance with the classes established by rule by the Department of Revenue.

(d) The number of acres and parts of an acre, as nearly as can be ascertained, unless it is divided into blocks and lots.

(e) The real market value of the land, excluding all buildings, structures, improvements and timber thereon.

(f) The real market value of all buildings, structures and improvements thereon.

(g) The real market value of each unit together with its percentage of undivided interest in the common elements of property subject to ORS 100.005 to 100.910 stating separately the real market value of the land, buildings, structures and improvements of each unit.

(h) For each parcel of real property granted an exemption under ORS 307.250 to 307.283, the real market value so exempt.

(i) The total assessed value, maximum assessed value and real market value of each parcel of real property assessed.

(2) For personal property, the assessor shall set down separately in the assessment roll, according to the best information the assessor can obtain:

(a) The names, including assumed business names, if any, of all persons, whether individuals, partnerships or corporations, or other owner, owning or having possession or control of taxable personal property on January 1, at 1:00 a.m. of the assessment year. If it is a partnership, the names of two general partners and the total number thereof.

(b) The real market value of the personal property assessed, with a separate value for each category of personal property, if any. The Department of Revenue, by rule, may establish such categories as appear useful or necessary for good tax administration.

(c) The number of the code area assigned by the assessor covering the situs of the property on January 1.

(d) The total assessed, maximum assessed and real market value for the property.

(3) The listing of manufactured structures on the assessment roll, whether as real or personal property, shall be done in a distinctive manner so that manufactured structures may be readily distinguished from other property.

(4) In lieu of listing manufactured structures on the assessment roll as real or personal property, the assessor may list manufactured structures in a separate section of the assessment roll. In any county where such separate listing of manufactured structures is made the manufactured structures assessed as real property under ORS 308.875 shall bear a distinctive designation so that it can be identified with the real property upon which it is located. In like manner the real property upon which the manufactured structure is situated shall bear a distinctive designation so that it can be identified with the manufactured structure. Where a homestead exemption is granted to a manufactured structure assessed as real property under ORS 308.875, which manufactured structure is listed on a portion of the assessment roll separate from the real property, the exempt amount shall apply first to the value of the manufactured structure, and any remainder shall apply to the parcel of land upon which it is situated.

(5) The Department of Revenue may by rule require that the assessment roll include information in addition to that required by subsections (1) and (2) of this section. [Amended by 1957 c.324 §2; 1963 c.270 §1; 1963 c.541 §43; 1965 c.344 §1; 1967 c.568 §1; 1971 c.529 §13; 1971 c.568 §1; 1971 c.747

