Kevin A. Lake, Esquire (VSB#34286)
VANDEVENTER BLACK LLP
Eighth & Main Building
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.3l47.8801
klake@vanblk.com

Judge: Kevin Huennekens
Chapter: 11
Hearing Location: Richmond, Virginia
Hearing Date: August 18, 2009
Hearing Time: 2:00 p.m.
Response Date: August 10, 2009 (4:00 pml)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

In re:
CIRCUIT CITY STORES, INC., ET AL.,
                                   Debtors

Cause No.  08-35653 (KRH)
Chapter 11

**PIERCE COUNTY'S RESPONSE TO DEBTORS OBJECTION TO PIERCE COUNTY'S CLAIMS AND REQUEST FOR HEARING THEREON (24TH AND 27TH <u>OMNIBUS CLAIM OBJECTIONS</u>)**

## 1)     Relief Requested

Pierce County requests that this Court deny the debtor's objection to Pierce County's claims.

## 2)     Argument in Support of Relief Requested

The Debtor mischaracterizes Pierce County's claims as real property tax claims and object to the claims on that basis.  Pierce County asks this Court is asked to examine the copies of the two claims attached to this brief.  Those claims cannot be real property tax claims and must be personal property tax claims.  Three apparent facts support these conclusions:

First:  The claims state that they are for property taxes—not real property taxes.

Second: The claims state that they are secured by "<u>personal property</u>" pursuant to RCW 84.60.010 and RCW 84.60.020. Furthermore, the statutes cited cited by Pierce County as the basis for their secured claim—give Pierce County a superpriority lien <u>in the taxed property</u>.

> 84.60.010. Priority of tax lien.  All taxes and levies which may hereafter be lawfully imposed or assessed shall be and they ***are hereby declared to be a lien respectively upon the real and personal property upon which they may hereafter be imposed or assessed,*** which liens shall include all charges and expenses of and concerning the said taxes which, by the provisions of this title, are directed to be made. The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real and personal property may become charged or liable.
>
> 84.60.020. Attachment of tax liens.  The taxes assessed upon real property, including mobile homes assessed thereon, and other mobile homes as defined in RCW 82.50.010 shall be a lien thereon from and including the first day of January in the year in which they are levied until the same are paid, but as between the grantor or vendor and the grantee or purchaser of any real property or any such mobile home, when there is no express agreement as to payment of the taxes thereon due and payable in the calendar year of the sale or the contract to sell, the grantor or vendor shall be liable for the same proportion of such taxes as the part of the calendar year prior to the day of the sale or the contract to sell bears to the whole of such calendar year, and the grantee or purchaser shall be liable for the remainder of such taxes and subsequent taxes. The lien for the property taxes assessed on a mobile home shall be terminated and absolved for the year subsequent to the year of its removal from the state, when notice is given to the county treasurer describing the mobile home, if all property taxes due at the time of removal are satisfied. The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property except mobile homes as above provided from and after the date upon which the same is listed with and valued by the county assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property. The taxes assessed upon personal property shall be a lien upon each item of personal property of the person assessed, distrained by the treasurer as provided in RCW 84.56.070, from and after the date of the distraint and no sale or transfer of such personal property so distrained shall in any way affect the lien for such taxes upon such property. The taxes assessed upon personal property shall be a lien upon the real property of the person assessed, selected by the county treasurer and designated and charged upon the tax rolls as provided in RCW 84.60.040, from and after the date of such selection and charge and no sale or transfer of such real property so selected

    and charged shall in any way affect the lien for such personal property taxes upon such property.

(emphasis added).

    Third: The "value information for 2009 tax" lists the land value as $0, the improvements value as $0, and the total market value as $511,880. Such a statement could not apply to a real property tax claim because if the land and improvement values add up to zero, then the real property value amounts to zero and any real property tax would have to be zero. The $511,880 "market value" valuation must apply to property that is something other than land and improvements—the only thing that could be is personal property.

**3)  Conclusion.**

    This Court should deny the Debtors objection to Pierce County's claim because Pierce County has made a personal property tax claim—not a real property tax claim as the Debtors maintain.

           Dated this 10th day of August, 2009

                Respectfully Submitted,

Dated: August 10, 2009    **VANDEVENTER BLACK LLP**

             /s/ Kevin A. Lake
             Kevin A. Lake
             Eighth & Main Building
             707 E. Main Street, Suite 1700
             P.O. Box 1558
             Richmond, VA  23218-1558
             Tel: 804.237.8811
             Fax: 804.3l47.8801
             klake@vanblk.com

             Mark von Wahlde
             WSBN:  18373
             Pierce County Deputy Prosecuting Attorney

Civil Division
955 Tacoma Ave. S., Suite 301
Tacoma, WA  98402-2160
(253) 798-6384

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Response to Debtor's Twenty-fourth and Twenty-seventh Omnibus Objections to Claims to all parties receiving notice via ECF on August 10, 2009.

/s/  Kevin A. Lake
Kevin A. Lake