Gregg M. Galardi, Esq.                     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &            MCGUIREWOODS LLP
FLOM, LLP                                  One James Center
One Rodney Square                          901 E. Cary Street
PO Box 636                                 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636            (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :    Jointly Administered
               Debtors.        :    **Obj. Deadline: Aug. 20, 2009 at**
- - - - - - - - - - - - - - - x    **5:00 p.m. (ET)**

      **NOTICE OF PROPOSED SETTLEMENT AGREEMENT AND STIPULATION**

          PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(D.I. 4401, the "Order").[1]  A copy of the Order (without
exhibits) is annexed as Exhibit 1.

_____

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a settlement agreement and stipulation (the "Stipulation") with International Business Machines Corporation ("IBM"), a copy of which is annexed as Exhibit 2.

## TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED STIPULATION OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE STIPULATION

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Stipulation.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee")(see information below) by no later **August 20, 2009 at 5:00 p.m. (ET)** (the "Objection Deadline").  Each Objection or Request must be served on (i) counsel for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O.

---

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi
(gregg.galardi@skadden.com) and Ian S. Fredericks
(ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One
James Center, 901 E. Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F.
Blanks (dblanks@mcguirewoods.com), and (ii) counsel for the
Creditors' Committee, (a) Pachulski Stang Ziehl & Jones LLP,
10100 Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th
Floor, New York, NY 10017-2024, Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

    PLEASE TAKE FURTHER NOTICE that if you object to
the Stipulation and you do not want the Debtors to proceed
with Stipulation or you want the Court to consider your
views concerning such Stipulation, you or you attorney must
also: file in writing with the Bankruptcy Court, Clerk of
Court, United States Bankruptcy Court, 701 East Broad
Street, Suite 4000, Richmond, Virginia 23219, or
electronically (www.vaeb.uscourts.gov), a written Objection
pursuant to Local Bankruptcy Rule 9013-1(H). If you mail
your Objection to the Court for filing, you must mail it
early enough so the Court will **receive it on or before
August 20, 2009 at 5:00 p.m. (ET)**

**Any Objection to the Stipulation must be submitted by the
method described in the foregoing sentence.  Objections
will be deemed filed only when actually received at the
address listed above.**

    PLEASE TAKE FURTHER NOTICE that, pursuant to
paragraph 10(d) of the Order, if a Notice Party submits a
Request, only such Notice Party shall have the later of (i)
an additional five (5) days to object to the Stipulation or
(ii) in the case of a Request for additional information,
three (3) days after receipt by the Notice Party of the
additional information requested.  Each Notice Party may
only make one Request for additional time, unless otherwise
agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Creditors' Committee or counsel to the Debtors and counsel for the Creditors' Committee do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any), **the Debtors shall be authorized to enter into and consummate the Stipulation without further order of the Court or any other action by the Debtors**.

Dated: August 10, 2009     SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia  FLOM, LLP
                      Gregg M. Galardi, Esq.
                      Ian S. Fredericks, Esq.
                      P.O. Box 636
                      Wilmington, Delaware 19899-0636
                      (302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors in Possession

4

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   1Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

         Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]   Each capitalized term not otherwise defined herein shall have the
      meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,
due, proper and adequate notice of the Motion has been
given in accordance with the Case Management Order and
that no other or further notice is necessary;

2.    The Notice Procedures are fair,
reasonable, and appropriate.

3.    The Settlement Procedures are fair
reasonable, and appropriate.

4.    The Notice and Settlement Procedures were
proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; _provided_,
_further_, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

6

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.    Subject to the Notice Procedures, the
Debtors are authorized to compromise and settle Disputed
Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.  Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)   <u>Tier I</u> With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)   <u>Tier II</u> With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.   To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of <u>Exhibit A</u> attached hereto;
<u>provided</u>, <u>further</u>, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.   The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.   The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; <u>provided</u>, <u>further</u>, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.  Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.  Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

20.    This Court retains jurisdiction to hear

and determine all matters arising from or related to the

Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
        _____, 2009

        _____
        UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

**EXHIBIT 2**

**(Stipulation)**

Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - x

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG THE
DEBTORS AND INTERNATIONAL BUSINESS MACHINES CORPORATION
REGARDING SOFTWARE LICENSES AND FOR RELATED RELIEF**

This stipulation and agreement (the

"Stipulation") is made this 10th day of August, 2009 by

and between the debtors and debtors in possession in the

above-captioned cases (collectively, "Circuit City" or

the "Debtors")[1] and International Business Machines

Corporation ("IBM").   The Debtors and IBM are

collectively referred to herein as the "Parties".

