Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP           One James Center
One Rodney Square       901 E. Cary Street
PO Box 636           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

      - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors
in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:           :  Chapter 11
              :
CIRCUIT CITY STORES, INC., :  Case No. 08-35653 (KRH)
et al.,         :
              :  Jointly Administered
        Debtors.  :  **Obj. Deadline: August 21, 2009 at**
- - - - - - - - - - - - - - x  **5:00 p.m. (ET)**

**NOTICE OF PROPOSED SETTLEMENT**

      PLEASE TAKE NOTICE that, on August 10, 2009, the
United States Bankruptcy Court for the Eastern District of
Virginia (the "Bankruptcy Court") entered the Order
Pursuant To 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P.
2002, 9006, and 9019 Authorizing the Establishment of
Procedures to Settle Certain Pre-Petition and Post-Petition
Claims and Causes of Action Without Further Court Approval
(D.I. 4401, the "Order").[1]  A copy of the Order (without
exhibits) is annexed as Exhibit 1.

---

[1]  Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to such terms in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are authorized to negotiate and enter into stipulation and settlement agreements with third parties, subject to the procedures set forth in the Order and outlined herein.

PLEASE TAKE FURTHER NOTICE that, at this time, the Debtors have entered into a stipulation and settlement agreement (the "Settlement") with Cellco Partnership d/b/a Verizon Wireless and Alltel Communications LLC f/j/a Alltel Communications Inc. (together, "Verizon"), a copy of which is annexed as Exhibit 2.

## SUMMARY OF SETTLEMENT TERMS[3]

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(b) of the Order, the material terms of the Settlement are as follows:

(i) The Proposed Settlement is a Tier II Settlement.

---

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

[3]   **This section of the notice constitutes a summary of the material terms of the Settlement and is being provided for convenience only and should not be relied upon in any way.  All parties are strongly encouraged to review the Settlement in its entirety.  In the event there is a conflict between the notice and the Settlement, the Settlement shall control in all respects.**

(ii) The Settlement is between the Debtors and Verizon (the "Parties").

(iii) The Parties desire to provide for rejection of certain agreements and for certain arrangements related to kiosks that Verizon operated in substantially all of the Debtors' retail stores.  Under these agreements, Verizon was to pay the Debtors, among other things, commissions and the Debtors were to pay Verizon, among other things, service fees.  On January 16, 2009, the Court entered an order approving a stipulation (the "First Settlement") pursuant to which Verizon is entitled to recoup and/or setoff amounts owed to it by the Debtors (the "Chargebacks and Service Fees") against amounts owing from Verizon to the Debtors (the "Commissions and MDF Payments").  Thus, the Settlement seeks to implement a mechanism in accordance with the First Settlement to establish reserves until the final charebacks have been processed and the final Service Fees paid.

(iv) The Settlement provides for the efficient winddown of the agreements between the Parties without necessitating any further action before the Court.  As such, the Settlement will avoid unnecessary costs and expenses of negotiating the remaining issues between the Parties in a duplicative, piecemeal manner.  Accordingly, the Settlement is in the bests interests of the Debtors and their estates and creditors.

### TIME AND PLACE FOR FILING OBJECTIONS TO THE PROPOSED SETTLEMENT OR REQUESTING ADDITIONAL INFORMATION OR TIME TO CONSIDER THE SETTLEMENT

PLEASE TAKE FURTHER NOTICE that, in accordance with paragraph 10(c) of the Order, any Notice Party may object (each an "Objection") to or request additional time or information (each a "Request") to evaluate the Settlement.

PLEASE TAKE FURTHER NOTICE that all Objections and Requests must be in writing and received by counsel to the Debtors and counsel to the Official Committee of Unsecured Creditors (see information below) by no later **August 21, 2009 at 5:00 p.m. (ET)** (the "Objection Deadline"). Each Objection or Request must be served on (i) the attorneys for the Debtors, (a) Skadden, Arps, Slate, Meagher & Flom, LLP, One Rodney Square, P.O. Box 636, Wilmington, DE  19899, Attn: Gregg M. Galardi (gregg.galardi@skadden.com) and Ian S. Fredericks (ian.fredericks@skadden.com) and (b) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA  23219, Attn: Douglas M. Foley (dfoley@mcguirewoods.com) and Daniel F. Blanks (dblanks@mcguirewoods.com), and (ii)(a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100, Attn: Jeff Pomerantz (jpomerantz@pszjlaw.com) and (b) 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Robert Feinstein (rfeinstein@pszjlaw.com).

