IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

RICHMOND DIVISION

FILED

AUG 1 0 2009

CLERK
U.S. BANKRUPTCY COURT

CIRCUIT CITY STORES, INC.                    :          CASE NO. 08-35653

        Debtor                               :


## OBJECTIONS OF ROBERT M. SAYEN TO DEBTORS' TWENTY-FIFTH OMNIBUS
## OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)

Petitioner, Robert M. Sayen of 6536 Kindred Street, Philadelphia, PA 19149 hereby objects to

Circuit City's Objection to Claims for Disallowance of Certain Claims for Paid Time Off and in support

thereof avers as follows:

1. Petitioner was employed by Circuit City Stores, Inc. ("Store 0700) located at 7227 Bustleton

    Avenue, Philadelphia, PA from March 11, 2000 through and including March 6, 2009.

2. During his tenure as a Circuit City employee petitioner last held the position of Loss

    Prevention Associate at the above-referenced location, and  petitioner earned and accrued

    paid time off (PTO) in the amount of$1,174.91.

3. Under the policies and procedures of the company, if an employee's accrued time off was

    not used at the end of the employee's employment with Debtor, the employee was entitled

    to receive payment  for any and all earned and accrued time in the form of a check at the

    then current employee's salary rate.

4. Debtor allegedly  amended their Paid Time Off policy but did <u>not</u> provide a copy of said

    policy to each individual employee in either a letter addressed to said employee or in any

    notice posted in the bi-weekly paychecks provided to each employee.

5. At Store 0700, several weeks before the closing of the store, an alleged revised policy was posted in a room sometimes frequented by employees. This new revised policy was never specifically brought to the attention of each individual employee. This policy was also never mentioned in any store meeting held at that location.

6. Neither the store manager, Tim Bell nor assistant managers Larry Wolfe or Brian Sutula brought this revised policy to the attention of the store employees at that time.

7. Approximately two weeks prior to the closing of the above-referenced store which occurred on or about March 6, 2009, store manager, Tim Bell informed petitioner that he would lose his accrued and earned Paid Time Off unless he filed a Proof of Claim in the bankruptcy proceeding.

8. Petitioner Robert M. Sayen filed the Proof of Claim (Claim # 8360) requesting payment of his earned and accrued Paid Time Off in the amount of $1,174.91.

9. Petitioner Robert M. Sayen worked and earned all accrued Paid Time Off and is therefore entitled to receive compensation for those earned and accrued hours.

10. Petitioner was not permitted to take time off during the final weeks of the bankruptcy closing sale and was repeatedly told that there was no one to cover his post if he took any time off and therefore he should not ask for any time off.

11. Debtor's own "memorandum" stated that "each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim form. A copy of this memorandum is attached hereto as Exhibit "A"

12. Petitioner made a claim by filing said Proof of Claim #8360 with this Honorable Court and

petitioner, Robert M. Sayen, will be unduly prejudiced if he is unable to collect the Paid Time

Off that he is entitled to receive as his due and proper compensation for hours worked.

13. Petitioner prays that this Honorable Court should schedule a hearing to determine whether

Debtor should not pay the legitimate claims for unpaid PTO time that have been filed via

Proof of Claim with the Bankruptcy Court.

Robert M. Sayen
6536 Kindred Street
Philadelphia, PA   19149
Telephone: 215-535-3549

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2009, I served a true and correct copy of

the within pleading on the following individuals at the addresses set forth below:

> Gregg M. Galardi
> Ian S. Fredericks
> Skadden, Arps, Slate, Meagher & Flom, LLP
> One Rodney Square
> P. O. Box 636
> Wilmington, DE   19899
>
> Chris L. Dickerson
> Skadden, Arps, Slate, Meagher & Flom, LLP
> 333 West Wacker Drive
> Chicago, IL   60606
>
> Dion W. Hayes
> Douglas M. Foley
> McGuire Woods  LLP
> One James Center
> 901 E. Cary Street
> Richmond, VA   23219

Robert M. Sayen



**Confidential – Internal Use Only: Do Not Distribute**

### Answers to Common Questions About Circuit City's Liquidation Announcement

For additional information, please read the press release regarding this announcement. You can find it by visiting *http://investor.circuitcity.com* and clicking on the link for "Breaking News".

