Terrell A Woods
5724 Sullivan Point Dr
Powder Springs,Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors:   CIRCUIT CITY STORES, INC., et al.,
Case No.   08-35653 (KRH) Jointly Administered.
Claim No.  8180



RICHMOND DIVISION
FILED AUG 10 2009
CLERK
U.S. BANKRUPTCY COURT

Response to the:   **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
0835653090717000000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan,16, 2009,

"**ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT**" , **page 3, number 6**

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

Terrell A Woods
5724 Sullivan Point Dr
Powder Springs, Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors:   CIRCUIT CITY STORES, INC., et al.,
Case No.   08-35653 (KRH) Jointly Administered.
Claim No.  8193

Response to the:   **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
0835653090717000000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan, 16, 2009,

**"ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT" , page 3, number 6**

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

Terrell A Woods
5724 Sullivan Point Dr
Powder Springs, Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors: CIRCUIT CITY STORES, INC., et al.,
Case No. 08-35653 (KRH) Jointly Administered.
Claim No. 8182

Response to the: **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
0835653090717000000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan,16, 2009,

**"ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT" , page 3, number 6**

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

Terrell A Woods
5724 Sullivan Point Dr
Powder Springs, Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors:   CIRCUIT CITY STORES, INC., et al.,
Case No.   08-35653 (KRH) Jointly Administered.
Claim No.  8186

Response to the:   **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
0835653090717000000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan,16, 2009,

**"ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT"** , page 3, number 6

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

Terrell A Woods
5724 Sullivan Point Dr
Powder Springs, Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors: CIRCUIT CITY STORES, INC., et al.,
Case No. 08-35653 (KRH) Jointly Administered.
Claim No. 8199

Response to the: **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
0835653090717000000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan, 16, 2009,

**"ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT" , page 3, number 6**

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

*As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination.* **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

Terrell A Woods
5724 Sullivan Point Dr
Powder Springs,Ga. 30127
678-656-5621

August 4, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

Debtors:   CIRCUIT CITY STORES, INC., et al.,
Case No.   08-35653 (KRH) Jointly Administered.
Claim No.  8190

Response to the:  **DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF)**
083565309071700000000016

## BACKGROUND

Prior to the Petition Date, the Debtors' corporate policy allowed employees to accrue paid time off during the term of their employment (the "Former Paid Time Off Policy"). Pursuant to the Former Paid Time Off Policy, if an employee's accrued time off was not used at end of the employee's employment with the Debtors, the employee would receive a check for the employee's accrued vacation that was not used (the "Paid Time Off").

The Debtors amended their Former Paid Time Off Policy effective as of the Petition Date (the "Paid Time Off Policy"). Pursuant to the Paid Time Off Policy, the Debtors eliminated the accrual of Paid Time Off and the Debtors' employees were no longer entitled to Paid Time Off at the termination of their employment because the Paid Time Off had no cash equivalent value under the new policy. The Debtors advised its employees of such change in the Paid Time Off Policy post-petition.

Enclosed Reference: Debtors announcement to employees; Jan,16, 2009,

"**ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT**" , **page 3, number 6**

**6. Are there any changes to Circuit City's paid-time-off (PTO) policy?**

As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. **Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.**

## **RESPONSE**

The Debtors own memo infers that the employee will be compensated via the courts process. This is the basis of my claim with the Debtors. My claim is for those PTO hours accrued up to the Petition. Any accrued hours after the Petition Date fall under the amended new policy and where not included in my claim.

Respectfully,

*/s/ Terrell A. Woods*

Terrell A. Woods

Cc:

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

Encl: Debtors announcement to employees; Jan,16, 2009,
 **"ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT"**, full 3 pages.

