## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. **08-35653** |
| | ) |
| Debtors. | ) Jointly Administered |
| ———————————————— | ) |
| | ) |
| Ashley Isaac, *pro se* | ) |
| | ) |
| Movant, | ) Amended Motion |
| | ) |
| v. | ) |
| | ) |
| CIRCUIT CITY STORES, INC., | ) |
| | ) |
| Respondent. | ) |

## AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE AND MEMORANDUM OF POINTS IN SUPPORT OF PLAINTIFF'S MOTION

Ashley Isaac, *pro se*, (and "Movant"), by and through undersigned, hereby files her motion from the Relief Of The Automatic Stay Under Section 362 Of The United States Bankruptcy Code (the "Motion") to pursue a Federal court action pending in the Federal Court of the State of Alabama, Jefferson County. In support of her Motion, Movant states the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction and venue over this proceeding pursuant to 28 U.S.C. § 1334(a) and 11 U.S.C. § 362(d).

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3.      On November 10, 2008 (the "Petition Date"). Circuit City Store, Inc. ("Debtor")

commenced this action in the United States Bankruptcy Court for the Eastern District of Virginia by

filing its voluntary petition under chapter 11 of the United States Bankruptcy Code.

## PRAYERS CLAIMS FOR RELIEF

## FIRST CLAIM

4.      On May 13th, 2009, Movant commenced a civil action styled Ashley Isaac vs. Circuit

City Stores, Inc., Civil action no. 2:9-CV-942-WMA, and Amended the complaint on June 19,

2009, in the United States Federal Court of the State of Alabama, Jefferson County on behalf of

herself. Movant's Complaint seeks relief for Debtor's unlawful employment practices by

submitting Ms. Isaac to unwanted sexual advances and when Ms. Isaac reported the harassment

to Circuit City Stores, Inc. the harassment continued Ms. Isaac then filed a complaint with the

United States Equal Employment Opportunity Commission. After filing a complaint with the

E.E.O.C. Ms. Isaac was subject to retaliation by Circuit City Stores, Inc. A true an exact copy of

the Complaint is attached hereto as Exhibit A, Exhibit B and Exhibit C (The Declaration of

Ashley Isaac). Movant's Complaint alleges violations of the Civil Rights Act Title VII of 1964:

42 U.S.C. §5891, 42 U.S.C.§ 2000e-12(b), 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 and 28 U.S.C.

§1331 (Federal question) asserts Federal law claims under the United States Code for harassment

and unlawful employment practices.

6.      Debtor was a publicly traded corporation duly organized and existing under the laws of

the Commonwealth of Virginia with a principal place of business in Richmond, Virginia. Debtor

is authorized to conduct business in the state of Alabama and did business in Alabama. Circuit

City owned and operated a chain of retail stores and on-line marketplace offering consumer

electronics, home-office products, software and related services.

## SECOND CLAIM

7.    In the Circuit City Associate Handbook, harassment is defined as " Discriminatory or unwelcome behavior based on race, color, age, religion, gender, sexual orientation, national origin, creed, disability, or any other protected characteristic that interferes with an individuals work performance or creates an intimidating, disrespectful, hostile, or offensive work environment."

8.    Also in the Circuit City Associate Handbook, under the EEO and Discrimination clause states that "Associates are encouraged to discuss and resolve all work-related problems or issues with their direct supervisor or manager first. If this is not possible, or if the associate's concerns have not been resolved through his or her direct line of supervision, Associates are encouraged to take their concerns, issues, or suggestions to their next level manager or Human Resources Representative."

9.    Ms. Isaac reported that she was being harassed by the Technology Supervisor to the Operations and Store Manager. Although several incidents of the harassment were reported, the unwelcome actions continued despite Ms. Isaac's requests for them to stop.

