IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al. | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**LIMITED OBJECTION OF LOREN STOCKER D/B/A VANITY INTERNATIONAL TO THE BIDDING PROCEDURES IN CONNECTION WITH SALES OF MISCELLANEOUS INTELLECTUAL PROPERTY ASSETS AND THE ANTICIPATED SALE MOTION RELATING TO THE DOMAIN NAME "800.COM" AND ASSOCIATED TRADEMARKS**

Loren Stocker, d/b/a Vanity International ("Vanity"), by counsel, objects to the proposed Bidding Procedures to the extent that the procedures do not expressly take into account Vanity's Contractual Right of Last Refusal regarding the domain name "800.com" and associated trademarks ("Domain Name") proposed to be sold at auction by the Debtors ("Last Refusal Right") in the Consulting and Services and Domain Name License Agreement between Circuit City Stores, Inc. and Vanity dated June 9, 2006 ("Vanity Agreement"), and, in support of said objection states as follows:

1. This Court's Order of July 17, 2009, approved Bidding Procedures and an objection procedure relating to Debtors' proposed sales of miscellaneous intellectual property ("Order"). Under the terms of the Order, a party seeking to object to relief requested in a motion pertaining to a sale of an asset at or through the proposed August 18 auction process must file a formal objection to such an anticipated motion on or before August 11, 2009 and state the legal and factual basis for the objection.

2. As it is simply impossible to divine the scope of Vanity's potential objection to an as of yet filed motion about a sale which has not yet been conducted, this objection is being

      filed prophylactically so as to meet the terms of the Order and in direct response to Debtors' counsel's suggestion that consideration is still being given to conducting the sale of the Domain Name without taking into account Vanity's contractual Last Refusal Right.

3. Under the terms of the Vanity Agreement, "[I]n the event Circuit city receives an offer to purchase the Domain Name from a third party," Circuit City may terminate the Agreement. However, before selling the asset to a third party, the Agreement also requires that "Circuit City shall first give notice to Vanity and offer to sell the Domain Name to Vanity at a discount of fifteen percent (15%) off the third party's offer. Vanity shall have ten (10) days to respond in writing to Circuit City that it agrees to purchase the Domain Name for the discounted price." (Vanity Agreement, ¶19.)

4. Circuit City has repeatedly acknowledged Vanity's contractual Last Refusal Right, and as recently as August 5, 2009, in writing through its approved agent Hexagon Group, offered to compensate Vanity in exchange for relinquishing this right.

5. Vanity reserves the right to supplement this Limited Objection orally at the anticipated hearing on the anticipated forthcoming motion relating to the potentially defective sale of the Domain Name.

      WHEREFORE, in light of the foregoing, Vanity requests that any sale process and any sale to a third party resulting from such sale process which does not take into account Vanity's Last Refusal Right be set aside as contrary to Vanity's rights under its Agreement with Circuit City; that Vanity be afforded the opportunity to exercise Vanity's Right of Last Refusal with regard to any proposed sale of the Domain Name assets) to a third party; and for such other and further relief as to the Court seems just and proper.

        Respectfully submitted,
        Loren Stocker, d/b/a Vanity International
        By counsel,

        */s/ Thomas W. Repczynski*
        Thomas W. Repczynski (VSB No. 39967)
        trepczynski@beankinney.com
        Martin J. Yeager (VSB No. 38303)
        myeager@beankinney.com
        BEAN, KINNEY & KORMAN, P.C.
        2300 Wilson Blvd., 7th Floor
        Arlington, Virginia  22201
        (703) 525-4000; (703) 525-2207 (Fax)

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 12, 2009, the foregoing Limited Objection is being filed with the Court using the Court's CM/ECF system and is to be served electronically upon all receiving notice thereby.

        */s/ Thomas W. Repczynski*
        Thomas W. Repczynski