Gregg M. Galardi, Esq.             Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.            Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &    MCGUIREWOODS LLP
FLOM, LLP                          One James Center
One Rodney Square                  901 E. Cary Street
PO Box 636                         Richmond, Virginia 23219
Wilmington, Delaware 19899-0636    (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
                           :
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR AN ORDER**
**TERMINATING THE UTILITY BLOCKED ACCOUNT AND ESTABLISHING**
**UTILITY BLOCKED ACCOUNT PAYMENT REQUEST DEADLINE**
**UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 366**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") for entry of an order, substantially in the form attached hereto, under section 105(a) and 366 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), (I) terminating the reserve created to provide adequate assurance of post-petition payment to the utility companies entitled to "adequate assurance of payment" under Bankruptcy Code section 366 and (II) establishing a Payment Request Deadline and related procedures (as defined herein).  In support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

**JURISDICTION**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 366.

**BACKGROUND**

**A.    The Bankruptcy Cases**

2.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

5.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

**B.    The DIP Facility.**

6.    On November 12, 2008, the Court entered an interim order authorizing the Debtors to enter into a post-petition financing facility (the "DIP Facility"), governed by a credit agreement (the "DIP Credit Agreement") between the Debtors, Bank of America, N.A., as agent (the "DIP Agent" or "Bank of America"), and the Debtors' post-petition secured lenders (the "DIP Lenders") (D.I. 83).

7.    Subsequently, the Debtors amended the DIP Credit Agreement (the "First Amendment").  Among other things, the First Amendment modified the DIP Credit Agreement to expressly provide for a $5 million reserve under the Debtors' general borrowing base (the "Utility

4

Blocked Account").  Additionally, the First Amendment

required the Debtors to obtain an order amending the

Original Utilities Order (as defined herein) to clarify

how the Utility Blocked Account was to be established and

administered.

   **C.    The Original Utilities Order**.

        8.    On the Petition Date, the Debtors filed a

motion, among other things, to furnish utilities with

adequate assurance of payment and establish procedures to

address additional adequate assurance of payment requests.

(D.I. 8, the "Utility Motion").[2]

        9.    On November 12, 2008, this Court entered

an order under Bankruptcy Code Sections 105(a), 363, and

366, and Bankruptcy Rule 6003 (I) Approving Debtors'

Adequate Assurance of Payment, (II) Establishing

Procedures for Resolving Requests by Utility Companies for

Additional Assurance of Payment, (III) Scheduling a

Hearing with Respect to Contested Adequate Assurance of

Payment Requests, and (IV) Authorizing Debtors to Pay

---

[2]   Capitalized terms not otherwise defined herein shall have the
      meaning ascribed to them in the First Day Motion.

5

Claims of a Third Party Vendor (Docket No. 117) (the
"Original Utilities Order").

10.  Under the terms of the Original Utilities
Order, the Debtors were given the authority to establish
the Utility Blocked Account by permitting Bank of America
to block their available borrowing in an amount equal to
$5,000,000 and segregate those funds into a separate
Utility Blocked Account to be administered in accordance
with the Original Utilities Order.

11.  The Utility Blocked Account served two
purposes.  First, by establishing the Utility Blocked
Account, the Debtors were deemed to have "furnished"
adequate assurance of payment to all Utility Companies.
Like a letter of credit, if the Debtors failed to timely
pay for post-petition Utility Services, a Utility Company
to which such payment was due could submit a Utility
Account Payment Request Form (attached as Exhibit B to the
Original Utilities Order) (each a "Payment Request") to
the Debtors and the DIP Agent.  Following payment of any
Payment Request from the Utility Blocked Account, Bank of
America was to take steps to replenish the Utility Blocked
Account to ensure that the reserve of $5,000,000 was

maintained, provided that the Debtors had sufficient availability under the DIP Facility to re-establish such amount.

12.  Second, the Utility Order established a procedure whereby those Utility Companies that sought additional adequate assurance could submit a request and, if necessary, have their matter heard before the Bankruptcy Court.  To receive such additional assurance, a Utility Company was required to submit an "Additional Adequate Assurance Request" pursuant to and in accordance with the Original Utilities Order.  All "Additional Adequate Assurance Requests" were due on or before December 1, 2008.  For any Utility Company that did not submit such a request, the Utility Blocked Account was deemed satisfactory to such other Utility Companies.

