Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
:  **Chapter 11**
**In re:**  :
:  **Case No. 08-35653 (KRH)**
**CIRCUIT CITY STORES, INC., et al.,**  :
:  **(Jointly Administered)**
**Debtors.**  :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PIMA COUNTY'S RESPONSE TO THE DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**

COMES NOW secured creditor Pima County, by and through undersigned counsel, and, for the reasons stated below, respectfully requests the Court to deny the Debtors' objection to its claim no. 11261 and to allow the claim in full.

1. The claim at issue is a secured claim for personal property taxes against Debtor Circuit City Stores West Coast for tax year 2009, in the amount of $7000 plus statutory interest.

2. The Debtors assert that they have no tax liability to Pima County "with respect to the liabilities asserted in the claim." However, the Debtors have failed to provide any evidence whatsoever to support this assertion. *See In re Irons*, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006) ("[P]roof of claim executed and filed in accordance with

1

Fed.R.Bankr.P. 3001 shall constitute prima facie evidence of validity and amount of the claim. … In order to overcome this prima facie evidence, the objecting party must provide evidence that disproves at least one of the essential elements of the claim") (internal quotations and citations omitted). This alone is sufficient grounds to deny the Debtors' objection.

3. Not only have the Debtors failed to meet their burden of production and have not overcome the presumption of validity of Pima County's claim, but under the applicable state law, Pima County's claim is clearly valid. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims).

4. In Arizona, property taxes are assessed and levied on an annual basis for the full year. *See* Arizona Revised Statutes § 42-17153(C) (lien attaches on January 1 of the tax year and cannot be removed until the taxes and other charges are paid); A.R.S. §§ 42-17151, 42-17152 (tax rate and taxes determined on annual basis). Arizona law does not provide for proration of taxes based on cessation of operations or sale of taxed property during a tax year. Therefore, because the Debtors' stores in Pima County were still in operation in January of 2009 (the two stores in Pima County continued to operate at least until March and April of 2009, respectively), they are liable for the 2009 personal property taxes.

5. The claim at issue is secured by a first priority statutory lien on the personal property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17154. Therefore, the Debtors' property in Pima County cannot be disposed of without the payment of Pima County's claim.

2

6. Moreover, at least with respect to tax claims, "bankruptcy does not alter the burden [of proof] imposed by the substantive law," and thus where non-bankruptcy law imposes on taxpayer the burden of proving that the tax imposed on him is incorrect or improper, the taxpayer bears the same burden when trying to challenge a tax claim in bankruptcy. *Raleigh,* 530 U.S. at 20.

7. Arizona law shifts the burden of proof to the taxpayer. A.R.S. § 42-11007 provides that documents and entries made in the county treasurer's records or reflected in the list of delinquent taxes are prima facie evidence of the facts stated in them. Therefore, the Debtors bear the burden of proving that the unpaid tax amounts reflected in the records of the Pima County Treasurer are incorrect or otherwise improper (a copy of these records is attached to the proof of claim). Given that the Debtors have produced no evidence whatsoever to support their objection, they can obviously not satisfy this much higher burden, and are not entitled to have Pima County's claim disallowed.

WHEREFORE, Pima County respectfully requests that the Court deny the Debtors' objection to its claim no. 11261, and allow the claim as secured in the full amount specified in the proof of claim together with any applicable statutory interest.

Dated this 18th day of August, 2009.

Dated: August 18, 2009

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801

klake@vanblk.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2009, I caused to be served a true and correct copy of Pima County's Response to the Debtors' Twenty-Seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors

/s/ Kevin A. Lake
Kevin A. Lake