**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **CIRCUIT CITY STORES, INC., et al.,** | * | Case No: 08-35653-KRH |
| | | **Chapter 11** |
| Debtors. | * | **(Jointly Administered)** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF SOURCE INTERLINK MEDIA, LLC TO**
**DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**

Source Interlink Media, LLC ("SIM"), hereby submits this Response to the Debtors' Twenty-Eighth Omnibus Objection to Claims (Disallowance of Certain Amended Claims)(the "Response"), and in support thereof, state:

**Background**

1. Alliance Entertainment LLC, now known as Source Interlink Distribution, LLC ("Alliance")(Alliance and SIM shall collectively be referred to as "Source") and Circuit City Stores, Inc. ("Circuit City") are parties to a Retail Product Services and Supply Agreement, dated June 15, 2007, as amended by Amendment No. 1, dated April 29, 2008, and Amendment No. 2, dated September 15, 2008 (collectively, with exhibits and schedules, the "Alliance

Bradford F. Englander, VSB# 36221
Brian M. Nestor, VSB# 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)
benglander@wtplaw.com

*Counsel for Alliance Entertainment LLC,*
*now known as Source Interlink Distribution, LLC, and*
*Source Interlink Media, LLC*

Agreement"). Under the Alliance Agreement, Alliance sells or provides supply chain services to Circuit City with respect to compact discs ("CDs"); digital video discs ("DVDs") and video games ("Gaming").

2. SIM and ("Circuit City")are parties to an agreement dated July, 2006 (the "SIM Agreement").[1] Under the SIM Agreement, SIM sells books and magazines (the "Books" and "Magazines" to Circuit City (collectively, the CDs, DVDs, and Gaming products and Books and Magazines are referred to herein as the "Goods").

3. Prior to the Petition Date (defined below), Alliance and SIM delivered Goods and provided services to the Debtors for which no payment was made by the Debtors (the "Source Claims"). These Goods and services were provided with respect to the Debtors' nationwide fleet of stores, depending on inventory levels and demand at a particular location.

4. Debtor Circuit City and its related entities (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2009 ("Petition Date").

5. On November 12, 2008, this Court entered its Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims Under Bankruptcy Code Sections 105 and 503(b)(9) and Approving Form, Manner and Sufficiency of Notice of the Bar Date Pursuant to Bankruptcy Rule 9007 (Docket No. 107)(the "503(b)(9) Bar Date Order").

6. Pursuant to the 503(b)(9) Bar Date Order, the Court approved the form and manner of the 503(b)(9) bar date notice, which was attached as Exhibit A to the 503(b)(9) Bar Date Order (the "503(b)(9) Bar Date Notice"). Pursuant to the 503(b)(9) Bar Date Order and the 503(b)(9) Bar Date Notice, the bar date for filing proofs of claim asserting administrative

---

[1] By Consent Order entered January 23, 2009, the Debtors and Source agreed, and the Court ordered, that the Alliance and SIM Agreements, exhibits and contents thereof would be held and maintained in confidence under seal. A copy of the agreements can be provided upon request, subject to the Consent Order referenced herein.

2

priority claims pursuant to section 503(b)(9) of the Bankruptcy Code was December 19, 2008 (the "503(b)(9) Bar Date").

7. On December 10, 2009, the Court entered its Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

8. Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. §105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). This Court also approved the form and manner of the General Bar Date notice ("General Bar Date Notice"), which was attached to the Claims Bar Date Order.

9. On April 1, 2009, this Court entered an Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections (Docket No. 2881) (the "Omnibus Objection Procedures Order").

10. Prior to filings its claims against the various Debtor entities, counsel for Source informally requested information from counsel for the Debtors with respect to the various Debtors' stores and corresponding Debtors' bankruptcy cases. The basis for the requests was to ensure that claims were filed in the appropriate bankruptcy cases. Source has not yet received the requested information.

11. Source complied with the Court's 503(b)(9) Bar Date Order and Claims Bar Date Order with respect to timing and filing requirements for asserting its claims against the various Debtors entities. Source filed the following claims against the Debtors:[2]

---

[2] The General Bar Date Notice stated:

a. "Alliance 503(b)(9) Claim" filed on December 17, 2008 as follows: (i) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City PR, LLC; (ii) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (iii) $4,010,658.44 for the value of Goods delivered by Alliance during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

b. "SIM 503(b)(9) Claim" filed on December 17, 2008 as follows: (i) $360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores West Coast, Inc.; and (ii) $360,345.31 for the value of Goods delivered by SIM during the 20-day period prior to the Petition Date against Circuit City Stores, Inc.;

c. "Alliance Unsecured Claim" filed on January 30, 2009 as follows: (i) $10,996,107 for unpaid goods and services against Circuit City PR, LLC; (ii) $10,996,107 for unpaid goods and services against Circuit City

---

[a] creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

Source filed the Alliance Unsecured Claim, Alliance Secured Claim and SIM Unsecured Claim without the voluminous spreadsheets and CD-ROM attachments. Upon the request of a representative of the Debtors, the support was delivered in June.

