```
Gregg M. Galardi, Esq.        Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.       Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER  MCGUIREWOODS LLP
& FLOM, LLP                    One James Center
One Rodney Square              901 E. Cary Street
PO Box 636                     Richmond, Virginia 23219
Wilmington, Delaware 19899-    (804) 775-1000
0636
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - x   ------------------------
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                   :
                          :
            Debtors.      :   Jointly Administered
- - - - - - - - - - - - - X   ------------------------
                          x
ASHLEY ISAAC,             :   Contested Matter No. ____
            Movant,       :
                          :
    v.                    :
                          :
CIRCUIT CITY STORES, INC.,  :
                          :
            Respondent.   :
- - - - - - - - - - - - - x   ------------------------
```

## DEBTORS' RESPONSE AND OBJECTION TO ASHLEY ISAAC'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

The debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "Debtors")[1] hereby respond (the "Response") to the Amended Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code and Memorandum of Points in Support of Plaintiff's Motion (the "Motion") filed by Ashley Isaac (the "Movant").  In support of the Response, the Debtors respectfully represent as follows:

### BANKRUPTCY BACKGROUND

1.   On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address is 9950 Mayland3 Drive, Richmond, Virginia 23233.

2.    The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

4.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

5.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

6.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for

governmental units to file claims that arose before November

10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the

"Governmental Bar Date").   Pursuant to the Claims Bar Date

Order, this Court approved the form and manner of the claims

bar date notice, which was attached as Exhibit A to the

Claims Bar Date Order (the "Claims Bar Date Notice").

        7.    On December 17 and 19, 2008, KCC served a

copy of the Claims Bar Date Notice on the Movant because of

her status as an employee, all parties who filed notices of

appearance pursuant to Bankruptcy Rule 2002, all of the

Debtors' scheduled creditors in these cases, the Debtors'

equity holders, and certain other parties (Docket No. 1314).

In addition, the Debtors published the Claims Bar Date

Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

        8.    On January 16, 2009, the Court authorized the

Debtors, among other things, to conduct going-out-of-

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").   On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors'

remaining stores.   As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been
completed (the "Liquidation").

9.    On May 13, 2009, and in violation of the
automatic stay, Movant filed a complaint (the "Complaint")
against, among others, the Debtors in the United States
District Court for the Northern District of Alabama,
Northern Division (the "District Court Litigation").  A copy
of the Complaint is attached hereto as <u>Exhibit A</u>.  The
Debtor was never served with the Complaint.

10.    On July 20, 2009, the United States District
Court for the Northern District of Alabama *sua sponte*
dismissed the District Court Litigation as against the
Debtors on account of the Debtors' bankruptcy proceedings
(the "District Court Dismissal Order").  A copy of the
District Court Dismissal Order is attached hereto as <u>Exhibit
B</u>.

11.    The Movant mailed the Debtors a Subpoena
*Duces Tecum* dated July 23, 2009, allegedly seeking third
party discovery relating to the District Court Litigation
(the "Discovery").  A copy of the Discovery is attached
hereto as <u>Exhibit C</u>.  On August 12, 2009, the Debtors
objected and responded to the Discovery (the "Debtors'

Objection"). A copy of the Debtors' Objection is attached hereto as Exhibit D.

12. On July 28, 2009, the Movant filed a **late** proof of claim asserting a general unsecured claim in the amount of $850,000.00 against the Debtors ("Claim No. 14526"). A copy of Claim No. 14526 is attached hereto as Exhibit E.

13. On August 12, 2009, Movant filed this Motion.

14. On August 14, 2009, the District Court dismissed the District Court Litigation against the remaining defendant. A copy of the District Court's order dismissing the District Court Litigation is attached hereto as Exhibit F.

## PRELIMINARY STATEMENT

15. The Movant has not, and cannot meet her burdens with respect to the Motion. The Movant has failed to meet her statutory burdens under section 362 of the Bankruptcy Code to establish "cause" to lift or modify the automatic stay. In the Motion for Relief, the Movant seeks lifting of the automatic stay to allow the Movant to "pursue a Federal court action pending in the Federal Court of the State of Alabama, Jefferson County." Motion, p. 1. The sole argument in support of her Motion is "[i]n order for

Movant's claim to be liquidated, the pending lawsuit must be resolved." Motion, ¶ 12. This argument, even if established, does not entitle the Movant to relief from the automatic stay. Furthermore, the District Court Litigation has now been dismissed. Accordingly, there is no pending litigation to continue.

