Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801
klake@vanblk.com


**MICHAEL A. RALSTON**
County Counsel
State Bar No. 74932
**DAVID M. YORTON, JR.**
Senior Deputy County Counsel
State Bar No. 105339
1450 Court Street, Rm 332
Redding, California 96001
(530) 225-5711
(530) 225-5817 FAX


Attorneys for Tax Creditor Lori J. Scott
Treasurer-Tax Collector for Shasta County

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**(RICHMOND DIVISION)**

| | |
|---|---|
| **In re** | Case No.  08-35653 (KRH) |
| **CIRCUIT CITY STORES, INC., et al.,** | Chapter 11 |
| **Debtors** | [Jointly Administered] |
| | **SHASTA COUNTY'S RESPONSE TO TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN TAX CLAIMS FOR NO TAX LIABILITY); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS** |

OF M. AXELSON AND J. LANGUM IN SUPPORT THEREOF

**Hearing:**
Date:       August 27, 2009
Time:       11:00 a.m.
Place:      Courtroom 5100
            701 East Broad Street
            Richmond, VA 23219
Judge:      Hon. Kevin Huennekens

**TO THE HONORABLE KEVIN HUENNEKENS, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES OF INTEREST:**

**PLEASE TAKE NOTICE** that Lori J. Scott, in her official capacity as Treasurer-Tax Collector for Shasta County, California (hereinafter "Shasta County"), and as the duly elected and authorized tax enforcement officer of the County of Shasta, a tax creditor of Circuit City Stores, Inc. ("Circuit City") and a governmental subdivision of the State of California, hereby files her response to the TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN TAX CLAIMS FOR NO TAX LIABILITY) filed by Circuit City on or about July 24, 2009. Shasta County hereby moves this Court for an order overruling Circuit City's objections and allowing Shasta County's administrative claim for payment of personal property taxes for the 2009/2010 tax year.

**PLEASE TAKE FURTHER NOTICE** that Shasta County reserves the right to supplement this Response to the extent provided by applicable law.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Circuit City objects to Shasta County's claim on the basis that the tax liability has "either been paid in full or the Debtors did not conduct business and/or own property within the taxing authorities jurisdiction.

Shasta County will demonstrate that the claim is for personal property taxes on property in Circuit City's possession on January 1, 2009 based on Circuit City's written statement signed by Circuit City's Tax Supervisor, Sarah Harris, under penalty of perjury. Additionally, Circuit City's Business Property Statement for 2009 is accompanied by a Circuit City Memorandum admitting that the "Debtors' 2009 Business Personal Property Return [is] for assets located in your jurisdiction."

Shasta County will also prove that its claim is properly filed as an administrative claim for debts incurred post-petition. Lastly, Shasta County will show that an omnibus objection is not the appropriate means by which Circuit City may address the valuation itself.

## II. FACTUAL BACKGROUND

Circuit City filed its chapter 11 petition on November 10, 2008 and then began the process of closing its businesses. As of January 1, 2009, Circuit City still owned property, and operated their business, in the City of Redding, in Shasta County, suitable for assessment under California Property Tax Law.

On May 8, 2009, Circuit City mailed a delinquent Business Property Statement with the Shasta County Assessor's office on its property in Shasta County. The statement was signed on May 4, 2009 and showed a significant amount of personal property and fixtures located at 1175 Dana Drive in Redding, California.  *See Leslie Morgan* Declaration attached hereto as Exhibit A.   The statement was signed by Sarah Harris, Tax Supervisor, under penalty of perjury.

Once the 2009/2010 personal property taxes became due, Shasta County filed an administrative claim, using a "proof of claim" form. *See* Mary Axelson Declaration, attached hereto as Exhibit B. This is the claim to which Circuit City has objected.

## III. ARGUMENT

**A.   SHASTA COUNTY HAS MET ITS BURDEN OF PROVING ENTITLEMENT TO PAYMENT OF ITS ADMINISTRATIVE CLAIM**

**1.   The Personal Property Taxes Owed to Shasta County Were Incurred by the Bankruptcy Estate on January 1, 2009, which is After the Bankruptcy Petition was Filed.**

"A claim is entitled to allowance as an administrative expense if two requirements are satisfied: the tax must be incurred by the estate and the tax must not be a tax of a kind specified in 11 U.S.C. § 507(a)(8)." *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292 (9th Cir. 1995).

The determination of when a state tax is incurred is governed by state law. *In re Columbia Gas Transmission Corp.*, 37 F.3d 982, 984 (3d Cir. 1994). According to California law, the personal property taxes owed to Shasta County for tax year 2009/2010 were incurred by the bankruptcy estate on January 1, 2009, which is after the filing of the bankruptcy petition.

In the State of California, the Shasta County Assessor is charged with assessing all property in Shasta County subject to general property taxation at its full value. Cal. Rev. & Tax. Code § 401. The value is to be determined as of the "lien date." Cal. Rev. & Tax. Code § 401.3. The "lien date" is the first day of January preceding the fiscal year for which the taxes are levied. Cal. Rev. & Tax. Code § 2192. Therefore, for tax year 2009/2010, the lien date was January 1, 2009.

