Douglas M. Foley (VSB No. 34364)
Bryan A. Fratkin (VSB No. 38933)
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :    Jointly Administered
- - - - - - - - - - - - - - X  - - - - - - - - - - - -

CIRCUIT CITY STORES, INC.,     X    Adversary Proceeding
                                :    No:_____
            Plaintiff,          :
                                :
v.                              :
                                :
SIRIUS XM RADIO INC.,           :
                                :
            Defendant.          :
- - - - - - - - - - - - - - :
                                X

**COMPLAINT**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] by and

---

[1]    The Debtors and the last four digits of their respective taxpayer
identification numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875),
Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia,

through their undersigned counsel, for their Complaint
against the above-captioned defendant, Sirius XM Radio Inc.,
(the "Defendant"), and, in support thereof, allege as
follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this adversary
proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This action is a core proceeding under 28 U.S.C.
§§ 157(b)(2)(A), (B), (C), (E), and (O).

3.    Venue of these cases and this adversary proceeding
in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    On November 10, 2008 (the "Petition Date"), the
Debtors filed voluntary petitions in this Court for relief
under chapter 11 of the Bankruptcy Code.

5.    The Debtors continue to manage and operate their
businesses as debtors in possession pursuant to Bankruptcy
Code sections 1107 and 1108.

---

Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC
(2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs,
Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512). The address for
Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard,
Westminster, Colorado 80031. For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook
Drive, Glen Allen, Virginia 23060.

6.    On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee").  To date, no trustee or examiner has been appointed in these chapter 11 cases.

7.    On November 12, 2008, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c).

8.    On December 10, 2008, the Court entered that certain Order Pursuant to Bankruptcy Code Sections 105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I) Setting General Bar Date and Procedures for Filing Proofs of Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

9.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date").  The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date").  Pursuant to the Claims Bar Date

Order, this Court approved the form and manner of the claims

bar date notice, which was attached as Exhibit A to the

Claims Bar Date Order (the "Claims Bar Date Notice").

10.  On December 17 and 19, 2008, KCC served a copy of

the Claims Bar Date Notice on all parties who filed notices

of appearance pursuant to Bankruptcy Rule 2002, all of the

Debtors' scheduled creditors in these cases, the Debtors'

equity holders, and certain other parties (Docket No. 1314).

In addition, the Debtors published the Claims Bar Date

Notice in The Wall Street Journal (Docket No. 1395) and The

Richmond Times-Dispatch (Docket No. 1394).

11.  On January 16, 2009, the Court authorized the

Debtors, among other things, to conduct going out of

business sales at the Debtors' remaining 567 stores pursuant

to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").  On

January 17, 2009, the Agent commenced going out of business

sales pursuant to the Agency Agreement at the Debtors

remaining stores.  As of March 8, 2009, the going out of

business sales at the Debtors' remaining stores had been

completed (the "Liquidation").

12.  On May 15, 2009, the Court entered that certain

Order Pursuant to Bankruptcy Code Sections 105 and 503 and

Bankruptcy Rules 2002 and 9007 (i) Setting Administrative

Bar Date and Procedures For Filing and Objecting To

Administrative Expense Request and (ii) Approving Form and

Manner of Notice Thereof (Docket No. 3354) (the

"Administrative Claims Bar Date Order").

13.   Pursuant to the Administrative Claims Bar Date

Order, the deadline for filing all Administrative Expense

Requests (as defined in the Administrative Claims Bar Date

Order) was 5:00 p.m. (Pacific) on June 30, 2009.  Pursuant

to the Administrative Claims Bar Date Order, this Court

approved the form and manner of the claims bar date notice,

which was attached as Exhibit A to the Administrative Claims

Bar Date Order (the "Administrative Claims Bar Date

Notice").

14.   On May 15, 2009 KCC served a copy of the

Administrative Claims Bar Date Notice on all parties who

filed notices of appearance pursuant to Bankruptcy Rule

2002, all of the Debtors' scheduled creditors in these

cases, the Debtors' equity holders, and certain other

parties (Docket No. 3397).  In addition, the Debtors

published the Administrative Claims Bar Date Notice in the

Financial Times (Docket No. 3970), The Richmond Times-

Dispatch (Docket No. 3969), and The Wall Street Journal (Docket No. 3968).

15.   By the General Bar Date, the Defendant did not file a proof of claim with KCC or with the clerk's office of the Court.

16.   On June 30, 2009, the Defendant filed an administrative expense claim asserting an unliquidated administrative claim against the Debtors ("Claim No. 14088").

