Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
One Rodney Square  
PO Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000  

Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
MCGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000  

– and –

Chris L. Dickerson, Esq.  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
155 North Wacker Drive  
Chicago, Illinois 60606-1720  
(312) 407-0700  

Counsel to the Debtors and  
Debtors in Possession  

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF VIRGINIA  
RICHMOND DIVISION  

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**MEMORANDUM IN SUPPORT OF DEBTORS' TWENTY-FIFTH AND TWENTY-SIXTH OMNIBUS OBJECTIONS TO CLAIMS FOR THE DISALLOWANCE OF CERTAIN CLAIMS FOR PAID TIME OFF**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] in support of their Twenty-Fifth Omnibus Objection to Claims (Disallowance of Certain Claims for Paid Time Off) and Twenty-Sixth Omnibus Objection to Claims (Disallowance of Certain Claims for Paid Time Off) (collectively, the "Objections")[2], respectfully states as follows:

1.  On July 17, 2009, consistent with the Omnibus Objection Procedures Order, the Debtors filed the Objections seeking to disallow certain claims ("Claims") filed by former employees ("Claimants") of the Debtors for paid time off ("Paid Time Off").

2.  Certain of the Claimants filed responses to the Objections by the August 10, 2009 objection deadline as set forth in the Objections and the notices thereof.

3.  On August 17, 2009, a status hearing on the Objections was held and the Court continued further hearing

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

[2] The Background and defined terms contained in the Objections are incorporated herein by reference.

and ruling on the Objections until the September 22, 2009 omnibus hearing date.

## ARGUMENT

**A.   Pre-Petition Paid Time Off Policy and Practice**

4.   Prior to the Petition Date, all hourly employees[3] with ninety (90) days or more of service with the Debtors accrued Paid Time Off for each hour worked.  The rate of accrual varied based on the employee's length of service.

5.   These accrued hours for Paid Time Off could be used for any purpose, including sick time, vacation, holidays, or personal business.

6.   The Debtors' corporate policy regarding Paid Time Off was outlined in its Associate Handbook.[4]  The Debtors' policy as set forth in the Associate Handbook does not state that accrued, unused Paid Time Off is paid to the employee at the employee's termination of employment.  However, even though the Debtors' *policy* did not provide for the payment of accrued, unused Paid Time Off, the Debtors' prepetition

---

[3]   The Paid Time Off practice of paying money to associates upon termination applied only to hourly employees.  Salaried employees were able to take time away from work under the Time Away program.  Under the Time Away program, salaried employees did not accrue Paid Time Off, but rather had to request permission for Paid Time Off and could only take such Paid Time Off when permission was granted.  See Associate Handbook, at p.18.

[4]   The Associate Handbook specifically notes that the Debtors' policies are not contractual obligations and may be amended or terminated without consent or notice to the employees.  See Associates Handbook, at p. 17.

3

*practice* was to pay any accrued, unused Paid Time Off to the employee upon termination of employment.  The Debtors' Associate Handbook is attached hereto as Exhibit A.

**B.    Change in the Debtors' Prepetition Practice.**

7.    Prior to the Petition Date, on or about November 7, 2008, the Debtors changed their practice of paying hourly associates money for any accrued, unused Paid Time Off at termination of employment.  There were no changes to the Debtors' prepetition policy in the Associate Handbook regarding use of Paid Time Off.

8.    On the Petition Date, the Debtors filed the Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition Wages, Compensation, and Employee Benefits filed on the Petition Date (the "Wage Motion").

9.    The Wage Motion requested that the Debtors be able to continue their policy with respect to use of Paid Time Off and to allow employees to continue to accrue Paid Time Off.  Wage Motion, at ¶ 68.

10.    However, the Debtors specifically did not seek or obtain authority to pay money to associates for Paid Time Off upon termination under the former practice.  Id. ("the

4

Debtors are not seeking authorization to continue to pay an Employee for accrued, unused Paid Time Off upon termination.")

