Gregg M. Galardi, Esq.         Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.        Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                      One James Center
One Rodney Square              901 E. Cary Street
PO Box 636                     Richmond, Virginia 23219
Wilmington, Delaware 19899-0636  (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
            Debtors.           :   Jointly Administered
- - - - - - - - - - - - - - - x

      **DEBTORS' OBJECTION TO CLAIM OF PANASONIC**
   **CORPORATION OF NORTH AMERICA (CLAIM NO. 1254)**

        The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors")[1]

---

[1]   The Debtors and the last four digits of their respective taxpayer
      identification numbers are as follows: Circuit City Stores, Inc.
      (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN,
      Inc. (0875), Ventoux International, Inc. (1838), Circuit City
      Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC

                                              *(cont'd)*

hereby object to claim no 1254 filed by Panasonic

Corporation of North America (the "Objection"), and move

this Court, pursuant to sections 105 and 503(b)(9) of

title 11 of the United States Code, 11 U.S.C. §§ 101 et

seq. (as amended, the "Bankruptcy Code"), Rule 3007 of

the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Local Bankruptcy Rule 3007-1 for

entry of an order, the proposed form of which is

attached hereto, reclassifying such claim to a general

unsecured non-priority claim.  In support of this

Objection, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider

this Objection under 28 U.S.C. §§ 157 and 1334.  This is

a core proceeding under 28 U.S.C. § 157(b).  Venue of

---

*(cont'd from previous page)*

Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), PRAHS, INC. (n/a), XSStuff, LLC (9263),
Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics,
LLC (3360), and Circuit City Stores PR, LLC (5512).  The address
for Circuit City Stores West Coast, Inc. is 9250 Sheridan
Boulevard, Westminster, Colorado 80031.  For all other Debtors,
the address is 4951 Lake Brook Drive, Glen Allen, VA 23060.

these cases and this Objection in this district is
proper under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory and legal predicates for
the relief requested herein are Bankruptcy Code sections
105 and 503(b)(9), Bankruptcy Rule 3007 and Local
Bankruptcy Rule 3007-1.

**BACKGROUND**

**A.   General Case Background.**

1.   On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy
Code.

2.   On November 12, 2008, the Office of the
United States Trustee for the Eastern District of
Virginia appointed a statutory committee of unsecured
creditors (the "Creditors' Committee").  To date, no
trustee or examiner has been appointed in these chapter
11 cases.

3.   On January 16, 2009, the Court authorized
the Debtors, among other things, to conduct going out of
business sales at the Debtors' remaining 567 stores
pursuant to an agency agreement (the "Agency Agreement")

between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining stores.  The going out of business sales concluded on or about March 8, 2009.

**B.    The Panasonic Claim.**

4.   Circuit City Stores, Inc. ("Circuit City") and Panasonic Consumer Electronics Company, a division of Panasonic Corporation of North America ("Panasonic") are parties to a consignment agreement, dated March 8, 2006 and amended February 2008 (the "Consignment Agreement").  A copy of the Consignment Agreement is attached hereto as Exhibit A.

5.   Pursuant to the Consignment Agreement, Panasonic agreed to provide certain goods to Circuit City on a consignment basis ("Consigned Goods").  As further described in Section 4 of the Consignment Agreement, Consigned Goods were physically delivered to Circuit City's warehouses and stores.  While Circuit City received the goods upon delivery to its warehouses and stores, the Consignment Agreement provided that

Panasonic retained title to the Consigned Goods until the time that Circuit City sold the Consigned Goods to customers.  At the time of sale, title to the sold Consigned Goods passes to Circuit City and then to the customer as part of a simultaneous transaction.  <u>See</u> Consignment Agreement, § 1(b).

6.   On December 17, 2008, Panasonic filed the a claim -- numbered 1254 -- pursuant to Bankruptcy Code section 503(b)(9) in the amount of $9,334,327.43 ("Claim No. 1254" or the "Panasonic Claim"), allegedly based on certain of the Consigned Goods sold to the Debtors' during the 20 day period prior to the Petition Date.  A true and correct copy of Claim No. 1254 is attached hereto as <u>Exhibit B</u>.

