## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., <u>et</u> <u>al</u>., | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE PLAN PROPONENTS UNDER BANKRUPTCY CODE
SECTIONS 105, 1125, 1126, AND 1128 AND BANKRUPTCY RULES 2002, 3017,
3018 AND 3020 FOR ORDER APPROVING (I) DISCLOSURE STATEMENT, (II)
NOTICE OF THE DISCLOSURE STATEMENT HEARING, (III) HEARING
DATE TO CONSIDER CONFIRMATION OF THE PLAN, (IV) PROCEDURES
FOR FILING OBJECTIONS TO PLAN, (V) VOTING AGENT AND
DEADLINES RELATED TO SOLICITATION AND CONFIRMATION, (VI)
PROCEDURES WITH RESPECT TO CERTAIN CLAIMS AND (VII)
SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN**

The debtors and debtors in possession in the above-captioned cases (the

"Debtors")[1] and the statutory committee of unsecured creditors (the "Creditors' Committee" and

together with the Debtors, the "Plan Proponents") hereby move (the "Motion") for an order (the

"Solicitation Procedures Order") approving (i) the Disclosure Statement  (the "Disclosure

Statement")[2] with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for the Debtors is 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060.

[2]   Capitalized terms not otherwise defined in this Motion have the meanings ascribed to them in the Disclosure Statement.

General Unsecured Claims (the "Plan"), (ii) notice of the Disclosure Statement Hearing (as

defined herein), (iii) a hearing date to consider confirmation of the Plan, (iv) procedures for

filing objections to confirmation of the Plan, (v) the voting agent and certain deadlines related to

solicitation and confirmation, (vi) procedures with respect to certain claims and (vii) procedures

for soliciting and tabulating votes on the Plan.  The Plan Proponents propose the following

solicitation schedule:

| **DATE** | **EVENT** |
|---|---|
| September 18, 2009 | Disclosure Statement Objection Deadline |
| September 22, 2009 | Disclosure Statement Hearing |
| September 22, 2009 | Voting Record Date |
| September 30, 2009 | Solicitation Mailing Date |
| September 30, 2009 | Deadline to Publish Confirmation Hearing Notice |
| October 20, 2009 | Deadline for Debtors to Object to Claims for Voting Purposes |
| November 5, 2009 | Exhibit Filing Deadline |
| November 10, 2009 | Voting Deadline |
| November 10, 2009 | Rule 3018(a) Motion Deadline |
| November 16, 2009 | Confirmation Objection Deadline |
| November 23, 2009 | Confirmation Hearing |

In support of this Motion, the Plan Proponents respectfully represent as follows:

## JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C.

§§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.        The statutory predicates for the relief requested herein are sections 105,

1125, 1126, and 1128 of chapter 11 of title 11 of the United Stated Code (the "Bankruptcy Code")

and rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

## BACKGROUND

### I.        THE BANKRUPTCY CASES.

3.        On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4.        The Debtors continue to manage and operate their businesses as debtors

in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.        On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed the Creditors' Committee.  To date, no trustee or examiner

has been appointed in these chapter 11 cases.

6.        On January 16, 2009, the Court authorized the Debtors, among other

things, to commence liquidation and conduct going out of business sales at the Debtors'

remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the

Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced

going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.

The going out of business sales concluded on or about March 8, 2009.

## II.      EVENTS LEADING TO THE CHAPTER 11 FILINGS

7.      Notwithstanding the Debtors' efforts prior to the Petition Date, the

Debtors were forced to commence the chapter 11 cases in an attempt to restore positive financial

performance and continue their turnaround efforts.  In large part, the chapter 11 filings were due

to three factors, all of which contributed to a liquidity crisis that prevented the Debtors from

completing their turnaround goals outside of formal proceedings:  (i) erosion of vendor

confidence; (ii) decreased liquidity; and (iii) a global economic crisis.

8.      Although the Debtors worked hard to preserve and, in some instances,

enhance vendor relations, their efforts did not instill the widespread vendor confidence the

Debtors needed.  Many of the Debtors' merchandise and other vendors altered their relationships

with the Debtors to the Debtors' detriment.  Specifically, various merchandise vendors restricted

the Debtors' available trade credit and reduced payment terms; in some instances, the Debtors'

terms were changed to cash in advance.  This factor alone significantly strained operations

because the Debtors found it more difficult to sustain adequate product inventory and other store

supply levels.

9.      More notably, the Debtors found themselves with additional liquidity

problems due to significantly decreased availability under their prepetition credit facility (the

"Prepetition Credit Facility"), which resulted from three distinct, but related factors.  First, to pay

vendors, the Debtors were forced to fund such payments, in part, through borrowings under the

Prepetition Credit Facility.  Second, because the Debtors were unable to purchase as much

inventory as they otherwise would have had vendors not restricted trade credit and terms, the

Debtors' availability under the Prepetition Credit Facility, which was calculated based on, among

other factors, inventory levels, decreased.  Third, in October 2008, the agent under the

Prepetition Credit Facility conducted a valuation of the Debtors' inventory.  Using the new

4

valuation, the calculation under the Prepetition Credit Facility resulted in further decreased availability.

10.     Faced with these circumstances, the Debtors also found that additional liquidity was not available through traditional channels, such as the credit markets.  This was due to the widespread liquidity crisis among all major banks and other lending institutions throughout the country.  Accordingly, the Debtors could not access additional liquidity from third party sources.

11.     Lastly, the Debtors found themselves – like all other businesses at that time – entrenched in the worst economic crisis since the Great Depression.  As fallouts from the mortgage crisis rippled through the United States economy, the Debtors witnessed firsthand the significant negative effects.  These effects have taken many forms, not the least of which was decreased customer traffic in stores.  During the months leading up to the Petition Date, consumers were increasingly concerned about rising unemployment and the general tightening of the credit markets, in which they were unable to borrow funds through credit cards, let alone home equity loans, to purchase household and other electronics products.  This credit crisis had a drastic effect on sales because 70% of the Company's sales were generated through credit card purchases.

12.     These external events, coupled with the Debtors' overall poor performance, necessitated further restructuring efforts, which the Debtors determined could only be accomplished under chapter 11 of the Bankruptcy Code.

A.     **The Plan of Liquidation.**

13.     Notwithstanding the Debtors' turnaround efforts since the Petition Date, the Debtors ultimately determined that liquidation offered the only feasible conclusion to the

chapter 11 cases.  Since Court approval of the Agency Agreement and the liquidation, the

Debtors have focused on liquidating their remaining assets, winding down their affairs and

formulating a plan of liquidation.  As a result of these efforts, the Debtors have sold substantially

all of their assets.

14.     The Plan is proposed jointly by the Plan Proponents.  The Plan provides

for the creation of a liquidating trust that will administer, liquidate and distribute all remaining

property of the Debtors, including certain causes of action not sold, transferred or otherwise

waived or released before the effective date of the Plan.  In particular, the Plan provides for the

transfer of all the assets of the Debtors and their estates to the liquidating trust, the dissolution of

the Debtors and the termination of all interests in the Debtors.  Thereafter, the liquidating trust

will make distributions to certain holders of administrative expense claims and priority claims

and to other claimholders.  The Plan further provides for the substantive consolidation of the

Debtors.

## RELIEF REQUESTED

15.     By this Motion, the Plan Proponents request, among other things, that the

Court enter the Solicitation Procedures Order, substantially in the form attached hereto as Exhibit

1, approving (i) the Disclosure Statement, (ii) notice of the Disclosure Statement Hearing, (iii) a

date for the Confirmation Hearing, (iv) procedures for filing objections to confirmation of the

Plan, (v) the voting agent and certain deadlines related to solicitation and confirmation, (vi)

procedures with respect to certain claims and (vii) procedures for soliciting and tabulating votes

on the Plan.

## I.     APPROVAL OF DISCLOSURE STATEMENT

16.     Bankruptcy Code section 1125(b) prohibits post-petition solicitation of a

reorganization or liquidation plan unless the plan proponents transmit the plan and "a written

disclosure statement approved, after notice and a hearing, by the court as containing adequate

information" to those persons whose votes are being solicited.  As previously stated, the Plan

Proponents filed their proposed Plan and related Disclosure Statement, and they seek to

commence solicitation of acceptances of the Plan.

        17.      The Plan Proponents request that the Court approve the Disclosure

Statement as providing adequate information within the meaning of Bankruptcy Code section

1125(a)(1).  Section 1125 defines "adequate information" as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtors and the
> condition of the debtor's books and records, that would enable a
> hypothetical reasonable investor typical of holders of claims or interests of
> the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  In examining the adequacy of the information contained in a disclosure

statement, a bankruptcy court has broad discretion.  See Texas Extrusion Corp. v. Lockheed

Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); In re Dakota Rail, 104

B.R. 138, 142 (Bankr. D. Minn. 1989) (court has "wide discretion to determine . . . whether a

disclosure statement contains adequate information without burdensome, unnecessary and

cumbersome detail").  Accordingly, the determination of whether a disclosure statement contains

adequate information is made on a case-by-case basis, focusing on the unique facts and

circumstances of each case.  In that regard, courts generally examine whether the disclosure

statement contains such information as:

- the circumstances that gave rise to the filing of the bankruptcy petition;
- a complete description of the available assets and their value;
- the anticipated future of the debtor;
- the source of the information provided in the disclosure statement;
- a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized other than those set forth in the disclosure statement;

- the condition and performance of the debtor while in chapter 11;

- information regarding claims against the estate;

- a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

- the accounting and valuation methods used to produce the financial information in the disclosure statement;

- information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

- a summary of the plan of reorganization (or liquidation);

- an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

- the collectibility of any accounts receivable;

- any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

- information relevant to the risks being taken by the creditors and interest holders;

- the actual or projected value that can be obtained from avoidable transfers;

- the existence, likelihood, and possible success of non-bankruptcy litigation;

- the tax consequences of the plan; and

- the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); see also In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (S.D.N.Y. 1995) (determination of whether a disclosure statement contains adequate information made on case-by-case basis).

18.    The Plan Proponents submit that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125.  The Disclosure Statement is both extensive and comprehensive and satisfies each of the informational items outlined in In re Scioto Valley Mortgage Co.  Indeed, the Disclosure Statement contains descriptions and summaries of, among other things, (i) the Plan,  (ii) the Debtors' history and prepetition capital structure, (iii) certain events leading to the commencement of the chapter 11 cases, (iv) the significant events during the chapter 11 cases,  (v) the claims asserted against the

Debtors' estates, (vi) various risk factors affecting the Plan and the Debtors' liquidation, (vii) a

liquidation analysis setting forth the estimated return that creditors would receive in a

hypothetical chapter 7 case, (viii) financial information and valuations relevant to creditors'

determinations of whether to accept or reject the Plan, (x) certain securities law and tax law

consequences of the Plan, and (xi) a disclaimer indicating that no statements or information

concerning the Debtors and their assets and securities are authorized other than those set forth in

the Disclosure Statement.

      19.      Moreover, the Disclosure Statement complies with the requirements of

Bankruptcy Rule 3016(c) by describing in specific and conspicuous bold language the provisions

of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under

the Bankruptcy Code and identifies the persons and entities that are subject to the releases and

injunctions.  Finally, the Plan and Disclosure Statement are jointly offered by Creditors'

Committee, as Plan Proponents, and, therefore, are acceptable to and supported by such

Committee.  Accordingly, the Plan Proponents submit that the Disclosure Statement contains

adequate information within the meaning of Bankruptcy Code section 1125 and should be

approved.

      20.      The Plan Proponents further request that the Court authorize them to (i)

make non-material changes to the Disclosure Statement and related documents (including the

exhibits thereto and to this Motion) and (ii) revise the Disclosure Statement and related

documents (including the exhibits thereto) to add further disclosure concerning events occurring

at or after the Disclosure Statement Hearing (as defined herein), before distributing it to each

person and entity in accordance with the terms of the proposed Solicitation Procedures Order.  If

so permitted, the Plan Proponents would submit copies to the Court of any changed pages,

blacklined to show the changes.

