Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

                IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                          RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC., et:   Case No. 08-35653-KRH
al.,                         :
                             :
              Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER AUTHORIZING DEBTORS TO (I) ENTER INTO AN AGREEMENT
MODIFYING PRIOR AGREEMENT AND TO (II) ASSUME, ASSIGN AND SELL
UNEXPIRED LEASE FOR DEBTORS' STORE NO. 3699, YONKERS
SUPERSTORE**

          Upon consideration of the motion (the "Motion")[1]

of the Debtors for an order pursuant to sections 105, 363

and 365 of title 11 of the United States Code (the "Bankruptcy

_____

1  Capitalized terms not otherwise defined herein shall have the
   meanings ascribed to them in the Motion.

Code") and Rules 2002, 6004 and 6006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry

of an order (A) authorizing the Debtors to enter into an

agreement with the Landlord modifying that prior agreement

(the "Prior Agreement") between AAC Cross County Mall, LLC

(the "Landlord") and Debtor and(B) approving the sale,

assumption and assignment of the Lease pursuant to(A) the

Amendment to Prior Agreement with Landlord, attached hereto

as Exhibit A (the "Amendment") and (B) the Sale, Assumption,

and Assignment Agreement with Century 21 79th Street LLC

("Assignee") and Landlord, attached as Exhibit 1 to the

Amendment (the "Assignment Agreement" and together with the

Amendment, collectively, the "Agreements"); and the Court

having entered the Lease Procedures Order, which approved

the Lease Procedures Motion wherein the Debtors set forth

the factual and legal bases for the sale, assumption, and

assignment of the Lease; and the Court having considered the

Motion and the Lease and after due deliberation thereon, and

sufficient cause appearing therefore.

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:**[2]

A.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, and 9014.

C.    The notice of the Motion and the Sale Hearing given by the Debtors constitutes due and sufficient notice thereof.

D.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities, including Landlord for the lease dated September 27, 1996 located at Circuit City Store no. 3699, Yonkers Superstore (the "Premises") (together with any and all related lease documents associated therewith, the "Lease").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.    The Debtors and their professionals marketed the Lease and conducted a sale process as set forth in and in accordance with the Lease Procedures Motion.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Lease.

F.    The Agreements and the sale of the Lease was negotiated and has been and is undertaken by the Debtors, Landlord and Assignee at arms' length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Debtors, Assignee and Landlord are entitled to the protections of Section 363(m) of the Bankruptcy Code.

G.    Neither the Debtors, the Assignee, nor the Landlord engaged in any conduct that would cause or permit the Agreements or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

H.    The Total Consideration (as defined herein) provided in connection with the assignment of the Lease is the highest and best offer received by the Debtors, and the

4

consideration constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Lease.

I.    The Debtors have demonstrated good, sufficient, and sound business purpose and justification for the assumption, assignment and sale of the Lease.

J.    The assumption, assignment and sale of the Lease to Assignee under sections 105, 363, and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates, and their creditors.

K.    "Total Consideration" means and constitutes a complete release and waiver of any and all pre- and post-petition claims, including (without limitation) administrative expense claims, against Circuit City, including (without limitation) claims under Bankruptcy Code section 365, 502, and 503 and including (without limitation) all year end adjustments for 2009 and all prior years, and

any obligations or liabilities that could otherwise survive assignment of the Lease.

   L. Upon application of the Total Consideration, there are no outstanding defaults of the Debtors and their estates under the Lease and all defaults under the Lease are deemed cured for all purposes under Bankruptcy Code section 365.

   M. Upon the assignment of the Lease, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their estates shall be relieved from any further liability thereunder, including for any breach of the Lease.

  Based on the foregoing findings of fact and conclusions of law,[3] **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

   1. The Motion is GRANTED.

   2. All objections to the Motion that have not been withdrawn, waived, or settled, are overruled on the merits.

---

[3] Statements made by the Court from the bench at the hearing on the Motion shall constitute additional conclusions of law and findings of fact as appropriate.

