Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP                       One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

              - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND
BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE OF CERTAIN
REAL PROPERTY LOCATED IN MORENO VALLEY, CALIFORNIA FREE
AND CLEAR OF LIENS AND INTERESTS**

Upon the motion (the "Motion")[1] of Circuit City

Stores West Coast, Inc. (the "Seller," and collectively

with the debtors and debtors in possession in the above-

_____

[1]  Capitalized terms not otherwise defined herein shall have the
     meanings ascribed to such terms in the Motion.

captioned jointly administered cases, the "Debtors") for
orders pursuant to Bankruptcy Code sections 105 and 363
and Bankruptcy Rules 2002 and 6004 (I)(a) approving Bid-
ding Procedures for the Sale of the certain real prop-
erty of the Seller located at 12530 Day Street in Moreno
Valley, California, including all vested signage rights
of the Seller in connection with such real property and
the building located thereon (including, without limita-
tion rights to signage granted to the Seller pursuant to
that certain Development Agreement dated as of October
24, 2003 by and between Gateway Company, L.C. and Seller,
with the express acknowledgment and understanding that
these rights do not include any signage or other rights
related in any way to the monument sign that is the sub-
ject of that certain Sign Easement Agreement dated on or
about July 18, 2005 by and between Lowe's HIW, Inc. and
Seller and as identified in Exhibit C to that certain
Sign Easement Agreement) (collectively, the "Property"),
(b) authorizing the Seller to enter into the Purchase
and Sale Agreement (as amended, the "Agreement"), a copy
of which is attached hereto as Exhibit 1, dated as of
May 15, 2009 by and between the Seller and 99¢ Only

Stores (the "Purchaser"), (c) approving the Expense Re-
imbursement in connection therewith, and (d) scheduling
Auction and Sale Hearing dates; (II) approving the Sale
of the Property free and clear of all liens and inter-
ests; and (III) granting related relief; and the Court
having entered its Order (I) Approving Bidding Proce-
dures, (II) Authorizing Seller to Enter Into Agreement,
(III) Approving Expense Reimbursement, and (IV) Setting
Auction And Sale Hearing Dates on July 28, 2009 (the
"Bidding Procedures Order") (Docket No.4305); and the
Sale Hearing having been held on August 27, 2009, at
which time all interested parties were offered an oppor-
tunity to be heard with respect to the Motion; and the
Court having reviewed the Motion; and the Court having
determined that the relief requested in the Motion is in
the best interests of the Seller, its estate, its credi-
tors and other parties in interest; and it appearing
that proper and adequate notice of the Motion has been
given and that no other or further notice is necessary;
and upon the record herein; and after due deliberation
thereon; and good and sufficient cause appearing there-
for, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.   The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.   Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.   As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, and the Auction as approved herein has been provided in accordance with Bankruptcy Code sections 102(l) and 363 and Bankruptcy Rules 2002 and 6004, (ii) such notice was good, sufficient, and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline and the Auction is necessary or shall be required.

---

2 Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

D.    As demonstrated by (i) the testimony and
other evidence proffered or adduced at the Sale Hearing
and (ii) the representations of counsel made on the re-
cord at the Sale Hearing, the Seller has marketed the
Property and conducted the sale process in compliance
with the Bidding Procedures Order.

E.    The Seller has full power and authority
to execute the Agreement and all other applicable docu-
ments contemplated thereby.  The transfer and conveyance
of the Property by the Seller have been duly and validly
authorized by all necessary action of the Seller. The
Seller has all of the power and authority necessary to
consummate the transactions contemplated by the Agree-
ment and has taken all action necessary to authorize and
approve the Agreement and to consummate the transactions
contemplated thereby.  No consents or approvals, other
than those expressly provided for in the Agreement, are
required for the Seller to consummate such transactions.

F.    The Seller has demonstrated good, suffi-
cient, and sound business purpose and justification for
the Sale because, among other things, the Seller and its
advisors diligently and in good faith analyzed all other

5

available options in connection with the disposition of
the Property and determined that (a) the terms and con-
ditions set forth in the Agreement, (b) the transfer to
the Purchaser of the Property pursuant thereto and (c)
the Purchase Price agreed to as reflected in the Agree-
ment are all fair and reasonable and together constitute
the highest or otherwise best value obtainable for the
Property.

      G.    A reasonable opportunity to object or be
heard with respect to the Motion and the relief re-
quested therein has been afforded to all interested per-
sons and entities, including without limitation: (a)
those parties entitled to notice under the Order Pursu-
ant to Bankruptcy Code Sections 102 and 105, Bankruptcy
Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1
and 9013-1 Establishing Certain Notice, Case Management,
and Administrative Procedures (D.I. 130; the "Case Man-
agement Order"), (b) all entities known to have ex-
pressed an interest in a transaction regarding the Prop-
erty during the past three (3) months; (c) all entities
known to have an interest in any of the Property; and
(d) all federal, state, and local regulatory or taxing

authorities or recording offices that have a reasonably known interest in the relief requested through the Motion.

