EXHIBIT "A" to GRANT DEED

Property Legal Description

CCSWCI: Moreno Valley, CA Sale [5/15/2009]

## EXHIBIT C

### FORM OF OWNER'S AFFIDAVIT

The undersigned hereby declares that to the undersigned's actual knowledge, without investigation, as follows:

1.  Declarant ("Owner") is the owner or lessee, as the case may be, of certain premises located at _____, further described as follows: See Preliminary Report/Commitment No. _____ for full legal description (the "Land").

2.  Intentionally Deleted.

3.  The Land is currently in use as unoccupied commercial property; and the following are all of the leases or other occupancy rights affecting the land: None.

4.  There are no other persons or entities that assert an ownership interest in the Land, nor has the undersigned received actual notice of unrecorded easements, claims of easement, or boundary disputes that affect the Land.

5.  There are no outstanding options to purchase or rights of first refusal affecting the Land.

This declaration is made subject to all matters set forth in that certain "[insert title of Sale Order]".

This declaration is made with the intention that Stewart Title Insurance Company (the "Company") and its policy issuing agents will rely upon it in issuing their title insurance policies and endorsements.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on _____ __, 2009 at Richmond, Virginia.

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

By: _____

Print Name: _____

Title: _____

891018.5 -- 89079.076

EXHIBIT D

FORM OF BILL OF SALE

BILL OF SALE

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, _____ ("Seller"), in connection with the sale of certain real property located in the _____, California, which is more particularly described on Exhibit "A" attached hereto and by this reference incorporated herein ("Property"), hereby grants, assigns, transfers, conveys and delivers to _____ (collectively, "Buyer"), all of Seller's right, title and interest in and to the personal property ("Personal Property") situated on the Property. The Personal Property is being transferred on an "as is" basis, without any representations or warranties, express, implied or statutory, of any kind whatsoever by Seller, including, without limitation, any warranty of title, merchantability, or fitness for a particular purpose.

IN WITNESS WHEREOF, Seller has executed this Bill of Sale as of _____, 20__.

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

By:_____
Name:_____
Title: _____

## EXHIBIT "A"

### LEGAL DESCRIPTION

PARCEL A OF LOT LINE ADJUSTMENT NO. 933, AS EVIDENCED BY A LOT LINE ADJUSTMENT RECORDED OCTOBER 14, 2003 AS INSTRUMENT NO. 2003-805311 OF OFFICIAL RECORDS, BEING THAT PORTION OF PARCELS 4, 5, AND 6 OF PARCEL MAP NO. 30278, AS SHOWN BY PARCEL MAP ON FILE IN BOOK 200 PAGES 59 THROUGH 62 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

PARCELS 4, 5, AND 6 OF PARCEL MAP NO. 30278 AS SHOWN BY MAP ON FILE IN BOOK 200 OF PARCEL MAPS AT PAGES 59 THROUGH 62, INCLUSIVE THEREOF, RECORDS OF RIVERSIDE COUNTY CALIFORNIA;

EXCEPTING THEREFROM, THE NORTHERLY 29.75 FEET OF THE WESTERLY 168.56 FEET OF SAID PARCEL 6.

SAID PARCEL CONTAINS 3.53 ACRES.

APN: 291-590-004-4 and 291-590-005-5 and 291-590-006-6

## EXHIBIT E

### FORM OF SALE ORDER

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

- and -

Chris L. Dickerson, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

333 West Wacker Drive

Chicago, Illinois 60606

(312) 407-0700

Counsel to the Debtors and

Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

```
- - - - - - - - - - - - - x
In re:                      :   Chapter 11

                            :

CIRCUIT  CITY  STORES,  INC.,:  Case No. 08-35653 (KRH)
et al.,
                            :

                            :
              Debtors.
                            :   Jointly Administered
- - - - - - - - - - - - - -
                            x
```

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND
BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE BY SELLER
OF CERTAIN REAL PROPERTY LOCATED IN MORENO VALLEY,
CALIFORNIA FREE AND CLEAR OF LIENS**

Upon the motion (the "Motion")[1] of Circuit City

Stores West Coast, Inc. (the "Seller," and collectively

with the debtors and debtors in possession in the above-

captioned jointly administered cases, the "Debtors") for

orders pursuant to Bankruptcy Code sections 105 and 363

and Bankruptcy Rules 2002 and 6004 (i) approving bidding

---

[1] Capitalized terms not otherwise defined herein shall
have the meanings ascribed to such terms in the
Motion.

