**Exhibit 1**

**(Agreement)**

**FIRST AMENDMENT**
**TO**
**PURCHASE AND SALE AGREEMENT**

THIS FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "Amendment") is made and entered into as of June 30, 2009, by and between CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("Seller"), and 99¢ Only Stores, a California corporation ("Purchaser"), with reference to the following recitals:

**RECITALS**

A.      Seller and Purchaser are parties to that certain Purchase and Sale Agreement dated as of May 15, 2009 (the "Purchase Agreement").

B.      The parties hereby acknowledge receipt of written waiver by Purchaser of its termination rights under Sections 4.2 and 4.3 on June 26, 2009, and the transfer of the additional deposit to the Escrow Agent on June 29, 2009, in accordance with Section 3.1 of the Purchase Agreement.

C.      Seller and Purchaser now desire to enter into this Amendment to amend the Purchase Agreement as herein provided.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Seller and Purchaser agree as follows:

**AMENDMENT**

1.      AMENDMENT.

1.1      Property.  The first sentence of Section 1.1 of the Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"Subject to the terms and conditions of this Agreement, Seller hereby agrees to sell and convey to Purchaser, and Purchaser hereby agrees to purchase from Seller, all of the Seller's right, title and interest in and to the property located at 12530 Day Street, Moreno Valley, California, comprising approximately 3.53 acres, and being more particularly described on Exhibit A attached hereto and made a part hereof, together with (i) all the rights and appurtenances pertaining to such land, (ii) all buildings (including a building containing approximately 33,970 square feet), structures, and other improvements on said land, (iii) electrical, mechanical, air conditioning and other fixtures attached thereto, (iv) to the extent included in the Sale Order entered by the Bankruptcy Court, all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller, (v) to the extent assignable, plans, specifications, permits, reports, development rights, and title insurance pertaining to such land; and (vi) all other personal property situated on such land or in such buildings on the Closing Date (herein collectively called the "Property"); provided, however, the Property shall not include any lifts or racking located in the buildings, if any (the "Excluded FF&E"), which shall be excluded from the sale."

1.2      Sale Order.  The form of Sale Order attached to the Purchase Agreement as Exhibit E is hereby deleted in its entirety and replaced with the form of Sale Order attached hereto as Schedule 1.  Without otherwise modifying the terms of Section 6.5(a) of the Purchase Agreement, Seller and Purchaser agree that the



Sale Order shall be deemed to be substantially similar to the form attached hereto even if it does not contain the phrase "all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller" as part of the "Property" conveyed pursuant to the Sale Order.

      1.3    <u>Filing a Sale Motion</u>. The second sentence of Section 9.2 of the Purchase Agreement is hereby amended to provide that on or before the end of business on July 2, 2009, Seller, at its sole cost and expense, will file the Sale Motion with the Bankruptcy Court.

2.    <u>CAPITALIZED TERMS</u>. Capitalized terms used in this Amendment but not otherwise defined or modified herein shall have the meaning ascribed to such terms in the Purchase Agreement.

3.    <u>REMAINING TERMS OF THE PURCHASE AGREEMENT REMAIN IN EFFECT</u>: Except to the extent modified by this Amendment, the Purchase Agreement is in full force and effect. To the extent of any inconsistency between this Amendment and the Purchase Agreement, the terms and conditions of this Amendment shall control.

4.    <u>FACSIMILE COUNTERPARTS</u>. This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument. The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

      IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

<u>SELLER</u>                          <u>PURCHASER</u>

CIRCUIT CITY STORES WEST COAST, INC.,    99¢ ONLY STORES,
a California corporation                  a California corporation

By:_____    By:_____
Name:_____    Name:__Jeff Gold__
Title:_____    Title:__President & COO__

Sale Order shall be deemed to be substantially similar to the form attached hereto even if it does not contain the phrase "all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller" as part of the "Property" conveyed pursuant to the Sale Order.

       1.3     Filing a Sale Motion. The second sentence of Section 9.2 of the Purchase Agreement is hereby amended to provide that on or before the end of business on July 2, 2009, Seller, at its sole cost and expense, will file the Sale Motion with the Bankruptcy Court.

