**Exhibit 1**


**(Agreement)**


915096.2 -- 89079.082



Store #0317 - Moreno Valley

06/30/09                                    First Amendment to PSA

**SECOND AMENDMENT**
**TO**
**PURCHASE AND SALE AGREEMENT**

THIS SECOND AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "Amendment") is made and entered into as of August 25, 2009, by and between CIRCUIT CITY STORES WEST COAST, INC., a California corporation ("Seller"), and 99¢ Only Stores, a California corporation ("Purchaser"), with reference to the following recitals:

**RECITALS**

A.    Seller and Purchaser are parties to that certain Purchase and Sale Agreement dated as of May 15, 2009, as amended by that certain First Amendment to Purchase and Sale Agreement dated as of June 30, 2009 (collectively, the "Purchase Agreement").

B.    Seller and Purchaser desire to enter into this Amendment to amend the Purchase Agreement as herein provided.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Seller and Purchaser agree as follows:

**AMENDMENT**

1.    AMENDMENTS.

1.1    Property.    The first sentence of Section 1.1 of the Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"Subject to the terms and conditions of this Agreement, Seller hereby agrees to sell and convey to Purchaser, and Purchaser hereby agrees to purchase from Seller, all of the Seller's right, title and interest in and to the property located at 12530 Day Street, Moreno Valley, California, comprising approximately 3.53 acres, and being more particularly described on Exhibit A attached hereto and made a part hereof, together with (i) all the rights and appurtenances pertaining to such land, (ii) all buildings (including a building containing approximately 33,970 square feet), structures, and other improvements on said land, (iii) electrical, mechanical, air conditioning and other fixtures attached thereto, (iv) to the extent included in the Sale Order entered by the Bankruptcy Court, all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller, with the express acknowledgment and understanding that these rights do not include any signage or other rights related in any way to the monument sign that is the subject of that certain Sign Easement Agreement dated on or about July 18, 2005 by and between Lowe's HIW, Inc. and Seller and as identified in Exhibit C to that certain Sign Easement Agreement, (v) to the extent assignable, plans, specifications, permits, reports, development rights, and title insurance pertaining to such land; and (vi) all other personal property situated on such land or in such buildings on the Closing Date (herein collectively called the "Property"); provided, however, the Property shall not include any lifts or racking located in the buildings, if any (the "Excluded FF&E"), which shall be excluded from the sale."

**Page 1 of 3**

Store #0317 – Moreno Valley
08/25/09

**Second Amendment to Purchase and Sale Agreement**

1.2    Permitted Encumbrances. The first sentence of Section 6.2 of the Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"Possession of the Property shall be delivered to Purchaser at the Closing, subject to (i) liens for real property taxes that are not yet due and payable, (ii) zoning ordinances, building codes and other land use laws and applicable governmental regulations, (iii) all covenants, agreements, conditions, easements, restrictions and rights, whether of record or otherwise (excluding, however, mortgages, deeds of trust, mechanics liens, tax liens, judgment liens, any other liens securing monetary amounts, leases, licenses, any other similar agreements conveying possessory rights (other than easements and similar rights), purchase option rights, rights of first refusal and any other similar rights of purchase) including, without limitation, the covenants, agreements, conditions, easements, restrictions and rights under the Declaration of Covenants, Conditions, Restrictions and Reciprocal Rights dated January 30, 2002, and recorded on January 31, 2002, Document Number 2002-059049 Recorded in Official Records County of Riverside (the "CC&Rs"), provided, however, that Purchaser shall take free and clear of, and shall have no obligations for, any monetary amounts arising under the CC&Rs prior to the Closing, and (iv) any and all matters that would be shown by a physical inspection of the Property (collectively, the "Permitted Encumbrances")."

1.3    Sale Order. The form of Sale Order attached to the Purchase Agreement as Exhibit E is hereby deleted in its entirety and replaced with the form of Sale Order attached hereto as Schedule 1. Without otherwise modifying the terms of Section 6.5(a) of the Purchase Agreement, Seller and Purchaser agree that the Sale Order shall be deemed to be substantially similar to the form attached hereto even if it does not contain the phrase "all vested signage rights of Seller in connection with such land and the building located thereon, including, without limitation, the rights to signage granted to Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller, with the express acknowledgment and understanding that these rights do not include any signage or other rights related in any way to the monument sign that is the subject of that certain Sign Easement Agreement dated on or about July 18, 2005 by and between Lowe's HIW, Inc. and Seller and as identified in Exhibit C to that certain Sign Easement Agreement)" as part of the "Property" conveyed pursuant to the Sale Order.

