IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT
OF VIRGINIA RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) Chapter 11 | |
| | ) | |
| CIRCUIT CITY STORES, INC., | ) Case No. 08-35653 (KRH) | |
| et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) Jointly Administered | |
| | ) | |

**OBJECTION'S RESPONSE TO ORDER ON DEBTORS' FIFTEENTH OMNIBUS
OBJECTION TO CLAIMS (RECLASSIFICATION OF CLAIMS FILED BY EQUITY
HOLDERS TO INTERESTS)**

Referenced the order stated above in the caption I, Susan M. Allen, a claimant request the mercy of the court. Request the mercy of the court for some of the following reasons stated below (and, thus request the court revoke the respective order):

1. All the debtors' legal documents including the respective order which have been submitted to this court reference this case all the legal documents request for action, the motions and including this order' content as stated are not in the best financial interest of the claimants. Moreover, the debtors, Circuit City Stores, Inc.'s board of trustees and managers had a duty and responsibility to include the best financial interest to the claimants. Request the court's mercy and it render justice and fairness to all parties including the claimants, and their financial interests.

2. NOTE procedural violation by debtors: The respective order, "Order On Debtors' Fifteenth Omnibus Objection To Claims" was signed and dated on August 12, 2009, Wednesday. First, the debtors, in paragraph 4, on page 3 of the document publishing the respective order's basically stated, "... they would serve the respective Order on or before five (5) business days from the entry of this Order." However, I, a claimant,

1

received late the notification of the Order, I received it on August 22, 2009, Saturday (ten calendar days later and seven business days later). Moreover, rule violation: "Seven (7) business days after the signing of the order I, and possibly some other claimants, were served notice of order" which is 2 days pass the required five (5) business days that the court requires notification. Second, moreover, document filed by the debtors that there is scheduled a court hearing today August 27, 2009 or later date. Thus, moreover more possible violations by the debtors of rules and procedures of respective Federal Courts located in Virginia and State Courts of Virginia of their procedures and rules on notification requirements. The court minimum time requirement required by a party to serve a motion or an order, or other legal documents to an opposing party that can be objected by the opposing party particularly if the opposing party desires to file a memorandum, the minimum time requirement usually is not less than 5/or 7 business days prior to the respective court date the parties will appear in court to hear the respective disputed issue (s). Moreover, a minimum requirement can possibly be two weeks notice between the notification and respective court appearance of the parties, depending on the respective court's procedures.

Finally, request the mercy of the court to render justice for the claimant, revoke the respective order; and, again note the notification of the respective order was not served in the required time as specified by the signed order and required by the court's rules and procedures to the opposing party (ies), in the instant case the claimants.

Dated: August 27, 2009

I ASK FOR THIS:
Susan M. Allen, Esq., (D.C. bar no. #489992) (MAJ., RET.)
P. O. Box 1252
Ft. Belvoir, VA
Pro Se, Susan M. Allen, a Claimant

*Susan M. Allen* (signature)

Susan M. Allen

2