September 28th 2009

To whom this may concern:

My name is Glenn Cordell Duncan , I am writing in regards to the Circuit City Age Discrimination Case.

I was Empolyee for 16 ½ years seeking retirement. A Company that I was so sure that wouldn't let me down, my Mortgage was based on this income. We depended on this check for our main source of income for daycare , band ,Scouts and dance classes

When employed with Circuit City , I enjoyed my job, I took care of the everyday things from the trucks ,to the put up of merchandise, I have watch many come and go, for theft. Still I remained faithful, dependable, reliable and honest, to this company. My manager Ray Thompson knew if I was at work everything was taken care of by the end of the day.

The day I was let go, I felt hurt and let down , that I put in all this time with this company and they didn't let me know that I needed to seek empolyment , they should have giving us more warning then that.To this day, I still don't have a job that meet the pay what this job gave me. I've almost lost my home, had to file chapter 13 to keep my home. That was the most nerve racking thing ever to do. Specially when you have put in time and energy into a company. The package pay they gave us didn't even cover two months of my mortgage. So I begin to get behind in my payments. Also , I was out of health insurance.

I have a wife and two children, their where times I missed from them to help out at the store. Thanksgiving sale, Christmas Eve, and other events , all to think that I had Job security. Than theirs the Circuit City the extended Family ,we where like family , we went to Church with our families to gather sometimes and one of the Employees died and that really brought us closer, we begin to pray before the store open. Sense of security is what I thought I had, I wanted so much be to the first out of my siblings to retire from company and instead the company retired me and ask me to reapply .

The amount I stated in the enclosed letter$300,000.00,(three hundred thousand dollars) is what I believe Circuit city owe me, my raises/overtime/worked hours that I would have made. We have really suffered not having my Job. We still trying to get that job that covers this income. My wife had to take on a second job and that give us less time as a family.

Sincerely Your

Glenn Cordell Duncan Sr.

P.S. any questions Please contact me at:

(251)802-3927 my cell

(251) 973-2469 House after 6:00p.m





CASE NO: 08-35653
PRF NO. 18538

DUNCAN, GLENN C
4750 OLD MILITARY RD
THEODORE, AL 36582

SVC: 2
PACK NO: 83
OMNI 31

In re: Circuit City Stores, Inc, et al.  
Case No. 08-35653-KRH

Debtors' Thirty-First Omnibus Objection to Claims (Legal No Liability) - Disallowed

**EXHIBIT C**

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT * | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|
| DRAXLER, STEVEN F<br>ADDRESS ON FILE | 7771 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: UNL<br>Total: UNL | 01/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DUBOIS, CYNTHIA<br>ADDRESS ON FILE | 9947 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: $2,000.00<br>Total: $2,000.00 | 01/29/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DUNCAN, GLENN<br>ADDRESS ON FILE | 2725 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: 500,000.00 UNL<br>Total: UNL | 01/06/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DUNCAN, GLENN C<br>ADDRESS ON FILE | 2722 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: 300,000.00 UNL<br>Total: UNL | 01/06/2009 | CIRCUIT CITY STORES, INC. (08-35653) |
| DUNCAN, JAMES<br>ADDRESS ON FILE | 2233 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: $31.48<br>Total: $31.48 | 12/29/2008 | CIRCUIT CITY STORES, INC. (08-35653) |
| DUNCAN, JAMES<br>ADDRESS ON FILE | 2234 | Secured:<br>Priority:<br>Administrative<br>503(b)(9):<br>Unsecured: $5,559.99<br>Total: $5,559.99 | 12/29/2008 | CIRCUIT CITY STORES, INC. (08-35653) |

* "UNL" denotes an unliquidated claim.

"Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow and/or modify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO  4/806-2008           | Claim Number | Amount Claimed as Filed |
|--------------------------|--------------|-------------------------|
| Glenn C Duncan           | 2722         | $300,000.00             |
| [Claimant Name][1]       |              |                         |
| [Claimant Address]       |              |                         |
| 4250 Old Military Rd     |              |                         |
| Theodore, Al 36582       |              |                         |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M.(EASTERN) ON SEPTEMBER 15, 2009, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>Critical Information for Claimants<br>Choosing to File a Response to the Objection</u>

<u>Who Needs to File a Response</u>: If you oppose the relief requested in the Objection and if you are unable to resolve

---

[1] Personalized claim information is included in the personalized notices served on the claimants listed on <u>Exhibit B</u> to the Objection.

