IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHMOND DIVISION
FILED
SEP - 1 2009
CLERK
U.S. BANKRUPTCY COURT

---------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
CIRCUIT CITY STORES, INC.,                          :    Case No.: 08-35653 (KRH)
et al.,                                             :
                                                    :
          Debtors.                                  :    Jointly Administered
---------------------------------------------------X

## RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS)

1.      I am Mark J. DeCicco, an attorney associated with the law firm of SACKSTEIN SACKSTEIN & LEE, LLP, and I am duly licensed to practice law in the Courts of the State of New York. I hereby certify that the instant Response to Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) is true and accurate, to the best of my knowledge, based upon information provided to me by the Claimant, Yu-Liang Lei, as well as the information and documentation contained in the legal file maintained by SACKSTEIN SACKSTEIN & LEE, LLP, the Claimant's, Yu-Liang Lei, attorneys.

2.      The Claimant for whom the instant Response is being filed is Yu-Liang Lei (Claim Number 13307). The Claimant's, Yu-Liang Lei, address is 136-10 Lattimer Place, Apt. #3J, Flushing, New York 11354.

The Claimant, Yu-Liang Lei, is represented by SACKSTEIN SACKSTEIN & LEE, LLP, 1140 Franklin Avenue, Suite 210, Garden City, New York 11530, whose

telephone number is (516) 248-2234, whose facsimile number is (516) 248-7268, and whose e-mail address is www.sacksteinlaw@aol.com.

Accordingly, SACKSTEIN SACKSTEIN & LEE, LLP are the legal representatives for the Claimant, Yu-Liang Lei, in the instant Bankruptcy proceedings and in the underlying personal injury action, which is more fully detailed below, and, as such, SACKSTEIN SACKSTEIN & LEE, LLP has the authority to reconcile, settle and/or otherwise resolve the Debtors' Objection on behalf of the Claimant, Yu-Liang Lei.

**Any reply to the instant Response, as well as any future papers served in the instant Bankruptcy proceedings, should be served on the Claimant's, Yu-Liang Lei, above-indicated attorneys, at the address set forth above.**

3. The instant Response to Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) is being submitted on behalf of the Claimant, Yu-Liang Lei (Claim Number 13307), in response and opposition to the Debtors' motion seeking disallowance of numerous legal claims filed against the Debtors, which includes the legal claim filed by and/or on behalf of the Claimant, Yu-Liang Lei (Claim Number 13307).

4. The Claimant, Yu-Liang Lei, is represented by SACKSTEIN SACKSTEIN & LEE, LLP in an action for personal injuries he sustained as a result of an incident which occurred on Friday, November 23, 2007 (the day after Thanksgiving Day, commonly referred to as "Black Friday"), at approximately 5:00 a.m., at the Circuit City Store, designated as Store #3697, which was located at 136-03 20th Avenue, College

Point, New York 11356. At that time, the Claimant, Yu-Liang Lei, was a lawful patron of the aforementioned store, waiting in line for said store to open, when he was run into, knocked over and trampled by a large accumulation of store patrons attempting to gain access to said store upon its opening. As a result of said incident, the Claimant, Yu-Liang Lei, was caused to sustain the following severe, serious and permanent personal injuries:

### REGARDING THE LEFT ANKLE

- Left ankle bimalleolar fracture.

The foregoing injury necessitated the following surgery performed by Joseph Shim, M.D., at Flushing Hospital Medical Center, on November 23, 2007.

Pre-Operative Diagnosis

- Bimalleolar fracture-left ankle.

Post-Operative Diagnosis

- Bimalleolar fracture-left ankle.

Procedure

- Open Reduction Internal Fixation Surgery of the left ankle.

5.  With regard to the foregoing, SACKSTEIN SACKSTEIN & LEE, LLP, on behalf of the Claimant, Yu-Liang Lei, commenced a personal injury lawsuit against Circuit City Stores, Inc. and other entities, on March 27, 2008, in the Supreme Court of the State of New York, County of New York, which was assigned Index Number 104507/08, to recover monetary damages in order to compensate him for his injuries, medical expenses, lost wages and past and future pain and suffering. The Claimant, Yu-

Liang Lei, commenced his underlying personal injury lawsuit prior to the Debtors voluntarily filing Petitions for relief under Chapter 11 of the Bankruptcy Code, said Petitions filed on November 10, 2008.

