SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
YU-LIANG LEI,

              Plaintiff,

    - against-

CIRCUIT CITY STORES, INC, WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

              Defendants.

------------------------------------------------------------------X

Date of Purchase
and Filing: 3/27/08

Index # 104507/08

Plaintiff designates
**New York County**
as the Place of
trial.

**SUMMONS**

The basis of venue is
Defendant The Related
Companies, L.P.'s
principal place of business:
625 Madison Avenue, New
York, New York 10022

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Garden City, New York
       March 24, 2008

                                  Yours etc.,

                                  SACKSTEIN SACKSTEIN & LEE, LLP

                             By:   Scott T. Ackerman
                                Attorneys for Plaintiff
                                1140 Franklin Avenue, Suite 210
                                Garden City, New York 11530
                                (516) 248-2234

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X   Index No.
YU-LIANG LEI,

                          Plaintiff,

        -against-

                                    **VERIFIED COMPLAINT**

CIRCUIT CITY STORES, INC. WHITESTONE
DEVELOPMENT PARTNERS, L.P., and THE
RELATED COMPANIES, L.P.,

                          Defendants.
-----------------------------------------------------------------X

        The Plaintiff, complaining of the Defendants, by his attorneys, SACKSTEIN SACKSTEIN & LEE, LLP, alleges upon information and belief as follows:

        1.       That at the time of the commencement of the within action, the Defendant, THE RELATED COMPANIES, L.P., maintained its principal place of business in the County of New York, State of New York.

        2.       That at all times herein mentioned, WHITESTONE DEVELOPMENT PARTNERS, L.P., was and still is a foreign limited partnership duly authorized to conduct business within the State of New York.

        3.       That at all times herein mentioned, THE RELATED COMPANIES, L.P. was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

        4.       That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., was and still is a domestic limited partnership, duly organized and existing under and by virtue of the laws of the State of New York, authorized to conduct business in the State of New York.

5. That at all times herein mentioned, CIRCUIT CITY STORES, INC., was and still is a foreign business corporation, duly authorized to conduct business within the State of New York.

6. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., owned the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

7. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., leased the premises located at 136-03 20th Avenue, in the County of Queens, State of New York

8. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, operated the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

9. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, managed the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

10. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, maintained the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

11. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, controlled, the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

12. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, supervised the

premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

13. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, inspected the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

14. That at all times herein mentioned, it was the duty of the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., its agents, servants and/or employees, to operate, maintain, manage, control, and supervise the premises located at 136-03 20th Avenue, in the County of Queens, State of New York, including the entranceway located immediately in front thereof.

15. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., owned the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

16. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., leased the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

17. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees operated the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

18. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees managed the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

19. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees, maintained the premises located at

136-03 20th Avenue, in the County of Queens, State of New York.

20. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees, controlled, the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

21. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees, supervised the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

22. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees, inspected the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

23. That at all times herein mentioned, it was the duty of the Defendant, THE RELATED COMPANIES, L.P., its agents, servants and/or employees, operate, maintain, manage, control and supervise the premises located at 136-03 20th Avenue, in the County of Queens, State of New York, including the including the entranceway located immediately in front thereof.

24. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., owned the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

25. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., was a lessor of the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

26. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., was a lessee of the premises located at 136-03 20th Avenue, in the County of Queens, State

of New York.

27. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., was a tenant of the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

28. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, operated the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

29. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, managed the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

30. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, maintained the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

31. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, controlled, the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

32. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, supervised the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

33. That at all times herein mentioned, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, inspected the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

34. That at all times herein mentioned, it was the duty of the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, to operate, maintain, manage, control and supervise the premises located at 136-03 20th Avenue, in the County of Queens, State of New York, including the including the entranceway located immediately in front thereof.

35. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., contracted with the Defendant, THE RELATED COMPANIES, L.P., to provide security personnel to the Defendant CIRCUIT CITY STORES, INC., for the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

36. That at all times herein mentioned, the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., contracted with the Defendant, CIRCUIT CITY STORES, INC., to provide security personnel to said Defendant for the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

37. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., contracted with the Defendant, WHITESTONE DEVELOPMENT PARTNERS, L.P., to provide security personnel to the Defendant, CIRCUIT CITY STORES, INC., for the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

38. That at all times herein mentioned, the Defendant, THE RELATED COMPANIES, L.P., contracted with the Defendant, CIRCUIT CITY STORES, INC., to provide security personnel to said Defendant for the premises located at 136-03 20th Avenue, in the County of Queens, State of New York.

39. That at all times herein mentioned, the Plaintiff, YU-LIANG LEI,, was a lawful patron standing on, in, at, about and/or immediately in front of the premises located at 136-03 20th Avenue in the County of Queens, State of New York.

