*Index No.:*                                              *Cal. No.:*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YU-LIANG LEI,

     Plaintiff,

    -against-

CIRCUIT CITY STORES, INC. WHITESTONE
DEVELOPMENT PARTNERS, L.P., and THE
RELATED COMPANIES, L.P.,

     Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff
1140 Franklin Avenue - Suite 210
Garden City, New York 11530
(516) 248-2234

To:

*Attorneys for*  Defendants

Service of a copy of the within       is hereby admitted.

Dated        . . . . . . . . . . . . . . . . . . . .
           Attorney(s) for

## PLEASE TAKE NOTICE

☐    that the within is a (certified) true copy of a
    entered in the office of the clerk of the within named court on

**NOTICE OF
ENTRY**

☐    that an Order of which the within is a true copy will be presented
    for settlement to the Hon.      one of the
    judges of the within named Court.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
YU-LIANG LEI,                                             **VERIFIED ANSWER**

                Plaintiff,                          Index No. 08/104507

      -against-

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED
COMPANIES, L.P.,

             Defendants.
------------------------------------------------------------------------X

      Defendant, CIRCUIT CITY STORES, INC., by its attorneys, RENDE, RYAN &

DOWNES, LLP, answering the Verified Complaint of the plaintiff herein upon information and

belief:

      1.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraphs designated "1", "2", "3", "4", "6", "7", "8", "9", "10", "11", "12",

"13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "25", "26", "27", "28", "29",

"30", "31", "32", "33", "35", "36", "37", "38" and "39" thereof.

      2.      Denies each and every allegation contained in the paragraphs designated "24",

"41", "42", "43", "44" and "45", thereof.

      3.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraph designated "34" and refers all questions of law to the Court.

      4.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in the paragraph designated "40" and refers all questions of fact to the trier of facts.

      5.      Denies each and every allegation contained in the paragraphs designated "46" and

"47" and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.     That the occurrence complained of was caused in whole or in part by the culpable

conduct attributable to the plaintiff including contributory negligence and/or assumption of the

risk and that by reason thereof the amount of damages recoverable, if any, shall be diminished in

whole or in part by that portion to which the culpable conduct attributable to the plaintiff bears to

the alleged conduct of the defendant which allegedly caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.     The equitable share of the liability of the answering defendant, if any, is less than

or equal to fifty percent of the total liability of all persons liable, and as such the answering

defendant's liability for non-economic loss is limited to its equitable share.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.     In the event plaintiff recovers a verdict or judgment against the defendant, then

such verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which

have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part,

for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.     If the plaintiff was caused to sustain personal injuries and resulting damages at the

time and place set forth in the plaintiff's Complaint and in the manner alleged therein through

any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or

warranty and/or contract other than of the plaintiff, then the said injuries and damages arose out

of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of

duty and/or obligation and/or statute, and/or warranty, and/or contract in fact or implied in law,

upon the part of non-parties subject to in-personam jurisdiction, and if this pleading defendant is

found negligent as to the plaintiff for the injuries and damages set forth in the plaintiff's

Compliant, then and in that event, the relative responsibilities of said pleading defendant must be apportioned by the percentage liability of said non-parties subject to in-personam jurisdiction.

## AS AND FOR A CROSS CLAIM AGAINST WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.

10.    It is alleged in the original complaint that the damages sustained by the plaintiff were the result of the negligence of the defendants. The cross complaining defendant begs leave to refer to the original complaint at the time of trial. If the plaintiff was caused to sustain the damages as alleged in the complaint, said damages will have been sustained by reason of the negligence of the co-defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.

11.    If the cross complaining defendant is also found negligent then this defendant will be entitled to contribution in part from the co-defendants for the portion of the plaintiff's damages which were caused by the negligent co-defendant, together with all attorneys fees, cost of investigation and disbursements.

## AS AND FOR A SECOND CROSS CLAIMS AGAINST WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.

12.    If the plaintiff recovers judgment against these defendants, then these defendants request an apportionment of responsibility among all defendants.

13.    In the event the defendants herein are held liable or responsible for the acts of any other co-defendants, or if a judgment is rendered finding any of these defendants vicariously liable for the acts of any other defendants, then these defendants shall be entitled to, and hereby demand, judgment over against all other co-defendants on the basis of common law, implied, warranty, statutory, or contractual indemnification.

WHEREFORE, the defendant, CIRCUIT CITY STORES, INC., demands judgment

against the plaintiff dismissing the complaint and against the co-defendants on the cross

complaint plus interest, and against the plaintiff and co-defendants for costs and disbursements.

