Gregg M. Galardi, Esq.     Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.    Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &  MCGUIREWOODS LLP
FLOM, LLP            One James Center
One Rodney Square      901 E. Cary Street
PO Box 636           Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

       - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - - x
In re:          :  Chapter 11
             :
CIRCUIT CITY STORES, INC.,  :  Case No. 08-35653 (KRH)
et al.,         :
             :
        Debtors.  :  Jointly Administered
- - - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363 AND 503
AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING AND
APPROVING THE SALE BY SELLER OF CERTAIN REAL PROPERTY
LOCATED IN ATLANTA, GEORGIA FREE AND CLEAR OF LIENS AND
INTERESTS**

Upon the motion (the "Motion")[1] of Circuit City

Stores, Inc. (the "Seller," and collectively with the

---

[1] Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Motion.

debtors and debtors in possession in the above-captioned

jointly administered cases, the "Debtors") for entry of

an order pursuant to sections 105, 363 and 503 of title

11 of the United States Code (the "Bankruptcy Code") and

Rules 2002 and 6004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (A) authorizing the

Seller to enter into the Agreement with Axion Holdings,

LLC (the "Purchaser") for the sale (the "Sale") of

certain of the Seller's real property located at 1325

West Corporate Court, Lithia Springs, Georgia (the

"Property"), subject to higher or otherwise better

proposals, (B) approving the Expense Reimbursement in

connection therewith, (C) approving the Sale free and

clear of all Liens and (D) granting related relief; and

upon the record of the auction conducted on August 24,

2009 (the "Auction") and the hearing held on August 27,

2009 (the "Sale Hearing"); and after due deliberation

thereon, and sufficient cause appearing therefor,

2

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.     Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.     The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363 and 503 and Bankruptcy Rules 2002 and 6004.

D.     The notice of the Motion, the Auction, and the Sale Hearing given by the Seller constitutes due and sufficient notice thereof.

E.     The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Property.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3

F.    A reasonable opportunity to object or be heard regarding the relief in this Order has been afforded to all interested persons and entities.

G.    The Seller and its professionals marketed the Property and conducted a sale process as set forth in and in accordance with the Motion and the Bidding Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid on the Property.

H.    The Seller has demonstrated good, sufficient, and sound business purpose and justification for the Sale because, among other things, the Seller and its advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that (a) the terms and conditions set forth in the Agreement, (b) the transfer to the Purchaser of the Property pursuant thereto and (c) the Purchase Price agreed to by the Purchaser, $2.1 million, is fair and reasonable and constitutes the highest or otherwise best value obtainable for the Property.

4

I.    The Seller has full power and authority
to execute the agreement submitted by Axion Holdings,
LLC (the "Purchaser"), a copy of which is annexed hereto
as Exhibit A (the "Agreement") and all other applicable
documents contemplated thereby.  The transfer and
conveyance of the Property by the Seller have been duly
and validly authorized by all necessary action of the
Seller.  The Seller has all of the power and authority
necessary to consummate the transactions contemplated by
the Agreement and has taken all action necessary to
authorize and approve the Agreement and to consummate
the transactions contemplated thereby.  No consents or
approvals, other than those expressly provided for in
the Agreement, are required for the Seller to consummate
such transactions.

J.    The Agreement and the Sale of the
Property were negotiated and have been and are
undertaken by the Seller and the Purchaser at arms'
length without collusion or fraud, and in good faith
within the meaning of Sections 363(m) of the Bankruptcy
Code.  As a result of the foregoing, the Seller and the

Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code.

K.   Neither the Seller nor the Purchaser engaged in any conduct that would cause or permit the Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

L.   The Purchase Price provided by the Purchaser for the Property is the highest and best offer received by the Seller, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Property.

M.   The Sale must be approved and consummated promptly to obtain the value provided under the terms of the Agreement.

N.    The transfer of the Property to the
Purchaser is a legal, valid, and effective transfer of
the Property, and shall vest the Purchaser with all
right, title, and interest of the Seller to the Property
free and clear of all liens (including the liens of the
Seller's post-petition lenders and liens for past-due
real property taxes), claims and encumbrances
(collectively, the "Liens"), except for those items
defined in the Agreement (and which are referred to
hereinafter) as the "Permitted Encumbrances".

