**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE:<br>CIRCUIT CITY STORES, INC.,<br>ET AL | | |
| DEBTORS | * | CHAPTER 11 |
| VS. | * | CASE NO.: 08-35653 |
| JEFFREY THIBODEAU<br>RESPONDENT | * | SEPTEMBER 8, 2009 |

**RESPONSE TO DEBTOR'S 30-1ST OMNIBUS
OBJECTION TO CLAIMS BY JEFFREY THIBODEAU**

The debtor, Jeffrey Thibodeau, hereby opposes the relief as requested in the debtor's 30-1st Omnibus Objection to Claims as directed to this debtor. The claimant has suffered injuries and incurred expenses as a result of the Debtor's negligence. A list of special damages is attached hereto. The Debtor is liable as they were in possession and control of the parking lot and responsible under its lease for the care and maintenance of the same. Their failure to do so was a breach of their duty to the claimant as an invitee on the premises which resulted in the injuries sustained by the claimant as a result of the defective condition. Supporting documents and proposed evidence in support of the claim is attached hereto.

Attorney A. J. Wambolt 131 Washington Avenue, North Haven, Connecticut, 06473, phone 203-234-2007 is the person with personal knowledge of relevant facts and his analysis of the claim is also attached setting forth the specific factual and legal basis upon which the claimant intends to rely in support of this response and underlying claim. He is also the person who should be contacted to resolve the claim.

Alfred J. Zullo, Esquire
The Law Offices of Zullo & Jacks, LLC
83 Main Street P.O. Box 120748
East Haven, CT 06512
Telephone: (203)467-1411
Juris No. 419171

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VIRGINIA
### RICHMOND DIVISION

IN RE:
**CIRCUIT CITY STORES, INC.,**
**ET AL**

    **DEBTORS**　　　　　　　　　　　　*　　　　　　　　**CHAPTER 11**

**VS.**　　　　　　　　　　　　　　　　　　*　　　　　　　　**CASE NO.: 08-35653**

**JEFFREY THIBODEAU**
**RESPONDENT**　　　　　　　　　　　*　　　　　　　　**SEPTEMBER 8, 2009**

### CERTIFICATION

    This is to certify that a copy of the Response to Debtor's 30-1st Omnibus Objection to Claims by Jeffrey Thibodeau with attachments has been mailed via overnight mail this day to:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

Gregg M. Galardi, Esquire
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Dion W. Hayes
Douglas M. Foley
McGuirewoods, LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219

Chris L. Dickerson, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Alfred J. Zullo, Esquire



## Wambolt & Tolomeo LLC
### ATTORNEYS & COUNSELLORS AT LAW

August 29, 2009

Zullo & Jacks LLC
83 Main St
East Haven, CT 06512

**Re: Jeffery Thibodeau / Bankruptcy and Proof of claim**

Dear Attorney Zullo:

Pursuant to our conversation on August 28, 2009 I was to get you our theory of liability and medical diagnosis in regard to the above captioned matter.

THEORY OF LIABILITY
Mr. Thibodeau was walking from the Circuit City parking lot in the direction of the subject stores entrance. At said time, the parking lot at the subject premises was defective and dangerous due to a raised portion of the subject stores concrete walkway/entrance way as well as a portion of curbing attached to the same area which had recently been removed. As Mr. Thibodeau was walking towards the subject stores entrance, he was caused to fall to the ground as a result of the defective condition.

INJURIES
After the injury Mr. Thibodeau received care from his primary care physician as well as a chiropractor. As a result of the fall Mr. Thibodeau suffered from dull and throbbing temporal headaches, sharp and spastic pain in the neck on the right side with shooting, spastic, throbbing and pounding in the low back, mid back and upper back all on the right side. The pain in the back and neck occurs between one half and three fourths of the time when he is awake and causes serious diminution in his capacity to carry out daily activities.
Other symptoms experienced by Mr. Thibodeau include dull aching and throbbing pain in the right ankle that occurs one half and three fourths of the time he is awake and is tolerated but it does cause some diminution in his capacity to carry out daily activities. It is aggravated by standing and walking. Final symptom is numbing and tingling in the left wrist which occurs between one half and three fourths of the time when he is awake, and causes serious diminution in his capacity to carry out daily activities.

Please call me with any other information you may need to complete the Proof of Claim. I can be reached at 203 234 2007. Thank you for your time.

