

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case No. **08-35653** |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## CREDITOR ADA ALICEA'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN LEGAL CLAIMS]

Ada Alicea, on behalf of herself and all others similarly situated ("Creditor"), by and through her undersigned counsel, pursuant to Fed. Bankr. R. 3007, Local Bankruptcy Rule 3007-1(D) and the Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections, hereby responds in opposition to the Debtors' Thirty-First Objection to Claims [Docket No. 4585] and states as follows:

1. On May 23, 2007, Creditor Alicea commenced a class action styled <u>Alicea v. Circuit City Stores, Inc.</u>, Index No. 15520/07, in the Supreme Court of the State of New York, Bronx County (the "<u>New York State Court Action</u>") on behalf of herself and all others similarly situated. Creditor Alicea's Complaint seeks redress for Debtor's deceptive and otherwise improper business practice of imposing "restocking fees" in the amount of 15% of the purchase price of returned items, resulting in the Debtor's improper and unlawful monetary gain.

2. Creditor's Complaint alleged, on a class-wide basis, violations of New York

Christine M. Ford  (NY Bar No.2897999)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY 10605
Phone:    (914) 517-5000
Facsimile:    (914) 517-5055
*Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

General Business Law § 349 (New York's consumer protection law) and asserted common law claims under New York law for unjust enrichment and breach of contract.

3. Debtor is a publicly traded corporation duly organized and existing under the laws of the Commonwealth of Virginia with a principal place of business in Richmond, Virginia. Debtor is authorized to do business in New York and did business in New York through its regularly conducted business activities. Circuit City owns and operated a chain of retail stores and on-line marketplace offering consumer electronics, home-office products, software and related services.

4. Upon purchase of any merchandise at a Circuit City store, a customer was presented with a sales receipt which states on its reverse Circuit City's return guarantee: "If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below" (the "Return Policy").

5. The terms of Circuit City's Return Policy included a so-called "restocking fee" in the amount of 15% of the purchase price, imposed in the event certain enumerated items are returned: (1) "opened"; or (2) "in a non-factory sealed box" (the "Restocking Fee"). The Restocking Fee applies only to the following products: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDAs, mobile video, GPS and radar detectors. Stated otherwise, if an enumerated product is returned unopened and in a factory sealed box, the Restocking Fee does not apply.

6. The amount of the Restocking Fee -- 15% of the purchase price -- was not a reasonable estimate of the anticipated or actual cost incurred by Circuit City for "restocking" a return, and it is imposed without regard to the price of the item returned.

7. For example, Creditor Ada Alicea purchased a JVC camcorder and a blank VCR tape on May 8, 2007. According to Circuit City, the camcorder is subject to the 15% Restocking Fee if it is returned opened or in a non-factory sealed box. The next day, on May 9, 2007, Movant returned the camcorder in an opened box. Circuit City charged Creditor a $35.62 Restocking Fee. The actual cost to restock Creditor's camcorder, however, was not $35.62. In fact, upon information and belief, the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price of the product.

8. The Restocking Fee did not bear a reasonable relationship to the cost incurred by Circuit City as a result of a returned product being restocked, nor is it a reasonable estimate of that cost. And because the Restocking Fee was unrelated to the actual cost of "restocking" the returned item, the amount charged to unsuspecting consumers is unreasonable and almost always excessive.

9. Moreover, the Restocking Fee was nothing more than an undisclosed penalty imposed upon consumers, creating an additional undisclosed revenue source for Circuit City.

10. Circuit City's collection of Restocking Fees constituted a double recovery as Circuit City has already incorporated restocking costs, if any, into the basic sales price of each item sold. The assessment of a Restocking Fee represented a deliberate profit-making scheme by Circuit City in violation of New York law.

11. Following service of the summons and complaint in May 2007, Debtor removed the action to the United States District Court for the Southern District of New York. Creditor Alicea filed a motion to remand the action to New York State Supreme Court, Bronx County.

