| | |
|---|---|
| Gregg M. Galardi, Esq. | Dion W. Hayes (VSB No. 34304) |
| Ian S. Fredericks, Esq. | Douglas M. Foley (VSB No. 34364) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | MCGUIREWOODS LLP |
| One Rodney Square | One James Center |
| P.O. Box 636 | 901 E. Cary Street |
| Wilmington, Delaware 19899-0636 | Richmond, Virginia 23219 |
| (302) 651-3000 | (804) 775-1000 |

– and –

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - - x
In re:                        :   Chapter 11
                              :
CIRCUIT CITY STORES, INC.,    :   Case No. 08-35653 (KRH)
et al.,                       :
                              :
              Debtors.        :   Jointly Administered
- - - - - - - - - - - - - - - x
```

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 502(C) AND BANKRUPTCY RULE 3018 TO TEMPORARILY ALLOW CERTAIN PERSONAL INJURY AND WRONGFUL DEATH CLAIMS IN THE AMOUNT OF $0.00 SOLELY FOR PURPOSES OF VOTING ON THE PLAN**

Circuit City Stores, Inc. ("Circuit City") and its subsidiary debtors and debtors in possession in the above-captioned cases (collectively with Circuit City, the

"Debtors"),[1] hereby move (the "Motion"), pursuant to sections 105 and 502(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rule 3018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for entry of an order temporarily allowing the Claims (as defined herein) in the amount of $0.00 solely for purposes of voting to accept or reject the Plan (as defined herein).  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

2

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502(c) and Bankruptcy Rule 3018.

## BACKGROUND

**A.  General Case Background.**

3. On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors (the "Creditors' Committee"). To date, no trustee or examiner has been appointed in these chapter 11 cases.

6. On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent"). On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors remaining

stores. As of March 8, 2009, the going out of business sales at the Debtors' remaining stores had been completed.

**B.    The Plan.**

7.    On August 24, 2009, the Debtors and the Creditors Committee filed the Joint Plan of Liquidation of Circuit City Stores, Inc. and its Affiliated Debtors and Debtors In Possession and its Official Committee of Creditors Holding General Unsecured Claims (the "Plan"), as well as the associated disclosure statement (the "Disclosure Statement"). Generally, the Plan provides for the liquidation of the Debtors under chapter 11 of the Bankruptcy Code.

8.    The hearing to consider approval of the Disclosure Statement is scheduled for September 22, 2009.

**RELIEF REQUESTED**

9.    By this Motion, subject to the reservation of rights set forth below, the Debtors seek entry of an order temporarily allowing the Claims in the amount of $0.00 solely for purposes of voting to accept or reject the Plan.

**BASIS FOR RELIEF**

10.    Each creditor set forth on Exhibit A to the Order (collectively, the "Claimants") filed a claim against the Debtors on account of alleged personal injuries or

wrongful deaths (collectively, the "Claims").[2] Certain Claims were filed in an unliquidated amount, while other Claims were filed in estimated amounts. None of the Claims, however, have been reduced to judgment. Moreover, no Claim has been allowed by an order of this or any other Court.

11. Although the Debtors dispute liability with respect to each Claim, it is infeasible to resolve or liquidate all of the Claims in conjunction with soliciting votes on the Plan. Moreover, because of the alleged nature of these Claims, the Debtors may be required to litigate them in a court other than this Court. Such a process would be time-consuming and expensive, which would be detrimental to the Debtors' estates at this juncture of their cases.

12. Thus, the Debtors seek to temporarily allow the Claims for voting purposes only at $0.00. The Debtors believe that temporarily allowing the Claims in this manner protects the Claimants' interests in voting on the Plan because each Claimant's vote will be counted for purposes of "numerousity" under Bankruptcy Code section 1126(c).

---

[2] The Debtors do not agree that the Claims are "personal injury tort or wrongful death" claims as such terms are used under the Bankruptcy Code. The Debtors reserve their right to assert that the Claims are not "personal injury tort or wrongful death" claims and nothing herein shall be construed as or deemed to be a waiver of such right.

5

13. Because each Claim has not been liquidated and the Debtors' dispute liability with respect to each Claim, however, the Claimants should not be permitted to vote overestimated amounts and potentially skew the voting results one way or the other. By temporarily allowing the Claims in the amount of $0.00, the Claims will not be counted for determining whether the Debtors' satisfied the second requirement of Bankruptcy Code section 1126(c), *i.e.*, two-thirds in amount.

14. Accordingly, the Debtors seek to temporarily allow each Claim at $0.00 for voting purposes only in such amount.

**APPLICABLE AUTHORITY**

15. Title 28, section 157(b)(2)(B), of the United States Code, provides that this Court has core jurisdiction to estimate "claims . . . for purposes of confirming a plan under chapter 11 . . ., but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims . . . for purposes of distribution." 28 U.S.C. § 157(b)(2)(B). Although this section prohibits estimation for purposes of distributions, courts have consistently held that the bankruptcy court has authority to estimate claims for other purposes, such as for

6

voting purposes under a proposed plan.  In re Simon, 2008 WL 2953471 *4 (Bankr. E.D. Va. July 29, 2008) (Huennekens, J.); see also In re Chateaugay Corp., 111 B.R. 67, 72 (Bankr. S.D.N.Y. 1990) (finding that the estimation of personal injury tort or wrongful death claims for purposes other than distribution, such as determining the feasibility of a debtor's plan of reorganization, is permissible).

