UNITED STATES BANKRUPTCY COURT FOR
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: )
)
CIRCUIT CITY STORES, INC. ) Chapter 11
) CASE NO. 08-35653-KRH
)
)
Debtor. )
)

## CREDITOR JONATHAN CARD'S RESPONSE TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN LEGAL CLAIMS]

COMES NOW, Creditor Jonathan Card, through his undersigned counsel, pursuant to Fed. R. Brankr. P. 3007, Local Bankruptcy Rule 3007-1(D), and this Court's April 1, 2009 Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of Notice of Omnibus Objections [Docket No. 2881], and responds to the Debtors' Thirty-First Objection to Claims [Disallowance of Certain Legal Claims] [Docket No. 4585] and states as follows:

**Argument**

1. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 10, 2008 and continue to manage their affairs as debtors-in-possession.

2. On August 29, 2002, Creditor Jonathan Card filed his lawsuit on behalf of himself and all other assistant managers employed by Debtors seeking overtime compensation, compensation for missed meal and rest breaks, waiting time penalties and attorneys' fees under California law. The class action-styled case, which is entitled *Card v. Circuit City, Inc.*, is filed in the San Diego Superior Court, Case No. 37-2008-00095260.

Creditor Jonathan Card seeks to represent all California-based assistant managers who were employed by Debtors and who were not paid overtime compensation, or provided meal and rest breaks.

3. On January 13, 2009, pursuant to this Court's Order regarding creditor claims, Creditor Jonathan Card - through his counsel - filed a timely creditor claim with the bankruptcy administrator, Kurtzman Carson Consultants.

4. Debtors are in exclusive possession of the information necessary for Creditor Card to value this claim in any more detail. Specifically, Debtors hold the payroll, employment and time records, including the pay rates and number of weeks worked by Creditor Card and the putative class 180 days prior to November 10, 2008 (the Petition Date).

5. Further, since Debtors' filing of its voluntary petition, the trial court proceedings of Creditor Card have been stayed under Code of Civil Procedure section 916 and also pursuant to the federal bankruptcy law "automatic stay" rules. Due to the automatic stay, Creditor's counsel is prohibited from conducting discovery on any issues (certification, merits or damages) against Debtors that would be necessary to further evaluate Creditor Card's claim with more particularity.

6. Debtors' counsel has informed Creditor's counsel that this will be a "liquidating" bankruptcy. In addition, Debtors' counsel informed Creditor Card that given Debtors' limited financial resources, matters that would otherwise be returned to trial court(s) are being kept in the Bankruptcy Court in order to curb the cost of litigating claims.

7. Debtors' Objection, which seeks to disallow the claims of Creditor Card and the putative class, is improper. Creditor Card is prepared to respond in detail to any factual or legal grounds that Debtor believes would tend to support disallowance of this claim, yet without such information he is "shadow boxing" – unable to understand, let alone respond to, contentions and arguments that have to date not been disclosed. With its Objection, Debtors essentially seek to disallow Creditor Card's claims for reasons that are completely unknown. The only basis for the objection is the unremarkable conclusion that Debtor has decided the claims have no merit. This kind of ipse dixit

argument is as unsurprising as it is unhelpful to the Court's ability to make a fair determination of the claim.

8. These claims arise under California law. Similar to federal law, wages have always been afforded special status in California. The California Supreme Court has recently explained the strong public policy supporting claims of this nature:

> The public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established: 'Delay of payment or loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public.' (*Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319, 326) California has long regarded the timely payment of employee wage claims as indispensable to the public welfare: "It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due. [Citations.] An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee." (*In re Trombley* (1948) 31 Cal.2d 801, 809-810; see *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 [statute criminalizing prompt payment violations shows "the policy involves a broad public interest, not merely the interest of the employee"].)

*Smith v. Superior Court* (2006) 39 Cal.4th 77, 82.

