**United States Bankruptcy Court for the Eastern District of Virginia Richmond Division**

*Counsel for the Debtors and Debtors in Possession*
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 651-0700

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
McGuirewoods LLP
One James Center
901 E. Cary Street
Richmond VA. 23219
(804) 775-1000



RICHMOND DIVISION

FILED

SEP 11 2009

CLERK
U.S. BANKRUPTCY COURT

**In Re:  Circuit City Stores, Inc. et al.**
Chapter 11
Case No. 08-35653  (KRH)

**Notice of Debtors Thirty-Sixth Omnibus Objection to Claims (Disallowance of Certain Claims Relating to Short Term Incentive Plan)**

**Claimant:**
Anne L Thumann
7086 Lionshead Parkway
Littleton, CO 80124
303-790-7990

Anne Thumann
7086 Lionshead Parkway
Littleton, CO. 80124

September 10, 2009

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East broad Street  Rm 400
Richmond, VA.  23219

Dear Sir or Madam:

The purpose of this letter is to respond to the Debtors Objection to Claims (Disallowance of Certain Claims Relating to Short Term Incentive Plan).

The objection filed contains inaccurate statements regarding my eligibility to receive payment of the following administrative claims for income due as outlined below and supported by the enclosed documentation. This request is also relative to the attached Notice of Deadline for responding to the Objection by September 15, 2009.  I believe that I have a basis for inclusion of administrative claims against Circuit City West Coast, Inc. (Debtor 0785) and request that said payments be classified and paid consistent with the priority of the administrative claims payment process.

I am owed income in the amount of $20,000 as I have met the vesting requirements to receive the first cash retention payment due and payable January 1, 2009 by "agreeing to the terms of the Award by signing and returning a copy of the enclosed letter", "and remaining continuously employed on a full-time basis with the company through and including the corresponding vesting date." (Name ID: 5021100/PackID: 433731)
I am owed income in the amount of $20,000 for the second vesting period based upon the change of control provisions of the Award letter and the fact that I remained employed through the date that a change in control of the company occurred. The Award letter stipulates (page 2 paragraph #2) that upon the occurrence "of a change in control any restrictions on the outstanding Award lapse." The "sale or other disposition of all or substantially all of the assets of the Company" or the consummation of a plan of complete liquidation" constitute circumstances where a change of control is deemed to have occurred. (Name ID: 5021100/PackID: 433731). Claim Mastercode 10166122

I am also owed income per the terms of the October 2008 Turnaround Incentive Plan HR (attachment) the company had previously committed that 2 1/2 months after the performance period ending February 28, 2009, they would pay me a performance bonus based on a combination of my individual performance and certain criteria for the performance of the company (Name ID 5021104/Pack ID 433709.)  Mastercode: 10163684.

Based on the criteria outlined I am entitled to a payment of $21,444.92 due to the following:

-50% of award was based on my performance which was identified by my superior as Meeting Expectations resulting in entitlement of 100% of 50% of this award.

-The remaining 50% of the award (company performance portion) was based on EBITDA and company expense reduction. While the company did not achieve the minimum requirements of EBITDA it did achieve an Expense reduction that for a 125% payout for this portion of the bonus. The calculation for my award follows:

-Individual Performance: Base Salary $105,575/ Bonus Level 25%/Individual Segment 50% Performance Level 3 (100% payout) which results in $105,575X.25X.5X1.00=$13,196.87.

-Company Portion: Base Salary $105,575/Bonus Level 25%/Company segment 50%/Company Attainment 50%/Cost Reduction Performance Level 95% (125% Payout) which results in $105,575X.25X.5X1.25=$8,248.05.

Total Award = $21,444.92

In summary, as the Regional HR Director for the Rocky Mountain Region, I satisfactorily executed all my job requirements for the company from my original date of hire including through the original bankruptcy date of November 10 2009, and continued to do so until my job elimination date of March 21, 2009. The Objection states that the employee must have been employed as of the payout date which was generally mid-May. I would have loved to have had the opportunity to be employed in mid-May. Being denied payment after having met all of the requirements with the exception of this one would appear to be not only grossly unfair but inconsistent with the intent of STIP policy and the bankruptcy code

I anticipate that the Court understands the hardship that Circuit City's liquidation has and will have on my family and me. The lost salary, bonuses, and non- payment of the above mentioned and other programs has created tremendous hardships on my family and will continue to impact us for a considerable period of time, possibly forever. I would hope that the Court recognizes that the decision to not distribute the above payments needs to be reversed.

I am thanking the Court in advance for your understanding and consideration in these matters.

