## LIMITED POWER OF ATTORNEY

I, Anna Thomas
residing at 99-10 60th Avenue, Corona N-Y 11368

do hereby appoint my attorneys, SHAEVITZ & SHAEVITZ, ESQ. or their designated agents, employees or legal associates severally, as my attorneys-in-fact to act in my name place and stead, pursuant to Section 18 of the Public Health Law of the State of New York, in any way which I myself could do if I were personally present with respect to release of my medical records from any named health care provider or entity to whom a HIPAA authorization is presented in my name, which directs release of the records indicated on the HIPAA authorization to any third person, including any named category of person or entity; this power includes signing my name to such HIPAA authorizations for release of my health information. This power shall remain in effect until revoked.

This power of attorney shall not be affected by the subsequent disability or incompetence of the principal.

To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives and assigns hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.

In Witness Whereof, I have hereunto signed my named on this 31 day of May 2007

x Anna Thomas

State of New York
County of Queens

On this day of May 31, 200 7, before me personally came

to me know, known to me to be the individual desribed in, and who executed the foregoing instrument and he acknowledged to me that he executed the same.

MARK A SHAEVITZ
Notary Public, State of New York
No 02SH5032300
Qualified in Nassau County
Commission Expires August 22, 2010

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| ANNA THOMAS | 05/26/37 | 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 |

| Patient Address |
|---|
| 99-10 60th Avenue, Apt. 5J, Corona, New York 11368 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

Duplicate copies of all records provided pursuant to this authorization are to be provided to patient's attorney Shaevitz & Shaevitz, 148-55 Hillside Avenue, Jamaica, N.Y. 11435. If there will be a charge, please contact us at 718-291-3400.

| 7. Name and address of health provider or entity to release this information: |
|---|
| SEDGWICK CLAIMS SERVICES, P.O. Box 171816, Memphis, TN 38187, Claim No., A767046480 |

| 8. Name and address of person(s) or category of person to whom this information will be sent: |
|---|
| RENDE, RYAN & DOWNES, LLP, 202 Mamaroneck Avenue, White Plains, New York 10601 |

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☒ Other: __collateral source__

Include: (Indicate by Initialing)
_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

Authorization to Discuss Health Information

(b) ☐ By initialing here _____ I authorize _____
   Initials                              Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☒ Other: Litigation | 11. Date or event on which this authorization will expire:<br>12/08 |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Date: __11/20/07__    STUART L. SEARS
                                       NOTARY

_____
Signature of patient or representative authorized by law.
MARK SHAEVITZ - Representative

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

04

## LIMITED POWER OF ATTORNEY

I, Anna Thomas
residing at 99-10 60th Avenue, Corona N-Y 11368

do hereby appoint my attorneys, SHAEVITZ & SHAEVITZ, ESQ. or their designated agents, employees or legal associates severally, as my attorneys-in-fact to act in my name place and stead, pursuant to Section 18 of the Public Health Law of the State of New York, in any way which I myself could do if I were personally present with respect to release of my medical records from any named health care provider or entity to whom a HIPAA authorization is presented in my name, which directs release of the records indicated on the HIPAA authorization to any third person, including any named category of person or entity; this power includes signing my name to such HIPAA authorizations for release of my health information. This power shall remain in effect until revoked.

This power of attorney shall not be affected by the subsequent disability or incompetence of the principal.

To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives and assigns hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.

In Witness Whereof, I have hereunto signed my named on this 31 day of May 2007

x Anne Thomas

State of New York
County of Queens

On this day of May 31, 200 7 before me personally came
to me know, known to me to be the individual desribed in, and who executed the foregoing instrument and he acknowledged to me that he executed the same

MARK A SHAEVITZ
Notary Public, State of New York
No 02SH5032300
Qualified in Nassau County
Commission Expires August 22 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
ANNA THOMAS,

                        Plaintiff(s),

                -against-

CIRCUIT CITY STORES, INC., and "JOHN DOES", said
named being fictitious and is intended to represent the
unknown employees of the defendant.

