Satchidananda Mims a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor in pro se



RICHMOND DIVISION
FILED SEP 1 4 2009
CLERK
U.S. BANKRUPTCY COURT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## -RICHMOND JURISDICTION-

In re:

CIRCUIT CITY STORES, INC., et. al.,

Debtors.

Chapter 11

Case No.: 08-35653 (KRH)

Jointly Administered

**CREDITOR SATCHI MIMS RESPONSE AND MEMORANDUM OF POINTS AUTHORITES IN OPPOSITION TO DEBTORS' THIRTY FIRST OMNIBUS OBJECTION TO CREDITOR'S PROOF OF CLAIM**

## INTRODUCTION

Satchidananda Mims a.k.a. Satchi Mims. ("the, Creditor") hereby request the United States Bankruptcy Court for an order allowing claim #5469 against Circuit City Stores, Inc. et. al. ("the Debtors") to stand the Debtors Thirty-first Omnibus Objection (" the Disallowance of certain legal claims"), on the grounds that ("the Creditor") claim(s) involving litigation are allowable pursuant to Bankruptcy Code 11 U.S.C.A. § 502(b) (1-9), and there are sufficient facts to grant ("the Creditor") protection of equitable estoppel.

## RELEVANT FACTS

On November 10, 2008 ("the, Petition Date"), the above-captioned debtors and debtors-in-possession ("Collectively, Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code ("the, Bankruptcy Code").

As a result of Debtor's bankruptcy filing, the litigation between Creditor and Debtor Circuit City Stores, Inc., et. al. ("the Debtors") in Superior Court of California the County of Alameda Case no. RG08399323 was automatically stayed and Satchi Mims ("the Creditor")

could not add Circuit City Stores West Coast, Inc. as a defendant in the litigation. Both Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") are liable for damages in the California state court litigation, and claims against ("the Debtors") should be allowed.

On or about September 07, 2005 ("the Creditor") purchased a Toshiba Satellite Computer from ("the Debtors") and entered into the 'City Advantage Protection Plan' insurance service agreement; in which Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") promised to repair any defects to the computer and if any defects couldn't be repaired, the computer would be replaced or costs for its purchase price refunded. Approximately forty five days after the computer was purchased, it began to have defect problems. The Creditor went back to the Circuit City Store located in Emeryville California, where the computer was purchased and reported the problems with the computer, requested a replacement and employees refused to take the computer back or take any insurance action and referred Creditor to the manufacture Toshiba's warranty. Creditor contacted Toshiba and they were unable to successfully repair the computer several times. Creditor has since requested computer repair and replacement from Circuit City Stores, Inc. ("the Debtors") numerous times, some on the following dates: April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 06, 2007, and June 24, 2008…etc. Each time Debtor has attempted to repair the defects of the computer, Debtor has been unsuccessful. The computer is still defective, the F10 and F11 keys come on by themselves when the computer is moved causing the computer to become inoperable. Additionally the computer screen still has problems during computer load up, sometimes screen background appears flickering white causing computer to become inoperable, and the AC adapter was returned to Creditor cracked after the June 24, 2008 attempted repair. Creditor contacted Debtor in writing on or about June 24, 2008 requesting for the computer to be replaced or refunded under the term of their agreement. Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. has since failed and refused to issue a replacement computer or refund to ("the Creditor"). As a result of over two years of filing insurance claims through Circuit City Stores Inc., and Debtors not fulfilling its promise to replace Creditors computer or refund Creditors money in an amount equal to purchase price, the Creditor filed a lawsuit.

On July 21, 2008 ("the Creditor") filed a complaint seeking damages for Breach of Contract, Breach of the covenant of good faith and fair dealing of an insurance contract, Breach of Warranty merchantable, Breach of Warranty fitness and Fraud. Although the complaint involves in part a contract dispute between ("the Debtors") and ("the Creditor"), the basic

