# EXHIBIT

# 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
SATCHIDANANDA MIMS aka SATCHI MIMS
P.O. BOX 19304
OAKLAND, CA 94619

TELEPHONE NO: 510 530-6345          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   Plaintiff in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS: 600 WASHINGTON STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: OAKLAND, 94610
BRANCH NAME: LIMITED JURSIDICTION

ALAMEDA COUNTY SUPERIOR CART
1225 FALLON STREET
OAKLAND CA 94612-4280

**6809011**

FILED
ALAMEDA COUNTY

"JUL 9 1 2008

CLERK OF THE SUPERIOR COURT
BY _____
                              Deputy

PLAINTIFF: SATCHIDANANDA MIMS aka SATCHI MIMS

DEFENDANT: CIRCUIT CITY STORES, INC.

[✓] DOES 1 TO 5

CONTRACT
[✓] COMPLAINT          [ ] AMENDED COMPLAINT *(Number)*:
[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT *(Number)*:

Jurisdiction *(check all that apply)*:
[✓] ACTION IS A LIMITED CIVIL CASE
    Amount demanded   [✓] does not exceed $10,000
                      [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
RG08399322

1. Plaintiff *(name or names)*:
   SATCHIDANANDA MIMS AKA SATCHI MIMS
   alleges causes of action against defendant* *(name or names)*:
   CIRCUIT CITY STORES, INC., DOES 1 TO 5
2. This pleading, including attachments and exhibits, consists of the following number of pages: 59
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name)*:
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe)*:
          (3) [ ] other *(specify)*:
   b. [ ] Plaintiff *(name)*:
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:
      b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant *(name)*: Circuit City Stores,Inc   [ ] except defendant *(name)*:
          (1) [ ] a business organization, form unknown       (1) [ ] a business organization, form unknown
          (2) [✓] a corporation                                (2) [ ] a corporation
          (3) [ ] an unincorporated entity *(describe)*:       (3) [ ] an unincorporated entity *(describe)*:
          (4) [ ] a public entity *(describe)*:                (4) [ ] a public entity *(describe)*:
          (5) [ ] other *(specify)*:                           (5) [ ] other *(specify)*:

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.
                                                                                            Page 1 of 2

Form Approved for Optional Use                 COMPLAINT—Contract              Code of Civil Procedure, § 425.12
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]                                              American LegalNet, Inc.
                                                                              www.FormsWorkflow.com

59

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

4. *(Continued)*
    b. The true names of defendants sued as Does are unknown to plaintiff.
        (1) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
        (2) ☑ Doe defendants *(specify Doe numbers):* 1 to 5 _____ are persons whose capacities are unknown to plaintiff.
    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☑ Plaintiff is required to comply with a claims statute, and
    a. ☑ has complied with applicable claims statutes, *or*
    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
    a. ☑ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☑ the contract was to be performed here.
    e. ☑ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☑ Breach of Contract

    ☐ Common Counts

    ☑ Other *(specify):*
    Breach of the covenant of good faith, Breach of Warranty fitness and merchantability, Fraud

9. ☑ Other allegations:
    See attachment 9a.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $ 9,500.00
    b. ☐ interest on the damages
        (1) ☐ according to proof
        (2) ☐ at the rate of *(specify):*      percent per year from *(date):*
    c. ☑ attorney's fees
        (1) ☐ of: $
        (2) ☐ according to proof.
    d. ☑ other *(specify):*
    Emotional, Exemplary and Punitive damages

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    All Paragraphs

Date: July 21, 2008

SATCHIDANANDA MIMS aka Satchi Mims     ▶
_____      _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

MC-025

| SHORT TITLE: **MIMS V. CIRCUIT CITY STORES, INC.** | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* __9.a__       **Page** _3_ of ____
*(This Attachment may be used with any Judicial Council form.)*       *(Add pages as required)*

1

2   Plaintiff: Satchidananda Mims aka Satchi Mims hereby demands a jury trial.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]       **ATTACHMENT**
**to Judicial Council Form**       Cal. Rules of Court, rule 982
American LegalNet, Inc. | www.USCourtForms.com

