MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | RG08399323 |

**ATTACHMENT** *(Number):* 1c        Page _____ of _____

*(This Attachment may be used with any Judicial Council form.)*        *(Add pages as required)*

On or about September 07, 2005, plaintiff purchased a Toshiba Satellite Computer from defendant and entered into the city Advantage Protection Plans' insurance service agreement, in which defendant Circuit city Stores, Inc. promised to repair any defects to the computer and if any defects can't be repaired the computer would be replace or a refunded. Approximately 45 days after the computer was purchased it began to have defect problems. Plaintiff went to the Circuit City Store located in Emeryville California where the computer was purchased and reported the problems with the computer, requested a replacement and employees refused to take the computer back or any action and referred plaintiff to the manufacture Toshiba's warranty. Plaintiff contacted Toshiba and they were unable to successfully repair computer several times. Plaintiff has requested computer repair and replacement from defendant Circuit City Stores, Inc. several times, some on the following dates: April 11, 2006, April 14, 2006, July 23, 2007, August 22, 2007, September 6, 2007, June 24, 2008...etc. Each time defendant has attempted to repair the defects of the computer, defendant has been unsuccessful. The computer is still defective, the F10 and F11 keys come on by themselves when the computer is moved causing the computer to become inoperable. Additionally screen still has problems during computer load up, sometimes screen background appears flickering white causing computer to become inoperable, and the AC Adapter was returned to plaintiff cracked after the June 24, 2008 attempted repair. Plaintiff contacted defendant in writing on or about June 24, 2008 attempted repair. Plaintiff contacted defendant in writing on or abut June 24, 2008 requesting for the computer to be replaced or refunded under the terms of their agreement. Defendant has since failed and refused to issue a replacement computer or refund.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. January 1, 2007)

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | RG08399323 |

**ATTACHMENT** *(Number):* 1d                Page _____ of _____

*(This Attachment may be used with any Judicial Council form.)*    (Add pages as required)

Technician: Nebes, Area of knowledge: made repair to the computer
Computerland
1680 W. Winton Ave#3
Hayward, CA 94545
Tel: 510- 780-0900
Fax: 510 780-0999

-------------------------------------------------------------------------------------

Technician: Co Soria,  Area of knowledge: made repair to the computer
Nexicore Services
3949 Heritage Oak CT
Simi Valley, CA 93063
1-800 730-4337

-------------------------------------------------------------------------------------

Technician: ALD,  Area of knowledge: made repair to the computer multiple times
Digital Depot Service Center
4800 Alliance Gateway Frw. Suite 130
Fort Worth, TX 76177
1-817-415-9300

-------------------------------------------------------------------------------------

Employees' names not known at this time for Emeryville location
  Area of knowledge: plaintiff went to the store requesting computer assistance multiple times
Circuit City Stores, Inc.
5795 Christie Ave.,
Emeryville, CA
(510) 655-2200

-------------------------------------------------------------------------------------

M. Marty, Customer Service Coordinator
Allen, Customer Service Representative
Area of knowledge: Plaintiff reported claims incidents to customer service representatives
Circuit City Stores, Inc.
5795 Christie Ave.,
Emeryville, CA
1-800-251-2665

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under
penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| MIMS V. CIRCUIT CITY STORES, INC. | RG08399323 |

**ATTACHMENT** *(Number):* 1e            Page _____ of _____

*(This Attachment may be used with any Judicial Council form.)*      *(Add pages as required)*

Plaintiff will supplement response to 1e, when more information becomes available.

Please note documents with (*) are attached to the complaint as Exhibits.

Exhibit A:  4, 5, 6

Exhibit B:  1,

Exhibit C:  2, 3, 7, 8

Documents described below are in the possession of individuals listed in attachment 1d. Plaintiff believes other documents pertaining to the lawsuit claims exist and are already in the possession of defendant Circuit City Stores, INC. Those documents will be identified when and if they become available, and the response to question 1e will be supplemented.

