Gregg M. Galardi, Esq.          Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.         Douglas M. Foley (VSB No. 34364)
SKADDEN, SLATE, MEAGHER & FLOM, MCGUIREWOODS LLP
LLP                             One James Center
One Rodney Square               901 E. Cary Street
PO Box 636                      Richmond, Virginia 23219
Wilmington, Delaware 19899-0636 (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                       :   Chapter 11
                             :
CIRCUIT CITY STORES, INC.,   :   Case No. 08-35653 (KRH)
et al.,                      :
                             :
            Debtors.         :   Jointly Administered
- - - - - - - - - - - - - - x

**THIRD INTERIM FEE APPLICATION OF SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE
DEBTORS FOR THE PERIOD FROM MAY 1, 2009 THROUGH AND
INCLUDING JULY 31, 2009**

Name of Applicant: Skadden, Arps, Slate, Meagher & Flom
LLP

Authorized to provide professional services to: Circuit
City Stores, Inc., et al.

Date of retention: effective November 10, 2008

Period for which compensation and reimbursement are sought: May 1, 2009 through and including July 31, 2009

Amount of compensation sought as actual, reasonable, and necessary: $1,766,486

Amount of expense reimbursement sought as actual, reasonable, and necessary: $80,963

This is a/an: ___ monthly  X  interim ___ final application.

The Application does not request compensation at this time for services rendered in preparing this Application.  The Applicant intends to seek such compensation at a later date.

**COMPENSATION BY PROFESSIONAL PERSON**
**SKADDEN, ARPS SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2009 – JULY 31, 2009**

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|------|-------------------|------|-------|--------|
| **PARTNER** | | | | |
| Chris L. Dickerson | 1998 | $825 | 110.3 | $91,044 |
| John P. Furfaro | 1980 | $945 | 12.2 | $11,529 |
| Gregg M. Galardi | 1990 | $945 | 125.8 | $118,887 |
| David F. Levy | 1995 | $775 | 26.3 | $20,383 |
| Maxwell M. Miller | 1988 | $945 | 8.8 | $8,316 |
| | | | | |
| **TOTAL PARTNER** | | | 283.4 | $250,159 |
| **COUNSEL** | | | | |
| Scott Brown | 1997 | $760 | 70.7 | $53,732 |
| | | | | |
| **TOTAL COUNSEL** | | | 70.7 | $53,732 |
| **ASSOCIATE** | | | | |
| Sarah K. Baker | 2006 | $495 | 586.4 | $13,014 |
| Michelle L. Brunsvold | 2005 | $540 | 24.1 | $3,564 |
| David Conway | 1996 | $680 | 58.5 | $39,780 |
| Sarah S. Dale | 2007 | $460 | 9.6 | $4,416 |
| Folarin S. Dosunmu | 2004 | $595 | 317.4 | $188,854 |
| Mark G. Eskenazi | 2008 | $395 | 22 | $8,690 |
| Ian S. Fredericks | 2003 | $595 | 403.2 | $239,910 |
| Kellan Grant | 2000 | $625 | 34 | $21,252 |
| Jennifer A. Karpe | 2008 | $395 | 45 | $17,251 |
| Christine W. Kim | 2009 | $395 | 31.1 | $12,286 |
| Jessica S. Kumar | 2007 | $460 | 320.8 | $147,591 |
| Kelly A. Lazaroff | 2008 | $395 | 321.2 | $126,878 |
| Jason M. Liberi | 2003 | $625 | 326.9 | $204,316 |
| Jason P. Nance | 2006 | $495 | 6.2 | $3,069 |
| Sarah E. Ralph | 2003 | $460 | 25.4 | $11,684 |
| Risa M. Salins | 2001 | $680 | 95.1 | $64,668 |
| Christine M. Schneible | 2006 | $495 | 27.5 | $13,638 |
| | | | | |
| **TOTAL ASSOCIATE** | | | 2654.5 | $1,120,861 |

i

| NAME | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARAPROFESSIONALS** | | | | |
| Christopher M. Heaney | | $295 | 119.9 | $35,373 |
| Wendy K. LaManna | | $295 | 49.6 | $14,634 |
| Philip M. Foust | | $170 | 29.5 | $5,015 |
| | **TOTAL PARAPROFESSIONALS** | | 199.0 | $55,226 |
| | **TOTAL** | | **3207.65** | **$1,766,486** |
| | | **BLENDED HOURLY RATE** | | **$551** |

