# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., et al., | ) | Case Nos. 08-35653 (KRH) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**THIRD INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM MAY 1, 2009 THROUGH AND INCLUDING JULY 31, 2009**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | Circuit City Stores, Inc., et al. |
| Date of retention: | December 23, 2008 *nunc pro tunc to* November 10, 2008 |
| Period for which compensation and reimbursement are sought: | May 1, 2009 through and including July 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $1,195,687.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $58,866.86 |

This is a/an: ____ Monthly __X__ Interim _____ Final Application

This Application does not request compensation at this time for services rendered in preparing this Application.  FTI Consulting intends to seek such compensation at a later date.

**THIRD INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM MAY 1, 2009 THROUGH AND INCLUDING JULY 31, 2009**

**Summary of Fees by Professional
FTI Consulting, Inc.
May 1, 2009 through and including July 31, 2009**

| Name | Title | Hours | Rate | Total Fees |
|------|-------|-------|------|-----------|
| Duffy, Robert J | Senior Managing Director | 113.0 | $825 | $ 93,225.00 |
| Coulombe, Stephen L | Senior Managing Director | 104.0 | 825 | 85,800.00 |
| Weinstein, Mark | Senior Managing Director | 2.9 | 825 | 2,392.50 |
| Bibby, Thomas | Senior Managing Director | 13.1 | 750 | 9,825.00 |
| Rinaldi, Scott A | Managing Director | 13.0 | 685 | 8,905.00 |
| Behnke, Thomas A | Managing Director | 14.7 | 675 | 9,922.50 |
| Lee, Geon | Managing Director | 1.0 | 645 | 645.00 |
| Robinson, Joshua M. | Managing Director | 282.0 | 625 | 176,250.00 |
| Summers, Joseph E | Director | 3.8 | 585 | 2,223.00 |
| Cashman, Brian | Director | 485.0 | 550 | 266,750.00 |
| Waiting, Mark | Director | 40.0 | 550 | 22,000.00 |
| Lewandowski, Douglas | Director | 14.6 | 520 | 7,592.00 |
| Ryba, Lauren | Senior Consultant | 242.0 | 455 | 110,110.00 |
| Stegenga, Scott | Senior Consultant | 0.8 | 420 | 336.00 |
| McKeighan, Erin | Senior Consultant | 60.0 | 380 | 22,800.00 |
| Cartwright, Emily | Consultant | 38.4 | 380 | 14,592.00 |
| Lai, Stephanie | Consultant | 259.0 | 335 | 86,765.00 |
| Gilleland, Jeffrey | Consultant | 4.2 | 335 | 1,407.00 |
| Nemerov, Lara | Consultant | 6.3 | 290 | 1,827.00 |
| O'Loughlin, Morgan | Consultant | 442.0 | 290 | 128,180.00 |
| Torres, Diego | Consultant | 357.7 | 290 | 103,733.00 |
| Volsky, Hannah | Consultant | 92.5 | 235 | 21,737.50 |
| Sajdak, Catherine | Consultant | 10.2 | 225 | 2,295.00 |
| Burke, Samantha | Intern | 73.0 | 125 | 9,125.00 |
| Flynn-Kasuba, Ryan | Intern | 58.0 | 125 | 7,250.00 |
| **Total** | | **2,731.2** | | **$ 1,195,687.50** |

**THIRD INTERIM FEE APPLICATION OF FTI CONSULTING, INC.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE
PERIOD FROM MAY 1, 2009 THROUGH AND INCLUDING JULY 31, 2009**

**Summary of Fees by Task Code
FTI Consulting, Inc.
May 1, 2009 through and including July 31, 2009**

| Task Code | Total Hours | Total Fees |
|---|---|---|
| Asset Recoveries | 29.2 | $ 11,509.50 |
| Attendance at Bankruptcy Court Hearings | 11.7 | 6,435.00 |
| Bankruptcy Reporting and Post-petition Accounting | 94.4 | 36,847.00 |
| Canadian Matters | 66.8 | 25,041.00 |
| Claims Management | 1,294.0 | 542,223.50 |
| Committee Matters | 148.7 | 75,639.00 |
| General Duties and Case Administration | 143.2 | 71,899.50 |
| Liquidation Analysis/Wind down | 543.9 | 248,138.50 |
| Plan of Liquidation/Disclosure Statement | 206.3 | 97,439.50 |
| Travel* | 193.0 | 80,515.00 |
| **Total** | **2,731.2** | **$ 1,195,687.50** |

\* Billed at 50%

**Summary of Actual and Necessary Expenses by Expense Category
FTI Consulting, Inc.
May 1, 2009 through and including July 31, 2009**

| Expense Category | | Total Expenses |
|---|---|---|
| Business Meals | $ | 5,849.91 |
| Lodging | | 24,738.79 |
| Transportation | | 28,269.16 |
| Other | | 9.00 |
| **Total** | $ | **58,866.86** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CIRCUIT CITY STORES, INC., et al., | ) Case Nos. 08-35653 (KRH) |
| | ) |
| | ) Jointly Administered |
| | ) |
| Debtors.[1] | ) |
| | ) |

**THIRD INTERIM FEE APPLICATION OF FTI CONSULTING, INC.**
**FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS FINANCIAL ADVISORS TO THE DEBTORS INCURRED FOR THE**
**PERIOD FROM MAY 1, 2009 THROUGH AND INCLUDING JULY 31, 2009**

FTI Consulting, Inc., (collectively, "FTI Consulting", "FTI" or the "Applicant") as financial advisors for Circuit City Stores, Inc. in the above-captioned cases (collectively, "Circuit City", the "Company", the "Debtors" or the "Estate") submit this application (the "Third Interim Fee Application" or the "Application") seeking allowance of interim compensation and reimbursement of expenses under section 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") for the period from May 1, 2009 through and including July 31, 2009 (the "Third Interim Fee Application Period" or "Application Period") and represent as follows:

---

[1]      The Debtors are the following entities: The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821), Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).  The address for Circuit City Stores West Coast, Inc. is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For all other Debtors, the address was 9950 Mayland Drive, Richmond, Virginia 23233 and currently is 4951 Lake Brook Drive, Glen Allen, VA 23060.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. sections 157 and 1334. This is a core proceeding under 28 U.S.C. section 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. sections 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 330 and 331.

## BACKGROUND

3.      On November, 10, 2008 (the "Petition Date"), the Debtors filed voluntary petitions in this court for relief pursuant to chapter 11 of the Bankruptcy Code.

4.      On January 12, 2009, the Court entered an order authorizing the Debtors to conduct auctions for a sale or sales of the Debtor's business as a going concern or for liquidation.

5.      At the conclusion of the auction, the Debtors determined that the highest and otherwise best bid was that of Great American Group WF, LLC; Hudson Capital Partners, LLC; SB Capital Group, LLC; and Tiger Capital Group, LLC (collectively, the "Agent"). On January 16, 2009, the Court approved the Agent's bid and authorized the Debtors to conduct going out of business sales at the Debtors' remaining stores. The Agent commenced going out of business sales at the Debtors' remaining stores on January 17, 2009.

## RETENTION OF FTI CONSULTING

6.      FTI Consulting is a financial advisory services firm with numerous offices throughout the country and was retained by the Debtors as Financial Advisors. The Retention Order authorized the retention of FTI Consulting to render to the Debtors the following essential services, which include, but are not limited to:

**Store Footprint Analysis**

- Analyze liquidity and earnings impact of potential store closures.
- Provide assistance with contract terms for disposition of leases.
- Develop informational materials to support store closing processes.
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores.
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition.

- Prepare information package for landlord conference calls and participate in lease termination discussions.

- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations.

**Liquidity Forecasting**

- Evaluate current liquidity position and expected future cash flows.

- Assist with management and control of cash disbursements.

- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested.

**Restructuring/Other Advisory Services**

- Assist with development of an out-of-court restructuring plan and related financial projections.

- Assess potential EBITDA based on store closing strategy and other restructuring initiatives.

- Analyze long term capital need to effectuate potential out-of court restructuring and capital structure alternatives.

- Assist with working capital management and liquidity forecasting.

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring.

- Assist management with development of employee retention and communications programs.

- Assist management in developing strategy relating to merchandise and other vendors.

- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring.

- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring.

- Provide weekly status and fee updates to management personnel designated by the Company.

- Provide other services as requested by management.

**Asset Sales**

- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture, fixtures and equipment other tangible assets) to inventory disposition firms including conducting a 363 sale process, contacting potential buyers, facilitating due diligence requests, negotiating asset purchase agreement(s) and conducting a final auction.

- Prepare "bid packages" for Liquidators and manage selection process.

- Solicit potential inventory Liquidators for going-out-of-business sale process.

- Assist the Company in the negotiation of an Agency agreement.

- Manage the process to liquidate stores and conduct going-out-business sales in the ordinary course of business.

- Solicit bids from real estate consulting firms to evaluate lease mitigation strategies.

- Assist with data collection and information gathering related to third party due diligence.

- Advise and assist the Company and other professionals retained by the Company in developing, negotiating and executing plan of reorganization scenarios, 363 sales or other potential sales of assets or business units.

**Contingency Planning**

- Assist management and the Board of Directors in contingency planning including the evaluation, planning and execution of a potential Chapter 11 filing.

- Assist Company personnel with the communications and negotiations, at your request and under your guidance, with lenders, creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest.

- Advise and assist the Company in the compilation and preparation of financial information necessary due to requirements of the Bankruptcy Court and/or Office of the US Trustee.

- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes.

- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors.

- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action.

- Assist the Debtors in the preparation of financial related disclosures required by this Court including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports.

- Assist the Debtors in claims processing, analysis, and reporting, including plan classification modeling and claim estimation.

- Assist the Debtors in responding to and tracking reclamation, 503(b)(9) and consignment claims.

**Financing**

- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing.

7

- Advise the Company in the process of identifying and reviewing DIP financing and assist the Company in preparing a collateral package in support of such financing.

**Other**

- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

7.      FTI Consulting's retention as Financial Advisors to assist the Debtors in the performance of their duties as Debtors-in-Possession was approved on December 23, 2008 by this Court *nunc pro tunc* to November 10, 2008 (the "Retention Order").  A copy of said order, dated December 23, 2008, is attached hereto as Exhibit E and incorporated herein by reference.

8.      On December 9, 2008, this Court entered an Administrative Order under Bankruptcy Code Section 105(a) and 331 establishing procedures for interim compensation (the "Administrative Order").

9.      This Third Interim Fee Application is made by FTI Consulting in accordance with Local Rule 9013-1(G), the Guidelines adopted by the Executive Office for the United States Trustee and the Administrative Order.

10.     Pursuant to the terms of the Administrative Order, if no objection is filed to a Monthly Fee Request within twenty (20) days of the date of the filing of that request , then the respective professionals may be paid eighty-five percent (85%) of the fees and one hundred percent (100%) of expenses set forth in the applicable Monthly Fee Request.

11.     Every three (3) months beginning with the period ending January 31, 2009, this Court will then make a determination, after hearing, if the remaining fifteen percent (15%) of fees sought in the proceeding three (3) months will be paid.

12.     FTI Consulting has received from the Debtors and holds as of the Petition Date, "on account" cash in the amount of $695,574.52 (the "On Account Cash").

13.     Subsequent to the Petition Date and pursuant to the Administrative Order, FTI Consulting has served a Monthly Fee Request, including time and expenses detail on (i) Circuit City Stores, Inc. (ii) McGuireWoods, LLP (iii) Skadden, Arps, Slate, Meagher & Flom, LLP, (iv) the Office of the United States Trustee and (v) Pachulski, Stang, Ziehl & Jones LLP for each of the months in the Third Interim Fee Application Period.

14.    On July 6, 2009, FTI Consulting served its Monthly Fee Request for the period from May 1, 2009 through and including May 31, 2009 for the amount of $416,247.04 consisting of $398,893.50 for professional fees and $17,353.54 for expenses.  The 20 day period for objections expired on July 26, 2009 without any objections, at which time FTI Consulting was paid 85% of the requested professional fees and 100% of the requested expenses, in the aggregate amount of $356,413.01.

15.    On July 24, 2009, FTI Consulting served its Monthly Fee Request for the period from June 1, 2009 through and including June 30, 2009 for the amount of $425,886.99 consisting of $405,441.50 for professional fees and $20,445.49 for expenses.  The 20 day period for objections expired on August 13, 2009 without any objections, FTI Consulting was paid 85% of the requested professional fees and 100% of the requested expenses, in the aggregate amount of $365,070.76.

16.    On August 13, 2009, FTI Consulting served its Monthly Fee Request for the period from July 1, 2009 through and including July 31, 2009 for the amount of $412,420.33 consisting of $391,352.50 for professional fees and $21,067.83 for expenses.  The 20 day period for objections expired on September 2, 2009 without any objections.  FTI Consulting was paid 85% of the requested professional fees and 100% of the requested expenses, in the aggregate amount of $353,717.45.

17.    Pursuant to the Administrative Order, FTI Consulting is filing this Application for compensation for professional services rendered and reimbursement of expenses made in these cases during the Application Period.

## RELIEF REQUESTED

18.    By this Application, the Debtors request approval and payment of interim compensation and reimbursement of expenses for FTI Consulting, financial advisors to the Debtors, pursuant to Bankruptcy Code sections 330 and 331 for the period of May 1, 2009 through and including July 31, 2009.

19.    At this time, FTI Consulting is seeking allowance of compensation equal to $1,195,687.50 in fees for professional services rendered by FTI Consulting during the Application Period as financial advisors to the Debtors in these chapter 11 cases.  This amount is derived solely from the applicable hourly billing rates of the firm's personnel who rendered such services to the Debtors.  Of this amount, FTI Consulting has already been paid $1,016,334.38, eighty-five percent

9

(85%) of fees billed from May 1, 2009 through and including July 31, 2009 pursuant to the Administrative Order.  Accordingly, through this Application, FTI Consulting requests payment of $179,353.13 representing the aggregate fifteen percent (15%) hold-back of fees billed for the Application Period.

20.    FTI Consulting also requests allowance of reimbursement of one hundred percent (100%) of the actual and necessary out-of-pocket disbursements and charges incurred in the Application Period, equal to $58,866.86.

21.    This Application is made without prejudice to FTI Consulting's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Administrative Order.

22.    FTI Consulting has received no promise of payment for professional services rendered or to be rendered in these cases other than in accordance with the provisions of the Bankruptcy Code.

### BASIS FOR RELIEF

23.    It is not practical to describe every phone call made, meeting attended, document generated, or other service provided in the Debtors' cases during the Application Period.  Thus, this Application highlights the most significant services performed by FTI Consulting for the Debtors during the Application Period and the attached time records in Exhibit C contain the detail of each task performed.

24.    FTI Consulting submits that the financial advisory services that it rendered to the Debtors in connection with their chapter 11 cases during the Application Period were necessary and beneficial to the Debtors, their creditors, and their estate.  During this Application Period, FTI Consulting devoted substantial time to the matters related to the disposition of the Debtors' remaining assets, including (without limitation) defective inventory, furniture, fixtures and equipment and intellectual property.  FTI Consulting worked with the Debtors' in managing the winddown of their operations, their store closings and claims administrations among other things.

25.    During the Application Period, FTI Consulting devoted a total of 2,731.2 hours to assisting the Debtors in their chapter 11 cases.  Schedules showing the name and position of each

professional, hours worked during the Application Period, and hourly billing rate are provided at the front of this Application.  Exhibit C provides the detail by matter of the time billed for such services.

26.     Set forth in Exhibit D attached hereto are the detailed expenses incurred during the Application Period in the amount of $58,866.86.

### DESCRIPTION OF SERVICES RENDERED

27.     FTI Consulting maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with these Chapter 11 cases and such records are maintained in the ordinary course of its business.  These records provide a detailed description of the services rendered and expenses incurred during the period for which this Third Interim Fee Application is being made.

28.     All services for which FTI Consulting requests compensation were performed for, or on behalf of, the Debtors.

29.     This Third Interim Fee Application is divided into ten narrative sections based on the activity descriptions listed below.  Each narrative section describes the more significant services rendered by FTI Consulting for each of the activity categories and its benefit to the Estate.  FTI Consulting is charging only on an hourly basis for these services.  The fees applied for herein are based on the hourly rates that reflect the usual and customary fees charged to all clients of FTI Consulting and are commensurate with the usual and customary rates charged for services performed by accountants and financial advisors in bankruptcy cases of this nature.

*Asset Recoveries*

30.     During the Third Interim Fee Application Period, FTI Consulting worked with the Debtor to maximize the proceeds from the sale of assets for the highest profit recovery to the Estate. FTI Consulting continued to maintain an asset recovery schedule that identified assets to be sold which also provided updates on the sale process and any outstanding issues.

31.     FTI Consulting assisted in the sale process including conference calls and attendance at certain auctions related to owned real estate, leased real estate, intellectual property, furniture, fixtures and equipment as well as receivables from warranty providers, vendors and credit card companies and resulted in proceeds to the estate in excess of $75M during the Application Period.

11

32.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 29.2 hours on matters related to asset recoveries for which compensation is sought with the time value of $11,509.50.  The detailed time entries for this task are attached hereto as Exhibit C.

***Attendance at Bankruptcy Court Hearings***

33.     During the Third Interim Fee Application Period, at the request of the Debtors' counsel and the Debtors' management, FTI Consulting prepared for and attended the Eleventh through the Sixteenth Omnibus Hearings.  FTI Consulting was instrumental in providing informational support to the Debtors and Debtors' counsel as needed on sale of intellectual property, sale of leased and owned real estate, filed omnibus objections and other matters.

34.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 11.7 hours on matters related to attendance at Bankruptcy Court hearings for which compensation is sought with the time value of $6,435.00.  The detailed time entries for this task are attached hereto as Exhibit C.

***Bankruptcy Reporting and Postpetition Accounting***

35.     During the Third Interim Fee Application Period, FTI Consulting assisted the Debtors with required weekly reporting and post petition accounting activities.   FTI Consulting assisted the Debtors with completing U.S. Trustee reporting requirements including the Monthly Operating Report.  FTI Consulting reviewed the Monthly Operating Reports with the Debtors' management team to ensure the data reported in the report was complete and accurate.

36.     FTI Consulting prepared a weekly cash flow report to the lending group and the Committee's financial advisors and was responsible for coordinating the aggregation of data required to populate the financial reporting package that were sourced from various areas of the Debtors' functional areas.  FTI Consulting reviewed the weekly cash flow report with the Debtors' treasury team to confirm the accuracy of the numbers and subsequently reviewed the reports with Debtors' management.

37.     FTI Consulting also continued to assist the Debtors with financial forecasts.  As part of its duties, FTI Consulting communicated frequently with representatives of the DIP lenders as well as the Debtors' senior management and the Committee's financial advisors to discuss the assumptions that were used to create the Debtors' corporate wind down budget.

38.    During the Third Interim Fee Application Period, FTI Consulting's professionals spent 94.4 hours on matters related to bankruptcy reporting and postpetition accounting which compensation is sought with the time value of $36,847.00.  The detailed time entries for this task are attached hereto as Exhibit C.

*Canadian Matters*

39.    During the Third Interim Fee Application Period, FTI Consulting worked closely with the Canadian management team and the Canadian monitor regarding various issues in the Canadian proceedings, particularly those relating to the sale of the Canadian assets.  FTI Consulting participated in meetings and teleconferences between the Debtors and Canadian professionals to discuss and coordinate critical case issues.

40.    Second, FTI Consulting assisted the Debtor in the preparation of a waterfall analysis noting proceeds from the sale of the Canadian assets.  In addition, FTI Consulting reviewed the estimated closing balance sheet of the Canadian subsidiary and began to perform due diligence procedures which will continue through the Fourth Interim Fee Application Period.

41.    Third, FTI Consulting assisted the Debtor in the review and disposition of certain inventory not included in the sale of the Canadian assets.

42.    During the Third Interim Fee Application Period, FTI Consulting's professionals spent 66.8 hours on matters related to Canadian matters for which compensation is sought with the time value of $25,041.00.  The detailed time entries for this task are attached hereto as Exhibit C.

*Claims Management*

43.    To date, creditors have filed over 14,500 proofs of claim in these cases that require reconciliation.  These claims, which consist of 503(b)(9), secured, administrative, priority and unsecured have a stated value in excess of $12.7 billion.  At the request of the Debtors', FTI Consulting has been assisting the Debtors' personnel in providing guidance and assistance in the efficient and effective reconciliation of this population of claims.

44.    During the Third Interim Fee Application Period,.  FTI Consulting's assistance focused on: (i) loading docketed proofs of claim into CMS for the Debtor's use in the claims reconciliation and resolution process; (ii) performing various analysis regarding claims including searching for duplicates and superseding scheduled liabilities to proofs of claim; (iii) assisting the

Debtors with the completion and generation of claim objection exhibits for omnibus objections five
through twenty-nine; (iv) designing and compiling on demand management reports accessible to all
users of CMS to detail claims reconciliation progress;

45.    FTI Consulting assisted the Debtors' claims resolution team in their efforts to
reconcile, object to, settle and resolve proofs of claims filed against the Debtors in these Chapter 11
proceedings.  The Debtors' claims resolution team was comprised of Debtors' personnel, supported
by professionals from the Debtors' counsel and FTI Consulting.  Due to the complexity of these
cases, the large number of creditors who filed proofs of claim against the Debtors and a high number
of complex claims including over 1,300 claims filed under section 503(b)(9),  FTI Consulting
assembled a team of professionals with significant experience in complex bankruptcy claims
reconciliation to assist the Debtors in this area.

46.    FTI Consulting's assistance in the claims management area included all aspects of
claims management and claims resolution.  Utilizing proprietary bankruptcy software called the
Claims Management System ("CMS"), FTI Consulting established a multi-user, computer
information system environment designed to manage the Debtors' scheduled liabilities and proofs of
claim.  The Debtors use and rely on CMS to track the progress and status of each proof of claim,
perform analysis of claims, object to claims and generate various management reports.  The CMS
database server and software is available via a secure internet protected environment that provides
the Debtors and their advisors access to claims related information and enables the Debtors to
increase personnel resources as necessary to meet the requirements and deadlines of the cases.
During this Application Period, FTI Consulting loaded proof of claim data into CMS received from
the claims agent to establish a baseline system for the Debtors to continue the reconciliation process.

47.    In addition to maintaining CMS for the Debtors, FTI Consulting also assisted the
Debtors in establishing and managing the claims resolution process.  This included: (i) assisting in
the preparation of and modification to claims resolution protocols and training materials describing
in detail the claims resolution process and resolution tasks to be completed; (ii) participating in
working sessions with the Debtors and counsel to resolve issues and develop strategies regarding
case specific complexities and to advise the Debtors with respect to timing and resource needs.  In
addition, FTI Consulting assisted the Debtors in establishing procedures for identifying and
reviewing claims for omnibus objections including objections for duplicate or amended claims, late
claims, no liability, reclassification and non-good 503(b)(9) claims.  The Debtors filed omnibus

14

objections five through twenty-nine during the Third Interim Fee Application Period which sought disallowance or modification of claims with a reduction of claim amounts totaling approximately $1.45 billion.

48.     At the request of the Debtors, FTI Consulting also led the efforts in coordinating the reconciliation of accounts and performance of preference analyses necessary in negotiating the resolution of claims.  This included gathering the necessary payment and receipt information by check or invoice for the 12 months subsequent to the Petition Date and loading the information into the claims management software and calculating preferences under various scenarios assuming various defenses available to vendors.   The process and calculation was reviewed with the Debtors and the Debtors' counsel to ensure agreement in the approach.

49.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 1,294.0 hours on matters related to claims management for which compensation is sought with the time value of $542,223.50.  The detailed time entries for this task are attached hereto as Exhibit C.

*Committee Matters*

50.     During the Third Interim Fee Application Period, FTI Consulting participated in numerous meetings and teleconferences with the Unsecured Creditors' Committee (the "Committee") and its financial advisors and legal counsel.  FTI Consulting, at the direction of the Debtors' management, coordinated all diligence requests and responses with the Committee and their advisors.  FTI Consulting's efforts assisted the Debtors in keeping the Committee and its advisors well informed of developments in the case as quickly as possible.  FTI Consulting helped to maintain an effective working relationship with the Committee and its advisors.

51.     FTI Consulting updated the financial advisors of the Committee in such matters as substantive consolidation, vendor settlements, liquidation analysis, wind down budget and associated headcount forecasts, asset recoveries and claims management including preference analysis and 503(b)(9) claims.

52.     FTI Consulting prepared case status updates that were presented to the financial advisors of the Committee approximately every two weeks.  These updates covered such areas as liquidation analysis, wind down plan, headcount forecasts, asset recoveries, claims management and updates as to completed tasks associated with the management incentive plan.   FTI Consulting

15

responded to questions from the financial advisors of the Committee on the information presented as well as any other questions.

53.     FTI Consulting, the Debtor's management and other Debtor advisors met with the Committee and its advisors in New York on May 20, 2009 to discuss the current progress of the case and timing of filing a plan of liquidation and disclosure statement.

54.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 148.7 hours on matters related to committee matters which compensation is sought with the time value of $75,639.00.  The detailed time entries for this task are attached hereto as Exhibit C.

***General Duties and Case Administration***

55.     In any complex bankruptcy case, it is necessary for professionals to perform certain administrative tasks that support the overall advisory effort. During the Third Interim Fee Application Period, these tasks included but were not limited to: (i) development and revision of work plans and subsequent meetings to assign tasks to complete the work plan; (ii) teleconferences and meetings with Debtors' management, legal and financial advisors to discuss case status, open items, creation of work plans, distribution of responsibilities, and strategies to be implemented to ensure efficiencies in executing defined objectives; and (iii) performance of administrative tasks such as distribution of information to management, and Debtors' counsel and other parties-in-interest.

56.     In addition, during the Third Interim Fee Application Period, FTI Consulting prepared its second interim fee application and monthly fee statements which required FTI Consulting to review time records of its professionals and summarize the work that had been done on each matter.

57.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 143.2 hours on matters related to general duties and case administration which compensation is sought with the time value of $71,899.50.  The detailed time entries for this task are attached hereto as Exhibit C.

***Liquidation Analysis/Wind Down***

58.     During the Third Interim Fee Application Period, FTI Consulting continued to update the detailed liquidation analysis and detailed wind down cash flow extending through 2010 at the direction of the Debtors' management.

16

59.    First, FTI Consulting updated on a weekly basis the detailed waterfall liquidation analysis with estimated recoveries to the various classes of creditors and provided the analysis to the Debtors' board of directors, Debtors' management, lenders and the Committee.    FTI Consulting worked with the Debtors' management and Debtors' counsel to continue to identify all possible receivables, payables, revenues and expenses.

60.    Examples of the inflow categories included, but were not limited to, the following estimates: (i) net recovery on store closing inventory; (ii) corporate aircraft; (iii) furniture and fixtures; (iv) owned real estate; (v) leases; (vi) income tax receivables; (vii) intellectual property; (viii) credit card holdback; (ix) salvage inventory; (x) vendor receivables, among others.  Examples of the outflow categories included, but were not limited to, the following estimates: (i) store closing expenses; (ii) distribution wind down expenses; (iii) corporate office wind down expenses; (iv) accruals; (v) employee vacation; (vi) gift cards; (vii) November stub rent; (viii) customer deposits; (ix) merchandise accounts payable; (x) expense accounts payable, among others.

61.    Second, FTI Consulting rolled the waterfall liquidation analysis into both a weekly and monthly wind down cash flow extending through 2010.  FTI Consulting updated the estimated timing of both inflows and outflows in the liquidation analysis.  FTI Consulting also provided the Committee with routine updates and participated in numerous teleconferences and meetings to discuss the assumptions in the wind down budget.

62.    As part of the wind down activities, FTI Consulting assisted the Debtors' management with headcount count forecasts and provided guidance as to necessary personnel needed for various activities associated with the wind down of the Debtors' estate.

63.    Third, FTI Consulting assisted the Debtors' management in the auction and resulting sale of certain assets such as intellectual property (trade name and URL) resulting in proceeds of approximately $14 million to the estate.  In addition, FTI Consulting assisted in certain auction procedures of leased and owned real estate resulting in proceeds of approximately $28 million to the estate.

64.    Fourth, FTI Consulting assisted the Debtors in the monitoring and calculation of management incentive plan bonuses associated with the incentive tasks that had been achieved to date.  FTI Consulting then reviewed the calculation with the financial advisors of the Committee in order to gain support for the payments.

17

65.     Fifth, FTI Consulting at the request of the Debtors' management prepared presentations to the Board of Directors which were case updates and covered such areas as liquidation analysis, wind down plan, headcount forecasts, asset recoveries, claims management and updates as to completed tasks associated with the management incentive plan.

66.     Sixth, FTI Consulting assisted the Debtors in the disposition of certain assets.  FTI Consulting assisted the Debtors and the Debtors' counsel in negotiating purchase agreements for the sale of the Debtors' miscellaneous assets.  Activities included meeting with employees of the Debtors to identify assets to be disposed of and assist in planning the disposition of the identified assets including identifying liquidators and evaluating bids.  In addition, FTI Consulting was instrumental in providing informational support to the Debtors and Debtors' counsel as needed in the auction process.

67.     Lastly, FTI Consulting responded to numerous questions from the Debtors' wind down team regarding various issues associated with the wind down of the Debtor.  In addition, FTI Consulting participated in wind down review meetings of the Debtor.  FTI Consulting also assisted the Debtor, at the Debtors' request on certain motions such as the employee stipend motion and settlement agreements.

68.     During the Third Interim Fee Application Period, FTI Consulting's professionals spent 543.9 hours on matters related to the liquidation analysis/wind down for which compensation is sought with the time value of $248,138.50.  The detailed time entries for this task are attached hereto as Exhibit C.

***Plan of Liquidation/Disclosure Statement***

69.     During the Third Interim Fee Application Period, at the request of the Debtors, FTI Consulting worked with the Debtors' management, its counsel and the Committee to prepare the substantive consolidation analysis and related reporting as well as assist in the preparation of the plan of liquidation and related disclosure statement.

70.     As part of the preparation of the substantive consolidation analysis, FTI Consulting prepared a liquidation analysis by each of the eighteen debtors.  As part of this analysis, FTI Consulting assigned proceeds and disbursements during the wind down period among the eighteen debtors.  Next, FTI Consulting included claims information by debtor.  Lastly, an intercompany matrix was developed to show the prepetition and postpetition payables and receivables of the

18

eighteen debtors.  This was integral to the substantive consolidation analysis to gain understanding on: the claim class of the intercompany claim; (i) the affect of the Automatic Intercompany Balancing Entry (AIBE); (ii) the impact to remaining proceeds for each debtor after intercompany claims; (iii) and the ultimate redistribution to the parent company.  Moreover, time was spent analyzing the allocation of the royalty charge, interest, and corporate overhead to the Puerto Rico entities.  Along with claims, FTI Consulting and the Debtors worked together to separate proceeds by debtor to calculate the recovery percentage to the unsecured claimants by debtor.

71.    FTI Consulting assisted the Debtors' management and counsel with understanding impact of the PBGC claim and cross guaranteed landlord claims to the recovery to the unsecured creditors by debtor.   FTI Consulting participated in numerous meetings and conference calls when the Debtors were reviewing the substantive consolidation analysis.   FTI Consulting also prepared analyses supporting the assumptions and calculations within the substantive consolidation analysis.

72.    FTI Consulting also prepared a liquidation analysis under a Chapter 7 assumption as an exhibit to the disclosure statement.   FTI Consulting also participated in numerous discussions and provided feedback and guidance to management and counsel relating to the documents and exhibits needed to file a plan of liquidation and disclosure statement.

73.    During the Third Interim Fee Application Period, FTI Consulting's professionals spent 206.3 hours on matters related to store closing activities for which compensation is sought with the time value of $97,439.50.  The detailed time entries for this task are attached hereto as Exhibit C.

*Travel*

74.    During the Third Interim Fee Application Period, FTI Consulting traveled from their home offices to various locations as required by the demands of the case.  Non-working travel time is charged at one-half of the actual time incurred for traveling.

75.    During the Third Interim Fee Application Period, FTI Consulting's professionals spent 193.0 hours on travel which compensation is sought with the time value of $80,515.00.  The detailed time entries for this task are attached hereto as Exhibit C.

## ALLOWANCE OF COMPENSATION

76.    FTI Consulting respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtors in this proceeding to date are fair and

reasonable given: (i) the time expended; (ii) the nature and extent of the services performed at the time at which such services were rendered; (iii) the value of such services; and (iv) the costs of comparable services other than in a Chapter 11 case.

77.    The time and labor expended by FTI Consulting has been commensurate with the size and complexity of the case.  In rendering these services, FTI Consulting made every effort to maximize the benefit to the Estate, to work efficiently with the other professionals employed in the case, and to leverage staff appropriately in order to minimize duplication of effort.  The complex issues of the case required staff professionals to confer and collaborate at certain times to ensure the efficient allocation of resources and to plan strategies effectively.  While essential to the effective administration of the engagement, to the extent possible these conferences were kept to a minimum. Compensation is sought for participation by more than one professional only in instances where joint participation was necessary because of the significant impact of a particular meeting, the complexity of the problem involved, and the specialization required or the need to preserve continuity of representation.  At times, it may have been necessary for more than one professional to attend a meeting to facilitate communication of information rather than to relay the information from individual to individual.

78.    During the Third Interim Fee Application Period, FTI Consulting provided a focused range of professional services as requested by the Debtors.  FTI Consulting respectfully submits that these services were necessary and beneficial to the successful and prompt administration of this case; and have been provided in a cost efficient manner.

79.    FTI Consulting has exercised reasonable billing judgment and has either reduced its fees or not sought reimbursement in relation to a number of tasks performed and expenses incurred for the benefit of the Debtors.  FTI Consulting has carefully reviewed all of its time records and has elected to make certain voluntary reductions to the fees it is requesting which results primarily from the application of FTI Consulting's firm-wide policy which requires professional personnel to exercise reasonable billing judgment on a daily basis.  Chargeable hours are recorded on a daily basis, at which time professional staff members make informed judgments as to the quality and productivity of time spent on the engagement.  The exercise of reasonable billing judgment, at the professional staff level, effectively considers the quality of time charged to the Debtors.  In this regard, non-productive time has not been billed to the Debtors' Estate.

80.    The services that have been provided by FTI Consulting during these proceedings have been wholly consistent with the Debtors' intentions and have been undertaken with specific direction and guidance from the Debtors' senior management.  These cases have necessitated the use of experienced advisors with specialized expertise in bankruptcy issues and financial analysis to timely and thoroughly address the needs of the Debtors in performing their duties as Debtors-in-Possession.  The persons who have worked on this case have demonstrated the skill in their respective areas of expertise required to provide the services necessary to assist the Debtors.

81.    Other than as provided in Section 504(b) of the Bankruptcy Code, FTI Consulting has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity.  No promises concerning compensation have been made to FTI Consulting by any firm, person or entity.  The sole and exclusive source of compensation shall be funds of the Estate.

82.    This Application has been prepared in accordance with the United States Trustee Guidelines for Compensation and Reimbursement of Expenses Filed under U.S.C. section 330 and the Guidelines for Compensation and Expense Reimbursement of Professionals set forth by the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division.  FTI Consulting has exercised reasonable billing judgment and has either reduced its fees or not sought reimbursement in relation to a number of tasks performed and expenses incurred for the benefit of the Debtors.

83.    FTI Consulting reserves the right to supplement this Application prior to a hearing. Further, FTI Consulting specifically reserves the right to file subsequent applications for, and to seek final approval of, the fees and expenses requested herein.

84.    In accordance with the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation (the "Administrative Order"), FTI Consulting has submitted to the Court its Third Interim Fee Application requesting compensation for the period May 1, 2009 through and including July 31, 2009.

85.    Taking into consideration the skill and experience of FTI Consulting, the benefits to the Debtors, the nature of the assignment, and the time expended, FTI Consulting believes that fair and reasonable compensation for the services rendered and expenses incurred during the Application period is $1,254,554.36.

THEREFORE, FTI Consulting respectfully requests that the Court enter an Order allowing interim compensation for the period from May 1, 2009 through and including July 31, 2009 in the sum of one hundred percent (100%) of the amount incurred by FTI Consulting of $1,195,687.50 in fees and reimbursement of one hundred percent (100%) of actual expenses in the amount of $58,866.86 and directing prompt payment to FTI Consulting of the holdback amount of $179,353.13 and granting such other and further relief as may be just and proper.

Respectfully submitted,

FTI Consulting, Inc.

_____          9/17/09
Robert J. Duffy                                        Date

_____          9/14/09
Notary Public    My Commission Expires        Date
                      9/17/2010

Robert J. Duffy

FTI Consulting, Inc.

200 State Street

9th Floor

Boston, MA 02109

(617) 897-1501

Respectfully submitted by:

Dated: September 14, 2009   SKADDEN, ARPS, SLATE, MEAGHER &
   Richmond, Virginia   FLOM, LLP
           Gregg M. Galardi, Esq.
           Ian S. Fredericks, Esq.
           P.O. Box 636
           Wilmington, Delaware 19899-0636
           (302) 651-3000

             - and -

           SKADDEN, ARPS, SLATE, MEAGHER &
           FLOM, LLP
           Chris L. Dickerson, Esq.
           333 West Wacker Drive
           Chicago, Illinois 60606
           (312) 407-0700

             - and -

           MCGUIREWOODS LLP

           /s/ Douglas M. Foley            .
           Dion W. Hayes (VSB No. 34304)
           Douglas M. Foley (VSB No. 34364)
           One James Center
           901 E. Cary Street
           Richmond, Virginia 23219
           (804) 775-1000

           Counsel for Debtors and Debtors
           in Possession

EXHIBIT A


CIRCUIT CITY STORES, INC., et al.,


SUMMARY OF FEES

BY PROFESSIONAL

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit A - Summary of Fees by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Position | Billing Rate | Hours | Fees |
|---|---|---|---|---|
| Coulombe, Stephen L | Sr. Managing Director | $825.00 | 104.0 | 85,800.00 |
| Duffy, Robert J | Sr. Managing Director | $825.00 | 113.0 | 93,225.00 |
| Weinsten, Mark | Sr. Managing Director | $825.00 | 2.9 | 2,392.50 |
| Bibby, Thomas | Sr. Managing Director | $750.00 | 13.1 | 9,825.00 |
| Rinaldi, Scott A | Managing Director | $685.00 | 13.0 | 8,905.00 |
| Behnke, Thomas A | Managing Director | $675.00 | 14.7 | 9,922.50 |
| Lee, Geon | Managing Director | $645.00 | 1.0 | 645.00 |
| Robinson, Joshua M. | Managing Director | $625.00 | 282.0 | 176,250.00 |
| Summers, Joseph E | Director | $585.00 | 3.8 | 2,223.00 |
| Cashman, Brian | Director | $550.00 | 485.0 | 266,750.00 |
| Waiting, Mark | Director | $550.00 | 40.0 | 22,000.00 |
| Lewandowski, Douglas | Director | $520.00 | 14.6 | 7,592.00 |
| Ryba, Lauren | Senior Consultant | $455.00 | 242.0 | 110,110.00 |
| Stegenga, Scott | Senior Consultant | $420.00 | 0.8 | 336.00 |
| Cartwright, Emily | Consultant | $380.00 | 38.4 | 14,592.00 |
| McKeighan, Erin | Senior Consultant | $380.00 | 60.0 | 22,800.00 |
| Gilleland, Jeffrey | Consultant | $335.00 | 4.2 | 1,407.00 |
| Lai, Stephanie | Consultant | $335.00 | 259.0 | 86,765.00 |
| Nemerov, Lara | Consultant | $290.00 | 6.3 | 1,827.00 |
| O'Loughlin, Morgan | Consultant | $290.00 | 442.0 | 128,180.00 |
| Torres, Diego | Consultant | $290.00 | 357.7 | 103,733.00 |
| Volsky, Hannah | Consultant | $235.00 | 92.5 | 21,737.50 |
| Sajdak, Catherine | Consultant | $225.00 | 10.2 | 2,295.00 |
| Burke, Samantha | Intern | $125.00 | 73.0 | 9,125.00 |
| Flynn-Kasuba, Ryan | Intern | $125.00 | 58.0 | 7,250.00 |
| **Total** | | | **2,731.2** | **$1,195,687.50** |

EXHIBIT B


CIRCUIT CITY STORES, INC., et al.,


SUMMARY OF FEES BY TASK CODE

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit B - Summary of Fees by Task Code*
*For the Period 5/1/2009 through and including 7/31/2009*

| Task Code | Hours | Fees |
|---|---|---|
| Asset Recoveries | 29.2 | 11,509.50 |
| Attendance at Bankruptcy Court Hearings | 11.7 | 6,435.00 |
| Bankruptcy Reporting and Post-petition Accounting | 94.4 | 36,847.00 |
| Canadian Matters | 66.8 | 25,041.00 |
| Claims Management | 1,294.0 | 542,223.50 |
| Committee Matters | 148.7 | 75,639.00 |
| General Duties and Case Administration | 143.2 | 71,899.50 |
| Liquidation Analysis/Wind down | 543.9 | 248,138.50 |
| Plan of Liquidation/Disclosure Statement | 206.3 | 97,439.50 |
| Travel | 193.0 | 80,515.00 |
| **Total** | **2,731.2** | **1,195,687.50** |

EXHIBIT C


CIRCUIT CITY STORES, INC., et al.,


COMPLETE ACCOUNTING OF TIME EXPENDED BY DAY BY PROFESSIONAL

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Asset Recoveries** | | | |
| Ryba, Lauren | 5/4/2009 | 2.9 | Update each asset recovery slide in the case status update to include liquidation analysis value. |
| Ryba, Lauren | 5/4/2009 | 0.9 | Follow up with M. Mosier (CC) to review the current status of the warranty recovery for TWG. |
| O'Loughlin, Morgan | 5/4/2009 | 0.9 | Update lease file for current cure costs and 502(b)(6) claims. |
| O'Loughlin, Morgan | 5/4/2009 | 0.6 | Participate in meeting with D. Miller (CC) regarding status of leased real estate and strategy. |
| Stegenga, Scott | 5/5/2009 | 0.4 | Participate on FF&E Sales call with B. Melvin (LAP) to determine April sales tax. |
| O'Loughlin, Morgan | 5/5/2009 | 0.6 | Summarize lease sales with cash consideration and cure amount expunged. |
| O'Loughlin, Morgan | 5/6/2009 | 1.4 | Create summary for Committee on TWG receivable per court document. |
| Duffy, Robert J | 5/9/2009 | 0.6 | Participate on call with J. Marcum (CC) regarding A/R holdback balances and strategy to collect. |
| Duffy, Robert J | 5/9/2009 | 0.4 | Review A/R holback balances provided by Company. |
| Ryba, Lauren | 5/11/2009 | 0.7 | Revise the liquidation analysis to include the Santa Barbara proceeds for $2.8M, and add respective value to Asset Recovery section of case status update. |
| O'Loughlin, Morgan | 5/11/2009 | 0.8 | Create supporting schedule for Santa Barbara lease proceeds with cure amount and net cash consideration. |
| O'Loughlin, Morgan | 5/11/2009 | 0.8 | Participate in meeting with D. Miller (CC) regarding status of owned real estate auctions and progress. |
| O'Loughlin, Morgan | 5/11/2009 | 0.3 | Exchange emails with D. Miller (CC) regarding timing of Santa Barbara L/C proceeds. |
| Ryba, Lauren | 5/12/2009 | 0.7 | Attend meeting with J. McDonald (CC) to review current status of tax reconciliations for prepetition taxes by state. |
| Ryba, Lauren | 5/12/2009 | 0.3 | Review final Systemax bid for trade name and URL intellectual property. |
| O'Loughlin, Morgan | 5/12/2009 | 0.8 | Update owned and leased real estate section of case status presentation. |
| Ryba, Lauren | 5/14/2009 | 0.6 | Update asset recovery section of case status update. |
| Ryba, Lauren | 5/15/2009 | 0.1 | Include Santa Barbara L/C proceeds in the liquidation analysis. |
| O'Loughlin, Morgan | 5/15/2009 | 1.1 | Update asset recovery section of case status update presentation. |
| Ryba, Lauren | 5/19/2009 | 0.6 | Revise warranty wording for Assurant and TWG throughout the UCC deck. |
| O'Loughlin, Morgan | 5/20/2009 | 0.8 | Review demand letter schedule with response rate for top vendors provided by B. Fose (CC). |
| O'Loughlin, Morgan | 5/20/2009 | 0.4 | Participate in meeting with B. Fose (CC) regarding status of sending demand letters. |
| Duffy, Robert J | 5/21/2009 | 1.3 | Review vendor receivables demand letter strategy and largest balances. |
| Duffy, Robert J | 5/21/2009 | 0.6 | Review FF&E schedule provided by B. Melvin (LAP). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Asset Recoveries** | | | |
| Stegenga, Scott | 5/21/2009 | 0.4 | Review FF&E sales schedule provided by B. Melvin (LAP). |
| O'Loughlin, Morgan | 5/21/2009 | 0.7 | Review expense schedule provided by LAP and compare to APA details. |
| O'Loughlin, Morgan | 5/21/2009 | 0.6 | Participate in discussions with B. Melvin (LAP) regarding FF&E schedule and remaining asset value. |
| O'Loughlin, Morgan | 5/21/2009 | 0.5 | Create summary schedule for FF&E realized proceeds with expected fee forecast. |
| O'Loughlin, Morgan | 5/22/2009 | 1.3 | Update asset recovery section of case status update presentation for real estate update. |
| O'Loughlin, Morgan | 5/22/2009 | 0.8 | Review FF&E schedule provided by B. Melvin (LAP). |
| O'Loughlin, Morgan | 5/26/2009 | 0.8 | Participate in meeting with D. Miller (CC) regarding leased real estate recovery and timing. |
| O'Loughlin, Morgan | 5/26/2009 | 0.8 | Review demand letter schedule provided by B. Fose (CC) for next steps and potential recovery. |
| Ryba, Lauren | 5/27/2009 | 1.6 | Revise the asset recovery slides with new updates received from M. Mosier (CC). |
| O'Loughlin, Morgan | 5/27/2009 | 0.7 | Participate in meeting with D. Miller (CC) regarding owned real estate and next steps. |
| O'Loughlin, Morgan | 5/27/2009 | 0.6 | Update owned real estate slide for case status presentation based on comments from D. Miller (CC). |
| O'Loughlin, Morgan | 5/28/2009 | 1.2 | Participate in conversations with D. Miller (CC) regarding Chesterfield and Bloomingdale lease status. |
| O'Loughlin, Morgan | 5/29/2009 | 0.6 | Update leased real estate slide with details from D. Miller (CC). |
| **Subtotal - Asset Recoveries** | | **29.2** | |

**Attendance at Bankruptcy Court Hearings**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian | 5/13/2009 | 1.7 | Attend hearing on sale of intellectual property, distribution center and leased property in the event testimony is proffered. |
| Cashman, Brian | 5/28/2009 | 2.2 | Visit McGuire Woods for pre-trial discussion of issues and attend 12th Omnibus Hearing. |
| Cashman, Brian | 6/3/2009 | 1.4 | Meet with McGuireWoods to discuss bankruptcy hearing and attend bankruptcy court hearing in case testimony on auctions of real estate property is needed. |
| Cashman, Brian | 6/23/2009 | 1.9 | Attend company's 14th Omnibus Hearing in case testimony is needed. |
| Cashman, Brian | 6/23/2009 | 1.2 | Meet with McGuireWoods and the company to discuss the day's court hearing. |
| Cashman, Brian | 7/6/2009 | 1.6 | Meet with J. Marcum (CC), M. Mosier (CC), D. Foley (MGW) and I. Fredericks (SASMF) to discuss matters being presented during the court hearing and review court hearing agenda. |
| Cashman, Brian | 7/6/2009 | 0.5 | Attend Fifteenth Omnibus Hearing. |
| Cashman, Brian | 7/23/2009 | 0.7 | Meet at McGuireWoods to discuss court hearings docket. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Attendance at Bankruptcy Court Hearings** | | | |
| Cashman, Brian | 7/23/2009 | 0.5 | Attend Sixteenth Omnibus Hearing. |
| **Subtotal - Attendance at Bankruptcy Court Hearings** | | **11.7** | |
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| Cashman, Brian | 5/5/2009 | 0.6 | Review draft of weekly cash flow prepared by L. Ryba (FTI). |
| Cashman, Brian | 5/12/2009 | 0.7 | Review weekly cash flow report prepared by L. Ryba (FTI) and discuss with M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian | 5/13/2009 | 0.9 | Review March MOR including balance sheet and related tables. |
| Cashman, Brian | 5/13/2009 | 0.7 | Respond to question from A. Pietrantoni (CC) regarding professional fees table in MOR. |
| Cashman, Brian | 5/13/2009 | 0.5 | Ask questions on MOR to A. Pietrantoni (CC) regarding discrepancies between balance sheet and supporting aging schedules. |
| O'Loughlin, Morgan | 5/13/2009 | 0.7 | Review March Monthly Operating Report and provide comments. |
| Cashman, Brian | 5/14/2009 | 1.2 | Review March MOR with A. Pietrantoni (CC) and M. Mosier (CC). |
| Ryba, Lauren | 5/14/2009 | 1.1 | Review MOR comments and have client correct and file. |
| Cashman, Brian | 5/20/2009 | 0.6 | Review weekly cash report prepared by L. Ryba (FTI). |
| Cashman, Brian | 5/20/2009 | 0.2 | Discuss weekly cash report with M. Mosier (CC). |
| Cashman, Brian | 5/31/2009 | 0.8 | Review and update bridge from 2/4 liquidation analysis to actual disbursements. |
| Cashman, Brian | 6/2/2009 | 1.3 | Review analysis which compares forecast GOB expenses for first 11 weeks to actuals. |
| Ryba, Lauren | 6/2/2009 | 0.7 | Review revised professional fee schedule received from M. O'Loughlin (FTI). |
| Ryba, Lauren | 6/2/2009 | 0.3 | Review payments received from K. Silva (CC) for the prior week and if professional fees paid were correct. |
| O'Loughlin, Morgan | 6/2/2009 | 1.2 | Update professional fee schedule with checks cut for prior week. |
| Cashman, Brian | 6/3/2009 | 0.5 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| O'Loughlin, Morgan | 6/3/2009 | 1.3 | Update detailed payroll schedule with prior week funding and wire activity. |
| O'Loughlin, Morgan | 6/3/2009 | 1.2 | Create schedule by week for prior two months summarizing medical and dental claims disbursements and forecast activity through end of September. |
| O'Loughlin, Morgan | 6/3/2009 | 0.9 | Participate in meeting with K. Silva (CC) regarding professional fee details and tracking capability through QuickBooks. |
| O'Loughlin, Morgan | 6/3/2009 | 0.6 | Update Wachovia payroll account reconciliation and provide overfunded amount to team. |
| O'Loughlin, Morgan | 6/3/2009 | 0.6 | Write notes to payroll reconciliation to illustrate nature of medical and dental claims. |

Circuit City Stores, Inc.

FTI Consulting, Inc.

Exhibit C - Complete Accounting of Time Expended by Day by Professional

For the Period 5/1/2009 through and including 7/31/2009

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan | 6/3/2009 | 0.6 | Review weekly cash report and update liquidation analysis assumptions  based on actuals to date. |
| O'Loughlin, Morgan | 6/3/2009 | 0.4 | Participate in discussions with M. Wilhelm (CC) regarding Wachovia payroll account funding mechanics. |
| Cashman, Brian | 6/4/2009 | 0.8 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| Cashman, Brian | 6/4/2009 | 0.4 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| Cashman, Brian | 6/4/2009 | 0.2 | Discuss rebate check activity with L. Ryba (FTI) and M. Mosier (CC). |
| Ryba, Lauren | 6/4/2009 | 1.3 | Review medical and dental claims that are incorrectly classified in total payroll and were not broken out for reporting purposes. |
| Ryba, Lauren | 6/4/2009 | 0.9 | Review M. O'Loughlin's (FTI) detailed payroll schedule and determine more detailed distinctions/breakouts are needed. |
| Ryba, Lauren | 6/4/2009 | 0.8 | Revise payroll and rebate notes on the weekly cash flow to include new detailed information. |
| Ryba, Lauren | 6/4/2009 | 0.7 | Participate in a meeting with M. O'Loughlin (FTI) to review the revised payroll analysis for the weekly cash report. |
| Ryba, Lauren | 6/4/2009 | 0.7 | Determine the payroll and benefits reconciliation based on funded is not correct reporting and change to disbursed payroll. |
| Ryba, Lauren | 6/4/2009 | 0.2 | Discuss rebate check activity with B. Cashman (FTI) and M. Mosier (CC). |
| O'Loughlin, Morgan | 6/4/2009 | 1.6 | Update detailed payroll schedule with Wachovia payroll account reconciliation detail. |
| O'Loughlin, Morgan | 6/4/2009 | 1.3 | Create by day reconciliation of payroll account and tie back to cash disbursements line. |
| O'Loughlin, Morgan | 6/4/2009 | 0.7 | Participate in a meeting with L. Ryba (FTI) to review the revised payroll analysis for the weekly cash report. |
| Duffy, Robert J | 6/5/2009 | 0.4 | Review and provide feedback weekly cash report received from L. Ryba (FTI). |
| Cashman, Brian | 6/5/2009 | 0.7 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| Ryba, Lauren | 6/5/2009 | 0.7 | Participate on a call with H. Merten (CC) and M. Wilhelm (CC) to review the correct payroll taxes paid out of the Wachovia account in relation to May time. |
| Ryba, Lauren | 6/5/2009 | 0.6 | Review the payroll and benefits reconciliation for completeness  and accuracy. |
| Ryba, Lauren | 6/5/2009 | 0.4 | Correspond with H. Merten (CC) regarding the tax payments for the prior week payroll / variance report. |
| Ryba, Lauren | 6/5/2009 | 0.1 | Review summary of bonuses paid to date with M. O'Loughlin (FTI) for reasonableness and inclusion in the payroll analysis file. |
| Ryba, Lauren | 6/5/2009 | 0.1 | Review revised professional fee schedule that was distributed earlier in the week for changes that were processed. |
| Ryba, Lauren | 6/5/2009 | 0.1 | Revise payroll notes to exclude employees  cancellation period and include employers benefits period. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan | 6/5/2009 | 0.9 | Investigate management incentive plan payments and break out from regular payroll and benefits. |
| O'Loughlin, Morgan | 6/5/2009 | 0.6 | Participate in meeting with M. Mosier (CC) regarding payroll payments and timing of medical and dental claims. |
| O'Loughlin, Morgan | 6/5/2009 | 0.6 | Update payroll reconciliation summary and tie out to weekly cash report for prior month. |
| O'Loughlin, Morgan | 6/5/2009 | 0.6 | Update payroll reconciliation summary with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan | 6/5/2009 | 0.4 | Participate in discussions with H. Merten (CC) regarding Wachovia payroll account funding mechanics. |
| O'Loughlin, Morgan | 6/5/2009 | 0.3 | Review weekly cash report and tie out to payroll reconciliation. |
| O'Loughlin, Morgan | 6/5/2009 | 0.1 | Review summary of bonuses paid to date with L. Ryba (FTI) for reasonableness and inclusion in the payroll analysis file. |
| O'Loughlin, Morgan | 6/8/2009 | 0.4 | Participate in meeting with M. Wilhelm (CC) regarding payroll overfunding. |
| O'Loughlin, Morgan | 6/9/2009 | 0.5 | Create summary for remaining L/C's and cash collateralization fee of 103%. |
| O'Loughlin, Morgan | 6/9/2009 | 0.5 | Participate in meeting with L. Baldyga (CC) regarding L/C cash collateralized account and variance to bank balance. |
| O'Loughlin, Morgan | 6/9/2009 | 0.4 | Review daily cash payroll detail provided by M. Wilhelm (CC) and update schedule. |
| Cashman, Brian | 6/10/2009 | 0.3 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| Ryba, Lauren | 6/10/2009 | 0.3 | Review weekly cash flow report prepared by B. Cashman (FTI). |
| O'Loughlin, Morgan | 6/10/2009 | 0.4 | Meet with K. Silva (CC) regarding professional fees for prior week and timing of reporting. |
| Duffy, Robert J | 6/11/2009 | 0.3 | Review and provide feedback on weekly cash report received from L. Ryba (FTI). |
| Cashman, Brian | 6/11/2009 | 1.1 | Review draft of Monthly Operating Report for April and prepare questions for meeting with A. Pietrantoni (CC). |
| Cashman, Brian | 6/11/2009 | 0.8 | Discuss open items on weekly cash flow report with K. Bradshaw (CC). |
| Cashman, Brian | 6/11/2009 | 0.6 | Review April Monthly Operating Report with M. Mosier (CC) and A. Pietrantoni (CC). |
| O'Loughlin, Morgan | 6/11/2009 | 0.7 | Update detailed payroll reconciliation with wire detail from prior week. |
| Cashman, Brian | 6/12/2009 | 0.2 | Discuss open items on weekly cash flow report with L. Ryba (FTI). |
| Ryba, Lauren | 6/12/2009 | 0.2 | Discuss open items on weekly cash flow report with B. Cashman (FTI). |
| Cashman, Brian | 6/16/2009 | 0.3 | Review weekly cash flow report prepared by L. Ryba (FTI) from prior week to answer question regarding forecasted corporate expenses. |
| Cashman, Brian | 6/17/2009 | 1.4 | Review April Monthly Operating Report and respond to questions from external parties regarding the Monthly Operating Reports. |
| Cashman, Brian | 6/17/2009 | 0.6 | Review weekly cash flow report prepared by L. Ryba (FTI) and discuss checks for stub rent. |

**Circuit City Stores, Inc.**
**FTI Consulting, Inc.**
**Exhibit C - Complete Accounting of Time Expended by Day by Professional**
**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Bankruptcy Reporting and Post-petition Accounting

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian | 6/17/2009 | 0.3 | Discuss weekly cash flow activity with L. Ryba (FTI). |
| Ryba, Lauren | 6/17/2009 | 0.3 | Discuss weekly cash flow activity with B. Cashman (FTI). |
| O'Loughlin, Morgan | 6/17/2009 | 0.7 | Meet with K. Silva (CC) regarding checks cut and timing of November stub rent payments. |
| O'Loughlin, Morgan | 6/17/2009 | 0.6 | Review checks cut file for prior week in QuickBooks format and understand reporting capabilities. |
| O'Loughlin, Morgan | 6/17/2009 | 0.4 | Review list of weekly cash items for to request for reporting. |
| Coulombe, Stephen L | 6/18/2009 | 1.4 | Evaluate results of weekly cash flow reports and address questions and concerns of the Company by providing guidance to team. |
| Duffy, Robert J | 6/18/2009 | 0.4 | Review and provide feedback on weekly cash report received from L. Ryba (FTI). |
| Cashman, Brian | 6/18/2009 | 0.9 | Review weekly cash flow report prepared by L. Ryba (FTI) and ask questions regarding cash flow activity. |
| Cashman, Brian | 6/18/2009 | 0.8 | Discuss questions from Merchandise Payables regarding cash flow report with L. Ryba (FTI). |
| Ryba, Lauren | 6/18/2009 | 0.8 | Discuss questions from Merchandise Payables regarding cash flow report with B. Cashman (FTI). |
| O'Loughlin, Morgan | 6/18/2009 | 0.6 | Update professional fee schedule with checks cut for prior week. |
| O'Loughlin, Morgan | 6/18/2009 | 0.6 | Review L/C cash collateralization documents to understand reserve account and balances. |
| Cashman, Brian | 6/19/2009 | 0.6 | Respond to question from J. Marcum (CC) regarding outstanding checks adjustment. |
| O'Loughlin, Morgan | 6/19/2009 | 0.4 | Review L/C balances for cash collateralization account with Bank of America. |
| Cashman, Brian | 6/22/2009 | 0.4 | Provide feedback on April Monthly Operating Reports to A. Pietrantoni (CC) and M. Mosier (CC). |
| O'Loughlin, Morgan | 6/22/2009 | 0.9 | Review updated IBM schedule based on period services performed. |
| O'Loughlin, Morgan | 6/22/2009 | 0.8 | Review payroll detail provided by M. Wilhelm (CC) and update detailed payroll tracking schedule. |
| O'Loughlin, Morgan | 6/22/2009 | 0.6 | Review A/R and A/P schedule provided by B. Fose (CC). |
| O'Loughlin, Morgan | 6/22/2009 | 0.4 | Meet with K. Bradshaw (CC) regarding weekly cash reporting. |
| O'Loughlin, Morgan | 6/23/2009 | 0.6 | Participate in meeting with K. Silva (CC) regarding checks cut detail for prior week. |
| Cashman, Brian | 6/24/2009 | 0.8 | Update weekly cash flow to reflect changes in LC's. |
| Cashman, Brian | 6/24/2009 | 0.7 | Review weekly cash flow report prepared by L. Ryba (FTI). |
| O'Loughlin, Morgan | 6/24/2009 | 0.8 | Review November stub rent schedule provided by K. Silva (CC). |
| O'Loughlin, Morgan | 6/24/2009 | 0.7 | Review weekly cash report for L/C balance and tie to bank balance. |
| O'Loughlin, Morgan | 6/24/2009 | 0.5 | Review IBM schedule and provide edits to S. Burke (FTI). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan | 6/25/2009 | 0.6 | Update professional fee schedule with checks cut for prior week. |
| O'Loughlin, Morgan | 6/26/2009 | 1.1 | Review weekly cash report detail to understand methodology and transition work. |
| O'Loughlin, Morgan | 6/29/2009 | 1.1 | Take check detail for prior week and flow detail into weekly cash report. |
| O'Loughlin, Morgan | 6/29/2009 | 0.4 | Participate in meeting with K. Bradshaw (CC) regarding outstanding check roll-forward balance. |
| Cashman, Brian | 7/1/2009 | 0.7 | Review weekly cash flow report prepared by M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 7/1/2009 | 0.9 | Categorize prior week checks cut for weekly cash report. |
| Cashman, Brian | 7/2/2009 | 1.3 | Review weekly cash flow report prepared by M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 7/2/2009 | 1.3 | Create check roll forward to account for cancelled check activity. |
| O'Loughlin, Morgan | 7/2/2009 | 0.7 | Review weekly cash report provided by K. Bradshaw (CC) for accuracy. |
| O'Loughlin, Morgan | 7/2/2009 | 0.6 | Review schedule for remaining November stub rent to be released provided by K. Silva (CC). |
| O'Loughlin, Morgan | 7/6/2009 | 1.3 | Categorize prior week checks cut for weekly cash report. |
| O'Loughlin, Morgan | 7/6/2009 | 0.6 | Meet with L. Baldyga (CC) regarding expiration of Sempra L/C. |
| O'Loughlin, Morgan | 7/7/2009 | 0.6 | Review prior week cash detail report for accuracy. |
| Cashman, Brian | 7/8/2009 | 0.1 | Review weekly cash flow report prepared by M. O'Loughlin (FTI). |
| Cashman, Brian | 7/9/2009 | 1.2 | Review May monthly operating report.  Review balance sheet flux and understand changes in the balance sheet.  Review appendix items for reasonableness. |
| Cashman, Brian | 7/9/2009 | 0.6 | Review May MOR with A. Pietrantoni (CC) and M. Mosier (CC). |
| O'Loughlin, Morgan | 7/9/2009 | 1.6 | Prepare weekly cash flow and tie out to bank balance. |
| O'Loughlin, Morgan | 7/9/2009 | 0.9 | Participate in meeting with K. Bradshaw (CC) regarding outstanding check roll forward calculation. |
| O'Loughlin, Morgan | 7/9/2009 | 0.6 | Update notes for weekly cash flow. |
| O'Loughlin, Morgan | 7/9/2009 | 0.4 | Follow up with L. Baldyga (CC) regarding insurance reimbursement details. |
| O'Loughlin, Morgan | 7/13/2009 | 0.8 | Categorize prior week checks cut for weekly cash report. |
| O'Loughlin, Morgan | 7/13/2009 | 0.6 | Update outstanding check roll forward based on November stub rent checks released. |
| O'Loughlin, Morgan | 7/13/2009 | 0.5 | Participate in meeting with K. Silva regarding prior weeks check cut detail. |
| O'Loughlin, Morgan | 7/14/2009 | 1.1 | Review weekly cash report provided by K. Bradshaw (CC) for accuracy. |
| Flynn-Kasuba, Ryan | 7/14/2009 | 1.7 | Reconcile weekly check and cash file. |
| Cashman, Brian | 7/15/2009 | 0.3 | Respond to question from A. Pietrantoni (CC) regarding interim fee applications. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Bankruptcy Reporting and Post-petition Accounting** | | | |
| O'Loughlin, Morgan | 7/15/2009 | 1.4 | Prepare weekly cash flow report for prior week and tie out to bank balance. |
| O'Loughlin, Morgan | 7/15/2009 | 0.6 | Update cash and outstanding check roll forwards. |
| O'Loughlin, Morgan | 7/15/2009 | 0.5 | Create notes for weekly cash flow report. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 1.3 | Update cash flow with prior week checks cut data. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 1.2 | Compile most recent credit card holdback figures for liquidation analysis. |
| Cashman, Brian | 7/16/2009 | 0.3 | Review weekly cash flow report prepared by M. O'Loughlin (FTI). |
| Cashman, Brian | 7/20/2009 | 0.2 | Confirm May MOR was filed with D. Blanks (MW). |
| O'Loughlin, Morgan | 7/21/2009 | 0.9 | Categorize prior week checks cut for weekly cash report. |
| O'Loughlin, Morgan | 7/21/2009 | 0.9 | Finalize weekly cash report and tie to actual bank cash balance. |
| O'Loughlin, Morgan | 7/21/2009 | 0.6 | Prepare notes for weekly cash report. |
| O'Loughlin, Morgan | 7/21/2009 | 0.6 | Participate in meeting with K. Silva (CC) regarding transitioning E/P and check disbursement work. |
| O'Loughlin, Morgan | 7/22/2009 | 0.6 | Make edits to weekly cash report and distribute to Company and B of A. |
| O'Loughlin, Morgan | 7/22/2009 | 0.6 | Participate in meeting with H. Mehrten (CC) regarding outstanding check lists provided by banks. |
| Cashman, Brian | 7/28/2009 | 0.9 | Review weekly cash flow report prepared by S. Lai (FTI). |
| Cashman, Brian | 7/28/2009 | 0.3 | Discuss outstanding checks with M. Mosier (CC) and adjustment to weekly cash flow report. |
| Lai, Stephanie | 7/29/2009 | 0.9 | Prepare weekly cash report. |
| Cashman, Brian | 7/30/2009 | 0.9 | Review weekly cash flow report prepared by S. Lai (FTI). |
| Cashman, Brian | 7/30/2009 | 0.4 | Discuss weekly cash flow report with M. Mosier (CC) and J. Marcum (CC) and impact of outstanding checks. |
| Lai, Stephanie | 7/30/2009 | 0.9 | Revise notes on weekly cash report to explain bonus payments. |
| **Subtotal - Bankruptcy Reporting and Post-petition Accounting** | | **94.4** | |
| **Canadian Matters** | | | |
| Cashman, Brian | 6/2/2009 | 0.3 | Review Canadian cash flow report. |
| Cashman, Brian | 6/8/2009 | 0.3 | Participate in discussions with J. Marcum (CC) the need to perform Canadian due diligence. |
| Lai, Stephanie | 6/8/2009 | 0.9 | Read and review Canadian Asset Purchase Agreement to understand the stipulations of closing. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lai, Stephanie | 6/8/2009 | 0.8 | Meet with J. Marcum (CC) and M. Mosier (CC) to discuss work plan for Canadian close. |
| Lai, Stephanie | 6/8/2009 | 0.5 | Participate on call with G. Watson (FTI Canada) for status update and to discuss working capital adjustment issues. |
| Cashman, Brian | 6/9/2009 | 1.5 | Participate in conference call with G. Watson (FTI Canada), S. Lai (FTI), J. Marcum (CC), and M. Mosier (CC) to discuss wind down of Canadian estate, Monitor role, waterfall of funds, working capital adjustment, and real estate issues. |
| Cashman, Brian | 6/9/2009 | 0.6 | Participate in call with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI) and Canadian representatives to discuss Star choice matter relating to sale of Canadian operations. |
| Cashman, Brian | 6/9/2009 | 0.5 | Participate in call with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI) and Canadian representatives to discuss time line and action items associated with Canadian sale. |
| Cashman, Brian | 6/9/2009 | 0.4 | Participate in call with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI) and G. Watson (FTI Canada) to discuss time line and action items associated with Canadian sale. |
| Cashman, Brian | 6/9/2009 | 0.2 | Review Canadian cash flow report. |
| Lai, Stephanie | 6/9/2009 | 1.5 | Participate in conference call with G. Watson (FTI Canada), B. Cashman (FTI), J. Marcum (CC), and M. Mosier (CC) to discuss wind down of Canadian estate, Monitor role, waterfall of funds, working capital adjustment, and real estate issues. |
| Lai, Stephanie | 6/9/2009 | 1.3 | Respond to emails regarding US Canadian update with FTI Canada. |
| Lai, Stephanie | 6/9/2009 | 0.8 | Meet with J. Marcum (CC) to discuss Bell's request for InterTAN's annual forecast and how to with communicating to legal and purchaser. |
| Lai, Stephanie | 6/9/2009 | 0.8 | Develop work plan to circulate among Canadian Closing team. |
| Lai, Stephanie | 6/9/2009 | 0.6 | Participate in call with J. Marcum (CC), M. Mosier (CC), B. Cashman (FTI) and Canadian representatives to discuss Star choice matter relating to sale of Canadian operations. |
| Lai, Stephanie | 6/9/2009 | 0.5 | Participate in call with J. Marcum (CC), M. Mosier (CC), B. Cashman (FTI) and Canadian representatives to discuss time line and action items associated with Canadian sale. |
| Lai, Stephanie | 6/9/2009 | 0.4 | Participate in call with J. Marcum (CC), M. Mosier (CC), B. Cashman (FTI) and G. Watson (FTI Canada) to discuss time line and action items associated with Canadian sale. |
| Lai, Stephanie | 6/10/2009 | 1.0 | Develop an updated wind down budget for projection of cash outlays necessary for wind down. |
| Lai, Stephanie | 6/10/2009 | 1.0 | Create timeline and work plan regarding Canadian matters. |
| Lai, Stephanie | 6/10/2009 | 0.9 | Discuss work plan coordination and list of wind down items remaining InterTAN employees would need to do with S. Moore (Alvarez) and A. Sisask (FTI Canada). |
| Lai, Stephanie | 6/10/2009 | 0.9 | Participate in call with S. Moore (Alvarez) to discuss Canadian claim reconciliation and to coordinate call with US estate. |
| Lai, Stephanie | 6/10/2009 | 0.7 | Read and review the Canadian asset purchase agreement to include accurate depiction of timing of post closing activities and costs in the wind down budget. |
| Lai, Stephanie | 6/10/2009 | 0.5 | Review prior wind down budget with A. Sisask (FTI Canada) to discuss process of updating and forecasting new wind down. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lai, Stephanie | 6/10/2009 | 0.4 | Discuss timeline and "to do" list with A. Sisask (FTI Canada) and G. Watson (FTI Canada). |
| Cashman, Brian | 6/11/2009 | 1.1 | Meet with M. Mosier (CC), S. Lai (FTI), S. Moore (Alvarez) and members of Canadian management team to discuss status of claims. |
| Lai, Stephanie | 6/11/2009 | 1.3 | Participate on call with M. Mosier (CC), J. Marcum (CC), and Canadian management team to discuss working capital adjustment changes from original forecast. |
| Lai, Stephanie | 6/11/2009 | 1.1 | Meet with M. Mosier (CC), B. Cashman (FTI), S. Moore (Alvarez) and members of Canadian management team to discuss status of claims. |
| Lai, Stephanie | 6/11/2009 | 0.7 | Discuss additional accruals and receivables that may be needed to be included in working capital adjustment with A. Sisask (FTI Canada). |
| Lai, Stephanie | 6/11/2009 | 0.6 | Review updated working capital adjustment provided by I. Young (CC Canada) for accuracy and variances to prior version. |
| Lai, Stephanie | 6/11/2009 | 0.4 | Update wind down budget using revised working capital adjustment. |
| Lai, Stephanie | 6/11/2009 | 0.4 | Meet with J. Marcum (CC) to discuss update on Star Choice settlement. |
| Lai, Stephanie | 6/12/2009 | 0.7 | Update wind down budget per comments from A. Sisask (FTI Canada). |
| Lai, Stephanie | 6/12/2009 | 0.6 | Review wind down budget with A. Sisask (FTI Canada). |
| Lai, Stephanie | 6/17/2009 | 1.7 | Meet with M. Mosier (CC), J. McDonald (CC), Osler, Goodmans, Alvarez, and Canadian management to discuss preparation for closing sale with Bell. |
| Lai, Stephanie | 6/17/2009 | 1.4 | Participate on call with M. Mosier (CC), J. McDonald (CC), Osler, Goodmans, Alvarez, Bell, and Canadian management to discuss outstanding issues regarding allocation of trademarks, lease consents, and setting up LC's with Bell. |
| Lai, Stephanie | 6/17/2009 | 0.9 | Review claims reconciliation, wind down budget, and agenda with G. Watson (FTI Canada) and A. Sisask (FTI Canada) to prepare for meeting with Canadian management and legal counsel. |
| Cashman, Brian | 6/18/2009 | 0.2 | Discuss trip to Canada and any issues and action items with M. Mosier (CC). |
| Lai, Stephanie | 6/18/2009 | 0.9 | Coordinate with S. Moore (Alvarez) and A. Sisask (FTI Canada) to discuss status and distribution of landlord payments for lease consents. |
| Lai, Stephanie | 6/18/2009 | 0.7 | Review Canadian trial balance with A. Sisask (FTI Canada) to understand underlying detail behind working capital adjustment. |
| Lai, Stephanie | 6/18/2009 | 0.6 | Review draft of wind down budget for court with I. Young (CC Canada). |
| Lai, Stephanie | 6/18/2009 | 0.5 | Speak with J. Murray (Osler) J. Latham (Goodman's), and A. Hutchens (Alvarez) to obtain professional fee estimate for wind down budget. |
| Lai, Stephanie | 6/18/2009 | 0.5 | Discuss approach on how to handle withholding tax liability to the US from Canadian sale with J. McDonald. |
| Lai, Stephanie | 6/18/2009 | 0.4 | Debrief A. Sisask (FTI Canada) on remainder of 6/17 meeting. |
| Lai, Stephanie | 6/18/2009 | 0.4 | Update wind down budget with professional fee estimates provided by professionals. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lai, Stephanie | 6/19/2009 | 1.3 | Participate on call with A. Sisask (FTI Canada) and I. Young (CC Canada) to discuss trial balance and working capital adjustment. |
| Lai, Stephanie | 6/19/2009 | 1.0 | Participate on call with J. Murray (Osler) to discuss updates and changes to wind down budget for Canadian court. |
| Lai, Stephanie | 6/19/2009 | 0.8 | Review working capital adjustment estimate provided by I. Young (CC Canada). |
| Lai, Stephanie | 6/19/2009 | 0.5 | Update wind down budget per J. Murray (Osler) comments. |
| Lai, Stephanie | 6/19/2009 | 0.4 | Update G. Watson (FTI Canada) regarding retention and wind down budget. |
| Lai, Stephanie | 6/22/2009 | 1.2 | Call with InterTAN, M. Mosier (CC), J. Marcum (CC) and Osler, Monitor to discuss working capital changes. |
| Lai, Stephanie | 6/22/2009 | 0.5 | Review UCC presentation edits from M. O'Loughlin (FTI) and S. Burke (FTI). |
| Lai, Stephanie | 6/22/2009 | 0.5 | Discuss retention and retainers for post closing with G. Watson (FTI Canada). |
| Lai, Stephanie | 6/22/2009 | 0.4 | Review materials distributed prior to and after call. |
| Lai, Stephanie | 6/23/2009 | 1.2 | Develop Canadian proceeds waterfall to US based on updated balance sheet adjustment and allocation of trademark. |
| Lai, Stephanie | 6/23/2009 | 1.0 | Develop Star Choice potential damage claim schedule showing Star Choice claim and potential receivable from inventory. |
| Lai, Stephanie | 6/23/2009 | 0.8 | Analyze revised working capital adjustment provided by I. Young (CC Canada). |
| Lai, Stephanie | 6/23/2009 | 0.7 | Discuss methodology of calculating Star Choice revenue residual with J. Jones (CC Canada). |
| Lai, Stephanie | 6/23/2009 | 0.5 | Discuss damage claim language Star Choice contract with C. Miller (CC Canada). |
| Lai, Stephanie | 6/23/2009 | 0.5 | Update Canadian wind down cash flow  to reflect edits from M. Mosier (CC). |
| Lai, Stephanie | 6/24/2009 | 0.9 | Participate on call with Monitors S. Moore (Alvarez) and A. Hutchens (Alvarez) provide methodology of cash flow assumptions. |
| Lai, Stephanie | 6/24/2009 | 0.9 | Participate on call with J. Marcum (CC), M. Mosier (CC) and Canadian Management for Canadian closing update with Bell Canada. |
| Lai, Stephanie | 6/24/2009 | 0.8 | Coordinate with A. Sisask (FTI Canada) to discuss finalization of cash flow wind down budget for court. |
| Lai, Stephanie | 6/24/2009 | 0.7 | Discuss historical versus forecasted capex spend by InterTAN with A. Sisask (FTI Canada) and G. Watson (FTI Canada). |
| Lai, Stephanie | 6/24/2009 | 0.4 | Provide updates to J. Dacks (Osler) and J. Murray (Osler) regarding status of Canadian cash flow to be submitted to court. |
| Lai, Stephanie | 6/24/2009 | 0.4 | Review files to understand budget capex versus actual capex since signing of Canadian sale. |
| Cashman, Brian | 6/25/2009 | 0.5 | Review analysis prepared by S. Lai (FTI) that calculates potential damages regarding Canadian merchandise vendor. |
| Lai, Stephanie | 6/25/2009 | 1.1 | Review eighth Monitor court report. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Lai, Stephanie | 6/25/2009 | 0.9 | Finalize Canadian wind down budget for court with Osler, I. Young (CC Canada), and A. Hutchens (Alvarez). |
| Lai, Stephanie | 6/25/2009 | 0.8 | Participate in discussions with G. Watson (FTI Canada) regarding capex schedule provided by I. Young (CC Canada). |
| Lai, Stephanie | 6/25/2009 | 0.5 | Review analysis with B. Cashman (FTI) that calculates potential damages regarding Canadian merchandise vendor. |
| Lai, Stephanie | 6/25/2009 | 0.4 | Obtain status update from Canadian Monitor regarding status of cash flow filing with the court. |
| Lai, Stephanie | 6/26/2009 | 1.2 | Participate on call with M. Mosier (CC) to review draft of Star Choice analysis demonstrating potential damages. |
| Lai, Stephanie | 6/29/2009 | 0.9 | Participate on call with B. Dinan (Source) to discuss revised assumption for Star Choice damage analysis. |
| Lai, Stephanie | 6/29/2009 | 0.8 | Participate on call with J. Marcum (CC), M. Mosier (CC), InterTAN, and Osler for Canadian update. |
| Lai, Stephanie | 6/30/2009 | 0.6 | Update Canadian waterfall for BOD deck with J. Marcum (CC) and M. Mosier (CC). |
| Lai, Stephanie | 6/30/2009 | 0.4 | Revise Star Choice damage analysis to include updated assumptions. |
| O'Loughlin, Morgan | 6/30/2009 | 0.3 | Review schedule of net proceeds from sale of Canada to U.S. entity with S. Burke (FTI). |
| Burke, Samantha | 6/30/2009 | 0.3 | Review schedule of net proceeds from sale of Canada to U.S. entity with M. O'Loughlin (FTI). |
| Cashman, Brian | 7/1/2009 | 0.7 | Discuss with J. Marcum (CC) the current events of the case specifically the close of the Canadian operations and the warranty proceeds. |
| Cashman, Brian | 7/2/2009 | 0.8 | Participate on call with J. Murray (Osler) and S. Lai (FTI) regarding Starchoice correspondences with Company. |
| Lai, Stephanie | 7/2/2009 | 1.3 | Review draft of Intertan settlement agreement with Starchoice and corresponding schedules and support. |
| Lai, Stephanie | 7/2/2009 | 0.8 | Participate on call with J. Murray (Osler) and B. Cashman (FTI) regarding Starchoice correspondences with Company. |
| Cashman, Brian | 7/15/2009 | 0.8 | Review Canadian APA and closing balance sheet in anticipation of call to discuss. |
| Cashman, Brian | 7/15/2009 | 0.4 | Participate on call on with M. Mosier (CC), J. Marcum (CC), and J. Tabor (Osler) to discuss working capital adjustment associated with sale of Canadian assets. |
| Cashman, Brian | 7/16/2009 | 0.7 | Participate on call with G. Watson (FTI Canada), to discuss due diligence on Canadian closing balance sheet. |
| Cashman, Brian | 7/16/2009 | 0.4 | Participate in call with G. Watson (FTI Canada) and A. Sisask (FTI) to discuss due diligence procedures on Canadian subsidiary closing balance sheet. |
| Lai, Stephanie | 7/16/2009 | 0.9 | Discuss with A. Sisask (FTI Canada) on documents needed for review of Intertan working capital adjustment. |
| Lai, Stephanie | 7/16/2009 | 0.6 | Answer B. Cashman's (FTI) questions regarding documents from Intertan. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Canadian Matters** | | | |
| Cashman, Brian | 7/20/2009 | 0.2 | Discuss with J. Marcum (CC) the request for information list relating to Canadian due diligence procedures. |
| Cashman, Brian | 7/21/2009 | 0.3 | Participate on call to discuss Canadian claims. |
| Cashman, Brian | 7/22/2009 | 0.4 | Discuss updates to information request list for Canadian closing balance sheet with J. Marcum (CC). |
| Lee, Geon | 7/23/2009 | 1.0 | Communicate updates to information request list for Canadian closing balance sheet after discussion with J. Marcum (CC) from B. Cashman (FTI). |
| Cashman, Brian | 7/23/2009 | 1.0 | Communicate updates to information request list for Canadian closing balance sheet after discussion with J. Marcum (CC) to G. Lee (FTI). |
| **Subtotal - Canadian Matters** | | **66.8** | |

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian | 5/1/2009 | 0.3 | Review questions from A. Pietrantoni (CC) regarding HR claims. |
| Cashman, Brian | 5/4/2009 | 0.8 | Respond to questions from H. Ferguson (CC) regarding 503(b)(9) claims. |
| Cashman, Brian | 5/4/2009 | 0.7 | Respond to various emails from M. Mosier (CC) and H. Ferguson (CC) regarding claims. |
| Cashman, Brian | 5/4/2009 | 0.6 | Respond to questions from A. Pietrantoni (CC) regarding claims relating to human resources. |
| Behnke, Thomas A | 5/5/2009 | 1.3 | Participate in call with B. Cashman (FTI) and H. Ferguson (CC) regarding update on claims management. |
| Cashman, Brian | 5/5/2009 | 1.3 | Participate in call with T. Behnke (FTI) and H. Ferguson (CC) regarding update on claims management. |
| Cashman, Brian | 5/5/2009 | 1.1 | Review reclamation classification of claims from KCC database. |
| Cashman, Brian | 5/5/2009 | 1.0 | Review landlord/lease natures of claims from KCC database. |
| Waiting, Mark | 5/5/2009 | 0.9 | Compile past versions of substantive consolidation analyses and create template for CC. |
| Cashman, Brian | 5/5/2009 | 0.8 | Review merchandise payables natures of claims from KCC database. |
| Cashman, Brian | 5/5/2009 | 0.7 | Review expense payables natures of claims from KCC database. |
| Cashman, Brian | 5/5/2009 | 0.6 | Review accounts payables natures of claims from KCC database. |
| Waiting, Mark | 5/5/2009 | 0.5 | Review lease sales and cures expunged analysis prepared by M. O'Loughlin (FTI). |
| Cashman, Brian | 5/5/2009 | 0.4 | Review legal natures of claims from KCC database. |
| Cashman, Brian | 5/5/2009 | 0.3 | Review customer natures of claims from KCC database. |
| Cashman, Brian | 5/5/2009 | 0.3 | Review equity natures of claims from KCC database. |
| O'Loughlin, Morgan | 5/5/2009 | 1.8 | Set up substantive consolidation template for all 18 debtors. |

Circuit City Stores, Inc.
FTI Consulting, Inc.
Exhibit C - Complete Accounting of Time Expended by Day by Professional
For the Period 5/1/2009 through and including 7/31/2009

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 5/5/2009 | 1.4 | Create summary schedule for all claims by debtor for substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/5/2009 | 1.2 | Begin to synch up low side of liquidation analysis asset recovery section with substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/5/2009 | 1.1 | Review substantive consolidation analysis template and make updates based on prior cases. |
| O'Loughlin, Morgan | 5/5/2009 | 0.4 | Create algorithm to calculate effect of intercompany balances on unsecured payout recoveries. |
| Coulombe, Stephen L | 5/6/2009 | 1.1 | Participate on call with R. Duffy (FTI) and J. Marcum (CC) regarding claims reconciliation strategy and timing. |
| Duffy, Robert J | 5/6/2009 | 1.1 | Participate on call with S. Coulombe (FTI) and J. Marcum (CC) regarding claims reconciliation strategy and timing. |
| Duffy, Robert J | 5/6/2009 | 0.9 | Provide edits to case status presentation to M. O'Loughlin (FTI). |
| Coulombe, Stephen L | 5/6/2009 | 0.7 | Participate on a conference call with S. Rinaldi (FTI) and B. Cashman (FTI) to discuss the claims reconciliation process and prioritization of reconciliation work. |
| Coulombe, Stephen L | 5/6/2009 | 0.3 | Participate on call with M. O'Loughlin (FTI) and S. Rinaldi (FTI) regarding claims management process. |
| Rinaldi, Scott A | 5/6/2009 | 0.7 | Participate on a conference call with S. Coulombe (FTI) and B. Cashman (FTI) to discuss the claims reconciliation process and prioritization of reconciliation work. |
| Rinaldi, Scott A | 5/6/2009 | 0.3 | Participate on call with S. Coulombe (FTI) and M. O'Loughlin (FTI) regarding claims management process. |
| Behnke, Thomas A | 5/6/2009 | 0.8 | Participate on case status call with J. Marcum (CC), H. Ferguson (CC), M. Mosier (CC), B. Cashman (FTI), I. Fredericks (SASMF) and J. Liberi (SASMF). |
| Behnke, Thomas A | 5/6/2009 | 0.2 | Review correspondence and claims analysis and follow up. |
| Cashman, Brian | 5/6/2009 | 0.8 | Participate on case status call with J. Marcum (CC), H. Ferguson (CC), M. Mosier (CC), T. Behnke (FTI), I. Fredericks (SASMF) and J. Liberi (SASMF). |
| Cashman, Brian | 5/6/2009 | 0.7 | Participate on a conference call with S. Rinaldi (FTI) and S. Coulombe (FTI) to discuss the claims reconciliation process and prioritization of reconciliation work. |
| Cashman, Brian | 5/6/2009 | 0.4 | Review work plan on claims management prepared by FTI and H. Ferguson (CC). |
| Cashman, Brian | 5/6/2009 | 0.2 | Participate on call with M. Mosier (CC), A. Pietrantoni (CC) and I. Fredericks (Skadden) to discuss human resources and equity claims. |
| Ryba, Lauren | 5/6/2009 | 1.3 | Review claims register and tracking work plan with assumptions received from S. Rinaldi (FTI). |
| Ryba, Lauren | 5/6/2009 | 1.2 | Review claims work plan and update for most efficient tracking process. |
| Ryba, Lauren | 5/6/2009 | 0.9 | Participate on claims management call with L. Lambert (CC), M. Mosier (CC) and H. Ferguson (CC). |
| Ryba, Lauren | 5/6/2009 | 0.8 | Participate in meeting with J. Marcum (CC), M. O'Loughlin (FTI), H. Ferguson (CC) and M. Mosier (CC) to Access claims database and next steps in reconciliation process. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 5/6/2009 | 1.2 | Calculate payout % to unsecured claims by debtor for substantive consolidation. |
| O'Loughlin, Morgan | 5/6/2009 | 1.2 | Design claims management work plan with assumptions by nature of claim group. |
| O'Loughlin, Morgan | 5/6/2009 | 0.8 | Review claims meeting notes and summary. |
| O'Loughlin, Morgan | 5/6/2009 | 0.8 | Review claims assumptions by function and provide update. |
| O'Loughlin, Morgan | 5/6/2009 | 0.8 | Participate in meeting with J. Marcum (CC), L. Ryba (FTI), H. Ferguson (CC) and M. Mosier (CC) to Access claims database and next steps in reconciliation process. |
| O'Loughlin, Morgan | 5/6/2009 | 0.6 | Bucket wind down disbursement expenses by debtor for substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/6/2009 | 0.3 | Participate on call with S. Coulombe (FTI) and S. Rinaldi (FTI) regarding claims management process. |
| Coulombe, Stephen L | 5/7/2009 | 1.1 | Examine substantive consolidation analysis and provide comments to team. |
| Duffy, Robert J | 5/7/2009 | 1.0 | Review claims management work plan and realign team for improved efficiency for client management and entire process. |
| Behnke, Thomas A | 5/7/2009 | 0.5 | Follow up on various correspondence regarding claims matters and preference. |
| Cashman, Brian | 5/7/2009 | 0.4 | Summarize notes from HR/Equity claims meeting into claims work plan. |
| Ryba, Lauren | 5/7/2009 | 1.2 | Review current claim status update with H. Ferguson (CC) and differences between claims completed, pending/open and already objected. |
| Ryba, Lauren | 5/7/2009 | 1.1 | Attend meeting with A. Pietrantoni (CC) to review the HR and equity claims work plan process. |
| Ryba, Lauren | 5/7/2009 | 1.0 | Review EP wire detail listing for claims received from M. Wilhelm (CC). |
| Ryba, Lauren | 5/7/2009 | 0.8 | Attend meeting with M. O'Loughlin (FTI), H. Ferguson (CC) and K. Barksdale (CC) to review single claims and overall process for developing a detailed claims work plan and distribution of tasks. |
| Ryba, Lauren | 5/7/2009 | 0.2 | Follow up with claims team to determine who is performing which tasks. |
| O'Loughlin, Morgan | 5/7/2009 | 0.9 | Participate in meeting with J. Mcdonald (CC) regarding tax department strategy and process for reconciling claims. |
| O'Loughlin, Morgan | 5/7/2009 | 0.8 | Attend meeting with L. Ryba (FTI), H. Ferguson (CC) and K. Barksdale (CC) to review single claims and overall process for developing a detailed claims work plan and distribution of tasks. |
| Behnke, Thomas A | 5/8/2009 | 0.9 | Follow up and coordination regarding amending schedules and filing omnibus objections 5 & 6. |
| Behnke, Thomas A | 5/8/2009 | 0.5 | Discuss filing Omnibus objects 5 & 6 with E. Gershbein (KCC). |
| Behnke, Thomas A | 5/8/2009 | 0.1 | Research creditor request regarding liability schedule as requested by counsel. |
| Ryba, Lauren | 5/8/2009 | 1.7 | Review revised triage file on additional claims provided by H. Ferguson (CC) to ensure all NOCG were updated. |
| O'Loughlin, Morgan | 5/8/2009 | 1.8 | Update substantive consolidation analysis with latest 503(b)(9) and unsecured claim values. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 5/8/2009 | 1.1 | Create amended SOFA 90 day payment exhibit for court filing. |
| O'Loughlin, Morgan | 5/8/2009 | 0.7 | Review CCSI SOFA 90 day payment file for amended filing exhibit. |
| O'Loughlin, Morgan | 5/8/2009 | 0.4 | Create electronic signature pages for 90 day payment file and distribute to McGuire Woods for filing. |
| O'Loughlin, Morgan | 5/8/2009 | 0.3 | Create reference to global notes for 90 day payment amended file. |
| Bibby, Thomas | 5/11/2009 | 1.6 | Attend meeting with T. Behnke (FTI) regarding status of claims database; 503 (b)(9) claims reconciliations and claims objections; updating claims after government bar date; preference status; and next steps on claims reconciliations. |
| Bibby, Thomas | 5/11/2009 | 1.3 | Review claims management work plan and provide comments to B. Cashman (FTI). |
| Bibby, Thomas | 5/11/2009 | 1.1 | Review FTI claims database for status of claims reconciliations and objections updates. |
| Behnke, Thomas A | 5/11/2009 | 1.6 | Attend meeting with T. Bibby (FTI) regarding status of claims database; 503 (b)(9) claims reconciliations and claims objections; updating claims after government bar date; preference status; and next steps on claims reconciliations. |
| Behnke, Thomas A | 5/11/2009 | 0.3 | Discuss revisions to claim objection exhibit with D. Blanks (MW). |
| Behnke, Thomas A | 5/11/2009 | 0.2 | Follow up on various correspondence and analysis of claim docketing errors and nature of claim changes from triage file and follow up regarding project task documentation and objections. |
| Robinson, Joshua M. | 5/11/2009 | 1.6 | Animalize data for expense payables vendors and preference analysis. |
| Robinson, Joshua M. | 5/11/2009 | 0.4 | Work with D. Torres (FTI) regarding expense payables vendors and preference analysis. |
| Ryba, Lauren | 5/11/2009 | 0.3 | Review status update for claims section provided by T. Behnke (FTI) and determine more detail of process is needed. |
| McKeighan, Erin | 5/11/2009 | 0.3 | Direct D. Torres (FTI) on multiple claim updates in CMS. |
| Torres, Diego | 5/11/2009 | 0.4 | Work with J. Robinson (FTI) regarding expense payables vendors and preference analysis. |
| Duffy, Robert J | 5/12/2009 | 0.7 | Review ordinary course preference analysis strategy with S. Coulombe (FTI). |
| Coulombe, Stephen L | 5/12/2009 | 0.5 | Participate on conference call with S. Rinaldi (FTI), B. Cashman (FTI) and M. O'Loughlin (FTI) to discus the claims reconciliation process, current status and next steps. |
| Bibby, Thomas | 5/12/2009 | 1.7 | Review Omnibus Claims objection number 2 and 3 prepared by T. Behnke (FTI) and compare to database to reflect update. |
| Bibby, Thomas | 5/12/2009 | 0.8 | Participate on teleconference with T. Behnke (FTI) to review open items in claims process work plan for the company and FTI. |
| Bibby, Thomas | 5/12/2009 | 0.5 | Review 503(b)(9) work plan for tasks needed to be performed. |
| Rinaldi, Scott A | 5/12/2009 | 0.5 | Participate on conference call with S. Coulombe (FTI), B. Cashman (FTI) and M. O'Loughlin (FTI) to discus the claims reconciliation process, current status and next steps. |
| Behnke, Thomas A | 5/12/2009 | 0.8 | Participate on teleconference with T. Bibby (FTI) to review open items in claims process work plan for the company and FTI. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Behnke, Thomas A | 5/12/2009 | 0.7 | Follow up on various correspondence regarding objections and claim tasks and review of objection exhibit changes. |
| Behnke, Thomas A | 5/12/2009 | 0.3 | Discuss claim tasks with E. McKeighan (FTI) and J. Robinson (FTI). |
| Robinson, Joshua M. | 5/12/2009 | 2.2 | Assist D. Torres (FTI) with preference analysis. |
| Robinson, Joshua M. | 5/12/2009 | 0.3 | Discuss claim tasks with T. Behnke (FTI) and E. McKeighan (FTI). |
| Cashman, Brian | 5/12/2009 | 0.9 | Review listing of preferences relating to merchandise vendors as calculated by the Company and FTI. |
| Cashman, Brian | 5/12/2009 | 0.9 | Review listing of 503(b)(9) claims. |
| Cashman, Brian | 5/12/2009 | 0.8 | Discuss 503(b)(9) claims with M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian | 5/12/2009 | 0.4 | Review listing of preferences relating to expense payables vendors as calculated by the Company and FTI. |
| McKeighan, Erin | 5/12/2009 | 1.4 | Draft additional claims on claim objections to be filed with the court. |
| McKeighan, Erin | 5/12/2009 | 1.2 | Process claim objections and send to T. Behnke (FTI) for review. |
| McKeighan, Erin | 5/12/2009 | 1.1 | Reconcile CMS database to files provided by H. Ferguson (CC). |
| McKeighan, Erin | 5/12/2009 | 1.0 | Make changes to multiple claim objections as directed by D. Blanks (MW). |
| McKeighan, Erin | 5/12/2009 | 0.3 | Discuss claim tasks with T. Behnke (FTI) and J. Robinson (FTI). |
| Torres, Diego | 5/12/2009 | 2.2 | Work with J. Robinson (FTI) on preference analysis. |
| Torres, Diego | 5/12/2009 | 1.5 | Provide analyses for Expense Payable preference report. |
| Torres, Diego | 5/12/2009 | 0.8 | Discuss EP preference analysis with L. Nemerov (FTI). |
| Nemerov, Lara | 5/12/2009 | 0.8 | Discuss EP preference analysis with D. Torres (FTI). |
| Bibby, Thomas | 5/13/2009 | 1.3 | Review Omnibus Claims objection number 5 and 6 prepared by FTI and compare to database to reflect update. |
| Bibby, Thomas | 5/13/2009 | 0.8 | Review claims tasks with T. Behnke (FTI), J. Robinson (FTI), E. McKeighan (FTI) and B. Cashman (FTI). |
| Bibby, Thomas | 5/13/2009 | 0.6 | Participate on call with T.  Behnke (FTI) and B. Cashman (FTI) to discuss claims management, status of KCC upload into CMS system and next steps. |
| Behnke, Thomas A | 5/13/2009 | 0.8 | Review claims tasks with E. McKeighan (FTI), J. Robinson (FTI), T. Bibby (FTI) and B. Cashman (FTI). |
| Behnke, Thomas A | 5/13/2009 | 0.6 | Participate on call with B. Cashman (FTI) and T. Bibby (FTI) to discuss claims management, status of KCC upload into CMS system and next steps. |
| Behnke, Thomas A | 5/13/2009 | 0.4 | Discuss task list and to do's for case going forward with J. Robinson (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Behnke, Thomas A | 5/13/2009 | 0.3 | Participate on call with B. Cashman (FTI) and CMS team to discuss claims management, status of preference calculations, 503(b)(9) calculations and status of KCC upload into CMS system and next steps. |
| Behnke, Thomas A | 5/13/2009 | 0.2 | Follow up on revision regarding omnibus objections 2 and 3. |
| Behnke, Thomas A | 5/13/2009 | 0.1 | Draft documentation regarding tracking of 503(b)(9) claims. |
| Robinson, Joshua M. | 5/13/2009 | 0.8 | Continue to work with D. Torres (FTI) regarding EP preference analysis and overview. |
| Robinson, Joshua M. | 5/13/2009 | 0.8 | Review claims tasks with T. Behnke (FTI), T. Bibby (FTI), E. McKeighan (FTI) and B. Cashman (FTI). |
| Robinson, Joshua M. | 5/13/2009 | 0.4 | Discuss task list and to do's for case going forward with T. Behnke (FTI). |
| Cashman, Brian | 5/13/2009 | 0.9 | Discuss priority claims with H. Ferguson (CC). |
| Cashman, Brian | 5/13/2009 | 0.8 | Review claims tasks with E. McKeighan (FTI), J. Robinson (FTI), T. Bibby (FTI) and T. Behnke (FTI). |
| Cashman, Brian | 5/13/2009 | 0.7 | Meet with H. Ferguson (CC) and M. Mosier (CC) for claims status update. |
| Cashman, Brian | 5/13/2009 | 0.6 | Participate on call with T. Bibby (FTI) and T. Behnke (FTI) to discuss claims management, status of KCC upload into CMS system and next steps. |
| Cashman, Brian | 5/13/2009 | 0.5 | Participate on conference call with S. Coulombe (FTI), S. Rinaldi (FTI) and M. O'Loughlin (FTI) to discus the claims reconciliation process, current status and next steps. |
| Cashman, Brian | 5/13/2009 | 0.5 | Review draft project plan. |
| Cashman, Brian | 5/13/2009 | 0.3 | Participate on call with T. Behnke (FTI) and CMS team to discuss claims management, status of preference calculations, 503(b)(9) calculations and status of KCC upload into CMS system and next steps. |
| Ryba, Lauren | 5/13/2009 | 0.9 | Review omnibus five and six received from T. Behnke (FTI) and confirm the filing date. |
| McKeighan, Erin | 5/13/2009 | 0.8 | Review claims tasks with T. Behnke (FTI), J. Robinson (FTI), T. Bibby (FTI) and B. Cashman (FTI). |
| McKeighan, Erin | 5/13/2009 | 0.7 | Remove specific claims from claim objections and provide to T. Behnke (FTI). |
| McKeighan, Erin | 5/13/2009 | 0.5 | Process claim updates as provided by H. Ferguson (CC) . |
| Torres, Diego | 5/13/2009 | 2.1 | Continue to work one expense payable preference analysis. |
| Torres, Diego | 5/13/2009 | 2.1 | Provide analyses for Expense Payable preference report. |
| O'Loughlin, Morgan | 5/13/2009 | 1.4 | Create summary of claims from CMSi detailed report with status. |
| Torres, Diego | 5/13/2009 | 0.8 | Continue to work with J. Robinson (FTI) regarding EP preference analysis and overview. |
| O'Loughlin, Morgan | 5/13/2009 | 0.6 | Review CMSi claims management software for reporting capabilities. |
| O'Loughlin, Morgan | 5/13/2009 | 0.5 | Participate on conference call with S. Coulombe (FTI), B. Cashman (FTI) and S. Rinaldi (FTI) to discus the claims reconciliation process, current status and next steps. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Bibby, Thomas | 5/14/2009 | 1.5 | Review file of vendor identification numbers to match to proofs of claims to assist in claims reconciliation process supplied by H. Ferguson (CC). |
| Rinaldi, Scott A | 5/14/2009 | 2.0 | Participate in work session (afternoon) with B. Cashman (FTI) to discuss the claims reconciliation process, organization, staffing, current status and next steps. |
| Rinaldi, Scott A | 5/14/2009 | 1.0 | Participate in work session (morning) with B. Cashman (FTI) to discuss the claims reconciliation process, organization, staffing, current status and next steps. |
| Rinaldi, Scott A | 5/14/2009 | 1.0 | Prepare and send an explanation of the claims tracking log example to B. Cashman (FTI). |
| Behnke, Thomas A | 5/14/2009 | 0.4 | Follow up on requests to make claim changes. |
| Behnke, Thomas A | 5/14/2009 | 0.3 | Discuss claims revisions with H. Ferguson (CC). |
| Robinson, Joshua M. | 5/14/2009 | 1.5 | Finalize EP preference overview with D. Torres (FTI). |
| Cashman, Brian | 5/14/2009 | 2.0 | Participate in work session (afternoon) with S. Rinaldi (FTI) to discuss the claims reconciliation process, organization, staffing, current status and next steps. |
| Cashman, Brian | 5/14/2009 | 1.5 | Participate in work session (morning) with S. Rinaldi (FTI) to discuss the claims reconciliation process, organization, staffing, current status and next steps. |
| Cashman, Brian | 5/14/2009 | 0.6 | Meet with H. Ferguson (CC) and M. Mosier (CC) for claims status update. |
| Cashman, Brian | 5/14/2009 | 0.4 | Respond to questions from h. Ferguson (CC) regarding claims. |
| McKeighan, Erin | 5/14/2009 | 1.0 | Review triage file uploaded by D. Torres (FTI) and process changes in file. |
| Torres, Diego | 5/14/2009 | 2.3 | Upload Triage file to reconcile claims. |
| Torres, Diego | 5/14/2009 | 1.8 | Continue working on expense payable preference report. |
| Torres, Diego | 5/14/2009 | 1.5 | Finalize EP preference overview with J. Robinson (FTI). |
| Behnke, Thomas A | 5/15/2009 | 0.5 | Follow up on omnibus objection exhibit changes. |
| Robinson, Joshua M. | 5/15/2009 | 0.5 | Read and respond to email questions. |
| Robinson, Joshua M. | 5/15/2009 | 0.5 | Review EP Preference work with D. Torres (FTI). |
| McKeighan, Erin | 5/15/2009 | 1.2 | Create a report of claim changes made and claim changes FTI disagrees with to discuss with H. Ferguson (CC). |
| McKeighan, Erin | 5/15/2009 | 0.8 | Finish triages changes were clarification was needed from claims team. |
| Torres, Diego | 5/15/2009 | 1.3 | Alter VBA and execute script to isolate each vendor per worksheet in Excel for the preference analysis. |
| O'Loughlin, Morgan | 5/15/2009 | 0.6 | Get access to CMSi reporting and full claims listing. |
| Torres, Diego | 5/15/2009 | 0.5 | Review EP Preference work with J. Robinson (FTI). |
| Rinaldi, Scott A | 5/18/2009 | 2.1 | Participate on case strategy conference call with management and representatives of Skadden, McGuire Woods to discuss the overall strategy and meeting with the UCC. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Rinaldi, Scott A | 5/18/2009 | 0.9 | Participate on the Circuit City weekly update conference call with management and representatives of FT, McGuire Woods and Skadden Arps. |
| Behnke, Thomas A | 5/18/2009 | 0.5 | Discuss claims reports with E. McKeighan (FTI) and B. Cashman (FTI). |
| Robinson, Joshua M. | 5/18/2009 | 1.5 | Participate in a meeting with E. McKeighan (FTI) to discuss questions and case status. |
| Cashman, Brian | 5/18/2009 | 0.5 | Discuss claims reports with T. Behnke (FTI) and E. McKeighan (FTI). |
| Cashman, Brian | 5/18/2009 | 0.4 | Update claims by classification by nature analysis. |
| Cashman, Brian | 5/18/2009 | 0.3 | Send email to J. Robinson (FTI) and E. McKeighan (FTI) regarding process for updating CMS with KCC information. |
| Cashman, Brian | 5/18/2009 | 0.3 | Prepare listing of administrative claims and top 30 and send to the Company and Skadden. |
| Cashman, Brian | 5/18/2009 | 0.3 | Prepare listing of priority claims and top 45 and send to the Company and Skadden. |
| McKeighan, Erin | 5/18/2009 | 1.5 | Participate in a meeting with J. Robinson (FTI) to discuss questions and case status. |
| McKeighan, Erin | 5/18/2009 | 1.4 | Review schedule to claim matching file based off vendor numbers in the matching process. |
| McKeighan, Erin | 5/18/2009 | 1.4 | Process additional claim to schedule matches per conversation with H. Ferguson (CC). |
| McKeighan, Erin | 5/18/2009 | 1.2 | Discuss matching file with H. Ferguson (CC) . |
| McKeighan, Erin | 5/18/2009 | 1.2 | Perform analysis on additional schedule to claim matches that were not identified by claims team. |
| McKeighan, Erin | 5/18/2009 | 0.8 | Participate in discussion with H. Ferguson (CC) regarding triage changes and processes moving forward. |
| McKeighan, Erin | 5/18/2009 | 0.5 | Discuss claims reports with T. Behnke (FTI) and B. Cashman (FTI). |
| Torres, Diego | 5/18/2009 | 1.1 | Determine strategy to match schedule to claims using vendor id numbers for the schedules. |
| Behnke, Thomas A | 5/19/2009 | 0.5 | Participate in discussion regarding claim tasks and process with J. Robinson (FTI), B. Cashman (FTI) and E. McKeighan (FTI). |
| Behnke, Thomas A | 5/19/2009 | 0.3 | Update analysis of claims for UCC deck. |
| Behnke, Thomas A | 5/19/2009 | 0.3 | Discuss claim reports and tasks with E. McKeighan (FTI). |
| Robinson, Joshua M. | 5/19/2009 | 0.5 | Answer questions from E. McKeighan (FTI) related to CC Claims. |
| Robinson, Joshua M. | 5/19/2009 | 0.5 | Participate in discussion regarding claim tasks and process with E. McKeighan (FTI), B. Cashman (FTI) and T. Behnke (FTI). |
| Cashman, Brian | 5/19/2009 | 0.5 | Participate in discussion regarding claim tasks and process with E. McKeighan (FTI), J. Robinson (FTI) and T. Behnke (FTI). |
| Cashman, Brian | 5/19/2009 | 0.3 | Participate on weekly call with Skadden and the Company to discuss claims issues. |
| Ryba, Lauren | 5/19/2009 | 0.3 | Participate on claims call with E. McKeighan (FTI) and M. O'Loughlin (FTI) to learn CMSi and learn report details. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| McKeighan, Erin | 5/19/2009 | 1.7 | Begin building a claim report to display duplicate claim matches for claims team review. |
| McKeighan, Erin | 5/19/2009 | 1.5 | Reconcile CMS claim updates to KCC claim register file to ensure all claims are properly accounted for. |
| McKeighan, Erin | 5/19/2009 | 1.5 | Review claim withdrawals provided in KCC data file and discuss with E. Gershbein (KCC). |
| McKeighan, Erin | 5/19/2009 | 1.2 | Begin creating claim summary report for management meetings. |
| McKeighan, Erin | 5/19/2009 | 0.5 | Discuss questions from J. Robinson (FTI) related to CC Claims. |
| McKeighan, Erin | 5/19/2009 | 0.5 | Participate in discussion regarding claim tasks and process with J. Robinson (FTI), B. Cashman (FTI) and T. Behnke (FTI). |
| McKeighan, Erin | 5/19/2009 | 0.3 | Check amount modifiers for updates made during the claim load process. |
| McKeighan, Erin | 5/19/2009 | 0.3 | Discuss claim reports and tasks with T. Behnke (FTI). |
| McKeighan, Erin | 5/19/2009 | 0.3 | Participate on claims call with L. Ryba (FTI) and M. O'Loughlin (FTI) to learn CMSi and learn report details. |
| McKeighan, Erin | 5/19/2009 | 0.2 | Review claim transfers entered into CMS by D. Torres (FTI) for accuracy. |
| Torres, Diego | 5/19/2009 | 1.3 | Load new claim batch provided by KCC to update claims and add the new claims to our database. Reconcile amounts to make sure the data is valid. |
| Torres, Diego | 5/19/2009 | 1.3 | Confirm claims that are listed as withdrawal in the KCC batch file are in the court docket. If not in the docket check with KCC site for documents supporting the claim withdrawal. Make the updates in our database. |
| Torres, Diego | 5/19/2009 | 1.2 | Update the amount modifiers in our database to reflect the new batch file. |
| Torres, Diego | 5/19/2009 | 0.8 | Update the claims that were purchased by transfer agents. |
| Torres, Diego | 5/19/2009 | 0.8 | Extract and send one-off preference requests to specific individuals. |
| O'Loughlin, Morgan | 5/19/2009 | 0.7 | Review claims waterfall report for monitoring progress of claims reconciliation and objections. |
| O'Loughlin, Morgan | 5/19/2009 | 0.7 | Update claims management section of UCC presentation and add verbiage. |
| O'Loughlin, Morgan | 5/19/2009 | 0.6 | Format claims waterfall for UCC presentation. |
| O'Loughlin, Morgan | 5/19/2009 | 0.3 | Participate on claims call with E. McKeighan (FTI) and L. Ryba (FTI) to learn Cams and learn report details. |
| Duffy, Robert J | 5/20/2009 | 0.9 | Discuss different method to calculate preference with ordinary course defense with B. Cashman (FTI), S. Coulombe (FTI), G. Galardi (SASMF), I. Fredericks (SASMF) and M. Mosier (CC). |
| Coulombe, Stephen L | 5/20/2009 | 0.9 | Discuss different method to calculate preference with ordinary course defense with B. Cashman (FTI), R. Duffy (FTI), G. Galardi (SASMF), I. Fredericks (SASMF) and M. Mosier (CC). |
| Duffy, Robert J | 5/20/2009 | 0.7 | Review preference calculations with B. Cashman (FTI) G. Galardi (SASMF), M. Mosier (CC) and J. Marcum (CC) to ensure appropriateness of calculation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| *Professional* | *Date* | *Hours* | *Description of Activity* |
|---|---|---|---|

## *Claims Management*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Coulombe, Stephen L | 5/20/2009 | 0.3 | Analyze claims waterfall report monitoring progress of claims reconciliation and next steps. |
| Behnke, Thomas A | 5/20/2009 | 0.8 | Follow up with I. Fredericks (SASMF) and E. McKeighan (FTI) regarding merchandise schedules and review draft analysis of claimants that did not file claims. |
| Robinson, Joshua M. | 5/20/2009 | 2.8 | Generate new preference analysis requested by B. Cashman (FTI). |
| Robinson, Joshua M. | 5/20/2009 | 0.5 | Discuss need to calculate preference with ordinary course defense with B. Cashman (FTI). |
| Robinson, Joshua M. | 5/20/2009 | 0.3 | Discuss with H. Ferguson (CC) and B. Cashman (FTI) how a claim with multiple classifications is categorized in KCC and CMS. |
| Robinson, Joshua M. | 5/20/2009 | 0.1 | Read and respond to email correspondence regarding claims reconciliation. |
| Cashman, Brian | 5/20/2009 | 1.1 | Work with E. McKeighan (FTI) in creating claim reconciliation worksheet. |
| Cashman, Brian | 5/20/2009 | 0.9 | Discuss different method to calculate preference with ordinary course defense with R. Duffy (FTI), S. Coulombe (FTI), G. Galardi (SASMF), I. Fredericks (SASMF) and M. Mosier (CC). |
| Cashman, Brian | 5/20/2009 | 0.7 | Review preference calculations with R. Duffy (FTI) G. Galardi (SASMF), M. Mosier (CC) and J. Marcum (CC) to ensure appropriateness of calculation. |
| Cashman, Brian | 5/20/2009 | 0.6 | Review HP's preference analysis with G. Galardi (SASMF), M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian | 5/20/2009 | 0.5 | Discuss need to calculate preference with ordinary course defense with J. Robinson (FTI). |
| Cashman, Brian | 5/20/2009 | 0.5 | Participate in meeting with UCC in NYC. |
| Cashman, Brian | 5/20/2009 | 0.3 | Discuss with H. Ferguson (CC) and J. Robinson (FTI) how a claim with multiple classifications is categorized in KCC and CMS. |
| Cashman, Brian | 5/20/2009 | 0.3 | Provide copies of UCC presentation to M. Atkinson (Protiviti) and respond to questions. |
| Cashman, Brian | 5/20/2009 | 0.3 | Review preference analysis of Samsung, Toshiba, LG and Garmin. |
| Lewandowski, Douglas | 5/20/2009 | 2.1 | Create query which will pull the current claim counts and their stats from CMS for reporting purposes. |
| Lewandowski, Douglas | 5/20/2009 | 1.3 | Tie out the claim summary report to the claims register to ensure that all claims are accounted for. |
| Lewandowski, Douglas | 5/20/2009 | 0.8 | Review claim to schedule matching with D. Torres (FTI). |
| Lewandowski, Douglas | 5/20/2009 | 0.7 | Review the matching procedures and functions in CMS to fix matching errors. |
| Ryba, Lauren | 5/20/2009 | 0.9 | Review current claims process work plan and address outstanding issues. |
| McKeighan, Erin | 5/20/2009 | 2.7 | Create database dictionary to assist claims team in understanding multiple CMSi reports and reporting fields. |
| McKeighan, Erin | 5/20/2009 | 2.2 | Review duplicate claim matching report provided by CC claim team and process proper matches. |
| McKeighan, Erin | 5/20/2009 | 1.1 | Work with D. Torres (FTI) in creating claim reconciliation worksheet. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| McKeighan, Erin | 5/20/2009 | 0.9 | Review claim reconciliation report created by D. Torres (FTI) and suggest adjustments. |
| McKeighan, Erin | 5/20/2009 | 0.8 | Follow up with I. Fredericks (SASMF) and T. Behnke (FTI) regarding merchandise schedules and review draft analysis of claimants that did not file claims. |
| McKeighan, Erin | 5/20/2009 | 0.3 | Participate on call with H. Ferguson (CC) regarding claim matches that seem incorrect. |
| Torres, Diego | 5/20/2009 | 1.6 | Create claim reconciliation status report for purposes of tracking the claim progress. |
| O'Loughlin, Morgan | 5/20/2009 | 1.6 | Create excel file with listing of all claims by class. |
| O'Loughlin, Morgan | 5/20/2009 | 0.9 | Format and update claims work plan with dollars and count by NOCG. |
| Torres, Diego | 5/20/2009 | 0.9 | Format revised preference analysis that includes excluding ordinary course payments only. |
| O'Loughlin, Morgan | 5/20/2009 | 0.8 | Create summary schedule claims by class and NOCG with dollars and count. |
| Torres, Diego | 5/20/2009 | 0.8 | Review claim to schedule matching with D. Lewandowski (FTI). |
| Torres, Diego | 5/20/2009 | 0.7 | Extract preference analysis for specific vendors that were requested. |
| Torres, Diego | 5/20/2009 | 0.6 | Make schedule to claim matches in our database using the file provided by client. |
| Duffy, Robert J | 5/21/2009 | 1.0 | Review claims waterfall report monitoring progress of claims reconciliation and next steps. |
| Behnke, Thomas A | 5/21/2009 | 0.3 | Create new slide for claims for UCC deck. |
| Behnke, Thomas A | 5/21/2009 | 0.2 | Discuss triage file and prepare current triage file of new claims with J. Robinson (FTI). |
| Robinson, Joshua M. | 5/21/2009 | 1.6 | Participate on call with L. Ryba (FTI), J. Marcum (CC), H. Ferguson (CC), M. Mosier (CC), B. Cashman (FTI) and J. Liberi (SASMF) to review claims status and next case steps. |
| Robinson, Joshua M. | 5/21/2009 | 1.0 | Review claims documentation from T. Behnke (FTI). |
| Robinson, Joshua M. | 5/21/2009 | 0.6 | Participate on call with B. Cashman (FTI) to discuss CMS update for new claims resulting from governmental bar date of 5/11/09. |
| Robinson, Joshua M. | 5/21/2009 | 0.2 | Participate on call with company and others to discuss claims status and plan going forward. |
| Robinson, Joshua M. | 5/21/2009 | 0.2 | Discuss triage file and prepare current triage file of new claims with T. Behnke (FTI). |
| Summers, Joseph E | 5/21/2009 | 2.6 | Prepare duplicate claim objection exhibit. |
| Summers, Joseph E | 5/21/2009 | 1.2 | Review duplicate claim objection exhibit for accuracy. |
| Cashman, Brian | 5/21/2009 | 1.6 | Participate on call with L. Ryba (FTI), J. Marcum (CC), H. Ferguson (CC), M. Mosier (CC), J. Robinson (FTI) and J. Liberi (SASMF) to review claims status and next case steps. |
| Cashman, Brian | 5/21/2009 | 0.9 | Participate on call with the Company and Skadden to discuss objections to be filed. |
| Cashman, Brian | 5/21/2009 | 0.7 | Participate on update call with L. Ryba (FTI) and M. O'Loughlin (FTI)  for next case steps, claims and IBM review. |
| Cashman, Brian | 5/21/2009 | 0.6 | Participate on call with J. Robinson (FTI) to discuss CMS update for new claims resulting from governmental bar date of 5/11/09. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian | 5/21/2009 | 0.6 | Review updated claims listing. |
| Cashman, Brian | 5/21/2009 | 0.4 | Draft list of strategic initiatives for meeting with the Company. |
| Cashman, Brian | 5/21/2009 | 0.3 | Review revised preference analysis using updated methodology. |
| Ryba, Lauren | 5/21/2009 | 2.0 | Review current claims reports in CMSi for outputs and determine what needs to be added for added client value report. |
| Ryba, Lauren | 5/21/2009 | 1.6 | Participate in call with B. Cashman (FTI), J. Marcum (CC), H. Ferguson (CC), M. Mosier (CC), J. Robinson (FTI) and J. Liberi (SASMF) to review claims status and next case steps. |
| Ryba, Lauren | 5/21/2009 | 0.7 | Participate on update call with B. Cashman (FTI) and M. O'Loughlin (FTI) for next case steps, claims and IBM review. |
| Ryba, Lauren | 5/21/2009 | 0.2 | Review revised claim schedule received from M. O'Loughlin (FTI) which includes claims reconciled and variance to the gross amount. |
| Gilleland, Jeffrey | 5/21/2009 | 2.4 | Make schedules to claims matches in CMSi database for various population sets. |
| Torres, Diego | 5/21/2009 | 2.1 | Continue to create claims reconciliation status report to record progress of claims. |
| O'Loughlin, Morgan | 5/21/2009 | 1.8 | Create summary schedule by claim class illustrating reconciled amounts and counts. |
| O'Loughlin, Morgan | 5/21/2009 | 1.7 | Summarize claims by status for count and dollar amount. |
| Torres, Diego | 5/21/2009 | 1.2 | Update nature of claims to reflect the new list provided by client. |
| Torres, Diego | 5/21/2009 | 0.9 | Process Triage file; update claims that have 503(B)(9), make schedule and claim matches that KCC made in our database, and confirm amount modifiers in our database reflect the new KCC batch. |
| O'Loughlin, Morgan | 5/21/2009 | 0.9 | Set up claims schedule by NOCG to show portion of claims reconciled to date. |
| O'Loughlin, Morgan | 5/21/2009 | 0.7 | Participate on update call with B. Cashman (FTI) and L. Ryba (FTI) for next case steps, claims and IBM review. |
| Robinson, Joshua M. | 5/22/2009 | 1.5 | Participate on claims call with L. Ryba (FTI), G. Galardi (SASMF), B. Cashman (FTI) and H. Ferguson (CC). |
| Robinson, Joshua M. | 5/22/2009 | 0.7 | Participate on call with G. Galardi (SASMF) to finalize preference analysis. |
| Cashman, Brian | 5/22/2009 | 1.5 | Participate on claims call with L. Ryba (FTI), G. Galardi (SASMF), J. Robinson (FTI) and H. Ferguson (CC). |
| Cashman, Brian | 5/22/2009 | 0.5 | Discuss BOA and GE secured claims with H. Ferguson (CC). |
| Cashman, Brian | 5/22/2009 | 0.4 | Discuss reclamation claims with the Company. |
| Ryba, Lauren | 5/22/2009 | 1.6 | Review current preference file and revisions of how payments were applied against receipts. |
| Ryba, Lauren | 5/22/2009 | 1.5 | Participate on claims call with B. Cashman (FTI), G. Galardi (SASMF), J. Robinson (FTI) and H. Ferguson (CC). |
| McKeighan, Erin | 5/22/2009 | 1.0 | Process additional claim changes per triage file received from H. Ferguson (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| McKeighan, Erin | 5/22/2009 | 0.2 | Discuss updated triage file with H. Ferguson (CC). |
| O'Loughlin, Morgan | 5/22/2009 | 0.9 | Update claims reconciliation status with latest CMSi updates. |
| Torres, Diego | 5/22/2009 | 0.8 | Finalize claims reconciliation status report. |
| Duffy, Robert J | 5/25/2009 | 0.9 | Review claims management work plan and provide comments to B. Cashman (FTI). |
| Cashman, Brian | 5/25/2009 | 0.4 | Update claims project plan and send to H. Ferguson (CC). |
| Cashman, Brian | 5/25/2009 | 0.3 | Review data transfer file report from KCC to next steps for triage of new claims. |
| Cashman, Brian | 5/25/2009 | 0.3 | Discuss three responses to 4th Omnibus Objections with D. Blanks (MW) and need for exhibits for hearing. |
| Rinaldi, Scott A | 5/26/2009 | 0.5 | Participate on conference call with B. Cashman (FTI) regarding the current status of the claims reconciliation process and next steps. |
| Robinson, Joshua M. | 5/26/2009 | 1.9 | Work with E. McKeighan (FTI) on claim questions relating to specific omnibus objections. |
| Robinson, Joshua M. | 5/26/2009 | 0.1 | Assist the Company with claims questions related to omnibus objections. |
| Cashman, Brian | 5/26/2009 | 0.5 | Participate on conference call with S. Rinaldi (FTI) regarding the current status of the claims reconciliation process and next steps. |
| McKeighan, Erin | 5/26/2009 | 2.4 | Begin drafting late, duplicate, amend, 401K and Equity exhibits. |
| McKeighan, Erin | 5/26/2009 | 2.2 | Process claim reconciliation files received from H. Ferguson (CC) in preparation for omnibus objections. |
| McKeighan, Erin | 5/26/2009 | 1.9 | Work with J. Robinson (FTI) on claim questions relating to specific omnibus objections. |
| Torres, Diego | 5/26/2009 | 0.7 | Consolidate and format the substantive and non-substantive claim matching extracts. |
| Torres, Diego | 5/26/2009 | 0.7 | Use triage file to update nature of claims as indicated by client. |
| Duffy, Robert J | 5/27/2009 | 0.4 | Review preference analysis for EA. |
| Duffy, Robert J | 5/27/2009 | 0.3 | Discuss need for substantive consolidation analysis with M. Mosier (CC) and J. Marcum (CC). |
| Robinson, Joshua M. | 5/27/2009 | 1.0 | Hold conversations with E. McKeighan (FTI) regarding claims. |
| Robinson, Joshua M. | 5/27/2009 | 0.6 | Participate in conference call with B. Cashman (FTI) and H. Ferguson (CC) regarding transferring data from access database to claims management system (CMSi). |
| Robinson, Joshua M. | 5/27/2009 | 0.5 | Participate on call with Skadden, Company to  and E. McKeighan (FTI) discuss claims objections and strategy going forward. |
| Robinson, Joshua M. | 5/27/2009 | 0.3 | Discuss current exhibits to objections with B. Cashman (FTI) and E. McKeighan (FTI). |
| Robinson, Joshua M. | 5/27/2009 | 0.2 | Participate on call with Skadden, Company to discuss claims objections and strategy going forward. |
| Cashman, Brian | 5/27/2009 | 2.2 | Participate in meeting with H. Ferguson (CC), M. Mosier (CC), Skadden and McGuire Woods to discuss objections to late, duplicate and amended claims. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian | 5/27/2009 | 0.9 | Respond to various emails from H. Ferguson (CC) and M. Mosier (CC) regarding claims. |
| Cashman, Brian | 5/27/2009 | 0.8 | Respond to emails from the Company regarding various claims and proposed disposition. |
| Cashman, Brian | 5/27/2009 | 0.8 | Review list of top 25 secured claims. |
| Cashman, Brian | 5/27/2009 | 0.7 | Develop template for substantive consolidation analysis. |
| Cashman, Brian | 5/27/2009 | 0.6 | Participate in conference call with J. Robinson (FTI) and H. Ferguson (CC) regarding transferring data from access database to claims management system (CMSi). |
| Cashman, Brian | 5/27/2009 | 0.6 | Review list of top 25 priority claims. |
| Cashman, Brian | 5/27/2009 | 0.5 | Review list of top 25 admin claims. |
| Cashman, Brian | 5/27/2009 | 0.5 | Review substantive consolidation template with M. O'Loughlin (FTI). |
| Cashman, Brian | 5/27/2009 | 0.3 | Discuss current exhibits to objections with E. McKeighan (FTI) and J. Robinson (FTI). |
| Lewandowski, Douglas | 5/27/2009 | 0.5 | Discuss claims objections with E. McKeighan (FTI). |
| Lewandowski, Douglas | 5/27/2009 | 0.3 | Work with E. McKeighan (FTI) on claims that have been paid pursuant to a motion. |
| Ryba, Lauren | 5/27/2009 | 1.3 | Revise the claims section of the UCC deck for current updates to CMSi and the Access database. |
| McKeighan, Erin | 5/27/2009 | 1.6 | Participate on call with Skadden, Company to  and J. Robinson (FTI) discuss claims objections and strategy going forward. |
| McKeighan, Erin | 5/27/2009 | 1.3 | Work with D. Torres (FTI) in validating claim matches provided by the company. |
| McKeighan, Erin | 5/27/2009 | 1.1 | Build multiple claim reports summarized on a nature of claim and class basis to be used in management meetings. |
| McKeighan, Erin | 5/27/2009 | 1.0 | Hold conversations with J. Robinson (FTI) regarding claims. |
| McKeighan, Erin | 5/27/2009 | 0.9 | Create a report of all claims that should be objected to on a late claim basis. |
| McKeighan, Erin | 5/27/2009 | 0.5 | Discuss claims objections with D. Lewandowski (FTI). |
| McKeighan, Erin | 5/27/2009 | 0.3 | Work with D. Lewandowski (FTI) on claims that have been paid pursuant to a motion. |
| McKeighan, Erin | 5/27/2009 | 0.3 | Discuss current exhibits to objections with B. Cashman (FTI) and J. Robinson (FTI). |
| O'Loughlin, Morgan | 5/27/2009 | 1.4 | Update claims summary schedules from CMSi with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan | 5/27/2009 | 1.4 | Create supporting schedule for proceeds for substantive consolidation analysis by legal entity. |
| Torres, Diego | 5/27/2009 | 1.4 | Validate the claim matches made by client. |
| Torres, Diego | 5/27/2009 | 1.3 | Work with E. McKeighan (FTI) in validating claim matches provided by the company. |
| O'Loughlin, Morgan | 5/27/2009 | 1.1 | Create key with definitions for claims status field in CMSi. |
| O'Loughlin, Morgan | 5/27/2009 | 0.9 | Review CMSi reports and capability to interact with company database. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 5/27/2009 | 0.8 | Participate in meeting with A. Pietrantoni (CC) regarding intercompany balances for population substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/27/2009 | 0.6 | Review ordinary course preference analysis provided by B. Fose (CC). |
| O'Loughlin, Morgan | 5/27/2009 | 0.5 | Review substantive consolidation template with B. Cashman (FTI). |
| Coulombe, Stephen L | 5/28/2009 | 0.8 | Participate on call with J. Marcum (CC) regarding claims reconciliation process and status. |
| Duffy, Robert J | 5/28/2009 | 0.6 | Review order relating to 4th Omnibus objection motion and communicate to team. |
| Duffy, Robert J | 5/28/2009 | 0.4 | Review summary of omnibus objections. |
| Robinson, Joshua M. | 5/28/2009 | 1.2 | Participate in meetings with E. McKeighan (FTI) to discuss claims questions. |
| Robinson, Joshua M. | 5/28/2009 | 1.0 | Review claims objection files generated by J. Summers (FTI). |
| Robinson, Joshua M. | 5/28/2009 | 0.9 | Continue to review claims objection flags. |
| Robinson, Joshua M. | 5/28/2009 | 0.8 | Discuss approach to filing objections on duplicates and wrong debtors with B. Cashman (FTI) and D. Blanks (MW). |
| Robinson, Joshua M. | 5/28/2009 | 0.3 | Review objection flags and validate correct claims population. |
| Waiting, Mark | 5/28/2009 | 0.9 | Review top 100 claims by value summary team with comments. |
| Cashman, Brian | 5/28/2009 | 0.8 | Discuss approach to filing objections on duplicates and wrong debtors with J. Robinson (FTI) and D. Blanks (MW). |
| Cashman, Brian | 5/28/2009 | 0.6 | Review updated preference calculation with Skadden. |
| Cashman, Brian | 5/28/2009 | 0.5 | Review list of top unsecured claims and discuss potential disposition with the client. |
| Cashman, Brian | 5/28/2009 | 0.4 | Review waterfall reporting with E. McKeighan (FTI). |
| Cashman, Brian | 5/28/2009 | 0.3 | Respond to emails from the Company regarding various claims and proposed disposition. |
| Cashman, Brian | 5/28/2009 | 0.2 | Discuss need with J. Marcum (CC) to review legal claims. |
| Cashman, Brian | 5/28/2009 | 0.2 | Discuss need for updated intercompany balances for substantive consolidation with A. Pietrantoni (CC). |
| Lewandowski, Douglas | 5/28/2009 | 2.1 | Test and debug the claim summary report for review and discussion. |
| McKeighan, Erin | 5/28/2009 | 2.1 | Review multiple claim images for claim amendment flags. |
| McKeighan, Erin | 5/28/2009 | 1.9 | Review claim flags provided by the company to remove specific populations that are not qualified for claim objections. |
| McKeighan, Erin | 5/28/2009 | 1.4 | Create a report of claims that CC flagged for objection that FTI does not agree with for discussion with company. |
| McKeighan, Erin | 5/28/2009 | 0.7 | Create a report of claims that FTI flagged for objection that CC missed during reconciliation. |
| McKeighan, Erin | 5/28/2009 | 0.5 | Participate in meetings with J. Robinson (FTI) to discuss claims questions. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Claims Management

| | | | |
|---|---|---|---|
| McKeighan, Erin | 5/28/2009 | 0.4 | Review waterfall reporting with B. Cashman (FTI). |
| Torres, Diego | 5/28/2009 | 1.6 | Alter the Oracle views that provide the data for the amounts worksheet of the claims status report by NOCG. |
| O'Loughlin, Morgan | 5/28/2009 | 1.4 | Create summary schedule for matched and unmatched claims with count and dollars. |
| Torres, Diego | 5/28/2009 | 1.2 | Consolidate substantive and non-substantive duplicate worksheets. |
| Torres, Diego | 5/28/2009 | 1.1 | Modify and format claims reconciliation report that indicates the status of claims per nature of claim group. |
| O'Loughlin, Morgan | 5/28/2009 | 0.8 | Organize intercompany balance schedule provided by A. Pietrantoni (CC) and update substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/28/2009 | 0.8 | Integrate updated intercompany balance schedule in substantive consolidation analysis. |
| O'Loughlin, Morgan | 5/28/2009 | 0.6 | Create summary of top 100 claims by dollar value. |
| O'Loughlin, Morgan | 5/28/2009 | 0.4 | Review 4th Omnibus objection schedule. |
| O'Loughlin, Morgan | 5/28/2009 | 0.3 | Review updated intercompany balance schedule provided by A. Pietrantoni (CC). |
| Duffy, Robert J | 5/29/2009 | 0.7 | Review latest FTI work plan provided by B. Cashman (FTI). |
| Duffy, Robert J | 5/29/2009 | 0.7 | Participate on call with J. Marcum (CC) to review the case status update format and detail included. |
| Robinson, Joshua M. | 5/29/2009 | 1.3 | Review claims reporting with E. McKeighan (FTI). |
| Robinson, Joshua M. | 5/29/2009 | 0.7 | Review omnibus flags and ensure correct 503(b)(9) claims. |
| Robinson, Joshua M. | 5/29/2009 | 0.6 | Discuss claims reporting with B. Cashman (FTI). |
| Robinson, Joshua M. | 5/29/2009 | 0.6 | Troubleshoot claims duplicate report with E. McKeighan (FTI). |
| Cashman, Brian | 5/29/2009 | 0.8 | Participate in discussion with M. O'Loughlin (FTI) regarding status of omnibus objections and summary schedule. |
| Cashman, Brian | 5/29/2009 | 0.6 | Discuss claims reporting with J. Robinson (FTI). |
| Cashman, Brian | 5/29/2009 | 0.6 | Review Omni Objection #5. |
| Cashman, Brian | 5/29/2009 | 0.6 | Review listing of duplicates claims. |
| Cashman, Brian | 5/29/2009 | 0.5 | Discuss with H. Ferguson (CC) the status of objections listing. |
| Cashman, Brian | 5/29/2009 | 0.4 | Respond to H. Ferguson's question on Omni 7. |
| Cashman, Brian | 5/29/2009 | 0.4 | Review Omni Objection #2. |
| Cashman, Brian | 5/29/2009 | 0.3 | Review Omni Objection #4. |
| Cashman, Brian | 5/29/2009 | 0.3 | Respond to emails from the Company regarding various claims and proposed disposition. |
| Cashman, Brian | 5/29/2009 | 0.3 | Review claims status reporting and provide feedback on how to improve the reporting. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| McKeighan, Erin | 5/29/2009 | 2.1 | Make updates to CMSi for matches and claim flags identified as incorrect. |
| McKeighan, Erin | 5/29/2009 | 1.3 | Review claims reporting with J. Robinson (FTI). |
| McKeighan, Erin | 5/29/2009 | 0.6 | Troubleshoot claims duplicate report with J. Robinson (FTI). |
| O'Loughlin, Morgan | 5/29/2009 | 1.3 | Pull together summary for all six omnibus objections with ordered amounts and status. |
| Torres, Diego | 5/29/2009 | 1.0 | Process Triage file and make the changes to the claims indicated. |
| Torres, Diego | 5/29/2009 | 0.9 | Change nature of claims for specific claims. |
| O'Loughlin, Morgan | 5/29/2009 | 0.8 | Participate in discussion with B. Cashman (FTI) regarding status of omnibus objections and summary schedule. |
| Torres, Diego | 5/29/2009 | 0.8 | Create macro that will automate the data extract process for the claim status reports. |
| Torres, Diego | 5/29/2009 | 0.7 | Send one off preference request. |
| Torres, Diego | 5/29/2009 | 0.3 | Create worksheet that describes the status listed for claims in CMSi. |
| Robinson, Joshua M. | 5/31/2009 | 1.0 | Read and respond to email questions from B. Cashman (FTI). |
| Cashman, Brian | 5/31/2009 | 0.6 | Review and provide feedback on claims waterfall report from CMSi system. |
| Cashman, Brian | 5/31/2009 | 0.4 | Review listing of objections to late 503(b)(9) claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.4 | Review listing of 401k and pension plan claims objections prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.3 | Review listing of objections to late claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.3 | Review listing of objections to non-goods 503(b)(9) claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.3 | Review listing of objections to wrong debtor claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.2 | Review listing of objections to amended claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Cashman, Brian | 5/31/2009 | 0.2 | Review listing of objections to invalid claims prepared by H. Ferguson (CC) that are scheduled to be filed. |
| Torres, Diego | 5/31/2009 | 1.4 | Process new claim load provided by KCC. |
| Robinson, Joshua M. | 6/1/2009 | 2.5 | Create process to flag duplicate claims electronically in claims database. |
| Robinson, Joshua M. | 6/1/2009 | 2.5 | Process and manage creation of exhibits for Omnibus Objection #10. |
| Robinson, Joshua M. | 6/1/2009 | 1.0 | Process and manage creation of exhibits for Omnibus Claims Objection #8. |
| Robinson, Joshua M. | 6/1/2009 | 1.0 | Process and manage creation of exhibits for Omnibus Claims Objection #9. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. | 6/1/2009 | 1.0 | Process and manage creation of exhibits for Omnibus Claims Objection #7. |
| Robinson, Joshua M. | 6/1/2009 | 1.0 | Read and respond to email questions. |
| Cashman, Brian | 6/1/2009 | 0.6 | Review duplicate claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.6 | Review revised amended claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.6 | Review claims status update report by nature of claim. |
| Cashman, Brian | 6/1/2009 | 0.5 | Meet with H. Ferguson (CC) to discuss claims review process. |
| Cashman, Brian | 6/1/2009 | 0.5 | Review 401k non-liability claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.4 | Review pension non-liability claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.4 | Review invalid claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.4 | Review revised wrong debtor objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.3 | Review wrong class claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.3 | Review late claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.3 | Review non-goods claims objection and compare to original listing and research variances. |
| Cashman, Brian | 6/1/2009 | 0.3 | Review equity non-fraud claims objection and compare to original listing and research variances. |
| Torres, Diego | 6/1/2009 | 2.4 | Create table to store the claim objections and load all the claim numbers and objections to keep track of source file. |
| Torres, Diego | 6/1/2009 | 2.2 | Revise macros for nature of claim group and claim class reports to automatically format the templates in Excel from the Oracle data extract. |
| Torres, Diego | 6/1/2009 | 1.8 | Create claim status report by claim class. |
| O'Loughlin, Morgan | 6/1/2009 | 1.3 | Update wrong debtor draft with debtor numbers for each claim. |
| Torres, Diego | 6/1/2009 | 1.3 | Begin to create claim status report by claim class to determine progress made in reconciliation process. |
| Torres, Diego | 6/1/2009 | 1.1 | Create table to store the duplicate objections in CMS and load the duplicate objections in the table. |
| O'Loughlin, Morgan | 6/1/2009 | 0.9 | Create updates claims status report by claim class. |
| Torres, Diego | 6/1/2009 | 0.7 | Revise claim status report by nature of claim group. |
| Torres, Diego | 6/1/2009 | 0.7 | Search through specific claim images to determine if a claim match should be an amending claim match. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| *Professional* | *Date* | *Hours* | *Description of Activity* |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 6/1/2009 | 0.6 | Participate in meeting with H. Ferguson (CC) regarding wrong debtor objection draft. |
| Torres, Diego | 6/1/2009 | 0.6 | Process Docketing errors by KCC in CMS, expunged the detail records created. |
| Torres, Diego | 6/1/2009 | 0.5 | Validate late claim objections are true by looking through claim images. |
| Duffy, Robert J | 6/2/2009 | 0.6 | Review draft of Omnibus Objection #11 and #12 on 401K and pension plan claims for accuracy. |
| Duffy, Robert J | 6/2/2009 | 0.4 | Review draft of Omnibus Objection #13 on amended claims for accuracy. |
| Robinson, Joshua M. | 6/2/2009 | 2.8 | Review of draft Omnibus claims objection exhibits. |
| Robinson, Joshua M. | 6/2/2009 | 2.7 | Construct queries to validate objection populations. |
| Robinson, Joshua M. | 6/2/2009 | 2.2 | Review and answer questions regarding objection exhibits and processing. |
| Robinson, Joshua M. | 6/2/2009 | 2.0 | Process and manage creation of exhibits for Omnibus Objection #11. |
| Robinson, Joshua M. | 6/2/2009 | 1.6 | Participate in various conversations with H. Ferguson (CC) to confirm objection populations. |
| Robinson, Joshua M. | 6/2/2009 | 1.2 | Read and respond to email questions. |
| Cashman, Brian | 6/2/2009 | 0.8 | Review Omnibus Objection #13 for reasonableness and accuracy. |
| Cashman, Brian | 6/2/2009 | 0.7 | Review Omnibus Objection #12 for reasonableness and accuracy. |
| Cashman, Brian | 6/2/2009 | 0.6 | Review Omnibus Objection #11 for reasonableness and accuracy. |
| Cashman, Brian | 6/2/2009 | 0.4 | Respond to various emails from H. Ferguson (CC) regarding claims. |
| Cashman, Brian | 6/2/2009 | 0.3 | Discuss claims strategy on claims with pre and postpetition receivables and have a 503(b)(9) claim with I. Fredericks (SASMF). |
| Cashman, Brian | 6/2/2009 | 0.2 | Discuss claims strategy on claims with pre and postpetition receivables with I. Fredericks (SASMF). |
| Ryba, Lauren | 6/2/2009 | 0.8 | Analyze BOD claims received from M. O'Loughlin (FTI) in proper classification and provide edits. |
| Ryba, Lauren | 6/2/2009 | 0.2 | Add new claims schedule by type to board presentation. |
| Torres, Diego | 6/2/2009 | 2.0 | Run Omnibus Objection reports to prepare to file them. |
| Torres, Diego | 6/2/2009 | 1.6 | Update amounts for claim status reports (nature of claim group and claim class). |
| Torres, Diego | 6/2/2009 | 1.4 | Revise some of the Omnibus Objections to reflect changes. |
| Torres, Diego | 6/2/2009 | 1.3 | Extract Omnibus Objection #10 reports to review the objections for purposes of validating. |
| Torres, Diego | 6/2/2009 | 1.1 | Extract Exhibit B for Omnibus Objections #7-12 excluding Omnibus Objection #10. |
| O'Loughlin, Morgan | 6/2/2009 | 1.1 | Update claims by class slide for BOD deck in proper classification. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 6/2/2009 | 0.9 | Review 503(b)(9) claim reconciliation sheet provided by H. Fergusson (CC) and provide comments. |
| O'Loughlin, Morgan | 6/2/2009 | 0.8 | Participate in meeting with H. Ferguson (CC) regarding variances between CMSi and access database. |
| O'Loughlin, Morgan | 6/2/2009 | 0.7 | Research variance in gross administrative claims per CMSi. |
| Torres, Diego | 6/2/2009 | 0.5 | Execute nature of claim group report that includes claim count and amount of claims and execute claim class report that includes claim count and amount of claims. |
| Coulombe, Stephen L | 6/3/2009 | 1.4 | Receive updates to claims summary report from B. Cashman (FTI). |
| Duffy, Robert J | 6/3/2009 | 0.8 | Receive updates to summary of Omnibus Objections from B. Cashman (FTI). |
| Coulombe, Stephen L | 6/3/2009 | 0.4 | Revise claims summary report and communicate to B. Cashman (FTI). |
| Robinson, Joshua M. | 6/3/2009 | 2.9 | Validate objection exhibit populations based on comments from H. Ferguson (CC). |
| Robinson, Joshua M. | 6/3/2009 | 2.6 | Finalize duplicate claims identified for objection. |
| Robinson, Joshua M. | 6/3/2009 | 1.5 | Answer questions related to Omnibus Objection filings. |
| Robinson, Joshua M. | 6/3/2009 | 1.4 | Partake in call with H. Ferguson (CC), D. Blanks (MW) to discuss Omnibus Objections. |
| Robinson, Joshua M. | 6/3/2009 | 1.2 | Review claims waterfall report with D. Torres (FTI). |
| Robinson, Joshua M. | 6/3/2009 | 1.2 | Review claims objection exhibit formatting with D. Torres (FTI). |
| Robinson, Joshua M. | 6/3/2009 | 0.9 | Participate on call with L. Ryba (FTI) to review current duplicate file and variance from CMSi to Access for unmatched duplicates. |
| Robinson, Joshua M. | 6/3/2009 | 0.3 | Read and respond to email questions. |
| Cashman, Brian | 6/3/2009 | 0.8 | Update summary of Omnibus Objections to date and communicate to company. |
| Cashman, Brian | 6/3/2009 | 0.6 | Review listing of duplicates and wrong debtors prepared by H. Ferguson (CC) for reasonableness prior to being included in Omnibus Objection. |
| Cashman, Brian | 6/3/2009 | 0.4 | Review Omnibus Objections #1-4. |
| Cashman, Brian | 6/3/2009 | 0.4 | Respond to various emails from H. Ferguson (CC) regarding claims. |
| Cashman, Brian | 6/3/2009 | 0.4 | Update claims summary report and communicate to S. Coulombe (FTI). |
| Cashman, Brian | 6/3/2009 | 0.2 | Respond to question from I. Fredericks (SASMF) regarding calculation weighted average of terms used in preference analysis. |
| Lewandowski, Douglas | 6/3/2009 | 0.5 | Review duplicate matches for the Omnibus Objection. |
| Ryba, Lauren | 6/3/2009 | 1.3 | Work with K. Barksdale (CC) to revise duplicative errors in unmatched file. |
| Ryba, Lauren | 6/3/2009 | 1.2 | Compare current unmatched file including duplicates to K. Silva's (CC) unmatched duplicate file. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Ryba, Lauren | 6/3/2009 | 0.9 | Participate on call with J. Robinson (FTI) to review current duplicate file and variance from CMSi to Access for unmatched duplicates. |
| Ryba, Lauren | 6/3/2009 | 0.8 | Create summary of differences from J. Robinson's (FTI) unmatched file to K. Silva's (CC) unmatched file. |
| Ryba, Lauren | 6/3/2009 | 0.5 | Review Omni's #11, #12a, #12b and #13. |
| Ryba, Lauren | 6/3/2009 | 0.4 | Work with K. Barksdale (CC) to revise improperly matched parent and child claims in the unmatched file. |
| Torres, Diego | 6/3/2009 | 1.3 | Validate specific one off matches exists in the Omnibus Objections. |
| Torres, Diego | 6/3/2009 | 1.2 | Adjust macro for claim class water fall report to reflect the changes request to the template. |
| Torres, Diego | 6/3/2009 | 1.2 | Review claims objection exhibit formatting with J. Robinson (FTI). |
| Torres, Diego | 6/3/2009 | 1.2 | Review claims waterfall report with J. Robinson (FTI). |
| Torres, Diego | 6/3/2009 | 1.1 | Execute Omnibus Objection #13 and Omnibus Objection #11 and validate the claim matches on the report. |
| Torres, Diego | 6/3/2009 | 0.8 | Execute Omnibus Objections #7, #8, and #10 to validate. |
| O'Loughlin, Morgan | 6/3/2009 | 0.7 | Conduct detailed reconciliation between wrong debtor and duplicate exhibits and summarize variances. |
| Torres, Diego | 6/3/2009 | 0.7 | Execute Omnibus Objection #11 to validate its company to file with court. |
| Torres, Diego | 6/3/2009 | 0.4 | Revise claim class water fall report as requested by client. |
| Torres, Diego | 6/3/2009 | 0.4 | Make changes to the exhibit names for the Omnibus Objections. |
| Robinson, Joshua M. | 6/4/2009 | 2.5 | Review Merchandise Payables Preference analysis. |
| Robinson, Joshua M. | 6/4/2009 | 2.0 | Make adjustments to preference analysis based on comments from Skadden. |
| Robinson, Joshua M. | 6/4/2009 | 0.8 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/4/2009 | 0.7 | Partake in call with H. Ferguson (CC), D. Blanks (MW) to discuss Omnibus Objections. |
| Cashman, Brian | 6/4/2009 | 2.4 | Participate in call with M. Mosier (CC), J. Marcum (CC), H. Ferguson (CC) and members of Skadden and McGuireWoods to discuss strategy on objecting to certain claims. |
| Cashman, Brian | 6/4/2009 | 0.4 | Review Omnibus Objection #9 for reasonableness and accuracy. |
| Cashman, Brian | 6/4/2009 | 0.3 | Update summary of Omnibus Objections for final filed Objections and communicate to company. |
| Gilleland, Jeffrey | 6/4/2009 | 1.2 | Identify all claims that are superseding schedules and have a status of drafted, filed, or ordered. |
| Gilleland, Jeffrey | 6/4/2009 | 0.6 | Begin to identify matches where duplicates or amended claims exist. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 6/4/2009 | 2.5 | Upload check information for checks that have a check clear date between one year before the 90-day period and one day before the 90-day period. Write VBA to automate this process. |
| Torres, Diego | 6/4/2009 | 2.3 | Re-create preference analysis for 90-day period for Merchandise Payables vendors. |
| Torres, Diego | 6/4/2009 | 2.0 | Upload check information for checks that have a check clear date between one year before the 90-day period and one day before the 90-day period. |
| O'Loughlin, Morgan | 6/4/2009 | 1.1 | Conduct detailed reconciliation between filed Omnibus Objections one through six and CMSi reporting and note variances. |
| Torres, Diego | 6/4/2009 | 0.8 | Upload the current post date information for the checks within the 90-day period. |
| Torres, Diego | 6/4/2009 | 0.4 | Run Omnibus Objection #10 for purposes of filing the report with the court. |
| Volsky, Hannah | 6/4/2009 | 2.2 | Update docketing errors. |
| Duffy, Robert J | 6/5/2009 | 0.6 | Review 9th Omnibus objection on certain late claims for accuracy. |
| Robinson, Joshua M. | 6/5/2009 | 2.1 | Begin to process claims setoff objections. |
| Robinson, Joshua M. | 6/5/2009 | 1.0 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/5/2009 | 0.9 | Answer questions from D. Torres (FTI) regarding preference analysis. |
| Torres, Diego | 6/5/2009 | 1.8 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/5/2009 | 1.8 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/5/2009 | 1.8 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/5/2009 | 1.4 | Continue to process docketing errors from KCC. |
| Torres, Diego | 6/5/2009 | 0.6 | Assist H. Volsky (FTI) in writing queries to update CMS. |
| Torres, Diego | 6/6/2009 | 2.0 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/6/2009 | 2.0 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Robinson, Joshua M. | 6/7/2009 | 0.5 | Answer questions from D. Torres (FTI) regarding preference analysis. |
| Torres, Diego | 6/7/2009 | 2.0 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/7/2009 | 2.0 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Robinson, Joshua M. | 6/8/2009 | 2.8 | Work with D. Torres (FTI) regarding questions on preference. |
| Robinson, Joshua M. | 6/8/2009 | 1.9 | Read and respond to email questions. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. | 6/8/2009 | 1.5 | Begin to process new claims Omnibus Objection data. |
| Cashman, Brian | 6/8/2009 | 0.6 | Participate in discussions with J. Marcum (CC) the need to better organize the review of legal claims by the legal department. |
| Cartwright, Emily | 6/8/2009 | 0.5 | Participate in working session with H. Volsky (FTI) regarding eventing claims for Omnibus Objections. |
| Lai, Stephanie | 6/8/2009 | 0.8 | Meet with I. Fredericks (SASMF) to discuss organization of legal claims. |
| Lai, Stephanie | 6/8/2009 | 0.8 | Meet with D. Ramsey (CC) in regards to legal claims to discuss method of summarizing master claim list. |
| Torres, Diego | 6/8/2009 | 2.8 | Work with J. Robinson (FTI) regarding questions on preference. |
| Torres, Diego | 6/8/2009 | 0.9 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| O'Loughlin, Morgan | 6/8/2009 | 0.9 | Compile spreadsheets for detailed listing of insurance claims as filed in SOFA and distribute to L. Baldyga (CC). |
| Torres, Diego | 6/8/2009 | 0.8 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| O'Loughlin, Morgan | 6/8/2009 | 0.8 | Update Omnibus Objection summary for Objection seven through #13 with counts and amounts. |
| O'Loughlin, Morgan | 6/8/2009 | 0.7 | Participate in meeting with L. Baldyga (CC) regarding insurance claim data provided for SOFA. |
| Volsky, Hannah | 6/8/2009 | 0.5 | Participate in working session with E. Cartwright (FTI) regarding eventing claims for Omnibus Objections. |
| Rinaldi, Scott A | 6/9/2009 | 2.7 | Participate in meeting with M. O'Loughlin (FTI) regarding current claims reporting capabilities. |
| Rinaldi, Scott A | 6/9/2009 | 1.3 | Meet with B. Cashman (FTI) and M. O'Loughlin (FTI) to discuss claims management reporting. |
| Robinson, Joshua M. | 6/9/2009 | 2.0 | Work with D. Torres (FTI) regarding questions on preference. |
| Robinson, Joshua M. | 6/9/2009 | 2.0 | Partake in call with H. Ferguson (CC), D. Blanks (MW) to discuss Omnibus Objections. |
| Robinson, Joshua M. | 6/9/2009 | 1.6 | Review draft objection exhibits prepared by D. Torres (FTI). |
| Robinson, Joshua M. | 6/9/2009 | 1.5 | Partake in call with H. Ferguson (CC), D. Blanks (MW) to discuss Omnibus Objections. |
| Robinson, Joshua M. | 6/9/2009 | 1.5 | Continue to prepare Omnibus Objections per claims identified by H. Ferguson (CC). |
| Robinson, Joshua M. | 6/9/2009 | 1.4 | Create log on credentials for users listed by H. Ferguson (CC). |
| Robinson, Joshua M. | 6/9/2009 | 0.7 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/9/2009 | 0.3 | Participate in meeting regarding update on claims with H. Ferguson (CC), D. Blanks (MW), I. Fredericks (SASMF), and S. Lai (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian | 6/9/2009 | 1.3 | Meet with S. Rinaldi (FTI) and M. O'Loughlin (FTI) to discuss claims management reporting. |
| Cashman, Brian | 6/9/2009 | 0.4 | Read emails regarding claims meeting updates and discuss with J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 6/9/2009 | 0.4 | Respond to various emails from H. Ferguson (CC) regarding claims. |
| Lewandowski, Douglas | 6/9/2009 | 1.3 | Work with D. Torres (FTI) on reconciling the new preference data to the old records to determine what invoices are being duplicated. |
| Lai, Stephanie | 6/9/2009 | 0.5 | Review legal claims update provided by D. Ramsey (CC) and discuss with D. Blanks (MW). |
| Lai, Stephanie | 6/9/2009 | 0.3 | Participate in meeting regarding update on claims with H. Ferguson (CC), D. Blanks (MW), I. Fredericks (SASMF), and J. Robinson (FTI). |
| O'Loughlin, Morgan | 6/9/2009 | 2.7 | Participate in meeting with S. Rinaldi (FTI) regarding current claims reporting capabilities. |
| Torres, Diego | 6/9/2009 | 2.0 | Work with J. Robinson (FTI) regarding questions on preference. |
| O'Loughlin, Morgan | 6/9/2009 | 1.3 | Meet with B. Cashman (FTI) and S. Rinaldi (FTI) to discuss claims management reporting. |
| Torres, Diego | 6/9/2009 | 1.3 | Work with D. Lewandowski (FTI) on reconciling the new preference data to the old records to determine what invoices are being duplicated. |
| Torres, Diego | 6/9/2009 | 0.5 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Torres, Diego | 6/9/2009 | 0.2 | Continue to prepare preference analysis for Merchandise Payables Vendors with the check clear dates. |
| Volsky, Hannah | 6/9/2009 | 2.5 | Prepare update statement for Omnibus Objection Exhibits 07-13. |
| Volsky, Hannah | 6/9/2009 | 1.6 | Modify filed claims in Omni's 7-13. |
| Volsky, Hannah | 6/9/2009 | 1.5 | Create report for government late filings and priority claims. |
| Volsky, Hannah | 6/9/2009 | 1.1 | Modify and run the ordered and adjourned exhibits for Omni 14. |
| Robinson, Joshua M. | 6/10/2009 | 1.5 | Add claimants requested by H. Ferguson (CC) to Omnibus Objections. |
| Robinson, Joshua M. | 6/10/2009 | 1.3 | Review finalized preference analysis for merchandise vendors. |
| Robinson, Joshua M. | 6/10/2009 | 1.2 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/10/2009 | 1.0 | Work with D. Torres (FTI) regarding questions on preparation of Omnibus Objections. |
| Robinson, Joshua M. | 6/10/2009 | 0.5 | Partake in call with B. Cashman (FTI), D. Blanks (MW) to discuss Omnibus Objection #10 questions. |
| Cashman, Brian | 6/10/2009 | 1.3 | Meet with I. Fredericks (SASMF), J. Marcum (CC), M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC) and B. Fose (CC) for claims review update. |
| Cashman, Brian | 6/10/2009 | 0.8 | Review Bank of America claims. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cashman, Brian | 6/10/2009 | 0.7 | Review PBGC claims. |
| Cashman, Brian | 6/10/2009 | 0.6 | Review status of HR claims. |
| Cashman, Brian | 6/10/2009 | 0.6 | Respond to emails from H. Ferguson (CC) regarding claims. |
| Cashman, Brian | 6/10/2009 | 0.5 | Partake in call with J. Robinson (FTI), D. Blanks (MW) to discuss Omnibus Objection #10 questions. |
| Ryba, Lauren | 6/10/2009 | 0.4 | Review current claims analysis. |
| Torres, Diego | 6/10/2009 | 2.3 | Calculate the Merchandise Payables preference using straight averages for the different check numbers and for the vendors prior year to the 90-day period. |
| O'Loughlin, Morgan | 6/10/2009 | 1.4 | Review and create summary from claim status field in access database provided by H. Ferguson (CC). |
| Torres, Diego | 6/10/2009 | 1.3 | Prepare EP preference analysis using straight averages. |
| Torres, Diego | 6/10/2009 | 1.3 | Prepare EP preference analysis using weighted averages. |
| Torres, Diego | 6/10/2009 | 1.1 | Continue to prepare EP preference analysis using straight averages. |
| Torres, Diego | 6/10/2009 | 1.0 | Work with J. Robinson (FTI) regarding questions on preparation of Omnibus Objections. |
| O'Loughlin, Morgan | 6/10/2009 | 0.9 | Participate in meeting with H. Ferguson (CC) regarding partial duplication exhibit and variance between CMSi and access database. |
| O'Loughlin, Morgan | 6/10/2009 | 0.8 | Review draft exhibit for Omnibus Objection #23 relating to partial duplication of 503(b)(9) claims. |
| O'Loughlin, Morgan | 6/10/2009 | 0.7 | Classify all claims listed on partial duplication draft by debtor. |
| O'Loughlin, Morgan | 6/10/2009 | 0.7 | Create claims by debtor by class summary to find potential duplicates across debtors. |
| O'Loughlin, Morgan | 6/10/2009 | 0.6 | Set up and format exhibit for Omnibus Objection #23 - partial duplication of 503(b)(9) claims. |
| Sajdak, Catherine | 6/10/2009 | 2.3 | Upload claims data associated with wrong class claims and non-goods claims into CMS database to be reviewed and flagged for objection. |
| Sajdak, Catherine | 6/10/2009 | 1.0 | Upload claims data associated with partial duplication claims into CMS database to be reviewed and flagged for objection. |
| Duffy, Robert J | 6/11/2009 | 0.7 | Review PBGC and Bank of America claims. |
| Robinson, Joshua M. | 6/11/2009 | 1.8 | Work with D. Torres (FTI) regarding expense payable vendor preference analysis. |
| Robinson, Joshua M. | 6/11/2009 | 1.6 | Instruct D. Torres (FTI) on final changes to preference analysis. |
| Robinson, Joshua M. | 6/11/2009 | 0.8 | Review finalized preference results. |
| Cashman, Brian | 6/11/2009 | 0.6 | Meet H. Ferguson (CC) to review company's  access database to ensure all information is getting included in CMSi. |
| Cartwright, Emily | 6/11/2009 | 0.5 | Pull crystal report exhibit to use for modify Omnibus Objections. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Lai, Stephanie | 6/11/2009 | 0.5 | Review legal claims file from D. Ramsey (CC) and provide feedback on additional claim information needed to include in file. |
| O'Loughlin, Morgan | 6/11/2009 | 2.1 | Create draft of Omnibus Objection #23 by listing modified and surviving claims. |
| Torres, Diego | 6/11/2009 | 2.1 | Create reports that will be used to file the various Omnibus Objections. |
| O'Loughlin, Morgan | 6/11/2009 | 1.9 | Participate in meeting with H. Ferguson (CC) to tie out partial duplication draft to access database. |
| Torres, Diego | 6/11/2009 | 1.8 | Work with J. Robinson (FTI) regarding expense payable vendor preference analysis. |
| Torres, Diego | 6/11/2009 | 1.3 | Make adjustments to the views the Crystal reports uses to pull in the specific information required for the report. |
| Torres, Diego | 6/11/2009 | 0.9 | Make adjustments to EP preference analysis changing the way the weighted average checks and 1 year prior weighted vendor terms are calculated. |
| Torres, Diego | 6/11/2009 | 0.9 | Make adjustments to EP preference analysis changing the way the straight average is calculated for each check and the way 1 year prior straight average vendor terms are calculated. |
| O'Loughlin, Morgan | 6/11/2009 | 0.8 | Meet with H. Ferguson (CC) to finalize partial duplication draft exhibit. |
| O'Loughlin, Morgan | 6/11/2009 | 0.6 | Tie partial duplication draft exhibit back to CMSi and create check for each set of modified claims. |
| Duffy, Robert J | 6/12/2009 | 1.0 | Review litigation rights and estimate value of potential proceeds. |
| Robinson, Joshua M. | 6/12/2009 | 1.3 | Make adjustments to Omnibus Objections per comments from H. Ferguson (CC). |
| Robinson, Joshua M. | 6/12/2009 | 1.3 | Partake in call with H. Ferguson (CC) to discuss Omnibus Objections. |
| Robinson, Joshua M. | 6/12/2009 | 1.2 | Partake in various conversations with D. Torres (FTI) regarding objection adjustments. |
| Robinson, Joshua M. | 6/12/2009 | 1.0 | Read and respond to email questions. |
| Cartwright, Emily | 6/12/2009 | 0.3 | Participate in discussion with D. Torres (FTI) regarding pulling data from Oracle into the Crystal Reports for the modify Omnibus Objections. |
| Lai, Stephanie | 6/12/2009 | 0.3 | Review legal claims file prepared by D. Ramsey (CC) and discuss next steps. |
| Torres, Diego | 6/12/2009 | 1.9 | Modify Crystal report to prepare the Omnibus Objections. |
| Torres, Diego | 6/12/2009 | 1.2 | Partake in various conversations with J. Robinson (FTI) regarding objection adjustments. |
| Torres, Diego | 6/12/2009 | 1.2 | Create and extract Omnibus Objections #16-19. |
| Torres, Diego | 6/12/2009 | 1.2 | Prepare Omnibus Objections #16-20 in Excel for client. |
| Torres, Diego | 6/12/2009 | 1.1 | Create and extract Omnibus Objection #20. |
| Torres, Diego | 6/12/2009 | 0.7 | Make changes to the modified class objection to include the applicable claims. |
| Torres, Diego | 6/12/2009 | 0.5 | Write query and populate Omnibus Objection #14 in Excel for client. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 6/12/2009 | 0.3 | Participate in discussion with E. Cartwright (FTI) regarding pulling data from Oracle into the Crystal Reports for the modify Omnibus Objections. |
| Sajdak, Catherine | 6/12/2009 | 2.3 | Upload claims data associated with Omnibus Objection # 20 into CMS database. |
| Sajdak, Catherine | 6/12/2009 | 1.3 | Upload Preference files related to claims to be reviewed and flagged for objection. |
| Coulombe, Stephen L | 6/15/2009 | 1.1 | Review valuation of litigations rights. |
| Coulombe, Stephen L | 6/15/2009 | 0.9 | Review and evaluate proposed options for litigation rights. |
| Duffy, Robert J | 6/15/2009 | 0.8 | Review work plan updated with Omnibus Objection schedule by B. Cashman (FTI). |
| Robinson, Joshua M. | 6/15/2009 | 1.5 | Work with D. Torres (FTI) on preparation of expense payable vendors preference. |
| Robinson, Joshua M. | 6/15/2009 | 1.5 | Validate object exhibits for Omnibus Objection #15-19. |
| Robinson, Joshua M. | 6/15/2009 | 1.2 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/15/2009 | 0.9 | Partake in various calls with H. Ferguson (CC) to discuss objections process. |
| Robinson, Joshua M. | 6/15/2009 | 0.8 | Meet with H. Volsky (FTI) regarding eventing claims for Omnibus Objections. |
| Robinson, Joshua M. | 6/15/2009 | 0.6 | Review preference analysis for Apple. |
| Lewandowski, Douglas | 6/15/2009 | 1.7 | Update the 503(b)(9) objection exhibit to include invoice detail per J. Robinson (FTI). |
| Torres, Diego | 6/15/2009 | 1.8 | Update Merchandise Payables weighted and straight average preference to include type of transaction associated with the payments. |
| Torres, Diego | 6/15/2009 | 1.5 | Work with J. Robinson (FTI) on preparation of expense payable vendors preference. |
| Torres, Diego | 6/15/2009 | 1.3 | Update EP preference to include unpaid receipts. |
| Torres, Diego | 6/15/2009 | 1.1 | Reconcile Apple detail and extract the straight and weighted average detail. |
| Torres, Diego | 6/15/2009 | 0.8 | Modify Omnibus Objection #10 to reflect the current parent child relationship for specific claims. |
| Torres, Diego | 6/15/2009 | 0.8 | Modify and run Omnibus Objection #14. |
| Torres, Diego | 6/15/2009 | 0.8 | Modify and run Omnibus Objection #15 for changes requested. |
| Torres, Diego | 6/15/2009 | 0.8 | Modify Omnibus Objection #15 and re-run Exhibit B & C. |
| Torres, Diego | 6/15/2009 | 0.7 | Modify and run Omnibus Objection #14 for changes requested. |
| Torres, Diego | 6/15/2009 | 0.5 | Review for EP preference. |
| Volsky, Hannah | 6/15/2009 | 1.7 | Create Omnibus Objection #22 events. |
| Volsky, Hannah | 6/15/2009 | 1.6 | Write procedure do modify Omnibus Objection #5 and #6 claims. |
| Volsky, Hannah | 6/15/2009 | 0.8 | Meet with J. Robinson (FTI) regarding eventing claims for Omnibus Objections. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Sajdak, Catherine | 6/15/2009 | 1.7 | Upload claims data associated with real estate tax claims, wrong debtor claims, and duplicate claims into CMS database. |
| Robinson, Joshua M. | 6/16/2009 | 2.2 | Continue to work with D. Torres (FTI) to produce Omnibus Objections #20-24. |
| Robinson, Joshua M. | 6/16/2009 | 1.8 | Meet with D. Foley (MW), H. Ferguson (CC)  to discuss claims objection plans and status. |
| Robinson, Joshua M. | 6/16/2009 | 1.5 | Answer questions from D. Torres (FTI) regarding Omnibus Objection preparation. |
| Robinson, Joshua M. | 6/16/2009 | 1.2 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/16/2009 | 0.3 | Discuss claims reporting with B. Cashman (FTI). |
| Cashman, Brian | 6/16/2009 | 2.2 | Meet with I. Fredericks (SASMF), M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC), D. Foley (MW) and B. Fose (CC) for claims review update. |
| Cashman, Brian | 6/16/2009 | 1.1 | Meet with I. Fredericks (SASMF), M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC), D. Foley (MW) and B. Fose (CC) to discuss status of accounts receivable. |
| Cashman, Brian | 6/16/2009 | 0.8 | Meet with I. Fredericks (SASMF), M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC), D. Foley (MW) and A. Pietrantoni (CC) for HR claims review update. |
| Cashman, Brian | 6/16/2009 | 0.4 | Respond to emails from H. Ferguson (CC) regarding claims. |
| Cashman, Brian | 6/16/2009 | 0.3 | Discuss claims reporting with J. Robinson (FTI). |
| Lewandowski, Douglas | 6/16/2009 | 1.3 | Update the objection exhibits to calculate and include the invoice detail for 503(b)(9) claims. |
| Lewandowski, Douglas | 6/16/2009 | 0.7 | Update the objection exhibits to include the transfer agent. |
| Cartwright, Emily | 6/16/2009 | 0.2 | Review the weights given to a the draft and file events in CMS. |
| Torres, Diego | 6/16/2009 | 2.2 | Continue to work with J. Robinson (FTI) to produce Omnibus Objections #20-24. |
| Torres, Diego | 6/16/2009 | 0.9 | Format outside of 20 day file for purposes of creating the Omnibus Objection. |
| Torres, Diego | 6/16/2009 | 0.9 | Process 20 day file in Oracle in order to create the Omnibus Objection. |
| Torres, Diego | 6/16/2009 | 0.8 | Extract Merchandise Payables preference data for Direct TV and ION. Reconcile Direct TV preference against original AP data file. |
| Torres, Diego | 6/16/2009 | 0.8 | Modify Omnibus Objection #15 and re-run report. |
| Torres, Diego | 6/16/2009 | 0.8 | Remove specific claims from Omnibus Objection #15 as requested by client and re-run Exhibit B & C. |
| Torres, Diego | 6/16/2009 | 0.8 | Create and format Exhibit B for prepared Omnibus Objections. |
| Torres, Diego | 6/16/2009 | 0.7 | Validate straight and weighted averages for Direct TV. |
| Torres, Diego | 6/16/2009 | 0.2 | Prepare modify and disallow exhibit for Omnibus Objection #22. |
| Volsky, Hannah | 6/16/2009 | 2.1 | Modify and run the ordered and adjourned exhibits for Omnibus Objection #23. |
| Volsky, Hannah | 6/16/2009 | 1.5 | Create Omnibus Objection #23 events. |

Circuit City Stores, Inc.

FTI Consulting, Inc.

Exhibit C - Complete Accounting of Time Expended by Day by Professional

For the Period 5/1/2009 through and including 7/31/2009

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Volsky, Hannah | 6/16/2009 | 1.1 | Produce Exhibit C report. |
| Volsky, Hannah | 6/16/2009 | 0.8 | Create Excel extract of Omnibus Objection #23 claims. |
| Sajdak, Catherine | 6/16/2009 | 0.6 | Update claims data associated with Omnibus Objection #20 in CMS database. |
| Robinson, Joshua M. | 6/17/2009 | 3.0 | Continue to prepare Omnibus Objections per claims identified by H. Ferguson (CC). |
| Robinson, Joshua M. | 6/17/2009 | 1.3 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Robinson, Joshua M. | 6/17/2009 | 1.0 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/17/2009 | 0.2 | Discuss claims reporting with B. Cashman (FTI). |
| Cashman, Brian | 6/17/2009 | 0.3 | Review listing of secured claims to ensure certain claims are being reconciled. |
| Cashman, Brian | 6/17/2009 | 0.2 | Discuss claims reporting with J. Robinson (FTI). |
| Cartwright, Emily | 6/17/2009 | 0.4 | Participate in working session with H. Volsky (FTI) regarding eventing claims for Omnibus Objections. |
| Cartwright, Emily | 6/17/2009 | 0.2 | Participate in working session with D. Torres (FTI) regarding pulling claims onto the Crystal report for Omnibus Objection #15. |
| Torres, Diego | 6/17/2009 | 1.4 | Process data for the equity interest Omnibus Objections. |
| Torres, Diego | 6/17/2009 | 1.1 | Modify Omnibus Objection #15 to include all the changes on the appropriate exhibits. |
| Torres, Diego | 6/17/2009 | 0.9 | Assist in processing data for Omnibus Objection #23 and #24. |
| O'Loughlin, Morgan | 6/17/2009 | 0.8 | Update Omnibus Objection summary per CMSi and distribute to team. |
| Torres, Diego | 6/17/2009 | 0.8 | Re-create Omnibus Objection #15 in Excel and reconcile to the PDF. |
| Torres, Diego | 6/17/2009 | 0.7 | Create Omnibus Objection for equity interest. |
| Torres, Diego | 6/17/2009 | 0.6 | Add claim #958 to Omnibus Objection #15 and regenerate report. |
| Torres, Diego | 6/17/2009 | 0.4 | Rename Omnibus Objection #15 to Omnibus Objection #19 and Omnibus Objections #16-19 to Omnibus Objections #15-18. |
| Torres, Diego | 6/17/2009 | 0.4 | Re-run Omnibus Objection #20 for purposes of determining how the portions of claim 913 will show up on the report. |
| Torres, Diego | 6/17/2009 | 0.2 | Participate in working session with E. Cartwright (FTI) regarding pulling claims onto the Crystal report for Omnibus Objection #15. |
| Volsky, Hannah | 6/17/2009 | 1.3 | Produce Exhibit C reports for Omnibus Objection #23 and #24. |
| Volsky, Hannah | 6/17/2009 | 1.3 | Update claims associated with Omnibus Objection #2-3. |
| Volsky, Hannah | 6/17/2009 | 0.8 | Create Omnibus Objection #24 events. |
| Volsky, Hannah | 6/17/2009 | 0.6 | Process and run the ordered and adjourned exhibits for Omnibus Objection #23 and #24. |
| Volsky, Hannah | 6/17/2009 | 0.5 | Produce Exhibit B reports for Omnibus Objection #23 and #24. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Volsky, Hannah | 6/17/2009 | 0.4 | Participate in working session with E. Cartwright (FTI) regarding eventing claims for Omnibus Objections. |
| Duffy, Robert J | 6/18/2009 | 0.6 | Review report summarizing claims by classification and determine possible recoveries. |
| Robinson, Joshua M. | 6/18/2009 | 2.9 | Review draft objection exhibits prepared by D. Torres (FTI). |
| Robinson, Joshua M. | 6/18/2009 | 2.8 | Continue to prepare Omnibus Objections per claims identified by H. Ferguson (CC). |
| Robinson, Joshua M. | 6/18/2009 | 2.7 | Continue to work with D. Torres (FTI) to produce Omnibus Objections #15-24. |
| Robinson, Joshua M. | 6/18/2009 | 1.5 | Read and respond to email questions. |
| Robinson, Joshua M. | 6/18/2009 | 0.8 | Prepare excel version of Omnibus Objection #15-19 per request from KCC. |
| Robinson, Joshua M. | 6/18/2009 | 0.8 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Cashman, Brian | 6/18/2009 | 0.8 | Review Omnibus Objection #16 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.8 | Review Omnibus Objection #19 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.7 | Review Omnibus Objection #17 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.7 | Review listing of Omnibus Objections prepared by M. O'Loughlin (FTI). |
| Cashman, Brian | 6/18/2009 | 0.6 | Review Omnibus Objection #14 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.6 | Review Omnibus Objection #18 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.6 | Review Omnibus Objection #15 exhibits for reasonableness. |
| Cashman, Brian | 6/18/2009 | 0.5 | Review claims report summarizing claims by classification to determine possible recoveries. |
| Cashman, Brian | 6/18/2009 | 0.3 | Respond to emails from H. Ferguson (CC) regarding claims. |
| Torres, Diego | 6/18/2009 | 2.7 | Continue to work with J. Robinson (FTI) to produce Omnibus Objections #15-24. |
| Torres, Diego | 6/18/2009 | 1.7 | Revise preference Omnibus Objection for purposes of using clients updated file. |
| Torres, Diego | 6/18/2009 | 1.5 | Prepare Omnibus Objection for 503(b)(9) claims to modify with supporting invoice information. |
| O'Loughlin, Morgan | 6/18/2009 | 1.4 | Create schedule of Omnibus Objections and summarize by counts and amounts. |
| O'Loughlin, Morgan | 6/18/2009 | 1.4 | Update address field for partial duplication draft exhibit. |
| Torres, Diego | 6/18/2009 | 1.2 | Prepare duplicate claim objection and duplicate claim objection with different debtor in Excel for review. |
| O'Loughlin, Morgan | 6/18/2009 | 1.0 | Update Omnibus Objection tracking schedule with Objections through #23. |
| Torres, Diego | 6/18/2009 | 0.9 | Prepare Omnibus Objection for claims to temporarily  disallow due to preference and create an Excel version of the Objection for review. |
| Torres, Diego | 6/18/2009 | 0.8 | Revise Omnibus Objection #21 and create an Excel version of Omnibus Objection #21 for review. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 6/18/2009 | 0.8 | Make update to partial duplication draft exhibit to include claim #9637. |
| Torres, Diego | 6/18/2009 | 0.5 | Assist in processing duplicate claim objection with different debtor data. |
| Torres, Diego | 6/18/2009 | 0.5 | Assist in processing duplicate claim objection data. |
| Torres, Diego | 6/18/2009 | 0.3 | Begin preparing the Omnibus Objection for 503(b)(9) set-off amounts. |
| Volsky, Hannah | 6/18/2009 | 2.2 | Match and verify Parent/Child claims in CMSI for Omnibus Objection #24. |
| Volsky, Hannah | 6/18/2009 | 1.5 | Modify and run the ordered and adjourned exhibits for Omnibus Objections #23 and #24. |
| Volsky, Hannah | 6/18/2009 | 1.2 | Produce Exhibit C reports for Omnibus Objection #20 and Omnibus Objection #22. |
| Volsky, Hannah | 6/18/2009 | 1.1 | Edit Omnibus Objection #24 Exhibit C and D reports. |
| Volsky, Hannah | 6/18/2009 | 0.9 | Produce Excel Extract for Omnibus Objection #24. |
| Volsky, Hannah | 6/18/2009 | 0.9 | Switch Omnibus Objection #20 and Omnibus Objection #23 events. |
| Volsky, Hannah | 6/18/2009 | 0.9 | Produce Exhibit B reports for Omnibus Objection #20 and Omnibus Objection #22. |
| Volsky, Hannah | 6/18/2009 | 0.8 | Produce Excel extracts for Omnibus Objection #20 and Omnibus Objection #22 claims. |
| Volsky, Hannah | 6/18/2009 | 0.6 | Produce Exhibit B report for Omnibus Objection #24. |
| Sajdak, Catherine | 6/18/2009 | 1.0 | Write queries and update tables to facilitate a more efficient review process. |
| Coulombe, Stephen L | 6/19/2009 | 1.3 | Review and assess offer to purchase litigation rights. |
| Duffy, Robert J | 6/19/2009 | 0.7 | Receive updates on Omnibus Objections #15-19 exhibits and approve final claims count and amount. |
| Duffy, Robert J | 6/19/2009 | 0.3 | Receive updates on offer to purchase litigation rights. |
| Robinson, Joshua M. | 6/19/2009 | 1.5 | Finalize additional objection draft exhibits and forward to H. Ferguson (CC) for review. |
| Robinson, Joshua M. | 6/19/2009 | 0.5 | Partake in call with D. Blanks (MW) regarding claims objections. |
| Cashman, Brian | 6/19/2009 | 0.6 | Review Omnibus Objection #18 exhibits for reasonableness. |
| Cashman, Brian | 6/19/2009 | 0.5 | Review Omnibus Objection #17 exhibits for reasonableness. |
| Cashman, Brian | 6/19/2009 | 0.5 | Review Omnibus Objection #19 exhibits for reasonableness. |
| Cashman, Brian | 6/19/2009 | 0.5 | Review Omnibus Objection #16 exhibits for reasonableness. |
| Cashman, Brian | 6/19/2009 | 0.5 | Review Omnibus Objection #15 exhibits for reasonableness. |
| Torres, Diego | 6/19/2009 | 1.9 | Create mail files for Omnibus Objections #15-18. |
| O'Loughlin, Morgan | 6/19/2009 | 1.6 | Review Omnibus Objections and reconcile amounts back to CMSi to ensure ordered amounts are classified appropriately. |
| Torres, Diego | 6/19/2009 | 1.5 | Create Omnibus Objection tracker to reflect the status of each objection. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 6/19/2009 | 0.7 | Revise mail files to reflect the change in class for Omnibus Objections #15-18. |
| O'Loughlin, Morgan | 6/19/2009 | 0.7 | Finalize partial duplication draft exhibit to be filed with court. |
| Torres, Diego | 6/19/2009 | 0.6 | Modify Omnibus Objection for 503(b)(9) claims to modify and re-run the exhibit. |
| Torres, Diego | 6/19/2009 | 0.6 | Modify Omnibus Objection for 503(b)(9) claims to modify and re-run the exhibit. |
| Volsky, Hannah | 6/19/2009 | 2.4 | Update detail file for Omnibus Objection #26. |
| Volsky, Hannah | 6/19/2009 | 2.3 | Create procedure to populate event Omnibus Objection #26. |
| Volsky, Hannah | 6/19/2009 | 1.4 | Format 503(b)(9) Partial duplication file and upload to Oracle. |
| Volsky, Hannah | 6/19/2009 | 0.9 | Create and extract Omnibus Objection #26. |
| Coulombe, Stephen L | 6/22/2009 | 1.0 | Receive updates on the omnibus Objections #20-23 to be filed and review claims count and amount for accuracy. |
| Robinson, Joshua M. | 6/22/2009 | 2.6 | Review Draft Omnibus Objections #20-24. |
| Robinson, Joshua M. | 6/22/2009 | 2.3 | Continue to prepare Omnibus Objections per claims identified by H. Ferguson (CC). |
| Robinson, Joshua M. | 6/22/2009 | 1.9 | Create script to flag duplicate claims as defined from H. Ferguson (CC). |
| Robinson, Joshua M. | 6/22/2009 | 1.5 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Robinson, Joshua M. | 6/22/2009 | 1.1 | Partake in various calls with H. Ferguson (CC) to discuss objections process. |
| Robinson, Joshua M. | 6/22/2009 | 0.4 | Partake in various calls with D. Blanks (MW) to discuss objections process. |
| Robinson, Joshua M. | 6/22/2009 | 0.3 | Discuss claims reporting with B. Cashman (FTI). |
| Cashman, Brian | 6/22/2009 | 0.6 | Review Omnibus Objection #20 exhibits for reasonableness. |
| Cashman, Brian | 6/22/2009 | 0.6 | Discuss need for claims report of number of claims by debtor. |
| Cashman, Brian | 6/22/2009 | 0.6 | Review Omnibus Objection #21 exhibits for reasonableness. |
| Cashman, Brian | 6/22/2009 | 0.6 | Review Omnibus Objection #23 exhibits for reasonableness. |
| Cashman, Brian | 6/22/2009 | 0.6 | Review Omnibus Objection #22 exhibits for reasonableness. |
| Cashman, Brian | 6/22/2009 | 0.3 | Discuss claims reporting with J. Robinson (FTI). |
| Torres, Diego | 6/22/2009 | 1.9 | Revise titles to Omnibus Objections #19-23 and make the changes to the database to reflect the changes. |
| Torres, Diego | 6/22/2009 | 1.4 | Process data for Omnibus Objection #20. |
| Torres, Diego | 6/22/2009 | 1.4 | Revise the view to Omnibus Objection #21 to include the invoices that have been put on another exhibit. |
| Torres, Diego | 6/22/2009 | 1.3 | Process data for Omnibus Objection #21. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 6/22/2009 | 1.2 | Review Omnibus Objection #21 and validate the claims. |
| O'Loughlin, Morgan | 6/22/2009 | 1.1 | Create claims report by debtor for both docketed and reconciled amounts. |
| Torres, Diego | 6/22/2009 | 0.9 | Revise Omnibus Objection #21 for the changes requested. |
| Torres, Diego | 6/22/2009 | 0.8 | Revise Omnibus Objection# 20 to remove the claims requested. |
| Torres, Diego | 6/22/2009 | 0.7 | Review Omnibus Objection #19 and validate the claims. |
| Torres, Diego | 6/22/2009 | 0.6 | Modify changes to Omnibus Objection #19. |
| Torres, Diego | 6/22/2009 | 0.5 | Revise Omnibus Objection #20 to reflect the language changes made to the exhibit. |
| Torres, Diego | 6/22/2009 | 0.3 | Revise Omnibus Objection #19 to reflect the language changes made to the exhibit. |
| Volsky, Hannah | 6/22/2009 | 2.2 | Rename and verify Omnibus Objection events #21-26. |
| Volsky, Hannah | 6/22/2009 | 1.4 | Produce Exhibit C report for Omnibus Objection #21. |
| Volsky, Hannah | 6/22/2009 | 1.2 | Produce Exhibit C report for Omnibus Objection #23. |
| Volsky, Hannah | 6/22/2009 | 1.1 | Produce Exhibit B report for Omnibus Objection #21. |
| Volsky, Hannah | 6/22/2009 | 0.9 | Produce Excel extract for Omnibus Objection #21. |
| Volsky, Hannah | 6/22/2009 | 0.8 | Produce Exhibit B report for Omnibus Objection #23. |
| Volsky, Hannah | 6/22/2009 | 0.6 | Produce Excel extract for Omnibus Objection #23. |
| Burke, Samantha | 6/22/2009 | 0.9 | Read through new Omnibus #14-18 Objections and record number of claims and amount. |
| Robinson, Joshua M. | 6/23/2009 | 2.0 | Prepare excel versions of Omnibus Objection #20 -24 per request from KCC. |
| Robinson, Joshua M. | 6/23/2009 | 1.2 | Review Omnibus Objection# 20 -24. |
| Robinson, Joshua M. | 6/23/2009 | 1.0 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Robinson, Joshua M. | 6/23/2009 | 0.8 | Partake in various calls with H. Ferguson (CC) to discuss objections process. |
| Cashman, Brian | 6/23/2009 | 0.3 | Respond to various emails from H. Ferguson (CC) regarding claims. |
| Torres, Diego | 6/23/2009 | 1.5 | Modify the claims status report query to include dollar amounts. |
| Torres, Diego | 6/23/2009 | 1.5 | Revise Omnibus Objection #23 and generate Exhibit B & C. |
| Torres, Diego | 6/23/2009 | 1.4 | Update Omnibus Objection #24 and generate Exhibit B & C. |
| Torres, Diego | 6/23/2009 | 1.4 | Begin preparing claims status report broken up  by debtors. |
| O'Loughlin, Morgan | 6/23/2009 | 1.2 | Review new reports posted to CMSi and create macro to properly format schedules. |
| Torres, Diego | 6/23/2009 | 0.7 | Record macros that will automatically populate the Excel template  with the Oracle extract for the claims status report. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 6/23/2009 | 0.6 | Review the claims status reports by debtors to ensure the macros are working properly. |
| Torres, Diego | 6/23/2009 | 0.6 | Create Excel template for the claims status report by debtors. |
| Torres, Diego | 6/23/2009 | 0.3 | Write query to extract Canon preference, extract, format, and send to B. Cashman (FTI) for review. |
| Volsky, Hannah | 6/23/2009 | 2.1 | Write Macros to format Total Claim Amounts By Debtor report (report 11). |
| Volsky, Hannah | 6/23/2009 | 1.7 | Write Macros to format Total Quantity of Claims by Debtor report (report 12). |
| Volsky, Hannah | 6/23/2009 | 1.3 | Produce final reports 11 and 12 through CMSI. |
| Volsky, Hannah | 6/23/2009 | 1.2 | Write query to calculate Total Claim Amounts By Debtor (report 11). |
| Volsky, Hannah | 6/23/2009 | 0.8 | Write query to calculate Total Quantity of Claims by Debtor (report 12). |
| Burke, Samantha | 6/23/2009 | 2.7 | Review wage accrual claims 6674-12982 to see if they were correctly classified. |
| Burke, Samantha | 6/23/2009 | 1.3 | Update HR-triage spreadsheet with reclassified claims. |
| Burke, Samantha | 6/23/2009 | 1.3 | Review wage accrual claims 5115-6674 to see if they are correctly classified. |
| Burke, Samantha | 6/23/2009 | 0.8 | Meet with A. Pietrantoni (CC) to discuss wage accrual classification. |
| Burke, Samantha | 6/23/2009 | 0.2 | Meet with A. Pietrantoni (CC) to discuss next step in claim classifications. |
| Robinson, Joshua M. | 6/24/2009 | 1.6 | Assist D. Torres (FTI) in Omnibus Objection documentation organization. |
| Robinson, Joshua M. | 6/24/2009 | 1.5 | Review specific preference actions per request from company. |
| Robinson, Joshua M. | 6/24/2009 | 0.8 | Instruct D. Torres (FTI) on final changes to reporting requested by B. Cashman (FTI). |
| Robinson, Joshua M. | 6/24/2009 | 0.6 | Read and respond to email questions. |
| Cashman, Brian | 6/24/2009 | 2.1 | Meet with I. Fredericks (SASMF), M. Mosier (CC), J. Marcum (CC) D. Blanks (MW) (MW), J. Liberi (SASMF), H. Ferguson (CC) and D. Foley (MW) for claims review update. |
| Cashman, Brian | 6/24/2009 | 0.7 | Meet with M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC) and D. Foley (MW) for claims review update. |
| Cashman, Brian | 6/24/2009 | 0.6 | Review claims reports distributed by D. Torres (FTI). |
| Cashman, Brian | 6/24/2009 | 0.4 | Meet with M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC), D. Foley (MW) and A. Pietrantoni (CC) for HR claims review update. |
| Cashman, Brian | 6/24/2009 | 0.3 | Participate in discussions with M. O'Loughlin (FTI) about getting analyst information into the claims management system. |
| Cashman, Brian | 6/24/2009 | 0.1 | Request preference analysis on Active from J. Robinson (FTI). |
| Torres, Diego | 6/24/2009 | 1.6 | Work with J. Robinson (FTI) on Omnibus Objection documentation organization. |
| Torres, Diego | 6/24/2009 | 1.2 | Process data to create Omnibus Objection #5 Ordered claims exhibit. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 6/24/2009 | 1.1 | Finalize and distribute claim status field provided by H. Ferguson (CC) and distribute to update CMSi. |
| Torres, Diego | 6/24/2009 | 0.9 | Process data to create Omnibus Objection# 5 Adjourned claims exhibit. |
| Torres, Diego | 6/24/2009 | 0.9 | Revise Omnibus Objection #5 & #6 for changes requested. |
| Torres, Diego | 6/24/2009 | 0.8 | Process data to create Omnibus Objection #6 Adjourned claims exhibit. |
| Torres, Diego | 6/24/2009 | 0.8 | Work with J. Robinson (FTI) on final changes to reporting requested by B. Cashman (FTI). |
| Torres, Diego | 6/24/2009 | 0.7 | Process data to create Omnibus Objection #6 Ordered claims exhibit. |
| Torres, Diego | 6/24/2009 | 0.6 | Validate the claims in our database reflect the current Omnibus Objections filed with the court. |
| O'Loughlin, Morgan | 6/24/2009 | 0.6 | Participate in discussion with L. Baldyga (CC) regarding insurance claims and outstanding data issues. |
| O'Loughlin, Morgan | 6/24/2009 | 0.4 | Review claims by nature of claim group. |
| Torres, Diego | 6/24/2009 | 0.3 | Write query to extract Active Media preference, extract, format, and send to B. Cashman (FTI) for review. |
| O'Loughlin, Morgan | 6/24/2009 | 0.3 | Participate in discussions with B. Cashman (FTI) about getting analyst information into the claims management system. |
| Burke, Samantha | 6/24/2009 | 2.9 | Review wage accrual claims 5115-12982 and note all late claims and highlight those that have not been objected to. |
| Burke, Samantha | 6/24/2009 | 1.4 | Update HR-triage spreadsheet with reclassified claims. |
| Burke, Samantha | 6/24/2009 | 0.9 | Edit updated executive summary for BOD deck. |
| Robinson, Joshua M. | 6/25/2009 | 2.0 | Prepare Omnibus Objection #5 and #6 orders per request from D. Blanks (MW). |
| Robinson, Joshua M. | 6/25/2009 | 1.5 | Assist D. Torres (FTI) with questions regarding objections. |
| Robinson, Joshua M. | 6/25/2009 | 0.5 | Read and respond to email questions. |
| Lai, Stephanie | 6/25/2009 | 0.3 | Coordinate with D. Ramsey (CC) and D. Blanks (MW) on getting a time to meet to discuss legal claims. |
| Torres, Diego | 6/25/2009 | 2.0 | Begin preparing Omnibus Objection tracking report to track the filed objections. |
| Torres, Diego | 6/25/2009 | 1.8 | Write the query to extract the Omnibus Objection tracker report. |
| Torres, Diego | 6/25/2009 | 1.5 | Assist J. Robinson (FTI) with questions regarding objections. |
| Torres, Diego | 6/25/2009 | 1.3 | Reconcile the Omnibus Objection tracker in Excel using the docket to validate the values in the report. |
| Torres, Diego | 6/25/2009 | 1.2 | Revise Omnibus Objection #5 and #6 changes the language and generate the exhibits for each Omni. |
| Torres, Diego | 6/25/2009 | 0.8 | Revise Omnibus Objection #5 to reflect the changes for claim #663 and the language. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 6/25/2009 | 0.8 | Review Omnibus Objection summary and provide edits to S. Burke (FTI). |
| Torres, Diego | 6/25/2009 | 0.7 | Adjust templates for waterfall reports that were posted to CMSi. |
| Burke, Samantha | 6/25/2009 | 0.9 | Read through new Omnibus Objections #19-23 and record number of claims and amount. |
| Burke, Samantha | 6/25/2009 | 0.5 | Meet with A. Pietrantoni (CC) to go over claims questions. |
| Robinson, Joshua M. | 6/26/2009 | 1.4 | Research Omnibus Objection details already filed to ensure results were correct. |
| Robinson, Joshua M. | 6/26/2009 | 0.4 | Read and respond to email questions. |
| Torres, Diego | 6/26/2009 | 2.2 | Continue to modify the Omnibus Objection tracker report. |
| Torres, Diego | 6/26/2009 | 1.2 | Reconcile Omnibus Objection #1 using the docket and determine the difference from the filed objection the values on the report. |
| Torres, Diego | 6/26/2009 | 0.9 | Change titles to Exhibits for Omnibus Objections #5 and # 6. |
| O'Loughlin, Morgan | 6/26/2009 | 0.8 | Review Omnibus Objection #1 for ordered amounts and compare to CMSi tracking schedules. |
| Robinson, Joshua M. | 6/29/2009 | 2.0 | Begin to process responses to objection. |
| Robinson, Joshua M. | 6/29/2009 | 0.5 | Partake in various conversations with H. Ferguson (CC) regarding Omnibus Objections. |
| Robinson, Joshua M. | 6/29/2009 | 0.5 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Lewandowski, Douglas | 6/29/2009 | 0.6 | Review Omnibus Objection #4 to determine how it should be evented in CMS. |
| Lai, Stephanie | 6/29/2009 | 1.3 | Participate on call with D. Ramsey (CC) and D. Foley (MGW Woods) to review legal claims. |
| Torres, Diego | 6/29/2009 | 2.3 | Modify Omnibus Objection tracker report to include claim dollar amounts. |
| Torres, Diego | 6/29/2009 | 2.1 | Reconcile the query that pulls the Omnibus Objection tracker to validate data. |
| Torres, Diego | 6/29/2009 | 1.5 | Write queries to extract the necessary claim information for the BOD meeting. |
| Torres, Diego | 6/29/2009 | 1.5 | Confirm our database accurately reflects the claims that were filed on objections. |
| Torres, Diego | 6/29/2009 | 0.7 | Begin to write query that will provide the data extract for the Omnibus Objection tracker by claim class as requested for the board meeting. |
| Volsky, Hannah | 6/29/2009 | 1.9 | Review emails adjusting claims associated with Omnibus Objections #8, #9, and #10. |
| Volsky, Hannah | 6/29/2009 | 1.9 | Create Updating/Withdraw Log to track changes made to Omnibus Objections. |
| Volsky, Hannah | 6/29/2009 | 1.8 | Write queries to make updates adjusting Omnibus Objections  #8, #9, and #10. |
| Burke, Samantha | 6/29/2009 | 0.4 | Create template for claims schedule. |
| Burke, Samantha | 6/29/2009 | 0.3 | Update Omnibus Objections schedules in UCC deck with dates of orders. |
| Robinson, Joshua M. | 6/30/2009 | 1.3 | Answer questions from D. Torres (FTI) regarding CMSi reconciliation. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. | 6/30/2009 | 0.7 | Read and respond to email questions. |
| Lewandowski, Douglas | 6/30/2009 | 0.7 | Create claim summary file for the board of directors meeting. |
| Lai, Stephanie | 6/30/2009 | 1.0 | Participate in conference call with J. Marcum (CC), M. Mosier (CC), S. Burke (FTI), M. O'Loughlin (FTI), G. Galardi (FTI) to discuss changes to BOD deck. |
| Torres, Diego | 6/30/2009 | 2.1 | Continue to write query that will extract the Omnibus Objection tracker by claim class. |
| Torres, Diego | 6/30/2009 | 1.9 | Begin processing new claim load file from KCC. |
| Torres, Diego | 6/30/2009 | 1.6 | Modify the Crystal Report document for the Omnibus Objection tracker by ccls. |
| Torres, Diego | 6/30/2009 | 1.3 | Finalize Omnibus Objection tracker report and review. |
| Torres, Diego | 6/30/2009 | 1.1 | Write queries to extract additional information requested for the BOD meeting. |
| O'Loughlin, Morgan | 6/30/2009 | 0.9 | Create claims report that takes docketed amount, reconciled amount and delta by Omnibus Objection by class to get to net remaining claims. |
| O'Loughlin, Morgan | 6/30/2009 | 0.4 | Update claims management slides with latest Omnibus Objection activity. |
| Volsky, Hannah | 6/30/2009 | 1.8 | Verify all adjourned claims from Omnibus Objection response request. |
| Volsky, Hannah | 6/30/2009 | 0.3 | Review emails adjusting claims associated with Omnibus Objection #9. |
| Volsky, Hannah | 6/30/2009 | 0.3 | Write queries to make updates adjusting Omnibus Objection #9. |
| Burke, Samantha | 6/30/2009 | 1.1 | Update check roll forward schedule for weekly cash report. |
| Burke, Samantha | 6/30/2009 | 1.1 | Update claims schedule by segregating 503(b)(9), secured, admin, priority, and unsecured. |
| Burke, Samantha | 6/30/2009 | 1.0 | Participate in conference call with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI), M. O'Loughlin (FTI), G. Galardi (FTI) to discuss changes to BOD deck. |
| Burke, Samantha | 6/30/2009 | 0.7 | Update claims schedule by combining Omnibus Objections and reformatting. |
| Burke, Samantha | 6/30/2009 | 0.6 | Divide claims schedule into modified and docketed amounts. |
| Robinson, Joshua M. | 7/1/2009 | 0.2 | Respond to email questions from D. Torres (FTI). |
| Cashman, Brian | 7/1/2009 | 0.4 | Review listing of top claims to strategize what needs to be done next. |
| Torres, Diego | 7/1/2009 | 1.9 | Begin running the detail for the MP preference. |
| Torres, Diego | 7/1/2009 | 1.6 | Continue to process claim load file send from KCC. |
| Torres, Diego | 7/1/2009 | 0.9 | Revise Active Media preference. . |
| Torres, Diego | 7/1/2009 | 0.8 | Update the reviewer column in CMSi database to identify the individual who reviewed the claim. |
| Torres, Diego | 7/1/2009 | 0.7 | Revise waterfall templates to reflect the current status of the claims. . |
| Torres, Diego | 7/1/2009 | 0.6 | Re-run waterfall reports with new claim load file in CMS. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/1/2009 | 0.5 | Confirm that specific claims sent by client were adjourned. |
| Burke, Samantha | 7/1/2009 | 1.6 | Sort PTO accruals based on duplicates and pre term date adjustments. |
| Burke, Samantha | 7/1/2009 | 1.3 | Restructure PTO accruals by deleting pre term duplicate adjustments and summing multiple adjustments from after term date. |
| Burke, Samantha | 7/1/2009 | 0.5 | Meet with A. Pietrantoni (CC) to discuss changes to be made to PTO accrual schedule. |
| Burke, Samantha | 7/1/2009 | 0.5 | Tie out PTO adjustments for HR claims. |
| Burke, Samantha | 7/1/2009 | 0.3 | Record new payments summary for CC professional fees invoice detail. |
| Robinson, Joshua M. | 7/2/2009 | 0.7 | Participate on call with D. Torres (FTI) to discuss EP Preference. |
| Robinson, Joshua M. | 7/2/2009 | 0.3 | Respond to email questions from D. Torres (FTI). |
| Lai, Stephanie | 7/2/2009 | 0.9 | Revise format of claims waterfall. |
| Lai, Stephanie | 7/2/2009 | 0.7 | Confirm amount of disallowed claims for Omnibus Objections 5 and 6 with D. Torres (FTI). |
| Lai, Stephanie | 7/2/2009 | 0.5 | Review analysis of PTO claims provided by S. Burke (FTI) and provide guidance to reconciling. |
| O'Loughlin, Morgan | 7/2/2009 | 1.7 | Create report listing claims by class by debtor in descending order. |
| Torres, Diego | 7/2/2009 | 0.8 | Continue to prepare the detail for the MP preference. . |
| Torres, Diego | 7/2/2009 | 0.7 | Participate on call with J. Robinson (FTI) to discuss EP Preference. |
| Torres, Diego | 7/2/2009 | 0.5 | Reflect claim amount changes in CMSi database as requested by client. |
| Torres, Diego | 7/2/2009 | 0.2 | Adjourn a specific claim per clients request. |
| Robinson, Joshua M. | 7/5/2009 | 0.5 | Analyze and respond to questions from D. Blanks (MW). |
| Robinson, Joshua M. | 7/6/2009 | 2.2 | Grant access to CMSi for MGW attorneys. |
| Robinson, Joshua M. | 7/6/2009 | 1.2 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/6/2009 | 0.8 | Review preference analysis with D. Torres (FTI). |
| Robinson, Joshua M. | 7/6/2009 | 0.5 | Work with D. Torres (FTI) on various questions related to claims reporting. |
| Robinson, Joshua M. | 7/6/2009 | 0.3 | Participate in discussions with D. Torres (FTI) custom report required for Omnibus Objections. |
| Lai, Stephanie | 7/6/2009 | 1.3 | Review claims in Omnibus Objection 4 with D. Torres (FTI) to understand amount of modified versus disallowed claims. |
| Lai, Stephanie | 7/6/2009 | 1.2 | Continue reconciling claims in CMSi database. |
| Lai, Stephanie | 7/6/2009 | 0.9 | Investigate variances in CMSi database. |
| Torres, Diego | 7/6/2009 | 1.3 | Review claims in Omnibus Objection 4 with S. Lai (FTI) to understand amount of modified versus disallowed claims. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 7/6/2009 | 0.9 | Create logic to update claims waterfall. |
| Torres, Diego | 7/6/2009 | 0.8 | Review preference analysis with J. Robinson (FTI). |
| Torres, Diego | 7/6/2009 | 0.5 | Work with J. Robinson (FTI) on various questions related to claims reporting. |
| Torres, Diego | 7/6/2009 | 0.4 | Continue to create Omnibus Objection tracker report and post it on CMSi. |
| Torres, Diego | 7/6/2009 | 0.3 | Participate in discussions with J. Robinson (FTI) custom report required for Omnibus Objections. |
| Torres, Diego | 7/6/2009 | 0.3 | Complete user request form and insert new users into the back end table for complete access to CMS. |
| Torres, Diego | 7/6/2009 | 0.2 | Begin to create Omnibus Objection tracker report by Omni. |
| Robinson, Joshua M. | 7/7/2009 | 2.1 | Work through questions regarding Omnibus objection tracker. |
| Robinson, Joshua M. | 7/7/2009 | 1.7 | Work with D. Torres (FTI) on pulling various preference analysis. |
| Robinson, Joshua M. | 7/7/2009 | 1.0 | Review Omnibus Objection 24. |
| Robinson, Joshua M. | 7/7/2009 | 0.7 | Read and respond to email questions. |
| Cashman, Brian | 7/7/2009 | 1.9 | Meet with members of the Company, I. Fredericks (SASMF), D. Foley (MGW) and B. Fose (CC) to review vendor receivables and payables, status of demand letters for collection and next steps. |
| Cashman, Brian | 7/7/2009 | 1.1 | Meet with members of the Company, I. Fredericks (SASMF), D. Foley (MGW) and H. Ferguson (CC) to discuss claims status, future omnibus objections and next steps. |
| Cashman, Brian | 7/7/2009 | 0.8 | Meet with members of the Company, I. Fredericks (SASMF), D. Foley (MGW) and J. MacDonald (CC) to discuss tax claims. |
| Cashman, Brian | 7/7/2009 | 0.6 | Meet with members of the Company, I. Fredericks (SASMF), D. Foley (MGW) and L. Lambert (CC) to discuss HR questions regarding claims. |
| Cashman, Brian | 7/7/2009 | 0.3 | Review New Age preference analysis. |
| Cashman, Brian | 7/7/2009 | 0.2 | Review fifteenth omnibus hearing agenda and communicate to claims processing department the claims from Omnibus objections 7-10 that were adjourned so claims management software can be updated. |
| Lai, Stephanie | 7/7/2009 | 1.4 | Prepare reconciliation summary on Omnibus Objections filed and in CMSi database. |
| Lai, Stephanie | 7/7/2009 | 1.3 | Review detailed claims in CMSi to understand variances to docket. |
| Lai, Stephanie | 7/7/2009 | 0.9 | Update claims waterfall schedule with latest Omnibus Objection orders. |
| Torres, Diego | 7/7/2009 | 1.7 | Work with J. Robinson (FTI) on pulling various preference analysis. |
| Torres, Diego | 7/7/2009 | 0.4 | Adjourn specific claims as requested from the attorneys. |
| Torres, Diego | 7/7/2009 | 0.2 | Reconcile the Omnibus report that was posted on CMSi. |
| Torres, Diego | 7/7/2009 | 0.2 | Extract Infogain detail preference analysis. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/7/2009 | 0.1 | Extract New Age detail preference analysis. |
| Volsky, Hannah | 7/7/2009 | 1.1 | Generate Exhibit C report for Omnibus Objection 24. |
| Robinson, Joshua M. | 7/8/2009 | 2.4 | Review claims waterfall report with D. Torres (FTI). |
| Robinson, Joshua M. | 7/8/2009 | 2.0 | Review Omnibus Objection tracking report with D. Torres (FTI). |
| Robinson, Joshua M. | 7/8/2009 | 2.0 | Run queries on claims database to ensure claims are in proper status. |
| Robinson, Joshua M. | 7/8/2009 | 0.6 | Upload proof of claim images into CMSi web application. |
| Robinson, Joshua M. | 7/8/2009 | 0.5 | Answer questions from D. Torres (FTI) regarding claims. |
| Cashman, Brian | 7/8/2009 | 0.3 | Discuss chart for Omnibus objections with D. Blanks (MW). |
| Cashman, Brian | 7/8/2009 | 0.2 | Review claims waterfall report noting omnibus objection activity against the claims database. |
| Cashman, Brian | 7/8/2009 | 0.2 | Review class action suits claims to determine which debtors they are associated with. |
| Lai, Stephanie | 7/8/2009 | 0.7 | Reconcile summary level waterfall with underlying data provided by CMSi with S. Burke (FTI). |
| Lai, Stephanie | 7/8/2009 | 0.4 | Review edits to summary level waterfall with S. Burke (FTI). |
| Torres, Diego | 7/8/2009 | 2.5 | Continue to process claims that will be adjourned from Omnibus objections 7-10 using the Debtors' 15th Hearing document. Confirm they are being adjourned via the court docket. |
| Torres, Diego | 7/8/2009 | 2.4 | Review claims waterfall report with J. Robinson (FTI). |
| Torres, Diego | 7/8/2009 | 2.0 | Review Omnibus Objection tracking report with J. Robinson (FTI). |
| O'Loughlin, Morgan | 7/8/2009 | 1.7 | Create template that illustrates delta between docketed and reconciled claims counts and amounts from docketed amounts. |
| Torres, Diego | 7/8/2009 | 1.6 | Reconcile adjourned claims and list the claims that are not on the Debtors' 15th Hearing document but are listed on the Omnibus Tracking chart responses and vice versa. |
| Torres, Diego | 7/8/2009 | 1.3 | Process adjourned claims using the Tracking chart responses worksheet. |
| Torres, Diego | 7/8/2009 | 1.2 | Process claims that will be adjourned from Omnibus objections 7-10 using the Debtors' 15th Hearing document. Confirm they are being adjourned via the court docket. |
| Torres, Diego | 7/8/2009 | 0.6 | Modify and run the ordered and adjourned exhibits for Omnibus 7. |
| O'Loughlin, Morgan | 7/8/2009 | 0.5 | Synch summary level waterfall with analysis by debtor with S. Burke (FTI). |
| Torres, Diego | 7/8/2009 | 0.5 | Answer questions from J. Robinson (FTI) regarding claims. |
| Torres, Diego | 7/8/2009 | 0.3 | Flag the claims for Omnibus Objections 7-10 in CMSi database that are confirmed as being adjourned. |
| Torres, Diego | 7/8/2009 | 0.2 | Flag the claims for Omnibus objections 7-10 in CMSi database that are confirmed as being ordered. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/8/2009 | 0.2 | Complete user request form for additional CMSi user. |
| Burke, Samantha | 7/8/2009 | 1.8 | Create template that illustrates delta between docketed and reconciled claims counts and amounts from base template provided by M. O'Loughlin (CC). |
| Burke, Samantha | 7/8/2009 | 1.6 | Use template to create summary level template which illustrates remaining claims amount and counts after Omnibus objections. |
| Burke, Samantha | 7/8/2009 | 1.3 | Revise summary level waterfall with updated date provided by CMSi. |
| Burke, Samantha | 7/8/2009 | 0.7 | Reconcile summary level waterfall with underlying data provided by CMSi with S. Lai (FTI). |
| Burke, Samantha | 7/8/2009 | 0.6 | Create a new template to record details of claims. |
| Burke, Samantha | 7/8/2009 | 0.5 | Synch summary level waterfall with analysis by debtor with M. O'Loughlin (FTI). |
| Burke, Samantha | 7/8/2009 | 0.5 | Separate omnibus 1-6 into disallowed, reclassified, and adjourned categories. |
| Burke, Samantha | 7/8/2009 | 0.4 | Review edits to summary level waterfall with S. Lai (FTI). |
| Duffy, Robert J | 7/9/2009 | 1.7 | Review detailed level claims waterfall analysis with summary claims waterfall analysis. |
| Duffy, Robert J | 7/9/2009 | 0.3 | Provide corrections to claims waterfall analysis. |
| Robinson, Joshua M. | 7/9/2009 | 2.6 | Work with D. Torres (FTI) to prepare Omnibus objections. |
| Robinson, Joshua M. | 7/9/2009 | 0.9 | Read and respond to email questions. |
| Cartwright, Emily | 7/9/2009 | 2.0 | Eventing claims for omnibus objections seven through ten and running the corresponding exhibits. |
| Cartwright, Emily | 7/9/2009 | 0.6 | Participate in working session with D. Torres (FTI) regarding updating claim matches on omnibus objections. |
| Cartwright, Emily | 7/9/2009 | 0.4 | Update the ordered claims in CMS to have an allowed amount of zero. |
| Cartwright, Emily | 7/9/2009 | 0.3 | Create an objection summary query that ties to the exhibits on each objection. |
| Lai, Stephanie | 7/9/2009 | 2.1 | Roll forward each omnibus objections to arrive at total remaining claims. |
| Lai, Stephanie | 7/9/2009 | 1.3 | Review CMSi detailed claims file and organize data to show results of Omnibus Objections. |
| Lai, Stephanie | 7/9/2009 | 0.9 | Discuss methodology of roll forward for Omnibus Objections with S. Burke (FTI). |
| Lai, Stephanie | 7/9/2009 | 0.7 | Prepare list of questions regarding CMSi for J. Robinson (FTI) and D. Torres (FTI). |
| Torres, Diego | 7/9/2009 | 2.6 | Work with J. Robinson (FTI) to prepare Omnibus objections. |
| Torres, Diego | 7/9/2009 | 2.1 | Reconcile the claims that were flagged as filed for Omnibus 9 and adjust CMSi database to reflect only the claims that were filed on Omnibus 9. |
| Torres, Diego | 7/9/2009 | 1.6 | Modify Omnibus 10 Crystal Reports to display the ordered, adjourned and withdrawn exhibits correctly. |
| Torres, Diego | 7/9/2009 | 1.1 | Modify and run the ordered  and adjourned exhibits fro Omnibus 8. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 7/9/2009 | 0.7 | Review claims waterfall provided by S. Burke (FTI). |
| Torres, Diego | 7/9/2009 | 0.6 | Participate in working session with E. Cartwright (FTI) regarding updating claim matches on omnibus objections. |
| Torres, Diego | 7/9/2009 | 0.3 | Validate the parent child relationships in CMSi database and adjust claim matches to reflect clients request. |
| Burke, Samantha | 7/9/2009 | 1.4 | Make up formulas that populate the template with disallowed, reclassified, and adjourned claims. |
| Burke, Samantha | 7/9/2009 | 1.1 | Synch and tie out detailed level waterfall with summary waterfall. |
| Burke, Samantha | 7/9/2009 | 0.9 | Discuss methodology of roll forward for Omnibus Objections with S. Lai (FTI). |
| Burke, Samantha | 7/9/2009 | 0.5 | Adjust formulas to solve issues with double counting and misclassification. |
| Burke, Samantha | 7/9/2009 | 0.4 | Add new category for withdrawn claims to detailed level claims waterfall. |
| Burke, Samantha | 7/9/2009 | 0.4 | Create a template for detailed level claims waterfall with S. Lai (FTI). |
| Burke, Samantha | 7/9/2009 | 0.3 | Format and review claim waterfall template. |
| Robinson, Joshua M. | 7/10/2009 | 0.4 | Answer questions from D. Torres (FTI) regarding preference. |
| Robinson, Joshua M. | 7/10/2009 | 0.3 | Read and respond to email questions. |
| Burke, Samantha | 7/10/2009 | 1.0 | Review underlying data for omnibus 4,10,12,13,21,22,23 to improve claims waterfall accuracy. |
| Burke, Samantha | 7/10/2009 | 0.9 | Improve adjourned formula to solve discrepancies with omnibus 21,22. |
| Burke, Samantha | 7/10/2009 | 0.7 | Combine all CC entities' balance sheets to single location. |
| Burke, Samantha | 7/10/2009 | 0.4 | Add footnotes and explain differences in omnibus 4,10,13,23 in detailed claims waterfall. |
| Robinson, Joshua M. | 7/13/2009 | 1.8 | Work with B. Stark (MW) regarding modifications to Omnibus objection orders. |
| Robinson, Joshua M. | 7/13/2009 | 0.6 | Read and respond to email questions. |
| Cartwright, Emily | 7/13/2009 | 0.6 | Participate in discussions with D. Torres (FTI) regarding reconciling the Fourth Omnibus Objection in CMS and creation of the new Omnibus Objection exhibits. |
| Cartwright, Emily | 7/13/2009 | 0.2 | Review and fax in the ethical wall agreements. |
| Lai, Stephanie | 7/13/2009 | 0.7 | Add remaining claims line after each Omnibus Objection in claims waterfall. |
| Lai, Stephanie | 7/13/2009 | 0.7 | Reconcile CMSi Omnibus Objection #4 results with docket. |
| Lai, Stephanie | 7/13/2009 | 0.4 | Reconcile CMSi Omnibus Objections #9-11 results with docket. |
| Lai, Stephanie | 7/13/2009 | 0.4 | Reconcile CMSi Omnibus Objections #6-7 results with docket. |
| Lai, Stephanie | 7/13/2009 | 0.4 | Prepare emails to J. Robinson (FTI) regarding discrepancies in docket and CMSi. |
| Lai, Stephanie | 7/13/2009 | 0.4 | Reconcile CMSi Omnibus Objection #3 results with docket. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/13/2009 | 2.9 | Process claims data to provide drafts for Omnibus objections 24,25 and 26. |
| Torres, Diego | 7/13/2009 | 2.7 | Process claims data to provide drafts for Omnibus objections 27,28 and 30. |
| O'Loughlin, Morgan | 7/13/2009 | 0.8 | Create schedule for gross claims filed on each debtor for each claim class. |
| Torres, Diego | 7/13/2009 | 0.7 | Modify Ordered and Adjourned exhibits for Omnibus 10 to reflect revised claim parent and child relationships. |
| Torres, Diego | 7/13/2009 | 0.4 | Participate in discussions with E. Cartwright (FTI) regarding reconciling the Fourth Omnibus Objection in CMS and creation of the new Omnibus Objection exhibits. |
| Torres, Diego | 7/13/2009 | 0.3 | Adjourn specific claim related to Omnibus 19 per email request from attorney. |
| Volsky, Hannah | 7/13/2009 | 2.5 | Create HR Accrued Wages No Liability, HR PTO No Liability , and Tax No Liability Exhibit C Reports. |
| Volsky, Hannah | 7/13/2009 | 2.1 | Create HR Accrued Wages No Liability, HR PTO No Liability , and Tax No Liability Exhibit B Reports. |
| Volsky, Hannah | 7/13/2009 | 1.7 | Create Mailing Files for the 5th and 6th Omnis Orders (Docket No. 4008 and 4012) and Orders Adjourning (Docket No. 4007 and 4011). |
| Volsky, Hannah | 7/13/2009 | 0.8 | Continue to create HR Accrued Wages No Liability, HR PTO No Liability , and Tax No Liability Exhibit C Reports. |
| Robinson, Joshua M. | 7/14/2009 | 2.5 | Work with D. Torres (FTI) to pull top 25 preference claims. |
| Robinson, Joshua M. | 7/14/2009 | 1.1 | Work with D. Torres (FTI) to flag duplicate claims. |
| Robinson, Joshua M. | 7/14/2009 | 0.9 | Analyze triage errors from H. Fergusson (CC). |
| Robinson, Joshua M. | 7/14/2009 | 0.8 | Analyze and research claims questions from K. Barksdale (CC). |
| Robinson, Joshua M. | 7/14/2009 | 0.5 | Process responses to Omnibus Objections. |
| Robinson, Joshua M. | 7/14/2009 | 0.4 | Read and respond to email questions regarding omnibus objections. |
| Robinson, Joshua M. | 7/14/2009 | 0.3 | Participate in discussions with E. Cartwright (FTI) regarding writing exception reports and updating omnibus objection data. |
| Cashman, Brian | 7/14/2009 | 0.8 | Participate on call with I. Fredericks (SASMF), E. Mitchell (CC), D. Ramsey (CC), J. Marcum (CC) and M. Mosier (CC) to discuss IBM settlement proposal and counter proposal by Committee. |
| Cashman, Brian | 7/14/2009 | 0.7 | Review methodology of updating modified claims in claims waterfall with S. Lai (FTI). |
| Cashman, Brian | 7/14/2009 | 0.3 | Review claims submitted by IBM with M. Mosier (CC). |
| Cashman, Brian | 7/14/2009 | 0.3 | Review claims submitted by GE with M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian | 7/14/2009 | 0.3 | Participate on call with I. Fredericks (SASMF), E. Mitchell (CC), D. Ramsey (CC), J. Marcum (CC) and M. Mosier (CC) to discuss Canon settlement proposal. |
| Cashman, Brian | 7/14/2009 | 0.2 | Participate on call with I. Fredericks (SASMF), E. Mitchell (CC), D. Ramsey (CC), J. Marcum (CC) and M. Mosier (CC) to discuss HP settlement proposal. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cartwright, Emily | 7/14/2009 | 0.8 | Participate in working session with D. Torres (FTI) regarding eventing omnibus objections and performing various data checks. |
| Cartwright, Emily | 7/14/2009 | 0.3 | Participate in discussions with J. Robinson (FTI) regarding writing exception reports and updating omnibus objection data. |
| Cartwright, Emily | 7/14/2009 | 0.2 | Participate in discussions with D. Torres (FTI) regarding the detail claim report. |
| Lai, Stephanie | 7/14/2009 | 1.3 | Update claims waterfall with disallowed claims from Omnibus Objections #11-23. |
| Lai, Stephanie | 7/14/2009 | 1.1 | Continue to reconcile modified claims in claims waterfall. |
| Lai, Stephanie | 7/14/2009 | 0.9 | Reconcile reclassified claims for claims reconciliation. |
| Lai, Stephanie | 7/14/2009 | 0.7 | Review methodology of updating modified claims in claims waterfall with B. Cashman (FTI). |
| Torres, Diego | 7/14/2009 | 2.5 | Work with J. Robinson (FTI) to pull top 25 preference claims. |
| Torres, Diego | 7/14/2009 | 1.2 | Create analysis to determine top 25 vendors with preference that filed claims against the debtor. |
| Torres, Diego | 7/14/2009 | 1.1 | Work with J. Robinson (FTI) to flag duplicate claims. |
| Torres, Diego | 7/14/2009 | 0.8 | Investigate discrepancies in our detail reconciled report for specific claims that did not appear as modified. |
| Torres, Diego | 7/14/2009 | 0.8 | Participate in working session with E. Cartwright (FTI) regarding eventing omnibus objections and performing various data checks. |
| Torres, Diego | 7/14/2009 | 0.8 | Validate and create claim matches for Omnibus 29 to reflect the tax duplicates as listed in clients data. |
| Torres, Diego | 7/14/2009 | 0.7 | Continue to validate and create claim matches for Omnibus 29 to reflect the tax duplicates as listed in clients data. |
| Torres, Diego | 7/14/2009 | 0.2 | Continue to validate and create claim matches for Omnibus 29 to reflect the tax duplicates as listed in clients data. |
| Torres, Diego | 7/14/2009 | 0.2 | Participate in discussions with E. Cartwright (FTI) regarding the detail claim report. |
| Volsky, Hannah | 7/14/2009 | 1.5 | Modify PTO No Liability claims into two Omnibus reports due to having over 500 claims. |
| Duffy, Robert J | 7/15/2009 | 0.7 | Discuss revisions of claims waterfall with S. Coulombe (FTI). |
| Coulombe, Stephen L | 7/15/2009 | 0.7 | Discuss revisions of claims waterfall with R. Duffy (FTI). |
| Coulombe, Stephen L | 7/15/2009 | 0.3 | Discuss claims waterfall with B. Cashman (FTI). |
| Duffy, Robert J | 7/15/2009 | 0.3 | Review claims waterfall analysis for effect of omnibus objections. |
| Robinson, Joshua M. | 7/15/2009 | 2.0 | Review Omnibus objection order draft exhibits. |
| Robinson, Joshua M. | 7/15/2009 | 1.5 | Review Omnibus29 objection exhibit. |
| Robinson, Joshua M. | 7/15/2009 | 1.4 | Finalize Duplicate claims sent from H. Ferguson (CC). |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. | 7/15/2009 | 0.3 | Discuss reporting of omnibus objections in claims management software database with B. Cashman (FTI). |
| Robinson, Joshua M. | 7/15/2009 | 0.3 | Discuss preference analysis on expenses payables with B. Cashman (FTI) and discuss next steps. |
| Cashman, Brian | 7/15/2009 | 0.8 | Review latest draft of claims waterfall with S. Lai (FTI). |
| Cashman, Brian | 7/15/2009 | 0.4 | Review draft exhibits for omnibus objection #23 and provide comments to claims management team in order to update claims database. |
| Cashman, Brian | 7/15/2009 | 0.4 | Review draft exhibits for omnibus objection #20 and provide comments to claims management team in order to update claims database. |
| Cashman, Brian | 7/15/2009 | 0.3 | Discuss preference analysis on expenses payables with J. Robinson (FTI) and discuss next steps. |
| Cashman, Brian | 7/15/2009 | 0.3 | Review draft exhibits for omnibus objection #21 and provide comments to claims management team in order to update claims database. |
| Cashman, Brian | 7/15/2009 | 0.3 | Discuss reporting of omnibus objections in claims management software database with J. Robinson (FTI). |
| Cashman, Brian | 7/15/2009 | 0.3 | Review draft exhibits for omnibus objection #22 and provide comments to claims management team in order to update claims database. |
| Cashman, Brian | 7/15/2009 | 0.3 | Discuss claims waterfall with S. Coulombe (FTI). |
| Cashman, Brian | 7/15/2009 | 0.2 | Review draft exhibits for omnibus objection #19 and provide comments to claims management team in order to update claims database. |
| Lai, Stephanie | 7/15/2009 | 0.9 | Revise claims waterfall analysis per B. Cashman's (FTI) comments. |
| Lai, Stephanie | 7/15/2009 | 0.8 | Review latest draft of claims waterfall with B. Cashman (FTI). |
| Lai, Stephanie | 7/15/2009 | 0.7 | Advise R. Flynn-Kasuba (FTI) on searching docket for Omnibus Objections to reconcile claims. |
| Torres, Diego | 7/15/2009 | 2.2 | Create and review exhibits for Omnibus 10 Tax Duplicates and Non-Tax duplicates. |
| O'Loughlin, Morgan | 7/15/2009 | 1.3 | Create report listing claims by class by debtor for all nine inactive debtors in descending order. |
| Torres, Diego | 7/15/2009 | 1.1 | Write queries and check EP preference to validate the unpaid receipts data we received was accurate. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 1.1 | Research court documents to find filed claims figures. |
| Robinson, Joshua M. | 7/16/2009 | 2.5 | Review omnibus objection tracking report questions from S. Lai (FTI). |
| Robinson, Joshua M. | 7/16/2009 | 1.0 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/16/2009 | 1.0 | Review Activision preference with D. Torres (FTI). |
| Cartwright, Emily | 7/16/2009 | 0.3 | Participate in working session with D. Torres (FTI) regarding filing omnibus objections. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| *Claims Management* | | | |
| Lai, Stephanie | 7/16/2009 | 1.9 | Review master claims file to see progress of omnibus objections and add formulas to calculate amount of claims decreased by Omnibus Objection. |
| Lai, Stephanie | 7/16/2009 | 0.6 | Read Omnibus Objection 4 and 23 to understand how exhibits differ to other exhibits. |
| Torres, Diego | 7/16/2009 | 2.2 | Re-create EP preference analysis and reversed the negative sign for unpaid receipts to reflect the accurate amounts. |
| O'Loughlin, Morgan | 7/16/2009 | 1.0 | Update claims waterfall with certain large duplicate claims identified. |
| Torres, Diego | 7/16/2009 | 1.0 | Review Activision preference with J. Robinson (FTI). |
| O'Loughlin, Morgan | 7/16/2009 | 0.5 | Make updates to claims listing to include subtotals by class and omnibus objection. |
| Torres, Diego | 7/16/2009 | 0.4 | Provide Excel version of Omnibus 27 for K. Barksdale (CC). |
| Torres, Diego | 7/16/2009 | 0.4 | Consolidate and provide Excel worksheets to K. Silva (CC) used to process Omnibus objections 24-30. |
| Torres, Diego | 7/16/2009 | 0.3 | Provide preference detail for Activision MP vendor. |
| Torres, Diego | 7/16/2009 | 0.3 | Participate in working session with E. Cartwright (FTI) regarding filing omnibus objections. |
| Flynn-Kasuba, Ryan | 7/16/2009 | 1.0 | Compile Omnibus Orders to use in claims waterfall for S. Lai (FTI). |
| Robinson, Joshua M. | 7/17/2009 | 1.5 | Quality check draft objection exhibits prepared by D. Torres (FTI). |
| Robinson, Joshua M. | 7/17/2009 | 1.2 | Work with D. Torres (FTI) regarding questions on preparation of omnibus objections. |
| Robinson, Joshua M. | 7/17/2009 | 0.5 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/17/2009 | 0.3 | Participate in discussions with E. Cartwright (FTI) and D. Torres (FTI) regarding report creation. |
| Cartwright, Emily | 7/17/2009 | 0.3 | Participate in discussions with J. Robinson (FTI) and D. Torres (FTI) regarding report creation. |
| Lai, Stephanie | 7/17/2009 | 1.1 | Discuss process of updating claims with D. Torres (FTI) to understand discrepancies between docketed objections and CMSi program. |
| Lai, Stephanie | 7/17/2009 | 0.8 | Discuss and change approach on updating claims waterfall. |
| Torres, Diego | 7/17/2009 | 1.3 | Begin to write queries to provide claim amounts by claim class for docketed amounts and reconcile these amounts by limiting the query to specific claims. |
| Torres, Diego | 7/17/2009 | 1.2 | Work with J. Robinson (FTI) regarding questions on preparation of omnibus objections. |
| Torres, Diego | 7/17/2009 | 1.2 | Begin to write queries to provide claim amounts by claim class for docketed amounts and reconcile these amounts by limiting the query to specific claims. |
| Torres, Diego | 7/17/2009 | 1.1 | Discuss process of updating claims with S. Lai (FTI) to understand discrepancies between docketed objections and CMSi program. |
| Torres, Diego | 7/17/2009 | 0.3 | Participate in discussions with D. Torres (FTI) and D. Torres (FTI) regarding report creation. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/17/2009 | 0.2 | Provide preference detail analysis for Active Studio. |
| Robinson, Joshua M. | 7/20/2009 | 0.7 | Review Omnibus Objection drafts with D. Torres (FTI). |
| Robinson, Joshua M. | 7/20/2009 | 0.5 | Read and respond to email questions. |
| Cashman, Brian | 7/20/2009 | 0.7 | Review claims waterfall report noting omnibus objection activity against the claims database. |
| Cashman, Brian | 7/20/2009 | 0.2 | Discuss status of Netezza stipulation with I. Fredericks (SASMF). |
| Lai, Stephanie | 7/20/2009 | 1.6 | Reconcile CMSi data to docket objections. |
| Lai, Stephanie | 7/20/2009 | 0.9 | Reconcile ordered Omnibus Objections from docket to CMSi. |
| Lai, Stephanie | 7/20/2009 | 0.7 | Correct Omnibus Objection 10 in CMSi to show disallowed reconciled amounts as zero. |
| Lai, Stephanie | 7/20/2009 | 0.7 | Update claims waterfall per B. Cashman (FTI) comments. |
| Lai, Stephanie | 7/20/2009 | 0.6 | Discuss parent/child claim terminology with D. Torres (FTI) and understand certain claims it applies to. |
| Torres, Diego | 7/20/2009 | 2.3 | Reconcile the difference between the manual omnibus objection report and the data extracts from Oracle for Omnibus objections 5-10 using the docket to verify amounts. |
| Torres, Diego | 7/20/2009 | 1.8 | Reconcile the difference between the manual omnibus objection report and the data extracts from Oracle for Omnibus objections 17-23 using the docket to verify amounts. |
| Torres, Diego | 7/20/2009 | 1.6 | Prepare Excel versions of ordered Omnibus Objection exhibits for Omnibus objections 7-10. |
| Torres, Diego | 7/20/2009 | 1.4 | Reconcile the difference between the manual omnibus objection report and the data extracts from Oracle for Omnibus objections 11-16 using the docket to verify amounts. |
| Torres, Diego | 7/20/2009 | 1.1 | Reconcile the difference between the manual omnibus objection report and the data extracts from Oracle for Omnibus objections 1-5 using the docket to verify amounts. |
| O'Loughlin, Morgan | 7/20/2009 | 0.9 | Reconcile claim amounts per CMSi to claims waterfall schedule. |
| Torres, Diego | 7/20/2009 | 0.8 | Prepare Omnibus Objection report that forces dollar amounts for the disallowed claims to $0. |
| Torres, Diego | 7/20/2009 | 0.7 | Review Omnibus Objection drafts with J. Robinson (FTI). |
| Torres, Diego | 7/20/2009 | 0.6 | Discuss parent/child claim terminology with S. Lai (FTI) and understand certain claims it applies to. |
| Flynn-Kasuba, Ryan | 7/20/2009 | 1.4 | Restructure claims analysis by class to understand which claims are still outstanding. |
| Flynn-Kasuba, Ryan | 7/20/2009 | 1.3 | Organize top 100 claims by class and monetary amounts to gain understanding of remaining claims. |
| Robinson, Joshua M. | 7/21/2009 | 1.0 | Continue to Review Omnibus Objection drafts with D. Torres (FTI). |
| Robinson, Joshua M. | 7/21/2009 | 0.2 | Participate in discussions with D. Torres (FTI) and E. Cartwright (FTI) regarding the claim load. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Robinson, Joshua M. | 7/21/2009 | 0.2 | Discuss with B. Cashman (FTI) and KCC the need to get an updated claims listing into CMSi. |
| Robinson, Joshua M. | 7/21/2009 | 0.1 | Read and respond to email questions. |
| Cashman, Brian | 7/21/2009 | 0.4 | Review Active's preference analysis. |
| Cashman, Brian | 7/21/2009 | 0.2 | Discuss with J. Robinson (FTI) and KCC the need to get an updated claims listing into CMSi. |
| Cartwright, Emily | 7/21/2009 | 0.4 | Participate in discussions with D. Torres (FTI) regarding the claim load process. |
| Cartwright, Emily | 7/21/2009 | 0.2 | Participate in discussions with J. Robinson (FTI) and D. Torres (FTI) regarding the claim load. |
| Lai, Stephanie | 7/21/2009 | 1.0 | Discuss discrepancy between Omnibus Objection 4 amount in docket and CMSi with D. Torres (FTI). |
| Lai, Stephanie | 7/21/2009 | 0.9 | Add known claims to claims waterfall to decrease remaining claims amount. |
| Lai, Stephanie | 7/21/2009 | 0.7 | Create notes for claims waterfall. |
| Lai, Stephanie | 7/21/2009 | 0.7 | Create summary of top 100 claims by class. |
| Lai, Stephanie | 7/21/2009 | 0.5 | Update claims waterfall with Omnibus Objection 24. |
| Lai, Stephanie | 7/21/2009 | 0.2 | Follow up with Chicago FTI on status of synching claims with KCC database. |
| Lai, Stephanie | 7/21/2009 | 0.2 | Reconcile adjourned claims from docket to CMSi. |
| Lai, Stephanie | 7/21/2009 | 0.1 | Review top 100 claims by class provided by M. O'Loughlin (FTI) and R. Flynn-Kasuba (FTI). |
| Torres, Diego | 7/21/2009 | 2.5 | Upload new claims from KCC into CMSi database. |
| O'Loughlin, Morgan | 7/21/2009 | 1.3 | Review and make updates to top 100 claims by debtor listing provided by R. Flynn-Kasuba (FTI). |
| Torres, Diego | 7/21/2009 | 1.0 | Validate the amounts are accurate for Omnibus objections 9 and 10. |
| Torres, Diego | 7/21/2009 | 1.0 | Discuss discrepancy between Omnibus Objection 4 amount in docket and CMSi with S. Lai (FTI). |
| Torres, Diego | 7/21/2009 | 1.0 | Continue to Review Omnibus Objection drafts with J. Robinson (FTI). |
| O'Loughlin, Morgan | 7/21/2009 | 0.7 | Provide most up to date listing of claims by class for CC West Coast entity. |
| Torres, Diego | 7/21/2009 | 0.6 | Process new withdrawn and unliquidated claims in CMSi database. |
| Torres, Diego | 7/21/2009 | 0.5 | Validate Motion system's preference. |
| Torres, Diego | 7/21/2009 | 0.4 | Participate in discussions with E. Cartwright (FTI) regarding the claim load process. |
| Torres, Diego | 7/21/2009 | 0.4 | Reconcile the claim load from KCC to the amounts in CMSi database. |
| O'Loughlin, Morgan | 7/21/2009 | 0.4 | Prepare top 100 claims by class from CMSI data and distribute to team. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/21/2009 | 0.3 | Provide Excel versions of Adjourned Exhibits for Omnibus objections 7-10 to KCC. |
| Torres, Diego | 7/21/2009 | 0.3 | Provide Excel versions of Withdrawn Exhibits for Omnibus objections 7-10 to KCC. |
| Torres, Diego | 7/21/2009 | 0.2 | Participate in discussions with J. Robinson (FTI) and E. Cartwright (FTI) regarding the claim load. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 1.2 | Reformat claims waterfall file per B. Cashman's (FTI) instructions. |
| Robinson, Joshua M. | 7/22/2009 | 2.7 | Begin to prepare Omnis 27-29. |
| Robinson, Joshua M. | 7/22/2009 | 2.5 | Participate on call with D. Blanks (MGW), H. Fergusson (CC) regarding claims. |
| Robinson, Joshua M. | 7/22/2009 | 0.9 | Read and respond to email questions. |
| Cashman, Brian | 7/22/2009 | 0.6 | Discuss with S. Lai (FTI) on methodology of displaying partially modified claims in Omnibus objections 4 and 23. |
| Cartwright, Emily | 7/22/2009 | 0.5 | Participate in working session with D. Torres (FTI) regarding the procedures used in the data load process that update CMS. |
| Cartwright, Emily | 7/22/2009 | 0.3 | Begin performing reconciliation checks within CMS to ensure data accuracy and integrity. |
| Lai, Stephanie | 7/22/2009 | 1.5 | Reconcile and update claims waterfall with withdrawn claims, adjourned claims for Omnibus Objections 7-10. |
| Lai, Stephanie | 7/22/2009 | 1.3 | Participate on call with D. Torres (FTI) to discuss claims detailed report from CMSi program and strategy on tracking progress of omnibus objections. |
| Lai, Stephanie | 7/22/2009 | 0.9 | Reconcile claims waterfall analysis with omnibus objection summary prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/22/2009 | 0.8 | Reconcile claims waterfall with docketed claim objections to ensure accuracy. |
| Lai, Stephanie | 7/22/2009 | 0.6 | Discuss with B. Cashman (FTI) on methodology of displaying partially modified claims in Omnibus objections 4 and 23. |
| Lai, Stephanie | 7/22/2009 | 0.3 | Review Omnibus Objection 23 exhibit with M. O'Loughlin (FTI) to understand amount modified for certain claims. |
| Lai, Stephanie | 7/22/2009 | 0.3 | Review Omnibus Objection 4 exhibit with M. O'Loughlin (FTI) to understand amount modified for certain claims. |
| Torres, Diego | 7/22/2009 | 1.3 | Participate on call with S. Lai (FTI) to discuss claims detailed report from CMSi program and strategy on tracking progress of omnibus objections. |
| Torres, Diego | 7/22/2009 | 0.8 | Explain the correlation between the detail report from CMSi and CMSi database to S. Lai (FTI) for purposes of creating a useable waterfall report. |
| Torres, Diego | 7/22/2009 | 0.6 | Investigate specific claim numbers per clients request to validate withdrawn status. |
| Torres, Diego | 7/22/2009 | 0.5 | Participate in working session with E. Cartwright (FTI) regarding the procedures used in the data load process that update CMS. |
| Torres, Diego | 7/22/2009 | 0.4 | Provide answers to questions regarding the relationship between CMSi and Omnibus Objections. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| O'Loughlin, Morgan | 7/22/2009 | 0.3 | Review Omnibus Objection 23 exhibit with S. Lai (FTI) to understand amount modified for certain claims. |
| O'Loughlin, Morgan | 7/22/2009 | 0.3 | Review Omnibus Objection 4 exhibit with S. Lai (FTI) to understand amount modified for certain claims. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 0.8 | Research court filed Omnibus Objections to use in comparative analysis with CMSi reports. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 0.4 | Review updated waterfalls claims analysis. |
| Coulombe, Stephen L | 7/23/2009 | 0.3 | Review results of sixteenth omnibus hearing. |
| Robinson, Joshua M. | 7/23/2009 | 2.4 | Review draft Objections created by D. Torres (FTI). |
| Robinson, Joshua M. | 7/23/2009 | 2.0 | Review orders for Omnibus9 and submit revisions to D. Blanks (MW). |
| Robinson, Joshua M. | 7/23/2009 | 2.0 | Participate in working session with E. Cartwright (FTI) regarding Omnibus Objections and quality control checks within CMS. |
| Robinson, Joshua M. | 7/23/2009 | 2.0 | Continue to prepare Omnis 27-29. |
| Robinson, Joshua M. | 7/23/2009 | 1.8 | Continue to review claims objection tracking report with D. Torres (FTI). |
| Robinson, Joshua M. | 7/23/2009 | 1.6 | Add additional duplicate claims to omnibus objection 28 and 29. |
| Robinson, Joshua M. | 7/23/2009 | 1.1 | Review draft Omnibus28 and 29 exhibits and send to D. Blanks (MW). |
| Robinson, Joshua M. | 7/23/2009 | 0.4 | Discuss omnibus objection #11 and omnibus objection #12 with B. Cashman (FTI). |
| Robinson, Joshua M. | 7/23/2009 | 0.2 | Read and respond to email questions. |
| Cashman, Brian | 7/23/2009 | 0.7 | Review claims waterfall and reconciliation with S. Lai (FTI). |
| Cashman, Brian | 7/23/2009 | 0.4 | Review latest claims waterfall report which is to be used to provide status update in court. |
| Cashman, Brian | 7/23/2009 | 0.4 | Discuss omnibus objection #11 and omnibus objection #12 with J. Robinson (FTI). |
| Cashman, Brian | 7/23/2009 | 0.2 | Review latest claims from administrative bar date of 6/30/09 on KCC website. |
| Cartwright, Emily | 7/23/2009 | 3.0 | Perform reconciliation checks within CMS to ensure data accuracy and integrity. |
| Cartwright, Emily | 7/23/2009 | 2.0 | Create matches of duplicate claims that are being filed on Omnibus Objection 29. |
| Cartwright, Emily | 7/23/2009 | 2.0 | Participate in working session with J. Robinson (FTI) regarding data updates and Omnibus Objections. |
| Cartwright, Emily | 7/23/2009 | 2.0 | Participate in working session with J. Robinson (FTI) regarding Omnibus Objections and quality control checks within CMS. |
| Cartwright, Emily | 7/23/2009 | 1.2 | Insert the appropriate claim reconciliation events in CMS on claims on Omnibus Objections. |
| Cartwright, Emily | 7/23/2009 | 1.0 | Tie out the claim counts and amounts of claims being drafted on Omnibus Objections Twenty Seven through Thirty One. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cartwright, Emily | 7/23/2009 | 1.0 | Insert the appropriate file, adjourn and order events on claims in CMS that are on omnibus objections. |
| Lai, Stephanie | 7/23/2009 | 0.8 | Review Omnibus Objection 11 and 12 and provide adjustments to D. Torres (FTI) to update CMSi database. |
| Lai, Stephanie | 7/23/2009 | 0.7 | Review claims waterfall and reconciliation with B. Cashman (FTI). |
| Lai, Stephanie | 7/23/2009 | 0.4 | Meet with R. Flynn-Kasuba (FTI) about Omnibus Objections. |
| Torres, Diego | 7/23/2009 | 1.8 | Continue to review claims objection tracking report with J. Robinson (FTI). |
| Torres, Diego | 7/23/2009 | 1.1 | Provide extract of Direct TV preference to client. |
| Torres, Diego | 7/23/2009 | 0.7 | Provide Excel versions of Omnibus objections 28 & 29. |
| Torres, Diego | 7/23/2009 | 0.2 | Run draft reports for Omnibus objections 28 & 29. |
| Torres, Diego | 7/23/2009 | 0.1 | Review Omnibus Objections 28 & 29 and create Crystal Report for the amended exhibit. |
| Volsky, Hannah | 7/23/2009 | 2.4 | Modify Omnibus objection 4, 5, and 6 to update claims filed on a second objection. |
| Volsky, Hannah | 7/23/2009 | 0.9 | Write a query to find duplicate claims or amendment claims not yet associated with an omnibus objection event. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 1.9 | Reconcile claims from CMSi to dockets to understand discrepancies. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.4 | Meet with S. Lai (FTI) about Omnibus Objections. |
| Robinson, Joshua M. | 7/24/2009 | 1.4 | Various calls with D. Blanks to discuss objections. |
| Robinson, Joshua M. | 7/24/2009 | 1.2 | Make modifications to Omnibus objections 27-29. |
| Robinson, Joshua M. | 7/24/2009 | 1.2 | Participate in working sessions with E. Cartwright (FTI) regarding data clean up and omnibus objections. |
| Robinson, Joshua M. | 7/24/2009 | 1.2 | Prepare mail files for Omnibus objections 27-29. |
| Robinson, Joshua M. | 7/24/2009 | 0.9 | Various calls with H. Fergusson to discuss objections. |
| Robinson, Joshua M. | 7/24/2009 | 0.6 | Read and respond to email questions. |
| Cartwright, Emily | 7/24/2009 | 2.0 | Perform various quality control data checks in CMS to ensure data accuracy and integrity. |
| Cartwright, Emily | 7/24/2009 | 1.2 | Participate in working sessions with J. Robinson (FTI) regarding data clean up and omnibus objections. |
| Cartwright, Emily | 7/24/2009 | 1.0 | Participate in working sessions with D. Torres (FTI) regarding data clean up and omnibus objections. |
| Cartwright, Emily | 7/24/2009 | 1.0 | Insert reconciliation events into CMS for claims on Omnibus Objections. |
| Cartwright, Emily | 7/24/2009 | 0.8 | Participate in working session with L. Nemerov (FTI) regarding creating exception reports for Circuit City. |
| Cartwright, Emily | 7/24/2009 | 0.5 | Create the mail file for the Twenty Seventh Omnibus Objection. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Lai, Stephanie | 7/24/2009 | 1.4 | Reconcile CMSi claims to docket to ensure accuracy of claims waterfall. |
| Torres, Diego | 7/24/2009 | 1.9 | Reconcile Canon preference to validate the results. |
| Nemerov, Lara | 7/24/2009 | 1.8 | Review necessary Crystal Reports to be made for exception claims. |
| Nemerov, Lara | 7/24/2009 | 1.5 | Create analyses in Oracle to correctly run Crystal Reports for exception claims. |
| Nemerov, Lara | 7/24/2009 | 1.4 | Run Crystal Reports for exception claims and provide analysis to J. Robinson (FTI). |
| Torres, Diego | 7/24/2009 | 1.0 | Participate in working sessions with E. Cartwright (FTI) regarding data clean up and omnibus objections. |
| Nemerov, Lara | 7/24/2009 | 0.8 | Participate in working session with E. Cartwright (FTI) regarding creating exception reports for Circuit City. |
| Torres, Diego | 7/24/2009 | 0.7 | Review and provide revised Excel versions of Omnibus objections 28 & 29. |
| Torres, Diego | 7/24/2009 | 0.4 | Review and provide revised exhibits of Omnibus objections 28 & 29. |
| Robinson, Joshua M. | 7/27/2009 | 2.2 | Begin to prepare Omnibus 30 and 31. |
| Robinson, Joshua M. | 7/27/2009 | 1.8 | Review draft Omnibus28 and 29 exhibits and send to D. Blanks (MW). |
| Robinson, Joshua M. | 7/27/2009 | 1.5 | Answer questions from D. Torres (FTI) regarding objection preparation. |
| Robinson, Joshua M. | 7/27/2009 | 1.0 | Read and respond to email questions. |
| Torres, Diego | 7/27/2009 | 2.3 | Continue to process respondents for ordered Omnibus objections 11-19. |
| Torres, Diego | 7/27/2009 | 2.3 | Continue to process respondents for ordered Omnibus objections 11-19. |
| Torres, Diego | 7/27/2009 | 2.3 | Continue to process respondents for ordered Omnibus objections 11-19. |
| Torres, Diego | 7/27/2009 | 2.3 | Process respondents for ordered Omnibus objections 11-19. |
| Robinson, Joshua M. | 7/28/2009 | 2.6 | Assist in preparing Omnibus objection orders for Omnibus objections 11 - 23. |
| Robinson, Joshua M. | 7/28/2009 | 2.4 | Make modifications to Omnibus objections 10 and finalize with D. Blanks (MW). |
| Robinson, Joshua M. | 7/28/2009 | 0.5 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/28/2009 | 0.3 | Participate in discussions with E. Cartwright (FTI) regarding Omnibus Objections and Triage. |
| Cashman, Brian | 7/28/2009 | 0.3 | Respond to emails from client regarding claims. |
| Cashman, Brian | 7/28/2009 | 0.3 | Discuss BOA claims with J. Marcum (CC). |
| Cashman, Brian | 7/28/2009 | 0.2 | Discuss PBGC claims with J. Marcum (CC). |
| Cartwright, Emily | 7/28/2009 | 0.6 | Participate in working session with H. Volsky (FTI) regarding the Triage report. |
| Cartwright, Emily | 7/28/2009 | 0.4 | Participate in working session with D. Torres (FTI) regarding ordering and adjourning claims on Omnibus Objections. |

Circuit City Stores, Inc.

FTI Consulting, Inc.

Exhibit C - Complete Accounting of Time Expended by Day by Professional

For the Period 5/1/2009 through and including 7/31/2009

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cartwright, Emily | 7/28/2009 | 0.3 | Participate in discussions with J. Robinson (FTI) regarding Omnibus Objections and Triage. |
| Lai, Stephanie | 7/28/2009 | 0.9 | Update format of claims waterfall to include withdrawn claims. |
| Torres, Diego | 7/28/2009 | 2.1 | Process claims for Omnibus 10 Supplemental Order Exhibit. |
| Torres, Diego | 7/28/2009 | 1.4 | Process claims and create ordered and adjourned draft exhibits for Omnibus 20. |
| Torres, Diego | 7/28/2009 | 1.3 | Process claims and create ordered and adjourned draft exhibits for Omnibus 21. |
| Torres, Diego | 7/28/2009 | 0.7 | Process specific claims as adjourned. |
| Torres, Diego | 7/28/2009 | 0.7 | Revise and re-run the Adjourned exhibit for Omnibus 19. |
| Torres, Diego | 7/28/2009 | 0.4 | Process specific claim as withdrawn from 22nd Omnibus Objection. |
| Torres, Diego | 7/28/2009 | 0.4 | Participate in working session with E. Cartwright (FTI) regarding ordering and adjourning claims on Omnibus Objections. |
| Torres, Diego | 7/28/2009 | 0.4 | Run Omnibus 10 Supplemental Order for the new claims. . |
| Volsky, Hannah | 7/28/2009 | 2.4 | Make duplicative claim matches from Triage file. |
| Volsky, Hannah | 7/28/2009 | 1.8 | Make amendment claim matches from Triage file. |
| Volsky, Hannah | 7/28/2009 | 1.5 | Edit Nature of Claim discrepancies from Triage file. |
| Volsky, Hannah | 7/28/2009 | 1.3 | Update claims based on docketing error comments from Triage file. |
| Volsky, Hannah | 7/28/2009 | 0.6 | Participate in working session with E. Cartwright (FTI) regarding the Triage report. |
| Coulombe, Stephen L | 7/29/2009 | 0.8 | Discuss updated claims waterfall report containing new filed omnibus objections with R. Duffy (FTI). |
| Duffy, Robert J | 7/29/2009 | 0.8 | Discuss updated claims waterfall report containing new filed omnibus objections with S. Coulombe (FTI). |
| Coulombe, Stephen L | 7/29/2009 | 0.2 | Review updated claims waterfall report containing new filed claims. |
| Robinson, Joshua M. | 7/29/2009 | 2.6 | Make modifications to Omnibus10 orders based on comments from D. Blanks (MW). |
| Robinson, Joshua M. | 7/29/2009 | 2.5 | Quality check Omnibus objection orders for Omnibus objections 11 - 23. |
| Robinson, Joshua M. | 7/29/2009 | 1.1 | Assist D. Torres (FTI) with questions regarding claims reporting. |
| Robinson, Joshua M. | 7/29/2009 | 1.0 | Read and respond to email questions. |
| Cashman, Brian | 7/29/2009 | 0.5 | Update claims waterfall report for new filed claims. |
| Cashman, Brian | 7/29/2009 | 0.4 | Respond to various emails regarding claims. |
| Cashman, Brian | 7/29/2009 | 0.3 | Review GE claims. |
| Cashman, Brian | 7/29/2009 | 0.3 | Review listing of reclamation claims. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Claims Management

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Torres, Diego | 7/29/2009 | 2.4 | Process specific claims for Omnibus 23 and begin to prepare exhibits in Excel as they were filed. |
| Torres, Diego | 7/29/2009 | 1.5 | Process claims for Omnibus 22 and create report to display the adjourned, ordered and withdrawn exhibits. |
| Torres, Diego | 7/29/2009 | 1.1 | Transfer claim images to our local share drive and begin the process to post them on CMSi. |
| Torres, Diego | 7/29/2009 | 0.8 | Provide a detail report of claims that contain a secured portion for further analysis. |
| Torres, Diego | 7/29/2009 | 0.8 | Provide detail report of priority claims for B. Cashman (FTI) to provide further analysis. |
| Torres, Diego | 7/29/2009 | 0.7 | Provide and reconcile a listing of GE claims. |
| Torres, Diego | 7/29/2009 | 0.7 | Reconcile Exhibit B for Omnibus 22 to validate the counts and amounts. |
| Torres, Diego | 7/29/2009 | 0.5 | Re-Run Omnibus 10 Supplemental Order Exhibit listing only the disallowing claim. |
| Volsky, Hannah | 7/29/2009 | 0.8 | Produce report with all current duplicate and amendment claim matches. |
| Volsky, Hannah | 7/29/2009 | 0.7 | Produce report with duplicate and amendment claim matches made from triage file. |
| Robinson, Joshua M. | 7/30/2009 | 2.4 | Assist H. Volsky (FTI) with questions from triage file. |
| Robinson, Joshua M. | 7/30/2009 | 1.5 | Quality check Omnibus objection orders for Omnibus objections 11 - 23. |
| Robinson, Joshua M. | 7/30/2009 | 1.1 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/30/2009 | 0.4 | Answer questions from D. Torres (FTI) regarding claims. |
| Cashman, Brian | 7/30/2009 | 1.8 | Participate in claims meeting with B. Fose (CC), M. Mosier (CC), I. Fredericks (SASMF), J. Liberi (SASMF) and D. Foley (MW) to review vendor receivables. |
| Cashman, Brian | 7/30/2009 | 1.4 | Participate in claims review meeting with H. Ferguson (CC), M. Mosier (CC), I. Fredericks (SASMF), J. Liberi (SASMF) and D. Foley (MW) to review claims, review supporting analysis, discuss strategy and determine action plan. |
| Cashman, Brian | 7/30/2009 | 0.8 | Participate in claims review meeting with H. Ferguson (CC), M. Mosier (CC), I. Fredericks (SASMF), J. Liberi (SASMF) and D. Foley (MW) to review claims, review supporting analysis, discuss strategy and determine action plan. |
| Cartwright, Emily | 7/30/2009 | 1.3 | Review the statuses of claims to ensure that the debtor, class, amount and amount modifiers are displayed appropriately in CMS. |
| Cartwright, Emily | 7/30/2009 | 0.8 | Confirm the every claim on an objection has reconciliation master events. |
| Cartwright, Emily | 7/30/2009 | 0.4 | Participate in working session with H. Volsky (FTI) regarding processing the triage file. |
| Cartwright, Emily | 7/30/2009 | 0.1 | Participate in discussions with J. Robinson (FTI) regarding the rebates files. |
| Lai, Stephanie | 7/30/2009 | 0.4 | Update claims waterfall with updated docketed claims from KCC. |
| Torres, Diego | 7/30/2009 | 2.1 | Begin to provide detail reconciliation of Activision preference to validate the credit balance. |
| Torres, Diego | 7/30/2009 | 1.7 | Extract detail preference for specific vendors from MP and EP data. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Torres, Diego | 7/30/2009 | 1.2 | Modify Omnibus 10 Supplemental Order exhibit to include only specified claims and re-run exhibit. |
| Torres, Diego | 7/30/2009 | 0.8 | Provide worksheet that reconciles Omnibus 10. |
| Torres, Diego | 7/30/2009 | 0.6 | Reconcile the different counts and amounts for the secured claims from the current detail report and a previous version. |
| Torres, Diego | 7/30/2009 | 0.4 | Run Omnibus 10 Supplemental Order exhibit using the no liability style. |
| Torres, Diego | 7/30/2009 | 0.4 | Provide a detail report of claims that have a secured portion to B. Cashman (FTI) for further analysis. |
| Volsky, Hannah | 7/30/2009 | 2.4 | Assist J. Robinson (FTI) with questions from triage file. |
| Volsky, Hannah | 7/30/2009 | 1.1 | Make amendment claim matches from Triage file. |
| Volsky, Hannah | 7/30/2009 | 1.0 | Edit Nature of Claim discrepancies from Triage file. |
| Volsky, Hannah | 7/30/2009 | 0.8 | Update claims based on docketing error comments from Triage file. |
| Volsky, Hannah | 7/30/2009 | 0.4 | Make duplicative claim matches from Triage file. |
| Volsky, Hannah | 7/30/2009 | 0.4 | Participate in working session with E. Cartwright (FTI) regarding processing the triage file. |
| Robinson, Joshua M. | 7/31/2009 | 1.5 | Research rebates and get cost estimates for mailing. |
| Robinson, Joshua M. | 7/31/2009 | 1.0 | Participate in discussions with E. Cartwright (FTI) regarding reconciliation checks in CMS in regards to status, events, matches and reconciled values. |
| Robinson, Joshua M. | 7/31/2009 | 0.7 | Work with Diego to prepare rebate stratification report. |
| Robinson, Joshua M. | 7/31/2009 | 0.6 | Read and respond to email questions. |
| Robinson, Joshua M. | 7/31/2009 | 0.2 | Discuss exhibits for 502 d objection with B. Cashman (FTI). |
| Cashman, Brian | 7/31/2009 | 0.3 | Prepare listing of top 10 preferences and send to I. Fredericks (SASMF). |
| Cashman, Brian | 7/31/2009 | 0.2 | Discuss exhibits for 502 d objection with J. Robinson (FTI). |
| Cartwright, Emily | 7/31/2009 | 2.0 | Run the Circuit City exception reports to identify data exceptions within CMS and update the data appropriately. |
| Cartwright, Emily | 7/31/2009 | 1.0 | Participate in discussions with J. Robinson (FTI) regarding reconciliation checks in CMS in regards to status, events, matches and reconciled values. |
| Cartwright, Emily | 7/31/2009 | 0.6 | Participate in working session with D. Torres (FTI) regarding outstanding database clean up tasks. |
| Cartwright, Emily | 7/31/2009 | 0.6 | Review claims that are on more than one objection to ensure the master events and reconciled values are accurately displayed in CMS. |
| Cartwright, Emily | 7/31/2009 | 0.6 | Review claim matching chains in CMS. |
| Cartwright, Emily | 7/31/2009 | 0.6 | Ensure all claims that have been withdrawn from objections are accurately displayed in CMS regarding events and reconciliation values. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Claims Management** | | | |
| Cartwright, Emily | 7/31/2009 | 0.5 | Locate any current docketing errors in CMS and create a report to notify KCC. |
| Cartwright, Emily | 7/31/2009 | 0.4 | Remove unnecessary draft events from CMS. |
| Lai, Stephanie | 7/31/2009 | 1.0 | Update estimated objections in claims waterfall. |
| Torres, Diego | 7/31/2009 | 1.6 | Reconcile each check for the Activision preference to determine the invoices that fall outside of the 90-day period. |
| Torres, Diego | 7/31/2009 | 1.4 | Provide stratification report of the rebates to determine the individuals to notice. |
| Torres, Diego | 7/31/2009 | 1.2 | Reconcile each check for the Activision preference to determine the checks that fall outside of the 90-day period. |
| Torres, Diego | 7/31/2009 | 0.6 | Participate in working session with E. Cartwright (FTI) regarding outstanding database clean up tasks. |
| Torres, Diego | 7/31/2009 | 0.4 | Provide GE preference to several individuals. |
| Torres, Diego | 7/31/2009 | 0.4 | Update detail events in the database to reflect the current status of claims in CMSi on a detail level. |
| **Subtotal - Claims Management** | | **1294.0** | |
| **Committee Matters** | | | |
| Coulombe, Stephen L | 4/29/2009 | 1.0 | Review case status update and asset recovery status with J. Marcum (CC). |
| Duffy, Robert J | 5/1/2009 | 0.7 | Discuss answers to Committee questions with M. Atkinson (Protiviti). |
| Cashman, Brian | 5/1/2009 | 0.8 | Update asset recoveries in case status presentation to Protiviti. |
| Cashman, Brian | 5/1/2009 | 0.7 | Update liquidation analysis in case status presentation to Protiviti. |
| Cashman, Brian | 5/1/2009 | 0.6 | Update corporate wind down analysis in case status presentation to Protiviti. |
| Cashman, Brian | 5/1/2009 | 0.5 | Update asset recovery information in case status update. |
| Cashman, Brian | 5/1/2009 | 0.4 | Review liquidation bridge. |
| Cashman, Brian | 5/1/2009 | 0.3 | Update corporate wind down budget and headcount forecast. |
| Cashman, Brian | 5/1/2009 | 0.3 | Update management incentive plan section in case status presentation to Protiviti. |
| Duffy, Robert J | 5/4/2009 | 0.5 | Review case status update with M. Mosier (CC) and J. Marcum (CC). |
| Cashman, Brian | 5/4/2009 | 0.6 | Respond to Protiviti's request for supporting information relating to incentive plan payouts specifically list of closing dates for service centers and analysis of savings on advertising contracts. |
| Cashman, Brian | 5/4/2009 | 0.6 | Review lease master to quantify savings associated with closing of non-store locations. |
| Cashman, Brian | 5/4/2009 | 0.6 | Review and send to J. Crocket (Protiviti) invoices supporting April payment to IBM. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 5/4/2009 | 0.4 | Discuss information requests from Protiviti with M. Mosier (CC). |
| Cashman, Brian | 5/4/2009 | 0.4 | Respond to questions from Protiviti regarding savings from closings of non-store locations. |
| Cashman, Brian | 5/4/2009 | 0.3 | Respond to question from Protiviti regarding payments made to IBM. |
| Coulombe, Stephen L | 5/5/2009 | 0.8 | Provide M. Waiting (FTI) with comments on verbiage for case status update presentation. |
| Cashman, Brian | 5/5/2009 | 0.8 | Participate on call with M. Atkinson (Protiviti) and J. Crocket (Protiviti) to discuss update on case status and specifically liquidation analysis. |
| Cashman, Brian | 5/5/2009 | 0.6 | Respond to questions from Protiviti regarding IBM invoices. |
| Cashman, Brian | 5/5/2009 | 0.4 | Respond to question from Protiviti regarding payment of payroll taxes noted in weekly cash flow report. |
| Cashman, Brian | 5/5/2009 | 0.2 | Review case status update with G. Galardi (Skadden). |
| Coulombe, Stephen L | 5/6/2009 | 1.7 | Review documentation supporting achievement on management incentive plan requested by Protiviti. |
| Cashman, Brian | 5/6/2009 | 0.7 | Review compliant against TWG for lack of payment and summarize the details of the amount due from TWG and send summary to Protiviti. |
| Cashman, Brian | 5/7/2009 | 0.3 | Forward email from M. Atkinson (Protiviti) regarding update on open issues on incentive plan that were discussed during the bi-weekly UCC meeting. |
| Cashman, Brian | 5/7/2009 | 0.3 | Discuss next steps with M. Mosier (CC) relating to decisions made by UCC on incentive plan. |
| Cashman, Brian | 5/7/2009 | 0.3 | Review listing of archived boxes provided by Company and respond back to Company as listing did not agree to amounts originally provided to Protiviti. |
| Cashman, Brian | 5/11/2009 | 0.7 | Respond to questions from Protiviti regarding auction of intellectual property. |
| Duffy, Robert J | 5/12/2009 | 0.3 | Review ordinary course preference summary. |
| Cashman, Brian | 5/12/2009 | 0.5 | Respond to questions from Protiviti regarding the possible overfunded status of the Company's pension and send to them the asset schedules. |
| Duffy, Robert J | 5/13/2009 | 1.0 | Participate on call with Skadden and the Company to discuss UCC's term sheet. |
| Coulombe, Stephen L | 5/13/2009 | 0.5 | Analyze claims waterfall report for status of nature of claims. |
| Duffy, Robert J | 5/14/2009 | 1.2 | Review UCC draft presentation and provide guidance to team on layout and content. |
| Cashman, Brian | 5/14/2009 | 0.4 | Discuss presentation for UCC meeting with J. Marcum (CC). |
| Cashman, Brian | 5/14/2009 | 0.3 | Respond to questions from J. Crocket (Protiviti) regarding pension funding. |
| Cashman, Brian | 5/14/2009 | 0.3 | Prepare outline of presentation to UCC and communicate. |
| Cashman, Brian | 5/14/2009 | 0.3 | Discuss UCC presentation layout with G. Galardi (SASMF). |
| Cashman, Brian | 5/14/2009 | 0.3 | Discuss UCC presentation layout with M. Mosier (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 5/14/2009 | 0.2 | Communicate structure of presentation to Skadden, the Company and FTI. |
| Coulombe, Stephen L | 5/15/2009 | 1.3 | Examine asset recovery section of case status update presentation and provide comments to team. |
| Coulombe, Stephen L | 5/15/2009 | 0.7 | Examine liquidation analysis and bridge from previous version section of case status update to UCC. |
| Cashman, Brian | 5/15/2009 | 0.7 | Prepare summary of claims by nature and classification to include in UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.7 | Discuss bridge between older version of liquidation analysis and updated version. |
| Cashman, Brian | 5/15/2009 | 0.7 | Review Corporate wind down budget with M. Mosier (CC). |
| Cashman, Brian | 5/15/2009 | 0.6 | Update key work streams slide in UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.6 | Review and update claims section of UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.5 | Update executive summary slides in UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.4 | Update management incentive slides in presentation to UCC.  Include metrics about 2 new tasks achievements. |
| Cashman, Brian | 5/15/2009 | 0.4 | Update Corporate wind down budget slides in UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.4 | Prepare milestones slide for UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.4 | Review timeline in UCC presentation and provide updates. |
| Cashman, Brian | 5/15/2009 | 0.4 | Prepare claims roll forward for UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.3 | Discuss next steps on warranty proceeds from Assurant and the Warranty Group with J. Marcum (CC). |
| Cashman, Brian | 5/15/2009 | 0.3 | Review and update liquidation analysis in UCC presentation. |
| Cashman, Brian | 5/15/2009 | 0.2 | Update understanding regarding letter of credit proceeds from Santa Barbara lease. |
| Cashman, Brian | 5/15/2009 | 0.2 | Discuss UCC presentation layout with J. Marcum (CC). |
| Cashman, Brian | 5/17/2009 | 0.8 | Meet with G. Galardi (SASMF) to review UCC presentation. |
| Cashman, Brian | 5/17/2009 | 0.7 | Review presentation to UCC and draft executive summary slides. |
| Coulombe, Stephen L | 5/18/2009 | 1.5 | Review corporate wind down and headcount forecast section of case status update to UCC. |
| Duffy, Robert J | 5/18/2009 | 0.7 | Participate on call with B. Cashman (FTI) and M. Waiting (FTI) to discuss UCC deck and changes needed. |
| Coulombe, Stephen L | 5/18/2009 | 0.3 | Discuss executive summary slides of UCC presentation with B. Cashman (FTI). |
| Coulombe, Stephen L | 5/18/2009 | 0.2 | Discuss timeline slide of UCC presentation with B. Cashman (FTI). |
| Cashman, Brian | 5/18/2009 | 0.7 | Participate on call with R. Duffy (FTI) and M. Waiting (FTI) to discuss UCC deck and changes needed. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 5/18/2009 | 0.7 | Participate on call with FTI to discuss UCC presentation. |
| Waiting, Mark | 5/18/2009 | 0.7 | Participate on call with B. Cashman (FTI) and R. Duffy (FTI) to discuss UCC deck and changes needed. |
| Cashman, Brian | 5/18/2009 | 0.4 | Respond to emails and questions from the Company regarding UCC presentation. |
| Cashman, Brian | 5/18/2009 | 0.3 | Discuss executive summary slides of UCC presentation with S. Coulombe (FTI). |
| Cashman, Brian | 5/18/2009 | 0.3 | Update asset recoveries section of UCC presentation for Canada and other recoveries. |
| Cashman, Brian | 5/18/2009 | 0.3 | Update case timeline slide in UCC presentation. |
| Cashman, Brian | 5/18/2009 | 0.3 | Update UCC presentation for comments from review meeting. |
| Cashman, Brian | 5/18/2009 | 0.3 | Review UCC deck with J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 5/18/2009 | 0.2 | Update case timeline slide in UCC presentation. |
| Cashman, Brian | 5/18/2009 | 0.2 | Update UCC presentation for liquidation analysis bridge. |
| Cashman, Brian | 5/18/2009 | 0.2 | Email case status updates to Protiviti and prior UCC presentations to R. Duffy (FTI) and company. |
| Cashman, Brian | 5/18/2009 | 0.2 | Discuss timeline slide of UCC presentation with S. Coulombe (FTI). |
| Duffy, Robert J | 5/19/2009 | 1.1 | Review UCC presentation with B. Cashman (FTI) J. Marcum (CC), D. Ramsey (CC) and M. Mosier (CC). |
| Duffy, Robert J | 5/19/2009 | 0.6 | Participate on call with B. Cashman (FTI) and M. Waiting (FTI) to finalize UCC deck and changes needed. |
| Duffy, Robert J | 5/19/2009 | 0.6 | Review high-low assumptions in liquidation analysis. |
| Cashman, Brian | 5/19/2009 | 1.1 | Review UCC presentation with R. Duffy (FTI) J. Marcum (CC), D. Ramsey (CC) and M. Mosier (CC). |
| Cashman, Brian | 5/19/2009 | 0.7 | Participate on call with Skadden, the Company and FTI to review UCC presentation. |
| Cashman, Brian | 5/19/2009 | 0.6 | Participate on call with M. Waiting (FTI) and R. Duffy (FTI) to finalize UCC deck and changes needed. |
| Waiting, Mark | 5/19/2009 | 0.6 | Participate on call with B. Cashman (FTI) and R. Duffy (FTI) to finalize UCC deck and changes needed. |
| Cashman, Brian | 5/19/2009 | 0.6 | Prepare appendix for UCC presentation. |
| Cashman, Brian | 5/19/2009 | 0.6 | Participate on call with Skadden and the Company to discuss presentation to UCC and meeting with creditors' committee. |
| Cashman, Brian | 5/19/2009 | 0.6 | Divide current version of UCC deck into three sections: presentation, appendix and supporting schedules. |
| Cashman, Brian | 5/19/2009 | 0.5 | Update slide in UCC presentation on preferences. |
| Cashman, Brian | 5/19/2009 | 0.4 | Prepare high-low liquidation analysis. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 5/19/2009 | 0.3 | Review and distribute final version of UCC presentation. |
| Cashman, Brian | 5/19/2009 | 0.3 | Update UCC deck for changes from the Company's review. |
| Cashman, Brian | 5/19/2009 | 0.3 | Update UCC presentation for Skadden comments. |
| Cashman, Brian | 5/19/2009 | 0.2 | Review UCC term sheet. |
| Duffy, Robert J | 5/20/2009 | 1.6 | Participate on call with J. Marcum (CC) regarding various asset recoveries and strategy. |
| Duffy, Robert J | 5/20/2009 | 1.1 | Review final UCC presentation with J. Marcum (CC) and M. Mosier (CC). |
| Duffy, Robert J | 5/20/2009 | 0.9 | Meet with G. Galardi (SASMF) to review final UCC presentation. |
| Coulombe, Stephen L | 5/20/2009 | 0.8 | Prepare for meeting with UCC with S. Coulombe (FTI) and J. Marcum (CC). |
| Duffy, Robert J | 5/20/2009 | 0.8 | Prepare for meeting with UCC with S. Coulombe (FTI) and J. Marcum (CC). |
| Cashman, Brian | 5/20/2009 | 0.7 | Discuss next steps after meeting with UCC with the Company and Skadden. |
| Cashman, Brian | 5/20/2009 | 0.3 | Prepare for meeting with UCC with J. Marcum (CC) and M. Mosier (CC). |
| Coulombe, Stephen L | 5/22/2009 | 0.2 | Examine Protiviti request list. |
| Cashman, Brian | 5/22/2009 | 0.5 | Review pro forma of case status update for Protiviti. |
| Duffy, Robert J | 5/25/2009 | 0.6 | Provide comments on draft of case status presentation to be provided to Protiviti. |
| Cashman, Brian | 5/25/2009 | 0.5 | Review pro forma case status presentation to be provided to Protiviti. |
| Cashman, Brian | 5/26/2009 | 1.2 | Update asset recoveries section of case status update to UCC. |
| Cashman, Brian | 5/26/2009 | 0.6 | Update claims, preferences and 503(b)(9) section of case status update to UCC. |
| Cashman, Brian | 5/26/2009 | 0.5 | Update executive summary, key work streams and next steps section of case status update to UCC. |
| Cashman, Brian | 5/26/2009 | 0.5 | Respond to questions from Protiviti regarding the monthly operating report filed by the Company. |
| Cashman, Brian | 5/26/2009 | 0.4 | Review liquidation analysis cash flow section of case status update to UCC. |
| Cashman, Brian | 5/26/2009 | 0.3 | Review UCC deck with L. Ryba (FTI) to allocate work and set deadlines for completion. |
| Cashman, Brian | 5/26/2009 | 0.3 | Forward detail of $6M IBM payment to I. Fredericks (SASMF) as it was requested by Pachulski. |
| Cashman, Brian | 5/26/2009 | 0.3 | Update management incentive plan section of case status update to UCC. |
| Ryba, Lauren | 5/26/2009 | 1.1 | Begin to revise 5/4 version of UCC deck and include 5/20 details to revise for changes since 5/23. |
| Ryba, Lauren | 5/26/2009 | 0.3 | Review UCC deck with B. Cashman (FTI) to allocate work and set deadlines for completion. |
| Duffy, Robert J | 5/27/2009 | 1.3 | Review liquidation analysis format and high-low assumptions for UCC presentation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Coulombe, Stephen L | 5/28/2009 | 0.6 | Review work plan for FTI team and provide guidance on key work streams. |
| Coulombe, Stephen L | 5/28/2009 | 0.6 | Provide comments to latest case status presentation to be provided to Protiviti. |
| Cashman, Brian | 5/28/2009 | 0.6 | Update executive summary slides in UCC presentation. |
| Cashman, Brian | 5/28/2009 | 0.2 | Send emails to debtors' professionals trying to set up meeting to review preference analysis. |
| Cashman, Brian | 5/29/2009 | 1.1 | Participate on call J. Crocket (Protiviti) to provide update on case. |
| Cashman, Brian | 5/29/2009 | 0.7 | Prepare email to J. Crocket (Protiviti) and M. Atkinson (Protiviti) with listing of documents that the client wishes to destroy. |
| Duffy, Robert J | 6/1/2009 | 1.0 | Review latest draft of UCC deck and provide comments on executive summary section and layout. |
| Cashman, Brian | 6/1/2009 | 1.1 | Update case status update presentation for Protiviti. |
| Cashman, Brian | 6/1/2009 | 0.3 | Provide KCC listing of claims to Protiviti. |
| Cashman, Brian | 6/1/2009 | 0.3 | Provide to J. Crocket (Protiviti) the motion/order supporting the rejection of DR3 as of 4/30/09. |
| O'Loughlin, Morgan | 6/1/2009 | 1.1 | Update liquidation analysis and update UCC deck with new analysis. |
| O'Loughlin, Morgan | 6/1/2009 | 0.7 | Make edits to case status update presentation for Protiviti. |
| Cashman, Brian | 6/2/2009 | 0.6 | Send the presentation to Protiviti and Skadden, the Merchandise Payables any and FTI for review and comments.  Address comments and update review. |
| Cashman, Brian | 6/2/2009 | 0.5 | Provide to J. Crocket (Protiviti) an update on the settlement proposals in process. |
| Cashman, Brian | 6/2/2009 | 0.3 | Respond to question from J. Crocket (Protiviti) regarding status of payments on management incentive plan. |
| Cashman, Brian | 6/2/2009 | 0.3 | Update claims section of UCC presentation to note new preference calculation. |
| Ryba, Lauren | 6/2/2009 | 0.9 | Perform a final read through of the UCC case status update and provide edits/comments to B. Cashman (FTI). |
| Cashman, Brian | 6/4/2009 | 0.5 | Review May payroll reconciliation prepared by M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 6/4/2009 | 1.3 | Create May payroll reconciliation to understand breakout of benefits and insurance claims amounts per request from Protiviti. |
| Cashman, Brian | 6/9/2009 | 0.3 | Research IBM payment question from J. Crocket (Protiviti). |
| Cashman, Brian | 6/10/2009 | 1.0 | Respond to requests for information from Protiviti. |
| Robinson, Joshua M. | 6/11/2009 | 0.4 | Participate in call with J. Crocket (Protiviti), M. Atkinson (Protiviti) and B. Cashman (FTI) to discuss Apple preference calculation as well as other preference calculations. |
| Cashman, Brian | 6/11/2009 | 0.4 | Participate in call with J. Crocket (Protiviti), M. Atkinson (Protiviti) and J. Robinson (FTI) to discuss Apple preference calculation as well as other preference calculations. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Committee Matters

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Cashman, Brian | 6/11/2009 | 0.3 | Respond to question from M. Atkinson (Protiviti) regarding consignment issues associated with Apple preference calculation with the assistance of M. Mosier (CC). |
| Ryba, Lauren | 6/12/2009 | 1.3 | Update executive summary with key achievements to date for UCC presentation. |
| Cashman, Brian | 6/16/2009 | 0.5 | Respond to question from J. Crocket (Protiviti) regarding sale of paper. |
| Cashman, Brian | 6/17/2009 | 0.6 | Reply to questions from J. Crocket (Protiviti) regarding status of warranty negotiations and sale of Canadian operations. |
| Cashman, Brian | 6/17/2009 | 0.3 | Provide update on real estate sales to J. Crocket (Protiviti). |
| Cashman, Brian | 6/19/2009 | 0.4 | Respond to question from Protiviti regarding IBM. |
| Cashman, Brian | 6/19/2009 | 0.2 | Discuss IBM question from Protiviti with I. Fredericks (SASMF). |
| Cashman, Brian | 6/19/2009 | 0.1 | Discuss IBM call with Protiviti. |
| Cashman, Brian | 6/22/2009 | 0.8 | Update case status update presentation for Protiviti. |
| Lai, Stephanie | 6/22/2009 | 1.3 | Update UCC deck per B. Cashman (FTI) comments. |
| Burke, Samantha | 6/22/2009 | 1.2 | Add slide to address new Omnibus Objections to UCC deck. |
| Burke, Samantha | 6/22/2009 | 1.1 | Add slides on Omnibus Objections #1-13 to UCC deck. |
| Burke, Samantha | 6/22/2009 | 0.5 | Review UCC deck and provide edits to executive summary. |
| Lai, Stephanie | 6/23/2009 | 0.3 | Review corporate wind down schedule prepared by M. O'Loughlin (FTI) for UCC deck. |
| O'Loughlin, Morgan | 6/23/2009 | 0.9 | Update corporate wind down schedule for case status presentation. |
| O'Loughlin, Morgan | 6/23/2009 | 0.9 | Review latest version of case update presentation to Protiviti and provide comments to team. |
| O'Loughlin, Morgan | 6/23/2009 | 0.8 | Update miscellaneous asset recoveries slide for case status presentation for Protiviti. |
| O'Loughlin, Morgan | 6/23/2009 | 0.4 | Participate in meeting with D. Miller (CC) regarding status of owned and leased real estate sales. |
| Burke, Samantha | 6/23/2009 | 0.7 | Reformat IBM invoice schedule for UCC update. |
| Burke, Samantha | 6/23/2009 | 0.6 | Update UCC deck per J. Marcum's (CC) changes. |
| Burke, Samantha | 6/23/2009 | 0.4 | Review and tie out IBM invoices. |
| Cashman, Brian | 6/24/2009 | 0.6 | Review IBM payment schedule by month prepared by S. Burke (FTI) and send to J. Crocket (Protiviti). |
| Cashman, Brian | 6/24/2009 | 0.2 | Respond to question from M. Atkinson (Protiviti) regarding meeting with subject matter expert on IBM relationship. |
| Lai, Stephanie | 6/24/2009 | 1.1 | Advise and provide recommendations to S. Burke (FTI) on approach to compiling IBM payment schedule by month. |
| Burke, Samantha | 6/24/2009 | 0.8 | Make corrections and update IBM invoice summary schedule for UCC request. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 6/25/2009 | 0.7 | Participate on call with M. Atkinson (Protiviti), J. Marcum (CC) and M. Mosier (CC) regarding LCD/flat panel litigation rights. |
| Cashman, Brian | 6/25/2009 | 0.2 | Discuss call regarding LCD/flat panel litigation rights with J. Marcum (CC) and discuss next steps. |
| Burke, Samantha | 6/25/2009 | 1.2 | Update Omnibus schedule with new objections and orders for UCC presentation. |
| Burke, Samantha | 6/25/2009 | 0.5 | Update UCC presentation with new Omnibus Objections schedule. |
| Burke, Samantha | 6/25/2009 | 0.4 | Update IBM invoice with January and December baseline charges. |
| Burke, Samantha | 6/26/2009 | 1.4 | Sync BOD deck with most recent updates from UCC deck. |
| Coulombe, Stephen L | 7/1/2009 | 0.9 | Review liquidation analysis and cash flow and provide comments for UCC deck. |
| Duffy, Robert J | 7/1/2009 | 0.9 | Review liquidation analysis and cash flow and provide comments for UCC deck. |
| Duffy, Robert J | 7/1/2009 | 0.3 | Discuss changes on BOD and UCC deck with B. Cashman (FTI). |
| Coulombe, Stephen L | 7/1/2009 | 0.3 | Review executive summary slides for UCC deck. |
| Cashman, Brian | 7/1/2009 | 0.6 | Review case status update for UCC. |
| Cashman, Brian | 7/1/2009 | 0.3 | Discuss changes on BOD and UCC deck with R. Duffy (FTI). |
| Cashman, Brian | 7/1/2009 | 0.2 | Respond to questions from J. Crocket (Protiviti). |
| Lai, Stephanie | 7/1/2009 | 0.8 | Work with M. O'Loughlin (FTI) to prepare bridge on current liquidation analysis bridge to prior version. |
| Lai, Stephanie | 7/1/2009 | 0.8 | Update UCC deck per B. Cashman's (FTI) comments. |
| Lai, Stephanie | 7/1/2009 | 0.7 | Add commentary to liquidation analysis bridge for UCC deck. |
| Lai, Stephanie | 7/1/2009 | 0.6 | Review UCC deck with J. Marcum (CC), M. Mosier (CC), and M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/1/2009 | 0.6 | Answer B. Cashman's (FTI) follow up questions regarding UCC deck. |
| Lai, Stephanie | 7/1/2009 | 0.6 | Update executive summary slides in UCC deck. |
| Lai, Stephanie | 7/1/2009 | 0.5 | Update Canadian waterfall of proceeds for UCC deck. |
| Lai, Stephanie | 7/1/2009 | 0.4 | Discuss status of UCC deck with M. O'Loughlin (FTI) and S. Burke (FTI). |
| Lai, Stephanie | 7/1/2009 | 0.3 | Review corporate wind down budget prepared by M. O'Loughlin. (FTI). |
| O'Loughlin, Morgan | 7/1/2009 | 1.3 | Update liquidation analysis and cash flow for case status update presentation. |
| O'Loughlin, Morgan | 7/1/2009 | 1.3 | Update corporate wind down budget with latest headcount assumptions. |
| O'Loughlin, Morgan | 7/1/2009 | 0.8 | Work with S. Lai (FTI) to prepare bridge on current liquidation analysis bridge to prior version. |
| O'Loughlin, Morgan | 7/1/2009 | 0.6 | Review UCC deck with J. Marcum (CC), M. Mosier (CC), and S. Lai (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| O'Loughlin, Morgan | 7/1/2009 | 0.4 | Discuss status of UCC deck with S. Lai (FTI) and S. Burke (FTI). |
| Burke, Samantha | 7/1/2009 | 0.4 | Discuss status of UCC deck with M. O'Loughlin (FTI) and S. Lai (FTI). |
| Burke, Samantha | 7/1/2009 | 0.4 | Synch UCC deck with most recent updates to BOD deck. |
| Cashman, Brian | 7/2/2009 | 0.4 | Review case status update for UCC. |
| Cashman, Brian | 7/2/2009 | 0.3 | Respond to various emails from client regarding BOD deck and UCC update. |
| Lai, Stephanie | 7/2/2009 | 1.2 | Confirm proceeds from Canadian sale and work on waterfall of proceeds to the US estate. |
| O'Loughlin, Morgan | 7/2/2009 | 0.5 | Create bridge to prior liquidation analysis for case status presentation. |
| Duffy, Robert J | 7/3/2009 | 1.0 | Review liquidation analysis bridge provided by B. Cashman (FTI). |
| Cashman, Brian | 7/6/2009 | 0.4 | Share information regarding proposed settlement with Canon with Protiviti. |
| Lai, Stephanie | 7/6/2009 | 1.9 | Continue preparing slides for UCC deck. |
| O'Loughlin, Morgan | 7/6/2009 | 0.9 | Make updates to executive summary for case status presentation. |
| Burke, Samantha | 7/6/2009 | 1.2 | Update UCC deck per B. Cashman's (FTI) edits. |
| Burke, Samantha | 7/6/2009 | 0.9 | Make edits to Canadian proceeds waterfall for UCC deck. |
| Duffy, Robert J | 7/7/2009 | 1.2 | Review UCC deck from B. Cashman (FTI) and provide edits to team. |
| Duffy, Robert J | 7/7/2009 | 0.6 | Review Canadian waterfall of proceeds and make comments. |
| Duffy, Robert J | 7/7/2009 | 0.3 | Review high-low assumptions in liquidation analysis. |
| Cashman, Brian | 7/7/2009 | 0.8 | Address comments from S. Coulombe (FTI), J. Marcum (CC) and M. Mosier (CC) on case status update to UCC. |
| Cashman, Brian | 7/7/2009 | 0.4 | Participate on call with M. Atkinson (Protiviti) and J. Crocket (Protiviti) to discuss case update and answer questions. |
| Cashman, Brian | 7/7/2009 | 0.4 | Distribute case status update to Company, Skadden and FTI for review. |
| Cashman, Brian | 7/7/2009 | 0.3 | Review warranty update with J. Marcum (CC) and update UCC deck. |
| Lai, Stephanie | 7/7/2009 | 1.0 | Make changes to UCC deck per edits from B. Cashman (FTI). |
| O'Loughlin, Morgan | 7/7/2009 | 0.5 | Make edits to owned real estate section of case status presentation. |
| Burke, Samantha | 7/7/2009 | 0.6 | Make changes to slides in UCC deck per B. Cashman's (FTI) edits. |
| Burke, Samantha | 7/7/2009 | 0.3 | Update MIP slide with retention pool balance changes for UCC deck. |
| Burke, Samantha | 7/7/2009 | 0.3 | Reorganize records of weekly cash flows, fee apps, and UCC decks. |
| Duffy, Robert J | 7/8/2009 | 0.9 | Review corporate wind down budget for UCC deck. |
| Coulombe, Stephen L | 7/8/2009 | 0.7 | Discuss draft of UCC deck with S. Lai (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 7/8/2009 | 0.2 | Update warranty recovery page with J. Marcum (CC). |
| Cashman, Brian | 7/8/2009 | 0.2 | Update UCC case status update and communicate to company for review. |
| Lai, Stephanie | 7/8/2009 | 1.6 | Meet with J. Marcum (CC), M. Mosier (CC), and M. O'Loughlin (FTI) to review draft of UCC deck and make changes. |
| Lai, Stephanie | 7/8/2009 | 1.0 | Make updates to executive summary on UCC deck. |
| Lai, Stephanie | 7/8/2009 | 0.9 | Discuss initial claims waterfall schedule provided by self for UCC deck with M. O'Loughlin (FTI), J. Marcum (CC), and M. Mosier (CC). |
| Lai, Stephanie | 7/8/2009 | 0.8 | Make changes to Canadian waterfall per J. Marcum (CC) edits. |
| Lai, Stephanie | 7/8/2009 | 0.7 | Discuss draft of UCC deck with S. Coulombe (FTI). |
| Lai, Stephanie | 7/8/2009 | 0.7 | Advise S. Burke (FTI) on updating management incentive slide. |
| Lai, Stephanie | 7/8/2009 | 0.5 | Review draft of UCC deck. |
| Lai, Stephanie | 7/8/2009 | 0.4 | Update corporate wind down budget for UCC deck. |
| Lai, Stephanie | 7/8/2009 | 0.4 | Review draft of UCC deck and make updates to claims waterfall. |
| O'Loughlin, Morgan | 7/8/2009 | 1.6 | Meet with J. Marcum (CC), M. Mosier (CC), and S. Lai (FTI) to review draft of UCC deck and make changes. |
| O'Loughlin, Morgan | 7/8/2009 | 1.1 | Discuss way to illustrate progress being made on claims to BOD and UCC with S. Burke (FTI). |
| O'Loughlin, Morgan | 7/8/2009 | 0.9 | Discuss initial claims waterfall schedule provided by S. Lai (FTI) for UCC deck with S. Lai (FTI), J. Marcum (CC), and M. Mosier (CC). |
| Burke, Samantha | 7/8/2009 | 1.1 | Discuss way to illustrate progress being made on claims to BOD and UCC with M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 7/9/2009 | 0.6 | Quality check case status presentation. |
| Cashman, Brian | 7/10/2009 | 0.1 | Discuss case status update with I. Fredericks (SASMF). |
| Cashman, Brian | 7/13/2009 | 1.2 | Review case status update for UCC and distribute to M. Atkinson (Protiviti). |
| Cashman, Brian | 7/13/2009 | 0.4 | Respond to emails from client regarding case status update to Protiviti. |
| Cashman, Brian | 7/15/2009 | 0.2 | Forward information regarding settlement with IBM to M. Atkinson (Protiviti). |
| Cashman, Brian | 7/15/2009 | 0.1 | Follow up with M. Atkinson (Protiviti) on request to get support from Committee to destroy certain dated and damaged boxes of documents. |
| Duffy, Robert J | 7/17/2009 | 0.8 | Participate on call with M. Waiting  (FTI) to finalize UCC deck and changes needed. |
| Duffy, Robert J | 7/17/2009 | 0.2 | Review UCC deck and make appropriate modifications. |
| Waiting, Mark | 7/17/2009 | 0.8 | Participate on call with R. Duffy  (FTI) to finalize UCC deck and changes needed. |
| Cashman, Brian | 7/22/2009 | 0.2 | Provide support for documents to be destroyed to Protiviti. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Committee Matters** | | | |
| Cashman, Brian | 7/27/2009 | 0.4 | Participate on call with the Company, Skadden, Protiviti and Pachulski to discuss substantive consolidation analysis. |
| Cashman, Brian | 7/27/2009 | 0.2 | Participate on call with I. Fredericks (SASMF), M. Atkinson (Protiviti) and J. Pomerantz (Pachulski) to discuss settlements. |
| Cashman, Brian | 7/28/2009 | 0.6 | Review incentive tasks to update completed incentive tasks for case status update to Protiviti. |
| Cashman, Brian | 7/28/2009 | 0.2 | Respond to emails from client regarding case status update to Protiviti. |
| Lai, Stephanie | 7/31/2009 | 1.6 | Make updates to UCC deck to incorporate revised liquidation analysis, cash flow, and bridges. |
| **Subtotal - Committee Matters** | | **148.7** | |

**General Duties and Case Administration**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Coulombe, Stephen L | 4/30/2009 | 0.7 | Review fee statement and provide comments to team. |
| Coulombe, Stephen L | 4/30/2009 | 0.3 | Read work plan and provide comments to B. Cashman (FTI). |
| Coulombe, Stephen L | 5/1/2009 | 1.3 | Participate on call with R. Duffy (FTI) and G. Galardi (SAMSF) regarding case issues and next steps. |
| Duffy, Robert J | 5/1/2009 | 1.3 | Participate on call with S. Coulombe (FTI) and G. Galardi (SAMSF) regarding case issues and next steps. |
| Coulombe, Stephen L | 5/1/2009 | 0.7 | Review April fee statement. |
| Cashman, Brian | 5/1/2009 | 0.3 | Review summary of time by person by day for accuracy. |
| Ryba, Lauren | 5/1/2009 | 1.4 | Edit February and March fee statements for final changes received before filing. |
| O'Loughlin, Morgan | 5/1/2009 | 0.9 | Review and revise February Fee Statement narratives. |
| O'Loughlin, Morgan | 5/1/2009 | 0.6 | Compile all Circuit City presentations for team review. |
| Duffy, Robert J | 5/4/2009 | 0.6 | Review March fee statement. |
| Cashman, Brian | 5/4/2009 | 0.9 | Review March fee statement. |
| Cashman, Brian | 5/4/2009 | 0.3 | Review Feb fee statement. |
| Ryba, Lauren | 5/4/2009 | 0.3 | Notice February and March fee statements. |
| Coulombe, Stephen L | 5/5/2009 | 0.9 | Review latest work plan and provide comments to B. Cashman (FTI). |
| Ryba, Lauren | 5/5/2009 | 1.4 | Revise FTI work plan. |
| Ryba, Lauren | 5/5/2009 | 1.2 | Comprise April fee statement and revise detailed time and expenses. |
| Ryba, Lauren | 5/6/2009 | 1.1 | Comprise notes to send to FTI team regarding HR claims and update work plan. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Coulombe, Stephen L | 5/7/2009 | 0.9 | Review listing of project categories for fee application and draft of narratives. |
| Ryba, Lauren | 5/8/2009 | 2.0 | Continue to update April fee statement with detailed time. |
| Ryba, Lauren | 5/8/2009 | 0.7 | Revise the second interim fee application to include new categories for FF&E, asset recoveries, and corporate wind down. |
| O'Loughlin, Morgan | 5/8/2009 | 0.7 | Review March detailed time file and make edits to narratives. |
| Ryba, Lauren | 5/11/2009 | 0.2 | Participate on call with M. O'Loughlin (FTI) to review items to complete for the deck, including corporate wind down and real estate update. |
| O'Loughlin, Morgan | 5/11/2009 | 0.2 | Participate on call with L. Ryba (FTI) to review items to complete for the deck, including corporate wind down and real estate update. |
| Ryba, Lauren | 5/12/2009 | 2.8 | Read and revise the current version of the April fee statement. |
| O'Loughlin, Morgan | 5/12/2009 | 0.9 | Review and edit April detailed time for fee application. |
| Ryba, Lauren | 5/13/2009 | 0.4 | Review the KCC website for current client updates. |
| O'Loughlin, Morgan | 5/13/2009 | 1.1 | Review April detailed time file and provide updates. |
| Cashman, Brian | 5/14/2009 | 0.8 | Review April fee statement. |
| Ryba, Lauren | 5/14/2009 | 1.2 | Process comments received from B. Cashman (FTI) for April fee statement and send to S. Coulombe (FTI) to review. |
| Cashman, Brian | 5/15/2009 | 0.7 | Review exhibits of detailed time and expenses of April fee statement. |
| Cashman, Brian | 5/15/2009 | 0.5 | Review April fee statement. |
| Cashman, Brian | 5/18/2009 | 0.5 | Review pro forma of 2nd fee application. |
| Cashman, Brian | 5/18/2009 | 0.2 | Review comments from Skadden regarding format of 1st fee application. |
| Waiting, Mark | 5/19/2009 | 1.0 | Update work plan and responsibilities to ensure maximum efficiency of resources. |
| Ryba, Lauren | 5/20/2009 | 2.3 | Read second interim fee application pro forma received from M. O'Loughlin (FTI) and edit before sending to B. Cashman (FTI). |
| Ryba, Lauren | 5/20/2009 | 1.3 | Update the work plan for current activity and milestones and corresponding work product to be accomplished. |
| Ryba, Lauren | 5/20/2009 | 0.4 | Update work plan for current case status. |
| O'Loughlin, Morgan | 5/20/2009 | 2.1 | pro forma second interim fee application for internal review. |
| Cashman, Brian | 5/21/2009 | 0.7 | Review second interim fee application. |
| Duffy, Robert J | 5/22/2009 | 0.8 | Review current case work plan with S. Coulombe (FTI) and provide new initiatives to team. |
| Coulombe, Stephen L | 5/22/2009 | 0.8 | Review current case work plan with R. Duffy (FTI) and provide new initiatives to team. |
| Cashman, Brian | 5/22/2009 | 0.4 | Draft 2nd fee application narratives. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Cashman, Brian | 5/22/2009 | 0.4 | Draft narratives on 2nd fee application. |
| Cashman, Brian | 5/22/2009 | 0.3 | Update FTI work plan. |
| Cashman, Brian | 5/25/2009 | 0.5 | Update FTI work plan. |
| Duffy, Robert J | 5/26/2009 | 1.0 | Participate on call with S. Coulombe (FTI) and B. Cashman (FTI) regarding case status and key work streams. |
| Coulombe, Stephen L | 5/26/2009 | 1.0 | Participate on call with R. Duffy (FTI) and B. Cashman (FTI) regarding case status and key work streams. |
| Cashman, Brian | 5/26/2009 | 1.0 | Participate on call with R. Duffy (FTI) and S. Coulombe (FTI) regarding case status and key work streams. |
| Ryba, Lauren | 5/26/2009 | 0.6 | Revise FTI work plan with comments received from B. Cashman (FTI). |
| Cashman, Brian | 6/2/2009 | 2.0 | Review detailed time and detailed expenses for second interim fee application. |
| Cashman, Brian | 6/2/2009 | 0.4 | Update FTI work plan and communicate to team. |
| Cashman, Brian | 6/3/2009 | 0.5 | Review professional fees by person by day per detailed time to WIP for second interim fee application. |
| O'Loughlin, Morgan | 6/3/2009 | 1.2 | Update exhibits for the Second Interim fee application. |
| Ryba, Lauren | 6/4/2009 | 1.4 | Analyze summary of hours by day and expenses to reconcile and make sure they tie to totals for prior three months. |
| Cashman, Brian | 6/5/2009 | 1.8 | Review exhibits of Second Interim fee application. |
| Cashman, Brian | 6/5/2009 | 1.0 | Draft narratives of Second Interim fee application. |
| Ryba, Lauren | 6/5/2009 | 2.0 | Collect and begin to prepare the May fee application. |
| O'Loughlin, Morgan | 6/5/2009 | 1.3 | Revise detailed time and expenses for Second Interim fee application. |
| Cashman, Brian | 6/8/2009 | 0.8 | Work on Second Interim fee application. |
| Cashman, Brian | 6/8/2009 | 0.3 | Review work plan with L. Ryba (FTI) and M. O'Loughlin (FTI). |
| Ryba, Lauren | 6/8/2009 | 0.3 | Review work plan with B. Cashman (FTI) and M. O'Loughlin (FTI). |
| Lai, Stephanie | 6/8/2009 | 0.4 | Meet with M. O'Loughlin (FTI) to review daily work plan. |
| O'Loughlin, Morgan | 6/8/2009 | 1.4 | Create final exhibits and cover letter for May fee statement. |
| O'Loughlin, Morgan | 6/8/2009 | 0.8 | Finalize exhibits for Second Interim fee application. |
| O'Loughlin, Morgan | 6/8/2009 | 0.4 | Meet with S. Lai (FTI) to review daily work plan. |
| O'Loughlin, Morgan | 6/8/2009 | 0.3 | Review work plan with L. Ryba (FTI) and B. Cashman (FTI). |
| Cashman, Brian | 6/9/2009 | 0.4 | Review Second Interim fee application exhibits. |
| Lai, Stephanie | 6/9/2009 | 1.3 | Review second interim fee application prepared by B. Cashman (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Cashman, Brian | 6/10/2009 | 1.5 | Review exhibits of Second Interim fee application. |
| Cashman, Brian | 6/10/2009 | 1.2 | Draft narratives for Second Interim fee application. |
| Ryba, Lauren | 6/10/2009 | 0.7 | Revise and format expenses on the May fee application. |
| Cashman, Brian | 6/11/2009 | 1.1 | Draft narratives for Second Interim fee application. |
| O'Loughlin, Morgan | 6/11/2009 | 0.9 | Revise May fee application detailed time narratives. |
| Cashman, Brian | 6/12/2009 | 1.4 | Review exhibits of Second Interim fee application. |
| Cashman, Brian | 6/12/2009 | 1.2 | Draft narratives for Second Interim fee application. |
| Cashman, Brian | 6/12/2009 | 0.9 | Draft narratives for Second Interim fee application. |
| Cashman, Brian | 6/12/2009 | 0.4 | Participate in status update meeting with B. Cashman (FTI). |
| Cashman, Brian | 6/12/2009 | 0.3 | Update work plan for next week. |
| Ryba, Lauren | 6/12/2009 | 2.0 | Format the Access database for the interim fee application for presentation purposes before filing. |
| Ryba, Lauren | 6/12/2009 | 1.8 | Review the second interim fee application for appropriate person by time by day categorization |
| Ryba, Lauren | 6/12/2009 | 1.2 | Review the second interim fee application for correct categorization of tasks. |
| Lai, Stephanie | 6/12/2009 | 0.4 | Participate in status update meeting with S. Lai (FTI). |
| Cashman, Brian | 6/15/2009 | 2.6 | Review final version of Second Interim fee application. |
| Cashman, Brian | 6/15/2009 | 0.9 | Update work plan for week in filing Omnibus Objections. |
| Cashman, Brian | 6/15/2009 | 0.8 | Compile Second Interim fee application with signature page and exhibits and send to McGuireWoods for filing. |
| Cashman, Brian | 6/15/2009 | 0.7 | Compile detailed time and detailed expenses in excel form and send to US Trustee. |
| Duffy, Robert J | 6/16/2009 | 0.5 | Review updates to FTI work plan provided by B. Cashman (FTI). |
| Cashman, Brian | 6/16/2009 | 0.5 | Update FTI work plan and communicate to team. |
| Ryba, Lauren | 6/17/2009 | 1.1 | Create a reference materials binder for CC work product including monthly  Operating Reports, weekly cash reports and UCC presentations. |
| Ryba, Lauren | 6/17/2009 | 0.2 | Comprise list of weekly cash items for M. O'Loughlin (FTI) to request to start transitioning the project. |
| Cashman, Brian | 6/18/2009 | 0.2 | Review action items for team for current day and discuss priorities. |
| Cashman, Brian | 6/19/2009 | 0.5 | Update FTI work plan and communicate to team. |
| Cashman, Brian | 6/22/2009 | 1.0 | Review detailed time and detailed expenses for May fee statement. |
| Cashman, Brian | 6/23/2009 | 0.4 | Review exhibits for May fee statement. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| | | | |

### General Duties and Case Administration

| | | | |
|---|---|---|---|
| Cashman, Brian | 6/23/2009 | 0.3 | Review detailed time and detailed expenses for May fee statement. |
| Cashman, Brian | 6/23/2009 | 0.2 | Review draft of May fee statement. |
| Lai, Stephanie | 6/23/2009 | 0.7 | Review May fee statement prepared by M. O'Loughlin (FTI) and provide edits. |
| O'Loughlin, Morgan | 6/23/2009 | 1.1 | Finalize May fee statement exhibits. |
| Duffy, Robert J | 6/24/2009 | 1.0 | Review May fee statement. |
| Coulombe, Stephen L | 6/24/2009 | 0.8 | Review detailed time and exhibits for final version of May fee app. |
| Cashman, Brian | 6/24/2009 | 1.5 | Review final May fee statement and exhibits. |
| Cashman, Brian | 6/25/2009 | 0.6 | Review action items for team for 6/25 and 6/26. |
| Duffy, Robert J | 6/30/2009 | 0.6 | Participate in status call with S. Lai (FTI) and R. Duffy (FTI) to discuss Star Choice reconciliation analysis and BOD deck edits. |
| Coulombe, Stephen L | 6/30/2009 | 0.6 | Participate in status call with R. Duffy (FTI) and S. Lai (FTI) to discuss Star Choice reconciliation analysis and BOD deck edits. |
| Lai, Stephanie | 6/30/2009 | 0.6 | Participate in status call with S. Coulombe (FTI) and R. Duffy (FTI) to discuss Star Choice reconciliation analysis and BOD deck edits. |
| Cashman, Brian | 7/1/2009 | 0.8 | Review May fee statement. |
| Cashman, Brian | 7/1/2009 | 0.3 | Update FTI work plan. |
| Lai, Stephanie | 7/1/2009 | 0.8 | Discuss next steps with J. Marcum (CC) and M. O'Loughlin (FTI) regarding claims waterfall, substantive consolidation, and timing of plan of liquidation. |
| Lai, Stephanie | 7/1/2009 | 0.5 | Review time detail for accuracy and format. |
| O'Loughlin, Morgan | 7/1/2009 | 0.8 | Discuss next steps with J. Marcum (CC) and S. Lai (FTI) regarding claims waterfall, substantive consolidation, and timing of plan of liquidation. |
| Duffy, Robert J | 7/2/2009 | 0.8 | Participate in call with J. Marcum (CC) regarding claims waterfall, substantive consolidation, and timing of plan of liquidation. |
| Duffy, Robert J | 7/2/2009 | 0.4 | Review and provide comments to team on work plan in response to updates from J. Marcum (CC). |
| Cashman, Brian | 7/2/2009 | 0.3 | Participate in status update with S. Lai (FTI) to discuss tasks for next week. |
| Lai, Stephanie | 7/2/2009 | 0.3 | Provide update to B. Cashman (FTI) on work plan discussions with J. Marcum (CC). |
| Lai, Stephanie | 7/2/2009 | 0.3 | Participate in status update with B. Cashman (FTI) to discuss tasks for next week. |
| Coulombe, Stephen L | 7/7/2009 | 1.1 | Participate in weekly status call with R. Duffy (FTI), and J. Marcum (CC). |
| Duffy, Robert J | 7/7/2009 | 1.1 | Participate in weekly status call with S. Coulombe (FTI), and J. Marcum (CC). |
| Lai, Stephanie | 7/7/2009 | 0.4 | Prepare final June fee statement for filing. |
| Cashman, Brian | 7/8/2009 | 0.2 | Review FTI work plan with J. Marcum (CC) and M. Mosier (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## General Duties and Case Administration

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Coulombe, Stephen L | 7/9/2009 | 0.8 | Make updates to FTI work plan and distribute to B. Cashman (FTI). |
| Cashman, Brian | 7/9/2009 | 0.3 | Discuss calendar of events with M. Mosier (CC). |
| O'Loughlin, Morgan | 7/9/2009 | 1.1 | Review detailed time for June for preparation of fee statement. |
| Cashman, Brian | 7/10/2009 | 0.3 | Update FTI work plan and calendar. |
| Cashman, Brian | 7/10/2009 | 0.1 | Communicate work plan and calendar to the Company and counsel in anticipation of weekly case status update call. |
| Duffy, Robert J | 7/13/2009 | 1.0 | Participate on call with B. Cashman (FTI) and J. Marcum (CC) on current status. |
| Duffy, Robert J | 7/13/2009 | 0.6 | Review updates to FTI work plan provided by B. Cashman (FTI). |
| Cashman, Brian | 7/13/2009 | 1.1 | Update FTI work plan for weekly status update meeting. |
| Cashman, Brian | 7/13/2009 | 1.0 | Participate on call with R. Duffy (FTI) and J. Marcum (CC) on current status. |
| Cashman, Brian | 7/13/2009 | 0.9 | Participate on call for weekly case status update with J. Marcum (CC) , M. Mosier (CC) and C. Dickerson (SASMF) where substantive consolidation, liquidation plan and disclosure statement were discussed. |
| Lai, Stephanie | 7/13/2009 | 0.5 | Update work plan per B. Cashman's (FTI) comments. |
| O'Loughlin, Morgan | 7/13/2009 | 0.8 | Update summaries for June fee application. |
| Flynn-Kasuba, Ryan | 7/13/2009 | 0.5 | Update work plan with revisions from B. Cashman (FTI). |
| Cashman, Brian | 7/14/2009 | 0.2 | Update FTI work plan. |
| Cashman, Brian | 7/14/2009 | 0.2 | Discuss calendar of events with M. Mosier (CC). |
| Cashman, Brian | 7/14/2009 | 0.2 | Review expense detail relating to May fee statement. |
| Lai, Stephanie | 7/14/2009 | 0.9 | Prepare expenses and update to contain consistent formatting and write offs. |
| Flynn-Kasuba, Ryan | 7/14/2009 | 1.5 | Combine various updates from S. Lai (FTI) in June fee statement files. |
| Flynn-Kasuba, Ryan | 7/14/2009 | 0.4 | Compile and file May 2009 accrual MOR excel workbook for B. Cashman (FTI). |
| Lai, Stephanie | 7/15/2009 | 0.6 | Review May fee statement and make necessary updates to database for June. |
| Lai, Stephanie | 7/15/2009 | 0.4 | Collect time detail from team and coordinate with R. Flynn-Kasuba (FTI) on next steps. |
| Lai, Stephanie | 7/15/2009 | 0.4 | Review emails from B. Cashman (FTI) with M. O'Loughlin (FTI) and coordinate work plans for the day. |
| O'Loughlin, Morgan | 7/15/2009 | 0.4 | Review emails from B. Cashman (FTI) with S. Lai (FTI) and coordinate work plans for the day. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 0.9 | Update time and expenses for June fee application. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 0.4 | Collect time detail from team and coordinate with S. Lai (FTI) on next steps. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## General Duties and Case Administration

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Lai, Stephanie | 7/17/2009 | 0.6 | Participate in status update with M. O'Loughlin (FTI), and R. Flynn-Kasuba (FTI). |
| O'Loughlin, Morgan | 7/17/2009 | 0.6 | Participate in status update with S. Lai (FTI), and R. Flynn-Kasuba (FTI). |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.6 | Participate in status update with M. O'Loughlin (FTI), and S. Lai (FTI). |
| Cashman, Brian | 7/20/2009 | 0.9 | Review June fee statement including expenses and detailed time. |
| Cashman, Brian | 7/20/2009 | 0.5 | Update FTI work plan and distribute in anticipation of weekly status update meeting. |
| Cashman, Brian | 7/20/2009 | 0.3 | Send status update email to S. Coulombe (FTI) in anticipation of his visit to the Company. |
| Lai, Stephanie | 7/20/2009 | 0.7 | Revise June fee statement per B. Cashman's (FTI) edits. |
| O'Loughlin, Morgan | 7/20/2009 | 1.1 | Make edits to June fee statement per comments from B. Cashman (FTI). |
| Flynn-Kasuba, Ryan | 7/20/2009 | 0.6 | Make formatting changes based on comments from S. Lai (FTI). |
| Coulombe, Stephen L | 7/21/2009 | 0.8 | Revise June fee statement. |
| Cashman, Brian | 7/21/2009 | 2.1 | Participate in call with J. Marcum (CC), M. Mosier (CC), Skadden and McGuireWoods for weekly status update call to current open items like disclosure statement, substantive consolidation analysis and asset recoveries. |
| Cashman, Brian | 7/21/2009 | 0.6 | Discuss status update with J. Marcum (CC). |
| Lai, Stephanie | 7/21/2009 | 0.7 | Advise R. Flynn-Kasuba (FTI) on updating June fee statement. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 0.6 | Update June fee statement with most recent data. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 0.4 | Meet with S. Lai (FTI) about June fee statement. |
| Coulombe, Stephen L | 7/22/2009 | 1.1 | Meet with B. Cashman (FTI) to discuss current work plan and timing of project deadlines. |
| Cashman, Brian | 7/22/2009 | 1.1 | Meet with S. Coulombe (FTI) to discuss current work plan and timing of project deadlines. |
| Lai, Stephanie | 7/22/2009 | 0.7 | Create June fee statement exhibits. |
| Lai, Stephanie | 7/22/2009 | 0.5 | Assist R. Flynn-Kasuba (FTI) with updating fee application per comments from B. Cashman (FTI). |
| Lai, Stephanie | 7/22/2009 | 0.4 | Update June fee application and cover letter. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 0.7 | Make changes from B. Cashman (FTI) to the June fee statement. |
| Cashman, Brian | 7/23/2009 | 0.6 | Participate in status update with S. Lai (FTI), M. O'Loughlin (FTI), and R. Flynn-Kasuba (FTI). |
| Lai, Stephanie | 7/23/2009 | 0.6 | Participate in status update with B. Cashman (FTI), M. O'Loughlin (FTI), and R. Flynn-Kasuba (FTI). |
| O'Loughlin, Morgan | 7/23/2009 | 0.8 | Participate in status update with B. Cashman (FTI), S. Lai (FTI), and R. Flynn-Kasuba (FTI). |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.6 | Participate in status update with B. Cashman (FTI), M. O'Loughlin (FTI), and S. Lai (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **General Duties and Case Administration** | | | |
| Coulombe, Stephen L | 7/24/2009 | 0.7 | Review and provide comments on FTI work plan per updates from B. Cashman (FTI). |
| Cashman, Brian | 7/24/2009 | 0.4 | Update FTI work plan in anticipation of next week's status update conference call. |
| Coulombe, Stephen L | 7/27/2009 | 1.0 | Participate in weekly status call with B. Cashman (FTI). |
| Cashman, Brian | 7/27/2009 | 1.1 | Participate in call with J. Marcum (CC), M. Mosier (CC), Skadden and McGuireWoods for weekly status update call to current open items like disclosure statement, substantive consolidation analysis and asset recoveries. |
| Cashman, Brian | 7/27/2009 | 1.0 | Participate in weekly status call with S. Coulombe (FTI). |
| Cashman, Brian | 7/27/2009 | 0.5 | Update June fee statement for review comments. |
| Lai, Stephanie | 7/27/2009 | 0.3 | Update June fee statement with revised time detail entries. |
| Duffy, Robert J | 7/28/2009 | 1.0 | Review June fee statement. |
| Lai, Stephanie | 7/30/2009 | 0.4 | Update work plan with new meetings and calendar of events. |
| Duffy, Robert J | 7/31/2009 | 0.8 | Provide feed back on most recent FTI work plan to B. Cashman (FTI). |
| Cashman, Brian | 7/31/2009 | 0.9 | Update FTI work plan for weekly status update meeting. |
| Lai, Stephanie | 7/31/2009 | 0.3 | Update R. Duffy (FTI) and S. Coulombe (FTI) on current work product and status of claims waterfall. |
| **Subtotal - General Duties and Case Administration** | | **143.2** | |
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian | 5/1/2009 | 0.9 | Discuss employee stipend motion with M. Mosier (CC). |
| Cashman, Brian | 5/1/2009 | 0.8 | Review listing of letters of credit with M. Mosier (CC) to identify items to pursue to cancel. |
| Cashman, Brian | 5/1/2009 | 0.7 | Review motion of first interim fee applications and schedule payments with H. Ferguson (CC). |
| Cashman, Brian | 5/1/2009 | 0.6 | Review calculation of 2 completed incentive tasks and compare to filed document. |
| Cashman, Brian | 5/1/2009 | 0.4 | Review employee stipend motion (docket 3308). |
| Cashman, Brian | 5/1/2009 | 0.4 | Review cash forecast for the week prepared by K. Bradshaw (CC). |
| Ryba, Lauren | 5/1/2009 | 1.6 | Review the employee stipend motion with M. Healy (CC). |
| Ryba, Lauren | 5/1/2009 | 1.0 | Review IBM invoices with K. Silva (CC) and E. Mitchell (CC) for past invoices and estimated future payments. |
| O'Loughlin, Morgan | 5/1/2009 | 1.8 | Set up IBM schedule tracking sheet for payments and invoice detail. |
| O'Loughlin, Morgan | 5/1/2009 | 1.3 | Review IBM invoices and detail for charges for prior four months. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 5/1/2009 | 0.8 | Participate in meeting with B. Milenbachs (CC) and D. Strauss (CC) regarding document destruction costs and document listings. |
| O'Loughlin, Morgan | 5/1/2009 | 0.6 | Provide support for Task VI savings of $300K for rejecting DR3 lease as planned. |
| Duffy, Robert J | 5/2/2009 | 1.0 | Review the employee stipend motion prior to being filed with court. |
| Duffy, Robert J | 5/3/2009 | 1.0 | Review liquidation analysis format and assumptions for case status update. |
| Coulombe, Stephen L | 5/4/2009 | 1.1 | Review and provide B. Cashman (FTI) with edits to case status presentation. |
| Duffy, Robert J | 5/4/2009 | 0.9 | Provide B. Cashman (FTI) with edits to case status presentation. |
| Coulombe, Stephen L | 5/4/2009 | 0.9 | Review key milestones achieved in case and provide additional targets achieved to team. |
| Cashman, Brian | 5/4/2009 | 0.7 | Review analysis prepared by M. Mosier (CC) regarding payments associated with completion of incentive task 7 and 19. |
| Cashman, Brian | 5/4/2009 | 0.5 | Respond to various emails from M. Mosier (CC) regarding payment of management incentive and retention plan payments. |
| Cashman, Brian | 5/4/2009 | 0.4 | Discuss preparation of substantive consolidation with M. Mosier (CC). |
| Cashman, Brian | 5/4/2009 | 0.2 | Review weekly cash report prepared by the Company. |
| Ryba, Lauren | 5/4/2009 | 1.9 | Revise management incentive plan bullet points and summary in case status update. |
| O'Loughlin, Morgan | 5/4/2009 | 1.3 | Provide support for Task IV savings of $2.0M a month for closing Distribution Center's early. |
| O'Loughlin, Morgan | 5/4/2009 | 1.1 | Provide support for Task III savings of $200K a month for shutting down call center early. |
| O'Loughlin, Morgan | 5/4/2009 | 0.9 | Work with M. Healy (CC) to get backup for utilities and general operating spend at distribution center's. |
| O'Loughlin, Morgan | 5/4/2009 | 0.8 | Provide support for Task X savings of $300K for rejecting service center leases early. |
| O'Loughlin, Morgan | 5/4/2009 | 0.7 | Review listing of documents for retention from B. Milenbachs (CC). |
| O'Loughlin, Morgan | 5/4/2009 | 0.7 | Revise lease master rent schedule for distribution to Protiviti. |
| Coulombe, Stephen L | 5/5/2009 | 1.6 | Analyze liquidation analysis and administrative claim assumption ranges. |
| Coulombe, Stephen L | 5/5/2009 | 1.3 | Approve case status update and liquidation analysis changes made in presentation. |
| Coulombe, Stephen L | 5/5/2009 | 0.4 | Request listing of documents that Company has archived as a result of the close down of Corporate HQ and discussed information that needs to be provided with D. Strauss (CC). |
| Waiting, Mark | 5/5/2009 | 0.6 | Review weekly cash flow report and provide L. Ryba (FTI) with edits. |
| Cashman, Brian | 5/5/2009 | 0.4 | Communicate calculation of incentive plan payments for 2 additional completed tasks to J. Crocket (Protiviti). |
| Cashman, Brian | 5/5/2009 | 0.3 | Participate in company's weekly wind down review meeting. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian | 5/5/2009 | 0.2 | Request listing of documents that Company has archived as a result of the close down of Corporate HQ and discussed information that needs to be provided with D. Strauss (CC). |
| Ryba, Lauren | 5/5/2009 | 2.5 | Update board deck with information from case status update and revise information with comments received from J. Marcum (CC). |
| Ryba, Lauren | 5/5/2009 | 1.5 | Comprise template for board deck for board presentation. |
| Ryba, Lauren | 5/5/2009 | 0.8 | Participate in meeting with J. Marcum (CC) and M. Mosier (CC) to review new board package. |
| Ryba, Lauren | 5/5/2009 | 0.6 | Review payroll taxes paid for the prior week, and every month end since January, to determine the amount paid to ADP was for monthly and not quarterly taxes. |
| O'Loughlin, Morgan | 5/5/2009 | 0.9 | Consolidate Westmoreland Call Center general operating expense for FY09 for achieving expense savings targets. |
| O'Loughlin, Morgan | 5/5/2009 | 0.6 | Participate in meeting with M. Healy (CC) regarding Westmoreland Call Center budget for general operating cost. |
| Coulombe, Stephen L | 5/6/2009 | 1.2 | Review weekly cash update provided by B. Cashman (FTI). |
| Bibby, Thomas | 5/6/2009 | 0.4 | Prepare correspondence to B. Cashman (FTI) regarding analysis for substantive consolidation. |
| Bibby, Thomas | 5/6/2009 | 0.2 | Review correspondence from J. Marcum (CC) and N. Barnes (Rothschild) regarding potential to move deadline for bids on trade name and related assets. |
| Bibby, Thomas | 5/6/2009 | 0.2 | Participate on teleconference with B. Cashman (FTI) regarding substantive consolidation analysis and update on term sheet proposal. |
| Bibby, Thomas | 5/6/2009 | 0.1 | Review Canadian cash variance report for period May 3. |
| Bibby, Thomas | 5/6/2009 | 0.1 | Review correspondence from B. Cashman (FTI) regarding committee request for analysis of substantive consolidation. |
| Cashman, Brian | 5/6/2009 | 0.2 | Participate on teleconference with T. Bibby (FTI) regarding substantive consolidation analysis and update on term sheet proposal. |
| Ryba, Lauren | 5/6/2009 | 1.2 | Obtain checks cut for the prior week from K. Silva (CC) and wire detail from K. Bradshaw (CC) and update the weekly cash report. |
| Ryba, Lauren | 5/6/2009 | 0.9 | Review the prior weeks cash report for non-typical items, including payroll, rent and other general operating. |
| Ryba, Lauren | 5/6/2009 | 0.6 | Comprise notes on the weekly cash noting the vendor for receivables, balance of general operating if over a few million, LC updates and MIP updates. |
| O'Loughlin, Morgan | 5/6/2009 | 0.9 | Update professional fee schedule for latest disbursements and fee applications. |
| Cashman, Brian | 5/7/2009 | 0.5 | Review substantive consolidation. |
| Cashman, Brian | 5/7/2009 | 0.5 | Participate on call with Company, Rothschild and Streambank to discuss bid process. |
| Cashman, Brian | 5/7/2009 | 0.2 | Discuss extension of intellectual property bid deadline with J. Marcum (CC) and how it would impact the auction. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/7/2009 | 1.4 | Review professional fee schedule update received from M. O'Loughlin (FTI) and provide feedback on payments and checking proper holdbacks. |
| Ryba, Lauren | 5/7/2009 | 0.3 | Respond to M. Mosier's (CC) question regarding check float and the need to update the internal spreadsheet correctly. |
| O'Loughlin, Morgan | 5/7/2009 | 1.4 | Update professional fee schedule for payments and checking proper holdbacks. |
| O'Loughlin, Morgan | 5/7/2009 | 1.2 | Update professional fee's forecast through January 2010. |
| O'Loughlin, Morgan | 5/7/2009 | 0.8 | Work with D. Strauss (CC) to get information of documents to be retained in Richmond storage facility. |
| O'Loughlin, Morgan | 5/7/2009 | 0.8 | Create summary listing of documents to be destroyed with count and location. |
| O'Loughlin, Morgan | 5/7/2009 | 0.7 | Participate in meeting with B. Milenbachs (CC) regarding listing of documents older than 8 years. |
| O'Loughlin, Morgan | 5/7/2009 | 0.4 | Review listing of Orlando storage facility documents for destruction. |
| Duffy, Robert J | 5/8/2009 | 1.0 | Participate on call with G. Galardi (SAMSF) regarding claims management status and next steps. |
| Cashman, Brian | 5/8/2009 | 0.6 | Review listing of documents that Company has requested to be destroyed. |
| Cashman, Brian | 5/8/2009 | 0.5 | Review wording on new Assurant contract in order to comply with intellectual property auction. |
| Cashman, Brian | 5/8/2009 | 0.4 | Respond to emails regarding PC Mall's bid on intellectual property. |
| Ryba, Lauren | 5/8/2009 | 0.6 | Follow up with H. Ferguson (CC) on checks cut for the prior week for professional fees and holdback per the fee auditor and cancellations for outstanding checks. |
| O'Loughlin, Morgan | 5/8/2009 | 0.6 | Participate in discussions with B. Milenbachs (CC) regarding field headings in listing of document destruction boxes. |
| O'Loughlin, Morgan | 5/8/2009 | 0.4 | Consolidate and send listing of documents to be retained. |
| Coulombe, Stephen L | 5/11/2009 | 0.8 | Review corporate wind down budget and headcount assumptions with R. Duffy (FTI). |
| Duffy, Robert J | 5/11/2009 | 0.8 | Review corporate wind down budget and headcount assumptions with S. Coulombe (FTI). |
| Coulombe, Stephen L | 5/11/2009 | 0.4 | Review bid on intellectual property from PC Connection. |
| Coulombe, Stephen L | 5/11/2009 | 0.4 | Review bid on intellectual property from PC Mall. |
| Coulombe, Stephen L | 5/11/2009 | 0.4 | Review bid on intellectual property from Systemax. |
| Duffy, Robert J | 5/11/2009 | 0.2 | Participate on call with J. Marcum (CC) regarding cash flow forecast. |
| Cashman, Brian | 5/11/2009 | 2.8 | Attend auction of intellectual property in NYC. |
| Waiting, Mark | 5/11/2009 | 2.8 | Attend auction of intellectual property in NYC and discuss strategy regarding warranty program issues. |
| Cashman, Brian | 5/11/2009 | 1.8 | Attend auction of Ardmore, OK distribution in NYC. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Waiting, Mark | 5/11/2009 | 1.7 | Attend auction of Ardmore, OK distribution in NYC and assist counsel with overbid requirement. |
| Cashman, Brian | 5/11/2009 | 1.6 | Participate in meeting to discuss auction process on intellectual property with Skadden, Rothschild, Streambank and the Company. |
| Cashman, Brian | 5/11/2009 | 1.3 | Meet with J. Marcum (CC), M. Mosier (CC) and C. Falconer (CC) to discuss proceeds from Assurant and TWG warranty negotiations. |
| Cashman, Brian | 5/11/2009 | 1.2 | Attend auction of San Mateo leased property in NYC. |
| Waiting, Mark | 5/11/2009 | 1.2 | Attend auction of San Mateo leased property in NYC and assist counsel with appropriate overbid requirement. |
| Cashman, Brian | 5/11/2009 | 0.9 | Prepare analysis to track bids relating to distribution center auction and be able to quantify NPV of bids. |
| Waiting, Mark | 5/11/2009 | 0.9 | Discuss Intellectual Property auction strategy with investment banker and J. Marcum (CC). |
| Cashman, Brian | 5/11/2009 | 0.8 | Review bid on San Mateo leased property. |
| Cashman, Brian | 5/11/2009 | 0.8 | Prepare analysis to track bids relating to intellectual property auction and be able to quantify NPV of bids. |
| Cashman, Brian | 5/11/2009 | 0.6 | Review bid on Ardmore distribution center. |
| Cashman, Brian | 5/11/2009 | 0.5 | Prepare analysis to track bids relating to leased property auction and be able to quantify NPV of bids. |
| Waiting, Mark | 5/11/2009 | 0.4 | Discuss intellectual property auction with Streambank. |
| Ryba, Lauren | 5/11/2009 | 0.8 | Review summary of payables and receivables received from B. Fose (CC) and compare against prior week and review change in IBM balance. |
| Ryba, Lauren | 5/11/2009 | 0.8 | Review IBM payments for May and determine $5M paid out first two weeks due to monthly true-ups. |
| Ryba, Lauren | 5/11/2009 | 0.8 | Revise corporate wind down to include IBM payments for May. |
| Ryba, Lauren | 5/11/2009 | 0.6 | Read through case update and note areas for updates since prior summary was distributed. |
| Ryba, Lauren | 5/11/2009 | 0.5 | Review IBM detailed invoice support received from E. Mitchell (CC) to add values to the budget. |
| Ryba, Lauren | 5/11/2009 | 0.4 | Correspond with J. McDonald (CC) on the transaction privilege tax and it's relation to sales tax and pre versus postpetition payment. |
| Ryba, Lauren | 5/11/2009 | 0.3 | Revise the corporate wind down to exclude corporate rent already paid and post Oct corporate headquarters rent. |
| Ryba, Lauren | 5/11/2009 | 0.3 | Update post petition trade credit AP in the liquidation analysis for updated AP values received from B. Fose (CC). |
| Ryba, Lauren | 5/11/2009 | 0.2 | Follow up on TWG lawsuit details with M. Mosier (CC). As discussions late Friday, 5/8, need to follow up with J. Marcum (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/11/2009 | 0.1 | Correspond with K. Bradshaw (CC) to provide the prior week's checks cut and receive the weekly cash before the end of the day. |
| O'Loughlin, Morgan | 5/11/2009 | 1.3 | Update corporate wind down budget case status update presentation. |
| O'Loughlin, Morgan | 5/11/2009 | 1.2 | Update corporate headcount and payroll costs with latest wind down list by employee. |
| O'Loughlin, Morgan | 5/11/2009 | 0.9 | Update appendices for case status presentation with listing of remaining 90 personnel and responsibilities. |
| O'Loughlin, Morgan | 5/11/2009 | 0.8 | Participate in meeting with E. Mitchell (CC) regarding IBM payments and contracts. |
| O'Loughlin, Morgan | 5/11/2009 | 0.7 | Update IT spend backup tab with latest forecast and format appropriately. |
| Coulombe, Stephen L | 5/12/2009 | 0.5 | Review bid on intellectual property from Wattles Group. |
| Waiting, Mark | 5/12/2009 | 1.0 | Review weekly cash flow report and cash reconciliation worksheet and provide L. Ryba (FTI) with edits. |
| Cashman, Brian | 5/12/2009 | 0.7 | Discuss intellectual property auction with Streambank. |
| Cashman, Brian | 5/12/2009 | 0.7 | Update management incentive slides in case status update for Protiviti. |
| Cashman, Brian | 5/12/2009 | 0.7 | Review revised corporate wind down budget. |
| Cashman, Brian | 5/12/2009 | 0.7 | Review market analysis of assets supporting the pension plan and discuss with M. Mosier (CC). |
| Cashman, Brian | 5/12/2009 | 0.5 | Update liquidation analysis for results from auction. |
| Cashman, Brian | 5/12/2009 | 0.5 | Respond to various emails from the Company regarding liquidation analysis and asset recoveries. |
| Ryba, Lauren | 5/12/2009 | 1.1 | Participate in a meeting with M. Wilhelm (CC) to determine the current balance of the utilities reserve. |
| Ryba, Lauren | 5/12/2009 | 0.9 | Participate in a meeting with K. Bradshaw (CC) to fix formulas and other details in the daily cash file so it rolls and is updated properly each week. |
| Ryba, Lauren | 5/12/2009 | 0.8 | Review the weekly cash report with K. Bradshaw (CC) to clarify questions on legal fees paid and the Chase credit card holdback received. |
| Ryba, Lauren | 5/12/2009 | 0.7 | Review the Reimer Braunstein fees paid by CC that are included in the bank fees as they are legal counsel for BoA. |
| Ryba, Lauren | 5/12/2009 | 0.5 | Confirm with M. Mosier (CC) that Chase holdback of $7.9M is not the complete amount and approximately $2M is left to be received before the end of May. |
| Ryba, Lauren | 5/12/2009 | 0.2 | Perform a quick review of checks cut for the prior week and send to K. Bradshaw (CC) for inclusion in the weekly cash report. |
| O'Loughlin, Morgan | 5/12/2009 | 1.3 | Create summary schedule for potential IBM early termination contract claims with explanations and dollar ranges. |
| O'Loughlin, Morgan | 5/12/2009 | 0.9 | Update IBM payment schedule with comments from E. Mitchell (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 5/12/2009 | 0.9 | Set up template for IBM payment schedule for prior four months and remaining payment forecast. |
| O'Loughlin, Morgan | 5/12/2009 | 0.7 | Participate in meeting with D. Strauss (CC) regarding wind down Hewitt costs and contract. |
| O'Loughlin, Morgan | 5/12/2009 | 0.7 | Update dollar amounts for IBM payments with detailed invoice support. |
| O'Loughlin, Morgan | 5/12/2009 | 0.6 | Create Hewitt wind down cost backup schedule for corporate wind down forecast. |
| O'Loughlin, Morgan | 5/12/2009 | 0.6 | Work with K. Bradshaw (CC) to summarize Hewitt wind down payments made to date. |
| O'Loughlin, Morgan | 5/12/2009 | 0.6 | Participate in meeting with E. Mitchell (CC) to review latest IBM payment forecast. |
| Coulombe, Stephen L | 5/13/2009 | 0.5 | Review weekly cash flow report and provide L. Ryba (FTI) with edits. |
| Cashman, Brian | 5/13/2009 | 0.5 | Review cash forecast prepared by K. Bradshaw (CC). |
| Cashman, Brian | 5/13/2009 | 0.4 | Review cash disbursements for the week. |
| Ryba, Lauren | 5/13/2009 | 2.3 | Review March MOR for inconsistencies and other errors and make a complete list of issues to be addressed. |
| Ryba, Lauren | 5/13/2009 | 1.6 | Pro forma case status update and add updated weekly cash actuals. |
| Ryba, Lauren | 5/13/2009 | 1.3 | Follow up with M. Mosier (CC) on the detail behind the Reimer Braunstein legal fees for the bank versus L/C fees. |
| Ryba, Lauren | 5/13/2009 | 1.1 | Confirm utilities reserve balance (after refunds/draws) with S. Baker (SASMF) and set up schedule to receive weekly update with excel support by vendor. |
| Ryba, Lauren | 5/13/2009 | 0.4 | Process M. Mosier's (CC) comments for the weekly cash and send to B. Cashman (FTI) to review. |
| O'Loughlin, Morgan | 5/13/2009 | 1.7 | Make formatting edits to case status update presentation. |
| O'Loughlin, Morgan | 5/13/2009 | 0.9 | Summarize and distribute Hewitt wind down charges and services provided. |
| O'Loughlin, Morgan | 5/13/2009 | 0.6 | Review listing of Hewitt documents provided by D. Strauss (CC) in retention. |
| O'Loughlin, Morgan | 5/13/2009 | 0.5 | Review signed Hewitt wind down cost contract for service details. |
| Duffy, Robert J | 5/14/2009 | 0.8 | Review weekly cash flow flash report and provide L. Ryba (FTI) with edits. |
| Bibby, Thomas | 5/14/2009 | 0.4 | Review cash variance report for Canada for week of May 10. |
| Waiting, Mark | 5/14/2009 | 1.3 | Create executive summary draft and verbiage for presentation to UCC. |
| Waiting, Mark | 5/14/2009 | 0.7 | Create layout for presentation to UCC and assign staff with responsibilities. |
| Cashman, Brian | 5/14/2009 | 0.7 | Communicate bid results from intellectual property auction. |
| Ryba, Lauren | 5/14/2009 | 0.8 | Review B. Cashman's (FTI) comments received on the weekly cash report for the prior two weeks and circulate to BoA and Protiviti. |
| Ryba, Lauren | 5/14/2009 | 0.8 | Pro forma corporate overhead section of case status update. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/14/2009 | 0.7 | Revise the UCC presentation to include an updated executive summary in line with comments received from M. Waiting (FTI) and send to him for review. |
| Ryba, Lauren | 5/14/2009 | 0.6 | Finalize weekly cash report and distribute to BoA and Protiviti. |
| Ryba, Lauren | 5/14/2009 | 0.2 | Review the KCC website for client daily updates. |
| O'Loughlin, Morgan | 5/14/2009 | 1.3 | Create case milestones slide for UCC presentation. |
| O'Loughlin, Morgan | 5/14/2009 | 1.3 | Create summary schedule for all boxes in recall to bifurcate those boxes to be destroyed from those being retained. |
| O'Loughlin, Morgan | 5/14/2009 | 1.1 | Create calendar timeline schedule for UCC deck summarizing key work streams and next steps. |
| O'Loughlin, Morgan | 5/14/2009 | 0.8 | pro forma case status update presentation for new updates. |
| O'Loughlin, Morgan | 5/14/2009 | 0.8 | Update IBM schedule with invoices from E. Mitchell (CC). |
| O'Loughlin, Morgan | 5/14/2009 | 0.7 | Review inventory report from Recall for 60K boxes in storage. |
| Duffy, Robert J | 5/15/2009 | 1.3 | Participate on call with G. Galardi (SAMSF) to review the current version of the liquidation analysis. |
| Duffy, Robert J | 5/15/2009 | 0.7 | Participate on call with G. Galardi (SAMSF) to review the current version of the liquidation analysis. |
| Bibby, Thomas | 5/15/2009 | 0.5 | Review cash variance report for weeks ending May 2 and May 9. |
| Waiting, Mark | 5/15/2009 | 1.3 | Draft language for go forward activities section of UCC presentation. |
| Waiting, Mark | 5/15/2009 | 0.9 | Create summary of major milestones to date and quantify impact on estate for UCC presentation. |
| Waiting, Mark | 5/15/2009 | 0.9 | Review liquidation analysis supporting files and request additional data support from L. Ryba (FTI). |
| Waiting, Mark | 5/15/2009 | 0.6 | Draft language for risks and opportunities section of UCC presentation. |
| Waiting, Mark | 5/15/2009 | 0.3 | Edit verbiage in improved asset recoveries section of UCC presentation. |
| Ryba, Lauren | 5/15/2009 | 1.8 | Revise liquidation analysis in line with comments received from B. Cashman (FTI). |
| Ryba, Lauren | 5/15/2009 | 1.3 | Create and add a bridge to show the variance from the 2/24/09 liquidation analysis to the 5/9/09 liquidation analysis. |
| Ryba, Lauren | 5/15/2009 | 0.9 | Format UCC deck in line with edits received. |
| Ryba, Lauren | 5/15/2009 | 0.7 | Add potential upsides and risks analysis to the UCC deck. |
| Ryba, Lauren | 5/15/2009 | 0.2 | Revise potential upsides with new values received from B. Cashman (FTI). |
| O'Loughlin, Morgan | 5/15/2009 | 1.3 | Make content edits to case status update presentation with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan | 5/15/2009 | 1.2 | Create upsides and risks schedule to liquidation analysis for UCC presentation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 5/15/2009 | 0.9 | Create bridge for corporate wind down costs with explanations for variances. |
| O'Loughlin, Morgan | 5/15/2009 | 0.8 | Create summary for calculation of interest savings due to early pay down of credit facility. |
| O'Loughlin, Morgan | 5/15/2009 | 0.7 | Create supporting schedule for savings regarding early DC closure. |
| O'Loughlin, Morgan | 5/15/2009 | 0.4 | Update MIP slides and format for UCC presentation. |
| Duffy, Robert J | 5/16/2009 | 1.1 | Review latest draft of UCC deck and provide comments to executive summary section. |
| Duffy, Robert J | 5/16/2009 | 0.9 | Participate on call with J. Marcum (CC) to review the UCC update for format and detail included. |
| O'Loughlin, Morgan | 5/16/2009 | 1.0 | Create bridge for liquidation analysis from 2/4 bank plan to 5/14 liquidation analysis with comments for variances. |
| Duffy, Robert J | 5/17/2009 | 1.2 | Review presentation to UCC and provide edits to team. |
| Duffy, Robert J | 5/17/2009 | 0.8 | Review listing of documents to be destroyed before sending to Committee. |
| Duffy, Robert J | 5/18/2009 | 1.7 | Participate on call with L. Ryba (FTI), M. Waiting (FTI), B. Cashman (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Duffy, Robert J | 5/18/2009 | 1.6 | Participate on call with G. Galardi (SASMF) and J. Marcum (CC) to review the current UCC deck presentation. |
| Waiting, Mark | 5/18/2009 | 1.7 | Participate on call with L. Ryba (FTI), R. Duffy (FTI), B. Cashman (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Cashman, Brian | 5/18/2009 | 1.7 | Participate on call with L. Ryba (FTI), R. Duffy (FTI), M. Waiting (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Cashman, Brian | 5/18/2009 | 1.7 | Participate on call with R. Duffy (FTI), M. Waiting (FTI), L. Ryba (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Waiting, Mark | 5/18/2009 | 1.0 | Review liquidation analysis and provide L. Ryba (FTI) with edits. |
| Waiting, Mark | 5/18/2009 | 1.0 | Review liquidation analysis supporting files for GOB proceeds and request additional data support for UCC presentation. |
| Waiting, Mark | 5/18/2009 | 0.9 | Review assumptions for remaining corporate wind down expense and reconcile to liquidation analysis. |
| Waiting, Mark | 5/18/2009 | 0.7 | Review assumptions in liquidation analysis for priority and admin claim payouts and reconcile to KCC claims register. |
| Cashman, Brian | 5/18/2009 | 0.4 | Review liquidation analysis bridge from initial version presented to UCC in Feb to current version. |
| Cashman, Brian | 5/18/2009 | 0.2 | Estimate wind down costs if plan goes beyond 1 year. |
| Cashman, Brian | 5/18/2009 | 0.2 | Send copy of liquidation analysis to N. Barnes (Rothschild). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian | 5/18/2009 | 0.2 | Review professional fees schedule. |
| Ryba, Lauren | 5/18/2009 | 1.7 | Participate on call with M. Waiting (FTI), R. Duffy (FTI), B. Cashman (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Ryba, Lauren | 5/18/2009 | 1.7 | Participate on call with R. Duffy (FTI), M. Waiting (FTI), B. Cashman (FTI), G. Galardi (SASMF), J. Marcum (CC) and M. Mosier (CC) to review the current UCC deck presentation and edit for changes to the liquidation analysis. |
| Ryba, Lauren | 5/18/2009 | 1.6 | Complete new high and low analysis for 5/9/09 liquidation analysis and revise figures to show actuals expected each way. |
| Ryba, Lauren | 5/18/2009 | 1.4 | Revise the liquidation analysis from 5/9 to 2/4 with comments received from  M. Waiting (FTI). |
| Ryba, Lauren | 5/18/2009 | 0.9 | Process B. Cashman's (FTI) edits from the UCC deck and provide him a new copy to review. |
| Ryba, Lauren | 5/18/2009 | 0.7 | Review and edit MIP slides to show proper detailed information. |
| Ryba, Lauren | 5/18/2009 | 0.7 | Revise liquidation bridge from 2/4/09 and 2/28/09 to compare both to 5/9/09. |
| Ryba, Lauren | 5/18/2009 | 0.6 | Revise case timeline for proper dates and revenue and expense amounts. |
| Ryba, Lauren | 5/18/2009 | 0.5 | Revise deck in line with comments received from G. Galardi (SASMF). |
| Ryba, Lauren | 5/18/2009 | 0.2 | Ensure the professional fee schedule ties to the liquidation analysis. |
| O'Loughlin, Morgan | 5/18/2009 | 1.0 | Make edits to UCC presentation and distribute all materials to team. |
| Duffy, Robert J | 5/19/2009 | 1.7 | Participate in discussions with J. Marcum (CC) regarding UCC presentation and layout. |
| Waiting, Mark | 5/19/2009 | 1.6 | Review other proceeds section of liquidation analysis and supporting schedules and revise liquidation analysis. |
| Waiting, Mark | 5/19/2009 | 1.0 | Review management incentive plan task section of UCC presentation and confirm which tasks have been completed to date. |
| Waiting, Mark | 5/19/2009 | 0.9 | Conduct final review of UCC deck including verbiage edits to all sections and reconcile all figures in financial analyses to backup data files. |
| Waiting, Mark | 5/19/2009 | 0.9 | Revise verbiage in corporate wind down section in UCC presentation. |
| Waiting, Mark | 5/19/2009 | 0.8 | Participate on call with counsel to discuss edits to the UCC presentation. |
| Waiting, Mark | 5/19/2009 | 0.7 | Revise verbiage to increased value to the estate slide in UCC presentation. |
| Waiting, Mark | 5/19/2009 | 0.5 | Review claims waterfall prepared by M. O'Loughlin (FTI) and provide edits. |
| Ryba, Lauren | 5/19/2009 | 1.9 | Review current version of UCC deck and provide edits and comments to B. Cashman (FTI) before revising in the master deck. |
| Ryba, Lauren | 5/19/2009 | 1.6 | Perform analysis to compare 5/9/09 low and high analysis to 4/25 version presented to Protiviti. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/19/2009 | 1.3 | Revise savings of impact on the estate for corporate headquarters and distribution centers by comparing pre-liquidation costs to post liquidation costs. |
| Ryba, Lauren | 5/19/2009 | 0.9 | Revise the increased value to the estate slide on the UCC presentation. |
| Ryba, Lauren | 5/19/2009 | 0.8 | Add exact dates, rather than general months, to the milestones slide. |
| Ryba, Lauren | 5/19/2009 | 0.8 | Begin to comprise major milestones that the Company has achieved to date. |
| Ryba, Lauren | 5/19/2009 | 0.7 | Conform management incentive plan slide to format and change wording to align with J. Marcum's (CC) comments. |
| Ryba, Lauren | 5/19/2009 | 0.7 | Revise UCC presentation in line with comments received from J. Marcum (CC). |
| Ryba, Lauren | 5/19/2009 | 0.7 | Revise the overview to synch with the current low and high versions in the liquidation analysis. |
| Ryba, Lauren | 5/19/2009 | 0.3 | Revise UCC presentation in line with comments received from M. Mosier (CC). |
| Ryba, Lauren | 5/19/2009 | 0.3 | Comprise risks and opportunities for the Company in a non-table format. |
| Ryba, Lauren | 5/19/2009 | 0.1 | Participate in meeting with K. Silva (CC) to review Skadden's professional fee payment and January oversight. |
| O'Loughlin, Morgan | 5/19/2009 | 1.2 | Make edits to case status update presentation and distribute to team. |
| O'Loughlin, Morgan | 5/19/2009 | 1.1 | Participate in meeting with D. Strauss (CC) and Entrust Records reprehensive to review monthly document retention costs. |
| O'Loughlin, Morgan | 5/19/2009 | 0.9 | Review UCC presentation for consistency and accuracy and provide comments. |
| O'Loughlin, Morgan | 5/19/2009 | 0.9 | Reconcile actual professional fee disbursement schedule to internal CC tracking sheet and note differences. |
| O'Loughlin, Morgan | 5/19/2009 | 0.8 | Update IBM schedule with invoices from E. Mitchell (CC). |
| O'Loughlin, Morgan | 5/19/2009 | 0.8 | Participate in meeting with S. Snelson (CC) regarding rent payments made in April. |
| Ryba, Lauren | 5/20/2009 | 1.2 | Review professional fee schedule prepared by M. O'Loughlin (FTI) and revise before sending to B. Cashman (FTI) to review and approve. |
| Ryba, Lauren | 5/20/2009 | 0.7 | Edit professional fee schedule received from M. O'Loughlin (FTI) and send to B. Cashman (FTI) to review. |
| Ryba, Lauren | 5/20/2009 | 0.7 | Participate in a meeting with K. Bradshaw (CC) to review the daily cash and explain how detailed wire and check supports rolls into the totals. |
| Ryba, Lauren | 5/20/2009 | 0.5 | Receive edits to weekly cash from M. Mosier (CC) and B. Cashman (FTI) and make changes before distributing to BoA and Protiviti. |
| O'Loughlin, Morgan | 5/20/2009 | 1.4 | Update professional fee schedule with checks and wires cut for previous week and check for correct payments. |
| Duffy, Robert J | 5/21/2009 | 1.1 | Participate in meeting with and J. Marcum (CC) regarding range of proceeds available to unsecured creditors. |
| Cashman, Brian | 5/21/2009 | 0.7 | Review document destruction information provided by D. Strauss (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian | 5/21/2009 | 0.6 | Review revised vendor receivables and payables listing prepared by B. Fose (CC). |
| Cashman, Brian | 5/21/2009 | 0.5 | Review forecast of IBM disbursements and reserves prepared by E. Mitchell (CC). |
| Cashman, Brian | 5/21/2009 | 0.4 | Review management incentive plan payment schedule to determine amount of payments for next payroll. |
| Ryba, Lauren | 5/21/2009 | 0.8 | Continue to revise the high low liquidation analysis for actuals and presentation purposes through 5/16/09. |
| Ryba, Lauren | 5/21/2009 | 0.7 | Attend meeting with K. Silva (CC) to review questions pertaining to professionals paid and differences between the tracking schedules. |
| O'Loughlin, Morgan | 5/21/2009 | 1.1 | Update IBM spend file with comments from E. Mitchell (CC). |
| Duffy, Robert J | 5/22/2009 | 1.2 | Discuss Assurant agreement with J. Marcum (CC) on warranty proceeds. |
| Cashman, Brian | 5/22/2009 | 0.6 | Participate on call with J. Marcum (CC), C. Falconer (CC) and G. Galardi (SASMF) to discuss warranty proceeds from Assurant and TWG. |
| Cashman, Brian | 5/22/2009 | 0.4 | Review TWG receivables analysis prepared by the Company and sent to me by J. Marcum (CC) in preparation for conference call on the matter. |
| Cashman, Brian | 5/22/2009 | 0.4 | Review information on CC barter trade credit provided by D. Ramsey (CC). |
| Cashman, Brian | 5/22/2009 | 0.3 | Review Source Interlink information with M. Ferguson (CC) and I Fredericks (SASMF). |
| Cashman, Brian | 5/22/2009 | 0.3 | Review Assurant agreement on warranty proceeds. |
| Ryba, Lauren | 5/22/2009 | 0.9 | Revise cash flow so that the most recent 5/16 low version ties to the liquidation analysis. |
| O'Loughlin, Morgan | 5/22/2009 | 1.4 | pro forma case status update presentation for new updates. |
| O'Loughlin, Morgan | 5/22/2009 | 0.6 | Review HR update provided by L. Lambert-Gaffney (CC). |
| Duffy, Robert J | 5/25/2009 | 0.5 | Participate on call with J. Marcum (CC) to discuss timing of proceeds in cash flow forecast. |
| Duffy, Robert J | 5/26/2009 | 1.0 | Participate on call with J. Marcum (CC) regarding management incentive plan issues and updates. |
| Waiting, Mark | 5/26/2009 | 1.2 | Review case status update to UCC and provide edits. |
| Cashman, Brian | 5/26/2009 | 1.0 | Review weekly cash update. |
| Waiting, Mark | 5/26/2009 | 0.8 | Reconcile cash flow to wind down budget estimate to ensure expenses are tracking to forecast. |
| Cashman, Brian | 5/26/2009 | 0.4 | Review cash forecast prepared by the Company. |
| Cashman, Brian | 5/26/2009 | 0.4 | Send email to Protiviti regarding payment of incentive plan bonuses. |
| Cashman, Brian | 5/26/2009 | 0.3 | Discuss utilities reserve and when the Company will be able to recoup the deposit. |
| Cashman, Brian | 5/26/2009 | 0.3 | Respond to email from D. Ramsey (CC) regarding sale of paper. |
| Ryba, Lauren | 5/26/2009 | 0.9 | Update weekly cash report with actuals wire detail and checks received. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/26/2009 | 0.9 | Participate in a meeting with K. Bradshaw (CC) to review the current weekly cash report and process any edits. |
| Ryba, Lauren | 5/26/2009 | 0.8 | Follow up with K. Silva (CC) and H. Merten (CC) on check for Empire HealthChoice Assurance paid for wind down of benefit plan. |
| Ryba, Lauren | 5/26/2009 | 0.7 | Revise liquidation analysis to incorporate actuals for the prior week cash flow. |
| Ryba, Lauren | 5/26/2009 | 0.4 | Review the weekly AR/AP report from B. Fose (CC) to analyze balance changes over the prior week. |
| Ryba, Lauren | 5/26/2009 | 0.3 | Review the revised professional fee schedule received from M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 5/26/2009 | 1.4 | Update corporate wind down budget for case status update presentation with updated headcount figures. |
| O'Loughlin, Morgan | 5/26/2009 | 1.3 | Update professional fee schedule with actuals from prior week and update forecast. |
| O'Loughlin, Morgan | 5/26/2009 | 1.2 | Update corporate headcount and payroll costs with list of employees provided by M. Mosier (CC). |
| O'Loughlin, Morgan | 5/26/2009 | 0.9 | Update verbiage in corporate wind down section of case status update for latest changes. |
| O'Loughlin, Morgan | 5/26/2009 | 0.6 | Participate in meeting with D. Strauss (CC) regarding document retention costs. |
| Cashman, Brian | 5/27/2009 | 1.3 | Discuss vendor receivables with B. Fose (CC), M. Mosier (CC), H. Ferguson (CC), J. Marcum (CC) and Skadden. |
| Cashman, Brian | 5/27/2009 | 0.8 | Participate in meeting with J. Marcum (CC) and I. Fredericks (SASMF) to review amendment and termination of agreement with Assurant. |
| Ryba, Lauren | 5/27/2009 | 1.8 | Edit the liquidation analysis to revise the forecast for all proceeds and disbursements. |
| Ryba, Lauren | 5/27/2009 | 1.4 | Update the management incentive plan for proper schedules, tasks achieved to date and bonuses paid to date. |
| Ryba, Lauren | 5/27/2009 | 0.8 | Review the liquidation analysis for proper format and actuals for prior weeks. |
| Ryba, Lauren | 5/27/2009 | 0.5 | Review the corporate wind down budget by dollar and headcount received from M. O'Loughlin (FTI). |
| Ryba, Lauren | 5/27/2009 | 0.4 | Provide M. O'Loughlin (FTI) edits to the headcount and expense amount details and format of slides. |
| Ryba, Lauren | 5/27/2009 | 0.2 | Follow up with K. Bradshaw (CC) on Empire HealthChoice to ensure the proper payment was disbursed. |
| Cashman, Brian | 5/28/2009 | 0.9 | Research litigation rights associated with LCD price fixing. |
| Cashman, Brian | 5/28/2009 | 0.8 | Review liquidation analysis prepared by L. Ryba (FTI) and provide feedback. |
| Waiting, Mark | 5/28/2009 | 0.6 | Conduct final review of case status update including verbiage edits to all sections and reconcile all figures in financial analyses to backup data files. |
| Waiting, Mark | 5/28/2009 | 0.5 | Review summary of top 100 claims by value and provide M. O'Loughlin (FTI) with edits. |
| Cashman, Brian | 5/28/2009 | 0.3 | Review plan of liquidation example with client. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 5/28/2009 | 2.1 | Review the current deck version received from M. O'Loughlin (FTI) for correct updates, format, etc. |
| Ryba, Lauren | 5/28/2009 | 1.4 | Comprise GOB expense bridge template for all disbursements within the 11 week GOB period. |
| Ryba, Lauren | 5/28/2009 | 1.1 | Create a new deck from the 5/20 UCC meeting for the lenders meeting. |
| Ryba, Lauren | 5/28/2009 | 0.8 | Obtain the detail for the 1/22/09 file to bridge to the 4/4/09 detail of actual disbursements. |
| Ryba, Lauren | 5/28/2009 | 0.6 | Revise the executive summary pages in the UCC deck for current updates. |
| O'Loughlin, Morgan | 5/28/2009 | 0.8 | Update appendices for case status presentation with listing of remaining 70 personnel and responsibilities. |
| O'Loughlin, Morgan | 5/28/2009 | 0.7 | Set up initial template to bridge non-GOB expenses from original plan to actual. |
| Duffy, Robert J | 5/29/2009 | 0.6 | Review weekly cash report provided by L. Ryba (FTI). |
| Cashman, Brian | 5/29/2009 | 0.5 | Prepare additional email to J. Crocket (Protiviti) and M. Atkinson (Protiviti) with listing of 35K documents that the client wishes to destroy. |
| Cashman, Brian | 5/29/2009 | 0.4 | Review listing of 35k documents that are older than 8 years that the company wishes to destroy. |
| Cashman, Brian | 5/29/2009 | 0.3 | Review listing of damaged documents. |
| Cashman, Brian | 5/29/2009 | 0.2 | Discuss document destruction request with I. Fredericks (SASMF). |
| Ryba, Lauren | 5/29/2009 | 2.4 | Revise expenses into discretionary, potentially discretionary and non-discretionary expenses for lender presentation. |
| Ryba, Lauren | 5/29/2009 | 1.6 | Change the April version of the expense disbursed reconciliation to match the current GOB expense reconciliation and January 2009 version. |
| Ryba, Lauren | 5/29/2009 | 1.4 | Review the values associated with each disbursement for reasonableness and change accordingly. |
| Ryba, Lauren | 5/29/2009 | 1.3 | Revise the notes for the GOB expense variance report. |
| Ryba, Lauren | 5/29/2009 | 1.2 | Revise GOB expense reconciliation template for all disbursements within the 11 week GOB period. |
| Ryba, Lauren | 5/29/2009 | 0.7 | Comprise notes for the GOB expense reconciliation for every line item with a variance. |
| Ryba, Lauren | 5/29/2009 | 0.4 | Update notes for the GOB expense variance report. |
| O'Loughlin, Morgan | 5/29/2009 | 1.3 | Create summary liquidation analysis for UCC presentation. |
| O'Loughlin, Morgan | 5/29/2009 | 1.2 | Make edits to case status update presentation and distribute to team. |
| O'Loughlin, Morgan | 5/29/2009 | 0.8 | Update corporate wind down budget and create bridge to prior version distributed to UCC. |
| Cashman, Brian | 6/1/2009 | 0.3 | Discuss management incentive plan payments with M. Mosier (CC). |
| Cashman, Brian | 6/1/2009 | 0.3 | Discuss board presentation with J. Marcum (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 6/1/2009 | 1.3 | Revise the liquidation analysis so that it is not a high low format but one single value listed for each line item. |
| Ryba, Lauren | 6/1/2009 | 1.2 | Create a new liquidation analysis in line with the 4/25/09 version presented to the board on 5/4/09. |
| Ryba, Lauren | 6/1/2009 | 0.9 | Revise the upsides support and slide for the board presentation. |
| Ryba, Lauren | 6/1/2009 | 0.8 | Review the claims and management incentive plan section for proper inclusion in the board deck. |
| Ryba, Lauren | 6/1/2009 | 0.8 | Create a new executive summary for the board deck for the meeting on 6/3/09. |
| Ryba, Lauren | 6/1/2009 | 0.6 | Revise the downsides support and slide for the board presentation. |
| Ryba, Lauren | 6/1/2009 | 0.4 | Review the current summary of payables and receivables received from B. Fose (CC). |
| O'Loughlin, Morgan | 6/1/2009 | 1.6 | Provide support for certain management incentive plan tasks related to exiting buildings on time. |
| O'Loughlin, Morgan | 6/1/2009 | 0.8 | Prepare detailed scheduled of corporate expense savings during GOB compared to original forecast. |
| Ryba, Lauren | 6/2/2009 | 2.1 | Revise high and low analysis for pockets of value for J. Marcum (CC) and M. Mosier (CC) to speak to the Board. |
| Ryba, Lauren | 6/2/2009 | 1.3 | Review board deck with J. Marcum (CC) and M. Mosier (CC). |
| Ryba, Lauren | 6/2/2009 | 1.2 | Process edits received from client for liquidation analysis. |
| Ryba, Lauren | 6/2/2009 | 0.4 | Review board deck with D. Ramsey (CC). |
| Ryba, Lauren | 6/2/2009 | 0.1 | Review ending utilities balance for prior week with M. Wilhelm (CC). |
| O'Loughlin, Morgan | 6/2/2009 | 0.9 | Participate in meeting with D. Miller (CC) regarding status of owned and leased real estate sales. |
| O'Loughlin, Morgan | 6/2/2009 | 0.8 | Create real estate summary slide based on discussions with D. Miller (CC). |
| O'Loughlin, Morgan | 6/2/2009 | 0.7 | Update liquidation analysis for UCC deck. |
| O'Loughlin, Morgan | 6/2/2009 | 0.6 | Discuss sale of Golden Ring property with D. Miller (CC). |
| Coulombe, Stephen L | 6/3/2009 | 1.0 | Review analysis of upsides and downsides to liquidation analysis prepared by B. Cashman (FTI) for BOD call. |
| Cashman, Brian | 6/3/2009 | 1.3 | Participate in BOD call with J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 6/3/2009 | 0.7 | Review BOD package prepared by L. Ryba (FTI) with J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 6/3/2009 | 0.5 | Prepare analysis of upsides and downsides to liquidation analysis for J. Marcum (CC) for BOD call. |
| Cashman, Brian | 6/3/2009 | 0.3 | Review payroll and benefits reconciliation for May. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 6/3/2009 | 1.2 | Review B. Cashman's (FTI) notes for weekly cash and edit report. |
| Ryba, Lauren | 6/3/2009 | 0.8 | Review notes on weekly cash report and process edits received from M. Mosier (CC). |
| Ryba, Lauren | 6/3/2009 | 0.7 | Prepare weekly cash report for wire actuals and checks cut. |
| Ryba, Lauren | 6/3/2009 | 0.2 | Revise check roll forward to tie to K. Bradshaw's (CC) roll forward. |
| Cashman, Brian | 6/4/2009 | 0.5 | Review payroll and benefits reconciliation. |
| Duffy, Robert J | 6/8/2009 | 1.0 | Review valuation of Canadian assets and assess sale of assets impact on in liquidation analysis. |
| Ryba, Lauren | 6/8/2009 | 1.7 | Create new cash flow bridge from 2/4/09 plan to 4/4/09 plan to show differences in the change in cash. |
| Ryba, Lauren | 6/8/2009 | 1.3 | Add comments to explain the variance in each line item in the corporate wind down budget. |
| Ryba, Lauren | 6/8/2009 | 1.2 | Input 2/4/09 bank plan numbers and 4/4/09 actual numbers into new bridge format. |
| Ryba, Lauren | 6/8/2009 | 0.9 | Review and format the original 1/22/09 file for expenses that are discretionary and non-discretionary. |
| Ryba, Lauren | 6/8/2009 | 0.8 | Provide comments for variances on the cash flow bridge. |
| Ryba, Lauren | 6/8/2009 | 0.8 | Add variance to the bridge and determine whether each item is a temporary or permanent difference. |
| Ryba, Lauren | 6/8/2009 | 0.6 | Set up new format for corporate wind down budget and cash flow bridge. |
| Ryba, Lauren | 6/8/2009 | 0.3 | Revise the format to separate expenses by category and also type of timing difference. |
| Ryba, Lauren | 6/8/2009 | 0.1 | Follow up with correspondence from L. Lambert (CC) on the deadline of the employment plans. |
| O'Loughlin, Morgan | 6/8/2009 | 1.3 | Create bridge from 2/4/09 forecast to actual cash balance as of 4/4/09. |
| Coulombe, Stephen L | 6/9/2009 | 2.1 | Review Lender deck for presentation to Bank of America. |
| Duffy, Robert J | 6/9/2009 | 1.0 | Review most current version of deck for presentation to Bank of America and provide comments. |
| Coulombe, Stephen L | 6/9/2009 | 0.5 | Review GOB recovery versus appraisal slide prepared by L. Ryba (FTI) to determine actual sales and assess impact of liquidation analysis. |
| Coulombe, Stephen L | 6/9/2009 | 0.4 | Review appraisal to check for recent revision and provide comments. |
| Ryba, Lauren | 6/9/2009 | 2.1 | Revise lender deck with comments received from M. Waiting (FTI). |
| Ryba, Lauren | 6/9/2009 | 1.8 | Comprise a GOB recovery versus appraisal slide to explain the actual recovery of the sale. |
| Ryba, Lauren | 6/9/2009 | 1.4 | Adjust the corporate wind down bridge in line with previous variance reports to tie to the appropriate bucket of cash disbursements. |
| Ryba, Lauren | 6/9/2009 | 0.9 | Review prior borrowing bases to determine appraisal was not recently revised, although it should have been adjusted lower. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 6/9/2009 | 0.8 | Revise the GOB net recovery detailed table received from M. O'Loughlin (FTI) and review the appraisal values against the borrowing base at liquidation. |
| Ryba, Lauren | 6/9/2009 | 0.4 | Review the 80/20 consignment total in the cash bridge with M. O'Loughlin (FTI) for correct disclosure of the appropriate value. |
| Ryba, Lauren | 6/9/2009 | 0.4 | Split the deck presentations into two separate decks - one for presenting and one for an appendix. |
| Ryba, Lauren | 6/9/2009 | 0.2 | Change the categories on the increased value to the estate slide to correspond with the bridge categories. |
| O'Loughlin, Morgan | 6/9/2009 | 1.2 | Update corporate wind down forecast to include forecast for medical and dental claims. |
| O'Loughlin, Morgan | 6/9/2009 | 0.5 | Create GOB net recovery on owned inventory and include the appraisal values against the borrowing base at liquidation. |
| O'Loughlin, Morgan | 6/9/2009 | 0.4 | Review the 80/20 consignment total in the cash bridge with L. Ryba (FTI) for correct disclosure of the appropriate value. |
| Coulombe, Stephen L | 6/10/2009 | 1.7 | Meet with Bank of America to present up to date progress of CC. |
| Coulombe, Stephen L | 6/10/2009 | 1.3 | Review appendices in deck for accuracy and appropriate formatting and provide comments. |
| Duffy, Robert J | 6/10/2009 | 0.6 | Review the current version of the Bank of America deck with L. Ryba (FTI). |
| Duffy, Robert J | 6/10/2009 | 0.4 | Review updates to warranty proceeds. |
| Cashman, Brian | 6/10/2009 | 0.6 | Discuss litigation rights, pending offer and process for determining estimated value of rights with J. Marcum (CC). |
| Cashman, Brian | 6/10/2009 | 0.5 | Review listing of letters of credit and discuss disposition with M. Mosier (CC). |
| Cashman, Brian | 6/10/2009 | 0.4 | Update understanding of warranty proceeds. |
| Ryba, Lauren | 6/10/2009 | 1.9 | Review the current version of the Bank of America deck and process comments. |
| Ryba, Lauren | 6/10/2009 | 1.8 | Compare Bank of America deck to UCC presentation for consistency. |
| Ryba, Lauren | 6/10/2009 | 1.3 | Update the current version of the deck with edits received from R. Duffy (FTI). |
| Ryba, Lauren | 6/10/2009 | 0.8 | Revise the appendix to include a complete 2/4/09 version and a complete 4/4/09 version. |
| Ryba, Lauren | 6/10/2009 | 0.6 | Review the current version of the Bank of America deck with R. Duffy (FTI). |
| Ryba, Lauren | 6/10/2009 | 0.2 | Confirm correct GOB numbers for GOB appraisal slide with M. O'Loughlin (FTI). |
| Lai, Stephanie | 6/10/2009 | 0.6 | Review prior month's BOD presentation with M. O'Loughlin (FTI) to coordinate necessary updates. |
| O'Loughlin, Morgan | 6/10/2009 | 0.7 | Create detailed backup schedule and bifurcate components of $55M GOB fee. |
| O'Loughlin, Morgan | 6/10/2009 | 0.6 | Review prior month's BOD presentation with S. Lai (FTI) to coordinate necessary updates. |
| O'Loughlin, Morgan | 6/10/2009 | 0.4 | Make update to consignment items sold for GOB recovery schedule. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 6/10/2009 | 0.2 | Confirm correct GOB numbers for GOB appraisal slide with L. Ryba (FTI). |
| Cashman, Brian | 6/12/2009 | 1.2 | Review material on litigation rights. |
| Cashman, Brian | 6/12/2009 | 0.4 | Participate in discussions with D. Lasater (FLC) the offer that the Company has received regarding litigation rights and the need to value the potential proceeds. |
| Ryba, Lauren | 6/12/2009 | 0.9 | Analyze the weekly cash report and follow up with K. Bradshaw (CC) on inconsistencies on the weekly cash report and items that need to be corrected. |
| Ryba, Lauren | 6/12/2009 | 0.6 | Follow up with J. Marcum (CC) and M. Mosier (CC) for weekly cash comments before external distribution. |
| Duffy, Robert J | 6/15/2009 | 0.2 | Discuss litigation rights, pending offer and process for determining estimated value of rights with D. Lasater (FTI), J. Marcum (CC), M. Mosier (CC) and B. Cashman (FTI). |
| Cashman, Brian | 6/15/2009 | 0.8 | Review information on Lieff Cabraser Heimann & Bernstein website regarding litigation on LCD price fixing. |
| Cashman, Brian | 6/15/2009 | 0.2 | Discuss litigation rights, pending offer and process for determining estimated value of rights with D. Lasater (FTI), J. Marcum (CC), M. Mosier (CC) and R. Duffy (FTI). |
| Coulombe, Stephen L | 6/16/2009 | 2.0 | Assess potential of sale for remaining assets- Canada, real estate, and others and determine these sales' impact on liquidation analysis. |
| Duffy, Robert J | 6/16/2009 | 0.5 | Review most current valuation for sale of Canadian assets. |
| Cashman, Brian | 6/16/2009 | 0.7 | Meet with I. Fredericks (SASMF), M. Mosier (CC), D. Blanks (MW) (MW), H. Ferguson (CC), D. Foley (MW) and B. Fose (CC) to discuss payment of stub rent. |
| Cashman, Brian | 6/16/2009 | 0.6 | Discuss sale of Canada, real estate and other assets with M. Mosier (CC). |
| Cashman, Brian | 6/16/2009 | 0.4 | Discuss paper at Quebecor with D. Strauss (CC). |
| Cashman, Brian | 6/16/2009 | 0.2 | Inquire as to the amount of stub rent checks to be disbursed. |
| Duffy, Robert J | 6/17/2009 | 0.7 | Receive updates on potential assets recoveries to determine impact on liquidation analysis. |
| Duffy, Robert J | 6/17/2009 | 0.3 | Review updates to real estate sales. |
| Cashman, Brian | 6/17/2009 | 1.2 | Discuss real estate update with D. Miller (CC) and M. O'Loughlin (FTI). |
| Cashman, Brian | 6/17/2009 | 0.7 | Review CC consent of cash collateralization of letters of credit provide by L. Baldyga (CC). |
| Cashman, Brian | 6/17/2009 | 0.4 | Discuss asset recoveries update with H. Ferguson (CC). |
| Ryba, Lauren | 6/17/2009 | 1.6 | Input the weekly wires and checks cut into the cash report and review the other cash detail support for proper classification. |
| Ryba, Lauren | 6/17/2009 | 1.1 | Format Circuit City top ten deck to be applicable for CC BOD. |
| Ryba, Lauren | 6/17/2009 | 1.0 | Analyze the data provided in the weekly checks cut file to classify all correctly and review professional fee detail of checks cut. |
| Ryba, Lauren | 6/17/2009 | 0.8 | Review LC balance and proper exclusion from the revolver balance as they were previously cash collateralized. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Ryba, Lauren | 6/17/2009 | 0.8 | Review weekly cash report received from K. Bradshaw (CC) and provide correction edits. |
| Ryba, Lauren | 6/17/2009 | 0.6 | Review prior week payroll distribution and reconciliation with M. O'Loughlin (FTI). |
| Ryba, Lauren | 6/17/2009 | 0.3 | Follow up with K. Silva (CC) for checks cut for the prior week and the process for releasing November stub rent checks. |
| Ryba, Lauren | 6/17/2009 | 0.1 | Confirm with B. Cashman (FTI) that stub rent should be a separate line item on the variance report and not included in rent. |
| Ryba, Lauren | 6/17/2009 | 0.1 | Provide the liquidation analysis and relevant comments to B. Cashman (FTI) and M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 6/17/2009 | 1.2 | Discuss real estate update with D. Miller (CC) and B. Cashman (FTI). |
| O'Loughlin, Morgan | 6/17/2009 | 1.2 | Review final Chesterfield agreement and create summary regarding cash consideration and cure amount for case status presentation. |
| O'Loughlin, Morgan | 6/17/2009 | 0.9 | Discuss status of Moreno Valley property with D. Miller (CC) and update presentation accordingly. |
| O'Loughlin, Morgan | 6/17/2009 | 0.6 | Review prior week payroll distribution and reconciliation with L. Ryba (FTI). |
| O'Loughlin, Morgan | 6/17/2009 | 0.5 | Participate in meeting with D. Miller (CC) regarding status of owned and leased real estate sales. |
| O'Loughlin, Morgan | 6/17/2009 | 0.4 | Discuss status of Chesterfield and Bloomingdale lease sales with D. Foley (MW). |
| O'Loughlin, Morgan | 6/17/2009 | 0.4 | Review the liquidation analysis and provide comments to L. Ryba (FTI). |
| Coulombe, Stephen L | 6/18/2009 | 0.6 | Review progress and success of management incentive plan to date. |
| Cashman, Brian | 6/18/2009 | 0.2 | Inquire of M. Mosier (CC) if any of $495K of retention pool has been paid. |
| Cashman, Brian | 6/18/2009 | 0.1 | Respond to question from G. Galardi (SASMF) regarding management incentive plan. |
| Ryba, Lauren | 6/18/2009 | 0.9 | Revise CC deck for Tuesday GE presentation. |
| Ryba, Lauren | 6/18/2009 | 0.9 | Answer questions from J. Marcum (CC) and M. Mosier (CC) pertaining to the current presentation of LC's on the weekly cash and other items. |
| Ryba, Lauren | 6/18/2009 | 0.8 | Review the agreement for the $30M LC reserve received from L. Baldyga (CC). |
| Ryba, Lauren | 6/18/2009 | 0.3 | Respond to K. Bradshaw (CC) with answers to questions on weekly cash report. |
| Ryba, Lauren | 6/18/2009 | 0.3 | Determine proper LC classification is the remaining balance at 103% and not the total reserve balance. |
| O'Loughlin, Morgan | 6/18/2009 | 1.2 | Update corporate wind down forecast for July forward and create variance to prior draft and note discrepancies. |
| Coulombe, Stephen L | 6/19/2009 | 0.7 | Review updates to IBM. |
| Cashman, Brian | 6/19/2009 | 0.8 | Review literature on LCD/Flat panel fine associated with litigation rights. |
| Cashman, Brian | 6/19/2009 | 0.4 | Review offer to purchase litigation rights. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Cashman, Brian | 6/19/2009 | 0.2 | Respond to questions from J. Marcum (CC) regarding status of litigation rights. |
| Cashman, Brian | 6/19/2009 | 0.2 | Respond to questions from J. Liberi (SASMF) regarding status of litigation rights. |
| O'Loughlin, Morgan | 6/19/2009 | 1.2 | Update IBM tracking schedule and distribute to team. |
| O'Loughlin, Morgan | 6/19/2009 | 1.1 | Review final FF&E sales schedule provided by B. Melvin (LAP) and create summary showing expenses and fees outstanding. |
| Cashman, Brian | 6/22/2009 | 0.3 | Discuss open LC's with M. Mosier (CC) and possible cancellation of remaining open LC's. |
| Cashman, Brian | 6/22/2009 | 0.2 | Respond to question from A. Pietrantoni (CC) regarding SOAL's. |
| Lai, Stephanie | 6/22/2009 | 0.8 | Review wind down budget with S. Burke (FTI). |
| O'Loughlin, Morgan | 6/22/2009 | 0.7 | Update liquidation analysis and update UCC deck. |
| Burke, Samantha | 6/22/2009 | 0.8 | Review wind down budget with S. Lai (FTI). |
| Coulombe, Stephen L | 6/23/2009 | 1.0 | Participate on call with D. Lasater (FLC) and B. Cashman (FTI) regarding valuation process for LCD/flat panel litigation rights. |
| Cashman, Brian | 6/23/2009 | 1.1 | Participate on call with D. Lasater (FLC) and S. Coulombe (FTI) regarding valuation process for LCD/flat panel litigation rights. |
| Cashman, Brian | 6/23/2009 | 0.3 | Review demand letter update from B. Fose (CC). |
| Cashman, Brian | 6/23/2009 | 0.2 | Ask M. Mosier (CC) about question regarding check to IBM. |
| Cashman, Brian | 6/23/2009 | 0.2 | Respond to question from I. Fredericks (SASMF) regarding IBM check. |
| Ryba, Lauren | 6/23/2009 | 1.2 | Update liquidation analysis with updated weekly actuals for the prior week. |
| Ryba, Lauren | 6/23/2009 | 1.1 | Populate the weekly cash report with wires and check detail received. |
| Ryba, Lauren | 6/23/2009 | 0.6 | Review the new check report format received from K. Silva (CC) from QuickBooks and ensure all necessary detail is captured. |
| Ryba, Lauren | 6/23/2009 | 0.6 | Review the weekly cash report for errors, formatting and ensure all notes are properly updated. |
| Ryba, Lauren | 6/23/2009 | 0.3 | Follow up with M. O'Loughlin (FTI) on the correct value for November stub rent to be paid by check only. |
| Ryba, Lauren | 6/23/2009 | 0.2 | Determine the variance between actual outstanding checks and K. Bradshaw's (CC) outstanding checks were $73K of cancelled checks three weeks prior. |
| Lai, Stephanie | 6/23/2009 | 0.3 | Work with M. O'Loughlin (FTI) on developing outstanding check balance roll forward for weekly cash report. |
| O'Loughlin, Morgan | 6/23/2009 | 0.8 | Review forecasted Canadian waterfall for close and estimated proceeds to the U.S. entity. |
| O'Loughlin, Morgan | 6/23/2009 | 0.7 | Create supporting schedule for medical and dental claims spend based on prior two months of data. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 6/23/2009 | 0.3 | Follow up with L. Ryba (FTI) on the correct value for November stub rent to be paid by check only. |
| O'Loughlin, Morgan | 6/23/2009 | 0.3 | Work with S. Lai (FTI) on developing outstanding check balance roll forward for weekly cash report. |
| Coulombe, Stephen L | 6/24/2009 | 0.2 | Receive update about changes to LC's. |
| Ryba, Lauren | 6/24/2009 | 1.0 | Revise weekly cash report in line with comments received from B. Cashman (FTI). |
| Ryba, Lauren | 6/24/2009 | 1.0 | Add a line item for cash collateralized LC's and revise the weekly cash report presentation for clarity. |
| Lai, Stephanie | 6/24/2009 | 0.8 | Provide feedback to S. Burke (FTI) regarding matching employee PTO. |
| O'Loughlin, Morgan | 6/24/2009 | 0.4 | Format liquidation analysis and update case status presentation. |
| Coulombe, Stephen L | 6/25/2009 | 1.0 | Participate on call with D. Lasater (FLC), R. Duffy (FTI) and S. Coulombe (FTI) regarding valuation process for LCD/flat panel litigation rights. |
| Duffy, Robert J | 6/25/2009 | 1.0 | Participate on call with D. Lasater (FLC), S. Coulombe (FTI) and B. Cashman (FTI) regarding valuation process for LCD/flat panel litigation rights. |
| Cashman, Brian | 6/25/2009 | 1.0 | Participate on call with D. Lasater (FLC), R. Duffy (FTI) and S. Coulombe (FTI) regarding valuation process for LCD/flat panel litigation rights. |
| O'Loughlin, Morgan | 6/25/2009 | 1.2 | Convert case status presentation content into first draft of board presentation. |
| O'Loughlin, Morgan | 6/25/2009 | 0.9 | Update corporate wind down forecast with latest headcount list provided by L. Lambert-Gaffney (CC). |
| Duffy, Robert J | 6/26/2009 | 2.0 | Review BOD draft presentation and provide guidance to team on layout and content. |
| Coulombe, Stephen L | 6/26/2009 | 0.7 | Analyze liquidation analysis and administrative claim assumption ranges with actuals to date included. |
| Coulombe, Stephen L | 6/26/2009 | 0.3 | Approve updates to liquidation analysis to be added into presentation for BOD. |
| Ryba, Lauren | 6/26/2009 | 1.0 | Review liquidation analysis to transition to S. Lai (FTI). |
| Ryba, Lauren | 6/26/2009 | 0.8 | Review weekly cash report with M. O'Loughlin (FTI) to transition work. |
| Ryba, Lauren | 6/26/2009 | 0.2 | Meet with S. Lai (FTI), S. Burke (FTI), and M. O'Loughlin (FTI) to discuss updates in liquidation analysis and cash flows for transition. |
| Lai, Stephanie | 6/26/2009 | 1.0 | Review liquidation analysis with L. Ryba (FTI) for transition purposes. |
| Lai, Stephanie | 6/26/2009 | 0.9 | Update formatting of BOD deck to remain consistency between versions. |
| Lai, Stephanie | 6/26/2009 | 0.7 | Review BOD deck changes made by M. O'Loughlin (FTI) and S. Burke (FTI). |
| Lai, Stephanie | 6/26/2009 | 0.6 | Review updated liquidation analysis prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 6/26/2009 | 0.4 | Meet with S. Burke (FTI) and M. O'Loughlin (FTI) to go through updates on BOD deck. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Lai, Stephanie | 6/26/2009 | 0.2 | Meet with L. Ryba (FTI), S. Burke (FTI), and M. O'Loughlin (FTI) to discuss updates in liquidation analysis and cash flows for transition. |
| O'Loughlin, Morgan | 6/26/2009 | 1.4 | Sync liquidation analysis in board deck to case status presentation distributed to Protiviti. |
| O'Loughlin, Morgan | 6/26/2009 | 0.8 | Review weekly cash report with L. Ryba (FTI) to transition work. |
| O'Loughlin, Morgan | 6/26/2009 | 0.8 | Work on board deck summary for claims management section. |
| O'Loughlin, Morgan | 6/26/2009 | 0.5 | Update board deck with appendices to include remaining personnel and headcount forecasts. |
| O'Loughlin, Morgan | 6/26/2009 | 0.4 | Meet with S. Lai (FTI) and S. Burke (FTI) to go through updates on BOD deck. |
| O'Loughlin, Morgan | 6/26/2009 | 0.2 | Meet with L. Ryba (FTI), S. Lai (FTI), and S. Burke (FTI) to discuss updates in liquidation analysis and cash flows. |
| Burke, Samantha | 6/26/2009 | 0.4 | Meet with S. Lai (FTI) and M. O'Loughlin (FTI) to go through updates on BOD deck. |
| Burke, Samantha | 6/26/2009 | 0.2 | Meet with L. Ryba (FTI), S. Lai (FTI), and M. O'Loughlin (FTI) to discuss updates in liquidation analysis and cash flows. |
| Coulombe, Stephen L | 6/29/2009 | 1.0 | Participate in call to prepare for meeting with BOD with R. Duffy (FTI), B. Cashman (FTI) and J. Marcum (CC). |
| Duffy, Robert J | 6/29/2009 | 1.0 | Participate in call to prepare for meeting with BOD with S. Coulombe (FTI) and J. Marcum (CC). |
| Duffy, Robert J | 6/29/2009 | 0.7 | Participate on call with J. Marcum (CC) regarding liquidation analysis for BOD deck. |
| Duffy, Robert J | 6/29/2009 | 0.3 | Review high-low assumptions in liquidation analysis. |
| Lai, Stephanie | 6/29/2009 | 1.5 | Meet with J. Marcum (CC), M. Mosier (CC), S. Burke (FTI), M. O'Loughlin (FTI) to discuss updates to BOD deck. |
| Lai, Stephanie | 6/29/2009 | 1.3 | Update slides per M. Mosier (CC) and J. Marcum (CC) edits. |
| Lai, Stephanie | 6/29/2009 | 0.8 | Review BOD deck prepared by M. O'Loughlin (FTI) and provide edits. |
| Lai, Stephanie | 6/29/2009 | 0.4 | Review liquidation analysis and cash flow update with M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 6/29/2009 | 1.5 | Meet with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI), S. Burke (FTI) to discuss updates to BOD deck. |
| O'Loughlin, Morgan | 6/29/2009 | 1.1 | Update corporate wind down section of BOD presentation. |
| O'Loughlin, Morgan | 6/29/2009 | 0.7 | Make edits to BOD presentation per feedback from J. Marcum (CC). |
| O'Loughlin, Morgan | 6/29/2009 | 0.7 | Participate in meeting with M. Mosier (CC) and J. Marcum (CC) regarding asset recovery updates. |
| O'Loughlin, Morgan | 6/29/2009 | 0.6 | Meet with M. Mosier (CC) to review first draft of BOD deck. |
| O'Loughlin, Morgan | 6/29/2009 | 0.5 | Participate in meeting with D. Miller (CC) regarding status of owned and leased real estate sales for BOD deck. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 6/29/2009 | 0.4 | Update real estate slide for BOD presentation. |
| O'Loughlin, Morgan | 6/29/2009 | 0.4 | Review liquidation analysis and cash flow update with S. Lai (FTI). |
| O'Loughlin, Morgan | 6/29/2009 | 0.4 | Update executive summary to BOD presentation with key updates since last months meeting. |
| O'Loughlin, Morgan | 6/29/2009 | 0.2 | Go through BOD presentation edits with S. Burke (FTI). |
| Burke, Samantha | 6/29/2009 | 1.5 | Meet with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI), M. O'Loughlin (FTI) to discuss updates to BOD deck. |
| Burke, Samantha | 6/29/2009 | 0.6 | Proofread BOD deck and provide comments to team. |
| Burke, Samantha | 6/29/2009 | 0.2 | Go through BOD presentation edits with M. O'Loughlin (FTI). |
| Duffy, Robert J | 6/30/2009 | 1.4 | Review and provide final edits and comments on BOD deck to be used in presentation July 1. |
| Coulombe, Stephen L | 6/30/2009 | 1.1 | Perform final review of BOD deck to be presented July 1 to ensure all information is accurate and up to date and formatting is correct. |
| Coulombe, Stephen L | 6/30/2009 | 0.9 | Review actuals and forecasted amounts in liquidation analysis. |
| Coulombe, Stephen L | 6/30/2009 | 0.8 | Provide guidance on how to present the liquidation analysis in the BOD deck to team. |
| Coulombe, Stephen L | 6/30/2009 | 0.4 | Discuss edits to liquidation analysis in BOD deck with S. Lai (FTI). |
| Coulombe, Stephen L | 6/30/2009 | 0.2 | Review Executive summary of BOD deck and provide comments to team. |
| Lai, Stephanie | 6/30/2009 | 1.7 | Make edits on language for asset recoveries per J. Marcum (CC) and M. Mosier (CC) revisions. |
| Lai, Stephanie | 6/30/2009 | 0.9 | Review BOD presentation with M. O'Loughlin (FTI) and make updates. |
| Lai, Stephanie | 6/30/2009 | 0.8 | Review BOD deck and provide edits. |
| Lai, Stephanie | 6/30/2009 | 0.5 | Advise M. O'Loughlin (FTI) on making changes to the BOD deck. |
| Lai, Stephanie | 6/30/2009 | 0.4 | Discuss edits to liquidation analysis in BOD deck with S. Coulombe (FTI). |
| Lai, Stephanie | 6/30/2009 | 0.3 | Check grammar on BOD deck. |
| Lai, Stephanie | 6/30/2009 | 0.3 | Read and review draft of plan of liquidation and disclosure statement. |
| O'Loughlin, Morgan | 6/30/2009 | 1.2 | Make final edits to BOD deck. |
| O'Loughlin, Morgan | 6/30/2009 | 1.1 | Make edits to BOD presentation per changes from J. Marcum (CC). |
| O'Loughlin, Morgan | 6/30/2009 | 1.0 | Participate in conference call with J. Marcum (CC), M. Mosier (CC), S. Lai (FTI), S. Burke (FTI), G. Galardi (FTI) to discuss changes to BOD deck. |
| O'Loughlin, Morgan | 6/30/2009 | 0.9 | Update headcount slides with updated list from M. Mosier (CC). |
| O'Loughlin, Morgan | 6/30/2009 | 0.9 | Review BOD presentation with S. Lai (FTI) and make updates. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 6/30/2009 | 0.8 | Integrate comments from J. Marcum (CC) into BOD presentation and make sure cash flow ties to low side of liquidation analysis. |
| O'Loughlin, Morgan | 6/30/2009 | 0.8 | Finalize net remaining class schedule to include PBGC and Bank of America claims. |
| O'Loughlin, Morgan | 6/30/2009 | 0.7 | Meet with J. Marcum (CC) to review revised liquidation analysis format for BOD meeting. |
| O'Loughlin, Morgan | 6/30/2009 | 0.6 | Participate in discussions with K. Babb (CC) regarding credit card holdback balances and chargeback activity. |
| Burke, Samantha | 6/30/2009 | 0.6 | Assist in and provide comments for final review of board deck. |
| Burke, Samantha | 6/30/2009 | 0.4 | Update executive summary for BOD presentation per J. Marcum's (CC) changes. |
| Burke, Samantha | 6/30/2009 | 0.2 | Edit updated executive summary for BOD deck. |
| Coulombe, Stephen L | 7/1/2009 | 0.8 | Review executive summary and provide comments on BOD deck. |
| Duffy, Robert J | 7/1/2009 | 0.8 | Review executive summary and provide comments on BOD deck. |
| Cashman, Brian | 7/1/2009 | 0.9 | Review vendor receivables and payables report prepared by B. Fose (CC). |
| Cashman, Brian | 7/1/2009 | 0.8 | Review presentation for BOD call. |
| Cashman, Brian | 7/1/2009 | 0.4 | Review updated listing of demand letters prepared by B. Fose (CC). |
| Cashman, Brian | 7/1/2009 | 0.4 | Review emails regarding IBM settlement from J. Marcum (CC) and I. Fredericks (SASMF). |
| Lai, Stephanie | 7/1/2009 | 0.4 | Provide feedback on professional fee summary prepared by M. O'Loughlin (FTI) and S. Burke (FTI). |
| O'Loughlin, Morgan | 7/1/2009 | 1.1 | Drop actuals for prior 2 week professional fee activity into supporting schedule. |
| O'Loughlin, Morgan | 7/1/2009 | 0.9 | Update professional fee summary forecasted spend for debtors and committee professionals. |
| O'Loughlin, Morgan | 7/1/2009 | 0.4 | Update professional fee summary with actuals to date. |
| Duffy, Robert J | 7/2/2009 | 0.8 | Participate on call with J. Marcum (CC) and B. Cashman (FTI) to discuss case status update. |
| Cashman, Brian | 7/2/2009 | 0.8 | Participate on call with J. Marcum (CC) and R. Duffy (FTI) to discuss case status update. |
| Cashman, Brian | 7/2/2009 | 0.7 | Review latest corporate wind down forecast. |
| Cashman, Brian | 7/2/2009 | 0.6 | Review weekly cash report prepared by K. Bradshaw (CC). |
| Duffy, Robert J | 7/6/2009 | 0.2 | Participate in call with J. Marcum (CC) about most recent cash flow forecast. |
| Cashman, Brian | 7/6/2009 | 1.4 | Participate on call with BOD members, J. Marcum (CC), M. Mosier (CC) and C. Dickerson (SASMF) to review draft of disclosure statement. |
| Cashman, Brian | 7/6/2009 | 0.4 | Discuss management incentive plan with M. Mosier (CC) and the additional tasks that have been completed. |
| Cashman, Brian | 7/6/2009 | 0.2 | Review proposed settlement with Canon provided by SASMF. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 7/6/2009 | 1.1 | Revise corporate wind down forecast with latest medical/dental claim cost assumptions. |
| O'Loughlin, Morgan | 7/6/2009 | 0.6 | Update notes to corporate wind down budget. |
| Coulombe, Stephen L | 7/7/2009 | 0.9 | Review Weekly Cash Report. |
| Duffy, Robert J | 7/7/2009 | 0.8 | Review updates to MIP retention pool balance for accuracy. |
| Cashman, Brian | 7/7/2009 | 0.3 | Review updated listing of demand letters prepared by B. Fose (CC). |
| Cashman, Brian | 7/7/2009 | 0.2 | Review and forward calculation of IBM credit to Company and Skadden. |
| O'Loughlin, Morgan | 7/7/2009 | 1.6 | Update liquidation analysis with prior three week actual cash activity . |
| O'Loughlin, Morgan | 7/7/2009 | 0.6 | Meet with D. Miller (CC) regarding final release of Santa Barbara L/C. |
| O'Loughlin, Morgan | 7/7/2009 | 0.6 | Forecast remaining proceeds and disbursements for liquidation analysis based on cash activity changes. |
| O'Loughlin, Morgan | 7/7/2009 | 0.5 | Review weekly A/P A/R report provided by B. Fose (CC). |
| O'Loughlin, Morgan | 7/7/2009 | 0.4 | Review professional fee schedule update provided by S. Burke (FTI). |
| Burke, Samantha | 7/7/2009 | 1.4 | Update Weekly Cash with week ending 7/4 checks and cash. |
| Burke, Samantha | 7/7/2009 | 1.3 | Update Weekly Cash with week ending 7/4 disbursements. |
| Burke, Samantha | 7/7/2009 | 0.7 | Record recent payments to McGuireWoods and Kirkland & Ellis for professional fees invoice detail. |
| Burke, Samantha | 7/7/2009 | 0.7 | Create Cash roll forward table that incorporates check float. |
| Burke, Samantha | 7/7/2009 | 0.4 | Classify Other Cash into different buckets for liquidation analysis. |
| Burke, Samantha | 7/7/2009 | 0.3 | Review Weekly Cash updates with M. O'Loughlin (FTI). |
| Duffy, Robert J | 7/8/2009 | 0.9 | Participate in call with S. Coulombe (FTI), B. Cashman (FTI), and J. Marcum (CC) about corporate wind down budget. |
| Coulombe, Stephen L | 7/8/2009 | 0.9 | Participate in call with R. Duffy (FTI), B. Cashman (FTI), and J. Marcum (CC) about corporate wind down budget. |
| Duffy, Robert J | 7/8/2009 | 0.8 | Review current corporate wind down budget. |
| Duffy, Robert J | 7/8/2009 | 0.6 | Discuss changes and updates to BOD deck with S. Coulombe (FTI). |
| Coulombe, Stephen L | 7/8/2009 | 0.6 | Discuss changes and updates to BOD deck with R. Duffy (FTI). |
| Cashman, Brian | 7/8/2009 | 0.9 | Participate in call with S. Coulombe (FTI), B. Cashman (FTI), and J. Marcum (CC) about corporate wind down budget. |
| Lai, Stephanie | 7/8/2009 | 0.4 | Review Management Incentive Plan with M. O'Loughlin (FTI) and discuss updates needed for BOD deck. |
| O'Loughlin, Morgan | 7/8/2009 | 0.4 | Review Management Incentive Plan with S. Lai (FTI) and discuss updates needed for BOD deck. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| O'Loughlin, Morgan | 7/9/2009 | 1.1 | Integrate MIP paid to date schedule from M. Mosier (CC) into liquidation analysis. |
| Cashman, Brian | 7/10/2009 | 0.4 | Discuss litigation rights proposal with J. Marcum (CC) and M. Mosier (CC). |
| Duffy, Robert J | 7/13/2009 | 0.4 | Review remaining professional fee forecast. |
| Waiting, Mark | 7/13/2009 | 0.8 | Review claims waterfall prepared by S. Lai (FTI) and provide edits. |
| Cashman, Brian | 7/13/2009 | 0.6 | Communicate proposed changes to proposal letter for litigation rights to D. Lasater (FLC). |
| Cashman, Brian | 7/13/2009 | 0.6 | Discuss with J. Marcum (CC) the due diligence procedures to be performed for the Canadian ending balance sheet. |
| O'Loughlin, Morgan | 7/13/2009 | 0.5 | Meet with R. Flynn-Kasuba (FTI) to discuss professional fees. |
| Flynn-Kasuba, Ryan | 7/13/2009 | 1.8 | Compile most recent weekly cash flows. |
| Flynn-Kasuba, Ryan | 7/13/2009 | 1.2 | Add most recent figures to professional fees file. |
| Flynn-Kasuba, Ryan | 7/13/2009 | 0.5 | Meet with M. O'Loughlin (FTI) to discuss professional fees. |
| Cashman, Brian | 7/14/2009 | 0.8 | Participate on call with J. Marcum (CC), M. Mosier (CC), C. Falconer (CC) and I. Fredericks (SASMF) regarding warranty recoveries and GE matter. |
| Cashman, Brian | 7/14/2009 | 0.3 | Review cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian | 7/14/2009 | 0.2 | Communicate listing of open LC's to SASMF. |
| O'Loughlin, Morgan | 7/14/2009 | 0.5 | Meet with S. Lai (FTI ) and R. Flynn-Kasuba (FTI) to review weekly cash flow reconciliation. |
| Flynn-Kasuba, Ryan | 7/14/2009 | 1.9 | Create forecast for other proceeds support for liquidation analysis. |
| Flynn-Kasuba, Ryan | 7/14/2009 | 0.5 | Meet with S. Lai (FTI ) and M. O'Loughlin (FTI) to review weekly cash flow reconciliation. |
| O'Loughlin, Morgan | 7/15/2009 | 1.4 | Update liquidation analysis and cash flow with latest forecasts and Compo. |
| O'Loughlin, Morgan | 7/15/2009 | 1.1 | Prepare supporting scheduled for credit card holdback amounts for liquidation analysis and cash flow. |
| O'Loughlin, Morgan | 7/15/2009 | 0.8 | Meet with K. Babb (CC) regarding ending June credit card holdback balances for four major companies. |
| Flynn-Kasuba, Ryan | 7/15/2009 | 1.1 | Add most recent information to liquidation analysis. |
| Cashman, Brian | 7/16/2009 | 0.2 | Respond to questions from J. Kumar (SASMF) regarding LC's. |
| O'Loughlin, Morgan | 7/16/2009 | 1.6 | Create backup tab with actuals to date and forecast for owned real estate. |
| O'Loughlin, Morgan | 7/16/2009 | 1.1 | Review professional fee forecast provided by R. Flynn-Kasuba (FTI) and provide edits. |
| O'Loughlin, Morgan | 7/16/2009 | 0.9 | Reconcile professional fee tracking schedule to actual disbursements. |
| O'Loughlin, Morgan | 7/16/2009 | 0.7 | Follow up with J. Marcum (CC) regarding status and timing of various asset recoveries. |
| Flynn-Kasuba, Ryan | 7/16/2009 | 1.6 | Tie professional fees to date and create a forecast. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Flynn-Kasuba, Ryan | 7/16/2009 | 1.4 | Format intercompany matrix for B. Cashman (FTI). |
| Lai, Stephanie | 7/17/2009 | 0.9 | Review professional fees forecast with M. O'Loughlin (FTI) and provide edits. |
| Lai, Stephanie | 7/17/2009 | 0.6 | Provide formatting updates to professional fees forecast provided by R. Flynn-Kasuba (FTI). |
| O'Loughlin, Morgan | 7/17/2009 | 1.7 | Link all supporting schedules to latest liquidation analysis and format for internal distribution. |
| O'Loughlin, Morgan | 7/17/2009 | 0.9 | Review professional fees forecast with S. Lai (FTI) and provide edits. |
| O'Loughlin, Morgan | 7/17/2009 | 0.8 | Meet with R. Flynn-Kasuba (FTI) to discuss liquidation analysis. |
| O'Loughlin, Morgan | 7/17/2009 | 0.8 | Review professional fees tracking schedule provided by R. Flynn-Kasuba (FTI). |
| O'Loughlin, Morgan | 7/17/2009 | 0.5 | Review questions about professional fees from R. Flynn-Kasuba (FTI) to send to K. Silva (CC). |
| O'Loughlin, Morgan | 7/17/2009 | 0.4 | Prepare supporting schedule for tab paper recovery and remaining proceeds. |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.8 | Meet with M. O'Loughlin (FTI) to discuss liquidation analysis. |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.8 | Meet with M. O'Loughlin (FTI) to discuss liquidation analysis. |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.8 | Meet with S. Lai (FTI) about professional fees schedule. |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.5 | Compile questions about professional fees for M. O'Loughlin (FTI) to send to K. Silva (CC). |
| Flynn-Kasuba, Ryan | 7/17/2009 | 0.5 | Update professional fees tracking schedule for M. O'Loughlin (FTI). |
| Flynn-Kasuba, Ryan | 7/20/2009 | 0.7 | Revise professional fees and expense report. |
| Cashman, Brian | 7/21/2009 | 0.5 | Discuss LCD Litigation rights proposal with J. Marcum (CC). |
| Cashman, Brian | 7/21/2009 | 0.5 | Update LCD litigation rights letter for comments from J. Marcum (CC). |
| Cashman, Brian | 7/21/2009 | 0.4 | Discuss outstanding checks with M. Mosier (CC). |
| O'Loughlin, Morgan | 7/21/2009 | 0.7 | Update bridge to prior version of liquidation analysis. |
| O'Loughlin, Morgan | 7/21/2009 | 0.5 | Meet with R. Flynn-Kasuba (FTI) about weekly check and cash file. |
| O'Loughlin, Morgan | 7/21/2009 | 0.5 | Meet with R. Flynn-Kasuba (FTI) about weekly check and cash file. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 1.8 | Reconcile weekly check and cash file. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 0.8 | Update professional fees report with most current figures. |
| Flynn-Kasuba, Ryan | 7/21/2009 | 0.7 | Restructure professional fees file with corrections from B. Cashman (FTI). |
| Flynn-Kasuba, Ryan | 7/21/2009 | 0.5 | Meet with M. O'Loughlin (FTI) about weekly check and cash file. |
| Duffy, Robert J | 7/22/2009 | 1.0 | Participate in call with J. Marcum (CC) on current status of wind down. |
| Cashman, Brian | 7/22/2009 | 0.4 | Update LCD litigation rights letter for further comments from J. Marcum (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Lai, Stephanie | 7/22/2009 | 0.4 | Review professional fee summary prepared by R. Flynn-Kasuba (FTI). |
| Lai, Stephanie | 7/22/2009 | 0.3 | Provide edits to R. Flynn-Kasuba (FTI) on professional fees analysis. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 1.4 | Restructure and tie professional fees document. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 0.6 | Make changes on professional fees document from S. Lai (FTI). |
| Flynn-Kasuba, Ryan | 7/22/2009 | 0.6 | Update format on professional fees based on corrections from B. Cashman (FTI). |
| Cashman, Brian | 7/23/2009 | 0.2 | Review summary of second interim fee applications  and approval of hold backs and communicate to H. Ferguson (CC) for payment. |
| Cashman, Brian | 7/23/2009 | 0.2 | Participate on call with S. Lai (FTI) regarding BOD updates. |
| Lai, Stephanie | 7/23/2009 | 0.8 | Review procedure on updating weekly cash flow with M. O'Loughlin (FTI) and R. Flynn-Kasuba (FTI). |
| Lai, Stephanie | 7/23/2009 | 0.5 | Meet with R. Flynn-Kasuba (FTI) and M. O'Loughlin (FTI) about weekly cash flow reconciliation. |
| Lai, Stephanie | 7/23/2009 | 0.4 | Review with M. O'Loughlin (FTI) prior BOD deck to make updates. |
| Lai, Stephanie | 7/23/2009 | 0.2 | Participate on call with B. Cashman (FTI) regarding BOD updates. |
| O'Loughlin, Morgan | 7/23/2009 | 1.1 | Create matrix for net remaining claims based on CMSi data. |
| O'Loughlin, Morgan | 7/23/2009 | 0.8 | Review procedure on updating weekly cash flow with R. Flynn-Kasuba (FTI) and S. Lai (FTI). |
| O'Loughlin, Morgan | 7/23/2009 | 0.5 | Meet with R. Flynn-Kasuba (FTI) and S. Lai (FTI) about weekly cash flow reconciliation. |
| O'Loughlin, Morgan | 7/23/2009 | 0.4 | Review with S. Lai (FTI)  prior BOD deck to make updates. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 1.2 | Update weekly cash flow with most recent figures. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.8 | Review procedure on updating weekly cash flow with M. O'Loughlin (FTI) and S. Lai (FTI). |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.5 | Meet with M. O'Loughlin (FTI) and S. Lai (FTI) about weekly cash flow reconciliation. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.3 | Review BOD deck and provide feedback. |
| Flynn-Kasuba, Ryan | 7/23/2009 | 0.3 | Add new professional fees to file. |
| Cashman, Brian | 7/24/2009 | 0.3 | Prepare presentation for board of directors meeting. |
| Lai, Stephanie | 7/24/2009 | 1.3 | Update BOD deck with liquidation analysis, claims waterfall, and proceeds. |
| Lai, Stephanie | 7/24/2009 | 0.9 | Review comments from B. Cashman (FTI) concerning BOD deck and liquidation analysis. |
| Lai, Stephanie | 7/24/2009 | 0.8 | Review professional fee summary prepared by R. Flynn-Kasuba (FTI) and provide comments. |
| Lai, Stephanie | 7/24/2009 | 0.3 | Update employee list in BOD deck from updated wind down list from L. Lambert-Gaffney (CC). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Flynn-Kasuba, Ryan | 7/24/2009 | 1.2 | Create new slides for BOD deck. |
| Flynn-Kasuba, Ryan | 7/24/2009 | 1.1 | Add recent figures to BOD deck. |
| Flynn-Kasuba, Ryan | 7/24/2009 | 0.9 | Compile most recent Circuit City proceeds for BOD deck. |
| Flynn-Kasuba, Ryan | 7/24/2009 | 0.8 | Update and reformat professional fees report. |
| Cashman, Brian | 7/27/2009 | 0.7 | Review liquidation analysis in Board of Directors presentation. |
| Cashman, Brian | 7/27/2009 | 0.5 | Review employee listing in Board of Directors presentation. |
| Cashman, Brian | 7/27/2009 | 0.5 | Review weekly cash report prepared by K. Bradshaw (CC). |
| Cashman, Brian | 7/27/2009 | 0.5 | Review presentation for board of directors call and distribute to J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 7/27/2009 | 0.4 | Review claims waterfall analysis in Board of Directors presentation. |
| Cashman, Brian | 7/27/2009 | 0.3 | Review asset recoveries slides in Board of Directors presentation. |
| Lai, Stephanie | 7/27/2009 | 1.5 | Update BOD deck with comments from B. Cashman (FTI). |
| Lai, Stephanie | 7/27/2009 | 0.9 | Review prior week's check file and update weekly cash report accordingly. |
| Lai, Stephanie | 7/27/2009 | 0.3 | Make updates to employee listing slide in BOD deck. |
| Coulombe, Stephen L | 7/28/2009 | 1.1 | Review June fee statement. |
| Coulombe, Stephen L | 7/28/2009 | 0.8 | Review slides on management incentive plan. |
| Coulombe, Stephen L | 7/28/2009 | 0.8 | Participate on call with J. Marcum (CC), J. Liberi (SASMF), D. Foley (MW), S. Coulombe (FTI) and D. Lasater (FLC) to discuss LCD Litigation rights proposal. |
| Coulombe, Stephen L | 7/28/2009 | 0.3 | Format specific employee incentive plan payout slide. |
| Cashman, Brian | 7/28/2009 | 1.2 | Review claims waterfall in Board of Directors presentation and update assumptions. |
| Cashman, Brian | 7/28/2009 | 0.9 | Review liquidation analysis in Board of Directors presentation. |
| Cashman, Brian | 7/28/2009 | 0.9 | Update appendices in Board of Directors presentation. |
| Cashman, Brian | 7/28/2009 | 0.8 | Participate on call with J. Marcum (CC), J. Liberi (SASMF), D. Foley (MW), S. Coulombe (FTI) and D. Lasater (FLC) to discuss LCD Litigation rights proposal. |
| Cashman, Brian | 7/28/2009 | 0.8 | Review presentation for board of directors call and distribute to J. Marcum (CC) and M. Mosier (CC). |
| Cashman, Brian | 7/28/2009 | 0.4 | Review final Board of Directors presentation. |
| Cashman, Brian | 7/28/2009 | 0.2 | Discuss with S. Lai (FTI) on approach to reconciling outstanding checks. |
| Lai, Stephanie | 7/28/2009 | 1.3 | Continue to revise and refine BOD deck. |
| Lai, Stephanie | 7/28/2009 | 1.2 | Update high and low cases in liquidation analysis. |

*Circuit City Stores, Inc.*
*FTI Consulting, Inc.*
*Exhibit C - Complete Accounting of Time Expended by Day by Professional*
*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Liquidation Analysis/Wind down** | | | |
| Lai, Stephanie | 7/28/2009 | 0.8 | Review outstanding checks list from K. Bradshaw (CC) to determine discrepancy in checks roll forward. |
| Lai, Stephanie | 7/28/2009 | 0.6 | Review final BOD deck before distribution. |
| Lai, Stephanie | 7/28/2009 | 0.2 | Discuss with B. Cashman (FTI) on approach to reconciling outstanding checks. |
| Coulombe, Stephen L | 7/29/2009 | 0.9 | Review case status update prepared by B. Cashman (FTI) for meeting with liquidating trustee. |
| Cashman, Brian | 7/29/2009 | 0.6 | Prepare case status update for meeting with liquidating trustee,. |
| Cashman, Brian | 7/29/2009 | 0.5 | Participate on Board of Directors conference call to review case update, plan of liquidation and disclosure statement. |
| Cashman, Brian | 7/30/2009 | 1.6 | Update case status update for meeting with liquidating trustee,. |
| Lai, Stephanie | 7/30/2009 | 0.3 | Update formatting of employee slides in BOD deck. |
| Coulombe, Stephen L | 7/31/2009 | 1.3 | Perform final review of BOD deck to ensure all information is accurate and up to date and formatting is correct. |
| Duffy, Robert J | 7/31/2009 | 0.7 | Prepare for meeting with Liquidating Trustee with S. Coulombe (FTI), G. Galardi (Skadden). |
| Coulombe, Stephen L | 7/31/2009 | 0.7 | Prepare for meeting with Liquidating Trustee with R. Duffy (FTI), G. Galardi (Skadden). |
| Lai, Stephanie | 7/31/2009 | 1.1 | Update liquidation analysis and corresponding bridges to prior version. |
| **Subtotal - Liquidation Analysis/Wind down** | | **543.9** | |
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 6/2/2009 | 0.3 | Review claims waterfall report and provide feedback on report presentation. |
| O'Loughlin, Morgan | 6/2/2009 | 0.3 | Format and finalize claims waterfall report with most current information from CMSi. |
| Coulombe, Stephen L | 6/3/2009 | 0.2 | Discuss the impact of most recent updates on claims waterfall with R. Duffy (FTI). |
| Duffy, Robert J | 6/3/2009 | 0.2 | Discuss the impact of most recent updates on claims waterfall with S. Coulombe (FTI). |
| O'Loughlin, Morgan | 6/3/2009 | 0.5 | Format and re-arrange claims waterfall report and distribute to B. Cashman (FTI) for review. |
| Cashman, Brian | 6/4/2009 | 0.5 | Review claims waterfall report and provide feedback on report presentation. |
| O'Loughlin, Morgan | 6/5/2009 | 1.2 | Integrate latest intercompany balances by debtor into substantive consolidation analysis. |
| Lai, Stephanie | 6/8/2009 | 1.2 | Create waterfall schedule to show Canadian proceeds to the US estate. |
| Lai, Stephanie | 6/8/2009 | 0.6 | Review waterfall of Canadian funds with J. Marcum (CC) and discuss items to follow up with Canadian management. |
| O'Loughlin, Morgan | 6/9/2009 | 0.5 | Review claims waterfall examples  and provide new ways to report for CC claims status. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| O'Loughlin, Morgan | 6/10/2009 | 0.6 | Make updates to substantive consolidation analysis with gross claims by debtor. |
| O'Loughlin, Morgan | 6/17/2009 | 0.3 | Format claims waterfall schedule and distribute to team. |
| Lai, Stephanie | 6/22/2009 | 1.3 | Review calculation of substantive consolidation prepared by M. O'Loughlin (FTI) and provide comments and edits. |
| O'Loughlin, Morgan | 6/22/2009 | 1.3 | Create logic in substantive consolidation model to reflect correct payout amounts by claim class by debtor. |
| O'Loughlin, Morgan | 6/22/2009 | 1.2 | Update substantive consolidation analysis for claim amounts by class by debtor. |
| Cashman, Brian | 6/23/2009 | 1.9 | Review draft of liquidation plan distributed by C. Dickerson (SASMF). |
| O'Loughlin, Morgan | 6/24/2009 | 1.2 | Update claims waterfall report and analyze claims remaining by claim class. |
| O'Loughlin, Morgan | 6/25/2009 | 1.4 | Format substantive consolidation analysis to reflect each claim class. |
| O'Loughlin, Morgan | 6/25/2009 | 0.7 | Create logic in substantive consolidation analysis to properly reflect effect of intercompany balances. |
| O'Loughlin, Morgan | 6/25/2009 | 0.4 | Update claims waterfall report with correct formula for claims remaining. |
| Lai, Stephanie | 6/30/2009 | 0.5 | Review claims waterfall template prepared by S. Burke (FTI) and provide edits. |
| O'Loughlin, Morgan | 6/30/2009 | 1.3 | Work with CMSi data to create a claims waterfall to get to true claims remaining amount by class. |
| O'Loughlin, Morgan | 6/30/2009 | 0.6 | Revise Canadian waterfall analysis to show proceeds from sale of trademark being disbursed on 7/2. |
| Cashman, Brian | 7/1/2009 | 0.9 | Participate on call with BOD members, J. Marcum (CC) and M. Mosier (CC) to discuss plan of liquidation. |
| Cashman, Brian | 7/1/2009 | 0.6 | Begin drafting substantive consolidation. |
| Cashman, Brian | 7/2/2009 | 1.6 | Continue preparing substantive consolidation. |
| Cashman, Brian | 7/2/2009 | 0.2 | Discuss substantive consolidation with C. Dickerson (SASMF) via email. |
| O'Loughlin, Morgan | 7/2/2009 | 1.3 | Create bridge from substantive consolidation analysis to latest liquidation analysis and proof out variances. |
| O'Loughlin, Morgan | 7/2/2009 | 0.9 | Create bridge to prior substantive consolidation analysis to show variance to recovery to unsecured claims. |
| Duffy, Robert J | 7/6/2009 | 1.2 | Review updates to substantive consolidation analysis and assess impact on wind down plan. |
| Coulombe, Stephen L | 7/6/2009 | 0.6 | Discuss bridge from substantive consolidation analysis to liquidation analysis with R. Duffy (FTI). |
| Duffy, Robert J | 7/6/2009 | 0.6 | Discuss bridge from substantive consolidation analysis to liquidation analysis with S. Coulombe (FTI). |
| Coulombe, Stephen L | 7/6/2009 | 0.4 | Discuss case status, liquidation plan and disclosure statement with B. Cashman  (FTI). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

## Plan of Liquidation/Disclosure Statement

| | | | |
|---|---|---|---|
| Cashman, Brian | 7/6/2009 | 1.1 | Review draft of disclosure statement and provide review comments. |
| Cashman, Brian | 7/6/2009 | 0.4 | Discuss case status, liquidation plan and disclosure statement with S. Coulombe (FTI). |
| Lai, Stephanie | 7/6/2009 | 0.4 | Review changes to substantive consolidation waterfall with M. O'Loughlin (FTI) and S. Burke (FTI). |
| Lai, Stephanie | 7/6/2009 | 0.3 | Update Management Incentive Plan slide with edits from B. Cashman (FTI). |
| O'Loughlin, Morgan | 7/6/2009 | 1.2 | Make substantive consolidation dynamic based on remaining claims sensitivities. |
| O'Loughlin, Morgan | 7/6/2009 | 0.4 | Review changes to substantive consolidation waterfall with S. Lai (FTI) and S. Burke (FTI). |
| Burke, Samantha | 7/6/2009 | 0.4 | Review changes to substantive consolidation waterfall with S. Lai (FTI) and M. O'Loughlin (FTI). |
| Cashman, Brian | 7/7/2009 | 0.3 | Draft agenda for meeting with Company's management to review liquidation plan, disclosure statement and substantive consolidation. |
| Cashman, Brian | 7/7/2009 | 0.2 | Review claims by debtor report and incorporate into substantive consolidation. |
| Cashman, Brian | 7/7/2009 | 0.2 | Review substantive consolidation format for appropriateness. |
| Lai, Stephanie | 7/7/2009 | 1.0 | Revise comments and notes in substantive consolidation. |
| Lai, Stephanie | 7/7/2009 | 0.9 | Reconcile claims waterfall to substantive consolidation. |
| Lai, Stephanie | 7/7/2009 | 0.6 | Provide edits to substantive consolidation with M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/7/2009 | 0.5 | Discuss approach to solving circularity in substantive consolidation with M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 7/7/2009 | 1.4 | Synch substantive consolidation analysis proceeds with updated liquidation analysis. |
| O'Loughlin, Morgan | 7/7/2009 | 0.7 | Format substantive consolidation analysis for internal review. |
| O'Loughlin, Morgan | 7/7/2009 | 0.6 | Provide edits to substantive consolidation with S. Lai (FTI). |
| O'Loughlin, Morgan | 7/7/2009 | 0.5 | Discuss approach to solving circularity in substantive consolidation with S. Lai (FTI). |
| Weinsten, Mark | 7/8/2009 | 1.1 | Participate on call with J. Nighswander (FTI), B. Cashman (FTI), R. Duffy (FTI) and S. Coulombe (FTI) to discuss substantive consolidation. |
| Duffy, Robert J | 7/8/2009 | 1.1 | Participate on call with J. Nighswander (FTI), M. Weinsten (FTI), B. Cashman  (FTI) and S. Coulombe (FTI) to discuss substantive consolidation. |
| Coulombe, Stephen L | 7/8/2009 | 1.1 | Participate on call with J. Nighswander (FTI), M. Weinsten (FTI), R. Duffy (FTI) and B. Cashman (FTI) to discuss substantive consolidation. |
| Weinsten, Mark | 7/8/2009 | 1.1 | Participate in teleconference with B. Cashman (FTI) regarding approach to substantive consolidation analysis. |
| Duffy, Robert J | 7/8/2009 | 1.0 | Participate on call with G. Galardi (SASMF), C. Dickerson (SASMF), S. Coulombe (FTI), B. Cashman (FTI), J. Marcum (CC) and M. Mosier (CC) to discuss substantive consolidation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Plan of Liquidation/Disclosure Statement

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Coulombe, Stephen L | 7/8/2009 | 1.0 | Participate on call with G. Galardi (SASMF), C. Dickerson (SASMF), R. Duffy (FTI), B. Cashman (FTI), J. Marcum (CC) and M. Mosier (CC) to discuss substantive consolidation. |
| Duffy, Robert J | 7/8/2009 | 0.7 | Discuss substantive consolidation analysis strategy with S. Coulombe (FTI). |
| Coulombe, Stephen L | 7/8/2009 | 0.7 | Discuss substantive consolidation analysis strategy with R. Duffy (FTI). |
| Weinsten, Mark | 7/8/2009 | 0.2 | Review recovery by entity on unconsolidated basis. |
| Cashman, Brian | 7/8/2009 | 1.1 | Participate on call with J. Nighswander (FTI), M. Weinsten (FTI), R. Duffy (FTI) and S. Coulombe (FTI) to discuss substantive consolidation. |
| Cashman, Brian | 7/8/2009 | 1.1 | Participate in teleconference with M. Weinsten (FTI) regarding approach to substantive consolidation analysis. |
| Cashman, Brian | 7/8/2009 | 1.0 | Participate on call with G. Galardi (SASMF), C. Dickerson (SASMF), R. Duffy (FTI), S. Coulombe (FTI), J. Marcum (CC) and M. Mosier (CC) to discuss substantive consolidation. |
| Cashman, Brian | 7/8/2009 | 0.5 | Participate in discussions with M. O'Loughlin (FTI) and S. Lai (FTI) what needs to be done to update the substantive consolidation. |
| Lai, Stephanie | 7/8/2009 | 0.5 | Participate in discussions with M. O'Loughlin (FTI) and B. Cashman (FTI) what needs to be done to update the substantive consolidation. |
| O'Loughlin, Morgan | 7/8/2009 | 1.3 | Break dividend redistribution circularity in substantive consolidation analysis model. |
| O'Loughlin, Morgan | 7/8/2009 | 0.5 | Participate in discussions with S. Lai (FTI) and S. Lai (FTI) what needs to be done to update the substantive consolidation. |
| Coulombe, Stephen L | 7/9/2009 | 0.8 | Review substantive consolidation analysis with claims by debtor report. |
| Weinsten, Mark | 7/9/2009 | 0.5 | Participate in follow up teleconference with B. Cashman (FTI) regarding intercompany bankruptcy distributions. |
| Coulombe, Stephen L | 7/9/2009 | 0.4 | Review substantive consolidation with B. Cashman (FTI). |
| Cashman, Brian | 7/9/2009 | 1.7 | Read disclosure statement and provide comments. |
| Cashman, Brian | 7/9/2009 | 0.8 | Review legal entity balances provided by A. Pietrantoni (CC) to determine status of intercompany activity for substantive consolidation. |
| Cashman, Brian | 7/9/2009 | 0.5 | Participate in follow up teleconference with M. Weinsten (FTI) regarding intercompany bankruptcy distributions. |
| Cashman, Brian | 7/9/2009 | 0.5 | Review listing of landlords divided by CC West Coast and CCSI. |
| Cashman, Brian | 7/9/2009 | 0.4 | Review substantive consolidation with S. Coulombe (FTI). |
| Cashman, Brian | 7/10/2009 | 1.2 | Participate on call with M. Mosier (CC), J. Marcum (CC), S. Lai (FTI), and M. O'Loughlin (FTI), to discuss preliminary draft of substantive consolidation. |
| Cashman, Brian | 7/10/2009 | 0.9 | Participate on call with M. Mosier (CC), and J. Marcum (CC) to discuss substantive consolidation and intercompany balances. |
| Cashman, Brian | 7/10/2009 | 0.4 | Communicate listing of stores by legal entity with landlord information to Company and counsel. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 7/10/2009 | 0.4 | Read comments from Committee on disclosure statement. |
| Cashman, Brian | 7/10/2009 | 0.2 | Discuss with D. Miller (CC) the need to understand who guaranteed the various leases. |
| Lai, Stephanie | 7/10/2009 | 1.8 | Separate intercompany accounts in historical balance sheets by entity and show payables and receivables in intercompany matrix. |
| Lai, Stephanie | 7/10/2009 | 1.2 | Participate on call with M. Mosier (CC), J. Marcum (CC), M. O'Loughlin (FTI), and B. Cashman (FTI), to discuss preliminary draft of substantive consolidation. |
| Lai, Stephanie | 7/10/2009 | 0.9 | Develop list of questions regarding treatment of intercompany balances for Skadden. |
| Lai, Stephanie | 7/10/2009 | 0.8 | Review draft of substantive consolidation with M. O'Loughlin (FTI) for 2pm call with Management. |
| Lai, Stephanie | 7/10/2009 | 0.8 | Identify where allocations would exist in substantive consolidation. |
| Lai, Stephanie | 7/10/2009 | 0.7 | Discuss and review intercompany matrix with M. O'Loughlin (FTI) and prepare to distribute to team. |
| Lai, Stephanie | 7/10/2009 | 0.5 | Combine November balance sheets by entity into one file. |
| Lai, Stephanie | 7/10/2009 | 0.3 | Advise S. Burke (FTI) on combining May balance sheets by entity into one file. |
| O'Loughlin, Morgan | 7/10/2009 | 1.4 | Create detailed assumptions page for substantive consolidation analysis. |
| O'Loughlin, Morgan | 7/10/2009 | 1.2 | Participate on call with M. Mosier (CC), J. Marcum (CC), S. Lai (FTI), and B. Cashman (FTI), to discuss preliminary draft of substantive consolidation. |
| O'Loughlin, Morgan | 7/10/2009 | 0.9 | Create supporting schedules for PBGC and B of A claims across all debtors. |
| O'Loughlin, Morgan | 7/10/2009 | 0.8 | Review draft of substantive consolidation with S. Lai (FTI) for 2pm call with Management. |
| O'Loughlin, Morgan | 7/10/2009 | 0.7 | Discuss and review intercompany matrix with S. Lai (FTI) and prepare to distribute to team. |
| O'Loughlin, Morgan | 7/10/2009 | 0.6 | Compare proceed allocation by entity provided by K. Bradshaw (CC) to substantive consolidation analysis and note variances. |
| O'Loughlin, Morgan | 7/10/2009 | 0.4 | Make formatting changes for substantive consolidation analysis for review call with the Company. |
| Waiting, Mark | 7/13/2009 | 1.2 | Review substantive consolidation analysis provided by B. Cashman (FTI). |
| Cashman, Brian | 7/13/2009 | 0.2 | Respond to client emails regarding substantive consolidation. |
| Lai, Stephanie | 7/13/2009 | 0.5 | Review M. O'Loughlin's (FTI) edits on substantive consolidation to ensure accuracy of intercompany calculations. |
| O'Loughlin, Morgan | 7/13/2009 | 1.9 | Update gross claims filed on each debtor by class for substantive consolidation analysis. |
| O'Loughlin, Morgan | 7/13/2009 | 1.1 | Make edits to substantive consolidation regarding intercompany calculations. |
| Cashman, Brian | 7/14/2009 | 1.4 | Meet with M. Mosier (CC), J. Marcum (CC), J. McDonald (CC) and K. Bradshaw (CC) to discuss intercompany activity as it relates to substantive consolidation. |
| Cashman, Brian | 7/14/2009 | 0.6 | Communicate comments of disclosure statement to J. Kumar (SASMF). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 7/14/2009 | 0.4 | Review substantive consolidation format for appropriateness. |
| Cashman, Brian | 7/14/2009 | 0.4 | Review current version of substantive consolidation and provide comments to team. |
| Cashman, Brian | 7/14/2009 | 0.4 | Discuss with M. O'Loughlin (FTI) and S. Lai (FTI) what needs to be done to update the substantive consolidation. |
| Cashman, Brian | 7/14/2009 | 0.3 | Review substantive consolidation for CC Aviation including allocation of proceeds and claims with M. Mosier (CC) and J. McDonald (CC). |
| Lai, Stephanie | 7/14/2009 | 0.9 | Reorganize substantive consolidation to show intercompany balances as proceeds. |
| Lai, Stephanie | 7/14/2009 | 0.7 | Review changes in substantive consolidation prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/14/2009 | 0.5 | Revise substantive consolidation with allocation of Lear jets to CCSI and CC Aviation. |
| O'Loughlin, Morgan | 7/14/2009 | 1.6 | Update substantive consolidation analysis with latest gross claims amounts. |
| O'Loughlin, Morgan | 7/14/2009 | 1.2 | Move intercompany balances in substantive consolidation analysis and properly reflect bankruptcy distribution. |
| O'Loughlin, Morgan | 7/14/2009 | 0.9 | Create toggle in substantive consolidation analysis to control estimated omnibus objections line. |
| O'Loughlin, Morgan | 7/14/2009 | 0.8 | Create detailed schedule for all remaining IBM claims. |
| O'Loughlin, Morgan | 7/14/2009 | 0.7 | Create detailed schedule for all remaining GE claims. |
| O'Loughlin, Morgan | 7/14/2009 | 0.6 | Create detailed schedule for all remaining PBGC claims. |
| O'Loughlin, Morgan | 7/14/2009 | 0.6 | Prepare backup schedule for jet sale allocation by entity. |
| Cashman, Brian | 7/15/2009 | 0.9 | Discuss intercompany matrix with S. Lai (FTI). |
| Lai, Stephanie | 7/15/2009 | 1.7 | Create intercompany matrix showing payables and receivable among entities from historical balance sheets. |
| Lai, Stephanie | 7/15/2009 | 1.1 | Create substantive summary for preliminary review. |
| Lai, Stephanie | 7/15/2009 | 0.9 | Discuss intercompany matrix with B. Cashman (FTI). |
| Lai, Stephanie | 7/15/2009 | 0.5 | Discuss with M. O'Loughlin (FTI) on approach to combining historical balance sheets to show intercompany activity. |
| O'Loughlin, Morgan | 7/15/2009 | 0.5 | Discuss with S. Lai (FTI) on approach to combining historical balance sheets to show intercompany activity. |
| Cashman, Brian | 7/16/2009 | 0.5 | Discuss with J. McDonald (CC) the intercompany balances in order to get a better understanding of the balances. |
| Cashman, Brian | 7/16/2009 | 0.5 | Review allocation of proceeds analysis prepared by K. Bradshaw (CC) which notes which legal entity received the proceeds for substantive consolidation analysis. |
| Cashman, Brian | 7/16/2009 | 0.5 | Update intercompany matrix which notes breakdown of intercompany balances among 18 debtors including royalty, payable, interest and other intercompany balances. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 7/16/2009 | 0.4 | Distribute intercompany matrix to J. Marcum (CC) and M. Mosier (CC) and discuss changes made and results noted. |
| Cashman, Brian | 7/16/2009 | 0.4 | Discuss with L. Lambert (CC) the need to breakdown employees who participated in the pension plan between CCSI and CCS West Coast in order to allocate the PBGC claim in the substantive consolidation. |
| Cashman, Brian | 7/16/2009 | 0.3 | Discuss with M. Mosier (CC) the intercompany interest between CCSI and CC West Coast. |
| Cashman, Brian | 7/16/2009 | 0.3 | Discuss intercompany note and related interest and interest rate with J. McDonald (CC). |
| Cashman, Brian | 7/16/2009 | 0.3 | Discuss with M. Mosier (CC) the intercompany notes payables between CCSI and CC West Coast. |
| Cashman, Brian | 7/16/2009 | 0.2 | Discuss with M. Mosier (CC) the intercompany royalties between CCSI and CC West Coast. |
| O'Loughlin, Morgan | 7/16/2009 | 1.2 | Create logic to break circularity in dividend redistribution for substantive consolidation. |
| Waiting, Mark | 7/17/2009 | 1.8 | Review revised substantive consolidation analysis and provide comments to team. |
| Waiting, Mark | 7/17/2009 | 1.1 | Participate in call with J. Marcum (CC) and M. Mosier (CC) on current liquidation plan. |
| Waiting, Mark | 7/17/2009 | 0.3 | Review draft of substantive consolidation with M. O'Loughlin (FTI) for 2pm call with Company. |
| Lai, Stephanie | 7/17/2009 | 1.0 | Review intercompany matrix and make formatting edits. |
| O'Loughlin, Morgan | 7/17/2009 | 0.3 | Review draft of substantive consolidation with M. Waiting (FTI) for 2pm call with Company. |
| Cashman, Brian | 7/19/2009 | 1.8 | Update intercompany matrix which notes breakdown of intercompany balances among 18 debtors including royalty, payable, interest and other intercompany balances. |
| Cashman, Brian | 7/19/2009 | 0.7 | Ask question regarding intercompany on Intern legal entity balance sheet to J. McDonald (CC). |
| Cashman, Brian | 7/19/2009 | 0.3 | Discuss with M. Mosier (CC) if additional documentation on intercompany policies is available. |
| Cashman, Brian | 7/19/2009 | 0.2 | Update cover page including key issues and open issues for intercompany matrix. |
| Cashman, Brian | 7/20/2009 | 0.7 | Participate on call with J. Marcum (CC) and M. Mosier (CC) to review substantive consolidation. |
| Cashman, Brian | 7/20/2009 | 0.6 | Review claims in the substantive consolidation analysis and communicate comments to team for follow up. |
| Cashman, Brian | 7/20/2009 | 0.3 | Distribute the intercompany matrix to M. Mosier (CC), J. Marcum (CC) and J. McDonald (CC) which notes the intercompany accounting of the company. |
| Cashman, Brian | 7/20/2009 | 0.2 | Discuss the intercompany accounting with J. McDonald (CC) and how the AIBE accounts function. |
| Cashman, Brian | 7/20/2009 | 0.2 | Discuss the AIBE intercompany accounts with D. Foley (MW) and discuss how this may impact the substantive consolidation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Plan of Liquidation/Disclosure Statement

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Lai, Stephanie | 7/20/2009 | 0.9 | Review changes to substantive consolidation prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/20/2009 | 0.8 | Synch intercompany matrix to substantive consolidation analysis. |
| Lai, Stephanie | 7/20/2009 | 0.7 | Proof claims waterfall to docket. |
| Lai, Stephanie | 7/20/2009 | 0.4 | Discuss approach to bridge from liquidation analysis to substantive consolidation with M. O'Loughlin (FTI). |
| O'Loughlin, Morgan | 7/20/2009 | 1.8 | Update substantive consolidation analysis with dividend redistribution changes. |
| O'Loughlin, Morgan | 7/20/2009 | 1.2 | Prepare analysis comparing actual GOB proceeds by location to store count allocation done in substantive consolidation. |
| O'Loughlin, Morgan | 7/20/2009 | 0.9 | Participate in discussions with D. Miller (CC) regarding lease guarantor breakdown between CCSI and CC West Coast. |
| O'Loughlin, Morgan | 7/20/2009 | 0.7 | Integrate latest intercompany balances into substantive consolidation and flow through model properly. |
| O'Loughlin, Morgan | 7/20/2009 | 0.4 | Discuss approach to bridge from liquidation analysis to substantive consolidation with S. Lai (FTI). |
| Coulombe, Stephen L | 7/21/2009 | 1.2 | Meet with J. Marcum (CC) about substantive consolidation analysis. |
| Cashman, Brian | 7/21/2009 | 1.0 | Review claims database to try to determine extent of secured claims for the substantive consolidation. |
| Lai, Stephanie | 7/21/2009 | 0.7 | Review changes in substantive consolidation prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/21/2009 | 0.3 | Update notes in substantive consolidation. |
| O'Loughlin, Morgan | 7/21/2009 | 0.9 | Participate in meeting with J. McDonald (CC) and K. Bradshaw (CC) regarding postpetition intercompany activity and calculations to support substantive consolidation. |
| Coulombe, Stephen L | 7/22/2009 | 1.2 | Meet with J. Marcum (CC) to review substantive consolidation analysis for call with Skadden. |
| Coulombe, Stephen L | 7/22/2009 | 0.9 | Participate in meeting with litigation rights group and J. Marcum (CC) and B. Cashman (FTI) to discuss strategy of litigation case. |
| Coulombe, Stephen L | 7/22/2009 | 0.8 | Discuss next steps with J. Marcum (CC) and B. Cashman (FTI) regarding retention of litigation rights. |
| Coulombe, Stephen L | 7/22/2009 | 0.8 | Participate in call with CC, FTI, Skadden regarding treatment of intercompany accounts in substantive consolidation analysis. |
| Coulombe, Stephen L | 7/22/2009 | 0.7 | Review substantive consolidation prepared by B. Cashman (FTI) and M. O'Loughlin (FTI). |
| Coulombe, Stephen L | 7/22/2009 | 0.5 | Prepare comments and edits to substantive consolidation to B. Cashman (FTI) regarding set up of summary pages. |
| Cashman, Brian | 7/22/2009 | 0.9 | Participate in meeting with litigation rights group and J. Marcum (CC) and S. Coulombe (FTI) to discuss strategy of litigation case. |
| Cashman, Brian | 7/22/2009 | 0.8 | Discuss next steps with J. Marcum (CC) and S. Coulombe (FTI) regarding retention of litigation rights. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 7/22/2009 | 0.6 | Review claims by class in descending dollar for CC Stores Inc. to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.4 | Review claims by class in descending dollar for CCS West Coast to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.4 | Review claims by class in descending dollar for CC Ventoux to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.4 | Review overhead cross charge prepared by J. McDonald (CC). |
| Cashman, Brian | 7/22/2009 | 0.3 | Review claims by class in descending dollar for inactive debtors to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.3 | Review copies of payroll checks to determine which legal entity issued the checks in order to understanding intercompany accounting for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.3 | Review substantive consolidation with J. Marcum (CC), M. Mosier (CC), and legal counsel. |
| Cashman, Brian | 7/22/2009 | 0.3 | Review claims by class in descending dollar for CC Aviation to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.2 | Review claims by class in descending dollar for CC Intertan to determine estimated objections for substantive consolidation. |
| Cashman, Brian | 7/22/2009 | 0.2 | Review plan of liquidation with J. Marcum (CC), M. Mosier (CC), and legal counsel. |
| Cashman, Brian | 7/22/2009 | 0.2 | Discuss with J. McDonald (CC) the need to estimate the amount of the overhead cross charge since it was stopped. |
| O'Loughlin, Morgan | 7/22/2009 | 1.4 | Break circularity in substantive consolidation analysis model. |
| O'Loughlin, Morgan | 7/22/2009 | 1.1 | Review claims waterfall schedule and synch with substantive consolidation analysis. |
| O'Loughlin, Morgan | 7/22/2009 | 1.1 | Automate intercompany bankruptcy distribution in substantive consolidation model. |
| O'Loughlin, Morgan | 7/22/2009 | 0.9 | Update substantive consolidation with formatting changes. |
| O'Loughlin, Morgan | 7/22/2009 | 0.9 | Make updates to substantive consolidation model with comments from B. Cashman (FTI). |
| O'Loughlin, Morgan | 7/22/2009 | 0.8 | Meet with K. Bradshaw (CC) to pull data for November 10 intercompany balances. |
| Flynn-Kasuba, Ryan | 7/22/2009 | 1.5 | Compile summary of substantive consolidation analysis. |
| Coulombe, Stephen L | 7/23/2009 | 1.1 | Review edits to substantive consolidation assess impact on plan of liquidation. |
| Coulombe, Stephen L | 7/23/2009 | 0.6 | Provide comments on to team on progress of substantive analysis. |
| Cashman, Brian | 7/23/2009 | 0.9 | Discuss edits to substantive consolidation analysis with S. Lai (FTI). |
| Cashman, Brian | 7/23/2009 | 0.8 | Update proceeds allocation in substantive consolidation. |
| Cashman, Brian | 7/23/2009 | 0.7 | Review substantive consolidation analysis updated by S. Lai (FTI). |
| Cashman, Brian | 7/23/2009 | 0.7 | Update allocation of disbursements in substantive consolidation analysis. |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Cashman, Brian | 7/23/2009 | 0.7 | Update claims information in substantive consolidation. |
| Cashman, Brian | 7/23/2009 | 0.6 | Update prepetition intercompany activity in substantive consolidation analysis. |
| Cashman, Brian | 7/23/2009 | 0.4 | Update postpetition intercompany activity in substantive consolidation analysis. |
| Cashman, Brian | 7/23/2009 | 0.4 | Participate on call with S. Lai (FTI) regarding edits on substantive consolidation. |
| Cashman, Brian | 7/23/2009 | 0.2 | Discuss how proceeds from CCS West Coast were processed through the company's intercompany accounts. |
| Cashman, Brian | 7/23/2009 | 0.2 | Discuss reasonableness of overhead cross charge with J. McDonald (CC) and request sales and COGS by year broken down by legal entity. |
| Lai, Stephanie | 7/23/2009 | 1.2 | Add different scenarios to substantive consolidation. |
| Lai, Stephanie | 7/23/2009 | 0.9 | Discuss edits to substantive consolidation analysis with B. Cashman (FTI). |
| Lai, Stephanie | 7/23/2009 | 0.8 | Create analysis comparing November and May intercompany balances for CCSI and CCWC. |
| Lai, Stephanie | 7/23/2009 | 0.7 | Update substantive consolidation analysis per B. Cashman (FTI) comments. |
| Lai, Stephanie | 7/23/2009 | 0.6 | Review formulas and checks in substantive consolidation prepared by M. O'Loughlin (FTI). |
| Lai, Stephanie | 7/23/2009 | 0.5 | Re-format substantive consolidation per B. Cashman (FTI) recommendations. |
| Lai, Stephanie | 7/23/2009 | 0.5 | Add PBGC claim allocation to substantive consolidation. |
| Lai, Stephanie | 7/23/2009 | 0.4 | Participate on call with B. Cashman (FTI) regarding edits on substantive consolidation. |
| O'Loughlin, Morgan | 7/23/2009 | 1.2 | Ensure all formulas and checks in substantive consolidation analysis foot to underlying data. |
| O'Loughlin, Morgan | 7/23/2009 | 0.9 | Proof out store allocations by using actual GOB cash receipts for substantive consolidation analysis. |
| O'Loughlin, Morgan | 7/23/2009 | 0.7 | Create model check to make ensure circularity is broken in intercompany distributions. |
| O'Loughlin, Morgan | 7/23/2009 | 0.6 | Review proceeds allocation and update substantive consolidation analysis. |
| Coulombe, Stephen L | 7/24/2009 | 1.3 | Participate on call with B. Cashman (FTI), J. Marcum (CC), M. Mosier (CC), Skadden, and McGuire Woods concerning various scenarios and strategy on substantive consolidation analysis. |
| Cashman, Brian | 7/24/2009 | 1.3 | Participate on call with S. Lai (FTI), S. Coulombe (FTI), J. Marcum (CC), M. Mosier (CC), Skadden, and McGuire Woods concerning various scenarios and strategy on substantive consolidation analysis. |
| Cashman, Brian | 7/24/2009 | 1.2 | Participate on call with J. Marcum (CC), M. Mosier (CC), G. Galardi (SASMF), C. Dickerson (CC) and other members of the Company, legal counsel and FTI to review current draft of substantive consolidation. |
| Cashman, Brian | 7/24/2009 | 0.3 | Discuss review of class action suits claims with D. Miller (CC) and how to reflect in the substantive consolidation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|

### Plan of Liquidation/Disclosure Statement

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| Lai, Stephanie | 7/24/2009 | 1.3 | Participate on call with B. Cashman (FTI), S. Coulombe (FTI), J. Marcum (CC), M. Mosier (CC), Skadden, and McGuire Woods concerning various scenarios and strategy on substantive consolidation analysis. |
| Duffy, Robert J | 7/27/2009 | 1.0 | Participate on call with B. Cashman (FTI), S. Coulombe (FTI) and J. Marcum (CC) on substantive consolidation analysis. |
| Coulombe, Stephen L | 7/27/2009 | 1.0 | Participate on call with B. Cashman (FTI), R. Duffy (FTI) and J. Marcum (CC) on substantive consolidation analysis. |
| Cashman, Brian | 7/27/2009 | 0.7 | Review substantive consolidation analysis intercompany. |
| Cashman, Brian | 7/27/2009 | 0.2 | Distribute substantive consolidation analysis and intercompany matrix for review. |
| Cashman, Brian | 7/28/2009 | 0.4 | Review admin claims in substantive consolidation. |
| Cashman, Brian | 7/28/2009 | 0.3 | Review priority claims in substantive consolidation. |
| Cashman, Brian | 7/28/2009 | 0.3 | Review secured claims in substantive consolidation. |
| Duffy, Robert J | 7/29/2009 | 1.2 | Participate in meeting with B. Cashman (FTI) and G. Galardi (SASMF) to discuss substantive consolidation and meeting with liquidating trustee. |
| Coulombe, Stephen L | 7/29/2009 | 1.1 | Participate on call with B. Cashman (FTI) and G. Galardi (SASMF) to review substantive consolidation analysis. |
| Cashman, Brian | 7/29/2009 | 1.3 | Participate on call with G. Galardi (Skadden), C. Dickerson (Skadden), I. Fredericks (Skadden), and S. Lai (FTI) to discuss latest substantive consolidation analysis. |
| Cashman, Brian | 7/29/2009 | 1.2 | Participate in meeting with R. Duffy (FTI) and G. Galardi (SASMF) to discuss substantive consolidation and meeting with liquidating trustee. |
| Cashman, Brian | 7/29/2009 | 1.2 | Review listing of claims by classification to support assumptions in substantive consolidation. |
| Cashman, Brian | 7/29/2009 | 1.1 | Participate on call with S. Coulombe (FTI) and G. Galardi (SASMF) to review substantive consolidation analysis. |
| Cashman, Brian | 7/29/2009 | 0.6 | Prepare agenda for substantive consolidation review call. |
| Cashman, Brian | 7/29/2009 | 0.5 | Review listing of letters of credits to allocate among debtors. |
| Cashman, Brian | 7/29/2009 | 0.4 | Discuss allocation of proceeds relating to owned real estate with D. Miller (CC). |
| Cashman, Brian | 7/29/2009 | 0.4 | Discuss intercompany balances as of petition date with M. Mosier (CC). |
| Cashman, Brian | 7/29/2009 | 0.4 | Respond to various emails regarding substantive consolidation. |
| Cashman, Brian | 7/29/2009 | 0.3 | Request supporting contracts for substantive consolidation. |
| Lai, Stephanie | 7/29/2009 | 1.6 | Work on substantive consolidation analysis to incorporate comments and edits from call with Skadden. |
| Lai, Stephanie | 7/29/2009 | 1.3 | Participate on call with G. Galardi (Skadden), C. Dickerson (Skadden), I. Fredericks (Skadden), and B. Cashman (FTI) to discuss latest substantive consolidation analysis. |
| Lai, Stephanie | 7/29/2009 | 1.1 | Continue to update substantive consolidation. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Lai, Stephanie | 7/29/2009 | 0.9 | Revise format of substantive consolidation per comments from S. Coulombe (FTI). |
| Lai, Stephanie | 7/29/2009 | 0.8 | Prepare intercompany matrix using November 31st balances for substantive consolidation. |
| Lai, Stephanie | 7/29/2009 | 0.4 | Review notes from call and organize tasks for substantive consolidation work plan. |
| Coulombe, Stephen L | 7/30/2009 | 1.2 | Participate in meeting with B. Cashman (FTI) and G. Galardi (SASMF) to discuss substantive consolidation and meeting with liquidating trustee. |
| Coulombe, Stephen L | 7/30/2009 | 0.8 | Read and comment on latest draft of plan of liquidation. |
| Cashman, Brian | 7/30/2009 | 1.7 | Read and comment on latest draft of disclosure statement. |
| Cashman, Brian | 7/30/2009 | 1.2 | Read and comment on latest draft of plan of liquidation. |
| Cashman, Brian | 7/30/2009 | 1.2 | Participate in meeting with R. Duffy (FTI), S. Coulombe (FTI) and G. Galardi (SASMF) to discuss substantive consolidation and meeting with liquidating trustee. |
| Lai, Stephanie | 7/30/2009 | 1.6 | Update claims waterfall for Omnibus Objections through 29. |
| Lai, Stephanie | 7/30/2009 | 1.3 | Update substantive consolidation analysis with updated Omnibus Objections and add high and low scenario. |
| Lai, Stephanie | 7/30/2009 | 1.3 | Update post petition intercompany activity with June 30th information. |
| Lai, Stephanie | 7/30/2009 | 1.1 | Update substantive consolidation analysis to incorporate intercompany activity. |
| Lai, Stephanie | 7/30/2009 | 1.0 | Prepare updated intercompany matrix with June 30th intercompany matrix. |
| Lai, Stephanie | 7/30/2009 | 0.7 | Review draft of substantive consolidation and continue to work on breaking apart proceeds and disbursements into sections based on debtor allocation assumptions. |
| Duffy, Robert J | 7/31/2009 | 2.0 | Meet with S. Coulombe (FTI) in preparation for meeting with Liquidating Trustee to discuss planning and next steps. |
| Coulombe, Stephen L | 7/31/2009 | 2.0 | Meet with R. Duffy (FTI) in preparation for meeting with Liquidating Trustee to discuss planning and next steps. |
| Duffy, Robert J | 7/31/2009 | 0.5 | Review listing of rebates and stratification of amounts from B. Cashman (FTI). |
| Cashman, Brian | 7/31/2009 | 1.7 | Participate in meeting with liquidating trustee at McGuireWoods. |
| Cashman, Brian | 7/31/2009 | 1.3 | Discuss treatment of amended PBGC claim in substantive consolidation analysis with J. Marcum (CC), D. Foley (MGW), S. Lai (FTI), and M. Mosier (CC). |
| Cashman, Brian | 7/31/2009 | 0.9 | Participate in meeting with client and its advisors to discuss meeting with liquidating trustee. |
| Cashman, Brian | 7/31/2009 | 0.7 | Review claims in inactive debtors to ensure accurate reporting in the substantive consolidation. |
| Cashman, Brian | 7/31/2009 | 0.7 | Update substantive consolidation for comments from Company. |
| Cashman, Brian | 7/31/2009 | 0.3 | Review listing of rebates and stratification of amounts. |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Plan of Liquidation/Disclosure Statement** | | | |
| Lai, Stephanie | 7/31/2009 | 1.3 | Discuss treatment of amended PBGC claim in substantive consolidation analysis with J. Marcum (CC), D. Foley (MGW), B. Cashman (FTI), and M. Mosier (CC). |
| Lai, Stephanie | 7/31/2009 | 0.7 | Prepare list of open items in substantive consolidation and claims management for work plan. |
| **Subtotal - Plan of Liquidation/Disclosure Statement** | | **206.3** | |
| **Travel** | | | |
| O'Loughlin, Morgan | 5/1/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/4/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Ryba, Lauren | 5/4/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/4/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/6/2009 | 2.0 | Travel from Richmond to Chicago (50% of actual time incurred). |
| Ryba, Lauren | 5/7/2009 | 2.0 | Travel from Richmond to  Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/7/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 5/11/2009 | 2.0 | Travel from Boston to New York (50% of actual time incurred). |
| Ryba, Lauren | 5/11/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/12/2009 | 2.0 | Travel from New York to Richmond (50% of actual time incurred). |
| Ryba, Lauren | 5/14/2009 | 2.0 | Travel from Richmond to  Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/14/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 5/15/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/18/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Ryba, Lauren | 5/18/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/18/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Duffy, Robert J | 5/19/2009 | 2.0 | Travel from New York to Boston (50% of actual time incurred). |
| Coulombe, Stephen L | 5/19/2009 | 2.0 | Travel from New York to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/19/2009 | 2.0 | Travel from Richmond to New York (50% of actual time incurred). |
| Duffy, Robert J | 5/20/2009 | 2.0 | Travel from New York to Boston (50% of actual time incurred). |
| Coulombe, Stephen L | 5/20/2009 | 2.0 | Travel from New York to Boston (50% of actual time incurred). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Travel** | | | |
| Cashman, Brian | 5/20/2009 | 2.0 | Travel from New York to Boston (50% of actual time incurred). |
| Ryba, Lauren | 5/21/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/22/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 5/26/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Ryba, Lauren | 5/26/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/26/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 5/28/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Ryba, Lauren | 5/28/2009 | 2.0 | Travel from Richmond to  Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 5/28/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/1/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Ryba, Lauren | 6/1/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/1/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/4/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Ryba, Lauren | 6/4/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/4/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 6/8/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/8/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/9/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 6/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/11/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Robinson, Joshua M. | 6/15/2009 | 2.5 | Travel from Chicago to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/15/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/16/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Robinson, Joshua M. | 6/17/2009 | 2.5 | Travel from Richmond to Chicago (50% of actual time incurred). |
| Cashman, Brian | 6/17/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 6/17/2009 | 2.0 | Travel from Chicago to Toronto (50% of actual time incurred). |
| Lai, Stephanie | 6/17/2009 | 2.0 | Travel from Toronto to Boston (50% of actual time incurred). |

**Circuit City Stores, Inc.**

**FTI Consulting, Inc.**

**Exhibit C - Complete Accounting of Time Expended by Day by Professional**

**For the Period 5/1/2009 through and including 7/31/2009**

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Travel** | | | |
| O'Loughlin, Morgan | 6/18/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 6/22/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 6/22/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/22/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Burke, Samantha | 6/22/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 6/25/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 6/25/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/25/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Burke, Samantha | 6/25/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 6/29/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 6/29/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Burke, Samantha | 6/29/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 7/2/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/2/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Burke, Samantha | 7/2/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 7/6/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 7/6/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/6/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Burke, Samantha | 7/6/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 7/8/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 7/9/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/9/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 7/13/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 7/13/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 7/13/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/13/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Flynn-Kasuba, Ryan | 7/13/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Cashman, Brian | 7/15/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit C - Complete Accounting of Time Expended by Day by Professional*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Hours | Description of Activity |
|---|---|---|---|
| **Travel** | | | |
| Lai, Stephanie | 7/16/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/16/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Flynn-Kasuba, Ryan | 7/16/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 7/20/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/20/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Flynn-Kasuba, Ryan | 7/20/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Coulombe, Stephen L | 7/21/2009 | 2.0 | Travel from New York to Richmond (50% of actual time incurred). |
| Cashman, Brian | 7/21/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| O'Loughlin, Morgan | 7/23/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 7/24/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 7/24/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Flynn-Kasuba, Ryan | 7/24/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 7/27/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Lai, Stephanie | 7/29/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Duffy, Robert J | 7/30/2009 | 2.0 | Travel from Boston to Richmond (50% of actual time incurred). |
| Duffy, Robert J | 7/31/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Cashman, Brian | 7/31/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |
| Lai, Stephanie | 7/31/2009 | 2.0 | Travel from Richmond to Boston (50% of actual time incurred). |

*Subtotal - Travel* **193.0**

*Total* **2,731.2**

EXHIBIT D


CIRCUIT CITY STORES, INC., , et al.,


DETAIL OF ACTUAL AND NECESSARY EXPENSES INCURRED BY EXPENSE CATEGORY

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| **Business Meals** | | | |
| Cashman, Brian | 5/4/2009 | $94.49 | Dinner for B. Cashman (FTI), J. Marcum (CC), M. O'Loughlin (FTI) and L. Ryba (FTI) |
| O'Loughlin, Morgan | 5/5/2009 | $160.43 | Dinner for J. Marcum (CC), S. Coulombe (FTI), B. Cashman (FTI), L. Ryba (FTI) and M. O'Loughlin (FTI) |
| Coulombe, Stephen L | 5/6/2009 | $114.71 | Dinner for S. Coulombe (FTI), M. O'Loughlin (FTI) and J. Marcum (CC) |
| Ryba, Lauren | 5/6/2009 | $36.34 | Dinner for L. Ryba (FTI) |
| O'Loughlin, Morgan | 5/11/2009 | $43.05 | Dinner for M. O'Loughlin (FTI) |
| Ryba, Lauren | 5/11/2009 | $18.75 | Dinner for L. Ryba (FTI) |
| Cashman, Brian | 5/12/2009 | $199.43 | Dinner for B. Cashman (FTI), L. Ryba (FTI), M. O'Loughlin (FTI) and J. Marcum (CC). |
| Ryba, Lauren | 5/13/2009 | $199.96 | Dinner for L. Ryba (FTI), M. O'Loughlin (FTI), B. Cashman (FTI) and J. Marcum (CC) |
| O'Loughlin, Morgan | 5/18/2009 | $18.02 | Dinner for M. O'Loughlin (FTI) |
| Ryba, Lauren | 5/18/2009 | $45.61 | Dinner for L. Ryba (FTI), B. Cashman (FTI) and J. Marcum (CC) |
| O'Loughlin, Morgan | 5/19/2009 | $80.43 | Dinner for L. Ryba (FTI) and M. O'Loughlin (FTI) |
| Cashman, Brian | 5/20/2009 | $18.00 | Dinner for B. Cashman (FTI) |
| Ryba, Lauren | 5/20/2009 | $99.44 | Dinner for L. Ryba (FTI) and M. O'Loughlin (FTI) |
| O'Loughlin, Morgan | 5/21/2009 | $38.64 | Dinner for M. O'Loughlin (FTI) |
| Cashman, Brian | 5/26/2009 | $199.24 | Dinner for B. Cashman (FTI), J. Marcum (CC), L. Ryba (FTI) and M. O'Loughlin (FTI) |
| Ryba, Lauren | 5/27/2009 | $66.59 | Dinner for L. Ryba (FTI), M. O'Loughlin (FTI), B. Cashman (FTI) and J. Marcum (CC) |
| Cashman, Brian | 5/28/2009 | $19.00 | Dinner for B. Cashman (FTI) and J. Marcum (CC) |
| Cashman, Brian | 6/1/2009 | $21.00 | Dinner for B. Cashman (FTI) |
| O'Loughlin, Morgan | 6/1/2009 | $87.24 | Dinner for  J. Marcum (CC), L. Ryba (FTI) and M. O'Loughlin (FTI) |
| Ryba, Lauren | 6/2/2009 | $96.05 | Dinner for L. Ryba (FTI) and M. O'Loughlin (FTI) |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 6/3/2009 | $233.19 | Dinner for B. Cashman (FTI), J. Marcum (CC), M. Mosier (CC), L. Ryba (FTI) and M. O'Loughlin (FTI) |
| O'Loughlin, Morgan | 6/4/2009 | $45.51 | Dinner for M. O'Loughlin (FTI) |
| Lai, Stephanie | 6/8/2009 | $93.38 | Dinner for M. O'Loughlin (FTI) J. Marcum (CC) and S. Lai (FTI) |
| Cashman, Brian | 6/9/2009 | $171.74 | Dinner for B. Cashman (FTI), S. Lai (FTI), M. O'Loughlin (FTI), J. Marcum (CC) and M. Foster (CC) |
| O'Loughlin, Morgan | 6/10/2009 | $99.25 | Dinner for J. Marcum (CC), B. Cashman (FTI), S. Lai (FTI) and M. O'Loughlin (FTI) |
| Robinson, Joshua M. | 6/15/2009 | $10.50 | Dinner for J. Robinson (FTI) |
| Robinson, Joshua M. | 6/16/2009 | $96.75 | Dinner for J. Robinson (FTI) and B. Cashman (FTI) |
| O'Loughlin, Morgan | 6/17/2009 | $47.12 | Dinner for M. O'Loughlin (FTI) |
| Cashman, Brian | 6/22/2009 | $345.57 | Dinner for B. Cashman (FTI), M. O'Loughlin (FTI), S. Lai (FTI), S. Burke (FTI), I. Fredericks (SASMF), D. Foley (MW), and D. Blanks (MW) |
| Cashman, Brian | 6/23/2009 | $496.69 | Dinner for B. Cashman (FTI), S. Lai (FTI), M O'Loughlin (FTI), S. Burke (FTI), J. Marcum (CC), M. Mosier (CC), D. Foley (MW), D. Blanks (MW), I. Fredericks (SASMF) and D Haves (MW) |
| O'Loughlin, Morgan | 6/29/2009 | $75.54 | Dinner for J. Marcum (CC), S. Lai (FTI), S. Burke (FTI) and M. O'Loughlin (FTI) |
| O'Loughlin, Morgan | 6/30/2009 | $84.18 | Dinner for J. Marcum (CC), S. Lai (FTI), S. Burke (FTI) and M. O'Loughlin (FTI) |
| Lai, Stephanie | 7/1/2009 | $199.24 | Dinner for S. Burke (FTI), M. O'Loughlin (FTI), J. Marcum (CC), S. Lai (FTI) |
| Cashman, Brian | 7/6/2009 | $449.85 | Dinner for B. Cashman (FTI), S. Lai (FTI), S. Burke (FTI), M. O'Loughlin (FTI), J. Marcum (CC), M. Mosier (CC), D. Miller (CC), I. Fredericks (SASMF) and D. Folev (MW) |
| Cashman, Brian | 7/7/2009 | $210.93 | Dinner for B. Cashman (FTI), S. Lai (FTI), S. Burke (FTI), M. O'Loughlin (FTI), J. Marcum (CC), |
| Lai, Stephanie | 7/8/2009 | $87.45 | Dinner for M. O'Loughlin (FTI), S. Lai (FTI) and S. Burke (FTI) |
| Cashman, Brian | 7/13/2009 | $251.00 | Dinner for B. Cashman (FTI), S. Lai (FTI), M. O'Loughlin (FTI), R. Flynn-Kasuba (FTI), and J. Marcum (CC) |
| Cashman, Brian | 7/14/2009 | $95.91 | Dinner for B. Cashman (FTI), S. Lai (FTI), M. O'Loughlin (FTI), R. Flynn-Kasuba (FTI), and J. Marcum (CC) |
| Cashman, Brian | 7/15/2009 | $18.00 | Dinner for B. Cashman (FTI) |
| O'Loughlin, Morgan | 7/15/2009 | $248.84 | Dinner for J. Marcum (CC), D. Foley (MGW), S. Lai (FTI), R. Flynn-Kasuba (FTI) and M. O'Loughlin (FTI) |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Lai, Stephanie | 7/20/2009 | $52.79 | Dinner for M. O'Loughlin (FTI), R. Flynn-Kasuba (FTI) and S. Lai (FTI) |
| Cashman, Brian | 7/22/2009 | $226.93 | Dinner for B. Cashman (FTI), S. Lai (FTI), M. O'Loughlin (FTI), R. Flynn-Kasuba (FTI), and J. Marcum (CC) |
| Cashman, Brian | 7/23/2009 | $89.81 | Dinner for B. Cashman (FTI), S Lai (FTI) and R. Flynn-Kasuba (FTI) |
| O'Loughlin, Morgan | 7/23/2009 | $19.22 | Dinner for M. O'Loughlin (FTI) |
| Cashman, Brian | 7/27/2009 | $55.24 | Dinner for B. Cashman (FTI) and J. Marcum (CC) |
| Cashman, Brian | 7/28/2009 | $45.32 | Dinner for B. Cashman (FTI) and J. Marcum (CC) |
| Cashman, Brian | 7/29/2009 | $145.00 | Dinner for B. Cashman (FTI), J. Marcum (CC) and S. Lai (FTI) |
| Cashman, Brian | 7/30/2009 | $130.31 | Dinner for B. Cashman (FTI), J. Marcum (CC) and S. Lai (FTI) |
| Cashman, Brian | 7/31/2009 | $68.23 | Dinner for B. Cashman (FTI) and J. Marcum (CC) |

**Subtotal - Business Meals**    **$5,849.91**

**Lodging**

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 5/5/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Coulombe, Stephen L | 5/7/2009 | $488.83 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan | 5/7/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Ryba, Lauren | 5/7/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 5/12/2009 | $356.53 | Hotel in New York for 1 night |
| Ryba, Lauren | 5/14/2009 | $588.30 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 5/15/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 5/15/2009 | $794.66 | Hotel in Richmond for 4 nights |
| Cashman, Brian | 5/19/2009 | $190.97 | Hotel in Richmond for 1 night |
| Cashman, Brian | 5/20/2009 | $475.16 | Hotel in New York for 1 night |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Duffy, Robert J | 5/20/2009 | $381.42 | Hotel in New York for 1 night |
| O'Loughlin, Morgan | 5/21/2009 | $779.27 | Hotel in Richmond for 4 nights |
| Ryba, Lauren | 5/21/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 5/28/2009 | $381.94 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan | 5/28/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Ryba, Lauren | 5/28/2009 | $383.20 | Hotel in Richmond for 2 nights |
| Cashman, Brian | 6/4/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 6/4/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Ryba, Lauren | 6/4/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 6/11/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Lai, Stephanie | 6/11/2009 | $708.51 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 6/11/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 6/17/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Lai, Stephanie | 6/17/2009 | $303.97 | Hotel in Toronto for 1 night |
| Robinson, Joshua M. | 6/17/2009 | $381.94 | Hotel in Richmond for 2 nights |
| O'Loughlin, Morgan | 6/18/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Burke, Samantha | 6/25/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 6/25/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Lai, Stephanie | 6/25/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 6/25/2009 | $572.91 | Hotel in Richmond for 3 nights |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Burke, Samantha | 7/2/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Lai, Stephanie | 7/2/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 7/2/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Burke, Samantha | 7/8/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 7/8/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Lai, Stephanie | 7/9/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 7/9/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Burke, Samantha | 7/15/2009 | $381.94 | Hotel in Richmond for 2 nights |
| Flynn-Kasuba, Ryan | 7/16/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Lai, Stephanie | 7/16/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 7/16/2009 | $572.91 | Hotel in Richmond for 3 nights |
| O'Loughlin, Morgan | 7/23/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Cashman, Brian | 7/24/2009 | $572.91 | Hotel in Richmond for 3 nights |
| Flynn-Kasuba, Ryan | 7/24/2009 | $763.88 | Hotel in Richmond for 4 nights |
| Lai, Stephanie | 7/24/2009 | $763.88 | Hotel in Richmond for 4 nights |
| Cashman, Brian | 7/31/2009 | $763.88 | Hotel in Richmond for 4 nights |
| Lai, Stephanie | 7/31/2009 | $381.94 | Hotel in Richmond for 2 nights |

**Subtotal - Lodging** | | **$24,738.79** |

**Other**

| Lai, Stephanie | 6/22/2009 | $9.00 | Internet Provider Charges - hotel |

**Subtotal - Other** | | **$9.00** |

**Transportation**

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Bibby, Thomas | 3/23/2009 | $158.00 | Roundtrip taxi home to airport |
| Cashman, Brian | 5/4/2009 | $157.25 | One way airfare Boston to Richmond |
| O'Loughlin, Morgan | 5/4/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan | 5/4/2009 | $309.20 | Roundtrip airfare Boston/Richmond |
| Ryba, Lauren | 5/4/2009 | $30.00 | Taxi home to airport |
| Cashman, Brian | 5/5/2009 | $120.00 | Parking at airport |
| Cashman, Brian | 5/5/2009 | $50.00 | Taxi hotel to airport |
| Cashman, Brian | 5/5/2009 | $153.57 | One way airfare Richmond to Chicago |
| Coulombe, Stephen L | 5/5/2009 | $329.15 | Roundtrip airfare Boston/Richmond |
| Coulombe, Stephen L | 5/6/2009 | $212.70 | Rental Car |
| Ryba, Lauren | 5/6/2009 | $456.79 | Rental car |
| Coulombe, Stephen L | 5/7/2009 | $72.00 | Parking at airport |
| O'Loughlin, Morgan | 5/7/2009 | $27.00 | Taxi airport to home |
| Ryba, Lauren | 5/7/2009 | $30.00 | Taxi airport to home |
| Ryba, Lauren | 5/7/2009 | $309.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 5/11/2009 | $158.15 | One way airfare Boston to New York |
| O'Loughlin, Morgan | 5/11/2009 | $434.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 5/11/2009 | $24.00 | Taxi home to airport |
| Ryba, Lauren | 5/11/2009 | $30.00 | Taxi home to airport |
| Ryba, Lauren | 5/11/2009 | $172.39 | One way airfare Boston to Richmond |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Ryba, Lauren | 5/11/2009 | $54.00 | Taxi airport to hotel |
| Waiting, Mark | 5/11/2009 | $43.98 | Taxi client to airport |
| Waiting, Mark | 5/11/2009 | $163.15 | One way airfare New York to Boston |
| Waiting, Mark | 5/11/2009 | $60.00 | Taxi airport to home |
| Waiting, Mark | 5/11/2009 | $52.00 | Taxi home to airport |
| Waiting, Mark | 5/11/2009 | $35.10 | Taxi airport to client |
| Waiting, Mark | 5/11/2009 | $133.15 | One way airfare Boston to New York |
| Cashman, Brian | 5/12/2009 | $191.40 | One way airfare New York to Richmond |
| Rinaldi, Scott A | 5/14/2009 | $16.50 | Roundtrip mileage from home to client |
| Ryba, Lauren | 5/14/2009 | $73.50 | Taxi client to airport |
| Ryba, Lauren | 5/14/2009 | $30.00 | Taxi airport to home |
| Ryba, Lauren | 5/14/2009 | $154.60 | One way airfare Richmond to Boston |
| Cashman, Brian | 5/15/2009 | $35.00 | Parking at office |
| Cashman, Brian | 5/15/2009 | $108.00 | Parking at airport |
| Cashman, Brian | 5/15/2009 | $179.60 | One way airfare Richmond to Boston |
| O'Loughlin, Morgan | 5/15/2009 | $272.53 | Rental car |
| O'Loughlin, Morgan | 5/15/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian | 5/18/2009 | $174.60 | One way airfare Boston to Richmond |
| O'Loughlin, Morgan | 5/18/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan | 5/18/2009 | $174.60 | One way airfare Boston to Richmond |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Ryba, Lauren | 5/18/2009 | $30.00 | Taxi home to airport |
| Cashman, Brian | 5/19/2009 | $11.20 | Taxi hotel to restaurant |
| Cashman, Brian | 5/19/2009 | $35.00 | Taxi airport to hotel |
| Cashman, Brian | 5/19/2009 | $174.60 | One way airfare Richmond to New York |
| Cashman, Brian | 5/19/2009 | $7.92 | Taxi hotel to legal office |
| Duffy, Robert J | 5/19/2009 | $100.00 | Taxi home to airport |
| Duffy, Robert J | 5/19/2009 | $100.00 | Taxi airport to hotel |
| Duffy, Robert J | 5/19/2009 | $183.15 | One way airfare Boston to New York |
| Cashman, Brian | 5/20/2009 | $158.15 | One way airfare Boston to New York |
| Cashman, Brian | 5/20/2009 | $72.00 | Parking at airport |
| Cashman, Brian | 5/20/2009 | $35.00 | Taxi hotel to airport |
| Duffy, Robert J | 5/21/2009 | $147.83 | One way airfare New York to Boston |
| Duffy, Robert J | 5/21/2009 | $100.00 | Taxi client to airport |
| Duffy, Robert J | 5/21/2009 | $100.00 | Taxi airport to home |
| Ryba, Lauren | 5/21/2009 | $30.00 | Taxi airport to home |
| Ryba, Lauren | 5/21/2009 | $76.00 | Taxi client to airport |
| Ryba, Lauren | 5/21/2009 | $154.60 | One way airfare Boston to Richmond |
| Ryba, Lauren | 5/21/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 5/22/2009 | $24.00 | Taxi airport to home |
| O'Loughlin, Morgan | 5/22/2009 | $198.70 | One way airfare Richmond to Boston |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 5/25/2009 | $311.73 | Rental car |
| Cashman, Brian | 5/26/2009 | $154.60 | One way airfare Boston to Richmond |
| O'Loughlin, Morgan | 5/26/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan | 5/26/2009 | $65.50 | Taxi airport to client |
| O'Loughlin, Morgan | 5/26/2009 | $173.70 | One way airfare Boston to Richmond |
| Ryba, Lauren | 5/26/2009 | $30.00 | Taxi home to airport |
| Cashman, Brian | 5/28/2009 | $266.63 | Rental car |
| Cashman, Brian | 5/28/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 5/28/2009 | $72.00 | Parking at airport |
| O'Loughlin, Morgan | 5/28/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 5/28/2009 | $24.00 | Taxi airport to home |
| Ryba, Lauren | 5/28/2009 | $30.00 | Taxi airport to home |
| Ryba, Lauren | 5/28/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 6/1/2009 | $24.00 | Taxi home to airport |
| Ryba, Lauren | 6/1/2009 | $30.00 | Taxi home to airport |
| Robinson, Joshua M. | 6/2/2009 | $15.00 | Taxi office to home |
| Robinson, Joshua M. | 6/3/2009 | $15.00 | Taxi office to home |
| Cashman, Brian | 6/4/2009 | $459.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 6/4/2009 | $35.00 | Parking at office |
| Cashman, Brian | 6/4/2009 | $84.00 | Parking at airport |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 6/4/2009 | $321.90 | Rental Car |
| O'Loughlin, Morgan | 6/4/2009 | $334.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 6/4/2009 | $24.00 | Taxi airport to home |
| Ryba, Lauren | 6/4/2009 | $30.00 | Taxi airport to home |
| Ryba, Lauren | 6/4/2009 | $334.20 | Roundtrip airfare Boston/Richmond |
| Lai, Stephanie | 6/8/2009 | $179.60 | One way airfare Boston to Richmond |
| Lai, Stephanie | 6/8/2009 | $23.00 | Taxi home to airport |
| O'Loughlin, Morgan | 6/8/2009 | $24.00 | Taxi home to airport |
| Cashman, Brian | 6/9/2009 | $60.00 | Taxi airport to client |
| Cashman, Brian | 6/11/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 6/11/2009 | $72.00 | Parking at airport |
| Lai, Stephanie | 6/11/2009 | $179.60 | One way airfare Richmond to Boston |
| Lai, Stephanie | 6/11/2009 | $306.90 | Rental Car |
| Lai, Stephanie | 6/11/2009 | $48.60 | Taxi airport to home |
| O'Loughlin, Morgan | 6/11/2009 | $24.00 | Taxi home to airport |
| Robinson, Joshua M. | 6/15/2009 | $35.00 | Taxi airport to downtown |
| Robinson, Joshua M. | 6/15/2009 | $1,064.60 | One way airfare Chicago to Richmond |
| Robinson, Joshua M. | 6/15/2009 | $50.00 | Taxi home to airport |
| Lai, Stephanie | 6/16/2009 | $548.16 | One way airfare Chicago to Toronto |
| Lai, Stephanie | 6/16/2009 | $60.00 | Taxi airport to hotel |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| O'Loughlin, Morgan | 6/16/2009 | $356.07 | One way airfare Chicago to Richmond |
| O'Loughlin, Morgan | 6/16/2009 | $50.00 | Taxi airport to hotel |
| Cashman, Brian | 6/17/2009 | $179.60 | One way airfare Richmond to Boston |
| Cashman, Brian | 6/17/2009 | $72.00 | Parking at airport |
| Lai, Stephanie | 6/17/2009 | $1,060.13 | One way airfare Toronto to Boston |
| Lai, Stephanie | 6/17/2009 | $30.00 | Taxi airport to home |
| Lai, Stephanie | 6/17/2009 | $64.75 | Taxi office to airport |
| Robinson, Joshua M. | 6/17/2009 | $337.60 | One way airfare Richmond to Chicago |
| Robinson, Joshua M. | 6/17/2009 | $40.00 | Taxi airport to home |
| Cashman, Brian | 6/18/2009 | $313.12 | Rental Car |
| O'Loughlin, Morgan | 6/18/2009 | $334.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 6/18/2009 | $24.00 | Taxi home to airport |
| O'Loughlin, Morgan | 6/18/2009 | $18.93 | Gas for Rental Car |
| Burke, Samantha | 6/22/2009 | $48.00 | Taxi home to airport |
| Burke, Samantha | 6/22/2009 | $379.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 6/22/2009 | $319.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 6/22/2009 | $104.60 | Taxi home to airport |
| Lai, Stephanie | 6/22/2009 | $25.00 | Taxi home to airport |
| O'Loughlin, Morgan | 6/22/2009 | $24.00 | Taxi home to airport |
| Burke, Samantha | 6/25/2009 | $48.05 | Taxi airport to home |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Burke, Samantha | 6/25/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 6/25/2009 | $249.63 | Rental Car |
| Cashman, Brian | 6/25/2009 | $50.00 | Taxi hotel to airport |
| Lai, Stephanie | 6/25/2009 | $369.20 | Roundtrip airfare Boston/Richmond |
| Lai, Stephanie | 6/25/2009 | $30.00 | Taxi airport to home |
| Lai, Stephanie | 6/25/2009 | $274.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 6/25/2009 | $379.20 | Roundtrip airfare Boston/Richmond |
| O'Loughlin, Morgan | 6/25/2009 | $24.00 | Taxi airport to home |
| O'Loughlin, Morgan | 6/25/2009 | $14.81 | Gas for Rental Car |
| Burke, Samantha | 6/29/2009 | $60.00 | Taxi home to airport |
| Lai, Stephanie | 6/29/2009 | $25.00 | Taxi home to airport |
| O'Loughlin, Morgan | 6/29/2009 | $24.00 | Taxi home to airport |
| Burke, Samantha | 7/2/2009 | $45.00 | Taxi airport to home |
| Lai, Stephanie | 7/2/2009 | $20.00 | Taxi office to home |
| Lai, Stephanie | 7/2/2009 | $27.00 | Taxi airport to office |
| Lai, Stephanie | 7/2/2009 | $187.53 | Rental Car |
| O'Loughlin, Morgan | 7/2/2009 | $284.20 | Roundtrip airfare Richmond/Boston |
| O'Loughlin, Morgan | 7/2/2009 | $24.00 | Taxi airport to home |
| Burke, Samantha | 7/6/2009 | $444.20 | Roundtrip airfare Boston/Richmond |
| Burke, Samantha | 7/6/2009 | $50.00 | Taxi home to airport |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 7/6/2009 | $159.60 | One way airfare Boston/Richmond |
| Lai, Stephanie | 7/6/2009 | $25.00 | Taxi home to airport |
| O'Loughlin, Morgan | 7/6/2009 | $24.00 | Taxi home to airport |
| Cashman, Brian | 7/8/2009 | $184.60 | One way airfare Boston/Richmond |
| Cashman, Brian | 7/8/2009 | $50.00 | Taxi hotel to airport |
| Cashman, Brian | 7/8/2009 | $30.00 | Parking at Office |
| Cashman, Brian | 7/8/2009 | $187.53 | Rental Car |
| Cashman, Brian | 7/8/2009 | $60.00 | Parking at Airport |
| Cashman, Brian | 7/8/2009 | $35.00 | Parking at Airport |
| Lai, Stephanie | 7/9/2009 | $469.20 | Roundtrip airfare Richmond/Boston |
| Lai, Stephanie | 7/9/2009 | $28.00 | Taxi airport to office |
| Lai, Stephanie | 7/9/2009 | $20.00 | Taxi office to home |
| O'Loughlin, Morgan | 7/9/2009 | $344.20 | Roundtrip airfare Richmond/Boston |
| O'Loughlin, Morgan | 7/9/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian | 7/13/2009 | $219.60 | One way airfare Boston/Richmond |
| Flynn-Kasuba, Ryan | 7/13/2009 | $42.50 | Taxi home to airport |
| Lai, Stephanie | 7/13/2009 | $25.00 | Taxi home to airport |
| Lai, Stephanie | 7/13/2009 | $219.60 | One way airfare Boston/Richmond |
| O'Loughlin, Morgan | 7/13/2009 | $24.00 | Taxi home to airport |
| Cashman, Brian | 7/15/2009 | $189.60 | One way airfare Richmond/Boston |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Cashman, Brian | 7/15/2009 | $72.00 | Parking at Airport |
| Cashman, Brian | 7/16/2009 | $187.53 | Rental Car |
| Flynn-Kasuba, Ryan | 7/16/2009 | $379.20 | Roundtrip airfare Boston/Richmond |
| Flynn-Kasuba, Ryan | 7/16/2009 | $35.35 | Taxi airport to home |
| Lai, Stephanie | 7/16/2009 | $189.60 | One way airfare Richmond/Boston |
| Lai, Stephanie | 7/16/2009 | $30.00 | Taxi airport to home |
| O'Loughlin, Morgan | 7/16/2009 | $354.20 | Roundtrip airfare Richmond/Boston |
| O'Loughlin, Morgan | 7/16/2009 | $24.00 | Taxi airport to home |
| Flynn-Kasuba, Ryan | 7/20/2009 | $40.00 | Taxi home to airport |
| O'Loughlin, Morgan | 7/20/2009 | $24.00 | Taxi home to airport |
| Cashman, Brian | 7/21/2009 | $70.00 | Taxi airport to CC office |
| Cartwright, Emily | 7/23/2009 | $12.00 | Taxi office to home |
| Cashman, Brian | 7/23/2009 | $4.00 | Parking for Bankruptcy Court |
| O'Loughlin, Morgan | 7/23/2009 | $224.60 | One way airfare Richmond/Boston |
| O'Loughlin, Morgan | 7/23/2009 | $24.00 | Taxi airport to home |
| Cashman, Brian | 7/24/2009 | $84.00 | Parking at Airport |
| Cashman, Brian | 7/24/2009 | $354.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 7/24/2009 | $20.68 | Gas for Rental Car |
| Flynn-Kasuba, Ryan | 7/24/2009 | $354.20 | Roundtrip airfare Boston/Richmond |
| Lai, Stephanie | 7/24/2009 | $22.00 | Taxi office to home |

*Circuit City Stores, Inc.*

*FTI Consulting, Inc.*

*Exhibit D - Detail of Actual and Necessary Expenses Incurred by Expense Category*

*For the Period 5/1/2009 through and including 7/31/2009*

| Professional | Date | Amount | Narrative |
|---|---|---|---|
| Lai, Stephanie | 7/24/2009 | $313.13 | Rental Car |
| Lai, Stephanie | 7/24/2009 | $454.20 | Roundtrip airfare Boston/Richmond |
| Cashman, Brian | 7/27/2009 | $27.00 | Parking at Office |
| Cashman, Brian | 7/27/2009 | $269.60 | One way airfare Boston/Richmond |
| Lai, Stephanie | 7/29/2009 | $189.60 | One way airfare Boston/Richmond |
| Lai, Stephanie | 7/29/2009 | $53.75 | Taxi airport to CC office |
| Lai, Stephanie | 7/29/2009 | $25.00 | Taxi home to airport |
| Cashman, Brian | 7/31/2009 | $224.60 | One way airfare Richmond/Boston |
| Cashman, Brian | 7/31/2009 | $311.73 | Rental Car |
| Cashman, Brian | 7/31/2009 | $19.36 | Gas for Rental Car |
| Cashman, Brian | 7/31/2009 | $120.00 | Parking at Airport |
| Lai, Stephanie | 7/31/2009 | $30.00 | Taxi airport to hotel |
| Lai, Stephanie | 7/31/2009 | $209.00 | One way airfare Richmond/Boston |

| | | | |
|---|---|---|---|
| *Subtotal - Transportation* | | $28,269.16 | |
| *Total* | | **$58,866.86** | |

EXHIBIT E

CIRCUIT CITY STORES, INC., et al.,

COPY OF THE RETENTION ORDER AUTHORIZING EMPLOYMENT OF THE

APPLICANT

Gregg M. Galardi, Esq.                Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.               Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &       MCGUIREWOODS LLP
FLOM, LLP                             One James Center
One Rodney Square                     901 E. Cary Street
PO Box 636                            Richmond, Virginia 23219
Wilmington, Delaware 19899-0636       (804) 775-1000
(302) 651-3000

                - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION
- - - - - - - - - - - - - - x
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :    Jointly Administered
              Debtors.          :    **Hrg. Date: December 5, 2008**
                                :    **at 10:00 a.m. (ET)**
                                :    **Obj. Due: December 3, 2008 at**
                                :    **4:00 p.m. (ET)**
- - - - - - - - - - - - - - x

   **DEBTORS' APPLICATION FOR ORDER UNDER BANKRUPTCY CODE
   SECTIONS 105(a), 327(a), 328 AND 1107 AND BANKRUPTCY
   RULE 2014(a), AUTHORIZING THE EMPLOYMENT AND RETENTION
   OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE
   DEBTORS EFFECTIVE AS OF THE PETITION DATE**

         The debtors and debtors in possession in the

above-captioned cases (collectively, the "Debtors"),[1]

seek entry of an order, under sections 105(a), 327(a),

328 and 1107 of title 11 of the United States Code (the

"Bankruptcy Code"), as supplemented by Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local

Rules"), authorizing the employment and retention of FTI

Consulting, Inc., together with its wholly owned

subsidiaries, agents and independent contractors

(collectively "FTI"), as financial advisors and

consultants for the Debtors effective as of the date of

the filing of these bankruptcy cases, November 10, 2008

---

[1]     The Debtors are the following entities: The Debtors and the
last four digits of their respective taxpayer identification
numbers are as follows: Circuit City Stores, Inc. (3875),
Circuit City Stores West Coast, Inc. (0785), InterTAN, Inc.
(0875), Ventoux International, Inc. (1838), Circuit City
Purchasing Company, LLC (5170), CC Aviation, LLC (0841), CC
Distribution Company of Virginia, Inc. (2821), Circuit City
Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott
Advertising Agency, Inc. (4659), Patapsco Designs, Inc.(6796),
Sky Venture Corp. (0311), Prahs, Inc.(n/a), XSStuff, LLC
(9263), Mayland MN, LLC (6116), Courcheval, LLC (n/a), Orbyx
Electronics, LLC (3360), and Circuit City Stores PR, LLC
(5512).  The address for Circuit City Stores West Coast, Inc.
is 9250 Sheridan Boulevard, Westminster, Colorado 80031.  For
all other Debtors, the address is 9950 Mayland Drive,
Richmond, Virginia 23233.

(the "Petition Date").  In support of the Application,
the Debtors rely upon the Affidavit of Robert J. Duffy,
sworn to on November 17, 2008 (the "Duffy Affidavit"), a
copy of which is attached hereto as Exhibit A.  In
further support of this Application, the Debtors
respectfully represent as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider
this Application under 28 U.S.C. §§ 157 and 1334.  This
is a core proceeding under 28 U.S.C. § 157(b).  Venue of
these cases and this Application in this district is
proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief
requested herein are Bankruptcy Code sections 105(a),
327(a), 328 and 1107, as supplemented by Bankruptcy Rule
2014 and Local Rule 2014-1.

### BACKGROUND

3.    On November 10, 2008 (the "Petition
Date"), the Debtors filed voluntary petitions in this
Court for relief under chapter 11 of the Bankruptcy
Code.

4.    The Debtors continue to manage and

operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.   On November 12, 2008, the Office of the United States Trustee for the Eastern District of Virginia (the "United States Trustee") appointed a statutory committee of unsecured creditors.  To date, no trustee or examiner has been appointed in these chapter 11 cases.

6.   Based in Richmond, Virginia, Debtors are a leading specialty retailer of consumer electronics and operate large nationwide electronics stores throughout the United States and Puerto Rico that sell, among other things, televisions, home theatre systems, computers, camcorders, furniture, software, imaging and telecommunications products, and other audio and video electronics.

7.   Despite significant revenues, the Debtors have suffered two consecutive years of losses.  While the Debtors made every effort to improve their financial performance and implement a global turnaround strategy, they were ultimately unable to consummate a successful restructuring outside of bankruptcy.  In large part, the

Debtors' chapter 11 filings were due to an erosion of
vendor confidence, decreased liquidity and the global
economic crisis.

8.    Thus, the Debtors commenced these cases
with the immediate goals of obtaining adequate
postpetition financing and continuing their
restructuring initiatives commenced prior to the
Petition Date, including closing 154 stores.  In
addition, the Debtors will continue to evaluate their
business, work closely with their vendors, and enhance
customer relations with a goal of emerging from chapter
11 as a financially stable going concern.

**RELIEF REQUESTED**

9.    By this Application, the Debtors seek
entry of an order, under Bankruptcy Code sections
105(a), 327(a), 328 and 1107 authorizing the employment
and retention of FTI as their financial advisors and
consultants in these chapter 11 cases, effective as of
the Petition Date.

**BASIS FOR RELIEF REQUESTED**

10.    FTI commenced its engagement with the
Debtors on August 15, 2008 pursuant to an engagement

5

letter (the "Engagement Letter"), a copy of which is
attached to the Duffy Affidavit as Exhibit 1A.  Pursuant
to the Engagement Letter, the Debtors retained FTI to
provide financial advisory and consulting services.  FTI
and the Debtors executed a revised restructuring
engagement letter on November 5, 2008 (together with the
Engagement Letter, the "Engagement Letters"), a copy of
which is attached to the Duffy Affidavit as Exhibit 1B.
The Debtors and FTI have worked closely with respect to
the matters set forth in both Engagement Letters.  FTI
has assisted the Debtors in the financial aspects of
their restructuring efforts and in the Debtors'
preparation of these bankruptcy cases.

        11.   The Debtors are familiar with the
professional standing and reputation of FTI.  Indeed,
the consideration of this professional standing and
reputation was a critical element in the Debtors'
decision to enter into the Engagement Letters between
the Debtors and FTI.  Among other things, the Debtors
understand that FTI has a wealth of experience in
providing financial advisory and consulting services in
restructurings and reorganizations and enjoys an

6

excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

12.   Since the time FTI was first engaged by the Debtors, FTI has developed a great deal of institutional knowledge regarding the Debtors' operations, finance and systems.  The Debtors believe that this institutional experience and knowledge will be valuable to the Debtors in their efforts to reorganize.

13.   The Debtors believe that the services of FTI will be critical to the Debtors' efforts to maximize the value of their estates and to reorganize successfully.  Further, the Debtors believe that FTI is well qualified and able to represent the Debtors in a cost-effective, efficient and timely manner.

14.   Accordingly, the Debtors wish to retain FTI to provide assistance during these bankruptcy cases pursuant to the terms of the Engagement Letters.

**SCOPE OF SERVICES**

15.   Pursuant to the terms of the Engagement Letters, FTI has provided, is providing and will continue to provide such consulting and advisory

7

services[2] as FTI and the Debtors deem appropriate and
feasible in order to advise the Debtors in the course of
these chapter 11 cases.  Specifically, FTI will render
various services to the Debtors including, but not
limited to, the following:

**Store Footprint Analysis**
- Analyze liquidity and earnings impact of potential store closures.
- Provide assistance with contract terms for disposition of leases.
- Develop informational materials to support store closing processes.
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores.
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition.
- Prepare information package for landlord conference calls and participate in lease termination discussions.
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations.

**Liquidity Forecasting**
- Evaluate current liquidity position and expected future cash flows.
- Assist with management and control of cash disbursements.

---

[2]   Capitalized terms not otherwise defined in this paragraph
shall have the meanings ascribed to such terms in the
Engagement Letters.

- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested.

**Restructuring/Other Advisory Services**
- Assist with development of an out-of-court restructuring plan and related financial projections.
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives.
- Analyze long term capital need to effectuate potential out-of court restructuring and capital structure alternatives.
- Assist with working capital management and liquidity forecasting.
- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring.
- Assist management with development of employee retention and communications programs.
- Assist management in developing strategy relating to merchandise and other vendors.
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring.
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring.
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management.

**Asset Sales**
- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture

9

fixtures and equipment other tangible assets)
to inventory disposition firms including
conducting a 363 sale process, contacting
potential buyers, facilitating due diligence
requests, negotiating asset purchase
agreement(s) and conducting a final auction.

- Prepare "bid packages" for Liquidators and
  manage selection process.
- Solicit potential inventory Liquidators
  for going-out-of-business sale process.
- Assist the Company in the negotiation of
  an Agency agreement.
- Manage the process to liquidate stores and
  conduct going-out-business sales in the
  ordinary course of business.
- Solicit bids from real estate consulting
  firms to evaluate lease mitigation
  strategies.

- Assist with data collection and information
  gathering related to third party due diligence.
- Advise and assist the Company and other
  professionals retained by the Company in
  developing, negotiating and executing plan of
  reorganization scenarios, 363 sales or other
  potential sales of assets or business units.

**Contingency Planning**
- Assist management and the Board of Directors in
  contingency planning including the evaluation,
  planning and execution of a potential Chapter
  11 filing.
- Assist Company personnel with the
  communications and negotiations, at your
  request and under your guidance, with lenders,
  creditors, and other parties-in-interest
  including the preparation of financial
  information for distribution to such parties-
  in-interest.
- Advise and assist the Company in the
  compilation and preparation of financial
  information necessary due to requirements of
  the Bankruptcy Court and/or Office of the US
  Trustee.

10

- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes.
- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors.
- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action.
- Assist the Debtors in the preparation of financial related disclosures required by this Court including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports.
- Assist the Debtors in claims processing, analysis, and reporting, including plan classification modeling and claim estimation.
- Assist the Debtors in responding to and tracking reclamation, 503(b)(9) and consignment claims.

**Financing**
- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing.
- Advise the Company in the process of identifying and reviewing debtor in possession ("DIP") financing and assist the Company in preparing a collateral package in support of such financing.

**Other**
- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

11

## FTI'S DISINTERESTEDNESS

16.   FTI has informed the Debtors that, except as may be set forth in the Duffy Affidavit, it (i) has no connection with the Debtors, its creditors or other parties in interest in this case; (ii) does not hold or represent any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined within Bankruptcy Code section 101(14).

17.   FTI has further informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts, connections or relationships are discovered or arise, FTI will supplement its disclosure to the Court.

18.   FTI has also agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

19.   The Debtors believe that FTI is not owed any amounts with respect to its prepetition fees and expenses.

## TERMS OF RETENTION

20.   The Debtors understand that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for financial advisory and consultants support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the United States Trustee.  The customary hourly rates, subject to periodic adjustments, charged by FTI's professionals anticipated to be assigned to this case are as follows:

**Standard Hourly Rates**

| | |
|---|---|
| Senior Managing Directors | $650 - $715 |
| Directors/Managing Directors | $475 - $620 |
| Consultants/Senior Consultants | $235 - $415 |
| Administrative/Paraprofessionals | $95  - $190 |

**Completion Fee**

21.   The Company, in its sole and absolute discretion, may pay FTI (i) a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company and (ii) a fee (a "Financing Fee") in the event additional financing is obtained.  The Completion Fee may be paid

to FTI under the following scenarios:

- In the event the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.

- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

The Financing Fee may be paid to FTI under the following scenarios:

**Financing Fee**

**Second Lien Financing**

- A total Financing Fee of 1.0% of the commitment of second lien DIP financing will be earned by FTI.  Such fees will be earned and paid upon interim court approval or closing of such financing.

**Senior Loan Financing**

- In the event the Company seeks to refinance its existing senior debt outside of a chapter 11 proceeding or secure senior debt as part of a DIP financing, a financing fee of .25% of the commitment amount will be earned and paid upon interim court approval or closing of such financing.
- A total financing fee of 0.25% of the commitment of senior DIP financing will be earned by FTI.  Such fees will be earned and paid upon interim court approval or closing of such financing.

14

22.  FTI has requested that it be engaged under a general retainer.  The Debtors believe that FTI should be employed under a general retainer because of the variety and complexity of the services that will be required during these proceedings.

23.  FTI has received from the Debtors total "on account" cash in the amount of $750,000 (the "On-Account Cash"), which was increased from $550,000 on November 5, 2008.  Attached as Exhibit 4 to the Duffy Affidavit is a list of the invoices sent by FTI and the payments made by the Company.  As set forth on such Exhibit 4, since commencing the engagement, FTI has invoiced the Company in the aggregate amount of $3,228,924, which amount reflects $2,336,490 billed to the Company for professional services, $142,434 for out of pocket expense reimbursement and the $750,000 held as On-Account Cash.  As also shown on Exhibit 4, prior to the Petition Date, FTI applied $0 of its initial $750,000 cash on account for estimated fees and expenses.

24.  FTI has informed the Debtors that as promptly as practicable after all fees and charges

15

accrued prior to the Petition Date have been finally posted within FTI's computerized billing system, FTI will issue a final billing statement to the Company for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date (the "Final Prepetition Bill Amount").  Pursuant to the Engagement Letters, and subject to any orders of the Court, FTI will deduct the Final Prepetition Bill Amount from the On-Account Cash.  To the extent that the Final Prepetition Bill Amount is less than the On-Account Cash, FTI has indicated that it will hold the full amount of the difference as a post-petition retainer to be applied against any amounts approved by the Court in connection with FTI's final fee application.  In the event that the Final Prepetition Bill Amount exceeds the On-Account Cash, FTI has agreed to waive any claim against the Debtors for payment with respect to the amount by which the Final Prepetition Bill Amount exceeds the On-Account Cash.  FTI has further informed the Debtors that the On-Account Cash will not be segregated by FTI in a separate account.

## NOTICE

25.   Notice of this Application has been
provided to those parties entitled to notice under this
Court's Order Pursuant to Bankruptcy Code Sections 102
and 105, Bankruptcy Rules 2002 and 9007, and Local
Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain
Notice, Case Management, and Administrative Procedures
(D.I. 136).   The Debtors submit that, under the
circumstances, no other or further notice need be given.

## WAIVER OF MEMORANDUM OF LAW

26.   Pursuant to Local Bankruptcy Rule 9013-
1(G), and because there are no novel issues of law
presented in the Application and all applicable
authority is set forth in the Application, the Debtors
request that the requirement that all applications be
accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

27.   No previous request for the relief sought
herein has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request

that the Court enter an order, substantially in the form

annexed hereto, granting the relief requested in the

Application and such other and further relief as may be

just and proper.

Dated:      Richmond, Virginia
            November 18, 2008

                    Circuit City Stores, Inc.



                    /s/ Bruce H. Besanko
                    Bruce H. Besanko
                    Executive Vice President and Chief
                    Financial Officer

Dated: November 18, 2008
      Richmond, Virginia

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Chris L. Dickerson, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

        - and -

MCGUIREWOODS LLP

/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel for Debtors and Debtors in Possession

## EXHIBIT A
**Duffy Affidavit**

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

                 - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - x
                          :
In re:                    :   Chapter 11
                          :
CIRCUIT CITY STORES, INC.,:   Case No. 08-35653 (KRH)
et al.,                   :
                          :
              Debtors.    :   Jointly Administered
- - - - - - - - - - - - - x

**AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION
FOR AN ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS
FINANCIAL ADVISOR FOR THE DEBTORS**

STATE OF MASSACHUSETTS    )
                          )  ss.
COUNTY OF SUFFOLK         )

I, Robert J. Duffy, being duly sworn, depose and

say:

1.    I am a Senior Managing Director with FTI

Consulting, Inc. (together with its wholly owned

subsidiaries, agents, independent contractors and

employees, "FTI"), a financial advisory services firm

with offices located at numerous locations around the

world.   I submit this Affidavit on behalf of FTI (the

"Affidavit")and in support of the application (the

"Application") of Circuit City Stores, Inc., the debtors

and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), for an order authorizing

the employment and retention of FTI as Financial

Advisors under the terms and conditions set forth in the

Application. Except as otherwise noted,[1] I have personal

knowledge of the matters set forth herein.

### DISINTERESTEDNESS AND ELIGIBILITY

2.    In connection with the preparation of this

Affidavit, FTI's professionals conducted a review of its

professional contacts with the Debtors, their affiliates,

and other parties in interest that were reasonably known

---

[1]     Certain of the disclosures herein relate to matters within the
personal knowledge of other professionals at FTI and are based
on information from them.

2

to us.  Our review, completed under my supervision,

consisted of queries of an internal computer database

containing names of individuals and entities that are

present or recent former clients of FTI in order to

identify potential relationships.  FTI's search included

the following types of entities: the Debtors and its

subsidiaries, non-debtor affiliates, the Debtors'

directors and officers, secured lenders, significant

merchandise creditors, significant vendors, significant

real and personal property lessors, significant

shareholders, consignors, third party administrators,

potential liquidators, litigation parties, banks,

attorneys and professionals. A listing of the parties

reviewed is reflected on Exhibit 2 to this Affidavit.  A

summary of such relationships that FTI identified during

this process is set forth on Exhibit 3 to this Affidavit.

If any new relevant facts or relationships are

discovered or arise, FTI will promptly file a Bankruptcy

Rule 2014(a) Supplemental Affidavit.

    3.   FTI has initiated ethical walls relating to

two matters to ensure that FTI's representation of

another party does not have a materially adverse impact

3

on the Debtors.  First, FTI is currently engaged by

Syntax Brillian and the Debtors are a party to

litigation with Syntax Brillian.  The ethical wall was

established on September 3, 2008.  Second, FTI is

currently engaged by Magellan and Magellan is a

potential creditor of the Debtors.   The ethical wall

was established October 28, 2008.

4.  From the results of such review, we were not

made aware of any conflicts of interest or additional

relationships that we believe would preclude us from

performing our services.  No FTI personnel working on

this engagement performed any services for either Syntax

Brillian or Magellan following the date of execution of

the ethical wall agreements.  FTI personnel working

under my direction have been subject to ethical walls to

avoid any leakage of information or engagement-related

communications with FTI personnel assigned to assist

Syntax Brillian or Magellan.  These ethical walls remain

in effect as of the date of this Affidavit.  As part of

the ethical wall, FTI has instituted information

blocking systems to prevent the exchange of information

regarding the Debtors between the groups involved within FTI.

5.     Financial Dynamics ("FD"), a division of FTI, is employed by the Debtors to provide communications services.   FD is not a creditor and these services are being provided in the ordinary course of business.

6.     Otherwise, based on the results of its review of parties-in-interest associated with the Debtors, FTI does not have a relationship with any of the parties on the Exhibit 2 in matters related to these proceedings. FTI has provided and could reasonably be expected to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 3. FTI's assistance to these parties has been related to providing various financial, restructuring, litigation support and/or engineering and scientific investigation consulting services.   To the best of my knowledge, no services have been provided to the parties-in-interest which involve their rights in the Debtors' cases, nor does FTI's involvement in this case compromise its ability to continue such consulting services.

7.    Further, as part of its diverse practice, FTI
appears in numerous cases, proceedings and transactions
that involve many different professionals, including
attorneys, accountants and financial consultants, who
may represent claimants and parties-in-interest in the
Debtors' chapter 11 cases.  Also, FTI has performed in
the past, and may perform in the future, advisory
consulting services for various attorneys and law firms,
and has been represented by several attorneys and law
firms, some of whom may be involved in these proceedings.
In addition, FTI has in the past, may currently and will
likely in the future be working with or against other
professionals involved in these cases in matters
unrelated to the Debtors and these cases. Based on our
current knowledge of the professionals involved, and to
the best of my knowledge, none of these relationships
create interests materially adverse to the Debtors in
matters upon which FTI is to be employed, and none are
in connection with these cases.

8.    FTI does not believe it is a "Creditor" of any
of the Debtors within the meaning of Bankruptcy Code
section 101(10).  Further, neither I nor any other FTI

partner or principal, to the best of my knowledge, is a holder of any shares of the Debtors' stock.

9. Based on the results of the relationship search conducted to date as described above, FTI has no known significant connection to the above-captioned Debtors, their creditors, equity security holders, other parties-in-interest (as reasonably known to us) or their respective attorneys, except as disclosed or otherwise described herein. Further, to the best of my knowledge, no one involved in this case or in FTI's practice generally has any connection to the U.S. Trustee or any person employed in the Office of the U.S. Trustee in this District.

10. As such, to the best of my knowledge, FTI is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), in that FTI

> (1) is not a creditor, equity security holder or insider of the Debtors;

> (2) is not and was not within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

7

In addition, to the best of my knowledge and based upon the results of the relationship search described above, FTI neither holds nor represents an interest adverse to the Debtors within the meaning of Bankruptcy Code section 327(a).

11.  It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest.  If any new relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

### PROFESSIONAL COMPENSATION

12.  Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on an hourly basis for the financial and other consulting services outlined in the application, and reimbursement of actual and necessary expenses incurred by FTI.  FTI's customary hourly rates as charged to both bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the

Application for the employment of FTI. These hourly rates are adjusted annually.

13.  Further, according to FTI's books and records, during the ninety days prior to the Debtors' petition date, FTI received $3,228,924 as set forth on Exhibit 4, which amount reflects $2,336,490 billed to the Company for professional services, $142,434 for out of pocket expense reimbursement and the $750,000 held as On-Account Cash.

14.  No commitments have been made or received by FTI, nor any partner or employee associate thereof, as to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

FURTHER AFFIANT SAYETH NOT.

/s/ Robert J. Dufffy
Robert J. Duffy

9

Subscribed and sworn to
before me this 14th day of
November 2008.


/s/ Sandra M. Raabe
Notary Public # 7045899

**Exhibit 1A & 1B**
FTI Engagement Letters



FTI Consulting
125 High Street
Suite 1402
Boston, MA 02110
617.897.1500 telephone
617.897.1510 facsimile
www.fticonsulting.com

PRIVATE & CONFIDENTIAL

August 15, 2008

Phil Schoonover
Chairman, President, CEO
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA, 23233

Re: Retention of FTI Consulting, Inc.

Dear Mr. Schoonover:

1.    **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI", "we" or "us"), have been retained by you, Circuit City Stores, Inc. (the "Company" or "you"), to provide certain financial advisory and consulting services (the "Services") set out below. This letter of engagement (the "Engagement" or "Engagement Letter") and the Standard Terms and Conditions attached hereto (the terms of which are incorporated herein by reference) constitute the engagement contract (the "Engagement Contract") pursuant to which the Services will be provided.

2.    **Scope of Services**

The Services, to be performed at the direction of the Executive Committee of the Company's Board of Directors (the "Executive Committee") and its management, are expected to include the following:

**Objective:**

To assist the Company, in a cost effective manner, in the planning and analysis of an "out of court" restructuring that is intended to maximize shareholder value and minimize disruption to the Company's operations.

**Phase I Scope:**

Store Footprint Analysis
- Evaluate performance of individual stores by format and region
- Analyze four wall profitability of each store
- Analyze allocated expenses such as advertising, field operations and distribution costs
- Review fixed/variable nature of non four wall costs to assess impact of potential store closings

Circuit City Stores, Inc.
August 15, 2008

- Analyze liquidity and earnings impact of store closures
  - Evaluate likely range of lease buyout costs based on situation
  - Assess impact of store closing sales on a cash and GAAP basis
- Provide assistance with contract terms for disposition of leases
- Develop informational materials to support store closing process
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition
- Prepare information package for landlord conference calls and participate in lease termination discussions
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations

Liquidity Forecasting
- Evaluate the Company's current weekly forecasting models
  - Assess functionality of the model and suggest/develop enhancements
  - Create flexible model to evaluate impact on liquidity of critical assumptions
- Validate assumptions included in forecast including, without limitation:
  - Comparable store sales and margin
  - Inventory levels and trade credit support
  - Store closing impact including inventory liquidation and lease termination costs
  - Other issues as identified by the Executive Committee, management or FTI

Additional Phase I Services
- Provide weekly status and fee updates to management personnel designated by the Company
- Coordination of and participation in a "kick-off" meeting and subsequent in-person meetings at the Company's headquarters on such date as the Company determines
- Provide an initial timeline and staffing requirements within five business days of the execution date of this letter
- Provide an initial report, recommendations and a proposed work plan (including a proposed timeline and staffing requirements) on or before September 8, 2008
- Develop and present FTI's Phase I analysis and subsequent recommendations at a meeting of the Executive Committee currently scheduled for the week of September 15, 2008
- Provide other services as requested by management or the Executive Committee
- The parties agree that Phase I will be concluded in approximately 3 - 4 weeks unless the Company, in its sole discretion agrees to an alternative schedule

**Phase II Scope:**

Business/Out-of-Court Restructuring Plan
- Assist with development of an out-of-court restructuring plan and related financial projections
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives
- Analyze long term capital need to effectuate potential out-of-court restructuring and capital structure alternatives
- Assist with working capital management and liquidity forecasting

Circuit City Stores, Inc.
August 15, 2008

- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring
- Assist management with development of employee retention and communications programs
- Assist management in developing strategy relating to merchandise and other vendors
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring

Additional Phase II Services
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management or the Executive Committee.

Financing Services
- The Services set forth in this Engagement Contract do not include financing or capital raising activities.  In the event the Company requests that FTI perform such activities, the parties agree to execute an addendum to this Engagement Contract that describes such additional services and any related fees.

Robert J. Duffy and Stephen L. Coulombe shall have primary and ongoing responsibility for all Services provided pursuant to this Engagement.  Except as otherwise provided herein, the Services may be performed by FTI or by any subsidiary of FTI as FTI shall determine and FTI may also provide Services through its or its subsidiaries' agents or independent contractors.  References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees.

The Services, as provided herein, are subject to change as mutually agreed by the Company and FTI.

FTI is engaged by the Company to provide financial advisory and consulting services only.  Accordingly, while we may from time to time suggest options which may be available to you, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and the Executive Committee. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders, creditors or other parties.

As part of the Services, FTI may be requested to assist the Company (and its legal or other advisors) in negotiations with the Company's shareholders, creditors or other parties, including with respect to a potential out-of-court restructuring.  In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

If cases under the Bankruptcy Code, *11 U.S.C. § 101–1532 (the "Bankruptcy Code"),* are commenced and our retention is approved, our role will include serving as principal bankruptcy financial advisors to the debtors and debtors-in-possession in those cases under a

Circuit City Stores, Inc.
August 15, 2008

general retainer, subject to court approval. Our role also will encompass all out-of-court planning and negotiations attendant to these tasks.

The *Services* we will provide in connection with the Engagement will encompass all services normally and reasonably associated with this type of *Engagement* that we are requested and are able to provide and that are consistent with our ethical obligations. With respect to all matters of our Engagement, we will coordinate closely with the Company as to the nature of the services that we will render and the scope of our *Engagement*.

As usual, our Engagement is to represent the Company and not its individual directors, officers, employees or shareholders. However, we anticipate that in the course of that Engagement, we may provide information or advice to directors, officers or employees in their corporate capacities.

3.    **Fees, Expenses and Cash on Account**

**Standard Hourly Rates:**

Fees in connection with this Engagement will be based upon the time incurred providing the Services, multiplied by our standard hourly rates applicable in the United States, summarized as follows:

|                                      | Per Hour          |
| ------------------------------------ | ----------------- |
| Senior Managing Directors            | $650 - $715       |
| Directors / Managing Directors       | $475 - $620       |
| Consultants/Senior Consultants       | $235 - $415       |
| Administrative / Paraprofessionals   | $95 - $190        |

Hourly rates are generally revised periodically; provided that FTI shall provide the Company with at least 10 days' prior written notice of any rate adjustments (and the amount of any such rate adjustments). To the extent this Engagement requires services of our International divisions or personnel, the time incurred providing the Services will be multiplied by our standard hourly rates applicable on International engagements which rates shall be provided to the Company in writing, prior to the assignment of such divisions or personnel. Note that we do not provide any assurance regarding the outcome of our work and our fees will not be contingent on the results of such work.

**Completion Fee**

The Executive Committee, in its sole and absolute discretion, may pay FTI a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company. The Completion Fee may be paid to FTI under various scenarios as follows:

- In the event a restructuring or sale transaction is completed and the Company does not file for bankruptcy protection, a Completion Fee of up to $5 million.
- In the event the Company files for bankruptcy protection and the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.
- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

Circuit City Stores, Inc.
August 15, 2008

**Expenses:**

In addition to the fees outlined above, FTI will bill for reasonable direct expenses which are incurred on your behalf during this Engagement provided that FTI shall present to the Company invoices and other supporting detail that may be reasonably requested by the Company. Direct expenses are reasonable and customary out-of-pocket expenses which are billed directly to the Engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other out-of-pocket expenses specifically related to the Engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to the Engagement, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable direct expenses (including reasonable, documented fees of outside counsel) with respect thereto as provided herein.

**Cash on Account:**

Initially, the Company will forward to us the amount of $100,000, which funds will be held "on account" to be applied to our professional fees, expenses and disbursements for the Engagement (as replenished or supplemented from time to time, the "Initial Cash on Account"). To the extent that this amount exceeds our fees, expenses and disbursements upon the completion or termination of the Engagement, we will immediately refund to the Company any portion of the Initial Cash on Account and the Additional Cash on Account (as defined herein) in excess of all fees and expenses due FTI. The Company agrees to increase or supplement the Initial Cash on Account from time to time during the course of the Engagement in such amounts as the Company and we mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Engagement fees, expenses and disbursements to be incurred.

We will send the Company periodic invoices (not less frequently than monthly) for services rendered and expenses and disbursements incurred on the basis discussed above, and in certain circumstances, an invoice may be for estimated fees, expenses and disbursements through a date certain. Each invoice constitutes a request for an interim payment against the fee to be determined at the conclusion of our Services. After 2 business days following transmittal of the invoice, we may draw upon the Initial Cash on Account in the amount of the invoice. The Company agrees upon submission of each such invoice to promptly wire the invoice amount to us as replenishment of the Initial Cash on Account (together with any supplemental amount to which we and the Company mutually agree), without prejudice to the Company's right to advise us of any differences it may have with respect to such invoice. We have the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account at any time subject to (and without prejudice to) the Company's opportunity to review and dispute our invoices, fees, expenses or disbursements.

Neither party shall actively solicit for employment or hire any employee of the other party during the term of this Engagement and for a period of one (1) year following the date of termination or completion of this engagement without the prior written consent of the other party.

212 of 245

Circuit City Stores, Inc.
August 15, 2008

In a case under the Bankruptcy Code, fees and expenses may not be paid without the express prior approval of the bankruptcy court. In most cases of this size and complexity, on request of a party in interest, the bankruptcy court permits the payment of fees and reimbursement of expenses on an interim basis during the case. The Company agrees that, if asked to do so by us, the Company will request the bankruptcy court to establish a procedure for the payment of interim fees during the case that would permit payment of interim fees. If the bankruptcy court approves such a procedure, we will submit invoices on account against our final fee. These interim invoices will be based on such percentage as the bankruptcy court allows of our internal time charges and costs and expenses for the work performed during the relevant period and will constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of our representation.

In preparation for the filing of any cases under the Bankruptcy Code, we also may require an additional on account payment to supplement the Initial Cash on Account to cover fees, expenses and disbursements to be incurred during the initial phase of the chapter 11 cases (the "Additional Cash on Account"). We will hold the Additional Cash on Account, as we have the Initial Cash on Account. Of course, the reasonableness of the Additional Cash on Account remains subject to review by the court in any ensuing case.

If any of the Company's entities become a debtor in one or more cases under the Bankruptcy Code, some fees, expenses and disbursements (whether or not billed) incurred before the filing of bankruptcy petitions (voluntary or involuntary) might remain unpaid as of the date of the filing. The unused portion, if any, of the Initial Cash on Account and Additional Cash on Account will be applied to any such unpaid pre-petition fees, expenses and disbursements. Any requisite court permission will be obtained in advance. We will then hold any portion of the Initial Cash on Account and the Additional Cash on Account not otherwise properly applied for the payment of any such unpaid pre-filing fees, expenses and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any case under the Bankruptcy Code.

Post-petition fees, expenses and disbursements will be due and payable immediately upon entry of an order containing such court approval or at such time thereafter as instructed by the bankruptcy court. The Company understands that while the arrangement in this paragraph may be altered in whole or in part by the bankruptcy court, the Company shall nevertheless remain liable for payment of court approved post-petition fees and expenses. It is agreed and understood that the unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account shall be held by us and applied against the final fee application filed and approved by the court.

4.      **Terms and Conditions**

The Standard Terms and Conditions set forth the duties of each party with respect to the Services. Further, this letter and the Standard Terms and Conditions comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

-6-

Circuit City Stores, Inc.
August 15, 2008

**5.    Conflicts of Interest**

Based on the list of potentially interested parties (the "Potentially Interested Parties"), provided by you, we have undertaken a limited review of our records to determine FTI's professional relationships with the Company and Bank of America, N.A., the administrative agent for the Company's existing credit facility (the "Administrative Agent"). As you may be aware, FTI is regularly retained by the Administrative Agent and/or other members of your credit facility (or law firms retained by the administrative agent or members of your credit facility). However, such representations are in matters unrelated to this Engagement.

From the results of such review, we were not made aware of any conflicts of interest or additional relationships that we believe would preclude us from performing the Services. However, as you know, we are a large consulting firm with numerous offices throughout the United States. We are regularly engaged by new clients, which may include one or more of the Potentially Interested Parties. We will not accept an engagement that directly conflicts with this Engagement without your prior written consent.

**6.    Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing both the confirmation below and the Standard Terms and Conditions and returning a copy of each to us at the above address.

If you have any questions regarding this letter or the Standard Terms and Conditions, please do not hesitate to contact Robert J. Duffy at 617-897-1501.

Circuit City Stores, Inc.
August 15, 2008

Yours faithfully,

FTI CONSULTING, INC.

By

Robert J. Duffy
Senior Managing Director

Attachment – As stated

Circuit City Stores, Inc.
August 15, 2008

Confirmation of Terms of Engagement

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and upon the Standard Terms and Conditions.**

Circuit City Stores, Inc.

By: _____

Phil Schoonover
Chairman, President, CEO

Date: August 27, 2008

## FTI CONSULTING, INC.

## STANDARD TERMS AND CONDITIONS

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth within the attached letter of engagement with Circuit City Stores, Inc. dated August 15, 2008 (the "Engagement Letter"), the terms of which are incorporated herein by reference. The Engagement Letter and these Standard Terms and Conditions set forth herein (collectively, the "Engagement Contract") form the entire agreement between us relating to the Services and replace and supersede any previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make it easier to read but do not form part of the Engagement Contract.

1.    **Reports and Advice**

1.1    **Use and purpose of advice and reports**—Any advice given or report issued by us is provided solely for your use and benefit and only in connection with the purpose in respect of which the Services are provided. Unless required by law, you shall not provide any advice given or report issued by us to any third party (other than to your attorneys, investment bankers, financial advisors, auditors and other representatives), or refer to us or the Services, without our prior written consent. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or report is disclosed or otherwise made available.

2.    **Information and Assistance**

2.1    **Provision of information and assistance**—Our performance of the Services is dependent upon your providing us with such information and assistance as we may reasonably require from time to time.

2.2    **Punctual and accurate information**—You shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3    **No assurance on financial data**—While our work may include an analysis of financial and accounting data, the Services will not include an audit, compilation or review of any kind of any financial statements or components thereof. Company management will be responsible for any and all financial information they provide to us during the course of this Engagement, and we will not examine or compile or verify any such financial information. Moreover, the circumstances of the Engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period. Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on financial statements of the Company.

2.4    **Prospective financial information**—In the event the Services involve prospective financial information, our work will not constitute an examination or compilation, or apply agreed-upon procedures, in accordance with standards established by the American Institute of Certified Public Accountants or otherwise, and we will express no assurance of any kind on such information. There will usually be differences between estimated and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material. We will take no responsibility for the achievability of results or events projected or anticipated by the management of the Company.

**3. Additional Services**

3.1   **Responsibility for other parties**—You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us. Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters. Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to you, other than our agents or independent contractors engaged to provide Services, without your written authorization.

3.2   **Facilities** -- To the extent necessary to perform the services, the Company will provide FTI with the workspace, facilities and supplies reasonably required to perform the services contemplated hereunder. The Company shall have no liability for any claims, losses, damages, injuries, costs, expenses or any other liabilities of any kind or character whatsoever arising out of, resulting from or in any way connected with providing us with workspace, facilities and supplies in connection with the Services, except to the extent caused by the grossly negligent or willful acts or omissions of the Company.

**4. Confidentiality**

4.1   **Restrictions on confidential information**—Both parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's prior written consent. Confidential information shall not include information that:

   4.1.2   is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 4.1;

   4.1.3   is acquired from a third party who, to the recipient party's knowledge after receiving prior advice from counsel, owes no obligation of confidence in respect of the information; or

   4.1.4   is or has been independently developed by the recipient.

4.2   **Disclosing confidential information**—Notwithstanding Clause 1.1 or 4.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

4.3   **Citation of Engagement**—Subject to Clause 4.1 and Clause 4.2 above, to the extent the Engagement is or becomes known to the public, we may cite the performance of the Services to our clients and prospective clients as an indication of our experience, unless we and you specifically agree otherwise in writing.

4.4   **Internal quality reviews**—Notwithstanding the above, we may disclose any information referred to in this Clause 4 to any other FTI entity or use it for internal quality reviews.

4.5   **Maintenance of workpapers**—Notwithstanding the above, we may keep one archival set of our working papers from the Engagement, including working papers containing or reflecting confidential information, in accordance with our internal policies.

**5. Termination**

5.1   **Termination of Engagement with notice**—Either party may terminate the Engagement Contract for whatever reason upon written notice to the other party. Upon receipt of such notice, we will stop all work immediately. You will be responsible for all undisputed fees and expenses incurred by us through the date notice of termination is received.

5.2 **Effect of Termination --** If, at any time prior to twelve months after the effective date of termination without cause of this Engagement, a restructuring or sale transaction, as described in the Engagement Letter, is consummated, the Company may pay FTI a Completion Fee subject to the terms specified in Clause 3 of the Engagement Letter. Company shall have the discretion to pay FTI a Completion Fee whether or not the Company has then engaged the services of a third party firm.

5.3 **Continuation of terms—**The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement Letter, and Clauses 1.1, 4, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

6. **Indemnification and Liability Limitation; Waiver of Jury Trial**

6.1 **Indemnification -** Each party agrees to indemnify and hold harmless the other party and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contactors and employees (collectively "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of the acts or omissions of the indemnifying party, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

6.2 **Limitation of liability—**Each party agrees that no Indemnified Person shall have any liability as a result of this Engagement, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted. Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.3 **WAIVER OF JURY TRIAL—**TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, YOU AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER ARISING FROM THE ENGAGEMENT CONTRACT.

6.4 **Insurance --** FTI shall maintain the following insurance with an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII: (a) a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products – completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of not less than $2,000,000 each occurrence and at least $10,000,000 in aggregate liability; (b) commercial auto liability insurance to include all owned, non-owned and hired vehicles, with limits of liability not less than $2,000,000 each accident; (c) workers compensation insurance to the extent required by law and employer's liability insurance, with limits of at least $1,000,000 each accident/disease; and (d) professional liability insurance with limits of at least $2,000,000 per occurrence. All policies except for (b), (c) and (d) above shall name the Company as an "Additional Insured". All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Engagement Contract as well as notification of "Additional Insured". A certificate of insurance meeting the above requirements will be delivered to the Company (i) upon execution of this Engagement Letter, (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

6.5 **Governing Law and Jurisdiction—**The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof. The United States District Court for the Southern District of New York and the

appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it; provided that if the Company or any of its affiliates has sought relief under the Bankruptcy Code, the parties consent to the exclusive jurisdiction of the bankruptcy court in which such case or cases are pending over any and all matters arising from or related to the Engagement Contract. The parties submit to the jurisdiction of such courts and irrevocably waive any right to object to any action being brought in such courts, to claim that the action has been brought in an inconvenient forum or to claim that those courts do not have jurisdiction.

7. **Independent Contractors** — The parties to this Engagement Contract are independent of one another. This Engagement Contract does not create any relationship of franchise, joint venture, association, partnership, or any other form of business organization. Neither party shall have any right, power or authority to bind the other or to assume, create, or incur any expenses, liability or obligation, express or implied, on behalf of the other. The Company shall not be responsible for payment of FTI's employees' or contractors' salary, benefits, expenses, insurance, taxes, workers' compensation, unemployment insurance or any other employee benefits, but such responsibility shall be that of the Supplier. Furthermore, FTI shall be fully responsible for withholding any and all Federal, state or local income and employment taxes in connection with FTI's employees' and contractors compensation.

**FTI CONSULTING, INC**




**Confirmation of Standard Terms and Conditions**

We agree to engage FTI Consulting, Inc. upon the terms set forth in these Standard Terms and Conditions as outlined above.

**CIRCUIT CITY STORES, INC.**

By: _____
Phil Schoonover
Chairman, President, CEO

Date: ___August 27, 2008_____

FTI

PRIVATE & CONFIDENTIAL

November 05, 2008

Bruce H. Besanko
Chief Financial Officer
Circuit City Stores, Inc.
9950 Mayland Drive
Richmond, VA, 23233

Re: Retention of FTI Consulting, Inc.

Dear Mr. Besanko:

1.   **Introduction**

This letter confirms that we, FTI Consulting, Inc. ("FTI", "we" or "us"), have been retained by you, Circuit City Stores, Inc. (the "Company" or "you"), to provide certain financial advisory and consulting services (the "Services") set out below. This letter of engagement (the "Engagement" or "Engagement Letter") and the Standard Terms and Conditions attached hereto (the terms of which are incorporated herein by reference) constitute the engagement contract (the "Engagement Contract") pursuant to which the Services will be provided.

2.   **Scope of Services**

The Services, to be performed at the direction of the Company and are expected to include the following:

**Objective:**

To assist the Company, in a cost effective manner, in the planning, analysis of and execution of a restructuring that is intended to maximize value for all constituents and minimize disruption to the Company's operations.

**Store Footprint Analysis**
- Analyze liquidity and earnings impact of potential store closures
- Provide assistance with contract terms for disposition of leases
- Develop informational materials to support store closing processes
- Review procedure for projecting revenue, occupancy costs and inventory levels for potential closing stores
- Advise on "best practices" for drafting an agency agreement for inventory disposition and on negotiating structure for real estate disposition
- Prepare information package for landlord conference calls and participate in lease termination discussions
- Coordinate with such third party real estate advisors as may be retained by the Company in conjunction with real estate analyses and related negotiations

Circuit City Stores, Inc.
November 5, 2008

**Liquidity Forecasting**
- Evaluate current liquidity position and expected future cash flows
- Assist with management and control of cash disbursements
- Advise management on cash conservation measures and assist with implementation of cash forecasting and reporting tools as requested

**Restructuring/Other Advisory Services**
- Assist with development of an out-of-court restructuring plan and related financial projections
- Assess potential EBITDA based on store closing strategy and other restructuring initiatives
- Analyze long term capital need to effectuate potential out-of-court restructuring and capital structure alternatives
- Assist with working capital management and liquidity forecasting
- Participate in development of strategy to negotiate with key stakeholders in order to effectuate a potential out-of-court restructuring
- Assist management with development of employee retention and communications programs
- Assist management in developing strategy relating to merchandise and other vendors
- Assist management and, if necessary, other advisors in developing a strategy relating to landlords in conjunction with a potential out-of-court restructuring
- Assist management and, if necessary, other advisors in developing strategy relating to existing and prospective capital providers in conjunction with a potential out-of-court restructuring
- Provide weekly status and fee updates to management personnel designated by the Company
- Provide other services as requested by management.

**Asset Sales**
- Assist management with the development and implementation of a store closing process including marketing certain stores identified by the Company for closure (including, but not limited to, inventory, real estate, furniture fixtures and equipment other tangible assets) to inventory disposition firms including conducting a 363 sale process, contacting potential buyers, facilitating due diligence requests, negotiating asset purchase agreement(s) and conducting a final auction
    - Prepare "bid packages" for Liquidators and manage selection process
    - Solicit potential inventory Liquidators for going-out-of-business sale process
    - Assist the Company in the negotiation of an Agency agreement
    - Manage the process to liquidate stores and conduct going-out-business sales in the ordinary course of business
    - Solicit bids from real estate consulting firms to evaluate lease mitigation strategies
- Assist with data collection and information gathering related to third party due diligence
- Advise and assist the Company and other professionals retained by the Company in developing, negotiating and executing plan of reorganization scenarios, 363 sales or other potential sales of assets or business units

-2-

Circuit City Stores, Inc.
November 5, 2008

### Contingency Planning

- Assist management and the Board of Directors in contingency planning including the evaluation, planning and execution of a potential Chapter 11 filing
- Assist Company personnel with the communications and negotiations, at your request and under your guidance, with lenders, creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest
- Advise and assist the Company in the compilation and preparation of financial information necessary due to requirements of the Bankruptcy Court and/or Office of the US Trustee
- Assist the Company in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes
- Assist the Company in managing and executing the reconciliation process involving claims filed by all creditors
- Advise and assist the Company in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action

### Financing

- Lead efforts to arrange second lien financing and refinancing of the existing senior debt or debtor-in-possession ("DIP") financing in a Chapter 11 filing
- Advise the Company in the process of identifying and reviewing debtor in possession ("DIP") financing and assist the Company in preparing a collateral package in support of such financing

### Other

- Assist with such other accounting and financial advisory services as requested by the Company and/or the Board of Directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

Robert J. Duffy and Stephen L. Coulombe shall have primary and ongoing responsibility for all Services provided pursuant to this Engagement. Except as otherwise provided herein, the Services may be performed by FTI or by any subsidiary of FTI as FTI shall determine and FTI may also provide Services through its or its subsidiaries' agents or independent contractors. References herein to FTI and its employees shall be deemed to apply also, unless the context shall otherwise indicate, to employees of each such subsidiary and to any such agents or independent contractors and their employees.

The Services, as provided herein, are subject to change as mutually agreed by the Company and FTI.

FTI is engaged by the Company to provide financial advisory and consulting services only. Accordingly, while we may from time to time suggest options which may be available to you, and further give our professional evaluation of these options, the ultimate decision as to which, if any, of these options to implement rests with the Company, its management and the board of directors. FTI and its employees will not make any management decisions for the Company and will not be responsible for communicating information concerning the Company to the public, the Company's shareholders, creditors or other parties.

As part of the Services, FTI may be requested to assist the Company (and its legal or other advisors) in negotiations with the Company's shareholders, creditors or other-parties,

Circuit City Stores, Inc.
November 5, 2008

including with respect to a potential out-of-court restructuring. In the event that we participate in such negotiations, the representations made and the positions advanced will be those of the Company and its management, not FTI or its employees.

If cases under the Bankruptcy Code, *11 U.S.C. § 101–1532 (the "Bankruptcy Code"),* are commenced and our retention is approved, our role will include serving as principal bankruptcy financial advisors to the debtors and debtors-in-possession in those cases under a general retainer, subject to court approval. Our role also will encompass all out-of-court planning and negotiations attendant to these tasks.

The *Services* we will provide in connection with the Engagement will encompass all services normally and reasonably associated with this type of *Engagement* that we are requested and are able to provide and that are consistent with our ethical obligations. With respect to all matters of our Engagement, we will coordinate closely with the Company as to the nature of the services that we will render and the scope of our *Engagement*.

As usual, our Engagement is to represent the Company and not its individual directors, officers, employees or shareholders. However, we anticipate that in the course of that Engagement, we may provide information or advice to directors, officers or employees in their corporate capacities.

3.     **Fees, Expenses and Cash on Account**

**Standard Hourly Rates:**

Fees in connection with this Engagement will be based upon the time incurred providing the Services, multiplied by our standard hourly rates applicable in the United States, summarized as follows:

|  | Per Hour |
|---|---|
| Senior Managing Directors | $650 - $715 |
| Directors / Managing Directors | $475 - $620 |
| Consultants/Senior Consultants | $235 - $415 |
| Administrative / Paraprofessionals | $95 - $190 |

Hourly rates are generally revised periodically; provided that FTI shall provide the Company with at least 10 days' prior written notice of any rate adjustments (and the amount of any such rate adjustments). To the extent this Engagement requires services of our International divisions or personnel, the time incurred providing the Services will be multiplied by our standard hourly rates applicable on International engagements which rates shall be provided to the Company in writing, prior to the assignment of such divisions or personnel. Note that we do not provide any assurance regarding the outcome of our work and our fees will not be contingent on the results of such work.

**Completion Fee**

The Company, in its sole and absolute discretion, may pay FTI a fee (a "Completion Fee") in the event a restructuring or sale transaction is consummated to the satisfaction of the Company. The Completion Fee may be paid to FTI under various scenarios as follows:

- In the event a restructuring or sale transaction is completed and the Company does not file for bankruptcy protection, a Completion Fee of up to $5 million.

Circuit City Stores, Inc.
November 5, 2008

- In the event the Company files for bankruptcy protection and the Company consummates a plan, reorganization or sale transaction within 180 days of the filing, a Completion Fee of up to $3.5 million.
- In the event the Company completes any other restructuring, plan, reorganization or sale transaction not described above, a Completion Fee of up to $1 million.

**Financing Fee**

Second Lien Financing
- A total fee of 1.0% of the commitment of second lien financing will be earned by FTI whether outside of a chapter 11 proceeding or as part of a DIP financing. Such fees will be earned and paid upon interim court approval or closing of such financing.

Senior Loan Financing
- In the event the Company seeks to refinance its existing senior debt outside of a chapter 11 proceeding or secure senior debt as part of a DIP financing, a fee of .25% of the commitment amount will be earned and paid upon interim court approval or closing of such financing.

**Expenses:**

In addition to the fees outlined above, FTI will bill for reasonable direct expenses which are incurred on your behalf during this Engagement provided that FTI shall present to the Company invoices and other supporting detail that may be reasonably requested by the Company. Direct expenses are reasonable and customary out-of-pocket expenses which are billed directly to the Engagement, such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other out-of-pocket expenses specifically related to the Engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to the Engagement, FTI will be compensated by you at its regular hourly rates and reimbursed for reasonable direct expenses (including reasonable, documented fees of outside counsel) with respect thereto as provided herein.

**Cash on Account:**

The Company will forward to us at total amount of $750,000, which funds will be held "on account" to be applied to our professional fees, expenses and disbursements for the Engagement (as replenished or supplemented from time to time, the "Cash on Account"). FTI acknowledges that it is holding $200,000 Initial Cash on Account relating to its engagement letter with the Company dated August 15, 2008. To the extent that this amount exceeds our fees, expenses and disbursements upon the completion or termination of the Engagement, we will immediately refund to the Company any portion of the Initial Cash on Account and the Additional Cash on Account (as defined herein) in excess of all fees and expenses due FTI. The Company agrees to increase or supplement the Initial Cash on Account from time to time during the course of the Engagement in such amounts as the Company and we mutually shall agree are reasonably necessary to increase the Initial Cash on Account to a level that will be sufficient to fund Engagement fees, expenses and disbursements to be incurred.

We will send the Company periodic invoices (not less frequently than monthly) for services rendered and expenses and disbursements incurred on the basis discussed above, and in certain

Circuit City Stores, Inc.
November 5, 2008

circumstances, an invoice may be for estimated fees, expenses and disbursements through a date certain. Each invoice constitutes a request for an interim payment against the fee to be determined at the conclusion of our Services. After 2 business days following transmittal of the invoice, we may draw upon the Initial Cash on Account in the amount of the invoice. The Company agrees upon submission of each such invoice to promptly wire the invoice amount to us as replenishment of the Initial Cash on Account (together with any supplemental amount to which we and the Company mutually agree), without prejudice to the Company's right to advise us of any differences it may have with respect to such invoice. We have the right to apply to any outstanding invoice (including amounts billed prior to the date hereof), up to the remaining balance, if any, of the Initial Cash on Account at any time subject to (and without prejudice to) the Company's opportunity to review and dispute our invoices, fees, expenses or disbursements.

Neither party shall actively solicit for employment or hire any employee of the other party during the term of this Engagement and for a period of one (1) year following the date of termination or completion of this engagement without the prior written consent of the other party.

In a case under the Bankruptcy Code, fees and expenses may not be paid without the express prior approval of the bankruptcy court. In most cases of this size and complexity, on request of a party in interest, the bankruptcy court permits the payment of fees and reimbursement of expenses on an interim basis during the case. The Company agrees that, if asked to do so by us, the Company will request the bankruptcy court to establish a procedure for the payment of interim fees during the case that would permit payment of interim fees. If the bankruptcy court approves such a procedure, we will submit invoices on account against our final fee. These interim invoices will be based on such percentage as the bankruptcy court allows of our internal time charges and costs and expenses for the work performed during the relevant period and will constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of our representation.

In preparation for the filing of any cases under the Bankruptcy Code, we also may require an additional on account payment to supplement the Initial Cash on Account to cover fees, expenses and disbursements to be incurred during the initial phase of the chapter 11 cases (the "Additional Cash on Account"). We will hold the Additional Cash on Account, as we have the Initial Cash on Account. Of course, the reasonableness of the Additional Cash on Account remains subject to review by the court in any ensuing case.

If any of the Company's entities become a debtor in one or more cases under the Bankruptcy Code, some fees, expenses and disbursements (whether or not billed) incurred before the filing of bankruptcy petitions (voluntary or involuntary) might remain unpaid as of the date of the filing. The unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account will be applied to any such unpaid pre-petition fees, expenses and disbursements. Any requisite court permission will be obtained in advance. We will then hold any portion of the Initial Cash on Account and the Additional Cash on Account not otherwise properly applied for the payment of any such unpaid pre-filing fees, expenses and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any case under the Bankruptcy Code.

Post-petition fees, expenses and disbursements will be due and payable immediately upon entry of an order containing such court approval or at such time thereafter as instructed by the bankruptcy court. The Company understands that while the arrangement in this paragraph

-6-

Circuit City Stores, Inc.
November 5, 2008

may be altered in whole or in part by the bankruptcy court, the Company shall nevertheless remain liable for payment of court approved post-petition fees and expenses. It is agreed and understood that the unused portion, if any, of the Initial Cash on Account and the Additional Cash on Account shall be held by us and applied against the final fee application filed and approved by the court.

**4.     Terms and Conditions**

The Standard Terms and Conditions set forth the duties of each party with respect to the Services. Further, this letter and the Standard Terms and Conditions comprise the entire Engagement Contract for the provision of the Services to the exclusion of any other express or implied terms, whether expressed orally or in writing, including any conditions, warranties and representations, and shall supersede all previous proposals, letters of engagement, undertakings, agreements, understandings, correspondence and other communications, whether written or oral, regarding the Services.

**5.     Conflicts of Interest**

Based on the list of potentially interested parties (the "Potentially Interested Parties"), provided by you, we have undertaken a limited review of our records to determine FTI's professional relationships with the Company and Bank of America, N.A., the administrative agent for the Company's existing credit facility (the "Administrative Agent"). As you may be aware, FTI is regularly retained by the Administrative Agent and/or other members of your credit facility (or law firms retained by the administrative agent or members of your credit facility). However, such representations are in matters unrelated to this Engagement.

FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in a potential Chapter 11 case. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in a potential Chapter 11 in matters unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Company in matters upon which FTI is to be employed, and none are in connection with these cases.

FTI has initiated ethical walls relating to two matters to ensure that FTI's representation of another party does not have a materially adverse impact on the Company. First, FTI is currently engaged by Syntax Brillian and Circuit City is a party to litigation with Syntax Brillian. Second, FTI is currently engaged by Magellan and Magellan is a potential creditor of the Company in any Chapter 11 case.

From the results of such review, we were not made aware of any conflicts of interest or additional relationships that we believe would preclude us from performing the Services. However, as you know, we are a large consulting firm with numerous offices throughout the United States. We are regularly engaged by new clients, which may include one or more of the Potentially Interested Parties. We will not accept an engagement that directly conflicts with this Engagement without your prior written consent.

Circuit City Stores, Inc.
November 5, 2008

**6.      Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Engagement Contract by signing both the confirmation below and the Standard Terms and Conditions and returning a copy of each to us at the above address.

If you have any questions regarding this letter or the Standard Terms and Conditions, please do not hesitate to contact Robert J. Duffy at 617-897-1501.

Circuit City Stores, Inc.
November 5, 2008

Yours faithfully,

FTI CONSULTING, INC.

By: _____

Robert J. Duffy
Senior Managing Director

Attachment – As stated

Circuit City Stores, Inc.
November 5, 2008

Confirmation of Terms of Engagement

**We agree to engage FTI Consulting, Inc. upon the terms set forth herein and upon the Standard Terms and Conditions.**

Circuit City Stores, Inc.

By: _____
        Bruce H. Besanko
        Chief Financial Officer

Date: NOV 5, 2008

FTI CONSULTING, INC.

STANDARD TERMS AND CONDITIONS

The following are the Standard Terms and Conditions on which we will provide the Services to you set forth
within the attached letter of engagement with Circuit City Stores, Inc. dated November 5, 2008 (the
"Engagement Letter"), the terms of which are incorporated herein by reference. The Engagement Letter and
these Standard Terms and Conditions set forth herein (collectively, the "Engagement Contract") form the entire
agreement between us relating to the Services and replace and supersede any previous proposals, letters of
engagement, undertakings, agreements, understandings, correspondence and other communications, whether
written or oral, regarding the Services. The headings and titles in the Engagement Contract are included to make
it easier to read but do not form part of the Engagement Contract.

1.      **Reports and Advice**

1.1     **Use and purpose of advice and reports**—Any advice given or report issued by us is provided solely
for your use and benefit and only in connection with the purpose in respect of which the Services are
provided. Unless required by law, you shall not provide any advice given or report issued by us to any
third party (other than to your attorneys, investment bankers, financial advisors, auditors and other
representatives), or refer to us or the Services, without our prior written consent. In no event, regardless
of whether consent has been provided, shall we assume any responsibility to any third party to which
any advice or report is disclosed or otherwise made available.

2.      **Information and Assistance**

2.1     **Provision of information and assistance**—Our performance of the Services is dependent upon your
providing us with such information and assistance as we may reasonably require from time to time.

2.2     **Punctual and accurate information**—You shall use reasonable skill, care and attention to ensure that
all information we may reasonably require is provided on a timely basis and is accurate and complete
and relevant for the purpose for which it is required. You shall also notify us if you subsequently learn
that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

2.3     **No assurance on financial data**—While our work may include an analysis of financial and accounting
data, the Services will not include an audit, compilation or review of any kind of any financial
statements or components thereof. Company management will be responsible for any and all financial
information they provide to us during the course of this Engagement, and we will not examine or
compile or verify any such financial information. Moreover, the circumstances of the Engagement may
cause our advice to be limited in certain respects based upon, among other matters, the extent of
sufficient and available data and the opportunity for supporting investigations in the time period.
Accordingly, as part of this Engagement, we will not express any opinion or other form of assurance on
financial statements of the Company.

2.4     **Prospective financial information**—In the event the Services involve prospective financial
information, our work will not constitute an examination or compilation, or apply agreed-upon
procedures, in accordance with standards established by the American Institute of Certified Public
Accountants or otherwise, and we will express no assurance of any kind on such information. There
will usually be differences between estimated and actual results, because events and circumstances
frequently do not occur as expected, and those differences may be material. We will take no
responsibility for the achievability of results or events projected or anticipated by the management of
the Company.

### 3. Additional Services

3.1 **Responsibility for other parties**—You shall be solely responsible for the work and fees of any other party engaged by you to provide services in connection with the Engagement regardless of whether such party was introduced to you by us. Except as provided in this Engagement Contract, we shall not be responsible for providing or reviewing the advice or services of any such third party, including advice as to legal, regulatory, accounting or taxation matters. Further, we acknowledge that we are not authorized under our Engagement Contract to engage any third party to provide services or advice to you, other than our agents or independent contractors engaged to provide Services, without your written authorization.

3.2 **Facilities** -- To the extent necessary to perform the services, the Company will provide FTI with the workspace, facilities and supplies reasonably required to perform the services contemplated hereunder. The Company shall have no liability for any claims, losses, damages, injuries, costs, expenses or any other liabilities of any kind or character whatsoever arising out of, resulting from or in any way connected with providing us with workspace, facilities and supplies in connection with the Services, except to the extent caused by the grossly negligent or willful acts or omissions of the Company.

### 4. Confidentiality

4.1 **Restrictions on confidential information**—Both parties agree that any confidential information received from the other party shall only be used for the purposes of providing or receiving Services under this or any other contract between us. Except as provided below, neither party will disclose the other party's confidential information to any third party without the other party's prior written consent. Confidential information shall not include information that:

4.1.2 is or becomes generally available to the public other than as a result of a breach of an obligation under this Clause 4.1;

4.1.3 is acquired from a third party who, to the recipient party's knowledge after receiving prior advice from counsel, owes no obligation of confidence in respect of the information; or

4.1.4 is or has been independently developed by the recipient.

4.2 **Disclosing confidential information**—Notwithstanding Clause 1.1 or 4.1 above, either party will be entitled to disclose confidential information of the other to a third party to the extent that this is required by valid legal process, provided that (and without breaching any legal or regulatory requirement) where reasonably practicable not less than 2 business days' notice in writing is first given to the other party.

4.3 **Citation of Engagement**—Subject to Clause 4.1 and Clause 4.2 above, to the extent the Engagement is or becomes known to the public, we may cite the performance of the Services to our clients and prospective clients as an indication of our experience, unless we and you specifically agree otherwise in writing.

4.4 **Internal quality reviews**—Notwithstanding the above, we may disclose any information referred to in this Clause 4 to any other FTI entity or use it for internal quality reviews.

4.5 **Maintenance of workpapers**—Notwithstanding the above, we may keep one archival set of our working papers from the Engagement, including working papers containing or reflecting confidential information, in accordance with our internal policies.

### 5. Termination

5.1 **Termination of Engagement with notice**—Either party may terminate the Engagement Contract for whatever reason upon written notice to the other party. Upon receipt of such notice, we will stop all work immediately. You will be responsible for all undisputed fees and expenses incurred by us through the date notice of termination is received.

5.2  **Effect of Termination** -- If, at any time prior to twelve months after the effective date of termination without cause of this Engagement, a restructuring or sale transaction, as described in the Engagement Letter, is consummated, the Company may pay FTI a Completion Fee subject to the terms specified in Clause 3 of the Engagement Letter. Company shall have the discretion to pay FTI a Completion Fee whether or not the Company has then engaged the services of a third party firm.

5.3  **Continuation of terms**—The terms of the Engagement that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, Clauses 3 and 4 of the Engagement Letter, and Clauses 1.1, 4, 6 and 7 of the Standard Terms and Conditions, are intended to survive such termination or expiration and shall continue to bind all parties.

6.  **Indemnification and Liability Limitation; Waiver of Jury Trial**

6.1  **Indemnification** - Each party agrees to indemnify and hold harmless the other party and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contactors and employees (collectively "Indemnified Persons") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of the acts or omissions of the indemnifying party, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

6.2  **Limitation of liability**—Each party agrees that no Indemnified Person shall have any liability as a result of this Engagement, the execution and delivery of this Engagement Contract, the provision of Services or other matters relating to or arising from this Engagement Contract, other than liabilities that shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted. Without limiting the generality of the foregoing, in no event shall any Indemnified Person be liable for consequential, indirect or punitive damages, damages for lost profits or opportunities or other like damages or claims of any kind.

6.3  **WAIVER OF JURY TRIAL**—TO FACILITATE JUDICIAL RESOLUTION AND SAVE TIME AND EXPENSE, YOU AND FTI IRREVOCABLY AND UNCONDITIONALLY AGREE NOT TO DEMAND A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THE SERVICES OR ANY SUCH OTHER MATTER ARISING FROM THE ENGAGEMENT CONTRACT.

6.4  **Insurance** -- FTI shall maintain the following insurance with an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category of at least Class VIII: (a) a policy of commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products – completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of not less than $2,000,000 each occurrence and at least $10,000,000 in aggregate liability; (b) commercial auto liability insurance to include all owned, non-owned and hired vehicles, with limits of liability not less than $2,000,000 each accident; (c) workers compensation insurance to the extent required by law and employer's liability insurance, with limits of at least $1,000,000 each accident/disease; and (d) professional liability insurance with limits of at least $2,000,000 per occurrence. All policies except for (b), (c) and (d) above shall name the Company as an "Additional Insured". All certificates will provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to under this Engagement Contract as well as notification of "Additional Insured". A certificate of insurance meeting the above requirements will be delivered to the Company (i) upon execution of this Engagement Letter, (ii) upon renewal of the insurance policy and annually thereafter, and (iii) upon reasonable request.

6.5  **Governing Law and Jurisdiction**—The Engagement Contract shall be governed by and interpreted in accordance with the laws of the State of New York, without giving effect to the choice of law provisions thereof. The United States District Court for the Southern District of New York and the

appropriate Courts of the State of New York sitting in the Borough of Manhattan, City of New York shall have exclusive jurisdiction in relation to any claim, dispute or difference concerning the Engagement Contract and any matter arising from it; provided that if the Company or any of its affiliates has sought relief under the Bankruptcy Code, the parties consent to the exclusive jurisdiction of the bankruptcy court in which such case or cases are pending over any and all matters arising from or related to the Engagement Contract. The parties submit to the jurisdiction of such courts and irrevocably waive any right to object to any action being brought in such courts, to claim that the action has been brought in an inconvenient forum or to claim that those courts do not have jurisdiction.

7.  **Independent Contractors** -- The parties to this Engagement Contract are independent of one another. This Engagement Contract does not create any relationship of franchise, joint venture, association, partnership, or any other form of business organization. Neither party shall have any right, power or authority to bind the other or to assume, create, or incur any expenses, liability or obligation, express or implied, on behalf of the other. The Company shall not be responsible for payment of FTI's employees' or contractors' salary, benefits, expenses, insurance, taxes, workers' compensation, unemployment insurance or any other employee benefits, but such responsibility shall be that of the Supplier. Furthermore, FTI shall be fully responsible for withholding any and all Federal, state or local income and employment taxes in connection with FTI's employees' and contractors compensation.

**FTI CONSULTING, INC**

**Confirmation of Standard Terms and Conditions**

We agree to engage FTI Consulting, Inc. upon the terms set forth in these Standard Terms and Conditions as outlined above.

**CIRCUIT CITY STORES, INC.**

By:  _____
    Bruce H. Besanko
    Chief Financial Officer

Date:    Nov 5, 2008

## EXHIBIT 2
### Listing of Parties-in-Interest
### Reviewed for Current Relationships

**Debtors**
Abbott Advertising Agency, Inc.
CC Aviation, LLC
CC Distribution Company of
Virginia, Inc.
Circuit City Properties, LLC
Circuit City Purchasing Company,
LLC
Circuit City Stores PR, LLC
Circuit City Stores West Coast,
Inc.
Circuit City Stores, Inc.
Courcheval, LLC
Digital Video Express, LP
InterTAN, Inc.
Kinzer Technology, LLC
Mayland MN, LLC
Northern National Insurance, Ltd
Orbyx Electronics, LLC
Patapsco Designs, Inc.
Prahs, Inc.
Sky Venture Corporation
Tourmalet Corp.
Ventoux International, Inc.
XS Stuff, LLC

**Non-Debtor Affiliates**
587255 Ontario Ltd.
American Computer Development Inc.
Asian Sourcing & Procurement
Services Co. Ltd.
Cicuit City Global Sourcing Limited
Early Adopter Fund, LLC
InterTAN Canada, Ltd
InterTAN France SNC
InterTAN Ontario Ltd.
PlumChoice, Inc.
Sixth Street Marketplace, LP
St. Tammany Oaks Subdivision
Association LLC
Theater Xtreme Entertainment Group,
Inc.

**Current and Former Officers and
Directors**
Appleby Corporate Services, Ltd.

Lisa Baldyga
Henry P. Barretta
Bruce H. Besanko
Alan Bossin
Brian S. Bradley
Kelly E. Breitenbecher
Ronald M. Brill
Carolyn H. Byrd
Consec Services Limited (HK)
Ron Cuthbertson
Ean Daoust
Philip J. Dunn
Ursula O. Fairbairn
Timothy C. Faries
Barbara S. Feigin
Michael E. Foss
Jacqueline Grove
James F. Hardymon
John T. Harlow
Reginald D. Hedgebeth
Lyle G. Heidemann
Eric A. Jonas, Jr.
Alan Kane
John J. Kelly
Allen B. King
Don R. Kornstein
Jeric Ma
James A. Marcum
Jeffrey A McDonald
Michelle Mosier
John Mulleady
John A. Oakey, III
Linda M. Owen
Steven P. Pappas
Danny W. Ramsey
Mikael Salovaara
Philip J. Schoonover
Marlies A. Smith
J. Patrick Spainhour
Richard D. Spurling
Jeffrey S. Stone
Gerald L. Swider
Ronald L. Turner
Elliott Wahle
Mark J. Wong
Carolyn Y. Woo

**Secured Lenders**
Ableco Finance LLC
Bank of America, N.A.
Burdale Finance Ltd.
Capital One Leverage Finance Corp.
Crystal Capital
Fifth Third Bank
General Electric Capital
Corporation
GMAC Commercial Finance LLC
JPMorgan Chase Bank, N.A.
National City Business Credit, Inc.
PNC Bank, N.A.
SunTrust Bank
Textron Financial Corporation
UBS Loan Finance LLC
UPS Capital Corporation
Wachovia Capital Finance
Corporation
Webster (Webster Bank/Webster
Financial Corporation)
Wells Fargo Retail Finance, LLC

**Significant Merchandise Creditors**
Alliance Entertainment
Apple
Audiovox
Belkin Logistics Inc
Buena Vista Home Video
Columbia Tristar Home Video
Dlink Systems
Eastman Kodak Co
Electronic Arts
Epson America Inc
Fox Home Entertainment
Fuji Photo Film Usa
Garmin International Inc
Hewlett-Packard  US Operations
Hisense USA Corporation
Kingston Technologies
Klipsch Audio Technologies LLC
Lenovo, Inc.
Lexmark International Inc
Linksys
Logitech Inc
Magellan
Microsoft Corp
Microsoft Xbox
Mitsubishi Digital Electronics

Monster Cable Products
Nikon Inc
Olympus Corporation
Omnimount Systems Inc
Oncorp US, Inc
Onkyo USA Corp
Panasonic Company National Acct
Panasonic North America
Paramount Home Video
Pioneer Electronics (USA) Inc
Samsung Electronics Amer Inc.
Samsung Opto Electronics Inc
Sandisk Corporation
Sharp Electronics Corp
Sony Computer Entertainment
Sony Electronics Inc
Stillwater Designs Inc
THQ Inc
Tomtom Inc
Toshiba America Consumer Products
Toshiba Computer Systems Div
Universal Distribution Records
Vizio
Warner Home Video
Western Digital Technologies
Zenith Electronics Corp

**Significant Vendors**
Alpha Security Products
American Systems Corp
Andrews Electronics Inc.
Bailiwick Data Systems Inc
CDW Direct LLC
Clay Inc, Bruce
Clickit Inc
Cormark Inc
Corporate Express
Corporate Facilities Group
Cosco
DC Power Solutions
Eastern Security Corp
Eleets Logistics
Ereplacements LLC
Fire Materials Group LLC
Gorilla Nation Media
Graphic Communications
Illinois Wholesale Cash Register
Innerworkings LLC
J&F Mfg Inc
JLG Industries Inc
Nextag

NFL Enterprises LLC
North American Roofing Sys Inc
Northern Wire Productions
Orbis Corporation
Pricegrabber Com LLC
PTR Compactor & Baler Co
Quebecor World KRI
Retail Maintenance Services LLC
Samsung Electronics America
Shopping.Com Inc
Shopzilla Inc
Sony
Specificmedia Inc
Standard Electric
Streater Inc
Swiff Train Company
Trane
Tremor Media
Universal Fixtures & Display
US Signs
USIS Commercial Services Inc
Vance Baldwin
Vanguard Products Group Inc
Vector Security
Virginia Electronic Components
Wayne Dalton Corp
Weather Channel Interactive, The

**Consignment Vendors**
ValuSoft (THQ, Inc.)
foneGear
INTUIT Inc.
Pinnacle Systems, Inc. (Avid Tech,
Inc.)
Memorex Products, Inc.
Panasonic Consumer Electronics
Company
Navarre Corporation

**5% or Greater Shareholders**
J Richard Atwood
Classic Fund Management
Aktiengesellschaft
First Pacific Advisors LLC
HBK Investments LP
HBK Management LLC
HBK Master Fund
HBK Master Fund LP
HBK Partners II LP
HBK Services LLC
Robert L Rodriguez

Mark J Wattles

**Third Party Administrators**
Aetna Life Insurance Company
Alliance Entertainment Corporation
American Express Travel Related
Services Co
American Express Trust Co
Aon
Assurant
Avista Advantage, Inc
Beecher Carlson Insurance Services
CTSI
E-Count
Empire Blue Cross Blue Shield
Hewitt Associates LLC
International Business Machines,
Inc
Jardine Lloyd Thompson Canada
Kaiser Permanente
Marsh USA, Inc.
Medco Health Solutions
Mercer Insurance Group
Mid-Atlantic Vision Service Plan,
Inc.
Navigant Consulting, Inc
Specialty Risk Services
Tangoe, Inc
Triple-S Management Corporation
Vision Service Plan
Wachovia Bank, N.A.

**Significant Real Property Lessors
(Landlords)**
Benderson Development Co
Cardinal Capital Partners
Circuit Investors #2 Ltd
Developers Diversified Realty Corp
Forest City Ratner Co
Immobilien Verwaltung Gmbh
Inland American Retail Management
Kamin Realty Co
Kimco Relaty Corp
Lucknow Associates
New Plan Excel Realty Trust
One Liberty Properties
Red Mountain Retail Group
Saunders Hotel Group
Simon Property Group
Terra Enterprises
Vornado Realty Trust

Weingarten Realty Investors
Wilmington Trust Co

### Significant Personal Property Lessors
Avaya Financial Services
GE Fleet Services
IBM
Hewlett Packard Company
Service Pwer
Toshiba

### Professionals
Bingham McCutchen LLP
Ernst & Young
Goldman Sachs
Kirkland & Ellis LLP
Kurtzman Cardon Consultants LLC
LeClairRyan
McGuireWoods, LLP
Ogilvy Renault LLP
Osler, Hoskin & Hardcourt LLP
Rothschild, Inc
Schulte Roth & Zabel LLP
Skadden, Arps, Slate, Meagher & Flom, LLP
Wilmer, Cutler, Pickering Hale, & Dorr LLP

### Litigation Parties
Ada Alicea (class action)
Andrew Foss
Audiobahn
Betty Ibrahim (class action)
Christopher Murphy (class action)
Christopher Snow (class action)
Citigroup
Clayton P. Voegtle (class action)
Daniel Weidler (class action)
Davis (class action)
Dealtree
Donald Moxley
Federal Communications Commission
Floyd Edward Temple Jr. (class action)
Govani (class action)
Harper
Hernandez (class action)
Hilgenberg (class action)
Internal Revenue Service
Iowa AG

Jamal Booker (class action)
Kenneth Donnelly (class action)
Kobra Properties
Latia Holloman
Location 4500 Eastlake LA
Location 6946 Whitney Bank
Mad Rhino
Maria Moncayo (class action)
Massachusetts Department of Revenue
Mastercard
Michael Banker (class action)
Michael DiPirro (class action)
Micro Electronics
Millennium Retail Partners
Monster Cable
RealSource
Roberty Gentry (class action)
Securities and Exchange Commission
State of Iowa
Syntax Brillian
Tennesee Department of Revenue
Unical
Visa
William Harris (class action)

### Banks
American Savings
Amsouth/Regions
Banco Popular
Bank of America
Bank of America/CRP Securities, LLC
Chase
Fifth Third Bank
Fifth Third Securities, Inc.
J.P. Morgan Securities, Inc.
Lehman Brothers
Merrill Lynch Global Institutional Advisory Division
RBC Dain Rauscher
Suntrust
UBS Financial Services, Inc.
Wachovia Bank & Securities
Wells Fargo

### Potential Liquidators
Gordon Bros Retail Partners, LLC
Great American Group
Hilco Merchant Resources, LLC
Hudson Capital Partners, LLC
SB Capital Group, LLC
Tiger Capital Group, LLC

## EXHIBIT 3
## Parties-in-Interest Noted for Court Disclosure

### Current and Former Officers and Directors
Ronald L Turner

### Secured Lenders
Bank of America, N.A.
Fifth Third Bank
General Electric Capital Corporation
GMAC Commercial Finance LLC
JPMorgan Chase Bank, N.A.
SunTrust Bank
Textron Financial Corporation
UBS Loan Finance LLC
UBS Capital Corporation
Wachovia Capital Finance Corporation
Wells Fargo Retail Finance, LLC

### Significant Merchandise Creditors
Belkin Logistics Inc
Eastman Kodak Co
Epson America Inc
Hewlett-Packard US Operations
Lexmark International Inc
Linksys
Microsoft Corp
Microsoft Xbox
Onkyo USA Corp
Panasonic Company National Acct
Panasonic North America
Samsung Electronics Amer Inc.
Samsung Opto Electronics Inc
Sandisk Corporation
Sharp Electronics Corp
Sony Computer Entertainment
Sony Electronics Inc
Toshiba America Consumer Products
Toshiba Computer Systems Div

### Significant Vendors
American Express Travel Related Services Co
Corporate Express
Innerworkings LLC
Kaiser Permanente
Magellan*
Medco
Samsung Electronics America
Sony

### Significant Real Property Lessors
Developers Diversified Realty Corp
Kimco Realty Corp
New Plan Excel Realty Trust
Vornado Realty Trust

### Significant Personal Property Lessors
Hewlett Packard Company
Toshiba

### Professionals
Bingham McCutcheon LLP
Ernst & Young LLP
Kirkland & Ellis LLP
LeClair Ryan
McGuire Woods
Schulte Roth & Zabel LLP
Skadden, Arps, Slate, Meagher & Flom, LLP
Wilmer, Cutler, Pickering, Hale & Dorr LLP

### Third Party Administrators
Aon
Assurant
International Business Machines, Inc.
Jardine Lloyd Thompson Canada
Navigant Consulting
Triple-S Management Corporation

### Litigation Parties
Citigroup
Internal Revenue Service
Keystone Automotive
Mastercard
Securities & Exchange Commission
Syntax Brillian*
Visa

### Banks
Banco Popular
Bank of America
Bank of America/Crp Securities, LLC
Chase
Fifth Third Bank
Fifth Third Securities, Inc.
J.P. Morgan Securities, Inc.

Lehman Brothers
Suntrust
UBS Financial Services, Inc.
Wachovia Bank & Securities
Wells Fargo

*Ethical walls have been
established between these parties-
in-interest and FTI personnel
working on this engagement as
discussed in the affidavit

## EXHIBIT 4
## List of Invoices and Payments

| Invoice Date | Payment Date | Description | Fees | | Expenses | | Total Amount |
|---|---|---|---|---|---|---|---|
| 8/28/08 | 9/9/08 | Invoice | $ | 76,365 | $ | 6,900 | $ | 83,265 |
| 8/31/08 | 9/17/08 | Invoice | | 95,700 | | 8,600 | | 104,300 |
| 9/12/08 | 9/17/08 | Invoice | | 130,195 | | 8,600 | | 138,795 |
| 9/18/08 | 9/23/08 | Invoice | | 149,335 | | 10,361 | | 159,696 |
| 9/26/08 | 10/2/08 | Invoice | | 162,965 | | 7,250 | | 170,215 |
| 9/30/08 | 10/8/08 | Invoice | | 183,378 | | 7,250 | | 190,628 |
| 10/9/08 | 10/22/08 | Invoice | | 173,895 | | 7,250 | | 181,145 |
| 10/17/08 | 10/27/08 | Invoice | | 187,235 | | 7,250 | | 194,485 |
| 10/23/08 | 10/30/08 | Invoice | | 262,667 | | 10,500 | | 273,167 |
| 10/28/08 | 11/4/08 | Invoice | | 263,347 | | 12,750 | | 276,097 |
| 11/5/08 | 11/7/08 | Invoice | | 334,871 | | 35,623 | | 370,494 |
| 11/5/08 | 11/7/08 | Invoice | | 316,537 | | 20,100 | | 336,637 |
| | | **Total** | $ | **2,336,490** | $ | **142,434** | $ | **2,478,924** |
| | | | | | | | | |
| **Cash on Account:** | | | | | | | | |
| 8/27/08 | 9/9/08 | Cash on Account | $ | 100,000 | $ | - | $ | 100,000 |
| 8/27/08 | 9/22/08 | Cash on Account | | 100,000 | | - | | 100,000 |
| 10/31/08 | 11/5/08 | Cash on Account | | 550,000 | | - | | 550,000 |
| | | **Total** | $ | **750,000** | $ | **-** | $ | **750,000** |
| | | | | | | | | |
| | | **Total** | $ | **3,086,490** | $ | **142,434** | $ | **3,228,924** |

Gregg M. Galardi, Esq.              Dion W. Hayes (VSB No. 34304)
Ian S. Fredericks, Esq.             Douglas M. Foley (VSB No. 34364)
SKADDEN, ARPS, SLATE, MEAGHER &     MCGUIREWOODS LLP
FLOM, LLP                           One James Center
One Rodney Square                   901 E. Cary Street
PO Box 636                          Richmond, Virginia 23219
Wilmington, Delaware 19899-0636     (804) 775-1000
(302) 651-3000

          - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Proposed Counsel to the Debtors
and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

- - - - - - - - - - - - - - X
In re:                          :    Chapter 11
                                :
CIRCUIT CITY STORES, INC.,      :    Case No. 08-35653 (KRH)
et al.,                         :
                                :
          Debtors.             :    Jointly Administered
- - - - - - - - - - - - - - x

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a),
327(a), 328 AND 1107 AND BANKRUPTCY RULE 2014(a),
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[1] of

the Debtors for an order, pursuant to Bankruptcy Code

sections 105(a), 327(a), 328 and 1107, authorizing them

---

[1]    Capitalized terms not otherwise defined herein shall have the
meanings ascribed to such terms in the Application.

to retain FTI Consulting, Inc. as financial advisors,

effective as of the Petition Date; and the Court having

reviewed the Application and the Duffy Affidavit in

Support of the Application (the "Duffy Affidavit"); and

due and adequate notice of the Application having been

given; and it appearing that no other notice need be

given; and it appearing that FTI Consulting, Inc.

neither holds nor represents any interest adverse to the

Debtors' estates; and it appearing that FTI Consulting,

Inc. is "disinterested," as that term is defined in

Bankruptcy Code section 101(14); and it appearing that

the relief requested in the Application is in the best

interest of the Debtors, their estates and their

creditors; after due deliberation thereon and sufficient

cause appearing therefore, it is hereby

       **ORDERED, ADJUDGED AND DECREED that:**

    1.    The Application is GRANTED.

    2.    In accordance with Bankruptcy Code

sections 327(a) and 328, the Debtors are authorized to

employ and retain FTI Consulting, Inc. effective as of

the Petition Date as their financial advisors on the

terms set forth in the Application and the Engagement
Letters.

3.    The Engagement Letters are hereby
approved and, to the extent not inconsistent with this
Order, shall govern the Debtors' and FTI Consulting,
Inc.'s respective rights and obligations.

4.    FTI Consulting, Inc. shall be compensated
in accordance with the Engagement Letters, procedures
set forth in Bankruptcy Code sections 330 and 331 and
such Bankruptcy and Local Rules as may then be
applicable, from time to time, and such procedures as
may be fixed by order of this Court; provided, however,
any and all "Completion Fee" and/or "Financing Fee" (as
described in the Engagement Letters) that may become due
and payable to FTI Consulting, Inc. during these chapter
11 cases are hereby approved under Bankruptcy Code
section 328(a) and shall only be subject to review
thereunder.

5.    FTI Consulting, Inc. is authorized to
apply the amounts presently held as On-Account Cash to
pay any fees, charges, and disbursements relating to
services rendered to the Debtors prior to the Petition

Date that remain unpaid as of such date (the "Final

Prepetition Billed Amount").  Any amount of the On-

Account Cash remaining after such payment of the Final

Prepetition Billed Amount may be held until the

conclusion of the Debtors' cases and shall be applied by

FTI Consulting, Inc. against its final fee application.

6.   The relief granted herein shall be

binding upon any chapter 11 trustee appointed in these

chapter 11 cases, or upon any chapter 7 trustee

appointed in the event of a subsequent conversion of

these chapter 11 cases to cases under chapter 7.

7.   The requirement under Local Bankruptcy

Rule 9013-1(G) to file a memorandum of law in connection

with the Motion is hereby waived.

8.   This Court shall retain jurisdiction with

respect to all matters arising or related to the

implementation of this Order.

Dated:  Richmond, Virginia
        **[__]**, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

    - and -

Chris L. Dickerson, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
333 West Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

    - and -


/s/ Douglas M. Foley
Dion W. Hayes (VSB No. 34304)
Douglas M. Foley (VSB No. 34364)
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, Virginia 23219
(804) 775-1000

Proposed Counsel to the Debtors
and Debtors in Possession


**CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

    Pursuant to Local Bankruptcy Rule 9022-1(C), I
hereby certify that the foregoing proposed order
has been endorsed by or served upon all necessary
parties.


                /s/ Douglas M. Foley