IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 08-35653-KRH |
| | ) | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

_____

**TUTWILER PROPERTIES, LTD.'S RESPONSE TO DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF (I) CERTAIN AMENDED CLAIMS; AND (II) CERTAIN DUPLICATE CLAIMS)**

**COMES NOW,** Tutwiler Properties, Ltd. ("Tutwiler") and hereby responds (this "Response") to the *Debtors' Thirty-Fifth Omnibus Objection to Claims (Disallowance of (I) Certain Amended Claims; and (II) Certain Duplicate Claims)* (the "Claims Objection") filed by Circuit City Stores, Inc., et. al. (the "Debtors"). In support of this Response, Tutwiler states as follows:

1.      The proof of claim bar date for this bankruptcy case was January 30, 2009 (the "Bar Deadline").

2.      On January 29, 2009, Tutwiler had its proof of claim (the "Proof of Claim") sent out via overnight courier for filing on the Bar Deadline. Tutwiler learned on January 30, 2009 that the overnight courier package containing the Proof of Claim would not be delivered on January 30, 2009 due to weather issues. Accordingly, Tutwiler contacted various courier services to arrange for the Proof of Claim to be filed by hand delivery prior to the Bar Deadline. Two courier services agreed to attempt to file the Proof of Claim by hand delivery, but neither could guaranty timely filing.

3. Both courier services were successful in filing the Proof of Claim prior to the Bar Deadline. The overnight courier package containing the Proof of Claim was delivered on February 2, 2009 and therefore filed after the Bar Deadline. Accordingly, Tutwiler filed three duplicates of the Proof of Claim, two which were timely filed (claim numbers 9643 and 9963) and one which was not (claim number 10974).

4. In the Claims Objection, the Debtor proposes that claims 9643 and 9963 be disallowed and that 10974 survive, which would leave the one late-filed claim surviving. Tutwiler does not dispute that there should be only one claim surviving, but one of the timely filed claims should survive, preferably claim number 9643.

WHEREFORE, for all of the foregoing reasons, Tutwiler requests this Court enter an order denying Debtors' Thirty-Fifth Omnibus Objection as to Tutwiler's claims (except to the extent consistent herewith) and granting such other and further relief as this Court deems just and appropriate.

DATED: September 15, 2009

Tutwiler Properties, Ltd.
By Counsel,

*/s/ Thomas W. Repczynski*
Thomas W. Repczynski, VSB #39967
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia  22201
Telephone:  (703) 525-4000
Facsimile:  (703) 525-2207
trepczynski@beankinney.com

    and

    W. Benjamin Johnson
    Heather A. Lee
    Burr & Forman LLP
    Suite 3100 Wachovia Tower
    420 North 20th Street
    Birmingham, Alabama 35203
    Telephone:  (205) 251-3000
    Facsimile:  (205) 458-5100
    bjohnson@burr.com
    hlee@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2009, the foregoing Response is being filed with the Court using the Court's CM/ECF system and is to be served electronically upon all receiving notice thereby.

    */s/ Thomas W. Repczynski*
    Thomas W. Repczynski

3