**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

**MCLAUGHLIN & STERN, LLP**
Paul H. Silverman, Esq.
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
*Co-counsel for Sharpe Partners, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>CIRCUIT CITY STORES, INC., *et al.*,<br><br>Debtors. | Case No. 08-35653-KRH<br>Chapter 11<br>Jointly Administered |

**RESPONSE AND OPPOSITION TO DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS (MODIFICATION AND/OR RECLASSIFICATION OF CERTAIN CLAIMS) SEEKING TO RE-CLASSIFY TO A GENERAL UNSECURED CLAIM THAT PART OF CLAIM 6257 FILED BY SHARPE PARTNERS, LLP AS AN ADMINISTRATIVE EXPENSE**

Sharpe Partners, LLP ("Sharpe"), having filed a proof of claim identified and included in the above captioned *Debtors' Thirty-third Omnibus Objection to Claims (Modification and/or Reclassification of Certain Claims)* dated August 21, 2009 ("Objection"), does hereby oppose and respond, as set forth below:

1.  Circuit City Stores, Inc. and certain of its affiliated entities (collectively, "Debtors") filed a petition for relief on or about November 10, 2008 ("Petition Date"). After the Petition Date, Debtors continued to be in possession of and to operate their business.

4843-5256-3204.1

2. Prior to, continuing through, and for a period of time after the Petition Date, Debtors continued to operate their nationwide store locations and web outlets, marketing and selling electronic products on a retail consumer business basis. In essential part, Debtors' operations involved the marketing of electronic items to sell to the public via mass media programs, which necessarily involved web based programs.

3. As evidenced by its filed proof of claim, Sharpe entered into an agreement with the Debtors to develop and to execute media marketing strategies, including creating ongoing consultation and management in connection with on-line advertising and strategic web-based programs, in consideration for fees to be paid during the course of the services rendered through and until the cessation of their marketing and sales operations ("Interactive Marketing Agreement"). Debtors continued to request and to receive such services under this Interactive Marketing Agreement, which were an integral part of the Debtors' business by which they derived revenue during the administration of the above-captioned case. Upon information and belief, the Debtors, being the counter-signatory, possess the Interactive Marketing Agreement and related documentation of the matters represented herein.

4. Sharpe filed its proof of claim, dated January 21, 2009, with a summary breakdown and attachments, (including computer screen images captured of the marketing program during the post Petition Date period) supporting a total claim of $245,100 of which $157,978.75 was claimed an expense of administration priority for therein identified actual, necessary expenses, requested by Debtor, incurred on or after the Petition Date, which benefited the Debtors' estates ("Sharpe Claim"). The claims

4843-5256-3204.1

agent identified the Sharpe Claim as filed claim number 6257. A copy of claim 6257 is attached hereto as **Exhibit A**.

5. Debtors' objection seeks relief by re-classifying to general unsecured class that part of the claim that was filed as a priority class without setting forth any relied upon evidence or law other than the self-serving conclusory statement based on reviewing "Debtors' books and records." Thus, it is unknown from the Objection what, if any, basis exists for the relief requested as no basis is stated and the Debtors seemingly try to shift the burden of proof from the Debtors, particularly since the filed Sharpe Claim clearly sets forth a detailed basis for the priority classification. This lack of a basis to refute the Sharpe Claim on its face alone must compel denial of the relief being granted.

6. There is likely no contest over basic law that a proof of claim is generally <u>prima facie</u> valid. Furthermore, pursuant to 11 U.S.C. § 503(b)(1) creditors are allowed, as administrative expenses, the "actual, necessary costs and expenses of preserving the estate . . ." The Objection does not raise a credible fact contest as to the validity of the Sharpe Claim, nor any facts to refute that the continuation of the Interactive Marketing Agreement post-petition constituted an actual expense of preserving the estates.

7. This Court's order establishing the omnibus objection procedures, dated March 31, 2009, provides that the Objection may be accompanied by an affidavit or declaration, with supporting information and documentation which would identify the basis for the Objection in order that a timely and effective opposition could be prepared and filed. However, no such information or documentation is attached to the Objection, thereby denying the claimant an opportunity to know, in advance of the hearing, the basis for the opposition.

4843-5256-3204.1

8. Based on the above, the Objection should be denied, without further expense, time and effort to the claimant and to the estates of these Debtors.

**WHEREFORE**, Sharpe, respectfully requests that this Honorable Court deny the relief requested and such other and further relief as is just and proper.

Dated: Richmond, Virginia	Respectfully submitted,
September 15, 2009

/s/ Kimberly A. Pierro
**KUTAK ROCK LLP**
Peter J. Barrett (Va. Bar No. 46179)
Kimberly A. Pierro (Va. Bar No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

and

**MCLAUGHLIN & STERN, LLP**
Paul H. Silverman, Esq.
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
*Co-counsel for Sharpe Partners, LLC*

4843-5256-3204.1

## DECLARATION

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that to the best of my knowledge the foregoing is true and correct.

Dated: September 15, 2009

                    **SHARPE PARTNERS, LLP**

                    By: *[signature]*
                    Name: Kathy L. Sharpe
                    Title: CEO

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 15, 2009, a true and exact copy of the foregoing was served via ECF notification or by first class mail postage prepaid to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders, and per the Notice of Objection, via ECF notification specifically to the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

/s/ Kimberly A. Pierro
Counsel

4843-5256-3204.1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Eastern District of Virginia | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Circuit City Stores, Inc. | Case Number: 08-35653 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Sharpe Partners, LLC

Name and address where notices should be sent:
Sharpe Partners, LLC
61 Broadway, Suite 2305
New York, NY 10006
Attn: Kathy L. Sharpe, CEO
Telephone number:

COPY

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**    $ 245,100.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Breach of contract, dishonored check, post-filing requested services.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

    3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   **Describe:**

   Value of Property: $_____    Annual Interest Rate_____ %

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____

   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_2_).

