IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-35653-KRH |
| CIRCUIT CITY STORES, INC., et al., | ) Jointly Administered |
| | ) Chapter 11 |
| Debtors. | ) Hon. Kevin R. Huennekens |
| | ) |

**RESPONSE OF JAMES LUBARY TO DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO AND REQUEST FOR HEARING**

James Lubary ("Lubary"), by his undersigned counsel, hereby files this response to the Debtors' Thirty-Fifth Omnibus Objection to Claims (the "Thirty-Fifth Omnibus Claim Objection"), and in support thereof, states as follows:

1.  Lubary and Circuit City Stores, Inc. (the "Debtor") are parties to an Employment Agreement (the "Agreement") dated October 24, 2005, under which Lubary is entitled to certain compensation in the event of a Change of Control, as defined in the Agreement.

2.  Lubary's claim to compensation under the Agreement was listed by Circuit City Stores West Coast, Inc. (Case Number 08-35634) in its Schedule F.

3.  Circuit City Stores, Inc. (Case Number 08-35653) is the party to the Agreement with Lubary.

4.  Out of an abundance of caution, Lubary filed claims for money owed pursuant to the Agreement in both Case Number 08-35634 [Claim Number 9067] and Case Number 08-35653 [Claim Number 9598].

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
Counsel for James Lubary

5. The Thirty-Fifth Omnibus Claim Objection seeks to disallow claim number 9598 as duplicative.

6. To the extent that either claim is disallowed as duplicative, Lubary asserts that claim number 9067, filed by Circuit City Stores West Coast, Inc. should be disallowed as the proper party to the Agreement was Circuit City Stores, Inc.

7. Under Bankruptcy Rule 3001(f), a properly-filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim" and is deemed allowed unless objected to by a party in interest. *See* Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a).

8. The Bankruptcy Code and Bankruptcy Rules establish a "burden-shifting framework for proving the amount and validity of a claim. . . ." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). Under this framework, the objecting party must produce evidence sufficient to overcome the presumptive validity and amount of a properly-filed claim. *See In re Fleming,* No. 08-30200, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("It has long been the rule that the party objecting to the proof of claim must present sufficient evidence to overcome the prima facie validity of a properly and timely filed proof of claim.") (citation omitted).

9. Moreover, "the mere filing of an objection does not satisfy this requirement." *Id.* (citation omitted); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (stating that a properly-filed proof of claim "is strong enough to carry over a mere formal objection without more") (citation omitted).

10. If the objecting party produces sufficient evidence, the claimant "has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *In re Harford Sands Inc.*, 372 F.3d at 461-62.

11.     James Lubary is a "person with personal knowledge of the relevant facts that support the Response," and has previously provided a statement in support of this Response, which was attached to the proofs of claim.

12.     Lubary requests that the Debtor serve any reply to this Response, and any subsequent claim objections respecting the Agreement, on the following

> Spotts Fain PC
> c/o Erin E. Kessel
> P.O. Box 1555
> Richmond, VA 23218-1555

WHEREFORE, for the foregoing reasons and for such other reasons which may be presented at any hearing on the Thirty Fifth Omnibus Claim Objection or in any supplemental responses filed by Lubary, the Debtors have failed to satisfy their burden to produce sufficient evidence to disallow the properly filed claim of Lubary.  Accordingly, Lubary respectfully requests a hearing on the matter, that the Court enter an order overruling the Thirty-Fifth Omnibus Claim Objection to the extent that it seeks to disallow Lubary's claim against Circuit City Stores, Inc., and granting such other relief as the Court deems appropriate.

Dated:  September 15, 2009

JAMES LUBARY

By: /s/ Erin E. Kessel
      Counsel

Robert H. Chappell, III, Esquire (VSB #31698)
Jennifer J. West, Esquire (VSB #47522)
Erin E. Kessel, Esquire (VSB #65360)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

*Counsel for James Lubary*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was served by electronic means on this the 15th day of September, 2009 to the following constituting all necessary parties:

Dion W. Hayes
Douglas Foley
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

Gregg Galardi
Ian S. Fredericks
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
Box 636
Wilmington, DE 19899

Chris L. Dickerson
Skadden Arps Slate Meagher & Flom LLP
333 West Wacker Drive
Chicago, IL 60606

/s/ Erin E. Kessel