**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192

**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |

### RESPONSE OF CHASE BANK USA, N.A. TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LEGAL CLAIMS), IN REGARD TO CLAIM NO. 7065

Chase Bank USA, N.A., on its own behalf and as successor by merger to Bank One Delaware, N.A. ("Chase"), responds as follows to the Debtors' Thirty-First Omnibus Objection To Claims.

1.  Chase's Claim No. 7065 (the "Claim") is a claim against Circuit City Stores, Inc. ("Debtor") for defense and indemnity in regard to the claims set forth in the Proof of Claim filed

LA 51182709
4835-4057-2420.1

by Chase on January 28, 2009 ("Proof of Claim"). (Declaration of Stephen J. Newman ("Newman Decl." ¶ 2, Exhibit A.)

2. Chase's Proof of Claim is with respect to those claims and causes of action set forth in the complaint filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in <u>Davis v. Chase Bank USA, N.A., et al.</u>, Case No. BC354564 (Newman Decl. ¶ 3, Exhibit B), and removed on August 1, 2006 to United States District Court for the Central District of California, Case No. CV06-4804 DDP (PJWx) ("California Court") (Newman Decl. ¶ 3, Exhibit C.) On March 11, 2009, Plaintiff Gary Davis ("Plaintiff") filed an amended complaint, which is now the operative complaint in the underlying litigation ("The Complaint"). (Newman Decl. ¶ 3, Exhibit D.) On May 1, 2009, Chase filed a Motion to Dismiss, which motion was denied in part and granted in part in an order dated September 3, 2009 ("the September 2009 Order") (Newman Decl. ¶ 3, Exhibit E.)

3. The Complaint centers on the Debtor and its advertising to its customers. Specific advertising challenged in the Complaint was prepared by Debtor and not by Chase. (See Complaint, Exhibit A.) Both the Complaint and the September 2009 Order indicate that Debtor's advertising is at the core of this litigation – the issue being whether Debtor's advertising was misleading and deceptive. (Newman Decl. ¶ 3, Exhibit E, pgs. 23-24.) Accordingly, Chase has valid claims for defense and indemnity against Debtor, the precise value of which depends on the outcome of proceedings in the California Court, but which can presently be estimated. Moreover, Debtor acknowledges Chase's indemnity claim, as reflected on Debtor's Schedule F filed on docket entry number 1130. (Newman Decl. ¶ 4, Exhibit F.)

4. Additionally, in the Complaint, Plaintiff brings claims against Chase involving, among other things, accounts for which Chase never assumed liability. Specifically, Plaintiff seeks to represent a class of Circuit City Rewards account holders reaching back as far as June 2002. (Newman Decl. ¶ 5.) Chase, however, did not own the Circuit City Rewards credit card portfolio prior to May 25, 2004, and therefore, had no control over any acts, omissions or conduct that occurred prior to Chase's acquisition of the portfolio from First North American

National Bank ("FNANB"), a captive of the Debtor. (Newman Decl. ¶ 5.) Chase never agreed to assume liability for the acts, omissions or conduct of FNANB or the Debtor in regard to any matter prior to May 25, 2004. (Newman Decl. ¶ 5.)

5. Additionally, certain practices that Plaintiff contests in his Complaint regarding payment allocation were unknown to Chase at the time it acquired the portfolio and such practices were historic artifacts of the acquired portfolio. (Newman Decl. ¶ 6.) For example, as described by the California Court in the September 2009 Order, Plaintiff here alleges that Chase prioritized the allocation of credit card payments to purchases not yet due and owing (such as his promotional purchase subject to a grace period), rather than to purchases that were accruing interest. (Newman Decl. ¶ 3, Exhibit E, pg. 3.) Specifically, in March 2006, Plaintiff alleges that he purchased a television set, which he later returned, from Circuit City and charged the full amount to his Chase Circuit City Rewards Card. (Newman Decl. ¶ 3, Exhibit E, pg. 4.) Plaintiff alleges that he believed (1) he would not be assessed a finance charge if his monthly payments were in full and (2) any finance charge would be based only on the remaining balance after any partial payment had been subtracted from the outstanding balance. (Newman Decl. ¶ 3, Exhibit E, pg. 4.)

6. Under that certain Purchase and Sale Agreement By And Among Circuit City Stores, Inc., First North American National Bank, Tyler International Funding, Inc. and Bank One, Delaware, National Association, dated as of January 16, 2004 ("PSA") (Declaration of Daniel P. Tierney, "Tierney Decl." ¶ 2, Exhibit G), Debtor is obligated to indemnify Chase, and Chase is not liable for any acts, omissions or conduct that occurred prior to Chase's acquisition of the Debtor's portfolio from FNANB. (See Tierney Decl. ¶ 2, Exhibit G, §§ 2.04, 2.05.)[1]

---

[1] A motion has been submitted contemporaneously with this response to file Exhibits G and H under seal, and therefore Exhibits G and H are not currently included as attachments to this response.

LA 51182709
4835-4057-2420.1

7.  Similarly, Debtor also is required to indemnify Chase under Article X of that certain Consumer Credit Card Program Agreement By And Between Circuit City Stores, Inc. And Bank One, Delaware, N.A. dated as of January 16, 2004. (Tierney Decl. ¶ 3, Exhibit H.)

8.  Total defense costs to date in this litigation exceed $500,000, and the Debtor is liable to Chase in at least that amount. (Newman Decl. ¶ 7.)

9.  Chase and Plaintiff have engaged in good faith, arms'-length settlement discussions, and the Debtor was invited, through counsel, to participate in these discussions and to attend a formal mediation session which occurred on June 18, 2009 before the Honorable George Schiavelli (Ret.). (Newman Decl. ¶ 8.) Debtor declined to attend. Based on the prior settlement discussions, Chase contends that the Claim is readily capable of estimation.

10. In addition, Debtor's objection is premature because the Debtor's disclosure statement has not yet been approved and no hearing has yet been scheduled as to confirm the plan of reorganization, and therefore Debtor has no present need for the relief sought by this objection.

**WHEREFORE**, Chase respectfully requests that the objection should be overruled as to Claim No. 7065 and such claim should be allowed after an estimation hearing.

LA 51182709
4835-4057-2420.1

Dated: Richmond, Virginia
       September 15, 2009

Respectfully submitted,

By: /s/ Michael A. Condyles
**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile:  (804) 783-6192

**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 15, 2009, a true and exact copy of the foregoing was served via ECF notification or by overnight delivery to the following necessary parties defined as the Core Group in the case management order entered November 13, 2008: (i) the Debtors and counsel for the Debtors, (ii) the Office of the United States Trustee for the Eastern District of Virginia, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the agents for the Debtors' pre-petition lenders, and (v) counsel to the agents for the Debtors' post-petition lenders, and per the Notice of Objection, via ECF notification specifically to the following:

Gregg M. Galardi, Esq.
Ian S. Fredericks, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, DE 19899-0636

Chris L. Dickerson, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
155 North Wacker Drive
Chicago, IL 60606

Dion W. Hayes, Esq.
Douglas M. Foley, Esq.
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219

By: /s/ Michael A. Condyles
**KUTAK ROCK LLP**
Michael A. Condyles (Va. Bar No. 27807)
Kimberly A. Pierro (Va. Bar No. 71362)
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192

**STROOCK & STROOCK & LAVAN LLP**
Julia B. Strickland (*pro hac vice* to be filed)
Stephen J. Newman (*pro hac vice* to be filed)
David W. Moon (*pro hac vice* to be filed)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Chase Bank USA, N.A.

LA 51182709
4835-4057-2420.1