KUTAK ROCK LLP
MICHAEL A. CONDYLES
KIMBERLY PIERRO
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 343-5227
Facsimile: (804) 783-6192


STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (PRO HAC TO BE FILED)
STEPHEN J. NEWMAN (PRO HAC TO BE FILED)
JULIE S. STANGER (PRO HAC TO BE FILED)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone:  310-556-5800
Facsimile:  310-556-5959

Attorneys for
Chase Bank USA, N.A.


IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CIRCUIT CITY STORES, INC., et al., | Case No. 08-35653 (KRH) |
| Debtors. | Jointly Administered |


**DECLARATION OF STEPHEN J. NEWMAN IN SUPPORT OF CHASE'S RESPONSE
TO DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(DISALLOWANCE OF CERTAIN LEGAL CLAIMS)**

I, Stephen J. Newman, declare:

  1. I am a partner at Stroock & Stroock & Lavan LLP, counsel for defendant Chase Bank USA, N.A. ("Chase") in regard to the matters described herein.  This Declaration is submitted in support of the Response of Chase Bank USA, N.A. To Debtors' Thirty-First Omnibus Objection To Claims.  I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify to these facts.

LA 51183860

2.      Chase's Claim No. 7065 (the "Claim") is a claim against Circuit City Stores, Inc. ("Debtor") for defense and indemnity in regard to the claims set forth in the Proof of Claim filed by Chase on January 28, 2009 ("Proof of Claim"). A copy of the Proof of Claim and the attachment thereto is attached hereto as Exhibit A.

3.      Chase's Proof of Claim is with respect to those claims and causes of action set forth in the complaint filed on June 26, 2006 in the Superior Court of the State of California for the County of Los Angeles, Central District, in Davis v. Chase Bank USA, N.A., et al., Case No. BC354564, and removed on August 1, 2006 to United States District Court for the Central District of California, Case No. CV06-4804 DDP (PJWx) (the "California Court"). A copy of the original complaint filed on June 26, 2006 is attached hereto as Exhibit B, and a copy of the removal papers is attached as Exhibit C. On March 11, 2009, Plaintiff Gary Davis ("Plaintiff") filed an amended complaint, which is now the operative complaint in the underlying litigation (the "Complaint"). A copy of the amended complaint is attached hereto as Exhibit D. On May 1, 2009, Chase filed a motion to dismiss, which motion was denied in part and granted in part in an order dated September 3, 2009 (the "September 2009 Order"). A copy of the September 2009 Order is attached hereto as Exhibit E.

4.      The Complaint centers on the Debtor and its advertising to its customers. Chase will prove that specific advertising challenged in the Complaint was prepared by Debtor and not by Chase. Both the Complaint and the September 2009 Order indicate that Debtor's advertising is at the core of this litigation – the predominating issue being whether Debtor's advertising was misleading and deceptive. Accordingly, Chase will establish valid claims for defense and indemnity against Debtor, the precise value of which depends on the outcome of proceedings in the California Court, but which can presently be estimated. Moreover, Debtor acknowledges Chase's indemnity claim, as reflected on Debtor's Schedule F filed on docket entry number 1130. A copy of the relevant excerpt of the Debtor's Schedule F is attached hereto as Exhibit F.

5.      Additionally, in the Complaint, Plaintiff brings claims against Chase involving, among other things, accounts for which Chase never assumed liability. Specifically, Plaintiff

LA 51183860

seeks to represent a class of Circuit City Rewards account holders reaching back as far as June 2002. As set forth in the accompanying Declaration of Daniel Tierney and Exhibit H thereto, Chase did not own the Circuit City Rewards credit card portfolio prior to May 25, 2004, and therefore, would not have had control over any acts, omissions or conduct that occurred prior to Chase's acquisition of the portfolio from First North American National Bank ("FNANB"), which Chase will prove functioned as a captive of the Debtor. As set forth in Exhibit G, Chase never agreed to assume liability for the acts, omissions or conduct of FNANB or the Debtor in regard to any matter prior to May 25, 2004.

6.  Additionally, if this case is litigated, Chase will prove that certain practices contested by Plaintiff in his Complaint regarding payment allocation were unknown to Chase at the time it acquired the portfolio and such practices were historic artifacts of the acquired portfolio. For example, as described by the California Court in the September 2009 Order, Plaintiff here alleges that Chase prioritized the allocation of credit card payments to purchases not yet due and owing (such as his promotional purchase subject to a grace period), rather than to purchases that were accruing interest. Specifically, Plaintiff alleges that in March 2006 he purchased a television set, which he later returned, from Circuit City and charged the full amount to his Chase Circuit City Rewards Card. Plaintiff alleges that he believed (1) he would not be assessed a finance charge if his monthly payments were in full and (2) any finance charge would be based only on the remaining balance after any partial payment had been subtracted from the outstanding balance.

7.  Total defense costs to date in this litigation exceed $500,000, and Chase will prove that the Debtor is liable to Chase in at least that amount.

8.  Chase and Plaintiff have engaged in good faith, arms'-length settlement discussions, and the Debtor was invited, through counsel, to participate in these discussions and to attend a formal mediation session which occurred on June 18, 2009 before the Honorable

LA 51183860

-4-

George Schiavelli (Ret.). Debtor declined to attend. Based on the prior settlement discussions, Chase contends that the Claim is readily capable of estimation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of September, 2009 at Los Angeles, California.

By: _____
Stephen J. Newman