## BACKGROUND

WHEREAS, on November 10, 2008 (the "Petition

Date"), the Debtors filed voluntary petitions for

chapter 11 relief with the United States Bankruptcy

Court for the Eastern District of Virginia (the

"Bankruptcy Court").

WHEREAS, pursuant to sections 1107 and 1108 of

title 11 of the United States Code (the "Bankruptcy

Code"), the Debtors are continuing as debtors in

possession.

WHEREAS, on January 16, 2009, the Court

authorized the Debtors, among other things, to commence

liquidation and conduct going out of business sales at

the Debtors' remaining 567 stores pursuant to an agency

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
      Distribution Company of Virginia, Inc. (2821), Circuit City
      Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
      Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
      Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263),
      Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
      LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
      for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen,
      VA 23060.

agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

WHEREAS the Debtors are authorized under the Court's Order Under 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 2002, 9006, and 9019 Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval, dated August 7, 2009 (Docket No. 4401, the "Settlement Procedures Order")[2] to enter into this Stipulation, subject to the Notice Procedures.

WHEREAS, Circuit City and IBM were parties to various contracts under which IBM provides Circuit City with different services for distinct aspects of Circuit City's business.  In particular, IBM and Circuit City were party to that certain Master Services Agreement (the "Services Agreement").

---

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Procedures Order.

WHEREAS, IBM currently owes Circuit City a credit of $3,282,846.49 under the Services Agreement (the "Circuit City Claim") after certain reductions and additions.

WHEREAS, Circuit City and IBM were also parties to that certain International Passport Advantage Agreement (as amended, the "IPAA"), pursuant to which Circuit City purchased and IBM provided licenses to use certain IBM software (the "Licensed Software").  The licenses for the Licensed Software were governed by the terms of the International Program License Agreement (as amended, the "IPLA").

WHEREAS, prior to the Petition Date, IBM reported to Circuit City that Circuit City may be exceeding the number of users authorized to use certain of the Licensed Software.  In response, IBM and Circuit City commenced a joint audit of the Circuit City's use of the Licensed Software.

WHEREAS, based on the results of the audit, IBM contends that, under the terms of IPAA and the IPLA, Circuit City exceeded the number of users authorized to use certain of the Licensed Software (the "Disputed Software"), thereby violating the terms of the licenses.

Although Circuit City disputes the results of various aspects of the audit, Circuit City did agree with IBM concerning certain findings.

WHEREAS, rather than engage in litigation with IBM, Circuit City and IBM attempted to negotiate a consensual resolution concerning the Disputed Software.

WHEREAS, as a result of these negotiations, Circuit City negotiated a settlement (the "Original Settlement") with IBM relating to the Company's use of the Disputed Software prior to the Petition Date and potential claims of IBM relating thereto.  The Original Settlement provided for Circuit City's payment of $6.5 million to IBM for the purchase of additional perpetual licenses for the Disputed Software and one year of maintenance and the waiver of IBM's alleged pre-petition claims of up to $52.2 million.  The Original Settlement provided for approximately $4.1 million to be paid on or before January 20, 2009 and three additional payments of approximately $797,000-$800,000 on March 2, April 1 and May 1, 2009.

WHEREAS, in light of the Agency Agreement and the Debtors' liquidation, the hearing on the Original Settlement was continued several times and, effective on

5

May 31, 2009, the motion to approve the Original
Settlement (Docket No. 1419) was deemed withdrawn.
Pursuant to the Stipulation, Agreement and Order by and
Among the Debtors and International Business Machines
Corporation for Rejection of Certain Executory Contracts
and Related Relief (Docket No. 3579), the IPAA and the
IPLA were deemed rejected as of May 31, 2009.

WHEREAS, IBM further contends that Circuit
City continued to use the Disputed Software in breach of
the IPAA and the IPLA until on or about March 8, 2009,
with a partial reduction in the usage after January 16,
2009.