PLEASE TAKE FURTHER NOTICE that if you object to the Settlement and you do not want the Debtors to proceed with Settlement or you want the Court to consider your views concerning such Settlement, you or you attorney must also:

> file in writing with the Court, Clerk of Court, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, or electronically (www.vaeb.uscourts.gov), a written Objection pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your Objection to the Court for filing, you must mail it early enough so the Court will **receive it on or before August 21, 2009 at 5:00 p.m. (ET)**

**Any Objection to a Settlement must be submitted by the method described in the foregoing sentence.  Objections will be deemed filed only when actually received at the address listed above.**

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(d) of the Order, if a Notice Party submits a Request, only such Notice Party shall have the later of (i) an additional five (5) days to object to the Settlement or

(ii) in the case of a Request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may only make one Request for additional time per Settlement Agreement, unless otherwise agreed to by the Debtors in their sole discretion.

PLEASE TAKE FURTHER NOTICE that, pursuant to paragraph 10(c) of the Order, if no Objection or Request is filed and served upon counsel for the Debtors and counsel for the Committee of Unsecured Creditors or counsel to the Debtors and counsel for the Committee of Unsecured Creditors do not receive a Request prior to the expiration of the Objection Deadline (as may be extended by Requests, if any, the **Debtors shall be authorized to enter into and consummate the Settlement without further order of the Court or any other action by the Debtors**.

Dated: August 11, 2009      SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia   FLOM, LLP
                                       Gregg M. Galardi, Esq.
                                       Ian S. Fredericks, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-0636
                                     (302) 651-3000

                                         – and –

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                   Chris L. Dickerson, Esq.
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606
                                   (312) 407-0700

                                         – and –

                                   MCGUIREWOODS LLP

                                   /s/ Douglas M. Foley
                                   Dion W. Hayes (VSB No. 34304)
                                   Douglas M. Foley (VSB No. 34364)
                                   One James Center
                                   901 E. Cary Street
                                   Richmond, Virginia 23219
                                   (804) 775-1000

                                   Counsel for Debtors and Debtors
                                   in Possession

**EXHIBIT 1**

**(Order w/out Exhibit(s))**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                    – and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
                               :
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    1Case No. 08-35653 (KRH)
et al.,                        :
                               :
             Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105 AND 363, AND FED. R. BANKR.
P. 2002, 9006, AND 9019 AUTHORIZING THE ESTABLISHMENT OF
PROCEDURES TO SETTLE CERTAIN PRE-PETITION AND POST-
PETITION CLAIMS AND CAUSES OF ACTION WITHOUT FURTHER COURT
APPROVAL**

Upon the motion (the "Motion")[1] of the Debtors

for entry of an order, pursuant to sections 105 and 363

---

[1]  Each capitalized term not otherwise defined herein shall have the
meaning ascribed to it in the Motion.

of title 11 of the United States Code (the "Bankruptcy

Code") and Rules 2002, 9006 and 9019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

for entry of an order authorizing the establishment of

procedures to settle certain pre-petition and post-

petition claims and causes of action without further

court approval; and the Court having reviewed the

Motion; and upon the record herein; and after due

deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

**FOUND, DETERMINED, AND CONCLUDED that:**

1.    Based on the affidavits of service filed,

due, proper and adequate notice of the Motion has been

given in accordance with the Case Management Order and

that no other or further notice is necessary;

2.    The Notice Procedures are fair,

reasonable, and appropriate.

3.    The Settlement Procedures are fair

reasonable, and appropriate.

4.    The Notice and Settlement Procedures were

proposed in good faith.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Notice and Settlement Procedures shall be deemed (i) fair and reasonable and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**ORDERED, ADJUDGED, AND DECREED that:**

8.    The Motion is GRANTED.

9.    The Debtors are authorized, but not directed, to compromise and settle Disputed Claims and Cause of Action and Receivable Claims in accordance with the Settlement Procedures.