Statements made in this document may be considered forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995 and are subject to risks and uncertainties. These forward-looking statements include, without limitation, statements regarding the company's expectations concerning the bankruptcy process. Actual results may differ materially from those included in the forward-looking statements due to a number of factors, including, without limitation, developments in the bankruptcy proceedings, the results of the liquidation sales and other matters.

1. **What's going on at Circuit City?**

   - Due to challenges to our business and the continued bleak economic environment, Circuit City is going out of business and the company's assets will be liquidated to pay off creditors.
   - The process was extremely difficult and we were left with no other choice but to liquidate. Circuit City had a proud heritage of serving the public for 60 years and we deeply regret the impact this decision will have on our associates, our customers and the communities where we have operated stores and other facilities.
   - We had hoped to be able to emerge from Chapter 11 Bankruptcy protection as a stronger, more competitive company and we made significant progress during the reorganization to improve our business. Unfortunately, the economic climate is so poor that we have no choice other than liquidation.
   - Liquidators will start arriving in our 567 stores across the U.S. over the weekend, and closing sales will start as early as Saturday, January 17. Closing sales will run as long as it takes to sell existing inventory, but are expected to wrap up by the end of March. When the liquidation sales are completed, the stores will be closed.
   - At the company's corporate offices in Richmond, Va., a small staff will remain on duty during the completion of the liquidation process; most associates will be relieved of their duties immediately.
   - In some locations, a specific amount of notice regarding this change may be required by state or federal law. Regardless we are informing all locations as soon as possible.
   - Associates at our company headquarters will be asked to come back on Monday, January 19, to find out more about their status and to retrieve their personal belongings.

2. **Are you also shutting down your operations in Canada?**

   No, our Canadian operations will continue. They are not affected by the liquidation of Circuit City's U.S. operations. The Canadian operations employ approximately 3,000 associates.

3. **What happens to the company's stock?**

   The company does not anticipate any value will remain from the bankruptcy estate for the holders of the company's common equity, although this will be determined in the continuing bankruptcy proceedings.

4. **Are Circuit City's extended warranties affected by the liquidation?**

   No. Circuit City Advantage Protection Plans® (extended warranties) have been backed by third-party independent companies for more than 15 years and as a result, are not impacted by Circuit City's closing.

   Currently, all Circuit City Advantage Protection Plans are fully backed by the Assurant Solutions companies. Assurant Solutions operates as Federal Warranty Service Corporation, Sureway, Inc.,

1

*Exhibit "A"*



Confidential – Internal Use Only: Do Not Distribute

and United Service Protection, Inc.  Assurant Solutions is part of Assurant, Inc. (NYSE: AIZ), and its extended service contacts are backed by an Assurant insurance subsidiary rated A "Excellent" by A.M. Best Co.

5.   **Will Circuit City stores and your Web site continue to accept Circuit City gift cards?**

Yes, customers holding Circuit City gift cards may redeem them at full value at our stores during the liquidation sales.  Once the stores are closed and the company is out of business, the gift cards will have no value.

6.   **When will Circuit City's Web site, www.circuitcity.com, go offline?**

Circuit City's Web site and call center will continue to operate through the weekend of January 17-18, 2009.

7.   **When will the liquidation sales begin?**

Liquidation sales begin as early as Saturday, January 17, 2009, and will last as long as it takes to sell through the merchandise at each of the stores.  We expect the sales to wrap up by the end of March 2009.

8.   **What payment types will be accepted in the liquidation stores?**

Stores in liquidation will accept cash, Circuit City gift cards and most credit cards.  Personal checks will not be accepted.  All sales are final.