| | | | | Name | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | WOODS, JENNA | | | | | |
| | | | | WOODS, JESSICA L | | | | | |
| | | | | WOODS, JOANNE | | | | | |
| | | | | WOODS, JOHN | | | | | |
| | | | | WOODS, JONATHAN ERIK | | | | | |
| | | | | WOODS, JOSEPH PATRICK | | | | | |
| | | | | WOODS, JOSEPH PATRICK | | | | | |
| | | | | WOODS, KATIE | | | | | |
| | | | | WOODS, KIRK | | | | | |
| | | | | WOODS, LARRY CHARLES | | | | | |
| | | | | WOODS, LARRY CHARLES | | | | | |
| | | | | WOODS, LAWRENCE | | | | | |
| | | | | WOODS, LORI | | | | | |
| | | | | WOODS, LORI | | | | | |
| | | | | WOODS, MARK A | | | | | |
| | | | | WOODS, MARSHALL JOSEPH | | | | | |
| | | | | WOODS, MARVIN | | | | | |
| | | | | WOODS, NORMAN | | | | | |
| | | | | WOODS, PATRICK J | | | | | |
| | | | | WOODS, PATRICK J | | | | | |
| | | | | Woods, Paul W | | | | | |
| | | | | WOODS, REGNALDO LEQUAN | | | | | |
| | | | | WOODS, RICHARD JOHNATHAN | | | | | |
| | | | | WOODS, RICHARD PADRIS | | | | | |
| | | | | WOODS, RYAN THOMAS | | | | | |
| | | | | WOODS, SHAWN | | | | | |
| | | | | WOODS, TERRELL A | | | | | |
| | | | | WOODS, TERRELL A | | | | | |
| | | | | Woods, Terrell A | | | | | |
| | | | | WOODS, TERRELL A | | | | | |
| | | | | Woods, Terrell A | | | | | |

| | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|
| | | | | WOODS, TERRELL ALTON | | | | | |
| | | | | WOODS, TONY | | | | | |
| | | | | WOODS, WILLIAM E MDSO | | | | | |
| | | | | WOODS, WILLIE | | | | | |
| | | | | WOODSON, CHAUNCEY | | | | | |
| | | | | WOODSON, JACCARRI | | | | | |
| | | | | WOODSON, JOYCE C | | | | | |
| | | | | WOODSON, JOYCE C | | | | | |
| | | | | WOODSON, JOYCE C | | | | | |
| | | | | WOODSON, JOYCE C | | | | | |
| | | | | WOODSON, LEILANI | | | | | |
| | | | | WOODSON, LORENZO | | | | | |
| | | | | WOODSON, SCOTT | | | | | |
| | | | | WOODSON, SCOTT | | | | | |
| | | | | WOODSTEAD, DAWN MARIE | | | | | |
| | | | | WOODSTEAD, DAWN MARIE | | | | | |
| | | | | WOODSTOCK FOOD PANTRY | | | | | |



**Confidential – Internal Use Only: Do Not Distribute**

### ANSWERS TO COMMON QUESTIONS ABOUT CIRCUIT CITY'S LIQUIDATION ANNOUNCEMENT

For additional information, please read the press release regarding this announcement. You can find it by visiting *http://investor.circuitcity.com* and clicking on the link for "Breaking News".

Statements made in this document may be considered forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995 and are subject to risks and uncertainties. These forward-looking statements include, without limitation, statements regarding the company's expectations concerning the bankruptcy process. Actual results may differ materially from those included in the forward-looking statements due to a number of factors, including, without limitation, developments in the bankruptcy proceedings, the results of the liquidation sales and other matters.

1. **What's going on at Circuit City?**

   - Due to challenges to our business and the continued bleak economic environment, Circuit City is going out of business and the company's assets will be liquidated to pay off creditors.
   - The process was extremely difficult and we were left with no other choice but to liquidate. Circuit City had a proud heritage of serving the public for 60 years and we deeply regret the impact this decision will have on our associates, our customers and the communities where we have operated stores and other facilities.
   - We had hoped to be able to emerge from Chapter 11 Bankruptcy protection as a stronger, more competitive company and we made significant progress during the reorganization to improve our business. Unfortunately, the economic climate is so poor that we have no choice other than liquidation.
   - Liquidators will start arriving in our 567 stores across the U.S. over the weekend, and closing sales will start as early as Saturday, January 17. Closing sales will run as long as it takes to sell existing inventory, but are expected to wrap up by the end of March. When the liquidation sales are completed, the stores will be closed.
   - At the company's corporate offices in Richmond, Va., a small staff will remain on duty during the completion of the liquidation process; most associates will be relieved of their duties immediately.
   - In some locations, a specific amount of notice regarding this change may be required by state or federal law. Regardless we are informing all locations as soon as possible.
   - Associates at our company headquarters will be asked to come back on Monday, January 19, to find out more about their status and to retrieve their personal belongings.

2. **Are you also shutting down your operations in Canada?**

   No, our Canadian operations will continue. They are not affected by the liquidation of Circuit City's U.S. operations. The Canadian operations employ approximately 3,000 associates.

3. **What happens to the company's stock?**

   The company does not anticipate any value will remain from the bankruptcy estate for the holders of the company's common equity, although this will be determined in the continuing bankruptcy proceedings.