10.    Circuit City Stores, Inc. failed to follow their own Equal Employment Opportunity and Discrimination policy as well as Federal law, and discriminated against Ms. Isaac. In February 2008 the Technology Supervisor began to hug, kiss, and on one occasion pulled her onto his lap. When Ms. Isaac told Mr. Gulley to stop this behavior, he would stop for short periods and start over again. She then reported the incidents to upper management, who granted her request for an immediate transfer within the store. Instead of all offensive behavior against Ms. Isaac stopping she was subjected to intimidation, by the Technology Supervisor following her around the facility and in her new department, sometimes on his day off.

11.    After Ms. Isaac filed a complaint with the Equal Employment Opportunity Commission

upper management within the store began to retaliate against her. She was subject to the most

unlikable position in the store, she was told to work with the Technology Supervisor, by the two

individuals who she had reported the initial harassment to, and intimidation by the same

individuals as stated in the plaintiffs complaint and Declaration: Exhibit A, Exhibit B and

Exhibit C.

12.    By this Motion, Movant (Ashley Isaac, *pro se*) requests relief from the automatic

stay to proceed with the Alabama Federal Court Action through trial and judgment. In order for

Movant's claims to be liquidated, the pending lawsuit must be resolved.

13.    In pursuant of Alabama State Bankruptcy Rule 4001-1 **(a) Motion.** Motions for relief from

the automatic stay imposed by 11 U.S.C. § 362 or from the co-debtor stay imposed by 11 U.S.C. §

1301 are contested matters governed by Rule 9014 of the Bankruptcy Rules. The following describes

the procedures for such motions for relief in all the divisions of the Court: **(b) Notice, Service of**

**Motion and Hearing.** Upon the filing of such a motion, the preliminary hearing shall be

consolidated with the final hearing unless the Court orders otherwise. The Clerk shall prepare a

notice of such hearing, and the Clerk, or some other person as the Court may direct, shall transmit

a copy of the notice to (1) the movant, (2) the debtor or the debtor in possession, (3) the Trustee, (4)

the Bankruptcy Administrator (only when the Bankruptcy Administrator is an interested party), (5)

any committee appointed in the case, or if no committee is appointed and it is a Chapter 9 or 11 case,

then on all creditors, and (6) any other entity as the Court may direct. The movant shall serve a copy

of the motion on all of the aforesaid parties entitled to a copy and shall include in the motion an

appropriate certificate of service. The hearing is a final evidentiary hearing, and parties are to be

prepared for trial.

14.    Notice of this motion will be served upon counsel for the Debtor, the United States Trustee, counsel for the Official Committee of Unsecured Creditors.

15.    Movant respectfully asks that the Preliminary Hearing and Final Hearing on this matter be consolidated and heard on the scheduled Omnibus Hearing Date of August 27, 2009 11:00 a.m. ET and that this motion be considered a Memorandum Of Points And Authorities In Support Of Plaintiffs Motion For Relief Of The Automatic Stay Of The Bankruptcy Code 11 U.S.C. seq. 362.

**WHEREFORE,** for the foregoing reasons and for cause shown, Movant respectfully requests that the Court grants the plaintiffs motion(s) and grant relief:

(a) by the Movant's Motion  modifying the automatic stay of Section 362 of the Bankruptcy Code in such a manner as to allow the Movant to proceed to trial and judgment in the Alabama Federal Court Action; and granting such other relief as this Court deems just and proper.


Date August _11_ 2009                                    Respectfully Submitted,

                                                        Ashley Isaac, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document has been delivered to the

following party(s) by certified United States Mail, properly addressed, postage pre-paid.

**OF COUNSEL:**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Ashley Isaac, *pro se*

# EXHIBIT A

FILED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**    09 MAY 13 PM 3:34
**SOUTHERN DIVISION**

U.S. DISTRICT COURT
N.B. OF ALABAMA

|  |  |
|---|---|
| Ashley Isaac | ) |
|     Plaintiff, | ) |
| Vs. | )     CV-09-AR-0942-S |
|  | ) |
|  | ) |
| Circuit City Stores, Inc. et al, | )COMPLAINT FOR DAMAGES, |
|     a Virginia corporation, | )AND INJUNCTIVE RELIEF- VIOLATION |
|  | )of Civil Rights Act Title VII of 1964 [42 U.S.C. |
| Jeffrey B. Gulley, Jr., | )§5891] |
| Saed M. El-amin, | ) |
| Amanda Nickel- Compton, | ) |
| John Doe(1), | ) |
| John Doe(2), | ) |
|  | ) |
|     Defendant(s), (et, al) | ) |

The Plaintiff Ashley Isaac for her complaint alleges as follows:

1.      The Plaintiff brings this action pursuant 42 U.S.C. § 5891 to obtain actual monetary

damages, treble damages or other relief for the Defendant(s) violations of the Civil Rights Act of

1964.