**D.    The Corrected Utilities Order.**

13.  On December 9, 2008, this Court entered the Corrected Order Under Bankruptcy Code Sections 105(A) and 366 (I) Approving Debtors' Adequate Assurance Of Payment, (II) Establishing Procedures For Resolving Requests by Utility Companies For Additional Assurance Of Payment, and (III) Scheduling a Hearing with Respect to

Contested Adequate Assurance of Payment Requests, and (IV)
Authorizing Debtors to Pay Claims of a Third Party Vendor
(Docket No. 832) (the "Corrected Utilities Order").

14.   In accordance with the First Amendment to
the DIP Credit Agreement, the Corrected Utilities Order
clarified how the Utility Blocked Account was to be
established and administered.  Specifically, under the
terms of the Corrected Utilities Order, the Utility
Blocked Account was not established as a separate
segregated bank account.  Rather, funds were reserved
under the First Amendment to the DIP Credit Agreement,
which funds were to be used solely for the purposes of
providing additional adequate assurance of payment to
Utility Companies under 11 U.S.C. § 366.  In all other
respects, the pertinent terms of the Original Utilities
Order remained the same.

15.   Pursuant to the terms of the Original
Utilities Order and the Corrected Utilities Order, the
Debtors reserved their rights to seek authority from the
Court to decrease the amount reserved by the Utility
Blocked Account.  So long as the Utility Blocked Account
was reserved in an amount not less than $5,000,000 (or

such other amount as may be fixed by the Debtors in
accordance with the Original Utilities Order and the
Corrected Utilities Order), the Debtors were deemed to
have furnished all Utility Companies with adequate
assurance of payment under section 366(b) of the
Bankruptcy Code.

   **E.    The Modified Utilities Order.**

      16.   On February 12, 2009, the Debtors filed
the Motion of the Debtors under Bankruptcy Code Section
366 to Modify Utility Order (the "Motion to Modify" )
(D.I. 2127).  As described in the motion, various Utility
Companies submitted Additional Adequate Assurance Requests
(the "AAAR Utility Companies"), all of which were resolved
by the Debtors with separate agreements ("Adequate
Assurance Resolutions").

      17.   From time to time, certain Utility
Companies were also excluded from the relief granted by
the Original and the Corrected Utilities Orders
(collectively, the "Excluded Utility Companies").  The
Debtors entered into separate agreements with the Excluded
Utility Companies concerning issues related to Bankruptcy

Code section 366 (also referred to as "Adequate Assurance Resolutions").

18.  By the Motion to Modify, the Debtors sought entry of an order modifying the Corrected Utilities Order by altering the nature of the Utility Blocked Account such that the amount was limited to $5 million and was not subject to replenishment.  More specifically, in conjunction with the Motion to Modify, the Debtors filed a motion to approve a third amendment (the "Third Amendment") to the DIP Credit Agreement.  The Third Amendment provided that the DIP Agent, the DIP Lenders and the Debtors agreed that the Utility Blocked Account was modified such that, upon the entry of an interim order amending the Utility Order, the DIP Agent would fund Utility Blocked Account in the amount of $5 million and hold such funds in a segregated account.  The Third Amendment also provided that the DIP Agent and the DIP Lenders were released of any further obligation with respect to the Utility Blocked Account, including, without limitation, any funding or replenishment thereof.

19.  On February 24, 2009, the Court granted the relief requested by the Debtors in the Motion to

Modify by entering the Order Modifying Corrected Order
Under Bankruptcy Code Sections 105(a), 363, and 366, and
Bankruptcy Rule 6003 (I) Approving Debtors' Adequate
Assurance of Payment, (II) Establishing Procedures for
Resolving Requests by Utility Companies for Additional
Assurance of Payment, (III) Scheduling a Hearing with
Respect to Contested Adequate Assurance of Payment
Requests, and (IV) Authorizing Debtors to Pay Claims of a
Third Party Vendor (Docket No. 2297; the "Modified
Utilities Order" and collectively with the "Original
Utilities Order" and the "Corrected Utilities Order", the
"Utilities Orders").

20.   Additionally, pursuant to the Modified
Utilities Order, the Debtors were authorized, but not
directed, to reduce the Utility Blocked Account by the
amount corresponding to the two week average attributable
to any and all Utility Companies that provided Utility
Services at the Debtors' various locations -- owned or
leased -- when such locations were sold or closed in
connection with these bankruptcy proceedings.  The Debtors
(through their utility agent or otherwise) were also

authorized to instruct such Utility Companies to terminate
Utility Services, all without further order of this Court.