4

    Stores West Coast, Inc.; and (iii) $11,646,519.00 for goods, services and other contractual/indemnity claims against Circuit City Stores, Inc.;

  d. "Alliance Secured Claim" filed on January 30, 2009 as follows: (i)$1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores West Coast, Inc.; and (ii) $1,028,153.34 secured claim for unpaid storage and carrier services against Circuit City Stores, Inc.; and

  e. SIM Unsecured Claim filed on January 30, 2009 as follows: (i) $875,724.31 for unpaid goods and services provided against Circuit City Stores West Coast, Inc.; and (ii) $875,724.31 for unpaid goods and services provided against Circuit City Stores, Inc.

## The Objections

12. On June 4, 2009, the Debtors filed their Tenth Omnibus Objection to Certain Duplicative Claims (the "Tenth Objection"). As set forth in the Tenth Objection, the Debtors seek the disallowance of certain duplicate claims, including alleged duplicative claims relating to the Alliance Unsecured Claim, the Alliance Secured Claim and the SIM Unsecured Claim.[3] Moreover, the Debtors provide that the claims that are the subject to Tenth Objection may be the subject to additional subsequently filed objections.

13. On June 23, 2009, the Debtors filed their Twentieth Omnibus Objection to Claims (Reclassification to Unsecured Claims of Certain Claims filed as 503(b)(9) Claims for Goods Received by the Debtors not within Twenty Days of the Commencement of the Cases) (the

---

[3] On June 29, 2009, Alliance and SIM filed their Response of (I) Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and (II) Source Interlink Media, LLC to Debtors' Tenth Omnibus Objections to Claims.

5

"Twentieth Objection"). As set forth in the Twentieth Objection, the Debtors seek to reclassify a portion of the Alliance 503(b)(9) Claim to an unsecured claim on the basis that some of the goods delivered by Alliance were received by the Debtors outside of the 20 day period prior to the Petition Date, as more fully set forth in the Twentieth Objection. Moreover, the Debtors provide that the claims that are the subject to Twentieth Objection may be the subject to additional subsequently filed objections.

14. On June 23, 2009, the Debtors filed their Twenty-Second Omnibus Objection to Claims (Disallowance of Certain Claims Filed Against the Wrong Debtor)(the "Twenty-Second Objection"). As set forth in the Twenty-Second Objection, the Debtors seek to disallow claims relating to the Alliance 503(b)(9) Claim and the Alliance Secured Claim on the basis that they were asserted against the wrong debtor and were filed in two (2) or more proofs of claim against the same Debtor, in the same amount, asserting the same liability, based upon the same underlying basis and claim, and asserting the same classification, as more fully set forth in the Twenty-Second Objection. Moreover, the Debtors provide that the claims that are the subject to Twenty-Second Objection may be the subject to additional subsequently filed objections.

15. On June 23, 2009, the Debtors filed their Twenty-Third Omnibus Objection to Claims (Modification of Certain Duplicate 503(b)(9) Claims)(the "Twenty-Third Objection"). As set forth in the Twenty-Third Objection, the Debtors seek to disallow claims relating to the SIM 503(b)(9) Claim on the apparent basis that the SIM 503(b)(9) Claim and the SIM Unsecured Claim, include amounts that overlap and therefore any duplication in amounts asserted should be disallowed, as more fully set forth in the Twenty-Third Objection.[4]

---

[4] On July 16, 2009, Alliance and SIM filed their Response of (I) Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and (II) Source Interlink Media, LLC to Debtors' Twentieth, Twenty-Second and Twenty-Third Omnibus Objections to Claims.

6

Moreover, the Debtors provide that the claims that are the subject to Twenty-Third Objection may be the subject to additional subsequently filed objections.

16. On July 24, 2009, the Debtors filed their Twenty-Eighth Omnibus Objection to Claims (Disallowance of Certain Amended Claims)(the "Twenty-Eighth Objection"). As set forth in the Twenty-Eighth Objection, the Debtors seek to disallow claims relating to the SIM 503(b)(9) Claim on the basis that the SIM 503(b)(9) Claim filed against Circuit City Stores West Coast, Inc. was amended and replaced with the SIM 503(b)(9) Claim filed against Circuit City Stores, Inc., and therefore any duplication in amounts asserted should be disallowed, as more fully set forth in Exhibit A to this Response.

17. The Debtors allege that they have reviewed and reconciled the alleged debt obligations as to the proper Debtor entity and asserted amounts. With respect to the Twenty-Eighth Objection, the alleged basis for the objection is that the SIM 503(b) Claims are duplicative.

**Argument**

18. Source does not intend to have multiple recoveries for the same Goods. However, without a complete reconciliation of the 503(b)(9) claims, secured claims and unsecured claims between Source and the Debtors and more information with respect to the ownership and operation of each of the Debtors' stores and the corresponding dollar value and timing of Goods and services provided by Source to each store, the Debtors' objections are, at best, premature.