16. The Movant was served with the Bar Date Notice based on her status as an employee. In lieu of filing a proof of claim, Movant initiated the District Court Litigation – an act that was void *ab initio* because it was filed in violation of the automatic stay. She was provided actual notice of the Bar Date based upon her status as an employee and ignored it. As such, she is **not a creditor** of the Debtors. For that reason alone, as well as the other arguments set forth below, she cannot establish "cause" for liquidating her alleged claim in the District Court Litigation and has failed to establish or address any basis on why she is entitled to any claim against the Debtors' estates.

## OBJECTION TO THE MOTION FOR RELIEF FROM STAY

17. The Debtors respectfully object to the Movant's Motion. The Movant requests that she be permitted relief from the automatic stay to continue the District

Court Litigation against the Debtors.  As set forth above,
however, the District Court Litigation has now been
dismissed against all defendants.

18.  The automatic stay provided for in section
362 of the Bankruptcy Code operates as a stay against:

> [T]he commencement or continuation,
> including the issuance or employment of
> process, of a judicial, administrative,
> or other action or proceeding against
> the debtor that was or could have been
> commenced before the commencement of the
> case under this title. . . .

11 U.S.C. § 362.  "The automatic stay is the most
fundamental protection afforded a debtor in bankruptcy," In
re Nelco, B.R. 790, 810 (Bankr. E.D. Va. 1999), and Congress
intended the automatic stay protection to have broad
application.  See H.R. Rep. No. 95-595. 95th Cong., a340-
42(1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; S.
Rep. No. 95-989, at 49-51 (1978), reprinted in 1978
U.S.C.C.A.N. 5787, 5840-41.  "The main purpose of the
automatic stay is to give the debtor a breathing spell from
his creditors, to stop all collection efforts, harassment
and foreclosure actions."  In re Atlas Machine & Iron Works,
239 B.R. 322, 328 (Bankr. E.D. Va. 1998)(citation omitted);
see also In re A.H. Robins Co., 788 F.2d 994, 998 (4th Cir.
1985) (stating that a key purpose of section 362 is "to

provide the debtor and its executives with a reasonable
respite from the protracted litigation, during which they
may have an opportunity to formulate a plan of
reorganization for the debtor"); In re Avis, 178 F.3d 718,
720-721 (4th Cir. 1999).

19.   Pursuant to section 362(d)(1), an unsecured
creditor is entitled to relief from the automatic stay only
if it is able to show that cause exists for such relief.
See In re Tristar Auto Group, Inc., 141 B.R. 41, 44 (Bankr.
S.D.N.Y. 1992)(an unsecured creditor must "establish
extraordinary circumstances" for the court to lift the stay).
The only express statutory definition of "cause" includes
"the lack of adequate protection of an interest in property
of such party in interest." 11 U.S.C. § 362(d)(1).  Other
circumstances constituting "cause" are determined by the
courts on a "case-by-case" basis.  See In re Robbins, 964
F.2d 342, 345 (4th Cir. 1992).  The moving party carries the
burden of making an "initial showing of 'cause' for relief
from the stay."  In re Mazzeo, 167 F.3d 139,142 (2d Cir.
1999)(citations omitted).

20.   To determine whether "cause" exists to lift
or modify the automatic stay, the Fourth Circuit has
established that a bankruptcy court "must balance potential

prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Robbins, 964 F.2d at 345 (citing In re Peterson, 116B.R. 247, 249 (D.Colo. 1990)); see also In re Robinson, 169 B.R. 356 (E.D. Va. 1994) (the court must attempt to "harmonize the interest of both debtor and creditors while preserving the debtors assets for repayment and reorganization…").[2]

21.  As demonstrated below, applying this balancing test, the Movant cannot establish a prima facie showing that sufficient cause exists to allow relief from the automatic stay as she has not alleged that the stay will impose a serious burden upon her.  However, even if the Court finds that the Movant has leapt the prima facie hurdle, the facts underlying the Motion demonstrate that the Debtors are entitled to continued protection from the automatic stay.

---

[2]  In making this determination, some of the factors the court should consider are: "1) whether the issues in the litigation involve only state law; 2) whether modifying the stay will promote judicial economy; 3) whether the bankruptcy court will be disrupted if the stay is not lifted; and 4) whether the estate can be protected if the estate is lifted."  Robinson, 169 B.R. at 359 (citing Robbins, 964 F.2d at 344).