The Assessor assesses the taxable personal property to the persons owning, claiming, possessing, or controlling it as of the lien date (i.e. January 1, 2009). Cal. Rev. & Tax. Code § 405. *Therefore, the person owning, claiming, possessing, or controlling the property on the lien date is responsible for*

*paying the tax. In re Western States Wire Corp.*, 490 F.2d 1065, 1068 (9th Cir. 1974). Each person owning taxable personal property having an aggregate cost of $100,000 or more for any assessment year is required to file, between the lien date and April 1, a property statement with the assessor signed under penalty of perjury. Cal. Rev. & Tax. Code § 441. Circuit City filed such a property statement, declaring under penalty of perjury that, as of January 1, 2009, it owned, possessed, controlled or managed business personal property and fixtures in Shasta County.

Using the Shasta County Assessor's valuation, taxes on Circuit City's business personal property for 2009/2010 were calculated at the current tax rate, resulting in $5,160.91 in personal property taxes being due for tax year 2009/2010. These personal property taxes were due on the lien date (January 1, 2009), even though the exact amount due had not yet been determined. Cal. Rev. & Tax. Code § 2901; *California Computer Products, Inc. v. County of Orange*, 107 Cal. App. 3d 731, 736-737; 166 Cal. Rptr. 68, 71 (1980). These taxes will become delinquent and subject to penalties on August 31, 2009. Cal. Rev. & Tax. Code § 2922.

There is simply no question that the 2009/2010 personal property tax obligation was incurred by the bankruptcy estate after the petition was filed on November 10, 2008. Circuit City declared, under penalty of perjury, that it owned, possessed, controlled, or managed, a substantial amount of taxable personal property in Shasta County as of January 1, 2009. The Shasta County Assessor determined the taxable value of that property as of January 1, 2009. Taxes were calculated based on that assessment and were due as of January 1, 2009, becoming delinquent and subject to penalties on August 31, 2009. In this case, ALL pertinent dates occurred post-petition. Shasta County's claim therefore must be considered an administrative claim.

      **2.**    **The Tax is Not a Tax of a Kind Specified in 11 U.S.C. § 507(a)(8)**.

The second test that must be satisfied to show that a tax is an administrative claim is that the tax must not be of the kind specified in 11 U.S.C. § 507(a)(8).. *In re All Star Sports, Inc.*, 78 B.R. 281, 284

(Bankr. D. Nev. 1987). The portion of 11 U.S.C. § 507(a)(8) that deals with property taxes applies to "a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition."

As stated previously, personal property taxes owed to Shasta County were assessed on January 1, 2009, almost two months after the commencement of the case, which was filed by Circuit City on November 10, 2008. These taxes will be payable without further penalty on August 31, 2009. These personal property taxes are not of a kind specified in 11 U.S.C. § 507(a)(8). Therefore, Shasta County's claim for personal property taxes owed for tax year 2009/2010 qualifies as a proper administrative claim and Shasta County has met its burden of proving the existence of this claim.

**C.    CIRCUIT CITY'S TAX OBLIGATION FOR TAX YEAR 2009/2010 IS NOT SUBJECT TO REDUCTION SIMPLY BECAUSE CIRCUIT CITY MAY HAVE LIQUIDATED ITS PROPERTY AFTER THE LIEN DATE**

Under California law, taxable property is assessed to the persons owning, claiming, possessing, or controlling it on the lien date. Cal. Rev. & Tax. Code § 405. Thus, the owner of the property on the lien date will be liable for the tax, and a subsequent transfer of the property will not affect the liability. *See, e.g*, *Francis H. Leggett & Co. v. County of Los Angeles*, 235 Cal. App. 2d 752; 45 Cal. Rptr. 561 (1965); *In re Western States Wire Corp*., 490 F.2d 1065, 1068 (9th Cir. 1974).

*Circuit City filed a business property statement, declaring under penalty of perjury that, as of the lien date (January 1, 2009), it owned, possessed, controlled or managed business personal property and fixtures in Shasta County.* Therefore, Circuit City is liable for the tax on that property, regardless of whether Circuit City may have transferred that property subsequent to the lien date.

**IV. CONCLUSION**

Shasta County's claim for personal property taxes for the 2009/2010 tax year was appropriately filed as an administrative claim. It was incurred by the bankruptcy estate on January 1, 2009, post-

petition, based upon Circuit City's own sworn valuation of property. Circuit City's objections should be overruled and Shasta County's claim must be allowed.

Dated:  August 21, 2009

**VANDEVENTER BLACK LLP**

/s/ Kevin A. Lake
Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, VA  23218-1558
Tel: 804.237.8811
Fax: 804.237.8801

klake@vanblk.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2009, I caused to be served a true and correct copy of Shasta County's Response to the Debtors' Twenty-Seventh Omnibus Objection to Claims to all parties receiving notice via ECF and via ECF and/or email on the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
P.O. Box 636
Wilmington, Delaware 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606-7120

Douglas M. Foley
Dion W. Hayes
McGuireWoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attorneys for Debtors

/s/  Kevin A. Lake
Kevin A. Lake