### PARTIES

17.   Prior to the Liquidation, the Debtors were a leading specialty retailer of consumer electronics and operated large nationwide electronics stores that sold, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

18.   Defendant is a Delaware corporation with its principal place of business in New York, New York.

19.   Defendant is the successor by merger of XM Satellite Radio Inc. ("XM") and Sirius Satellite Radio Inc. ("Sirius").

## FACTS

20.   On April 1, 2007, the Debtors and XM entered into that certain XM Sales and Marketing Agreement (the "XM Contract").   A true and correct copy of the XM Contract is attached hereto as Exhibit A.

21.   On May 29, 2008, the Debtors and Sirius entered into that certain Retail Distribution Agreement (the "Sirius Contract").   A true and correct copy of the Sirius Contract is attached hereto as Exhibit B.

22.   In addition, prepetition and postpetition, the Debtors and Defendant entered into other agreements for the advertisement, marketing, of products and services of the Defendant and certain other third party vendors (collectively with the XM Contract and the Sirius Contract, the "Sirius XM Contracts").   Pursuant to the Sirius XM Contracts, the Debtors displayed, marketed, advertised, and sold satellite radios and related products, and marketed and sold the activation of the satellite radios, to the Debtors' customers at its stores and on its websites.   See Sirius Contract, §§ 3-4 , XM Contract, §§ 3-4.

23.   Pursuant to the Sirius XM Contracts, the Defendant was obligated to remit to the Debtors the following, and the

Debtors were entitled to payment from the Defendant for the following:

> (a)   Activation commissions for activating the satellite radios with service contracts (<u>see</u> Sirius Contract, § 5, Ex. C, XM Contract, § 7, Ex. C);
>
> (b)   Residual payments for reactivations of the service contracts (<u>see</u> Sirius Contract, § 5, Ex. C, XM Contract, § 7, Ex. C); and
>
> (c)   Receivables for the marketing, advertising, and sale of the satellite radio services of the Defendant and the marketing, advertising, and sale of certain products of certain third party vendors (<u>see</u> Sirius Contract, § 5, XM Contract, § 7.

24.   Prepetition and postpetition through the Liquidation, the Debtors performed these services, and demanded payment.  To date, the Defendant is indebted to the Debtors for the following amounts:

**Sirius**

| | |
|---|---|
| Prepetition Radio Activation Commission | $42,299.25 |
| Postpetition Radio Activation Commission | $553,848.00 |

| | |
|---|---:|
| Postpetition Radio Residual | $2,133,610.91 |
| Prepetition Vendor Receivables – Advertising and Marketing | $272,970.00 |
| Postpetition Vendor Receivables – Advertising and Marketing | $0.00 |
| | $3,002,728.16 |

| **XM** | |
|---|---:|
| Prepetition Radio Activation Commission | $24,912.00 |
| Postpetition Radio Activation Commission | $1,671,215.00 |
| Postpetition Radio Residual | $559,681.98 |
| Prepetition Vendor Receivables – Advertising and Marketing | $614,812.84 |
| Postpetition Vendor Receivables – Advertising and Marketing | $1,232,519.01 |
| | $4,103,140.83 |
| **TOTAL** | **$7,105,868.99** |

collectively, the "Unpaid Obligations").

25.   On June 11, 2009, the Debtors sent a demand letter to the Defendant for the Unpaid Obligations (the "Demand Letter").   A copy of the Demand Letter is attached hereto as Exhibit C and is incorporated herein by reference.

26.   To date, Defendant has failed to pa the Debtors the Unpaid Obligations.

27.   The Defendant's failure to pay the Unpaid Obligations is a material breach under the Sirius XM Contracts.

## COUNT I

### (BREACH OF CONTRACT)

28.   The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully restated here.

29.   Pursuant to the Sirius XM Contracts, Defendant agreed to pay to the Debtors the Unpaid Obligations.

30.   The Sirius XM Contracts are valid and enforceable contracts.

31.   Defendant's failure to compensate the Debtors for the Unpaid Obligations in the amount of $7,105,868.99 constitutes a material breach of Defendant's obligations under the Sirius XM Contracts.

32.   Pursuant to Sirius XM Contracts, the Debtors are further entitled to reasonable attorneys' fees and costs of litigation.  See XM Contract, § 16.12.

33.   As a direct and proximate result of Defendant's breaches, the Debtors have incurred damages in an amount not

less than the $7,105,868.99, plus costs, expenses, attorneys' fees, and interest.

34.   Accordingly, the Debtors are entitled to a judgment against Defendant in an amount not less than the Unpaid Obligations of $7,105,868.99, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Sirius XM Contracts.

**COUNT II**

**(TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)**

35.   The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully restated here.

36.   In the alternative to Count I, but without waiving any allegation contained therein, the Debtors make the following allegations in support of Count II.