11. On or about December 16, 2008, the Debtors transmitted a memorandum to its employees confirming the Debtors' policy and reflecting the change in the practice to not pay money for Paid Time Off. The memorandum is titled "What Happens to My Benefits When My Employment Ends and Frequently Asked Questions" (the "December Memo"). The December Memo is attached hereto as <u>Exhibit B</u>.

12. Question number 6 in the December Memo asks: "As a part-time or full-time hourly Associate, will I be paid for unused, accrued [Paid Time Off]?" In response, the December Memo states that the Debtors "will not pay associates unused [Paid Time Off] hours upon termination of employment," but that employees will continue to accrue and the Debtors will continue to honor the use of Paid Time Off. <u>See</u> December Memo, p. 2.

13. On or about January 16, 2009, after the Court approved the going out of business sales pursuant to the Agency Agreement, the Debtors circulated a memorandum to employees titled "Answers to Common Questions About Circuit City's Liquidation Announcement" (the "January Memo"). The

5

January Memo is attached hereto as Exhibit C.

14. The January Memo again reiterated the change in practice described in the Wage Motion and the December Memo in stating that the Debtors will not pay associates accrued, unused Paid Time Off upon termination of employment. See January Memo, at p.3. In addition, the January Memo states that each employee will receive a Proof of Claim form to be completed for any claim, including, unpaid Paid Time Off. Id.[5]

**C.  Paid Time Off Honored During Bankruptcy Cases**

15. Consistent with corporate policy and the relief sought and granted in the Wage Motion and as set forth in the December Memo and January Memo, the Debtors' honored the Paid Time Off used by employees during the Debtors' bankruptcy cases.

16. Even after the going out of business sales commenced in January 2009, Paid Time Off was honored by the Agents conducing the going out of business sales for which

---

[5] In stating that employees were entitled to file a proof of claim, the Debtors were merely advising associates of their rights to assert claims under the Bankruptcy Code. The Debtors were not consenting to the validity of any monetary claim for Paid Time Off as that would be inconsistent with the changed practice, the authority sought and obtained in the Wage Motion, and the other communications made to associates. It should also be noted that the Objections do not include claims from associates in states that would otherwise have prohibited a unilateral change in the Debtors' practice of paying money for Paid Time Off at termination of employment ("Compliance States"). As to the Compliance States the practice remained the same pre- and postpetition.

6

the Debtors' bankruptcy estates reimbursed the Agents.

17. On information and belief, no employee requesting Paid Time Off was denied use during the pendency of the bankruptcy cases.

**D. Claims for Paid Time Off Should Be Denied Because the Debtors' Practice Changed Prepetition and the Employees Had Notice Thereof.**

18. Claimants filed their Claims for cash payments of accrued, unused Paid Time Off. The Debtors conclude that they have no liability for such Paid Time Off Claims because the Debtors' prepetition practice of paying such accrued, unused Paid Time Off was changed prior to the Petition Date.

19. The Wage Motion, the granting of which authorized the Debtors to continue certain employee programs, including use of Paid Time Off, specifically states that it does not seek authorization to pay money to employees upon termination for accrued, unused Paid Time Off.

20. Moreover, the Debtors consistently communicated the prepetition change in practice through the language of the Wage Motion, the December Memo, and the January Memo. Accordingly, the Claims subject to the Objections should be denied.

7

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objections and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia  
August 24, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Gregg M. Galardi, Esq.  
Ian S. Fredericks, Esq.  
P.O. Box 636  
Wilmington, Delaware 19899-0636  
(302) 651-3000

- and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP  
Chris L. Dickerson, Esq.  
155 North Wacker Drive  
Chicago, Illinois 60606-7120  
(312) 407-0700

- and –

MCGUIREWOODS LLP

_/s/ Douglas M. Foley_____  
Dion W. Hayes (VSB No. 34304)  
Douglas M. Foley (VSB No. 34364)  
One James Center  
901 E. Cary Street  
Richmond, Virginia 23219  
(804) 775-1000

Counsel for Debtors and Debtors in Possession

\9790159.3