7.   With respect to Claim No. 1254, Panasonic contends that the Consigned Goods were received by Circuit City during the 20 day period prior to the Petition Date.  Specifically, Claim No. 1254 states that:

> Under the Consignment Agreement, '[t]itle to the Consigned Products . . . shall remain in Panasonic until such time as the products are sold by Circuit City to its customers . . . At the point of sale to

5

> Customers, <u>title</u> to the Consigned Products
> first shall pass to Circuit City and then
> to the Customer as part of a simultaneous
> transaction.'  Therefore, for the purposes
> of section 503(b)(9) of the Bankruptcy
> Code, the Consigned Products were
> '<u>received by</u>' <u>and</u> '<u>sold to</u>' Circuit City
> at the time that Circuit City <u>sold</u> the
> Consigned Products to its Customers.

<u>See</u> Claim No. 1254, Attachment to 503(b)(9) Proof of

Administrative Expense of Panasonic Corporation of North

America (emphasis added).[2]  Thus, Panasonic is focusing

on date title to the Consigned Goods transferred to

Circuit City, as opposed to the date Circuit City

physically received the goods, for purposes of

determining when the Debtors' "received" such goods.

Consequently, even if the Consigned Goods were

physically received by the Debtors outside of the

twenty-day period prior to the Petition Date, Panasonic

contends the Claim is entitled to administrative

priority.

8.  Finally, although Panasonic filed the

Claim, Panasonic did not make a reclamation demand upon

---

[2]   Additionally, Panasonic attached a "Bill of Lading" to Claim No.
1254, but the Bill of Lading did not provide any specifics
concerning the goods shipped.

Circuit City under Bankruptcy Code section 546(c) on

account of the Consigned Goods.

### RELIEF REQUESTED

9.   By this Objection, the Debtors seek entry

of an order reclassifying the Panasonic Claim to a

general unsecured non-priority claim.

### BASIS FOR RELIEF

10.   Currently, the Debtors are engaged in a

thorough review of all claims filed against their

estates, including administrative expense claims, to

determine the validity of such claims.  As part of this

process, the Debtors are diligently reviewing claims

filed pursuant to Bankruptcy Code section 503(b)(9).

11.   After reviewing the Panasonic Claim, its

supporting documentation, and the Debtors' books and

records, the Debtors have determined that the Panasonic

Claim does not satisfy the requirements of Bankruptcy

Code section 503(b)(9).  Specifically, Panasonic has

failed to meet its burden under section 503(b)(9) to

demonstrate that the Consigned Goods upon which it bases

its alleged section 503(b)(9) claims were "received" by

Circuit City during the twenty-day period prior to the

Petition Date.  Therefore, Panasonic has failed to establish a valid section 503(b)(9) claim.  Accordingly, the Panasonic Claim should be reclassified in its entirety as a general unsecured non-priority claim.

**APPLICABLE AUTHORITY**

**I.   PANASONIC HAS THE BURDEN TO DEMONSTRATE THAT IT HAS SATISFIED ALL ELEMENTS OF SECTION 503(B)(9) WITH RESPECT TO THE PANASONIC CLAIM.**

12.   Courts in the Fourth Circuit have repeatedly held that the claimant has the burden of proof on all elements of an administrative expense claim.  See, e.g., Ford Motor Credit Co. v. Dobbins, 35 F.3d 860, 866 (4th Cir. 1994) (quoting In re Mid Region Petroleum, Inc., 1 F.3d 1130, 1132 (10th Cir. 1993)) ("the party claiming entitlement to administrative expense priority [under § 503(b)] has the burden of proof"); see also In re Wetco Rest. Group, LLC, No. 07-51169, 2008 WL 1848779, *4 (Bankr. W.D. La. Apr. 23, 2008) (the claimant has the "burden to establish that the value of the 20-Day Goods qualifies for administrative expense treatment under section 503(b)(9)"). In evaluating administrative expense claim requests, court should remain mindful that "[t]he

presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among the creditors."  Ford Motor Credit Co. v. Dobbins, 35 F.3d at 865 (quoting In re James B. Downing & Co., 94 B.R. 515, 519 (Bankr. N.D. Ill. 1988)); see also City of White Plains v. A&S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.), 270 F.3d 994, 1000 (6th Cir. 2001).  Thus, this Court should interpret section 503(b)(9) narrowly and in accordance with its plain meaning.  See Hartford Underwriters Ins. Co. v. Union Planters Bank, 530 U.S. 1, 6, (2000) "Congress says in a statute is what it means and means in a statute what it says there." (internal quotations omitted)); In re NVR, LP, 189 F.3d 442, 457 (4th Cir. 1999) (holding that the Bankruptcy Code must be interpreted in accordance with its plain meaning using the ordinary understanding of words); In re Amireh, 2008 WL 52706, *4 (Bankr. E.D. Va. 2008) ("The court will not expand the reach of the statute beyond the language chosen by Congress.").

13.  Here, Panasonic contends that the Claim is entitled to administrative expense priority under Bankruptcy Code section 503(b)(9), which provides:

> (b) After notice and a hearing, there
> shall be allowed administrative expenses,
> . . . including . . .
>
>> (9) the value of any goods <u>received</u>
>> by the debtor within 20 days before
>> the date of commencement of a case
>> under this title in which the goods
>> have been sold to the debtor in the
>> ordinary course of such debtor's
>> business.

11 U.S.C. § 503(b)(9) (emphasis added).

14.   Therefore, in order to meet its burden of proof with respect to Claim No. 1254, Panasonic must establish, among other things, that the Consigned Goods upon which the claim is based were "received" by the Debtors during the twenty-day period prior to the Petition Date.

15.   As discussed below, Panasonic cannot meet its burden because it has provided no evidence that the Consigned Goods were <u>physically</u> received by the Debtors within the twenty-day period prior to the Petition Date, as required by section 503(b)(9).   Consequently, the Panasonic Claim should be reclassified in its entirety as a general unsecured non-priority claim.

II.   **PANASONIC HAS FAILED TO ESTABLISH THAT THE
      CONSIGNED GOODS WERE "RECEIVED" DURING THE TWENTY-
      DAY PERIOD PRIOR TO THE PETITION DATE.**

16.   As set forth above, Bankruptcy Code
section 503(b)(9) provides administrative expense
priority treatment to claims for "the value of any goods
<u>received</u> by the debtor within 20 days before the date of
commencement of a case . . . ." 11 U.S.C. § 503(b)(9)
(emphasis added).  While the Bankruptcy Code does not
define the term "received," courts that have interpreted
the meaning of "received" have adopted the Uniform
Commercial Code's (the "U.C.C.") definition of
"receipt".  <u>See</u> <u>In re Pridgen</u>, 2008 WL 1836950 at *4
(Bankr. E.D.N.C., Apr. 22, 2008); <u>see also</u> <u>In re
Plastech Engineered Products, Inc.</u>, 2008 WL 5233014 at
*4 (Bankr. E.D. Mich. Oct. 7, 2008) (discussing <u>Pridgen</u>
and indicating in dictum that existence of section
503(b)(9) claim turned on whether debtor or its agent
had "received" goods by taking "actual physical
possession").

17.   The Virginia U.C.C. defines "receipt" of
goods as "taking physical possession of them."  Va. Code
Ann. § 8.2-103(1)(c).  In interpreting the identical

11

definition in the North Carolina U.C.C. in the context
of a consignment agreement, the Pridgen court's holding
and analysis are instructive.