21.     In light of the nature and breadth of information provided by the

Disclosure Statement, the Plan Proponents also request that the Court find that, as far as the

Court has been made aware, (i) all material information regarding the Debtors, their respective

assets, affairs, and financial conditions, and the liquidation provided for under the Plan has been

set forth in the Disclosure Statement and the Debtors' public filings with the Securities and

Exchange Commission (or the exhibits or appendices thereto) before the date of the Disclosure

Statement Hearing, and that all such material information has been disclosed fully and

adequately thereby, and (ii) there is no material nonpublic information regarding the Debtors,

their respective assets, affairs, or financial conditions, or the liquidation provided for under the

Plan that has not been disclosed.

## II.    NOTICE OF DISCLOSURE STATEMENT HEARING

22.     The hearing to approve the Disclosure Statement (the "Disclosure

Statement Hearing") is scheduled for September 22, 2009 at 11:00 a.m. (Eastern).  To provide

notice of the date of the Disclosure Statement Hearing to creditors and parties in interest, on

August 24, 2009, the Plan Proponents filed and served the Notice of Hearing and Objection

Deadline Regarding Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit

City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee

of Creditors Holding General Unsecured Claims (Docket No. 4615) (the "Disclosure Statement

Hearing Notice").  The Disclosure Statement Hearing Notice provided notice of, among other

things, the following: (i) the filing of the Plan and the Disclosure Statement, (ii) the deadline and

procedures for filing objections to the Disclosure Statement, (iii) the time and date scheduled for

10

the Disclosure Statement Hearing and (iv) instructions for obtaining copies of the Plan and

Disclosure Statement.  In light of the nature of the relief requested, the Plan Proponents submit

that no other or further notice is necessary.[3]

## III.   CONFIRMATION HEARING

### A.   Confirmation Hearing Date

23.     Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the

disclosure statement, the court . . . may fix a date for the hearing on confirmation" of a plan.  By

this Motion, the Plan Proponents request that the Court set the hearing on confirmation of the

Plan (the "Confirmation Hearing")  for November 23, 2009 at 10:00 a.m. (Eastern), to be

continued at the Court's direction, if necessary (the "Confirmation Hearing Date").  The Plan

Proponents also request that the Court order that the Confirmation Hearing Date may be

continued from time to time by announcing the continuance in open court or otherwise, all

without further notice to parties in interest.

### B.   Confirmation Hearing Notice

24.     To provide notice of the Confirmation Hearing Date to creditors and

parties in interest, the Plan Proponents propose to use the form of notice attached hereto as

Exhibit 2 (the "Confirmation Hearing Notice").  The Confirmation Hearing Notice provides

notice of, among other things, the following: (i) approval of the Disclosure Statement, (ii) the

Confirmation Hearing Date, (iii) the deadline and procedures for filing Confirmation Objections

(as defined herein), (iv) the treatment of certain Disputed or Unliquidated Claims (as defined

---

[3]   Per the Disclosure Statement Hearing Notice, the deadline to object to the Disclosure Statement is September 18, 2009.  At a hearing on August 27, 2009, the Court granted the Debtors' Motion for Order Extending Objection Deadline to Disclosure Statement with Respect to Joint Plan of Liquidation of Circuit City Stores, Inc. and Its Affiliated Debtors and Debtors in Possession and Its Official Committee of Creditors Holding General Unsecured Claims Under Local Bankruptcy Rule 3016-1 (B) (Docket No. 4626) and approved September 18, 2009 as the deadline to object to the Disclosure Statement (Docket No. 4660).

herein), including the deadline by which the Debtors must file objections to claims so as to

render such claims Disputed Claims which are temporarily disallowed for voting purposes, (v)

the deadline and procedures for filing 3018(a) Motions (as defined herein), (vi) the Record Date

(as defined herein), (vii) the Voting Deadline (as defined herein) for receipt of Ballots (as

defined herein) and (viii) the proposed release, injunction and exculpation under the Plan.

25.     The Plan Proponents request that the Court approve of the Confirmation

Hearing Notice in substantially the form attached hereto as Exhibit 2.

## IV.     PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION

26.     Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of

a plan must be filed and served "within a time fixed by the court."  The Plan Proponents request

under this Rule that the Court set November 16, 2009 at 4:00 p.m. (Eastern) (the "Confirmation

Objection Deadline") as the last date and time for filing and serving objections to the

confirmation of the Plan ("Confirmation Objections").  As set forth below, the Plan Proponents

propose to send, or cause to be sent in the manner described below, the Solicitation Packages (as

defined herein) and other notices on or before September 30, 2009.  Accordingly, the

Confirmation Objection Deadline allows more than 47 days from the date the Solicitation

Packages and other notices are sent during which to file Confirmation Objections.

27.     The Plan Proponents request that the Court direct that Confirmation

Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local

Bankruptcy Rules for the Eastern District of Virginia, (iii) set forth the name of the objector and

the nature and amount of any claim or interest asserted by the objector against or in the Debtors,

their estates, or their property, (iv) state with particularity the legal and factual bases for the

objection, (v) be filed with the Bankruptcy Court together with proof of service, (vi) be

submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens and

(vii) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u>

no later than the Confirmation Objection Deadline, by the following (collectively, the "Notice

Parties"):

<u>The Debtors</u>

If by first-class mail:

Circuit City Stores, Inc.
P.O. Box 5695
Glen Allen, VA 23058-5695
(Attn: Michelle Mosier)

If by overnight delivery or personal service:

Circuit City Stores, Inc.
4951 Lake Brook Drive
Suite #500
Glen Allen, VA 23060
(Attn: Michelle Mosier)

<u>Counsel For The Debtors</u>

If by first-class mail:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-636
(Attn: Gregg M. Galardi and Ian S. Fredericks)

If by overnight delivery or personal service:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

and

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606

(Attn: Chris L. Dickerson and Jessica S. Kumar)

and

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Counsel For The Creditors' Committee

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

and

Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

and

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

The Plan Proponents request that only timely filed and served written Confirmation Objections

be considered and that Confirmation Objections not timely filed and served in the manner

described above be stricken.

V.      **APPROVAL OF VOTING AGENT AND DEADLINES RELATED TO
SOLICITATION AND CONFIRMATION**

A.      **Voting Agent**

28.      This Court has previously entered an order (Docket No. 108) approving

the Debtors' retention of Kurtzman Carson Consultants, LLC ("KCC" or the "Voting Agent") as

claims, noticing and balloting agent of the Court pursuant to Bankruptcy Code section 156(c).

Consistent with that order, the Plan Proponents propose to utilize the Voting Agent as the

solicitation and noticing agent to assist the Plan Proponents in mailing Solicitation Packages and

notices, receiving and tabulating Ballots cast on the Plan, and certifying to the Court the results

of balloting.  The Plan Proponents request that the Court confirm the authority of the Voting

Agent to perform such services.

B.      **Record Date**

29.      The Plan Proponents request that this Court exercise its authority under

Rule 3018(a) of the Bankruptcy Rules to fix September 22, 2009 as the record date (the "Record

Date") for determining (i) creditors and interest holders entitled to receive Solicitation Packages

and other notices and (ii) creditors entitled to vote to accept or reject the Plan.  For clarity, and to

ensure there is no confusion as a result of last-minute claims trading activity, the Plan Proponents

request that the Court order that the proper holder of a docketed proof of claim or scheduled

claim be determined by reference to the Voting Agent's claims register, as may be modified by

Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m.

(Eastern) on September 22, 2009, and that only those registered holders of claims as reflected on

the docket together with the Voting Agent's database on the Record Date be entitled to vote.

The holders of any claims filed after the Record Date would not be entitled to vote.  The

transferees of any claims for which Notices of Transfer have been filed after the Record Date

would likewise not be entitled to vote.

### C.    Solicitation Mailing Deadline

30.    The Plan Proponents request that the Court set September 30, 2009 (the

"Solicitation Mailing Deadline") as the date by which the Voting Agent must mail Solicitation

Packages and other notices to the persons identified by the Record Date, as provided herein.  The

Plan Proponents maintain that, by establishing September 30, 2009 as the Solicitation Mailing

Deadline, the Court will ensure that all known or readily identifiable parties in interest receive

substantially more than 25-days notice of the Confirmation Objection Deadline – the minimum

required by Bankruptcy Rule 2002 – and that persons entitled to vote to accept or reject the Plan

as identified by the Record Date will be sent Ballots 40 days prior to the proposed Voting

Deadline.

### D.    Voting Deadline

31.    Bankruptcy Rule 3017(c) requires the Court to fix a time within which

holders of claims and interests may vote to accept or reject the Plan.  Accordingly, the Plan

Proponents request that the Court set November 10, 2009, at 4:00 p.m. (Eastern) (the "Voting

Deadline") as the last date and time by which Ballots (as defined herein) for accepting or

rejecting the Plan must be received by the Voting Agent to be counted.  As discussed above, the

Plan Proponents propose to send, or cause to be sent in the manner described below, the

Solicitation Packages on or before September 30, 2009.  Accordingly, the proposed Voting

Deadline would be at least 40 days after the Solicitation Packages and other notices are sent to

holders of claims entitled to vote on the Plan.  The Plan Proponents propose that to be counted,

Ballots must be returned to and received by the Voting Agent on or before the Voting Deadline

by (i) mail, (ii) overnight delivery, or (iii) hand delivery.  Furthermore, the Plan Proponents

propose that any Ballot submitted by electronic or facsimile transmission <u>not</u> be counted.

## VI.    APPROVAL OF CERTAIN PROCEDURES WITH RESPECT TO DISPUTED AND UNLIQUIDATED CLAIMS

### A.    Temporary Allowance Of Claims For Voting Purposes

32.    Bankruptcy Rule 3018(a) provides, in relevant part, that,

"notwithstanding objection to a claim or interest, the court after notice and hearing may

temporarily allow the claim or interest in an amount which the court deems proper for the

purpose of accepting or rejecting a plan."  The Plan Proponents request that the Court, pursuant

to Bankruptcy Code section 105(a)(d)(2), (a) fix November 10, 2009 (the "Rule 3018(a) Motion

Deadline") as the deadline for the filing and serving of motions under Bankruptcy Rule 3018(a)

("Rule 3018(a) Motion(s)") requesting temporary allowance of a movant's claim for purposes of

voting and (b) require that such a motion be filed with the Clerk of the Court and served on the

Notice Parties in the manner set forth for Confirmation Objections so as to be <u>received</u> not later

than 4:00 p.m. (Eastern) on the Rule 3018(a) Motion Deadline.  The Plan Proponents propose

that the Court consider only those Rule 3018(a) Motions that have been timely filed and served

in accordance with the provisions of this paragraph and Motion.

33.    The Plan Proponents propose that any party timely filing and serving a

Rule 3018(a) Motion be provided a Ballot upon request to the Voting Agent and be permitted to

cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Plan Proponents

and such a party are unable to resolve the issues raised by the Rule 3018(a) Motion before the

Voting Deadline, then on the Confirmation Hearing Date the Court shall determine whether the

provisional Ballot should be counted as a vote on the Plan.  Such a procedure will help ensure

that an efficient and accurate tabulation of Ballots will be completed by the Confirmation

Hearing Date. Moreover, setting the Confirmation Hearing Date as the date for the hearing on Rule 3018(a) Motions also permits the Court to avoid holding separate hearings on such motions. Nothing in these procedures is intended to affect the Debtors' right to object to any proof of claim (or interest).

34.     The Plan Proponents will make an effort to consensually resolve any request to have a claim temporarily allowed for voting purposes. Accordingly, the Confirmation Hearing Notice, the Notice of Non-Voting Status (as defined herein), and the Notice of Changed Voting Status (as defined herein), will encourage holders of claims who disagree with the Debtors' classification of, or objection to, their claims and believe that they should be entitled to vote on the Plan to contact Debtors' counsel to discuss their request. However, in the event that the parties are not able to reach a consensual resolution, the Plan Proponents request that the Court approve the procedures set forth above with respect to Rule 3018(a) Motions.