6

3.    Under section 365 of the Bankruptcy Code, the Debtors are authorized, but not directed, to assume the Lease and to assign the Lease to Assignee, which assignment shall take place on and be effective as of the Effective Date (as defined herein).

4.    Under Bankruptcy Code section 363, the Debtors are authorized, but not directed, to sell the Lease to Assignee.

5.    The Debtors are authorized to execute the Agreements.

6.    The consummation of the transactions with respect to the Leases contemplated hereunder shall be effective upon execution of the Agreements, at which point such transactions shall be deemed to have occurred as of March 23, 2009(the "Effective Date").

7.    Upon the entry of this Order,(i) Assignee shall succeed to the entirety of Debtors' rights and obligations in the Lease due, accruing, arising or attributable to the time period occurring on or after the Effective Date and shall have the rights of the tenant thereunder; (ii) the Lease shall be deemed to have continued

7

in full force and effect at all times from and after the
Effective Date.

8.    As of the Effective Date, subject to the
satisfaction of the obligations in paragraph 10 below,
neither the Landlord, the Debtors, nor the Debtors' estates
shall have liability for cure claims of, from, or related
to the Lease for any defaults or monetary obligations.  As
of the Effective Date, the Landlord shall be deemed to have
waived, released and forever discharged any and all pre- and
post-petition claims, including (without limitation)
administrative expense claims, against Circuit City,
including (without limitation) claims under Bankruptcy Code
sections 365, 502 and 503 and including (without limitation)
all year end adjustments for 2009 and all prior years, and
any obligations or liabilities that could otherwise survive
assignment of the Lease.

9.    In consideration for the assignment of the
Lease, the Debtors will receive a waiver and release of the
Total Consideration.

10.   Upon the entry of this Order, (i) all
defaults under the Lease through the Effective Date shall
be deemed cured, (ii) no other amounts will be owed by Debtors

8

or their estates with respect to the Lease, (iii) no amounts will be owed by the Landlord with respect to the Lease for obligations relating or attributable to the period prior to the Effective Date, (iv) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors or their estates that any additional amounts are due or defaults exist under the Lease, and (v) any and all persons or entities shall be forever barred and estopped from asserting a claim against the Debtors, their estates, and the Landlord that any additional amounts are due or defaults exist under the Lease that arose or accrued, relate to or are attributable to the period prior to the Effective Date.

11.   Assignee takes the Lease "as is where is."

12.   Pursuant to section 365(f) of the Bankruptcy Code, notwithstanding any provision to the contrary in the Lease, or in applicable nonbankruptcy law, that prohibits, restricts, or conditions the assignment of the Lease, the Debtors may assign the Lease to the Assignee.

13.   As of the Effective Date, subject to the provisions of this Order, Assignee shall assume all obligations under the Lease attributable to, or arising or

9

accruing during, the time period occurring on or after the Effective Date or related to the period subsequent to the Effective Date.

14.   As of the Effective Date, the Assignee shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

15.   Upon the assignment authorized herein, and under section 365(k) of the Bankruptcy Code, the Debtors and their estates shall have no further liability under the Lease.

16.   Upon the assignment to Assignee, the Lease shall be deemed valid and binding, in full force and effect in accordance with its terms, subject to the provisions of this Order.

17.   To the extent that any of the Debtors acts as a guarantor of the Lease (a "Debtor-Guarantor"), the Debtor-Guarantor(s) shall have no obligations with respect to the Lease after the Effective Date.

18.   Pursuant to Bankruptcy Code section 363(f), the sale and corresponding assumption and assignment of the Lease to the Assignee as authorized hereunder shall be free and clear of all claims and interests of any kind or nature,

10

with all such claims and interests attaching only to the Total Consideration received in connection with the assignment and assumption of the Lease, in the same order and priority, and with the same validity and enforceability, as same may have had prior to the sale, assumption and assignment of the Lease, subject to any and all available defenses.