H.    The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

I.    This Sale Approval Order and the consummation of the contemplated transactions are supported by good business reasons, and will serve the best interests of the Seller, its estate and creditors by maximizing the value to be obtained from the Property.

J.    The Agreement was negotiated, proposed, and entered into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Seller nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under Bankruptcy Code section 363(n).

K.    The Purchaser is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the

meaning of Bankruptcy Code section 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

L.    The consideration provided by the Purchaser for the Property pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Seller's stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

M.    The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.    The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property.  The Property would be sold free and clear of free and clear

of any lien (including tax liens and any statutory or
common law liens, possessory or otherwise), charge,
pledge, security interest, conditional sale agreement or
other title retention agreement, lease, mortgage, secu-
rity interest, option or other encumbrance (including
the filing of, or agreement to give, any financing
statement under the Uniform Commercial Code of any ju-
risdiction) and any monetary amounts which are secured
by any lien (collectively, the "Liens"), except for
(i) liens for real property taxes that are not yet due
and payable, (ii) zoning ordinances, building codes and
other land use laws and applicable governmental regula-
tions, (iii) all covenants, agreements, conditions,
easements, restrictions and rights, whether of record or
otherwise (excluding, however, mortgages, deeds of trust,
mechanics liens, tax liens, judgment liens, any other
liens securing monetary amounts, leases, licenses, any
other similar agreements conveying possessory rights
(other than easements and similar rights), purchase op-
tion rights, rights of first refusal and any other simi-
lar rights of purchase) including, without limitation,
the covenants, agreements, conditions, easements, re-

strictions and rights under the Declaration of Covenants,
Conditions, Restrictions and Reciprocal Rights dated
January 30, 2002, and recorded on January 31, 2002,
Document Number 2002-059049 Recorded in Official Records
County of Riverside (the "CC&Rs"), provided, however,
that Purchaser shall take free and clear of, and shall
have no obligations for, any monetary amounts arising
under the CC&Rs prior to the closing of the Sale, and
(iv) any and all matters that would be shown by a physi-
cal inspection of the Property (collectively, the "Per-
mitted Encumbrances").

O.   If the Sale of the Property by the Seller
were not free and clear of any Liens, except for the
Permitted Encumbrances, as set forth in the Agreement
and this Sale Approval Order, or if the Purchaser would,
or in the future could, be liable for any of the Liens,
the Purchaser would not have entered into the Agreement
and would not consummate the Sale contemplated by the
Agreement, thus adversely affecting the Seller, its es-
tate, and its stakeholders.

P.   The Seller may sell its interest in the
Property free and clear of all Liens (except the Permit-

ted Encumbrances) because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied.  All holders of Liens who did not object or withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are adequately protected by having their Liens, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

Q.   Approval of the Agreement and consummation of the Sale of the Property at this time are in the best interests of the Seller, its estate, its stakeholders and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Motion is GRANTED.  Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

**A.    Approval Of The Agreement.**

2.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and condi-tions thereof are hereby approved.

3.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized, but not directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accor-dance with and subject to the terms and conditions of the Agreement.

4.    The Seller is authorized, but not di-rected, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, to-gether with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property as con-templated by the Agreement.

5.    This Sale Approval Order and the Agree-ment shall be binding in all respects upon all stake-

holders (whether known or unknown) of the Seller, all
affiliates and subsidiaries of the Seller, and any sub-
sequent trustees appointed in the Seller's chapter 11
case or upon a conversion to chapter 7 under the Bank-
ruptcy Code.  To the extent that any provision of this
Sale Approval Order is inconsistent with the terms of
the Agreement, this Sale Approval Order shall govern.

6.    The Agreement and any related agreements,
documents, or other instruments may be modified, amended,
or supplemented by the parties thereto, in a writing
signed by such parties, and in accordance with the terms
thereof, without further order of the Court; <u>provided</u>
that any such modification, amendment, or supplement is
disclosed to the Creditors' Committee and does not have
a material adverse effect on the Seller's estate, in the
good faith business judgment of the Seller.

**B.    Sale And Transfer Of The Property.**

7.    Pursuant to Bankruptcy Code sections
363(b) and 363(f), upon the consummation of the Agree-
ment, the Seller's right, title, and interest in the
Property shall be transferred to the Purchaser free and
clear of all Liens except the Permitted Encumbrances,

13

with all such Liens to attach to the cash proceeds of
the Sale in the order of their priority, with the same
validity, force, and effect which they had as against
the Property immediately before such transfer, subject
to any claims and defenses the Seller may possess with
respect thereto.