29

procedures (the "Bidding Procedures"), (ii) setting a
date for the Auction (as defined herein) and the sale
hearing (the "Sale Hearing") and (iii) authorizing and
approving the sale (the "Sale") of certain real property
of the Seller located at12530 Day Street, Moreno Valley,
California,(the "Property") free and clear of liens
pursuant to the Purchase And Sale Agreement (the
"Agreement"), attached hereto as Exhibit 1, dated May [
], 2009 by and among the Seller and 99¢ Only Stores (the
"Purchaser") or a Successful Bidder (as defined in the
Bidding Procedures"); and the Court having entered its
Order (I) Approving Bidding Procedures And (II) Setting
Auction And Sale Hearing Dates In Connection With The
Sale Of Certain Real Property Located In Moreno Valley,
California on _____, 2009 (the "Bidding Procedures Order")
(Docket No.___); and the Sale Hearing having been held on
_____, 2009, at which time all interested parties were
offered an opportunity to be heard with respect to the
Motion; and the Court having reviewed the Motion; and the
Court having determined that the relief requested in the
Motion is in the best interests of the Seller, its
estate, its creditors and other parties in interest; and

30

it appearing that proper and adequate notice of the
Motion has been given and that no other or further notice
is necessary; and upon the record herein; and after due
deliberation thereon; and good and sufficient cause
appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motion
pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is
a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.    Venue of these cases and the Motion in
this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    As evidenced by the affidavits of service
previously filed with the Court, and based on the
representations of counsel at the Sale Hearing, (i)
proper, timely, adequate, and sufficient notice of the
Motion, the Sale Hearing, the Sale, the Bid Deadline, and
the Auction as approved herein has been provided in
accordance with Bankruptcy Code sections 102(l) and 363
and Bankruptcy Rules 2002 and 6004, (ii) such notice was

---

2 Findings of fact shall be construed as conclusions of law and
  conclusions of law shall be construed as findings of fact when
  appropriate. See Fed. R. Bankr. P. 7052.

31

good, sufficient, and appropriate under the circumstances
and (iii) no other or further notice of the Motion, the
Sale Hearing, the Sale, the Bid Deadline and the Auction
is necessary or shall be required.

D.    As demonstrated by (i) the testimony and
other evidence proffered or adduced at the Sale Hearing
and (ii) the representations of counsel made on the
record at the Sale Hearing, the Seller has marketed the
Property and conducted the sale process in compliance
with the Bidding Procedures Order.

E.    The Seller has full power and authority to
execute the Agreement and all other applicable documents
contemplated thereby.  The transfer and conveyance of the
Property by the Seller have been duly and validly
authorized by all necessary action of the Seller. The
Seller has all of the power and authority necessary to
consummate the transactions contemplated by the Agreement
and has taken all action necessary to authorize and
approve the Agreement and to consummate the transactions
contemplated thereby.  No consents or approvals, other
than those expressly provided for in the Agreement, are
required for the Seller to consummate such transactions.

32

F.    The Seller has demonstrated good,
sufficient, and sound business purpose and justification
for the Sale because, among other things, the Seller and
its advisors diligently and in good faith analyzed all
other available options in connection with the
disposition of the Property and determined that (a) the
terms and conditions set forth in the Agreement, (b) the
transfer to the Purchaser of the Property pursuant
thereto and (c) the Purchase Price agreed to as reflected
in the Agreement are all fair and reasonable and together
constitute the highest or otherwise best value obtainable
for the Property.

G.    A reasonable opportunity to object or be
heard with respect to the Motion and the relief requested
therein has been afforded to all interested persons and
entities, including without limitation: (a) those parties
entitled to notice under the Order Pursuant to Bankruptcy
Code Sections 102 and 105, Bankruptcy Rules 2002 and
9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management, and
Administrative Procedures (D.I. 130; the "Case Management
Order"), (b) all entities known to have expressed an

33

interest in a transaction regarding the Property during the past three (3) months; (c) all entities known to have an interest in any of the Property; and (d) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested through the Motion.

H.    The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

I.    This Sale Approval Order and the consummation of the contemplated transactions are supported by good business reasons, and will serve the best interests of the Seller, its estate and creditors by maximizing the value to be obtained from the Property.

J.    The Agreement was negotiated, proposed, and entered into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Seller nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under Bankruptcy Code section 363(n).

34

K.    The Purchaser is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby.  The Purchaser will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

L.    The consideration provided by the Purchaser for the Property pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Seller's stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

M.    The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.    The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of

35

the Property, and shall vest the Purchaser with all
right, title, and interest of the Seller to the Property
The Property would be sold free and clear of free and
clear of any lien (including tax liens and any statutory
or common law liens, possessory or otherwise), charge,
pledge, security interest, conditional sale agreement or
other title retention agreement, lease, mortgage,
security interest, option or other encumbrance (including
the filing of, or agreement to give, any financing
statement under the Uniform Commercial Code of any
jurisdiction) and any monetary amounts which are secured
by any lien (collectively, the "Liens"), except for (i)
liens for real property taxes that are not yet due and
payable, (ii) zoning ordinances, building codes and other
land use laws and applicable governmental regulations,
(iii) all covenants, agreements, conditions, easements,
restrictions and rights, whether of record or otherwise
(excluding, however, mortgages, deeds of trust, mechanics
liens, tax liens, judgment liens, any other liens
securing monetary amounts, leases, licenses, any other
similar agreements conveying possessory rights (other
than easements and similar rights), purchase option

36

rights, rights of first refusal and any other similar rights of purchase), and (iv) any and all matters that would be shown by a physical inspection of the Property (collectively, the "Permitted Encumbrances").

O.    If the Sale of the Property by the Seller were not free and clear of any Liens, except for the Permitted Encumbrances, as set forth in the Agreement and this Sale Approval Order, or if the Purchaser would, or in the future could, be liable for any of the Liens, the Purchaser would not have entered into the Agreement and would not consummate the Sale contemplated by the Agreement, thus adversely affecting the Seller, its estate, and its stakeholders.

P.    The Seller may sell its interest in the Property free and clear of all Liens (except the Permitted Encumbrances) because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. All holders of Liens who did not object or withdrew their objections to the Sale are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are adequately protected by having their Liens, if

37

any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an interest with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

Q.    Approval of the Agreement and consummation of the Sale of the Property at this time are in the best interests of the Seller, its estate, its stakeholders and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.  Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

**A.    Approval Of The Agreement.**

2.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized to perform its obligations under the Agreement and comply with the terms

38

thereof and consummate the Sale in accordance with and
subject to the terms and conditions of the Agreement.

4.    The Seller is authorized, but not
directed, to execute and deliver, and empowered to
perform under, consummate, and implement, the Agreement,
together with all additional instruments and documents as
may be reasonably necessary or desirable to implement the
Agreement, and to take all further actions as may be
requested by the Purchaser for the purpose of assigning,
transferring, granting, conveying, and conferring to the
Purchaser or reducing to possession the Property as
contemplated by the Agreement.

5.    This Sale Approval Order and the Agreement
shall be binding in all respects upon Seller and all
stakeholders (whether known or unknown) of the Seller,
all affiliates and subsidiaries of the Seller, and any
subsequent trustees appointed in the Seller's chapter 11
case or upon a conversion to chapter 7 under the
Bankruptcy Code.  To the extent that any provision of
this Sale Approval Order is inconsistent with the terms
of the Agreement, this Sale Approval Order shall govern.

39

6.   The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court; <u>provided</u> that any such modification, amendment, or supplement is disclosed to the Creditors' Committee and does not have a material adverse effect on the Seller's estate, in the good faith business judgment of the Seller.

**B.   Sale And Transfer Of The Property.**

7.   Pursuant to Bankruptcy Code sections 363(b) and 363(f), upon the consummation of the Agreement, the Seller's right, title, and interest in the Property shall be transferred to the Purchaser free and clear of all Liens except the Permitted Encumbrances, with all such Liens to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Property immediately before such transfer, subject to any claims and defenses the Seller may possess with respect thereto.

40

8.   If any person or entity which has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Liens on or against the Property shall not have delivered to the Seller prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens that the person or entity has with respect to the Property, or otherwise, then (a) the Seller is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Approval Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens on or against the Property of any kind or nature whatsoever except for the Permitted Encumbrances.

9.   This Sale Approval Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Liens of any kind or nature whatsoever

41

existing as to the Seller or the Property prior to the
Closing of the Sale, except for the Permitted
Encumbrances, have been unconditionally released,
discharged, and terminated (other than any surviving
obligations), and that the conveyances described herein
have been effected and (b) shall be binding upon and
shall govern the acts of all entities including, without
limitation, all filing agents, filing officers, title
agents, title companies, recorders of mortgages,
recorders of deeds, registrars of deeds, administrative
agencies, governmental departments, secretaries of state,
federal, state, and local officials, and all other
persons and entities who may be required by operation of
law, the duties of their office, or contract, to accept,
file, register, or otherwise record or release any
documents or instruments, or who may be required to
report or insure any title or state of title in or to any
of the Property.

    10.    All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other

42

stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,
hereby are forever barred, estopped, and permanently
enjoined from asserting against the Purchaser, its
successors or assigns, its property, or the Property,
such persons' or entities' Liens.  Nothing in this Sale
Approval Order or the Agreement releases or nullifies any
liability to a governmental agency under any
environmental laws and regulations that any entity would
be subject to as owner or operator of any Property after
the date of entry of this Sale Approval Order.  Nothing
in this Sale Approval Order or the Agreement bars,
estops, or enjoins any governmental agency from asserting
or enforcing, outside the Court, any liability described
in the preceding sentence.  Notwithstanding the above,
nothing herein shall be construed to permit a

43

governmental agency to obtain penalties from the
Purchaser for days of violation of environmental laws and
regulations prior to Closing.

**C.   Additional Provisions**

11.   The consideration provided by the
Purchaser for the Property under the Agreement is hereby
deemed to constitute reasonably equivalent value and fair
consideration under the Bankruptcy Code, the Uniform
Fraudulent Conveyance Act, the Uniform Fraudulent
Transfer Act, and under the laws of the United States,
and any state, territory, or possession thereof, or the
District of Columbia.

12.   Upon the Closing of the Sale, this Sale
Approval Order shall be construed as and shall constitute
for any and all purposes a full and complete general
assignment, conveyance, and transfer of all the Property
or a bill of sale transferring good and marketable title
in the Property to the Purchaser pursuant to the terms of
the Agreement.

13.   The transactions contemplated by the
Agreement are undertaken by the Seller and the Purchaser
at arm's-length, without collusion and in good faith, as

44

that term is used in section 363(m) of the Bankruptcy
Code, and accordingly, the reversal or modification on
appeal of the authorization provided herein to consummate
the sale of the Property shall not affect the validity of
the Sale to the Purchaser, unless such authorization is
duly stayed pending such appeal.  The Purchaser is a
purchaser in good faith, within the meaning of section
363(m) of the Bankruptcy Code, of the Property, and is,
and shall be, entitled to all of the protections afforded
by such section and in accordance therewith.

14.  The consideration provided by the
Purchaser for the Property under the Agreement is fair
and reasonable and the Sale may not be avoided under
section 363(n) of the Bankruptcy Code.

15.  The failure specifically to include or to
reference any particular provision of the Agreement in
this Sale Approval Order shall not diminish or impair the
effectiveness of such provision, it being the intent of
the Court that the Agreement be authorized and approved
in its entirety.

45

16.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17.   This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Seller pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, (d) interpret, implement, and enforce the provisions of this Sale Approval Order, and (e) protect the Purchaser against any Lien against the Seller or the Property of any kind or nature whatsoever, except for Permitted Encumbrances, which Liens, valid and timely perfected, shall attach to the proceeds of the Sale.

46

Dated:  Richmond, Virginia

_____, 2009

_____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.

Ian S. Fredericks, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

One Rodney Square

PO Box 636

Wilmington, Delaware 19899-0636

(302) 651-3000


    - and -


Chris L. Dickerson, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

333 West Wacker Drive

47

Chicago, Illinois 60606

(312) 407-0700


- and -


/s/ Douglas M. Foley

Dion W. Hayes (VSB No. 34304)

Douglas M. Foley (VSB No. 34364)

MCGUIREWOODS LLP

One James Center

901 E. Cary Street

Richmond, Virginia 23219

(804) 775-1000


Counsel to the Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**


48

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

MSW - Draft May 6, 2009 - 11:32 AM