2.     CAPITALIZED TERMS. Capitalized terms used in this Amendment but not otherwise defined or modified herein shall have the meaning ascribed to such terms in the Purchase Agreement.

3.     REMAINING TERMS OF THE PURCHASE AGREEMENT REMAIN IN EFFECT. Except to the extent modified by this Amendment, the Purchase Agreement is in full force and effect. To the extent of any inconsistency between this Amendment and the Purchase Agreement, the terms and conditions of this Amendment shall control.

4.     FACSIMILE COUNTERPARTS. This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument. The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

       IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

SELLER

CIRCUIT CITY STORES WEST COAST, INC.,
a California corporation

By: _Michell Mosier_
Name: _Michelle Mosier_
Title: _VP & Controller_

PURCHASER

99¢ ONLY STORES,
a California corporation

By: _____
Name: _JEFF GOLD_
Title: _PRESIDENT & COO_

916517.4 -- 89079.082                                                 First Amendment to PSA

**SCHEDULE 1**

**FORM OF SALE ORDER**

[SEE ATTACHED]

| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas  M.  Foley  (VSB No. 34364) |
| SKADDEN,  ARPS,  SLATE, MEAGHER & FLOM, LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| PO Box 636 | 901 E. Cary Street |
| Wilmington,  Delaware 19899-0636 | Richmond, Virginia 23219 |
| | (804) 775-1000 |
| (302) 651-3000 | |

- and -

Chris L. Dickerson, Esq.

SKADDEN,  ARPS,  SLATE,
MEAGHER & FLOM, LLP

155 North Wacker Drive

Chicago, Illinois 60606

(312) 407-0700

Counsel to the Debtors and

Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

752142.01-Chicago Server 2A
915096.2 -- 89079 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

```
- - - - - - - - - - - - - x
In re:                      :    Chapter 11
                            :
CIRCUIT  CITY  STORES,  INC.,:   Case No. 08-35653 (KRH)
et al.,
                            :
                            :
          Debtors.          :    Jointly Administered
- - - - - - - - - - - - - -
                            x
```

### ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE OF CERTAIN REAL PROPERTY LOCATED IN MORENO VALLEY, CALIFORNIA FREE AND CLEAR OF LIENS AND INTERESTS

Upon the motion (the "Motion")[1] of Circuit City Stores West Coast, Inc. (the "Seller," and collectively with the debtors and debtors in possession in the above-captioned jointly administered cases, the "Debtors") for orders pursuant to Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004 (I)(a) approving Bidding Procedures for the Sale of the certain real property of the Seller located at 12530 Day Street in

------------------------------

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

$\mathcal{SDA}$

752142 01-Chicago Server 2A
915096.2 -- 89029 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Moreno Valley, California, including all vested signage
rights of the Seller in connection with such real
property and the building located thereon (including,
without limitation, rights to signage granted to the
Seller pursuant to that certain Development Agreement
dated as of October 24, 2003 by and between Gateway
Company, L.C. and Seller) (the "Property"),

(b) authorizing the Sellers to enter into the Purchase
and Sale Agreement (as amended, the "Agreement"), a copy
of which is attached hereto as Exhibit 1, dated as of
May 15, 2009 by and among the Seller and 99¢ Only Stores
(the "Purchaser"), (c) approving the Expense
Reimbursement in connection therewith, and

(d) scheduling Auction and Sale Hearing dates;
(II) approving the Sale of the Property free and clear
of all liens and interests; and (III) granting related
relief; and the Court having entered its Order
(I) Approving Bidding Procedures, (II) Authorizing
Seller to Enter Into Agreement, (III) Approving Expense
Reimbursement, and (IV) Setting Auction And Sale Hearing
Dates on July 23, 2009  (the "Bidding Procedures Order")
(Docket No.___); and the Sale Hearing having been held

3

*JDA*

752142.01-Chicago Server 2A
915096.2 -- 89079 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11 32 AM

First Amendment to PSA

on August 27, 2009, at which time all interested parties

were offered an opportunity to be heard with respect to

the Motion; and the Court having reviewed the Motion;

and the Court having determined that the relief

requested in the Motion is in the best interests of the

Seller, its estate, its creditors and other parties in

interest; and it appearing that proper and adequate

notice of the Motion has been given and that no other or

further notice is necessary; and upon the record herein;

and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

<strong>FOUND AND DETERMINED THAT:</strong>[2]

A.    The Court has jurisdiction over the

Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this

matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A).

B.    Venue of these cases and the Motion in

this district is proper under 28 U.S.C. §§ 1408 and

1409.

---

2 Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate.  See Fed. R. Bankr. P. 7052.

4

752142.01-Chicago Server 2A
915096.2 -- 83079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

C.    As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline, and the Auction as approved herein has been provided in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002 and 6004, (ii) such notice was good, sufficient, and appropriate under the circumstances and (iii) no other or further notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline and the Auction is necessary or shall be required.

D.    As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Seller has marketed the Property and conducted the sale process in compliance with the Bidding Procedures Order.

E.    The Seller has full power and authority to execute the Agreement and all other applicable documents contemplated thereby.  The transfer and

5

JDA

752142.01-Chicago Server 2A
915096.2 – 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

conveyance of the Property by the Seller have been duly
and validly authorized by all necessary action of the
Seller. The Seller has all of the power and authority
necessary to consummate the transactions contemplated by
the Agreement and has taken all action necessary to
authorize and approve the Agreement and to consummate
the transactions contemplated thereby.  No consents or
approvals, other than those expressly provided for in
the Agreement, are required for the Seller to consummate
such transactions.

   F. The Seller has demonstrated good,
sufficient, and sound business purpose and justification
for the Sale because, among other things, the Seller and
its advisors diligently and in good faith analyzed all
other available options in connection with the
disposition of the Property and determined that (a) the
terms and conditions set forth in the Agreement, (b) the
transfer to the Purchaser of the Property pursuant
thereto and (c) the Purchase Price agreed to as
reflected in the Agreement are all fair and reasonable
and together constitute the highest or otherwise best
value obtainable for the Property.

6

JDA

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 · Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

G.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation: (a) those parties entitled to notice under the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (D.I. 130; the "Case Management Order"), (b) all entities known to have expressed an interest in a transaction regarding the Property during the past three (3) months; (c) all entities known to have an interest in any of the Property; and (d) all federal, state, and local regulatory or taxing authorities or recording offices that have a reasonably known interest in the relief requested through the Motion.

H.    The Purchaser is not an "insider" of any of the Debtors as that term is defined in 11 U.S.C. § 101(31).

I.    This Sale Approval Order and the consummation of the contemplated transactions are

7

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:52 AM

First Amendment to PSA

supported by good business reasons, and will serve the best interests of the Seller, its estate and creditors by maximizing the value to be obtained from the Property.

     J.    The Agreement was negotiated, proposed, and entered into by the Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor the Purchaser has engaged in any conduct that would cause or permit the Sale to be avoidable under Bankruptcy Code section 363(n).

     K.    The Purchaser is a good faith purchaser under Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of Bankruptcy Code section 363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

     L.    The consideration provided by the Purchaser for the Property pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a

8

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:52 AM

First Amendment to PSA

greater recovery for the Seller's stakeholders than
would be provided by any other practical available
alternative and (iv) constitutes reasonably equivalent
value and fair consideration under the Bankruptcy Code
and under the laws of the United States, any state,
territory, or possession thereof, or the District of
Columbia.

M.   The Sale must be approved and consummated
promptly to obtain the value provided under the terms of
the Agreement.

N.   The transfer of the Property to the
Purchaser is a legal, valid, and effective transfer of
the Property, and shall vest the Purchaser with all
right, title, and interest of the Seller to the
Property.  The Property would be sold free and clear of
free and clear of any lien (including tax liens and any
statutory or common law liens, possessory or otherwise),
charge, pledge, security interest, conditional sale
agreement or other title retention agreement, lease,
mortgage, security interest, option or other encumbrance
(including the filing of, or agreement to give, any
financing statement under the Uniform Commercial Code of

9

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

any jurisdiction) and any monetary amounts which are
secured by any lien (collectively, the "Liens"), except
for (i) liens for real property taxes that are not yet
due and payable, (ii) zoning ordinances, building codes
and other land use laws and applicable governmental
regulations, (iii) all covenants, agreements,
conditions, easements, restrictions and rights, whether
of record or otherwise (excluding, however, mortgages,
deeds of trust, mechanics liens, tax liens, judgment
liens, any other liens securing monetary amounts,
leases, licenses, any other similar agreements conveying
possessory rights (other than easements and similar
rights), purchase option rights, rights of first refusal
and any other similar rights of purchase), and (iv) any
and all matters that would be shown by a physical
inspection of the Property (collectively, the "Permitted
Encumbrances").

O.    If the Sale of the Property by the Seller
were not free and clear of any Liens, except for the
Permitted Encumbrances, as set forth in the Agreement
and this Sale Approval Order, or if the Purchaser would,
or in the future could, be liable for any of the Liens,

10

752143 01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:52 AM

First Amendment to PSA

the Purchaser would not have entered into the Agreement
and would not consummate the Sale contemplated by the
Agreement, thus adversely affecting the Seller, its
estate, and its stakeholders.

P.    The Seller may sell its interest in the
Property free and clear of all Liens (except the
Permitted Encumbrances) because, in each case, one or
more of the standards set forth in Bankruptcy Code
sections 363(f)(1)-(5) has been satisfied.  All holders
of Liens who did not object or withdrew their objections
to the Sale are deemed to have consented to the Sale
pursuant to 11 U.S.C. § 363(f)(2) and all holders of
Liens are adequately protected by having their Liens, if
any, attach to the cash proceeds of the Sale ultimately
attributable to the property against or in which they
claim an interest with the same priority, validity,
force, and effect as they attached to such property
immediately before the closing of the Sale.

Q.    Approval of the Agreement and
consummation of the Sale of the Property at this time
are in the best interests of the Seller, its estate, its

11

stakeholders and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.  Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

A.    Approval Of The Agreement.

2.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized, but not directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.    The Seller is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement

12

752142 01-Chicago Server 2A
915096.2 – 89059 082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

the Agreement, and to take all further actions as may be
requested by the Purchaser for the purpose of assigning,
transferring, granting, conveying, and conferring to the
Purchaser or reducing to possession the Property as
contemplated by the Agreement.

5.    This Sale Approval Order and the
Agreement shall be binding in all respects upon all
stakeholders (whether known or unknown) of the Seller,
all affiliates and subsidiaries of the Seller, and any
subsequent trustees appointed in the Seller's chapter 11
case or upon a conversion to chapter 7 under the
Bankruptcy Code.  To the extent that any provision of
this Sale Approval Order is inconsistent with the terms
of the Agreement, this Sale Approval Order shall govern.

6.    The Agreement and any related agreements,
documents, or other instruments may be modified,
amended, or supplemented by the parties thereto, in a
writing signed by such parties, and in accordance with
the terms thereof, without further order of the Court;
provided that any such modification, amendment, or
supplement is disclosed to the Creditors' Committee and
does not have a material adverse effect on the Seller's

13

752142.01-Chicago Server 2A
915696.2 -- 89079 082
Store #0317 - Moreno Valley
06/30/09
MSW - Draft May 6, 2009 - 11:32 AM
First Amendment to PSA

estate, in the good faith business judgment of the
Seller.

**B.    Sale And Transfer Of The Property.**

7.    Pursuant to Bankruptcy Code sections
363(b) and 363(f), upon the consummation of the
Agreement, the Seller's right, title, and interest in
the Property shall be transferred to the Purchaser free
and clear of all Liens except the Permitted
Encumbrances, with all such Liens to attach to the cash
proceeds of the Sale in the order of their priority,
with the same validity, force, and effect which they had
as against the Property immediately before such
transfer, subject to any claims and defenses the Seller
may possess with respect thereto.

8.    If any person or entity which has filed
financing statements, mortgages, mechanic's liens, lis
pendens, or other documents or agreements evidencing
Liens on or against the Property shall not have
delivered to the Seller prior to the Closing of the
Sale, in proper form for filing and executed by the
appropriate parties, termination statements, instruments
of satisfaction, releases of all Liens that the person

14

or entity has with respect to the Property, or otherwise, then (a) the Seller is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Property and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Approval Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens on or against the Property of any kind or nature whatsoever except for the Permitted Encumbrances.

9.    This Sale Approval Order (a) shall be effective as a determination that, upon the Closing of the Sale, all Liens of any kind or nature whatsoever existing as to the Seller or the Property prior to the Closing of the Sale, except for the Permitted Encumbrances, have been unconditionally released, discharged, and terminated (other than any surviving obligations), and that the conveyances described herein have been effected and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title

15

752142.01-Chicago Server 2A
915096.2 - 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11.32 AM

First Amendment to PSA

agents, title companies, recorders of mortgages,
recorders of deeds, registrars of deeds, administrative
agencies, governmental departments, secretaries of
state, federal, state, and local officials, and all
other persons and entities who may be required by
operation of law, the duties of their office, or
contract, to accept, file, register, or otherwise record
or release any documents or instruments, or who may be
required to report or insure any title or state of title
in or to any of the Property.

    10.  All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,

16



752142.01-Chicago Server 2A
915096.2 – 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property, or the Property, such persons' or entities' Liens. Nothing in this Sale Approval Order or the Agreement releases or nullifies any liability to a governmental agency under any environmental laws and regulations that any entity would be subject to as owner or operator of any Property after the date of entry of this Sale Approval Order. Nothing in this Sale Approval Order or the Agreement bars, estops, or enjoins any governmental agency from asserting or enforcing, outside the Court, any liability described in the preceding sentence. Notwithstanding the above, nothing herein shall be construed to permit a governmental agency to obtain penalties from the Purchaser for days of violation of environmental laws and regulations prior to Closing.

C.    **Additional Provisions**

11.    The consideration provided by the Purchaser for the Property under the Agreement is hereby deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the

17

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Uniform Fraudulent Conveyance Act, the Uniform

Fraudulent Transfer Act, and under the laws of the

United States, and any state, territory, or possession

thereof, or the District of Columbia.

12.   Upon the Closing of the Sale, this Sale

Approval Order shall be construed as and shall

constitute for any and all purposes a full and complete

general assignment, conveyance, and transfer of all the

Property or a bill of sale transferring good and

marketable title in the Property to the Purchaser

pursuant to the terms of the Agreement.

13.   The transactions contemplated by the

Agreement are undertaken by the Seller and the Purchaser

at arm's-length, without collusion and in good faith, as

that term is used in section 363(m) of the Bankruptcy

Code, and accordingly, the reversal or modification on

appeal of the authorization provided herein to

consummate the sale of the Property shall not affect the

validity of the Sale to the Purchaser, unless such

authorization is duly stayed pending such appeal.   The

Purchaser is a purchaser in good faith, within the

meaning of section 363(m) of the Bankruptcy Code, of the

18

Property, and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

14. The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

15. The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

16. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17. This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects,

19



752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

including, but not limited to, retaining jurisdiction to
(a) compel delivery of the Property to the Purchaser,
(b) compel delivery of the purchase price or performance
of other obligations owed to the Seller pursuant to the
Agreement, (c) resolve any disputes arising under or
related to the Agreement, (d) interpret, implement, and
enforce the provisions of this Sale Approval Order, and
(e) protect the Purchaser against any Lien against the
Seller or the Property of any kind or nature whatsoever,
except for Permitted Encumbrances, which Liens, valid
and timely perfected, shall attach to the proceeds of
the Sale.

Dated:  Richmond, Virginia

August 27, 2009

_____

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

20

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley

08/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

Gregg M. Galardi, Esq.

Ian S. Fredericks, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

One Rodney Square

PO Box 636

Wilmington, Delaware 19899-0636

(302) 651-3000


      - and -


Chris L. Dickerson, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

155 North Wacker Drive

Chicago, Illinois 60606

(312) 407-0700


      - and -


/s/ Douglas M. Foley

Dion W. Hayes (VSB No. 34304)

Douglas M. Foley (VSB No. 34364)

MCGUIREWOODS LLP

One James Center

752142.01-Chicago Server 2A
915096.2 -- 89079.082

Store #0317 - Moreno Valley
06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA

901 E. Cary Street

Richmond, Virginia 23219

(804) 775-1000


Counsel to the Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**


Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


/s/ Douglas M. Foley

752142.01-Chicago Server 2A
915096.2 -- 89059.082

Store #0317 - Moreno Valley

06/30/09

MSW - Draft May 6, 2009 - 11:32 AM

First Amendment to PSA