1.4    Closing Date. Section 6.1 of the Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"Unless otherwise agreed by the parties in writing, the closing of the purchase and sale of the Property (the "Closing") shall be conducted by mail or, if necessary, held at the offices of Escrow Agent not later than the date that is the later to occur of (i) ten (10) days following entry by the Bankruptcy Court of the Sale Order, or (ii) September 9, 2009, unless such later of date is a Monday or Friday, in which event the Closing shall occur on the next day on which the Riverside County Recorder's Office is open to the public for business (the date on which the Closing occurs is referred to as the "Closing Date")."

2.    CAPITALIZED TERMS. Capitalized terms used in this Amendment but not otherwise defined or modified herein shall have the meaning ascribed to such terms in the Purchase Agreement.



Store #0317 – Moreno Valley
08/25/09

Second Amendment to Purchase and Sale Agreement

3.    REMAINING TERMS OF THE PURCHASE AGREEMENT REMAIN IN EFFECT.  Except to the extent modified by this Amendment, the Purchase Agreement is in full force and effect.  To the extent of any inconsistency between this Amendment and the Purchase Agreement, the terms and conditions of this Amendment shall control.

4.    FACSIMILE COUNTERPARTS.  This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument.  The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

        IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

SELLER                                              PURCHASER

CIRCUIT CITY STORES WEST COAST, INC.,              99¢ ONLY STORES,
a California corporation                            a California corporation

By:_____                          By:_____
Name:_____                          Name: Jesse D. Allen
Title:_____                          Title: Director Real Estate

Store #0317 — Moreno Valley
08/25/09

Second Amendment to Purchase and Sale Agreement

4.    <u>FACSIMILE COUNTERPARTS</u>. This Amendment may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which shall, taken together, be deemed to be one instrument. The Amendment may be exchanged by and between the parties via facsimile or similar electronic means.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed as of the day and year first above written.

<u>SELLER</u>                                              <u>PURCHASER</u>

CIRCUIT CITY STORES WEST COAST, INC.,    99¢ ONLY STORES,
a California corporation                              a California corporation

By: _____          By: _____
Name: _____          Name: _____
Title: _____          Title: _____

3

**SCHEDULE 1**

**FORM OF SALE ORDER**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| - - - - - - - - - - - - - - | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., et al., | : | Case No. 08-35653 (KRH) |
| | : | |
| Debtors. | : | |
| | : | Jointly Administered |
| - - - - - - - - - - - - - - | x | |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105 AND 363 AND
BANKRUPTCY RULES 2002 AND 6004 APPROVING SALE OF CERTAIN REAL
PROPERTY LOCATED IN MORENO VALLEY, CALIFORNIA FREE AND
CLEAR OF LIENS AND INTERESTS**

Upon the motion (the "Motion")[1] of Circuit City Stores West Coast, Inc. (the "Seller," and collectively with the debtors and debtors in possession in the above-captioned jointly administered cases, the "Debtors") for orders pursuant to Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004 (I)(a) approving Bidding Procedures for the Sale of the certain real property of the Seller located at 12530 Day Street in Moreno Valley, California, including all vested signage rights of the Seller in connection with such real property and the building located thereon (including, without limitation rights to signage granted to the Seller pursuant to that certain Development Agreement dated as of October 24, 2003 by and between Gateway Company, L.C. and Seller, with the express acknowledgment and understanding that these rights do not include any signage or other rights related in any way to the monument sign that is the subject of that certain Sign Easement Agreement dated on or about July 18, 2005 by and between Lowe's HIW, Inc. and Seller and as identified in Exhibit C to that certain Sign Easement Agreement) (collectively, the "Property"), (b) authorizing the Seller to enter into the Purchase and Sale Agreement (as amended, the "Agreement"), a copy of which is attached hereto as Exhibit 1, dated as of May 15, 2009 by and between the Seller and 99¢ Only Stores (the "Purchaser"), (c) approving the Expense Reimbursement in connection therewith, and (d) scheduling Auction and Sale Hearing dates; (II) approving the Sale of the Property free and clear of all liens and interests; and (III) granting related relief; and the Court having entered its Order

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(I) Approving Bidding Procedures, (II) Authorizing Seller to Enter Into Agreement,
(III) Approving Expense Reimbursement, and (IV) Setting Auction And Sale Hearing Dates
on July 28, 2009 (the "Bidding Procedures Order") (Docket No.4305); and the Sale Hearing
having been held on August 27, 2009, at which time all interested parties were offered an
opportunity to be heard with respect to the Motion; and the Court having reviewed the
Motion; and the Court having determined that the relief requested in the Motion is in the best
interests of the Seller, its estate, its creditors and other parties in interest; and it appearing
that proper and adequate notice of the Motion has been given and that no other or further
notice is necessary; and upon the record herein; and after due deliberation thereon; and good
and sufficient cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C.
§§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.    Venue of these cases and the Motion in this district is proper under
28 U.S.C. §§ 1408 and 1409.

C.    As evidenced by the affidavits of service previously filed with the
Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely,
adequate, and sufficient notice of the Motion, the Sale Hearing, the Sale, the Bid Deadline,
and the Auction as approved herein has been provided in accordance with Bankruptcy Code
sections 102(l) and 363 and Bankruptcy Rules 2002 and 6004, (ii) such notice was good,

---

2 Findings of fact shall be construed as conclusions of law and
conclusions of law shall be construed as findings of fact when
appropriate. See Fed. R. Bankr. P. 7052.

**Store #0317 - Moreno Valley**                    **Schedule 1 - Page 3 of 14**
**08/25/09**

**Second Amendment to Purchase and Sale Agreement**

sufficient, and appropriate under the circumstances and (iii) no other or further notice of the

Motion, the Sale Hearing, the Sale, the Bid Deadline and the Auction is necessary or shall be

required.

        D.     As demonstrated by (i) the testimony and other evidence proffered

or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at

the Sale Hearing, the Seller has marketed the Property and conducted the sale process in

compliance with the Bidding Procedures Order.

        E.     The Seller has full power and authority to execute the Agreement

and all other applicable documents contemplated thereby. The transfer and conveyance of

the Property by the Seller have been duly and validly authorized by all necessary action of

the Seller. The Seller has all of the power and authority necessary to consummate the

transactions contemplated by the Agreement and has taken all action necessary to authorize

and approve the Agreement and to consummate the transactions contemplated thereby. No

consents or approvals, other than those expressly provided for in the Agreement, are required

for the Seller to consummate such transactions.

        F.     The Seller has demonstrated good, sufficient, and sound business

purpose and justification for the Sale because, among other things, the Seller and its advisors

diligently and in good faith analyzed all other available options in connection with the

disposition of the Property and determined that (a) the terms and conditions set forth in the

Agreement, (b) the transfer to the Purchaser of the Property pursuant thereto and (c) the

Purchase Price agreed to as reflected in the Agreement are all fair and reasonable and

together constitute the highest or otherwise best value obtainable for the Property.

G.    A reasonable opportunity to object or be heard with respect to the

Motion and the relief requested therein has been afforded to all interested persons and

entities, including without limitation: (a) those parties entitled to notice under the Order

Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and

Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management,

and Administrative Procedures (D.I. 130; the "Case Management Order"), (b) all entities

known to have expressed an interest in a transaction regarding the Property during the past

three (3) months; (c) all entities known to have an interest in any of the Property; and (d) all

federal, state, and local regulatory or taxing authorities or recording offices that have a

reasonably known interest in the relief requested through the Motion.

H.    The Purchaser is not an "insider" of any of the Debtors as that term

is defined in 11 U.S.C. § 101(31).

I.    This Sale Approval Order and the consummation of the

contemplated transactions are supported by good business reasons, and will serve the best

interests of the Seller, its estate and creditors by maximizing the value to be obtained from

the Property.

J.    The Agreement was negotiated, proposed, and entered into by the

Seller and the Purchaser without collusion, in good faith, and from arm's-length bargaining

positions. Neither the Seller nor the Purchaser has engaged in any conduct that would cause

or permit the Sale to be avoidable under Bankruptcy Code section 363(n).

K.    The Purchaser is a good faith purchaser under Bankruptcy Code

section 363(m) and, as such, is entitled to all of the protections afforded thereby. The

Purchaser will be acting in good faith within the meaning of Bankruptcy Code section



363(m) in closing the transactions contemplated by the Agreement at all times after the entry of this Sale Approval Order.

        L.      The consideration provided by the Purchaser for the Property pursuant to the Agreement (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Seller's stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia.

        M.      The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

        N.      The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Seller to the Property.  The Property would be sold free and clear of free and clear of any lien (including tax liens and any statutory or common law liens, possessory or otherwise), charge, pledge, security interest, conditional sale agreement or other title retention agreement, lease, mortgage, security interest, option or other encumbrance (including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction) and any monetary amounts which are secured by any lien (collectively, the "Liens"), except for (i) liens for real property taxes that are not yet due and payable, (ii) zoning ordinances, building codes and other land use laws and applicable governmental regulations, (iii) all covenants, agreements, conditions, easements, restrictions and rights, whether of record or otherwise (excluding, however, mortgages, deeds of trust, mechanics liens, tax liens, judgment liens, any other liens securing monetary amounts,

leases, licenses, any other similar agreements conveying possessory rights (other than

easements and similar rights), purchase option rights, rights of first refusal and any other

similar rights of purchase) including, without limitation, the covenants, agreements,

conditions, easements, restrictions and rights under the Declaration of Covenants,

Conditions, Restrictions and Reciprocal Rights dated January 30, 2002, and recorded on

January 31, 2002, Document Number 2002-059049 Recorded in Official Records County of

Riverside (the "CC&Rs"), provided, however, that Purchaser shall take free and clear of, and

shall have no obligations for, any monetary amounts arising under the CC&Rs prior to the

closing of the Sale, and (iv) any and all matters that would be shown by a physical

inspection of the Property (collectively, the "Permitted Encumbrances").

        O.     If the Sale of the Property by the Seller were not free and clear of

any Liens, except for the Permitted Encumbrances, as set forth in the Agreement and this

Sale Approval Order, or if the Purchaser would, or in the future could, be liable for any of

the Liens, the Purchaser would not have entered into the Agreement and would not

consummate the Sale contemplated by the Agreement, thus adversely affecting the Seller, its

estate, and its stakeholders.

        P.     The Seller may sell its interest in the Property free and clear of all

Liens (except the Permitted Encumbrances) because, in each case, one or more of the

standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. All holders

of Liens who did not object or withdrew their objections to the Sale are deemed to have

consented to the Sale pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are

adequately protected by having their Liens, if any, attach to the cash proceeds of the Sale

ultimately attributable to the property against or in which they claim an interest with the

same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

Q.    Approval of the Agreement and consummation of the Sale of the Property at this time are in the best interests of the Seller, its estate, its stakeholders and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is GRANTED.  Any and all objections to the Motion not waived, withdrawn, settled, adjourned or otherwise resolved herein are hereby overruled and denied with prejudice.

**A.    Approval Of The Agreement.**

2.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

3.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized, but not directed, to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

4.    The Seller is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement, the Agreement, together with all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property as contemplated by the Agreement.



5.      This Sale Approval Order and the Agreement shall be binding in all respects upon all stakeholders (whether known or unknown) of the Seller, all affiliates and subsidiaries of the Seller, and any subsequent trustees appointed in the Seller's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code.  To the extent that any provision of this Sale Approval Order is inconsistent with the terms of the Agreement, this Sale Approval Order shall govern.

6.      The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court; _provided_ that any such modification, amendment, or supplement is disclosed to the Creditors' Committee and does not have a material adverse effect on the Seller's estate, in the good faith business judgment of the Seller.

**B.      Sale And Transfer Of The Property.**

7.      Pursuant to Bankruptcy Code sections 363(b) and 363(f), upon the consummation of the Agreement, the Seller's right, title, and interest in the Property shall be transferred to the Purchaser free and clear of all Liens except the Permitted Encumbrances, with all such Liens to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they had as against the Property immediately before such transfer, subject to any claims and defenses the Seller may possess with respect thereto.

8.      If any person or entity which has filed financing statements, mortgages, mechanic's liens, _lis pendens_, or other documents or agreements evidencing Liens on or against the Property shall not have delivered to the Seller prior to the Closing of

the Sale, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of all Liens that the person or entity has with

respect to the Property, or otherwise, then (a) the Seller is hereby authorized to execute and

file such statements, instruments, releases, and other documents on behalf of the person or

entity with respect to the Property and (b) the Purchaser is hereby authorized to file, register,

or otherwise record a certified copy of this Sale Approval Order, which, once filed,

registered, or otherwise recorded, shall constitute conclusive evidence of the release of all

Liens on or against the Property of any kind or nature whatsoever except for the Permitted

Encumbrances.

9.    This Sale Approval Order (a) shall be effective as a determination

that, upon the Closing of the Sale, all Liens of any kind or nature whatsoever existing as to

the Seller or the Property prior to the Closing of the Sale, except for the Permitted

Encumbrances, have been unconditionally released, discharged, and terminated (other than

any surviving obligations), and that the conveyances described herein have been effected and

(b) shall be binding upon and shall govern the acts of all entities including, without

limitation, all filing agents, filing officers, title agents, title companies, recorders of

mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental

departments, secretaries of state, federal, state, and local officials, and all other persons and

entities who may be required by operation of law, the duties of their office, or contract, to

accept, file, register, or otherwise record or release any documents or instruments, or who

may be required to report or insure any title or state of title in or to any of the Property.

10.    All persons and entities, including, but not limited to, all debt

security holders, equity security holders, governmental, tax, and regulatory authorities,



lenders, trade stakeholders, and other stakeholders, holding Liens of any kind or nature

whatsoever against or in the Seller or the Property, except the Permitted Encumbrances

(whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-

contingent, senior or subordinated) arising under or out of, in connection with, or in any way

relating to the Property prior to the Closing of the Sale, or the transfer of the Property to the

Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting

against the Purchaser, its successors or assigns, its property, or the Property, such persons' or

entities' Liens.  Nothing in this Sale Approval Order or the Agreement releases or nullifies

any liability to a governmental agency under any environmental laws and regulations that

any entity would be subject to as owner or operator of any Property after the date of entry of

this Sale Approval Order.  Nothing in this Sale Approval Order or the Agreement bars,

estops, or enjoins any governmental agency from asserting or enforcing, outside the Court,

any liability described in the preceding sentence.  Notwithstanding the above, nothing herein

shall be construed to permit a governmental agency to obtain penalties from the Purchaser

for days of violation of environmental laws and regulations prior to Closing.

**C.    Additional Provisions**

11.    The consideration provided by the Purchaser for the Property under

the Agreement is hereby deemed to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the

Uniform Fraudulent Transfer Act, and under the laws of the United States, and any state,

territory, or possession thereof, or the District of Columbia.

12.    Upon the Closing of the Sale, this Sale Approval Order shall be

construed as and shall constitute for any and all purposes a full and complete general

assignment, conveyance, and transfer of all the Property or a bill of sale transferring good and marketable title in the Property to the Purchaser pursuant to the terms of the Agreement.

13.    The transactions contemplated by the Agreement are undertaken by the Seller and the Purchaser at arm's-length, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith, within the meaning of section 363(m) of the Bankruptcy Code, of the Property, and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

14.    The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

15.    The failure specifically to include or to reference any particular provision of the Agreement in this Sale Approval Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

16.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

17.    This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Sale Approval Order, the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to,



retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) compel

delivery of the purchase price or performance of other obligations owed to the Seller

pursuant to the Agreement, (c) resolve any disputes arising under or related to the

Agreement, (d) interpret, implement, and enforce the provisions of this Sale Approval Order,

and (e) protect the Purchaser against any Lien against the Seller or the Property of any kind

or nature whatsoever, except for Permitted Encumbrances, which Liens, valid and timely

perfected, shall attach to the proceeds of the Sale.

Dated: Richmond, Virginia
       August 27, 2009


_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

     - and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

     - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP

One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession

### CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Douglas M. Foley

Store #0317 - Moreno Valley                    Schedule 1 - Page 14 of 14    
08/25/09

Second Amendment to Purchase and Sale Agreement

**Exhibit 1**

**(Agreement)**

Exhibit 1

Store #0317 - Moreno Valley
08/25/09

Second Amendment to Purchase and Sale Agreement