2

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:                         :   Chapter 11
                               :
CIRCUIT CITY STORES, INC.,     :   Case No. 08-35653 (KRH)
et al.,                        :
                               :
                 Debtors.      :   Jointly Administered
- - - - - - - - - - - - - - - x

**NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (the "Objection") with the Bankruptcy Court. A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Omnibus Objection, the Debtors are seeking to disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| VANESSA BRACKETT DUNCAN and GLENN DUNCAN, non-filing Co-Debtor, Debtor(s) | * * * * CHAPTER 13 * CASE NO.: 08-13203-WSS * |
| AMERICAN HOME MORTGAGE SERVICING, INC. ("AHMSI") Movant. | * * * |

## AGREED ORDER CONDITIONALLY DENYING COMPLAINT

The Movant, American Home Mortgage Servicing, Inc. ("AHMSI"), filed a motion for relief from stay against Debtor, Vanessa Brackett Duncan, seeking relief from the stay which operates as a result of the Debtor having filed a petition under the Bankruptcy Code. The Movant seeks an order authorizing Movant to foreclose its mortgage according to the powers set out in the mortgage. The mortgage is held by Movant with regard to the following described property situated in the County of Mobile, State of Alabama:

> **COMMENCING AT THE NORTHWEST CORNER OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 2, TOWNSHIP 7 SOUTH, RANGE 2 WEST, THENCE EAST, 450.00 FEET TO THE POINT OF BEGINNING, THENCE CONTINUE EAST 239.72 FEET, THENCE SOUTH 276.45 FEET; THENCE WEST 61.41 FEET, THENCE SOUTH 386.14 FEET, THENCE SOUTH 77 DEGREES 49 MINUTES WEST ALONG THE NORTH LINE OF THE OLD MILITARY ROAD, 106.40 FEET, THENCE SOUTH 71 DEGREES 53 MINUTES WEST ALONG THE NORTH LINE OF THE SAID ROAD, 74.41 FEET, THENCE NORTH 697.78 FEET TO THE POINT OF BEGINNING.**

Vanessa Brackett Duncan executed a note and mortgage to Creditor, then known as H&R Block Mortgage Corporation, dated January 26, 2007, on the

following property located in Mobile County, Alabama, which is recorded in Real Property Book 6123, Page 441, of said Probate Court Records. The mortgage is in default.

**Upon the consent of the parties hereto**, it is ORDERED that the relief prayed for by American Home Mortgage Servicing, Inc. ("AHMSI"), is CONDITIONALLY DENIED. The condition is the Debtor is to pay the arrearage in the amount of $5,758.34 which consists of the following:

| | |
|---|---|
| 4/09 through 8/09 (5 @ $975.00) | $ 4,875.00 |
| Less: suspense | -105.56 |
| Attorney's fee - Motion for Relief | 550.00 |
| Filing fee – Motion for Relief | 150.00 |
| Less payment | - 950.00 |
| Less payment | -1,950.00 |
| TOTAL | $ 2,569.44 |

The arrearage shall be paid through Debtor's Chapter 13 plan for which a claim shall be allowed and paid. Debtor's regular monthly post-petition payments shall recommence with the August 1, 2009, payment.

The terms of this ORDER for repayment of the arrearage shall apply only so long as the Chapter 13 remains pending.

It is further ORDERED if the future regular monthly payments come into default and, upon a written fifteen (15) day notice of default to Debtor and Debtor's attorney, the Debtor fails to cure the arrears, then the automatic stay as to Debtor shall be terminated and Movant is then authorized to immediately foreclose its mortgage without further order of this Court.

Bankruptcy Rule 3001(a)(3), as amended, in not applicable and Movant may immediately enforce and implement this ORDER granting relief from stay.

Dated: August 20, 2009

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

Slideshows


Amelia's Photos From The Sky

- Freed U.S. Journalists Return Home
- Michael Jackson Memorial
- SoCal's Most Wanted Fugitives
- 2009 Celebrity Deaths

E-mail    Print    Share +

Dec 12, 2008 2:20 pm US Pacific

## Ex-Circuit City Workers Win $15M In Lawsuit

LOS ANGELES (CBS) -- More than 200 former employees of Circuit City will share in a $15 million settlement of a lawsuit in which they claimed they were laid off due to age discrimination, their lawyer said Friday.

Los Angeles Superior Court Judge Victoria Chaney Friday approved the agreement during a hearing, said Gloria Allred, the plaintiffs' attorney.

Although the electronics store chain filed for bankruptcy in November, the judge's approval of the accord allows the former employees to become creditors to the bankruptcy action, Allred said.

"We intend to go after every dollar possible," Allred said. "Just because Circuit City is in bankruptcy doesn't mean they necessarily will get out of it."

In March 2007, the Richmond, Va.-based Circuit City Stores Inc. laid off 3,400 employees who earned more than the local rate for a similar job. The former employees' lawsuit, filed in April 2007, maintained they were replaced with lower-paid, new workers.

Among those who lost their jobs and sued was 67-year-old Eloise Garcia.

Shortly after losing her job, she said being unemployed would make it hard for her to pay her bills.

"At my age I know it will be hard for me to find a job," Garcia said. "I just couldn't believe that after 17 1/2 years, Circuit City would do this to me."

Friday, she said she was pleased with the outcome of the case. Her thoughts were echoed by another former employee, Joe Angel, 44, who worked at the Pasadena store for 24 years.

"I'm just happy there was a settlement," Angel said. "I don't think discrimination should ever be allowed in the workplace."

Because pay rate was the sole criteria Circuit City used in determining which employees were laid off, the impact fell on those with the most seniority, who tended to be older workers, Allred said.

A Circuit City official said previously that discrimination was not involved.

"It had nothing to do with their skills or whether they were a good worker or not. It was a function of their salary relative to the market," said Circuit City spokesman Bill Cimino.

2008 CBS Broadcasting Inc. All Rights Reserved. This material may not be published, broadcast, rewritten, or redistributed. Wire services contributed to this report.



1 of 1    Click to enlarge

Because pay rate was the sole criteria Circuit City used in determining which employees were laid off, the impact fell on those with the most seniority, who tended to be older workers, said Gloria Allred, the plaintiffs' attorney.
AP

http://cbs2.com/business/Circuit.City.lawsuit.2.886140.html          8/27/2009

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ___) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Omnibus Objection seeks to disallow claims, including your claim(s), listed below in the "Claim to Be Disallowed" row but does not seek to alter your claim listed below in the "Surviving Claim" row.

| TO: | | Claim Number | Claim Amount | Reference Objection |
|---|---|---|---|---|
| [Claimant Name] [Claimant Address] | Claim to Be Disallowed | 2722 | $300,000.00 | |
| | Surviving Claim | | | |

YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.</u> THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY WITHIN 30 DAYS OF THE SERVICE OF THIS OBJECTION, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.

```
Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| et al., | : | |
| | : | |
| Debtors. | : | Jointly Administered |

**NOTICE OF THE DEBTORS'
[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' [_____] Omnibus Objection to Claim (the "Omnibus Objection") with the Bankruptcy Court. A copy of the Omnibus Objection is attached to this notice (this "Notice") as Exhibit 1. By the Omnibus Objection, the Debtors are seeking to disallow Claims (as defined herein) on the ground that the Claims are: [_____]

**PLEASE TAKE FURTHER NOTICE THAT** on March [31], 2009, the Bankruptcy Court entered the Order Establishing Omnibus

| | |
|---|---|
| Gregg M. Galardi, Esq.<br>Ian S. Fredericks, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM, LLP<br>One Rodney Square<br>PO Box 636<br>Wilmington, Delaware 19899-0636<br>(302) 651-3000 | Dion W. Hayes (VSB No. 34304)<br>Douglas M. Foley (VSB No. 34364)<br>MCGUIREWOODS LLP<br>One James Center<br>901 E. Cary Street<br>Richmond, Virginia 23219<br>(804) 775-1000 |

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :    Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :    Case No. 08-35653 (KRH)
et al.,                       :
                              :
            Debtors.          :    Jointly Administered
- - - - - - - - - - - - - - - x
```

**PROCEDURES FOR FILING OMNIBUS OBJECTIONS TO CLAIMS**

Pursuant to the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. ~~2885~~) (the "Order")[1] entered (2881) Docket no by the Bankruptcy Court on March [31], 2009, the Bankruptcy Court approved these procedures for filing omnibus objections to proofs of claims and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-

―――――――――
2722

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

- and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CIRCUIT CITY STORES, INC., | : | Case No. 08-35653 (KRH) |
| et al., | : | |
| | : | |
| Debtors. | : | Jointly Administered |

**NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors (the "Debtors") filed the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) (the "Objection") with the Bankruptcy Court. A copy of the Objection is attached to this notice (this "Notice") as Exhibit 1. By the Omnibus Objection, the Debtors are seeking to disallow certain claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the Bankruptcy Court entered the Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the

"Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow and/or modify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO | Claim Number | Amount Claimed as Filed |
|---|---|---|
| *[handwritten: 1/8-06-2008]* <br> DUNCAN, GLENN C <br> 4750 OLD MILITARY RD <br> THEODORE, AL 36582 <br><br> *[handwritten: 251-973-2469 / 251-802-3927 / 251-508-2381]* | 2722 | $0.00 <br> *[handwritten: $300,000.00]* |

YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY <u>4:00 P.M. (EASTERN) ON SEPTEMBER 15, 2009</u>, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.

2