6.    In sum and substance, the Claimant, Yu-Liang Lei, in his underlying personal injury lawsuit, alleges that Circuit City Stores, Inc., by its agents, servants and/or employees, were careless and negligent and, thus, responsible, in whole or in part, for the happening of the Claimant's, Yu-Liang Lei, November 23, 2007 accident and the injuries resulting therefrom, as follows:

> The subject accident and the injuries sustained by the Claimant, Yu-Liang Lei, resulting therefrom, occurred solely and wholly as a result of the carelessness and negligence of the Debtor, Circuit City Stores, Inc., as well as the other entities also named as Defendants in the underlying personal injury action, their agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision and/or control of the premises known as Circuit City, designated as Store #3697, which was located at 136-03 20[th] Avenue, College Point, New York 11356; in creating, knowing, causing, permitting and allowing the aforementioned premises/store and, in particular, the entranceway of the aforementioned premises/store, to become and remain in a dangerous, hazardous, unsafe, trap-like and otherwise dangerous and defective condition; in causing, allowing and permitting an excess accumulation of patrons to gather immediately outside the aforementioned premises/store; in negligently and carelessly failing to properly direct patrons of the aforementioned premises/store into the premises/store in an orderly fashion; in negligently and carelessly failing to control the number of patrons permitted to enter into the aforementioned premises/store so as not to cause a crowd, throng and multitude of patrons attempting to enter into the aforementioned premises/store at the same time, and to run into, knock over and trample upon the body and person of the Claimant, Yu-Liang Lei; in negligently and carelessly failing to properly cordon off the entranceway to the aforementioned premises/store so as to prevent an excessive and dangerous crowd to form immediately in front of the aforementioned premises/store; in failing to take any steps to ameliorate and/or remedy the dangerous and haphazard crowding conditions in front of the aforementioned

premises/store immediately prior to the subject accident; in failing to warn people lawfully standing in, at, about and/or immediately in front of the aforementioned premises/store and, in particular, the Claimant, Yu-Liang Lei, about the dangerous, haphazard and crowding conditions forming immediately prior to the subject accident; in negligently and carelessly failing to provide a sufficient and adequate number of security personnel, security detail, servants, agents and/or employees to manage, supervise, maintain and control the horde, throng and crowd of patrons who were permitted to run into, knock over and trample onto and upon the body and person of the Claimant, Yu-Liang Lei, while entering the aforementioned premises/store; in negligently and carelessly failing to properly hire and train personnel in the area of crowd management and/or control; and the Debtor, Circuit City Stores, Inc., as well as the other entities also named as Defendants in the underlying personal injury action, their agents, servants and/or employees, or some of them, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions for the safety of the Claimant, Yu-Liang Lei.

7. The Claimant, Yu-Liang Lei, as a result of the accident of November 23, 2007 and the injuries resulting therefrom, has incurred medical expenses to date as follows:

| | |
|---|---|
| Hospital services: | Approximately $10,818.00; and |
| Physician's services: | Approximately $4,361.40. |

8. In addition, at the time of the November 23, 2007 accident, the Claimant, Yu-Liang Lei, was employed by Geneva Watch Group, located at 47-50 33rd Street, Long Island City, New York 11101, as a watch repairman. At the time of the November 23, 2007 accident, the Claimant, Yu-Liang Lei, was earning $700.00 bi-weekly. As a result of the November 23, 2007 accident and the injuries resulting therefrom, the Claimant, Yu-Liang Lei, has been incapacitated from his usual and normal employment from the date of his accident, November 23, 2007, up to the present time and continuing for an indefinite period of time into the future. As such, the Claimant, Yu-Liang Lei, incurred

lost earnings in the amount of approximately $31,850.00 to date, and continuing for an indefinite period of time into the future, at a rate of $700.00 bi-weekly.

9.  As a result of the subject accident of November 23, 2007 and the injuries resulting therefrom, which are the subject of the Claimant's, Yu-Liang Lei, underlying personal injury lawsuit in the Supreme Court of the State of New York, County of New York, and the instant claim against the Debtor, Circuit City Stores, Inc., the Claimant, Yu-Liang Lei, is claiming and seeking damages in the total amount of TWO MILLION ($2,000,000.00) DOLLARS, representing medical expenses, lost wages, past pain and suffering, future pain and suffering and pecuniary loss.

10.  Annexed hereto collectively as **Exhibit A** are copies of the following, in support of the Claimant's, Yu-Liang Lei, above-referenced underlying personal injury action and in support of the instant claim against the Debtor, Circuit City Stores, Inc.:

   a.  The Plaintiff's, Yu-Liang Lei, Summons and Verified Complaint in the underlying personal injury action;

   b.  The Defendant's, Circuit City Stores, Inc., Answer in the underlying personal injury action;

   c.  The Defendants', Whitestone Development Partners, L.P. and The Related Companies, L.P., Answer in the underlying personal injury action;

   d.  The Plaintiff's, Yu-Liang Lei, Verified Bills of Particulars in the underlying personal injury action; and

   e.  The Preliminary Conference Order entered into and issued by the Supreme Court of the State of New York, County of New York, said Preliminary Conference held on October 23, 2008, related to the underlying personal injury action.

11. Annexed hereto collectively as **Exhibit B** are copies of the Claimant's, Yu-Liang Lei, medical records, related to the accident of November 23, 2007 and the injuries resulting therefrom, in support of the Claimant's, Yu-Liang Lei, above-referenced underlying personal injury action and in support of the instant claim against the Debtor, Circuit City Stores, Inc.

12. Pursuant to the provisions of the Preliminary Conference Order issued in the underlying personal injury action, depositions in said matter were to be held on or before February 6, 2009 (a copy of said Preliminary Conference Order is annexed hereto as part of **Exhibit A**). However, due to the fact that the Debtor and the Defendant in the underlying personal injury action, Circuit City Stores, Inc., filed for relief under Chapter 11 of the Bankruptcy Code on November 10, 2008, the underlying personal injury action was automatically stayed pursuant to 11 U.S.C. § 362. As such, all discovery in the underlying personal injury action was stayed, and depositions have never been held. Accordingly, the Claimant, Yu-Liang Lei, has never been provided with documentary discovery from counsel for the Defendants in the underlying personal injury action, including counsel in said action for the Debtor, Circuit City Stores, Inc. Therefore, the Claimant, Yu-Liang Lei, has not had the benefit of full and complete discovery, including, but not limited to, the opportunity to conduct the deposition(s) of an agent(s), servant(s) and/or employee(s) of the Debtors' subject store as identified above, where the Claimant's, Yu-Liang Lei, November 23, 2007 accident took place. Ergo, there is further evidence, which the Claimant, Yu-Liang Lei, has not been able to obtain because of the

Debtors' bankruptcy filing and the automatic stay incumbent with same, thereby preventing the Claimant, Yu-Liang Lei, from obtaining imperative information related to the carelessness and/or negligence of the Debtor and the Defendant in the underlying personal injury action, Circuit City Stores, Inc., such as the number of agents, servants and/or employees on duty at the time of the Claimant's, Yu-Liang Lei, accident, where they were stationed, what measures, if any, were instituted to control the crowding of patrons at the entrance to the subject store, as well as numerous other questions related to the issue of liability in the underlying State Court personal injury action.

13. Based upon the foregoing, including but not limited to, the carelessness and negligence of the Debtor and the Defendant in the underlying personal injury action, Circuit City Stores, Inc., and the personal injuries, lost wages and medical expenses incurred by the Claimant, Yu-Liang Lei, more fully detailed above, resulting from the carelessness and negligence of the Debtor and the Defendant in the underlying personal injury action, Circuit City Stores, Inc., it is respectfully submitted that the Claimant, Yu-Liang Lei, has a valid and lawful claim against the Debtor and the Defendant in the above-described underlying personal injury action, Circuit City Stores, Inc., and is entitled to a monetary recovery for damages as a result thereof.

14. For all the foregoing reasons, it is respectfully requested that this Honorable Court issue an Order overruling the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) as said objection/application applies and relates to the claim of Yu-Liang Lei (Claim Number 13307), in that the Claimant, Yu-Liang Lei,

has set forth facts and/or documentation sufficient to establish a valid legal claim for damages against the Defendant in the underlying personal injury action and the Debtor, Circuit City Stores, Inc.

15. In the alternative, the Claimant, Yu-Liang Lei (Claim Number 13307), has no objection and would consent to an Order of this Honorable Court directing that: (a) the automatic stay imposed on the underlying personal injury action , pursuant to 11 U.S.C. § 362, be lifted; and (b) the Claimant, Yu-Liang Lei, may pursue his claim against the Defendant in the underlying personal injury action and the Debtor, Circuit City Stores, Inc., through any available liability insurance carrier and coverage, and not against the assets of the Debtor, Circuit City Stores, Inc., provided such liability insurance coverage is available.

**WHEREFORE,** it is respectfully requested that this Honorable Court issue an Order overruling the Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) as said objection/application applies and relates to the claim of Yu-Liang Lei (Claim Number 13307).

Dated: Garden City, New York
       August 28, 2009

Respectfully submitted,

*/s/ Mark J. DeCicco*
SACKSTEIN SACKSTEIN & LEE, LLP
By: Mark J. DeCicco, Esq.
Attorneys for Claimant
YU-LIANG LEI
1140 Franklin Avenue, Suite 210
Garden City, New York 11530
(516) 248-2234

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1 (C)

Pursuant to Local Bankruptcy Rule 9022-1 (C), I hereby certify that the foregoing Response to Debtors' Thirty-First Omnibus Objection to Claims (Disallowance of Certain Legal Claims) has been endorsed by and served upon all the necessary parties, on the 28th day of August, 2009, by First Class Mail, as follows:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Counsel for Debtors and Debtors in Possession
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Attn: Gregg M. Galardi, Esq.
Attn: Ian S. Fredericks, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Counsel for Debtors and Debtors in Possession
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson, Esq.

MCGUIREWOODS LLP
Counsel for Debtors and Debtors in Possession
One James Center
901 E. Cary Street
Richmond, Virginia 23219
Attn: Dion W. Hayes, Esq.
Attn: Douglas M. Foley, Esq.

SACKSTEIN SACKSTEIN & LEE, LLP
By: Mark J. DeCicco, Esq.
Attorneys for Claimant
YU LIANG LEI