40. That on or about the 23rd day of November, 2007, the Plaintiff, YU-LIANG LEI, a patron of the Defendant, CIRCUIT CITY STORES, INC., while lawfully standing in, at, about and/or immediately in front of the aforementioned premises, located at 136-03 20th Avenue, in the County of Queens, State of New York, was caused to be trampled on and run over by a throng, horde and multitude of patrons of the said Defendants' store entering into the aforementioned premises, causing the Plaintiff to be violently precipitated and thrown to the ground.

41. That as a result of the foregoing the Plaintiff, YU-LIANG LEI, was caused to sustain serious, severe and permanent personal injuries.

42. That the said accident and injuries sustained to the Plaintiff, YU-LIANG LEI, occurred solely as a result of the carelessness and negligence of the Defendants, their agents, servants and/or employees in the ownership, operation, management, maintenance, supervision and/or control of the aforesaid premises; in creating, knowing, causing, permitting and allowing the aforesaid premises, and in particular, the entranceway of the aforementioned premises to become and remain in a dangerous, hazardous, unsafe, trap-like and otherwise dangerous and defective condition; in causing, allowing and permitting an excess accumulation of patrons to gather immediately outside the aforementioned premises; in negligently and carelessly failing to properly direct patrons of the premises into the aforementioned store in an orderly fashion; in negligently and carelessly failing to control the number of patrons permitted to enter into aforementioned premises so as not to cause a crowd, throng, and multitude of patrons to attempt

to enter into the aforementioned premises at the same time and trample upon the person of the Plaintiff, YU-LIANG LEI; in negligently and carelessly failing to properly cordon off the entranceway to the aforementioned premises so as to prevent an excess and dangerous crowd to form immediately in front of the premises; in failing to take any steps to ameliorate and/or remedy the aforementioned dangerous and haphazard crowding conditions in front of the aforementioned premises immediately prior to the subject accident; in failing to warn people lawfully standing in, at, about and/or immediately in front of its aforementioned premises; and in particular, the Plaintiff, YU-LIANG LEI, about the aforementioned dangerous, haphazard, crowding conditions forming immediately prior to the subject accident; in negligently and carelessly failing to provide a sufficient and adequate number of security personnel, security detail, servants, agents and/or employees to manage, supervise, maintain and control the aforementioned horde, throng and crowd of patrons who were permitted to trample onto and upon the person of the Plaintiff YU-LIANG LEI, while entering the aforementioned premises; in negligently and carelessly failing to properly hire and train personnel in the area off crowd management; and the Defendants, their agents, servants and/or employees or some of them, were otherwise careless, and negligent in failing and omitting to take proper and suitable precautions for the safety of the Plaintiff.

43. That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the Defendants, their agents, servants and/or employees, as aforesaid, the Plaintiff, YU-LIANG LEI, was rendered sick, sore, lame and disabled and was seriously and permanently injured and so remains; suffered and will continue to suffer agony in body and mind; was unable to pursue his regular activities for a long period of time; was and will be compelled to secure medical aid and medicines in an effort to cure or minimize his injuries

and was compelled to expend and become liable for diverse sums of money in an effort to cure himself of his injuries, and since some of his injuries are believed to be of a permanent and lasting nature, upon information and belief, he will continue to be so deprived and so liable for damages in the future.

44. That the aforesaid accident and the injuries to the Plaintiff, YU-LIANG LEI, resulting therefrom, were caused and sustained solely and wholly by reason of the carelessness and negligence on the part of the Defendants, their agents, servants and/or employees, and were in no way caused by the negligence or want of care on the part of the Plaintiff contributing thereto.

45. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the aforesaid dangerous and defective conditions but nonetheless failed to remedy same in a timely and reasonable manner.

46. That the instant cause of action falls within one or more of the exceptions to Article 16 of the CPLR including but not limited to § 1602 (2)(iv) and/or 7..

47. That as a result of the foregoing, the Plaintiff, YU-LIANG LEI,, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff, YU-LIANG LEI, herein demands judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:  Garden City, New York
        March 24, 2008

                                        Yours, etc.,

                                        SACKSTEIN SACKSTEIN & LEE, LLP


                        By:     Scott T. Ackerman Esq.
                                Attorneys for Plaintiff
                                1140 Franklin Avenue, Suite 210
                                Garden City, New York 11530
                                (516) 248-2234

## ATTORNEY VERIFICATION

STATE OF NEW YORK)
                     ) ss.:
COUNTY OF NASSAU)

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is an associate with the law firm of the attorney of record for the Plaintiff in the within action; deponent has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

This verification is made by deponent and not by the Plaintiff is by reason of the fact that the Plaintiff does not reside in the County wherein deponent has his office.

Dated:       Garden City, New York
               March 24, 2008

                                                     SCOTT T. ACKERMAN, ESQ.