Dated: White Plains, New York
     April 14, 2008


                   Yours, etc.,

                   RENDE, RYAN & DOWNES, LLP.

By: _____
                   CHRISTOPHER J. WHITTON
                   Attorney for Defendant
                   CIRCUIT CITY STORES, INC.
                   202 Mamaroneck Avenue
                   White Plains, New York 10601
                   (914) 681-0444


TO:    SACKSTEIN, SACKSTEIN & LEE, LLP
       Attorney for Plaintiff
       1140 Franklin Avenue, Suite 210
       Garden City, New York 11530
       (516) 248-2234



STATE OF NEW YORK
COUNTY OF WESTCHESTER

CHRISTOPHER J. WHITTON deposes and says:

I am a member of the firm of RENDE, RYAN & DOWNES, LLP, the attorneys for the
defendant, CIRCUIT CITY STORES, INC., in the above entitled action.

I have read the foregoing Verified Answer and know the contents thereof; it is true to my
knowledge, except as to the matters therein stated to be alleged upon information and belief; and
as to those matters I believe them to be true. The sources of my information and the grounds of
my belief are file materials examined by me relative to the issues referred to in the Verified
Answer.

The reason this verification is made by me instead of by the defendant, CIRCUIT CITY
STORES, INC., is that I am in possession of the material information on which this action is
based.

I affirm that the above is true under the penalties of perjury pursuant to Rule 2106 of the
Civil Practice Law and Rules.

Dated: White Plains, New York
April 14, 2008

CHRISTOPHER J. WHITTON

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
YU-LIANG LEI,

                          Plaintiff,                 **VERIFIED ANSWER**
                                                **AND DEMANDS**

      -against-
                                              Index No. 104507/08

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

                        Defendants.
------------------------------------------------------------------X

      The defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.,** by their attorneys, The Law Offices of Edward Garfinkel, as and for an answer to the complaint of the plaintiff herein, respectfully alleges upon information and belief:

      **FIRST:**     Admits paragraphs **"1", "2", "4", "6" and "7"** of the complaint.

      **SECOND:**     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **"5", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38" and "39"** of the complaint.

      **THIRD:**     Denies paragraphs **"3", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "40", "41", "42", "43", "44" and "45"** of the complaint.

      **FOURTH:**     Denies paragraphs **"46" and "47"** of the complaint and respectfully refers all questions of law to the court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      That the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any such

alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiff received remuneration and/or compensation for some or all of his claimed economic loss and that the defendants is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the liability of the defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff failed to mitigate plaintiff's damages.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANT, CIRCUIT CITY STORES, INC., THE DEFENDANTS, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., ALLEGES:

That any injuries and damages sustained by the plaintiff herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendant, **CIRCUIT CITY STORES, INC.**.



That if it is determined that the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, is liable in any degree to the plaintiff, whether because of negligence, by operation of law or any other reason, the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, is entitled to have the liability apportioned among and between the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

**AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION
AGAINST THE CO-DEFENDANT, CIRCUIT CITY
STORES, INC.. THE DEFENDANTS, WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED
COMPANIES, L.P., ALLEGES:**

That on or before November 23, 2007, the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, entered into an agreement with co-defendant, **CIRCUIT CITY STORES, INC.**, whereby said co-defendants agreed to indemnify and hold defendants harmless in the event any suit or claim for personal injuries, property damage and/or wrongful death was made as a result of the work being done pursuant to said agreement.

That said agreement was in full force and effect on November 23, 2007.

That the claims being made by the plaintiff herein, if true, will entitle the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, to be indemnified and held harmless as aforesaid.



**AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION
AGAINST THE CO-DEFENDANT, CIRCUIT CITY
STORES, INC., THE DEFENDANTS, WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED
COMPANIES, L.P., ALLEGES:**

That on or before November 23, 2007, the defendants, **WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, entered into
an agreement with the co-defendant, **CIRCUIT CITY STORES, INC.**, whereby said co-
defendants agreed to purchase insurance providing coverage for the defendants, **WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, for part or
all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on November 23, 2007.

That the co-defendants failed to provide such insurance as required by the said
agreement.

That, therefore, the co-defendants is liable to the defendants, **WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, to the extent
of any such insurance coverage which should have been purchased to protect the defendants,
**WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES,
L.P.**, in the event that any recovery is had against the answering defendants.

**AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION
FOR BREACH OF INSURANCE PROCUREMENT
PROVISION AGAINST THE CO-DEFENDANT, CIRCUIT
CITY STORES, INC., THE PARTY DEFENDANTS,
WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P., ALLEGES:**

That on or before November 23, 2007, the defendants, **WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, entered into
an agreement with the co-defendant, **CIRCUIT CITY STORES, INC.** whereby said co-

defendants agreed to purchase and maintain insurance providing coverage for the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on and before November 23, 2007.

That the co-defendants failed to provide and maintain such insurance as required by the said agreement.

That, therefore, the co-defendants is liable to the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, to the extent of any such insurance coverage which should have been purchased and maintained to protect the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, in the event that any recovery is had against the answering defendants.

WHEREFORE, the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, demands judgment dismissing the Complaint of the plaintiff herein with costs and further demands judgment pursuant to Section 3019b and Article 14 of the CPLR, that the ultimate rights of the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, and the co-defendants, **CIRCUIT CITY STORES, INC.**, be determined as between themselves in that the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P.**, have judgment over and against the co-defendant, **CIRCUIT CITY STORES, INC.**, for indemnification and/or contribution in whole or in part, for the amount of any sum which may be recovered herein against the defendants, **WHITESTONE DEVELOPMENT PARTNERS, L.P.**



and **THE RELATED COMPANIES, L.P.**, together with attorneys' fees and the costs and

disbursements of this action.

Dated: New York, New York
      May 22, 2008

                                    Yours etc.,
                                      The Law Offices of Edward Garfinkel
                                      Attorneys for Defendants,
                                        WHITESTONE DEVELOPMENT
                                        PARTNERS, L.P. and THE RELATED
                                        COMPANIES, L.P.
                                        By:    Christopher Kolb
                                        110 William Street
                                        New York, New York 10038-3901
                                        (212) 809-8000
                                        Our File # NYNY 27384

TO:

SACKSTEIN SACKSTEIN & LEE, LLP
Attorneys for Plaintiff
1140 Franklin Avenue, Suite 210
Garden City, NY 11530
516-248-2234

RANDY RYAN & DOWNES
Attorneys for Defendant
202 Mamaroneck Avenue
White Plains, New York 10601
914.681.0444



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
YU-LIANG LEI,                                              Index No.: 104507/08

                                    Plaintiff,        **VERIFIED BILL OF**
                                                      **PARTICULARS**

              -against-

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

                                    Defendants.
-------------------------------------------------------------X

         Plaintiff, by his attorneys, SACKSTEIN, SACKSTEIN & LEE, LLP, as and for his Verified
Bill of Particulars, pursuant to the demand of the Defendant, CIRCUIT CITY STORES, INC.,
alleges as follows:

         1.       The subject accident occurred on or about Friday, November 23, 2007, at
approximately 5 a.m.

         2.       (a-b)    The subject accident occurred at the premises known as Circuit City, located
at 136-03 20th Avenue, in the County of Queens, City and State of New York.

                  (c)     Not Applicable. The subject accident does not involve equipment, part or
appurtenance.

         3.       The subject accident and the injuries sustained by the Plaintiff, YU-LIANG LEI,
occurred solely and wholly as a result of the carelessness and negligence of the Defendants, their
agents, servants and/or employees, in the ownership, operation, management, maintenance,
supervision and/or control of the aforementioned premises; in creating, knowing, causing, permitting
and allowing the aforementioned premises and, in particular, the entranceway of the aforementioned
premises to become and remain in a dangerous, hazardous, unsafe, trap-like and otherwise dangerous
and defective condition; in causing, allowing and permitting an excess accumulation of patrons to
gather immediately outside the aforementioned premises; in negligently and carelessly failing to
properly direct patrons of the aforementioned premises into the store in an orderly fashion; in
negligently and carelessly failing to control the number of patrons permitted to enter into the
aforementioned premises so as not to cause a crowd, throng and multitude of patrons attempting to
enter into the aforementioned premises at the same time and trample upon the person of the
Plaintiff, YU-LIANG LEI; in negligently and carelessly failing to properly cordon off the entranceway
to the aforementioned premises so as to prevent an excess and dangerous crowd to form immediately
in front of the aforementioned premises; in failing to take any steps to ameliorate and/or remedy the
dangerous and haphazard crowding conditions in front of the aforementioned premises immediately

prior to the subject accident; in failing to warn people lawfully standing in, at, about and/or immediately in front of the aforementioned premises and, in particular, the Plaintiff, YU-LIANG LEI, about the dangerous, haphazard and crowding conditions forming immediately prior to the subject accident; in negligently and carelessly failing to provide a sufficient and adequate number of security personnel, security detail, servants, agents and/or employees to manage, supervise, maintain and control the horde, throng and crowd of patrons who were permitted to trample onto and upon the person of the Plaintiff, YU-LIANG LEI, while entering the aforementioned premises; in negligently and carelessly failing to properly hire and train personnel in the area of crowd management and/or control; and the Defendants, their agents, servants and/or employees, or some of them, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions for the safety of the Plaintiff, YU-LIANG LEI.

4.    The Defendant, CIRCUIT CITY STORES, INC., created a dangerous condition by allowing and permitting an excess accumulation of patrons to gather immediately outside the aforementioned premises, in failing to properly direct patrons of the aforementioned premises into the store in an orderly fashion, in failing to control the number of patrons permitted to enter into aforementioned premises so as not to cause a crowd, throng and multitude of patrons attempting to enter into the aforementioned premises at the same time, in failing to properly cordon off the entranceway to the aforementioned premises so as to prevent an excess and dangerous crowd to form immediately in front of the aforementioned premises, and in failing to take any steps to ameliorate and/or remedy the dangerous and haphazard crowding conditions in front of the aforementioned premises immediately prior to the subject accident.

5.    (a)    Although it is claimed that the Defendant, CIRCUIT CITY STORES, INC., by its agents, servants and/or employees, had actual notice of the unsafe, hazardous and dangerous condition which gave rise to the subject accident, to whom said notice was given, the place(s) where it was given and the date(s) said notice was given is within the sole possession and/or knowledge of the Defendants herein and/or awaits further discovery. The Plaintiff reserves the right to supplement this response upon completion of discovery.

(b)    The Defendant , CIRCUIT CITY STORES, INC., caused or created the subject condition on November 23, 2007. The Defendant, CIRCUIT CITY STORES, INC., by its agents, servants and/or employees, caused or created an unsafe, hazardous and dangerous condition which gave rise to the subject accident. The names of the persons who caused or created the aforementioned condition is in the sole possession and/or knowledge of the Defendant herein and/or awaits further discovery.   The Plaintiff reserves the right to supplement this response upon completion of discovery.

(c)    Constructive notice is claimed in that, upon information and belief, the said unsafe, dangerous, defective and hazardous condition existed for an unreasonably long period of time prior to the happening of the subject accident and that a reasonable inspection of the subject area where the accident occurred would have revealed the existence of same. Moreover, in the exercise of reasonable care in the ownership, operation, control and maintenance of the subject premises, the Defendant, CIRCUIT CITY STORES, INC., its agents, servants and/or employees, knew or should have known of the condition resulting in the Plaintiffs accident. The Plaintiff reserves the right to

supplement this response upon completion of discovery.

6.      The Plaintiff will rely upon the Court taking Judicial Notice of any statutes, laws, rules, regulations and/or ordinances which may have been violated by the Defendant, CIRCUIT CITY STORES, INC., herein.

7.      (a-b)   As a result of the subject accident, the Plaintiff suffered from the following serious, severe and permanent injuries:

## REGARDING THE LEFT ANKLE

-      Left ankle bimalleolar fracture.

The foregoing injury necessitated the following surgery performed by Joseph Shim, M.D., at Flushing Hospital Medical Center, on November 23, 2007.

### Pre-Operative Diagnosis

-      Bimalleolar fracture-left ankle.

### Post-Operative Diagnosis

-      Same.

### Procedure

-      Open Reduction Internal Fixation, left ankle.

The Plaintiff reserves the right to supplement and/or amend the foregoing upon receipt of further medical records, if any.

All of the injuries above referred to herein, their manifestations, resulting disabilities and involvements, are claimed to have resulted in limitation of motion, loss of use and loss of function. Said injuries may, if they progress or fail to heal, require surgery, and are associated with further soft tissue injury to the areas traumatically affected, including tearing, derangement, involvement of and damage to the surrounding muscles and muscle groups, ligaments, tendons, blood vessels, and blood supply, nerves and nerve tissue, epithelial tissue, body tissues and bone structure, all concomitant to the specific injuries and related to the various portions mentioned herein, with resultant pain, deformity, disability, stiffness, weakness, swelling, tenderness, edema, atrophy, ecchymosis, impairment of use, restriction and limitation of motion, pain on motion, possible loss of use, atrophy, disfigurement and have all prevented and will continue to prevent enjoyment of the normal fruits of life and its daily activities (including but not limited to physical, social, educational, recreational, and economic) and the enjoyment of life has been permanently and substantially impaired, impeded, diminished, and reduced.

Upon information and belief, all of the above injuries, suffered by the Plaintiff together with their residuals and sequelae, except those of a superficial nature, are permanent, progressive and continuing in nature. The Plaintiff reserves his right to supplement this Bill of Particulars when further medical information becomes available, and relies also on any and all injuries that are mentioned in the medical reports and/or hospital records submitted herewith, or that will be submitted in the future or if and when counsel for Plaintiff are provided with further medical records indicating further injuries not included in this Bill of Particulars. In addition, it is claimed that said injuries have directly adversely affected the nerves, tissues, blood vessels, muscles, ligaments, cartilages, tendons, bones, and soft parts in and about the sites of the above mentioned areas of injury, including the central nervous system, muscular system and skeletal system. Also, with advancing years there will be naturally and medically related complications and exacerbations, including but not limited to predisposition to early onset of arthritic changes and spinal instability with possible need for surgery in the future. The aforesaid have and will continue in the future to affect every facet of the Plaintiff's pre-accident way of life with resultant damages. The Plaintiff will introduce upon the trial herein testimony and proof in conjunction with all of the injuries, conditions, manifestations, and sequelae which will be permanent, and reserve the right to adduce proof with respect thereto at the time of the trial.

8.    (a)    The Plaintiff was substantially confined to bed for a period of approximately three (3) months following the subject accident.

(b)    The Plaintiff has been substantially confined to home from November 24, 2007, and continuing to date.

(c)    The Plaintiff was confined to the following hospital as a result of the subject accident:

Flushing Hospital Medical Center
45th Avenue at Parsons Boulevard
Flushing, New York 11355
**Dates of Confinement: 11/23/2007 to 11/24/2007**

9.    (a)    The Plaintiff's date of birth is August 29, 1959. The Plaintiff's social security number is 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.

(b)    At the time of the subject accident, the Plaintiff was a watch repairman.

(c)    At the time of the subject accident, the Plaintiff was employed by Geneva Watch Group, located at 47-50 33rd Street, Long Island City, New York 11101.

(d)    At the time of the subject accident, the Plaintiff was earning approximately $700 bi-weekly.

(e)    Not Applicable. The Plaintiff was not self-employed at the time of the subject accident.

       (f)     The Plaintiff has been incapacitated from employment from the date of the subject accident to the present time.

       (g)    Not Applicable. The Plaintiff was not a student at the time of the subject accident.

10.    The Plaintiff claims the following as and for his special damages:

| | | |
|---|---|---|
| (a) | Hospital/clinic services: | Approximately $10,818.00; |
| (b) | X-rays: | Included in (a) and (c); |
| (c) | Physician services: | Approximately $4,361.40; |
| (d) | Nurses' services: | Not Applicable; |
| (e) | Medical supplies: | Included in (a) and (c); |
| (f) | Loss of earnings: | Approximately $14,000.00 and continuing; |
| (g) | Other: | To be provided under separate cover, if any. |

The Plaintiff reserves the right to supplement and/or ament the foregoing upon receipt of further billing records, if any.

11.    For collateral source information, please refer to the Plaintiff's Response to Defendants' Combined Discovery Demands.

12.    The Plaintiff resides at 136-10 Latimer Place, Apt. 3J, Flushing, New York 11354.

13.    The Plaintiff's social security number is 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.

The Plaintiff reserves the right to supplement and/or amend the foregoing bill of particulars up to and including the time of trial.

Dated: Garden City, New York
      September 3, 2008

                     Yours, etc.,

                     SACKSTEIN SACKSTEIN & LEE, LLP

                     By: Mark J. DeCicco, Esq.
                     Attorneys for Plaintiff
                     YU-LIANG LEI
                     1140 Franklin Avenue, Suite 210
                     Garden City, New York 11530
                     (516) 248-2234

To:    RENDE, RYAN & DOWNES, LLP
       Attorney for Defendant
       CIRCUIT CITY STORES, INC.
       202 Mamaroneck Avenue
       White Plains, New York 10601
       (914) 681-0444

       THE LAW OFFICES OF EDWARD GARFINKEL
       Attorneys for Defendants
       WHITESTONE DEVELOPMENT PARTNERS, L.P. and
       THE RELATED COMPANIES, L.P.
       110 William Street
       New York, NEw York 10038
       (212 809-8000
       File No.: NYNY-27384

## VERIFICATION

STATE OF NEW YORK          )
                                            ss.:
COUNTY OF NASSAU        )

       The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

       Deponent is associated with the law firm of the attorney of record for the Plaintiff in the within action; deponent has read the foregoing Bill of Particulars and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

       This Verification is made by deponent and not by the Plaintiff by reason of the fact that the Plaintiff does not reside in the County wherein deponent has his office.

Dated: Garden City, New York
      September 3, 2008

MARK J. DESICCO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

YU-LIANG LEI,                                             Index No.: 104507/08

                              Plaintiff,                 AFFIDAVIT OF
                                                         SERVICE

            -against-

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

                              Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

        ANNMARIE BROWN-JIMENEZ, being duly sworn, says:

        I am not a party to the action; I reside at Queens County, New York, and I am over 18
years of age.

        On September 3, 2008, I served the within Verified Bill of Particulars by depositing a true
copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and
custody of the United States Postal Service within New York State, addressed to the following at the
last known address set forth below:

To:    RENDE, RYAN & DOWNES, LLP
       Attorney for Defendant
       CIRCUIT CITY STORES, INC.
       202 Mamaroneck Avenue
       White Plains, New York 10601
       (914) 681-0444

       THE LAW OFFICES OF EDWARD GARFINKEL
       Attorneys for Defendants
       WHITESTONE DEVELOPMENT PARTNERS, L.P. and
       THE RELATED COMPANIES, L.P.
       110 William Street
       New York, NEw York 10038
       (212 809-8000
       File No.: NYNY-27384

ANNMARIE BROWN-JIMENEZ

Sworn to before me this
3rd day of September, 2008

NOTARY PUBLIC

MARK J. DeCICCO
NOTARY PUBLIC, State of New York
No. 02DE5045396
Qualified in Suffolk County
Commission Expires June 19, 20 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
YU-LIANG LEI,                                                    Index No.: 104507/08

                                   Plaintiff,          **VERIFIED BILL OF
                                                        PARTICULARS**

              -against-

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

                                   Defendants.
------------------------------------------------------------X

        Plaintiff, by his attorneys, SACKSTEIN, SACKSTEIN & LEE, LLP, as and for his Verified
Bill of Particulars, pursuant to the demand of the Defendants, WHITESTONE DEVELOPMENT
PARTNERS, L.P. and THE RELATED COMPANIES, L.P., alleges as follows:

        1.      The Plaintiff presently resides at 136-10 Latimer Place, Apt. 3J, Flushing, New York
11354.

        2.      The subject accident occurred on or about Friday, November 23, 2007, at
approximately 5 a.m.

        3.      The subject accident occurred at the premises known as Circuit City,  located at
136-03 20th Avenue, in the County of Queens, City and State of New York.

        4.      The subject accident and the injuries sustained by the Plaintiff, YU-LIANG LEI,
occurred solely and wholly as a result of the carelessness and negligence of the Defendants, their
agents, servants and/or employees, in the ownership, operation, management, maintenance,
supervision and/or control of the premises; in creating, knowing, causing, permitting and allowing
the aforementioned premises and, in particular, the entranceway of the aforementioned premises to
become and remain in a dangerous, hazardous, unsafe, trap-like and otherwise dangerous and
defective condition; in causing, allowing and permitting an excess accumulation of patrons to gather
immediately outside the aforementioned premises; in negligently and carelessly failing to properly
direct patrons of the aforementioned premises into the store in an orderly fashion; in negligently and
carelessly failing to control the number of patrons permitted to enter into the aforementioned
premises so as not to cause a crowd, throng and multitude of patrons attempting to enter into the
aforementioned premises at the same time and trample upon the person of the Plaintiff, YU-LIANG
LEI; in negligently and carelessly failing to properly cordon off the entranceway to the
aforementioned premises so as to prevent an excess and dangerous crowd to form immediately in
front of the aforementioned premises; in failing to take any steps to ameliorate and/or remedy the
dangerous and haphazard crowding conditions in front of the aforementioned premises immediately

prior to the subject accident; in failing to warn people lawfully standing in, at, about and/or immediately in front of the aforementioned premises and, in particular, the Plaintiff, YU-LIANG LEI, about the dangerous, haphazard and crowding conditions forming immediately prior to the subject accident; in negligently and carelessly failing to provide a sufficient and adequate number of security personnel, security detail, servants, agents and/or employees to manage, supervise, maintain and control the horde, throng and crowd of patrons who were permitted to trample onto and upon the person of the Plaintiff, YU-LIANG LEI, while entering the aforementioned premises; in negligently and carelessly failing to properly hire and train personnel in the area of crowd management and/or control; and the Defendants, their agents, servants and/or employees, or some of them, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions for the safety of the Plaintiff, YU-LIANG LEI.

5.    The subject accident occurred when the Plaintiff, YU-LIANG LEI, was trampled upon at the aforesaid premises due to an excess accumulation of patrons gathering immediately outside the premises without the entranceway to said premises being properly cordoned off so as to prevent a dangerous, hazardous and unsafe condition.

6.    Actual and constructive notice is claimed in connection with the subject accident.

7.    Although it is claimed that the Defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., by their agents, servants and/or employees, had actual notice of the unsafe, hazardous and dangerous condition which gave rise to the subject accident, to whom said notice was given, the place(s) where it was given and the date(s) said notice was given is within the sole possession and/or knowledge of the Defendants herein and/or awaits further discovery. The Plaintiff reserves the right to supplement this response upon the completion of discovery.

8.    Constructive notice is claimed in that, upon information and belief, the said unsafe, dangerous, defective and hazardous condition existed for an unreasonably long period of time prior to the happening of the subject accident and that a reasonable inspection of the subject area where the accident occurred would have revealed the existence of same. Moreover, in the exercise of reasonable care in the ownership, operation, control and maintenance of the subject premises, the Defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., their agents, servants and/or employees, knew or should have known of the condition resulting in the Plaintiff's accident. The Plaintiff reserves the right to supplement this response upon completion of discovery.

9.    As a result of the subject accident, the Plaintiff suffered from the following serious, severe and permanent injuries:

### REGARDING THE LEFT ANKLE

-    Left ankle bimalleolar fracture.

The foregoing injury necessitated the following surgery performed by Joseph Shim, M.D., at Flushing Hospital Medical Center, on November 23, 2007.

Pre-Operative Diagnosis

- Bimalleolar fracture-left ankle.

Post-Operative Diagnosis

- Same.

Procedure

- Open Reduction Internal Fixation, left ankle.

The Plaintiff reserves the right to supplement and/or amend the foregoing upon receipt of further medical records, if any.

All of the injuries above referred to herein, their manifestations, resulting disabilities and involvements, are claimed to have resulted in limitation of motion, loss of use and loss of function. Said injuries may, if they progress or fail to heal, require surgery, and are associated with further soft tissue injury to the areas traumatically affected, including tearing, derangement, involvement of and damage to the surrounding muscles and muscle groups, ligaments, tendons, blood vessels, and blood supply, nerves and nerve tissue, epithelial tissue, body tissues and bone structure, all concomitant to the specific injuries and related to the various portions mentioned herein, with resultant pain, deformity, disability, stiffness, weakness, swelling, tenderness, edema, atrophy, ecchymosis, impairment of use, restriction and limitation of motion, pain on motion, possible loss of use, atrophy, disfigurement and have all prevented and will continue to prevent enjoyment of the normal fruits of life and its daily activities (including but not limited to physical, social, educational, recreational, and economic) and the enjoyment of life has been permanently and substantially impaired, impeded, diminished, and reduced.

Upon information and belief, all of the above injuries, suffered by the Plaintiff together with their residuals and sequelae, except those of a superficial nature, are permanent, progressive and continuing in nature. The Plaintiff reserves his right to supplement this Bill of Particulars when further medical information becomes available, and relies also on any and all injuries that are mentioned in the medical reports and/or hospital records submitted herewith, or that will be submitted in the future or if and when counsel for Plaintiff are provided with further medical records indicating further injuries not included in this Bill of Particulars. In addition, it is claimed that said injuries have directly adversely affected the nerves, tissues, blood vessels, muscles, ligaments, cartilages, tendons, bones, and soft parts in and about the sites of the above mentioned areas of the injury, including the central nervous system, muscular system and skeletal system. Also, with advancing years there will be naturally and medically related complications and exacerbations, including but not limited to predisposition to early onset of arthritic changes and spinal instability with possible need for surgery in the future. The aforesaid have and will continue in the future to affect every facet of the Plaintiff's pre-accident way of life with resultant damages. The Plaintiff will

introduce upon the trial herein testimony and proof in conjunction with all of the injuries, conditions, manifestations, and sequelae which will be permanent, and reserve the right to adduce proof with respect thereto at the time of the trial.

     10.    (a)    As a result of the subject accident, the Plaintiff was confined to the following hospital:

> Flushing Hospital Medical Center
> 45th Avenue at Parsons Boulevard
> Flushing, New York 11355
> **Dates of Confinement: 11/23/2007 to 11/24/2007**

          (b)    The Plaintiff was substantially confined to bed for a period of approximately three (3) months following the subject accident.

          (c)    The Plaintiff has been substantially confined to home from November 24, 2007, and continuing to date.

     11.    (a)    At the time of the subject accident, the Plaintiff was a watch repairman.

          (b)    At the time of the subject accident, the Plaintiff was employed by Geneva Watch Group, located at 47-50 33rd Street, Long Island City, New York 11101.

          (c)    At the time of the subject accident, the Plaintiff was earning approximately $700 bi-weekly.

          (d)    As a result of the subject accident, the Plaintiff remains totally disabled.

     12.    The Plaintiff claims the following as and for his special damages:

| | | |
|---|---|---|
| (a) | Physician Expenses: | Approximately $4,361.40; |
| (b) | Medical supplies: | Included in (a) and (e); |
| (c) | Loss of earnings: | Approximately $14,000.00 and continuing; |
| (d) | X-rays: | Included in (a) and (e); |
| (e) | Hospital expenses: | Approximately $10,818.00; |
| (f) | Nurses' expenses: | Not Applicable |
| (g) | Other: | To be provided under separate cover, if any. |

    The Plaintiff reserves the right to supplement and/or amend the foregoing upon receipt of further billing records, if any.

     13.    For collateral source information, please refer to the Plaintiff's Response to Defendants' Combined Discovery Demands.

     14.    The Plaintiff's date of birth is August 29, 1959. The Plaintiff's social security number is 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.

15.    The Plaintiff will rely upon the Court taking Judicial Notice of any statutes, laws, rules, regulations and/or ordinances which may have been violated by the Defendants, WHITESTONE DEVELOPMENT PARTNERS, L.P. and THE RELATED COMPANIES, L.P., herein.

16.    Not Applicable. Loss of services is not claimed.

17-18. Not Applicable. The instant action does not involve a motor vehicle accident.

The Plaintiff reserves the right to supplement and/or amend the foregoing bill of particulars up to and including the time of trial.

Dated: Garden City, New York
        September 3, 2008

                                    Yours, etc.,

                                    SACKSTEIN SACKSTEIN & LEE, LLP

                                    By: Mark J. DeCicco, Esq.
                                    Attorneys for Plaintiff
                                    YU-LIANG LEI
                                    1140 Franklin Avenue, Suite 210
                                    Garden City, New York 11530
                                    (516) 248-2234


To:    THE LAW OFFICES OF EDWARD GARFINKEL
       Attorneys for Defendants
       WHITESTONE DEVELOPMENT PARTNERS, L.P. and
       THE RELATED COMPANIES, L.P.
       110 William Street
       New York, NEw York 10038
       (212 809-8000
       File No.: NYNY-27384

       RENDE, RYAN & DOWNES, LLP
       Attorney for Defendant
       CIRCUIT CITY STORES, INC.
       202 Mamaroneck Avenue
       White Plains, New York 10601
       (914) 681-0444

## VERIFICATION

STATE OF NEW YORK       )
                           ss.:
COUNTY OF NASSAU       )

         The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

         Deponent is associated with the law firm of the attorney of record for the Plaintiff in the within action; deponent has read the foregoing Bill of Particulars and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

         This Verification is made by deponent and not by the Plaintiff by reason of the fact that the Plaintiff does not reside in the County wherein deponent has his office.

Dated: Garden City, New York
       September 3, 2008

                                     MARK J. DECICCO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

YU-LIANG LEI,                                                    Index No.: 104507/08

                              Plaintiff,                         **AFFIDAVIT OF**
                                                                 **SERVICE**

        -against-

CIRCUIT CITY STORES, INC., WHITESTONE
DEVELOPMENT PARTNERS, L.P. and THE
RELATED COMPANIES, L.P.,

                              Defendants.
----------------------------------------------------------------X

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NASSAU          )

        ANNMARIE BROWN-JIMENEZ, being duly sworn, says:

        I am not a party to the action; I reside at Queens County, New York, and I am over 18
years of age.

        On September 3, 2008, I served the within Verified Bill of Particulars by depositing a true
copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and
custody of the United States Postal Service within New York State, addressed to the following at the
last known address set forth below:

To:     THE LAW OFFICES OF EDWARD GARFINKEL
        Attorneys for Defendants
        WHITESTONE DEVELOPMENT PARTNERS, L.P. and
        THE RELATED COMPANIES, L.P.
        110 William Street
        New York, NEw York 10038
        (212 809-8000
        File No.: NYNY-27384

        RENDE, RYAN & DOWNES, LLP
        Attorney for Defendant
        CIRCUIT CITY STORES, INC.
        202 Mamaroneck Avenue
        White Plains, New York 10601
        (914) 681-0444

ANNMARIE BROWN-JIMENEZ

Sworn to before me this
3rd day of September, 2008

NOTARY PUBLIC

**MARK J. DeCICCO**
**NOTARY PUBLIC, State of New York**
No. 02DE5045396
Qualified in Suffolk County
Commission Expires June 19, 20 11