O.    If the Sale of the Property by the Seller
were not free and clear of any Liens, except for the
Permitted Encumbrances, as set forth in the Agreement
and this Sale Order, or if the Purchaser would, or in
the future could, be liable for any of the Liens, the
Purchaser would not have entered into the Agreement and
would not consummate the Sale contemplated by the
Agreement, thus adversely affecting the Seller, its
estate, and its stakeholders.

P.    The Seller may sell its interest in the
Property free and clear of all Liens (except the
Permitted Encumbrances) because, in each case, one or

more of the standards set forth in Bankruptcy Code
sections 363(f)(1)-(5) has been satisfied.  All holders
of Liens, if any, who did not object or withdrew their
objections to the Sale are deemed to have consented to
the Sale pursuant to 11 U.S.C. § 363(f)(2) and all
holders of Liens are adequately protected by having
their Liens, if any, attach to the cash proceeds of the
Sale ultimately attributable to the property against or
in which they claim an interest with the same priority,
validity, force, and effect as they attached to such
property immediately before the Closing of the Sale.

Q.   Based on the foregoing findings of fact
and conclusions of law,[3]

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Motion is GRANTED.

2.   Any and all objections to the Motion not
waived, withdrawn, settled, adjourned or otherwise
resolved herein are hereby overruled on the merits and
denied with prejudice.

---

[3]   Statements made by the Court from the bench at the hearing on the
Motion shall constitute additional conclusions of law and
findings of fact as appropriate.

8

**A.    Approval Of The Agreement.**

3.    Pursuant to Bankruptcy Code section 363(b), the Agreement and all of the terms and conditions thereof are hereby approved.

4.    Pursuant to Bankruptcy Code section 363(b), the Seller is authorized and approved to perform its obligations under the Agreement and comply with the terms thereof and consummate the Sale in accordance with and subject to the terms and conditions of the Agreement.

5.    The Seller is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement all additional instruments and documents as may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession the Property as contemplated by the Agreement.

6.    This Sale Order and the Agreement shall be binding in all respects upon the Seller, all stakeholders (whether known or unknown) of the Seller,

9

all affiliates and subsidiaries of the Seller, and any

subsequent trustees appointed in the Seller's chapter 11

case or upon a conversion to chapter 7 under the

Bankruptcy Code.  To the extent that any provision of

this Sale Order is inconsistent with the terms of the

Agreement, this Sale Order shall govern.

7.    The Agreement and any related agreements,

documents, or other instruments may be modified, amended,

or supplemented by the parties thereto, in a writing

signed by such parties, and in accordance with the terms

thereof, without further order of the Court; <u>provided</u>

that any such modification, amendment, or supplement is

disclosed to the Creditors' Committee and does not have

a material adverse effect on the Seller's estate, in the

good faith business judgment of the Seller.

**B.    Sale And Transfer Of The Property.**

8.    Pursuant to Bankruptcy Code sections

363(b) and 363(f), upon the consummation of the

Agreement, the Seller's right, title, and interest in

the Property shall be transferred to the Purchaser free

and clear of all Liens except the Permitted Encumbrances,

with all such Liens to attach to the cash proceeds of

the Sale in the order of their priority, with the same
validity, force, and effect which they had as against
the Property immediately before such transfer, subject
to any claims and defenses the Seller may possess with
respect thereto.

9.    If any person or entity which has filed
financing statements, mortgages, mechanic's liens, lis
pendens, or other documents or agreements evidencing
Liens on or against the Property shall not have
delivered to the Seller prior to the Closing of the Sale,
in proper form for filing and executed by the
appropriate parties, termination statements, instruments
of satisfaction, releases of all Liens that the person
or entity has with respect to the Property, or otherwise,
then (a) the Seller is hereby authorized to execute and
file such statements, instruments, releases, and other
documents on behalf of the person or entity with respect
to the Property and (b) the Purchaser is hereby
authorized to file, register, or otherwise record a
certified copy of this Sale Order, which, once filed,
registered, or otherwise recorded, shall constitute
conclusive evidence of the release of all Liens on or

11

against the Property of any kind or nature whatsoever
except for the Permitted Encumbrances.

10.   This Sale Order (a) shall be effective as
a determination that, upon the Closing of the Sale, all
Liens of any kind or nature whatsoever existing as to
the Seller or the Property prior to the Closing of the
Sale, except for the Permitted Encumbrances, have been
unconditionally released, discharged, and terminated
(other than any surviving obligations), and that the
conveyances described herein have been effected and (b)
shall be binding upon and shall govern the acts of all
entities including, without limitation, all filing
agents, filing officers, title agents, title companies,
recorders of mortgages, recorders of deeds, registrars
of deeds, administrative agencies, governmental
departments, secretaries of state, federal, state, and
local officials, and all other persons and entities who
may be required by operation of law, the duties of their
office, or contract, to accept, file, register, or
otherwise record or release any documents or instruments,
or who may be required to report or insure any title or
state of title in or to any of the Property.

12

11.   All persons and entities, including, but
not limited to, all debt security holders, equity
security holders, governmental, tax, and regulatory
authorities, lenders, trade stakeholders, and other
stakeholders, holding Liens of any kind or nature
whatsoever against or in the Seller or the Property,
except the Permitted Encumbrances (whether legal or
equitable, secured or unsecured, matured or unmatured,
contingent or non-contingent, senior or subordinated)
arising under or out of, in connection with, or in any
way relating to the Property prior to the Closing of the
Sale, or the transfer of the Property to the Purchaser,
hereby are forever barred, estopped, and permanently
enjoined from asserting against the Purchaser, its
successors or assigns, its property, or the Property,
such persons' or entities' Liens.  Nothing in this Sale
Order or the Agreement releases or nullifies any
liability to a governmental agency under any
environmental laws and regulations that any entity would
be subject to as owner or operator of the Property after
the date of entry of this Sale Order.  Nothing in this
Sale Order or the Agreement bars, estops, or enjoins any

13

governmental agency from asserting or enforcing, outside
the Court, any liability described in the preceding
sentence.  Notwithstanding the above, nothing herein
shall be construed to permit a governmental agency to
obtain penalties from the Purchaser for days of
violation of environmental laws and regulations prior to
Closing.

**C.    Additional Provisions**

13.    The Purchase Price provided by the
Purchaser for the Property under the Agreement is hereby
deemed to constitute reasonably equivalent value and
fair consideration under the Bankruptcy Code, the
Uniform Fraudulent Conveyance Act, the Uniform
Fraudulent Transfer Act, and under the laws of the
United States, and any state, territory, or possession
thereof, or the District of Columbia.

13.    The Purchase Price provided by the
Purchaser for the Property under the Agreement is fair
and reasonable and the Sale may not be avoided under
section 363(n) of the Bankruptcy Code.

14.    Upon the Closing, this Sale Order shall
be construed as and shall constitute for any and all

purposes a full and complete general assignment, conveyance, and transfer of the Property or a bill of sale transferring good and marketable title in the Property to the Purchaser pursuant to the terms of the Agreement.

15.   The transactions contemplated by the Agreement are undertaken by the Seller and the Purchaser at arm's length, without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.   The Purchaser is a purchaser in good faith, within the meaning of section 363(m) of the Bankruptcy Code, of the Property and is, and shall be, entitled to all of the protections afforded by such section and in accordance therewith.

16.   The failure specifically to include or to reference any particular provision of the Agreement in this Sale Order shall not diminish or impair the

15

effectiveness of such provision, it being the intent of
the Court that the Agreement be authorized and approved
in its entirety.

17.  If the Purchaser fails to close on the
purchase of the Property in accordance with the terms of
the Agreement due to no fault of the Seller and Seller
is not in default of its obligations under such
Agreement, then Seller's counsel shall file with the
Court and serve upon the Purchaser, All American
Containers of Georgia, Inc. (the "Alternate Bidder") and
their counsel, a notice of such default, which shall
include a copy of the Alternate Bidder's agreement upon
which the Seller will then close, in which case
(i) Seller shall be deemed authorized to close on the
Sale of the Property with the Alternate Bidder on ten
(10) days' advance written notice to the Alternate
Bidder, and (ii) the Alternate Bidder shall be afforded
all of the protections originally afforded to the
Purchaser under this Sale Order and the findings herein
as to adequacy and fairness of consideration paid and
good faith shall be deemed to apply to the Alternate
Bidder, its Alternate Bid, and its purchase and sale

16

agreement with the Seller, without the necessity of
further order of this Court.

18.   All deposits submitted to the Seller for
the Property, if any, shall be returned to the bidders
that submitted such deposits no later than two business
days after the Closing of the Sale with the Purchaser
(or the Alternate Bidder, as the case may be), except in
the case of a bidder who closed on the Sale of the
Property or who was required to close in accordance with
the terms of this Sale Order but failed to do so in
breach of its contractual obligations through no fault
of the Seller.

19.   This Order shall be effective and
enforceable immediately upon entry and shall not be
stayed pursuant to Rule 6004(h).

20.   The requirement under Local Bankruptcy
Rule 9013-1(G) to file a memorandum of law in connection
with the Motion is hereby waived.

21.   This Court retains exclusive jurisdiction
to interpret, construe, enforce, and implement the terms
and provisions of this Sale Order, the Agreement, all
amendments thereto, any waivers and consents thereunder,

17

and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Seller pursuant to the Agreement, (c) resolve any disputes arising under or related to the Agreement, the Alternate Bid, and any deposit delivered to Seller by a bidder for the Property, (d) interpret, implement, and enforce the provisions of this Sale Order, and (e) protect the Purchaser against any Lien against the Seller or the Property of any kind or nature whatsoever, except for Permitted Encumbrances, which Liens, valid and timely perfected, shall attach to the proceeds of the Sale.

Dated:  Richmond, Virginia
         Aug 31 2009       , 2009

                              /s/ Kevin Huennekens
                              UNITED STATES BANKRUPTCY JUDGE
           Entered on docket:  September 1 2009

18

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Counsel to the Debtors and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

                            /s/ Douglas M. Foley


19

**Exhibit A**

**(Agreement)**

## FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT

THIS FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "First Amendment") between CIRCUIT CITY STORES, INC., a Virginia corporation ("Seller"), and AXION HOLDINGS, LLC, a Georgia limited liability company ("Purchaser"), shall be effective as of August 24, 2009 (the "Effective Date"). Terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Purchase Agreement (as hereinafter defined).

## RECITALS

A.     Seller and Purchaser are parties to that certain Purchase and Sale Agreement dated August 5, 2009 (the "Purchase Agreement").

B.     Pursuant to the Purchase Agreement, Purchaser agreed to purchase the Property subject to Seller's right to solicit "higher or better" offers and to conduct an auction for the Property, and on such other terms and conditions as set forth in the Purchase Agreement.

C.     On the Effective Date, at an auction conducted pursuant to the bid procedures contained in the Sale Motion (the "Property Auction"), Purchaser was the successful bidder for the Property.

D.     Seller and Purchaser desire to amend the Purchase Agreement to reflect the result of the Property Auction.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Purchaser agree as follows:

1.     Increase of Purchase Price.  The first sentence of Paragraph 2.1 of the Purchase Agreement is hereby deleted and replaced in its entirety with the following: "The purchase price (the "Purchase Price") for the Property shall be TWO-MILLION TWO-HUNDRED THOUSAND AND 00/100 DOLLARS ($2,200,000.00)."

2.     No Change.  Except as expressly provided herein, no term or provision of the Purchase Agreement shall be amended, modified, supplemented or waived, and each term and provision of the Purchase Agreement shall remain in full force and effect.

3.     Counterparts.  This First Amendment may be executed by Seller and Purchaser in any number of counterparts, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

[SIGNATURE PAGE ATTACHED]

1

IN WITNESS WEREOF, each of the parties hereto has caused this First Amendment to be executed by its duly authorized representatives as of the Effective Date.

SELLER:

CIRCUIT CITY STORES, INC.
a Virginia corporation

By: _____
Name: _____
Its: _____

PURCHASER:

AXION HOLDINGS, LLC
a Georgia limited liability company

By: _____
Name: _____
Its: _____

\9829373.1

2

IN WITNESS WEREOF, each of the parties hereto has caused this First Amendment to be executed by its duly authorized representatives as of the Effective Date.

SELLER:

CIRCUIT CITY STORES, INC.
a Virginia corporation

By: _____
Name: _____
Its: _____

PURCHASER:

AXION HOLDINGS, LLC
a Georgia limited liability company

By: _____
Name: C. V. BAYIANTZEAS
Its: _____

\9829373.1

2

# CERTIFICATE OF NOTICE

```
District/off: 0422-7        User: frenchs          Page 1 of 1           Date Rcvd: Sep 01, 2009
Case: 08-35653             Form ID: pdforder       Total Noticed: 1

The following entities were noticed by first class mail on Sep 03, 2009.
aty          +Gregg M. Galardi,   Skadden Arps Slate Meagher,   & Flom LLP, One Rodney Sq.,   PO Box 636,
              Wilmington, DE 19899-0636

The following entities were noticed by electronic transmission.
NONE.                                                                     TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 03, 2009**                    **Signature:**    *Joseph Speetjens*