Very truly yours,

A.J. Wambolt
Wambolt & Tolomeo LLC

| | |
|---|---|
| RETURN DATE: FEBRUARY 10, 2009 | : SUPERIOR COURT |
| JEFFREY THIBODEAU | : J.D. OF NEW HAVEN |
| V. | : AT NEW HAVEN |
| CIRCUIT CITY STORES. INC<br>& IANNUCCI DEVELOPMENT<br>CORPORATION | : JANUARY 2, 2009 |

## COMPLAINT

**FIRST COUNT:**

1. At all times relevant, Plaintiff JEFFREY THIBODEAU was a resident of the City of Wallingford, Connecticut.

2. At all times relevant, Defendant CIRCUIT CITY STORES INC. (hereinafter "Defendant Circuit City") owned, possessed, managed, controlled and/or was responsible for the care and maintenance of the premises located at 16 Universal Drive, in the City of North Haven, Connecticut (hereinafter "subject premises").

3. On or about May 2, 2008, Plaintiff was lawfully upon the subject premises as a business invitee.

4. At said time and place, Plaintiff was walking from the parking lot in the direction of the subject stores entrance at the aforementioned location. At said time, the parking lot at the subject premises was defective due to a raised portion of the subject stores walkway as well as a

-2-

portion of curbing which had been removed. As Plaintiff was walking towards the subject store, Plaintiff was caused to fall to the ground as a result of the defective condition.

5. Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Defendant CIRCUIT CITY STORES INC., its duly authorized agents, servants and/or employees in that they:

 a. failed and neglected to maintain the subject premises in a safe condition by allowing the defect to remain on subject premises;

 b. permitted a dangerous and defective condition to exist, namely the raised walkway as well as the removal of curbing, which posed an unreasonable risk for people lawfully on the subject premises, such as Plaintiff;

 c. failed to take any preventative measures, such as the removal of the defect, to protect Plaintiff and others lawfully on the premises and to take any action to make the parking lot of the subject premises a safe means of ingress and egress;

 d. knew or reasonably should have known that the aforesaid dangerous and defective condition existed but failed and neglected to remedy said condition;

 e. knew or should have known that the defect posed an unreasonable risk of injuries to all those lawfully thereon;

-3-

f. knew or reasonably should have known that the dangerous and defective condition existing in the parking lot could be the direct cause of injuries to persons thereon;

g. although they knew or reasonably should have known of the dangerous and defective condition that existed or was created, they failed to take adequate measures to remove or repair said condition when same was reasonably necessary under the circumstances then and there existing;

h. failed to warn Plaintiff or others lawfully on the subject premises of the dangerous and defective condition;

i. failed to make proper and reasonable inspections of the parking lot when the same was reasonably necessary under all of the circumstances then and there present;

j. failed to remove said dangerous and defective conditions;

k. failed to erect or maintain proper safeguards, warnings and signs, or failed to otherwise warn Plaintiff of the aforesaid dangerous conditions.

6. At all times relevant, Defendant CIRCUIT CITY STORES INC was under a duty to keep and maintain the subject premises in a reasonably safe condition for the protection of Plaintiff and all other persons lawfully upon and using said premises.

Case 08-35653-KRH    Doc 4793    Filed 09/09/09    Entered 09/09/09 13:58:15    Desc Main
                            Document      Page 8 of 15

-4-

7. As a direct result of the aforesaid negligence and carelessness of Defendant CIRCUIT CITY STORES INC, Plaintiff suffered from the following serious personal injuries some, or all, of which may be permanent in their nature:

    a. cervical sprain strain with palpation;

    b. lumbar sprain strain with palpation;

    c. right ankle sprain;

    d. left wrist sprain;

    e. trapezius sprain;

    f. headaches;

    g. trouble sleeping.

8. As a further result of the negligence and carelessness of Defendant CIRCUIT CITY STORES INC, Plaintiff incurred and will continue to incur, expenses for medical care and treatment, including but not limited to emergency room care, medicine, physical therapy, x-rays and other diagnostic evaluation, all of which has and will continue to cause him loss and damage.

9. As a further direct and proximate result of the carelessness and negligence of Defendant CIRCUIT CITY STORES INC, Plaintiff lost time from work and was unable to attend to his usual occupational duties in the same manner as she had prior to the collision and his earning capacity has and will continue to be impaired in the future, all to his further detriment and loss.

-5-

10. As a further direct and proximate result of the carelessness and negligence of Defendant CIRCUIT CITY STORES INC, Plaintiff has been caused to suffer an overall physical discomfort, which imposes a severe limitation on his ability and capacity to carry on and enjoy all of life's activities in the same manner as he had prior to the incident.

## SECOND COUNT:

1. At all times relevant, Plaintiff JEFFREY THIBODEAU was a resident of the City of Wallingford, Connecticut.

2. At all times relevant, Defendant, IANNUCCI DEVELOPMENT CORPORATION. (hereinafter "Defendant Iannucci") owned, possessed, managed, controlled and/or was responsible for the care and maintenance of the premises located at 16 Universal Drive, in the City of North Haven, Connecticut (hereinafter "subject premises").

3. On or about May 2, 2008, Plaintiff was lawfully upon the subject premises as a business invitee.

4. At said time and place, Plaintiff was walking from the parking lot in the direction of the subject stores entrance at the aforementioned location. At said time, the parking lot at the subject premises was defective due to a raised portion of the subject stores walkway as well as a portion of curbing which had been removed. As Plaintiff was walking towards the subject store, Plaintiff was caused to fall to the ground as a result of the defective condition.

-6-

5.  Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Defendant IANNUCCI DEVELOPMENT CORPORATION., its duly authorized agents, servants and/or employees in that they:

l. failed and neglected to maintain the subject premises in a safe condition by allowing the defect to remain on subject premises;

m. permitted a dangerous and defective condition to exist, namely the raised walkway as well as the removal of curbing, which posed an unreasonable risk for people lawfully on the subject premises, such as Plaintiff;

n. failed to take any preventative measures, such as the removal of the defect, to protect Plaintiff and others lawfully on the premises and to take any action to make the parking lot of the subject premises a safe means of ingress and egress;

o. knew or reasonably should have known that the aforesaid dangerous and defective condition existed but failed and neglected to remedy said condition;

p. knew or should have known that the defect posed an unreasonable risk of injuries to all those lawfully thereon;

q. knew or reasonably should have known that the dangerous and defective condition existing in the parking lot could be the direct cause of injuries to persons thereon;

-7-

    r. although they knew or reasonably should have known of the dangerous and defective condition that existed or was created, they failed to take adequate measures to remove or repair said condition when same was reasonably necessary under the circumstances then and there existing;

    s. failed to warn Plaintiff or others lawfully on the subject premises of the dangerous and defective condition;

    t. failed to make proper and reasonable inspections of the parking lot when the same was reasonably necessary under all of the circumstances then and there present;

    u. failed to remove said dangerous and defective conditions;

    v. failed to erect or maintain proper safeguards, warnings and signs, or failed to otherwise warn Plaintiff of the aforesaid dangerous conditions.

6.     At all times relevant, Defendant IANNUCCI DEVELOPMENT CORPORATION was under a duty to keep and maintain the subject premises in a reasonably safe condition for the protection of Plaintiff and all other persons lawfully upon and using said premises.

7.     As a direct result of the aforesaid negligence and carelessness of Defendant IANNUCCI DEVELOPMENT CORPORATION, Plaintiff suffered from the following serious personal injuries some, or all, of which may be permanent in their nature:

    h. cervical sprain strain with palpation;

    i.   lumbar sprain strain with palpation;

    j.   right ankle sprain;

    k.   left wrist sprain;

    l.   trapezius sprain;

    m.  headaches;

    n.   trouble sleeping.

8.    As a further result of the negligence and carelessness of Defendant IANNUCCI DEVELOPMENT CORPORATION, Plaintiff incurred and will continue to incur, expenses for medical care and treatment, including but not limited to emergency room care, medicine, physical therapy, x-rays and other diagnostic evaluation, all of which has and will continue to cause him loss and damage.

9.    As a further direct and proximate result of the carelessness and negligence of Defendant IANNUCCI DEVELOPMENT CORPORATION , Plaintiff lost time from work and was unable to attend to his usual occupational duties in the same manner as she had prior to the collision and his earning capacity has and will continue to be impaired in the future, all to his further detriment and loss.

10.   As a further direct and proximate result of the carelessness and negligence of Defendant IANNUCCI DEVELOPMENT CORPORATION, Plaintiff has been caused to suffer an

-9-

overall physical discomfort, which imposes a severe limitation on his ability and capacity to carry on and enjoy all of life's activities in the same manner as he had prior to the incident.

**WHEREFORE**, the Plaintiff claims:

1. Money damages.

2. Such other relief at law or in equity as the court may deem fair and just.

                                          THE PLAINTIFF,
                                          JEFFREY THIBODEAU

                               BY:_____
                                   A.J. WAMBOLT
                                   WAMBOLT & TOLOMEO LLC
                                   Juris No.: 423762

-10-

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 10, 2009 | : | SUPERIOR COURT |
| JEFFREY THIBODEAU | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| CIRCUIT CITY STORES. INC<br>& IANNUCCI DEVELOPMENT<br>CORPORATION | : | JANUARY 2, 2009 |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is more than fifteen thousand dollars ($15,000.00).

>THE PLAINTIFF,
>JEFFREY THIBODEAU
>
>BY:_____
>A.J. WAMBOLT
>WAMBOLT & TOLOMEO LLC
>Juris No.: 423762

-11-