12. In an Opinion and Order dated January 22, 2008, the Honorable Denny Chin

granted Creditor's motion to remand finding that there was no federal jurisdiction over the state law claims presented.

13. Judge Chin ordered that the parties brief the issue of whether Creditor's counsel was entitled to attorneys' fees for having to oppose Debtor's meritless removal to federal court. In March 2008, the parties' settled their dispute over attorneys' fees.

14. Following remand to state court, Creditor Alicea filed a First Amended Class Action Complaint on April 29, 2008.

15. On May 20, 2008, Debtor moved to dismiss the First Amended Class Action Complaint. Debtor's motion to dismiss was fully briefed and oral argument was held on August 4, 2008.

16. Prior to the Court's issuance of a decision on Debtor's motion to dismiss, Debtor filed its petition pursuant to Chapter 11 of the Bankruptcy Code.

17. On May 4, 2009, the New York Court issued an order denying Debtor's motion to dismiss Plaintiff's claim under New York's consumer protection law.

18. On January 23, 2009, Creditor Alicea, through her counsel, timely filed a proof of claim with claims administrator Kurtzman Carson. Creditor Alicea's claim is identified as claim number 6283.

19. Debtor now objects to Creditor Alicea's claim based entirely on Debtor's conclusory assertion that there is "no liability." Debtor offers no detail whatsoever to dispute Creditor Alicea's claim – no facts, no law, no reasoning. Debtor essentially seeks to disallow Creditor Alicea's claim for reasons that are completely unknown. Debtor's unsupported assertion is particularly dubious as the New York Court recently found that Creditor Alicea

4

stated a claim under New York's consumer protection law.

20.   Creditor Alicea is prepared to respond to any specific factual and/or legal arguments that pertain to a fair determination of her claim. However, she cannot do so based upon the current objection.

21.   Accordingly, Creditor Alicea respectfully requests that the Court deny Debtor's Thirty-First Omnibus Objection to Claims to the extent that it relates to her claim.

Dated: September 4, 2009                    Respectfully submitted,

/s/ Christine M. Ford
Christine M. Ford (NY Bar No.2897999)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY  10605
Phone:      (914) 517-5000
Facsimile:   (914) 517-5055
*Counsel to Ada Alicea, on Behalf of
Herself and All Others Similarly Situated*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2009, a copy of the foregoing Response was served by U.S. Mail, postage prepaid upon the following:

Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Attn: Gregg M. Galardi
Attn: Ian S. Fredericks

-and-

Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn: Chris L. Dickerson

McGuireWoods LLP
One James Center
Richmond, VA 23219
Attn: Dion W. Hayes
Attn: Douglas M. Foley

/s/ Christine M. Ford

# MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.

Attorneys at Law

1311 MAMARONECK AVENUE, WHITE PLAINS, NY 10605
TEL: (914)517-5000  |  FAX: (914)517-5055

September 4, 2009

**Via: Federal Express**

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street – Room 4000
Richmond, Virginia 23219

        Re:   *In re Circuit City Stores, Inc.*
               Case No.: 08-35653
               <u>Our File No.: 14757</u>

Dear Sir or Madam:

    Enclosed is an original and a copy of Creditor Ada Alicea's Response to Debtors' Thirty-First Omnibus Objection to Claims [Docket No. 4585]. Please file the original and return a filed-stamped copy in the enclosed self-addressed stamped envelope.

    Thank you for your attention to this matter.

                                  Very truly yours,

                                  MEISELMAN, DENLEA, PACKMAN,
                                  CARTON & EBERZ P.C.

                                  Christine M. Ford

CMF/bls
Encl.
cc:    Gregg M. Galardi, Esq.    (Via: Regular Mail, w/encl.)
       Ian S. Frederics, Esq.     (Via: Regular Mail, w/encl.)
       Chris L. Dickerson, Esq.   (Via: Regular Mai, w/encl.)
       Dion W. Hayes, Esq.      (Via: Regular Mail, w/encl.)
       Douglas M. Foley, Esq.   (Via: Regular Mail, w/encl.)

00222917.WPD