16.    To that end, Bankruptcy Code section 502(c) provides, in pertinent part, that "there shall be estimated for purpose of allowance under this section— (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . .."  28 U.S.C. § 502(c)(1). Moreover, Bankruptcy Rule 3018 provides that "the court after notice and hearing may temporarily allow [a] claim . . . in an amount which the court deems proper for purposes of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

17.    Yet, neither the Bankruptcy Code nor the Bankruptcy Rules provide any guidance to advise the Court's own method for determining an appropriate amount.  See Simon, 2008 WL 2953471 at *5 (noting that the relevant case law suggests that bankruptcy courts use "whatever method is best suited to the particular contingencies at issue"

7

(citing Bittner v. Borne Chem. Co., Inc., 691 F.2d 134, 135 (3rd Cir. 1982))); Armstrong World Industries, Inc., 348 B.R. 111, 123 (D. Del. 2006) (noting that there are no limitations on the court's authority to evaluate the claim, other than an accommodation to the underlying purposes of the Code and an estimation in accordance with the applicable legal rules); In re Quigley Co., 346 B.R. 647, 653 (Bankr. S.D.N.Y. 2006) (noting that the estimation of claims for voting purposes is essentially committed to the court's discretion). Under the court's inherent equitable powers, however, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Thus, Courts have fashioned their own methods. See, e.g., Simon, 2008 WL 2953471 at *5.

18. Indeed, this Court has previously endorsed a method whereby various personal injury claims were estimated in a de minimus amount for voting purposes. See Simon, 2008 WL 2953471 at *5 (allowing the separation of three medical malpractice cases into their own category of claims and estimating their value at $1.00 each for voting purposes). Likewise, in analogous contexts, bankruptcy courts have allowed the estimation of a class of claims at one dollar

8

each for voting purposes.  See Menard-Sanford v. Mabey (In re A.H. Robins Co.), 880 F.2d 694, 697-98 (4th Cir. 1989) (finding, "at most", "harmless error" in procedure of estimating all personal injury claims at the same value ($1.00) for voting purposes (emphasis added)); Kane v. Johns-Manville Corp., 843 F.2d 636, 643 (2d Cir. 1987)(estimating asbestos personal injury claims at $1.00 each for voting purposes only); Quigley, at 653-656 (finding that the $1.00 per vote method was "at most" harmless error where the same voting result would have been reached by using another method of estimation).

       19.  In utilizing this methodology, this Court, as well as other courts, reason that the approach allows each claim holder to express their acceptance or rejection of the plan on equal footing, despite the fact that their claims are unliquidated.  Simon, 2008 WL 2953471 at *5 (noting that the $1.00 estimation would cause no prejudice to the claimants because their claims would each be accorded equal weight within their own separate class); see also Mabey, 880 F.2d at 697 (noting the district court's decision to value each Dalkon Shield claim at $1.00 because of the great number of claims, which would cause intolerable delay if an evaluation of each was required).

9

20.  Given the number of Claims, there can be little dispute that estimating each Claim separately would unduly delay the administration of the Debtors' cases. Thus, the primary issue for this Court's consideration is whether the Debtors' proposed method is appropriate. The Debtors submit that their proposed method is appropriate because it is materially no different than that adopted by this Court in Simon, as well as the method utilized by other courts throughout the country. Indeed, as set forth above, each Claimant's vote will be counted for numerousity, but not for purposes of determining two-thirds in amount.

21.  Accordingly, each Claim should be temporarily allowed in the amount of $0.00 solely for voting purposes.

**RESERVATION OF RIGHTS**

22.  Currently, the Debtors are engaged in a thorough review of all claims filed against their estates to determine the validity of such claims. As part of this process, the Debtors are diligently reviewing personal injury tort and wrongful death claims. At this time, the Debtors have not completed their review of the validity of all claims filed against their estates, including the Claims. Accordingly, the Claims may be the subject of subsequently filed objections. To that end, the Debtors reserve the right to object to any and all claims, whether or not the subject

10

of this Motion, for allowance and/or distribution purposes, and on any other available grounds applicable law permits. Furthermore, the Debtors reserve the right to modify, supplement and/or amend this Motion.

## NOTICE

23.  Notice of this Motion has been provided to those parties who have requested notice pursuant to Bankruptcy Rule 2002 and the Core Group (as defined in the Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No. 130; the "Case Management Order")).  The Debtors submit that, under the circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

24.  Pursuant to Local Bankruptcy Rule 9013-1(G), the Debtors request that the requirement that all motions be accompanied by a written memorandum of law be waived.

**NO PRIOR RELIEF**

25.  No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Richmond, Virginia  SKADDEN, ARPS, SLATE, MEAGHER
       September 11, 2009     & FLOM, LLP
                            Gregg M. Galardi, Esq.
                            Ian S. Fredericks, Esq.
                            P.O. Box 636
                            Wilmington, Delaware 19899-
                            0636 (302) 651-3000

                            – and –

                            SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM, LLP
                            Chris L. Dickerson, Esq.
                            155 North Wacker Drive
                            Chicago, Illinois 60606
                            (312) 407-0700

                            – and –

                            MCGUIREWOODS LLP

                            _/s/ Douglas M. Foley_____
                            Dion W. Hayes (VSB No. 34304)
                            Douglas M. Foley (VSB
                            No. 34364)
                            One James Center
                            901 E. Cary Street
                            Richmond, Virginia 23219
                            (804) 775-1000

                            Counsel for Debtors and
                            Debtors in Possession

13