In another case, the California Supreme Court explained:

///

> *Considerations of sound public policy buttress our conclusion. Labor Code section 1194 confirms "a clear public policy ... that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers." (citation omitted) As defendant's own authority reminds us, California's overtime laws are remedial and are to be construed so as to promote employee protection. (citation omitted.) And, as we have recognized, "this state has a public policy which encourages the use of the class action device." (citation omitted.) "'By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation."*

*Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340.

9. This creditor is prepared to respond to any specific factual and/or legal arguments that pertain to a fair determination of this claim.

Respectfully submitted,

Dated: September 2, 2009            **RIGHETTI LAW FIRM, P.C.**

*[signature]*

Matthew Righetti
Attorney for Creditor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re:                                                   :
                                                         :        Chapter 11
*CIRCUIT CITY STORES, INC.*, et al.                      :        Case No. 08-35654
                                                         :
        Debtors                                          :        Jointly Administered with
                                                         :        Case No. 08-35653
---------------------------------------------------------x

## PROOF OF SERVICE

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Law Firm, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Wednesday, September 02, 2009 I served the foregoing document described as:

- **CREDITOR JOSEPH SKAF'S RESPONSE TO DEBTOR'S THRITY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN LEGAL CLAIMS]**
- **CREDITOR JONATHAN CARD'S RESPONSE TO DEBTOR'S THRITY-FIRST OMNIBUS OBJECTION TO CLAIMS [DISALLOWANCE OF CERTAIN LEGAL CLAIMS]**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

Rex Darrell Berry
BERRY & BLOCK, LLP
2150 River Plaza Dr. Ste. 415
Sacramento, CA 95833
Fax: 916-564-2024
RBerry@berryblock.com

///

---
1
PROOF OF SERVICE

1  Ellen Lake
2  LAW OFFICES OF ELLEN LAKE
   4230 Lakeshore Ave.
3  Oakland, CA 94610

4  Kelly L. Hensley
   SHEPPARD, MULLIN, RICHTER AND HAMPTON
5  333 S. Hope Street, 48th Floor
6  Los Angeles, CA 90017

7  David R. Markham
   R. Craig Clark
8  James M. Treglio
   CLARK & MARKHAM, LLP
9  600 B Street, Suite 2130
10 San Diego, CA 92101

11

12 Kristin Major
   Meredith Edelman
13 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
14 Los Angeles, CA 90071
   Fax: (213) 687-5600
15

16 Circuit City Stores, Inc., et al.
   Claims Processing Department
17 KURTZMAN CARSON CONSULTANTS LLC
   2335 Alaska Avenue
18 El Segundo, CA 90245

19 ( X )  **VIA U.S. MAIL:**
        I am readily familiar with the firm's practice of collection and processing of
20      correspondence for mailing. Under that practice such envelopes would be deposited with
        the U.S. postal service on Wednesday, September 02, 2009 with postage thereon fully
21      prepaid, at San Francisco, California.

22

23 Gregg M. Galardi
   Ian S. Fredericks
24 SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
25 One Rodney Square
   PO Box 636
26 Wilmington, DE 19899

27

28

2
PROOF OF SERVICE

Chris Dickerson
SKADDEN, ARPS, SLATE, MEAGHER, & FLOM, LLP
333 West Wacker Dr.
Chicago, IL 60606

Sarah K. Baker
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
155 North Waker Drive
Chicago, IL 60606

Dion W. Hayes
Douglas Foley
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

(X)   **VIA OVERNIGHT MAIL:**
By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the persons on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Wednesday, September 02, 2009, at San Francisco, California.

*/s/ Brittany Gery*
Brittany Gery

---
3
PROOF OF SERVICE



## MEMORANDUM

Date:   September 9, 2009

To:     Court Clerk

From:   Kurtzman Carson

Re:     Circuit City

Enclosed please find a Creditor Response to Debtor's Thirty-First Omnibus Objection to Claims that was sent to our office by mistake, to be filed with the court.

RIGHETTI LAW FIRM
A PROFESSIONAL CORPORATION
456 MONTGOMERY ST • SUITE 1400 • SAN FRANCISCO • CA 94104

Circuit City Stores, Inc., et al.
Claims Processing Department
Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