Sincerely,

Anne L. Thumann

CC: Counsel to the Debtors and Debtors in Possession

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :   (Check only one box below:)**

- ☐ Circuit City Stores, Inc. (Case No. 08-35653)
- ☒ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No. 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)
- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)
- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- ☐ Patapsco Designs, Inc. (Case No. 08-35667)
- ☐ Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property): <br> THUMANN, ANNE L | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**   NameID: 5021100   PackID: 433731 <br><br> THUMANN, ANNE L <br> 7086 LIONSHEAD PKWY <br> LITTLETON CO 80124 <br><br> Telephone number: 303-790-7770 | **Court Claim Number:** _____ <br> *(If known)* <br><br> Filed on: _____ |
| **Name and address where payment should be sent (if different from above):** <br><br><br> Telephone number _____ | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $ 40,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _Employee Benefits_
(See instruction #2 on reverse side.) _LTI CASH Retention Awards_

**3. Last four digits of any number by which creditor identifies debtor:** _0785   C City West Coast_

   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $_____   **Annual Interest Rate** ___ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| | |
|---|---|
| **Date:** <br> 1/24/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> Anne L. Thumann   Regional HR <br> Anne L. Thumann   Director |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MasterCode: 10166122

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

    **3a. Debtor May Have Scheduled Account As:**
    *Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.*

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A *debtor* is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A *creditor* is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A *claim* is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A *proof of claim form* is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The form must be filed in the district where the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A *secured claim* is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an *unsecured claim*. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An *unsecured claim* is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
*Priority claims* are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been *redacted* when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
*Evidence of perfection* may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgment of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view your filed proof of claim by logging onto the court's PACER system (*www.pacer.psc.uscourts.gov*) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

In Re: CIRCUIT CITY STORES WEST COAST, INC. Debtor, Case No.08-35654       Entity # 2

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1502587 - 10067023 THUMANN, ANNE L ADDRESS ON FILE | SALARY EMPLOYEE CLAIMS POTENTIAL CLAIMS ARRISING FROM EMPLOYMENT | Contingent, Unliquidated | $0.00 |
| 1502587 - 10168258 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS LTI: VESTED UNEXERCISED STOCK OPTION AWARD | Contingent, Unliquidated | Unknown |
| 1502587 - 10166122 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS LTI: CASH RETENTION AWARDS | Contingent | $40,000.00 |
| 1502587 - 10166548 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS LTI: PERFORMANCE CASH AWARDS | Contingent, Unliquidated | Unknown |
|  | HOURLY EMPLOYEE CLAIMS POTENTIAL CLAIMS ARRISING FROM EMPLOYMENT | Contingent, Unliquidated | Unknown |
|  | EMPLOYMENT LITIGATION THURMAN, PATRICE V CIRCUIT CITY STORES INC | Contingent, Disputed, Unliquidated | Unknown |
| | HOURLY EMPLOYEE CLAIMS POTENTIAL CLAIMS ARRISING FROM EMPLOYMENT | Contingent, Unliquidated | Unknown |
| | POTENTIAL REFUND CLAIM | Disputed | $46.96 |

Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 7, 2008

Dear Associate:

This is the most challenging and important time to be a leader at Circuit City. That is why management has asked for, and our board has approved, changes to our compensation programs that will apply to you. These changes, which became effective January 1, 2008, are designed to:

- be consistent with our compensation philosophy to provide you with a total reward potential that is commensurate with your peers in our industry;
- complement the long-term compensation objectives we established in 2005 and ensure the new programs provide incentive to improve financial results going forward; and
- help us deliver improved levels of performance and drive long-term business success that, in turn, enhances shareholder value.

The plans are critical to the short- and long-term business objectives of our company. Shareholders expect us to retain the multiple levels of key leadership required to deliver on our multi-year transformation effort. Therefore, it is very important that each of you understands the purpose and significance of these plans.

As I am sure you will appreciate, these plans are relatively complex and they will continue to generate some healthy discussion both inside and outside of the company. The plans contain both a new long-term incentive plan (LTIP) and a one-time cash retention award, and participation varies according to position. The enclosed materials provide the details for your individual awards.   Please read the materials carefully and follow-up with your HR partners with any questions or concerns.

We are in the midst of a difficult, but very achievable drive to restore Circuit City to a position of reasonable profitability. These plans will help ensure we have a unified, consistent, and motivated group of leaders across all levels of the company to help us execute at the highest ability over the coming months and years to achieve our goals.

The plans generally include director-level-and-above at the Store Support Center and district-manager-level-and-above in the field. Store directors and a few field and distribution positions will participate in the LTIP. I have personally elected not to participate in the cash retention award. My belief is that it is inappropriate for me to accept an incentive award that is not performance based. I will participate in the LTIP because I am committed to helping you, and 43,000 Circuit City associates, achieve a successful transformation.

I firmly believe in the future of this company and the team that we have in place. We need each of you to stay focused on the long-term, while also executing at the highest level every day in the near-term. I look forward to continuing our work together to achieve our goal and return our company to a strong position of profitability.

Thank you,

Philip J. Schoonover
Chairman, President, and CEO



# Your Total Direct Compensation

## About You:

| Name | Anne Thumann |
|---|---|
| Employee ID | 10024811 |
| Department | Human Resources Field |
| Statement Date | January 1, 2008 |

## About Your Compensation:

| | Compensation as of 1/1/2008 |
|---|---|
| Job Title | Regional HR Director |
| | |
| Base Pay | $102,500 |
| Annual Incentive Target Percentage (%) | 25% |
| Annual Incentive Target Dollars ($) | $25,625 |
| Target Annual Total Cash Comp | $128,125 |
| Target Long-Term Incentive (LTI) Award* | $ 40,000 |
| Target Total Direct Compensation | $168,125 |
| | |
| One-time Retention Award* | $ 40,000 |

* **Note:** Details regarding the 1/1/2008 LTI grant and cash retention award are in the award letters contained in this package.





Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA 23233-1464

January 3, 2008

Anne Thumann
7086 Lionshead Pkwy
Littleton, CO  80124

Dear Anne:

Congratulations!  The Compensation and Personnel Committee of the Board of Directors (the "Committee") has awarded you a special cash retention award (the "Award") subject to the terms of this Award letter.  The purpose of this Award is to reward, motivate and retain management personnel who are key to the Company's turnaround efforts and long term success.  To accept this Award, please sign the enclosed copy of this letter, and return it as indicated in item 6 below.

Subject to the requirements and limitations set forth in this Award letter, your Award, Award Date, and Vesting Dates are as follows:

| Total Cash Retention Award: | $40,000 |
| --- | --- |
| Award Date: | January 1, 2008 |

| Vesting Dates | Vesting % |
| --- | --- |
| January 1, 2009 | 50% |
| January 1, 2010 | 50% |

For purposes of this Award letter, "Company" means Circuit City Stores, Inc. or a parent or subsidiary of Circuit City Stores, Inc. within the meaning of section 424(e) and (f) of the Internal Revenue Code of 1986, as amended.

Your right to receive the portion of your Award corresponding to the above Vesting Dates is contingent on (i) your agreeing to the terms of this Award by signing and returning the enclosed copy of this letter, and (ii) your remaining continuously employed on a full-time active basis with the Company through and including the corresponding Vesting Date.  If you satisfy these requirements, the portion of your Award that becomes vested will be paid to you in a single lump sum cash payment within 75 days following the Vesting Date.  Your right to this Award is not contingent on corporate or individual performance.

Forfeiture.  If prior to becoming fully vested in your Award, (i) your employment with the Company terminates for any reason other than your death or permanent disability, or (ii) your employment status with the Company changes to part-time, or (iii) you retire from the Company, then the unvested portion of your Award will be forfeited as of the date of your termination, change in status, or retirement, as the case may be.

If your employment with the Company terminates on or before a Vesting Date because you die or become permanently disabled, then the portion of your Award scheduled to vest on such Vesting Date will vest as of the date of your death or termination for disability (assuming you otherwise meet the requirements under this Award letter), and any portion of your Award that would have vested on a subsequent Vesting Date will be forfeited. For example, if your employment terminates under these circumstances on or before January 1, 2009, the portion of your Award scheduled to vest on that date will vest, and any portion that would have vested on a subsequent Vesting Date will be forfeited.

The Committee will determine whether a permanent disability exists for purposes of the foregoing, and such determination will be conclusive and binding.

Other terms relevant to this Award letter are set forth below.

1. **Modification**. The Committee may unilaterally modify the terms of this Award letter after the Award Date provided that your consent is obtained with respect to any modification that would be detrimental to your rights hereunder, except that your consent will not be required to the extent any such modification is to comply with applicable law.

2. **Change of Control**. If you remain continuously employed on a full-time active basis with the Company through and including the date on which a Change of Control of the Company occurs, then notwithstanding any provision herein to the contrary, any restrictions hereunder on your outstanding Award shall lapse as of such date. For this purpose, "Change of Control" has the meaning set forth in the Circuit City Stores, Inc. 2003 Stock Incentive Plan, as amended and restated, effective December 14, 2006, and that definition is incorporated by reference into, and made a part of, this Award letter. Generally, a Change of Control will be deemed to occur upon any of the following events: (i) the acquisition by any person or entity of 35% or more of either the Company's outstanding shares or the combined voting power of the then outstanding securities of the Company entitled to vote generally in the election of directors (but excluding certain acquisitions involving the Company or an affiliate, or by any benefit plan sponsored by the Company); (ii) the incumbent members of the Board of Directors of the Company (including any future directors whose election is approved by a majority of the incumbent members) cease to constitute a majority of the Board of Directors; (iii) the consummation of a reorganization, merger or consolidation of the Company or sale or other disposition of all or substantially all of the assets of the Company (with certain exceptions, as described in the 2003 Stock Incentive Plan); or (iv) the consummation of a plan of complete liquidation, dissolution, or sale of substantially all the assets of the Company.

3. **Withholding Taxes**. On the Vesting Date, you will have taxable income equal to the amount of your vested Award, and the Company will withhold the amount of taxes required to be withheld or paid.

4. **Interpretation**. The interpretation and construction of any provision or term of this Award letter by the Committee will be final and conclusive. The terms of this Award letter and all actions taken hereunder will be governed by the laws of the

Commonwealth of Virginia, without regard to the conflict of law provisions of any jurisdiction.

   5. **Miscellaneous**.

   a. This Award letter is the entire agreement between you and the Company concerning the Award granted hereunder. If you are a party to an Employment Agreement with the Company, you agree that in the case of a conflict between the Employment Agreement and this Award letter, the terms of this Award letter will control.

   b. Nothing in this Award letter confers any right to continued employment with the Company, or affects the Company's right to terminate an associate's employment at any time, with or without notice, and with or without cause.

   c. The Company has no obligation to contribute any assets to a trust or other entity or otherwise to segregate any assets, or maintain separate accounts for the purpose of satisfying the Award obligation hereunder.

   6. **Acceptance of this Award**. In order for your Award to become effective, you must accept it by signing and faxing a copy of this entire letter as soon as possible, but in no event later than February 1, 2008 to **757-299-8412**.

   Your signature will also constitute your agreement to the terms and conditions contained in this letter.

                                            Sincerely,

                                            Eric A. Jonas, Jr.
                                            Senior Vice President
                                            Human Resources

ACCEPTED:

Anne Lent Thurman
Associate Signature

Anne Lent Thurman
Printed Name

1/21/08
Date

you believe that you have a claim against the Debtor, you are required to complete and return this form.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | PROOF OF CLAIM |
|---|---|

**Debtor against which claim is asserted :** (Check only **one** box below:)

- ☐ Circuit City Stores, Inc. (Case No. 08-35653)
- ☒ Circuit City Stores West Coast, Inc. (Case No. 08-35654)
- ☐ InterTAN, Inc. (Case No 08-35655)
- ☐ Ventoux International, Inc. (Case No. 08-35656)
- ☐ Circuit City Purchasing Company, LLC (Case No. 08-35657)
- ☐ CC Aviation, LLC (Case No. 08-35658)

- ☐ CC Distribution Company of Virginia, Inc. (Case No. 08-35659)
- ☐ Circuit City Stores PR, LLC (Case No. 08-35660)
- ☐ Circuit City Properties, LLC (Case No. 08-35661)
- ☐ Orbyx Electronics, LLC (Case No. 08-35662)
- ☐ Kinzer Technology, LLC (Case No. 08-35663)
- ☐ Courchevel, LLC (Case No. 08-35664)

- ☐ Abbott Advertising, Inc. (Case No. 08-35665)
- ☐ Mayland MN, LLC (Case No. 08-35666)
- Patapsco Designs, Inc. (Case No. 08-35667)
- Sky Venture Corporation (Case No. 08-35668)
- ☐ XSStuff, LLC (Case No. 08-35669)
- ☐ PRAHS, INC. (Case No. 08-35670)

NOTE: This form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).

| | |
|---|---|
| **Name of Creditor** (the person or other entity to whom the debtor owes money or property):<br>THUMANN, ANNE L | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| **Name and address where notices should be sent:**   NameID: 5021104   PackID: 433729<br><br>THUMANN, ANNE L<br>7086 LIONSHEAD PKWY<br>LITTLETON CO 60124<br><br>Telephone number: 303-790-7770 | **Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| **Name and address where payment should be sent** (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $ 26,394<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.<br><br>**2. Basis for Claim:** ___Employee Benefit___<br>(See instruction #2 on reverse side.) ___Short Term Incentive Plan___<br><br>**3. Last four digits of any number by which creditor identifies debtor:** ___7735___  ___2. Social Event___<br><br>   **3a. Debtor may have scheduled account as:** _____<br>   (See instruction #3a on reverse side.)<br><br>**4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____   **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br>if any: $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>*Specify the priority of the claim.*<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>**Amount entitled to priority:**<br>$_____ |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment* |
| **Date:** 1/24/09<br><br>**Signature:** the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Anne L. Thumann   Regional HR*<br>*Anne L. Thumann   Director* | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

MasterCode: 10163684



0835654081218073853136367

B 10 (Official Form 10) (12/07)- Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
   State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box *if interest or other charges are included in the claim.*

2. **Basis for Claim:**
   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim.**
   Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. *(See DEFINITIONS, below.)* State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §§ 507(a).**
   If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
   *An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.*

7. **Documents:**
   Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §§ 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or to view your filed proof of claim you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
|  | EMPLOYEE BENEFITS LTI: CASH RETENTION AWARDS | Contingent | $40,000.00 |
|  | SALARY EMPLOYEE CLAIMS POTENTIAL CLAIMS ARRISING FROM EMPLOYMENT | Contingent, Unliquidated | $0.00 |
|  | EMPLOYEE BENEFITS LTI: PERFORMANCE CASH AWARDS | Contingent, Unliquidated | Unknown |
|  | POTENTIAL REFUND CLAIM | Disputed | $123.45 |
| | HOURLY EMPLOYEE CLAIMS POTENTIAL CLAIMS ARRISING FROM EMPLOYMENT | Contingent, Unliquidated | Unknown |
| 1502587 - 10167384 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS LTI: UNVESTED RESTRICTED STOCK AWARD | Contingent, Unliquidated | Unknown |
| 1502587 - 10163684 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS SHORT TERM INCENTIVE PLAN | Contingent, Unliquidated | Unknown |
| 1502587 - 10166862 THUMANN, ANNE L ADDRESS ON FILE | EMPLOYEE BENEFITS LTI: PERFORMANCE CASH AWARDS | Contingent, Unliquidated | Unknown |

Circuit City Confidential



# Turnaround Incentive Program

## September 30, 2008

# Overview

**Leadership is refining and realigning our business, financial and compensation plans.**

- **Business Plan:** We are refining our turnaround plan.

- **Financial Plan:** We have partnered with the Board to revise the way we measure second half performance and will use the revised financial plan for our short term incentive plans.

- **Compensation Programs:** We have reviewed and modified many of our programs to ensure they encourage performance and align with our business and financial plans.

Circuit City Confidential

2



# Short Term Incentive Plan – VP and Below Plan

**Prior plan:**

| | Performance Criteria |
|---|---|
| VP and Below Plan | 50% EBT as a % of Revenue |
| | 50% Individual Performance |

**Revise plan:**

| | Performance Criteria |
|---|---|
| VP and Below Plan | 50% 2-3 Team Measures Divided Equally |
| | 50% Individual Performance |

**50% of payout based on 2-3 team specific measures**

- Measures vary by team and will have a significant impact on delivering EBITDA results and supporting the Stores through the Holiday Season.

- Payout will be based on partial year performance. Achieving the revised business plan target, associated with each of the measures, will translate to a 75% payout.

**50% based on individual performance**

- We have maintained the same payout levels based on performance rating: 0% for a 1 or 2 rating, 100% for a 3 rating, 110% for a 4 rating and 120% for a 5 rating.

- You will have a chance in October to calibrate your objectives with the revised business plan.

- Recalibration must be in the PE system by October 31, 2008. Otherwise your payout may be calculated using your original objectives.

Circuit City Confidential



# VP and Below Plan: Measures by Team

Your cost center/department as defined in Peoplesoft (which is aligned with the financial planning and analysis systems) will determine which group you participate in below. There are a few departments where the mix of associates may fall into multiple groups. In these cases all associates in the department will be paid as one group based on how the Senior Executive assigned the group...if there is a discrepancy the department will default to participating in the Support Function plan.

### Retail, The City, Multi-Channel and Services Teams

Company Gross Margin $

Company Expense Reduction

### Merchandising Team

Company Gross Margin $

Payable Days

In Stock

### Supply Chain and Inventory Team

Company Gross Margin $

Company Reduction in At Risk and Distressed Inventory

In Stock

### Support Functions

Includes HR/IT/Legal/Marketing/Finance/Procurement/Internal Communications/Real Estate/Construction/Business Transformation/Asset Protection/Distribution

EBITDA

Company Expense Reduction

7



# EBITDA Incentive Grid

Domestic results for October through February.

| % Payout | EBITDA |
|---|---|
| 25% | Below Business Plan |
| 50% | Below Business Plan |
| 75% | Revised Business Plan |
| 100% | Above Business Plan |
| 125% | Above Business Plan |

- All material unbudgeted events will be included or excluded at the discretion and approval of the Compensation Committee. This includes material one-time or non-recurring events (e.g. sale of Intertan) or material charges (e.g. restructure charge). A change or benefit is deemed to be a material nonrecurring event if it is classified as a discontinued operation or characterized as such in filings with the SEC or if the event would significantly alter the incentive payout calculation. Store openings/closings will be budgeted in accordance with the Real Estate Plan. Variances created by more/less openings/closings than planned may be adjusted so that they will not affect the payout.

8

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - - x
In re:                      :   Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  :   Case No. 08-35653 (KRH)
et al.,                     :
                            :
             Debtors.       :   Jointly Administered
- - - - - - - - - - - - - - x
```

**NOTICE OF DEBTORS' THIRTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN
CLAIMS RELATING TO SHORT TERM INCENTIVE PLAN)**

**PLEASE TAKE NOTICE THAT** the above-captioned Debtors
(the "Debtors") filed the Debtors' Thirty-Sixth Omnibus
Objections to Claims (Disallowance of Certain Claims
Relating to Short Term Incentive Plan) (the "Objection")
with the Bankruptcy Court.  A copy of the Objection is
attached to this notice (this "Notice") as Exhibit 1.  By
the Objection, the Debtors are seeking to disallow certain
claims.

**PLEASE TAKE FURTHER NOTICE THAT** on April 1, 2009, the
Bankruptcy Court entered the Order Establishing Omnibus

Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections (Docket No. 2881) (the "Order"), by which the Bankruptcy Court approved procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims") in connection with the above-captioned chapter 11 cases (the "Omnibus Objection Procedures").

Specifically, the Objection seeks to disallow and/or modify certain claims, including your claim(s), listed below, all as set forth in the Objection.

| TO | Claim Number | Amount Claimed as Filed |
|---|---|---|
| THUMANN, ANNE L<br>7086 LIONSHEAD PKWY<br>LITTLETON, CO 80124 | 7067 | $26,394.00 |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE PROOF(S) OF CLAIM LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**MOREOVER, PURSUANT TO RULE 3007-1 OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT AND SERVED ON THE OBJECTING PARTY BY 4:00 P.M. (EASTERN) ON SEPTEMBER 15, 2009, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

## Critical Information for Claimants
## Choosing to File a Response to the Objection

Who Needs to File a Response:  If you oppose the relief requested in the Objection and if you are unable to resolve the Objection with the Debtors before the deadline to respond, then you must file and serve a written response (the "Response") to the Objection in accordance with this Notice.

If you do not oppose the relief requested in the Objection, then you do not need to file a written Response to the Objection and you do not need to appear at the hearing.

Response Deadline:  The Response Deadline is **4:00 p.m. (Eastern Time) on September 15, 2009 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street - Room 4000
Richmond, Virginia 23219

Your Response will be deemed timely served only if a copy of the Response is actually received on or before the Response Deadline by the Debtors' attorneys:

SKADDEN, ARPS, SLATE, MEAGHER     MCGUIREWOODS LLP
& FLOM, LLP                       One James Center
One Rodney Square                 901 E. Cary Street
PO Box 636                        Richmond, VA 23219
Wilmington, DE 19899-0636         Attn: Dion W. Hayes
Attn: Gregg M. Galardi            Attn: Douglas M. Foley
Attn: Ian S. Fredericks

            - and -

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
Attn:  Chris L. Dickerson


     The status hearing on the Objection will be held at
**11:00 a.m. (Eastern) on September 22, 2009 at:**

                United States Bankruptcy Court
                701 East Broad Street - Courtroom 5100
                Richmond, Virginia 23219

     If you file a timely Response, in accordance with the
Objection Procedures, you do not need to appear at the
status hearing on the Objection.

              **Procedures for Filing a Timely Response and
           Information Regarding the Hearing on the Objection**

     **Contents.**  To facilitate a speedy and non-judicial
resolution of a Claim subject to the Objection, any claimant
filing a Response shall use its best efforts to include the
following (at a minimum) in its filed Response, to the
extent such materials are not attached to its proof of
claim:

                a.    a caption setting forth the name of the
                      Bankruptcy Court, the name of the Debtors,
                      the case number and the title of the
                      Objection to which the Response is directed;

b.  the claimant's name and an explanation for the amount of the Claim;

c.  a concise statement, executed by (or identifying by name, address and telephone number) a person with personal knowledge of the relevant facts that support the Response, setting forth the reasons why the Bankruptcy Court should overrule the Objection as to the claimant's claim, including, without limitation (to the extent not set forth in its proof of claim), the specific factual and legal bases upon which the claimant intends to rely in support of its Response and its underlying Claim;

d.  a copy of or identification of any other documentation or other evidence of the Claim, to the extent not already included with the Claim that the claimant presently intends to introduce into evidence in support of its Claim at the hearing; provided, however, that for a Response filed in support of a Claim arising out of a lease of real property, the Response need not attach such lease if the claimant indicates its willingness to provide such documentation upon request;

e.  a declaration of a person with personal knowledge of the relevant facts that support the Response; and

f.  the claimant's address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the claimant's attorney and/or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Address"). If a Response contains Notice Address that is different from the name and/or address listed on the Claim, the Notice Address will control and will become the service address for future service of papers with respect to all of the claimant's Claims listed in the Objection (including all Claims to be

5

> > disallowed) and only for those Claims in the Objection.

> > g.   To the extent such person differs from the person identified pursuant to subjection e, above, the name, address, telephone number, facsimile number, and electronic mail address of the representative of the claimant (which representative may be the claimant's counsel) party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf (collectively, the "Additional Addresses"). Unless the Additional Addresses are the same as the Notice Addresses, the Additional Address will not become the service address for future service of papers.

> **Additional Information**. To facilitate a resolution of the Objection, your Response should also include the name, address, telephone number and facsimile number of the party with authority to reconcile, settle or otherwise resolve the Objection on the claimant's behalf. Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will <u>not</u> become the service address for future service of papers.

> **Failure to File Your Timely Response**. If you fail to file and serve your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice, the Debtors will present to the Bankruptcy Court an appropriate order granting the relief requested in the Objection <u>without further notice</u> to you.

> **Each Objection Is a Contested Matter**. Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such claim.

### Additional Information

> **Requests for Information**. You may also obtain a copy of the Objection or related documents on the internet, by

accessing the website of the Debtors at
www.kccllc.net/circuitcity.

**Reservation of Rights**.  Nothing in this Notice or the
Objection constitutes a waiver of the Debtors' right to
assert any claims, counterclaims, rights of offset or
recoupment, preference actions, fraudulent-transfer actions
or any other claims against you by the Debtors.  Unless the
Bankruptcy Court allows your Claims or specifically orders
otherwise, the Debtors have the right to object on any
grounds to the Claims (or to any other Claims or causes of
action you may have filed or that have been scheduled by the
Debtors) at a later date on any grounds or bases.  In such
event, you will receive a separate notice of any such
objections.

Dated: August 21, 2009    SKADDEN, ARPS, SLATE, MEAGHER &
    Richmond, Virginia    FLOM, LLP
    Gregg M. Galardi, Esq.
    Ian S. Fredericks, Esq.
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    (302) 651-3000

        - and -

    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP
    Chris L. Dickerson, Esq.
    155 North Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

        - and -

    MCGUIREWOODS LLP

    __/s/ Douglas M. Foley____
    Dion W. Hayes (VSB No. 34304)
    Douglas M. Foley (VSB No. 34364)
    One James Center
    901 E. Cary Street
    Richmond, Virginia 23219
    (804) 775-1000

    Counsel for Debtors and Debtors
    in Possession

\9795614.1



CASE No: 08-35653

PRF No. 18576

THUMANN, ANNE L
7086 LIONSHEAD PKWY
LITTLETON, CO 80124

SVC: 6
PACK No: 205
OMNI 36

18576-8

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606-1720
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
- - - - - - - - - - - - - x
In re:                     :   Chapter 11
                           :
CIRCUIT CITY STORES, INC., :   Case No. 08-35653 (KRH)
et al.,                    :
                           :
            Debtors.       :   Jointly Administered
- - - - - - - - - - - - - x
```

**DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN CLAIMS RELATING TO
SHORT TERM INCENTIVE PLAN)**

The debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors"),[1] hereby file their Thirty-Sixth Omnibus Objection to Claims (Disallowance of Certain Claims Relating to Short Term Incentive Plan) (the "Objection"), and hereby move this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as Exhibit A, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Proper ties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, Virginia 23060.

U.S.C. §§ 1408 and 1409.  The statutory and legal predicates

for the relief requested herein are Bankruptcy Code sections

105 and 502, and Rule 3007 of the Bankruptcy Rules.

### BACKGROUND

2.    On November 10, 2008 (the "Petition Date"), the

Debtors filed voluntary petitions in this Court for relief

under chapter 11 of the Bankruptcy Code.

3.    The Debtors continue to manage and operate their

businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107 and 1108.

4.    On November 12, 2008, the Office of the United

States Trustee for the Eastern District of Virginia

appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").  To date, no trustee or examiner

has been appointed in these chapter 11 cases.

5.    On November 12, 2008, the Court appointed Kurtzman

Carson Consultants LLC ("KCC") as claims, noticing and

balloting agent for the Debtors in these chapter 11 cases

pursuant to 28 U.S.C. § 156(c).

6.    On December 10, 2008, the Court entered that

certain Order Pursuant to Bankruptcy Code Sections 105 and

502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)

Setting General Bar Date and Procedures for Filing Proofs of

Claim; and (II) Approving Form and Manner of Notice Thereof (Docket No. 890) (the "Claims Bar Date Order").

7.    Pursuant to the Claims Bar Date Order, the deadline for filing all "claims" (as defined in 11 U.S.C. § 105(5)) arising before November 10, 2008 against the Debtors by any non-governmental entity was 5:00 p.m. (Pacific) on January 30, 2009 (the "General Bar Date"). The deadline for governmental units to file claims that arose before November 10, 2009 was 5:00 p.m. (Pacific) on May 11, 2009 (the "Governmental Bar Date"). Pursuant to the Claims Bar Date Order, this Court approved the form and manner of the claims bar date notice, which was attached as Exhibit A to the Claims Bar Date Order (the "Claims Bar Date Notice").

8.    On December 17 and 19, 2008, KCC served a copy of the Claims Bar Date Notice on all parties who filed notices of appearance pursuant to Bankruptcy Rule 2002, all of the Debtors' scheduled creditors in these cases, the Debtors' equity holders, and certain other parties (Docket No. 1314). In addition, the Debtors published the Claims Bar Date Notice in The Wall Street Journal (Docket No. 1395) and The Richmond Times-Dispatch (Docket No. 1394).

9.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of

4

business sales at the Debtors' remaining 567 stores pursuant
to an agency agreement (the "Agency Agreement") between the
Debtors and a joint venture, as agent (the "Agent").   On
January 17, 2009, the Agent commenced going out of business
sales pursuant to the Agency Agreement at the Debtors
remaining stores.   As of March 8, 2009, the going out of
business sales at the Debtors' remaining stores had been
completed.

10.   On April 1, 2009, this Court entered an Order
Establishing Omnibus Objection Procedures and Approving the
Form and Manner of Notice of Omnibus Objections (Docket No.
2881) (the "Omnibus Objection Procedures Order").

## OBJECTIONS TO CLAIMS

11.   By this Objection, the Debtors seek entry of an
order, in substantially the form annexed as Exhibit A,
pursuant to Bankruptcy Code sections 105(a) and 502 and
Bankruptcy Rule 3007, disallowing the claims listed on
Exhibit C attached hereto.   The basis for the disallowance
of the claims listed on Exhibit C attached hereto is that
all of the claims (the "Claims") are claims relating the
Debtors' short term incentive plan and the claimants did not
meet the requirements of the short term incentive plan (the
"STIP") to be entitled to payment.

12.   The STIP was an annual bonus plan for eligible
salaried associates based on the company's performance as
well as individual associate's performance.  Half of the
STIP was derived from the company's performance and half was
derived from an individual's performance.  If the company
met its performance goals, an eligible associate was
qualified to receive up to fifty percent of his or her STIP.
An eligible associate was eligible for up to the remaining
portion of his or her STIP if he or she met or exceeded his
or her individual performance goals.

13.   To be eligible to receive the individual portion
of the STIP, an eligible employee had to be rated as
"meeting or exceeding expectations" in the annual
evaluations.  Much of the performance measures for eligible
employees related to maintaining and increasing shareholder
value, reducing expenses, increasing store and website
traffic, improving profitability, and increasing sales.

14.   In addition, to be eligible to receive any
component of the STIP, an eligible employee must have been
employed as of the payout date of the bonus, which was
generally in mid May.

15.   The 2009 STIP period was March 1, 2008 to February
28, 2009, with a targeted payout date of the STIP bonus on

6

May 15, 2009.  No STIP bonus was made for any employee in

2009 because the goals and objectives of the STIP were not

met.  The Claims listed on Exhibit C were filed by former or

current employees of the Debtors for the STIP bonuses who

did not meet the requirements and requisite thresholds for

entitlement to the STIP.  Because the requirements were not

met, the former or current employees are not entitled to the

STIP bonus, the Debtors have no liability for the STIP

bonus, and, accordingly, the Claims should be disallowed.

16.   On November 10, 2008, the Debtors filed their

Motion for Order Pursuant to Bankruptcy Code Sections

105(a), 363, 507(a), 541, 1107(a) and 1108 and Bankruptcy

Rule 6003 Authorizing Debtors to Pay Prepetition Wages,

Compensation, and Employee Benefits (Docket No. 6) (the

"Employee First Day Motion").  On November 10, 2008, this

Court entered that certain Order Pursuant to Bankruptcy Code

Sections 105(a), 363, 507(a), 541, 1107(a) and 1108 and

Bankruptcy Rule 6003 Authorizing Debtors to Pay Prepetition

Wages, Compensation, and Employee Benefits (Docket No. 80)

(the "Employee First Day Order").  In the Employee First Day

Motion, the Debtors noted the STIP, among other plans, and

explicitly stated the following:

At this time, the Debtors are not

> requesting authorization to make
> payments on account of prepetition
> amounts owed in connection with such
> policies and plans.  The Debtors are
> also not seeking authorization at this
> time to continue such programs in the
> ordinary course.  The Debtors are
> currently evaluating their need and
> ability to continue such programs and
> will seek relief with respect to such
> programs in later motions, as needed.
> As such, this Motion is not intended to
> prejudice the Debtors' right to seek
> such relief, or any additional relief
> related to any Employee payments,
> benefits or programs, at a later date.

Employee First Day Motion, ¶ 72.

17.  For ease of reference, attached as Exhibit B is an alphabetical listing of all claimants whose Claims are included in this Objection (the "Claimants"), with a cross-reference by claim number.

18.  At this time, the Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Claims.  Accordingly, the Claims may be the subject of additional subsequently filed objections.  To that end, the Debtors reserve the right to further object to any and all claims, whether or not the subject of this Objection, for allowance, voting, and/or distribution purposes, and on any other grounds. Furthermore, the Debtors reserve the right to modify,

8

supplement and/or amend this Objection as it pertains to any
Claim or Claimant herein.

### RESERVATION OF RIGHTS

19.    As noted above, the Debtors reserve their rights
to file objections to these Claims at a later time on any
grounds that bankruptcy or non-bankruptcy law permits.  The
Debtors likewise reserve the right to modify, supplement
and/or amend this Objection as it pertains to any claim or
claimant herein.

### NOTICE AND PROCEDURE

20.    Notice of this Objection has been provided to all
claimants with claims that are the subject to this Objection
as identified on Exhibit C, respectively, and to parties-in-
interest in accordance with the Court's Order Pursuant to
Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002
and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1
Establishing Certain Notice, Case Management and
Administrative Procedures (Docket No. 130) (the "Case
Management Order").  The Debtors submit that the following
methods of service upon the Claimants should be deemed by
the Court to constitute due and sufficient service of this
Objection: (a) service in accordance with Bankruptcy Rule
7004 and the applicable provisions of Federal Rule of Civil

Procedure 4; (b) to the extent counsel for a Claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Debtors' bankruptcy cases. The Debtors are serving the Claimant with this Objection and the exhibit on which the Claimant's claim is listed.

21. To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. on September 15, 2009** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Debtors request that the Court conduct a status conference with respect to any such responding claimant at **11:00 a.m. on September 22, 2009** and thereafter schedule the matter for a future hearing as to the merits of such claim.[2] However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Debtors request that the Court enter

---

[2] In accordance with the Omnibus Objection Procedures Order, claimants who respond to the Objection do not need to appear at the status conference.

an order, substantially in the form attached hereto as

Exhibit A, disallowing the Claims set forth on Exhibit C

attached hereto for all purposes in these bankruptcy cases.

### COMPLIANCE WITH BANKRUPTCY RULE 3007 AND
### THE OMNIBUS OBJECTION PROCEDURES ORDER

22.   This Objection complies with Bankruptcy Rule

3007(e).   Additionally, the Debtors submit that this

Objection is filed in accordance with the Omnibus Objection

Procedures Order.

### WAIVER OF MEMORANDUM OF LAW

23.   Pursuant to Local Bankruptcy Rule 9013-1(G), and

because there are no novel issues of law presented in the

Motion, the Debtors request that the requirement that all

motions be accompanied by a written memorandum of law be

waived.

### NO PRIOR RELIEF

24.   No previous request for the relief sought herein

has been made to this Court or any other court.

WHEREFORE, the Debtors request the Court to enter an

Order sustaining this Objection and granting such other and

further relief as the Court deems appropriate.

Dated: Richmond, Virginia   SKADDEN, ARPS, SLATE, MEAGHER &
        August 21, 2009      FLOM, LLP
                          Gregg M. Galardi, Esq.
                          Ian S. Fredericks, Esq.
                          P.O. Box 636
                          Wilmington, Delaware 19899-0636
                          (302) 651-3000

                                - and -

                          SKADDEN, ARPS, SLATE, MEAGHER &
                          FLOM, LLP
                          Chris L. Dickerson, Esq.
                          155 North Wacker Drive
                          Chicago, Illinois 60606-7120
                          (312) 407-0700

                                - and -

                          MCGUIREWOODS LLP

                           /s/ Douglas M. Foley
                          Dion W. Hayes (VSB No. 34304)
                          Douglas M. Foley (VSB No. 34364)
                          One James Center
                          901 E. Cary Street
                          Richmond, Virginia 23219
                          (804) 775-1000

                          Counsel for Debtors and Debtors
                          in Possession