                    Defendant(s).
-----------------------------------------------------------------X

**VERIFIED BILL OF PARTICULARS**

Index No.: 20767/07

Plaintiff, as and for her verified Bill of Particulars, by her attorneys, **SHAEVITZ & SHAEVITZ, ESQS.**, in response to defendant **CIRCUIT CITY STORES, INC.**'s demands, upon information and belief, respectfully allege:

1.    The incident occurred on December 28, 2006, at approximately 3:00 P.M.

2.    The accident occurred upon the premises known to the public as "CIRCUIT CITY" located at 9605 Queens Boulevard, Rego Park, in the County of Queens, City and State of New York.

3.    The defendant, its agents, servants and/or employees, were negligent as follows:

In causing, allowing, suffering and/or permitting the plaintiff to be struck, assaulted, battered, knocked to the ground as to cause injury to the plaintiff herein; in failing to employ and/or employed insufficient number of security personnel and /security guards as a reasonable precautionary measure to prevent and/or reduce the likelihood of an assault occurring within it's premises ; in failing to take any measures in preventing an assault on the herein plaintiff; in negligently hiring and negligently keeping in their employ members of their security personnel and

security guards; in failing to keep and maintain said premises and business in a peaceful and safe condition; in failing to properly train their employees and/or security guards, to permit actions and performances in a safe, proper manner so the aforesaid premises would not be dangerous to customers and/or shoppers; in failing to properly instruct the security guards in their performance of the duties required and demanded of them; in hiring untrained security guards; in knowingly hiring, employing and retaining in its employ inexperienced, incompetent, careless and reckless employees; in creating and maintaining a menace, hazard, nuisance and trap thereat; in causing a life threatening condition; in creating and maintaining a menace, hazard, nuisance and trap thereat; in negligently training and supervising; failing to properly comply with the rules, regulations, ordinances and statutes of the City and State of New York all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiffs further rely upon the doctrine of Res Ipsa Loquitur.

4. Plaintiff alleges that defendant violated all applicable statutes, rules, regulations and ordinances and will ask the trial Court to take judicial notice of same.

5. As a result of the defendants' negligence, plaintiff ANNA THOMAS, was caused to sustain the following injuries and/or traumatic aggravation of dormant pre-existing conditions:

- Right distal radial fracture requiring closed reduction;
- Tear of the right radial ulnar ligament and scaploid lunate ligament;
- Tear of the triangular fibro-cartilage, right wrist;
- Joint effusion, flexion tenosynovitis and deformity of the scaphoid, right wrist;
- Tenderness and weakness of the right wrist;
- Restricted range of motion of the right wrist;

◆Right shoulder impingement;

◆Restricted range of motion of the right shoulder;

◆Multiple sprains, strains, swelling, bruises, contusions, pains; limitations of ranges of motion; nerve fiber, sympathetic nerves, muscle and tendon damage; with resultant emotional stress, acute mental anxiety, inability to perform everyday functions, loss of normal pursuits and pleasures of life, and all sequelae resulting therefrom.

All of the above injuries are permanent with the exception of those of a superficial nature which have already resolved.

6. a) Plaintiff was confined to bed immediately following this accident for approximately one (1) week and intermittently thereafter.

b) Plaintiff was confined to the house immediately following this accident for approximately one (1) month and intermittently thereafter.

c) Plaintiff was confined to Elmhurst Hospital, 79-01 Broadway, Elmhurst, New York 11373 on 12/28/06. Then plaintiff was also confined to St. Lukes Roosevelt Hospital, 1111 Amsterdam Avenue, New York, New York 10025 on 12/29/06.

7. a) Plaintiff was born on 05/26/37 and her social security number is 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.

b) Not applicable.

c) Not applicable.

d) Not applicable

e) Not applicable

f) Not applicable

8. Special damages are claimed in the following amounts:

| | | | |
|---|---|---|---|
| a) | Hospital expenses (amount approximate, not all bills having been Rendered to date.) | - | $6,000.00 |
| b) | X-rays | - | Included in hospital services |
| c) | Physicians' services, (amount approximate, not all bills having been Rendered to date.) | - | $4,965.00 |
| d) | Nursing services' or other medical expenses | - | Included in hospital services |
| e) | Medical supplies | - | Included in hospital services |
| f) | Loss of earnings | - | Not applicable |
| g) | Amount of Nature | - | Not applicable. |

9. Upon information and belief, plaintiff hospital and medical bills were paid by Sedgwick Claims Services, P.O. Box 171816, Memphis, TN 38187, claim no.: A767046480.

The amount of said reimbursements will be provided under separate cover.

10. Plaintiff resides at 99-10 60th Avenue, Apt. 5J, Corona, New York 11368.

Plaintiffs reserve the right to further respond to this bill of particulars as per the CPLR.

Dated:    Jamaica, New York
          November 1, 2007

*Yours, etc.,*

**SHAEVITZ & SHAEVITZ, ESQS.**
*Attorneys for Plaintiff(s)*
*148-55 Hillside Avenue*
*Jamaica, New York 11435*
*(718) 291-3400*

To: **RENDE, RYAN & DOWNES, LLP**
*Attorneys for Defendant(s)*
**CIRCUIT CITY STORES, INC.**
*202 Mamaroneck Avenue*
*White Plains, New York 10601*
*(914) 681-0444*
*File No.: S-125-CW*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
*ANNA THOMAS,*

                  Plaintiff(s),

***RESPONSE TO NOTICE FOR DISCOVERY & INSPECTION***

      -against-

*CIRCUIT CITY STORES, INC., and "JOHN DOES", said named being fictitious and is intended to represent the unknown employees of the defendant.*

                  Defendant(s).
----------------------------------------------------------------X

Plaintiffs, by and through their attorneys, **SHAEVITZ & SHAEVITZ, ESQS.**, respectfully respond to defendants' Discovery Demands as follows:

1. Plaintiff is unaware of any witnesses to the accident in question other than defendants' employees who caused this accident, and helped plaintiff after said accident. The identities of their employees is more particularly within the knowledge of the defendants herein.

2. Plaintiff is not in possession of any communications with the defendants.

3. Plaintiff is not in possession of any photographs.

4. Plaintiff is not in possession of any reports prepared in the regular course of business.

5. Plaintiff is not in possession of any notes, records or diagrams prepared from information provided by the defendants.

6. Plaintiff has not retained the services of any expert witnesses at this point other than the plaintiff's medical providers, for whom reports and/or authorizations have been exchanged.

7. Student is not applicable.

8. Collateral source information will be provided under separate cover.

9. Social Security benefits are not applicable.

10. Annexed hereto are copies of all medical records in the plaintiff's possession in reference to this occurrence, along with duly executed authorizations for the release of all hospital records, physicians records, x-ray films, MRI's, diagnostic tests, technicians reports, therapy records and prescriptions.

11. Upon information and belief, plaintiff hospital and medical bills were paid by Sedgwick Claims Services, P.O. Box 171816, Memphis, TN 38187, claim no.: A767046480.

12. The only parties appearing in the within action to date are the undersigned, representing the plaintiff and *Rende, Ryan & Downes, LLP,* representing the defendant CIRCUIT CITY STORES, INC.

13. The index number 20767/07 was purchased from Supreme Court, Queens County on August 20, 2006.

Dated: Jamaica, New York
November 1, 2007

*Yours, etc.,*

*SHAEVITZ & SHAEVITZ, ESQS.*
*Attorneys for Plaintiff(s)*
*148-55 Hillside Avenue*
*Jamaica, New York 11435*
*(718) 291-3400*

To: *RENDE, RYAN & DOWNES, LLP*
*Attorneys for Defendant(s)*
*CIRCUIT CITY STORES, INC.*
*202 Mamaroneck Avenue*
*White Plains, New York 10601*
*(914) 681-0444*
*File No.: S-125-CW*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ANNA THOMAS,

                          Plaintiff(s),

   -against-

*RESPONSE TO DEMAND FOR EXPERT WITNESS*

CIRCUIT CITY STORES, INC., and "JOHN DOES", said named being fictitious and is intended to represent the unknown employees of the defendant.

                          Defendant(s).
-----------------------------------------------------------------------X

Plaintiff, by and through his attorneys, **SHAEVITZ & SHAEVITZ, ESQS.**, respectfully respond to defendants' Demand for Expert Witnesses as follows:

Plaintiff intends to rely upon the economic, medical and/or chiropractic and/or therapy and/or radiological records, films and testimony of the following economists, physicians, chiropractors, therapists, radiologists, and other medical providers whose names, reports, records and/or authorizations have previously been exchanged with counsel and/or carriers, and/or are exchanged herein.

The substance of the facts and opinions of such doctors are set forth in the medical records and/or reports previously provided and are incorporated by reference herein.

The basis for such doctors conclusions are their examinations of the plaintiff in addition to their review of medical and hospital records in this proceeding.

Plaintiff reserves the right to further respond to this demand prior to the time of trial.

Dated:     Jamaica, New York
              November 1, 2007

Yours, etc.,

**SHAEVITZ & SHAEVITZ, ESQS.**
*Attorneys for Plaintiff(s)*
*148-55 Hillside Avenue*
*Jamaica, New York  11435*
*(718) 291-3400*

To:   **RENDE, RYAN & DOWNES, LLP**
      *Attorneys for Defendant(s)*
      **CIRCUIT CITY STORES, INC.**
      *202 Mamaroneck Avenue*
      *White Plains, New York 10601*
      *(914) 681-0444*
      *File No.: S-125-CW*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X
ANNA THOMAS,

                          Plaintiff(s),                       ***NOTICE TO TAKE***
                                                                        ***DEPOSITION UPON***
                        -against-                       ***ORAL EXAMINATION***

CIRCUIT CITY STORES, INC., and "JOHN DOES", said
named being fictitious and is intended to represent the
unknown employees of the defendant.

                          Defendant(s).
----------------------------------------------------------------------X
S I R S:

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination of defendants whose address is c/o their attorneys as an adverse parties will be taken before a Notary Public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein at ***THE LAW OFFICE OF SHAEVITZ & SHAEVITZ, ESQS., 148-55 Hillside Avenue, Jamaica, New York on the 7th day of December, 2007, at 10 o'clock in the forenoon*** of that day with respect to evidence material and necessary in the prosecution-defense of this action:

      All of the relevant facts and circumstances in connection with the issues arising herein.

      That the said person to be examined is required to produce at such examination the following:

**ALL BOOKS, RECORDS, DOCUMENTS AND MATERIALS RELATIVE TO THE ABOVE.**

Dated:      Jamaica, New York
                November 1, 2007

                                          Yours, etc.,

                                        ***SHAEVITZ & SHAEVITZ, ESQS.***
                                        ***Attorneys for Plaintiff(s)***
                                          ***148-55 Hillside Avenue***
                                          ***Jamaica, New York  11435***
                                          ***(718) 291-3400***

To:     ***RENDE, RYAN & DOWNES, LLP***
        ***Attorneys for Defendant(s)***
        ***CIRCUIT CITY STORES, INC.***
        ***202 Mamaroneck Avenue***
        ***White Plains, New York 10601***
        ***(914) 681-0444***
        ***File No.: S-125-CW***

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ANNA THOMAS,

                                                    Plaintiff(s),

              -against-

***PLAINTIFFS' NOTICE FOR PHYSICAL EXAMINATION AND EXCHANGE OF MEDICAL INFORMATION***

*CIRCUIT CITY STORES, INC., and "JOHN DOES", said named being fictitious and is intended to represent the unknown employees of the defendant.*

                                          Defendant(s).
-----------------------------------------------------------------------X

**S I R S :**

      **PLEASE TAKE NOTICE** that pursuant to the Rules governing physical examinations and exchange of medical information, the plaintiffs in the within action desire that the defendants hold a physical examination of plaintiff **ANNA THOMAS.**

      That such examination will be held at **a time and place to be determined at a Preliminary Conference.**

      **PLEASE TAKE FURTHER NOTICE** that you are required within five days after the receipt of this notice, to submit to the undersigned the name and address of the physician who will conduct such physical examination on behalf of the defendant(s).

Dated:      Jamaica, New York
                 November 1, 2007

Yours, etc.,

**SHAEVITZ & SHAEVITZ, ESQS.**
*Attorneys for Plaintiff(s)*
*148-55 Hillside Avenue*
*Jamaica, New York  11435*
*(718) 291-3400*

*To:*  **RENDE, RYAN & DOWNES, LLP**
*Attorneys for Defendant(s)*
**CIRCUIT CITY STORES, INC.**
*202 Mamaroneck Avenue*
*White Plains, New York 10601*
*(914) 681-0444*
*File No.: S-125-CW*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
ANNA THOMAS,

                        Plaintiff(s),

-against-

CIRCUIT CITY STORES, INC., and "JOHN DOES", said named being fictitious and is intended to represent the unknown employees of the defendant.
                        Defendant(s).
------------------------------------------------------------------X

***COMBINED DEMANDS FOR:***
- **A)** ***Discovery and Inspection***
- **B)** ***Collateral Source information***
- **C)** ***Names and Addresses of Witnesses***
- **D)** ***Expert Witness Disclosure***
- **E)** ***Statements***

**S I R S:**

**P**LEASE TAKE NOTICE, that pursuant to the provisions of Article 31 of the CPLR, demand is made that you produce at the office of the undersigned within twenty (20) days from the date of this notice, for discovery and inspection and copying, the following:

1.    Copies of all statements and/or tape recordings made by or taken of the plaintiffs, their agents, servants, and/or employees in your possession, custody or control or presently in the possession of a party you are retained by or represent.

2.    Copies of all photographs and/or video tape recordings made by or taken of the plaintiffs, their agents, servants, and/or employees in your possession, custody or control or presently in the possession of a party you are retained by or represent.

3.    Copies of all accident reports in your possession, custody or control or presently in the possession of a party you are retained by or represent relating to the incident(s) claimed in this lawsuit, including claims of other persons arising out of this incident, whether prepared exclusively for litigation or by the defendants or their witnesses.

4. Copies of all photographs and/or video tape recordings of the scene of the accident, in your possession, custody or control or presently in the possession of a party you are retained by or represent, which depict the condition of the location at the time of the accident, immediately prior thereto and/or shortly after the accident which is the subject of this action.

5. Copies all photographs and/or video tape recordings of the scene of the accident in your possession, custody or control or presently in the possession of a party you are retained by or represent, which depict the condition of the premises at the time of the accident and/or shortly after the accident which is the subject of this action.

6. Verified copies of any and all insurance agreements in your possession, custody or control or presently in the possession of a party you are retained by or represent, under which any person carrying on a business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy said judgment. This shall include, but is not limited to, excess, secondary and/or umbrella policies, and shall list the name(s) and address(es) of each such insurer, the policy or agreement date(s) and the extent of coverage of the policies.

7. Copies of all records of inspection and maintenance, for a period of one (1) year prior to and after the incident herein complained of, in your possession, custody or control or presently in the possession of a party you are retained by or represent, of the premise(s) which was involved in the accident which is the subject of this action.

8. Copies of all records and reports of prior similar accidents and incidents occurring upon the premises for a period of three years prior to the date of this occurrence.