premise of the complaint filed in Superior court is the alleged Fraud. Debtors were functioning as insurer of the Creditor's Toshiba Laptop Computer ("property") and made false promises in its advertisements and contracts. Based on their actions, it could be concluded Circuit City Stores, Inc. and Circuit City Stores West Coast, Inc. ("the Debtors") had no intention on fulfilling its promises. For example, ("the Debtors") made the promise in their written agreements and advertisement to replace the computer, or refund money, if the computer couldn't be repaired by ("the Debtors"). Circuit City Stores, Inc. attempted to repair the computer more than 13 times and was unsuccessful. ("The Debtors") actions alone are enough to establish fraud within California. California law defines the actions of ("the Debtors") as being deceit. A deceit is a promise made without any intention of performing it (*Civ. Code § 1710(4)*); See *Locke v. Warner Bros., Inc.* (1997) 57 Cal. App. 4th 354, 66 Cal. Rptr. 2d. See Exhibit 1, a copy of the complaint attached and made a part hereof. For that reason, a significant amount of the debt owed to Creditor is non-dischargeable debt pursuant *11 U.S.C §§ 523(a) (2) and 523(a) (3)*. ("The Debtors") filing chapter 11 Bankruptcy is further proof that Debtor Circuit City Stores, Inc. had no intention on fulfilling its promise and obligations owed to Creditor. Additionally, both ("the Debtors") continue to be obligated by the insurance contract to indemnify Creditor's computer until September 2009. Even if ("the Creditor") didn't file a lawsuit against Circuit City Stores, Inc., ("the Debtors") would be liable as the insurer and seller of the computer, under California law. The facts stated in the complaint and exhibits attached to the complaint, explain ("the Debtors") amount in damages and legal responsibility to ("the Creditor"). The fact that litigation was stopped, due to the automatic stay put in place when ("the Debtors") filed bankruptcy, and ("the Debtors") dispute the damages, does not eliminate ("the Debtors") liability.

Therefore the claim filed against Circuit City Stores, Inc. ("the Debtors") is reasonable and should be allowed, and ("the Debtors") objection should be overruled as to Satchidananda Mims aka Satchi Mims ("the Creditor") claim(s).

## ARGUMENT

The Thirty-First Omnibus objection as to ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims filed proofs of claim(s) should be overruled for the following reasons:

### A. Debtor's Thirty-First Omnibus Objection Violates Rule 3007

CREDITOR'S RESPONSE TO ("THE DEBTORS ") THIRTY-FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS - 3

1. Debtors violated Federal Rule of Bankruptcy procedure 3007. Rule 3007 states is relevant part: "(e) <u>Requirements for Omnibus Objection</u> An omnibus objection shall: ... (6) contain objections to no more than 100 claims." The Debtors filed an Omnibus objection to more than 100 claims.

In addition, Rule 3007 also states the following in relevant part: "... (d) <u>Omnibus objection</u>. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because: (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code." The Thirty-First Omnibus Objection to ("the Creditor") claims is based on the disallowance of certain legal claims which does not fall within the scope of an Omnibus Objection, under Rule 3007. The law only allows Omnibus Objections for reasons stated under Rule 3007(e) as stated above. See (2003) *In re Taylor*, 289 B.R. 379.

Therefore objection to the Creditor's claim(s) should be overruled.

### B. The Creditor Has Legitimate Legal Claims Against The Debtors

1. A Claimant is entitled to recoveries for a single liability against a single debtor, and it is entitled to a single satisfaction, if at all any particular claim of liability exists against a debtor. In this particular case liability exists, because the Creditor filed two separate proof of claims based on evidence and pending California State litigation for each of ("the Debtors") that are legally responsible for monetary damages suffered by ("the Creditor"). By defining, "claim" broadly in the Bankruptcy Code as any "right to payment" or as any "right to an equitable remedy," Congress has adopted the broadest possible definition of "debt." Debt as the term is used in the Bankruptcy Code is nothing more, nor less than enforceable obligation. See, 11 U.S.C.A. §§ 101(5), 101(12); (2002) *In re Gorchev*, 275 B.R. 154. Only parties such as Satchi Mims ("the Creditor") that hold "rights to payment" against an estate, hold valid bankruptcy claims. See 11 U.S.C.A. § 101(5) (A). The Creditor filed one proof of claim in relation to ("the

Debtors") Circuit City Stores, Inc. and another proof of claim in relation to ("the Debtors") Circuit City Stores West Coast, Inc. Each proof of claim is separate even though liability comes from facts alleged in the same lawsuit. Once a creditor has filed a valid proof of claim, burden of production of proof shifts to debtor to rebut claim's prima facie validity. See *Fed. Rules Bankr. Proc. Rule 3001(f), 11 U.S.C.A.* Stating that claims are disputed in the lawsuit and ("the Debtors") books don't show any liability, doesn't rebut the prima facie evidence presented by the proof of claims. Also, when a creditor has pending state court litigation as the Creditor does in this case, without a judgment and claims exist such as fraud, creditor has a valid claim. See, (2002) *In re Garzoni*, 35 Fed.Appx. 182. Furthermore to be proper, objection to a proof a claim must allege facts which, if accepted as true, would trigger one of the statutory reasons for disallowing claim; if it does not then the objection should not be sustained. See Bankr. Code, 11 U.S.C.A. § 502(b) (1-9); (2003) *In re Taylor*, 289 B.R. 379. ("The Debtors") objection does not allege legitimate statutory reasons for disallowing the claim(s). Therefore the claims submitted by ("the Creditor") are valid and should be allowed.

### C. Equitable Estoppel

1. Satchidananda Mims a.k.a. Satchi Mims ("the Creditor") hereby invokes the defense theory of equitable estoppel. As stated in Exhibit 4, the Debtors filed bankruptcy collectively on November 10, 2008 and sometime thereafter issued Notice of commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and fixing of certain dates to Creditors. In addition, Debtor's stated in relevant part, paragraph <u>Joint Administration of Cases</u>, "… consolidating the cases for procedural purposes only under Case No. 08-35653." Which implies that any claim filed will be against the individual Debtor listed on the proof of claim. Also see the address differences between the Debtors. Circuit City Stores, Inc. has an address in Richmond, Virginia and Circuit City Stores West Coast, Inc. has an address in Boulevard, Westminster, Colorado.

2. On or about December 2008 Debtor's issued two proofs of claim forms to ("the Creditor") Satchi Mims, which were completed by ("the Creditor") and filed in Bankruptcy Court. See Exhibit 4. Look carefully at the two proof of claim forms, on the bottom half of the forms the Master codes and scan codes identify that the form numbers issued to Creditor are different. Debtor's actions imply that both Debtor's are liable for Creditor's claims. If ("the Debtors") were not liable in some capacity, they wouldn't have issued their own version of proof of claim forms to be filed in court by ("the Creditor"). Debtor's actions are inconsistent, because

they imply liability to ("the Creditor") or claimant, and on the other hand file and Omnibus Objection to Creditor Satchidananda Mims a.k.a. Satchi Mims proof of claim(s). If a chapter 11 debtor's bad conduct has adversely affected a creditor who acted in reliance, the creditor may raise estoppel as a defense, even if the debtor's plan reserves the right to object to claims. Also, if the facts are such that debtor's failure to disclose a claim against a creditor or an objection to a creditor's claim misleads and damages the creditor, such creditor may invoke the theory of estoppel. See Bankr.Code, 11 U.S.C.A. §1123(b)(3)(B). If equitable estoppel is not granted against ("the Debtors"), ("the Creditor") will be irreparably harmed by losing ability to claim damages of fraud against Circuit City Stores, Inc. Therefore, ("the Creditor") request that this court issue preclusion to ("the Debtors"), from denying the truth of the facts regarding the two claim forms, issued to ("the Creditor") by ("the Debtors"), and the currently filed proof of claims forms which has, in contemplation of law, become established by the actions of ("the Debtors").

### D. Lack of Evidence

1. On or about January 27, 2009 Creditor filed a Motion for Relief from the Automatic Stay put into place when the Debtors filed bankruptcy to continue pending California State Court Litigation, with Exhibits 1-4 attached describing the litigation; reference (Docket # 1822). A copy of Exhibits 1 to 4 are attached to this response and made here apart of. Exhibits 1 through 4 provide evidence of Debtors liabilities and support the Creditor's filed proof of claims against ("the Debtors"). A claim may be disallowed, not for just any reason, but only for one of the reasons enumerated by Congress; bankruptcy court has no discretion in this regard and cannot disallow claim for reasons beyond those stated in statute. See Bankr. Code, *11 U.S.C.A. §502(b) (1-9)*. The nine grounds listed in bankruptcy statue for disallowing proof of claim are the nine exclusive grounds available to properly underpin an objection to proof of claim. See (2008) *In re Herron*, 381 B.R. 184. ("The Debtors") indicate there is no liability in the claims, but provides no evidence. A properly executed and filed proof of claim constitutes prima facie evidence of validity and amount of claim, and burden is on party objecting to the proof of claim to present sufficient evidence to overcome this prima facie evidence. See *Fed. Rules Bankr. Proc.Rule 3001(f), 11 U.S.C.A.*; (2006) *In re Welty*, 335 B.R. 84. A proof of claim executed and filed in accordance with Bankruptcy Rules does not lose it presumptive validity merely, because objection is filed thereto, unless objection is supported by substantial evidence. See *Fed. Rules*

*Bankr. Proc. Rule 3001(f), 11 U.S.C.A.*; (2005) *In re Mahoney Hawkes*, LLP, 334 B.R. 41. Therefore, ("the Debtors") objection to the Creditor's claims should be overruled.

## CONCLUSION

For the foregoing reasons ("the Creditor") Satchidananda Mims a.k.a. Satchi Mims request that the Thirty-First Omnibus objection to proof of claims against ("the Debtors") be overruled.

Dated this 05th day of September, 2009

_____
Satchi Mims a.k.a.
Satchidananda Mims

SATCHIDANANDA MIMS
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

Creditor in Pro Se

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

In re:

CIRCUIT CITY STORES, INC., et al.

Debtor(s).

Case No.: 08-35653-KRH

Chapter 11

[Jointly Administered]

**DELARATION IN SUPPORT OF CREDITOR RESPONSE TO DEBTOR'S THITY-FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS**

### DECLARATION OF SATCHI MIMS

I, Satchidananda Mims a.k.a. Satchi Mims, declare under penalty of perjury:

1. I am a Creditor in the above action and the Plaintiff in the case of Mims v. Circuit City Stores, Inc. (Case no. RG08399323) currently pending in the Superior Court of the County Alameda in the State of California and I am acting as my own attorney.

2. On or about December 20, 2008, I received Debtor's notice of deadline for filing proof of claim and notice Notice of commencement of Chapter 11 bankruptcy cases. Sometime thereafter I filed two claims in Bankruptcy Court. Both proofs of claims forms completed were given to me by ("the Debtors"), for claims against Circuit City Stores West Coast, Inc. and Circuit City Stores, Inc.

3. Relief from the Debtor's Thirty-First Omnibus Objection is necessary for me to continue the pursuit of my legal claim against Circuit City Stores, Inc. and Circuit City Stores, West Coast Inc ("the Debtors").

1

4. On or about August 30, 2009, I received a copy of Debtor's Thirty-first Omnibus Objection to Certain Legal Claims by U.S. mail. Debtor's indicated the deadline for filing and serving a response to the objection as September 15, 2009. On their Objection notice Debtors state the following in relevant part,:"pursuant to Rule 3007-1 of the local rules of the United States Bankruptcy Court For the Eastern District of Virginia and the Omnibus Objection procedures, unless a written Response and a request for a hearing are filed with the clerk of the court and served on the objection party within 30 days of the service of this objection, the court may deem any opposition waived…" Accordingly I haven't been given the proper 30 day notice to respond to Debtor's objection and the court should not subject me to waiving a right to respond, if response is received by the court of Debtors later than September 15, 2009.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: September 05, 2009

SATCHIDANANDA MIMS
a.k.a. Satchi Mims
Creditor in pro se

2

SATCHIDANANDA MIMS a.k.a. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619

510-530-6345

("Creditor") In Pro Se

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re:<br>CIRCUIT CITY STORES, INC., et al.<br>Debtor(s). | Case No.: 08-35653-(KRH)<br>Chapter 11<br>Jointly Administered<br>**[PROPOSED ORDER]**<br>**DEPT**: Room 5000<br>**JUDGE**: Honorable Kevin R. Huennekens |

## ORDER OVERULING DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CERTAIN LEGAL CLAIMS

THIS MATTER having come before the Court on the Debtors Thirty-First Omnibus Objection to claims (Disallowance Of Certain Legal Claims) ("the, Objection"), it appearing that the objection violates Federal Rule of Bankruptcy procedure 3007§(d)(1-8) and that good cause does not exist to grant ("the Debtors") motion as to Satchidananda Mims a.k.a. Satchi Mims ("the, Creditor"); and the Court having held a hearing (the, "Hearing") on the Thirty-First Omnibus Objection to Claims (Disallowance Of Certain Legal Claims) on _____, 2009; [and the above-captioned debtor (the "Debtors'") having ask for the relief requested in the Motion (the "Objection");] [and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore]; and for the reasons stated by the Court on the record of the Hearing], it is hereby

ORDERED that the Motion ("the, Objection") is ultimately denied; and it is further

ORDERED that Satchidananda Mims aka Satchi Mims request for equitable estoppel is granted in part, as to precluding ("the Debtors") from denying sending the Claimant two claim forms, which acknowledge ("the Debtors") are aware of their own actions, and know of their likely legal responsibility to ("the Creditor"). ("The Debtors") actions are inconsistent with the Objection to Certain Claims (Disallowance of Certain Legal Claims) in that, ("the Debtors") state in the objection they dispute the claims, and their books don't show any form of liability. If their books didn't show any form of liability they wouldn't have sent ("the Creditor") claim forms or listed ("the Creditor") as a Creditor in the initial Bankruptcy filing; and it is further

ORDERED the proof of claim form #5469 filed by claimant; in respect to ("the Debtors") CIRCUIT CITY STORES, INC. is valid and provides sufficient prima facie evidence to survive ("the Debtors") Thirty-First Omnibus Objection to Certain Claims (Disallowance Of Certain Legal Claims).

Dated: _____, 2009
Richmond, Virginia

_____
HONERALBLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

2

I ASK FOR THIS:

*[signature]*

SATCHIDANANDA MIMS A.K.A. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619
510-530-6345
Creditor in Pro Se

**CERTIFICATION OF ENDORDSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*[signature]*

SATCHIDANANDA MIMS A.K.A. Satchi Mims
P.O. BOX 19304
OAKLAND, CA 94619
510-530-6345

Creditor in Pro Se

3