PLD-C-001(1)

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

FIRST _____    **CAUSE OF ACTION—Breach of Contract**
       *(number)*

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* SATCHIDANANDA MIMS aka Satchi Mims

alleges that on or about *(date):* September 07, 2005
a ☑ written ☐ oral ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
Satchi Mims and Circuit City Stores, Inc.
☑ A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows *(specify):*

BC-2. On or about *(dates):* November 10, 2005 and various times thereafter
defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts
*(specify):*

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☑ as follows *(specify):*
As a proximate result of defendant's breach of the agreement, plaintiff has been damaged in the
sum of $2000.00, the amount plaintiff paid to defendant for the laptop computer and insurance
laptop repair services during, September 2005 through September 2009.

BC-5. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☐ according to proof.

BC-6. ☑ Other:
Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 1 through 11 as if fully
set fourth in this matter.

Page _____ 4 _____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: MIMS V. CIRCUIT CITY, INC. | CASE NUMBER: |
|---|---|

ATTACHMENT *(Number):* BC-2      Page __5__ of _____

*(This Attachment may be used with any Judicial Council form.)*      *(Add pages as required)*

On or about September 7, 2005 plaintiff entered into written agreement with defendant Circuit City Stores, Inc. A copy of the original agreement is attached as Exhibit A as section one and a updated copy of the Circuit City Advantage Plan, which plaintiff received on or about December 10, 2007, labeled Exhibit A section two and made a part hereof.

On or about November 10, 2005 and various times thereafter defendant Circuit City Stores, Inc. breached the contract as follows:

Defendants failed and neglected to perform in accordance with the agreement terms therein, in that defendants repaired: the TOS M45S265 laptop's: screen, circuit motherboard, power button, key board, F10 and F11 keys malfunction....etc., and its accessories multiple times, in a careless and un-workmanlike manner, and used such inferior, defective and unsuitable parts that the repairs made to the laptop was wholly inadequate for the normal and efficient operation of plaintiff, and has continuously ceased to function correctly, shortly after each repair.

Additionally Defendant breached the agreement by performing benefits under the contract in a generally incompetent and unsatisfactory manner by attempting to repair the laptop defects more than 13 times and failing to correct defects each time. Particularly on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 Plaintiff received an email from defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008. The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate any action was taken in regards to the F10 or F11 keys or screen in the lower part of the worksheet listed as notes, says technican re-soldered the DVD Drive connecter and cleaned the volume knob restored the operating system. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving computer back. Plaintiff has attempted to use the computer and the defects still exist. See Exhibit C attached, it shows correspondence between plaintiff and defendant regarding above described specific repairs and computer defects.

Furthermore, defendant breached the contract by not following specific provisions in the contract. The contract, states in relevant part: "City Advantage protection plan is not just protection, but service far beyond manufacture's warranty, including: Replacement if we can't fix it..... If a defect is found, your product will be repaired or replaced......" Additionally, see Exhibit A section two, the contract under section 10 titled No lemon Guarantee, states in relevant part: "B. Computer Products: If your product or any component of your product is repaired three times and it fails a fourth time due to the same problem........., We will replaced the Product or component under our no lemon guarantee.....". Defendant breached the contract by failing to make adequate repair to cure computer defects, and after making over 13 unsuccessful attempts to repair reoccurring defects of the computer, refuses to issue a replacement computer or refund. Moreover the product has failed more than four times and defendant has tried to repair the product more than four times due to the same problem and failed, the product is defective.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(3)

| SHORT TITLE:<br><br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER |
| --- | --- |

SECOND _____   **CAUSE OF ACTION—Intentional Tort**   Page ___6___
(number)

ATTACHMENT TO [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that defendant *(name)*:  CIRCUIT CITY STORES, INC.

[✓] Does 1 _____ to 5 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*: November 10, 2005
at *(place)*: Circuit City Stores, Inc., Emeryville, CA

*(description of reasons for liability)*:

For Breach of Implied Covenant of Good Faith and Fair Dealing

20. Plaintiff repeats and re-alleges the allegations set fourth in paragraphs BC-1 through BC-6 as if
fully set fourth in this matter.

21. Defendant is, and at all times herein mentioned, was a Corporation organized and existing under
the laws of the State of California with principle offices located at 5795 Christie Ave Emeryville,
California herein mentioned, each of the defendants sued herein was the agent and employee of each
of the remaining defendants and was at all times acting within the purpose and scope of such agency
and employment.

22. Defendant owes a duty of good faith and fair dealing to plaintiff, because the defendant sold the
City advantage Protection Plan computer service repair and replacement, insurance to plaintiff; the
defendant has benefited from the premiums paid by plaintiff and the other income derived from the
sale of the insurance policy to plaintiff and has administered processed and coordinated claims made
by plaintiff; and while soliciting insurance business from plaintiff and handling claims filed by
plaintiff, the defendant made representations concerning the characteristics and benefits of the
insurance policies that plaintiff ultimately purchased.  The defendant also widely advertised the
characteristics and benefits of the City advantage Protection Plan computer service repair and
replacement insurance that plaintiff ultimately purchased.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ‑ MIMS V. CIRCUIT CITY STORES, INC. | |

Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

23. By virtue of the special relationship that was created when it sold the City advantage Protection Plan computer service repair and replacement insurance policy to plaintiff and established intercompany pooling arrangements and means of common management and control within the defendants organization with respect to its insurance business, and implicit in its insurance contracts, the Circuit City Stores, Inc. owes a duty of good faith and fair dealing to plaintiff. In light of these duties to plaintiff, the Circuit City Stores, Inc. is barred from, in any way, attempting to damage the interests of its policyholder, Satchi Mims, or to profit at the expense of plaintiff.

24. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

25. At all times mentioned in this complaint, plaintiff was the owner of a certain laptop computer, Toshiba Satellite Model # M45S265 Serial# 75095029Q referred to below as computer.

26. On or about September 07, 2005, in consideration of the payment of biyearly premium of $ 243.00, made by Circuit City Stores, Inc. defendant, by its duly authorized agents, executed and delivered to plaintiff in Oakland, Alameda County, State of California, its policy of insurance bearing number 85 6512453, referred to below as "the policy." The policy by its terms was effective from September 07, 2005, to September 07, 2007. The policy was renewed and effective from September 08, 2007 to September 08, 2009. The additions or changes to the renewed policy weren't known or received by plaintiff until the policy was paid in full, and received by plaintiff on or about December 10, 2007. A copy of the agreement is attached as Exhibit A, labeled section one and a copy of the Circuit City Advantage Plan updates or additions and amendments, is labeled as section two and made a part hereof.

27. The policy at all times mentioned in this complaint provided the following coverage:

Coverage (A) computer repair and replacement. To repair or replace, and pay all reasonable expenses incurred from service or repair to notebook computer, hereinafter called loss, caused by defect, accidental damage and damage caused by the normal operation and use of the computer."

28. On or about April 14, 2006, while the policy was in full in full force and effect, the computer malfunctioned and displayed the following defects: malfunctioning screen, malfunctioning key board, F10 and F11 keys came on automatically when screen was moved and caused keyboard to become inoperable. Plaintiff notified defendant of loss, opened incident claim number G9443001, returned the computer to defendant and on April 24, 2006 defendant returned the computer to plaintiff indicating defendant canceled repairs for the computer.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page    7

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2

3  29. Plaintiff gave defendant notice of loss, and has otherwise performed all the terms and conditions of the policy on his part to be performed.

4

5  30. On or about April 24, 2006, defendant denied plaintiff's claim, by canceling requested repairs. Defendant has continuously denied plaintiff's claims for loss by failing to repair defects found in the

6  product various times, and refusing to issue a replacement computer or refund, as stated in the terms of the agreement. Plaintiff has continuously reported loss to defendant, and defendant has opened over 13 claims

7  regarding computer defects. A few of the claims plaintiff filed dealing with defect issues are listed as follows: 9632790, 982820, 9927248, 11541372...etc. The computer defects have not been properly

8  repaired and defendant refuses to issue replacement or refund. In addition plaintiff contacted defendant in

9  writing on June 24, 2008, requesting a new computer or refund. Defendant responded, by letter dated July 1, 2008, from Marty M., Customer Support Coordinator, directing plaintiff to call their management line to

10  request a computer exchange under their no lemon guarantee. On or about July 07, 2008 Plaintiff

11  followed the instructions indicated in received letter and called defendant, and a customer service representative named Allen indicated that the Case #1896800 doesn't exist. Then Allen indicated that he

12  couldn't do anything about replacement because computer was in the process of being repaired. He issued

13  a new case # 11748796 and told plaintiff if your computer has problems call me and problems will be resolved. Allen called plaintiff on or about July 9, 2008 and asked about the status of repair, plaintiff told

14  Allen that the defects were not adequately repaired, same issues or defects reported, keep reoccurring.

15  Allen told plaintiff he would call plaintiff in the near future, to see if computer is still having defect problems. Moreover on or about June 24, 2008 plaintiff sent the laptop to defendant to make repairs for

16  malfunctions of the computer screen, F10 and F11 keys on the keyboard that turn on automatically when

17  the screen or computer is moved causing the keyboard to become inoperable, and wireless modem having problems staying connected to the internet. On or about July 4, 2008 plaintiff received an email from

18  defendant indicating that computer is repaired. The computer was delivered to plaintiff on July 8, 2008.

19  The computer problems were not repaired as indicated in the email, the computer worksheet defendant shipped along with the defective computer doesn't indicate that any action was taken in regards to the F10

20  or F11 keys or screen, in the lower part of the worksheet, listed under notes, it states the technician

21  re-soldered the DVD Drive connecter and cleaned the volume knob and restored the operating system software. Additionally, plaintiff discovered that the defendant cracked the AC Adapter upon receiving

22  computer back. Correspondences between plaintiff and defendant is attached as Exhibit C and made a part

23  hereof. Defendant failed and refused, and continues to fail and refuse, to adequately repair or provide plaintiff with a suitable replacement computer whose value is equal to that of the computer, or issue refund

24  in the sum of $2000.00.

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___8___ |

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2  31. During the course of soliciting plaintiff's insurance patronage, and while administering plaintiff's
3  insurance, the Circuit City Stores, Inc. organization and its agents made representations to plaintiff,
   including:
4     A. Representations that the City advantage Plan coverage insurance policy sold by defendant would
   provide plaintiff with coverage of claims regarding the computer, and if defects cannot be repaired, the
5  product would be replaced or a refund will be issued.
6     B. Representations in its advertising aimed at patrons like plaintiff that its City advantage Plan
   coverage insurance policy sold by defendant would provide plaintiff with coverage of claims regarding the
7  computer, and if defects cannot be repaired, the product would be replaced or a refund will be issued.

8
   32. In addition to the misrepresentations made by Circuit City Stores, Inc. described above, that
9  organization has failed to handle properly plaintiff's claims and requests for repair, a replacement
   computer or refund. Among other things, the defendant has failed to acknowledge or respond to pertinent
10 communications with reasonable promptness, failed to adopt and implement reasonable standards for
   prompt investigation of claims, wrongfully denied plaintiffs request on the claim without conducting a
11 reasonable investigation, failed to affirm or deny coverage of plaintiff's claims within a reasonable time,
12 failed to provide promptly to plaintiff a reasonable explanation of the basis for rejection of claims.

13 33. Also, in its scheme to harm its insured, Satchi Mims, and to benefit from it, the defendant placed one
   sided clauses in their written agreement in conflict with California public policy and law. Particularly
14 provision 14. Mandatory Arbitration. The mandatory arbitration clause is in conflict with public policy
15 and state law, because California Code of Civil Procedure section 631 doesn't allow for jury trial to be
   waived before litigation. In addition, clauses 15 and 18, which indicate that the contract shall be
16 interpreted and enforced in accordance with the laws of Commonwealth Virginia. Plaintiff lives in
   California and defendant does business in California, and the contract was created in California, therefore
17 California courts have jurisdiction over issues regarding their agreement. It would be unconscionable for
18 the court to allow defendant, to circumvent California law and use Virginia law in interpreting the
   contract, because the law is probably more to the benefit of defendant. Therefore, an actual controversy
19 exist between plaintiff and defendant as to whether or not defendant can circumvent California Law or
   use a one sided contract to force plaintiff to give up right to a jury trial although not authorized by law and
20 bound plaintiff to Virginia law although neither party is in the state Virginia.
21    To protect its rights and interests, Plaintiff requires this court determine and declare that the Defendant
   Circuit City Stores Inc., is subject to statutory limitations of pertinent California law, nullify the contract
22 clauses requiring mandatory arbitration in conflict with California law, and declare that Defendant is liable
   to indemnify Plaintiff's computer either by giving Plaintiff a replacement computer whose value is equal
23 to the computer at the time it was purchased or issue refund.

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line
    numbers)*:
27
   | This page may be used with any Judicial Council form or any other paper filed with the court. | Page  9 |
   |---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

1  Second Cause of Action-Breach of Implied Covenant of Good Faith and Fair Dealing Against (cont'd)

2

3  34.  The misrepresentations, the wrongful handling of plaintiff's claims, and the wrongful scheme to
prevent plaintiff from receiving benefits, by continuously trying to repair defects that can't be repaired
4  instead of issuing a replacement or refund, all as described in paragraphs 1-33 above, constitute unfair or
deceptive acts or practices under and violations of sections 790, 790.02, 790.03, rules adopted by the State
5  Board of Insurance pursuant to the California Insurance Code, including  Section 1770 of the California
6  Civil Code and sections17200, 17201, 17202, 17203, 17206 of the California Business & Professions
Code. Specifically, the Circuit City Stores, Inc. organization has engaged in unfair or deceptive acts or
7  practices by: (a) Misrepresenting the terms of insurance policies it offered for sale; (b) Falsely advertising
the terms of insurance policies it offered for sale; (c) Representing that its insurance policies and services
8  had characteristics and benefits which they did not have; (d)  Advertising insurance policies and services
9  with intent not to sell them as advertised; (e)  Representing that environmental impairment liability
insurance polices sold by it conferred or involved rights, remedies, or obligations which they did not have
10  or involve; (f)  Misrepresenting pertinent facts or policy provisions relating to insurance coverage; (g)
11  Engaging in wrongful claims handling and unfair claim settlement practices; (h)  Breaching the duties of
good faith and fair dealing it owes to its insured, Satchi Mims and (i)  Engaging, in practices that are
12  deceptive and unfair under sections 17200, 17201, 17202, 17203, 17206 of the California Business &
13  Professions Code and section 1770 of the Civil Code.

14  35.  By entering into the above described scheme and taking the actions described above, the defendant
15  has breached its duty of good faith and fair dealing.

16  36. As a result of such breaches of good faith and fair dealing, and such egregious bad faith conduct,
17  plaintiff has suffered, and is continuing to suffer, serious actual and potential harm, and by this suit hopes
to recover from such harm.
18

19  37.  Circuit City Stores, Inc. organization has committed its bad faith conduct in violation of the law and
public policy intentionally, maliciously, with furtive design and ill will towards Satchi Mims or with
20  conscious indifference towards and reckless disregard for plaintiff's rights and interests, and for this
21  conduct plaintiff seeks emotional, punitive and exemplary damages.

22  38. As a proximate result of defendant breach of the covenant of good faith and fair dealing as herein
23  alleged, plaintiff seeks general damages in an amount to be determined by proof at trial.

24  39.  As a further proximate result of defendant breach of the covenant of good faith and fair dealing as
25  herein alleged, plaintiff seeks punitive damages in an amount to be determined by proof at trial.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___10 |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

American LegalNet, Inc. [www.USCourtForms.com]

| SHORT TITLE:<br>MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

THIRD     CAUSE OF ACTION—Breach of Warranty (Merchantability)     Page 11
(number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

BWM-1.   Plaintiff (name): SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that on or about (date): SEPTEMBER 07, 2005
defendant(s) (seller): CIRCUIT CITY STORES, INC.

sold plaintiff (quantity and description of goods): one (TOS/M45S265) LAPTOP COMPUTER

at retail and plaintiff brought such goods from defendant(s) for a price of (amount): $ 1730.00.
☒ A true copy of a memorandum or contract regarding this sale is attached to this Cause of Action as Exhibit BWM-1.

BWM-2.   ☒ On or about (date):
defendant(s) (manufacturer): Does 1-5

manufactured such goods for the purpose of their eventual sale to retail buyers.

BWM-3.   ☒ On or about (date):
defendant(s) (distributor): Does 1-5

acquired such goods from defendant(s) manufacturer and distributed them to defendant(s) seller for eventual retail
sale to consumers.

BWM-4.   ☒ In the process, defendants (name): TOSHIBA

appended to such goods a written warranty which is attached to this Cause of Action as Exhibit BWM-4.

BWM-5.   Such retail sale to plaintiff was accompanied separately and individually by the implied warranty that such goods
were merchantable by defendant(s) (name): CIRCUIT CITY STORES, INC. & Does 1-5

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

## CAUSE OF ACTION—Breach of Warranty (Merchantability)    Page: 12

BWM-6.  Defendant(s) breached their respective warranties implied in the sale in that (describe):   Are stated in Attachment
BWM-6.

As a result of the breach by defendant(s), plaintiff did not receive merchantable goods as impliedly warranted by
defendant(s).

BWM-7.  Plaintiff discovered such breach of warranty on or about (date):  October 28, 2005
a. ☒ On or about (date):   October 28, 2005 and various times thereafter.
plaintiff notified defendant(s) (name):  CIRCUIT CITY STORES, INC.

b. ☐ By letter, a true copy of which is attached to this Cause of Action as Exhibit BWM-7.
c. ☒ Other (describe):  In person, and by telephone on or about October 28, 2005, By telephone on the
following dates: July 23,2007, August 22, 2007, September 6, 2007, June 10, 2008. By letter on June 24,
2008 a true copy which is attached as Exhibit C.  Also see attachment BWM-7.

BWM-8.  As a legal result of such breach of the warranty of merchantability by defendant(s), plaintiff has been damaged in the
amount $ 2000.00

BWM-9.  Plaintiff repeats and re-alleges the allegations set fourth in paragraphs 20 through 39  as if fully
set fourth in this matter.

MC–025

| SHORT TITLE: MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* BWM-6      **Page** 13 **of** _____

*(This Attachment may be used with any Judicial Council form.)*     *(Add pages as required)*

The screen malfunctions occasionally during load up.  Sometimes the screen loads up and flicks a white background, when this occurs the keyboard will not function, it becomes inoperable.

The keyboard malfunctions frequently, the F10 and F11 keys turn on automatically when the screen or computer is moved, or when computer is held at a 45 degree angle.  When F10 and F11 keys turn on turn on the keyboard types numbers only instead of letters and becomes inoperable.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY, INC. | |

**ATTACHMENT** *(Number):* BWM-7          Page 14 of _____

*(This Attachment may be used with any Judicial Council form.)*          *(Add pages as required)*

1. Plaintiff bought the computer primarily for personal, family, or household purposes. The computer is a new consumer good as that term is defined in Civ. Code § 1791(a).

2. Plaintiff delivered the computer to defendant's repair facility and notified defendant of the nonconformity in writing, with full particulars for the purposes of service, a true copy of that notice is attached as Exhibit C and incorporated by reference. Defendant made a reasonable number of attempts on account of the same nonconformity to service or repairs the computer, to conform to the express warranty. Those attempts were unsuccessful, in that the computer still has the following defects: malfunctioning screen, when computer is loading up sometimes screen shows white background, when this occurs keyboard becomes inoperable, malfunctioning key board, the F10 and F11 keys periodically come on automatically when screen is moved and causes keyboard to become inoperable and wireless internal modem has problems connecting to internet connections. In addition sometimes when the system loads up an error comes up stating there is a hardware issue prompting the restart of the computer. The dates and duration of the attempts at service or repair are as follows:

| Months | Year | Days |
|---|---|---|
| April 11-14, | 2006 | 04 days |
| April 14-24, | 2006 | 10 days |
| July 23-August 03, | 2007 | 10 days |
| August 22-30, | 2007 | 08 days |
| September 6-17, | 2007 | 11 days |
| June 24-Jul 03, | 2008 | 08 days |

3. After the unsuccessful attempts at repair, plaintiff demanded that defendant replace the computer or reimburse plaintiff in an amount equal to the purchase price paid less an amount directly attributable to plaintiff's use of the goods prior to the time plaintiff discovered the nonconformity. Defendant Circuit City Stores, Inc. has failed and refused, and continues to fail and refuse, to make replacement or reimbursement. As a result of defendant's breach of warranty, plaintiff has been damaged in the of $ 2000.00.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

FOURTH                     CAUSE OF ACTION—Breach of Warranty (Fitness)          Page 15
(number)

ATTACHMENT TO    ☒ Complaint    ☐ Cross-Complaint

BWF-1.   Plaintiff (name):  SATCHIDANANDA MIMS AKA SATCHI MIMS

alleges that on or about (date):  JUNE 24, 2008
plaintiff required (quantity and description of goods):
   One (TOS/M45S265) New Laptop Computer

for the particular purpose of (describe):
   Surfing the internet, Typing or to key words using the keyboard, viewing various images such as
   videos on the internet, DVD's, and listening to music and all other normal use expected from a
   laptop computer
To select and furnish suitable goods for such purpose, plaintiff relied on the skill and judgment of defendant(s) (name):
   CIRCUIT CITY STORES, INC. & Does 1-5

BWF-2.   ☒ On or about (date):  Septemenber 07, 2005
defendant(s) sold to plaintiff (quantity and description of goods):
   one (TOS/M45S265) Laptop Computer

and plaintiff bought such goods from defendant(s), in such reliance, for amount of (price paid): $ 1730.00
☒ A true copy of the memorandum or contract of the sale is attached to this Cause of Action as Exhibit BWF-2.

BWF-3.   At the time of the retail sale of such goods, defendant(s) had reason to know the particular purpose for which the
goods were required because plaintiff expressly communicated such purposes to defendant(s). Defendant(s) further
knew plaintiff was relying on the skill and judgment of defendant(s) to select and furnish suitable goods; thus there
was an implied warranty that goods were fit for such purpose.



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

## CAUSE OF ACTION—Breach of Warranty (Fitness)          Page 16

BWF-4.    Defendant(s) breached such warranty in that plaintiff did not receive suitable goods and such goods were not fit for the particular purpose for which they were required in that (*describe failure*):

BWF-5.    Plaintiff discovered such breach of warranty on or about (date): **October 28, 2005**
   a. ☒ On or about (date):    **October 28, 2005 and various times thereafter.**
      plaintiff notified defendant(s) (name):    **CIRCUIT CITY STORES, INC.**

   b. ☐ By letter, a true copy of which is attached to this Cause of Action as Exhibit BWM-7.

   c. ☒ Other (*describe*):   **In person, and by telephone on or about October 28, 2005, By telephone on the following dates: July 23,2007, August 22, 2007, September 6, 2007, June 10, 2008. By letter on June 24, 2008 a true copy which is attached as Exhibit C.**

BWF-6.    As a result of such breach of the warranty of fitness by defendant(s), plaintiff has been damaged in the amount $ **2000.00** .

BWF-7.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs BWM-1 through BWM-9  as if fully set fourth in this matter.

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

FIFTH _____          **CAUSE OF ACTION—Fraud**
        *(number)*

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name):* SATCHIDANANDA MIMS aka SATCHI MIMS

   alleges that defendant *(name):* CIRCUIT CITY STORES, INC.

   on or about *(date):* 07/07/2008 discovery      defrauded plaintiff as follows:

FR-2. ☐ **Intentional or Negligent Misrepresentation**
      a. Defendant made representations of material fact     ☐ as stated in Attachment FR-2.a     ☐ as follows:

      b. These representations were in fact false. The truth was     ☐ as stated in Attachment FR-2.b     ☐ as follows:

      c. When defendant made the representations,
         ☐ defendant knew they were false, or
         ☐ defendant had no reasonable ground for believing the representations were true.

      d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and that they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☐ **Concealment**
      a. Defendant concealed or suppressed material facts     ☐ as stated in Attachment FR-3.a     ☐ as follows:

      b. Defendant concealed or suppressed material facts
         ☐ defendant was bound to disclose.
         ☐ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.

      c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page _____ 17

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | |

<u>FIFTH</u>          **CAUSE OF ACTION—Fraud**
(number)

FR-4. [✔] **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it [ ] as stated in Attachment FR-4.a [✔] as follows:

Defendant Circuit City Stores, Inc. stated in the Circuit City Advantage Plan and the Warranty materials attached as Exhibit A section 1 and made a part hereof, given to plaintiff at the time of purchase of the Toshiba laptop computer. If a computer defect exists that it would be repaired and if the defect couldn't be repaired the laptop would be replaced or a refund would be issued.

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act [ ] as stated in Attachment FR-5 [✔] as follows:

Plaintiff purchased the laptop and additional insurance (City Advantage Protection Plan) for the computer. Plaintiff reported all problems with the computer to defendant, followed the procedures outlined in the terms of their agreement, sent the computer to defendant over 10 times for repair of the laptop defects. Each time plaintiff sent the computer to defendant; defendant returned the laptop to plaintiff representing that the laptop defects were adequately repaired, when they were not adequately repaired. As a result, plaintiff has requested a new laptop several times and defendant has failed and refused to issue a replacement or refund as specified in their agreement.

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged [✔] as stated in Attachment FR- 6 [ ] as follows:

FIR - 7. Other:

Plaintiff repeats and realleges the allegations set fourth in paragraphs BWF-1 through BWF-7 as if fully set fourth in this matter.

Page   18

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY, INC. | |

**ATTACHMENT** *(Number):* FR-6 _____    **Page** 19 **of** _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

As a proximate result of Circuit City, Inc.'s fraud and the facts herein alleged, Plaintiff was induced to buy the laptop and Circuit City advantage Plan, and rely on defendant's false promise, by reason of which plaintiff has been damaged in the sum of $2000.00.

The aforementioned conduct of Defendant Circuit City, Inc. was deceit, with the intention on the part of the defendant of thereby depriving plaintiff of legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br><br>### MIMS V. CIRCUIT CITY STORES, INC. | CASE NUMBER: |
| --- | --- |

**Exemplary Damages Attachment**                    Page ___20___

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

EX-1.  As additional damages against defendant *(name)*:
### CURCUIT CITY STORES, INC., DOES 1 to 5

Plaintiff alleges defendant was guilty of
☑ malice
☑ fraud
☐ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2.  The facts supporting plaintiff's claim are as follows:

As described in Second Cause of Action-For Breach of Implied Covenant of Good Faith and Fair
Dealing, defendant breached the contract by failing to repair defect in plaintiff's laptop over 13 times
and refusing to honor their agreement and issue a replacement laptop or refund plaintiff's money.

As described in the Fifth Cause of Action-Fraud, defendant made promise to plaintiff in the form of a
contract which stated that if plaintiff's laptop is defective and irreparable, the laptop would be
replaced. Plaintiff has asked defendant for replacement various times and defendants has failed and
refused to issue a replacement or refund.

EX-3.  The amount of exemplary damages sought is

a.  ☑ not shown, pursuant to Code of Civil Procedure section 425.10.
b.  ☐ $

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(13)

**Exemplary Damages Attachment**

CCP 425.12
American LegalNet, Inc. | www.USCourtForms.com