| Document description(s) | Date(s) |
| --- | --- |
| 1. *Circuit City Purchase Receipt #024005421021 | September 07, 2005 |
| 2. *Letter Requesting Refund | June 24, 2008 |
| 3. *Circuit City Letter in Response | July 01, 2008 |
| 4. *City Advantage Protection (policy contract & Toshiba Warranty) | September 07, 2005 |
| 5. *Policy contract Certificate | ---- |
| 6. *Updated or amended Policy contract | December 10, 2008 |
| 7. *Repair request form | June 10, 2008 |
| 8. *Nexicore Systems Repair worksheet | July 02, 2008 |
| 9.  Digital Depot Service Repair Request | July 23, 2007 |
| 10. Digital Depot Service Repair Request | August 30, 2007 |
| 11. Digital Depot Service Repair Request | September 17, 2007 |
| 12. Circuit City repair claim G9443001 | April 14, 2006 |
| 13. Circuit City repair clam G9443001 | April 24, 2006 |
| 14. Miscellaneous documents | September 2005 - current |

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

MC–025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIMS V. CIRCUIT CITY STORES, INC. | RG08399323 |

**ATTACHMENT** *(Number):* 1f

Page _____ of _____

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

Plaintiff will supplement response as information becomes available

Physical Evidence:

---

Physical Evidence: Computer parts used for attempted repair
Technician: Nebes
Computerland 1680 W. Winton Ave#3, Hayward, CA 94545, 510-780-0900, Fax: 510 780-0999

---

Physical Evidence:  Computer parts used for attempted repair
Technician: Co Soria
Nexicore Services, 3949 Heritage Oak CT, Simi Valley, CA 93063, 1-800 730-4337

---

Physical Evidence: Computer parts used for attempted repairs
Technician:  ALD
Digital Depot Service Center, 4800 Alliance Gateway Frw. Suite 130, Fort Worth, TX 76177
1-817-415-9300

---

Physical Evidence:  Computer Toshiba Satellite M45S265
In possession of Satchi Mims, P.O. Box 19304, Oakland, CA 94619, 510-530-6345

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT
# 3

*6647713*

1  PETER E. GLICK (SBN 127979)
   Attorney at Law
2  400 Capitol Mall, Suite 1100
   Sacramento, CA  95814
3  Telephone:  (916) 558-6182
   Fax:           (916) 448-2434
4

5  Attorneys for Defendant
   Circuit City Stores, Inc.
6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10                    LIMITED CIVIL CASE JURISDICTION

11

12  SATCHIDANANDA MIMS AKA          )  Case No.   RG08399323
    Satchi Mims,                    )
13                                  )
                                    )  ANSWER AND AFFIRMATIVE
14                                  )  DEFENSES OF CIRCUIT CITY
                                    )  STORES, INC. TO PLAINTIFF'S
15         Plaintiff,               )  COMPLAINT
                                    )
16                                  )
    v.                              )
17                                  )  ASSIGNED FOR ALL PURPOSES TO:
                                    )
18  CIRCUIT CITY STORES, INC., a    )
    Virginia corporation, and DOES 1 )  Hon. Cecilia P. Castellanos
19  through 5, inclusive,           )  Department 18
                                    )
20                                  )
         Defendants.                )
21                                  )  Complaint Filed: August 1, 2008
22

23

24        Defendant Circuit City Stores, Inc. ("Circuit City"), for itself and no other

25  defendant, states as follows for its Answer and Affirmative Defenses to Plaintiffs'

26  Complaint ("Complaint").

27                            <u>ANSWER</u>

28        1.    Circuit City denies, conjunctively and disjunctively, each and every

**FILED**
ALAMEDA COUNTY

SEP 0 8 2008

CLERK OF THE SUPERIOR COURT

By _____
              Deputy

**BY FAX**

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA  95814

ANSWER AND AFFIRMATIVE DEFENSES OF CIRCUIT CITY STORES, INC.                1

1  allegation set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Claim

2.      As and for a first separate, distinct and affirmative defense, Circuit City alleges that the Complaint fails to state a claim or claims upon which relief can be granted against Circuit City.

### SECOND AFFIRMATIVE DEFENSE

#### Statute of Limitations

3.      As and for a second separate, distinct and affirmative defense, Circuit City is informed and believes, and, on that basis, alleges that this action may be barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

#### Binding Arbitration

4.      As and for a third separate, distinct and affirmative defense, Circuit City alleges that all of the claims of Plaintiff are subject to binding arbitration and Circuit City, by answering this Complaint does not intend to waive the right to arbitration.

### FOURTH AFFIRMATIVE DEFENSE

#### Failure to Mitigate

5.      As and for a fourth separate, distinct and affirmative defense, Circuit City alleges that Plaintiff, failed to mitigate any damages Plaintiff alleges to have suffered, which damages, are denied.

### FIFTH AFFIRMATIVE DEFENSE

#### Good Faith/Reasonable Commercial Standards

6.      As and for a fifth separate, distinct and affirmative defense, Circuit City alleges that this action may be barred, in whole or in part, because any conduct or action of Circuit City was and is reasonable and lawful because

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA 95814

Plaintiff has not been injured and is not threatened with future loss or damage by
any conduct of Circuit City.

## SIXTH AFFIRMATIVE DEFENSE

### Estoppel

7.    As and for a sixth separate, distinct and affirmative defense, Circuit
City alleges that the Complaint is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### Waiver

8.    As and for a seventh separate, distinct and affirmative defense,
Circuit City alleges that the Complaint is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### Laches

9.    As and for an eighth separate, distinct and affirmative defense,
Circuit City alleges that the Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### Consent

10.    As and for a ninth separate, distinct and affirmative defense, Circuit
City alleges that by their conduct, actions and inactions, Plaintiff has consented to
and acquiesced in any of the alleged conduct of Circuit City.

## TENTH AFFIRMATIVE DEFENSE

### Contributory Negligence

11.    As and for a tenth separate, distinct and affirmative defense, Circuit
City alleges that any harm to Plaintiff, which harm Circuit City denies, was
caused as a result of the conduct or actions of Plaintiffs or others.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

12.    As and for an eleventh separate, distinct and affirmative defense,
Circuit City alleges that the Complaint is barred by the doctrine of unclean hands.

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA 95814

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA 95814

## TWELFTH AFFIRMATIVE DEFENSE
### Comparative Fault/Equitable Indemnity

13.    As and for a twelfth separate, distinct and affirmative defense, Circuit City alleges that it is entitled to have any monetary award, whether damages, restitution, or attorneys' fees and costs, reduced or eliminated by the comparative fault doctrine and principles of equitable or comparative indemnity. If Circuit City is found in some manner responsible to Plaintiff for any injury or damage alleged in the Complaint, any such injury or damage was proximately caused and contributed to by the negligence, fault, acts, or omissions of other individuals or entities for whose conduct Circuit City is not responsible. By reason of the foregoing, Circuit City is entitled to full or partial indemnity from such other individuals or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Assumption of the Risk

14.    As and for a thirteenth separate, distinct and affirmative defense, Circuit City alleges that the Complaint, and each and every purported cause of action contained therein, is barred in whole or in part, because Plaintiff voluntarily assumed the risk of the alleged conduct, events, and other matters complained of in the Complaint, and the damage or injury, if any, alleged in the Complaint was the proximate result of the risk assumed by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Statute of Frauds

15.    As and for a fourteenth separate, distinct and affirmative defense, Circuit City alleges that the Complaint, and each and every purported cause of action contained therein, is barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Limited Warranty

16.    As and for a fifteenth separate, distinct and affirmative defense,

Circuit City alleges that a written agreement between Plaintiff and Circuit City limits the remedies that may be obtained by plaintiff for any alleged breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Unreasonable Use of Goods

17.    As and for a sixteenth separate, distinct and affirmative defense, Circuit City is informed and believes and, on that basis, alleges that any defect or nonconformity of which the Plaintiff complains in this matter was proximately caused by the unauthorized or unreasonable use of the goods by the Plaintiff following sale and delivery of those goods by Circuit City to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Exclusion or Modification of Warranty

18.    As and for a seventeenth separate, distinct and affirmative defense, Circuit City alleges that the Complaint, and each and every purported cause of action contained therein, is barred in whole or in part, because a written agreement between Plaintiff and Circuit City clearly, conspicuously, and expressly limits and excludes any warranty of merchantability and fitness for particular purpose.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Virginia Law

19.    As and for an eighteenth separate, distinct and affirmative defense, Circuit City alleges that the claims and defenses raised in the Complaint and the affirmative defenses alleged herein are all governed by the laws of the Commonwealth of Virginia law pursuant to a written agreement between Plaintiff and Circuit City.

/ / /
/ / /
/ / /
/ / /

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA 95814

## NINETEENTH AFFIRMATIVE DEFENSE

### Reservation of Rights to Assert Additional Affirmative Defense

20.    As and for a nineteenth separate, distinct and affirmative defense, Circuit City reserves the right to assert such other and further affirmative defenses as may be appropriate through the course of the litigation.

WHEREFORE, Defendant CIRCUIT CITY STORES, INC. prays judgment against Plaintiff herein as follows:

1.    That Plaintiff takes nothing on their Complaint herein;

2.    That the Complaint be dismissed with prejudice;

3.    For costs of suit herein;

4.    For an award of its reasonable attorney's fees incurred herein; and,

5.    For such other and further relief as the Court deems just and proper.

Dated:        September 8, 2008.            **PETER E. GLICK**
                                            **Attorney at Law**


Peter E. Glick, Esq. (127979)
Attorneys for Defendant
CIRCUIT CITY STORES, INC.

Peter E. Glick
Attorney at Law
400 Capitol Mall, Ste. 1100
Sacramento, CA 95814

*Satchidananda Mims a.k.a. Satchi Mims v. Circuit City Stores, Inc.*
Alameda County Superior Court, Case No.: RG08399323

### PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Peter E. Glick, Attorney at Law, 400 Capitol Mall, Suite 1100, Sacramento, CA 95814. On September 8, 2008, I served the within documents:

ANSWER AND AFFIRMATIVE DEFENSES OF CIRCUIT CITY STORES, INC. TO PLAINTIFF'S COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by causing delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Satchidananda Mims a.k.a. Satchi Mims
P. O. Box 19304
Oakland, CA 94619

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 8, 2008, at Sacramento, California.

Roxane Balison-White
Roxane Balison-White

Peter E. Glick
Attorney at Law
400 Capitol Mall, Suite 1100
Sacramento, CA 95814

Proof of Service

# EXHIBIT

# 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                              : Chapter 11
                                    :
CIRCUIT CITY STORES, INC.,          : Case No. 08-35653
et al.,                             :
                                    : Jointly Administered
              Debtors.              :
- - - - - - - - - - - - - - x

### NOTICE OF DEADLINE
### FOR FILING PROOFS OF CLAIM

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS OF THE DEBTORS AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December 11, 2008, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing **January 30, 2009 at 5:00 p.m. (Pacific Time)** as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").[1] Except as described below, the Bar Date Order requires all Entities, as defined in section 101(15) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), including persons, estates, trusts and the United States trustee (but excluding governmental units), that have or assert any prepetition Claims (as defined herein) against any of the Debtors listed on page 4 below, to file a proof of claim so that such proof of claim is received on or before **5:00 p.m., Pacific Time,** on the General Bar Date at the following address if delivered by mail, hand delivery or overnight courier:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc. (6796), Sky Venture Corp. (0311), PRAHS, INC.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512). The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031. For all other Debtors, the address is 9950 Mayland Drive, Richmond, Virginia 23233.

**Circuit City Stores, Inc.**, **et al**.
**Claims Processing Dept.**
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA   90245**

**DO NOT FILE YOUR PROOF OF CLAIM WITH THE BANKRUPTCY COURT.**

The Debtors intend to file their Schedules of Assets and
Liabilities and Statements of Financial Affairs (the "Schedules
and Statements") with the Bankruptcy Court by December 30, 2008.
Copies of the Schedules and Statements can then be obtained at
www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.

### GOVERNMENTAL BAR DATE

In accordance with 11 U.S.C. § 502(b)(9), any Claims of
governmental units, as defined by 11 U.S.C. § 101(27),  against
any of the Debtors listed on page 4 below, must be filed and
served so that such proof of claim is received on or before **May 11,
2009 (the "Governmental Bar Date") at 5:00 p.m., Pacific Time**, at
the following address if delivered by mail, hand delivery or
overnight courier:

**Circuit City Stores, Inc.**, **et al**.
**Claims Processing Dept.**   ,
**Kurtzman Carson Consultants LLC**
**2335 Alaska Avenue**
**El Segundo, CA   90245**

### DEFINITION OF CLAIM

For purposes of this Bar Date Notice, "Claim" shall mean,
as to or against any of the Debtors listed on page 4 below: (1)
any right to payment, whether or not such right is reduced to
judgment, liquidated, unliquidated, fixed, contingent, matured,
unmatured, disputed, undisputed, legal, equitable, secured or
unsecured; or (2) any right to an equitable remedy for breach of
performance if such breach gives rise to a right to payment,
whether or not such right to an equitable remedy is reduced to
judgment, fixed, contingent, matured, unmatured, disputed,
undisputed, secured or unsecured.

### PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order, all Entities holding
Claims against the Debtors (whether secured, priority or unsecured)

2

change the Debtor against which a Claim has been scheduled, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim (the "Amended Schedule Bar Date").

Any Entity holding an interest in any Debtor (each an "Interest Holder"), which interest is based exclusively upon the current ownership of stock or other equity interest of any of the Debtors (an "Interest"), (an "Interest"), need not file a proof of Interest based solely on account of such Interest Holder's ownership interest in such Interest; **provided, however, that any Interest Holder (other than a governmental unit) who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the General Bar Date; provided, further, however, that any Interest Holder that is a governmental unit who wishes to assert a Claim against any of the Debtors based on any transaction in the Debtors' Interests, including but not limited to a Claim for damages or rescission based on the purchase or sale of the Interests, must file a proof of claim on or prior to the Governmental Bar Date.**

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS

Any Entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  All Entities must identify on their proof of claim the particular Debtor against which their Claim is asserted and the case number of that Debtor's bankruptcy case.  A proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors will be deemed filed against Circuit City Stores, Inc., Case No. 08-35653.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

**Any creditor that is required to file but fails to file a proof of claim for its Claim in accordance with the procedures set forth herein on or before the General Bar Date, the Governmental Bar Date, or such other date established hereby (as applicable) shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and unliquidated or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim") and (b) voting upon, or receiving distributions under, any plan or plans of**

reorganization in these chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.  If it is unclear from the Schedules and Statements whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the General Bar Date.  Any Entity that relies on the Schedules and Statements bears responsibility for determining that its Claim is accurately listed therein.

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (1) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification, Debtor or otherwise; or (2) subsequently designate any Claim as disputed, contingent or unliquidated.  Nothing set forth in this Notice shall preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

## TIME AND PLACE FOR FILING PROOFS OF CLAIM

A signed original of any proof of claim, substantially in the form annexed hereto, together with accompanying documentation, must be delivered so as to be received no later than 5:00 p.m., Pacific Time, on the General Bar Date, the Rejection Bar Date, the Governmental Bar Date or the Amended Schedule Bar Date, as applicable, depending upon the nature of the Claim, at the following address if delivered by mail, hand delivery or overnight courier:

> Circuit City Stores, Inc., et al.
> Claims Processing Dept.
> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA  90245

Any proof of claim submitted by facsimile or other electronic means will not be accepted and will not be deemed filed until such proof of claim is submitted by the method described in the foregoing sentence.  Proofs of claim will be deemed filed only when actually received at the address listed above.  If you wish to receive acknowledgment of the Debtors' receipt of your proof of claim, you must also submit a copy of your original proof of claim and a self-addressed, stamped envelope.

A creditor's proof of claim may be filed without the writings and/or documentation upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); provided, however, that, upon the request of the Debtors or any other party in interest in these cases, any such creditor will be required to transmit promptly such writings and/or documentation to the Debtors or the other party in interest, but in no event later than ten (10) days from the date of such request.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors in writing, through their counsel, at the address listed below. You may also contact Kurtzman Carson Consultants LLC, at (888)830-4650 between 9:00 a.m. and 5:00 p.m. Pacific Time. The claims registers for the Debtors will be available at the office of Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

Approved by the United States Bankruptcy Court for the Eastern District of Virginia on December 11, 2008.

Dated: December 12, 2008
Richmond, Virginia

SKADDEN, ARPS, SLATE,          McGUIREWOODS LLP
MEAGHER & FLOM, LLP            Dion W. Hayes (VSB No. 34304)
Gregg M. Galardi, Esq.        Douglas M. Foley (VSB
Ian S. Fredericks, Esq.       No. 34364)
P.O. Box 636                  One James Center
Wilmington, Delaware          901 E. Cary Street
19899-0636                    Richmond, Virginia 23219
                              (804) 775-1089

        -- and

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606

        Counsel for the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - -    X
In re:                                :   Chapter 11
                                      :
CIRCUIT CITY STORES, INC., et         :   Case No. 08-35653
al.,                                  :
                                      :   Jointly Administered
              Debtors.                :
- - - - - - - - - - - - - - -    X

### NOTICE OF COMMENCEMENT OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS AND FIXING OF CERTAIN DATES

On November 10, 2008, the above-captioned debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (the "Bankruptcy Code"). The Debtors, and their respective addresses, case numbers, and federal tax identification numbers are as follows:

| DEBTOR (Other names, if any, used by the Debtor in the last 6 years appear in brackets) | ADDRESS | CASE NO. | EID # |
|---|---|---|---|
| Circuit City Stores, Inc. [Circuit City℠] [firedog℠] | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35653 | 54-0493875 |
| Abbott Advertising Agency, Inc. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35665 | 54-1624659 |
| Circuit City Stores West Coast, Inc. | 9250 Sheridan Boulevard, Westminster, Colorado 80031 | 08-35654 | 95-4460785 |
| CC Distribution Company of Virginia, Inc. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35659 | 54-1712821 |
| Circuit City Properties, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35661 | 54-0793353 |
| Patapsco Designs, Inc. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35667 | 52-1086796 |
| Ventoux International, Inc. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35656 | 20-1071838 |
| Sky Venture Corp. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35668 | 54-1760311 |
| PRAHS, INC. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35670 | N/A |

| XSStuff, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35669 | 54-2029363 |
| Kinzer Technology, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35663 | 54-2022157 |
| Circuit City Purchasing Company, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35657 | 20-0995370 |
| Orbyx Electronics, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35662 | 20-1303360 |
| InterTAN, Inc. | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35655 | 75-2380296 |
| CC Aviation, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35658 | 20-5290841 |
| Courchevel, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35664 | N/A |
| Circuit City Stores PR, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35660 | 66-0695512 |
| Mayland MN, LLC | 9950 Mayland Drive, Richmond, Virginia 23233 | 08-35666 | 20-0896116 |

JOINT ADMINISTRATION OF CASES. Upon a motion by the Debtors, the
Bankruptcy Court entered an order on November 10, 2008 (Docket No. 77)
authorizing the joint administration of the above-cases pursuant to
Federal Rule of Bankruptcy Procedure 1015 and consolidating the cases
for procedural purposes only under Case No. 08-35653 and directing
that the joint caption of the cases read In re: Circuit City Stores,
Inc., et al.

DATE, TIME AND LOCATION OF MEETING OF CREDITORS. January 9, 2009 at
10:00 a.m. Eastern Time, Office of the United States Trustee, 701 E.
Broad Street, Suite 4300, Richmond, Virginia 23219.

DEADLINE TO FILE A PROOF OF CLAIM. On December 11, 2008, the
Bankruptcy Court entered an Order Pursuant to Bankruptcy Code Sections
105 and 502 and Bankruptcy Rules 2002, 3003(c)(3), and 9007 (I)
Setting General Bar Date and Procedures for Filing Proofs of Claim;
and (II) Approving Form and Manner of Notice Thereof (Docket No. 890)
(the "Bar Date Order"). The Bar Date Order establishes **January 30,
2009 at 5:00 p.m. (Pacific Time)** as the last date for non-governmental
creditors to file proofs of claim in these bankruptcy cases, and **May
11, 2009 at 5:00 p.m. (Pacific Time)** as the last date for governmental
units to file proofs of claim in these cases. **In accordance with the
Bar Date Order, the notice of bar dates (the "Bar Date Notice") will
be mailed separately.** The Bar Date Notice will contain information
regarding the bar dates, a proof of claim form and instructions for

2

completing and filing a proof of claim form with the Debtors' claims
and noticing agent, Kurtzman Carson Consultants LLC. **Do not file
proofs of claim with the Bankruptcy Court.**

COUNSEL FOR THE DEBTORS. Gregg M. Galardi, Esq., Ian S. Fredericks,
Esq., Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O.
Box 636, Wilmington, Delaware 19899, and Dion W. Hayes, Esq., Douglas
M. Foley, Esq., McGuireWoods LLP, One James Center, 901 E. Cary Street,
Richmond, Virginia 23219.

COMMENCEMENT OF CASES.  Petitions for reorganization under chapter 11
of the Bankruptcy Code have been filed in this Court by the Debtors
listed above, and orders for relief have been entered.  You will not
receive notice of all documents filed in these cases.  Paper copies of
all pleadings or other documents filed in these cases may be obtained
by sending a written request to the Bankruptcy Court's copy service,
Creative Assistant, 600 Granby Street, Suite 400, Norfolk, VA 23510,
or by calling (757) 624-9990. Also, documents may be viewed
electronically at www.vaeb.uscourts.gov or www.kccllc.net/circuitcity.
Additionally, these cases have been designated as cases assigned to
the electronic case filing system.  For details, see the enclosed
Notice of Electronic Filing Procedure.

PURPOSE OF CHAPTER 11 FILING.  Chapter 11 of the Bankruptcy Code
enables a debtor to reorganize pursuant to a plan.  A plan is not
effective unless approved by the Bankruptcy Court at a confirmation
hearing.  Creditors will be given notice concerning any plan, or in
the event any of these cases is dismissed or converted to another
chapter of the Bankruptcy Code.  The Debtors will remain in possession
of their property and will continue to operate any business unless a
trustee is appointed.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  A creditor is anyone to whom
a debtor owes money or property.  Under the Bankruptcy Code, a debtor
is granted certain protection against creditors.  Common examples of
prohibited actions by creditors are contacting a debtor to demand
repayment, taking action against a debtor to collect money owed to
creditors or to take property of a debtor, and starting or continuing
foreclosure actions or repossessions.  If unauthorized actions are
taken by a creditor against a debtor, the Court may penalize that
creditor.  A creditor who is considering taking action against a
debtor or the property of a debtor should review section 362 of the
Bankruptcy Code and may wish to seek legal advice. **The staff of the
Clerk of the Bankruptcy Court is not permitted to give legal advice**.

MEETING OF CREDITORS.  The Debtors' representative, as specified in
Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules"), is required to appear at the meeting of creditors
on the date and at the place set forth above for the purpose of being
examined under oath. **ATTENDANCE BY CREDITORS AT THE MEETING IS
WELCOMED, BUT NOT REQUIRED.**  At the meeting, creditors may examine the
Debtors and transact such other business as may properly come before

the meeting.  The meeting may be continued or adjourned from time to
time by notice at the meeting, without further written notice to the
creditors.

CLAIMS.  Schedules of creditors will be filed pursuant to Bankruptcy
Rule 1007.  Any creditor holding a scheduled claim which is not listed
as disputed, contingent, or unliquidated as to amount may, but is not
required to, file a proof of claim in these cases.  Creditors whose
claims are not scheduled or whose claims are listed as disputed,
contingent, or unliquidated as to amount and who desire to participate
in the cases or share in any distribution must file their proofs of
claim.  A creditor who desires to rely on the schedule of creditors
has the responsibility for determining that the claim is listed
accurately.  **Separate notice of the deadlines to file proofs of claim
and proof of claim forms will be provided to the Debtors' known
creditors.**  Proof of claim forms also are available in the clerk's
office of any bankruptcy court.  Proof of claim forms also are
available from the Court's web site at www.vaeb.uscourts.gov.
Kurtzman Carson Consultants LLC ("KCC") is the claims agent in these
cases and can provide a proof of claim form if you cannot obtain one
from your local bankruptcy court.  KCC can be reached as follows:

> Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245
> Telephone: (888) 830-4650
> www.kccllc.net/circuitcity

DISCHARGE OF DEBTS AND DEADLINE TO FILE A COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CERTAIN DEBTS.  Confirmation of a chapter 11 plan
may result in a discharge of debts, which may include all or part of
your debt.  See Bankruptcy Code § 1141(d).  A discharge means that you
may never try to collect the debt from the debtor, except as provided
in the plan.  If you believe that a debt owed to you is not
dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a
lawsuit by filing a complaint in the Bankruptcy Court by **March 9, 2009**.
The bankruptcy clerk's office must receive the complaint and any
required filing fee by such deadline.

CREDITOR WITH A FOREIGN ADDRESS. Consult a lawyer familiar with United
States bankruptcy law if you have any questions regarding your rights.

LOCAL RULE DISMISSAL WARNING. Cases may be dismissed for failure to
timely file lists, schedules and statements or attend the meeting of
creditors (Local Bankruptcy Rules 1007-1 and 2003-1).

Dated:  December 12, 2008         WILLIAM C. REDDEN, CLERK OF COURT
                                  United States Bankruptcy Court
                                  701 E. Broad Street, Suite 4000
                                  Richmond, Virginia 23219