**COMPENSATION BY PROJECT CATEGORY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2009 – JULY 31, 2009**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Corporate Advice | 8.8 | $7,189 |
| Asset Analysis and Recovery | 29.6 | $25,628 |
| Assets Dispositions (General) | 387.9 | $231,261 |
| Asset Dispositions (Real Property) | 62.1 | $36,243 |
| Automatic Stay (Relief Action) | 11.8 | $5,833 |
| Business Operations / Strategic Planning | 24.7 | $11,362 |
| Case Administration | 233.8 | $99,373 |
| Claims Admin (General) | 787.6 | $417,001 |
| Credit Card Agreements | 4.2 | $2,480 |
| Creditor Meetings / Statutory Committees | 24 | $19,632 |
| Disclosure Statement / Voting Issues | 67.6 | $33,892 |
| Employee Matters (General) | 219.5 | $138,994 |
| Executory Contracts (Personalty) | 17.6 | $8,700 |
| Insurance | 16 | $8,151 |
| Intellectual Property | .2 | $189 |
| Leases (Real Property) | 539.45 | $268,781 |
| Liquidation/Feasibility | 2.9 | $1,726 |
| Litigation (General) | 183.9 | $111,024 |
| Nonworking Travel Time*  *Billed at 50%. | 71.9 | $48,237 |

iii

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Regulatory and SEC Matters | .2 | $189 |
| Reorganization Plan / Plan Sponsors | 209.6 | $137,487 |
| Retention / Fee Matters (SASM&F) | 41.5 | $20,983 |
| Retention /Fee Matters / Objections (Others) | 13.4 | $4,958 |
| Secured Claims | 40.7 | $20,147 |
| Tax Matters | 10.1 | $9,065 |
| Utilities | 162.8 | $80,587 |
| Vendors Matters | 35.8 | $17,374 |
| **TOTAL** | **3207.65** | **$1,766,486** |

**EXPENSE SUMMARY**
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
**MAY 1, 2009 – JULY 31, 2009**

| Expense Category | Total Expenses |
|---|---:|
| Computer Legal Research | $42,511 |
| Telecommunications | $1,448 |
| Reproduction and Document Preparation | $3,568 |
| Outside Research | $2,170 |
| Travel | $28,971 |
| Courier, Express Carriers (e.g., Federal Express) and Postage | $2,439 |
| Electronic Document Management | $380 |
| Court reporting | $3,339 |
| Overtime | $7 |
| **TOTAL** | **$85,163** |

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, SLATE, MEAGHER & FLOM,       MCGUIREWOODS LLP
LLP                                   One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

            - and -

Chris L. Dickerson, Esq.
SKADDEN, SLATE, MEAGHER & FLOM,
LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Counsel to the Debtors and
Debtors in Possession

            IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                    RICHMOND DIVISION

- - - - - - - - - - - - - - x
In re:                      : Chapter 11
                            :
CIRCUIT CITY STORES, INC.,  : Case No. 08-35653 (KRH)
et al.,                     :
                            :
            Debtors.        : Jointly Administered
                            :
- - - - - - - - - - - - - - x

**THIRD INTERIM APPLICATION OF SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
MAY 1, 2009 THROUGH AND INCLUDING JULY 31, 2009**

Skadden, Arps, Slate, Meagher & Flom LLP and

its affiliated law offices (collectively, "Skadden,

Arps"), counsel for the debtors and debtors in

possession in the above-captioned cases (collectively,

M

the "Debtors"),[1] submit this application seeking

allowance of interim compensation and reimbursement of

expenses under sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code") for the

period from May 1, 2009 through and including July 31,

2009, and represent as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider

this Motion under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of

these cases and this Motion in this district is proper

under 28 U.S.C. §§ 1408 and 1409.

---

[1]   The Debtors are the following entities: The Debtors and the last
four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City
Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux
International, Inc. (1838), Circuit City Purchasing Company, LLC
(5170), CC Aviation, LLC (0841), CC Distribution Company of
Virginia, Inc. (2821), Circuit City Properties, LLC (3353),
Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc.
(4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311),
Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116),
Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit
City Stores PR, LLC (5512).  The address for Circuit City Stores
West Coast, Inc. is 9250 Sheridan Boulevard, Westminster,
Colorado 80031.  For all other Debtors, the address was 9950
Mayland Drive, Richmond, Virginia 23233 and currently is 4951
Lake Brook Drive, Glen Allen, VA 23060.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

### BACKGROUND

1.    On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

3.    On January 16, 2009, the Court authorized the Debtors, among other things, to conduct going out of business sales at the Debtors' remaining 567 stores pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of business sales pursuant to the Agency Agreement at the Debtors' remaining stores.  The going out of business sales concluded on or about March 8, 2009.

### RETENTION OF SKADDEN, ARPS

4.    On November 20, 2008, the Debtors applied to the Court for an order authorizing them to retain Skadden, Arps pursuant to an engagement agreement dated September 1, 2008 (the "Engagement Agreement") as their

bankruptcy counsel, effective as of the Petition Date,

to provide the following professional services:

(a)  advising the Debtors with respect to
their powers and duties as debtors and debtors
in possession in the continued management and
operation of their businesses and properties;

(b)  attending meetings and negotiating with
representatives of creditors and other parties
in interest and advising and consulting on the
conduct of the cases, including all of the
legal and Interim Compensation requirements of
operating in chapter 11;

(c)  taking all necessary action to protect
and preserve the Debtors' estates, including
the prosecution of actions on behalf of the
Debtors' estates, the defense of any actions
commenced against those estates, negotiations
concerning litigation in which the Debtors may
be involved and objections to claims filed
against the estates;

(d)  preparing, on behalf of the Debtors,
motions, applications, answers, orders,
reports, and papers necessary to the
administration of the estates;

(e)  preparing and negotiating on the Debtors'
behalf plan(s) of reorganization, disclosure
statement(s), and all related agreements
and/or documents and taking any necessary
action on behalf of the Debtors to obtain
confirmation of such plan(s);

(f)  advising the Debtors in connection with
any sale of assets;

(g)  performing other necessary legal services
and providing other necessary legal advice to

the Debtors in connection with these chapter 11 cases; and

(h)  appearing before this Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before such courts and the United States Trustee.[2]

5.   On December 8, 2008, the Court entered an order (the "Retention Order") authorizing the Debtors to employ Skadden, Arps as their counsel effective as of the Petition Date pursuant to the terms of the Engagement Agreement.  A copy of the Retention Order is attached hereto as <u>Exhibit A</u>.

**INTERIM COMPENSATION**

6.   On December 9, 2008, the Court entered an Order Under Bankruptcy Code Sections 105(a) and 331 Establishing Procedures for Interim Compensation (the "Interim Compensation Order").  A copy of the Interim Compensation Order is attached hereto as <u>Exhibit B</u>.

7.   Pursuant to the terms of the Interim Compensation Order, if no objection is filed to a

---

[2]   Information concerning the experience and standing at the bar of Skadden's senior attorneys on this engagement are described in the application and related materials filed by Skadden in support of its retention in these cases (the "Retention Application") (D.I. 287), which is incorporated herein by reference.

monthly fee application within twenty (20) days of the
date of filing of that application, then the respective
professionals may be paid eighty-five percent (85%) of
the fees and one hundred percent (100%) of the expenses
set forth in the applicable monthly fee application.

        8.    Every three (3) months beginning with the
three-month period ending on January 31, 2009, all
professionals, including Skadden, Arps, are required to
file interim fee applications for the prior three-month
period.  Thereafter, this Court schedules a hearing to
consider such interim fee applications, including,
payment of the 15% "holdback".

        9.    Pursuant to the Interim Compensation
Order, Skadden, Arps has served each Monthly Fee Request,
including time and expense detail on (i) Circuit City
Stores, Inc., (ii) McGuireWoods LLP, (iii) the Office of
the United States Trustee, and (iv) Pachulski Stang
Ziehl & Jones LLP for each of the months in the
Application Period (collectively, the "Notice Parties").

        10.   On June 8, 2009, Skadden, Arps served its
Monthly Fee Request in the amount of $616,477,
consisting of $590,273 for professional fees and $22,204

for expenses relating to the period from May 1, 2009
through and including May 31, 2009.  Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee request.  The
20 day period for objections expired on June 28, 2009
without any objections, at which time Skadden, Arps was
entitled to payment of 85% of the requested professional
fees and 100% of requested expenses, in the aggregate
amount of $523,936.

11.   On August 14, 2009, Skadden, Arps served
its Monthly Fee Request in the amount of $615,168,
consisting of $580,005 for professional fees and $35,164
for expenses relating to the period from June 1, 2009
through and including June 30, 2009.  Pursuant to the
Interim Compensation Order, the Notice Parties had
twenty days to object to such Monthly Fee request.  The
20 day period for objections expired on September 3,
2009 without any objections, at which time Skadden, Arps
was paid 85% of the requested professional fees and 100%
of requested expenses, in the aggregate amount of
$528,168.

12.    On September 8, 2009, Skadden, Arps
served its Monthly Fee Request in the amount of $620,007,
consisting of $596,412 for professional fees and $23,595
for expenses relating to the period from April 1, 2009
through and including July 31, 2009.  Pursuant to the
Interim Compensation Order, the Notice Parties have
twenty days to object to such Monthly Fee request.  The
20 day period for objections expires on September 28,
2009, at which time, assuming no objections, Skadden,
Arps will be paid 85% of the requested professional fees
and 100% of requested expenses, in the aggregate amount
of $530,545.

13.    Pursuant to the Interim Compensation
Order, Skadden, Arps is filing this interim fee
application (the "Application") for compensation for
professional services rendered and reimbursement of
disbursements made in these cases during the Application
Period.

**RELIEF REQUESTED**

14.    By this Application, Skadden, Arps
requests approval and payment of interim compensation
and reimbursement of expenses pursuant to Bankruptcy

Code sections 330 and 331 for the period from May 1,
2009 through and including July 31, 2009 (the
"Application Period").

15.   Pursuant to the Interim Compensation
Order, Skadden, Arps is filing the attached fee
statements (the "Statements") for compensation for
professional services rendered and reimbursement of
disbursements made in these cases during the Application
Period.   Copies of the Statements are attached hereto as
Exhibit C.

16.   At this time, Skadden, Arps is seeking
allowance of compensation equal to $1,766.498 in fees
for professional services rendered by Skadden, Arps
during the Application Period as counsel to the Debtors
in these chapter 11 cases.   This amount is derived
solely from the applicable hourly billing rates of the
firm's personnel who rendered such services to the
Debtors.   Of this amount, Skadden, Arps has already been
paid $1,501,686, eighty-five percent (85%) of fees
billed during the Application Period pursuant to the
Interim Compensation Order.   Accordingly, through this
Application, Skadden, Arps requests payment of $265,004,

representing the aggregate fifteen percent (15%) hold-back of fees billed for the Application Period.

17.   Skadden, Arps also requests allowance of reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period, equal to $80,963.

18.   The fees and disbursements sought through this Application Period reflect total client accommodations of $136,769.[3]  In the event that any objections to this Application are filed, Skadden, Arps reserves the right to seek payment for all or any part of the client accommodations.

19.   This Application is made without prejudice to the firm's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Interim Compensation Order.

---

[3]   Upon preparation of this Application, Skadden, Arps made an additional expense accommodation in the amount of $204.  This amount will be credited to the Debtors' August bill. Additionally, Skadden, Arps discovered that the amount of expenses for the month of June was understated by $200.  This amount will be added to the Debtors' August bill.

20.   Skadden, Arps has received no promise of payment for professional services rendered or to be rendered in these cases other than in accordance with the provisions of the Bankruptcy Code.

**BASIS FOR RELIEF**

21.   It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during the Application Period.  Thus, this Application highlights the most significant services performed by Skadden, Arps for the Debtors during the Application Period and the attached time records contain the detail of each task performed.

22.   Skadden, Arps submits that the legal services and advice that it rendered to the Debtors in connection with their chapter 11 cases during the Application Period were necessary and beneficial to the Debtors, their creditors, and their estates.

23.   During the Application Period, attorneys and paraprofessionals of Skadden, Arps devoted a total of 3208.45 hours to representation of the Debtors in their chapter 11 cases.  Of the aggregate time expended,

283.45 hours were spent by partners, 70.7 hours were spent by counsel, 2654.5 hours were spent by associates and 199.0 hours were spent by paraprofessionals. Schedules showing the name and position of each such partner, counsel, associate, and paraprofessional, hours worked during the Application Period, and hourly billing rate are provided at the front of this Application. Exhibit D provides the detail by matter of the time billed for such services.

24.   Skadden, Arps' attorneys, paraprofessionals, and support staff billed their services in this case to numerous matters corresponding to particular activities in the case.  Set forth on Exhibit E attached hereto are the detailed expense charges incurred during the Application Period by matter number.

### DESCRIPTION OF SERVICES RENDERED

25.   The following description of Skadden, Arps' services is a summary of the matters that occupied substantial amounts of attorney time during the Application Period.

I.   **MATTERS OVER $200,000**

        26.   During the Application Period, Skadden,
Arps professionals devoted significant time to key
matters, the time value of which exceeds $200,000 for
such matters.   These matters are as follows:

   A.   **Claims Administration
        (Amount Sought: $417,001)**

        27.   During the Application Period, Skadden,
Arps professionals worked closely with the Debtors to
review and reconcile thousands of claims.   As part of
this process, Skadden, Arps professionals continued the
process of objecting to and settling claims.   In
particular, Skadden, Arps assisted the Debtors in
reviewing claims to determine there validity, conducted
research related to such claims, and drafted and
prosecuted numerous claim objections.   Furthermore,
Skadden, Arps responded, informally and formally, to
dozens of motions requesting payment of administrative
expenses.

        28.   Additionally, to help streamline the
claims reconciliation process, as well as efficiently
resolve the Debtors' claims against third parties,

Skadden, Arps drafted and negotiated the terms of a consensual motion to approve settlement procedures. Prior to and following approval of such procedures, Skadden, Arps professionals worked diligently to resolve many of these claims rather than engage in costly and uncertain litigation.  As part of this process, Skadden, Arps professionals also worked closely with the Debtors to reconcile accounts and perform preference analyses necessary to such negotiations.  Ultimately, Skadden, Arps professionals drafted numerous stipulations and 9019 motions for court-approval of these various claims settlements.

29.   Finally, professionals at Skadden, Arps also fielded hundreds of inquiries from creditors with various questions related to their claims, the Debtors' objections and their responses to the same.

30.   In all, during the Application Period, Skadden, Arps professionals devoted a total of 787.6 hours to claims administration matters for which compensation is sought, with a total time value of $417,001.

**B.   Leases (Real Property)**
    **(Amount Sought: $268,781)**

31.   During the Application Period, Skadden,
Arps facilitated the disposition of eight pieces of real
property and five leases including the drafting of
motions and sale orders to accomplish such dispositions.

32.   Skadden, Arps professionals also objected
to and entered into dozens of agreements to resolve
administrative expense motions filed by many of the
Debtors' ex-landlords.  Moreover, Skadden, Arps
professionals also devoted substantial time to
negotiating with the Debtors' landlords and reconciling
various outstanding lease obligations, which avoided the
filing of formal motions and administrative expense
requests with the Court.

33.   Finally, Skadden, Arps secured the
dismissal of the stub rent appeal, which resulted in
substantial cost savings for the Debtors' and their
estates.

34.   During the Application Period, Skadden,
Arps professionals devoted a total of 539.45 hours to

15

real property lease matters for which compensation is
sought, with a total time value of $268,781.

###   C.   Asset Dispositions (General)
####      (Amount Sought: $231,261)

35.   Disposing of the Debtors' numerous
classes of assets was another primary task Skadden, Arps
addressed during the Application Period.  Having
previously negotiated and obtained approval of the
disposition of their remaining inventory pursuant to an
agency agreement, Skadden, Arps professionals addressed
issues related to the sale of the Debtors' remaining
intellectual property.  Skadden, Arps professionals
spent the significant time negotiating with parties for
the sale of the Debtors' intellectual property assets,
including preparing relevant transaction documents and
two motions to sell the Debtors' intellectual property.

36.   With respect to the Debtors' primary
intellectual property assets, Skadden, Arps advised the
Debtors in evaluating bids, negotiated a stalking horse
agreement and filed and obtained approval of bidding
procedures.  As part of this process, Skadden, Arps
engaged in extensive discussions with prospective

purchasers, attorney generals from all fifty states and
the court-appointed Consumer Privacy Ombudsman
concerning personally identifiable information and other
privacy and deceptive trade practice concerns.  As a
result, Skadden, Arps was able to secure agreements with
successful bidder and the approval of sales without any
formal objections being filed.

37.  During the Application Period, Skadden,
Arps professionals devoted a total of 387.9 hours to
general asset disposition matters for which compensation
is sought, with a total time value of $231,261.

**II.  MATTERS OVER $100,000**

38.  During the Application Period, Skadden,
Arps professionals devoted time to certain other matters,
the time value of which exceeds $100,000 for each.
These matters are as follows:

**A.   Employee Matters
(Amount Sought: $138,994)**

39.  During the Application Period, the
Debtors faced the continuing need to address issues
related to, among other employee matters, the winddown
incentive plan, compliance with the federal WARN Act and

other state WARN laws and litigation related thereto,
employee benefits including pension, COBRA and
unemployment insurance requirements, and inquiries from
ex-employees.

40.   As the Debtors liquidation progressed,
Skadden, Arps advised the Debtors with respect to issues
under the winddown incentive plan.  In particular,
Skadden, Arps assisted the Debtors in evaluating whether
tasks were completed and to whom incentive payments
should be made.

41.   As the WARN Act class action and
individual terminated employee litigation against the
Debtors progressed, Skadden, Arps professionals devoted
significant time to litigation strategy and researching
and briefing the related legal issues raised in the WARN
complaint.

42.   Finally Skadden, Arps professionals
provided analyses and advice regarding COBRA obligations,
vacation payment obligations, pension benefits, medical
plan, severance issues, unemployment insurance
requirements and other employee compensation and
benefits matters.

43.    During the Application Period, 219.5
hours were spent on such employee matters for which
compensation is sought, with a time value of $138,994.

**B.    Liquidation Plan**
**(Amount Sought: $137,487)**

44.    Upon completing the disposition of the
majority of the Debtors' assets, Skadden, Arps
professionals drafted the Debtors plan of liquidation
and associated documents and pleadings.  This task
involved working closely with the Debtors, their
advisors, with the plan's co-proponents and the
Creditors' Committee so that the plan and disclosure
statement filed would be acceptable to all parties in
interest and maximize the value obtained by the Debtors
and their estates.

45.    During the Application Period, Skadden,
Arps professionals devoted a total of 209.6 hours to
preparing a plan of liquidation for which compensation
is sought, with a total time value of $137,487.

**C.    Litigation**
**(Amount Sought: $111,024)**

46.    During the Application Period, Skadden,
Arps assisted the Debtors with many matters related to

pending and potential litigation.  In particular,
Skadden, Arps investigated bankruptcy avoidance actions
against various parties in interest, as well as general
breach of contract actions.

47.   During the Application Period, Skadden,
Arps professionals devoted a total of 183.9 hours to
matters pertaining to litigation initiated against and
on behalf of the Debtors for which compensation is
sought, with a total time value of $111,024.

**III. MATTERS OVER $50,000**

48.   During the Application Period, Skadden,
Arps professionals devoted time to certain other matters,
the time value of which exceeds $50,000 for each.  These
matters are as follows:

**A.    Case Administration
     (Amount Sought: $99,373)**

49.   During the Application Period, Skadden,
Arps worked with the Debtors' management and other
professionals to address the winddown of the Debtors'
business operations.

50.   Skadden, Arps professionals also
coordinated among themselves and the Debtors other

professionals to ensure the most efficient

administration of the Debtors' chapter 11 cases

regarding.  Among other things, this included

prioritizing matters, reviewing pleadings filed by

parties in interest, drafting of motions and objections,

preparing for and attending hearings, and other general

case related matters.

51.  Finally, Skadden, Arps professionals

responded to various inquiries of parties in interest

concerning various case related matters.

52.  During the Application Period, Skadden,

Arps professionals devoted a total of 233.8 hours to

case administration for which compensation is sought,

with a total time value of $99,373.

**B.    Utilities
        (Amount Sought: $80,587)**

53.  During the Application Period,

professionals at Skadden, Arps worked with the Debtors

to reconcile utility deposits and utility demands for

payment from the utility blocked account, as well as

claims against various utility bonds.  In particular,

Skadden, Arps worked with the Debtors and the third

party vendor that administers the Debtors' utility
accounts to ensure that utility services had been
terminated and responsibility for the accounts was
transitioned to various landlords and other responsible
parties.  As part of this process, Skadden, Arps
assisted the Debtors in obtaining the return of utility
security deposits and worked with Bank of America to
address blocked account payment requests.  Additionally,
Skadden, Arps worked with Safeco Insurance Company, the
obligor under the Debtors' utility bonds, to reconcile
bond claims, and the Debtors and Safeco negotiated a
procedure to terminate such bonds and provide for the
return of collateral securing such bonds.

54.   Professionals at Skadden, Arps spent
162.8 hours working on utilities matters, with a total
time value of $80,587.

**IV.  MATTERS OVER $10,000**

55.   During the Application Period, Skadden,
Arps professionals devoted time to certain other matters,
the time value of which exceeds $10,000 for each matter.
These matters are as follows:

**A.    Non-Working Travel Time**
**(Amount Sought: $48,237)**

56.    Skadden, Arps professionals were required
to attend numerous hearings, meetings with the
Creditors' Committee and auctions.  Skadden, Arps
professionals also frequently traveled to the Debtors'
corporate headquarters to conduct meetings and review
issues concerning the Debtors' chapter 11 cases with
management personnel and other professionals.

57.    Non-working travel time constituted 71.9
hours of time spent by Skadden, Arps for which
compensation is sought, with a time value of $48,237,
representing fifty percent (50%) of the total time value.

**B.    Asset Dispositions (Real Property)**
**(Amount Sought: $36,243)**

58.    As mentioned above, Skadden, Arps helped
the Debtors dispose of eight parcels of owned real
property and five leases during the Application Period.
Doing so required drafting bidding and auction
procedures, negotiation with landlords and subtenants to
resolve objections to both the sale procedures and the
ultimate sale and assignments, reconciling cure amounts
under the leases, and drafting various documents to

effectuate the sale and assignment of the properties and leases.  Ultimately, Skadden, Arps assisted the Debtors in obtaining approval of the each of these sales and assignments.

59.   During the Application Period, 62.1 hours were spent on these issues for which compensation is sought, with a total time value of $36,243.

## C.   Disclosure Statement/Voting Issues (Amount Sought: $36,243)

60.   During the Application Period, Skadden, Arps professionals drafted the Debtors' disclosure statement.  In doing so, Skadden, Arps professionals conducted a thorough review of the Debtors' businesses, the progress of the Debtors' chapter 11 cases and the value of the Debtors' estates.

61.   In addition, Skadden, Arps also began drafting a motion and procedures for the solicitation of votes on the Debtors' liquidation plan.

62.   Skadden, Arps professionals spent a total of 146.7 hours preparing the Debtors' disclosure statement and solicitation pleadings.  In connection

with such matters, Skadden, Arps seeks compensation in the amount of $36,243.

### D. Asset Analysis and Recovery (Amount Sought: $25,628)

63.   During the Application Period, Skadden, Arps professionals worked with the Debtors and FTI to liquidate the Debtors remaining assets.  These included, among other assets, the Debtors' intellectual property assets, the Debtors' service contract and warranty business, and accounts receivables with values in the tens of millions of dollars.

64.   Skadden, Arps professionals spent 29.6 hours working such asset analysis and recovery matters. In connection with such matters, Skadden, Arps seeks compensation in the amount of $25,628.

### E. Retention/Fee Matters (Skadden) (Amount Sought: $20,983)

65.   During the Application Period, Skadden, Arps professionals prepared the firm's second interim fee application and supplemental affidavit of disclosures relating to its representation of the Debtors.  As to the former, Skadden, Arps reviewed time records of its professionals and summarized the work

that had been done on each matter.  As to the latter,
Skadden, Arps reviewed any connections and necessary
disclosures regarding entities on the 2002 list, as well
as connections and necessary disclosures discovered in
reviewing responses of Skadden, Arps' professionals to
the bankruptcy disinterestedness screening questionnaire.
Finally, Skadden, Arps professionals updated disclosures
made in its initial retention application to reflect
connections with parties in interest that arose since
the preparation of that retention application.

66.   During the Application Period, 41.5 hours
were spent on these issues for which compensation is
sought with a time value of $20,983.

### F.   Secured Claims
### (Amount Sought: $20,147)

67.   During the Application Period, Skadden,
Arps professionals reviewed the secured claims of, among
other parties, consignment vendors and bond holders.
Skadden, Arps provided both formal objections to and
informal responses to many of the claims and responded
to numerous inquiries by holders of such claims
regarding, in particular, payment.

68.   During the Application Period, 40.7 hours were spent working on matters related to secured claims, for which compensation is sought, with a time value of $20,147.

### G.   Creditor Meetings/Statutory Committees (Amount Sought: $19,632)

69.   During the Application Period, Skadden, Arps professionals prepared for and attended numerous meetings and teleconferences with the Creditors' Committee or its professionals.

70.   During the Application Period, 24 hours were spent on these matters for which compensation is sought, with a time value of $19,632.

### H.   Vendor Matters (Amount Sought: $17,374)

71.   As discussed above, Skadden, Arps professionals assisted the Debtors in evaluating and reconciling accounts outstanding with thousands of vendors.  As part of this process, Skadden, Arps professionals drafted and responded to numerous vendor demand letters to collect receivables due or owing to, respectively, the Debtors.  Certain of these demands were settled through stipulations.  For others, Skadden,

Arps also began drafting formal complaints to recover the receivables at issue.

72.   During the Application Period, 35.8 hours were spent working on matters related to vendors, for which compensation is sought, with a time value of $17,374.

### I.   Business Operations/Strategic Planning (Amount Sought: $11,362)

73.   As part of its representation of the Debtors, Skadden, Arps drafted and filed several claims in bankruptcy cases in which the Debtors were creditors.

74.   During the Application Period, 24.7 hours were spent working these matters for which compensation is sought, with a time value of $11,362.

### V.   MATTERS UNDER 10,000

75.   Skadden, Arps devoted time to other matters for the Debtors, the time value of which is less than $10,000 for each matter.  These matters included tax matters, executory contracts, intellectual property, insurance matters, general corporate advice, matters involving credit card agreements, regulatory and SEC matters, attempts to lift the automatic stay, retention

and fee matters relating to other professionals, and

liquidation and feasibility analyses.  Skadden, Arps

devoted a total of 145.5 hours to these matters and

seeks compensation for these matters in the aggregate

amount of $66,665.

## ALLOWANCE OF COMPENSATION

76.  **Compensation Sought.**  Because of the

benefits realized by the Debtors, the nature of these

cases, the standing at the bar of the attorneys who

rendered services, the amount of work done, the time

consumed, the skill required, and the contingent nature

of the compensation, Skadden, Arps requests that it be

allowed at this time all compensation for the

professional services rendered during the Application

Period.  Additionally, Skadden, Arps seeks payment of

the remaining fifteen percent (15%) of the of the value

of professional services rendered during the Application

Period totaling $265,004.  Skadden, Arps reserves the

right to return to this Court seeking reimbursement for

amounts related to work performed or expenses incurred

during the Application Period but not yet reflected in

the firm's time records or to amend the amounts listed

herein to correct any bookkeeping errors.  In the event
that a subsequent review reveals that additional
professional services have been rendered or expenses
have been incurred on behalf of the Debtors during the
Application Period, which were not processed by the
firm's accounting system before the time of this
Application, Skadden, Arps reserves the right to seek
such additional fees and expenses by subsequent
application to the Court.[4]

77.  Skadden, Arps achieved cost efficiencies
by employing a streamlined case management structure.
Instead of assigning various attorneys to the myriad of
tasks that arose during these cases, Skadden, Arps
designated a core group of associates who were assigned
responsibility for specific matters and types of matters.
This (i) allowed some attorneys to work almost
exclusively on discrete matters in the Debtors' cases,
(ii) permitted the case to be staffed with as little
partner involvement as appropriate, and (iii) enabled

---

[4]   Skadden further reserves the right to request additional
compensation at a later date for time spent preparing this
interim fee application.

Skadden, Arps to avoid performing duplicative or

unnecessary work.

78. **Reimbursement of Expenses.**   Skadden, Arps

has disbursed, and requests allowance reimbursement for

$80,963, which represents actual, necessary expenses

incurred in the rendition of professional services in

these cases.[5]

79.   Other than between Skadden, Arps and its

affiliated law practices and their members, no agreement

or understanding exists between Skadden, Arps and any

other person or persons for the sharing of compensation

received or to be received for professional services

rendered in or in connection with these cases, nor will

any be made except as permitted pursuant to Bankruptcy

Code section 504(b)(1).

---

[5]   Exhibit E to this Application provides further information and
detail concerning the firm's expenses.

WHEREFORE, Skadden, Arps respectfully requests (a) approval of interim compensation for professional services rendered as attorneys for the Debtors in the sum of $1,766,498 for one hundred percent (100%) fees incurred during the Application Period; (b) authorization for payment of $265,004 as fifteen percent (15%) of fees held back; (c) approval of reimbursement of actual and necessary expenses incurred in the sum of $80,963; and (d) such other and further relief as is just and proper.

Dated:     September 14, 2009

SKADDEN, SLATE, MEAGHER & FLOM LLP

/s/ Gregg M. Galardi
Gregg M. Galardi (I.D. No. 2991)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

- and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

## EXHIBIT A

**(Retention Order)**

M

## EXHIBIT B

**(Interim Compensation Order)**

M

## **EXHIBIT C**

**(Statements)**

M

## **EXHIBIT D**

**(Detail of Time Billed)**

M

**<u>EXHIBIT E</u>**

**(Detail of Expenses)**

M