   **Amount entitled to priority:**

   $ 157,978.75

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

Summary attached. See attached certain supporting documents.

If the documents are not available, please explain:

Date: 01/21/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

_/s/ Kathy L. Sharpe_, Kathy L. Sharpe, CEO

FOR COURT USE ONLY
RECEIVED
JAN 26 2009
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and

EXHIBIT

A

B 10 (Official Form 10) (12/08) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## __DEFINITIONS__

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## __INFORMATION__

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# Proof of Claim Summary

| Basis for general claim – Bankruptcy Code § 502 | Amount |
|---|---|
| Re :Varitalk Fees and Talent Fees": Charges incurred by Circuit City Stores, Inc. and paid though claimant, pursuant to the agreement, e.g. see section I and section III. See attached invoice # 20005-521 | $ 213,100.00 |
| Re "Celebrity Wish List Production": Charges incurred by Circuit City Stores, Inc. and paid though claimant, pursuant to the agreement, e.g. see section I and section III. See attached invoice # _20005-522 | $ 32,000.00 |
| Amount of claim (Including priority claim amount) | $ 245,100.00 |

| Basis for amount entitled to priority – Bankruptcy Code § 507(a)(2) | Amount |
|---|---|
| Re "Echomusic, LLC": actual, necessary expenses, requested by Debtor, incurred on or after November 10, 2008 by claimant, which benefited the estate. See attached invoice #SI-84132 and the corresponding check stub # 10437 | $ 90,000.00 |
| Re "Varitalk, Inc.": actual, necessary expenses, requested by Debtor, incurred on or after November 10, 2008 by claimant, which benefited the estate. See attached invoices # 308-45 and # 308-36 and the corresponding check stub # 10479 | $ 67,978,75 |
| Amount of priority claim | $157,978.75 |

In re Circuit City Stores, Inc. 08-35653

ATTACHMENT TO PROOF OF CLAIM (1 of 6 pages)

filed by

SHARPE PARTNERS, LLC

61 Broadway Suite 2305    212 366 4123 voice
New York, NY 10006    212 366 0785 fax
www.sharpe-partners.com

# SharpePartners

# Invoice

Federal ID 13-4020360

R. Ellen Duffie-Fritz
Interactive Marketing Manager
Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233

P.O. NO.

9/26/2008

| CC-08-11 Wish List | | | INVOICE NO. | **20005-521** |
|---|---|---|---|---|
| DESCRIPTION | | QTY | RATE | TOTAL |
| Varitalk Fees | | 1 | 88,100.00 | 88,100.00 |
| Talent Fees | | 1 | 125,000.00 | 125,000.00 |

TOTAL    $213,100.00

Payable upon receipt.
Thank you.

---

In re Circuit City Stores, Inc. 08-35653

ATTACHMENT TO PROOF OF CLAIM (2 of 6 pages)

filed by

SHARPE PARTNERS, LLC

61 Broadway Suite 2305    212 366 4123 voice
New York, NY 10006        212 366 0785 fax
www.sharpe-partners.com

# SharpePartners

# Invoice

Federal ID 13-4020360

R. Ellen Duffie-Fritz
Interactive Marketing Manager
Circuit City Stores, Inc.
9954 Mayland Drive
Richmond, VA 23233

P.O. NO.

9/26/2008

| CC-08-11 Wish List | | INVOICE NO. | 20005-522 |
|---|---|---|---|
| DESCRIPTION | QTY | RATE | TOTAL |
| Celebrity Wish List Production | 1 | 32,000.00 | 32,000.00 |
| | | TOTAL | $32,000.00 |

Payable upon receipt.
Thank you.

In re Circuit City Stores, Inc. 08-35653

ATTACHMENT TO PROOF OF CLAIM (3 of 6 pages)

filed by

SHARPE PARTNERS, LLC

1001 - Chase - Operating A    Ice T recording                                      35,000.00

**\RPE PARTNERS, LLC**                                                              10437
    Echomusic, LLC                                      11/10/2008
| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 11/10/2008 | Bill | si-84132 | 90,000.00 | 90,000.00 | | 90,000.00 |
| | | | | | Check Amount | 90,000.00 |

1001 - Chase - Operating A    shawn johnson; taylor swift; rascal flatts recordings    90,000.00

**\RPE PARTNERS, LLC**                                                              10479
    VARITALK INC.                                       11/14/2008
| Date | Type | Reference | Original Amt | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 11/14/2008 | Bill | 308-45 | 26,178.75 | 26,178.75 | | 26,178.75 |
| 11/14/2008 | Bill | 308-36 | 41,800.00 | 41,800.00 | | 41,800.00 |
| | | | | | Check Amount | 67,978.75 |

1001 - Chase - Operating A                                                          67,978.75

---

In re Circuit City Stores, Inc. 08-35653

ATTACHMENT TO PROOF OF CLAIM (4 of 6 pages)

filed by

SHARPE PARTNERS, LLC



In re Circuit City Stores, Inc. 08-35653

ATTACHMENT TO PROOF OF CLAIM (5 of 6 pages)

filed by

SHARPE PARTNERS, LLC