WHEREAS, the rejection of the IPAA and IPLA
did not resolve disputes with respect to the Disputed
Software.

WHEREAS, neither the Debtors nor IBM are aware
of any claims that have been asserted on account of
unauthorized usage of the Disputed Software, back
maintenance or other claims with respect to the Licensed
Software and products, including any legacy software
contracts encompassed under the Debtors' software
license agreements with IBM (including, without
limitation, Informix and Tivoli contracts and products).

WHEREAS, the Parties wish to consensually resolve their disputes with respect to the Disputed Software in their entirety by this Stipulation.

NOW, THEREFORE, subject to and in accordance with the Settlement Procedures Order, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AND IT IS HEREBY ORDERED that:

1.    IBM shall have an administrative claim in the amount of $2 million (the "IBM Administrative Claim") on account of the Debtors' alleged use of the Disputed Software and maintenance therefor.

2.    Except for the IBM Administrative Claim, IBM and the Debtors hereby waive and release, and shall be forever barred from asserting, any and all claims, whether administrative or unsecured, or causes of action (known or unknown) of any nature against each other or each other's affiliates, officers, directors, employees, shareholders, agents, successors or assigns in connection with, related to or arising from the alleged breach of the IPAA and the IPLA relating to the Debtors' alleged use of the Disputed Software.

7

3.    Claim number 10400 on the Debtors' claims register is hereby disallowed in its entirety, without need for further order from the Court.

4.    The automatic stay provisions of Bankruptcy Code section 362 are modified to the extent necessary to enable IBM to setoff/offset the IBM Administrative Claim against the Circuit City Claim, as a result of which, the IBM Administrative Claim shall be equal to $0.00 and the Circuit City Claim shall be equal to $1,282,846.49.

5.    IBM shall pay the Circuit City Claim to Circuit City within ten (10) business days of the date this Stipulation becomes a final order in accordance with the Settlement Procedures Order.

6.    Nothing herein shall be construed to allow IBM to setoff, offset or recoup any claims against the Circuit City Claim other than the IBM Administrative Claim, as set forth herein.

7.    Nothing contained herein shall be deemed an admission of liability on the part of the Debtors or IBM with respect to the IPAA, the IPLA, the Disputed Software or the Services Agreement.

8.    Neither this Stipulation, nor any statement made or action taken in connection with the negotiation of this Stipulation, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Stipulation or (b) to seek damages or injunctive relief in connection therewith.

9.    Each of the parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

10.   No provision of this Stipulation is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the parties hereto and their respective successors and the Creditors' Committee.

11.   This Stipulation shall be governed by and construed in accordance with the internal laws of the

State of New York without regard to any choice of law provisions.

12.   This Stipulation may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

13.   This Stipulation constitutes the entire agreement and understanding of the parties regarding the Stipulation and the subject matter thereof.

14.   The United States Bankruptcy Court for the Eastern District of Virginia shall retain exclusive jurisdiction (and the parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Stipulation.

15.   Each person or entity who executes this Stipulation on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Stipulation on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Stipulation.

The representations and warranties set forth in this paragraph shall survive execution of this Stipulation.

16.   This Stipulation is effective upon the later of (i) execution by both parties and (ii) the expiration of the applicable Notice Period.

17.   This Stipulation shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

IN WITNESS WHEREOF, the Parties have set their
hands in agreement as of the date written above.


**CIRCUIT CITY STORES, INC.**

By:
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Circuit City Stores Inc.

**INTERNATIONAL BUSINESS MACHINES CORPORATION**

By:
SATTERLEE STEPHENS BURKE & BURKE LLP
Christopher R. Belmonte
230 Park Avenue
New York, NY 10169
(212) 404-8725

            - and -

THOMPSONMCMULLAN, P.C.

/s/ Robert Dybing__
Robert Dybing (VSB No. 32712)
100 Shockoe Slip
Richmond, Virginia 23219
(804) 698-6248

Counsel to International Business Machines
Corporation

Consented to by:

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By:
PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

        - and -

PACHULSKI STANG ZIEL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

        - and -

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel to the Creditors' Committee