3

10.   The Debtors shall provide key parties in interest with notice of each proposed Settlement.   The Notice Procedures are as follows:

(a)   The Debtors shall give written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of each proposed Settlement (the "Settlement Notice") to (i) the United States Trustee, (ii) counsel for the Committee of Unsecured Creditors, (iii) any party to the Settlement, and (iv) the Core Group and 2002 List (collectively, the "Notice Parties").

(b)   The Settlement Notice (or the Settlement Agreement) shall specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, including a statement of the Debtors' reasonable estimate of the Settlement Claim amount and the basis for the controversy, (iii) an explanation of why the Settlement of such Settlement Claim is favorable to the Debtors, their estates, and their creditors, and (iv) a copy of the proposed settlement agreement ("Settlement Agreement").

(c)   The Notice Parties may object to or request additional time to evaluate the proposed Settlement in writing by no later than 5:00 p.m. (ET) (i) five (5) days for both Tier I Disputed Claims and Tier I Cause of Action and Receivable Claims or (ii) ten (10) days for both Tier II Disputed Claims and Tier II Cause of Action and Receivable Claims (each an individual "Notice Period") and serve such objection or request on counsel to the Debtors and counsel for the Creditors' Committee on or before the

4

expiration of the applicable Notice.  If the
Debtors are compromising more than one
Disputed Claim and/or Cause of Action and
Receivable Claim, the Tier II Notice Period
shall apply to such Settlement.  If no
objection or written request is filed and
served upon counsel for the Debtors and
counsel for the Creditors' Committee or
counsel to the Debtors does not receive a
written request for additional information
and/or additional time prior to the
expiration of the applicable Notice Period,
the Debtors shall be authorized to enter
into and consummate the Settlement Agreement
without further order of the Court or any
other action by the Debtors.

(d)    If a Notice Party provides a written
request to counsel for the Debtors for
additional information or time to evaluate
the proposed Settlement, only such Notice
Party shall have the later of (i) an
additional five (5) days to object to the
proposed Settlement or (ii) in the case of a
request for additional information, three
days after receipt by the Notice Party of
the additional information requested.  Each
Notice Party may only make one request for
additional time per Settlement Agreement,
unless otherwise agreed to by the Debtors in
their sole discretion.

(e)    If a Notice Party objects to the
proposed Settlement within the defined
Notice Period for that particular Tier of
Disputed Claim or Cause of Action and
Receivable Claim, (or the additional period
in the case of a Notice Party that has
timely requested additional time or
information to evaluate the proposed
Settlement) (the "Objection Deadline") and
the Debtors and such objecting Notice Party
are unable to reach a consensual resolution,

the Debtors will not take any further action
to consummate the proposed settlement
without first obtaining Court approval for
that specific Settlement.  The Debtors are
authorized to schedule the Settlement for a
hearing at the next scheduled omnibus
hearing following the Objection Deadline (or
any subsequent hearing) without filing a
separate motion or other pleading.

(f)    If the Objection Deadline has passed
and no objection has been filed with the
Court or request for additional time or
information has been received by the
Debtors, the Debtors are authorized, but not
directed, to file a "Certificate of No
Objection" with the Court; provided,
further, that each such Certificate shall
set forth a statement that no objection was
filed or received (or if any objection was
filed or received, such objection has been
resolved) and no request for additional time
or information was received or, if such
request was received, the additional period
of review has expired.

(g)    An objection will be considered
properly filed and served only if it is
filed with the Court, and actually received
by the following parties on or before the
Objection Deadline: (i) Clerk of the
Bankruptcy Court, United States Bankruptcy
Court, 701 East Broad Street – Room 4000,
Richmond, VA  23219, (ii) the attorneys for
the Debtors, (a) Skadden, Arps, Slate,
Meagher & Flom, LLP, One Rodney Square, P.O.
Box 636, Wilmington, DE  19899, Attn: Gregg
M. Galardi (gregg.galardi@skadden.com) and
Ian S. Fredericks
(ian.fredericks@skadden.com) and (b)
McGuireWoods LLP, One James Center, 901 E.
Cary Street, Richmond, VA  23219, Attn:
Douglas M. Foley (dfoley@mcguirewoods.com)

and Daniel F. Blanks
(dblanks@mcguirewoods.com), and (iii)(a)
Pachulski Stang Ziehl & Jones LLP, 10100
Santa Monica Blvd., 11th Floor, Los Angeles,
California 90067-4100, Attn: Jeff Pomerantz
(jpomerantz@pszjlaw.com) and (b) 780 Third
Avenue, 36th Floor, New York, NY 10017-2024,
Attn: Robert Feinstein
(rfeinstein@pszjlaw.com).

(h)    All time periods set forth in the
Notice Procedures shall be calculated in
accordance with Bankruptcy Rule 9006.

11.   Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Disputed

Claims as follows:

(a)    Tier I With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
of an agreed upon priority or administrative
expense claim, as applicable, in an amount
not to exceed $500,000.

(b)    Tier II With respect to Disputed
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with the Claimants that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Disputed
Claims, grant any Claimant an allowed claim
(priority or non-priority, as the case may

7

be) or administrative expense claim, as
applicable, in an amount greater than
$500,000.

12.    Subject to the Notice Procedures, the

Debtors are authorized to compromise and settle Cause of

Action and Receivable Claims as follows:

(a)    Tier I With respect to pre- and post-
petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value (i) equal to or
greater than seventy-five percent (75%) of
the Debtors' original reasonable estimate of
the Cause of Action and Receivable Claim
amount and (ii) equal to or less than
$1,000,000.

(b)    Tier II With respect to pre- and
post-petition Cause of Action and Receivable
Claims, the Debtors, in their sole
discretion, may negotiate, execute and
consummate written Settlement Agreements
with third parties that will be binding on
the Debtors and their estates without
further action by this Court.  The Debtors
may, in full settlement of such Cause of
Action and Receivable Claims, compromise or
settle a Cause of Action and Receivable
Claim resulting in a cash payment to the
Debtors' estates of a value equal to (i)
more than $1,000,000 or (ii) less than

8

seventy-five percent (75%) of the Debtors'
original reasonable estimate of the Cause of
Action and Receivable Claim amount.

13.  To memorialize the Settlements, the
Debtors are authorized in their sole discretion, but not
directed, to enter into Settlement Agreements
substantially in the form of _Exhibit A_ attached hereto;
_provided_, _further_, that the material terms of each
Settlement Agreement may vary depending upon the
specific facts and circumstances of each Settlement and
nothing herein or therein shall be construed as
impairing the Debtors' ability to tailor the form of the
Settlement Agreement to each specific Settlement.

14.  The Debtors are authorized, but not
directed, to resolve all of the Disputed Claims and
Cause of Action and Receivable Claims of a single party
in a single Settlement Agreement.

15.  The Debtors shall provide written notice
to Kurtzman Carson Consultants LLC ("KCC"), the Debtors'
authorized claims and noticing agent, with respect to
any proof of claim settled pursuant to these Settlement
Procedures; _provided_, _further_, that, if applicable, KCC

is authorized and directed to amend the claims register accordingly without further order of the Court.

16.   Following entry of this Order, unless otherwise agreed to between the Debtors and the Creditors' Committee, the Debtors' advisors shall provide weekly updates concerning ongoing settlement discussions to the Creditors' Committee's advisors. These updates shall include, without limitation, non-privileged information mutually agreed to among the parties' advisors.  Once the Debtors reach an agreement in principle with a third party, the Debtors shall share the material terms of the Settlement with the Creditors' Committee's advisors.  All information shared with the Creditors' Committee's advisors shall be deemed shared subject to the existing confidentiality agreement with the Debtors.

17.   Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period (or, in the case of a filed objection that has been resolved, upon filing of a Certificate of No Objection) the Settlement Agreement

10

shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

18.   In the event there is an inconsistency between the Motion and this Order, this Order shall control.

19.   The requirement under Local Rule 9013-1(G) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Virginia to file a memorandum of law in connection with the Motion is hereby waived.

11

20.   This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order or any Settlement.

Dated:  Richmond, Virginia
Aug 7 2009              , 2009

/s/ Kevin R. Huennekens

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Entered on docket: August 10 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

12

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley
Douglas M. Foley

13

**EXHIBIT 2**

**(Settlement)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC. | : | Case No. 08-35653-KRH |
| et al., | : | |
| | : | |
| Debtors. | : | Jointly Administered |

STIPULATION AMONG DEBTORS AND
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS REGARDING REJECTION
AND RELATED AGREEMENTS AND ESTABLISHMENT OF RESERVES AND
AGREEMENT AMONG DEBTORS AND ALLTEL COMMUNICATIONS LLC
REGARDING REJECTION OF AGREEMENT

Circuit City Stores, Inc., on behalf of itself and its estate ("Circuit City") and certain of

its affiliates and subsidiaries, the above-captioned debtors and debtors in possession,[1] on behalf

of themselves and their estates (collectively with Circuit City, the "Debtors"), and Cellco

Partnership d/b/a Verizon Wireless ("Verizon Wireless") and Alltel Communications, LLC f/k/a

Alltel Communications, Inc. ("Alltel", and together with Verizon Wireless and the Debtors, the

"Parties") hereby enter into this stipulation ("Stipulation"), dated August 10, 2009.  The Parties

hereby make the following statements and agreements:

**WHEREAS,** on November 10, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia,

Richmond Division (the "Bankruptcy Court"); and

---

[1]  The Debtors are as follows: Circuit City Stores, Inc., Circuit City Stores West Coast, Inc., InterTAN, Inc.,
Ventoux International, Inc., Circuit City Purchasing Company, LLC, CC Aviation, LLC, CC Distribution Company
of Virginia, Inc., Circuit City Properties, LLC, Kinzer Technology, LLC, Abbott Advertising Agency, Inc., Patapsco
Designs, Inc., Sky Venture Corp., Prahs, Inc., XSStuff, LLC, Maryland MN, LLC, Courchevel, LLC, Orbyx
Electronics, LLC and Circuit City Stores PR, LLC.

017286.01678/21758778v.10

**WHEREAS**, the Debtors remain in possession of their remaining assets and continue to manage their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108; and

**WHEREAS**, Circuit City and Verizon Wireless entered into that certain Cellular Direct Sales Agreement dated July 1, 2004, as amended from time to time (the "Direct Sales Agreement"); and

**WHEREAS**, pursuant to the Direct Sales Agreement, Verizon Wireless established and operated kiosks at substantially all of Circuit City's stores and operated a Verizon Wireless store within a Circuit City store; and

**WHEREAS**, pursuant to the Direct Sales Agreement, Verizon Wireless paid Circuit City commissions on a monthly basis relating to each new activation of Verizon Wireless service obtained at a kiosk located within a Circuit City store during the prior month (the "Commissions") and Verizon Wireless has the right to chargeback to Circuit City, or recoup, offset and deduct from any unpaid Commissions or other amounts owed to Circuit City, any Commissions paid on account of any customer of Verizon Wireless that terminates Verizon Wireless service prior to completing a full 180 days of service or any Commission paid on account of any other cancelled or invalid activations as set forth in Section 3.1(e) of the Direct Sales Agreement (collectively, the "Chargebacks"); and

**WHEREAS**, pursuant to Schedule 8.1 of the Direct Sales Agreement, Verizon Wireless owed Circuit City market development fund payments from time to time for advertising in the Circuit City circulars and on the Circuit City website (the "MDF Payments"); and

**WHEREAS**, Verizon Wireless and Circuit City are also parties to that certain Verizon Wireless National Account Agreement effective December 1, 2004, Contract No. 730-02982-

2004, as amended from time to time (the "Corporate Agreement") pursuant to which Verizon Wireless agreed to provide wireless service to Circuit City and certain employees of Circuit City and Circuit City agreed to pay predetermined monthly access rates for such service ("Service Fees"); and

WHEREAS, on January 16, 2009 (Docket No. 1637) the Court entered an Order approving a Stipulation among Debtors and Cellco Partnership d/b/a Verizon Wireless Acknowledging and Authorizing Setoff, Recoupment and Ancillary Relief ("First Recoupment Stipulation") pursuant to which the Parties agreed that Verizon Wireless is entitled to recoup and /or setoff the Chargebacks and Service Fees against the Commissions and MDF Payments; and

WHEREAS, Circuit City and Alltel Communications, LLC f/k/a Alltel Communications, Inc. ("Alltel") entered into that certain Direct Sales Agreement on or about September 2006 (the "Alltel Agreement") whereby Alltel established and operated kiosks at thirteen of Circuit City's stores; and

WHEREAS, Circuit City obtained Court approval to winddown its operations and the Parties thereafter entered into a further Stipulation regarding the removal of the kiosks and winddown of Verizon Wireless store operations and Alltel store operations at the various Circuit City stores; and

WHEREAS, on or about January 17, 2009 the Debtors commenced going out of business sales and Verizon Wireless and the Debtors agreed upon a staged winddown of the Verizon Wireless store operations, which operations ceased at the last store on or around March 4, 2009.

WHEREAS, pursuant to the agreement of the Parties, Verizon Wireless and Alltel have removed all of their property from the Circuit City locations; and

017286.01678/21758778v.10

3

**WHEREAS**, the Parties now desire to provide for the rejection of the Direct Sales Agreement and the Alltel Agreement and for certain arrangements with respect to the Corporate Agreement and to implement a mechanism in accordance with the First Recoupment Stipulation to establish reserves until the final Chargebacks have been processed and the final Service Fees paid.

**WHEREAS**, the Bankruptcy Court has entered the Order Authorizing the Establishment of Procedures to Settle Certain Pre-Petition and Post-Petition Claims and Causes of Action Without Further Court Approval (D.I. 4401; the "Settlement Procedures Order").

**NOW THEREFORE, WITH THE FOREGOING BACKGROUND INCORPORATED BY REFERENCE, INTENDING TO BE BOUND, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1.      Verizon Wireless shall continue to utilize the January, 2009 Commissions of $2,001,170.00 million (the "Chargeback Reserve") against the remaining Chargebacks. As of July 9, 2009, the net Chargeback Reserve after deducting the  February chargebacks in the amount of $17,740, March chargebacks in the amount of $339,460, April chargebacks in the amount of $269,950, May chargebacks in the amount of  $228,660, and June (preliminary) chargebacks in the amount of $149,610 (final calculation to be determined) is approximately $995,750.

2.      Pursuant to the First Recoupment Stipulation, Verizon Wireless shall continue to deduct from the Chargeback Reserve all Chargebacks that arise during the six month period subsequent to March 1, 2009 without further Court approval or notice to creditors. Within thirty days after the end of the six-month period, after deducting all Chargebacks, Verizon Wireless shall remit any remaining balance of the Chargeback Reserve to Circuit City.

3.      As of June 22, 2009, Circuit City had a credit balance of $104,757.17 (the "Corporate Credit Balance") under the Corporate Agreement.  Circuit City owes Verizon Wireless $9,755.35 for charges accrued under the Corporate Agreement for the month of May, which charges are due on or about June 25, 2009. Verizon Wireless shall withhold $50,000 (the "Corporate Reserve") from the Corporate Credit Balance as a reserve against future unpaid balances under the Corporate Agreement. In accordance with the First Recoupment Stipulation, Verizon Wireless shall offset any such amounts owing by Circuit City to Verizon Wireless, including without limitation the Service Fees, against the Corporate Reserve.

4.      Verizon Wireless shall remit $45,001.82 (which amount represents the balance of the Corporate Credit Balance less the Corporate Reserve less the charges for May, 2009) as soon as practicable after the Effective Date.  Within sixty (60) days after the Corporate Agreement is rejected, Verizon Wireless shall remit the balance of the Corporate Reserve, if any, to Circuit City without further Court approval or notice to creditors once all obligations owing to Verizon Wireless under the Corporate Agreement are indefeasibly paid and satisfied in full.

5.      Verizon Wireless shall, to the extent payment has not been made by the Effective Date, remit $1,372,000 to Circuit City as soon as possible but in any event not later than thirty (30) days from the Effective Date, as payment in full of all outstanding MDF payments (on account of (a) invoice # 96852, originally issued May 11, 2009 and corrected and reissued on June 30, 2009, in the amount of $442,000, (b) invoice # 98129, originally issued February 6, 2009 and corrected and reissued on June 30, 2009, in the amount of $600,000, and (c) invoice #98750, originally issued February 6, 2009 and corrected and reissued on February 18, 2009, in the amount of $330,000.

6.      The Direct Sales Agreement shall be deemed rejected as of March 8, 2009.

7.      The Alltel Agreement shall be deemed rejected as of January 31, 2009.

8.      Verizon Wireless and Alltel shall file all claims for damages arising from rejection of the Direct Sales Agreement, the Alltel Agreement, if any, within the later of (i) thirty (30) days after the Effective Date or (ii) any applicable claims bar date set by the court.

9.      Each of the Parties has reviewed this Stipulation and any question of interpretation shall not be resolved by any rule of interpretation providing for interpretation against the drafting party.  If any provisions of this Stipulation shall be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the illegal or invalid part, term, or provisions shall not be deemed to be part of this Stipulation.

10.     Each of the Parties acknowledges and represents that no promise, representation, or inducement not expressed herein has been made in connection with this Stipulation.

11.     This Stipulation contains the entire understanding between the Parties with respect to the specific issues addressed herein. There are no other oral or written representations, agreements, or understandings between the Parties relating to the issues addressed herein. No amendment, modification, or waiver of this Stipulation shall be binding unless executed in writing.  No waiver of any of the provisions of this Stipulation shall be a continuing waiver unless expressly provided.  Each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

12.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

13.     This Stipulation may be executed by facsimile or PDF signature in separate counterparts.

14.    This Stipulation shall be binding upon the Parties hereto and with respect to the Debtors, the Debtors' estates and their successors and assigns, including, without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee or administrator, trustee or responsible officer appointed under a confirmed Chapter 11 plan.

15.    Pursuant to the Settlement Procedures Order, notice of this Stipulation (the "Settlement Notice") shall be provided to all key parties in interest (the "Notice Parties").

16.    The Notice Parties shall have until 5:00 p.m. (ET) on the day that is ten (10) days from receipt of the Settlement notice to object to or request additional time to evaluate this Stipulation in writing (the "Objection Deadline"). If a Notice Party requests additional time to evaluate the Stipulation, such Notice Party shall have until the later of (i) five (5) additional days or (ii) three (3) days after receipt of additional information requested. Each Notice Party may make only one request for additional time, unless otherwise agreed to by the Debtors in their sole discretion.

17.    If a Notice Party objects to or requests additional time to evaluate the Stipulation by the Objection Deadline and the parties are unable to reach a consensual resolution, the Debtors will not take any further action to consummate the Stipulation. In such case, the Debtors are authorized to schedule a hearing on the Stipulation at the next scheduled omnibus hearing following the Objection Deadline.

18.    If no objection or written request for additional information is received by the Objection Deadline, the Debtors shall be authorized to inter into and consummate the Stipulation. Immediately after the Objection Deadline passes, the Settlement Agreement shall be deemed to be a final order of the Bankruptcy Court for all purposes, including for the purposes of any appeal.

19.     This Stipulation shall become effective upon the date at which the Objection Deadline passes if no objection or written request for additional information is received or upon entry of the Bankruptcy Court of a final order, as the case may be (the "Effective Date").

IN WITNESS WHEREOF, the Parties, by their authorized counsel, have executed this

Stipulation as of the dates written below.

Dated:        August 10, 2009        SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
                                     LLP

                                     By: _____
                                         Gregg M. Galardi, Esquire
                                         Ian S. Fredericks, Esquire
                                         Skadden, Arps, Slate, Meagher & Flom, LLP
                                         One Rodney Square
                                         PO Box 636
                                         Wilmington, DE 19899-0636
                                         Telephone:    (302) 651-3000

                                         and

                                         Kellan Grant, Esquire
                                         Skadden, Arps, Slate, Meagher & Flom, LLP
                                         333 West Wacker Drive
                                         Chicago, Illinois 60606
                                         Telephone:    (312) 407-0700

                                         and

                                     MCGUIRE WOODS LLP

                                     By: _____
                                         Dion W. Hayes (VSB No. 34304)
                                         Douglas M. Foley (VSB No. 36364)
                                         McGuire Woods LLP
                                         One James Center
                                         901 East Cary Street
                                         Richmond, VA 23219
                                         Telephone:    (804) 775-1000

                                         Counsel to the Debtors and Debtors
                                         in Possession

BLANK ROME, LLP

By: _____
Regina Stango Kelbon, Esquire
John Lucian, Esquire
Blank Rome, LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103
Telephone:    (215) 569-5507
Facsimile:    (215) 832-5507

Counsel for
Cellco Partnership, d/b/a
Verizon Wireless and
Counsel for Alltel Communications LLC

017286.01678/21758778v.10
767741.01-Chicago Server 2A

MSW - Draft July 24, 2009 - 10:17 AM