9.   **What about returns and refunds?**

Customers can return products they purchased prior to January 16 for a 14-day period for exchange or refunds.  All other terms of return policy are in force.

When closing sales begin, on or around January 17, 2009, all sales will be final.

## Associate Concerns

1.   **How will this affect Associates' paychecks and direct deposits?**

Paychecks will continue to be issued through your employment with Circuit City.  If you experience any problems, contact the Associate Service Center at 1-800-288-6353.

2.   **Will banks continue to accept payroll checks issued by Circuit City?**

We expect banks will continue to accept payroll checks issued by Circuit City.  In the unlikely event you do have difficulties please contact your store manager.  Every paycheck issued by Circuit City will be made good.

3.   **Will I be eligible for unemployment benefits?**

Please contact your State Employment Commission with questions regarding general eligibility/filing requirements and information related to your specific situation.

4.   **What happens to my 401(k)?**

2



**Confidential – Internal Use Only: Do Not Distribute**

The funds in the 401(k) are held in trusts, annuity contracts or custodial accounts for the sole use of plan participants. Neither Circuit City nor its creditors may access those funds.

5. **Can associates still take planned vacations?**

All vacation requests will still require advance notice and permission from your supervisor; approval will be dependent on the operating needs of each department or store.

6. **Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.

7. **Will associates be reimbursed for expense reports that were filed prior to the filing?**

Yes. We have received authority to make such payments.

8. **What about the employee stock purchase plan (ESPP)?**

The ESPP has been suspended. Associates currently enrolled in the plan should have received a letter that was mailed November 13 that explained that deductions since October 1, 2008, have not been used to purchase stock and will be refunded to participants. As of November 10, no new enrollees will be accepted into the plan.

9. **What happens to the tuition reimbursement and adoption assistance programs?**

Both of these programs have been suspended. We intend to honor the tuition reimbursement program for associates we currently have on record for the current semester (inclusive of November 10) who are properly enrolled in the program, but will not provide assistance for future terms.

10. **Can we still use our associate purchase discount?**

No. Effective immediately, the associate purchase discount is no longer in effect.

11. **What happens to the Pension Plan?**

Approximately 6,000 current associates are eligible for the plan which is held in a trust with Wachovia Bank, N.A. We will continue to pay benefits under the pension plan.

12. **I have questions about the "Notice of Deadline for Filing Proofs of Claim" that I received in the mail. What do I do?**

An FAQ about the Notice is accessible via a direct link to "Chapter 11 News Archive" from Company Headlines on ccity.com.

3

Robert M. Sayen

6536 Kindred Street

Philadelphia, PA  19149

Telephone:  215-535-3549

*August 7, 2009*

**VIA FEDERAL EXPRESS**

Clerk of the Bankruptcy Court
United States Bankrtupcy Court
701 East Broad Street
Room 4000
Richmond, VA  23219

        Re:    In Re: Circuit City Stores, Inc.
                Chapter 11 Bankruptcy
                Case No. 08-35653

Dear Clerk:

Enclosed please find the original and two copies of the Objections of Robert M. Sayen to Debtors' Twenty-fifth Omnibus Objection to Claims (Disallowance of Certain Claims for Paid Time Off) for filing in the above-captioned matter.  Please file the original and time-stamp and return the copies as proof that this Objection has been timely filed before the deadline of 4:00 p.m. on August 10, 2009.

Thank you for your time and attention to this matter.

Very truly yours,

*Robert M. Sayen*

Robert M. Sayen

Enclosure
cc:    Gregg M. Galardi and Ian S. Fredericks, Skadden, Arps (via first class mail w/encl.)
       Dion W. Hayes and Douglas M. Foley, McGuire Woods (via first class mail w/encl.)
       Chris L. Dickerson, Skadden Arps (via first class mail w/encl.)