4. **Are Circuit City's extended warranties affected by the liquidation?**

   No. Circuit City Advantage Protection Plans® (extended warranties) have been backed by third-party independent companies for more than 15 years and as a result, are not impacted by Circuit City's closing.

   Currently, all Circuit City Advantage Protection Plans are fully backed by the Assurant Solutions companies. Assurant Solutions operates as Federal Warranty Service Corporation, Sureway, Inc.,

1



**Confidential – Internal Use Only: Do Not Distribute**

and United Service Protection, Inc. Assurant Solutions is part of Assurant, Inc. (NYSE: AIZ), and its extended service contacts are backed by an Assurant insurance subsidiary rated A "Excellent" by A.M. Best Co.

5. **Will Circuit City stores and your Web site continue to accept Circuit City gift cards?**

   Yes, customers holding Circuit City gift cards may redeem them at full value at our stores during the liquidation sales. Once the stores are closed and the company is out of business, the gift cards will have no value.

6. **When will Circuit City's Web site, www.circuitcity.com, go offline?**

   Circuit City's Web site and call center will continue to operate through the weekend of January 17-18, 2009.

7. **When will the liquidation sales begin?**

   Liquidation sales begin as early as Saturday, January 17, 2009, and will last as long as it takes to sell through the merchandise at each of the stores. We expect the sales to wrap up by the end of March 2009.

8. **What payment types will be accepted in the liquidation stores?**

   Stores in liquidation will accept cash, Circuit City gift cards and most credit cards. Personal checks will not be accepted. All sales are final.

9. **What about returns and refunds?**

   Customers can return products they purchased prior to January 16 for a 14-day period for exchange or refunds. All other terms of return policy are in force.

   When closing sales begin, on or around January 17, 2009, all sales will be final.

<u>Associate Concerns</u>

1. **How will this affect Associates' paychecks and direct deposits?**

   Paychecks will continue to be issued through your employment with Circuit City. If you experience any problems, contact the Associate Service Center at 1-800-288-6353.

2. **Will banks continue to accept payroll checks issued by Circuit City?**

   We expect banks will continue to accept payroll checks issued by Circuit City. In the unlikely event you do have difficulties please contact your store manager. Every paycheck issued by Circuit City will be made good.

3. **Will I be eligible for unemployment benefits?**

   Please contact your State Employment Commission with questions regarding general eligibility/filing requirements and information related to your specific situation.

4. **What happens to my 401(k)?**

2



**Confidential – Internal Use Only: Do Not Distribute**

The funds in the 401(k) are held in trusts, annuity contracts or custodial accounts for the sole use of plan participants. Neither Circuit City nor its creditors may access those funds.

5. **Can associates still take planned vacations?**

   All vacation requests will still require advance notice and permission from your supervisor; approval will be dependent on the operating needs of each department or store.

6. **Are there any changes to Circuit City's paid-time-off (PTO) policy?**

   As a result of the bankruptcy filing, Circuit City will not pay Associates unused PTO hours upon termination of employment. To the extent an employee is terminated and at the time of termination has accrued, but has not used PTO, such employee will not receive payment of amounts on account of such PTO at the time of termination. Instead, during the bankruptcy proceeding, each employee (current and former) will receive a Proof of Claim Form. The Proof of Claim Form may be completed by each employee for any "claims", including, without limitation, unpaid PTO at the time the employee receives the Proof of Claim Form.

7. **Will associates be reimbursed for expense reports that were filed prior to the filing?**

   Yes. We have received authority to make such payments.

8. **What about the employee stock purchase plan (ESPP)?**

   The ESPP has been suspended. Associates currently enrolled in the plan should have received a letter that was mailed November 13 that explained that deductions since October 1, 2008, have not been used to purchase stock and will be refunded to participants. As of November 10, no new enrollees will be accepted into the plan.

9. **What happens to the tuition reimbursement and adoption assistance programs?**

   Both of these programs have been suspended. We intend to honor the tuition reimbursement program for associates we currently have on record for the current semester (inclusive of November 10) who are properly enrolled in the program, but will not provide assistance for future terms.

10. **Can we still use our associate purchase discount?**

    No. Effective immediately, the associate purchase discount is no longer in effect.

11. **What happens to the Pension Plan?**

    Approximately 6,000 current associates are eligible for the plan which is held in a trust with Wachovia Bank, N.A. We will continue to pay benefits under the pension plan.

12. **I have questions about the "Notice of Deadline for Filing Proofs of Claim" that I received in the mail. What do I do?**

    An FAQ about the Notice is accessible via a direct link to "Chapter 11 News Archive" from Company Headlines on ccity.com.

3