### JURISDICTION, AND VENUE

2.      This Court has original jurisdiction of the causes of action herein which are brought under

the 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII

of the Civil Rights Act.

3.      All events which gave rise to the complaint occurred in the jurisdiction of the United States

District Court for the Northern District of Alabama, Venue is proper in this district under 42

U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII
of the Civil Rights Act.

## DEFENDANTS

4.    Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia
and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia
23233 and transacted business in this district.

5.    Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at
4351 Creekside Avenue, Hoover, Alabama 35244.

6.    Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside
Avenue, Hoover, Alabama 35244.

7.    Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located
at 4351 Creekside Avenue, Hoover, Alabama 35244.

8.    John Doe(1) was a District Human Resources Manager of Circuit City Store 0827 located
at 4351 Creekside Avenue, Hoover, Alabama 35244.

9.    John Doe(2) was a District Human Resources Manager of Circuit City Store 0827 located
at 4351 Creekside Avenue, Hoover, Alabama 35244.


## FIRST CAUSE OF ACTION

(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42 U.S.C.
§ 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

10.    Plaintiff refers to the allegations of this complaint, and incorporates the same herein by this
reference as though set forth in full.

11.    In the course of their business each defendant failed to comply with the requirements in 42

U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3

12.    Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon numerous occasions after conversing with management.

13.    Plaintiff reported harassment to both the Operations Manager and Store Director and requested that all harassment stop immediately or the Plaintiff be transferred to another store or department.

14.    Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.

15.    Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued harassment and retaliation for filing a claim with the U.S. Equal Employment Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.

16.    Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her, a violation of 42 U.S.C. § 5891,42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

17.    Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her hours. Mr. El-amin

would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

18.    Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C. 2000e-3.

19.    John Doe(1) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

20.    John Doe(2) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b), and 42 U.S.C. 2000e-3.


### PRAYERS CLAIMS FOR RELIEF

#### First Claim

Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1.    The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by

following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

## SECOND CLAIM

### Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2.     The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with Circuit City Stores, Inc, by allowing the harassment to continue after a formal complaint was filed including making offensive comments while the Plaintiff was present. The defendant(s) also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Also by instructing the Plaintiff to work in the Technology department with the defendant(s) after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her. by snickering while the Plaintiff reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

## THIRD CLAIM

Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3.     The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

### Fourth Claim

Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4.     Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1.  Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;

2.  Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.

3.  Award court cost for suit.

4.  Award plaintiff addition relief as this Court may deems just and proper.

Date May 13th 2009

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075

# EXHIBIT B

2009 Jun-22  AM 09:
U.S. DISTRICT COU
N.D. OF ALABAI

FILED

**09 JUN 19 PM 2:54**

U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| | ) |
| | ) |
| Ashley Isaac | ) |
| Plaintiff, | )Class Action No. 2:09-CV-942-WMA |
| Vs. | ) |
| | ) |
| | ) |
| Circuit City Stores, Inc. et al, | )COMPLAINT FOR DAMAGES, |
| a Virginia corporation, | )- VIOLATION |
| | )of <u>Civil Rights Act Title VII of 1964</u> [42 U.S.C. |
| Jeffrey B. Gulley, Jr., | )§5891] |
| Saed M. El-amin, | ) |
| Amanda Nickel- Compton, | ) |
| John/ Jane Doe(s)(6) | )AMENDED AND SUPPLEMENTED |
| | )COMPLAINT |
| | ) |
| Defendant(s), | ) |

## JURISDICTION, AND VENUE

1. This Court has original jurisdiction of the causes of action herein which are brought under the 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII of the Civil Rights Act.

2. All events which gave rise to the complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, Venue is proper in this district under 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII of the Civil Rights Act.

## DEFENDANTS

3. Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia 23233 and transacted business in this district.

4. Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

5. Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

6. Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

7. John Doe(s)

## FIRST CAUSE OF ACTION
(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42
U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

8.    Plaintiff refers to the allegations of this complaint, and incorporates the same herein by
      this reference as though set forth in full.

9.    In the course of their business each defendant failed to comply with the requirements in
      42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3

10.   Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon
      numerous occasions after conversing with management.

11.   Plaintiff reported harassment to both the Operations Manager and Store Director and
      requested that all harassment stop immediately or the Plaintiff be transferred to another
      store or department.

12.   Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to
      harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.

13.   Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued
      harassment and retaliation for filing a claim with the U.S. Equal Employment
      Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42
      U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.

14.   Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room
      pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following
      her around the store. When the defendant was told to stop the offensive behavior Mr.
      Gulley continued to follow the Plaintiff around the facility and into her new department,
      sometimes even brushing up against her, a violation of 42 U.S.C. § 5891,42 U.S.C.
      2000e-2, and 42 U.S.C. 2000e-3.

15.   Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a
      formal complaint was filed including making offensive comments with Mr. Gulley while
      the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a
      complaint with the U.S. Equal Employment Opportunity Commission by subjecting her
      to a demeaning position compared to others of the same department and diminishing her
      hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in
      the Technology department with Mr. Gulley after she was no longer under his
      supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came
      into her new department on his off day and proceeded to continually brush against her,
      Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the
      Plaintiff would not he came around the register and bumped into her, a violation of 42
      U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

16.   Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff
      reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by
      subjecting her to a demeaning position compared to others of the same department, as
      well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint
      against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C.
      2000e-3.

17.   John Doe(s)1-6 caused harm to the Plaintiff by allowing the Technology Supervisor,
      Operation Manager, and Store Director's continued harassment after it had been reported,
      a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

## PRAYERS CLAIMS FOR RELIEF

### FIRST CLAIM
#### Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1.    The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### SECOND CLAIM
#### Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2.    The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with Circuit City Stores, Inc., by allowing the harassment to continue after a formal complaint was filed including making offensive comments  while the Plaintiff was present. The defendant(s) also retaliated against the Plaintiff for filing a formal complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Also by instructing the Plaintiff to work in the Technology department with the defendant(s) after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her. by snickering while the Plaintiff reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

### THIRD CLAIM
#### Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3.    The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

## Fourth Claim
### Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4.  Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1.  Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;

2.  Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.

3.  Award court cost for suit.

4.  Award plaintiff addition relief as this Court may deems just and proper.

Date June 19 2009

Respectfully Submitted,

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075

# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case No. **08-35653** |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| Ashley Isaac, *pro se* | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| CIRCUIT CITY STORES, INC., | ) |
| | ) |
| Respondent. | ) |

## DECLARATION OF ASHLEY ISAAC

I, Ashley Isaac, declare under penalty of perjury:

1. I am the plaintiff in Isaac v. Circuit City Stores, Inc. currently Stayed under the Automatic Stay of The Bankruptcy Code 11 U.S.C. seq. 362 in the Northern District of Alabama Northern Division (civil action 2:09-cv-00942-WMA).

2. In October 2007 I became an employee of Circuit City Stores, Inc. in the Technology Department, and in February 2008 I became subject to unwanted sexual harassment by the Technology Supervisor. I reported the harassment on April 20, 2008 to the Operations Manager and Store Director who transferred me to the Customer Service Department, yet the Harassment continued. In May 2008 I filed a complaint against my employer with the Equal Employment

Opportunity Commission (E.E.O.C.).

     3. I soon became retaliated against for filing a complaint with the E.E.O.C. by being subject

to the unwanted work of the department on a daily basis, managers would ignore me when I would

call them for assistance, The managers, with whom I initially complained about the harassment to,

would tell me to work under the supervision of the person who was harassing me.

I filed a second complaint against my employer (Circuit City Stores, Inc.)

     4. After months of harassment I was diagnosed with depression and anxiety by Dr. Peily

Soong at Pediatrics East in Roebuck, AL.

     5. After being transferred back to the Technology Department I faxed my Fall availability to

Assistant Manager Shelly Fancher I was told to send further availability to the Operations Manager

(who makes the schedules) or the Store Director.

     6. In November 2008 I sent an e-mail to both the Operations Manager and Store Director

reminding them that I would be unavailable for that years "Black Friday," seeing that I worked

Tuesdays and Thursdays only.  I also explained the situation personally to the Store Director, who

told me that I had to work "Black Friday" and there would be no compromise for my schedule.

Although I had given two members of management notice of my availability I came to work on

"Black Friday" at 4:00 a.m. anyway, and I proceeded to the managers office to tell the Store Director

that I would have to leave at 10:00 am instead of 4:00 p.m. While I was telling the store director of

my situation he did not look at me or acknowledge me, instead the Entertainment Supervisor, Carley

Self told me that my behavior was unacceptable, I had not given proper notice, and I would not go

unpunished for this action.

7. In March 2008, after being written off the work schedule for weeks I requested a Right To Sue Letter from the E.E.O.C. (which they issued). In May 2009 I filed a civil lawsuit against Circuit City Stores, Inc. in the Alabama Federal Court. On July 17, 2009 the Honorable Judge William Acker Stayed the action against them according to the Automatic Stay of the 11 U.S.C. seq. 362.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 11 , 2009                    Signed: _____

Ashley Isaac, *pro se,* Plaintiff

Form B20A (Official Form 20A) (12/03)                                    USBC, EDVA (12/06)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
_____Richmond_____ Division

In re:   CIRCUIT CITY STORES, INC., et al    )
                                             )
                                             )    Case No.   08-35653
                                             )    Chapter    11
                      Debtor                 )

## NOTICE OF MOTION (OR OBJECTION)

   Ashley Isaac, pro se              has filed papers with the court to request

Relief From The Automatic Stay                                                    .

   **Your rights may be affected. You should read these papers carefully and discuss
them with your attorney, if you have one in this bankruptcy case. (If you do not have an
attorney, you may wish to consult one.)**

   If you do not want the court to grant the relief sought in the motion (or objection), or if
*you want the court to consider your views on the motion (or objection), then on or before* _____
August 27, 2009              , you or your attorney must:

☑    File with the court, at the address shown below, a written request for a hearing
     [or a written response pursuant to Local Bankruptcy Rule 9013-1(H)]. If you mail
     your request for hearing (or response) to the court for filing, you must mail it early
     enough so the court will **receive** it on or before the date stated above.

                 Clerk of Court
                 United States Bankruptcy Court
                 701 East Broad Street, Suite 4000
                 Richmond, VA 23219

   You must also mail a copy to:

   Gregg M. Galardi, Esq. Skadden, Arps, Slate, Meagher & Flom LLP

   One Rodney Square PO Box 636

   Wilmington, DE 19899-0636

☐    Attend a hearing to be scheduled at a later date. You will receive separate notice
     of hearing. **If no timely response has been filed opposing the relief requested,
     the court may grant the relief without holding a hearing**

☑    Attend the hearing on the motion (or objection) scheduled to be held on _____
August 27, 2009 _____ at  11:00 _____ a_m.  at United States
Bankruptcy Court,  For The Eastern District Of Virginia Richmond Division ____
_____.

If you or your attorney do not take these steps, the court may decide that you do not
oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  August 11, 2009 _____          Signature, name, address and telephone number
                                        of person giving notice:

                                         Ashley Isaac, pro se _____
                                        617 South 76th Street _____
                                        Birmingham, Alabama 35206 _____
                                        _____
                                        Virginia State Bar No. _____
                                        *Counsel for* _____


### Certificate of Service

I hereby certify that I have this  11____ day of  August _____, 20  09 , mailed or
hand-delivered a true copy of the foregoing Notice of Motion (or Objection) to the parties listed
on the attached service list.