### RELIEF REQUESTED

21.   By this Motion, the Debtors seek the entry
of an order terminating the Utility Blocked Account and
releasing the remaining funds in the Utility Blocked
Account to the Debtors.  The Debtors have sold
substantially all of their assets and accordingly maintain
very few properties -- whether leased or owned -- at which
the Debtors use any Utility Services (as defined below).

22.   The Debtors also seek the entry of an
order establishing a deadline by which "Eligible Utility
Companies"[3] must submit Payment Requests to the Debtors
and Bank of America in order to receive payment from the
Utility Blocked Account in connection with any outstanding
post-petition charges for services rendered to the Debtors
(the "Payment Request Deadline").  The Debtors submit that
the Payment Request Deadline should be established as

---

[3]   As used herein, Eligible Utility Companies is defined to mean
Utility Companies providing post-petition Utility Services to the
Debtors other than the AAAR Utility Companies and the Excluded
Utility Companies.  This definition explicitly excludes the AAAR
Utility Companies and the Excluded Utility Companies because
those entities are not eligible to seek payment from the Utility
Blocked Account.

September 30, 2009 at 5:00 p.m. (prevailing eastern time),
over 30 days following a hearing on this motion.

23.   The Debtors propose to serve a Notice of
Payment Request Deadline on the Utility Companies within
five business (5) days after entry of any Order granting
the relief requested herein.   The proposed Notice of
Payment Request Deadline is attached hereto as Exhibit A.
The Notice of Payment Request Deadline will include a copy
of the Amended Utility Account Payment Request Form, which
form is attached hereto as Exhibit B.

## BASIS FOR RELIEF

24.   In connection with the previous operation
of their businesses and the management of their
properties, the Debtors obtained water, natural gas, oil,
electricity, telephone, and similar utility products and
services (collectively, the "Utility Services") from the
Utility Companies.   Prior to the Petition Date, the
Utility Companies provided Utility Services to the Debtors
at various locations.   The services provided by the
Utility Companies, at that time, were crucial to the
continued operations of the Debtors.

13

25.   Presently, however, the Debtors require Utility Services at very few locations because the Debtors have sold substantially all of their assets and are presently winding down their estates.  Indeed, the Debtors requested termination of Utility Services at the vast majority of their locations in March 2009.  Therefore, the Debtors maintain that adequate assurance of payment or Additional Adequate Assurance to the vast majority of Utility Companies is no longer required under Bankruptcy Code section 366.

26.   By this Motion, the Debtors seek an order from the court relieving them from the requirements of Bankruptcy Code section 366 with respect to the Utility Companies and allowing the Debtors to terminate the Utility Blocked Account upon the expiration of the Payment Request Deadline.

**APPLICABLE AUTHORITY**

**I.   THE UTILITY BLOCKED ACCOUNT IS NO LONGER NECESSARY TO PROVIDE UTILITY COMPANIES WITH ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO 11 U.S.C. § 366.**

27.   Under Bankruptcy Code section 366(c)(3)(A), "[o]n request of a party in interest and

14

after notice and a hearing, the court may order

modification of the amount of adequate assurance of

payment."  11 U.S.C. § 366(c)(3)(A).  See, e.g., In re

Haven Eldercare, LLC, 2008 WL 139543 (Bankr. D. Conn.

2008) (holding the modified amount of assurance of payment

satisfactory under 366(c)(2) and, accordingly, granting

the debtors' § 366(c)(3)(A) request).  In considering a

request, the Court should be guided by the general

principle that a debtor is not obligated to guarantee

payment.  In re Circuit City Stores, Inc., 08-35653 (KRH)

(Bankr. E.D. Va. Jan. 14, 2008) (stating that "a debtor

need not provide utility companies an absolute guarantee

of payment.").  Among other things, the Court may consider

the Debtors post-petition payment history.  See 11 U.S.C.

§ 366(c)(3)(A) (providing that the court may not consider

pre-petition payment history, but making no reference to

considering post-petition payment history).

     28.  The Debtors contend that terminating the

Utility Blocked Account at this juncture in the Debtors'

cases is appropriate under section 366(c)(3)(A).

Specifically, the policy underlying Bankruptcy Code

section 366 is to protect debtors from utility service

cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for post-petition services.  See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.  As set forth herein, this policy no longer applies in the Debtors' Chapter 11 cases.

29.  Under Bankruptcy Code section 366(b), a debtor must furnish what it considers to be adequate assurance of payment in the form of a deposit or other security for post-petition service within twenty (20) days after the entry of the order for relief.  Here, the Debtors provided the Utility Companies with adequate assurance of payment in accordance with the requirements of Bankruptcy Code section 366(b) by establishing the Utility Blocked Account.  Moreover, the Debtors instituted Additional Adequate Assurance Procedures to properly balance the interests of the Utility Companies and those of the Debtors and their estates.  The Additional Adequate Assurance Procedures satisfied Bankruptcy Code section 366(c).  Thus, these procedures satisfied the Utility

Companies and were necessary for a smooth transition by the Debtors into chapter 11.

30.   Currently, however, the Debtors are in the process of winding down their estates and have terminated the vast majority of their Utility Services.  As such, the underlying policy and requirements of Bankruptcy Code section 366 no longer apply to the Debtors, and the Debtors should be permitted to terminate the Utility Blocked Account.

31.   Accordingly, the Debtors request authority to terminate the Utility Blocked Account so that the Debtors may use the remaining funds for ordinary course expenses and/or ultimate distribution to creditors.

## II.   ESTABLISHING A PAYMENT REQUEST DEADLINE IS FAIR AND REASONABLE UNDER THE CIRCUMSTANCES.

32.   Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtors assert that establishing a Payment Request Deadline will allow the Debtors to quickly and efficiently identify liabilities of their respective

17

bankruptcy estates and fully and finally terminate their

relationships with the Utility Companies.  Prolonging the

identification and evaluation of claims against the

Debtors' estates will result in delay that potentially

harms creditors and other parties in interest.

33.  Moreover, the Debtors contend that

establishing a Payment Request Deadline will not prejudice

the Utility Companies.  As described herein, the Payment

Request Deadline will occur on September 30, 2009 at 5:00

p.m. (prevailing eastern time).  Because the Debtors are

winding down their businesses, and have ceased operations,

establishing a September 30, 2009 Payment Request Deadline

is more than sufficient time for any Utility Company to

file a Payment Request with Bank of America.  In fact, the

Debtors requested the termination of Utility Services at

most of their properties in March 2009.  Thus, the Debtors

should not have incurred additional charges since that

time, and any outstanding post-petition charges owed to

the Utility Companies should be readily discernable.

34.  Furthermore, in order to simplify the

payment request process, the Debtors intend to attach the

Amended Utility Account Payment Request Form, attached

hereto as <u>Exhibit B</u>, to the Notice of Payment Request
Deadline.  In order to receive payment from the Utility
Blocked Account, Eligible Utility Companies with
outstanding post-petition balances need merely fill out
the form according to the instructions provided therein,
and electronically submit it to the persons and entities
listed on the form.

35.  Accordingly, it is in the best interests
of the Debtors and their estates, and it is fair and
reasonable under the circumstances, for the Court to
establish a Payment Request Deadline and approve the
related procedures.

## NOTICE

36.  Notice of this Motion has been provided to
those parties entitled to notice under this Court's Order
Pursuant to Bankruptcy Code Sections 102 and 105,
Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules
2002-1 and 9013-1 Establishing Certain Notice, Case
Management, and Administrative Procedures (Docket No.
130), as well as all of the Debtors' Utility Companies.
The Debtors submit that, under the circumstances, no other
or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

37.    Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtors request that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

38.    No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Richmond, Virginia       SKADDEN, ARPS, SLATE, MEAGHER &
      August 17, 2009          FLOM, LLP
                                Gregg M. Galardi, Esq.
                                Ian S. Fredericks, Esq.
                                P.O. Box 636
                                Wilmington, Delaware 19899-0636
                                (302) 651-3000

                                      - and -

                                SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
                                Chris L. Dickerson, Esq.
                                155 North Wacker Drive
                                Chicago, Illinois 60606
                                (312) 407-0700

                                      - and -

                                MCGUIREWOODS LLP

                                _/s/ Douglas M. Foley_____
                                Dion W. Hayes (VSB No. 34304)
                                Douglas M. Foley (VSB No. 34364)
                                One James Center
                                901 E. Cary Street
                                Richmond, Virginia 23219
                                (804) 775-1000

                                Counsel for Debtors and Debtors
                                in Possession

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
                            :
In re:                      :    Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :    Case No. 08-35653 (KRH)
et al.,                     :
                            :
          Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER TERMINATING THE UTILITY BLOCKED ACCOUNT AND
ESTABLISHING UTILITY BLOCKED ACCOUNT PAYMENT REQUEST
DEADLINE UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 366**

Upon the motion (the "Motion")[1] of the Debtors[2] for an order under section 105(a) and 366 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), (I) terminating the reserve created to provide adequate assurance of post-petition payment to the utility companies entitled to "adequate assurance of payment" under Bankruptcy Code section 366 and (II) establishing a Payment Request Deadline and approving related procedures; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that the requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest;

---

[1]   Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

[2]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

and after due deliberation thereon; and sufficient cause
appearing therefor, it is hereby

        **ORDERED, ADJUDGED, AND DECREED that:**

    1.    The Motion is GRANTED.

    2.    The Debtors are authorized to terminate
the Utility Blocked Account held by Bank of America,
N.A., as agent (the "DIP Agent" or "Bank of America").

    3.    The Debtors shall cease to be subject to
Additional Adequate Assurance Protection Procedures
outlined in the Utilities Orders.

    4.    The Payment Request Deadline shall be
5:00 p.m. (prevailing eastern time) on September 30,
2009.

    5.    The Notice of Payment Request Deadline,
in substantially the form attached hereto as <u>Exhibit A</u>,
is hereby approved in all respects and shall be served
the on each Utility Company within five (5) business
days after entry of this Order.

    6.    The Amended Utility Account Payment
Request Form, in substantially the form attached hereto
as <u>Exhibit B</u>, is hereby approved in all respects and

shall be attached to the Notice of Payment Request
Deadline.

7.    Pursuant to the Payment Request Deadline,
each Eligible Utility Company must submit a completed
Amended Utility Account Payment Request Form (each a
"Payment Request") so as to be received by the Debtors
and Counsel for Bank of America by 5:00 p.m. (prevailing
Eastern time) on September 30, 2009.

8.    In accordance with the terms of their
separate Adequate Assurance Resolutions, the AAAR
Utility Companies and the Excluded Utility Companies are
prohibited from obtaining payment from the Utility
Blocked Account and the Debtors and Bank of America are
authorized to reject any Payment Requests from such
parties without further order of this Court.

9.    Any Utility Company that is eligible to
submit (but fails to submit) a Payment Request, i.e.,
the Eligible Utility Companies, on account of
outstanding obligations owed on account of post-petition
Utility Services provided to the Debtors in accordance
with the procedures set forth herein on or before the
applicable Payment Request Deadline shall be forever

4

barred, estopped, and enjoined from obtaining payment
from the Utility Blocked Account.

10.   Any payments made from the Utility
Blocked Account shall be made by Bank of America in the
order that the Payment Requests were actually received
by Bank of America.

11.   Bank of America shall have no obligation
to investigate the bona fides of any request to decrease
the Utility Blocked Account.  The Debtors assume all
risks with respect to the acts and omissions of, or
misuse of the Utility Blocked Account by the respective
Utility Companies that are the beneficiaries of such
Utility Blocked Account.  In furtherance and not in
limitation of the foregoing, Bank of America shall not
be responsible for: (i) the misapplication by any
Utility Company of the proceeds of any payment from
funds reserved pursuant to such Utility Blocked Account;
or (ii) any consequences arising from Bank of America's
actions, other than actions resulting from Bank of
America's gross negligence or willful misconduct.  The
Debtors' only recourse in the event of an improper

Payment Request is against the party making such Payment
Request and not against Bank of America.

12.   Any payments to the Utility Companies
shall be without prejudice to any and all rights, claims
and/or defenses of the Debtors with respect to such
Payment Request, including but not limited to the
Debtors' right to contest such Payment Request in this
Court, or any court with jurisdiction.

13.   Bank of America shall return any and all
funds remaining in the Utility Blocked Account to the
Debtors by October 31, 2009.

14.   The requirement under Local Rule 9013-
1(G) of the Local Rules for the United States Bankruptcy
Court for the Eastern District of Virginia to file a
memorandum of law in connection with the Motion is
hereby waived.

15.    This Court will retain jurisdiction with

respect to any dispute concerning the relief granted

hereunder.


Dated:  Richmond, Virginia
        August __, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -
/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

8

**<u>EXHIBIT A</u>**
**(Notice of Payment Request Deadline)**

Gregg M. Galardi, Esq.                    Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.                   Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,      MCGUIREWOODS LLP
LLP                                        One James Center
One Rodney Square                          901 E. Cary Street
PO Box 636                                 Richmond, Virginia 23219
Wilmington, Delaware 19899-0636            (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and Debtors in
Possession

            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                         :    Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :    Case No. 08-35653 (KRH)
et al.,                        :
                               :    Jointly Administered
              Debtors.         :
                               :    **Payment Request Deadline –
                               :    September 30, 2009 at 5:00 p.m.
                               :    prevailing Eastern time**
- - - - - - - - - - - - - - x

**NOTICE TO ALL UTILITY COMPANIES OF PAYMENT REQUEST DEADLINE WITH
RESPECT TO UTILITY BLOCKED ACCOUNT**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**THE FACT THAT YOU RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU
ARE AUTHORIZED TO SUBMIT A PAYMENT REQUEST OR MUST SEND A
PAYMENT REQUEST – PLEASE READ THE FOLLOWING CAREFULLY**

        PLEASE TAKE NOTICE that, on [month day], 2009, the
Debtors filed the Debtors' Motion for an Order Terminating the
Utility Blocked Account and Establishing Utility Blocked Account
Payment Request Deadline under Bankruptcy Code Sections 105(a)
and 366 (D.I. [_]; the "Motion").

        PLEASE TAKE FURTHER NOTICE that the United States
Bankruptcy Court for the Eastern District of Virginia (the
"Bankruptcy Court") entered the Order Terminating the Utility

Blocked Account and Establishing Utility Blocked Account Payment
Request Deadline (D.I. [__], the "Order").[1]  A copy of the Motion
and the Order are available at www.kccllc.net/circuitcity.

PLEASE TAKE FURTHER NOTICE that the Order authorized
the debtors and debtors in possession (the "Debtors")[2] to
terminate the Utility Blocked Account containing segregated
funds held by Bank of America, N.A., as agent ("Bank of
America").

## TIME AND PLACE FOR FILING PAYMENT REQUESTS

PLEASE TAKE FURTHER NOTICE that the Order requires
that each Eligible Utility Company (i) with unpaid post-petition
payment obligations owed by the Debtors and (ii) that desires
payment from the Utility Blocked Account must submit a completed
Amended Utility Account Payment Request Form (each a "Payment
Request"), attached hereto as Exhibit 1, so that such Payment
Request is actually received by the following parties by **5:00
p.m., Eastern Time, on September 30, 2009** -- the **Payment Request
Deadline**:

Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher &
Flom, LLP
Fax:  (888) 329 9475
Email:
Ian.Fredericks@skadden.com

Katie Bradshaw
Circuit City Stores, Inc.
Fax:  (804) 290-4305
Email:
katie_bradshaw@ccswinddown.com

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings
ascribed to such terms in the Order.

[2]  The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc.
(2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157),
Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky
Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN,
LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and
Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.
For all other Debtors, the address was 9950 Mayland Drive, Richmond,
Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA
23060.

Sarah K. Baker, Esq.             Marjorie S. Crider, Esq.
Skadden, Arps, Slate, Meagher &  Riemer & Braunstein LLP
Flom, LLP                        Fax: (617) 692-3423
Fax:  (312) 827-9467             Email:  mcrider@riemerlaw.com
Email:  Sarah.Baker@skadden.com

        **PLEASE TAKE FURTHER NOTICE THAT EACH PAYMENT REQUEST
MUST BE SUBMITTED BY THE METHOD DESCRIBED IN THE FOREGOING
SENTENCE, AND MUST ACTUALLY BE RECEIVED BY THE DEBTORS AND BANK
OF AMERICA BY SEPTEMBER 30, 2009 AT 5:00 P.M., EASTERN TIME.**

**DO NOT FILE YOUR PAYMENT REQUEST WITH THE BANKRUPTCY COURT.**

                   CONSEQUENCES OF FAILURE TO FILE
                   A TIMELY PAYMENT REQUEST

        Any Utility Company that is eligible to submit (but
fails to submit) a Payment Request, i.e., the Eligible Utility
Companies, on account of outstanding obligations owed by the
Debtors on account of post-petition Utility Services provided to
the Debtors in accordance with the procedures set forth herein
on or before the Payment Request Deadline shall be forever
barred, estopped, and enjoined from obtaining payment from the
Utility Blocked Account.

```
Dated: [Month Day], 2009      SKADDEN, ARPS, SLATE, MEAGHER &
       Richmond, Virginia     FLOM, LLP
                              Gregg M. Galardi, Esq.
                              Ian S. Fredericks, Esq.
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              (302) 651-3000

                                   - and -

                              SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM, LLP
                              Chris L. Dickerson, Esq.
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                   - and -

                              MCGUIREWOODS LLP

                              /s/ Douglas M. Foley
                              Dion W. Hayes (VSB No. 34304)
                              Douglas Foley (VSB No. 34364)
                              One James Center
                              901 E. Cary Street
                              Richmond, Virginia 23219
                              (804) 775-1000

                              Counsel for Debtors and Debtors
                              in Possession
```

**EXHIBIT 1**

**(Payment Request Form)**

**<u>EXHIBIT B</u>**
**(Amended Payment Request Form)**

AMENDED UTILITIES BLOCKED ACCOUNT PAYMENT REQUEST

**ALL FORMS MUST BE RECEIVED BY BANK OF AMERICA AND THE DEBTORS IN ACCORDANCE WITH THE CONTACT INFORMATION ON PAGES 1-2 BY SEPTEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)**


_____, 2009

Katie Bradshaw
Circuit City Stores, Inc.
4951 Lake Brook Drive
Glen Allen, VA 23060
Fax:  (804) 290-4305

Re:    Circuit City Stores, Inc.  ("Circuit City") Utility Blocked Account (the "Utility Blocked Account")

The undersigned (the "Beneficiary") hereby certifies to Circuit City that:

(a)    The Beneficiary certifies that it is neither an Excluded Utility Company nor a Utility Company that submitted an Additional Adequate Assurance Request to the Debtors that is the subject of a separate Adequate Assurance Resolution, as those terms are defined in the *Debtors' Motion for an Order Terminating the Utility Blocked Account and Establishing Utility Blocked Account Payment Request Deadline Under Bankruptcy Code Sections 105(a) and 366* .

(a)    The Beneficiary is making a request for payment in lawful currency of the United States of America from the Utility Blocked Account in the amount of $_____.

(b)    The Beneficiary certifies that the Debtors defaulted in the payment of postpetition Utilities Services and amounts on account of such Utility Services are due, outstanding, and unpaid.

(c)    The Beneficiary hereby certifies that it is owed $_____ for postpetition utility services provided to Circuit City or one of its debtor affiliates or subsidiaries in connection with the following account numbers:

_____
_____
_____
_____

(d)    The beneficiary hereby certifies that the amount requested is not and does not relate to an additional adequate assurance request or other form of security.

      (e)      The Beneficiary is entitled to payment of funds reserved through the Utility Blocked Account pursuant to the Order under Bankruptcy Code Sections *105(a),363, and 366, and Bankruptcy Rule 6003 (I) Approving Debtors' Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, (III) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests, and (IV) Authorizing Debtors to Pay Claims of a Certain Third Party Vendor* (as modified, supplemented and amended, the "Order"), entered by the United States Bankruptcy Court for the Eastern District of Virginia in the bankruptcy cases of In re Circuit City Stores, Inc., et. al., Case No. 08-35653 (KRH).

Please wire transfer the proceeds of the payment to the following account of the Beneficiary at the financial institution indicated below:

                         _____

                         _____

                         _____

IN WITNESS WHEREOF, the undersigned has duly executed and delivered this Payment Request as of the _____ day of _____, 2009.

[UTILITY]

By:     _____

     _____
     Print Name & Title

cc:   Ian S. Fredericks, Esq.              Katie Bradshaw
      Skadden, Arps, Slate, Meagher & Flom, LLP   Circuit City Stores, Inc.
      Fax:  (888) 329 9475                Fax:  (804) 290-4305
      Email:  Ian.Fredericks@skadden.com      Email:  katie_bradshaw@ccswinddown.com

      Sarah K. Baker, Esq.               Marjorie S. Crider, Esq.
      Skadden, Arps, Slate, Meagher & Flom, LLP   Riemer & Braunstein LLP
      Fax:  (312) 827-9467                Fax: (617) 692-3423
      Email:  Sarah.Baker@skadden.com        Email:  mcrider@riemerlaw.com