19. With respect to the Twenty-Eighth Objection, while Source and the Debtors are parties to the SIM Agreement, and certain contract damages claims exist, to the extent that Goods and services were provided to a store owned by a respective Debtor entity other than

7

Circuit City (i.e., Circuit City Stores West Coast, Inc. ("Circuit City West"), damages under additional legal and equitable theories of reliance, unjust enrichment, quantum meruit and the like exist against the owner of the stores who benefited from the delivery of the respective Goods and provision of services.

20. Source has provided sufficient support to meet its burden with respect to the allowance of its claims. The Debtors have merely provided tables that incorporate claim numbers and amounts that appear to be similar or provide receipt dates that appear to be outside of an applicable twenty day period prior to the Petition Date. However, as mentioned above, the Debtors' provision of concrete facts backing up their assertions, and a conclusion of the account reconciliation process, the claims filed by Source should be allowed in each of the respective cases and amounts. Moreover, with respect to any claim of duplication or redundancy, Source is entitled to recover against any Debtor entity to the extent it received or benefited from the delivery of Goods or provision of services from Source.

21. To establish an objection to a claim, both liability and specific amount must be proven. Source bears the initial burden of proof relative to the Debtors' liability to Source.

22. Source submitted sufficient support to the Debtors. The supporting documentation provided by Source provided evidence establishing the timing and the amount of the claims, and attached sufficient declarations or other verifications in support of or authentication of the amounts claimed.

23. To the extent that Source has contractual damage claims against Circuit City and an unjust enrichment claim against Circuit City West, different grounds exist for liability and completely different entities are liable to Source. While counsel for the Debtor has notified Source at various stages of the Debtors' attempted reconciliation of the Source Claims, the

8

process is still on-going. This reconciliation and fact gathering must be completed, prior to any determination with respect to the disallowance of the Source Claims.

24. The claims filed by Source and supporting documentation provided with respect to such claims provided evidence authenticating and establishing the timing, amounts and basis of the claims. Thus, without a complete reconciliation of the Source Claims, any objection is premature. The Twenty-Eighth Omnibus Objection should be overruled.

### Request for Hearing

25. Pursuant to Local Bankruptcy Rule 3007-1(B), Source requests that the Court grant it a hearing on its Response to the Debtor's Twenty-Eighth Omnibus Objections to Claims on a date and time to be set by this Court consistent with the Court's Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections or as soon thereafter as it may be heard.

Wherefore, Source prays that this Court enter an order: (a) overruling the Twenty-Eighth Objection; (b) allowing the Source Claims in amounts and against the Debtor entities as filed; and (c) for such other and further relief as the Court deems just and proper.

Dated:  August 20, 2009    Respectfully submitted,

/s/ Bradford F. Englander
Bradford F. Englander
Virginia Bar No. 36221
Brian M. Nestor
Virginia Bar No. 77133
Whiteford, Taylor & Preston LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9081 (tel)
(703) 280-3370 (fax)
benglander@wtplaw.com

Counsel for Alliance Entertainment, LLC, now known as Source Interlink Distribution, LLC, and Source Interlink Media, LLC

## Exhibit A
## Twenty-Eighth Omnibus Objection

| CLAIM TO BE DISALLOWED: | | SURVIVING CLAIM: | |
|---|---|---|---|
| Claim No: 1204 | Debtor: Circuit City Stores West Coast, Inc. (08-35654) | Claim No: 1345 | Debtor: Circuit City Stores, Inc. (08-35653) |
| Filed: 12/17/2008 Creditor: Source Interlink Media, LLC | | Filed: 12/17/2008 Creditor: Source Interlink Media, LLC | |
| Status: 503(b)(9) Claim | Amount: $360,345.31 | Status: 503(b)(9) Claim | Amount: $360,345.31 |

11

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Response was mailed by overnight delivery and electronic mail, this 20th day of August, 2009, to the following:

| | |
|---|---|
| Greg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE 19899-0636<br>Counsel for the Debtors<br>gregg.galardi@skadden.com<br>ian.fredericks@skadden.com | Dion W. Hayes, Esq.<br>Douglas M. Foley, Esq.<br>McGuireWoods LLP<br>One James Center<br>901 East Cary Street<br>Richmond, VA 23219<br>Counsel for the Debtors<br>dfoley@mcguirewoods.com<br>dhayes@mcguirewoods.com |
| Robert J. Feinstein, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>780 Third Avenue<br>36th Floor New York, NY 10017<br>Counsel for the Creditors' Committee Case<br>rfeinstein@pszjlaw.com | Chris L. Dickerson, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Counsel for the Debtors<br>chris.dickerson@skadden.com |
| Lynn L. Tavenner, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street Second Floor<br>Richmond, VA 23219<br>Counsel for the Creditors' Committee<br>ltavenner@tb-lawfirm.com | Robert B. Van Arsdale, Esq.<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, VA 23219<br>Robert.B.Van.Arsdale@usdoj.gov |

and that the foregoing Response was also filed electronically via the Court's CM/ECF system on this date such that it would be served electronically on those parties entitled to receive such notice in this case.

                                                                         /s/ Bradford F. Englander
                                                                         Bradford F. Englander

*14875*