A.    **Permitting the District Court Litigation to Proceed
or Recommence Would Cause Prejudice to the Debtors
and the Estates**

22.   The "key to determining whether to permit an
action to proceed in another tribunal" is whether that case
will cause "interference with the pending bankruptcy case."
In re Penn-Dixie Indus., 6 B.R. 832, 835 (Bankr. S.D.N.Y.
1980).  Even participation in preliminary proceedings can be
disruptive, as the Penn-Dixie court explained:

> Interference by creditors in the
> administration of the estate, no matter
> how small, through the continuance of a
> preliminary skirmish in a suit outside
> the Bankruptcy Court is prohibited.  In
> short, the Debtor should not be required
> to devote energy to this collateral
> matter at this juncture. . . . This
> Court will not allow Plaintiffs to chip
> away piecemeal at the Debtor's automatic
> stay protection.

Id. at 836-37 (refusing to lift stay for the limited purpose
of requiring the debtor to produce customer list in class
certification proceeding); see In re Towner Petro. Co., 48
B.R. 183, 191 (Bankr. W.D. Okla, 1985) (refusing to lift
stay because discovery would require the debtor to expend
sufficient time and effort away from the debtor's attempts
at reorganization so as to prejudice the reorganization
efforts); In re Curtis, 40 B.R. 795, 806 (Bankr. D. Utah
1984) ("Even slight interference with the administration may

be enough to preclude relief in the absence of a

commensurate benefit."); see also In re Collins, 118 B.R. 35,

38 (Bankr. D. Md. 1990).

        23.   The Debtors and their estates would be

prejudiced if the automatic stay were modified to permit the

District Court Litigation to recommence because litigating

the District Court Litigation would expose them to

significant financial commitments and litigation costs in

addition to the potential liability in the District Court

Litigation.

        24.   Accordingly, the Debtors will suffer

significant prejudice if the Motion were granted because of

the distraction and interference to the Debtors' efforts

that would flow from allowing the District Court Litigation

to proceed.   See In re United States Brass Corp., 173 B.R.

1000, 1006 (Bankr. E.D. Tex 1994)("When balancing the

hardships in lifting the stay, the most important factor is

the effect of such litigation on the administration of the

estate; even slight interference with the administration may

be enough to preclude relief.")(citing In re Curtis, 40 B.R.

795, 806 (Bankr. D. Utah 1984)).

**B.   The Movant Would Suffer Little, If Any, Hardship If
The Automatic Stay Is Retained**

25.   While the Debtors would suffer significant
prejudice in moving forward with the District Court
Litigation at this time, the Movant has not shown that she
would be prejudiced if the Motion is denied.

26.   Assuming *arguendo* that the Movant's claim
were timely, or she moves to deem it timely filed, a
position the Debtors would oppose, the Movant would only
face the ordinary delay that all creditors face in complex
chapter 11 cases.  Creditor delay is inherent in the
bankruptcy process, and is an unavoidable – and intended –
consequence of the automatic stay.  <u>See</u> <u>In re Comdisco, Inc.</u>,
271 B.R. 273, 279 (Bankr. N.D.Ill. 2002)("The automatic stay
almost always delays litigants.  That, after all, is its
purpose, and the reason they call it a 'stay.'").

<u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons the Debtors
respectfully request that the Court deny the Motion and
grant the Debtors such other and further relief as this
Court deems just and proper.

Dated: August 20, 2009    SKADDEN, ARPS, SLATE, MEAGHER &
      Richmond, Virginia  FLOM, LLP
                    Gregg M. Galardi, Esq.
                    Ian S. Fredericks, Esq.
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    (302) 651-3000

                          - and -

                    SKADDEN, ARPS, SLATE, MEAGHER &
                    FLOM, LLP
                    Chris L. Dickerson, Esq.
                    333 West Wacker Drive
                    Chicago, Illinois 60606
                    (312) 407-0700

                          - and -

                    MCGUIREWOODS LLP

                    /s/ Douglas M. Foley     .
                    Dion W. Hayes (VSB No. 34304)
                    Douglas M. Foley (VSB No. 34364)
                    One James Center
                    901 E. Cary Street
                    Richmond, Virginia 23219
                    (804) 775-1000

                    Counsel for Debtors and Debtors
                    in Possession

\9786931.1

FILED

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA** 09 MAY 13 PM 3:34
**SOUTHERN DIVISION**

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |
|---|---|
| Ashley Isaac ) | |
|       Plaintiff, ) | CV-09-AR-0942-S |
|  Vs. ) | |
|  ) | |
|  ) | |
| Circuit City Stores, Inc. et al, )COMPLAINT FOR DAMAGES, | |
|     a Virginia corporation, )AND INJUNCTIVE RELIEF- VIOLATION | |
|  )of Civil Rights Act Title VII of 1964 [42 U.S.C. | |
| Jeffrey B. Gulley, Jr., )§5891] | |
| Saed M. El-amin, ) | |
| Amanda Nickel- Compton, ) | |
| John Doe(1), ) | |
| John Doe(2), ) | |
|  ) | |
|     Defendant(s), (et, al) ) | |

The Plaintiff Ashley Isaac for her complaint alleges as follows:

1.    The Plaintiff brings this action pursuant 42 U.S.C. § 5891 to obtain actual monetary

damages, treble damages or other relief for the Defendant(s) violations of the Civil Rights Act of

1964.

### JURISDICTION, AND VENUE

2.    This Court has original jurisdiction of the causes of action herein which are brought under

the 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII

of the Civil Rights Act.

3.    All events which gave rise to the complaint occurred in the jurisdiction of the United States

District Court for the Northern District of Alabama, Venue is proper in this district under 42



EXHIBIT
A

U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII of the Civil Rights Act.

## DEFENDANTS

4.    Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia 23233 and transacted business in this district.

5.    Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

6.    Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

7.    Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

8.    John Doe(1) was a District Human Resources Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

9.    John Doe(2) was a District Human Resources Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.


## FIRST CAUSE OF ACTION

(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

10.    Plaintiff refers to the allegations of this complaint, and incorporates the same herein by this reference as though set forth in full.

11.    In the course of their business each defendant failed to comply with the requirements in 42

U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3

12.    Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon numerous occasions after conversing with management.

13.    Plaintiff reported harassment to both the Operations Manager and Store Director and requested that all harassment stop immediately or the Plaintiff be transferred to another store or department.

14.    Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.

15.    Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued harassment and retaliation for filing a claim with the U.S. Equal Employment Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.

16.    Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her, a violation of 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

17.    Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her hours. Mr. El-amin

would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

18.    Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C. 2000e-3.

19.    John Doe(1) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

20.    John Doe(2) caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b), and 42 U.S.C. 2000e-3.

## PRAYERS CLAIMS FOR RELIEF

### First Claim

Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1.    The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by

following her to the break room pulling her onto his lap and saying, "I'm gonna rape you,"

on one occasion, and following her around the store. When the defendant was told to stop

the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and

into her new department, sometimes even brushing up against her.

## SECOND CLAIM

### Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2.    The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with

Circuit City Stores, Inc, by allowing the harassment to continue after a formal complaint was

filed including making offensive comments while the Plaintiff was present. The defendant(s)

also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment

Opportunity Commission by subjecting her to a demeaning position compared to others of

the same department and diminishing her work hours. Also by instructing the Plaintiff to

work in the Technology department with the defendant(s) after she was no longer under his

supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into

her new department on his off day and proceeded to continually brush against her, Mr. El-

amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff

would not he came around the register and bumped into her. by snickering while the Plaintiff

reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by

subjecting her to a demeaning position compared to others of the same department, as well

as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

## THIRD CLAIM

Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3.    The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

### Fourth Claim

Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4.    Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1. Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;

2. Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.

3. Award court cost for suit.

4. Award plaintiff addition relief as this Court may deems just and proper.

Date May 13th 2009

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075

FILED
2009 Jun-22 AM 09:
U.S. DISTRICT COU
N.D. OF ALABAN

FILED

09 JUN 19 PM 2:54

U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| | ) |
| | ) |
| Ashley Isaac | ) |
|         Plaintiff, | )Class Action No. 2:09-CV-942-WMA |
|     Vs. | ) |
| | ) |
| | ) |
| Circuit City Stores, Inc. et al, | )COMPLAINT FOR DAMAGES, |
|     a Virginia corporation, | )- VIOLATION |
| | )of Civil Rights Act Title VII of 1964 [42 U.S.C. |
| Jeffrey B. Gulley, Jr., | )§5891] |
| Saed M. El-amin, | ) |
| Amanda Nickel- Compton, | ) |
| John/ Jane Doe(s)(6) | )AMENDED AND SUPPLEMENTED |
| | )COMPLAINT |
| | ) |
|         Defendant(s), | ) |

## JURISDICTION, AND VENUE

1.     This Court has original jurisdiction of the causes of action herein which are brought under the 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3, of Title VII of the Civil Rights Act.

2.     All events which gave rise to the complaint occurred in the jurisdiction of the United States District Court for the Northern District of Alabama, Venue is proper in this district under 42 U.S.C. § 2000e-12(b),42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3 of Title VII of the Civil Rights Act.

## DEFENDANTS

3.     Circuit City Stores, Inc. was a corporation, organized under the laws of the State of Virginia and its principal place of business is located on 9950 Mayland Drive, Richmond, Virginia 23233 and transacted business in this district.

4.     Jeffrey B. Gulley Jr. was the Technology Supervisor at Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

5.     Saed M. El-amin was the Store Director of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

6.     Amanda Nickel-Compton was the Operations Manager of Circuit City Store 0827 located at 4351 Creekside Avenue, Hoover, Alabama 35244.

7.     John Doe(s)

## FIRST CAUSE OF ACTION

(Violation of Title VII of the 1964 Civil Rights Act - 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3)

8.  Plaintiff refers to the allegations of this complaint, and incorporates the same herein by this reference as though set forth in full.

9.  In the course of their business each defendant failed to comply with the requirements in 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, 42 U.S.C. 2000e-3

10. Defendant(s) caused the Plaintiff to be subject to unwelcome sexual harassment upon numerous occasions after conversing with management.

11. Plaintiff reported harassment to both the Operations Manager and Store Director and requested that all harassment stop immediately or the Plaintiff be transferred to another store or department.

12. Upon the knowledge that the Plaintiff was being harassed the Defendant(s) continued to harass and allow the Plaintiff to be harassed. Therefore a violation of 42 U.S.C. § 5891.

13. Circuit City Stores, Inc. caused the Plaintiff harm by allowing the Defendant(s) continued harassment and retaliation for filing a claim with the U.S. Equal Employment Opportunity Commission, a violation of 42 U.S.C. § 2000e-12(b), 42 U.S.C. § 5891, 42 U.S.C. 2000e-2 and, 42 U.S.C. 2000e-3.

14. Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her, a violation of 42 U.S.C. § 5891,42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

15. Saed M. El-amin caused the Plaintiff harm by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3.

16. Amanda Nickel-Compton caused the Plaintiff harm by snickering while the Plaintiff reported the initial harassment. Mrs. Nickel-Compton also retaliated the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him, a violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, and 42 U.S.C. 2000e-3.

17. John Doe(s)1-6 caused harm to the Plaintiff by allowing the Technology Supervisor, Operation Manager, and Store Director's continued harassment after it had been reported, a violation 42 U.S.C. § 2000e-12(b),and 42 U.S.C. 2000e-3.

## PRAYERS CLAIMS FOR RELIEF

### FIRST CLAIM
Violation of 42 U.S.C. 2000e-2. Unlawful employment practices

1.      The defendant(s) both harassed and discriminated against the plaintiff due to her sex, by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### SECOND CLAIM
Violation of 42 U.S.C. 2000e-3. Other unlawful employment practices

2.      The defendant(s) retaliated against the Plaintiff for filing a formal internal complaint with Circuit City Stores, Inc., by allowing the harassment to continue after a formal complaint was filed including making offensive comments while the Plaintiff was present. The defendant(s) also retaliated against the Plaintiff for filing a formal complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Also by instructing the Plaintiff to work in the Technology department with the defendant(s) after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her. by snickering while the Plaintiff reported the initial harassment. The defendant(s) also retaliated against the Plaintiff by subjecting her to a demeaning position compared to others of the same department, as well as telling the Plaintiff to work with Mr. Gulley after she had filed a complaint against him.

### THIRD CLAIM
Violation of 42 U.S.C. § 2000e-12(b) Regulations; conformity of regulations with administrative procedure provisions;

3.      The defendant(s) retaliated against the plaintiff for filing a charge with the Equal Employment Opportunity Commission by allowing the harassment to continue after a formal complaint was filed including making offensive comments with Mr. Gulley while the Plaintiff was present. Mr. El-amin also retaliated against the Plaintiff for filing a complaint with the U.S. Equal Employment Opportunity Commission by subjecting her to a demeaning position compared to others of the same department and diminishing her work hours. Mr. El-amin would tell the Operations Manager to instruct the Plaintiff to work in the Technology department with Mr. Gulley after she was no longer under his supervision. On one occasion when the Plaintiff was reporting that Mr. Gulley had came into her new department on his off day and proceeded to continually brush against her, Mr. El-amin asked the Plaintiff to demonstrate Mr. Gulley's actions on him. When the Plaintiff would not he came around the register and bumped into her.

### Fourth Claim
#### Violation of 42 U.S.C. 5891 Sex discrimination prohibited

4.      Jeffrey B. Gulley, Jr. caused the Plaintiff harassment by following her to the break room pulling her onto his lap and saying, "I'm gonna rape you," on one occasion, and following her around the store. When the defendant was told to stop the offensive behavior Mr. Gulley continued to follow the Plaintiff around the facility and into her new department, sometimes even brushing up against her.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court, pursuant 42 U.S.C. § 2000e-12(b), and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 and pursuant this Court's own power:

1.      Enter a judgement against the defendant(s) and in favor of the plaintiff for each law violation alleged in this complaint;

2.      Award the plaintiff actual monetary damages according to proof for each violation of 42 U.S.C. § 2000e-12(b) and 42 U.S.C. § 5891, 42 U.S.C. 2000e-2, and 42 U.S.C. 2000e-3 alleged in this complaint.

3.      Award court cost for suit.

4.      Award plaintiff addition relief as this Court may deems just and proper.

Date June _19_ 2009

Respectfully Submitted,

Ashley Isaac, *pro se*
617 South 76th Street South
Birmingham, AL. 35206
Phone: (205)836-3075

FILED

2009 Jul-20  PM 02:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASHLEY ISAAC,                    }
                                 }
        Plaintiff,               }
                                 }        CIVIL ACTION NO.
v.                               }        09-AR-0942-S
                                 }
CIRCUIT CITY STORES, INC., et    }
al.,                             }
                                 }
        Defendants.              }

### ORDER

As a result of the motions hearing on July 17, 2009, the above-entitled action of Ashley Isaac is, on her motion, DISMISSED WITH PREJUDICE as against defendants, Saed M. El-amin and Amanda Nickel-Compton, both of whom have issued apologies to plaintiff. This renders MOOT all pending motions regarding said two defendants.

Because defendant, Circuit City Stores, Inc., is in bankruptcy, the action as against it is DISMISSED WITHOUT PREJUDICE to plaintiff's right to proceed against it in the bankruptcy court. The action shall proceed as against defendant, Jeffrey B. Gulley, Jr., who has filed an appearance, but not yet answered.

DONE this 20th day of July, 2009.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE



EXHIBIT
B

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Ashley Isaac | ) | |
| *Plaintiff* | ) | Civil Action No.   2:9-CV-942-WMA |
| v. | ) | |
| Jeffery B. Gulley, Jr. *et, a l* | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Alabama |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Circuit City Stores, Inc., c/o Skadden, Arps, Slate Meagher & Flom, LLP
     One Rodney Sqare, PO Box 636, Wilmington, DE 19899- 0636

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 617 South 76th Street<br>Birmingham, AL. 35206 | Date and Time:<br><br>08/18/2009 8:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All CERTIFIED copies of the investigation of Ashley Isaac against Jeffrey B. Gulley, Jr. and video surveillance of store 0827 (located at 4351 Creekside Avenue, Hoover, AL. 35244) from dates: 01/01/2008 to 03/30/2009. CERTIFIED copies of personnel files of Ashley Isaac, Jeffrey B. Gulley, Saad El-amin, and Amanda Nickel. CERTIFIED copies of Ms. Isaac's work schedules from dates: Febuary 2008 to December 2008.
COPIES INCURED ARE THE RESPONSIBILITY OF PRO SE PLAINTIFF

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

                     SHARON N. HARRIS, CLERK OF COURT

Date: 7-23-09

     *CLERK OF COURT*                                        OR

     _____                    _____
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
                     Ashley Isaac, pro se_____ , who issues or requests this subpoena, are:
617 South 76th Street, Birmingham, AL. 35206
(205)836-3075
aisaac88_2@yahoo.com


EXHIBIT
C



U.S. POSTAGE
PAID
BIRMINGHAM, AL
35219
JUL 24 09
AMOUNT
$3.24
0004-4221-01

JUL 29 2009
1st [ ]
2nd [ ]

19899

1000

UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL

7009 0820 0001 0781 3400

Circuit City Stores, Inc
c/o Skadden, Arps, Slate, Meagher & Flom LLC.
One Rodney Square
Po Box 636
Wilmington, DE. 19899-0636

Ashley Isaac
617 South 76th Street
Birmingham, AL. 35206

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Ashley Isaac,                )
                             )
        Plaintiff,           )
                             )      Case No. CV-2009-AR-0942-S
vs.                          )
                             )
Jeffrey B. Gulley, Jr.,      )
et al.,                      )
                             )
        Defendants.          )

**CIRCUIT CITY STORES, INC.'S RESPONSES AND OBJECTIONS TO
SUBPOENA TO TESTIFY AT A DEPOSITION OR TO PRODUCE
DOCUMENTS IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of
Civil Procedure, Circuit City Stores, Inc., a debtor in
the chapter 11 bankruptcy cases currently pending before
and jointly administered by the United States Bankruptcy
Court for the Eastern District of Virginia, Richmond
Division, Case No. 08-35653 (KRH) ("Circuit City" or the
"Debtor"), through its attorneys, hereby responds and
objects to the Subpoena *duces tecum* dated July 23, 2009
(the "Document Requests") and allegedly served upon the
Debtor by Ashley Isaac ("Plaintiff"):



EXHIBIT
D

## GENERAL OBJECTIONS

The responses to the Document Requests are subject to the general objections and limitations set forth below (the "General Objections"). These General Objections, which form a part of the response to each and every request, are set forth here to avoid the duplication and repetition of restating them for each response. These General Objections may be specifically referred to in responses to certain requests for the purpose of clarity; however, the failure to specifically incorporate a General Objection is not intended, and should not be construed, as a waiver thereof.

1.    The Debtor objects to the Document Requests as unduly burdensome to the extent that the Document Requests purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the applicable local practice rules.

2.    Any response to the Document Requests is subject to the Debtor's right to object to the competency, relevancy, materiality, or admissibility of any documents produced in response to the Document

2

Requests in this or any other proceeding or action.   The production of any document in response to the Document Requests does not constitute an admission by the Debtor that such information is relevant or admissible.

       3.   The Debtor objects to the Document Requests to the extent the Document Requests call for production of documents or information protected by the attorney-client privilege, the work product doctrine or other applicable privileges and/or immunities, and will not disclose such documents or information.   Inadvertent production of such documents or information shall not be deemed a waiver of any privilege or basis for objection, and the Debtor's production of documents in response to the Document Requests is expressly subject to the condition that any such documents inadvertently produced shall be returned on demand to the Debtor.

       4.   The Debtor objects to the Document Requests to the extent the Document Requests seek production of documents containing confidential commercial, business, financial, proprietary or other sensitive information.

5.   The Debtor objects to the Document Requests to the extent the Document Requests seek documents that are not within in the possession, custody or control of the Debtor.

6.   By stating that the Debtor will search for and/or produce responsive documents, the Debtor is not warranting that any such responsive documents actually exist or that such documents are in the Debtor's possession, custody or control.

7.   The Debtor's failure to object to the Document Requests on a particular ground shall not be construed as a waiver of the Debtor's right to object on that ground or any additional ground at any time.

8.   On November 10, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), Case No. 08-35653 (KRH) (jointly administered). Upon the filing of the Debtor's bankruptcy petition, the automatic stay arose pursuant to 11 U.S.C. § 362. The automatic stay operates as a stay of all judicial proceedings and related discovery against the Debtor

4

wherein the Debtor is a defendant in the proceedings.
On or about July 20, 2009, the United States District
Court for the Northern District of Alabama properly
dismissed the above-captioned litigation as against the
Debtor on account of the Debtor's bankruptcy
proceedings.  Plaintiff now purports, however, to demand
discovery from the Debtor as a non-party witness in the
above-captioned proceedings.  Simultaneously, Plaintiff
has filed in the Bankruptcy Court a motion for relief
from the automatic stay seeking to recommence the above-
captioned litigation against the Debtor and a proof of
claim against the Debtor's estate on account of the
above-captioned proceedings.  By these actions,
Plaintiff seeks to circumvent (i) the automatic stay
under 11 U.S.C. § 362, (ii) the Federal Rules of Civil
Procedure governing discovery among parties, and (iii)
the protections that would be afforded to the Debtor
under the Federal Rules of Civil Procedure if it were a
defendant in the above-captioned litigation.  The Debtor
objects to the Discovery Requests on these grounds and
will not produce documents, if any, at least until such

time as the Bankruptcy Court has ruled on Plaintiff's

motion for relief from the automatic stay.

9.    The Debtor objects to the Document

Requests to the extent the Document Requests seek

materials and documents that are not reasonably

accessible to the Debtor because it would be unduly

burdensome or costly for the Debtor to locate, access

and produce the materials or documents requested.  In

connection with its bankruptcy proceedings, the Debtor

is in the process of liquidating all of its assets for

the benefit of its creditors.  Indeed, most of the

Debtor's property, real and personal, has been sold and

most of its employees have been terminated, including

the Debtor's human resources employees.  Moreover, the

Debtor's store number 0827, as referenced in the

Document Requests, was closed for business on or about

March 10, 2009, at which time the Debtor abandoned the

premises and certain documents and materials which were

of no tangible value to the Debtor's estate or its

creditors in the Debtor's bankruptcy proceedings.  Under

the circumstances, it may be unreasonably burdensome and

costly for the Debtor to locate, access and produce the

documents and materials sought by the Document Requests. The Debtor will not produce documents and materials which are not reasonably accessible because of undue burden or cost.

10.   The Debtor objects to the use of the term "Certified" in the Document Requests, as that term is vague and ambiguous in this context and has not been defined in the Document Requests.

11.   The Debtor expressly reserves the right to amend or supplement these responses and objections, and to move to quash, modify, or seek a protective order in respect of the Document Requests on any applicable grounds.

## SPECIFIC RESPONSES AND OBJECTIONS

REQUEST NO. 1:

All certified copies of the investigation of Ashley Isaac against Jeffery B. Gully, Jr.

RESPONSE TO REQUEST NO. 1:

The Debtor hereby incorporates the General Objections and further objects to this document request as the documents and materials sought are not reasonably accessible because of undue burden or cost.

7

REQUEST NO. 2:

Certified copies of video surveillance of store 0827 (located at 4351 Creekside Avenue, Hoover, AL 35244) from dates: January 1, 2008 to March 30, 2009.

RESPONSE TO REQUEST NO. 2:

The Debtor hereby incorporates the General Objections and further objects to this document request as the documents and materials sought are not reasonably accessible because of undue burden or cost.

REQUEST NO. 3:

Certified copies of all personnel files of Ashley Isaac, Jeffrey B. Gulley, Jr., Saed El-amin, and Amanda Nickel.

RESPONSE TO REQUEST NO. 3:

The Debtor hereby incorporates the General Objections and further objects to this document request as the documents and materials sought are not reasonably accessible because of undue burden or cost.

REQUEST NO. 4:

Certified copies of Ms. Isaac's work schedules from dates: February 2008 to December 2008.

RESPONSE TO REQUEST NO. 4:

The Debtor hereby incorporates the General

Objections and further objects to this document request

as the documents and materials sought are not reasonably

accessible because of undue burden or cost.

Dated: Wilmington, Delaware          SKADDEN, ARPS, SLATE, MEAGHER
       August 12, 2009               & FLOM, LLP

                                     /s/ Jason M. Liberi
                                     Gregg M. Galardi, Esq.
                                     Ian S. Fredericks, Esq.
                                     Jason M. Liberi, Esq.
                                     P.O. Box 636
                                     Wilmington, Delaware 19899-
                                     0636 (302) 651-3000

                                              - and -

                                     SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM, LLP
                                     Chris L. Dickerson, Esq.
                                     155 North Wacker Drive
                                     Chicago, Illinois 60606
                                     (312) 407-0700

                                              - and -

                                     MCGUIREWOODS LLP
                                     Dion W. Hayes, Esq.
                                     Douglas M. Foley, Esq.
                                     One James Center
                                     901 E. Cary Street
                                     Richmond, Virginia 23219
                                     (804) 775-1000

                                     Counsel for Debtors and
                                     Debtors in Possession

9

#14526

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted:** (Check only one box below:)

- ☒ Circuit City Stores, Inc. (Case No. 08-35653)
- ☐ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ashley Isaac

Name and address where notices should be sent:
Ashley Isaac
617 South 76th Street
Birmingham, AL 35206

Telephone number: (205) 836-3075

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number: (205) 836-3075

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 850,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Lawsuit (No. 2:09-CV-942-
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date:

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.



FOR COURT USE ONLY
RECEIVED
JUL 28 2009
KURTZMANCARSONCONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT
E


0835653090728000000000025

FILED

2009 Aug-14 PM 01:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASHLEY ISAAC,                     }
                                  }
        Plaintiff,                }
                                  }
                                  }   CIVIL ACTION NO.
v.                                }   09-AR-0942-S
                                  }
JEFFREY B. GULLEY, JR.,           }
                                  }
        Defendant.                }

## ORDER

For the reasons articulated in open court, the motion of defendant, Jeffrey B. Gulley, Jr., to dismiss is GRANTED, and the above-entitled action by Ashley Isaac is hereby DISMISSED without prejudice to her proceeding in state court.

The parties shall bear their own respective costs.

DONE this 14th day of August, 2009.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