37.   Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than the $7,105,868.99, plus costs, expenses, attorneys' fees, and interest.

38.   The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

39.   The Unpaid Obligations are property of the Debtors' estate under section 541 of the Bankruptcy Code and

constitute debts that are matured, payable on demand, or payable on order.

40.   Accordingly, pursuant to section 542 of the Bankruptcy Code, Defendant should be compelled to immediately turn over and deliver to the Debtors the Unpaid Obligations in an amount not less than $7,105,868.99, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Sirius XM Contracts.

### COUNT III

### (UNJUST ENRICHMENT)

41.   The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully restated here.

42.   In the alternative to Counts I and II but without waiving any allegation contained therein, the Debtors make the following allegations in support of Count III.

43.   The Debtors conferred a benefit upon Defendant by providing certain services on behalf of Defendant and at the Defendant's request to Defendant's customers and subscribers.

44.   The Debtors' provision of services to the Defendant's customers and subscribers directly benefitted

the Defendant, and the Defendant has enjoyed the use and benefit of the Debtors' provision of services to the Defendant's customers and subscribers.

45.  In providing such services to Defendant's customers and subscribers, the Debtors reasonably expected to be compensated by Defendant in an amount not less than $7,105,868.99, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Sirius XM Contracts.

46.  The Defendant's benefit and use of the Debtors' rendered services to its customers and subscribers without just compensation to the Debtors has unjustly enriched the Defendant in an amount not less than $7,105,868.99.

47.  The Debtors have no adequate remedy at law to recover the Unpaid Obligations.

48.  Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Debtors are entitled to restitution from the Defendant in an amount not less than $7,105,868.99, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Sirius XM Contracts.

## COUNT IV

### (DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d))

49.  The Debtors hereby incorporate by reference the allegations set forth in paragraphs 1 through 48 of this Complaint as if fully restated here.

50.  Section 502(d) of the Bankruptcy Code requires the disallowance of "any claim of any entity from which property is recoverable under section 542 . . . of this title . . ., unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 542 . . . of this title."

51.  Pursuant to section 502(d) of the Bankruptcy Code, any claims, including Claim No. 14088, held by Defendant against the Debtors' bankruptcy estates must be disallowed unless and until Defendant pays to the Debtors the Unpaid Obligations of not less than $7,105,868.99, plus costs, expenses, attorneys' fees, and interest at the higher of the legal rate or the rate set forth in the Sirius XM Contracts.

### PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully pray that the Court:

14

i.    On Count I, enter judgment against Defendant for
breach of contract and award the Debtors damages
in an amount not less than the $7,105,868.99, plus
costs, expenses, attorneys' fees, and interest at
the higher of the legal rate or the rate set forth
in the Sirius XM Contracts; or, in the
alternative;

ii.   On Count II, order Defendant to turn over and
deliver to the Debtors the Unpaid Obligations in
an amount not less than $7,105,868.99, plus costs,
expenses, attorneys' fees, and interest at the
higher of the legal rate or the rate set forth in
the Sirius XM Contracts; or, in the alternative;

iii.  On Count III, enter judgment against the Defendant
for unjust enrichment and award the Debtors
restitution on account of the Defendant's unjust
enrichment in an amount not less than
$7,105,868.99, plus costs, expenses, attorneys'
fees, and interest at the higher of the legal rate
or the rate set forth in the Sirius XM Contracts;

iv.   On Count IV, enter an Order pursuant to 11 U.S.C.
§ 502(d) disallowing any claim of Defendant
against the Debtors' bankruptcy estates, including

Claim No. 14088, unless and until Defendant pays

to the Debtors the amount of any and all judgments

granted to the Debtors against Defendant in this

adversary proceeding; and

v.   Grant the Debtors such other and further relief

the Court deems just and appropriate.

Dated: Richmond, Virginia   McGUIREWOODS LLP
       August 24, 2009

                            _/s/ Douglas M. Foley_____
                            Douglas M. Foley (VSB No. 34364)
                            Bryan A. Fratkin (VSB No. 38933)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and Debtors
                            in Possession

\9715500.1

# **EXHIBIT A**

XM Sales and Marketing Agreement between the Debtors and XM Satellite Radio Inc. dated April 1, 2007.

**[TO BE FILED UNDER SEAL]**

# **EXHIBIT B**

Retail Distribution Agreement between the Debtors and
Sirius Satellite Radio Inc. dated May 29, 2008.

## **[TO BE FILED UNDER SEAL]**

# **Exhibit C**

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Phone: 757.640.3700
Fax: 757.640.3701
www.mcguirewoods.com

**Daniel F. Blanks**
Direct: 757.640.3774

dblanks@mcguirewoods.com
Direct Fax: 757.640.3963

# McGUIREWOODS

June 11, 2009

Via Overnight Delivery
Patrick L. Donnelly
Executive Vice President & General Counsel
Sirius XM Radio, Inc.
1221 Avenue of the Americas
New York, New York 10020

RE:    *In re Circuit City Stores, Inc., et al.*, Ch. 11
       Case No. 08-35653 (KRH) (Bankr. E.D. Va. 2008)

Dear Mr. Donnelly:

Please be advised that this firm serves as general bankruptcy counsel to Circuit City Stores, Inc. ("Circuit City") and certain of its subsidiaries, debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

The Debtors' books and records show that $7,148,875.10 remains due and outstanding from Sirius XM Radio, Inc. ("Sirius XM") to the Debtors' bankruptcy estates.

The Debtors initially demanded payment of these amounts by letter dated April 14, 2009. A copy of the original demand letter is attached hereto as Exhibit A, which original demand letter provides additional details regarding the basis for the amounts due and outstanding. As of this date, the Debtors have not received payment of any portion of the due and outstanding amounts from Sirius XM.

Accounts receivable constitute property of the Debtors' bankruptcy estates. See In re Bay Vista of Virginia, Inc., 394 B.R. 820, 836 (Bankr. E.D. Va. 2008). As Sirius XM has failed to remit payment to the Debtors with regard to the amounts due and outstanding, Sirius XM is in unlawful possession of property of the Debtors' bankruptcy estates. Moreover, the Debtors have demanded that Sirius XM immediately turn over such property to the Debtors, but Sirius XM has ignored the Debtors' demands. This knowing and willful failure to turn over the Debtors' property may constitute, among other things, a violation of the automatic stay pursuant

Almaty | Atlanta | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Jacksonville | Los Angeles
New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

June 11, 2009
Page 2

to section 362(a) of title 11, United States Code (the "Bankruptcy Code"). <u>See</u> <u>In re</u>
<u>Mountaineer Coal Co., Inc.</u>, 247 B.R. 633, 642 (Bankr. W.D. Va. 2000).

**This letter is a final demand for payment. If the Debtors do not receive
Sirius XM's payment of $7,148,875.10 within ten (10) days after the date of this letter, the
Debtors may be compelled to commence an adversary proceeding against Sirius XM in
the Bankruptcy Court to recover the property, together with damages, including punitive
damages, as well as costs, expenses, and attorneys' fees, for violations of the
Bankruptcy Code. Such a proceeding would require Sirius XM or its lawyer to respond
and appear in the Bankruptcy Court.**

I am available to discuss this matter with you or, if you have retained outside
counsel, your counsel.

Very truly yours,

*Daniel F. Blanks*

Daniel F. Blanks

cc:    Eugena Johnson (by email)
       Zack Kovolenko (by email)
       Ken Rohrer (by email)



Tuesday, April 14, 2009

XM/SIRIUS

Re:  Demand for Payment

Dear Sir or Madam:

As you no doubt know by now, on November 10, 2008 Circuit City Stores, Inc. and certain
of its subsidiaries (collectively, "Circuit City") filed voluntary petitions for relief under
chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of
Virginia, Richmond Division.  As part of liquidation and wind down of Circuit City under its
chapter 11 cases, we have completed a review of amounts unpaid by your company to
Circuit City, as evidenced by the attached. Based on this information, the total amount due
and outstanding from your company to Circuit City is listed below:

Total Due:    <u>$7,148,875.10</u>

By this letter, we hereby make demand for payment of the unpaid balance immediately.  If we
do not receive payment within the next two weeks it is our intent to refer the matter to our
counsel to pursue payment in the Bankruptcy Court in Richmond, Virginia.

Wire Instructions:

Account Name:☐Circuit City Stores, Inc.                    Sincerely,
ABA/Routing #: ☐051400549
Account #:☐2055275431509
Bank:☐Wachovia Bank                                        Heather Ferguson
☐10401 Deerwood Park Blvd, Building 1                      Circuit City Accounting Department
☐Jacksonville, FL  32256                                   (804) 486-3977
                                                           Heather_Ferguson@ccswinddown.com

cc:    ☐☐Daniel W. Ramsey, Esq.

LTRDMD01

EXHIBIT
A

**Accounts Receivable Detail**

| Vendor No | Vendor Name | Receivable Type | Type | Tran Code | Key Rec No | Ref No | Description | Receivable | Status |
|---|---|---|---|---|---|---|---|---|---|
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0320366 | 89521 | 89521DV#70201 | $336.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0332900 | 95641 | 95641CV#70201 | $483.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333989 | 95633 | 95633CV#70201 | $810.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0332913 | 96530 | 96530CV#70201 | $1,417.50 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333993 | 95642 | 95642CV#70201 | $2,681.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0332889 | 93995 | 93995CV#70201 | $2,807.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336707 | 97548 | 97548CV#70201 | $10,833.33 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333986 | 94179 | 94179CV#70201 | $15,505.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336698 | 96948 | 96948CV#70201 | $20,828.67 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336708 | 97550 | 97550CV#70201 | $20,828.67 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0332894 | 94907 | 94907CV#70201 | $26,306.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0320389 | 90912 | 90912DV#70201 | $30,310.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0330421 | 93963 | 93963CV#70201 | $40,000.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0330215 | 93058 | 93058CV#70201 | $50,000.00 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0332888 | 93990 | 93990CV#70201 | $91,666.67 | PRE |
| 0000070201 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0330086 | 93059 | 93059CV#70201 | $300,000.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | ADJ | 0307862 | CK156 | V70202 78200,76717, 76718 | ($220,770.00) | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | ADJ | 0320774 | CK165 | OP77073 V70202 | ($720.00) | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | ADJ | 0317315 | CK 16 | V70202 OVER PAY CB 87724 | ($50.00) | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332883 | 92921 | 92921CV#70202 | $320.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332892 | 94363 | 94363CV#70202 | $480.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332891 | 94362 | 94362CV#70202 | $2,330.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332885 | 92923 | 92923CV#70202 | $2,360.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332884 | 92922 | 92922CV#70202 | $13,010.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0332882 | 92920 | 92920CV#70202 | $18,850.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0328525 | 93055 | 93055CV#70202 | $19,740.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0330084 | 92918 | 92918CV#70202 | $25,000.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0290783 | 76718 | 76718MV#70202 | $41,300.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0330085 | 92919 | 92919CV#70202 | $50,000.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0302655 | 82045 | 82045DV#70202 | $52,290.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0331249 | 95743 | 95743DV#70202 | $75,330.00 | PRE |
| 0000070202 | SIRIUS SATELLITE RADIO | Chargebacks VF | AA | AA | 0290782 | 76717 | 76717MV#70202 | $193,500.00 | PRE |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335462 | 98282 | 98282CV#71216 | $175.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333991 | 95635 | 95635CV#71216 | $460.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333992 | 95636 | 95636CV#71216 | $530.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333990 | 95634 | 95634CV#71216 | $600.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335465 | 98292 | 98292CV#71216 | $720.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335463 | 98283 | 98283CV#71216 | $763.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336777 | 98281 | 98281CV#71216 | $889.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335464 | 98291 | 98291CV#71216 | $940.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333995 | 95644 | 95644CV#71216 | $1,015.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0334430 | 95637 | 95637CV#71216 | $1,020.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0333994 | 95643 | 95643CV#71216 | $1,561.00 | POST |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0334431 | 95638 | 95638CV#71216 | $1,680.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336778 | 98289 | 98289CV#71216 | $2,080.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0334432 | 95646 | 95646CV#71216 | $3,549.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0334433 | 95647 | 95647CV#71216 | $6,293.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336752 | 95648 | 95648CV#71216 | $13,797.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336761 | 96949 | 96949CV#71216 | $14,166.67 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335327 | 95649 | 95649CV#71216 | $14,539.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336751 | 95639 | 95639CV#71216 | $19,620.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336767 | 97545 | 97545CV#71216 | $23,584.67 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0336760 | 96947 | 96947CV#71216 | $23,584.67 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335326 | 95640 | 95640CV#71216 | $29,180.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335770 | 98573 | 98573CV#71216 | $29,596.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335771 | 98575 | 98575CV#71216 | $34,916.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335458 | 93991 | 93991CV#71216 | $72,760.00 | POST |
| 0000071216 | XM SATELLITE RADIO | Chargebacks VF | AA | AA | 0335459 | 93993 | 93993CV#71216 | $372,000.00 | POST |
| | | | | | | | | $562,500.00 | POST |

**Total Receivable:**    $2,120,301.85

**Provider / Manufacturer Warranty Receivable Balance Summary**

Sirius

|  | post | $2,750,147.00 | Provider Activations |
|---|---|---|---|
|  | pre | $42,299.25 | Provider Activations |

XM

|  | post | $2,211,215.00 | Provider Activations |
|---|---|---|---|
|  | pre | $24,912.00 | Provider Activations |
| **Grand Tota** |  | $5,028,573.25 |  |