18.   In Pridgen, a gasoline vendor contracted
with the debtor/dealer to sell his product and then
invoiced the debtor once the gasoline had been dispensed
to consumers.  The parties acknowledged that title to
the gasoline did not transfer to the debtor until the
gasoline was sold to consumers, which, in that instance,
was within 20-days of the petition date.  On these
facts, the Pridgen court held that the claimant had not
met its burden of proof because section 503(b)(9) is not
dependent on transfer of ownership, but rather physical
"receipt" of goods by the debtor.  In re Pridgen, 2008
WL 1836950 at *1-4.  Accordingly, the claimant was not
entitled to a claim under Bankruptcy Code section
503(b)(9).  Id.

19.   Additionally, courts have also interpreted
"receipt" in the context of section 546(c) -- which
governs reclamation -- to mean physical receipt of the
goods.  See, e.g., In re R.F. Cunningham & Co, Inc., 2006
Bankr. LEXIS 3650, at *6 (Bankr. E.D.N.Y. Dec. 21, 2006)

(noting that "receipt" is defined as taking physical
possession of goods and that a buyer does not have
physical possession of goods while they are in transit);
see also Montello Oil Corp. v. Marin Motor Oil, Inc. (In
re Marin Motor Oil, Inc.), 740 F.2d 220, 225-226 (3d Cir.
1984) (holding that receipt, within the meaning of 11
U.S.C. § 546(c) requires physical possession and is not
satisfied by mere transfer of title or risk of loss).  As
this Court well knows, similar words used in the same
statute should be interpreted similarly.  See, e.g.,
Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469,
478-49 (1992) (citing general canon of construction that
counsels a similar interpretation of similar terms in the
same statute); see also Sullivan v. Stroop, 496 U.S. 478k
484 (1990) ("[I]dentical words used in different parts of
the same statute are intended to have the same meaning").
This is especially true in these circumstances because
section 503(b)(9) was passed as part amendments to
section 546(c).  See Bankruptcy Abuse Prevention and
Consumer Protection Act of 2005, section 1227; see also
Kenneth N. Klee, Chapter 11 Business Reorganizations: The
Bankruptcy Abuse Prevention and Consumer Protection Act
of 2005 – Business Bankruptcy Amendments, Course No.
SK092 ALI-ABA Course of Study Materials (2005)(section
503(b)(9) "appears to be intended to allow certain

sellers that do not properly seek reclamation in accordance with section 546(c) to have an administrative expense claim for the value of such goods.").

20.  Moreover, the express language of the Consignment Agreement supports the conclusion that "received" means physical receipt of the Consigned Goods. Specifically, the Consignment Agreement provides that "Upon receipt of the Consigned Goods from Panasonic's carrier, Circuit City will issue a Confirmation Report detailing the quantity of products received at the applicable Distribution Center or other location." Consignment Agreement, § 4(b).  In contrast, section 1(b) of the Consignment Agreement -- the section that addresses sale and transfer of title -- does not include either the word "receipt" or "received".  Thus, it follows that Circuit City and Panasonic separated the concepts of title transfer and receipt of goods.

21.  Notwithstanding authority to the contrary and the Consignment Agreement itself, Panasonic contends that physical receipt is irrelevant.  Instead, Panasonic contends the operative fact is title transfer.  Because title to any Consigned Goods did not transfer until

Circuit City sold such goods to its customers, Panasonic
contends that the Consigned Goods were not "received" by
Circuit City until the sale date.  Specifically, in the
attachment submitted in support of the Panasonic Claim,
Panasonic states that "for the purposes of section
503(b)(9) of the Bankruptcy Code, the Consigned Products
were 'received by' and 'sold to' Circuit City at the time
that Circuit City sold the Consigned Products to its
Customers."  See Claim No. 1254, Attachment to 503(b)(9)
Proof of Administrative Expense of Panasonic Corporation
of North America (emphasis added).

22.   Panasonic's contention is based on the
mistaken premise that the term "received" relates to the
transfer of title of the Consigned Goods from Panasonic
to Circuit City, instead of actual physical receipt.
Passage of title, however, is irrelevant with regard to
when goods are "received" for purposes of section
503(b)(9).  See Pridgen, 2008 WL 1836950 at *4; Plastech,
2008 WL 5233014 at *4.  Indeed, as discussed above, the
Consignment Agreement itself expressly differentiated
between the two concepts by using the words "title" and
"received" in different sections of the Consignment

15

Agreement, as well as in different contexts.  Compare,

Consignment Agreement § 1(b) (addressing title transfer),

with, Consignment Agreement § 4(b) (addressing receipt of

goods).

23.  Moreover, Panasonic has offered no

evidence that Circuit City took physical possession of

the Consigned Goods upon which the Panasonic Claim is

based within the twenty-day period prior to the Petition

Date.[3]  Consequently, Panasonic has failed to meet its

burden to establish the validity of its alleged section

503(b)(9) claim.

24.  Accordingly, the Panasonic Claim should be

reclassified in its entirety as a general unsecured non-

priority claim.

**RESERVATION OF RIGHTS**

25.  At this time, the Debtors have not

completed their review of the validity of all

claims/expenses filed against their estates, including

the Claim No. 1254 and all other claims asserted by

---

[3]   Paragraph 28 of the Consignment Agreement provides that the
Agreement shall be governed and controlled in all respects by the
laws of the Commonwealth of Virginia.

Panasonic.  To that end, the Debtors reserve the right to
further object to Claim No. 1254 and any and all claims,
whether or not the subject of this Objection, for
allowance, voting, and/or distribution purposes, and on
any other grounds.  Furthermore, the Debtors reserve the
right to modify, supplement and/or amend this Objection
as it pertains to any claim of Panasonic.

### NOTICE

26.  Notice of this Objection has been provided
to Panasonic and to parties-in-interest in accordance
with the Court's Order Pursuant to Bankruptcy Code
Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and
Local Bankruptcy Rules 2002-1 and 9013-1 Establishing
Certain Notice, Case Management and Administrative
Procedures (Docket No. 130) (the "Case Management
Order").  The Debtors submit that, under the
circumstances, no other or further notice need be given.

### WAIVER OF MEMORANDUM OF LAW

27.  Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Objection, the Debtors request that the

requirement that all motions be accompanied by a written

memorandum of law be waived.

### NO PRIOR RELIEF

28.  No previous request for the relief sought

herein has been made to this Court or any other court.

## CONCLUSIONS

WHEREFORE, the Debtors request the Court to enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      August 25, 2009

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for Debtors and Debtors
in Possession

## EXHIBIT A

**(Consignment Agreement)**

## EXHIBIT B

**(Panasonic Claim No. 1254)**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                          :   Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :   Case No. 08-35653 (KRH)
et al.,                         :
                                :
            Debtors.            :   Jointly Administered
- - - - - - - - - - - - - - X

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM OF
PANASONIC CORPORATION OF NORTH AMERICA (CLAIM NO. 1254)**

THIS MATTER having come before the Court on the

Debtors' Objection to Claim of Panasonic Corporation of

North America (Claim No. 1254) (the "Objection"); and it

appearing that due and proper notice and service of the

Objection as set forth therein was good and sufficient

1

and that no other further notice or service of the

Objection need be given; and the Court having reviewed

the Objection, Claim No. 1254, a response, if any, and

all related documents; and it appearing that the relief

requested on the Objection is in the best interest of

the Debtors, their estates and creditors and other

parties-in-interest; and after due deliberation thereon

good and sufficient cause exists for the granting of the

relief as set forth herein,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:**

1.     The Objection is SUSTAINED.

2.     Claim No. 1254 filed by Panasonic Corporation

of North America is reclassified in its entirety to a

general unsecured non-priority claims.

3.     The Debtors' rights to file additional

objections to Claim No. 1254 and any other claim of

Panasonic (filed or not) that have been or may be

asserted against the Debtors, and to seek reduction of

such claims on any valid basis are expressly preserved.

2

4.   This Court shall retain jurisdiction to hear

and determine all matters arising from or related to

implementation or interpretation of this Order.

Dated: Richmond, Virginia
       September _____, 2009


_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

3

_/s/ Douglas M. Foley_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors
and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

__/s/ Douglas M. Foley_____
Douglas M. Foley

4