**B.     Procedures With Respect To Disputed Claims**

35.     The Plan Proponents propose that the Solicitation Procedures Order provide, under Bankruptcy Code section 105(a), that any holder of a claim, as defined in Bankruptcy Code section 101(5), to which the Debtors have filed or file an objection by October 20, 2009 seeking to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the "Disputed Claims"), not be entitled to vote on the Plan and not be counted in determining whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed for voting purposes or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim.

18

36.     The Debtors have filed and may file objections requesting the Court to modify claims in amount or classification.  The Plan Proponents further propose that the Solicitation Procedures Order provide that any holder of a claim to which the Debtors have filed or, before October 20, 2009, file a request to modify or reclassify be allowed to vote in the amount or with the class set forth in the objection.

### C.     Procedures With Respect To Unliquidated Claims

37.     The Plan Proponents further propose that the Solicitation Procedures Order provide that for any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled to vote on the Plan (such claims, the "Unliquidated Claims"), the Unliquidated Claim be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

### D.     Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or Unliquidated

38.     Bankruptcy Rule 3003(c)(2) provides in relevant part that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a [timely] proof of claim or interest" and that "any creditor who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  The Plan Proponents request that the Court direct, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), that any

holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and

Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the

subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii)

a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting

Deadline, should not be treated as a creditor or equity security holder with respect to such claim

or interest for purposes of voting on or objecting to the Plan.

## VII.    APPROVAL OF SOLICITATION PROCEDURES

### A.    Content And General Transmittal Of Solicitation Package

39.    Pursuant to Bankruptcy Rule 3017, the Plan Proponents propose to

transmit or cause to be transmitted on or before the Solicitation Mailing Date, to the persons

listed below, subject to the limitations contained therein and elsewhere in this Motion, by United

States mail, first-class postage prepaid, or by hand or by overnight courier, a "Solicitation

Package" containing a copy or conformed printed version of:

- the Confirmation Hearing Notice;

- the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit 4</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

- a CD-ROM containing the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto; and

- to the extent appropriate, and at the discretion of the Plan Proponents, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.[4]

---

[4]   Form W-9s, with instructions, will be included in the Solicitation Packages for completion by creditors to eliminate the need to pursue completed forms prior to distribution to holders of allowed claims.  For the avoidance of doubt, receipt of a form W-9, however, does not guarantee in any way that a creditor will be eligible for a distribution under the Plan.  Indeed a claim must first be allowed in accordance with the Plan prior to being eligible for any distribution.

The Plan Proponents propose that the Solicitation Package will be sent to: (i) the United States

Trustee, (ii) the Securities and Exchange Commission, (iii) the Internal Revenue Service  and (iv)

creditors holding claims in a class designated as impaired and entitled to vote on the Plan.

**B.      Ballots**

40.      The Plan Proponents also request that the Court approve the Ballots for

voting on the Plan in substantially the forms attached collectively hereto as <u>Exhibit 3</u> (the

"Ballots").  Bankruptcy Rule 3017(d) requires the Plan Proponents to mail a form of Ballot,

which substantially conforms to Official Form No. 14, only to "creditors and equity security

holders entitled to vote on the plan."   The Plan Proponents propose to distribute the Ballots to

creditors in Classes 3 and 4 whose votes are to be solicited.  The forms for the Ballots are based

on Official Form No. 14 but have been modified to address the particular aspects of these chapter

11 cases and to include certain additional information that the Plan Proponents believe to be

relevant and appropriate for each class of claims entitled to vote on the Plan.  All Ballots would

be accompanied by a Solicitation Package and by a pre-addressed, postage prepaid return

envelope addressed to the Voting Agent.

**C.      Unimpaired Creditors**

41.      Under the Plan, certain classes of claims are unimpaired as defined in

Bankruptcy Code section 1124 (the "Unimpaired Creditors").  Under Bankruptcy Code section

1126(f), the Unimpaired Creditors are conclusively presumed to have accepted the Plan, and

solicitation of votes from these creditors is not required.  Under the Plan, holders of claims in

Class 1 (Miscellaneous Secured Claims) and Class 2 (Non-Tax Priority Claims) are deemed

Unimpaired Creditors and are, therefore, conclusively presumed to accept the Plan.  Accordingly,

solicitation of votes with respect to these classes of claims is not required and holders of claims

in these classes need not receive Ballots.

42.    In lieu of a Ballot, the Plan Proponents propose to mail to the

Unimpaired Creditors the Confirmation Hearing Notice and a notice, substantially in the form of

Exhibit 4 attached hereto (the "Unimpaired Creditor Notice"), that gives (i) notice to the

Unimpaired Creditor of his, her or its presumed acceptance of the Plan, (ii) notice of the filing of

the Plan, (iii) notice of the specific Plan provisions with respect to Unimpaired Creditors, (iv)

instructions regarding the various ways to obtain and view copies of the Disclosure Statement

and Plan and other documents, including a link to the Voting Agent's website, which contains

links to all of the documents contained in the Solicitation Package, (v) information regarding the

Confirmation Hearing and (vi) detailed directions for filing Confirmation Objections.

**D.    Classes Deemed To Reject**

43.    Under the Plan, certain classes of claims are impaired as defined in

Bankruptcy Code section 1124 and will not receive or retain any property under the Plan (the

"Non-Voting Creditors").  Under Bankruptcy Code section 1126(g), the Non-Voting Creditors

are deemed to have rejected the Plan, and solicitation of votes from these creditors is not

required.  Under the Plan, holders of claims and interests in Class 5 (Intercompany Claims),

Class 6 (Subordinated 510(c) Claims), Class 7 (Subordinated 510(b) Claims) and Class 8

(Interests) are deemed Non-Voting Creditors and are, therefore, deemed to reject the Plan.

Accordingly, solicitation of votes with respect to these classes of claims and interests is not

required and holders of claims and interests in these classes need not receive Ballots.

44.    In lieu of a Ballot, the Plan Proponents propose to mail to Non-Voting

Creditors the Confirmation Hearing Notice and a notice, substantially in the form attached hereto

as Exhibit  5 (the "Notice of Non-Voting Status"), that gives (i) notice of the creditor's non-

22

voting status, (ii) notice of the filing of the Plan, (iii) notice of the specific Plan provisions with respect to such creditors' non-voting status, (iv) instructions regarding the various ways to obtain and view copies of the Disclosure Statement and Plan and other documents, including a link to the Voting Agent's website, which contains links to all of the documents contained in the Solicitation Package, (v) information regarding the Confirmation Hearing and (vi) detailed directions for filing Confirmation Objections.

### E.    Disputed Claims

45.    As set forth above, with respect to a holder of a Disputed Claim who would otherwise be entitled to vote on account of such claim, the Plan Proponents propose that such Disputed Claim be disallowed in its entirety for voting purposes, subject to the right of its holder to file a Rule 3018(a) Motion.  In lieu of a Ballot, the Plan Proponents propose to mail to holders of such Disputed Claims who would otherwise be entitled to vote the Confirmation Notice and the Notice of Non-Voting Status.  The Notice of Non-Voting Status will notify holders of Disputed Claims of the Rule 3018(a) Motion Deadline and the procedures for filing Rule 3018(a) Motions.

### F.    Change of Voting Status

46.    As set forth above, the Debtors may file objections to disallow a claim after the Solicitation Mailing Date, and on or prior to October 20, 2009, thereby rendering a claim a Disputed Claim.  Such holders of newly-Disputed Claims will have already been sent a Solicitation Package.  In addition, the Plan Proponents propose to provide such holders with a notice, substantially in the form attached hereto as Exhibit 6  (the "Notice of Changed Voting Status"), that provides (i) notice of the claimant's change in voting status on account of an objection filed after the Solicitation Mailing Date, (ii) notice of such claimant's right to file a Rule 3018(a) Motion to temporarily allow the Disputed Claim for voting purposes and (iii)

instructions regarding the various ways to obtain and view copies of the Disclosure Statement

and Plan and other documents, including a link to the Voting Agent's website, which contains

links to all of the documents contained in the Solicitation Package.

###### G.      Unliquidated Claims

47.      As set forth above, with respect to a holder of an Unliquidated Claim

who would otherwise be entitled to vote on account of such claim, the Plan Proponents propose

that such Unliquidated Claim be allowed temporarily for voting purposes only, and not for

purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if

the entire claim is reflected as unliquidated, then the claim will be counted for purposes of

determining whether a sufficient number of the allowed claims in the corresponding class has

voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00,

subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.  All holders

of Unliquidated Claims who are otherwise entitled to vote will accordingly receive a Solicitation

Package, including the Ballot appropriate to their class marked in the amount of the liquidated

portion of their claim, if any, or $1.00.

###### H.      Other Voting Procedures

(1)      When No Notice Or Transmittal Necessary

48.      The Plan Proponents propose that Solicitation Packages and other

notices not be sent to creditors whose claims already have been paid in full or that are authorized

to be paid in full in the ordinary course of business pursuant to orders entered by this Court or

the terms of the Plan.

49.      Because sending Solicitation Packages and other notices to outdated or

otherwise improper addresses results in needless expense, the Plan Proponents also request

authority not to give notice or service of any kind upon any person or entity to which the Plan

Proponents mailed a Disclosure Statement Hearing Notice and received such notice returned by

the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding

address," "forwarding order expired," or with a similar reason for return of the notice, unless the

Debtors have been informed in writing by that person or entity of the person's or entity's new

address.

(2) <u>Procedures For Vote Tabulation</u>

50. Bankruptcy Code section 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by
> creditors, other than any entity designated under subsection (e) of this
> section, that hold at least two-thirds in amount and more than one-half in
> number of the allowed claims of such class held by creditors, other than
> any entity designated under subsection (e) of this section, that have
> accepted or rejected the plan.

51. To avoid uncertainty, to provide guidance to the Plan Proponents and the

Voting Agent and to avoid the potential for inconsistent results, the Plan Proponents request

under Bankruptcy Code section 105(a) that the Court establish the guidelines set forth below for

tabulating votes to accept or reject the Plan.

52. <u>Votes Counted</u>.  The Plan Proponents propose that any timely received

Ballot that contains sufficient information to permit the identification of the claimant and is cast

as an acceptance or rejection of the Plan be counted and be deemed to be cast as an acceptance or

rejection, as the case may be, of the Plan.  The foregoing general procedures will be subject to

the following clarifications and exceptions:

(1) If a claim is subject to a potential avoidance action, this action
will not, by itself, cause the claim to lose the benefit of deemed
allowance with respect to voting on the Plan;

(2) If a claim for which a proof of claim has been filed is marked as
unliquidated or partially unliquidated, the claim is temporarily
allowed for voting purposes only, and not for purposes of
allowance or distribution, for that portion of the claim that is not

unliquidated, or, if the entire claim is reflected as unliquidated, in the amount of $1.00;

(3)    If a claim is a Disputed Claim for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline, the claim is temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution; and

(4)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

53.    <u>Votes Not Counted</u>.  The Plan Proponents further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(1)    Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

(2)    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(3)    Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(4)    Any Ballot submitted by facsimile transmission or other electronic means of transmission;

(5)    Any unsigned Ballot;

(6)    Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(7)    Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

(8)    Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline.

54.     The Plan Proponents believe that the foregoing proposed procedures provide for a fair and equitable voting process.  As mentioned above, if any creditor seeks to challenge the allowance of its claim for voting purposes, the Plan Proponents request that the Court direct the creditor to serve on the Notice Parties and file with the Court a Rule 3018(a) Motion seeking temporary allowance of such claim in a different amount for purposes of voting to accept or reject the Plan by the Rule 3018(a) Motion Deadline.  The Plan Proponents further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, the creditor's Ballot not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

(3)     Changing Votes

55.     Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim before the Voting Deadline, the Plan Proponents request that the latest dated Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any prior Ballots.  However, the Plan Proponents request that when an ambiguity exists as to which Ballot was the latest mailed, the Voting Agent has the right to contact the creditor and calculate the vote according to the voter's stated intent.  This procedure would be without prejudice to the Plan Proponents' right to object to the validity of the subsequent Ballot on any basis permitted by law and, if the objection is sustained, to count the prior Ballot for all purposes.  This procedure of counting the latest Ballot is consistent with practice under various state and federal corporate and securities laws.  Moreover, it would spare the Court and the Plan Proponents the time and expense of responding to motions brought pursuant to Bankruptcy Rule 3018(a) and attempting to show cause for changing votes.

27

(4)      Withdrawal of Ballots

56.      The Plan Proponents further request that a party who has delivered a

valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or

rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the

Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the

claims to which it relates, including, at a minimum, the claim number from the Voting Agent's

claim register and the aggregate principal amount represented by such claim(s), (ii) be signed by

the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a

certification that the withdrawing party owns the claims and possesses the right to withdraw the

vote sought to be withdrawn.  The Plan Proponents intend to consult with the Voting Agent to

determine whether any withdrawals of Ballots were received and whether the requisite

acceptances of the Plan have been received.  The Plan Proponents expressly reserve the absolute

right to contest the validity of any such withdrawals of Ballots.  Unless otherwise directed by the

Bankruptcy Court, a purported notice of withdrawal of Ballots which is not received in a timely

manner by the Voting Agent will not be effective to withdraw a previously cast Ballot.

(5)      No Vote Splitting; Effect

57.      The Plan Proponents propose that the Court clarify that claim splitting is

not permitted and order that creditors who vote must vote all their claims either to accept or to

reject the Plan.

**I.      Filing of Plan Exhibits**

58.      The Plan Proponents will file all exhibits to the Plan (the "Exhibits") that

are not otherwise already attached to the Plan (as filed with the Court) on or before November 5,

2009 (the "Exhibit Filing Deadline").  After the Exhibit Filing Deadline, copies of Exhibits to the

Plan and Appendices to the Disclosure Statement will be available in accordance with the

procedures set forth in paragraph 60 herein, and the Plan Proponents request that the Court order

that the Plan Proponents not be required to effect further service of the Plan Exhibits.

### J.      Supplemental Notice Of Confirmation Hearing

59.      To ensure proper notice of the Confirmation Hearing, the Plan

Proponents propose to send the Confirmation Hearing Notice to parties to executory contracts

and unexpired leases, if any, which parties are not currently "creditors" as defined in Bankruptcy

Code section 101(10).  In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice

by publication if it finds that notice by mail is impracticable or that it is desirable to supplement

notice."  Because of the large number of parties in interest in these chapter 11 cases, the Plan

Proponents propose to publish a publication version of the Confirmation Hearing Notice (the

"Confirmation Hearing Publication Notice") on or before September 30, 2009 in the Wall Street

Journal (Global Edition), the New York Times and the Richmond Times Dispatch.  The Plan

Proponents believe that publication of this notice will give sufficient notice of the Confirmation

Hearing to persons and entities which do not otherwise receive notice by mail as provided for in

the Solicitation Procedures Order.

### K.      Copies And Review Of Documents

60.      Copies of the Plan and Disclosure Statement (including after the Exhibit

Filing Date all exhibits, schedules, and appendices) are publicly available by accessing the

Debtors' case information website at http://www.kccllc.net/circuitcity, and may also be obtained

upon reasonable written request from the Voting Agent, Kurtzman Carson Consultants, LLC,

2335 Alaska Avenue, El Segundo, CA 90245, Attn: Circuit City Stores, Inc., et al.

### NOTICE

61.      Notice of this Motion will be given to those parties entitled to notice

under this Court's Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules

2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice,

Case Management, and Administrative Procedures (D.I. 130).

       62.     In addition, the Plan Proponents have provided notice of the Disclosure

Statement Hearing by means of the Disclosure Statement Hearing Notice to all parties in interest,

as set forth above.  The Plan Proponents will provide notice of the Confirmation Hearing and

other solicitation procedures as set forth above, including by publishing the Confirmation

Hearing Publication Notice.  In light of the nature of the relief requested, the Plan Proponents

submit that no other or further notice is necessary.

### WAIVER OF MEMORANDUM OF LAW

       63.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion and all applicable authority is set forth in the Motion,

the Plan Proponents request that the requirement that all motions be accompanied by a separate

memorandum of law be waived.

### NO PRIOR REQUEST

       64.     No previous request for the relief sought herein has been made to this

Court or any other court.

## CONCLUSION

WHEREFORE the Plan Proponents respectfully request that the Court (a) enter

an order substantially in the form of <u>Exhibit 1</u> attached hereto and (b) grant such other and

further relief as may be just and proper.

Dated:   August 28, 2009
          Richmond, Virginia


PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

– and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner          .
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219


Counsel for the Creditors' Committee


SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

MCGUIREWOODS LLP

/s/ Douglas M. Foley          .
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000


Counsel for Debtors and Debtors in Possession

**EXHIBIT 1**

**(Solicitation Procedures Order without Exhibits)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :          Chapter 11
                                              :
Circuit City Stores, Inc., et al.,            :          Case No. 08-35653 (KRH)
                                              :
                              Debtors.        :          (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) NOTICE OF THE
DISCLOSURE STATEMENT HEARING, (III) HEARING DATE TO CONSIDER
CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR FILING OBJECTIONS
TO PLAN, (V) VOTING AGENT AND DEADLINES RELATED TO SOLICITATION
AND CONFIRMATION, (VI) PROCEDURES WITH RESPECT TO CERTAIN CLAIMS
AND (VII) SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the motion (the "Motion")[1] of the Debtors and the statutory committee of

unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan

Proponents") for entry of an order approving (i) the Disclosure Statement  (the "Disclosure

Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its

Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding

General Unsecured Claims (the "Plan"), (ii) notice of the Disclosure Statement Hearing, (iii) a

hearing date to consider confirmation of the Plan, (iv) procedures for filing objections to

confirmation of the Plan, (v) the voting agent and certain deadlines related to solicitation and

confirmation, (vi) procedures with respect to certain claims and (vii) procedures for soliciting

and tabulating votes on the Plan; and the Court having reviewed and considered (i) the

Disclosure Statement, (ii) the Motion, (iii) the adequacy of notice, and (iv) the evidence

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proffered or adduced at the Disclosure Statement Hearing; and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as follows:

A. The Disclosure Statement complies with the requirements of title 11 of the United States Code (the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and contains adequate information as that term is defined in Bankruptcy Code section 1125. Specifically, but without limitation, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.

B. Nothing has come to the attention of the Court to suggest that (i) all material information regarding the Debtors, their respective assets, affairs, and financial condition, and the liquidation provided for under the Plan has not been set forth in the Disclosure Statement and the Debtors' public filings with the Securities and Exchange Commission before the date hereof (or the exhibits or appendices thereto), or that all such material information has not been disclosed fully and adequately thereby, or (ii) there is material nonpublic information regarding the Debtors, their respective assets, affairs, or financial conditions, or the liquidation provided for under the Plan that has not been disclosed.

C. The Plan Proponents' notice to all parties in interest of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement was good and sufficient under the particular circumstances and no other or further notice need be given.

D. The Plan Proponents' proposed solicitation schedule, as set forth below, is fair and reasonable:

2

| DATE | EVENT |
|---|---|
| September 18, 2009 | Disclosure Statement Objection Deadline |
| September 22, 2009 | Disclosure Statement Hearing |
| September 22, 2009 | Voting Record Date |
| September 30, 2009 | Solicitation Mailing Date |
| September 30, 2009 | Deadline to Publish Confirmation Hearing Notice |
| October 20, 2009 | Deadline for Debtors to Object to Claims for Voting Purposes |
| November 5, 2009 | Exhibit Filing Deadline |
| November 10, 2009 | Voting Deadline |
| November 10, 2009 | Rule 3018(a) Motion Deadline |
| November 16, 2009 | Confirmation Objection Deadline |
| November 23, 2009 | Confirmation Hearing |

E.     The Plan Proponents' proposed solicitation procedures, as described more fully in the Motion, are fair and reasonable.

F.     The Plan Proponents' proposed procedures with respect to Disputed Claims, Unliquidated Claims and claims (a) that are either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that are not the subject of (i) timely-filed proofs of claim filed by the applicable Court-established bar date or (ii) proofs of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, as described more fully in the Motion, are fair and reasonable.

G.     The Plan Proponents' proposed procedures for transmitting the Disclosure Statement, the Plan, the Ballots, and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

3

H.      Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the establishment of the Record Date as September 22, 2009.

I.      Good and sufficient cause exists under Bankruptcy Rule 3017(c) for the establishment of the Voting Deadline as November 10, 2009.

J.      Upon the record of the Disclosure Statement Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties in interest.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Notice of the Disclosure Statement Hearing was properly and timely given and was sufficient.  No further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement.

3.      Approval Of Disclosure Statement.  Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement (Docket No. 4614) is approved as containing adequate information within the meaning of Bankruptcy Code section 1125(a).

4.      The Plan Proponents are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto and to the Motion) and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; provided, however, that the Plan Proponents shall file copies with the Court of any changed pages blacklined to show such changes.

5.      <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the

Plan (the "Confirmation Hearing"), as the same may be further modified or amended, shall

commence on November 23, 2009 (the "Confirmation Hearing Date"), at 10:00 a.m. (Eastern),

or as soon thereafter as counsel can be heard, before the undersigned United States Bankruptcy

Judge, in the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad

Street, Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from

time to time by announcing such adjournment in open court or otherwise, all without further

notice to parties in interest.

6.      <u>Confirmation Hearing Notice</u>.  The form of notice of the Confirmation

Hearing and the Confirmation Objection Deadline (the "Confirmation Hearing Notice") annexed

hereto as <u>Exhibit A</u> is approved and shall be included in the Solicitation Packages and mailed to

Unimpaired Creditors, Non-Voting Creditors and creditors holding Disputed Claims.  The

Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3)

and 3017(f) by including in conspicuous bold language a statement that the Plan proposes

releases, exculpations and injunctions against conduct not otherwise enjoined under the

Bankruptcy Code, describing briefly the nature of the releases, exculpations and injunctions,

identifying the persons and entities that are subject to the releases, exculpations and injunctions,

and providing those persons and entities that are not receiving Solicitation Packages with contact

information to obtain a copy of the Plan and Disclosure Statement.

7.      To supplement notice of the Confirmation Hearing, the Plan Proponents

shall transmit the Confirmation Hearing Notice to parties to executory contracts and unexpired

leases, which parties are not currently "creditors" as defined in Bankruptcy Code section 101(10).

In addition, the Plan Proponents shall give supplemental publication notice of the Confirmation

Hearing by causing the Confirmation Hearing Notice to be published before, or as soon as

5

practicable after September 30, 2009, but in any event not fewer than 25 days before the

Confirmation Hearing in the <u>Wall Street Journal</u> (Global Edition), the <u>New York Times</u> and the

<u>Richmond Times Dispatch</u>.  As to those persons and entities subject to the injunctions, and not

receiving a copy of <u>Exhibit A</u> as provided herein, notice by publication as set forth above is

sufficient notice as permitted by Bankruptcy Rule 2002(l).

   1. <u>Confirmation Objection Deadline</u>.  November 16, 2009 at 4:00 p.m.

(Eastern) (the "Confirmation Objection Deadline") is fixed as the last date and time for filing and

serving objections to confirmation of the Plan (the "Confirmation Objections").  Confirmation

Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local

Bankruptcy Rules for the Eastern District of Virginia, (iii) set forth the name of the objector and

the nature and amount of any claim or interest asserted by the objector against or in the Debtors,

their estates, or their property, (iv) state with particularity the legal and factual bases for the

objection, (v) be filed with the Bankruptcy Court together with proof of service, (vi) be

submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens and

(vii) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u>

no later than the Confirmation Objection Deadline, by the following (collectively, the "Notice

Parties"):

    <u>The Debtors</u>

    If by first-class mail:

    Circuit City Stores, Inc.
    P.O. Box 5695
    Glen Allen, VA 23058-5695
    (Attn: Michelle Mosier)

    If by overnight delivery or personal service:

    Circuit City Stores, Inc.
    4951 Lake Brook Drive

Suite #500
Glen Allen, VA 23060
(Attn: Michelle Mosier)

Counsel For The Debtors

If by first-class mail:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-636
(Attn: Gregg M. Galardi and Ian S. Fredericks)

If by overnight delivery or personal service:

Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
10th and King Streets, 7th Floor
Wilmington, DE 19801
(Attn: Gregg M. Galardi and Ian S. Fredericks)

and

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
(Attn: Chris L. Dickerson and Jessica S. Kumar)

and

McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
(Attn: Douglas M. Foley and Sarah B. Boehm)

Counsel For The Creditors' Committee

Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
(Attn: Jeffrey N. Pomerantz and Stanley E. Goldich)

and

Pachulski Stang Ziehl & Jones, LLP

7

780 Third Avenue, 36th Floor
New York, NY 10017
(Attn: Robert J. Feinstein)

and

Tavenner & Beran, PLC
20 N. Eighth Street, Second Floor
Richmond, VA 23219
(Attn: Lynn L. Tavenner and Paula S. Beran)

The United States Trustee

701 East Broad Street, Suite 4304
Richmond, VA 23219
(Attn: Robert B. Van Arsdale)

Confirmation Objections not timely filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.

8.    Voting Agent.  Kurtzman Carson Consultants, LLC (the "Voting Agent") is authorized to be Debtors' solicitation and noticing agent to assist the Plan Proponents in mailing Solicitation Packages and notices, receiving and tabulating Ballots cast on the Plan, and certifying to the Court the results of balloting.

9.    Record Date.  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), September 22, 2009 shall be the record date (the "Record Date") for purposes of determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan that are entitled to receive a Solicitation Package and to vote on the Plan.  Only those holders of claims on the Record Date in Classes 3 and 4 shall be entitled to vote or, with respect to the remaining classes, receive notice.

10.    Solicitation Mailing Date.  The Voting Agent shall mail Solicitation Packages and other notices to the persons identified by the Record Date on, or as soon as reasonably practicable after, September 30, 2009 (the "Solicitation Mailing Date").

8

11.    <u>Voting Deadline</u>.  Pursuant to Bankruptcy Rule 3017(c), November 10,

2009, at 4:00 p.m. (Eastern) (the "Voting Deadline") shall be the last date and time by which

Ballots for accepting or rejecting the Plan must be received by the Voting Agent to be counted.

Subject to paragraphs 24 and 25 below, to be counted, Ballots must be returned to and received

by the Voting Agent on or before the Voting Deadline by (i) mail, (ii) overnight delivery, or (iii)

hand delivery.  Any Ballot submitted by electronic or facsimile transmission will <u>not</u> be counted.

12.    <u>Rule 3018(a) Motions</u>.  The deadline for the filing and serving of motions

requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant

to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motion(s)") shall be 4:00 p.m. (Eastern) on

November 10, 2009 (the "Rule 3018(a) Motion Deadline").  Rule 3018(a) Motions shall be filed

with the Clerk of the Court and served on the Notice Parties in the manner set forth for

objections to the confirmation of the Plan.  Any party timely filing and serving a Rule 3018(a)

Motion shall be provided a provisional ballot upon request to the Voting Agent and be permitted

to cast a provisional vote to accept or reject the Plan.  If, and to extent that, the Plan Proponents

and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, then at the

Confirmation Hearing, the Court shall determine whether the provisional ballot should be

counted as a vote on the Plan.

13.    <u>Disputed Claims</u>.  Any holder of a claim, as defined in Bankruptcy Code

section 101(5), to which the Debtors have filed or file an objection by October 20, 2009 seeking

to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the

"Disputed Claims"), shall not be entitled to vote on the Plan and not be counted in determining

whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the

Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such

holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed

9

for voting purposes or (b) except to the extent that, on or before the Voting Deadline, the

objection to such claim has been withdrawn or resolved in favor of the creditor asserting the

claim.

14.    Any holder of a claim to which the Debtors have filed or file by October

20, 2009 an objection requesting the Court to modify claims either in (a) amount or (b) Plan class

shall be allowed to vote in the amount and class set forth in the Debtors' objection.  Solicitation

Packages shall be transmitted to the appropriate parties based upon the Debtors' records as of the

Record Date.

15.    <u>Unliquidated Claims</u>.  For any person or entity who filed a proof of claim

reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled

to vote on the Plan (such claims, the "Unliquidated Claims"), the Unliquidated Claim shall be

allowed temporarily for voting purposes only, and not for purposes of allowance or distribution,

for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as

unliquidated, then the claim will be counted for purposes of determining whether a sufficient

number of the allowed claims in the corresponding class has voted to accept the Plan, but the

allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder

to file a Rule 3018(a) Motion as set forth above.

16.    <u>Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or

Unliquidated</u>.  Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), any

holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and

Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the

subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii)

a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting

Deadline, shall not be treated as a creditor or equity security holder with respect to such claim or interest for purposes of voting on or objecting to the Plan.

17.    <u>Content And Transmittal Of Solicitation Packages</u>.  On or before September 30, 2009 (the "Solicitation Mailing Deadline"), the Plan Proponents shall cause Kurtzman Carson Consultants LLC (the "Voting Agent" or "KCC") to transmit by first class mail to the holders of claims entitled to vote in Class 3 and Class 4 as of the Record Date, a solicitation package containing a copy or conformed version of:

- the Confirmation Hearing Notice;

- the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope;

- a CD-ROM containing the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto; and

- to the extent appropriate, and at the discretion of the Plan Proponents, an Internal Revenue Service form W-9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's Ballot.

The Voting Agents shall transmit the Solicitation Package to: (i) the United States Trustee, (ii) the Securities and Exchange Commission, (iii) the Internal Revenue Service  and (iv) creditors holding claims in a class designated as impaired and entitled to vote on the Plan.

18.    <u>Ballots and Notices</u>.  The Plan Proponents' proposed forms of ballots (the "Ballots", in substantially the forms annexed to this order as <u>Exhibit B</u> (as may be specifically modified for particular classes of claims), are hereby approved for use in connection with the Plan Proponents' solicitation of votes to accept or reject the Plan.

19.    The Unimpaired Creditors in Classes 1 and 2 are conclusively presumed to have accepted the Plan and solicitation of votes from those Creditors is not required.  In lieu of a

Ballot, holders of claims in Class 1 and Class 2 shall be sent the Confirmation Hearing Notice and the Unimpaired Creditor Notice, substantially in the form of <u>Exhibit C</u> to this order.

20.      The Non-Voting Creditors in Classes 5, 6, 7 and 8 are conclusively presumed to have rejected the Plan and solicitation of votes from those creditors and interest holders shall not be required.  In lieu of a Ballot, holders of claims and interests in Classes 5, 6, 7 and 8, as well as holders of Disputed Claims, shall be sent the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form of <u>Exhibit D</u> to this order.

21.      The holders of claims in Classes 3 and 4 to which the Debtors file an objection seeking to disallow the claim after the Solicitation Mailing Date and on or prior to October 20, 2009, shall be sent the Notice of Changed Voting Status, substantially in the form of <u>Exhibit E</u> to this order.

22.      Service of all notices and documents described herein in the time and manner as set forth herein, including the service and publication of the Confirmation Hearing Notice and the Confirmation Hearing Publication Notice, as described in the Motion, shall be adequate and sufficient and no other or further notice will be necessary.

23.      <u>When No Notice or Transmittal Necessary</u>.  The Plan Proponents shall not be required to send Solicitation Packages to creditors whose claims already have been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or the terms of the Plan, but the Plan Proponents are authorized, in their sole discretion, to provide such parties with the Notice of Non-Voting Status attached hereto <u>Exhibit D</u>.  The Plan Proponents shall not be required to give notice or effectuate service of any kind upon any person or entity to which the Plan Proponents mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired,"

12

or a similar reason for return of the notice, unless the Debtors have been informed in writing by

that person or entity of the person's or entity's new address.

24.    <u>Procedures For Vote Tabulation</u>.  Any Ballot timely received by a

claimholder who is entitled to vote and that contains sufficient information to permit the

identification of the claimholder and is cast as an acceptance or rejection of the Plan shall be

counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the

Plan.  The foregoing general procedures will be subject to the following clarifications and

exceptions:

> (i)    If a claim is subject to a potential avoidance action, this action will not, by itself, cause the claim to lose the benefit of deemed allowance with respect to voting on the Plan;

> (ii)   If a claim for which a proof of claim has been filed is marked as unliquidated or partially unliquidated, the claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, in the amount of $1.00;

> (iii)  If a claim is a Disputed Claim for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline, the claim is temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution; and

> (iv)   If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

25.    The following ballots shall not be counted or considered for any purpose

in determining whether the Plan has been accepted or rejected:

> (i)    Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

> (ii)   Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

13

(iii)    Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(iv)    Any Ballot submitted by facsimile transmission or other electronic means of transmission;

(v)    Any unsigned Ballot;

(vi)    Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

(vii)    Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

(viii)    Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline.

26.    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim or interest before the Voting Deadline, the latest dated ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; provided, however, that where an ambiguity exists as to which ballot was the latest transmitted, the Voting Agent is permitted to contact the voting party and calculate the vote according to the party's stated intent.  The foregoing shall be without prejudice to the Plan Proponents' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

27.    Parties who have delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the claims to which it relates, including, at a minimum, the claim number from the Voting Agent's claim register and the aggregate principal amount represented by such claim(s), (ii) be signed by the withdrawing party in the same manner

14

as the ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns

the claims and possesses the right to withdraw the vote sought to be withdrawn.  The Plan

Proponents are permitted to consult with the Voting Agent to determine whether any

withdrawals of ballots were received and whether the requisite acceptances of the Plan have been

received.  The Plan Proponents shall have a right to contest the validity of any such withdrawals

of ballots.  A purported notice of withdrawal of ballots which is not received in a timely manner

by the Voting Agent will not be effective to withdraw a previously cast ballot.

28.      Vote splitting shall not be permitted and creditors who vote must vote all

their claims either to accept or reject the Plan.

29.      Plan Exhibits And Disclosure Statement Appendices Filing Deadline.  The

Plan Proponents shall file all exhibits and schedules to the Plan and appendices to the Disclosure

Statement with the Court on or before November 5, 2009 (the "Exhibit Filing Deadline").  After

the Exhibit Filing Deadline, copies of exhibits to the Plan and appendices to the Disclosure

Statement shall be available by accessing the Debtors' case information website at

http://www.kccllc.net/circuitcity, and may also be obtained upon reasonable written request from

the Voting Agent, Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA

90245, Attn: Circuit City Stores, Inc., et al., (888) 830-4650.  The Plan Proponents shall not be

required to serve the exhibits and schedules to the Plan and appendices to the Disclosure

Statement upon any of the parties in interest in these cases.

Dated:  Richmond, Virginia
_____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

– and –

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

TAVENNER & BERAN, PLC

/s/ Lynn L. Tavenner
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street, Second Floor
Richmond, Virginia 23219

Counsel for the Creditors' Committee


### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

17

**EXHIBIT A**

**(Confirmation Hearing Notice)**

# EXHIBIT B

## (Ballots)

**EXHIBIT C**

**(Unimpaired Creditor Notice)**

# EXHIBIT D

## (Notice of Non-Voting Status)

**EXHIBIT E**

**(Notice of Changed Voting Status)**

**EXHIBIT 2**

**(Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re:                                  :          Chapter 11
                                  :

Circuit City Stores, Inc., <u>et al</u>.,      :          Case No. 08-35653 (KRH)
                                  :

                        Debtors.   :          (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF**

**(1) APPROVAL OF DISCLOSURE STATEMENT;**
**(2) HEARING ON CONFIRMATION OF PLAN;**
**(3) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN;**
**(4) TREATMENT OF CERTAIN UNLIQUIDATED OR DISPUTED CLAIMS FOR NOTICE, VOTING, AND DISTRIBUTION PURPOSES;**
**(5) DEADLINE AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CERTAIN CLAIMS FOR VOTING PURPOSES;**
**(6) RECORD DATE;**
**(7) VOTING DEADLINE FOR RECEIPT OF BALLOTS; AND**
**(8) PROPOSED RELEASE, INJUNCTION AND EXCULPATION IN THE PLAN**

**TO ALL CREDITORS AND INTEREST HOLDERS OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATE DEBTORS:**

PLEASE TAKE NOTICE that the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") are soliciting votes on the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (as may be further amended or modified, the "Plan") from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

PLEASE TAKE FURTHER NOTICE that if the Plan is confirmed by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") the terms of the Plan will be binding on all holders of claims against, and all current and former holders of equity securities and other interests in, the Debtors.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Plan and providing, among other things, that:

1. <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219.  The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court.  The Plan may be further modified, if necessary, under 11 U.S.C. § 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

2. <u>Objections To Confirmation</u>.  **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline").  To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (f) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (g) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u> no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert J. Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled**.

3. <u>Record Date</u>.  **September 22, 2009** is the record date (the "Record Date") for determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan.  The proper holder of a docketed proof of claim or scheduled claim will be determined by reference to the claims register of the Voting Agent (as defined herein), as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF), at 11:59 p.m. (Eastern) on September 22, 2009, and only those registered holders of claims as reflected on the docket together with the Voting Agent's database on the Record Date will be entitled to vote.  Therefore, (i) the holders of any claims filed and (ii) the transferees of any claims for which Notices of Transfer have been filed after the Record Date will not be entitled to vote.

4. <u>Voting Deadline</u>.  If you hold a claim against the Debtors as of the Record Date, and are entitled to vote to accept or reject the Plan, you have received this Notice with a ballot form and voting instructions appropriate for your claim.  For your vote to be counted, ballots must be completed, executed, and <u>RECEIVED</u> by **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Voting Deadline") by Kurtzman Carson Consultants, LLC (the "Voting Agent") at:

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

Ballots may **NOT** be cast by facsimile transmission or other electronic means.  **Ballots that are not received by the Voting Deadline will not be counted.**

5. <u>Treatment Of Certain Claims</u>. Any holder of a claim that is unimpaired under the Plan is deemed to have accepted the Plan and is not entitled to vote on the Plan.  Holders of claims in Class 1 and Class 2 are unimpaired and their votes will not be solicited.

Any holder of a claim or interest that is impaired and who will not receive or retain any property on account of such claim or interest under the Plan is deemed to have rejected the Plan and is not entitled to vote on the Plan.  Holders of Claims and interests in Classes 5, 6, 7 and 8 are impaired and will no receive or retain any property under the Plan and their votes will not be solicited.

Any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Debtors' schedules of assets and liabilities, or any amendment thereof (the "Schedules") at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, will not be treated as a creditor with respect to the claim for purposes of (i) receiving notices regarding, or distributions under, the Plan or (ii) voting on the Plan.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed by an order of the Bankruptcy Court and (b) to which the Debtors have filed an objection to disallow the claim by October 20, 2009, which objection has not been resolved, will have its claim temporarily disallowed for purposes of voting on the Plan, subject to the right of the holder to file a Rule 3018(a) Motion (as defined herein), as set forth below.  The Debtors are required to file an objection to a claim on or prior to October 20, 2009 for such objection to have the effect of disallowing such claim for voting purposes.

Any holder of a claim who is otherwise entitled to vote on the Plan and (a) which is the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court and (b) to which the Debtors have filed an objection to modify the claim in amount or classification by October 20, 2009, which objection has not been resolved, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, in the amount or with the class set forth in the objection.

Any holder of a claim who is otherwise entitled to vote on the Plan and who filed against the Debtors a proof of claim reflecting a claim or portion of a claim that is unliquidated, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is liquidated and no amount shall be allocated for voting purposes on account of the unliquidated portion. Fully unliquidated claims shall be counted for purposes of determining whether a sufficient number of the allowed claims in the applicable class has voted to accept the Plan, but the allowed amount of the fully unliquidated claim shall be $1.00 for voting purposes, subject to the right of the holder to file a Rule 3018(a) Motion, as set forth below.

6. <u>Temporary Allowance Of Claims</u>.  If you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent to obtain a ballot and file the ballot by the Voting Deadline and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.

7.  Release Injunction and Exculpation in the Plan.  The Plan provides for certain releases, injunctions and exculpations of certain parties.  The text of the release, injunction and exculpation provisions of the Plan are set forth below.

(i) Release.  Article X.C. of the Plan states that, "As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors (in their individual capacities and as debtors and debtors in possession) will be deemed to release forever, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities (other than the rights of the Debtors to enforce this Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or part on any act omission, transaction, event, or other occurrences (i) taking place on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, and that could have been asserted by or on behalf of the Debtors or their Estates, including pursuant to principles of substantive consolidation, piercing the corporate veil, alter ego, domination, constructive trust and similar principles of state or federal creditors' rights laws, in any such case, against the Released Parties."  The Released Parties include (i) the directors and officers of the Debtors as of the Petition Date and up to and through the Effective Date, (ii) any member of the Creditors' Committee, solely in its capacity as a member of the Creditors' Committee and not in any other capacity, and (iii) any of the representatives, agents, officers, directors, employees, professionals, advisors or attorneys of the foregoing or of the Debtors.

(ii) Injunction.  Article X.D. of the Plan further states that "Except as otherwise provided in the Plan, including, but not limited to, as set forth in Article VI.H.2, the Confirmation Order shall provide, among other things, that from and after the Effective Date all Persons who have held, hold or may hold Claims against or Interests in the Debtors are permanently enjoined from taking any of the following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee, or any of their property on account of any such Claims or Interests:  (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors, except as set forth in Article VI.H.2. of the Plan; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan or the Confirmation Order."

(iii) Exculpation.  Article X.G. of the Plan provides that "the Debtors, the Liquidating Trustee, the Liquidating Trust, the Creditors' Committee, the members of the Creditors' Committee, solely in their capacity as such, and any of the foregoing parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, cause of action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code Section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent,

4

matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claimholder or Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring (i) on or after the Petition Date through and including the Effective Date in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of confirmation of the Plan or any prior plans of reorganization, the consummation of the Plan, the administration of the Plan, or the property to be liquidated and/or distributed under the Plan or (ii) in connection with, relating to, or arising out of the Initial Store Closings and/or the negotiation of the DIP Agreements or the DIP Facility, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan."

> **You Are Advised To Carefully Review And Consider The Plan As Your Rights Might Be Affected.**

8. <u>Information And Documents</u>. Copies of the Disclosure Statement, the Plan, and any exhibits thereto are publicly available along with the docket and other case information by accessing the Voting Agent's website at http://www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request, from the Voting Agent at the address set forth above.

Dated:   ____, 2009
        Richmond, Virginia

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Richard M. Pachulski, Esq. | Gregg M. Galardi, Esq. |
| Jeffrey N. Pomerantz, Esq. | Ian S. Fredericks, Esq. |
| Stanley E. Goldich, Esq. | P.O. Box 636 |
| 10100 Santa Monica Boulevard, 11th Floor | Wilmington, Delaware 19899-0636 |
| Los Angeles, California 90067-4100 | (302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Robert J. Feinstein, Esq. | Chris L. Dickerson, Esq. |
| 780 Third Avenue, 36th Floor | 155 North Wacker Drive |
| New York, NY 10017-2024 | Chicago, Illinois 60606 |
| | (312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____ | _____ |
| Lynn L. Tavenner, Esq. (VSB No. 30083) | Dion W. Hayes (VSB No. 34304) |
| Paula S. Beran, Esq. (VSB No. 34679) | Douglas Foley (VSB No. 34364) |
| 20 North Eighth Street | One James Center |
| Second Floor | 901 E. Cary Street |
| Richmond, Virginia 23219 | Richmond, Virginia 23219 |
| | (804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

# EXHIBIT 3

## (Ballots)

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Circuit City Stores, Inc., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS

### (Class 3 Convenience Claims)

On August 24, 2009, Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the statutory committee of general unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and the disclosure statement (the "Disclosure Statement") with respect thereto.

On [●], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (i) approved the Disclosure Statement and (ii) authorized the Plan Proponents to solicit votes on the Plan. Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

This ballot (the "Ballot") is being sent to all holders of Class 3 Convenience Claims who are entitled to vote for their use in voting to accept or reject the Plan. The Plan is described in the Disclosure Statement which accompanies this Ballot. Before you transmit your votes, please review the Disclosure Statement carefully, particularly the voting procedures described in Section II and Section XIII.

To have your vote count, you must complete and return this Ballot in the manner specified such that it is RECEIVED by the Voting Agent (as defined herein) on or before the Voting Deadline (as defined herein).

**Please read and follow the attached instructions carefully.
Please return your Ballot in the envelope provided.**

**The Voting Deadline is November 10, 2009 at 4:00 P.M. (Eastern Time)**

---

### IMPORTANT

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**Your claim has been placed in Class 3 under the Plan. If you hold claims in another class, you will receive a Ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the instructions attached to this Ballot on completing and returning your Ballot. The Voting Deadline by which your Ballot must be _received_ by the Voting Agent is _4:00 p.m. (Eastern time) on November 10, 2009_. If your Ballot is not received by the Voting Deadline, it will _not_ be counted. The Voting Agent will not accept Ballots by electronic or facsimile transmission.**

**If you have any questions, contact Kurtzman Carson Consultants, LLC (the "Voting Agent") at (888) 830-4650.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

**CLASS 3 CONVENIENCE CLAIMS**

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.   Vote On Plan. (Please check one.)**   The undersigned, the holder of an unpaid Class 3 Convenience Claim against the Debtors,

ACCEPTS (votes FOR) the Plan.

REJECTS (votes AGAINST) the Plan.

**Item 2.   Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on September 22, 2009 it was the holder of the Class 3 Convenience Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, and (c) it has received a copy of the Disclosure Statement (including the appendices thereto) and other materials (collectively, the "Solicitation Package") and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

Name Of Voter:_____

(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

Signature:_____

Name Of Signatory:_____

(If Other Than Voter)

Title:_____

Address: _____

_____

_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS 3 CONVENIENCE CLAIMS**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting the votes of certain of the Debtors' creditors on their proposed Plan, described in and annexed as Appendix A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**To complete the Ballot properly, take the following steps:**

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  Review Item 2 carefully and provide the requested information.

(d)  Sign and date your Ballot.  Your signature is required in order for your vote to be counted.  You are also requested to provide your social security number or Tax I.D. number prior to receiving any distribution.  If the Class 3 Convenience Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If the Class 3 Convenience Claim is held by a corporation, the Ballot must be executed by an authorized officer of such corporation.

(e)  If you believe that you have received the wrong Ballot, please immediately contact the Voting Agent, Kurtzman Carson Consultants, LLC, at (888) 830-4650.

(f)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

(g)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(h)  Return your Ballot using the enclosed return envelope.

**Please mail your ballot promptly to:**

**Circuit City Stores, Inc., et al.**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**If you have any questions regarding this Ballot or the voting procedures, please call the Voting Agent,**
**Kurtzman Carson Consultants, LLC, promptly at (888) 830-4650.**

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.  You will be deemed to have voted the full amount of your claim in your vote.  You must vote all your claims within a single class to either accept or reject the Plan.  **A Ballot that partially rejects and partially accepts the Plan will not be counted.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address printed on the enclosed pre-addressed postage-paid envelope and set forth above.  **Unsigned Ballots will not be counted.**

Ballots must be received by the Voting Agent at the address set forth above, by 4:00 p.m. (Eastern time) on November 10, 2009 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**

Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors or financial or legal advisor of the Debtors.  **Ballots not received by the Voting Agent will be null and void and will not be counted.**

**CLASS 3 CONVENIENCE CLAIMS**

**No Person Has Been Authorized To Give Any Information Or Advice, Or To Make
Any Representation, Other Than What Is Contained In The Materials Mailed With
This Ballot Or Other Materials Authorized By The Court**

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS

### (Class 4 General Unsecured Claims)

On August 24, 2009, Circuit City Stores, Inc. ("Circuit City") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the statutory committee of general unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan") and the disclosure statement (the "Disclosure Statement") with respect thereto.

On [●], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (i) approved the Disclosure Statement and (ii) authorized the Plan Proponents to solicit votes on the Plan. Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on creditors and interest holders if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of the allowed claims in each class of claims entitled to vote on the Plan that actually vote on the Plan. If any class of claims or interests rejects the Plan or is deemed to reject the Plan, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the classes rejecting it, and otherwise satisfies the requirements of 11 U.S.C. § 1129(b).

This ballot (the "Ballot") is being sent to all holders of Class 4 General Unsecured Claims who are entitled to vote for their use in voting to accept or reject the Plan. The Plan is described in the Disclosure Statement which accompanies this Ballot. Before you transmit your votes, please review the Disclosure Statement carefully, particularly the voting procedures described in Section II and Section XIII.

To have your vote count, you must complete and return this Ballot in the manner specified such that it is <u>RECEIVED</u> by the Voting Agent (as defined herein) on or before the Voting Deadline (as defined herein).

**Please read and follow the attached instructions carefully.
Please return your Ballot in the envelope provided.**

**The Voting Deadline is November 10, 2009 at 4:00 P.M. (Eastern Time)**

---

### IMPORTANT

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**Your claim has been placed in Class 4 under the Plan. If you hold claims in another class, you will receive a Ballot for each class in which you are entitled to vote.**

**Please read carefully and follow the instructions attached to this Ballot on completing and returning your Ballot. The Voting Deadline by which your Ballot must be** *received* **by the Voting Agent is** *4:00 p.m. (Eastern time) on November 10, 2009*. **If your Ballot is not received by the Voting Deadline, it will** *not* **be counted. The Voting Agent will not accept Ballots by electronic or facsimile transmission.**

**If you have any questions, contact Kurtzman Carson Consultants, LLC (the "Voting Agent") at (888) 830-4650.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

You may receive multiple mailings containing Ballots.  You should vote each Ballot that you receive for all of the claims that you hold.

**Item 1.  Vote On Plan. (Please check one.)**  The undersigned, the holder of an unpaid Class 4 General Unsecured Claim against the Debtors,

ACCEPTS (votes FOR) the Plan.

REJECTS (votes AGAINST) the Plan.

If you choose to REJECT the Plan, please skip to Item 3.

**Item 2.  Election to Change Classification to Convenience Class.  (Optional)**  If the undersigned chose to accept the Plan, then by checking the box below, the undersigned may elect to (i) reduce its Class 4 General Unsecured Claim to $1,000, (ii) have such Class 4 General Unsecured Claim treated as a Class 3 Convenience Claim for all purposes (including voting and distribution) and (iii) receive Cash in an amount equal to $100, as set forth in the Plan.  **This election, once made, is irrevocable.**

The undersigned, the holder of a Class 4 General Unsecured Claim in the unpaid amount indicated above,

ELECTS to  (i) reduce its Class 4 General Unsecured Claim to $1,000, (ii) have such Class 4 General Unsecured Claim treated as a Class 3 Convenience Claim for all purposes (including voting and distribution) and (iii) receive Cash in an amount equal to $100, as set forth in the Plan.

**Item 3.  Certification.**  By signing this Ballot, the undersigned hereby certifies that: (a) on September 22, 2009 it was the holder of the Class 4 General Unsecured Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, and (c) it has received a copy of the Disclosure Statement (including the appendices thereto) and other materials (collectively, the "Solicitation Package") and understands that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan.

Name Of Voter:_____
(Print Or Type)

Social Security Or Federal Tax I.D. No.:_____

Signature:_____

Name Of Signatory:_____
(If Other Than Voter)

Title:_____

Address: _____

_____

_____

Date Signed:_____

If your address or contact information has changed, please note the new information here:

**CLASS 4 GENERAL UNSECURED CLAIMS**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Plan Proponents are soliciting the votes of certain of the Debtors' creditors on their proposed Plan, described in and annexed as Appendix A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you return this Ballot.  Unless otherwise defined, capitalized terms used herein and in the Ballot have the meanings ascribed to them in the Plan.

**To complete the Ballot properly, take the following steps:**

(a)  Insert the amount of your claim in Item 1, unless an amount already appears on your Ballot.

(b)  Cast your vote either to accept or to reject the Plan by checking the proper box in Item 1.  Ballots that are signed and returned, but not expressly voted to accept or reject the Plan, will not be counted.  A Ballot accepting or rejecting the Plan may not be revoked after the Voting Deadline.

(c)  If you choose to accept the Plan, choose whether you elect to reduce the amount of your unpaid Class 4 General Unsecured Claim as described in Item 2 and to have such reduced claim reclassified as a Class 3 Convenience Claim for all purposes (including voting and distribution) by checking the box in Item 2. This election, once made, is irrevocable.

(d)  Review Item 3 carefully and provide the requested information.

(e)  Sign and date your Ballot.  Your signature is required in order for your vote to be counted.  You are also requested to provide your social security number or Tax I.D. number prior to receiving any distribution.  If the Class 4 General Unsecured Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If the Class 4 General Unsecured Claim is held by a corporation, the Ballot must be executed by an authorized officer of such corporation.

(f)  If you believe that you have received the wrong Ballot, please immediately contact the Voting Agent, Kurtzman Carson Consultants, LLC, at (888) 830-4650.

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with that person or entity and the capacity in which you are signing.

(h)  Provide your name and mailing address if (i) different from the printed address that appears on the Ballot or (ii) no pre-printed address appears on the Ballot.

(i)  Return your Ballot using the enclosed return envelope.

**Please mail your ballot promptly to:**

**Circuit City Stores, Inc., et al.**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

**If you have any questions regarding this Ballot or the voting or election procedures, please call the Voting Agent,**
**Kurtzman Carson Consultants, LLC, promptly at (888) 830-4650.**

**This Ballot does *not* constitute and *will not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**

If your claim against the Debtors has been paid, do not return this Ballot or vote on the paid claim.

You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.  You will be deemed to have voted the full amount of your claim in your vote.  You must vote all your claims within a single class to either accept or reject the Plan.  **A Ballot that partially rejects and partially accepts the Plan will not be counted.**

To ensure your vote is counted, you must complete, sign, and return this Ballot to the address printed on the enclosed pre-addressed postage-paid envelope and set forth above.  **Unsigned Ballots will not be counted.**

Ballots must be received by the Voting Agent at the address set forth above, by 4:00 p.m. (Eastern time) on November 10, 2009 (the "Voting Deadline").  **If a Ballot is received after the Voting Deadline, it will not be counted.**

Except as otherwise provided herein, the delivery of a Ballot will be deemed made only when the original executed Ballot is actually received by the Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  **Delivery of a Ballot to the Voting Agent by facsimile, e-mail, or any other electronic means will not be valid.**  No Ballot should be sent to the Debtors

**CLASS 4 GENERAL UNSECURED CLAIMS**

or financial or legal advisor of the Debtors. **Ballots not received by the Voting Agent will be null and void and will not be counted.**

**CLASS 4 GENERAL UNSECURED CLAIMS**

**EXHIBIT 4**

**(Unimpaired Creditor Notice)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE TO UNIMPAIRED CREDITORS OF (I) FILING OF JOINT PLAN OF LIQUIDATION OF CIRCUIT CITY STORES, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ITS OFFICIAL COMMITTEE OF CREDITORS HOLDING GENERAL UNSECURED CLAIMS, (II) TREATMENT OF UNIMPAIRED CLAIMS UNDER PLAN, (III) HEARING ON CONFIRMATION OF PLAN, (IV) DEADLINE AND PROCEDURES FOR FILING OBJECTIONS THERETO AND (V) MEANS OF OBTAINING COPIES OF PLAN AND DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"),[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that holders of certain claims under the Plan are unimpaired as defined in section 1124 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Specifically, holders of claims in Class 1 (Miscellaneous Secured Claims) and Class 2 (Non-Tax Priority Claims) are unimpaired under the Plan (the "Unimpaired Claims"). Under the Solicitation Procedures Order, the Bankruptcy Code and the Plan, holders of Unimpaired Claims in Classes 1 and 2 are presumed to have accepted the Plan and are not entitled to vote on the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan provides with respect to the Unimpaired Claims that:

<u>Article III.B.1 – Class 1 Miscellaneous Secured Claims</u>. On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim or (b) the date that is ninety (90) days after the date on which such Miscellaneous Secured Claim becomes an Allowed Miscellaneous Secured Claim, a Holder of an Allowed Miscellaneous Secured Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for, such Allowed Miscellaneous Secured Claim, (i) Cash equal to the unpaid portion of such Allowed Miscellaneous Secured Claim, to be paid out of the Liquidating Trust, (ii) a return of the Holder's Collateral securing the Miscellaneous Secured Claim or (iii) such other treatment as to which

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing. Any Holder of a Miscellaneous Secured Claim shall retain its Lien in the Collateral or the proceeds of the Collateral (to the extent that such Collateral is sold by the Debtors or the Liquidating Trustee free and clear of such Lien) to the same extent and with the same priority as such Lien held as of the Petition Date until such time as (a) the Holder of such Miscellaneous Secured Claim (i) has been paid Cash equal to the value of its Allowed Miscellaneous Secured Claim, (ii) has received a return of the Collateral securing the Miscellaneous Secured Claim or (iii) has been afforded such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing; or (b) such purported Lien has been determined by an order of the Bankruptcy Court to be invalid or otherwise avoidable. Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Miscellaneous Secured Claim unless either (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Miscellaneous Secured Claims or (b) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.  Class 1 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 1 Claims are not entitled to vote to accept or reject the Plan.

Article III.B.2 – Class 2 Non-Tax Priority Claims.  On, or as soon as reasonably practicable after, the earlier of (a) the Distribution Date immediately following the date a Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim or (b) the date that is ninety (90) days after the date on which such Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim, a Holder of an Allowed Non-Tax Priority Claim shall receive, to be paid out of the Liquidating Trust, in full and final satisfaction, settlement and release of and in exchange for such Allowed Non-Tax Priority Claim, (i) Cash equal to the unpaid portion of such Allowed Non-Tax Priority Claim or (ii) such other treatment as to which such Holder and the Debtors and/or the Liquidating Trustee shall have agreed upon in writing.  Notwithstanding the foregoing, or anything to the contrary in the Plan, no Distributions shall be made to the Holder of any Allowed Non-Tax Priority Claims unless (a) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Administrative Claims; and (b) either (i) the Liquidating Trust has sufficient Available Cash to pay, or reserve for, as the case may be, the Face Amount of all Non-Tax Priority Tax Claims or (ii) the Liquidating Trust Oversight Committee consents to all or any portion of such Distribution.  Class 2 is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 2 Claims are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of an Unimpaired Claim under the Plan.  In accordance with Bankruptcy Code section 1126(f), with respect to your Unimpaired Claim, you will (a) be deemed to have accepted the Plan and (b) not be entitled to vote on the Plan.  The Plan Proponents therefore will not solicit your vote, and you will not receive a ballot with respect to your Unimpaired Claim.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Unimpaired Claim.  Although you will not be entitled to vote on the Plan with respect to your Unimpaired Claim, you are a party in interest in the Debtors' Chapter 11 Cases.  Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan, as set forth below.

## CONFIRMATION HEARING AND CONFIRMATION OBJECTIONS

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court. The Plan may be further modified, if necessary, under Bankruptcy Code section 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE THAT **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (d) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (e) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.**

**ADDITIONAL DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE** that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity  and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

Dated:    _____, 2009
          Richmond, Virginia

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Richard M. Pachulski, Esq. | Gregg M. Galardi, Esq. |
| Jeffrey N. Pomerantz, Esq. | Ian S. Fredericks, Esq. |
| Stanley E. Goldich, Esq. | P.O. Box 636 |
| 10100 Santa Monica Boulevard, 11th Floor | Wilmington, Delaware 19899-0636 |
| Los Angeles, California 90067-4100 | (302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Robert J. Feinstein, Esq. | Chris L. Dickerson, Esq. |
| 780 Third Avenue, 36th Floor | 155 North Wacker Drive |
| New York, NY 10017-2024 | Chicago, Illinois 60606 |
| | (312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____ | _____ |
| Lynn L. Tavenner, Esq. (VSB No. 30083) | Dion W. Hayes (VSB No. 34304) |
| Paula S. Beran, Esq. (VSB No. 34679) | Douglas Foley (VSB No. 34364) |
| 20 North Eighth Street | One James Center |
| Second Floor | 901 E. Cary Street |
| Richmond, Virginia 23219 | Richmond, Virginia 23219 |
| | (804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |

**EXHIBIT 5**

**(Notice of Non-Voting Status)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|                                        | :  |                          |
|----------------------------------------|----|--------------------------|
| In re:                                 | :  | Chapter 11               |
|                                        | :  |                          |
| Circuit City Stores, Inc., et al.,     | :  | Case No. 08-35653 (KRH)  |
|                                        | :  |                          |
|                    Debtors.            | :  | (Jointly Administered)   |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO CERTAIN CLAIMS AND INTERESTS

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan")[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that, under the Solicitation Procedures Order, the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Plan, holders of claims or interests that are impaired as defined in Bankruptcy Code section 1124 and will not receive or retain any property under the Plan are deemed to reject the Plan and are not entitled to vote.

PLEASE TAKE FURTHER NOTICE that holders of claims and interests in Class 5 (Intercompany Claims), Class 6 (Subordinated 510(c) Claims), Class 7 (Subordinated 510(b) Claims) and Class 8 (Interests) are impaired and will not receive or retain any property under the Plan on account of such claims or interests. Accordingly, holders of claims and interests in Classes 5, 6, 7 and 8 are not entitled to vote on the Plan. Articles III.C.3, III.C.4, III.C.5 and III.D.1. of the Plan govern treatment of Classes 5, 6, 7 and 8. respectively.

PLEASE TAKE FURTHER NOTICE that certain claims in Class 3 (Convenience Claims) and Class 4 (General Unsecured Claims) are subject to objections to disallow such claims, which objections are still pending as of the Voting Deadline (as defined herein) (the "Disputed Claims"). Pursuant to the Solicitation Procedures Order, holders of Disputed Claims are not entitled to vote to accept or reject the Plan.

**PLEASE TAKE FURTHER NOTICE that you have been identified as the holder of either (i) a claim in Classes 5, 6 or 7 or an interest in Class 8 under the Plan or (ii) a Disputed Claim. Accordingly, you are not entitled to vote on the Plan  The Plan Proponents therefore will not solicit your vote, and you will not receive a ballot with respect to your impaired claim or interest.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your impaired claim or interest. Although you will not be entitled to vote on the Plan with respect to your impaired claim or interest, you are a party in interest in the Debtors' Chapter 11 Cases. Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan, as set forth below.

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

## CONFIRMATION HEARING AND CONFIRMATION OBJECTIONS

PLEASE TAKE FURTHER NOTICE THAT the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), will commence on **November 23, 2009 at 10:00 a.m. (Eastern)** or as soon thereafter as counsel can be heard, before the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219. The Confirmation Hearing may be adjourned from time to time by announcing the adjournment in open court. The Plan may be further modified, if necessary, under Bankruptcy Code section 1127 before, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE THAT **November 16, 2009 at 4:00 p.m. (Eastern)** is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). To be considered, objections, if any, to confirmation of the Plan must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of Virginia, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (d) state with particularity the legal and factual bases for the objection, (e) be filed with the Bankruptcy Court together with proof of service, (d) be submitted in hard-copy form directly to the chambers of the Honorable Kevin Huennekens, United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5000, Richmond, VA 23219, and (e) be served by personal service, overnight delivery, or first-class mail, so as to be <u>RECEIVED</u> no later than Objection Deadline, upon:

(i) the Debtors: if by first-class mail, Circuit City Stores, Inc., P.O. Box 5695, Glen Allen, VA 23058-5695 (Attn: Michelle Mosier) or, if by overnight delivery or personal service, Circuit City Stores, Inc., 4951 Lake Brook Drive, Suite #500, Glen Allen, VA 23060 (Attn: Michelle Mosier);

(ii) counsel for the Debtors: (x) if by first-class mail, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, DE 19899-636 (Attn: Gregg M. Galardi and Ian S. Fredericks) or, if by overnight delivery or personal service, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 10th and King Streets, 7th Floor, Wilmington, DE 19801 (Attn: Gregg M. Galardi and Ian S. Fredericks), (y) Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Chris L. Dickerson and Jessica S. Kumar) and (z) McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, VA 23219 (Attn: Douglas M. Foley and Sarah B. Boehm);

(iii) counsel for the Creditors' Committee: (x) Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067 (Attn: Jeffrey N. Pomerantz and Stanley E. Goldich), (y) Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 36th Floor, New York, NY 10017 (Attn: Robert Feinstein) and (z) Tavenner & Beran, PLC, 20 N. Eighth Street, Second Floor, Richmond, VA 23219 (Attn: Lynn L. Tavenner and Paula S. Beran); and

(iv) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219 (Attn: Robert B. Van Arsdale)

**Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled**.

**TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES**

PLEASE TAKE FURTHER NOTICE that, if you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent (as defined herein) to obtain a ballot and file the ballot by November 10, 2009 at 4:00 p.m. (Eastern) (the "Voting Deadline") and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected**.

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan.  If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.


**ADDITIONAL DOCUMENTS**

**PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity  and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:**

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT THE VOTING AGENT AT THE ADDRESS ABOVE OR BY TELEPHONE AT (888) 830-4650.**

Dated: _____, 2009
      Richmond, Virginia


PACHULSKI STANG ZIEHL & JONES
LLP
Richard M. Pachulski, Esq.
Jeffrey N. Pomerantz, Esq.
Stanley E. Goldich, Esq.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067-4100

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

– and –

PACHULSKI STANG ZIEHL & JONES
LLP
Robert J. Feinstein, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024

– and –

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
Chris L. Dickerson, Esq.
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

– and –

TAVENNER & BERAN, PLC

– and –

MCGUIREWOODS LLP

_____
Lynn L. Tavenner, Esq. (VSB No. 30083)
Paula S. Beran, Esq. (VSB No. 34679)
20 North Eighth Street
Second Floor
Richmond, Virginia 23219

_____
Dion W. Hayes (VSB No. 34304)
Douglas Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel for the Creditors' Committee

Counsel for Debtors and Debtors in Possession

4

**EXHIBIT 6**

**(Notice of Changed Voting Status)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Circuit City Stores, Inc., <u>et al.</u>, | : | Case No. 08-35653 (KRH) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE TO PARTIES SUBJECT TO A POST-SOLICITATION MAILING DATE OBJECTION TO DISALLOW CLAIM

PLEASE TAKE NOTICE that the Bankruptcy Court has entered an order on [●], 2009 (the "Solicitation Procedures Order") (Docket No. [●]) approving the disclosure statement (the "Disclosure Statement") with respect to the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan")[1] filed by the debtors and debtors in possession in the above-captioned cases (the "Debtors") and the statutory committee of unsecured creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") and (ii) authorizing the Plan Proponents to solicit votes on the Plan.

PLEASE TAKE FURTHER NOTICE that, under the Solicitation Procedures Order, the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the Plan, holders of claims in Class 3 (Convenience Claims) and Class 4 (General Unsecured Claims) that are subject to objections to <u>disallow</u> such claims, which objections are filed on or before **October 20, 2009** and are still pending as of the Voting Deadline (as defined herein), are not entitled to vote to accept or reject the Plan (such claims, the "Disputed Claims").

PLEASE TAKE FURTHER NOTICE that, although you may have received a ballot and other solicitation materials, the Debtors have filed an objection seeking to disallow your claim since the mailing of the solicitation materials and prior to October 20, 2009.

**ACCORDINGLY, PLEASE TAKE FURTHER NOTICE THAT YOU HAVE BEEN IDENTIFIED AS THE HOLDER OF A DISPUTED CLAIM AND YOUR VOTING STATUS HAS CHANGED.  AS A RESULT YOU ARE NOT ENTITLED TO VOTE ON THE PLAN AND YOUR BALLOT, IF SUBMITTED, WILL NOT BE COUNTED.**

Accordingly, this may be the final notice you receive with respect to the Plan and with respect to your Disputed Claim.  Although you will not be entitled to vote on the Plan with respect to your impaired claim or interest, you are a party in interest in the Debtors' Chapter 11 Cases.  Accordingly, you are entitled to participate in the Chapter 11 Cases, including by filing objections to confirmation of the Plan.

---

[1]    Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

## TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES

PLEASE TAKE FURTHER NOTICE that, if you disagree with the Debtors' classification of, or objection to, your claim and believe that you should be entitled to vote on the Plan, **the Plan Proponents encourage you to contact the Debtors' counsel promptly concerning your request**.

In the event you are not able to reach a consensual resolution with the Plan Proponents, then you must: (i) contact the Voting Agent (as defined herein) to obtain a ballot and file the ballot by November 10, 2009 at 4:00 p.m. (Eastern) (the "Voting Deadline") and (ii) timely file and serve a motion for order under Fed. R. Bankr. P. 3018(a) (a "Rule 3018(a) Motion") seeking temporary allowance of your claim for the purpose of accepting or rejecting the Plan.

The Rule 3018(a) Motion must be filed with the Clerk of the Court on or before **November 10, 2009 at 4:00 p.m. (Eastern)** (the "Rule 3018(a) Motion Deadline") and served so as to be received by the Notice Parties (as defined in the Solicitation Procedures Order) by the Rule 3018(a) Motion Deadline, in accordance with the procedures set forth in the Solicitation Procedures Order.

**Rule 3018(a) Motions that are not timely filed and served in the manner set forth above will not be considered, and the claims referred to therein will not be counted in determining whether the Plan has been accepted or rejected.**

Any party who timely files and serves a Rule 3018(a) Motion in accordance with the paragraph above shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Plan Proponents and such party are unable to resolve the issues raised by the Rule 3018(a) Motion before the Voting Deadline, then, at the Confirmation Hearing, the Court will determine whether the provisional ballot is to be counted as a vote on the Plan and, if so, in what amount.

## ADDITIONAL DOCUMENTS

**PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order and any exhibits thereto are publicly available along with the docket and other case information by accessing the Debtors' case information website at www.kccllc.net/circuitcity and may also be obtained, upon reasonable written request, from the Kurtzman Carson Consultants LLC (the "Voting Agent") at:**

**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**
**Attn: Circuit City Stores, Inc., et al.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT THE VOTING AGENT AT THE ADDRESS ABOVE OR BY TELEPHONE AT (888) 830-4650.**

Dated:   _____, 2009
         Richmond, Virginia


| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Richard M. Pachulski, Esq. | Gregg M. Galardi, Esq. |
| Jeffrey N. Pomerantz, Esq. | Ian S. Fredericks, Esq. |
| Stanley E. Goldich, Esq. | P.O. Box 636 |
| 10100 Santa Monica Boulevard, 11th Floor | Wilmington, Delaware 19899-0636 |
| Los Angeles, California 90067-4100 | (302) 651-3000 |
| – and – | – and – |
| PACHULSKI STANG ZIEHL & JONES LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP |
| Robert J. Feinstein, Esq. | Chris L. Dickerson, Esq. |
| 780 Third Avenue, 36th Floor | 155 North Wacker Drive |
| New York, NY 10017-2024 | Chicago, Illinois 60606 |
| | (312) 407-0700 |
| – and – | – and – |
| TAVENNER & BERAN, PLC | MCGUIREWOODS LLP |
| _____ | _____ |
| Lynn L. Tavenner, Esq. (VSB No. 30083) | Dion W. Hayes (VSB No. 34304) |
| Paula S. Beran, Esq. (VSB No. 34679) | Douglas Foley (VSB No. 34364) |
| 20 North Eighth Street | One James Center |
| Second Floor | 901 E. Cary Street |
| Richmond, Virginia 23219 | Richmond, Virginia 23219 |
| | (804) 775-1000 |
| Counsel for the Creditors' Committee | Counsel for Debtors and Debtors in Possession |