19.    Any mechanic's lien filed against the Debtors with respect to the premises associated with the Lease is hereby released, discharged, and terminated, and the Assignee and/or the Landlord are hereby authorized to file, register, or otherwise record a certified copy of this Order and each and every federal, state, and local governmental agency or department is hereby directed to accept a certified copy of this Order as conclusive evidence of the release, discharge, and termination of any mechanic's lien filed against the Debtors with respect to the premises associated with the Lease and shall remove such mechanic's lien from record.

20.    Except for the Debtors with respect to their rights under the Amendment, the Assignment Agreement, this Order, and any other agreements relating to the Lease, other

11

than the Assignment Agreement, all parties to the Lease are
forever barred from raising or asserting against the
Landlord or Assignee any default or breach under, or any
claim or pecuniary loss arising under or related to the Lease
or such other agreements, arising, accruing or incurred
prior to the Effective Date.

21.    Any obligations arising under the Lease that
arise, accrue, are incurred or relate to periods on or
subsequent to the Effective Date, including but not limited
to any tax, utility, common area charges or insurance
payments, shall be the obligation of the Assignee, and no
party (including the Landlord) shall have a claim against
the Debtors or their estates for such obligations.

22.    The Landlord and any governmental agency
shall accept and honor the assignment of the Lease to
Assignee in accordance with the Assignment Agreement and
this Order.

23.    Pursuant to Bankruptcy Code section 554, the
Debtors are authorized to abandon any and all improvements,
furniture, fixtures, equipment, inventory and/or any other
personal property ("Abandoned Property") located on the
Premises, and such Abandoned Property is deemed abandoned

12

on the Effective Date to the Landlord free and clear or all liens, claims and other interests.  The Landlord may, in its sole discretion and without further notice, use, transfer or dispose of such Abandoned Property without liability to the Debtors or any third parties claiming an interest in such Abandoned Property.

24.  This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rules 6004(h) or 6006(d).

25.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

26.  To the extent that any provisions in the Assignment Agreement conflict with this Order, the Order shall govern.

27.  The Debtors and their estates are authorized to take all actions and execute all documents necessary or appropriate to effectuate the assumption and assignment of the Lease consistent with this Order.

28.  This Court shall retain jurisdiction to hear and determine all matters directly involving the Debtors and

13

arising from or related to this Order or the assumption and

assignment of the Lease.

Dated:  Richmond, Virginia
       <u>Aug 25 2009</u>   , 2009


                  /s/ Kevin Huennekens
                  _____
                  UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:       Entered on docket: August 26 2009

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley___
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and
Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley___
Douglas M. Foley

## EXHIBIT A

**ASSIGNMENT AGREEMENT**

## AMENDMENT TO TERMINATION AGREEMENT

**THIS AMENDMENT TO TERMINATION AGREEMENT** (this "**Agreement**") is made as of the Effective Date (as defined below) by and between **AAC CROSS COUNTY MALL, LLC,** a _____ limited liability company ("**Landlord**") and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Tenant**").

## RECITALS:

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on March 13, 2009, Tenant and Landlord entered in that certain Lease Termination Agreement (the "**Lease Termination Agreement**") whereby that certain Lease dated September 27, 1996, between Landlord's predecessor in interest and Tenant, for the premises located at Assignor's store no. 3699, Yonkers Superstore (as amended and assigned from time to time, the "**Lease**") was terminated as of March 31, 2009; and

**WHEREAS**, Landlord and Tenant wish to amend the Lease Termination Agreement on the terms and conditions set forth herein.

**WHEREAS**, on July __, 2009, the United States Bankruptcy Court for the Eastern District of Virginia, (the "**Bankruptcy Court**") entered an order (the "**Order**") approving, among other things, entry into this Agreement, as well as the sale, assumption and assignment of the Lease; and

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.      Effective Date.  The Effective Date of this Agreement shall be March 23, 2009 (the "Effective Date").

2.      Reinstatement of Lease.  As of the Effective Date, Landlord and Tenant agree that the Lease is in full force and effect and the termination of the Lease pursuant to the Lease Termination Agreement is hereby null and void.

3.      Assignment and Assumption of Obligations.  Pursuant to that certain Sale, Assumption and Assignment Agreement executed contemporaneously herewith and attached hereto as Exhibit 1, the Lease, as reinstated pursuant to Section 2 above, is assigned to and assumed by Century 21 79th Street LLC, as of the Effective Date.

4.      Notices. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

**If to Tenant:**

Circuit City Stores, Inc.
Attn: Director of Real Estate


with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi and Ian S. Fredericks
One Rodney Square
Wilmington, DE 19801


**If to Landlord:**

Ashkenazy Acquisition Corporation
Attn: David G. Cherna, General Counsel
433 Fifth Avenue, 2nd Floor
New York, New York 10016
Tel: (646) 214-0264
Fax: (212) 213-5713

with a copy to:

Kelley Drye & Warren LLP
Attn: Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573/Direct Dial
(212) 808-7897/Fax


     5.    <u>Entire Agreement</u>.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated herein.

     6.    <u>Parties Bound</u>.  This Agreement shall bind and inure to the benefit of Landlord and Tenant and their respective successors and assigns.

     7.    <u>Applicable Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of New York without giving effect to the principles of conflicts of law thereof.  The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Landlord and Tenant.

     8.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts for the convenience of the Parties, all of which together shall constitute one and the same instrument.


*[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Landlord and Tenant as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____

Name:

Title:

**AAC CROSS COUNTY MALL, LLC**

By:_____

Name:

Title:

EXHIBIT 1

[Sale, Assumption and Assignment Agreement to be attached]

## SALE, ASSUMPTION AND ASSIGNMENT AGREEMENT

**THIS SALE, ASSUMPTION, AND ASSIGNMENT AGREEMENT** (this "**Agreement**") is made as of the Effective Date (as defined below) by and between **AAC CROSS COUNTY MALL, LLC**, a _____ limited liability company ("**Landlord**"), **CENTURY 21 79th STREET LLC,** a Delaware limited liability company ("**Assignee**") and **CIRCUIT CITY STORES, INC.,** a Virginia corporation ("**Assignor**").

## RECITALS:

**WHEREAS**, on November 10, 2008, Assignor and certain of its direct and indirect subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on July [___], 2009, the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**") entered an order (the "**Order**") approving, among other things, the sale, assumption and assignment of the Lease (as defined herein); and

**WHEREAS**, (i) Landlord, Assignor and Assignee desire that Assignor transfer, assign and set over to Assignee, and Assignee take assignment of, all of Assignor's right, title and interest in and to the lease dated September 27, 1996, between Landlord's predecessor in interest, as landlord and, Assignor, as tenant, for the premises located at Assignor's store no. 3699, Yonkers Superstore (as amended and assigned from time to time, the "**Lease**"), and (ii) Assignor is willing to transfer, assign and set over to Assignee all of Assignor's right, title and interest in and to the Lease, subject to the terms and conditions of this Agreement.

**NOW, THEREFORE,** in consideration of the premises, mutual promises, representations, warranties and covenants contained in this Sale, Assumption and Assignment Agreement and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.     Effective Date.  The Effective Date of this Agreement shall be March 23, 2009 (the "Effective Date").

2.     Assignment of Lease.  As of the Effective Date, Assignor does hereby transfer, assign and set over to Assignee, and Assignee does hereby take assignment of, all of Assignor's right, title and interest in and to the Lease.

3.     Assumption of Obligations.  Assignee does hereby assume and does hereby agree to observe, perform, fulfill and discharge, all of Assignor's duties, obligations, and liabilities of whatever nature that are required to be performed, that accrue, that are attributable to, or that relate to the period on or after the Effective Date under the Lease and the Order.

4.    Landlord's Consent.   Landlord consents, subject to the terms set forth herein, to the Assignment and Assumption effected by Sections 2 and 3 above.

5.    Release of Claims.  Landlord waives and releases any and all pre- and post-petition claims, including (without limitation) administrative expense claims, against Assignor, including (without limitation) administrative expense claims, against Assignor, including (without limitation) claims under Bankruptcy Code sections 365, 502 and 503 and including (without limitation) all year end adjustments for 2009 and all prior years and any obligations or liabilities that could otherwise survive assignment of the Lease.

6.    Representations and Warranties.  Assignee hereby acknowledges and agrees the Lease is transferred, assigned and set over to Assignee AS IS, WHERE IS, without representations or warranties of any kind whatsoever and that the premises covered by the Lease will be delivered AS IS, WHERE IS, notwithstanding any contrary provision of the Lease; notwithstanding anything to the contrary herein or in the Order, the Assignor shall have no liability to the Assignee for any claims or obligations associated with the Lease or the premises covered by the Lease for the period on or after the Effective Date.

7.    Notices. Any notice, demand, consent, approval, direction, agreement or other communication required or permitted hereunder or under any other documents in connection herewith shall be in writing and shall be directed as follows:

**If to Assignor:**

Circuit City Stores, Inc.
Attn: Director of Real Estate


with a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Gregg M. Galardi and Ian S. Fredericks
One Rodney Square
Wilmington, DE 19801

**If to Assignee:**

Century 21 79th Street LLC
c/o Century Twenty One Department Stores
22 Cortland Street
New York, NY 10038

with a copy to:

Katsky Korins LLP

Attn: Steven H. Newman
605 Third Avenue
New York, New York 10158
Tel.  (212)716-3235
Fax. (212)953-6899

**If to Landlord:**

Ashkenazy Acquisition Corporation
Attn: David G. Cherna, General Counsel
433 Fifth Avenue, 2nd Floor
New York, New York 10016
Tel: (646) 214-0264
Fax: (212) 213-5713

with a copy to:

Kelley Drye & Warren LLP
Attn: Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573/Direct Dial
(212) 808-7897/Fax

8.    Entire Agreement.  This Agreement and the Order sets forth the entire agreement and understanding of the Parties with respect to the matters contemplated by the Order and this Agreement.

9.    Parties Bound.  This Agreement shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

10.    Applicable Law.   This  Agreement  shall  be  governed  by  and  construed  and enforced in accordance with the Bankruptcy Code and, to the extent not inconsistent, the internal laws of the State of New York without giving effect to the principles of conflicts of law thereof. The Bankruptcy Court shall have exclusive jurisdiction over this Agreement with respect to disputes between Assignor and Assignee.

11.    Counterparts.  This Agreement may be executed in one or more counterparts for the  convenience  of  the  Parties,  all  of  which  together  shall  constitute  one  and  the  same instrument.

### *[SIGNATURE PAGE FOLLOWS]*

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered by the duly authorized officers of Assignor, the Landlord and the Assignee as of the date and year first written above.

**CIRCUIT CITY STORES, INC., on behalf of itself and its direct and indirect subsidiaries, as debtors and debtors in possession**

By: _____

Name:

Title:

**CENTURY 21 79TH STREET LLC**

By:_____

Name:

Title:

**AAC CROSS COUNTY MALL, LLC**

By:_____

Name:

Title:

# CERTIFICATE OF NOTICE

```
District/off: 0422-7        User: frenchs          Page 1 of 1            Date Rcvd: Aug 26, 2009
Case: 08-35653             Form ID: pdforder       Total Noticed: 1
```

The following entities were noticed by first class mail on Aug 28, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
               Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                               TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 28, 2009**                    **Signature:**