8.   If any person or entity which has filed
financing statements, mortgages, mechanic's liens, lis
pendens, or other documents or agreements evidencing
Liens on or against the Property shall not have deliv-
ered to the Seller prior to the Closing of the Sale, in
proper form for filing and executed by the appropriate
parties, termination statements, instruments of satis-
faction, releases of all Liens that the person or entity
has with respect to the Property, or otherwise, then (a)
the Seller is hereby authorized to execute and file such
statements, instruments, releases, and other documents
on behalf of the person or entity with respect to the
Property and (b) the Purchaser is hereby authorized to
file, register, or otherwise record a certified copy of
this Sale Approval Order, which, once filed, registered,
or otherwise recorded, shall constitute conclusive evi-

dence of the release of all Liens on or against the
Property of any kind or nature whatsoever except for the
Permitted Encumbrances.

9.    This Sale Approval Order (a) shall be ef-
fective as a determination that, upon the Closing of the
Sale, all Liens of any kind or nature whatsoever exist-
ing as to the Seller or the Property prior to the Clos-
ing of the Sale, except for the Permitted Encumbrances,
have been unconditionally released, discharged, and ter-
minated (other than any surviving obligations), and that
the conveyances described herein have been effected and
(b) shall be binding upon and shall govern the acts of
all entities including, without limitation, all filing
agents, filing officers, title agents, title companies,
recorders of mortgages, recorders of deeds, registrars
of deeds, administrative agencies, governmental depart-
ments, secretaries of state, federal, state, and local
officials, and all other persons and entities who may be
required by operation of law, the duties of their office,
or contract, to accept, file, register, or otherwise re-
cord or release any documents or instruments, or who may

be required to report or insure any title or state of
title in or to any of the Property.

10.   All persons and entities, including, but
not limited to, all debt security holders, equity secu-
rity holders, governmental, tax, and regulatory authori-
ties, lenders, trade stakeholders, and other stake-
holders, holding Liens of any kind or nature whatsoever
against or in the Seller or the Property, except the
Permitted Encumbrances (whether legal or equitable, se-
cured or unsecured, matured or unmatured, contingent or
non-contingent, senior or subordinated) arising under or
out of, in connection with, or in any way relating to
the Property prior to the Closing of the Sale, or the
transfer of the Property to the Purchaser, hereby are
forever barred, estopped, and permanently enjoined from
asserting against the Purchaser, its successors or as-
signs, its property, or the Property, such persons' or
entities' Liens.   Nothing in this Sale Approval Order or
the Agreement releases or nullifies any liability to a
governmental agency under any environmental laws and
regulations that any entity would be subject to as owner
or operator of any Property after the date of entry of

16

this Sale Approval Order.  Nothing in this Sale Approval

Order or the Agreement bars, estops, or enjoins any gov-

ernmental agency from asserting or enforcing, outside

the Court, any liability described in the preceding sen-

tence.  Notwithstanding the above, nothing herein shall

be construed to permit a governmental agency to obtain

penalties from the Purchaser for days of violation of

environmental laws and regulations prior to Closing.

**C.    Additional Provisions**

11.  The consideration provided by the Pur-

chaser for the Property under the Agreement is hereby

deemed to constitute reasonably equivalent value and

fair consideration under the Bankruptcy Code, the Uni-

form Fraudulent Conveyance Act, the Uniform Fraudulent

Transfer Act, and under the laws of the United States,

and any state, territory, or possession thereof, or the

District of Columbia.

12.  Upon the Closing of the Sale, this Sale

Approval Order shall be construed as and shall consti-

tute for any and all purposes a full and complete gen-

eral assignment, conveyance, and transfer of all the

Property or a bill of sale transferring good and market-

able title in the Property to the Purchaser pursuant to the terms of the Agreement.

13.   The transactions contemplated by the Agreement are undertaken by the Seller and the Purchaser at arm's-length, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.   The Purchaser is a purchaser in good faith, within the meaning of section 363(m) of the Bankruptcy Code, of the Property, and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

14.   The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

15.   The failure specifically to include or to reference any particular provision of the Agreement in

this Sale Approval Order shall not diminish or impair

the effectiveness of such provision, it being the intent

of the Court that the Agreement be authorized and ap-

proved in its entirety.

16.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

17.   This Court retains exclusive jurisdiction

to interpret, construe, enforce, and implement the terms

and provisions of this Sale Approval Order, the Agree-

ment, all amendments thereto, any waivers and consents

thereunder, and of each of the agreements executed in

connection therewith in all respects, including, but not

limited to, retaining jurisdiction to (a) compel deliv-

ery of the Property to the Purchaser, (b) compel deliv-

ery of the purchase price or performance of other obli-

gations owed to the Seller pursuant to the Agreement, (c)

resolve any disputes arising under or related to the

Agreement, (d) interpret, implement, and enforce the

provisions of this Sale Approval Order, and (e) protect

the Purchaser against any Lien against the Seller or the

Property of any kind or nature whatsoever, except for

Permitted Encumbrances, which Liens, valid and timely

perfected, shall attach to the proceeds of the Sale.

Dated:  Richmond, Virginia
_____, 2009


_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
_____
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley